# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, [1] | Case No. 22-11068 (JTD) |
| Debtors. | (Joint Administration Pending) |

### EMERGENCY MOTION PURSUANT TO FED R. BANKR. P. 1014(B) (I) TO TRANSFER CHAPTER 15 PROCEEDING RELATING TO FTX DIGITAL MARKETS LTD. AND (II) FOR A STAY

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, pursuant to 28 U.S.C. § 1412 and rule 1014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), (I) to transfer the Chapter 15 Petition for Recognition of a Foreign Proceeding relating to FTX Digital Markets Ltd. ("FTX DM"), filed on November 15, 2022 in the United States Bankruptcy Court for the Southern District of New York ("SDNY") and captioned *In re FTX Digital Markets Ltd. (in Provisional Liquidation)*, Case No. 22-bk-11516 (MEW) (the "Chapter 15 Case"), to this Court, and (II) for a stay of the Chapter 15 Case until this Motion can be considered. In support of the Motion, the Debtors respectfully state as follows:

### PRELIMINARY STATEMENT

1.  News of the collapse of the Debtors and their non-debtor affiliates, including FTX DM, and the fall from grace of founder Samuel Bankman-Fried have dominated headlines around the world over the last two weeks. On November 11, 2022, more than 100 Debtors filed voluntary

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors will request joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information will be made available on a website of the Debtors' proposed claims and noticing agent.

petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which are pending before this Court (the "Chapter 11 Cases"). In terms of the celebrity of Mr. Bankman-Fried, his unconventional leadership style, his incessant and disruptive tweeting since the Petition Date, and the almost complete lack of dependable corporate records, these Chapter 11 Cases are unprecedented. As detailed in the Declaration of John J. Ray, III,[2] enormous efforts are underway to bring some semblance of order to a chaotic environment. It is critical to the efforts to end the chaos and to ensure that assets can be secured and marshalled in an orderly process that *all* proceedings related to the Debtors and their affiliates – including the Chapter 15 Case – take place in a single venue. That venue is this Court, the United States Bankruptcy Court for the District of Delaware.

2.    It is distressing that the Joint Provisional Liquidators (the "JPLs") appointed by the Supreme Court, Commercial Division, Commonwealth of the Bahamas (the "Bahamas Court") for FTX DM chose to file the Chapter 15 Case in the SDNY rather than the District of Delaware, where these Chapter 11 Cases are pending. The JPLs and the Securities Commission of the Bahamas ("BSC") were well aware of the pendency and location of the Chapter 11 Cases when they filed the Chapter 15 Case. On November 13, 2022, in response to concerns unidentified actors, including actors potentially operating out of the Bahamas, were attempting to access certain of the Debtors' digital assets, proposed counsel for the Debtors sent the letter attached as **Exhibit A** to Mr. Simms (one of the JPLs) and the BSC. In addition, on November 15, 2022, the JPLs' U.S. counsel reached out to the Debtors' proposed counsel. In response, a Zoom call was held during which potential avenues of cooperation were discussed and the JPLs' counsel was briefed on the Debtors' ongoing work and plans to move these Chapter 11 Cases forward. No mention

---

[2] *See Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Motions.* (the "First Day Declaration").

was made of the JPLs' intention to file the Chapter 15 Case.  Accordingly, there was no opportunity to discuss venue.

3.  There is no doubt that there will need to be close coordination between the Chapter 11 Cases and the Bahamas proceeding relating to FTX DM.  Whether that proceeding justifies the granting of relief under chapter 15 must first be determined.  Basic principles of efficient judicial administration and effective coordination argue strongly in favor of all U.S. proceedings relating to the FTX group occurring in a single U.S. court—this Court.  Having two bankruptcy courts consider related issues simply makes no sense.  It would result in potentially inconsistent opinions, duplication of efforts, and unnecessary expense.

4.  The filing of the Chapter 15 Case without advance notice and in the SDNY is a blatant attempt to avoid the supervision of this Court and to keep FTX DM isolated from the administration of the rest of the Debtors, which constitute the vast majority of the remainder of the FTX group.  Under normal circumstances, that would be inappropriate and grounds for transfer to this Court.  But these are not normal circumstances

5.  Mr. Bankman-Fried, the co-founder, and controlling owner of *all* of the Debtors and of FTX DM, appears to be supporting efforts by the JPLs to expand the scope of the FTX DM proceeding in the Bahamas, to undermine these Chapter 11 Cases, and to move assets from the Debtors to accounts in the Bahamas under the control of the Bahamian government.  In verified messages posted through Twitter,[3] Mr. Bankman-Fried just yesterday expressed profane disdain for regulators, his regrets at these Chapter 11 Cases having been filed, and disclosed his goal that

---

[3] Kelsey Piper, *VOX*, Sam *Bankman-Fried Tries to Explain Himself*, Nov. 16, 2022, available at https://www.vox.com/future-perfect/23462333/sam-bankman-fried-ftx-cryptocurrency-effective-altruism-crypto-bahamas-philanthropy.

{1368.002-W0069002.}                                3

"we win a jurisdictional battle vs. Delaware" to have any proceedings occur in the Bahamas, as documented in the following exchange:





6.      In addition, in connection with investigating a hack on Sunday, November 13, Mr. Bankman-Fried and Mr. Wang stated in recorded and verified texts that "Bahamas regulators" instructed that certain post-petition transfers of Debtor assets be made by Mr. Wang and Mr. Bankman-Fried (who the Debtors understand were both effectively in the custody of Bahamas authorities) and that such assets were "custodied on FireBlocks under control of Bahamian gov't".

7.      The Debtors thus have credible evidence that the Bahamian government is responsible for directing unauthorized access to the Debtors' systems for the purpose of obtaining digital assets of the Debtors—that took place *after* the commencement of these cases. The appointment of the JPLs and recognition of the Chapter 15 Case are thus in serious question. It

appears that the automatic stay has been flaunted, by a government actor no less. This is no time to be arguing over venue.

8.  The Debtors Chapter 11 Cases were first filed and pending for almost five days when the Chapter 15 Case was commenced in the SDNY. This Court should transfer the Chapter 15 Case here, and issue a stay as necessary to ensure there are no proceedings before the SDNY until the transfer question is definitively resolved.

## BACKGROUND

9.  On November 11, 2022 and, with respect to Debtor West Realm Shires Inc., on November 14, 2022 (the "Petition Date"), each of the 102 Debtors filed with the Court a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 14, 2022, the Debtors filed a motion with the Court pursuant to Bankruptcy Rule 1015 seeking joint administration of the Debtors' Chapter 11 Cases. As of the date hereof, no creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.

10. Additional factual background relating to the Debtors and the commencement of these Chapter 11 Cases is set forth in Mr. Ray's First Day Declaration.

11. FTX DM is a company registered in the Commonwealth of the Bahamas, and is a subsidiary of Debtor FTX Trading Ltd., a company incorporated in Antigua and Barbuda. The ultimate beneficial owners of FTX DM and each of the Debtors is Mr. Bankman Fried.

12. FTX DM was placed into provisional liquidation in the Commonwealth of the Bahamas by order dated November 11, 2022 (the "Bahamian Liquidation").

13. On November 16, 2022, the JPLs commenced the Chapter 15 Case in the SDNY. requesting entry of an order pursuant to chapter 15 of the Bankruptcy Code to, among other things, recognize the Bahamian Liquidation as a foreign main proceeding pursuant to 11 U.S.C. §§ 1502, 1517(a) and (b)(1), and appointing the JPLs as FTX DM foreign representatives pursuant to 11 U.S.C. §§ 101(24), 1509 and 1517(a).

## JURISDICTION AND VENUE

14. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[4]

## RELIEF REQUESTED

15. The Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit B** (the "Order") transferring the Chapter 15 Case to the United States Bankruptcy Court for the District of Delaware so that such proceeding may be jointly administered with the Chapter 11 Cases in this Court.

16. The Debtors further respectfully request that, if necessary, the Court stay the Chapter 15 Case pending the resolution of this Motion by entering an order, substantially in the form attached hereto as **Exhibit C**.

---

[4] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

17. The statutory bases for the relief requested in this Motion are 28 U.S.C. § 1412, Bankruptcy Rule 1014, and Bankruptcy Code section 105(a).

## BASIS FOR RELIEF

18. Bankruptcy Rule 1014(b) provides: "[i]f petitions commencing cases under the Code or seeking recognition under chapter 15 are filed in different districts by, regarding, or against . . . a debtor and an affiliate, the court in the district in which the first-filed petition is pending may determine, in the interest of justice or for the convenience of the parties, the district or districts in which any of the cases should proceed." This Court is empowered to "determine the venue in which the cases should proceed" because the Debtors' cases were filed in this Court before the JPLs filed the Chapter 15 Case on behalf of Debtor FTX Trading Ltd.'s subsidiary FTX DM in the SDNY. *In re Caesars Ent. Operating Co., Inc.*, No. 15-10047 (KG), 2015 WL 495259, at *5 (Bankr. D. Del. Feb. 2, 2015); *see* 11 U.S.C. § 101(2)(A); *see also* 12 Am. Bankr. Inst. L. Rev. 139, 177 ("Every subsidiary is an affiliate under section 101(2) [of the Bankruptcy Code].").

19. This Court is a proper venue to hear the Chapter 15 Case upon transfer. The bankruptcy venue statute, 28 U.S.C. § 1408, provides that: "a case under title 11 may be commenced in the district court for the district . . . in which there is pending a case under title 11 concerning such person's affiliate." FTX DM is a subsidiary of FTX Trading Ltd. (and an affiliate of the other Debtors), and thus the Chapter 15 Case may be transferred to this Court.

20. This Court may grant the motion to transfer venue *either* "in the interest of justice *or* the convenience of the parties." *Ceasars*, 2015 WL 495259, at *5 (emphasis in original) (characterizing Rule 1014(b) as a disjunctive test). Here, both bases support transfer.

21. When considering the convenience of the parties for purposes of transfer of venue under Rule 1014(b), courts often look to the factors that include (1) the proximity of creditors of every kind to the Court; (2) the proximity of the debtor to the Court; (3) the proximity of the

witnesses necessary to the administration of the estate; (4) the location of the assets; (5) the economic administration of the estate, and (6) the necessity for ancillary administration if liquidation should result. *Id* at \*6 & n.7 (citing *Commonwealth of Puerto Rico* v. *Commonwealth Oil Refining Co. (In re Commonwealth Oil Refining Co.)*, 596 F.2d 1239, 1247 (5th Cir. 1979) ("CORCO")). Of these, the most important factor is the "economic and efficient administration of the Debtor's estate." *Ceasars*, 2015 WL 495259 at \*7.

22. The *CORCO* factors counsel that bankruptcy proceedings involving the same family of debtors should be administered before a single court—optimally, the first court in which proceedings were filed. The court's decision in *In re Vitro Asset Corp.*[5] is instructive. In *Vitro*, the Northern District of Texas Bankruptcy Court applied the *CORCO* factors in transferring a Chapter 15 proceeding from New York to the Northern District of Texas. *In re Vitro Asset Corp.*, slip op. at 2. Among other reasons, the court stressed that "importantly, the debtors in the cases pending in this Court are affiliates of [the Chapter 15 debtor]. They have overlapping claims which will need to be resolved. Having one United States Bankruptcy Court will promote the economic and efficient administration of the estate." *Id. Vitro* further concluded that "judicial economy and the avoidance of inconsistent results[] suggest a change of venue." *Id.* at \*3. In choosing between Texas and New York, the court there concluded that [a]s the Texas cases were filed first, the venue of the Chapter 15 should be moved" from New York. *Id.*

23. Similarly here, the convenience of the parties is best served by having this Court— where the Debtors filed first and before which the Debtors' 102 cases will be administered— preside over the Chapter 15 Case jointly with the Chapter 11 Cases. The Chapter 15 Case concerns a subsidiary of FTX Trading Ltd., and thus the cases are likely to involve overlapping issues and

---

[5] *In re Vitro Asset Corp.*, No. 11-32600, slip op. at 1-3 (N.D. Tex. May 13, 2011), a copy of which is attached at **Exhibit D**.

"overlapping claims which will need to be resolved." *In re Vitro Asset Corp.*, slip op. at *2. Thus, the Chapter 15 Case should be transferred to this Court.

24. This Court should transfer the Chapter 15 Case for the independent reason that doing so would promote the "interest of justice." Fed. R. Bankr. P. 1014(b). As described above, there are serious questions as to whether the SDNY was chosen as a venue specifically to keep FTX DM away from the Debtors' Chapter 11 Cases and this Court. Moreover, the fact that there are 102 affiliated Debtors before this Court counsels that the interests of justice are advanced by any related issues concerning FTX DM and its creditors be addressed in connection with these cases.

## NOTICE

25. Notice of this Motion will be provided to: (a) counsel for the Joint Provisional Liquidators of FTX Digital Markets Ltd. (in Provisional Liquidation); (b) the Office of the United States Trustee for the District of Delaware; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties identified on the Debtors' consolidated list of 50 largest unsecured creditors; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit B and, if necessary Exhibit C, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: November 17, 2022<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Adam G. Landis*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>       brown@lrclaw.com<br>       pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (Admitted *pro hac vice*)<br>James L. Bromley (Admitted *pro hac vice*)<br>Brian D. Glueckstein (Admitted *pro hac vice*)<br>Alexa J. Kranzley (Admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>       bromleyj@sullcrom.com<br>       gluecksteinb@sullcrom.com<br>       kranzleya@sullcrom.com<br><br>*Proposed Counsel for the Debtors*<br>*and Debtors-in-Possession* |