# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Joint Administration Pending) |
| | Ref. No. 22 |

### MOTION FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF EMERGENCY MOTION PURSUANT TO FED R. BANKR. P. 1014(B) (I) TO TRANSFER CHAPTER 15 PROCEEDING RELATING TO FTX DIGITAL MARKETS LTD. AND (II) FOR A STAY

The above-captioned debtors and debtors-in-possession (the "Debtors" or "FTX"), by and through their proposed undersigned counsel, hereby submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto, shortening the time for notice of the hearing to consider the *Emergency Motion Pursuant to Fed R. Bankr. P. 1014(b) (I) to Transfer Chapter 15 Proceeding Relating to FTX Digital Markets Ltd. and (II) For a Stay* (the "Motion to Transfer").[2] The Motion to Transfer is being filed and served contemporaneously herewith. The Debtors are seeking shortened notice on the Motion to Transfer so it can be heard by the Court as soon as possible. In support of the Motion to Shorten, the Debtors respectfully represent as follows:

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion to Transfer.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 9006-1(e) and 9013-1(m).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On November 11, 2022 and, with respect to Debtor West Realm Shires Inc., on November 14, 2022 (collectively, the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court (collectively, the "Chapter 11 Cases").

5. The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

---

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

{1368.002-W0069004.}

6. On November 14, 2022, the Debtors filed a motion with the Court pursuant to Bankruptcy Rule 1015 seeking joint administration of the Debtors' Chapter 11 Cases. As of the date hereof, no statutory committee of creditors, trustee or examiner has been appointed in these Chapter 11 Cases.

7. On November 15, 2022, FTX Digital Markets Ltd. ("FTX DM"), an affiliate of the Debtors, filed a petition (the "Chapter 15 Petition") under chapter 15 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "SDNY"). *See* SDNY D.I. 1.[4] FTX DM's case is being administered under the caption *In re FTX Digital Markets LTD. (in Provisional Liquidation)*, Case No. 22-11516-mew (the "Chapter 15 Case").

8. According to the Chapter 15 Petition, on November 14, 2022, the Supreme Court, Commercial Division, of the Commonwealth of The Bahamas (the "Bahamian Court") entered an order appointing Brian C. Simms, Kevin G. Cambridge, and Peter Greaves as joint provisional liquidators (the "JPLs") of FTX DM. *See* SDNY D.I. 1, p. 10.

9. Contemporaneously with the Chapter 15 Petition, the JPLs filed the *Motion for Entry of an Order Shortening the Notice Periods for Emergency Hearing on Motions of Foreign Representatives for (I) Entry of an Order Granting Provisional Relief Pursuant to Section 105(a), 1519, and 1521 of the Bankruptcy Code and (II) Entry of an Order (A) Scheduling Recognition Hearing and (B) Specifying Form and Manner of Notice* [SDNY D.I. 3] (the "Emergency Hearing Motion") seeking an emergency hearing (the "Emergency Hearing") on their (i) *Emergency Motion for Provisional Relief Pursuant to 11 U.S.C. §§ 105(a), 1519, and 1521* and (ii) *Motion for Order (A) Scheduling Recognition Hearing and (B) Specifying Form and Manner of Notice* (collectively, the "Chapter 15 Motions").

---

[4] Citations to the docket in the Chapter 15 Case are cited herein as "SDNY D.I. [•]."

10. Judge Wiles in the SDNY has scheduled a status conference in the Chapter 15 Case on November 17, 2022 at 11:30 a.m. (ET).

11. Contemporaneously herewith, the Debtors filed the Motion to Transfer seeking to, among other things, transfer venue of the Chapter 15 Case to this Court where the Chapter 11 Cases are pending.

## RELIEF REQUESTED

12. By this Motion to Shorten, the Debtors request, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 9006(c)(1) and 2002(a)(2), and Local Rules 9006-1(e) and 9013-1(m), that the Court shorten the notice required for a hearing on the Motion to Transfer so that it may be heard at the Court's earliest convenience with an objection deadline to be determined by the Court.

## BASIS FOR RELIEF

13. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Local Rule 9006-1(e).

14. Pursuant to Local Rule 9006(c)(i), unless the Bankruptcy Rules or the Local Rules state otherwise, all motion papers must be filed and served fourteen (14) days prior to a hearing date. Additionally, Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than

4

seven (7) days before the hearing date. However, the Court may order that a motion be heard on less notice than required by the Local Rules upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Local Rule 9006-1(e). No hearing on such a motion to shorten is required. *See id.*

15. Moreover, Local Rule 9013-1(m)(ii) permits debtors to seek expedited consideration of "matters of a genuinely emergent nature required to preserve the assets of the estate and to maintain ongoing business operations and such other matters as the Court may determine appropriate." Del. Bankr. L.R. 9013-1(m)(ii).

16. Here, there is sufficient cause to grant the Motion to Shorten. As set forth above and in the Motion to Transfer, the Chapter 15 Case is inextricably related to the Debtors' Chapter 11 Cases, which were filed in this Court prior to the Chapter 15 Case in the SDNY, pending before this Court. Moreover, Bankruptcy Rule 1014 provides that where petitions commencing cases under the Bankruptcy Code or seeking recognition under chapter 15 are filed in different districts by, regarding, or against "a debtor and an affiliate, the court in the district in which the first-filed petition is pending may determine, in the interest of justice or for the convenience of the parties, the district or districts in which any of the cases should proceed." Fed. R. Bankr. P. 1014(b). Prompt resolution of the Motion to Transfer is necessary to alleviate the potential need for the Debtors to expend their time and limited resources protecting their interests in the Chapter 15 Case pending in another district. In light of the exceptional circumstances of these cases, the urgent need for clarity on where and how the Debtors' assets (and the assets of FTX DM in the United States) will be administered and the potential risk of inconsistent judgments entered by different courts, the Debtors submit that hearing the Motion to Transfer on an expedited basis is appropriate and necessary to preserve and protect the assets of the Debtors' estates at this critical time.

{1368.002-W0069004.}

17.     Given the timing of this filing and the urgency of the relief sought herein and in the underlying Motion, the Debtors submit that reasonable notice of this Motion to Shorten, as required by Local Rule 9006-1(e), can be provided to the United States Trustee for the District of Delaware and the JPLs after the Motion to Shorten and the Motion to Transfer are filed.  The Debtors consent to the United States Trustee and the JPLs taking a position on the Motion to Shorten and the Motion at the time of any hearing scheduled by this Court.  Because of the exigent circumstances related to the Debtors' request for relief in the Motion, the Debtors were unable to consult with the United States Trustee and the JPLs prior to filing the Motion to Transfer and this Motion to Shorten.

18.     Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1(e) and 9013-(m) provide ample authority for the Court to afford the relief requested in the Motion to Shorten.  Therefore, the Debtors respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

**NOTICE AND NO PRIOR REQUEST**

19.     The Debtors have provided notice of the Motion to Shorten to the following entities or, in lieu thereof, their counsel: (a) the Office of the United States Trustee for the District of Delaware; (b) FTX DM; (c) the JPLs; and (d) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

20.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the Motion to Shorten and such other and further relief as the Court may deem proper.

Dated: November 17, 2022
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Adam G. Landis*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (Admitted *pro hac vice*)
James L. Bromley (Admitted *pro hac vice*)
Brian D. Glueckstein (Admitted *pro hac vice*)
Alexa J. Kranzley (Admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*