## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Joint Administration Pending) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) EXTENDING THE TIME TO FILE (A) SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (B) RULE 2015.3 FINANCIAL REPORTS AND (II) GRANTING CERTAIN RELATED RELIEF

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a)

and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"),

rules 1007, 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) extending

the (i) initial 28-day deadline by which the Debtors must file schedules of assets and liabilities

and statements of financial affairs (the "Schedules and Statements") by 45 days, through and

including January 23, 2023 (the "Schedules and Statements Deadline"), without prejudice to the

Debtors' ability to request additional extensions and (ii) the deadline by which the Debtors must

file their initial reports of financial information with respect to entities in which the Debtors hold

a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3(d) (the "2015.3

---

[1]     The last four digits of FTX Trading Ltd.'s tax identification number are 3288.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

Reports") to 30 days after the initial date set (the "2015.3 Reports Deadline") for the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting"), without prejudice to the Debtors' ability to request additional extensions, and (b) granting certain related relief.  The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of John J. Ray III in Support of These Chapter 11 Cases and First Day Pleadings* (the "First Day Declaration").  In further support of the Motion, the Debtors respectfully state as follows:

## Background

1.  On November 11, 2022 and, with respect to Debtor West Realm Shires Inc., on November 14, 2022 (collectively, the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 14, 2022, the Debtors filed a motion with the Court pursuant to Bankruptcy Rule 1015 seeking joint administration of the Debtors' cases (the "Chapter 11 Cases").  No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.

2.  Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the First Day Declaration.

## Jurisdiction

3.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 521 of the

Bankruptcy Code, Bankruptcy Rules 1007, 2015.3 and 9006(b) and Local Rule 1007-1(b).

Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment

by the Court in connection with this Motion to the extent it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of

the United States Constitution.

### Relief Requested

4.       By this Motion, the Debtors request entry of the Order substantially in the

form attached hereto as <u>Exhibit A</u>, (a) extending the (i) initial 28-day deadline by which the

Debtors must file their Schedules and Statements to the Schedules and Statements Deadline,

without prejudice to the Debtors' ability to request additional extensions and (ii) deadline by

which the Debtors must file their 2015.3 Reports to the 2015.3 Report Deadline, without

prejudice to the Debtors' ability to request additional extensions, and (b) granting certain related

relief.

### Basis for Relief

**I.      Cause Exists to Extend the Deadline to File the Schedules and Statements.**

5.       Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule

1007, a debtor is required to file Schedules and Statements within 14 days after the petition date

unless the bankruptcy court orders otherwise.  Under Local Rule 1007-1(b), the deadline for

filing Schedules and Statements is automatically extended to the date that is 28 days from the

petition date if (a) the debtor's bankruptcy petition is accompanied by a list of all the debtor's

creditors in the debtor's case in accordance with Local Rule 1007-2 and (b) the total number of

creditors in the debtor's case, and any cases jointly administered therewith, exceeds 200.

6.       Here, the Debtors filed petitions indicating that they have, on a

consolidated basis, over one hundred thousand creditors in these Chapter 11 Cases.

Additionally, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Modifying Certain Creditor List Requirements; (II) Authorizing the Debtors to Serve Certain Parties by E-Mail; and (III) Granting Related Relief* [D.I. 9], pursuant to which the Debtors requested a modification of the deadline to file a consolidated list of their top 50 creditors.  Accordingly, the Debtors respectfully submit that Local Rule 1007-2 is satisfied and the deadline for the Debtors to file their Schedules and Statements is automatically extended to 28 days after the Petition Date.

7.    The Court also has authority to grant a further extension "for cause" pursuant to Bankruptcy Rule 1007(c).  Furthermore, section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 105.  The Debtors submit that, in light of the facts and circumstances surrounding these Chapter 11 Cases, the Court has authority to extend the deadline to file the Debtors' Schedules and Statements.  The Debtors have hundreds of thousands, if not over one million, creditors and other parties-in-interest.  To prepare their Schedules and Statements, the Debtors must compile a significant amount of financial information from books, records and documents relating to their assets, contracts and customers.  This information is voluminous, and assembling the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their employees and their advisors, the difficulty of which is compounded as access to the information necessary to prepare the Schedules and Statements has been hampered by the events preceding the commencement of these Chapter 11 Cases.  The magnitude of that task, when taken together with the Debtors' transition into chapter 11, supports an extension of the deadline set forth in the Bankruptcy Code and the Bankruptcy Rules for filing the Schedules

and Statements.  Moreover, the relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors or other parties-in-interest.  Rather, the extension requested herein will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and Statements, which in turn will promote efficient administration of these Chapter 11 Cases.

8.      Courts in this district have routinely granted relief similar to the relief requested herein.  *See, e.g., In re Cred Inc.*, No. 20-12836 (JTD) (Dec. 21, 2020), D.I. 262 (extending the time to file schedules and statements until 61 days after the petition date, without prejudice to seek further extensions of time); *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Nov. 10, 2020), D.I. 461 (extending time to file schedules and statements to 73 days from the petition date); *In re Global Eagle Entertainment, Inc.*, No. 20-11835 (JTD) (July 27, 2020), D.I. 229 (extending time to file schedules and statements to 53 days from the petition date); *In re Southcross Energy Partners, L.P.*, No. 19-10702 (MFW) (May 3, 2019), D.I. 182 (granting debtors a total of 73 days from the petition date to file their schedules and statements).

## II.    Cause Exists to Extend the Deadline to File the 2015.3 Reports.

9.      Pursuant to Bankruptcy Rule 2015.3(b), a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest.  The Court has authority to grant an extension "for cause" pursuant to Bankruptcy Rule 9006(b).  Pursuant to Bankruptcy Rule 2015.3(d), the Court has authority to modify the reporting requirements, after notice and a hearing, for cause, including that the debtor is "not able, after a good faith effort, to comply with these reporting requirements."

10.     Cause exists to extend the deadline for filing the 2015.3 Reports, if applicable, because the Debtors are still determining whether any of the Debtors hold interests in non-Debtor subsidiaries that fall under the requirements of Rule 2015.3 and thus would be required to file 2015.3 Reports.  The size, complexity and geographic scope of the Debtors' businesses require additional time to determine whether the filing of 2015.3 Reports is necessary and, accordingly, cause exists to extend the deadline because burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these Chapter 11 Cases are substantial.  The Debtors are not in a position to complete their initial 2015.3 Reports, if applicable within the time required.

11.     Extending the deadline to file their initial 2015.3 Reports will also enable the Debtors, if applicable, to work with their advisors and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3, obviating the need for subsequent amendments to the 2015.3 Reports. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports, if applicable, to the Deadline.

12.     Courts in this district have routinely granted relief similar to the relief requested herein.  *See, e.g.*, *In re Phoenix Servs. Topco, LLC*, No. 22-10906 (MFW) (Nov. 10, 2022), D.I. 250 (extending time to file 2015.3 Reports to 62 days from the petition date); *In re EHT US1, Inc.*, No. 21-10036 (CSS) (Mar. 10, 2021), D.I. 350 (extending time to file Rule 2015.3 Reports to 60 days from the petition date); *In re Global Eagle Entertainment, Inc.*, No. 20-11835 (JTD) (Aug. 18, 2020), D.I. 232 (extending time to file 2015.3 Report to 58 days from the petition date).

## Notice

13.     No creditors' committee, trustee or examiner has been appointed in these

Chapter 11 Cases.  Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the

Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States

Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties

identified on the Debtors' consolidated list of 50 largest unsecured creditors; and (g) to the extent

not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors

submit that, in light of the nature of the relief requested, no other or further notice need be

provided.

## No Prior Request

14.     No prior motion for the relief requested herein has been made to this or

any other Court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and

(b) grant such other and further relief as is just and proper.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated:  November 17, 2022
Wilmington, Delaware

**LANDIS RATH & COBB LLP**
*/s/ Adam G. Landis*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          gluecksteinb@sullcrom.com
          kranzleya@sullcrom.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*