## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Joint Administration Pending) |

**MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO MAINTAIN A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MATRIX FOR EACH DEBTOR, (II) AUTHORIZING THE DEBTORS TO REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS AND PERSONAL INFORMATION OF INDIVIDUALS AND (III) GRANTING CERTAIN RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an interim order, substantially in the form attached hereto as Exhibit A (the "Interim Order"), and a final order, substantially in the form attached hereto as Exhibit B (the "Final Order" and together with the Interim Order, the "Orders") pursuant to sections 105(a), 107 and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 1007, 2002 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 1007-2 and 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to (i) maintain a consolidated list of creditors (the "Creditor Matrix") in lieu of submitting a separate creditor matrix for each Debtor and (ii) redact or withhold certain confidential information of customers and personal information of individuals, (b) establishing procedures for

---

[1]   The last four digits of FTX Trading Ltd.'s tax identification number are 3288.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

notifying the parties of the commencement of these chapter 11 cases (the "Chapter 11 Cases")

and (c) granting certain related relief, including scheduling a hearing to consider approval of the

Motion on a final basis (the "Final Hearing").  Certain facts supporting this Motion are set forth

in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings*

(the "Ray Declaration") and *Declaration of Edgar W. Mosley in Support of Chapter 11 Petitions*

*and First Day Pleadings* (the "Mosley Declaration" and, together with the Ray Declaration, the

"First Day Declarations").  In further support of the Motion, the Debtors respectfully state as

follows:

## Background

1.      On November 11 and November 14, 2022 (as applicable, the "Petition

Date"), the Debtors filed with the Court voluntary petitions for relief under chapter 11 of the

Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties

as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On

November 14, 2022, the Debtors filed a motion with the Court pursuant to Bankruptcy Rule

1015 seeking joint administration of these Chapter 11 Cases.  As of the date hereof, no creditors'

committee, trustee or examiner has been appointed in these Chapter 11 Cases.

2.      Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the First Day Declarations.

## Jurisdiction

3.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicates for the relief requested herein are sections 105, 107 and 521 of

the Bankruptcy Code, Bankruptcy Rules 1007 and 2002 and Local Rules 1007-2 and 2002-1.

Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment

by the Court in connection with this Motion to the extent it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of

the United States Constitution.

## Relief Requested

4.      By this Motion, the Debtors request entry of the Interim and Final Orders,

substantially in the forms attached hereto as Exhibit A and Exhibit B, respectively,

(a) authorizing the Debtors to (i) maintain the Creditor Matrix in lieu of submitting a separate

creditor matrix for each Debtor and (ii) redact or withhold certain confidential information of

customers and personal information of individuals, (b) establishing procedures for notifying the

parties of the commencement of these Chapter 11 Cases and (c) granting related relief, including

scheduling the Final Hearing.

## Basis for Relief

**I.      The Court May Authorize the Debtors to Maintain the Creditor Matrix in Lieu of
Submitting a Formatted Mailing Matrix.**

5.      Bankruptcy Code section 521(a), Bankruptcy Rule 1007(a)(1) and Local

Rule 1007-2 require a debtor in a voluntary chapter 11 case to file a list containing the name and

complete address of each creditor (the "Creditor Matrix").  Additionally, Local Rule 2002-1(f)(v)

requires that each Debtor, or its duly appointed claims agent, maintain "a separate claims register

and separate creditor mailing matrix for each debtor in jointly administered cases."  Del. Bankr.

L.R. 2002-1(f)(v).  Local Rule 1001-1(c) permits modifications of the Local Rules "in the

interest of justice."  Del. Bankr. L.R. 1001-1(c).

6.      The Debtors request authority to file one consolidated Creditor Matrix for

these Chapter 11 Cases in lieu of separate lists for each Debtor.  There are over one hundred

Debtors in these Chapter 11 Cases, many of which have overlapping creditors.  The exercise of compiling separate creditor matrices for each individual Debtor would consume an excessive amount of the Debtors' limited time and resources.  Compounding the problem here, as detailed in the Ray Declaration, the Debtors historically did not keep appropriate books and records, and the Debtors are currently working to access certain sources of data and records that are currently unavailable.  (*See* Ray Decl. ¶¶ 3, 59, 71, 75.)  Creditor information, and in particular customer information, is not clearly labeled or identifiable by Debtor.  As a result, presenting the information on a consolidated basis will ensure the most relevant and known information can be promptly disclosed.

7.      Relatedly, because the Debtors have hundreds of thousands, if not over one million, creditors and other parties-in-interest, converting the Debtors' computerized information to a format compatible with the matrix requirements at the individual debtor level would be a burdensome task and would greatly increase the risk of error with respect to information on computer systems maintained by the Debtors or their agents.

8.      Consistent with the Local Rules, the Debtors have filed an application seeking to retain Kroll Restructuring Administration LLC as their claims and noticing agent (the "Claims and Noticing Agent").  If such application is granted, the Claims and Noticing Agent will, among other things:  (a) assist with compiling and maintaining the Creditor Matrix and (b) complete the mailing or e-mailing, as applicable, of notices to the creditors on the Creditor Matrix.[2]

---

[2]      On November 14, 2022, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Modifying Certain Creditor List Requirements; (II) Authorizing the Debtors to Serve Certain Parties By E-Mail; and (III) Granting Related Relief* [D.I. 9] (the "Creditor List Motion"), pursuant to which the Debtors requested authority to file one consolidated list of their top 50 creditors (the "Consolidated Top 50 Creditors List") in lieu of a top 20 list for each Debtor and to serve certain parties by email.

9.      The Debtors, working with the Claims and Noticing Agent, are preparing the Creditor Matrix in electronic format.  To ensure that no parties-in-interest are prejudiced, the Debtors will make the Creditor Matrix available in readable electronic format to any party-in-interest who so requests (or in non-electronic format at such requesting party's sole cost and expense).

10.     Courts in this district have routinely granted relief similar to the relief requested herein.  *See, e.g.*, *In re Fast Radius, Inc.*, No. 22-11051 (JKS) (Nov. 9, 2022), D.I. 47 (authorizing the debtors to maintain a consolidated list of creditors in lieu of separate mailing matrices); *In re Vesta Holdings, LLC*, No. 22-11019 (LSS) (Nov. 1, 2022), D.I. 53 (same); *In re TPC Group Inc.*, No. 22-10493 (CTG) (June 3, 2022), D.I. 344 (same); *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (June 23, 2022), D.I. 40 (same); *In re EYP Group Holdings*, No. 22-10367 (MFW) (Apr. 26, 2022), D.I. 38 (same); *In re Sequential Brands Group, Inc.*, No. 21-11194 (JTD) (Sept. 1, 2021), D.I. 65 (same); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (June 11, 2021), D.I. 62 (same); *In re Cred Inc.*, No. 20-12836 (JTD) (Nov. 10, 2020), D.I. 34 (same).

## II.     Cause Exists to Redact Certain Confidential Information of Customers Pursuant to Section 107(b)(1) of the Bankruptcy Code.

11.     Section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, on request of a party in interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. §§ 107(b)(1).  Pursuant to Bankruptcy Rule 9018, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

12.     Accordingly, the Debtors respectfully submit that cause exists pursuant to section 107(b)(1) of the Bankruptcy Code to authorize the Debtors to redact from any paper filed

or to be filed with the Court or made publicly available in these Chapter 11 Cases, including the Creditor Matrix, Consolidated Top 50 Creditors List and Schedules and Statements,[3] the names and all associated identifying information of the Debtors' customers.  The Debtors operate a global financial-services platform catering to investors in various forms of cryptocurrency.  All of the Debtors' customers are creditors.  The Debtors' customer list, and related customer data, is an important and valuable asset of the Debtors and the Debtors maintain their customer list in strict confidence.

13.     These Chapter 11 Cases are in their infancy, and one of the core objectives identified by Mr. Ray is asset protection and recovery.  (Ray Decl. ¶ 6.)  Public dissemination of the Debtors' customer list could give the Debtors' competitors an unfair advantage to contact and poach those customers, and would interfere with the Debtors' ability to sell their assets and maximize value for their estates at the appropriate time.

14.     The Debtors will instruct the Claims and Noticing Agent to serve the individuals at their personal addresses or e-mail addresses, as applicable, ensuring that each individual creditor will receive the same notices in these Chapter 11 Cases as all other creditors without the potentially harmful disclosure of these details.  The Debtors also will also make the unredacted version of the Creditor Matrix, Consolidated Top 50 Creditor List, Schedules and Statements and any other applicable filings redacted pursuant to the proposed Orders available to the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and counsel to any official committed appointed in these Chapter 11 Cases and, upon Court order, to any other party.

---

[3]  "Schedules and Statements" has the meaning assigned to it in the *Motion of Debtors for Entry of an Order (I) Extending Time to File (A) Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and (II) Granting Certain Related Relief* [D.I. 26].

15.    This Court has granted debtors authority to redact both names and associated identifying information of a cryptocurrency lender's customers.  *See In re Cred Inc.*, No. 20-12836 (JTD) (Dec. 21, 2020), D.I. 264 (authorizing debtors to redact names, addresses and e-mail addresses of customers); *see also In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 8, 2022), D.I. 112, 113 (authorizing debtor to redact the names of "Confidential Parties," including customers, from professional retention applications). Accordingly, the Debtors respectfully submit that cause exists to authorize the Debtors to redact from any paper filed or to be filed with the Court or made publicly available in these Chapter 11 Cases, the names, addresses and e-mail address of the Debtors' customers.

## III.    Cause Exists to Redact Certain Personally Identifiable Information of Creditors.

16.    Section 107(c) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. §§ 107(c)(1).

17.    Several courts in this and other districts have recently expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information.  In *In re Forever 21, Inc.*, in overruling an objection of the U.S. Trustee to the same redaction relief proposed here, Judge Gross noted that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." *In re Forever 21, Inc.*, No. 19-12122 (KG) (Dec. 20, 2019), D.I.

605 (Dec. 19, 2019 Hr'g Tr. at 60:22–25).  Similarly, in *In re Windstream Holdings, Inc.*, Judge

Drain noted that the consequences of releasing private information could be "very serious," and

"[o]nce [private information is] out there, it's out there."  *In re Windstream Holdings, Inc.*, No.

19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 25, 2019), D.I. 173 (Feb. 26, 2019 Hr'g Tr. at 88:6–12,

89:5–8).

18.      The risk related to disclosure is not merely speculative.  In at least one

recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly

accessible creditor and employee information filed in the chapter 11 case to track the employee

at her new address, which had not been publicly available until then, forcing the employee to

change addresses again.  *See In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS)

(Jul. 11, 2019), D.I. 4 (describing incident which occurred during Charming Charlie's 2017

bankruptcy cases).  Other courts have since expressed serious privacy and safety concerns and

recognized that the threat to the individuals involved is real.  *See In re Forever 21, Inc.*, No. 19-

12122 (KG) (Dec. 20, 2019), D.I. 605 (Dec. 19, 2019 Hr'g Tr. at 61:1–8) ("In addition, the

Court's concern with the disclosure of addresses is not speculative.  The Court, for example,

recently had a situation in which a former spouse in an abuse situation was able to locate his

former spouse through the creditors' matrix.  The Court has serious concerns with requiring

disclosure of home addresses of employees and the violation of privacy and safety concerns.

The threat to the employees is real.").

19.      In this case, the risk of identity theft or injury to innocent individual

creditors—customers and employees—of the Debtors outweighs the presumption in favor of

public access to judicial records and papers, or concerns of judicial efficiency.  *See In re*

*Continental Airlines*, 150 B.R. 334, 340–41 (D. Del. 1993).  The amount of public and media

attention on these cases is enormous.  There is minimal, if any, benefit to the public disclosure of individual creditors' personal information or e-mail addresses in these Chapter 11 Cases.

20.      Additionally, the European General Data Protection Regulation (the "EU GDPR") and the United Kingdom Data Protection Act of 2018 (the "UK GDPR" and, together with the EU GDPR, the "GDPR"), which apply to all European Union member countries and the United Kingdom, and protect all European Union member countries' and the United Kingdoms' citizens, impose significant constraints on the disclosure of "personally identifiable information" (which includes the home addresses of individuals).  Violators of the GDPR risk severe penalties.[4]  The GDPR may apply to the Debtors as certain of the Debtors' creditors, interest holders, employees and/or contract workers may be individuals located in the United Kingdom or the European Union member countries.

21.      In light of this concern for privacy and GDPR compliance, courts in this district have routinely granted relief similar to the relief requested herein.  *See, e.g.*, *In re Mallinckrodt Plc,* Case No. 20-12522 (JTD) (Oct. 14, 2020), D.I. 221 (authorizing redaction of the home addresses of individuals and the names and address information of individuals protected by the GDPR); *In re Clover Technologies Group, LLC*, No. 19-12680 (KBO) (Feb. 4, 2020), D.I. 155 (same); *Anna Holdings, Inc.*, No. 19-12551 (CSS) (Dec. 3, 2019), D.I. 109 (authorizing redaction of the personally identifiable information of individual creditors and interest holders); *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Jul. 12, 2019), D.I. 74 (authorizing redaction of personal information of employees).

---

[4]   For a breach of the EU GDPR, the organization may be fined up to the higher of €20 million or 4% of worldwide annual turnover of the preceding financial year.  *See* General Data Protection Regulation (EU) 2016/679, art. 83(5).  For a breach of the UK GDPR, the organization may be fined up to the higher of £17.5 million or 4% of annual worldwide turnover in the preceding financial year.  *See* United Kingdom Data Protection Act 2018, section 157(5)(a) (as amended by the Data Protection, Privacy and Electronic Communications (Amendments etc.) (EU Exit) Regulations 2019).

22.     Additionally, the Debtors will instruct the Claims and Noticing Agent to serve the individuals at their personal addresses or e-mail addresses, as applicable, ensuring that each individual creditor will receive the same notices in these Chapter 11 Cases as all other creditors without the potentially harmful disclosure of these details.  The Debtors will also make the unredacted version of any applicable filings redacted pursuant to the proposed Orders available to the Court, the U.S. Trustee and counsel to any official committee appointed in these Chapter 11 Cases and, upon Court order, to any other party.

23.     Accordingly, the Debtors respectfully submit that cause exists to authorize the Debtors to redact from any filing with the Court or made publicly available in these Chapter 11 Cases, (a) the address and e-mail addresses of any individual creditors or equity holders and (b) the name, address and e-mail address of any individual creditors or equity holders protected by the GDPR.

## IV.     The Court May Establish Procedures for Providing Notice to Creditors.

24.     As stated above, by separate application, the Debtors are seeking authority to retain the Claims and Noticing Agent.  The Debtors propose that the Claims and Noticing Agent undertake all mailings or e-mailing, as applicable, directed by the Court, the U.S. Trustee or as required by the Bankruptcy Code.  The Claims and Noticing Agent's assistance with mailing and e-mailing, as applicable, and preparing creditor lists and notices will ease the administrative burden on the Court and the U.S. Trustee.

25.     In order to assist the Claims and Noticing Agent with these tasks, the Debtors respectfully request that the Court establish the procedures outlined herein.  Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code."  Fed. R.

Bank. P. 2002(a)(1).  As requested in the Creditor List Motion, the Debtors seek authority for the

Claims and Noticing Agent to serve the notice of commencement of these Chapter 11 Cases (the

"<u>Notice of Commencement</u>") by e-mail to creditors, and will serve in that manner, if granted.

26.     Bankruptcy Rule 2002(l) permits the Court to order "notice by publication

if it finds that notice by mail is impracticable or that it is desired to supplement the notice."  Fed.

R. Bankr. P. 2002(l).  In addition to e-mailing the Notice of Commencement, the Debtors

propose to publish the Notice of Commencement, as soon as reasonably practicable, on the

website maintained by the Claims and Noticing Agent at https://cases.ra.kroll.com/FTX.  The

Debtors believe that such publication of the Notice of Commencement provides sufficient notice

to persons who did not otherwise receive notice by e-mail.

27.     These proposed procedures will ensure that the Debtors' creditors receive

prompt notice of the commencement of these Chapter 11 Cases and of the meeting of creditors.

Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or

judgment that is necessary to carry out the provisions of this title."  11 U.S.C. § 105(a).  The

Debtors submit that implementing these procedures is within the Court's equitable powers under

section 105(a) of the Bankruptcy Code.  The Debtors accordingly request that the Court approve

the foregoing as providing sufficient notice of the commencement of these Chapter 11 Cases.

<u>Notice</u>

28.     No creditors' committee, trustee or examiner has been appointed in these

Chapter 11 Cases.  Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the

Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States

Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties

identified on the Debtors' consolidated list of 50 largest unsecured creditors; and (g) to the extent

not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors

submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

29.    No prior motion for the relief requested herein has been made to this or any other Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court (a) enter the Interim Order, substantially in the form attached hereto as <u>Exhibit A</u>,

(b) enter the Final Order, substantially in the form attached hereto as <u>Exhibit B</u>, and (c) grant

such other and further relief as is just and proper.

Dated: November 19, 2022
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*