## EXHIBIT A

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS, FOREIGN
VENDORS, 503(B)(9) CLAIMANTS AND LIEN CLAIMANTS, (II) GRANTING
ADMINISTRATIVE EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS
ON ACCOUNT OF OUTSTANDING ORDERS, (III) AUTHORIZING ALL
FINANCIAL INSTITUTIONS TO HONOR ALL RELATED PAYMENT
REQUESTS AND (IV) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Interim Order") (a) authorizing the Debtors to pay the prepetition claims of (i) Critical Vendors, (ii) Foreign Vendors, (iii) 503(b)(9) Claimants and (iv) Lien Claimants, (b) granting administrative expense priority to all undisputed obligations on account of Outstanding Orders, (c) authorizing applicable banks and other financial institutions to honor and process related checks and transfers and (d) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to pay all or some of the Critical Vendor Claims, as the Debtors determine to be necessary or appropriate based on the Critical Vendor Criteria, in an interim amount not to exceed $9.3 million; *provided* that any payment of a Critical Vendor Claim shall require the authorization of the Chief Executive Officer and the Debtors shall provide two business days' notice to the U.S. Trustee and, if applicable, any official committee appointed in these Chapter 11 Cases prior to making any payment in excess of $250,000 to any single Critical Vendor. If a timely objection is received, the Debtors shall not make the payment to the Critical Vendor and shall confer in good faith with the objector(s) to

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

reach resolution.  In the event the parties are unable to reach a consensual resolution, the Debtors may request a hearing on any such objection at the Court's earliest convenience.

3.  The Debtors are authorized to pay all or some of the Foreign Vendor Claims, as the Debtors determine to be necessary or appropriate; *provided* that any payment in excess of $50,000 to a Foreign Vendor shall require authorization of the Chief Executive Officer and the Debtors shall provide two business days' notice to the U.S. Trustee and, if applicable, any official committee appointed in these Chapter 11 Cases prior to making any payment in excess of $250,000 to any single Foreign Vendor.  If a timely objection is received, the Debtors shall not make the payment to the Foreign Vendor and shall confer in good faith with the objector(s) to reach resolution.  In the event the parties are unable to reach a consensual resolution, the Debtors may request a hearing on any such objection at the Court's earliest convenience.

4.  The Debtors are authorized to pay all or some of the 503(b)(9) Claims, as the Debtors determine to be necessary or appropriate.

5.  The Debtors are authorized to pay all or some of the Lien Claims, as the Debtors determine to be necessary or appropriate, in an amount not to exceed $125,000.

6.  All undisputed obligations relating to the Outstanding Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

7.  In return for payment of the Trade Claims in the ordinary course of business, each Vendor whose Trade Claim is paid by the Debtors pursuant to this Interim Order is hereby required to continue to provide goods and services to the Debtors on terms that are consistent with the historical trade terms between the parties or on such other terms as the Debtors may approve in their sole discretion (such terms, the "Customary Trade Terms").  The

Customary Trade Terms shall apply for the remaining term of the Vendor's agreement with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms.

8. If any Vendor accepts payment on account of a Trade Claim and thereafter does not continue to provide goods or services to the Debtors on Customary Trade Terms, any such payment shall be deemed an unauthorized avoidable postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either (a) recover from the Vendor in cash or goods or (b) at the Debtors' option, apply against any outstanding administrative claim held by such Vendor.  Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered, less the Debtors' reasonable costs to recover such amounts.  The Debtors are hereby authorized to obtain written verification before issuing payment to a Vendor that such Vendor will continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Vendor's agreement with the Debtors; *provided, however*, that the absence of such written verification will not limit the Debtors' rights hereunder.

9. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

10. In accordance with this Interim Order (or other order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion are authorized to (a) receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires or automated clearing house transfers should be honored or dishonored in accordance with this or

any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on or subsequent to the Petition Date, without any duty to inquire otherwise and without any liability for following the Debtors' instructions.

11. Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors or of any claims or causes of action which may exist against any Vendor, or shall impair the ability of the Debtors to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Interim Order.

12. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

13. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

14. This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

15. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

16. The final hearing with respect to the relief requested in the Motion shall be held on _____, 2022 at _____ **(prevailing Eastern Time)**. Any objections or responses to entry of the proposed Final Order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on** _____, 2022 and served on the following parties: (a) proposed co-counsel to the Debtors, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004,

Attn: Alexa J. Kranzley and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis and Kimberly A. Brown; (b) counsel to any statutory committee appointed in these Chapter 11 Cases; (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Juliet Sarkessian); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

Dated: _____
       Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge