# EXHIBIT A

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. No.** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) OPERATE A POSTPETITION CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BUSINESS FORMS AND (C) PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING A PARTIAL WAIVER OF THE DEPOSIT GUIDELINES SET FORTH IN SECTION 345(b) AND (III) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Interim Order") (a) authorizing the Debtors to (i) operate a postpetition cash management system, (ii) maintain existing business forms, and (iii) perform intercompany transactions, (b) granting a partial waiver of the deposit guidelines set forth in section 345(b) of the Bankruptcy Code, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{1368.002-W0069061.}

relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to change authorized signatories to John J. Ray, III or any designated officer of the Debtors with respect to any Existing Bank Account. The Debtors are authorized to operate the Postpetition Cash Management System, including making deposits, transfers and advances among Debtors, to and from non-Debtors and between any Silo Pooling Account and the Master Pooling Account, as described in the Motion. Notwithstanding the foregoing, the Debtors shall not advance funds from the Master Pooling Account to any Silo Pooling Account in an amount greater than $25 million in the aggregate prior to entry of the Final Order.

3. The Debtors shall maintain records with respect to all deposits, transfers and advances of cash so that the intercompany obligations can be ascertained, traced and recorded properly.

4. The net obligations of any Debtor, Silo Parent or Master Pooling Account to any Debtor, non-Debtor, Silo Parent or Master Pooling Account shall be entitled to

superpriority administrative expense status under section 503(b) and 507(b) of the Bankruptcy Code against the applicable Debtor.

5. Effective *nunc pro tunc* to the Petition Date, the Cash Management Banks shall be authorized to maintain, continue, service and administer all Existing Bank Accounts and the New Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, wire transfers, drafts, credit card payments and expenses, ACH transfers, or other debits drawn on, or electronic transfer request made on, any of the Existing Bank Accounts or the New Bank Accounts (each, a "<u>Bank Payment Request</u>") by the holders or makers thereof; *provided* that the Cash Management Banks shall be allowed to dishonor any wire or other transfer issued or dated prior to the Petition Date except pursuant to a specific instruction from the Debtors.

6. The Cash Management Banks are authorized to charge and deduct from the appropriate Bank Accounts, and the Debtors are authorized to pay, honor, or allow any (a) Bank Fees or (b) other charges associated with the Existing Bank Accounts, the New Bank Accounts or accounts of the Debtors' non-Debtor subsidiaries, including, without limitation, any amounts resulting from returned wires or other returned items, including, without limitation, returned items that result from automated clearing house transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

7. The Cash Management Banks are, without the need for further order of this Court: (a) authorized to accept and honor all representations from the Debtors as to which Bank Payment Requests should be honored or dishonored consistent with any order(s) of this Court, whether such Bank Payment Requests are dated prior to, on, or subsequent to the Petition

Date, and whether or not the Cash Management Bank believes the payment is or is not authorized by an order(s) of this Court; (b) have no duty to inquire as to whether such payments are authorized by any order(s) of this Court; and (c) have no liability to any party on account of following the Debtors' instructions in accordance with this Interim Order.

8. Notwithstanding any other provision in this Interim Order, no Cash Management Bank that honors a Bank Payment Request at the direction of the Debtors shall be, or be deemed, liable to the Debtors or their estates or otherwise in violation of this Interim Order.

9. Any payment that is authorized by the Debtors and paid from an Existing Bank Account by a Cash Management Bank before the Petition Date (including any ACH Payment such Cash Management Bank is or becomes obligated to settle), any instruments issued by such Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise shall be deemed to be paid prepetition, whether or not actually debited from the Existing Bank Account prepetition.

10. The Debtors represent that they will maintain accurate records of all Bank Payment Requests and associated debits and credits to the applicable Existing or New Bank Account.

11. The Debtors may close any bank accounts as they may deem necessary and appropriate and may open any bank accounts with Authorized Depository Institutions as the Debtors may deem necessary and appropriate.

12. The Debtors are authorized to deposit funds in accordance with the Postpetition Cash Management System as set forth in the Motion and, to the extent such deposit practices are not consistent with the requirements of section 345(b) of the Bankruptcy Code or of the U.S. Trustee Guidelines, such requirements shall be waived; *provided*, *however*, that the

Debtors shall give notice within fifteen (15) days to the U.S. Trustee and any official committee appointed in these Chapter 11 Cases of any such bank account closures or openings.

13. Notwithstanding any other order of this Court, none of the Cash Management Banks will be required to file any proofs of claim in any of the Chapter 11 Cases or successor cases, whether such claim arose prepetition or postpetition or pursuant to this Interim Order, pertaining to the Postpetition Cash Management System or any Bank Fees in order to preserve such claims.

14. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

15. The Debtors are authorized to: (a) designate, maintain and continue to use, with the same account numbers, all of the Existing Bank Accounts in existence as of the Petition Date that the Debtors determine, in the reasonable exercise of their business judgment, are necessary; (b) use, in their present form, all correspondence and business forms (including, but not limited to, letterhead, purchase orders, and invoices, whether preprinted or generated electronically), without reference to their status as debtors-in-possession, and other documents related to the Existing Bank Accounts, *provided* that upon depletion of the Debtors' correspondence and business forms stock, the Debtors will obtain new business forms stock reflecting their status as debtors-in-possession; (c) treat the bank accounts for all purposes as accounts of the Debtors as debtors-in-possession; and (d) pay any and all fees, costs, charges and expenses, whether incurred prepetition or postpetition, under or in connection with the Prepetition Cash Management System or the Postpetition Cash Management System, as applicable.

16. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

17. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

18. This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

19. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

20. The final hearing with respect to the relief requested in the Motion shall be held on _____, 2022 at _____ **(prevailing Eastern Time)**. Any objections or responses to entry of the proposed Final Order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on** _____, **2022** and served on the following parties: (a) proposed co-counsel to the Debtors, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis and Kimberly A. Brown; (b) counsel to any statutory committee appointed in these Chapter 11 Cases; (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Juliet Sarkessian); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

Dated: _____
      Wilmington, Delaware

The Honorable John T. Dorsey
United States Bankruptcy Judge