IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>  Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Joint Administration Pending) |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO FILE THE INDEMNIFICATION AND EXCULPATION MOTION UNDER SEAL AND (B) GRANTING RELATED RELIEF

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), (a) authorizing the Debtors to file under seal that certain motion of the Debtors requesting authority to provide indemnification and exculpation of certain individuals taking certain authorized actions [D.I. 94] (the "Indemnification and Exculpation Motion"); and (b) granting related relief. Certain facts supporting this Motion are set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24] (the "Ray Declaration") and *Declaration of Edgar W. Mosley in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57] (the "Mosley Declaration" and, together with the Ray Declaration, the "First Day Declarations"). In further support of the Motion, the Debtors respectfully state as follows:

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.001-W0069115.}

## Background

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 14, 2022, the Debtors filed a motion with the Court pursuant to Bankruptcy Rule 1015 seeking joint administration of the Debtors' cases (the "Chapter 11 Cases"). As of the date hereof, no creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the First Day Declarations.

## Facts Specific to the Relief Requested

3. In light of the risk of cyber-attacks and other malicious activity, the Indemnification and Exculpation Motion seeks authorization on an emergency basis to provide indemnification and exculpation of certain individuals for certain authorized actions described in the Indemnification and Exculpation Motion.

4. The Indemnification and Exculpation Motion details certain actions that the Debtors and certain individuals have taken and continue to take in connection with valuable assets that represent a significant share of the Debtors' estates as well as descriptions of the locations of these assets.

5. The Debtors seek to file the Indemnification and Exculpation Motion under seal to protect confidential commercial information, the public disclosure of which may put certain of the Debtors' assets at further risk of cyber-attacks or other malicious activity.

**Jurisdiction**

6. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 107(b) of the Bankruptcy Code. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

7. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to file the Indemnification and Exculpation Motion under seal; and (b) granting related relief.

**Basis for Relief**

**I. Sealing the Indemnification and Exculpation Motion Is Appropriate Under Sections 107(b) of the Bankruptcy Code.**

8. Bankruptcy Code Section 107(b) authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information. Specifically, section 107(b) states that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or other confidential research, development, or commercial information . . . ." Similarly, Bankruptcy Rule 9018 and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information.

9.      The Debtors respectfully submit that the information in the Motion is of a sensitive, confidential and proprietary nature to the Debtors, and thus, is confidential commercial information as contemplated by Bankruptcy Code section 107.  "Commercial information" has been defined as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Altera Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d 27, 27-28 (2d Cir. 1994)).  Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28.  If an interested party is requesting to seal information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27.  Moreover, the resulting order should be broad, that is "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018.  Courts are required to provide such protections, "generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

10.     Here, placing the Indemnification and Exculpation Motion under seal is of the utmost importance to preserve the confidentiality of the Debtors' sensitive commercial and financial information the disclosure of which could put a significant amount of the Debtors' assets at further risk of cyber-attacks or other malicious activity.  Disclosure of certain actions requested to be authorized by the Motion and the locations of certain assets detailed therein

would provide malicious actors with assistance in seeking to intercept or otherwise obtain control over certain valuable assets of the Debtors' estates to the detriment of all stakeholders.[2]

11.  This Court has routinely authorized debtors in other chapter 11 cases to file under seal confidential information. *See*, *e.g.*, In re TPC Group Inc., No. 22-10493 (CTG) (June 7, 2022), D.I. 1133 (authorizing debtors to file under seal a motion for entry of an order approving debtors' assumption of a commercial agreement); *In re Promise Healthcare Group, LLC*, Case No. 18-12491 (CSS) (Jan. 14, 2019) (authorizing debtors to file under seal information related to debtors' key employee incentive plan); *In re Welded Construction, L.P.*, Case No. 18-12378 (KG) (Nov. 15, 2018) (authorizing debtors to file under seal information related to debtors' key employee retention plan); *In re American Apparel, LLC*, Case No. 16-12551 (BLS) (Jan. 4, 2017) (authorizing debtors to file under seal information related to debtors' key employee incentive and retention plans); *In re RadioShack Corp.*, Case No. 15-10197 (BLS) (Bankr. D. Del. Feb. 27, 2015) (authorizing debtors to file under seal information related to debtors' key employee incentive and retention plans).

## Notice

12.  Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Securities and Exchange Commission; (c) the United States Department of Justice; (d) the United States Attorney for the District of Delaware; and (e) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

---

[2] The Debtors shall provide an unsealed copy of the Indemnification and Exculpation Motion to the Court, the Office of the United States Trustee and counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases.

## No Prior Request

13. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: November 22, 2022  
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*