# Exhibit E-2

**(Blackline of Revised Interim Creditor Matrix Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. No. ~~__~~ 45 |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO MAINTAIN A
CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE
MATRIX FOR EACH DEBTOR, (II) AUTHORIZING THE DEBTORS TO REDACT OR
WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS AND
PERSONAL INFORMATION OF INDIVIDUALS ON AN INTERIM BASIS AND
(III) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Interim Order") (a) authorizing the Debtors to (i) maintain the Creditor Matrix in lieu of submitting a separate creditor matrix for each Debtor and (ii) redact or withhold certain confidential information of customers and personal information of individuals, (b) establishing procedures for notifying the parties of the commencement of these Chapter 11 Cases and (c) granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' ~~proposed~~ claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

4873-9959-7119 v.3

-2-

Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The requirements of Local Rules 1007(a)(2) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided* that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3. The Debtors shall cause such list to be made available in readable electronic format (or in non-electronic format at such requesting party's sole cost and expense) upon reasonable request by parties-in-interest.

~~4.    The procedures for notifying parties of the commencement of these Chapter 11 Cases are approved.~~

4.    The Debtors shall serve the Notice of Commencement via e-mail on (a) customers that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e), (ii) do not request to be served hard copies by mail and (iii) have a valid e-mail address on file with the Debtors; and (b) non-customer individual creditors that (i) have not designated a mailing address under Bankruptcy Rule 2002(g)(1) or Rule 5003(e), (ii) do not request to be served hard copies by mail and (c) have a valid e-mail address on file with the debtors, but no physical address information.  The Debtors shall serve all other creditors via mail.  The Debtors shall also publish the Notice of Commencement as soon as reasonably practicable on the website maintained by the Debtors' Clams and Noticing Agent.

5.    The Debtors are authorized, on an interim basis, to redact the names, addresses and e-mail addresses of their customers from any filings with the Court or made publicly available in these Chapter 11 Cases.

6.    The Debtors are authorized, on an interim basis, to redact (a) the addresses and e-mail addresses of their individual creditors and individual equity holders, and (b) the name, addresses and e-mail address of any individual creditors or individual equity holders ~~protected by~~ who are citizens of the ~~GDPR~~ United Kingdom or any European Union member country, from any filings with the Court or made publicly available in these Chapter 11 Cases.

7.    Notwithstanding anything to the contrary in the order relating to the retention of a claims agent, or any Local Rules or Bankruptcy Rules, the Claims and Noticing Agent is authorized, on an interim basis to (a) suppress from the Claims Register (i) the names, addresses and e-mail addresses of the Debtors' customers and of any other individual creditors or

-4-

individual equity holders ~~protected by the GDPR~~ who are citizens of the United Kingdom or any European Union member country, and (ii) the addresses and e-mail addresses of the Debtors' other individual creditors or individual equity holders~~,~~; (b) file affidavits of service without disclosing the (i) names, addresses or e-mail addresses of the Debtors' customers or of any other individual creditors or individual equity holders ~~protected by the GDPR~~ who are citizens of the United Kingdom or any European Union member country or (ii) the addresses or e-mail addresses of the Debtors' other individual creditors or individual equity holders; and (c) to withhold publication of proofs of claims filed by ~~individual creditors~~ the Debtors' customers, *provided* that the Claims and Noticing Agent shall serve the Debtors' creditors at their actual addresses and e-mail addresses, as necessary.

8. The Debtors shall provide an unredacted Creditor Matrix, unredacted Consolidated Top 50 Creditor List, unredacted Schedules and Statements, an unredacted Claims Register, unredacted affidavits of service, withheld proofs of claim, and any other filings redacted pursuant to this Interim Order to (a) upon request, the Court, the U.S. Trustee ~~and any~~, counsel to the U.S. Securities and Exchange Commission, and any trustee, examiner and official committee appointed in these Chapter 11 Cases and (b) upon further order of the Court, any other party.

9. Upon request of a party in interest, the Court may, upon a showing of good cause, release some or all of the personally identifiable information that is being redacted pursuant to the authority granted by this Interim Order. All parties' rights in this regard are reserved.

10. To the extent a party in interest files a document on the docket in these Chapter 11 Cases that is required to be served on creditors whose information is under seal

pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of their Claims and Noticing Agent, to effectuate the service on such party's behalf.

~~10.~~11. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

~~11.~~12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

~~12.~~13. The final hearing with respect to the interim relief granted in paragraphs 5, 6, 7, and 8 of this Interim Order shall be held on _____, 2022 at _____ (**prevailing Eastern Time**). Any objections or responses to entry of the proposed Final Order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on _____, 2022** and served on the following parties: (a) proposed co-counsel to the Debtors, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis and Kimberly A. ~~Brown;~~Brown (landis@lrclaw.com and brown@lrclaw.com); (b) counsel to any statutory committee appointed in these Chapter 11 Cases; (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801~~(,~~. Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

-6-

13.14.  The Debtors and the Claims and Noticing Agent are authorized to take all such actions as are necessary or appropriate to implement the terms of this Interim Order.

14.15.  The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Interim Order.

Dated: _____
       Wilmington, Delaware

The Honorable John T. Dorsey
United States Bankruptcy Judge