## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 28** |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS AND NOTICING AGENT EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the retention and appointment of Kroll Restructuring Administration LLC ("Kroll")[3] as claims and noticing agent ("Claims and Noticing Agent") pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f) to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (iii) provide such other administrative services—as required by the Debtors—that would fall within the purview of services to be provided by the Clerk's office; and upon the Steele Declaration submitted in support of the Application; and the Debtors having estimated that there are millions of creditors in these Chapter 11 Cases, many of which are expected to file proofs of claim; and it appearing

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Application.

[3]   Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

that the receiving, docketing and maintaining of proofs of claim would be unduly time

consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C.

§ 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to

parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim;

and the Court being satisfied that Kroll has the capability and experience to provide such

services and that Kroll does not hold an interest adverse to the Debtors or the estates respecting

the matters upon which it is to be engaged; and this Court having jurisdiction to consider the

Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of

Reference* from the United States District Court for the District of Delaware, dated February 29,

2012; and this Court being able to issue a final order consistent with Article III of the United

States Constitution; and venue of these Chapter 11 Cases and the Application in this district

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding

pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of

the Application and the relief requested therein has been provided in accordance with the

Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or

further notice is necessary; and objections (if any) to the Application having been withdrawn,

resolved or overruled on the merits; and a hearing having been held to consider the relief

requested in the Application and upon the record of the hearing and all of the proceedings had

before this Court; and this Court having found and determined that the relief sought in the

Application is in the best interests of the Debtors, their estates, their creditors and all other

parties-in-interest; and that the legal and factual bases set forth in the Application establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor;

2

IT IS HEREBY ORDERED THAT:

1.      Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

2.      The Debtors are authorized to retain Kroll as Claims and Noticing Agent effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Kroll is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and all related tasks, all as described in the Application.

3.      Kroll shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Court and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4.      Kroll is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

5.      Kroll is authorized to take such other action to comply with all duties set forth in the Application.

6.      The Debtors are authorized to compensate Kroll in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Kroll and the rates charged for each, and to reimburse Kroll for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Kroll to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

3

7.    Kroll shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

8.    The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved.

9.    Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Kroll under this Order shall be an administrative expense of the Debtors' estates.

10.    The Debtors are authorized, not directed, to pay Kroll an advance of $300,000.  Kroll may hold its advance under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.  The Debtors' banks are authorized to honor and process the payment of the advance.

11.    The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

12.    Kroll shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

13.    Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Kroll, or provide contribution or

4

reimbursement to Kroll, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Kroll's gross negligence, willful misconduct or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Kroll's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) or other applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Kroll should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

14.     If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these Chapter 11 Cases, Kroll believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Kroll must file an application therefor in this Court, and the Debtors may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Kroll for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Kroll. All parties in interest shall retain the right to object to any demand by Kroll for indemnification, contribution or reimbursement.

15.    The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

16.    Notwithstanding anything to the contrary in the Engagement Agreement, including paragraph 6 thereof, by this Order the Court is not authorizing Kroll to establish accounts with financial institutions on behalf of the Debtors.

17.    In the event Kroll is unable to provide the services set out in this Order, Kroll will immediately notify the Clerk and the Debtors' counsel and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

18.    The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Kroll but is not specifically authorized by this Order.

19.    The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

20.    Notwithstanding any term in the Engagement Agreement to the contrary, this Court shall retain jurisdiction with respect to any matters, claims rights or disputes arising from or related to Application or the implementation of this Order.

21.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

22.    Kroll shall not cease providing claims processing services during these Chapter 11 Cases for any reason, including nonpayment, without an order of the Court.

4855-1011-4879 v.2

23.     In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

**Dated: November 22nd, 2022**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**