IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING, LTD., *et al.*, | Case No. 22-11068-JTD |
| Debtors. | **(**Jointly Administered)<br>**Obj. Deadline: December 9, 2022 at 4:00 p.m.**<br>**Hearing Date: December 16, 2022 at 10:00 a.m.** |

## MOTION OF MIAMI-DADE COUNTY, FLORIDA, FOR RELIEF FROM THE AUTOMATIC STAY TO TERMINATE THE NAMING RIGHTS AGREEMENT

Miami-Dade County, a political subdivision of the State of Florida, through undersigned counsel, hereby files this motion (the "Motion") for relief from the automatic stay (to the extent applicable and to the extent such relief is necessary) to terminate that certain Naming Rights Agreement between it and West Realm Shires Services, Inc., dba FTX.US ("FTX.US"), which is guaranteed by FTX Trading, Ltd. ("FTX Trading," and together with FTX.US, the "Debtors"). In support of its Motion, Miami-Dade County represents:

### INTRODUCTION

Miami-Dade County granted to FTX.US the right to place its name on the iconic arena that serves as the home of the Miami Heat basketball team pursuant to a Naming Rights Agreement between Miami-Dade County and FTX.US. Given the recent collapse of FTX.US and the ensuing regulatory, civil and criminal investigations, it has come to light that the Debtors have breached their obligations under the Naming Rights Agreement to comply with the laws governing their financial exchange platforms. These breaches appear to have been repeated, recurring and incurable. Therefore, there are material defaults that leave the County with no choice but to seek authority from this Court to terminate the Naming Rights Agreement effective immediately. Immediate termination enables both the Debtors and the County to mitigate their damages.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334(b) and the standing order of reference of the district court. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(l) and (b)(2)(G). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409(a).

**BACKGROUND**

2. On November 11, 2022 (the "Petition Date"), the Debtor, along with over 100 other affiliated companies, filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

3. Since the Petition Date, upon information and belief, the Debtors have operated their businesses and managed their affairs as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**A.   The Parties and the Naming Rights Agreement**

4. Miami-Dade County owns the entertainment venue located at 601 Biscayne Boulevard, Miami, Florida, (the "Arena") that currently serves as the home of the Miami Heat of the National Basketball Association ("NBA").

5. The Arena is exclusively managed and operated by Basketball Properties, Ltd. ("BPL") pursuant to that certain Management Agreement between Miami-Dade County and BPL ("Management Agreement").

6. In April 2021, FTX.US and Miami-Dade County entered into that certain Naming Rights Agreement (the "Naming Rights Agreement") for Miami-Dade County to sell the naming rights and other sponsorship benefits under the Management Agreement in connection with the

Arena in return for FTX.US paying fees to Miami-Dade County totaling $135,000,000 over 19 years. *See* Naming Rights Agreement § 5.[1] In connection with the Naming Rights Agreement, FTX.US represented to the County that it has entered into a separate Naming Rights Facilitation Agreement ("Facilitation Agreement") with BPL to "effectuate, implement, service, operate, maintain and otherwise Facilitate" the provision of the "Entitlements" to the Debtors. *See* Naming Rights Agreement § 4.

7. The "County's obligations under [the Naming Rights] Agreement are limited to granting [FTX.US] the rights to Facilitate, through BPL, the Entitlements set forth herein but the County shall have no right or obligation to FTX.US to effectuate, implement or otherwise Facilitate the Entitlements except as otherwise specifically set forth [in the Naming Rights Agreement]." *Id*.

8. Prior to the Petition Date, FTX.US tendered its first and second payment of fees due under the Naming Rights Agreement to the County totaling the amount of $19.5 million. FTX.US's next payment under the Naming Rights Agreement is due on January 1, 2023, in the amount of $5.5 million. *See* Naming Rights Agreement § 5.

9. Pursuant to the resolution approving the Naming Rights Agreement, the revenues received by the County from the Naming Rights Agreement, net of expenses, are used to fund key initiatives to combat gun violence, address at-risk youth and provide opportunities for economic prosperity throughout Miami-Dade County. *See* Miami-Dade County Resolution No. R-238-21 §§ 6 – 7. Per the same resolution, in the event that the Naming Rights Agreement is terminated with

---

[1] The resolution approving the Naming Rights Agreement can be found at: https://www.miamidade.gov/govaction/legistarfiles/MinMatters/Y2021/210781min.pdf. For ease of reference, the Naming Rights Agreement begins on page 65 of that resolution.

FTX.US, any funds received from future naming rights agreements for the Arena are likewise pledged to fund anti-gun violence and economic prosperity initiatives. *See id.* at § 6.

10. The County has performed its obligations under the Naming Rights Agreement throughout the contract term to the present day.

11. FTX.US, through its Facilitation Agreement with BPL, exercised its right to, among other things, add their FTX logo onto the Arena's basketball court for the conclusion of the 2020-2021 NBA season and post-season, the complete 2021-2022 NBA season, and the current 2022-2023 regular season.

12. FTX.US has numerous obligations under the Naming Rights Agreement, including compliance with laws, as set forth in Section 35.1:

> NAMING RIGHTS PARTNER [FTX.US] agrees to comply, subject to applicable professional standards, with the provisions of any and all applicable Federal, State and County orders, statutes, ordinances, rules and regulations which may pertain to the Services required under this Agreement, including, but not limited to:
>
> 35.1.15   Any federal or state statutes, rules and regulations, which may be amended from time to time, that relate to the services that [FTX.US] provides in the United States in the Exclusive Category.[2]

*See* Naming Rights Agreement § 35.1.

13. A non-curable breach by FTX.US of any of its representations, warranties, or obligations under the Naming Rights Agreement, including those in Section 35, constitutes a default by FTX.US. *See* Naming Rights Agreement § 9.1.2. When such default is repeated and recurring, the County has the right to terminate the Naming Rights Agreement, which termination

---

[2] Under the Naming Rights Agreement, "Exclusive Category" means "online financial exchange platforms that interact with blockchain technology solely for users to purchase, deposit, stake or sell Cryptocurrency in exchange for other Cryptocurrency or convectional fiat money." Naming Rights Agreement, p. 4.

shall become effective 30 days after delivery of written notice. *See* Naming Rights Agreement § 9.2.2.3.

14.     In addition, a failure by FTX.US to make any payment required under the Naming Rights Agreement constitutes a default that triggers the right for Miami-Dade County to terminate the Naming Rights Agreement. *See* Naming Rights Agreement ¶ 9.2.2.1.

15.     When the County terminates the Naming Rights Agreement as a result of an FTX.US default, the Naming Rights Agreement provides that FTX.US shall owe the County "all unpaid Fees for the three Contract Years following the date of the termination," "in addition to any other damages for which it may be held liable under the Naming Rights Agreement." *See* Naming Rights Agreement § 9.2.3.

16.     Significant hardship to the County would result from maintenance of the stay because it would force the County to continue to be associated with the failed FTX.US company, when (a) published news reports indicate that FTX.US is currently subject to criminal and regulatory investigations by the United States Department of Justice, Securities and Exchange Commission, and Commodity Futures Trading Association for its mishandling of customer funds and violations of securities laws,[3] (b) the former CEO of FTX.US, Samuel Bankman-Fried, has issued public admissions over social media relating to the mismanagement of customer funds,[4] and (c) the current CEO of the Debtors, John J. Ray, has filed a declaration in this bankruptcy proceeding that "never in [his] career [has he] seen such a complete failure of corporate controls and such a complete absence of trustworthy financial information as occurred here," ECF No. 24 at 2. Additionally, maintenance of the stay would impede the County's efforts to obtain a new

---

[3]  *See, e.g.,* Reuters, "US authorities probe FTX collapse, executives' involvement-sources," https://www.reuters.com/technology/manhattan-us-attorneys-office-investigates-ftx-downfall-source-2022-11-14/ (last accessed on Nov. 21, 2022).
[4]  The relevant posts from Mr. Bankman-Fried's Twitter account can be found at: https://twitter.com/SBF_FTX.

naming rights partner for the Arena and continue funding the anti-gun violence and economic prosperity initiatives from naming rights revenues.

## RELIEF REQUESTED AND ARGUMENT

17. Miami-Dade County requests authority to terminate the Naming Rights Agreement immediately. In an abundance of caution, Miami-Dade County seeks relief from the automatic stay (to the extent applicable and to the extent such relief is necessary), to terminate the Naming Rights Agreement under section 362(d) of the Bankruptcy Code.

18. As stated above, Miami-Dade County has performed its obligations under the Naming Rights Agreement, including, among other things, enabling FTX to retain naming rights at the Arena, a highly popular and visible venue for entertainment. By failing to comply with the laws that govern its online financial exchange platform, FTX.US is in breach of the Naming Rights Agreement, and Miami-Dade County intends to terminate the Naming Rights Agreement immediately.

### Cause Exists to Grant Relief from the Automatic Stay

19. Section 362 of the Bankruptcy Code provides the authority for granting relief from the automatic stay in these cases. Section 362(d)(l) provides in relevant part that a bankruptcy court, on request of a party in interest and after notice and a hearing, "shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-for cause ...." 11 U.S.C. § 362(d)(l).

20. Although section 362(d)(l) permits this Court to grant relief from the stay for "cause," that term is not defined by the Bankruptcy Code. Therefore, the Bankruptcy Court must, on a case-by-case basis, decide what constitutes "cause" to lift the automatic stay. I*n re Rexene*

*Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)).

21. In fashioning relief appropriate for the specific facts of this case, this Court, as a court of equity, may consider the effect of the stay on both of the parties. Courts in this district consider: (i) the hardship to the estate if stay relief is granted; (ii) the hardship to the movant if stay relief is not granted; and (iii) the underlying merits. *See, e.g., In re Rexene Prods. Co.*, 141 B.R. at 576. "To establish cause, the party seeking relief from the stay must show that 'the balance of hardships from not obtaining relief tips significantly in [its] favor.'" *Atlantic Marine, Inc. v. American Classic Voyages, Co. (In re American Classic Voyages, Inc.)*, 298 B.R. 222, 225 (D. Del. 2003); *In re RNI Wind Down Corp.*, 348 B. R. 286, 299 (Bankr. D. Del. 2006).

22. Cause exists to lift the automatic stay to permit Miami-Dade County to terminate the Naming Rights Agreement immediately because the harm to Miami-Dade County caused by having to perform under the Naming Rights Agreement-including retaining the FTX name on its marquee-clearly outweighs any hardship on the Debtor. It does not appear that the Debtor will suffer harm from a termination of the Naming Rights Agreement. On the other hand, Miami-Dade County continues to supply valuable marquee naming rights and other benefits to the Debtor, to the detriment of the County's ability to seek a new naming partner for the Arena.

23. As mentioned above, the next payment of fees due under the Naming Rights Agreement is due on January 1, 2023 in the amount of $5.5. million. *See* Naming Rights Agreement § 5.1, and 5.2.1.

24. If the Court permits termination of the Naming Rights Agreement prior to the January 2023 Fee payment deadline, Miami-Dade County will have a claim for damages against the Debtor in the amount of $17 million. *See* Naming Rights Agreement ¶¶ 5.1 and 9.2.3.

25. However, if the Court denies immediate termination and FTX.US fails to tender the $5.5 million payment in January 2023, the ensuing termination by reason of payment default will increase the County's damage claim to $23 million. *See id.*

26. To mitigate its damages, Miami-Dade County requests that (to the extent applicable and to the extent such relief is necessary) the automatic stay be lifted based on FTX.US's material defaults of the Naming Rights Agreement and the ensuing hardships suffered by Miami-Dade County as set forth herein.

WHEREFORE, for all of the above reasons, Miami-Dade County requests that the Court enter an order (i) lifting the automatic stay to authorize Miami-Dade County to terminate the Naming Rights Agreement immediately; and (ii) granting such other and further relief as is just and equitable.

Dated: November 22, 2022

ARMSTRONG TEASDALE LLP

*/s/ Eric M. Sutty*
Eric M. Sutty (No. 4007)
1008 North Market Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 416-9671
Email: esutty@atllp.com

and

GERALDINE BONZON-KEENAN
Miami-Dade County Attorney
Ileana Cruz, Esq. (*admitted pro hac* vice)
Eduardo W. Gonzalez, Esq.
(*admitted pro hac* vice)
Assistant County Attorneys
111 N.W. 1st Street, Suite 2810
Miami, FL 33128
Telephone: (305) 375-5151
Email: cao.bkc@miamidade.gov
Direct Email: ileanac@miamidade.gov

*Counsel for Miami-Dade County, Florida*