# Exhibit B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 47** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) OPERATE A POSTPETITION CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BUSINESS FORMS AND (C) PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING A PARTIAL WAIVER OF THE DEPOSIT GUIDELINES SET FORTH IN SECTION 345(b) AND (III) GRANTING CERTAIN RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Interim Order") (a) authorizing the Debtors to (i) operate a postpetition cash management system, (ii) maintain existing business forms, and (iii) perform intercompany transactions, (b) granting a partial waiver of the deposit guidelines set forth in section 345(b) of the Bankruptcy Code, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases .ra.kroll.com/FTX.

[2]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

requested therein has been provided in accordance with the Bankruptcy Rules and the Local

Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and

objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits;

and a hearing having been held to consider the relief requested in the Motion and upon the record

of the hearing and all of the proceedings had before this Court; and this Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates,

their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized to change authorized signatories to John J.

Ray, III or any designated officer of the Debtors with respect to any Existing Bank Account.[3]

The Debtors are authorized to operate the Postpetition Cash Management System, including

making deposits, transfers and advances among Debtors, to and from non-Debtors and between

any Silo Pooling Account and the Master Pooling Account, as described in the Motion.  All New

Bank Accounts shall be at banks that are party to a Uniform Depository Agreement with the

United States Trustee for the District of Delaware; and the Debtors shall use commercially

reasonable efforts to move all domestic Existing Bank Accounts, other than "FBO" accounts and

domestic Existing Bank Accounts held by foreign Debtors, to banks that are party to a Uniform

---

[3]    For the avoidance of doubt, no account of a non-Debtor subsidiary shall constitute an Existing Bank Account.
Nothing in this Interim Order shall (i) apply to any deposit, accounts, cash or other property of LedgerX, FTX
Digital Markets Ltd. or any other non-Debtor or (ii) permit any transfer from a non-Debtor to a Debtor that is not
permitted by applicable nonbankruptcy law.  Furthermore, the Debtors shall not unfreeze any "FBO" or custodial
accounts held for the benefit of others without further order of the Court, and nothing in this Interim Order shall
authorize (i) the use of any cash and/or funds that are trust funds and/or customer custodial funds, or (ii) the
management of such cash, funds, and/or accounts in contravention of state and/or federal law applicable to such
cash, funds, and/or accounts, including, without limitation, 28 USC s 959.

4875-3381-4847 v.3

Depository Agreement with the United States Trustee for the District of Delaware.

Notwithstanding the foregoing, the Debtors shall not advance funds from the Master Pooling

Account to any Silo Pooling Account in an amount greater than $255 million in the aggregate

prior to entry of the Final Order.  Nothing in this Interim Order is authorizing the Debtors to

make any loan to any non-Debtor entity prior to entry of the Final Order.

3.    The Debtors shall preserve all available prepetition books and records.

The Debtors shall maintain records with respect to all deposits, transfers and advances of cash so

that all postpetition transactions, including intercompany obligations and transactions can be

ascertained, traced and recorded properly.

4.    The net obligations of any Debtor, Silo Parent or Master Pooling Account

to any Debtor, non-Debtor, Silo Parent or Master Pooling Account shall be entitled to

superpriority administrative expense status under section 503(b) and 507(b) of the Bankruptcy

Code against the applicable Debtor.

5.    Effective *nunc pro tunc* to the Petition Date, the Cash Management Banks

shall be authorized to maintain, continue, service and administer all Existing Bank Accounts and

the New Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption

and in the usual and ordinary course, and to receive, process, honor and pay any and all checks,

wire transfers, drafts, credit card payments and expenses, ACH transfers, or other debits drawn

on, or electronic transfer request made on, any of the Existing Bank Accounts or the New Bank

Accounts (each, a "Bank Payment Request") by the holders or makers thereof; *provided* that the

Cash Management Banks shall be allowed to dishonor any wire or other transfer issued or dated

prior to the Petition Date except pursuant to a specific instruction from the Debtors.

6.    The Cash Management Banks are authorized to charge and deduct from

the appropriate Bank Accounts, and the Debtors are authorized to pay, honor, or allow any

4875-3381-4847 v.3

(a) Bank Fees or (b) other charges associated with the Existing Bank Accounts, the New Bank Accounts or accounts of the Debtors' non-Debtor subsidiaries, including, without limitation, any amounts resulting from returned wires or other returned items, including, without limitation, returned items that result from automated clearing house transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers; *provided* that (i) the Bank Fees shall not exceed $100,000 prior to entry of the Final Order and (ii) Bank Fees shall be paid from the Debtors' unrestricted cash or any Bank Fees deducted from Restricted Cash shall then be reimbursed from the Debtors' unrestricted cash.

7.      The Cash Management Banks are, without the need for further order of this Court:  (a) authorized to accept and honor all representations from the Debtors as to which Bank Payment Requests should be honored or dishonored consistent with any order(s) of this Court, whether such Bank Payment Requests are dated prior to, on, or subsequent to the Petition Date, and whether or not the Cash Management Bank believes the payment is or is not authorized by an order(s) of this Court; (b) have no duty to inquire as to whether such payments are authorized by any order(s) of this Court; and (c) have no liability to any party on account of following the Debtors' instructions in accordance with this Interim Order.

8.      Notwithstanding any other provision in this Interim Order, no Cash Management Bank that honors a Bank Payment Request at the direction of the Debtors shall be, or be deemed, liable to the Debtors or their estates or otherwise in violation of this Interim Order.

9.      Any payment that is authorized by the Debtors and paid from an Existing Bank Account by a Cash Management Bank before the Petition Date (including any ACH Payment such Cash Management Bank is or becomes obligated to settle), any instruments issued

- 4 -

4875-3381-4847 v.3

by such Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise shall be deemed to be paid prepetition, whether or not actually debited from the Existing Bank Account prepetition.

10.     The Debtors shall maintain accurate records of all Bank Payment Requests and associated debits and credits to the applicable Existing or New Bank Account.

11.     The Debtors may close any Existing Bank Accounts and New Bank Accounts as they may deem necessary and appropriate and may open any bank accounts as the Debtors may deem necessary and appropriate; *provided* that the Debtors shall open any and all new bank accounts at banks that are party to a Uniform Depository Agreement with the United States Trustee for the District of Delaware.

12.     The Debtors are authorized to deposit funds in accordance with the Postpetition Cash Management System as set forth in the Motion and, to the extent such deposit practices are not consistent with the requirements of section 345(b) of the Bankruptcy Code, such requirements shall be waived solely with respect to Banks that are not party to a Uniform Depository Agreement with the United States Trustee for the District of Delaware, and only for an interim period of thirty (30) days after entry of this Interim Order; *provided*, *however*, that the Debtors shall give notice within fifteen (15) days to the U.S. Trustee and any official committee appointed in these Chapter 11 Cases of any such bank account closures or openings. The Debtors shall request all Existing Banks that are not party to a Uniform Depository Agreement with the United States Trustee for the District of Delaware to internally code all debtor accounts at such Existing Banks as debtor-in-possession accounts.

13.     Notwithstanding any other order of this Court, none of the Cash Management Banks will be required to file any proofs of claim in any of the Chapter 11 Cases or successor cases, whether such claim arose prepetition or postpetition or pursuant to this Interim

4875-3381-4847 v.3

Order, pertaining to the Postpetition Cash Management System or any Bank Fees in order to preserve such claims.

14.     Notwithstanding any language to the contrary in the Motion or this Interim Order, or any findings announced at the hearing, no provision of the Motion, this Interim Order, or announced at the hearing constitutes a finding as to whether the Prepetition or Postpetition Cash Management System complies with federal or state securities laws, and the right of the United States Securities and Exchange Commission to challenge such transactions on any basis are expressly reserved.

15.     Notwithstanding anything to the contrary in the Motion, this Interim Order, or any findings announced at the hearing, nothing in the Motion, this Interim Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

16.     ~~15.~~ The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

17.     ~~16.~~ The Debtors are authorized to: (a) designate, maintain and continue to use, with the same account numbers, all of the Existing Bank Accounts in existence as of the Petition Date that the Debtors determine, in the reasonable exercise of their business judgment, are necessary; (b) use, in their present form, all preprinted correspondence and business forms (including, but not limited to, letterhead, purchase orders, and invoices), without reference to their status as debtors-in-possession, and other preprinted documents related to the Existing Bank Accounts, *provided* that upon depletion of the Debtors' correspondence and business forms

stock, the Debtors will obtain new business forms stock reflecting their status as

debtors-in-possession; (c) treat the bank accounts for all purposes as accounts of the Debtors as

debtors-in-possession; (d) pay any and all fees, costs, charges and expenses, whether incurred

prepetition or postpetition, under or in connection with the Prepetition Cash Management System

or the Postpetition Cash Management System, as applicable; and (e) not later than ten (10)

business days after entry of this Interim Order, and for the duration of these Chapter 11 Cases

thereafter, the Debtors shall include a debtor-in-possession legend on all electronic or self-printed

checks and business forms.

18. 17. Notwithstanding the use of a consolidated cash management system,

the Debtors shall calculate quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) based on

disbursements of each Debtor, regardless of which entity pays such disbursements.

19. 18. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

20. 19. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

21. 20. This Interim Order is immediately effective and enforceable,

notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

22. 21. The Debtors shall serve a copy of this Interim Order on all Existing

Banks.

23. 22. This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the Motion or the implementation of this Interim

Order.

24. 23. The final hearing with respect to the relief requested in the Motion

shall be held on _____, 2022 at _____ **January 11, 2023 at 10:00 a.m.** **(prevailing**

**Eastern Time)**.  Any objections or responses to entry of the proposed Final Order shall be filed

on or before **4:00 p.m. (prevailing Eastern Time) on** _____, **December 14,** **2022** and

4875-3381-4847 v.3

served on the following parties: (a) proposed co-counsel to the Debtors, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com); (b) counsel to any statutory committee appointed in these Chapter 11 Cases; (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Juliet Sarkessian (~~julie.m.sarkessian~~Juliet.M.Sarkessian@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

Dated: _____

       Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

4875-3381-4847 v.3