**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 46 & 144** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS, FOREIGN
VENDORS, 503(B)(9) CLAIMANTS AND LIEN CLAIMANTS, (II) GRANTING
ADMINISTRATIVE EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS
ON ACCOUNT OF OUTSTANDING ORDERS, (III) AUTHORIZING ALL
FINANCIAL INSTITUTIONS TO HONOR ALL RELATED PAYMENT
REQUESTS AND (IV) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors

and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Interim

Order") (a) authorizing the Debtors to pay the prepetition claims of (i) Critical Vendors,

(ii) Foreign Vendors, (iii) 503(b)(9) Claimants and (iv) Lien Claimants, (b) granting

administrative expense priority to all undisputed obligations on account of Outstanding Orders,

(c) authorizing applicable banks and other financial institutions to honor and process related

checks and transfers and (d) granting certain related relief; and this Court having jurisdiction to

consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of

Reference* from the United States District Court for the District of Delaware, dated February 29,

2012; and this Court being able to issue a final order consistent with Article III of the United

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant

to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion

and the relief requested therein has been provided in accordance with the Bankruptcy Rules and

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware, and that, except as otherwise ordered herein, no other or further notice

is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled

on the merits; and a hearing having been held to consider the relief requested in the Motion and

upon the record of the hearing and all of the proceedings had before this Court; and this Court

having found and determined that the relief sought in the Motion is in the best interests of the

Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized to pay all or some of the Critical Vendor

Claims, as the Debtors determine to be necessary or appropriate based on the Critical Vendor

Criteria, in an interim amount not to exceed $8.5 million; *provided* that any payment of a Critical

Vendor Claim shall require the authorization of the Chief Executive Officer and the Debtors

shall provide two business days' notice to the U.S. Trustee and, if applicable, any official

committee appointed in these Chapter 11 Cases prior to making any payment in excess of

$250,000 to any single Critical Vendor.  If a timely objection is received, the Debtors shall not

make the payment to the Critical Vendor and shall confer in good faith with the objector(s) to

reach resolution.  In the event the parties are unable to reach a consensual resolution, the Debtors

may request a hearing on any such objection at the Court's earliest convenience.  The Debtors

are not authorized to pay any Critical Vendor Claims held by non-foreign vendors that are bound

by an executory contract to continue to supply goods or services to the Debtors, except for

claims falling under section 503(b)(9) of the Bankruptcy Code.

3.      The Debtors are authorized to pay all or some of the Foreign Vendor

Claims, as the Debtors determine to be necessary or appropriate, in an interim amount not to

exceed $1 million; *provided* that any payment in excess of $50,000 to a Foreign Vendor shall

require authorization of the Chief Executive Officer and the Debtors shall provide two business

days' notice to the U.S. Trustee and, if applicable, any official committee appointed in these

Chapter 11 Cases prior to making any payment in excess of $250,000 to any single Foreign

Vendor.  If a timely objection is received, the Debtors shall not make the payment to the Foreign

Vendor and shall confer in good faith with the objector(s) to reach resolution.  In the event the

parties are unable to reach a consensual resolution, the Debtors may request a hearing on any

such objection at the Court's earliest convenience.

4.      The Debtors are authorized to pay all or some of the 503(b)(9) Claims, as

the Debtors determine to be necessary or appropriate, in an amount not to exceed $200,000.

5.      The Debtors are authorized to pay all or some of the Lien Claims, as the

Debtors determine to be necessary or appropriate, in an amount not to exceed $125,000.

6.      In return for payment of the Trade Claims in the ordinary course of

business, each Vendor whose Trade Claim is paid by the Debtors pursuant to this Interim Order

is hereby required to continue to provide goods and services to the Debtors on terms that are

consistent with the historical trade terms between the parties or on such other terms as the

Debtors may approve in their sole discretion (such terms, the "Customary Trade Terms"). The Customary Trade Terms shall apply for the remaining term of the Vendor's agreement with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms.

7.      If any Vendor accepts payment on account of a Trade Claim and thereafter does not continue to provide goods or services to the Debtors on Customary Trade Terms, any such payment shall be deemed an unauthorized avoidable postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either (a) recover from the Vendor in cash or goods or (b) at the Debtors' option, apply against any outstanding administrative claim held by such Vendor. Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered, less the Debtors' reasonable costs to recover such amounts. The Debtors are hereby authorized to obtain written verification before issuing payment to a Vendor that such Vendor will continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Vendor's agreement with the Debtors; *provided, however*, that the absence of such written verification will not limit the Debtors' rights hereunder.

8.      The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

9.      In accordance with this Interim Order (or other order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion are authorized to (a) receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires or

automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on or subsequent to the Petition Date, without any duty to inquire otherwise and without any liability for following the Debtors' instructions.

10.     Nothing in the Motion or this Interim Order, nor as a result of any payment made pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors or of any claims or causes of action which may exist against any Vendor, or shall impair the ability of the Debtors to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Interim Order.

11.     Notwithstanding anything to the contrary in the Motion, this Interim Order, or any findings announced at the hearing, nothing in the Motion, this Interim Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

12.     The Debtors are not authorized to pay the claims of any insider (as such term is defined in section 101(31) of the Bankruptcy Code), employees, or professional persons (as such term appears in section 327(a) of the Bankruptcy Code) pursuant to this Interim Order.

13.     The Debtors shall serve this Interim Order on the affected Vendors.

14.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

15.     The requirements set forth in Bankruptcy Rule 6004(a) are waived.

16.     This Interim Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

17.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Interim Order.

18.     The final hearing with respect to the relief requested in the Motion shall be held on **January 11, 2023 at 10:00 a.m. (prevailing Eastern Time)**.  Any objections or responses to entry of the proposed Final Order shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on December 14, 2022** and served on the following parties: (a) proposed co-counsel to the Debtors, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw@com); (b) counsel to any statutory committee appointed in these Chapter 11 Cases; (c) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.

**Dated: November 23rd, 2022**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**