# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: December 16, 2022 at 10:00 a.m. (ET) |
| | **Objection Deadline**: December 9, 2022 at 4:00 p.m. (ET) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE LISTS OF EQUITY SECURITY HOLDERS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 1007(a)(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1007-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the 14-day deadline by which the Debtors must file lists of equity security holders (the "Equity Holders Lists") by 45 days, through and including January 9, 2023 (the "Equity Holders Lists Deadline"), without prejudice to the Debtors' ability to request additional extensions.[2] Certain facts

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The Debtors seeking relief pursuant to this Motion include West Realm Shires Inc., FTX Trading Ltd., Alameda Research LLC, Blockfolio, Inc., Cedar Grove Technology Services, Ltd, Clifton Bay Investments, LLC, Deck Technologies Holdings LLC, Hilltop Technology Services LLC, and Paper Bird Inc.

{1368.002-W0069151.}

supporting this Motion are set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24] (the "Ray Declaration") and *Declaration of Edgar W. Mosley in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57] (the "Mosley Declaration" and, together with the Ray Declaration, the "First Day Declarations"). In further support of the Motion, the Debtors respectfully state as follows:

**Background**

1. On November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. As of the date hereof, no creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the First Day Declarations.

**Jurisdiction**

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 1007(a)(5) and 9006(b), and Local Rule 1007-1(a). Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

4. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, extending the initial 14-day deadline by which the Debtors must file the Equity Holders Lists by 45 days, through and including January 9, 2023, without prejudice to the Debtors' ability to request additional extensions.

## Basis for Relief

### I. Cause Exists to Extend the Deadline to File the Equity Holder Lists.

5. Pursuant to Bankruptcy Rule 1007(a)(3), a debtor is required to file a list of such debtor's equity security holders within 14 days after the petition date, unless the bankruptcy court orders otherwise. The Court has authority to grant a further extension "for cause" pursuant to Bankruptcy Rule 1007(a)(5). In addition, Bankruptcy Rule 9006(b) generally provides, in relevant part, the time for performing an act under the Bankruptcy Rules may be enlarged for cause shown. Furthermore, section 105(a) of the Bankruptcy Code empowers courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

6. The Debtors submit that, in light of the current facts and circumstances, there is cause for the Court to extend the deadline to file the Debtors' Equity Holders Lists. To prepare their Equity Holders Lists, the Debtors must compile a significant amount of information from the Debtors' books and records. The resources needed to assemble the necessary information, when considered alongside the extraordinary facts that led to the emergency commencement of, and transition into, these Chapter 11 Cases, support an extension of the deadline set forth in the Bankruptcy Rules for filing the Equity Holder Lists. In addition, given

the Debtors' sensitivity to disclosure of personal customer information and the potential for such information to be misused, the Debtors require additional time to access certain data and records in order to determine any potential overlap between customers and shareholders. (*See* Ray Decl. ¶¶ 3, 59, 71, 75.) Moreover, the Debtors' professionals and continuing employees necessarily have significant resources committed to the ongoing work to protect and recover assets around the world, while also advancing their investigation into the facts and circumstances that led to the Debtors' collapse.

7. The relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors, shareholders, or other parties-in-interest. Rather, the requested extension will assist the Debtors and further their objective of providing the most accurate and complete information available, including in the Equity Holders Lists. Given the widely-publicized nature of these Chapter 11 Cases, the Debtors are particularly reluctant to publish information in the Equity Holders Lists that is not confirmed and re-confirmed to be accurate and complete. Accordingly, the Debtors respectfully request a reasonable extension of the deadline to file the Equity Holders Lists.

8. Extensions such as the one requested in this Motion are regularly granted by courts in this district. *See*, *e.g.*, *In re California Proton Treatment Center, LLC*, No. 17-10477 (LSS) (Mar. 3, 2017), D.I. 38 (extending deadline to file list of equity holders by 30 days); *In re Noon Mediterranean, Inc.*, No. 18-11814 (BLS) (Sept. 4, 2018), D.I. 65 (same); *In re KaloBios Pharmaceuticals, Inc.*, No. 15-12628 (LSS) (Feb. 4, 2016), D.I. 148 (extending the deadline to file list of equity holders to 49 days after the petition date); *In re Dex One Corp.*, No. 13-10533 (KG) (Mar. 19, 2013), D.I. 54 (extending deadline to file list of equity holders to 60

days after the petition date); *In re Maxcom Telecommunicaciones, S.A.B. De C.V.*, No. 13-11839 (PJW) (Aug. 15, 2013 ), D.I. 115 (same).

### Notice

9.    Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties identified on the Debtors' consolidated list of 50 largest unsecured creditors; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: November 28, 2022<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>       brown@lrclaw.com<br>       pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>       bromleyj@sullcrom.com<br>       gluecksteinb@sullcrom.com<br>       kranzleya@sullcrom.com<br><br>*Proposed Counsel for the Debtors*<br>*and Debtors-in-Possession* |