## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  | : |  |
|---|---|---|
|  | : | Chapter 11 |
| *In re* | : |  |
|  | : | Case No. 22-11068 (JTD) |
| FTX TRADING LTD., *et al.*,[1] | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : |  |
|  | : | **RE:  D.I. _____** |
|  | : |  |

## ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER

Upon consideration of the *Motion of the United States Trustee* (the "U.S. Trustee") *for*

*Entry of an Order Directing the Appointment of an Examiner* (the "Motion"); and finding that due

and sufficient notice of the Motion was given; and it appearing that the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding under 28 U.S.C. §

157(b)(2); and after due deliberation and sufficient cause appearing therefor, based upon the record,

the Court finds that there is the basis for appointment of an examiner, pursuant to 11 U.S.C. §

1104(c).  Based on the foregoing, it is hereby ORDERED as follows:

1.    The Motion is GRANTED.

2.    The U.S. Trustee is directed to appoint an examiner (the "Examiner") pursuant to 11

U.S.C. § 1104(c).

3.    The Examiner shall: (a) investigate any allegations of fraud, dishonesty,

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors of or by current or former management of the Debtors and (b) otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code (collectively the "Investigation").

4.    The Debtors and any official committee(s) of unsecured creditors appointed (the "Committee(s)") shall fully cooperate with the Examiner in the performance of any of the Examiner's duties and the Investigation, and that the Debtors and the Committee(s) shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation.

5.    The Debtors shall provide to the Examiner all non-privileged documents and information within their possession that the Examiner deems relevant to perform the Investigation. If the Examiner seeks the disclosure of documents or information as to which the Debtors assert a claim of privilege, or otherwise objects to disclosing, including on the basis that the request is beyond the scope of the Investigation, and the Examiner and the Debtors are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution.

6.    Neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Investigation or the Examiner's duties until the Examiner's report is filed with the Court.

7.    The Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above), including, but not limited to, any federal, state or local government agency that may be investigating the Debtors, their management or their financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations

conducted by such agencies.

8.      The Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327.

9.      The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to 11 U.S.C. §§ 330, 331 and any administrative order governing interim compensation and reimbursement of expenses of professionals which may be entered in these cases.  Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330.

10.     Before commencing the Investigation, the Examiner shall meet and confer with representatives from the Committee(s), the Debtors, and any other party that the Examiner deems appropriate to discuss the Investigation.

11.     Within fifteen (15) days after entry of the order approving the appointment of the Examiner is entered on the docket in these cases, the Examiner shall propose a work plan and shall provide his or her estimated costs for the Investigation consistent with this Order, which shall be subject to the approval of the Court on ten (10) days' notice to all parties that have requested notice pursuant to Bankruptcy Rule 2002.  Notwithstanding the foregoing, the parties required to receive notice may waive such requirement in writing.

12.     The Examiner shall have the standing of a "party in interest" with respect to the matters that are within the scope of the Investigation and shall be entitled to appear and be heard at any and all hearings in these cases.

13.     Nothing in this Order shall impede the right of the U.S. Trustee or any other party in interest to request any other lawful relief.