IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 22-11068 (JTD) |
| FTX TRADING LTD., *et al.*, | ) | (Joint Administration Pending) |
| | ) | |
| Debtors. | ) | Hearing: Dec. 19, 2022 at 10:00 a.m. |

**MOTION OF BLOOMBERG, INC., DOW JONES & COMPANY, NEW YORK TIMES, INC., AND THE INANCIAL TIMES LTD. TO INTERVENE FOR THE LIMITED PURPOSE OF FILING AN OBJECTION TO THE MOTION OF DEBTORS FOR ENTRY OF A FINAL ORDER AUTHORIZING THE DEBTORS TO REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS AND <u>PERSONAL INFORMATION OF INDIVIDUALS</u>**

Bloomberg, Inc., Dow Jones & Company, New York Times, Inc. and The Financial Times Ltd. (collectively, the "Media Intervenors") hereby move to intervene, pursuant to Fed. R. Bank. P. 2018(a), to present an Objection to Debtor's Motion for Entry of a Final Order Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information Of Individuals.

<u>**BACKGROUND**</u>

1.   When Debtor filed its petition for relief under Chapter 11, it sent shockwaves throughout the financial community in general, and the crypto investing community in particular.  FTX's new CEO John Ray told this Court that "never in my career have I seen such a complete failure of corporate controls and such a complete absence of trustworthy financial information as occurred here. From

1

compromised systems integrity and faulty regulatory oversight abroad, to the concentration of control in the hands of a very small group of inexperienced, unsophisticated and potentially compromised individuals, this situation is unprecedented." Declaration Of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings," D.I. 24 (November 17, 2022).

2. The bankruptcy filing, the possibly extensive number of creditors[1], and the related consequences to other crypto businesses, caught the public's interest and has led to extensive media coverage.[2] The media is actively covering this

---

[1] E.g., Matt Egan, "*Bankrupt crypto exchange FTX may have over 1 million creditors as 'dozens' of regulators probe collapse*," https://www.cnn.com/2022/11/15/business/ftx-bankruptcy-one-million-customers/index.html (Nov. 15, 2022).

[2] E.g., Joshua Oliver, Scott Chipolina and Nikou Asgari, "*Sam Bankman-Fried's $32bn FTX crypto empire files for bankruptcy*," https://www.ft.com/content/afe56c4e-2d68-457e-bbb2-476752d5f02e (Nov. 11, 2022); Alun Long and Hannah Lang, "*Crypto exchange FTX files for bankruptcy as wunderkind CEO exits*," https://www.reuters.com/business/ftx-start-us-bankruptcy-proceedings-ceo-exit-2022-11-11/ (Nov. 11, 2022); Jeremy Hill, "*Bankman-Fried Resigns From FTX, Puts Empire in Bankruptcy*," https://www.bloomberg.com/news/articles/2022-11-11/ftx-com-goes-bankrupt-in-stunning-reversal-for-crypto-exchange?utm_campaign=socialflow-organic&utm_source=twitter&utm_medium=social&utm_content=crypto&leadSource=uverify%20wall (Nov. 11, 2022); David Yaffe-Bellany, "*Embattled Crypto Exchange FTX Files for Bankruptcy*," https://www.nytimes.com/2022/11/11/business/ftx-bankruptcy.html (Nov. 11, 2012); Rachel Martin and David Gura, "Bankman-Fried Resigns From FTX, Puts Empire in Bankruptcy "Cryptocurrency exchange FTX files for bankruptcy," https://www.npr.org/2022/11/11/1135984033/once-valued-at-more-than-30-billion-crypto-currency-ftx-is-near-bankruptcy (Nov. 11, 2022); Jonathan Ponciano, "*FTX Files For Bankruptcy—Former Billionaire Sam Bankman-Fried Resigns As*

2

proceeding, not only for what will happen to FTX but also for how this bankruptcy will affect the broader crypto investing community[3], including possibly a million creditors.[4] This effects of this bankruptcy will be felt beyond FTX and its creditors.[5]

---

*CEO,*" https://www.forbes.com/sites/jonathanponciano/2022/11/11/ftx-files-for-bankruptcy-former-billionaire-sam-bankman-fried-resigns-as-ceo/?sh=7c60db40231d (Nov. 11, 2022); Rob Wile, "*Crypto giant FTX to file for bankruptcy, CEO Sam Bankman-Fried steps down,*" https://www.nbcnews.com/tech/crypto/crypto-giant-ftx-file-bankruptcy-ceo-sam-bankman-fried-steps-rcna56749 (Nov. 11, 2022)

[3]   *E.g.,* Allison Morrow, "*BlockFi files for bankruptcy as FTX contagion grips crypto markets,*" https://www.cnn.com/2022/11/28/business/blockfi-bankruptcy-ftx-fallout/index.html (Nov. 28, 2022); Laura Kelly, "*Here's the Latest on the FTX Collapse,*" https://www.nytimes.com/article/ftx-bankruptcy-crypto-collapse.html (Nov. 28, 2022); Vildana Hajric, "*Crypto Markets Buckle as FTX Bankruptcy Spurs Search for Casualties,*" https://www.bloomberg.com/news/articles/2022-11-11/crypto-markets-buckle-as-ftx-filing-spurs-search-for-casualties?leadSource=uverify%20wall (Nov. 11, 2022); Jonathan Randles & Soma Biswas, "*DOJ Watchdog Calls for Independent FTX Probe in Bankruptcy,*" https://www.wsj.com/articles/doj-watchdog-calls-for-independent-ftx-probe-in-bankruptcy-11669940711 (Dec. 1, 2022).

[4]   Ernie Sadashige, "*FTX bankruptcy may affect a million creditors*" https://www.foxbusiness.com/markets/ftx-bankruptcy-may-affect-million-creditors (Nov.15, 2022).

[5]   "Robinhood…has seen its stock price take a hit; FTX took a 7.6% stake in the platform earlier this year. Elsewhere, high-profile investors like Sequoia have written down their investments in FTX — worth hundreds of millions of dollars — to zero. The wild gyrations of bitcoin and other digital coins may be a result of forced selling, as FTX and others have had to raise funds to cover withdrawals and margin calls and raise capital." PYMNTS, "*BitPay CEO Says Knock-On Effects of FTX's Collapse Not Yet Clear,*" https://www.pymnts.com/cryptocurrency/2022/bitpay-ceo-knock-on-effects-of-ftxs-collapse-not-yet-clear/ (Nov. 14, 2022).

3. Debtors have been accused of lack of transparency in their business. That mindset appears to have carried over to this bankruptcy, as they have taken the extraordinary step of seeking to keep under seal its list of creditors, a document which, with very few exceptions, has historically been open to the public. Intervenors object to continued sealing.

## **MOTION TO INTERVENE**

4. The Media Intervenors seek to intervene in these proceedings pursuant to Federal Rule of Bankruptcy Procedure 2018(a) ("Rule 2018(a)") for the purpose of vindicating the public's right of access to the sealed and redacted judicial documents filed with the Court in this matter, which should be unsealed and unredacted for the reasons set forth below.

5. Bloomberg LP is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio, streaming video, print and live events.

6. Dow Jones & Company is

7. The New York Times, Inc. is

8. The Financial Times Limited, incorporated in England, is one of the world's leading business news organizations, recognized internationally for the authority, integrity and accuracy of its publications which include the Financial

Times newspaper and FT.com (the "FT"). It is part of the FT Group which, as part of Nikkei Inc., provides a broad range of business information, news and services for the global business community including FT Specialist and a number of services and joint ventures. The FT has a paying readership of 1.2 million, more than one million of which are digital subscribers.

9. Rule 2018(a) permits "any interested entity" to intervene in a bankruptcy matter, either generally or "with respect to any specified matter." Fed. R. Bankr. Proc. 2018(a). Courts have recognized the right of the media (and members of the public generally) to intervene to challenge sealing orders. *E.g., Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 778 (3d Cir. 1994); *In re Alterra Healthcare Corp.,* 353 B.R. 66, 70 (D. Del. 2006)*; In re Peregrine Systems, Inc*., 311 B.R. 679, 687 (D. Del. July 12, 2004).

10. Identity of legal theories is not required when intervenors are not becoming parties to the litigation. There is no need to require a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order. *Pansy*, 23 F.3d at 778 (quoting *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 4774 (9th Cir. 1992); *In re Motions for Access of Garlock Sealing Technologies LLC*, 488 B.R. 281, 294-95 (D. Del. 2013).

11. The news media acts as the eyes and ears of the public, informing the public of issues of the day. This valuable social function is hampered by sealing of

judicial records. As a member of the public, the Media Intervenors suffer an identical injury, and so intervention is proper.

12.     For these reasons, the Court should grant Media Intervenors' request to intervene in these proceedings under Rule 2018(a) to assert the public's right of access to the sealed judicial documents.

### DEBTOR HAS NOT MET ITS BURDEN FOR SEALING RECORDS

13.     In seeking to seal documents, Debtor faces a heavy burden of proof. "Evidence -- not just argument -- is required to support the extraordinary remedy of sealing." *In re Motors Liquidation Company*, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016). *Accord In re Wells Fargo Bank, N.A.*, 2019 WL 642850 at *2 (Bankr. W.D. Pa. Feb. 14, 2019) ("The moving party has the burden of *establishing through evidence* that the information should be protected," italics in original).

14.     Debtor claims that "The Debtors' customer list, and related customer data, is an important and valuable asset of the Debtors and the Debtors maintain their customer list in strict confidence." (Motion ¶13). It also claims that "Public dissemination of the Debtors' customer list could give the Debtors' competitors an unfair advantage to contact and poach those customers and would interfere with the Debtors' ability to sell their assets and maximize value for their estates at the appropriate time." (*Id.* ¶13).

15. However, there is no evidence to support this conclusory statement. *See In re Document Technologies Litigation* 282 F.Supp.3d 743, 747 (S.D.N.Y. 2017) (proponent of sealing has burden of establishing "through competent evidence," that document reveals trade secrets or other confidential business information). An unsworn statement in a motion is not evidence. *In re Valsartan N-Nitrosodimethylamine (NDMA), Losartan, and Irbesartan Products Liability Litigation*, 2020 WL 955059 at *2 (D. N.J. Feb. 27, 2020); *In re Ladevereaux*, 2006 WL 549239 at *3 n.2 (Bankr. D. Mass. Mar. 6, 2006) ("Counsel's statements in this motion are not evidence").

16. A vague statement that disclosure "could" result give competitors an unfair advantage does not satisfy their heavy burden. *Reed v. NBTY, Inc.*, 2014 WL 12284044 at *2 n.3 (C.D. Cal. Nov. 18, 2014) ("The vague contention that competitors could rely on these publicly available documents to support and launch a competing product is insufficient"); *In re Mata*, 2019 WL 10377718 at *3 (Bankr. C.D. Cal. Sept. 20, 2019) ("Defendants repeated assertions that "[p]ublic disclosure of this private commercial information could negatively impact Defendants' competitive standing in the student loan industry" do not appear to satisfy the evidentiary burden imposed on Defendants…").

## REDACTING THE NAMES OF CREDITORS IS INAPPROPRIATE

17.     Initially, the Media Intervenors do not object to sealing the addresses and contact information of the creditors. Nonetheless, absent evidence of a genuine threat to the safety of the creditors, such redaction should not become the norm.

18.     While disclosure of contact information arguably is justified in some circumstances to prevent identity theft and harassment, releasing the names of the creditors neither exposes the creditors to risk of identity theft or personal danger nor creates undue risk of unlawful injury. *In re Celsius Network LLC*, 644 B.R. 276, 291-95 (Bankr. S.D.N.Y. 2022) (authorizing redaction of contact information of customers of a cryptocurrency business but refusing to redact names of those customers).

19.     Redacting the names of the creditors will have far-reaching impact as the case progresses. Will creditors be able to file proofs of claim anonymously? Will there be an anonymous creditors' committee or other ad hoc committee? Will any creditor who wants to file a motion or an adversary proceeding be entitled to do so anonymously? Would preference actions redact the names of defendants who are creditors? This will turn the entire proceeding into a farce, with only the Debtor's name publicly spoken. This would be contrary to Congress's "strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),*

21 F.3d 24, 26 (2d Cir. 1994) (quoted in *In re Alterra Healthcare Corp.*, 353 B.R. at 75).