## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| In re | Chapter 15 |
| FTX DIGITAL MARKETS LTD.,[2] | Case No. 22-11217 (JTD) |
| Debtor in a Foreign Proceeding. | **Objection Deadline: To be determined** <br> **Hearing Date: To be determined** |

### EMERGENCY MOTION OF THE JOINT PROVISIONAL LIQUIDATORS OF FTX DIGITAL MARKETS LTD. (I) FOR RELIEF FROM AUTOMATIC STAY AND (II) TO COMPEL TURNOVER OF ELECTRONIC RECORDS UNDER SECTIONS 542, 1519(A)(3), 1521(A)(7) AND 1522 OF THE BANKRUPTCY CODE

Brian C. Simms KC, Kevin G. Cambridge, and Peter Greaves ("**Joint Provisional Liquidators**"), in their capacity as the duly appointed joint provisional liquidators of FTX Digital Markets Ltd. ("**FTX Digital**" or the "**Company**") and foreign representatives of the Provisional Liquidation (as defined below) of FTX Digital, submit this emergency motion (the "**Motion**") for entry of an order (i) granting the Joint Provisional Liquidators relief from the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy**

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in the Chapter 11 Cases, a complete list of the debtors (the "**U.S. Debtors**") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the U.S. Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] FTX Digital Markets Ltd. (in Provisional Liquidation) was incorporated in the Commonwealth of The Bahamas as an International Business Company, registered number 207269B.

Code") (to the extent applicable and to the extent such relief is necessary) in Case No. 22-11068 (the "**Chapter 11 Cases**") and (ii) requiring the U.S. Debtors to provide the Joint Provisional Liquidators with access to certain electronic records related to FTX Digital's property and financial affairs in FTX Digital's chapter 15 case (Case No. 22-11217 (JTD)) (the "**Chapter 15 Case**") pursuant to sections 542, 1519(a)(3), 1521(a)(7) and 1522 of the Bankruptcy Code.  In support of the Motion, the Joint Provisional Liquidators rely upon and incorporate by reference the *Declaration of Peter Greaves in Support of Emergency Motion of the Joint Provisional Liquidators of FTX Digital Markets Ltd. (I) for Relief from Automatic Stay and (II) to Compel Turnover of Electronic Records Under Sections 542, 1519(a)(3), 1521(a)(7) and 1522 of the Bankruptcy Code* (the "**Greaves Declaration**").

## <u>INTRODUCTION</u>

1.      The Joint Provisional Liquidators have been duly appointed by the Supreme Court of the Bahamas to wind up the affairs of FTX Digital.  As a fundamental part of their court-mandated duties, the Joint Provisional Liquidators urgently require access to certain electronic records related to FTX Digital's property and financial affairs so that they can identify the Company's assets, investigate potential claims and maintain value available to FTX Digital's creditors.  Access to this information, however, was abruptly cut off on or about November 12, 2022, and the U.S. Debtors have the ability to restore it.  Despite some encouraging statements from U.S. Debtors' counsel, no progress has been made in restoring that access, frustrating the ability of the Joint Provisional Liquidators to perform their duties mandated under Bahamian law.  Since the first day hearing, the Joint Provisional Liquidators have engaged with the U.S. Debtors in an attempt to find a mutually agreeable solution, but so far, no access to the systems or other information has been shared.

2.      As discussed below, on or about November 12th, access to FTX Digital's cloud databases (AWS and GCP) was suddenly denied for certain FTX Digital employees, and the Joint Provisional Liquidators have been unable to access the records of the International Platform (defined below).  Without access, there is great risk that FTX Digital will suffer severe financial harm, as the Joint Provisional Liquidators will be unable to promptly identify, locate and protect assets at risk of dissipation.  Moreover, information that is potentially critical to the Joint Provisional Liquidators' investigation may be automatically purged if access is not secured. Accordingly, while the Joint Provisional Liquidators remain hopeful that an agreed solution can be negotiated with the U.S. Debtors, they are compelled to seek the relief sought in this Motion.

3.      Although FTX Digital owns its electronic records (the "**FTX Digital Records**"), access to this property is in the control of the U.S. Debtors, and therefore arguably protected by the automatic stay.  Because the Joint Provisional Liquidators need access to both the FTX Digital Records and other recorded information relating to FTX Digital's property and financial affairs (collectively, with the FTX Digital Records, the "**Recorded Information**") in order to protect the interests of the FTX Digital estate, the Joint Provisional Liquidators, as the foreign representatives of the Bahamian Provisional Liquidation, urgently seek an order from this Court lifting the stay in the Chapter 11 Cases and requiring the U.S. Debtors to provide access to this Recorded Information.

## JURISDICTION

4.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases and this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3

5.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Joint Provisional Liquidators consent to entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6.      Venue of these chapter 11 cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

7.      The statutory predicates for the relief requested herein are 11 U.S.C. § 362(d)(1), 542(a), 542(e), 1519(a)(3), 1521(a)(7) and 1522.

## BACKGROUND

### A.      THE FTX COMPANIES AND INSOLVENCY FILINGS

8.      FTX Digital is an International Business Company incorporated in the Commonwealth of The Bahamas and operating as a digital assets business under the Digital Assets and Registered Exchanges Act, 2020 (the "**DARE Act**") as amended, Statute Laws of The Bahamas.  Greaves Decl. ¶ 2.

9.      On November 10, 2022, the Securities Commission of the Bahamas (the "**Bahamas Securities Commission**") suspended the registration of FTX Digital pursuant to section 19 of the DARE Act.  *Id.* ¶ 6.  On that date, the Bahamas Securities Commission filed a petition (the "**Bahamas Petition**") in the Supreme Court of the Bahamas (the "**Bahamas Court**") seeking the provisional liquidation of FTX Digital.  *Id*.

10.      On November 10, 2022, the Bahamas Court issued an order (the "**Provisional Liquidation Order**") directing that FTX Digital be placed into provisional liquidation (the "**Bahamian Provisional Liquidation**") and appointing Brian C. Simms KC as provisional

AMERICAS 119128946
RLF1 28337119v.1

liquidator.  *Id.* ¶ 7.  On November 14, 2022, the Bahamian Court entered an order appointing Kevin G. Cambridge and Peter Greaves as Joint Provisional Liquidators, along with Brian C. Simms KC.  *Id.*  The Provisional Liquidation Order divests the powers of FTX Digital's directors to act or exercise any functions for or on behalf of FTX Digital unless expressly instructed to do so by the Joint Provisional Liquidators in writing.  *Id.*

11.     On November 11, 2022, FTX Trading Ltd. and 101 other affiliates and subsidiaries which comprise the U.S. Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Case No. 22-11068 commencing the Chapter 11 Cases.

12.     On November 15, 2022, the Joint Provisional Liquidators filed a petition for recognition of a foreign proceeding under chapter 15 in the United States Bankruptcy Court for the Southern District of New York commencing the Chapter 15 Case.  On November 28, this Court entered an agreed order to transfer venue of the Chapter 15 Case to this Court, Case No. 22-11217.

       B.     **FTX DIGITAL'S ELECTRONIC INFORMATION**

13.     Before these bankruptcy proceedings, FTX Digital employees had access to key systems that were related to the services provided by FTX Digital.  Greaves Decl. ¶ 8.  These services were provided through the ftx.com website and its underlying technology platform (collectively known as the "**International Platform**").  *Id.*  The following key systems were used by FTX Digital employees to deliver the services:

          a.   An Amazon Web Services (AWS) cloud account, which was used to set up and run virtual servers, databases and other technology components that hosted the International Platform.

    b. A Google Cloud Portal (GCP) account, which was used to store a copy of

     key database records from the International Platform hosted on AWS.

*Id.*

  14. The International Platform was used by several FTX entities to provide services to customers including both FTX Digital and the U.S. Debtors. *Id.* ¶ 9. The ftx.us platform (the "**US Platform**") was also hosted using the same AWS account – although its virtual servers, databases, and other technology components were logically separate from those of the International Platform. *Id.*

  15. On or about November 12, 2022, access to the Recorded Information of FTX Digital was restricted. *Id.* ¶ 10. The Joint Provisional Liquidators have made many attempts to obtain access. *Id.* The Joint Provisional Liquidators first instructed FTX Digital employees to attempt to gain access, but they were denied. *Id.* After multiple attempts, the Joint Provisional Liquidators engaged their counsel to communicate access requests with the U.S. Debtors' counsel. *Id.*

  16. The Joint Provisional Liquidators understand the U.S. Debtors have the ability to restore FTX Digital's access to this information promptly. *Id.* To perform their court-appointed duties to identify, preserve, and maintain the value of FTX Digital's assets, the Joint Provisional Liquidators urgently require access to the Recorded Information. *Id.* Under the Provisional Liquidation Order, the Joint Provisional Liquidators have the rights and powers of a liquidator to the extent necessary to maintain the value of the assets owned or managed by the Company and to carry out the functions for which they were appointed. *Id.* This includes the power to take possession of, collect and get in the property of the Company, and for that purpose to take all such proceedings as the Joint Provisional Liquidators consider necessary. *Id.* The Joint

AMERICAS 119128946
RLF1 28337119v.1

Provisional Liquidators are also directed pursuant to the Provisional Liquidation Order to take all and any necessary steps to protect the assets of the Company wherever situated, including any assets held in trust by the Company.  *Id*. at ¶ 11.

17.     Prior to the filing of the bankruptcy petitions, FTX Digital's information technology architecture was shared globally with other FTX entities, including the U.S. Debtors. *Id*. ¶ 12.  In particular, there are two key systems with data relevant to FTX Digital – Amazon Web Services ("**AWS**") and Google Cloud Portal ("**GCP**").  AWS hosted the FTX.com trading platform (otherwise known as the international (non-U.S.) platform) and held information such as wallet addresses, customer balances, deposit and withdrawal records, trades, and accounting data.  *Id*.  GCP maintained a copy of the main data tables from AWS for analytics purposes.  *Id*.

18.     There are at least five categories of information that the Joint Provisional Liquidators need urgent access to in order to perform their duties:

- International trading platform data (the trading platform data was run on AWS, with an analytics backup on GCP, as noted above);

- Email records for FTX Digital employees (either those with an @ftxdigitalmarkets.com email address, or other FTX group email addresses of employees that are now fully/partially employed by FTX Digital);

- Slack chat records for FTX Digital employees (Slack was shared across the FTX group, including both FTX Digital and the U.S. Debtors);

- Documents stored on Google Drive (a company share drive); and

- Accounting system (QuickBooks).

*Id*. ¶ 13.

19.     As noted above, the Joint Provisional Liquidators have asked counsel for the U.S. Debtors for access to and cooperation with sharing the Recorded Information.  And this Court expressed its hope at the November 22, 2022 hearing that the parties "will continue and come to

AMERICAS 119128946
RLF1 28337119v.1

a resolution about how to proceed forward with the sharing of information." Case No. 22-11068, Docket No. 142, Nov. 22, 2022 Hearing Transcript at 78:20-23. To that end, the Joint Provisional Liquidators have been and remain willing to explore an information sharing protocol with the U.S. Debtors, though any such protocol would be subject to authorization by the Bahamian Court and it is not certain such relief will be granted. Because time is of the essence, however, and FTX Digital's assets are at risk of dissipation, the Joint Provisional Liquidators have requested the U.S. Debtors to immediately restore access to the Recorded Information. Counsel for the Joint Provisional Liquidators requested access on the date of the first day hearing, then requested a call with counsel for the U.S. Debtors which occurred on December 1, during which counsel for the Joint Provisional Liquidators requested access to the Recorded Information. On December 7, counsel for the Joint Provisional Liquidators sent a written demand to the U.S. Debtors to restore access to the systems containing the Recorded Information by December 8 at 5 PM. A copy of such letter is attached as **Exhibit A**. Counsel for the Joint Provisional Liquidators did not receive a response, but instead received a vague request for a meeting the following week. While the Joint Provisional Liquidators are happy to engage in dialogue with the U.S. Debtors, their refusal to promptly restore access has frustrated the ability of the Joint Provisional Liquidators to carry out their duties under Bahamian law and placed FTX Digital's assets at risk of dissipation. Greaves Decl. ¶ 14. The U.S. Debtors' refusal also creates the risk that critical information will be automatically deleted and irretrievably lost. *Id*.

## RELIEF REQUESTED

20.     The Joint Provisional Liquidators respectfully request that the Court enter an order (the "**Order**") substantially in the form attached as **Exhibit B** hereto (i) providing limited relief from the automatic stay in the Chapter 11 Cases to allow the Joint Provisional Liquidators

8

to seek to compel the U.S. Debtors to provide access to the Recorded Information, (ii) requiring the U.S. Debtors to provide the Joint Provisional Liquidators with access to the Recorded Information and (iii) granting such other and further relief as is just and equitable.

**BASIS FOR RELIEF**

I.    **THE COURT SHOULD GRANT THE JOINT PROVISIONAL LIQUIDATORS RELIEF FROM THE AUTOMATIC STAY**

21.    Section 362(d)(1) provides that upon request of a party in interest and after notice and a hearing, the court may grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay — for cause.  11 U.S.C. § 362(d).  "Cause" is not defined in the Bankruptcy Code.  It is a flexible concept that is fact intensive, and must be determined on a case-by-case basis upon consideration of the totality of the circumstances.  *See In re Scarborough St. James Corp.*, 535 B.R. 60, 67 (Bankr. D. Del. 2015); *see also In re Downey Fin. Corp.*, 428 B.R. 595, 608-09 (Bankr. D. Del. 2010).

22.    In fashioning relief appropriate for the specific facts here, this Court may consider the effect of the stay on the parties.  Courts in this district consider: (i) the hardship to the estate if stay relief is granted; (ii) the hardship to the movant if stay relief is not granted; and (iii) the underlying merits.  *See, e.g.*, *In the Matter of Revenue Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del 1992).  "To establish cause, the party seeking relief from the stay must show that the balance of hardships from not obtaining relief tips significantly in its favor."  *Atl. Marine, Inc. v. American Classic Voyages, Co. (In re American Classic Voyages, Inc.)*, 298 B.R. 222, 225 (D. Del. 2003) (cleaned up).

23.    The Joint Provisional Liquidators' effort to secure access to FTX Digital's own property arguably does not even require relief from stay.  "The automatic stay of 11 U.S.C. § 362(a) protects only the debtor, property of the debtor, and property of the estate.  It does not

9

protect non-debtor parties or their property." *In re Advanced Ribbons and Office Products, Inc.*, 125 B.R. 259, 263 (9th Cir. BAP 1991); *see Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) ("As a general rule, the automatic stay protects only the debtor, property of the debtor or property of the estate. . . . The stay 'does not protect non-debtor parties or their property.'"); *Endover Palisades, LLC v. Stuart (In re Stuart)*, 594 B.R. 834, 842 (Bankr. N.D. Ga. 2018) ("Because an in rem action against non-Debtor and non-estate property does not constitute an attempt to collect on the Judgment from the Debtor personally, it does not implicate the automatic stay of Section 362(a)(1) or (6)"); *Singer Furniture Acq. Corp. v. SSMC Inc.*, 254 B.R. 46, 56 (M.D. Fla. 2000) ("If property is not property of the estate, then the automatic stay does not protect it.").

24.     To the extent some of FTX's records may be located on platforms owned or controlled by the U.S Debtors, there is cause to modify the stay to allow the Joint Provisional Liquidators to seek access to or disclosure of all information relating to FTX Digital's property and financial affairs, and this will promote cooperation with respect to the information sharing that will be essential as the Chapter 15 Case proceeds. *See In re St. Clair*, 2011 Bankr. LEXIS 5166, at *23 (Bankr. D.N.J. Dec. 29, 2011) (granting relief from stay to allow party to pursue rights as to his property and noting that "[t]he automatic stay serves only to protect property in which either the debtor or the estate has an interest."); *In re W.L. Bradley Co.*, 75 B.R. 505, 513 (Bankr. E.D. Pa. 1987) (granting relief from automatic stay to allow party to recover its property from the estate).

25.     Here, balancing of the relative hardships weigh strongly in favor of lifting the stay.  The Joint Provisional Liquidators urgently need to access the Recorded Information to carry out their fundamental and essential obligations to identify all the FTX Digital's assets and

potential claims and maintain value for all FTX Digital's creditors.  Without access to this information, the Joint Provisional Liquidators will be unable to perform their court-mandated duties, which presents the risk that the Joint Provisional Liquidators will be unable to identify, locate, and protect assets at risk of dissipation.  Moreover, unless the Joint Provisional Liquidators are able to secure access to the Recorded Information, there is a risk that critical information will be automatically deleted and forever lost.

26.    The U.S. Debtors will suffer no harm or hardship if this relief is granted.  The Joint Provisional Liquidators ask only that the U.S. Debtors be required to *share* the Recorded Information.  This will not prevent the U.S. Debtors from continuing to access the same information.

27.    Finally, there is no dispute that the Joint Provisional Liquidators are authorized to act on behalf of FTX Digital, and under the Bankruptcy Code, FTX Digital is entitled to obtain its own books and records under sections 542(a) and 542(e) of the Bankruptcy Code.  *See In re Markus*, 610 B.R. 64, 84 (Bankr. S.D.N.Y. 2019) ("Section 1521(a)(7) authorizes the court to grant to the foreign representative the sort of relief that might be available to a trustee appointed in a full bankruptcy case, including the turnover [under § 542] of property belonging to the debtor.") (internal quotations omitted).

28.    Accordingly, sufficient cause exists for lifting the automatic stay.

## II.    THE COURT SHOULD REQUIRE THE U.S. DEBTORS TO PROVIDE THE JOINT PROVISIONAL LIQUIDATORS WITH ACCESS TO THE RECORDED INFORMATION

29.    The Bankruptcy Code allows this Court to order the U.S. Debtors to provide the Joint Provisional Liquidators with access to the Recorded Information.  Section 1519(a)(3) provides that "[f]rom the time of filing a petition for recognition until the court rules on the

petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including . . . (3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a)." Section 1521(a)(7) provides that "(a) [u]pon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including . . . (7) granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a)."

30.    In addition, Section 542(a) provides that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property." 11 U.S.C. § 542(a).

31.    Section 542(e) of the Bankruptcy Code provides that "[s]ubject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." 11 U.S.C. § 542(e).

32.    Courts have found that section 1521(a)(7) "authorizes the court to grant to the foreign representative the sort of relief that might be available to a trustee appointed in a full bankruptcy case," including the turnover of property belonging to the debtor. *In re Inversora Eléctrica de Buenos Aires S.A.*, 560 B.R. 650, 655 (Bankr. S.D.N.Y. 2016); *see also In re AJW Offshore, Ltd.*, 488 B.R. 551, 562 (Bankr. E.D.N.Y. 2013) ("Chapter 15 does not have a specific

provision authorizing turnover under § 542 or § 543, but does have the general incorporation of powers available to a trustee under § 1521(a)(7), subject to the protection of affected interests under § 1522."); *see also In re ABC Learning Centers Ltd.*, 445 B.R. 318, 341 (Bankr. D. Del. 2010), *aff'd*, 728 F.3d 301 (3d Cir. 2013) (recognizing foreign main proceeding, and without further discussion, ordering right to use of sections 542 and 543 turnover provisions).

33.     Section 1522(a) ensures that the interests of creditors and interested parties, including the debtor, are "sufficiently protected," to impose conditions on any discretionary relief, including turnover under section 1521(a), and to modify or terminate discretionary relief. *See* 11 U.S.C. § 1522(a); *see also In re Int'l Banking Corp. B.S.C.*, 439 B.R. 614, 626 (Bankr. S.D.N.Y. 2010) ("The idea underlying [§ 1522] is that there should be a balance between relief that may be granted to the foreign representative and the interests of the persons that may be affected by such relief.")

34.     As noted above, the Joint Provisional Liquidators urgently require access to the Recorded Information to carry out their fundamental and essential obligations to identify all the debtor's assets and potential claims against third parties and maintain value for all of FTX Digital's creditors.  Without access to such information, the Joint Provisional Liquidators will be unable to perform their court-mandated duties to the detriment of all stakeholders in FTX Digital, as the Joint Provisional Liquidators will be unable to identify, locate and protect assets at risk of dissipation.  Moreover, unless the Joint Provisional Liquidators are able to secure access to the Recorded Information, there is a risk that critical information will be automatically deleted and forever lost.

35.     The Joint Provisional Liquidators are entitled to the Recorded Information under both section 542(a) and 542(e) of the Bankruptcy Code, as the Recorded Information includes

FTX Digital Records that are the property of FTX Digital, and the Record Information contains books and records of FTX Digital. Meanwhile, there is a limited burden, if any, to the U.S. Debtors for sharing the Recorded Information. Again, the U.S. Debtors would be required to *share* access to the Recorded Information. This will not prevent the U.S. Debtors from continuing to access the same information. And there is no dispute that the Joint Provisional Liquidators are authorized to act on behalf of FTX Digital, and FTX Digital is entitled under the Bankruptcy Code to obtain its books and records from third parties. *See In re Markus*, 610 B.R. 64, 84 (Bankr. S.D.N.Y. 2019) ("Section 1521(a)(7) authorizes the court to grant to the foreign representative the sort of relief that might be available to a trustee appointed in a full bankruptcy case, including the turnover [under § 542] of property belonging to the debtor.") (internal quotations omitted).

36.     Accordingly, the Court should require the U.S. Debtors to provide the Joint Provisional Liquidators with access to the Recorded Information as soon as possible.

## NOTICE

37.     The Joint Provisional Liquidators will provide notice of this Motion to: (i) counsel to the U.S. Debtors; (ii) Office of the United States Trustee for the District of Delaware; (iii) and all parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002 and Local Rule 4001-1(a). The Joint Provisional Liquidators submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR MOTION

38.     The Joint Provisional Liquidators have not made any prior motion for the relief sought in this Motion to this Court or any other.

AMERICAS 119128946
RLF1 28337119v.1

## **CONCLUSION**

39.    WHEREFORE, for the reasons stated above, the Joint Provisional Liquidators respectfully request that the Court (i) enter the Order, substantially in the form attached hereto as **Exhibit B**, and (ii) grant such other and further relief as is just and equitable.

AMERICAS 119128946
RLF1 28337119v.1

Dated: December 9, 2022

*/s/ Brendan J. Schlauch*
**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Paul N. Heath (Bar No. 3704)
Brendan J. Schlauch (Bar No. 6115)
David T. Queroli (Bar No. 6318)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
gross@rlf.com
heath@rlf.com
schlauch@rlf.com
queroli@rlf.com

—and—

**WHITE & CASE LLP**

Jessica C. Lauria (admitted *pro hac vice*)
J. Christopher Shore (admitted *pro hac vice*)
Brian D. Pfeiffer (admitted *pro hac vice*)
Mark Franke (admitted *pro hac vice*)
Brett L. Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 819-8200
jessica.lauria@whitecase.com
cshore@whitecase.com
brian.pfeiffer@whitecase.com
mark.franke@whitecase.com
brett.bakemeyer@whitecase.com

Thomas E Lauria (admitted *pro hac vice*)
Richard S. Kebrdle (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:    (305) 371-2700
tlauria@whitecase.com
rkebrdle@whitecase.com

*Attorneys for the Joint Provisional*
*Liquidators of FTX Digital Markets Ltd. (In*
*Provisional Liquidation)*