# Exhibit F



125 Broad Street
FTX Mail Room, 32ⁿᵈ Floor
New York, NY 10004
www.ftx.com

December 1, 2022

The Honorable Philip Davis KC, MP
Office of the Prime Minister
Commonwealth of the Bahamas

The Honorable Ryan Pinder KC
Office of the Attorney General
Commonwealth of the Bahamas

Re:  The FTX Global Debtors

Dear Prime Minister Davis and Attorney General Pinder:

I write to follow up on your communications with Peter Maynard, Bahamas counsel to the FTX Global Debtors.[1]

Dr. Maynard has informed me that you are amenable to an in person meeting in Nassau on December 5, 2022 and that representatives of Antigua and Barbuda have expressed to you an interest in attending that meeting.

The FTX Global Debtors remain interested in meeting to discuss areas where cooperation would be mutually beneficial. We have said the same to new counsel for the JPL, with whom we understand you are working very closely. We are pleased with the constructive posture of new counsel to the JPL (whom we spoke to this morning) and are ready to work with them to maximize global recoveries for all customers and stakeholders.

However, in light of certain comments by Attorney General Pinder in his address to the Commonwealth of The Bahamas on November 27, 2022 (the "FTX Speech") and new information that has just come to light, the FTX Global Debtors require certain information before a meeting with Prime Minister Davis will be worthwhile. Perhaps, as a first step, it makes sense for attorneys from Sullivan & Cromwell to meet with Attorney General Pinder and counsel for the Securities Commission of The Bahamas (the "Commission")[2] to identify areas of agreement and disagreement before convening a meeting that involves myself and Prime Minister Davis.

In the FTX Speech, Attorney General Pinder echoed statements made by the Commission in their press release dated November 23, 2022 (the "November 23 Press Release"). In particular, both Attorney General Pinder and the Commission in the November 23 Press Release made statements indicating that the attorneys representing the FTX Global Debtors and I misrepresented certain actions of the Commission, made inaccurate allegations

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed in my letter to you dated November 27, 2022 (the "November 27 Letter").

[2]    I understand that the Commission has hired the U.S. law firm Brown Rudnick LLP.



125 Broad Street
FTX Mail Room, 32ⁿᵈ Floor
New York, NY 10004
www.ftx.com

and generally made intemperate statements concerning the actions of the Commission and the request made by the joint provisional liquidators of FTX Digital Markets (the "<u>JPLs</u>") for recognition under chapter 15 of the Bankruptcy Code ("<u>Chapter 15</u>") of the provisional liquidation in The Bahamas of FTX Digital Markets before the United States Bankruptcy Court for the Southern District of New York (the "<u>SDNY Bankruptcy Court</u>").[3]   Attorney General Pinder also alleged in the FTX Speech that the "prospect of multi-million dollar legal and consultant fees is driving both the legal strategy and the intemperate statements."

I respectfully disagree with these statements.  The FTX Global Debtors possess information that indicates that the Commission was involved in directing others to access the computer systems of the FTX Global Debtors on or around November 12, 2022, that digital assets were transferred, that tokens were minted and that such actions were taken (or facilitated) by Messrs. Bankman-Fried and Wang, perhaps among others, at the express direction of the Commission and Ms. Christina Rolle, Executive Director of the Commission. We also understand that either or both of the JPLs and the Commission have been requesting and continue to request that former FTX employees ask the FTX Debtors for computer credentials to access systems of the FTX Global Debtors.  To the extent that you believe that the FTX Global Debtors or I do not have accurate information as to these events, please tell us what actions were taken, by whom, when and for what purpose.  We want nothing more than to have an accurate record of what has occurred.

The JPLs and the Commission have been on notice of the existence of the Chapter 11 Proceedings and the automatic stay.  Unfortunately, to date, the FTX Global Debtors have received no description of any actions taken by or at the direction of the JPLs, the Commission or another instrumentality of the Bahamian government.  To date, the FTX Global Debtors have received no notice of any relief sought from the Supreme Court of The Bahamas, and apart from the limited documents attached to the Chapter 15 petition, have received no copy of any pleading filed with, or order issued by, the Supreme Court of The Bahamas from the JPLs, the Commission or any other instrumentality of the Bahamian government.  We understand from Bahamian counsel that no documents in the FTX Digital Markets file are available to the public.  We respectfully request that the entirety of that file, including without limitation all materials filed in support of the Orders entered to date, whether or not filed under seal, and any written summaries of any oral rulings be provided to the FTX Global Debtors immediately.  The FTX Global Debtors agree to keep such materials strictly confidential unless or until they are made public.

---

[3]   It appears that the statements with which Attorney General Pinder and the Commission take issue are located at paragraphs 5, 6, 7 and 8 of the motion filed on November 17, 2022 by the FTX Global Debtors to transfer the Chapter 15 petition from the SDNY Bankruptcy Court to the Delaware Bankruptcy Court.  These statements were made based on the best information available at the time to the FTX Global Debtors.  That information today remains the best available to the FTX Global Debtors.  Notably, no information clarifying the actions that have been taken (or are being taken) by or at the direction of the Commission in respect of digital assets that are or may be property of the FTX Global Debtors has been provided to the FTX Global Debtors by the JPLs, the Commission or any other instrumentality of the Bahamian government despite multiple requests. Please refer to **Schedule A** attached hereto setting out what the FTX Global Debtors understand to be the facts in the current situation.



125 Broad Street
FTX Mail Room, 32ⁿᵈ Floor
New York, NY 10004
www.ftx.com

As I stated in my letter to you of November 27, 2022, I believe that an opportunity exists for the FTX Global Debtors, the JPLs, the Commission and the Bahamian government in general, to work cooperatively. Such cooperation could include, among other things, having Bahamian representatives participate in the Chapter 11 Proceedings.

Like the JPLs, the FTX Global Debtors act as fiduciaries under court supervision. The FTX Global Debtors have a duty to identify, secure and protect the assets of the FTX Global Debtors wherever located. The Chapter 11 Proceedings are open and transparent by their nature, with a public docket and noticed public hearings. As we have noted repeatedly, the FTX Global Debtors are prepared to negotiate a cross-border protocol – one that provides for transparency and reciprocity – that will allow us to move forward collectively for the benefit of the creditors of both the FTX Global Debtors and FTX Digital Markets.

Very truly yours,

John J. Ray III



125 Broad Street
FTX Mail Room, 32ⁿᵈ Floor
New York, NY 10004
www.ftx.com

## Schedule A

On the evening of November 11, 2022, the FTX Global Debtors were in the process of securing their digital assets when it became clear that the computer systems of the FTX Global Debtors controlling their digital wallets began to be accessed by one or more actors unknown to the FTX Global Debtors. The FTX Global Debtors and their advisors worked through the night into the early morning hours of November 12, 2022 to block such access and move digital assets to secure cold wallets. Also, on Saturday, November 12, 2022, the FTX Global Debtors observed the minting of new tokens. During this period – and subsequently – information emerged that the computer systems of the FTX Global Debtors were accessed from at least two sources. One source continues to be unknown. A second source, based on information collected by the FTX Global Debtors, points to an instrumentality of the government of The Bahamas, which appears to have been the Commission and/or individuals acting at the direction of the Commission. That information indicates that Messrs. Wang and Bankman-Fried, perhaps among others, assisted the Commission in this exercise and did so at the direction of the Commission, including at the direction of Ms. Rolle. The FTX Global Debtors believe this information to be credible.

As this information became known to Mr. Ray, he instructed Sullivan & Cromwell to write a letter to Ms. Rolle and Mr. Brian Simms, at the time the sole provisional liquidator, informing each of the Chapter 11 Proceedings and the existence of the automatic stay of Section 362(a) of the United States Bankruptcy Code. That letter, attached as Exhibit A hereto, was sent to Ms. Rolle and Mr. Simms on Sunday, November 13, 2022. No response to the letter has been received.

On Tuesday, November 15, 2002, attorneys with Sullivan & Cromwell had a zoom call with attorneys from Holland & Knight, then counsel to the JPLs. On that call, the Sullivan & Cromwell attorneys asked Holland & Knight whether the JPLs or an instrumentality of The Bahamas government was involved with accessing the computer systems of the FTX Global Debtors. The attorneys from Holland & Knight did not answer that question, but rather deferred and noted that they would consult with the JPLs and revert. On that call no mention was made of any intention of the JPLs to file a petition for recognition under Chapter 15.

On the morning of Wednesday, November 16, 2002, the JPLs filed their Chapter 15 petition with the SDNY Bankruptcy Court supported by declarations that included erroneous statements as to the size and substance of the business of FTX Digital Markets and made unsupported allegations as to the legitimacy of the Chapter 11 Proceedings. The SDNY Bankruptcy Court scheduled a status conference to take place on Thursday, November 17, 2022 at 11:00 a.m., to a consider the timing for the relief sought by the JPLs.

During the course of Wednesday, November 16, 2002, attorneys from Sullivan & Cromwell and from Holland & Knight exchanged several emails and a letter on a number of issues, including about whether or not the JPLs or Bahamian authorities were responsible accessing digital assets of the FTX Global Debtors. Throughout the correspondence, Mr. Gluck from Holland & Knight refused to answer direct questions about whether the JPLs or



125 Broad Street
FTX Mail Room, 32nd Floor
New York, NY 10004
www.ftx.com

Bahamian authorities were involved in accessing the computer systems of the FTX Global Debtors and/or taking control of digital assets. A copy of this correspondence is attached as Exhibit B.

On the morning of Thursday, November 17, 2022, the FTX Global Debtors filed the Motion to Transfer before the Delaware Bankruptcy Court. At the status conference before the SDNY Bankruptcy Court, attorneys from Sullivan & Cromwell asked the SDNY Bankruptcy Court to refrain from ruling on the requests from the JPLs until the Delaware Bankruptcy Court had an opportunity to consider the Motion to Transfer. The SDNY Bankruptcy Court agreed to defer consideration until the Delaware Bankruptcy Court had an opportunity to consider the issue. The Delaware Bankruptcy Court subsequently scheduled a hearing on the Motion to Transfer for Tuesday, November 22, 2022 at 11:00 am. At the status conference, even though the issues were not before the SDNY Bankruptcy Court, an attorney from Holland & Knight repeated the erroneous statements and unsupported allegations that were contained in the JPLs' Chapter 15 pleadings. The attorneys from Sullivan & Cromwell did not respond to such statements and allegations.

On Thursday, November 17, 2022, the Commission issued a press release (the "November 17 Press Release") that disclosed for the first time that on November 12, 2022, the Commission "took the action of directing the transfer of all digital assets of [FTX Digital Markets] to a digital wallet controlled by the Commission, for safekeeping." This was the first statement, public or otherwise, that the Commission took action with respect to digital assets on November 12, 2022. The November 17 Press Release stated that the Commission was acting under the authority of an Order made by the Supreme Court of The Bahamas. No detail was given as to when that order was entered. No detail was given as to what assets were transferred or how they were transferred. No non-public communication on this issue was received by the FTX Global Debtors.

On Monday, November 21, 2002, the Commission issued a press release (the "November 21 Press Release") announcing that the Commission had obtained on that date an Order from the Supreme Court of The Bahamas authorizing the indemnification and reimbursement of expenses incurred by the Commission in connection with regulatory action taken to safeguard the digital assets of FTX Digital Markets. The press release noted that the regulatory action was taken on November 12, 2022, "under the authority of an Order of the Supreme Court of The Bahamas." No detail was given as to when that order was entered. No detail was given as to what assets were transferred or how they were transferred. No non-public communication on this issue was received by the FTX Global Debtors.

On Wednesday, November 23, 2022, the Commission issued a press release (the "November 23 Press Release") to respond to certain remarks in the Motion to Transfer. The Commission noted that "given the nature of digital assets, and the risks associated with hacking and compromise, the Commission determined that placing [FTX Digital Markets] into liquidation was not sufficient to protect the customers and creditors of [FTX Digital Markets]. Accordingly, on 12 November 2022, the Commission sought an additional Order (the "November 12 Order") from the Supreme Court of The Bahamas for authority under the DARE Act to transfer all digital assets of FTX into digital wallets under the exclusive control



125 Broad Street
FTX Mail Room, 32ⁿᵈ Floor
New York, NY 10004
www.ftx.com

of the Commission for the benefit of clients and creditors of [FTX Digital Markets]." This was the first statement, public or otherwise, that the Commission sought and obtained an Order from the Supreme Court of The Bahamas on Saturday, November 12, 2022, for the transfer of digital assets of "FTX" to digital wallets under the control of the Commission. We presume this is the same order referred to without detail in the November 17 Press Release and the November 21 Press Release. The FTX Global Debtors did not receive (a) notice that the Commission was seeking entry of the November 12 Order, (b) an opportunity to be heard in respect of the November 12 Order, (c) a copy of the pleadings filed by the Commission in support of the application for the November 12 Order, or (d) a copy of the November 12 Order itself. No detail was given as to what assets were transferred, how they were transferred or why the reference to assets is a reference to FTX assets rather than FTX Digital Markets assets. No non-public communication on any of these issues was received by the FTX Global Debtors.

The November 23 Press Release also stated "[i]t is unfortunate that in Chapter 11 filings, the new CEO of FTX Trading Ltd. misrepresented this timely action through the intemperate and inaccurate allegations lodged in the Transfer Motion. It is also concerning that the Chapter 11 debtors chose to rely on the statements of individuals they have (in other filings) characterized as unreliable sources of information and potentially "seriously compromised."

In the FTX Speech, Attorney General Pinder reiterated the statements from the November 23 Press Release. Among other things, he repeated the statement that on November 12, 2022, "the Commission sought an additional Order from the Supreme Court of The Bahamas for authority under the DARE Act to transfer *all digital assets of FTX* into digital wallets under the exclusive control of the Commission for the benefit of clients and creditors of FDM." (emphasis added). He also stated "[i]t is unfortunate that in Chapter 11 filings, the new CEO of FTX Trading Ltd. misrepresented this timely action through the intemperate and inaccurate allegations lodged in the Transfer Motion. It is also concerning that the Chapter 11 debtors chose to rely on statements of individuals they have (in other filings) characterized as unreliable sources of information and seriously compromised."

Subsequent to the FTX Speech, the FTX Global Debtors obtained a written description of the November 12 Order, which we understand to have been delivered orally by the Supreme Court of The Bahamas and titled "Notice of Directive and Order of November 12," showing that the Commission directed – after the filing of the bankruptcy cases – officers of the FTX Global Debtors with whom the Commission has conducted interviews to transfer property that appears to be property of the FTX Global Debtors' estate to accounts maintained by the Commission in violation of the automatic stay. In particular, the November 12 Order purports to relate to "all of the digital assets on the FTX.com platform" regardless of whether such assets are the property of FTX Global Markets. Any transfer of assets of the FTX Global Debtors to accounts maintained by the Commission on or after November 11, 2022, constitute a violation of the automatic stay.

# Exhibit A

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 13, 2022

Via Courier and E-Mail

The Securities Commission of The Bahamas
    Poinciana House
        North Building, 2nd Floor 31A
           East Bay Street
              P.O. Box N-8347
                Nassau, The Bahamas
                   info@scb.gov.bs

Mr. Brian Simms, K.C.
    Provisional Liquidator of FTX Digital Markets Ltd.
    3 Bayside Executive Park
        West Bay Street & Blake Road
        PO Box N-4875
           Nassau, The Bahamas
             bsimms@lennoxpaton.com

        Re:    <u>Automatic Stay of Actions and Proceedings against FTX Trading Ltd. and
               its Affiliated Debtors as a Result of the Commencement of U.S. Chapter
               11 Proceedings</u>

Ladies and Gentlemen:

        We write on behalf of FTX Trading Ltd. and its affiliates listed in the exhibit
hereto (collectively, "<u>FTX Debtor Entities</u>") in our capacity as their proposed U.S. legal counsel.
As we believe you are aware, on November 11, 2022, the FTX Debtor Entities filed voluntary
petitions for relief under Chapter 11, Title 11 of the United States Code (the "<u>Bankruptcy
Code</u>"), commencing proceedings before the United States Bankruptcy Court for the District of
Delaware (such Court, the "<u>Bankruptcy Court</u>" and such proceedings, collectively, the "<u>Chapter
11 Proceedings</u>").[1]

---

[1]    *See FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.), D.I. 1.  It is expected that the
Chapter 11 Proceedings will be jointly administered for procedural purposes only.  As a result, all

As a result of the commencement of the Chapter 11 Proceedings, the FTX Debtor Entities are protected by the automatic stay of Section 362 of the Bankruptcy Code. 11 U.S.C. § 362. The automatic stay enjoins all persons, including without limit, all U.S. and non-U.S. governmental units, from, among other things: (1) commencing or continuing any judicial, administrative, or other action or proceeding against any FTX Debtor Entity that was or could have been initiated before the commencement of the Chapter 11 Proceedings; (2) enforcing, against any FTX Debtor Entity, a judgment obtained before the commencement of the Chapter 11 Proceedings; (3) taking any action to obtain possession of, or exercise control over, property of any FTX Debtor Entity, where property is expansively defined under Section 541 of the Bankruptcy Code to include, among other things, tangible and intangible assets (11 U.S.C. § 541); (4) taking any action to create, perfect, or enforce against property of any FTX Debtor Entities any lien to the extent that such lien secures a claim that arose before the commencement of the Chapter 11 Proceedings; and (5) taking any action to collect, assess, or recover a claim against any FTX Debtor Entity that arose before the commencement of Chapter 11 Proceedings.

Please be advised that the protections under the automatic stay apply extraterritorially (*i.e.*, outside the United States), extending to property of the FTX Debtor Entities wherever they are located and by whomever held. *See, e.g., Hong Kong & Shanghai Banking Corp., Ltd.* v. *Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998) ("Congress intended extraterritorial application of the Bankruptcy Code as it applies to property of the estate"); *SIPC* v. *Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Secs. LLC)*, 474 B.R. 76, 84 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Nakash* v. *Zur (In re Nakash)*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("[B]ased upon the applicable Code sections [and] other indicia of congressional intent, . . . the automatic stay applies extraterritorially"). As such, these protections extend to any property of the FTX Debtor Entities located in the Bahamas.

Violations of the automatic stay can result in damages, sanctions and penalties, which will be sought as and when necessary. If you have any questions, including with respect to the legal positions that the FTX Debtor Entities might assert in the Chapter 11 Proceedings with respect to the automatic stay protection, you may direct them to the undersigned by email at bromleyj@sullcrom.com or gluecksteinb@sullcrom.com.

Sincerely,

*/s/ James L. Bromley*
James L. Bromley

*/s/ Brian D. Glueckstein*
Brian D. Glueckstein

cc:    John J. Ray III
       (FTX Trading Ltd.)

---

pleadings and papers will be filed in the docket of the above-captioned case and such docket should be consulted for all matters affecting the Chapter 11 Proceedings.

**Exhibit**

**List of Debtors-in-Possession in U.S. Chapter 11 Proceedings**

1. Alameda Aus Pty Ltd
2. Alameda Global Services Ltd.
3. Alameda Research (Bahamas) Ltd
4. Alameda Research Holdings Inc.
5. Alameda Research KK
6. Alameda Research LLC
7. Alameda Research Ltd
8. Alameda Research Pte Ltd
9. Alameda Research Yankari Ltd
10. Alameda TR Ltd
11. Alameda TR Systems S. de R. L.
12. Allston Way Ltd
13. Analisya Pte Ltd
14. Atlantis Technology Ltd.
15. Bancroft Way Ltd
16. Blockfolio, Inc.
17. Blue Ridge Ltd
18. Cardinal Ventures Ltd
19. Cedar Bay Ltd
20. Cedar Grove Technology Services, Ltd
21. Clifton Bay Investments LLC
22. Clifton Bay Investments Ltd
23. Cottonwood Grove Ltd
24. Cottonwood Technologies Ltd.
25. Crypto Bahamas LLC
26. DAAG Trading, DMCC
27. Deck Technologies Holdings LLC
28. Deck Technologies Inc.
29. Deep Creek Ltd
30. Digital Custody Inc.
31. Euclid Way Ltd
32. FTX (Gibraltar) Ltd
33. FTX Canada Inc
34. FTX Certificates GmbH
35. FTX Crypto Services Ltd.
36. FTX Digital Assets LLC
37. FTX Digital Holdings (Singapore) Pte Ltd
38. FTX EMEA Ltd.
39. FTX Equity Record Holdings Ltd
40. FTX EU Ltd.
41. FTX Europe AG
42. FTX Exchange FZE
43. FTX Hong Kong Ltd
44. FTX Japan Holdings K.K.
45. FTX Japan K.K.
46. FTX Japan Services KK
47. FTX Lend Inc.
48. FTX Marketplace, Inc.
49. FTX Products (Singapore) Pte Ltd
50. FTX Property Holdings Ltd
51. FTX Services Solutions Ltd.
52. FTX Structured Products AG
53. FTX Switzerland GmbH
54. FTX Trading GmbH
55. FTX Trading Ltd.
56. FTX Turkey Teknoloji Ve Ticaret Anonim Şirket
57. FTX US Services, Inc.
58. FTX US Trading, Inc.
59. FTX Ventures Ltd
60. FTX Zuma Ltd
61. GG Trading Terminal Ltd
62. Global Compass Dynamics Ltd.
63. Good Luck Games, LLC
64. Goodman Investments Ltd.
65. Hannam Group Inc
66. Hawaii Digital Assets Inc.
67. Hilltop Technology Services LLC
68. Hive Empire Trading Pty Ltd
69. Innovatia Ltd
70. Island Bay Ventures Inc
71. Killarney Lake Investments Ltd
72. Ledger Holdings Inc.
73. Ledger Prime LLC
74. LedgerPrime Bitcoin Yield Enhancement Fund, LLC
75. LedgerPrime Bitcoin Yield Enhancement Master Fund LP
76. LedgerPrime Digital Asset Opportunities Fund, LLC
77. LedgerPrime Digital Asset Opportunities Master Fund LP
78. LedgerPrime Ventures, LP
79. Liquid Financial USA Inc.
80. Liquid Securities Singapore Pte Ltd
81. LiquidEX LLC
82. LT Baskets Ltd.
83. Maclaurin Investments Ltd.
84. Mangrove Cay Ltd
85. North Dimension Inc
86. North Dimension Ltd
87. North Wireless Dimension Inc
88. Paper Bird Inc
89. Pioneer Street Inc.
90. Quoine India Pte Ltd
91. Quoine Pte Ltd
92. Quoine Vietnam Co. Ltd
93. SNG Investments Yatirim Ve Danişmanlik Anonim Şirketi
94. Strategy Ark Collective Ltd.
95. Technology Services Bahamas Limited
96. Verdant Canyon Capital LLC
97. West Innovative Barista Ltd.
98. West Realm Shires Financial Services Inc.
99. West Realm Shires Services Inc.
100. Western Concord Enterprises Ltd.
101. Zubr Exchange Ltd

# Exhibit B

Brown, Liliana M.

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 9:50 AM |
| **To:** | Bromley, James L.; Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com |
| **Cc:** | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com |
| **Subject:** | [EXTERNAL] R408 Without Prejudice |
| **Attachments:** | 22-11516-None-2022-11-15-DN0001-_Chapter_15_Petition_for.pdf; 22-11516-None-2022-11-15-DN0004-_Motion_to_Approve_Order.pdf; 22-11516-None-2022-11-15-DN0005-_Declaration_Sophia_T._RolleKapousouzoglou.pdf; 22-11516-None-2022-11-15-DN0003-_Motion_to_Approve_Order.pdf; 22-11516-None-2022-11-15-DN0002-_Declaration_of_Brian_Cecil.pdf |

Subject to FRE 408
WITHOUT PREJUDICE SETTLEMENT COMMUNICATION

Gentlemen – thank you for taking the time to speak with us yesterday. We look forward to constructive cooperation with you and the impressive team you have assembled. We copy Mr. Lawson and Mr. Kennedy given our clients' views regarding the importance of having a strong and trusted perspective regarding Offshore Insolvencies within our channels of discussion. We believe and acknowledge that the United States creditors and customers have important interests that are worthy of protection, and it is likely that the United States will play an important role from a regulatory and investigation perspective.

We look forward to receiving and discussing protocols for cooperation with you. We believe that everyone will benefit if core information is shared and logistical, operational and plans are discussed in advance. Please note that courtesy copies of the as-filed Chapter 15 petition of the Provisional Liquidators are attached. We understood from our conversation that you will similarly provide courtesy copies of filings contemporaneously on a go-forward basis.

All that said, we believe it is important for us to we relay the JPLs' current thinking on certain of the central matters from which we intend productive discussions to commence. To that end, we are sympathetic to the concept that at one time, the notion of initiating a global Chapter 11 may have seemed plausible – even if some reasonable minds might have differed as to its propriety. However, once the government of the Bahamas had instituted insolvency proceedings in the FTX center of main interests, any action by the former governance to invoke Chapter 11 as to all global entities was, at best, a superfluous distraction -- destined only to foster confusion to the detriment of the creditor constituencies. At worst, it was an unauthorized and *ultra vires* act, in contravention of applicable Bahamian Law and jurisdiction that should not be given force or effect. Accordingly, the Joint Provisional Liquidators would request an explanation in writing as to how and why the chapter 11 filings were properly authorized and not otherwise in violation of the Bahamian stay and Bahamian Court order.

Shortly, we will distribute courtesy copies of the as-filed 1519 Provisional Relief Application. You will find that this first iteration of our 1519 application is narrowly drafted from both a factual exposition and relief standpoint to give you and us more time to work towards an amicable arrangement.

We ask that you ask yourselves this: 18 hours from now, 180 days from now, 1800 days from now -- with the benefit of hindsight – would you do it like this again? If you were aware of the multi-national, a-typical police power and regulatory bent to this insolvency (and relevant stay-exceptions calmly), would a 4:30AM purported power transfer be pursued? Would you seek the hasty execution of 11-figure documents by a 30-year-old under duress, , who was simultaneously admitting to criminal fraud to the highest levels of a foreign sovereign where the company's never center, all of its former management and hundreds of employees reside? Would you file one-page Chapter 11s with what will (now) likely be a material delay prior to any "first day" filings?

In short, we ask that your impressive constituency of crisis managers consider a cooperative course correction. This case is not Lehman or Buddy Fletcher, it is not T-Bills and it is not Madoff. This is a Paradise-Island not Manhattan-Island saga. The JPLs are prepared to discuss an appropriate process for managing the orderly administration of the United States incorporated entities, management of United States regulatory and law enforcement, and recovery to United States customers and creditors.

And, in that spirit, as you and we develop and better understand the facts underlying these matters, we anticipate that you will want to revisit certain of the inaccurate factual narratives that appear to be emanating from the US Debtors -- particularly as pertaining to the security, stability and safeguarding of the Bahaman digital assets, as compared to "hacking." Inaccurate speculation and hyperbole can only further distress a creditor constituency that has already endured a great deal of consternation, while at the same time, it is certain that the US authorities know the truth and are perplexed.

We suggest a zoom meeting in 36 hours – Thursday afternoon – to enable orderly and strategic reflection. Note we have not included the principals on this communication for obvious reasons, but we would be happy for Messers. Simms, Cambridge, Greaves, John Ray III and Farnan Jr. to be copied on your reply.


**Warren Gluck | Holland & Knight**
Partner
Holland & Knight LLP
31 West 52nd Street | New York, New York 10019
Phone 212.513.3396 | Fax 212.341.7152
warren.gluck@hklaw.com | www.hklaw.com [hklaw.com]

Add to address book [hklaw.com] | View professional biography [hklaw.com]

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

**\*\*This is an external message from: Warren.Gluck@hklaw.com \*\***

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 16, 2022

Warren Gluck, Esq.,
    Holland & Knight LLP,
        31 West 52nd Street,
            New York, NY 10019.
                warren.gluck@hklaw.com

Re:    FTX Digital Markets Ltd.

Dear Warren:

I write in response to your email to us of this morning.

First, while we appreciate you providing us with the current thinking of the joint provisional liquidators, we note simply that we have consulted with Mr. Ray and he disagrees with that thinking. Nothing in the provisional liquidation order purported to prevent or could have prevented the chapter 11 filings.

Second, we have reviewed your clients' chapter 15 petition and accompanying documents. Please provide us with copies of all documents filed with the Bahamas court in support of the Bahamas petition and the appointment of Mr. Simms, Mr. Cambridge and Mr. Greaves, including without limitation the affidavits of Ms. Rolle and Mr. Simms, whether or not filed under seal.

Third, we are concerned about your statement "we anticipate that you will want to revisit certain of the inaccurate factual narratives that appear to be emanating from the US Debtors – particularly pertaining to the security, stability, and safeguarding of Bahamian digital assets, as compared to 'hacking.'" What exactly do you mean by this? Are you suggesting that the joint provisional liquidators and/or Bahamas authorities are responsible the disappearance of digital assets that appear to have been the result of hacks? It is critical that you clarify this statement immediately. I must remind you that any attempt to access or take control over any assets of the FTX Debtors constitutes a violation of the automatic stay of section 362 of the U.S. Bankruptcy Code. To the extent that any such assets have been taken, they must be returned immediately. Any efforts to obtain such assets must be stopped immediately. Please note we are in constant contact with the criminal authorities in the United States about attempts by unknown actors to

take control of such assets. For your convenience, I attach a copy of the letter sent to the Bahamas Securities Commission and Mr. Simms on Sunday, November 13, on the scope of the automatic stay and the implications for breaches thereof. The FTX Debtors reserve all rights.

Fourth, we are willing to have a zoom call tomorrow afternoon, November 17. Does 4 pm work for you? We continue to be prepared to discuss a mutually agreeable administrative protocol between the joint provisional liquidators and the FTX Debtors.

Finally, neither this letter, nor your email are entitled to the protection of Federal Rule of Evidence 408. Nothing in our communications to date relate in any way to an offer to compromise a dispute or negotiations relating to such an offer.

Very truly yours,

James L. Bromley

cc:    Brian D. Gluechstein, Esq.
       Andrew G. Dietderich, Esq.
       Christopher J. Howard, Esq.
       John J. Ray III

4879-0661-9711 v.1

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 5:05 PM |
| **To:** | Bromley, James L.; Dietderich, Andrew G.; Glueckstein, Brian D. |
| **Cc:** | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; Howard, Christopher J. |
| **Subject:** | [EXTERNAL] RE: R408 Without Prejudice |

Your correspondence is received.  We will respond and happy to hear you would like to participate in the zoom.

However and separately, we have received a voicemail from the SDNY Bankruptcy court that there will be a remote status conference on the Chapter 15 matter tomorrow and that we should inform you should anyone from your office like to participate.  It will be at 11:30am – we have not seen a notice or zoom instructions yet but we will provide such information as soon as it is received.  Also – if you intend to appear, please let us know when convenient.

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 5:13 PM |
| **To:** | Bromley, James L.; Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com |
| **Cc:** | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| **Subject:** | [EXTERNAL] RE: R408 Without Prejudice |

Greetings:

1. We are pleased that you are available for a zoom call tomorrow.  We will shortly revert on available time windows (including the proposed one at 4PM).

2. We note Mr. Ray's views and will await discussion tomorrow.

3. We will revert on whether documents filed under seal can be provided.  All non-sealed documents can be.

4. It is possible there was a misunderstanding as to the safeguarding of assets.  Certain assets are in the custody of the Bahamas securities commission and there was an understanding (perhaps an incorrect one) that there was a suggestion that those assets were hacked or in jeopardy some jeopardy.  Based on reports from the Bahamas Securities Commission, we understand they are secure.

5. We do recall Dave Wirt stating and you agreeing that our discussions would be 408 protected during our call.  We disagree that a communication for the purpose of meeting and resolving disputes is not 408 protected.  However, that is probably a point of lesser importance.  Do you anticipate that the zoom call on Thursday will be a settlement call and entitled to the without prejudice / 408 protections associated therewith?

| From: | Bromley, James L. |
|---|---|
| Sent: | Wednesday, November 16, 2022 6:23 PM |
| To: | Warren.Gluck@hklaw.com; Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com |
| Cc: | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| Subject: | RE: R408 Without Prejudice |

Warren,

Responding quickly.

On 3, for purposes of the US court process initiated by your clients, complete access to all documents provided to the Bahamas Court, whether or not filed under seal, is required. I reiterate our demand for all documents provided to the Bahamas Court in support of the petition.

On 4, we continue to talk past each other. The FTX Debtors have been confronting attempts by unknown actors to take control of digital assets of the FTX Debtors. Those attempts continue. Are the joint provisional liquidators or the Bahamian authorities responsible for past acts to take control? Are they currently engaging in such acts?

On 5, the application of FRE 408 is not dependent on what the parties say to each other, it is dependent on the underlying facts. The underlying facts do not support application of FRE 408.

Jim

James L. Bromley
T: (212) 558-4923 | F: (212) 291-3588 | C: (973) 901-6898
bromleyj@sullcrom.com

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 7:04 PM |
| **To:** | Bromley, James L.; Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com |
| **Cc:** | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| **Subject:** | [EXTERNAL] RE: R408 Without Prejudice |
| **Suggested:** | 0 |

Thanks Jim – we will come back to you on whether there is a time for a zoom call that suits.
You can come back to us on whether that call with be a 408 settlement conversation. Other than that it appears the parties disagree on some issues, which can be the case sometimes.

| From: | Bromley, James L. |
|---|---|
| Sent: | Wednesday, November 16, 2022 7:30 PM |
| To: | Warren.Gluck@hklaw.com; Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com |
| Cc: | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| Subject: | RE: [EXTERNAL] RE: R408 Without Prejudice |

Warren,
What are your answers to the questions in 4?
Jim

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 7:38 PM |
| **To:** | Bromley, James L. |
| **Cc:** | Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com; David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| **Subject:** | Re: [EXTERNAL] RE: R408 Without Prejudice |

Jim - we await your written statement regarding the validity of the resolution.

We will consider your queries and revert in due course.

We do suggest that your team analyze productive measures for cooperation in advance of the planned call and we will do the same.

Enjoy your evening.

| | |
|---|---|
| **From:** | Bromley, James L. |
| **Sent:** | Wednesday, November 16, 2022 7:47 PM |
| **To:** | Warren.Gluck@hklaw.com |
| **Cc:** | Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com; David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| **Subject:** | RE: [EXTERNAL] RE: R408 Without Prejudice |

Warren,

There is only one way to take your consistent refusal to answer the questions as to whether the joint provisional liquidators or the Bahamian authorities are responsible for the attempts by unknown actors to take control of digital assets of the FTX Debtors.  The FTX Debtors reserve all their rights.

Jim

F

V
V

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 7:51 PM |
| **To:** | Bromley, James L. |
| **Cc:** | Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com; David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| **Subject:** | Re: [EXTERNAL] RE: R408 Without Prejudice |
| | |
| **Suggested:** | 0 |

Jim. Your tone is not appreciated and I suggest you speak with the Unites States Trustee for the District of Delaware. You seem to make a lot of assumptions and that can be dangerous.

Should your team continue in this fashion we will present any proposals in writing.

>

>