**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: December 28, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: January 11, 2023 at 10:00 a.m. (ET)** |

**MOTION OF THE JOINT PROVISIONAL LIQUIDATORS
OF FTX DIGITAL MARKETS LTD. TO DISMISS
THE CHAPTER 11 CASE OF FTX PROPERTY HOLDINGS LTD.**

---

[1]   The last four digits of FTX Trading Ltd.'s tax identification number are 3288.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the debtors (the "**U.S. Debtors**") and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the U.S. Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .............................................................................................1

JURISDICTION AND VENUE ...........................................................................................2

BACKGROUND ....................................................................................................................3

      A.     FTX Digital and the Joint Provisional Liquidators.............................................3
      B.     FTX Property Holdings' Assets..........................................................................4
      C.     FTX Property Holdings' Chapter 11 Case...........................................................5

RELIEF REQUESTED...........................................................................................................6

ARGUMENT ..........................................................................................................................7

I.      THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS THIS CASE UNDER SECTION 305(a)(1) OF THE BANKRUPTCY CODE..................................7

      A.     The Bahamas Offers a More Appropriate Forum to Protect the Interests of FTX Property Holdings and its Creditors....................................................................8
      B.     A Chapter 11 Case Would Be Administratively Inefficient ..............................12

II.     THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS THIS CASE UNDER SECTION 1112(b) OF THE BANKRUPTCY CODE. ...............................15

III.    THE CHAPTER 11 PETITION WAS UNAUTHORIZED ........................................16

IV.    FTX PROPERTY HOLDINGS IS NOT AN ELIGIBLE DEBTOR UNDER 11 U.S.C. § 109(a) ....................................................................................................17

CONCLUSION....................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*,
    113 F.3d 1304 (2d Cir. 1997) .................................................................................. 14

*Cunard S.S. Co. v. Salen Reefer Servs. AB*,
    773 F.2d 452 (2d Cir. 1985) ................................................................................ 8, 9

*Finanz AG Zurich v. Banco Economico S.A.*,
    192 F.3d 240 (2d Cir. 1999) .................................................................................... 8

*Franchise Servs. of N. Am. v. United States Trs. (In re Franchise Servs. of N. Am., Inc.*,
    891 F.3d 198 (5th Cir. 2018) ................................................................................. 16

*In re Am. Capital Equip., LLC*,
    688 F.3d 145, 161 (3d Cir. 2012) .......................................................................... 15

*In re Bd. Of Dirs. of Multicanal S.A.*,
    314 B.R. 486 (S.D.N.Y. 2004) .......................................................................... 7, 13

*In re Compania de Alimentos Fargo, S.A.*,
    376 B.R. 427 (Bankr. S.D.N.Y. 2007) ......................................................... passim

*In re FKF Madison Park Grp. Owner, LLC*,
    No. 10-11867 (KG), 2011 Bankr. LEXIS 344 (Bankr. D. Del. Jan. 31, 2011) ......... 16, 17

*In re Fitzgerald Group*,
    38 B.R. 16 (Bankr. S.D.N.Y. 1983) ........................................................................ 7

*In re Garcia Avila*,
    296 B.R. 95 (Bankr. S.D.N.Y. 2003) .................................................................... 10

*In re Int'l Admin. Servs.*,
    211 B.R. 88 (Bankr. M.D. Fla. 1997) .................................................................... 14

*In re Mid-South Bus. Assocs., LLC*,
    555 B.R. 565 (Bankr. N.D. Miss. 2016) ................................................................ 16

*In re Northshore Mainland Servs., Inc.*,
    537 B.R. 192 (Bankr. D. Del. 2015) .................................................................. 7, 10

*In re Quadruple D Trust*,
    639 B.R. 204 (Bankr. D. Colo. 2022) .................................................................... 17

*In re Spanish Cay Co.*,
161 B.R. 715 (Bankr. S.D. Fla. 1993) ........................................................................12, 13, 14

*In re TPG Troy, LLC*,
492 B.R. 150 (Bankr. S.D.N.Y. 2013) ......................................................................................7

*In re Trina Assoc.*,
128 B.R. 858 (Bankr. E.D.N.Y. 1991)......................................................................................7

*In re Xacur*,
219 B.R. 956 (Bankr. S.D. Tex. 1998) ..........................................................................10, 13

*In re Yukos Oil Co.*,
321 B.R. 396 (Bankr. S.D. Tex. 2005) ..........................................................................13, 14, 15

*JPMorgan Chase Bank v. Altos Hornos de Mexico. S.A. de C.V.*,
412 F.3d 418 (2d Cir. 2005)........................................................................................................9

*Maxwell Commun. Corp. PLC by Homan v. Societe Generale (In re Maxwell Commun. Corp. plc)*,
93 F.3d 1036 (2d Cir. 1996)........................................................................................................8

*McClure v. Borne Chemical Co.*,
292 F.2d 824 (3d Cir. 1961)......................................................................................................16

*Price v. Gurney*,
324 U.S. 100 (1945)....................................................................................................................16

*Remington Rand Corp.-Delaware v. Bus. Sys. Inc. B.V.*,
830 F.2d 1260 (3d Cir. 1987)....................................................................................................12

*Stonington Partners v. Lernout & Hauspie Speech Prods N.V.*,
310 F.3d 118 (3d Cir. 2002)........................................................................................................8

## STATUTES AND OTHER AUTHORITY

11 U.S.C. § 105.................................................................................................................................1, 3

11 U.S.C. § 109.........................................................................................................................1, 2, 3, 17

11 U.S.C. § 305................................................................................................................. passim

11 U.S.C. § 1112.....................................................................................................................1, 3, 15, 16

28 U.S.C. § 157.........................................................................................................................................2

28 U.S.C. § 1334.......................................................................................................................................2

AMERICAS 119151055
RLF1 28342690v.1

28 U.S.C. § 1408......................................................................................................................3

28 U.S.C. § 1409......................................................................................................................3

Rule of 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States
    Bankruptcy Court for the District of Delaware.........................................................................2

Brian C. Simms KC, Kevin G. Cambridge, and Peter Greaves ("**Joint Provisional Liquidators**"), in their capacity as the joint provisional liquidators of FTX Digital Markets Ltd. ("**FTX Digital**") duly appointed by the Supreme Court of The Bahamas and foreign representatives of the Provisional Liquidation (as defined below) of FTX Digital, submit this motion (the "**Motion**") seeking the dismissal of the chapter 11 case of FTX Property Holdings Ltd. ("**FTX Property Holdings**") under sections 105(a), 109(a), 305(a), and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). In support of the Motion, the Joint Provisional Liquidators rely upon and incorporate by reference the *Declaration of Brian Simms KC in Support of the Motion of the Joint Provisional Liquidators of FTX Digital Markets Ltd. to Dismiss the Chapter 11 Case of FTX Property Holdings Ltd.* (the "**Simms Declaration**"), filed contemporaneously herewith, and respectfully state as follows:

## PRELIMINARY STATEMENT

1.    The Joint Provisional Liquidators of FTX Digital seek the dismissal of the chapter 11 petition of FTX Property Holdings. First, abstention in favor of a provisional liquidation proceeding that the Joint Provisional Liquidators of FTX Digital (the creditor that holds the overwhelming majority of FTX Property Holdings' debt) will commence in The Bahamas is appropriate under sections 305(a) and 1112(b) of the Bankruptcy Code. FTX Property Holdings is a Bahamian corporation that does only one thing, own real property located in The Bahamas. All of its known assets and creditors are located in The Bahamas. It has no connection whatsoever to the United States. It has no assets here, no creditors here, and it never has done business here. Respectfully, this Court is not the best forum to resolve the issues this case would present. This case is essentially the liquidation of hundreds of millions of dollars' worth of Bahamian real estate. It will be extremely difficult, if not impossible, to administer that liquidation in this Court. The Bahamian courts that have jurisdiction over the real estate cannot recognize this Court's orders

because Bahamian law does not allow recognition of a foreign insolvency proceeding for a Bahamian company. Dismissal is therefore appropriate.

2. Second, the chapter 11 petition of FTX Property Holdings, an International Business Company incorporated in The Bahamas, was not authorized under Bahamian law. FTX Property Holdings has two directors: Samuel Bankman-Fried and Ryan Salame. Only Mr. Bankman-Fried signed the "Omnibus Corporate Authority" that purportedly authorized the chapter 11 petition. Under Bahamian law, the written consent of Mr. Salame was also required. There is no evidence that Mr. Salame ever provided that consent.

3. Finally, dismissal is warranted under section 109(a) of the Bankruptcy Code. FTX Property Holdings is a Bahamian entity and conducts no business in the United States. Its sole purpose is to hold real estate assets located in The Bahamas, including offices used by FTX Digital. FTX Property Holdings does not have any known assets in the United States. Accordingly, FTX Property Holdings is not an eligible debtor under section 109(a) of the Bankruptcy Code.

## JURISDICTION AND VENUE

4. Subject to the jurisdictional arguments set forth in this Motion, the United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases and this matter under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2).

5. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Joint Provisional Liquidators consent to entry of a final judgment or order with respect to this Motion if it is

determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6.      To the extent that the Court has jurisdiction, venue of these chapter 11 cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

7.      The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a), 109(a), 305(a), and 1112(b).

## BACKGROUND

### A.      FTX Digital and the Joint Provisional Liquidators

8.      FTX Digital is an International Business Company incorporated in the Commonwealth of The Bahamas and operating as a digital assets business under the Digital Assets and Registered Exchanges Act, 2020 (the "**DARE Act**") as amended, Statute Laws of The Bahamas.  Simms Decl. ¶ 2.

9.      On November 10, 2022, the Securities Commission of The Bahamas (the "**Bahamas Securities Commission**") suspended the registration of FTX Digital under section 19 of the DARE Act.  *Id.* ¶ 6.  On that date, the Bahamas Securities Commission filed a petition ("**The Bahamas Petition**") in the Supreme Court of The Bahamas seeking the appointment of a provisional liquidator of FTX Digital.  *Id.*

10.     On November 10, 2022, the Supreme Court of The Bahamas issued an order directing that FTX Digital be placed into provisional liquidation and appointing Brian C. Simms KC as provisional liquidator.  *Id.* ¶ 7.  On November 14, 2022, the Bahamian Court entered an order appointing Kevin G. Cambridge and Peter Greaves as additional Joint Provisional Liquidators.  *Id.*

11.     On November 15, 2022, the Joint Provisional Liquidators filed a petition for recognition of a foreign proceeding under chapter 15 in the United States Bankruptcy Court for the Southern District of New York commencing the Chapter 15 Case.  On November 28, this Court entered an agreed order to transfer venue of the Chapter 15 Case to this Court, Case No. 22-11217.

### B.     FTX Property Holdings' Assets

12.     FTX Property Holdings is an International Business Company incorporated in The Bahamas.  Simms Decl. ¶ 8.  FTX Property Holdings has purchased and held properties on the island of New Providence in The Bahamas, including offices for the benefit of FTX Digital.  *Id*. FTX Property Holdings conducted no business other than the purchase and ownership of Bahamian real property.  *Id*.

13.     Immediately following their appointment, the Joint Provisional Liquidators began investigating all aspects of FTX Digital's business, including its business dealings with FTX Property Holdings.  *Id*. ¶ 9.  As part of this investigation, the Joint Provisional Liquidators have identified 35 properties owned by FTX Property Holdings, all located in The Bahamas.  *Id*. ¶ 10. Based on the documents in possession of the Joint Provisional Liquidators, these properties appear to be the only assets of FTX Property Holdings.  *Id*.

14.     FTX Property Holdings did not have a bank account and did not pay for any of the properties that it owns.  *Id*. ¶ 11.  It did not pay for the maintenance of these properties.  *Id*.  The information available to the Joint Provisional Liquidators shows that the purchase price for each of these properties was paid by FTX Digital, as was the ongoing fees and costs for the maintenance of the properties.  *Id*.  The payments by FTX Digital for FTX Property Holdings' properties were accounted for as loans from FTX Digital to FTX Property Holdings.  *Id*. ¶ 12.  The total amount

recorded as owed by FTX Property Holdings to FTX Digital was, as of October 5, 2022, at least $256.3 million. *Id.*

15.     FTX Digital is the largest creditor, by far, of FTX Property Holdings.[1] *Id.* ¶ 13. Indeed, other than a small number of creditors located in The Bahamas, the Joint Provisional Liquidators' investigation has not identified any other creditors of FTX Property Holdings. *Id.* FTX Property Holdings does not have any assets or creditors in the United States. *Id.*

### C.     FTX Property Holdings' Chapter 11 Case

16.     On November 11, 2022, FTX Property Holdings filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Case No. 22-11068, commencing its chapter 11 case, along with the other FTX chapter 11 debtors.[2]

17.     FTX Property Holdings' chapter 11 petition asserts that "100% of the equity of FTX Property Holdings Ltd is owned by FTX Trading Ltd. [Case No. 22-11076, D.I. 1, Corporate Ownership Statement at 6].

18.     According to FTX Property Holdings' register of directors, FTX Property Holdings has two directors, both elected on July 22, 2021: Samuel Bankman-Fried and Ryan Salame. Simms Decl. ¶ 14.

19.     A document entitled "Omnibus Corporate Authority" attached to FTX Property Holdings' chapter 11 petition [Case No. 22-11076, D.I. 1] states:

> I, Samuel Benjamin Bankman-Fried, as controlling owner, director, officer, manager or other authorized person with respect to West Realm Shires Inc., Paper Bird Inc., Hilltop Technology Services LLC, Cedar Grove Technologies Services, Ltd., FTX Trading Ltd, Alameda Research LLC and Clifton Bay Investments LLC (the "Top Companies"), and all of their directly and indirectly owned subsidiaries (together with the Top Companies, the

---

[1]     The Joint Provisional Liquidators preserve any other claims or rights they may have under applicable law, and their description of FTX Digital as a creditor of FTX Property Holdings is without prejudice to those rights.

[2]     The package of materials filed with the FTX Property Holdings' petition is attached hereto as **Exhibit A**.

"FTX Group"), hereby authorize, instruct and consent to the following corporate actions with respect to all members of the FTX Group:

(i) the appointment of John J. Ray III (the "CEO") as Chief Executive Officer with plenary authority to exercise all powers and authority capable of delegation to an officer under applicable law, including without limitation in connection with a voluntary filing for protection from creditors under Title 11 of the United States Code and any restructuring and insolvency related proceeding that may be appropriate or necessary, or may be commenced by third parties, with respect to all members of the FTX Group.

20.     The second FTX Property Holdings director, Mr. Salame, is not a signatory to the "Omnibus Corporate Authority."  There is no evidence that Mr. Salame approved, or was even informed of, the FTX Property Holdings' chapter 11 filing.  Simms Decl. ¶ 16.

21.     The Articles of Association of FTX Property Holdings (attached as Exhibit C to the Simms Declaration, the "**Articles of Association**") provide that "[a] meeting of the Directors for the time being at which a quorum is present shall be competent to exercise all or any of the authorities, powers and discretion's [*sic*] by or under the regulations of the Company for the time being vested in or exercisable by the Directors generally," which includes the power to institute legal proceedings concerning the affairs of the Company.  Articles of Association, ¶¶ 62, 71(6). "[T]wo (2) directors shall be a quorum."  *Id.* ¶ 60. While directors may act through a writing in lieu of a meeting, a majority of directors must consent.  *Id.* ¶ 68.

## RELIEF REQUESTED

22.     The Joint Provisional Liquidators respectfully request that the Court enter an order (the "**Order**") substantially in the form attached as Exhibit B dismissing the chapter 11 petition of FTX Property Holdings.

## ARGUMENT

I.    **THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS THIS CASE UNDER SECTION 305(A)(1) OF THE BANKRUPTCY CODE**

23.    The Court should dismiss the chapter 11 case of FTX Property Holdings to serve the interests of both FTX Property Holdings and its primary creditor, FTX Digital. *See* 11 U.S.C. § 305(a)(1) ("The court, after notice and a hearing, may dismiss a case under this title [ ] at any time if . . . the interests of creditors and the debtor would be better served by such dismissal."). Section 305 authorizes this Court to abstain from hearing a bankruptcy case where that case is properly heard in another forum. Here, the Court should exercise its discretion to dismiss FTX Property Holdings' chapter 11 case in favor of the liquidation proceeding that FTX Digital seeks to commence in The Bahamas.

24.    "The decision to abstain, either by suspension or dismissal, is committed to the Court's discretion." *In re Compania de Alimentos Fargo, S.A.*, 376 B.R. 427, 433 (Bankr. S.D.N.Y. 2007). "Granting an abstention motion pursuant to § 305(a)(1) requires more than a simple balancing of harm to the debtor and creditors; rather, the interests of both the debtor and its creditors must be served by granting the requested relief." *In re Northshore Mainland Servs., Inc.*, 537 B.R. 192, 203 (Bankr. D. Del. 2015) (quoting *In re AMC Investors, LLC*, 406 B.R. 478, 488 (Bankr. D. Del. 2009)).

25.    Whether dismissal under section 305(a)(1) is appropriate must be considered on a case-by-case basis. *In re Fitzgerald Group*, 38 B.R. 16, 17 (Bankr. S.D.N.Y. 1983). The factors used by courts to dismiss cases under section 305(a)(1) include:

> (1) whether another forum is available to protect the interests of both parties or there is already a pending proceeding [;] (2) economy and efficiency of administration; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement

which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction  has been sought.

*In re Compania.*, 376 B.R. at 434; *see also In re Bd. of Dirs. of Multicanal S.A.*, 314 B.R. 486, 522-23 (S.D.N.Y. 2004); *In re Northshore*, 537 B.R. at 203-04 (listing same factors).

26.     No one factor is controlling.  *In re TPG Troy, LLC*, 492 B.R. 150, 160 (Bankr. S.D.N.Y. 2013) ("[w]hile all factors are considered, not all are given equal weight in every case") (citation omitted).  And "[a]lthough the tests are useful, in determining whether dismissal under § 305(a) is appropriate, courts must look to the facts of the individual cases."  *In re Trina Assoc.*, 128 B.R. 858, 867 (Bankr. E.D.N.Y. 1991).

27.     The relevant factors[3] weigh strongly in favor of this Court's dismissal of the FTX Property Holdings' chapter 11 case under section 305(a)(1) as best serving the interests of both FTX Property Holdings and its largest creditor, FTX Digital.

### A.     The Bahamas Offers a More Appropriate Forum to Protect the Interests of FTX Property Holdings and its Creditors

28.     The first and fourth section 305(a)(1) factors—whether another forum is available to protect the interests of both parties, and whether there is an alternative means of achieving an equitable distribution of assets—weigh in favor of abstention.  "Although abstention under § 305 is considered an extraordinary remedy, the pendency of a foreign insolvency proceeding alters the balance by introducing considerations of comity into the mix."  *In re Compania*, 376 B.R. at 434. Courts have "frequently underscored the importance of judicial deference to foreign bankruptcy proceedings."  *Id*. (citing *Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 246 (2d Cir.

---

[3]     The fifth and sixth section 305(a)(1) factors are of limited relevance here, as there is no agreement between the Joint Provisional Liquidators and the individuals purporting to act on FTX Property Holdings' behalf, and no foreign proceeding is currently pending.

1999)).  "[D]eference to foreign insolvency proceedings will, in many cases, facilitate 'equitable, orderly and systematic' distribution of the debtor's assets."  *Maxwell Commun. Corp. PLC by Homan v. Societe Generale (In re Maxwell Commun. Corp. plc)*, 93 F.3d 1036, 1048 (2d Cir. 1996); *Stonington Partners v. Lernout & Hauspie Speech Prods N.V.*, 310 F.3d 118, 126 (3d Cir. 2002) ("The principles of comity are particularly appropriately applied in the bankruptcy context because of the challenges posed by transnational insolvencies"); *Finanz AG Zurich*, 192 F.3d at 246 ("We have repeatedly noted the importance of extending comity to foreign bankruptcy proceedings. Since 'the equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding,' American courts regularly defer to such actions."); *Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 457 (2d Cir. 1985) ("American courts have consistently recognized the interest of foreign courts in liquidating or winding up the affairs of their own domestic business entities.").

29.    A court facing a request to abstain in favor of a foreign proceeding "must satisfy itself that the foreign forum will determine and adjust the parties' rights in a fair and equitable manner."  *In re Compania*, 376 B.R. at 434; *JPMorgan Chase Bank v. Altos Hornos de Mexico. S.A. de C.V.*, 412 F.3d 418, 424 (2d Cir. 2005) ("[D]eference to the foreign court is appropriate so long as the foreign proceedings are procedurally fair and . . . do not contravene the laws or public policy of the United States."); *Cunard*, 773 F.2d at 457 ("Comity will be granted . . . if it is shown that the foreign court is a court of competent jurisdiction, and that the laws and public policy of the forum state and the rights of its residents will not be violated.").

30.    The courts of The Bahamas provide an alternative, and more appropriate, forum for FTX Property Holdings' reorganization because its courts have jurisdiction over the parties and assets involved, and have a strong interest in resolving the insolvencies of their own business

entities. Moreover, as noted above, the Joint Provisional Liquidators appointed by the Supreme Court of The Bahamas are authorized and empowered to take all and any necessary steps to protect the assets of FTX Digital, which is FTX Property Holdings' primary creditor, and will enact the steps necessary to liquidate or otherwise dispose of the entity's assets for the highest possible price for the benefit of creditors.

31.     Additionally, the laws of The Bahamas provide for due process and a robust appeal process. And there is no evidence that a liquidation proceeding in The Bahamas would contravene the public policy of the United States. The decision in *In re Northshore*, which dismissed chapter 11 cases in light of a provisional liquidation in The Bahamas, is instructive. There, the court dismissed chapter 11 cases and concluded that abstention was in the best interests of the creditors and all but one of the chapter 11 debtors because the foreign proceedings "demonstrate that the [d]ebtors are being treated fairly and impartially," and there was "no evidence that the [foreign laws] contravene the public policy of the United States." *In re Northshore*, 537 B.R. at 208. The court observed, among other things, that abstention was appropriate given the Bahamian court's ruling "appoint[ing] provisional liquidators with limited powers to preserve the U.S. Debtors' assets while promoting a scheme/plan of compromise among all stakeholders. *Id*. at 205. The court also found the parties never "expected that any 'main' insolvency proceeding would take place in the United States." *Id*. at 206. The court found that "[e]xpectations of various factors – including the expectations surrounding the question of *where* ultimately disputes will be resolved – are important, should be respected, and not disrupted unless a greater good is to be accomplished. Under these circumstances, I can perceive no greater good to be accomplished by exercising jurisdiction over these chapter 11 cases" with respect to the Bahamian entities. *Id*. The court also observed that "there are clear differences between the Bahamian insolvency proceedings and the

United States' chapter 11 process," but found that "here has been no evidence that the Bahamian laws contravene the public policy of the United States." *Id*. at 207. Accordingly, the court dismissed the chapter 11 cases of the Bahamian Debtors, but denied the motion as to one debtor incorporated in Delaware. *Id*.

32.     Indeed, courts repeatedly recognize that insolvency proceedings in foreign countries are fair and equitable. *See*, *e.g.*, *In re Garcia Avila*, 296 B.R. 95, 108 (Bankr. S.D.N.Y. 2003) (assessing whether Mexican bankruptcy proceeding "must treat all creditors and interest holders justly" and finding that the proceeding "easily meets these concerns"); *In re Xacur*, 219 B.R. 956, 970 (Bankr. S.D. Tex. 1998) (rejecting argument that Mexican court would "treat the parties unfairly and [ ] deprive the petitioning creditors of remedies. Mexico has been found to provide an adequate alternative forum.").

33.     Finally, there is no justifiable basis to object to an insolvency proceeding in The Bahamas, as it was plainly foreseeable by all parties that any insolvency proceeding would occur in The Bahamas. FTX Property Holdings is a Bahamian company with its principal place of business in The Bahamas. It was created solely to hold Bahamian real estate, and its primary creditor, FTX Digital, is a Bahamian company. More specifically, FTX Property Holdings was the property company used by the FTX Group to purchase real estate on the island of New Providence in The Bahamas, including office premises for the benefit of FTX Digital. These purchases were made through bank transfers from FTX Digital, which, in turn, treated them as intercompany loans and correspondingly recorded them as intercompany receivables on its financial records. Simms Decl. ¶ 12. FTX Property Holdings did not contribute funds to purchase these properties. *Id*. Nor could it, considering FTX Property Holdings does not own a bank account. Instead, the bank transfers were initiated by FTX Digital from its account in The Bahamas

and sent directly to attorneys for the vendors in The Bahamas on the closing of the purchases. FTX Property Holdings was merely the entity listed as the titleholder in the sales agreements. As of October 5, 2022, FTX Digital's records showed an intercompany receivable balance from FTX Property Holdings of at least $256.3 million. Simms Decl. ¶ 12. To the knowledge of the Joint Provisional Liquidators, this serves as the entire amount of FTX Property Holdings' outstanding debts in the current chapter 11 proceeding.

34.     Even if FTX Property Holdings had any creditors outside of The Bahamas (it does not, to the best of the Joint Provisional Liquidators' knowledge), it would still have been foreseeable that any insolvency proceeding would take place in The Bahamas. Indeed, "every person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts as the known and established policy of that government authorizes." *In re Spanish Cay Co.*, 161 B.R. 715, 725 (Bankr. S.D. Fla. 1993) (quoting *In re Culmer*, 25 B.R. 621, 632 (Bankr. S.D.N.Y. 1982)); *see also Remington Rand Corp.-Delaware v. Bus. Sys.*, 830 F.2d 1260, 1271 (3d Cir. 1987) ("Creditors of an insolvent foreign corporation may be required to assert their claims against a foreign bankrupt before a duly convened foreign bankruptcy tribunal.")

### B.     A Chapter 11 Case Would Be Administratively Inefficient

35.     The second, third and seventh section 305(a)(1) factors—whether the chapter 11 proceeding would serve the economy and efficiency of administration, is necessary to reach a just and equitable solution, and serves a legitimate bankruptcy purpose—weigh in favor of abstention. "In making a determination about the economy and efficiency, courts consider, *inter alia*, the physical location of the parties in interest, the existence of parallel actions, and the nature of the dispute." *In re Compania*, 376 B.R. at 439. A chapter 11 case in the United States would be

administratively burdensome and inefficient.  All of FTX Property Holdings' known assets are located in The Bahamas.  *None* of FTX Property Holdings' known assets are in the United States, and its primary creditor is in The Bahamas.  And the Joint Provisional Liquidators are prepared to commence a liquidation proceeding in The Bahamas.

36.    Because FTX Digital is the largest creditor of FTX Property Holdings, and all estate property is located in The Bahamas, dismissing these proceedings in favor of the Bahamian Liquidation Proceeding would simplify and expedite the resolution of claims and matters pertaining to potential distributions.  A straightforward liquidation of FTX Property Holdings' Bahamian real property stands in stark contrast to the rest of the U.S. Debtors' chapter 11 cases. These cases are likely to be long, complicated and will certainly be extraordinarily expensive. There is no reason for FTX Property Holdings or its creditors to bear the delay or expense of any potential liquidation proceeding tied together with these chapter 11 cases.  No party is served by requiring FTX Property Holdings to liquidate in the United States.  *See In re Multicanal S.A.*, 314 B.R. at 522 (noting that a "central purpose" of the modified universality approach of the Bankruptcy Code is to avoid the waste and inefficiency of multiple proceedings).

37.    Nor could this Court effectively carry out a liquidation of FTX Property Holdings' Bahamian real property.  Bahamian law allows Bahamian courts to recognize foreign insolvency proceedings in The Bahamas under certain circumstances.  But one requirement for recognition is that the debtor entity is foreign to The Bahamas.  Bahamian law does not allow for recognition for a foreign insolvency proceeding of a Bahamian corporation such as FTX Property Holdings. Simms Decl. ¶ 18.  Any efforts to restructure the debtor's business and equitably distribute assets to creditors in a U.S. chapter 11 case would be futile, given that the Bahamian courts cannot, under Bahamian law, give effect to orders of this Court with respect to a chapter 11 case for FTX Property

Holdings. Courts have recognized that this is a reason to abstain. For example, in *In re Yukos Oil Co.*, the court dismissed the debtor's chapter 11 case even though the debtor, a Russian oil company, had submitted to U.S. jurisdiction, finding that a reorganization could not be effectuated properly because most of Yukos' assets were located in Russia and because the Russian government, a key party in interest, would not appear in the U.S. proceeding. 321 B.R. 396, 411 (Bankr. S.D. Tex. 2005).

38.    Other courts have also dismissed chapter 11 cases where it was unlikely that their orders would be enforced in the jurisdiction where the majority of a debtor's assets are located. In *In re Xacur*, the bankruptcy court dismissed a chapter 11 case involving a Mexican debtor, in part because "there exists a substantial possibility that the courts in Mexico may not recognize the jurisdiction of this Court." 219 B.R. at 968; *see also In re Spanish Cay Co.*, 161 B.R. at 725 ("The potential for a successful chapter 11 reorganization in this case is, at best, questionable since certain orders of this Court may be given no effect in the Bahamas"); *In re Int'l Admin. Servs.*, 211 B.R. 88, 93 (Bankr. M.D. Fla. 1997) (stating that bankruptcy court practically lacks ability to enforce jurisdiction over property located in foreign country without assistance of foreign court).

39.    The great risk of lack of cooperation of the Bahamian courts in recognizing this Court's orders regarding FTX Property Holdings' assets therefore weighs heavily in favor of dismissal. *See In re Compania*, 376 B.R at 439-40 ("[T]he Petitioners fail to explain what a confirmed chapter 11 plan would accomplish. . . . someone would have to take the confirmed plan to Argentina, and ask the local courts to grant comity to the chapter 11 plan" which would present "several obstacles" and thus a chapter 11 reorganization "would undoubtedly be time-consuming and expensive, and provide a questionable benefit."). And because FTX Property Holdings has no reasonable probability of emerging without the cooperation of Bahamian courts, its chapter 11

case lacks a legitimate bankruptcy purpose. *See C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1310 (2d Cir. 1997) ("When it is clear that, from the date of filing, the debtor has no reasonable probability of emerging from the bankruptcy proceedings and no realistic chance of reorganizing, then the Chapter 11 petition may be frivolous." (citation omitted));

II.   **THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS THIS CASE UNDER SECTION 1112(B) OF THE BANKRUPTCY CODE.**

40.   Section 1112(b) of the Bankruptcy Code authorizes courts to dismiss or convert chapter 11 cases "for cause" if dismissal or conversion is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Although section 1112(b)(4) lists matters that constitute sufficient "cause," the list is not exhaustive and courts may consider the "totality of the circumstances" in determining whether sufficient cause exists. *In re Yukos Oil Co.*, 321 B.R. at 410. Once cause is demonstrated, the court must ascertain whether granting a motion to dismiss is in the best interests of creditors and the debtor's estate. *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012).

41.   Where a debtor is unable to effectuate a chapter 11 plan, dismissal is appropriate because "neither creditors nor the estate could conceivably benefit" from the continued adjudication of the chapter 11 proceedings. *See id*. at 163 (3d Cir. 2012) (finding that the "best interest of creditors and the estate" warranted relief under section 1112(b) where "it is clear that . . . no future plan would be able to be effectuated under Chapter 11.").

42.   The same reasons that support dismissal under section 305(a)(1) also support dismissal for cause under section 1112(b). *See In re Yukos Oil Co.*, 321 B.R. at 407 (noting that both section 305 and section 1112 provided the "procedural mechanisms" for dismissal.). Dismissal is appropriate under section 1112(b) where (i) all known assets of the debtor are located in foreign jurisdiction; (ii) all of the debtor's business and financial activities occur in a foreign

jurisdiction; (iii) there is no evidence that the U.S. court is "uniquely qualified, or more able than the other forums, to consider the issues presented"; and (iv) it is unclear that the U.S. court could obtain personal jurisdiction of the pertinent parties sufficient to grant the relief sought in the chapter 11 proceedings.  *See id.* at 410-11.  As explained, all of FTX Property Holdings' known assets are located in The Bahamas, this Court is not uniquely qualified to resolve the issues this case would present, and the Court's orders would not be enforced in The Bahamas even if this case continued because, as a Bahamian company, Bahamian courts would not recognize foreign proceedings of domestic companies.  Simms Decl. ¶ 18.  There is no evidence that this case would be in the "best interest of creditors and the estate" in light of the lack of any connection with the United States.  Accordingly, dismissal under section 1112(b) is appropriate.

III.    **THE CHAPTER 11 PETITION WAS UNAUTHORIZED**

43.    The U.S. Supreme Court has held that "i[f] the [court] finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition."  *Price v. Gurney*, 324 U.S. 100, 106 (1945); *see also Franchise Servs. of N. Am. v. United States Trs. (In re Franchise Servs. of N. Am., Inc.)*, 891 F.3d 198, 206-07 (5th Cir. 2018) ("If the petitioners lack authorization under state law, the bankruptcy court 'has no alternative but to dismiss the petition'"); *In re Mid-South Bus. Assocs., LLC*, 555 B.R. 565, 570 (Bankr. N.D. Miss. 2016) (finding that if a debtor lacked corporate authority to file its petition, it must be dismissed); *In re FKF Madison Park Grp. Owner, LLC*, No. 10-11867 (KG), 2011 Bankr. LEXIS 344, at *8 (Bankr. D. Del. Jan. 31, 2011) ("A party cannot subject an entity to bankruptcy without authority.").

44.    Because FTX Property Holdings is incorporated in The Bahamas, Bahamian law governs its corporate acts, including the authority to file a chapter 11 petition.  *See Price*, 324 U.S.

at 106-07; *see also McClure v. Borne Chemical Co.*, 292 F.2d 824, 832 (3d Cir. 1961) ("[T]he authority of persons filing [bankruptcy] petitions to act on behalf of the corporation was controlled by local law"). FTX Property Holdings' Articles of Association set forth the powers of directors to take actions on FTX Property Holdings' behalf. Simms Decl., Ex. C. The Articles of Association make clear that the directors have the power "[t]o institute, conduct, defend, compound or abandon any legal proceedings by or against the Company or its officers or otherwise concerning the affairs of the Company." Articles of Association, ¶ 71(6). To exercise those powers, the directors must meet subject to a quorum of two directors; one director does not suffice. Articles of Association, ¶¶ 60, 62. Alternatively, directors may act through a writing in lieu of a meeting, but a majority of directors must consent. Articles of Association, ¶ 68. Here, a majority of directors neither met nor consented to the "Omnibus Corporate Authority." An action of one director is a nullity under Bahamian law where the consent of two directors is required.[4] Simms Decl. ¶ 17. The chapter 11 petition of FTX Property Holdings was not properly authorized, and it should be dismissed. *See In re FKF Madison Park*, 2011 Bankr. LEXIS 344, at *8.

## IV.    FTX PROPERTY HOLDINGS IS NOT AN ELIGIBLE DEBTOR UNDER 11 U.S.C. § 109(A)

45.    Finally, FTX Property Holdings' case should be dismissed because FTX Property Holdings has not met any requirement to qualify as a debtor under section 109(a) of the Bankruptcy Code. 11 U.S.C. § 109 (a) states that "[n]otwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title." The U.S. Debtors have not provided any evidence that FTX Property Holdings, as a holding company for real estate in The Bahamas, has any

---

[4]    There are many any additional questions with respect to the Omnibus Corporate Authority, and the Joint Provisional Liquidators reserve all rights to raise additional challenges to the purported authority to file the chapter 11 petition.

business or domicile in the United States, has or has had any cash, or has directly or indirectly

funded any dollars in the United States.  Nor is there any evidence that FTX Property Holdings

holds any amount of property located in the United States.[5]  In the absence of evidence that FTX

Property Holdings is an eligible debtor under § 109(a), its chapter 11 case must be dismissed.  *See*

*In re Quadruple D Trust*, 639 B.R. 204, 239 (Bankr. D. Colo. 2022) (dismissing bankruptcy case

where debtor was not eligible under section 109(a)).

## <u>CONCLUSION</u>

WHEREFORE, for the reasons stated above, the Joint Provisional Liquidators respectfully

request that the Court enter the Order, substantially in the form attached as Exhibit B, dismissing

the chapter 11 case of FTX Property Holdings and (ii) granting such other and further relief as is

just and equitable.

---

[5]     If it were shown (which, to date, it has not) that FTX Property Holdings received some minor property in the United States immediately before filing the chapter 11 petition, such manufactured jurisdiction only further supports the case for abstention under section 305.

Dated: December 12, 2022

*/s/ David T. Queroli*
**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Paul N. Heath (Bar No. 3704)
Brendan J. Schlauch (Bar No. 6115)
David T. Queroli (Bar No. 6318)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
gross@rlf.com
heath@rlf.com
schlauch@rlf.com
queroli@rlf.com

—and—

**WHITE & CASE LLP**

Jessica C. Lauria (admitted *pro hac vice*)
J. Christopher Shore (admitted *pro hac vice*)
Brian D. Pfeiffer (admitted *pro hac vice*)
Mark Franke (admitted *pro hac vice*)
Brett L. Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:      (212) 819-8200
jessica.lauria@whitecase.com
cshore@whitecase.com
brian.pfeiffer@whitecase.com
mark.franke@whitecase.com
brett.bakemeyer@whitecase.com

Thomas E Lauria (admitted *pro hac vice*)
Richard S. Kebrdle (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:      (305) 371-2700
tlauria@whitecase.com
rkebrdle@whitecase.com

*Attorneys for the Joint Provisional Liquidators
of FTX Digital Markets Ltd. (In Provisional
Liquidation)*

AMERICAS 119151055
RLF1 28342690v.1