IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Joint Administration Requested)<br><br>**Re: Docket Nos. 47 and 143** |

**RESTATED OBJECTION OF EVOLVE BANK & TRUST TO
MOTION OF DEBTORS FOR ENTRY OF FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO (A) OPERATE A POSTPETITION CASH
MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BUSINESS FORMS AND
(C) PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING A
PARTIAL WAIVER OF THE DEPOSIT GUIDELINES SET FORTH IN
SECTION 345(b) AND (III) GRANTING CERTAIN RELATED RELIEF**

Evolve Bank & Trust, an Arkansas banking corporation with principal offices located in Memphis, Tennessee ("Bank"), objects to the motion filed by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and together with their affiliated non-Debtors, the "FTX Group") for entry of a final order (a) authorizing the Debtors to (i) operate a postpetition cash management system, (ii) maintain existing business forms and (iii) perform intercompany transactions, (b) granting a partial waiver of the deposit guidelines set forth in section 345(b) of the Bankruptcy Code and (c) granting certain related relief (the "Motion") (Doc. No. 47).

**Preliminary Statement**

1.      Bank adopts and incorporates its prior objection to the Motion (the "Prior Objection") (Doc. No. 105) filed November 22, 2022, and objects to the entry of a final order on

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

66992946.v1

the Motion unless such order excludes Bank from its terms. As set forth in the Prior Objection, the need for effective cash management should not be at the expense of End Users who hold fiat currency in accounts which the Debtors acknowledge are held for the benefit of others. Bank is one of the institutions in which such end users' funds are currently held and, for the reasons set forth in the Prior Objection, the End User's funds are not property of these bankruptcy estates.

2. Additionally, Bank asserts that it holds a perfected, possessory, first priority security interest in and to certain reserve accounts (the "Reserve Account") maintained at Bank by West Realm Shires Services, Inc. (one of the Debtors in these jointly administered cases) (herein, "West Realm") to secure West Realm's obligations under a Master Bank Services Agreement which was executed by West Realm on December 23, 2021 (the "BSA"). West Realm operated a program through which Bank offered bank services to certain end users who were also customers of West Realm (the "End Users"). Pursuant to the terms of the BSA, the Reserve Account serves to secure West Realm's obligations to Bank under the BSA. To the extent that the Debtors seek a final order which would permit them to move, access or close the Reserve Account, they have failed to identify any adequate protection for the use of such funds.

3. Accordingly, final relief on the Motion vis-à-vis Bank should be denied. Alternatively, any final order on the Motion should expressly carve out the accounts held by Bank from the relief requested in the Motion.

**Background**

4. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 14, 2022, the Debtors filed a

motion with the Court pursuant to rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking joint administration of the Debtors' cases (the "Chapter 11 Cases"). As of the date hereof, no creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.

5.  On November 19, 2022, the Debtors filed the Motion.

6.  On November 22, 2022, Bank filed the Prior Objection.

7.  On November 23, 2022, the Court entered an *Interim Order (I) Authorizing the Debtors to (A) Operated a Postpetition Cash Management System, (B) Maintain Existing Business Forms and (C) Perform Intercompany Transactions, (II) Granting Partial Waiver of the Deposit Guidelines Set Forth in Section 345(b) and (III) Granting Certain Related Relief* (Doc. No. 145) (the "Interim Order").

8.  By announcement at the hearing on the Motion, Bank and the Debtors resolved Bank's objection to the entry of the Interim Order by the Debtors' agreement that no FBO Accounts at Bank would be moved, accessed or closed. However, such relief was agreed to only on an interim basis. As such, Bank restates its objection to the extent that the Debtors seek entry of a final order on the Motion that does not contain the same carve outs to protect Bank and its End Users.

9.  The final hearing on the Motion is scheduled to go forward on January 11, 2023.

10. Bank reserves the right to supplement its objection and exhibits prior to the hearing and will endeavor in good faith to resolve the disputes with the Debtors prior to the January 11, 2023 hearing date.

**Conclusion**

As set forth in the Prior Objection and reiterated here, the Debtors have no interest in the FBO Accounts and the End Users' fiat currency contained therein should not be subject to being swept into the Debtors' Postpetition Cash Management System and the Debtors should be prohibited from moving, accessing or closing such accounts. Similarly, Bank's interest in the Reserve Account is not adequately protected if the Debtors are permitted to move, access or close the Reserve Account. For these reasons, the Motion should be denied. Alternatively, the Court should expressly exclude the accounts held by Bank from any final order on the Motion.

| | |
|---|---|
| Dated: December 14, 2022<br>Wilmington, Delaware<br><br>Martin A. Sosland<br>**BUTLER SNOW LLP**<br>2911 Turtle Creek Boulevard, Suite 1400<br>Dallas, TX  75219<br>Telephone:  (469) 680-5500<br>E-mail:  Martin.Sosland@butlersnow.com<br><br>—and—<br><br>James E. Bailey III<br>**BUTLER SNOW LLP**<br>6075 Poplar Avenue, Suite 500<br>Memphis, TN  38119<br>Telephone:  (901) 680-7200<br>E-mail:  Jeb.Bailey@butlersnow.com | */s/ Scott D. Cousins*<br>Scott D. Cousins (No. 3079)<br>Scott D. Jones (No. 6672)<br>**COUSINS LAW LLC**<br>Brandywine Plaza West<br>1521 Concord Pike, Suite 301<br>Wilmington, DE  19801<br>Telephone:    (302) 824-7081<br>E-mail:  scott.cousins@cousins-law.com<br>            scott.jones@cousins-law.com<br><br>—and— |

66992946.v1