1                    UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF DELAWARE
2

3   IN RE:                          .   Chapter 11
                                     .   Case No. 22-11068 (JTD)
4   FTX TRADING LTD., *et al.*,      .
                                     .
5                                    .   Courtroom No. 5
                                     .   824 Market Street
6             Debtors.              .   Wilmington, Delaware 19801
                                     .
7                                    .   Friday, December 16, 2022
    . . . . . . . . . . . . . . . .  10:00 a.m.
8
                          TRANSCRIPT OF HEARING
9              BEFORE THE HONORABLE JOHN T. DORSEY
               CHIEF UNITED STATES BANKRUPTCY JUDGE
10

    APPEARANCES:
11

    For the Debtor:          Adam Landis, Esquire
12                           LANDIS RATH & COBB LLP
                             919 Market Street, Suite 1800
13                           Wilmington, Delaware 19801

14                           James L. Bromley, Esquire
                             Brian D. Glueckstein, Esquire
15                           SULLIVAN & CROMWELL LLP
                             125 Broad Street
16                           New York, NY 10004

17

18  (APPEARANCES CONTINUED)

19  Audio Operator:          Jermaine Cooper

20  Transcription Company:   Reliable
                             The Nemours Building
21                           1007 N. Orange Street, Suite 110
                             Wilmington, Delaware 19801
22                           Telephone: (302)654-8080
                             Email:  gmatthews@reliable-co.com
23

    Proceedings recorded by electronic sound recording,
24  transcript produced by transcription service.

25

APPEARANCES (CONTINUED):

For the U.S. Trustee:        Juliet Sarkessian, Esquire
                             OFFICE OF THE UNITED STATES TRUSTEE
                             844 King Street, Suite 2207
                             Lockbox 35
                             Wilmington, Delaware 19801

For the Movants:             David Finger, Esquire
                             FINGER & SLANINA, LLC
                             1201 North Orange Street
                             Wilmington, Delaware 19801

For DLA Piper:               Stuart Brown, Esquire
                             DLA PIPER LLP (US)
                             1201 North Market Street
                             Suite 2100
                             Wilmington, Delaware 19801

For the Joint
Provisional
Liquidators:                 Jason Zakia, Esquire
                             WHITE & CASE LLP
                             111 South Wacker Drive
                             Suite 5100
                             Chicago, Illinois 60606

1

INDEX

2

MOTIONS:                                                          PAGE

3

Agenda
4  Item 4:  Motion of Debtors for Entry of an Order (A)        4
5           Authorizing the Debtors to File the
           Indemnification and Exculpation Motion Under
6           Seal and (B) Granting Related Relief
           [D.I. 95; Filed 11/22/22]

7
           Court's Ruling:                                     6
8
Agenda
9  Item 6:  Amended Expedited Motion of Bloomberg L.P.,        6
           Dow Jones & Company, Inc., the New York Times
10          Company and the Financial Times Ltd. to
           Intervene for the Limited Purpose of Objecting
11          to the Motion of Debtors for Entry of a Final
           Order Authorizing the Debtors to Redact or
12          Withhold Certain Confidential Information of
           Customers and Personal Information of
13          Individuals [D.I. 196; Filed 12/9/22]

14          Court's Ruling:                                    8

15

16 STATUS CONFERENCE:                                          PAGE

17 Agenda
   Item 7:  Emergency Motion of the Joint Provisional         13
18          Liquidators of FTX Digital Markets Ltd. (I)
           for Relief from Automatic Stay and (II) to
19          Compel Turnover of Electronic Records Under
           Sections 542, 1519(A)(3), 1521(A)(7) and 1522
20          of the Bankruptcy Code
           [D.I. 197; Filed 12/9/22]

21

22

23

24

25

1        (Proceedings commence at 10:06 a.m.)

2        THE COURT:  Good morning, everyone.  This is Judge

3  Dorsey.  We're on the record in FTX Trading Ltd., Case Number

4  22-11068.

5        Before we start let me just remind everyone this is

6  a formal Court proceeding even though we are pursuing it

7  virtually so disruptions will not be tolerated.  So please

8  keep your lines on mute unless you are speaking and your

9  cameras off unless you are one of the parties participating

10 in the discussion.

11       With that I will turn it over to debtor's counsel.

12       MR. GLUECKSTEIN:  Good morning, Your Honor.  This

13 is Brian Glueckstein of Sullivan & Cromwell for the debtors.

14       Can you hear me okay?

15       THE COURT:  Yes.  Thank you.

16       MR. GLUECKSTEIN:  Thank you, Your Honor.  Good

17 morning.

18       As reflected on the amended agenda that we filed at

19 Docket 232 we have only a short remaining agenda, three

20 matters for today, with the remaining items scheduled either

21 being resolved or adjourned to the January 11th hearing.

22       Your Honor, I propose to just proceed in order of

23 what we have remaining on the agenda if that is okay with the

24 Court.

25       With respect to the first item up today, Agenda

1  Item 4, is the debtor's motion to seal indemnification and

2  exculpation motion.  The motion to seal was filed at Docket

3  95.

4         Your Honor will recall that at the November 22nd

5  hearing the Court entered an interim order at Docket No. 141,

6  at the debtor's request, sealing the debtor's motion,

7  authorizing certain indemnification and exculpation in

8  connection with the debtor's asset recovery efforts and the

9  interim order granting that motion, which were filed at

10 Docket Numbers 94 and 140 respectively.

11        The debtors have made significant progress locating

12 and securing digital assets, and that work remains ongoing.

13 Nonetheless, the debtors are comfortable that at this point,

14 in their work, when also considering the need for

15 transparency in these Chapter 11 cases that the motion and

16 interim order can be unsealed at this time.

17        As a result, the debtors are not requesting further

18 sealing of the motion and interim order on a final basis,

19 and, therefore, request that the Court unseal those documents

20 at this time. The debtor's request for entry of a final order

21 with respect to the indemnification motion itself is

22 scheduled to be heard at our second day hearing on January

23 11th.

24        THE COURT:  All right.  Does anyone wish to be

25 heard?

1       (No verbal response)

2            THE COURT:  All right.  I will enter the order to

3   unseal those pleadings.

4            MR. GLUECKSTEIN:  Thank you, Your Honor.

5            The next item up this morning is Agenda Item No. 6

6   which is the amended motion of certain media outlets to

7   intervene in these proceedings for a limited purpose.

8            I will cede the podium to the movants.

9            THE COURT:  Mr. Finger.

10           MR. FINGER:  Good morning, Your Honor.  David

11  Finger on behalf of the proposed interveners.  May I please

12  the Court.

13           I believe Your Honor has some historical

14  familiarity with access motions.  I don't know how much

15  detail Your Honor wants me to go into a motion to intervene

16  aspect of it.  Certainly the Courts in this district and the

17  Appellate Third Circuit all recognize intervention as an

18  appropriate means to deal with access cases.

19           (Indiscernible) we share interest with the public

20  as the eyes and ears of the public.  There is no need for an

21  independent basis for jurisdiction.  The claim is under

22  constitutional rights as well as federal common law and,

23  therefore, we satisfy the requirements for intervention.

24           Turning to the motion to unseal I know yesterday,

25  Your Honor, that the trustee filed the -- identified the

1  members of the creditors committee and those names were not

2  under seal so we are already starting a process of names

3  dribbling out.  The point I made in the motion is that names

4  are going to come out eventually.  There is no basis for

5  distinguishing between names that voluntarily come out and

6  those who are on a list.  That is not the standard for

7  sealing or unsealing what actions they have taken.

8        THE COURT:  Well, Mr. Finger, let me stop you for a

9  second. I think the only thing on the agenda for today was

10  the motion to intervene. I will be scheduling a hearing on

11  the motion to unseal.  I also saw that the committee was

12  appointed yesterday so we can now -- that is what I was

13  waiting for, for a committee to be appointed.  Obviously,

14  they are going to have to retain counsel and get up to speed

15  before we have a hearing on this because this is something

16  they are going to want to weigh-in on.

17        Let me just stick with the amended motion to

18  intervene. I have read those papers.  Is there any objection?

19  I made the objection deadline today at the hearing.  Is

20  anyone objecting to the motion to intervene?

21        MR. GLUECKSTEIN:  Your Honor, Brian Glueckstein of

22  Sullivan & Cromwell for the debtors.

23        Just very briefly.  The debtors do not object to

24  the media outlets intervening for the sole purpose of

25  permitting the Court to hear their objection to the debtor's

1   motion for an order authorizing redaction of individual

2   information.

3         As Your Honor notes, that motion is not being heard

4   on the merits today.  It will be heard at a future hearing.

5   The debtors do reserve all rights with respect to standing

6   and, otherwise, in the event that the media intervenors seek

7   to intervene more broadly in the case, but with respect to

8   being heard on this motion we don't have any objection.

9         THE COURT:  Anyone else wish to be heard?

10    (No verbal response)

11        THE COURT:  Mr. Finger, I assume the media outlets

12  are only seeking to intervene for purposes of the sealing

13  motion.  Is that correct?

14        MR. FINGER:  That is correct, Your Honor.

15        THE COURT:  Okay.

16        MR. FINGER:  They reserve the right to seek to

17  intervene in case there are other sealing issues that come up

18  or other matters for media interests.  For now this is

19  limited to objecting to the proposed order sealing the names

20  and addresses of creditors.

21        THE COURT:  Okay.  I will approve that order.  Do

22  we have a form of order uploaded that the parties agree on?

23        MR. FINGER:  I am not sure of that, Your Honor, but

24  I will certainly contact Mr. Glueckstein when this is over to

25  make sure that we have something that is agreeable to

1  everyone.

2       THE COURT:  Okay.  Go ahead and confer, and upload

3  the order.  No need to do it under COC.  I will enter the

4  order once it gets uploaded.

5       MR. FINGER:  Thank you, Your Honor.

6       THE COURT:  Okay.  Mr. Glueckstein, back -- and I

7  will come back to the -- we will talk about the scheduling of

8  that motion in a moment, but let me go back to Glueckstein

9  for the agenda for now.

10      MR. GLUECKSTEIN:  Thank you, Your Honor.

11      The only other item on the agenda for this morning

12 is the status conference with respect to the motion of the

13 JPL's of FTX Digital Markets.

14      Did you want to address scheduling before we handle

15 that or at the end?

16      THE COURT:  Well why don't we -- well, I mean the

17 only thing I was going to say about scheduling is -- I was

18 wondering if you were on, Ms. Sarkessian -- to have the

19 parties meet and confer with the committee once committee

20 counsel is appointed so that we can get something on the

21 books.  I don't want this to linger out there too long.  I

22 think it's something that does need to be addressed in a

23 fairly timely manner.  Obviously, we are going to be into

24 January before that happens, but I also want to make sure the

25 committee's counsel is comfortable with its ability to

1  properly address that motion.

2         So I would just ask, Mr. Glueckstein and Ms.

3  Sarkessian, if you could meet and confer with the committee's

4  counsel, once we know who they are, and then contact Chambers

5  for a hearing date.

6         MS. SARKESSIAN:  Your Honor, if I could address the

7  Court briefly.

8         THE COURT:  Sure, go ahead.

9         MS. SARKESSIAN:  Juliet Sarkessian for the U.S.

10  Trustee.

11         At the hearing earlier this week I believe Your

12  Honor suggested scheduling that hearing starting at 9 a.m. on

13  January the 11th. Initially, I think there is an omnibus

14  hearing for 10 a.m. and you suggested 9 a.m. because, you

15  know, potentially this hearing could have -- there is some

16  aspect of it that will be evidentiary.  Is that something

17  that we could, sort of, put a pin on and have that reserved

18  so that assuming that date is okay for the committee that we

19  could move forward then?

20         THE COURT:  Yeah.  I do have it blocked on my

21  calendar beginning at 9:30 on the 11th, but we can start at

22  9. I think we -- you had indicated, Ms. Sarkessian, at the

23  last hearing that 9:30 would work better for you.  So I set

24  it for 9:30, but we can make it 9 if we think this is going

25  to run over with all the other motions that are going to be

1  on for that day.

2          MS. SARKESSIAN:  I leave that to debtor's counsel

3  to address.  I can -- 9 o'clock is manageable for me.  I can

4  make it work.

5          THE COURT:  Okay.  Mr. Landis.

6      (No verbal response)

7          THE COURT:  You're muted, Mr. Landis.

8          MR. LANDIS:  Sorry.  No matter how long we do this,

9  Your Honor, I need to be reminded to click unmute.

10          Adam Landis from Landis Rath & Cobb on behalf of

11  the debtors.

12          We were anticipating Your Honor starting at 9.  Ms.

13  Sarkessian had indicated that she could make it work.  And

14  based on the length of the agenda and the nature of the

15  matters going forward we thought we were going to need the

16  time.  So we would appreciate the Court's indulgence to start

17  at 9.

18          THE COURT:  Okay.  We will start it at 9 and we

19  will, at least, block out, including the seal motion on for

20  that day subject to the committee's counsel coming in and

21  saying they need more time.

22          MS. SARKESSIAN:  Thank you, Your Honor.

23          THE COURT:  Okay.  Mr. Brown, do you want to be

24  heard?  I see you turned your camera on.

25      (No verbal response)

1          THE COURT:  You're muted, Mr. Brown.

2          I wish I had a dollar for every time I said that in

3  the last three years.

4      (Laughter)

5          MR. BROWN:  You could retire.  Can Your Honor hear

6  me?

7          THE COURT:  You're muted still. It sounded like you

8  had two microphones open at the same time.  You were getting

9  feedback.

10          MR. BROWN:  Can Your Honor hear me now?

11          THE COURT:  Yes.

12          MR. BROWN:  Okay. I'm sorry, Your Honor.  My zoom

13  requires me to dial-in as well.  That is a technical issue on

14  my end.

15          THE COURT:  You're going to have to speak-up a

16  little, Mr. Brown, or get the microphone closer.

17          MR. BROWN:  I represent one of the members of the

18  committee, and not on behalf of the committee, but just

19  reporting to the Court that the committee is meeting and

20  going through its processes, and expects to select counsel

21  either Monday or Tuesday of next week and just wanted the

22  Court and parties to be aware of that.

23          THE COURT:  Okay.  Thank you.  I appreciate that,

24  Mr. Brown.

25          Are there any other scheduling issues we need to

1  discuss at this point? I don't have anything on my list that

2  needs to be scheduled.

3        MR. GLUECKSTEIN:  Not from the debtor's

4  perspective, Your Honor.

5        THE COURT:  Okay.  Let's go ahead with the status

6  conference.

7        MR. GLUECKSTEIN:  Thank you, Your Honor.  For that

8  I will turn it over to my partner, Mr. Bromley.

9        THE COURT:  Okay.

10        MR. BROMLEY:  Good morning, Your Honor.  James

11  Bromley of Sullivan & Cromwell on behalf of the debtors.

12        We were before Your Honor a couple of days ago with

13  respect to the request by the joint provisional liquidators

14  from the Bahamas.  We had a meeting yesterday in New York

15  which included representatives of the debtors, the joint

16  provisional liquidators, and the Securities Commission of the

17  Bahamas, both principals and counsel.  While we haven't come

18  to any conclusions we did have a productive exchange of

19  views.

20        We have a proposal from the joint provisional

21  liquidators.  The debtors will be responding to that proposal

22  and at the moment, Your Honor, we don't have a solution, but

23  we are certainly working in good faith to see if we can get

24  to a solution.

25        For the moment I think it makes sense to continue

1  to hold a date of January 6th.  It is certainly our hope that

2  we might be able to have a solution prior to that and

3  notwithstanding the holidays we will be working towards

4  trying to come to that conclusion.  At the moment, Your

5  Honor, I think we need to continue to hold that date.

6          THE COURT:  Okay.  Mr. Zakia.

7          MR. ZAKIA:  Good morning, Your Honor.  Jason Zakia

8  of White & Case on behalf of the joint provisional

9  liquidators.

10          First matter, Mr. Shore sends his apologies. He is

11  about three doors down from you, I think, in a different

12  courtroom on a long scheduled hearing.  So you are stuck with

13  me.

14          Mr. Bromley is correct, we did have a meeting,

15  principals and counsel did attend.  Mr. Ray attended.  We

16  very much appreciated that.  We are hopeful that we will be

17  able to work this out.

18          If I could just raise a couple of issues so Your

19  Honor can understand from our client's perspective in case we

20  do need to move forward.  First, we believe that the proposal

21  we made with respect to the information addresses all of the

22  issues that were raised by Mr. Bromley earlier this week.  So

23  we are hoping that the debtors consider that in good faith

24  and that we are able to come to an agreement because this is

25  critically important from our client, Your Honor.

1          This is a threshold issue for them.  They need

2   access to their debtor's books and records in order to do

3   their job as Court appointed fiduciaries.  So from our

4   perspective it will be really important that this issue with

5   regard to the information gets considered on its own merits

6   and isn't tied together with other parts of the case.

7          There are a lot of issues in the case that will

8   have to be dealt with and that will all come in time, but we

9   believe that our request for information, which we believe is

10  quite unremarkable, should be considered on its own and not

11  tied together with other issues.

12         On timing, Your Honor, I know that Your Honor has

13  set this for the 6th and so we will proceed on that schedule.

14  From our perspective this really is an urgent matter and so

15  while we are happy to work with the debtors from our

16  perspective we cannot have the issue of the information slip

17  past the 6th.

18         So to the extent we are not able to come to an

19  agreement what we really need to avoid from our perspective

20  is having this, kind of, drag out so that we can't even

21  really begin to do our job in the Bahamas for any longer

22  because this is really interfering with the ability of the

23  liquidators to do their job.  So that is why the timing, from

24  our perspective, is so important.

25         I think it's important to note that in any

1  international case like this there are a multitude of

2  jurisdictions that have legitimate and important interests,

3  and that certainly includes the Bahamas.  Remember, these are

4  Bahamian entities.  Our clients are the trustees for a

5  Bahamian entity.  And the Bahamian legal system is an

6  independent legal system that should be respected.

7           There have been a lot of allegations an aspersions

8  thrown around directed at the Bahamas, the Bahamian

9  Government, the Bahamian legal system, and we will deal with

10  that in good time if necessary.  If we get to the 6th we

11  think the evidence will show that those allegations are

12  wholly without merit.  In fact, as Mr. Shore pointed out one

13  of the allegations that the debtors raised in connection

14  with -- in response to this motion to shorten that the

15  Bahamians were somehow facilitating payments, off the system,

16  to Bahamian residents in preference to other creditors.

17           When we look at the evidence they have that exactly

18  backwards.  Our clients were appointed specifically as part

19  of an effort to stop such activity.  And so we do think that

20  to the extent that there have been allegations of any

21  improper conduct by our clients or by the Bahamian system, as

22  a whole, at the right time the evidence will show that that

23  is entirely unfounded.

24           The last point I want to make, Your Honor, just so

25  you can understand this from my client's perspective, my

1   clients are independent Court appointed fiduciaries for the

2   Bahamian estate that had no involvement in this matter prior

3   to their appointment and the commencement of these

4   bankruptcy proceedings.  They are charged under Bahamian law

5   with investigating what happened and the information that is

6   requested by this motion, which, again, is the information

7   that belongs to the debtors over which they have been charged

8   and given responsibility is fundamental to their ability to

9   do that investigation.

10         We found ourselves in a situation which, again,

11  from their perspective is a little bit upside down, where the

12  debtor's, even with regard to the information that belongs

13  to the Bahamian entity, the debtors have set themselves up

14  as a gatekeeper here, and while I am --

15         THE COURT:  Mr. Zakia, I'm going to cut you off

16  because we're getting into the merits of the issues here.  We

17  have a hearing date on the 6th. I am going to talk a little

18  bit more about that date and what is going to happen leading

19  up to it.  Let's -- you know, this is not the time to make

20  those arguments.

21         MR. ZAKIA:  Understood, Your Honor.

22         THE COURT:  The evidence will show what the

23  evidence shows if we get to the 6th.  That is what I will

24  base my decision upon at that time.

25         MR. ZAKIA:  I am --

1          THE COURT:  Hold on, Mr. Zakia.

2          MR. ZAKIA:  Sorry, Your Honor.

3          THE COURT:  So at this point what I want to know is

4   have -- is the briefing complete on the motion to lift the

5   stay and turn over -- Mr. Bromley is shaking his head no.  I

6   haven't seen a response from the debtors yet.  Is that

7   correct, Mr. Bromley?

8          MR. BROMLEY:  That is correct, Your Honor.  We did

9   file an objection to the motion to shorten.  We have not

10  filed an objection to the motion to compel.  We would like to

11  have a schedule to do that.

12         THE COURT:  All right.

13         MR. ZAKIA:  Your Honor, just on that point -- if I

14  -- this might help with Mr. Bromley's response.  One of the

15  things that we will do, if we proceed on the 6th, Your Honor,

16  I know that the live access versus static access was a hot

17  issue.  And while, again, we don't agree with the debtor's

18  concerns, in order to simplify this hearing for purposes of

19  the 6th what we will be seeking is static access, not live

20  access.  We think that that makes the issues simpler and

21  cleaner.

22         So we would be amending the relief we sought in the

23  motion to seek, at this point without prejudice, live access

24  later, simply static access at this point.

25         THE COURT:  All right.

1          MR. ZAKIA:  Hopefully that makes the issues

2    simpler.

3          THE COURT:  All right.  It sounds like it might,

4    but I will leave that to Mr. Bromley.  That is an issue for

5    him to address with his clients.

6          So for the briefing schedule we have a hearing date

7    on the 6th.

8          Mr. Bromley, when do you want to file your response

9    to the motion to compel?

10          MR. BROMLEY:  Your Honor, the 6th is a Friday.  We

11    would like to be able to file our response on the morning of

12    the 4th which is Wednesday.  So 9 a.m. on the 4th.

13          THE COURT:  That won't give much time for Mr. Zakia

14    to file a reply brief.  Why don't we --

15          MR. ZAKIA:  You read my mind, Your Honor.

16          THE COURT:  -- make it -- why don't we make your

17    brief due, Mr. Bromley, on the 30th and then if there is a

18    reply that will be on the 4th and that gives me a couple days

19    to review it before I have to go to the hearing.

20          MR. BROMLEY:  Certainly we will meet those dates,

21    Your Honor.

22          THE COURT:  Okay.  And we have -- this will,

23    obviously, be a live hearing with -- well, hybrid, I guess.

24    People who want to participate -- who aren't going to be

25    actively participating in the hearing on the 6th can appear

1  virtually, but the main parties to the case and certainly the

2  witnesses must appear live in the Courtroom.

3          MR. BROMLEY:  Understood, Your Honor.

4          THE COURT:  Same goes for, I think, the second day

5  hearings -- just to go off this issue for a while, the second

6  day hearings, Mr. Bromley, are we anticipating -- well now

7  that we may have the issue on sealing I assume we're going to

8  have witnesses.  So that will probably have to be a hybrid

9  hearing as well.  So just so that everybody knows ahead of

10 time.

11         MR. BROMLEY:  Yes, Your Honor.

12         THE COURT:  So anything else on scheduling before

13 we adjourn?

14         MR. BROMLEY:  With respect to the hearing on the

15 6th if we do have to go forward, what I would propose, Your

16 Honor, is on the 30th, when we file our response, that that

17 will also be the date that the parties would exchange names

18 of testifying witnesses for the hearing on the 6th.

19         THE COURT:  Yes, absolutely.  And to the extent you

20 can agree on stipulated facts, and exhibits, and the

21 admissibility of exhibits, we should also do that on the 30th

22 as well.  So why don't we just go ahead and have, kind of, a

23 pretrial order that lays out what the agreed upon facts are,

24 what the disputed facts are, what the witnesses are, and a

25 brief statement about what they're going to testify about,

1 exhibits, list of exhibits, whether they're agreed to or not

2 and that way I can address any objections to the exhibits at

3 the beginning of the hearing on the 6th.

4        MR. BROMLEY:  Very good, Your Honor.

5        MR. ZAKIA:  Your Honor, just with regard to

6 scheduling, I don't know if you want to deal with this now,

7 we spoke, I think, on Wednesday as to the scheduling of the

8 recognition hearing.

9        THE COURT:  I asked about it.

10        MR. ZAKIA:  Yeah, I thought Chambers had given us

11 the 13th of January as a date for that.  I didn't know if

12 that still works for the Court or the debtors.

13        THE COURT:  It's not on my calendar.

14        MR. ZAKIA:  I didn't know if you wanted to set that

15 now or if we should work with Chambers offline to accomplish

16 that.

17        THE COURT:  Work with Chambers and debtor's

18 counsel.  Obviously, you are going to have to have the

19 committee's counsel as well on that one.

20        MR. BROMLEY:  Your Honor, with respect to the

21 recognition certainly it is our hope that we will be able to

22 resolve issues that exist between the parties, but if we are

23 not able to we do not consent to go forward on the 13th.  We

24 will need discovery with respect to the recognition hearing.

25 So our view is that what we should do, at best, is have a

1  scheduling hearing with respect to discovery.  We will need

2  to take discovery not only of the joint provisional

3  liquidators, but also other parties in the Bahamas if we do

4  decide to go forward on that basis.

5       THE COURT:  All right.  I will let the parties meet

6  and confer along with the committee counsel and then if you

7  need to have a scheduling conference come back and we will do

8  that.

9       MR. ZAKIA:  I would just suggest to Mr. Bromley if

10 there is discovery and they want to get started they can get

11 started.  Again, we're going to want Your Honor to be able to

12 deal with these issues in a timely manner. I know we don't

13 have to resolve that here, but it's going to prejudice our

14 clients if these things just get pushed off indefinitely.

15      THE COURT:  Well it sounds like the parties are

16 talking to each other and hopefully the cooperation will

17 continue including discovery issues.  I don't want to have to

18 spend my holiday, while I'm traveling, having to have a

19 conference call about a discovery dispute. So hopefully the

20 parties can agree on discovery issues.

21           Anything else before we adjourn?

22      MR. BROMLEY:  Nothing from the debtors, Your Honor.

23      THE COURT:  All right.  Thank you all very much.

24 We're adjourned.  I guess I will -- I guess we won't get

25 together then till the 6th if that goes forward.  Hopefully

1  the parties can resolve it, but if not I'm prepared to go

2  forward on the 6th.

3          Thank you all very much.  Enjoy the holidays.  I

4  will see everybody next year.  We're adjourned.

5      (Proceedings concluded at 10:32 a.m.)

6

7

8

9

10                      CERTIFICATION

11          I certify that the foregoing is a correct

12  transcript from the electronic sound recording of the

13  proceedings in the above-entitled matter to the best of my

14  knowledge and ability.

15

16  /s/ Mary Zajaczkowski                    December 16, 2022

17  Mary Zajaczkowski, CET-531

18  Certified Court Transcriptionist

19  For Reliable

20

21

22

23

24

25