## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** January 11, 2023 at 9:00 a.m. (ET)<br>**Objection Deadline:** January 4, 2023 at 4:00 p.m. (ET) |

## SUPPLEMENT TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE (A) SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (B) RULE 2015.3 FINANCIAL REPORTS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this supplement (this "Supplement") to the *Motion of*

*Debtors for Entry of an Order (I) Extending the Time to File (A) Schedules of Assets and*

*Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and*

*(II) Granting Certain Related Relief* [D.I. 26] (the "Motion").[2]  Facts supporting this Supplement

are set forth in the *Declaration of Edgar W. Mosley II in Support of Supplement to Motion of*

*Debtors for Entry of an Order Extending the Time to File (A) Schedules of Assets and Liabilities*

*and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports* (the "Mosley

Declaration"), attached hereto as Exhibit B, and the *Declaration of Edgar W. Mosley II in*

*Support of First Day Pleadings* [D.I. 57] (the "Mosley First Day Declaration").  In further

support of the Supplement, the Debtors respectfully state as follows:

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion.

**Background**

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively with the Mosley First Day Declaration, the "First Day Declarations").

**Facts Specific to the Relief Requested**

3.      On November 17, 2022, the Debtors filed the Motion.  Pursuant to the Motion, the Debtors requested entry of an order extending the (a) initial 28-day deadline by which the Debtors must file schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements") by 45 days, through and including January 23, 2023, without prejudice to the Debtors' ability to request additional extensions and (b) deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3(d) (the

"2015.3 Reports") to 30 days after the initial date set for the meeting of creditors to be held

pursuant to section 341 of the Bankruptcy Code, without prejudice to the Debtors' ability to

request additional extensions.  The Motion is incorporated herein by reference.

      4.      As set forth in the Motion and the First Day Declarations, the Debtors

commenced these Chapter 11 Cases with a lack of reliable books and records and trustworthy

financial information.  At the time the Debtors filed the Motion, the Debtors and their advisors

were hopeful that, notwithstanding this, they could assemble the necessary information and file

the Schedules and Statements and the 2015.3 Reports by the original requested deadlines.

However, since the filing of the Motion, it has become clear to the Debtors and their advisors

that additional time will be needed.  Accordingly, the Debtors request that the deadlines to file

the Schedules and Statements and 2015.3 Reports each be extended to April 15, 2023 (the

"Deadline").

### Jurisdiction

      5.      The Court has jurisdiction to consider this Supplement pursuant to 28

U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States

District Court for the District of Delaware, dated February 29, 2012.  This matter is a core

proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C.

§§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a)

and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"),

rules 1007, 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware (the "Local Rules").  Pursuant to

Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court

in connection with this Supplement to the extent it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **Relief Requested**

6.    By this Supplement, the Debtors request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), extending to April 15, 2023 the (a) initial 28-day deadline by which the Debtors must file their Schedules and Statements and (b) deadline by which the Debtors must file their 2015.3 Reports, in each case without prejudice to the Debtors' ability to request additional extensions.[3]

## **Basis for Relief**

### I.    **Cause Exists to Extend the Deadlines to File Schedules and Statements and 2015.3 Reports Beyond the Debtors' Original Requests.**

7.    While the Debtors anticipated at the time they filed the Motion that there would be some delay in obtaining all of the information necessary to compile and file the Schedules and Statements and 2015.3 Reports, the access to the data has been even further delayed than the Debtors anticipated. The data is voluminous and located in various locations. Some of these locations are inaccessible to the Debtors and require inputs from various sources that the Debtors are still working to access, understand and extract. Additionally, given the state of the records, it is necessary in many cases to cross-reference multiple sources or find other means of verification in order to ensure the accuracy of information. There are limited internal resources to assist in this process, and many of the internal systems of record are non-traditional and used in non-traditional ways which has slowed data-utilization and raised questions of reliability. Moreover, many of the key personnel with information regarding these resources and

---

[3]    For the avoidance of doubt, the Debtors seek entry of the Order attached hereto as Exhibit A rather than the proposed order attached to the Motion.

systems of record are no longer available to, or have limited availability for, the Debtors. This has been a time consuming process for the Debtors and their advisors. As of the filing of this Supplement, the Debtors still do not have full records for their customers and do not have completed financials through the Petition Date.

8.       Further complicating matters is the fact that the Debtors outsourced to third parties a large portion of the accounting functions necessary to operate their businesses prior to the commencement of these Chapter 11 Cases. For these third-party providers that continue to provide services to the Debtors, those efforts have been made significantly more difficult and time consuming due to a lack of access to records, key personnel or both.

9.       The Debtors submit that these Chapter 11 Cases are unique and the relief requested by this Supplement is appropriate and necessary under the circumstances. Since the filing of these Chapter 11 Cases and the filing of the Motion, the Debtors and their advisors have been working expeditiously to obtain and review the information necessary to compile the Schedules and Statements and 2015.3 Reports. Notwithstanding this, the Debtors do not believe that they will be able to file these reports until the Deadline. If the Debtors were required to file the Schedules and Statements and 2015.3 Reports by the original deadline, the information in the Schedules and Statements and 2015.3 Reports may be incomplete or inaccurate. The Debtors submit that such incomplete or inaccurate reporting would be more harmful to all parties-in-interest than any potential harm from giving the Debtors and their advisors additional time to prepare complete and accurate Schedules and Statements and 2015.3 Reports. Thus, for all the reasons set forth herein and in the Motion, the Debtors submit that cause exists to extend the deadlines to file the Schedules and Statements and 2015.3 Reports to the Deadline.

**Notice**

10.      Notice of this Supplement has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the parties identified on the Debtors' consolidated lists of 50 largest unsecured creditors and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A,</u> and

(b) grant such other and further relief as is just and proper.

Dated:  December 21, 2022  
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
         brown@lrclaw.com
         pierce@lrclaw.com

  -and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
         bromleyj@sullcrom.com
         gluecksteinb@sullcrom.com
         kranzleya@sullcrom.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*