# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: January 11, 2023 at 9:00 a.m. (ET) |
| | **Objection Deadline**: January 4, 2023 at 4:00 p.m. (ET) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING (I) DEBTORS TO PAY CERTAIN TAXES AND FEES AND (II) FINANCIAL INSTITUTIONS TO HONOR RELATED PAYMENT REQUESTS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 363(b), 507(a), 541(d), 1107(a) and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), (a) authorizing the Debtors to remit and pay (or use applicable tax credits to offset) Taxes (as defined below) in the ordinary course of business that are payable or become payable during the pendency of these Chapter 11 Cases (as defined below) (including obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date (as defined below)) and (b) authorizing applicable banks and other financial institutions to honor and process related checks and transfers. In support of this Motion, the Debtors submit the declaration of Edgar W. Mosley II (the "Mosley Declaration") attached hereto as Exhibit B, and respectfully state as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

**Background**

1.       On November 11 and November 14, 2022 (as applicable, the "Petition
Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.
The Debtors continue to operate their businesses and manage their properties as debtors-in-
possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration
of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order
on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States
Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of
Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I.
231].

2.       Additional factual background relating to the Debtors' businesses and the
commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in
Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.
Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the
*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the
*Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93]
(collectively, the "First Day Declarations").

**Facts Specific to the Relief Requested**

3.       In the ordinary course of business, the Debtors collect, withhold and incur
various U.S. federal, state and local income taxes, real and personal property taxes, foreign
income taxes, foreign capital taxes, as well as other foreign or domestic governmental taxes, fees

and assessments (collectively, the "Taxes").[2]  The Debtors pay or remit, as applicable, the Taxes to various foreign and domestic, federal, state and local government entities, including taxing and licensing authorities (each, a "Taxing Authority," and collectively, the "Taxing Authorities).

4.      The Debtors have identified, based on available books and records, certain Taxes that were incurred prior to the Petition Date[3] but were not paid prepetition.  Many such Taxes are paid on a periodic basis (and in arrears), and there is often a lag between the time when the Debtors incur an obligation to pay the Taxes and the date such Taxes become due and payable.  As a result, some Taxing Authorities may have claims against the Debtors for Taxes that have accrued but remain unpaid as of the Petition Date (the "Prepetition Taxes").  The Debtors seek authority to pay such Prepetition Taxes, including, but not limited to, Prepetition Taxes that accrued or were incurred prepetition but were not paid prepetition or were paid in an amount less than actually owed, Prepetition Taxes that were lost or otherwise not received prepetition and Prepetition Taxes incurred for prepetition periods that become due after the Petition Date.

5.      Based upon the Debtors' current and historical tax liabilities in the available books and records, the Debtors' best estimates and the projected timing of when the Taxes are likely to become due, the Debtors are requesting authority to pay Taxes up to $4.025 million upon entry of the Order.[4]  Furthermore, during these Chapter 11 Cases, the Debtors

---

[2]      This Motion does not seek relief with respect to the Debtors' collection and remittance of employee-related taxes and withholdings, which were authorized on an interim basis by the Court in the *Interim Order (I) Authorizing the Debtors to (I) Pay Prepetition Compensation and Benefits and (II) Continue Compensation and Benefits and (II) Granting Certain Related Relief* [D.I. 138].

[3]      November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

[4]      In the ordinary course of business, the Debtors sometimes undergo audits and reviews conducted by the various Taxing Authorities.  Although the estimates of outstanding Taxes are based on a good-faith assessment of the existing amounts due on a prepetition basis, there is a possibility—because of audit rights—that one or more of

intend to pay any postpetition Taxes in the ordinary course of business.

6. The principal categories of the Taxes, as well as the estimated accrued and unpaid amounts with respect to such Taxes as of the Petition Date, are as follows:

(i) <u>U.S. Income Taxes</u>. The Debtors incur and are required to pay various federal, state and local income taxes in the United States (collectively, the "<u>U.S. Income Taxes</u>"). As of the Petition Date, the Debtors estimate that approximately $150,000 in U.S. Income Taxes have accrued for the prepetition period and remain unpaid.

(ii) <u>Foreign Income Taxes</u>. The Debtors incur and are required to pay various income taxes outside of the United States (collectively, the "<u>Foreign Income Taxes</u>"). As of the Petition Date, the Debtors estimate that approximately $200,000 in Foreign Income Taxes have accrued for the prepetition period and remain unpaid.

(iii) <u>Foreign Capital Taxes</u>. The Debtors incur and are required to pay various capital taxes outside of the United States (collectively, the "<u>Foreign Capital Taxes</u>"). These taxes relate to the amount of capital held by the Debtors in the applicable foreign jurisdictions. As of the Petition Date, the Debtors estimate that approximately $100,000 in Foreign Capital Taxes have accrued for the prepetition period and remain unpaid.

(iv) <u>Real Property Taxes</u>. The Debtors incur and are required to pay various taxes related to real property holdings (collectively, the "<u>Real Property Taxes</u>"). In order to avoid the imposition of statutory liens on their properties, the Debtors typically pay real property taxes in the ordinary course of business as such taxes are invoiced or assessed. As of the Petition Date, the Debtors estimate that approximately $3.5 million in Real Property Taxes have accrued for the prepetition period and remain unpaid.

(v) <u>Other Taxes and Fees</u>. The Debtors incur, in the ordinary course of business, sales and use taxes, personal property taxes, as well as certain regulatory assessments, permitting, licensing, and other operational fees, including fees related to certain regulations, franchise taxes, and other miscellaneous taxes and fees (collectively, "<u>Other Taxes and Fees</u>"). The Debtors typically remit Other Taxes and Fees to the relevant Taxing Authorities on a monthly, quarterly, or annual basis. As of the Petition Date, the Debtors estimate that approximately $75,000 in Other Taxes and Fees have accrued and remain unpaid to the relevant Taxing Authorities.

the various Taxing Authorities may determine at a later date that the Debtors owe additional Prepetition Taxes. The Debtors request authority to pay any amounts that are later determined to be due as Prepetition Taxes.

## Jurisdiction

7.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 363(b), 507(a) 541(d), 1107(a) and 1108 of the Bankruptcy Code.  Pursuant to Local Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

8.      By this Motion, the Debtors request entry of the Order (a) authorizing the Debtors to remit and pay (or use applicable tax credits to offset), Taxes in the ordinary course of business that are payable or become payable during the pendency of these Chapter 11 Cases (including obligations subsequently determined upon audit or otherwise to be owed for periods prior to the petition date) and (b) authorizing applicable banks and other financial institutions to honor and process related checks and transfers.[5]

---

[5]    For the avoidance of doubt, the relief requested herein is without prejudice to the Debtors' rights to contest the amounts of any Taxes on any grounds the Debtors deem appropriate, which rights are hereby expressly reserved.

**Basis for Relief**

I.      **The Court May Allow Payment of Prepetition Taxes Under Sections 507(a) and 541(d) of the Bankruptcy Code.**

9.      First, the Debtors submit that a portion of the Prepetition Taxes may be entitled to priority status under section 507(a)(8) of the Bankruptcy Code and therefore must be paid in full under any plan of reorganization.  *See* 11 U.S.C. § 1129(a)(9)(C).  Therefore, with respect to any such claims, payment at this time would only affect the timing of the payment for the amounts at issue and would not unduly prejudice the rights and recoveries of junior creditors.  Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Taxing Authorities may attempt to assess interest and penalties if such amounts are not paid.  *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  The Debtors' failure to pay the Prepetition Taxes as they become due would ultimately increase the amount of priority claims held by the Taxing Authorities against the Debtors' estates.

10.     Second, certain Taxing Authorities may assert that certain of the Prepetition Taxes are so-called "trust fund" taxes that the Debtors are required to collect from third parties and hold in trust for the benefit of such Taxing Authorities.  *See, e.g.*, 26 U.S.C. § 7501 (stating that certain taxes and fees are held in trust); *City of Farrell* v. *Sharon Steel Corp.*, 41 F.3d 92, 96 (3d Cir. 1994) (holding that withheld income taxes were held in trust).  To the extent that the Debtors collect such Prepetition Taxes from their customers on behalf of the Taxing Authorities, those Prepetition Taxes may not constitute property of the estate.  *See* 11 U.S.C. § 541(d) (limiting extent to which property in which the debtor holds only legal title as of the petition date becomes "property of the estate"); *see also Begier* v. *IRS*, 496 U.S. 53, 57-60

(1990) (holding that any prepetition payment of trust fund taxes is not an avoidable preference because such funds are not property of the debtor's estate); *see also EBS Pension LLC v. Edison Bros. Stores, Inc. (In re Edison Bros., Inc.)*, 243 B.R. 231, 235 (Bankr. D. Del. 2000) (noting that property held in trust, whether constructively or expressly, does not become part of the estate when the debtor files its bankruptcy petition), *reconsideration denied*, 2001 Bankr. LEXIS 1333 (Bankr. D. Del. Oct. 11, 2001).  As a consequence, taxes held in trust do not constitute property of the Debtors' estates, and these amounts will not otherwise be available to the Debtors' estates or their creditors.  As such, payment of such Prepetition Taxes does not prejudice the rights of any of the Debtors' other creditors, and the Debtors should be authorized to pay any Prepetition Taxes that constitute trust fund taxes as they become due and payable.

11.    Third, the Taxing Authorities may take actions that might interfere with the Debtors' businesses if the Debtors are not permitted to pay the Prepetition Taxes.  Certain Taxing Authorities may attempt to revoke the Debtors' licenses and permits, subject the Debtors to audits, seek to lift the automatic stay or impose liens on the Debtors' real or personal property. Payment of the Prepetition Taxes will avoid these potentially burdensome and costly governmental actions, as well as the incurrence of potential penalties if such Prepetition Taxes are not timely paid.

12.    Fourth, many foreign and domestic Taxing Authorities hold certain directors, officers and other employees of entities responsible for collecting, withholding or remitting certain taxes personally liable for such taxes.  *See, e.g.*, 26 U.S.C. § 6672(a).  To the extent that such Taxes were incurred by the Debtors before the Petition Date and are not remitted or paid by the Debtors, certain of the Debtors' directors, officers and other employees may be subject to civil lawsuits or criminal prosecution during the pendency of these Chapter 11 Cases.

Payment of the Prepetition Taxes will avoid the loss of focus and morale that would result from the risk of such liability.

## II.    Payment of the Prepetition Taxes Is Appropriate Under Sections 105(a), 363(b), 1107(a) and 1108 of the Bankruptcy Code.

13.     The relief requested is appropriate under sections 105(a), 363(b), 1107(a) and 1108 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code, and they are therefore fiduciaries "holding the bankruptcy estate and operating the business for the benefit of . . . its creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  Implicit in the duties of a chapter 11 debtor-in-possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." *Id*. Consistent with a debtor's fiduciary duties to preserve the estate, courts have authorized payment of prepetition obligations pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.  *See, e.g.*, *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) ("the bankruptcy court has considerable discretion" in granting motion pursuant to section 363(b)); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (stating that section 363(b) provides "broad flexibility" for a debtor to satisfy prepetition claims where supported by a proper business justification); *In re Just for Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) ("Section 105(a) of the Code provides a statutory basis for the payment of pre-petition claims.").  Indeed, courts have recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the preplan satisfaction of a prepetition claim." *In re CoServ, L.L.C.*, 273 B.R. at 497.

14.     Section 363(b) of the Bankruptcy Code empowers the Court to allow a debtor, in the exercise of its sound business judgment and after notice and a hearing, to "use, sell,

or lease, other than in the ordinary course of business, property of the estate." *See* 11 U.S.C. § 363(b)(1); *see also In re Just For Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 2009) ("The Supreme Court, the Third Circuit, and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11."). For a court to approve the use, sale, or lease of estate property under section 363(b) of the Bankruptcy Code, including the payment of prepetition claims, the debtor must "articulate some business justification, other than mere appeasement of major creditors . . . ." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 175 (holding that the debtor's payment of prepetition claims was necessary to protect its business and to ensure successful reorganization); *see also In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 939 (Bankr. D. Del. 1992) (recognizing that "[i]f payment of a pre-petition claim 'is essential to the continued operation of [the debtor], payment must be authorized'") (citing *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981)). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted). Under this section, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.*, 98 B.R. at 175.

15.     Additionally, section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 175. Under section 105(a), the Court "can permit pre-plan payment of a pre-petition

obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R.

126, 127 (Bankr. E.D. Va. 1992); *see also In re Just for Feet, Inc.*, 242 B.R. at 825 ("To invoke

the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is

critical to the debtor's reorganization"); *see also In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835

(Bankr. S.D.N.Y. 1996) (recognizing "the doctrine of necessity . . . permits the bankruptcy court

to authorize the payment of prepetition claims prior to confirmation").

16.    Courts in this district have recognized the "necessity of payment"

doctrine. *See, e.g.*, *In re Energy Future Holdings Corp.*, 561 B.R. 630, 642-43 (Bankr. D. Del.

2016) ("The Third Circuit has explained that a 'necessity of payment' rule is intended to benefit

all parties and is applicable when such payment is critical to the Debtors' reorganization."); *In re*

*Columbia Gas Sys.*, 171 B.R. 189, 192 (Bankr. D. Del. 1994) (allowing "payment of [a] class of

pre-petition creditors in advance of a confirmed plan" where "the debtor . . . show[s] that

payment is essential to the continued operation of the business"); *In re Lehigh & N. E. R. Co.*,

657 F.2d 570, 581 (3d Cir. 1981) ("[T]he 'necessity of payment' doctrine . . . teaches no more

than, if payment of a claim which arose prior to reorganization is essential to the continued

operation of the [debtor] during reorganization, payment may be authorized even if it is made out

of corpus.").

17.    The necessity of payment doctrine is designed to foster a debtor's

rehabilitation, which courts have recognized is "the paramount policy of Chapter 11." *In re*

*Ionosphere Clubs, Inc.*, 98 B.R. at 176; *In re Chateaugay Corp.*, 80 B.R. 279, 287 (S.D.N.Y.

1987) (authorizing payment of prepetition workers' compensation claims on grounds that the

fundamental purpose of reorganization and equity powers of bankruptcy courts "is to create a

flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment

of creditors in full or at least proportionately"); *In re Just for Feet*, 242 B.R. at 826 (finding that

payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor

during the chapter 11 reorganization"); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr.

N.D. Ohio 1991) ("[A] general practice has developed . . . where bankruptcy courts permit the

payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be

unable to reorganize without such payment."); *In re CoServe, L.L.C.*, 273 B.R. at 497 ("[I]t is

only logical that the bankruptcy court be able to use Section 105(a) of the [Bankruptcy] Code to

authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the

estate."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991)

(approving payment of prepetition unsecured claims of tool makers as "necessary to avert a

serious threat to the Chapter 11 process").

        18.     The relief requested in this Motion represents a sound exercise of the

Debtors' business judgment and is necessary for the preservation of the resources and going-

concern value of their estates.  Payment of the Prepetition Taxes is critical to the maintenance of

the Debtors' businesses.  Nonpayment of these obligations may cause certain Taxing Authorities

to take precipitous actions, including, but not limited to, initiating audits, seeking to modify the

automatic stay, attempting to file liens against the Debtors' real and personal property and/or

pursuing other remedies, all of which would hinder the Debtors' efficient and effective

administration of these Chapter 11 Cases and burden the Debtors' estates with unnecessary

expenses.  Further, payment of the Prepetition Taxes may actually reduce the amounts ultimately

paid to the Taxing Authorities, and thus expand the Debtors' estates, because penalties and

interest will be avoided by prompt payment.  Accordingly, for these reasons, and the supporting

authority found in sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors submit that

the relief requested is essential, appropriate, and in the best interests of their estates and should be granted.

19.    Courts in this district have routinely granted relief similar to the relief requested herein.  *See*, *e.g.*, *In re Fast Radius, Inc.*, No. 22-11051 (JKS) (Dec. 7, 2022), D.I. 151 (granting Debtors' motion to pay prepetition taxes and fees on a final basis); *In re Kabbage, Inc.*, No. 22-10951 (CTG) (Oct. 21, 2022), D.I. 133 (same); *In re TPC Group Inc.*, No. 22-10493 (CTG) (June 30, 2022), D.I. 342 (same); *In re SFP Franchise Corp.*, No. 20-10134 (JTD) (Feb. 13, 2020), D.I. 181 (same).

### III.    The Taxes Are Paid in the Ordinary Course of the Debtors' Business.

20.    Section 363(c)(1) of the Bankruptcy Code provides that a debtor-in-possession may "enter into transactions . . . in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing."  In determining whether a transaction falls within the ordinary course of a Debtors' business, courts in the Third Circuit apply a two-part test containing both a horizontal and vertical inquiry.  *See In re Roth Am., Inc.*, 975 F.2d 949, 952-53 (3d. Cir. 1992) ("In prior cases, the courts have engaged in a two-step inquiry for determining whether a transaction is in "the ordinary course of business": a 'horizontal dimension' test and a 'vertical dimension' test"); *see also  In re Blitz USA, Inc.*, 475 B.R. 209 (Bankr. D. Del. July 9, 2012) (applying the horizontal and vertical prongs of the test).  Under the vertical test, courts look at "whether the transaction subjects a hypothetical creditor to economic risk of a nature different from those he accepted when he decided to extend credit."  *In re Roth Am., Inc.* 975 F2.d at 952-53.  Under the horizontal test, in general courts look at whether "the transaction is of the sort commonly undertaken by companies in that industry."  *Id.* ("The primary focus is on the debtor's pre-petition practices and conduct.").  Here, payment of Taxes is consistent with the Debtors'

prepetition practice, and the Debtors therefore believe that they are authorized, without further order of the Court, to honor their obligations and perform in the ordinary course of their prepetition business on a postpetition basis pursuant to section 363(c)(1) of the Bankruptcy Code. Accordingly, the Debtors submit that they may continue payment of the Taxes that accrue or are incurred in the ordinary course of business on a postpetition basis consistent with prepetition practices.

IV.     **Cause Exists to Authorize Applicable Banks and/or Financial Institutions to Honor Checks and Electronic Fund Transfers Related to the Prepetition Taxes.**

21.     In order to stabilize the Debtors' operations and to smoothly transition into chapter 11, it is imperative that the Debtors maintain their ability to perform their most basic functions. The Debtors request that all applicable banks and other financial institutions should be authorized, when requested by the Debtors in their discretion, to receive, process, honor and pay any and all checks and fund transfer requests made by the Debtors related to the Prepetition Taxes, whether such checks or fund transfer requests were submitted prior to or after the Petition Date. Any such financial institution may rely on the representations of such Debtors as to which checks and fund transfer requests are made and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability for following the Debtors' instructions. The Debtors also seek authority to issue new postpetition checks, or effect new electronic funds transfers, to replace any prepetition checks or electronic funds transfer requests that may be dishonored or rejected as a result of the commencement of these Chapter 11 Cases with respect to amounts owed in connection with the Prepetition Taxes.

### Waiver of Bankruptcy Rule 6004(h)

22.     Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h). Pursuant to Bankruptcy

Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons described above, the relief requested is essential to prevent potentially irreparable damage to the Debtors' operations, value and ability to reorganize.

## Reservation of Rights

23.     Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party or (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Notice

24.     Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) United States Attorney for the District of Delaware; (g) the Taxing Authorities; (h) the parties identified on the Debtors' consolidated lists of 50 largest unsecured creditors; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## **No Prior Request**

25.    No prior motion for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

Dated:  December 21, 2022
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (*pro hac vice* pending)
James L. Bromley (*pro hac vice* pending)
Brian D. Glueckstein (*pro hac vice* pending)
Alexa J. Kranzley (*pro hac vice* pending)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*