# EXHIBIT B

**Declaration of Edgar W. Mosley II**

{1368.002-W0069438.}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref No. __** |

**DECLARATION OF EDGAR W. MOSLEY II IN SUPPORT OF DEBTORS'
MOTION AUTHORIZING (I) DEBTORS TO PAY CERTAIN TAXES AND FEES AND
(II) FINANCIAL INSTITUTIONS TO HONOR RELATED PAYMENTS REQUESTS**

I, Edgar W. Mosley II, hereby declare under penalty of perjury:

1.　　　　I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operation restructuring.

2.　　　　I have more than 20 years of restructuring and distressed investment experience across various industries, including oil & gas, manufacturing, transportation, automotive, retail, industrial construction, telecommunications, healthcare, and consumer products. I have a Bachelor's Degree from Harvard University, and have been recognized as a Certified Insolvency and Restructuring Advisor by the Association of Insolvency and Restructuring Advisors, where I served on the board from 2019 until 2020.

3.　　　　Since joining A&M, I have been involved in numerous Chapter 11 restructurings including Seadrill Limited (2020 and 2017), Valaris plc, Diamond Offshore

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069438.}

Drilling, Inc., Imerys Talc America, White Star Petroleum, Southcross Energy, Magnum Hunter Resources, Exide Technologies (where I served as the Chief Restructuring Officer), and Visteon Corporation.

4. I submit this declaration (the "Declaration") in support of the Debtors' requested relief in the *Motion of Debtors for Entry of an Order Authorizing (I) Debtors to Pay Certain Taxes and Fees and (II) Financial Institutions to Honor Related Payments Requests* (the "Motion"). I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor proposed to be retained by the FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"). Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by A&M professionals involved in advising the Debtors in the above-captioned cases (the "Chapter 11 Cases") or information provided to me by the Debtors. If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the Debtors.

5. In the ordinary course of business, the Debtors collect, withhold and incur various U.S. federal, state and local income taxes, real and personal property taxes, foreign income taxes, foreign capital taxes, as well as other foreign or domestic governmental taxes, fees and assessments (collectively, the "Taxes"). The Debtors pay or remit, as applicable, the Taxes to various foreign and domestic, federal, state and local government entities, including taxing and licensing authorities (each, a "Taxing Authority," and collectively, the "Taxing Authorities).

6. The Debtors have identified, based on available books and records, certain Taxes that were incurred prior to the Petition Date[2] but were not paid prepetition. Many such Taxes are paid on a periodic basis (and in arrears), and there is often a lag between the time when the Debtors incur an obligation to pay the Taxes and the date such Taxes become due and payable. As a result, some Taxing Authorities may have claims against the Debtors for Taxes that have accrued but remain unpaid as of the Petition Date (the "Prepetition Taxes"). The Debtors seek authority to pay such Prepetition Taxes, including, but not limited to, Prepetition Taxes that accrued or were incurred prepetition but were not paid prepetition or were paid in an amount less than actually owed, Prepetition Taxes that were lost or otherwise not received prepetition and Prepetition Taxes incurred for prepetition periods that become due after the Petition Date.

7. Based upon the Debtors' assessment of current and historical tax liabilities in the available books and records, the Debtors' best estimates of and the projected timing of when the Taxes are likely to become due, the Debtors are requesting authority to pay Taxes up to $4.025 million upon entry of the Order.[3] Furthermore, during these Chapter 11 Cases, the Debtors intend to pay any postpetition Taxes in the ordinary course of business.

8. The principal categories of the Taxes, as well as the estimated accrued and unpaid amounts with respect to such Taxes as of the Petition Date, are as follows:

    (i) <u>U.S. Income Taxes</u>. The Debtors incur and are required to pay various federal, state and local income taxes in the United States (collectively, the "U.S. Income Taxes"). As of the Petition Date, the Debtors estimate that

---

[2] November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

[3] In the ordinary course of business, the Debtors sometimes undergo audits and reviews conducted by the various Taxing Authorities. Although the estimates of outstanding Taxes are based on a good-faith assessment of the existing amounts due on a prepetition basis, there is a possibility—because of audit rights—that one or more of the various Taxing Authorities may determine at a later date that the Debtors owe additional Prepetition Taxes. The Debtors request authority to pay any amounts that are later determined to be due as Prepetition Taxes.

approximately $150,000 in U.S. Income Taxes have accrued for the prepetition period and remain unpaid.

(ii) <u>Foreign Income Taxes</u>. The Debtors incur and are required to pay various income taxes outside of the United States (collectively, the "<u>Foreign Income Taxes</u>"). As of the Petition Date, the Debtors estimate that approximately $200,000 in Foreign Income Taxes have accrued for the prepetition period and remain unpaid.

(iii) <u>Foreign Capital Taxes</u>. The Debtors incur and are required to pay various capital taxes outside of the United States (collectively, the "<u>Foreign Capital Taxes</u>"). These taxes relate to the amount of capital held by the Debtors in the applicable foreign jurisdictions. As of the Petition Date, the Debtors estimate that approximately $100,000 in Foreign Capital Taxes have accrued for the prepetition period and remain unpaid.

(iv) <u>Real Property Taxes</u>. The Debtors incur and are required to pay various taxes related to real property holdings (collectively, the "<u>Real Property Taxes</u>"). In order to avoid the imposition of statutory liens on their properties, the Debtors typically pay real property taxes in the ordinary course of business as such taxes are invoiced or assessed. As of the Petition Date, the Debtors estimate that approximately $3.5 million in Real Property Taxes have accrued for the prepetition period and remain unpaid.

(v) <u>Other Taxes and Fees</u>. The Debtors incur, in the ordinary course of business, sales and use taxes, personal property taxes, as well as certain regulatory assessments, permitting, licensing, and other operational fees, including fees related to certain regulations, franchise taxes, and other miscellaneous taxes and fees (collectively, "<u>Other Taxes and Fees</u>"). The Debtors typically remit Other Taxes and Fees to the relevant Taxing Authorities on a monthly, quarterly, or annual basis. As of the Petition Date, the Debtors estimate that approximately $75,000 in Other Taxes and Fees will have accrued and remain unpaid to the relevant Taxing Authorities.

9. Any failure by the Debtors to pay the Taxes could harm the value of the Debtors' businesses. Certain Taxing Authorities may attempt to revoke the Debtors' licenses and permits, subject the Debtors to audits, seek to lift the automatic stay or impose liens on the Debtors' real or personal property. The Debtors' directors and officers could also be held personally liable for unpaid taxes and fees. Accordingly, I believe that the relief requested in the Motion is in the best interest of the Debtors' estates and their creditors.

-5-

Dated: December 21, 2022   */s/ Edgar W. Mosley II*
 Edgar W. Mosley II
 Alvarez & Marsal North America, LLC
 Managing Director