**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date**:  January 11, 2023 at 9:00 a.m. (ET)<br>**Objection Deadline**:  January 4, 2023 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP
AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION
*NUNC PRO TUNC* TO THE PETITION DATE**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this application (this "Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2014-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of Sullivan & Cromwell LLP ("S&C") as counsel to the Debtors *nunc pro tunc* to the Petition Date.  In support of this Application, the Debtors rely upon the Declaration of John J. Ray III attached hereto as Exhibit B (the "Ray Declaration") and the Declaration of Andrew G. Dietderich attached hereto as Exhibit C (the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069447.}

"Dietderich Declaration"), which are incorporated herein by reference, and the Debtors respectfully state as follows:

### Background

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

### Jurisdiction

3. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28

U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

4. By this Application, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Debtors to retain and employ S&C as their counsel in connection with these Chapter 11 Cases *nunc pro tunc* to the Petition Date.[2]

**I.     S&C's Qualifications**

5. By this Application, the Debtors seek the authority to employ and retain S&C as their attorneys in connection with the prosecution of their Chapter 11 Cases to perform legal services as set forth herein.

6. The Debtors have determined that the quality, reliability and creativity of legal services available to the Debtors will be an important contributor to global recoveries in these uniquely challenging and scrutinized Chapter 11 Cases. S&C is one of the leading law firms in the world in all of the key practice areas anticipated to influence whether or not the Debtors can accomplish their objectives, including U.S. bankruptcy law, cross-border restructuring, financial services regulation, new financial service technologies, civil and criminal investigations, cryptocurrency transactions, cybercrime, payment systems, international money

---

[2]   November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

laundering, U.S. and European sanctions compliance, international corporate law, mergers and acquisitions and litigation.

7. The Debtors have requested that S&C make available a selected team of experienced partners with expertise in each of these disciplines for personal, hands-on involvement in these Chapter 11 Cases, and S&C has agreed to do so for the duration of the engagement.

8. The Debtors believe these Chapter 11 Cases will be of unusual scope and complexity and that the matter requires a lead law firm with experience in coordinating similar multi-disciplinary matters in multiple jurisdictions. The S&C team includes lawyers with personal experience coordinating matters of similar scope.

9. For the foregoing reasons, the Debtors believe that S&C is well qualified to represent them as debtors-in-possession in these Chapter 11 Cases, and that the retention of S&C is necessary and in the best interests of the Debtors and their estates and stakeholders.

## II. Services to Be Provided

10. S&C will work closely with such other professionals as may be retained by the Debtors. Specifically, the Debtors have requested that S&C render services including, but not limited to, the following:

    a. advising the Debtors with respect to their powers and duties as debtors and debtors-in-possession, including the legal and administrative requirements of operating in chapter 11;

    b. advising the Debtors with respect to responses and discussions with local and federal governmental authorities and regulators;

    c. assisting the Debtors with investigating all potential estate causes of action;

    d. advising the Debtors with respect to the potential sale of their business and negotiating and preparing on the Debtors' behalf all agreements related thereto;

  e. attending meetings and negotiating with representatives of creditors and other parties-in-interest;

  f. assisting with the preservation of the Debtors' estates, including the prosecution of actions commenced under the Bankruptcy Code or otherwise on their behalf, and objections to claims filed against the estates;

  g. preparing and prosecuting on behalf of the Debtors all motions, applications, answers, orders, reports and papers necessary for the administration of the estates;

  h. negotiating and preparing on the Debtors' behalf the chapter 11 plan(s), disclosure statement(s) and all related agreements and/or documents;

  i. advising the Debtors with respect to certain corporate, financing, tax and employee benefit matters as requested by the Debtors and without duplication of other professionals' services;

  j. appearing before the Court, and any appellate courts, and protecting the interests of the Debtors' estates before such courts and

  k. performing all other legal services in connection with these Chapter 11 Cases as requested by the Debtors and without duplication of other professionals' services.

### III. Professional Compensation

11. S&C has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges, costs and expenses incurred in these Chapter 11 Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable guidelines and orders of the Court.

12. As set forth in the Dietderich Declaration, S&C does not ordinarily determine its fees solely on the basis of hourly rates. Instead, S&C ordinarily bases the fee for its services on all the factors prescribed by rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct, including the firm's contribution to the relevant matter, the responsibility

assumed, the results achieved, the difficulty and complexity of the matter, the amount involved, the experience of, and demands on, the lawyers involved and the fees customarily charged for such matters. S&C's compensation arrangements are designed to fairly compensate S&C for its services according to these principles, and S&C's fees charged to the Debtors prior to the Petition Date were generally determined in this manner.

13. Notwithstanding the foregoing, S&C has agreed with the Debtors that, consistent with the above and subject to the Court's approval, it will charge the Debtors for its legal services on an hourly basis in connection with these cases. S&C's billing rates have been determined with reference to the rates charged by other leading law firms for similar work during chapter 11 cases and will range from $1,575 to $2,165 per hour for partners and special counsel, $810 to $1,475 per hour for associates and $425 to $595 per hour for legal assistants. These rates for the more senior timekeepers in each class represent a discount from the rates currently used by S&C when preparing estimates of fees under its normal billing procedures for non-bankruptcy engagements. These rates may change from time to time in accordance with S&C's established billing practices and procedures, including yearly rate increases.

14. During the 90-day period prior to the Petition Date, the Debtors paid, or non-Debtors paid on behalf of the Debtors to, S&C the following amounts:

| Received Date | Amount Received |
| --- | --- |
| August 26, 2022 | $23,882.50 |
| September 6, 2022 | $81,665 |
| October 5, 2022 | $142,611.53 |
| October 19, 2022 | $195,484.33 |
| October 20, 2022 | $166,493.75 |
| October 20, 2022 | $555,030.05 |
| November 3, 2022 | $2,253,670.77 |

A retainer in the amount of $12,000,000 was funded by Debtor West Realm Shires Inc., on behalf of the Debtors, prior to its Petition Date for S&C to hold as security for payment of its

fees and expenses. As of the Petition Date, S&C holds as security for payment of its fees and expenses a retainer (the "Retainer") in the amount of $8,971,661.14. Subject to further order of the Court, S&C will hold the unused Retainer balance as an evergreen retainer to be held by S&C as security throughout these Chapter 11 Cases until S&C's fees and expenses are awarded by final order and payable to S&C.[3]

15. Pursuant to Bankruptcy Rule 2016(b), S&C has neither shared nor agreed to share any compensation it has received or may receive with another party or person, other than with partners, counsel, associates and contract attorneys associated with S&C or any compensation another person or party has received or may receive.

16. The Debtors have agreed to pay S&C for the legal services rendered or to be rendered by their attorneys and other personnel in connection with these Chapter 11 Cases on the Debtors' behalf. The Debtors have also agreed to reimburse S&C for its actual and necessary expenses incurred in connection with these Chapter 11 Cases. The Debtors will review prospective budgets and staffing plans to be submitted by S&C during these Chapter 11 Cases, and will have a full opportunity to review all of S&C's fees and expenses as set forth in the monthly and interim fee applications to be submitted by S&C to the Court.

---

[3] Courts in this district have approved evergreen retainer agreements. *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice [of receiving security retainers] in this district has been engaged in since at least the early 1990s."). S&C believes that its request for approval of an evergreen retainer in these Chapter 11 Cases satisfies the five-part test articulated by Judge Carey in *Insilco*. First, S&C submits that the proposed terms of its engagement reflect normal business terms in the marketplace. Second, S&C submits that both it and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length. Third, S&C believes that approval of the Retainer as an evergreen retainer is in the best interests of the Debtors' estates. Indeed, at this crucial stage of the Debtors' Chapter 11 Cases, S&C believes that it is essential that the Debtors have immediate and uninterrupted access to sophisticated counsel to assist in the prosecution of their bankruptcy proceedings. Fourth, S&C is currently unaware of any creditor opposition to the approval of the Retainer as an evergreen retainer. Fifth, given the size, circumstances, and posture of the Debtors' Chapter 11 Cases, S&C believes approval of the Retainer as an evergreen retainer provides it with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs in these cases.

IV.     **Disinterestedness**

17.     To the best of the Debtors' knowledge, and as detailed in the Dietderich Declaration, (i) S&C is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (ii) S&C does not represent any person or entity having an interest adverse to the Debtors in connection with these Chapter 11 Cases, (iii) S&C does not hold or represent an interest adverse to the Debtors' estates with respect to matters on which S&C is employed and (iv) S&C has no connection to the Debtors, their creditors or any other party-in-interest except as disclosed herein and in the Dietderich Declaration.

18.     S&C will review its files against any updated Interested Parties List (as defined in the Dietderich Declaration) received from the Debtors from time to time during the pendency of these Chapter 11 Cases pursuant to the procedures described in the Dietderich Declaration.  To the extent any new relevant facts or relationships are discovered or arise in the course of such review, S&C will promptly make additional disclosure to the Court as required by Bankruptcy Rule 2014(a).

## Basis for Relief

19.     The Debtors seek to retain S&C as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

1.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement

for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

20. Based on the facts and for the reasons stated herein and in the Ray Declaration and the Dietderich Declaration, the retention and employment of S&C as counsel to the Debtors pursuant to this Application is reasonable, necessary, appropriate and satisfies the requirements of sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a). The Debtors respectfully submit that the retention and employment of S&C will enable the Debtors to administer their estates during these Chapter 11 Cases, is in the best interests of the Debtors and their estates and stakeholders and should be approved by the Court.

### *Nunc Pro Tunc* Retention of S&C

21. Additionally, given the circumstances of these Chapter 11 Cases, the Debtors respectfully request that the retention and employment of S&C be authorized *nunc pro tunc* to the Petition Date.

22. The United States Court of Appeals for the Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See In re Arkansas*, 798 F.2d 645, 650 (3d Cir. 1986).

23. As described in the First Day Declarations, these Chapter 11 Cases are unique. Due to the speed of the Debtors' collapse, these Chapter 11 Cases were filed on an expedited basis. Following the Petition Date, the Debtors and their professionals necessarily committed substantial resources towards stabilizing the Debtors' businesses and transitioning into chapter 11, including, among other things, seeking approval of various first-day and other motions. The Debtors and their professionals also have expended significant time towards the

ongoing work to protect and recover assets around the world, while also advancing their investigation into the facts and circumstances that led to the Debtors' collapse.

24. The Debtors believe that no party-in-interest will be prejudiced by the granting of the retention and employment *nunc pro tunc* to the Petition Date because S&C has provided and continues to provide valuable services to the Debtors' estates. Accordingly, the Debtors request that this Court authorize the retention and employment of S&C *nunc pro tunc* to the Petition Date.

## Notice

25. Notice of this Application has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the parties identified on the Debtors' consolidated lists of 50 largest unsecured creditors and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

-11-

Dated: December 21, 2022

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

By: */s/ John J. Ray III*
John J. Ray III
Chief Executive Officer