# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref No. __** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing the Debtors to retain and employ Sullivan & Cromwell LLP ("S&C") as their counsel *nunc pro tunc* to the Petition Date; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Application.

or further notice is necessary; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Application and upon the record of the hearing and all proceedings had before this Court; and upon the consideration of and based on the representations made in the Declaration of John J. Ray III in support of the Application attached as Exhibit B thereto and the Declaration of Andrew G. Dietderich in support of the Application attached as Exhibit C thereto; and this Court being satisfied based on the representations made in the Application and the Dietderich Declaration that S&C does not hold or represent any interest adverse to the Debtors' estates, with respect to the matters upon which S&C is to be employed, that S&C is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that S&C's employment is necessary and is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ S&C as their counsel on the terms set forth in the Application, the Ray Declaration and the Dietderich Declaration *nunc pro tunc* to the Petition Date.

3. S&C shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

4. S&C shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court. S&C intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as November 1, 2013* in connection with the Application and interim and final fee applications filed by S&C in these Chapter 11 Cases.

5. S&C shall not charge a markup to the Debtors with respect to fees billed by any contract attorneys hired by S&C to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code, Bankruptcy Rules and Local Rules. For the avoidance of doubt, S&C shall neither share fees with existing or future contract attorneys who provide services to the Debtors nor enter into fee sharing arrangements with such contract attorneys.

6. The Retainer held by S&C shall be treated as an evergreen retainer and shall be held by S&C as security throughout these Chapter 11 Cases until S&C's fees and expenses are awarded and payable to S&C on a final basis.

7. All fees and expenses incurred by S&C and approved by the Court shall be treated as administrative expenses under section 503 of the Bankruptcy Code.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

10. To the extent that this Order is inconsistent with the Application, the terms of this Order shall govern.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: ____________________
Wilmington, Delaware

______________________________________
The Honorable John T. Dorsey
United States Bankruptcy Judge