# **EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al*.,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOHN J. RAY III IN SUPPORT OF THE APPLICATION OF THE DEBTORS TO APPROVE THE EMPLOYMENT AND RETENTION OF LANDIS RATH & COBB LLP AS CO-COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE, PURSUANT TO BANKRUPTCY CODE SECTION 327(a), BANKRUPTCY RULES 2014 AND 2016 AND LOCAL RULE 2014-1**

I, John J. Ray III, hereby declare as follows:

1. I am the Chief Executive Officer of the above-captioned debtors and debtors-in-possession (the "Debtors"). I submit this declaration (this "Declaration") in support of the *Application of the Debtors to Approve the Employment and Retention of Landis Rath & Cobb LLP as Co-Counsel, Nunc Pro Tunc to the Petition Date, Pursuant to Bankruptcy Code Section 327(a), Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1* (the "Application").[2] I have reviewed and am familiar with the contents of the Application and the Declaration of Adam G. Landis in support of the Application attached as Exhibit A thereto. Except as otherwise indicated, the facts set forth herein are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my supervision or my opinion based upon my restructuring and legal experience.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

{1368.002-W0069410.}

2.      Landis Rath & Cobb LLP ("LRC") is proposed to serve as co-counsel to the Debtors to provide advice and render legal services in connection with these Chapter 11 Cases. The Debtors recognize that a comprehensive review process is necessary when selecting and managing counsel to ensure the bankruptcy professionals are subject to the same client-driven market forces, security and accountability as professionals in non-bankruptcy engagements.

3.      The Debtors selected LRC because of the firm's recognized reorganization practice, familiarity with the Court and Delaware practice, and experience in aspects of the law that are expected to arise in the context of these Chapter 11 Cases.  In assisting with the preparation of the Debtors' Chapter 11 Cases, LRC has worked closely with the Debtors and their professionals and has been assisting the Debtors in their efforts in these Chapter 11 Cases since prior to the Petition Date.  LRC has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of these Chapter 11 Cases.  Thus, I believe LRC is well qualified and uniquely positioned to represent the Debtors in these Chapter 11 Cases.

4.      LRC has informed the Debtors that it intends to charge the Debtors for the services rendered in these Chapter 11 Cases at LRC's normal hourly rates in effect at the time the services are rendered.  LRC has confirmed to me that it does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement. LRC has also advised me that the current rates of LRC partners range from $750.00 - $1075.00 per hour; associates range from $410.00 - $550.00 per hour; paralegals are $295 per hour; and legal assistants are $145.00 - $180.00 per hour.  It is my understanding that LRC reviews and adjusts its billing rates annually.  LRC has advised me that it will inform the Debtors of any adjustment to its existing rate structure.

5. I am informed by LRC that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms. To the extent that there is any disparity in such rates, I nevertheless believe that LRC's retention by the Debtors is warranted in these Chapter 11 Cases for the reasons set forth in the Application.

6. I understand that, during the pendency of these Chapter 11 Cases, LRC's fees and expenses will be subject to periodic review on a monthly, interim and final basis by, among other parties, the Office of the U.S. Trustee and the Court in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any orders of the Court governing the procedures for approval of interim compensation of professionals retained in these Chapter 11 Cases.

7. Either I, or personnel under my supervision, reviews the Debtors' outside counsel invoices and authorizes all legal fees and expenses prior to the payment of such fees to outside counsel. In so doing, the Debtors assure that all requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates. The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy matters. Moreover, LRC has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by LRC.

8. LRC along with the Debtors are in the process of developing a prospective budget and staffing plan for these Chapter 11 Cases. The Debtors, however, recognize that in large chapter 11 cases such as these, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtors and LRC. The Debtors also recognize that it is their

responsibility to closely monitor the billing practices of LRC and their other counsel to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations taking into account the exigencies and other circumstances of these Chapter 11 Cases. To that end, the Debtors will continue to review and monitor the regular invoices submitted by LRC, and, together with LRC, periodically amend the budget and staffing plans to reflect developments in these Chapter 11 Cases as applicable.

9. The Debtors will continue to monitor the fees and expense reimbursement process during these Chapter 11 Cases and ensure the Debtors are an active participant in that process. Recognizing that every chapter 11 case is unique, the Debtors, together with LRC, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 21st day of December 2022

/s/ John J. Ray III
John J. Ray III
Chief Executive Officer