IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date**: January 11, 2023 at 9:00 AM ET<br>**Objection Deadline**: January 4, 2023 at 4:00 PM ET |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING AND APPROVING
(I) THE RETENTION AND EMPLOYMENT OF RLKS EXECUTIVE SOLUTIONS LLC
AND (II) DESIGNATING THE CHIEF OFFICERS AS OFFICERS OF THE DEBTORS
*NUNC PRO TUNC* TO NOVEMBER 15, 2022**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit C (the "Order"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving (a) the employment and retention of RLKS Executive Solutions LLC ("RLKS"), pursuant to the terms and conditions of that certain letter agreement between RLKS and FTX Trading Ltd. dated as of November 15, 2022, attached hereto as Exhibit A (the "Engagement Letter"), *nunc pro tunc* to the November 15, 2022 and (b) the designation of (i) Kathryn Schultea as Chief Administrative Officer ("CAO") of the Debtors *nunc pro tunc* to November 15, 2022, (ii) Mary Cilia as Chief Financial Officer ("CFO") of the Debtors *nunc pro tunc* to November 15, 2022 and (iii) Raj Perubhatla as Chief Information Officer ("CIO" and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

together with the CAO and CFO, the "Chief Officers") of the Debtors *nunc pro tunc* to November 15, 2022. Certain facts supporting this Motion are set forth in the Declaration of Kathryn Schultea in Support of RLKS Retention Motion (the "Schultea Declaration"), attached hereto as Exhibit B. In further support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Background

2. On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[2] the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by

---

[2] November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

3. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

## Relief Requested

4. By this Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors request entry of the Order authorizing and approving (a) the employment and retention of RLKS, pursuant to the terms and conditions of the Engagement Letter, *nunc pro tunc* to November 15, 2022 and (b) the designation of the Chief Officers as officers of the Debtors *nunc pro tunc* to November 15, 2022.

5. The Debtors have determined that obtaining the services of the Chief Officers is necessary to meet their administrative obligations in these Chapter 11 Cases and maximize the value of their estates. The Debtors have therefore resolved, in their business judgment, to designate the Chief Officers as officers of the Debtors and retain RLKS for the employment of each of the Chief Officers and any additional personnel to support the reorganization efforts of the Debtors (the "Additional Personnel").

6.     RLKS is a consulting firm that specializes in corporate reorganization, operations improvement, interim management and bankruptcy case management services. RLKS professionals have extensive experience working with and for distressed companies in complex financial and operational restructurings, both out-of-court and in chapter 11 proceedings. RLKS professionals have advised debtors and creditor constituents in numerous reorganizations, which advisory services have included financial analysis and budgeting, forecasting, cash management, sales of assets, operational assessments, claims reconciliation, operational improvements, contract assumption and rejection and the provision of interim management services.

7.     Ms. Schultea is a Managing Partner, and Ms. Cilia and Mr. Perubhatla are each Senior Managing Directors of RLKS. They have provided a full range of crisis management services to under-performing and distressed companies, including interim management and debtor advisory work, bankruptcy preparation and management, litigation support, post-merger integration, and debt restructuring and refinancing. Ms. Schultea, Ms. Cilia and Mr. Perubhatla's experiences are included in the <u>Schultea Declaration</u>.

**Scope of Services**

8.     The Debtors have hired RLKS pursuant to terms and conditions set forth in the Engagement Letter. Ms. Schultea, Ms. Cilia and Mr. Perubhatla are the principal professionals staffed by RLKS on the engagement, and, effective as of November 15, 2022, Ms. Schultea serves as the CAO, Ms. Cilia serves as the CFO and Mr. Perubhatla serves as the CIO for the Debtors, each having been so appointed by the Debtors' Chief Executive Officer ("<u>CEO</u>") in accordance with the terms of the Engagement Letter. The Additional Personnel have been made available to serve under the Chief Officers during these Chapter 11 Cases consistent with the terms of the Engagement Letter.

9.  Pursuant to the Engagement Letter, the Chief Officers are providing services in connection with these Chapter 11 Cases and performing all duties that are usual and customary for their respective executive positions, including, without limitation, accounting and treasury, financial analysis, audits and cash flow forecast, information technology, human resource management, claims management and such other related functions as assigned by the Debtors' CEO.

10. The Debtors require the professional services and expertise of RLKS in order to assist the Debtors in the administration of their businesses and these Chapter 11 Cases and their efforts to maximize the value of their estates. RLKS has agreed with the Debtors to coordinate with the CEO and the Debtors' other retained professionals and to avoid the unnecessary duplication of services. Further, the Chief Officers have agreed to subject themselves to the jurisdiction and supervision of the Court.

**Compensation**

11. The principal terms of RLKS's engagement are as follows:

Compensation: RLKS will bill on an hourly basis based on the actual hours worked pursuant to current hourly billing rates, which may be increased on an annual basis. The Chief Officers will be paid at a rate of $975 per hour, and hourly rates for the Additional Personnel who may be assigned to this matter and their hourly rates are as follows:

| Position | Hourly Rate |
|---|---|
| Managing Directors | $800-$950 |
| Directors | $600-$775 |
| Senior Managers | $400-$575 |
| Analysts/Associates | $350-$425 |

Reimbursement of Expenses: RLKS will be reimbursed for reasonable out-of-pocket expenses incurred on Debtors' behalf during this engagement, including hotel, travel, meals, airfare, conference call charges and PACER charges. RLKS will provide

the Debtors with reasonable and appropriate detail of all requested expense reimbursements.

12. RLKS will invoice the Debtors for its fees and expenses bi-monthly.

**Reporting Requirements**

13. RLKS will provide certain reporting of fees and expenses incurred in connection with services provided to the Debtors, in order to maintain transparency and comply with the U.S. Trustee's protocol applicable to the retention of personnel to assist the Debtors under section 363 of the Bankruptcy Code (commonly referred to as the "Jay Alix Protocol," the "Protocol"). RLKS will file with the Court (and serve copies to the Debtors, the U.S. Trustee and the Committee (collectively, the "Notice Parties") contemporaneously with such filing) a monthly staffing report (each a "Staffing Report") by the end of each month for the previous month, which report would include the names and functions filled by all RLKS personnel assigned to this engagement. A Staffing Report shall be subject to review by the Court in the event so requested by the Notice Parties.

14. RLKS will also file with the Court, and provide notice to the U.S. Trustee and the Committee, reports of compensation earned and expenses incurred on at least a quarterly basis (each a "Compensation Report"). Each Compensation Report shall summarize the services provided, identify the compensation earned and itemize the expenses incurred by RLKS. A Compensation Report, and the compensation requested therein, shall be subject to Court review in the event that any Notice Party files an objection to such Compensation Report.

15. Because RLKS is not being employed as a professional under section 327 of the Bankruptcy Code, it will not submit quarterly fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, nor will it otherwise apply to the Court for approval of amounts paid to RLKS by the Debtors. RLKS will be paid by the Debtors for its services and expenses

bi-monthly on the terms set forth in its Engagement Letter.  The Debtors will not seek authority to engage RLKS or any of its affiliates as a professional under section 327 of the Bankruptcy Code in these Chapter 11 Cases.

16. As detailed in the Schultea Declaration, the Debtors do not owe RLKS or any of its affiliates any amount for services performed or expenses incurred prior to the commencement of these Chapter 11 Cases, and, thus, RLKS and its affiliates are not prepetition creditors of the Debtors.  RLKS and its affiliates did not receive any amounts from the Debtors prior to the Petition Date.

17. To the best of the Debtors' knowledge, information and belief, neither RLKS nor any professional employee or independent contractor of RLKS has any connection with or any interest adverse to the Debtors, their significant creditors, or any other significant party-in-interest known to RLKS, or their respective attorneys and accountants, except as may be set forth in the Schultea Declaration.  Based upon the Schultea Declaration, the Debtors submit that RLKS is otherwise a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code.

### Indemnification

18. The Engagement Letter contains standard language regarding indemnification and limitation of liability with respect to RLKS's services.  Notwithstanding any provisions of the Engagement Letter to the contrary, in accordance with the Protocol, RLKS has agreed to the following limitations on such provisions, as set forth below.

19. With respect to the Chief Officers, the Debtors shall indemnify them on the same terms as provided to the Debtors' other officers and directors under the Debtors'

bylaws and/or organizing documents and applicable state or national law and on substantially the same terms as the Debtors' directors' and officers' insurance policies.

20. With respect to the Additional Personnel, to the extent any such Additional Personnel are appointed as officers of the Debtors, the Debtors shall indemnify them on the same terms as provided to the Debtors' other officers and directors under the Debtors' bylaws and/or organizing documents and applicable state or national law and on substantially the same terms as the Debtors' directors' and officers' insurance policies.

21. The Debtors shall have no obligation to indemnify RLKS. Notwithstanding any provisions of the Engagement Letter to the contrary, RLKS has agreed not to raise or assert any defense based upon jurisdiction, venue, abstention, or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to RLKS's engagement in these Chapter 11 Cases.

**Basis for Relief**

22. Section 363(b)(1) of the Bankruptcy Code permits a debtor-in-possession to use property of the estate "other than in the ordinary course of business" after notice and hearing. 11 U.S.C. § 363(b)(1). To obtain court approval to use property under section 363(b), the Debtors need only show a legitimate business justification for the proposed action. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (noting that courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)). Generally, a Court should be deferential

to the determinations of management, and where a debtor "articulates a reasonable basis for its business decisions . . . , courts will generally not entertain objections to the debtor's conduct." *See In re Filene's Basement, LLC*, 2014 WL 1713416, at *12 (Bankr. D. Del. Apr. 29, 2014) (quoting *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986)).

23. The business judgment rule shields a debtor's management from judicial second-guessing. *See In re Johns-Manville Corp.*, 60 B.R. at 615-16 ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions."). Once a debtor articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *See In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith* v. *Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

24. The retention of corporate officers is proper under section 363 of the Bankruptcy Code. Courts have relied upon section 363(b) as the basis upon which to employ and compensate financial management services firms similar to RLKS that provide professionals to serve as officers or other management-level personnel employed by the debtor. *See, e.g.*, *In re Kabbage Inc. d/b/a Kservicing*, No. 22-10951 (CTG) (Dec. 2, 2022), D.I. 316 (authorizing employment of Phoenix Executive Services, LLC and appointment of a CFO pursuant to section 363); *In re Stimwave Technologies Inc.*, No. 22-10541 (KBO) (Nov. 29, 2022), D.I 562 (authorizing retention and employment of Riveron Management Services, LLC and appointment of a CRO pursuant to section 363); *In re Brooks Brothers Group, Inc.*, No. 20-11785 (CSS) (Aug. 7, 2020), D.I. 338 (authorizing retention of Ankura Consulting Group, LLC and employment of a CEO pursuant to section 363); *In re AAC Holdings, Inc.*, No. 20-11648 (JTD)

(July 15, 2020), D.I. 151 (authorizing retention of Carl Marks Advisory Group LLC and appointment of a CRO pursuant to section 363); and *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (KBO) (July 13, 2020), D.I. 546 (authorizing retention of FTI Consulting, Inc. to provide a CRO pursuant to section 363).

25. The Debtors have determined, in the exercise of their business judgment, that the fee structure set forth in the Engagement Letter appropriately reflects the nature of the services to be provided by RLKS, contains reasonable terms and conditions of employment, and should be approved under section 363 of the Bankruptcy Code. Additionally, the Debtors submit that the retention of RLKS would benefit the Debtors' estates and creditors by aiding the efficient administration of these Chapter 11 Cases, provide guidance on operational issues unique to Chapter 11 and reorganization, and preserve and maximize the value of the Debtors' estates. Accordingly, the Debtors believe that the relief requested herein reflects the reasonable exercise of the Debtors' sound business judgment.

26. The Court may also grant the relief requested in this Motion pursuant to section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." *See* 11 U.S.C. § 105(a); *see also U.S.* v. *Energy Resources Co.*, 495 U.S. 545,549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code.").

27. RLKS is not subject to the compensation requirements of sections 330 and 331 of the Bankruptcy Code, because the Debtors are seeking to retain RLKS pursuant to section 363 and not under section 327. The Debtors therefore request that RLKS's fees and expenses

accrued under the Engagement Letter be paid by the Debtors in the ordinary course of business as an administrative expense of the Debtors, without the need for RLKS to file fee applications or otherwise seek Court approval for such fees and expenses other than the reporting obligations described above.

28. There is no requirement that RLKS or the Chief Officers be disinterested, because the Debtors are not seeking to retain them as professionals under section 327 of the Bankruptcy Code. Nevertheless, to the best of the Debtors' knowledge, information and belief based on the Schultea Declaration, neither RLKS, the Chief Officers nor any Additional Personnel have or represent any interest adverse to the Debtors' estates or any class of creditor or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in, parties-in-interest in these Chapter 11 Cases, or for any other reason.

### *Nunc Pro Tunc* Retention of RLKS

29. Given the circumstances of these Chapter 11 Cases, the Debtors respectfully request that the employment and retention of RLKS and the designation of the Chief Officers as officers of the Debtors be authorized *nunc pro tunc* to November 15, 2022.

30. The United States Court of Appeals for the Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See In re Arkansas*, 798 F.2d 645, 650 (3d Cir. 1986).

31. As described in the First Day Declarations, these Chapter 11 Cases are unique. As this Court is aware, these Chapter 11 Cases were filed on an expedited basis. Following the Petition Date, the Debtors the Debtors' CEO, the Chief Officers and other retained professionals necessarily committed substantial resources towards stabilizing the Debtors' businesses and transitioning into chapter 11, including, among other things, seeking approval of various first-day and other motions. The Debtors, the Debtors' CEO, the Chief Officers and

other retained professionals also have expended significant time towards the ongoing work to protect and recover assets around the world, while also advancing their investigation into the facts and circumstances that led to the Debtors' commencement of these Chapter 11 Cases.

32. Accordingly, for the reasons set forth above, the Debtors believe that approval of the employment and retention of RLKS and the designation of the Chief Officers *nunc pro tunc* to November 15, 2022 is in the best interest of the Debtors and their estates.

### Request for Waiver of Bankruptcy Rule 6004(h)

33. Under Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed R. Bankr. P. 6004(h). As set forth above, the continued retention of RLKS and designation of the Chief Officers as officers of the Debtors, particularly in these early stages of the Chapter 11 Cases, are essential to ensuring the effective management of these Chapter 11 Cases and the preservation of the value of the Debtors' estates. Thus, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

### Notice

34. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the parties identified on the Debtors' consolidated lists of 50 largest unsecured creditors; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit C, and (b) grant such other and further relief as is just and proper.

Dated: December 21, 2022
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew R. Pierce
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          gluecksteinb@sullcrom.com
          kranzleya@sullcrom.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*