## EXHIBIT C

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref No. __** |

**ORDER AUTHORIZING AND APPROVING (I) THE RETENTION AND
EMPLOYMENT OF RLKS EXECUTIVE SOLUTIONS LLC AND (II) DESIGNATING
THE CHIEF OFFICERS AS OFFICERS OF THE DEBTORS
*NUNC PRO TUNC* TO NOVEMBER 15, 2022**

Upon the motion (this "Motion")[2] for entry of an order pursuant to sections 105(a), 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), authorizing and approving (a) the employment and retention of RLKS Executive Solutions LLC ("RLKS"), pursuant to the terms and conditions of that certain letter agreement between RLKS and FTX Trading Ltd. dated as of November 15, 2022 (the "Engagement Letter"), *nunc pro tunc* to November 15, 2022 and (b) the designation of (i) Kathryn Schultea as Chief Administrative Officer ("CAO") of the Debtors *nunc pro tunc* to November 15, 2022, (ii) Mary Cilia as Chief Financial Officer ("CFO") of the Debtors *nunc pro tunc* to November 15, 2022 and (iii) Raj Perubhatla as Chief Information Officer ("CIO") of the Debtors *nunc pro tunc* to November 15, 2022 (collectively, the "Chief Officers"); the Court having reviewed the Motion and the Schultea Declaration, which is annexed to the Motion as Exhibit B; and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{1368.002-W0069436.}

"Hearing"); and the Court being satisfied that RLKS represents no interest adverse to the Debtors' estates, that apart from the employment of the Chief Officers by the Debtors, RLKS is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and that the employment of RLKS is necessary and in the best interests of the Debtors and their estates; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §157(b)(2)(A), and venue being proper in this district pursuant to 28 U.S.C. § 1409, and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and sufficient notice of the Motion and the Hearing having been given in accordance with the Bankruptcy Rules and Local Rules; and it appearing that no other or further notice need be provided; and this Court having determined that the relief requested in the Motion is just and proper; and it appearing that the relief requested by the Motion is in the best interest of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are hereby authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to (i) employ and retain RLKS pursuant to the terms and conditions of the Engagement Letter, *nunc pro tunc* to November 15, 2022 and (ii) designate the Chief Officers as officers of the Debtors, *nunc pro tunc* to November 15, 2022, pursuant to the terms and conditions of the Engagement Letter, which are approved in all respects subject to the following terms, which apply notwithstanding anything in the Motion or any exhibit(s) related thereto to the contrary.

    (a) RLKS and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases prior to the

effective date of any plan or plans confirmed in these Chapter 11 Cases without further order of the Court.

(b) In the event any Debtor seeks to have the Chief Officers or any Additional Personnel assume executive officer positions that are different than that disclosed in the Motion, or to materially change the terms of the engagement, the Debtors shall file a motion to modify the retention.

(c) No principal, employee or independent contractor of RLKS and its affiliates shall serve as a director of any of the Debtors during the pendency of the above-captioned cases.

(d) For a period of three years after the conclusion of the engagement, neither RLKS nor any of its affiliates shall make any investments in the Debtors or any reorganized Debtors.

(e) RLKS shall be deemed to have waived, and shall not raise or assert any defense, based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to RLKS's engagement in these Chapter 11 Cases.

(f) Notwithstanding any provision to the contrary in the Engagement Letter, RLKS shall file with the Court and serve on the Notice Parties a Staffing Report by the end of each month for the previous month, which shall include the names and functions filled by all RLKS personnel assigned to the engagement.  A Staffing Report shall be subject to review by the Court in the

event so requested by the Notice Parties. In the event the Debtors seek to have RLKS personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel or (iii) altering or expanding the scope of the engagement, RLKS shall disclose such additional positions and/or material changes in function or scope in its Staffing Report.

(g) Notwithstanding any provision to the contrary in the Engagement Letter, RLKS shall file with this Court, and serve upon the Notice Parties, Compensation Reports on at least a quarterly basis. The Compensation Reports shall summarize the service provided identify the compensation earned, itemize expenses incurred and provide for an objection period. A Compensation Report, and the compensation requested therein, shall be subject to Court review in the event that any Notice Party files an objection to such Compensation Report.

3. Notwithstanding any provision to the contrary in the Engagement Letter, the Debtors shall only indemnify (a) the Chief Officers, on the same terms as provided to the Debtors' other officers and directors under the Debtors' bylaws and/or organizing documents and applicable state or national law and on substantially the same terms as the Debtors' directors' and officers' insurance policies; and (b) the Additional Personnel, to the extent any such Additional Personnel are appointed as officers of the Debtors, on the same terms as provided to the Debtors' other officers and directors under the Debtors' by-laws and applicable state law, and

pursuant to terms substantially similar to the terms of the insurance coverage under the Debtors' directors' and officers' insurance policies;

4. RLKS shall invoice the Debtors for its fees and expenses bi-monthly. RLKS's fees and expenses accrued under the Engagement Letter may be paid by the Debtors in the ordinary course of business as an administrative expense of the Debtors, without the need for RLKS to file fee applications or otherwise seek this Court's approval for such fees and expenses other than the reporting obligations described above.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the applicability of Bankruptcy Rule 6004(h).

7. To the extent that this Order is inconsistent with the Engagement letter, the terms of this Order shall govern.

8. RLKS shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties-in-interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

9. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____       _____
       Wilmington, Delaware          The Honorable John T. Dorsey
                                     United States Bankruptcy Judge