## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: January 11, 2023 at 9:00 a.m. (ET) |
| | **Objection Deadline**: January 4, 2023 at 4:00 p.m. (ET) |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this application (this "Application") for entry of an

order, substantially in the form attached hereto as Exhibit A (the "Retention Order"), pursuant to

sections 105(a), 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

(the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

authorizing the employment and retention of Kroll Restructuring Administration LLC ("Kroll")

as administrative advisor ("Administrative Advisor") in the Debtors' cases (the "Chapter 11

Cases") effective *nunc pro tunc* to the Petition Date (as defined below).  In support of this

Application, the Debtors submit the Declaration of Benjamin J. Steele, Managing Director of

Kroll (the "Steele Declaration"), attached hereto as Exhibit B, and respectfully state as follows:

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

**Background**

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the

Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.  The

Debtors continue to operate their businesses and manage their properties as debtors-in-

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration

of the Debtors' cases was authorized by the Court by entry of an order on November 22, 2022

[D.I. 128].   On December 15, 2022, the Office of the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the

"Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the

*Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93]

(collectively, the "First Day Declarations").

**Jurisdiction**

3.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicates for the relief requested herein are sections 105(a), 327(a), 328(a),

363(b) and 507(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rule

2014-1.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or

judgment by the Court in connection with this Application to the extent it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments consistent with

Article III of the United States Constitution.

**Relief Requested**

4.      The Debtors previously filed an application (the "Section 156(c) Application") for

an order appointing Kroll as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section

105(a) of the Bankruptcy Code and Local Rule 2002-1(f), which application was granted by this

Court on November 22, 2022 [D.I. 132].  The Debtors believe that administration of these

Chapter 11 Cases will require Kroll to perform duties outside the scope requested in the Section

156(c) Application.  Therefore, to enable Kroll to provide such services, the Debtors request

entry of the Retention Order, authorizing the Debtors to employ and retain Kroll as

Administrative Advisor for the Debtors in accordance with the Engagement Agreement, attached

hereto as Exhibit C (the "Engagement Agreement").

**Kroll's Qualifications**

5.      Kroll is comprised of leading industry professionals with significant experience in

both the legal and administrative aspects of large, complex chapter 11 cases.  Kroll's

professionals have experience in noticing, claims administration, solicitation, balloting and

facilitating other administrative aspects of chapter 11 cases and experience in matters of this size

and complexity.  Kroll's professionals have acted as debtor's counsel, official claims and

noticing agent and/or administrative advisor in many large bankruptcy cases in this District and

in other districts nationwide.  Kroll's active and former cases include:  *Alto Maipo Delaware

LLC*, No. 21-11507 (KBO); *CalPlant I Holdco, LLC*, No. 21-11302 (JTD); *Alpha Latam*

*Management, LLC*, No. 21-11109 (KJS); *Mallinckrodt plc*, No. 20-12522 (JTD); *The Hertz*

*Corporation*, No. 20-11218 (MFW); *Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL)

(Bankr. S.D.N.Y.); *GTT Communications, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y.); *GBG*

*USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y.); *Seadrill New Finance Limited*, No. 22-

90001 (DRJ) (Bankr. S.D. Tex.); *Carlson Travel, Inc.*, No. 21-90017 (MI) (Bankr. S.D. Tex.);

*Basic Energy Services, Inc.*, No. 21-90002 (DRJ) (Bankr. D.R.J.); and *PG&E Corporation,* No.

19-30088 (DM) (Bankr. N.D. Cal.).

## <u>Services to be Provided</u>

6.      Pursuant to the Engagement Agreement, the Debtors seek to retain Kroll to

provide, among other things, the following bankruptcy administration services, if and to the

extent requested:

(a)      Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b)      Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)      Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d)      Provide a confidential data room, if requested;

(e)      Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f)      Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "<u>Clerk</u>").

**Professional Compensation**

7.    The fees Kroll will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement and the *Supplemental Declaration of Benjamin K. Steele in Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective Nunc Pro Tunc to the Petition Date* [D.I. 96].  The Debtors respectfully submit that Kroll's rates are competitive and comparable to the rates its competitors charge for similar services.  Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Kroll as Administrative Advisor.  The Debtors believe Kroll's rates are more than reasonable given the quality of Kroll's services and its professionals' bankruptcy expertise.  Kroll will also seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

8.    Kroll intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date[2] in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement.  Kroll will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

9.    As stated in the Section 156(c) Application, the Debtors provided Kroll with a $300,000 advance following the Court's approval of the Section 156(c) Application.  Kroll's advance is subject to replenishment in accordance with the order approving the Section 156(c)

---

[2]    November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

Application.  Kroll did not receive any payments from the Debtors in the 90 days prior to the Petition Date.

10.     Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Kroll and its members, officers, employees, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Kroll's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Retention Order.  The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in these Chapter 11 Cases.

## **Disinterestedness**

11.     Kroll has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Steele Declaration, Kroll is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

12.     Kroll believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest.  Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**Basis for Relief**

13.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court

approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers,
> or other professional persons, that do not hold or represent an interest
> adverse to the estate, and that are disinterested persons, to represent or
> assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

14.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the
> [firm] to be employed, the reasons for the selection, the professional
> services to be rendered, and proposed arrangement for compensation, and,
> to the best of the applicant's knowledge, all of the [firm's] connections
> with the debtor, creditors, any other party-in-interest, their respective
> attorneys and accountants, the U.S. Trustee, or any person employed in the
> office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

15.     In light of the size and complexity of these Chapter 11 Cases, the Debtors

respectfully submit that retaining and employing Kroll pursuant to the terms of the Engagement

Agreement is necessary and in the best interests of the Debtors' estates and all parties-in-interest

to these Chapter 11 Cases.  The Debtors also believe that the terms and conditions of the

Engagement Agreement are reasonable in light of the anticipated high volume of creditors and

other parties-in-interest that will be involved in these cases.

16.     Accordingly, to help manage administrative tasks with respect to the thousands of

creditors and other parties in interest that are expected to be involved in these Chapter 11 Cases,

and the complexity of such cases, the Debtors respectfully request the Court enter an order

appointing Kroll as the Administrative Advisor in these Chapter 11 Cases.

### ***Nunc Pro Tunc*** **Retention of Kroll**

17.     Given the circumstances of these Chapter 11 Cases, the Debtors respectfully request that the employment of Kroll be authorized *nunc pro tunc* to the Petition Date.

18.     The United States Court of Appeals for the Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  *See In re Arkansas*, 798 F.2d 645, 650 (3d Cir. 1986).

19.     As described in the First Day Declarations, these Chapter 11 Cases are unique.  Due to the speed of the Debtors' entry into Chapter 11, these Chapter 11 Cases were filed on an expedited basis.  Following the Petition Date, the Debtors and their professionals necessarily committed substantial resources towards stabilizing the Debtors' businesses and transitioning into chapter 11, including, among other things, seeking approval of various first-day and other motions.  The Debtors and their professionals also have expended significant time towards the ongoing work to protect and recover assets around the world, while also advancing their investigation into the facts and circumstances that led to the Debtors' filing.

20.     Accordingly, for the reasons set forth above, the Debtors believe that approval of the retention and employment of Kroll *nunc pro tunc* to the Petition Date is in the best interest of the Debtors, their estates, their creditors and other parties-in-interest.

### **Notice**

21.     Notice of this Application has been provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the parties identified on the Debtors' consolidated lists of 50 largest unsecured creditors; and (h) to the extent not listed herein, those parties requesting notice

pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Retention Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

Dated: December 21, 2022
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
            brown@lrclaw.com
            pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*