# EXHIBIT A

**Proposed Retention Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. __ |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the retention of Kroll Restructuring Administration LLC ("Kroll")[3] as administrative advisor ("Administrative Advisor") *nunc pro tunc* to the Petition Date pursuant to sections 105(a), 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, all as more fully described in the Application; and upon the Steele Declaration submitted in support of the Application; and the Court being satisfied that Kroll has the capability and experience to provide the services described in the Application and that Kroll does not hold an interest adverse to the Debtors or the estates; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Application.

[3] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC.

{1368.002-W0069416.}

the United States Constitution; and venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Application and the relief requested therein having been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Application and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain Kroll as Administrative Advisor effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Kroll is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Kroll is authorized to take such other action to comply with all duties set forth in the Application.

4. Kroll shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. Kroll shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Kroll, or provide contribution or reimbursement to Kroll, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Kroll's gross negligence, willful misconduct or fraud; (b) for a contractual dispute in which the Debtors allege the breach of Kroll's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) or other applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Kroll should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these Chapter 11 Cases, Kroll believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution

and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Kroll must file an application therefor in this Court, and the Debtors may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Kroll for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Kroll. All parties in interest shall retain the right to object to any demand by Kroll for indemnification, contribution or reimbursement.

9. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10. Notwithstanding anything to the contrary in the Engagement Agreement, including paragraph 6 thereof, by this Order the Court is not authorizing Kroll to establish accounts with financial institutions on behalf of the Debtors.

11. Any services Kroll will provide relating to the Debtors' schedules of assets and liabilities and statement of financial affairs shall be limited to administrative and ministerial services. The Debtors shall remain responsible for the content and accuracy of its schedules of assets and labilities and statement of financial affairs.

12. The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. Notwithstanding any term in the Engagement Agreement to the contrary, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application or the implementation of this Order.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

15. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

Dated: _____  
      Wilmington, Delaware

_____  
The Honorable John T. Dorsey  
United States Bankruptcy Judge