IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:** January 11, 2023 at 9:00 a.m. (ET)<br>**Objection Deadline:** January 4, 2023, at 4:00 p.m. (ET) |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND THE DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO NOVEMBER 13, 2022

FTX Trading Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submit the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel for the Debtors and the Debtors in Possession, Nunc Pro Tunc to November 13, 2022* (the "Application"), pursuant to Bankruptcy Code section 327(e), Bankruptcy Rules 2014 and 2016, and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to retain and employ Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as special counsel for the Debtors, *nunc pro tunc* to November 13, 2022. In support of

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069419.}

this Application, the Debtors submit the Declaration of William Burck, the global co-managing partner of Quinn Emanuel, attached hereto as **Exhibit B** (the "Burck Declaration") and the declaration of John J. Ray III, Chief Executive Officer of FTX Trading Ltd., attached hereto as **Exhibit C** (the "Ray Declaration"). In further support of this Application, the Debtors respectfully state as follows:

## I.     JURISDICTION

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Application are Bankruptcy Code section 327(e), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1. Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## II.     BACKGROUND

2. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee

for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

3. Additional factual background related to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24] (the "Ray First Day Declaration"), the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57] (the "Mosley Declaration"), the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] (the "Supplemental Ray First Day Declaration"), and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (the "Supplemental Mosley Declaration," and together with the Ray First Day Declaration, the Mosley Declaration, the Supplemental Ray First Day Declaration, and the Supplemental Mosley Declaration, the "First Day Declarations").

### III. RELIEF REQUESTED

4. By this Application, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Quinn Emanuel as special counsel for the Debtors, *nunc pro tunc* to November 13, 2022.

5. The Debtors seek to retain Quinn Emanuel as special counsel to assist the Debtors and their boards of directors, in coordination with the Debtors' other professionals, in: (1) determining the existence of, and if the Debtors deem it appropriate, prosecuting and/or settling, any claim or cause of action available to any of the Debtors' estates; (2) in connection with the development of such claims or causes of action, conducting independent investigations into the acts, conduct, assets, liabilities, and financial condition of the Debtors, including any facts bearing on fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the

management of the affairs of the Debtors or any party receiving assets from, or transacting with, the Debtors; and (3) addressing other litigation involving third-parties and any other matter the Debtors deem relevant to the Debtors' cases or to the formulation of a plan, in each case as specifically identified by the Debtors. In all matters, Quinn Emanuel will minimize duplication with the Debtors' other counsel.

A.     **Necessity Of Retention Of Special Counsel And Scope Of Services**

6.     The Debtors have determined that the retention of Quinn Emanuel is necessary to represent and protect their estates' interests in these Chapter 11 Cases. As detailed in the Ray First Day Declaration, the Debtors' core objectives include asset recovery, including determining "the location and security of property of the estate, a substantial portion of which may be missing or stolen, and the recovery of that property." Ray First Day Declaration at ¶ 6. Quinn Emanuel is well-suited to assist the Debtors in this situation. Quinn Emanuel is the largest law firm in the world devoted solely to business litigation, investigations, and other disputes. The firm has unparalleled expertise in the core subject of its retention—litigating complex financial and bankruptcy-related matters against third-parties and developing, investigating, and prosecuting a wide range of claims and asset recovery actions designed to return assets to and increase the Debtors' estates.

7.     The firm's experience in financial litigation and asset recovery actions brought on behalf of debtors, creditors, trustees, and governmental agencies is without parallel. Quinn Emanuel's collective recoveries in complex financial actions asserted against all variety of defendants, including global financial institutions, exceeds $40 billion, including recoveries secured in connection with highly complex bankruptcy proceedings including *Lehman Brothers*,

*Residential Capital*, *SemGroup*, *Refco*, *Parmalat*, *Enron*, and in dozens of residential mortgage loan matters, including on behalf of the *Federal Housing Finance Authority*.

8. The firm's unrivaled experience in complex financial litigation and asset recovery is complemented by an elite investigations and government enforcement practice that has repeatedly been recognized as being among the very best by numerous legal publications, including *Chambers USA*, *Chambers UK*, *Chambers Europe*, *Law360*, *The American Lawyer*, *The National Law Journal*, *The International Who's Who of Business Lawyers*, *Legal 500*, *The Expert's Guide to the World's Leading Lawyers*, and *Best Lawyers*. The firm's regulatory and enforcement experience extends, moreover, to matters relating specifically to blockchain and digital assets. By way of example, prior to joining Quinn Emanuel, Katherine Lemire served as Executive Deputy Superintendent at the New York State Department of Financial Services (DFS), overseeing the Consumer Protection and Financial Enforcement Division. Ms. Lemire led the initial enforcement investigations into violations of DFS cybersecurity regulations, and initiated multiple enforcement investigations into cryptocurrency businesses.

9. The firm has advised independent directors and/or special committees as special counsel on claim development, investigation and prosecution and asset recovery in numerous bankruptcy cases, including: *Altera Infrastructure L.P.*, *J. Crew Group, Inc.*, *J.C. Penney Company, Inc.*, *Intelsat S.A.*, *Belk, Inc.*, and *NII Holdings, Inc.*, and as counsel or special counsel to debtors, official committees, non-debtor affiliates, and creditors in numerous bankruptcy cases, including: *Garrett Motion Inc.*, *Avianca Airlines*, *Toys "R" Us, Inc.*, *Motors Liquidation Company, f/k/a General Motors Corporation*, *Peabody Energy Corporation*, *Sanchez Energy Corp.*, *Ultra Petroleum Corp.*, *Alpha Natural Resources, Inc.*, *China Fishery Group Limited (Cayman)*, *DPH Holdings Corp.*, *UTGR, Inc. (d/b/a Twin River)*, *Lehman Brothers Holdings, Inc.*,

*Nortel Networks, Inc.*, *Fisker Automotive, Inc.*, *RadioShack Corporation*, *Velo Holdings, Inc.*, *SemGroup, L.P.*, *American Home Mortgage Holdings, Inc.*, *Sentinel Management Group*, *Buffets, Inc.*, *New Stream Secured Capital, L.P.*, *Refco Inc.*, *Enron Corp.*, *Safety-Kleen Corp.*, *RCN Corp.*, *Adelphia Communications Corp.*, *Mirant Corp.*, *Tower Automotive, Inc.*, and *Fruit of the Loom, Inc*, and in the Title III readjustments of the *Commonwealth of Puerto Rico* and *COFINA*. Quinn Emanuel was also counsel for the court-appointed Examiner in *Dynegy*.

11  Quinn Emanuel attorneys thus have extensive experience developing, investigating, and prosecuting estate causes of action and asset recovery strategies as special counsel representing debtors, independent directors, and special committees. This experience, along with Quinn Emanuel's knowledge of complex bankruptcy, cryptocurrency, and fiduciary issues, and experience practicing before this Court, make Quinn Emanuel ideal to effectively serve the needs of the Debtors.

12  Subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of its choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel"). The Debtors seek to employ Quinn Emanuel pursuant to Bankruptcy Code section 327(e), which provides that a debtor subject to court approval:

> may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

13  Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel

employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

14  Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014. The Debtors respectfully submit that this Application satisfies these requirements.

15  Additionally, Local Rule 2014-1 requires that an entity seeking to employ a professional under section 327 of the Bankruptcy Code file a "supporting affidavit or verified statement of the professional person and a proposed order for approval," and Local Rule 2016-1 requires disclosure of compensation paid or agreed to be paid in connection with the Chapter 11 Cases. The Debtors refer to the attached Burck Declaration as satisfying these requirements.

B.  *Nunc Pro Tunc* Retention of Quinn Emanuel

16  Given the circumstances of these Chapter 11 Cases, the Debtors respectfully request that the employment of Quinn Emanuel be authorized *nunc pro tunc* to November 13, 2022.

17  The United States Court of Appeals for the Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See In re Arkansas*, 798 F.2d 645, 650 (3d Cir. 1986).

18  As described in the First Day Declarations, these Chapter 11 Cases are unique. These Chapter 11 Cases were filed on an expedited basis. Following the Petition Date, the Debtors and their professionals necessarily committed substantial resources towards stabilizing the

Debtors' businesses and transitioning into chapter 11, including, among other things, seeking approval of various first-day and other motions. The Debtors and their professionals also have expended significant time towards the ongoing work to protect and recover assets around the world, while also advancing their investigation into the facts and circumstances that led to the Debtors' commencement of these Chapter 11 Cases.

19.     Accordingly, for the reasons set forth above, the Debtors believe that approval of the retention and employment of Quinn Emanuel *nunc pro tunc* to November 13, 2022, is in the best interest of the Debtors and their estates.

C.     **No Duplication of Services**

20.     The Debtors believe that the services provided by Quinn Emanuel will not duplicate the services that other professionals will be providing to the Debtors in these Chapter 11 Cases. The Debtors will coordinate with Quinn Emanuel and its other professionals to avoid unnecessary duplication of efforts among the professionals. In particular, pursuant to separate retention applications, the Debtors are seeking to retain Sullivan & Cromwell LLP ("S&C") and Landis Rath & Cobb ("LRC") pursuant to section 327(a) of the Bankruptcy Code as general co-counsel to the Debtors. The services rendered and performed by Quinn Emanuel are not duplicative of work performed by S&C, LRC, or any other law firm retained by the Debtors. Quinn Emanuel is not acting as the Debtors' general bankruptcy counsel in these chapter 11 cases.

D.     **Professional Compensation**

21.     Quinn Emanuel intends to apply to the Court for allowance of compensation earned for professional services and reimbursement of expenses incurred in connection with these Chapter 11 Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Quinn

Emanuel also will make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "US Trustee Guidelines"), both in connection with this Application and any application for compensation and reimbursement of expenses to be filed by Quinn Emanuel in these Chapter 11 Cases.

22    Quinn Emanuel will charge the Debtors for its legal services on an hourly basis at its ordinary and customary rates in effect on the date that such services are rendered, less a 10% discount. Applying the 10% discount, Quinn Emanuel's current billing rates are: $1,192.50 to $1,917 for partners and counsel; $747 to $1,183.50 for associates; and $432 to $603 for paraprofessionals. Quinn Emanuel also will charge for reimbursement of all costs and expenses incurred by Quinn Emanuel in connection with its representation of the Debtors. All compensation will be subject to the Court's approval.

23    The Debtors have been informed that Quinn Emanuel sets its hourly rates on an annual basis. These hourly rates are subject to periodic adjustments (typically on September 1st of each year) to reflect economic and other conditions. Quinn Emanuel will provide ten business days' notice of any rate increases to the Debtors, the United States Trustee for the District of Delaware (the "U.S. Trustee"), and any official committee appointed in these cases.

24    As noted in the Burck Declaration, Quinn Emanuel's rate structure is appropriate and not significantly different from the rates that Quinn Emanuel charges for other representations or the rates that other comparable counsel would charge to perform substantially similar services.

25    In addition to the hourly rates set forth above, Quinn Emanuel customarily charges its clients for the variable costs and expenses incurred in connection with its services, including

mail and express mail charges, courier charges, Federal Express charges, photocopying charges, travel expenses, computerized research cost, and charges and fees of outside vendors, consultants, and service providers. Consistent with Local Rule 2016-2(e), Quinn Emanuel will charge no more than $0.10 per page for standard black and white duplication services in these Chapter 11 Cases.

26.    The Debtors recognize that they have the responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the estates remain consistent with the requirements of the Bankruptcy Code, the Debtors' expectations, and the exigencies of these Chapter 11 Cases. The Debtors will review and monitor the invoices that Quinn Emanuel submits.

E.    **Compensation Received By Quinn Emanuel From The Debtors Prepetition**

27.    In February 2022, Quinn Emanuel executed engagement letters for the provision of legal services concerning litigation matters with Debtor West Realm Shires Inc. and its subsidiaries (collectively, "WRS"), Debtor Alameda Research LLC and various of its subsidiaries (collectively, "Alameda Research"), Debtor FTX Trading Ltd. and various of its subsidiaries (collectively, "FTX Trading" and, with Alameda Research and WRS, the "FTX Clients"). Quinn Emanuel subsequently performed legal services for WRS, Alameda Research, and FTX Trading. To effect enterprise-wide representation, Quinn Emanuel also executed engagement letters with non-Debtor Samuel Bankman-Fried ("SBF") and "existing or future entities majority-owned or controlled by [SBF] that are identified to [Quinn Emanuel]." Quinn Emanuel, however, was not asked to and did not perform any services for SBF and to the best of the firm's knowledge was not provided with or otherwise privy to any confidential information concerning SBF or, except as relevant to the specific litigation matters Quinn Emanuel advised on, management's conduct. Quinn Emanuel is not presently engaged by SBF or any of his other non-Debtor entities.

28      The specific engagements on which Quinn Emanuel provided prepetition services to the Debtors include the following:

   a.   Quinn Emanuel advised the FTX Clients regarding certain intellectual property disputes, employment agreements, and confidentiality requirements, and provided advice concerning general Foreign Corrupt Practices Act compliance. Quinn Emanuel also provided general litigation advice and strategy to FTX Trading regarding cross-border discovery issues, including depositions, subpoenas, and fact-gathering procedures.

   b.   Quinn Emanuel advised Alameda Research LLC regarding certain blockchain and cryptocurrency arbitration proceedings, disputes, and litigation. Quinn Emanuel provided factual analysis of certain potential cryptocurrency disputes, including litigation strategy related to international arbitration, and prepared agreements and supporting documentation related to certain of Alameda Research LLC's cryptocurrency investments.

   c.   Quinn Emanuel advised West Realm Shires Inc regarding an antitrust litigation claim and prepared a draft comment letter for potential submission to a rule making agency in support of a non-FTX-related market participant's exemptive application.

   d.   Finally, ending in July, 2022, Quinn Emanuel provided Alameda Research and FTX Trading with advice concerning the chapter 11 cases of Voyager Digital and Celsius.[2]

29      On April 12, 2022, Quinn Emanuel received a retainer payment from FTX Trading Ltd. of $500,000. The retainer was an advanced payment of FTX Trading's agreement to pay Quinn Emanuel a minimum fee of $100,000 per month until the earlier of four years from the date of the engagement letter or the termination thereof. This agreement was terminated in light of the Debtors' chapter 11 filings.

30      During the ninety days immediately preceding the Petition Date, Quinn Emanuel billed and collected from the Debtors $577,863.57, including $311,608.01 in drawdowns on the retainer and $266,255.56 in payments from the Debtors. As of the Petition Date, Quinn Emanuel

---

[2] With respect to Voyager Digital, Quinn Emanuel ceased providing advice to the Debtors and established an ethical wall upon the firm's engagement as special counsel for Voyager Digital. As set forth more fully in the Burck Declaration, the firm advised Voyager Digital on matters unrelated to the Debtors.

did not hold any retainer amounts in connection with its prepetition services, but as noted below, Quinn Emanuel received a $300,000 retainer to be used for its postpetition services

31.     During the year prior to the Petition Date, Quinn Emanuel billed and collected from the Debtors a total of $766,255.56, which includes the $577,863.57 billed and collected in the ninety days immediately preceding the Petition Date. In addition, as of the Petition Date, Quinn Emanuel had incurred $97,644.36 in unpaid fees and expenses, and waives all claims for such unpaid amounts as a condition to its employment by the estates. None of those amounts were in contemplation of or in connection with the Debtors' chapter 11 cases.

32.     On November 13, 2022, Quinn Emanuel received a retainer payment of $300,000 from West Realm Shires Inc. in connection with its proposed retention in these Chapter 11 Cases. West Realm Shires subsequently filed its own chapter 11 petition on November 14. The retainer will be held on account and applied, to the extent allowed by the Court, to the payment of fees for services rendered and the reimbursement of expenses incurred by Quinn Emanuel in the course of the Chapter 11 Cases.

F.    **No Adverse Interest**

33.     Except as set forth in the Burck Declaration, Quinn Emanuel, to the best of the Debtors' knowledge, information, and belief, does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Quinn Emanuel is to be employed. Quinn Emanuel has agreed with the Debtors not to represent any such creditors or parties-in-interest in these chapter 11 cases in any matters adverse to the Debtors. Additionally, Quinn Emanuel has informed the Debtors that it will conduct an ongoing review of its files to ensure that it continues to neither represent nor hold any interests adverse to the Debtors or their estates with respect to the matters on which Quinn Emanuel is to be employed pursuant to this Application.

To the best of the Debtors' knowledge, as disclosed in the Burck Declaration, (a) Quinn Emanuel does not hold or represent any interest adverse to the Debtors' estates and (b) has no connection to the Debtors, their creditors, or other parties-in-interest, except as may be disclosed in the Burck Declaration.

34.    For all of the reasons stated above and in the Declarations, the Debtors submit that the retention and employment of Quinn Emanuel as special counsel is in the best interests of their estates and is necessary to the successful prosecution of these Chapter 11 Cases. Based on its extensive experience, Quinn Emanuel is well-qualified to represent the Debtors in an efficient and expert manner. Accordingly, the Debtors submit that the retention of Quinn Emanuel is in the best interests of the Debtors, their estates, and their creditors, and should be approved by the Court.

## IV.    NOTICE

35.    Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Department of Justice; (vi) the United States Attorney for the District of Delaware; (vii) the parties identified on the Debtors' consolidated list of 50 largest unsecured creditors; and (viii) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that in light of the nature of the relief requested herein, no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached as **Exhibit A** hereto: (i) authorizing the employment and retention of Quinn Emanuel as special counsel to the Debtors, *nunc pro tunc* to November 13, 2022, including Quinn Emanuel's normal hourly rates in effect at the time services are rendered (subject to the 10% discount) and normal reimbursement policies and (ii) granting such further relief as is otherwise necessary or appropriate.

Dated:  December 21, 2022

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

*/s/ John J. Ray III*
John J. Ray III
Chief Executive Officer