**Exhibit C**

**Declaration of John J. Ray III**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOHN J. RAY III IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO NOVEMBER 13, 2022**

Pursuant to 28 U.S.C. § 1746, I, John J. Ray III, declare the following is true to the best of my knowledge, information, and belief:

1. I am the Chief Executive Officer of FTX Trading Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors").

2. I submit this declaration (the "Declaration") in support of *the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel for the Debtors and the Debtors in Possession*, *Nunc Pro Tunc to November 13, 2022* (the "Application"). Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' senior management and its advisors.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069419.}

## THE DEBTORS' SELECTION OF QUINN EMANUEL

3. The Debtors are requesting that Quinn Emanuel serve as special counsel to assist the Debtors and their boards of directors, in coordination with the Debtors' other professionals, in: (1) determining the existence of, and if the Debtors deem it appropriate, prosecuting and/or settling, any claim or cause of action available to any of the Debtors' estates; (2) in connection with the development of such claims or causes of action, conducting independent investigations into the acts, conduct, assets, liabilities, and financial condition of the Debtors, including any facts bearing on fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors or any party receiving assets from, or transacting with, the Debtors; and (3) addressing other litigation involving third-parties and any other matter the Debtors deem relevant to the Debtors' cases or to the formulation of a plan. In all matters, Quinn Emanuel will minimize duplication with the Debtors' other counsel.

4. The Debtors recognize that when selecting legal counsel in complex chapter 11 cases, a comprehensive review process is necessary to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

5. The Debtors have decided to retain Quinn Emanuel as special counsel because, among other reasons, Quinn Emanuel possesses complex chapter 11 experience, experience practicing before this Court, and knowledge of this Court's local rules and procedures, making Quinn Emanuel ideal to efficiently serve the needs of the Debtors. Accordingly, I believe that Quinn Emanuel is both well qualified and uniquely able to provide the specialized legal advice sought by the Debtors going forward in an efficient and effective manner and that the retention of Quinn Emanuel is in the best interest of the Debtors' estates.

**RATE STRUCTURE**

6. In my capacity as Chief Executive Officer of the Debtors, I am responsible for supervising outside counsel retained by the Debtors. Quinn Emanuel has informed the Debtors that its hourly billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement. Moreover, Quinn Emanuel has agreed to provide a 10% discount on its standard billing rates for all timekeepers, which will be applied to the total fees in each statement.

**COST SUPERVISION**

7. Quinn Emanuel plans to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures and any other orders of the Court, recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Quinn Emanuel. The Debtors further recognize that they are responsible to monitor closely the billing practices of Quinn Emanuel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases. The Debtor will also review the invoices that Quinn Emanuel regularly submits, and, together with Quinn Emanuel, amend the budget and staffing plans periodically, as the case develops.

8. The Debtors will bring discipline, predictability, client involvement, and accountability to Quinn Emanuel's fees and expenses reimbursement process. While every chapter 11 case is unique, Quinn Emanuel's forthcoming budgets will provide guidance on the periods of time and projections of average hourly rates of the attorneys and professionals that will work on the specified matters for which Quinn Emanuel would be retained.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
December 21, 2022

*/s/ John J. Ray III*
John J. Ray III
Chief Executive Officer
FTX Trading Ltd.