## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: January 11, 2023 at 9:00 a.m. (ET) |
| | **Objection Deadline**: January 4, 2023 at 4:00 p.m. (ET) |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER IMPLEMENTING CERTAIN PROCEDURES TO RETAIN, COMPENSATE AND REIMBURSE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a),

327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

"Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary

course of the Debtors' businesses.  In support of the Motion, the Debtors respectfully state as

follows:

### Background

1.      On November 11 and November 14, 2022 (as applicable, the "Petition

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy

Code.  The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint

administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by

entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the

United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official

Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the

Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and

the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III*

*in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar*

*W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental* Declaration *of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and

the *Supplemental* Declaration *of Edgar W. Mosley II in Support of First Day Pleadings* [D.I.

93].

### Facts Specific to the Relief Requested

3.      The Debtors employ various persons to provide professional services in

connection with their ongoing businesses (each, an ordinary course professional or "OCP" and

collectively, the "OCPs").  Many of the OCPs were engaged postpetition and did not assist the

Debtors while under their prior management.  A non-exclusive list of the Debtors' current

OCPs is attached to the Order as <u>Exhibit 1</u>.[2]  The Debtors may also seek to employ additional OCPs as necessary during these Chapter 11 Cases and will file supplemental lists as necessary.

4.  The Debtors submit that the employment and compensation of the OCPs is in the best interests of their estates, creditors and other parties-in-interest.  The Debtors anticipate that the OCPs wish to provide services to the Debtors during these Chapter 11 Cases, but many would not do so if the Debtors cannot pay them on a regular basis.  Accordingly, the Debtors' estates and their creditors are best served by avoiding any disruption in the professional services that are required for the Debtors' businesses.  Moreover, in light of the number of OCPs and the costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient and extremely costly for the Debtors and their legal advisors to prepare and file individual retention applications and monthly and interim fee applications for each OCP.

5.  Although some of the OCPs may hold limited unsecured claims against the Debtors in connection with services rendered to the Debtors prepetition, the Debtors do not believe that any of the OCPs have an interest materially adverse to the Debtors, their creditors or other parties-in-interest.

## **Proposed OCP Procedures**

6.  Specifically, the Debtors request that the Court approve the following procedures (the "<u>OCP Procedures</u>") for retaining and compensating OCPs:[3]

---

[2]  The Debtors continue to review the list of OCPs and, to the extent there are any changes, will supplement such list with separate filings on the Court's docket.

[3]  For the avoidance of doubt, except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of the Court.

(a)     Within 30 days following the latter of (i) entry of the Order or (ii) the commencement of services for a Debtor, each OCP shall provide the Debtors' attorneys with a declaration of disinterestedness (each, a "<u>Declaration of Disinterestedness</u>"), substantially in the form attached as <u>Exhibit 2</u> to the Order.  The Debtors shall file a copy of the OCP's Declaration of Disinterestedness with the Court and serve, or cause to be served, a copy on the following parties (collectively, the "<u>Notice Parties</u>"): (i) the U.S. Trustee and (ii) counsel to the Committee.

(c)     The Notice Parties and other parties-in-interest shall have 14 days after the filing of a Declaration of Disinterestedness (the "<u>Retention Objection Deadline</u>") to object to the retention of such OCP.  Any objecting party shall file its objection with the Court and serve the same upon the Notice Parties, the Debtors' attorneys and the relevant OCP on or before the Retention Objection Deadline.  If an objection cannot be consensually resolved within 10 days after the Retention Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreed to by the parties.  The Debtors shall not be authorized to retain or pay such OCP until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

(d)     If no objection is received by the expiration of the Retention Objection Deadline with respect to an OCP, the retention of such OCP shall be deemed approved and the Debtors shall be authorized to retain and pay such OCP in accordance with the OCP Procedures effective as of the Petition Date[4] or the date on which such OCP commenced services, as applicable, without further order from the Court.

(e)     The Debtors are authorized, without formal applications being filed with the Court, to pay a retained OCP 100% of such OCP's postpetition fees and disbursements after such OCP submits to the Debtors an invoice setting forth in reasonable detail the nature of the services rendered; *provided*, *however*, that each OCP's fees set forth on <u>Annex 1</u> to <u>Exhibit 1</u> to the Order, excluding costs and disbursements, may not exceed $200,000 per month on average over a rolling three-month period (the "<u>Tier 1 OCP Cap</u>") and the fees of each OCP set forth on <u>Annex 2</u> to <u>Exhibit 1</u> to the Order,

---

[4]     November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

excluding costs and disbursements, may not exceed $100,000 per month on average over a rolling three-month period (the "<u>Tier 2 OCP Cap</u>" and, together with the Tier 1 OCP Cap, the "<u>OCP Caps</u>").  The Debtors reserve the right to seek to amend the OCP Caps set forth in this paragraph following 14 days' notice to the parties to which the Debtors are providing notice of the Motion.

(f)     To the extent that fees payable to any OCP exceed the applicable OCP Cap (the "<u>Excess Fees</u>"), such OCP shall file with the Court and serve upon the Notice Parties a notice of excess fees (a "<u>Notice of Excess Fees</u>") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred.  The Notice Parties and other parties-in-interest shall have 14 days after the filing of a Notice of Excess Fees (the "<u>Excess Fees Objection Deadline</u>") to object to such Excess Fees. Any objecting party shall file its objection with the Court and serve the same upon the Notice Parties, the Debtors' attorneys and the relevant OCP on or before the Excess Fees Objection Deadline.  If an objection cannot be consensually resolved within 10 days after the Excess Fees Objection Deadline, then the Excess Fees of the OCP that are the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreed to by the parties.  The Debtors shall not be authorized to pay such Excess Fees until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

(g)     If no objection is filed by the Excess Fee Objection Deadline, the Excess Fees shall be deemed approved, and the Debtors shall be authorized to pay the OCP 100% of its Excess Fees for such month without the need to file a fee application and without further order of the Court.

(h)     Within thirty (30) calendar days after the end of, and with respect to, each full three (3) month period after the Petition Date (including any initial partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement that includes the following information with respect to each OCP: (i) the name of the OCP; and (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter.

(i)     The Debtors reserve the right to retain additional OCPs (the "<u>Additional OCPs</u>") from time to time during these Chapter 11 Cases by (i) including such OCPs on an amended version of <u>Exhibit 1</u> that is filed with the Court and served on the Notice

Parties and (ii) having such OCPs comply with the OCP
Procedures.

## Jurisdiction

7.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408

and 1409.  The statutory predicates for the relief requested herein are section 327, 328, 330 and

105(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.  Pursuant to

Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the

Court in connection with this Motion to the extent it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments consistent with Article III of the

United States Constitution.

## Relief Requested

8.      By this Motion, the Debtors request entry of the Order, substantially in

the form attached hereto as Exhibit A, authorizing the Debtors to retain and compensate the

OCPs in accordance with the OCP Procedures, without the need for each OCP to file formal

applications for retention and compensation.

## Basis for Relief

9.      Section 327(a) of the Bankruptcy Code provides:

Except as otherwise provided in this section, the trustee, with the court's
approval, may employ one or more attorneys, accountants, appraisers,
auctioneers, or other professional persons, that do not hold or represent an
interest adverse to the estate, and that are disinterested persons, to represent
or assist the trustee in carrying out the trustee's duties under this title.  11
U.S.C. § 327(a).

10.      Section 327(e) of the Bankruptcy Code provides that "with court's approval" a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor to the estate with respect to the matter on which such attorney is to be employed. *Id.* § 327(e).

11.      Bankruptcy Code section 330 provides, in relevant part, as follows:

> After notice to the parties in interest and the United States Trustee and a hearing . . . the court may award to a . . . professional person employed under section 327 . . . reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1)(A)-(B).

12.      Further, the Court has the authority, pursuant to section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id*. § 105(a).

13.      The Debtors do not believe that the OCPs are "professionals" within the meaning of section 327(a) of the Bankruptcy Code and therefore must be retained by express approval of the Court.  *See, e.g.*, *Comm. of Asbestos-Related Litigants* v. *Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtors' estate.").  In determining whether an entity is a "professional" whose retention must be approved by a court as required by section 327, courts generally consider the following factors:

a.      whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

b.      whether the entity is involved in negotiating the terms of a plan of reorganization;

     c.        whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

     d.        whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

     e.        the extent of the entity's involvement in the administration of the debtor's estate; and

     f.        whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of section 327 of the Bankruptcy Code as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are [merely] involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of administration of the debtor's estate" and listing factors).

         14.     These factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327(a) of the Bankruptcy Code, and none of the factors alone is dispositive. *See In re First Merchs. Acceptance Corp.*, 1997 WL 873551, at *3. Considering all of the factors, the Debtors submit that the OCPs are not "professionals" requiring full retention under section 327 of the Bankruptcy Code. Most, if not all, of the OCPs are professionals in foreign jurisdictions who are providing services to the foreign Debtors. Specifically, the OCPs will provide services in connection with the Debtors' ongoing businesses that are ordinarily provided by non-bankruptcy professionals. Nevertheless, the Debtors seek the relief requested herein to establish clear mechanisms for the

retention and payment of the OCPs and thereby avoid any subsequent controversy with respect thereto.

15.     Moreover, in light of the number of OCPs and the costs associated with the preparation of retention applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical, inefficient and extremely costly for the Debtors and their legal advisors to prepare and file individual retention applications and monthly and interim fee applications for each OCP.  Therefore, the Debtors submit it is in the best interest of all creditors and parties-in-interest to retain and compensate the OCPs in accordance with the OCP Procedures.

16.     Although some of the OCPs may have an unsecured claim against the Debtors in respect of prepetition services rendered, the Debtors do not believe that the identified firms have an interest materially adverse to the Debtors or their estates with respect to the matters for which they are to be employed.  Thus, the Debtors submit that all of the OCPs meet the applicable retention requirements under Bankruptcy Code section 327(e).

17.     Courts in this district have routinely granted relief similar to the relief requested herein.  *See, e.g.*, *In re Ector County Energy Center LLC*, No. 22-10320 (JTD) (July 25, 2022), D.I. 299 (approving comparable OCP procedures); *In re Ruby Pipeline, LLC*, No. 22-10278 (CTG) (May 24, 2022), D.I. 139 (same); *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Apr. 20, 2022), D.I. 181 (same); *In re Team Systems Int'l, LLC*, No. 22-10066 (CTG) (Feb. 8, 2022), D.I. 75 (same); *In re Northwest Hardwood, Inc.*, No. 20-13005 (CSS) (Jan. 6, 2021), D.I. 174 (same); *In re Francesca's Holding Corporation*, No. 20-13076 (BLS) (Jan. 4, 2021), D.I. 252 (same); *In re Vector Launch Inc.*, No. 19-12670 (JTD) (Jan. 21, 2020), D.I. 121 (same).

## **Reservation of Rights**

18.     Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **Notice**

19.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the OCPs; (h) the parties identified on the Debtors' consolidated lists of 50 largest unsecured creditors; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: December 21, 2022            **LANDIS RATH & COBB LLP**
        Wilmington, Delaware

                                  */s/ Matthew R. Pierce*
                                  Adam G. Landis (No. 3407)
                                  Kimberly A. Brown (No. 5138)
                                  Matthew R. Pierce (No. 5946)
                                  919 Market Street, Suite 1800
                                  Wilmington, Delaware 19801
                                  Telephone: (302) 467-4400
                                  Facsimile: (302) 467-4450
                                  E-mail: landis@lrclaw.com
                                          brown@lrclaw.com
                                          pierce@lrclaw.com

                                  -and-

                                  **SULLIVAN & CROMWELL LLP**
                                  Andrew G. Dietderich (admitted *pro hac vice*)
                                  James L. Bromley (admitted *pro hac vice*)
                                  Brian D. Glueckstein (admitted *pro hac vice*)
                                  Alexa J. Kranzley (admitted *pro hac vice*)
                                  125 Broad Street
                                  New York, NY 10004
                                  Telephone: (212) 558-4000
                                  Facsimile: (212) 558-3588
                                  E-mail: dietdericha@sullcrom.com
                                          bromleyj@sullcrom.com
                                          gluecksteinb@sullcrom.com
                                          kranzleya@sullcrom.com

                                  *Proposed Counsel for the Debtors*
                                  *and Debtors-in-Possession*