# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:** January 11, 2023 at 9:00 am ET<br>**Objection Deadline:** January 4, 2023 at 4:00pm ET |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO THE STIPULATION WITH VOYAGER DIGITAL, LLC AND (B) GRANTING RELATED RELIEF

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) authorizing Debtor West Realm Shires Inc. ("WRS") to enter into that certain stipulation, attached hereto as Exhibit B, with Voyager Digital, LLC ("Voyager"), among other things, terminating the Asset Purchase Agreement (as defined below) between WRS and Voyager, and (b) granting certain related relief. In support of the Motion, the Debtors respectfully state as follows:

## Background

1.  On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. November 11, 2022 is the Petition Date for all Debtors, except for WRS. The Debtors continue

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069457.}

to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**Facts Specific to the Relief Requested**

3. On July 5, 2022, Voyager and each of its affiliated debtors (collectively, the "Voyager Debtors") filed a voluntary petition for relief under Chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "SDNY Court").

4. On September 27, 2022, Debtor WRS and Voyager entered into that certain Asset Purchase Agreement [SDNY Court Docket No. 472-B] (as amended, the "Asset Purchase Agreement") in accordance with that certain order of the SDNY Court approving the Debtors' bidding and sale procedures [SDNY Court Docket No. 248] (the "Voyager Bidding Procedures Order").

5. On October 20, 2022, the SDNY Court entered the *Order (I) Authorizing Entry Into the Asset Purchase Agreement and (II) Granting Related Relief* [Docket No. 581]

authorizing Voyager to enter into the Asset Purchase Agreement and perform its obligations thereunder, other than those obligations to be performed at or after the consummation of the sale, and conditioning the consummation of the Asset Purchase Agreement on the confirmation and consummation of such proposed chapter 11 plan.

6. On November 11 and November 14, 2022, respectively, the Debtors commenced these Chapter 11 Cases. On November 14, 2022, the Voyager Debtors sent WRS a letter alleging certain breaches of the Asset Purchase Agreement by WRS. Thereafter, WRS and Voyager engaged in arm's length discussions with respect to, among other things, the alleged breaches and the status of the Asset Purchase Agreement in light of the commencement of the Debtors' Chapter 11 Cases. Through those negotiations, the parties have agreed to enter into a stipulation (i) terminating the Asset Purchase Agreement, (ii) allowing the Voyager Debtors to continue to hold the $5 million good-faith deposit provided by WRS to Voyager pursuant to the Bidding Procedures (the "Deposit"), subject to the parties' reservation of rights with respect to the Deposit, and (iii) otherwise reserving all rights, claims and defenses against or with respect to the other party, including, without limitation, arising out of termination of the Asset Purchase Agreement and the Deposit (the "Stipulation").

## Jurisdiction

7. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

8.      By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to enter into the Stipulation and (b) granting certain related relief.

### Basis for Relief

**I.    The Stipulation Is Appropriate Under Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a)**

9.      Section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

10.     Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (quoting Case v. L.A. Lumber Prods. Co., 308 U.S. 106, 130 (1939)). The compromise or settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); see also *In re Penn Cent. Transp. Co.*, 596 F.2d 1102 (3d Cir. 1979).

11.     "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the

compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). Courts should not, however, substitute their judgment for that of the debtor, but instead should canvas the issues to see whether the compromise falls below the lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); see also *In re World Health*, 344 B.R.. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'" (internal citations omitted)). Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

12.   The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *accord Will v. Nw. Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the Martin factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry, Inc.*, 390 U.S. at 424; *In re Marvel Entm't Group, Inc.*, 222 B.R. 243 (D. Del. 1998) (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997). The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of

litigation possibilities." *In re Penn Cent.*, 596 F.2d at 1114 (citations omitted); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (same).

13. In light of the commencement of these Chapter 11 Cases, WRS has determined that it is not in the best interests of the Debtors' estates to perform its obligations under the Asset Purchase Agreement and therefore the termination of the Asset Purchase Agreement is an appropriate and necessary exercise of its business judgment. The Stipulation effects the termination of the Asset Purchase Agreement while leaving for another day any potential disputes between WRS and Voyager with respect to the nature and circumstances of the entry into and termination of the Asset Purchase Agreement, saving the Debtors the time and expense required to resolve such disputed issues now.

14. Accordingly, the compromise embodied in the Stipulation is a fair and equitable compromise, falls well within the range of reasonableness, and satisfies each of the applicable Martin factors:

(i) **The Probability of Success in Litigation**. The Debtors submit that there may exist *bona fide* disputes as to certain matters regarding the Asset Purchase Agreement, including the nature and circumstances of the termination of the Asset Purchase Agreement and potential claims arising therefrom. The Stipulation allows the Debtors to avoid, at this time, any litigation or disputes with respect to such matters, which carries with it inherent uncertainties, while still terminating the Asset Purchase Agreement. Absent the compromise set forth in the Stipulation, there is a chance that WRS would be required to engage in expensive and time-consuming litigation now in connection with these matters and ultimately would not prevail. The Stipulation eliminates this risk, and accordingly, satisfies this factor.

(ii) **The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay.** Litigation pertaining to the termination of the Asset Purchase Agreement could be complex and expensive and involve a significant amount of time. Without the agreement embodied in the Stipulation, the Debtors could be forced to expend time and resources litigating disputes relating to the nature and circumstances of the termination of the Asset Purchase Agreement now, to the detriment of creditors and other stakeholders. Instead, the Stipulation provides for the termination of the Asset Purchase Agreement, leaving for another day any

disputes between the parties.

(iii) **The Paramount Interests of Creditors.** The Stipulation is in the paramount interest of the Debtors' creditors because, as discussed above, approval of the Stipulation resolves potential disputes between the parties and avoids potentially costly and time-consuming litigation at this time, while effecting the termination of the Asset Purchase Agreement, which is in the best interests of the Debtors' estates. In the Debtors' business judgment, the value of terminating the Asset Purchase Agreement, while reserving the rights of the parties, exceeds the net benefits that the Debtors could potentially obtain through litigation, given the complexities, uncertainties, delays and costs associated with such litigation.

15. Based on the foregoing, the Debtors contend that Stipulation satisfies Bankruptcy Rule 9019 as it is fair, reasonable, and in the best interests of the Debtors, their estates, and their stakeholders. The Stipulation (a) satisfies the Martin factors, (b) allows the Debtors to avoid potential disputes with Voyager related to termination of the Asset Purchase Agreement and any associated costs, risks, and distractions at this time, and (c) reserves any rights of the Debtors to maximize the recoveries of creditors in these Chapter 11 Cases, including with respect to the Deposit. As such, the Debtors respectfully request that the Court authorize entry into the Stipulation.

## Waiver of Bankruptcy Rule 6004(h)

16. Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h). Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons described above, the relief requested is essential to prevent potentially irreparable damage to the Debtors' operations, value and ability to reorganize.

## Reservation of Rights

17. Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as

to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Notice

18.    Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) Voyager; (h) the parties identified on the Debtors' consolidated lists of 50 largest unsecured creditors and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: December 21, 2022<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         kranzleya@sullcrom.com<br><br>*Proposed Counsel for the Debtors*<br>*and Debtors-in-Possession* |