**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** January 11, 2023 at 9:00 a.m. (ET)<br>**Objection Deadline:** January 4, 2023 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS**
**TAX SERVICES PROVIDER *NUNC PRO TUNC* TO NOVEMBER 28, 2022**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this application (this "Application") for entry of an

order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections

105(a), 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the

"Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court of the District of Delaware (the "Local Rules"),

authorizing the retention and employment of Ernst & Young LLP ("EY LLP") as tax services

provider to the Debtors *nunc pro tunc* to November 28, 2022 in accordance with the terms and

conditions set forth in that certain engagement letter and that certain statement of work, both

dated November 28, 2022, between the Debtors and EY LLP (together, and as may be amended,

modified or supplemented from time to time, the "Engagement Letters"), copies of which are

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.

attached as Exhibit A-1 and Exhibit A-2 to the Shea Declaration (defined herein).  Certain facts

supporting this Application are set forth in the Declaration of Thomas M. Shea (the "Shea

Declaration"), attached hereto as Exhibit B.  In further support of the Application, the Debtors

respectfully state as follows:

## Background

1.      On November 11 and November 14, 2022 (as applicable, the "Petition

Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy

Code.  The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint

administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by

entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the

United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official

Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the

Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and

the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III*

*in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar*

*W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and

the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I.

93] (collectively, the "First Day Declarations").

## EY LLP's Qualifications

3.      EY LLP has significant qualifications and experience as an outside tax

services provider.  The firm's related experience is widely recognized, and it regularly provides

such services to large and complex business entities.  Significantly, EY LLP has extensive experience in delivering such services to debtors who have filed Chapter 11 Cases.  *See, e.g.*, *In re Riverbed Tech., Inc.*, No. 21-11503 (CTG) (Bankr. D. Del. Jan. 3, 2022); *In re EHT US1, Inc., et al.*, No. 21-10036 (CSS) (Bankr. D. Del. May 11, 2021); *In re MatlinPatterson Glob. Opportunities Partners II L.P. et al.*, No. 21-11255 (DSJ) (Bankr. S.D.N.Y. Aug. 24, 2021); *In re Alpha Entm't LLC*, No. 20-10940 (LSS) (Bankr. D. Del. July 12, 2020); *In re Purdue Pharma, L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Dec. 23, 2019); *In re LBI Media, Inc. et al.*, No. 18-12655 (CSS) (Bankr. D. Del. July 8, 2019); *In re ATD Corp.*, No. 18-12221 (KJC) (Bankr. D. Del. Nov. 13, 2018); *In re Se. Grocers, LLC*, No. 18-10700 (MFW) (Bankr. D. Del. May 14, 2018); *In re Momentive Performance Materials (MPM Silicones, LLC)*, No. 14-22503 (SDD) (Bankr. S.D.N.Y. Jun. 26, 2014); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. Jun. 10, 2014); *In re Oncure Holdings, Inc.*, No. 13-11540 (LSS) (Bankr. D. Del. Jul. 23, 2014); and *In re Exide Techs.*, No. 13-11482 (KJC) (Bankr. D. Del. Dec. 17, 2013).

4.      Accordingly, EY LLP is well-qualified and able to provide tax services to the Debtors in these Chapter 11 Cases in an efficient and timely manner.  The Debtors believe that EY LLP's employment is in the best interests of the Debtors and their estates.

## Services to be Provided

5.      As set forth in detail in the Engagement Letters, EY LLP has agreed to provide certain tax services (the "Services") to the Debtors in connection with these Chapter 11 Cases upon approval of the Court, a summary of which is set forth below and fully described in the Engagement Letters:[2]

---

[2]   The summaries of certain terms of the Engagement Letters herein are qualified in their entirety by reference to the provisions of such Engagement Letters.  To the extent there is any discrepancy between the summaries contained in this application and the terms of the Engagement Letters, the terms of the Engagement Letters shall control.

A.    <u>Preliminary Tax Diligence Services</u>

6.    EY LLP will perform preliminary tax diligence procedures in connection with these Chapter 11 Cases in order to determine the level of tax support, both prospectively and retrospectively, EY LLP can provide to the Debtors.  Procedures related to this engagement include, but are not limited to, the following:

- Review of the Debtors' organizational structure
- Review of tax filing calendar/listing for both income and non-income taxes (e.g., employment gross receipts, sales/use, property, unclaimed property), as well as any previously filed returns and supporting workpapers, as well as tax return workpapers/support for current/pending filings.
- If calendar/listing does not exist, EY LLP will compile such as part of its diligence procedures.
- Review of all existing tax attributes per filed returns and compile summary inventory
- Review of the Debtors' financial statements and/or any other available documentation (e.g., trial balances) related to financial reporting/performance
- Review of the Debtors' intercompany arrangements and transfer pricing documentation
- Review of any Debtor's correspondence with/from taxing authorities
- Review of documentation related to any historic acquisitions, dispositions or reorganizations including transaction form, tax treatment, historical tax due diligence, tax indemnities, etc.
- Participate in calls with the Debtors' management and external advisors
- Addressing specific tax technical issues identified by the Debtors and/or advisors not required to be contracted under a separate SOW

B.    <u>GCR Implementation Services</u>

7.    EY LLP, the other EY Firms[3] and the Debtors will agree on a plan to effect implementation of the global compliance and reporting ("<u>GCR</u>") central compliance services and transition in respect of the Services.  The implementation plan will include as a minimum the following steps:

---

[3]    Unless otherwise defined, capitalized terms used in these summaries shall have the meanings ascribed to them in the Engagement Letters.

- Confirm scope of the Services included, subsequently agreeing to any amendment to the SOW and/or Attachments and/or additional SOW as required.
- Confirm milestone dates by which actions either by EY LLP, the EY Firms or the Debtors must be completed for timely filing of the returns within scope.
- Confirm data reports and other information as necessary, and the means of transferring such reports to EY LLP and/or other EY Firms, that EY LLP and/or other EY Firms will require to prepare accurately the returns within scope, recommending any process and/or procedural change requirements as necessary to improve the efficiency in the carrying out of the Services.
- Confirm the escalation process to EY LLP, the other EY Firm's and the Debtors' project managers, respectively, of issues or risk to the successful conclusion to transition and/or the carrying out of the Services.
- Confirm sign offs by EY LLP and the Debtors that transition has been completed successfully.

C.      Global Routine On-Call Assistance Services

8.      EY LLP will provide to the Debtors routine tax advisory services and assistance concerning issues as requested by the Debtors when such projects are not covered by a separate statement of work and do not involve any significant tax planning or projects.  Upon the Debtors' written request, EY LLP also will provide one-off tax compliance services.  On-call tax assistance services are intended to be used to respond to general tax questions and assignments that are expected, at the beginning of the project, to involve total professional time not to exceed (with respect to the specific project) $25,000 in professional fees.

9.      EY LLP's performance of the Services is critical to the Debtors' administration of these Chapter 11 Cases and preserve and maximize the value of their estates. The Debtors submit that EY LLP is well-qualified and best suited to perform the Services.

**Efforts to Avoid Duplication of Services**

10.      All of the Services will be appropriately directed by the Debtors in an effort to avoid duplication of services among the other professionals retained in these Chapter

11 Cases.  The Debtors believe that the Services will complement, and will not be duplicative

of, any services provided by the Debtors' other professionals.

### Professional Compensation

11.    EY LLP intends to charge the Debtors for their various Services based

on the time that EY LLP professionals spend performing such Services.  The hourly rates for

Services to be rendered by EY LLP are as follows:

| Level | Rate |
|---|---|
| National Partner/Principal | $990 |
| Partner/Principal | $825 |
| Managing Director | $775 |
| Senior Manager | $650 |
| Manager | $525 |
| Senior | $395 |
| Staff | $225 |

12.    EY LLP's fees are exclusive of taxes or similar charges, as well as

customs, duties or tariffs imposed in respect of the Services, all of which the Debtors shall pay

(other than taxes imposed on EY LLP's income generally).

13.    In addition to the fees set forth above, the Debtors have agreed to

reimburse EY LLP for any expenses directly incurred in connection with EY LLP's retention

in these Chapter 11 Cases and the performance of the Services set forth in the Engagement

Letters, including all potential value-added taxes, sales taxes and other indirect taxes.  EY

LLP's direct expenses include reasonable and customary out-of-pocket expenses for items such

as travel, meals, accommodations and other expenses, including any taxes and related

administrative costs that result from billing arrangements that are requested by the Debtors.

14.     EY LLP did not perform any work for any of the Debtors prior to the commencement of these Chapter 11 Cases.  During the 90 days before the Petition Date,[4] the Debtors did not pay any amounts to EY LLP.  As of the Petition Date, the Debtors did not owe EY LLP any money in respect of services provided by EY LLP either prior to or following the Petition Date.

15.     If EY LLP is requested or authorized by the Debtors, or is required by government regulation, subpoena or other legal process, to produce its documents or personnel as witnesses with respect to the Services or the Engagement Letters, the Debtors agreed, so long as EY LLP is not a party to the proceeding in which the information is sought, to reimburse EY LLP for its professional time and expenses, as well as the fees and expenses of EY LLP's counsel, incurred in responding to such requests.

16.     EY LLP may receive rebates in connection with certain purchases that are used to reduce charges that EY LLP would otherwise pass on to its clients.

17.     EY LLP intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable U.S. Trustee guidelines and any other applicable procedures and orders of the Court.

**<u>Certain Provisions of the Engagement Letters</u>**

18.     EY LLP's provision of Services to the Debtors is contingent upon the Court's approval of each term and condition set forth in the Engagement Letters.  Included

---

[4]     November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

among the terms and conditions set forth in the general terms and conditions of the

Engagement Letters are dispute resolution provisions substantially similar to the following:

> Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Agreement or the services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of Debtors or their subsidiaries or of EY LLP) shall be brought in the Bankruptcy Court or the applicable district court (if such district court withdraws the reference) and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits.  The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made.  If the Bankruptcy Court, or the district court upon withdrawal of the reference, does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to nonbinding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures as set forth in Appendix 1 to these Terms and Conditions.  Judgment on any arbitration award may be entered in any court having proper jurisdiction.  The foregoing is binding upon the Debtors, EY LLP and any all successors and assigns thereof.

19.    The Engagement Letters may be terminated by EY LLP or the Debtors in accordance with their terms, and the Engagement Letters will expire upon the effective date of the Debtors' confirmed plan of reorganization, or the liquidation of the Debtors' assets under chapter 11 or 7 of title 11 of the Bankruptcy Code.  Notwithstanding the termination or expiration of the Engagement Letters, however, the Debtors' estates will remain obligated to pay all accrued fees and expenses as of the effective date of such termination or expiration, as applicable.  Moreover, certain other terms of the Engagement Letters will continue (either indefinitely or for a specified period of time) following termination.

## **EY LLP's Disinterestedness**

20.     To the best of the Debtors' knowledge and except to the extent disclosed herein and in the Shea Declaration, EY LLP: (a) does not hold or represent an interest adverse to the Debtors or their estates; and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.  To the extent that EY LLP discovers any new relevant facts or relationships bearing on the matters described herein during the period of its retention, EY LLP will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## **Jurisdiction**

21.     The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **Relief Requested**

22.     By this Application, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Debtors, in their sole discretion, to retain and employ EY LLP as tax services provider in connection with these Chapter 11 Cases effective *nunc pro tunc* to November 28, 2022.

**Basis for Relief**

I.     **The Bankruptcy Code Permits the Retention and Employment of EY LLP on the Terms of the Engagement Letters.**

23.     Section 327(a) of the Bankruptcy Code authorizes a debtor-in-possession to employ professionals that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). For the reasons discussed above and in the Shea Declaration, EY LLP satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code.

24.     Additionally, section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . ." 11 U.S.C. § 328(a). Accordingly, section 328 permits the compensation of professionals, including tax services providers, on more flexible terms that reflect the nature of their services and market conditions.

25.     The Debtors respectfully submit that the terms and conditions of the Engagement Letters are fair, reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code given the numerous issues that EY LLP may be required to address in the performance of the Services and the market prices for EY LLP's services for engagements of this nature.

26.     As set forth above, EY LLP intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other

applicable procedures and orders of the Court.

## II.    The Indemnification Provision in the Engagement Letters Is Appropriate.

27.    The Debtors and EY LLP believe that the indemnification provision in

the Engagement Letters, as modified by the Order, is customary and reasonable for tax

engagements both out-of-court and in Chapter 11 Cases.  *See United Artists Theatre Co. v.*

*Walton (In re United Artists Theatre Co.*), 315 F.3d 217, 234 (3d Cir. 2003) (finding

indemnification agreement between debtor and financial adviser reasonable under section 328

of the Bankruptcy Code).  Accordingly, the Debtors respectfully submit that the terms of the

indemnification provision are reasonable and customary and should be approved.

### *Nunc Pro Tunc* Retention of EY LLP

28.    Given the unusual circumstances of these Chapter 11 Cases, the Debtors

respectfully request that the employment of EY LLP be authorized *nunc pro tunc* to November

28, 2022.

29.    The United States Court of Appeals for the Third Circuit has identified

"time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc*

retention.  *See In re Arkansas*, 798 F.2d 645, 650 (3d Cir. 1986).

30.    As described in the First Day Declarations, these Chapter 11 Cases are

extraordinarily unique.  These Chapter 11 Cases were filed on an expedited basis.  Following the

Petition Date, the Debtors and their professionals necessarily committed substantial resources

towards stabilizing the Debtors' businesses and transitioning into chapter 11, including, among

other things, seeking approval of various first-day and other motions.  The Debtors and their

professionals also have expended significant time towards the ongoing work to protect and

recover assets around the world, while also advancing their investigation into the facts and circumstances that led to the Debtors' commencement of these Chapter 11 Cases.

31.     Accordingly, for the reasons set forth above, the Debtors believe that approval of the retention and employment of EY LLP *nunc pro tunc* to November 28, 2022 is in the best interest of the Debtors and their estates.

## **Notice**

32.     Notice of this Application has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the parties identified on the Debtors' consolidated lists of 50 largest unsecured creditors; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

Dated: December 21, 2022        FTX Trading Ltd. and its affiliated
       Wilmington, Delaware      debtors and debtors-in-possession

                          By: */s/ John J. Ray III*
                          John J. Ray III
                          Chief Executive Officer