## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: January 11, 2023 at 9:00 a.m. (ET)<br>**Objection Deadline**: January 4, 2023 at 4:00 p.m. (ET) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER
## ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
## AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a)

and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"),

rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2016-

2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), establishing procedures (the

"Compensation Procedures") for interim compensation and reimbursement of expenses for

Professionals (as defined below) on a monthly basis.  In support of the Motion, the Debtors

respectfully state as follows:

### Background

1.      On November 11 and November 14, 2022 (as applicable, the "Petition

Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Facts Specific to the Relief Requested

3.      The Debtors are seeking, by separate applications, Court approval to retain:  (a) Sullivan & Cromwell LLP, as co-counsel; (b) Landis Rath & Cobb LLP, as Delaware co-counsel; (c) Alvarez & Marsal North America, LLC, as financial advisor; (d) Perella Weinberg Partners LP, as investment banker; (e) AlixPartners, LLP, as forensic investigator; (f) Quinn Emanuel Urquhart & Sullivan, LLP, as special counsel; (g) Ernst & Young LLP as tax services provider; and (h) Kroll Restructuring Administration LLC ("Kroll"),[2] as claims, noticing agent, solicitation and administrative agent (collectively, and together with any other

---

[2]     Pursuant to the *Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC As Claims and Noticing Agent Effective Nunc Pro Tunc to the Petition Date*, [D.I. 132], the Court authorized the Debtors to retain and compensate Kroll for claims and noticing services without the need for Kroll to file fee applications or seek Court approval for such compensation.  Accordingly, the proposed Compensation Procedures shall not apply to Kroll in its capacity as claims and noticing agent.

professionals the Debtors may retain under section 327 of the Bankruptcy Code, the "Debtor

Professionals").[3]

4.      In addition, the Committee and any other official statutory committee

(each such committee, an "Official Committee" and collectively, the "Official Committees")

may file applications to employ professionals in connection with these Chapter 11 Cases (the

"Committee Professionals" and, together with the Debtor Professionals, the "Professionals").

5.      The Debtors believe that establishing orderly procedures for payment of

fees and expenses of the Professionals will streamline the administration of these Chapter 11

Cases and otherwise promote efficiency for the Court, the U.S. Trustee and all parties-in-interest.

A streamlined process for serving monthly statements, interim and final fee applications and

related notices is in the best interests of the Debtors and their estates because it will facilitate

efficient review of the Professionals' fees and expenses while saving the Debtors and their

estates unnecessary expenses.

## I.      Proposed Compensation Procedures

6.      Pursuant to section 331 of the Bankruptcy Code, all Professionals may

submit applications for interim compensation as often as the bankruptcy court permits.  The

Debtors respectfully request the Court approve the following Compensation Procedures for all

Professionals:

> a.      On or after the 15th day of each month following the month for which compensation is sought or as soon as practicable thereafter, each Professional seeking compensation may submit a monthly fee statement (each, a "Monthly Statement") by electronic mail, where available or

---

[3]      The Debtors have sought separate approval from the Court, pursuant to the *Motion of Debtors for Entry of an Order Implementing Certain Procedures to Retain, Compensate and Reimburse Professionals Utilized in the Ordinary Course of Business* (the "Ordinary Course Professionals Motion"), filed contemporaneously herewith, to pay certain ordinary course professionals without filing individual monthly, interim and final applications, but subject to monthly fee caps.  Any ordinary course professional seeking payment of fees and expenses in amounts exceeding the fee caps set forth in the Ordinary Course Professionals Motion may be subject to the Compensation Procedures.

where electronic mail is not available, by first-class mail, on the following parties (each a "<u>Notice Party</u>" and collectively, the "<u>Notice Parties</u>"): (i) proposed counsel to the Debtors, (a) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com); (ii) counsel to any Official Committee; (iii) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov) and (iv) any fee examiner appointed in these Chapter 11 Cases.

b.  Any Professional who does not file a Monthly Statement for a particular month may subsequently submit a consolidated Monthly Statement for such month(s).

c.  Each Monthly Statement shall describe and itemize the fees and expenses incurred within such period, together with (a) a summary setting forth the total amount of fees; (b) each Professional's (and paraprofessional's) hourly rate, if applicable; (c) time entries for each Professional (redacted or modified to protect any privileged information); (d) total time and fees; and (e) the amount of reimbursable expenses sought.

d.  In the event that a Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, such Notice Party shall, no later than 4:00 p.m. (Prevailing Eastern Time) 20 days after service of the applicable Monthly Statement (the "<u>Objection Deadline</u>"), serve upon the Professional whose Monthly Statement is objected to and the other Notice Parties a written "<u>Notice of Objection to Monthly Statement</u>," setting forth with specificity the nature of the objection and the amount of fees or expenses at issue.  Thereafter, the objecting party and the professional whose Monthly Statement is objected to shall attempt to reach an agreement.  If the parties are unable to reach an agreement on the objection within 14 days (or such longer period as mutually agreed to by the Professional and the objecting party), the objecting party shall file an objection (the "<u>Objection</u>") with the Court within three days and serve such objection on the Notice Parties and the Professional.  After receipt of such Objection, the Professional whose Monthly Statement is objected to shall have the option of (a) filing a response to the Objection with a request for payment of the disputed amount with the Court, or (b) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider the Objection if payment of the disputed amount is requested.

e.  Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Statement (each, a "<u>CNO</u>").  After a CNO is filed, the Debtors are authorized to pay the

Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement that are not subject to an Objection.

f.  If a Notice of Objection to a Monthly Statement is served and the parties resolve their dispute, the parties shall notify the Debtors of the resolution, and the Professional shall file a Certification of Counsel ("COC") with the Court. After a COC is filed, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses of the agreed amount; *provided that* no payment shall be made prior to the expiration of the Objection Deadline.

g.  The first Monthly Statement may be submitted by each of the Professionals on or after the date of entry of the Order, and shall cover the period from the Petition Date[4] through November 30, 2022.

h.  Beginning with the period ending January 31, 2023, and thereafter at three month intervals or at such other intervals convenient to the Court (each, an "Interim Fee Period"), each Professional shall file with the Court and serve on the Notice Parties a request for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements submitted during such Interim Fee Period (each, an "Interim Application"). Each Interim Application shall identify the Professional seeking compensation, disclose the period for which the payment of compensation and reimbursement of expenses is sought, and describe the amount of compensation and expenses sought. Objections, if any, to an Interim Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day following service of the Interim Application.

i.  Each Professional shall file and serve its Interim Application within 45 days after the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. The first Interim Application shall cover the time between the Petition Date through and including January 31, 2023, and shall be filed on or before March 17, 2023.

j.  The Debtors will request that the Court schedule a hearing on Interim Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Application without the need for a hearing upon the filing of an appropriate CNO and/or COC. Upon allowance by the Court of a Professional's Interim Application, the Debtors shall promptly pay such Professional all requested fees, including the 20% holdback and any other fees and expenses allowed by the Court but not previously paid,

---

[4] November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

subject to final allowance by the Court.

k.      Upon the earlier of the conclusion of a Professional's employment by the Debtors and confirmation of a chapter 11 plan, such Professional shall file a final fee application (the "Final Application" and together with the Interim Applications, the "Applications") seeking final Court approval of the compensation and reimbursement of expenses requested during these Chapter 11 Cases.  All fees paid and expenses reimbursed to a Professional under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

l.      The Debtors will request that the Court schedule a hearing on the Final Applications.  The Court, it in its discretion, may approve an uncontested Final Application without the need for a hearing upon the filing of an appropriate CNO.  Upon allowance by the Court of a Professional's Final Application, the Debtors shall promptly pay such Professional all requested fees and expenses not previously paid.

m.      Copies of all Monthly Statements and Applications need only be served upon the Notice Parties.  Parties that have entered their appearance pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a notice of any hearing thereon.

n.      The pendency of an application or Court order stating that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement or Application shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

o.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

p.      Each member of an Official Committee is permitted to submit statements of reasonable, out-of-pocket expenses incurred in the performance of the duties of such Official Committee (excluding third-party counsel expenses of individual Official Committee members) and supporting vouchers to the respective Official Committee's counsel, which counsel will collect and file the Official Committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

q.      Each Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, in connection with each such attorney's Interim Fee

Application and/or Final Fee Application.

## Jurisdiction

7.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

8.    By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, establishing the Compensation Procedures for Professionals.

## Basis for Relief

I.    **The Establishment of Procedures for Interim Compensation of Professional Is Appropriate Under Sections 105(a) and 331 of the Bankruptcy Code.**

9.    Pursuant to section 331 of the Bankruptcy Code, all estate professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the bankruptcy court permits.

10.    Section 105(a) of the Bankruptcy Code authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Thus, the Court has ample authority to enter an order authorizing procedures for interim payment of monthly compensation and reimbursement of expenses.

11.     Courts have regularly established procedures providing for the compensation and expense reimbursement of professionals on a monthly basis in accordance with sections 105(a) and 331 of the Bankruptcy Code.  *See In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 728-732 (Bankr. D. Del. 2000).  Factors generally considered by the courts in determining whether such procedures are warranted include whether "the case is an unusually large one in which an exceptionally large amount of fees accrue each month . . . the court is convinced that waiting an extended period for payment would place an undue hardship on counsel . . . the court is satisfied that counsel can respond to any reassessment . . . [t]he fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder . . . whether other fee arrangements would impose a hardship on the debtor . . . [and] the effect of the proposed procedure on the ability of the Court to adequately review professional fee applications."  *Id*. at 731.

12.     The implementation of the proposed Compensation Procedures is justified in these Chapter 11 Cases.  It is anticipated that the Professionals will provide integral advice and services to the Debtors and to any Official Committee, as applicable, in administering these Chapter 11 Cases.  Absent streamlined compensation procedures, the professional fee application and review process could be burdensome on the Debtors, the Professionals, the Court and other parties.  By contrast, the proposed Compensation Procedures will enable the Debtors to monitor closely Professional fees and expenses in these Chapter 11 Cases, maintain a level cash flow, and implement efficient cash management procedures.  Moreover, these procedures will also allow the Court and the key parties-in-interest to verify the reasonableness and necessity of the compensation and reimbursement sought pursuant to the Compensation Procedures.

13.     The Debtors submit that the Compensation Procedures are appropriate and consistent with compensation procedures established in other large Chapter 11 Cases in this

district.  *See, e.g.*, *In re TPC Group Inc.*, No. 22-10493 (CTG) (June 7, 2022), D.I. 339 (approving comparable interim compensation procedures for professionals); *In re Ruby Pipeline, L.L.C.*, No. 22-10278 (CTG) (May 24, 2022), D.I. 131 (same); *In re Akorn, Inc.*, No. 20-11177 (KBO) (June 11, 2020), D.I. 218 (same); *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Nov. 14, 2020), D.I. 770 (same); *In re Cred*, No. 20-12836 (JTD) (Nov. 17, 2020), D.I. 244 (same).  The Debtors further submit that the Compensation Procedures substantially comply with the guidelines set forth in Local Rule 2016-2 and the other Fee Guidelines.

### Notice

14.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the Professionals as of the date hereof; (h) the parties identified on the Debtors' consolidated lists of 50 largest unsecured creditors; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A,</u> and (b) grant such other and further relief as is just and proper.

Dated: December 21, 2022
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*