IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al,[1]<br><br>Debtor. | Case No. Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:  January 11, 2023 at 9:00 am**<br>**Objections Due:  January 4, 2023 at 4:00 pm**<br><br>Re:  D.I. 243, 244, 245 |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING
NORTH AMERICA LEAGUE OF LEGENDS, LLC TO FILE THE UNREDACTED
STRATEGIC SPONSORSHIP AGREEMENT UNDER SEAL**

North America League of Legends, LLC ("Riot") hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order") pursuant to section 107(b) of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") authorizing Riot to file under seal the fully unredacted Strategic Sponsorship Agreement (the "Agreement").

This Motion is filed in connection with that certain *Motion to Compel Rejection of Executory Contract or in the Alternative For Relief From The Automatic Stay To Terminate Agreement Under Sections 365 and 362(D) of the Bankruptcy Code* [D.I. 243] (the "Motion to Compel"), and the *Declaration of Vyte Danileviciute in Support of the Motion for Relief from Stay and to Compel Rejection.* [D.I. 245] (the "Danileviciute Decl.").

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and notice agent at https://cases.ra.kroll.com/FTX.

74677-00015/4630194.5

**Background**

1. Riot Games, Inc. ("Riot Games") is the developer and publisher of *League of Legends*, an internationally renowned multiplayer online battle arena video game. Riot Games, together with its affiliate, North America League of Legends Championship Series, LLC (as defined above, "Riot"), host various live-event competitions featuring competitive play of *League of Legends*.

2. West Realm Shires Services, Inc., d/b/a FTX.US ("FTX") is a cryptocurrency exchange; a platform which allows an individual or entity to buy, sell, and trade cryptocurrency. On November 11, 2022, FTX filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above captioned case.

3. On August 21, 2022, Riot entered into the Agreement with FTX. The primary purpose of the Agreement was to promote the FTX name and brand in connection with Riot's League Championship Series ("LCS"). Under the Agreement, FTX is obligated to make substantial payments to Riot over the course of seven years. After 2028, the Agreement renews for a further seven-year term unless either party cancels before the expiration of the initial term. FTX has yet to pay its remaining 2022 obligations totaling $6,250,000.

4. Additional factual background relating to Riot's business is set forth in the Motion to Compel.

**Jurisdiction**

5. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28

U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 107(b) of the Bankruptcy Code. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Riot consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

6. By this Motion, Riot requests entry of the Order authorizing Riot to file the unredacted Agreement under seal.

### Basis for Relief

7. Bankruptcy Code Section 107(b) authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information. Specifically, section 107(b) provides that "[o]n request of a party in interest, the bankruptcy court shall…(1) protect an entity with respect to a trade secret or other confidential research, development or commercial information…." 11 U.S.C. § 107(b).  Similarly, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information.

8. Riot respectfully submits that the information in the Agreement is of sensitive and confidential nature and thus is confidential commercial information under section 107 of the Bankruptcy Code. "Commercial information" is defined as information that is "critical to the operations of the entity seeking the order" such that disclosure will "unfairly benefit the entity's competitors." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 76 (Bankr. D. Del. 2006) (citations

omitted). Notably, "confidential information" under the Bankruptcy Code need not rise to the level of a "trade secret." *In re Motors Liquidation Co.*, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d 27, 27-28 (2d Cir. 1994). If an interested party is requesting to seal information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27. Moreover, the resulting order should be broad, that is "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

9. Redacting portions of a document containing protectable information is preferable to wholesale sealing. *In re Motors Liquidation Co.*, 561 B.R. 36, 42 (Bankr. S.D.N.Y. 2016). This is because "[t]he policy favoring public access supports making public as much information as possible while still preserving confidentiality of protectable information." *Id.*

10. Here, placing the unredacted Agreement under seal is of the utmost importance to preserve the confidentiality of Riot's sensitive commercial and financial information. Riot has already suffered monetary and nonmonetary harm as a result of the public outrage at FTX's corporate mismanagement. (Danileviciute Decl. ¶ 8, 9). Riot's financial information about the LCS is closely guarded and not available to the public and all of the teams, sponsors, and others involved in the LCS are bound by strict confidentiality agreements. (Danileviciute Decl. ¶ 4). Some of the teams in Riot's international esports leagues are public companies, and even with these companies, Riot has agreements in place to make sure that any financial information submitted as part of public securities filings are presented in a way that Riot's own leagues' financial information cannot be extracted. *Id.*

74677-00015/4630194.5

11. Redacting the information about FTX's sponsorship is crucial. In general, sponsorship revenue is critical to the sustainability of the overall esports ecosystem. (<u>Danileviciute Decl</u>. ¶ 9). It allows leagues, teams, and other industry participants to break even or make a profit, which then makes the industry as a whole more attractive to investors and other potential participants. *Id*.

12. Riot seeks to redact only the price terms for 2022 through 2028. In doing so, Riot acts in adherence with the policy favoring public access by making as much of the Agreement's terms available as possible. Still, Riot must balance these interests against its own interest in protecting its confidential and sensitive financial information.

## Notice

13. Notice of the Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; and (c) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. Riot submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

14. No Previous request for the relief sought herein has been made by Riot to this or any other court.

## Certification

15. Consistent with Local Rule 9018-1(d)(iv)(a), Delaware counsel to Riot Games communicated counsel for the Debtors regarding whether any portion of the Agreement may be publicly filed. Based on such communications, the Debtors have advised that they do not oppose

the sealing of the Agreement, a redacted version of which was attached to the Danileviciute Decl. as Exhibit A.

## Conclusion

WHEREFORE, for the reasons set forth herein, Riot respectfully requests that the Court enter the Order.

DATED: December 21, 2022     **ROBINSON & COLE**

 */s/ Jamie L. Edmonson*
Jamie Edmonson (DE No.4247)
1201 N. Market Street, Ste, 1406
Wilmington, DE 19801
Telephone: 302.516.1700
Fax: 302.516.1699
Email: jedmonson@rc.com

-and-

Brian L. Davidoff (admitted *pro hac vice*)
GREENBERG GLUSKER FIELDS CLAMAN
    & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, CA 90067
Email: bdavidoff@greenbergglusker.com

*Attorneys for Creditor North America League of Legends, LLC*

- 6 -

74677-00015/4630194.5