# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | ) Case No. 22-11068 (JTD) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Ref. Docket No. 197** |
| In re: | ) Chapter 15 |
| FTX DIGITAL MARKETS LTD., *et al.*,[2] | ) Case No. 22-11217 (JTD) |
| Debtor in a Foreign Proceeding. | ) **Ref. Docket No. 27** |

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION OF JOINT PROVISIONAL LIQUIDATORS OF FTX DIGITAL MARKETS LTD. (I) FOR RELIEF FROM AUTOMATIC STAY AND (II) TO COMPEL TURNOVER OF ELECTRONIC RECORDS UNDER SECTIONS 542, 1519(A)(3), 1521(A)(7) AND 1522 OF BANKRUPTCY CODE**

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in the FTX Bankruptcy Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] FTX Digital Markets Ltd. (in Provisional Liquidation) was incorporated in the Commonwealth of The Bahamas (the "Bahamas") as an International Business Company, registered number 207269B.

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "FTX Bankruptcy Cases") of the above-captioned debtors and debtors-in-possession in Case No. 22-11068 (collectively, "FTX" or the "FTX Debtors"), by and through its undersigned proposed counsel, hereby submits this objection (the "Objection") to the Emergency Motion of Brian C. Simms KC, Kevin G. Cambridge, and Peter Greaves (the "Joint Provisional Liquidators" or "JPLs"), in their capacity as the duly-appointed joint provisional liquidators of FTX Digital Markets Ltd. ("FTX DM") *(I) for Relief from Automatic Stay and (II) to Compel Turnover of Electronic Records Under Sections 542, 1519(a)(3), 1521(a)(7) and 1522 of The Bankruptcy Code* [Case No. 22-11068, Docket No. 197]; [Case No. 22-11217, Docket No. 27] (the "Motion") and, in support thereof, respectfully states as follows:

1. The Committee was appointed approximately two weeks ago and is comprised of nine victims of the fraudulent and criminal acts of the former principals of the FTX Debtors. Since its appointment, the Committee has selected its proposed professionals – Paul Hastings LLP, Young Conaway Stargatt & Taylor, LLP, FTI Consulting, Inc. and Jefferies LLC – and has worked diligently to understand the intricacies of the FTX Bankruptcy Cases, the issues particular to the Bahamian proceedings, and the various contested matters and actions pending before this Court and other courts, locally and abroad.

2. A principal issue at this early stage in the cases is the dispute between the FTX Debtors and the JPLs,[3] including the instant Motion. The Committee's professionals have conferred with

---

[3] By the Committee's count, in addition to the instant Motion, the JPLs have filed four pending separate requests before the Court: (i) *Verified Petition for Recognition of Foreign Insolvency Proceedings and Related Relief* [Case No. 22-11217, Docket No. 1]; (ii) *Emergency Motion for Provisional Relief Pursuant to 11 U.S.C. §§ 105(A), 1519, and 1521* [Case No. 22-11217, Docket No. 7]; (iii) *Motion of the Joint Provisional Liquidators of FTX Digital Markets Ltd. to Dismiss the Chapter 11 Case of FTX Property Holdings Ltd.* [Case No. 22-11068, Docket No. 213]; and (iv) *Motion of the Joint Provisional Liquidators of FTX Digital Markets Ltd. for Provisional Relief Under 11 U.S.C. §§ 105(a), 542(e), 1519(a), 1519(e), 1521(a)(7), and 1522* [Case No. 22-11217, Docket No. 55].

counsel to the FTX Debtors and the JPLs, respectively, to begin to understand their positions beyond the filed pleadings and press reports.  The Committee finds many of the allegations of what transpired in the Bahamas just prior to and after the appointment of the JPLs – a period spanning across the FTX Debtors' petition dates – deeply troubling.  Accordingly, the Committee needs time to properly investigate and evaluate the facts and arrive at an appropriate conclusion regarding recognition of the Bahamian proceeding so it can better assess the multiple forms of relief sought by the JPLs, including the instant Motion.

3.      As a threshold matter, the Committee understands that FTX DM was only operational for six short months, from May 13, 2022 through November 10, 2022.  Despite the JPLs' assertions to the contrary, the Committee understands that FTX DM was not the locus of the FTX enterprise by any measure.  Rather, FTX DM merely acted as a service provider for the FTX Debtors; as a conduit to facilitate transfers.  According to the FTX Debtors, FTX DM had no customers, no third-party revenue, no third-party claims, other than some limited Bahamian trade claims, and no material assets of its own – other than assets that passed through FTX DM on its way to service other FTX Debtors.  Indeed, but for the fact that FTX DM was placed into provisional liquidation, FTX DM would have remained under the authority of FTX Trading and would likely have been another debtor among the countless others in the FTX Bankruptcy Cases.  However, as has been widely reported, FTX DM is currently in possession of significant assets that appear to have been moved to it in the days before and after the FTX Debtors' petition dates.

4.      Against this backdrop, the JPLs seek access to a plethora of records governing the entirety of the FTX platform – some far in excess of what might reasonably be relevant to the liquidation of FTX DM – including: (i) international trading platform data, inclusive of the FTX Debtors' Amazon Web Services cloud account and Google Cloud Portal, (ii) e-mail records for

supposed FTX DM employees, (iii) Slack chat records, (iv) documents stored on a Google Drive, and (v) the accounting system (QuickBooks) (collectively, the "Records"). (Motion at ¶¶ 13-19.) These requests are sweeping and appear to be based on the faulty theory advanced by the JPLs that FTX DM was actually the nerve-center of the FTX enterprise. The Committee understands that the FTX Debtors have offered to provide the JPLs with certain materials that directly relate to FTX DM, such as information concerning FTX DM's employees, contracts to which FTX DM is a counterparty, FTX DM's QuickBooks records, among other materials. The Committee does not have an objection to the exchange of such information.

5. Indeed, according to the FTX Debtors, the Records sought are likely not owned by FTX DM. To the contrary, the Records are housed on servers that belong to the FTX Debtors and relate to the assets, operations, liabilities and infrastructure of the FTX Debtors – not FTX DM, which essentially didn't function other than as a pass-through entity. The fact that certain information pertaining to FTX DM may have been housed on the systems of the FTX Debtors cannot result in *carte blanche* access to all of the records of the FTX Debtors by FTX DM. As a result, according to the FTX Debtors, the JPLs would have no basis to compel turnover of such Records.

6. Even more troubling, providing the Records to the JPLs, even on a static basis, is not without risk. Indeed, the FTX Debtors have represented that:

- After withdrawals from the FTX.com exchange was closed, for 25.5 hours from November 10-11, 2022, the FTX Debtors, allegedly with the understanding of the Bahamian Securities Commission (the "Commission"), reopened withdrawals for Bahamian accounts, allowing approximately 1,500 accounts with nexus to the Bahamas to withdraw approximately $100 million from the FTX Debtors; and

- After the FTX Debtors filed their bankruptcy petitions, on November 12, 2022, it appears that the Commission took actions to "secure" hundreds of millions of dollars' worth of FTX assets, pursuant to which hundreds of millions of FTT tokens

3

and possibly other digital assets were transferred to cold storage under the Commission's control.[4]

(*See Debtors' Objection to Motion for Entry of an Order Shortening the Notice and Objection Periods with Respect to Emergency Motion (I) For Relief From Automatic Stay and (II) To Compel Turnover of Electronic Records Under Sections 542, 1519(a)(3), 1521(a)(7) and 1522 of the Bankruptcy Code* [Case No. 22-11068, Docket No. 203 at ¶¶ 9, 15].)  To date, the FTX Debtors are still in the process of locating and securing all of their various crypto assets – including those which appear to have been moved to FTX DM in an unauthorized manner.  As such, the Committee is concerned that assets belonging to the FTX Debtors remain at risk if the Records are released and that information in the Records could be used to obfuscate the current trail of evidence.  When these concerns are balanced against the lack of actual interest in the Records by FTX DM, there is simply no justifiable basis to provide the Records to the JPLs at this time.

7.      For these reasons, and for the reasons set forth more fully in the FTX Debtors' objections, the Committee joins with the FTX Debtors in respectfully requesting that the Court deny the Motion.  The Committee hereby reserves all rights to amend and/or supplement this Objection and to make arguments as may be applicable, including, but not limited to, as a result of information learned subsequent to the filing of this Objection.

---

[4]   In a December 29, 2022 Press Release issued by the Commission, the Commission asserts that the value of assets at FTX DM that it acted to protect had a market value of $3.5 billion.  (*See* https://twitter.com/SCBgov_bs/status/1608615208397991938.)

| | |
|---|---|
| Dated: December 30, 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Robert F. Poppiti, Jr.*<br>Matthew B. Lunn (No. 4119)<br>Robert F. Poppiti, Jr. (No. 5052)<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mlunn@ycst.com<br>           rpoppiti@ycst.com<br><br>-and-<br><br>PAUL HASTINGS LLP<br>Kristopher M. Hansen*<br>Luc A. Despins*<br>Kenneth Pasquale*<br>Erez E. Gilad*<br>Gabriel E. Sasson*<br>Isaac S. Sasson*<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:  (212) 318-6000<br>Facsimile:  (212) 319-4090<br>Email: krishansen@paulhastings.com<br>           lucdespins@paulhastings.com<br>           kenpasquale@paulhastings.com<br>           erezgilad@paulhastings.com<br>           gabesasson@paulhastings.com<br>           isaacsasson@paulhastings.com<br><br>*Admitted pro hac vice* in Case No. 22-11068 (JTD); *pro hac vice pending in* Case No. 22-11217 (JTD) |