# EXHIBIT 1

SUPREME COURT
NOV 1 1 2022
NASSAU, BAHAMAS

**COMMONWEALTH OF THE BAHAMAS**

**IN THE SUPREME COURT**

**COMMERCIAL DIVISION**

**2022**

**COM/com/**

**IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020 (as amended)**

**AND IN THE MATTER OF the Companies (Winding Up Amendment) Act, 2011**

**AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.**
(A Registered Digital Asset Business)

---

### AFFIDAVIT OF CHRISTINA R. ROLLE

---

**I**, **CHRISTINA R. ROLLE,** Executive Director of the Securities Commission of The Bahamas **("the Commission")** of the Island of New Providence, one of the Islands of the Commonwealth of The Bahamas, make Oath and Say as follows

1.  I make this Affidavit on behalf of the Commission, the Petitioner herein in my capacity as the Executive Director of the Commission.

2.  The facts and matters referred to herein are, unless otherwise stated, within my own knowledge or are obtained from information and documents in possession of the Commission or its legal advisors as the case may be, and are true to the best of my knowledge, information and belief. Where the matters deposed hereto are not within my knowledge, they are derived from the sources which I identify and are true to the best of my information and belief.

3.  There is now produced and shown to me marked **"CR-1"** a paginated bundle of documents to which I shall refer in the course of my Affidavit. References to page numbers in this Affidavit are references to page numbers in the said paginated bundle unless otherwise stated.

4.  This Affidavit is made in support of an application by way of Summons for Directions dated 10th November 2022 seeking among other things, an Order that Mr. Brian Simms KC be appointed as the provisional liquidator of FTX Digital Markets Ltd. **("FTX Digital" or "the Company")** on the basis that among other things, the Commission considers such action is in the public interest in order to protect the interest of clients or creditors of FTX Digital and the wider public interest in the orderly and secure management of the business of digital assets in the Commonwealth of the Bahamas.

5.  As a preliminary, I would respectfully request this Honourable Court to note that this matter is extremely urgent and the investigation of the Commission relative to the matters as set out below are ongoing. Nonetheless, the Commission is of the considered view that the intervention of this Honourable Court is necessary in order to protect the assets of the Company and to maintain the integrity of the regulatory framework for digital assets within this jurisdiction.

6.  I should also make clear that if this Honourable Court accedes to the relief sought in the Summons to appoint Mr Brian Simms KC as a provisional liquidator, he has informed me and I believe, that he will take urgent steps to obtain the urgent assistance of one of the big four accountancy firms to assist him in his role and, in due course, seek the appointment of a partner of one those firms to join him in a joint appointment as a provisional liquidator. In the time available it has not been possible for a partner of one of the big four to obtain clearance to act.

7.  Due to time constraints and the urgency of this matter, I set out herein only the basic facts and information known to the Commission at this time. I am not able at this stage to comprehensively address each and every fact associated with this matter as there is simply insufficient time. Further our investigations are at a preliminary stage and new facts are emerging all the time. I will, however, to the extent necessary and appropriate supplement this affidavit as more information becomes available to the Commission.

**Background**

8.  FTX Digital is a company duly incorporated under the laws of The Bahamas and is registered as a digital asset business under the ***Digital Assets and Registered Exchanges Act, 2020* ("the DARE Act")**. FTX Digital is a subsidiary of FTX Trading Ltd, a company incorporated in Antigua and Barbuda (collectively referred to as **"FTX").**

At pages **[1]**-**[7]** of Exhibit **"CR-1"** is a true copy of the jurisdiction, regulations, licensing and practices page obtained from FTX.com.

9.   The Commission is the regulator of FTX Digital under the DARE Act.

10.   Under the DARE Act, FTX Digital is registered as a digital asset business and is approved to provide the following services as (i) an exchange between digital assets and fiat currency; (ii) an exchange between one or more forms of digital assets; and (iii) the transfer of digital assets.

11.   The officers of FTX Digital as registered with the Commission are:

        Ryan Salame (Chairman and Director)

        Sam Bankman Fried (Director Chief Executive Officer)

        Daniel Friedberg (Secretary)
        Metered Limited (Assistant Secretary)

12.   At pages **[8]**-**[9]** of Exhibit **"CR-1"** is an organizational chart relative to FTX Digital, its subsidiaries, affiliates and otherwise.

13.   The likely property and assets of FTX Digital consist in broad outline of the following:

13.1.   Tokens (i.e., digital assets that are built on top of existing blockchain (using smart contracts).

13.2.   Non-fungible tokens;

13.3.   Crypto currency coins (which are native to their own blockchain and not built on top of existing blockchains, such as BTC and ETC);

13.4.   Fiat Currency

13.5.   Crypto currency Derivative Contracts

13.6.   Realty;

13.7.   traditional stocks and bonds in other companies;

13.8.   private equity and venture capital investments and possible partnerships.

13.9.   loans to margin customers and related entities, and third parties.

14. In the time available and due to the unresponsiveness of the management of the Company it has not been possible to obtain any greater or more specific clarity of the property and assets of the Company.

15. In recent days, there have been reports in both the international and local media, which directly relate to and impact FTX Digital, including but not limited to the financial stability of FTX and allegations of possible misappropriation and/or negligence vis-à-vis clients' assets. At pages **[10]-[25]** of Exhibit **"CR-1"** are true copies of articles from Bloomberg, the Wall Street Journal and the Financial Times relative to FTX Digital.

16. On 9th November 2022, Bloomberg reported (see page **[10]** of Exhibit **"CR-1"**) that,

> *"Sam Bankman-Fried told FTX.com investors Wednesday that without a cash injection the company would need to file for bankruptcy, according to a person with direct knowledge of the matter.*
>
> ***On a call before Binance pulled an about-face and bailed on its takeover offer, Bankman-Fried informed investors his crypto exchange faced a   shortfall of up to $8 billion and needed $4 billion to remain solvent, the    person said, asking not to be named discussing private talks. FTX is attempting to raise rescue financing in the form of debt, equity, or a combination of the two, the person said."***

*[Emphasis added]*

17. Further, Yahoo! Finance reported on 8th November 2022 that FTX halted all non-fiat customer withdrawals, *See **pages [13]-[17]** of Exhibit **"CR-1"***. In effect and substance, if this article is accurate it means that clients were unable to retrieve their funds from FTX despite the representation on FTX's website that *"FTX maintains 24/7 withdrawal availability." At page **[5]** of Exhibit **"CR-1"** is a true copy of said representation.

## *Investigation of the Commission*

18. The investigation of the Commission relative to the present state of affairs of FTX Digital is at a preliminary stage. For the reasons as set out herein, the Commission has grave concerns relative to the operations and affairs of FTX Digital.

19. On 8th November 2022, I sent an e-mail to SBF and Ms. Jessica Murray (in her capacity as the Compliance Officer and Money Laundering Reporting Officer (**"MLRO")**) of FTX

Digital requesting a meeting to discuss these recent developments, that is, the liquidity issues and potential acquisition of FTX by Binance.

20. It should be noted that Ms. Murray has apparently since resigned as the Compliance Officer and MLRO of FTX Digital.

21. The potential acquisition of FTX by Binance was reported in the media. Binance is said to be the largest cryptocurrency exchange in the world in terms of daily trading volume of cryptocurrencies.

22. For these purposes, it must be noted that Binance has since released the following statement on the social media platform, Twitter on 9th November 2022:

> *"As a result of corporate due diligence, as well as the latest news reports regarding mishandled customer funds and alleged US agency investigations, we have decided that we will not pursue the potential acquisition of FTX.com."*
>
> *[Emphasis Added]*

At page **[26]** of Exhibit **"CR-1"** is a true copy of the social media post.

23. On 8th November, Ms. Murray responded to my e-mail as referred to above at paragraph 19 as follows:

> *"Your e-mail is well received. Let me confirm a day and time and revert."*

24. I responded and requested that it would be good if the call could take place *"today"* [8th November 2022] and received the following response from SBF,

> *"Hey! I'm pretty pressed for time but will make sure that we talk to you ASAP; I'll briefly say that, as of now, no sale has happened or been finalized although there are active talks. We'll keep you updated about those."*

25. On 9th November 2022, I sent follow up questions to FTX Digital on behalf of the Commission about client assets but have not yet received a response to the queries. The e-mail stated as follows:

> *"Further to my note below, please see some initial queries from the Securities Commission of The Bahamas with respect to ongoing issues. Please advise as follows:*
>
> 1. *Number of clients registered on the FDM platform, total value of assets held for all FDM clients and whether those assets are held in a segregated account;*
> 2. *Total value of client withdrawals from FDM platform over the past week. Have there been any withdrawal requests that were unsatisfied or that remain outstanding?*

3. *The extent to which FDM clients' assets may have been invested, loaned, used as collateral or otherwise hypothecated or encumbered on behalf of FDM, Alameda, other related parties and/or third parties;*

*Please also provide an explanation with respect to the following:*

1. *Which FTX Group entity is party to the non-binding LOI with Binance? What are the terms of the LOI and what is the potential impact for clients of FDM;*

2. *Details of the connection between FDM and Alameda. Were there any services provided by Alameda to FDM or vice versa? Were there any related party or counterparty transactions between the entities.*

*Please also provide a sample of FDM's client agreement (including general terms and conditions).*

*Your urgent attention and response by end of day is needed. If you wish to discuss, please feel free to reach out to us.*

*[Emphasis Added]*

At pages **[27]-[30]** of Exhibit **"CR-1"** is a true copy of the said e-mails.

26.   On 9th November 2022 at 9:27PM, SBF sent the following e-mail to Mr. Ryan Pinder KC, the Attorney General of The Bahamas, to which I was copied:

*"Hi all,*

*I'm really sorry about the delayed responses here -- it's been a hectic week but that's on me.  Myself, and Joe (cc'ed), will be responsive going forward.*

*And I'm also deeply sorry for ending up in this position in the first place.*

*I'll give the answers I can give right now and try to get to the others ASAP.*

*1) Right now we are focused on one thing: making customers whole.  We are focusing exclusively on doing that this week.  We are ceasing all nonessential operations beyond that.  I am doing everything I can to try to do right by our customers.*

*2) I have not briefed the securities commission.  I would be more than happy to have a phone call with you, the PM, and the SCB in the next few days to give a thorough overview of the situation.*

*3) I am cautiously optimistic that we will be able to survive the turmoil and have enough liquidity for all customer withdrawals, and that is my sole focus this week.  I will keep you guys updated.*

*4) We are investigating a more thorough answer to this question; we did not intend to, but are concerned that poor risk management lead to a liquidity issue.*

*5) As you saw, Binance did not end up following through on their transaction.  However, we are in the middle of a separate process to make users whole; we will know within a week if that comes through.  So far, we have strong*

*indications of interest that would be more than enough to cover all liquidity needs; we are working on confirming those. I am cautiously optimistic that we will be able to.*

*6) We are deeply grateful for what The Bahamas has done for us, and deeply committed to it. We are also deeply sorry about this mess.*

*As part of this: we have segregated funds for all Bahamian customers on FTX. And **we would be more than happy to open up withdrawals for all Bahamian customers on FTX, so that they can, tomorrow, fully withdraw all of their assets, making them fully whole**. It's your call whether you want us to do this--but we are more than happy to and would consider it the very least of our duty to the country, and could open it up immediately if you reply saying you want us to. If we don't hear back from you, we are going to go ahead and do it tomorrow."*

At pages **[31]**-**[35]** of Exhibit **"CR-1"** is a true copy of the said e-mail.

27.   The Commission has grave concerns as a result of the lack of responsiveness on the part of SBF (and FTX Digital generally) to the correspondence *from* the Commission.

28.   The Commission regards the lack of responsiveness on the part of FTX Digital and its officers as a breach of their statutory obligations under the DARE Act, including but not limited to the duty to provide information relevant to the operations of the business as the Commission may require, and to deal openly, honestly and co-operatively with the Commission.

29.   SBF acknowledged in his e-mail set out above at paragraph 26 that he has not briefed the securities commission.

30.   Further SBF's e-mail gives rise to further concerns on the part of the Commission. Particularly, SBF has advised that FTX has *"segregated funds for Bahamian customers"* and are willing to allow those customers to withdraw those funds. The question that ultimately arises is whether such transactions would be characterized as voidable preferences under the insolvency regime and subsequently result in attempts to claw back funds from Bahamian customers. In any event, the Commission cannot condone the preferential treatment of any investor or client of FTX Digital or otherwise.

31.   Ultimately, there is a paucity of information available to the Commission at this stage, including the financial affairs of FTX Digital. The vague representations in SBF's e-mail above does not quell the concerns on the part of the Commission and seemingly contradicts the reports in the media that FTX is in effect and substance in a liquidity crisis.

## *Teleconference with Ryan Salame*

32.    As stated above, Ryan Salame is the Chairman and Director of FTX Digital.  On 9th November 2022, I had a call with Ryan Salame, Allyson Maynard-Gibson KC (in her capacity as local counsel on behalf of FTX Digital) and Ryne Miller, Counsel for FTX US in an attempt to gather further information.

33.    The statements made by Mr. Salame has exacerbated the need for the intervention of this Honourable Court on an urgent basis.

34.    Specifically, Mr. Salame advised that clients' assets which may have been held with FTX Digital were transferred to Alameda Research **("Alameda")** to cover financial losses of Alameda. Alameda and FTX Digital are related companies, that is, SBF is the beneficial owner of both.

35.    I understood Mr. Salame during the call as advising the Commission that the transfer of clients' assets in this manner was contrary to the normal corporate governance and operations of FTX Digital. Put simply, that such transfers were not allowed or consented to by their clients.

36.    Mr. Salame further advised the Commission that there were only three **(3)** persons who had the necessary codes (or passwords) to transfer clients' assets to Alameda in this manner, that is, the founders of FTX namely Sam Bankman Fried, Nishad Singh and Zixiao (Gary) Wang.  Given such actions may be deemed criminal, the Commission has requested by way of letter dated 9th November 2022 that the Royal Bahamas Police Force carry out on an investigation relative to same. At pages **[36]-[37]** of Exhibit **"CR-1"** is a true copy of the said letter.

37.    As set out above at paragraphs 27 and 28 the Commission has not received a response from SBF relative to the transfer of assets to Alameda.

## *Appointment of Provisional Liquidator*

38.    In light of the foregoing, particularly the representations made by Mr. Salame, it is paramount that the Commission protect the welfare of investors, creditors and clients of

FTX Digital, as well as maintain the integrity and reputation of The Bahamas in the digital asset space.

39. In the circumstances, I hereby confirm that the Commission has determined that it is in the public interest of FTX Digital's investors and clients and the reputation of the Commonwealth's finance industry generally for a provisional liquidator to be appointed immediately to safeguard FTX Digital's assets until further order of this court.

40. This case satisfies the conditions for the appointment of a provisional liquidator in that:

40.1. FTX Digital is an International Business Company duly incorporated under the laws of The Bahamas with property and carrying on business in the Bahamas within the meaning of the Companies (Winding Up Amendment) Act 2011 (**"CWUA Act"**), s.185 (d). It is therefore subject to the winding up jurisdiction of this Honourable Court.

40.2. The Commission is a regulator within the meaning of that term in CWUA Act s.183. As a regulator the Commission is given authority to present a winding up petition against FTX Digital under CWUA Act, s.190(4). S.190(4) is extremely widely drafted. It provides that a winding up petition may be presented "*by a relevant regulator in respect of any company which is carrying on a regulated business ... for any other reason as provided under the regulatory laws or any other law*".

40.3. Accordingly, this Honourable Court may appoint a provisional liquidator pursuant to CWUA Act, s.199 on the application of the Commission if there is a prima facie case for making a winding up order and the appointment of a provisional liquidator is necessary (i) to prevent the dissipation or misuse of the company's assets and/or (ii) prevent mismanagement or misconduct on the part of the company's directors, or (iii) in the public interest.

41. There is a prima facie case for making a winding up order in this case. CWUA Act, s.186(c) provides that a company may be wound up by the Court if it is insolvent. CWUA Act, s.187 defines insolvent as (a) where the company is unable to pay its debts as they fall due or (b) the value of the company's liabilities exceeds its assets. The definition in s.187(a) is

expanded by s.188(c) which provides that a company shall be deemed unable to pay its debts if it is proved to the satisfaction of the court that the company is unable to pay its debts. As detailed above FTX Digital's management has not been forthcoming about its finances or the security of its investors' assets. However, the Bloomberg report referred to at paragraph 16 above indicates that FTX Digital may be insolvent by at least $4 billion. Further the fact that FTX Digital's clients can no longer withdraw their funds despite the representation on FTX's website that *"FTX maintains 24/7 withdrawal availability"* is yet further evidence that the company is insolvent. Accordingly, there is a prima facie case for making a winding up order in this case.

42. The evidence detailed above makes out a strong case that the assets of FTX Digital including investors' assets need protection and that there may have been director misconduct and/or mismanagement. There is also a strong case for taking action in the public interest.

43. Further and/or alternatively, the Commission has certain powers under the DARE Act, where there has been a failure to comply with the DARE Act by a registrant [i.e., FTX Digital]. Specifically, the Commission may impose an administrative sanction for such failure, which such sanction in accordance with s.46 (1) (f) includes applying to this Honourable Court for an order to take such action as the Commission considers necessary to protect the interest of clients or creditors of registrant.

44. As set out above at paragraph 27, the Commission regards the lack of responsiveness on the part of FTX Digital and its officers as a breach of their statutory obligations under the DARE Act, including but not limited to the duty to provide information relevant to the operations of the business as the Commission may require, and to deal openly, honestly and co-operatively with the Commission.

45. The Commission has determined that the sanction warranted in the circumstances is for the winding-up of the Company and the appointment of a provisional liquidator to protect the interest of clients or creditors of FTX Digital. The Commission (as the regulator of FTX Digital) has jurisdiction under **s. 190 (4)** of CWUA Act in the circumstances for the reasons as aforementioned to present the winding-up petition for any other reason as provided under the laws of The Bahamas.

46. Additionally, on 10 November 2022 the Commission has suspended the license of FTX Digital under *s.19 (1)* of the DARE Act pending the completion of an investigation of the matters as set out herein.  That is, the Commission is of the considered view that among other things:

> 46.1. the suspension would be in the public interest;
>
> 46.2. the digital asset business is being conducted in breach of the DARE Act or in breach of other laws of The Bahamas; and/or
>
> 46.3. that the persons operating the digital asset business and the digital token exchange, may no longer be fit and proper persons to provide these services.

47. This Honourable Court, pursuant to *s.186 (f)* of the *CWUAA* has the jurisdiction to wind up FTX Digital. That is, a company may be wound up by the court if a regulator [i.e., the Commission] petitions for the winding up of a company over which it has regulatory authority and whose license or registration has been suspended or revoked.

## **Conclusion**

48. Based on the foregoing, the Commission humbly prays that this Honourable Court do grant the relief as prayed for in the Summons for Directions dated 10 November 2022, that is, an Order that *inter alia* Mr. Simms KC be appointed as the provisional liquidator of FTX Digital pending the hearing of the Petition.

49. The Commission is of the view that there are exceptional circumstances as set out above which justifies the application being made ex-parte.

|  |  |
|---|---|
| **SWORN TO** before me this | ) |
| **10th day** of November, 2022 at | ) |
| Nassau, N.P., The Bahamas | ) |

**SWORN TO** before me this            )
**10th day** of November, 2022 at        )
Nassau, N.P., The Bahamas            )

.................................................
Before me,

.................................................
**NOTARY PUBLIC**

{00818649-1 }                                    11

**COMMONWEALTH OF THE BAHAMAS**                                          **2022**

**IN THE SUPREME COURT**                                          **COM/com/**

**COMMERCIAL DIVISION**

**IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020 (as amended)**

**AND IN THE MATTER OF the Companies (Winding Up Amendment) Act, 2011**

**AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.**
(A Registered Digital Asset Business)

---

**CERTIFICATE**

---

I hereby certify that the attached is a true copy of **Exhibit "CR-1"** referred to in the Affidavit of Christina Rolle sworn before me this **10th day** of **November A.D., 2022.**


_____
**NOTARY PUBLIC**

{00818649-1 }                                          12



Sign in

FTX Exchange  >  Getting Started with FTX  >  Legal

Search Help Center

# Jurisdiction, regulations, licensing, and practices



**FTX Crypto Derivatives Exchange**
Updated 2 months ago

---

**BROWSE**                                                  ⌄

## Licensure and Regulation

1. FTX Trading Ltd is incorporated in Antigua and Barbuda.

2. FTX Digital Markets Ltd, a subsidiary of FTX Trading Ltd, is licensed under The Bahamas' Digital Assets and Registered Exchange Act, 2020 and regulated by the Securities Commission of the Bahamas.

3. FTX Trading Ltd owns, through its Gibraltar subsidiary Zubr Exchange Limited, a crypto derivatives exchange licensed by the Gibraltar Financial Services Commission as a distributed ledger technology provider.

4. FTX provides services to Australian customers via FTX Express Pty Ltd, an AUSTRAC-registered digital currency exchange provider, and FTX Australia Pty Ltd, an Australian Financial Services Licensee.

5. FTX Digital Markets Ltd does not currently facilitate



stocks or prediction markets. All other services and users currently are or soon will be facilitated by FTX Digital Markets Ltd.

6. FTX Europe's domain is approved through K-DNA Financial Services Ltd., a duly incorporated Investment Firm in Cyprus that is passported to the European Economic Area. FTX is a brand operated by K-DNA Financial Services Ltd. and regulated by the Cyprus Securities and Exchange Commission, with license number 273/15.

7. FTX offers tokenized stock trading in partnership with K-DNA and FTX Switzerland GmbH, utilizing a German license in concert with FTX Trading GmbH. See here for details.

8. FTX's subsidiary, FTX Switzerland GmbH, can provide financial services and limited custody services. It is registered for AML purposes with SRO Treuhand Suisse and is a member of Finanzombudsstelle Schweiz (FINOS)

9. FTX's subsidiary, DAAG Certificates GmbH, has an approved base prospectus for various tokenized financial instruments, which is valid in Switzerland and is passported across the EEA.

10. FTX's subsidiary DAAG Trading, DMCC, is a licensed proprietary trader and swap dealer in the United Arab Emirates.

11. FTX's subsidiary, FTX Exchange FZE, is licensed and prudentially supervised as a Virtual Asset Exchange and Clearing House in the United Arab Emirates by the Virtual Asset Regulatory Authority (VARA).

12. FTX's subsidiary, FTX Japan Corporation (formerly Quoine Corporation), is licensed as a cryptocurrency exchange business (Cryptocurrency Exchange Business Kanto Finance Bureau Director No. 00002), and a Type 1 Financial Instruments Business by the Japan Financial Services Agency.

13. FTX's subsidiary, Quoine Pte Ltd, has been granted an exemption from holding a licence under the Singapore Payment Services Act with respect to digital payment token services.



South African customers... public representative of OVEX FSP (Proprietary) Limited (authorized FSP 50776).

15. FTX International is not offered in the United States of America. If you are looking for a US platform, you can go to FTX US, which, along with its subsidiaries, holds Money Transmitter, Money Service Business, Derivatives Clearing Organization, Designated Contract Market, Swap Execution Facility, Broker Dealer, and other licenses in the United States.

## **Various Jurisdictions**

1. United States:

    1. FTX does not allow residents of the United States of America to trade on its platform.

    2. FTT is not offered in the United States of America.

    3. FTX.US, a separate trading platform not owned by FTX, does operate in the United States, and maintains a variety of US regulatory licenses, including an MSB, MTLs, DCO, DCM, and SEF.

2. China:

    1. FTX does not maintain an office in mainland China.

    2. FTX does not offer RMB trading or access in any way.

3. Japan:

    1. FTX serves all Japanese residents via FTX Japan.

4. Restricted Jurisdictions

    1. FTX does not onboard or provide services to personal accounts of current residents of restricted jurisdictions or corporate accounts of entities established in restricted jurisdictions

    2. The restricted jurisdictions may include the



Donetsk People's Republic, Iran, Afghanistan, Syria, and North Korea. FTX also does not onboard any users from Ontario, and FTX does

not permit non-professional investors from Hong Kong purchasing certain products. Other jurisdictions may be added to this list.

3. Various other services on FTX, potentially including prediction markets, may have further restricted jurisdictions or be restricted to certain users, potentially including Australia, Hong Kong, Singapore, and Canada.

4. FTX does not offer derivatives products to users from Brazil.

5. FTX does not onboard or provide services to any sanctioned individuals or entities. In addition, FTX does not allow transactions with Russian banks or the Russian Ruble. For more information, see here.

6. FTX offers tokenized stock trading in partnership with K-DNA and FTX Switzerland GmbH, utilizing a German license in concert with FTX Trading GmbH. See here for details.

7. FTX is owned by FTX Trading LTD, a company incorporated in Antigua and Barbuda, and headquartered in the Bahamas as FTX Digital Markets Ltd.

8. FTX's market identifier code (MIC) under ISO 10383 is XFTX.

## **Trading**

1. FTX offers a platform for users to match against each other.

2. FTX does not actively trade itself.

3. FTX does not use any other exchanges for trading.

4. FTX maintains backstop funds to prevent losses or clawbacks

5. In its history, FTX has *never* clawed back legitimate



# Deposits and Withdrawals

1. FTX strives to process all deposits and withdrawals promptly; FTX maintains 24/7 withdrawal availability.

2. FTX has *never* had an outage of deposit or withdrawal services.

3. Users who deposit to incorrect addresses may lose their funds, though in some cases FTX may be able to recover them for a fee. Please create a request at https://ftx.com/support if you do so.

4. FTX has *never* clawed back or restricted legitimate user funds due to any security issues on its behalf. FTX encourages its customers to make use of the full suite of tools available to protect their accounts, and mandates 2-factor authentication on all active accounts.

 ← Previous

Location Restrictions

Next →

Privacy Policy

**ARTICLES IN THIS SECTION**

How To Contact Us

Copyright Information

Security Policy

Location Restrictions

**Jurisdiction, regulations, licensing, and practices**

Privacy Policy

FTX Terms of Service

FTX Australia Legal



## RELATED ARTICLES

Location Restrictions

FTX Terms of Service

Tokenized Stocks

Individual Account KYC

Blockchain Deposits and Withdrawals

## PROMOTED ARTICLES

Introducing New Fee and Ratelimit Tiers to the FTX VIP & Market Maker Program

Deposit to your FTX account to earn VIP status

VIP Program and Market Maker Policy

FTX partners with Paradigm for one-click futures spreads trading

## Didn't find what you were looking for?

Create a support ticket

## Community

   

## Was this article helpful?

Yes No

0 out of 0 found this helpful





English (US)

FTX Services and FTX Token (FTT) are not available in the United States or other prohibited jurisdictions



A related Bahamian entity, under common ownership, has secured a lease on office premises at Building 27, Veridian Corporate Center, Western Road, Nassau, The Bahamas. Negotiations are underway to purchase the entire land and buildings at Veridian Corporate Center, with the intention of establishing the FTX Campus.

# Corporate Structure

FDM is a wholly-owned subsidiary of FTX, a company incorporated in Antigua and Barbuda. FTX is majority-owned by Sam Bankman-Fried, who is the ultimate beneficial owner of FDM.



# Corporate Governance

FDM is governed by a board of directors (the **Board**) comprising Sam Bankman-Fried and Ryan Salame. The Board intends to expand its composition in line with the growth of the business.

The role of the Board is to ensure FDM's prosperity while meeting the appropriate interests of the company's shareholders and relevant stakeholders, including the Securities Commission of

The Bahamas (**SCB**). It oversees the performance of the executive team and sets strategic objectives and policies. It is responsible for the company's risk management and compliance frameworks, and compliance with local and international legal and regulatory requirements.

The Board will meet once a quarter and, additionally, as necessary and needed.

FDM's officers are:

| Chairman | Sam Bankman-Fried |
|---|---|
| Chief Executive Officer & President | Ryan Salame |
| Secretary | Daniel Friedberg |

## Executive Team

As CEO & President, Ryan Salame will have overall responsibility for FDM's day-to-day affairs. The CEO is accountable to the Board of Directors. A US and St Kitts and Nevis citizen, Mr Salame, will be permanently resident in The Bahamas, subject to the issue of a work permit.

FDM's Compliance Officer is Jessica Ferguson-Murray, a Bahamian citizen. She reports to the CEO but is accountable, and has direct access, to the Board of Directors.

Both roles are subject to SCB approval.



**Crypto**
+ Wealth

# FTX Warns of Bankruptcy Without Rescue for $8 Billion Shortfall

- Bankman-Fried said his firm faced up to $8 billion shortfall
- Binance bailed on FTX takeover, citing finances and probes

By Gillian Tan

9 November 2022 at 16:57 GMT-5 *Updated on 9 November 2022 at 22:31 GMT-5*

Sam Bankman-Fried told FTX.com investors Wednesday that without a cash injection the company would need to file for bankruptcy, according to a person with direct knowledge of the matter.

On a call before Binance pulled an about-face and bailed on its takeover offer, Bankman-Fried informed investors his crypto exchange faced a shortfall of up to $8 billion and needed $4 billion to remain solvent, the person said, asking not to be named discussing private talks. FTX is attempting to raise rescue financing in the form of debt, equity, or a combination of the two, the person said.

"I f---ed up," Bankman-Fried told investors on the call, according to people with knowledge of the conversation. He said he would be "incredibly, unbelievably grateful" if investors could help.



Sam Bankman-Fried  *Photographer: Ting Shen/Bloomberg*

An FTX representative declined to comment.

The acknowledgment of his firm's deepening troubles and limited options is a stunning turn for the crypto industry's onetime wunderkind, who was once worth $26 billion and likened to John Pierpont Morgan. It also underscores the uncertainty hanging over FTX, its clients and cryptocurrency markets.

Hanging in the balance as the exchange teeters is not just the fate of its investors and lenders but anyone who has been unable to retrieve customer assets since it halted some withdrawals earlier in the week. The failure of crypto firms Celsius and Voyager saw billions in client money tied up in bankruptcy proceedings.

FTX has a prominent list of backers such as Sequoia Capital, BlackRock Inc., Tiger Global Management and SoftBank Group Corp. Sequoia wrote down the full value of its holdings in FTX.com and FTX.us, an indication that the firm sees no clear path to recouping its investment.

Still, Bankman-Fried remained defiant during a hectic period of roughly 24 hours that included mounting speculation that Binance wouldn't go through with the deal.

He repeatedly told investors during the conference call on Wednesday afternoon that it was simply not true that Changpeng Zhao was walking away from the takeover, the person said.

About an hour later, Binance said it was indeed backing out.

Read more: Binance Backs Out of FTX Rescue, Citing Finances, Investigations

"Our hope was to be able to support FTX's customers to provide liquidity, but the issues are beyond our control or ability to help," Binance, the crypto exchange founded by Zhao, said in a statement.

In addition to the financial strains, FTX is drawing attention from US authorities.

The Securities and Exchange Commission and the Commodity Futures Trading Commission are investigating whether the firm properly handled customer funds, as well as its relationship with other parts of Bankman-Fried's crypto empire, including his trading house Alameda Research, Bloomberg News reported Wednesday. Officials from the Justice Department also are working with SEC attorneys, one of the people said.

Zhao said in a memo earlier on Wednesday that there was no "master plan" to take over FTX, and that "user confidence is severely shaken."

The renewed concern about contagion risk is showing up in the plunging prices of digital assets. Bitcoin fell below $16,000, the lowest in two years, after Binance's announcement.

Coinbase Chief Executive Officer Brian Armstrong said Tuesday in a Bloomberg TV interview that if the deal with Binance fell through, it would likely mean FTX customers would take losses.

"That's not a good thing for anybody," he said.

For crypto market prices: {CRYP}; for top crypto news: {TOP CRYPTO}.

FOR MORE COVERAGE

Crypto Chaos Stirs Fresh Wall Street Selling as CPI Report Looms

Evercore's Emanuel Warns Bitcoin Plunge May Take Stocks to Lows

Binance Backs Out of FTX Rescue, Citing Finances, Investigations

'Ethereum Killer' Solana Falls Prey to Binance-FTX Deal Turmoil

Tiger Global, SoftBank Stare Down Fresh Losses on FTX Wagers

US Probes FTX Empire Over Handling of Client Funds, Lending

_– With assistance by Yueqi Yang and Hannah Miller_

_(Updates with Sequoia Capital writing down FTX investment in the seventh paragraph.)_

Terms of Service  Do Not Sell My Info (California)    Trademarks  Privacy Policy
©2022 Bloomberg L.P. All Rights Reserved
Careers  Made in NYC  Advertise  Ad Choices      Help

HOME    MAIL    NEWS    FINANCE    SPORTS    ENTERTAINMENT    LIVE    SEARCH    SHOPPING    YAHOO PLUS    MORE...

yahoo!finance

Search for news, symbols or companies

Sign in    Mail

Finance    Watchlists    My Portfolio    Crypto    Yahoo Finance Plus    News    Screeners    Markets    Videos    Personal Finance    Industries    Contact l

    Create outstanding sales kits with stunning images    CREATE NOW

U.S. markets close in 1 hour 24 minutes

S&P 500
3,923.10
+174.53 (+4.66%)

Dow 30
33,544.28
+1,030.34 (+3.17%)

Nasdaq
10,993.55
+640.37 (+6.19%)

Russell 2000
1,857.74
+97.34 (+5.53%)

Crude Oil
86.64
+0.81 (+0.94%)

Gold
1,754.50
+40.80 (+2.38%)

CoinDesk

# FTX Exchange Halts All Crypto Withdrawals

💬 11

**Tracy Wang**
Tue, November 8, 2022 at 4:51 PM · 1 min read

f
🐦
✉



Alex Wong


123RF
Create a powerful brand presence with stunning images
CREATE NOW

Quote Lookup

### TRENDING

1. FTX Latest: Junior Employees Try to Sell Assets With Boss Away

2. GLOBAL MARKETS-Wall St jumps, dollar slides as easing inflation fuels Fed abatement hopes

3. Where inflation is improving the most

4. REFILE-US STOCKS-Wall Street soars on sign of cooling inflation

5. California sues 3M, Dupont over toxic 'forever chemicals'


123RF
Create effective digital marketing campaigns with stunning images
CREATE NOW

Crypto exchange FTX has halted all non-fiat customer withdrawals, an FTX support employee confirmed in the company's official Telegram group Tuesday afternoon.

"Any transfers besides fiat are halted," wrote the FTX Support employee. The halt highlights the deteriorating condition of the exchange, which was previously still processing withdrawals, albeit at a slower pace.

Many FTX customers in Telegram posted that they had been waiting hours to withdraw their funds.

"It's been a full 11 hours since I've requested my withdrawal," one user wrote.

Just hours earlier, FTX co-founder Sam Bankman-Fried tweeted that FTX had reached a non-binding agreement to be acquired by crypto exchange rival, Binance. Bankman-Fried tweeted that "all assets will be covered 1:1."

**yahoo!finance**          Search for news, symbols or companies                                   Sign in        Mail

Finance    Watchlists    My Portfolio    Crypto    Yahoo Finance Plus    News    Screeners    Markets    Videos    Personal Finance    Industries    Contact l



Things have come full circle, and FTX.com's first, and last, investors are the same: we have come to an agreement on a strategic transaction with Binance for FTX.com (pending DD etc.).

ftx.com
**FTX**
Cryptocurrency Derivatives Exchange

**SBF** ✔
@SBF_FTX · **Follow**

2) Our teams are working on clearing out the withdrawal backlog as is. This will clear out liquidity crunches; all assets will be covered 1:1. This is one of the main reasons we've asked Binance to come in. It may take a bit to settle etc. -- we apologize for that.

11:03 AM · Nov 8, 2022                                  ⓘ

💙 4.9K    💬 Reply    🔗 Copy link

Read 269 replies

It appears customers can still withdraw their assets to fiat, although opting for the fiat option could see the funds take up to five business days for settlement.

Reuters reported FTX saw withdrawals totaling $6 billion in the past several days, citing an internal message to company employees sent by Bankman-Fried.

An FTX employee in the Telegram Support chat told panicked customers: "no eta for now, sorry."

Advertisement



Advertisement

yahoo!finance    [Search for news, symbols or companies]    Sign in    Mail

HOME   MAIL   NEWS   FINANCE   SPORTS   ENTERTAINMENT   LIFE   SEARCH   SHOPPING   YAHOO PLUS   MORE...

Finance   Watchlists   My Portfolio   Crypto   Yahoo Finance Plus   News   Screeners   Markets   Videos   Personal Finance   Industries   Contact I



Dillard's (DDS) third quarter earnings on November 9 will be significant and insightful into the effects an economic downturn is having on the economy. Earnings estimate revisions trending higher is a good sign that the company may beat earnings...

2d ago

Zacks

**Dillard's (DDS) Beats Q3 Earnings and Revenue Estimates**

Dillard's (DDS) delivered earnings and revenue surprises of 125.05% and 3.61%, respectively, for the quarter ended October 2022. Do the numbers hold clues to what lies ahead for the stock?

6h ago



Ad • Dailysportx   •••

**20 Actors With Martial Arts Skills**

This list covers actors and celebs that are actually skilled in one or more martial arts disciplines, and some of the entries may surprise you...



Benzinga

**Dillard's Pops On Q3 Earnings Beat**

Dillard's Inc (NYSE: DDS) reported third-quarter FY22 sales growth of 4.1% year-on-year to $1.57 billion, beating the consensus of $1.48 million. Total retail sales increased by 3% for Q3. Sales in comparable stores increased by 3%. Stronger...

3h ago

CoinDesk

**FTX Blowup Puts Trove of Prized Bored Apes at Risk of Liquidation**

Yuga Labs, the NFT collective behind the majority of tokens held in the crypto empire's wallet, has previously raised capital from FTX Ventures, though Alameda Research is in control of the wallet.

22h ago



CoinDesk

**Top FTX Lawyer Orders Documents Preserved as Investigations Ramp Up**

FTX US General Counsel Ryne Miller called the turn of events "disappointing."

2h ago



Ad • Aeropost   •••

**The Bahama's biggest marketplace is here**

Millions of products at one fully landed price



Reuters

**Trading in crypto derivatives surges as investors hedge positions after FTX shock**

Trading volumes in bitcoin futures and exchange traded funds (ETFs) has exploded as investors scrambled to hedge their positions after this week's slump in digital tokens triggered by turmoil at crypto exchange FTX. CME bitcoin futures Novembe...

1h ago



CoinDesk

**FTX US Warns of Trading Halt Hours After Bankman-Fried Says It's '100% Liquid'**

FTX US warned that it might halt trading in a banner on its website Thursday.

1h ago



Yahoo Finance Video

**Crypto market facing chaos amid the collapse of FTX**

Yahoo Finance's David Hollerith explains what happened to crypto exchange FTX, the fallout across the crypto industry, and what it means for investors.

**yahoo!finance**

Search for news, symbols or companies

Sign in    Mail

Finance    Watchlists    My Portfolio    Crypto    Yahoo Finance Plus    News    Screeners    Markets    Videos    Personal Finance    Industries    Contact l

I was all set for my trip, or so I thought. That's when my friend told me to place a crayon in my wallet when traveling. The...



**Bloomberg**

**How Binance, FTX Deal Rocked the Crypto World and Then Collapsed**

(Bloomberg) -- It's been a tumultuous few days in the largely unregulated cryptocurrency world, with mudslinging on Twitter, a shock exchange takeover bid — which then collapsed — and plunging token values.Most Read from BloombergSam...

21h ago



**CoinDesk**

**Bitcoin Miner Marathon Digital Misses Q3 Revenue Estimates, Lowers Hashrate Outlook for 2022**

The miner is targeting 9 EH/s for the end of the year, but maintains it will reach 23 EH/s by the middle of 2023.

2d ago



**CoinDesk**

**Tron's Justin Sun 'Putting Together Solution' for Troubled Crypto Exchange FTX**

Justin Sun, the founder of the Tron cryptocurrency network and Grenada's ambassador to the World Trade Organization, tweeted late Wednesday that he and his team were "putting together a solution" with beleaguered cryptocurrency...

4h ago



Ad • AMD    •••

**20% Faster Performance. How Did They Do It?**

Mercedes-AMG Petronas F1 team raced to 20% better performance by using AMD processors. Read their story to find out how.



**CoinDesk**

**Tron's DAO to Purchase $1B USDT to 'Safeguard' Against Market Slump**

USDT slipped to as low as 93 cents in the European afternoon hours.

7h ago



**CoinDesk**

**Solana Blockchain Hit by FTX Tremors as Nearly $800M SOL Tokens Set to Be Unstaked**

The scheduled-to-be-unlocked SOL tokens represent around 15% of the token's circulating supply.

23h ago



**CoinDesk**

**FTX Website Experiences Temporary Outage, Warns Users Not to Make Deposits**

While the FTX US website remains operational, FTX.com is experiencing widespread outages.

22h ago



Ad • Pro Sports Trivia    •••

**What Sport Should You Start Playing? Take The Quiz**

Answer These Personality Questions and We'll Tell You What Sport You Should Get Into Next!

**Forkast News**

**Binance buys FTX: Updates on what it means for the crypto industry**

The following is a running compilation of views and comments on Binance's takeover of the FTX exchange amid speculation of solvency problems at FTX.

yahoo/finance        Search for news, symbols or companies                                    Sign in        Mail

Finance   Watchlists   My Portfolio   Crypto   Yahoo Finance Plus   News   Screeners   Markets   Videos   Personal Finance   Industries   Contact I



exchange, turned to a rescue from its...
1d ago



**CoinDesk**

**FTX Balances Tumbled 87% in 5 Days in Epic Crypto Deposit Run, Data Shows**

A glance at data from Arkham Intelligence shows the behind-the-scenes operational reality that drove billionaire Sam Bankman-Fried's beleaguered FTX exchange to order a withdrawal halt this week.

3h ago



**Fortune**

**Sam Bankman-Fried quietly deletes his claim that FTX customer funds are safe**

The future of client assets locked on crypto exchange FTX remains uncertain, with a Binance deal that can bail out the company depending on a closer look at the books.

1d ago



**MarketWatch**

**Disney stock tumbles to worst day since 2001 after 'massive earnings downgrade'**

Walt Disney Co. has a profit problem, and that's helped send shares of the media giant to their worst daily performance in more than two decades.

18h ago

**Simply Wall St.**

**Increases to CEO Compensation Might Be Put On Hold For Now at Western Digital Corporation (NASDAQ:WDC)**

The underwhelming share price performance of Western Digital Corporation ( NASDAQ:WDC ) in the past three years would...

9h ago

This copy is for your personal, non-commercial use only. Distribution and use of this material are governed by our Subscriber Agreement and by copyright law. For non-personal use or to order multiple copies, please contact Dow Jones Reprints at 1-800-843-0008 or visit www.djreprints.com.

https://www.wsj.com/articles/binance-is-said-to-be-likely-to-walk-away-from-deal-to-buy-ftx-11668020963

MARKETSCURRENCIESCRYPTOCURRENCY

# Binance Walks Away From Deal to Rescue FTX

Crypto exchange's decision leaves FTX with uncertain future as it faces multibillion-dollar shortfall

*By Patricia Kowsmann* [Follow] *, Caitlin Ostroff* [Follow] *and Berber Jin* [Follow]

Updated Nov. 9, 2022 9:33 pm ET

Crypto exchange Binance reversed course on a rescue offer for FTX Wednesday, leaving the prominent digital firm with an uncertain future as it faces a shortfall of up to $8 billion, according to people familiar with the matter.

Binance chose not to go ahead with the nonbinding offer following a review of the company's finances, the exchange said. "In the beginning, our hope was to be able to support FTX's customers to provide liquidity, but the issues are beyond our control or ability to help," Binance said in a statement.

In a call Wednesday with investors in FTX, founder and Chief Executive Sam Bankman-Fried said he needs emergency funding because of customer withdrawal requests received in recent days, the people familiar with the matter said. Those requests sparked a debilitating liquidity squeeze.

FTX told investors that it was hoping to raise up to $4 billion in equity to fill the shortfall, people familiar said.

The implosion of the Binance rescue deal weighed on financial markets already rattled by uncertainty around the outcome of U.S. midterm elections. The Nasdaq dove around 2.5% Wednesday while the Dow Jones Industrial Average and S&P 500 both fell around 2%.

Bitcoin, the biggest and best-known cryptocurrency, fell around 16%, bringing its value below $16,000 for the first time since November 2020. It is now down around 75% from an all-time high reached in November 2021.

Also on Wednesday, Securities and Exchange Commission Chairman Gary Gensler issued a stern warning to crypto platforms, after more than a year of encouraging them publicly to register with his agency. He also likened the broader crypto market to a stack of Jenga blocks that gets weaker with each failure.

Once seen as a shining survivor in a struggling industry, FTX's fall has sent shock waves through the cryptocurrency industry. Just months ago, Mr. Bankman-Fried committed nearly a billion dollars to bail out struggling cryptocurrency lenders and was an active lobbyist considered widely to be the face of crypto in Washington.

Binance's retreat now leaves FTX's fate unclear; the cause and full extent of FTX's financial problems are unknown. FTX declined to comment.

In an internal FTX slack channel, Mr. Bankman-Fried on Wednesday wrote, "We obviously just saw Binance's statement; they relayed that to the media first, not to us, and had not previously informed us or expressed those reservations," according to a copy of the message reviewed by The Wall Street Journal.

Mr. Bankman-Fried wrote that he was working on next steps and doing what he can to protect customers, employees and investors. "I'm deeply sorry that we got into this place, and for my role in it. That's on me, and me alone, and it sucks, and I'm sorry, not that that makes it any better."



FTX founder and Chief Executive Sam Bankman-Fried told investors on Wednesday that the exchange needs emergency funding due to customers' recent withdrawal requests.
PHOTO: JEENAH MOON/BLOOMBERG NEWS

Besides the firm and Mr. Bankman-Fried, well-known institutions that invested in the exchange are on the hook for potentially big losses. Among investors in a $900 million fundraising last year were SoftBank Group Corp., Sequoia Capital, hedge fund Third Point and tech-oriented private-equity firm Thoma Bravo.

In a letter to its investors late Wednesday, Sequoia said it is writing off the $150 million that one of its funds invested in FTX because of "solvency risk" for the crypto company. "The full nature and extent of this risk is not known at this time," the letter said. "Based on our current understanding, we are marking out investment down to $0."

Individual traders could also lose funds. FTX has halted withdrawals of both crypto and fiat currencies from the exchange, according to a pinned post in its official Telegram channel.

Michael Turský, a European crypto trader, said he hasn't been able to withdraw his nearly $11,000 from FTX since midday Wednesday. Those funds represented around 70% of his liquid net worth, he said.

He said he tried to withdraw his cash multiple times, to no avail. "Knowing FTX's brand and name, I would have never thought it would go under in a few days," Mr. Turský said. "Even if it did, I would have never expected them to stop all withdrawals"

Losses related to FTX spread beyond the firm itself. Stock investors dumped shares of publicly traded companies that are tied to cryptocurrencies with holdings of them or that derive fees from trading them.

Shares in Coinbase Global Inc. fell almost 10% despite assurances from its chief executive on Twitter that the company has sufficient assets for customer withdrawals and doesn't have any material exposure to FTX. Coinbase closed at its lowest level since going public last year when it fetched an $85 billion valuation. Its market value Wednesday was around $10 billion.

Shares of Silvergate Capital Corp., the closest U.S. bank to the crypto world, dropped 12% and have shed some 75% of their value this year. Shares of MicroStrategy Inc., which pivoted from business software into largely a buy-and-hold vehicle for bitcoin, fell nearly 20%.

Brokerage app Robinhood Markets Inc., which offers trading in more than just crypto, was burned by fears that one of its biggest shareholders, Mr. Bankman-Fried, would have to dump his shares. Robinhood shares dropped nearly 14% on Wednesday, bringing losses for the week to more than 30%.

The cause of the FTX liquidity squeeze still isn't known, but some investors and crypto holders are asking if links between the exchange and a related company, Hong Kong crypto-trading firm Alameda Research, could have contributed to the crisis. Alameda is majority owned by Mr. Bankman-Fried, and he founded both FTX and Alameda.

Questions about the depth and extent of FTX and Alameda's financial relationship grew last week after CoinDesk published a report that indicated much of Alameda's balance sheet was made up of FTT, a cryptocurrency created by FTX.



Changpeng Zhao, CEO of the crypto exchange Binance, which decided it wouldn't go forward with an offer for FTX after a review of its finances.
PHOTO: ZED JAMESON/BLOOMBERG NEWS

Cryptocurrency exchanges, like their counterparts in the world of traditional, regulated finance, rely on a mix of partners to provide digital assets for trading, like bitcoin or ether. So-called market makers help traders buy and sell. They get paid by collecting a small difference between the bid and offer price.

Having ties between an exchange and market maker raised governance issues and the potential for conflicts of interest. In theory, such ties could allow a market maker to potentially trade on privileged information or use the exchange to inflate or deflate prices of a given security.

"These related-party relationships are all red flags that any regulator would recognize," said Larry Harris, a finance professor at the University of Southern California's Marshall School of Business and a former Securities and Exchange Commission chief economist.

In traditional financial markets for equities and futures, exchanges are required to be neutral platforms. Regulators discourage them from being intertwined with trading firms. In the unregulated world of crypto, though, there aren't any such constraints.

There were other links between FTX and Alameda, which besides being a market maker traded for its own purposes. The firm used FTX's FTT tokens as collateral for loans it took out from other crypto lenders, according to people familiar with the matter.

FTT went into free fall in the days after the CoinDesk report and has lost around 90% of its value.

Mr. Bankman-Fried previously rebutted the idea Alameda was intertwined with FTX, saying to the Journal in February that none of FTX's market makers have access to any nonpublic market data. And while Alameda trades on FTX, he said, "their volume is a very small fraction of overall exchange volume, and their account's access is the same as others."

—*Juliet Chung, Alexander Osipovich, Eric Wallerstein, Paul Kiernan, Eliot Brown, Gunjan Banerji and Elaine Yu contributed to this article*.

---

# Cryptocurrency Markets

Related coverage, selected by the editors

SIGN UP FOR THE WSJ CRYPTO
NEWSLETTER

**Binance Walks Away From Deal to Rescue FTX**

**Streetwise: What We Can Learn From FTX Moment**

**Justice Department Announces Large Bitcoin Seizure**

**Bitcoin-Mining Machines Go on Discount**

**Crypto Firms Step Up Campaign**

**401(k) Plans Now Allow Cryptocurrency**

**Donations**

## NFT Prosecution Sparks Debate Over Insider Trading

## Andreessen Horowitz Went In on Crypto Before the Plunge

FTX on brink of collapse after Binance abandons rescue of rival

**FTX Trading Ltd**

# FTX on brink of collapse after Binance abandons rescue

Sam Bankman-Fried's crypto exchange dashes to fill $8bn hole as Sequoia writes down equity on 'solvency risk'



Sam Bankman-Fried has appealed to investors for support to prop up FTX as customers fearful of its financial health demanded their money back © Bloomberg

**Joshua Oliver** in London, **Richard Waters** in San Francisco, **Ortenca Aliaj** and **James Fontanella-Khan** in New York, and **William Langley** and **Chan Ho-him** in Hong Kong 11 HOURS AGO

## Receive free FTX Trading Ltd updates

We'll send you a *myFT Daily Digest* email rounding up the latest FTX Trading Ltd news every morning.



Enter your email address                     Sign up

FTX is on the brink of collapse as chief Sam Bankman-Fried races to secure billions of dollars to salvage his empire after Binance ditched an eleventh-hour rescue of one of the world's biggest crypto exchanges.

Venture capital firm Sequoia Capital said it would mark down its $214mn investment in FTX to zero after a run on the exchange in recent days blew a massive hole in its balance sheet and cast serious doubts over its survival.

"In recent days, a liquidity crunch has created solvency risk for FTX," Sequoia said in a note on Wednesday to investors in its fund.

The abrupt change in fortune for FTX and its sister trading firm Alameda Research marks a spectacular fall for Bankman-Fried, a 30-year-old trader and entrepreneur who is one of the industry's most prominent figures. Bankman-Fried was one of the world's richest people just months ago, but large swaths of his $24bn fortune will evaporate if FTX and

Alameda Research go bust.

A collapse would also deal a blow to FTX's blue-chip backers, which include BlackRock, Canada's Ontario Teachers' Pension Plan, SoftBank and hedge fund billionaires Paul Tudor Jones and Izzy Englander.

In recent days, Bankman-Fried has appealed to investors for support to prop up the exchange as customers fearful of its financial health demanded their money back. FTX needs $8bn to steady the ship, according to people with knowledge of the matter.

Bankman-Fried also turned to rival crypto exchanges including OKX and Binance for a bailout, which led to a shortlived plan by Binance chief executive Changpeng Zhao to buy FTX and backstop customers' funds.

Zhao walked away from the table after less than 48 hours of due diligence, having concluded the scale of the financial problems and potential wrongdoing at FTX made the deal impossible.

"As a result of corporate due diligence, as well as the latest news reports regarding mishandled customer funds and alleged US agency investigations, we have decided that we will not pursue the potential acquisition of FTX.com," Binance said.

The US Securities and Exchange Commission has expanded an investigation into FTX, which includes examining the platform's cryptocurrency lending products and the management of customer funds, according to a person familiar with the matter.

Wall Street's regulator launched the probe months ago but sought additional information after Binance's acquisition plans were announced on Tuesday, the person added. The agency is also examining FTX's relationship with a US entity, FTX US.

Bitcoin, the largest cryptocurrency and a barometer of confidence in the sector, tumbled as low as $15,700 before steadying at $16,600, down 10 per cent from Wednesday morning. Investors and traders fear the collapse of FTX and Alameda will trigger another wave of market panic and losses for those exposed to the firms via lending and trading relationships.

"Given the size and interlinkages of both FTX and Alameda Research with other entities of the crypto ecosystem . . . it looks likely that a new cascade of margin calls, deleveraging and crypto company [and] platform failures is starting similar to what we saw last May [and] June following the collapse of Terra," JPMorgan analysts wrote.

Analysts at Moody's said the spillover from turmoil in the crypto sector to the traditional financial world was likely to be limited.

Fadi Massih, vice-president at Moody's Investors Service said: "The lack of regulatory oversight and the sector's overall opacity facilitate risky financial strategies, exposing firms to an environment in which rumours of illiquidity can become self-fulfilling prophecies."

Copyright The Financial Times Limited 2022. All rights reserved.

⚙

← **Thread**

As a result of corporate due diligence, as well as the
latest news reports regarding mishandled customer
funds and alleged US agency investigations, we have
decided that we will not pursue the potential
acquisition of FTX.com.

4:00 PM · Nov 9, 2022 · Twitter Web App

○ ⇄ ♡ ⬆

**Binance** ✓ @binance · Nov 9 · · ·
Replying to @binance
n the beginning, our hope was to be able to support FTX's customers to
provide liquidity, but the issues are beyond our control or ability to help.

○ 303 ⇄ 1,236 ♡ 8,573 ⬆

**Binance** ✓ @binance · Nov 9 · · ·
Every time a major player in an industry fails, retail consumers will suffer.
We have seen over the last several years that the crypto ecosystem is
becoming more resilient and we believe in time that out liers that misuse
user funds will be weeded out by the free market.

○ 290 ⇄ 989 ♡ 8,631 ⬆

**Binance** ✓ @binance · Nov 9 · · ·
As regulatory frameworks are developed and as the industry continues to
evolve toward greater decentralization, the ecosystem will grow stronger.

○ 400 ⇄ 751 ♡ 7,504 ⬆

Show more replies

**More Tweets**

**Elon Musk** ✓ @elonmusk · 5h · · ·
love when people complain about Twitter ... on Twitter 🤣🤣

○ 53K ⇄ 72.9K ♡ 663.1K ⬆

**Fascinating** @fasc1nate · 19h · · ·
Black herons use their wings to create shade that will attract fish.



○ 1,123 ⇄ 24.2K ♡ 220K ⬆

**Elon Musk** ✓ @elonmusk · 6h · · ·
Good morning

**New to Twitter?**

Sign up now to get your own personalized
timeline!

G Sign up with Google

 Sign up with Apple

Sign up with phone or email

By signing up, you agree to the Terms of
Service and Privacy Policy, including Cookie
Use.

**Relevant people**



**Binance** ✓ Follow
@binance
The world's leading
blockchain ecosystem and
digital asset exchange.
#Binance ◆ #BNB ◆ For
support: @BinanceHelpDesk

**Trends for you**

TV stars · Trending
**#TPMP**
72.7K Tweets

Sports · Trending
**#LazioMonza**
2,120 Tweets

Trending worldwide
**#موعد_مع_الحربه**
102K Tweets

Trending worldwide
**#GelsinHayatBildiğiGibi**
21.4K Tweets

Only on Twitter · Trending
**Sonia**
31.9K Tweets

Only on Twitter · Trending
**#LaIslaDeLasTentaciones8**
17.8K Tweets

Sports · Trending
**住宅火災**
7,018 Tweets

Only on Twitter · Trending
**#ليله_الجمعه**
19K Tweets

**Don't miss what's happening**
People on Twitter are the first to know.

Log in   **Sign up**

Q Search Twitter

16.2K Tweets

---

**From:** Christina Rolle
**Sent:** 09 November 2022 10:17 AM
**To:** sam@ftx.com; jmurray@ftxdigitalmarkets.com
**Cc:** 'ryan@ftxdigitalmarkets.com' <ryan@ftxdigitalmarkets.com>; Mechelle Martinborough
<mmartinborough@scb.gov.bs>; Gawaine Ward <gward@scb.gov.bs>; Renaldo Harding <rharding@scb.gov.bs>; Ashley
Poitier <apoitier@scb.gov.bs>
**Subject:** RE: FTX Liquidity / Sale Rumours

Good morning Sam,

Further to my note below, please see some initial queries from the Securities Commission of The Bahamas with respect
to ongoing issues. Please advise as follows:

1. Number of clients registered on the FDM platform, total value of assets held for all FDM clients and whether
   those assets are held in a segregated account;
2. Total value of client withdrawals from FDM platform over the past week. Have there been any withdrawal
   requests that were unsatisfied or that remain outstanding?
3. The extent to which FDM clients' assets may have been invested, loaned, used as collateral or otherwise
   hypothecated or encumbered on behalf of FDM, Alameda, other related parties and/or third parties;

Please also provide an explanation with respect to the following:
1. Which FTX Group entity is party to the non-binding LOI with Binance? What are the terms of the LOI and what is
   the potential impact for clients of FDM;
2. Details of the connection between FDM and Alameda. Were there any services provided by Alameda to FDM or
   vice versa? Were there any related party or counterparty transactions between the entities.

Please also provide a sample of FDM's client agreement (including general terms and conditions).

Your urgent attention and response by end of day is needed. If you wish to discuss, please feel free to reach out to us.

With kind regards,

---

**From:** Christina Rolle
**Sent:** 08 November 2022 3:11 PM
**To:** sam@ftx.com; jmurray@ftxdigitalmarkets.com
**Cc:** Ashley Poitier <apoitier@scb.gov.bs>; Renaldo Harding <rharding@scb.gov.bs>
**Subject:** RE: FTX Liquidity / Sale Rumours

Thank you for your note, Sam
We are keen to understand the issues as they specifically relate to the regulated entity including potential impact
for clients. Please get in touch soonest.
Due to the Tropical Storm alert, we will be working from home until the all clear is given but I will be
reachable by email and by phone ██████████ .
Take care and kind regards,

Sent from my Galaxy


-------- Original message --------
From: Sam Bankman-Fried <sam@ftx.com>
Date: 11/8/22 2:48 PM (GMT-05:00)
To: Christina Rolle <crolle@scb.gov.bs>, jmurray@ftxdigitalmarkets.com
Cc: Ashley Poitier <apoitier@scb.gov.bs>, Renaldo Harding <rharding@scb.gov.bs>
Subject: Re: FTX Liquidity / Sale Rumours

Hey!  I'm pretty pressed for time but will make sure that we talk to you ASAP; I'll briefly say that, as of now, no sale has happened or been finalized although there are active talks.  We'll keep you updated about those.

—
Sam Bankman-Fried

> On November 8, 2022 at 8:43 PM GMT+3 crolle@scb.gov.bs wrote:
>
> Thanks for the acknowledgement, Jessica.
>
> I will be tied up from 13:00 to 15:00... it would be good it that call can take place today.
>
> With kind regards,
>
>
> **From:** Jessica Murray [mailto:jmurray@ftxdigitalmarkets.com]
> **Sent:** 08 November 2022 12:08 PM
> **To:** Christina Rolle <crolle@scb.gov.bs>; sam@ftx.com
> **Cc:** Ashley Poitier <apoitier@scb.gov.bs>; Renaldo Harding <rharding@scb.gov.bs>
> **Subject:** Re: FTX Liquidity / Sale Rumours
>
>
> Hello Ms. Rolle,
>
>
> Your email is well received. Let me confirm a day and time and revert.
>
>
> Kind Regards,

Jessica

—

Jessica Murray



On November 8, 2022 at 11:37 AM EST crolle@scb.gov.bs wrote:

Good morning Sam / Jessica,

Please advise your availability to meet with the Securities Commission of The Bahamas to discuss recent press regarding liquidity issues as well as the potential acquisition of FTX by Binance.

We would appreciate to meet as soon as today, if possible. Let us know and we will set up a Zoom/Teams link for a call.

With kind regards,

**Christina Rolle** . Executive Director
e-mail: crolle@scb.gov.bs
telephone: (242) 397-4100          fax: (242) 356-7530          Web: www.scb.gov.bs

Poinciana House | North Building, 2nd Floor | 31A East Bay St | P. O. Box N-8347 | Nassau The Bahamas

Please consider the environment before printing this email message.

The information in this e-mail (including attachments) is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-m anyone else is unauthorized. If you are not the intended recipient, any review, disclosure, reproduction, distribution or any action taken or omitted to be ta reliance on the e-mail message, is prohibited. If you have received this e-mail in error, please notify the sender by return e-mail and delete all parts of this from your computer(s) and eventual service provider computer(s).

The Securities Commission of The Bahamas (the Commission) is neither liable for the proper and complete transmission of the information contained in th communication nor for any delay in its receipt. While the Commission has taken every reasonable precaution to ensure that any attachment to this e-mail scanned for viruses, the Commission does not accept any liability for the presence of any viruses and/or any loss or damage suffered as a result. Any opinio expressed are those of the author and are not necessarily endorsed by the Commission.



**Christina Rolle** . Executive Director

e-mail: crolle@scb.gov.bs

telephone: (242) 397-4100          fax: (242) 356-7530          Web: www.scb.gov.bs

Poinciana House | North Building, 2nd Floor | 31A East Bay St | P. O. Box N-8347 | Nassau, The Bahamas

 Please consider the environment before printing this email message.

The information in this e-mail (including attachments) is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-mail by anyone else is unauthorized. If you are not the intended recipient, any review, disclosure, reproduction, distribution or any action taken or omitted to be taken in reliance on the e-mail message, is prohibited. If you have received this e-mail in error, please notify the sender by return e-mail and delete all parts of this e-mail from your computer(s) and eventual service provider computer(s).

The Securities Commission of The Bahamas (the Commission) is neither liable for the proper and complete transmission of the information contained in this communication nor for any delay in its receipt. While the Commission has taken every reasonable precaution to ensure that any attachment to this e-mail has been scanned for viruses, the Commission does not accept any liability for the presence of any viruses and/or any loss or damage suffered as a result. Any opinions expressed are those of the author and are not necessarily endorsed by the Commission.

▪

▪

**From:** Sam Bankman-Fried [mailto:sam@ftx.com]
**Sent:** 09 November 2022 9:27 PM
**To:** RYAN PINDER <ryanpinder@bahamas.gov.bs>
**Cc:** Joe Bankman <joebankman@gmail.com>; Can Sun <can@ftx.com>; rsalame@ftx.com; constance@ftx.com; Christina Rolle <crolle@scb.gov.bs>; allyson@clementmaynard.com
**Subject:** Re: FTX / Binance

Hi all,

I'm really sorry about the delayed responses here -- it's been a hectic week but that's on me.  Myself, and Joe (cc'ed), will be responsive going forward.

And I'm also deeply sorry for ending up in this position in the first place.

I'll give the answers I can give right now and try to get to the others ASAP.

1) Right now we are focused on one thing: making customers whole.  We are focusing exclusively on doing that this week.  We are ceasing all nonessential operations beyond that.  I am doing everything I can to try to do right by our customers.

2) I have not briefed the securities commission.  I would be more than happy to have a phone call with you, the PM, and the SCB in the next few days to give a thorough overview of the situation.

3) I am cautiously optimistic that we will be able to survive the turmoil and have enough liquidity for all customer withdrawals, and that is my sole focus this week.  I will keep you guys updated.

4) We are investigating a more thorough answer to this question; we did not intend to, but are concerned that poor risk management lead to a liquidity issue.

5) As you saw, Binance did not end up following through on their transaction.  However, we are in the middle of a separate process to make users whole; we will know within a week if that comes through.  So far, we have strong indications of interest that would be more than enough to cover all liquidity needs; we are working on confirming those.  I am cautiously optimistic that we will be able to.

6) We are deeply grateful for what The Bahamas has done for us, and deeply committed to it.  We are also deeply sorry about this mess.

As part of this: we have segregated funds for all Bahamian customers on FTX.  And **we would be more than happy to open up withdrawals for** *all* **Bahamian customers on FTX, so that they can,** *tomorrow, fully* **withdraw** *all* **of their assets, making them fully whole**.  It's your call whether you want us to do this--but we are more than happy to and would consider it the very least of our duty to the country, and could open it up immediately if you reply saying you want us to.  If we don't hear back from you, we are going to go ahead and do it tomorrow.

—

Sam Bankman-Fried

On November 9, 2022 at 6:00 PM EST ryanpinder@bahamas.gov.bs wrote:

Thank you Sam.  Joe, Constance, Ryan - please provide me with a brief and answers to the questions below so I can provide the Prime Minister an update

Ryan


**L. Ryan Pinder, K.C.**
**Senator, Attorney General of The Commonwealth of The Bahamas**
**Office of the Attorney-General and Ministry of Legal Affairs**
Paul L. Adderley Building
No. 18 John F. Kennedy Drive
P. O. Box N-3007
Nassau, N.P., The Bahamas


-----"Sam Bankman-Fried" <sam@ftx.com> wrote: -----
To: "RYAN PINDER" <ryanpinder@bahamas.gov.bs>
From: "Sam Bankman-Fried" <sam@ftx.com>
Date: 11/09/2022 04:16PM
Cc: "Can Sun" <can@ftx.com>, "rsalame@ftx.com" <rsalame@ftx.com>, "constance@ftx.com" <constance@ftx.com>, "Joe Bankman" <joebankman@gmail.com>
Subject: Re: FTX / Binance

Hey!

Sorry giving updates as I can.  Things moving quickly.

I can't give as confident answers as I'd like to all of those.  My currently only priority is doing right by customers, and doing whatever I can for that; right now that means prioritizing, above everything else, getting funding to fill the liquidity gap so that all customers can be made liquid.

cc'ing Joe/Constance/Ryan who can give more details.


—
Sam Bankman-Fried

On November 9, 2022 at 8:03 AM EST ryanpinder@bahamas.gov.bs wrote:

Thank you Dan and Can,

As I understand the structure, FTX.com (the entity subject of the LOI with Binance) is the trading platform and exchange operations and in a corporate structure separate from FTX Digital Markets, the Bahamian licensed entity.  FTX DM however is in a corporate structure with Alameda Research who is an upstream shareholder of FTX DM.  We are mindful of the balance sheet exposure that is reported for Alameda to FTT whose value has collapsed in the open market.  As such, The Government of The Bahamas would like to ask some questions, and get an update on the current situation.  I will be briefing the Prime Minister later today.  Can you please assist with a briefing update as well as addressing the following questions:

1) Has a decision been made on the operations of FTX DM in The Bahamas?  If so, what are they?

2) Has the Securities Commission been briefed on the matters affecting FTX and the reciprocal effects on FTX DM, the regulated entity?  If so, please forward that brief.

3) What is the financial situation of Alameda and do you anticipate it to survive the current market turmoil?

4) At any time, and especially in the recent months and currently, has any company in the corporate structure of FTX DM, inclusive of Alameda, leveraged or exposed client assets in any way and for any purpose?

5) What are the timeframes to complete the Binance transaction, assuming it goes through, and how would that affect Alameda, FTX DM and the US operations of FTX?

6) What is the ongoing commitment to The Bahamas?

Thank you,

Ryan


**L. Ryan Pinder, K.C.**
**Senator, Attorney General of The Commonwealth of The Bahamas**
**Office of the Attorney-General and Ministry of Legal Affairs**
Paul L. Adderley Building
No. 18 John F. Kennedy Drive
P. O. Box N-3007
Nassau, N.P., The Bahamas


-----"Daniel Friedberg" <dan@ftx.com> wrote: -----
To: "Can Sun" <can@ftx.com>, "RYAN PINDER" <RYANPINDER@bahamas.gov.bs>
From: "Daniel Friedberg" <dan@ftx.com>
Date: 11/08/2022 04:58PM
Cc: sam@ftx.com
Subject: Re: FTX / Binance

Hi Ryan - sorry for the delay. Can is on island and will coordinate.

On Tue, Nov 8, 2022 at 11:29 AM RYAN PINDER <RYANPINDER@bahamas.gov.bs> wrote:

Good morning, I know it must be a hectic time.  Is there more information you can share with us regarding the purported LOI between FTX and Binance?

Ryan

**L. Ryan Pinder, K.C.**
**Senator, Attorney General of The Commonwealth of The Bahamas**
**Office of the Attorney-General and Ministry of Legal Affairs**
Paul L. Adderley Building
No. 18 John F. Kennedy Drive
P. O. Box N-3007
Nassau, N.P., The Bahamas

This e-mail message and the information and any attachments contained herein are confidential to the addressee and may be subject to professional privilege. No other person may place any reliance on this e-mail nor its contents, nor copy or distribute it to any other person or use the contents in any unauthorised manner without the express permission of the sender. If you are not the addressee of this e-mail, or an employee or agent responsible for delivering this message to the addressee, please delete it and notify the sender as soon as possible. Thank You.

This e-mail message and the information and any attachments contained herein are confidential to the addressee and may be subject to professional privilege. No other person may place any reliance on this e-mail nor its contents, nor copy or distribute it to any other person or use the contents in any unauthorised manner without the express permission of the sender. If you are not the addressee of this e-mail, or an employee or agent responsible for delivering this message to the addressee, please delete it and notify the sender as soon as possible. Thank You.

This e-mail message and the information and any attachments contained herein are confidential to the addressee and may be subject to professional privilege. No other person may place any reliance on this e-mail nor its contents, nor copy or distribute it to any other person or use the contents in any unauthorised manner without the express permission of the sender. If you are not the addressee of this e-mail, or an employee or agent responsible for delivering this message to the addressee, please delete it and notify the sender as soon as possible. Thank You.



 **Christina Rolle** • Executive Director
e-mail: crolle@scb.gov.bs
telephone: (242) 397-4100          fax: (242) 356-7530          Web: www.scb.gov.bs

Poinciana House | North Building, 2nd Floor | 31A East Bay St | P. O. Box N-8347 | Nassau, The Bahamas

 Please consider the environment before printing this email message.

The information in this e-mail (including attachments) is confidential and may be legally privileged. It is intended solely for the addressee. Access to this e-mail by anyone else is unauthorized. If you are not the intended recipient, any review, disclosure, reproduction, distribution or any action taken or omitted to be taken in reliance on the e-mail message, is prohibited. If you have received this e-mail in error, please notify the sender by return e-mail and delete all parts of this e-mail from your computer(s) and eventual service provider computer(s).

The Securities Commission of The Bahamas (the Commission) is neither liable for the proper and complete transmission of the information contained in this communication nor for any delay in its receipt. While the Commission has taken every reasonable precaution to ensure that any attachment to this e-mail has been scanned for viruses, the Commission does not accept any liability for the presence of any viruses and/or any loss or damage suffered as a result. Any opinions expressed are those of the author and are not necessarily endorsed by the Commission.



Poinciana House
North Building, 2nd Floor
31A East Bay Street
PO Box N-8347
Nassau, The Bahamas

**URGENT**

VIA EMAIL: [CLAYTON.FERNANDER@OUTLOOK.COM](mailto:CLAYTON.FERNANDER@OUTLOOK.COM)

9th November 2022

Clayton Fernander
Commissioner of Police
**Royal Bahamas Police Force**
East Street,
Nassau, Bahamas

Dear Commissioner Fernander,

**RE: Request for Police Investigation - FTX Digital Markets Ltd**

The Securities Commission of The Bahamas **("the Commission")** hereby writes to request that the Royal Bahamas Police Force **("RBPF")** Financial Crimes Investigation Branch conducts an investigation relative to FTX Digital Markets Ltd **("FTX Digital")**.

FTX Digital is a company duly incorporated under the laws of The Bahamas and is registered as a digital asset business under the ***Digital Assets and Registered Exchanges Act, 2020*** **("the DARE Act")**. The Commission is the regulator of FTX Digital.

The RBPF may be aware of the reports in both the international and local media, which directly relates to and impacts FTX Digital, including the possible mishandling of clients' assets.

Regrettably, the Commission was informed today by Mr. Ryan Salame **("Mr. Salame")** who is the Chairman of FTX Digital that clients' assets which may have been held with FTX Digital were transferred to Alameda Research **("Alameda")**. Alameda and FTX Digital are related companies, specifically, Mr. Samuel Bankman-Fried is a founder of both FTX Digital and Alameda.

The Commission understood Mr. Salame as advising that the transfer of clients' assets in this manner was contrary to the normal corporate governance and operations of FTX Digital. Put simply, that such transfers were not allowed and therefore may constitute misappropriation, theft, fraud or some other crime.

Mr. Salame further advised the Commission that there were only three **(3)** persons who had the necessary codes (or passwords) to transfer clients' assets to Alameda in this manner, that is, the founders of FTX Digital who are: (i) Mr. Samuel Bankman-Fried; (ii) Mr. Nishad Singh and (iii) Mr. Zixiao (Gary) Wang.

Given this possible unlawful activity and the ramifications associated with same, we wish for the RBPF to investigate this matter on an urgent basis

Clayton Fernander
Commission of Police
Re: Request for Police Investigation – FTX Digital Markets
9 November 2022

Based on the Commission's knowledge, Mr. Bankman-Fried, Mr. Nishad Singh and Mr. Zixiao (Gary) Wang are presently on the Island of New Providence and all normally reside at Albany. Mr. Salame is not in the jurisdiction and is reportedly in Washington, DC at present.

Please do not hesitate to contact me if you require further information from the Commission at this stage.

Yours sincerely,

Christina Rolle
**Executive Director**

**COMMONWEALTH OF THE BAHAMAS**

**IN THE SUPREME COURT**

**Commercial Division**

**IN THE MATTER OF the Digital Assets and
Registered Exchanges Act, 2020 (as amended)**

**AND IN THE MATTER OF
FTX DIGITAL MARKETS LTD.**
(A Registered Digital Asset Business)

**AND IN THE MATTER OF the
Companies (Winding Up Amendment) Act, 2011**

---

**AFFIDAVIT OF CHRISTINA R. ROLLE**

---

2022
COM/com

*Securities Commission of The Bahamas*

**Securities Commission of The Bahamas**
2nd Floor Poinciana House,
North Building
31A East Bay Street
Nassau, N.P., The Bahamas
*Attorneys for the Petitioner/Applicant*

# EXHIBIT 2

COMMONWEALTH OF THE BAHAMAS                                                    2022

IN THE SUPREME COURT                                                   COM/com/

COMMERCIAL DIVISION

SUPREME COURT

NOV 1 1 2022

NASSAU, BAHAMAS

IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020
(as amended)


AND IN THE MATTER OF the Companies (Winding Up Amendment) Act, 2011


AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.
(A Registered Digital Asset Business)

---

### PETITION

---

TO: The Supreme Court of the Commonwealth of The Bahamas

The Humble Petition of **THE SECURITIES COMMISSION OF THE BAHAMAS** (**"the Commission"** or **"the Petitioner"**) a statutory body continued pursuant to the Securities Industry Act, 2011 show as follows:

1.   This Petition relates to FTX Digital Markets Ltd (**"FTX Digital"**).

2.   FTX Digital was incorporated in the Commonwealth of The Bahamas on 22 July 2021 as an International Business Company.

3.   The registered number of the FTX Digital is **No.207269B** and the principal address and office for FTX Digital is Building 27, Veridian Corporate Centre, West Bay Street, Nassau, N.P., The Bahamas.

4.   FTX Digital is registered as a digital asset business under the ***Digital Assets and Registered Exchanges Act, 2020* ("the DARE Act")**.  FTX Digital is a subsidiary of FTX Trading Ltd, a company incorporated in Antigua and Barbuda (collectively referred to as **"FTX"**).  Under the DARE Act, FTX Digital is registered to provide: (i) an exchange

between digital assets and fiat currency and (ii) an exchange between one or more forms of digital assets.

5. To the best of the Petitioner's information and belief FTX Digital operates its business in Antigua and Barbuda and the United States of America.

6. The ultimate beneficial owner of the company is Mr. Samuel Bankman-Fried **("SBF")**.

## **The Grounds and Jurisdiction**

7. The grounds on which a winding up order by this Honourable Court is sought as follows:

    7.1.    FTX Digital is a company within the meaning of the Companies (Winding Up Amendment) Act 2011 **("the CWUA Act),** s.185 (b).

    7.2.    The Petitioner is a regulator within the meaning of the CWUA Act, s.183.

    7.3.    The Petitioner, in its capacity as regulator, may apply to wind up a company under CWUA Act, if the company is carrying on a regulated business in The Bahamas for any reason as provided under the regulatory laws or any other law: CWUA Act, s. 190(1)(d) and s.190(4).

    7.4.    Under the CWUA Act, this Honourable Court may make an order winding up a company on the application of the Petitioner if the company is insolvent and a company is insolvent if it is unable to pay its debts as they fall due or the value of the company's liabilities exceeds its assets: CWUA Act s. 186(c) and s.187.

    7.5.    Also, a company is deemed to be unable to pay its debts if it is proved to the satisfaction of the court that the company is unable to pay its debts: s.188(c).

    7.6.    The Petitioner believes that FTX Digital is insolvent for the reasons set out in the affidavit of Christina R. Rolle sworn on 10th November 2022.

8. There are other additional or alternative grounds on which a winding up order is sought to be made by this Honourable Court as follows:

8.1.    On 10 November 2022 the Commission suspended FTX Digital's licence. The CWUA Act, s.186(4) authorises the Commission to petition for the winding up of a company over which it has regulatory authority and whose licence has been suspended.

8.2.    Further, the DARE Act, s.24 requires FTX Digital to act honestly and fairly, to act with due care and diligence, observe and maintain a high standard of professional conduct and maintain adequate financial resources and solvency. The affidavit of Christina R. Rolle evidences that these duties have been breached. The DARE Act, s.46(1)(f) permits the Commission to apply to this Honourable Court for an order to take such action as the Commission considers necessary to protect the interests of clients or creditors of a regulated company. The Commission considers that it is necessary to take action by presenting a winding up petition and obtaining the appointment of a provisional liquidator.  In light of the wide power afforded to the Commission by CWUA Act s.190(1)(d) and s.190(4), a petition can be presented where the DARE Act has been breached. The fact that FTX Digital is not complying with its duties under the DARE Act constitutes sufficient and alternative grounds for a winding up order to be made.

## **Appointment of Provisional Liquidator**

9.    The Petitioner also seeks an immediate order that a provisional liquidator be appointed in respect of FTX Digital, the order to continue until further order of this Honourable Court.

10.    The grounds for the appointment of a provisional liquidator as required by the CWUA Act, s.199 are:

10.1.    There is a prima facie case for making a winding up order: CWUA Act s.199(2)(a) and

10.2.    The appointment of a provisional liquidator is necessary: CWUA Act s.199(2)(b) –

(i)     To prevent the dissipation or misuse of the company's assets; and/or

(ii)    To prevent mismanagement or misconduct on the part of the company's directors; and/or

(iii)   In the public interest.

11.     It is proposed that Mr. Brian Cecil Simms KC of 3 Bayside Executive Park, Nassau, N.P., The Bahamas be appointed as a provisional liquidator of FTX Digital pending the determination of the Petition.

12.     The purpose of such an appointment is to protect the interests of investors and creditors of FTX Digital and the wider public interest in the orderly and secure management of the business of digital and crypto assets in the Commonwealth of the Bahamas pending the determination of the Petition

13.     For the reasons set out above the Petitioner makes this application for FTX Digital to be wound up on the following grounds:

         13.1.     That FTX Digital is insolvent: CWUA Act, s.186(b)

         13.2.     That it is just and equitable that FTX Digital be wound up: CWUA Act, s.186(e)

         13.3.     That FTX Digital's licence has been revoked: CWUA Act, s.186 (f)

**AND YOUR PETITIONER** therefore humbly prays that:

     **i.**   FTX Digital be wound up in accordance with the Companies (Winding Up Amendment) Act, 2011.

     **ii.**   Mr. Brian Simms KC of 3 Bayside Executive Park, Nassau, N.P., The Bahamas be appointed as provisional liquidator of FTX Digital forthwith pending the determination of the Petition.

     **iii.**   All costs incurred by Mr. Brian Simms KC, and his advisors to date, if any, shall be costs in the winding-up; and

     **iv.**   Such further Order or directions as the Court thinks fit.

**AND YOUR PETITIONER** will ever pray.

DATED this 10th day of November A.D., 2022

*Securities Commission of The Bahamas*
**Securities Commission of The Bahamas**
2nd Floor Poinciana House,
North Building
31A East Bay Street
Nassau, N.P., The Bahamas

**NOTE:** This petition is intended to be served on FTX Digital and Samuel Bankman-Fried whose last known address is Nassau, N.P., The Bahamas.

This Petition was presented by the Securities Commission of The Bahamas whose address for service is **Securities Commission of The Bahamas** 2nd Floor Poinciana House, North Building, 31A East Bay Street.

### NOTICE OF HEARING

**TAKE NOTICE THAT** the hearing of this petition will take place at the Supreme Court in the city of Nassau on the Island of New Providence one of the Islands of the Commonwealth of The Bahamas on the **10th** day of **February** A.D., 2023 at **10** o'clock in the fore-noon.

Any correspondence or communication with the Court relating to the hearing of this petition should be addressed to the Registrar of the Commercial Division of the Supreme Court at Nassau, The Bahamas.

**COMMONWEALTH OF THE BAHAMAS**

**IN THE SUPREME COURT**

**Commercial Division**

**IN THE MATTER OF the Digital Assets and
Registered Exchanges Act, 2020 (as amended)**

**AND IN THE MATTER OF
FTX DIGITAL MARKETS LTD.**
(A Registered Digital Asset Business)

**AND IN THE MATTER OF the
Companies (Winding Up Amendment) Act, 2011**

---

**PETITION**

---

2022
COM/com

*Securities Commission of The Bahamas*
**Securities Commission of The Bahamas**
2nd Floor Poinciana House,
North Building
31A East Bay Street
Nassau, N.P., The Bahamas

# **EXHIBIT 3**

COMMONWEALTH OF THE BAHAMAS                              2022

IN THE SUPREME COURT                                    COM/com/

COMMERCIAL DIVISION

IN THE MATTER OF the Digital Assets and Registered Exchanges Act,
2020 (as amended)

AND IN THE MATTER OF the Companies (Winding Up Amendment) Act, 2011

AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.
(A Registered Digital Asset Business)

---

ORDER FOR APPOINTMENT OF
PROVISIONAL LIQUIDATOR

---

**Before His Lordship, the Honourable Mr. Chief Justice Ian Winder**

**Dated** the 10 day of **November, A.D., 2022**

**UPON THE APPLICATION** by an unfiled Summons for Directions dated 10th November 2022 on behalf of the Petitioner/Application, the Securities Commission of The Bahamas **("the Applicant")** for an Order that Mr. Brian Cecil Simms KC be appointed provisional liquidator of FTX Digital Markets Ltd. **("the Company")**.

**AND UPON HEARING** Mr. Gladstone Brown of Counsel for the Applicant, and Mrs. Sophia T. Rolle-Kapousouzoglou with Mr. Valdere J. Murphy of Counsel for the proposed liquidator.

**AND UPON** reading the unfiled Petition of the Applicant.

**AND UPON READING** the unfiled Affidavit of Christina Rolle, Executive Director of the Securities Commission of The Bahamas and the unfiled Affidavit of Brian Cecil Simms KC.

**AND UPON** the Applicant undertaking by its counsel to pay any damage suffered by the Company, as a result of this order and/or the appointment of a provisional liquidator in the event that the winding up petition is ultimately withdrawn or dismissed.

**AND UPON COUNSEL** for the Applicant giving an undertaking to file the aforementioned unfiled Petition, Summons for Directions, Affidavit of Christina Rolle and Affidavit of Brian Simms KC as soon as reasonably practicable.

**IT IS HEREBY ORDERED** that: -

1. Mr Brian Cecil Simms KC of 3 Bayside Executive Park, West Bay Street and Blake Road, Nassau, N.P., The Bahamas be appointed provisional liquidator of the Company **("the Provisional Liquidator")**.

2. The Provisional Liquidator is hereby authorised to take any action that he considers fit under the Companies (Winding Up Amendment) Act 2011 **("the Act")**, section 199(4) to maintain the value of the assets owned or managed by the Company or to carry out the functions for which he was appointed including,

   a. with the sanction of the court, those powers contained in Part I of the Fourth Schedule of the Act; and
   b. with or without that sanction the exercise of the general powers specified in Part II of the Fourth Schedule of the Act.

3. For the avoidance of doubt, the above-mentioned powers include a power to dispense with the services of the directors and other management of the Company, but the exercise of that power is without prejudice to the duties of the directors and officers under section 230 of the Act.

4. Until further order the Company's directors have no further authority to act or exercise any functions for or on behalf of the Company unless expressly instructed to do so in writing by the Provisional Liquidator.

5. Until further order of this Court the Provisional Liquidator is directed to take all and any necessary steps that he considers fit to protect the assets of the Company wheresoever situate including any assets held on trust by the Company.

6. The remuneration and expenses of the Provisional Liquidator shall be paid out of the assets of the Company in any event.

7. The Winding-Up Petition shall be adjourned to the 10th February 2022 at 10:00am.

8. The Affidavits of Christina Rolle and Brian Cecil Simms KC and other documents to be filed herein save for the petition, and provisional liquidation order shall be sealed and kept confidential until the return date which is set for 10th February 2023 or until further Order.


**BY ORDER OF THE COURT**



**REGISTRAR**

*This Order was drawn up by the Securities Commission of The Bahamas, 2nd Floor Poinciana House, North Building, 31A East Bay Street, Nassau, N.P., The Bahamas, Attorneys for the Petitioner/Applicant*

**<u>PENAL NOTICE</u>**

**IF YOU FTX DIGITAL MARKETS LTD., WHETHER BY ITSELF, ITS DIRECTORS, EMPLOYEES, SERVANTS, AGENTS OR OTHERWISE DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED.**

**ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS THE BREACH OF THE TERMS OF THIS ORDER MAY ALSO BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED.**

# COMMONWEALTH OF THE BAHAMAS

# IN THE SUPREME COURT

## Commercial Division

**IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020 (as amended)**

**AND IN THE MATTER OF**
**FTX DIGITAL MARKETS LTD.**
(A Registered Digital Asset Business)

**AND IN THE MATTER OF the Companies (Winding Up Amendment) Act, 2011**

---

**ORDER FOR APPOINTMENT OF PROVISIONAL LIQUIDATOR**

---

2022
COM/com

**Securities Commission of The Bahamas**
2nd Floor Poinciana House,
North Building
31A East Bay Street
Nassau, N.P., The Bahamas
*Attorneys for the Petitioner/Applicant*

# EXHIBIT 4



# EXHIBIT 5

Securities Commission of The Bahamas

Poinciana House
North Building, 2nd Floor
31A East Bay Street
P.O. Box N-8347
Nassau, The Bahamas

# MEDIA RELEASE

Contact: Executive Director
Christina Rolle
242-397-4100

FOR IMMEDIATE RELEASE

### Securities Commission Statement on Transfer Motion
### In FTX Digital Markets Chapter 15 Proceedings

*Nassau, The Bahamas, Wednesday 23 November 2022* -  The Securities Commission of The Bahamas ("the Commission") issues the following statement with respect to certain remarks made by FTX Trading Ltd. and certain of its affiliates, in connection with their motion to transfer the venue (the "Transfer Motion") of the Chapter 15 proceedings of FTX Digital Markets Ltd. ("FDM") that were commenced to assist the provisional liquidators appointed by the Supreme Court of The Bahamas in the discharge of their duties with respect to FDM.

FDM was incorporated in the Commonwealth of The Bahamas on 22 July 2021; it was duly registered as a digital asset business under The Bahamas' Digital Assets and Registered Exchanges Act, 2020 (the "DARE Act").

Pursuant to Bahamas law, on 10 November 2022, the Commission determined that the customers and creditors of FDM were in need of the protection of the DARE Act, and suspended FDM's license to conduct business and subsequently filed a petition before the Bahamian Supreme Court to place FDM into provisional liquidation. This action – the first commenced globally against an FTX entity – placed FDM under the control of a court-appointed fiduciary and removed prior management from exercising any authority over FDM.

Given the nature of digital assets, and the risks associated with hacking and compromise, the Commission determined that placing FDM into liquidation was not sufficient to protect the customers and creditors of FDM. Accordingly, on 12 November 2022, the Commission sought an additional Order from the Supreme Court of The Bahamas for authority under the DARE Act to transfer all digital assets of FTX into digital wallets under the exclusive control of the Commission for the benefit of clients and creditors of FDM.

It is unfortunate that in Chapter 11 filings, the new CEO of FTX Trading Ltd. misrepresented this timely action through the intemperate and inaccurate allegations lodged in the Transfer Motion. It is also concerning that the Chapter 11 debtors chose to rely on the statements of individuals they have (in other filings) characterized as unreliable sources of information and potentially "seriously compromised."

Further, the statements made by the purported officers of FTX Trading Ltd. and the other purported Chapter 11 debtors – that they have suffered significant thefts, that their systems were compromised, and that they continue to face new hacking attempts – reinforces the wisdom of the Commission's prompt action to secure these digital assets.

The Commission will continue to evaluate the situation, continue to act in accordance with directions issued by the Supreme Court of The Bahamas, collaborate with other supervisory authorities and take such further actions as needed to preserve the assets of FDM and to safeguard the interests of customers and creditors of FDM.

In addition, the Commission will continue to investigate the facts and circumstances regarding FTX's liquidity crisis and any potential violations of Bahamian law and hold any responsible companies and individuals accountable, in cooperation with other regulatory agencies and law enforcement both in The Bahamas and in other affected countries in connection with their own investigations. The Commission also looks forward to continuing to cooperate with the authorities in other jurisdictions to ensure the cooperative and vigorous resolution of all necessary proceedings to effectuate those ends.

###

**Editor's Information:**

**1. The Securities Commission of The Bahamas (the Commission) is a statutory body established in 1995 pursuant to the Securities Board Act, 1995. That Act has since been repealed and replaced by new legislation.**

**2. The Commission's mandate is defined in the Securities Industry Act, 2011 (SIA, 2011).**

**3. The Commission is responsible for the administration of the SIA, 2011 and the Investment Funds Act, 2019 (IFA), which provides for the supervision and regulation of the activities of the investment funds, securities and capital markets.**

**4. The Commission is responsible for the administration of the Financial and Corporate Service Providers Act, 2020.**

**5. The Commission is responsible for the administration of the Digital Assets and Registered Exchanges Act, 2020.**

**6. The Commission is responsible for the administration of the Carbon Credit Trading Act, 2022.**

**7. The functions of the Commission are to:**

- **advise the Minister on all matters relating to the capital markets and its participants;**
- **maintain surveillance over the capital markets and ensure orderly, fair and equitable dealings in securities;**
- **foster timely, accurate, fair and efficient disclosure of information to the investing public and the capital markets;**
- **protect the integrity of the capital markets against any abuses arising from financial crime, market misconduct and other unfair and improper practices;**
- **promote an understanding by the public of the capital markets and its participants and the benefits, risks, and liabilities associated with investing;**

- **create and promote conditions that facilitate the orderly development of the capital markets; and**
- **perform any other function conferred or imposed on it by securities laws or Parliament (SIA, 2011, s.12).**

# EXHIBIT 6

Securities Commission of The Bahamas

Poinciana House
North Building, 2nd Floor
31A East Bay Street
P.O. Box N-8347
Nassau, The Bahamas

# MEDIA RELEASE

Contact: Executive Director                                      FOR IMMEDIATE RELEASE
Christina Rolle
242-397-4100

## Securities Commission of The Bahamas Seeks
## Court Direction Regarding Disclosure of Information

*Nassau, The Bahamas, Thursday, 29 December 2022* – On 29 December 2022, the Securities Commission of The Bahamas ("Commission") announced that it applied for directions from the Bahamian Supreme Court ("Court") in light of the dispute between the court-appointed Joint Provisional Liquidators ("JPLs") of FTX Digital Markets Ltd ("FTXDM") and the US Debtors over the JPLs' rights of access to the records of FTXDM. The Commission requested the Court's direction as to whether information respecting the digital assets in the secure digital wallets established by the Commission may be provided to the US Debtors representatives. On the same day, the Court entered an order ("Order") affirming that the Commission may only lawfully provide assistance to a domestic regulatory authority, or overseas regulatory authority. The Order further indicated that the JPLs may cooperate with, and provide information to, the US Debtors by sharing with their representatives, in a highly confidential manner, certain information respecting the digital assets being held in the secure digital wallets established by, and under the control of, the Commission.

As part of the above request, the Commission filed with the Court a Third Affidavit of Christina R. Rolle, Executive Director of the Commission, which sets out in detail the manner in which the Commission has exercised its regulatory powers in relation to FTXDM, and provides a detailed chronology of the protective actions the Commission has taken to date in connection with the insolvency of FTXDM.

Relevant actions include the suspension of FTXDM's registration under the Digital Assets and Registered Exchanges Act, 2020 ("the DARE Act") on 10 November 2022, and placing FTXDM into immediate involuntary provisional liquidation. The Commission acted promptly upon assessing known information regarding FTXDM's liquidity crisis, in the exercise of its obligation to "protect the public" under section 19(3) of the DARE Act.  This action – the first commenced globally against an FTX entity – placed FTXDM under the control of a court-appointed fiduciary and removed prior management from exercising any authority over FTXDM.

As indicated on the 12 November 2022 media release titled 'Securities Commission Addresses FTX Statement on Bahamian Withdrawals', The Commission did not in any way direct, authorize or suggest to FTXDM the prioritization of withdrawals for Bahamian clients. The Commission further noted that such transactions may be characterized as voidable preferences under the insolvency regime and consequently result in clawing back funds from Bahamian customers.

1

Based on information provided by Sam Bankman-Fried to the Commission concerning the cyberattacks that took place on the systems of FTXDM, the restricted access by the employees of FTXDM to its AWS system, and other available information, the Commission determined that there was a significant risk of imminent dissipation as to the digital assets under the custody or control of FTXDM to the prejudice of its customers and creditors. As a result, in the exercise of its regulatory powers, the Commission requested and obtained a Court order to safeguard the digital assets owned by or under the custody or control of FTXDM or its principals by transferring them to secure digital wallets under the exclusive control the Commission. Accordingly, on 12 November 2022, the Commission, in the exercise of its powers as regulator acting under the authority of an Order made by the Supreme Court of The Bahamas, took the action of directing the transfer of all digital assets of under the custody or control of FTXDM or its principals, valued at more than US$3.5 billion, based on market pricing at the time of transfer, to digital wallets controlled by the Commission, for safekeeping. While certain token protocols may require the burning of old tokens and the simultaneous minting of new replacement tokens to effect transfer, in no case, did the process involve the creation of any additional tokens.

In order to promote the protection and security of the assets being held by the Commission for the customers and creditors of FTXDM the above steps were conducted under a sealing order requested by the Commission and granted by the Supreme Court of The Bahamas on 16 November 2022.

The digital assets transferred on 12 November 2022 to digital wallets under the exclusive control the Commission are being held by the Commission on a temporary basis, until such time as The Bahamas Supreme Court directs the Commission to deliver them to the customers and creditors who own them, or to the JPLs to be administered under rules governing the insolvency estate for the benefit of the customers and creditors of FTXDM.

The Commission has consistently taken necessary steps to protect FTXDM customers and creditors as well as the public interest when discharging its duties duly backed by a solid regulatory regime within The Bahamas and international treaties, as well as sound regulatory practices and policies that promote consumer confidence and protections.

The Commission will continue to conduct a comprehensive and diligent investigation into the causes of FTX's failure, act in accordance with directions issued by the Supreme Court of The Bahamas, collaborate with other supervisory authorities, and take such further actions as needed to preserve the assets of FTXDM and to safeguard the interests of customers and creditors of FTXDM.

The Third Affidavit of Christina R. Rolle, Executive Director of the Securities Commission of The Bahamas, and Order issued by the Bahamian Supreme Court may be viewed at: https://www.scb.gov.bs/wp-content/uploads/2022/12/Third-Affidavit-of-Christina-Rolle-filed-on-29Dec22.pdf and https://www.scb.gov.bs/wp-content/uploads/2022/12/Order-of-Hon-CJ-Winder-29Dec22.pdf .

Prior releases issued by the Securities Commission of The Bahamas may be viewed at: https://www.scb.gov.bs/media/newsroom/media-releases/.

###

**Editor's Information:**

1. The Securities Commission of The Bahamas (the Commission) is a statutory body established in 1995 pursuant to the Securities Board Act, 1995. That Act has since been repealed and replaced by new legislation.

2. The Commission's mandate is defined in the Securities Industry Act, 2011 (SIA, 2011).

3. The Commission is responsible for the administration of the SIA, 2011 and the Investment Funds Act, 2019 (IFA), which provides for the supervision and regulation of the activities of the investment funds, securities and capital markets.

4. The Commission is responsible for the administration of the Financial and Corporate Service Providers Act, 2020.

5. The Commission is responsible for the administration of the Digital Assets and Registered Exchanges Act, 2020.

6. The Commission is responsible for the administration of the Carbon Credit Trading Act, 2022.

7. The functions of the Commission are to:

- advise the Minister on all matters relating to the capital markets and its participants;
- maintain surveillance over the capital markets and ensure orderly, fair and equitable dealings in securities;
- foster timely, accurate, fair and efficient disclosure of information to the investing public and the capital markets;
- protect the integrity of the capital markets against any abuses arising from financial crime, market misconduct and other unfair and improper practices;
- promote an understanding by the public of the capital markets and its participants and the benefits, risks, and liabilities associated with investing;
- create and promote conditions that facilitate the orderly development of the capital markets; and
- perform any other function conferred or imposed on it by securities laws or Parliament (SIA, 2011, s.12).

# EXHIBIT 7

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 13, 2022

Via Courier and E-Mail

The Securities Commission of The Bahamas
Poinciana House
North Building, 2nd Floor 31A
East Bay Street
P.O. Box N-8347
Nassau, The Bahamas
info@scb.gov.bs

Mr. Brian Simms, K.C.
Provisional Liquidator of FTX Digital Markets Ltd.
3 Bayside Executive Park
West Bay Street & Blake Road
PO Box N-4875
Nassau, The Bahamas
bsimms@lennoxpaton.com

Re:    Automatic Stay of Actions and Proceedings against FTX Trading Ltd. and
its Affiliated Debtors as a Result of the Commencement of U.S. Chapter
11 Proceedings

Ladies and Gentlemen:

We write on behalf of FTX Trading Ltd. and its affiliates listed in the exhibit
hereto (collectively, "FTX Debtor Entities") in our capacity as their proposed U.S. legal counsel.
As we believe you are aware, on November 11, 2022, the FTX Debtor Entities filed voluntary
petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy
Code"), commencing proceedings before the United States Bankruptcy Court for the District of
Delaware (such Court, the "Bankruptcy Court" and such proceedings, collectively, the "Chapter
11 Proceedings").[1]

---

[1]      *See FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.), D.I. 1.  It is expected that the
Chapter 11 Proceedings will be jointly administered for procedural purposes only.  As a result, all

As a result of the commencement of the Chapter 11 Proceedings, the FTX Debtor Entities are protected by the automatic stay of Section 362 of the Bankruptcy Code.  11 U.S.C. § 362.  The automatic stay enjoins all persons, including without limit, all U.S. and non-U.S. governmental units, from, among other things:  (1) commencing or continuing any judicial, administrative, or other action or proceeding against any FTX Debtor Entity that was or could have been initiated before the commencement of the Chapter 11 Proceedings; (2) enforcing, against any FTX Debtor Entity, a judgment obtained before the commencement of the Chapter 11 Proceedings; (3) taking any action to obtain possession of, or exercise control over, property of any FTX Debtor Entity, where property is expansively defined under Section 541 of the Bankruptcy Code to include, among other things, tangible and intangible assets (11 U.S.C. § 541); (4) taking any action to create, perfect, or enforce against property of any FTX Debtor Entities any lien to the extent that such lien secures a claim that arose before the commencement of the Chapter 11 Proceedings; and (5) taking any action to collect, assess, or recover a claim against any FTX Debtor Entity that arose before the commencement of Chapter 11 Proceedings.

Please be advised that the protections under the automatic stay apply extraterritorially (*i.e.*, outside the United States), extending to property of the FTX Debtor Entities wherever they are located and by whomever held.  *See, e.g., Hong Kong & Shanghai Banking Corp., Ltd.* v. *Simon* (*In re Simon*), 153 F.3d 991, 996 (9th Cir. 1998) ("Congress intended extraterritorial application of the Bankruptcy Code as it applies to property of the estate"); *SIPC* v. *Bernard L. Madoff Inv. Sec. LLC* (*In re Bernard L. Madoff Inv. Secs. LLC*), 474 B.R. 76, 84 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Nakash* v. *Zur* (*In re Nakash*), 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("[B]ased upon the applicable Code sections [and] other indicia of congressional intent, . . . the automatic stay applies extraterritorially").  As such, these protections extend to any property of the FTX Debtor Entities located in the Bahamas.

Violations of the automatic stay can result in damages, sanctions and penalties, which will be sought as and when necessary.  If you have any questions, including with respect to the legal positions that the FTX Debtor Entities might assert in the Chapter 11 Proceedings with respect to the automatic stay protection, you may direct them to the undersigned by email at bromleyj@sullcrom.com or gluecksteinb@sullcrom.com.

Sincerely,

*/s/ James L. Bromley*
James L. Bromley

*/s/ Brian D. Glueckstein*
Brian D. Glueckstein

cc:    John J. Ray III
       (FTX Trading Ltd.)

---

pleadings and papers will be filed in the docket of the above-captioned case and such docket should be consulted for all matters affecting the Chapter 11 Proceedings.

**Exhibit**

**List of Debtors-in-Possession in U.S. Chapter 11 Proceedings**

1. Alameda Aus Pty Ltd
2. Alameda Global Services Ltd.
3. Alameda Research (Bahamas) Ltd
4. Alameda Research Holdings Inc.
5. Alameda Research KK
6. Alameda Research LLC
7. Alameda Research Ltd
8. Alameda Research Pte Ltd
9. Alameda Research Yankari Ltd
10. Alameda TR Ltd
11. Alameda TR Systems S. de R. L.
12. Allston Way Ltd
13. Analisya Pte Ltd
14. Atlantis Technology Ltd.
15. Bancroft Way Ltd
16. Blockfolio, Inc.
17. Blue Ridge Ltd
18. Cardinal Ventures Ltd
19. Cedar Bay Ltd
20. Cedar Grove Technology Services, Ltd
21. Clifton Bay Investments LLC
22. Clifton Bay Investments Ltd
23. Cottonwood Grove Ltd
24. Cottonwood Technologies Ltd.
25. Crypto Bahamas LLC
26. DAAG Trading, DMCC
27. Deck Technologies Holdings LLC
28. Deck Technologies Inc.
29. Deep Creek Ltd
30. Digital Custody Inc.
31. Euclid Way Ltd
32. FTX (Gibraltar) Ltd
33. FTX Canada Inc
34. FTX Certificates GmbH
35. FTX Crypto Services Ltd.
36. FTX Digital Assets LLC
37. FTX Digital Holdings (Singapore) Pte Ltd
38. FTX EMEA Ltd.
39. FTX Equity Record Holdings Ltd
40. FTX EU Ltd.
41. FTX Europe AG
42. FTX Exchange FZE
43. FTX Hong Kong Ltd
44. FTX Japan Holdings K.K.
45. FTX Japan K.K.
46. FTX Japan Services KK
47. FTX Lend Inc.
48. FTX Marketplace, Inc.
49. FTX Products (Singapore) Pte Ltd
50. FTX Property Holdings Ltd
51. FTX Services Solutions Ltd.
52. FTX Structured Products AG
53. FTX Switzerland GmbH
54. FTX Trading GmbH
55. FTX Trading Ltd.
56. FTX Turkey Teknoloji Ve Ticaret Anonim Şirket
57. FTX US Services, Inc.
58. FTX US Trading, Inc.
59. FTX Ventures Ltd
60. FTX Zuma Ltd
61. GG Trading Terminal Ltd
62. Global Compass Dynamics Ltd.
63. Good Luck Games, LLC
64. Goodman Investments Ltd.
65. Hannam Group Inc
66. Hawaii Digital Assets Inc.
67. Hilltop Technology Services LLC
68. Hive Empire Trading Pty Ltd
69. Innovatia Ltd
70. Island Bay Ventures Inc
71. Killarney Lake Investments Ltd
72. Ledger Holdings Inc.
73. Ledger Prime LLC
74. LedgerPrime Bitcoin Yield Enhancement Fund, LLC
75. LedgerPrime Bitcoin Yield Enhancement Master Fund LP
76. LedgerPrime Digital Asset Opportunities Fund, LLC
77. LedgerPrime Digital Asset Opportunities Master Fund LP
78. LedgerPrime Ventures, LP
79. Liquid Financial USA Inc.
80. Liquid Securities Singapore Pte Ltd
81. LiquidEX LLC
82. LT Baskets Ltd.
83. Maclaurin Investments Ltd.
84. Mangrove Cay Ltd
85. North Dimension Inc
86. North Dimension Ltd
87. North Wireless Dimension Inc
88. Paper Bird Inc
89. Pioneer Street Inc.
90. Quoine India Pte Ltd
91. Quoine Pte Ltd
92. Quoine Vietnam Co. Ltd
93. SNG Investments Yatirim Ve Danişmanlik Anonim Şirketi
94. Strategy Ark Collective Ltd.
95. Technology Services Bahamas Limited
96. Verdant Canyon Capital LLC
97. West Innovative Barista Ltd.
98. West Realm Shires Financial Services Inc.
99. West Realm Shires Services Inc.
100. Western Concord Enterprises Ltd.
101. Zubr Exchange Ltd

**EXHIBIT 8**



125 Broad Street
FTX Mail Room, 32nd Floor
New York, NY  10004
www.ftx.com

November 27, 2022

The Honorable Philip Davis KC, MP
Office of the Prime Minister
Commonwealth of the Bahamas

The Honorable Ryan Pinder KC
Office of the Attorney General
Commonwealth of the Bahamas

Re:  The FTX Global Debtors

Dear Prime Minister Davis and Attorney General Pinder:

I write to you as the Chief Restructuring Officer and CEO of the 102 companies in the FTX Group that are debtors-in-possession (the "FTX Global Debtors") under chapter 11 of title 11 of the United States Code (the "Chapter 11") in the United States Bankruptcy Court for the District of Delaware (respectively, the "Bankruptcy Court" and the "Chapter 11 Proceedings").  I assumed these positions in the early morning hours of November 11, 2022.  Prior to assuming these positions, I had no relationship of any sort with any FTX company, with Mr. Bankman-Fried, Mr. Wang, Mr. Singh or any other officer or director of any FTX company.  I have served as CRO or CEO of many complex, multinational organizations, including, among others Enron, Nortel (US) and Overseas Shipholding Group.  My first official act related to the FTX Global Debtors was to order the commencement of the Chapter 11 Proceedings.  Given that the Securities Commission of the Bahamas had commenced a provisional liquidation against FTX Digital Markets Ltd. ("FTX Digital Markets") on November 10, 2022, no chapter 11 petition was filed with respect to FTX Digital Markets.

The abrupt failure of the FTX Group has shocked the financial world in general and the world of cryptocurrency more specifically.  Within a matter of days, millions of parties around the world went from being customers, employees, and suppliers of the FTX Group to being creditors holding billions of dollars of claims against companies in the FTX Group.  Among those creditors are the Government of the Bahamas and many Bahamian citizens.

In the early chaotic days following FTX's fall, the speed of events unfortunately did not allow your team and mine to coordinate appropriately.  This, I believe, resulted in potential misunderstandings concerning our respective obligations to secure the assets of the FTX Group under our respective control.  I write to you today to open a new line of communication so that we can collectively move forward on a coordinated basis recognizing that we both owe duties to our respective creditors.

I believe that the Government of the Bahamas and Bahamian citizens are important



125 Broad Street
FTX Mail Room, 32nd Floor
New York, NY  10004
www.ftx.com

stakeholders in the global restructuring effort.  To that end, I would like to speak with you at your earliest convenience about how the Government of the Bahamas can participate directly and meaningfully in the Chapter 11 Proceedings on behalf of itself and Bahamian citizens in general.  This sort of participation by non-US governmental actors has occurred in other cross-border restructurings with great success.  For example, in the Eastman Kodak Chapter 11 proceeding, the UK's Pension Regulator served on the Official Creditors Committee playing an important role in those Chapter 11 cases.

I believe that direct participation by the Bahamas in the Chapter 11 Proceedings will be far more promising for all Bahamian stakeholders than the independent pursuit of a stand-alone liquidation of FTX Digital Markets under Bahamian law.  This is particularly true where there is mutual recognition (and coordination) of the Chapter 11 Proceedings and the liquidation of FTX Digital Markets in both jurisdictions.

Chapter 11 is a uniquely powerful statute.  It is wholly transparent.  It is overseen by a specialized judiciary comprised of sophisticated former practitioners.  It is widely recognized by courts across multiple jurisdictions.  It allows assets around the world to be sold in open auction settings for the highest prices.  It provides a global platform for the potential reorganization of elements of the FTX business that may survive as well as the ability to raise capital from international investors.  It allows for the prioritization of certain creditor recoveries, which may benefit Bahamian creditors in particular.  Chapter 11 provides powerful investigation tools and the opportunity for the various U.S. and non-U.S. law enforcement and regulatory agencies that are investigating FTX to interact more efficiently.  And, finally, Chapter 11 respects non-U.S. substantive and regulatory law both in connection with claims made against the FTX Global Debtors, as well as with respect to any issues presented by the wind-down, sale or reorganization of any of the FTX businesses.

I would like to discuss the important leadership role the Bahamas might play in our Chapter 11 Proceedings at your earliest convenience.  I would be pleased to travel to Nassau with my advisory team to meet with you both and any other appropriate members of the Government you believe would be helpful to our conversations.

Very truly yours,

John J. Ray III

2

# EXHIBIT 9

12/10/22, 5:15 PM

Case 22-11068-JTD   Doc 336-1   Filed 12/30/22   Page 82 of 153

National Address on Behalf of The Government of The Bahamas on the Developments of FTX in The Bahamas - Government - ...

Login | e-Services | FAQ's | Customer Service

Search    Go

Advanced Search

Government    Businesses    Citizens and Residents    Non-Residents    Agencies

All News, Press Releases >
National Address on Behalf of The Government of The Bahamas on the Developments of FTX in The Bahamas

**e-Services**

**Forms**

GOVERNMENT

Agency Sites

Services

Permits and Licences

About The Bahamas

The Government

Business and Finance

Value Added Tax (VAT)

Government Tender and Projects

National Budget

Bills, Laws and Acts

International Agreements

Memoranda of Understanding

Resources

News and Press Releases

### Notices



**SERZ Order Notice**
see details...



**PMH Blood Bank Resumes Voluntary Donations & Issues Urgent Appeal for Donations Over the Holidays**
see details...

All Notices

Contacts | Feedback | Bookmark



Press Release

**National Address on Behalf of The Government of The Bahamas on the Developments of FTX in The Bahamas**

Authored by:  Bahamas Information Services
Source:  Bahamas Information Services
Date:  November 27, 2022

Senator Ryan Leo Pinder Attorney General Commonwealth of The Bahamas

November 27, 2022

Good Evening, Ladies and Gentlemen.

Thank you for joining me this evening as I offer a National Statement on behalf of The Government of The Commonwealth of the Bahamas, on the current situation regarding FTX Digital Markets Limited.

As Attorney-General and Minister of Legal Affairs, I wish to start by asserting one of the most fundamental principles of our jurisdiction.

The Bahamas is a place of laws.

The rule of law, and the exercise of due process, characterise the integrity of our jurisdiction.

As the third-oldest democracy in the western hemisphere, our legal, regulatory and financial sectors have stood the test of time.

Tonight, while I speak on behalf of The Government, it is in fact The Securities Commission of The Bahamas which is the lead actor in respect of the present situation, as they are the statutory regulator of companies like FTX Digital Markets, who operate in the digital asset space.

To date, The Securities Commission has issued two significant statements concerning the provisional liquidation proceedings involving FTX, and other related matters.

I encourage you all to read those statements for yourselves, as they are definitive accounts of the known facts, and the application, of the relevant laws and regulatory regime in relation to FTX.

These statements should be also read in conjunction with the Communication made to The House of Assembly by Prime Minister Davis on November 22 nd , also concerning FTX Digital Markets.

While cryptocurrency and digital assets are part of a new and complex industry, on a basic level, recent events involving the insolvency crisis experienced by the FTX group of companies have been experienced around the world in practically every sector.

To that extent, what happened can be more readily understood as a case of a very large business failure as a result of questionable internal management practices and corporate governance.

## Recent Events

Given how quickly things have moved, it is hard to believe that it was only 25 days ago, on November 2 nd , that an article first appeared on the news site CoinDesk, with the details of a leaked financial statement of Alameda Research, a trading company also

founded by Sam Bankman-Fried.

I want to pause here to emphasize that among the over 100 companies located in dozens of jurisdictions around the world, FTX Digital Markets is the only entity regulated in The Bahamas. Alameda Research is NOT regulated in The Bahamas.

To the extent Alameda Research is found to have committed any improprieties in The Bahamas, then of course it will be subject to our jurisdiction.

The balance sheet of Alameda Research, CoinDesk reported at that time, revealed that a large portion of their assets were held in FTT, a token issued by an FTX entity, that granted token holders a discount on trading fees.

Four days later, on November 6 th , Binance, a crypto exchange that is a major rival to FTX, announced that it was selling off all its substantial holdings in the FTT token.

This announcement prompted a large number of FTX investors to withdraw hundreds of millions of dollars in digital assets from FTX – causing a liquidity crunch. In short, FTX was experiencing the equivalent of a "run on the bank", when customers all rush to withdraw assets simultaneously.

Two days later, on November 8 th , it was reported that Binance had entered a non- binding agreement to buy FTX.

However, the very next day, November 9 th , Binance pulled out of the deal.

One day later, November 10 2022, the Securities Commission of The Bahamas, announced that it had taken action to freeze the assets of FTX Digital Markets, had suspended the registration of FTX Digital Markets as a licensee under The Digital Assets and Registered Exchanges Act, also known as the "DARE Act", and applied to the Supreme Court of The Bahamas, pursuant to its regulatory authority under the DARE Act, to place the company into provisional liquidation.

The speed with which the Securities Commission was able to move was remarkable by any standard.

Over the course of eight days, market confidence was lost in a company which at one point had a $32 billion valuation.

The Securities Commission deserves the highest praise for moving so swiftly and decisively to suspend FTX Digital Markets' license and appoint provisional liquidators.

In addition, the Securities Commission recognized that given the nature of digital assets, and the risks associated with hacking and compromise, placing FTX Digital Markets into provisional liquidation was not sufficient to protect the customers and creditors of the company.

Therefore, pursuant to their authority under the DARE Act, and pursuant to an order of the Supreme Court of The Bahamas, the Securities Commission secured the assets of

FTX Digital Markets to be held on behalf of and for the benefit and restitution of clients and creditors of FTX.

12/10/22, 5:15 PM    National address on behalf of the government of The Bahamas on the development of FTX - Bahamas - Government - ...

Case 22-11068-JTD   Doc 336-1   Filed 12/30/22   Page 84 of 153

The Commission was the first regulator in the world to take significant steps with respect to the FTX group of companies, which has operations, and regulated activities throughout the world. This was done for the purpose of protecting the interests of FTX's customers and creditors, as well as the integrity of the Bahamian financial services industry.

The Securities Commission was able to move so quickly because of the strength of the legislative framework which was already in place in The Bahamas to regulate digital asset companies like FTX Digital Markets.

No other jurisdiction in the world moved or could have moved this quickly in circumstances such as these

It is important for me to share this summary of what took place, because over the last few weeks, the basic facts have been obscured by guessing games and rumours.

We understand the enormous interest in this story.

But as a government, we decided right away that what was most important was not to engage with speculation or gossip, but instead to proceed methodically and deliberately, in accordance with the exercise of due process and the rule of law.

As we have stated, we are in the early stages of an active and ongoing investigation. It is a very complex investigation: The structure and reach of FTX's activities are truly global, as they consist of over 100 companies located in dozens of jurisdictions.

As with any active inquiry, we seek to share updates in a way that does not compromise or constrain investigators.

And tonight, I can underscore that we believe that faith in The Bahamas as a responsible jurisdiction will only be strengthened as events continue to unfold.

## Legislative Framework:

The DARE Act

The digital assets industry is still in its infancy.

The emergence of any new industry will inevitably feature ups and downs, as innovators attempt to harness new technology to new applications.

Since the official launch of Bitcoin in January 2009 1 , the possibilities that digital assets, smart contracts, distributed ledger technology (or DLT) and fintech represented piqued interest across the financial and technology worlds.

Despite the rapid growth in the industry, by 2018 many jurisdictions had not introduced any legal or regulatory framework that specifically addressed digital assets. There are still no agreed-upon standards globally. Regulators around the world are still grappling with the issue of how to regulate digital assets.

There are a number of reasons for this, including the complexity of regulating the digital assets space, but most regulators actually lack the broad statutory mandate or legal scope to provide any regulation, or even legal clarity, on cryptocurrencies, digital assets and related businesses.

Digital assets are in use in jurisdictions across the world - in North America, in Central and South America, in Europe, in the Middle East, in Asia, in Africa, in the South Pacific. They are being utilized and traded in countries -- whether there is a regulatory framework in place or not.

The Bahamas decided that we needed to actively engage in this sector for two reasons: first, to take advantage of the strategic opportunity of this new sector; and second, to protect our existing financial services sector from the risks which unregulated activities connected with crypto-currency and other digital assets may bring about such as illicit financing.

The Bahamas, with significant expertise in international financial services regulation, decided we would not allow this activity in our jurisdiction without the establishment of a robust legal and

regulatory framework, reflective of the best practices observed in the industry and in compliance with the recommendations of global standards setters.

In 2020, The Bahamas enacted 'The Digital Assets and Registered Exchanges Act'. It remains a pioneering piece of legislation, recognized internationally as innovative and forward-thinking.

One example: earlier this year, Assistant United States Secretary of State for Western Hemisphere Affairs, Brian Nichols, noted that: "The Bahamas has long been an important financial center globally and it is pioneering responsible cryptocurrency regulation." 2

It is the provisions of 'The Dare Act' which gave the authority to the Securities Commission to act as quickly and decisively as it did in the case of FTX Digital Markets. Arrival of FTX in The Bahamas

So how did we get to this moment with FTX Digital Markets?

In July 2021, FTX Digital Markets was incorporated in The Bahamas, and registered as a digital asset business under The DARE Act.

https://thenassauguardian.com/us-confident-in-bahamas-commitment-to-cryptocurrency-regulations/

In September 2021, just over one year ago, the Securities Commission, after many months of prior engagement, approved FTX Digital Markets' licence to operate. FTX operated globally for over two years prior to coming to The Bahamas, having been headquartered previously in Hong Kong.

FTX Digital Markets quickly set about establishing a major presence in The Bahamas, buying properties, hiring and training Bahamian staff, and sponsoring a number of charitable and community ventures.

In many ways this behaviour was no different from that which we see from many of our corporate citizens.

Meanwhile, in the wider economy, inflation battered countries across the globe, leading to higher interest rates; the invasion of Ukraine added to the volatility of energy prices; and a broad range of tech companies slumped in the stock market and laid off tens of thousands of workers.

The international digital assets industry experienced a major downturn as well.

As Prime Minister Davis pointed out in his statement to Parliament: "There have been both booms and busts in the world of crypto, and this year has been a significant bust – with total market capitalization falling from $3 trillion to $800 billion or lower.

The steep sell-offs and declining volumes have led analysts to describe this time as a "crypto winter".

In the spring of this year, Terra/Luna, a stablecoin system collapsed, leading eventually to a wave of bankruptcies by crypto lending platforms, like Celsius, Three Arrows Capital and Voyager.

For a time, it appeared that FTX would bail out and acquire the assets of some of these distressed companies. But instead, FTX itself could not avoid the cascading failures and faced its own severe insolvency crisis.

Where Are We Now? So where are we now?

As I said at the outset, there is an active and ongoing investigation of the affairs of FTX Digital Markets, involving both civil and criminal authorities.

As is provided for under our regulatory framework, we are already working with a number of specialists and experts, and will continue to do so as the need arises.

Case 22-11068-JTD    Doc 336-1    Filed 12/30/22    Page 86 of 153

There are a number of protective measures which the regulator has taken under the authority conferred by the Supreme Court of The Bahamas.

For the time being, we will not set out those measures in any further detail, until we are confident that doing so will not jeopardise any aspect of the ongoing investigations.

We urge all authorities, here and abroad, at a minimum, to exercise at least the same amount of prudence and restraint in their public commentary as we do, so as not to prejudice the proceedings.

It is extremely regrettable that in Chapter 11 filings for bankruptcy protection made in New York last week, that the new Chief Executive of FTX Trading Ltd. – not the Bahamas-based FTX Digital Markets – but an affiliate company incorporated in Antigua and Barbuda -- misrepresented the timely action taken by the Securities Commission, and used inaccurate allegations lodged in the Transfer Motion to do so.

It is possible that the prospect of multi-million dollar legal and consultant fees is driving both their legal strategy and the intemperate statements. In any case, we urge prudence and accuracy in all future filings.

As for what comes next:

The Securities Commission, Financial Intelligence Unit, and the Financial Crimes Unit of the Royal Bahamas Police Force will continue to investigate the facts and circumstances regarding FTX's insolvency crisis, and any potential violations of Bahamian law.

They will hold accountable any responsible companies and individuals, and act in cooperation with other regulatory agencies and law enforcement bodies, both here in The Bahamas, and in other countries affected.

These events remind us of the lessons learned from securities and other financial regulation about the need for strong cross-border cooperation. The public worldwide will be best served by strong international regulatory cooperation.

That means more

jurisdictions taking up the challenge, following our lead, and implementing strong regulatory frameworks. We will, as we always do, cooperate with international regulatory and enforcement agencies.

## Keeping Things In Perspective

Ladies and Gentlemen:

While new facts emerge every day, there is still much to discover.

And while they may well be a number of personal tragedies associated with the fall of this company, there appears to be little contagion beyond the digital assets' sphere, both here in The Bahamas and around the world.

In fact, Bahamians and other stakeholders in The Bahamas, should take great confidence from the Standard &amp; Poor's Ratings forecast for The Bahamas, issued last

Tuesday, November 22 nd .

They projected a stable outlook for our economy, resting in part on the assumption that there will be no material adverse impact on The Bahamas from the worldwide collapse of FTX.

But as our investigations continue, I must emphasise that ill-informed speculation is not helpful: neither to the customers of FTX, nor their creditors, nor their investors or the general public.

Any attempt to lay the entirety of this debacle at the feet of The Bahamas, because FTX is headquartered here, would be a gross oversimplification of reality.

The dozens and dozens of companies involved, registered in numerous jurisdictions across the world, the scope of related parties, including some of the world's most sophisticated investors, demonstrate the cross-border, multi-jurisdictional nature of this event.

And it is deeply misguided to conclude that reluctance to communicate the details of an active investigation means that nothing is happening; in fact, the government's discretion stems from how seriously we take our commitment to the rule of law and the independence of the securities regulator.

We have been shocked at the ignorance of those who assert that FTX came to The Bahamas because they did not want to submit to regulatory scrutiny; in fact, the world is full of countries in which there is no legislative or regulatory authority over crypto, but The Bahamas is not one of them.

We have been able to assert our leadership in this new field because in the digital assets arena, what matters is not the size of your land mass, or the size of your GDP, but the ingenuity and rigour of your people and jurisdiction.

When a respected risk and market integrity firm ranked the world's digital assets regulatory regimes earlier this year, our country was first, and for good reason.

The digital asset sector is a high profile, embryonic sector of the Bahamian financial services sector, an area where The Bahamas has demonstrated global leadership for decades.

As a world-leading destination for tourism, we have been audacious before in asserting that 'it's better in The Bahamas'. We will not hesitate to do so again. **Conclusion**

My Fellow Bahamians:

We know that the world is watching.

Insofar as these are matters of pressing global interest and concern, we welcome the attention.

We have every confidence that the world will see how our policies, laws and regulatory regime have so much to commend to others.

We have much to be proud of. Global-Crypto-Regulation-Index

We do not apologise for our ambition for Bahamians to be at the forefront of this exciting innovative sector. The Bahamas stands behind its decision to regulate digital assets and related businesses. We stand behind the quality of the regulations that exist.

We continue to invite digital assets businesses to operate from this jurisdiction. All told, we remain one of few countries in the world with such a complete and effective regulatory framework.

The actions the Securities Commission of The Bahamas took on 10th and 12th November were to protect the clients and creditors of FTX Digital Markets. This

demonstrates why the DARE Act is among the world's leading legislative frameworks

for the regulation of digital assets and related businesses.

Like the dotcom boom and bust of the past, we believe that the turbulence currently being experienced by the digital asset sector will pass, and that there is still much potential for growth and opportunity ahead.

In fact, I am fully confident that, as matters progress, and the activities of the FTX group are either restructured or wound down, The Bahamas will emerge, held in even higher esteem.

A turbulent crypto-currency period on a global basis, and the downfall of a single Bahamian company, in no way threaten a bright future for The Bahamas.

Quite the opposite.

12/10/22, 5:15 PM National Address on behalf of the Government of The Bahamas on the Development of Digital Assets - Government - ...

Case 22-11068-JTD Doc 336-1 Filed 12/30/22 Page 88 of 153

Those entrepreneurs who are ready to create new financial products that serve a broader range of consumers, remain welcome to come to The Bahamas. They can be certain that we have in place a principled, fair, comprehensive and ethical regulatory regime. They can also be certain we will act quickly and decisively to enforce it, if and when our laws and regulations are breached.

They will see that The Bahamas is a place of laws.

They will see that the rule of law, and the exercise of due process, characterise the integrity of our jurisdiction.

And they will have found yet another reason why, it's better in The Bahamas.

Thank you.

© 2011 The Official Website of the Government of The Bahamas.
All rights reserved.

# EXHIBIT 10



125 Broad Street
FTX Mail Room, 32ᴺᵈ Floor
New York, NY 10004
www.ftx.com

December 1, 2022

The Honorable Philip Davis KC, MP
Office of the Prime Minister
Commonwealth of the Bahamas

The Honorable Ryan Pinder KC
Office of the Attorney General
Commonwealth of the Bahamas

Re:  The FTX Global Debtors

Dear Prime Minister Davis and Attorney General Pinder:

I write to follow up on your communications with Peter Maynard, Bahamas counsel to the FTX Global Debtors.[1]

Dr. Maynard has informed me that you are amenable to an in person meeting in Nassau on December 5, 2022 and that representatives of Antigua and Barbuda have expressed to you an interest in attending that meeting.

The FTX Global Debtors remain interested in meeting to discuss areas where cooperation would be mutually beneficial. We have said the same to new counsel for the JPL, with whom we understand you are working very closely. We are pleased with the constructive posture of new counsel to the JPL (whom we spoke to this morning) and are ready to work with them to maximize global recoveries for all customers and stakeholders.

However, in light of certain comments by Attorney General Pinder in his address to the Commonwealth of The Bahamas on November 27, 2022 (the "FTX Speech") and new information that has just come to light, the FTX Global Debtors require certain information before a meeting with Prime Minister Davis will be worthwhile. Perhaps, as a first step, it makes sense for attorneys from Sullivan & Cromwell to meet with Attorney General Pinder and counsel for the Securities Commission of The Bahamas (the "Commission")[2] to identify areas of agreement and disagreement before convening a meeting that involves myself and Prime Minister Davis.

In the FTX Speech, Attorney General Pinder echoed statements made by the Commission in their press release dated November 23, 2022 (the "November 23 Press Release"). In particular, both Attorney General Pinder and the Commission in the November 23 Press Release made statements indicating that the attorneys representing the FTX Global Debtors and I misrepresented certain actions of the Commission, made inaccurate allegations

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed in my letter to you dated November 27, 2022 (the "November 27 Letter").

[2]    I understand that the Commission has hired the U.S. law firm Brown Rudnick LLP.



125 Broad Street
FTX Mail Room, 32ⁿᵈ Floor
New York, NY 10004
www.ftx.com

and generally made intemperate statements concerning the actions of the Commission and the request made by the joint provisional liquidators of FTX Digital Markets (the "JPLs") for recognition under chapter 15 of the Bankruptcy Code ("Chapter 15") of the provisional liquidation in The Bahamas of FTX Digital Markets before the United States Bankruptcy Court for the Southern District of New York (the "SDNY Bankruptcy Court").[3]  Attorney General Pinder also alleged in the FTX Speech that the "prospect of multi-million dollar legal and consultant fees is driving both the legal strategy and the intemperate statements."

I respectfully disagree with these statements.  The FTX Global Debtors possess information that indicates that the Commission was involved in directing others to access the computer systems of the FTX Global Debtors on or around November 12, 2022, that digital assets were transferred, that tokens were minted and that such actions were taken (or facilitated) by Messrs. Bankman-Fried and Wang, perhaps among others, at the express direction of the Commission and Ms. Christina Rolle, Executive Director of the Commission. We also understand that either or both of the JPLs and the Commission have been requesting and continue to request that former FTX employees ask the FTX Debtors for computer credentials to access systems of the FTX Global Debtors.  To the extent that you believe that the FTX Global Debtors or I do not have accurate information as to these events, please tell us what actions were taken, by whom, when and for what purpose.  We want nothing more than to have an accurate record of what has occurred.

The JPLs and the Commission have been on notice of the existence of the Chapter 11 Proceedings and the automatic stay.  Unfortunately, to date, the FTX Global Debtors have received no description of any actions taken by or at the direction of the JPLs, the Commission or another instrumentality of the Bahamian government.  To date, the FTX Global Debtors have received no notice of any relief sought from the Supreme Court of The Bahamas, and apart from the limited documents attached to the Chapter 15 petition, have received no copy of any pleading filed with, or order issued by, the Supreme Court of The Bahamas from the JPLs, the Commission or any other instrumentality of the Bahamian government.  We understand from Bahamian counsel that no documents in the FTX Digital Markets file are available to the public.  We respectfully request that the entirety of that file, including without limitation all materials filed in support of the Orders entered to date, whether or not filed under seal, and any written summaries of any oral rulings be provided to the FTX Global Debtors immediately.  The FTX Global Debtors agree to keep such materials strictly confidential unless or until they are made public.

---

[3]    It appears that the statements with which Attorney General Pinder and the Commission take issue are located at paragraphs 5, 6, 7 and 8 of the motion filed on November 17, 2022 by the FTX Global Debtors to transfer the Chapter 15 petition from the SDNY Bankruptcy Court to the Delaware Bankruptcy Court.  These statements were made based on the best information available at the time to the FTX Global Debtors.  That information today remains the best available to the FTX Global Debtors.  Notably, no information clarifying the actions that have been taken (or are being taken) by or at the direction of the Commission in respect of digital assets that are or may be property of the FTX Global Debtors has been provided to the FTX Global Debtors by the JPLs, the Commission or any other instrumentality of the Bahamian government despite multiple requests. Please refer to **Schedule A** attached hereto setting out what the FTX Global Debtors understand to be the facts in the current situation.



125 Broad Street
FTX Mail Room, 32ⁿᵈ Floor
New York, NY 10004
www.ftx.com

As I stated in my letter to you of November 27, 2022, I believe that an opportunity exists for the FTX Global Debtors, the JPLs, the Commission and the Bahamian government in general, to work cooperatively. Such cooperation could include, among other things, having Bahamian representatives participate in the Chapter 11 Proceedings.

Like the JPLs, the FTX Global Debtors act as fiduciaries under court supervision. The FTX Global Debtors have a duty to identify, secure and protect the assets of the FTX Global Debtors wherever located. The Chapter 11 Proceedings are open and transparent by their nature, with a public docket and noticed public hearings. As we have noted repeatedly, the FTX Global Debtors are prepared to negotiate a cross-border protocol – one that provides for transparency and reciprocity – that will allow us to move forward collectively for the benefit of the creditors of both the FTX Global Debtors and FTX Digital Markets.

Very truly yours,

John J. Ray III

3



125 Broad Street
FTX Mail Room, 32 nd Floor
New York, NY 10004
www.ftx.com

### Schedule A

On the evening of November 11, 2022, the FTX Global Debtors were in the process of securing their digital assets when it became clear that the computer systems of the FTX Global Debtors controlling their digital wallets began to be accessed by one or more actors unknown to the FTX Global Debtors. The FTX Global Debtors and their advisors worked through the night into the early morning hours of November 12, 2022 to block such access and move digital assets to secure cold wallets. Also, on Saturday, November 12, 2022, the FTX Global Debtors observed the minting of new tokens. During this period – and subsequently – information emerged that the computer systems of the FTX Global Debtors were accessed from at least two sources. One source continues to be unknown. A second source, based on information collected by the FTX Global Debtors, points to an instrumentality of the government of The Bahamas, which appears to have been the Commission and/or individuals acting at the direction of the Commission. That information indicates that Messrs. Wang and Bankman-Fried, perhaps among others, assisted the Commission in this exercise and did so at the direction of the Commission, including at the direction of Ms. Rolle. The FTX Global Debtors believe this information to be credible.

As this information became known to Mr. Ray, he instructed Sullivan & Cromwell to write a letter to Ms. Rolle and Mr. Brian Simms, at the time the sole provisional liquidator, informing each of the Chapter 11 Proceedings and the existence of the automatic stay of Section 362(a) of the United States Bankruptcy Code. That letter, attached as Exhibit A hereto, was sent to Ms. Rolle and Mr. Simms on Sunday, November 13, 2022. No response to the letter has been received.

On Tuesday, November 15, 2002, attorneys with Sullivan & Cromwell had a zoom call with attorneys from Holland & Knight, then counsel to the JPLs. On that call, the Sullivan & Cromwell attorneys asked Holland & Knight whether the JPLs or an instrumentality of The Bahamas government was involved with accessing the computer systems of the FTX Global Debtors. The attorneys from Holland & Knight did not answer that question, but rather deferred and noted that they would consult with the JPLs and revert. On that call no mention was made of any intention of the JPLs to file a petition for recognition under Chapter 15.

On the morning of Wednesday, November 16, 2002, the JPLs filed their Chapter 15 petition with the SDNY Bankruptcy Court supported by declarations that included erroneous statements as to the size and substance of the business of FTX Digital Markets and made unsupported allegations as to the legitimacy of the Chapter 11 Proceedings. The SDNY Bankruptcy Court scheduled a status conference to take place on Thursday, November 17, 2022 at 11:00 a.m., to a consider the timing for the relief sought by the JPLs.

During the course of Wednesday, November 16, 2002, attorneys from Sullivan & Cromwell and from Holland & Knight exchanged several emails and a letter on a number of issues, including about whether or not the JPLs or Bahamian authorities were responsible accessing digital assets of the FTX Global Debtors. Throughout the correspondence, Mr. Gluck from Holland & Knight refused to answer direct questions about whether the JPLs or

4



125 Broad Street
FTX Mail Room, 32ⁿᵈ Floor
New York, NY 10004
www.ftx.com

Bahamian authorities were involved in accessing the computer systems of the FTX Global Debtors and/or taking control of digital assets.  A copy of this correspondence is attached as Exhibit B.

On the morning of Thursday, November 17, 2022, the FTX Global Debtors filed the Motion to Transfer before the Delaware Bankruptcy Court.  At the status conference before the SDNY Bankruptcy Court, attorneys from Sullivan & Cromwell asked the SDNY Bankruptcy Court to refrain from ruling on the requests from the JPLs until the Delaware Bankruptcy Court had an opportunity to consider the Motion to Transfer.  The SDNY Bankruptcy Court agreed to defer consideration until the Delaware Bankruptcy Court had an opportunity to consider the issue.  The Delaware Bankruptcy Court subsequently scheduled a hearing on the Motion to Transfer for Tuesday, November 22, 2022 at 11:00 am.  At the status conference, even though the issues were not before the SDNY Bankruptcy Court, an attorney from Holland & Knight repeated the erroneous statements and unsupported allegations that were contained in the JPLs' Chapter 15 pleadings. The attorneys from Sullivan & Cromwell did not respond to such statements and allegations.

On Thursday, November 17, 2022, the Commission issued a press release (the "November 17 Press Release") that disclosed for the first time that on November 12, 2022, the Commission "took the action of directing the transfer of all digital assets of [FTX Digital Markets] to a digital wallet controlled by the Commission, for safekeeping."  This was the first statement, public or otherwise, that the Commission took action with respect to digital assets on November 12, 2022.  The November 17 Press Release stated that the Commission was acting under the authority of an Order made by the Supreme Court of The Bahamas.  No detail was given as to when that order was entered.  No detail was given as to what assets were transferred or how they were transferred.  No non-public communication on this issue was received by the FTX Global Debtors.

On Monday, November 21, 2002, the Commission issued a press release (the "November 21 Press Release") announcing that the Commission had obtained on that date an Order from the Supreme Court of The Bahamas authorizing the indemnification and reimbursement of expenses incurred by the Commission in connection with regulatory action taken to safeguard the digital assets of FTX Digital Markets.  The press release noted that the regulatory action was taken on November 12, 2022, "under the authority of an Order of the Supreme Court of The Bahamas."  No detail was given as to when that order was entered. No detail was given as to what assets were transferred or how they were transferred.  No non-public communication on this issue was received by the FTX Global Debtors.

On Wednesday, November 23, 2022, the Commission issued a press release (the "November 23 Press Release") to respond to certain remarks in the Motion to Transfer.  The Commission noted that "given the nature of digital assets, and the risks associated with hacking and compromise, the Commission determined that placing [FTX Digital Markets] into liquidation was not sufficient to protect the customers and creditors of [FTX Digital Markets].  Accordingly, on 12 November 2022, the Commission sought an additional Order (the "November 12 Order") from the Supreme Court of The Bahamas for authority under the DARE Act to transfer all digital assets of FTX into digital wallets under the exclusive control



125 Broad Street
FTX Mail Room, 32ⁿᵈ Floor
New York, NY 10004
www.ftx.com

of the Commission for the benefit of clients and creditors of [FTX Digital Markets]." This was the first statement, public or otherwise, that the Commission sought and obtained an Order from the Supreme Court of The Bahamas on Saturday, November 12, 2022, for the transfer of digital assets of "FTX" to digital wallets under the control of the Commission. We presume this is the same order referred to without detail in the November 17 Press Release and the November 21 Press Release. The FTX Global Debtors did not receive (a) notice that the Commission was seeking entry of the November 12 Order, (b) an opportunity to be heard in respect of the November 12 Order, (c) a copy of the pleadings filed by the Commission in support of the application for the November 12 Order, or (d) a copy of the November 12 Order itself. No detail was given as to what assets were transferred, how they were transferred or why the reference to assets is a reference to FTX assets rather than FTX Digital Markets assets. No non-public communication on any of these issues was received by the FTX Global Debtors.

The November 23 Press Release also stated "[i]t is unfortunate that in Chapter 11 filings, the new CEO of FTX Trading Ltd. misrepresented this timely action through the intemperate and inaccurate allegations lodged in the Transfer Motion. It is also concerning that the Chapter 11 debtors chose to rely on the statements of individuals they have (in other filings) characterized as unreliable sources of information and potentially "seriously compromised."

In the FTX Speech, Attorney General Pinder reiterated the statements from the November 23 Press Release. Among other things, he repeated the statement that on November 12, 2022, "the Commission sought an additional Order from the Supreme Court of The Bahamas for authority under the DARE Act to transfer *all digital assets of FTX* into digital wallets under the exclusive control of the Commission for the benefit of clients and creditors of FDM." (emphasis added). He also stated "[i]t is unfortunate that in Chapter 11 filings, the new CEO of FTX Trading Ltd. misrepresented this timely action through the intemperate and inaccurate allegations lodged in the Transfer Motion. It is also concerning that the Chapter 11 debtors chose to rely on statements of individuals they have (in other filings) characterized as unreliable sources of information and seriously compromised."

Subsequent to the FTX Speech, the FTX Global Debtors obtained a written description of the November 12 Order, which we understand to have been delivered orally by the Supreme Court of The Bahamas and titled "Notice of Directive and Order of November 12," showing that the Commission directed – after the filing of the bankruptcy cases – officers of the FTX Global Debtors with whom the Commission has conducted interviews to transfer property that appears to be property of the FTX Global Debtors' estate to accounts maintained by the Commission in violation of the automatic stay. In particular, the November 12 Order purports to relate to "all of the digital assets on the FTX.com platform" regardless of whether such assets are the property of FTX Global Markets. Any transfer of assets of the FTX Global Debtors to accounts maintained by the Commission on or after November 11, 2022, constitute a violation of the automatic stay.

# Exhibit A

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 13, 2022

Via Courier and E-Mail

The Securities Commission of The Bahamas
Poinciana House
North Building, 2nd Floor 31A
East Bay Street
P.O. Box N-8347
Nassau, The Bahamas
info@scb.gov.bs

Mr. Brian Simms, K.C.
Provisional Liquidator of FTX Digital Markets Ltd.
3 Bayside Executive Park
West Bay Street & Blake Road
PO Box N-4875
Nassau, The Bahamas
bsimms@lennoxpaton.com

Re:     Automatic Stay of Actions and Proceedings against FTX Trading Ltd. and
        its Affiliated Debtors as a Result of the Commencement of U.S. Chapter
        11 Proceedings

Ladies and Gentlemen:

        We write on behalf of FTX Trading Ltd. and its affiliates listed in the exhibit
hereto (collectively, "FTX Debtor Entities") in our capacity as their proposed U.S. legal counsel.
As we believe you are aware, on November 11, 2022, the FTX Debtor Entities filed voluntary
petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy
Code"), commencing proceedings before the United States Bankruptcy Court for the District of
Delaware (such Court, the "Bankruptcy Court" and such proceedings, collectively, the "Chapter
11 Proceedings").[1]

---

[1]     *See FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.), D.I. 1.  It is expected that the
Chapter 11 Proceedings will be jointly administered for procedural purposes only.  As a result, all

As a result of the commencement of the Chapter 11 Proceedings, the FTX Debtor Entities are protected by the automatic stay of Section 362 of the Bankruptcy Code. 11 U.S.C. § 362. The automatic stay enjoins all persons, including without limit, all U.S. and non-U.S. governmental units, from, among other things: (1) commencing or continuing any judicial, administrative, or other action or proceeding against any FTX Debtor Entity that was or could have been initiated before the commencement of the Chapter 11 Proceedings; (2) enforcing, against any FTX Debtor Entity, a judgment obtained before the commencement of the Chapter 11 Proceedings; (3) taking any action to obtain possession of, or exercise control over, property of any FTX Debtor Entity, where property is expansively defined under Section 541 of the Bankruptcy Code to include, among other things, tangible and intangible assets (11 U.S.C. § 541); (4) taking any action to create, perfect, or enforce against property of any FTX Debtor Entities any lien to the extent that such lien secures a claim that arose before the commencement of the Chapter 11 Proceedings; and (5) taking any action to collect, assess, or recover a claim against any FTX Debtor Entity that arose before the commencement of Chapter 11 Proceedings.

Please be advised that the protections under the automatic stay apply extraterritorially (*i.e.*, outside the United States), extending to property of the FTX Debtor Entities wherever they are located and by whomever held. *See, e.g., Hong Kong & Shanghai Banking Corp., Ltd.* v. *Simon* (*In re Simon*), 153 F.3d 991, 996 (9th Cir. 1998) ("Congress intended extraterritorial application of the Bankruptcy Code as it applies to property of the estate"); *SIPC* v. *Bernard L. Madoff Inv. Sec. LLC* (*In re Bernard L. Madoff Inv. Secs. LLC*), 474 B.R. 76, 84 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Nakash* v. *Zur* (*In re Nakash*), 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("[B]ased upon the applicable Code sections [and] other indicia of congressional intent, . . . the automatic stay applies extraterritorially"). As such, these protections extend to any property of the FTX Debtor Entities located in the Bahamas.

Violations of the automatic stay can result in damages, sanctions and penalties, which will be sought as and when necessary. If you have any questions, including with respect to the legal positions that the FTX Debtor Entities might assert in the Chapter 11 Proceedings with respect to the automatic stay protection, you may direct them to the undersigned by email at bromleyj@sullcrom.com or gluecksteinb@sullcrom.com.

Sincerely,

*/s/ James L. Bromley*
James L. Bromley

*/s/ Brian D. Glueckstein*
Brian D. Glueckstein

cc:    John J. Ray III
       (FTX Trading Ltd.)

---

pleadings and papers will be filed in the docket of the above-captioned case and such docket should be consulted for all matters affecting the Chapter 11 Proceedings.

**Exhibit**

**List of Debtors-in-Possession in U.S. Chapter 11 Proceedings**

1. Alameda Aus Pty Ltd
2. Alameda Global Services Ltd.
3. Alameda Research (Bahamas) Ltd
4. Alameda Research Holdings Inc.
5. Alameda Research KK
6. Alameda Research LLC
7. Alameda Research Ltd
8. Alameda Research Pte Ltd
9. Alameda Research Yankari Ltd
10. Alameda TR Ltd
11. Alameda TR Systems S. de R. L.
12. Allston Way Ltd
13. Analisya Pte Ltd
14. Atlantis Technology Ltd.
15. Bancroft Way Ltd
16. Blockfolio, Inc.
17. Blue Ridge Ltd
18. Cardinal Ventures Ltd
19. Cedar Bay Ltd
20. Cedar Grove Technology Services, Ltd
21. Clifton Bay Investments LLC
22. Clifton Bay Investments Ltd
23. Cottonwood Grove Ltd
24. Cottonwood Technologies Ltd.
25. Crypto Bahamas LLC
26. DAAG Trading, DMCC
27. Deck Technologies Holdings LLC
28. Deck Technologies Inc.
29. Deep Creek Ltd
30. Digital Custody Inc.
31. Euclid Way Ltd
32. FTX (Gibraltar) Ltd
33. FTX Canada Inc
34. FTX Certificates GmbH
35. FTX Crypto Services Ltd.
36. FTX Digital Assets LLC
37. FTX Digital Holdings (Singapore) Pte Ltd
38. FTX EMEA Ltd.
39. FTX Equity Record Holdings Ltd
40. FTX EU Ltd.
41. FTX Europe AG
42. FTX Exchange FZE
43. FTX Hong Kong Ltd
44. FTX Japan Holdings K.K.
45. FTX Japan K.K.
46. FTX Japan Services KK
47. FTX Lend Inc.
48. FTX Marketplace, Inc.
49. FTX Products (Singapore) Pte Ltd
50. FTX Property Holdings Ltd
51. FTX Services Solutions Ltd.
52. FTX Structured Products AG
53. FTX Switzerland GmbH
54. FTX Trading GmbH
55. FTX Trading Ltd.
56. FTX Turkey Teknoloji Ve Ticaret Anonim Şirket
57. FTX US Services, Inc.
58. FTX US Trading, Inc.
59. FTX Ventures Ltd
60. FTX Zuma Ltd
61. GG Trading Terminal Ltd
62. Global Compass Dynamics Ltd.
63. Good Luck Games, LLC
64. Goodman Investments Ltd.
65. Hannam Group Inc
66. Hawaii Digital Assets Inc.
67. Hilltop Technology Services LLC
68. Hive Empire Trading Pty Ltd
69. Innovatia Ltd
70. Island Bay Ventures Inc
71. Killarney Lake Investments Ltd
72. Ledger Holdings Inc.
73. Ledger Prime LLC
74. LedgerPrime Bitcoin Yield Enhancement Fund, LLC
75. LedgerPrime Bitcoin Yield Enhancement Master Fund LP
76. LedgerPrime Digital Asset Opportunities Fund, LLC
77. LedgerPrime Digital Asset Opportunities Master Fund LP
78. LedgerPrime Ventures, LP
79. Liquid Financial USA Inc.
80. Liquid Securities Singapore Pte Ltd
81. LiquidEX LLC
82. LT Baskets Ltd.
83. Maclaurin Investments Ltd.
84. Mangrove Cay Ltd
85. North Dimension Inc
86. North Dimension Ltd
87. North Wireless Dimension Inc
88. Paper Bird Inc
89. Pioneer Street Inc.
90. Quoine India Pte Ltd
91. Quoine Pte Ltd
92. Quoine Vietnam Co. Ltd
93. SNG Investments Yatirim Ve Danişmanlik Anonim Şirketi
94. Strategy Ark Collective Ltd.
95. Technology Services Bahamas Limited
96. Verdant Canyon Capital LLC
97. West Innovative Barista Ltd.
98. West Realm Shires Financial Services Inc.
99. West Realm Shires Services Inc.
100. Western Concord Enterprises Ltd.
101. Zubr Exchange Ltd

# Exhibit B

Brown, Liliana M.

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 9:50 AM |
| **To:** | Bromley, James L.; Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com |
| **Cc:** | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com |
| **Subject:** | [EXTERNAL] R408 Without Prejudice |
| **Attachments:** | 22-11516-None-2022-11-15-DN0001-_Chapter_15_Petition_for.pdf; 22-11516-None-2022-11-15-DN0004-_Motion_to_Approve_Order.pdf; 22-11516-None-2022-11-15-DN0005-_Declaration_Sophia_T._RolleKapousouzoglou.pdf; 22-11516-None-2022-11-15-DN0003-_Motion_to_Approve_Order.pdf; 22-11516-None-2022-11-15-DN0002-_Declaration_of_Brian_Cecil.pdf |

Subject to FRE 408
WITHOUT PREJUDICE SETTLEMENT COMMUNICATION

Gentlemen – thank you for taking the time to speak with us yesterday.  We look forward to constructive cooperation with you and the impressive team you have assembled. We copy Mr. Lawson and Mr. Kennedy given our clients' views regarding the importance of having a strong and trusted perspective regarding Offshore Insolvencies within our channels of discussion.  We believe and acknowledge that the United States creditors and customers have important interests that are worthy of protection, and it is likely that the United States will play an important role from a regulatory and investigation perspective.

We look forward to receiving and discussing protocols for cooperation with you.  We believe that everyone will benefit if core information is shared and logistical, operational and plans are discussed in advance.  Please note that courtesy copies of the as-filed Chapter 15 petition of the Provisional Liquidators are attached.  We understood from our conversation that you will similarly provide courtesy copies of filings contemporaneously on a go-forward basis.

All that said, we believe it is important for us to  we relay the JPLs' current thinking on certain of the central matters from which we intend productive discussions to commence.  To that end, we are sympathetic to the concept that at one time, the notion of initiating a global Chapter 11 may have seemed plausible – even if some reasonable minds might have differed as to its propriety.  However, once the government of the Bahamas had instituted insolvency proceedings in the FTX center of main interests, any action by the former governance to invoke Chapter 11 as to all global entities was, at best, a superfluous distraction -- destined only to foster confusion to the detriment of the creditor constituencies.  At worst, it was an unauthorized and *ultra vires* act, in contravention of applicable Bahamian Law and jurisdiction that should not be given force or effect.   Accordingly, the Joint Provisional Liquidators would request an explanation in writing as to how and why the chapter 11 filings were properly authorized and not otherwise in violation of the Bahamian stay and Bahamian Court order.

Shortly, we will distribute courtesy copies of the as-filed 1519 Provisional Relief Application.  You will find that this first iteration of our 1519 application is narrowly drafted from both a factual exposition and relief standpoint to give you and us more time to work towards an amicable arrangement.

We ask that you ask yourselves this:  18 hours from now, 180 days from now, 1800 days from now -- with the benefit of hindsight – would you do it like this again?  If you were aware of the multi-national, a-typical police power and regulatory bent to this insolvency (and relevant stay-exceptions calmly), would a 4:30AM purported power transfer be pursued?  Would you seek the hasty execution of 11-figure documents by a 30-year-old under duress, , who was simultaneously admitting to criminal fraud to the highest levels of a foreign sovereign where the company's never center, all of its former management and hundreds of employees reside? Would you file one-page Chapter 11s with what will (now) likely be a material delay prior to any "first day" filings?

In short, we ask that your impressive constituency of crisis managers consider a cooperative course correction. This case is not Lehman or Buddy Fletcher, it is not T-Bills and it is not Madoff. This is a Paradise-Island not Manhattan-Island saga. The JPLs are prepared to discuss an appropriate process for managing the orderly administration of the United States incorporated entities, management of United States regulatory and law enforcement, and recovery to United States customers and creditors.

And, in that spirit, as you and we develop and better understand the facts underlying these matters, we anticipate that you will want to revisit certain of the inaccurate factual narratives that appear to be emanating from the US Debtors -- particularly as pertaining to the security, stability and safeguarding of the Bahaman digital assets, as compared to "hacking." Inaccurate speculation and hyperbole can only further distress a creditor constituency that has already endured a great deal of consternation, while at the same time, it is certain that the US authorities know the truth and are perplexed.

We suggest a zoom meeting in 36 hours – Thursday afternoon – to enable orderly and strategic reflection. Note we have not included the principals on this communication for obvious reasons, but we would be happy for Messers. Simms, Cambridge, Greaves, John Ray III and Farnan Jr. to be copied on your reply.


**Warren Gluck | Holland & Knight**
Partner
Holland & Knight LLP
31 West 52nd Street | New York, New York 10019
Phone 212.513.3396 | Fax 212.341.7152
warren.gluck@hklaw.com | www.hklaw.com [hklaw.com]

Add to address book [hklaw.com] | View professional biography [hklaw.com]

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**\*\*This is an external message from: Warren.Gluck@hklaw.com \*\***

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 16, 2022

Warren Gluck, Esq.,
    Holland & Knight LLP,
        31 West 52nd Street,
            New York, NY 10019.
                warren.gluck@hklaw.com

Re:    FTX Digital Markets Ltd.

Dear Warren:

I write in response to your email to us of this morning.

First, while we appreciate you providing us with the current thinking of the joint provisional liquidators, we note simply that we have consulted with Mr. Ray and he disagrees with that thinking. Nothing in the provisional liquidation order purported to prevent or could have prevented the chapter 11 filings.

Second, we have reviewed your clients' chapter 15 petition and accompanying documents. Please provide us with copies of all documents filed with the Bahamas court in support of the Bahamas petition and the appointment of Mr. Simms, Mr. Cambridge and Mr. Greaves, including without limitation the affidavits of Ms. Rolle and Mr. Simms, whether or not filed under seal.

Third, we are concerned about your statement "we anticipate that you will want to revisit certain of the inaccurate factual narratives that appear to be emanating from the US Debtors – particularly pertaining to the security, stability, and safeguarding of Bahamian digital assets, as compared to 'hacking.'" What exactly do you mean by this? Are you suggesting that the joint provisional liquidators and/or Bahamas authorities are responsible the disappearance of digital assets that appear to have been the result of hacks? It is critical that you clarify this statement immediately. I must remind you that any attempt to access or take control over any assets of the FTX Debtors constitutes a violation of the automatic stay of section 362 of the U.S. Bankruptcy Code. To the extent that any such assets have been taken, they must be returned immediately. Any efforts to obtain such assets must be stopped immediately. Please note we are in constant contact with the criminal authorities in the United States about attempts by unknown actors to

-2-

take control of such assets.  For your convenience, I attach a copy of the letter sent to the Bahamas Securities Commission and Mr. Simms on Sunday, November 13, on the scope of the automatic stay and the implications for breaches thereof.  The FTX Debtors reserve all rights.

Fourth, we are willing to have a zoom call tomorrow afternoon, November 17.  Does 4 pm work for you?  We continue to be prepared to discuss a mutually agreeable administrative protocol between the joint provisional liquidators and the FTX Debtors.

Finally, neither this letter, nor your email are entitled to the protection of Federal Rule of Evidence 408.  Nothing in our communications to date relate in any way to an offer to compromise a dispute or negotiations relating to such an offer.

Very truly yours,

James L. Bromley

cc:    Brian D. Gluechstein, Esq.
       Andrew G. Dietderich, Esq.
       Christopher J. Howard, Esq.
       John J. Ray III

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 5:05 PM |
| **To:** | Bromley, James L.; Dietderich, Andrew G.; Glueckstein, Brian D. |
| **Cc:** | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; Howard, Christopher J. |
| **Subject:** | [EXTERNAL] RE: R408 Without Prejudice |

Your correspondence is received.  We will respond and happy to hear you would like to participate in the zoom.

However and separately, we have received a voicemail from the SDNY Bankruptcy court that there will be a remote status conference on the Chapter 15 matter tomorrow and that we should inform you should anyone from your office like to participate.  It will be at 11:30am – we have not seen a notice or zoom instructions yet but we will provide such information as soon as it is received.  Also – if you intend to appear, please let us know when convenient.

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 5:13 PM |
| **To:** | Bromley, James L.; Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com |
| **Cc:** | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| **Subject:** | [EXTERNAL] RE: R408 Without Prejudice |

Greetings:

1.  We are pleased that you are available for a zoom call tomorrow.  We will shortly revert on available time windows (including the proposed one at 4PM).

2.  We note Mr. Ray's views and will await discussion tomorrow.

3.  We will revert on whether documents filed under seal can be provided.  All non-sealed documents can be.

4.  It is possible there was a misunderstanding as to the safeguarding of assets.  Certain assets are in the custody of the Bahamas securities commission and there was an understanding (perhaps an incorrect one) that there was a suggestion that those assets were hacked or in jeopardy some jeopardy.  Based on reports from the Bahamas Securities Commission, we understand they are secure.

5.  We do recall Dave Wirt stating and you agreeing that our discussions would be 408 protected during our call.  We disagree that a communication for the purpose of meeting and resolving disputes is not 408 protected.  However, that is probably a point of lesser importance.  Do you anticipate that the zoom call on Thursday will be a settlement call and entitled to the without prejudice / 408 protections associated therewith?

| | |
|---|---|
| **From:** | Bromley, James L. |
| **Sent:** | Wednesday, November 16, 2022 6:23 PM |
| **To:** | Warren.Gluck@hklaw.com; Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com |
| **Cc:** | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| **Subject:** | RE: R408 Without Prejudice |

Warren,

Responding quickly.

On 3, for purposes of the US court process initiated by your clients, complete access to all documents provided to the Bahamas Court, whether or not filed under seal, is required. I reiterate our demand for all documents provided to the Bahamas Court in support of the petition.

On 4, we continue to talk past each other. The FTX Debtors have been confronting attempts by unknown actors to take control of digital assets of the FTX Debtors. Those attempts continue. Are the joint provisional liquidators or the Bahamian authorities responsible for past acts to take control? Are they currently engaging in such acts?

On 5, the application of FRE 408 is not dependent on what the parties say to each other, it is dependent on the underlying facts. The underlying facts do not support application of FRE 408.

Jim

James L. Bromley
T: (212) 558-4923 | F: (212) 291-3588 | C: (973) 901-6898
bromleyj@sullcrom.com

| From: | Warren.Gluck@hklaw.com |
|---|---|
| Sent: | Wednesday, November 16, 2022 7:04 PM |
| To: | Bromley, James L.; Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com |
| Cc: | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| Subject: | [EXTERNAL] RE: R408 Without Prejudice |
| | |
| Suggested: | 0 |

Thanks Jim – we will come back to you on whether there is a time for a zoom call that suits.
You can come back to us on whether that call with be a 408 settlement conversation.  Other than that it appears the parties disagree on some issues, which can be the case sometimes.

| From: | Bromley, James L. |
|---|---|
| Sent: | Wednesday, November 16, 2022 7:30 PM |
| To: | Warren.Gluck@hklaw.com; Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com |
| Cc: | David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@Hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| Subject: | RE: [EXTERNAL] RE: R408 Without Prejudice |

Warren,
What are your answers to the questions in 4?
Jim

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 7:38 PM |
| **To:** | Bromley, James L. |
| **Cc:** | Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com; David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| **Subject:** | Re: [EXTERNAL] RE: R408 Without Prejudice |

Jim - we await your written statement regarding the validity of the resolution.

We will consider your queries and revert in due course.

We do suggest that your team analyze productive measures for cooperation in advance of the planned call and we will do the same.

Enjoy your evening.

| | |
|---|---|
| From: | Bromley, James L. |
| Sent: | Wednesday, November 16, 2022 7:47 PM |
| To: | Warren.Gluck@hklaw.com |
| Cc: | Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com; David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| Subject: | RE: [EXTERNAL] RE: R408 Without Prejudice |

Warren,

There is only one way to take your consistent refusal to answer the questions as to whether the joint provisional liquidators or the Bahamian authorities are responsible for the attempts by unknown actors to take control of digital assets of the FTX Debtors.  The FTX Debtors reserve all their rights.

Jim

F

| | |
|---|---|
| **From:** | Warren.Gluck@hklaw.com |
| **Sent:** | Wednesday, November 16, 2022 7:51 PM |
| **To:** | Bromley, James L. |
| **Cc:** | Dietderich, Andrew G.; Glueckstein, Brian D.; emosley@alvarezandmarsal.com; alawson@alvarezandmarsal.com; chris.kennedy@alvarezandmarsal.com; David.Wirt@hklaw.com; Jessica.Magee@hklaw.com; Shardul.Desai@hklaw.com; Marie.Larsen@hklaw.com; Tye.Hancock@hklaw.com; simon.r.conway@pwc.com; mpaton@lennoxpaton.com; srolle@lennoxpaton.com; peter.hickman@pwc.com; hannah.w.wilks@pwc.com; Howard, Christopher J. |
| **Subject:** | Re: [EXTERNAL] RE: R408 Without Prejudice |
| | |
| **Suggested:** | 0 |

Jim. Your tone is not appreciated and I suggest you speak with the Unites States Trustee for the District of Delaware. You seem to make a lot of assumptions and that can be dangerous.

Should your team continue in this fashion we will present any proposals in writing.

>

>

# **EXHIBIT 11**



COMMERCIAL LAWYERS

**DELANEY PARTNERS**

Our Ref: RKA/sjs 08363-2949

7 December 2022

**BY EMAIL** jason.maynard@maynardlaw.com

**PETER D. MAYNARD & CO.**
Counsel and Attorneys At Law
Chambers
Bay & Deveaux Street
Nassau, New Providence
The Bahamas

Attention: Mr Jason Maynard

**Re: FTX Digital Markets Ltd.**

We represent Securities Commission of The Bahamas ("the Commission") in proceedings commenced before The Bahamas Supreme Court on 10 November, 2022, by way of a regulator's petition, for a winding-up order to be made in relation to FTX Digital Markets Ltd ("Digital Markets").

We also represent the Commission in the proceedings initiated on 12 November, 2022, with the court's permission, for the Commission to take necessary additional regulatory action in the interest of the clients and creditors of Digital Markets to safeguard the digital assets within the possession, custody and/or under the control of Digital Markets, or of its officers, directors, employees and agents, including any digital assets held by Digital Markets upon trust ("the digital assets").

We are given to understand that your Firm has been appointed Bahamas counsel to certain, but not, all affiliates of Digital Markets (The "US Debtors') as represented by their Chief Restructuring Officer, Mr. John J Ray, III ("your clients").

The Commission has received a copy of your clients' letter dated 1 December 2022 addressed to The Honourable Prime Minister and The Honourable Attorney-General of The Commonwealth of The Bahamas concerning the action taken by the Commission in relation to the digital assets. We have also reviewed a copy of the earlier letter dated 13 November, 2022 from US counsel for the

COUNSEL & ATTORNEYS-AT-LAW | NOTARIES PUBLIC

Lyford Manor, West Building, Lyford Cay, West Bay Street, P. O. Box CB-13007, Nassau, NP, The Bahamas
T. (242) 702-4500 | F. (242) 702-4524 | info@delaneypartners.com | www.delaneypartners.com
Member of The Bahamas Financial Services Board. A list of the names of the Partners & Associates is available at the above address and website.





US Debtors, Messrs Sullivan & Cromwell, LLP, addressed to the Commission and Mr. Brian Simms, K.C., provisional liquidator of Digital Markets.

On behalf of the Commission, we respond as follows:

1. As noted above, the proceedings initiated by the Commission against Digital Markets before The Supreme Court of The Bahamas were commenced on 10 November, 2022. A copy of the Petition presented by the Commission on 10 November 2022 is enclosed for your reference.

2. On 12 November 2022, pursuant to the exercise of its power as regulator under the Digital Assets and Registered Exchanges Act, the Commission made an urgent application to The Bahamas Supreme Court for permission to take further necessary action to protect the interest of clients and creditors in the digital assets.

3. On the same day, under the authority of an Order made by The Bahamas Supreme Court, the Commission was granted permission to file additional proceedings against Digital Markets and, in the exercise of its regulatory authority, to cause the digital assets to be transferred to an account and/or digital wallet(s) established and maintained by the Commission, because such action was necessary to protect the interests of clients and creditors.. Copies of the Orders granting the Commission permission to commence the additional proceedings and to take the regulatory action described above are also enclosed.

4. Thereafter, on 21 November, 2022, The Chief Justice of The Bahamas Supreme Court issued a 'Supplemental Order' that confirmed the digital assets are being held by the Commission as regulator and trustee. Accordingly, the rights of indemnity and re-imbursement accorded a trustee under the law, apply with equal force and effect to the action taken and the digital assets held by Commission under the authority of the earlier Order made on 12 November, 2022. A filed copy of the Supplemental Order is also enclosed. In these and all related respects, the digital assets, Digital Markets and its officers, directors, agents and employees, and the Commission, remain subject to the jurisdiction of the Bahamas Supreme Court.

5. Importantly, it should also be noted that your clients' assertion that "… no documents in the FTX Digital Markets file are available to the public" is erroneous.

6. The originating process and orders filed in the proceedings are available for inspection by the public in accordance with Order 60 Rule 3 of The Bahamas Rule of The Supreme Court, which provides –

   "(1) Any person shall, on payment of the prescribed fee, be entitled during office hours to search for, inspect and take a copy of any of the following documents filed in the Registry, namely –

   (a) the copy of any writ of summons or other originating process;

2



(b) any judgment or order given or made in court or the copy of any such judgment or order; and

(c) with leave of the Court, which may be granted on an application made ex parte, any other documents.

(2) Nothing in the foregoing provisions shall be taken as preventing any party to a cause or matter searching for, inspecting and taking or bespeaking a copy of any affidavit or other document filed in the Registry in that cause or matter, but made with a view to its commencement."

7.  The affidavit evidence filed in the proceedings are subjected to a confidentiality order issued by court. We also enclose a copy of that Order for your reference.

8.  The originating processes and orders filed in the proceedings, however, are not confidential documents.

9.  The Commission's regulatory investigation into matters concerning Digital Markets and its businesses, operations, relationships, transfers and affairs continues. The regulatory investigation is not conducted in public.

10. The Commission, however, has communicated with, and will continue to communicate with, other regulatory authorities as appropriate, in confidence, and will continue to take such regulatory actions it deems appropriate to protect the public and any parties that may be directly affected by the failure of Digital Markets and its affiliates.

11. The Commission appreciates that, as a fiduciary for certain affiliates of Digital Markets in the Chapter 11 proceedings, your clients have certain duties and rights prescribed by the United States Bankruptcy Code. The Commission respects your clients' responsibilities and recognizes the important work ahead in all civil proceedings in The Bahamas, The United States of America, and possibly other jurisdictions. Respectfully, however, those duties and rights of your clients do not include the right to impede the Commission's due exercise of its regulatory powers, actions and investigation. Given the confidentiality of the Commission's investigation, it declines to provide certain information your clients seek as to the regulatory actions taken to date.

12. The Commission makes no comment on your suggestion that your clients and The Bahamian Joint Provisional Liquidators enter into one or more joint protocols to facilitate the efficient conduct and mutual respect for the pending insolvency proceedings, except to make clear that we do not speak for the Joint Provisional Liquidators.

13. To the extent the Commission is able to assist in the efficient and mutually respectful conduct of the several pending proceedings without impairing the conduct or confidentiality of its ongoing regulatory investigation, including by participating in a meeting with your clients, the Joint Provisional Liquidators and/or their respective counsel, they are prepared to do so.  An appropriate and necessary part of any arrangement reached during such meeting, would be your clients' assurance that they will take no

3



further action to interfere with the Commission's investigation and other regulatory measures.

We look forward to hearing from you.

Yours faithfully,
**DELANEY PARTNERS**

Robert K. Adams KC
Partner
Direct line: 242 702 4512
Email: radams@delaneypartners.com

cc. Securities Commission of The Bahamas

Encls.

4

COMMONWEALTH OF THE BAHAMAS

IN THE SUPREME COURT

COMMERCIAL DIVISION

SUPREME COURT

NOV 1 1 2022

NASSAU, BAHAMAS

2022

COM/com/

IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020
(as amended)

AND IN THE MATTER OF the Companies (Winding Up Amendment) Act, 2011

AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.
(A Registered Digital Asset Business)

---

## PETITION

---

TO: The Supreme Court of the Commonwealth of The Bahamas

The Humble Petition of **THE SECURITIES COMMISSION OF THE BAHAMAS** (**"the Commission"** or **"the Petitioner"**) a statutory body continued pursuant to the Securities Industry Act, 2011 show as follows:

1. This Petition relates to FTX Digital Markets Ltd (**"FTX Digital"**).

2. FTX Digital was incorporated in the Commonwealth of The Bahamas on 22 July 2021 as an International Business Company.

3. The registered number of the FTX Digital is **No.207269B** and the principal address and office for FTX Digital is Building 27, Veridian Corporate Centre, West Bay Street, Nassau, N.P., The Bahamas.

4. FTX Digital is registered as a digital asset business under the ***Digital Assets and Registered Exchanges Act, 2020*** (**"the DARE Act"**). FTX Digital is a subsidiary of FTX Trading Ltd, a company incorporated in Antigua and Barbuda (collectively referred to as **"FTX"**). Under the DARE Act, FTX Digital is registered to provide: (i) an exchange

between digital assets and fiat currency and (ii) an exchange between one or more forms of digital assets.

5.  To the best of the Petitioner's information and belief FTX Digital operates its business in Antigua and Barbuda and the United States of America.

6.  The ultimate beneficial owner of the company is Mr. Samuel Bankman-Fried **("SBF")**.

## The Grounds and Jurisdiction

7.  The grounds on which a winding up order by this Honourable Court is sought as follows:

    7.1.  FTX Digital is a company within the meaning of the Companies (Winding Up Amendment) Act 2011 **("the CWUA Act),** s.185 (b).

    7.2.  The Petitioner is a regulator within the meaning of the CWUA Act, s.183.

    7.3.  The Petitioner, in its capacity as regulator, may apply to wind up a company under CWUA Act, if the company is carrying on a regulated business in The Bahamas for any reason as provided under the regulatory laws or any other law: CWUA Act, s. 190(1)(d) and s.190(4).

    7.4.  Under the CWUA Act, this Honourable Court may make an order winding up a company on the application of the Petitioner if the company is insolvent and a company is insolvent if it is unable to pay its debts as they fall due or the value of the company's liabilities exceeds its assets: CWUA Act s. 186(c) and s.187.

    7.5.  Also, a company is deemed to be unable to pay its debts if it is proved to the satisfaction of the court that the company is unable to pay its debts: s.188(c).

    7.6.  The Petitioner believes that FTX Digital is insolvent for the reasons set out in the affidavit of Christina R. Rolle sworn on 10th November 2022.

8.  There are other additional or alternative grounds on which a winding up order is sought to be made by this Honourable Court as follows:

8.1.  On 10 November 2022 the Commission suspended FTX Digital's licence. The CWUA Act, s.186(4) authorises the Commission to petition for the winding up of a company over which it has regulatory authority and whose licence has been suspended.

8.2.  Further, the DARE Act, s.24 requires FTX Digital to act honestly and fairly, to act with due care and diligence, observe and maintain a high standard of professional conduct and maintain adequate financial resources and solvency. The affidavit of Christina R. Rolle evidences that these duties have been breached. The DARE Act, s.46(1)(f) permits the Commission to apply to this Honourable Court for an order to take such action as the Commission considers necessary to protect the interests of clients or creditors of a regulated company. The Commission considers that it is necessary to take action by presenting a winding up petition and obtaining the appointment of a provisional liquidator.  In light of the wide power afforded to the Commission by CWUA Act s.190(1)(d) and s.190(4), a petition can be presented where the DARE Act has been breached. The fact that FTX Digital is not complying with its duties under the DARE Act constitutes sufficient and alternative grounds for a winding up order to be made.

## Appointment of Provisional Liquidator

9.  The Petitioner also seeks an immediate order that a provisional liquidator be appointed in respect of FTX Digital, the order to continue until further order of this Honourable Court.

10.  The grounds for the appointment of a provisional liquidator as required by the CWUA Act, s.199 are:

10.1.  There is a prima facie case for making a winding up order: CWUA Act s.199(2)(a) and

10.2.  The appointment of a provisional liquidator is necessary: CWUA Act s.199(2)(b) –

  (i)  To prevent the dissipation or misuse of the company's assets; and/or

  (ii)  To prevent mismanagement or misconduct on the part of the company's directors; and/or

  (iii)  In the public interest.

11.   It is proposed that Mr. Brian Cecil Simms KC of 3 Bayside Executive Park, Nassau, N.P., The Bahamas be appointed as a provisional liquidator of FTX Digital pending the determination of the Petition.

12.   The purpose of such an appointment is to protect the interests of investors and creditors of FTX Digital and the wider public interest in the orderly and secure management of the business of digital and crypto assets in the Commonwealth of the Bahamas pending the determination of the Petition

13.   For the reasons set out above the Petitioner makes this application for FTX Digital to be wound up on the following grounds:

   13.1.   That FTX Digital is insolvent: CWUA Act, s.186(b)

   13.2.   That it is just and equitable that FTX Digital be wound up: CWUA Act, s.186(e)

   13.3.   That FTX Digital's licence has been revoked: CWUA Act, s.186 (f)

**AND YOUR PETITIONER** therefore humbly prays that:

   i.   FTX Digital be wound up in accordance with the Companies (Winding Up Amendment) Act, 2011.

   ii.   Mr. Brian Simms KC of 3 Bayside Executive Park, Nassau, N.P., The Bahamas be appointed as provisional liquidator of FTX Digital forthwith pending the determination of the Petition.

   iii.   All costs incurred by Mr. Brian Simms KC, and his advisors to date, if any, shall be costs in the winding-up; and

   iv.   Such further Order or directions as the Court thinks fit.

**AND YOUR PETITIONER** will ever pray.

**DATED this 10ᵗʰ day of November A.D., 2022**

Securities Commission of The Bahamas
**Securities Commission of The Bahamas**
2ⁿᵈ Floor Poinciana House,
North Building
31A East Bay Street
Nassau, N.P., The Bahamas

**NOTE:** This petition is intended to be served on FTX Digital and Samuel Bankman-Fried whose last known address is Nassau, N.P., The Bahamas.

This Petition was presented by the Securities Commission of The Bahamas whose address for service is **Securities Commission of The Bahamas** 2ⁿᵈ Floor Poinciana House, North Building, 31A East Bay Street.

### NOTICE OF HEARING

**TAKE NOTICE THAT** the hearing of this petition will take place at the Supreme Court in the city of Nassau on the Island of New Providence one of the Islands of the Commonwealth of The Bahamas on the **10ᵗʰ** day of **February** A.D., 2023 at **10** o'clock in the fore-noon.

Any correspondence or communication with the Court relating to the hearing of this petition should be addressed to the Registrar of the Commercial Division of the Supreme Court at Nassau, The Bahamas.

**COMMONWEALTH OF THE BAHAMAS**

**IN THE SUPREME COURT**

**Commercial Division**

**IN THE MATTER OF the Digital Assets and
Registered Exchanges Act, 2020 (as amended)**

**AND IN THE MATTER OF
FTX DIGITAL MARKETS LTD.**
(A Registered Digital Asset Business)

**AND IN THE MATTER OF the
Companies (Winding Up Amendment) Act, 2011**

---

**PETITION**

---

2022
COM/com

Securities Commission of The Bahamas
**Securities Commission of The Bahamas**
2nd Floor Poinciana House,
North Building
31A East Bay Street
Nassau, N.P., The Bahamas

**COMMONWEALTH OF THE BAHAMAS**

**IN THE SUPREME COURT**

**COMMERCIAL DIVISION**

2022/COM/com

SUPREME COURT

NOV 1 5 2022

NASSAU, BAHAMAS

IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020

(as amended)

AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.

(A Registered Digital Asset Business)

SECURITIES COMMISSION OF THE BAHAMAS

Plaintiff

AND

FTX DIGITAL MARKETS LTD.

Defendant

---

# ORDER

---

**Before The Honourable Justice Loren Klein**

**Dated the 12th day of November, A.D., 2022**

**UPON AN URGENT APPLICATION**, made orally and ex parte, on behalf of The Securities Commission of The Bahamas ("the Application").

**AND UPON HEARING** Mr. Robert K. Adams, KC and Edward J. Marshall II of Counsel for The Securities Commission of The Bahamas

**AND THE COURT,** being satisfied by Counsel appearing for The Securities Commission that the Provisional Liquidator of the FTX Digital Markets Ltd had been notified of the Application

**AND UPON THE UNDERTAKING** of Counsel for the Applicant to file herein an Originating Summons and Affidavit in support thereof on Monday, 14 November 2022

**IT IS ORDERED THAT** The Securities Commission of The Bahamas is hereby granted leave to commence proceedings against FTX Digital Markets Ltd for relief under section 46 of the Digital Assets and Registered Exchanges Act, 2020.

**AND IT IS ORDERED** that the costs of and occasioned by this application are to be costs in the cause.

**BY ORDER OF THE COURT**

**REGISTRAR**

COMMONWEALTH OF THE BAHAMAS

IN THE SUPREME COURT

COMMERCIAL DIVISION


IN THE MATTER OF the Digital Assets and

Registered Exchanges Act, 2020

(as amended)


AND IN THE MATTER OF FTX DIGITAL

MARKETS LTD.

(A Registered Digital Asset Business)


SECURITIES COMMISSION OF THE

BAHAMAS

**Plaintiff**

AND


FTX DIGITAL MARKETS LTD.

**Defendant**

---

# ORDER

---

**2022/COM/com**




**DELANEY PARTNERS**
Lyford Manor (West Bldg)
Western Road, Lyford Cay
New Providence, The Bahamas

Attorneys for the Plaintiff

RKA/EJM/sjs

**SUPREME COURT**

**NOV 1 4 2022**

**NASSAU, BAHAMAS**

**COMMONWEALTH OF THE BAHAMAS**                              2022/COM/com

**IN THE SUPREME COURT**

**COMMERCIAL DIVISION**

IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020

(as amended)

AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.

(A Registered Digital Asset Business)

SECURITIES COMMISSION OF THE BAHAMAS

Plaintiff

AND

FTX DIGITAL MARKETS LTD.

Defendant

---

## ORDER

---

Before The Honourable Justice Loren Klein

Dated the 12th day of November, A.D., 2022

**UPON AN URGENT APPLICATION**, made orally and ex parte, on behalf of The Securities Commission of The Bahamas ("the Application").

**AND UPON HEARING** Mr. Robert K. Adams, KC and Edward J. Marshall II of Counsel for The Securities Commission of The Bahamas

**AND THE COURT,** being satisfied by Counsel appearing for The Securities Commission that the Provisional Liquidator of the FTX Digital Markets Ltd had been notified of the Application

**AND UPON THE UNDERTAKING** of Counsel for the Applicant to file herein an Originating Summons and Affidavit in support thereof on Monday, 14 November 2022

**IT IS HEREBY ORDERED THAT** The Securities Commission of The Bahamas, as regulator, do take the action of directing FTX Digital Markets Ltd, whether by its Provisional Liquidator or otherwise, to transfer forthwith to an account and/or digital wallet(s) established and maintained by The Securities Commission of The Bahamas all of the digital assets on the FTX.com platform within the possession, custody and/or under the control of FTX Digital Markets Ltd, its officers, directors, employees and/or agents, including any digital assets held upon trust by FTX Digital Markets Ltd, on the grounds that such action is necessary to protect the interests of clients and creditors of FTX Digital Markets Ltd and otherwise in the public interest to do so

**AND IT IS ORDERED** that the costs of and occasioned by this application are to be costs in the cause.

**THIS ORDER** shall remain in force until varied or discharged upon application being made on two clear days' notice **AND** the parties shall be at liberty to apply.


**BY ORDER OF THE COURT**


**REGISTRAR**

COMMONWEALTH OF THE BAHAMAS

IN THE SUPREME COURT

COMMERCIAL DIVISION

IN THE MATTER OF the Digital Assets and

Registered Exchanges Act, 2020

(as amended)

AND IN THE MATTER OF FTX DIGITAL

MARKETS LTD.

(A Registered Digital Asset Business)

SECURITIES COMMISSION OF THE

BAHAMAS

**Plaintiff**

AND

FTX DIGITAL MARKETS LTD.

**Defendant**

---

# ORDER

---

**2022/COM/com**

*Delaney Partners*
**DELANEY PARTNERS**
Lyford Manor (West Bldg)
Western Road, Lyford Cay
New Providence, The Bahamas

Attorneys for the Plaintiff

RKA/EJM/sjs

COMMONWEALTH OF THE BAHAMAS                    2022/COM/com

IN THE SUPREME COURT

COMMERCIAL DIVISION

SUPREME COURT

NOV 22 2022

IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020

(as amended)


AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.

(A Registered Digital Asset Business)


SECURITIES COMMISSION OF THE BAHAMAS

**Plaintiff**

**AND**

FTX DIGITAL MARKETS LTD.

**Defendant**

---

# SUPPLEMENTAL ORDER

---

**Before The Honourable Chief Justice Ian Winder**

**Dated the 21st day of November, A.D., 2022**


**UPON THE APPLICATION** of the Plaintiff, Securities Commission of The Bahamas, made by Summons dated 18th November and filed herein on 21st November, 2022.

**AND UPON HEARING** Mr. Robert K. Adams, KC and Mr. Edward J. Marshall II of Counsel for the Securities Commission of The Bahamas, and Mrs. Sophia T. Rolle-Kapousouzoglou with Mr Valdere J. Murphy of Counsel for the Joint Provisional Liquidators of FTX Digital Markets Ltd.

**AND UPON READING** the Second Affidavit of Christina R. Rolle sworn on 18th November, 2022 and filed herein on 21st November, 2022.

**IT IS HEREBY ORDERED THAT:**

1. The digital assets transferred by FTX Digital Markets Ltd ("FTXDM") to digital wallet(s) established and maintained by the Securities Commission of The Bahamas ("the Commission") under the authority of the Order of The Honourable Justice Loren Klein made on 12th November 2022 to enable to regulatory and administrative action by the Commission to protect the assets of FTXDM in the interest of the clients and creditors of FTXDM, shall continue to be held in the custody of the Commission as regulator under the continuing direction of this Honourable Court and so long as held by the Commission, the Commission shall be regarded as acting as trustee in the administration of trust assets within the meaning of the Trustee Act Ch.176 for the benefit of the clients and/or creditors of FTXDM, pending directions for the continued safe custody of the said assets issued by this Honourable Court to the joint provisional liquidators and/or the Commission in the proceeding for the winding-up of FTXDM or further order.

2. For the avoidance of doubt, the Commission is entitled to be indemnified as a trustee under the law, including without limitation, pursuant to The Trustee Act, Ch. 176.

3. Further, for the avoidance of doubt, the Commission is entitled to be reimbursed out of the said assets held upon trust, with respect to the expenses, costs and charges reasonably incurred in connection with, or by reason of, the action taken by the Commission under the authority of the said Order made on 12th November, 2022 to protect the said assets in the interest of the clients and/or creditors of FTXDM, including but not limited to, costs associated with establishing and maintaining the digital wallet(s).

4. Any indemnifying payment to be made under paragraph 2 herein and/or re-imbursement to be made under paragraph 3 herein to the Commission shall require prior approval of the Court.

5. The Second Affidavit of Christina Rolle and other documents filed herein (including counsel's skeleton argument) and the affidavits and documents filed herein in the future, save for the Originating Notice of Motion, Orders

of The Honourable Justice Klein made on 12th November and 16th November, 2022 and this Order, shall be sealed and kept confidential until further Order.

6. The costs of and occasioned by this application are to be paid to the Commission as a trustee of the said assets.

7. The parties be at liberty to apply.

**BY ORDER OF THE COURT**

**REGISTRAR**

COMMONWEALTH OF THE BAHAMAS

IN THE SUPREME COURT

COMMERCIAL DIVISION

IN THE MATTER OF the Digital Assets and

Registered Exchanges Act, 2020

(as amended)

AND IN THE MATTER OF FTX DIGITAL

MARKETS LTD.

(A Registered Digital Asset Business)

SECURITIES COMMISSION OF THE

BAHAMAS

Plaintiff

AND

FTX DIGITAL MARKETS LTD.

Defendant

_____

## SUPPLEMENTAL ORDER

_____

2022/COM/com

**DELANEY PARTNERS**

Lyford Manor (West Bldg)
Western Road, Lyford Cay
New Providence, The Bahamas

Attorneys for the Plaintiff

RKA/EJM/sjs 0833-2949

**COMMONWEALTH OF THE BAHAMAS**
**IN THE SUPREME COURT**
**COMMERCIAL DIVISION**

SUPREME COURT

NOV 1 6 2022

NASSAU, BAHAMAS

2022/COM/com

IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020

(as amended)

AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.

(A Registered Digital Asset Business)

BETWEEN

SECURITIES COMMISSION OF THE BAHAMAS

**Plaintiff**

AND

FTX DIGITAL MARKETS LTD.

**Defendant**

---

## ORDER

---

Before The Honourable Justice Loren Klein
Dated the 16th day of November, A.D., 2022

**UPON THE URGENT APPLICATION** of the Plaintiff by Summons filed herein on 16 November 2022

**AND UPON HEARING** Mr. Robert K. Adams, KC and Edward J. Marshall II of Counsel for the Plaintiff

**AND THE COURT,** being satisfied by Counsel appearing for the Plaintiff that the Provisional Liquidator of the FTX Digital Markets Ltd had been notified of the Application

**IT IS ORDERED THAT** the Affidavit of Christina Rolle and other documents to be filed save for the Originating Notice of Motion and the Orders made herein on 12th November 2022 and filed on 14th and 15th November 2022, respectively, shall be sealed and kept confidential until further Order **AND IT IS ORDERED** that the costs of and occasioned by this application are to be costs in the cause.

**THIS ORDER** shall remain in force until varied or discharged upon application being made on two clear days' notice **AND** the parties shall be at liberty to apply.

**BY ORDER OF THE COURT**

**REGISTRAR**

COMMONWEALTH OF THE BAHAMAS
IN THE SUPREME COURT
COMMERCIAL DIVISION

IN THE MATTER OF the Digital Assets and
Registered Exchanges Act, 2020
(as amended)

AND IN THE MATTER OF FTX DIGITAL
MARKETS LTD.
(A Registered Digital Asset Business)

BETWEEN

SECURITIES COMMISSION OF THE
BAHAMAS

Plaintiff

AND

FTX DIGITAL MARKETS LTD.

Defendant

_____

## ORDER

_____

2022/COM/com

*Delaney Partners*
**DELANEY PARTNERS**
Lyford Manor (West Bldg)
Western Road, Lyford Cay
New Providence, The Bahamas

Attorneys for the Plaintiff

RKA/EJM/sjs 0833-2949

# **EXHIBIT 12**

**WHITE & CASE**

December 7, 2022

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

whitecase.com

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Attn: James Bromley
      Andrew Dietderich
      Brian Gluckstein

RE: *In re FTX Digital Markets Ltd.*, Case No. 22-11217 (Bankr. D. Del.)

Dear Gentlemen:

As you know, we represent Brian Simms KC, Kevin Cambridge and Peter Greaves in their capacities as joint provisional liquidators ("*JPLs*") of FTX Digital Markets Ltd. (the "*Company*"), which was placed into provisional liquidation by the Supreme Court of the Commonwealth of The Bahamas upon a petition presented by the Securities Commission of The Bahamas for the winding up of the Company.

Thank you for taking the time to speak with us on Thursday, December 1, 2022. As discussed, the JPLs urgently require immediate access to the Company's electronic records that are contained on certain of the systems controlled by the Chapter 11 Debtors. The JPLs have been cut off from those systems and their access must be immediately restored. Without access, there are potentially severe adverse impacts and possible damage to the Company because the Company's assets are at real risk of dissipation. Moreover, information key to the JPLs' investigation is expected to be automatically wiped over time if not preserved. The specific systems at issue were identified in my November 30, 2022 letter and include:

1. Slack
2. Google Mail / Google Chat
3. Google Drive
4. AWS Cloud Platform
5. Google Cloud Platform BigQuery

Please restore access to the JPLs by no later than 5PM EST on Thursday, December 8, 2022. We understand that for certain sensitive systems you have created a recent "clone" of the live database. For immediate purposes, access to these clones will be sufficient.

Sullivan & Cromwell LLP
December 7, 2022

WHITE & CASE

While we strongly prefer to work with you consensually on this matter, we are prepared to seek urgent assistance from the Bankruptcy Court if necessary.  Thank you in advance for your cooperation.  We are available to discuss this matter further if helpful.

Best regards,

Brian Pfeiffer
Partner

# EXHIBIT 13

**From:** Pfeiffer, Brian <brian.pfeiffer@whitecase.com>
**Date:** Friday, Dec 09, 2022 at 10:49 AM
**To:** Bromley, James L. <bromleyj@sullcrom.com>, Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>
**Cc:** Dietderich, Andrew G. <dietdericha@sullcrom.com>
**Subject:** [EXTERNAL] RE: FTX

Thanks Jim.  We'll discuss on our end and consider schedules/availability and will get back to you.   Best,
Brian

---

**From:** Bromley, James L. <bromleyj@sullcrom.com>
**Date:** Thursday, Dec 08, 2022 at 7:28 PM
**To:** Pfeiffer, Brian <brian.pfeiffer@whitecase.com>, Lauria (Boelter), Jessica <jessica.lauria@whitecase.com>
**Cc:** Dietderich, Andrew G. <dietdericha@sullcrom.com>
**Subject:** FTX

Brian/Jessica,
We have been chatting here and would like to suggest an in person meeting next Wednesday to see if we can take the temperature down.  There are a number of issues of mutual interest that would benefit from transparency and cooperation from both sides of the fence.  We think it would also be helpful to include counsel for the Securities Commission, so that we can have all issues on the table.  Please check with your clients and let us know what they think.
Thanks,
Jim

Btw, Brian, this is what I was calling about earlier.

James L. Bromley
Sullivan & Cromwell LLP | 125 Broad Street |
   New York, NY  10004-2498

T: (212) 558-4923 | F: (212) 291-3588 | C: (973) 901-6898
bromleyj@sullcrom.com | http://www.sullcrom.com

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

===============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available here [whitecase.com].

===============================================================================

**This is an external message from: brian.pfeiffer@whitecase.com **

# EXHIBIT 14

White & Case Draft: December 15, 2022

**SUMMARY OF TERMS AND CONDITIONS OF TURNOVER OF DATA AND INFORMATION OF FTX DIGITAL MARKETS, LTD.**

*This summary of terms and conditions (the "**Information Turnover Term Sheet**" or "**ITTS**") for the turnover of certain data and information of FTX Digital Markets, Ltd. ("**FTX Digital**") to the Joint Provisional Liquidators (the "**JPLs**") duly appointed as liquidators of FTX Digital in the Bahamian Provisional Liquidation of FTX Digital (the "**Bahamian Liquidation Proceedings**") by FTX Trading Ltd., and its affiliates (the "**U.S. Debtors**", and collectively with FTX Digital and the JPLs, the "**Parties**") is intended for discussion purposes only and does not constitute a binding commitment. Only upon entry of an order substantially in the form agreed to by the Parties entered by the United States Bankruptcy Court for the District of Delaware (the "**Order**") shall this Information Turnover Term Sheet result in any binding or enforceable obligations of any Party relating hereto. Capitalized terms used and not defined herein shall have the meanings assigned to them in the Emergency Motion of the Joint Provisional Liquidators of FTX Digital Markets Ltd. (I) For Relief from the Automatic Stay and (II) To Compel Turnover of Electronic Records Under Sections 542, 1519(A)(3), 1521(A)(7) and 1522 of the Bankruptcy Code [D.I. 199] (the "**Motion to Lift Stay**").*

| Material Provision | Summary Description |
|---|---|
| **Entry of Orders** | The rights and obligations of the Parties shall be subject to the entry of the Order, substantially in the forms to be agreed upon by the Parties and attached hereto as ***Exhibit A*** and ***Exhibit B***. Upon entry, the Order cannot be modified or amended without the written consent (or verbal consent on the record in the case of any modifications made at a hearing) of each of the Parties. |
| **Turnover Information from the U.S. Debtors** | Within two 2 business days following entry of the Order, and subject to the terms therein, the U.S. Debtors will provide the JPLs with the following categories and types of data and information (the "**Information**") of FTX Digital used to run the FTX.com international platform (the "**International Platform**") on a rolling, "as-ready" basis:<br><br>**Platform Databases:** A snapshot (i.e. backup or "clone") copy (a "**Clone Copy**" or the "**Clone Copies**") of all AWS databases which were used to run the FTX.com International Platform. The Clone Copies shall be a snapshot of the AWS databases as of the close of business on November 14, 2022, when the International Platform was fully offline for customers (i.e., no additional transfers or withdrawals were occurring).<br><br>The Platform Database Information shall include, without limitation, Clone Copies from the following databases: (a) FTXMain (Main Platform database), and (b) Orders (List of Platform orders), in addition to any additional databases used to operate the International Platform.<br><br>**Slack Extracts**: Extracts of Slack chat records for any and all conversations/groups/channels that each employee of FTX Digital (collectively, the "**FTX Digital Employees**") participated in |

| | |
|---|---|
| | starting from the initial date of each FTX Digital Employee's employment. Extracts should include the full conversation history for all participants. A list of priority FTX Digital Employees ("**Priority Employees**") is attached at Appendix 1. The U.S. Debtors agree to provide Slack Extracts for the Priority Employees prior to the Slack Extracts for any non-Priority Employees.<br><br>**QuickBooks**: Full data export for all FTX Digital records held within QuickBooks. This export should include full transaction histories plus any associated master data such as Chart of Accounts, Vendor Master, and any other related data of FTX Digital.<br><br>**Google Email**: Extracts of all emails for the FTX Digital Employees starting from the initial date of date of each FTX Digital Employee's employment. Extracts should include the full conversation history for all participants on the email chain. The U.S. Debtors agree to provide emails for the Priority Employees prior to emails for any non-Priority Employees.<br><br>**Google Drive**: Data for the Google Drives in which FTX Digital Employees had access to folders and user files, in the order of priority (Priority Employees first) discussed above.<br><br>**Bank Account Details**: Schedule of FTX Digital bank accounts (the "**Bank Accounts**"), including Bank Account numbers, any bank statements or communications related to the Bank Accounts, including currency and balance held in such Bank Accounts. |
| **Information Updating/Spoilation** | The U.S. Debtors agree that any Information provided to the JPLs in Clone Copy form shall be updated and re-submitted on a quarterly basis, until the earlier such time that (i) the JPLs are granted access to the systems on a dynamic basis, or (ii) the JPLs agree in writing that such Clone Copies do not need to be updated further.<br><br>The U.S. Debtors also agree that they will not allow any of the Platform Database Information to spoil or be purged from the Platform Databases. |
| **No Sharing of Information** | The JPLs will not share any of the Information (including, but not limited to, the Clone Copies) produced pursuant to the Order other than with their legal, financial or any other advisors, without the prior written consent of the U.S. Debtors or further order from the Bankruptcy Court. For the avoidance of doubt, FTX Digital and the JPLs will not share any Information produced pursuant to this ITTS and the Order with The Securities Commission of the Bahamas, provided that, for purposes of clarity, the foregoing shall not apply to any information that is or comes into the possession of the JPLs from a source other than the U.S. Debtors.<br><br>A Party shall notify the other Parties within three (3) business days if it receives any requests to share the Information, including |

| | pursuant to any court orders, subpoenas, regulatory or governmental actions, or document requests in legal proceedings. |
|---|---|
| **Reservation of Rights** | The Parties reserve all of their rights to seek further relief from the Bankruptcy Court as it relates to obtaining additional categories of information from the Debtors, or with respect to our ability to share such information with third parties, including the Commission. |
| **Pending Motion to Lift Stay** | The JPLs Motion to Lift Stay shall be held in abeyance *sine die*, provided, that the JPLs can re-notice such motion on 45 days' notice, or on such other notice period that the U.S. Bankruptcy Court may establish. |

**Appendix 1 - Priority FTX Digital Employees**

| Employee Name | Position Title |
|---|---|
| Aramintha (Jessica) Ferguson | Compliance Officer |
| Ashley Sturrup | Legal Counsel |
| Constance Wang (Zhe) | Co-CEO |
| Daniel Chapsky | Head of Data Science |
| Elizabeth Lee | Senior Settlement Officer |
| Gary Wang (Xiaxio) | Chief Technology Officer (CTO) & Co-Founder |
| Jayesh Peswani | Head of Finance |
| Roshan Daswani | Senior Settlement Officer |
| Nishad Singh | Director of Engineering |
| Ryan Salame | CEO |
| Samuel Bankman-Fried | Founder & CEO |
| Tiffany S. Wells | Financial Controller |
| Adonis Fernander | Settlements Associate |
| Alexis Hanna-Delancy | Settlements Associate |
| Chade Farrington | Settlements Associate |

# EXHIBIT 15

**SUMMARY OF TERMS AND CONDITIONS OF TURNOVER OF DATA AND INFORMATION**

*This summary of terms and conditions (the "**Information Turnover Term Sheet**" or "**ITTS**") for the turnover of certain data and information of FTX Digital Markets, Ltd. ("**FTX Digital**") to the Joint Provisional Liquidators (the "**JPLs**") provisionally appointed as liquidators of FTX Digital in the Bahamian Provisional Liquidation of FTX Digital (the "**Bahamian Liquidation Proceedings**") by FTX Trading Ltd., and its affiliates (the "**Chapter 11 Debtors**", and collectively with FTX Digital and the JPLs, the "**Parties**") is intended for discussion purposes only and does not constitute a binding commitment. Only upon entry of orders substantially in the form agreed to by the Parties entered by the United States Bankruptcy Court for the District of Delaware and the Supreme Court of the Bahamas (the "**Orders**") and shall this Information Turnover Term Sheet result in any binding or enforceable obligations of any Party relating hereto. Capitalized terms used and not defined herein shall have the meanings assigned to them in the Emergency Motion of the Joint Provisional Liquidators of FTX Digital Markets Ltd. (I) For Relief from the Automatic Stay and (II) To Compel Turnover of Electronic Records Under Sections 542, 1519(A)(3), 1521(A)(7) and 1522 of the Bankruptcy Code [D.I. 199] (the "**Motion to Lift Stay**").*

| Material Provision | Summary Description |
|---|---|
| **Scope of Information Turnover Term Sheet** | This Information Turnover Term Sheet reflects information about FTX Digital, which the Debtors are providing voluntarily prior to any agreement or entry of a recognition order in FTX Digital's Chapter 15 case. <br><br> Subject to the reservations of rights included in this ITTS, the Parties agree that all information provided to the JPLs as contemplated by this ITTS shall be static information and no dynamic access to any system of the Chapter 11 Debtors shall be provided at this time. |
| **Entry of Orders** | The rights and obligations of the Parties shall be subject to the entry of the Orders, substantially in the form to be agreed upon by the Parties and attached hereto as *Exhibit A*. Upon entry, the Orders shall not be modified or amended without the written consent (or verbal consent on the record in the case of any modifications made at a hearing) of each of the Parties. |
| **Information Provided from the Chapter 11 Debtors (Other than AWS, Slack and Email)** | Within two (2) business days following the later of entry of the U.S. Order and the entry of the similar order of the Supreme Court of the Bahamas with respect to the FTX Digital Information described below, and subject to the terms of the U.S. Order, the Chapter 11 Debtors will begin to provide the JPLs with the following categories and types of data and information of and used by FTX Digital (the "**Information**") to perform services on the "FTX.com" cryptocurrency exchange (the "**Dotcom Exchange**") currently in their custody, possession or control relating, in each case on a rolling, "as-ready" basis using commercially reasonable efforts to provide such information as promptly as practicable: <br><br> **Accounting Records**: Accounting records of FTX Digital, including a full data export for all FTX Digital records held within |

| | |
|---|---|
| | QuickBooks. This export will include full transaction histories plus any associated master data such as Chart of Accounts, Vendor Master, and any other related data of FTX Digital, if available.<br><br>**Agreements and Contracts:**  All agreements and contracts to which FTX Digital is a party, whether with a Chapter 11 Debtor or any third party.<br><br>**Contractual Information:**  All information, if any is now or later identified, including information on any messaging or email system, with respect to which FTX Digital has a contractual right to access under any shared services or other agreement.<br><br>**Owned Information:**  All information, if any is now or later identified, owned by FTX Digital under non-bankruptcy law.<br><br>**Necessary Information**:  All information, if any is now or later identified, related to or reasonably necessary for the administration of any property of FTX Digital other than claims against Chapter 11 Debtors.<br><br>**Google Drive**:  File folders or other identifiable information related to FTX Digital, the services performed by FTX Digital on the Dotcom Exchange or the Bahamas Securities Commission.  A snapshot showing the file structure on the Google Drive will also be provided for review, and the Chapter 11 Debtors will discuss in good faith requests for any other file folders identified by the JPL.<br><br>**Bank Account Details**:  Schedule of FTX Digital bank accounts (the "**Bank Accounts**"), including Bank Account numbers, any bank statements or communications related to the Bank Accounts, including currency and balance held in such Bank Accounts. |
| **AWS** | The Chapter 11 Debtors will provide as promptly as available (and in any event within one day of providing the same to the Official Committee of Creditors), a snapshot (i.e. backup or "clone") copy (a "**Clone Copy**" or the "**Clone Copies**") of user information containing names and account balances as of November 11, 2022, for all customers who entered into user agreements with FTX Trading Ltd. with respect to the Dotcom Exchange after May 13, 2022, whether or not any services were provided to such customers by FTX Digital. |
| **Slack and Email Messages** | The Chapter 11 Debtors shall provide extracts from the Chapter 11 Debtors' Slack and Google Email systems using (A) all FTX Digital employees as custodians (even if such employees are also employees of the Chapter 11 Debtors) and (B) mutually-agreed search terms reasonably calculated to return documents relating to FTX Digital, the services performed by FTX Digital on the Dotcom Exchange, or the Bahamas Securities Commission.  Extracts will |

| | include attachments.  The Debtors shall use commercially reasonable efforts to provide extracts for the Priority Employees listed on Appendix 1 within 10 days. |
|---|---|
| **Information Preservation** | The Chapter 11 Debtors agree that they will not destroy or purge any currently existing data and information used to provide FTX Digital services on the Dotcom Exchange. |
| **Sharing of Information** | The JPLs will not share any of the Information produced pursuant to the Order other than with their legal, financial or any other advisors, without the prior written consent of the Chapter 11 Debtors or further order from the Bankruptcy Court, provided that, for the purposes of clarity, the foregoing shall not apply to any information that is or comes into the possession of the JPLs from a source outside of the ITTS.  The JPLs may share the Information received pursuant to this ITTS with The Securities Commission of the Bahamas upon five (5) business days' notice to the Chapter 11 Debtors so that the Chapter 11 Debtors have an opportunity to seek protective relief; *provided that*, the JPLs reserve the right to seek a Bankruptcy Court adjudication that the foregoing restriction is inappropriate and should be lifted.<br><br>A Party shall notify the other Parties within three (3) business days if it receives any requests to share the Information, including pursuant to any court orders, subpoenas, regulatory or governmental actions, or document requests in legal proceedings. |
| **Information Provided from the JPLs** | Within two (2) business days following the later of the entry of the U.S. Order, and entry of a similar order of the Supreme Court of the Bahamas in form and substance reasonably acceptable to the Chapter 11 Debtors, and subject to the terms therein, the JPLs will begin to provide to the Chapter 11 Debtors, in accordance with the Bahamas Court Order, on a rolling basis copies of documents currently in their or their representatives' custody, possession or control relating to the Chapter 11 Debtors (the "**FTX Digital Information**") in each case on a rolling, "as-ready" basis using commercially reasonable efforts to provide such information as promptly as practicable:<br><br>• any information relating to the identity, location, access or transfer of cryptocurrency or other digital assets associated with or accessible by the Dotcom Exchange, FTX Digital Markets, any Chapter 11 Debtor, Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison or Ryan Salame on or after November 8, 2022;<br>• any information relating to the recipients of withdrawals made out of the Dotcom Exchange after November 8, 2022;<br>• any information relating to property of or identified as nominally or beneficially owned by any Chapter 11 Debtor; |

|  | <ul><li>an inventory of all property or information obtained directly or indirectly from any premises owned or leased by any Chapter 11 Debtor; and</li><li>all email and other communications on or after November 8, 2022, to which the JPL or any representatives is party (prior to or after appointment) relating to either of the foregoing, with custodians and search terms to be reasonably agreed.</li></ul> |
|---|---|
| **Reservation of Rights** | The Parties reserve all of their rights to seek further relief from the Bankruptcy Court, including as it relates to obtaining additional categories of information from the Chapter 11 Debtors or updating the Information exchanged pursuant to the ITTS, or with respect to the JPLs' ability to share such information with third parties, including the Commission. |
| **Pending Motion to Lift Stay** | The JPLs' Motion to Lift Stay shall be dismissed, without prejudice, within five (5) days of entry of the Orders contemplated herein.  The Parties' rights are reserved with respect to any future motion that may be filed with respect to any information sharing. |

**Appendix 1 - Priority Employees**

| Employee Name | Position Title at FTX Digital |
|---|---|
| Aramintha (Jessica) Ferguson | Compliance Officer |
| Ashley Sturrup | Legal Counsel |
| Constance Wang (Zhe) | Co-CEO |
| Daniel Chapsky | Head of Data Science |
| Elizabeth Lee | Senior Settlement Officer |
| Gary Wang (Xiaxio) | Chief Technology Officer (CTO) & Co-Founder |
| Jayesh Peswani | Head of Finance |
| Roshan Daswani | Senior Settlement Officer |
| Nishad Singh | Director of Engineering |
| Ryan Salame | CEO |
| Samuel Bankman-Fried | Founder & CEO |
| Tiffany S. Wells | Financial Controller |
| Adonis Fernander | Settlements Associate |
| Alexis Hanna-Delancy | Settlements Associate |
| Chade Farrington | Settlements Associate |
| Can Sun | Legal Counsel |