**<u>EXHIBIT 1</u>**

**Proposed Joint Pretrial Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| In re | Chapter 15 |
| FTX DIGITAL MARKETS LTD.,[2] | Case No. 22-11217 (JTD) |
| Debtor in a Foreign Proceeding. | |

## JOINT FINAL PRETRIAL ORDER

This Pretrial Order addresses the issues to be presented and the witnesses to be called by (i) Brian C. Simms KC, Kevin G. Cambridge, and Peter Greaves (the "**Joint Provisional Liquidators**"), in their capacity as the duly appointed joint provisional liquidators of FTX Digital Markets Ltd. ("**FTX Digital**"), (ii) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "**Chapter 11 Debtors**"), and (iii) the Official Committee of Unsecured Creditors of FTX Trading Ltd, *et al.* (the "Committee", and together with the Joint Provisional Liquidators and the Chapter 11 Debtors, the "**Parties**") during the hearing to consider the *Emergency Motion of the Joint Provisional Liquidators of FTX Digital Markets Ltd. (I) for Relief from Automatic Stay*

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in the Chapter 11 Cases, a complete list of the debtors (the "**Chapter 11 Debtors**") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Chapter 11 Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] FTX Digital Markets Ltd. (in Provisional Liquidation) was incorporated in the Commonwealth of The Bahamas as an International Business Company, registered number 207269B.

*and (II) to Compel Turnover of Electronic Records Under Sections 542, 1519(a)(3), 1521(a)(7)*

*and 1522 of the Bankruptcy Code* [Case No. 22-11068 (JTD), Docket No. 197] (the "**Emergency**

**Motion**").[3]    The information has been compiled to the best of the Parties' ability, based on

information provided to date by the Parties.

## I.      NATURE OF THE CASE

The Joint Provisional Liquidators are seeking entry of an order requiring the Chapter 11

Debtors to provide access to the Recorded Information.    At this time, the Joint Provisional

Liquidators only seek static access and do not currently seek dynamic access to the cloud-based

systems controlled by the Chapter 11 Debtors, but the Joint Provisional Liquidators reserve the

right to seek such access at a later date.

The Chapter 11 Debtors and the Committee object to the Motion and the scope of the

information sought therein.    To have an orderly and efficient presentation of the evidence at the

hearing, this Pretrial Order seeks to clarify the issues that will be presented and the witnesses that

will testify.

---

[3]    Terms not defined herein shall have the meaning ascribed to them in the Motion, or supporting declarations, as applicable.

## II.    **THE PARTIES**

a.    **The Joint Provisional Liquidators' Counsel:**

**RICHARDS, LAYTON & FINGER, P.A.**
Kevin Gross (Bar No. 209)
Paul N. Heath (Bar No. 3704)
Brendan J. Schlauch (Bar No. 6115)
David T. Queroli (Bar No. 6318)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
gross@rlf.com
heath@rlf.com
schlauch@rlf.com
queroli@rlf.com

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
J. Christopher Shore (admitted *pro hac vice*)
Mark Franke (admitted *pro hac vice*)
Brett L. Bakemeyer (admitted *pro hac vice*)
Brandon Batzel (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
jessica.lauria@whitecase.com
cshore@whitecase.com
mark.franke@whitecase.com
brett.bakemeyer@whitecase.com
brandon.batzel@whitecase.com

Thomas E Lauria (admitted *pro hac vice*)
Brian D. Pfeiffer (admitted *pro hac vice*)
Richard S. Kebrdle (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:     (305) 371-2700
tlauria@whitecase.com
brian.pfeiffer@whitecase.com
rkebrdle@whitecase.com

      **b.**    **Chapter 11 Debtors' Proposed Counsel:**

**LANDIS RATH & COBB LLP**
Adam G. Landis
Kimberly A. Brown
Matthew R. Pierce
919 Market Street, Suite 1800
Wilmington, DE 19801
landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Alexa J. Kranzley
125 Broad Street
New York, NY 10004
dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kransleya@sullcrom.com

      **c.**    **Committee's Proposed Counsel:**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
        rpoppiti@ycst.com

PAUL HASTINGS LLP
Kristopher M. Hansen*
Luc A. Despins*
Kenneth Pasquale*
Isaac S. Sasson*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Email: krishansen@paulhastings.com
      lucdespins@paulhastings.com
      kenpasquale@paulhastings.com
      isaacsasson@paulhastings.com

*Admitted pro hac vice* in Case No. 22-11068 (JTD); *pro hac vice pending in* Case No. 22-11217 (JTD)

## III.    JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) as to which this Court has the power to enter a final judgment.

## IV.    STIPULATED FACTS

### A.    THE FTX COMPANIES AND INSOLVENCY FILINGS

1.     On November 10, 2022, the Securities Commission of The Bahamas (the "**Commission**") suspended the registration of FTX Digital pursuant to section 19 of the Digital Assets and Registered Exchanges Act, 2020, as amended, Statute Laws of The Bahamas (the "**DARE Act**").  On that date, the Commission filed a petition (the "**Bahamas Petition**") in the Supreme Court of The Bahamas seeking the provisional liquidation of the FTX Digital.

2.     On November 10, 2022, the Supreme Court of The Bahamas issued an order (the "**Provisional Liquidation Order**") directing that the FTX Digital be placed into provisional liquidation (the "**Bahamian Provisional Liquidation**") and appointing Brian C. Simms KC as provisional liquidator.  On November 14, 2022, the Supreme Court of The Bahamas entered an order appointing Kevin G. Cambridge and Peter Greaves as joint provisional liquidators, along with Brian C. Simms KC.  The Provisional Liquidation Order, under Bahamian law, divests the

powers of the FTX Digital's directors to act or exercise any functions for or on behalf of the FTX Digital unless expressly instructed to do so by the Joint Provisional Liquidators in writing.

3.      Under the Provisional Liquidation Order, the Joint Provisional Liquidators have, under Bahamian law, the rights and powers of a liquidator to the extent necessary to maintain the value of the assets owned or managed by FTX Digital and to carry out the functions for which they were appointed.  This includes the power to take possession of and collect the property of FTX Digital, and for that purpose to initiate all such proceedings as the Joint Provisional Liquidators consider necessary.  The Joint Provisional Liquidators are also directed by the Provisional Liquidation Order to take all and any necessary steps to protect the assets of FTX Digital wherever situated, including any assets held on trust by FTX Digital.

4.      On November 11, 2022, FTX Trading Ltd. and 101 other affiliates and subsidiaries which comprise the Chapter 11 Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Case No. 22-11068 commencing the Chapter 11 Cases.

5.      The Chapter 11 Debtors continue to operate their businesses and manage their assets as debtors-in-possession pursuant to sections 1107(a) and 1008 of the Bankruptcy Code.

6.      On November 15, 2022, the Joint Provisional Liquidators filed a petition for recognition of the Bahamian Provisional Liquidation as a foreign proceeding under chapter 15 in the United States Bankruptcy Court for the Southern District of New York commencing the Chapter 15 Case.  On November 28, this Court entered an agreed order to transfer venue of the Chapter 15 Case to this Court, Case No. 22-11217.

7.      On November 21, 2022, the Supreme Court of The Bahamas issued an order sanctioning the Joint Provisional Liquidators' petition seeking recognition under chapter 15.  On

November 22, 2022, the Supreme Court of The Bahamas issued an order sanctioning the Joint

Provisional Liquidators' appearance in the Chapter 11 Cases.

B.    THE ELECTRONIC INFORMATION

8.    Certain services were provided through the ftx.com website and its underlying

technology platform (collectively known as the "**International Platform**").    The following

systems were used by FTX Digital's employees to deliver the services:

> a.    An Amazon Web Services (AWS) cloud account, which was used to set up
> and run virtual servers, databases and other technology components that
> hosted the International Platform. The AWS cloud held information such as
> wallet addresses, customer balances (in both fiat and digital assets), deposit
> and withdrawal records, trades, and accounting data.

> b.    A Google Cloud Portal (GCP) account, which was used to store a copy of
> key database records from the International Platform hosted on AWS.  GCP
> maintained a copy of the main data tables from AWS for analytics purposes

9.    The International Platform was used by multiple FTX entities to provide services

to customers including both FTX Digital and the Chapter 11 Debtors.  The ftx.us platform was

also hosted using the same AWS account.

10.    On or about November 12, 2022, the Chapter 11 Debtors shut off access to the

International Platform other than for those users working with the Chapter 11 Debtors' new

management team.

11.    On November 30, 2022, White & Case sent a letter to the Chapter 11 Debtors

indicating that the Chapter 11 Debtors should preserve the Recorded Information.  On December

1, 2022, White & Case then had a telephonic meeting with Sullivan & Cromwell regarding

turnover of that information.  Sullivan & Cromwell indicated that they would come back with an answer promptly.  On December 7, White & Case sent a letter to Sullivan & Cromwell demanding that the Chapter 11 Debtors restore access to the systems containing the Recorded Information by December 8 at 5 PM.

12.     On December 9, the Joint Provisional Liquidators filed the Motion, along with a motion to shorten the notice period seeking for the Motion to be heard by December 16.  On December 12, 2022, the Chapter 11 Debtors filed an objection to the motion to shorten.  The Court held a hearing on the motion to shorten on December 14 and, during a status conference held on December 16, set a hearing for the Motion for January 6.  The parties had an in-person meeting on December 15, 2022 and have exchanged multiple proposals in an effort to resolve this dispute. But no agreement has been reached.

## V.    DISPUTED FACTS

### FACTS ASSERTED BY THE JOINT PROVISIONAL LIQUIDATORS AND DISPUTED BY THE CHAPTER 11 DEBTORS

13.     FTX Digital is an International Business Company incorporated in the Commonwealth of The Bahamas and was, on September 10, 2021, registered as a digital assets business under the DARE Act.  It was incorporated, as part of the move of FTX's headquarters to Bahamas, to take over as many of the services provided on the International Platform as the Commission was willing to allow FTX Digital, as a regulated entity under the DARE Act, to undertake.  Pursuant to Terms of Service dated February 28, 2022, much of the rights and obligations (including in relation to the Accounts) were novated from FTX Trading to FTX Digital and, pursuant to new Terms of Service of May 13, 2022, FTX Digital commenced providing the vast majority of services provided to users on the International Platform.  This included the provision of "Perpetual Futures", which were part of the "Futures Market" Specified Service for

8

which FTX Digital was the designated Service Provider (see Schedule 5 of the May 13, 2022 Terms of Service). The vast majority of the business on the International Platform was centered on those Perpetual Futures.  While the Terms of Service state that the relevant FTX company providing Services on the International Platform did not enter into transactions with users on the platform as counterparty (and to that extent the Terms of Service position FTX entities merely as a "match-maker"), that is true of both FTX Trading and FTX Digital, and this is not an attribute which distinguishes those two entities.

14.    To perform their court-appointed duties to identify, preserve, and maintain the value of FTX Digital's assets, the Joint Provisional Liquidators urgently require access to the Recorded Information.  There are at least five categories of information to which the Joint Provisional Liquidators need urgent access to perform their duties, and these are all systems to which the employees of FTX Digital had access before these bankruptcy proceedings:

- International trading platform data (the trading platform data was run on AWS, with an analytics backup on GCP, as noted above);

- Email records for FTX Digital's employees (either those with an @ftxdigitalmarkets.com email address, or other FTX group email addresses of employees that are now fully/partially employed by FTX Digital);

- Slack chat records for FTX Digital's employees (Slack was shared across the FTX group, including both FTX Digital and the Chapter 11 Debtors);

- Documents stored on Google Drive (a company share drive); and

- Accounting system (QuickBooks).

15.    The above listed systems are the systems that were used by FTX Digital's employees prior to its liquidation and are books and records of FTX Digital.  It is inappropriate for the Chapter 11 Debtors to block the Joint Provisional Liquidators or their counsel access to this

information or to attempt to act as gatekeepers with the power to control over what parts of FTX Digital's data the Joint Provisional Liquidators can or cannot access.

16.    On December 15, the Joint Provisional Liquidators made a proposal to the Chapter 11 Debtors that set forth terms and conditions for the turnover of data and information of FTX Digital which addressed each of the concerns of the Chapter 11 Debtors raised with respect to information sharing.  Even with those concessions, the Chapter 11 Debtors still would not agree to share information related to FTX Digital with the Joint Provisional Liquidators.

17.    The Chapter 11 Debtors' refusal to promptly restore access to the Recorded Information has frustrated the ability of the Joint Provisional Liquidators to carry out their duties under Bahamian law and placed FTX Digital's assets at risk of dissipation.  The Chapter 11 Debtors' refusal also creates the risk that critical information will be lost.

18.    The Chapter 11 Debtors have made a series of factual errors and erroneous allegations improperly attacking the Bahamian Government, the Bahamian Attorney General, the Commission, the Bahamian Court and the Joint Provisional Liquidators.  Specifically, the Debtors contend that the email sent from Samuel Bankman-Fried to the Commission in which Mr. Bankman-Fried said he would open up withdrawals for all Bahamian customers on FTX's exchanges evidences their "close and frequent contact."  The chief executive officer of the Chapter 11 Debtors went so far as to tell Congress that the email evidenced "collusion."  The insinuation is that the Commission assisted Mr. Bankman-Fried in the disposition of assets and therefore the Joint Provisional Liquidators and FTX Digital should be stripped of their rights to access their own information.  That allegation is untrue.

19.    That very email referenced in the Objection was the same email that the Commission used as evidence to obtain authorization to commence the Bahamian Provisional

Liquidation in The Bahamas.  In the declaration which has now been unsealed, the Commission stated that it "cannot condone the preferential treatment of any investor or client of FTX Digital or otherwise" in the liquidation.  The Commission has further clarified that "to the extent improper distributions were made to Bahamian citizens, such distributions will be subject to the appropriate claw back actions under the law."  Notwithstanding the Chapter 11 Debtors' incorrect aspersions, it is the goal, too, of the Joint Provisional Liquidators to investigate and potentially claw back the alleged $100 million in cryptocurrency withdrawals that occurred between November 10, 2022 and November 11, 2022 from 1,500 individuals, which the Joint Provisional Liquidators believe were all from FTX Digital's assets for FTX Digital's customers.

20.     In its objection to the Motion, the Chapter 11 Debtors have raised a series of additional allegations regarding the Joint Provisional Liquidators and FTX Digital.  As will be established at the hearing, the Chapter 11 Debtors' allegations are untrue.

### FACTS ASSERTED BY THE CHAPTER 11 DEBTORS AND DISPUTED BY THE JOINT PROVISIONAL LIQUIDATORS

21.     The Motion is premised on inaccurate factual assumptions regarding the ownership of the materials sought by the Joint Provisional Liquidators.  The materials sought are resident within computer architecture that is property of the Chapter 11 Debtors.  The Motion is thus a motion to compel information owned by the Chapter 11 Debtors that is only available to the Joint Provisional Liquidators through appropriate discovery.

22.     The Motion is premised on inaccurate factual assumptions regarding FTX Digital. FTX Digital is an International Business Company incorporated in the Commonwealth of The Bahamas and operated from May 13, 2022 to November 10, 2022 as a Digital Assets Service Provider ("**DASP**"), pursuant to license by the Commission under section 6(d) of the Digital Assets Digital Assets and Registered Exchanges Act, 2020 (the "**DARE Act**") as amended, Statute Laws

11

of The Bahamas.  FTX Digital was never licensed as a Digital Token Exchange under section 6(a) of the DARE Act.  As a DASP, FTX Digital was not in the business of providing distinct custodial services.

23.     FTX Digital operated for just under six months, from May 13, 2022 to November 10, 2022.  During that time, FTX Digital was only a provider of limited "match-making" services for customer-to-customer transactions on the cryptocurrency exchange built, owned and operated by Chapter 11 Debtor FTX Trading, its immediate corporate parent.   Over 90% of customers who used the FTX.com exchange were customers before FTX Digital even became operational.  Once operational, FTX Digital never earned a dollar of third party revenue.  From and after May 13, 2022, FTX Trading continued to own and operate the FTX exchange and platform.

24.     The Chapter 11 Debtors dispute there have been factual errors or erroneous allegations in describing the actions of the Bahamian Government, the Bahamian Attorney General, the Commission, the Bahamian Court or the Joint Provisional Liquidators.

25.     The Commission and Mr. Simms (following his appointment) did not take action to stop approximately $100 million of the Chapter 11 Debtors' assets from being withdrawn by Bahamian "residents" on November 10 and 11, 2022 from digital wallets resident in the Chapter 11 Debtors' AWS cloud environment.

26.     The Commission and Mr. Simms worked with Mr. Bankman-Fried and Zixiao "Gary" Wang to take digital assets from the Debtors' AWS Cloud environment on November 11 and 12, 2022.   Only after the assets were taken did the Commission, on an ex parte basis, obtain after the fact approval of its improper actions from the Bahamas Court.

27.     The Chapter 11 Debtors proposed to provide the Joint Provisional Liquidators all information relating to FTX Digital and needed by the Joint Provisional Liquidators, including:

12

- A full data export for all FTX Digital records held within QuickBooks;

- All agreements and contract to which FTX Digital is a party;

- File folders or other identifiable information located on the Google Drive related to the services performed by FTX Digital;

- A schedule of bank accounts held in the name of FTX Digital, and related information;

- Extracts from the Chapter 11 Debtors' Slack and email systems using all FTX Digital employees as custodians and applying to be mutually-agreed search terms targeting documents reasonably calculated to return documents relating to FTX Digital and the services provided by FTX Digital; and

- Any other information later identified as owned by FTX Digital or reasonably necessary for the administration of any property of FTX Digital.

28.     There is no emergency requiring the provision of the Recorded Information prior to Chapter 15 recognition because there is no evidence that data will lost or assets dissipated by the Chapter 11 Debtors.

## VI.     ISSUES TO BE PRESENTED

A.     Whether the Court should grant the Joint Provisional Liquidators relief from the automatic stay under section 362(d) of the Bankruptcy Code in the Chapter 11 Cases in order to allow FTX Digital to seek an order compelling the Chapter 11 Debtors to restore FTX Digital's access to the requested information.

B.     Whether the Court should require the Chapter 11 Debtors to provide the Joint Provisional Liquidators with access to the Requested Information.

## VII.    OPENINGS AND CLOSINGS

The Parties suggest that openings be waived and that the hearing begin with presentation of evidence. The Parties suggest that the Court hear closing arguments from the Parties (limited to 30 minutes per side) after closing of the evidence.

13

## VIII.   WITNESSES AND SEQUENCING[4]

### A.   The Joint Provisional Liquidators' Case-In-Chief

1.   **Peter Greaves**

   a.   Direct testimony, cross-examination and re-direct: Live

   b.   The content of Mr. Greaves' testimony is set forth in *Declaration of Peter Greaves in Support of Emergency Motion of the Joint Provisional Liquidators of FTX Digital Markets Ltd. (i) for Relief from Automatic Stay and (ii) to Compel Turnover of Electronic Records under Sections 542, 1519(a)(3), 1521(a)(7) and 1522 of the Bankruptcy Code* [Docket No. 198 in Case No. 22-11068].  Mr. Greaves will testify about the appointment and duties of the Joint Provisional Liquidators and their urgent need for access to the Recorded Information.  Mr. Greaves will also respond to allegations made by the Chapter 11 Debtors concerning the activities and objectives of the Joint Provisional Liquidators.

### B.   Objecting Party: the Chapter 11 Debtors

1.   **Edgar W. Mosley II**

   a.   Direct testimony, cross-examination and re-direct: Live

   b.   The content of Mr. Mosley's testimony is set forth in the *Declaration of Edgar W. Mosley II in Support of Debtors' Objection to the Emergency Motion of the Joint Provisional Liquidators of FTX Digital Markets Ltd (I) for Relief from Automatic Stay and (II) to Compel Turnover of Electronic Records Under Sections 542, 1519(A)(3), 1521(A)(7) and 1522 of the Bankruptcy Code.*  Mr. Mosley will testify about the Chapter 15 Applicant, the Chapter 11 Debtors' assets, and the activities of the Joint Provisional Liquidators and the Commission.

### C.   Additional Witnesses Not on a Party's List

The Parties may call (i) any witness on any other party's witness list in this pretrial order,

regardless of whether the party removes that witness from its list, (ii) any witness necessary to

---

[4]   The Parties agree that their witnesses will be presented substantially in the disclosed order, but reserve the right to make changes to the order of presentation of witnesses, and agree to provide at least 24 hours' notice prior to any changes in witness sequencing.

authenticate documents (to the extent necessary), and (iii) any witness to provide rebuttal or impeachment testimony, as appropriate.  The Joint Provisional Liquidators reserve the right to call additional witnesses to respond to allegations raised in the Chapter 11 Debtors' objection, and the Chapter 11 Debtors reserve the right to call additional witnesses in response.

### D.    Deposition Designations

The Parties will not be submitting deposition designations.

### E.    Reservation of Rights

The rights of the Parties to object to the calling of any witness or to any testimony offered or elicited from any such witness are preserved.

## IX.    Exhibits and Introduction of Documentary Evidence

The Joint Provisional Liquidators and the Chapter 11 Debtors have exchanged proposed exhibit lists; the Committee does not intend to introduce any exhibits.  Attached hereto as **Exhibit A** is the list of exhibits the Parties agree will be admitted by consent (the "**Joint Exhibit List**").  The Chapter 11 Debtors have proposed additional exhibits, attached as **Exhibit B**, to which the Joint Provisional Liquidators have raised objections.

The Joint Provisional Liquidators will prepare the Joint Exhibit List binders for electronic submission to the Court.  To the extent the Parties wish to present exhibits that are not on the Joint Exhibit List, each Party shall be responsible for submission to the Court and preparation of binders and materials for the courtroom.

The Parties agree that any demonstratives or charts, graphs or other exhibits reflecting analytical work product of experts intended to be used or introduced into evidence during witness examination will be provided to other participating Parties no later than 5 p.m. eastern time one day before such demonstrative is intended to be introduced, unless such deadline is waived by the consent of the participating Parties for such exhibit.

15

Exhibits that any Party seeks to admit into evidence may be offered in accordance with the applicable rules.

A Party that seeks to offer any exhibit into evidence in their case-in-chief without the use of a sponsor in their case-in-chief shall do so before the conclusion of their case-in-chief.  Such Party shall work in good faith to provide notice of such exhibits to the other Parties and provide them with a reasonable opportunity to raise objections.  Any Party objecting to exhibits will work in good faith to timely resolve the objection.

Exhibits that any Party seeks to introduce into evidence during cross-examination or on rebuttal do not need to be included on a Party's exhibit list. Objections to exhibits offered during cross-examination or rebuttal shall be made at the time the exhibit is offered.  The Joint Provisional Liquidators reserve the right to designate additional exhibits to respond to allegations raised in the Chapter 11 Debtors' objection to the Motion.

 Respectfully submitted,

| | |
|---|---|
| */s/ Kevin Gross* | */s/ Adam G. Landis* |
| **RICHARDS, LAYTON & FINGER, P.A.** | **LANDIS RATH & COBB LLP** |
| Kevin Gross (Bar No. 209) | Adam G. Landis (Bar No. 3407) |
| Paul N. Heath (Bar No. 3704) | Kimberly A. Brown (Bar No. 5138) |
| Brendan J. Schlauch (Bar No. 6115) | Matthew R. Pierce (Bar No. 5946) |
| David T. Queroli (Bar No. 6318) | 919 Market Street, Suite 1800 |
| One Rodney Square | Wilmington, Delaware 19801 |
| 920 N. King Street | Telephone: (302) 467-4400 |
| Wilmington, DE 19801 | Facsimile: (302) 467-4450 |
| Telephone:     (302) 651-7700 | E-mail: landis@lrclaw.com |
| Facsimile:     (302) 651-7701 | brown@lrclaw.com |
| gross@rlf.com | pierce@lrclaw.com |
| heath@rlf.com | |
| schlauch@rlf.com | – and – |
| queroli@rlf.com | |
| | |
| – and – | |

**WHITE & CASE LLP**

Jessica C. Lauria (admitted *pro hac vice*)
J. Christopher Shore (admitted *pro hac vice*)
Mark Franke (admitted *pro hac vice*)
Brett L. Bakemeyer (admitted *pro hac vice*)
Brandon Batzel (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:   (212) 819-8200
jessica.lauria@whitecase.com
cshore@whitecase.com
mark.franke@whitecase.com
brett.bakemeyer@whitecase.com

Thomas E Lauria (admitted *pro hac vice*)
Brian D. Pfeiffer (admitted *pro hac vice*)
Richard S. Kebrdle (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:     (305) 371-2700
tlauria@whitecase.com
brian.pfeiffer@whitecase.com
rkebrdle@whitecase.com

*Attorneys for the Joint Provisional
Liquidators of FTX Digital Markets Ltd. (In
Provisional Liquidation)*

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

*/s/ Robert F. Poppiti, Jr.*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
         rpoppiti@ycst.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

PAUL HASTINGS LLP
Kristopher M. Hansen*
Luc A. Despins*
Kenneth Pasquale*
Erez E. Gilad*
Gabriel E. Sasson*
Isaac S. Sasson*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
        lucdespins@paulhastings.com
        kenpasquale@paulhastings.com
        erezgilad@paulhastings.com
        gabesasson@paulhastings.com
        isaacsasson@paulhastings.com

*Admitted pro hac vice* in Case No. 22-11068 (JTD); *pro hac vice pending in* Case No. 22-11217 (JTD)

*Proposed Counsel to the Official Committee of Unsecured Creditors*

IT IS ORDERED that this Pretrial Order shall control the subsequent course of the action unless modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the Parties or by the Court.

# EXHIBIT A

## Joint Exhibit List

| Number | Docket Ref | Description | Objection (if any) |
|---|---|---|---|
| JTX-1 | D.I. 2-1 (Chapter 15) | November 10, 2022 Petition of the Securities Commission of The Bahamas | |
| JTX-2 | D.I. 225-4 (Chapter 11) | November 10, 2022 Affidavit of Christina R. Rolle | |
| JTX-3 | D.I. 2-2 (Chapter 15) | November 10, 2022 Order for Appointment of Provisional Liquidator | |
| JTX-4 | N/A | November 14, 2022 Order for Appointment of Additional Provisional Liquidators | |
| JTX-5 | D.I. 1 (Chapter 15) | November 15, 2022 Verified Petition for Recognition of Foreign Insolvency Proceeding and Related Relief | |
| JTX-6 | D.I. 2 (Chapter 15) | November 15, 2022 Declaration of Brian Cecil Simms KC in Support of Petition for Recognition under Chapter 15 of the Bankruptcy Code | |
| JTX-7 | D.I. 5 (Chapter 15) | November 15, 2022 Declaration of Sophia T. Rolle-Kapousouzoglou in Support of Chapter 15 Petition of FTX Digital Markets Ltd. for Recognition of a Foreign Insolvency Proceeding | |
| JTX-8 | D.I. 8 (Chapter 15) | November 16, 2022 Supplemental Declaration of Brian Cecil Simms KC in Support of Petition for Recognition under Chapter 15 of the Bankruptcy Code | |
| JTX-9 | N/A | November 21, 2022 Order of Sanction in Case No. 2022 COM/com/00060 in the Supreme Court of The Bahamas | |
| JTX-10 | N/A | November 22, 2022 Order of Sanction in Case No. 2022 COM/com/00060 in the Supreme Court of The Bahamas | |
| JTX-11 | D.I. 225-1 (Chapter 11) | November 30, 2022 Letter from Brian Pfeiffer to Sullivan & Cromwell | |
| JTX-12 | D.I. 197-2 (Chapter 11) | December 7, 2022 Letter from Brian Pfeiffer to Sullivan & Cromwell | |
| JTX-13 | D.I. 198 (Chapter 11) | December 9, 2022 Declaration of Peter Greaves in Support of Emergency Motion of the Joint Provisional Liquidators of FTX Digital Markets Ltd. (i) for Relief from Automatic Stay and (ii) to Compel Turnover of Electronic Records under Sections 542, 1519(a)(3), 1521(a)(7)  and 1522 of the Bankruptcy Code | |

| Number | Docket Ref | Description | Objection (if any) |
|--------|------------|-------------|--------------------|
| JTX-14 | D.I. 225-2 (Chapter 11) | December 12, 2022 Email Chain between White & Case and Sullivan & Cromwell | |
| JTX-15 | D.I. 225-5 (Chapter 11) | December 13, 2022 Media Release by the Securities Commission of The Bahamas | |
| JTX-16 | D.I. 336-1 (Chapter 11) | November 23, 2022 Media Release by the Securities Commission of The Bahamas | |
| JTX-17 | D.I. 336-1 (Chapter 11) | December 29, 2022 Media Release by the Securities Commission of The Bahamas | |
| JTX-18 | D.I. 336-1 (Chapter 11) | November 13, 2022 Letter from James Bromley to Securities Commission of the Bahamas and Brian C. Simms KC | |
| JTX-19 | D.I. 336-1 (Chapter 11) | November 27, 2022 Letter from John J. Ray III to Philip Davis KC and Ryan Pinder KC | |
| JTX-20 | D.I. 336-1 (Chapter 11) | November 27, 2022 National Address on Behalf of The Government of The Bahamas on the Developments of FTX in The Bahamas | |
| JTX-21 | D.I. 336-1 (Chapter 11) | December 1, 2022 Letter from John J. Ray III to Philip Davis KC and Ryan Pinder KC | |
| JTX-22 | D.I. 336-1 (Chapter 11) | December 7, 2022 Letter from Robert K. Adams KC to Peter D. Maynard & Co. | |
| JTX-23 | D.I. 336-1 (Chapter 11) | December 8, 2022 Email from Brian Pfeiffer to James Bromley | |
| JTX-24 | D.I. 336-1 (Chapter 11) | December 15, 2022 Summary of Terms and Conditions of Turnover of Data and Information of FTX Digital Markets, Ltd. (White & Case Draft) | |
| JTX-25 | D.I. 336-1 (Chapter 11) | December 23, 2022 Summary of Terms and Conditions of Turnover of Data and Information (Chapter 11 Debtors' Draft) | |
| JTX-26 | D.I. 336-2 (Chapter 11) | December 29, 2022 Third Affidavit of Christina R. Rolle | |
| JTX-27 | D.I. 336-2 (Chapter 11) | December 29, 2022 Order of the Supreme Court of the Bahamas | |

| Number | Docket Ref | Description | Objection (if any) |
|---|---|---|---|
| JTX-28 | D.I. 337-1 (Chapter 11) | November 20, 2017 Certificate of Formation of Alameda Research LLC | |
| JTX-29 | D.I. 337-1 (Chapter 11) | April 2, 2019 Certificate of Incorporation of FTX Trading Ltd. | |
| JTX-30 | D.I. 337-1 (Chapter 11) | January 29, 2020 Certificate of Incorporation of West Realm Shires Services, Inc. (d/b/a FTX US) | |
| JTX-31 | D.I. 337-1 (Chapter 11) | July 22, 2021 Certificate of Incorporation of FTX Digital Markets Ltd. | |
| JTX-32 | N/A | September 20, 2021 Certificate of Registration of FTX Digital Markets Ltd under the DARE Act | |
| JTX-33 | D.I. 337-1 (Chapter 11) | August 2019 FTX Exchange Terms of Service | |
| JTX-34 | D.I. 337-1 (Chapter 11) | November 2020 FTX Exchange Terms of Service | |
| JTX-35 | N/A | February 28, 2022 FTX Exchange Terms of Service | |
| JTX-36 | D.I. 337-1 (Chapter 11) | May 13, 2022 FTX Exchange Terms of Service | |
| JTX-37 | D.I. 337-1 (Chapter 11) | AWS User Agreement | |
| JTX-38 | D.I. 337-1 (Chapter 11) | AWS Private Pricing Addendum | |
| JTX-39 | D.I. 337-1 (Chapter 11) | AWS Invoice | |
| JTX-40 | D.I. 337-1 (Chapter 11) | November 12, 2022 Letter from Christina Rolle to Jean-Louis Van Der Velde | |
| JTX-41 | D.I. 270-3 (Chapter 11) | Declaration of Andrew D. Dietderich in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession *Nunc Pro Tunc* to the Petition Date | |

| Number | Docket Ref | Description | Objection (if any) |
|---|---|---|---|
| JTX-42 | D.I. 5-1 (Chapter 11) | Digital Assets and Registered Exchanges Act, 2020 | |

## EXHIBIT B

## Chapter 11 Debtors' Exhibit List

| Number | Docket Ref | Description | Objection (if any) |
|---|---|---|---|
| DTX-1 | D.I. 336-1 (Chapter 11) | November 10, 2022 Tweet by @FTX_Official | Objection (hearsay) |
| DTX-2 | D.I. 337-1 (Chapter 11) | Income and Third-Party Revenue Statements for FTX Trading Ltd. and FTX Digital Markets Ltd. | Objection (hearsay, authenticity) |
| DTX-3 | D.I. 337-1 (Chapter 11) | Summary of Certain Disbursements Made By FTX Digital Markets Ltd. | Objection (hearsay, authenticity) |
| DTX-4 | D.I. 337-1 (Chapter 11) | November 9, 2022 Email chain, including email from Sam Bankman-Fried to Ryan Pinder KC | Objection (hearsay, authenticity) |
| DTX-5 | D.I. 337-1 (Chapter 11) | November 13, 2022 Email chain, including email from Gary Wang to Christina Rolle | Objection (hearsay, authenticity) |
| DTX-6 | D.I. 337-1 (Chapter 11) | November 13, 2022 Email from Gary Wang to Christina Rolle | Objection (hearsay, authenticity) |
| DTX-7 | D.I. 337-1 (Chapter 11) | November 13, 2022 Email from Sam Bankman-Fried to Christina Rolle and Brian C. Simms KC | Objection (hearsay) |
| DTX-8 | D.I. 337-1 (Chapter 11) | November 10, 2022 Slack messages from Sam Bankman-Fried to internal FTX Slack channel | Objection (hearsay, authenticity) |
| DTX-9 | D.I. 337-1 (Chapter 11) | November 13, 2022 Slack messages from Gary Wang to internal FTX Slack channel | Objection (hearsay, authenticity) |