# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Hearing Date:  January 11, 2023, at 9:00 a.m.**<br><br>**Objection Deadline:  December 9, 2022 (extended for the U.S. Trustee to December 14, 2022 at 12:00 p.m.)**<br><br>**Re:  D.I. 45, 200** |

**SUPPLEMENT TO UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO MAINTAIN A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MATRIX FOR EACH DEBTOR, (II) AUTHORIZING THE DEBTORS TO REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS AND PERSONAL INFORMATION OF INDIVIDUALS AND (III) GRANTING CERTAIN RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this Supplement to the *United States Trustee's Objection to the Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals and (III) Granting Certain Related Relief* (the "Objection") [D.I. 200], and respectfully states:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

## I.   PRELIMINARY STATEMENT

1.      On November 19, 2022, the Debtors filed the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals and (III) Granting Certain Related Relief* (the "Motion") [D.I. 45].  Through the Motion, the Debtors sought permission to redact: (a) the names, addresses and email addresses of all customers (who are also creditors of the Debtors), whether such customers are individuals, or legal entities, (b) the names, addresses and email addresses of all non-customer individual creditors or equity holders who are citizens of the United Kingdom ("UK") or member nations of the European Union ("EU"), and are covered by the EU or UK General Data Protection Regulation, and (c) the addresses and email addresses of all other creditors or equity holders who are individuals, regardless of citizenship.   Mot. ¶ 12; Mot. Ex. B (Proposed Final Order) ¶¶ 4, 5.  The Motion stated that the documents that would be subject to such redactions include (but are not limited to) the Debtors' Creditor Matrix,[2] Consolidated Top 50 Creditor List, Schedules and Statements, the claims register, proof of claims and affidavits of service.

2.      On December 12, 2022, the U.S. Trustee filed the Objection to the Motion.  At the time of that filing, the Debtors had not yet filed any applications to retain professionals.  Subsequent to the filing of the U.S. Trustee's Objection, the Debtors filed numerous retention applications,[3] all of which included redactions of certain names on the parties in interest list

---

[2]   Any capitalized terms not defined herein shall have the definition set forth in the Motion.

[3]   References herein to retention applications include motions filed by the Debtors under 105(a) and 363(b) of the Bankruptcy Code to retain Owl Hill Advisory, LLC [D.I. 269] and RLKS Executive Solutions LLC [D.I. 276].

attached to the applications, and some of which also included redactions elsewhere in the application of the names of parties in interest with whom the professional had a connection or was otherwise making a disclosure.[4]  Counsel to the Debtors informed counsel to the U.S. Trustee that the information redacted in the retention applications was limited to (i) names of customers of the Debtors and (ii) names of non-customer individual creditors or equity holders of the Debtors whom the Debtors believe are or may be citizens of the UK or EU member nations, and are therefore subject to the relief sought in the Motion.

3.    The U.S. Trustee supplements its Objection to address the redactions made in the retention applications.

## II.    JURISDICTION, VENUE AND STANDING

4.    Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this supplement to the Objection.

5.    Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

---

[4]  The retention applications that included a redacted parties in interests list were filed at D.I. 269, 270, 272, 273, 275, 276, 277, 279, 280, and 300.  An unredacted version of the parties in interest list was filed under seal at D.I. 288.  Sealed versions of declarations supporting certain retention applications were filed at D.I. 271, 274, 278, 281, 285 and 298.

6.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this supplement to the Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

### III.    SUPPLEMENT TO OBJECTION

7.      For the reasons set forth in the U.S. Trustee's Objection, the Motion should be denied to the extent it seeks authority to redact from the public record, and keep under seal, (a) the names of any parties on the parties in interest list attached to any retention application, and the (b) the names of any parties in interest with whom a professional has a connection or otherwise makes a disclosure.

8.      This exact issue was addressed in *In re Celsius Network, LLC*, 644 B.R. 276 (Bankr. S.D.N.Y. 2022). There, the court sustained the U.S. Trustee's objection to the redactions of the names of certain creditors in the retention applications, and directed "all professionals to submit unredacted versions of the Retention Application." *Id.* at 296. In so doing, the court stated:

> The Debtors are seeking to redact the names of certain creditors listed on the schedules of the Debtors' Retention Applications. As this Court has previously stated, "documents which are part of the court record should not remain under seal absent the most compelling reasons." Disclosure of names in retention applications serves an essential purpose in evaluating conflicts. "[P]ublic access allows other parties and the public to identify any person or entity with a substantial financial interest—whether passive or active—in the outcome ... and draw their own conclusions about any potentially disqualifying conflicts—a purpose that cannot be served if redacted statements are filed.") The information Debtors seek to seal simply does not fall within the exceptions allowed under the Bankruptcy Code.

*Id.* at 296 (citing *In re Motors Liquidation Co.*, 561 B.R. 36, 38 and 41 (Bankr. S.D.N.Y. 2016); noting *Motors Liquidation*'s citation of *In re FiberMark, Inc.*, 330 B.R. 480, 503–04 (Bankr. D. Vt. 2005)).

4

9. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to, *inter alia*, further supplement, or complement, augment, alter and/or modify the Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

### IV.    CONCLUSION

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the final relief requested by the Motion, as it concerns redaction of information, except to allow the redaction from public filings of the addresses and email addresses – but not names – of individuals who are customers or other creditors of the Debtors, and grant any such other and further relief that the Court deems just and proper.

Respectfully Submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 & 9**

Dated: January 4, 2023

By: */s/ Juliet Sarkessian*
Juliet Sarkessian
Benjamin Hackman
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
juliet.m.sarkessian@usdoj.gov
benjamin.a.hackman@usdoj.gov

-and-

David Gerardi
Trial Attorney
One Newark Center
1085 Raymond Boulevard
Suite 2100
Newark, NJ  07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
david.gerardi@usdoj.gov