IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> FTX TRADING LTD., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11068 (JTD) <br> (Jointly Administered) <br><br> **Hearing Date: Jan. 11, 2023, at 9:00 a.m.** <br> **Objections Due: Jan. 4, 2023, at 4:00 p.m.** <br><br> **Re: D.I. 26 & 266** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION OF THE DEBTORS TO EXTEND TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 REPORTS**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to the *Motion of Debtors for Entry of an Order (I) Extending the Time To File (A) Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and (II) Granting Certain Related Relief* [D.I. 26] and *Supplement to Motion of Debtors for Entry of an Order Extending the Time To File (A) Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports* [D.I. 266] (together, the "Motion") and respectfully states:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

I.     **PRELIMINARY STATEMENT**

1. The Debtors seek an extension of time to file their schedules of assets and liabilities ("Schedules") and statements of financial affairs ("Statements") until April 15, 2023. If the Motion were granted, it would prevent the Debtors' customers, creditors and other parties in interest from having visibility into the nature and value of the Debtors' assets -- and the nature and amount of the Debtors' liabilities -- for a full five months after the petition date, which is four months longer than what is provided under Local Rule 1007-1(b).

2. The requested extension is especially untenable in light of the Debtors' motion to sell the assets of certain of the Debtors, and the stock of other Debtors in Debtor and non-Debtor subsidiaries, which motion seeks sale hearing dates that are prior to the date upon which the Debtors propose to file their Schedules and Statements. The Debtors do not explain how the Court (or the Debtors' customers, creditors and other parties in interest) will be able to determine if the price offered for the assets or stock of certain Debtors is fair and reasonable when there will be no public record of what those assets or stock interests are, or how the Debtors value them.

3. The Debtors are seeking a similar extension of time regarding the filing of their reports due under Bankruptcy Rule 2015.3(a), which are especially pertinent as to those non-Debtor subsidiaries whom the Debtors are seeking to sell through a stock sale.

4. The Debtors should not be permitted to reap the benefits of the bankruptcy process, such as being able to sell assets free and clear of liens, without meeting the correlative burden of filing their Schedules and Statements and Rule 2015.3(a) reports.

5. The U.S. Trustee does not object to a reasonable extension of time for the Debtors to file their Schedules and Statements and Rule 2015.3(a) reports, such as the 45-day

extension to January 23, 2023 requested in the Debtors' initial Motion. However, a four-month extension is not reasonable. The U.S. Trustee further objects to any extension that would allow any Debtor to sell its assets or stock in a Debtor or non-Debtor subsidiary without having Schedules and Statements and Rule 2015.3 reports filed for all such Debtors, and without providing the U.S. Trustee at least ten business days prior to any sale hearing to conduct a section 341(a) meeting to examine the Debtors on such Schedules, Statements and Rule 2015.3 reports.

## II. JURISDICTION, VENUE AND STANDING

6. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

7. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

8. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

### III. FACTUAL BACKGROUND

9. On November 11, 2022, all Debtors other than West Realm Shires Inc., filed voluntary chapter 11 petitions in this Court. On November 14, 2022, West Realm Shires Inc. filed a voluntary chapter 11 petition in this Court.

10. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

11. On November 17, 2022, the Debtors filed the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24] (the "Ray Decl."). The Ray Decl. identifies five non-Debtor subsidiaries that appear to be solvent: LedgerX LLC, FTX Capital Markets LLC, Embed Financial Technologies Inc., Embed Clearing LLC, and FTX Value Trust Company. Ray Decl. ¶¶ 13-17. It appears that LedgerX is a regulated exchange that does business as FTX US Derivatives. D.I. 115 Exh. A at 12. It appears that Embed Clearing LLC and FTX Capital Markets LLC are licensed broker-dealers. *Id.*, Ray Decl. ¶¶ 14-15.

12. On December 7, 2022, the U.S. Trustee held the initial debtor interview. From that meeting, the U.S. Trustee understands that the Debtors do not intend to file their monthly operating reports for November and December, respectively due on December 21 and January 21, until March 31, 2023. The U.S. Trustee further understands that the Debtors do not intend to file their January and February monthly operating reports, which are respectively due on February 21 and March 21, until April 30, 2023.

13. On December 15, 2022, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee"). D.I. 231.

14. Also on December 15, 2022, the Debtors filed a motion to establish bidding procedures for the sale of certain assets. D.I. 233. Specifically, the Debtors are seeking

to:

    (a)    sell the assets of certain Debtors, or alternatively to sell the stock of certain Debtor holding companies in operating Debtor subsidiaries, namely:

    (i)    The Japan Business, which appears to consist of the Debtor FTX Japan Holdings K.K. and two wholly-owned subsidiaries, which are also Debtors; and

    (ii)    The Europe Business, which consists of FTX Europe AG, and at least two wholly-owned subsidiaries which are also Debtors; and

    (b)    the Debtors also seek to sell the stock held by debtor West Realm Shires Inc. in two *non-Debtor* subsidiaries:

    (i)    The Embed Business, which consists of Embed Financial Technologies Inc., which, together with its subsidiaries, "operate a correspondent clearing and custody platform that provides registered investment advisors, broker-dealers and other financial institutions with APIs and brokerage services[;]" and

    (ii)    The LedgerX Business, which consists of LedgerX LLC, a CFTC regulated "digital currency futures and options exchange and clearing house" relating to digital assets and other commodities, primarily for U.S. persons.

D.I. 233 ¶ 3.

15.    The Debtors state that 26 potential bidders for their assets have executed confidentiality agreements. D.I. 233 ¶ 15. Those parties will receive access to a virtual data room. *Id.* ¶ 16. Under the bidding procedures motion, preliminary bids for the Debtors' assets would be due between January 18 and February 1, 2023, and sale hearings would take place on February 27, March 13 and March 27. *Id.* at 27-28. These dates are all prior to April 15, 2023, which is the date that the Debtors seek to file their Schedules, Statements, and Rule 2015.3 reports.

16. On December 20, 2022, the U.S. Trustee convened the initial Section 341 meeting of creditors. The U.S. Trustee continued the meeting to a date to be determined, so as to allow a 341 meeting after the Schedules and Statements and Rule 2015.3 reports are filed.

### IV. ARGUMENT

17. The Bankruptcy Code states that the debtor "*shall* . . . file . . . unless the court orders otherwise - a schedule of assets and liabilities," and "statement of the debtor's financial affairs," among other information. 11 U.S.C. § 521(a)(1)(B)(i) and (iii)(emphasis added). Fed. R. Bankr. P. 1007-I(b) provides that a debtor, other than one under chapter 9, shall file schedules of assets and liabilities, of current income an expenditures, of executory contracts and unexpired leases, and a statement of financial affairs, among other documents, unless the Court orders otherwise.

18. Bankruptcy Rule 1007-I(c) provides that Schedules and Statements shall be filed with the petition or within 14 days thereafter. Fed. R. Bankr. P. 1007-I(c). Local Rule 1007-1(b) extends that time to twenty-eight days from the petition date if a debtor, or jointly-administered debtors, have more than 200 creditors. Twenty-eight days from the Debtors' petition date would be December 9, 2022 for all Debtors but West Realm Shires Inc., and December 12, 2022 for that Debtor.

19. Bankruptcy Rule 2015.3(a) provides in relevant part: "In a chapter 11 case, the trustee or debtor in possession shall file periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estates hold a substantial or controlling interest." Rule 2015.3(b) provides in relevant part: "The first report required by this rule shall be filed no later than seven days before the first date set for the meeting of creditors under § 341 of the Code.

Subsequent reports shall be filed no less frequently than every six months thereafter, until the effective date of a plan or the case is dismissed or converted." The first date set for the 341 meeting was December 20, 2022. Thus, the Debtors' Rule 2015.3(a) reports were due to be filed on December 13, 2022.

20. Debtors have "an affirmative duty of full disclosure" on which the "effective functioning of the federal bankruptcy system" depends. *In re Kane*, 628 F.3d 631, 636 (3d Cir. 2010) (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996)). *See also In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 526 (Bankr. E.D.N.Y. 1989) ("One of the most fundamental and crucial duties of a debtor-in-possession upon the filing of a Chapter 11 petition is to keep the Court and creditors informed about the nature, status and condition of the business undergoing reorganization. The requirement of full and fair disclosure is not restricted to disclosure statements filed under 11 U.S.C. § 1125 in the latter stages of Chapter 11 cases in connection with the solicitation of acceptances or rejections of reorganization plans. Open, honest and straightforward disclosure to the Court and creditors is intrinsic to the entire reorganization process and begins on day one, with the filing of the Chapter 11 petition."). "In bankruptcy administration, the system will collapse if debtors are not forthcoming." *In re Tully*, 818 F.2d 106, 112 (1st Cir. 1987).

21. "The bankruptcy laws impose a strict obligation on debtors to file complete and accurate schedules." *In re Dubberke*, 119 B.R. 677, 680 (Bankr. S.D. Iowa 1990). "Simply stated, a debtor seeking shelter under the bankruptcy law must disclose all assets and potential assets. . . . Full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the bankruptcy system. Because the bankruptcy court, trustees, and creditors rely on the information disclosed by a debtor, the importance of full disclosure cannot be

overemphasized." *In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D.N.Y. 2008). "The bankruptcy schedules and statements of affairs are carefully designed to elicit certain information necessary to the proper administration and adjudication of the case." *In re Weldon*, 184 B.R. 710, 715 (Bankr. D.S.C. 1995). "[S]chedules are to be complete, thorough and accurate in order that creditors may judge for themselves the nature of the debtor's estate." *In re Coombs*, 193 B.R. 557, 563 (Bankr. S.D. Cal. 1996) (quoting *In re Lunday*, 100 B.R. 502, 508 (Bankr. D. N.D. 1989)).

22.  The Debtors' request to file their Schedules, Statements and Rule 2015.3(a) reports 155 days after the petition date is neither justified nor appropriate. In the Motion, the Debtors cite to a number of cases in this District in which the Court granted extensions to file Schedules and Statements. However, the longest extension granted in those cases was less than half of what the Debtors are requesting here. D.I. 26 ¶ 8, citing *In re Cred Inc.*, 20-12836 (JTD) (extension granted to 61 days after petition date); *In re Mallinckrodt PLC*, 20-12522 (JTD) (73 days); *In re Global Eagle Entertainment, Inc.*, 20-11835 (JTD) (53 days); *In re Southcross Energy Partners, L.P.*, 19-10702 (MFW) (73 days).

23.  Moreover, certain Debtors are seeking to pursue sales of their assets or equity in Debtors or non-Debtor subsidiaries, and have those sales approved by the Court, before they file their Schedules, Statements and Rule 2015.3(a) reports. It appears that no marketing of these assets or equity took place pre-petition, and will instead occur exclusively post-petition. The Debtors state they are initiating a comprehensive marketing process for their assets with their proposed investment banker, Perella Weinberg Partners. D.I. 233 ¶ 15. The Debtors only engaged Perella Weinberg Partners as of November 19, 2022 — about a week after the petition

date.  D.I. 275, Ex. 1.  Thus, there appears to be no pre-petition market test on which to base a post-petition sale process.

24. As part of their proposed sale process, the Debtors have provided (or will provide) dozens of prospective bidders with access to virtual data rooms.  If certain Debtors have enough information to populate their data rooms, then those Debtors should have enough information to complete their Schedules, Statements and Rule 2015.3(a) reports.  Filing those documents will give much-needed transparency to parties in interest into the estates' assets and equity interests, which is needed to evaluate the reasonableness of any purchase price that may be proposed.  Without this information publicly disclosed in the Schedules, Statements and Rule 2015.3(a) reports, and those documents being subject to a Section 341 meeting of creditors, it is unclear how creditors or the Court would be able to determine whether the purchase price being offered was fair and reasonable.

25. Conversely, if the state of the Debtors' books and records makes preparation of Schedules, Statements and Rule 2015.3(a) reports impossible, then any sale process is premature, and must be postponed.

26. The Debtors' lack of transparency is amplified by the Debtors' intention not to file *any* monthly operating reports in these cases until after the contemplated sale process is complete.  *See In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) (monthly operating reports and the financial disclosures in them "'are the life-blood of the Chapter 11 process' . . . . [T]he 'importance of [filing] . . . monthly operating report[s] cannot be over-emphasized.'") (citations omitted).  Incomplete, selective, or belated disclosures should not become the hallmark of these cases.

27. Given the number and size of the professional firms the Debtors seek to retain, and the amount of time the Debtors have already had to prepare their Schedules, Statements and Rule 2015.3(a) reports, the Debtors should be required to file those documents by no later than the January 23, 2023 extension date the Debtors initially requested.

## V.     CONCLUSION

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion unless the Debtors file their Schedules, Statements and Rule 2015.3(a) reports by January 23, 2023, and afford the U.S. Trustee at least 10 business days to reconvene the Section 341 meeting of creditors to examine the Debtors on such Schedules, Statements and Rule 2015.3(a) reports before the sale of any estate assets or equity goes forward, and that the Court grant any other relief that it deems just and proper.

Respectfully Submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 & 9**

Dated: January 4, 2023

By: /s/ *Benjamin Hackman*
Juliet Sarkessian
Benjamin Hackman
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
juliet.m.sarkessian@usdoj.gov
benjamin.a.hackman@usdoj.gov

-and-

David Gerardi
Trial Attorney
One Newark Center
1085 Raymond Boulevard
Suite 2100
Newark, NJ  07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
david.gerardi@usdoj.gov

11