## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al*[1] | Case No. 22-11068 (JTD) |
| *Debtors*. | (Jointly Administered) |
| | Hearing Date: January 11, 2023 at 9:00a.m. (ET) |
| | Objection Deadline: January 4, 2023 at 4:00 p.m. |

**OBJECTION TO DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SULLIVAN & CROMWELL LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

This proceeding arises from one of the most disastrous corporate frauds in history. Sam Bankman-Fried and his enablers used the FTX Group[2] entities to run a massive, years-long scheme to misappropriate billions of dollars worth of cryptocurrency and cash. Two of the FTX Group's leaders have now pleaded guilty to a litany of federal crimes, and much about their scheme has been revealed in pleadings before this Court, in congressional testimony, and in the media.

Sullivan & Cromwell, one of the world's most prestigious law firms, did extensive corporate and regulatory legal work for the FTX Group before its collapse. To date, the FTX Group has paid it more than $20.5 million in fees and retainers. Now, in the most flagrant attempt by a fox to guard a henhouse in recent memory,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] This Objection refers to the more than 130 FTX-related entities that are now debtors and debtors-in-possession in this proceeding as the "FTX Group," consistent with John J. Ray III's terminology in his first-day affidavit.

Sullivan & Cromwell has applied to be appointed the FTX Group's bankruptcy counsel, with duties that would include "investigating all potential estate causes of action."[3] But it has revealed almost nothing about its prepetition work for Sam Bankman-Fried's fraudulent enterprise—and failed to disclose or elided glaring conflicts of interest.

Sullivan & Cromwell is not only an inappropriate candidate for appointment as the FTX Group's bankruptcy counsel—it is a target for investigation with its own potential liability. Its appointment as counsel would endanger the estate and create the appearance of a rigged game, undermining creditors' and the public's faith in the bankruptcy process. The Court should therefore reject Sullivan & Cromwell's application and disqualify it from appointment as Debtors' counsel.

### I. Background

1. Sullivan & Cromwell has extensive prepetition connections to the FTX Group. FTX US's General Counsel, Mr. Ryne Miller, is a former Sullivan & Cromwell partner.[4] The FTX Group paid Mr. Miller's former firm $8.5 million in prepetition legal fees, including $3.4 million in the 90 days prior to the Petition Date.[5] The FTX Group also paid Sullivan & Cromwell a $12 million prepetition retainer.[6] Summing up, this means that Sullivan & Cromwell has received cash

---

[3] *Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession Nunc Pro Tunc to the Petition Date* (henceforth, the "Application"), Dkt. 270 (filed Dec. 21, 2022), ¶ 10.

[4] Ryne Miller LinkedIn, at https://www.linkedin.com/in/ryne-miller-78a6b84/ (accessed Jan. 4, 2023).

[5] Application, Ex. C, *Declaration of Andrew Dietderich* (henceforth, "Deitderich Declaration"), ¶ 16. November 11, 2022 is the Petition Date for all Debtors except Debtor West Realm Shires, Inc.

[6] Deitderich Declaration, ¶ 5.

transfers in excess of $20.5 million from the FTX Group—with $15.4 million paid in the 90 days before the Petition Date.

2.  In its Application, Sullivan & Cromwell set out precisely three sentences describing the $8.6 million of legal work it did for the FTX Group. In full: "S&C was engaged by the debtors for a limited number of matters prior to the Petition Date, chiefly with respect to acquisition transactions and specific regulatory inquiries relating to certain U.S. business lines. The total amount of fees and expenses paid to S&C for all of these matters was $8,654,487.50, over the period from July 2021 to the Petition Date. S&C was not primary external counsel to any Debtor prior to the Petition Date."[7] Sullivan & Cromwell's Application did not disclose the firm's connection to FTX US General Counsel Ryne Miller.

## II. Objector's Standing

3.  The objector here is Warren Winter, a United States citizen residing abroad. Mr. Winter is a customer and creditor of the FTX Group entities. He had several hundred thousand dollars of assets in his FTX account when the FTX Group collapsed, which he has since been unable to access.

## III. Applicable Law

4.  Subject to Court approval, a debtor may employ one or more attorneys to represent it in fulfilling its duties in the bankruptcy process.[8] The attorneys selected cannot "hold or represent an interest adverse to the estate," and must be "disinterested persons."[9] As relevant here, a "disinterested person" is one who "does not have an interest materially adverse to the interest of the estate or of any class of

---

[7] Deitderich Declaration, ¶ 16.

[8] 11 U.S.C. § 327(a).

[9] *Id*.

creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."[10]

5.     In determining whether proposed counsel is disinterested, courts focus on "the concerns of divided loyalties and affected judgments."[11] Disqualification is appropriate if a professional or firm has "either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors … or the reasonable perception of one."[12] This includes any circumstance that "would even faintly color the independence and impartial attitude required by the Code."[13] The disinterestedness requirement "serve[s] the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities."[14] A decision must be made at the outset.

6.     In addition to the general conflicts-of-interest inquiry, courts must detemine whether proposed counsel may have received preferential transfers for prepetition legal work. "Preferential transfer[s] to debtors' counsel constitute an actual conflict of interest between counsel and the debtor, and would require the firm's disqualification."[15] It is easy to understand why: as one court put it, a law firm with an avoidable preference will be "unlikely to sue [it]self."[16] "[W]hen there has

---

[10] 11 U.S.C. § 101(14)(C).

[11] *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998).

[12] *In re Martin*, 817 F.2d 175, 180 (1st Cir. 1987).

[13] *In re Crivello*, 134 F.3d 831, 835 (7th Cir. 1998) (quoting *In re BH&P, Inc.*, 949 F.2d 1300, 1308 (3d Cir.1991)).

[14] *Id*. at 836.

[15] *In re First Jersey Sec., Inc.*, 180 F.3d 504, 509 (3d Cir. 1999).

[16] *In re Triple Start Welding, Inc.*, 324 B.R. 778, 794 (9th Cir. 2005) (citing *In re Pillowtex*, 304 F.3d at 254).

been a facially plausible claim of a substantial preference, the district court and/or the bankrupcy court cannot avoid the clear mandate of the statute by the mere expedient of approving retention conditional on a later determination."[17] This is true no matter how completely the relevant facts are disclosed.[18]

7.      The Code provides a procedural mechanism to enforce these requirements. Under Federal Bankruptcy Rule 2014, any professional applying for appointment under Section 327(a) must set forth all known connections between itself and the "debtor, creditors, any other party in interest, [and] their respective attorneys and accountants" in their application and accompanying verified statement. "Boilerplate" disclosures are impermissible, and courts will not "rummage through files or conduct independent factfinding investigations" to determine if the professional is qualified.[19]

**IV.    Argument**

8.      Sullivan & Cromwell's conflicts are obvious and extensive. The Court should reject its Application to serve as the FTX Group's bankruptcy counsel for at least the following reasons.

9.      *First*, FTX US General Counsel Ryne Miller worked at Sullivan & Cromwell for eight years and is a former partner there. Sullivan & Cromwell cannot impartially advise the Debtors about potential claims arising from Mr. Miller's conduct or the legality of his pre-petition activities. Sullivan & Cromwell's Application did not disclose its relationship with Mr. Miller, which alone is disqualifying and arguably sanctionable.

---

[17] *In re Pillowtex, Inc.*, 304 F.3d 246, 255 (3d Cir. 2002).

[18] *Id*.

[19] *Granite Partners*, 219 B.R. at 35.

10.  *Second*, Sullivan & Cromwell's own prepetition activities must be investigated—and it cannot be trusted to investigate itself. With respect to the $8.5 million of FTX-related prepetition legal work, Sullivan & Cromwell has said only that this work involved "acquisition transactions and specific regulatory inquiries relating to certain U.S. business lines."[20] This vague description is insufficient to evaluate Sullivan & Cromwell's role in the FTX Group's malfeasance and constitutes a flagrant refusal to engage with the firm's disclosure obligations.[21] In fact, it appears that Sullivan & Cromwell has already begun a coverup of its prepetition involvement with the FTX Group. On October 6, 2022, the firm posted a news update touting its representation of FTX US in its acquisition of Voyager Digital, another bankrupt cryptocurrency-related business.[22] A search of Sullivan & Cromwell's website for the terms "FTX," "FTX US," and "Voyager" do not return a result for this update, which appears to have been deleted.

11.  *Third*, Sullivan & Cromwell is subject to a preference claim arising from the $15.4 million in legal fees paid to it by the FTX Group entities for prepetition legal work and retainers in the preference period. This is an actual conflict of interest and requires the firm's disqualification.[23]

12.  *Fourth*, Sullivan & Cromwell's current and former clients include a litany of potential targets of investigation and claims. These clients include (i) PricewaterhouseCoopers, LLP, hired by the FTX Group as a consultant, (ii) Deltec

---

[20] Dietderich Declaration, ¶ 16.

[21] *Granite Partners*, 219 B.R. at 35.

[22] Matt Stoller (@matthewstoller), Twitter (Nov. 11, 2022), https://perma.cc/ET2H-U3XP (providing screenshot of Sullivan & Cromwell article entitled "S&C Advises FTX US on Chapter 11 Acquisition of Voyager Digital").

[23] *In re Pillowtex, Inc.*, 304 F.3d 246, 255 (3d Cir. 2002).

Bank and Silvergate Bank, the FTX Group's bankers, (iii) Sam Bankman-Fried, the founder and CEO of the FTX Group empire, and (iv) Nishad Singh, FTX Group co-founder and Head of Engineering.[24] These persons and entities must be investigated for potential wrongdoing and may be subject to claims. Sullivan & Cromwell has an actual conflict with regard to each of them and therefore cannot effectively and ethically perform its duties as bankruptcy counsel.

### V.     Relief Sought

13.    The Court should deny Sullivan & Cromwell's Application and disqualify it from serving as Debtors' counsel.

14.    In the alternative, the Court should require Sullivan & Cromwell to provide robust disclosures concerning its prepetition work for the FTX Group and re-submit its Application with additional time for objections.

WHEREFORE, for the reasons set forth herein, Pierce respectfully requests that the Court deny the Appointment of Sullivan & Cromwell.

Dated: *January 4, 2023*         Respectfully submitted,

                                 */s/ John D. McLaughlin, Jr.*
                                 _____
                                 John D. McLaughlin, Jr. (No. 4123)
                                 1521Concord Pike, Suite 202
                                 Wilmington, DE 19803
                                 Tel.: (302) 575-1555, ext. 107
                                 Fax. : (302) 575-1714
                                 jmclaughlin@ferryjoseph.com

                                 **FERRY JOSEPH, P.A.**

---

[24] Dietderich Declaration, ¶ 8 (referring to and incorporating Schedules 2 & 3 to Deitderich Declaration, which set out parties-in-interest that are current or former Sullivan & Cromwell clients).

Marshal J. Hoda, Esq.
Texas Bar No. 2411009
*(Pro Hac Vice Forthcoming)*
12333 Sowden Road, Suite B
Houston, TX 77080
O: (832) 848-0036
marshal@thehodalawfirm.com
**THE HODA LAW FIRM, PLLC**

Patrick Yarborough, Esq.
Texas Bar No. 24084129
*(Pro Hac Vice Forthcoming)*
917 Franklin Street, Suite 220
Houston, Texas 77002
O: (713) 331-5254
F: (713) 513-5202
patrick@fosteryarborough.com
**FOSTER YARBOROUGH PLLC**

*Counsel for Warren Winter*