# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING, LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 233** |
| | **Hearing Date:** January 11, 2023 at 9:00 a.m. |
| | **Objection Deadline:** December 29, 2022 (extended to January 4, 2023 for Ad Hoc Committee by agreement with the Debtors) |

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF THE AD HOC COMMITTEE OF NON-US CUSTOMERS OF FTX.COM TO MOTION OF DEBTORS FOR ENTRY OF ORDERS (I)(A) APPROVING BID PROCEDURES, STALKING HORSE PROTECTIONS AND THE FORM AND MANNER OF NOTICES FOR THE SALE OF THE CERTAIN BUSINESSES; (B) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (C) SCHEDULING AUCTION(S) AND SALE HEARING(S) AND (II)(A) APPROVING THE SALE(S) FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Ad Hoc Committee of Non-US Customers of FTX.com (the "**Ad Hoc Committee**"), comprising international customers who held accounts on the FTX.com platform, by and through undersigned counsel, respectfully submits this reservation of rights and limited objection to the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures, Stalking Horse Protections and the Form and Manner of Notices for the Sale of the Certain Businesses; (B)*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

*Approving Assumption and Assignment Procedures; and (C) Scheduling Auction(s) and Sale Hearing(s) and (II)(A) Approving the Sale(s) Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases* [D.I. 233] (the "**Bid Procedures Motion**"),[2] and respectfully states as follows:

## RESERVATION OF RIGHTS

1. The Ad Hoc Committee is one of the largest and most significant stakeholders in this case and currently comprises 18 members in their individual or representative capacities holding over $1.9 billion in property interests or claims against the Debtors for the value of their assets locked on the FTX.com platform or otherwise misappropriated by the Debtors. The members of the Ad Hoc Committee reside or operate in 16 countries across the world and range from small individual holders to large institutional investors that are listed on the Debtors' top 50 list of unsecured creditors.

2. The Ad Hoc Committee has filed its *Complaint for Declaratory Judgment* (the "**Complaint**"), Adv. Pro. No. 22-50514 (D.I. 1), seeking a declaration that assets customers deposited, held, received, or acquired on the FTX.com platform are customer property and not property of the Debtors' estates under section 541 of the Bankruptcy Code. The Complaint remains pending, and the issues raised are unresolved.

3. Yet the public record, including statements by the Debtors, the CFTC, the SEC, and the guilty pleas by former controllers of the Debtors, all make clear that customer assets on the FTX.com platform belonged to customers, and not the Debtors, and that the Debtors misappropriated and misused those FTX.com customer assets in violation of governing law and FTX.com's Terms of Service, including to acquire interests in various businesses. For example,

---

[2] Capitalized terms not defined herein are used as defined in the Bid Procedures Motion.

2

in its complaint against FTX.com and its insiders and affiliates, the CFTC states that FTX.com represented, "in its Terms of Service and elsewhere, that customers were the 'owner[s]' of all assets in their accounts, had 'control' over the assets at all times, and that those assets were 'appropriately safeguarded and segregated' from FTX's own funds" but that FTX.com and its insiders and affiliates "misappropriated customer funds for their own use and benefit." *CFTC v. Bankman Fried,* et al., Case No. 22-10503, D.I. 1 (S.D.N.Y. Dec. 13, 2022). Additionally, the Debtors' new CEO, John J. Ray III, testified before the House Committee on Financial Services that "the FTX Group went on a spending binge in late 2021 through 2022, during which approximately $5 billion was spent buying a myriad of businesses and investments."[3]

4.  Against this backdrop, the Ad Hoc Committee has significant concerns over the lack of information regarding sale of the Businesses and the potential effects on the interests of FTX.com customers, who are believed to be the most significant stakeholder group in these cases. The Bid Procedures Motion does not disclose or discuss the source of funds the Debtors used to acquire and support the Businesses. Yet, as noted above, it is likely (if not already apparent) that the Debtors used FTX.com customer funds to fuel the purchase and support of the businesses they acquired.

5.  The Bid Procedures Motion also fails to disclose whether any of the Businesses possess assets (or proceeds thereof) that belong to, or were misappropriated from, FTX.com customers. Nor does the Bid Procedures Motion address whether sensitive or personally identifiable information of FTX.com customers is included in the sale of the any of the Businesses. And because neither of these issues are disclosed or discussed, no mention is made of any potential safeguards the Debtors may employ to protect the interests of FTX.com customers.

---

[3] Testimony of Mr. John J. Ray III before the House Committee on Financial Services, attached hereto as **Exhibit A**.

6. As well, the Bid Procedures Motion does not disclose whether and how the proceeds of any sales will be segregated and protected until the issue of who owns or has superior rights to the proceeds is sorted. *See*, *e.g.*, *In re DVI, Inc.*, 306 B.R. 496, 504-05 (Bankr. D. Del. 2004) ("[C]ourts have permitted the sale of property free and clear of constructive trust claims or equitable liens, so long as they attach to the proceeds of sale.") (citations omitted).

7. The Ad Hoc Committee also is concerned about the lack of information regarding whether the Debtors have fully evaluated the Businesses and their assets to determine whether any of them are necessary to a potential restart of the FTX.com business or other Debtor businesses that could serve as source of value to defrauded FTX.com customers who are otherwise unable to recover the full value of their assets.

8. The Ad Hoc Committee understands, however, that the Debtors are not at this time seeking to approve any sale of any of the Businesses or any other assets. Indeed, the Debtors claim to have not even made a judgment yet as to whether it is appropriate to sell any of the Businesses. Moreover, the Ad Hoc Committee does not seek to stand in the way of value-maximizing transactions that the Debtors may pursue, so long as the interests of FTX.com customers are protected. Accordingly, the Ad Hoc Committee reserves all rights as to the foregoing issues and any and all other sale issues.

## LIMITED OBJECTION

9. The Ad Hoc Committee objects to the Bid Procedures Motion to the limited extent that it seeks to exclude the Ad Hoc Committee's professionals from serving as "Consulting Professionals" in connection with the sale process.

10. The Ad Hoc Committee is committed to being a cooperative and constructive voice for the interests of FTX.com customers in this case, and to working efficiently and effectively to

achieve a fair and equitable outcome from FTX.com customers without the need for costly or burdensome litigation. These efforts have included, among other things, limited and necessary discussions with professionals for the Official Committee of Unsecured Creditors (the "**Official Committee**") and the Bahamian Joint Provisional Liquidators regarding information sharing and cooperation protocols that could reduce administrative costs. The Ad Hoc Committee hopes to continue similar discussions with the Debtors' professionals.

11. Consistent with the foregoing, the Ad Hoc Committee requested that the Debtors grant the Ad Hoc Committee's counsel consultation rights in connection with the sale process, so that the Ad Hoc Committee's counsel may participate in real time and thereby work to resolve any issues uniquely affecting FTX.com customers without the need to resort to costly motion practice and discovery in tight frames on a *post hoc* basis. The Debtors unfortunately declined this request, stating their belief that the Official Committee, which is presently the only consultation party, adequately represents the interests of FTX.com customers.

12. The Debtors' belief is mistaken. Though the Official Committee's composition is similar to the Ad Hoc Committee, in that its members include FTX.com customers, the Official Committee owes a statutory duty to all unsecured creditors of the Debtors, and those interests are not always aligned with the interests of FTX.com customers. Indeed, to the extent that FTX.com customers are owners of property, they are not general unsecured creditors (or even creditors at all), and the Official Committee does not and cannot represent their interests in asserting and protecting their property rights or interests in connection with the sale process or otherwise. This leaves the hundreds of thousands of defrauded FTX.com customers who believe they have property interests in assets the Debtors are holding or may sell or recover without any representation or participation in the Debtors' sale process.

13. Under the proposed Bid Procedures, only Consulting Professionals will be allowed to, among other things, attend the Auction(s) and consult with the Debtors on major business decisions concerning the qualification of bidders, the extension of bid protections, and the selection of successful and back-up bids. Including the Ad Hoc Committee's counsel as a Consulting Professional under the Bid Procedures is the most efficient means to ensure that the interests of FTX.com customers are represented during the sale process and is therefore in the best interest of the Debtors and their estates. It will mean, among other things, that the issues raised in the Ad Hoc Committee's reservation of rights, *supra*, can be addressed through information sharing, consultation, and cooperation, rather than through discovery and litigation—a result that benefits everyone.

14. Absent the Ad Hoc Committee's counsel participating as a Consulting Professional, FTX.com customers will be left to advance their own interests individually, which will likely result in duplicative, burdensome pleadings in opposition to any sale(s) filed by *pro se* litigants or smaller customer constituencies. For example, in a similar cryptocurrency bankruptcy, *Celsius Network LLC*, countless substantive pleadings have been filed by unorganized, *pro se* customers, including dozens of objections to the debtors' sale motion. *See*, *e.g.*, Víctor Ubierna de Las Heras Objection to Debtors' Debtors' [sic] Amended Motion for Entry of an Order (I) Establishing Ownership of Assets in the Debtors' Earn Program, (II) Permitting the Sale of Stablecoin in the Ordinary Course and (III) Granting Related Relief, *In re Celsius Network LLC*, Case No. 22-10964 (MG) [D.I. 1535]. The Ad Hoc Committee believes it can coalesce and advance these interests in a thoughtful and analytical manner, which will limit the administrative burdens on the Debtors and this Court that will inevitably result from the Debtors' decision to exclude FTX.com customers from the process.

15. In this regard, the Ad Hoc Committee is in the best position to organize the interests of FTX.com customers in any sale process. As of the filing of this limited objection, the Ad Hoc Committee comprises 18 members representing over $1.9 billion in property interests or claims against the Debtors. By this limited objection, the Ad Hoc Committee is not seeking to slow or prevent the Debtors' sale process or to litigate any portion of any customer recovery—only the limited relief of being included as a Consulting Professional under the Bid Procedures. The Ad Hoc Committee simply needs a right to evaluate information and the Debtors' requested relief in light of that information without the need to resort to costly discovery and litigation. Including counsel to the Ad Hoc Committee as a Consulting Professional will only provide more opportunity for significant stakeholders to cooperate and reach consensus, and therefore maximize value to all estate stakeholders—not just FTX.com customers.

16. Moreover, any concerns about disruption and prejudice expressed by the Debtors are unfounded or at most *de minimis* and do not outweigh the benefits gained from the Ad Hoc Committee's participation through counsel. As Judge Owens recognized in *Klausner Lumber Two* in requiring the debtor to admit a significant stakeholder as a consultation party, there is little or no prejudice or disruption, because consultation parties do not control the outcome of the debtor's sale process and have no veto power:

> Finally, with respect to its request to be a consultation party, this is the request that I will sustain in Carolina Sawmills' objection. I acknowledge it may cause logistical challenges to the virtual auction to add many parties as consultation parties, but Carolina Sawmills is a significant stakeholder in this proceeding, and I believe they should be included as a consultation party based on the facts and circumstances of these cases.
>
> Importantly, the consultation parties are just that: consultation parties. They do not have veto rights over the debtor's decision-making during the auction and, therefore, I believe that prejudice to

7

> the debtor will be minor and disruption to the auction process limited, if there is, in fact, any disruption at all.

*In re Klausner Lumber Two, LLC*, No. 20-11518, Nov. 18, 2020 Hr'g Tr. at 118:11-119:3 (Bankr. D. Del. Nov. 18, 2020).

17.     Just as in *Klausner Lumber Two*, the Ad Hoc Committee is a significant stakeholder—perhaps the most significant stakeholder with over $1.9 billion in property interests or claims—and it should be included as a consultation party. The interests of FTX.com customers are not otherwise adequately represented or invited to participate and consult in the sale process. They have no voice. The Ad Hoc Committee can provide that voice and work to address and resolve issues of concern to FTX.com customers so as to minimize disputes and costly discovery and litigation. And neither Debtors nor their sale process will suffer any prejudice or disruption as a result of the Ad Hoc Committee's professionals being included as Consulting Professionals.

18.     Accordingly, to ensure that the FTX.com customers' interests are represented in the sale process, the Ad Hoc Committee respectfully requests that it's professionals should be included as Consulting Professionals.

WHEREFORE, for the foregoing reasons, the Ad Hoc Committee respectfully submits that the Court grant the Bid Procedures Motion subject to including the Ad Hoc Committee professionals as Consulting Professionals.

Date: January 4, 2023
Wilmington, Delaware

*/s/ Brian Loughnane*
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Eric D. Schwartz (No. 3134)
Matthew B. Harvey (No. 5186)
Paige N. Topper (No. 6470)
Brian Loughnane (No. 6853)
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200

Facsimile: (302) 658-3989
eschwartz@morrisnichols.com
mharvey@morrisnichols.com
ptopper@morrisnichols.com
bloughnane@morrisnichols.com

-AND-

**EVERSHEDS SUTHERLAND (US) LLP**
Peter A. Ivanick
Sarah E. Paul
Philip H. Ehrlich
Lynn W. Holbert
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
peterivanick@eversheds-sutherland.com
sarahpaul@eversheds-sutherland.com
philipehrlich@eversheds-sutherland.com
lynnholbert@eversheds-sutherland.com

-and-

Erin E. Broderick
227 West Monroe Street, Suite 6000
Chicago, Illinois 60606
Telephone: (312) 724-9006
Facsimile: (312) 724-9322
erinbroderick@eversheds-sutherland.com

-and-

Mark D. Sherrill
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
marksherrill@eversheds-sutherland.com

-and-

Andrea L. Gordon
700 Sixth Street NW, Suite 700
Washington, District of Columbia 20001

Telephone: (202) 383-0100
Facsimile: (202) 637-3593
andreagordon@eversheds-sutherland.com

*Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com*