UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | . | Chapter 11 |
| | . | Case No. 22-11068 (JTD) |
| FTX TRADING, LTD., *et al.*, | . | |
| | . | (Jointly Administered) |
| Debtors. | . | |
| | . | |
| . . . . . . . . . . . . . . . . | . | |
| | . | Chapter 15 |
| IN RE: | . | Case No. 22-11217 (JTD) |
| | . | |
| FTX DIGITAL MARKETS LTD., | . | |
| | . | |
| Debtor in a Foreign | . | Courtroom No. 5 |
| Proceeding. | . | 824 Market Street |
| | . | Wilmington, Delaware 19801 |
| | . | |
| | . | Wednesday, January 4, 2023 |
| . . . . . . . . . . . . . . . . | . | 2:01 p.m. |

TRANSCRIPT OF ZOOM HEARING
BEFORE THE HONORABLE JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

Audio Operator:        Danielle R. Gadson, ECRO

Transcription Company:   Reliable
                         The Nemours Building
                         1007 N. Orange Street, Suite 110
                         Wilmington, Delaware 19801
                         Telephone: (302)654-8080
                         Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1  APPEARANCES:

2  For the Debtors, FTX
   Trading Ltd., *et al.*:     Adam G. Landis, Esquire
3                              LANDIS RATH & COBB, LLP
                               919 Market Street
4                              Suite 1800
                               Wilmington, Delaware 19801
5
                               -and-
6
                               James L. Bromley, Esquire
7                              Alexa J. Kranzley, Esquire
                               SULLIVAN & CROMWELL, LLP
8                              125 Broad Street
                               New York, New York 10004
9

10 For the Debtor, FTX
   Digital Markets, Ltd.:      Jason N. Zakia, Esquire
11                             WHITE & CASE, LLP
                               111 South Wacker Drive
12                             Suite 5100
                               Chicago, Illinois 60606
13

14 For the Official
   Committee of Unsecured
15 Creditors appointed
   in the Chapter 11 cases
16 of FTX Trading Ltd.:        Kristopher M. Hansen, Esquire
                               PAUL HASTINGS, LLP
17                             200 Park Avenue
                               New York, New York  10166
18

19 For the United States
   of America:                 Seth B. Shapiro, Esquire
20                             UNITED STATES DEPARTMENT OF JUSTICE
                               CIVIL DIVISION, COMMERCIAL
21                                 LITIGATION BRANCH
                               1100 L Street, NW Room 10002
22                             Washington, DC  20005

23

24

25

1    <u>APPEARANCES (CONTINUED)</u>:

2    For the U.S. Trustee:        Juliet M. Sarkessian, Esquire
                                  UNITED STATES DEPARTMENT OF JUSTICE
3                                 OFFICE OF THE UNITED STATES TRUSTEE
                                  J. Caleb Boggs Federal Building
4                                 844 King Street
                                  Suite 2207, Lockbox 35
5                                 Wilmington, Delaware 19801

6
     For the North America
7    League of Legends
     Championship Series:        Brian L. Davidoff, Esquire
8                                GREENBERG GLUSKER FIELDS CLAMAN
                                     & MACHTINGER, LLP
9                                2049 Century Park East
                                 Suite 2600
10                               Los Angeles, California 90067

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1                                    INDEX

2   MOTIONS:                                              PAGE

3   Agenda
    Item 1:    Status Conference on Outstanding Scheduling      5
4              Issues in the Chapter 11 cases of *In re FTX
               Trading LTD.,* Case no. 22-11068 (JTD) and in
5              the Chapter 15 Case of *In re FTX Digital
               Markets LTD.,* Case No. 22-11217 (JTD)

6

7   Transcriptionist's Certificate                        31

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       (Proceedings commenced at 2:01 p.m.)

2           THE COURT:  Good afternoon, this is Judge Dorsey.

3   We're on the record in FTX Trading Ltd., Case Number 22-11068

4   and FTX Digital Markets Ltd., Case Number 22-11217.

5           This was a scheduling conference that I requested.

6   I'll give the same admonishment that I've been giving at the

7   beginning of the Zoom hearings in these cases.  This is a

8   formal court proceeding.  I expect the parties to conduct

9   themselves accordingly and anyone on the call to conduct

10  themselves accordingly.  Any disruptions will not be

11  tolerated.  If there is a disruption, you will be removed and

12  not be allowed back into the Zoom hearing.

13          Unless you are going to be presenting, please keep

14  your camera turned off.  And as I mentioned at the beginning,

15  this is a scheduling conference, so unless you -- you know,

16  I'm not going to hear any arguments on any motions or hear

17  complaints from anybody who have something they might want to

18  say in a future hearing.  We'll reserve those for a later

19  time.

20          So, with that, I'll go ahead and turn it over to

21  debtors' counsel -- I guess the U.S. debtor's counsel, I

22  should say, since we have a double hearing here.

23          MR. BROMLEY:  Good afternoon, Your Honor.

24          James Bromley of Sullivan & Cromwell, on behalf of

25  the debtors.  Would you like to take appearances for those

1  speaking or would you like me to just begin?

2          THE COURT:  No, you can go ahead and begin.  I've

3  got the list of everybody who's appearing here, so I can --

4  and I assume that those who are, have their cameras on, are

5  expecting to make comments, so go ahead.

6          MR. BROMLEY:  Thank you, Your Honor.

7          The -- I'm here with my colleagues Brian

8  Glueckstein whose name is appearing under my face so, I'm

9  averaging up today -- and Alexa Kranzley.

10          We have a number of matters with respect to

11  scheduling we'd like to discuss.  The first, I will deal

12  with, which has to do with the joint provisional liquidators,

13  and there are a number of matters that are on for

14  consideration.

15          I see that Mr. Zakia is here from White & Case.

16  We have been in conversations over the past several days.

17  Notwithstanding the volume of papers that have been filed,

18  we've also been trying to have conversations about moving

19  forward on a constructive basis.  And based on communications

20  that we've been having between our offices over the last

21  several hours, I think that we have come to a point where we

22  believe that it's appropriate to inform the Court that we

23  would like additional time to try to reach an agreement, and

24  that we would not need to go forward on Friday, with respect

25  to the hearing on the motion to compel.

1    We would be at the Court's convenience.  We would
2    look for a hearing sometime in the next week, near the end of
3    next week.  That would give us time to allow us to meet in
4    person and see if we can come across the finish line with an
5    agreement that will resolve most, if not all, of the issues
6    that exist between the JPLs and the debtors.

7    THE COURT:  Okay.

8    MR. ZAKIA:  Your Honor?

9    THE COURT:  Mr. Zakia, go ahead.

10    MR. ZAKIA:  Sorry.  Jason Zakia with White & Case,
11    on behalf of the JPLs and the Bahamian debtors.

12    I agree with what Mr. Bromley said.  We've been
13    working in parallel paths, so while there's been a fair bit
14    of litigating, we've also been negotiating, and I think that
15    if we could have -- obviously, Your Honor's schedule is what
16    it is, but if you had a day at the end of next week to give
17    us, I think we could use that time constructively.

18    THE COURT:  Okay.  End of next week.  That puts us
19    to the 13th -- 12th or 13th.  I can do the 13th, any time
20    after 11:00 -- 11:00 or later.  Whatever time works for the
21    parties.

22    MR. Zakia:  So, Your Honor, I would suggest that
23    if it works for Mr. Bromley and his clients, that we take the
24    earliest start time you have, so I'd suggest 11:00.

25    MR. BROMLEY:  That works for the debtors, Your

1    Honor.

2                THE COURT:   Okay.   Go ahead and move the

3    January 6th hearing to the 11th -- excuse me -- to the 13th

4    at 11:00 a.m. Eastern time.

5                MR. ZAKIA:   Friday the 13th?

6                THE COURT:   Yes.   I'm not superstitious.

7         (Laughter)

8                MR. BROMLEY:   And, Your Honor, we would move all

9    of the pending matters, with respect to the JPLs out to that

10   date and hopefully, we would have an agreement.   If we don't,

11   we can then talk about scheduling at that time.

12               THE COURT:   Okay.   When you say, "all of the

13   matters," other than the motion to lift stay and turn over,

14   what else are we talking about?

15               MR. BROMLEY:   Well, we have -- there's a petition

16   for recognition.   There was a motion to dismiss the case,

17   with respect to one of the U.S. debtors.   There's a motion

18   for provisional relief, which I believe may be mooted by

19   certain events that have occurred, as well as the motion to

20   compel.

21               So, the motion to compel was scheduled for hearing

22   on Friday this week and we would just suggest that everything

23   be moved off until the 13th.   If we are unable to reach

24   agreement, we would go forward on a contested basis on the

25   motion to compel on the 13th, but we would also be able to

1   discuss scheduling for all of the other matters that remain

2   open.

3           THE COURT:  Okay.  I got ya.

4           You're not asking to schedule any other matters

5   for the 13th, you're just --

6           MR. BROMLEY:  No.

7           THE COURT:  Okay.  All right.

8           MR. ZAKIA:  No, I -- Your Honor, if I could, I

9   think, just to preview, we're hoping to resolve this.  If we

10  don't, I think the parties may have different views as to how

11  to schedule those matters.  And I agree with Mr. Bromley,

12  that's something we could take up with the Court next week.

13          I do want to update the Court with regard to the

14  provisional relief motion.  This concerns a motion that we

15  had filed to take custody of certain bank accounts that were

16  in the name of the Chapter 15 debtors.  As Mr. Bromley

17  mentioned, since we filed that motion, the United States

18  Government has taken certain actions, with regard to those

19  accounts.

20          We are in contact with DOJ and also with the

21  Chapter 11 debtors and other parties and are trying to see if

22  we can find a consensual path forward with regard to that.

23  So, I don't think there needs to be anything done with regard

24  to that motion at this time.  And we hope to come back to the

25  Court with an agreed path forward, but I did want to update

1  you about -- it may be mooted.  It may not, depending on

2  certain details, but there has certainly been developments

3  and I just wanted to make sure the Court was aware of it.

4              THE COURT:  Okay, great.  Thank you.  I appreciate

5  it.

6              MR. HANSEN:  Your Honor?

7              THE COURT:  All right.

8              MR. HANSEN:  Your Honor, Kris Hansen.  May I be

9  heard for a second?

10             THE COURT:  Go ahead, Mr. Hansen.

11             MR. HANSEN:  Yes, Your Honor.  So, this is Kris

12  Hansen with Paul Hastings, proposed counsel to the Official

13  Committee of Unsecured Creditors.

14             I just want to introduce myself and my partner,

15  Ken Pasquale, who's on, as well, and inform the Court that we

16  have been involved in the discussions with the debtors and

17  the JPLs and we are also hopeful that we can get to a

18  resolution.

19             THE COURT:  Okay, great.  Thank you, Mr. Hansen.

20             All right.  What else do we have?

21             MR. ZAKIA:  Your Honor -- sorry -- one other

22  detail.  Given next week's hearing set for the 13th, Your

23  Honor had set a deadline for our reply of today.  One of the

24  reasons we wanted the extra time is we don't think further

25  pleadings being filed now will be constructive.  So, if we

1 || could roll that deadline to next week, as well, which I --

2 || whatever works for the Court -- I would suggest the 11th, but

3 || if Your Honor would like more time to read it, we could

4 || (indiscernible).

5 ||          THE COURT:  Is there any objection, Mr. Bromley?

6 ||          MR. BROMLEY:  (Audio interference).  I'm sorry,

7 || Your Honor.

8 ||          Just as Mr. Zakia was speaking, a fire alarm

9 || started in our courtroom here, so I didn't hear.  I'm sure

10 || I'm okay with it, but if he could just repeat the date, I

11 || appreciate that.

12 ||          THE COURT:  The 11th.  He's looking to move the

13 || date to the 11th for their --

14 ||          MR. BROMLEY:  That is fine.

15 ||          THE COURT:  Okay.

16 ||          MR. BROMLEY:  Yeah, one week.  That's fine, Your

17 || Honor.  Thank you.

18 ||          THE COURT:  That's fine with me, as well.

19 ||          MR. ZAKIA:  Thank you, Your Honor.

20 ||          THE COURT:  All right.  I know we have to schedule

21 || the trustee's motion to appoint an examiner.  That's another

22 || one that we need to talk about.

23 ||          And before we go to that, I just want to make sure

24 || I don't forget this, because I've forgotten it the last two

25 || times we've talked.  Because of the size of this case, we are

1   going to have to appoint a fee examiner, so I would ask that

2   the parties meet-and-confer and come up with someone, and

3   include Ms. Sarkessian in those discussions, as well, so we

4   can get the fee examiner onboard.

5            MS. SARKESSIAN:  Thank you, Your Honor.

6            Juliet Sarkessian for the U.S. Trustee.  We -- our

7   office would obviously like to schedule the examiner motion

8   as soon as possible.

9            THE COURT:  Have there been any discussions

10  amongst the parties on trying to schedule a date for that?

11           MS. SARKESSIAN:  No, Your Honor, because I believe

12  Your Honor had stated on February 11th there would be a

13  status conference regarding scheduling that motion, so we

14  have not actually discussed dates as of yet.

15           THE COURT:  Okay.  I forgot I'd said we would talk

16  about it on the 11th.  Why don't we go ahead and now that we

17  have the Committee counsel onboard, why don't you coordinate

18  with them and see if you can come up with an agreeable date

19  and have that motion heard.

20           MS. SARKESSIAN:  Thank you, Your Honor.  Your

21  Honor --

22           THE COURT:  And if not between now and the 11th,

23  then we'll talk about it on the 11th.

24           MS. SARKESSIAN:  Thank you, Your Honor.

25           Your Honor, the U.S. Trustee has a request

1  regarding scheduling.  I don't know if you want to hear that

2  now or other scheduling matters to be addressed first?

3          THE COURT:  Well, I don't think we have any

4  particular order, so go ahead, as long as you're already

5  onboard.

6          MS. SARKESSIAN:  Thank you, Your Honor.

7          So, Your Honor, there -- for next Wednesday,

8  January the 11th, by my count, there's at least 21

9  applications and motions that are scheduled to be heard.

10  This includes bid procedures, the debtors' request to -- for

11  final approval, to redact customer names and other

12  information from various filings to which the U.S. Trustee

13  has filed an objection, as well as many, many retention

14  applications.

15          Of the 21 items, 16 were filed just a few days

16  prior to Christmas and had objection deadlines of today, just

17  a few days after New Year's, although, the debtors have

18  agreed to extend our objection deadline to this Friday, and I

19  believe the same for the Committee.

20          From our Office's standpoint, just to address such

21  a large number of items over the holidays, vacations had to

22  be canceled, but it was still a large number of items, a

23  large number of matters to deal with in a very short period

24  of time over the holidays.  So, we have sent a lot of

25  questions and comments to debtors' counsel about these many

1  motions and applications.

2          We have received responses to some of those, but

3  not to others.  We are -- with respect to the information we

4  have received, we do certainly appreciate the debtors, you

5  know, providing this information.  Some of it was quite

6  extensive, but we are still digesting it and we may have

7  follow-up questions and we will be asking for supplemental

8  disclosures to be filed, with respect to certain of the

9  professionals.  And we may also be filing objections,

10 regarding some of the retentions.

11         In light of the situation, the U.S. Trustee is

12 asking for a continuance of five of the retention

13 applications and an adjournment of the hearing.  Those five

14 are Sullivan & Cromwell, Quinn Emanuel, AlixPartners,

15 Alvarez & Marsal, and Perella, the investment banker.  There

16 would be no prejudice to these professionals since all

17 retention applications seek *nunc pro tunc* relief and the U.S.

18 Trustee will not be objecting to *nunc pro tunc relief*.

19         The additional time would also allow us to

20 hopefully resolve a number of open issues and, therefore,

21 limit what we would have to bring before the Court.  And in

22 this case, Your Honor may be aware.  The debtors have sought

23 to have a four-month extension of the time to file their

24 schedules and statements and Rule 2015.3(a) reports.  They

25 have also yet to file any monthly operating reports.  The

1  first one is already past due, and they've indicated they're

2  seeking to file those at the end of March.

3         And we certainly understand the debtors have a lot

4  of pressure on them with respect to these very important

5  disclosure documents, but at the same time, they want to move

6  quickly on a large number of retentions and motions and

7  starting bid procedures.  So, in light of all of that, you

8  know, we would ask to have that additional time, with respect

9  to the five particular retention applications I mentioned,

10 and we certainly appreciate the Court's consideration of our

11 request.

12         Thank you, Your Honor.

13         THE COURT:  Anyone object to pushing those off?

14         MR. BROMLEY:  Your Honor, for the debtors, I'd

15 like to cede the podium to my colleague Alexa Kranzley.  I

16 think the debtors do have an objection to moving it off.

17 Thank you.

18         MS. KRANZLEY:  Good afternoon, Your Honor.

19         For the record, Alexa Kranzley from Sullivan &

20 Cromwell, proposed counsel for the debtors.  Your Honor, we

21 echo Ms. Sarkessian's comments.  We have been working very

22 closely with her and responding written and orally to

23 questions and comments that she has received.

24         With respect to Sullivan & Cromwell, we have now

25 gone through two rounds of comments, and we submit that with

1  another week remaining between now and next week's hearing,

2  that the debtors are ready to proceed, and we are willing to

3  work with Ms. Sarkessian on any additional questions that she

4  has and on a supplemental declaration to include additional

5  disclosures, as necessary.

6           This is, likewise, true for the other

7  professionals that were named.  We have been responsive to

8  the various questions and comments and the proposed forms of

9  order.

10          We are amenable to working with Ms. Sarkessian on

11 extending objection deadlines and working with her with

12 respect to those but given the size of this case and the

13 importance of the work that's been done by the professionals,

14 the debtors respect that we continue and proceed with these

15 retention applications next Wednesday.

16          THE COURT:  Well, Ms. Sarkessian, are there any of

17 the five that you are requesting that you are anticipating

18 you might object to the retention?

19          MS. SARKESSIAN:  Well, Your Honor, we do have one

20 sort of overarching objection, which relates to certain

21 professionals that are being retained to conduct

22 investigations of the kind that we believe would be

23 appropriate, and can only be performed, frankly, by an

24 examiner, and so we would have that objection.

25          With respect to, you know, other more, I would say

1  "granular details," again, we're still digesting.  We haven't

2  gotten back responses to all of our requests.  I don't

3  believe we've gotten anything on Perella.

4        We have gotten responses on the others, but we

5  have to digest the information, and so I can't say at this

6  point in time whether we would have other objections.  Again,

7  we are trying to work through this material, but it's a lot.

8  And in addition to this five, there's a lot of other things

9  that we think we can work out.

10        And I -- with respect to extending the objection

11  deadline, I'd certainly appreciate a further extension.  I

12  think the difficulty comes with the hearings on Wednesday.

13  The agenda is due on Monday.  Any reply that the debtors

14  would have would actually be due on Sunday, I believe, at

15  4:00 p.m.

16        So, there's not a lot of wiggle room for further

17  extensions unless the debtors are, you know, willing to not

18  file a reply or if the Court is willing to have items being

19  filed after the agenda.

20        THE COURT:  All right.  Well, I'm sympathetic to

21  the fact that while the debtors have a lot of resources and a

22  lot of lawyers to produce the motions, that the U.S.

23  Trustee's Office has more limited available resources

24  available to it.  And given that there are 21 motions on for

25  the 11th -- and, by the way, I have another hearing, a

1   contested oral argument on a motion to dismiss at 2 o'clock

2   that day -- so my time is going to be implicated, as well.

3            So, I'm going to grant the motion to move those

4   five retention application hearings to -- it looks like I

5   have a time blacked out at 10:00 a.m. on the 20th for any

6   motion filed by BlockFi, a stay motion.  We can hear those

7   retention applications at that time.  That gives

8   Ms. Sarkessian a little more than another extra week to be

9   able to address those five retention applications.

10            MS. SARKESSIAN:  Thank you, Your Honor.  That's

11  greatly appreciated.  I think that that will absolutely be

12  enough time for us.

13            I guess the only thing I would ask is, should we

14  set the objection deadline now or is that something you would

15  like us to work out with debtor's counsel?

16            THE COURT:  Why don't you try and work it out and

17  see if you can come to an agreement on that.

18            MS. SARKESSIAN:  I'm sure we can.  Debtors'

19  counsel has been very cooperative.  I certainly do not want

20  to imply, in any way, otherwise, and we do appreciate the

21  additional time.  I think we will be able to use that to

22  really limit the issues that we will be bringing before the

23  Court.

24            Thank you, Your Honor.

25            THE COURT:  All right.  Thank you.

1           Anything else for the -- Ms. Sarkessian, on the --

2    from your office on scheduling?

3           MS. SARKESSIAN:  No, Your Honor.  That's it.

4           THE COURT:  Okay.  Thank you.

5           Do we have any other scheduling issues, then?  Did

6    we take care of everything?

7           MR. LANDIS:  Your Honor?

8           UNIDENTIFIED SPEAKER:  Your Honor?

9           MR. LANDIS:  Sorry.  Adam Landis here from Landis

10   Rath & Cobb, Delaware counsel to the debtors' -- proposed

11   Delaware counsel for the debtors.

12          I'm jumping in because I have gotten a message

13   from a Department of Justice attorney, Seth Shapiro, who's on

14   and has his hand raised and is trying to make a statement --

15          THE COURT:  Yes, I --

16          MR. LANDIS:  -- or to address the Court and he

17   can't jump in.  So, I just wanted to do that --

18          THE COURT:  Yes, I do see it, now.

19          MR. LANDIS:  -- as a convenience to him and the

20   Court.

21          THE COURT:  Yep.  Go ahead, Mr. Shapiro.  You can

22   turn your camera on, as well.

23          MR. SHAPIRO:  Thank you, Your Honor.

24          I'm trying to turn the camera on, but for some

25   reason, it says that the host has disabled it.

1          THE COURT:  Well, I did turn you off because we

2   had a bunch of people who had their cameras on at the

3   beginning of the hearing, but we'll see if we can get you

4   turned back on.  But if not, go ahead in the meantime.  I can

5   hear you.  That's the most important part.

6          MR. SHAPIRO:  Yes, Your Honor, and thank you for

7   hearing me.

8          I'm appearing on behalf of the criminal

9   prosecutors for the United States in the Southern District of

10  New York and the Criminal Division.  And we wanted the Court

11  to know that in connection with the -- in the FTX Digital

12  case and in connection with the JPLs' motion for provisional

13  relief, that certain assets have been seized.  We didn't want

14  the Court to just read that in the papers that were filed by

15  Silvergate or Moonstone.

16         So, if Your Honor has any questions about the

17  accounts or cryptocurrency that's been seized, please,

18  certainly let us know.  We're trying to work things out with

19  the parties, but if we can't, those matters will be heard at

20  a later date.

21         There is another scheduling matter, as well, in

22  connection with the FTX Trading matter.  It's on the Court's

23  docket for January 20th.  That stay motion relates to an

24  adversary proceeding filed in the BlockFi bankruptcy

25  proceeding in New Jersey related to Robinhood shares, which

1  the Federal Government has also seized, or is in the process

2  of seizing and we wanted Your Honor to know about that, as

3  well.

4          We are to believe that these assets are not

5  property of the bankruptcy estate or that they fall within

6  the exceptions under Sections 362(b)(1) and/or (b)(4) of the

7  Bankruptcy Code.  So, we can address those issues at a later

8  dated, but we did want the Court to know about those issues.

9          THE COURT:  Okay.  What -- which -- I saw there --

10 I did see one pleading, where one of the banks had indicated

11 that the funds had been seized.

12         How many banks are there, and which ones are they?

13 Have they all been seized, at this point, the ones that were

14 subject to the motion?

15         MR. SHAPIRO:  The ones that were subject to the

16 motion that had money in them, Your Honor, we believe those

17 accounts have all been seized and all the money related to

18 those accounts, either has been seized or is in the process

19 of seizure; of course, that's not the end of the story.

20 There, of course, would be a criminal and/or civil asset

21 forfeiture proceeding at some point down the line in the

22 Southern District of New York, to which entities could file

23 claims.

24         So, we're in the process of speaking with the

25 parties about that, about where those matters should be

1   adjudicated.  We're trying to work out an agreement, but if

2   we can't, ultimately, there will be a criminal and/or civil

3   asset forfeiture proceeding in the Southern District of New

4   York.

5          THE COURT:  Okay.  Thank you.  I appreciate that,

6   Mr. Shapiro.

7          MR. SHAPIRO:  You're welcome.

8          THE COURT:  All right.  Any other -- Mr. Davidoff?

9          MR. DAVIDOFF:  Thank you, Your Honor.

10         Good afternoon, Brian Davidoff from the law firm,

11  Greenberg Glusker in Los Angeles.

12         Your Honor, I do see on the agenda for hearing

13  today is scheduling on the motion for my clients had filed,

14  North America league of legends championship series, which is

15  operated by Riot Games.  That hearing is currently scheduled

16  on the 11th.  I certainly note that Your Honor has a number

17  of matters scheduled for that day.

18         Your Honor, that motion requests relief from stay

19  or, alternatively, to compel the debtors to reject the

20  agreement.  The debtors had separately filed a motion for

21  reject contracts, which they have scheduled for February 8th.

22         I've had communications with Ms. Kranzley in an

23  effort to give a stipulation, whereby, our motion would be

24  granted, since both parties are looking for the same result;

25  that is, for rejection of the agreement.  We would also agree

1  with the debtors, which they had requested in their motion,

2  that the rejection is effective December 30th, which is when

3  they filed their motion.

4  Ms. Kranzley has indicated that they wanted to

5  wait until after the objection deadline to their motion,

6  which I believe is February the -- January the 13th.  The

7  objection deadline to our motion is scheduled for today.

8  And so what I was hoping that we could discuss

9  with Your Honor is simply a stipulation with the debtors,

10  whereby, they stipulate to the relief in our motion, and we

11  resolve this matter entirely both, for January 11 and

12  February 8.

13  THE COURT:  Ms. Kranzley, any --

14  MS. KRANZLEY:  Thank you, Your Honor.

15  We had understood from your chambers that

16  Mr. Davidoff's client's motion is not being scheduled to be

17  heard on January 11th.  We agree that their objection

18  deadline is, in fact, today.

19  Our position, as Mr. Davidoff had articulated, is

20  our -- the objection deadline, with respect to our motion is

21  next Friday, January the 13th.  So, we would work with

22  Mr. Davidoff in the meantime on a mutual stipulation to

23  resolve the issues, but we believe we should wait until the

24  passage of the objection deadline for our motion before we

25  put that stipulation on file in case there are any issues or

1   objections raised by any parties in interest.

2          THE COURT:  Well, I think that's right.  I mean,

3   the motion was set on regular notice.  There was no request

4   for a shortened notice on that motion.  While it's probably

5   unlikely that anyone else is going to object, I need do need

6   to leave it open to see if somebody does.

7          I mean, we're only talking about a few days here,

8   Mr. Davidoff.  If you wait until the 13th, then there's no

9   objection.  It sounded like the debtors are willing to enter

10  into a stipulation that could be filed -- well, the 16th is a

11  holiday.  This Court will be closed.  But it could be entered

12  on the 17th if there's no objection.

13         MR. DAVIDOFF:  Your Honor, I appreciate that, and

14  I do recognize it's merely a matter of a few days.  I did

15  want to mention to the Court that every day in January is an

16  important day for my client, because right now, FTX still

17  fills the slot on their schedule, and they are preparing for

18  the new championship series.

19         The one comment I would have, Your Honor, is that

20  by following this procedure, it's as though the debtors'

21  motion, which was subsequently filed to our motion is, in

22  effect, mooting out our motion, and I'm not sure why that is,

23  since our motion was filed before the debtors' motion and,

24  again, the objection deadline on that motion is today.

25         THE COURT:  Well, that's actually a good point.

1           Ms. Kranzley, if there's no objection to their

2  motion, which is due today, is there any reason that you

3  can't enter into the stipulation, and have it entered either

4  tomorrow or Friday?

5           MS. KRANZLEY:  Your Honor, if that's the Court's

6  position, we're happy to proceed with that.

7           THE COURT:  Okay.  Let's put it that way, then.

8           MR. DAVIDOFF:  I appreciate it.  Thank you, Your

9  Honor.

10          THE COURT:  You're welcome.

11          Okay.  Anything else?

12          MS. KRANZLEY:  Your Honor, I'll --

13          THE COURT:  Do we have any other --

14          MS. KRANZLEY:  Your Honor, I'll cede the podium

15 back to Mr. Bromley.

16          THE COURT:  Okay.  Mr. Bromley?

17          MR. BROMLEY:  Thank you, Your Honor.

18          I just wanted to come back to Mr. Shapiro's

19 comments for a moment and I certainly thank him for making

20 those comments.  But given the intense press coverage of

21 everything that goes on here, we just want to make sure that

22 there's clarity as to what has happened.

23          The seizures that have taken place were ordered by

24 the Court in connection with the criminal actions in the

25 Southern District of New York, with respect to Mr. Bankman-

1    Fried, Ms. Ellison, and Mr. Wang, and just so that's clear,

2    that's where those seizures have come from.

3           Number two, the two things that are being seized,

4    one has to do with the Robinhood stock.  As the Court is

5    aware, there had been, prior to the seizure order, ongoing

6    litigation both, before Your Honor, and before the BlockFi

7    Chapter 11 case in the District of New Jersey Bankruptcy

8    Court.  And so, the question is to the ownership of those

9    Robinhood shares -- was an open question before the seizure

10   took place.

11          There's also a receiver proceeding that has been

12   commenced in Antigua and Barbuda in connection with the

13   Robinhood shares.  So, those shares were already at issue.

14          We are, obviously, reserving our rights, with

15   respect to the debtors and expect that the other parties are,

16   as well, but just wanted to make it clear that the Robinhood

17   shares that were being seized were being seized from accounts

18   that are not currently under the control of the debtors.

19          And, finally, Your Honor, with respect to the bank

20   accounts, those are the bank accounts that were the subject

21   of the Joint Provisional Liquidators' motion; bank accounts

22   that were purportedly in the name of FTX Digital Markets, the

23   company that is in approval liquidation in the Bahamas.  And

24   so, none of the assets that are being seized are assets that

25   are currently under the control, direct control of any of the

1 FTX debtors that are before Your Honor.

2         We certainly believe we have rights with respect

3 to those assets, which can be dealt with later, and we are in

4 alignment at the present time with the United States

5 Government and the law enforcement officials in taking these

6 steps.

7         THE COURT:  Thank you.  I appreciate the

8 clarification.  I'm sure members of the press appreciate it,

9 as well.  It makes it a little clearer.

10         Let me ask, what -- I haven't looked at the motion

11 that's scheduled for the 20th, the stay motion.  Is that --

12 we anticipate there's going to be an evidentiary hearing?

13         MR. BROMLEY:  Well, Your Honor, I think at the

14 moment, the question remains as to what will go forward or

15 needs to go forward in light of the seizure.  And I know that

16 Judge Kaplan -- and there are two Judge Kaplans, so

17 apologies -- there's a Judge Kaplan in the Southern District

18 of New York who's dealing with the criminal action and Judge

19 Kaplan in the Bankruptcy Court in New Jersey.  So, I will

20 just refer to SDNY and New Jersey, rather than Judge Kaplan,

21 with no disrespect.

22         The -- there is a pending action in front of the

23 New Jersey Court, as well as the motion before Your Honor on

24 the 20th.  At this point, it may be that the seizure that has

25 taken place, or is in the process of being taking place, will

1  moot one or both of those, but we are still in conversations

2  as to whether or not that is going to be the case.

3          THE COURT:  I just want to make sure I have

4  enough -- I'm going to black out all day on the 20th just in

5  case it turns into a longer hearing than anybody anticipated.

6          MR. BROMLEY:  I think that's a good -- you know,

7  the appropriate thing to do, Your Honor.  If it does go

8  forward, we would need to present evidence and need the Court

9  for the entire day.  As soon as we know anything different,

10 we will let you know.

11         THE COURT:  Okay.  Thank you.

12         Okay.  Anything else that needs to be scheduled?

13         MR. ZAKIA:  So, Your Honor -- sorry --

14         THE COURT:  Go ahead.

15         MR. ZAKIA:  Very briefly.  Jason Zakia.

16         So, just to follow-up on Mr. Bromley's comments

17 and Mr. Shapiro's comments with regard to the Government's

18 action with respect to the two Markets' bank accounts, that's

19 the same action I referenced when I made my remarks earlier.

20 And as I believe Mr. Shapiro mentioned, we are working with

21 the Government to try and find a consensual path forward;

22 obviously, this goes without saying, but to the extent that

23 those efforts fail, we would reserve our rights with regard

24 to those funds.  Thank you.

25         THE COURT:  Understood.  Thank you.

1           All right.  Anything else?

2      (No verbal response)

3           THE COURT:  Going once --

4           MR. BROMLEY:  Nothing more from the debtors, Your

5  Honor.

6           THE COURT:  Okay.  Well, thank you all very

7  much --

8           MR. SHAPIRO:  Your Honor, if I may --

9           THE COURT:  Oh, go ahead, Mr. Shapiro.

10          MR. SHAPIRO:  Your Honor, if I may, just for the

11  United States?  I just wanted to mention for the record that

12  counsel has been very courteous in giving the United States

13  time.  The debtors' counsel has given us until January 12th

14  to respond to their stay motion and the provisional

15  liquidators have also extended our deadline to a date to be

16  decided.  So, I just wanted to make sure that's clear on the

17  record.

18          And for the Court's benefit, we will file a notice

19  of seizure so that the Court is aware and has something in

20  the docket that shows what's actually been seized by the U.S.

21  Government so that if we don't end up resolving it, there --

22  you know, it'll be clear for purposes of litigation, what is

23  actually in the Government's possession.  Thank you.

24          THE COURT:  Thank you, Mr. Shapiro.

25          All right.  Well, thank you all very much.  I

1  appreciate it.  This, I think, was productive.  I'm glad we

2  had this call.  I'm glad to hear the parties are still

3  working towards a resolution of the issues and, hopefully,

4  we'll be able to do this in a cooperative way and avoid

5  having to have a hearing later on.

6          So, with that, we are adjourned.  Thank you all

7  very much.

8          MR. BROMLEY:  Thank you, Your Honor.

9      (Proceedings concluded at 2:34 p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## CERTIFICATION

2          I certify that the foregoing is a correct

3 transcript from the electronic sound recording of the

4 proceedings in the above-entitled matter to the best of my

5 knowledge and ability.

6

7 /s/ William J. Garling                    January 4, 2023

8 William J. Garling, CET-543

9 Certified Court Transcriptionist

10 For Reliable

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25