# EXHIBIT E-3

**ANTIGUA AND BARBUDA**
International Business Corporations Act, CAP. 222
A Company Limited by Shares



ARTICLES OF INCORPORATION
OF
**EMERGENT FIDELITY TECHNOLOGIES LTD.**

## ARTICLE I

1. The name of the Company is **EMERGENT FIDELITY TECHNOLOGIES LTD.**

## ARTICLE II

2. **REGISTERED OFFICE & AGENT**

   The Registered Agent of the Company shall be **CORPORATE & TRUST SERVICES (CARIBBEAN) LIMITED**, whose office is situated at Lower Factory Road, in the city of Saint John's, Antigua and Barbuda, the said office shall be the Registered Office of the Company.

## ARTICLE III

3. **CAPITAL**

   The Share Capital of the Company shall be 5,000 registered shares divided into 5,000 shares of US$1.00 each par value common stock, which shall be designated "Registered Shares". The Company shall have the power to increase or reduce said capital, and to issue any part of its capital as special privilege, or subject to any postponement of rights, or to any conditions or restrictions; and so that unless the conditions of issue shall otherwise expressly declare, every issue of shares, whether declared to be preference or otherwise, shall be subject to the power therein contained.

## ARTICLE IV

4. **BOARD OF DIRECTORS**

   The powers of the Company shall be exercised by the Board of Directors of the Company, which shall be empowered to name one or more Managing Directors. Subject to any restrictions in the appointing resolution, an act of a Managing Director shall bind the Company as if said act had been approved by the Board of Directors. Only a member of the Board of Directors shall serve as a Managing Director. The Company shall have a minimum of 1 and a maximum of 3 directors.

-2-



## ARTICLE V

5. **CORPORATE PURPOSE**

a. The objects for which the Company is established are: Software Development; and all business activities permitted by the laws of the State of Antigua and Barbuda other than International Banking, Trust and Insurance, Betting and Bookmaking or any activity which requires a Licence under the International Business Corporations Act.

b. To acquire and deal with any property, real or personal, to erect any buildings, and generally to do all acts and things which, in the opinion of the Company or the Directors, may be conveniently or profitably, or usefully acquired and dealt with, carried on, erected or done by the Company in connection with said property.

c. To generally have and exercise all powers, rights and privileges necessary and incident to carrying out properly the objects herein mentioned.

## ARTICLE VI

6. **EXISTENCE**

The Company shall have perpetual existence unless sooner dissolved in accordance with the laws of the Antigua and Barbuda. The date on which corporate existence shall begin is the date on which these Articles of Incorporation are filed with the Director of International Business Corporations of Antigua and Barbuda.

## ARTICLE VII

7. **LIABILITY OF SHAREHOLDERS**

The liability of a shareholder is limited to the amount, if any, unpaid on the shares held or subscribed to by said shareholder.

## ARTICLE VIII

8. **INDEMNIFICATIONS**

The Company shall indemnify any and all of its Directors, officers, employees or agents or former Directors, officers, employees or agents or any person or persons who may have served at its request as a Director, officer, employee or agent of another corporation, partnership, joint venture, trust or other

-3-

enterprise in which it owns shares of capital stock or of which it is a creditor, to the full extent permitted by law. Said indemnification shall include, but not limited to, the expenses, including the cost of any judgements, fines settlements and counsel's fees, actually and necessarily paid or incurred in connection with any action, suit or proceeding, whether civil, criminal, administrative or investigative, and any appeals thereof, to which any such person or his legal representative may be a party or may be threatened to be made a party by reason of his being or having been a Director, officer, employee or agent as herein provided. The foregoing right of indemnification shall not be exclusive of any rights to which any Director, officer, employee or agent may be entitled as a matter of law or which he may be lawfully granted.

## ARTICLE IX

### 9. CHARTER CONTINUANCE

The Company is authorised to transfer its charter to any jurisdiction, which permits continuation of a foreign corporation.

### 10. SECURITIES

No Securities of the Company will be distributed to the public in the Antigua and Barbuda in contravention of Section 365 of the International Business Corporations Act, 1982.

FINANCIAL SERVICES REGULATORY COMMISSION
APR 2 2 2022
FILED

## ARTICLE XI

### 11. INCORPORATORS

The name and address of the Company's incorporators are: -

**ARTHUR G. B. THOMAS**
Clarkes Hill
St. John's
Antigua

**KELVIN JOHN**
Friars Hill Development
St. John's
Antigua

Dated this 20th day of April, 2022 at St. John's, Antigua

# ANTIGUA AND BARBUDA

## INTERNATIONAL BUSINESS CORPORATIONS ACT CAP. 222

### GENERAL BY-LAW

### TABLE OF CONTENTS

| | Chapter |
|---|---|
| INTERPRETATION | 1 |
| REGISTERED OFFICE | 2 |
| SEAL | 3 |
| DIRECTORS | 4 |
| BORROWING POWERS OF DIRECTORS | 5 |
| MEETINGS OF DIRECTORS | 6 |
| REMUNERATION OF DIRECTORS | 7 |
| SUBMISSION OF CONTRACTS OF SHAREHOLDERS | 8 |
| FOR THE PROTECTION OF DIRECTORS AND OFFICERS | 9 |
| INDEMNITIES TO DIRECTORS AND OFFICERS | 10 |
| OFFICERS | 11 |
| SHAREHOLDERS' MEETINGS | 12 |
| SHARES | 13 |
| TRANSFERS OF SHARES AND DEBENTURES | 14 |
| DIVIDENDS | 15 |
| VOTING IN OTHER COMPANIES | 16 |
| INFORMATION AVAILABLE TO SHAREHOLDERS | 17 |
| NOTICES | 18 |
| CHEQUES, DRAFTS AND NOTES | 19 |
| EXECUTION OF INSTRUMENTS | 20 |
| SIGNATURES | 21 |
| FINANCIAL YEAR | 22 |
| INITIAL DIRECTORS | 23 |

FINANCIAL SERVICES REGULATORY COMMISSION
APR 2 2 2022
FILED

**ANTIGUA AND BARBUDA
INTERNATIONAL BUSINESS CORPORATIONS ACT Cap. 222**

**A COMPANY LIMITED BY SHARES
GENERAL BY-LAW (NO. 1)**

*FINANCIAL SERVICES REGULATORY COMMISSION — APR 2 2 2022 — FILED*

A by-law relating generally to the conduct of the affairs of **EMERGENT FIDELITY TECHNOLOGIES LTD.** (hereinafter called the "Company")

**BE IT ENACTED** as the general by-law of the Company as follows:

1. **INTERPRETATION**
1.1. In this by-law and all other by-laws of the Company, unless the context otherwise requires:
   (a) "Act" means the International Business Corporations Act 1982 as from time to time amended and every statute substituted therefor and, in the case of such substitution, any references in the by-laws of the Company to provisions of the Act shall be read as references to the substituted provisions therefor in the new statute or statutes;
   (b) "Regulations" means any Regulations made under the Act, and every regulation substituted therefor and, in the case of such substitution, any references in the by-laws of the Company to provisions of the Regulations shall be read as references to the substituted provisions therefor in the new regulations;
   (c) "By-Laws" means any by-law of the Company from time to time in force;
   (d) all terms contained in the by-laws and defined in the Act or the Regulations shall have the meanings given to such terms in the Act or the Regulations; and
   (e) the singular includes the plural and the plural includes the singular; the masculine gender includes the feminine and neuter genders; the word "person" includes bodies corporate , companies, partnerships, syndicates, trusts and any association of persons; and the word "individual" means a natural person.

2. **REGISTERED OFFICE**
2.1 The registered office of the company shall be in Antigua and Barbuda at such address as the directors may fix from time to time by resolution.

3. **SEAL**
3.1 The common seal of the Company shall be such as the directors may by resolution from time to time adopt.

4. **DIRECTORS**
4.1 Powers: Subject to any unanimous shareholder agreement, the business and affairs of the Company shall be managed by the directors.

-2-

4.2 Number: There shall be not less than 1 and no more than 3 directors.

4.3 Election: Directors shall be elected by the shareholders on a show of hands unless a ballot is demanded in which case such election shall be by ballot.

4.4 Tenure: Unless his tenure is sooner determined, a director shall hold office from the date on which he is elected or appointed until the close of the annual meeting of the shareholders next following but he shall be eligible for re-election if qualified.

4.4.1. A director who is also an officer shall continue to be a director until he ceases to be an officer.

4.4.2. A director shall cease to be a director:
(a) if he becomes bankrupt or compounds with his creditors or is declared insolvent;
(b) if he is found to be of unsound mind; or
(c) if by notice in writing to the Company he resigns his office and any such resignation shall be effective at the time it is sent to the Company or at the time specified in the notice whichever is later.

4.4.3 The shareholders of the Company may, by ordinary resolution passed at a special meeting of the shareholders, remove any director from office and a vacancy created by the removal of a director may be filled at the meeting of the shareholders at which the director is removed.

4.5 Committee of Directors: The directors may appoint from among their number a committee of directors and subject to section 80 of the Act may delegate to such committee any of the powers of the directors.

5. **BORROWING POWERS OF DIRECTORS**

5.1 The directors may from time to time:
(a) borrow money upon the credit of the Company;
(b) issue, reissue, sell or pledge debentures of the Company
(c) subject to section 53 of the Act, give a guarantee on behalf of the Company to secure performance of an obligation of any person; and
(d) mortgage, charge, pledge or otherwise create a security interest in all or any property of the Company, owned or subsequently acquired, to secure any obligation of the Company.

5.2. The directors may from time to time by resolution delegate to any officer of the Company all or any of the powers conferred on the directors by paragraph 5.1 hereof to the full extent thereof or such lesser extent as the directors may in any such resolution provide.

5.3. The powers conferred by paragraph 5.1 hereof shall be in supplement of and not in substitution for any powers to borrow money for the purposes of the Company possessed by its directors or officers independently of a borrowing by-law.

FILED

FINANCIAL SERVICES
REGULATORY COMMISSION

APR 2 2 2022

-3-

FINANCIAL SERVICES REGULATORY COMMISSION
FILED
APR 2 2 2022

6. **MEETINGS OF DIRECTORS**

6.1 Place of Meeting: Meeting of the directors and of any committee of the directors may be held within, or outside Antigua and Barbuda, at a place to be determined by the Board of Directors.

6.2 Notice: A meeting of the directors may be convened at any time by any director or the Secretary, when directed or authorised by any director. Subject to subsection 76 (1) of the Act the notice of any such meeting need not specify the purpose of or the business to be transacted at the meeting. Notice of any such meeting shall be served in the manner specified in paragraph 18.1 hereof not less than two days (exclusive of the day on which the notice is delivered or sent but inclusive of the day for which notice is given) before the meeting is to take place. A director may in any manner waive notice of a meeting of the directors and attendance of a director at a meeting of the directors shall constitute a waiver of notice of the meeting except where a director attends a meeting for the express purpose of objecting to the transaction of any business on the grounds that the meeting is not lawfully called.

6.2.1 It shall not be necessary to give notice of a meeting of the directors to a newly elected or appointed director for meeting held immediately following the election of directors by the shareholders or the appointment to fill a vacancy among the directors.

6.3 Quorum: One (1) Director shall form a quorum for the transaction of business and, notwithstanding any vacancy among the directors; a quorum may exercise all the powers of the directors. No business shall be transacted at a meeting of directors unless a quorum is present.

6.3.1 A director may, if all the directors consent, participate in a meeting of directors or of any committee of the directors by means of such telephone or other communications facilities as permit all persons participating in the meeting to hear each other and a director participating in such a meeting by such means is deemed to be present at that meeting.

6.4 Voting: Questions arising at any meeting of the directors shall be decided by a majority of votes. In case of an equality of votes the chairman of the meeting in addition to his original vote shall have a second or casting vote.

6.5 Resolution in lieu of meeting: Notwithstanding any of the foregoing provisions of this by-law a resolution in writing signed by all the directors entitled to vote on that resolution at a meeting of the directors or any committee of the directors is as valid as if it had been passed at a meeting of the directors or any committee of the directors.

7. **REMUNERATION OF DIRECTORS**

7.1 The remuneration to be paid to the directors shall be such as the directors may from time to time determine and such remuneration may be in addition to the salary paid to any officer or employee of the

-4-

Company who is also a director. The directors may also award special remuneration to any director undertaking any special services on the Company's behalf other than the routine work ordinarily required of a director and the confirmation of any such resolution or resolutions by the shareholders shall not be required. The directors shall also be entitled to be paid their travelling and other expenses properly incurred by them in connection with the affairs of the Company.

8. **SUBMISSION OF CONTRACTS OR TRANSACTIONS TO SHAREHOLDERS FOR APPROVAL**

8.1 The directors in their discretion may submit any contract, act or transaction for approval or ratification at any annual meeting of the shareholders or at any special meeting of the shareholders called for the purpose of considering the same and, subject to the provisions of section 89 of the Act, any such contract, act or transaction that is approved or ratified or confirmed by a resolution passed by a majority of the votes cast at any such meeting (unless any different or additional requirement is imposed by the Act or by the Company's articles or any other by-law) shall be as valid and as binding upon the Company and upon all the shareholders as though it had been approved, ratified or confirmed by every shareholder of the Company.

9. **FOR THE PROTECTION OF DIRECTORS AND OFFICERS**

9.1 No director or officer of the Company shall be liable to the Company for:-
   (a) the acts, receipts, neglects or defaults of any other director or employee or for joining in any receipt or act for conformity;
   (b) any loss, damage or expense incurred by the Company through the insufficiency or deficiency of title to any property acquired by the Company or for or on behalf of the Company;
   (c) the insufficiency or deficiency of any security in or upon which any of the monies of or belonging to the Company shall be placed out or invested;
   (d) any loss or damage arising from the bankruptcy, insolvency or tortuous act of any person, including any person with whom any monies securities or effects shall be lodged or deposited;
   (e) any loss, conversion, misapplication or misappropriation of or any damage resulting from any dealings with any monies, securities or other assets belonging to the Company;
   (f) any other loss, damage or misfortune whatever which may happen in the execution of the duties of his respective office or trust or in relation thereto; unless the same happens by or through his failure to exercise the powers and to discharge the duties of his office honestly and in good faith with a view to the best interests of the Company and in connection therewith to exercise the care, diligence and skill that a reasonably prudent person would exercise in comparable circumstances.

FINANCIAL SERVICES REGULATORY COMMISSION
APR 2 2 2022
FILED

-5-

9.2 Nothing herein contained shall relieve a director or officer from the duty to act in accordance with the Act or regulations made thereunder or relieve him from liability for a breach thereof.

9.2.1 The directors for the time being of the Company shall not be under any duty or responsibility in respect of any contract, act or transaction whether or not made, done or entered into in the name or behalf of the Company, except such as are submitted to and authorised or approved by the directors.

9.2.2 If any director or officer of the Company is employed by or performs services for the Company otherwise than as a director or officer or is a member of a firm or a shareholder, director or officer of a body corporate which is employed by or performs services for the Company, the fact of his being a shareholder, director of officer of the Company shall not disentitle such director or officer or such firm or body corporate, as the case may be from receiving proper remuneration for such services.

10. **INDEMNITIES TO DIRECTORS AND OFFICERS**

10.1 Subject to section 97 of the Act, except in respect of an action by or on behalf of the Company to obtain a judgement in its favour, the Company shall indemnify a director or officer of the Company, a former director or officer of the Company or a person who acts or acted at the Company's request as a director or officer of a body corporate of which the Company is or was a shareholder or creditor, and his personal representatives, against all costs, charges and expenses, including an amount paid to settle an action or satisfy a judgement, reasonably incurred by him in respect of any civil, criminal or administrative action or proceeding to which he is made party by reason of being or having been a director or officer of such company, if:

(a) he acted honestly and in good faith with a view to the best interests of the Company; and

(b) in the case of a criminal or administrative action or proceeding that is enforced by a monetary penalty, he had reasonable grounds for believing that his conduct was lawful.

11. **OFFICERS**

11.1 Appointment: The directors shall as often as may be required appoint a Secretary and, if deemed advisable, may as often as may be required appoint any or all of the following officers: a Chairman, a Deputy Chairman, a President, one or more Vice-Presidents, a Treasurer, one or more Assistant Secretaries or one or more Assistant Treasurers. A director may be appointed to any office of the Company but none of the officers except the Chairman, the Deputy Chairman, the President and Vice-President need be a director. Two or more of the aforesaid offices may be held by the same person. In case and whenever the same person holds the offices of Secretary and Treasurer he may but need not be known as the Secretary-Treasurer. The directors may from time to time appoint such other officers and agents as they deem necessary who shall

[FINANCIAL SERVICES REGULATORY COMMISSION — APR 2 2 2022 — FILED]

-6-

have such authority and shall perform such duties as may from time to time be prescribed by the directors.

11.2 Remuneration: The remuneration of all officers appointed by the directors shall be determined from time to time by resolution of the directors. The fact that any officer or employee is a director or shareholder of the Company shall not disqualify him from receiving such remuneration as may be determined.

11.3 Powers and Duties: All officers shall sign such contracts, documents or instruments in writing as require their respective signatures and shall respectively have and perform all powers and duties incident to their respective offices and such other powers and duties respectively as may from time to time be assigned to them by the directors.

11.4 Delegation: In case of the absence or inability to act of any officer of the Company or for any other reason that the directors may deem sufficient the directors may delegate all or any of the powers of such officer to any other officer or to any director.

11.5 Chairman: A chairman shall, when present, preside at all meetings of the directors, and any committee of the directors or the shareholders.

11.6 Deputy Chairman: If the Chairman is absent or is unable or refuses to act, the Deputy Chairman (if any) shall, when present, preside at all meetings of the directors, and any committee of the directors, or the shareholders.

11.7 President: A President shall be the Chief Executive Officer, Managing Director, of the Company and shall exercise such powers and have such authority as may be delegated to him by the directors in accordance with the provisions of section 80 of the Act. He shall be vested with and may exercise all the Powers and shall perform all the duties of a Chairman and Deputy Chairman if none be appointed or if the Chairman and the Deputy Chairman are absent or are unable or refuse to act.

11.8 Vice-President: A Vice President or, if more than one, the Vice-Presidents, in of order seniority, shall be vested with all the powers and shall perform all the duties of the President in the absence or inability or refusal to act of the President.

11.9 Secretary: The Secretary shall give or cause to be given notices for all meetings of the directors, any committee of the directors and the shareholders when directed to do so and shall have charge of the minute books and seal of the Company and, subject to the provisions of paragraph 14.1 hereof, of the records (other than accounting records) referred to in section 130 of the Act.

11.10 Treasurer: Subject to the provisions of any resolution of the directors, a Treasurer shall have the care and custody of all the funds and securities of the Company and shall deposit the same in the name of the Company

FINANCIAL SERVICES
REGULATORY COMMISSION
APR 22 2022
FILED

-7-

in such bank or banks or with such other depository or depositories as the directors may direct. He shall keep or cause to be kept the accounting records referred to in section 132 of the Act. He may be required to give such bond for the faithful performance of his duties as the directors in their uncontrolled discretion may require but no director shall be liable for failure to require any such bond or for the insufficiency of any such bond or for any loss by reason of the failure of the Company to receive any indemnity thereby provided.

11.11 Assistant Secretary and Assistant Treasurer: The Assistant Secretary or, if more than one, the Assistant Secretaries in order of seniority, and the Assistant Treasurer or, if more than one, the Assistant Treasurers in order of seniority, shall respectively perform all the duties of the Secretary and the Treasurer, respectively, in the absence or inability or refusal to act of the Secretary or the Treasurer, as the case may be.

11.12 General Manager or Manager: The directors may from time to time appoint one or more General Manager or Managers and may delegate to him or them full power to manage and direct the business and affairs of the Company (except such matters and duties as by law must be transacted or performed by the directors or by the shareholders) and to employ and discharge agents and employees of the Company or may delegate to him or them any lesser authority. A General Manager or Manager shall conform to all lawful orders given to him by the directors of the Company and shall at all reasonable times give to the directors or any of them all information they may require regarding the affairs of the Company. Any agent or employee appointed by the General Manager or Manager may be discharged by the directors.

11.13 Vacancies: If the office of any officer of the Company becomes vacant by reason of death, resignation, disqualification or otherwise, the directors by resolution shall, in the case of the Secretary, and may, in the case of any office, appoint a person to fill such vacancy.

12. **SHAREHOLDERS' MEETINGS**

12.1 Annual Meeting: Subject to the provisions of section 102 of the Act, the annual meeting of the shareholders shall be held on such day in each year and at such time and place as to be determined by the directors.

12.2 Special Meetings: Special meetings of the shareholders may be convened by order of the Chairman, the Deputy Chairman, the President, Vice-President or by the directors at any date and time and at any place within Antigua and Barbuda or, if all the shareholders entitled to vote at such meeting so agree, outside the Antigua and Barbuda.

12.2.1 The directors shall on the requisition of the holders of not less than five percent of the issued shares of the Company that carry a right to vote at the meeting requisitioned, forthwith convene a meeting of shareholders and in the case of such requisition the following provisions shall have effect: -

FINANCIAL SERVICES REGULATORY COMMISSION
APR 2 2 2022
FILED

-8-

(1) The requisition must state purposes of the meeting and must be signed by the requisitionist and deposited at the Registered Office, and may consist of several documents in like form each signed by one or more of the requisitionists.

(2) If the directors do not, within twenty-one days from the date of the requisition being so deposited, proceed to convene a meeting, the requisitionists or any of them may themselves convene the meeting, but any meeting so convened shall not be held after three months from the date of such deposit.

(3) Unless subsection (3) of section 120 of the Act applies, the directors shall be deemed not to have duly convened the meeting if they do not give such notice as is required by the Act within fourteen days from the deposit of the requisition.

(4) Any meeting convened under this paragraph by the requisitions shall be called as nearly as possible in the manner in which meetings are to be called pursuant to the by-laws and Division E of the Act.

(5) A requisition by joint holders of shares must be signed by all such holders.

12.3 Notice: A printed, written or typewritten notice stating the day, hour and place of meeting shall be given by serving such notice on each shareholder entitled to vote at such meeting, on each director and on the auditor of the Company in the manner specified in paragraph 18.1 hereof, not less than fifteen days or more than sixty days (in each case exclusive of the day for which the notice is delivered or sent and of the day for which notice is given) before the date of the meeting. Notice of a meeting at which special business is to be transacted shall state (a) the nature of that business in sufficient detail to permit the shareholder to form a reasoned judgement thereon, and (b) the text of any special resolution to be submitted to the meeting.

12.4 Waiver of Notice: A shareholder and any other person entitled to attend a meeting of shareholders may in any manner waive notice of a meeting of shareholders and attendance of any such person at a meeting of shareholders shall constitute a waiver of notice of the meeting except where such person attends a meeting for the express purpose of objecting to the transaction of any business on the grounds that the meeting is not lawfully called.

12.5 Omission of Notice: The accidental omission to give notice at any meeting or any irregularity in the notice of any meeting or the non-receipt of any notice by any shareholder, director or the auditor of the Company shall not invalidate any resolution passed or any proceedings taken at any meeting of the shareholders.

Votes: Every question submitted to any meeting of shareholders shall be decided in the first instance by a show of hands unless a person entitled to vote at the meeting has demanded a ballot and, if the articles so provide, in the case of an equality of votes the Chairman of the meeting shall on a ballot have a casting vote in addition to any votes to which he may be otherwise entitled.

FINANCIAL SERVICES REGULATORY COMMISSION
APR 2 2 2022
FILED

Case 22-01382-MBK Doc 15 Filed 05/23/19 Page 14 of 20
Case 22-01388-JTD    Doc 32-19   Filed 01/12/22   Entered 01/12/22 15:34:40   Desc Main
Document      Page 25 of 74

-9-

12.6.1. At every meeting at which he is entitled to vote, every shareholder, proxy holder or individual authorised to represent a shareholder who is present in person shall have one vote on a show of hands. Upon a ballot at which he is entitled to vote, every shareholder, proxy holder or individual authorised to represent a shareholder shall, subject to the articles, have one vote for every share held by the shareholder.

12.6.2 At any meeting unless a ballot is demanded, a declaration by the Chairman of the meeting that a resolution has been carried or carried unanimously or by a particular majority or lost or not carried by a particular majority shall be conclusive evidence of the fact.

12.6.3 When the Chairman, the Deputy Chairman, the President and the Vice-President are absent, the persons who are present and entitled to vote shall choose another director as Chairman of the meeting; but if no director is present or all the directors present decline to take the chair, the persons who are present and entitled to vote shall choose one of their number to be Chairman.

12.6.4 A ballot, either before or after any vote by a show of hands, may be demanded by any person entitled to vote at the meeting. If at any meeting a ballot is demanded on the election of a Chairman or on the question of adjournment it shall be taken forthwith without adjournment. If at any meeting a ballot is demanded on any other question or as to the election of directors, the vote shall be taken by ballot in such manner and either at once, later in the meeting or after adjournment as the Chairman of the meeting directs. The result of a ballot shall be deemed to be the resolution of the meeting at which the ballot was demanded. A demand for a ballot may be withdrawn.

12.6.5 If two or more persons hold shares jointly, one of those holders present at a meeting of shareholders may, in the absence of the other, vote the shares; but if two or more of those persons who are present, in person or by proxy vote, they must vote as one on the shares jointly held by them.

12.7 Proxies: Votes at meetings of shareholders may be given either personally or by proxy or, in the case of a shareholder who is a body corporate or association, by an individual authorised by a resolution of the directors or governing body of that body corporate or association to represent it at meetings of shareholders of the Company.

12.7.1 A proxy shall be executed by the shareholder or his attorney-in-fact authorised in writing and shall not be valid after the expiration of eleven months from the date thereof unless otherwise provided in the proxy.

12.7.2 A person appointed by proxy need not be a shareholder.

12.7.3 Subject to the provisions of sections 13-15 inclusive of the Regulations a proxy may be in the following form or as near thereto as circumstances require or permit:

FINANCIAL SERVICES REGULATORY COMMISSION
APR 2 2 2022
FILED

-10-

The undersigned shareholder of      hereby appoints      of      , or failing him,      of      as the nominee of the undersigned to attend and act for the undersigned and on behalf of the undersigned at the meeting of the shareholders of the said Company to be held on the      day of      201   and at any adjournment or adjournments thereof in the same manner, to the same extent and with the same powers as if the undersigned were present at the said meeting or such adjournment or adjournments thereof.

Dated this      day of      20

Signature of shareholder

_____

[STAMP: FINANCIAL SERVICES REGULATORY COMMISSION APR 2 2 2022 FILED]

12.8    Adjournment: The Chairman of any meeting may with the consent of the meeting adjourn the same from time to time to a fixed time and place and no notice of such adjournment need be given to the shareholders unless the meeting is adjourned by one or more adjournments for an aggregate of thirty days or more in which case notice of the adjourned meeting shall be given as for an original meeting. Any business that might have been brought before or dealt with at the original meeting in accordance with the notice calling the same may be brought before or dealt with at any adjourned meeting for which no notice is required.

12.9    Quorum: Subject to the Act, and except in the case of a Company having only one shareholder a quorum for the transaction of business at any meeting of the shareholders shall not consist of fewer than one-third of the shares entitled to vote thereat, or a duly appointed proxy holder or representative of a shareholder so entitled. If a quorum is present at the opening of any meeting of the shareholders, the shareholders present or represented may proceed with the business of the meeting notwithstanding a quorum is not present throughout the meeting. If a quorum is not present within 30 minutes of the time fixed for a meeting of shareholders, the persons present and entitled to vote may adjourn the meeting to a fixed time and place but may not transact any other business.

12.10    Resolution in lieu of meeting: Notwithstanding any of the foregoing provisions of this by-law a resolution in writing signed by all the shareholders entitled to vote on that resolution at a meeting of the shareholders is subject to section 119 of the Act as valid as if it had been passed at a meeting of the shareholders.

13. **SHARES**

13.1    Allotment and Issuance: Subject to the Act, the articles and any unanimous shareholder agreement, shares in the capital of the Company may be allotted and issued by resolution of the directors at such times

-11-

and on such terms and conditions and to such person or class of persons as the directors determine.

13.2 Certificates: Share certificates and the form of share transfer shall (subject to section 138 of the Act) be in such form as the directors may by resolution approve and such certificates shall be issued in registered form only and signed by a Chairman or a Deputy Chairman or a President or a Vice-President and the Secretary or an Assistant Secretary holding office at the time of signing.

13.2.1 The directors or any agent designated by the directors may in their or his discretion direct the issuance of a new share or other such certificate in lieu of and upon cancellation of a certificate that has been mutilated or in substitution for a certificate claimed to have been lost, destroyed or wrongfully taken, on payment of such reasonable fee and on such terms as to indemnity, re-imbursement of expenses and evidence of loss and of title as the directors may from time to time prescribe, whether generally or in any particular case.

## 14. TRANSFER OF SHARES AND DEBENTURES

14.1 Transfer: The shares or debentures of a Company may be transferred by a written instrument of transfer signed by the transferor and naming the transferee.

14.2 Registers: Registers of shares and debentures issued by the Company shall be kept at the registered office of the Company or at such other place in the island of Antigua as may from time to time be designated by resolution of the directors.

14.3 Surrender of Certificates: Subject to Section 136 of the Act, no transfer of shares or debentures shall be registered unless or until the certificate representing the shares or debentures to be transferred has been surrendered for cancellation.

14.4 Shareholder indebted to the Company: If so provided in the articles, the Company has a lien on a share registered in the name of a shareholder or his personal representative for a debt of that shareholder to the Company. By way of enforcement of such lien the directors may refuse to permit the registration of a transfer of such share.

## 15. DIVIDENDS

15.1 The directors may from time to time by resolution declare and the company may pay dividends on the issued and outstanding shares in the capital of the Company subject to the provisions (if any) of the articles and sections 51 and 52 of the Act.

15.1.1 In case several persons are registered as the joint holders of any shares, any one of such persons may give effectual receipts for all dividends and payments on account of dividends.

FINANCIAL SERVICES REGULATORY COMMISSION
APR 2 2 2022
FILED

Case 22-01388-MBK Doc 15 Filed 04/05/23 Page 32 of 120 Desc Main
Case 21-10666-JTD Doc 321-9 Filed 12/19/22 Page 32 of 20 Desc Main
Document    Page 28 of 74

-12-

16. **VOTING IN OTHER COMPANIES**

16.1 All shares or debentures carrying voting rights in any other body corporate that are held from time to time by the Company may be voted at any and all meetings of shareholders, debenture holders (as the case may be) of such other body corporate and in such manner and by such person or persons as the directors of the Company shall from time to time determine. The officers of the Company may for and on behalf of the Company from time to time:
(a) execute and deliver proxies; and
(b) arrange for the issuance of voting certificates or other evidence of the right to vote; in such names as they may determine without the necessity of a resolution or other action by the directors.

17. **INFORMATION AVAILABLE TO SHAREHOLDERS**

17.1 Except as provided by the Act, no shareholder shall be entitled to any information respecting any details or conduct of the company's business which in the opinion of the directors it would be inexpedient in the interest of the Company to communicate to the public.

17.2 The directors may from time to time, subject to rights conferred by the Act, determine whether and to what extent and at what time and place and under what conditions or regulations the documents, books and registers and accounting records of the Company or any of them shall be open to the inspection of shareholders and no shareholder shall have any right to inspect any document or book or register or accounting record of the Company except as conferred by statute or authorised by the directors or by a resolution of the shareholders.

18. **NOTICES**

18.1 Method of giving notice: Any notice or other document required by the Act, the Regulations, the articles or the by-laws to be sent to any shareholder, debenture holder, director or auditor may be delivered personally or sent by prepaid mail or cable or telex to any person at his latest address as shown in the records of the Company or its transfer agent and to any such director at his latest address as shown in the records of the Company or in the latest notice filed under section 74 of the Act, and to the auditor at his business address.

18.2 Waiver of notice: Notice may be waived or the time for the notice may be waived or abridged at any time with the consent in writing of the person entitled thereto.

18.3 Undelivered notices: If a notice or document is sent to a shareholder or debenture holder by prepaid mail in accordance with this paragraph and the notice or document is returned on three consecutive occasions because the shareholder or debenture holder cannot be found, it shall not be necessary to send any further notices or documents to the shareholder or debenture holder until he informs the Company in writing of his new address.

FINANCIAL SERVICES
REGULATORY COMMISSION
APR 2 2 2022
FILED

Document    Page 29 of 74

18.4 Shares and debentures registered in more than one name: All notices or other documents with respect to any shares or debentures registered in more than one name shall be given to whichever of such persons is named first in the records of the Company and any notice or other documents so given shall be sufficient notice of delivery to all the holders of such shares or debentures.

18.5 Persons becoming entitled by operation of law: Subject to section 184 of the Act every person who by operation of law, transfer or by any other means whatsoever becomes entitled to any share is bound by every notice or other document in respect of such share that, previous to his name and address being entered in the records of the Company is duly given to the person from whom he derives his title to such share.

18.6 Deceased Shareholders: Subject to section 141 of the Act, any notice or other document delivered or sent by prepaid mail, cable or telex or left at the address of any shareholder as the same appears in the record of the Company shall, notwithstanding that such shareholder is deceased, and whether or not the Company has notice of his death, be deemed to have been duly served in respect of the shares held by him (whether held solely or with any other person) until some other person is entered in his stead in the records of the Company as the holder or one of the holders thereof and such service shall for all purposes be deemed sufficient service of such notice or document on his personal representative and on all persons, if any, interested with him in such shares.

18.7 Signature to notices: The signature of any director or officer of the Company to any notice or document to be given by the Company may be written, stamped, typewritten or printed or partly written, stamped, typewritten or printed.

18.8 Computation of time: Where a notice extending over a number of days or other period is required under any provision of the articles or the by-laws the day of sending the notice shall, unless it is otherwise provided, be counted in such number of days or other period.

18.9 Proof of service: where a notice required under paragraph 18.1 hereof is delivered personally to the person to whom it is addressed or delivered to his address as mentioned in paragraph 18.1 hereof, service shall be deemed to be at the time of delivery of such notice.

18.9.1 Where such notice is sent by post, service of the notice shall be deemed to be effected forty-eight hours after posting if the notice was properly addressed and posted by prepaid mail.

18.9.2 Where the notice is sent by cable or telex, service is deemed to be effected on the date on which the notice is so sent.

18.9.3 A certificate of an officer of the Company in office at the time of the making of the certificate or of any transfer agent of shares of any class of

FINANCIAL SERVICES REGULATORY COMMISSION
APR 2 2 2022
FILED

-14-

the Company as to facts in relation to the delivery or sending of any notice shall be conclusive evidence of those facts.

19. **CHEQUES, DRAFTS AND NOTES**
19.1 All cheques, drafts or orders for the payment of money and all notes and acceptances and bills of exchange shall be signed by such officers or persons and in such manner as the directors may from time to time designate by resolution.

20. **EXECUTION OF INSTRUMENTS**
20.1 Contracts, documents or instruments in writing requiring the signature of the Company may be signed by:
(a) a Chairman, a Deputy Chairman, a President or a Vice-President together with the Secretary or the Treasurer; or
(b) any one Directors and all contracts, documents and instruments in writing so signed shall be binding upon the Company without any further authorization or formality. The directors shall have power from time to time by resolution to appoint any officers or persons on behalf of the Company either to sign certificates for shares in the Company and contracts, documents and instruments in writing generally or to sign specific contracts, documents or instruments in writing.

20.1.1. The common seal of the Company may be affixed to contracts, documents and instruments in writing signed as aforesaid or by any officers specified in paragraph 20.1 hereof.

20.1.2 Subject to section 125 of the Act, a Chairman, a Deputy Chairman, a President or a Vice-President together with the Secretary or the Treasurer; or any two directors shall have authority to sign execute (under the seal of the Company or otherwise) all the instruments that may be necessary for the purpose of selling,
assigning, transferring, exchanging, converting or conveying any such shares, stocks, bonds, debentures, rights, warrants or other securities.

21. **SIGNATURES**
21.1 The signature of a Chairman, a Deputy Chairman, a President, a Vice-President, the Secretary, the Treasurer, an Assistant Secretary or an Assistant Treasurer or any director of the Company or of any officer or person, appointed pursuant to paragraph 20 hereof by resolution of the directors may, if specifically authorised by resolution of the directors, be printed, engraved, lithographed or otherwise mechanically reproduced upon any certificate for shares in the Company or contract, document or in writing, bond, debenture or other security of the Company executed or issued by or on behalf of the Company. Any document or instrument in writing on which the signature of any such officer or person is so reproduced shall be deemed to have been manually signed by such officer or person whose signature is so reproduced and shall be as valid to all intents and purposes as if such document or instrument in writing

FINANCIAL SERVICES
REGULATORY COMMISSION
APR 2 2 2022
FILED

-15-

had been signed manually and notwithstanding that the officer or person whose signature is so reproduced has ceased to hold office at the date on which such document or instrument in writing is delivered or issued.

22. **FINANCIAL YEAR**
22.1 The directors may from time to time by resolution establish the financial year of the Company.

23. **INITIAL DIRECTORS**
23.1 The initial Board of Directors shall be composed of the following members:-

**SAMUEL BANKMAN-FRIED**



FINANCIAL SERVICES REGULATORY COMMISSION
APR 2 2 2022
FILED