## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:**<br>**January 20, 2023, at 10:00 a.m. (ET)** |
| | **Objection Deadline:**<br>**January 13, 2023, at 4:00 p.m. (ET)** |
| | **Re: D.I. 292** |

### BLOCKFI'S MOTION TO STRIKE PORTIONS OF THE DECLARATION OF BRIAN D. GLUECKSTEIN IN SUPPORT OF DEBTORS' MOTION TO ENFORCE THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, EXTEND THE AUTOMATIC STAY

BlockFi Inc. ("BlockFi Inc."), BlockFi Lending LLC ("BlockFi Lending"), and BlockFi International LLC ("BlockFi International," together with BlockFi Inc. and BlockFi Lending, "BlockFi"), move (this "Motion") to strike portions of the *Declaration of Brian D. Glueckstein in Support of Debtors' Motion to Enforce the Automatic Stay, or in the Alternative, Extend the Automatic Stay* [D.I. 292] (the "Glueckstein Declaration"). In support of the Motion, BlockFi respectfully represent as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## PRELIMINARY STATEMENT

*"**I don't trust a single piece of paper in this organization.**" – John J. Ray III, Chief Executive Officer, FTX Group, speaking about the FTX Debtors' records.*[2]

1.      The FTX Debtors ask this Court to stop proceedings in BlockFi's bankruptcy cases[3]—without seeking to lift the stay in that action—because the FTX Debtors claim a "colorable" interest in property previously owned by a non-debtor entity affiliated with Sam Bankman-Fried: Emergent Fidelity Technologies, Ltd. ("Emergent").  To do so, this Court must disregard (i) a Schedule 13D Emergent filed with the US Securities and Exchange Commission, (ii) a properly recorded UCC-1 financing statement in favor of BlockFi, and (iii) valid, executed loan instruments.

2.      In making this request, the FTX Debtors submit to the Court their own pre-petition records—the very documents the FTX Debtors' current management, from day one, has disparaged. Worse, the FTX Debtors' evidence is unauthenticated, lacking a foundation of personal knowledge, and otherwise hearsay, unreliable, and inadmissible.  Bankruptcy courts have long excluded such evidence.   For these reasons, BlockFi moves to strike the FTX Debtors' inadmissible evidence from the record.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Rule

---

[2] Glueckstein Decl., Ex. Q at 31.
[3] *In re BlockFi Inc., et al.*, Case No. 22-19361 (MBK) (Bankr. D.N.J. 2022); *BlockFi Inc., et al. v. Emergent Fidelity Technologies Ltd., et al.*, Adv. Pro. No. 22-01382 (MBK) (Bankr. D.N.J. 2022).

9013-1(f), BlockFi does not consent to the entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

### A.    The FTX Debtors' "utter lack of record-keeping."

4.    The FTX Debtors' CEO John Ray described the FTX Debtors' record-keeping practices in clear terms: "Never in my [over 40 plus years of legal and financial restructuring experience] career have I seen such a complete failure of corporate controls and such a complete absence of trustworthy financial information as occurred here."[4]  Alameda's financial information was unaudited. Mr. Ray—speaking of Alameda's unaudited balance sheet—stated that he did "not have confidence in it and the information therein may not be correct as of the date stated."[5]  In his Congressional testimony, Mr. Ray elaborated the "lack of documentation"[6] many times, testifying that:

- The FTX Debtors had "an utter lack of record keeping";[7]

- "[L]iterally, there's no record keeping whatsoever [it's] the absence of record keeping";[8]

- "I don't trust a single piece of paper in this organization;"[9] and

- "The quality of the record keeping was very poor in the company."[10]

---

[4] *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings*, ECF 24 ("Ray Declaration"), ¶ 5.
[5] *Id.*, ¶ 23.
[6] Glueckstein Decl., Ex. Q at 26.
[7] *Id.* at 12.
[8] *Id.* at 13.
[9] *Id.* at 31.
[10] *Id.* at 63.

**B.    The FTX Debtors' Motion to Enforce the Stay relies on their untrustworthy records.**

5.    On December 22, 2022, the FTX Debtors filed a *Motion to Enforce the Automatic Stay or, in the Alternative, Extend the Automatic Stay*. [ECF 291.]  In support, the FTX Debtors submitted a single declaration of one of their bankruptcy attorneys, Brian D. Glueckstein. [ECF 292.] Mr. Glueckstein does not claim to have personal knowledge of the FTX Debtors' record-keeping practices.   Instead, he purports to introduce 19 records that—"to the best of [his] knowledge"—are "true and correct" copies.[11] Mr. Glueckstein describes the documents he proffers to the Court as follows:

- Exhibit A: SEC Schedule 13D showing that the collateral belongs to Emergent;

- Exhibits B–M: the FTX Debtors' records;

- Exhibits N–P and R–S: Records from a court proceeding in Antigua; and

- Exhibit Q: A transcript of Mr. Ray's congressional testimony.


**RELIEF REQUESTED**

6.    BlockFi respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit 1**, striking exhibits B–M to the Glueckstein Declaration as inadmissible.


**BASIS FOR RELIEF REQUESTED**

7.    The Federal Rules of Evidence apply in bankruptcy proceedings. FED. R. BANKR. P. 9017.  Under those Rules, the FTX Debtors' Exhibits B–M are inadmissible as submitted by the FTX Debtors.

---

[11] Glueckstein Decl. at 4.

**A.    The FTX Debtors' records are unreliable, hearsay and, therefore, inadmissible.**

> *1.    The FTX Debtors' records are hearsay and do not meet the business records exception.*

8.    The Rules of Evidence generally exclude hearsay, but certain regularly made and kept records are excepted because their regularity furnishes reliability. FED. R. EVID. 803(6); MCCORMICK ON EVIDENCE § 286 *The Regularly Kept Records Exception in General* (8th ed. 2022 Update).  But even when a record is regularly made and kept, it must be introduced through someone with personal knowledge of the record-keeping practice. *See e.g.*, *In re New Century TRS Holdings, Inc.*, 2013 WL 6406159 (Bankr. D. Del. Dec. 6, 2013) ("[A] witness is qualified to lay the foundation for business records if she is familiar with the record-keeping procedures of the organization."); *In re Bay Vista of Virginia, Inc.*, 428 B.R. 197, 215 (E.D. Virginia Bankr. 2010) (excluding documents trustee found within debtor's records because trustee lacked personal knowledge of debtor's record-keeping practices); *In re Sarasota Plaza Associates Ltd. P'ship*, 1992 WL 81948 (Bankr. M.D. Fla. Apr. 6, 1992) ("Debtor failed to introduce these records through a person with personal knowledge of these books and records and who had custody and control of these records or otherwise satisfied the requirement of the so-called Shop Book Rule.").

9.    The FTX Debtors' records fail to meet this hearsay exception for three reasons. *First*, the FTX Debtors had "no record keeping whatsoever."[12]  Their regular practice was *not* to contemporaneously make and keep records.  "[T]he company [was] virtually void of any internal controls . . . ."[13]  Mr. Ray, who has extensive experience with many failed companies with less-than-perfect records, testified that he had never seen "such complete failure of corporate controls and such a complete absence of trustworthy financial information . . . ."[14]  For this reason, he does

---

[12] Glueckstein Decl., Ex. Q at 13.
[13] *Id.* at 44.
[14] Ray Decl., ¶ 5.

not "trust a single piece of paper in this organization."[15]  The FTX Debtors' "utter lack of record keeping" destroys any reliance on the business-records exception.

10.    *Second*, even if the FTX Debtors' had regularly made and kept *some* contemporaneous records, there is no qualified witness to introduce them. FED. R. EVID. 803(6)(D), 902(11)(12). Mr. Glueckstein does not even purport to "be familiar with the record-keeping procedures of the organization [FTX]." *See In re New Century TRS Holdings, Inc.*, 502 B.R. at 425 n. 11.  And of course, as the FTX Debtors' counsel, he is not personally familiar with how the proffered records were created or who created them. But more fundamentally, the FTX Debtors' had no regular, ordinary course, record-keeping practice: "[L]iterally, there's no record keeping whatsoever [it's] the absence of record keeping."[16]  There cannot be a person qualified to testify about the methods and practices of something that did not exist.  Thus, no one is qualified to lay a proper foundation to satisfy the business-records exception of FED. R. EVID. 803(6).

11.    *Last*, even if the FTX Debtors somehow presented evidence on the elements of the business-records exception, the records should still be excluded because the "source of information or the method or circumstances of preparation indicate a lack of trustworthiness." FED. R. EVID. 803(6)(E).  Mr. Ray's testimony makes this evident.

**2.    *Some of the FTX Debtors' records are inadmissible for additional reasons.***

12.    As explained above, the FTX Debtors' records are inadmissible hearsay and cannot meet the business-records exception.  BlockFi also makes the following additional, individual objections to certain of these exhibits:

- Exhibit B is a report created for this litigation. (Glueckstein Decl., ¶ 3.)  This is not a business record. *In re Hechinger Liquidation Tr.*, Adv. No. 01-3367, 2003 WL 21977209, at *2 (Bankr. D. Del. Aug. 15, 2003) (holding evidence not business

---

[15] Glueckstein Decl., Ex. Q at 31.
[16] *Id.* at 13.

record when made in preparation for hearing).  Not only is "Alameda's general ledger" unreliable hearsay, Exhibit B itself is hearsay upon hearsay because it "contain[s] information derived from a copy of Alameda's general ledger."  There is no evidence *who* derived this information or the choices that person made in creating this spreadsheet. FED. R. EVID. 805.  Nor does this summary meet the requirements of Federal Rule of Evidence 1006.

- Exhibit H purports to be a document made and kept outside the course of a regularly conducted activity.  In Exhibit F, Ms. Ellison allegedly states that "[w]e've [with no indication who she is referring to] put together a spreadsheet of our [again, no indication who "our" refers to] liquid assets and our outstanding loans."[17]  On its face, Exhibit H was not made "at or near the time" of the events recorded therein. FED. R. EVID. 803(6)(A).  Moreover, with the 20-20 vision of hindsight, the FTX Debtors' dire financial situation shows "that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Id.* 803(6)(E).

- Exhibits F, G, I and M are emails that—to the extent they seek to prove the truth of the FTX Debtors' agents' statements—are textbook examples of hearsay. *E.g.*, *In re Hechinger Liquidation Tr.*, 2003 WL 21977209 (striking email as hearsay); *Sysmex Corp. v. Beckman Coulter, Inc.*, 2022 WL 2129051, at *1 (D. Del. June 14, 2022) (adopting magistrate's report that excluded emails as hearsay).  BlockFi therefore moves to strike all statements of the FTX Debtors' agents in these exhibits.

**B.    The Glueckstein Declaration is inadmissible because it is made "to the best of his knowledge," and not on personal knowledge.**

13.    A basic, foundational requirement of any evidence is that it must be made on personal knowledge. FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); 1 MCCORMICK ON EVID. § 10 *The requirement of firsthand knowledge from observation* (8th ed. 2022 Update).  This requirement applies here. FED. R. BANKR. P. 9017 (making the Federal Rules of Evidence applicable in bankruptcy proceedings); *see also In re Randor Holdings Corp.*, 528 B.R. 245, 249 (D. Del. Bankr. 2014) (holding that the Federal Rules of Evidence apply in

---

[17] Glueckstein Decl., Ex. F.

bankruptcy cases). And the Local Rules call for live testimony pursuant to the Rules of Evidence. L.R. 9013-1(d).

*14.*    A declaration made to the declarant's "best knowledge" violates this principle, provides no evidentiary value, and is inadmissible. *E.g.*, *Three Rivers Confections, LLC v. Warman*, 660 Fed. Appx. 103, 108 n. 10 (3d Cir. 2016) (holding jurat containing "to the best of [declarant's] knowledge failed to satisfy personal-knowledge requirement"); *In re McGuire*, 450 B.R. 68 (Bankr. D.N.J. 2011). Although declarations can sometimes substitute for live testimony, a declarant "may not testify to a matter 'on information and belief.'" *In re McGuire*, 2011 WL 1565493 at 72 (excluding a verification because the witness made it "to the best of [his] knowledge and belief" and the verification "does not meet the requirements of the statute"); *see also In re Didio*, 607 B.R. 804, 821 (Bankr. E.D. Pa. Sept. 26, 2019) (excluding verification because it was made "to the best of my knowledge, information and belief" and it failed to show how the affiant obtained personal knowledge"); *Olivares v. United States*, 447 Fed. Appx. 347, 352 (3d Cir. 2011) (holding an affidavit must "be made on personal knowledge," which "is not satisfied by assertions made 'on information and belief.'").

15.    The Glueckstein Declaration is not made on personal knowledge—it is explicitly made "to the best of [his] knowledge." [ECF 292, p. 4.] This fails to comport with the personal-knowledge requirement. *See e.g.*, *In re McGuire*, 450 B.R. at 73 (holding failure to comply with personal-knowledge requirement rendered motion as "not supported by any proper evidence"). In contrast, Mr. Ray's Declaration did not contain this hedge. Mr. Ray swore that the information in his declaration was "true and correct." [ECF 24, p. 26.] Mr. Ray's jurat substantially complies personal-knowledge requirements and with 28 U.S.C. § 1746; Mr. Glueckstein's jurat fails the evidentiary requirements for personal knowledge and falls short of that statute. Moreover, there

is no evidence to suggest that Mr. Glueckstein, as the FTX Debtors' counsel, has any personal knowledge of the FTX Debtors' records or the manner in which they were created.

16.    Accordingly, because all declarations must be made on personal knowledge and the Glueckstein Declaration is only made to the best of the declarant's knowledge, the Glueckstein Declaration fails.  BlockFi therefore asks that Exhibits B–M of the Glueckstein Declaration be struck from the record because they are not properly authenticated by a declarant with personal knowledge.

## CONCLUSION

17.    For the reasons stated herein, BlockFi respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit 1**, striking Exhibits B–M to the Glueckstein Declaration, and awarding such other and further relief as the Court deems just and proper.

Dated: January 5, 2023
      Wilmington, Delaware

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
1201 North Market Street, Suite 1600
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dabbott@morrisnichols.com

and

**HAYNES AND BOONE, LLP**

Richard S. Kanowitz (admitted *pro hac vice*)
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Email: Richard.Kanowitz@haynesboone.com

Richard D. Anigian (admitted *pro hac vice*)
Charles M. Jones II (admitted *pro hac vice*)
2323 Victory Avenue
Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Email:  Rick.Anigian@haynesboone.com
       Charlie.Jones@haynesboone.com

*Counsel for BlockFi Inc. and its affiliates*