IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| FTX TRADING LTD., *et al.*, | : | Case No. 22-11068 (JTD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **RE:  Docket No. 291** |
| _____ | : | |

**OPPOSITION TO FTX DEBTORS' MOTION TO ENFORCE THE AUTOMATIC STAY
OR, IN THE ALTERNATIVE, EXTEND THE AUTOMATIC STAY**

Samuel Bankman-Fried, 90% stockholder of Emergent Fidelity Technology Ltd. ("Emergent"), hereby submits this opposition to the FTX Debtors' *Motion to Enforce the Automatic Stay or, in the Alternative, Extend the Automatic Stay* [Dkt. No. 291] (the "Stay Motion"). Mr. Bankman-Fried respectfully requests that the Stay Motion be denied because the FTX Debtors are effectively advancing an argument for a preliminary injunction but have failed to carry their heavy burden of establishing that such an extraordinary remedy is warranted.

I.    PRELIMINARY STATEMENT

As the United States Department of Justice obtained a warrant to seize the assets at issue and seized such assets,[1] the Stay Motion is moot. Despite that, the FTX Debtors have not withdrawn the Stay Motion. As a result, Mr. Bankman-Fried is compelled to reply.

The FTX Debtors style their request as a motion to enforce an automatic stay, as though

---

[1] At yesterday's scheduling conference, the United States Department of Justice reported that the government has "seized or is in the process of seizing" the assets. *See* Dkt. No. 363 at 21:16.  The BlockFi Debtors confirmed this development in their opposition to the FTX Debtors' motion to enforce the automatic stay.  *See In re FTX Trading Ltd.*, Bankr. D.Del. Case No. 22-11068, Dkt. No. 378, n.2 ("On January 4, 2022, BlockFi learned that collateral that is the subject of BlockFi's Turnover Motion has been seized by and transferred to the United States Department of Justice, pursuant to a warrant of seizure issued by United States Magistrate Judge Katherine H. Parker in the Southern District of New York.").

1

the remedy they seek is a routine part of a bankruptcy proceeding, but the FTX Debtors' request is anything but routine. The FTX Debtors seek to disregard the separate existence of a corporation that is not a party to this action and encumber hundreds of millions of dollars' worth of assets to which they have no legal claim. The remedy they seek is extraordinary and inappropriate. Accordingly, the Stay Motion should be treated as a request for a preliminary injunction and subjected to a heightened standard of proof.

In effect, the FTX Debtors seek to encumber 56,273,269 shares of Robinhood Markets, Inc.'s Class A Common Stock (the "Robinhood Shares") that are not owned by Alameda Research Limited ("Alameda") or any other entity implicated in the FTX bankruptcy, and are instead owned by Emergent. Emergent's independent acquisition of the Robinhood Shares is clearly set forth in an SEC filing made by Ryne Miller ("Miller"), General Counsel of FTX and former partner at Sullivan & Cromwell LLP ("S&C"). *See* Dkt. No. 292, Ex. A at 5, Robinhood Markets, Inc., Statement (Schedule 13D) (May 12, 2022).[2]

Mr. Bankman-Fried and Zixiao ("Gary") Wang borrowed the funds for Emergent to purchase the Robinhood Shares from Alameda and a set of loans were memorialized in four different promissory notes. *See* Anigian Declaration, Dkt. No. 381, Ex. G ("Bankman-Fried Affirmation") at 9-16. The FTX Debtors are aware of the existence of these promissory notes[3] but failed to reference them in the Stay Motion.

---

[2] Miller submitted this filing while S&C was engaged as counsel to the Debtors.

[3] *See, e.g.*, Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings," Dkt. No. 24, pp. 8–9 (November 17, 2022) (stating Alameda Research loaned Debtor Paper Bird Inc. $2.3 billion, Mr. Bankman-Fried $1 billion, Mr. Singh $543 million, and Ryan Salame, $55 million); p. 22 (November 17, 2022) (stating Mr. Bankman-Fried received personal loans from Debtor Alameda Research).

## II.  ARGUMENT

The FTX Debtors' request that the Court stay any act to obtain possession of the Robinhood Shares is a veiled request for a preliminary injunction. It should be denied because the FTX Debtors have failed to carry their heavy burden of demonstrating that they are entitled to this form of relief.

### A.  Legal Standard

An injunction is "an extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health, Inc. v. Johnson & Johnson—Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). To determine whether a preliminary injunction is appropriate, courts consider the following factors: "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *McTernan v. City of York, Pa.*, 577 F.3d 521, 527 (3d Cir. 2009) (quoting *United States v. Bell*, 414 F.3d 474, 478 n.4 (3d Cir. 2005)).

    **1. Debtors failed to show a reasonable likelihood of success on the merits of their alleged fraudulent transfer claim.**

To obtain preliminary injunctive relief, the FTX Debtors must show that they have a reasonable likelihood of succeeding on the merits of their claim. As explained in *BlockFi's Objection to the Debtors' Motion to Enforce the Automatic Stay or, in the alternative, Extend the Automatic Stay* [Dkt No. 378], the Robinhood Shares are not property of the FTX Debtors' estates. Thus, the only way the FTX Debtors could obtain such shares is by advancing what amounts to a fraudulent transfer claim. In suggesting such a claim (yet not commencing it), the FTX Debtors suggest that funds for the purchase of the Robinhood Shares were transferred from

3

Alameda to Emergent under suspicious circumstances. *See* Stay Motion ¶ 50 ("There is no indication that Emergent paid Alameda any consideration for this transfer."). This allegation is belied by the four promissory notes referenced above that the FTX Debtors have in their possession. They make only general allegations regarding Mr. Bankman-Fried's alleged inattention to financial recordkeeping at other companies, but they ignore the fact that the transaction at issue was documented. Mr. Bankman-Fried has not been found criminally or civilly liable for fraud, and it is improper for the FTX Debtors to ask the Court to simply assume that everything Mr. Bankman-Fried ever touched is presumptively fraudulent. The FTX Debtors have not shown that they have a reasonable likelihood of succeeding on the merits of a fraudulent transfer claim.

In order to prevail on the merits of a fraudulent transfer claim, the FTX Debtors would have to show either that the transfer from Alameda to Emergent was made "with actual intent to hinder, delay, or defraud" or that Alameda "received less than a reasonably equivalent value" for the transfer and that the transaction met additional statutory criteria. *See* 11 U.S.C. § 548(a). The FTX Debtors have failed to show fraudulent intent—their claim rests on a tortured interpretation of Mr. Bankman-Fried's public statements that he did *not* comingle funds at his businesses and the avowedly "very preliminary" observations of FTX's new CEO. Nor have the FTX Debtors shown that Alameda received less than reasonably equivalent value for transferring the funds in question to Emergent, instead relying upon conjecture that ignores the fact that Alameda received four promissory notes in consideration for such transfer, notes that obligated the repayment of the principal plus interest.

### 2. The FTX Debtors have not shown that they will be irreparably injured by denial of relief.

The FTX Debtors have failed to show that they will be irreparably injured by denial of relief because they argue only that denial of the stay will result in economic loss. "Economic loss does not constitute irreparable harm[.]" *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994).

### 3. Granting preliminary relief will result in far greater harm to the nonmoving party.

The balance of equities weighs in favor of refusing to enforce or extend the stay. Alienating this property from Emergent will render it inaccessible to Mr. Bankman-Fried, who is presently facing potential criminal liability. Mr. Bankman-Fried requires some of these funds to pay for his criminal defense. "[A] financial inability to defend oneself has serious consequences, and is irreparable." *In re Adelphia Commc'ns Corp.*, 323 B.R. 345, 374 (Bankr. S.D.N.Y. 2005); *see also Ridder v. Cityfed Fin. Corp.*, 47 F.3d 85, 87 (3d Cir. 1995) (finding that irreparable harm would result if legal fees were not advanced); *Cox v. Fletcher Allen Health Care,* No. 2:05-CV-180, 2005 WL 2457632, at *2 (D. Vt. Oct. 5, 2005) ("the withholding of costs necessary to an adequate criminal defense can constitute irreparable harm."). Conversely, the FTX Debtors face only the possibility of economic loss.

### III.    JOINDER

Mr. Bankman-Fried joins in, and adopts and incorporates, the legal arguments set forth in *BlockFi's Objection to the Debtors' Motion to Enforce the Automatic Stay or, in the alternative, Extend the Automatic Stay* [Dkt No. 378] that the FTX Debtors are not entitled to the relief sought in the Stay Motion because the Robinhood Shares are not property of the estate, the FTX

Debtors do not have a colorable claim to the shares, and the automatic stay should not be extended to cover the shares.

### IV.  CONCLUSION

For the foregoing reasons, Mr. Bankman-Fried respectfully requests that the Court deny the Stay Motion.

Dated: January 5, 2023
Wilmington, Delaware

**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**
/s/ Gregory T. Donilon
Gregory T. Donilon (No. 4244)
1105 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 504-7800
gdonilon@mmwr.com

-and-

Edward L. Schnitzer, Esq. (*pro hac vice* application to be filed)
David M. Banker, Esq. (*pro hac vice* application to be filed)
437 Madison Avenue, 24th Floor
New York, NY 10022
Telephone: (212) 867-9500
eschnitzer@mmwr.com
dbanker@mmwr.com

*Attorneys for Samuel Bankman-Fried*