IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FTX TRADING, LTD., *et al.*,[1] | ) ) ) | Case No. 22-11068 (JTD) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) ) | **Extended Object. Deadline**: 1/6/23 @ 4:00 pm E.T. |
| | ) ) ) | **Related Docket Nos**.: 47 and 145 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PARADIGM
OPERATIONS LP TO MOTION OF DEBTORS FOR ENTRY OF FINAL ORDER
(I) AUTHORIZING THE DEBTORS TO (A) OPERATE A POSTPETITION CASH
MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BUSINESS FORMS AND
(C) PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING A PARTIAL
WAIVER OF THE DEPOSIT GUIDELINES SET FORTH IN SECTION 345(b), AND
(III) GRANTING RELATED RELIEF**

Paradigm Operations LP ("Paradigm") submits this limited objection and reservation of rights (the "Limited Objection") with respect to entry of a final order grating the relief sought in *Motion of Debtors for Entry of Final Orders (I) Authorizing the Debtors to (A) Operate a Postpetition Cash Management System, (B) Maintain Existing Business Forms and (C) Perform Intercompany Transactions, (II) Granting a Partial Waiver of the Deposit Guidelines Set Forth in Section 345(b) and (III) Granting Related Relief* (Docket Nos. 47, 145) (the "Motion") filed by the above-captioned debtors (the "Debtors").[2]

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The Debtors agreed to numerous extensions of Paradigm's deadline to file the Limited Objection, most recently until January 6, 2023 at 4:00 pm (ET). Prior to filing this Limited Objection, the Debtors and Paradigm engaged in productive dialogue in an effort to resolve concerns raised by Paradigm with respect to the Cash Management Order. Those discussions remain ongoing.

## ARGUMENT

Paradigm, through various funds managed by Paradigm, is a significant equity investor in both West Realm Shire, Inc. ("WRS") and FTX Trading, Ltd. ("FTX Trading").[3] Among its investments in the Debtors, which totaled about $280 million, Paradigm purchased preferred stock issued by WRS in a face amount of $50 million.

Based upon the preliminary information that the Debtors have to date made publicly available, it appears that more than 70% of the cash held by the Debtors and their non-debtor subsidiaries is held by entities within the so-called "WRS Silo." See Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings (Docket No. 24) (the "First Day Declaration""), at ¶ 52 (list of cash balances by entities) & Ex. B (preliminary corporate structure chart).[4] It further appears, both from the balance sheet information in the First Day Declaration (at ¶ 19-20) and the list of top 50 largest creditors of the WRS Silo filed by the Debtors (Docket No. 162, at Ex. A), that WRS may very well be solvent.

Paradigm acknowledges that the Debtors' investigation of their affairs is ongoing, and there remain numerous open legal and factual questions that will impact the solvency of each debtor entity, such as whether WRS is itself liable to customers of FTX, or the extent to which any creditors are entitled to receive any of the value of non-debtor entities in the WRS Silo such as LedgerX LLC, Embed Financial Technologies, Inc. and Embed Clearly, LLC (together with Embed Financial Technologies, Inc., "Embed"), all of which are believed by the Debtors to be solvent. (First Day Declaration, at ¶¶ 13, 15). But at this stage of the bankruptcy cases, where so

---

[3] Any capitalized terms not otherwise defined herein have the meaning used in the First Day Declaration.

[4] Paradigm's counsel has recently received non-public information pursuant to the terms of a confidentiality agreement which information is being reviewed and analyzed. That non-public information is not reflected in, and may materially differ from, the cash figures publicly provided by the Debtors that are summarized herein.

much remains unknown, it is critical that the status quo of each debtor entity, as of the Petition Date, be maintained as fully as practicable.

One significant threat to preserving the status quo is found in Paragraph 2 of the interim Cash Management Order, which authorizes the Debtors to transfer cash and other assets among the various debtor and non-debtor entities. (ECF No. 145, at ¶ 2). In an effort to offer at least some protection to creditors and shareholders of each entity, Paragraph 3 of the interim Cash Management Order requires detailed record keeping of any intercompany transfers, and Paragraph 4 grants superpriority claims with respect to any such intercompany obligations. (ECF No. 145, at ¶¶ 3-4). That said, Paradigm is concerned that the grant of superpriority claims and record keeping of transfers is not, by itself, adequate to protect the status quo.

Paradigm has engaged in constructive discussions with counsel for the Debtors to address Paradigm's concerns with respect to the interim Cash Management Order and remains hopeful that such concerns will be addressed in advance of the hearing on January 11, 2023 through appropriate modifications to the final Cash Management Order. Paradigm's concerns include the following.

<u>Means of Repayment</u>. No intercompany transfers should be made to any entity (whether a Debtor, non-debtor, Silo Parent or Master Pooling Account) that does not have, or is not reasonably expected to have, sufficient assets or other means to repay any superpriority claims.

<u>DIP Financing</u>. The final Cash Management Order should provide that, if the Debtors seek to obtain DIP financing secured by assets of any entity that is liable for intercompany obligations, then any entity holding a superpriority claim on account of such advances shall be entitled either to a lien on such assets, senior in priority to any liens securing the DIP financing, or to receive adequate protection as if it had a lien securing such intercompany advances. Moreover, any party in interest in these bankruptcy cases, such as Paradigm, shall have standing to object to the adequacy or inadequacy of the adequate protection on behalf of the lending entity. The purpose

3

of this modification is to ensure that, in obtaining DIP financing, the Debtors do not render any superpriority claims worthless or diminished on account of priming liens in the event the borrowing entity turns out to be administratively insolvent.

Interest rate. The final Cash Management Order should also provide for accrual of interest on any intercompany obligations, so as not to disadvantage entities and their stakeholders, whose cash is used by other entities in these bankruptcy cases. For an interest rate, Paradigm proposes that the Debtors' financial advisors determine, in good faith, an appropriate market rate for comparable DIP financing by third party lenders.

Allocation of professional and other administrative expenses. There needs to be a mechanism in place to allocate professional and other administrative expenses among the various entities in a proportionate manner commensurate with the value and benefit to be received by each entity. Certain fees to be incurred by the Debtors, such as in connection with the proposed sale of LedgerX and Embed, can be readily allocated in full to those entities whose assets or equity are being sold. But Paradigm recognizes that other professional and administrative expenses may be more challenging to allocate, and that it is difficult to anticipate all such expenses that may be incurred. To address that challenge, any professionals seeking payment in these bankruptcy cases on an interim or final basis should be required to propose an allocation of their fees and expenses among the Debtors and non-Debtors, with parties in interest having an opportunity to comment upon and object to such allocation prior to any approval and payment.

Sale Proceeds. To the extent any assets of the Debtors are sold or otherwise liquidated, such as the Debtors' interests in Ledger X and Embed, the use and transfer of any proceeds should be subject to the final Cash Management Order.

4

## CONCLUSION

For the above stated reasons, Paradigm files this Limited Objection with respect to entry of the final Cash Management Order unless modified to address the concerns raised herein.

Dated: January 6, 2023
      Wilmington, Delaware

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

*/s/ Evelyn J. Meltzer*
Evelyn J. Meltzer (DE No. 4581)
Marcy J. McLaughlin Smith (DE No. 6184)
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, Delaware  19899-1709
Telephone:	(302) 777-6500
Facsimile:	(302) 421-8390
E-mail:	Evelyn.Meltzer@troutman.com
	Marcy.Smith@troutman.com

-and-

Sidney P. Levinson (admitted *pro hac vice*)
Jasmine Ball (admitted *pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York  10022
Telephone:	(212) 909-6000
Facsimile:	(212) 909-6839
E-mail:	slevinson@debevoise.com
	jball@debevoise.com

*Counsel for Paradigm Operations LP*