IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 47** |

**RESERVATION OF RIGHTS OF THE LIGHTSPEED FUNDS
WITH RESPECT TO THE DEBTORS' MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS AUTHORIZING THE DEBTORS TO (A) OPERATE A
POSTPETITION CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING
BUSINESS FORMS AND (C) PERFORM INTERCOMPANY TRANSACTIONS,
(II) GRANTING A PARTIAL WAIVER OF THE DEPOSIT GUIDELINES SET
FORTH IN SECTION 345(B) AND (III) GRANTING CERTAIN RELATED RELIEF**

Lightspeed Strategic Partners I L.P. and Lightspeed Opportunity Fund, L.P. (collectively, "the **Lightspeed Funds**") file this reservation of rights regarding the *Motion of Debtors for Entry of Interim and Final Orders Authorizing the Debtors to (A) Operate a Postpetition Cash Management System, (B) Maintain Existing Business Forms and (C) Perform Intercompany Transactions, (II) Granting a Partial Waiver of the Deposit Guidelines Set Forth in Section 345(b) and (III) Granting Certain Related Relief* [D.I. 47] (the "**Cash Management Motion**").[2]

---

[1]   The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   Defined terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Cash Management Motion.

Prepetition, the Lightspeed Funds made very substantial third-party equity investments on an arms-length basis, in the form of preferred and common equity interests, in Debtors West Realm Shire, Inc. ("**WRS**") and FTX Trading, Ltd. ("**FTX Trading**").

Based upon the Debtors' public filings and statement to date, the Debtors have acknowledged that certain FTX entities in the WRS Silo, including LedgerX LLC, FTX Capital Markets LLC, Embed Financial Technologies, Inc., and Embed Clearly, LLC, are likely solvent and, pending resolution of investigations of legal and factual issues, other FTX entities may also be determined to be solvent. *See Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24] (the "**Ray Declaration**"), at ¶¶ 13-16. The Debtors have also disclosed that more than 70% of the cash held by the Debtors and their non-debtor subsidiaries is held by WRS and its subsidiaries. *See* Ray Declaration at ¶ 52 (list of cash balances by entities).

The Lightspeed Funds recognize the Debtors' ongoing efforts to evaluate their assets and liabilities and to develop a path forward to maximize value for the benefit of all constituents, and in particular the Lightspeed Funds appreciate the steps the Debtors have taken to ensure that corporate formalities are observed and the rights of constituents in each of the four so-called "silos" of Debtor entities will be preserved. Ray Declaration ¶¶ 47-49. In a similar vein, it is imperative – at all times, and particularly in this early stage of the Chapter 11 Cases where the Debtors acknowledge that their professionals and new management team are still becoming familiar with the Debtors' affairs – to preserve the status quo of the various FTX entities to the greatest extent possible in order to ensure that the rights of all legitimate stakeholders are preserved.

The Lightspeed Funds do not object to the fundamental purpose of the Cash Management Motion, which is to permit the flow of cash for administrative purposes such that cash from one Debtor entity might be used temporarily to fund the obligations of another, so long as appropriate protections are in place for funding entities.  That said, the mechanisms the Debtors originally proposed are lacking, in that they would authorize the Debtors to transfer cash and other assets among various debtor and non-debtor entities without sufficient safeguards or compensation, leaving a substantial risk solvent FTX entities will have their assets (and cash) dissipated for the benefit of other debtors and non-debtors.  Such a result, which would appear to be counter to the Debtors' recent efforts to instill "appropriate corporate governance" procedures, represent a direct risk to equity investors such as the Lightspeed Funds, who have a legitimate recovery interest to the extent that certain of the Debtors are solvent, but would lose that right if there were a value transfer to insolvent entities where the Lightspeed Funds stand behind creditors or into "silos" where the Lightspeed Funds have no interest at all.  *See* Ray Declaration at ¶¶ 46-49.

To protect against this inequitable outcome, the Lightspeed Funds have identified certain specific modifications that should be made to the scheme outlined in the Cash Management Motion.  To summarize at a high level, the Lightspeed Funds believe that intercompany loans should be provided a lien or adequate protection in the event of any subsequent debtor-in-possession financing and should carry an interest rate to compensate for risks associated with the intercompany loans.  To the extent that pooled cash is used to pay professional fees and other administrative expenses of the Debtors, there should be a clearly-stated and fair mechanism for allocation of those expenses among the Debtors, to ensure that the solvent and/or cash-rich entities do not bear a disproportionate burden without an ability to be repaid.  And the Debtors should provide regular reporting (whether public or on a confidential basis to investors who are

40000/0600-44442271v1

willing to sign a confidentiality agreement) to assist constituents in evaluating whether the pooled cash is being used on behalf of debtor entities that will never have an ability to repay the borrowing.

The Lightspeed Funds have made detailed suggestions to the Debtors, consistent with the high-level points outlined above, and discussions to date have been constructive, such that the Lightspeed Funds are optimistic that the parties will reach a mutually agreeable solution that will (a) adequately protect the interests of each Debtor and its stakeholders and (b) provide the Lightspeed Funds and other constituents with adequate information regarding the Debtors' assets, liabilities and affairs on an entity by entity basis, including postpetition intercompany transfers, without imposing undue burden upon the Debtors during the course of these Chapter 11 Cases. Nevertheless, in the event the parties do not reach an agreement, the Lightspeed Funds respectfully reserve all of their rights to object to any element of the Cash Management Motion and otherwise to seek and obtain adequate information with respect to the Debtors' cash management system.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Lightspeed Funds respectfully reserve all rights with respect to the Cash Management Motion and ask this Court for such other and further relief as is just and proper.

Dated: January 6, 2023
       Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Andrew J. Roth-Moore*
Norman L. Pernick (No. 2290)
Andrew J. Roth-Moore (No. 5988)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel:   (302) 651-2000
Email: npernick@coleschotz.com
       aroth-moore@coleschotz.com

-and-

**DEBEVOISE & PLIMPTON LLP**[3]
M. Natasha Labovitz (*pro hac vice* forthcoming)
Elie J. Worenklein (*pro hac vice* forthcoming)
Michael C. Godbe (*pro hac vice* forthcoming)
919 Third Avenue
New York, NY 10022
Tel:   (212) 909-6000
Fax:  (212) 909-6836
Email: nlabovitz@debevoise.com
       eworenklein@debevoise.com
       mcgodbe@debevoise.com

*Counsel for Lightspeed Strategic Partners I L.P. and Lightspeed Opportunity Fund, L.P.*

---

[3] The Debevoise & Plimpton LLP attorneys listed hereunder represent the Lightspeed Funds and their affiliates in these Chapter 11 Cases. Paradigm Operations LP is represented by a separate team of Debevoise & Plimpton LLP attorneys operating pursuant to an ethical screen.