# **Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 50 & 138** |

**~~INTERIM~~FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION COMPENSATION AND BENEFITS AND (B) CONTINUE COMPENSATION AND BENEFITS AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "~~Interim~~Final Order") (a) authorizing the Debtors to (i) pay prepetition wages, salaries and other compensation and benefits, and reimbursable expenses and (ii) continue the compensation and benefits programs in the ordinary course of business, or to change their plans or policies regarding compensation and benefits, ~~including the Advisory Firm Obligations,~~ (b) authorizing applicable banks and other financial institutions to honor and process related checks and transfers and ~~(c) granting certain related relief;~~(c) granting certain related relief; and this Court having entered the *Interim Order (I) Authorizing the Debtors to (a) Pay Prepetition Compensation and Benefits and (b) Continue Compensation and Benefits and (II) Granting Certain Related Relief* [D.I. 138]; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4896-0944-8513 v.4

1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief ~~sought~~set forth in ~~the Motion~~this Order is in the best interests of the Debtors~~,~~ and their estates~~, their creditors and all other parties in interest~~; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED on ~~an interim~~a final basis as set forth herein.

    2.    The Debtors are authorized to continue and/or modify, change, or discontinue the Compensation and Benefits and to honor and pay any and all obligations on account of the Compensation and Benefits, in the Debtors' ordinary course of business, irrespective of whether such obligations arose prepetition or postpetition, to the extent contemplated by the Motion~~. The Debtors may not pay any portion of the Unpaid Employee Compensation that exceeds the Statutory Cap by more than $40,000 in the aggregate.~~, provided,

however, that the Debtors shall seek court approval, upon a motion on notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code. Notwithstanding any other provision of this Order, no payments to or on behalf of any individual Employee on account of any pre-petition obligations shall exceed the amounts set forth in 11 U.S.C. §§ 507(a)(4) and 507(a)(5) (collectively, the "Statutory Cap"), except that the Debtors may pay Unpaid Employee Compensation that exceeds the Statutory Cap by $40,000 in the aggregate. Furthermore, the total payments in respect of Compensation and Benefits shall not exceed $1,600,120 (the "Compensation and Benefits Cap"); provided that such Compensation and Benefits Cap shall include (i) prepetition Unpaid Employee Compensation and Withholding Obligations authorized by this Order, which shall not exceed $1,000,000, (ii) Unpaid Independent Contractor Obligations authorized by this Order, which shall not exceed $303,000, (iii) 401(k) Matching Contributions authorized by this Order, which shall not exceed $1,000, (iv) employer retirement contributions authorized by this Order, which shall not exceed $65,000, (v) prepetition Reimbursable Expenses authorized by this Order, which shall not exceed $140,000, (vi) prepetition Justworks Benefits Obligations authorized by this Order, which shall not exceed $1,000, (vii) Rippling Obligations authorized by this Order, which shall not exceed $100, (viii) Unpaid Payroll Processing Fees (including Other Third Party Providers Obligations) authorized by this Order, which shall not exceed $20,000, (ix) Union Obligations authorized by this Order, which shall not exceed $20 and (x) other benefits authorized by this Order, which shall not exceed $70,000.

3. The Debtors are authorized to pay the Non-Employee Director Compensation on ~~an interim~~ a final basis.

4896-0944-8513 v.4

4. Nothing in this ~~Interim~~Final Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing (as defined below).

5. The Debtors shall not make any bonus, incentive, or severance payments to the Employees or any "insiders" (as such term is defined in section 101(31) of the Bankruptcy Code) ("Insiders") without further order of this Court.  Nothing in the Motion or this ~~Interim~~Final Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this ~~Interim~~Final Order is or is not an Insider.  Nothing in the Motion or this ~~Interim~~Final Order shall be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code, and a separate motion will be filed for any requests that are governed by section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval for such relief pursuant to section 503(c) of the Bankruptcy Code at a later time.  For the avoidance of doubt, nothing in this ~~Interim~~Final Order authorizes the Debtors to make any payments to the individuals identified in paragraph 2 of the Motion: Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison, or any person known by the Debtors to have a familial relationship with any of those individuals.

6. Pursuant to section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with any claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived.  The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program.

7. Nothing in this order approves the retention of Mr. John J. Ray III, or any other person employed by Owl Hill Advisory LLC ("Owl Hill"), or any person employed by RLKS Executive Solutions ("RLKS"), or the terms or conditions of any such retention, or the payment of any prepetition or postpetition amounts owed to such persons or to Owl Hill or RLKS. Any approval of the retention of Owl Hill or RLKS, or any employee thereof, as an officer of the Debtors or otherwise, will be subject to further order of this Court upon a motion or application on notice to parties in interest in these cases.

7.8. Nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Program; (b) relieves the Debtors of any of their obligations under the Workers' Compensation Program; (c) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Workers' Compensation Program; or (d) creates a direct right of action against any insurers or third-party administrators where such right of action does not already exist under non-bankruptcy law.

8.9. The Debtors are authorized to forward any unpaid amounts on account of Payroll Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in the ordinary course of business and in accordance with the Debtors' prepetition policies and practices, and are otherwise authorized to satisfy any Payroll Deductions or Payroll Taxes that arise as a result of a taxing authority's claim for a prepetition tax period.

9.10. The Debtors are authorized to pay any costs and expenses incidental to payment of the Compensation and Benefits obligations, including the Unpaid Payroll Processing Fees, all administrative and processing costs, and necessary payments to outside professionals.; provided, that the total amount of prepetition payments shall not exceed $20,000.

-5-

10.11.  The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted that are authorized to be paid herein.

11.12.  In accordance with this Interim Final Order (or other order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion are authorized to (a) receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on or subsequent to the Petition Date, without any duty to inquire otherwise and without any liability for following the Debtors' instructions.

12.13.  Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations.

13.14.  Nothing herein shall be deemed to authorize the Debtors to cash out unpaid Paid Leave Benefits except upon termination of an Employee, if applicable nonbankruptcy law requires such payment.

15.    Notwithstanding anything contained herein, any and all payments made hereunder to any Employee that is determined by an order of a court of competent jurisdiction to have engaged in illegal activity shall be subject to disgorgement, and all rights and remedies of parties in interest in connection with the foregoing are hereby expressly preserved.

14.16.  Nothing in the Motion or this InterimFinal Order, nor as a result of any payment made pursuant to this InterimFinal Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors or of any claims or causes of action which may exist against any Employees or Third Party Providers, or shall impair the ability of the Debtors to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this InterimFinal Order.

15.17.  Notwithstanding anything to the contrary in the Motion, this InterimFinal Order, or any findings announced at the hearing, nothing in the Motion, this InterimFinal Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

16.18.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this InterimFinal Order in accordance with the Motion.

17.19.  The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this InterimFinal Order.

18.  The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

19.20.  The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

20.21.  This InterimFinal Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

4896-0944-8513 v.4

21.22.  This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this ~~Interim~~Final Order.

~~22.    The final hearing (the "Final Hearing") with respect to the relief requested in the Motion shall be held on **January 11, 2023 at 10:00 a.m. (prevailing Eastern Time)**. Any objections or responses to entry of the proposed final order (the "Final Order") shall be filed on or before **4:00 p.m. (prevailing Eastern Time) on December 14, 2022** and served on the following parties: (a) proposed co-counsel to the Debtors, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com); (b) counsel to any statutory committee appointed in these Chapter 11 Cases; (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov); and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  If no objections are timely filed, this Court may enter the Final Order without further notice or a hearing.~~

Dated: _____
        Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge