# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al*.,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. No. 272** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
LANDIS RATH & COBB LLP AS BANKRUPTCY CO-COUNSEL, *NUNC PRO TUNC*
TO THE PETITION DATE, PURSUANT TO BANKRUPTCY CODE SECTION 327(A),
BANKRUPTCY RULES 2014 AND 2016 AND LOCAL RULE 2014-1**

Upon the *Application of the Debtors to Approve the Employment and Retention of Landis Rath & Cobb LLP as Bankruptcy Co-Counsel, Nunc Pro Tunc to the Petition Date, Pursuant to Bankruptcy Code Section 327(a), Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1* (the "Application");[2] and upon the First Day Declarations; and upon the affidavit of Adam G. Landis, a partner at Landis Rath & Cobb LLP ("LRC") (the "Landis Affidavit"); and upon the declaration of John J. Ray III, Chief Executive Officer of the Debtors (the "Ray Declaration"); and the Court being satisfied, based upon the representations made in the Application, the Landis Affidavit and in the Ray Declaration that LRC represents or holds no interests adverse to the Debtors or the Debtors' estates as to the matters upon which it is to be engaged; and that the employment of LRC is necessary and is in the best interest of the Debtors; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

2012, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution;[3] and it appearing that sufficient notice of the Application has been given; and good cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is APPROVED as set forth herein.

2. The Debtors are authorized to retain and employ LRC as their bankruptcy co-counsel, *nunc pro tunc* to the Petition Date, pursuant to Bankruptcy Code section 327(a), for the purposes set forth in the Application, the Landis Affidavit and the Ray Declaration.

3. LRC shall be compensated for legal services rendered to the Debtors and reasonable expenses incurred in connection therewith in accordance with sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, Local Rules, and any other orders of this Court. LRC shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines in connection with the Application and any final fee application(s) to be filed by LRC in these Chapter 11 Cases.

4. The Retainer held by LRC shall be treated as an evergreen retainer and shall be held by LRC as security throughout these Chapter 11 Cases until LRC's fees and expenses are awarded and payable to LRC on a final basis.

5. All fees and expenses incurred by LRC and approved by the Court shall be treated as administrative expenses under Bankruptcy Code section 503(b)(2).

---

[3] Pursuant to Local Rule 9013-1(f), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Application if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. Notwithstanding anything in the Application or any supporting declarations to the contrary, LRC shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

7. Notwithstanding anything in the Application or the supporting declarations to the contrary, LRC shall, to the extent that LRC uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that LRC pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for LRC; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

8. LRC shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

9. Within fourteen (14) days after any qualified bid deadline in these cases, LRC will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of LRC to such potential counterparties.

10. LRC shall provide five (5) business days' notice to the Debtors, the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee") and the U.S. Trustee in connection with any increase of its hourly rates occurring after the date of this Order. The Committee, the U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

13. This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order.

Dated: _____, 2023
       Wilmington, Delaware

                                                                            THE HONORABLE JOHN T. DORSEY
                                                                             UNITED STATES BANKRUPTCY JUDGE