IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　　Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:: | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Hearing Date:  Jan. 11, 2023, at 9:00 a.m.**<br>**Objections Due:  December 29, 2022, at 4:00 p.m.; extended to Jan. 7, 2023 at 12:00 pm for the U.S. Trustee**<br><br>**Re:  D.I. 233** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (A) APPROVING BID PROCEDURES, STALKING HORSE PROTECTIONS AND THE FORM AND MANNER OF NOTICES FOR THE SALE OF CERTAIN BUSINESSES,
(B) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES
AND (C) SCHEDULING AUCTION(S) AND SALE HEARING(S)**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to the *Motion of Debtors for Entry of an Order (A) Approving Bid Procedures, Stalking Horse Protections and the Form And Manner of Notices for the Sale of Certain Businesses, (B) Approving Assumption and Assignment Procedures and (C) Scheduling Auction(s) and Sale Hearing(s) and II(A) Approving the Sale(s) Free and Clear of Liens, Claims, Interest and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases* [D.I. 233] (the "Bid Procedures Motion") and respectfully states:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

I. **PRELIMINARY STATEMENT**

1. At this early stage of these cases, before any investigation has been conducted into the unprecedented events that caused these Debtors to file for bankruptcy on an emergency basis upon bare petitions, the Debtors seek Court approval of bid procedures that provide very little information regarding what is being sold. The Debtors identify certain businesses within the Debtors they seek to sell, possibly through an asset sale, or possibly through a sale of the stock of certain Debtor holding companies in some or all of their Debtor and non-Debtor subsidiaries. No form of asset purchase agreement or stock purchase agreement has been attached to the Bid Procedures Motion, as is standard practice. No schedules of assets and liabilities ("Schedules"), statements of financial affairs ("Statements") or Rule 2015.3 reports are on file for any of the Debtors, and the Debtors currently seek permission to delay such filing until after the sale hearings.[2] Thus, there is no publicly-filed information regarding what assets or stock will be sold, or their potential value.

2. As to those assets the Debtors do specify may be sold, there is serious cause for concern. The Bid Procedures Motion suggest the sales could include estate causes of action against the Debtors' current and former directors, officers and employees, as well as related insurance assets. The sale of potentially valuable causes of action against the Debtors' directors, officers and employees, or any other person or entity, should not be permitted when there has been serious allegations of wrongdoing, and no investigation yet into the scope of such

---

[2]  The U.S. Trustee has filed an objection to the Debtors' motion seeking to extend the time to file Schedules, Statements and Rule 2015.3 reports. D.I. 364. The U.S. Trustee incorporates herein the arguments set forth in that objection as they regard the interface between the timing of the filing of those important disclosure documents and the timing of the proposed sales. The U.S. Trustee understands that the Debtors are currently considering filing, at some point prior to the sale hearings, the Schedules, Statements and 2015.3 reports relevant to the assets and/or equity the Debtors are seeking to sell.

wrongdoing, or the persons and entities that may have been involved. The need for an independent investigation into those issues is the subject of a pending motion by the U.S. Trustee to appoint an examiner.

3. The proposed sales may also include business records of certain of the Debtors. The Debtors should be required to keep copies of all records, as they may be relevant to the investigation of estate claims, and to various civil and criminal proceedings.

4. The Bid Procedures Motion indicates there may be a sale of personally identifiable information of the customers of certain of the Debtors. The Debtors have not yet provided any information that would allow the Court to determine whether the appointment of a consumer privacy ombudsman is necessary under section 363(b)(1) of the Bankruptcy Code in connection with the sale of such customer information. The U.S. Trustee understands that the Debtors plan to submit evidence on this point, and reserves argument on this issue until the record at the hearing is closed.

5. The U.S. Trustee respectfully requests that the Bid Procedures Motion be denied unless the above-identified defects are rectified.[3]

## II.    JURISDICTION, VENUE AND STANDING

6. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

---

[3] The U.S. Trustee's counsel believes she has reached an agreement with the Debtors' counsel as to modifications to be made to the proposed order approving bid procedures, the bid procedures themselves, and related notices, other than those addressed in this Objection. The U.S. Trustee reserves the right to supplement this Objection, or to assert additional objections at the hearing, if such modifications are not made.

3

7. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

8. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

### III.  FACTUAL BACKGROUND

9. On November 11, 2022, all Debtors other than West Realm Shires, Inc. filed voluntary chapter 11 petitions in this Court. On November 14, 2022 West Realm Shires, Inc. filed a voluntary chapter 11 petition in this Court.

10. The Debtors continue to operate their businesses as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

11. On November 17, 2022, the Debtors filed the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24](the "Ray Decl."). In his Declaration, Mr. Ray described the Debtors as having a "complete failure of corporate controls and [] a complete absence of trustworthy financial information." Ray Decl., ¶ 4. He further stated that, "[f]rom compromised systems integrity . . . to the concentration of control in the hands of a very small group of inexperienced, unsophisticated and potentially compromised individuals, this situation is unprecedented." *Id.*

12. On November 17, 2022, the Debtors filed a *Motion for Entry of an Order*

*Extending the Time to File (A) Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Rule 205.3 Financial Reports* (the "Schedules Extension Motion"). D.I. 26. In the Schedules Extension Motion, the Debtors sought an extension of the date to file the Schedules, Statements and Rule 2015.3(a) reports from December 15, 2022 to January 23, 2023.

13. On December 15, 2022, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee"). D.I. 231.

14. Also on December 15, 2022, the Debtors filed the Bid Procedures Motion. D.I. 233. By the Bid Procedures Motion, the Debtors seek to:

(a) sell the assets of certain Debtors, or alternatively to sell the stock of certain Debtor holding companies in operating Debtor subsidiaries, namely:

(i) The Japan Business, which appears to consist of the Debtor FTX Japan Holdings and two wholly-owned subsidiaries, which are also Debtors; and

(ii) The Europe Business, which consists of FTX Europe AG, and eight wholly-owned subsidiaries which are also Debtors, and one subsidiary which is a non-Debtor;[4] and

(b) sell the stock held by debtor West Realm Shires Inc. in two *non-Debtor* subsidiaries:

(i) The Embed Business, which consists of Embed Financial Technologies Inc., which, together with its subsidiaries, "operate a correspondent clearing and custody platform that provides registered investment advisors, broker-dealers and other financial institutions with APIs and brokerage services;" and

(ii) The Ledger X Business, which consists of Ledger X LLC, a CFTC-regulated "digital currency futures and options exchange and clearing

---

[4] Neither the Bid Procedures Motion nor the proposed Bid Procedures indicated the number of subsidiaries of FTX Europe AG sought to be sold, but Debtors' counsel indicated there are eight debtor subsidiaries and one non-debtor subsidiary, some or all of which might be sold.

house" relating to digital assets and other commodities, primarily for U.S. persons.

Bid Procedures Mot. ¶ 3.

15. As proposed in the Bid Procedures Motion, the sale hearings for all the businesses contemplated to be sold would take place between February 27 and March 21, 2023.

16. The Debtors did not attach any form of asset purchase agreement or stock purchase agreement, or proposed form of sale order, to the Bid Procedures Motion for any of the contemplated sales.

17. Included in the proposed Bid Procedures is a requirements that Qualified Bidders identify whether they "propose[] to purchase avoidance actions and other claims against directors, officers and employees and related insurance assets as part of the transaction." *See* Bid Procedures Mot. at 19; Bid Procedures Mot. Ex. 1 to Ex. A (Proposed Bid Procedures) at 9, ¶ 2(d)(7)(e).

18. The Bid Procedures Motion indicates that each of the business to be sold "has maintained segregated customer accounts." Bid Procedures Mot. ¶ 7. Presumably these accounts, including related personally identifiable information ("PII") of the customers, would be transferred in that sale. However, there is no information in the Bid Procedures Motion regarding whether the applicable Debtors have disclosed to their customers a policy prohibiting the transfer of PII to persons that are not affiliated with the Debtors, and if so, whether such policy or policies were in effect on the petition date, and whether the sale of PII is consistent with such policy or policies.

19. On December 2, 2022, the U.S. Trustee filed a *Motion for Entry of an Order Directing the Appointment of an Examiner* (the "Examiner Motion"). At the Court's direction, the U.S. Trustee is currently in discussions with the Debtors and the Committee

concerning the scheduling of the Examiner Motion.

20. On December 20, 2022, the U.S. Trustee convened the initial Section 341 meeting of creditors. The U.S. Trustee continued the meeting to a date to be determined, so as to allow a 341 meeting after the Schedules and Statements and Rule 2015.3 reports are filed.

21. On December 21, 2022, the Debtors filed a supplement to the Schedules Extension Motion seeking to further extend that deadline until April 15, 2023, which is after the date of all of the proposed sale hearings.

## IV. ARGUMENT

### A. The Bid Procedures Motion Fails to Provide Sufficient Information Regarding the Assets and Stock to Be Sold

22. For the Court and parties in interest in these cases to evaluate the proposed Bid Procedures, the Debtors must provide robust, accurate and complete disclosures regarding what they intend to sell. The Debtors have failed in this regard in at least two ways. First, the Debtors have failed to attach to the Bid Procedures Motion any proposed forms of asset purchase or stock purchase agreement. Second, none of the Debtors have filed Schedules, Statements or Rule 2015.3 reports, and the Debtors currently seek permission to delay such filing until after the proposed sale hearing dates.

23. Without these filings, there is no information regarding the nature or value assets of the Debtors whose businesses the Debtors seek to sell. For those Debtors whose stock in non-debtor subsidiaries are to be sold, the absence of Rule 2015.3 reports means there is no information regarding the value of such stock.

24. Debtors have "an affirmative duty of full disclosure" on which the "effective functioning of the federal bankruptcy system" depends. *In re Kane*, 628 F.3d 631, 636

7

(3d Cir. 2010) (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996)). "[A] debtor seeking shelter under the bankruptcy law must disclose all assets and potential assets. . . . Full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the bankruptcy system. Because the bankruptcy court, trustees, and creditors rely on the information disclosed by a debtor, the importance of full disclosure cannot be overemphasized." *In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D.N.Y. 2008).

25. The Debtors should be required to file their proposed form of asset purchase agreement or stock purchase agreement for each business they seek to sell prior to the Court's consideration of Bid Procedures. The Debtors also should be required to file Schedules, Statements and Rule 2015.3(a) reports for, at the very least, all Debtors implicated in the proposed sales, and to do so at least 14 days prior to each applicable sale hearing, so as to allow the U.S. Trustee sufficient time to conduct a Section 341 meeting of creditors regarding such disclosures.

**B. The Debtors Should Be Prohibited From Selling Any Estate Causes of Action**

26. In the Bid Procedures Motion, the Debtors suggest the proposed sales could include estate causes of action against the Debtors' current and former directors, officers and employees, as well as related insurance assets, even though there are no Statements on file that would identify transfers made to insiders within the year prior to bankruptcy. But even if such Statements are filed prior to any sale, the problem would remain. Given what Mr. Ray described in his first day declaration as the abysmal state of the Debtors' books and records, and the possibility that officers, directors or employees of the Debtors have taken steps to hide fraudulent or otherwise avoidable transfers, it cannot be known that any filed Statement will accurately identify all wrongful transfers. In addition, the Statements do not capture every

potentially wrongful transfer. Rather, they set forth only those transfers made to insiders within one year, and to all other parties within 90 days, prior to the bankruptcy filing.

27.     Where, as here, there have been serious and widespread allegation of wrongdoing at the Debtors, and criminal charges have been brought against certain insiders, the sale of potentially valuable causes of action against the Debtors' directors, officers and employees, or any other person or entity, should not be permitted until there has been a full and independent investigation into all persons and entities that may have been involved in any malfeasance, negligence or other actionable conduct.

28.     For these reasons, the Debtors should be prevented from offering for sale any estate cause of action until an independent examination has been conducted into the acts, conduct, assets, liabilities and financial condition of the Debtors, and the events leading to the bankruptcy filing.

C.  **The Debtors Should Be Required to Keep Copies of All Books and Records.**

29.     In the Bid Procedures Motion, the Debtors do not specify whether they will be selling or transferring any books and records of the businesses to be sold. This is an example of the type of information that typically could be found in a form asset purchase agreement or stock purchase agreement, if the Debtors had filed such agreements with the Bid Procedures Motion. However, it is reasonable to assume that such documents will be transferred as part of any sale. If so, given the plethora of pending civil and criminal matters relating to the Debtors, the U.S. Trustee requests that the Debtors be required to keep copies of all records they may sell or transfer to any purchaser or other entity.

**D. The Debtors Need to Provide Evidence As to Whether A Consumer Privacy Ombudsman is Required Under the Bankruptcy Code**

30. Section 363(b)(1) of the Bankruptcy Code provides:

The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service *discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless –*

(A) *such sale or lease is consistent with such policy*; or

(B) *after appointment of a consumer privacy ombudsman in accordance with section 332*, and after notice and a hearing, the court approves such sale or such lease –

(i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and

(ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

11 U.S.C. § 363(b)(1)(emphasis added).

31. Section 332 of the Bankruptcy Code provides:

(a) If a hearing is required under section 363(b)(1)(B), the court shall order the United States trustee to appoint, not later than 7 days before the commencement of the hearing, 1 disinterested person (other than the United States trustee) to serve as the consumer privacy ombudsman in the case and shall require that notice of such hearing be timely given to such ombudsman.

10

>   (b) The consumer privacy ombudsman may appear and be heard at such hearing and shall provide to the court information to assist the court in its consideration of the facts, circumstances, and conditions of the proposed sale or lease of personally identifiable information under section 363(b)(1)(B).

11 U.S.C. § 332(a, b).

32. The proposed order approving bidding procedures should not be approved unless the Debtors establish through admissible evidence that (i) a consumer privacy ombudsman is not required under the Bankruptcy Code, or (ii) the proposed order is amended to direct the U.S. Trustee to appoint a consumer privacy ombudsman.  Because an evidentiary predicate is necessary on this point, the U.S. Trustee reserves argument until the record at the hearing is closed.

35. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this Objection, file an appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

### V.    CONCLUSION

WHEREFORE, the U.S. Trustee respectfully requests that the Court (a) deny the Bid Procedures Motion unless the Debtors (i) file their proposed form of asset purchase or stock sale agreement prior to the hearing on Bid Procedures, (ii) file the Schedules, Statements and Rule 2015.3 reports of at least those Debtors whose assets and/or equity the Debtors seek to sell, no less than 14 days in advance of each applicable sale hearing; (iii) are prohibited from selling any estate causes of action against any person or entity; (iv) are required to keep copies of all records they sell or transfer; and (v) either establish through evidence that a consumer privacy

ombudsman is not necessary, or such an ombudsman is appointed, and (b) grant such other and further relief that the Court deems just and proper.

Respectfully Submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 & 9**

Dated: January 7, 2023

By: */s/ Juliet Sarkessian*
Juliet Sarkessian
Benjamin Hackman
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
juliet.m.sarkessian@usdoj.gov
benjamin.a.hackman@usdoj.gov

-and-

David Gerardi
Trial Attorney
One Newark Center
1085 Raymond Boulevard
Suite 2100
Newark, NJ 07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
david.gerardi@usdoj.gov