IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                       Debtors. | : : : : : : : : : : : : : : | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Hearing Date: Jan. 11, 2023, at 9:00 a.m.**<br>**Objections Due: December 14, 2022, at 4:00 p.m.; extended to Jan. 7, 2023 at 12:00 pm for the U.S. Trustee**<br><br>**Re: D.I. 47, 145** |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OPERATE A POSTPETITION CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BUSINESS FORMS, AND (C) PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING A PARTIAL WAIVER OF THE DEPOSIT GUIDELINES SET FORTH IN SECTION 345(B), AND (III) GRANTING CERTAIN RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this limited objection (the "Objection") to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Operate a Postpetition Cash Management System, (B) Maintain Existing Business Forms, and (C) Perform Intercompany Transactions, (II) Granting a Partial Waiver of the Deposit Guidelines Set Forth in Section 345(b), and (III) Granting Certain Related Relief* [D.I. 47] (the "Motion") and respectfully states:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

## I.    PRELIMINARY STATEMENT

1. The U.S. Trustee objects to one aspect of the final relief sought on the Motion, which is the granting of super-priority administrative expense claim status to transfers between Debtors, and to transfers from non-Debtor affiliates to Debtors.[2]

## II.    JURISDICTION, VENUE AND STANDING

6. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

7. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

8. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

---

[2] The U.S. Trustee's counsel believes she has reached an agreement with the Debtors' counsel as to modifications to be made to the proposed final order on the Motion, other than those addressed in this Objection. The U.S. Trustee reserves the right to supplement this Objection, or to assert additional objections at the hearing, if such modifications are not made.

### III. FACTUAL BACKGROUND

9. On November 11, 2022, all Debtors other than West Realm Shires, Inc., filed voluntary chapter 11 petitions in this Court. On November 14, 2022 West Realm Shires, Inc. filed a voluntary chapter 11 petition in this Court.

10. The Debtors continue to operate their businesses as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

11. On November 17, 2022, the Debtors filed the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24] (the "Ray Decl."). Mr. Ray described the Debtors' businesses have been divided into four "silos" by its new management: (a) a group composed of Debtor West Realm Shires Inc. and its Debtor and non-Debtor subsidiaries (the "WRS Silo"), which includes the business known as "FTX US," among other businesses; (b) a group composed of Debtor Alameda Research LLC and its Debtor-subsidiaries (the "Alameda Silo"); (c) a group composed of Debtor Clifton Bay Investments LLC, Debtor Clifton Bay Investments Ltd., Debtor Island Bay Ventures Inc. and Debtor FTX Ventures Ltd. (the "Ventures Silo"); and (d) a group composed of Debtor FTX Trading Ltd. and its Debtor and non-Debtor subsidiaries (the "Dotcom Silo"), including the exchanges doing business as "FTX.com" and similar exchanges in non-U.S. jurisdictions. Ray Decl. ¶ 9.

12. Shortly before the bankruptcy filing, *The Wall Street Journal* reported that the founder and then CEO of the Debtors, Samuel Bankman-Fried, said in investor meetings during the week of November 6, 2022, that Alameda owed FTX about $10 billion based on loans

FTX extended to Alameda to fund risky bets.[3] The $10 billion came from money customers had deposited on the exchange for trading purposes. *Id.* Bankman-Fried described the decision to move FTX customer property to Alameda as a "poor judgment call." *Id.*

13. On November 19, 2022, the Debtors filed the Motion. In the Motion, the Debtors indicated that transfers between Debtors, and from non-debtor affiliates to Debtors, were contemplated, and that super-priority administrative expense claim status was being sought for such transfers. However, the Debtors provided no detail regarding the purpose of those transfers or the amounts contemplated to be transferred. Mot. ¶¶ 13-22. Counsel to the Debtors has advised counsel to the U.S. Trustee that the majority of transfers contemplated will be loans from the Alameda Silo to the Dotcom Silo.

14. On November 23, 2022, the Court entered an Order granting interim relief on the Motion and setting the final hearing for January 11, 2023. D.I. 145.

15. On December 15, 2022, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee"). D.I. 231.

### IV.    ARGUMENT

16. Post-petition transfers between Debtors, and from non-Debtor affiliates to Debtors, are entitled to ordinary administrative priority status under section 507(a)(2) of the Bankruptcy Code, and not super-priority status. Under the Code, super-priority status is reserved for only two types of claims: (a) those of entities providing post-petition financing, and (b) those

---

[3] Vicky Ge Huang, et al., *FTX Tapped Into Customer Accounts to Fund Risky Bets, Setting Up Its Downfall*, WALL ST. J. (Nov. 11, 2022, 12:16 P.M.), https://www.wsj.com/articles/ftx-tapped-into-customer-accounts-to-fund-risky-bets-setting-up-its-downfall-11668093732.

of pre-petition secured lenders for adequate protection for diminution in value of their collateral during a bankruptcy case. *See* 11 U.S.C. §§ 361(2), 364(c)(1) and 507(b). Adequate protection has no application here. If the Debtors take the position that transfers between Debtors, and from non-debtor affiliates to Debtors, constitute a form of post-petition debtor-in-possession financing, they need to file an appropriate motion for approval of such financing under Local Rule 4001-2 and comply with the disclosure and other requirements of that Rule.

17. If, as it appears, there are no statutory grounds to provide super-priority administrative claim status to transfers between Debtors, or from non-debtor affiliates to Debtors, granting them super-priority status is not permissible. Moreover, it would elevate Debtor and affiliate claims above those of ordinary course administrative claimants and estate professionals. Estate professionals may consent to subordinate their claims in such fashion, but there is no basis to believe that ordinary course administrative creditors, such as providers of post-petition goods and services, would consent to such treatment.

18. As noted above, Debtors' counsel has indicated the majority of the transfers contemplated will be loans from the Alameda Silo to the Dotcom Silo. Given the allegations that billions of dollars of customer funds from the Dotcom Silo were wrongly siphoned off and transferred to Alameda prior to the petition date, providing the Alameda Silo with super-priority claims for post-petition transfers to the Dotcom Silo is troubling.

35. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this Objection, file an appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

## V. CONCLUSION

WHEREFORE, the U.S. Trustee respectfully requests that the Court (a) deny final relief on the Motion unless the status granted to post-petition transfers between Debtors, and from non-Debtor affiliates to Debtors, is that of ordinary administrative claims under section 507(a)(2) of the Code, and not super-priority status, and (b) grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 & 9**

Dated: January 7, 2023

By: */s/ Juliet Sarkessian*
Juliet Sarkessian
Benjamin Hackman
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
juliet.m.sarkessian@usdoj.gov
benjamin.a.hackman@usdoj.gov

-and-

David Gerardi
Trial Attorney
One Newark Center
1085 Raymond Boulevard
Suite 2100
Newark, NJ  07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
david.gerardi@usdoj.gov