# EXHIBIT 1

## Cooperation Agreement

EXECUTION COPY

## Settlement and Cooperation Agreement

This Settlement and Cooperation Agreement, dated January 6, 2023 (this "*Agreement*"), between the Chapter 11 Debtors, as debtors and debtors in possession (the "*Chapter 11 Debtors*"), and FTX DM, in provisional liquidation, acting by its Joint Provisional Liquidators without personal liability ("*FTX DM*" and, together with the Chapter 11 Debtors, the "*Parties*"), will be effective when approved by the United States Bankruptcy Court for the District of Delaware (the "*U.S. Bankruptcy Court*") in respect of the Chapter 11 Debtors and sanctioned by the Supreme Court of the Commonwealth of The Bahamas (the "*Bahamas Court*") in respect of FTX DM. Once this Agreement is approved by each of the U.S. Bankruptcy Court and the Bahamas Court, it shall (a) constitute the entire agreement between the parties; (b) supersede any and all prior written and/or oral agreements among the parties; and (c) shall be enforceable pursuant to its terms. To the extent not so approved, this document and any communications, oral or written, regarding the subject matter hereof constitute (a) settlement communications within the meaning of U.S. Federal Rule of Evidence 408 and any equivalent rule in any relevant jurisdiction and (b) without prejudice discussions under the laws of The Commonwealth of The Bahamas.

### Goals

1. The shared goal of the Parties is maximizing the recovery to the customers and creditors of each estate, which includes maximizing the recoverable assets at each estate and properly returning value to the appropriate estate.

2. The Parties also share the goals of avoiding redundant work, minimizing expense and respecting the sovereignty of different legal systems.

3. Accordingly, the Parties have determined to proceed with parallel proceedings in the U.S. Bankruptcy Court and the Bahamas Court, and to coordinate in so far as possible the prosecution of parallel proceedings to accomplish these goals.

4864-9566-4966 v.7




**Agreed Primary Recovery Functions**

4. The Parties agree that FTX DM shall be primarily responsible for recovering value from (a) the assets and property in the name of FTX DM, including without limitation, all real and personal property and bank and security accounts in the name of FTX DM, regardless of where located; (b) the approximately $45 million of USDT currently frozen in The Bahamas; (c) the sale or reorganization of FTX DM; (d) claims to the extent belonging to FTX DM under applicable law; (e) intercompany accounts and claims of FTX DM against any of the Chapter 11 Debtors or their affiliates; and (f) the sale of any businesses or investments in the name of FTX DM.

5. The Parties agree that the Chapter 11 Debtors shall be primarily responsible for recovering value from all assets and property not reserved in paragraph 4 above, including without limitation (a) assets and property not in the name of FTX DM; (b) the sale of businesses and investments of the Chapter 11 Debtors; (c) the sale or reorganization of the Chapter 11 Debtors; (d) cryptocurrency (subject to provisions hereof); (e) intercompany accounts and claims of any of the Chapter 11 Debtors or their affiliates against FTX DM; and (f) all claims to the extent belonging to the Chapter 11 Debtors under applicable law.

6. The Parties will work together in good faith during the next six months (commencing on the date hereof) in coordination with appropriate stakeholders in their respective proceedings to develop alternatives for the potential sale, reorganization or other monetization of (a) the international FTX.com platform (the "*International Platform*") and (b) cryptocurrency held or managed by the Chapter 11 Debtors in accordance with this Agreement and associated with the International Platform (and not traceable to customers of FTX US). In order to allow for the foregoing, the Chapter 11 Debtors will not sell or otherwise monetize the cryptocurrency associated with the International Platform (other than stablecoins) during this period without prior consultation with the JPLs and either (x) the approval of the U.S. Bankruptcy Court or (y) the approval of the




4864-9566-4966 v.7

JPLs, not to be unreasonably withheld, conditioned or delayed.

7. Save for the arrangements concerning PropCo that are provided for below, the Parties will discuss whether there may be cooperation or other arrangements between the JPLs and the Chapter 11 Debtors organized under U.S. law or the laws of The Commonwealth of The Bahamas that further the goals and objectives of this Agreement.

8. In furtherance of the shared goals described above, the Parties will consult reasonably and in good faith with respect to (a) claims in which there is a dispute as to which Party is the appropriate plaintiff or litigant and (b) litigation in which both Parties have, or may have, claims against the same defendant.

9. Each Party acknowledges that the other Party is a stakeholder and a party-in-interest in the Chapter 11 cases pending in respect of the Chapter 11 Debtors (collectively, the "*Chapter 11 Cases*"), any Bahamian proceedings related to FTX or the International Platform (the "*Bahamas Proceedings*") or any related proceedings in other jurisdictions. Each Party shall consult reasonably and in good faith with the other Party and assist where requested in supporting the appearance of either Party at motions/directions or other requested relief in any such proceedings in connection with the asset recovery functions relating to the International Platform for which it has primary responsibility, including without limitation to exercise the rights of a party-in-interest with respect to: (a) the reasonableness of the asset recovery decisions for which it has primary responsibility; (b) the settlement of intercompany claims; (c) the desirability or viability of a potential reorganization of the International Platform; and (d) the relative recovery of International Platform customers versus other creditors (including without limitation in connection with plan formation or distribution schemes in any jurisdiction). FTX DM will reasonably limit its involvement in the Chapter 11 Cases to matters where it has a bona fide interest affecting recoveries by the Parties for the benefit of customers of the International Platform.




4864-9566-4966 v.7

10. This Agreement does not address or compromise any rights or obligations of any Party arising out of or related to the user agreements or other arrangements relating to the International Platform or any other matter not specifically addressed in this Agreement.

11. The Parties will work together in good faith to determine ownership of assets that are subject to competing claims and to ensure that any court process(es) relating to an adjudication of any dispute is conducted as efficiently as is possible. Where one Party wishes to resolve a dispute among the Parties as to any matter (including without limitation relating to the ownership of any asset, standing to pursue claims or the nature of customer claims), such Party may upon reasonable notice to the other party proceed with litigation in either the U.S. Bankruptcy Court or The Bahamas Court with respect to the applicable matters. Pending resolution of such matters, property will be administered as provided in paragraphs 4 and 5. Upon agreement by the Parties (or a final and binding court determination by both the U.S. Bankruptcy Court and the Bahamas Court) that one Party owns an asset the primary responsibility for which has been allocated to the other Party pursuant to paragraphs 4 and 5 above, this Agreement will be deemed modified such that the Party owning the asset will have primary responsibility to monetize such asset, with the Other Party having the rights set forth in this Agreement for a party that does not have primary responsibility for such asset.

## Court Process

12. To implement the forgoing, the Parties agree to proceed as follows. First, the Chapter 11 Debtors shall support the continuation of FTX DM's provisional liquidation through Chapter 15 recognition in the U.S. Court and the enforcement and/or the recognition in the U.S. of all orders of the Bahamas Court and elsewhere that are consistent with the Agreement, on mutually agreed and reasonable terms, *provided* that recognition under Chapter 15 would not require the U.S. Bankruptcy Court to defer to the decisions of any foreign court (or alter a *de novo* standard of review) relating to any matter raised by the Chapter 11 Debtors in the Chapter 11 Cases with respect to property of the estate of the Chapter 11 Debtors (including without limitation the scope of property of the estate, the application or extension of the automatic stay or the compromise or discharge of estate or



-4-

third party claims in connection with a plan of reorganization). Recognition in the United States shall be subject to and effective only upon the entry of orders providing analogous relief to the Chapter 11 Debtors in the Bahamas Proceedings in form and substance reasonably satisfactory to the Chapter 11 Debtors.

13. Second, the JPLs shall support the continuation of the Chapter 11 Cases and the enforcement and/or recognition in the Commonwealth of The Bahamas of the Chapter 11 cases and all orders of the U.S. Bankruptcy Court and elsewhere that are consistent with the Agreement, on mutually agreed and reasonable terms, *provided* that recognition in The Bahamas would not require the Bahamas Court to defer to the decisions of any foreign court (or alter a *de novo* standard of review) relating to any matter raised by the JPLs in the Bahamas Proceedings with respect to property of the estate of FTX DM (including without limitation the scope of property of the estate, the application or extension of the automatic stay or the compromise or discharge of estate or third party claims in connection with a plan of reorganization). Recognition in The Bahamas shall be subject to and effective only upon the entry of a Chapter 15 recognition order in form and substance reasonably satisfactory to FTX DM.

14. Third, the JPLs agree that they will not seek dismissal of the Chapter 11 case of any Chapter 11 Debtor.

15. Fourth, the Parties agree that the value in the properties owned by FTX Property Holdings Ltd. ("*PropCo*") will be realized over time in one or more arm's-length marketing processes utilizing the services of one or more mutually acceptable independent brokers in a manner and on a timeframe designed to maximize the recovery. The Parties agree that either a liquidation proceeding with respect to PropCo will be opened in the Bahamas Court to run concurrently with the pending Chapter 11 case of PropCo or the Parties will determine another mutually acceptable arrangement for the sale of the applicable properties free and clear of claims against such properties. The JPLs' motion to dismiss the Chapter 11 case of Propco will be dismissed with prejudice. The JPLs (or any other person appointed as liquidator of Propco reasonably acceptable to



the Chapter 11 Debtors), shall take the lead in managing the properties, determining the appropriate strategy for the monetization of the properties, identifying buyers and conducting the marketing process, *provided* that the strategy, as well as the buyers and deal terms recommended by the JPLs, will be subject to approval by the Chapter 11 Debtors (such approval not to be unreasonably withheld or delayed).

16. Subject to the sanction of the Bahamas Court in respect of FTX DM and the approval of the U.S. Bankruptcy Court in respect of the Chapter 11 Debtors, as necessary, the Parties shall fund the carrying costs of PropCo (to the extent not funded from cash flow of the properties) by mortgage loans from third parties, the Chapter 11 Debtors and/or FTX DM. Such loans shall be fully collateralized and repaid from the first available sale proceeds.

17. Each Party shall bear its own expenses in all proceedings out of the unencumbered assets of its own estate. However, with respect to PropCo, each Party's reasonable and documented costs and expenses with respect to PropCo (including, without limitation, reasonable costs and expenses relating to Propco that were incurred prior to the date hereof, and including the reasonable and documented fees of the professionals to the unsecured creditors committee in the Chapter 11 cases and any analogous creditors committee in the Bahamas Proceedings) shall be disclosed to all interested parties and charged to PropCo (and not to FTX DM or the other Chapter 11 Debtors) and paid or reserved for at sale from first available net sale proceeds. 100% of the proceeds from the sale of PropCo net of such reasonable costs and expenses shall be deposited in an escrow account under arrangements reasonably acceptable to the Parties and not released unless the Parties agree or such release is approved by each of the U.S. Bankruptcy Court and The Bahamas Court.

**Claims and Distributions**

18. The Chapter 11 cases and the provisional liquidation of FTX DM shall proceed in parallel. The Parties will propose procedures for court-to-court communication based on

international best practices and acceptable to each of the U.S. Bankruptcy Court and The Bahamas Court.

19. The Parties shall work in good faith to arrange matters so that, to the extent practicable under applicable law and consistent with each Party's fiduciary duties,

   a. the proceedings reach, in parallel, substantially similar conclusions as to common questions of fact and law, including the allowance and ranking of FTX.com customer claims and the nature of customer claims segregated, commingled and other property;
   b. the applicable Chapter 11 plan in the United States and winding up or distribution plan in The Bahamas each involve a global settlement of all claims of the Parties arising out of or relating to the ownership of assets and property and the matters contemplated by this Agreement;
   c. no FTX.com customer receives, in total, more than the allowed amount of their claim; and
   d. no FTX.com customer receives greater or less total rateable distributions than any other FTX.com customer.

20. The Parties shall in good faith coordinate the timing of the prosecution of the applicable proceedings such that distributions are not made to any FTX.com customer in one proceeding prior to a determination of whether such claims are allowed in the other proceeding.

21. The Parties shall consider the feasibility of a joint claims process in which FTX.com customers are only required to file one claim that would be applicable in both the U.S. Chapter 11 Cases and the Bahamas Proceedings.

**Information Sharing**

22. The Parties will share information in their possession concerning the matters contemplated by this Agreement, subject to mutually satisfactory arrangements to




preserve confidentiality and any privilege of any party, and to respect the requests of their applicable regulators or law enforcement, *provided* that nothing in this Agreement shall oblige a Party to share privileged material with any other Party. Each Party will ensure that the other Party receives copies of any pleading, report, or information filed in the Chapter 11 Cases or the Bahamas Proceedings, subject to appropriate confidentiality arrangements for any sealed materials.

### Dispute Resolution

23. In the event of a dispute as to the meaning or operation of this Agreement or the orders entered to give it effect in the applicable jurisdictions, each Party may, upon reasonable advance notice to the other party, seek relief from either the U.S. Bankruptcy Court or The Bahamas Court separately without any requirement to commence concurrent proceedings. Prior to commencing any action for relief, the Parties will consult in good faith whether mediation is appropriate and the place and manner of such mediation.

24. Neither Party waives any right, obligation, claim, or cause of action against any other Party, except as expressly provided in this Agreement.



-9-

Dated: January 6, 2023

THE CHAPTER 11 DEBTORS

By: _____
Name: John J. Ray III
Title: Chief Executive Officer

THE JOINT PROVISIONAL LIQUIDATORS
OF FTX DIGITAL MARKETS, LTD.

By: _____
Name: Brian Cecil Simms KC
Title: Joint Provisional Liquidator of FTX Digital Markets Ltd.

By: _____
Name: Peter Greaves
Title: Joint Provisional Liquidator of FTX Digital Markets Ltd.

By: _____
Name: Kevin G. Cambridge
Title: Joint Provisional Liquidator of FTX Digital Markets Ltd.