**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 268 & __** |

## ORDER APPROVING STIPULATION BETWEEN
## THE DEBTORS AND 1450 BRICKELL, LLC

Upon the *Certification of Counsel Regarding Stipulation between the Debtors and 1450 Brickell, LLC* (the "Certification of Counsel"),[2] and the *Stipulation Regarding Mutual Lease Termination With 1450 Brickell, LLC For Premises Located At 1450 Brickell Avenue, Miami, Florida 33131* (the "Stipulation") entered into between the Debtors and 1450 Brickell, LLC, attached hereto as Exhibit 1; and this Court having jurisdiction to consider the Certification of Counsel and the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having determined that the agreement set forth in the Stipulation is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Stipulation is hereby APPROVED.

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Certification of Counsel.

2.      This Order is immediately effective and enforceable, notwithstanding the

possible applicability of Bankruptcy Rule 6004(h) or otherwise.

3.      This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to Stipulation and  implementation of this Order.

Dated: _____

      Wilmington, Delaware

_____

The Honorable John T. Dorsey
United States Bankruptcy Judge

# **EXHIBIT 1**

## **Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref No. 268** |

### STIPULATION REGARDING MUTUAL LEASE TERMINATION WITH 1450 BRICKELL, LLC FOR PREMISES LOCATED AT 1450 BRICKELL AVENUE, MIAMI, FLORIDA 33131

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") and 1450 Brickell, LLC ("Lessor," and together with the Debtors, the "Parties"), by and through their respective undersigned counsel, hereby stipulate (the "Stipulation") as follows:

WHEREAS, on October 26, 2022, West Realm Shires Inc. entered into a lease for nonresidential real property (the "Lease") located at 1450 Brickell Avenue, Miami, Florida 33131 (the "Premises");

WHEREAS, on November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code");

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

WHEREAS, the Debtors, in exercise of their business judgment, determined that they do not have a continuing need for the Premises and that the Lease adds no value to the Debtors' estates;

WHEREAS, on December 21, 2022, the Debtors filed with the Court the *Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to (I) Reject Certain Unexpired Leases Effective as of the Rejection Date and (II) Abandon Personal Property, if any, Associated Therewith* [D.I. 268] (the "Motion");

WHEREAS, the Motion seeks to reject, among others, the Lease,

WHEREAS, the Parties engaged in good faith, arm's length negotiations in an attempt to consensually resolve the Motion and the Debtors' proposed rejection of the Lease; and

WHEREAS, the Parties have reached an agreement that the Lease should be rejected as of December 21, 2022.

NOW, THEREFORE, the Parties, by and through their respective representatives, hereby agree, subject to Court approval, as follows:

1.      The Lease, as well as any agreements, amendments, changes, orders, supplements, waivers and side letters related thereto (collectively, the "Agreements"), shall be deemed rejected and mutually terminated as of December 21, 2022.

2.      The Parties agree that, in exchange for the rejection and mutual termination of the Agreements:

     a. The Lessor shall be entitled to an allowed administrative expense claim against the Debtor West Realm Shires Inc. in the amount of $98,456 for unpaid rent between the Petition Date and the Rejection Date (as defined in the Motion).

     b. The Lessor shall be entitled to an allowed unsecured claim against the Debtor West Realm Shires Inc. (the "Allowed Unsecured Claim") in the amount of $1,345,000 in respect of all damages under the Lease.

Notwithstanding the preceding sentence, the Lessor agrees to use commercial reasonable efforts to re-lease the Premises and further agrees that the Allowed Unsecured claim shall be reduced by 100% of any base rent received by the Lessor in respect of the Premises through June 30, 2023.

c. The Lessor shall be entitled to retain the security deposit of $820,000 deposited by the Debtors in connection with the Lease and shall be entitled to set off such amount against the Allowed Unsecured Claim.

d. The Lessor is not required to file any application or motion or claim for the administrative expense claim set forth in subparagraph a. hereof and the general unsecured claim set forth in subparagraph b. hereof. This Order shall be deemed to memorialize each of them.

3.    Other than as stated in the paragraph two, the Lessor hereby waives, without limitation, any further obligations, liabilities, demands, charges, claims, accounts or causes of actions of any nature, whether known or unknown arising under, out of, or in connection with the terms, provisions, representations and warranties of the Agreements and any breach or other failure to pay or perform any obligations under such provisions of any of the Agreements (including, for avoidance of doubt, any claim for "stub rent").

4.    The Debtors are authorized to, and do abandon any of the Debtors' personal property located on the Premises (the "Personal Property"), and all property left at the Premises by the Debtors as of January 5, 2023 shall be deemed abandoned.  Lessor may retain or dispose of such Personal Property in its sole and absolute discretion without any liability to the Debtors or any third party; provided, however, that the following limitations apply to the Personal Property:

a. The Debtors shall not abandon any of their business, financial, or other records.

b. The Debtors shall not abandon any Personal Property that the Debtors know is not owned by the Debtors, and shall either (i) provide for the return of such property to the office of the Debtors' CEO or (ii) use their reasonable best efforts to return such property to the owner of the property; provided,

however, that the Debtors may abandon Personal Property owned by the Lessor to the Lessor.

    c.   The Debtors shall not abandon Personal Property against which the Debtors know a third party has asserted a lien, without providing notice to such party.

    d.   To the extent that the Debtors abandon any Personal Property that may contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such Personal Property before such abandonment.

    e.   The Debtors are not authorized to and do not abandon, and shall remove, any hazardous materials defined under applicable law from the Premises as and to the extent they are required to do so by applicable law.

5.     This Stipulation is the result of compromise between the Parties and neither the facts nor the terms of this Stipulation shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding arising out of or in connection with this Stipulation.

6.     This Stipulation consists the entire agreement between the Parties and supersedes all prior agreements and understandings, whether written or oral, with respect to the subject matter hereof and, except as expressly provided herein, is not intended to confer upon any person any rights or remedies hereunder.

7.     The Parties and undersigned persons represent and warrant that they have full authority to execute, deliver and perform their respective obligations under this Stipulation and that the respective Parties have full knowledge of, and consented to, this Stipulation.

8.     Each Party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

9.      This Stipulation may be executed in counterparts, any of which may be transmitted via facsimile or electronic mail, and each of which shall be deemed an original and all of which shall together constitute one and the same instrument.

10.     This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to the principles of conflicts of laws.

11.     This Stipulation may not be amended, modified, vacated or altered in any way without the prior written consent of all Parties hereto.

12.     The United States Bankruptcy Court in the District of Delaware shall retain jurisdiction over any and all disputes arising from the implementation and interpretation of this Stipulation.

13.     This Stipulation shall be binding upon (i) the Parties hereto; (ii) all of their affiliates, assigns and  successors; (iii) any liquidation trustee, plan administrator, distribution agent, and/or any other responsible person appointed pursuant to any chapter 11 plan confirmed in these cases; (iv) any chapter 11 trustee appointed in these cases and (v) any chapter 7 trustee appointed or elected in these cases.

14.     If the Court does not enter the proposed order approving this Stipulation, all rights and remedies with respect to the Lease (including any agreements related thereto) are reserved in all respects, and no action or inaction by any Party shall waive or prejudice the rights of any Party.

15.     If the Court does not enter the proposed order approving this Stipulation, the rights of the Parties will revert to the status quo in effect as of the Rejection Date, and, for the avoidance of doubt, all days from and including through and including the date that the Court determines not to approve this Stipulation shall toll and not be considered for purposes of any

deadlines or notice periods prescribed under the Motion or any agreements with respect to the Lease; including, for the avoidance of doubt, any *nunc pro tunc* relief requested by the Debtors.

16.     This Stipulation has been reviewed by the Parties hereto and their respective counsel and each of the Parties enter into this Stipulation voluntarily and without duress.  There shall be no construction of any provision against either Party, and the Parties hereto waive any statute or rule to such effect.

17.     Each Party shall cooperate and take such actions as are reasonably necessary to consummate the actions contemplated by this Stipulation and obtain approval of the Stipulation and entry of the proposed order approving this Stipulation.

18.     Notwithstanding rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation are immediately effective and enforceable upon the entry of the proposed order approving this Stipulation.

19.     This Stipulation was the product of negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

[*Signature Page Follows*]

Dated: January 7, 2023
     Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
     brown@lrclaw.com
     pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
     bromleyj@sullcrom.com
     gluecksteinb@sullcrom.com
     kranzleya@sullcrom.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

Dated: January 7, 2023
      Wilmington, Delaware

**BERGER SINGERMAN LLP**

*/s/ Paul S. Singerman*
Paul S. Singerman
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872
E-mail: singerman@bergersingerman.com

*Counsel for 1450 Brickell, LLC*