**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 26, 57, 266, 364 & 370** |

**DEBTORS' REPLY IN SUPPORT OF MOTION OF DEBTORS FOR
ENTRY OF AN ORDER EXTENDING THE TIME TO FILE (A) SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL
AFFAIRS AND (B) RULE 2015.3 FINANCIAL REPORTS**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby file this reply (the "Reply") in further support of the *Motion*

*of Debtors for Entry of an Order (I) Extending the Time to File (A) Schedules of Assets and*

*Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and*

*(II) Granting Certain Related Relief* [D.I. 26] (the "Initial Motion") and *Supplement to Motion of*

*Debtors for Entry of an Order Extending the Time to File (A) Schedules of Assets and Liabilities*

*and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports* [D.I. 266] (the

"Supplement" and together with the Initial Motion, the "Motion").[2]  On January 4, 2023, the

Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") filed an

objection to the Motion [D.I. 364] (the "UST Objection").  Also on January 4, 2023, an Ad Hoc

Committee of Customers and FTX Trading Ltd. Creditors (the "Ad Hoc Committee") filed an

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion or
the Supplement, as applicable.

objection to the Motion [D.I. 370] (the "Ad Hoc Committee Objection" and, together with the UST Objection, the "Objections").  The Objections should be overruled and the Motion, as modified, should be granted.

## Preliminary Statement

1.      The fundamental rationale behind the Debtors' request for additional time to file Schedules and Statements and 2015.3 Reports is not to evade their affirmative duty to make disclosures.  The Debtors recognize and respect the need for transparency and to provide current, historical, operational and financial information to creditors and all parties-in-interest. To that end and in an effort to address concerns raised by various parties-in-interest, the Debtors have agreed to revise their requested relief.  The Debtors will file Schedules and Statements and 2015.3 Reports for certain Debtors in connection with proposed sales no later than 10 days prior to the hearing to approve such sales and file the remaining Schedules and Statements and 2015.3 Reports by March 15, 2023.  Additionally, the Debtors will file modified monthly operating reports with disbursement details by Debtor starting at the end of January.  The Debtors understand that the Official Committee of Unsecured Creditors supports the Debtors' modified deadlines, subject to its reservations with respect to the Debtors' proposed sales.

2.      As detailed in the Initial Motion, Supplement and the Mosley Declarations,[3] sufficient "cause" exists for the Debtors' request for additional time.  Contrary to the U.S. Trustee and the Ad Hoc Committee's assertions, the requested additional time is not merely to allow the Debtors' professionals more time to prepare and verify the accuracy of the

---

[3]     *Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 57]; *Declaration of Edgar W. Mosley II in Support of Supplement to Motion of Debtors for Entry of an Order Extending Time to File (A) Schedules of Assets and Liabilities and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports* [D.I. 266, Ex. B].

4875-6236-0135 v.4

Schedules and Statements and 2015.3 Reports, more time is necessary to *access* the books and records and underlying data.  If the Debtors are compelled to file the Schedules and Statements and 2015.3 Reports by January 23, 2023, many of these would be blank for lack of information.  Furthermore, the Ad Hoc Committee's repeated, unsupported assertions that the Debtors will never be able to file accurate disclosures and therefore an extension of time to attempt to do so should be denied is baseless.  The Objections should be overruled.

<u>**Reply**</u>

**I.      The Debtors' Revised Request.**

3.      As set forth in the revised proposed order (the "<u>Revised Order</u>"), attached hereto as <u>Exhibit 1</u>,[4] the Debtors are modifying the relief requested in response to concerns raised regarding the disclosure of financial information prior to any sales and the overall length of the extension for the Debtors to file their Schedules and Statements and 2015.3 Reports.  *First*, in connection with the Debtors' proposed sales, the Debtors agree to file the relevant Schedules and Statements and 2015.3 Reports no later than 10 days prior to the hearing to approve such sales.  More specifically, if the Debtors seek to sell all or substantially all of any Debtor's assets (other than where the assets being sold are comprised solely of a Debtor's interest in a non-Debtor subsidiary), no later than ten days prior to the hearing to approve such sale, the Debtors will file Schedules and Statements of the applicable selling Debtor and if the selling Debtor is selling interests in a Debtor subsidiary, such applicable subsidiary.  Additionally, if the Debtors seek to sell any Debtor's equity interest in a non-Debtor subsidiary,

---

[4]    A redline of the Revised Order against the original Order filed with the Supplement is attached hereto as <u>Exhibit 2</u>.

no later than ten days prior to the hearing to approve such sale, the Debtors will file the 2015.3 Report with respect to such non-Debtor subsidiary.

4.      *Second,* the Debtors have reduced the overall extension to file the remaining Schedules and Statements and 2015.3 Reports by a month to March 15, 2023, in comparison to the original request of April 15, 2023, without prejudice to the Debtors' ability to request additional extensions of time.

5.      *Third*, until the Debtors file all Schedules and Statements and 2015.3 Reports and come into compliance with monthly operating reports, the Debtors propose to file a custom report, on a consolidated basis, starting at the end of January covering the Petition Date through December 31, 2022, with the following information:

- Information required on the monthly operating report cover page on a consolidated basis;
- Cash disbursements by Debtor;
- Unrestricted and restricted cash balances by Debtor;
- Approved and paid professional fees;
- A summary of postpetition taxes paid on a consolidated basis;
- A summary of assets sold or transferred (as applicable) and
- Responses to questions contained in part 7 of the monthly operating report on a consolidated basis.

Thereafter, the Debtors will file monthly operating reports on a Debtor-by-Debtor basis going forward, including retroactively for all periods from the Petition Date.

6.      The Debtors believe that this revised proposal strikes the appropriate balance of providing necessary financial disclosures on a timely basis and prior to any sale, as well as providing the Debtors and their advisors with enough time and flexibility to ensure that the disclosures are accurate and comprehensive.  Accordingly, the Debtors submit that the Motion should be granted as modified.

II.    **Cause Exists to Extend the Deadline to File the Schedules and Statements and 2015.3 Reports to March 15, 2023.**

7.     Both the U.S. Trustee and the Ad Hoc Committee object to the Debtors' requested extension of time to file the Schedules and Statements and 2015.3 Reports.  However, nothing in the Objections changes the fundamental fact that the Debtors do not have the necessary access to information to complete the Schedules and Statements and 2015.3 Reports at this time, and do not anticipate having access to such information and the ability to accurately compile these disclosures by January 23, 2023.  This is the case regardless of the "the number and size of the professional firms" the Debtors retain in these Chapter 11 Cases.  (UST Obj. ¶ 27.)  The problem is not with ability or capacity of the Debtors' professionals:  it is about access.

8.     As set forth in the Initial Motion, the Supplement and the Mosley Declarations, the Debtors commenced these Chapter 11 Cases with a dearth of reliable and trustworthy records and financial information.  The Debtors are working to obtain access to, and analyze, financial data in order to compile the Schedules and Statements and 2015.3 Reports. The Debtors do not anticipate having sufficient access to the necessary information, and being able to verify the information to ensure that the Debtors are making accurate disclosures, to comply with a January 23, 2023 deadline.  The Debtors have amended the requested deadline to file Schedules and Statements and 2015.3 Reports to March 15, 2023, without prejudice to the Debtors' ability to seek further extensions, in an effort to resolve concerns of parties-in-interest. The Debtors believe that an extension until March 15, 2023 is appropriate and justified under the unique circumstances of these Chapter 11 Cases.  (*See* Mot. ¶¶ 5-11; Supp. ¶¶ 7-9.)

9.     Moreover, in similar large cases preceded by a swift collapse of the debtors' businesses and expedited chapter 11 filings, courts have granted extensions beyond even

that requested here.  For example, in *In re Lehman Brothers Holdings Inc.*, the court extended

the deadline to file Schedules and Statements to a total of 182 days following the petition date.

*See* No. 08-13555 (MG) (Bankr. S.D.N.Y. Jan. 15, 2009), D.I. 2554.  Likewise, in *In re MF*

*Global Holdings Ltd.*, the deadline was extended for a total of 231 days.  *See* No. 11-15059

(MG) (Bankr. S.D.N.Y. May 18, 2012), D.I. 691.

10.    The U.S. Trustee also objects to the extension of the deadline to file

Schedules and Statements and 2015.3 Reports on the basis that the requested deadline could be

after the hearing on a proposed sale of a Debtor's assets of a Debtor's interests in a non-Debtor

subsidiary.  (UST Obj. ¶¶ 23-25.)  The Debtors' revised proposal is squarely responsive to this

concern and provides that the Schedules and Statements and 2015.3 Reports in respect of any

such sale will be filed no less than ten days prior to any hearing to approve any such sale.

Accordingly, the U.S. Trustee's objection on this basis should be overruled.

**III.    The Debtors Will be Able to File Accurate Schedules and Statements.**

11.    As an initial matter, the Court should not consider the Ad Hoc Committee

Objection at all.  Pursuant to Bankruptcy Rule 2019, the Ad Hoc Committee is required to file a

verified statement setting forth certain information identifying the formation and membership of

its group.  (*See* Rule 2019(b)(1).)  The Ad Hoc Committee has not filed such a statement, has not

sought relief from the Court with respect to this requirement and has not informed the Debtors of

whom it represents.[5]  Pursuant to Bankruptcy Rule 2019(e), the Court may—and should—refuse

to permit the Ad Hoc Committee to be heard on this issue due to its failure to comply with this

---

[5]    The relief requested in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors In Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals and (III) Granting Certain Related Relief* [D.I. 45] is not intended to exempt any customer or equity holder from the disclosure requirements set forth in Bankruptcy Rule 2019.  The Debtors believe that prompt compliance with Bankruptcy Rule 2019 is important, where applicable.

requirement.  Moreover, without providing this information, the Ad Hoc Committee cannot establish standing as a party-in-interest.  Its objection should be rejected on this basis alone.

12.     Even if the Court determines to consider the Ad Hoc Committee Objection, it is easily similarly dismissed on its merits.  The Ad Hoc Committee objects to the relief requested because, according to the Ad Hoc Committee, "[i]t does not appear that the Debtors will ever be able to reconcile their pre-petition books and records . . . and file accurate Schedules and Statements in their Chapter 11 Cases, and they do not say as much in the Motion, Supplement, or any of the Declarations."  (Ad Hoc Obj. ¶ 10.)  This is baseless.  The Debtors have never stated that they do not believe they will be able to file accurate Schedules and Statements or 2015.3 Reports.  The Debtors *do* believe they will be able to file accurate disclosures, they just need time to access the applicable books and records and verify the data to do so.  The Ad Hoc Committee Objection is not viewing the situation "through the prism of reality," as it suggests.  (Ad Hoc Obj. ¶ 12.)  Rather, the Ad Hoc Committee is simply inventing its own reality and spinning the Debtors' pleadings and declarations to support it.  They do not.  Respectfully, the Ad Hoc Committee is not the Debtors and has no insight into the Debtors' processes or access to the Debtors or the Debtors' advisors that would afford them such insight.  The Ad Hoc Committee's repeated, unsupported assertions regarding the Debtors' ability to file accurate disclosures is without any basis whatsoever.  Its objection should be overruled.

## Conclusion

For the reasons stated above, the Court should overrule the Objections, grant the Motion, as modified, and enter the Revised Order, attached hereto as Exhibit A.

4875-6236-0135 v.4

Dated: January 8, 2023
     Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*