# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 47, 145, 229, 388, 389 & 401** |

**DEBTORS' REPLY IN SUPPORT OF THE MOTION OF DEBTORS FOR ENTRY OF A FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) OPERATE A POSTPETITION CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BUSINESS FORMS, AND (C) PERFORM INTERCOMPANY TRANSACTIONS, (II) GRANTING A PARTIAL WAIVER OF THE DEPOSIT GUIDELINES SET FORTH IN SECTION 345(B), AND (III) GRANTING CERTAIN RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby file this reply (the "Reply") in support of the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Operate a Postpetition Cash Management System, (B) Maintain Existing Business Forms and (C) Perform Intercompany Transactions, (II) Granting a Partial Waiver of the Deposit Guidelines Set Forth in Section 346(b) and (III) Granting Certain Related Relief* [D.I. 47] (the "Motion").[2] In support of this Reply, the Debtors submit the concurrently filed declaration of Edgar W. Mosley II (the "Second Supplemental Mosley Declaration"). On December 14, 2022, Evolve Bank & Trust ("Evolve") filed a restated objection to the Motion (the "Evolve Objection"). On January 6,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

2023, Paradigm Operations LP ("Paradigm") filed a limited objection and reservation of rights regarding the Motion [D.I. 388] (the "Paradigm Objection"). On January 6, 2023, Lightspeed Strategic Partners I L.P. and Lightspeed Opportunity Fund, L.P. (collectively, the "Lightspeed Funds" and, together with Paradigm, the "Shareholder Objectors") filed a reservation of rights regarding the Motion [D.I. 389] (the "Lightspeed Funds Objection" and, together with the Paradigm Objection, the "Shareholder Objections"). On January 7, 2023, the Office of the United States Trustee (the "U.S. Trustee" and together with Evolve and the Shareholder Objectors, the "Objectors") filed a limited objection to the Motion [D.I. 401] (the "UST Objection" and, together with the Evolve Objection and Shareholder Objections, the "Objections").

**Preliminary Statement**

1.      As described in the Motion and First Day Declarations, prior to the filing of the Chapter 11 Cases, the Debtors maintained decentralized cash systems that were subject to historical cash management failures and a deficiency of documentation controls. The Debtors have requested approval of the Postpetition Cash Management System as a means to navigate the chapter 11 process and maximize distributable value to all stakeholders in an orderly and efficient manner while preserving the rights of parties-in-interest with respect to individual Debtors and the Debtor Silos.

2.      The Debtors have discussed the Postpetition Cash Management System with the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "Committee"), the U.S. Trustee, Evolve, Paradigm, the Lightspeed Funds and numerous other stakeholders, and resolved many of the potential objections and concerns. The Postpetition Cash Management System, as modified in the revised proposed final order (the "Revised Order")

attached hereto as <u>Exhibit A</u>,[3] reflects this feedback from stakeholders. Nevertheless, the elements of the Objections described below are not yet fully resolved.[4] For the reasons discussed below, the Objections should be overruled and the Postpetition Cash Management System should be approved.

## Reply

### I. The Debtors' Revised Request Substantially Addresses the Shareholder Objections

3. The Debtors have modified the relief requested in the Revised Order in response to the Shareholder Objectors' concerns regarding intercompany transfers. As a general matter, the Postpetition Cash Management System provides for substantial safeguards with respect to inter-Debtor and inter-Silo funding, including detailed record keeping and monitoring of intercompany transfers and the administrative expense status of net liabilities among Debtors or Pooling Accounts. The Revised Order grants substantial oversight and reporting rights to the Committee, which has a fiduciary duty to the creditor constituencies in each Silo and the ability to object to any proposed transfers that would unfairly or adversely impact the interests of any Debtor or Silo. Revised Order ¶ 22.

4. The Shareholder Objectors each request that intercompany obligations under the Postpetition Cash Management System accrue interest. The use of a centralized working capital pool accrues to the benefit of all Debtors, and Courts in this district routinely approve cash management systems that allow intercompany lending without interest. *See In re EHT US1, Inc. (d/b/a Eagle Hospitality Trust)*, No. 21-10036 (CSS), (June 8, 2021), D.I. 849

---

[3] A redline of the Revised Order against the original Final Order filed with the Motion is attached hereto as <u>Exhibit B</u>.

[4] The Debtors believe the additional language in ¶ 3 of the Revised Order fully resolves the Evolve Objection as to custodial accounts.

(permitting debtors to engage in intercompany transactions in the ordinary course of business without interest requirements); *In re Clover*, No. 19-12680 (KBO) (Jan. 21, 2020), D.I. 125 (same); *In re Cred*, No. 20-19836 (JTD) (Dec. 21, 2020), D.I. 268; *In re EV Energy Partners*, No. 18-10814 (CSS) (Apr. 25, 2018), D.I. 132 (same); *In re Rental Car Intermediate Holdings, LLC*, No. 20-11218 (MFW) (June 25, 2020), D.I. 586; *In re Forever 21*, No. 19-12122 (KG) (Oct. 28, 2019), D.I. 334 (same); *In re Extraction Oil & Gas*, No .20-11548 (CSS) (July 13, 2020), D.I. 237 (same).  Nevertheless, the Revised Order expressly preserves the rights of all parties-in-interest to assert that interest should be payable in connection with the settlement of obligations among the Debtors under the Postpetition Cash Management System.  Revised Order ¶ 5.

        5.       The Shareholder Objectors assert that if the Debtors seek to obtain secured DIP financing, then adequate protection or liens should be added with respect to intercompany claims.  If any third-party postpetition financing is sought, there will be requisite notice and a hearing with respect to such matters.  The Revised Order expressly reserves the rights of the Debtors to seek authority to grant such protections in connection with postpetition secured financing and the rights of any party-in-interest to be heard on such relief.  Revised Order ¶ 5.

        6.       Finally, the Shareholder Objectors each request that there be an upfront allocation of professional fees and expenses among the Debtors prior to payment.  Requiring a definitive allocation mechanism at this stage of the Chapter 11 Cases would be premature.  The Debtors are still in the process of locating and securing Debtor assets, investigating a complex history of transactions among Debtor entities and determining the best manner to monetize certain assets in order to maximize distributable proceeds for stakeholders.  The results of this process are likely to impact the determination of a fair and reasonable mechanism for allocating

shared estate expenses.  The Postpetition Cash Management System provides that the Debtors will keep detailed records to track all postpetition transactions, including intercompany and inter-Silo obligations and transactions, and will allocate the costs of shared fees and expenses across Debtors as appropriate in the Debtors' business judgment.  The Revised Order provides that the right of any party-in-interest to contest the reasonableness of such allocations is expressly reserved.  Revised Order ¶ 22(a).

7. The Debtors submit that the changes incorporated in the Revised Order, along with the prior protections in the Postpetition Cash Management System, adequately address the issues raised in the Shareholder Objections, and that they should be overruled.

## II. The Debtors May Grant Superpriority Administrative Expense Status to Postpetition Intercompany Balances

8. The UST Objection is limited solely to a novel contention that, as a matter of law, a postpetition cash management system cannot create liabilities with superpriority administrative status unless a debtor satisfies the requirements for third-party financing under Section 364 or is providing adequate protection to an existing secured party.  No case law is cited in support of this contention.  UST Objection ¶¶ 16-17.

9. The UST Objection is inconsistent with common practice.  Cash management systems for jointly administered debtors routinely provide that advances under the system have superpriority. *See In re EHT US1, Inc. (d/b/a Eagle Hospitality Trust)*, No. 21-10036 (CSS), (June 8, 2021), D.I. 849 (granting superpriority administrative expense status under Section 503(b) to postpetition intercompany transactions); *In re Mallinckrodt*, No. 20-12522 (JTD), (Nov. 19, 2020), D.I. 552 (same); *In re Bumble Bee Parent, Inc.*, No. 19-12502 (LSS) (Dec. 18, 2019), D.I. 152 (granting superpriority administrative expense status under Section 503(b) to postpetition intercompany transactions, subject to claims and liens of DIP

creditors granted senior superpriority administrative expense status); *In re Aspect Software Parent, Inc.*, No. 16-10597 (MFW) (Apr. 1, 2016), D.I. 120 (granting superpriority administrative expense status under Section 503(b) to postpetition intercompany transactions); *In re Celsius Network, LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y Oct. 21, 2022), D.I. 1152 (same); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Oct. 20, 2022), D.I. 53 (same); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. July 21, 2022), D.I. 266 (same); *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Nov. 25, 2019), D.I. 540 (same).

10. Similarly, the U.S. Trustee's objection is inconsistent with the best interests of the Debtors and a proper allocation of risk. The use of a centralized cash pool under the Postpetition Cash Management System generally benefits all Debtors by providing access to common working capital. Even Debtors that are net contributors to the centralized cash pool during the pendency of the Chapter 11 Cases will benefit from being able to access it for working capital temporarily as and when required. However, the Debtors remain separate legal entities. A well-designed cash management system must address the question – however unlikely – of what happens if a particular Debtor that is a net borrower from the common system becomes unable to pay administrative expenses. Granting superpriority status to each Debtor's liabilities to the central cash management system is a way to allocate first losses to the administrative creditors of the particular Debtor that faces an administrative shortfall, which protects the centralized system and avoids the migration of losses to the administrative creditors of *other* Debtors. The U.S. Trustee's suggested approach, on the other hand, would make it more likely that a problem at one Debtor affects creditors of the other Debtors, even if those creditors know little about the business of the troubled Debtor. The Debtors believe the U.S.

Trustee's approach is more likely to lead to unfair results and may unduly complicate any negotiations necessary to address any administrative shortfall at a particular Debtor in the unlikely event such a shortfall occurs in the future.

11. Finally, the U.S. Trustee's objection is inconsistent with how the Bankruptcy Code is normally read. The U.S. Trustee states that, because the Bankruptcy Code only discusses superpriority status in two circumstances, it prohibits any other extension of superpriority status. *See* UST Objection ¶ 16. However, where the Bankruptcy Code does not prohibit an action, the Court has the authority to grant relief that is appropriate under the circumstances. *See Law v. Siegel*, 571 U.S. 415, 421 (2014) ("Section 105(a) confers authority to 'carry out' the provisions of the Code, so long as the court is not exercising that authority by taking action that the Code prohibits.") (internal quotation marks omitted). As demonstrated by the cases cited above, courts have routinely found a basis for granting superpriority administrative status for intercompany claims outside of the strict confines of the two sections cited in the UST Objection.

12. Superpriority status for advances under the Postpetition Cash Management Systems is consistent with common practice in complex cases, sound corporate cash management policies and the Court's authority under the Bankruptcy Code. Accordingly, the Court should grant the requested relief.

## Conclusion

For the reasons stated above, the Court should overrule the Objections, grant the Motion as modified and enter the Revised Order.

| | |
|---|---|
| Dated: January 8, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>        brown@lrclaw.com<br>        pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>        bromleyj@sullcrom.com<br>        gluecksteinb@sullcrom.com<br>        kranzleya@sullcrom.com<br><br>*Proposed Counsel for the Debtors*<br>*and Debtors-in-Possession* |