# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref No. 282** |

## ORDER AUTHORIZING PROCEDURES TO RETAIN, COMPENSATE AND REIMBURSE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors

and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order")

authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary

course of business in accordance with the OCP Procedures; and this Court having jurisdiction to

consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of

Reference* from the United States District Court for the District of Delaware, dated February 29,

2012; and this Court being able to issue a final order consistent with Article III of the United

States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant

to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion

and the relief requested therein has been provided in accordance with the Bankruptcy Rules and

the Local Rules, and that, except as otherwise ordered herein, no other or further notice is

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled

on the merits; and a hearing having been held to consider the relief requested in the Motion and

upon the record of the hearing and all of the proceedings had before this Court; and this Court

having found and determined that the relief set forth in this Order is in the best interests of the

Debtors and their estates; and that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to retain and pay reasonable fees and

expenses, subject to the applicable OCP Caps, for the services of various professionals listed on

Exhibit 1 attached hereto in the ordinary course of their businesses (each, an ordinary course

professional or "OCP" and, collectively, the "OCPs"),[3] subject to compliance with the OCP

Procedures.

3.      The following procedures (the "OCP Procedures") for the retention of

OCPs are hereby approved:

(a)     Each OCP shall provide the Debtors' attorneys with a declaration
        of disinterestedness (each, a "Declaration"), substantially in the
        form attached hereto as Exhibit 2 to the Order.  The Debtors shall
        file a copy of the OCP's Declaration with the Court within 30 days
        following the latter of (i) entry of the Order or (ii) the
        commencement of services for a Debtor, and serve, or cause to be
        served, a copy on the following parties (collectively, the "Notice
        Parties"): (i) the U.S. Trustee and (ii) counsel to the Committee.

(c)     The Notice Parties and other parties-in-interest shall have 14 days
        after the filing of a Declaration or such longer period agreed by the

---

[3]     Except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors
        pursuant to separate orders of the Court.

Debtors (the "<u>Retention Objection Deadline</u>") to object to the retention of such OCP.  Any objecting party shall file its objection with the Court and serve the same upon the Notice Parties, the Debtors' attorneys and the relevant OCP on or before the Retention Objection Deadline.  If an objection cannot be consensually resolved within 10 days after the Retention Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreed to by the parties.  The Debtors shall not be authorized to retain or pay such OCP until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

(d)    If no objection is received by the expiration of the Retention Objection Deadline with respect to an OCP, the retention of such OCP shall be deemed approved and the Debtors shall be authorized to retain and pay such OCP in accordance with the OCP Procedures effective as of the Petition Date or the date on which such OCP commenced services, as applicable, without further order from the Court.

(e)    The Debtors are authorized, without formal applications being filed with the Court, to pay a retained OCP 100% of such OCP's postpetition fees and disbursements after such OCP submits to the Debtors an invoice setting forth in reasonable detail the nature of the services rendered; *provided*, *however*, that (i) each OCP's fees set forth on <u>Annex 1</u> to <u>Exhibit 1</u> to the Order, excluding costs and disbursements, may not exceed $200,000 per month on average over a rolling three-month period (the "<u>Tier 1 OCP Cap</u>"), (ii) the fees of each OCP set forth on <u>Annex 2</u> to <u>Exhibit 1</u> to the Order, excluding costs and disbursements, may not exceed $100,000 per month on average over a rolling three-month period (the "<u>Tier 2 OCP Cap</u>") and (iii) the fees of each OCP set forth on <u>Annex 3</u> to <u>Exhibit 1</u> to the Order, excluding costs and disbursements, may not exceed $50,000 on average over a rolling three-month period (the "<u>Tier 3 OCP Cap</u>" and, together with the Tier 1 OCP Cap and Tier 2 OCP Cap, the "<u>OCP Caps</u>").  The Debtors reserve the right to seek to amend the OCP Caps set forth in this paragraph, and the OCP Cap to which any OCP is subject, following 14 days' notice to the parties to which the Debtors are providing notice of the Motion; *provided* that the Debtors shall not be authorized to amend the OCP Cap until any outstanding objections with respect to such amendment have been withdrawn, resolved or overruled by order of the Court.

(f)    In the event that the fees and expenses sought by a retained OCP exceeds the OCP Cap, such OCP shall file a fee application (a "Fee Application") for compensation and reimbursement of the entire amount sought during the relevant period(s) in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any other procedures and orders of the Court, and any OCP that is an attorney shall make reasonable efforts to the comply with the U.S. Trustee's requests for information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective November 1, 2013*. The U.S. Trustee and the Committee reserve the right to request that any OCP who is regularly exceeding the applicable OCP Cap be the subject of a retention application pursuant to section 327 of the Bankruptcy Code.

(g)    Each Fee Application shall be served upon the Notice Parties. The Notice Parties shall then have 20 days to object to the Fee Application. If, after 20 days, no objection is filed, the fees and expenses requested in the Fee Application shall be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses without the need for further action from such OCP.

(h)    Within 30 calendar days after the end of, and with respect to, each full three month period after the Petition Date (including any initial partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement that includes the following information with respect to each OCP: (i) the name of the OCP; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses by that OCP for each month during the reported quarter; and (iii) a general description of the services rendered by such OCP Professional.

(i)    The Debtors reserve the right to retain additional OCPs (the "Additional OCPs") from time to time during these Chapter 11 Cases by (i) including such OCPs on an amended version of Exhibit 1 that is filed with the Court and served on the Notice Parties and (ii) having such OCPs comply with the OCP Procedures.

4.    Except for law firms that represented the Debtor prior to the Petition Date and that have been employed pursuant to this Order, all OCPs shall, once their employment is

-4-

effective pursuant to this Order, be deemed to have waived any and all prepetition claims they may have against the Debtors.

5.       Nothing contained in this Order shall alter the Debtors' or other parties'-in-interest ability to dispute any invoice submitted by an OCP, and nothing contained in this Order shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the applicable OCP Caps, subject to the rights of any party-in-interest to oppose any such request.

6.       The form of the Declaration attached hereto as <u>Exhibit 2</u> is approved.

7.       This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

8.       The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9.       Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors or of any claims or causes of action which may exist against any OCP, or shall impair the ability of the Debtors to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Order.

10.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____, 2022
      Wilmington, Delaware

                                            _____

The Honorable John T. Dorsey
United States Bankruptcy Judge

4858-4740-8454 v.7

**EXHIBIT 1**

**Ordinary Course Professionals List**

**Annex 1**

**Ordinary Course Professionals List Subject to Tier 1 OCP Cap Amount**

| Name | Professional Services | Work Description |
|---|---|---|
| Anderson Mori & Tomotsune | Legal | Japanese local counsel providing support regarding Japanese local law |
| Antis Triantafyllides & Sons LLC | Legal | Cyprus local counsel providing support regarding Cyprus local law |
| BlackOak LLC | Legal | Singapore local counsel providing support regarding Singapore local law |
| Covington & Burling LLP | Legal | Pool counsel |
| King & Wood Mallesons | Legal | Hong Kong local counsel providing support regarding Hong Kong local law |
| Lenz & Staehelin | Legal | Switzerland local counsel providing support regarding Switzerland local law |
| Peter D. Maynard, Counsel & Attorneys | Legal | Bahamas local counsel providing support regarding Bahamas local law |
| Walkers (Cayman) LLP | Legal | British Virgin Islands/Cayman Islands local counsel providing support regarding British Virgin Islands/Cayman Islands local law |

**Annex 2**

**Ordinary Course Professionals List Subject to Tier 2 OCP Cap Amount**

| Name | Professional Services | Work Description |
|---|---|---|
| Clayton Utz | Legal | Australia local counsel providing support regarding Australia local law |
| Durukan Fadillioglu Attorney Partnership, DBA Durukan+Partners | Legal | Turkey local counsel providing support regarding Turkey local law |
| Lowenstein Sandler LLP | Legal | Counsel on broker dealer matters |
| McCarthy Tétrault LLP | Legal | Canada local counsel providing support regarding Canada local law |
| Thomas, John & Weste | Legal | Antigua local counsel providing support regarding Antigua local law |

4858-4740-8454 v.7

**Annex 3**

**Ordinary Course Professionals List Subject to Tier 3 OCP Cap Amount**

| Name | Professional Services | Work Description |
|---|---|---|
| Ali Budiardjo Nugroho Reksodiputro Counsellors at Law | Legal | Indonesia local counsel providing support regarding Indonesia local law |
| Appleby | Legal | Seychelles local counsel providing support regarding Seychelles local law |
| Arias, Fábrega & Fábrega | Legal | Panama local counsel providing support regarding Panama local law |
| Arthur Cox LLP | Legal | Ireland local counsel providing support regarding Ireland local law |
| Bowmans | Legal | South Africa local counsel providing support regarding South Africa local law |
| Gorriceta Africa Cauton & Saavedra | Legal | Philippines local counsel providing support regarding Philippines local law |
| Harneys | Legal | |
| Hadef & Partners LLC | Legal | United Arab Emirates local counsel providing support regarding United Arab Emirates local law |
| Kim & Chang | Legal | South Korea local counsel providing support regarding South Korea local law |
| Lexcomm Vietnam LLC | Legal | Vietnam local counsel providing support regarding Vietnam local law |
| Olaniwun Ajayi LP | Legal | Nigeria local counsel providing support regarding Nigeria local law |
| Schurti Partners Attorneys at Law Ltd | Legal | Liechtenstein local counsel providing support regarding Liechtenstein local law |
| Shardul Amarchand Mangaldas & Co | Legal | India local counsel providing support regarding India local law |
| TSN Limited | Legal | Gibraltar local counsel providing support regarding Gibraltar local law |

**<u>EXHIBIT 2</u>**

**Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## <u>DECLARATION</u>

I, _____, declare under penalty of perjury:

1.      I am a [POSITION] of [FIRM], located at [STREET, CITY, STATE, ZIP CODE, COUNTRY] (the "<u>Firm</u>").

2.      FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3.      This Declaration is submitted in compliance with the *Order Authorizing Procedures to Retain, Compensate and Reimburse Professionals Utilized in the Ordinary Course of Business* (the "<u>OCP Order</u>"), which I have reviewed.  I understand the limitations on compensation and reimbursement under such OCP Order.

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

4858-4740-8454 v.7

4.      The Firm [HAS/HAS NOT] provided services to the Debtors prior to the Petition Date.  [The Firm has provided the following services since [INSERT MONTH AND YEAR WORK STARTED]: [INSERT DESCRIPTION OF SERVICES].]

5.      The Debtors have requested, and the Firm has agreed, to provide services to the Debtors, and the Firm has consented to provide such services (the "Services").  The Services include, without limitation, the following: [INSERT DESCRIPTION OF SERVICES TO BE RENDERED AND, IF SERVICES ARE LEGAL SERVICES, SPECIF AREA OF LAW].

6.      In the ordinary course of business, the Firm maintains a database for the purpose of performing conflicts checks.  The Firm's database contains information regarding present and past engagements.  I obtained the attached list of key parties-in-interest from the Debtors for the purpose of searching the aforementioned database and determining the connection(s) which the Firm and/or its employees has/have with such parties.  The Firm's search of the database identified the following connections: [INSERT DESCRIPTION].

7.      To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any attorney or employee thereof (i) has any connection with the Debtors or (ii) currently represents (or previously represented) any of their creditors, other parties-in-interest, the U.S. Trustee or any person employed by the U.S. Trustee with respect to the Debtors or the matters upon which it is to be engaged.  Additionally, the Firm, its attorneys and employees do not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters upon which the Firm is to be employed, except as disclosed above.  [IF THE FIRM IS NOT A LAW FIRM: The Firm does

-2-

not hold or represent an interest adverse to the estate and is a "disinterested person," as that term

is defined in 11 U.S.C. § 101(14).]

8.      Neither I, nor any principal, partner, director, officer of, or professional

employed by the Firm has agreed to share or will share any portion of the compensation to be

received from the Debtors with any other person other than the principals and regular employees

of the Firm.

9.      The Firm's current customary [HOURLY] rates, subject to change from

time to time, are $_____.  In the normal course of business, the Firm revises its regular

[HOURLY] rates on ___ of each year and requests that effective ___ of each year, the

aforementioned rates be revised to the regular [HOURLY] rates which will be in effect at that

time.  The Firm shall seek reimbursement of only actual and necessary expenses and other

charges incurred by the Firm, and shall not exceed the amounts allowed for copying or facsimile

transmissions set forth in Local Rule 2016-2(e)(iii).

10.      The Debtors owe the Firm $_____ for prepetition services, the payment

of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§

101 *et seq.*  [As of the Petition Date, the Firm held a prepetition retainer of $_____.   In the

event the Firm's employment is authorized, the Firm will apply the outstanding retainer balance

as fees and expenses become due pursuant to the OCP Procedures.]  [IF THE FIRM IS NOT A

LAW FIRM: To the extent that the Debtors have not already paid such amounts to the Firm, the

Firm has agreed to waive any such unpaid amount for services rendered prior to the Petition

Date.]  [IF THE FIRM IS A LAW FIRM: The Firm understands that it must file a proof of claim

for such fees and expenses unless the amount thereof is properly listed in the Debtors' schedules

of liabilities and is not designated therein as contingent, unliquidated or disputed.]

11.     The Firm [DOES / DOES NOT] keep time records in one-tenth of an hour increments in the ordinary course of business.  [IF THE FIRM DOES NOT KEEP TIME IN ONE-TENTH OF AN HOUR INCREMENTS, PLEASE EXPLAIN HOW TIME RECORDS ARE KEPT.]

12.     [IF THE FIRM IS NOT A LAW FIRM: The Firm received the following payments/transfers from the Debtors during the year period prior to the Petition Date: (list in spreadsheet/grid format: (i) invoice date, (ii) invoice amount, (iii) date(s) of service covered by invoice; (iv) payment date; and (v) payment amount.  Retainers/draws thereon should be specifically notes as such.)]

13.     As of the Petition Date, the Firm [WAS / WAS NOT] party to a services agreement with the Debtors.  [To the extent that such services agreement contains material terms which are not disclosed in the text of this Declaration, a copy of such agreement is attached as an exhibit to this Declaration.]

14.     The Firm understands that any compensation/reimbursement paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

15.     [The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

-4-

Dated: _____, _____        _____

                                                          [DECLARANT]

4858-4740-8454 v.7

**Key Parties-in-Interest List**