# **Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. 156 |

### ORDER AUTHORIZING THE ASSUMPTION OF, AND ENTRY INTO, THE CUSTODIAL SERVICES AGREEMENTS

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing Debtor West Realm Shires Inc., in its sole discretion, to assume the Prepetition Custodial Services Agreement, (b) authorizing certain of the Debtors, in their sole discretion, to enter into the Postpetition Custodial Services Agreements and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to enter into the Postpetition Custodial Services Agreements pursuant to section 363(b) of the Bankruptcy Code. The Debtors are authorized to act and perform in accordance with the terms of the Postpetition Custodial Services Agreements, *nunc pro tunc* to November 11, 2022.

3. Debtor West Realm Shires Inc. is authorized to assume the Prepetition Custodial Services Agreement pursuant to section 365(a) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date. Debtor West Realm Shires Inc. is authorized to act and perform in accordance with the terms of the Prepetition Custodial Services Agreement.

4. The Custodial Services Agreements and any related agreements, documents, or instruments may be modified, supplemented, or waived by the parties thereto in accordance with the terms thereof, in each case without further order of the Court.

5. Each Debtor is authorized to make its applicable portion of all payments due to the Custodian under the Custodial Services Agreement, including the one-time Upfront

Fee of $5,000,000 and the Monthly Fee equal to an amount representing the average US dollar value for select Digital Assets (as agreed to by Custodian) held over the course of a month, multiplied by 1.5 basis points.

6. The Debtors are not authorized to store fiat currency with the Custodian.

7. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

9. Nothing in this Order shall constitute a finding of fact or conclusion of law that any Digital Asset is or is not property of the Debtors' bankruptcy estates. The rights of all customers and parties-in-interest with respect to the foregoing determinations are fully reserved.

10. The Debtors shall maintain records with respect to all deposits and transfers of Digital Assets and shall provide such records to the Committee's advisors, upon request.

11. This Order does not modify any rights or interests of non-Debtor FTX Digital Markets Ltd. in any Digital Assets or other property held or to be held by the Custodian pursuant to the terms of the Custodial Services Agreement.

12. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

13. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____  
      Wilmington, Delaware

_____  
The Honorable John T. Dorsey  
United States Bankruptcy Judge