# **Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. 286 |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") establishing procedures for monthly compensation and reimbursement of expenses for Professionals; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069474.}

4858-6051-5910 v.8

held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the ~~relief set forth in this Order is in the best interests of the Debtors and their estates; and that the~~ legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

        IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    Except as may otherwise be provided in an order of the Court authorizing the retention of a specific professional, the Professionals retained pursuant to an order of the Court in these Chapter 11 Cases may seek compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "<u>Compensation Procedures</u>"):

    a.    On or after the 15th day of each month following the month for which compensation is sought or as soon as practicable thereafter, each Professional seeking compensation ~~may submit~~<u>shall file</u> a monthly fee statement (each, a "<u>Monthly Statement</u>") <u>and serve such Monthly Statement</u> by electronic mail, where available or where electronic mail is not available, by first-class mail, on the following parties (each a "<u>Notice Party</u>" and collectively, the "<u>Notice Parties</u>"): (i) proposed counsel to the Debtors, (a) ~~-~~ Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com); (ii) counsel to ~~any Official Committee; (iii)~~ <u>the Committee, (a) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com), Erez Gilad (erezgilad@paulhastings.com) and Gabriel Sasson (gabesasson@paulhastings.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com); (iii)</u> the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov); and (iv) any fee examiner appointed in these Chapter 11 Cases.

---

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

b. Any Professional who does not file a Monthly Statement for a particular month may subsequently ~~submit~~file a consolidated Monthly Statement for such month(s).

c. Each Monthly Statement shall describe and itemize the fees and expenses incurred within such period, together with (a) a summary setting forth the total amount of fees; (b) each Professional's (and paraprofessional's) hourly rate, if applicable; (c) time entries for each Professional (redacted or modified to protect any privileged information); (d) total time and fees; and (e) the amount of reimbursable expenses sought. Each Monthly Statement shall comply with the requirements of Local Rule 2016-2(c)-(g).

d. In the event that a Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, such Notice Party shall, no later than 4:00 p.m. (Prevailing Eastern Time) 20 days after service of the applicable Monthly Statement (the "Objection Deadline"), serve upon the Professional whose Monthly Statement is objected to and the other Notice Parties a written "Notice of Objection to Monthly Statement," setting forth with specificity the nature of the objection and the amount of fees or expenses at issue. Thereafter, the objecting party and the professional whose Monthly Statement is objected to shall attempt to reach an agreement. If the parties are unable to reach an agreement on the objection within 14 days (or such longer period as mutually agreed to by the Professional and the objecting party), the objecting party shall file an objection (the "Objection") with the Court within three days and serve such objection on the Notice Parties and the Professional. After receipt of such Objection, the Professional whose Monthly Statement is objected to shall have the option of (a) filing a response to the Objection with a request for payment of the disputed amount with the Court, or (b) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider the Objection if payment of the disputed amount is requested.

e. Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Statement (each, a "CNO"). After a CNO is filed, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement that are not subject to an Objection.

f. If a Notice of Objection to a Monthly Statement is served and the parties resolve their dispute, the parties shall notify the Debtors of the resolution, and the Professional shall file a Certification of Counsel ("COC") with the Court. After a COC is filed, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the

      expenses of the agreed amount; *provided that* no payment shall be made prior to the expiration of the Objection Deadline.

g.     The first Monthly Statement may be submitted by each of the Professionals on or after the date of entry of the Order, and shall cover the period from the Petition Date through November 30, 2022.

h.     Beginning with the period ending January 31, 2023, and thereafter at three month intervals or at such other intervals convenient to the Court (each, an "<u>Interim Fee Period</u>"), each Professional shall file with the Court and serve on the Notice Parties a request for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Statements submitted during such Interim Fee Period (each, an "<u>Interim Application</u>").  Each Interim Application shall identify the Professional seeking compensation, disclose the period for which the payment of compensation and reimbursement of expenses is sought, and describe the amount of compensation and expenses sought. Objections, if any, to an Interim Application shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day following service of the Interim Application.

i.     Each Professional shall file and serve its Interim Application within 45 days after the conclusion of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.  The first Interim Application shall cover the time between the Petition Date through and including January 31, 2023, and shall be filed on or before March 17, 2023.  <u>Each Interim Application shall comply with the requirements of Local Rule 2016-2(c)-(g).</u>

j.     The Debtors will request that the Court schedule a hearing on Interim Applications at least once every three months or at such other intervals as the Court deems appropriate.  The Court, in its discretion, may approve an uncontested Interim Application without the need for a hearing upon the filing of an appropriate CNO and/or COC.  Upon allowance by the Court of a Professional's Interim Application, the Debtors shall promptly pay such Professional all ~~requested~~<u>allowed</u> fees, including the 20% holdback and any other fees and expenses allowed by the Court but not previously paid, subject to final allowance by the Court.

k.     ~~Upon the earlier of the conclusion of a Professional's employment by the Debtors and confirmation of a chapter 11 plan, such Professional shall file a final fee application (the "Final Application" and together with the Interim Applications, the "Applications") seeking final Court approval of the compensation and reimbursement of expenses requested during these Chapter 11 Cases.~~ All fees paid and expenses reimbursed to a Professional under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

-5-

~~l.~~     ~~The Debtors will request that the Court schedule a hearing on the Final Applications. The Court, it in its discretion, may approve an uncontested Final Application without the need for a hearing upon the filing of an appropriate CNO. Upon allowance by the Court of a Professional's Final Application, the Debtors shall promptly pay such Professional all requested fees and expenses not previously paid.~~

~~m.~~l.    Copies of all Monthly Statements ~~and~~, Interim Applications and final fee applications ("Final Applications") need only be served upon the Notice Parties. Parties that have entered their appearance pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a notice of ~~any hearing thereon~~(i) filing of an Interim Application or Final Application and (ii) any hearing on any Monthly Statement, Interim Application or Final Application.

~~n.~~m.    The pendency of an application or Court order stating that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement or Application shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

~~o.~~n.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professional.

~~p.~~o.    Each member of an Official Committee is permitted to submit statements of reasonable, out-of-pocket expenses incurred in the performance of the duties of such Official Committee (excluding third-party counsel expenses of individual Official Committee members) and supporting vouchers to the respective Official Committee's counsel, which counsel will collect and file the Official Committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

~~q.~~p.    Each Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, in connection with each such attorney's Interim ~~Fee Application and/or Final Fee Application~~Application and Final Application, and shall provide their billing records (detailed time entries and expenses) for the time period covered by each Interim Application and Final Application in LEDES format or other open and searchable electronic data format to the U.S. Trustee, any fee examiner or fee auditor appointed in the chapter 11 cases, and upon request, to this Court.

-6-

3. The Professionals shall not seek reimbursement of any fees or costs arising from the defense of their fee applications in the above-captioned cases.

3.4. No Professional may file or serve a Monthly Statement or file or serve an Interim Application until the Court enters an order approving the retention of such Professional pursuant to section 327 or 1103 of the Bankruptcy Code.

4.5. The Debtors shall include all payments to all Professionals in their monthly operating reports, identifying the amount paid to each Professional.

6. The Debtors shall be jointly and severally liable for allowed fees and expenses of the Professionals.

5.7. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

6.8. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

7.9. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.10. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern.

9.11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

-7-

Dated: _____
        Wilmington, Delaware

        The Honorable John T. Dorsey
        United States Bankruptcy Judge