# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. 269 |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER AUTHORIZING AND APPROVING (I) THE EMPLOYMENT AND RETENTION OF OWL HILL ADVISORY, LLC AND (II) THE DESIGNATION OF JOHN J. RAY III AS CHIEF EXECUTIVE OFFICER *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the Debtors' motion (this "Motion")[2] for entry of an order pursuant to sections 105(a), 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), authorizing and approving (i) the employment and retention of Owl Hill Advisory, LLC ("Owl Hill"), pursuant to the terms and conditions of that certain letter agreement between Owl Hill and FTX Trading Ltd. dated as of November 10, 2022 (the "Engagement Letter"), *nunc pro tunc* to the Petition Date and (ii) the designation of John J. Ray III as the Chief Executive Officer ("CEO") of the Debtors *nunc pro tunc* to the Petition Date; the Court having reviewed the Motion and the Declaration of John J. Ray III, which is annexed to the Motion as Exhibit B, and the Supplemental Declaration of John J. Ray III; and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court being satisfied that Owl Hill neither holds nor represents any interest adverse to the Debtors' estates, and that apart from the employment of John J. Ray III as CEO to

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

the Debtors, Owl Hill is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code and that the employment of Owl Hill is necessary and in the best interests of the Debtors and their estates; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §157(b)(2)(A), and venue being proper in this district pursuant to 28 U.S.C. § 1409, and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and sufficient notice of the Motion and the Hearing having been given in accordance with the Bankruptcy Rules and Local Rules; and it appearing that no other or further notice need be provided; and this Court having determined that the relief set forth in this Order is just and proper; and after due deliberation and sufficient cause appearing therefor, it is ORDERED that:

1. The Motion is GRANTED as modified herein.

2. The Debtors are hereby authorized to (i) engage Owl Hill on the terms described in the Motion and Engagement Letter, *nunc pro tunc* to the Petition Date[3] and (ii) designate John J. Ray III as the CEO of the Debtors *nunc pro tunc* to the Petition Date, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibits related thereto, including but not limited to the Engagement Letter, to the contrary:

   (a) Owl Hill and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

   (b) In the event any Debtor seeks to have Owl Hill personnel assume executive officer positions that are different than the position disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or

---

[3] November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

expanding the scope of the engagement, the Debtors shall file a motion to modify the retention.

(c) No principal, employee or independent contractor of Owl Hill and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(d) Owl Hill shall file with the Court, and provide notice to the United States Trustee (the "U.S. Trustee") and all official committees, on a monthly basis, a report of staffing on the engagement for the previous month, including the names and functions filled of the individuals assigned (a "Staffing Report"). Parties-in-interest shall have 14 days after the date each Staffing Report is served to object to such Staffing Report. The Staffing Report shall be subject to review by the Court in the event an objection is filed.

(e) Owl Hill shall file with the Court, and provide notice to the U.S. Trustee and all official committees, on a monthly basis, a report of compensation earned and expenses incurred for the previous month, including a summary which describes the services provided, identifies the compensation earned by each executive officer and staff employee provided, and itemizes the expenses incurred (a "Compensation Report"). Time records shall be appended to the Compensation Reports and contain detailed time entries describing the task(s) performed. The time entries shall identify the time spent completing tasks in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for such tasks. Parties-in-interest shall have 14 days after the date each Compensation Report is served to object to such Compensation Report. The

    Debtors may pay all compensation and expenses detailed in each Compensation Report for which no objection is received within such 14-day period. In the event an objection is raised and not consensually resolved, the portion of the Compensation Report objected to shall be subject to review by the Court. No payments shall be made to Owl Hill until the objection period has passed, and in the event an objection is raised, no payment shall be made to Owl Hill on account of the portion of such Compensation Report objected to until such objection is resolved. The Debtors may file each monthly Staffing Report and each monthly Compensation Report as one joint single report.

(f) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought by Owl Hill or Mr. Ray upon conversion of these Chapter 11 Cases, dismissal of these Chapter 11 Cases for cause, or appointment of a trustee.

(g) The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers insurance policies.

(h) There shall be no indemnification of Owl Hill or its affiliates.

(i) For a period of three years after the conclusion of the engagement, neither Owl Hill nor any of its affiliates shall make any investments in the Debtors or any reorganized Debtors.

(j) Owl Hill shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties-in-interest. The obligation to disclose identified in this subparagraph is a continuing obligation. Within fourteen (14) days after any qualified bid deadline in these cases, Owl Hill will disclose through a supplemental declaration any connection between it, its affiliates, and/or any individuals working on the engagement and all bidders to the extent not disclosed prior to entry of this Order.

(k) Owl Hill shall be deemed to have waived, and shall not raise or assert any defense, based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to Owl Hill's engagement in these Chapter 11 Cases.

(l) Neither Owl Hill nor any of its employees or affiliates shall destroy or abandon any documents or information, whether in paper or electronic format, relating to the Debtors, absent further order of the Court, upon a motion on notice to parties-in-interest, including all regulatory agencies.

(m) Owl Hill shall apply any retainer remaining at the time of the termination of its services against amounts due at that time, and promptly pay to the Debtors' estates any retainer remaining after such application.

(n) To the extent that Owl Hill uses the services of independent contractors, subcontractors, or employees of affiliates (collectively, the "Contractors") in these Chapter 11 Cases, Owl Hill shall pass through the cost of such Contractors to the Debtors at the same rate that Owl Hill pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Owl Hill; and (iv) file with this Court disclosures pertaining to such Contractors of the kind required by Bankruptcy Rule 2014.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the applicability of Bankruptcy Rule 6004(h).

5. To the extent that this Order is inconsistent with the Motion, or any of its attachments, including but not limited to the Engagement Letter, the terms of this Order shall govern.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____
      Wilmington, Delaware

      _____
      The Honorable John T. Dorsey
      United States Bankruptcy Judge

4884-4787-6934 v.3