**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Nos. 46, 150 & 399** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY
CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS, FOREIGN
VENDORS, 503(B)(9) CLAIMANTS AND LIEN CLAIMANTS, (II) AUTHORIZING
ALL FINANCIAL INSTITUTIONS TO HONOR ALL RELATED PAYMENT
REQUESTS AND (III) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Final Order") (a) authorizing the Debtors to pay the prepetition claims of (i) Critical Vendors, (ii) Foreign Vendors, (iii) 503(b)(9) Claimants and (iv) Lien Claimants, (b) granting administrative expense priority to all undisputed obligations on account of Outstanding Orders, (c) authorizing applicable banks and other financial institutions to honor and process related checks and transfers and (d) granting certain related relief; and this Court having entered the *Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors, Foreign Vendors, 503(b)(9) Claimants and Lien Claimants, (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Authorizing All Financial Institutions to Honor All Related Payment Requests and (IV) Granting Certain Related Relief* [D.I. 150]; and this Court having jurisdiction to consider the Motion pursuant to

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

4872-1504-7743 v.9

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized to pay all or some of the prepetition Critical Vendor Claims, as the Debtors determine to be necessary or appropriate based on the Critical Vendor Criteria, in a final amount not to exceed $13.0 million; *provided* that any payment of a Critical Vendor Claim shall require the authorization of the Chief Executive Officer and the Debtors shall provide two business days' notice to the U.S. Trustee and counsel to the Official Committee of Unsecured Creditors (the "Committee") prior to making any payment in excess of $250,000 in the aggregate to any single Critical Vendor.  If a timely objection is received, the

Debtors shall not make the payment to the Critical Vendor and shall confer in good faith with the objector(s) to reach resolution. In the event the parties are unable to reach a consensual resolution, the Debtors may request a hearing on any such objection to be scheduled on a date subject to the Court's availability that is not less than seven business days from such request. The Debtors are not authorized to pay any Critical Vendor Claims held by non-foreign vendors that are bound by an executory contract to continue to supply goods or services to the Debtors, except for claims falling under section 503(b)(9) of the Bankruptcy Code.

3. The Debtors are authorized to pay all or some of the Foreign Vendor Claims, as the Debtors determine to be necessary or appropriate; *provided* that any payment in excess of $50,000 in the aggregate to a Foreign Vendor shall require authorization of the Chief Executive Officer and the Debtors shall provide three business days' notice to the U.S. Trustee and counsel to the Committee prior to making any payment in excess of $150,000 in the aggregate to any single Foreign Vendor. If a timely objection is received, the Debtors shall not make the payment to the Foreign Vendor and shall confer in good faith with the objector(s) to reach resolution. In the event the parties are unable to reach a consensual resolution, the Debtors may request a hearing on any such objection to be scheduled on a date subject to the Court's availability that is not less than seven business days from such request.

4. The Debtors are authorized to pay all or some of the 503(b)(9) Claims, as the Debtors determine to be necessary or appropriate, in an amount not to exceed $200,000.

5. The Debtors are authorized to pay all or some of the Lien Claims, as the Debtors determine to be necessary or appropriate, in an amount not to exceed $200,000.

6. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Final Order, including the following information: (i) the name of the payee; (ii) the nature of the goods or services provided by the

payee; (iii) the amount of the payment; (iv) the category or type of payment, as further described and classified in the Motion; (v) the Debtor or Debtors that made the payment; and (vi) the payment date.  The Debtors shall provide a copy of such matrix/schedule to the Committee's advisors, on a "Professionals' Eyes Only" basis unless otherwise agreed by the Debtors and the Committee (in accordance with the Committee's bylaws), as soon as reasonably practicable and thereafter every 30 days beginning upon entry of this Final Order.

7. The Debtors shall provide not less than three business days' advance notice to the Committee's advisors before making a payment pursuant to this Final Order (i) to any party on account of any Trade Claim or Outstanding Order that exceeds by $100,000 or more the estimated amount payable on account of such Trade Claim or Outstanding Order as disclosed to the Committee's advisors by the Debtors' advisors on or about December 30, 2022 or (ii) to any party not previously disclosed by the Debtors' advisors to the Committee's advisors on account of any Trade Claim or Outstanding Order that exceeds $100,000.  Such advance notice shall contain (i) the name of the payee; (ii) the nature of the goods or services provided by the payee; (iii) the amount of the payment; (iv) the category or type of payment, as further described and classified in the Motion; (v) the Debtor or Debtors that will make the payment; and (vi) the reason for the amount of the proposed payment exceeding the estimate or not previously being disclosed, as applicable.

8. In return for payment of the Trade Claims in the ordinary course of business, each Vendor whose Trade Claim is paid by the Debtors pursuant to this Final Order is hereby required to continue to provide goods and services to the Debtors on terms that are consistent with the historical trade terms between the parties or on such other terms as the Debtors, in consultation with the Committee, may approve (such terms, the "Customary Trade Terms").  The Customary Trade Terms shall apply for the remaining term of the Vendor's

4

agreement with the Debtors, as long as the Debtors agree to pay for such goods in accordance with such terms.

9. If any Vendor accepts payment on account of a Trade Claim and thereafter does not continue to provide goods or services to the Debtors on Customary Trade Terms, any such payment shall be deemed an unauthorized avoidable postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either (a) recover from the Vendor in cash or goods or (b) at the Debtors' option, apply against any outstanding administrative claim held by such Vendor. Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered, less the Debtors' reasonable costs to recover such amounts. The Debtors are hereby authorized to obtain written verification before issuing payment to a Vendor that such Vendor will continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Vendor's agreement with the Debtors; *provided, however*, that the absence of such written verification will not limit the Debtors' rights hereunder.

10. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Final Order.

11. In accordance with this Final Order (or other order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion are authorized to (a) receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to,

on or subsequent to the Petition Date, without any duty to inquire otherwise and without any liability for following the Debtors' instructions.

12. Nothing in the Motion or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors or of any claims or causes of action which may exist against any Vendor, or shall impair the ability of the Debtors to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Final Order.

13. Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

14. The Debtors are not authorized to pay the claims of any insider (as such term is defined in section 101(31) of the Bankruptcy Code), employees, or professional persons (as such term appears in section 327(a) of the Bankruptcy Code) pursuant to this Final Order.

15. The Debtors shall serve this Final Order on the affected Vendors.

16. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

17. This Final Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

18. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Final Order.

**Dated: January 9th, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

7