IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 282 & 414 |

**ORDER AUTHORIZING PROCEDURES TO RETAIN,
COMPENSATE AND REIMBURSE PROFESSIONALS
UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of business in accordance with the OCP Procedures; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

4858-4740-8454 v.7

necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to retain and pay reasonable fees and expenses, subject to the applicable OCP Caps, for the services of various professionals listed on Exhibit 1 attached hereto in the ordinary course of their businesses (each, an ordinary course professional or "OCP" and, collectively, the "OCPs"),[3] subject to compliance with the OCP Procedures.

3. The following procedures (the "OCP Procedures") for the retention of OCPs are hereby approved:

    (a) Each OCP shall provide the Debtors' attorneys with a declaration of disinterestedness (each, a "Declaration"), substantially in the form attached hereto as Exhibit 2 to the Order. The Debtors shall file a copy of the OCP's Declaration with the Court within 30 days following the latter of (i) entry of the Order or (ii) the commencement of services for a Debtor, and serve, or cause to be served, a copy on the following parties (collectively, the "Notice Parties"): (i) the U.S. Trustee and (ii) counsel to the Committee.

    (c) The Notice Parties and other parties-in-interest shall have 14 days after the filing of a Declaration or such longer period agreed by the

---

[3] Except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of the Court.

4858-4740-8454 v.7

Debtors (the "Retention Objection Deadline") to object to the retention of such OCP. Any objecting party shall file its objection with the Court and serve the same upon the Notice Parties, the Debtors' attorneys and the relevant OCP on or before the Retention Objection Deadline. If an objection cannot be consensually resolved within 10 days after the Retention Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreed to by the parties. The Debtors shall not be authorized to retain or pay such OCP until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

(d)    If no objection is received by the expiration of the Retention Objection Deadline with respect to an OCP, the retention of such OCP shall be deemed approved and the Debtors shall be authorized to retain and pay such OCP in accordance with the OCP Procedures effective as of the Petition Date or the date on which such OCP commenced services, as applicable, without further order from the Court.

(e)    The Debtors are authorized, without formal applications being filed with the Court, to pay a retained OCP 100% of such OCP's postpetition fees and disbursements after such OCP submits to the Debtors an invoice setting forth in reasonable detail the nature of the services rendered; *provided*, *however*, that (i) each OCP's fees set forth on Annex 1 to Exhibit 1 to the Order, excluding costs and disbursements, may not exceed $200,000 per month on average over a rolling three-month period (the "Tier 1 OCP Cap"), (ii) the fees of each OCP set forth on Annex 2 to Exhibit 1 to the Order, excluding costs and disbursements, may not exceed $100,000 per month on average over a rolling three-month period (the "Tier 2 OCP Cap") and (iii) the fees of each OCP set forth on Annex 3 to Exhibit 1 to the Order, excluding costs and disbursements, may not exceed $50,000 on average over a rolling three-month period (the "Tier 3 OCP Cap" and, together with the Tier 1 OCP Cap and Tier 2 OCP Cap, the "OCP Caps"). The Debtors reserve the right to seek to amend the OCP Caps set forth in this paragraph, and the OCP Cap to which any OCP is subject, following 14 days' notice to the parties to which the Debtors are providing notice of the Motion; *provided* that the Debtors shall not be authorized to amend the OCP Cap until any outstanding objections with respect to such amendment have been withdrawn, resolved or overruled by order of the Court.

-3-

    (f)    In the event that the fees and expenses sought by a retained OCP exceeds the OCP Cap, such OCP shall file a fee application (a "Fee Application") for compensation and reimbursement of the entire amount sought during the relevant period(s) in compliance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any other procedures and orders of the Court, and any OCP that is an attorney shall make reasonable efforts to the comply with the U.S. Trustee's requests for information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases, effective November 1, 2013*. The U.S. Trustee and the Committee reserve the right to request that any OCP who is regularly exceeding the applicable OCP Cap be the subject of a retention application pursuant to section 327 of the Bankruptcy Code.

    (g)    Each Fee Application shall be served upon the Notice Parties. The Notice Parties shall then have 20 days to object to the Fee Application. If, after 20 days, no objection is filed, the fees and expenses requested in the Fee Application shall be deemed approved, and the OCP may be paid 100% of its fees and 100% of its expenses without the need for further action from such OCP.

    (h)    Within 30 calendar days after the end of, and with respect to, each full three month period after the Petition Date (including any initial partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement that includes the following information with respect to each OCP: (i) the name of the OCP; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses by that OCP for each month during the reported quarter; and (iii) a general description of the services rendered by such OCP Professional.

    (i)    The Debtors reserve the right to retain additional OCPs (the "Additional OCPs") from time to time during these Chapter 11 Cases by (i) including such OCPs on an amended version of Exhibit 1 that is filed with the Court and served on the Notice Parties and (ii) having such OCPs comply with the OCP Procedures.

4.    Except for law firms that represented the Debtor prior to the Petition Date and that have been employed pursuant to this Order, all OCPs shall, once their employment is

effective pursuant to this Order, be deemed to have waived any and all prepetition claims they may have against the Debtors.

5. Nothing contained in this Order shall alter the Debtors' or other parties'-in-interest ability to dispute any invoice submitted by an OCP, and nothing contained in this Order shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the applicable OCP Caps, subject to the rights of any party-in-interest to oppose any such request.

6. The form of the Declaration attached hereto as Exhibit 2 is approved.

7. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

8. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors or of any claims or causes of action which may exist against any OCP, or shall impair the ability of the Debtors to contest or seek relief under any section of the Bankruptcy Code in respect of the validity and amount of any payment made pursuant to this Order.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

**Dated: January 9th, 2023**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE