## **EXHIBIT 1**

**Equity Procedures**

**PROCEDURES FOR TRANSFERS OF, OR DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO, COMMON STOCK AND PREFERRED STOCK**

Acquisitions and dispositions of Beneficial Ownership of Common Stock and Preferred Stock in violation of the Equity Procedures set forth below shall be void *ab initio*, and the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

The following procedures apply to transfers of Common Stock and Preferred Stock:[1]

a.      Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve, via mail and, if an email address is listed, email, upon (i) proposed counsel to the Debtors, Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com); (ii) proposed co-counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com); and (iii) counsel to the official committee of unsecured creditors appointed in the Chapter 11 Cases (the "Committee"), Paul Hastings LLP, 200 Park Ave, New York, NY 10166, Attn: Kris Hansen (krishansen@paulhastings.com), Erez Gilad (erezgilad@paulhastings.com) and Gabe Sasson (gabesasson@paulhastings.com) (collectively, the "Notice Parties"), a declaration of such status, substantially in the form of Exhibit 1A attached to the Equity Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (a) 30 calendar days after the date of the Notice of Interim Order (as defined herein), or (b) 14 calendar days after becoming a Substantial Shareholder.

b.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in an increase in the amount of Common Stock or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, substantially in the form of Exhibit 1B attached to the Equity Procedures (each, a "Declaration of Intent to Accumulate Common Stock or Preferred Stock").

c.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in a decrease in the amount of Common Stock or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, substantially in the form of Exhibit 1C attached to the Equity Procedures (each, a "Declaration of Intent to Transfer Common Stock or Preferred Stock," and together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, each, a "Declaration of Proposed Transfer").

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

    d.      The Debtors and the Committee shall have 15 business days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors and/or the Committee file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors and/or the Committee or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and/or the Committee do not object within such 15-business-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 15-business-day waiting period for each Declaration of Proposed Transfer.  To the extent that a Declaration of Proposed Transfer is filed and the Debtors determine in their business judgment not to object to the proposed transaction described in such Declaration of Proposed Transfer, the Debtors shall provide notice of such determination as soon as is reasonably practicable (and in any event no later than ten (10) business days after the filing of such Declaration of Proposed Transfer) to counsel to the Committee.

    e.      For purposes of the Equity Procedures:  (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least: (A) 4.75% of all issued and outstanding shares of Common Stock of the applicable NOL Debtor or (B) 4.75% of all issued and outstanding shares of Preferred Stock of the applicable NOL Debtor;[2] (ii) "<u>Beneficial Ownership</u>" shall be determined in accordance with the applicable rules of Section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option to acquire; and  (iii) an "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

The following procedures apply to declarations of worthlessness with respect to Common Stock or Preferred Stock:

    a.      Any person or entity that currently is or becomes a 50% Shareholder (as defined below) must file with the Court, and serve upon the Notice Parties, a notice of such status, in the form of <u>Exhibit 1D</u> attached to the Equity Procedures, on or before the later of (i) 14 calendar days after the date of

---

[2]    As used in the Equity Procedures, "shares" shall include all forms of equity interests with respect to the applicable NOL Debtor, including shares of capital stock, partnership interests, membership interests, participations and other equivalents.

the Notice of Interim Order and (ii) 14 calendar days after becoming a 50% Shareholder.

b.      At least 28 days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the Common Stock or Preferred Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder must file with the Court, and serve upon the Notice Parties, an advance written notice in the form of Exhibit 1E attached to the Equity Procedures (a "Declaration of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

c.      The Debtors and the Committee will have 15 business days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 15-business-day period, and while any objection by the Debtors and/or the Committee to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Declaration of Intent to Claim a Worthless Stock Deduction relates and thereafter in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors and/or the Committee do not object within such 15-business-day period, the filing of the tax return with such claim would be permitted as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-business-day waiting period.  To the extent that a Declaration of Intent to Claim a Worthless Stock Deduction is filed and the Debtors determine in their business judgment not to object to the proposed transaction described in such Declaration of Intent to Claim a Worthless Stock Deduction, the Debtors shall provide notice of such determination as soon as is reasonably practicable (and in any event no later than ten (10) business days after the filing of such Declaration of Intent to Claim a Worthless Stock Deduction) to counsel to the Committee.

d.      For purposes of the procedures a "50% Shareholder" is any person or entity that is or becomes a "50-percent shareholder" with respect to the Common Stock or the Preferred Stock within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations.

## NOTICING AND OTHER PROCEDURES

The following notice procedures apply to the foregoing Equity Procedures:

a.      No later than two business days following entry of the Interim Order, the Debtors shall serve by first class mail a notice, substantially in the form of Exhibit 2 attached to the Interim Order (the "Notice of Interim Order"), on: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) the parties identified on the Debtors' consolidated list of 50 largest unsecured creditors; (iii) all holders of record (with instructions to serve down to the beneficial owners, if applicable) of Common Stock; (iv) counsel to any statutory committee appointed in these Chapter 11

Cases; and (v) all parties who, as of the filing of the Interim Order, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order as well as counsel to the Committee.

b.      Within five business days after receiving a Notice of Interim Order or Notice of Final Order, as applicable, all holders of record (with instructions to serve down to the beneficial owners, if applicable) of Common Stock or Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered holder holds such Common Stock or Preferred Stock down the chain of ownership.

c.      Any entity or broker or agent acting on such entity's or individual's behalf who sells in excess of approximately 4.75% of all issued and outstanding shares of Common Stock or Preferred Stock to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

d.      To the extent confidential information relating to an individual's contact information or taxpayer identification number is required in any declaration described in these Equity Procedures, such confidential information may be filed and served in redacted form; *provided, however*, that any such declarations served on the Debtors and the Committee **shall not** be in redacted form.  The Debtors and the Committee shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided, however*, that the Debtors and the Committee may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## **EXHIBIT 1A**

**Declaration of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a

Substantial Shareholder with respect to the common stock or equity interests or any Beneficial

Ownership thereof (the "Common Stock") and/or the preferred stock or equity interests or any

Beneficial Ownership thereof (the "Preferred Stock") of **[name of Debtor(s)]**.[3] **[Name of**

**Debtor(s)]** is a debtor and debtor-in-possession in Case No. 22-11068 (JTD) pending in the

United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2022, the

undersigned party currently has Beneficial Ownership of _____ [shares] of

[Common Stock][Preferred Stock].   The following table sets forth the date(s) on which the

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least: (A) 4.75% of all issued and outstanding shares of Common Stock of the applicable NOL Debtor or (B) 4.75% of all issued and outstanding shares of Preferred Stock of the applicable NOL Debtor; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

[3]    Select applicable Debtors among West Realm Shires Inc., Alameda Research LLC, Hilltop Technology Services LLC, Clifton Bay Investments LLC, Deck Technologies Holdings LLC, Paper Bird Inc. and Blockfolio, Inc. (the "NOL Debtors").

undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Debtor Name | Number of Shares or Equity Interests | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the "<u>Order</u>"), this declaration (this "<u>Declaration</u>") is being filed with the Court and served upon the Notice Parties (as defined in the Order), on or before the later of (a) 30 calendar days after the date of the Notice of Interim Order (as defined in the Interim Order), or (b) 14 calendar days after becoming a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalty of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

_____

(Name of Substantial Shareholder)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ _____, 20___

_____, _____

(City)          (State)

## EXHIBIT 1B

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF INTENT TO ACCUMULATE
## COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of the common stock or equity interests or any Beneficial Ownership thereof (the "Common Stock") and/or the preferred stock or equity interests or any Beneficial Ownership thereof (the "Preferred Stock") of [**name of Debtor(s)**][3]. [**Name of Debtor(s)**] is a debtor and debtor-in-possession in Case No. 22-11068 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least: (A) 4.75% of all issued and outstanding shares of Common Stock of the applicable NOL Debtor or (B) 4.75% of all issued and outstanding shares of Preferred Stock of the applicable NOL Debtor; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

[3]   Select applicable Debtors among West Realm Shires Inc., Alameda Research LLC, Hilltop Technology Services LLC, Clifton Bay Investments LLC, Deck Technologies Holdings LLC, Paper Bird Inc. and Blockfolio, Inc. (the "NOL Debtors").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____

__, 2022, the undersigned party filed a declaration of status as a Substantial Shareholder with the

Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has

Beneficial Ownership of _____ [shares] of [Common Stock][Preferred Stock].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer,

the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial

Ownership of _____ [shares] of [Common Stock][Preferred Stock] or an Option with

respect to _____ [shares] of [Common Stock][Preferred Stock].  If the Proposed Transfer is

permitted to occur, the undersigned party will have Beneficial Ownership of _____

[shares] of [Common Stock][Preferred Stock] after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order*

*(I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of*

*Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the "Order"), this

declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties

(as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the

undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer

unless and until the undersigned party complies with the Equity Procedures set forth therein, that

any attempt to do so in violation of the Equity Procedures shall be void *ab initio*, and that the

sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or

such other (or additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 15 business days

after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors

file an objection, such Proposed Transfer will remain ineffective unless such objection is

withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 15-business-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock and/or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank]*

Respectfully submitted,

_____

(Name of Declarant)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ _____, 20___

_____, _____

(City)           (State)

# **EXHIBIT 1C**

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF INTENT TO TRANSFER
## COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of common stock or equity interests or any Beneficial Ownership thereof (the "Common Stock") and/or the preferred stock or equity interests or any Beneficial Ownership thereof (the "Preferred Stock") of [**name of Debtor(s)**][3]. [**Name of Debtor(s)**] is a debtor and debtor-in-possession in Case No. 22-11068 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]  For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least: (A) 4.75% of all issued and outstanding shares of Common Stock of the applicable NOL Debtor or (B) 4.75% of all issued and outstanding shares of Preferred Stock of the applicable NOL Debtor; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

[3]  Select applicable Debtors among West Realm Shires Inc., Alameda Research LLC, Hilltop Technology Services LLC, Clifton Bay Investments LLC, Deck Technologies Holdings LLC, Paper Bird Inc. and Blockfolio, Inc. (the "NOL Debtors").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2022, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ [shares] of [Common Stock][Preferred Stock].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ [shares] of [Common Stock][Preferred Stock] or an Option with respect to _____ [shares] of [Common Stock][Preferred Stock].  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ [shares] of [Common Stock][Preferred Stock].

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain */Final Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Equity Procedures set forth therein, that any attempt to do so in violation of the Equity Procedures shall be void *ab initio*, and that the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 15 business days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is

withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 15-business-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

       **PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock and/or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank]*

Respectfully submitted,

_____

(Name of Declarant)

By: _____
_____

Name: _____
_____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

Dated: _____ _____, 20____

_____, _____

(City)            (State)

**<u>EXHIBIT 1D</u>**

**Declaration of Status as 50% Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF STATUS AS A 50% SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50%

Shareholder with respect to the common stock or equity interests or any Beneficial Ownership

thereof (the "Common Stock") and/or the preferred stock or equity interests or any Beneficial

Ownership thereof (the "Preferred Stock") of **[name of Debtor(s)]**[3].  **[Name of Debtor(s)]** is a

debtor and debtor-in-possession in Case No. 22-11068 (JTD) pending in the United States

Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ ___, 2022, the

undersigned party currently has Beneficial Ownership of _____ [shares] of [Common

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]  For purposes of this Declaration: (i) "50% Shareholder" is any person or entity that is or becomes a "50-percent shareholder" within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

[3]  Select applicable Debtors among West Realm Shires Inc., Alameda Research LLC, Hilltop Technology Services LLC, Clifton Bay Investments LLC, Deck Technologies Holdings LLC, Paper Bird Inc. and Blockfolio, Inc. (the "NOL Debtors").

Stock][Preferred Stock].  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Debtor Name | Number of Shares or Equity Interests | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*(Attach additional page or pages if necessary)*

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order) on or before the later of (i) 14 calendar days after the date of the Notice of Interim Order (as defined in the Interim Order) and (ii) 14 calendar days after becoming a 50% Shareholder.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

_____

(Name of 50% Shareholder)

By: _____
_____

Name: _____
_____

Address: _____
_____

_____
_____

Telephone: _____

Facsimile: _____

Dated: _____ _____, 20___

_____, _____

(City)            (State)

## **EXHIBIT 1E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction with respect to one or more shares of common stock or equity interests or any Beneficial Ownership thereof (the "Common Stock") and/or the preferred stock or equity interests or any Beneficial Ownership thereof (the Preferred Stock") of [**name of Debtor(s)**][3] (the "Proposed Worthlessness Claim"). [**Name of Debtor(s)**] is a debtor and debtor-in-possession in Case No. 22-11068 (JTD).

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2022, the undersigned party filed a declaration of status as a 50% Shareholder with the Court and served copies thereof as set forth therein.

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    For purposes of this Declaration: (i) a "50% Shareholder" is any person or entity that is or becomes a "50-percent shareholder" within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

[3]    Select applicable Debtors among West Realm Shires Inc., Alameda Research LLC, Hilltop Technology Services LLC, Clifton Bay Investments LLC, Deck Technologies Holdings LLC, Paper Bird Inc. and Blockfolio, Inc. (the "NOL Debtors").

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ [shares] of [Common Stock][Preferred Stock].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare for [federal][state] tax purposes that _____ shares of [Common Stock][Preferred Stock] became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Worthlessness Claim unless and until the undersigned party complies with the Equity Procedures set forth therein, that any attempt to do so in violation of the Equity Procedures shall be void *ab initio*, and that the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have 15 business days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final order of the Bankruptcy Court that becomes non-appealable.  If the Debtors do not object within such 15-business-day period, then

after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

       **PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating, or selling, trading or otherwise transferring Beneficial Ownership of additional shares of Common Stock and/or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

_____

(Name of Declarant)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ _____, 20\_\_\_

_____, \_\_\_\_\_
(City)         (State)