**<u>EXHIBIT 1</u>**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 268** |

### STIPULATION REGARDING MUTUAL LEASE TERMINATION
### WITH THE METROPOLITAN SQUARE ASSOCIATES LLC
### FOR PREMISES LOCATED AT 655 15TH STREET, N.W., WASHINGTON, D.C. 20005

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") and The Metropolitan Square Associates LLC ("Lessor," and together with the Debtors, the "Parties"), by and through their respective undersigned counsel, hereby stipulate (the "Stipulation") as follows:

WHEREAS, on August 3, 2022, Debtor West Realm Shires Inc. ("Lessee") and Lessor entered into a lease for nonresidential real property (the "Lease") located at 655 15th Street, N.W., Washington, D.C. 20005 (the "Premises");

WHEREAS, the Lease expires in accordance with its terms on or about August 1, 2028;

WHEREAS, on November 14, 2022 (the "Petition Date"), Lessee filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code");

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

WHEREAS, the Debtors, in exercise of their business judgment, have determined that they do not have a continuing need for the Premises and that the Lease adds no value to the Debtors' estates;

WHEREAS, on December 21, 2022, the Debtors filed with the Court the *Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to (I) Reject Certain Unexpired Leases Effective as of the Rejection Date and (II) Abandon Personal Property, if any, Associated Therewith* [D.I. 268] (the "Motion");

WHEREAS, the Motion seeks to reject, among others, the Lease;

WHEREAS, upon the rejection of the Lease, the Lessor would be entitled to file an unsecured claim (the "Rejection Claim") against Lessee in an amount to be determined pursuant to section 502(b) of the Bankruptcy Code, which Rejection Claim could be substantially larger than the Allowed Unsecured Claim (defined below);

WHEREAS, the Parties engaged in good faith, arm's length negotiations in an attempt to consensually resolve matters arising from the Debtors' proposed rejection of the Lease, including the Rejection Claim; and

WHEREAS, the Parties have reached an agreement that the Lease should be rejected as of December 21, 2022, subject to the terms and conditions of this Stipulation.

NOW, THEREFORE, the Parties, by and through their respective representatives, hereby agree, subject to Court approval, as follows:

1.      The Lease, as well as any agreements, amendments, changes, orders, supplements, waivers and side letters related thereto (collectively, the "Agreements"), shall be deemed rejected and mutually terminated as of December 21, 2022.

-2-

2.      The Parties agree that, in exchange for the rejection and mutual

termination of the Agreements:

    a.  Lessor shall waive (a) all amounts of the Rejection Claim in excess of $31,981, (b) all claims for postpetition rent and/or "stub" rent under the Lease (c) all attorney's fees and costs associated with the negotiation and entry into this Stipulation and (d) any breach or other failure to pay or perform any obligations under the provisions of any of the Agreements. Lessor shall have an allowed unsecured claim against Lessee in the amount of $31,981 (the "Allowed Unsecured Claim"), which claim shall not be subject to objection, challenge or subordination by any Debtor, any successor thereto or any other party-in-interest in the Debtors' chapter 11 cases (the "Cases").

    b.  Lessor shall not be required to file any proof of claim in the Cases with respect to the Allowed Unsecured Claim.

    c.  The Lessor shall be entitled to retain the security deposit of $31,981 deposited by the Debtors in connection with the Lease and, upon the effectiveness of this Stipulation, shall be authorized to set off such amount against the Allowed Unsecured Claim without need for further relief from the Bankruptcy Court.

3.      The Debtors are authorized to abandon any of the Debtors' personal

property located on the Premises (the "Personal Property"); *provided* that:

    a.  The Debtors shall not abandon any of their business, financial, or other records.

    b.  The Debtors shall not abandon any Personal Property that the Debtors know is not owned by the Debtors, and shall either (i) provide for the return of such property to the office of the Debtors' CEO or (ii) use their reasonable best efforts to return such property to the owner of the property; provided, however, that the Debtors may abandon Personal Property owned by the Lessor to the Lessor.

    c.  The Debtors shall not abandon Personal Property against which the Debtors know a third party has asserted a lien, without providing notice to such party.

    d.  To the extent that the Debtors abandon any Personal Property that may contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall

-3-

remove the Confidential Information from such Personal Property before such abandonment.

e.  The Debtors are not authorized to and do not abandon, and shall remove, any hazardous materials defined under applicable law from the Premises as and to the extent they are required to do so by applicable law.

4.      All property left at the Premises by the Debtors as of the date of this Stipulation shall be deemed abandoned Personal Property of the Debtors, and the Debtors represent and warrant to Landlord that they are authorized to abandon such Personal Property pursuant to this Stipulation.  Lessor may retain or dispose of such Personal Property in its sole and absolute discretion without any liability to the Debtors or any third party.

5.      The automatic stay provisions of the Bankruptcy Code are deemed modified to implement and effectuate this Stipulation without need for further relief from the Bankruptcy Court.

6.      This Stipulation is the result of settlement negotiations and compromise between the Parties and neither the contents of such negotiations, nor the recitals and terms of this Stipulation, shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Stipulation.

7.      This Stipulation consists the entire agreement between the Parties and, upon Court approval thereof, supersedes all prior agreements and understandings, whether written or oral, with respect to the subject matter hereof and, except as expressly provided herein, is not intended to confer upon any person any rights or remedies hereunder.

8.      The Parties and undersigned persons represent and warrant that they have full authority to execute, deliver and perform their respective obligations under this Stipulation and that the respective Parties have full knowledge of, and consented to, this Stipulation.

-4-

9.      This Stipulation may be executed in counterparts, any of which may be transmitted via facsimile or electronic mail, and each of which shall be deemed an original and all of which shall together constitute one and the same instrument.

10.      This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to the principles of conflicts of laws.

11.      This Stipulation may not be amended, modified, vacated or altered in any way without the prior written consent of all Parties hereto.

12.      The United States Bankruptcy Court in the District of Delaware shall retain jurisdiction over any and all disputes arising from the implementation and interpretation of this Stipulation.

13.      This Stipulation shall be binding upon (i) the Parties hereto; (ii) all of their affiliates, assigns and  successors; (iii) any liquidation trustee, plan administrator, distribution agent, and/or any other responsible person appointed pursuant to any chapter 11 plan confirmed in the Cases; (iv) any chapter 11 trustee appointed in the Cases; (v) any chapter 7 trustee appointed or elected in the Cases and (vi) all parties-in-interest in the Cases.

14.      If the Court does not enter the proposed order approving this Stipulation, all rights and remedies with respect to the Lease (including any agreements related thereto) and the Rejection Claim are reserved in all respects, and no action or inaction by any Party shall waive or prejudice the rights of any Party.

15.      If the Court does not enter the proposed order approving this Stipulation on or before the 45th day after the date hereof, (a) this Stipulation shall terminate, *provided* that paragraphs 6 through 12 and 14 through 18 hereof shall survive the termination of this Stipulation, and (b) the rights of the Parties otherwise will revert to the status quo in effect as of

the date hereof.  All days between the date hereof through (and including) the date that the Court determines not to approve this Stipulation shall toll and not be considered for purposes of any deadlines or notice periods prescribed under the Motion, any bar date order or any agreements with respect to the Lease; including, for avoidance of doubt, any *nunc pro tunc* relief requested by the Debtors.  Any bar date applying to Lessor's claims (whether administrative or prepetition), in each case shall be set at least 14 days after the termination of this Stipulation.

16.     This Stipulation has been reviewed by the Parties hereto and their respective counsel and each of the Parties enter into this Stipulation voluntarily and without duress.  There shall be no construction of any provision against either Party, and the Parties hereto waive any statute or rule to such effect.

17.     Notwithstanding rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation are immediately effective and enforceable upon the entry of the proposed order approving this Stipulation.

18.     This Stipulation was the product of negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

*[Signature Page Follows]*

-6-

Dated: January 9, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          gluecksteinb@sullcrom.com
          kranzleya@sullcrom.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*

Dated: January 9, 2023
       Wilmington, Delaware

**SIMPSON THACHER & BARTLETT**

*/s/ David Zylberberg*
David Zylberberg
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
E-mail: david.zylberberg@stblaw.com


*Counsel for The Metropolitan Square Associates LLC*

-8-