# **Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. 268 |

**ORDER AUTHORIZING THE DEBTORS TO (I) REJECT
CERTAIN UNEXPIRED LEASES EFFECTIVE AS OF
THE REJECTION DATE AND (II) ABANDON PERSONAL
PROPERTY, IF ANY, ASSOCIATED THEREWITH**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to (i) reject certain unexpired leases of nonresidential real property for certain premises set forth on Exhibit 1 to the Order, effective as of the Rejection Date, and (ii) abandon Personal Property, if any, associated therewith; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, each of the Leases set forth on <u>Exhibit 1</u> attached hereto is rejected *nunc pro tunc* to, and effective as of, the date set forth in the column labeled "Rejection Date."

3. Each Lease counterparty shall have until the date fixed by this Court in these Chapter 11 Cases pursuant to Bankruptcy Rule 3003(c)(3) to file any and all claims for damages arising from the Debtors' rejection of the Leases.

4. Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon the Personal Property, if any, that may be located on the leased premises and all such property is deemed abandoned as of the Rejection Date. The applicable counterparty to each Lease may utilize or dispose of such Personal Property in its sole discretion without further notice or liability to any party (including the Debtors) claiming an interest in such abandoned property. The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition of any such abandoned Personal Property; provided, however, that the following limitations apply to abandonment of any Personal Property:

   a. The Debtors shall not abandon any of their business, financial, or other records.

{1368.002-W0069463.} 1

b. The Debtors shall not abandon any Personal Property that the Debtors know is not owned by the Debtors, and shall either (i) provide for the return of such property to the office of the Debtors' CEO or (ii) use their reasonable best efforts to return such property to the owner of the property; provided, however, that the Debtors may abandon Personal Property owned by a landlord to the landlord at the applicable Premises.

c. The Debtors shall not abandon Personal Property against which the Debtors know a third party has asserted a lien, without providing notice to such party.

d. To the extent that the Debtors propose to abandon any Personal Property that may contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such Personal Property before such abandonment.

e. The Debtors are not authorized to abandon, and are directed to remove, any hazardous materials defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law.

5. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6. Nothing in this Order shall impair, prejudice, waive or otherwise affect any rights of the Debtors and their estates to assert that any claims for damages arising from the Debtors' rejection of the Leases is limited to any remedies available under any applicable termination provisions of such rejected Leases, or that any such claims are obligations of a third party, and not those of the Debtors or their estates.

7. All rights and defenses of the Debtors and any Lease counterparty are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.

8. The Debtors and their estates do not waive any claims that they may have against any Lease counterparty, whether or not such claims arise under, are related to, or are independent of the Leases.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority or amount of any particular claim against a Debtor entity; (b) a promise or requirement to pay any particular claim; or (c) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

10. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

11. The requirements in Bankruptcy Rule 6006 are satisfied.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
       Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

# **EXHIBIT 1**

**Leases**

| Debtor Counterparty | Non-Debtor Counterparty | Non-Debtor Counterparty Address | Name of Contract | Rejection Date |
|---|---|---|---|---|
| ~~West Realm Shires Inc.~~ | ~~1450 Brickell, LLC~~ | ~~1450 Brickell Avenue, Suite 1450, Miami, Florida 33131 Attn: Building Manager~~ ~~With a copy to:~~ ~~Amkin Management 1450 Brickell Avenue, Suite 1450, Miami, Florida 33131 Attn: Asset Manager~~ | ~~Office Lease Agreement, dated October 26, 2022~~ | ~~December 21, 2022~~ |
| ~~West Realm Shires Inc.~~ | ~~The Metropolitan Square Associates LLC~~ | ~~c/o Boston Properties~~ ~~2200 Pennsylvania Avenue NW, Suite 200W, Washington, DC 20037~~ ~~Attn: Regional Counsel,~~ ~~With a copy to:~~ ~~Boston Properties, 800 Boylston Street, Suite 1900, Boston, Massachusetts 02199-8103 Attn: General Counsel~~ | ~~Lease, dated August 3, 2022~~ | ~~December 21, 2022~~ |
| West Realm Shires Services Inc. (D/B/A FTX US) | 101 Second Street, Inc. | Hines 101 Second Street, Suite 1225 San Francisco, CA 94105 Attn: Property Manager With a copy to: 101 Second Street, Inc. c/o Invesco Real Estate 101 California Street, Suite 1800 San Francisco, CA 94111 Attn: Kevin Pirozzoli And a copy to: Shartsis Friese LLP One Maritime Plaza, 18th Floor San Francisco, CA 94111 Attn: Scott Schneider/Kathleen Keeler Bryski | Lease, dated January 5, 2022 | ~~December 21, 2022~~January 11, 2023 |
| West Realm Shires Inc. (D/B/A FTX.US) | W-SF Goldfinger Owner VIII, L.L.C | W-SF Goldfinger Owner VIII, L.L.C. 917 W. Washington Blvd., Suite 308 Chicago, Illinois 60607 Attention: Legal Notices Email: 167notices@shapack.com With a copy via email to: notices@strategicleasinglaw.com | Office Lease Agreement, dated September 10, 2021 | December 21, 2022 |
| ~~West Realm Shires,~~ | | | | |

~~{1368.002-W0069463.}~~ 2

| Debtor Counterparty | Non-Debtor Counterparty | Non-Debtor Counterparty Address | Name of Contract | Rejection Date |
|---|---|---|---|---|
| ~~Inc. (D/B/A FTX)~~ | ~~Brickell Owner LLC~~ | ~~Brickell Owner LLC Attn: Managing Director~~ ~~1111 Brickell Avenue, Suite 165 Miami, Florida 33133~~ ~~With copies to: Parkway Property Investments Attn: General Counsel 800 N. Magnolia Avenue, Suite 1625 Orlando, Florida 32803~~ ~~Eola Capital LLC Attn: Managing Director 800 N. Magnolia Avenue, Suite 1625 Orlando, Florida 32803~~ | ~~Commercial Lease, dated October 18, 2021~~ | ~~December 21, 2022~~ |
| FTX Digital Holdings (Singapore) Pte Ltd | The Executive Centre Singapore Pte Ltd | Level 11, Marina Bay Financial Centre Tower 1 8 Marina Blvd. Singapore, Singapore 018981 | Exclusive Workspace License Agreement, dated August 20, 2021 | December 21, 2022 |