## EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX Trading LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 135 & 333** |

## ORDER APPROVING STIPULATION BETWEEN THE DEBTORS AND MIAMI-DADE COUNTY

Upon consideration of the *Stipulation for Resolution of Miami-Dade County's Motion for Stay Relief and Debtors' Motion to Reject* (the "Stipulation"),[2] attached hereto as Exhibit 1, by and among FTX Trading Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors") and Miami-Dade County, a political subdivision of the State of Florida ("Miami-Dade County", and together with the Debtors, the "Parties"); and this Court having jurisdiction to consider the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having reviewed the Stipulation; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Stipulation is hereby APPROVED;

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtor's claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

{1368.002-W0069646.}

2. The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified solely to the extent necessary to permit the termination of that certain Naming Rights Agreement as set forth in the Stipulation.

3. The Parties are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order and to perform their respective obligations under the Stipulation;

4. The relief from the automatic stay shall be effective immediately upon entry of this Order and the 14-day stay provided in Bankruptcy Rule 4001(a)(3) shall not apply.

5. The terms and provisions of the Stipulation shall immediately be effective and enforceable upon entry of this Order.

6. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order and the Stipulation.

Dated: _____  
       Wilmington, Delaware

_____  
The Honorable John T. Dorsey  
United States Bankruptcy Judge

# EXHIBIT 1

## Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX Trading LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Nos. 135 & 333** |

### STIPULATION FOR RESOLUTION OF MIAMI-DADE COUNTY'S MOTION FOR STAY RELIEF AND DEBTORS' MOTION TO REJECT

This stipulation (the "Stipulation") is entered into by and between FTX Trading Ltd., and its affiliated debtors and debtors-in-possession, including West Realm Shires Services, Inc. ("WRSS") (collectively, the "Debtors") and Miami-Dade County, a political subdivision of the State of Florida ("Miami-Dade County," and together with the Debtors, the "Parties"). The Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

### RECITALS

A.  On November 11, 2022 and November 14, 2022, the Debtors commenced cases (these "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). These Chapter 11 Cases are pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and are being jointly administered under Case No. 22-11068 (JTD).

B.  Pursuant to that certain Naming Rights Agreement (including any related agreements, amendment, changes, orders, supplements, waivers and side letters related thereto) (the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtor's claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069646.}

"Naming Rights Agreement"), dated as of March 31, 2021 by and among Miami-Dade County and Debtor WRSS, Miami-Dade County sold the naming rights and other sponsorship rights associated with the Arena (as defined in the Naming Rights Agreement).

C.    On November 22, 2022, Miami-Dade County filed its motion for *Relief from the Automatic Stay to Terminate the Naming Rights Agreement* [D.I. 135] (the "Miami-Dade County Motion"), seeking an order providing relief from the automatic stay, pursuant to section 362(d) of the Bankruptcy Code, in order to terminate the Naming Rights Agreement.

D.    The Debtors filed the *Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Rejection Date* on December 30, 2022 [D.I. 333] (the "Debtors' Motion"), seeking to reject, among others, the Naming Rights Agreement, effective as of December 30, 2022. The Debtors' Motion is currently scheduled to be heard on February 8, 2023.

E.    The Parties have agreed, subject to Court approval, to consensually resolve the Miami-Dade County Motion and the Debtors' Motion, solely as it relates to the Naming Rights Agreement, on the terms and conditions set forth herein.

**NOW, THEREFORE, IT IS STIPULATED THAT:**

1.    The Parties agree that the Naming Rights Agreement is hereby terminated as of December 30, 2022.

2.    The Debtors agree to the modification of the stay imposed by section 362(a) of the Bankruptcy Code solely to the extent necessary to permit the termination of the Naming Rights Agreement as set forth herein.

3.    The Miami-Dade County Motion and the Debtors' Motion, solely as it relates to the Naming Rights Agreement, are deemed resolved.

4. Nothing in this Stipulation shall impair, prejudice, waive or otherwise affect any rights of Miami-Dade County or the Debtors to assert that any claims for damages arising from the termination of the Naming Rights Agreement, including any right to assert an offset, recoupment, counterclaim, or deduction.

5. Miami-Dade County and the Debtors do not waive any claims that they may have, whether or not such claims arise under, are related to, or are independent of the Naming Rights Agreement.

6. Nothing in this Stipulation shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a promise or requirement to pay any particular claim; or (c) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

7. Miami-Dade County shall have until the date fixed by this Court in these Chapter 11 Cases pursuant to Bankruptcy Rule 3003(c)(3) to file any and all claims for damages arising from the termination of the Naming Rights Agreement.

8. Notwithstanding anything to the contrary under section 365 (including section 365(n)) of the Bankruptcy Code, all licenses and other rights granted by the Debtors to Miami-Dade County pursuant to the Naming Rights Agreement (and all sublicenses and other rights granted by Miami-Dade County to third parties under such licenses and rights) under any trademarks or trade names, including any Naming Rights Partner Marks and Arena Marks (as defined in the Naming Rights Agreement) are hereby terminated, released, canceled and extinguished. Miami-Dade County shall (a) cease referring to the arena by the Arena Name in all public references on a going forward basis, (b) use commercially reasonable efforts to remove all offsite public references to the Arena Name that are within the control of the County, (c) cease requiring all third parties with

whom Miami-Dade County does business with to refer to the Arena by the Arena Name, and (d) cease the use of any Arena Marks or Naming Rights Partner Marks in or on any advertising and promotional materials which mention or reference the Arena that are within the County's control on a going forward basis.

9. In the event of any inconsistency between this Stipulation and the Naming Rights Agreement, this Stipulation shall govern.

10. Miami-Dade County and the Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief set forth in this Stipulation.

11. This Stipulation is the result of compromise between the Parties and neither the facts nor the terms of this Stipulation shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding arising out of or in connection with this Stipulation.

12. This Stipulation comprises the entire agreement between the Parties and supersedes all prior agreements and understandings, whether written or oral, with respect to the subject matter hereof and, except as expressly provided herein, is not intended to confer upon any person any rights or remedies hereunder.

13. Each Party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

14. This Stipulation may not be amended, modified, vacated or altered in any way without the prior written consent of all Parties hereto.

15.      Each person who executes this Stipulation on behalf of each Party represents and warrants that he or she has been duly authorized and empowered to executed and deliver this Stipulation on behalf of such Party.

16.      This Stipulation shall be binding upon (i) the Parties hereto; (ii) all of their affiliates, assigns and successors; (iii) any liquidation trustee, plan administrator, distribution agent, and/or any other responsible person appointed pursuant to any chapter 11 plan confirmed in these Chapter 11 Cases; (iv) any chapter 11 trustee appointed in these Chapter 11 Cases and (v) any chapter 7 trustee appointed or elected in these Chapter 11 Cases.

17.      If the Court does not enter the proposed order approving this Stipulation, all rights and remedies with respect to the Contract (including any agreements related thereto) are reserved in all respects, and no action or inaction by any Party shall waive or prejudice the rights of any Party.

18.      This Stipulation has been reviewed by the Parties hereto and their respective counsel and each of the Parties enter into this Stipulation voluntarily and without duress.  There shall be no construction of any provision against either Party, and the Parties hereto waive any statute or rule to such effect.

19.      The automatic stay provisions of the Bankruptcy Code are deemed modified to implement and effectuate this Stipulation without need for further relief from the Bankruptcy Court.

20.      Each Party shall cooperate and take such actions as are reasonably necessary to consummate the actions contemplated by this Stipulation and obtain approval of the Stipulation and entry of the proposed order approving this Stipulation.

21.      Notwithstanding rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation are immediately effective and enforceable upon the entry of the proposed order approving this Stipulation.

-6-

22. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

23. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order and this Stipulation.

| | |
|---|---|
| Dated: January 11, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>           brown@lrclaw.com<br>           pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>           bromleyj@sullcrom.com<br>           gluecksteinb@sullcrom.com<br>           kranzleya@sullcrom.com<br><br>*Proposed Counsel for the Debtors*<br>*and Debtors-in-Possession* |

Dated: January 11, 2023
Wilmington, Delaware

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney

*/s/ Ileana Cruz*
Ileana Cruz, Esq. (*admitted pro hac vice*)
Eduardo W. Gonzalez, Esq. (*admitted pro hac vice*)
Assistant County Attorneys
111 N.W. 1st Street, Suite 2810
Miami, FL 33128
Telephone: (305) 375-5151
E-mail: cao.bkc@miamidade.gov
Direct E-mail: ileanac@miamidade.gov

-and-

**ARMSTRONG TEASDALE LLP**
Eric M. Sutty (No. 4007)
1008 North Market Street, Third Floor
Wilmington, Delaware 19801
Telephone: (302) 416-9671
E-mail: esutty@atllp.com

*Counsel for Miami-Dade County, Florida*