# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref Nos. 26, 57, 266, 364, 370, 406 & 461 |

### ORDER EXTENDING THE TIME TO FILE (A) SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (B) RULE 2015.3 FINANCIAL REPORTS

Upon the motion [D.I. 26] and supplement to the motion [D.I. 266] (together, the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") extending the (a) initial 28-day deadline by which the Debtors must file their Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions and (b) deadline by which the Debtors must file their 2015.3 Reports, without prejudice to the Debtors' ability to request additional extensions; and upon the reply and Mosley Declarations in support of the Motion; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

4857-6365-3446 v.8

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The time by which the Debtors must file their Schedules and Statements shall be, and hereby is, extended through and including March 15, 2023; *provided*, *however*, if the Debtors seek to sell all or substantially all of any Debtor's assets (other than where the assets being sold are comprised solely of a Debtor's interest in a non-Debtor subsidiary), no later than the earlier of March 13, 2023 and 14 days prior to the hearing to approve such sale, the Debtors shall file Schedules and Statements with appropriate disclosures regarding any limitations of the information contained therein of the applicable selling Debtor and, if the selling Debtor is selling interests in a Debtor subsidiary, any such applicable Debtor subsidiary.  The foregoing extension of time to file the Schedules and Statements is without prejudice to the Debtors' right to seek further extensions of time to prepare and file their Schedules and Statements.

3. The time by which the Debtors must file their 2015.3 Reports, if applicable, shall be, and hereby is, extended to March 15, 2023; *provided*, *however*, if the Debtors seek to sell any Debtor's equity interest in a non-Debtor subsidiary, no later than the earlier of February 13, 2023 and 14 days prior to the hearing to approve such sale, the Debtors shall file the Rule 2015.3 Report with appropriate disclosures regarding any limitations of the information contained therein with respect to such non-Debtor subsidiary. The foregoing extension of time to file the 2015.3 Reports is without prejudice to the Debtors' right to seek further extensions of time to prepare and file their 2015.3 Reports, if applicable.

4. Nothing in this Order affects any party's rights with respect to any proposed sale of any Debtor assets.

5. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

**Dated: January 11th, 2023**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE