# EXHIBIT A

# [Proposed Order]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX Trading LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 243, 333** |

## ORDER APPROVING STIPULATION FOR RESOLUTION OF RIOT GAMES' MOTION TO COMPEL AND DEBTORS' MOTION TO REJECT

Upon consideration of the *Stipulation for Resolution of Riot Games' Motion to Compel and Debtors' Motion to Reject* (the "Stipulation"),[2] attached hereto as Exhibit 1, by and among FTX Trading Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors") and North America League of Legends Championship Series, LLC ("Riot", and together with the Debtors, the "Parties"); and this Court having jurisdiction to consider the Certification of Counsel and the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having reviewed the Stipulation; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is hereby APPROVED;

2. The Parties are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order and to perform their respective obligations under the Stipulation;

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtor's claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

3. The terms and provisions of the Stipulation shall immediately be effective and enforceable upon entry of this Order.

4. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order and the Stipulation.

# EXHIBIT 1
# [Stipulation]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX Trading LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Re:  D.I. 243, 333** |

**STIPULATION FOR RESOLUTION OF RIOT GAMES'**
**MOTION TO COMPEL AND DEBTORS' MOTION TO REJECT**

This stipulation (the "Stipulation") is entered into by and between FTX Trading Ltd., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") and North America League of Legends Championship Series, LLC ("Riot," and together with the Debtors, the "Parties"). The Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

**RECITALS**

A.  On November 11, 2022 and November 14, 2022, the Debtors commenced cases (these "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). These Chapter 11 Cases are pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and are being jointly administered under Case No. 22-11068 (JTD).

B.  Pursuant to that certain Strategic Sponsorship Agreement (including any related agreements, amendment, changes, orders, supplements, waivers and side letters related thereto) (the "Riot Agreement"), dated August 1, 2021 by and among Riot and Debtor West Realm Shires Services

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtor's claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

Inc. ("WRSS"), Riot was to promote the FTX name and brand in connection with, and WRSS was to sponsor, Riot's League of Legends Championship Series.

        C.        Riot filed its *Motion to Compel Rejection of Executory Contract or in the Alternative for Relief From Automatic Stay to Terminate Agreement under Sections 365 and 362(d) of the Bankruptcy Code* on December 16, 2022 [D.I. 243] (the "Riot Motion"), seeking to compel the rejection of the Riot Agreement, or in the alternative, to lift the automatic stay to allow Riot to terminate the Riot Agreement. The objection deadline to the Riot Motion was January 4, 2023, and no objections to the Riot Motion were received by the deadline.

        D.        The Debtors filed the *Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Rejection Date* on December 30, 2022 [D.I. 333] (the "Debtors' Motion"), seeking to reject, among others, the Riot Agreement, effective as of December 30, 2022. The Debtors' Motion is currently scheduled to be heard on February 8, 2023, with an objection deadline of January 13, 2023.

        E.        The Parties have agreed, subject to Court approval, to consensually resolve the Riot Motion, and the Debtors' Motion solely as the Debtors' Motion relates to the Riot Agreement, on the terms and conditions set forth herein.

**NOW, THEREFORE, IT IS STIPULATED THAT:**

        1.        Pursuant to section 365 of the Bankruptcy Code and rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Parties agree that the Riot Agreement is hereby rejected effective as of December 30, 2022.

        2.        The Riot Motion, and the Debtors' Motion solely as the Debtors' Motion relates to the Riot Agreement, are deemed resolved.

3. Nothing in this Stipulation shall impair, prejudice, waive or otherwise affect any rights of Riot or the Debtors to assert that any claims for damages arising from the Debtors' rejection of the Riot Agreement, including any right to assert an offset, recoupment, counterclaim, or deduction.

4. Riot and the Debtors do not waive any claims that they may have, whether or not such claims arise under, are related to, or are independent of the Riot Agreement.

5. Nothing in this Stipulation shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a promise or requirement to pay any particular claim or (c) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

6. Riot shall have until the date fixed by this Court in these Chapter 11 Cases pursuant to Bankruptcy Rule 3003(c)(3) to file any and all claims for damages arising from the Debtors' rejection of the Riot Agreement.

7. Notwithstanding anything to the contrary under section 365 (including section 365(n)) of the Bankruptcy Code, all licenses and other rights granted by the Debtors to Riot pursuant to the Riot Agreement (and all sublicenses and other rights granted by Riot to third parties under such licenses and rights) under or with respect to any Sponsor Marks (as defined in the Riot Agreement) are hereby terminated, released, canceled and extinguished, effective December 30, 2022. Riot shall, and shall cause the Riot Entities (as defined in the Riot Agreement) and any of its or their sublicensees to, cease to use, reproduce, promote, host, display, broadcast, distribute, stream and otherwise utilize the Sponsor Marks, after December 30, 2022, except that the Riot Entities may continue to use video footage of games played on various live-event competitions featuring competitive play of *League of Legends*, and promotional materials for such competitions, in each case, which footage or promotional materials were created and embedded with Sponsor Marks as permitted under the Riot Agreement as

of December 30, 2022 (such footage and materials, the "Embedded Sponsor Materials").  Nothing in this Paragraph 7 shall preclude the Riot Entities from retaining, using or otherwise exploiting the Embedded Sponsor Materials after December 30, 2022 so long as the Riot Entities do not affirmatively represent that they have any current affiliation or association with, or sponsorship by, the Debtors.  For the avoidance of doubt, the mere display, distribution or other exploitation of the Embedded Sponsor Materials alone shall not be deemed to constitute a representation of affiliation, association or sponsorship.

8. Notwithstanding anything to the contrary under section 365 (including section 365(n)) of the Bankruptcy Code, all licenses and other rights granted by the Riot to the Debtors pursuant to the Riot Agreement (and all sublicenses and other rights granted by the Debtors to third parties under such licenses and rights) under or with respect to any Riot Marks (as defined in the Riot Agreement) are hereby terminated, released, canceled and extinguished, effective December 30, 2022.  The Debtors and any of its or their sublicensees shall cease to use, reproduce, promote, host, display, broadcast, distribute, stream and otherwise utilize the Riot Marks, after December 30, 2022, except that the Debtors may continue to use video footage of games played on various live-event competitions featuring competitive play of *League of Legends*, and other materials, in each case, which footage or other materials were created and embedded with Riot Marks as permitted under the Riot Agreement as of December 30, 2022 (such footage and materials, "Embedded Riot Materials").  Nothing in this Paragraph 8 shall preclude the Debtors from retaining, using or otherwise exploiting the Embedded Riot Materials after December 30, 2022 so long as the Debtors do not affirmatively represent that they have any current affiliation or association with, Riot.  For the avoidance of doubt, the mere display, distribution or other exploitation of the Embedded Riot

4

Materials alone shall not be deemed to constitute a representation of affiliation, association or sponsorship.

9. In the event of any inconsistency between this Stipulation and the Riot Agreement, this Stipulation shall govern.

10. Riot and the Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief set forth in this Stipulation.

11. This Stipulation is the result of compromise between the Parties and neither the facts nor the terms of this Stipulation shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding arising out of or in connection with this Stipulation.

12. This Stipulation consists the entire agreement between the Parties and supersedes all prior agreements and understandings, whether written or oral, with respect to the subject matter hereof and, except as expressly provided herein, is not intended to confer upon any person any rights or remedies hereunder.

13. Each Party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

14. This Stipulation may not be amended, modified, vacated or altered in any way without the prior written consent of all Parties hereto.

15. Each person who executes this Stipulation on behalf of each Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

16. This Stipulation shall be binding upon (i) the Parties hereto; (ii) all of their affiliates, assigns and successors; (iii) any liquidation trustee, plan administrator, distribution agent, and/or any

other responsible person appointed pursuant to any chapter 11 plan confirmed in these Chapter 11 Cases; (iv) any chapter 11 trustee appointed in these Chapter 11 Cases and (v) any chapter 7 trustee appointed or elected in these Chapter 11 Cases.

17. If the Court does not enter the proposed order approving this Stipulation, all rights and remedies with respect to the Contract (including any agreements related thereto) are reserved in all respects, and no action or inaction by any Party shall waive or prejudice the rights of any Party.

18. This Stipulation has been reviewed by the Parties hereto and their respective counsel and each of the Parties enter into this Stipulation voluntarily and without duress. There shall be no construction of any provision against either Party, and the Parties hereto waive any statute or rule to such effect.

19. Each Party shall cooperate and take such actions as are reasonably necessary to consummate the actions contemplated by this Stipulation and obtain approval of the Stipulation and entry of the proposed order approving this Stipulation.

20. Notwithstanding rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation are immediately effective and enforceable upon the entry of the proposed order approving this Stipulation.

21. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which tougher shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

22. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order and this Stipulation.

Dated: January 11, 2023

| | |
|---|---|
| ROBINSON & COLE LLP<br>Wilmington, Delaware | LANDIS RATH & COBB LLP |
| By: */s/ Jamie L. Edmonson*<br>Jamie L. Edmonson (No. 4247)<br>1201 N. Market Street, Suite 1406<br>Wilmington, Delaware 19801<br>Telephone: 302-516-1700<br>Fax: 302-516-1699<br>Email: jedmonson@rc.com | By: */s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 N. Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: 302-467-4400<br>Fax: 302-467-4450<br>Email: landis@lrclaw.com<br>brown@lrclaw.com<br>pierce@lrclaw.com |
| -and- | |
| Brian L. Davidoff (admitted *pro hac vice*)<br>GREENBERG GLUSKER FIELDS CLAMAN<br>   MACHTINGER LLP<br>2049 Century Park East, Suite 2600<br>Los Angeles, California 90067<br>Email: bdavidoff@greenbergglusker.com | -and-<br><br>SULLIVAN & CROMWELL LLP<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: 212-558-4000<br>Fax: 212-558-3588<br>Email: dietdericha@sullcrom.com<br>bromleyj@sullcrom.com<br>gluecksteinb@sullcrom.com<br>kranzleya@sullcrom.com |
| *Attorneys for Creditor North America League*<br>*   of Legends, LLC* | *Proposed Co-Counsel to the Debtors and*<br>*   Debtors in Possession* |