IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | ) |
| | ) **Chapter 11** |
| **FTX TRADING LTD.,** *et al.*[1] | ) |
| | ) **Case No. 22-11068 (JTD)** |
| | ) **(Jointly Administered)** |
| **Debtors.** | ) |
| | ) Hearing Date: February 8, 2023 at 1:00 p.m. (ET) |
| | ) Obj. Deadline: January 25, 2023 at 4:00 p.m. (ET) |

### APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF DECEMBER 22, 2022

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby moves the Court for entry of an order under sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving this application (the "Application") and authorizing the employment and retention of FTI Consulting, Inc. ("FTI")[2], as financial advisor to the Committee effective as of December 22, 2022. In support of this Application, the Committee relies on the Declaration of Steven Simms (the "Simms Declaration"), filed contemporaneously herewith and attached hereto as **Exhibit B**, and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Professionals employed by certain subsidiaries of FTI will also be used in the engagement.

1

respectfully states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of these proceedings and this Application is proper in this district pursuant to 28 U.S.C. § 1408.

3. The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code. The Committee confirms its consent to the Court entering a final order in connection with the Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**Background**

4. On November 11, 2022 and November 14 (as applicable, the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court on November 22, 2022 [Docket No. 128].

5. On December 15, 2022, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") filed the Notice of Appointment of Committee of Unsecured Creditors [Docket No. 231], and on December 20, 2022, the U.S. Trustee filed the Amended Notice of

Appointment of Committee of Unsecured Creditors [Docket No. 261].[3] After its formation, the Committee selected Paul Hastings LLP ("Paul Hastings") as its counsel on December 20, 2022 and selected Young Conaway Stargatt & Taylor LLP as its Delaware counsel on December 22, 2022. On December 22, 2022, the Committee selected FTI as its financial advisor, and on December 23, 2022, the Committee selected Jefferies Group LLC ("Jefferies") as its investment banker. The Committee consists of the following nine (9) members:

(a) Zachary Bruch;

(b) Coincident Capital International, Ltd.;

(c) GGC International Ltd.;

(d) Octopus Information Ltd.;

(e) Pulsar Global Ltd.;

(f) Larry Qian;

(g) Acaena Amoros Romero;

(h) Wincent Investment Fund PCC Ltd.; and

(i) Wintermute Asia PTE. Ltd.

## FTI's Qualifications

6. FTI provides services in areas ranging from corporate finance and interim management to economic consulting, forensic and litigation consulting, strategic communications, and technology. FTI's clients include many of the world's largest public companies and majorities of the twenty-five largest banks and one-hundred largest law firms in the world. FTI's expertise includes liquidity and capital structure assessment, debt and equity restructuring advice, and identification of reorganization alternatives.

---

[3] The amendment reflected the addition and correction of certain contact information for the Committee members.

7. The Committee is familiar with FTI's professional standing and reputation. FTI has considerable experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for the results it has obtained for debtors and creditors in chapter 11 cases throughout the United States. The Committee requires FTI's services to enable it to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates. Finally, FTI is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

## Scope of Services

8. FTI will provide such financial advisory services to the Committee and its legal advisors as they deem appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including but not limited to the following:

- Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance with the assessment and monitoring of the Debtors' short term cash flow, liquidity, and operating results;

- Assistance with the review of the Debtors' proposed key employee retention and other employee benefit programs;

- Assistance with the review of the Debtors' core and non-core business assets, including cryptocurrency, and the potential disposition or liquidation thereof;

- Assistance with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance with the review of the Debtors' identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

- Assistance in the review of the claims reconciliation and estimation process;

- Assistance in the review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

- Assistance in the review and analysis of cryptocurrency and digital assets transactions such as staking, loans, and hedging from digital wallets using blockchain and digital ledger technologies, as well as forensic asset tracing of these transactions;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees or ad hoc groups organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings, and provide assistance in formulating alternative plan of reorganization structures, if appropriate;

- Assistance with the review of transactions with non-debtor affiliates and related parties;

- Assistance in the investigatory review of the Debtors' current and historical books and records, including, among others, cash and asset tracing and intercompany transactions;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in the prosecution of Committee responses/objections/joinders to the Debtors' motions and any other pleadings in the case, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee;

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding; and

- Assistance in the development and implementation of communications strategies, including digital insights and development, with various stakeholders including, but not limited to, customers, regulatory agencies, and policymakers.

### **No Duplication of Services**

9. The Committee also will be filing an application for authority to retain Jefferies to provide certain other financial advisory and investment banking services to the Committee. The services that Jefferies is to provide to the Committee are separate and distinct from the financial

advisory services that FTI will be providing to the Committee.  In order to ensure that there is no unnecessary duplication of services by either firm during the pendency of these chapter 11 cases, FTI and Jefferies will coordinate on the services they are providing to the Committee.  At the Committee's request, representatives of FTI and Jefferies have met to address an appropriate and efficient division of responsibilities.

10. It is currently contemplated that FTI will be principally responsible for providing to the Committee financial analyses of the Debtors' liquidity and operational elements of the Debtors' plan of reorganization and exit strategy, forensics and litigation analyses (including investigatory review of historical books and records, tracing and analysis of potential causes of action), as well as claims analyses.  Jefferies will be primarily responsible for advising the Committee on the financial and strategic elements of the Debtors' plan of reorganization (including relevant valuations and the viability of a stand-alone plan of reorganization), potential merger and acquisition transactions, as well as financing alternatives for the Debtors, including exit financing.  While both FTI and Jefferies recognize that it is difficult to predict how these complex cases will proceed, they will coordinate their services to the Committee to minimize, wherever possible, any unnecessary duplication of services and any potential burden on the Debtors and their professional advisors.  Moreover, FTI and Jefferies have worked in a co-advisory role before and thus, the firms have experience ensuring that best practices are maintained in the provision of services to the Committee.

### **FTI's Eligibility for Employment**

11. FTI has informed the Committee that, except as set forth otherwise in the Simms Declaration, FTI: (a) has no connection with the Debtors, their creditors, their equity security holders, or other parties in interest or their respective attorneys or accountants, the U.S. Trustee,

any person employed in the office of the U.S. Trustee, or any United States district judge or bankruptcy judge in this district in any matter related to the Debtors or their estates; (b) does not hold any interest materially adverse to the Debtors' estates; and (c) has not provided, and will not provide, any services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases.

12. FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, FTI will inform the Court as required by Bankruptcy Rule 2014(a).

13. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

### **Terms of Retention**

14. FTI is not owed any amounts with respect to pre-petition fees and expenses.

15. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court and guidelines established by the United States Trustee.

16. FTI seeks to be compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred by FTI related to FTI's retention or preparation of fee applications in these cases, subject to Court approval. FTI understands that interim and final fee awards are subject to approval by this Court.

17. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

**United States**

| | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $1,125 - 1,570 |
| Directors / Senior Directors / Managing Directors | 809 - 1,055 |
| Consultants/Senior Consultants | 440 - 750 |
| Administrative / Paraprofessionals | 175 - 325 |

18.     In addition to FTI professionals anticipated to be assigned to this case, FTI may use independent contractors in the provision of its services to the Committee. FTI intends to include as an expense reimbursement in its fee applications the amounts invoiced to FTI by independent contractors used in the provision of services to the Committee without any mark up or increase. To the extent FTI utilizes the services of independent contractors, each independent contractor will file a separate declaration in support of the Application.

19.     FTI will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases. In the event FTI seeks reimbursement for attorneys' fees during the term of the Debtors' chapter 11 cases, FTI will include the applicable invoices and supporting time records from such attorneys (in summary form and redacted for privilege and work product). Such attorneys do not need to have been retained under Bankruptcy Code section 327.

20.     FTI believes that the foregoing fee structure and terms are reasonable and comparable to those generally charged by financial advisors and consultants of similar stature to FTI for comparable engagements, both in and out of chapter 11.

**Indemnification**

21.     In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

    a. subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

    b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

    c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

22. The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See, e.g., In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

### Relief Requested

23. By this Application, the Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to employ and retain FTI as its financial advisor pursuant to Bankruptcy Code section 1103.

**Basis for Relief Requested**

24. The Committee seeks approval of the Application pursuant to Bankruptcy Code section 1103. Bankruptcy Code section 1103(a) provides, in relevant part, that a creditors' committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). The employment of FTI and its professionals by the Committee is reasonable and in line with the terms and conditions typical for engagements of this size and character. Because the Committee will require substantial assistance with these chapter 11 cases, it is reasonable for the Committee to seek to employ and retain FTI to serve as its financial advisor on the terms and conditions in this Application.

25. Bankruptcy Code section 328(a) provides, in relevant part, that the Committee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

26. FTI's fee structure is fair and reasonable in light of the services being provided and commensurate with the fee structures generally offered by firms of similar stature to FTI for comparable engagements. In addition, given the numerous issues FTI may need to address during these chapter 11 cases, FTI's commitment to the variable level of time and effort necessary to address all such related issues as they arise, and the market prices for FTI's services for engagements of this nature in an out-of-court context, the Committee has determined that the FTI fee arrangement is fair and reasonable.

27. Finally, to the best of the Committee's knowledge, information, and belief, FTI

does not have any interest materially adverse to the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

## **No Prior Request**

28. No prior Application for the relief requested herein has been made to this or any other Court.

## **Notice**

29. Notice of this Application has been given to (i) the Debtors, (ii) the United States Trustee (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Department of Justice; (vi) the United States Attorney for the District of Delaware; (vii) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no further notice is required.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, effective as of December 22, 2022, and grant such further relief as is just and proper.

| | |
|---|---|
| **Dated: January 11, 2023**<br>**New York, New York** | **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FTX TRADING LTD.,** *et al.* |
| | /s/ *Alex van Voorhees* |
| | By: Alex van Voorhees of GGC International, solely in his capacity as the co-chair of the Official Committee of Unsecured Creditors[4] |

---

[4] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.