# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 233 & 485** |

### ORDER (A) APPROVING BID PROCEDURES, STALKING HORSE PROCEDURES AND THE FORM AND MANNER OF NOTICES FOR THE SALE OF CERTAIN BUSINESSES, (B) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (C) SCHEDULING AUCTION(S) AND SALE HEARING(S)

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Bid Procedures Order"), pursuant to sections 105(a), 363, 365, 503 and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, 9008 and 9014 and Local Rules 2002-1, 6004-1 and 9006-1, (a) authorizing and approving the Bid Procedures, substantially in the form attached hereto as Exhibit 1, (b) authorizing the Debtors to grant the Bid Protections in accordance with the terms and conditions set forth in the Bid Procedures, (c) scheduling the Auction(s) and the Sale Hearing(s), (d) approving the form and manner of notices of the proposed Sale(s), Auction(s) and Sale Hearing(s) and (e) approving the Assumption and Assignment Procedures; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules; and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing (the "Bid Procedures Hearing") having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Bid Procedures Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This Court may issue a final order on the Motion consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* FED. R. BANKR. P. 7052.

B.      The Debtors' notice of the Motion, the Bid Procedures, the Bid Procedures Hearing and the proposed entry of this Bid Procedures Order was (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases, and no other or further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Bid Procedures Order has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b).

C.      The Bid Procedures were proposed in good faith by the Debtors, are fair, reasonable and appropriate under the circumstances and are properly designed to maximize the recovery from any sale of the Businesses.  The Debtors have demonstrated good and sufficient business reasons for this Court to enter this Bid Procedures Order, and such good and sufficient reasons, which are set forth in the Motion and on the record at the Bid Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

D.      The form and manner of notices to be delivered pursuant to the Noticing Procedures, including the Sale Notice attached hereto as <u>Exhibit 2</u>, are (i) reasonably calculated to provide all interested parties with timely and proper notice; (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases.

E.      The Assumption and Assignment Procedures and the Initial Assignment Notice, substantially in the form attached hereto as <u>Exhibit 3</u>, are reasonably calculated to provide each Counterparty to the Assumed Debtor Contracts with proper notice of (a) the

potential assumption and assignment of such Assumed Debtor Contracts, (b) the requirement that each such Counterparty assert any Contract Objection prior to the applicable Contract Objection Deadline or otherwise be barred from asserting such claims and (c) the procedures for the assumption and assignment of the Assumed Debtor Contracts.

F. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Bid Procedures Order is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties-in-interest.

G. Any transfer of personally identifiable information to Successful Bidder(s) in connection with the Sale(s) will be consistent with applicable privacy policies of the Debtors and no consumer privacy ombudsman as set forth in section 363(b)(1) of the Bankruptcy Code is necessary in connection with the Sale(s).[4]

IT IS HEREBY ORDERED THAT:

1. The Motion is hereby GRANTED as set forth herein.

2. <u>Objections</u>. All objections to the Motion solely as it relates to the relief granted by this Bid Procedures Order that have not been adjourned, withdrawn or resolved are overruled in all respects on the merits.

3. <u>Bid Procedures</u>. The Bid Procedures attached hereto as <u>Exhibit 1</u> are approved and fully incorporated into this Bid Procedures Order. The Debtors are authorized to solicit, qualify and accept bids in conformity with the Bid Procedures, to exclude late bids or bids that do not comply with the Bid Procedures, and to otherwise take any and all actions necessary or appropriate to implement the Bid Procedures. The failure to specifically include or

---

[4] As to any Debtor whose privacy policy requires notice to be provided to individuals in order to transfer their personally identifiable information to a Successful Bidder in connection with a Sale, the Debtors shall file an affidavit attesting to providing that notice once it is complete.

reference any particular provision, section or article of the Bid Procedures in this Bid Procedures Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Bid Procedures be authorized and approved in their entirety, except as otherwise set forth in this Bid Procedures Order; <u>provided</u> that in case of any conflict between the Bid Procedures and this Bid Procedures Order, this Bid Procedures Order will govern.

        4.        <u>Noticing Procedures</u>.  The Noticing Procedures as set forth in this Bid Procedures Order and the Motion, including the form of Sale Notice attached hereto as <u>Exhibit 2</u>, are hereby approved.  Within three business days after entry of this Bid Procedures Order, or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice by first-class mail (and/or by email, as applicable) upon the Sale Notice Parties.  On or about the same date, the Debtors are authorized to publish the Sale Notice on the Debtors' case information website (located at https://restructuring.ra.kroll.com/FTX).  Service of the Sale Notice on the Sale Notice Parties and publication thereof in the manner described in this Bid Procedures Order constitutes good and sufficient notice of the Auction(s), the Sale Hearing(s) and the Debtors' proposed sale of the Businesses free and clear of any liens, claims, interests and encumbrances, pursuant to Bankruptcy Code section 363(f).  No other or further notice is required.

        5.        <u>Bid Deadlines</u>.  (a) Indications of Interest must be received by **5:00 p.m. (prevailing Eastern Time) on** (i) **January 18, 2023** for the Embed Business, (ii) **January 25, 2023** for the LedgerX Business, and (iii) **February 1, 2023** for the FTX Japan Business and/or FTX Europe Business (each, a "<u>Preliminary Bid Deadline</u>"); and (b) Required Bid Documents must be received by **5:00 p.m. (prevailing Eastern Time) on** (i) **February 15, 2023** for the Embed Business, (ii) **March 1, 2023** for the LedgerX Business, and (iii) **March 15, 2023** for the FTX Japan Business and/or FTX Europe Business (each, a "<u>Bid Deadline</u>"); <u>provided</u> that the

Debtors may extend the Preliminary Bid Deadlines or the Bid Deadlines, after consultation with the Consulting Professionals, without further order of this Court.

      6.    <u>Stalking Horse Procedures</u>.  The following Stalking Horse Procedures are hereby approved:

      a.    At any time up until ten days prior to each Auction, the Debtors, in consultation with the Consulting Professionals, may select one or more Stalking Horse Bidder(s) for the Businesses and may agree (subject to court approval) to pay such Stalking Horse Bidder(s) a cash break-up fee (the "<u>Topping Fee</u>") equal to up to 3.0% of the value of the consideration to be paid by the Stalking Horse Bidder for the applicable Business(es) (the "<u>Stalking Horse Purchase Price</u>") and may further agree (subject to court approval) to reimburse the reasonable and documented out-of-pocket expenses of the Stalking Horse Bidder in an amount up to 0.5% of the Stalking Horse Purchase Price (the "<u>Expense Reimbursement</u>" and, together with the Topping Fee, the "<u>Bid Protections</u>"); <u>provided</u> that the Expense Reimbursement Amount will not exceed $1,250,000 for any individual Business; <u>provided</u>, <u>further</u>, that no Bid Protections in any amount are being approved by this Bid Procedures Order and any such approval shall be subject to further order of this Court as set forth herein.  The Debtors may designate no more than one Stalking Horse Bid for each Business.  The Debtors may designate the same bidder as the Stalking Horse Bidder for more than one Business, whether such bidder has submitted individual bids for each Business or a combined bid for multiple Businesses.

      b.    If the Debtors, after consultation with the Consulting Professionals, select any Stalking Horse Bidder, the Debtors shall file with this Court a supplement to the Motion (a "<u>Stalking Horse Supplement</u>") seeking approval of the same, with no less than seven days' notice of the objection deadline to the U.S. Trustee, the Committee and those parties who have filed notice pursuant to Bankruptcy Rule 2002 requesting notice of all pleadings filed in these Chapter 11 Cases with no further notice being required, <u>provided</u> that the Stalking Horse Supplement (a) sets forth the identity of the Stalking Horse Bidder (and if the Stalking Horse Bidder is a newly formed entity, also sets forth the identity of the Stalking Horse Bidder's parent company or sponsor), (b) sets forth the Stalking Horse Purchase Price, (c) states whether the Stalking Horse Bidder has any connection to any of the Debtors, or any of the Debtors' current or former officers or directors, or any person known by the Stalking Horse Bidder to have a familial relationship

        with any of the Debtors' current or former officers or directors, (d) specifies any proposed Bid Protections, (e) attaches a copy of the Stalking Horse Agreement, together with all exhibits and schedules, and redline comparison(s) against any applicable form(s) of purchase agreement(s) filed by the Debtors for the applicable Business(es),[5] (f) attaches the proposed form of sale order agreed to by the Stalking Horse Bidder, and a redline comparison against any applicable form(s) of proposed sale order(s) filed by the Debtors for the applicable Business(es); (g) attaches a proposed order approving the Stalking Horse and any Bid Protections (the "Stalking Horse Approval Order"); (h) highlights any causes of action proposed to be sold by the Debtors pursuant to the Stalking Horse Agreement; and (i) sets forth the deadline to object to the Stalking Horse designation and any Bid Protections. Any proposed Stalking Horse Approval Order shall provide that any expenses to be reimbursed must be documented, with such documentation provided to the Debtors, the Committee and the U.S. Trustee, who will have a seven day review period to object.

    c.    Objections to the designation of a Stalking Horse Bidder or any of the terms of a Stalking Horse Agreement (each, a "Stalking Horse Objection") shall (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, (c) state, with specificity, the legal and factual bases thereof and (d) be filed with this Court and served on the Objection Notice Parties within seven days after the service of the Stalking Horse Supplement.

    d.    If a Stalking Horse Objection is timely filed and served, the Debtors will schedule a hearing regarding such Stalking Horse Objection as soon as reasonably practicable seeking approval of such Stalking Horse and any Bid Protections, but in no event fewer than seven days after the service of the Stalking Horse Supplement. If no Stalking Horse Objection is timely filed and served, or each Stalking Horse Objection timely filed and served is resolved, the Debtors will submit the Stalking Horse Approval Order to this Court, which may enter such order without a hearing, including with respect to any Bid Protections set forth in the Stalking Horse Supplement.

    e.    If any Bid Protections are approved by this Court, they shall constitute allowed administrative expense claims arising in these

---

[5] The Debtors reserve the right to file exhibits, schedules or attachments to purchase agreements containing confidential information under seal, and if they do so, they shall follow the procedures set forth in Local Rule 9018-1(d), and serve copies of any such exhibits, schedules or attachments on the U.S. Trustee and the Consulting Professionals.

        Chapter 11 Cases under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

7.     <u>Auction(s)</u>.  In the event that the Debtors timely receive two or more Qualified Bids with respect to the same or overlapping Businesses, the Debtors are authorized to conduct one or more Auctions in accordance with the Bid Procedures.  Prior to commencement of an Auction, the Debtors shall consult with the Consulting Professionals with respect to the conduct of such Auction.

8.     <u>Cancellation of Auction(s)</u>.  If the Debtors receive no more than one Qualified Bid on or prior to the applicable Bid Deadline with respect to any Business(es), after consultation with the Consulting Professionals, the Debtors are authorized to cancel the applicable Auction and seek the approval of the sole Qualified Bid.  In such instance, the Debtors shall file a notice of cancellation of such Auction.  No later than 5:00 p.m. (prevailing Eastern Time) on the day prior to the Auction(s), the Debtors will notify all Qualified Bidders and the Consulting Professionals whether the Auction(s) will occur.

9.     <u>Filing of Notice of Successful Bidder(s)</u>.  Within one business day of the conclusion of each Auction, but in no event less than one full business day prior to the applicable Sale Hearing, the Debtors shall file with the Court notice of the identity of the Successful Bidder and any Alternate Bidder, the amount of the Successful Bid and any Alternate Bid, any connections the Successful Bidder or Alternate Bidder have with the Debtors and any of the Debtors' current or former directors or officers, and any causes of action proposed to be sold by the Debtors to the Successful Bidder or any Alternate Bidder (each such notice, a "<u>Notice of Successful Bidder</u>").  If the Successful Bidder or Alternate Bidder is a special purpose entity, the Notice of Successful Bidder shall also identify the entity or entities that are the primary equity holders, or otherwise control, the special purpose entity, and disclose whether those primary

-8-

equity holders have any connections with the Debtors or any of the Debtors' current or former directors or officers. At that same time, the Debtors shall serve notice of the same by fax, email or (if neither is available) overnight mail to all Counterparties whose contracts are to be assumed and assigned in accordance with the Assumption and Assignment Procedures set forth in this Bid Procedures Order.

10. <u>Sale Objections</u>. Objections to a Sale, or to entry of the applicable Sale Order, must (a) be in writing and specify the nature of such objection, (b) state, with specificity, the legal and factual bases thereof, (c) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules and this Bid Procedures Order and (d) be filed with this Court and served on (i) the U.S. Trustee, (ii) proposed counsel to the Debtors, (iii) proposed counsel to the Committee and (iv) all parties requesting notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Objection Notice Parties</u>"), which service may be made through the CM/ECF filing system, with courtesy copies by email on the U.S. Trustee, proposed counsel to the Debtors and proposed counsel to the Committee, no later than (A) **seven days prior to the applicable Sale Hearing at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Sale Objection Deadline</u>") and (B) in the event an Auction is conducted, and solely with respect to objections related to the conduct of the Auction, the identity of the Successful Bidder, any proposed sale of causes of action by the Debtors to the Successful Bidder, or lack of adequate assurance of future performance from the Successful Bidder with respect to Counterparties whose contracts are to be assumed and assigned, the earlier of (1) two business days after the Notice of Successful Bidder is filed at 4:00 p.m. (prevailing Eastern Time) and (2) at the Sale Hearing (the "<u>Post-Auction Objection Deadline</u>").

11. <u>Sale Hearing(s)</u>. The Sale Hearing(s) shall be held in the United States Bankruptcy Court for the District of Delaware, Courtroom 5, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801, on the following dates, at times to be determined, or as soon thereafter as the Debtors may be heard: (i) **February 27, 2023** for the Embed Business, (ii) **March 13, 2023** for the LedgerX Business, and (iii) **March 27, 2023** for the FTX Japan Business and the FTX Europe Business; <u>provided</u>, <u>however</u>, that the Sale Hearing(s) may be continued, adjourned or modified by the Debtors, after consultation with the Consulting Professionals, by an announcement at a hearing before this Court and/or by filing a notice on this Court's docket.

12. <u>Presentation of Qualified Bids</u>. The Debtors' presentation of a particular Qualified Bid to this Court for approval does not constitute the Debtors' acceptance of such Qualified Bid. The Debtors will be deemed to have accepted a bid only when the bid has been approved by this Court.

13. <u>Assumption and Assignment Procedures</u>. The following assumption and assignment procedures (the "<u>Assumption and Assignment Procedures</u>") are hereby approved:

   a. On or before February 6, 2023, the Debtors will file with this Court and serve by first-class mail (and/or by email, as applicable) a notice, substantially in the form attached as <u>Exhibit 3</u> hereto (each, an "<u>Initial Assignment Notice</u>") on each non-Debtor contract counterparty (each, a "<u>Counterparty</u>") to those certain executory contracts and unexpired leases that the Debtors may, in their discretion, assume and assign to a Successful Bidder in connection with a Sale (each, an "<u>Assumed Contract</u>"); <u>provided</u> that no notice will be filed or served if there are no executory contracts or unexpired leases that the Debtors seek to assume and assign in connection with a Sale.

   b. The Initial Assignment Notice served on a Counterparty shall (i) identify each Assumed Contract then applicable to such Counterparty, (ii) set forth the proposed amount (the "<u>Cure Amount</u>") necessary to cure any default under the relevant Assumed Contract pursuant to section 365 of the Bankruptcy Code

      and (iii) inform such Counterparty of the requirement to file and duly serve any Contract Objections (as defined below) no later than the applicable Contract Objection Deadline (as defined below).

c.  If, following service of the Initial Assignment Notice, the Debtors identify additional executory contracts and unexpired leases for assumption and assignment in connection with the Sale(s) ("<u>Additional Assumed Contracts</u>," and, together with the Assumed Contracts, the "<u>Assumed Debtor Contracts</u>") or any previously proposed Cure Amounts are modified, the Debtors may file with this Court and serve by first-class mail (and/or by email, as applicable) a notice (a "<u>Further Assignment Notice</u>," and, together with the Initial Assignment Notices, the "<u>Contract Notices</u>") on each impacted Counterparty. Further Assignment Notices shall contain the same information as the Initial Assignment Notice. Further Assignment Notices may be filed and served at any time up to the 30th day following the closing of any applicable Sale.

d.  Service of the Contract Notices shall not constitute an admission that an Assumed Debtor Contract is an executory contract or unexpired lease, or confirm that the Debtors are required to assume and assign such Assumed Debtor Contract.

e.  Objections (the "<u>Contract Objections</u>"), if any, to (a) the proposed Cure Amount, (b) the proposed assumption and assignment of the Assumed Debtor Contracts, (c) the adequate assurance of future performance or (d) whether applicable law excuses a Counterparty from accepting performance by, or rendering performance to, the Successful Bidder must (i) be in writing; (ii) state with specificity the nature of such objection and, if disputed, the alleged Cure Amount and any and all defaults that must be cured or satisfied in order for such Assumed Debtor Contract to be assumed and assigned (with appropriate documentation in support thereof); (iii) comply with the terms of these Assumption and Assignment Procedures, the Bankruptcy Rules and the Local Rules; and (iv) be filed with this Court and properly served on the Objection Notice Parties.

f.  The Counterparty will have until the later of (i) the applicable Sale Objection Deadline and (ii) 14 days following the service of a Contract Notice to file and duly serve a Contract Objection; <u>provided</u> that objections to the adequate assurance of future performance provided by a Successful Bidder may be filed with this Court and served on the Objection Notice Parties no later than the applicable Post-Auction Objection Deadline (the "<u>Contract Objection Deadlines</u>"). The Debtors may in their discretion extend

          the Contract Objection Deadlines one or more times without further notice.

g.     If no objections are received by the applicable Contract Objection Deadline with respect to an Assumed Debtor Contract, then the applicable Counterparty shall be deemed to have consented to the assumption and assignment of such Assumed Debtor Contract and the proposed Cure Amount shall be binding on the applicable Counterparty for all purposes and will constitute a final determination of the total Cure Amount required to be paid in connection with the assumption and assignment of such contract. The Debtors may then submit to this Court a form of order (an "<u>Approval Order</u>") authorizing the assumption and assignment of such Assumed Debtor Contract. Upon entry of an Approval Order with respect to the assumption and assignment of an Assumed Debtor Contract, any and all previously filed Contract Objections with respect thereto shall be deemed overruled.

h.     Any Counterparty who fails to timely file and properly serve a Contract Objection (i) will be deemed to have forever waived and released any Contract Objection and consented to the assumption and assignment of such Assumed Debtor Contract on the terms set forth in the applicable Contract Notice, subject to the occurrence of the closing of the applicable Sale, and (ii) will be barred and estopped forever from asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such Assumed Debtor Contract; <u>provided</u>, <u>however</u>, that a Counterparty to an Assumed Debtor Contract shall not be barred from seeking additional amounts on account of any defaults occurring between the service of the latest served Contract Notice and the assumption of the Assumed Debtor Contract.

i.     If a Contract Objection is timely filed and properly served in accordance with these Assumption and Assignment Procedures, the Debtors and the Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention. If the parties determine that the Contract Objection cannot be resolved in a timely manner without judicial intervention, this Court shall make all necessary determinations relating to such Contract Objection at the applicable Contract Hearing (as defined below).

j.     A hearing with respect to Contract Objections to the Initial Assignment Notice or adequate assurance of future performance provided by a Successful Bidder shall be held at the applicable Sale Hearing or at such other earlier or later date prior to the

closing of the applicable Sale as this Court may designate (the "<u>Initial Contract Hearing</u>"). Hearings with respect to Contract Objections to any Further Assignment Notices may be held on such dates as this Court may designate (each, an "<u>Additional Contract Hearing</u>," and, together with the Initial Contract Hearing, each, a "<u>Contract Hearing</u>"). Upon resolution of a Contract Objection, provided that neither the Debtors nor the applicable Successful Bidder have determined to exclude the relevant contract from the applicable Sale, and upon payment of the applicable cure amount, if any, the contract will be deemed assumed and assigned to the applicable Successful Bidder as of the closing date of the applicable Sale. If this Court determines at a Contract Hearing that a particular Assumed Debtor Contract cannot be assumed and assigned for any reason, then such Assumed Debtor Contract shall no longer be considered an Assumed Debtor Contract.

14. No Interested Party or Potential Bidder, other than any Stalking Horse Bidder, if approved by this Court, shall be entitled to any expense reimbursement, break-up fee, termination fee or other similar fee or payment in connection with the sale or any other form of bid protections.

15. No Interested Party or Potential Bidder, in such capacity, shall be a beneficiary of or have a right to enforce the Bid Procedures or this Bid Procedures Order, except, in each case, as the Debtors may agree in writing in connection with a Stalking Horse Bid.

16. The Debtors will not sell any causes of action against any of Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison or any person known by the Debtors to have a familial relationship with any of the foregoing persons in connection with the Sale(s).

17. All persons or entities that participate in the bidding process or the Auction(s) shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Bid Procedures and the Auction(s).

18. The Debtors are authorized and empowered to execute and deliver such

documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Bid Procedures Order.  References in this Bid Procedures Order to the Bid Procedures are references to the Bid Procedures attached hereto as <u>Exhibit 1</u>, and shall include such modifications that may be made to the Bid Procedures from time to time by the Debtors in accordance with section 11 thereof.

19. The dates and timelines set forth on the attached <u>Schedule A</u> are hereby approved.

20. Notwithstanding anything to the contrary in the Motion, this Bid Procedures Order, or any findings announced at the hearing, nothing in the Motion, this Bid Procedures Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

21. The Motion, this Bid Procedures Order (together with all exhibits and schedules, including the Bid Procedures), the Sale Notice and the Contract Notices will all be posted on the website of the Debtors' claims and noticing agent, Kroll Restructuring Administration, at https://restructuring.ra.kroll.com/ftx/Home-DocketInfo?DocAttribute=4562&DocAttrName=SALEDOCUMENTS_Q&MenuID=9892&AttributeName=Sale%20Document.

22. This Bid Procedures Order, together with all attachments, shall be served on the Sale Notice Parties by no later than three business days after entry of this Bid Procedures Order.

23. All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24. The requirements set forth in Local Rule 9013-1(b) are satisfied.

25. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

26. This Bid Procedures Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

27. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Bid Procedures Order.

## SCHEDULE A

### Timeline

| Event | Description | Deadline for Embed Business | Deadline for LedgerX Business | Deadline for FTX Japan or FTX Europe Business |
|---|---|---|---|---|
| Deadline to Serve Sale Notice | The deadline by which the Debtors shall serve the Sale Notice upon the Sale Notice Parties. | Three business days after entry of the Bid Procedures Order, or as soon as reasonably practicable thereafter | | |
| Preliminary Bid Deadlines | The deadline by which Indications of Interest must be actually received pursuant to the Bid Procedures. | 5:00 p.m. (prevailing Eastern Time) on January 18, 2023 | 5:00 p.m. (prevailing Eastern Time) on January 25, 2023 | 5:00 p.m. (prevailing Eastern Time) on February 1, 2023 |
| Deadline to Serve Initial Assignment Notice | The deadline by which the Debtors will file with the Court and serve the Initial Assignment Notice on each Counterparty to an Assumed Contract. | February 6, 2023 | | |
| Deadline(s) to file form purchase agreement(s) and Sale Order(s) | The deadline by which the Debtors must file with the Court form(s) of purchase agreement(s) and Sale Order(s) for the Businesses. | By two weeks prior to the applicable Sale Objection Deadline(s) | | |
| Stalking Horse Designation Deadline(s) | The deadline(s) by which the Debtors may designate a Stalking Horse Bid. | Ten days prior to the applicable Auction | | |
| Bid Protections Objection Deadline(s) | The deadline(s) by which objections to the Bid Protections must be filed with the Court and served on appropriate notice parties. | 4:00 p.m. (prevailing Eastern Time) on the date that is seven days after the Debtors designate a Stalking Horse Bid | | |
| Bid Deadlines | The deadlines by which all binding bids must be actually received pursuant to the Bid Procedures. | 5:00 p.m. (prevailing Eastern Time) on February 15, 2023 | 5:00 p.m. (prevailing Eastern Time) on March 1, 2023 | 5:00 p.m. (prevailing Eastern Time) on March 15, 2023 |
| Sale Objection Deadline(s) | The deadline(s) by which Sale Objections (other than those that may be raised post-Auction, if applicable) must be filed with the Court and served on the appropriate notice parties. | 4:00 p.m. (prevailing Eastern Time) on February 20, 2023 | 4:00 p.m. (prevailing Eastern Time) on March 6, 2023 | 4:00 p.m. (prevailing Eastern Time) on March 20, 2023 |
| Contract Objection Deadlines | The deadlines by which Contract Objections (as defined below) must be filed with the Court and served on the appropriate notice parties. | The later of (i) the applicable Sale Objection Deadline and (ii) 14 days following the service of a Contract Notice; provided that objections to the adequate assurance of future performance may be filed with the Court and served on the Objection Notice Parties no later than the applicable Post-Auction Objection Deadline. | | |
| Auction(s) | The date and time of the Auction(s), if needed, which will be held at the offices of Sullivan & Cromwell LLP, 125 Broad Street, New York, New | February 21, 2023, at a time to be determined | March 7, 2023, at a time to be determined | March 21, 2023, at times to be determined |

| | | | | |
|---|---|---|---|---|
| | York 10004 or at such other location as the Debtors designate. | | | |
| Notice of Successful Bidder Deadline(s) | Deadline(s) to file and serve notice of the identity of the Successful Bidder(s) at the Auction(s), and the amount of the Successful Bid(s), with the Court. | Within one business day of the conclusion of each Auction, but in no event less than one full business day prior to the applicable Sale Hearing | | |
| Post-Auction Objection Deadline(s) | The deadline(s) by which objections related to the conduct of the Auction(s), the identity of the Successful Bidder(s), any proposed sale of causes of action by the Debtors to the Successful Bidder(s), or adequate assurance of future performance from the Successful Bidder(s) must be filed with the Court and served on the appropriate notice parties. | The earlier of two business days after the Debtors file a Notice of Successful Bidder and at the applicable Sale Hearing | | |
| Sale Hearing(s) | The hearing(s) before the Court to consider the approval of the Successful Bid(s), pursuant to which the Debtors and the Successful Bidder(s) will consummate the Sale(s). | February 27, 2023, at a time to be determined | March 13, 2023, at a time to be determined | March 27, 2023, at times to be determined |

**Dated: January 12th, 2023**
**Wilmington, Delaware**

*[Signature: John T. Dorsey]*
**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**