# **Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**FINAL ORDER (A) AUTHORIZING THE DEBTORS, IN THEIR SOLE DISCRETION, TO PROVIDE INDEMNIFICATION AND EXCULPATION TO CERTAIN INDIVIDUALS, (B) AUTHORIZING CERTAIN ACTIONS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND (C) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Final Order") (a) authorizing the Debtors, in their sole discretion, to provide indemnification and exculpation to individuals taking authorized actions in the ordinary of business to secure Debtors' at-risk cryptocurrency, cash and related assets, (b) authorizing the Debtors, in their sole discretion, to make certain transfers of cash and securities, and (c) granting certain related relief; and this Court having entered the *Interim Order (A) Authorizing the Debtors, In Their Sole Discretion, to Provide Indemnification and Exculpation to Certain Individuals (B) Authorizing Certain Actions Pursuant to Section 363 of the Bankruptcy Code, and (C) Granting Certain Related Relief* [D.I. 140]; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]  Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

2

District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Final Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

        IT IS HEREBY ORDERED THAT:

        1.      The Motion is GRANTED on a final basis as and to the extent set forth herein.

        2.      The Debtors are authorized to take certain actions in the ordinary course of business to secure the Debtors' at-risk assets, including cryptocurrency, cash, and other assets. The Debtors are authorized to indemnify, hold harmless and exculpate any of the Authorized Persons for any such authorized actions, any failure to take such actions, or for the selection of any vendor, exchange, custodian or other service provider; *provided, however,* the Authorized Persons shall not be entitled to indemnification or exculpation arising from their acts of willful misconduct, gross negligence or fraud.  The term "Authorized Persons" shall mean the Debtors' employees, officers, directors, agents, representatives, contractors, advisers, vendors or other

third parties who the CEO may designate, upon prior written notice to the U.S. Trustee and prior written notice to and approval by the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), such consent not to be unreasonably withheld.  The current list of Authorized Persons is attached hereto as <u>Exhibit 1</u> under seal.

       3.      The Debtors are authorized to move all cash and securities held in Third-Party Brokerages to the New Bank Accounts or the New Brokerage Accounts in the ordinary course of business.

       <u>4.      The Debtors shall use their reasonable best efforts to look to Applicable Insurance to satisfy any claims for indemnification covered by the terms of this Final Order. Prior to making any payments to, or on behalf of, an Authorized Person on account of any such claims for indemnification pursuant to this Final Order, the Debtors shall use their reasonable best efforts to ensure that they can assert and preserve any applicable rights of subrogation against all Applicable Insurance, and nothing herein or any payment made in accordance with this Final Order shall be deemed to be a waiver of any applicable rights of subrogation.  The term "Applicable Insurance" means any and all insurance coverage or policies held by or covering the Debtors and any Authorized Person, which includes, among things, the Debtors' D&O insurance policies as well as any professional or personal liability insurance held by any Authorized Person or the entities with whom they are affiliated.  The Debtors will provide to the Committee and the U.S. Trustee five business days' advanced written notice of any payment to be made pursuant to this Final Order.</u>

       <s>4.</s><u>5.</u>      The Debtors, acting by and through the Authorized Persons, are authorized to take or not to take any of the enumerated actions in their business judgment.

       <s>5.</s><u>6.</u>      The Debtors shall: (a) ensure that reasonable steps are taken to provide secure and effective transfer of the assets and (b) maintain records with respect to the transfers of

3

cryptocurrency and cash, and any claim for indemnification, and shall, on a monthly basis, provide reasonably detailed monthly reports with respect to such transfers to the Committee's advisors.  ~~The Debtors will provide, within seven days, to the Committee and the U.S. Trustee notice of any claim for indemnification covered by the terms of this Final Order.~~

~~6.~~7.     The Debtors will keep detailed records identifying the source of any Brokerage Assets and At-Risk Assets, including cryptocurrency, cash and any other assets (the "Original Assets") that are transferred or otherwise moved to a different manner of storage pursuant to this Final Order.  Once the Original Assets are moved to a different location or stored in a different manner, the Debtors will keep detailed records ensuring that the Original Assets are traceable to their source from before the transfers or other transactions.  To the extent that the Debtors sell the Original Assets, transfer the Original Assets, or buy any assets with the Original Assets, the Debtors will provide notice to the United States and maintain detailed records enabling tracing of such assets to the Original Assets.

~~7.~~8.     Any relief authorized by this Final Order shall not be a determination that any of these actions or similar actions that the Debtors may take in the future are outside of the ordinary course of business or otherwise require court approval.

~~8.~~9.     Nothing in this Final Order shall limit, enjoin, restrain or otherwise affect any claim, right or action of the United States to enforce police and regulatory powers against any party.

~~9.~~10.    Notwithstanding any language to the contrary in the Motion or this Final Order, or any findings announced at the hearing, no provision of the Motion, this Final Order, or announced at the hearing constitutes a finding as to whether the transfers described herein comply with federal or state securities laws, and the right of the United States Securities and Exchange Commission to challenge such transactions on any basis are expressly reserved.

~~10.~~11.  Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

~~11.~~12.  The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Final Order.

~~12.~~13.  The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

~~13.~~14.  This Final Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

~~14.~~15.  This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Final Order.

Dated: _____
      Wilmington, Delaware

                                   The Honorable John T. Dorsey
                                   United States Bankruptcy Judge

## Exhibit 1

## List of Authorized Persons