**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Hearing Date: Jan. 20, 2023, at 10:00 a.m.<br>Objection Deadline: Jan. 4, 2023<br>(extended for U.S. Trustee to Jan. 14,<br>2023, at 12:00 p.m.)**<br><br>**Re: D.I. 277, 278, 280 & 281** |

**OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE
TO DEBTORS' APPLICATIONS TO RETAIN ALIXPARTNERS, LLP
AND QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Andrew R. Vara, United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his counsel, files this objection (the "Objection") to the Debtors' applications to retain AlixPartners, LLP ("Alix") as forensic investigation consultants [D.I. 277 & 278] (the "Alix Application"); and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") as special counsel [D.I. 280 & 281] (the "Quinn Application") (together, the "Applications"). In support thereof, the U.S. Trustee respectfully represents:

### I.      PRELIMINARY STATEMENT

1.      The Debtors seek to retain Alix and Quinn, among other professionals, to undertake investigations on the Debtors' behalf into the facts surrounding the Debtors' collapse.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

The U.S. Trustee objects to the Applications because the proposed scope of Quinn's and Alix's retentions is impermissible.

2. Bankruptcy Code sections 1106(a)(3) and 1107(a) specifically preclude debtors in possession from investigating themselves, which is exactly what the Debtors propose in the Applications. In chapter 11, only trustees and examiners (under 11 U.S.C. § 1106(b)), not debtors in possession, have authority to investigate "the acts, conduct, assets, liabilities, and financial condition of the debtor." 11 U.S.C. §§ 1106(a)(3) and 1107(a). Section 1107(a)'s prohibition on debtors in possession exercising those trustee powers is one of the few areas where trustee and debtor in possession powers diverge. It was intentional. Notwithstanding this statutory prohibition, Debtors seek to delegate an investigative and reporting role to their own, privately chosen professionals, including Alix and Quinn. That should not be allowed.

3. Furthermore, the U.S. Trustee has a pending motion to appoint an examiner, an independent fiduciary with no allegiance to any particular stakeholder. Because that motion will not be heard until weeks after the hearing on the Applications, the scope of Alix and Quinn's employment should be limited so that, if an examiner is appointed, Alix and Quinn do not duplicate the examiner's services.[2]

## II. JURISDICTION, VENUE AND STANDING

4. This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334. This Court is authorized to hear and determine the Applications and this

---

[2] The U.S. Trustee's counsel believes an agreement has been reached with Alix and Quinn as to the filing of supplemental disclosures, and modifications to the proposed retention orders other than as to the scope of services. The U.S. Trustee reserves the right to supplement this Objection, or to assert additional objections at the hearing, if such modifications to the proposed orders are not made, or supplemental disclosures are not filed.

Objection pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012. Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

5. Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Specifically, the U.S. Trustee is charged with "monitoring applications filed under section 327 of title 11 and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications[.]" 28 U.S.C. § 586(a)(3)(I).

6. The U.S. Trustee has standing to be heard with respect to the Objection pursuant to 11 U.S.C. § 307.

### III.   FACTUAL BACKGROUND

7. On November 11, 2022, all Debtors other than West Realm Shires Inc. filed voluntary chapter 11 petitions in this Court. On November 14, 2022, West Realm Shires Inc. filed a voluntary chapter 11 petition in this Court.

8. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

9.  On December 1, 2022, the U.S. Trustee filed a motion for the appointment of an examiner [D.I. 176] (the "<u>Examiner Motion</u>"). The states of Wisconsin and Vermont have filed joinders to the Examiner Motion [D.I. 263 & 339].

10. On December 13, 2022, the Debtors' current chief executive officer, John J. Ray III, testified before Congress that "[o]ur investigative and cyber security teams, led by the law firm Sullivan & Cromwell, are already well into the process of gathering the evidence that will provide us with an understanding of what led to this collapse. . . . The scope of the investigation underway is enormous." D.I. 371 Exh. A at 4-5.

11. On December 15, 2022, the U.S. Trustee appointed an official committee of unsecured creditors [D.I. 231].

12. On December 21, 2022, the Debtors filed the Applications. The Alix Application seeks to employ Alix as forensic investigation consultant to, among other things:

   a. "Investigate transactional level data and financial records;"

   b. "Trace and investigate historical intercompany transactions across the Debtors and related parties and review accounts and related information for specific investigative inquiries;"

   c. "Search and review company communications and documents using advanced analytical tools to identify key investigative evidence;" and

   d. "[P]rovide forensic investigation and related services in connection with an investigation into the prepetition affairs of the Debtors being conducted by [Sullivan & Cromwell]."

Alix Application ¶ 11 & Exh. B at 2.

13. The Quinn Application seeks to employ Quinn as special counsel to, among other things:

    a. "determin[e] the existence of, and if the Debtors deem it appropriate, prosecuting and/or settling, any claim or cause of action available to any of the Debtors' estates;" and

    b. "in connection with the development of such claims or causes of action, conduct[] independent investigations into the acts, conduct, assets, liabilities, and financial condition of the Debtors, including any facts bearing on fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors or any party receiving assets from, or transacting with, the Debtors[.]"

Quinn Application ¶ 5.

14. On December 21, 2022, the Debtors also filed an application to retain Sullivan & Cromwell as lead counsel to, among other things: (a) "assist[] the Debtors with investigating all potential estate causes of action;" and (b) "assist[] with the preservation of the Debtors' estates, including the prosecution of actions commenced under the Bankruptcy Code or otherwise on their behalf[.]"  D.I. 270 ¶ 10(c) & (f).  On January 13, 2023, the U.S. Trustee filed an objection to the Debtors' application to retain Sullivan & Cromwell.  D.I. 496.

## IV. ARGUMENT

15. The U.S. Trustee objects to the Applications to the extent the Debtors seek to retain Alix and Quinn to assist the Debtors in investigating themselves, in violation of the limits of 1107(a) of the Code, which also would usurp and duplicate the services of an examiner, if appointed.

16. Section 1106(b) of the Bankruptcy Code provides: "An examiner appointed under section 1104(d) of this title shall perform the duties specified in paragraphs (3)

and (4) of subsection (a) of this section, and, except to the extent that the court orders otherwise, any other duties of the trustee that the court orders the debtor in possession not to perform."

        17.      Section 1106(a) of the Bankruptcy Code provides in relevant part: "A trustee shall— . . . (3) except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan; (4) as soon as practicable—(A) file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate[.]"  11 U.S.C. § 1106(a).

        18.      The Alix and Quinn Applications seek to assign tasks to those professionals that should properly be provided by an examiner, including for Alix to "provide forensic investigation and related services in connection with an investigation into the prepetition affairs of the Debtors being conducted by [Sullivan & Cromwell]," and "[t]race and investigate historical intercompany transactions across the Debtors and related parties and review accounts and related information for specific investigative inquiries," and for Quinn, to "conduct[] independent investigations into the acts, conduct, assets, liabilities, and financial condition of the Debtors, including any facts bearing on fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors or any party receiving assets from, or transacting with, the Debtors[.]"  Alix Appl. ¶ 11 & Exh. B at 2; Quinn Appl. ¶ 5.

19. The Debtors' professionals cannot perform the above-referenced tasks, because the Bankruptcy Code excepts such tasks from the debtor in possession's duties. Section 1107(a) of the Bankruptcy Code provides: "Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession . . . shall perform all the functions and duties, <u>except the duties specified in sections 1106(a)(2), (3), and (4) of this title</u>, of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a) (emphasis added); *see In re Green Pastures Christian Ministries, Inc.*, 437 B.R. 465, 469 (Bankr. N.D. Ga. 2010) (observing in dicta that the debtor in possession "has the powers of a trustee other than to investigate itself."); *Securities and Exch. Comm'n v. American Trailer Rentals Co.*, 379 U.S. 594, 617 (1965) ("[I]t is as true now as when Chapter X was enacted, that 'a debtor in possession cannot be expected to investigate itself.'" (quoting Hearings before House Committee on the Judiciary on H.R. 6439, 75th Cong., 1st Sess., 176 (testimony of Douglas, J., then-serving as Chairman of the SEC); S. Rep. 95-989, 1978 U.S.C.C.A.N. 5787, 5902 (Section 1107 "places a debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee <u>(except the investigative duties)</u>.") (emphasis added); *cf.* Section 327(f) ("The trustee may not employ a person that has served as an examiner in the case.").

20. Where a statute's meaning is plain, "the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). "[I]n the absence of ambiguity in the statute, [courts] must apply it as written." *In re Winstar Commc'ns, Inc.*, 378 B.R. 756, 761 (Bankr. D. Del. 2007). "Courts are not authorized to rewrite a statute because they

7

might deem its effects susceptible of improvement." *Badaracco v. Commissioner of Internal Revenue*, 464 U.S. 386, 398 (1984) (*citing TVA v. Hill*, 437 U.S. 153, 194-95 (1978)); *see also In re Columbia Gas Sys. Inc.*, 33 F.3d 294, 302 (3d Cir. 1994) ("the bankruptcy court cannot waive or modify Bankruptcy Code requirements that are plain and unambiguous because it agrees with the policy underlying the debtor's arguments."); *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988) (bankruptcy court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code.").

21. Thus, as the Bankruptcy Code does not allow the Debtors' professionals to perform the investigation of the Debtors, if the Court were to approve the Applications, the scope of services that Alix and Quinn are authorized to provide should be narrowed to adhere to the plain language of sections 1104, 1106, and 1107 of the Bankruptcy Code, and to avoid duplicating the fees and services of an examiner, if appointed. "A . . . fundamental principle governing the allowance of counsel fees is that an attorney is not entitled to compensation for the assumption of the duties of the Receiver or Trustee. The rationale underlying this rule is twofold: first, the estate must not be depleted through a possible duplication of charges for the same service; and second, the assumption of the Receiver's or Trustee's duties by counsel would be in derogation of the statutory scheme." *In re Meade Land & Development Co., Inc.*, 527 F.2d 280, 285 (3d Cir. 1975) (internal citation omitted). The U.S. Trustee respectfully submits that this same principle applies to chapter 11 examiners if one is appointed here: professionals for a debtor in possession should not be permitted to assume the duties of a chapter 11 examiner because duplication of fees and costs between the debtor in possession's professionals and the examiner would deplete the estate, and because usurping the duties of a chapter 11 examiner would be in derogation of the statutory scheme of sections 327(f), 1104, 1106, and 1107. Rather,

if an examiner is appointed, there should be a clear demarcation between the Debtors' professionals and the duties of the examiner. *Cf. In re JNL Funding Corp.*, No. 10-73724, 2010 WL 3448221 at *4 (Bankr. E.D.N.Y. Aug. 26, 2010) ("ORDERED, that during the period of time that the Examiner is conducting his or her investigation, no estate professional nor non-estate professional shall conduct any investigation into or analysis of the matters made the subject of the Examiner's responsibilities as set forth herein for which compensation is sought from this estate; any such investigation shall not be compensated by this Court, as such would be duplicative of the Examiner's role and duties under Section 1104 for which the Examiner would seek compensation under Section 330 of the Bankruptcy Code[.]").

## V.    CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court deny the Applications unless the scope of services for Alix and Quinn is narrowed to ensure there is no violation of the limits of 1107(a) of the Code, and no duplication of the services and fees of a chapter 11 examiner, if appointed. The U.S. Trustee also asks that the Court grant such other relief as the Court finds just and appropriate.

Dated: January 14, 2023
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By: */s/ Juliet Sarkessian*
Juliet M. Sarkessian
Benjamin A. Hackman
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801

(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
juliet.m.sarkessian@usdoj.gov
benjamin.a.hackman@usdoj.gov

-and-

David Gerardi
Trial Attorney
One Newark Center
1085 Raymond Boulevard
Suite 2100
Newark, NJ  07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
david.gerardi@usdoj.gov