**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF THOMAS M. SHEA IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS ITS TAX SERVICES PROVIDER, *NUNC PRO TUNC* TO NOVEMBER 28, 2022**

I, Thomas M. Shea, hereby declare pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as follows:

1. I am a Principal of Ernst & Young LLP ("EY LLP"). I provide this Supplemental Declaration (the "Supplemental Declaration") on behalf of EY LLP in support of the application (the "Application") of the above-captioned debtors (the "Debtors") to retain EY LLP as their tax services provider, *nunc pro tunc* to November 28, 2022 [Docket No. 284]. This Supplemental Declaration supplements my original declaration that was filed with this Court on December 21, 2022 [Docket Nos. 284-285, 298, 300] (the "Initial Declaration").[2]

2. The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Initial Declaration.

were reviewed by me or professionals of EY LLP and EY US LLP or employees of other member firms of EYGL under my supervision and direction.

3. The following EY LLP personnel and contractors are expected to lead the Services described in the statement of work attached as Exhibit A-2 to my Initial Declaration.

| Name | Level | Rate |
|---|---|---|
| Kristie Lowery | National Partner/Principal | $990 |
| Donna McComber | National Partner/Principal | $990 |
| Matthew Stevens | National Partner/Principal | $990 |
| Thomas Shea | Partner/Principal | $825 |
| Doug Bailey | Partner/Principal | $825 |
| Mike O'Brien | Partner/Principal | $825 |
| Thomas Knoeller | Partner/Principal | $825 |
| Tara Ferris | Partner/Principal | $825 |
| Bushra Sayed-Ganguly | Partner/Principal | $825 |
| Charlie Gengler | Partner/Principal | $825 |
| PJ Stratton | Partner/Principal | $825 |
| Anne Farrar | Partner/Principal | $825 |
| Alex Cotopoulis | Managing Director | $775 |
| Matthew Musano | Senior Manager | $650 |
| Jim Scott | Client-Serving Contractor[3] | $600 |
| David Hammon | Manager | $525 |

4. In paragraph 23 of my Initial Declaration, I disclosed that on November 29, 2022, Joel Edwards of EY Bermuda Ltd. and Eleanor Fisher of EY Cayman Ltd. (both EYGL member firms) were appointed to serve as JPLs of BlockFi International in the Bermuda Proceedings pursuant to the JPL Appointment Order.

5. As stated in paragraph 25 of my Initial Declaration, separate teams will support (i) EY LLP's work with the Debtors and (ii) the JPLs. Also as stated in paragraph 25 of my Initial Declaration, the EY LLP Debtor team will keep information related to their engagement confidential from the JPL team, and the JPL team will keep information related to their engagement confidential from the EY LLP Debtor team. In addition, EY LLP personnel will not assist the

---

[3] Mr. Scott's declaration of disinterestedness is forthcoming.

BlockFi JPLs in the performance of their duties.  EY LLP currently does not foresee a circumstance in which it would provide services to the Debtors that relate to potential claims or disputes with BlockFi International or its affiliates.  EY LLP Debtor team personnel will recuse themselves from any involvement in disputes between the Debtors and BlockFi International and its affiliates.

6. EY LLP is not presently aware of any situation relating to these chapter 11 cases in which it was unable to disclose engagements of non-U.S. EYGL member firms.

7. Accordingly, to the best of my knowledge, information and belief, EY LLP (a) does not hold or represent an interest adverse to the Debtors' estates, and (b) is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as required under section 327(a) of the Bankruptcy Code.  Moreover, to the best of my knowledge, information and belief, EY LLP's retention is not prohibited or restricted by Bankruptcy Rule 5002.  Accordingly, I believe that EY LLP is eligible for retention by the Debtors under section 327(a) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  January 13, 2023

/s/ Thomas M. Shea
Thomas M. Shea
Ernst & Young LLP