# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 284 & 501 |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF EY LLP AS TAX SERVICES PROVIDER *NUNC PRO TUNC* TO NOVEMBER 28, 2022

Upon the application (the "Application")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ EY LLP as tax services provider *nunc pro tunc* to November 28, 2022; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary;

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Application.

and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Application and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ EY LLP as tax services provider in these Chapter 11 Cases, pursuant to Bankruptcy Code Section 327(a), *nunc pro tunc* to November 28, 2022, and to pay fees and reimburse expenses to EY LLP on the terms specified in the Engagement Letters, as modified by the provisions of this Order.

3. EY LLP shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules of this Court, the U.S. Trustee Guidelines, and this Court's order regarding interim compensation of professionals retained pursuant to section 327 of the Bankruptcy Code. EY LLP shall not seek reimbursement of any attorneys' fees or costs arising from the prosecution or defense of any of EY LLP's applications for allowance of compensation and reimbursement of expenses.

4. EY LLP shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

5. All of EY LLP's applications for compensation for professional services rendered and reimbursement of expenses, pursuant to the Engagement Letters (and any supplemental engagement agreements or statements of work subsequently approved in these cases) including hourly rate fees, and any fixed fees or contingent fees, shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code.  All of EY LLP's applications for compensation for professional services rendered and reimbursement of expenses shall comply with the requirements of Bankruptcy Rule 2016(a), and of Local Rule 2016-2, including all information and time keeping requirements of Local Rule 2016-2(d) and (e), except that EY LLP shall be permitted to keep professional time records in half-hour increments for any fixed or contingent fees only.

6. Notwithstanding anything to the contrary in the Application, the declaration of Thomas M. Shea (the "Shea Declaration"), or the Engagement Letters, the Indemnification Provisions are hereby modified as follows:

(a) EY LLP, the other EY Firms, and the EY Persons (as defined in the Engagement Letters, and hereinafter the "Indemnified Parties") shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letters for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b) the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Parties' gross negligence, willful misconduct, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege breach of the Indemnified Parties' contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in

        clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letters, as modified by this Order; and

    (c)  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Parties must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving such payment.  This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Parties.  All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, and/or reimbursement.

7.    Any limitation of liability provisions in the Engagement Letters, including those set forth in paragraphs 13 and 15 of the Master Services Agreement, and in any supplemental engagement agreements or statements of work subsequently approved in these cases, shall have no force or effect for services rendered pursuant to this Order.

8.    Notwithstanding anything in the Application, the Shea Declaration, or the Engagement Letters to the contrary, to the extent that EY LLP uses the services of independent contractors, or subcontractors (collectively, the "Contractors") in these cases, EY LLP shall (i) pass through the cost of such Contractors to the Debtors at the same rate that EY LLP pays the Contractors; and (ii) seek reimbursement only for actual costs of the Contractors.  Contractors

4

for whom EY LLP seeks to pass through hourly-based fees or costs to the Debtors shall be subject to the same conflict checks as required for EY LLP, and such Contractors shall file with the Court such disclosures as required in Bankruptcy Rule 2014.

9. Notwithstanding anything in the Application, the Shea Declaration, or the Engagement Letters to the contrary, EY LLP shall seek reimbursement from the Debtors' estates for its engagement-related expenses at EY LLP's actual cost paid.

10. Within fourteen (14) days after any qualified bid deadline in these cases, EY LLP will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of EY LLP to such potential counterparties.

11. EY LLP shall provide five (5) business days' notice to the Debtors, the U.S. Trustee and the Official Committee of Unsecured Creditors (the "Committee") in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee, the Committee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

12. To the extent the Debtors and EY LLP enter into any additional engagement letters, the Debtors shall file notices of such additional engagement letters with the Court, and serve any additional engagement letters on the applicable notice parties. To the extent any of those parties object, within ten days of such new engagement letters being served, to the additional services to be provided by EY LLP, the Debtors will promptly seek a hearing before the Court. All additional services will be subject to the provisions of this Order. To the

extent no related timely objections are filed, such additional engagement letters shall be deemed approved pursuant to this Order, and shall be subject to all the terms of this Order.

13. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

14. To the extent that the express terms of this Order are inconsistent with the Application, the Shea Declaration, the Engagement Letters, or any supplemental engagement agreements or statements of work subsequently approved in these cases, the express terms of this Order shall govern.

15. All fees and expenses incurred by EY LLP and approved by the Court shall be treated as administrative expenses under section 503 of the Bankruptcy Code.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application or the implementation of this Order.

Dated: January 17th, 2023
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE