# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FTX TRADING LTD., et al.,[1] | ) ) ) | Case No. 22-11068 (JTD) |
|  | ) ) | (Jointly Administered) |
| Debtors. | ) ) ) | **Ref. Docket No. 270, 271, 277, 278, 280 & 281** |

## STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING U.S. TRUSTEE'S OBJECTIONS TO RETENTION OF CERTAIN PROFESSIONALS OF DEBTORS

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (collectively, "FTX" or the "Debtors"), by and through its undersigned proposed counsel, hereby submits this statement (the "Statement") in connection with the *Objection of the United States Trustee to Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 496] (the "UST S&C Objection") *and the Omnibus Objection of the United States Trustee to Debtors' Application to Retain AlixPartners, LLP and Quinn Emanuel Urquhart & Sullivan, LLP* [Docket No. 498] (the "UST Omnibus Retention Objection" and with the UST S&C Objection, the "UST Objections"). The Committee, in support of this Statement, respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in the FTX Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1.      The UST Objections primarily focus on the inability of the Debtors, and thus their chosen advisors, to investigate the fraud-laden downfall of FTX based upon an incorrect technical reading of sections 1106 and 1107 of the Bankruptcy Code. The United States Trustee (the "U.S. Trustee") misinterprets those provisions and concludes that the only party that can properly conduct an investigation into the affairs of the Debtors is the examiner that it seeks to have appointed in these cases. *See Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [Docket No. 176] (the "Examiner Motion"). But, in its effort to bolster its Examiner Motion (which will not be heard until February 6, 2023), the U.S. Trustee ignores (i) the role of the Committee, which, pursuant to section 1103(c)(2) of the Bankruptcy Code, is granted the same statutory authority to investigate a debtor's pre-petition conduct as a trustee and any examiner and (ii) the plain and practical reading of sections 1106 and 1107, which permits a debtor in possession to conduct an investigation, but does not require it. To the first point, the Committee is already exercising the power expressly granted to it under the Bankruptcy Code and has commenced its investigation into the downfall of FTX. Consistent with its mandate, the Committee is working tirelessly to uncover the fraud in its entirety, recover as many assets as possible and is working with the Debtors to move as expeditiously as they can under the circumstances to make full and fair distributions to the Debtors' creditors, including its customers. On the second point, the law is clear that a debtor is permitted, but is not required to, investigate all matters relevant to its case and to the formulation of a plan, but has to be mindful of conflicts given the oft-cited concern with a debtor investigating itself.

2.      The U.S. Trustee asserts that the powers granted to a debtor in possession under section 1107(a) of the Bankruptcy Code mirror those granted to a trustee or an examiner pursuant to section 1106(a) of the Bankruptcy Code, except, in relevant part, for the investigatory duties

enumerated in subsection (3) thereof. Specifically, section 1106(a)(3) of the Bankruptcy Code provides that:

> [a] trustee shall . . . investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan . . . .

11 U.S.C. § 1106(a)(3). In turn, section 1107(a) of the Bankruptcy Code provides, in relevant part, that:

> a debtor in possession shall have the all the rights . . . and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3) and (4) of this title, of a trustee . . . .

11. U.S.C. § 1107(a). Together, the U.S. Trustee asserts, the investigatory obligation under section 1106(a)(3) is expressly reserved for a trustee or, if appointed, an examiner. *See* UST S&C Objection at ¶ 6; UST Omnibus Retention Objection at ¶ 19.

3.      It simply cannot be the case that any debtor in possession is dispossessed of the ability to investigate its affairs and must place that right in the hands of an examiner. Rather, mindful of conflicts arising from investigating itself, a debtor must address its assets and liabilities, as the primary force behind a plan of reorganization or sale. The situation is no different here. *See, e.g.*, *In re Johnson*, 546 B.R. 83, 163 (Bankr. S.D. Ohio 2016) (recognizing that section 1107's exemption does not mean "anything more than that a debtor in possession is **not required** to 'investigate itself'") (emphasis added); *In re Curry & Sorensen, Inc.*, 57 B.R. 824, 828 (B.A.P. 9th Cir. 1986) ("While pursuant to Section 1107(a) of the Code, a debtor in possession is **not required** to investigate and report under Sections 1106(a)(3) and (4), the debtor's directors bear essentially the same *fiduciary* obligation to creditors and shareholders as would a trustee for a debtor out of possession.") (first emphasis added).

4.       Nevertheless, with the U.S. Trustee having moved for the appointment of an examiner, it is not surprising that the U.S. Trustee concludes that an examiner is the only party that can conduct the investigation of FTX pursuant to section 1106(a)(3). But, as noted above, this conclusion ignores the critical role of the Committee, both statutorily and practically, in these cases. Section 1103(c)(2) of the Bankruptcy Code provides:

> [a] committee . . . may . . . investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan . . . .

11 U.S.C. § 1103(c)(2). Indeed, the language regarding the investigatory power of the Committee is *identical* to that of a trustee or an examiner.[2]

5.       In furtherance of this express authority, the Committee started its investigation into the FTX fraud from the moment the Committee selected its first advisor in the Chapter 11 Cases. To date, in addition to myriad other tasks, the Committee has been working independently and with the Debtors to properly map the Debtors' assets (regardless of in whose hands those assets are held), the extent of the Debtors' liabilities, and the claims and causes of action available to the Debtors' bankruptcy estates.[3] The Committee also has launched an investigation, through informal discovery requests, into the role that all professionals and employees connected to FTX played and the potential causes of action against those parties (and others).[4] In short, the Committee's

---

[2] The Committee is also authorized to seek the appointment of an examiner pursuant to section 1103(c)(4), but, as will be argued in its forthcoming opposition to the Examiner Motion, it does not believe that an examiner is appropriate in these Chapter 11 Cases.

[3] The Committee has requested access to the work product of the Debtors' advisors in connection with their investigation as well as access to the Debtors' books, records and other data in order to properly conduct the Committee's investigation. Although certain information has been provided to the Committee to date, the Committee expects full cooperation on an ongoing basis.

[4] The Committee believes that proceeding on an informal basis saves time and avoids the need for costly motion practice, but it is very likely that the Committee eventually will need to seek formal discovery pursuant to Federal Rule of Bankruptcy Procedure 2004.

investigative efforts are well underway and, in conjunction with the efforts of the Debtors' professionals, will continue until a fair distribution of all of the Debtors' existing and recovered assets is complete.

6. With respect to the specific professional retention applications scheduled to be heard on January 20, 2023, the Committee does not have any present objection and does not share the U.S. Trustee's concerns regarding the Debtors' retention of Sullivan & Cromwell LLP ("S&C"). S&C provided supplemental information to the Committee regarding its pre-petition work for certain of the Debtors in response to requests made to it by the Committee and the U.S. Trustee. Based upon that information and discussions with representatives of S&C, the Committee believes that S&C should be retained.[5] Moreover, the disruption and expense to the Chapter 11 Cases that would result from a denial of S&C's retention would not be in the best interests of the estates. S&C has performed a substantial amount of work and its efforts are integral to these cases.

7. The Committee also notes that the retention of a professional does not provide that professional with a release. Rather, it simply authorizes the professional to formally act on behalf of the party seeking its retention and allows the professional to apply for compensation under the Bankruptcy Code and the Bankruptcy Rules. To the extent that the Committee uncovers anything in its ongoing investigation that might impact the disinterestedness or potential liability of any Debtor-retained professional based upon that professional's pre-petition relationships to the Debtors or a related party, that matter can be addressed at that time, including in the context of compensation requests.

---

[5] The U.S. Trustee did not object to the Debtor's retention of Quinn Emanuel ("Quinn"), arguing only that its work is restricted by section 1107(a) of the Bankruptcy Code, as summarized above. The Committee requested and received certain information from Quinn regarding its retention, and the Committee, too, has no issue with Quinn's retention.

Case 22-11068-JTD    Doc 508    Filed 01/17/23    Page 6 of 6

| | |
|---|---|
| Dated: January 17, 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Robert F. Poppiti, Jr.*<br>Matthew B. Lunn (No. 4119)<br>Robert F. Poppiti, Jr. (No. 5052)<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mlunn@ycst.com<br>          rpoppiti@ycst.com<br><br>-and-<br><br>PAUL HASTINGS LLP<br>Kristopher M. Hansen*<br>Luc A. Despins*<br>Kenneth Pasquale*<br>Erez E. Gilad*<br>Gabriel E. Sasson*<br>Isaac S. Sasson*<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:  (212) 318-6000<br>Facsimile:  (212) 319-4090<br>Email: krishansen@paulhastings.com<br>          lucdespins@paulhastings.com<br>          kenpasquale@paulhastings.com<br>          erezgilad@paulhastings.com<br>          gabesasson@paulhastings.com<br>          isaacsasson@paulhastings.com<br><br>*\*Admitted pro hac vice*<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |

6