# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: February 8, 2023 at 1:00 P.M. (ET)<br>Objection Deadline: February 1, 2023 at 4:00 P.M. (ET) |

**APPLICATION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 328, 330 AND 1103 OF THE BANKRUPTCY CODE, AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS <u>OF DECEMBER 20, 2022</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby submits this application (this "<u>Application</u>") for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), pursuant to sections 328, 330 and 1103 of title 11 of the United States Code, 11 U.S.C. § § 101, et seq. (the "<u>Bankruptcy Code</u>"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), authorizing the Committee to retain and employ the law firm of Paul Hastings LLP ("<u>Paul Hastings</u>"), effective as of December 20, 2022, as lead counsel to the Committee in connection with the Chapter 11 Cases. In support of this Application, the Committee submits the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

declaration of Erez E. Gilad (the "Gilad Declaration")[2] attached hereto as Exhibit B, and the declaration of Alex van Voorhees, on behalf of GGC International, Ltd., Co-Chair of the Committee (the "Committee Declaration"), attached hereto as Exhibit C. In further support of the Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On November 11 and November 14, 2022, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been appointed in the Chapter 11 Cases.

3. On December 20, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") filed the *Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 261][3] appointing the following members to the Committee:

---

[2] Pursuant to the *Interim Order (I) Authorizing the Debtors to Maintain A Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on an Interim Basis and (III) Granting Certain Related Relief* [D.I. 157], and as extended by the Court during the hearing held on January 11, 2023, the names of all customers, as well as individuals whom the Debtors believe may be citizens of the United Kingdom or a European Union member country, are redacted.

[3] The notice amended the initial *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 231] issued by the U.S. Trustee on December 15, 2022, to reflect the addition and correction of certain contact information for certain of the Committee members.

Zachary Bruch, Coincident Capital International, Ltd., GGC International Ltd., Octopus Information Ltd., Pulsar Global Ltd., Larry Qian, Acaena Amoros Romero, Wincent Investment Fund PCC Ltd. and Wintermute Asia PTE. Ltd.

4. On December 20, 2022, the Committee selected Paul Hastings to serve as its lead counsel, subject to this Court's approval. The Committee has also selected (a) Young Conaway Stargatt & Taylor LLP ("YCST") to serve as its Delaware and conflicts counsel, (b) FTI Consulting, Inc. ("FTI") to serve as its financial advisor, and (c) Jefferies Group LLC ("Jefferies") to serve as its investment banker, in each case, subject to this Court's approval.

## RELIEF REQUESTED

5. By this Application, the Committee seeks the entry of the Proposed Order, pursuant to sections 328(a), 330(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, and, to the extent required by the foregoing, the guidelines adopted by the Executive Office for the United States Trustees,[4] authorizing the Committee to retain and employ Paul Hastings as lead counsel to the Committee, effective as of December 20, 2022, the date the Committee selected Paul Hastings and the date on which Paul Hastings began rendering services to the Committee.

## BASIS FOR RELIEF

6. Section 1103(a) of the Bankruptcy Code provides that an official statutory committee may, with the Court's approval, "select and authorize the employment … of one or more attorneys, accounts, or other agents, represent or perform services for such committee." 11 U.S.C. § 1103(a). The Committee believes that Paul Hastings is well qualified to represent the

---

[4] To the extent the Application does not comply in every respect with such requirements, the Committee respectfully requests a waiver for any such non-compliance.

Committee in these Chapter 11 Cases, and that the retention of Paul Hastings as lead counsel to the Committee is necessary, appropriate and in the best interests of the Committee and general unsecured creditors.

## Paul Hastings' Qualifications

7. The Committee believes that Paul Hastings, as one of the largest law firms in the world, with a national and international practice, has substantial experience and expertise in virtually all aspects of law that may be relevant to these Chapter 11 Cases. In particular, Paul Hastings has extensive bankruptcy and restructuring, fintech and payments, corporate, finance, intellectual property, litigation, real estate, labor and employment, securities, and tax expertise. Paul Hastings' financial restructuring group provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances. Paul Hastings' lawyers have played a significant role in many of the largest and most complex restructurings and chapter 11 cases, including, among many others:[5] (a) the official creditors' committees in the chapter 11 cases of, among others, *Aceto*, *Advanced Glassfiber Yarns, Dayton Superior*, *Enron*, *EP Energy*, *Extraction Oil & Gas, Fieldwood Energy*, *Formica*, *Global Brands Group*, *ICO Global*, *K-V Pharmaceutical Company*, *Lehman Brothers*, *LSC Communications*, *Molycorp*, *NewPage Corporation*, *OneWeb*, *Refco*, *Sable Permian Resources*, *The McClatchy Company,* and *Tropicana Entertainment*; (b) ad hoc committees and significant creditors in the chapter 11 cases of, among others, *American Gilsonite Company*, *Avaya*, *Brookstone*, *Caesars*, *Carlson Wagonlit Travel*, *Cenveo, Core Scientific, Inc.*, *Deluxe Entertainment*, *Guitar Center*, *J.C. Penney*, *Monitronics International*, *New Gulf Resources*, *Party City*, *PG&E Corporation*, *Pyxus*, *Sandy Creek*, *Seadrill Limited*,

---

[5] This list includes representations lead by Paul Hastings attorneys while at Paul Hastings and/or prior law firms.

4

*Sears*, *SFX Entertainment, Toys "R" Us*, *Trump Entertainment Resorts, Inc.*, *Texas Petrochemical Corp.*, *The Great Atlantic & Pacific Tea Co.*, and *TPC Group*; and (c) debtors in the chapter 11 cases of, among others, *Compute North*, *Cred, Inc.*, *Fruit of the Loom*, *GT Advanced Technologies, Inc.*, *Haggen, Inc. Quotient Limited*, and *Recoton*. Paul Hastings' lawyers also play a lead role as counsel to the official creditors' committee in Puerto Rico's cases under Title III of PROMESA. Accordingly, the Committee believes that Paul Hastings is well qualified to serve the Committee as lead counsel.

8. The Committee considered the requests for retention made by various law firms and interviewed multiple firms before selecting Paul Hastings as its lead counsel. Consistent with the foregoing, the Committee believes that it had sufficient information to make an informed decision to retain and employ Paul Hastings.

### Services to Be Provided

9. The professional services to be rendered by Paul Hastings as lead counsel to the Committee include, without limitation, the following:

(a) advise the Committee with respect to the Committee's powers and duties under section 1103 of the Bankruptcy Code;

(b) assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors;

(c) assist the Committee with respect to its analysis of claims against the Debtors, negotiations with holders of claims, and the potential objections to the priority, amount, subordination or avoidance of claims and/or transfers of property in consideration of such claims;

(d) assist the Committee in its review, analysis and negotiation of any potential compromises or settlements and the assumption and rejection or executory contracts and unexpired leases;

(e) advise the Committee with respect to, and take all necessary actions to protect and preserve, the interests of the Committee and unsecured creditors generally, including the Committee's (i) analysis and investigation of potential claims and causes of action (including, without

5

     limitation, an analysis and investigation of prepetition transactions involving third parties, any avoidance actions and any other potential claims or causes of action of the Debtors and/or the Debtors' estates), (ii) potential prosecution of any claims or causes of action on the behalf of the Committee and/or the Debtors' estates, (iii) negotiations concerning all litigation in which the Debtors are involved or impacted, and (iv) the performance of other diligence and independent analysis as may be requested by the Committee;

(f)   assist the Committee in connection with any proposed sale of any of the Debtors' assets or businesses;

(g)   assist the Committee in connection with any chapter 11 plan, disclosure statement and related documentation that may be filed in the Chapter 11 Cases;

(h)   represent the Committee in connection with matters generally arising in these Chapter 11 Cases, including in connection with any hearings, conferences, mediations or other proceedings pending before the Court, any other federal, state or appellate court, or the Office of the United States Trustee, as well as any other ancillary proceedings related to or in connection with the Debtors and/or the Chapter 11 Cases, including the Chapter 15 proceedings and any proceedings related to the Debtors pending in non-U.S. jurisdictions;

(i)   review, analyze and/or prepare, on behalf of the Committee, any pleadings, including without limitation, motions, applications, orders, memoranda, complaints, answers, objections, replies, responses, and papers with respect to any of the foregoing;

(j)   assist and advise the Committee in its consultations, meetings and negotiations with the Debtors, creditors and other parties-in-interest;

(k)   respond to inquiries, as appropriate, from individual creditors and customers as to the status of, and developments in, these Chapter 11 Cases; and

(l)   perform all other legal services as may be required or otherwise requested by the Committee in connection with the Chapter 11 Cases.

10.   By separate applications, the Committee will seek to retain and employ (a) YCST to serve as Delaware and conflicts counsel, (b) FTI, as financial advisor, and (c) Jefferies, as investment banker, in each case, to assist the Committee in connection with the

Chapter 11 Cases. Paul Hastings will coordinate with YCST and such other firms in an attempt to avoid duplication of effort.

11. The Committee believes that Paul Hastings will provide the necessary services to the Committee in a cost-effective, efficient and expert manner.

## Professional Compensation

12. The Committee understands that Paul Hastings will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any orders of the Court, including any interim compensation procedures order.

13. The Committee further understands that Paul Hastings will seek compensation for its legal services based on its standard hourly rates then in effect, plus reimbursement of actual, necessary expenses incurred by Paul Hastings, in connection with services performed on behalf of the Committee. The current standard hourly rates of the Paul Hastings attorneys and paraprofessionals expected to assist the Committee are set forth below:

| Title | U.S. Hourly Rate Range[6] |
|---|---|
| Partners | $1,385 - $1,935 |
| Of Counsel | $1,310 - $1,860 |
| Associates | $755 - $1,230 |
| Paraprofessionals | $240 - $580 |

---

[6] For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency. When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

Additional attorneys and paraprofessionals from Paul Hastings may from time to time also provide services to the Committee in connection with the Chapter 11 Cases to further assist the Committee. Paul Hastings' hourly rates are subject to periodic adjustments. Paul Hastings will only charge its regular hourly rates in effect at the time services are rendered to the Committee.

        14.      The Committee understands that the hourly rates set forth above are Paul Hastings' standard hourly rates for work of this nature, and that these rates are set at a level designed to fairly compensate Paul Hastings for the work of its attorneys based on each professional's level of experience and to cover fixed and routine overhead expenses. The Committee believes that these rates are reasonable and commensurate with the hourly rates of other firms of similar size and expertise.

        15.      The Committee further understands that Paul Hastings will also seek reimbursement for expenses incurred in connection with the rendering of services to the Committee, including transportation, photocopying, delivery services, postage and package delivery, vendor charges, court fees, transcript costs, computer-aided research, airfare, "work" meals and overtime meals, lodging and other out-of-pocket expenses incurred in connection with providing professional services to the Committee.

        16.      Paul Hastings will maintain detailed contemporaneous records of time and any costs and expenses incurred in connection with the rendering of legal services described above. The Committee understands that it is Paul Hastings' policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases.

        17.      Paul Hasting, acting at the direction of the Committee, will include in its fee applications a request for the reimbursement of the expenses of Committee members incurred in connection with their service on the Committee.

18. It is the Committee's understanding that, subject to any interim compensation orders entered by the Court, Paul Hastings shall submit interim and final fee applications that shall be subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and, to the extent required by the foregoing, the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "Appendix B Guidelines"). The Committee understands that all allowed compensation and expenses of Paul Hastings will be paid by the Debtors and their estates (and other chapter 11 debtor(s), if any, for which the Committee acts as the official committee of unsecured creditors). The Committee understands that under no circumstances shall the Committee members be responsible for the payment of Paul Hastings' fees and expenses.

19. The Committee believes that, in light of the nature and complexity of the Chapter 11 Cases and Paul Hastings' qualifications and the above rates, the terms and conditions of Paul Hastings' employment are reasonable.

**Statement Regarding U.S. Trustee Guidelines**

20. Paul Hastings intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures set forth in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed with this Court during the course of Paul Hastings' engagement.

**Retroactive Relief**

21. The Committee requests that Paul Hastings' employment and retention be approved effective as of December 20, 2022, the date that Paul Hastings was selected to represent the Committee and began substantive work on behalf of the Committee. Such relief is

warranted due to the immediate and urgent need for legal services immediately upon Paul Hastings' selection. *See, e.g., In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986).

### Disclosure of Connections

22. The Gilad Declaration sets forth, as required by Bankruptcy Rule 2014(a), to the best of Paul Hastings' knowledge, all of Paul Hastings' known connections with the Debtors, creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

23. Based on the Gilad Declaration, the Committee believes that (a) Paul Hastings is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and (b) except as may be set forth in the Gilad Declaration, neither Paul Hastings nor any partner, counsel, or associate thereof holds or represents any other entity having an adverse interest in connection with the Chapter 11 Cases.

24. The Committee has been advised that in the event Paul Hastings discovers any additional connections to parties-in-interest in the Chapter 11 Cases or any additional information pertinent to this Application under the requirements of Bankruptcy Rule 2014, Paul Hastings will provide supplemental disclosures to the Court.

### NOTICE

25. Notice of this Application will be provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel to the Debtors, (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Department of Justice; (vi) the United States Attorney for the District of Delaware, and (vii) to the extent not listed herein, any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that no further notice is required.

## NO PRIOR REQUEST

26. No previous request for the relief sought in this Application has been made by the Committee to this or any other court.

## CONCLUSION

27. Based on this Application, the Gilad Declaration and the Committee Declaration, the Committee respectfully submits that the employment and retention of Paul Hastings as lead counsel to the Committee, on the terms set forth herein, is necessary and warranted and should be approved.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Committee respectfully requests that the Court enter the Proposed Order authorizing the Committee to retain and employ the law firm of Paul Hastings, effective as of December 20, 2022, and grant the Committee such other and further relief as the Court deems just and proper.

Dated: January 18, 2023

> THE OFFICIAL COMMITTEE OF
> UNSECURED CREDITORS OF FTX
> TRADING LTD, *ET AL.*
>
> */s/ Alex van Voorhees*
> By: Alex van Voorhees of GGC International
> Ltd., solely in its capacity as the Co-Chair of
> the Official Committee of Unsecured Creditors