IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: February 8, 2023 at 1:00 p.m. (ET)<br>Objection Deadline: February 1, 2023 at 4:00 p.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL, EFFECTIVE AS OF DECEMBER 22, 2022**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully submits this application (this "Application"), pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Committee to retain and employ Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") as co-counsel in connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases"), effective as of December 22, 2022. In support of this Application, the Committee relies upon the declaration of Matthew B.

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

29994018.6

Lunn, attached hereto as **Exhibit B** (the "Lunn Declaration"),[2] and the declaration of Alex van Voorhees, on behalf of GGC International, Ltd., in his capacity as the co-chair of the Committee, attached hereto as **Exhibit C** (the "Voorhees Declaration"). In further support of this Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over the Chapter 11 Cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

4. On November 11, 2022 and November 14 (as applicable, the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their assets as debtors in possession.

5. On December 15, 2022, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee, which currently consists of the following nine

---

[2] Pursuant to the *Interim Order (I) Authorizing the Debtors to Maintain A Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on an Interim Basis and (III) Granting Certain Related Relief* [Docket No. 157], and as extended by the Court during the hearing held on January 11, 2023, the names of all customers, as well as individuals whom the Debtors believe may be citizens of the United Kingdom or a European Union member country, are redacted.

members: (1) Zachary Bruch; (2) Coincident Capital International, Ltd.; (3) GGC International Ltd.; (4) Octopus Information Ltd.; (5) Pulsar Global Ltd.; (6) Larry Qian; (7) Acaena Amoros Romero; (8) Wincent Investment Fund PCC Ltd.; and (9) Wintermute Asia PTE. Ltd. *See* Docket No. 231.

6. On December 20, 2022, the Committee selected Paul Hastings LLP ("Paul Hastings") as its proposed lead counsel, and Young Conaway was selected as proposed co-counsel on December 22, 2022. Also on December 22, 2022, the Committee selected FTI Consulting, Inc. ("FTI") as its proposed financial advisor, and on December 23, 2022, the Committee selected Jefferies Group LLC ("Jefferies") as its proposed investment banker.

## RELIEF REQUESTED

7. By this Application, the Committee seeks to retain Young Conaway as co-counsel, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, effective as of December 22, 2022.

## BASIS FOR RELIEF

8. The Committee seeks to employ and retain Young Conaway as co-counsel, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, on the terms set forth in this Application and the Lunn Declaration. Section 1103(a) of the Bankruptcy Code provides that an official committee appointed under Section 1102 of the Bankruptcy Code may, with the Court's approval, "select and authorize the employment . . . of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). The Committee believes that Young Conaway's employment as co-counsel is appropriate, necessary and in the best interests of the Debtors' general unsecured creditors and that, for the reasons described herein, the Application should be approved.

9. The Committee respectfully submits that it is necessary and appropriate for it to retain Young Conaway to, among other things:

(a) advise the Committee with respect to its rights, powers, and duties in connection with these Chapter 11 Cases and all related and ancillary proceedings, including, without limitation, any adversary proceedings and foreign recognition proceedings (including *In re FTX Digital Markets Ltd.*, Case No. 22-11217 (JTD));

(b) represent the Committee in connection with matters generally arising in these Chapter 11 Cases, including in connection with any hearings, conferences, mediations or other proceedings pending before the Court, any other federal, state or appellate court, or the Office of the United States Trustee, as well as any other ancillary proceedings related to or in connection with the Debtors and/or the Chapter 11 Cases, including foreign recognition proceedings and any proceedings related to the Debtors pending in non-U.S. jurisdictions;

(c) assist and advise the Committee in consulting with the Debtors regarding the administration of these Chapter 11 Cases;

(d) assist the Committee in its review, analysis and negotiation of any potential compromises or settlements and the assumption and rejection of executory contracts and unexpired leases;

(e) assist with the Committee's investigation of the acts, conduct, assets, liabilities, intercompany relationships, claims and financial condition of the Debtors, the existence of estate causes of action, and the Debtors' businesses, including, without limitation, reviewing and investigating prepetition transactions, the operation of the Debtors' businesses, and the desirability of the continuance of such businesses;

(f) assist and advise the Committee in connection with any sale of the Debtors' assets, including negotiating bid procedures and proposed asset purchase agreements;

(g) assist and advise the Committee in the formulation, review, analysis, and negotiation of any chapter 11 plan(s) that may be filed and the accompanying disclosure statement;

(h) take all necessary actions to protect and preserve the interests of the Committee and creditors holding general unsecured claims against the Debtors' estates, including (i) the investigation and possible prosecution of actions enhancing the Debtors' estates and (ii) the review and analysis of claims filed against the Debtors' estates;

(i) assist the Committee in protecting, preserving, and maximizing the value of the Debtors' estates;

(j) assist and advise the Committee with respect to its communications with the Debtors' unsecured creditor body regarding significant matters in these Chapter 11 Cases;

    (k) represent the Committee at all hearings and other proceedings;

    (l) review and analyze applications, orders, statements, and schedules filed with the Court and advise the Committee with respect thereto;

    (m) prepare such pleadings, including, without limitation, motions, applications, orders, memoranda, complaints, answers, objections, replies, and responses and applications as may be necessary in furtherance of the Committee's interests and objectives;

    (n) respond to inquiries, as appropriate, from individual creditors and customers as to the status of, and developments in, these Chapter 11 Cases; and

    (o) perform such other legal services as may be required and are in the interests of the Committee in accordance with the Committee's rights, powers, and duties as set forth in the Bankruptcy Code.

    10. Young Conaway will coordinate with Paul Hastings, FTI and Jefferies (and any other professionals retained by the Committee) to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

    11. The Committee has selected Young Conaway because of its extensive experience and outstanding reputation handling complex bankruptcy matters, litigation matters, business reorganizations, restructurings, and liquidations under the Bankruptcy Code, as well as its experience and knowledge in practicing before the Court. The Committee believes that Young Conaway is well qualified and able to represent the Committee as co-counsel in a cost-effective, efficient, and timely manner, and to work with Paul Hastings to deal effectively with the many potential legal issues that may arise in these Chapter 11 Cases and any related and ancillary proceedings.

    12. Compensation will be payable to Young Conaway on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Young Conaway. The principal attorneys and paralegals presently anticipated to represent the Committee and their current standard hourly rates are:

| Timekeeper | 2022 Hourly Rate | 2023 Hourly Rate |
|---|---|---|
| Matthew B. Lunn | $915.00 | $1,025.00 |
| Robert F. Poppiti, Jr. | $795.00 | $890.00 |
| Michael S. Neiburg | $800.00 | $900.00 |
| Jared W. Kochenash | $500.00 | $560.00 |
| Debbie Laskin (paralegal) | $335.00 | $365.00 |

13. Upon prior notice to the Committee, the hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys and paralegals from Young Conaway may from time to time also serve the Committee in connection with the matters described herein.

14. The Committee has been advised that the hourly rates set forth above are Young Conaway's standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The Committee has been advised by Young Conaway that it is Young Conaway's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. Customary expenses include, among other things, mail and express mail charges, special or hand delivery charges, document processing and photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research charges, transcription costs, and other fees related to trials and hearings, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15. It is the Committee's understanding that Young Conaway intends to apply to the Court for allowance of compensation for professional services rendered in connection with these Chapter 11 Cases based on its customary hourly rates then in effect, and to request reimbursement of expenses, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

16. To the best of the Committee's knowledge, information, and belief based on, among other things, the Lunn Declaration, Young Conaway does not represent any entity having an adverse interest in connection with these Chapter 11 Cases, and does not have any connection with creditors or any other parties in interest except as set forth in the Lunn Declaration.

17. In the event that Young Conaway discovers any connections with any creditor or any other party in interest in these Chapter 11 Cases, or any information pertinent to this Application under the requirements of Bankruptcy Rule 2014, Young Conaway will promptly disclose such connections and information to the Court in a supplement to the Lunn Declaration.

## **NOTICE**

18. Notice of this Application has been provided to: (i) the Debtors; (ii) the U.S. Trustee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Department of Justice; (vi) the United States Attorney for the District of Delaware; and (vii) to the extent not already listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the filing of this Application. In light of the nature of the relief requested, the Committee submits that no further notice is required.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court enter the Proposed Order, authorizing the Committee to retain and employ Young Conaway as co-counsel, effective as of December 22, 2022, and granting such other and further relief as is just and proper.

Dated: January 18, 2023

        THE OFFICIAL COMMITTEE OF
        UNSECURED CREDITORS OF FTX
        TRADING LTD, *ET AL.*

        */s/ Alex van Voorhees*
        By: Alex van Voorhees of GGC International
        Ltd., solely in its capacity as the Co-Chair of
        the Official Committee of Unsecured Creditors