**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: February 8, 2023 at 1:00 p.m. (ET) |
| | **Objection Deadline**: February 1, 2023 at 4:00 p.m. (ET) |

**DEBTORS' SUPPLEMENT TO APPLICATION FOR AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF PERELLA WEINBERG PARTNERS LP AS INVESTMENT BANKER TO THE DEBTORS *NUNC PRO TUNC* TO NOVEMBER 16, 2022 AND (II) WAIVING CERTAIN REPORTING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(H)**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this supplement (this "Supplement") to the *Debtors' Application for an Order (I) Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors* nunc pro tunc *to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(h)* (the "Application")[2] and request entry of the revised order, substantially in the form attached hereto as **Exhibit A** (the "Revised Order")[3], (a) authorizing the retention and employment of Perella Weinberg Partners LP (and together with its corporate advisory affiliates, "PWP" or the "Firm") as their investment banker *nunc pro tunc* to November 16, 2022, pursuant to the amended and restated engagement letter dated January 8,

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   All capitalized terms not defined herein shall have the meaning ascribed them in the Application and the Amended Engagement Agreement, as applicable.

[3]   The Revised Order reflects the modified terms of the Amended Engagement Agreement as well as comments from the U.S. Trustee.

2023 (the "Amended Engagement Agreement") attached to the Revised Order as **Exhibit 1** and (b) modifying the time keeping requirements of Local Rule 2016-2 and the guidelines (the "U.S. Trustee Guidelines") established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in connection with PWP's proposed engagement by the Debtors. Certain facts supporting this Supplement and the Application are set forth in the *Supplemental Declaration of Bruce Mendelsohn in Support of Debtors' Application for an Order (I) Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors Nunc Pro Tunc to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(h)* (the "Supplemental Declaration")[4], attached hereto as **Exhibit B**. In further support of the Supplement, the Debtors respectfully state as follows:

## BACKGROUND

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

---

4       The Supplemental Declaration reflects the modified terms of the Amended Engagement Agreement as well as comments from the U.S. Trustee.

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3.    On December 21, 2022, the Debtors filed the Application requesting an order authorizing the retention of PWP as investment banker to the Debtors.  At the time the Application was filed, the Engagement Agreement provided for a Restructuring Fee payable promptly upon consummation of any Restructuring, in an amount to be mutually agreed in good faith between the Debtors and PWP and subject to court approval.  The Application did not seek approval of the Restructuring Fee.

4.    Since the filing of the Application, the Debtors and PWP negotiated and agreed to the Amended Engagement Agreement, which replaces the Restructuring Fee with a Consummation Fee (as defined in the Amended Engagement Agreement) and effects corresponding changes to PWP's overall Fee Structure. Specifically, agreement to the Consummation Fee resulted in corresponding modifications to the Transaction Value limits used to calculate the Sale Fees as well as crediting of portions of the Sale Fees and Monthly Fees against the Consummation Fee.  The parties also agreed that the Debtors will reimburse PWP for its expenses incurred in connection with preparation and approval of its engagement by the Bankruptcy Court not to exceed the increased amount of $100,000 without the consent of the Debtors (such consent not to be unreasonably withheld). By the Application and this Supplement, the Debtors seek authority to retain and employ PWP on the terms of the Amended Engagement Agreement. The Amended Engagement Agreement does not modify any other terms of the engagement from the Application.

A redline reflecting the modifications made in the Amended Engagement Agreement is attached hereto as **Exhibit C**.

5.        The Debtors and PWP negotiated the terms and conditions of the Amended Engagement Agreement at arm's length and the Amended Engagement Agreement reflects the parties' mutual agreement as to the substantial efforts that will be required in this engagement.  The terms of the Amended Engagement Agreement will govern the relationship between PWP and the Debtors.

6.        The Debtors and PWP informed the U.S. Trustee and the Committee of the terms of the Supplement and Amended Engagement Agreement.

## PROFESSIONAL COMPENSATION

7.        In consideration of the services to be provided by PWP, and as more fully described in the Amended Engagement Agreement, subject to the Court's approval, the Debtors have agreed to modify the Fee Structure as follows:[5]

(a)        Agreement to a Consummation Fee, payable promptly upon consummation of any Restructuring, equal to $25,000,000;

(b)        50% of the Monthly Fee for each of the 10th through 33rd Monthly Fees, to the extent such Monthly Fees have actually been paid or are paid to PWP, whether before or after payment of the Consummation Fees, shall be creditable, without duplication, against the Consummation Fee (for the avoidance of doubt, no such credit shall be applied for the first 9 Monthly Fees or any Monthly Fees payable after the 33rd Monthly Fee);

(c)        the Transaction Values for calculating the Sale Fee shall be modified as follows:

| Transaction Value | Fee Percentage |
| --- | --- |
| Less than $10 million | 0.00% |

---

[5]    The description of the Fee Structure in this Application is a summary. To the extent that this Application and the terms of the Amended Engagement Agreement are inconsistent, the terms of the Amended Engagement Agreement control. Capitalized terms not otherwise defined in this section have the meaning ascribed to them in the Amended Engagement Agreement.

| | |
|---|---|
| Equal to $10 million but less than $250 million | 2.50% |
| Equal to $250 million but less than $500 million | 2.00% |
| Equal to $500 million but less than $1,000 million | 1.75% |
| Equal to $1,000 million but less than $2,000 million | 1.25% |
| Equal to or greater than $2,000 million | 1.00%; |

and

(d)     With respect to any Sale Fees actually received by PWP exceeding $10 million in the aggregate, whether before or after payment of the Consummation Fee, twenty-five (25%) of any such additional Sale Fees shall be credited, without duplication, against the Consummation Fee, provided further that, for the avoidance of doubt, no portion of the first $10 million of aggregate Sale Fees shall be credited against the Consummation Fee.

8.      To the extent that the Debtors elect to terminate PWP's engagement, the Debtors have agreed that they shall be required to pay the full amount of PWP's Consummation, Financing, or Sales Fees if, during the term or within one year of such termination (a) any Consummation, Financing and/or Sale is effected, or (b) the Debtors agree to a Consummation, Financing and/or Sale, which is subsequently effected at any time.

9.      The Debtors and PWP further agreed that the Debtors will reimburse PWP for its expenses incurred in connection with preparation and approval of its engagement by the Bankruptcy Court not to exceed the increased amount of $100,000 without the consent of the Debtors (such consent not to be unreasonably withheld). Pursuant to Local Rule 2014-1(c), PWP discloses (i) that it has retained Porter Hedges LLP in connection with preparation of the Engagement and seeking approval of the Engagement from the Court; and (ii) that it has retained Mayer Brown LLP in connection with certain divestitures and asset sales of the Debtors.  PWP

will seek reimbursement of Porter Hedges LLP's and Mayer Brown LLP's fees and expenses pursuant to Local Rule 2016-2(f) and the Amended Engagement Agreement.

## JURISDICTION

10.     The Court has jurisdiction to consider the Application and this Supplement pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 327(a), 328(a) and 1107(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1, 2016-1, and 2016-2.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Supplement to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELIEF REQUESTED

11.     By the Application and this Supplement, the Debtors request entry of the Revised Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to retain and employ PWP as their investment banker in connection with these Chapter 11 Cases *nunc pro tunc* to November 16, 2022.

## BASIS FOR RELIEF

12.     The Debtors seek authority to retain and employ PWP pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval, may employ one or more professional persons "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons."  11 U.S.C. § 327(a).

13.    Relatedly, the Debtors seek approval of the terms of the Amended Engagement Agreement under section 328(a) of the Bankruptcy Code, which provides that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingency fee basis."  11 U.S.C. § 328(a).

14.    Section 328(a) of the Bankruptcy Code expressly permits compensation of professionals, such as investment bankers, on flexible terms that reflect the nature of their services and market conditions.  *See Donaldson Lufkin & Jenrette Securities Corp. v. National Gypsum (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862 (5th Cir. 1997) ("Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee)."); *see also In re Wash. Mut., Inc.*, Case No. 08-12229 (MFW), 2018 WL 704361, at *4 (Bankr. D. Del. Feb. 2, 2018) (stating that "courts 'must protect agreements and expectations' once they have been found reasonable") (quoting *In re Nat'l Gypsum Co.*).

15.    The Debtors submit that the terms and conditions of the Amended Engagement Agreement, including the modified Fee Structure, are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code considering: (i) the numerous issues that PWP may be required to address in performing its services for the Debtors pursuant to the Amended Engagement Agreement, (ii) PWP's commitment to the variable time requirements and effort necessary to address all such issues as they arise, (iii) PWP's substantial investment banking experience, (iv) the market prices for PWP's services for engagements of this nature and (v) the fee structures typically utilized by PWP and other investment bankers, which do not bill their clients on an hourly basis, in bankruptcy or otherwise.

16.      The Debtors believe that retention of PWP is appropriate and in the best interest of the Debtors and their estates and respectfully request that PWP's retention be approved, on the terms described herein.

## NOTICE

17.      Notice of this Supplement has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to the debtors in *In re Celsius Network, LLC*, *et al.*, Case No. 22-10964 (Bankr. S.D.N.Y.) ("Celsius"); (h) counsel to the Official Committee of Unsecured Creditors in Celsius; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

Court (a) enter the Revised Order, substantially in the form attached hereto as Exhibit A, and

(b) grant such other and further relief as is just and proper.


Dated: January 18, 2023                          FTX Trading Ltd. and its affiliated
       Wilmington, Delaware                     debtors and debtors-in-possession

                                              By: */s/ John J. Ray III*
                                              John J. Ray III
                                              Chief Executive Officer