## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. __** |

**ORDER (I) AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE OR
TRANSFER OF CERTAIN DE MINIMIS ASSETS AND FUND ASSETS,
(II) APPROVING ASSUMPTION, ASSIGNMENT AND REJECTION PROCEDURES
AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors

and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"),

pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004

and 6006, and Local Rules 2002-1, 6004-1 and 9006-1 (a) authorizing and approving procedures

for the sale or transfer of certain assets, including any rights or interests therein, that are (i) of

relatively *de minimis* value compared to the Debtors' total asset base (collectively, the "De

Minimis Assets") and/or (ii) limited partnership interests in venture capital and other investment

funds (collectively, the "Fund Assets"), free and clear of any liens, claims, interests and

encumbrances, (b) implementing certain procedures for the assumption and assignment of certain

executory contracts in connection therewith and (c) granting related relief; and this Court having

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and this Court being able to issue a final order consistent with Article

III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this

district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate

notice of the Motion and the relief requested therein has been provided in accordance with the

Bankruptcy Rules and the Local Rules; and that, except as otherwise ordered herein, no other or

further notice is necessary; and objections (if any) to the Motion having been withdrawn,

resolved or overruled on the merits; and a hearing (the "Sale Procedures Hearing") having been

held to consider the relief requested in the Motion and upon the record of the hearing and all of

the proceedings had before this Court; and this Court having found and determined that the relief

set forth in this Order is in the best interests of the Debtors and their estates; and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This Court may issue a final order

on the Motion consistent with Article III of the United States Constitution.  Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b).

---

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052.

B.      The Debtors' notice of the Motion, the Sale Procedures, the Sale

Procedures Hearing and the proposed entry of this Order was (i) appropriate and reasonably

calculated to provide all interested parties with timely and proper notice, (ii) in compliance with

all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules

and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases, and no other

or further notice is required.  A reasonable opportunity to object or be heard regarding the relief

granted by this Order has been afforded to those parties entitled to notice pursuant to Local Rule

2002-1(b).

C.      The Sale Procedures, including procedures with respect to the assumption

and assignment of certain executory contracts in connection therewith, were proposed in good

faith by the Debtors, are fair, reasonable and appropriate under the circumstances and are

properly designed to maximize the recovery from any sale of the De Minimis and/or Fund

Assets.  The Debtors have demonstrated good and sufficient business reasons for this Court to

enter this Order, and such good and sufficient reasons, which are set forth in the Motion and on

the record at the Sale Procedures Hearing, are incorporated herein by reference and, among other

things, form the basis for the findings of fact and conclusions of law set forth herein.

D.      The form and manner of notices to be delivered pursuant to this Order,

including the Sale Notice attached hereto as Exhibit 1 are (i) reasonably calculated to provide all

interested parties with timely and proper notice; (ii) in compliance with all applicable

requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and

(iii) adequate and sufficient under the circumstances of these Chapter 11 Cases.

E.      The Debtors may sell the De Minimis Assets and the Fund Assets free and

clear of any interests in such De Minimis Assets and Fund Assets of any kind or nature

whatsoever because in each case one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.

    F.  The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties-in-interest.

    IT IS HEREBY ORDERED THAT:

    1.  The Motion is hereby GRANTED as set forth herein.

    2.  The De Minimis Sale Procedures and Fund Asset Sale Procedures are approved as follows:

    (a)  The Debtors shall at least on a weekly basis notify the firms serving as legal counsel and lead financial advisor to the Official Committee (the "Consulting Professionals") of the status of any potential sales or transfers of De Minimis Assets or Fund Assets, including the receipt by the Debtors of any offers and entry into or consummation of any Sales with respect thereto.

    (b)  With respect to the sales or transfers of (i) De Minimis Assets (that are not Fund Assets) in any individual transaction or series of related transactions to a single buyer or group of related buyers with (x) an aggregate selling price with respect to each investment of less than or equal to US$1,000,000, as calculated within the Debtors' reasonable discretion (upon consultation with the Consulting Professionals) and (y) a confirmed investment value (whether in one or a series of transactions) in the Debtors' books and records of less than or equal to US$5,000,000, or (ii) Fund Assets with (x) a funded Capital Commitment by any of the Debtors as limited partner of less than or equal to US$1,000,000 and (y) an aggregate selling price, as calculated within the Debtors' reasonable discretion (upon consultation with the Consulting Professionals), of less than or equal to US$1,000,000:

    (i)  the Debtors shall consult with the Consulting Professionals in good faith at least three business days in advance of entering into any binding documentation to effect such transaction;

    (ii)  the Debtors are authorized to consummate such transactions without further order of the Court or notice to any party if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interests of their estates;

(iii)    any such transactions shall be subject to the terms of the documentation executed in connection with such transaction, which documentation may (but is not required to) include provisions that the buyers are taking the De Minimis Assets or Fund Assets, as applicable, "as is" and "where is," without any representations or warranties from the Debtors as to the quality or fitness of such De Minimis Assets or Fund Assets, as applicable, and shall be free and clear of all liens, claims, interests and encumbrances, with any such liens, claims, interests and encumbrances attaching only to the sale proceeds with the same validity, extent and priority as immediately prior to the sale;

(iv)    each purchaser shall be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser;

(v)    if the Debtor intends to seek to assume, assume and assign or reject any executory contract in connection with such sale, the Debtors shall give written notice thereof (the "Contract Assignment Notice") at least ten days prior to such assumption, assumption and assignment or rejection, to the non-Debtor counterparties to such executory contracts or, in lieu thereof, their counsel, if known, and be filed with the Court The Contract Assignment Notice will specify: (A) the executory contracts, if any, that the Debtors propose to assume, assume and assign, or reject as part of the proposed sale; (B) for any assumption or assumption and assignment of an executory contract, the amounts required to cure any defaults pursuant to section 365(b) of the Bankruptcy Code (collectively, the "Cure Amounts"); and (C) if applicable, a statement regarding the adequate assurance of future performance by the proposed purchaser, consistent with section 365 of the Bankruptcy Code;

(vi)    objections to such assumptions, assumptions and assignments or rejections of executory contracts set forth in the Contract Assignment Notice must (A) be in writing and state with specificity the basis for objecting and (B) be filed with the Court and served on (x) proposed counsel to the Debtors, (1) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Mitchell S. Eitel (eitelm@sullcrom.com), Audra D. Cohen (cohena@sullcrom.com) and Brian E. Hamilton (hamiltonb@sullcrom.com) and (2) Landis Rath & Cobb LLP, 919 N. Market St., Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com), and (y) proposed counsel to the Official Committee, (1) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kristopher M. Hansen (krishansen@paulhastings.com), Luc A. Despins

(lucdespins@paulhastings.com), Erez E. Gilad (erezgilad@paulhastings.com), Gabriel E. Sasson (gabesasson@paulhastings.com) and Samantha Martin (samanthamartin@paulhastings.com) and (2) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware, 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com) (collectively, the "Objection Notice Parties") within ten days of the service of such Contract Assignment Notice at 4:00 p.m. (prevailing Eastern Time) (the "Contract Objection Deadline"); and

(vii)    if no written objection from the non-Debtor counterparty to the executory contract is filed with the Court and served on counsel to the Debtors by the Contract Objection Deadline, then the Debtors are authorized to immediately consummate the assumptions, assumptions and assignments or rejections of such executory contracts.  If the non-Debtor counterparty files with the Court and serves on counsel to the Debtors a written objection to any such sale or transfer or any related assumptions, assumptions and assignments or rejections of executory contracts by the Contract Objection Deadline, then the relevant executory contract shall only be assumed, assumed or assigned or rejected upon withdrawal of such objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or further order of the Court.

(c)    With respect to the sales or transfers of (i) De Minimis Assets (that are not Fund Assets) in any individual transaction or series of related transactions to a single buyer or group of related buyers with (x) an aggregate selling price greater than US$1,000,000 but less than or equal to US$5,000,000, as calculated within the Debtors' reasonable discretion (upon consultation with the Consulting Professionals) and (y) a confirmed investment value (whether in one or a series of transactions) in the Debtors' books and records of less than or equal to US$25,000,000, (ii) Fund Assets with (x) a funded Capital Commitment by any of the Debtors as limited partner of greater than US$1,000,000 but less than or equal to US$10,000,000 and (y) an aggregate selling price, as calculated within the Debtors' reasonable discretion (upon consultation with the Consulting Professionals), of less than or equal to US$10,000,000, or (iii) Fund Assets with outstanding or defaulted Capital Call obligations at the time of the proposed sale of no more than $10,000,000:

(i)    the Debtors are authorized to consummate such transactions without further order of the Court if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interests of their estates, subject to the procedures set forth herein;

(ii)    the Debtors shall consult with the Consulting Professionals in good faith at least five business days in advance of entering into any binding documentation to effect such transaction;

(iii)    the Debtors shall, at least ten days prior to closing or effectuating such sale or transfer, give written notice (with notice by email being sufficient) of such sale or transfer (each notice, a "Sale Notice"), to the following parties or, in lieu thereof, their counsel, if known, and shall file the Sale Notice with the Court: (A) the U.S. Trustee; (B) counsel to the Official Committee; (C) any known affected creditor(s) asserting a lien, claim or encumbrance against, or interest in, the relevant De Minimis Asset(s) or Fund Asset(s), as applicable; (D) the non-Debtor counterparties to all executory contracts that the Debtors propose to assume, assume and assign, or reject in connection with such sale, as applicable; (E) any party that has expressed an interest in purchasing the relevant De Minimis Asset(s) or Fund Asset(s), as applicable, during the last six months; (F) any interested or affected governmental or regulatory entity; and (G) any other party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Sale Notice Parties");

(iv)    the content of the Sale Notice shall consist of: (A) identification of each De Minimis Asset or Fund Asset, as applicable, being sold or transferred; (B) identification of the Debtor(s) that directly own such asset and the relevant silo that holds such asset; (C) identification of the purchaser of the De Minimis Asset(s) or Fund Asset(s), as applicable; (D) the purchase price; (E) with respect to De Minimis Assets, the confirmed investment value of the relevant De Minimis Asset, if known, or other value of such De Minimis Asset in the Debtors' books and records; (F) with respect to Fund Assets, the Debtor's total funded and unfunded Capital Commitment for such Fund Asset; and (G) any other significant terms and conditions of the sale or transfer;[4]

(v)    in addition, the Sale Notice will specify: (A) the executory contracts, if any, that the Debtors propose to assume, assume and assign, or reject as part of the proposed sale; (B) for any assumption or assumption and assignment of an executory contract, the amounts required to cure any defaults pursuant to section 365(b) of the Bankruptcy Code (collectively, the "Cure Amounts"); and (C) if applicable, a statement regarding the adequate assurance of future performance by the proposed purchaser, consistent with section 365 of the Bankruptcy Code;

---

[4]    A proposed form of Sale Notice is attached to the Order as Exhibit 1.

(vi)     objections to the sale or transfer of De Minimis Asset(s) or Fund Asset(s) or any related assumptions, assumptions and assignments or rejections of executory contracts set forth in the Sale Notice must (A) be in writing and state with specificity the basis for objecting and (B) be filed with the Court and served on the Objection Notice Parties within ten days of the service of such Sale Notice at 4:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline");

(vii)    if no written objection from any of the Sale Notice Parties is filed with the Court and served on counsel to the Debtors by the Sale Objection Deadline, then the Debtors are authorized to immediately consummate such Sale or transfer and any related assumptions, assumptions and assignments or rejections of executory contracts;

(viii)   if any Sale Notice Party files with the Court and serves on counsel to the Debtors a written objection to any such Sale or transfer or any related assumptions, assumptions and assignments or rejections of executory contracts by the Sale Objection Deadline, then the relevant De Minimis Asset(s) or Fund Asset(s) shall only be sold or transferred upon withdrawal of such objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or further order of the Court;

(ix)     if the terms of a proposed Sale or transfer are materially amended after transmittal of the Sale Notice but prior to the Sale Objection Deadline, the Debtors shall send a revised Sale Notice to the Sale Notice Parties.  The Sale Objection Deadline will be extended such that the Sale Notice Parties will have an additional five days to object in accordance with the Sale Procedures;

(x)      any such transactions shall be subject to the terms of the documentation executed in connection with such transaction, which documentation may (but is not required to) include provisions that the buyers are taking the De Minimis Assets or Fund Assets, as applicable, "as is" and "where is," without any representations or warranties from the Debtors as to the quality or fitness of such De Minimis Assets or Fund Assets, as applicable, and shall be free and clear of all liens, claims, interests and encumbrances, with any such liens, claims, interests and encumbrances attaching only to the sale proceeds with the same validity, extent and priority as immediately prior to the sale;

(xi)     the Debtors may consummate a De Minimis Asset Sale or a Fund Asset Sale and any related assumptions, assumptions and assignments or rejections of executory contracts prior to the Sale

Objection Deadline if they obtain written consent to such sale from the Sale Notice Parties; and

(xii)    each purchaser shall be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

3.       Pursuant to section 363(f) of the Bankruptcy Code, any sale of De Minimis Assets and Fund Assets in accordance with this Order shall be free and clear of any liens, claims, encumbrances and interests, with any such liens, claims, encumbrances and interests to attach to the proceeds of such sale with the same validity, priority, force and effect as such liens, claims, encumbrances and interests had on the sold assets immediately prior to the sale, subject to the rights, claims, defenses and obligations, if any, of the Debtors and all interested parties with respect to any such asserted liens, claims, encumbrances and interests.

4.       Upon the closing of a sale or transfer of a De Minimis Asset or Fund Asset, the Debtors may assume, assume and assign, or reject any executory contract and pay the Cure Amounts.  The non-Debtor parties to any executory contracts are hereby barred from asserting any further claims in respect of such executory contracts after the applicable Sale Objection Deadline.

5.       With respect to executory contracts to be assumed, or assumed and assigned, as part of the sale or transfer under the Sale Procedures and this Order, any adequate assurance of future performance shall be provided, and any Cure Amounts paid, consistent with section 365 of the Bankruptcy Code.

6.       The Sale Procedures shall not apply to any sale of De Minimis Assets, or Fund Assets to an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

7.       The absence of a timely objection to the sale or transfer of the De Minimis Assets or Fund Assets, as applicable, in accordance with the Sale Procedures and the terms of

this Order shall constitute "consent" to such sale or transfer free and clear of Liens and Claims

within the meaning of section 363(f)(2) by any party asserting liens, claims, encumbrances

against, and other interests in, any De Minimis Assets or Fund Assets, as applicable.

8.     The Debtors are authorized to take any action that is reasonable and

necessary to close the Sales and to obtain the proceeds thereof, including, without limitation,

paying reasonable and necessary fees and expenses to agents, brokers and dealers, auctioneers

and liquidators.

9.     During these Chapter 11 Cases, the Debtors will provide to the U.S.

Trustee and the Consulting Professionals, to the extent practicable, a written report within 30

days after each calendar month (to the extent Sales were consummated in the relevant month)

concerning any sales or transfers made pursuant to this Order (including the names of the

purchasing parties and the types and amounts of the Sales).  The Debtors' reporting obligations

with respect to Sales shall terminate following the Debtors' filing a report 30 days after

confirmation of a chapter 11 plan.

10.     Objections.  All objections to the Motion solely as it relates to the relief

granted by this Order that have not been adjourned, withdrawn or resolved are overruled in all

respects on the merits.

11.     Noticing Procedures.  The noticing procedures as set forth in this Order

and the Motion, including the form of Sale Notice attached hereto as Exhibit 1, are hereby

approved.  Within three business days after entry of this Order, the Debtors shall serve this

Order, together with all attachments, by first-class mail (and/or by email, as applicable) upon

(a) the U.S. Trustee;  (b) counsel to the Committee; (c) the Securities and Exchange

Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice;

(f) the United States Attorney for the District of Delaware; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  On or about the same date, the Debtors shall publish this Order on the Debtors' case information website (located at https://restructuring.ra.kroll.com/FTX).  Service of this Order and as applicable, the Sale Notice on the Sale Notice Parties and publication thereof in the manner described in this Order, to the extent required by the Sale Procedures, constitutes good and sufficient notice of the Debtors' proposed sale of the De Minimis Assets and Fund Assets free and clear of any liens, claims, interests and encumbrances, pursuant to Bankruptcy Code section 363(f).  No other or further notice is required.

12.     All persons or entities that participate in the sale process shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Sale Procedures.

13.     The Debtors are authorized to make investment and governance decisions with respect to its investment portfolio (for the avoidance of doubt, not including sales of investments, except as set forth herein or in another order of the Court) in the ordinary course of business.

14.     The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

15.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Sale Procedures Hearing, nothing in the Motion, this Order, or announced at the Sale Procedures Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of

-11-

the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

16.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17.    The requirements set forth in Local Rule 9013-1(b) are satisfied.

18.    The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

19.    This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

20.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
             Wilmington, Delaware                            The Honorable John T. Dorsey
                                                           United States Bankruptcy Judge

# EXHIBIT 1

**Proposed Sale Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. __** |

## NOTICE OF PROPOSED SALE OF CERTAIN ASSETS FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

**PLEASE TAKE NOTICE** that on November 11 and November 14, 2022, FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on _____, 2023, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving Procedures for the Sale or Transfer of Certain De Minimis Assets and Fund Assets and (II) Approving Assumption, Assignment and Rejection Procedures and (III) Granting Related Relief* [D.I. __] (the "Motion")[2] with the Court seeking entry of an order, among other things, approving the sale of the Debtors' De Minimis Assets and Fund Assets free and clear of any liens, claims, interests and encumbrances.

**PLEASE TAKE FURTHER NOTICE** that on _____, 2023, the Court entered an order (the "Order") approving, among other things, certain procedures for the sale or transfer of De Minimis Assets (the "De Minimis Sale Procedures") and Fund Assets (the "Fund Asset Sale Procedures"), which establish the notice and hearing requirements related to the De Minimis Asset Sales and the Fund Assets Sales.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, the Debtors proposed to sell or transfer certain assets (the "Assets") to _____ (the "Purchaser") free and clear of any liens, claims, encumbrances and other interests pursuant to section 363(f) of the Bankruptcy Code, pursuant to an agreement dated _____,

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

_____ (the "Sale Agreement"). This Notice is being provided in accordance with and sets forth the information required under the Order.

**Description of the Assets.** The Assets consist of _____ and are owned by Debtor _____, which is part of the _____ Silo.

**Material Economic Terms and Conditions of the Proposed De Minimis Asset Sale.** The Debtors propose to sell or transfer the Assets to the Purchaser on an "as is" basis (if applicable), free and clear of all liens or encumbrances therein, pursuant to section 363(f) of the Bankruptcy Code.

The Purchaser has agreed to pay a purchase price of $_____ for the Assets. [IF APPLICABLE:  The Sale Agreement is annexed hereto as Exhibit 1.]

[FOR DE MINIMIS ASSETS: The confirmed investment value of such Assets in the Debtors' books and records is $_____.]

[FOR FUND ASSETS: The Debtors' funded Capital Commitment with respect to such Asset is $_____ and the Debtors' unfunded Capital Commitment with respect to such Asset is $_____.]

[IF APPLICABLE:  **Commission, Fees, or other Similar Expenses**:  The Debtors propose to pay $_____ in commission, fees, or other similar expenses in connection with the sale.]

[IF APPLICABLE: **Assumption and Assignment**:  As part of the proposed sale or transfer, the Debtors propose to assume, assume and assign, or reject certain executory contracts (the "Executory Contracts").  A list (the "Executory Contract List") is annexed hereto as Exhibit 2 (i) identifying each Executory Contract to be assumed, assumed and assigned, or rejected, (ii) for any assumption or assumption and assignment of an executory contract, the amounts required to cure any defaults pursuant to section 365(b) of the Bankruptcy Code (collectively, the "Cure Amounts"); and (iii) if applicable, a statement regarding the adequate assurance of future performance by the proposed purchaser, consistent with section 365 of the Bankruptcy Code.]

**PLEASE TAKE FURTHER NOTICE** that responses or objections (the "Objections"), if any, to the proposed De Minimis Asset Sale or Fund Asset Sale, as applicable, must be filed electronically with the Court on the docket of *In re FTX Trading, LTD., et al.*, Case No. 22-11068 (JTD), in accordance with Local Rule 5005-4, and must (a) be in writing and specify the nature of such objection; (b) state, with specificity, the legal and factual bases thereof; (c) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules and the Order and (d) be filed with the Court and served on counsel to the Debtors, (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Mitchell S. Eitel (eitelm@sullcrom.com), Audra D. Cohen (cohena@sullcrom.com) and Brian E. Hamilton (hamiltonb@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 N. Market St., Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com), within **ten days**

following the date of the applicable Sale Notice at 4:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline").

        **PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served and received will be considered. **Absent order of the Court to the contrary, any party failing to timely file and serve an Objection on or before the Sale Objection Deadline in accordance with the Order and this Notice shall be forever barred from asserting any objection to the De Minimis Asset Sale or Fund Asset Sale, as applicable, including with respect to the sale or transfer of the assets free and clear of any liens, claims, encumbrances and other interests.**

        **PLEASE TAKE FURTHER NOTICE** that this Notice is subject to the fuller terms and conditions of the Motion and the Order, with such Order controlling in the event of any conflict, and the Debtors encourage parties-in-interest to review such documents in their entirety. Copies of the Motion and the Order, as well as all related exhibits, including all other documents filed with the Court, are available (i) free of charge from the website of the Debtors' claims and noticing agent, Kroll Restructuring Administration ("Kroll"), at https://restructuring.ra.kroll.com/FTX and (ii) for a fee on the Court's electronic docket for these Chapter 11 Cases at www.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Documents relating to the Sale(s), including the Motion and the Order, can be accessed at https://restructuring.ra.kroll.com/FTX. In addition, copies of the Motion and the Order may be requested from Kroll by email at FTXInfo@ra.kroll.com or by phone at 888-482-0049 (US/Canada Toll-Free); 646-440-4176 (International).

Dated: _____          **LANDIS RATH & COBB LLP**
      Wilmington, Delaware

                                         _____
                                         Adam G. Landis (No. 3407)
                                         Kimberly A. Brown (No. 5138)
                                         Matthew R. Pierce (No. 5946)
                                         919 Market Street, Suite 1800
                                         Wilmington, Delaware 19801
                                         Telephone: (302) 467-4400
                                         Facsimile: (302) 467-4450
                                         E-mail: landis@lrclaw.com
                                                  brown@lrclaw.com
                                                  pierce@lrclaw.com

                                         -and-

                                         **SULLIVAN & CROMWELL LLP**
                                         Andrew G. Dietderich (admitted *pro hac vice*)
                                         James L. Bromley (admitted *pro hac vice*)
                                         Brian D. Glueckstein (admitted *pro hac vice*)
                                         Alexa J. Kranzley (admitted *pro hac vice*)
                                         125 Broad Street
                                         New York, NY 10004
                                         Telephone: (212) 558-4000
                                         Facsimile: (212) 558-3588
                                         E-mail: dietdericha@sullcrom.com
                                                  bromleyj@sullcrom.com
                                                  gluecksteinb@sullcrom.com
                                                  kranzleya@sullcrom.com

                                         *Proposed Counsel for the Debtors*
                                         *and Debtors-in-Possession*