**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 273 & 532** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISORS TO
DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(a) AND
328 OF THE BANKRUPTCY CODE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M") as financial advisors, *nunc pro tunc* to the Petition Date on the terms set forth in the engagement letter (the "Engagement Letter") annexed to the Application as Exhibit C; and upon the Declaration of Edgar W. Mosley II in support of the Application annexed thereto as Exhibit B; and due and adequate notice of the Application having been given; and the Court being satisfied that A&M is a "disinterested person" as such term is defined under section 101(14) of

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Application.

the Bankruptcy Code; and it appearing that no other or further notice need be provided; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Application and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized to retain and employ A&M as financial advisors in these Chapter 11 Cases, *nunc pro tunc* to the Petition Date.

3.      Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M as financial advisors to the Debtors, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter, as modified by this Order.

4.      All fees and expenses incurred by A&M and approved by the Court shall be treated as administrative expenses under section 503 of the Bankruptcy Code provided however that the rights of the US Trustee and all parties in interest to object to any aspect of compensation sought in any fee application filed by A&M are preserved.

5.      The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application, are reasonable terms and conditions of employment and are hereby approved. The indemnification terms set forth in the Engagement Letter (including in the Indemnification and Limitation on Liability Agreement) are approved, subject during the pendency of the Chapter 11 Cases to the following:

(a) No Indemnified Party (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b) The Debtors shall have no obligation to indemnify any Indemnified Party, or provide contribution or reimbursement to any Indemnified Party, for any claim or expense to the extent it is: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Party's gross negligence, bad faith, intentional fraud or willful misconduct; (ii) for a contractual dispute in which the Debtors allege breach of an Indemnified Party's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after

notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

(c) If, before the earlier of (i) the entry of an order or orders confirming a chapter 11 plan in the Chapter 11 Cases (that order or orders having become final orders no longer subject to appeal) and (ii) the entry of an order or orders closing the Chapter 11 Cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, including, without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any Indemnified Party for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Party. All parties-in-interest shall retain the right to object to any demand by any Indemnified Party for indemnification, contribution, or reimbursement.

6.      In the event that, during the pendency of these cases, A&M seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in A&M's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards

of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code; provided, however, that A&M shall not seek reimbursement of any fees incurred defending any of A&M's fee applications in these cases.

7.      Notwithstanding anything to the contrary in the Engagement Letter, the Application or the Mosley Declaration, to the extent that A&M uses the services of subcontractors (the "Contractors") in these cases, A&M shall (i) pass through the cost of such Contractors to the Debtors at the same rate that A&M pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for A&M; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014 with respect to such Contractors.

8.      During the pendency of these Chapter 11 Cases the following language in Paragraph 4(b) of the Engagement Letter shall be of no force or effect: "A&M also charges a flat rate of 3% of professional fees to cover otherwise unbilled items such as telephone and conferencing charges, computer use, technology and software license fees, research subscriptions and other internal services."

9.      During the course of the bankruptcy case, any limitation of liability pursuant to the terms and conditions set forth in the Application or the Engagement Letter shall have no force or effect.

10.     During the course of these Chapter 11 Cases, the following sentence set forth in Paragraph 8 of the Engagement Letter shall have no force or effect: "The Firm will not be prevented or restricted by virtue of providing the Services from providing services to other

entities or individuals, including entities or individuals whose interests may be in competition or conflict with the Company's, provided the Firm makes appropriate arrangements to ensure that the confidentiality of information is maintained."

11.     Notwithstanding any language to the contrary in Paragraph 8 of A&M's Engagement Letter, if it is brought to A&M's attention that any Debtor entity is pursuing a claim against another Debtor entity or a similar material conflict arises among the Debtors, A&M will recuse itself from advising any of the Debtor entities in connection therewith, other than to provide data and administrative support to document the obligations related to the claim or conflict. The rights of the U.S. Trustee and all parties-in-interest to seek relief under 11 U.S.C. § 327(c) are fully preserved.  Approval of the Application shall not affect the Court's subsequent determination, nor prejudice the rights or objections of the U.S. Trustee or any party-in-interest, regarding the nature or extent of any conflict of interest that may arise in these Chapter 11 Cases.

12.     To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

15.     This Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application or the implementation of this Order and A&M's retention in these cases.

16.     A&M shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application.  The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

**Dated: January 19th, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**