# **Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref No. 277** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALIXPARTNERS, LLP AS FORENSIC INVESTIGATION CONSULTANT TO THE DEBTORS *NUNC PRO TUNC* TO NOVEMBER 28, 2022

Upon the application (the "Application")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors, to retain and employ AlixPartners, LLP ("AlixPartners") as forensic investigation consultant *nunc pro tunc* to November 28, 2022; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Application.

{1368.002-W0069468.}

4886-7895-7126 v.5

Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Application and upon the record of the hearing and all of the proceedings had before this Court; and the Court having found and determined that the relief ~~sought~~set forth in ~~the Application~~this Order is in the best interest of the Debtors and their estates; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth in this Order.

2. Pursuant to sections 105(a), 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and Local Rule 2014-1, the Debtors are hereby authorized to employ and retain AlixPartners as their forensic investigation consultant in these Chapter 11 Cases, *nunc pro tunc* to November 28, 2022, and in accordance with the terms and conditions set forth in the Engagement Letter attached to the Application as Exhibit B~~.~~, as modified herein.

3. All fees and expenses incurred by AlixPartners and approved by the Court shall be treated as administrative expenses under section 503 of the Bankruptcy Code.

4. AlixPartners shall provide five (5) business days' notice to the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee, the Committee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to,

the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

4.5.   The terms of the Engagement Letter, including without limitation, the Indemnification Provisions and the Fee and Expense Structure, are reasonable and the conditions of employment are approved ~~in all respects~~, as modified by this Order.

5.6.   AlixPartners shall file monthly, interim, and final requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, the U.S. Trustee Guidelines and any other such procedures as may be fixed by order of the Court. AlixPartners shall keep its time in one-tenth hour increments in accordance with the U.S. Trustee Guidelines~~,~~ and Local Rule 2016-2(d)(iv), and shall otherwise comply with the requirements of Local Rule 2016-2.

6.7.   AlixPartners' compensation terms set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, are approved pursuant to section ~~327~~328(a) of the Bankruptcy Code and AlixPartners shall be compensated and reimbursed pursuant to ~~section 327~~sections 330 and 331 of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of the Court.

7.8.   The Debtors will reimburse AlixPartners for ~~reasonable~~actual and necessary expenses incurred in connection with the performance of services set forth in the Application, including, without limitation, fees, disbursements, and other charges by AlixPartners' counsel to the extent provided for in the Engagement Letter as modified by this Order (including, without

limitation, pursuant to the Indemnification Provisions as modified by this Order), which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise; provided, further, that in the event that AlixPartners seeks reimbursement from the Debtors for attorneys' fees and expenses consistent with the terms of this Order, the invoices and supporting time records from such attorneys shall be included in AlixPartners' fee applications, both interim and final, and they shall be subject to the U.S. Trustee Fee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code.

8.9.   The indemnification provisions included in the Engagement Letter are approved, subject to the following:

   a)   No AlixPartners Party (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court.

   b)   The Debtors shall have no obligation to indemnify any AlixPartners Party, or provide contribution or reimbursement to any AlixPartners Party, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the AlixPartners Party's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of an AlixPartners Party's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003);applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the AlixPartners Party should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order.

   c)   If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final

order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, an AlixPartners Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the AlixPartners Party must file an application therefor in the Court, and the Debtors may not pay any such amounts to the AlixPartners Party before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any AlixPartners Party for indemnification, contribution and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the AlixPartners Parties. All parties-in-interest shall retain the right to object to any demand by any AlixPartners Party for indemnification, contribution and/or reimbursement.

9. Any limitation of liability forth in the Engagement Letter, or otherwise, is hereby eliminated for the duration of these Chapter 11 Cases.

10. The following provision is deemed deleted from the Engagement Letter and is of no force or effect during these Chapter 11 Cases: "The Company agrees it does not consider such concurrent representation of the Company and any adversary by separate AlixPartners teams to be inappropriate and, therefore, waives any objections to any such present or future concurrent representation."

~~10.~~11. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

12. Within fourteen (14) days after any qualified bid deadline in these cases, AlixPartners will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of AlixPartners to such potential counterparties.

~~11.~~13.  AlixPartners shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

14. Notwithstanding anything in the Application or any supporting declarations to the contrary, AlixPartners shall seek reimbursement from the Debtors' estates for its engagement-related expenses at AlixPartners' actual cost paid.

15. Notwithstanding anything in the Application or the supporting declarations to the contrary, AlixPartners shall, to the extent AlixPartners uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, (i) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for AlixPartners; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

16. AlixPartners shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in these Chapter 11 Cases.

17. Notwithstanding anything in the Engagement Letter to the contrary, AlixPartners shall have whatever fiduciary duty is imposed upon it by applicable law.

18. The entry of this Order shall not (i) impede the Court from directing relief with respect to the scope of professional services in the event an examiner is subsequently appointed or (ii) prejudice or otherwise affect the rights of the U.S. Trustee to object to AlixPartners' post-petition requests for compensation and reimbursement on any and all grounds.

12.19. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.20.  The Debtors are authorized and empowered to execute and deliver such documents, and to take all actions necessary to implement and effectuate the relief granted in this Order.

14.21.  This Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application or, the implementation of this Order, or the Debtors' retention of AlixPartners in these Chapter 11 Cases.

Dated: _____, 2023

                                                THE HONORABLE JOHN T. DORSEY
                                                UNITED STATES BANKRUPTCY JUDGE