# **Exhibit B**

| Summary Report ||
|---|---|
| Title | **compareDocs Comparison Results** |
| Date & Time | 1/19/2023 3:57:07 PM |
| Comparison Time | 0.59 seconds |
| compareDocs version | v5.0.200.14 |

| Sources ||
|---|---|
| Original Document | 13813765_1_FTX- Revised Quinn Emanuel Retention Order [QE Draft 1.3.23].DOCX |
| Modified Document | 13813765_3_FTX- Revised Quinn Emanuel Retention Order [Filing Version].DOCX |

| Comparison Statistics ||
|---|---|
| Insertions | 12 |
| Deletions | 3 |
| Changes | 8 |
| Moves | 2 |
| Font Changes | 0 |
| Paragraph Style Changes | 0 |
| Character Style Changes | 0 |
| TOTAL CHANGES | 25 |

| Word Rendering Set Markup Options ||
|---|---|
| Name | Standard |
| Insertions ||
| Deletions ||
| Moves / Moves ||
| Font Changes ||
| Paragraph Style Changes ||
| Character Style Changes ||
| Inserted cells | |
| Deleted cells | |
| Merged cells | |
| Changed lines | Mark left border. |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after saving | General | Always |
| Report Type | Word | Redline |
| Character Level | Word | False |
| Include Comments | Word | False |
| Include Field Codes | Word | True |
| Flatten Field Codes | Word | False |
| Include Footnotes / Endnotes | Word | True |
| Include Headers / Footers | Word | True |
| Image compare mode | Word | Insert/Delete |
| Include List Numbers | Word | True |
| Include Quotation Marks | Word | False |
| Show Moves | Word | True |
| Include Tables | Word | True |
| Include Text Boxes | Word | True |
| Show Reviewing Pane | Word | True |
| Summary Report | Word | Beginning |
| Detail Report | Word | End |
| Document View | Word | Print |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. __ |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO NOVEMBER 13, 2022

Upon the application (the "Application")[2] of FTX Trading Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to retain and employ Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as special counsel, *nunc pro tunc* to November 13, 2022, pursuant to Bankruptcy Code section 327(e), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1; and the Court being satisfied, based on the representations made in the Application ~~and~~, the Declarations attached thereto, and the Supplemental Declaration of William A. Burck (the "Supplemental Burck Declaration"), that Quinn Emanuel does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Quinn Emanuel is to be employed, and further based on the Supplemental Declaration of John J. Ray III in Support of the Debtors' Applications for Orders Authorizing the Retention and Employment of Sullivan & Cromwell LLP, Alix Partners

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

LLP and Quinn Emanuel Urquhart & Sullivan LLP; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District Court for the District of Delaware*, dated February 29, 2012; and entry of this Order being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and the opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and all objections to the Application, if any, having been withdrawn, resolved, or overruled; and the relief ~~requested in the Application being~~ set forth in this Order is in the best interests of the Debtors and their estates; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ Quinn Emanuel as special counsel to the Debtors pursuant to Bankruptcy Code section 327(e), *nunc pro tunc* to November 13, 2022, pursuant to the terms and conditions set forth in the Application, as modified by this Order.

3. Quinn Emanuel shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  Quinn Emanuel shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the US Trustee Guidelines, both in

connection with the Application and all applications for compensation and reimbursement of expenses filed by Quinn Emanuel in these Chapter 11 Cases.  Notwithstanding anything in the Application or any supporting declarations to the contrary, Quinn Emanuel shall not charge interest on any amounts owing for any work performed in these Chapter 11 Cases.

4. Notwithstanding anything in the Application or any supporting declarations to the contrary, Quinn Emanuel shall seek reimbursement from the Debtors' estates for its engagement-related expenses at Quinn Emanuel's actual cost paid, subject to the limits provided in Local Rule 2016-2(e).

5. Notwithstanding anything in the Application or the supporting declarations to the contrary, to the extent Quinn Emanuel uses the services of contract attorneys or any other independent contractors or subcontractors (collectively, the "Contractors") in these cases, Quinn Emanuel shall (i) pass through the cost of such Contractors to the Debtors at the same rate that Quinn Emanuel pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Quinn Emanuel; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014(a) with respect to such Contractors.  For the avoidance of doubt, Quinn Emanuel shall neither share fees with existing or future Contractors who provide services to the Debtors nor enter into fee sharing arrangements with such Contractors.

6. Quinn Emanuel shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in these Chapter 11 Cases.

7. Quinn Emanuel shall provide five (5) business days' notice to the Debtors and the U.S. Trustee and the Official Committee of Unsecured Creditors (the "Committee") in connection with any increase of the hourly rates listed in the Application.  The U.S. Trustee, the Committee,

and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. Within fourteen (14) days after any qualified bid deadline in these cases, Quinn Emanuel will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of Quinn Emanuel to such potential counterparties.

9. For the duration of these Chapter 11 Cases, Quinn Emanuel shall not represent a party in a matter in which Quinn Emanuel's representation is directly adverse to the Debtors.

4.Quinn Emanuel shall provide ten business days' notice to the Debtors, the Office of the United States Trustee for the District of Delaware, and any official committee appointed in these chapter 11 cases before implementing any periodic increases and shall file such notice with the Court.

10. 5.The Debtors and Quinn Emanuel are authorized to take all necessary actions to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. 6.To the extent there is any inconsistency between the Application, the Declarations, and this Order, the provisions of the Order shall govern.

12. 7.The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. 8.This Notwithstanding anything to the contrary in the Engagement Letter attached to the Supplemental Burck Declaration, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, or to the Debtors' engagement of Quinn Emanuel in these Chapter 11 Case.

14. The entry of this order shall not (i) impede the Court from directing relief with respect to the scope of professional services in the event an examiner is subsequently appointed or (ii) prejudice or otherwise affect the rights of the U.S. Trustee to object to Quinn Emanuel's postpetition requests for compensation and reimbursement on any and all grounds.


Dated: _____  
Wilmington, Delaware

_____  
The Honorable John T. Dorsey  
United States Bankruptcy Judge