## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: February 8, 2023 at 1:00 p.m. (ET)** |
| | **Obj. Deadline: February 1, 2023 at 4:00 p.m. (ET)** |

### DEBTORS' MOTION TO FILE UNDER SEAL THE SUPPLEMENTAL DECLARATION OF BENJAMIN J. STEELE IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") to file under seal the *Supplemental Declaration of Benjamin J. Steele in Support of Debtors' Application for Entry of an Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* (the "Supplemental Steele Declaration"), filed contemporaneously herewith.  In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief sought herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rule 9018-1.

## BACKGROUND

3.       On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   Joint administration of the Debtors' cases was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

4.       Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental*

---

[2]    Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

*Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

5.      On December 21, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* [D.I. 279] (the "Application"),[3] which attached a supporting declaration from Benjamin J. Steele, Managing Director of Kroll Restructuring Administration LLC ("Kroll") (the "Steele Declaration").  As detailed in the Steele Declaration, Kroll is an indirect subsidiary of Kroll, LLC ("Kroll Parent").  Kroll operates independently from Kroll Parent.  Notwithstanding the foregoing, out of an abundance of caution, Kroll disclosed in the Steele Declaration that certain Kroll employees and temporary employees under their general supervision have recently commenced providing administrative project management and data review services to a confidential client of Kroll Parent that appears on the Potential Parties in Interest List (the "Confidential Client").  In order to protect commercially sensitive information related to this Confidential Client (such information, including the name of the Confidential Client, the "Confidential Client Information") while providing the necessary disclosures required under the Bankruptcy Code and Bankruptcy Rules, the Steele Declaration disclosed the existence of this client without disclosing the name of such entity.  Importantly, as disclosed in the Steele Declaration, the services provided to the confidential client by Kroll and Kroll Parent are unrelated to the Debtors and these Chapter 11 Cases and do not preclude Kroll from meeting the disinterestedness standard under Bankruptcy Code section 327(a).

---

[3] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Application.

{1368.002-W0069753.}

6.      No party formally objected to the Application.  However, the U.S. Trustee indicated that it may oppose the Application unless Kroll discloses the Confidential Client Information.

7.      Contemporaneously herewith, the Debtors filed the Supplemental Steele Declaration at the request of the U.S. Trustee to provide further disclosures in support of the Application.  Specifically, at the request of the U.S. Trustee, the Supplemental Steele Declaration provides the identity of the Confidential Client.  At the U.S. Trustee's request, the Supplemental Steele Declaration also includes additional Confidential Client Information, including the nature of the work being performed by Kroll Parent and the services provided by Kroll in connection therewith.  As such, the Supplemental Steele Declaration was filed as a restricted document pursuant to Local Rule 9018-1 and the Court's CM/ECF procedures.

## RELIEF REQUESTED

8.      The Debtors seek entry of an order, substantially in the form of the proposed order submitted herewith, (i) authorizing the Debtors to file the Supplemental Steele Declaration under seal, and (ii) directing that the Supplemental Steele Declaration not be made available to anyone except the Court, the U.S. Trustee, counsel to the Debtors on a professional eyes only basis, counsel to the Committee on a professional eyes only basis, and other persons upon further order of the Court or as agreed by the Debtors and Kroll, in each case subject to confidentiality agreements or other arrangements reasonably satisfactory to the Debtors and Kroll.

## BASIS FOR RELIEF REQUESTED

9.      A bankruptcy court may grant the relief requested herein pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.  Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm.  In relevant part, section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (i) protect an entity with respect to a trade secret or confidential research, development, or commercial information….

11 U.S.C. § 107(b).  Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Bankruptcy Code section 107(b), and provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

12.     Unlike Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(b) does not require a demonstration of "good cause."  Rather, if material sought to be protected falls within one of the enumerated categories, "the court is *required* to protect a requesting interested party and has no discretion to deny the application."  *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).

13.     Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the party seeking relief.  *Orion Pictures Corp.*, 21 F.3d at 27 (quoting *Ad Hoc Protective Comm. of 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)).  Moreover, section 107(b)(1) "establishes the exception to the general rule that court documents are open for public inspection[,]" and under this exception, a

party seeking relief "had to show only that the information it sought to seal was 'confidential' and 'commercial' in nature." *Id.*

14.    As noted in the Steele Declaration, the confidential client is a client of Kroll Parent, not Kroll.  Kroll Parent is engaged in a highly competitive industry and is the world's premier provider of services and digital products related to governance, risk and transparency.  Kroll Parent is often engaged by companies that require services on a private, confidential basis.  Indeed, the very fact that a company has engaged Kroll Parent may reveal the nature of the engagement.  The disclosure of Kroll Parent's involvement before a client's circumstances becomes public could potentially move the market, disrupt deal negotiations, or violate securities laws, thereby giving Kroll Parent's competitors an unfair advantage and exposing Kroll Parent (and here Kroll given its involvement as well) to regulatory action.  *See, e.g.*, *In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2013) (sealing identity of key employees and vendors that would give an unfair advantage to movant's competitors).  Further, the public disclosure of Kroll Parent's representation of certain clients may have serious and materially negative impacts on such clients' employees, customers, and vendors.  *See, e.g.*, *In re Checkout Holding Corp.*, No. 18-12794 (KG) (Bankr. D. Del. May 3, 2019) (sealing certain confidential information in connection with the retention applications filed by certain of the debtors' proposed retained professionals); *In re CTI Foods, LLC*, No. 19-10497 (CSS) (Bankr. D. Del. Apr. 8, 2019) (same); *In re Vanguard Nat. Res.*, No. 19-31786 (DRJ) (Bankr. S.D. Tex. June 5, 2019) (same); *In re Jones Energy, Inc.*, No. 19-32112 (DRJ) (Bankr. S.D. Tex. May 15, 2019) (same).

15.    Keeping client information confidential is critical to Kroll and Kroll Parent's business.  Kroll and Kroll Parent's business, like many major businesses, depends on preserving good relationships with its existing clients and attracting new clients.  A strong client relationship

means maintaining the confidentiality of clients and client information. Thus, public disclosure of the Confidential Client Information could potentially weaken Kroll or Kroll Parent's existing client relationships, discourage new clients from engaging with Kroll or Kroll Parent, and have a wide-ranging effect on other chapter 11 professionals who have confidentiality obligations (including ethical obligations) to their other clients.

16.     Public disclosure of the Confidential Client Information also could potentially harm innocent third parties who have no stake in these Chapter 11 Cases and have relied on Kroll or Kroll Parent to keep their relationships confidential. The services provided to the Confidential Client by Kroll and Kroll Parent are unrelated to the Debtors and these Chapter 11 Cases. Accordingly, Kroll does not believe that any of these matters result in Kroll holding or representing an interest adverse to the Debtors.

17.     Kroll has recognized (and been responsive to) its disclosure obligations under the Bankruptcy Code and has worked with the Debtors to narrowly tailor the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under Bankruptcy Code section 107(b).

18.     As a result, the Debtors believe that, in addition to all that has been disclosed in the Application, authorizing the Confidential Client Information to be filed under seal is the best method to ensure transparency with respect to retention matters while avoiding the negative consequences of public disclosure.

## NOTICE AND NO PRIOR REQUEST

19.     The Debtors have provided notice of this Motion to the following, or in lieu thereof, their counsel, if known: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of

Justice; (f) the United States Attorney for the District of Delaware; (g) the parties identified on the Debtors' consolidated lists of 50 largest unsecured creditors; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

20.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto (i) authorizing the Debtors to file the Supplemental Declaration under seal, and (ii) directing that the Supplemental Steele Declaration not be made available to anyone except the Court, the U.S. Trustee, counsel to the Debtors on a professional eyes only basis, and counsel to the Committee on a professional eyes only basis, and other persons upon further order of the Court or as agreed by the Debtors and Kroll, in each case subject to confidentiality agreements or other arrangements reasonably satisfactory to the Debtors and Kroll, and (iii) granting such other and further relief as is just and proper.

Dated: January 20, 2023
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*