**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. ___ |

**ORDER GRANTING DEBTORS' MOTION TO FILE UNDER SEAL THE
SUPPLEMENTAL DECLARATION OF BENJAMIN J. STEELE IN SUPPORT OF
DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING
ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon the *Debtors' Motion to File Under Seal the Supplemental Declaration of Benjamin J. Steele in Support of Debtors' Application for Entry of an Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* (the "Motion");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given under the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

circumstances; and it appearing that the relief requested by the Motion is necessary and appropriate; and sufficient cause appearing therefor; it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to Bankruptcy Code Section 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtors are authorized to file the Supplemental Steele Declaration under seal.

3.      The Confidential Client Information shall remain confidential, shall remain under seal, and shall not be made available to anyone, except that the Debtors are authorized to cause the Supplemental Steele Declaration to be served on and made available, on a confidential basis, to: (a) the Court; (b) the U.S. Trustee; (c) those particular attorneys representing the Debtors on a professional eyes only basis; (d) those particular attorneys representing the Official Committee of Unsecured Creditors (the "Committee") appointed in these Chapter 11 Cases on December 15, 2022 [D.I. 231] on a professional eyes only basis; and (e) any other party as may be ordered by the Court or agreed to in writing by the Debtors and Kroll, in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors and Kroll, that preserve the confidentiality of the Confidential Client Information (and any information derived therefrom).

4.      Kroll and any party authorized to receive the Supplemental Steele Declaration are each authorized and directed, subject to Bankruptcy Local Rule 9018-1(d), to redact specific references to the Confidential Client Information set forth therein from pleadings filed on the public docket maintained in these Chapter 11 Cases.

5.      Any party who receives the Confidential Client Information in accordance with this Order shall not disclose or otherwise disseminate such Confidential Client Information to any other person or entity, including but not limited to in response to a request under the Freedom of Information Act.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted in this Order.

8.      The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to implementation or interpretation of this Order.

Dated: February \_\_\_\_, 2023
       Wilmington, Delaware


_____
THE HONORABLE JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE