# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> FTX TRADING LTD., *et al.*,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 22-11068 (JTD) <br> ) <br> ) (Jointly Administered) <br> ) |

## DECLARATION OF WALTER BIEGANSKI

I, Walter Bieganski, hereby declare pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as follows:

1. I am a tax professional and retired Ernst & Young LLP ("EY LLP") Managing Director. I submit this declaration in connection with the application (the "Application") of the above-captioned debtors (the "Debtors") to retain EY LLP as their tax services provider, *nunc pro tunc* to November 28, 2022 [Docket No. 284].

2. I am a Certified Public Accountant ("CPA") licensed in New York and Ohio. I also am an attorney and am an active member of the Ohio Bar and inactive member of the Florida Bar. I have been a tax professional for 37 years, 26 years of which I worked for EY LLP. My professional experiences and areas of focus include state and local taxation of financial services companies, securities exchanges, and cryptocurrency-related companies.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

3.	The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept and reviewed by me.[2]

### Disinterestedness

4.	Based on the connections check process that is described herein, to the best of my knowledge, information and belief, I (a) do not hold or represent an interest adverse to the Debtors' estates, and (b) am a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as required under section 327(a) of the Bankruptcy Code. Moreover, to the best of my knowledge, information and belief, my subcontracting with EY LLP is not prohibited or restricted by Bankruptcy Rule 5002.

### Professional Compensation and Reimbursement of Expenses

5.	On January 17, 2023, the Court entered its Order Authorizing the Retention and Employment of EY LLP as Tax Services Provider *Nunc Pro Tunc* to November 28, 2022 [Docket No. 505]. EY LLP has subcontracted with me to assist in providing certain of the approved services to the Debtors. My hourly billing rate for such work will be $200 per hour. I understand that EY LLP will bill my fees to the Debtors at cost, and include my fees in EY LLP's fee applications in these cases.

### Disclosure of Connections

6.	I understand that Debtors' counsel provided a list of names of parties in interest in these cases (the "PIIL") to EY LLP on or about November 28, 2022, which Debtors' counsel supplemented on or about December 9, 2022 and December 15, 2022. EY LLP forwarded that list to me on or about January 13, 2023. The specific names that were set forth on the PIIL that EY LLP received from the Debtors' counsel are referred to herein as the "Parties in Interest."

---

[2]	I do not have copies of client matter records from my time as an EY LLP Managing Director.

7. Based on a review of my files and my recollections, in my capacity as an EY LLP Managing Director and/or as an independent contractor to EY LLP, I have provided services to the following parties in interest on the PIIL: HSBC Bank, JPMorgan Chase Bank, N.A., and Morgan Stanley.

8. To the best of my knowledge, information and belief, I have not rendered any services to Parties in Interest that have been in connection with the Debtors or these chapter 11 cases.

9. I have in the past and may continue to purchase goods and/or services from various entities on the PIIL. All such relationships are unrelated to the debtors and these chapter 11 cases.

10. One of the Parties in Interest is a lender to me: JPMorgan Chase Bank. N.A.

11. As a retired EY LLP Managing Director, I participate and receive certain benefits and retirement distributions provided to retired EY LLP Managing Directors as a result of their prior roles as Managing Directors of EY LLP.

12. While I was a Managing Director at EY LLP, I may have performed services for EY LLP clients that relate to the Debtors merely because such clients may be creditors or counterparties to transactions with the Debtors and whose assets and liabilities may thus be affected by the Debtors' status. The disclosures set forth herein do not include specific identification of such services.

13. I do not directly hold any debt or equity securities of the Debtors. I may hold interests in mutual funds or other investment vehicles that may own securities of the Debtors or Parties in Interest from time to time, but I am not currently aware of any such holdings and do not control the investment decisions of any such mutual funds or other investment vehicles.

14. To the best of my knowledge, information and belief, I have no connections to the Bankruptcy Judges in this District, the United States Trustee for the region in which these chapter 11 cases are pending, or any person employed in the Office of the United States Trustee in the city in which these chapter 11 cases are pending as identified in the PIIL.

15. Despite the efforts described above to identify and disclose connections with Parties in Interest, because the Debtors are a large enterprise with numerous creditors and other relationships, I am unable to state with certainty that every client representation or other connection with Parties in Interest has been disclosed herein. If I discover additional information that requires disclosure, I will file supplemental disclosures with the Court.

16. At the Debtors' request following the Petition Date and prior to Court approval of EY LLP's engagement in these cases, I in my sole discretion assisted EY LLP in providing certain of the Services described in EY LLP's Engagement Letters with the Debtors.

17. I have not shared or agreed to share any of my compensation in connection with this matter with any other person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 24, 2023

*/s/ Walter Bieganski*
Walter Bieganski