## EXHIBIT 1

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX Trading LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 333** |

**STIPULATION BETWEEN THE DEBTORS AND**
**MERCEDES-BENZ GRAND PRIX LIMITED**

This stipulation (the "Stipulation") is entered into by and between FTX Trading Ltd., and its affiliated debtors and debtors-in-possession, including Blockfolio, Inc. ("Blockfolio") (collectively, the "Debtors"), and Mercedes-Benz Grand Prix Limited ("MBGPL", and together with the Debtors, the "Parties"). The Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

**RECITALS**

A.     On November 11, 2022 and November 14, 2022, the Debtors commenced cases (these "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). These Chapter 11 Cases are pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and are being jointly administered under Case No. 22-11068 (JTD).

B.     Pursuant to that certain Team Partner Agreement (including any related agreements, amendment, changes, orders, supplements, waivers and side letters related thereto, the "Team

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtor's claims and noticing agent at https://cases.ra.kroll.com/FTX.

*Partner Agreement*"), dated as of February 17, 2022 by and among MGBPL and Debtor Blockfolio, MBGPL granted Blockfolio such Team Partner Rights (as that term is defined in the Team Partner Agreement) as are set forth in the Team Partner Agreement.

D.      The Debtors filed the *Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Rejection Date* on December 30, 2022 [D.I. 333] (the "Motion"), seeking to reject, among others, the Team Partner Agreement, effective as of December 30, 2022.  The Debtors' Motion is currently scheduled to be heard on February 8, 2023.

E.      The Parties have agreed, subject to Court approval, to consensually resolve the Motion, solely as it relates to the Team Partner Agreement, on the terms and conditions set forth herein.

**NOW, THEREFORE, IT IS STIPULATED THAT:**

1.      The Parties agree that the Team Partner Agreement is hereby deemed rejected effective as of December 30, 2022.

2.      The Debtors agree to the modification of the stay imposed by section 362(a) of the Bankruptcy Code solely to the extent necessary to permit MBGPL to exercise any rights it may have under the Team Partner Agreement to take action against any non-Debtor party with respect to any NFTs previously produced pursuant to the Team Partner Agreement, without prejudice to MBGPL otherwise seeking further modification of the stay, subject to approval of the Court after notice and a hearing.

3.      The Motion, solely as it relates to the Team Partner Agreement, is deemed resolved.

4.      Nothing in this Stipulation shall impair, prejudice, waive or otherwise affect any rights of MBGPL or its agents, affiliates, successors or assigns, or the Debtors to assert any claims

for damages arising from the rejection of the Team Partner Agreement, including any right to assert an offset, recoupment, counterclaim, or deduction.

5.       MBGPL and the Debtors do not waive any claims or defenses of any kind that they may have or had, whether or not such claims or defenses arise under, are related to, or are independent of the Team Partner Agreement, or otherwise.

6.       Nothing in this Stipulation shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a promise or requirement to pay any particular claim; or (c) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

7.       Nothing in this Stipulation shall be deemed: (a) an admission as to the validity or amount of any particular claim against MBGPL; (b) a waiver or limitation of any claim, defense, right or remedy of MBGPL against the Debtors, or any of them, other than such claims, rights or remedies that shall cease exclusively as a result of and upon the rejection of the Team Partner Agreement, effective as of December 30, 2022; (c) to waive or limit in any way the amount that MBGPL may seek in connection with claims for any prepetition or postpetition breach of the Team Partner Agreement or arising as a result of the rejection of the Team Partner Agreement, provided, however, for clarity, that MBGPL shall not seek, nor shall there be granted, administrative priority treatment under section 503(b) of the Bankruptcy Code for any claims arising out of non-payment of the fee amount that came due on January 1, 2023 under the Team Partner Agreement or for other fees, shares of Net Revenue or royalties under the Team Partner Agreement that may have accrued on or after the commencement of these Chapter 11 Cases; or (d) waive or limit any claims, defenses, rights or remedies that MBGPL may have against any non-Debtor person or entity, whether in connection with or related to the Team Partner Agreement or otherwise.

8.      MBGPL shall have until the date fixed by this Court in these Chapter 11 Cases pursuant to Bankruptcy Rule 3003(c)(3) to file any and all claims for damages arising from the rejection of the Team Partner Agreement.

9.      Notwithstanding anything to the contrary under section 365 (including section 365(n)) of the Bankruptcy Code, all licenses and other rights granted by the Debtors to MBGPL pursuant to the Team Partner Agreement (and all sublicenses and other rights granted by MBGPL to third parties under such licenses and rights) under any trademarks or trade names, including any Brand Names, Brand Logos or Proprietary Rights (each as defined in the Team Partner Agreement) are hereby terminated, released, canceled and extinguished.  MBGPL shall cease the use, if any, of any Brand Names or Brand Logos in or on any advertising and promotional materials, including any Content or Materials (each as defined in the Team Partner Agreement) developed in connection with the Team Partner Agreement, and including for avoidance of doubt any use permitted under Section 8 of the Team Partnership Agreement, on a going forward basis.

10.      In the event of any inconsistency between this Stipulation and the Team Partner Agreement, this Stipulation shall govern.

11.      MBGPL and the Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief set forth in this Stipulation.

12.      This Stipulation is the result of compromise between the Parties and neither the facts nor the terms of this Stipulation shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding arising out of or in connection with or related to this Stipulation.

13.     This Stipulation comprises the entire agreement between the Parties and supersedes all prior agreements and understandings, whether written or oral, with respect to the subject matter hereof and, except as expressly provided herein, is not intended to confer upon any person any rights or remedies hereunder.

14.     Each Party shall bear its own attorneys' fees and costs with respect to the negotiation, execution and delivery of this Stipulation.

15.     This Stipulation may not be amended, modified, vacated or altered in any way without the prior written consent of all Parties hereto.

16.     Each person who executes this Stipulation on behalf of each Party represents and warrants that he or she has been duly authorized and empowered to executed and deliver this Stipulation on behalf of such Party.

17.     This Stipulation shall be binding upon (i) the Parties hereto; (ii) all of their affiliates, assigns and successors; (iii) any liquidation trustee, plan administrator, distribution agent, and/or any other responsible person appointed pursuant to any chapter 11 plan confirmed in these Chapter 11 Cases; (iv) any chapter 11 trustee appointed in these Chapter 11 Cases and (v) any chapter 7 trustee appointed or elected in these Chapter 11 Cases.

18.     If the Court does not enter the proposed order approving this Stipulation, all rights and remedies with respect to the Team Partner Agreement (including any agreements related thereto) are reserved in all respects, and no action or inaction by any Party shall waive or prejudice the rights of any Party.

19.     This Stipulation has been reviewed by the Parties hereto and their respective counsel and each of the Parties enter into this Stipulation voluntarily and without duress.  There shall be no

construction of any provision against either Party, and the Parties hereto waive any statute or rule to such effect.

20.     The automatic stay provisions of the Bankruptcy Code are deemed modified to implement and effectuate this Stipulation without need for further relief from the Bankruptcy Court.

21.     Each Party shall cooperate and take such actions as are reasonably necessary to consummate the actions contemplated by this Stipulation and obtain approval of the Stipulation and entry of the proposed order approving this Stipulation.

22.     Notwithstanding rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation are immediately effective and enforceable upon the entry of the proposed order approving this Stipulation.

23.     This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

24.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from, in connection with or related to the implementation of this Order and this Stipulation.

Dated: January 24, 2023
  Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
   brown@lrclaw.com
   pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
   bromleyj@sullcrom.com
   gluecksteinb@sullcrom.com
   kranzleya@sullcrom.com

*Counsel for the Debtors and
Debtors-in-Possession*

Dated: January 24, 2023
        Wilmington, Delaware

**FOLEY & LARDNER LLP**

*/s/ Michael J. Small*
Michael J. Small
321 North Clark Street, Suite 3000
Chicago, Illinois 60654
Telephone: (312) 832-5832
Facsimile: (312) 832-4700
E-mail: msmall@foley.com

*Counsel for Mercedes-Benz Grand Prix
Limited*