**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., et al.,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date: February 8, 2023 at 1:00 p.m. (ET)** |
|  | **Objection Deadline: February 1, 2023 at 4:00 p.m. (ET)** |

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF FTX TRADING LTD., ET AL., FOR ENTRY OF AN ORDER
(I) CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO
CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A
PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION,
(II) AUTHORIZING THE COMMITTEE TO ESTABLISH AND MAINTAIN THE
COMMITTEE INFORMATION PLATFORMS, AND (III) AUTHORIZING THE
COMMITTEE TO UTILIZE EPIQ CORPORATE RESTRUCTURING, LLC
AS INFORMATION AGENT IN CONNECTION THEREWITH,
<u>EFFECTIVE AS OF JANUARY 5, 2023</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of FTX Trading Ltd. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>"), by and through its undersigned proposed counsel, hereby files this motion (the "<u>Motion</u>") for entry of an order (the "<u>Proposed Order</u>"), pursuant to sections 105(a), 107(b), and 1102(b)(3) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), substantially in the form attached hereto as **<u>Exhibit A</u>**, (i) clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding creditor

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

requests for information, (ii) authorizing, but not directing, the Committee, in its sole discretion, to establish and maintain information platforms for the benefit of the Debtors' unsecured creditors, and (iii) authorizing the Committee to utilize Epiq Corporate Restructuring, LLC ("Epiq") as its information agent ("Committee Information Agent") in connection therewith, effective as of January 5, 2023, in accordance with the terms and subject to the conditions of the Engagement Letter (as defined below). In support of the Motion, the Committee submits the *Declaration of Kate Mailloux in Support of the Motion of the Official Committee Of Unsecured Creditors to, Among Other Things, Utilize Epiq Corporate Restructuring, LLC as Information Agent, Effective as of January 5, 2023* (the "Mailloux Declaration"), which is attached hereto as **Exhibit B**. In further support of this Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1337 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal bases for the relief requested herein are Bankruptcy Code sections 105(a), 107(b), and 1102(b)(3), as supplemented by Bankruptcy Rule 9018.

---

[2]      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Committee hereby confirms its consent to entry of a final order by this Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2

## BACKGROUND

4.      On November 11, 2022 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code, with the exception of Debtor West

Realm Shires Inc., which filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code on November 14, 2022. The Debtors are operating their businesses and managing their

properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The

Debtors' chapter 11 cases (the "Chapter 11 Cases") have been consolidated for procedural purposes

only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On December 15, 2022 (the "Committee Formation Date"), the United States

Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee as an official

committee of unsecured creditors pursuant to Bankruptcy Code section 1102 and filed a notice

thereof [Docket No. 231] with the Court. The Committee currently consists of: (a) Zachary Bruch,,

(b) Coincident Capital International, Ltd., (c) GGC International Ltd., (d) Octopus Information Ltd.,

(e) Pulsar Global Ltd., (f) Larry Qian, (g) Acaena Amoros Romero, (h) Wincent Investment Fund

PCC Ltd., and (i) Wintermute Asia PTE. Ltd.

6.      On December 20, 2022, the Committee selected Paul Hastings LLP ("Paul

Hastings") to serve as its lead counsel, subject to Court approval. On December 22, 2022, the

Committee selected FTI Consulting, Inc. ("FTI") to serve as its financial advisor, subject to Court

approval. On December 23, 2022, the Committee selected Jefferies LLC ("Jefferies") to serve as its

investment banker, subject to Court approval. On December 22, 2022, the Committee selected

Young Conaway Stargatt & Taylor, LLP ("Young Conaway" and, together with Paul Hastings, FTI

and Jefferies, the "Committee Professionals") to serve as its Delaware co-counsel, subject to Court

approval.

3

7.      The  Committee has adopted bylaws (the "Committee  Bylaws") that contain

numerous provisions designed to, among other things, protect confidential and/or privileged

information, materials and communications produced by or related to the Committee, its members,

and/or the Committee Professionals (collectively, "Confidential Committee Information").

Confidential Committee Information includes, without limitation, information or documents

prepared by (i) any of the Committee Professionals, (ii) any of the Committee's members or

(iii) counsel to any member of the Committee, for the use of the Committee. Further, the

confidentiality provisions set forth in the Committee Bylaws also govern the use and disclosure of

confidential information shared by or on behalf of the Debtors with the Committee ("Confidential

Debtor Information"), which confidentiality provisions have been shared with the Debtors.

### RELIEF REQUESTED

8.      By this Motion, the Committee requests entry of the Proposed Order, authorizing

the Committee to (i) establish and implement a protocol (the "Creditor Information Protocol") in

accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B), effective as of the Committee

Formation Date, to facilitate the Committee's obligation to provide information to the Debtors'

unsecured creditor constituency, and (ii) utilize the Committee Information Agent as its information

agent, in accordance with the terms and subject to the conditions of that certain engagement letter,

dated as of January 5, 2023, attached hereto as **Exhibit C** (the "Engagement Letter"), effective as of

the date of the Engagement Letter.

9.      In addition, to satisfy its fiduciary obligations in an efficient and effective manner,

the Committee also seeks express authority, but not direction, in its sole discretion, to maintain

certain information platforms, including, without limitation, a website, Twitter account, and any

other social media accounts or channels (including, but not limited to, accounts or channels

4

maintained on Reddit, Discord, Telegram, Facebook, or similar social media platforms)

(collectively, the "Committee Information Platforms"), which will be hosted by the Committee's

professional advisors or the Committee Information Agent, to the extent requested by the

Committee's professional advisors, for the benefit of the Debtors' unsecured creditors.

10.    The Committee Information Platforms will be used to make non-confidential and

non-privileged information, as determined by the Committee in its sole discretion, available to the

Debtors' unsecured creditors that is either not otherwise readily available or that the Committee

determines should be further highlighted for the Debtors' unsecured creditors.  The Committee

Information Platforms will serve as a resource for unsecured creditors, and keep unsecured creditors

informed of the status of, and important deadlines related to, the Chapter 11 Cases.  The Committee

requests authorization to establish and maintain the Committee Information Platforms until such

time as the Committee is dissolved, the Chapter 11 Cases are dismissed or converted, or the Court

otherwise directs.

11.    The relief requested herein will help facilitate the provision of important

information to the Debtors' unsecured creditors, and at the same time ensure that confidential,

privileged, proprietary, and other material non-public information will not be disseminated to the

detriment of the Committee or the Debtors' estates. Such relief will encourage the exchange of

information between the Debtors and the Committee, and facilitate the Committee's performance of

its statutory functions and duties pursuant to the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

### A.    Creditor Information Protocol

12.    Bankruptcy Code section 1102(b)(3) provides, in relevant part, that a creditors'

committee appointed under Bankruptcy Code section 1102(a) shall "provide access to information

5

for creditors who—(i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). Bankruptcy Code section 1102(b)(3)(A) does not indicate the nature, scope, or extent of the "information" that must be provided to such creditors, or how a creditors' committee should provide "access to information" for creditors, nor does the associated legislative history provide any guidance.

13.     As Bankruptcy Code section 1102(b)(3)(A) simply requires a creditors' committee to "provide access to information," yet sets forth no guidelines as to the type, kind, and extent of the information to be provided, the statute could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates securities law disclosure requirements (where applicable). The legislative history for Bankruptcy Code section 1102 does not provide any further guidance on this point and merely reiterates the language of Bankruptcy Code section 1102(b)(3). *See* H.R. REP. NO. 109- 31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports or disclosures available to them.").

14.     The lack of specificity in Bankruptcy Code section 1102(b)(3)(A) is a potential source of confusion for creditors and creditors' committees. Here, as is typical in most chapter 11 cases, the Committee and the Committee Professionals already have received and expect to continue to receive confidential, highly confidential (*i.e.*, professionals' eyes only) and other non-public proprietary information from the Debtors and other parties in interest. This information will be used

6

for, among other things, valuing the Debtors' assets, understanding the Debtors' business operations, analyzing potential claims and causes of action, assessing bids submitted in connection with the Debtors' ongoing sale process and engaging with the Debtors' other stakeholders. However, a creditor taking an extreme view of Bankruptcy Code section 1102(b)(3)(A) might argue that Bankruptcy Code section 1102(b)(3)(A) requires the Committee to share with such creditor the confidential information of another party (including the Debtors) that such creditor would not otherwise be able to obtain. Such an interpretation has a strong potential to chill information sharing between and among the Debtors, the Committee and other stakeholders and to hinder the chapter 11 process to the detriment of all parties in interest.

15.     Moreover, Bankruptcy Code section 1102(b)(3)(A) also could be read to permit the disclosure of attorney-client privileged information, attorney work product or information protected by any other applicable privilege or doctrine. Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged or otherwise protected information. An obligation to disseminate privileged information or other Confidential Committee Information would limit the Committee Professionals' ability to communicate effectively with and advise the Committee, thereby reducing the benefit that active Committee engagement brings to the administration of these Chapter 11 Cases.

16.     The Committee seeks to avoid the foregoing issues as well as any other potential issues that could arise by implementing the following Creditor Information Protocol through entry of the Proposed Order:

    **A.**    <u>Privileged and Confidential Information</u>: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall have  the meaning as defined in Bankruptcy Code section 101(15)) without further order of the Court, Confidential Debtor Information, Confidential Committee Information, or confidential or non-public proprietary information received from other parties ("<u>Confidential Non-Debtor Information</u>" and, collectively with

30068870.1

Confidential Debtor Information and Confidential Committee Information, "<u>Confidential Information</u>") or any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege, protection, or immunity (including attorney-work product and protections of confidentiality afforded under the Local Rules), whether such privilege, protection, or immunity is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party ("<u>Privileged Information</u>"). In addition, the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

B.    <u>Information Obtained through Discovery</u>: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order or applicable confidentiality agreement governing such discovery. Nothing in the Proposed Order shall obligate the Committee to provide any such information that the Committee obtains from third parties.

C.    <u>Creditor Information Requests</u>: If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "<u>Information Request</u>") pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request. If the Response is to deny the Information Request (i) because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that need not be disclosed, including, but not limited to, pursuant to the terms of the Proposed Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee (which could include the Committee Professionals) regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion to compel shall be properly filed and served, including on the Debtors and the Committee Professionals, and the hearing on such motion to compel shall be noticed and scheduled, and any party may object to such motion. Nothing in the Proposed Order shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as

8

applicable) that the Committee provide the Requesting Creditor with a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Further, nothing in the Proposed Order shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Court conduct an in camera review of the information subject to the Information Request.

**D.**    <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may demand such disclosure (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed; and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed. If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand (or such other period of time as agreed to in writing by the parties) to disclose such information, the Committee or the Requesting Creditor may properly file and serve a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should be done so only pursuant to an order of the Court requiring that such information remain confidential. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Alexa J. Kranzley (kranzleya@sullcrom.com) and Kimberly A. Brown (brown@lrclaw.com). The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such other party, as applicable, or further order of the Court. For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

**E.**    The Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Chapter 11 Cases and/or its advisor(s) that have signed a confidentiality agreement with the Debtors governing such Confidential Information (or such analyses or other documents generated by the Committee as applicable). For the avoidance of doubt, in the event of a conflict between the foregoing sentence and the Committee Bylaws or any confidentiality agreement between the Debtors and the

9

Committee Professionals, the Committee Bylaws or such confidentiality agreement, as applicable, shall control.

17. The Proposed Order would also permit, but not require, the Committee, in its sole discretion, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include Confidential Debtor Information or Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Committee.

18. The Committee believes that granting the relief requested herein will ensure the efficient administration of these Chapter 11 Cases and active Committee engagement. Moreover, the relief is consistent with the language of the Bankruptcy Code. Congress did not intend for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party as that would result in Bankruptcy Code section 1102(b)(3) frustrating other provisions of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.

19. Bankruptcy Code section 107(b)(1) provides that, "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). The language of Bankruptcy Code section 107(b)(1) is mandatory, not permissive. *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). The plain language of this section of the Bankruptcy Code mandates that confidential information be protected.

20. Bankruptcy Rule 9018 further supports an interpretation of Bankruptcy Code section 1102(b)(3) that does not require creditors' committees to disseminate confidential or privileged information or materials. Bankruptcy Rule 9018 states, in relevant part, that "[o]n motion

10

or on its own initiative, with or without notice, the court may make any order which justice requires

(1) to protect the estate or any entity in respect of a trade secret or other confidential research,

development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Bankruptcy Rule 9018 goes

a step further than Bankruptcy Code section 107(b)(1); the rule expressly allows a court to act on its

own initiative.

21.    Finally, Bankruptcy Code section 105(a) empowers the Court to "issue any order . .

. that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The

Committee submits that the requested relief is both necessary for the Committee to fulfill its

obligations as set forth under Bankruptcy Code section 1103(c) and appropriate in light of

Bankruptcy Code section 107(b)(1), Bankruptcy Rule 9018, and the equitable considerations of

efficient case administration.

22.    The Creditor Information Protocol sets forth narrowly tailored rules designed to

protect the interests of the Debtors, the Committee, and affected third parties while permitting

reasonable access to information for the Debtors' unsecured creditors. It will ensure the proper

functioning of the chapter 11 process and open informal discovery and due diligence.

23.    The Committee submits that the requested relief is appropriate and within the

Court's authority. Courts in other circuits have held that Bankruptcy Code section 1102(b)(3)(A)

does not require creditors' committees to provide non-member creditors with access to confidential

or privileged information. *See, e.g.*, *In re MF Global Holdings Ltd.*, 2012 Bankr. LEXIS 898

(Bankr. S.D.N.Y. Mar. 6, 2012); *In re Refco Inc.*, 336 B.R. 187, 197 (Bankr. S.D.N.Y. 2006). In

*Refco*, the court stated that "[m]aintaining confidentiality against unsecured creditors generally may

be necessary to preserve the committee's attorney-client privilege." *Refco*, 336 B.R. at 197. The

*Refco* Court further noted that "one should proceed cautiously concerning the disclosure of

11

information that could reasonably have the effect of waiving the attorney-client or other privilege . . . notwithstanding Bankruptcy Code section 1102(b)(3)." *Id*. Moreover, bankruptcy courts in this district routinely grant relief substantially similar to the relief requested herein.

      **B.**    **Committee Information Agent**

    24.    The Committee believes that the appointment of Epiq as Committee Information Agent, in accordance with the terms and subject to the conditions of the Engagement Letter, will assist the Committee in complying with its obligations under Bankruptcy Code section 1102(b)(3), add to the effective administration of the Chapter 11 Cases, and reduce the overall expense of administering the Chapter 11 Cases. In furtherance thereof, the Committee seeks authority to utilize the Committee Information Agent, effective as of January 5, 2023, to provide the services set forth in the Engagement Letter, to the extent requested by the Committee's professional advisors, including, but not limited to, assisting the Committee and its professional advisors with (a) the Committee Information Platforms and communications plans, including establishing and maintaining a website for the benefit of the Debtors' unsecured creditors, and (b) noticing and serving filings made on behalf of the Committee.

    25.    The Committee also requests that the reasonable fees and expenses of Epiq for professional services rendered on behalf of the Committee in connection with these Chapter 11 Cases be treated as administrative expenses of the Debtors' estates pursuant to section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business, in accordance with the terms and conditions of the Engagement Letter and the pricing schedule set forth therein, without further application to or order of the Court.

    26.    Although the Committee does not propose to appoint Epiq under section 327 of the Bankruptcy Code, Epiq has nonetheless reviewed its electronic database to determine whether it has

12

any relationships with the creditors and parties in interest provided by the Committee to date and, to the best of the Committee's knowledge, information, and belief, and except as disclosed in the Mailloux Declaration, Epiq has represented that it neither holds nor represents any interest materially adverse to the Committee or the Debtors' estates with respect to any matter upon which Epiq is to be engaged.

## NOTICE

27.    Notice of this Motion will be given to the following parties:  (i) the Debtors; (ii) the U.S. Trustee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Department of Justice; (vi) the United States Attorney for the District of Delaware; and (vii) to the extent not already listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the filing of this Motion.  In light of the nature of the relief requested, the Committee submits that no further notice is required.

*Remainder of page intentionally left blank*

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court (i) enter the Proposed

Order and (ii) grant the Committee such other and further relief as is just, proper, and equitable.

Dated: January 25, 2023       YOUNG CONAWAY STARGATT & TAYLOR, LLP
      Wilmington, Delaware

/s/ Robert F. Poppiti, Jr.
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
      rpoppiti@ycst.com

-and-

PAUL HASTINGS LLP
Kristopher M. Hansen*
Luc A. Despins*
Frank Merola*
Erez E. Gilad*
Gabriel E. Sasson*
Samantha Martin*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
      lucdespins@paulhastings.com
      frankmerola@paulhastings.com
      erezgilad@paulhastings.com
      gabesasson@paulhastings.com
      samanthamartin@paulhastings.com

*Admitted pro hac vice

Proposed Counsel for the Official Committee of
Unsecured Creditors

14

30068870.1