# EXHIBIT B

**Mailloux Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., et al.,[1] | ) | Case No. 22-11068 (JTD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**DECLARATION OF KATE MAILLOUX IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO, AMONG OTHER THINGS, UTILIZE EPIQ CORPORATE RESTRUCTURING, LLC AS INFORMATION AGENT, EFFECTIVE AS OF JANUARY 5, 2023**

I, Kate Mailloux, do hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Director of Epiq Corporate Restructuring, LLC ("Epiq"), and I am authorized to make and submit this declaration (the "Declaration") on behalf of Epiq. This Declaration is submitted in support of the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") of FTX Trading LTD and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (these "Chapter 11 Cases"), to, among other things, utilize Epiq as the Committee Information Agent. The statements contained herein are based upon personal knowledge.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

30068894.1

2. Epiq is one of the country's leading chapter 11 administrators with expertise in noticing, claims processing, balloting and distribution. In the normal course of its business, Epiq is often called upon to create websites for the purpose of providing access to information to creditors. Epiq is well-qualified to provide the Committee and the Debtors' creditors with access to information in connection with these Chapter 11 Cases. Large chapter 11 cases in which Epiq has created websites to provide creditors access to information include: *In re Compute North Holdings, Inc., et al.,* No. 22-90273 (MI); *In re Voyager Digital Holdings, Inc., et al.,* No. 22-10943 (MEW)(Bankr. S.D.N.Y.); *In re Eastman Kodak Company, et al.*, No. 12-10202 (ALG) (Bankr. S.D.N.Y.); *In re AMR Corporation, et al.*, No. 11-15463 (SHL) (Bankr. S.D.N.Y.); *In re LAD LLC, et al.*, No. 11-12010 (KG) (Bankr. D. Del.); *In re Mesa Air Group, Inc., et al.*, No. 10-10018 (MG) (Bankr. S.D.N.Y.); *In re Motors Liquidation Company, et al.*, No. 09-50026 (REG) (Bankr. S.D.N.Y.) (on behalf of both the official committee of unsecured creditors and the official committee of unsecured creditors holding asbestos-related claims); *In re Dayton Superior Corp.*, No. 09-11351 (Bankr. D. Del.); *In re Tarragon Corp., et al.*, No. 09-10555 (Bankr. D.N.J.); *In re Thornburg Mortgage, Inc., et al*., No. 09-17787 (Bankr. D. Md.); *In re Tropicana Entertainment, LLC, et al*., No. 08-10856 (Bankr. D. Del.); *In re Washington Mutual, Inc., et al.*, No. 08-12229 (Bankr. D. Del.). As such, Epiq is well-qualified to prepare the Committee Website and to assist the Committee in providing the Debtors' unsecured creditors with access to information in connection with these Chapter 11 Cases.

3. The Committee selected Epiq to serve as the Committee Information Agent for these Chapter 11 Cases, as set forth in more detail in the Motion filed contemporaneously herewith. To the best of my knowledge, and based solely upon information provided to me by the Committee, and except as provided herein, neither Epiq, nor any employee thereof, has any

materially adverse connection to the Committee or the Debtors' estates with respect to any matter upon which Epiq is to be engaged.  Epiq may have relationships with certain of the Committee members, the Debtors or the Debtors' creditors as vendors or in connection with Chapter 11 Cases in which Epiq serves or has served in a neutral capacity as noticing, claims, and/or balloting agent for another chapter 11 debtor.

4. Epiq does not view such relationships as real or potential conflicts in these Chapter 11 Cases given Epiq's neutral position as claims and noticing agent or information agent for those clients and the neutral information and administrative services it will provide in the Chapter 11 Cases.  Further, to the best of my knowledge, any such relationships are completely unrelated to the Chapter 11 Cases.

5. In addition, Epiq personnel may have relationships with some of the Committee members, the Debtors, the Debtors' creditors or other parties-in-interest.  However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and unrelated to these Chapter 11 Cases.  In addition, Epiq has, had, and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties-in-interest that may be Debtors or involved in the Debtors' cases in matters unrelated to these Chapter 11 Cases.  Epiq may also provide professional services to entities or persons that may be Debtors, creditors or parties-in-interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Committee.  To the best of my knowledge, and except as provided herein, neither Epiq, nor any employees thereof, represents any interest materially adverse to the Committee or the Debtors' estates with respect to any matter upon which Epiq is to be engaged.  Based on the foregoing, and except as provided

herein, I believe that Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

6. Epiq has reviewed its electronic database to determine whether it has any relationships with the entities provided by the Committee. To the extent that Epiq's conflict check has revealed that certain potential parties in interest were connected to Epiq, these parties have been identified on a list attached hereto as **Schedule 1**, the Client Match List. At this time, we are not aware of any relationship that would present a disqualifying conflict of interest. Should Epiq discover any new relevant facts or relationships bearing on the matters described herein during the period of its engagement, Epiq will use reasonable efforts to file promptly a supplemental declaration.

7. Epiq shares a corporate parent with certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, chapter 7 and 13 bankruptcy, litigation, and regulatory compliance. Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

8. Epiq represents, among other things, that:

   a) It will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Committee Information Agent;

   b) By accepting employment in these Chapter 11 Cases, Epiq waives any right to receive compensation from the United States government;

   c) In its capacity as the Committee Information Agent, Epiq will not be an agent of the United States and will not act on behalf of the United States; and

d) Epiq will not employ any past or present employees of the Committee in connection with its work as the Committee Information Agent.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: January 25, 2023
New York, New York                    */s/ Kate Mailloux*
                                       Kate Mailloux

30068894.1

**Schedule 1**

**Client Match List**

ALIXPARTNERS, LLP
AMAZON
AMERICAN AIRLINES
AMTRAK
APPLE INC.
AT&T
AVIS
BANK OF AMERICA
BEST BUY
COMCAST
CONTINENTAL CASUALTY COMPANY
CVS
DELL INC
DELTA AIRLINES
DOOR DASH
ERNST & YOUNG
EXPEDIA
FACEBOOK/META
FEDEX
GAMESTOP
GODADDY
GOOGLE
HERTZ
HOTWIRE
HSBC BANK
IKEA
INSTACART
INTUIT INC
ISDA INC
JPMORGAN CHASE BANK, N.A.
LYFT
MARRIOTT
MCDONALDS
MICROSOFT
MORGAN STANLEY
NASDAQ, INC.
OFFICE DEPOT
PAYPAL
QBE INSURANCE CORPORATION

QUIZNOS
SENTRY
SOUTHWEST AIRLINES
SPOTIFY
STAPLES
STARBUCKS
TARGET
THE CONTAINER STORE
THE HARTFORD
TRAVELERS INSURANCE
TRIDENT
TWITTER
UBER
UNITED AIRLINES
UNITED HEALTHCARE
VERIZON WIRELESS
WELLS FARGO
YAHOO INC.
ZOOM