# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date**: February 15, 2023 at 10:00 a.m. (ET)<br>**Objection Deadline**:  February 8, 2023 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) APPROVING
THE COOPERATION AGREEMENT BETWEEN THE DEBTORS AND
THE JOINT PROVISIONAL LIQUIDATORS OF FTX DIGITAL
MARKETS LTD. AND (B) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") (a) approving the Settlement and Cooperation Agreement, dated as of January 6, 2023 (the "Cooperation Agreement") attached as an Exhibit to the Order, between the Debtors and the joint provisional liquidators ("JPLs") appointed in the provisional liquidation proceeding (the "Bahamian Proceeding") of FTX Digital Markets Ltd. ("FTX DM") pending before the Supreme Court of The Bahamas (the "Bahamas Court"), and (b) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069805.}

**Background and Facts Specific to the Relief Requested**

**I.    The Debtors and Their Chapter 11 Cases**

1.     On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of these Chapter 11 cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.     Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**II.    FTX DM, the Bahamian Proceeding and the Chapter 15 Case**

3.     FTX DM is an International Business Company incorporated in the Commonwealth of The Bahamas on July 22, 2021. FTX DM is a wholly-owned subsidiary of Debtor FTX Trading Ltd..

4.     On September 20, 2021, the Securities Commission of The Bahamas (the "Bahamas Commission") approved FTX DM's registration to operate as a Digital Asset Service Provider under the Digital Assets and Registered Exchanges Act, 2020 of The Bahamas.

5.      On November 10, 2022, after it became clear that the FTX group faced a severe liquidity crisis, the Bahamas Commission filed a petition for provisional liquidation of FTX DM with the Bahamas Court.  (*Declaration of James L. Bromley in Support of Debtors' Objection to Emergency Motion (i) for Relief From Automatic Stay and (ii) to Compel Turnover of Electronic Records Under Sections 542, 1519(a)(3), 1521(a)(7) and 1522 of Bankruptcy Code* (the "Bromley Declaration") [D.I. 336] Ex. 2.)

6.      On the same day, the Bahamas Court granted such petition and appointed Brian C. Simms KC as provisional liquidator of FTX DM.  (*Id.*  Ex. 3.)  On November 14, 2022, the Bahamas Court appointed Kevin G. Cambridge and Peter Greaves of PricewaterhouseCoopers as additional JPLs, to serve alongside Mr. Simms.

7.      On November 16, 2022, the JPLs filed a Chapter 15 petition for recognition of the Bahamian Proceeding in the United States Bankruptcy Court for the Southern District of New York, captioned *In re FTX Digital Markets Ltd.* (*in Provisional Liquidation*), No. 22-BK-11516 (MEW), D.I. 1 (the "Chapter 15 Case").  The JPLs sought entry of an order pursuant to Chapter 15 of the Bankruptcy Code to, among other things, recognize the Bahamian Proceeding as a foreign main proceeding pursuant to sections 1502, 1517(a) and (b)(1) of the Bankruptcy Code, and appointing the JPLs as FTX DM foreign representatives pursuant to sections 101(24), 1509 and 1517(a) Bankruptcy Code.  *Id.*

8.      On November 17, 2022, the Debtors filed an emergency motion to transfer the Chapter 15 Case to this Court for coordinated proceedings with the Chapter 11 Cases [D.I. 22].  On November 22, 2022, the JPLs consented to the transfer of the Chapter 15 Case to this Court, subject to certain limitations and conditions, and this Court entered an order transferring the Chapter 15 Case to this Court on the same day [D.I. 131].

### III. The Cooperation Agreement

9. From the first days of these Chapter 11 Cases, the Debtors and the JPLs have disputed certain facts, conclusions of law and jurisdictional matters concerning FTX DM. Notwithstanding their continued dispute about these matters, the Debtors and the JPLs have worked constructively to develop a mutually acceptable path forward in the near term. On January 6, 2023, after substantial negotiation and discussions, the parties entered into the Cooperation Agreement, which sets out a framework for cooperation and coordination of their activities as fiduciaries for the benefit of their respective creditors. On January 7, 2023, the Debtors and the JPLs filed with this Court a notice of the entry into the Cooperation Agreement [D.I. 402]. The Cooperation Agreement will not become effective unless and until approved by this Court and the Bahamas Court. (*See* Cooperation Agreement preamble.)

10. The Cooperation Agreement reflects the parties' agreement to proceed with parallel proceedings in this Court and the Bahamas Court, and to cooperate and coordinate in so far as possible to accomplish their common goals, which include (a) maximizing recoveries to customers and creditors of each estate, (b) avoiding redundant work, (c) minimizing expenses and (d) respecting the sovereignty of the United States and the Bahamian legal systems. (*See id.* §§ 1 and 2.)

11. The agreement is premised on the idea that the disputes between the Debtors and the JPLs may be best settled by the mutual sharing of information and arm's-length negotiation in connection with a coordinated resolution of the Chapter 11 Cases and the Bahamian Proceeding. The Debtors and the JPLs have agreed that one of the alternatives to consider jointly is the reorganization of the FTX.com exchange (the "International Platform"), to the extent such reorganization can be implemented in a manner that is in the best interests of both estates.

12. Neither the Debtors nor the JPLs have made any commitment in connection with a potential reorganization of the International Exchange, except for the general procedural undertakings reflected in the Cooperation Agreement.

13. The following is an overview of certain key terms of the Cooperation Agreement:[2]

(a) <u>Conditional and Reciprocal Recognition</u>:  The parties agreed that (i) recognition of the Bahamian Proceeding in the Chapter 15 Case shall be subject to, and effective only upon, the entry of orders providing analogous relief to the Chapter 11 Debtors in The Bahamas in form and substance reasonably satisfactory to the Chapter 11 Debtors and (ii) recognition of these Chapter 11 Cases in The Bahamas shall be subject to, and effective only upon, the entry of a Chapter 15 recognition order in the Chapter 15 Case in form and substance reasonably satisfactory to FTX DM (*See id.* §§12–13).

(b) <u>Primary Recovery Functions</u>:  The parties have allocated primary responsibility for recovering value from certain assets. (*See id.* §§ 4 and 5.)  For example, FTX DM will be primarily responsible for recovering value from (i) assets in its name, (ii) $45 million of USDT currently frozen in The Bahamas, (iii) its sale or reorganization, (iv) claims belonging to it, (v) its intercompany claims against the Debtors and (vi) the sale of any businesses or investments in its name.  On the other hand, the Debtors will be primarily responsible for recovering value from all assets and property not allocated to FTX DM.

(c) <u>Monetization of the International Platform</u>:  The Parties agreed to work together in good faith during the next six months to develop alternatives for the reorganization or monetization of the International Platform and cryptocurrency associated with it. (*See id.* § 6.)

(d) <u>Arrangements Regarding FTX Property Holdings Ltd. ("PropCo")</u>:  The parties agreed to commence a joint marketing process for the properties owned by PropCo and that either (i) a liquidation proceeding with respect to PropCo will be opened in The Bahamas to run concurrently with the pending Chapter 11 case of PropCo or (ii) the parties will determine another mutually acceptable arrangement for the judicial approval of the sale of the applicable properties by this Court and by an appropriate court in The Bahamas.  The JPLs agreed to dismiss with prejudice their motion to dismiss the Chapter 11 case of Propco [D.I. 213].  In light of the

---

[2] This overview is qualified in its entirety by reference to the terms of the Cooperation Agreement annexed to the Order as <u>Exhibit 1</u>.

        physical location of the applicable properties in The Bahamas, the JPLs will take the lead in managing the properties, determining monetization strategy and conducting the marketing process, provided that the monetization strategy and any dispositions will be subject to the approval by the Debtors. (*See* Cooperation Agreement § 15.)) Any asset dispositions will be subject to the approval of this Court pursuant to Section 363(b) of the Bankruptcy Code and by an appropriate court in The Bahamas pursuant to Bahamian law. Each party's reasonable and documented costs and expenses with respect to PropCo will be disclosed to all interested parties and charged to PropCo and paid or reserved for at sale from first available net sale proceeds. (*See id*. § 17.)

    (e)    <u>Court-to-Court Communication Procedures</u>: The Parties agreed to propose procedures for court-to-court communication based on international best practices and that are acceptable to this Court and The Bahamas Court. (*See id*. § 18.)

    (f)    <u>Information Sharing</u>: The parties agreed to share (i) information in their possession concerning matters contemplated by the Cooperation Agreement subject to satisfactory confidentiality arrangements and (ii) copies of pleadings filed in the Chapter 11 Cases and the Bahamian Proceeding. (*See id*. § 22.)

14. Except with respect to the arrangements relating to PropCo described above, the Cooperation Agreement does not include any consent by the Debtors or the JPLs to have any particular issue heard in any particular court, or to concurrent jurisdiction. The parties reserved their rights to seek a determination by this Court or the Bahamas Court of any matter at any time, subject to certain limited advance notice and consultation obligations. (*See id*. ¶ 23.) Nor does the Cooperation Agreement modify or impair any right of the parties except as expressly provided in the Cooperation Agreement. (*See id*. ¶ 24.)

## **Jurisdiction**

15. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409. The statutory predicates for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Local Rule 9029-2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

16. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) approving the Cooperation Agreement, and (b) granting certain related relief.

## Basis for Relief

17. The requested relief is authorized under section 363(b)(1) of the Bankruptcy Code, which provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). For a court to approve the use, sale, or lease of estate property under section 363(b) of the Bankruptcy Code the debtor must "articulate some business justification, other than mere appeasement of major creditors . . . ." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted).

18. Once a debtor articulates a valid business justification for the proposed transaction, significant weight is given to the debtor's business judgment. "The business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best

interests of the company.'" In *re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith* v. *Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Courts apply the business judgment rule within the context of a Chapter 11 case to shield a debtor's management from judicial second-guessing. *Id.*

19. Here, the relief requested in this Motion represents a sound exercise of the Debtors' business judgment because it establishes a cooperative framework with the JPLs that is reasonably intended to maximize recoveries to customers and creditors of the Debtors' estates, avoid redundant work and minimize expense.

20. Further, the Cooperation Agreement does not impair any material right or obligation of the parties, this Court or the Bahamas Court or divest or diminish the independent jurisdiction of this Court over the Chapter 11 Cases. In particular, nothing in the Cooperation Agreement, (a) requires this Court to take any action inconsistent with the laws of the United States, (b) requires the Debtors or any estate professionals to take any action, or refrain from taking any action, that would result in a breach of duty imposed on them by applicable law, (c) authorizes any action that otherwise requires the specific approval of this Court, except to the extent such action is specifically provided for in the Cooperation Agreement as approved by this Court, (d) commits either the Debtors or the JPLs to concurrent proceedings (except in the limited case of PropCo.) or (e) precludes the Debtors or any party in interest from asserting such party's substantive rights under the applicable laws.

21. The requested relief also is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code. Pursuant to that section this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a); *see also U.S.* v. *Energy Resources Co.*, 495 U.S.

545, 549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."). "The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." COLLIER ON BANKRUPTCY, ¶ 105.01, at 6 (Alan R. Resnick & Henry J. Sommer eds., 16th ed.).  Approving the Cooperation Agreement pursuant to section 105(a) is appropriate here because approval promotes the efficient and effective administration of these Chapter 11 Cases with the Bahamian Proceeding as parallel insolvency proceedings.

22. A number of courts, in this District and elsewhere, have authorized similar protocols or guidelines for managing cross-border insolvency proceedings.  *See, e.g.*, *In re DCL Holdings (USA), Inc.*, No. 22-11319 (JKS) (Dec. 12, 2022), D.I. 58; *In re Three Arrows Capital, Ltd.*, No. 22-10920 (Bankr. S.D.N.Y. Dec. 6, 2022), D.I. 72; *In re LATAM Airlines Group S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. Sept. 1, 2020), D.I. 978; *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Oct. 25, 2017), D.I. 725; *In re BPS US Holdings Inc.*, No. 16-12373 (KJC) (Nov. 29, 2016), D.I. 220; *In re Trident Microsystems, Inc.*, No. 12-10069 (CSS) (Jan. 25, 2012), D.I. No. 107; *In re Graceway Pharmaceuticals, LLC*, No. 11-13036 (PJW) (Oct. 25, 2011), D.I. 132; *In re Trident Resources Corp.*, No. 09-13150 (MFW) (Apr. 6, 2010), D.I. 33; *In re AbitibiBowater Inc.*, No. 09-11296 (KJC) (July 27, 2009), D.I. 760; *In re Eddie Bauer Holdings, Inc.*, No. 09-12099 (MFW) (July 7, 2009), D.I. 308; *In re Nortel Networks Inc.*, No. 09-10138 (KG) (June 29, 2009), D.I. 990; *In re Indalex Holdings Finance, Inc.*, No. 09-10982 (PJW) (May 11, 2009), D.I. 266; *In re Smurfit-Stone Container Corporation*, No. 09-10235

(BLS) (March 12, 2009), D.I. 528.  Accordingly, the Debtors submit that there is ample authority and precedent for approving the Cooperation Agreement.

23.     For the foregoing reasons, and the supporting authority found in sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors submit that, in their informed business judgment, the approval of the Cooperation Agreement is (a) appropriate to promote the efficient and effective administration of these Chapter 11 Cases with the Bahamian Proceeding and (b) in the best interests of the estates and should be granted.

**Reservation of Rights**

24.     Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party or (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**Notice**

25.     Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the JPLs; (h) counsel for the JPLs; (i) the Bahamas Commission;

and (j) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: January 25, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>        brown@lrclaw.com<br>        pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>        bromleyj@sullcrom.com<br>        gluecksteinb@sullcrom.com<br>        kranzleya@sullcrom.com<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |