**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  Feb. 8, 2023 at 1:00 p.m. (ET)**<br>**Obj. Deadline: Feb. 1, 2023 at 4:00 p.m. (ET)** |

**JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING EXAMINATIONS**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee" and, together with the Debtors, the "Movants"), hereby jointly submit this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Movants to serve discovery requests, including by serving subpoenas with the document requests substantially in the form attached hereto as Exhibits B-I (the "Requests"), to certain insiders.  In support of the Motion, the Movants respectfully state as follows:

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## BACKGROUND

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

3.      Prior to the Petition Date, the Debtors operated cryptocurrency exchanges and trading businesses.  As explained in the First Day Declarations, the Debtors faced a severe liquidity crisis that necessitated the filing of these Chapter 11 Cases on an emergency basis on November 11 and 14, 2022.  As detailed in the First Day Declarations, the Debtors' pre-filing operations were characterized by a complete failure of corporate controls and a total absence of trustworthy financial information.  (*See* Decl. John J. Ray III, D.I. 24, at 2.)

4.      The Debtors and their advisors have been working tirelessly and nonstop over the

last 70 plus days at the direction of Mr. Ray to implement controls, recover and protect estate assets, investigate potential claims, coordinate with authorities and proceedings in numerous jurisdictions, and maximize value for all stakeholders.  Since its appointment, the Debtors have been coordinating closely with the Committee.  The efforts to date have included extensive investigation into transfers of assets out of the Debtors' estates.  The Debtors and Committee will pursue estate assets wherever they are and seek to recover from all parties who misused estate assets.  Key questions remain, however, concerning numerous aspects of the Debtors' finances and transactions.

5.     Certain insiders are currently cooperating with the Debtors to provide important information.  But others are not, and thus authorization to issue subpoenas to those with the missing information is critical to the Debtors' and Committee's recovery efforts.  Accordingly, the Movants seek documents and information from the following individuals, who were key executives and senior advisors of the Debtors (the "Insiders"):

- Samuel Bankman-Fried, former CEO and founder of the FTX group and Alameda Research LLC;
- Zixiao "Gary" Wang, co-founder and Chief Technology Officer of the FTX group;
- Nishad Singh, co-founder of the FTX group;
- Caroline Ellison, CEO of Alameda Research LLC;
- Zhe "Constance" Wang, COO of FTX Trading Ltd. and co-CEO of FTX Digital Markets Ltd.;
- Barbara Fried, Mr. Samuel Bankman-Fried's mother and political advisor;
- Joseph Bankman, Mr. Samuel Bankman-Fried's father and close advisor; and
- Gabriel Bankman-Fried, Mr. Samuel Bankman-Fried's brother and political advisor.

6.      Beginning prior to the Committee's appointment, the Debtors have requested that the Insiders provide information and documents concerning: (1) the Debtors' assets, transactions, accounts, systems, and business operations; (2) their personal assets and transfers of funds, including anything of value they received from the Debtors; (3) their communications with certain individuals regarding the Debtors and their assets, transactions, accounts, systems, and business operations; and (4) other relevant information.  The Movants require immediate access to the requested materials to, among other things, supplement the Debtors' limited and untrustworthy financial records, to locate and secure estate assets, and to position themselves to recover misappropriated and stolen assets.  The Debtors and Committee will coordinate their efforts so as to proceed efficiently and without duplicating work.

7.      As required by Local Rule 2004-1, the Debtors attempted to confer with all of the Insiders to arrange a mutually agreeable date, time, place and scope of production.  To date, none of the Insiders subject to this Motion have agreed to provide the requested information.  Counsel for Ms. Wang and Mr. Bankman have stated that they expect to agree to produce responsive documents, and the Movants are hopeful that agreement can be reached on the scope of production following issuance of a subpoena.

## JURISDICTION AND VENUE

8.      The United States Bankruptcy Court for the District of Delaware has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final

order consistent with Article III of the United States Constitution.[2]

9.      The statutory bases for the relief sought herein are Bankruptcy Code section 105(a), Bankruptcy Rule 2004, and Local Rule 2004-1.

## RELIEF REQUESTED

10.     Pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004 and Local Rule 2004-1, the Movants request that the Court enter an order authorizing the Movants to issue subpoenas to the Insiders for the production of documents, electronically stored information or tangible things responsive to the Requests.

## BASIS FOR RELIEF

11.     Under Bankruptcy Code section 105(a), the Court maintains broad equitable powers to fashion an order or decree in aid of the enhancement of the value of the Debtors' estates for the benefit of all stakeholders.  11 U.S.C. § 105(a).  Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  An examination under Bankruptcy Rule 2004 may be made of any entity with knowledge of "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . .  and any other matter relevant to the case or to the formulation of a plan."  *See* Fed. R. Bankr. P. 2004(b); *In re Wash. Mut., Inc.*, 408 B.R. 45, 49-50 (Bankr. D. Del. 2009).

12.     "The clear intent of Rule 2004 . . . is to give the parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to

---

[2]  Pursuant to Local Rule 9013-1(f), the Movants confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

preserve the rights of creditors." *In re GHR Cos., Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984).

"Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions,

and determining whether wrongdoing has occurred." *In re Wash. Mut., Inc.*, 408 B.R. at 50

(Bankr. D. Del. 2009) (internal quotation marks omitted).  Generally, the scope of a Rule 2004

examination available to the Movants is "unfettered and broad" and has been likened to a

"fishing expedition." *See id.* at 49-50 (internal quotation marks and citations omitted); *In re*

*Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016); *In re East West*

*Resort Development V, L.P., L.L.L.P.*, 2014 WL 4537500, at *7 (Bankr. D. Del. Sept. 12, 2014);

*In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (Bankr.

S.D.N.Y. 2002); *In re Ecam Publ'n, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In*

*re Santiago*, 2011 Bankr. LEXIS 2351, at *10 (Bankr. N.D. Ohio Feb. 11, 2011) ("[T]he scope

of a Rule 2004 examination is broad and relatively unlimited.").  Notably, discovery under

Bankruptcy Rule 2004 is "broader than discovery under the Federal Rules of Civil Procedure,

and has fewer procedural safeguards." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702,

711 (Bankr. S.D.N.Y. 1991); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[T]he

scope of examination allowed under Bankruptcy Rule 2004 is broader than discovery allowed

under the Federal Rules of Civil Procedure and may be in the nature of a fishing expedition.")

(internal quotation marks omitted); 9 Collier on Bankruptcy ¶ 2004.01[1] (16th ed. 2019).

13.    The Movants have been working continuously to locate and secure estate assets in

order to establish accountability, preserve value, and maximize stakeholder recoveries.  These

efforts have been complicated by the fact that the Debtors did not maintain appropriate records

or security controls prior to the Petition Date.  Although the Debtors have located and secured

substantial estate assets, they and the Committee expect to recover still more assets in these

Chapter 11 Cases.  The Movants expect that substantial additional estate assets will be recovered, including estate assets that were transferred in the days, weeks and months prior to the Petition Date.  *See* 11 U.S.C. §§ 547, 548, and 550.  This Motion is an important step in that asset recovery process.

14.     The Insiders are without question individuals that possess information necessary to assist the Movants in locating and safeguarding estate assets, as well as developing claims and causes of action to be asserted.

15.     Mr. Samuel Bankman-Fried, Mr. Wang and Mr. Singh are the co-founders of the FTX group and, along with Ms. Ellison and Ms. Wang, were senior executives who held senior positions with, and/or ownership stakes in, the Debtors.

16.     On December 13, 2022, the United States Attorney's Office for the Southern District of New York (the "SDNY") released an eight-count indictment charging Mr. Samuel Bankman-Fried with wire fraud, securities fraud, commodities fraud, campaign finance violations, money laundering and associated conspiracy charges relating to, among other things, his alleged misuse of customer funds and frauds perpetrated on creditors.  The SDNY's announcement explained that Mr. Samuel Bankman-Fried "knowingly defrauded the customers of FTX.com through the misappropriation of the customer deposits to pay expenses and debts of a different company he also owned as well as make other investments" and "made millions of dollars in political contributions funded by Alameda Research to federal political candidates and committees in advance of the 2022 election.  To conceal the fact that those contributions were paid for using funds from a corporation and to evade contribution limits and reporting requirements, Bankman-Fried caused contributions to be reported in the names of co-

conspirators rather than in the name of the true source of the funds."[3]  On December 21, 2022, the SDNY announced that Mr. Wang and Ms. Ellison had agreed to plead guilty to similar allegations.[4]

17.    Mr. Samuel Bankman-Fried has publicly stated that he "ha[s] a duty to talk to people," to "explain what happened," to "do everything [he] can to try and do what's right," and to "try and help customers."[5]  Mr. Samuel Bankman-Fried has been very active on social media, and further stated that he is "looking to be helpful anywhere [he] can with any of the global entities that would want [his] help," and that he wants to be "helpful where [he] can to regulators [and] administrators . . . who are working to help FTX's customers [to] bring a lot more value to those customers."  *Id.*  Yet, despite these statements, Mr. Samuel Bankman-Fried has not responded to or complied with the Requests on a voluntary basis.  As a result, a court-authorized subpoena is necessary.

18.    Mr. Bankman acted in a senior advisory role to the Debtors and their former executives, and was personally involved with the events leading up to the collapse of the FTX group.  As reported, Mr. Bankman was "deeply involved in FTX" going so far as to "recruit its first lawyers," join "FTX staff in meetings on Capitol Hill," and provide FTX employees with

---

[3]  Press Release, U.S. Attorney's Office for the Southern District of New York, United States Attorney Announces Charges Against FTX Founder Samuel Bankman-Fried (Dec. 13, 2022), https://www.justice.gov /usao-sdny/pr/united-states-attorney-announces-charges-against-ftx-founder-samuel-bankman-fried.

[4]  MacKenzie Sigalos & Rohan Goswami, *FTX's Gary Wang, Alameda's Caroline Ellison Plead Guilty to Federal Charges, Cooperating with Prosecutors*, CNBC (Dec. 22, 2022, 9:40 AM), https://www.cnbc.com/2022/12/22/ftxs-gary-wang-alamedas-caroline-ellison-plead-guilty-to-federal-charges-cooperating-with-prosecutors.html.

[5]  *Transcript of Sam Bankman-Fried's Interview at the DealBook Summit*, N.Y. Times (Nov. 30, 2022), https://www.nytimes.com/2022/12/01/business/dealbook/sam-bankman-fried-dealbook-interview-transcript.html.

advice on tax-related matters.[6]  Mr. Bankman has further stated that "[f]rom the start whenever [he] was useful, [he'd] lend a hand." *Id.*  When visiting the FTX offices in the Bahamas, Mr. Bankman and his wife, Ms. Fried, resided in a $16.4 million house titled in their names, despite understanding that the house was "intended to be the company's property." *Id.* Ms. Fried also reportedly founded a political action committee called Mind the Gap, which received donations from Mr. Samuel Bankman-Fried and other FTX Insiders.[7]

19.     Mr. Gabriel Bankman-Fried also coordinated closely with his brother on political donations.  Mr. Gabriel Bankman-Fried founded Guarding Against Pandemics, an organization funded by Mr. Samuel Bankman-Fried that lobbied for and sought to influence legislation in Congress, endorsed candidates for public office, and advocated on pandemic-related issues.[8]  In furtherance of those efforts, Mr. Gabriel Bankman-Fried's organization purchased a multi-million dollar property a few blocks from the United States Capital, which the Debtors believe was purchased using misappropriated customer funds.

20.     The Debtors, prior to the Committee's appointment, voluntarily sought cooperation from the other Insiders.  Mr. Wang and Ms. Ellison expressly declined to provide the requested information, and Ms. Fried has ignored the Requests altogether.  The Debtors have not received meaningful engagement or any response from Mr. Singh or Mr. Gabriel Bankman-Fried

---

[6]  David Yaffe-Bellany et al., *The Parents in the Middle of FTX's Collapse*, NY Times (Dec. 12, 2022), https://www.nytimes.com/2022/12/12/technology/sbf-parents-ftx-collapse.html.

[7]  *See id.*; Brian Schwartz, *Former FTX engineer quietly became multimillion-dollar Democratic donor after new role at cryptocurrency exchange*, CNBC (Dec. 6, 2022), https://www.cnbc.com/2022/12/06/former-ftx-engineer-quietly-became-millionaire-democratic-donor.html.

[8]  *See* Dan Diamond, *Before FTX Collapse, Founder Poured Millions into Pandemic Prevention*, WashPost (Nov. 16, 2022), https://www.washingtonpost.com/health/2022/11/16/sam-bankman-fried-ftx-pandemic-prevention ("[T]he brothers and their network have spent at least $70 million since October 2021 on research projects, campaign donations and other initiatives intended to improve biosecurity and prevent the next pandemic.").

as of the date of filing this Motion.  The Debtors' discussions with counsel for both Mr.

Bankman and Ms. Wang are ongoing, and the Debtors expect those discussions about a

consensual production of information to continue following issuance of the requested subpoenas.

21.    Examination pursuant to Bankruptcy Rule 2004 is of paramount importance given

the Insiders' unique knowledge.  The Insiders are best positioned to assist the Movants with

information helpful to unwind the complex web of entities and transactions that they created so

that the Movants can better understand the "nature and extent of the bankruptcy estate," the

events that led to their insolvency, and the claims and causes of action they may possess.  *In re*

*Millennium Lab Holdings II, LLC*, 562 B.R. at 626 (Bankruptcy Rule 2004 examination proper

where it is "necessary to establish the claim of the party seeking the examination, or if denial of

such request would cause the examiner undue hardship or injustice."); *see also In re Teleglobe*

*Communications Corp.*, 493 F.3d 345, 354 n.6 (3rd Cir. 2007) (Bankruptcy Rule 2004 "allows

parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the

estate").  For this reason, courts routinely order former executives and advisors to produce

documents, and the Court should do so here.  *See, e.g.*, *In re Continuum Care Servs.*, 375 B.R.

692, 694 (Bankr. S.D. Fla. 2007) ("Although Mr. Bombart is no longer an officer of the

Debtor . . . [he] was its chief executive officer prior to the filing of this involuntary Chapter 11

case.  He is thus the person most knowledgeable concerning the acts, conduct, or property of the

Debtor and concerning its liabilities and financial condition."); *In re Retcon Corp.*, 207 B.R. 751,

756-57 (Bankr. S.D.N.Y. 2004) ("It has long been held proper to examine a debtor's former

officers to investigate potential causes of action against them.").

22.    Accordingly, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004

and Local Rule 2004-1, the Movants request entry of an order, substantially in the form attached

as <u>Exhibit A</u> hereto, authorizing the Movants to issue subpoenas to the Insiders, as necessary, for the production of documents, electronically stored information or tangible things, including those responsive to Requests set forth in <u>Exhibit B</u> through <u>Exhibit I</u>.  The Debtors and Committee will coordinate their efforts so as to proceed efficiently and without duplicating work.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

23.     The Debtors have engaged, or attempted to engage, in a cooperative meet and confer process to obtain information from the Insiders on a voluntary basis.  The Debtors sent letters to each of the insiders attaching personalized Bankruptcy Rule 2004 requests, requesting the production of documents and information, and seeking to meet and confer, which the insiders received on the following dates:

- December 7, 2022:  Messrs. S. Bankman-Fried, Bankman, and Wang, and Ms. Ellison;

- December 28, 2022:  Ms. Fried and Ms. Wang;

- January 19, 2022:  Mr. Singh and Mr. G. Bankman-Fried.

The Debtors thereafter attempted to engage, and in some instances did engage, in meet and confer discussions with each of the Insiders, as described above.  To date, none of the Insiders have voluntarily provided the requested information.

## RESERVATION OF RIGHTS

24.     The Movants reserve their rights to seek further discovery of the Insiders pursuant to Bankruptcy Rule 2004 or otherwise, including to conduct witness examinations.  The Movants further reserve their respective rights to seek discovery pursuant to Bankruptcy Rule 2004 with respect to all other parties, as appropriate.

## NOTICE AND NO PRIOR REQUEST

25.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to

the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service;
(e) the United States Department of Justice; (f) the United States Attorney for the District of
Delaware; (g) the Insiders or their counsel, if known; and (h) to the extent not listed herein, those
parties requesting notice pursuant to Bankruptcy Rule 2002.  The Movants submit that, in light
of the nature of the relief requested, no other or further notice need be provided.

26.     No prior application for the relief requested in this Motion has been made to this
or any other court.

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Court (a) enter an order,
substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief
as is just and proper.

Dated: January 25, 2023
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Christopher J. Dunne (*pro hac vice* application forthcoming)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       dunnec@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert F. Poppiti*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
       rpoppiti@ycst.com

-and-

**PAUL HASTINGS LLP**
Kristopher M. Hansen*
Luc A. Despins*
Kenneth Pasquale*
Erez E. Gilad*
Gabriel E. Sasson*
Isaac S. Sasson*
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: krishansen@paulhastings.com
       lucdespins@paulhastings.com
       kenpasquale@paulhastings.com
       erezgilad@paulhastings.com
       gabesasson@paulhastings.com
       isaacsasson@paulhastings.com

*Admitted pro hac vice*

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors*