**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Feb. 8, 2023 at 1:00 p.m. (ET)**<br>**Obj. Deadline: Feb. 1, 2023 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO FILE UNDER SEAL DEBTORS' MOTION FOR
ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY IN CONNECTION
WITH CONFIDENTIAL INVESTIGATION**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 107(b) of

title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 9018

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-1(b) of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to file under seal the

*Debtors' Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-
1 Authorizing Discovery in Connection with Confidential Investigation* (the "Relevant Third

Parties Rule 2004 Motion")[2] and (b) granting related relief.  In support of the Motion, the

Debtors respectfully state as follows:

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.

[2]   Capitalized terms used but not otherwise defined in this application shall have the meanings ascribed to them in
the Relevant Third Parties Rule 2004 Motion.

**Background**

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

3.      To facilitate the Debtors' investigation and efforts to recover estate assets for the benefit of the Debtors' stakeholders, the Debtors filed the Relevant Third Parties Rule 2004 Motion requesting entry of an order authorizing the Debtors to issue one or more subpoenas to Relevant Third Parties for the production of documents, electronically stored information or tangible things responsive to the Debtors' ongoing investigation and pursuit of more than $300 million in digital assets stolen from the Debtors in Unauthorized Transactions (the "Requests").

4.      The Relevant Third Parties Rule 2004 Motion contains information about the actions that the Debtors have taken and continue to take in connection with the recovery of valuable assets that represent a significant share of the Debtors' estates and their investigation of potential claims and causes of action that the Debtors may possess.  In addition, the information contained in the Relevant Third Parties Rule 2004 Motion identifies third parties expected to possess specific evidence critical to the Debtors' asset recovery efforts and investigation into the Unauthorized Transfers, as well as Requests for such evidence (collectively, the "Confidential Information").  Disclosure of the Confidential Information may lead to certain parties taking actions that would hinder, undermine or otherwise impede the Debtors' ongoing recovery efforts with respect to the Unauthorized Transactions and potentially cause significant, irreversible damage to the Debtors' estates.

5.      More specifically, and as detailed in the Relevant Third Parties Rule 2004 Motion, the Confidential Information contained in the Relevant Third Parties Rule 2004 Motion is extremely sensitive because it will reveal critical evidence relating to the Unauthorized Transactions that the Debtors have identified through their investigation, including evidence that may reveal or lead to evidence that will reveal the identity and activities of the perpetrator(s) of the November 11-12 cybersecurity incident.  Publicly disclosing the requests to, or the name of, any of the Relevant Third Parties will alert the perpetrator(s) to the progress in the Debtors' investigation.

6.      Additionally, because the Debtors seek certain information that may identify the individuals who used the services of the Relevant Third Parties in connection with the Unauthorized Transactions (*i.e.,* the perpetrator(s) of the crimes against the Debtors), it is critical that the Relevant Third Parties be instructed that they may not notify their relevant customer/subscriber of the receipt or the nature of any Requests or documents or information

provided in response to any Requests.  One of the Relevant Third Parties specifically advised

that, barring any order to the contrary, it will notify its customer of the receipt and nature of the

Document Request and give its customer the opportunity to challenge the Document Request.

7.     Moreover, given the sensitivity and critical nature of the evidence sought

by the Relevant Third Parties Rule 2004 Motion, disclosure of the Confidential Information

would also be expected to disrupt and undermine ongoing law enforcement investigations into

the crimes committed against the Debtors in connection with the Unauthorized Transactions.

Thus, sealing is necessary until such time as disclosure will no longer pose meaningful risk to the

Debtors, their assets, or ongoing investigations.

## Jurisdiction

8.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicates for the relief requested herein are section 107(b) of the

Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).  Pursuant to Local Rule

9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in

connection with this Motion to the extent it is later determined that the Court, absent consent of

the parties, cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

## Relief Requested

9.     By this Motion, the Debtors request entry of the Order, substantially in the

form attached hereto as Exhibit A, (a) authorizing the Debtors to file the Relevant Third Parties

Rule 2004 Motion under seal and (b) granting related relief.

**Basis for Relief**

10.     Bankruptcy Code section 107(b) authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information. Specifically, section 107(b) states that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or other confidential research, development, or commercial information . . . ." Similarly, Bankruptcy Rule 9018 and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information. Furthermore, section 105(a) of the Bankruptcy Code empowers courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

11.     The Debtors respectfully submit that the information in the Relevant Third Parties Rule 2004 Motion is of a sensitive, confidential and proprietary nature to the Debtors, and thus, is confidential commercial information as contemplated by Bankruptcy Code section 107. "Commercial information" has been defined as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Altera Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d 27, 27-28 (2d Cir. 1994)). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28. If an interested party is requesting to seal information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27. Moreover, the resulting order should be broad, that is "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections,

5

"generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

12.     Here, placing the Relevant Third Parties Rule 2004 Motion under seal is appropriate under section 107(b) of the Bankruptcy Code.   As detailed herein and in the Relevant Third Parties Rule 2004 Motion, the Confidential Information includes confidential research and information which, if disclosed, could put the Debtors' assets, asset recovery efforts, and investigation into the Unauthorized Transfers at serious risk, to the detriment of all stakeholders.[3]  Sealing of the Confidential Information thus is necessary to preserve the Debtors' non-public, confidential and commercially sensitive information regarding their ongoing recovery efforts, potential claims and causes of action, litigation strategy and plans.

13.     This Court has routinely authorized debtors in other chapter 11 cases to file under seal confidential information.  *See, e.g.*, *In re Cred Inc.*, Case No. 20-12836 (JTD) (Mar. 15, 2021), D.I. 638 (authorizing official committee of unsecured creditors to file under seal motion seeking discovery pursuant to Bankruptcy Rule 2004);  *In re TPC Group Inc.*, No. 22-10493 (CTG) (June 7, 2022), D.I. 1133 (authorizing debtors to file under seal a motion for entry of an order approving debtors' assumption of a commercial agreement); *In re Promise Healthcare Group, LLC*, Case No. 18-12491 (CSS) (Jan. 14, 2019) (authorizing debtors to file under seal information related to debtors' key employee incentive plan); *In re Welded Construction, L.P.*, Case No. 18-12378 (KG) (Nov. 15, 2018) (authorizing debtors to file under seal information related to debtors' key employee retention plan); *In re American Apparel, LLC*,

---

[3]     To the extent any related order or affidavit of service contains Confidential Information or would disclose the names of any parties the disclosure of which might interfere with the Debtors' ongoing efforts to recover assets of the estates, the Debtors seek authorization to file such order and affidavits of service under seal.

Case No. 16-12551 (BLS) (Jan. 4, 2017) (authorizing debtors to file under seal information

related to debtors' key employee incentive and retention plans); *In re RadioShack Corp.*, Case

No. 15-10197 (BLS) (Bankr. D. Del. Feb. 27, 2015) (authorizing debtors to file under seal

information related to debtors' key employee incentive and retention plans).

14.    Therefore, the Debtors submit for the unique reasons set forth herein that

filing the Relevant Third Parties Rule 2004 Motion under seal is warranted and necessary to

preserve the Confidential Information and in the best interests of the Debtors and their estates.[4]

### Notice and No Prior Request

15.    Notice of this Motion has been provided to: (a) the U.S. Trustee;

(b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal

Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for

the District of Delaware; (g) the Relevant Third Parties or their respective counsel, if known; and

(h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule

2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further

notice need be provided.

16.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and

(b) grant such other and further relief as is just and proper.

---

[4]    The Debtors will provide copies of the unredacted Relevant Third Parties Rule 2004 Motion to the Court, the
United States Trustee for the District of Delaware, the Recipients, and counsel for the Committee.

Dated:  January 25, 2023
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*