# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: Feb. 8, 2023 at 1:00 p.m. (ET)<br>Obj. Deadline: Feb. 1, 2023 at 4:00 p.m. (ET) |

## MOTION OF DEBTORS FOR TURNOVER
## OF ASSETS HELD BY INTERACTIVE BROKERS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession, including Alameda Research Ltd. ("Alameda") and FTX Europe AG (f/k/a Digital Assets DA AG, "FTX Europe") (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 541 and 542(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), directing Interactive Brokers LLC ("Interactive Brokers") to turn over to the Debtors assets held in brokerage accounts at Interactive Brokers in the name of Debtors Alameda and FTX Europe, respectively, and related account information. In support of the Motion, the Debtors respectfully submit as follows:

## BACKGROUND

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069815.}

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

**FACTS SPECIFIC TO THE RELIEF REQUESTED**

3. The Debtors have been in discussions with Interactive Brokers regarding certain accounts that have been identified at Interactive Brokers containing assets held in the name of the Debtors. Specifically, Interactive Brokers and the Debtors have identified the following accounts (collectively, the "IB Accounts"):

- Account No. UXXXX1808 in the name of Debtor Alameda Research Ltd., containing approximately $341.9 million in fiat currency;

- Account No. UXXXX483 in the name of Debtor Digital Assets DA AG (n/k/a FTX Europe AG), containing assets valued at approximately $7,200; and

- Account No. UXXXX401 in the name of Debtor Digital Assets DA AG (n/k/a FTX Europe AG), containing assets valued at approximately $5,750,000 (collectively, the "Assets").

4.  Interactive Brokers has acknowledged that the Assets are held solely in the name of a Debtor.

5.  Interactive Brokers has represented to the Debtors that it is ready, willing, and able to transfer the Assets in the IB Accounts to the Debtors but is requiring an order of this Court to do so.

6.  The Debtors have designated an account in the name of Alameda Research LLC at Western Alliance Bank (the "WA Account") into which the fiat currency in the Alameda account is to be transferred, in accordance with this Court's *Final Order (I) Authorizing the Debtors to (A) Operate a Postpetition Cash Management System, (B) Maintaining Existing Business Forms and (C) Perform Intercompany Transactions, (II) Granting a Partial Waiver of the Deposit Guidelines Set Forth in Section 345(b) and (III) Granting Certain Related Relief* [D.I. 488] (the "Cash Management Order").

7.  The Debtors will work with Interactive Brokers to designate an appropriate account or accounts into which to transfer the Assets held in the FTX Europe accounts, consistent with the Cash Management Order (as applicable).

**JURISDICTION**

8.  The United States Bankruptcy Court for the District of Delaware has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

9. The statutory basis for the relief sought herein is Bankruptcy Code sections 105(a), 541 and 542(a).

## RELIEF REQUESTED

10. Pursuant to Bankruptcy Code sections 105(a), 541 and 542(a), the Debtors respectfully request entry of an order, substantially in the form of the Order, directing Interactive Brokers to turn over to the Debtors (i) the Assets in the IB Accounts; and (ii) historical account statements for the IB Accounts.

## BASIS FOR RELIEF REQUESTED

11. The Debtors request an order from the Court directing Interactive Brokers to turn over cash and other assets in its possession that are the property of the Debtors' estates pursuant to Bankruptcy Code Section 542(a)(1). There is no dispute that the IB Accounts are held in the name of certain Debtors—specifically Alameda and FTX Europe. However, Interactive Brokers has, without justification, refused to transfer the Assets to the Debtors without an order from this Court. To facilitate the transfer, the Debtors are filing this Motion and requesting entry of the Order.

12. Section 542(a) of the Bankruptcy Code mandates that "[a]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account

---

[2] Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

13.  The funds held by Interactive Brokers are property of the Debtors' estates pursuant to Section 541(a)(1) of the Bankruptcy Code, which defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case . . . wherever located and by whomever held." 11 U.S.C. § 541(a).[3]

14.  There is no *bona fide* dispute as to Alameda and FTX Europe's ownership, respectively, of the Assets. Interactive Brokers acknowledges that the Assets are in IB Accounts in the name of the Debtors, and, in discussions, has not contested that the Debtors are entitled to possession of the Assets. Indeed, Interactive Brokers has stated to the Debtors that it is able and willing to turn over the Assets upon entry of an order by this Court. The Debtors thus submit that commencing an adversary proceeding is unnecessary. *See*, *In re LVI Intermediate Holdings, Inc., et al.*, Case No. 20-11413 (KBO) (Mar. 25, 2022) (ordering the turnover of funds held in a debtor bank account pursuant to Bankruptcy Code sections 105, 541 and 542 via motion practice outside of an adversary proceeding); *In re Katy Indus., Inc., et al.*, Case No. 17-11101 (KJC) (Bankr. D. Del. July 6, 2017) (ordering the liquidation and turnover of assets held in a debtor trust account pursuant to Bankruptcy Code sections 105(a), 541 and 542 via motion practice outside of an adversary proceeding). "Turnover under 11 U.S.C. § 542 is a remedy available to debtors to obtain *what is acknowledged to be property* of the bankruptcy estate." *See In re Rite Way Elec., Inc.*, 510

---

[3] In addition, insofar as Interactive Brokers qualifies as a custodian under Bankruptcy Code section 543, it is obligated to "deliver to the [Debtors] any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case." 11 U.S.C. § 543(b).

B.R. 471, 484 (Bankr. E.D. Pa. 2014) (quoting *In re Asousa Partnership*, 264 B.R. 376, 384 (Bankr. E.D. Pa. 2001) (emphasis added)).

15. The relief requested also is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code. Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a); *see also U.S.* v. *Energy Resources Co.*, 495 U.S. 545, 549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."). "The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." COLLIER ON BANKRUPTCY, ¶ 105.01, at 6 (Alan R. Resnick & Henry J. Sommer eds., 16th ed.). As part of the Debtors' ongoing asset recovery efforts, it is imperative that the Debtors obtain control and possession over the IB Accounts and the Assets contained therein. The Debtors also are entitled to and require copies of all historical account statements for the IB Accounts. As part of the Debtors' ongoing asset recovery efforts, it is imperative that the Debtors obtain control and possession over the IB Accounts and the Assets contained therein. The Debtors also are entitled to and require copies of all historical account statements for the IB Accounts.

## NOTICE AND NO PRIOR REQUEST

16. The Debtors have provided notice of this Motion to the following, or in lieu thereof, their counsel, if known: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) Interactive

Brokers; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

17. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## CONCLUSION

18. WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is deemed just and proper.

| | |
|---|---|
| Dated: January 25, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>       brown@lrclaw.com<br>       pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>        bromleyj@sullcrom.com<br>        gluecksteinb@sullcrom.com<br>        kranzleya@sullcrom.com<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |