# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: February 8, 2023 at 1:00 p.m. (ET)** |
| | **Obj. Deadline: February 1, 2023 at 4:00 p.m. (ET)** |

### NOTICE OF MOTION

TO:  (a) the U.S. Trustee; (b) counsel to the Committee (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the Relevant Third Parties or their counsel, if known; (h) the Federal Bureau of Investigation; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

On January 25, 2023, the above-captioned debtors and debtors-in-possession (the "Debtors") filed the *Motion of Debtors for Entry of an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery in Connection with Confidential Investigation* (the "Motion").

Objections, if any, to the relief requested in the Motion must be filed with the United States Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **February 1, 2023 at 4:00 p.m. (ET).**

At the same time, you must also serve a copy of the objection upon the undersigned counsel so as to be **received no later than 4:00 p.m. (ET) on February 1, 2023.**

A HEARING ON THE MOTION WILL BE HELD ON **FEBRUARY 8, 2023 AT 1:00 P.M. (ET)** BEFORE THE HONORABLE JOHN T. DORSEY, UNITED STATES BANKRUPTCY COURT JUDGE, IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 5th FLOOR, COURTROOM NO. 5, WILMINGTON, DELAWARE 19801.

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: January 25, 2023
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

*Counsel for the Debtors*
*and Debtors-in-Possession[2]*

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession with Respect*
*to all Requests Except that to* ▮▮▮▮

---

[2]  The Debtors are represented solely by Landis Rath and Cobb LLP with respect to the ▮▮▮ Requests.

{1368.002-W0069810.2}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Feb. 8, 2023 at 1:00 p.m. (ET)**<br>**Obj. Deadline: Feb. 1, 2023 at 4:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY IN CONNECTION WITH CONFIDENTIAL INVESTIGATION

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession, including Alameda Research LLC ("Alameda Research" and collectively, the "Debtors") hereby submit this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as Exhibit A authorizing discovery in the form of production of materials responsive to the requests set forth in Exhibits B-E (the "Requests"). In support of the Motion, the Debtors respectfully state as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069811.}

## PRELIMINARY STATEMENT

The Debtors have been engaged in a time-sensitive investigation to attempt to recover, ███████████████████████████████, over $300 million of the Debtors' cryptocurrency assets at the outset of the bankruptcy by accessing the Debtors' computer environment without authorization.  Through their investigation, the Debtors have identified

███████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████  In addition, the Debtors' investigation has also revealed ██████████████████████████████

███████████████████████████████████████████████████

The matter is urgent given that ██████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████

These Requests are also of the utmost sensitivity, necessitating the Debtors' request for sealing, ██████████████████████████████████████

████████████████████████████████████

████████████████████████  This motion is being filed concurrently with a request to seal this motion because ████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████

████████████████████████

## BACKGROUND

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"),

the Debtors filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy

Code.  The Debtors continue to operate their businesses and manage their properties as debtors-

in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint

administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by

entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the

United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official

Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the

Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in

Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.

Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the

*Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93]

(collectively, the "First Day Declarations").

3.      Prior to the Petition Date, the Debtors operated cryptocurrency exchanges and

trading businesses.  As explained in the First Day Declarations, the Debtors faced a severe

liquidity crisis that necessitated the filing of these Chapter 11 Cases on an emergency basis on

November 11 and 14, 2022.  As detailed in the First Day Declarations, the Debtors' pre-filing

operations were characterized by a complete failure of corporate controls and an absence of

trustworthy financial information. (*See* Decl. John J. Ray III, D.I. 24, at 2.)

    4.      The Debtors and their advisors have been working tirelessly and nonstop over the

last 70 plus days at the direction of Mr. Ray to implement controls, recover and protect estate

assets, investigate potential claims, coordinate with authorities and proceedings in numerous

jurisdictions, and maximize value for all stakeholders. Since its appointment, the Debtors have

been coordinating closely with the Committee. The efforts to date have included extensive

investigation into transfers of assets out of the Debtors estates. The Debtors will pursue estate

assets wherever they are and hold those responsible.

    5.      Among other resources, to facilitate the timely recovery of estate assets, the

Debtors have engaged forensic analysts to identify potential estate assets on the blockchain,

cybersecurity professionals to investigate unauthorized transactions on and after the Petition

Date, and professionals to identify what may be very substantial transfers of estate assets in the

days, weeks and months prior to the Petition Date. Key questions remain concerning numerous

aspects of the Debtors' finances and transaction records.

    6.      In particular for purposes of this Motion, from November 11-12, 2022 (UTC

time), ██████████████████████████████████████████████

██████████████████ used by FTX.com, FTX.us, and Alameda Research, and thereby ████ over

$300 million in digital assets of the Debtors, which they have continued to launder since that

time (the "<u>Unauthorized Transactions</u>").

    7.      In connection with these efforts, the Debtors seek discovery from the following

companies, ████████████████████████████████████████████

████████████████████████████████████████████████



(the "Relevant Third Parties"):

████████████████████

8.     The Debtors have requested that the Relevant Third Parties provide information

and documents ██████████████████████████████████████████████

████████████████████████████████  The Debtors require immediate access

to the requested materials to, among other things, recover the Debtors' ████ assets, ████████

█████████████████████████████████████████████████████████████

████████████████████

9.     As required by Local Rule 2004-1, the Debtors attempted to confer with all of the

Relevant Third Parties to arrange a mutually agreeable date, time, place and scope of production.

In response to the Debtors' request to meet and confer, all of the Relevant Third Parties—████

████████████████████████—advised that they require compulsory legal process to

produce the requested documents and information.  This response was expected by the Debtors

given that ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████.

**JURISDICTION AND VENUE**

10.     The United States Bankruptcy Court for the District of Delaware has jurisdiction

---

[2]  With respect to the request for ████ records, the Debtors are represented exclusively by Landis, Rath & Cobb LLP.

over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

11.     The statutory bases for the relief sought herein are Bankruptcy Code section 105(a) Bankruptcy Rule 2004 and Local Rule 2004-1.

## RELIEF REQUESTED

12.     Pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004 and Local Rule 2004-1, the Debtors request that the Court enter an order authorizing the Debtors to issue subpoenas to the Relevant Third Parties for the production of documents, electronically stored information or tangible things responsive to the Requests.

## BASIS FOR RELIEF

13.     Under Bankruptcy Code section 105(a), the Court maintains broad equitable powers to fashion an order or decree in aid of the enhancement of the value of the Debtors' estates for the benefit of all stakeholders. 11 U.S.C. § 105(a). Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). An examination under Bankruptcy Rule 2004 may be made of any entity with knowledge of "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge … and any other matter relevant to the case or to the

---

[3] Pursuant to Local Rule 9013-1(f), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

formulation of a plan." *See* Fed. R. Bankr. P. 2004(b); *In re Wash. Mut., Inc.*, 408 B.R. 45, 49-50

(Bankr. D. Del. 2009); *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D.

Del. 2016).

14.    "The clear intent of Rule 2004 . . . is to give the parties in interest an opportunity

to examine individuals having knowledge of the financial affairs of the debtor in order to

preserve the rights of creditors."  *In re GHR Cos., Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass.

1984); *see Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 278 (3d Cir. 2013) ("A Rule 2004

examination may be used to cover a wide range of subjects relating to the acts, conduct, or

property or to the liabilities and financial condition of the debtor, or to any matter which may

affect the administration of the debtor's estate[.]") (internal quotations omitted).  "Legitimate

goals of Rule 2004 examinations include discovering assets, examining transactions, and

determining whether wrongdoing has occurred."  *In re Wash. Mut., Inc.*, 408 B.R. at 50 (Bankr.

D. Del. 2009) (internal quotation marks omitted).  Generally, the scope of a Rule 2004

examination available to the Debtors is "unfettered and broad" and has been likened to a "fishing

expedition." *See id.* at 49-50 (internal quotation marks and citations omitted); *In re Millennium

Lab Holdings II, LLC*, 562 B.R. at 626 (Bankr. D. Del. 2016); *In re East West Resort

Development V, L.P., L.L.L.P.*, 2014 WL 4537500, at *7 (Bankr. D. Del. Sept. 12, 2014) ("Rule

2004 examinations are often used to discover assets, and courts have recognized that the scope of

a 2004 examination is 'unfettered and broad' and the examination is in the nature of a 'fishing

expedition.'"); *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224,

226 (Bankr. S.D.N.Y. 2002); *In re Ecam Publ'n, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y.

1991); *see also In re Santiago*, 2011 Bankr. LEXIS 2351, at *10 (Bankr. N.D. Ohio Feb. 11,

2011) ("[T]he scope of a Rule 2004 examination is broad and relatively unlimited.").  Notably,

discovery under Bankruptcy Rule 2004 is "broader than discovery under the Federal Rules of

Civil Procedure, and has fewer procedural safeguards." *In re Drexel Burnham Lambert Grp.,*

*Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Hughes*, 281 B.R. 224, 226 (Bankr.

S.D.N.Y. 2002) ("[T]he scope of examination allowed under Bankruptcy Rule 2004 is broader

than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a

fishing expedition.") (internal quotation marks omitted); 9 Collier on Bankruptcy ¶ 2004.01[1]

(16th ed. 2019).

15.    The Debtors have been working continuously to locate and secure assets in order

to establish accountability, preserve value and maximize stakeholder recoveries.  These efforts

have been complicated by the fact that the Debtors did not maintain appropriate records or

security controls prior to the Petition Date.  Although the Debtors have located and secured

substantial assets, they expect to recover still more assets in these Chapter 11 Cases.

16.    Doing whatever is possible to recover the estate assets ███ during the

Unauthorized Transactions is an important piece of the puzzle.  The Relevant Third Parties are

companies that possess information necessary to assist the Debtors in locating estate assets, and

understanding what claims the Debtors may possess. *In re Millennium Lab Holdings II, LLC*,

562 B.R. 614, 626 (Bankr. D. Del. 2016) (Bankruptcy Rule 2004 examination proper where it is

"necessary to establish the claim of the party seeking the examination, or if denial of such

request would cause the examiner undue hardship or injustice."); *see also In re Teleglobe*

*Communications Corp.*, 493 F.3d 345, 354 n.6 (3rd Cir. 2007) (Bankruptcy Rule 2004 "allows

parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the

estate").

17.    ████████████████████████████████████████████████



18.     Accordingly, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004 and Local Rule 2004-1, the Debtors request entry of an order, substantially in the form attached as Exhibit A hereto, authorizing the Debtors to issue subpoenas to the Relevant Third Parties for the production of documents, electronically stored information or tangible things responsive to the Requests set forth in Exhibits B-E.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1**

19.     On December 15, 2022, ████████ each received letters detailing efforts to cooperatively obtain information, attaching personalized Bankruptcy Rule 2004 requests, requesting the production of documents and information, and seeking to meet and confer.  On December 20, 2022, ████████ received a letter detailing efforts to cooperatively obtain information, attaching a tailored Bankruptcy Rule 2004 request, requesting the production of documents and information, and seeking to meet and confer.  On December 21, 2022, ████████ also received a letter detailing efforts to cooperatively obtain information, attaching a personalized Bankruptcy Rule 2004 request, requesting the production of documents and information, and seeking to meet and confer.  To date, ████████ ████████ have each agreed to provide the requested information in response to a court order.

**RESERVATION OF RIGHTS**

20.     The Debtors reserve their rights to seek further discovery of the Relevant Third Parties pursuant to Bankruptcy Rule 2004 or otherwise. The Debtors further reserve their rights to seek discovery pursuant to Bankruptcy Rule 2004 with respect to all other parties. as appropriate.

**NOTICE AND NO PRIOR REQUEST**

21.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the Relevant Third Parties or their counsel, if known; (h) the Federal Bureau of Investigation; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

22.     No prior application for the relief requested in this Motion has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtors request that the Court (a) enter an order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated:  January 25, 2023
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

*Counsel for the Debtors*
*and Debtors-in-Possession[4]*

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession with Respect*
*to all Requests Except that to* ███

---

[4]  The Debtors are represented solely by Landis Rath and Cobb LLP with respect to the ███ Requests.

# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. ___ |

## ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY IN CONNECTION WITH CONFIDENTIAL INVESTIGATION

Upon the motion (the "Motion")[2] of the above captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004 and Local Rule 2004-1 (i) authorizing examinations and (ii) directing the production of documents; and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 (a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and finding that adequate notice of the Motion having been given; and it appears that no other or further notice need be given; and upon the record of any hearing held to consider the relief requested in the Motion; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{1368.002-W0069812.}

herein; and any objections to the requested relief having been withdrawn, resolved or overruled on

the merits; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to issue subpoenas to the Relevant Third Parties

for the production of documents, electronically stored information, or tangible things responsive

to the Requests.

3. The Relevant Third Parties shall produce documents, electronically stored

information, or tangible things responsive to the Requests as soon as practicable and not more than

seven (7) days after service of such subpoena unless otherwise agreed by the Debtors and the

Relevant Third Parties.

4. The Debtors' rights are reserved to request additional discovery and/or

examination, including, without limitation, requests based on any information that may be revealed

as a result of the discovery authorized pursuant to this Order.

5. This Order is without prejudice to the right of the Debtors to seek further

discovery pursuant to Bankruptcy Rule 2004 or otherwise of any other person or entity.

6. The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

7. The terms and conditions of this Order shall be effective immediately and

enforceable upon entry.

8.     This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion or the implementation or interpretation of this Order.

Dated: _____, 2023
       Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

# Exhibit B

## DEBTORS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO

███████████

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, FTX Trading Ltd., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby serves the following requests for production of documents or categories of documents to ████████████████████ to be produced to the Debtors in accordance with the Definitions and Instructions below (the "Requests").

## DEFINITIONS

1.      The term "**any**" means "each and every," "any and all," and "any one."

2.      The term "**concerning**" is to be understood in its broadest sense and means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, or comprising the subject matter identified.

3.      "**Communication**" shall mean the transmittal of facts, ideas, thoughts, opinions, data, inquiries or otherwise and includes correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp, or other similar application), voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, e-mail and postings of any type. A Request for Documents concerning any Communication among or between specified parties includes a Request for any Communication among or between such parties, whether or not such Communication included or was directed to any other Person.

4.      The term "**Debtors**" refers to, collectively, FTX Trading Ltd. and affiliated debtors

and debtors-in-possession,[1] which filed voluntary Chapter 11 petitions under the Bankruptcy Code

commencing these Chapter 11 cases.

     5.     The term "**Document**" is defined to be synonymous in meaning and equal in scope

to the usage of this term in Fed. R. Civ. P. 34(a), made applicable by Federal Rule of Bankruptcy

Procedure 7034, and includes audio files, electronic text, e-mail message (including draft and

deleted e-mail messages and all attachments to any e-mail message), text messages, spreadsheets,

Communications, and other computerized data (together with all ancillary agreements and

Documents related thereto, including any easement, deed of trust, memorandum of lease, release,

settlement, guarantee, assignment, assumption, plan, financing statement, notice, or other

agreement or other Document entered into or filed in connection therewith). This includes any

written, recorded, or graphic matter, in any language, whether produced or reproduced or stored

on paper, cards, tape, film, computer, electronic storage devices, or any other media and includes

papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes,

e-mail, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp

or other similar application), reports, studies, press releases, comparisons, books, accounts, checks,

audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures,

magazines, questionnaires, surveys, charts, newspapers, calendars, lists, logs, publications,

notices, diagrams, instructions, diaries, meeting minutes, orders, resolutions, agendas and

memorials, or notes of oral Communications, together with all notations on any of the foregoing,

all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof,

whether used or not. A request for all Documents concerning a particular subject matter includes

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' proposed claims and noticing agent
at https://cases.ra.kroll.com/FTX.

within its scope all Communications concerning that subject matter. A draft or non-identical copy is a separate Document within the meaning of this term.

6.      The term "**including**" means "including, but not limited to," and "including, without limitation." It shall not be construed to limit the scope of any definition or Request herein.

7.      The term "**Person**" includes both the singular and the plural, and means any natural Person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, firm, trust, estate, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof, or any other organization or entity.

8.      The term "**You**" or "**Your**" shall refer to ███████ and all representatives, agents, advisors, and all other Persons or entities acting or purporting to act on Your behalf.

9.      Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope: (i) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (ii) the use of a word in its singular form shall be deemed to include within its use the plural form as well; and (iii) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

10.     These Document Requests are continuing and require supplemental responses if the Debtors (or another Person or entity acting on the Debtors' behalf) obtains additional information called for by the Request between the time of the original response and the conclusion of the Debtors' Chapter 11 proceedings (or any adversarial proceeding arising therefrom).

11.     The Debtors reserve the right to supplement, amend, and clarify these Requests at any time.

## INSTRUCTIONS

1.      Except as otherwise noted, this Request requires the production of Documents created in or referencing the time period beginning from October 1, 2022 and continuing until the present (the "**Relevant Period**").

2.      All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of any protective or confidentiality orders entered by the Court.

3.      Please respond separately to each Request and produce all Documents responsive to the Requests that are within Your possession, custody, or control, or in the possession, custody, or control of any other Person or entity acting or purporting to act on Your behalf.

4.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify:  (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

5.      If there are no Documents responsive to any particular Request, please state so in writing.

6.      Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

7.      Please answer each Request separately and fully.

8.      If You contend that any information requested in a Request is privileged or otherwise immune from discovery, or if any Document is withheld from production based on a claim of privilege, immunity, or other ground, please furnish a log specifying:  (a) the nature of

the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state or foreign law, the specific state or foreign privilege rule being invoked; and (b) unless divulgence of such information would cause disclosure of the allegedly privileged information, (i) the type of Document, (ii) the general subject matter of the Document, (iii) the date of the Document, and (iv) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the Document.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege or protection, only that portion of the Document subject to such claim shall be redacted from the Document and the rest shall be produced.

10.     In the event any Document responsive to any Request has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all Persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, Signal message); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the Persons authorizing and carrying out such destruction or discarding of the Document.

11.     Please produce all Documents in the manner in which they are maintained in the ordinary course.

12.     If any part of a Document is responsive to these Requests, the entire Document shall be produced, including any and all file folders within which the Document was contained,

transmittal sheets or memoranda, cover letters, exhibits, enclosures, comments or attachments to the Document in addition to the Document itself.  For the avoidance of doubt, in the case of e-mail attachments, if either the e-mail or any of its attachments is responsive, produce the e-mail and all of the attachments.

13.    All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

14.    The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

15.    If You claim any ambiguity in interpreting a Request, definition, or instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous, and shall comply with any portion of the Request that You do not contend is ambiguous.

## DOCUMENTS TO BE PRODUCED





# Exhibit C

## DEBTORS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO ██████

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, FTX Trading Ltd., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby serves the following requests for production of documents or categories of documents to ██████ to be produced to the Debtors in accordance with the Definitions and Instructions below (the "Requests").

### DEFINITIONS

1.    The term "**any**" means "each and every," "any and all," and "any one."

2.    The term "**concerning**" is to be understood in its broadest sense and means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, or comprising the subject matter identified.

3.    "**Communication**" shall mean the transmittal of facts, ideas, thoughts, opinions, data, inquiries or otherwise and includes correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp, or other similar application), voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, e-mail and postings of any type. A Request for Documents concerning any Communication among or between specified parties includes a Request for any Communication among or between such parties, whether or not such Communication included or was directed to any other Person.

4.    The term "**Debtors**" refers to, collectively, FTX Trading Ltd. and affiliated debtors

and debtors-in-possession,[1] which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 cases.

5.      The term "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), made applicable by Federal Rule of Bankruptcy Procedure 7034, and includes audio files, electronic text, e-mail message (including draft and deleted e-mail messages and all attachments to any e-mail message), text messages, spreadsheets, Communications, and other computerized data (together with all ancillary agreements and Documents related thereto, including any easement, deed of trust, memorandum of lease, release, settlement, guarantee, assignment, assumption, plan, financing statement, notice, or other agreement or other Document entered into or filed in connection therewith). This includes any written, recorded, or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tape, film, computer, electronic storage devices, or any other media and includes papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes, e-mail, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp or other similar application), reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, lists, logs, publications, notices, diagrams, instructions, diaries, meeting minutes, orders, resolutions, agendas and memorials, or notes of oral Communications, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not. A request for all Documents concerning a particular subject matter includes

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

within its scope all Communications concerning that subject matter.  A draft or non-identical copy is a separate Document within the meaning of this term.

6.    The term "**including**" means "including, but not limited to," and "including, without limitation." It shall not be construed to limit the scope of any definition or Request herein.

7.    The term "**Person**" includes both the singular and the plural, and means any natural Person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, firm, trust, estate, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof, or any other organization or entity.

8.    The term "**You**" or "**Your**" shall refer to ▮▮▮ and all representatives, agents, advisors, and all other Persons or entities acting or purporting to act on Your behalf.

9.    Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope:  (i) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (ii) the use of a word in its singular form shall be deemed to include within its use the plural form as well; and (iii) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

10.    These Document Requests are continuing and require supplemental responses if the Debtors (or another Person or entity acting on the Debtors' behalf) obtains additional information called for by the Request between the time of the original response and the conclusion of the Debtors' Chapter 11 proceedings (or any adversarial proceeding arising therefrom).

11.    The Debtors reserve the right to supplement, amend, and clarify these Requests at any time.

-3-

## INSTRUCTIONS

1.      Except as otherwise noted, this Request requires the production of Documents created in or referencing the time period beginning from November 1, 2021 and continuing until the present (the "**Relevant Period**").

2.      All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of any protective or confidentiality orders entered by the Court.

3.      Please respond separately to each Request and produce all Documents responsive to the Requests that are within Your possession, custody, or control, or in the possession, custody, or control of any other Person or entity acting or purporting to act on Your behalf.

4.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify:  (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

5.      If there are no Documents responsive to any particular Request, please state so in writing.

6.      Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

7.      Please answer each Request separately and fully.

8.      If You contend that any information requested in a Request is privileged or otherwise immune from discovery, or if any Document is withheld from production based on a claim of privilege, immunity, or other ground, please furnish a log specifying:  (a) the nature of

the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state or foreign law, the specific state or foreign privilege rule being invoked; and (b) unless divulgence of such information would cause disclosure of the allegedly privileged information, (i) the type of Document, (ii) the general subject matter of the Document, (iii) the date of the Document, and (iv) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the Document.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege or protection, only that portion of the Document subject to such claim shall be redacted from the Document and the rest shall be produced.

10.     In the event any Document responsive to any Request has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all Persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, Signal message); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the Persons authorizing and carrying out such destruction or discarding of the Document.

11.     Please produce all Documents in the manner in which they are maintained in the ordinary course.

12.     If any part of a Document is responsive to these Requests, the entire Document shall be produced, including any and all file folders within which the Document was contained,

transmittal sheets or memoranda, cover letters, exhibits, enclosures, comments or attachments to the Document in addition to the Document itself. For the avoidance of doubt, in the case of e-mail attachments, if either the e-mail or any of its attachments is responsive, produce the e-mail and all of the attachments.

13.    All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

14.    The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

15.    If You claim any ambiguity in interpreting a Request, definition, or instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous, and shall comply with any portion of the Request that You do not contend is ambiguous.

## DOCUMENTS TO BE PRODUCED



# Exhibit D

**DEBTORS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO**
████████████

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure, FTX Trading Ltd., and its affiliated debtors and debtors-in-possession (collectively, the

"Debtors") hereby serves the following requests for production of documents or categories of

documents to ████████████████████ to be produced to the Debtors in accordance with

the Definitions and Instructions below (the "Requests").

## DEFINITIONS

1.     The term "**any**" means "each and every," "any and all," and "any one."

2.     The term "**concerning**" is to be understood in its broadest sense and means

concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to,

relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing,

stating, setting forth, reflecting, interpreting, concerning, recording, including, negating,

manifesting, containing, or comprising the subject matter identified.

3.     "**Communication**" shall mean the transmittal of facts, ideas, thoughts, opinions,

data, inquiries or otherwise and includes correspondence, memoranda, reports, presentations,

face-to-face conversations, telephone conversations, text messages, instant messages (including

messages sent using Slack, Signal, WhatsApp, or other similar application), voice messages,

negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail,

e-mail and postings of any type.  A Request for Documents concerning any Communication among

or between specified parties includes a Request for any Communication among or between such

parties, whether or not such Communication included or was directed to any other Person.

4.     The term "**Debtors**" refers to, collectively, FTX Trading Ltd. and affiliated debtors

and debtors-in-possession,[1] which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 cases.

5.      The term "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), made applicable by Federal Rule of Bankruptcy Procedure 7034, and includes audio files, electronic text, e-mail message (including draft and deleted e-mail messages and all attachments to any e-mail message), text messages, spreadsheets, Communications, and other computerized data (together with all ancillary agreements and Documents related thereto, including any easement, deed of trust, memorandum of lease, release, settlement, guarantee, assignment, assumption, plan, financing statement, notice, or other agreement or other Document entered into or filed in connection therewith).  This includes any written, recorded, or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tape, film, computer, electronic storage devices, or any other media and includes papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes, e-mail, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp or other similar application), reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, lists, logs, publications, notices, diagrams, instructions, diaries, meeting minutes, orders, resolutions, agendas and memorials, or notes of oral Communications, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not.  A request for all Documents concerning a particular subject matter includes

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

within its scope all Communications concerning that subject matter.  A draft or non-identical copy is a separate Document within the meaning of this term.

6.      The term "**including**" means "including, but not limited to," and "including, without limitation." It shall not be construed to limit the scope of any definition or Request herein.

7.      The term "**Person**" includes both the singular and the plural, and means any natural Person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, firm, trust, estate, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof, or any other organization or entity.

8.      The term "**You**" or "**Your**" shall refer to ███████ and all representatives, agents, advisors, and all other Persons or entities acting or purporting to act on Your behalf.

9.      Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope:  (i) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (ii) the use of a word in its singular form shall be deemed to include within its use the plural form as well; and (iii) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

10.      These Document Requests are continuing and require supplemental responses if the Debtors (or another Person or entity acting on the Debtors' behalf) obtains additional information called for by the Request between the time of the original response and the conclusion of the Debtors' Chapter 11 proceedings (or any adversarial proceeding arising therefrom).

11.      The Debtors reserve the right to supplement, amend, and clarify these Requests at any time.

-3-

## INSTRUCTIONS

1.      Except as otherwise noted, this Request requires the production of Documents created in or referencing the time period beginning from November 1, 2021 and continuing until the present (the "**Relevant Period**").

2.      All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of any protective or confidentiality orders entered by the Court.

3.      Please respond separately to each Request and produce all Documents responsive to the Requests that are within Your possession, custody, or control, or in the possession, custody, or control of any other Person or entity acting or purporting to act on Your behalf.

4.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify:  (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

5.      If there are no Documents responsive to any particular Request, please state so in writing.

6.      Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

7.      Please answer each Request separately and fully.

8.      If You contend that any information requested in a Request is privileged or otherwise immune from discovery, or if any Document is withheld from production based on a claim of privilege, immunity, or other ground, please furnish a log specifying:  (a) the nature of

the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state or foreign law, the specific state or foreign privilege rule being invoked; and (b) unless divulgence of such information would cause disclosure of the allegedly privileged information, (i) the type of Document, (ii) the general subject matter of the Document, (iii) the date of the Document, and (iv) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the Document.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege or protection, only that portion of the Document subject to such claim shall be redacted from the Document and the rest shall be produced.

10.     In the event any Document responsive to any Request has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all Persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, Signal message); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the Persons authorizing and carrying out such destruction or discarding of the Document.

11.     Please produce all Documents in the manner in which they are maintained in the ordinary course.

12.     If any part of a Document is responsive to these Requests, the entire Document shall be produced, including any and all file folders within which the Document was contained,

transmittal sheets or memoranda, cover letters, exhibits, enclosures, comments or attachments to the Document in addition to the Document itself. For the avoidance of doubt, in the case of e-mail attachments, if either the e-mail or any of its attachments is responsive, produce the e-mail and all of the attachments.

13.    All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

14.    The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

15.    If You claim any ambiguity in interpreting a Request, definition, or instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous, and shall comply with any portion of the Request that You do not contend is ambiguous.

## DOCUMENTS TO BE PRODUCED





- ████████████████████████████████████████████████
  ████████████████████████████

- ████████████████████████████████████████████████
  ████████████████████

- ████████████████████████████████████████████
  ████████████████████████████████████████████
  ████████████████████████████████████████████
  ██████████

# Exhibit E

**DEBTORS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO**
█████████

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, FTX Trading Ltd., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby serves the following requests for production of documents or categories of documents to ██████ to be produced to the Debtors in accordance with the Definitions and Instructions below (the "Requests").

## DEFINITIONS

1.     The term "**any**" means "each and every," "any and all," and "any one."

2.     The term "**concerning**" is to be understood in its broadest sense and means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, or comprising the subject matter identified.

3.     "**Communication**" shall mean the transmittal of facts, ideas, thoughts, opinions, data, inquiries or otherwise and includes correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp, or other similar application), voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, e-mail and postings of any type. A Request for Documents concerning any Communication among or between specified parties includes a Request for any Communication among or between such parties, whether or not such Communication included or was directed to any other Person.

4.     The term "**Debtors**" refers to, collectively, FTX Trading Ltd. and affiliated debtors

and debtors-in-possession,[1] which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 cases.

5.    The term "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), made applicable by Federal Rule of Bankruptcy Procedure 7034, and includes audio files, electronic text, e-mail message (including draft and deleted e-mail messages and all attachments to any e-mail message), text messages, spreadsheets, Communications, and other computerized data (together with all ancillary agreements and Documents related thereto, including any easement, deed of trust, memorandum of lease, release, settlement, guarantee, assignment, assumption, plan, financing statement, notice, or other agreement or other Document entered into or filed in connection therewith).  This includes any written, recorded, or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tape, film, computer, electronic storage devices, or any other media and includes papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes, e-mail, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp or other similar application), reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, lists, logs, publications, notices, diagrams, instructions, diaries, meeting minutes, orders, resolutions, agendas and memorials, or notes of oral Communications, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not.  A request for all Documents concerning a particular subject matter includes

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

within its scope all Communications concerning that subject matter. A draft or non-identical copy is a separate Document within the meaning of this term.

6.      The term "**including**" means "including, but not limited to," and "including, without limitation." It shall not be construed to limit the scope of any definition or Request herein.

7.      The term "**Person**" includes both the singular and the plural, and means any natural Person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, firm, trust, estate, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof, or any other organization or entity.

8.      The term "**You**" or "**Your**" shall refer to ███ and all representatives, agents, advisors, and all other Persons or entities acting or purporting to act on Your behalf.

9.      Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope: (i) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (ii) the use of a word in its singular form shall be deemed to include within its use the plural form as well; and (iii) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

10.     These Document Requests are continuing and require supplemental responses if the Debtors (or another Person or entity acting on the Debtors' behalf) obtains additional information called for by the Request between the time of the original response and the conclusion of the Debtors' Chapter 11 proceedings (or any adversarial proceeding arising therefrom).

11.     The Debtors reserve the right to supplement, amend, and clarify these Requests at any time.

## INSTRUCTIONS

1.      Except as otherwise noted, this Request requires the production of Documents created in or referencing the time period beginning from October 15, 2022 and continuing until the present (the "**Relevant Period**").

2.      All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of any protective or confidentiality orders entered by the Court.

3.      Please respond separately to each Request and produce all Documents responsive to the Requests that are within Your possession, custody, or control, or in the possession, custody, or control of any other Person or entity acting or purporting to act on Your behalf.

4.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify:  (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

5.      If there are no Documents responsive to any particular Request, please state so in writing.

6.      Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

7.      Please answer each Request separately and fully.

8.      If You contend that any information requested in a Request is privileged or otherwise immune from discovery, or if any Document is withheld from production based on a claim of privilege, immunity, or other ground, please furnish a log specifying:  (a) the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or

defense governed by state or foreign law, the specific state or foreign privilege rule being invoked;

and (b) unless divulgence of such information would cause disclosure of the allegedly privileged

information, (i) the type of Document, (ii) the general subject matter of the Document, (iii) the

date of the Document, and (iv) such other information as is sufficient to identify the Document for

a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressee

of the Document, and, where not apparent, the relationship of the author to the addressee, and the

names of all entities that received a copy of the Document.

9.      If a portion of an otherwise responsive Document contains information subject to a

claim of privilege or protection, only that portion of the Document subject to such claim shall be

redacted from the Document and the rest shall be produced.

10.      In the event any Document responsive to any Request has been lost, discarded, or

destroyed, that Document is to be identified by stating as completely as possible: (a) the authors

or creators of the Document; (b) all Persons who received copies of the Document, including the

Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date

of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, Signal

message); (f) the Document's date of destruction or discard, manner of destruction or discard, and

the reason for destruction or discard; and (g) the Persons authorizing and carrying out such

destruction or discarding of the Document.

11.      Please produce all Documents in the manner in which they are maintained in the

ordinary course.

12.      If any part of a Document is responsive to these Requests, the entire Document

shall be produced, including any and all file folders within which the Document was contained,

transmittal sheets or memoranda, cover letters, exhibits, enclosures, comments or attachments to

the Document in addition to the Document itself. For the avoidance of doubt, in the case of e-mail attachments, if either the e-mail or any of its attachments is responsive, produce the e-mail and all of the attachments.

13.    All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

14.    The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

15.    If You claim any ambiguity in interpreting a Request, definition, or instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous, and shall comply with any portion of the Request that You do not contend is ambiguous.

## DOCUMENTS TO BE PRODUCED