# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date: Feb. 8, 2023, at 1:00 p.m.<br>Objection Deadline:  Feb. 1, 2023, at 4:00 p.m. (extended for U.S. Trustee to Feb. 2)<br><br>Re:  D.I. 579, 580 & 588 |

## LIMITED OBJECTION OF THE UNITED STATES TRUSTEE
## TO RULE 2004 MOTIONS

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this limited objection (the "Objection") to the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Examinations* [D.I. 579] and the *Motion of Debtors for Entry of an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery in Connection with Confidential Investigation* [D.I. 580 & 588] (together, the "Motions"), and respectfully states:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

I. **JURISDICTION, VENUE AND STANDING**

4. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

5. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

II. **FACTUAL BACKGROUND**

7. On November 11 and 14, 2022, the Debtors filed voluntary chapter 11 petitions in this Court.

8. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

9. On December 15, 2022, the U.S. Trustee appointed an official committee of unsecured creditors [D.I. 231 & 261] (the "Committee").

10. On December 1, 2022, the U.S. Trustee filed a *Motion for Entry of an Order Directing the Appointment of an Examiner* [D.I. 176] (the "Examiner Motion"). The Examiner Motion is set to be heard on February 6, 2023.

### III.  ARGUMENT

11. The U.S. Trustee objects to the Motions to the extent they would authorize the Debtors or Committee to duplicate the investigative efforts of an examiner if one is appointed.

12. In the Motions, the Debtors and Committee assert that certain insiders "are best positioned to assist the Movants with information helpful to unwind the complex web of entities and transactions that they created so that the Movants can better understand the 'nature and extent of the bankruptcy estate,' the events that led to their insolvency, and the claims and causes of action that they may possess." D.I. 579 ¶ 21. The Motions also state that the scope of a Rule 2004 examination is "unfettered and broad," has been likened to a "fishing expedition," and is "broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards." *Id.* ¶ 12.

13. If the Court directs the appointment of an examiner, then his or her charge could be to investigate the same web of entities and transactions. The Debtors and Committee state they "will coordinate their efforts so as to proceed efficiently and without duplicating work." *Id.* ¶ 6. The same should be true for any examiner. "[T]he bankruptcy court has an obligation to prevent unnecessary expenditures in the administration of an estate." *In re Congoleum Corp.*, 426 F.3d 675, 693 (3d Cir. 2005) (citing *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833 (3d Cir. 1994)). To avoid duplication of effort, and to prevent unnecessary expenditures in the administration of these estates, the U.S. Trustee respectfully requests that if the Court orders the appointment of an examiner, then the Court establish the scope of the Rule 2004 relief contemporaneously with the scope of the examiner's investigation.

IV. **CONCLUSION**

WHEREFORE, the U.S. Trustee respectfully requests that the Court determine the investigative scope of the Motions contemporaneously with the scope of any examiner's investigation, and grant any such other and further relief that the Court deems just and proper.

Wilmington, Delaware
Dated: February 2, 2023

Respectfully Submitted,

**ANDREW R. VARA,
UNITED STATES TRUSTEE
REGIONS 3 & 9**

By: */s/ Benjamin Hackman*
Juliet Sarkessian
Benjamin Hackman
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
juliet.m.sarkessian@usdoj.gov
benjamin.a.hackman@usdoj.gov

-and-

David Gerardi
Trial Attorney
One Newark Center
1085 Raymond Boulevard
Suite 2100
Newark, NJ  07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
david.gerardi@usdoj.gov