**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 275, 524 & 611 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PERELLA WEINBERG PARTNERS LP AS INVESTMENT BANKER TO THE DEBTORS *NUNC PRO TUNC* TO NOVEMBER 16, 2022 AND (II) WAIVING CERTAIN REPORTING REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(H)**

Upon the application (the "Application")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing the Debtors to retain and employ Perella Weinberg Partners LP (and together with its corporate advisory affiliates, "PWP") as their investment banker *nunc pro tunc* to November 16, 2022, pursuant to the amended and restated engagement letter dated as of January 31, 2023 (the "Amended Engagement Agreement") and attached hereto as **Exhibit 1** and (b) modifying the time

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] The Application shall refer to the (a) *Debtors' Application for an Order (I) Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors* nunc pro tunc *to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(h)* and (b) *Debtors' Supplement to Application for an Order (I) Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors* nunc pro tunc *to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(h)*, collectively. Capitalized terms not herein defined shall have the meanings ascribed to them in the Application.

13793145

keeping requirements of Local Rule 2016-2 and the guidelines (the "U.S. Trustee Guidelines") established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in connection with PWP's proposed engagement by the Debtors; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Application and upon the record of the hearing and all of the proceedings had before this Court, and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ PWP as their investment banker in these Chapter 11 Cases *nunc pro tunc* to November 16, 2022, in accordance with the terms set forth in the Amended Engagement Agreement and the Application, as modified herein, and PWP is authorized to perform the services described in the Amended Engagement Agreement, as modified herein.

3. Notwithstanding anything to the contrary herein, the fees and expenses payable to PWP pursuant to the Amended Engagement Agreement shall be subject to review only pursuant to the standard set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code; *provided, however*, that notwithstanding any provision to the contrary in the Engagement Agreement, the U.S. Trustee shall retain the right, and be entitled to, object to all of PWP's request(s) for compensation and reimbursement based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and shall not be limited to objections based on section 328(a) of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of PWP's compensation and expense reimbursement under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of PWP's compensation and reimbursement requests.

4. None of the fees payable to PWP shall constitute a "bonus" or fee enrichment under applicable law.

5. The terms of the Amended Engagement Agreement, including, without limitation, the compensation, reimbursement, indemnification and contribution provisions, are hereby approved pursuant to section 328(a) of the Bankruptcy Code and the Debtors are authorized to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations, in accordance with the terms and conditions and at the times specified, in the Amended Engagement Agreement, as modified herein.

6. Notwithstanding anything to the contrary in this Order, the Application, the Amended Engagement Agreement or the Mendelsohn Declarations[3], PWP shall comply with all requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2, including all information and time keeping requirements of Local Rule 2016-2(d), and the fee guidelines established by the U.S. Trustee Guidelines, except that PWP shall be permitted to keep professional time records in half-hour increments, and PWP's professionals shall not be required to provide or conform with any schedule of hourly rates.

---

[3] The Mendelsohn Declarations means the (a) *Declaration of Bruce Mendelsohn in Support of Debtors' Application for an Order (I) Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors Nunc Pro Tunc to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(h)* and (b) *Supplemental Declaration of Bruce Mendelsohn in Support of Debtors' Application for an Order (I) Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors Nunc Pro Tunc to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(h)* (including any amendments thereto), collectively.

7. In the event that, during the pendency of the Chapter 11 Cases, PWP seeks reimbursement for any attorneys' fees and/or expenses pursuant to the Application and the Amended Engagement Agreement, the invoices supporting time records from such attorneys shall be included in PWP's own fee applications and such invoices and time records shall be in compliance with Local Rule 2016-2(f), except that such attorneys shall not be required to prepare a motion or application to accompany such invoices, and shall be subject to the U.S. Trustee Guidelines and approval of this Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code; provided however, that PWP shall not seek reimbursement of any attorneys' fees or attorney expenses or any other fees or expenses incurred in defending PWP's fee applications filed with this Court.

8. Notwithstanding anything in the Application or any supporting declaration to the contrary, PWP shall seek reimbursement from the Debtors' estates for its engagement-related expenses at PWP's actual cost paid.

9. Notwithstanding anything in the Application or the Mendelsohn Declarations to the contrary, to the extent PWP uses the services of contract attorneys or any other independent contractors or subcontractors (collectively, the "Contractors") in these cases, PWP shall (i) pass through the cost of such Contractors to the Debtors at the same rate that PWP pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the

same conflicts checks as required for PWP; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014(a) with respect to such Contractors. For the avoidance of doubt, PWP shall neither share fees with existing or future Contractors who provide services to the Debtors nor enter into fee sharing arrangements with such Contractors.

10. Within fourteen (14) days after any qualified bid deadline in these cases, PWP will disclose through a supplemental declaration the identities of all qualified bidders not disclosed prior to entry of this Order and the connections of PWP to such potential counterparties, if any.

11. The Indemnification Provisions attached as Annex A to the Amended Engagement Agreement are approved, subject during the pendency of the Chapter 11 Cases to the following:

(a) No Indemnified Person (as that term is defined in the Amended Engagement Agreement) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Amended Engagement Agreement for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b) The Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Person's gross negligence, bad faith, intentional fraud or willful misconduct; (ii) for a contractual dispute in which the Debtors allege breach of an Indemnified Person's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Amended Engagement Agreement, as modified by this Order;

(c) If, before the earlier of (i) the entry of an order or orders confirming a chapter 11 plan in the Chapter 11 Cases (that order or orders having become final orders no longer subject to appeal) and (ii) the entry of an order or orders closing the Chapter

6

        11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Amended Engagement Agreement, including, without limitation, the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any Indemnified Person for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Person. All parties-in-interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, or reimbursement.

    (d)    During the course of the bankruptcy case, any limitation of liability provisions in the Application, the Mendelsohn Declarations or the Amended Engagement Agreement shall have no force or effect.

    12.    Except as otherwise expressly set forth in this Order, PWP shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and U.S. Trustee Guidelines, and such other procedures as may be fixed by order of this Court. Notwithstanding anything to the contrary in this Order, the Application, the Mendelsohn Declarations, or the Amended Engagement Agreement, no compensation or reimbursement of expenses shall be paid to PWP absent an order of this Court approving a fee application, except that the Debtors are authorized to pay the Monthly Fee to PWP on the first day of each month without a prior fee application; *provided*, *however*, that PWP shall file monthly fee statements with time entries and requests for reimbursement that comply with Local Rule 2016-2 pursuant to the deadlines and other procedures set forth in any order entered by this Court in the Chapter 11 Cases allowing for

interim compensation for fee applications (the "Interim Compensation Order"), for monthly fee statements, as well as interim and final fee applications in accordance with the requirements of the Interim Compensation Order. All fees paid to PWP are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of PWP's final fee application.

13. Notwithstanding anything to the contrary in this Order, the Application, the Mendelsohn Declarations or the Amended Engagement Agreement, the Debtors shall have no obligation to pay PWP for any fees other than those accrued as of the termination date, if the Debtors terminate the Amended Engagement Agreement due to gross negligence, bad faith, intentional fraud or willful misconduct of PWP.

14. To the extent the Debtors and PWP enter into any supplemental agreements, engagement letters, or statements of work for additional services, the Debtors will file any such supplemental agreements, engagement letters, or statements of work, and any additional disclosures required by Bankruptcy Rule 2014 not previously disclosed, with the Court and serve the same upon the applicable notice parties. Absent any objection filed within 14 days after the filing and service of any such supplemental engagement letter or statement of work PWP shall be deemed authorized and approved to provide and be compensated for such additional services pursuant to this Order and the terms of such supplemental engagement letter or statement of work, with the terms of this Order governing to the extent there is any conflict between its terms and the terms of the supplemental engagement letter or statement of work. To the extent any such parties object to such proposed supplemental engagement letter or statement of work, the Debtors will

promptly schedule a hearing before the Court within 10 days of receipt of any such objection or as soon thereafter as is practicable. All additional services shall be subject to the provisions of this Order.

15. Notwithstanding anything in the Amended Engagement Agreement, PWP shall not trade or otherwise effect transactions for PWP's own account in debt or equity securities (or related derivative securities) or other financial instruments (including bank loans or other obligations) of the Debtors.

16. Notwithstanding anything to the contrary in the Application, the Amended Engagement Agreement, or the Mendelsohn Declarations, during the course of the Chapter 11 Cases, PWP shall have whatever fiduciary duty is imposed upon it by applicable law.

17. To the extent this Order is inconsistent with the Application, the Mendelsohn Declarations, or the Amended Engagement Agreement, the terms of this Order shall govern.

18. PWP shall use its best efforts not to duplicate any of the services provided to the Debtors by any of its other retained professionals.

19. The Debtors and PWP are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

20. All fees and expenses incurred by PWP and approved by the Court shall be treated as administrative expenses under section 503 of the Bankruptcy Code.

21. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. This Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application, the implementation of this Order, or the Debtors' engagement of PWP during the course of these bankruptcy cases.

**Dated: February 3rd, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**