IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 579, 580 & 607 |

**REPLY OF THE DEBTORS AND THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS IN SUPPORT OF MOTIONS
AUTHORIZING RULE 2004 EXAMINATIONS**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee" and, together with the Debtors, the "Movants"), hereby jointly file this reply (the "Reply") in further support of their *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Examinations* [D.I. 579] and the *Motion of Debtors for Entry of an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery in Connection with the Confidential Investigation* [D.I. 580] (together, the "Motions").[2] On February 2, 2023, the Office of the United States Trustee ("US Trustee") filed the *Limited Objection of the United States Trustee to Rule 2004 Motions* [D.I. 607] (the "UST Objection"). The UST Objection should be overruled and the Motions granted.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motions, as applicable.

{1368.001-W0069923.}

## REPLY

1. The UST Objection asks this Court to halt the Debtors and the Committee from issuing subpoenas to certain Insiders who, without question, are individuals who possess information necessary to help the Movants locate and recover estate assets, and to develop and assert claims and causes of action. That obvious fact remains unchanged whether or not an examiner is appointed. Moreover, the Debtors' motion seeking authorization to subpoena information relating to a time-sensitive investigation trying to recover over $300 million of the Debtors' cryptocurrency assets could be compromised by delay.

2. The US Trustee speculates that *if* the Court were to direct the appointment of an examiner, and *if* the scope of an examiner's work includes to investigate the "same web of entities and transactions," then the Motions and requested subpoenas might somehow become "unnecessary expenditures" in the administration of the Debtors' estates. (UST Obj. ¶ 13.) This argument is fatally flawed. Even were this Court to appoint an examiner (a proposition that the Movants each believe is not appropriate in these cases), the Debtors and Committee will not be standing in a corner doing nothing while the examiner investigates; as fiduciaries for the estates' stakeholders, the Movants are obligated to take all necessary steps to maximize recoveries for such stakeholders, including pursuing their right to seek information necessary to do so.

3. As detailed in the Movants' respective objections to the Examiner Motion,[3] the Debtors and the Committee are conducting multifaceted and comprehensive investigations in furtherance of the core objectives announced by John J. Ray III, the Debtors' Chief Executive Officer, and the Debtors' Board of Directors, at the outset of these Chapter 11

---

[3] *See Debtors' Objection to Motion of the United States Trustee for Entry of Order Directing the Appointment of an Examiner* [D.I. 573] ("Debtors' Objection"); *Objection of the Official Committee of Unsecured Creditors to Motion of the United States Trustee for Entry of An Order Directing the Appointment of an Examiner* [D.I. 571].

Cases. (Debtors' Obj. ¶¶ 11-20.) These investigations, particularly with respect to developing all possible avoidance and other claims the Debtors may have against insiders and third parties, will need to continue irrespective of whether an examiner is appointed by this Court, and irrespective of the scope of any examiner's mandate.

4.  The Court is not being asked to prejudge any issue with respect to the US Trustee's request to appoint an examiner. To the contrary, the Motions simply request that the Court authorize the Movants to issue subpoenas to parties from whom all investigators—the Debtors, the Committee and any examiner that might be appointed and tasked with investigating—will need information. The Debtors and the Committee oppose the appointment of an examiner, and the US Trustee's request to appoint an examiner may be denied. But if the Court were to order an examiner to be appointed, the Debtors and the Committee would coordinate their investigative efforts and proceed efficiently alongside the examiner, as they are doing with each other.

5.  No objections to the Motions were filed by any of the targets the Movants seek to subpoena. In fact, the Debtors are having constructive discussions with many of the Insiders and Relevant Third Parties about producing documents and information promptly after subpoenas are authorized to be issued pursuant to Bankruptcy Rule 2004. That information is necessary for the Debtors and the Committee to exercise their fiduciary duties to, among other things, maximize the value of the Debtors' assets by pursuing claims from all parties who misused estate assets.

6.  There is no basis to delay the issuance of discovery subpoenas for any reason relating to the US Trustee's motion seeking appointment of an examiner. The UST Objection should be overruled and the otherwise unopposed Motions granted.

|  |  |
|---|---|
| Dated: February 5, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>        brown@lrclaw.com<br>        pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>        bromleyj@sullcrom.com<br>        gluecksteinb@sullcrom.com<br>        kranzleya@sullcrom.com<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert F. Poppiti*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
          rpoppiti@ycst.com

-and-

**PAUL HASTINGS LLP**
Kristopher M. Hansen*
Luc A. Despins*
Kenneth Pasquale*
Erez E. Gilad*
Gabriel E. Sasson*
Isaac S. Sasson*
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: krishansen@paulhastings.com
          lucdespins@paulhastings.com
          kenpasquale@paulhastings.com
          erezgilad@paulhastings.com
          gabesasson@paulhastings.com
          isaacsasson@paulhastings.com

*Admitted pro hac vice*

*Proposed Counsel to the Official Committee of Unsecured Creditors*