**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Hearing Date:  February 6, 2023 at 9:30 a.m.** |
| | : | |
| | : | |

**FINAL PRETRIAL ORDER**

Counsel to the United States Trustee for the District of Delaware ("U.S. Trustee," or "Movant"):

Juliet Sarkessian and Benjamin Hackman, trial attorneys at the office of the U.S. Trustee

Counsel to the Debtors: James L. Bromley and Brian D. Glueckstein, Sullivan & Cromwell LLP, and Adam G. Landis and Kimberly A. Brown, Landis Rath & Cobb LLP

Counsel to the Official Committee of Unsecured Creditors (the "Committee"): Kenneth Pasquale, Isaac Sasson and Jack Iaffaldano of Paul Hastings LLP and Matthew Lunn and Robert Poppiti of Young Conaway Stargatt & Taylor LLP

Counsel for the Joint Provisional Liquidators ("JPLs"): Christopher Shore and Brett Bakemeyer of White & Case LLP and Kevin Gross and Paul Heath of Richards Layton & Finger, PA

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## I.    NATURE OF THE CASE

This is a contested matter, arising out of the U.S. Trustee's motion to appoint an examiner (the "Examiner Motion"). [D.I. 176.]

## II.    JURISDICTION

**A.**    This is an action for: The U.S. Trustee's motion to appoint an examiner.

**B.**    The jurisdiction of the Court is not disputed.

**C.**    This is a core proceeding.

**D.**    The following facts are not disputed or have been agreed to or stipulated by the parties:

1.  The $5 million threshold of section 1104(c)(2) has been met for the following three Debtors: West Realm Shires Inc., FTX Trading Ltd., and Alameda Research LLC. As to the other Debtors, the Debtors, the Committee and the JPLs do not stipulate to the $5 million threshold having been met because they are not currently in a position to make that determination.  However, the Debtors, the Committee and the JPLs stipulate that they are not contesting the Examiner Motion on the basis that the $5 million threshold of section 1104(c)(2) has not been met for those other Debtors.

2.  As of December 20, 2022, certain individuals who were officers of one or more of the Debtors prior to the filing of the Debtors' bankruptcy petitions (the "Petition Date") remain employed by the Debtors, but the Debtors' evaluation of their employees was then ongoing.

3.  On November 11, 2022, Samuel Bankman-Fried, the former CEO and co-founder of FTX, executed an Omnibus Corporate Authority, which was attached to the Debtors' petitions. Mr. Bankman-Fried has since been indicted, and criminal

investigations were filed against Gary Wang, the co-founder, and Caroline Ellison, the former CEO of Alameda Research.

**III.    Statement of Facts Which Are in Dispute**

**A.**  Whether the appointment of an examiner is in the interests of the Debtors' creditors, any equity security holders, and other interests of the Debtors' estates.

**B.**  Whether an examination is preferable to an internal investigation under the facts of these cases because the findings and conclusions of the examination will be public and transparent, which is especially important because of the wider implications that FTX's collapse may have for the crypto industry.

**C.**  Whether the appointment of an examiner in these cases "is appropriate." (The U.S. Trustee does not believe that this disputed fact is relevant to the Court's determination on the Examiner Motion.)

**D.**  Whether the Court can make a determination as to the appropriateness of an examiner appointment without evidence of and a determination as to the scope, cost, and duration of the investigation or the wherewithal of the Debtors.

**IV.  Agreed to Issues of Law**

**A.**  The parties agree that the following are the issue to be decided by the Court:

1.  Whether an examiner should be appointed under section 1104(c) of the Bankruptcy Code.

2.  Whether section 1104(c)(2) of the Bankruptcy Code mandates the appointment of an examiner in a debtor's case if: (i) no trustee has been appointed; (ii) no

3

chapter 11 plan has been confirmed; (iii) a party in interest or the United States trustee has requested the appointment of an examiner; and (iv) the debtor has fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceeding $5 million, or (b) whether 1104(c)(2) of the Bankruptcy Code also requires a finding that an appointment of an examiner is appropriate in the case.

3.  Whether the appointment of an examiner in the Chapter 11 Cases is in the interests of Debtors' creditors, any equity security holders, and other interests of the Debtors' estate.

4.  Whether the Court can make a determination as to the appropriateness of an examiner appointment without evidence of and a determination as to the scope, cost, and duration of the investigation or the wherewithal of the Debtors.

## V.    Openings and Closings

A.  The parties suggest that the Court hear openings from each side (limited to 10 minutes or less per party).  The parties suggest that the Court hear closing arguments from each side after closing of the evidence.

## VI.    Witnesses

A.  List of names and addresses of witnesses in the order the Movant expects to call them, including experts:

1.  Expert witnesses and their areas of expertise: None

2.  Non-expert witnesses:

    i.  John J. Ray III, 125 Broad St., New York, NY 10004, initially by way of his declarations filed at D.I. 24 and 92, and his testimony before Congress, filed at D.I. 371, Exh. A.  The U.S. Trustee reserves the right to call Mr. Ray as a live witness on direct examination as well.

    ii.  Edgar W. Mosley II, 125 Broad St., New York, NY 10004, by way of his declaration filed at D.I. 57.

B.  List of witnesses in the order the Debtors, Committee and the JPLs expect to call them, including experts:

1.  Expert witnesses and their areas of expertise: None

2.  Non-expert witnesses:[2]

    i.  John J. Ray III, through live testimony and by way of his declarations filed at D.I. 24, 92 and 511.

    ii.  Edgar W. Mosley II, 125 Broad St., New York, NY 10004, by way of his declaration filed at D.I. 57.

    iii.  Andrew G. Dietderich, 125 Broad St., New York, NY 10004, by way of his declaration filed at D.I. 510.

---

[2] The Debtors are including Messrs. Mosley and Dietderich because they submitted declarations that Debtors relied on in their objection to the motion.  The Debtors do not intend to call Messrs. Mosley or Dietderich as witnesses but reserve the right to examine them should the U.S. Trustee seek to examine them.

C.  Identify any witnesses for whom there is an objection:

The U.S. Trustee objects to certain testimony that may be elicited from Mr. Ray for the reasons set forth in section XIV below.

D.  Rebuttal Witnesses. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VII.  Exhibits

A.  A list of the pre-marked exhibits, including designation of interrogatory, answers and response to requests for admissions, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the federal rule of evidence in support of the objection and the federal rule of evidence relied upon by the proponent of the exhibit.

**The joint exhibits to be admitted in evidence without objection and for purposes of the U.S. Trustee's motion to appoint an examiner only (and for no other matter):**

1.  The Chapter 11 Petitions of certain Debtors:

    1-A: FTX Trading Ltd., 22-11068 (JTD)

    1-B: Alameda Research LLC, 22-11066 (JTD)

    1-C: West Realm Shires Inc., 22-11183 (JTD);

2.  The Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings [22-11068 D.I. 24];

3.  The Supplemental Declaration of John J. Ray III in Support of First Day Pleadings [D.I. 92];

4.  The Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings [D.I. 93];

5.  Notice of Filing First Day Hearing Presentation [D.I. 115];

6.  Transcript of First Day Hearing Before the Honorable John T. Dorsey, United States Bankruptcy Judge [D.I. 142] (This transcript is being admitted solely for the purpose of establishing that the hearing occurred and this is the record of it);

7.  [Intentionally skipped];

8.  Testimony of Mr. John J. Ray III CEO, FTX Debtors December 13, 2022 House Financial Services Committee [D.I. 371 Exh. A];

9.  Notice of Presentation to the Official Committee of Unsecured Creditors [D.I. 507];

10. Exhibit 1 to the Second Supplemental Declaration of Andrew G. Dietderich in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession Nunc Pro Tunc to the Petition Date [D.I. 533];

11. Indictment, United States of America v. Samuel Bankman-Fried, 22-cr-00673 (S.D.N.Y.) [D.I. 1](This exhibit is being admitted solely for the purpose of establishing the existence of the document.);

12. Amended Complaint, Commodity Futures Trading Commission v. Samuel Bankman-Fried, et al., Case 1:22-cv-10503-PKC [D.I. 13] (This exhibit is being admitted solely for the purpose of establishing the existence of the document.);

13. Notice of Filing of Consolidated Lists of Top 50 Creditors [D.I. 162];

14. Notice of Filing of Revised Dotcom List of Top 50 Creditors [D.I. 540];

15. FTX Interim Financial Update, Petition Dates through 12/31/22 [D.I. 597];

16. Debtors' Responses and Objections to the United States Trustee's First Request

    for the Production of Documents to the Debtors;

17. Debtors' Responses and Objections to the United States Trustee's First Set of

    Interrogatories to Debtors.

18. Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First

    Day Pleadings [D.I. 57];

19. Supplemental Declaration of Andrew G. Dietderich in Support of Debtors'

    Application for an Order Authorizing the Retention and Employment of Sullivan

    & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession Nunc

    Pro Tunc to the Petition Date [D.I. 510]

20. Supplemental Declaration of John J. Ray III in Support of Debtors' Applications

    For Orders Authorizing The Retention And Employment Of Sullivan &

    Cromwell LLP, Alix Partners LLP And Quinn Emanuel Urquhart & Sullivan,

    LLP [D.I. 511]

21. Declaration of James L. Bromley in Support of Debtors' Objection to Motion of

    the United States Trustee for Entry of Order Directing the Appointment of an

    Examiner [D.I. 576]

22. The United States Trustee's Objections and Responses to Debtors' First Request

    for Production of Documents

23. The United States Trustee's Objections and Responses to the Debtors' First Set
of Interrogatories

The following exhibit is one sought to be admitted by the Debtors.

Declaration of Brian D. Glueckstein in Support of Debtors' Objection to Motion of
the United States Trustee for Entry of Order Directing the Appointment of an
Examiner [D.I. 613]

The U.S. Trustee objects to the admission of this exhibit and its attachments, except for
Exhibit A thereto and that portion of the declaration concerning Exhibit A.  The remainder of the
exhibits to the declaration are reports by examiners in other cases.  The U.S. Trustee objects to the
admission of such documents because (i) the declaration was not timely filed, as addressed in
further detail below in the section on motions *in limine*; (ii) they are hearsay and therefore not
admissible under Fed. R. Evid. 802, and do not fall under any exceptions to the hearsay rule; (iii)
they are irrelevant and therefore not admissible under Fed. R. Evid. 401; (iv) were not identified as
exhibits to be used at the hearing in the Debtors' responses to the U.S. Trustee's discovery in
connection with the Examiner Motion; (v) were provided to the U.S. Trustee, and filed, only one
business day before the hearing on the Examiner Motion and are comprised of 3,855 pages.

The Debtors maintain that the Court can take judicial notice of the remaining exhibits, and
that they are also admissible as business records of the relevant debtors admissible under Fed. R.
Evid. 803(6) or otherwise under Fed. R. Evid. 807 given Mr. Ray's role with the respective debtor.

B. Any exhibit identified in any parties exhibit list and not objected to in the list of objections is deemed to be admissible and may be entered into evidence by the listing party.

**VIII.  Statement of Movant's Intended Proofs.**

A. The U.S. Trustee intends to prove that an examiner in these cases is mandated under section 1104(c)(2) of the Code, and that, alternatively, the appointment of an examiner is in the interests of the creditors, any equity security holders, and other interests of the Debtors' estates, and that all other requirements of 1104(c)(1) have been met.

**IX.  Statement of the Intended Proofs of the Debtors, the Committee and the JPLs.**

A. The objecting parties do not have the burden of proof with respect to any aspect of the motion

**X.  Certification of Attempted Resolution of the Controversy**

A. The parties certify that communication has occurred between persons having authority that represent the U.S. Trustee on the one hand, and the Debtors, the Committee, and the JPLs on the other, in a good faith effort to explore the resolution of this controversy by settlement.  No agreement has been reached. The JPLs have requested that the U.S. Trustee discuss the appropriate scope, duration, and costs of an examiner, and those discussions are ongoing.

**XI.  Motions in Limine and Trial Briefs**

A.      Motions *in limine* shall not be separately filed. Any *in limine* requests shall be set forth, with citation to authorities and brief argument, in the proposed pretrial order. Each party

shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  Briefing shall

not be submitted on *in limine* requests, unless otherwise permitted by the Court.

Motion in limine request of U.S. Trustee:

Based on the information provided by the Debtors' counsel to the U.S. Trustee's counsel

concerning the scope of the testimony of Mr. Ray, the U.S. Trustee has an *in limine* request

to exclude his testimony as a fact witness regarding his opinion on the usefulness of

examiners in bankruptcy cases in general, or in the cases in which he has been involved: (a)

such testimony is not relevant under Fed. R. Evid. 401 as to whether an examiner must or

should be appointed in these cases; (b) under Fed. R. Evid. 403, the probative value, if any,

of such testimony is substantially outweighed by a danger of confusing the issues, undue

delay, and wasting time; and (c) such testimony is an opinion on the ultimate issue to be

decided by this Court.

The U.S. Trustee has a further motion *in limine* to strike the declaration of Brian D.

Glueckstein in Support of Debtors' Objection to Motion of the United States Trustee for

Entry of Order Directing the Appointment of an Examiner [D.I. 613], because it was

untimely filed, as all objections to the Examiner Motion, along with supporting papers, were

required to be filed by January 25, 2022, and D.I. 613 was filed on February 3, 2023, one

business day before the hearing, and consists of 3855 pages.  In addition, the documents

attached to D.I. 613 were not identified by the Debtors as exhibits to be used at the hearing

in the Debtors' responses to the U.S. Trustee's discovery in connection with the Examiner

Motion.  Rule 16 of the Federal Rules of Civil Procedure, as incorporated by Rule 7016 of

the Federal Rules of Bankruptcy Procedure "permits the district court to set deadlines for

the disclosure of evidence and to impose sanctions on a party for failing to meet a deadline."
*Firefighters' Inst. for Racial Equal. v. City of St. Louis*, 220 F.3d 898, 902 (8th Cir. 2000)
(internal citations omitted). Additionally, "[u]nless the failure to meet a deadline was either
harmless or substantially justified, the court may sanction a party by excluding its evidence."
*Id.* (internal citations omitted). Further, the purpose of the declaration is to have admitted
into evidence the documents attached as exhibits thereto, which documents are not
admissible because they are hearsay and therefore not admissible under Fed. R. Evid. 802,
and do not fall under any exceptions to the hearsay rule, and are irrelevant and therefore not
admissible under Fed. R. Evid. 401.

## XVI.    Limitations, Reservations and Other Matters

A.        Length of Trial.   The probable length of trial is one day.

IT IS ORDERED that this Final Pretrial Order shall control the subsequent course of
the action unless modified at the trial of the action, or prior thereto, to prevent manifest injustice
or for good cause shown. Such modification may be made either on application of counsel for the
parties or by the Court.

**Dated: February 5th, 2023**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

12