**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: March 8, 2023 at 1:00 p.m. (ET)<br>Obj. Deadline: March 1, 2023 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO FILE CERTAIN DISCLOSURE SCHEDULES TO THE FORM STOCK PURCHASE AGREEMENT UNDER SEAL AND (B) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to file under seal certain information contained in the disclosure schedules (the "Disclosure Schedules") to the Embed Business[2] form stock purchase agreement (the "Form Purchase Agreement") and (b) granting related relief. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the *Order (A) Approving Bid Procedures, Stalking Horse Procedures and the Form and Manner of Notices for the Sale of Certain Businesses, (B) Approving Assumption and Assignment Procedures and (C) Scheduling Auction(s) and Sale Hearing(s)* [D.I. 487] (the "Bid Procedures Order").

{1368.002-W0069954.}

**Background**

1. On November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3. On January 12, 2023, the Court entered the Bid Procedures Order. The Bid Procedures Order established, among other things, deadlines with respect to the marketing and sale of certain of the Debtors' assets, including the deadline to file the Form Purchase Agreement. Certain of the Disclosure Schedules to the Form Purchase Agreement contain confidential non-Debtor commercial and non-Debtor employee information that has been filed in a redacted format (the "Confidential Information"). The Confidential Information consists of highly sensitive commercial information regarding the Embed Business and its employees. The Confidential Information does not relate to the economic terms of the proposed Sale transaction.

4.  In connection with the ongoing sale process for the Embed Business, the Debtors anticipate filing additional documents in these Chapter 11 Cases, such as a final purchase agreement and related disclosure schedules that also may contain the Confidential Information. As such, the Debtors seek authority to file the Confidential Information under seal in the current Disclosure Schedules and any future schedules or other documents filed in connection with the sale of the Embed Business. The Debtors will provide counsel to the U.S. Trustee and the Committee (collectively, the "Disclosure Parties") with unredacted versions of the Schedules on a highly confidential basis.

## Jurisdiction

5.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b). Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

6.  By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to file certain Disclosure Schedules to the Form Purchase Agreement containing the Confidential Information under seal and (b) granting related relief.

**Basis for Relief**

7. Bankruptcy Code section 107(b) authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information. Specifically, section 107(b) states that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or other confidential research, development, or commercial information . . . ." Similarly, Bankruptcy Rule 9018 and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information.

8. The Debtors respectfully submit that the Confidential Information in the Disclosure Schedules that they seek to seal pursuant to this Motion is of a sensitive, confidential and proprietary nature, and thus, is confidential commercial information as contemplated by section 107 of the Bankruptcy Code. "Commercial information" has been defined as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28. If an interested party is requesting to seal information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27. Moreover, the resulting order should be broad, that is "any order which justice requires." FED. R. BANKR. P. 9018; *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Courts are required to provide such protections, "generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of

confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

9. The Confidential Information contained in the Disclosure Schedules the Debtors seek to file under seal consists of highly sensitive commercial information regarding the Embed Business and its employees that could give a competitor a significant and unfair advantage to the detriment of the Debtors and/or subject such non-Debtor employees to unnecessary scrutiny and/or potential poaching by competing businesses. The Confidential Information primarily consists of (1) the names of, and information regarding employment and retention arrangements with, employees of the Embed Business and (2) customers of non-Debtor Embed Technologies and recent developments in the Embed Business. If the Confidential Information were made public, it could disrupt the Debtors' sale process and depress the value of the Embed Business to the ultimate detriment of the Debtors and their stakeholders.

10. With respect to Confidential Information related to the employees of Embed Technologies, not only do the Debtors have a responsibility to protect the privacy of non-Debtor employees, but a significant portion of the value of the Embed Business comes from its employee base. As described in the Bid Procedures Motion, the Embed Business has already experienced and continues to be threatened by employee attrition. Bidders are also in the process of analyzing and determining the appropriate retention measures they wish to take with respect to various remaining employees of Embed Technologies. The Debtors believe the ability to retain such employees is essential to maintaining the value of the Embed Business during the pendency of the sale process, and any potential disclosure of the names or terms of employment of such employees could increase potential risk that such employees be poached or otherwise leave the business prior to the completion of the sale process.

11.     In addition, Embed Technologies' commercial arrangements and recent regulatory and other business developments are competitively sensitive and could be used by competitors of Embed Technologies to better compete with Embed Technologies, thereby potentially depressing its sale value. Given the limited number of commercial arrangements, losing any would create risk to Embed Technologies and a depreciation in the value of the Embed Business.

12.     The Debtors submit that other parties-in-interest will not be prejudiced by the Confidential Information being redacted from the public record because such information does not relate to the economic terms of the proposed Sale transaction and shall be disclosed in their entirety to the Court and the Disclosure Parties.  Accordingly, the relief requested by this Motion to seal the Confidential Information is appropriate under section 107(b) of the Bankruptcy Code.

13.     This Court has authorized debtors in other chapter 11 cases to file under seal similar confidential information in connection with other sale transactions.  *See*, *e.g.*, *In re Mallinckrodt PLC, et al.*, Case No. 20-12522 (JTD) (Oct. 22, 2021), D.I. 4930 (authorizing debtors to file purchase agreement and related information under seal); *In re Carbonlite Holdings LLC, et al.*, Case No. 21-10527 (JTD) (Jun. 22, 2021), D.I. 650 (authorizing sealing of certain schedules to purchase agreement).

14.     Therefore, the Debtors submit for the reasons set forth herein that cause exists under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for the Debtors to file the Confidential Information under seal, subject to disclosure to the Disclosure Parties.

**Notice and No Prior Request**

15.      Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal

Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A,</u> and (b) grant such other and further relief as is just and proper.

Dated: February 6, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the Debtors
and Debtors-in-Possession*