**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., et al.,[1] | ) | Case No. 22-11068 (JTD) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. 575** |

<u>**CERTIFICATION OF COUNSEL**</u>

On January 25, 2023, the Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the above-captioned chapter 11 cases of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") filed the *Motion of Official Committee of Unsecured Creditors of FTX Trading Ltd., et al., for Entry of an Order (I) Clarifying the Requirement to Provide Access to Confidential or Privileged Information and Approving a Protocol Regarding Creditor Requests for Information, (II) Authorizing the Committee to Establish and Maintain the Committee Information Platforms, and (III) Authorizing the Committee to Utilize Epiq Corporate Restructuring, LLC as Information Agent in Connection Therewith, Effective as of January 5, 2023* [Docket No. 575] (the "<u>Motion</u>"). A proposed form of order approving the Motion was attached to the Motion as Exhibit A (the "<u>Proposed Order</u>"). The deadline to file objections or otherwise respond to the Motion was established as February 1, 2023 at 4:00 p.m. (ET) (the "<u>Objection Deadline</u>"), and was extended for the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>").

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Prior to the Objection Deadline, the Committee received informal responses to the relief requested in the Motion from the Debtors and the U.S. Trustee.  No other informal responses or objections to the Motion were received.

Following discussions with the Debtors and the U.S. Trustee, the Committee agreed to a revised proposed form of order (the "Revised Proposed Order") approving the Motion, a copy of which is attached hereto as **Exhibit A**.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.  The Committee has also filed the *Supplemental Declaration of Kate Mailloux in Support of the Motion of the Official Committee of Unsecured Creditors to, Among Other Things, Utilize Epiq Corporate Restructuring, LLC as Information Agent, Effective as of January 5, 2023* (the "Supplemental Declaration") contemporaneously herewith.  The Revised Proposed Order and the Supplemental Declaration resolve the Debtors and the U.S. Trustee's informal responses with respect to the Motion.

WHEREFORE, as the Committee did not receive any objections or responses other than as set forth herein, and the Debtors and the U.S. Trustee do not object to entry of the Revised Proposed Order, the Committee respectfully requests that the Court enter the Revised Proposed Order without further notice or a hearing at the Court's earliest convenience.

*Signature Page Follows*

30093367.1

Dated: February 7, 2023
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert F. Poppiti, Jr.*

Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
       rpoppiti@ycst.com

-and-

PAUL HASTINGS LLP
Kristopher M. Hansen*
Luc A. Despins*
Frank Merola*
Erez E. Gilad*
Kenneth Pasquale*
Samantha Martin*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
       lucdespins@paulhastings.com
       frankmerola@paulhastings.com
       erezgilad@paulhastings.com
       kenpasquale@paulhastings.com
       samanthamartin@paulhastings.com

*Admitted pro hac vice

*Proposed Counsel to the Official Committee of Unsecured Creditors*

## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FTX TRADING LTD., et al.,[1] | ) | Case No. 22-11068 (JTD) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | **Ref. Docket No. 575** |

**ORDER (I) CLARIFYING COMMITTEE'S REQUIREMENT TO PROVIDE
ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND
APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR
INFORMATION, (II) AUTHORIZING THE COMMITTEE TO ESTABLISH
AND MAINTAIN THE COMMITTEE INFORMATION PLATFORMS, AND
(III) AUTHORIZING THE COMMITTEE TO UTILIZE EPIQ CORPORATE
RESTRUCTURING, LLC AS INFORMATION AGENT IN CONNECTION
<u>THEREWITH, EFFECTIVE AS OF JANUARY 5, 2023</u>**

Upon consideration of the motion [Docket No. 575] (the "<u>Motion</u>")[2] of the Committee for

entry of an order (this "<u>Order</u>"), pursuant to Bankruptcy Code sections 105(a), 107(b), and

1102(b)(3) and Bankruptcy Rule 9018, (i) clarifying the requirements of the Committee to

provide access to confidential or privileged information to creditors and approving a protocol

regarding creditor requests for information, (ii) authorizing, but not directing, the Committee, in

its sole discretion, to establish and maintain the Committee Information Platforms, and

(iii) authorizing the Committee to utilize Epiq Corporate Restructuring, LLC ("<u>Epiq</u>") as its

information agent ("<u>Committee Information Agent</u>") in connection therewith, effective as

January 5, 2023, in accordance with the terms and subject to the conditions of the Engagement

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288
and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification number is not provided herein.  A complete list of
such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion

Letter; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief provided for in this Order is consistent with the Bankruptcy Code and appropriate under the circumstances of the Chapter 11 Cases; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and the Mailloux Declaration (as supplemented); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The relief requested in the Motion is granted, effective as of the Committee Formation Date, as set forth herein.

2.      The Committee shall implement the following Creditor Information Protocol in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B):

    **A.**    <u>Privileged and Confidential Information</u>: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall have the meaning as defined in Bankruptcy Code section 101(15)) without further order of this Court, Confidential Debtor Information, Confidential Committee Information, or confidential or non-public proprietary information received from other parties ("<u>Confidential Non-Debtor Information</u>" and, collectively with Confidential Debtor Information and Confidential Committee Information, "<u>Confidential Information</u>") or any information subject to attorney-client or some

other state, federal, or other jurisdictional law privilege, protection, or immunity (including attorney-work product and protections of confidentiality afforded under the Local Rules), whether such privilege, protection, or immunity is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party ("<u>Privileged Information</u>"). In addition, the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to this Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

**B.**    <u>Information Obtained through Discovery</u>: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order or applicable confidentiality agreement governing such discovery. Nothing herein shall obligate the Committee to provide any such information that the Committee obtains from third parties.

**C.**    <u>Creditor Information Requests</u>: If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "<u>Information Request</u>") pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than twenty-one (21) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request. If the Response is to deny the Information Request (i) because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that need not be disclosed, including, but not limited to, pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee (which could include the Committee Professionals) regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion to compel shall be properly filed and served, including on the Debtors and the Committee Professionals, and the hearing on such motion to compel shall be noticed and scheduled, and any party may object to such motion. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Committee provide the Requesting Creditor with a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.

Further, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that this Court conduct an in camera review of the information subject to the Information Request.

**D.**     Release of Confidential Information of Third Parties: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may demand such disclosure (a "Demand") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed; and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed. If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand (or such other period of time as agreed to in writing by the parties) to disclose such information, the Committee or the Requesting Creditor may properly file and serve a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should be done so only pursuant to an order of this Court requiring that such information remain confidential. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Alexa J. Kranzley (kranzleya@sullcrom.com) and Kimberly A. Brown (brown@lrclaw.com). The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such other party, as applicable, or further order of this Court. For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

**E.**     The Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Chapter 11 Cases and/or its advisor(s) that have signed a confidentiality agreement with the Debtors governing such Confidential Information (or such analyses or other documents generated by the Committee as applicable). For the avoidance of doubt, in the event of a conflict between the foregoing sentence and the Committee Bylaws or any confidentiality agreement between the Debtors and the Committee Professionals, the Committee Bylaws or such confidentiality agreement, as applicable, shall control.

3.      The Committee shall not be required, pursuant to Bankruptcy Code section 1102(b)(3)(A), to provide access to any Privileged Information or any Confidential Information to any creditor with a claim of the kind represented by the Committee except as provided in the Creditor Information Protocol. Nonetheless, the Committee shall be permitted, but not required, in its sole discretion, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Committee.  For the avoidance of doubt and without limiting the immediately foregoing sentence, the Committee shall be permitted, but not required, in its sole discretion, to provide access to information to any party so long as such information does not include any Privileged Information or Confidential Information.

4.      Nothing in this Order shall diminish or modify any rights and obligations of the Committee or its members and representatives under the Committee Bylaws or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's or its members' and representatives' (a) rights to disclose Privileged Information or Confidential Information as permitted under the Committee Bylaws or such confidentiality agreement or (b) obligations to keep Privileged Information or Confidential Information confidential), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order.

5.      None of the Debtors, the Committee, Epiq, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, or agents (acting in such capacity) (collectively, the "Exculpated Parties") shall incur any liability to any entity (including the Debtors or their affiliates) for any act taken or omitted to be taken in connection with the preparation,

dissemination, or implementation of the Creditor Information Protocol set forth herein or the establishment and maintenance of the Committee Information Platforms; *provided, however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order by a court of competent jurisdiction to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

6.      The Committee is authorized, but not directed, in its sole discretion, to establish and maintain the Committee Information Platforms, including, without limitation, a website for the benefit of the Debtors' unsecured creditors (the "Committee Website"), and to develop, with its advisors, a plan for communicating with the Debtors' unsecured creditors.

7.      The Committee is authorized to engage Epiq, effective as of January 5, 2023, to provide the services set forth in the Engagement Letter, to the extent requested by the Committee's professional advisors, including, without limitation, assisting the Committee and its professional advisors with (a) the Committee Information Platforms and communications plans, including establishing and maintaining a website for the benefit of the Debtors' unsecured creditors, and (b) noticing and serving filings made on behalf of the Committee.

8.      The Debtors are authorized to compensate Epiq in accordance with the terms of the Engagement Letter upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the

need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9.       Epiq shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for the Committee, and any party-in-interest who specifically requests service of the monthly invoices.

10.      The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Letter or monthly invoices; *provided*, *however*, that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11.      Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates.

12.      The Debtors shall indemnify the Indemnified Persons (as defined in the Engagement Letter) under the terms of the Engagement Letter, as modified pursuant to this Order.

13.      The Indemnified Persons shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

14.      Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify an Indemnified Person, or provide contribution or reimbursement to an Indemnified Person, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from such Indemnified Person's gross negligence, willful misconduct or fraud; (b) for a contractual dispute in which the Debtors or the Committee allege the breach of such Indemnified Person's contractual obligations

if this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order.

15.     If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these Chapter 11 Cases, an Indemnified Person believes that such Indemnified Person is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including the advancement of defense costs, such Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by an Indemnified Person for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify an Indemnified Person. All parties in interest shall retain the right to object to any demand by an Indemnified Person for indemnification, contribution or reimbursement.

16.     The limitation of liability section in paragraph 8 of the Engagement Letter is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

17.     Epiq shall use its reasonable efforts to avoid duplication of services provided by the Debtors' claims and noticing agent in the Chapter 11 Cases.

18.      Epiq shall not cease providing services pursuant to this Order during these Chapter 11 Cases for any reason, including nonpayment, without an order of this Court.

19.      Within one (1) business day of the entry of this Order, the Debtors shall instruct their claims and noticing agent for the Chapter 11 Cases to prominently post the following on the website of such claims and noticing agent at https://cases.ra.kroll.com/FTX:  "On February ___, 2023, the United States Bankruptcy Court for the District of Delaware entered an order [Docket No. ] (the "Committee Information Sharing Procedures Order"), among other things, approving a protocol regarding creditor requests for information and authorizing the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Creditors Committee") to establish a website (the "Creditors Committee Website") whereby the Debtors' creditors may access certain non-confidential and non-privileged information, as determined by the Committee in its sole discretion, that is either not otherwise readily available or that the Creditors Committee determines should be further highlighted for the Debtors' unsecured creditors.  The Creditors Committee Website can be accessed by clicking here or visiting https://.  A copy of the Committee Information Sharing Procedures Order may be accessed by clicking here or visiting the Creditors Committee Website.  Certain other Committee Information Platforms may be accessed by visiting the Creditors Committee Website."  At the request of the Committee, the Debtors shall promptly instruct their claims and noticing agent for the Chapter 11 Cases to update the foregoing post as necessary and appropriate.

20.      The Committee shall post a copy of this Order on the Committee Website.  Within three (3) business days of the entry of this Order, the Committee shall serve a copy of this Order on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of such service.

30068870.2

21.     Except as explicitly provided herein, nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not provide access to any information of the Debtors to any party.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

30068870.2

## **EXHIBIT B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., et al.,¹ | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket ~~No~~No. ~~—~~575 |

**ORDER (I) CLARIFYING COMMITTEE'S REQUIREMENT TO PROVIDE
ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND
APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR
INFORMATION, (II) AUTHORIZING THE COMMITTEE TO ESTABLISH
AND MAINTAIN THE COMMITTEE INFORMATION PLATFORMS, AND
(III) AUTHORIZING THE COMMITTEE TO UTILIZE EPIQ CORPORATE
RESTRUCTURING, LLC AS INFORMATION AGENT IN CONNECTION
THEREWITH, EFFECTIVE AS OF JANUARY 5, 2023**

Upon consideration of the motion [Docket No. 575] (the "Motion")² of the Committee for

entry of an order (this "Order"), pursuant to Bankruptcy Code sections 105(a), 107(b), and

1102(b)(3) and Bankruptcy Rule 9018, (i) clarifying the requirements of the Committee to

provide access to confidential or privileged information to creditors and approving a protocol

regarding creditor requests for information, (ii) authorizing, but not directing, the Committee, in

its sole discretion, to establish and maintain the Committee Information Platforms, and

(iii) authorizing the Committee to utilize Epiq Corporate Restructuring, LLC ("Epiq") as its

information agent ("Committee Information Agent") in connection therewith, effective as

January 5, 2023, in accordance with the terms and subject to the conditions of the Engagement

---

¹ The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

² Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion

Letter; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and *Amended Standing Order of Reference from the United States District Court for the District

of Delaware* dated as of February 29, 2012; and this Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a

final order consistent with Article III of the United States Constitution; and this Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and this Court having found that the relief ~~requested in the Motion is in the~~

~~best interests of the Debtors' estates, their creditors, and other parties in interest~~provided for in

this Order is consistent with the Bankruptcy Code and appropriate under the circumstances of the

Chapter 11 Cases; and this Court having found that the notice of the Motion and opportunity for a

hearing on the Motion were appropriate under the circumstances and no other notice need be

provided; and this Court having reviewed the Motion and the Mailloux Declaration (as

supplemented); and this Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.      The relief requested in the Motion is granted, effective as of the Committee

Formation Date, as set forth herein.

2.      The Committee shall implement the following Creditor Information Protocol in

accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B):

      **A.**    <u>Privileged and Confidential Information</u>: The Committee shall not be required to
disseminate to any entity (all references to "entity" herein shall have the
meaning as defined in Bankruptcy Code section 101(15)) without further
order of this Court, Confidential Debtor Information, Confidential Committee
Information, or confidential or non-public proprietary information received from
other parties ("<u>Confidential Non-Debtor Information</u>" and, collectively with

Confidential Debtor Information and Confidential Committee Information, "Confidential Information") or any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege, protection, or immunity (including attorney-work product and protections of confidentiality afforded under the Local Rules), whether such privilege, protection, or immunity is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party ("Privileged Information"). In addition, the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to this Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

**B.**     Information Obtained through Discovery: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order or applicable confidentiality agreement governing such discovery. Nothing herein shall obligate the Committee to provide any such information that the Committee obtains from third parties.

**C.**     Creditor Information Requests: If a creditor (a "Requesting Creditor") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "Information Request") pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than ~~thirty (30~~twenty-one (21) days after receipt of the Information Request, provide a response to the Information Request (a "Response"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request. If the Response is to deny the Information Request (i) because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that need not be disclosed, including, but not limited to, pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee (which could include the Committee Professionals) regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion to compel shall be properly filed and served, including on the Debtors and the Committee Professionals, and the hearing on such motion to compel shall be noticed and scheduled, and any party may object to such motion. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Committee provide the Requesting Creditor with a log or other index of any

information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Further, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that this Court conduct an in camera review of the information subject to the Information Request.

**D.**    Release of Confidential Information of Third Parties: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may demand such disclosure (a "Demand") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed; and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed. If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand (or such other period of time as agreed to in writing by the parties) to disclose such information, the Committee or the Requesting Creditor may properly file and serve a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should be done so only pursuant to an order of this Court requiring that such information remain confidential. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Alexa J. Kranzley (kranzleya@sullcrom.com) and Kimberly A. Brown (brown@lrclaw.com). The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such other party, as applicable, or further order of this Court. For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

**E.**    The Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Chapter 11 Cases and/or its advisor(s) that have signed a confidentiality agreement with the Debtors governing such Confidential Information (or such analyses or other documents generated by the Committee as applicable). For the avoidance of doubt, in the event of a conflict between the foregoing sentence and the Committee Bylaws or any confidentiality agreement between the Debtors and the Committee Professionals, the Committee Bylaws or such confidentiality agreement, as applicable, shall control.

3.      The Committee shall not be required, pursuant to Bankruptcy Code section 1102(b)(3)(A), to provide access to any Privileged Information or any Confidential Information to any creditor with a claim of the kind represented by the Committee except as provided in the Creditor Information Protocol. Nonetheless, the Committee shall be permitted, but not required, in its sole discretion, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Committee. For the avoidance of doubt and without limiting the immediately foregoing sentence, the Committee shall be permitted, but not required, in its sole discretion, to provide access to information to any party so long as such information does not include any Privileged Information or Confidential Information.

4.      Nothing in this Order shall diminish or modify the any rights and obligations of the Committee or its members and representatives under the Committee Bylaws or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's or its members' and representatives' (a) rights to disclose Privileged Information or Confidential Information as permitted under the Committee Bylaws or such confidentiality agreement or (b) obligations to keep such Privileged Information or Confidential Information confidential), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order.

5.      None of the Debtors, the Committee, Epiq, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, or agents (acting in such capacity) (collectively, the "Exculpated Parties") shall incur any liability to any entity (including the Debtors

or their affiliates) for any act taken or omitted to be taken in connection with the preparation, dissemination, or implementation of the Creditor Information Protocol set forth herein or the establishment and maintenance of the Committee Information Platforms; *provided, however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order by a court of competent jurisdiction to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

6.      The Committee is authorized, but not directed, in its sole discretion, to establish and maintain the Committee Information Platforms, including, without limitation, a website for the benefit of the Debtors' unsecured creditors (the "Committee Website"), and to develop, with its advisors, a plan for communicating with the Debtors' unsecured creditors.

7.      The Committee is authorized to engage Epiq, effective as of January 5, 2023, to provide the services set forth in the Engagement Letter, to the extent requested by the Committee's professional advisors, including, without limitation, assisting the Committee and its professional advisors with (a) the Committee Information Platforms and communications plans, including establishing and maintaining a website for the benefit of the Debtors' unsecured creditors, and (b) noticing and serving filings made on behalf of the Committee.

8.      The Debtors are authorized to compensate Epiq in accordance with the terms of the Engagement Letter upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and

necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9.      Epiq shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for the Committee, and any party-in-interest who specifically requests service of the monthly invoices.

10.     The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Letter or monthly invoices; *provided*, *however*, that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11.     Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates.

12.     The Debtors shall indemnify ~~Epiq~~ the Indemnified Persons (as defined in the Engagement Letter) under the terms of the Engagement Letter, as modified pursuant to this Order.

13.     ~~Epiq~~ The Indemnified Persons shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.

14.     Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify ~~Epiq~~an Indemnified Person, or provide contribution or reimbursement to ~~Epiq~~an Indemnified Person, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from ~~Epiq's~~ such Indemnified Person's gross negligence, willful misconduct or fraud; (b) for a contractual dispute in which the

30068870.2

Debtors or the Committee allege the breach of ~~Epiq's~~ such Indemnified Person's contractual obligations if this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to applicable law; or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which ~~Epiq~~ such Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order.

15.     If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing these Chapter 11 Cases, ~~Epiq~~ an Indemnified Person believes that ~~it~~ such Indemnified Person is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including the advancement of defense costs, ~~Epiq~~ such Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to ~~Epiq~~ such Indemnified Person before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by ~~Epiq~~ an Indemnified Person for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify ~~Epiq~~ an Indemnified Person. All parties in interest shall retain the right to object to any demand by ~~Epiq~~ an Indemnified Person for indemnification, contribution or reimbursement.

16.     The limitation of liability section in paragraph 8 of the Engagement Letter is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

17.     Epiq shall use its reasonable efforts to avoid duplication of services provided by

the Debtors' claims and noticing agent in the Chapter 11 Cases.

18.    ~~17.~~Epiq shall not cease providing services pursuant to this Order during these Chapter 11 Cases for any reason, including nonpayment, without an order of this Court.

19.    ~~18.~~Within one (1) business day of the entry of this Order, the Debtors shall instruct their claims and noticing agent for the Chapter 11 Cases to prominently post the following on the website of such claims and noticing agent at https://cases.ra.kroll.com/FTX: "On February ___, 2023, the United States Bankruptcy Court for the District of Delaware entered an order [Docket No. ] (the "Committee Information Sharing Procedures Order"), among other things, approving a protocol regarding creditor requests for information and authorizing the Official Committee of Unsecured Creditors appointed in the Debtors' chapter 11 cases (the "Creditors Committee") to establish a website (the "Creditors Committee Website") whereby the Debtors' creditors may access certain non-confidential and non-privileged information, as determined by the Committee in its sole discretion, that is either not otherwise readily available or that the Creditors Committee determines should be further highlighted for the Debtors' unsecured creditors.  The Creditors Committee Website can be accessed by clicking here or visiting https://.  A copy of the Committee Information Sharing Procedures Order may be accessed by clicking here or visiting the Creditors Committee Website.  Certain other Committee Information Platforms may be accessed by visiting the Creditors Committee Website."  At the request of the Committee, the Debtors shall promptly instruct their claims and noticing agent for the Chapter 11 Cases to update the foregoing post as necessary and appropriate.

20.    The Committee shall post a copy of this Order on the Committee Website.  Within three (3) business days of the entry of this Order, the Committee shall serve a copy of this Order on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002

as of the date of such service.

21.   ~~19.~~ Except as explicitly provided herein, nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not provide access to any information of the Debtors to any party.

22.   ~~20.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

30068870.2