IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FTX TRADING LTD., et al.,[1] | ) ) ) | Case No. 22-11068 (JTD) |
|  | ) ) |  |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) | **Ref. Docket Nos. 518 & 519** |

## CERTIFICATION OF COUNSEL

On January 18, 2023, the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases of the above-captioned debtors and debtors in possession filed the *Application for Entry of an Order, Pursuant to Sections 328, 330 and 1103 of the Bankruptcy Code, Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of December 20, 2022* [Docket Nos. 518 (redacted) & 519 (sealed)] (the "Application"). A proposed form of order approving the Application was attached to the Application as Exhibit A (the "Proposed Order"). The deadline to file objections or otherwise respond to the Application was established as February 1, 2023 at 4:00 p.m. (ET) (as may have been extended, the "Objection Deadline"), and was extended for the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

30096791.1

Prior to the Objection Deadline, the Committee received informal responses to the relief requested in the Application from the U.S. Trustee. No other informal responses or objections to the Application were received.

Following discussions with the U.S. Trustee, the Committee agreed to a revised proposed form of order (the "Revised Proposed Order") approving the Application, a copy of which is attached hereto as **Exhibit A**. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**. The Committee has also filed the *First Supplemental Declaration of Erez E. Gilad in Support of Application for Entry of an Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of December 20, 2022, and Notice of Increase in Hourly Rates* (the "Supplemental Declaration") contemporaneously herewith. The Revised Proposed Order and the Supplemental Declaration resolve the U.S. Trustee's informal responses with respect to the Application.

WHEREFORE, as the Committee did not receive any objections or responses other than as set forth herein, and the U.S. Trustee does not object to entry of the Revised Proposed Order, the Committee respectfully requests that the Court enter the Revised Proposed Order without further notice or a hearing at the Court's earliest convenience.

*Signature Page Follows*

30096791.1

| | |
|---|---|
| Dated: February 7, 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>*/s/ Robert F. Poppiti, Jr.*<br>Matthew B. Lunn (No. 4119)<br>Robert F. Poppiti, Jr. (No. 5052)<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mlunn@ycst.com<br>         rpoppiti@ycst.com<br><br>-and-<br><br>PAUL HASTINGS LLP<br>Kristopher M. Hansen\*<br>Luc A. Despins\*<br>Erez E. Gilad\*<br>Kenneth Pasquale\*<br>Samantha Martin\*<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:  (212) 318-6000<br>Facsimile:  (212) 319-4090<br>Email: krishansen@paulhastings.com<br>         lucdespins@paulhastings.com<br>         erezgilad@paulhastings.com<br>         kenpasquale@paulhastings.com<br>         samanthamartin@paulhastings.com<br><br>\*Admitted pro hac vice<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |

30096791.1

3

## EXHIBIT A

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref Docket No. ____ |

**ORDER AUTHORIZING AND APPROVING THE RETENTION AND
EMPLOYMENT OF PAUL HASTINGS LLP AS LEAD COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
EFFECTIVE AS OF DECEMBER 20, 2022**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned cases, for the entry of an order, pursuant to sections 328(a), 330(a), and 1103 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of Paul Hastings LLP ("Paul Hastings"), effective as of December 20, 2022, as lead counsel to the Committee; and the Court having reviewed the Application, the Gilad Declaration and the Committee Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Each capitalized term that is not defined herein shall have the meaning ascribed to such term in the Application.

*Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; the relief requested in the Application being a core proceeding pursuant to 28 U.S.C. § 157; venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Application having been given, and no other or further notice need be provided; the Court having found that (i) the relief set forth in this Order is in the best interests of the Committee and its constituents, (ii) the legal and factual bases set forth in the Application, the Gilad Declaration, and the Committee Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Paul Hastings is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and (iv) neither Paul Hastings nor any partner, counsel, or associate thereof holds or represents any other entity having an adverse interest in connection with the Chapter 11 Cases, and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is hereby granted and approved as set forth herein.

2. In accordance with sections 328(a), 330(a), and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain Paul Hastings as its lead counsel, effective as of December 20, 2022, on the terms set forth in the Application as modified by this Order.

3. Paul Hastings is authorized to act as the Committee's lead counsel and to perform those services described in the Application.

4.  Paul Hastings shall be compensated for its services on and after December 20, 2022, at its regular hourly rates in effect from time to time, as such rates may be increased periodically, and reimbursed for any costs and expenses incurred in connection with the Debtors' Chapter 11 Cases in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and any other order of the Court. Each of the Debtors shall be jointly and severally liable for Paul Hastings' fees and expenses, and, pursuant to Section 503(b)(1) of the Bankruptcy Code, Paul Hastings' fees and expenses approved by the Court shall be entitled to administrative expense claim status against each of the Debtors on a joint and several basis. For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations approved by the Court be an obligation of, or paid by, the Committee or any of its members or professionals.

5.  Paul Hastings intends to use reasonable efforts to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* both in connection with the Application and with interim and final fee applications for compensation and reimbursement of expenses to be filed by Paul Hastings in the Chapter 11 Cases.

6.  Paul Hastings shall provide no less than five (5) business days' notice to the Debtors, the Committee and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Paul Hastings shall also be entitled to submit with its fee statements the statements of expenses incurred by members of the Committee in connection with their service on the Committee, which shall be reimbursed by the Debtors' estates in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

8. The retention of Paul Hastings, as lead counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever modified or enlarged to include other unsecured creditors of the Debtors (or other debtors), without the need to obtain further approval of the Court or a modification of this Order.

9. Paul Hastings shall use its reasonable efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

10. Notwithstanding anything in the Application or any supporting declarations to the contrary, Paul Hastings shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost, subject to the limits of Local Rule 2016-2(e).

11. Notwithstanding anything in the Application or the supporting declarations to the contrary, Paul Hastings shall, to the extent that Paul Hastings uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that Paul Hastings pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as

required for Paul Hastings; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

12. Paul Hastings shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

13. Within fourteen (14) days (or as soon as reasonably practicable thereafter) after any qualified bid deadline in these cases, Paul Hastings will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of Paul Hastings to such potential counterparties.

14. The entry of this Order shall not (i) impede the Court from directing relief with respect to the scope of professional services in the event an examiner is subsequently appointed or (ii) prejudice or otherwise affect the rights of the U.S. Trustee to object to Paul Hastings' post-petition requests for compensation and reimbursement on any and all grounds.

15. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

16. The Committee and Paul Hastings are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT B

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

FTX TRADING LTD., *et al.*,[1]

    Debtors.

Chapter 11

Case No. 22-11068 (JTD)

(Jointly Administered)

Ref Docket No. \_\_\_\_

## ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF DECEMBER 20, 2022

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned cases, for the entry of an order, pursuant to sections 328(a), 330(a), and 1103 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of Paul Hastings LLP ("Paul Hastings"), effective as of December 20, 2022, as lead counsel to the Committee; and the Court having reviewed the Application, the Gilad Declaration and the Committee Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; the relief requested in the Application being a core

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Each capitalized term that is not defined herein shall have the meaning ascribed to such term in the Application.

proceeding pursuant to 28 U.S.C. § 157; venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Application having been given, and no other or further notice need be provided; the Court having found that (i) the relief ~~requested~~set forth in ~~the Application~~this Order is in the best ~~interest~~interests of the ~~Debtors, their creditors, and all parties in interest~~Committee and its constituents, (ii) the legal and factual bases set forth in the Application, the Gilad Declaration, and the Committee Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Paul Hastings is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and (iv) neither Paul Hastings nor any partner, counsel, or associate thereof holds or represents any other entity having an adverse interest in connection with the Chapter 11 Cases, ~~and (v) Paul Hastings' hourly rates for its attorneys and paraprofessionals as described in the Gilad Declaration are reasonable;~~ and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is hereby granted and approved as set forth herein.

2. In accordance with sections 328(a), 330(a), and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain Paul Hastings as its lead counsel, effective as of December 20, 2022, on the terms set forth in the Application as modified by this Order.

3. Paul Hastings is authorized to act as the Committee's lead counsel and to perform those services described in the Application.

4. Paul Hastings shall be compensated for its services on and after December 20, 2022, at its regular hourly rates in effect from time to time, as such rates may be increased periodically, and reimbursed for any costs and expenses incurred in connection with the Debtors' Chapter 11 Cases in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and any other order of the Court. Each of the Debtors shall be jointly and severally liable for Paul Hastings' fees and expenses, and, pursuant to Section 503(b)(1) of the Bankruptcy Code, Paul Hastings' fees and expenses approved by the Court shall be entitled to administrative expense claim status against each of the Debtors on a joint and several basis. For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations approved by the Court be an obligation of, or paid by, the Committee or any of its members or professionals.

5. Paul Hastings ~~shall endeavor~~<ins>intends to use reasonable efforts</ins> to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* <ins>both</ins> in connection with <ins>the Application and with interim and final fee</ins> applications for compensation and reimbursement of expenses <ins>to be</ins> filed by Paul Hastings in the Chapter 11 Cases.

6. Paul Hastings shall provide no less than five (5) business days' notice to the Debtors, the <ins>Committee and the</ins> U.S. Trustee~~, and the Committee before implementing rate increases in the Chapter 11 Cases, and shall file such notice with the Court~~ <ins>in connection with any increase of the hourly rates listed in the Application</ins>. The U.S. Trustee ~~retains~~<ins>and the Debtors retain</ins> all rights to object to any rate increase on all grounds, including<ins>, but not limited</ins>

3


to, the reasonableness standard ~~set forth~~<ins>provided</ins> in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Paul Hastings shall also be entitled to submit with its fee statements the statements of expenses incurred by members of the Committee in connection with their service on the Committee, which shall be reimbursed by the Debtors' estates in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

8. The retention of Paul Hastings, as lead counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever modified or enlarged to include other unsecured creditors of the Debtors (or other debtors), without the need to obtain further approval of the Court or a modification of this Order.

9. Paul Hastings shall ~~endeavor~~<ins>use its reasonable efforts</ins> to avoid duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

10. <ins>Notwithstanding anything in the Application or any supporting declarations to the contrary, Paul Hastings shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost, subject to the limits of Local Rule 2016-2(e).</ins>

11. <ins>Notwithstanding anything in the Application or the supporting declarations to the contrary, Paul Hastings shall, to the extent that Paul Hastings uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the</ins>

Debtors at the same rate that Paul Hastings pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Paul Hastings; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

12. Paul Hastings shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

13. Within fourteen (14) days (or as soon as reasonably practicable thereafter) after any qualified bid deadline in these cases, Paul Hastings will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of Paul Hastings to such potential counterparties.

14. The entry of this Order shall not (i) impede the Court from directing relief with respect to the scope of professional services in the event an examiner is subsequently appointed or (ii) prejudice or otherwise affect the rights of the U.S. Trustee to object to Paul Hastings' post-petition requests for compensation and reimbursement on any and all grounds.

15. ~~10.~~ Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

16. ~~11.~~ The Committee and Paul Hastings are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

17. ~~12.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. ~~13.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

5