IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
|  | Ref. Docket Nos. 522 & 523 |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
EFFECTIVE AS OF DECEMBER 22, 2022**

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for the entry of an order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to retain and employ Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as co-counsel, effective as of December 22, 2022; and upon consideration of the Lunn Declaration, including the supplemental declaration related thereto [Docket No. 649] and the Voorhees Declaration, including the supplemental declaration related thereto [Docket No. 650]; and it appearing that this Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied that notice and opportunity for hearing on the

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

Application was appropriate under the circumstances and no further or other notice need be given; and this Court being satisfied, based on the representations made in the Application and the Lunn Declaration, that Young Conaway does not represent any other entity having an adverse interest in connection with these Chapter 11 Cases, and that Young Conaway is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application, the Lunn Declaration, and the Voorhees Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED as set forth herein.

2. In accordance with sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain Young Conaway as co-counsel, effective as of December 22, 2022, on the terms and conditions set forth in the Application and the Lunn Declaration, as modified by this Order.

3. Young Conaway shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in accordance with sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and Local Rules, and applicable orders of this Court. Young Conaway intends to use reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and any interim and final fee applications to be filed by Young Conaway in these Chapter 11 Cases.

4. Young Conaway shall provide five (5) business days' notice to the Committee, the Debtors and the U.S. Trustee in connection with any increase of its hourly rates occurring after the date of this Order. The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Notwithstanding anything in the Application or any supporting declarations to the contrary, Young Conaway shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost, subject to the limits of Local Rule 2016-2(e).

6. Notwithstanding anything in the Application or the supporting declarations to the contrary, Young Conaway shall, to the extent that Young Conaway uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, (i) pass through the cost of such Contractors to the Debtors at the same rate that Young Conaway pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Young Conaway; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

7. Within fourteen (14) days (or as soon as reasonably practicable thereafter) after any qualified bid deadline in these Chapter 11 Cases, Young Conaway will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of Young Conaway to such potential counterparties.

8. Young Conaway shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in these Chapter 11 Cases.

9. All fees and expenses incurred by Young Conaway and approved by the Court shall be treated as administrative expenses under section 503(b)(2) of the Bankruptcy Code.

10. The Committee and Young Conaway are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. The retention of Young Conaway as co-counsel to the Committee shall be deemed to apply to the representation of the Committee if ever modified or enlarged to include other unsecured creditors of the Debtors (or other debtors), without the need to obtain a modification of this Order.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: February 8th, 2023
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE