# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. ―578 |

**ORDER (A) APPROVING THE COOPERATION AGREEMENT BETWEEN THE DEBTORS AND THE JOINT PROVISIONAL LIQUIDATORS OF FTX DIGITAL MARKETS LTD., AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) approving the Cooperation Agreement pursuant to sections 105(a) and 363(b) of Bankruptcy Code, and (b) granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and that, except as otherwise

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

-2-

ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing (if any) having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The entry into and performance by the Debtors of their obligations under the Cooperation Agreement annexed as an Exhibit hereto is hereby approved in all respects.

3. The Debtors will use their best efforts to consult with the Committee regarding any proposed agreement or understanding between FTX DM and the Debtors pursuant to the Cooperation Agreement, including sharing on a "professionals eyes only" basis with the Committee information shared between FTX DM and the Debtors (subject to appropriate confidentiality arrangements and approval of the same by the Bahamas Court); *provided that* it shall not be a violation of this Order if the Debtors fail to so consult or share such information.

4. Nothing in the Cooperation Agreement or this Order shall exempt or relieve the Debtors or FTX DM of their obligations to obtain all necessary court approvals required under applicable law for specific actions contemplated under the Cooperation Agreement, from this Court or the Bahamas Court, as applicable.

-3-

5. Nothing in the Cooperation Agreement or this Order shall exempt or relieve the Debtors of their obligations or fiduciary duties to any stakeholder under applicable law.

6. Notwithstanding anything in the Cooperation Agreement to the contrary, nothing in this Order authorizes or permits the Debtors to: (a) seal any document or redact any information from any filings in these Chapter 11 Cases; (b) sell any of their property outside the ordinary course of business pursuant to section 363 of the Bankruptcy Code; (c) obtain postpetition financing pursuant to section 364 of the Bankruptcy Code; (d) pay or reimburse fees or expenses of professionals for any parties to the Cooperation Agreement; (e) enter into any settlement or compromise in respect of the ownership of property of any Chapter 11 Debtor that requires approval of this Court under Rule 9019; or (f) implement any joint claims process applicable in the Chapter 11 Cases and the Bahamian Proceeding. The rights of any party-in-interest to object to any such relief, or to any plan of reorganization reflecting any matter contemplated by the Cooperation Agreement, are fully preserved.

7. ~~3.~~ Other than the insolvency proceedings expressly contemplated in the Cooperation Agreement, no additional insolvency proceedings shall be subject to the Cooperation Agreement absent further order of this Court.

8. ~~4.~~ The requirements set forth in Bankruptcy Rule 6004(a) are waived with respect to the Motion.

9. ~~5.~~ This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10. ~~6.~~ This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

-3-

Dated: _____
      Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

-4-