**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** ) | Chapter 11 |
| ) | |
| **FTX TRADING LTD.,** *et al.*,[1] ) | Case No. 22-11068 (JTD) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | Re: Docket No. 481 |

**SUPPLEMENTAL DECLARATION OF STEVEN SIMMS IN SUPPORT OF THE
APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to 28 U.S.C. section 1746, Steven Simms, declares as follows:

1. I am a Senior Managing Director with FTI Consulting, Inc. ("FTI"),[2] an international consulting firm. On January 11, 2023, I submitted a declaration (the "Original Declaration") in support of the *Application for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of December 22, 2022* [D.I. 481] (the "Application").[3] I submit this supplemental declaration (the "Supplemental Declaration") on behalf of FTI in further support of the Application and to supplement the disclosures set forth in the Original Declaration. Except as

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Professionals employed by certain subsidiaries of FTI will also be used in the engagement.

[3] Capitalized terms used herein shall have meanings ascribed to them in the Application or the Original Declaration, as applicable.

otherwise noted, I have personal knowledge of the matters set forth herein, and, if called as a witness, I would testify thereto.[4]

## Supplemental Disclosure

2.      The disclosures made in the Original Declaration and the supplemental disclosures made below cover FTI, its subsidiaries (FTI and its subsidiaries collectively referred to herein as the "FTI Enterprise") and the members of the engagement team.

3.      FTI Consulting, Inc. has no affiliates other than its subsidiaries.

4.      The Original Declaration disclosed that a subsidiary of FTI was hired by Celsius as a vendor to provide certain electronic data technology support services. Following the filing of the Original Declaration, Akin Gump Strauss Hauer & Feld LLP, as special litigation counsel for Celsius in its chapter 11 cases, retained a subsidiary of FTI (including use of professionals in the FTI Committee Engagement) in an adversary proceeding in the Celsius chapter 11 proceedings on a matter unrelated to the FTX Debtors. The adversary proceeding was commenced by Celsius Network Limited and Celsius Keyfi LLC against Jason Stone and Keyfi LLC in adversary proceeding 22-01139 (MG) in the Bankruptcy Court for the Southern District of New York. The causes of action include turnover, conversion, fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, replevin, and accounting. As noted above, the adversary proceeding is unrelated to the FTX Debtors and was commenced by two Celsius Debtor entities against a former CEO of one of its subsidiaries and his majority-owned corporate vehicle. In addition, neither defendant in the adversary proceeding is identified as a party-in-interest in the FTX chapter 11 cases.

---

[4] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

5. The Original Declaration explained the ethical wall that FTI has implemented. To clarify, the ethical wall prevents anyone who is not a member of the FTI Committee Engagement from accessing the files and information relating to the FTI Committee Engagement. Each member of the FTI Committee Engagement has to affirmatively agree to be bound by the terms of the ethical wall in order to access the files and information relating to the FTI Committee Engagement.

6. The Original Declaration disclosed work done by FTI subsidiaries for Binance and Bifinity UAB in matters unrelated to the Debtors or their chapter 11 cases. The revenue attributable to Binance and Bifinity UAB (individually and in the aggregate) accounts for less than 1% of FTI Enterprise's revenue for the year ending December 31, 2021.

7. The Original Declaration disclosed work done by an FTI subsidiary for an individual director/officer of the Debtors in matters unrelated to the Debtors or their chapter 11 cases. The revenue attributable to this individual accounts for less than 1% of FTI Enterprise's revenue for the year ending December 31, 2021. None of the employees who performed work for the individual director/officer are part of the FTI Committee Engagement.

8. The Original Declaration disclosed that the Voyager Committee selected FTI as its financial advisor. With respect to any litigation or dispute between the FTX estates and the Voyager estates or other conflicting inter-estate matters specifically and directly relating to the Voyager estates (collectively, the "<u>Recusal Matters</u>"), FTI will not be involved in or render any services in connection with any such Recusal Matters to either the FTX Committee or the Voyager Committee. Upon its selection by the FTX Committee, FTI promptly requested that other Committee professionals for the FTX Committee and the Voyager Committee not share any analysis with FTI with respect to any Recusal Matters. Both the FTX Committee and the Voyager

Committee are aware of -- and have consented to -- FTI's concurrent representation of the FTX Committee and the Voyager Committee, and each shall be advised by a different financial advisor in connection with any Recusal Matters. After its selection by the FTX Committee, FTI also promptly informed both the primary professionals for the FTX Debtors and the Voyager Debtors of its concurrent representation of the FTX Committee and the Voyager Committee and requested that the FTX Debtors and the Voyager Debtors not share any analysis with FTI with respect to any Recusal Matters.

9. Since FTI's selection as financial advisor for the FTX Committee, FTI has not been involved in or rendered any services to either the FTX Committee or the Voyager Committee in connection with any Recusal Matters. By way of example, on January 30, 2023, one of the FTX Debtors (Alameda Research Ltd.) commenced an adversary proceeding against certain of the Voyager Debtors seeking to recover certain preferential transfers (the "Alameda Preference Action"). FTI was not involved in any discussions with the FTX Debtors or the FTX Committee in the decision to commence the Alameda Preference Action, never received a draft of any analysis or pleadings relating to the Alameda Preference Action and recused itself from any involvement in the Alameda Preference Action. On January 30, 2023, the Voyager Debtors filed an objection to certain proofs of claim filed by Alameda Ventures Ltd. and on January 31, 2023, the Voyager Committee filed an objection to the same proofs of claim filed by Alameda Ventures Ltd. (collectively, the "Alameda Claim Objections"). FTI was not involved in any discussions with the Voyager Debtors or the Voyager Committee in the decision to commence the Alameda Claim Objections, never received a draft of any analysis or pleadings relating to the Alameda Claim Objections and recused itself from any involvement in the Alameda Claim Objections.

10. The Original Declaration attached as Exhibit B identifies parties in interest who are clients of FTI or its subsidiaries. Except as set forth below, each of the parties listed on Exhibit B are current or recent former clients of FTI or its subsidiaries in matters unrelated to the Debtors or their chapter 11 cases and accounts for less than 1% of FTI Enterprise's revenue for the year ending December 31, 2021. The vast majority of FTI Enterprise's engagements are situations where a particular law firm engages FTI or one of its subsidiaries to perform services for the end client, *e.g.*, provide financial advisory services, electronic discovery services, expert witness services, etc., in furtherance of the law firm's representation of the end client. In most of these situations, the law firm will engage FTI or a subsidiary on behalf of the end client, the end client will pay the invoices, and the revenue from the matter will be attributed to the law firm. For the avoidance of doubt, both the end client and law firm are recorded as clients in FTI's client database. As such, revenue from a myriad of clients is aggregated and attributed to the applicable law firm.

11. For the year ending December 31, 2021, three law firms on Exhibit B, Latham & Watkins LLP, Sullivan & Cromwell LLP ("Sullivan"), and Covington & Burling, LLP ("Covington"), each were attributed revenue from the end clients (in each instance, dozens of clients) that, when aggregated, exceeded 1% of FTI Enterprise's revenue. (When broken down by actual end client, revenue from each individual end client was less than 1% of FTI Enterprise's revenue.) Other than two matters for Covington (which in the aggregate were less than 1% of FTI Enterprise's revenue for the year ending December 31, 2021 and are unrelated to the Debtors or their chapter 11 cases), none of the revenue attributable to those firms relate to matters where a particular firm is the end client.

12. The revenue attributable to the end clients of Sullivan accounts for less than 2% of FTI Enterprise's revenue for the year ending December 31, 2021.

13. As disclosed in the Original Declaration, the Debtors hired FTI Technology as a vendor to provide certain electronic data technology support services. Both FTX and Sullivan are recorded as clients in FTI's client database for this matter.

14. As disclosed on Exhibit B, Coinbase, Gemini and Kraken are clients of FTI or its subsidiaries in matters unrelated to the Debtors or their chapter 11 cases. The revenue attributable to each of these entities (individually and in the aggregate) accounts for less than 1% of FTI Enterprise's revenue for the year ending December 31, 2021.

15. Neither FTI, its subsidiaries nor any member of the engagement team are (a) a creditor, equity security holder, or insider of the Debtors; (b) are or have been within two years before the Petition Date, a director, officer or employee of the Debtors; or (c) have any interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, in connection with, or interest in, the Debtors, or for any other reason. As such, to the best of my knowledge and based on the Original Declaration and the supplemental disclosures set forth herein, FTI (i) is a "disinterested person" as defined in Bankruptcy Code section 101(14) and (ii) neither holds nor represents an interest adverse to the Debtors or their estates, and while employed by the Committee, FTI will not represent any other entity having an adverse interest in connection with this case. Therefore, FTI believes it continues to be eligible to represent the Committee under Bankruptcy Code section 1103(b).

16. FTI will continue to update and expand its ongoing relationship search for additional parties in interest. If any additional new material relevant facts or relationship are discovered or arise, FTI will promptly file a supplemental declaration pursuant to Bankruptcy Rule 2014(a).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2023      */s/ Steven Simms*
        New York, New York        **Steven Simms**