## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 525** |

### ORDER (I) AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE OR TRANSFER OF CERTAIN DE MINIMIS ASSETS AND FUND ASSETS, (II) APPROVING ASSUMPTION, ASSIGNMENT AND REJECTION PROCEDURES AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006, and Local Rules 2002-1, 6004-1 and 9006-1 (a) authorizing and approving procedures for the sale or transfer of (i) investments or interests held by the Debtors in various privately held or publicly traded companies, including warrants, tokens and token warrants, shares, promissory notes, future equity interests, future token interests or other related interests, or businesses or subsidiaries of the Debtors or assets related to the foregoing, including any rights or interests therein, that are of relatively *de minimis* value compared to the Debtors' total asset base (collectively, the "De Minimis Assets") and/or (ii) limited partnership interests in venture capital and other investment funds (collectively, the "Fund Assets"), free and clear of any liens, claims,

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

interests and encumbrances, (b) implementing certain procedures for the assumption and

assignment of certain executory contracts in connection therewith and (c) granting related relief;

and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012; and this Court being able to issue a final order

consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases

and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this

matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that

proper and adequate notice of the Motion and the relief requested therein has been provided in

accordance with the Bankruptcy Rules and the Local Rules; and that, except as otherwise

ordered herein, no other or further notice is necessary; and objections (if any) to the Motion

having been withdrawn, resolved or overruled on the merits; and a hearing (the "Sale Procedures

Hearing") having been held to consider the relief requested in the Motion and upon the record of

the hearing and all of the proceedings had before this Court; and this Court having found and

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This Court may issue a final order

on the Motion consistent with Article III of the United States Constitution.  Venue is proper

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052.

pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.       The Debtors' notice of the Motion, the Sale Procedures, the Sale Procedures Hearing and the proposed entry of this Order was (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases, and no other or further notice is required, except as set forth herein.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b).

C.       The Sale Procedures set forth in this Order, including procedures with respect to the assumption and assignment of certain executory contracts in connection therewith, were proposed in good faith by the Debtors, are fair, reasonable and appropriate under the circumstances and are properly designed to maximize the recovery from any sale of the De Minimis and/or Fund Assets.  The Debtors have demonstrated good and sufficient business reasons for this Court to enter this Order, and such good and sufficient reasons, which are set forth in the Motion and on the record at the Sale Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

D.       The form and manner of notices to be delivered pursuant to this Order, including the Sale Notice attached hereto as <u>Exhibit 1</u> are (i) reasonably calculated to provide all interested parties with timely and proper notice; (ii) in compliance with all applicable

requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and

(iii) adequate and sufficient under the circumstances of these Chapter 11 Cases.

E.     Subject to compliance with the Sale Procedures, the Debtors may sell the

De Minimis Assets and the Fund Assets free and clear of any interests in such De Minimis

Assets and Fund Assets of any kind or nature whatsoever because in each case one or more of

the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.

IT IS HEREBY ORDERED THAT:

1.     The Motion is hereby GRANTED as set forth herein.

2.     For the purpose of the Order, the term "Confirmed Investment Value"

shall mean, with respect to any De Minimis Asset, the amount of consideration paid by the

Debtors to acquire or invest in such De Minimis Asset (including, with respect to any non-cash

consideration, the fair market value of such consideration at the time of such acquisition or

investment, as determined by the Debtors in their reasonable discretion), as recorded in the

Debtors' books and records.

3.     The De Minimis Sale Procedures and Fund Asset Sale Procedures are

approved as follows:

(a)     The Debtors shall at least on a weekly basis notify the firms serving as
legal counsel and lead financial advisor to the Official Committee (the
"Consulting Professionals") and the U.S. Trustee of the status of any
potential sales or transfers of De Minimis Assets or Fund Assets, including
the receipt by the Debtors of any offers and entry into or consummation of
any Sales with respect thereto.

(b)     With respect to the sales or transfers in any individual transaction or series
of related transactions to a single buyer or group of related buyers, of
(i) De Minimis Assets (that are not Fund Assets) with (x) an aggregate
selling price with respect to each investment of less than or equal to
US$1,000,000, as calculated within the Debtors' reasonable discretion
(upon consultation with the Consulting Professionals) and (y) a Confirmed
Investment Value (whether in one or a series of transactions) in the
Debtors' books and records of less than or equal to US$5,000,000, or

-4-

(ii) Fund Assets with (x) a funded Capital Commitment by any of the Debtors as limited partner of less than or equal to US$1,000,000 and (y) an aggregate selling price, as calculated within the Debtors' reasonable discretion (upon consultation with the Consulting Professionals), of less than or equal to US$1,000,000:

    (i)    the Debtors shall consult with (x) the Consulting Professionals and (y) the general partner of any Fund Asset, the investee entity with respect to any non-wholly-owned De Minimis Asset or the entity issuing securities or tokens, to the extent such tokens represent or would represent more than 7.5% of the available circulating supply, to the Debtors with respect to any De Minimis Asset (as applicable, the "<u>Investee Entity</u>"), in each case, in good faith at least five business days in advance of entering into any binding documentation to effect such transaction.  Any Investee Entity may, during such five business day consultation period, file an objection to the sale or transfer of such De Minimis Asset(s) or Fund Asset(s).  Any objections must (A) be in writing and state with specificity the basis for objecting and (B) be filed with the Court and served on counsel to the Debtors by 4:00 p.m. (prevailing Eastern Time) on the last day of such five business day consultation period (the "<u>Consultation Period Objection Deadline</u>");

    (ii)    if no written objection from any Investee Entity is filed with the Court and served on counsel to the Debtors by the Consultation Period Objection Deadline, the Debtors are authorized to consummate such transactions without further order of the Court or notice to any party if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interests of their estates.  If any Investee Entity files with the Court and serves on counsel to the Debtors a written objection to any such Sale or transfer by the Consultation Period Objection Deadline, then the relevant De Minimis Asset(s) or Fund Asset(s) shall only be sold or transferred upon withdrawal of such objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or further order of the Court;[4]

    (iii)    any such transactions shall be subject to the terms of the documentation executed in connection with such transaction, which documentation may (but is not required to) include provisions that the buyers are taking the De Minimis Assets or Fund Assets, as applicable, "as is" and "where is," without any

---

[4] The Debtors may use the Sale Procedures set forth in paragraph 3(c) for a sale or transfer of De Minimis Assets or Fund Assets in this category in their discretion or if the buyer or transferee requires the protections afforded by such procedures.

representations or warranties from the Debtors as to the quality or fitness of such De Minimis Assets or Fund Assets, as applicable, and shall be free and clear of all liens, claims, interests and encumbrances, with any such liens, claims, interests and encumbrances attaching only to the sale proceeds with the same validity, extent and priority as immediately prior to the sale;

(iv)    each purchaser shall be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser;

(v)    if the Debtor intends to seek to assume, assume and assign or reject any executory contract in connection with such sale, the Debtors shall give written notice thereof (the "Contract Assignment Notice"), which notice shall be by email or, if email is not available, by overnight mail, at least ten days prior to such assumption, assumption and assignment or rejection, to the non-Debtor counterparties to such  executory contracts and their counsel, if known, and be filed with the Court.  The Contract Assignment Notice will specify: (A) the executory contracts, if any, that the Debtors propose to assume, assume and assign, or reject as part of the proposed sale; (B) for any assumption or assumption and assignment of an executory contract, the amounts required to cure any defaults pursuant to section 365(b) of the Bankruptcy Code (collectively, the "Cure Amounts"); and (C) if an executory contract is to be assigned, a statement regarding the adequate assurance of future performance by the proposed purchaser, consistent with section 365 of the Bankruptcy Code;

(vi)    objections to such assumptions, assumptions and assignments or rejections of executory contracts set forth in the Contract Assignment Notice must (A) be in writing and state with specificity the basis for objecting and (B) be filed with the Court and served (which service may be by email) on (x) counsel to the Debtors, (1) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Mitchell S. Eitel (eitelm@sullcrom.com), Audra D. Cohen (cohena@sullcrom.com) and Brian E. Hamilton (hamiltonb@sullcrom.com) and (2) Landis Rath & Cobb LLP, 919 N. Market St., Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com), and (y) counsel to the Official Committee, (1) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kristopher M. Hansen (krishansen@paulhastings.com), Luc A. Despins (lucdespins@paulhastings.com), Erez E. Gilad (erezgilad@paulhastings.com), Gabriel E. Sasson (gabesasson@paulhastings.com) and Samantha Martin (samanthamartin@paulhastings.com) and (2) Young Conaway

Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware, 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com) (collectively, the "<u>Objection Notice Parties</u>") within ten days of the service of such Contract Assignment Notice at 4:00 p.m. (prevailing Eastern Time) (the "<u>Contract Objection Deadline</u>"); and

(vii)    if no written objection from the non-Debtor counterparty to the executory contract is filed with the Court and served on counsel to the Debtors by the Contract Objection Deadline, then the Debtors are authorized to immediately consummate the assumptions, assumptions and assignments or rejections of such executory contracts. If the non-Debtor counterparty files with the Court and serves on counsel to the Debtors a written objection to any such sale or transfer or any related assumptions, assumptions and assignments or rejections of executory contracts by the Contract Objection Deadline, then the relevant executory contract shall only be assumed, assumed or assigned or rejected upon withdrawal of such objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or further order of the Court.

(c)    With respect to the sales or transfers in any individual transaction or series of related transactions to a single buyer or group of related buyers, of (i) De Minimis Assets (that are not Fund Assets) with (x) an aggregate selling price greater than US$1,000,000 but less than or equal to US$5,000,000, as calculated within the Debtors' reasonable discretion (upon consultation with the Consulting Professionals) and (y) a Confirmed Investment Value (whether in one or a series of transactions) in the Debtors' books and records of less than or equal to US$25,000,000, (ii) Fund Assets with an aggregate selling price, as calculated within the Debtors' reasonable discretion (upon consultation with the Consulting Professionals), of less than or equal to US$10,000,000, and either (x) a funded Capital Commitment by any of the Debtors as limited partner of greater than US$1,000,000 but less than or equal to US$10,000,000 or (y) outstanding or defaulted Capital Call obligations at the time of the proposed sale of no more than $10,000,000:

(i)    the Debtors are authorized to consummate such transactions without further order of the Court if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interests of their estates, subject to the procedures set forth herein;

(ii)    the Debtors shall consult with the Consulting Professionals in good faith at least five business days in advance of entering into any binding documentation to effect such transaction;

(iii)    the Debtors shall, at least ten days prior to closing or effectuating such sale or transfer, file and serve written notice (by email or, if email is not available, by overnight mail) of such sale or transfer (each notice, a "<u>Sale Notice</u>"), to the following parties and their counsel, if known, and shall file the Sale Notice with the Court: (A) the U.S. Trustee; (B) counsel to the Official Committee; (C) any known affected creditor(s) asserting a lien, claim or encumbrance against, or interest in, the relevant De Minimis Asset(s) or Fund Asset(s), as applicable; (D) the non-Debtor counterparties to all executory contracts that the Debtors propose to assume, assume and assign, or reject in connection with such sale, as applicable; (E) the Investee Entity, (F) any party that has expressed an interest in purchasing the relevant De Minimis Asset(s) or Fund Asset(s), as applicable, during the last six months; G) any interested or affected governmental or regulatory entity; and (H) any other party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Sale Notice Parties</u>");

(iv)    the content of the Sale Notice shall consist of: (A) identification of each De Minimis Asset or Fund Asset, as applicable, being sold or transferred; (B) identification of the Debtor(s) that directly own such asset and the relevant silo that holds such asset; (C) identification of the purchaser of the De Minimis Asset(s) or Fund Asset(s), as applicable; (D) the purchase price; (E) with respect to De Minimis Assets, the Confirmed Investment Value of the relevant De Minimis Asset, if known, or other value of such De Minimis Asset in the Debtors' books and records; (F) with respect to Fund Assets, the Debtor's total funded and unfunded Capital Commitment for such Fund Asset; and (G) any other significant terms and conditions of the sale or transfer;[5]

(v)    in addition, the Sale Notice will specify: (A) the executory contracts, if any, that the Debtors propose to assume, assume and assign, or reject as part of the proposed sale; (B) the Cure Amount for any assumption or assumption and assignment of an executory contract; and (C) if an executory contract is to be assigned, a statement regarding the adequate assurance of future performance by the proposed purchaser, consistent with section 365 of the Bankruptcy Code;

(vi)    objections to the sale or transfer of De Minimis Asset(s) or Fund Asset(s) or any related assumptions, assumptions and assignments or rejections of executory contracts set forth in the Sale Notice must (A) be in writing and state with specificity the basis for objecting and (B) be filed with the Court and served (which service may be by email) on the Objection Notice Parties within ten days

---

[5]    A proposed form of Sale Notice is attached to the Order as <u>Exhibit 1</u>.

of the service of such Sale Notice at 4:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline");

(vii)      if no written objection from any of the Sale Notice Parties is filed with the Court and served on counsel to the Debtors by the Sale Objection Deadline, then the Debtors are authorized to immediately consummate such Sale or transfer and any related assumptions, assumptions and assignments or rejections of executory contracts;

(viii)      if any party in interest files with the Court and serves on counsel to the Debtors a written objection to any such Sale or transfer or any related assumptions, assumptions and assignments or rejections of executory contracts by the Sale Objection Deadline, then the relevant De Minimis Asset(s) or Fund Asset(s) shall only be sold or transferred upon withdrawal of such objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or further order of the Court;

(ix)      if the terms of a proposed Sale or transfer are materially amended after transmittal of the Sale Notice but prior to the Sale Objection Deadline, the Debtors shall file and serve written notice (by email or, if email is not available, by overnight mail) of the revised Sale Notice to the Sale Notice Parties. The Sale Objection Deadline will be extended such that parties in interest will have an additional seven days to object in accordance with the Sale Procedures;

(x)      any such transactions shall be subject to the terms of the documentation executed in connection with such transaction, which documentation may (but is not required to) include provisions that the buyers are taking the De Minimis Assets or Fund Assets, as applicable, "as is" and "where is," without any representations or warranties from the Debtors as to the quality or fitness of such De Minimis Assets or Fund Assets, as applicable, and shall be free and clear of all liens, claims, interests and encumbrances, with any such liens, claims, interests and encumbrances attaching only to the sale proceeds with the same validity, extent and priority as immediately prior to the sale; and

(xi)      each purchaser shall be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

4.      Pursuant to section 363(f) of the Bankruptcy Code, any sale of De Minimis Assets and Fund Assets in accordance with this Order shall be free and clear of any liens, claims, encumbrances and interests, with any such liens, claims, encumbrances and interests to attach to the proceeds of such sale with the same validity, priority, force and effect as

such liens, claims, encumbrances and interests had on the sold assets immediately prior to the sale, subject to the rights, claims, defenses and obligations, if any, of the Debtors and all interested parties with respect to any such asserted liens, claims, encumbrances and interests.

5.      Upon the closing of a sale or transfer of a De Minimis Asset or Fund Asset, the Debtors may assume, assume and assign, or reject any executory contract and pay the Cure Amounts.  The non-Debtor parties to any executory contracts are hereby barred from asserting any further claims in respect of such executory contracts after the applicable Sale Objection Deadline.

6.      With respect to executory contracts to be assumed, or assumed and assigned, as part of the sale or transfer under the Sale Procedures and this Order, any adequate assurance of future performance shall be provided, and any Cure Amounts paid, consistent with section 365 of the Bankruptcy Code.

7.      The Sale Procedures shall not apply to any sale of De Minimis Assets or Fund Assets to an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

8.      The Sale Procedures shall not apply to the sale of any causes of action against any current or former employee, director, officer or professionals of the Debtors, and the Debtors shall not sell or release any causes of action against any current or former employee, director, officer or professionals of the Debtors in connection with any sale of De Minimis Assets or Fund Assets.  For the avoidance of doubt, the Debtors may release causes of action against the applicable investee entity and the purchaser of any De Minimis Assets or Fund Assets in connection with such purchase, *provided, however*, that if the Debtors release or sell causes of action, the Debtors shall comply with the procedures set forth in paragraph 3(c) and file and

serve a Sale Notice in the form attached to this Order as Exhibit 1 that specifies any releases or

sale of causes of action in connection with a sale of De Minimis Assets or Fund Assets,

regardless of the amount of the aggregate selling price or the Confirmed Investment Value of any

De Minimis Asset or the aggregate selling price or the funded Capital Commitment of any Fund

Asset.

9.      To the extent the Debtors are aware of any person or entity who asserts a

lien on any De Minimis Asset or Fund Asset, the Debtors shall comply with the procedures set

forth in paragraph 3(c) and serve on such person or entity and their counsel, if known, a Sale

Notice in the form attached to this Order as Exhibit 1, regardless of the amount of the aggregate

selling price or the Confirmed Investment Value of any De Minimis Asset or the aggregate

selling price or the funded Capital Commitment of any Fund Asset.

10.      The absence of a timely objection to the sale or transfer of the De Minimis

Assets or Fund Assets, as applicable, in accordance with the Sale Procedures and the terms of

this Order shall constitute "consent" to such sale or transfer free and clear of Liens and Claims

within the meaning of section 363(f)(2) by any party asserting liens, claims, encumbrances

against, and other interests in, any De Minimis Assets or Fund Assets, as applicable.

11.      All rights of all parties in interest in these cases, including non-Debtor

contract counterparties, to object to a sale or transfer of the De Minimis Assets or Fund Assets or

assumption, assumption and assignment or rejection of executory contracts, as applicable, in

accordance with the Sale Procedures are hereby expressly reserved (notwithstanding paragraphs

51 and 52 of the Motion).

12.      The Debtors are authorized to take any action that is reasonable and

necessary to close the Sales and to obtain the proceeds thereof, including, without limitation,

paying reasonable and necessary fees and expenses to agents, brokers and dealers, and liquidators.

13.     During these Chapter 11 Cases, the Debtors shall file, and serve on the U.S. Trustee, the Committee and the Consulting Professionals, and all parties that have requested notice pursuant to Bankruptcy Rule 2002, a written report within 10 days after each calendar month (to the extent Sales were consummated in the relevant month) concerning any sales or transfers made pursuant to this Order (including, as to each asset sold: the identity of such asset; the identity of the Debtor who owned the asset; which silo such Debtor is a part of; the name of the purchasing party, their relationship to the Debtors, if any; the amount paid by the purchasing party for the asset; the Confirmed Investment Value for each De Minimis Asset; the Debtors' funded Capital Commitment and unfunded Capital Commitment for each Fund Asset; and the commission, fees, or other expenses paid in connection with the sale of such asset, and to whom such commission, fees, or other expenses were paid).  The Debtors' reporting obligations with respect to Sales shall terminate following the Debtors' filing of such a report (and serving a copy thereof on the U.S. Trustee, the Committee, the Consulting Professionals and all parties that have requested notice pursuant to Bankruptcy Rule 2002) 10 days after the effective date of a confirmed chapter 11 plan (for the calendar month in which the plan became effective).

14.     If any Debtor seeks to sell all or substantially all of its assets (other than where the assets being sold are comprised solely of a Debtor's interest in a non-Debtor subsidiary), no later than 14 days prior to closing or effectuating such sale, that Debtor shall file Schedules and Statements with appropriate disclosures regarding any limitations of the information contained therein of the applicable selling Debtor and, if the selling Debtor is selling interests in a Debtor subsidiary, any such applicable Debtor subsidiary.   If a Debtor seeks to sell

all or substantially all of such Debtor's equity interest in a non-Debtor subsidiary, no later than

14 days prior to closing or effectuating such sale, the Debtors shall file the Rule 2015.3 Report

with appropriate disclosures regarding any limitations of the information contained therein with

respect to such non-Debtor subsidiary.

15.     <u>Objections</u>.  All objections to the Motion solely as it relates to the relief

granted by this Order that have not been adjourned, withdrawn or resolved are overruled in all

respects on the merits.

16.     <u>Noticing Procedures</u>.  The noticing procedures as set forth in this Order,

including the form of Sale Notice attached hereto as <u>Exhibit 1</u>, are hereby approved.  Within

three business days after entry of this Order, the Debtors shall serve this Order, together with all

attachments, by first-class mail (and/or by email, as applicable) upon   (a) the U.S. Trustee;

(b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal

Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for

the District of Delaware; and (g) to the extent not listed herein, those parties requesting notice

pursuant to Bankruptcy Rule 2002.  On or about the same date, the Debtors shall publish this

Order on the Debtors' case information website (located at

https://restructuring.ra.kroll.com/FTX).  Service of this Order and as applicable, the Sale Notice

on the Sale Notice Parties and publication thereof in the manner described in this Order, to the

extent required by the Sale Procedures, constitutes good and sufficient notice of the Debtors'

proposed sale of the De Minimis Assets and Fund Assets free and clear of any liens, claims,

interests and encumbrances, pursuant to Bankruptcy Code section 363(f).  No other or further

notice is required, except as otherwise set forth herein.

17.     All persons or entities that participate in the sale process shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Sale Procedures.

18.     The Debtors are authorized to make investment and governance decisions as set forth in paragraph 22 of the Motion with respect to their investment portfolio (for the avoidance of doubt, not including sales of investments, except as set forth herein or in another order of the Court), including the payment of third party management fees in amounts that are reasonable and customary for investments of such type, in the ordinary course of business; provided, that the Debtors shall give written notice of any such decision to the Consulting Professionals reasonably in advance of such decision and consult in good faith with the Consulting Professionals with respect to such decision; provided, further, that the authorization to make investment and governance decisions pursuant to this paragraph shall not include (i) the funding of any Capital Calls or the provision of financing or funding by the Debtors (not including management fees) to any investee company or (ii) the incurrence of any fees, costs or expenses (not including management fees) by the Debtors to such investee companies and/or their representatives (such decisions described in this proviso, "Additional Investment Funding").

19.     The Debtors are authorized to make any Additional Investment Funding up to $10,000,000 in the aggregate across all of the Debtors' investments in the ordinary course of business; provided that (i) the Debtors may make any such Additional Investment Funding up to $200,000 in a single transaction or series of related transactions or $2,500,000 in the aggregate across all of the Debtors' investments in the Debtors' discretion (upon reasonable notice and consultation with the Consulting Professionals) and (ii) with respect to any investment for which

the Additional Investment Funding exceeds the thresholds specified in clause (i), (x) the Debtors shall consult with the Consulting Professionals in good faith at least three business days in advance of making any such Additional Investment Funding, and (y) in the event the Official Committee objects to any such Additional Investment Funding, the Debtors agree that the Official Committee may seek relief from the Court on an expedited basis (subject to the Court's availability), and such Additional Investment Funding shall be subject to resolution by the Court.

20.     Nothing in this Order shall affect or modify the Debtors' obligations under the *Final Order (I) Authorizing the Debtors to (A) Operate a Postpetition Cash Management System, (B) Maintain Existing Business Forms and (C) Perform Intercompany Transactions, (II) Granting a Partial Waiver of the Deposit Guidelines Set Forth in Section 345(b) and (III) Granting Certain Related Relief* [D.I. 488].

21.     The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order (excluding, for the avoidance of doubt, the payment of any amounts or the incurrence of any fees, costs or expenses to such investee companies and/or their representatives except as expressly contemplated by this Order).

22.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Sale Procedures Hearing, nothing in the Motion, this Order, or announced at the Sale Procedures Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

23.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

25.     The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

26.     This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

27.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

**Dated: February 13th, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**