# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF SERVICE OF SUBPOENA

**PLEASE TAKE NOTICE** that on February 8, 2023, a true and correct copy of the *Subpoena for Rule 2004 Examination* was served via electronic mail on the following:

| | |
|---|---|
| **Nishad Singh**<br>C/o Andrew D. Goldstein, Esq.<br>Cooley LLP<br>1299 Pennsylvania Avenue, NW<br>Suite 700<br>Washington, DC 20004-2400<br>agoldstein@cooley.com | **Russell Capone, Esq.**<br>Cooley LLP<br>55 Hudson Yards<br>New York, NY 10001-2157<br>rcapone@cooley.com |

Dated: February 14, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: mcguire@lrclaw.com

*Counsel for the Debtors
and Debtors-in-Possession*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0070010.}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

### SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Nishad Singh**
**C/o Andrew D. Goldstein, Esq.**
**Cooley LLP**
**1299 Pennsylvania Avenue, NW**
**Suite 700**
**Washington, DC 20004-2400**
**agoldstein@cooley.com**

**-and-**

**Russell Capone, Esq.**
**Cooley LLP**
**55 Hudson Yards**
**New York, NY 10001-2157**
**rcapone@cooley.com**

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  **See Attachment A**

| PLACE | DATE AND TIME |
|---|---|
| Sullivan & Cromwell LLP, 125 Broad Street, NY, NY 100004-2498, Attn: Christopher J. Dunne, Esq. | February 16, 2023 at 9:00 A.M. |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached– Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

The name, address, email address, and telephone number of the attorney representing <u>FTX Trading Ltd., et al.</u>, who issues or requests this subpoena, are:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Date: February 8, 2023

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Counsel to the Debtors and Debtors-in-Possession*

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): _____
on (date) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                                                *Server's signature*

                                                                               *Printed name and title*

                                                                               *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **EXHIBIT A**

## DEBTORS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO NISHAD SINGH

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, FTX Trading Ltd., and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby serves the following requests for production of documents or categories of documents to Nishad Singh, to be produced to the Debtors in accordance with the Definitions and Instructions below (the "Requests").

## DEFINITIONS

1. The term "**Alameda**" refers to, collectively, Alameda Research LLC and its subsidiary Debtors.

2. The term "**any**" means "each and every," "any and all," and "any one."

3. The term "**Bahamian Authority**" shall refer to the Securities Commission of the Bahamas, the Office of the Attorney General and Ministry of Legal Affairs of the Bahamas, the Office of the Prime Minister of the Bahamas, and any other Person associated with or acting as an agent of the Commonwealth of the Bahamas.

4. The term "**Binance**" refers to, collectively, Binance Holdings Ltd., and any affiliated entities including Binance Capital Management Co., Ltd. and those doing business as CoinMarketCap, Sakura Exchange, and Binance.US.

5. The term "**concerning**" is to be understood in its broadest sense and means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, or comprising the subject matter identified.

6. "**Communication**" shall mean the transmittal of facts, ideas, thoughts, opinions,

data, inquiries or otherwise and includes correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp, or other similar application), voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, e-mail and postings of any type. A Request for Documents concerning any Communication among or between specified parties includes a Request for any Communication among or between such parties, whether or not such Communication included or was directed to any other Person.

7. The term "**Debtors**" refers to, collectively, FTX Trading Ltd. and affiliated debtors and debtors-in-possession,[1] including Alameda Research LLC, which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 cases.

8. The term "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), made applicable by Federal Rule of Bankruptcy Procedure 7034, and includes audio files, electronic text, e-mail message (including draft and deleted e-mail messages and all attachments to any e-mail message), text messages, spreadsheets, Communications, and other computerized data (together with all ancillary agreements and Documents related thereto, including any easement, deed of trust, memorandum of lease, release, settlement, guarantee, assignment, assumption, plan, financing statement, notice, or other agreement or other Document entered into or filed in connection therewith). This includes any written, recorded, or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tape, film, computer, electronic storage devices, or any other media and includes papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes,

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

e-mail, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp or other similar application), reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, lists, logs, publications, notices, diagrams, instructions, diaries, meeting minutes, orders, resolutions, agendas and memorials, or notes of oral Communications, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not. A request for all Documents concerning a particular subject matter includes within its scope all Communications concerning that subject matter. A draft or non-identical copy is a separate Document within the meaning of this term.

9. The term "**Emergent**" means Emergent Fidelity Technologies Ltd.

10. The term "**FTX Entities**" means collectively all affiliates of the Debtors that have not filed voluntary Chapter 11 petitions in the United States under the Bankruptcy Code.

11. The term "**FTX Group**" means collectively the Debtors and the FTX Entities.

12. The term "**including**" means "including, but not limited to," and "including, without limitation." It shall not be construed to limit the scope of any definition or Request herein.

13. The term "**Modulo**" shall refer to Modulo Holdings Inc., Modulo Capital Inc., and Modulo Capital Alpha Fund LP and all representatives, agents, advisors, and all other Persons or entities acting or purporting to act on any of their behalves.

14. The term "**Person**" includes both the singular and the plural, and means any natural Person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, firm, trust, estate, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof, or any other

organization or entity.

15. The term "**Token**" is to be understood in its broadest sense and means any virtual currency Token or a denomination of a cryptocurrency.

16. The term "**Wallet**" refers to any device, program or network address that holds any cryptocurrency or cryptocurrency key.

17. The term "**You**" or "**Your**" shall refer to Mr. Nishad Singh and all representatives, agents, advisors, and all other Persons or entities acting or purporting to act on Your behalf.

18. Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope: (i) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (ii) the use of a word in its singular form shall be deemed to include within its use the plural form as well; and (iii) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

19. These Requests are continuing and require supplemental responses if You or another Person or entity acting on Your behalf obtain additional information between the time of the original response and the conclusion of the Debtors' Chapter 11 proceedings (or any adversarial proceeding arising therefrom).

20. The Debtors reserve the right to supplement, amend, and clarify these Requests at any time.

## INSTRUCTIONS

1.     Except as otherwise noted, this Request requires the production of Documents created in or referencing the time period beginning from January 1, 2019 and continuing until the present (the "**Relevant Period**").

2.     All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of any protective or confidentiality orders entered by the Court.

3.     Please respond separately to each Request and produce all Documents responsive to the Requests that are within Your possession, custody, or control, or in the possession, custody, or control of any other Person or entity acting or purporting to act on Your behalf.

4.     If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify: (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

5.     If there are no Documents responsive to any particular Request, please state so in writing.

6.     Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

7.     Please answer each Request separately and fully.

8.     If You contend that any information requested in a Request is privileged or otherwise immune from discovery, or if any Document is withheld from production based on a claim of privilege, immunity, or other ground, please furnish a log specifying: (a) the nature of

the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state or foreign law, the specific state or foreign privilege rule being invoked; and (b) unless divulgence of such information would cause disclosure of the allegedly privileged information, (i) the type of Document, (ii) the general subject matter of the Document, (iii) the date of the Document, and (iv) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the Document.

9. If a portion of an otherwise responsive Document contains information subject to a claim of privilege or protection, only that portion of the Document subject to such claim shall be redacted from the Document and the rest shall be produced.

10. In the event any Document responsive to any Request has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all Persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, Signal message); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the Persons authorizing and carrying out such destruction or discarding of the Document.

11. Please produce all Documents in the manner in which they are maintained in the ordinary course.

12. If any part of a Document is responsive to these Requests, the entire Document shall be produced, including any and all file folders within which the Document was contained,

transmittal sheets or memoranda, cover letters, exhibits, enclosures, comments or attachments to the Document in addition to the Document itself. For the avoidance of doubt, in the case of e-mail attachments, if either the e-mail or any of its attachments is responsive, produce the e-mail and all of the attachments.

13. All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

14. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

15. If You claim any ambiguity in interpreting a Request, definition, or instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous, and shall comply with any portion of the Request that You do not contend is ambiguous.

## DOCUMENTS TO BE PRODUCED

1. All Documents concerning any assets of the FTX Group, Emergent, or Modulo, or any of their respective customers or other creditors, or any funds, fiat currency, Tokens or other digital assets, or other items of value transferred by, to, or from, or encumbered by the FTX Group, Emergent, or Modulo.

2. All Documents concerning any payments, digital assets, real estate, fiat currency, or other assets that You received from any of the entities in the FTX Group, Emergent, or Modulo, or from any Person associated with the FTX Group, Emergent, or Modulo.

3.   All Documents concerning Mr. Samuel Bankman-Fried's decision to resign his positions with the FTX Group and to appoint John J. Ray III as CEO of the FTX Group, including Your involvement in those decisions.

4.   All Documents concerning the FTX Group's, Emergent's, or Modulo's business operations and financial performance.

5.   All Documents concerning Your personal finances, including any investments, bank accounts, Wallets, securities brokerage accounts or similar holdings to which You had access, or the ability to direct someone to access, during the Relevant Period, and all statements, transaction records and other Documents associated therewith.

6.   Documents sufficient to show the hosting exchanges or protocols for all Wallet addresses or accounts of any type owned, controlled by, or used by anyone trading or working on behalf of, or held in the name of or for the benefit of the FTX Group, Emergent or Modulo.

7.   Documents sufficient to identify all bank accounts, depository accounts, payment process service accounts, brokerage accounts, or cryptocurrency exchange accounts owned, controlled by, or used by anyone working on behalf of, or held in the name of or for the benefit of, the FTX Group, Emergent, or Modulo.

8.   All Documents concerning any audit of any of the FTX Group, Emergent or Modulo.

9.   All Documents reflecting public addresses of any Wallet held by You, the FTX Group, Emergent, or Modulo, or any Person associated with them.

10.   All Documents concerning the corporate structure, corporate governance policies or practices, corporate formalities, or appointment and or removal of officers and directors of any of the FTX Group, Emergent, or Modulo.

11. All Documents concerning Samuel Bankman-Fried's control, influence, or role at Alameda.

12. All Documents concerning the transfer of assets through or among the FTX Group, Emergent, or Modulo, including internal policies and procedures regarding such transfers.

13. All Documents concerning the FTX Group's risk management and automated liquidation systems, processes, and policies, including all Documents concerning how those systems, processes, and policies applied or did not apply to Alameda.

14. All Documents concerning payment by the FTX Group, Emergent, or Modulo, for any goods or services for the use or benefit of You or any of the following individuals:

- Barbara Fried
- Brett Harrison
- Can Sun
- Caroline Ellison
- Claire Watanabe
- Daniel Friedberg
- George Lerner
- John Samuel Trabucco
- Joseph Bankman
- Luk Wai "Jen" Chan
- Nathaniel Parke
- Ramnik Arora
- Ryan Salame
- Ryne Miller
- Samuel Bankman-Fried

- Zhe "Constance" Wang
- Zixiao "Gary" Wang

15. All Communications between You and any of the following individuals concerning the FTX Group, Emergent, or Modulo:

- Barbara Fried
- Brett Harrison
- Can Sun
- Caroline Ellison
- Claire Watanabe
- Daniel Friedberg
- George Lerner
- John Samuel Trabucco
- Joseph Bankman
- Luk Wai "Jen" Chan
- Nathaniel Parke
- Ramnik Arora
- Ryan Salame
- Ryne Miller
- Samuel Bankman-Fried
- Zhe "Constance" Wang
- Zixiao "Gary" Wang

16. All Documents concerning the minting or transfer of any assets (including Tokens) to, or at the direction of, any Bahamian Authority, or any Person affiliated with any Bahamian Authority, including all related Communications.

17. All Communications with any Bahamian Authority.

18. All Documents concerning any investments in or transactions with Moonstone Bank (previously known as Farmington State Bank) by or on behalf of You or the FTX Group.

19. All Documents concerning any payments or other transfers of value to any political campaigns, politicians, government officials, political action committees, political parties, or Persons affiliated with the foregoing made directly or indirectly by You, any member of Your family, the FTX Group, Emergent, Modulo, or any officer, director, employee or contractor of the FTX Group, Emergent, Modulo, including Samuel Bankman-Fried, Zixiao "Gary" Wang, Caroline Ellison, or Ryan Salame.

20. All Documents concerning any payments or other transfers of value to charities, non-governmental organizations, or similar entities or Persons affiliated with the foregoing made directly or indirectly by You, any member of Your family, the FTX Group, Emergent, Modulo, , or any officer, director, employee or contractor of the FTX Group, Emergent, Modulo, including Samuel Bankman-Fried, Zixiao "Gary" Wang, Caroline Ellison, or Ryan Salame.

21. All Documents concerning Your, Emergent's, Modulo's or the FTX Group's retention or destruction of Documents during the Relevant Period.

22. Documents sufficient to identify any social media, e-mail, and any other messaging accounts (including Signal) used or controlled by You during the Relevant Period.

23. All Communications sent or received from personal e-mail accounts (including Gmail) or instant messaging accounts concerning the FTX Group, Emergent, or Modulo, or assets of the FTX Group, Emergent, or Modulo.

24. All Documents concerning any potential purchase of, investment in, or divestiture from any of the FTX Group entities by Binance or any of Binance's directors, officers, or

controlling owners, or concerning any potential partnership or other transactions between any of the Debtors and Binance or any of Binance's directors, officers, or controlling owners, including the Letter of Intent signed November 8, 2022.

25. All Documents concerning any attempts after January 1, 2022 to procure funding or debt or equity investments for the FTX Group.

26. All Documents concerning any contemplated, potential, or actual purchases of real estate by or for the permanent or temporary use of any current or former officers, directors, employees, or contractors of the FTX Group, Emergent, or Modulo, or for their friends, families, or other Persons.

27. All Documents concerning any unauthorized accesses to the systems or digital assets of the FTX Group, including any access taking place on November 11, 2022 and November 12, 2022 not authorized by the Debtors.

28. All Communications and Documents involving Amazon Web Services, Inc. ("AWS") and/or Amazon.com, Inc., for the period December 1, 2020 through and including December 1, 2022, concerning any cloud computing account or service.

29. All Communications and Documents involving or concerning You regarding any account (including financial, email or social media accounts) for which You are an accountholder and/or an authorized user, for the period October 20, 2022 to November 20, 2022.

30. All Communications and Documents concerning the use, control and/or ownership of Your phone with phone number ending -0590 for the period October 20, 2022 through and including November 20, 2022.

31. All Documents concerning venture capital or other investments made by You or the FTX Group including Alameda's investment into Genesis Digital.

32. All Documents concerning the impact of the collapse of TerraUSD and LUNA on the FTX Group.

33. All Documents concerning the impact of the collapse of Three Arrows Capital (3AC) on the FTX Group.

34. All Documents concerning any minting, trading, lending, or borrowing activities involving FTT Tokens or Serum Tokens by any entities within the FTX Group.