**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| FTX TRADING LTD., et al.,[1] | ) Case No. 22-11068 (JTD) |
| | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Ref. Docket Nos. 481, 482, 680 & 696** |

<u>**CERTIFICATION OF COUNSEL**</u>

On January 11, 2023, the Official Committee of Unsecured Creditors (the

"<u>Committee</u>") appointed in the above-captioned chapter 11 cases of the above-captioned debtors

and debtors in possession filed the *Application for an Order Authorizing the Retention and*

*Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured*

*Creditors Effective as of December 22, 2022* [Docket Nos. 481 (redacted) & 482 (sealed)] (the

"<u>Application</u>").  A proposed form of order approving the Application was attached to the

Application as Exhibit A (the "<u>Proposed Order</u>").  The deadline to file objections or otherwise

respond to the Application was established as January 25, 2023 at 4:00 p.m. (ET) (as may have

been extended, the "<u>Objection Deadline</u>"), and was extended for the Office of the United States

Trustee for the District of Delaware (the "<u>U.S. Trustee</u>").

Prior to the Objection Deadline, the U.S. Trustee filed the *Objection of the United*

*States Trustee to the Application for an Order Authorizing the Retention and Employment of FTI*

*Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

*as of December 22, 2022* [Docket No. 680] (the "Objection"). No other informal responses or objections to the Application were received.

Following discussions with the U.S. Trustee, the Committee agreed to a revised form of order (the "Revised Proposed Order") approving the Application, a copy of which is attached hereto as **Exhibit A**. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**. The Committee also filed the *Supplemental Declaration of Steven Simms in Support of the Application for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors* [Docket No. 696] on February 13, 2023, and, contemporaneously herewith, the Committee has also filed the *Second Supplemental Declaration of Steven Simms in Support of the Application for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors* (together, the "Supplemental Declarations"). The Revised Proposed Order and the Supplemental Declarations resolve the U.S. Trustee's Objection with respect to the Application.

WHEREFORE, as the Committee did not receive any objections or responses other than as set forth herein, and the U.S. Trustee does not object to entry of the Revised Proposed Order, the Committee respectfully requests that the Court enter the Revised Proposed Order without further notice or a hearing at the Court's earliest convenience.

*Signature Page Follows*

30102118.1

Dated: February 14, 2023
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert F. Poppiti, Jr.*

Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
           rpoppiti@ycst.com

-and-

PAUL HASTINGS LLP
Kristopher M. Hansen*
Luc A. Despins*
Kenneth Pasquale*
Frank Merola*
Erez E. Gilad*
Gabriel E. Sasson*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
           lucdespins@paulhastings.com
           kenpasquale@paulhastings.com
           frankmerola@paulhastings.com
           erezgilad@paulhastings.com
           gabesasson@paulhastings.com

*Admitted pro hac vice

*Counsel to the Official Committee of Unsecured
Creditors*

## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | )    **Chapter 11** |
| **FTX TRADING LTD.,** *et al.*[1] | ) |
| | )    **Case No. 22-11068 (JTD)** |
| | )    **(Jointly Administered)** |
| Debtors. | ) |

**ORDER AUTHORIZING RETENTION OF**
**FTI CONSULTING, INC. AS FINANCIAL ADVISOR**
**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
<u>**EFFECTIVE AS OF DECEMBER 22, 2022**</u>

Upon the application (the "<u>Application</u>") of the Official Committee of Unsecured Creditors

(the "<u>Committee</u>") of the above-captioned debtors and debtors in possession (collectively, the

"<u>Debtors</u>"), for an order under Bankruptcy Code section 1103 authorizing the Committee to retain

FTI Consulting, Inc. ( "<u>FTI</u>")[2], as its financial advisors; and upon the Simms Declaration,[3] the

Supplemental Simms Declaration and the Second Supplemental Simms Declaration in support of

the Application; and due and adequate notice of the Application having been given; and it

appearing that no other notice need be given; and objections (if any) to the Application having

been withdrawn, resolved or overruled on the merits; and it appearing that FTI neither holds nor

represents any interest materially adverse to the Debtors' estates; and it appearing that FTI is

"disinterested," as that term is defined in Bankruptcy Code section 101(14); and it appearing that

the relief set forth in this Order  is in the best interest of the Committee and it constituents, after

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    Professionals employed by certain subsidiaries of FTI will also be used in the engagement.

[3]    Capitalized terms used in this order not otherwise defined have the meaning given to them in the Application.

due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.      The Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code section 1103, the Committee is authorized to employ and retain FTI as its financial advisor effective as of December 22, 2022 on the terms set forth in the Application, as modified by this Order.

3.      FTI shall apply for compensation for professional services rendered and reimbursement of expenses incurred in accordance with Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the Local Rules of this Court, including Local Rule 2016-2, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 435], and any other applicable orders entered by the Court.

4.      Notwithstanding anything in the Application or any supporting declaration to the contrary, FTI shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid, subject to the limits set forth in Local Rule 2016-2(e).  In the event that, during the pendency of these chapter 11 cases, FTI seeks reimbursement of any legal fees, and/or expenses related to the Application and the preparation of future fee applications as approved by the Court, the invoices and supporting time records from such attorneys shall be included in FTI's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code; provided, however, that FTI shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in these chapter 11 cases.

5.      The following indemnification provisions are approved:

a.  subject to the provisions of subparagraphs (b), (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

b.  FTI shall not be entitled to indemnification, contribution or reimbursement pursuant to the Application for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

c.  The Debtors' estates shall have no obligation to indemnify FTI, or provide contribution or reimbursement to FTI, for any claim or expense to the extent it is either:  (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud; (ii) for a contractual dispute in which the Committee or the Debtors allege breach of FTI's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to applicable law or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI should not receive indemnity, contribution or reimbursement under the terms of the Application, as modified by this Order.

d.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors' estates on account of the indemnification, contribution and/or reimbursement obligations under the Application (as modified by this Order), including without limitation, the advancement of defense costs, FTI must file an application therefor in this Court, and the Debtors' estates may not pay any such amounts to FTI before the entry of an order by this Court approving the payment.  This subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the obligation of the Debtors' estates to indemnify, or make contributions or reimbursements to, FTI.  All parties

in interest shall retain the right to object to any demand by FTI for indemnification, contribution and/or reimbursement.

6.      FTI shall provide ten (10) days' notice to the Debtors, the U.S. Trustee, and the Committee in connection with any increase in the hourly rates listed in the Application. The U.S. Trustee, the Committee, and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.      Within fourteen (14) days (or as soon as reasonably practical thereafter) after any qualified bid deadline in these chapter 11 cases, FTI will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of FTI to such potential counterparties.

8.      Notwithstanding anything in the Application or the supporting declaration to the contrary, to the extent that FTI uses the services of independent or third-party contractors or subcontractors (collectively, the "Contractors") in these chapter 11 cases, and FTI seeks compensation for the services, costs or expenses of the Contractors, FTI shall (i) pass through the cost of such Contractors at the same rate that FTI pays the Contractors; (ii) seek reimbursement for actual costs of the Contractors only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for FTI; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

9.      Notwithstanding anything to the contrary in the Application or the Simms Declaration, the services to be provided by FTI shall not be performed by any entity other than FTI and its wholly owned subsidiaries.

10.      The entry of this Order shall not (i) impede the Court from directing relief with

respect to the scope of professional services in the event an examiner is subsequently appointed or (ii) prejudice or otherwise affect the rights of the U.S. Trustee to object to FTI's post-petition request for compensation and reimbursement on any and all grounds.

11.     FTI shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals.

12.     If there is any inconsistency between the terms of the Application, the Simms Declaration, and this Order, this Order shall govern.

13.     This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order, and the engagement of FTI in these chapter 11 cases.

**<u>EXHIBIT B</u>**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|                                    |     |                                |
|------------------------------------|-----|--------------------------------|
| In re:                             | )   |                                |
|                                    | )   | **Chapter 11**                 |
| **FTX TRADING LTD.,** *et al.*[1]  | )   |                                |
|                                    | )   | **Case No. 22-11068 (JTD)**    |
|                                    | )   | **(Jointly Administered)**     |
|                        Debtors.    | )   |                                |

**ORDER AUTHORIZING RETENTION OF**
**FTI CONSULTING, INC. AS FINANCIAL ADVISOR**
**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**EFFECTIVE AS OF DECEMBER 22, 2022**

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order under Bankruptcy Code section 1103 authorizing the Committee to retain FTI Consulting, Inc. ( "FTI")[2], as its financial advisors; and upon the Simms Declaration,[3] the Supplemental Simms Declaration and the Second Supplemental Simms Declaration in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and it appearing that FTI neither holds nor represents any interest materially adverse to the Debtors' estates; and it appearing that FTI is "disinterested," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application set forth in this Order is in the best

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. https://cases.ra.kroll.com/FTX.

[2]    Professionals employed by certain subsidiaries of FTI will also be used in the engagement.

[3]    Capitalized terms used in this order not otherwise defined have the meaning given to them in the Application.

interest of the Committee and ~~the Debtors' estates~~it constituents, after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code section 1103, the Committee is authorized to employ and retain FTI as its financial advisor effective as of December 22, 2022 on the terms set forth in the Application, as modified by this Order.

3. FTI shall ~~be compensated~~apply for compensation for professional services rendered and reimbursement of expenses incurred in accordance with ~~the procedures set forth in~~ Bankruptcy Code sections 330 and 331, the applicable Bankruptcy ~~Rule 2016, and any~~Rules, the Local Rules of this Court, including Local Rule 2016-2, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 435], and any other applicable orders entered by the Court.

4. ~~FTI is entitled to~~Notwithstanding anything in the Application or any supporting declaration to the contrary, FTI shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid, subject to the limits set forth in Local Rule 2016-2(e). In the event that, during the pendency of these chapter 11 cases, FTI seeks reimbursement of ~~actual and necessary expenses, including~~any legal fees, and/or expenses related to the Application and the preparation of future fee applications as approved by the Court~~.~~, the invoices and supporting time records from such attorneys shall be included in FTI's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy

Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code; provided, however, that FTI shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in these chapter 11 cases.

5.    The following indemnification provisions are approved:

a.    subject to the provisions of subparagraphs (b) and, (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

b.    FTI shall not be entitled to indemnification, contribution or reimbursement pursuant to the Application for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

c.    b. theThe Debtors' estates shall have no obligation to indemnify FTI, or provide contribution or reimbursement to FTI, for any claim or expense thatto the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud; (ii) for a contractual dispute in which the Committee or the Debtors allege breach of FTI's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to applicable law, or (iiiii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraudthe exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI isshould not entitled to receive indemnity, contribution or reimbursement under the terms of the Application, as modified by this Order; and.

d.    c. ifIf, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing thisthe chapter 11 casecases, FTI believes that it is entitled to the payment of any amounts by the Debtors' estates on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Application (as

modified by this Order), including, without limitation, the advancement of defense costs, FTI must file an application therefor in this Court, and the Debtors' estates may not pay any such amounts to FTI before the entry of an order by this Court approving the payment.  This subparagraph (ed) is intended only to specify the period of time under which the this Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, contribution and/or reimbursement, and not as a provision limiting the duration of the obligation of the Debtors' obligationestates to indemnify FTI, or make contributions or reimbursements to, FTI.  All parties in interest shall retain the right to object to any demand by FTI for indemnification, contribution and/or reimbursement.

6.    FTI shall provide ten (10) days' notice to the Debtors, the U.S. Trustee, and the Committee in connection with any increase in the hourly rates listed in the Application. The U.S. Trustee, the Committee, and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.    Within fourteen (14) days (or as soon as reasonably practical thereafter) after any qualified bid deadline in these chapter 11 cases, FTI will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of FTI to such potential counterparties.

8.    7. ToNotwithstanding anything in the Application or the supporting declaration to the contrary, to the extent that FTI uses the services of independent or third-party contractors or subcontractors (collectively, the "Contractors") in these chapter 11 cases, and FTI seeks to pass through the fees andcompensation for the services, costs or expenses of the Contractors, FTI shall (i) pass through the feescost of such Contractors at the same rate that FTI pays the Contractors and; (ii) seek reimbursement for actual costs of the Contractors only. In addition, FTI shall; (iii) ensure that the Contractors perform theare subject to the same conflicts checks

and file such disclosures as required by thefor FTI; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Code and Bankruptcy RulesRule 2014.

9.    Notwithstanding anything to the contrary in the Application or the Simms Declaration, the services to be provided by FTI shall not be performed by any entity other than FTI and its wholly owned subsidiaries.

10.    The entry of this Order shall not (i) impede the Court from directing relief with respect to the scope of professional services in the event an examiner is subsequently appointed or (ii) prejudice or otherwise affect the rights of the U.S. Trustee to object to FTI's post-petition request for compensation and reimbursement on any and all grounds.

11.    8. FTI shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals.

12.    9. If there is any inconsistency between the terms of the Application, the Simms Declaration, and this Order, this Order shall govern.

13.    10. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order, and the engagement of FTI in these chapter 11 cases.

Dated: _____, 2023
        Wilmington, Delaware

_____
THE HONORABLE JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE