IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | )    **Chapter 11** |
| **FTX TRADING LTD.,** *et al.*[1] | ) |
| | )    **Case No. 22-11068 (JTD)** |
| | )    **(Jointly Administered)** |
| Debtors. | ) |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT
OF JEFFERIES LLC AS INVESTMENT BANKER PURSUANT TO
11 U.S.C. §§ 328(a) AND 1103(a), EFFECTIVE AS OF DECEMBER 23, 2022
AND (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") for entry of an order (this "Order"), (a) authorizing the Committee to retain and employ Jefferies LLC ("Jefferies") as its investment banker effective as of December 23, 2022, pursuant to the terms and subject to the conditions of the Engagement Letter and (b) waiving and modifying certain of the time-keeping requirements of Bankruptcy Rule 2016(a), the Trustee Guidelines, and any other guidelines regarding submission and approval of fee applications, all as more fully set forth in the Application; and upon the Szlezinger Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Application.

pursuant to 28 U.S.C. § 157(b)(2); and the Committee consenting to entry of a final order by the Court under Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Committee and the Debtors' unsecured creditors; and this Court having found that the Committee's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Committee is authorized to retain and employ Jefferies as its investment banker in these Chapter 11 Cases, under sections 1103(a) and 328(a) of the Bankruptcy Code, pursuant to the terms and subject to the conditions set forth in the Engagement Letter attached hereto as **Exhibit 1**, effective as of December 23, 2022, as modified by this Order.

3. Subject to Paragraph 4 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code, except as expressly set forth in paragraph 4 below.

4. Jefferies shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable, and any other applicable orders and procedures of this Court; *provided*, *however*, that Jefferies shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Jefferies' fees and expenses shall not be evaluated under the reasonableness standard set forth in section 330 of the Bankruptcy Code, except that, notwithstanding any provisions to the contrary in this Order, the Application or any of its attachments, the United States Trustee for the District of Delaware (the "U.S. Trustee") shall retain all rights and be entitled to object to Jefferies' request(s) for fees and reimbursement of expenses, including but not limited to those set forth in interim and final fee applications, under the standards provided in sections 330 and 331 of the Bankruptcy Code.  The Committee and Jefferies further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Jefferies' fees and reimbursement requests under Bankruptcy Code sections 330 and 331.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Jefferies' fees and reimbursement requests.

5. Notwithstanding anything to the contrary in the Application or any of its attachments, including but not limited to the Engagement Letter, Jefferies shall comply with all requirements of Bankruptcy Rule 2016(a), and Local Rule 2016-2, including all information and time keeping requirements of subsection (d) of Local Rule 2016-2, except that Jefferies and its professionals shall be permitted to maintain time records of services rendered for the Committee in half-hour increments.

6. Notwithstanding anything to the contrary in the Application or any of its attachments, including but not limited to the Engagement Letter, no amounts shall be paid to Jefferies absent an order of this Court approving a fee application filed on notice to parties in interest in these Chapter 11 Cases under the procedures set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals (the "Compensation Order"). All fees paid to Jefferies are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of Jefferies' final fee application.

7. The provision set forth in section 13(b) of the Engagement Letter shall have no force or effect.

8. Notwithstanding anything to the contrary in the Application or any of its attachments, including but not limited to the Engagement Letter, Jefferies shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid, subject to the limits of Local Rule 2016-2(e).

9. In the event that, during the pendency of these Chapter 11 Cases, Jefferies requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Jefferies' fee applications, and such invoices and time records shall be in compliance with Local Rule 2016-2(f) and the U.S. Trustee Guidelines and subject to approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 1103 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Jefferies shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

10. The indemnification, contribution, and reimbursement provisions included in Schedule A to the Engagement Letter are approved, subject during the pendency of these Chapter 11 Cases to the following modifications:

    a. No Indemnified Person (as that term is defined in Schedule A to the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for claims arising from services, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court;

    b. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors' estates shall have no obligation to indemnify any person or entity or provide contribution or reimbursement to any person or entity for any claim or expense to the extent it is either (i) judicially determined (the determination having become final) to have arisen from that person's or entity's gross negligence, willful misconduct, or bad faith, or (ii) for a contractual dispute in which the Debtors' estates or the Committee allege breach of the obligations of Jefferies or another Indemnified Person under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to applicable law, or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

    c. During the course of these Chapter 11 Cases, any limitation of liability provisions or limitation on amounts to be contributed provisions in the Engagement Letter or otherwise shall have no force or effect; and

    d. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Jefferies or another Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors' estates on account of the indemnification, contribution or reimbursement obligations of the Debtors' estates under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Jefferies must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; provided, however, that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of

the obligation of the Debtors' estates to indemnify Jefferies or any other Indemnified Person. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution and/or reimbursement.

11. Notwithstanding anything to the contrary in the Application or any of its attachments, including but not limited to the Engagement Letter, Jefferies shall, to the extent it uses the services of independent contractors, subcontractors, or employees of affiliates, including but not limited to employees of members of the Jefferies Financial Group, as that term is defined in the Engagement Letter (collectively, the "Contractors") in these Chapter 11 Cases, (i) pass through the cost of such Contractors to the Debtors' estates at the same rate that Jefferies pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Jefferies; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

12. Within fourteen (14) days (or as soon as reasonably practical thereafter) after any qualified bid deadline in these Chapter 11 Cases, Jefferies will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of Jefferies to such potential counterparties.

13. Notwithstanding anything to the contrary in the Application, or any of its attachments, including but not limited to the Engagement Letter, during the course of the Chapter 11 Cases, any provision to the effect that the Engagement Letter does not create a fiduciary relationship between Jefferies and the Committee shall have no force or effect.

14. For the avoidance of doubt, no Transaction Fee shall be payable to Jefferies on account of the consummation of any Financing.

15. To the extent that there may be any inconsistency between the terms of the Application, the Szlezinger Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

16. The Committee, the Debtors and Jefferies are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, and of the Committee's engagement of Jefferies in these Chapter 11 Cases.

**Dated: February 15th, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**