**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date**:  March 8, 2023 at 1:00 p.m. (ET)<br>**Objection Deadline**: March 1, 2023 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER**
**EXTENDING THE TIME TO ASSUME OR REJECT**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 365(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), extending the time period for the Debtors to assume or reject unexpired nonresidential real property leases (the "Unexpired Leases") by an additional 90 days through and including June 12, 2023 (the "Extended Deadline"), without prejudice to the Debtors' ability to seek further extensions.  In support of the Motion, the Debtors respectfully state as follows:

**Background**

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[2] the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] November 11, 2022 is the petition date for all Debtors, except for Debtor West Realm Shires Inc.

4882-2990-9329 v.2

Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day* Pleadings [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I 93].

**Jurisdiction**

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 365(d) of the Bankruptcy Code.  Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

4. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, extending the time period for the Debtors to assume or reject Unexpired Leases through and including the Extended Deadline, without prejudice to the Debtors' ability to seek further extensions.

**Basis for Relief**

**I.   Cause Exists to Extend the Deadline to Assume or Reject the Unexpired Leases.**

5. Section 365(d)(4)(A) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which a debtor is a lessee shall be deemed rejected if the debtor does not assume or reject such unexpired lease within 120 days after the petition date or before the date of entry of an order confirming a plan. 11 U.S.C. § 365(d)(4)(A). This 120 day deadline was extended to 210 days pursuant to the Consolidated Appropriations Act of 2021, H.R. 133, 116th Cong. Title X, Sec. 1001(f) (2020) (the "<u>Act</u>"). However, this provision sunset on December 27, 2022 (the "<u>Sunset Date</u>"). Because these Chapter 11 Cases filed prior to the Sunset Date but the Debtors' initial deadline to assume or reject Unexpired Leases is after the Sunset Date, it is unclear whether the 210 day extension under the Act applies to these Chapter 11 Cases. Accordingly, out of an abundance of caution, the Debtors are proceeding under the assumption that the current deadline for the Debtors to assume or reject the Unexpired Leases is March 13, 2023, which is 120 days after the Petition Date (the "<u>Initial Deadline</u>").

6. Pursuant to section 365(d)(4)(B) of the Bankruptcy Code, the Initial Deadline may be extended by the Court "for 90 days . . . for cause." 11 U.S.C. § 365(d)(4)(B)(i).

Courts consider the following non-exclusive factors to determine whether "cause" exists for a 90-day extension under section 365(d)(4)(B):

    (a)    the complexity of the case facing the debtor;

    (b)    whether the debtor has had sufficient time to assess intelligently its financial situation and the potential value of its assets;

    (c)    whether the debtor continues to make rental payments to the landlords under the leases;

    (d)    whether the lessor would be damaged beyond compensation available under the Bankruptcy Code;

    (e)    whether the leases are an important asset of the estate; and

    (f)    the number of leases the debtor must evaluate.

*See South St. Seaport L.P.* v. *Burger Boys, Inc.* (*In re Burger Boys, Inc.*), 94 F.3d 755, 760–61 (2d Cir. 1996); *see also Channel Home Ctrs., Inc.* v. *Channel Home Ctrs., Inc.* (*In re Channel Home Ctrs., Inc.*), 989 F.2d 682, 689 (3d Cir. 1993), cert. denied, 510 U.S. 865 (1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating."); *In re GST Telecom Inc.*, No. 00-1982-GMS 2001 WL 686971, at *3 (D. Del. June 8, 2001) (holding that "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease").

    7.    Application of these factors to these Chapter 11 Cases demonstrates that cause exists to extend the Initial Deadline through and including the Extended Deadline. *First*, these Chapter 11 Cases are unquestionably large and complex. There are 100 Debtors in these Chapter 11 Cases. Since the Petition Date, the Debtors and their advisors have been required to focus on issues that have been critically important to these proceedings, including transitioning into chapter 11, recovering and protecting the Debtors' assets, obtaining first and second day

relief, rebuilding and verifying the Debtors' books and records and coordinating with constituencies in this and other chapter 11 and foreign insolvency proceedings. Consequently, while a review of the Debtors' lease obligations is well underway, and the Debtors have obtained approval of their first motion to reject certain Unexpired Leases [D.I. 468] and have entered into Court-approved settlements with several lessors [D.I. 430, 431, 455], the Debtors' review of the Unexpired Leases is ongoing. The Debtors and their advisors require additional time to review and consider the remaining Unexpired Leases.

8. *Second*, the Debtors are currently paying and will continue to pay the postpetition rent obligations that arise under the Unexpired Leases that have not yet been rejected or settled in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code.

9. *Third*, the Debtors have provided notice of this Motion to the Unexpired Lease counterparties identified in the Debtors' books and records, and if circumstances should change, the Bankruptcy Code allows any lessor to request that the Court, upon showing of cause, establish an earlier deadline by which the Debtors must assume or reject such lessor's lease. Thus, the Debtors' requested extension of time to assume or reject the Unexpired Leases will not prejudice the lessors that are parties to any Unexpired Lease and will not adversely affect the substantive rights of any of the lessors to the remaining Unexpired Leases.[3]

10. Accordingly, the Debtors submit that an extension of the Initial Deadline through and including the Extended Deadline is important for the Debtors' efforts to maximize the value of their estates. If the Debtors were compelled to prematurely decide whether to assume or reject certain Unexpired Leases, they might be forced to either (a) assume the

---

[3] Notwithstanding anything to the contrary herein, the service of this Motion on any party shall not constitute or be deemed a determination or admission by the Debtors that such entity is a counterparty to an unexpired lease within meaning of section 365 of the Bankruptcy Code and the Debtors expressly reserve their rights with respect thereto.

remaining Unexpired Leases, which could lead to unnecessary administrative claims against their estates if they were ultimately terminated, or (b) prematurely reject the remaining Unexpired Leases, which may cause the Debtors to forego the significant value such Unexpired Leases may have, in addition to creating unwarranted rejection damage claims in these Chapter 11 Cases.  In light of the foregoing, the Debtors respectfully submit that the extension of the Initial Deadline by 90 days until the Extended Deadline is warranted.

11. Courts in this district have routinely granted relief similar to the relief requested herein.  *See, e.g.*, *In re Phoenix Services Topco, LLC*, No. 22-10906 (MFW) (Feb. 10, 2023), D.I. 515 (extending the period for the debtors to assume or reject unexpired leases of nonresidential real property by 90 days); *In re Medly Health Inc.*, No. 22-11257 (KBO) (Feb. 2, 2023), D.I. 343 (same); *In re Kabbage, Inc. d/b/a/ Kservicing*, No. 22-10951 (CTG) (Jan. 17, 2023), D.I. 446 (same); *In re SC SJ Holdings LLC.*, No. 21-10549 (JTD) (Oct. 18, 2021), D.I. 782 (same).

### Reservation of Rights

12. Nothing in this Motion shall is intended or shall be deemed to constitute: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law or otherwise affect the rights of the Debtors to contest the validity, priority, or amount of any claim; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) an assumption or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (d) an admission with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of section 365(d) of the Bankruptcy Code.

4882-2990-9329 v.2

**Notice**

13.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the Unexpired Leases counterparties and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

4882-2990-9329 v.2

| | |
|---|---|
| Dated: February 22, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>        brown@lrclaw.com<br>        pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>        bromleyj@sullcrom.com<br>        gluecksteinb@sullcrom.com<br>        kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |