**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. No. 769 |

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS AND THE COMMITTE TO ENTER INTO STIPULATION WITH THE VOYAGER DEBTORS AND VOYAGER COMMITTEE, (B) APPROVING THE STIPULATION, AND (C) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto, shortening the time for notice of the hearing to consider the *Motion of Debtors for Entry of and Order (A) Authorizing the Debtors and the Committee to Enter into Stipulation with the Voyager Debtors and Voyager Committee, (B) Approving the Stipulation, and (C) Granting Related Relief* (the "Voyager 9019 Motion").[2] The Voyager 9019 Motion is being filed and served contemporaneously herewith. The Debtors are seeking shortened notice for the Voyager 9019 Motion so it can be heard by the Court at the omnibus hearing scheduled for March 8, 2023. In support of the Motion to Shorten, the Debtors respectfully represent as follows:

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Voyager 9019 Motion.

{1368.002-W0070093.}

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2.     The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 9006-1(e) and 9013-1(m).

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.     On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[4] the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of

---

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

[4] November 11, 2022 is the Petition Date for all Debtors, except for West Realm Shires Inc.

Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93]. Additional facts specific to the relief requested in the Voyager 9019 Motion are set forth therein and are incorporated by reference to this Motion to Shorten.

6. As described in the Voyager 9019 Motion, given the various disputes between the Debtors and the Voyager Debtors relating to or arising from the FTX APA, the Alameda Loan Facility (including the asserted equitable subordination of the Alameda Loan Facility Claims), the Voyager Plan, and the FTX Adversary Proceeding, the Parties have engaged in arm's length discussions to resolve or narrow issues, and through those discussions, have agreed to enter into the Stipulation.

7. The terms of the Stipulation provide, among other things, that:

- the Voyager Debtors agree to reserve and hold $445 million in cash of U.S. Dollars on account of the Preference Claims until their final resolution;

- the Debtors agree to (a) withdraw (or, at the Voyager Debtors' election, contribute to Voyager OpCo) the Alameda Loan Facility Claims and not object to the Voyager Plan; and (b) waive (or, at the Voyager Debtors' election, contribute to Voyager OpCo) any recoveries on any of the Debtors' equity interests in Voyager TopCo;

- all claims relating to or arising out of the FTX APA are preserved, including with respect to the $5 million deposit provided by WRS under the FTX APA;

- the Parties agree to participate in non-binding mediation with respect to all claims among them, and defer discovery; and

- the Parties agree to certain procedures for the litigation of all remaining disputes, including (a) to negotiate an expedited litigation schedule with respect to the Preference Claims, to the extent unresolved in mediation; (b) to litigate the Preference Claims in the FTX Adversary Proceeding before this Court, and, to the extent determined in a final and unappealable order from the Court, to allow the Preference Claims by a joint stipulation between the Voyager Debtors and Debtors in the New York Bankruptcy Court, *provided* that (i) the administrative or general unsecured status of such claims will be decided in the New York Bankruptcy Court, and (ii) each Party reserves all rights with respect to any claim of equitable subordination with respect to the Preference Claims; and (c) the intervention by each of the Committee and the Voyager UCC in all disputes between the Debtors and the Voyager Debtors.

8. Contemporaneously herewith, the Debtors filed the Voyager 9019 Motion, seeking approval of the Stipulation.

## RELIEF REQUESTED

9. By this Motion to Shorten, the Debtors request, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 9006(c)(1) and 2002(a)(2), and Local Rules 9006-1(e) and 9013-1(m), that the Court shorten the notice required for a hearing on the Voyager 9019 Motion so that it may be heard at the March 8, 2023 omnibus hearing, with an objection deadline of March 7, 2023 at 12:00 p.m. (ET).

## BASIS FOR RELIEF

10. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice

<br/>

than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Local Rule 9006-1(e).

11. Pursuant to Local Rule 9006(c)(i), unless the Bankruptcy Rules or the Local Rules state otherwise, all motion papers must be filed and served fourteen (14) days prior to a hearing date. Additionally, Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date. However, the Court may order that a motion be heard on less notice than required by the Local Rules upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Local Rule 9006-1(e). No hearing on such a motion to shorten is required. *See id.*

12. Moreover, Local Rule 9013-1(m)(ii) permits debtors to seek expedited consideration of "matters of a genuinely emergent nature required to preserve the assets of the estate and to maintain ongoing business operations and such other matters as the Court may determine appropriate." Del. Bankr. L.R. 9013-1(m)(ii).

13. Here, there is sufficient cause to grant the Motion to Shorten. As described more fully in the Voyager 9019 Motion, the Stipulation resolves a number of disputes between the Debtors and the Voyager Debtors, including with respect to the Voyager Plan (as to which the New York Bankruptcy Court is currently scheduled to hold a confirmation hearing on March 2, 2023, approximately one week before the requested hearing on the Voyager 9019 Motion), and requires the Voyager Debtors to reserve $445 million in cash of U.S. Dollars on account of the Preference Claims until their final resolution.

14. The Debtors submit that it is necessary for the hearing on the Voyager 9019 Motion to take place as soon as reasonably possible so that the Parties have certainty as to their respective rights and obligations under the Stipulation and clarity as to the status of the disputes between

them before the Voyager Debtors have substantially advanced toward effectiveness of the Voyager Plan (assuming the New York Bankruptcy Court confirms the Voyager Plan at the hearing scheduled on March 2, 2023). If the Court were to decline to approve the Voyager 9019 Motion, all of the Parties' rights would be returned to the *status quo* prior to entry into the Stipulation, but the Voyager Plan may have been confirmed. The prejudice to the Debtors and the Committee of such a denial would be compounded with every day that passes in light of the Parties' reliance on the terms of the Stipulation pending court approval in order to avoid unnecessary litigation and the costs associated with it, including, for example, by the Debtors not objecting to confirmation of the Voyager Plan. The benefits of providing the Debtors and the Committee with that certainty as soon as reasonably possible, and, if the Voyager 9019 Motion is approved, locking in the cash reserve on account of the Preference Claims, far outweigh any countervailing considerations from the short reduction in the notice period.

15. The Debtors will promptly serve the Voyager 9019 Motion, thus giving parties in interest as much notice as possible prior to the hearing on the Voyager 9019 Motion. Shortening the objection deadline to March 7, 2023 at 12:00 p.m. as requested will still provide parties in interest eight days to object to the Voyager 9019 Motion. Accordingly, the Debtors submit that no party will be prejudiced by the relief requested in this Motion to Shorten.

16. The Committee has consented to the relief requested in the Motion to Shorten. In accordance with Local Rule 9006-1(e), prior to filing the Motion to Shorten, the Debtors conferred with the Office of the United States Trustee regarding this Motion to Shorten. The Debtors were informed that the U.S. Trustee has no objection to the relief requested herein, with respect to either the hearing date or the objection deadline for the Voyager 9019 Motion.

6

17. Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1(e) and 9013-(m) provide ample authority for the Court to afford the relief requested in the Motion to Shorten. Therefore, the Debtors respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

## NOTICE AND NO PRIOR REQUEST

18. The Debtors have provided notice of the Motion to Shorten to the following entities or, in lieu thereof, their counsel: (a) the Office of the United States Trustee for the District of Delaware; (b) the Voyager Debtors; (c) the Voyager Committee; (c) the Committee; and (d) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

19. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the Motion to Shorten and such other and further relief as the Court may deem proper.

Dated: February 27, 2023
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/_

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (Admitted _pro hac vice_)
James L. Bromley (Admitted _pro hac vice_)
Brian D. Glueckstein (Admitted _pro hac vice_)
Benjamin S. Beller (Admitted _pro hac vice_)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       bellerb@sullcrom.com

_Counsel for the Debtors_
_and Debtors-in-Possession_