**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*,[1] | ) | Case No. 22-11068 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 769** |

**RESERVATION OF RIGHTS OF THE JOINT PROVISIONAL LIQUIDATORS OF FTX DIGITAL MARKETS LTD. REGARDING THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS AND THE COMMITTEE TO ENTER INTO STIPULATION WITH VOYAGER DEBTORS AND VOYAGER COMMITTEE, (B) APPROVING THE STIPULATION AND (C) GRANTING RELATED RELIEF**

Brian C. Simms KC, Kevin G. Cambridge, and Peter Greaves (the "**Joint Provisional Liquidators**"), in their capacity as the duly appointed joint provisional liquidators of FTX Digital Markets Ltd. ("**Digital**") and foreign representatives of the Bahamian Provisional Liquidation of FTX Digital submit this reservation of rights regarding the *Motion of Debtors for Entry of an Order (A) Authorizing the Debtors and the Committee to Enter into Stipulation with the Voyager Debtors and Voyager Committee, (B) Approving the Stipulation, and (C) Granting Related Relief* [D.I. 769] (the "**Motion**") and respectfully state as follows:

1.  By the present Motion, the U.S. Debtors are seeking to preserve their rights to recover from the Voyager Debtors certain funds that Alameda Research LLC ("**Alameda**") transferred during its preference period. The problem here, which can be fixed with a reservation

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the debtors (the "**U.S. Debtors**") and the last four digits of their federal tax identification numbers is not provided here. A complete list of such information may be obtained on the website of the U.S. Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

of rights, is that the Motion does not address where Alameda obtained the funds to make its transfers in the first instance, or what happened if Alameda itself was required to return funds it improperly obtained. As we have previously noted to this Court, the Joint Provisional Liquidators have identified significant intercompany claims Digital has both against FTX Trading Ltd. ("**FTX Trading**") and Alameda (as well as certain of their affiliates) related to the prepetition migration of customers from FTX Trading to Digital. More specifically, to date, the Joint Provisional Liquidators have identified at least $5.6bn in transfers from Digital custodial accounts to FTX Trading and $2.1bn in transfers from Digital custodial accounts to Alameda. Most notable for the purposes of the Motion, a significant proportion of the Digital transfers to the U.S. Debtors were completed within the relevant preference periods, making the Voyager Debtors potential subsequent transferees of Digital's or its customers' assets.

2. Prior to filing the Motion, the U.S. Debtors did not discuss any of the foregoing with the Joint Provisional Liquidators. Perhaps as a result, the Motion envisions that the U.S. Debtors alone will control the global resolution of all claims related to any payments made to the Voyager Debtors, even though the capital used by the FTX enterprise during the preference period may have originated from Digital accounts or cash directly deposited by Digital's international customers. Were the ongoing investigations to establish the preference payments originated from the Digital estate or Digital's customers, no settlement of Digital's claims seeking recovery of those payments can be made without the input and consent of the Joint Provisional Liquidators. *See In re TPC Grp. Inc.*, 2023 Bankr. LEXIS 446, at *12 (Bankr. D. Del. Feb. 22, 2023) (finding that debtor's settlement did not preclude third parties from pursuing their own direct claims because although "the debtor is free, subject to court approval, to settle its own claims . . . . in doing so, it cannot . . . extinguish anyone else's right to assert its own claim").

3. Any order approving the Motion should therefore make clear that no resolution by the U.S. Debtors with the Voyager Debtors may affect Digital's rights, including any of Digital's own claims against the Voyager Debtors. And, because the administrative bar date in the Voyager Debtors' chapter 11 cases will not occur until thirty days after the effective date of the Voyager Debtors' plan, see Voyager Debtors' Proposed *Order (I) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, Case No. 22-10943-MEW (Bankr. S.D.N.Y, 2023) [Docket No. 1120] Ex. A Art. I (A)(14) (definition of "Administrative Claims Bar Date"), the order should make clear that the Joint Provisional Liquidators expressly reserve the right to file and prosecute proofs of claim against the Voyager Debtors, including claims related to payments made by any of the U.S. Debtors to the Voyager Debtors during the relevant preference periods with funds originating from the Digital estate.

4. Finally, approval of the Motion should not impact the rights of the Joint Provisional Liquidators to seek to intervene in any mediation or litigation concerning the preference claims, including any mediation or litigation that may occur with the Voyager Debtors.[2] In short, if there is to be global peace with the Voyager Debtors, that peace cannot likely be reached solely in the United States.

*Remainder of page intentionally left blank*

---

[2] The Joint Provisional Liquidators will, prior to the hearing on the Motion, attempt to reach a consensual reservation of rights to be included in the proposed order.

AMERICAS 120399734

Dated: March 7, 2023

| | |
|---|---|
| */s/ Brendan J. Schlauch* | |
| **RICHARDS, LAYTON & FINGER, P.A.** | **WHITE & CASE LLP** |
| | |
| Kevin Gross (No. 209) | Jessica C. Lauria (admitted *pro hac vice*) |
| Paul N. Heath (No. 3704) | J. Christopher Shore (admitted *pro hac vice*) |
| Brendan J. Schlauch (No. 6115) | Brian D. Pfeiffer (admitted *pro hac vice*) |
| David T. Queroli (No. 6318) | Mark Franke (admitted *pro hac vice*) |
| One Rodney Square | Brandon Batzel (admitted *pro hac vice*) |
| 920 N. King Street | Brett L. Bakemeyer (admitted *pro hac vice*) |
| Wilmington, DE 19801 | 1221 Avenue of the Americas |
| Telephone:    (302) 651-7700 | New York, NY 10020 |
| Facsimile:    (302) 651-7701 | Telephone:    (212) 819-8200 |
| gross@rlf.com | jessica.lauria@whitecase.com |
| heath@rlf.com | cshore@whitecase.com |
| schlauch@rlf.com | brian.pfeiffer@whitecase.com |
| queroli@rlf.com | mark.franke@whitecase.com |
| | brandon.batzel@whitecase.com |
| | brett.bakemeyer@whitecase.com |
| | |
| -and- | |
| | Thomas E Lauria (admitted *pro hac vice*) |
| | Richard S. Kebrdle (admitted *pro hac vice*) |
| | 200 South Biscayne Boulevard, Suite 4900 |
| | Miami, FL 33131 |
| | Telephone:    (305) 371-2700 |
| | tlauria@whitecase.com |
| | rkebrdle@whitecase.com |

*Attorneys for the Joint Provisional Liquidators of FTX Digital Markets Ltd. (in Provisional Liquidation)*

AMERICAS 120399734