## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### DISINTERESTEDNESS DECLARATION OF KATHERINE STADLER IN CONJUNCTION WITH HER APPOINTMENT AS FEE EXAMINER

I, Katherine Stadler, under penalty of perjury declare as follows:

1.      I am the proposed Fee Examiner in these Chapter 11 cases.

2.      I am a shareholder with Godfrey & Kahn, S.C. ("Godfrey & Kahn"), a law firm with its principal offices at 833 East Michigan Street in Milwaukee, Wisconsin, and One East Main Street in Madison, Wisconsin, and other offices in Wisconsin and in Washington, D.C. The Declaration is based on my personal knowledge, and if called to testify, I could and would testify competently to the written statements made in this Declaration.

3.      I submit this Declaration to establish that I am a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) in connection with my appointment as the independent Fee Examiner in the above-captioned chapter 11 case (the "Chapter 11 Case") of FTX Trading Ltd., *et al.* (the "Debtors").

4.      I am a bankruptcy and appellate attorney, licensed to practice law in Wisconsin and New York.  I am admitted to practice before the United States Supreme Court, the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

U.S. Courts of Appeals for the First, Second, Third, and Seventh Circuits, and federal district and bankruptcy courts in a variety of jurisdictions.  I have more than 25 years of law practice experience—the last 14 of which focused largely, though not exclusively, on bankruptcy fee review in large Chapter 11 cases.  I have served as counsel to Fee Examiners and Fee Committees in large Chapter 11 proceedings, including, among others, *In re Lehman Brothers Holdings, In re General Motors Corp.*, and *In re Energy Future Holdings, Inc.*  I also currently serve as counsel to the Fee Examiner in *In re Celsius Network, Inc.*  In addition, for more than five years I have served as counsel to the Fee Examiner appointed by the United States District Court for the District of Puerto Rico in the Title III restructuring proceedings involving the Commonwealth of Puerto Rico and related governmental entities.

5.      Godfrey & Kahn performed a full conflicts check using the unredacted party-in-interest information relied upon in the unredacted and sealed version of the *Application for Entry of an Order, Pursuant to Sections 328, 330 and 1103 of the Bankruptcy Code, Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of December 20, 2022* [Dkt. No. 519], which attached as Exhibit B the *Declaration of Erez E. Gilad in Support of Applications for Entry of an Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP* (the "Gilad Declaration").  The parties provided me with the unredacted list to be used only for purposes of checking conflicts in connection with serving as Fee Examiner in these cases.  The redacted list of identified parties is attached hereto as **Exhibit A** (the "Identified Parties").

6.      The Gilad Declaration included the following categories of parties-in-interest:

(a.)     5% or More Equity Holders

(b.)     Ad Hoc Committee (Non US Customers of FTX.com)

(c.)    Bankruptcy Judges

(d.)    Bankruptcy Professionals

(e.)    Banks/Lender[s]/ UCC Lien Parties/Administrative Agents

(f.)    Customers

(g.)    Debtors

(h.)    Director/Officer

(i.)    Donations

(j.)    Insurance

(k.)    Investments/Acquisitions

(l.)    Joint Provisional Liquidators

(m.)    Known Affiliates – JV

(n.)    Landlords

(o.)    Litigations

(p.)    Ordinary Course Professionals

(q.)    Other Significant Creditors

(r.)    Significant Competitors

(s.)    Surety & Letters of Credit

(t.)    Taxing Authority/Governmental/Regulatory Agencies

(u.)    U.S. Trustee Office

(v.)    UCC Members

(w.)    UCC Professionals

(x.)    Utilities

(y.)    Vendors

(z.)    Parties Filing Notices of Appearance

(aa.)   Joint Provisional Liquidators.

Gilad Decl., Sch. 1.

7.      Godfrey & Kahn has established procedures for reviewing possible conflicts and for determining connections between Godfrey & Kahn, or Godfrey & Kahn attorneys, and outside entities.  Pursuant to those procedures, I performed, or caused to be performed, the following actions to identify for disclosure any parties relevant to this Declaration and these proceedings and to determine any Godfrey & Kahn connection to each such party:

A.      Godfrey & Kahn entered the names of the Interested Parties, as well as the names of all professionals expected to perform work on these cases and subject to the Fee Examiner's review, into its conflicts check database, which contains the names of all of its clients and conflict information concerning each such client, as well as the names of entities with which Godfrey & Kahn attorneys have formal relationships, such as a position on a board of directors.  As a result, I obtained a list of names from the Godfrey & Kahn conflicts check database that matched or that appeared similar to the name of any Interested Party.  I, along with other Godfrey & Kahn attorneys, have reviewed that list.

B.      In addition, an inquiry was sent to all Godfrey & Kahn attorneys to determine whether any such attorney:  (a) owns any interest in the Debtors; (b) has any pending claims against the Debtors; (c) is, or has a relative who is, a current officer, director, or employee of the Debtors; (d) has any immediate family member who has been employed by any of the Debtors; or (e) has any other connection with the Debtors, their current and former directors and officers, large equity holders, non-Debtor affiliates,

the joint provisional liquidators, and members of the Committee.  In addition, all Godfrey & Kahn attorneys were asked whether they had an account with any of the Debtors.

   C. I also have inquired within the firm about connections with the United States Trustee program or any person employed in the office of the U.S. Trustee.

8. Based on the results of those review procedures, to the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, I believe:

   A. Neither I nor Godfrey & Kahn, nor any of its attorneys represents any entity in or in connection with these Chapter 11 cases;

   B. Neither I nor Godfrey & Kahn represent, or has represented in the past, the Debtor or any of its affiliates.

   C. Neither I nor Godfrey & Kahn hold or represent an interest adverse to any of the Debtors' estates; and

   D. Neither Godfrey & Kahn nor any of its attorneys, including me, (i) is a creditor, equity security holder or insider of any of the Debtors or their affiliates, (ii) has been, within two years before the date of the filing of the petition, a director, officer, or employee of any of the Debtors or their affiliates, or (iii) has any interest materially adverse to the interests of the estates, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason; and

   E. Neither I nor any attorneys at Godfrey & Kahn are relatives of any Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware, the United States Trustee (Region 3) or any person employed by the United States Trustee (Region 3).

9. Based on the foregoing, I believe that Godfrey & Kahn and I are disinterested persons, and that I am eligible to serve as Fee Examiner in this case.

10. Also based on the results of the review procedures outlined above, I believe that neither Godfrey & Kahn nor any of its attorneys, including me, has any connections, as that term is used in Fed. R. Bankr. P. 2014, with any Identified Parties, except those identified on **Exhibit B**, attached to this Declaration. For purposes of this disclosure, representation of third parties that are adverse to Interested Parties in unrelated matters—other than the Debtors, Officers, or Directors—are not "relationships."

11. All references in **Exhibit B** to "unrelated matters" mean matters that are not related to the Debtors or these Chapter 11 cases. Godfrey & Kahn has not represented any of the entities listed on **Exhibit B** in any matters related to the Debtor or in these Chapter 11 cases, and it will not represent any of the entities listed on **Exhibit B** in these Chapter 11 cases. Godfrey & Kahn will not represent any entity other than the Chapter 11 Fee Examiner in any matter in or in connection with these Chapter 11 cases. Except as indicated on **Exhibit B**, neither Godfrey & Kahn nor I represent, or has represented in the past, or holds or has held in the past, an economic interest in, any party in interest in connection with the Debtors or this Chapter 11 Case.

12. Godfrey & Kahn represents many entities, some of which may be or may become parties-in-interest without its knowledge. Further, as part of its practice Godfrey & Kahn represents clients in numerous matters involving other law firms, financial advisory firms and professionals in both adverse and non-adverse roles, some of which may represent the Debtors, creditors, or parties-in-interest, or themselves be creditors or parties-in-interest in these Chapter 11 cases, or employ persons with whom its attorneys have personal or familial relationships. Although it is not practicable for Godfrey & Kahn to identify all such connections, except as

otherwise disclosed herein I am unaware of any such connections that are material, and believe

that none of them would prevent Godfrey & Kahn or me from being a "disinterested person," as

defined in section 101(14) of the Bankruptcy Code; none would involve the holding or

representation of an interest adverse to the Debtors' respective estates; and none would create a

conflict of interest with respect to this matter.

13.     As required by section 504 of the Bankruptcy Code, I will not share any

compensation or reimbursement received in connection with this Chapter 11 Case with another

person.

14.     My hourly rate to serve as the Fee Examiner in this case is $695.00.  I will

supplement the information contained in this Declaration as necessary to reflect any change to

my hourly rate.  I shall provide ten (10) days' notice to the Debtors, the U.S. Trustee, and the

Committee in connection with any increase in my hourly rate.  I understand that the U.S. Trustee,

the Committee, and the Debtors retain all rights to object to any rate increase on all grounds,

including, but not limited to, the reasonableness standard provided in section 330 of the

Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section

330 of the Bankruptcy Code.

15.     The Office of the U.S. Trustee has adopted Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by

Attorneys in Larger Chapter 11 Cases (the "UST Guidelines").  28 C.F.R. pt. 58, Appendix B.

The purpose of this paragraph is to disclose my responses to the questions in the

UST Guidelines.

A.     I shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions

of the Bankruptcy Rules, Local Bankruptcy Rules, the terms of any other applicable

procedures and orders of the Court.  I will make a reasonable effort to comply with the

U.S. Trustee's requests for information, both in connection with my appointment and any

related applications and the interim and final fee applications to be filed by me or

Godfrey & Kahn in these cases.

B.      The following is provided in response to the request for additional

information set forth in Paragraph D.1. of the UST Guidelines.

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
**Response:** Yes.  My current hourly rate is $720.00, which I have agreed to reduce to $695.00 to serve as the Fee Examiner in this case.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
**Response:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference?
**Response:** Not applicable.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?
**Response:** Not applicable.

16.      I have performed work in good faith, beginning on February 17, 2023, in

anticipation of the commencement of the Fee Examiner's work.

17.      To the extent that Godfrey & Kahn or I discover any facts bearing on matters

described in this Declaration, I will supplement the information contained in this Declaration.

Within fourteen (14) days after being informed of the identity of any qualified bidder in these

cases, I will disclose through a supplemental declaration the names of all bidders identified to me and the connections of Godfrey & Kahn or me to such potential counterparties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 8th day of March 2023.

/s/ Katherine Stadler
Katherine Stadler

28840690.7