**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 435, 829 & 830** |

**ORDER (I) APPOINTING FEE EXAMINER AND (II) ESTABLISHING PROCEDURES FOR CONSIDERATION OF REQUESTED FEE COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Upon the request of the Court and in consideration of the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435] (the "Interim Compensation Order");[2] and upon the certification of counsel (the "Certification of Counsel")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and it appearing that the appointment of a fee examiner in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases") is appropriate pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended or modified, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2016-2(j) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and it further appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Interim Compensation Order.

February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having conferred with the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "Committee") and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") regarding the selection of the fee examiner (the "Fee Examiner") and the establishment of related procedures; and upon the agreement of the Debtors, the Committee and the U.S. Trustee as to the Fee Examiner and the procedures outlined herein; and upon the *Disinterestedness Declaration of Katherine Stadler in Conjunction With Her Appointment as Fee Examiner* dated March 8, 2023 [D.I. 829] (the "Stadler Declaration"); and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT: Based on the representations set forth in the Stadler Declaration, Katherine Stadler, the proposed Fee Examiner, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and

IT IS HEREBY ORDERED THAT:

1. Katherine Stadler is appointed and shall be employed as the Fee Examiner in these Chapter 11 Cases, to review and report on, as appropriate, all Applications (as defined below) submitted in accordance with the Interim Compensation Order, or such other order of the Court as is applicable, by any Retained Professional (as defined below) subject to this Order.

2. The Fee Examiner's purpose will be to assist the Court in its determination of whether the Applications submitted by the Retained Professionals subject to this Order are compliant with the Bankruptcy Code, all applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Interim Compensation Order, and to provide transparency in the administration of the Chapter 11 Cases.

3. Unless otherwise ordered by this Court, this Order shall apply to all professionals in these Chapter 11 Cases retained pursuant to sections 327 or 1103 of the Bankruptcy Code (each a "Retained Professional", and collectively the "Retained Professionals"), but excluding (i) ordinary course professionals employed by the Debtors in accordance with the *Order Authorizing Procedures to Retain, Compensate and Reimburse Professionals Utilized in the Ordinary Course of Business* [D.I. 432] (the "OCP Order"), (ii) any professionals in these Chapter 11 Cases employed or to be employed pursuant to section 363 of the Bankruptcy Code, (iii) members of the Committee on account of such members' applications for reimbursement of expenses incurred in such capacity, (iv) all professionals, to the extent they are requesting the payment of any success fee, transaction fee or flat fee in accordance with such professional's engagement agreement and the order of this Court approving such professional's employment in these Chapter 11 Cases; and (v) any requests for compensation submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these Chapter 11 Cases, unless specifically requested by the Court.

4. Without limiting any provision of this Order, to the extent that any order approving the retention of a professional in these Chapter 11 Cases in whole or in part under Bankruptcy Code section 328 authorizes any party, including, without limitation, the U.S. Trustee, to object to the allowance of fees or expenses sought by such professional on any grounds, including, without limitation, based on the reasonableness standard provided in Bankruptcy Code section 330, this Order shall not modify or otherwise limit any such authority.

5. The Fee Examiner shall ensure that the fees and expenses requested by the Retained Professionals subject to this Order are reasonable, actual, and necessary as required by section 330 of the Bankruptcy Code by monitoring, reviewing, and, where appropriate, objecting to Applications filed by such Retained Professionals. The Fee Examiner shall conduct her duties

in compliance with (i) the Bankruptcy Code (specifically, sections 328, 329, 330, and 331, as applicable, pursuant to each such Retained Professional's retention order), (ii) the Bankruptcy Rules, including Bankruptcy Rule 2016, (iii) the Local Rules, including Local Rule 2016-2, (iv) all other applicable rules and guidelines, and (v) the Interim Compensation Order.

6. The terms and conditions of the Interim Compensation Order shall not be modified by this Order, except that: no later than five (5) business days after the filing of each Monthly Statement (a "Monthly Statement"), each Interim Application (an "Interim Application"), and each Final Application (a "Final Application" and referred to together with an Interim Application as, an "Application"), the Professional filing such Monthly Statement, Interim Application or Final Application (an "Applicant") shall send to the Fee Examiner and the U.S. Trustee by electronic mail: (i) the Monthly Statement, Interim Application, or Final Application in Adobe Acrobat (portable document format) and (ii) the fee detail containing the time entries and the expense detail (the "Fee Detail") in LEDES or Excel format containing, at a minimum, the following fields for fees: date, project category, timekeeper name, timekeeper position/title, year of bar admission (if applicable), hourly rate, hours, fees, and task description; and the following fields for expenses: date, project category, name of timekeeper who incurred expense, expense category, unit cost, number of units, expense total, expense description. Failure to serve the Fee Examiner with timely Fee Detail in the required format will delay the Fee Examiner's review and recommendation of the Interim Fee Application. An Applicant need not send the Fee Examiner the Fee Detail for any Application if such Applicant has previously submitted the Fee Detail relevant to such Application to the Fee Examiner in an acceptable electronic format, whether in conjunction with the relevant Monthly Statement or otherwise. If any Applicant cannot reasonably convert its Fee Detail to one of the electronic formats described above, the Fee Examiner will work with such Applicant to find an appropriate electronic format.

7. All previously filed Monthly Statements, Interim Applications and related Fee Details shall be provided to the Fee Examiner by each Professional within five (5) business days of entry of this Order. All previously filed Monthly Statements and Interim Applications, all future Monthly Statements and Applications, and all other documents, notices, or pleadings required to be sent to or served upon any of the Notice Parties under the Interim Compensation Order on and after the date hereof, shall be served upon the Fee Examiner at the following email address: FTXFeeExaminer@gklaw.com.

8. Pursuant to the Interim Compensation Order, upon the expiration of the Objection Deadline, each Professional shall be permitted to file a certificate of no objection with this Court after which the Debtors are authorized to pay each Professional an amount equal to 80% of the fees and 100% of the expenses requested in the Monthly Statement that are not subject to an objection pursuant to the procedures set forth in the Interim Compensation Order, including any informal objection or inquiry by the Fee Examiner.

9. The Fee Examiner shall:

a. review Interim Applications and Final Applications (and related Fee Detail) filed by each Applicant in these Chapter 11 Cases. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing Final Applications comprised of Interim Applications that have already been reviewed by the Fee Examiner;

b. during the course of its review of an Application, consult, as it deems appropriate, with each Applicant concerning such Application;

c. during the course of its review of an Application, review, to the extent appropriate, any relevant documents filed in these Chapter 11 Cases to be generally familiar with these Chapter 11 Cases and the dockets;

d. within sixty (60) days after the date an Applicant files an Interim Application for the first interim fee period and forty-five (45) days after an Applicant files an Application for each subsequent fee period and provides the Fee Examiner the Fee Detail in the format required herein, serve a confidential initial report by e-mail (the

"Confidential Letter Report") on the Applicant and the U.S. Trustee designed to quantify and present factual data and legal issues relevant to whether the requested fees, disbursements, and expenses are in compliance with the applicable standards of section 330 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules and Local Rule 2016-2, and whether the Applicant had made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in *Appendix B–Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"). The Confidential Letter Reports are to be treated as part of settlement discussions with the relevant Applicant and, as such, shall not be discoverable;

e. commencing within three (3) business days after service of the Confidential Letter Report and continuing, to the extent necessary, during the period leading up to the issuance of the Fee Examiner Summary Report (as defined below), engage in communication with each Applicant, the objective of which is to resolve matters raised in the Confidential Letter Report and endeavor to reach consensual resolution with each Applicant with respect to that Applicant's requested fees and expenses. Each Applicant may provide the Fee Examiner with supplemental information that the Applicant believes is relevant to the issues raised in the Confidential Letter Report;

f. following communications between the Fee Examiner and the Applicants and the Fee Examiner's review of any supplemental information provided by such Applicants in response to a Confidential Letter Report, conclude the informal resolution period by filing with this Court an aggregate summary report (the "Fee Examiner Summary Report") at least fourteen (14) days before the scheduled interim or final fee hearing. The Fee Examiner Summary Report shall be in a format designed to quantify and present factual data and legal issues relevant to whether the requested fees and expenses of each Applicant are in compliance with the applicable standards of section 330 of the Bankruptcy Code and Local Rule 2016-2, and whether the Applicant has made a reasonable effort to comply with the U.S. Trustee Guidelines. The Fee Examiner Summary Report also shall outline, in general terms, the Applications recommended for Court approval on an uncontested basis, with agreed adjustments, if any; and

g. serve each Fee Examiner Summary Report by email on counsel for the Debtors, counsel for the Committee, and each Applicant whose fees and expenses are addressed in the Fee Examiner Summary Reports, and on the U.S. Trustee by email and first-class mail. No further electronic or mail service of Fee Examiner Summary Reports shall be required..

10. All Retained Professionals subject to this Order shall cooperate with the Fee Examiner's reasonable requests in connection with the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in paragraph 19, below with respect to privileged matters, promptly respond to any reasonable request for information from the Fee Examiner.

11. An Applicant may, if desired, file a response (a "Response") to a Fee Examiner Summary Report no later than seven (7) days before the scheduled interim or final fee hearing and request a ruling with respect to any fees and/or expenses to which an objection was made at the next interim fee hearing or the final fee hearing, or in the alternative, defer filing the Response and request a ruling at any subsequent fee hearing so as to allow continuing discussions with the Fee Examiner. Any Response shall be served upon those parties served with the Fee Examiner Summary Report and the Fee Examiner.

12. The Interim Application submission and reporting schedule for the first four interim fee periods, if applicable, shall be as follows:

| **Interim Fee Period** | **First** | **Second** | **Third** | **Fourth** |
|---|---|---|---|---|
| **Dates** | November 11, 2022[3] - January 31, 2023 | February 1, 2023-April 30, 2023 | May 1, 2023-July 31, 2023 | August 1, 2023-October 31, 2023 |
| **Application Deadline** | March 17, 2023 | June 15, 2023 | September 15, 2023 | December 15, 2023 |
| **Confidential Letter Report** | May 16, 2023 | August 1, 2023 | October 30, 2024 | January 29, 2024 |
| **Summary Report for Uncontested Applications** | Fourteen days prior to hearing | Fourteen days prior to hearing | Fourteen days prior to hearing | Fourteen days prior to hearing |
| **Hearing Date for Uncontested Applications** | June 28, 2023, fee hearing | September 13, 2023, fee hearing | December 13, 2023, fee hearing | March 13, 2024, fee hearing |

[3] Or the effective date of the professional's retention.

13. Any of the reporting periods set forth in paragraph 12, above, may be extended with the consent of the Fee Examiner and the applicable Retained Professional subject to this Order without further order of the Court. Prior to the application deadline for the fourth Interim Applications, counsel to the Debtors, the Committee, and the Fee Examiner shall work in good faith to memorialize in writing the Interim Application submission and reporting schedule for the following four interim fee periods, which schedule shall be consistent with the submission and reporting schedule for the second through and including fourth interim fee periods as set forth above in this Order. Prior to the deadline for the submission of Final Applications, counsel to the Debtors, the Committee, and the Fee Examiner shall work in good faith to memorialize in writing the Final Application submission and reporting schedule for the final fee period, which schedule shall be consistent with the submission and reporting schedule for the second through and including fourth interim fee periods as set forth above in this Order; provided however, that nothing herein shall prohibit a Retained Professional subject to this Order from filing a Final Application in advance of any such final fee period and any such Final Application so filed shall be subject to the submission and reporting schedule of the applicable interim fee period.

14. The Fee Examiner, the Applicants, and the Debtors shall use commercially reasonable efforts to have the undisputed portion of Interim Applications or Final Applications allowed by this Court as soon as reasonably practicable, even if a portion of such Application remains disputed.

15. Subject to a further order by the Court, an Interim Application or Final Application shall not be considered by this Court prior to review by the Fee Examiner and the filing of a Fee Examiner Summary Report specific to such Application, unless the Fee Examiner expressly has stated that such Application should be considered by the Court without the Fee Examiner Summary Report being filed. If applicable, hearings on the Applications shall be

scheduled by this Court in consultation with the Debtors' counsel and counsel for the Committee after the filing of the applicable Fee Examiner Summary Reports by the Fee Examiner, or scheduled in advance of the filing of Fee Examiner Summary Reports with the consent of the Fee Examiner if such hearing date(s) provide sufficient time for the review deadlines set forth in paragraph 9 hereof.

16. Any of the periods set forth above may be extended for the applicable Applicant with the consent of the Fee Examiner and the applicable Applicant without further order of the Court. For all parties other than the Fee Examiner and the U.S. Trustee, the deadline to object to an Application remains governed by the Interim Compensation Order. The U.S. Trustee shall provide an initial response to an Application to the applicable Applicant by email by the deadline to provide the Confidential Letter Report set forth in paragraph 9(d). Any formal objection by the U.S. Trustee shall be filed on or before the deadline for filing the Fee Examiner Summary Report set forth in paragraph 9(f). Any and all objections not raised by the U.S. Trustee in an initial response to an interim fee application and/or an objection to an interim fee application are reserved pending this Court's consideration of final fee applications.

17. Should an Applicant fail to meet one or more deadlines set forth herein for the review of an Application and, in the reasonable discretion of the Fee Examiner, the Applicant's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such Application shall be heard at a subsequent hearing date. Nothing herein shall be construed or interpreted to require the filing of Fee Examiner Summary Reports on all Applications prior to any Application and the Fee Examiner Summary Report specific thereto being considered by this Court, and the delay or adjournment of consideration of any one or more Applications shall not affect the timing of hearings on the Applications of other Applicants.

18. The Fee Examiner is authorized to notice, defend, or appear in any appeal regarding an Application and to conduct and respond to discovery in accordance with the Bankruptcy Rules and Local Rules in connection with any Application.

19. If a Professional or its client provides information to the Fee Examiner that such Professional or client identifies to the Fee Examiner as privileged, work product or confidential in nature, the Fee Examiner shall treat such information as confidential. The disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of, as applicable, work product, attorney-client, or other privilege or the confidential nature of such information.

20. The Confidential Letter Reports shall remain confidential and not be made available to anyone except the applicable Applicant, the Fee Examiner and the U.S. Trustee. In the event that the U.S. Trustee is required (by oral or written questions, interrogatories, requests for information or documents, subpoena, or any other process employed in connection with a judicial, investigatory or administrative proceeding within or outside of the Chapter 11 Cases) to disclose a Confidential Letter Report or any of the information contained therein (a "Potential Disclosure"), the U.S. Trustee shall provide the affected Applicant and the Fee Examiner with prompt written notice (and in no event less than five (5) business days' notice before making any such Potential Disclosure) of any such Potential Disclosure so that the affected Applicant and/or the Fee Examiner may seek an appropriate protective order or other remedy. If no action is taken by the Applicant to obtain a protective order within five (5) business days of receiving notice from the U.S. Trustee of a Potential Disclosure, or if such action is taken, but the Court does not issue a protective order, then the U.S. Trustee may produce the Confidential Letter Reports that are the subject of the Potential Disclosure.

21. The fees and expenses of the Fee Examiner shall be subject to application and review pursuant to section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Order, and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in accordance with this Order shall be charged at the agreed hourly rate as set forth in the Stadler Declaration and shall not include any contingency or success fees. Prior to any rate increase, the Fee Examiner shall provide at least five business (5) days advance notification of such revised hourly rate to the Debtors' counsel, the Committee's counsel, and the U.S. Trustee. The Fee Examiner's expenses shall be subject to the information detail requirements set forth in Local Rule 2016-2(e). The Fee Examiner shall not seek reimbursement of any fees or costs arising from the defense of her fee applications in these Chapter 11 Cases.

22. The Fee Examiner may retain attorneys and other professionals that she deems necessary to assist her in the discharge of her duties. The Fee Examiner's retention of professionals shall be subject to Court approval. The requirements pursuant to Local Rule 9010-1(c) and (d) shall be waived with respect to the Fee Examiner and any attorneys retained by the Fee Examiner, and the Fee Examiner shall not be required to obtain representation by or associate with a member of the Bar of the District Court of Delaware.

23. The Fee Examiner is hereby appointed an officer of the Court with respect to the performance of her duties as Fee Examiner. In the performance of her duties as provided in this Order, the Fee Examiner shall have the maximum immunity permitted by law for an officer of the Court from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by her in her capacity as the Fee Examiner. The Debtors will include the Fee Examiner and her retained professionals in any exculpation provision in any plan the Debtors propose in these

Chapter 11 Cases to the same extent as other parties proposed to be exculpated under such plan. Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee Application in these cases pursuant to section 330 of the Bankruptcy Code shall be barred forever, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with her duties hereunder except in this Court and with the prior approval of this Court, which retains exclusive jurisdiction thereof.

24. Counsel for the Debtors shall promptly serve a copy of this Order, in accordance with the Local Rules, on (i) the U.S. Trustee, (ii) the Committee, (iii) each Retained Professional subject to this Order, and (iv) all parties who have filed a request for notice under Bankruptcy Rule 2002.

25. This Order does not limit the statutory rights and obligations of interested parties in these Chapter 11 Cases, including, but not limited to, the rights of parties-in-interest to object to Applications. Nothing herein shall (i) affect the exemptions and waivers granted to, and the standard of review applied to the Applicants as established under any orders previously entered by this Court; or (ii) affect any party's right to request a waiver of the requirements of Local Rule 2016-2 or the U.S. Trustee Guidelines, to the extent they apply.

26. The Debtors and the Fee Examiner are authorized to take any and all actions necessary to implement and effectuate the terms of this Order.

27. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

28. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. Notwithstanding any provisions of this Order to the contrary, this Court shall retain the ultimate authority to determine whether fees and expenses requested are necessary and reasonable under section 330 of the Bankruptcy Code.

**Dated: March 8th, 2023**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**