-21-

**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref No. __** |

### ORDER AUTHORIZING AND APPROVING THE DEBTORS' KEY EMPLOYEE RETENTION PLAN

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing and approving the Debtors' KERP; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{1368.002-W0070210.}

on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The KERP is authorized and approved in its entirety.

3. The Debtors are authorized, but not directed, pursuant to sections 363(b) and 503(c) of the Bankruptcy Code, to take all actions necessary to implement the KERP on the terms and conditions set forth in the Motion, including making any payments that come due pursuant to the terms thereof during these Chapter 11 Cases and without the need for further Court approval.

4. Before granting an award out of the Role-Based Pool, the Debtors will provide the Committee with seven days' prior notice of the amount and recipient of the proposed award. If the Committee does not object to the proposed award within seven days, the Debtors may grant the proposed KERP award. If the Committee objects to the proposed KERP award, no award may be granted to the proposed KERP Participant out of the Role-Based Pool absent a resolution reached by the Committee and the Debtors or a further order of the Court authorizing the proposed KERP award.

5. Prior to granting any award from the Unallocated Pool that has an aggregate value greater than $100,000, the Debtors will consult with the Committee. Promptly

following any award from the Unallocated Pool, the Debtors will disclose to the Committee the amount and recipient of the award granted out of the Unallocated Pool.

6. Nothing in this Order authorizes the Debtors to make any payments to any insider of the Debtors (as such term is defined in the Bankruptcy Code) or to any of Samuel Bankman-Fried, Gary Wang, Nishad Singh or Caroline Ellison, or any person known by the Debtors to have a familial relationship with any such individual.

7. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order, nor as a result of payment made pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim, or create any rights in favor of, or enhance the status of, any claim held by any employee or other person or entity against the Debtors, or impair the ability of the Debtors to contest or seek relief under any section of the Bankruptcy Code on account of the validity and amount of any payment made pursuant to this Order.

8. Notwithstanding anything contained herein, any and all payments made hereunder to any KERP Participant that is determined by an order of a court of competent jurisdiction to have engaged in illegal activity shall be subject to disgorgement, and all rights and remedies of parties-in-interest in connection with the foregoing are hereby expressly preserved.

9. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

10. This Order is immediately effective and enforceable, notwithstanding the possible applicability of rule 6004(h) of the Bankruptcy Rules or otherwise.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____  
    Wilmington, Delaware

_____  
The Honorable John T. Dorsey  
United States Bankruptcy Judge