**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: April 12, 2023 at 1:00 p.m. ET**<br>**Obj. Deadline: March 24, 2023 at 4:00 p.m. ET** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING
THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS
MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 1121(d)

of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule

9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule

9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), (a) extending the Debtors' exclusive

period to file a chapter 11 plan (the "Exclusive Filing Period") from March 11, 2023 for 180

days through and including September 7, 2023 and (b) extending the Debtors' exclusive period

to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period" and, together with

the Exclusive Filing Period, the "Exclusive Periods") from May 10, 2023 for 180 days through

and including November 6, 2023, in each case without prejudice to the Debtors' ability to seek

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list
of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.

further extensions of the Exclusive Periods.  In support of the Motion, the Debtors respectfully

state as follows:

### Preliminary Statement

1.       The Debtors respectfully seek an extension of the Exclusive Periods to

preserve and build on their progress in these Chapter 11 Cases to date.  The Debtors commenced

these proceedings on an emergency basis, with incomplete books and records, a lack of basic

corporate governance structures, and little understanding of the events necessitating the

bankruptcy filing.  John J. Ray III, the Debtors' new Chief Executive Officer, has previously

described the situation facing the Debtors' new management and advisors as they worked to take

control of these cases as a dumpster fire.  Moreover, as shown by the indictment of FTX founder

Samuel Bankman-Fried and the guilty pleas entered by co-founder Gary Wang, former Alameda

co-CEO Caroline Ellison and former FTX Chief Technology Officer Nashad Singh, substantial

criminal activity occurred at some or all of the Debtors from at least 2019 to just prior to the

Petition Date.  The Debtors continue to cooperate with numerous governmental law enforcement

and regulatory agencies conducting investigations into the Debtors' prepetition activity.

2.       In the face of these challenges and requests, the Debtors have, among

other things, created a silo structure to organize, fund, and oversee the businesses of over 100

Debtors and non-Debtor subsidiaries; launched four sales processes to test the market for specific

business lines; identified and secured over $6 billion of liquid assets; commenced an

investigation as to the prepetition events preceding the Debtors' bankruptcy filings to provide

information to stakeholders and develop litigation claims that will bring value into the Debtors'

estates; and established working relationships with the Committee and other stakeholders that

have allowed for the consensual resolution of dozens of potential disputes and avoided

unnecessary use of the Court's time and resources.  At the same time, the Debtors have dedicated

substantial resources to cooperating with law enforcement and regulators around the world and providing massive amounts of information to assist their efforts.

3.      The Debtors expect their progress to accelerate in the coming six months, the duration of the requested extension of the Exclusive Periods.  The Debtors will soon be filing schedules of assets and liabilities and statements of financial affairs based on currently available books and records, with the claims submission process to follow.  The Debtors are advancing the various ongoing strategic processes in accordance with the Court-approved bidding procedures and non-strategic disposition pursuant to the de minimis asset sale procedures.  The Debtors will also continue their asset protection and recovery efforts, and are working on dozens of potential causes of action to recover assets for the benefit of the Debtors' estates and their creditors.

4.      While the Debtors and their advisors have made significant progress to date, substantial work remains before they will be in a position to prepare a disclosure statement and propose, and solicit votes on, a chapter 11 plan.  Any competing plan processes would hinder, delay and distract from the core objectives set out by Mr. Ray for no reason.  The Debtors are in the best position to manage the plan formulation process, negotiate with stakeholders, and ultimately propose a value-maximizing chapter 11 plan for all stakeholders at the appropriate time.  For the reasons set forth below, the Debtors' first request for an extension of the Exclusive Periods should be granted.

## Background

5.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases

-3-

(the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

6.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24] (the "Ray Declaration"), the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

## Jurisdiction

7.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 1221(d) of the Bankruptcy Code. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

8.      By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, extending (a) the Exclusive Filing Period from March 11,

-4-

4878-4598-3563 v.4

2023 by 180 days through and including September 7, 2023 and (b) the Exclusive Solicitation Period from May 10, 2023 by 180 days through and including November 6, 2023, in each case without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.[2]

**Basis for Relief**

A.      **Legal Standard for Extending the Exclusive Periods.**

9.      Sections 1121(b) and (c) of the Bankruptcy Code provide, respectively, that a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case and the exclusive right to solicit votes for its plan for an additional 60 days. 11 U.S.C. §§ 1121(b), (c).  The Debtors' current Exclusive Filing Period expires on March 11, 2023, and the Debtors' current Exclusive Solicitation Period will expire on May 10, 2023.

10.      Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend a debtor's exclusive period for filing a chapter 11 plan and to solicit votes thereof, for "cause" shown, to a date that is no later than 18 months (to file a plan) and 20 months (to solicit votes) from the Petition Date.  11 U.S.C. § 1121(d).  Although the Bankruptcy Code does not define "cause," legislative history indicates that it is intended to be a flexible standard that provides bankruptcy courts discretion to extend the exclusivity period based on the specific circumstances of a particular case.  *See* H.R. Rep. No. 95-595 at 231; *see also First Am. Bank* v. *Sw. Gloves & Safety Equipment, Inc.*, 64 B.R. 963, 965 (Bankr. D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion.").  This flexibility is intended to give a debtor an adequate opportunity to stabilize its businesses at the outset of the case and to then negotiate a plan with

---

[2]      Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Exclusive Periods shall automatically extend the Exclusive Periods until the Court acts on the Motion without the necessity for entry of a bridge order.

its creditors.  *See In re Spansion, Inc.*, 426 B.R. 114, 140-41 (Bankr. D. Del. 1991) ("The

purpose of the exclusivity period is to provide a debtor . . . with 'the unqualified opportunity to

negotiate a settlement and propose a plan of reorganization.'") (internal quotation omitted).

        11.      The complexity and size of a chapter 11 case alone may warrant extension

of the exclusive periods in order to permit a debtor a meaningful opportunity to formulate and

seek confirmation of a chapter 11 plan.  *See, e.g., In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr.

S.D.N.Y. 1987) (holding that "cause" existed to grant the debtor's first request to extend

exclusivity based on the size and complexity of the case); *accord In re Nicolet, Inc.*, 80 B.R. 733,

741-42 (Bankr. E.D. Pa. 1987) (refusing to deny the debtor's exclusivity motion, despite the

debtor's failure to show cause, because of the case's complexity).  In addition, courts consider

the following non-exclusive factors in determining whether "cause" exists to extend a debtor's

exclusive periods:

- the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

- the existence of good faith progress toward reorganization;

- the fact that the debtor is paying its bills as they come due;

- whether the debtor has demonstrated reasonable prospects for filing a viable plan;

- whether the debtor has made progress in its negotiations with creditors;

- the amount of time that has elapsed in the case;

- whether the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and

- the existence of an unresolved contingency.

*See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (reciting these

"objective factors[,] which courts historically have considered"); *In re Burns & Roe Enters.*,

2005 WL 6289213, at *3-4 (D.N.J. Nov. 2. 2005) (listing some of these factors in defining "cause").

12.    Not all of these factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods.  *See In re Texaco*, 76 B.R. at 327 (holding that "sheer size alone" provided sufficient cause to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) ("[N]ot all [factors] are relevant in every case.  Nor is it simply a question of adding up the number of factors which weigh for and against an extension.  It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); *see also In re Cent. Jersey Airport Servs.*, 272 B.R. 176, 184 (Bankr. D.N.J. 2002) (discussing only two of nine factors in holding that the debtor had shown cause).

13.    This Motion is the Debtors' first request to extend the Exclusive Periods, and is being made only four months into these cases and prior to the filing of their schedules of assets and liabilities and statements of financial affairs (which will occur in the next several days).  Courts in this district routinely grant initial requests to extend exclusivity in large, complex reorganizations similar to these Chapter 11 Cases.  *See, e.g.*, *In re Cred Inc.*, Case No. 20-12836 (JTD) (Mar. 29, 2021) [D.I. 689] (granting first exclusivity extension by 120 days); *In re Mallinckrodt Plc*, Case No. 20-12522 (JTD) (Feb. 25, 2021) [D.I. 1521] (granting first exclusivity extension by 180 days); *In re Boy Scouts of Am. & Del. BSA, LLC*, Case No. 20-10343 (LSS) (Oct. 30, 2020) [D.I. 1606] (granting first exclusivity extension by 155 days); *In re Hertz Corp.*, Case No. 20-11218 (MFW) (Oct. 5, 2020) [D.I. 1411] (granting first exclusivity extension by 180 days).

**B.      Ample Cause Exists to Extend the Debtors' Exclusive Periods.**

14.     The unique challenges facing the Debtors upon the filing of these Chapter 11 Cases alone are sufficient cause to grant the requested extension of the Exclusive Periods. But beyond that, the facts and circumstances presented satisfy each of the relevant factors and demonstrate that ample cause exists to grant the Debtors' requested 180-day extension of the Exclusive Periods.

i.      <u>These Chapter 11 Cases are Large and Complex</u>.

15.     These Chapter 11 Cases are unquestionably large and complex.  There are 100 Debtors, thousands of assets, millions of customers and other parties-in-interest and billions of historical transactions.  There is no debate that these Chapter 11 Cases present issues of fraud, dishonesty, and misconduct in the affairs of the Debtors by past (and not current) management. As Mr. Ray indicated in his First Day Declaration, upon arrival "[n]ever in [his] career ha[d he] seen such a complete failure of corporate controls and such a complete absence of trustworthy financial information as occurred here."  (Ray Decl. ¶ 5.)

16.     The significant challenges facing the Debtors are compounded by contemporaneous criminal and regulatory investigations, with three members of the Debtors' former management team—Caroline Ellison, Gary Wang, and Nishad Singh—having pled guilty to crimes, and Samuel Bankman-Fried currently charged and awaiting trial.  The Debtors have also been cooperating with, and responding to inquiries from, various international, federal and state governmental authorities and agencies regarding the Debtors' prepetition actions.  These Chapter 11 Cases have required coordination with many constituencies not only before this Court, but in several other chapter 11 and foreign insolvency proceedings as well.  The pace of

the Debtors' progress is inevitably impacted by the need to coordinate with, and be responsive to, governmental authorities.

17.     Although enormous progress has been made since the Petition Date, there is much still to do to prepare for the plan process.  The Debtors' new management team and its advisors have spent substantial time and resources creating and verifying accurate financial records and identifying, securing and recovering billions of dollars of assets for the estates. These Chapter 11 Cases involve novel and complex legal issues, some of which may need to be resolved prior to or in connection with the plan of reorganization process.  Accordingly, an extension of the Exclusive Periods is appropriate given the scale and complexity of these Chapter 11 Cases.

      ii.      <u>More Time is Necessary to Permit the Debtors to Negotiate a Chapter 11 Plan and Prepare Adequate Information</u>.

18.     The Debtors' ongoing investigations and forensic work yield new results and information every day.  But there is much more still to be done to advance analyses and provide information to creditors, to secure and recover assets for distribution, and to work to determine the future of the FTX Debtors, including whether a reorganization including restarting the exchanges is in the best interests of creditors.  Notwithstanding the substantial progress made to date, the Debtors and their advisors are still developing the information necessary to prepare the disclosure statement that will be required by Section 1125, and to consider, negotiate and propose a chapter 11 plan.

      iii.      <u>The Debtors Have Made Substantial Progress in These Chapter 11 Cases</u>.

19.     The Debtors have worked diligently to stabilize the Debtors and advance these Chapter 11 Cases.  Very significant progress has been made since the Petition Date, including the Debtors having, among other things:

-9-

- Created a silo structure to organize and fund these Chapter 11 Cases and established new corporate governance arrangements for the global group;

- Prepared first and second day motions, negotiated the requested relief with stakeholders and obtained the requested relief on a largely consensual basis;

- Responded to at least two separate incidents involving unauthorized access to the Debtors' systems and the unauthorized transfers of cryptocurrency;

- Established new cybersecurity protocols;

- Commenced investigation into the scope and nature of customer entitlements on the Petition Date;

- Identified over $6 billion of liquid assets, many of which were frozen by custodians and/or held in the names of third parties to disguise ownership;

- Collected, organized and reviewed voluminous corporate records across various traditional and non-traditional media of communications;

- Provided information to, and cooperated with requests by, global law enforcement and regulatory authorities, including the U.S. Department of Justice, the Financial Services Committee of the U.S. House of Representatives, the SEC, the CFTC, and numerous State and foreign authorities;

- Represented the Debtors in other cryptocurrency chapter 11 cases, including Voyager Digital, BlockFi and Genesis Digital;

- Integrated the Committee into the Chapter 11 Cases, provided them information and established a constructive working relationship;

- Resolved preliminary disputes with the Joint Provisional Liquidators in both the Bahamas and Australia and identified outstanding disputed items concerning FTX Digital Markets;

- Commenced a task force to consider long-term options for the FTX exchanges and related technology;

- Obtained approval for bidding procedures and launched four M&A processes for different operating businesses;

- Commenced processes to review, value and group the sale of hundreds of venture capital, tokens and other assets;

-10-

- Conducted discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; and

- Investigated and developed claims and causes of action to recover assets for the Debtors' estates.

20. This is an extraordinary amount of progress in a uniquely challenging operating environment. The Debtors require additional time to advance their core objectives laid out by Mr. Ray.

iv.    <u>The Debtors Are Paying Their Bills as They Become Due.</u>

21. The Debtors have been paying their undisputed postpetition bills as they become due. Because the Debtors continue to meet their ongoing postpetition obligations, the requested extension of the Exclusive Periods will not jeopardize the rights of any creditors or other parties providing goods or services to the Debtors during these Chapter 11 Cases.

v.    <u>The Debtors Have Demonstrated Reasonable Prospects for Filing a Plan.</u>

22. To date, the Debtors have already identified over $6 billion in assets, and commenced sale processes for different businesses and investments to maximize their value. The Debtors are also investigating, considering, and asserting preference claims, avoidance actions and other potential causes of action that will provide significant value for stakeholders. The Debtors have made significant progress in determining the scope and nature of customer entitlements as of the Petition Date, and recently publicly released a presentation on these issues. *See Notice of Presentation to the Official Committee of Unsecured Creditors* [D.I. 792]. The Debtors will soon file their schedules of assets and liabilities and statements of financial affairs. These efforts go to the core of preparing for plan formulation and demonstrate that the Debtors have reasonable prospects for filing a plan in these Chapter 11 Cases.

-11-

vi.     <u>The Debtors Have Made Progress in Discussions with Creditors and Other Parties-In-Interest.</u>

23.     Since the Committee's appointment in December 2022, the Debtors and the Committee have been working in "lockstep." (Feb. 6, 2023 Hr'g Tr. 118:17.)  The Debtors have responded to the Committee's "extensive discovery requests" and produced over 70,000 documents. (*Id.* 119:7-8, 13.)  The Committee has also noted that they have "had excellent coordination and cooperation from the [D]ebtors' cybersecurity experts" and are "very quickly getting answers to . . . inquiries" they have brought to the Debtors. (*Id.* 120:9-16.)  Put simply, "the system is working." (*Id.* 120:16.)  [As a result, the Committee supports the requested extension of the Exclusive Periods.]

24.     The Debtors have also been in regular contact with other creditors on various issues as these Chapter 11 Cases are progressing, and have also worked closely and resolved issues with other key parties-in-interest in these Chapter 11 Cases.  Indeed, other than objections to certain motions and applications by the U.S. Trustee, virtually all relief obtained so far in these Chapter 11 Cases has been consensual.

vii.     <u>Little Time Has Elapsed in These Chapter 11 Cases.</u>

25.     This is the Debtors' first request for an extension of the Exclusive Periods and comes only four months after the Petition Date.  As noted above, courts routinely grant debtors' first requests for extension of exclusivity of similar lengths.

viii.     <u>The Debtors Are Not Seeking an Extension to Pressure Creditors.</u>

26.     The Debtors' request to extend the Exclusive Periods is not intended to exert leverage over creditors or any other party affected by these Chapter 11 Cases.  To the contrary, the Debtors propose extending the Exclusive Periods to have additional time to share

-12-

information, marshal assets for distribution, and begin plan formulation discussions with the

Committee and other key creditors and stakeholders.

      ix.      <u>Termination of the Debtors' Exclusive Periods Would Adversely Impact These Chapter 11 Cases.</u>

      27.     Termination of the Exclusive Periods would adversely impact the Debtors'

efforts to preserve and maximize the value of their estates and the progress of these Chapter 11

Cases.  Termination would disrupt the critical work that has been and continues to be done in

these Chapter 11 Cases and would increase the costs of administering them substantially, with no

benefit.  The Debtors are best situated and the most effective party to manage the plan process

for the benefit of all stakeholders.

      28.     Accordingly, the Debtors submit that a 180-day extension of the Exclusive

Periods is appropriate in light of the facts and circumstances of these Chapter 11 Cases.

### **<u>Notice</u>**

      29.     Notice of this Motion has been provided to:  (a) the U.S. Trustee;

(b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal

Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for

the District of Delaware and (g) to the extent not listed herein, those parties requesting notice

pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: March 10, 2023
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

4878-4598-3563 v.4