**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: April 12, 2023 at 1:00 p.m. ET**<br>**Objection Deadline: March 24, 2023 at 4:00 p.m. ET** |

**DEBTORS' MOTION TO FILE UNDER SEAL
THE SUPPLEMENTAL DECLARATION OF ARLO DEVLIN-BROWN
IN SUPPORT OF COVINGTON & BURLING LLP'S RETENTION
<u>AS AN ORDINARY COURSE PROFESSIONAL</u>**

The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), by and through their undersigned counsel, hereby submit this motion (the "<u>Motion</u>") to file under seal the *Supplemental Declaration* of Arlo Devlin-Brown in support of Covington & Burling LLP's ("<u>Covington</u>") retention as an Ordinary Course Professional (the "<u>Supplemental Declaration</u>"), filed contemporaneously herewith.  In support of this Motion, the Debtors respectfully state as follows:

<u>**JURISDICTION AND VENUE**</u>

1. The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2),

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief sought herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rule 9018-1.

## BACKGROUND

3.       On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

4.       Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental*

---

[2]    Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

{1368.002-W0070234.}

*Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

5.      On December 21, 2022, the Debtors filed with the Court the *Motion of Debtors for Entry of an Order Implementing Certain Procedures to Retain, Compensate and Reimburse Professionals Utilized in the Ordinary Course of Business* [D.I. 282] (the "OCP Motion").  On January 9, 2023, the Court entered an order approving the OCP Motion [D.I. 432] (the "OCP Order").[3]

6.      On February 8, 2023, pursuant to the OCP Order, the Debtors filed a declaration in support of Covington's retention as an OCP in these Chapter 11 Cases [D.I. 675] (the "Covington Declaration").  Covington serves as pool counsel to represent certain current and former employees of the Debtors (the "Parties") in connection with ongoing investigations by the U.S. Government, as well as related inquiries from other third parties.

7.      Following the filing of the Covington Declaration, the U.S. Trustee responded to the Debtors with certain questions regarding Covington and its role as an OCP, including requesting the name and title or position of each of the Parties.  The U.S. Trustee also requested that Covington file an additional declaration under seal containing this information (the "Confidential Information").

8.      Contemporaneously herewith, the Debtors filed the Supplemental Declaration at the request of the U.S. Trustee to provide the requested additional further disclosures.  Specifically, the Supplemental Declaration contains the identities of the Parties (the "Confidential Information").  As such, the Supplemental Declaration was filed as a restricted document pursuant to Local Rule 9018-1 and the Court's CM/ECF procedures.

---

[3] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the OCP Order.

## RELIEF REQUESTED

9.      The Debtors seek entry of an order, substantially in the form of the proposed order submitted herewith, (i) authorizing the Debtors to file (A) the Supplemental Declaration with the Confidential Information redacted and (B) the unredacted version of the Supplemental Declaration under seal, and (ii) directing that the unredacted version of the Supplemental Declaration not be made available to anyone except the Court, the U.S. Trustee and counsel to the Committee.

## BASIS FOR RELIEF REQUESTED

10.     A bankruptcy court may grant the relief requested herein pursuant to Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.  Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm.  In relevant part, section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).  Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under Bankruptcy Code section 107(b), and provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

12.     Unlike Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(b) does not require a demonstration of "good cause." Rather, if material sought to be protected falls within one of the enumerated categories, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Moreover, the resulting order should be broad, that is "any order which justice requires." FED. R. BANKR. P. 9018; s*ee In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Courts are required to provide such protections, "generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

13.     The Debtors respectfully submit that the Confidential Information in the Supplemental Declaration that they seek to seal pursuant to this Motion is of a sensitive, confidential and proprietary nature, and thus, is confidential commercial information as contemplated by section 107(b)(1) of the Bankruptcy Code. Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the party seeking relief. *Orion Pictures Corp.*, 21 F.3d at 27 (quoting *Ad Hoc Protective Comm. of 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)). Moreover, section 107(b)(1) "establishes the exception to the general rule that court documents are open for public inspection[,]" and under this exception, a party seeking relief "had to show only that the information it sought to seal was 'confidential' and 'commercial' in nature." *Id.*

{1368.002-W0070234.}

14.     As a law firm, Covington is engaged by clients to provide critical legal services and, in many cases, on a confidential basis.  Indeed, the disclosure of the fact that a party is being represented by Covington, especially when the nature of the engagement is as clearly defined as it is in this situation, would immediately reveal that these Parties are being represented in connection with ongoing and non-public investigations.  The unnecessary public disclosure that Parties are being represented by Covington in connection with such investigations risks not only the breakdown of the sanctified attorney-client relationship, but it also poses a very real threat of undermining the professional services and legal counsel that Covington, by the nature of its business, provides to the Parties.

15.     Keeping client information confidential is critical to Covington's business. Covington, like many law firms and businesses, depends on preserving good relationships with its existing clients and attracting new clients.  A strong client relationship means maintaining the confidentiality of clients and client information.  Thus, public disclosure of the Confidential Information could potentially weaken Covington's existing client relationships and discourage new clients from engaging with Covington.

16.     Public disclosure of the Confidential Information also could potentially harm the Parties who have reasonably relied on Covington to keep their relationships confidential.  While the services provided to the Parties by Covington are related to the Debtors and these Chapter 11 Cases, the potential unredacted public disclosure of the Confidential Information as part of the process of Covington's retention as an OCP is unnecessary and could be prejudicial to the Parties. Among other things, identifying the Parties represented by Covington in connection with ongoing investigations by governmental entities could wrongly suggest to the public that Parties who are mere witnesses in these investigations may have engaged in some form of wrongdoing.  Such a

disclosure in a high-profile case of this nature could impact the ability of the Parties to continue assisting the Debtors in these investigations, hamper opportunities for future employment and otherwise cause unfounded reputational harm.

17.     Further, disclosure of the Confidential Information would result in disclosing information about non-public investigations by the U.S. Government potentially in violation of applicable rules and statutes.  Therefore, the Confidential Information should be sealed to protect information about non-public investigations. *See* Fed. R. Bankr. P.  9018(3); *In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (relying on Fed. R. Bankr. P. 9018(3) to seal evidence related to a confidential government proceeding, stating "The Federal Rules of Bankruptcy Procedure expressly authorize bankruptcy judges to protect governmental matters that are made confidential by statute or regulation"); *see, e.g.*, *Jobin v. Bank of Boulder (In re M & L Bus. Mach. Co.)*, 161 B.R. 689, 692 (D. Colo. 1993) (granting motion to seal to, among other things, avoid compromising an ongoing investigation); *In re Refco, Inc.*, Case No. 05-60006-RDD (Bankr. S.D.N.Y. Nov. 29, 2005) (Order) (finding sealing of records was necessary to protect the Government's ongoing criminal investigation related to the debtors' case).

18.     In addition, grounds exist to seal the Supplemental Declaration under Bankruptcy Code section 107(b)(2).  Disclosing the Confidential Information—*i.e.*, publicly naming the Parties—could harm the Parties given the highly publicized nature of these Chapter 11 Cases. Identifying the Parties as individuals represented in connection with non-public investigations by the U.S. Government could give the impression to the public that the Parties are wrongdoers, or being investigated as wrongdoers, when that is not the case.  *See In re Gordon Props., LLC*, 536 B.R. 703, 712 (Bankr. E.D. Va. 2015) (holding under 11 U.S.C. 107(b)(2) that if a disclosure is "found to be scandalous, the court is required to protect the parties involved").  Identifying the

7

Parties in the context of Covington's retention as an OCP in these Chapter 11 Cases, and the assumptions that the public might make based on such disclosure, would create a real threat to the reputation of the Parties and would expose them to an unnecessary risk of physical harm or harassment.

19.     Moreover, nearly all of the Parties are customers of the Debtors.  Thus, the Debtors are already authorized to file under seal the names of those Parties that are customers in accordance with the *Final Order (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on a Final Basis and (III) Granting Certain Related Relief* [D.I. 545].

20.     Covington has recognized (and been responsive to) its disclosure obligations under the OCP Order and has worked with the Debtors to narrowly tailor the request set forth in this Motion to protect only the kind of information that is entitled to be protected under Bankruptcy Code section 107(b).

21.     This Court granted similar relief and authorized the sealing of similar confidential information in connection with the retention of professionals in other chapter 11 cases.  *See, e.g.*, *In re Edgemarc Energy Holdings, LLC,* No. 19-11104 (JTD) (Bankr. D. Del. July 31, 2019) [D.I. 423] (sealing certain confidential information in connection with the retention applications filed by certain of the debtors' proposed retained professionals); *In re Checkout Holding Corp.*, No. 18-12794 (KG) (Bankr. D. Del. May 3, 2019) [D.I. 377] (same); *In re CTI Foods, LLC*, No. 19-10497 (CSS) (Bankr. D. Del. Apr. 8, 2019) [D.I. 148] (same).

22.     As a result, the Debtors believe that authorizing the Confidential Information to be filed under seal is the best method to provide the disclosure to the Court as requested by the U.S.

Trustee, while avoiding the negative consequences of public disclosure.

## <u>NOTICE AND NO PRIOR REQUEST</u>

23.     The Debtors have provided notice of this Motion to the following, or in lieu thereof, their counsel, if known: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

24.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

## <u>Conclusion</u>

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto (i) authorizing the Debtors to file (A) the Supplemental Declaration with the Confidential Information redacted and (B) the unredacted version of the Supplemental Declaration under seal, and (ii) directing that the unredacted version of the Supplemental Declaration not be made available to anyone except the Court, the U.S. Trustee, counsel to the Committee, and (iii) granting such other and further relief as is just and proper.

Dated: March 10, 2023
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com
       bellerb@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*

{1368.002-W0070234.}