# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*,[1] | ) | Case No. 22-11068 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No.** |

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO PERMIT INSURERS TO ADVANCE AND/OR REIMBURSE DEFENSE COSTS AND FEES UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES

Upon the motion (the "Motion")[2] of Samuel Bankman-Fried for entry of an order, pursuant to section 362(d)(1) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-1, finding that the automatic stay does not apply, or, to the extent it does apply, lifting and modifying the automatic stay to permit, in connection with the Pending Claims (i) Relm Insurance Ltd. ("Relm") to advance and/or reimburse Defense Costs to Mr. Bankman-Fried under and in accordance with the terms of the Relm Insurance Ltd. Private Company Management Liability Policy, Policy No. RILPDO3922022 (the "Relm D&O Policy") and (ii) Beazley Group ("Beazley") to advance and/or reimburse the Defense Costs to Mr. Bankman-Fried under and in accordance with the terms of the Excess Claims Made Directors and Officers Liability Insurance, Policy No. B0146ERUSA2201490 (the "Beazley Excess Policy"), as more

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used, but not defined, herein shall have the meanings ascribed to such terms in the Motion.

2323799.8

fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The automatic stay imposed under section 362(a) of the Bankruptcy Code does not apply, or, to the extent it does apply, the automatic stay is lifted and modified solely to the extent necessary to permit and authorize Relm and Beazley to evaluate coverage and to make payments under and in accordance with the terms of the D&O Policies to or for the benefit of Mr. Bankman-Fried for the reimbursement and payment of any covered Defense Costs incurred in connection with the Pending Claims. The payments contemplated in this Order may include both Defense Costs that remain outstanding as a result of the Debtors' chapter 11 bankruptcy filings, as well as Defense Costs that have and may continue to be incurred by Mr. Bankman-Fried unless or until the Defense Costs no longer qualify as Non-Indemnifiable Losses.

3. Any payment or advancement made to Mr. Bankman-Fried by Relm under the Relm D&O Policy or by Beazley under the Beazley Excess Policy shall not be considered property of the Debtors' estates.

4. The automatic stay imposed under section 362(a) of the Bankruptcy Code shall not subject either Relm or Beazley to liability for advancing any payment in connection with past, present and/or future Defense Costs and other losses incurred by Mr. Bankman-Fried with respect to the Pending Claims or any other action or Claim covered by the D&O Policies.

5. Nothing in this Order shall modify or alter the terms of the D&O Policies or the parties' contractual rights and obligations thereunder.

6. Nothing in this Order shall preclude Mr. Bankman-Fried from, at any time, seeking further access to other insurance policies.

7. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.