# **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref No. __** |

**ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO SETTLEMENT AGREEMENT WITH MODULO CAPITAL, INC., MODULO CAPITAL ALPHA FUND LP, XIAOYUN ZHANG, AND DUNCAN RHEINGANS-YOO; (B) APPROVING THE SETTLEMENT AGREEMENT; AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to enter into the Agreement, which is attached hereto as Exhibit 1, (b) approving the Agreement, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to enter into the Agreement.

3. The terms of the Agreement are approved in their entirety.

4. The failure to specifically include or reference any particular term or provision of the Agreement in this Order shall not diminish or impair the effectiveness of such term or provision.

5. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6. The Modulo Entities shall have no liability to any party for transferring the Settlement Assets to the Debtors in accordance with the terms of this Order and the Agreement.

7. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

8. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

-3-

9. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
       Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

# **Exhibit 1**

**Settlement Agreement**

EXECUTION VERSION

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of March 17, 2023 (the "Settlement Date"), by and among (a) Modulo Capital, Inc., an international business company organized under the laws of the Bahamas ("Modulo"); (b) Modulo Capital Alpha Fund LP, a limited partnership organized under the laws of the Cayman Islands ("Modulo Fund" and, together with Modulo, the "Modulo Entities"); (c) Xiaoyun "Lily" Zhang ("Zhang"); (d) Duncan Rheingans-Yoo ("Rheingans-Yoo"); and (e) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the chapter 11 cases being jointly administered under the caption *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.) (collectively, the "FTX Debtors"), including but not limited to Alameda Ventures Ltd. (n/k/a Maclaurin Investments Ltd.), Alameda Research LLC, Alameda Research Ltd. and Alameda Research Investments Ltd. (n/k/a Goodman Investments Ltd.) (together, the "Alameda Debtors").[1] Modulo, Modulo Fund, Zhang, Rheingans-Yoo and the FTX Debtors are each referred to herein as a "Party" and are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, Alameda Ventures Ltd. and the principals of Modulo, Zhang and Rheingans-Yoo, executed a non-binding term sheet on February 2, 2022, whereby Alameda Ventures Ltd. or its affiliates would invest $25 million in one or more general partnership entities to be formed and managed by Zhang and Rheingans-Yoo;

WHEREAS, Alameda Research Ltd. transferred $25 million to Modulo on May 19, 2022 as contemplated by the term sheet (the "GP Transfer");

WHEREAS, Alameda Research Investments Ltd. and Modulo entered into a shareholders agreement dated June 16, 2022 (the "Shareholders Agreement"), whereby Alameda Research Investments Ltd. would hold 20% of Modulo's non-voting Class A shares;

WHEREAS, Modulo and Alameda Research Ltd. executed a limited partnership agreement governing the Modulo Fund on June 16, 2022 (the "Limited Partnership Agreement");

WHEREAS, following the execution of the Limited Partnership Agreement, certain of the Alameda Debtors transferred $450,000,000 to the Modulo Fund (the "LP Transfers" and together with the GP Transfer, the "Alameda Transfers");

WHEREAS, on November 11 and 14, 2022,[2] the FTX Debtors, including, without limitation, the Alameda Debtors, filed petitions for voluntary relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are being jointly administered in the case captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.);

---

[1] A complete list of the FTX Debtors is available at https://restructuring.ra.kroll.com/FTX/Home-Index.

[2] The petition date applicable to the FTX Debtors (the "Petition Date") is November 11, 2022 except for West Realm Shires, Inc.

WHEREAS, the FTX Debtors, including, without limitation, the Alameda Debtors, believe they have meritorious claims to avoid and recover the Alameda Transfers, and related claims arising out of the Alameda Transfers (the "Claims");

WHEREAS, the Modulo Entities, Zhang and Rheingans-Yoo dispute the Claims;

WHEREAS, the Modulo Entities, Zhang and Rheingans-Yoo have undertaken substantial, good-faith efforts to preserve and secure funds and assets related to the Alameda Transfers, which liabilities include two small unvested equity short positions that the Modulo Entities, Zhang and Rheingans-Yoo have been informed cannot currently be liquidated (the "Modulo Short Position");

WHEREAS, the Parties have been engaged in good faith, arm's-length negotiations about resolving the Claims and repayment of the Alameda Transfers;

WHEREAS, in order to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to effect a final settlement and resolution of the Claims; and

WHEREAS, the FTX Debtors, in the exercise of their business judgment, have concluded that final settlement and resolution of the Claims by the terms of this Agreement is in the best interest of the FTX Debtors, their creditors and other stakeholders.

## AGREEMENT

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, all Parties, intending to be legally bound, agree as follows:

1. <u>Recitals Incorporated</u>.  The recitals and paragraphs set forth above are hereby incorporated in full and made a part of this Agreement.

2. <u>Bankruptcy Court Approval Required</u>.  This Agreement among the Parties is subject in all respects to the approval of the Bankruptcy Court evidenced by entry of a written order in a form agreeable to the Parties (an "Approval Order").  The FTX Debtors shall file a motion seeking entry of the Approval Order following execution of this Agreement by all Parties. In the event that the Bankruptcy Court declines to approve this Agreement, or the Approval Order does not become final and non-appealable, this Agreement shall become null and void and of no further force and effect.

3. <u>Settlement Effective Date</u>.  The terms of this Agreement shall become effective upon the Approval Order becoming final and non-appealable (the "Settlement Effective Date"), except for paragraph 9 which shall become effective as of the Settlement Date.

-2-

4. <u>Modulo Entities Asset Transfers to the FTX Debtors</u>.  Within five (5) business days of the Settlement Effective Date, the Modulo Entities shall cause the following assets to be transferred for the benefit of the FTX Debtors (the "<u>Settlement Assets</u>"), as follows:

    (a) Modulo Fund shall transfer all assets in its possession, custody or control relating to the LP Transfers, which the Modulo Entities, Zhang and Rheingans-Yoo represent and warrant consist of approximately $394,000,000 held in the prime brokerage account family ZS9 at JPMorgan Chase Bank, NA, pursuant to the written instructions of the FTX Debtors, less $15,000 to account for the Modulo Short Position; and

    (b) Modulo shall transfer $10,200,000, representing funds from the GP Transfer, pursuant to the written instructions of the FTX Debtors.

5. <u>Other Agreements</u>.  As of the Settlement Effective Date:

    (a) The Modulo Entities, Zhang and Rheingans-Yoo release and disclaim any and all interests in and claims related to any assets held in accounts on the FTX.com or FTX US exchanges (the "<u>Modulo Exchange Accounts</u>"), which the Parties agree consist of approximately $56,000,000 as of the FTX Debtors' Petition Date; and

    (b) The Modulo Entities, Zhang and Rheingans-Yoo release and disclaim any and all interests in and claims related to all assets in the account ending in 5742 held at Interactive Brokers LLC, which as of December 31, 2022 held approximately $79,000, and agree to cooperate with the FTX Debtors to facilitate the transfer of those assets pursuant to the written instructions of the FTX Debtors.

    (c) The FTX Debtors waive, release, and disclaim any rights they have pursuant to paragraph 7.1 of the Shareholders Agreement to invest in certain new business ventures founded by Zhang or Rheingans-Yoo (the "<u>Investment Rights</u>").

    (d) The FTX Debtors waive, release, and disclaim any interest in and claims related to shares of Modulo, or any associated shareholder or ownership rights, they may have under the Shareholders Agreement.

    (e) The FTX Debtors waive, release, and disclaim any rights they have under the Shareholders Agreement and Limited Partnership Agreement to ownership of any intellectual property, data or other confidential or proprietary information developed solely, or otherwise owned or controlled, by the Modulo Entities, Zhang or Rheingans-Yoo (the "<u>Modulo IP</u>").  This waiver, release, and disclaimer does not extend to intellectual property, if any, developed in whole or in part using any intellectual property, data or other confidential or proprietary information owned or controlled by any FTX Debtor (collectively, "<u>FTX IP</u>").

  (f)  The Modulo Entities, Zhang and Rheingans-Yoo represent and warrant that they have not accessed, used or otherwise exploited, and agree not to access, use or otherwise exploit, any FTX IP.  Subject to and consistent with their legal obligations, the Modulo Entities, Zhang, and Rheingans-Yoo shall promptly destroy or remove any tangible embodiments of any FTX IP in their possession or control.

  (g)  The FTX Debtors represent and warrant that they have not accessed, used or otherwise exploited, and agree not to access, use or otherwise exploit, any Modulo IP.  The FTX Debtors shall promptly destroy or remove any tangible embodiments of any Modulo IP in their possession or control.

6.  *Release of Claims by the Modulo Entities, Zhang and Rheingans-Yoo*.  Upon the FTX Debtors' receipt of the Settlement Assets, each of the Modulo Entities, Zhang and Rheingans-Yoo shall be deemed to have waived, discharged, settled, compromised and released any and all claims, causes of actions, liens, rights and remedies they have, had or may have against the FTX Debtors and their estates, subsidiaries and affiliates (and successors and assigns of any of the foregoing) arising out of or relating to the Alameda Transfers, including, without limitation, with respect to the Modulo Exchange Accounts and the Investment Rights, whether known or unknown, liquidated or unliquidated, contingent or non-contingent; provided, however, that the foregoing shall not release any obligations under or claim for breach of this Agreement.

7.  *Release of Claims by the FTX Debtors*.  Upon the FTX Debtors' receipt of the Settlement Assets, the FTX Debtors and their estates, shall be deemed to have waived, discharged, settled, compromised and released any and all claims, causes of action, liens, rights and remedies arising before the Settlement Effective Date, whether known or unknown, liquidated or unliquidated, contingent or non-contingent, that they have, had, or may have against the Modulo Entities, Zhang and Rheingans-Yoo solely with respect to the Claims, including, without limitation, any and all claims, causes of action, rights and remedies with respect to the Alameda Transfers, Modulo Exchange Accounts, Investment Rights, Shareholders Agreement or Limited Partnership Agreement, and legal, operational and logistical support and services provided to Modulo, Zhang and Rheingans-Yoo relating to the Claims; provided, however, that the foregoing shall not release any obligations under or claim for breach of this Agreement.

8.  *California Civil Code § 1542*.  Without suggesting that California law is applicable, the Parties each expressly waive and relinquish any and all provisions, rights and benefits conferred by California Civil Code § 1542 or any similar law of any state or territory of the United States or any principle of common law that is similar, comparable or equivalent to California Civil Code § 1542 with respect to rights, claims, and interests released pursuant to this Agreement.

9.  *Cooperation*.  The Parties shall act consistent with the terms of this Agreement at all times between the Settlement Date and the Settlement Effective Date, and shall have an ongoing obligation to cooperate with each other in effectuating the various transfers, payments and other matters contemplated by this Agreement.  The Parties shall execute and deliver such

further instruments, documents or papers and perform all acts necessary or proper to carry out and effectuate the terms of this Agreement.

10. <u>Warranty of Non-Assignment</u>.  Each Party represents and warrants that it has not assigned or otherwise transferred all or any part of their claims, demands, costs, expenses, liabilities, damages, actions or causes of action against any other Party covered by the releases set forth in paragraphs 4, 5, 6 and 7 above.

11. <u>Binding Effect</u>.  Each Party represents and warrants that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.  Each individual signing this Agreement on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed, and to sign the Agreement.  This Agreement shall be binding upon the Parties hereto and their successors and assigns.

12. <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement among the Parties, and may not be changed, modified or altered in any manner, except in writing, signed by each Party.

13. <u>Execution in Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a Party electronically shall be deemed an original signature hereto.

14. <u>Assignment</u>.  This Agreement is not assignable by any Party in whole or in part, and any attempted or purported assignment of any right or obligation under this Agreement shall be null and void *ab initio*.

15. <u>Interpretation and Rules of Construction</u>.  This Agreement is the product of arm's-length negotiations among the Parties and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof.  The Parties were each represented by counsel during the negotiations and drafting of this Agreement and continue to be represented by counsel.  All references to dollars or "$" in this Agreement refer to United States dollars.  In addition, this Agreement shall be interpreted in accordance with section 102 of the Bankruptcy Code.

16. <u>No Admission of Liability</u>.  Neither this Agreement nor the fact of its execution shall constitute an admission or acknowledgement of liability or wrongdoing by any Party.

17. <u>Jurisdiction/Choice of Law</u>.  The Bankruptcy Court shall retain, and each of the Parties irrevocably consents to, jurisdiction with respect to all matters arising from or related to this Agreement, including, without limitation, for purposes of enforcing the terms and conditions of this Agreement.  This Agreement shall be governed by the laws of the State of Delaware.

18. <u>No Waiver</u>.  No failure or delay by either Party in exercising any right, power, or privilege under this Agreement or applicable law shall operate as a waiver by that Party of any such right, power, or privilege.

19. <u>Severability</u>.  If, after the Settlement Effective Date, any term, clause, or provision of this Agreement is invalidated or unenforceable by operation of law or otherwise, the Parties shall negotiate in good faith a replacement, but legally valid, term, clause, or provision that best meets the intent of the Parties.  The remaining provisions of this Agreement will remain in full force and effect.

20. <u>Costs</u>.  Each Party to this Agreement shall bear its own attorneys' fees and costs incurred in connection with this Agreement and completion of the transfers contemplated herein.

21. <u>Notices</u>.  For purposes of this Agreement, any notice to the Parties shall be in writing and delivered via email and overnight courier as follows:

if to the Modulo Entities, Zhang, or Rheingans-Yoo, to:

> Lily Zhang and Duncan Rheingans-Yoo
> Zuckerman Spaeder LLP c/o Almas Abdulla
> 1800 M Street NW, Suite 1000
> Washington, D.C. 20036
> E-mail:  lily@modulocapital.com; duncan@modulocapital.com;
> aabdulla@zuckerman.com

with copies to:

Zuckerman Spaeder LLP
1800 M Street NW, Suite 1000
Washington, D.C. 20036
Attn:  Aitan Goelman and Andrew N. Goldfarb
E-mail:  agoelman@zuckerman.com; agoldfarb@zuckerman.com

if to the FTX Debtors, to:

> John J. Ray III
> 125 Broad Street
> FTX Mail Room, 32nd Floor
> New York, New York 10004
> E-mail:  jray@greylockpartnersllc.com

with copies to:

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Attn:  Brian D. Glueckstein and Jacob M. Croke

E-mail:  gluecksteinb@sullcrom.com; crokej@sullcrom.com

IN WITNESS THEREOF, the Parties have executed this Agreement as of the date set forth below.

Dated:  March 17, 2023
New York, New York

        John J. Ray III, solely in his capacity as Chief Executive Officer of the FTX Debtors,

        By: _____
            John J. Ray III

Dated:  March __, 2023
New York, New York

        Modulo Capital, Inc.

        By: _____
            Xiaoyun Zhang

        By: _____
            Duncan Rheingans-Yoo

Dated:  March __, 2023
New York, New York

        Modulo Capital Alpha Fund LP

        By: _____
            Xiaoyun Zhang

        By: _____
            Duncan Rheingans-Yoo

Dated:  March __, 2023
New York, New York

        Xiaoyun Zhang

        By: _____
            Xiaoyun Zhang

E-mail: gluecksteinb@sullcrom.com; crokej@sullcrom.com

IN WITNESS THEREOF, the Parties have executed this Agreement as of the date set forth below.

Dated: March __, 2023
New York, New York

    John J. Ray III, solely in his capacity as Chief Executive Officer of the FTX Debtors,

By: _____
  John J. Ray III

Dated: March 18, 2023
New York, New York

    Modulo Capital, Inc.

By: _*Lily Zhang*_____
  Xiaoyun Zhang

By: _*Duncan Rheingans-Yoo*_____
  Duncan Rheingans-Yoo

Dated: March 18, 2023
New York, New York

    Modulo Capital Alpha Fund LP

By: _*Lily Zhang*_____
  Xiaoyun Zhang

By: _*Duncan Rheingans-Yoo*_____
  Duncan Rheingans-Yoo

Dated: March 18, 2023
New York, New York

    Xiaoyun Zhang

By: _*Lily Zhang*_____
  Xiaoyun Zhang

Dated: March 18, 2023
New York, New York

                                        Duncan Rheingans-Yoo

                                        By: /s/ Duncan Rheingans-Yoo
                                              Duncan Rheingans-Yoo