**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., et al.,[1] | ) | Case No. 22-11068 (JTD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Ref. Docket No. 1143** |

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER SHORTENING TIME FOR THE MOTION OF THE UNITED STATES TRUSTEE TO CERTIFY DIRECT APPEAL TO THE COURT OF APPEALS UNDER 28 U.S.C. § 158(d)**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this objection (this "Objection") to the *Motion for Entry of an Order Shortening Time for the Motion of the United States Trustee to Certify Direct Appeal to the Court of Appeals Under 28 U.S.C. § 158(d)* [Docket No. 1143] (the "Motion to Shorten"),[2] and in support thereof, respectfully states as follows:

**OBJECTION**

1.  No cause exists to shorten the time to respond to the United States Trustee's motion for direct certification and thus, the Motion to Shorten should be denied. The United States Trustee

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used herein that are not defined herein shall have the meanings ascribed to them in the Motion to Shorten.

offers no justification in the Motion to Shorten as to why it has waited until now – over a *month* since the Court entered the Examiner Order – to file the Motion to Certify. Notwithstanding the awareness that this Court may be divested of jurisdiction to adjudicate the Motion to Certify thirty days after filing its *Notice of Appeal* from the Examiner Order [Docket No. 805] (the "Notice of Appeal"), the United States Trustee waited *seventeen days* after filing its Notice of Appeal to then file the Motion to Certify.[3] The United States Trustee has also *not* moved for a stay pending this appeal, as would be appropriate if there was actually a need for the urgency suggested (but not demonstrated) by the Motion to Shorten (and the underlying Motion for Certification).

2.     Moreover, even were this Court to be divested of jurisdiction pursuant to Bankruptcy Rule 8006, the United States Trustee has offered no reason why it would be prejudiced when – as the United States Trustee readily admits in its Motion to Shorten – it can seek the very same relief in the District Court. Rather, the only parties who would be prejudiced are the Appellees that would face a truncated deadline to respond to the merits of the Motion to Certify, and this Court, which would be forced to adjudicate the motion on an expedited basis. The Debtors and the Committee are working diligently on myriad near-term tasks in these Bankruptcy Cases, and imposing the shortened deadline sought by the Motion to Shorten would merely serve to distract from such work.

3.     Having taken its time to prosecute the appeal, the United States Trustee now wishes to impose an unreasonably short deadline on the Committee and the Debtors to respond to same. The Committee fully intends to respond to the Motion to Certify in due course, but the requested shortening of the deadline to do so is simply not necessary or appropriate. The Motion to Certify is a

---

[3]    Indeed, this is consistent with the pace at which the United State Trustee has prosecuted its appeal. The United States Trustee waited thirteen days following entry of the Examiner Order to file its Notice of Appeal, and then an additional fourteen days to file its Designation of Items to be Included in the Record on Appeal [Docket No. 1122] (the maximum allowable time under Bankruptcy Rule 8009).

serious procedural matter for which the Committee and the Debtors should be afforded the full fourteen days prescribed by Bankruptcy Rule 8006(f)(3) to prepare and submit written opposition, particularly under the circumstances of these Bankruptcy Cases. Therefore, the Motion to Shorten should be denied.

WHEREFORE the Committee requests that this Court deny the Motion to Shorten and grant such other and further relief as the Court finds just and appropriate.

| | |
|---|---|
| Dated: March 24, 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Robert F. Poppiti, Jr.*<br>Matthew B. Lunn (No. 4119)<br>Robert F. Poppiti, Jr. (No. 5052)<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mlunn@ycst.com<br>         rpoppiti@ycst.com<br><br>-and-<br><br>PAUL HASTINGS LLP<br>Kristopher M. Hansen*<br>Kenneth Pasquale*<br>Isaac S. Sasson*<br>John F. Iaffaldano*<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>Email: krishansen@paulhastings.com<br>         kenpasquale@paulhastings.com<br>         isaacsasson@paulhastings.com<br>         jackiaffaldano@paulhastings.com<br><br>*Admitted pro hac vice*<br><br>*Counsel to the Official Committee*<br>*of Unsecured Creditors* |