**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. No. 1143<br><br>**Objection Deadline: TBD**<br>**Hearing Date: TBD** |

**DEBTORS' OBJECTION TO MOTION FOR ENTRY OF AN ORDER
SHORTENING TIME FOR THE MOTION OF THE UNITED STATES TRUSTEE TO
CERTIFY DIRECT APPEAL TO THE COURT OF APPEALS UNDER 28 U.S.C. § 158(D)**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this objection (this "Objection") to the *Motion for Entry of an Order Shortening time for the Motion of the United States Trustee to Certify Direct Appeal to the Court of Appeals under 28 U.S.C. § 158(d)* [D.I. 1143] (the "Motion to Shorten"), which seeks to shorten the notice period related to the *Motion of the United States Trustee to Certify Direct Appeal to the Court of Appeals under 28 U.S.C. § 158(d)* [D.I. 1142] (the "Motion to Certify") filed by the United States Trustee (the "U.S. Trustee"). In support of this Objection, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT[2]**

1. Local Rule 9006-1(e) is clear: motions may not be heard on less notice than the Local Rules require absent a recitation of the exigent circumstances that justify shortening

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Terms utilized but not otherwise defined in this Preliminary Statement shall have the meanings ascribed to them in the body of this Objection.

notice.  Delays of one's own making—such as the U.S. Trustee's delay here—do not constitute exigent circumstances that justify shortened notice.

2.  Knowing that this Court retains jurisdiction over the appeal for only thirty (30) days following the filing of the Notice of Appeal, the U.S. Trustee opted to wait for weeks to file the Motion to Certify and now would have this Court deprive the Debtors and other parties-in-interest from the time they are entitled to respond to it under the Local Rules.  For reasons unknown to the Debtors, the U.S. Trustee waited a full thirteen (13) days after the entry of the Examiner Order (nineteen (19) days after this Court's bench ruling denying the Examiner Motion) to file its Notice of Appeal, which consists of a single stated issue:  "Did the Bankruptcy Court err in denying the United States Trustee's Motion to appoint an examiner under 11 U.S.C. § 1104(c)?"  Statement of Issues on Appeal, p.2.

3.  The U.S. Trustee then inexplicably waited another *seventeen (17) days* to file its Motion to Certify, making it impossible for the motion to be responded to on regular notice and heard by this Court within the time prescribed by Bankruptcy Rule 8006(b).  This means the U.S. Trustee made a strategic decision to wait a full thirty (30) days following entry of the Examiner Order (thirty-six (36) days after the Court's February 15 ruling) to file the Motion to Certify.  The timing issues facing the U.S. Trustee are entirely of its own making and not cause for expedited relief.

4.  The U.S. Trustee has failed in the Motion to Shorten to establish the exigencies required for shortened notice, much less to explain why it chose to proceed in a manner that would require notice to be shortened.  Granting the Motion to Shorten would reward the U.S. Trustee for its delay and prejudice the Debtors, the Creditors' Committee and other parties in

interest by depriving them of the time afforded under the Bankruptcy Rules and Local Rules to respond to the Motion to Certify. The Motion to Shorten should be denied.

## BACKGROUND

### A. The Debtors and Their Chapter 11 Cases

5. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the U.S. Trustee appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

6. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

### B. The U.S. Trustee's Motion to Appoint an Examiner and Appeal of the Examiner Order

7. On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [D.I. 176] (the "Examiner

Motion") seeking an order appointing an examiner pursuant to section 1104(c) of the Bankruptcy Code.

8. On February 6, 2023, the Court held a hearing on the Examiner Motion.

9. On February 15, 2023, the Court issued a bench ruling denying the Examiner Motion and directing the parties to meet and confer regarding a form of order to be submitted under certification of counsel. *See* Feb. 15, 2023 Hr'g Tr. at 17:7-10.

10. On February 17, 2023, the U.S. Trustee circulated to necessary parties its draft form of order denying the Examiner Motion, which the parties approved that day. Four days later, on February 21, 2023, the U.S. Trustee filed its *Certification of Counsel* [D.I. 745] submitting a simple, consensual proposed form of order denying the Examiner Motion in a single decretal paragraph. On the same day the Court entered the *Order Denying the Motion for the Appointment of an Examiner* [D.I. 746] (the "Examiner Order").

11. A full two weeks after entry of the Examiner Order, on March 6, 2023, the U.S. Trustee filed the *Notice of Appeal and Statement of Election* [D.I. 805] (the "Notice of Appeal") appealing the Examiner Order. On the same day, the appeal was docketed in the United States District Court for the District of Delaware (the "District Court") under the caption *Andrew R. Vara v. FTX Trading LTD. et al.*, Civil Action No.: 23-cv-00241. Two weeks later, on March 20, 2023, the U.S. Trustee filed its *Designation of Items to be included in the Record on Appeal* [D.I. 1122] and its *Statement of Issues to Be Presented on Appeal* [D.I. 1123] (the "Statement of Issues on Appeal").

12. After business hours on March 22, 2023, counsel to the U.S. Trustee asked the Debtors and the Official Committee of Unsecured Creditors (the "Creditors' Committee") whether they would agree to (a) jointly certify a direct appeal of the Examiner Order to the United

States Court of Appeals for the Third Circuit and (b) have a motion to certify a direct appeal heard by this Court on shortened notice prior to April 5, 2023 with objections due the day before the hearing. Counsel to the Debtors and the Creditors' Committee promptly declined these requests.

13. On March 23, 2023, the U.S. Trustee filed the Motion to Certify and the Motion to Shorten—seventeen days after filing its Notice of Appeal.

## ARGUMENT

14. Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides that "[n]o motion will be scheduled on less notice than required by these Local Rules . . . except by order of the Court, on written motion [ ] specifying the exigencies justifying shortened notice."

15. Pursuant to Local Rule 9006-1(c)(i), the U.S. Trustee was required to file and serve the Motion to Certify at least fourteen (14) days prior to a hearing date on the motion. Although the Court has discretion to shorten the notice and objection periods with respect to a motion, Local Rule 9006-1(e) requires the U.S. Trustee, as the moving party, to specify "*the exigencies justifying shortened notice.*" Del. Bankr. L.R. 9006-1(e) (emphasis added).

16. The Motion to Shorten utterly fails to address Local Rule 9006-1(e) as it contains not a single word regarding the exigencies that necessitate shortening notice of the hearing and response date for the Motion to Certify. The U.S. Trustee simply notes its concern that unless the Court rules on the Motion to Certify prior to April 5, "it may lose authorization to decide such motion." (Motion to Shorten ¶ 19.) Nor does the U.S. Trustee even specify by how much they are seeking to shorten notice, only providing its view that the Court should require the Debtors and other parties in interest to complete briefing and have this Court hear and decide the Motion to Certify prior to April 5, 2023. (*Id.* ¶ 12.)

17. Indeed, the U.S. Trustee has not articulated why the Motion to Certify was not filed on regular notice or why shortening the notice and objection periods are justified under the circumstances. What the Motion to Shorten does make clear is that any "exigencies" cited by the U.S. Trustee are entirely the result of its own delay in failing to timely file the Motion to Certify so it could have been heard on regular notice and decided by the Court prior to April 5.

18. As the U.S. Trustee is well-aware, for purposes of filing the Motion to Certify, the matter on appeal remains pending in the bankruptcy court for thirty (30) days after the notice of appeal becomes effective under Bankruptcy Rule 8002. *See* Bankr. R. 8006(b), Motion to Shorten, ¶¶ 1, 12, 15, 16, and 19. Here, the Notice of Appeal was effective on March 6, 2023 and, pursuant to Bankruptcy Rule 8006(b), the appeal of the Examiner Order remains pending before this Court until April 5, 2023.

19. The U.S. Trustee had more than two weeks after it filed the Notice of Appeal to file the Motion to Certify on regular notice. The U.S. Trustee elected not to do so, however. Instead, without explanation for its delay, the U.S. Trustee chose to file the Motion to Certify on March 23—seventeen days later—when it could not be heard on regular notice before this Court's jurisdiction over the appeal expires on April 5. A party's own delay is not an exigency that warrants shortening notice. *See In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993) (holding that "cause" under Bankruptcy Rule 9006 is not shown when the cause for an expedited hearing is one of the movant's own making).

20. Whether the U.S. Trustee's appeal should bypass the District Court and be heard by the United States Court of Appeal for the Third Circuit under 28 U.S.C. § 158(d)(2) is an important question that requires appropriate briefing on regular notice or pursuant to an agreed briefing schedule. The issue of whether direct certification is appropriate was known to the U.S.

Trustee all along, and the U.S. Trustee should have pursued such relief promptly upon filing its Notice of Appeal. The U.S. Trustee did not, and its failure to timely file the Motion to Certify should not serve to deprive the Debtors, the Creditors' Committee and other parties in interest of the time provided to them under the Bankruptcy Rules and the Local Rules to respond to the Motion to Certify. As no exigencies have been (or can be) articulated to justify shortening notice, the Motion to Shorten must be denied.

## CONCLUSION

21. For the reasons stated above, the Debtors respectfully request that the Court deny the Motion to Shorten and grant such other relief as may be necessary or proper.

| | |
|---|---|
| Dated: March 24, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Adam G. Landis*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          kranzleya@sullcrom.com<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |