## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | Ref. No. 1142 |
| | : | |

**MOTION FOR ENTRY OF AN ORDER SHORTENING TIME FOR THE
MOTION OF THE UNITED STATES TRUSTEE TO CERTIFY
DIRECT APPEAL TO THE COURT OF APPEALS UNDER 28 U.S.C. § 158(d)**

Andrew R. Vara, United States Trustee for Regions Three and Nine (the "United States Trustee"), through his counsel, hereby submits this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto, shortening the time for the Court to consider the Motion of the United States Trustee to Certify Direct Appeal to the Court of Appeals Under 28 U.S.C. § 158(d), Doc. 1142 (the "Motion to Certify") from this Court's order denying the request for appointment of an examiner, Doc. 746 (the "Examiner Order"), to a date on or before April 5, 2023, and shortening the time to object or otherwise respond to the Motion to Certify. In support thereof, the United States Trustee respectfully represents:

### PRELIMINARY STATEMENT

1.      The United States Trustee asks this Court to grant the Motion to Shorten so that the Court may rule on the Motion to Certify on or before April 5, 2023.  Some courts have

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

construed Bankruptcy Rule 8006(b) to require a ruling by this Court on the Motion to Certify on or before the end of the 30-day period referenced therein, or the Court loses authorization to decide the matter.  Under that line of case law, April 5 is the last (30th) day on which this Court may certify the question presented for appeal to the Third Circuit; starting on April 6, only the District Court can grant that relief.

**JURISDICTION, VENUE, AND STANDING**

2.       This Court has jurisdiction over these cases under 28 U.S.C. § 1334.  This Court is authorized to hear and determine the Motion to Shorten and the Motion to Certify under 28 U.S.C. § 157(a)-(b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012.  Venue of the cases is proper in this District under 28 U.S.C. § 1408(1).

3.       Under 28 U.S.C. § 586, the United States Trustee is charged with monitoring the federal bankruptcy system.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Revco*, 898 F.2d at 500 (describing the United States Trustee as a "watchdog").  The United States Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress."  28 U.S.C. § 586(a)(3)(G).

4.       The United States Trustee has standing to be heard with respect to the Motion to Shorten and the Motion to Certify pursuant to 11 U.S.C. § 307.

## BACKGROUND FACTS

5.      On November 11 and 14, 2022, FTX Trading Ltd. and its debtor-affiliates (the "Debtors") filed the voluntary petitions that initiated these cases.

6.      On December 1, 2022, the United States Trustee moved for the appointment of an examiner under 11 U.S.C. § 1104(c).  Doc. 176.

7.      The Debtors and the unsecured creditors' committee (the "Committee") objected to the examiner motion.  Docs. 571 & 573.  The Bahamian joint provisional liquidators of FTX Digital Markets Ltd. (the "JPLs") also filed a limited objection.  Doc. 572.

8.      On February 15, 2023, this Court issued a bench ruling denying the United States Trustee's examiner motion under both sections 1104(c)(1) and (c)(2).

9.      The Examiner Order was entered on the docket on February 21, 2023.  Doc. 746.

10.      The United States Trustee timely filed a notice of appeal on March 6, 2023.  Doc. 805.

11.      On March 23, 2023, contemporaneous with filing this Motion to Shorten, the United States Trustee filed the Motion to Certify.  By the Motion to Certify, the United States Trustee asks this Court to certify the Examiner Order for direct review by the Third Circuit Court of Appeals.  Additional facts specific to the relief requested in the Motion to Certify are set forth therein and are incorporated by reference to this Motion to Shorten.

## RELIEF REQUESTED

12.      By this Motion to Shorten, the United States Trustee requests, pursuant to Bankruptcy Rule 9006(c)(l) and Local Rule 9006-l(e), that the Court shorten the notice required for the Motion to Certify so that the Court may rule on the Motion to Certify prior to April 5, 2023, with an objection deadline set for a date that would permit the Court to

rule on or before April 5, 2023. Pursuant to Bankruptcy Rule 8006(f)(4), the Court may

rule on the Motion to Certify without oral argument, but if the Court wishes to hear oral

argument, the United States Trustee requests that the hearing date be set for a date

available to the Court prior to April 5, 2023, with an objection deadline of the day prior to

the hearing, if that provides sufficient time for the Court to review any objections or

responses.

## BASIS FOR RELIEF

13.     Under Bankruptcy Rule 8006(f)(1), a motion to certify a judgment, order, or

decree of a bankruptcy court for direct review in a court of appeals under 28 U.S.C. § 158(d)(2)

must be filed "within 60 days after the entry of the judgment, order, or decree." As the

Examiner Order was entered on February 21, 2023, the United States Trustee's Motion to

Certify has been timely filed.

14.     Subsection (b) of Bankruptcy Rule 8006 specifies with whom a certification

must be filed, which is "the clerk of the court where the matter is pending. For purposes of this

rule, a matter remains pending in the bankruptcy court for 30 days" after the notice of appeal is

filed. Because the United States Trustee filed his notice of appeal on March 6, 2023, this Court

is the proper venue for filing this Motion to Certify. Fed. R. Bankr. P. 8006(f)(1).

15.     Bankruptcy Rule 8006 provides this 30-day period so that this Court, who is

"familiar with the matter being appealed," may have "an opportunity to decide whether

certification for direct review is appropriate." Fed. R. Bankr. P. 8006 Advisory Committee

Note (2014). Having recently carefully considered the examiner motion, this Court

understands the important legal issue presented in the appeal.

16.      Courts have held, however, that a bankruptcy court loses authorization to

consider a certification motion after the 30-day period.  *See Secs. Inv. Protection Corp. v.*

*Bernard L. Madoff Inv. Secs. LLC*, Adv. P. Nos. 08-01789 (SMB) & 11-02760 (SMB), 2017

WL 3084395, at *2 (Bankr. S.D.N.Y. July 19, 2017); *see also* Fed. R. Bankr. P. 8006(d).

Accordingly, the United States Trustee requests this Court rule on the Motion to Certify on or

before April 5.

17.      Bankruptcy Rule 8006(f)(3) provides that "[a] party may file a response to the

request [for certification] within 14 days after the request is served, *or such other time as the*

*court where the matter is pending allows.*"[2] Fed. R. Bankr. P. 8006(f)(3) (emphasis added).

Pursuant to Local Rule 9006(c)(i), unless the Bankruptcy Rules or the Local Rules state

otherwise, all motion papers must be filed and served 14 days prior to a hearing date.

Additionally, Local Rule 9006-l(c)(ii) requires the deadline for objections to be no later than 7

days before the hearing date.  However, the Court may order that a motion be heard on less

notice than required by the Local Rules upon "written motion (served on all interested parties)

specifying the exigencies justifying shortened notice." Del. Bankr. L.R.  9006-1(e).

18.      Under Bankruptcy Rule 9006(c)(1), "when an act is required or allowed to be

done at or within a specified time by these rules or by a notice given thereunder or by order of

court, the court for cause shown may in its discretion with or without motion or notice order the

period reduced." The Local Rules authorize the Court to order that a motion be heard on less

notice than is required by the Bankruptcy Rules and provide that the Court may rule on a

motion for the same "promptly without need for a hearing." Del. Bankr. L.R. 9006-l(e).

---

[2]    Bankruptcy Rule 8006(f)(3) also provides that a party may file a cross-request for certification within
       14 days after the request is served, or within 60 days after the entry of the judgment, order, or decree,
       whichever occurs first.

19.     Here, there is sufficient cause to grant the Motion to Shorten, because unless this Court rules on the Motion to Certify prior to April 5, 2023, it may lose authorization to decide such motion.

20.     Together, Bankruptcy Rule 9006(c)(l) and Local Rule 9006-l(e) provide ample authority for the Court to afford the relief requested in the Motion to Shorten.  Therefore, the United States Trustee respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

21.     The United States Trustee will promptly serve the Motion to Certify, thus giving parties in interest as much notice as possible prior to the objection deadline.

**NOTICE, AVERMENT PURSUANT TO
LOCAL RULE 9006-1(E) AND NO PRIOR REQUEST**

22.     In accordance with Local Rule 9006-1(e), prior to filing the Motion to Shorten, on March 22, 2023, the United States Trustee's counsel informed counsel to each of the Debtors, the Committee, and the JPLs about the Motion to Shorten, and the objection deadline and potential hearing date to be requested.  The United States Trustee's counsel asked such parties to indicate whether they opposed the shortened notice being requested. Counsel to the Debtors and counsel to the Committee informed the United States Trustee that those parties do not agree to having the Motion to Certify heard on shortened notice.  As of the filing of this Motion to Shorten, counsel to the United States Trustee has not yet received a reply from counsel to the JPLs.

23.     The United States Trustee has provided notice of the Motion to Shorten, by email and through the CM/ECF system, on counsel to the Debtors, the Committee and the JPLs. The United States Trustee has also provided notice through the CM/ECF system to all parties

who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and

who receive CM/ECF notice. Considering the nature of the relief requested herein, the United

States Trustee submits that no other or further notice is required.

24.    No previous request for the relief requested herein has been made to this or any

other court.

## **CONCLUSION**

25.    For the reasons set forth above, the United States Trustee respectfully requests

that the Court enter an Order, substantially in the form attached hereto, granting (a) the Motion to

Shorten so that the Court may rule on the Motion to Certify no later than April 5, 2023, and (b)

such other and further relief as the Court may deem proper.

Dated: March 23, 2023
Wilmington, Delaware

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE, Regions 3 and 9

By:  */s/Juliet Sarkessian*
      Juliet M. Sarkessian
      Trial Attorney

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
FREDERICK GASTON HALL
SUMI K. SAKATA
Trial Attorneys
Department of Justice
Executive Office for United States
  Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
(202) 307-1399
Fax:  (202) 307-2397
frederick.g.hall@usdoj.gov
sumi.sakata@usdoj.gov

ANDREW R. VARA
United States Trustee, Regions 3 and 9
JOSEPH J. MCMAHON, JR.
Assistant United States Trustee
JULIET M. SARKESSIAN
BENJAMIN A. HACKMAN
Trial Attorneys
Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
juliet.m.sarkessian@usdoj.gov
benjamin.a.hackman@usdoj.gov

DAVID GERARDI
ROBERT J. SCHNEIDER, JR.
Trial Attorneys
Department of Justice
Office of the United States Trustee
One Newark Center
1085 Raymond Boulevard, Suite 2100
Newark, NJ  07102
(973) 645-3014 (Phone)
(973) 645-5993 (Fax)
david.gerardi@usdoj.gov
robert.j.schneider@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | : | Chapter 11 |
| *In re* | : | |
| | : | Case No. 22-11068 (JTD) |
| FTX TRADING LTD., *et al.*,[1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| | : | Ref. No. _____ |
| | : | |

**ORDER GRANTING MOTION FOR ENTRY OF
AN ORDER SHORTENING THE TIME FOR MOTION OF
THE UNITED STATES TRUSTEE TO CERTIFY DIRECT APPEAL
TO THE COURT OF APPEALS UNDER 28 U.S.C. § 158(d)**

Upon consideration of the motion of the United States Trustee for entry of an order

shortening the time (the "Motion to Shorten") for the Court to consider the Motion of the

United States Trustee to Certify Direct Appeal to the Court of Appeals Under 28 U.S.C. §

158(d), Doc. 1142 (the "Motion to Certify"); and the Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware, dated February

29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2), and the Court may enter a final order consistent with Article III of the United

States Constitution; and the Court having found that venue of this proceeding and this Motion

to Shorten in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; pursuant to Rule

9006-l(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers
are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases,
a complete list of the Debtors and the last four digits of their federal tax identification numbers is not
provided herein. A complete list of such information may be obtained on the website of the Debtors'
claims and noticing agent at https://cases.ra.kroll.com/FTX.

Bankruptcy Court for the District of Delaware; and the Court having determined that granting

the relief requested in the Motion to Shorten is appropriate; and it appearing that due and

adequate notice of the Motion to Shorten has been given under the circumstances, and that no

other or further notice need be given; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is GRANTED with respect to the Motion to Certify.

2. The Motion to Certify shall be heard on _____, 2023 at ____:00

__.m. (ET).

3. Objections to the relief requested in the Motion to Certify, if any, shall be filed on

or before 4:00 p.m. (ET) on _____, 2023.

4. The Court shall retain jurisdiction with respect to all matters arising from or

related to implementation or interpretation of this Order.


Dated: _____                          _____
      Wilmington, Delaware                          The Honorable John T. Dorsey
                                       United States Bankruptcy Judge