IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. 838 |

**SUPPLEMENTAL DECLARATION OF EDGAR W. MOSLEY II IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE DEBTORS' KEY EMPLOYEE RETENTION PLAN**

I, Edgar W. Mosley II, hereby declare under penalty of perjury:

1. I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operational restructuring.

2. I have more than 20 years of restructuring and distressed investment experience across various industries, including oil & gas, manufacturing, transportation, automotive, retail, industrial construction, telecommunications, healthcare and consumer products. I have a Bachelor's Degree from Harvard University, and have been recognized as a Certified Insolvency and Restructuring Advisor by the Association of Insolvency and Restructuring Advisors, where I served on the board from 2019 until 2020.

3. Since joining A&M, I have been involved in numerous Chapter 11 restructurings including Seadrill Limited (2020 and 2017), Valaris plc, Diamond Offshore

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Drilling, Inc., Imerys Talc America, White Star Petroleum, Southcross Energy, Magnum Hunter Resources, Exide Technologies (where I served as the Chief Restructuring Officer) and Visteon Corporation.

4. On March 8, 2023, I submitted a declaration [D.I. 838, Ex. B] (the "Declaration") in support of the *Motion of Debtors for Entry of an Order Authorizing and Approving the Debtors' Key Employee Retention Plan* [D.I. 838] (the "Motion").[2] I submit this supplemental declaration (the "Supplemental Declaration") in further support of the Motion. I am not being compensated separately for this testimony other than through payments received by A&M as an advisor retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"). Except as otherwise indicated herein, all of the facts set forth in this Supplemental Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by A&M professionals involved in advising the Debtors in these Chapter 11 Cases or information provided to me by the Debtors. If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Supplemental Declaration on behalf of the Debtors.

5. As noted in the Declaration, each of the KERP Participants is essential to the Debtors' businesses and the administration of these Chapter 11 Cases. Notwithstanding the instrumental role that each of the KERP Participants plays in the Debtors' organization and in the administration of these Chapter 11 Cases, none of the KERP Participants takes part in the direction or management of the Debtors' overall business operations. Specifically, none of the KERP Participants serves as decision-makers of the Debtors or oversees or supervises the Debtors' operations. The KERP Participants perform specific, critical tasks, and each KERP

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

Participant devotes his/her time, attention and efforts to a subset of the Debtors' organization, of which he or she is an integral part with the ultimate decision making of officers of the Debtors.

6. Although certain identified KERP Participants may have, or previously had, titles incorporating the word "vice president," "officer," "head," "lead," "controller," "director" or "chief," those titles do not confer officer status upon such KERP Participants. Each of the KERP Participants reports to a more senior employee of the Debtors and all decision making rests with actual officers of the Debtors, all of whom were appointed postpetition. All KERP Participants report to the newly appointed, independent, postpetition management team, none of whom are KERP Participants. None of the KERP Participants has authority to take unilateral action or engage in autonomous decision-making with respect to material corporate actions, including, among other things, the Debtors' corporate policies or the disposition of assets.

7. As part of their diligence in developing the KERP, the Debtors and their advisors reviewed each KERP Participant's historic and current role, title, responsibilities, and solicited feedback from the Debtors' employees. To the best of Debtors' current management's knowledge, the Debtors did not maintain corporate minutes for any board meetings prior to the commencement of these Chapter 11 Cases. Accordingly, the Debtors do not have reason to believe that any KERP Participant was appointed as an officer or director of the Debtors before these Chapter 11 Cases. Only one of the KERP Participants was previously covered by a Directors and Officers insurance policy (a "D&O Policy") sponsored by the Debtors, but, none of the KERP Participants is covered by the Debtors' postpetition policy. No prepetition employees are currently officers of the Debtors.

8. None of the KERP Participants is a relative of any current or former director, officer or person in control of the Debtors.

9. Based on the Debtors' assessment of the KERP Participants, and taking into consideration the abovementioned facts, none of the KERP Participants is an "insider" (as that term is defined in the Bankruptcy Code) of the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: March 27, 2023                    */s/ Edgar W. Mosley II*
                                         Edgar W. Mosley II
                                         Alvarez & Marsal North America, LLC
                                         Managing Director