IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. ECF No. 964**<br>**Hearing Date: April 12, 2023** |

**JOINDER OF CUSTOMER ADVERSARY PROCEEDING PLAINTIFFS IN OPPOSITION TO MOTION OF SAMUEL BANKMAN-FRIED FOR RELIEF FROM THE AUTOMATIC STAY FOR INSURERS TO PAY DEFENSE COSTS**

Parties-in-interest Austin Onusz, Cedric van Putten, Nicholas J. Marshall and Hamad Dar, who are former customer depositors of FTX Trading Ltd. and its affiliated debtors ("FTX" or the "Debtors") and adversary proceeding plaintiffs (together, the "Adversary Plaintiffs"), hereby (1) join the objection (ECF No. 1183) by the Official Committee of Unsecured Creditors (the "Committee") to the *Motion of Samuel Bankman-Fried for Relief from the Automatic Stay, to the Extent Applicable, to Permit Insurers to Advance Defense Costs and Fees Under Directors and Officers Insurance Policies* (ECF No. 964) (the "Stay Motion") and the Debtors' response (ECF No. 1184) (together, the "Objections") to the Stay Motion; and (3) reserve their rights to appear and make additional arguments at the hearing on the Stay Motion, and respectfully state as follows:

**Joinder**

1.     The Adversary Plaintiffs were customers who deposited and held property in the form of cash and/or digital assets at FTX for the purposes of transacting in cryptocurrency. They have been unable to withdraw, use or otherwise access their customer property due to the collapse

of FTX caused by the misconduct of Samuel Bankman-Fried and certain other officers and employees of FTX.

2.      Accordingly, on December 27, 2022, the Adversary Plaintiffs brought an adversary proceeding before this Court – entitled *Onusz, et al. v. West Realm Shires Inc., et al.*, Case No. 22-50513-JTD (Bankr. D. Del.) (the "Adversary Proceeding") – on behalf of themselves and on behalf of a proposed class of customers who deposited cash and digital assets at either or both of FTX U.S.-based and non-U.S.-based trading platforms and have been unable to withdraw, use or access the billions of dollars in assets that were contractually required to be held safely in accounts on their behalf (the "Proposed Customer Class") since shortly before FTX filed these Chapter 11 cases. The Adversary Proceeding asserts claims for, among other things, declaratory judgment, breach of contract, breach of fiduciary duty and conversion against FTX, Mr. Bankman-Fried and others.

3.      The defendants in the Adversary Proceeding – including Mr. Bankman-Fried – are scheduled to answer or otherwise respond to the complaint on or before April 7, 2023. Regardless of the contents of any response, however, there is little doubt that Mr. Bankman-Fried engaged in both civil and criminal unlawful conduct, the Adversary Plaintiffs and Proposed Customer Class are victims of his egregious wrongdoing and they are unlikely to recovery their property in full due to Mr. Bankman-Fried's wrongdoing. Indeed, John J. Ray III has acknowledged that "a substantial portion of [estate property] may be missing, misappropriated, or not readily traceable due to the lack of proper record keeping." (ECF No. 511 at 3).

4.      Now, by his Motion, Mr. Bankman-Fried seeks to lift and/or or modify the automatic stay to the extent necessary to permit the advancement and/or reimbursement to Mr.

Bankman-Fried of defense costs and other amounts covered by $10 million in D&O Policies.[1] Put another way, Mr. Bankman-Fried wants to use the D&O Policies – which could also provide recovery for claims against Mr. Bankman-Fried and FTX by victimized customers (*see, e.g.*, Motion Exhibits B §§ I, II.E.) – to fund his defense to the multiple criminal indictments, regulatory investigations and lawsuits (including the Adversary Proceedings) instead of preserving the comparatively paltry coverage for his victims. Mr. Bankman-Fried's escalating shamelessness is increasingly astounding.

5. For the reasons set forth in the Objections, which the Adversary Plaintiffs join for the limited purpose of contesting the Motion, Mr. Bankman-Fried should not be permitted use of the D&O Polices to fund his defense. This is particularly true where, as here, there will clearly be a massive shortfall in cash and assets to repay customer victims (or indeed, other creditors).

6. In addition, insurance payments to finance the defense of Mr. Bankman-Fried – chief architect of the FTX disaster – out of proceeds that could potentially be applied to satisfy missing customer funds are particularly premature where, as here, the issue raised in the Adversary Proceeding of what, if any, property of Debtors' estates should be used to satisfy customer claims in priority over all other creditors remains unresolved. Until such issues are resolved, payments to Mr. Bankman-Fried that decrease the available proceeds to satisfy customer claims with potential priority is simply premature and unjust.

7. Under section 105 of the Bankruptcy Code, this Court has the authority to fashion appropriate relief to protect the interests of all potential claimants. To protect the interests of all claimants, the Adversary Plaintiffs respectfully submit that relief from the automatic stay should

---

[1] *See* Motion at 1. Capitalized terms undefined herein shall have the meanings ascribed to them in the Motion.

not be granted that would permit premature payments from the D&O Policies until the question surrounding the proper priority to estate assets and proceeds are resolved.

### Reservation of Rights

8.  In addition to their Joinder to the Objections as set forth above, Adversary Plaintiffs reserve for the hearing all rights, arguments and objections concerning the Motion that may arise from subsequent filings by Mr. Bankman-Fried.

Dated:    March 29, 2023
          Wilmington, Delaware

**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**

*/s/ Scott M. Tucker*
Robert J. Kriner, Jr. (Del. Bar. No. #2546)
Scott M. Tucker (Del. Bar. No. #4925)
2711 Centerville Rd, Suite 201
Wilmington, Delaware 19808
Tel. (302) 656-2500
robertkriner@chimicles.com
smt@chimicles.com

**ENTWISTLE & CAPPUCCI LLP**
Andrew J. Entwistle (*pro hac vice*)
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Tel: (512) 710-5960
aentwistle@entwistle-law.com

Robert N. Cappucci (*pro hac vice*)
Joshua K. Porter (*pro hac vice*)
230 Park Avenue, 3rd Floor
New York, NY 10169
Tel: (212) 894-7200
Fax: (212) 894-7272
rcappucci@entwistle-law.com
jporter@entwistle-law.com

*Counsel for Adversary Plaintiffs Austin Onusz, Cedric van Putten, Nicholas J. Marshall and Hamad Dar*