IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: April 12, 2023 at 1:00 p.m. (ET)<br>Obj. Deadline: April 5, 2023 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR TURNOVER
OF ASSETS HELD BY EXCHANGE ENTITIES**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "Debtors"), including Alameda Research Ltd. and Alameda Research LLC ("Alameda"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 541, and 542(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), authorizing Aux Cayes FinTech Co. Ltd. ("Aux Cayes") and Okcoin USA, Inc ("OKcoin"; together with Aux Cayes, "the Exchange Entities") to take certain steps pursuant to the applicable terms of service to turn over to the Debtors certain assets in all accounts held by either of the Exchange Entities in the names of Alameda Research LLC, Alameda Research Ltd., David Ratiney, Zixiao "Gary" Wang, and Myth Success Ltd. In support of the Motion, the Debtors rely upon the *Declaration of David Ratiney in Support of Motion of Debtors for Turnover of Assets Held by Exchange Entities* (the "Ratiney Declaration") submitted contemporaneously herewith and respectfully submit as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0070413.}

**BACKGROUND**

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

**FACTS SPECIFIC TO THE RELIEF REQUESTED**

3. The Debtors have been in discussions with the Exchange Entities regarding certain accounts that the Debtors and each of the Exchange Entities have identified as containing assets of the Debtors. Specifically, the Exchange Entities and the Debtors have identified the following accounts, including any and all sub-accounts (collectively, the "Exchange Accounts"):

- Account No. ending in 4208, held nominally by David Ratiney, is property of Debtor Alameda Research LLC (*see* Ratiney Declaration ¶¶ 2-4), containing digital assets valued at approximately $150 million, as well as one open swap position with a current value of approximately $2 million net of fees (as of March 2023);

- Account No. ending in 1376, held nominally by Myth Success LTD, is property of Debtor Alameda Research LLC, containing digital assets valued at approximately $7 million (as of March 2023);

- Account No. ending in 0592, held nominally by Zixiao "Gary" Wang, is property of Debtor Alameda Research LLC, containing digital assets valued at approximately $300,000 (as of March 2023);

- Account No. ending in 7222 in the name of Debtor Alameda Research Ltd., containing digital assets valued at approximately $7 million (as of March 2023); and

- Account No. ending in 5731 in the name of Debtor Alameda Research LLC, containing digital assets valued at approximately $1.5 million (as of March 2023).

4. All of the Exchange Accounts that were held nominally by individuals or entities other than Debtors were funded by, controlled, or used solely for the benefit of Debtor Alameda Research LLC or another Debtor or their subsidiaries. All of the Exchange Accounts were frozen as of the Petition Date or shortly thereafter.

5. Each of the Exchange Entities understands (in part in reliance on the Ratiney Declaration) that the net digital assets contained in the Exchange Accounts, including the proceeds after termination of the open swap position in the account held nominally by David Ratiney (collectively, the "Assets") are property of the Debtors' estates because they are held solely in the name of Alameda Research Ltd. or Alameda Research LLC, or were funded by, controlled, or used solely for the benefit of Debtor Alameda Research LLC or another Debtor or their subsidiaries.

6. Each of the Exchange Entities has represented to the Debtors that it is ready, willing, and able to transfer the Assets in the Exchange Accounts to the Debtors but is requiring an order of this Court to do so.

7. The Debtors have prepared several digital asset wallets into which the Assets are to be transferred, in accordance with this Court's *Final Order (I) Authorizing the Debtors to (A) Operate a Postpetition Cash Management System, (B) Maintaining Existing Business Forms and (C) Perform Intercompany Transactions, (II) Granting a Partial Waiver of the Deposit Guidelines Set Forth in Section 345(b) and (III) Granting Certain Related Relief* [D.I. 488] (the "Cash Management Order").

### JURISDICTION

8. The United States Bankruptcy Court for the District of Delaware has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

9. The statutory basis for the relief sought herein is Bankruptcy Code sections 105(a), 541 and 542(a).

---

[2] Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**RELIEF REQUESTED**

10. Pursuant to Bankruptcy Code sections 105(a), 541, and 542(a), the Debtors respectfully request entry of an order, substantially in the form of the Order, directing each of the Exchange Entities to turn over to the Debtors the Assets.

**BASIS FOR RELIEF REQUESTED**

11. The Debtors seek an order from the Court authorizing each of the Exchange Entities to take all actions pursuant to the applicable terms of service, including actions to terminate the one open swap position in the account currently held nominally by David Ratiney and to settle any closed positions in any other of the Exchange Accounts, and to then turn over to the Debtors the Assets, which are property of the Debtors' estates pursuant to Bankruptcy Code Section 541(a)(1). There is no dispute that the Exchange Accounts hold property of certain Debtors—specifically, Debtors Alameda Research Ltd. and Alameda Research LLC. However, each of the Exchange Entities to date has refused to transfer the Assets to the Debtors without an order from this Court. To facilitate the transfer, the Debtors are filing this Motion and requesting entry of the Order.

12. Section 542(a) of the Bankruptcy Code mandates that "[a]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

13. The Assets held by each of the Exchange Entities are property of the Debtors' estates pursuant to Section 541(a)(1) of the Bankruptcy Code, which defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in

property as of the commencement of the case . . . wherever located and by whomever held." 11 U.S.C. § 541(a).[3]

14. "Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law." *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J. 2002). "[T]he Bankruptcy Code 'is not concerned with the 'technicalities of title' when it comes to determining property of the estate.'" *In re NJ Affordable Homes Corp.*, 2006 WL 2128624, at *8 (Bankr. D.N.J. June 29, 2006). Instead, property belongs to the estate where the debtor controls the property or otherwise indicates its "legal or equitable interests" in the property. *E.g.*, *In re Schwartz*, 2014 WL 2621114, at *5 (Bankr. D.N.J. June 12, 2014) (holding that bank account not in debtor's name was nevertheless property of the estate where debtor funded account, showed "ownership, control, and interest" in account, and money "functionally belonged" to debtor).

15. There is no *bona fide* dispute as to the Debtors' ownership of the Assets in the Exchange Accounts. Each of the Exchange Entities understands (in part in reliance on the Ratiney Declaration) that the Assets in the Exchange Accounts are property of the Debtors, and, in discussions, has not contested that the Debtors are entitled to possession of the Assets. Indeed, each of the Exchange Entities has stated to the Debtors that it is able and willing to turn over the Assets upon entry of an order by this Court. The Debtors thus submit that commencing an adversary proceeding is unnecessary. *See* Order Granting Debtor's Mot. for Turnover of Assets Held by Interactive Brokers, *In re FTX Trading*, No. 22-11068 (JTD) (Bankr. D. Del. Feb. 03, 2023), D.I. 616; Order Directing Turnover of Property, *In re LVI Intermediate Holdings, Inc.*,

---

[3] In addition, insofar as either of the Exchange Entities qualifies as a custodian under Bankruptcy Code section 543, it is obligated to "deliver to the [Debtors] any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case." 11 U.S.C. § 543(b).

No. 20-11413 (KBO) (Bankr. D. Del. Mar. 25, 2022), D.I. 700 (ordering the turnover of funds held in a debtor bank account pursuant to Bankruptcy Code sections 105, 541 and 542 via motion practice outside of an adversary proceeding); Order Directing the Liquidation and Turnover of Assets, *In re Katy Indus., Inc.*, No. 17-11101 (KJC) (Bankr. D. Del. June 19, 2017), D.I. 223 (ordering the liquidation and turnover of assets held in a debtor trust account pursuant to Bankruptcy Code sections 105(a), 541 and 542 via motion practice outside of an adversary proceeding). "Turnover under 11 U.S.C. § 542 is a remedy available to debtors to obtain *what is acknowledged to be property* of the bankruptcy estate." *See In re Rite Way Elec., Inc.*, 510 B.R. 471, 484 (Bankr. E.D. Pa. 2014) (quoting *In re Asousa Partnership*, 264 B.R. 376, 384 (Bankr. E.D. Pa. 2001) (emphasis added)).

16. The relief requested also is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code. Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a); *see also United States* v. *Energy Res. Co.*, 495 U.S. 545, 549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."). "The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan R. Resnick & Henry J. Sommer eds., 16th ed. 2022). As part of the Debtors' ongoing asset recovery efforts, it is imperative that the Debtors obtain control and possession over the Exchange Accounts and the Assets contained therein.

**NOTICE**

17. The Debtors have provided notice of this Motion to the following, or in lieu thereof, their counsel, if known: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the Exchange Entities; (h) David Ratiney; (i) Zixiao "Gary" Wang; (j) Florence Antonia Matilda Lawrie, the sole owner of Myth Success Ltd.; and (k) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that all parties with an interest in the relief requested have been given adequate notice and that no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

**CONCLUSION**

19. WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is deemed just and proper.

| | |
|---|---|
| Dated: March 29, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>      brown@lrclaw.com<br>      pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>       bromleyj@sullcrom.com<br>       gluecksteinb@sullcrom.com<br>       kranzleya@sullcrom.com<br>       crokej@sullcrom.com<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |