**EXHIBIT A-1**

**Application**

| | |
|---|---|
| **COMMONWEALTH OF THE BAHAMAS** | **2022** |
| **IN THE SUPREME COURT** | **COM/com/00060** |
| **COMMERCIAL DIVISION** | |

**IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020 (as amended)**

**AND IN THE MATTER OF the Companies (Winding Up Amendment) Act, 2011**

**AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.**
(A Registered Digital Asset Business)

---

**SUMMONS**

---

**LET ALL PARTIES** concerned attend before **His Lordship the Honourable Chief Justice Sir Ian Winder Chief Justice** of the Supreme Court of the Commonwealth of The Bahamas, in Chambers at the Supreme Court of The Bahamas, Annex 1, Nassau, The Bahamas on _____ the _____ day of _____A.D., **2023** at \_\_\_\_\_o'clock in the _____-noon or as soon thereafter as Counsel can be heard on an application on behalf of the Joint Provisional Liquidators (the "**JPLs**") of FTX Digital Markets Ltd ("**FTX DM**") pursuant to *the **Companies (Winding Up Amendment) Act 2011, section 199(4)*** and ***the Companies Liquidation Rules 2012, O.4, r.5(2)**, and **Supreme Court Act, section 15*** and/or under the inherent jurisdiction of the Court for binding directions and declarations as to the following matters:

1. How the amendment of the applicable FTX Terms of Service (the "**ToS**") dated 28 February 2022 (the "**Feb ToS**") was effected (if it was) into the form of the ToS dated

13 May 2022 (the "**May ToS**"), and if so from what date did such amendment take effect?

2. What is the applicable governing law by which the questions set out at paragraph 1 fall to be determined?

3. Whether, in the events that have happened, on a proper construction of the applicable FTX ToS, and applying the applicable governing law:

   a. Users of the FTX International Platform were migrated to FTX DM as from the effective date of the May ToS for each such User (or any other date, and if so which);

   b. those Services listed in Schedules 2, 3, 4, 5 6 and 7 to the May ToS (the "**Schedules**") were from that effective date (or any other date, and if so which) provided by FTX DM under the May ToS;

   c. the rights and/or obligations in respect of the Account(s) for each User (each as defined in the relevant ToS) were from that effective date (or any other date, and if so which) rights and/or obligations of FTX DM under the May ToS (in whole or in part, and if in part, in what part);

   d. digital assets and/or fiat transferred by Users to the FTX International Platform were from that effective date (or any other date, and if so which) assets and/or fiat of FTX DM in law (whether transferred before or after that date); and

   e. digital assets and/or fiat presently held, or as may be held in the future, in the name of FTX DM are assets and/or fiat of FTX DM in law?

4. In what capacity does FTX DM hold any digital assets and/or fiat ("asset"). In particular:

    a. what is applicable governing law ;

    b. does FTX DM hold such assets for its own account or on trust;

    c. if FTX DM holds any such assets on trust:

        i. what assets are subject to the trust;

        ii. how much flexibility does FTX DM as trustee have, for example:

            1. is there a requirement to segregate that asset;

            2. is there a right to use that asset for any purpose;

        iii. is the trust over a fluctuating pool of assets for the benefit of all Users of FTX DM as co-owners as well as FTX DM itself to the extent that any of its assets are within such pool;

        iv. does each User have the right to trace their property into specific assets held on trust; and

        v. what rights do Users have against FTX DM in respect of shortfalls in the assets held on trust; and

    d. can cryptocurrency and/or fiat be held by FTX DM as bailee?

5. Whether the counterparty in respect of perpetual future contracts who transacted on the FTX International Platform on or after 13 May 2022 was FTX DM, a User or someone else (and if so who)?

6. For the purposes of determining the questions set out at paragraphs 1 to 5, a direction pursuant to **CPR Part 21.4**, that one or more persons who have an interest in the determination of the questions in this Summons be appointed for the purposes of making representations to the Court.

7. An order that the costs of and occasioned by this Summons be provided for.

DATED this **[x]** day of **March** A.D., **2023**

**REGISTRAR**

*This Summons was taken out by Lennox Paton, Chambers, 3 Bayside Executive Park, West Bay Street and Blake Road, Nassau, The Bahamas, Attorneys for the Joint Provisional Liquidators*

**123**

**COMMONWEALTH OF THE BAHAMAS**

**IN THE SUPREME COURT**

**Commercial Division**

**IN THE MATTER OF the Digital Assets and Registered Exchanges Act, 2020 (as amended)**

**AND IN THE MATTER OF FTX DIGITAL MARKETS LTD.**
(A Registered Digital Asset Business)

**AND IN THE MATTER OF the Companies (Winding Up Amendment) Act, 2011**

**SUMMONS**

2022
COM/com/00060

**LENNOX PATON**
Chambers
No. 3 Bayside Executive Park
Blake Road and West Bay Street
Nassau, New Providence
The Bahamas
*Attorneys for the Joint Provisional Liquidators*