**EXHIBIT G**

**Joint Provisional Liquidators' March 13th Letter**

WHITE & CASE

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

March 13, 2023

VIA E-MAIL

Andrew Dietderich
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

**Re: Joint Provisional Liquidators (the "JPLs") of FTX Digital Markets, Ltd. ("FTX Digital") Draft Application**

Dear Andy:

We write in response to your letter of March 11.

As our letter of March 9 made clear, the Application to be filed in the Supreme Court of The Bahamas (the "Bahamas Court") addresses matters of concern to the provisional liquidation of FTX Digital that is taking place in The Bahamas, not the U.S. Without the resolution of those matters by the Bahamas Court, which is the court with control and supervision of the provisional liquidation of FTX Digital and the JPLs, the restructuring and/or winding up of the FTX Digital estate cannot progress.

These matters concern FTX Digital and are not, as you assert, "*in front of*" Judge Dorsey. They fall squarely within the jurisdiction of the Bahamas Court in relation to a Bahamas-incorporated company in provisional liquidation in The Bahamas. The Application raises issues under the laws of the Bahamas, Antigua & Barbuda and England (not U.S.). The Application concerns stakeholders in FTX Digital's insolvency in The Bahamas, not those of the Debtors in their chapter 11 cases. The JPLs are entitled to look to their own Court, with substantial experience of the routine application of the applicable laws, to determine issues that concern the provisional liquidation under the supervision of that Court.

The Application does not, as you suggest, interfere with the Debtors' chapter 11 cases. Just as the Debtors would not ask the Bahamas Court to determine issues of U.S. law relating to their estates in Chapter 11, the JPLs are not required to ask the US court to determine issues integral to the FTX Digital estate.

**WHITE & CASE**

Sullivan & Cromwell
March 13, 2023

While there may be similar issues that arise in the chapter 11 case of FTX Trading Ltd. and that Debtor may desire a "*full adversary proceeding in Delaware*", that is a matter for FTX Trading Ltd. whose main proceedings are in Delaware. FTX Digital cannot be forced to have matters that concern its estate to be determined by a foreign U.S. court in a proceeding that concerns the separate estate of FTX Trading Ltd.

It is with some disappointment that, despite having repeatedly explained to you the features of FTX Digital's provisional liquidation in The Bahamas, you continue to either misunderstand or ignore them. A provisional liquidation under the law of The Bahamas encompasses all stakeholders with a claim against FTX Digital wherever situated. The insolvency law of The Bahamas entitles "*non-Bahamian stakeholders*" full equality with Bahamian stakeholders in relation to their rights and interests. Your suggestion, therefore, that non-Bahamian stakeholders of FTX Digital will, in some way, be discriminated against or prejudiced by the Application is entirely wrong.

As to your assertion that the Application in some way violates the Cooperation Agreement, this is also not true. When negotiating the Agreement the parties were abundantly aware that these issues were not intended to be encompassed by it. As set forth in our March 9 letter, the text of the Cooperation Agreement also makes this point clear.

Regrettably, while the JPLs have lived up to their obligations under the Cooperation Agreement, the Debtors have not. Specifically:

- Clause 4(b): despite agreement that FTX Digital is to be responsible for recovering value from the Tether assets in The Bahamas, the Debtors contacted Tether's counsel, Michael Hilliard, and claimed that those assets belong to the Debtors and not FTX Digital. This has had the predictable and obvious consequence that Tether has refused to release the assets into the control of the JPLs as agreed in the Cooperation Agreement.
- Clause 15: the Cooperation Agreement is clear that the value in properties owned by Propco would be realized by a liquidation proceeding opened in The Bahamas. Despite this fact, the Debtors have refused to cooperate with the JPLs' efforts to begin this process. As a result, Propco's assets in the Bahamas are devoid of management, and risk dissipation and depreciation in value.
- Clause 22: having agreed to share information, the Debtors have failed to make available to the JPLs Whatsapp, slack, emails and other messages passing between employees of FTX Digital and others. These communications are critical to fully understanding the parameters of FTX Digital's estate. During our meetings on the Cooperation Agreement the Debtors expressly agreed to provide these communications, but now the Debtors have inexplicitly reversed their position to do so on the basis of privilege. The privilege in communications by employees FTX Digital is clearly the privilege of FTX Digital and not the Debtors. Even if joint privilege exists with respect to certain documents the parties entered into an NDA to cover these exact situations.
- Clause 9: the Cooperation Agreement also makes clear that the parties shall consult reasonably and in good faith about any action relating to proceedings for asset recovery

2

**WHITE & CASE**

Sullivan & Cromwell
March 13, 2023

functions relating to the International Platform. Despite this and knowing the JPLs' position that such recovery actions seek the return of FTX Digital customer funds, the Debtors have not consulted with us on a single action that has been taken in the Chapter 11 Cases for recovery of assets, including:

- Alameda Adversary Proceeding Case No. 23-50084 (Delaware Bankruptcy Court)
- Voyager Stipulation [Dkt. 769]
- Greyscale Lawsuit Case No. 23-0276 (Delaware Chancery Court)

With respect to your vague, unspecified and unsubstantiated claim that the JPLs have made public statements and statements to third parties or public officials outside of The Bahamas that are somehow false or misleading, we refute this baseless allegation. All of the JPLs' statements have been true and correct. While it is certainly true that the JPLs may have views that differ from those of the Debtors that does not make them false. This is not the first time that the Debtors have made unsubstantiated and false statements about the JPLs, the Bahamian Court and The Bahamas.

With respect to your suggestion that we meet with you concerning the Application, we have made repeated requests over the past month to meet with the Debtors. We remain willing to meet in the hope that the Debtors will live up to the Cooperation Agreement and seek to work with the JPLs in moving matters forward. We propose to set up a zoom conference on Wednesday, March 15, 2023 at 3:00 p.m. EST.

While the JPLs are also happy to discuss the Application with you, the JPLs will not change their view that the Application should be issued in and resolved by the Bahamas Court. Given the positions taken in your letter, and in order to avoid doing anything that could even considerably give you any argument that we are violating the automatic stay, the JPLs are immediately asking the Bahamian Court for authority to file a motion asking Judge Dorsey for an order confirming that the automatic stay does not apply to the Application or, in the alternative, modifying the stay to allow for the Application to be litigated in The Bahamas. We will send you a courtesy copy of that application when filed.

Sincerely,

**Brian Pfeiffer**

**E** bpfeiffer@whitecase.com

cc:  James Bromley
Brian Glueckstein

Christopher Shore
Jason Zakia

3