## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: April 12, 2023 at 1:00 p.m. (ET)** |
| | **Obj. Deadline: April 5, 2023 at 4:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR TURNOVER OF ASSETS HELD BY DIG

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 541 and 542(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), authorizing Deltec International Group ("DIG"), an exempted company with limited liability incorporated in the Cayman Islands, to pay all principal and interest owed under the DIG Promissory Note (as defined below) and granting related relief. In support of the Motion, the Debtors rely upon the *Norton Hall Ltd. Statement of Facts* (the "Statement"), attached hereto as Exhibit B, and respectfully submit as follows:

### Background

1.    On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration

of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order

on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee

for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured

Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

   2. Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental*

*Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental*

*Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Facts Specific to Relief Requested

   3. Reference is made to a promissory note, dated as of October 12, 2021, in a

principal amount of USD 50,000,000, between Norton Hall Ltd. ("Norton Hall"), a company

incorporated under the laws of Antigua and Barbuda, and DIG ( "DIG Promissory Note").

   4. On October 22, 2021, DIG executed and delivered its signature page to the

DIG Promissory Note.

   5. On October 25, 2021, Ryan Salame, under the title of director of Norton

Hall, executed and delivered his signature page to the DIG Promissory Note.

   6. On October 25, 2021, Ryan Salame and Debtor Alameda Research Ltd.

("Alameda") executed a promissory note, dated as of October 25, 2021 (the "Salame Promissory

Note"), pursuant to which Ryan Salame agreed to pay to Alameda the principal amount of USD

50,000,000.00 plus accrued interest.

7.      On October 25, 2021, a loan receivable due from Ryan Salame to Alameda in an amount of USD 50,000,000 was recorded in the books and records of Alameda in relation to the Salame Promissory Note.

8.      On November 4, 2021, USD 50,000,000 (in the form of USDT[2] at a 1:1 ratio to USD), was transferred on the FTX Trading exchange from an account in the name of Alameda to an account in the name of DIG.

9.      The Debtors have been in discussions, and reached agreement, with DIG, Norton Hall and Ryan Salame regarding the repayment of the DIG Promissory Note and the related extinguishment of the DIG Promissory Note and the Salame Promissory Note.

10.      The director of Norton Hall has confirmed that (i) to its knowledge, Ryan Salame is not and has never been a director of Norton Hall, (ii) the director of Norton Hall did not authorize the DIG Promissory Note, (iii) the director of Norton Hall was not aware of the DIG Promissory Note prior to being informed of its existence by counsel to the Debtors and (iv) Norton Hall did not disburse any amounts to DIG in connection with the DIG Promissory Note.  *See* Statement ¶ 5.  DIG has represented to the Debtors that it was not aware of these facts at the time DIG executed the DIG Promissory Note.

11.      The Debtors understand that DIG does not dispute that the proceeds of the DIG Promissory Note were paid solely from the account of a Debtor and that Norton Hall did not disburse any amounts to DIG in connection with the DIG Promissory Note.  DIG has represented to the Debtors that, at the time DIG executed the DIG Promissory Note and received the

---

[2]      USDT, also known as "Tether", is a blockchain-based cryptocurrency stablecoin with a value of approximately USD 1.

4870-1476-8211 v.7

USD 50,000,000 payment, DIG was not aware that the USD 50,000,000 payment had been made from an account in the name of Alameda.

12.    The parties have agreed that, subject to approval of this Motion and entry of the Order, (i) Norton Hall, Ryan Salame, DIG and Alameda will execute an assignment agreement (the "Assignment Agreement"), in substantially the form attached hereto as Exhibit C, (ii) Alameda and DIG will execute the DIG Promissory Note payoff letter agreement (the "DIG Payoff Letter"), in substantially the form attached hereto as Exhibit D, and (iii) Alameda and Ryan Salame will execute the Salame Promissory Note payoff letter agreement (the "Salame Payoff Letter" and, together with the DIG Payoff Letter, the "Payoff Letters"), in substantially the form attached hereto as Exhibit E.

13.    Upon execution of the Assignment Agreement, among other things, Norton Hall irrevocably assigns to Alameda all of its rights and powers, including any right to receive payment of principal and interest, under the DIG Promissory Note and Norton Hall waives any remedy or recourse against DIG and its related parties.

14.    Upon the receipt of an amount equal to USD [•] as of [•], 2023 (together with interest accruing at the rate of USD [•] per calendar day from such date to the date of repayment by DIG, the "Owed Amount") by Alameda, (i) the DIG Promissory Note shall be deemed paid in full and irrevocably discharged and (ii) all obligations of DIG to pay the principal amount, interest and any other amounts or liabilities owing under the DIG Promissory Note shall be automatically and irrevocably released, discharged, terminated and satisfied in full and no obligations or liabilities in respect thereof shall remain outstanding.

15.    Upon the receipt of the Owed Amount by Alameda, (i) all amounts and liabilities owed under the Salame Promissory Note shall be deemed paid in full and irrevocably

discharged and (ii) all obligations of Ryan Salame under the Salame Promissory Note shall be automatically and irrevocably released, discharged, terminated and satisfied in full and no obligations or liabilities in respect thereof shall remain outstanding.

## Jurisdiction

16.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory basis for the relief sought herein is Bankruptcy Code sections 105(a), 541 and 542(b).  Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

17.     Pursuant to Bankruptcy Code sections 105(a), 541 and 542(b), the Debtors respectfully request entry of the Order, substantially in the form attached hereto as Exhibit A, authorizing DIG to pay all principal and interest owed under the DIG Promissory Note to the Debtors.

## Basis for Relief

18.     The Debtors request entry of the Order from the Court directing DIG to pay to the Debtors the amount of principal and accrued interest owed under the DIG Promissory Note pursuant to sections 542(a) and (b) of the Bankruptcy Code.  There is no dispute that the proceeds of the DIG Promissory Note were paid out of the account of Debtor Alameda prior to the Petition date.  DIG has agreed to repay such amounts to the Debtors but has conditioned such repayment

upon entry of the Order.  To facilitate the repayment, the Debtors are filing this Motion and requesting entry of the Order.

19.    Section 542(a) of the Bankruptcy Code mandates that "[a]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

20.    There is no *bona fide* dispute among DIG, Norton Hall, Ryan Salame and the Debtors that the proceeds of the DIG Promissory Note were paid by Debtor Alameda.  All parties acknowledge that the funds were transferred from an account in the name of Alameda and none of the parties have contested that Alameda is not entitled to the return of these proceeds. Indeed, DIG has stated to the Debtors that it is able and willing to repay the amounts owed under DIG Promissory Note prior to their due date upon entry of an order by this Court.  The Debtors thus submit that commencing an adversary proceeding is unnecessary.  *See In re LVI Intermediate Holdings, Inc., et al.*, Case No. 20-11413 (KBO) (Mar. 25, 2022), D.I. 700 (ordering the turnover of funds held in a debtor bank account pursuant to Bankruptcy Code sections 105, 541 and 542 via motion practice outside of an adversary proceeding); *In re Katy Indus., Inc., et al.*, Case No. 17-11101 (KJC) (July 6, 2017), D.I. 223 (ordering the liquidation and turnover of assets held in a debtor trust account pursuant to Bankruptcy Code sections 105(a), 541 and 542 via motion practice outside of an adversary proceeding).  "Turnover under 11 U.S.C. § 542 is a remedy available to debtors to obtain *what is acknowledged to be property* of the bankruptcy estate."  *See In re Rite Way Elec., Inc.*, 510 B.R. 471, 484 (Bankr. E.D. Pa. 2014) (quoting *In re Asousa Partnership*, 264 B.R. 376, 384 (Bankr. E.D. Pa. 2001) (emphasis added)).

21.     Additionally, section 542(b) of the Bankruptcy Code mandates that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor."  11 U.S.C. § 542(b).  Upon entry of the Order, Norton Hall, DIG and Debtor Alameda will execute the Assignment Agreement and all rights and interests under the DIG Promissory Note will be transferred to Alameda.  Upon such transfer, a debt is owed to Alameda and DIG is agreeing to pay such debt.

22.     Finally, the relief requested also is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code.  Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a); *see also U.S.* v. *Energy Resources Co.*, 495 U.S. 545, 549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."). "The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."  2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan R. Resnick & Henry J. Sommer eds., 16th ed. 2022).  As part of the Debtors' ongoing asset recovery efforts, it is imperative that the Debtors recover the amounts owed under the DIG Promissory Note.

4870-1476-8211 v.7

## **Notice**

23.     Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for DIG; (h) counsel for Norton Hall; (i) counsel for Ryan Salame; and (j) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is deemed just and proper.

4870-1476-8211 v.7

Dated:  March 29, 2023
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

4870-1476-8211 v.7