**EXHIBIT C**

**FORM OF**

**ASSIGNMENT AGREEMENT**

This ASSIGNMENT AGREEMENT (this "**Agreement**"), dated as of [•], 2023, is entered into among Norton Hall Ltd., a company incorporated under the laws of Antigua and Barbuda ("**Norton Hall**"), Alameda Research Ltd., a company incorporated under the laws of the British Virgin Islands ("**Alameda**"), Deltec International Group, an exempted company with limited liability incorporated in the Cayman Islands ("**DIG**") and Ryan Salame ("**Salame**"). Capitalized terms used but not defined herein shall have the meanings given to them in the DIG Promissory Note identified below.

**WHEREAS**, reference is made to a promissory note, dated as of October 12, 2021, in a principal amount of USD 50,000,000, between Norton Hall Ltd. ("**Norton Hall**"), a company incorporated under the laws of Antigua and Barbuda, and DIG ( "**DIG Promissory Note**");

**WHEREAS**, on October 22, 2021, DIG executed and delivered its signature page to the DIG Promissory Note;

**WHEREAS**, on October 25, 2021, Ryan Salame, under the title of director of Norton Hall, executed and delivered his signature page to the DIG Promissory Note;

**WHEREAS**, pursuant to the DIG Promissory Note, DIG agreed to pay to Norton Hall the Principal Amount of USD 50,000,000 plus Interest by March 30, 2023;

**WHEREAS**, on November 4, 2021, USD 50,000,000 (in the form of USDT) was transferred from an account belonging to Alameda on the FTX.com platform (ID number: 9) to an account belonging to DIG on the FTX.com platform (ID number 56564156), with the transfer ID 19567706;

**WHEREAS**, Norton Hall wishes to assign to Alameda all of the rights, powers and remedies it may have under the DIG Promissory Note (including any right to receive payment thereunder), and Alameda wishes to assume all such rights, powers and remedies;

**WHEREAS**, on [_____], 2023, the United States Bankruptcy Court for the District of Delaware entered an order at Docket No. [____] in the jointly administered bankruptcy cases captioned *In re FTX Trading Ltd., et al* (Case No. 22-11068 (JTD) (the "**Bankruptcy Court Order**") which, among other things, authorized DIG to pay the Principal amount and Interest owed under the DIG Promissory Note to the account designated by the Debtors in the name of Alameda Research LLC in satisfaction and discharge of the DIG Promissory Note;

**WHEREAS**, DIG now wishes to pay in full the Principal Amount and Interest owing under the DIG Promissory Note; and

**WHEREAS**, substantially concurrently herewith, DIG and Alameda have entered or will enter into a Payoff Letter Agreement to memorialize the payment by DIG to Alameda of the Payoff Amount all amounts owing under the DIG Promissory Note.

**NOW, THEREFORE**, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged, the parties hereto hereby agree as follows.

Section 1. Assignment.  Norton Hall hereby irrevocably assigns to Alameda, and Alameda hereby irrevocably assumes from Norton Hall, (i) all of Norton Hall's rights and powers under the DIG Promissory Note, including any right to receive payment thereunder, and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of Norton Hall against DIG, whether known or unknown, arising under or in connection with the DIG Promissory Note or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including, but not limited to, contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations assigned by Norton Hall to Alameda pursuant to clauses (i) and (ii) above being referred to herein collectively as the "**Assigned Interest**").

Section 2. Payments. The parties hereto acknowledge and agree that following the execution of this Agreement by all parties hereto:

(a)    Alameda is entitled to receive any and all payments in respect of the DIG Promissory Note and the Assigned Interest;

(b)    Norton Hall has no right to receive any payments in respect of the DIG Promissory Note or the Assigned Interest;

(c)    DIG shall make all payments in respect of the DIG Promissory Note and the Assigned Interest (including payments of Principal and Interest) to Alameda; and

(d)    Payment by DIG to Alameda in respect of the DIG Promissory Note and the Assigned Interest shall satisfy in full the obligations of DIG under the DIG Promissory Note.

Section 3. Waivers.

(a)    Norton Hall hereby agrees that it will not seek any remedy or have any recourse against DIG, its directors, officers, employees, affiliates, successors, assigns, representatives and agents (collectively, the "**DIG Parties**") from any and all claims, demands, debts, liabilities, actions and causes of action of every kind and character based upon, relating to or arising out of the Assigned Interests or the DIG Promissory Note.

(b)     Norton Hall hereby agrees that it will not seek any remedy or have any recourse against Salame from any and all claims, demands, debts, liabilities, actions and causes of action of every kind and character based upon, relating to or arising out of the Assigned Interests or the DIG Promissory Note.

(c)     Salame hereby agrees that he will not seek any remedy or have any recourse against the DIG Parties from any and all claims, demands, debts, liabilities, actions and causes of action of every kind and character based upon, relating to or arising out of the Assigned Interests or the DIG Promissory Note.

(d)     Salame hereby agrees that he will not seek any remedy or have any recourse against Norton Hall, its directors, officers, employees, affiliates, successors, assigns, representatives and agents (collectively, the "**NH Parties**") from any and all claims, demands, debts, liabilities, actions and causes of action of every kind and character based upon, relating to or arising out of the Assigned Interests or the DIG Promissory Note.

(e)     DIG hereby agrees that it will not seek any remedy or have any recourse against Salame from any and all claims, demands, debts, liabilities, actions and causes of action of every kind and character based upon, relating to or arising out of the Assigned Interests or the DIG Promissory Note.

(f)     DIG hereby agrees that it will not seek any remedy or have any recourse against the NH Parties from any and all claims, demands, debts, liabilities, actions and causes of action of every kind and character based upon, relating to or arising out of the Assigned Interests or the DIG Promissory Note.

Section 4. <u>Representations, Warranties and Acknowledgement</u>.

(a)     Each party hereto represents and warrants that it has full power and authority, and has taken all action necessary, to execute and deliver this Agreement and to consummate the transactions contemplated hereby.

(b)     Each party hereto represents and warrants that this Agreement has been duly executed and delivered by it and, assuming the due authorization, execution and delivery hereof by the other parties, constitutes a valid and legally binding obligation of it, enforceable against it in accordance with its terms.

(c)     Each party hereto acknowledges the Bankruptcy Court Order and agrees to be bound by the terms thereof.

Section 5. <u>Headings</u>.  The headings contained in this Agreement are for reference only and shall not constitute a part hereof.

Section 6. <u>Amendment</u>.  This Agreement may not be amended, nor any provision hereof waived or modified, except in writing signed by each of the parties hereto.

4893-4006-6901 v.8

Section 7. <u>Binding Effect</u>; <u>No Third-Party Beneficiaries</u>.  This Agreement shall be binding on and shall inure solely to the benefit of the parties hereto and the DIG Parties and such parties' respective affiliates, successors, assigns, representatives and agents, and no other person shall have any rights herein as a third-party beneficiary or otherwise.

Section 8. <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all such counterparts shall together constitute one and the same Agreement.

Section 9.  <u>Governing Law and Jurisdiction</u>.

(a) This Agreement and any contractual or extra-contractual claims arising out of or in connection with this Agreement shall be construed in accordance with and governed by the law of the State of New York, without regard to conflicts of law principles that would require the application of the laws of another jurisdiction.

(b) Each party hereto irrevocably consents and agrees that any action, suit or proceeding resulting from, arising out of or related to this Agreement will be instituted in the United States Bankruptcy Court for the District of Delaware or, in the event such court does not have or accept jurisdiction, in any state or federal court located in New York, New York and each waives any objection which it may now or hereafter have to the laying of the venue of any such action, suit or proceeding in any such jurisdiction, on the basis of a more convenient forum or otherwise.  EACH OF THE PARTIES HERETO WAIVES ANY AND ALL RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT, REGARDLESS OF THE NATURE OF THE CLAIM OR FORM OF THE ACTION.

[*Signature Page Follows*]

The terms set forth in this Assignment Agreement are hereby agreed to:

NORTON HALL LTD

By    _____
       Name:   CORPORATE & TRUST SERVICES (CARIBBEAN) LIMITED
       Title:    Director of Norton Hall Ltd.

By    _____
       Name:   Arthur Thomas
       Title:    Director of Corporate & Trust Services (Caribbean) Ltd.

ALAMEDA RESEARCH LTD

By    _____
       Name:
       Title:

DELTEC INTERNATIONAL GROUP

By    _____
       Name:
       Title:

RYAN SALAME

_____

[*Signature Page to Assignment Agreement*]

4893-4006-6901 v.8