# EXHIBIT D

# FORM OF

# PAYOFF LETTER AGREEMENT

[•], 2023

Reference is made to (i) the Promissory Note, dated as of October 12, 2021 (the "**DIG Promissory Note**"), among Deltec International Group, an exempted company with limited liability incorporated in the Cayman Islands ("**DIG**"), and Norton Hall Ltd., a company incorporated under the laws of Antigua and Barbuda ("**Norton Hall**"), in a principal amount of USD 50,000,000, (ii) the Statement of Facts from Norton Hall dated as of March [•], 2023 (the "**NH Statement of Fact**"), (iii) the Assignment Agreement dated March [•], 2023, among Norton Hall, DIG, Alameda Research Ltd., a company incorporated under the laws of the British Virgin Islands ("**Alameda**") and Ryan Salame (the "**Assignment Agreement**") and (iv) the order of the United States Bankruptcy Court for the District of Delaware filed at Docket No. [___] in the jointly administered bankruptcy captioned *In re FTX Trading Ltd., et al.* (Case No. 22-11068 (JTD)) (the "**Bankruptcy Court Order**"). Capitalized terms used in this payoff letter agreement (this "**Agreement**") and not defined herein shall have the meanings given thereto in the DIG Promissory Note.

**WHEREAS**, on October 22, 2021, DIG executed and delivered its signature page to the DIG Promissory Note;

**WHEREAS**, on October 25, 2021, Ryan Salame, under the title of director of Norton Hall, executed and delivered his signature page to the DIG Promissory Note;

**WHEREAS**, pursuant to the DIG Promissory Note, DIG agreed to pay to Norton Hall the Principal Amount of USD 50,000,000 plus Interest by March 30, 2023;

**WHEREAS**, on November 4, 2021, USD 50,000,000 (in the form of USDT) was transferred from an account belonging to Alameda on the FTX.com platform (ID number: 9) to an account belonging to DIG on the FTX.com platform (ID number 56564156), with the transfer ID 19567706;

**WHEREAS**, pursuant to the Assignment Agreement, Norton Hall has agreed to assign, and Alameda has agreed to assume, all of the rights, powers and remedies Norton Hall may have under the DIG Promissory Note (including any right to receive payment thereunder);

**WHEREAS**, the Bankruptcy Court Order authorized DIG to pay the Principal Amount and Interest owed under the DIG Promissory Note to the account designated by the Debtors in the name of Alameda Research LLC in satisfaction and discharge of the DIG Promissory Note;

**WHEREAS**, DIG now wishes to pay in full the Principal Amount and Interest owing under the DIG Promissory Note; and

**WHEREAS**, as of the date hereof, the amount due under the DIG Promissory Note on account of the Principal Amount and Interest is USD [•] (together with Interest accruing at the rate of USD [•] per calendar day from the date hereof to the date of payment by DIG, the "**Payoff Amount**").

**NOW, THEREFORE**, in consideration of the foregoing, and for other good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged, the parties hereto hereby agree as follows.

1. Payoff of the DIG Promissory Note. Upon the receipt of the Payoff Amount by Alameda in the account set forth in Schedule A, paid by or on behalf of DIG, (i) the DIG Promissory Note shall be deemed paid in full and irrevocably discharged and (ii) all obligations of DIG owing under the DIG Promissory Note shall be automatically and irrevocably released, discharged, terminated and satisfied in full and no obligations or liabilities in respect thereof shall remain outstanding.

2. Release. Upon the receipt of the Payoff Amount by Alameda in the account set forth in Schedule A, paid by or on behalf of DIG, Alameda releases DIG, its directors, officers, employees, affiliates, representatives and agents (collectively, the "**DIG Parties**") from any obligations owing under or in connection with the DIG Promissory Note and any other amounts or liabilities under the DIG Promissory Note and agrees that it will not seek any remedy or have any recourse against any DIG Parties for any of the foregoing (other than in the case of gross negligence, fraud or wilful misconduct).

3. Representations, Warranties and Acknowledgement.

(a) Each party hereto represents and warrants that it has full power and authority, and has taken all action necessary, to execute and deliver this Agreement and to consummate the transactions contemplated hereby.

(b) Each party hereto represents and warrants that this Agreement has been duly executed and delivered by it and, assuming the due authorization, execution and delivery hereof by the other parties, constitutes a valid and legally binding obligation of it, enforceable against it in accordance with its terms.

(c) Each party hereto acknowledges the Bankruptcy Court Order and agrees to be bound by the terms thereof.

4. Headings. The headings contained in this Agreement are for reference only and shall not constitute a part hereof.

5. Amendment. This Agreement may not be amended, nor any provision hereof waived or modified, except in writing signed by each of the parties hereto.

6. Binding Effect; No Third-Party Beneficiaries. This Agreement shall be binding on and shall inure solely to the benefit of the parties hereto and the DIG Parties and such parties' respective affiliates, successors, assigns, representatives and agents, and no other

person shall have any rights herein as a third-party beneficiary or otherwise.

       7.    <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all such counterparts shall together constitute one and the same Agreement.

       8.    <u>Governing Law and Jurisdiction</u>.

       (a)    This Agreement and any contractual or extra-contractual claims arising out of or in connection with this Agreement shall be construed in accordance with and governed by the law of the State of New York, without regard to conflicts of law principles that would require the application of the laws of another jurisdiction.

       (b)    Each party hereto irrevocably consents and agrees that any action, suit or proceeding resulting from, arising out of or related to this Agreement will be instituted in the United States Bankruptcy Court for the District of Delaware or, in the event such court does not have or accept jurisdiction, in any state or federal court located in New York, New York and each waives any objection which it may now or hereafter have to the laying of the venue of any such action, suit or proceeding in any such jurisdiction, on the basis of a more convenient forum or otherwise.  EACH OF THE PARTIES HERETO WAIVES ANY AND ALL RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT, REGARDLESS OF THE NATURE OF THE CLAIM OR FORM OF THE ACTION.

[*Signature Page Follows*]

Entered into as of the date first set forth above.

        ALAMEDA RESEARCH LTD

By _____
    Name:
    Title:

        DELTEC INTERNATIONAL GROUP

By _____
    Name:
    Title:

[*Signature Page to Payoff Letter Agreement*]

**Schedule A**
**Alameda Wire Instructions**

4886-2271-0101 v.5