# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 654** |

## SUPPLEMENTAL DECLARATION

I, Nicolai Binkert, declare under penalty of perjury:

    1.    I am a partner of Schurti Partners Attorney at Law Ltd, located at Zollstrasse 2, 9490 Vaduz, Principality of Liechtenstein (the "Firm").

    2.    On February 8, 2023, in compliance with the *Order Authorizing Procedures to Retain, Compensate and Reimburse Professionals Utilized in the Ordinary Course of Business*, I submitted a declaration in support of the Firm's retention as an Ordinary Course Professional [D.I. 654] (the "Original Declaration").[2]

    3.    As set forth in paragraph 6 of the Original Declaration, the Firm is prohibited from disclosing current and former clients by applicable local law. Specifically, as Liechtenstein lawyers, we are subject to the Liechtenstein Lawyers Act (*Rechtsanwaltsgesetz*), which stipulates in its art. 15 para. 1 sentence 1 that lawyers are bound to secrecy with regard to the matters entrusted to them and the facts that otherwise become known to them in their

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Original Declaration.

4881-2133-4101 v.3

professional capacity, the secrecy of which is in the interest of their parties. The facts protected by the professional secrecy obligation stipulated by art. 15 of the Liechtenstein Lawyers Act include, amongst other things, the clients' personal data, including the names and identity of clients, the other involved parties, and the subject of the matter. The professional secrecy obligation stipulated by art. 15 of the Liechtenstein Lawyers Act does not lapse with the conclusion of a matter, but continues to apply even after the termination of the client attorney relationship.

4. Attached hereto as Exhibit A is a certified translation of the referenced applicable local law that prohibits the Firm from disclosing current and former clients. This law prohibits these disclosures from being made not just in a public filing, but to the Debtors, the Court and to the U.S. Trustee. Therefore, filing the disclosures "under seal" or in redacted form would still result in a violation of local law.

5. A violation of the professional secrecy obligation stipulated by art. 15 of the Liechtenstein Lawyers Act is a criminal offence according to para. 121 sec. 1 of the Liechtenstein Criminal Code (*Strafgesetzbuch*), attached hereto as Exhibit B, punishable with imprisonment of up to six months or a fine of up to 360 daily rates of up to CHF 5,000.00. In addition, it is a disciplinary offence punishable by the Liechtenstein Bar Association with a fine of up to CHF 50,000.00 and/or a temporary or permanent disbarment.

6. Notwithstanding that the Firm is prohibited from disclosing current and former clients, the Firm did obtain the key parties-in-interest list (the "PII List") from the Debtors and searched the database it maintains for the purpose of performing conflicts check. As set forth in the Original Declaration, the Firm's search of the database did not identify any conflict of interests in relation to the parties-in-interest with respect to the Firm being engaged in

representing the Debtors in connection with the Services. The Firm does not represent any of the parties-in-interest on the PII List in connection with these Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 29, 2023

_____
Nicolai Binkert

4881-2133-4101 v.3

# EXHIBIT A

## Certified Translation of Relevant Provision(s) of Liechtenstein Lawyers Act

4881-2133-4101 v.3

## Art. 15

*Secrecy*

1) The lawyer shall be bound to secrecy with regard to the matters entrusted to him and the facts that otherwise become known to him in his professional capacity, the secrecy of which is in the interest of his party. He shall have the right to such secrecy in judicial and other official proceedings in accordance with the provisions of procedural law.

2) The lawyer's right to secrecy must not be circumvented by judicial or other official measures, in particular by questioning the lawyer's assistants or by ordering the surrender of documents, visual, audio or data media, or by confiscating them; special regulations delimiting this prohibition shall remain unaffected.

3) The lawyer's right to secrecy pursuant to para. 2 shall also extend to all correspondence between the lawyer and his party, irrespective of where and in whose custody such correspondence covered by the protection of professional secrecy is located.

4) Insofar as a lawyer performs activities that are subject to the Due Diligence Act, he shall, upon request, provide the supervisory bodies and the Financial Intelligence Unit with all information and documents, hand out copies, and provide information, that they require to perform their duties.

**Notary Public**
PRINCIPALITY OF LIECHTENSTEIN

This document in English language is a correct translation of the German text of article 15 of the Liechtenstein Lawyers Act (*Rechtsanwaltsgesetz*) in force as of the date hereof, a copy of which is enclosed hereto.

Vaduz, 23.03.2023
lic. iur. Nicolai Binkert, Notary Public

RAG                                                                                           173.510

### Art. 15

*Verschwiegenheit*

1) Der Rechtsanwalt ist zur Verschwiegenheit über die ihm anvertrauten Angelegenheiten und die ihm sonst in seiner beruflichen Eigenschaft bekannt gewordenen Tatsachen, deren Geheimhaltung im Interesse seiner Partei gelegen ist, verpflichtet. Er hat in gerichtlichen und sonstigen behördlichen Verfahren nach Massgabe der verfahrensrechtlichen Vorschriften das Recht auf diese Verschwiegenheit.

2) Das Recht des Rechtsanwalts auf Verschwiegenheit darf durch gerichtliche oder sonstige behördliche Massnahmen, insbesondere durch Vernehmung von Hilfskräften des Rechtsanwalts oder dadurch, dass die Herausgabe von Schriftstücken, Bild-, Ton- oder Datenträgern aufgetragen wird oder diese beschlagnahmt werden, nicht umgangen werden; besondere Regelungen zur Abgrenzung dieses Verbots bleiben unberührt.

3) Das Recht des Rechtsanwalts auf Verschwiegenheit nach Abs. 2 erstreckt sich auch auf sämtliche Korrespondenzen zwischen dem Rechtsanwalt und seiner Partei und zwar unabhängig davon, wo und in wessen Gewahrsam sich diese vom beruflichen Geheimnisschutz umfassten Korrespondenzen befinden.

4) Sofern ein Rechtsanwalt Tätigkeiten ausübt, die dem Sorgfaltspflichtgesetz unterliegen, hat er den Aufsichtsorganen und der Stabsstelle FIU auf Verlangen alle Informationen und Unterlagen zur Verfügung zu stellen, Abschriften auszuhändigen und Auskünfte zu erteilen, die diese zur Erfüllung ihrer Aufgaben benötigen.[3]

# EXHIBIT B

**Certified Translation of Relevant Portion(s) of Liechtenstein Criminal Code**

4881-2133-4101 v.3

# EXHIBIT B

**Certified Translation of Relevant Portion(s) of Liechtenstein Criminal Code**

## § 121

*Violation of Professional Secrecy*

1) Any person who discloses or exploits a secret which he or she has been entrusted with, or which has been made accessible to him or her,

   1. as a physician or in the exercise of another health profession (art. 6 of the Health Act),

   2. as a notary, lawyer, legal agent, fiduciary, auditor or patent lawyer,

   3. as a youth, marriage and family counselor or a person working in social welfare,

   4. as a person professionally engaged with tasks relating to the administration of a hospital or with tasks relating to health, accident, life or social insurance,

   and the disclosure or exploitation of which is likely to harm a legitimate interest of the person who has made use of his or her service or for whom it has been made use of, shall be punished with imprisonment of up to six months or a fine of up to 360 daily rates.

## § 19

*Fines*

1) The fine shall be assessed in daily rates. It shall amount to at least two daily rates.

2) The daily rate shall be assessed according to the personal circumstances and economic capacity of the offender at the time of the verdict at first instance. However, the daily rate shall be set at a minimum of CHF 15 and a maximum of CHF 5,000.

**Notary Public**
PRINCIPALITY OF LIECHTENSTEIN

This document in English language is a correct translation of the German text of § 121 paragraph 1 of the Liechtenstein Criminal Code (*Strafgesetzbuch*) and of § 19 paragraphs 1 and 2 of the Liechtenstein Criminal Code in force as of the date hereof, copies of which are enclosed hereto.

Vaduz, 23.03.2023
lic. iur. Nicolai Binkert, Notary Public



StGB                                                                                               311.0

§ 121

*Verletzung von Berufsgeheimnissen*

1) Wer ein Geheimnis offenbart oder verwertet, das ihm

1. als Arzt oder bei Ausübung eines anderen Gesundheitsberufes (Art. 6 des Gesundheitsgesetzes),[167]
2. als Notar, Rechtsanwalt, Rechtsagent, Treuhänder, Wirtschaftsprüfer oder Patentanwalt,[168]

**311.0** StGB

3. als Jugend-, Ehe- und Familienberater oder in der Sozialhilfe tätige Person,

4. als berufsmässig mit Aufgaben der Verwaltung einer Krankenanstalt oder mit Aufgaben der Kranken-, Unfall-, Lebens- oder Sozialversicherung Beschäftigter,

anvertraut worden oder zugänglich gemacht worden ist und dessen Offenbarung oder Verwertung geeignet ist, ein berechtigtes Interesse der Person zu verletzen, die seine Tätigkeit in Anspruch genommen hat oder für die sie in Anspruch genommen worden ist, ist mit Freiheitsstrafe bis zu sechs Monaten oder mit Geldstrafe bis zu 360 Tagessätzen zu bestrafen.

StGB                                                                                                   **311.0**

### § 19

*Geldstrafen*

1) Die Geldstrafe ist in Tagessätzen zu bemessen. Sie beträgt mindestens zwei Tagessätze.

2) Der Tagessatz ist nach den persönlichen Verhältnissen und der wirtschaftlichen Leistungsfähigkeit des Rechtsbrechers im Zeitpunkt des Urteils erster Instanz zu bemessen. Der Tagessatz ist jedoch mindestens mit 15 Franken und höchstens mit 5 000 Franken festzusetzen.[4]