# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. No. 653** |

## SUPPLEMENTAL DECLARATION

I, Tanja Luginbühl, declare under penalty of perjury:

1. I am a partner of Lenz & Staehelin, located at Brandschenkestrasse 24, CH-8027 Zurich, Switzerland (the "Firm").

2. On February 8, 2023, in compliance with the *Order Authorizing Procedures to Retain, Compensate and Reimburse Professionals Utilized in the Ordinary Course of Business*, I submitted a declaration in support of the Firm's retention as an Ordinary Course Professional [D.I. 653] (the "Original Declaration").[2]

3. As set forth in paragraph 6 of the Original Declaration, the Firm is prohibited from publicly disclosing current and former clients by applicable local law. Specifically, Article 13 of the Swiss Federal Lawyers Act ("FMLA") states that admitted attorneys are subject to professional secrecy with regard to everything, which has been entrusted to them by their clients in their professional capacity, for an unlimited period of time and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Original Declaration.

4881-2133-4101 v.3

towards everyone. This not only includes information which has been provided to an attorney during the mandate but also the existence of the client relationship itself. The same principle is confirmed in article 15 of the Professional Rules of Conduct ("PRC") of the Swiss Bar Association.

4. Attached hereto as Exhibit A is a certified translation of the referenced article of the FMLA that prohibits the Firm from publicly disclosing current and former clients. This law prohibits these disclosures from being made not just in a public filing, but to the Debtors, the Court and to the U.S. Trustee. Therefore, filing the disclosures "under seal" or in redacted form would still result in a violation of local law.

5. The penalty for making the disclosures in violation of the law is criminal liability under Article 321 of the Swiss Criminal Code, i.e. punishment with imprisonment of up to three years or a monetary penalty (noting that a breach of the professional confidentiality also remains an offense following the termination of the mandate). Also included in Exhibit A is a certified translation of the applicable article of the Swiss Criminal Code. In addition, the attorney supervisory authority may sanction an attorney violating the FMLA (including a breach of professional confidentiality) with a disciplinary sanction, which can take the form of a warning, a reprimand, a fine of up to CHF 20,000, a temporary ban on practicing as attorney-at-law for a maximum of two years or a permanent ban to practice as an attorney-at-law altogether (a combination of these disciplinary sanctions is possible).

6. Notwithstanding that the Firm is prohibited from disclosing current and former clients, the Firm did obtain the key parties-in-interest list (the "PII List") from the Debtors and searched the database it maintains for the purpose of performing conflicts check. As set forth in the Original Declaration, the Firm's search of the database did not identify any

conflict of interests in relation to the parties-in-interest with respect to the Firm being engaged in representing the Debtors in connection with the Services. The Firm does not represent any of the parties-in-interest on the PII List in connection with these Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 29, 2023

_____
Tanja Luginbühl

4881-2133-4101 v.3