**Exhibit A-2**

**Blackline of Revised DIG Turnover Order**

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

FTX TRADING LTD., *et al.*,[1]

FTX TRADING LTD., *et al.*,[1]

Debtors.          Chapter 11

Case No. 22-11068 (JTD)

(Jointly Administered)

**Ref. No.**

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 542 OF THE BANKRUPTCY CODE DIRECTING THE TURNOVER OF ASSETS

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor"), for entry of an order (this "Order") authorizing Deltec International Group ("DIG"), an exempted company with limited liability incorporated in the Cayman Islands, to pay all principal and interest owed under the DIG Promissory Note; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Motion; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court finding that adequate notice of the Motion having been given; and that, except as otherwise ordered herein, no other or further notice need be given; and

4869-3127-5347 v.9

objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and upon the record of any hearing held to consider the relief requested in the Motion; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Debtor Alameda is authorized to enter into the Assignment Agreement and the Payoff Letters.

3.      DIG shall and is hereby authorized and directed to pay to Alameda an amount equal to USD [•]52,859,644 as of [•]April 12, 2023 (together with interest accruing at the rate of USD [•]10,538 per calendar day from such date to the date of repayment by DIG, the "Owed Amount") within 7 days of entry of this Order, which Owed Amount constitutes all principal, interest and other amounts owed by DIG under the DIG Promissory Note.

4.      Upon the receipt of the Owed Amount by Alameda, (i) the DIG Promissory Note shall be deemed paid in full and irrevocably discharged and (ii) all obligations and liabilities of DIG under the DIG Promissory Note shall be automatically and irrevocably released, discharged, terminated and satisfied in full and no obligations or liabilities in respect thereof shall remain outstanding.

5.      Upon the receipt of the Owed Amount by Alameda, (i) all amounts and liabilities owed under the Salame Promissory Note shall be deemed paid in full and irrevocably discharged and (ii) all obligations and liabilities of Ryan Salame under the Salame Promissory Note shall be automatically and irrevocably released, discharged, terminated and satisfied in full

and no obligations or liabilities in respect thereof shall remain outstanding.

4869-3127-5347 v.9

6.      Upon the receipt of the Owed Amount by Alameda, (i) DIG shall have no obligations or liability to Norton Hall, Ryan Salame, Alameda or any other Debtor under the DIG Promissory Note or the Salame Promissory Note and (ii) Ryan Salame shall have no obligations or liability to Norton Hall, DIG, Alameda or any other Debtor under the DIG Promissory Note or the Salame Promissory Note.

7.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.      DIG shall have no liability to any party on account of following the Debtors' instructions in accordance with this Order.

9.      This Order shall be binding in all respects upon the Debtors, their estates, and each of their respective successors and assigns including, but not limited to, any subsequent trustee, examiner or receiver appointed in any of the Chapter 11 Cases or upon conversion to Chapter 7 under the Bankruptcy Code. The provisions and effect of this Order, and any actions taken pursuant to this Order, and the relevant parties' respective rights, obligations, remedies and protections provided for herein and therein shall survive the conversion, dismissal or closing of the Chapter 11 Cases, the appointment of a trustee therein, confirmation of a plan or plans of reorganization or liquidation, and the substantive consolidation of these Chapter 11 Cases with any other case or cases, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of any such order.

10.     DIG shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its rights or remedies under the Assignment Agreement or the DIG Payoff Letter. The automatic stay imposed by section 362 of

the Bankruptcy Code is modified to the extent necessary to implement the preceding sentence.

4869-3127-5347 v.9

11.    The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12.    This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion or the implementation or interpretation of this Order.

Dated: _____, 2023
Wilmington, Delaware
The Honorable John T. Dorsey

United States Bankruptcy Judge

4869-3127-5347 v.9