**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., et al.,[1] | ) | Case No. 22-11068 (JTD) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Ref. Docket No. 846** |

**STATEMENT AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this statement and reservation of rights (this "Statement") regarding the *Motion of Debtors for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 846] (the "Motion"),[2] and in support thereof, respectfully states as follows:

**STATEMENT**

1. The extension of a debtor's exclusive periods to file and solicit a chapter 11 plan ("Exclusivity") is not automatic. Affording a debtor the exclusive and continued control over its chapter 11 case is a byproduct of progress towards resolution of significant case issues through

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used herein that are not defined herein shall have the meanings ascribed to them in the Motion.

negotiation and cooperation with the core constituents to a bankruptcy process. The instant Chapter 11 Cases are no different, despite the massive fraud, lack of corporate controls and inaccurate record keeping that precipitated them.

2. There is no doubt that the Debtors have been hard at work trying to recreate accurate financial information upon which to base plan negotiations and to triage operational and situational issues. Indeed, the significant amount of professional fees already incurred by the Debtors' estates is a sobering reminder of the volume of those efforts. There is undoubtedly more work to do, but the Committee expects that the proposed extended period of Exclusivity will be used by the Debtors to more efficiently and effectively focus on advancing these cases towards their ultimate resolution.[3] The Debtors will only be able to confirm a plan of reorganization, hopefully on a fully consensual basis, with more transparency and involvement from the Committee and other stakeholders than has occurred to date. In that regard, the Committee expects the Debtors to involve the Committee—at a Committee member level—as a true partner in the plan negotiation process and provide regular updates to the Court and all parties in interest as to progress achieved. The Committee believes that more transparency will help the millions of customers and creditors to better understand an unfamiliar chapter 11 process and timeline to recovery in these cases, and that the direct involvement of Committee members in the process will both expedite the process and allow the Debtors to benefit from the unique and significant experience each of the Committee members has in the crypto space.

3. To that end, the Committee recommends that the Debtors provide a detailed update to the Court at the hearing on the Motion on the following topics:

- Asset recovery and monetization

---

[3] The Committee is cautiously supportive of the Debtors' request to extend Exclusivity, but reserves its rights to seek to terminate Exclusivity during the course of the extended period if **significant** progress towards a plan of reorganization is not made.

- Rebuilding of entity balance sheets
- Intercompany claims
- General status of fraud investigation
- Customer property litigation
- Sale processes for major assets and process for evaluating venture assets
- Possibility of FTX Reboot
- Claims bar date and claims procedures
- Plan process

4. The Committee hopes that the Debtors' update will provide a blueprint for future, regular progress reports, which will provide concise and clear information on relevant topics and reflect a path to move these cases to their next logical phase, where tangible momentum towards a negotiated plan of reorganization is built and the timetable for putting recoveries in the hands of customers and creditors is the priority. This roadmap, if disclosed transparently, will enable the Committee and stakeholders to track the Debtors' progress and to intervene if and when necessary.

5. For the Committee's part, its overarching goal has been and continues to be to move these cases forward quickly and efficiently in order to return value to the millions of customers and other creditors who are the true victims of the FTX fraud. To attempt to accomplish that goal, the Committee has done its best to work collaboratively with the Debtors to process information, assist on investigatory work streams, provide its view on strategic decisions, contribute the operational expertise of the Committee members on critical value-accretive issues, and generally avoid costly and public battles in these cases.

6. The Debtors have spent substantial time with the Committee professionals. However, the Committee has often felt that the Debtors can and should provide the Committee and its members,

in particular, with more notice of material actions and should allow more information to flow directly to the members of the Committee, both of which are critical for the Committee to be an integral part of the process, which it absolutely must be. The Committee expects, based on discussions with the Debtors, that the Debtors will provide regular updates to the Committee members and discuss and seek their input on all key items—such as plan structure, claims process, restart of the Debtors' exchanges and other material items—well in advance of progressing down a path with respect to any such item, so that the Committee's input can be considered and taken into account.

7.      The nine-member Committee is comprised of six institutional and three individual investors, who hail from six different countries and who hold material claims against the Debtors. The Committee members have been involved in the crypto space in various capacities long before the creation of FTX and they bring a unique and broadly representative perspective to these Chapter 11 Cases. The Committee members are devoting an extraordinary amount of time to the chapter 11 process, and their desire for as much direct involvement as possible with the Debtors results from the seriousness with which they take their fiduciary duties and conviction that they will bring meaningful insight to the process on behalf of the estate stakeholders to resolve these cases as quickly as possible with the best outcome for the estates' customers and other creditors. As noted above, the Committee believes that the Debtors should take advantage of the unique knowledge and skill of the Committee members, and should provide them with greater access to information in order for them to carry out their fiduciary duties.

| | |
|---|---|
| Dated: April 5, 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Robert F. Poppiti, Jr.*<br>Matthew B. Lunn (No. 4119)<br>Robert F. Poppiti, Jr. (No. 5052)<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mlunn@ycst.com<br>         rpoppiti@ycst.com<br><br>-and-<br><br>PAUL HASTINGS LLP<br>Kristopher M. Hansen*<br>Kenneth Pasquale*<br>Erez E. Gilad*<br>Gabriel E. Sasson*<br>200 Park Avenue<br>New York, NY 10166<br>Telephone:  (212) 318-6000<br>Facsimile:  (212) 319-4090<br>Email: krishansen@paulhastings.com<br>         kenpasquale@paulhastings.com<br>         erezgilad@paulhastings.com<br>         gabesasson@paulhastings.com<br><br>*Admitted pro hac vice*<br><br>*Counsel to the Official Committee of Unsecured Creditors* |