**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. 846 & 1227 |

**DEBTORS' RESPONSE TO THE STATEMENT AND RESERVATION OF RIGHTS OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

FTX Trading Ltd. and its affiliated debtors-in-possession (collectively, the "Debtors") hereby submit this Response (this "Response") to the *Statement and Reservation of Rights of the Official Committee of Unsecured Creditors Regarding Motion of Debtors for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 846] (the "UCC Statement").

**STATEMENT**

1. The objection deadline has passed, and no stakeholder has objected to the six-month extension of exclusivity periods to file and solicit a chapter 11 plan requested in the *Motion of Debtors for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 846] (the "Motion").

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0070491.}

2. This includes the Official Committee of Unsecured Creditors (the "UCC"). In fact, the UCC has not filed an objection to any relief sought by the Debtors at any point in the Chapter 11 Cases.

3. In these circumstances, the UCC Statement could be dismissed as harmless posturing. However, the Debtors take the role of the UCC, and therefore the UCC Statement, very seriously. The Board of Directors of the Debtors unanimously has directed the filing of this Response.

**The UCC Statement is Materially Misleading**

4. The UCC Statement presents an incomplete picture. It provides the Court no information about the voluminous requests received by the Debtors from the UCC or the steps taken by the Debtor to coordinate with and provide information to the UCC so far in these chapter 11 cases. Instead, the UCC simply suggests to the Court that the Debtors have been keeping the UCC in dark. Typical is the sentence: "The Debtors will only be able to confirm a plan …with *more transparency and involvement from the Committee and other stakeholders than has occurred to date*." (UCC Statement, ¶ 5)

5. This and similar statements are materially misleading. The Debtors have invested thousands of hours and millions of Dollars to address concerns of the UCC and its professionals in these chapter 11 cases. The information requests have been voluminous and the level of detail excruciating. Many of the proposals received have been transmitted by the UCC professionals directly from UCC members with no vetting for legality or practicality. Yet at no point have the Debtors ever refused a meeting, failed to give a briefing or declined to provide available information. At no point have the Debtors refused to listen, shown disrespect based on lack of restructuring experience, or closed the door to novel views. This goes beyond the unusually

close and constant contact between the Debtor and UCC professionals. Mr. Ray himself has been personally available to Committee professionals and Committee members on demand at any time. Attached as Schedule 1 is the work tracker maintained by Alvarez & Marsal, as of the date of this Response, with respect the requests received from the UCC in these chapter 11 cases. The work tracker demonstrates the magnitude of what has been happening for the past 100 days since the UCC was formed.

6.   Together, the CEO and the Board of Directors of the Debtors have over 200 years of restructuring, legal, financial and business experience, including complex corporate reorganizations. It is their view that the Debtors have far surpassed chapter 11 conventions in the steps taken to be transparent with and involve the UCC in these chapter 11 cases. Moreover, the Debtors have taken the unusual step of sharing UCC presentations with the creditors at large because of the need to be transparent given the circumstances leading up to these chapter 11 cases.

**The Debtors Already Explained the Roadmap to the UCC**

7.   The UCC Statement is equally misleading when it suggests the Debtors are not making progress quick enough in these chapter 11 cases, or need to describe a "roadmap" to the UCC. The UCC goes so far as to "recommend" the Debtors provide a "detailed update" to the Court at the next hearing. As if the Debtors would not. In fact, at multiple points, the Debtors have done just that.

8.   The fact is that the Debtors not only have a roadmap, but already have explained to the UCC where the chapter 11 cases are going and how long it will take to get there. Last week, prior to the filing of the UCC Statement, Mr. Ray, on behalf of the Debtors, spent approximately two hours laying out for the UCC *members* directly the anticipated schedule for these chapter 11 cases, including bar dates, claims process, the filing of informational reports, the

filing of a plan, the solicitation of approvals and confirmation. Additionally, Mr. Ray described for the UCC members a portal which was being developed to assist the customers in validating their balances at the Petition Date in connection with the claims process, and extended the opportunity for the UCC members to "demo" the portal to seek their input related to the process. The UCC Statement makes no mention of this briefing, despite the UCC professionals' immediate reaction that the Debtors timetable to file a plan was "aggressive."

9. The Debtors will be updating the Court and the public as to these matters at the next omnibus hearing. And, again, the Debtors informed the UCC that they would be providing this update to the Court *before* the UCC filed the UCC Statement recommending the Debtors do so.

**Looking Forward**

10. The UCC has a statutory mandate. The Debtors have taken and will consistently take every step appropriate to assist. Throughout the approximate 100 days since the UCC was formed and their professionals were appointed, arising from the ashes left of the dumpster fire discovered on the Petition Date, the Debtors have made tremendous progress marshaling and protecting billions of assets, recovering over a billion dollars of value since the Petition Date, and steadily working through the painstaking progress of recreating financial statements and other necessary books and records to create and establish the necessary information and documentation required to develop and proceed towards the goal of a consensual plan of reorganization. While the Debtors appreciate the frustration, the losses and the urge to accelerate the progress, given the situation that existed at the Petition Date, the utmost care needs to be taken to create and develop the necessary information and processes to achieve these goals. This exercise cannot be delayed, but also it cannot be rushed. From the beginning of the case, we have made it

clear that Mr. Ray and the independent Board are the parties that "write things down," and have taken, and will continue to take, every effort to develop a complete record of these cases without cutting corners.

11. The Debtors during the six-month exclusivity extension to which no stakeholder objects will continue to follow the very best practices in their relationship with the UCC in these chapter 11 cases. The Debtors will continue to work with the UCC and their professionals in a transparent and constructive way without delegating its duties. This includes working with the UCC on the development of a plan of reorganization and the successful conclusion of these cases to the maximum benefit to all stakeholders.

Dated: April 9, 2023  
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*  
Adam G. Landis (No. 3407)  
Kimberly A. Brown (No. 5138)  
Matthew R. Pierce (No. 5946)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450  
Email: landis@lrclaw.com  
       brown@lrclaw.com  
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**  
Andrew G. Dietderich (admitted *pro hac vice*)  
James L. Bromley (admitted *pro hac vice*)  
Brian D. Glueckstein (admitted *pro hac vice*)  
Alexa J. Kranzley (admitted *pro hac vice*)  
125 Broad Street  
New York, NY 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588  
E-mail: dietdericha@sullcrom.com  
        bromleyj@sullcrom.com  
        gluecksteinb@sullcrom.com  
        kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*