IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**SECOND SUPPLEMENTAL DECLARATION OF THOMAS M. SHEA IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS ITS TAX SERVICES PROVIDER, *NUNC PRO TUNC* TO NOVEMBER 28, 2022**

I, Thomas M. Shea, hereby declare pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as follows:

1.      I am a Principal of Ernst & Young LLP ("EY LLP"). I provide this second supplemental declaration (the "Second Supplemental Declaration") on behalf of EY LLP. This Second Supplemental Declaration supplements my original declaration that was filed with this Court on December 21, 2022 [Docket Nos. 284-285, 298, 300, 500] (the "Initial Declaration") and my first supplemental declaration that was filed with this Court on January 16, 2023 [Docket No. 499].[2]

2.      The facts set forth in this Second Supplemental Declaration are based upon my personal knowledge and upon information and belief. I make the following disclosures pursuant

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Initial Declaration.

{1368.002-W0070539.}

to EY LLP's ongoing obligation to continually monitor its potential conflicts and connections pursuant to Bankruptcy Rule 2014(a).

3. On August 29, 2022, Ms. EE Meng Yen Angela and Mr. Aaron Loh Cheng Lee of EY Corporate Advisors Pte Ltd ("EY Singapore") were appointed as the Interim Judicial Managers ("IJMs") of Hodlnaut Pte. Ltd. ("Hodlnaut") by the High Court of Singapore.

4. Hodlnaut is not on the Debtors' parties in interest list, nor, to my knowledge, is Hodlnaut an affiliate of the Debtors. However, I understand that Hodlnaut may have possible claims against the Debtors in these chapter 11 cases.

5. EY LLP and EY Singapore are separately owned and operated member firms of Ernst & Young Global Limited, a UK company limited by guarantee. Neither EY LLP nor EY Singapore have control over each other. Separate teams will support (i) EY LLP's work with the Debtors and (ii) the Hodlnaut IJMs. The EY LLP Debtor team will keep information related to their engagement confidential from the Hodlnaut IJM team, and the Hodlnaut IJM team will keep information related to their engagement confidential from the EY LLP Debtor team. EY LLP will not be paid fees or expenses related to the Hodlnaut IJM engagement. EY LLP personnel will not assist the Hodlnaut IJMs in the performance of their duties. EY LLP currently does not foresee a circumstance in which it would provide services to the Debtors that relate to potential claims or disputes with Hodlnaut or its affiliates. EY LLP Debtor team personnel will recuse themselves from any involvement in disputes between the Debtors and Hodlnaut and its affiliates.

6. On or about March 29, 2023, an EY LLP employee providing services to the Debtors in these chapter 11 cases received a notice that he held 0.00028851 Bitcoin in an account with one of the Debtors. According to www.paybis.com, as of April 11, 2023, 0.00028851 Bitcoin

is worth approximately USD $8.75. EY LLP understands that the employee at issue will not submit a proof of claim in these chapter 11 cases concerning the 0.00028851 Bitcoin.

7. Accordingly, to the best of my knowledge, EY LLP (a) continues not to hold or represent an interest adverse to the Debtors' estates, and (b) is and remains a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as required under section 327(a) of the Bankruptcy Code. Moreover, to the best of my knowledge, information and belief, EY LLP's retention is not prohibited or restricted by Bankruptcy Rule 5002.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: April 11, 2023

*/s/ Thomas M. Shea*
Thomas M. Shea
Ernst & Young LLP