# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE EXAMINER

Upon the application (the "**Application**") of the Fee Examiner, for an order pursuant to 11 U.S.C. §§ 327(a) and 330, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, authorizing the Fee Examiner to retain Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") as counsel to provide services as set forth in the Application and herein; and upon the Declaration of Mark W. Hancock, annexed to the Application as **Exhibit B** (the "**Hancock Declaration**"); and notice of the Application having been given as set forth in the Notice of Application; and it appearing that such notice is due and sufficient and that no further or other notice is required; and the Court being satisfied that Godfrey & Kahn does not hold or represent any interest adverse to the Debtors or their estates that would disqualify them from being retained and that Godfrey & Kahn is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, and that the employment of Godfrey & Kahn is necessary and in the best interests of the parties and these cases; and the Court having

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted in this order; and after due deliberation and sufficient cause appearing therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The Fee Examiner is authorized to retain and employ Godfrey & Kahn as her attorneys effective as of February 17, 2023 in accordance with the terms and conditions set forth in the Application and the Hancock Declaration.

3. Godfrey & Kahn is authorized to provide the Fee Examiner with the professional services as described in the Application and the Hancock Declaration. Specifically, but without limitation, Godfrey & Kahn will render the following legal services:

    A. Monitoring, reviewing, and being heard in any hearing or other proceedings to consider interim and final applications for fees and reimbursement of expenses filed by Retained Professionals to the extent permitted by the Court's orders or the Bankruptcy Code and, where appropriate, objecting to applications for fees and expenses filed by Retained Professionals.[2]

    B. Establishing measures to help the Court ensure that compensation and expenses paid by the Debtors' estates are reasonable, actual, and necessary under (1) Bankruptcy Code sections 329, 330 and 331, as applicable, (2) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (3) the Interim Compensation Order, and (4) Local Bankruptcy Rule 2016-1 and the applicable guidelines for compensation;

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Fee Examiner Order.

C. Reviewing all interim and final applications submitted after the effective date of the Fee Examiner Order by the Retained Professionals;

D. Serving objections to monthly statements, in whole or in part, precluding the payment of the amount questioned following the procedures outlined in the Interim Compensation Order;

E. Preparing applications for the Fee Examiner to retain professionals and consultants to assist the Fee Examiner in discharging her duties;

F. Conducting discovery in the event of a contested matter involving the professional fees of any Retained Professional;

G. Negotiating with the Retained Professionals regarding objections to interim and final fee applications and monthly statements and consensually resolving such objections where possible;

H. Presenting confidential letter reports, on a timely basis, to the Retained Professionals summarizing the Fee Examiner's review of interim and final fee applications before filing an objection to applications for compensation;

I. Periodically, consistent with the Fee Examiner Order and at the Fee Examiner's direction, filing summary reports with the Court on the Retained Professionals' applications;

J. Establishing guidelines and requirements for the preparation and submission to the Fee Examiner of non-binding budgets by Retained Professionals;

K. Where necessary, attending meetings between the Fee Examiner and the Retained Professionals; and

L. Such other services as the Fee Examiner may request.

4.     The requirements pursuant to Local Rule 9010-1(c) and (d) are waived with respect to Godfrey & Kahn's retention by the Fee Examiner.  Godfrey & Kahn shall not be required to obtain representation by or associate with a member of the Bar of the District Court of Delaware, and it is permitted to file documents electronically in this case and to appear, where necessary, in court on behalf of the Fee Examiner without association with a member of the Bar of the District Court of Delaware.

5.     Godfrey & Kahn shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. 435] and the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Dkt. No. 834].

6.     Godfrey & Kahn also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with this Application and the interim and final fee applications to be filed by Godfrey & Kahn in these chapter 11 cases.

7.     The total fees paid to Godfrey & Kahn for its services in accordance with this Order shall be charged at the agreed hourly rate as set forth in the Hancock Declaration and shall not include any contingency or success fees. Prior to any rate increase, the Fee Examiner shall

provide at least ten business (10) days advance notification of such revised hourly rate to the Debtors' counsel, the Committee's counsel, and the U.S. Trustee. The notice shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Fee Examiner has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code. Godfrey & Kahn's expenses shall be subject to the information detail requirements set forth in Local Rule 2016-2(e). Godfrey & Kahn shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in these Chapter 11 Cases.

8. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

9. To the extent the Application or the Hancock Declaration are inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order, including any motions or applications to amend the Order.

Dated: April 12th, 2023  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE