**Exhibit B**

**Form of Sale Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 233, 487** |

## ORDER (I) APPROVING THE LEDGERX BUSINESS PURCHASE AGREEMENT, (II) APPROVING THE SALE OF THE LEDGERX BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors

and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Sale Order"),

pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004,

6006, 9007, 9008 and 9014 and Local Rules 2002-1, 6004-1 and 9006-1, among other things,

(a) approving the Purchase Agreement (as defined below) for the LedgerX Business (as defined

below), (b) approving the Sale of the LedgerX Business free and clear of all liens, claims,

interests and encumbrances, including all Liens (as defined in the Purchase Agreement),

(c) authorizing the assumption and assignment of certain executory contracts and (d) granting

related relief [D.I. 233]; and this Court having entered an order on January 12, 2023 [D.I. 487],

approving the Bid Procedures and granting certain related relief (the "Bid Procedures Order");

and multiple Qualified Bids having been received; and the Debtors, in consultation with the

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

Consulting Professionals, having determined M 7 Holdings, LLC, a Delaware limited liability

company ("Buyer"), to be a Qualified Bidder and the Successful Bidder for the LedgerX

Business; and a hearing on the Sale of the LedgerX Business (the "Sale Hearing") having been

held to review and consider (i) the Motion with respect to the Sale of 100% of the membership

interests of LedgerX LLC ("LedgerX") (such equity interests, the "LedgerX Interests") and all

relief related thereto, (ii) the Interest Purchase Agreement, dated as of April 25, 2023, by and

among Debtor Ledger Holdings Inc. ("Seller"), Buyer and, solely for purposes set forth therein,

Miami International Holdings, Inc., a Delaware corporation ("Guarantor"), a copy of which is

attached hereto as Exhibit A (together with any schedules and exhibits thereto, the "Purchase

Agreement"), whereby Seller agreed, among other things, to sell the LedgerX Interests to Buyer,

to assume and assign to Buyer the contracts on Section 1.6(a) of the Seller Disclosure Schedule

(as defined in the Purchase Agreement) (the "Assumed Contracts"), to assign to LedgerX the

contracts listed on Section 1.6(j) of the Seller Disclosure Schedule (the "Non-Executory

Assigned Contracts" and, together with the Assumed Contracts, the "Assigned Contracts") and to

sell the claims set forth in Section 5.3(a) of the Purchase Agreement (the "Acquired Claims")

and the claims set forth in Section 5.3(b) of the Purchase Agreement (the "Coverage Claims"

and, together with the LedgerX Interests, the Assigned Contracts and the Acquired Claims, the

"LedgerX Business"), on the terms and conditions set forth in the Purchase Agreement

(collectively, the "Sale Transaction"), (iii) [*Declarations in Support of the Sale Transaction*] and

(iv) any objections thereto that were not resolved prior to the start of the Sale Hearing, and upon

the record of the Sale Hearing and all of the proceedings had before this Court; and objections (if

any) to the Motion, with respect to the Sale of the LedgerX Business or the assumption and

assignment of the Assumed Contracts, having been withdrawn or overruled on the merits; and

after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over this matter and

over the property of the Debtors' estates, including the LedgerX Business to be sold, transferred

or conveyed pursuant to the Purchase Agreement, pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012.  This Court may issue a final order on the Motion consistent

with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408

and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.    <u>Statutory and Rule Predicates</u>.  The statutory and other legal predicates for

the relief requested in the Motion and for the approvals and authorization herein are sections

105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, 9008

and 9014 and Local Rules 2002-1, 6004-1 and 9006-1.

C.    <u>Final Order</u>.  This Sale Order constitutes a final order within the meaning

of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to the

extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil

Procedures, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is

no just reason for delay in the implementation of this Sale Order, and expressly directs entry of

judgment as set forth herein and authorizes the closing of the Sale Transaction contemplated

hereby without regard to any stay or delay in its implementation.

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* Fed. R. Bankr. P. 7052.

D.      Sale Notice.  As shown by the affidavits of service filed with this Court

and the representations or proffers made on the record at the Sale Hearing, (a) the Debtors have

provided due, good, proper, timely, reasonable, adequate, appropriate and sufficient notice of,

and sufficient opportunity to object to, the Motion with respect to the Sale of the LedgerX

Business and the relief requested therein (including the Debtors' requested findings with respect

to successor liability), the Bid Procedures (including, without limitation, the deadline for

submitting Qualified Bids), the Sale Hearing, the Sale Transaction, the proposed assumption and

assignment of the Assumed Contracts, and the proposed entry of this Sale Order in compliance

with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local

Rules, (b) such notice was adequate and sufficient under the circumstances of these Chapter 11

Cases and complied with the Bid Procedures Order and (c) no other or further notice is necessary

or shall be required.

E.      Opportunity to Object.  A fair and reasonable opportunity to object or be

heard regarding the relief granted by this Sale Order, including, but not limited to, the Sale of the

LedgerX Business and the assumption and assignment of the Assumed Contracts and the Cure

Amounts (as defined below), has been afforded to all interested parties, including, but not limited

to, the Sale Notice Parties.

F.      Compliance with Bid Procedures.  As demonstrated by evidence proffered

or adduced and the representations of counsel at the Sale Hearing, the Bid Procedures (as

approved by the Bid Procedures Order) were substantively and procedurally fair to all parties,

were the result of arm's-length negotiations and provided a full, fair and reasonable opportunity

for any party to make an offer to purchase the LedgerX Business.  The disclosures made by the

Debtors concerning the Motion with respect to the Sale of the LedgerX Business, the Purchase

Agreement, the Sale Transaction, the assumption and assignment of the Assumed Contracts to Buyer, and the Sale Hearing were good, complete and adequate.  The Debtors (including Seller), Buyer and their respective counsel and other advisors have complied, in good faith, with the Bid Procedures Order and the Bid Procedures in all respects.  As demonstrated by (a) any testimony and other evidence proffered or adduced at the Sale Hearing or submitted by affidavit or declaration at or prior to the Sale Hearing and (b) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and a competitive sale process conducted in accordance with the Bid Procedures and the Bid Procedures Order, the Debtors (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the LedgerX Business, (ii) provided potential purchasers sufficient information to enable them to make an informed judgment on whether to bid on the LedgerX Business and (iii) considered any bids properly submitted in accordance with the Bid Procedures on or before the Bid Deadline.  Buyer submitted a Qualified Bid pursuant to the Bid Procedures approved by this Court and was determined, after consultation with the Consulting Professionals, to be the Successful Bidder for the LedgerX Business.

   G. <u>No Collusion</u>.  Buyer is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.  The Purchase Agreement and the transactions contemplated thereby were negotiated, proposed and entered into by Seller and Buyer without collusion or fraud, in good faith and from arm's-length bargaining positions, and are substantively and procedurally fair to all parties.  Neither the Debtors nor Buyer has engaged in any conduct that would cause or permit the Purchase Agreement or the consummation of the Sale Transaction to be avoided, or costs or damages to be imposed under section 363(n) of the

Bankruptcy Code, and accordingly neither the Debtors nor Buyer has violated section 363(n) of the Bankruptcy Code by any action or inaction.  Specifically, Buyer has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.  The transactions under the Purchase Agreement, and as approved under this Sale Order, may not be avoided, and no damages may be assessed against Buyer or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or nonbankruptcy law.

       H.     <u>LedgerX</u>.  LedgerX is regulated by the Commodity Futures Trading Commission ("<u>CFTC</u>").  LedgerX has a Board of Directors, which includes independent directors as required by the CFTC, with oversight over LedgerX's business.  LedgerX maintains segregated customer accounts as well as its own books and records.

       I.     <u>Good Faith of Buyer</u>.  Buyer, and its officers, directors, employees, agents and representatives, each acted in good faith in connection with the Purchase Agreement, the Sale Transaction, and all related matters.  Buyer is purchasing the LedgerX Business in good faith and for value and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code.  Buyer is therefore entitled to all of the protections afforded under section 363(m) with respect to all aspects of the transactions contemplated by the Purchase Agreement, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (a) Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the LedgerX Business; (b) Buyer complied with the provisions in the Bid Procedures Order; (c) Buyer agreed to subject its bid to the competitive bid procedures set forth in the Bid Procedures Order; (d) Buyer in no way induced or caused the filing of these Chapter 11 Cases by the Debtors; (e) all payments to be made, and all other material agreements or

arrangements entered into or to be entered into, by Buyer in connection with the Sale Transaction have been disclosed; (f) no common identity of officers, directors or controlling stockholders exists between Buyer and the Debtors and (g) Buyer and Seller were represented by competent counsel of their choosing.

    J.  <u>Highest and Best Offer</u>.  The Debtors and their advisors, including, without limitation, Perella Weinberg Partners LP, thoroughly and fairly marketed the LedgerX Business and conducted the related sale process contemplated by the Bid Procedures Order in good faith and in a fair and open manner, soliciting offers to acquire the LedgerX Business from a wide variety of parties.  The sale process and the Bid Procedures were non-collusive, duly noticed and provided a full, fair, reasonable and adequate opportunity for any interested party to make a higher or otherwise better offer for the LedgerX Business than Buyer's Successful Bid.  The offer to purchase the LedgerX Business made by Buyer, under the terms and conditions set forth in the Purchase Agreement: (a) was made in good faith and complied in all respects with the Bid Procedures Order; (b) is the highest or otherwise best offer obtained for the LedgerX Business and will provide a greater recovery for the Debtors' estates than would be provided by any other reasonably available alternative; (c) is for fair, adequate and sufficient consideration that constitutes reasonably equivalent value for the LedgerX Business being conveyed to Buyer; (d) is fair and reasonable; (e) is in the best interests of the Debtors' estates and (f) would not have been made by Buyer absent the protections afforded to Buyer by this Sale Order.

    K.  The Debtors' determination, after consultation with the Consulting Professionals, that the Sale Transaction, pursuant to the Purchase Agreement, provides the highest or otherwise best offer for the LedgerX Business, and their related decision to sell the LedgerX Business to Buyer, constitute a reasonable exercise of the Debtors' business judgment.

The facts and circumstances described in the Motion and the additional evidence adduced in connection with the Sale Hearing demonstrate the Debtors' business judgment to sell the LedgerX Business to Buyer at this time, and the Debtors have articulated sound business reasons for consummating the Sale Transaction and for selling the LedgerX Business outside of a chapter 11 plan.  Moreover, the Sale of the LedgerX Business outside of a chapter 11 plan pursuant to the Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor dictates the terms of any chapter 11 plan.  The Sale Transaction does not constitute a *sub rosa* chapter 11 plan.  It is a reasonable exercise of the Debtors' business judgment to execute, deliver and consummate the Sale Transaction, subject to this Sale Order.

L.    <u>Fair Consideration</u>.  The consideration provided by Buyer pursuant to the Purchase Agreement is fair consideration and constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.  No other Qualified Bidder has offered to purchase the LedgerX Business for higher or otherwise better value to the Debtors' estates than Buyer.

M.    <u>No Successor or Other Derivative Liability</u>.  As a result of any action taken in connection with the Sale Transaction, the Purchase Agreement, or this Sale Order: (a) Buyer is not a successor to or mere continuation of or substantial continuation of the Debtors or their estates and there is no continuity of enterprise between Buyer and the Debtors; and (b) Buyer shall not be deemed to be holding itself out to the public as a continuation of the Debtors based on the Sale Transaction.  Buyer is not, and shall not be, considered a successor in interest to any of the Debtors or their estates, by reason of any theory of law or equity, and the

Sale Transaction does not amount to a consolidation, succession, merger, or de facto merger of Buyer and the Debtors and/or the Debtors' estates. No sale, transfer or other disposition of the LedgerX Business pursuant to the Purchase Agreement will subject Buyer to any liability for claims, obligations or encumbrances, other than Permitted Encumbrances (as defined in the Purchase Agreement), asserted against the Debtors or the Debtors' interests in the LedgerX Business by reasons of such transfer under any theory of law or equity. Buyer would not have entered into the Purchase Agreement if the Sale of the LedgerX Business were not made free and clear of any successor liability of Buyer.

N.    _Corporate Power and Authority_.  The Debtors (a) have full corporate power and authority to execute and deliver the Purchase Agreement and all other documents contemplated thereby, (b) have all corporate authority necessary to consummate the transactions contemplated by the Purchase Agreement, including any transfer of assets by any Debtor to LedgerX free and clear of all liens, claims, interests and encumbrances, of any kind or nature, including all Liens, pursuant to section 363(f) of the Bankruptcy Code, prior to the Closing (as defined in the Purchase Agreement) and in furtherance of the Sale Transaction, and (c) have taken all corporate action necessary to authorize and approve the Purchase Agreement and the consummation of the transactions contemplated thereby.  The Debtors' Sale of the LedgerX Business and all related transactions under the Purchase Agreement have been duly and validly authorized by all necessary corporate action.  No consents or approvals, other than those expressly provided for in the Purchase Agreement, are required for the Debtors to consummate the Sale Transaction and the other transactions contemplated by the Purchase Agreement.

O.    The Purchase Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the

United States, any state, territory, possession or the District of Columbia.  Neither the Debtors

nor Buyer are entering into the transactions contemplated by the Purchase Agreement

fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent

transfer claims.

   P. <u>Title to Assets</u>.  The transfer of the Debtors' rights, titles and interests to

the LedgerX Business to Buyer will be, as of the Closing Date (as defined in the Purchase

Agreement), a legal, valid and effective transfer of such rights, titles and interests in the LedgerX

Business, which transfer vests or will vest Buyer with all rights, titles and interests of the Debtors

to the LedgerX Business free and clear of all liens, claims, interests and encumbrances, including

all Liens, but subject to all Permitted Encumbrances.  The Purchase Agreement is a valid and

binding contract between Seller and Buyer and shall be enforceable according to its terms.

   Q. <u>Satisfaction of Section 363(f) Standards</u>.  The conditions of section 363(f)

of the Bankruptcy Code have been satisfied in full, and upon entry of this Sale Order, the

Debtors are authorized to transfer all of their right, title and interest in and to the LedgerX

Business free and clear of all liens, claims, interests and encumbrances, of any kind or nature,

including all Liens, other than Permitted Encumbrances.  The Debtors may sell the LedgerX

Business free and clear of all liens, claims, interests and encumbrances, of any kind or nature,

including all Liens, against the Debtors, their estates or the LedgerX Business (except the

Permitted Encumbrances) because, in each case, one or more of the standards set forth in section

363(f)(l)-(5) of the Bankruptcy Code has been satisfied.  Holders of liens, claims, interests and

encumbrances of any kind or nature, including any Liens, against the Debtors, their estates or the

LedgerX Business (except with respect to Permitted Encumbrances) who did not object, or who

withdrew their objections, to the Sale Transaction or the Motion, with respect to the Sale of the

LedgerX Business, are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All other holders of liens, claims, interests and encumbrances, of any kind or nature, including any Liens (except to the extent that such liens, claims, interests and encumbrances are Permitted Encumbrances), are adequately protected by having their liens, claims, interests and encumbrances, if any, in each instance against the Debtors, their estates or the LedgerX Business, attach to the net cash proceeds of the Sale Transaction ultimately attributable to the LedgerX Business in which such creditor alleges a lien, claim, interest or encumbrance, in the same order of priority, with the same validity, force and effect that such liens, claims, interests and encumbrances had prior to the Sale Transaction, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

R.      Buyer would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby if the sale of the LedgerX Business to Buyer were not free and clear of all liens, claims, interests and encumbrances, of any kind or nature, including all Liens, other than Permitted Encumbrances.  The total consideration to be provided under the Purchase Agreement reflects Buyer's reliance on this Sale Order to provide it, pursuant to sections 105(a) and 363 of the Bankruptcy Code, with title to, interest in and possession of the LedgerX Business free and clear of all liens, claims, interests and encumbrances of any kind or nature whatsoever, including all Liens, other than Permitted Encumbrances.

S.      Sale of Claims.  A Sale of the LedgerX Business other than one providing for the sale and conveyance of the Acquired Claims and the Coverage Claims, including any and all claims, liabilities and causes of action that the Debtors have or may have against (a) LedgerX, (b) LedgerX's current directors, officers, employees, agents and the predecessors, successors and assigns of each of the foregoing (in each case, solely in their capacity as such), (c) LedgerX's

customers, creditors, vendors and other commercial counterparties (in each case, solely in their capacity as such), (d) Buyer, Guarantor and the Affiliates (as defined in the Purchase Agreement) of each of Buyer and Guarantor and (e) the Additional Protected Persons (as such term is defined in the Purchase Agreement) (the foregoing parties collectively the "Released Parties"), in each case of the foregoing clauses (a) – (e), whether known or unknown, arising prior to, on or after the commencement of these Chapter 11 Cases, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including, without limitation, any avoidance or recovery actions arising under the Bankruptcy Code including sections 502, 510, 542, 544, 545, 547, 548, 549, 550, 551, 552, and 553 of the Bankruptcy Code, or under any similar or related state or federal statutes or common law against such parties and any subsequent transferees, in each case, excluding any claims arising under the Purchase Agreement or the other Transaction Documents, and without the protections of this Sale Order, would hinder the Debtors' ability to obtain the consideration provided for in the Purchase Agreement and, thus, would impact materially and adversely the value that the Debtors' estates would be able to obtain for the Sale of the LedgerX Business.  Buyer would not have entered into the Purchase Agreement if the Sale of the LedgerX Business to Buyer did not include the sale and conveyance of the Acquired Claims and the Coverage Claims by the Debtors.  The total consideration to be provided under the Purchase Agreement reflects Buyer's reliance on this Sale Order to authorize and approve the sale and conveyance of the Acquired Claims and the Coverage Claims, and to direct the Debtors to take any action necessary to effect the sale and conveyance of the Acquired Claims and the Coverage Claims, in accordance with and subject to the terms of the Purchase Agreement.  The Released Parties do not include any directors or officers of Debtor West Realm Shires Inc. from the time of its acquisition of Seller and LedgerX.  Authorization and approval of the sale and conveyance

of the Acquired Claims and the Coverage Claims is thus in the best interests of the Debtors and their estates.

                T.     <u>Assumption and Assignment of the Assumed Contracts</u>.  The Debtors and Buyer have satisfied, to the extent necessary, the requirements of section 365 of the Bankruptcy Code, including subsections 365(b)(1)(A), 365(b)(1)(B) and 365(f), in connection with the assumption and assignment of the Assumed Contracts.  Buyer has demonstrated adequate assurance of future performance with respect to the Assumed Contracts pursuant to sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.  The assumption and assignment of the Assumed Contracts pursuant to the terms of this Sale Order is integral to the Purchase Agreement and is in the best interests of the Debtors and their estates, and represents the reasonable exercise of sound and prudent business judgment by the Debtors.  The Debtors or Buyer, as applicable, shall, to the extent necessary, provide compensation or adequate assurance of compensation, which amount will be paid to non-Debtor counterparties to Assumed Contracts for any actual pecuniary loss to any such party resulting from a default prior to the date of assumption and assignment with respect to an Assumed Contract, within the meaning of sections 365(b)(1)(B) and 365(f)(2)(A) of the Bankruptcy Code.  Except where an Assumed Contract is subject to an unresolved objection to the assumption and assignment of such Assumed Contract, payment of the Cure Amounts as set forth herein and Buyer's promise to perform the obligations under the Assumed Contracts after the Closing Date shall constitute any and all compensation due under sections 365(b)(1)(B) and 365(f)(2)(A) of the Bankruptcy Code and adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.  The Assumed Contracts are assignable notwithstanding any provisions contained therein to the contrary.

U.      Except as otherwise set forth herein, any objections to the assumption and

assignment of any of the Assumed Contracts to Buyer are hereby overruled.  Any objections to

the Cure Amounts are resolved as set forth herein.  To the extent that any counterparty failed to

timely object to its Cure Amount or adequate assurance of future performance, such counterparty

is deemed to have consented to such Cure Amount and the assignment of its respective Assumed

Contracts to Buyer.

V.      <u>Waiver of Bankruptcy Rules 6004(h) and 6006(d)</u>.  Good and sufficient

reasons for approval of the Purchase Agreement and the Sale Transaction have been articulated.

The Debtors have demonstrated both (a) good, sufficient and sound business purposes and

justifications and (b) compelling circumstances for the Sale Transaction other than in the

ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and

outside of, a chapter 11 plan, in that, among other things, the immediate consummation of the

Sale Transaction is necessary and appropriate to maximize the value of the Debtors' estates.

Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and

6006(d) with respect to the transactions contemplated by this Sale Order.  To maximize the value

of the LedgerX Business and preserve the viability of such business, it is essential that the Sale

Transaction occur within the time constraints set forth in the Purchase Agreement.  Time is of

the essence in consummating the Sale Transaction and the Debtors and Buyer intend to close the

Sale Transaction as soon as practicable.  Given all of the circumstances of these Chapter 11

Cases and the adequacy and fair value of the Purchase Price under the Purchase Agreement, the

proposed Sale of the LedgerX Business to Buyer should be approved.

W.      The consummation of the Sale Transaction is legal, valid and properly

authorized under all applicable provisions of the Bankruptcy Code, including, without limitation,

sections 105(a), 363(b), 363(f), 363(m) and 365, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

X.     <u>Personally Identifiable Information</u>.  After giving due consideration to the facts, circumstances and conditions of the Purchase Agreement, with respect to any personally identifiable information proposed to be transferred in the Sale Transaction, no Debtor in connection with offering a product or service disclosed to an individual a policy prohibiting the transfer of such personally identifiable information.  Thus, the appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) or section 332 of the Bankruptcy Code is not required with respect to the Sale Transaction.

Y.     <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Motion and the evidence adduced in connection with the Sale Hearing establish just cause for the relief granted herein.  Entry of this Sale Order is in the best interests of the Debtors and their estates.

IT IS HEREBY ORDERED THAT:

**A.     General Provisions**

1.     The Sale Transaction, including the Sale of the LedgerX Business, the assumption and assignment, or assignment, as applicable, of the Assigned Contracts, and the Purchase Agreement and the provisions thereof, are hereby APPROVED as set forth herein.

2.     All objections, responses, reservations of rights, or requests for any continuances concerning the Motion with respect to the Sale Transaction, or the relief requested therein, the Purchase Agreement, the Sale Transaction, the entry of this Sale Order or the relief granted herein, solely as it relates to the relief granted by this Sale Order are resolved in accordance with the terms of this Sale Order or as set forth in the record of the Sale Hearing.  To the extent any such objections, responses, reservations of rights or requests for any continuances

were not otherwise withdrawn, waived, settled or resolved, such are hereby overruled and denied

on the merits with prejudice.  All interested parties that failed to timely object to the Motion,

with respect to the Sale Transaction, are deemed to have consented to the relief granted herein

for all purposes, including, without limitation, pursuant to section 363(f)(2) of the Bankruptcy

Code.

>3.    Notice of the Motion, the Purchase Agreement, the Sale of the LedgerX

Business free and clear of all liens, interests, claims and encumbrances, including all Liens,

except Permitted Encumbrances, the Sale Transaction, the assumption and assignment of the

Assumed Contracts and the Cure Amounts was fair, equitable, proper, and sufficient under the

circumstances and complied in all respects with section 102(1) of the Bankruptcy Code,

Bankruptcy Rules 2002, 6004, 6006, 9007, 9008 and 9014 and Local Rules 2002-1, 6004-1 and

9006-1, and as required by the Bid Procedures Order.

**B.      Approval of the Purchase Agreement**

>4.    The Purchase Agreement and all other ancillary documents, and all of the

terms and conditions thereof, are hereby authorized and approved in all respects.  The failure to

specifically include or make reference to any particular provision of the Purchase Agreement in

this Sale Order shall not impair the effectiveness of such provision, it being the intent of this

Court that the Purchase Agreement, the Sale Transaction and the transactions contemplated

therein or in connection therewith are authorized and approved in their entirety, except as

expressly provided herein; provided, however, that this Sale Order shall govern if there is any

inconsistency between the Purchase Agreement (including all ancillary documents executed in

connection therewith) and this Sale Order.

>5.    Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the

Debtors are authorized, empowered and directed to take any and all actions necessary or

appropriate to (a) consummate the Sale Transaction to Buyer pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Sale Order, (b) close the Sale Transaction as contemplated in the Purchase Agreement and this Sale Order and (c) execute and deliver, perform under, consummate and implement the Purchase Agreement, including the sale to Buyer of the Acquired Claims and the Coverage Claims and the assumption and assignment to Buyer, or assignment to LedgerX, as applicable, of the Assigned Contracts, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Sale Transaction.  Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Purchase Agreement or any other Sale-related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order; provided, however, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

6.    This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors of and holders of equity interests in, the Debtors, any holders of liens, claims, interests and encumbrances, including any Liens, in, against or on all or any portion of the LedgerX Business (whether known or unknown), Buyer and all successors and assigns of Buyer with respect to the LedgerX Business and any trustees, if any, subsequently appointed in these Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code of these Chapter 11 Cases.  This Sale Order and the Purchase Agreement shall inure to the benefit of the Debtors, their estates and creditors, Buyer and the respective successors and assigns of each of the foregoing.

C.      **Consummation of the Sale Transaction**

        7.      Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the

Debtors are authorized and directed to transfer all of their rights, titles and interests to the

LedgerX Business to Buyer or LedgerX, as applicable, on the Closing Date, in accordance with

and subject to the terms of the Purchase Agreement, and such transfer shall constitute a legal,

valid, binding and effective transfer of such rights, title and interests in the LedgerX Business

and shall vest Buyer with all of the Debtors' rights, title and interests in the LedgerX Business

and, upon the Debtors' receipt of the Purchase Price, shall be free and clear of all liens, claims,

interests and encumbrances of any kind or nature whatsoever, including but not limited to, all

Liens, successor or successor-in-interest liability, any tax liens or mechanic's liens asserted

against the LedgerX Business, other than Permitted Encumbrances, with all such liens, claims,

interests and encumbrances to attach to the net cash proceeds ultimately attributable to the

property against or in which such liens, claims, interests and encumbrances are asserted, subject

to the terms thereof, with the same validity, force and effect, and in the same order of priority,

which such liens, claims, interests and encumbrances now have against the LedgerX Business,

subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess

with respect thereto.  The approved transfers shall include the transfers of assets by the Debtors

to LedgerX pursuant to section 363(b) and section 363(f) of the Bankruptcy Code as required

under the Purchase Agreement, which transfers shall be made free and clear of all liens, claims,

interests and encumbrances of any kind or nature, including all Liens, except Permitted

Encumbrances, and which transfers shall be made prior to the Closing; provided that for the

avoidance of doubt, the Debtors' obligations to transfer such assets to LedgerX shall continue

post-Closing to the extent additional assets that are required to be transferred are later identified

or have not already been transferred prior to the Closing, in accordance with the express terms of

the Purchase Agreement.  The provisions of this Sale Order authorizing and approving the transfer of the LedgerX Business free and clear of any liens, claims, interests and encumbrances, including any Liens, other than Permitted Encumbrances, shall be self-executing, and neither the Debtors nor Buyer shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order.

8.    A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any liens and other encumbrances, including any Liens, of record, except Permitted Encumbrances.

9.    If any person or entity which has filed statements or other documents or agreements evidencing liens, claims, interests and encumbrances, including any Liens, in, against or on all or any portion of the LedgerX Business (other than statements or documents with respect to Permitted Encumbrances) shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements and any other documents necessary for the purpose of documenting the release of all liens or interests, including all Liens, which the person or entity has or may assert with respect to all or any portion of the LedgerX Business, the Debtors, Buyer and each of their respective officers, employees and agents are hereby authorized and empowered to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the LedgerX Business.

10.    This Sale Order is and shall be effective as a determination that, on the Closing Date, any liens, claims, interests and encumbrances of any kind or nature whatsoever, including any Liens, existing as to the LedgerX Business prior to the Closing Date, other than

Permitted Encumbrances, shall have been unconditionally released, discharged and terminated from the LedgerX Business, and that the conveyances described herein have been effected. This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

**D.     Sale of Claims**

11.     Subject to and conditioned upon the Closing, the Debtors' sale of the Acquired Claims and the Coverage Claims to Buyer is hereby approved.

12.     The Debtors are hereby authorized and directed to (a) sell and convey to Buyer, effective upon the Closing, the Acquired Claims and the Coverage Claims, free and clear of all liens, claims, interests and encumbrances, of whatever kind or nature, including all Liens, except Permitted Encumbrances, and (b) execute and deliver to Buyer such documents or other instruments as necessary to assign and transfer the Acquired Claims and the Coverage Claims to Buyer as provided for in the Purchase Agreement.

**E.**    <u>**Assumption and Assignment of Assumed Contracts**</u>

13.    Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, and subject to and conditioned upon the Closing, and the payment of all Cure Amounts, if any, Seller's assumption and assignment to Buyer of the Assumed Contracts is hereby approved.

14.    Seller is hereby authorized and directed in accordance with section 365 of the Bankruptcy Code to (a) assume and assign to Buyer, effective upon the Closing of the Sale Transaction, the Assumed Contracts free and clear of all liens, claims, interests and encumbrances of any kind or nature whatsoever, including all Liens, other than the Permitted Encumbrances, and (b) execute and deliver to Buyer such documents or other instruments as Buyer deems may be necessary to assign and transfer the Assumed Contracts to Buyer.

15.    With respect to the Assumed Contracts: (a) each Assumed Contract is an executory contract or unexpired lease of nonresidential real property under section 365 of the Bankruptcy Code; (b) Seller may assume each of the Assumed Contracts in accordance with section 365 of the Bankruptcy Code; (c) Seller may assign each Assumed Contract in accordance with sections 363 and 365 of the Bankruptcy Code and any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract, constitute unenforceable anti-assignment provisions which are deemed void and of no force and effect solely with respect to this Sale; (d) upon payment of any Cure Amount, all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assignment to and assumption by Buyer of each Assumed Contract have been satisfied; (e) the Assumed Contracts shall be transferred and assigned to, and following the closing of the Sale Transaction remain in full force and effect for the benefit of, Buyer, notwithstanding any provision in any such

Assumed Contract (including those of the type described in sections 365(b)(2) and 365(f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, upon payment of the applicable Cure Amount, the Debtors shall be relieved from any further liability with respect to the Assumed Contracts after such assignment to and assumption by Buyer and (f) upon the Closing and payment of any Cure Amount, in accordance with sections 363 and 365 of the Bankruptcy Code, Buyer shall be fully and irrevocably vested in all rights, titles and interests of the Debtors in each Assumed Contract, free and clear of any liens, claims, interests and encumbrances, including any Liens, except Permitted Encumbrances.

16.     The Debtors are authorized to enter into any amendment of an Assumed Contract on terms acceptable to Buyer and agreed to by the counterparty to such Assumed Contract in connection with the assumption and assignment of such Assumed Contract, and the assumption and assignment of the Assumed Contracts authorized by this Sale Order shall be of the Assumed Contracts, as so amended or modified.

17.     All defaults or other obligations of the Debtors under the Assumed Contracts arising or that have become due and not paid prior to the Closing that are required to be cured by section 365(b)(1) of the Bankruptcy Code (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured by Buyer at or before the Closing through the payment of the Cure Amounts, if any.  To the extent that any counterparty to an Assumed Contract did not object to its Cure Amount or adequate assurance of future performance by the applicable Contract Objection Deadline, such counterparty is deemed to have consented to such Cure Amount and the assumption and assignment of its respective Assumed Contracts from Seller to Buyer.  Buyer

shall enjoy all of Seller's rights, benefits and privileges under the Assumed Contracts as of the Closing without the necessity to obtain any non-Debtor parties' written consent to the assumption or assignment thereof, except to the extent expressly contemplated in the Purchase Agreement.

18.    Unless a different amount has been agreed to by a counterparty to an Assumed Contract or otherwise ordered by this Court, the amount set forth in the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 624] and schedule attached as Exhibit A thereto, as served on each Counterparty to an Assumed Contract (the "Cure Notice"), reflects the sole amounts necessary under section 365(b) of the Bankruptcy Code to cure all monetary defaults under the Assumed Contracts to the extent such defaults remain outstanding as of the Closing Date (collectively, the "Cure Amounts"), and no other amounts are or shall be due in connection with the assumption by the Debtors and the assignment to Buyer of the Assumed Contracts; provided, however, that a counterparty to an Assumed Contract shall not be barred from seeking additional amounts on account of any defaults occurring between the deadline to object to the Cure Amounts set forth in the Cure Notice and the assumption of the Assumed Contract.

19.    Upon the Debtors' assumption and assignment of the Assumed Contracts to Buyer under the provisions of this Sale Order and any additional orders of this Court and payment of any Cure Amounts, no default shall exist under any Assumed Contract, and no counterparty to any Assumed Contract shall be permitted to (a) declare a default by Buyer under such Assumed Contract or (b) otherwise take action against Buyer, in each case, as a result of the Debtors' financial condition, bankruptcy or failure to perform any of their obligations under the relevant Assumed Contract.  Each non-Debtor party to an Assumed Contract hereby is also

forever barred, estopped and permanently enjoined from (i) asserting against Buyer, Seller, the

Debtors, their estates or their property, any default or claim arising out of any indemnity

obligation or warranties for acts or occurrences arising prior to or existing as of the Closing, or,

against Buyer, Seller, the Debtors or their estates, any counterclaim, unexercised setoff or any

other claim asserted or assertable against the Debtors and (ii) imposing or charging against Buyer

or its Affiliates any rent accelerations, assignment fees, increases or any other fees as a result of

the Debtors' assumption and assignments to Buyer of the Assumed Contracts.  The validity of

such assumption and assignments of the Assumed Contracts shall not be affected by any dispute

between the Debtors and the counterparties to the applicable Assumed Contracts and any

disputes regarding the Cure Amount of any Assumed Contract.

      20.      Upon payment of the applicable Cure Amounts, if any, and assignment of

the applicable Assumed Contracts to Buyer, the Buyer shall be deemed to be substituted for the

Debtors as a party to the applicable Assumed Contracts, and the Debtors and their estates shall

have no further liabilities or obligations with respect to any Assumed Contracts and all holders of

such claims are forever barred and estopped from asserting such claims against the Debtors, their

successors or assigns, their property or their assets or estates.

      21.      The failure of the Debtors or Buyer to enforce at any time one or more

terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions,

or of the Debtors' and Buyer's rights to enforce every term and condition of the Assumed

Contracts.

      22.      In the event that the Sale Transaction does not close, none of the Assumed

Contracts shall be assumed or assigned by virtue of this Sale Order and shall remain subject to

further rejection, assumption and/or assignment in these Chapter 11 Cases.

**Prohibition of Actions Against Buyer**

23.    Except as expressly provided for in this Sale Order or the Purchase Agreement, Buyer shall not have any liability or other obligation or responsibility of the Debtors arising under or related to the LedgerX Business, LedgerX, or LedgerX's assets, prior to the Closing.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Purchase Agreement, Buyer shall not be liable for any claims against the Debtors or any of their predecessors or Affiliates, and Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust law, environmental law (subject to paragraph 28 below), successor or transferee liability, labor law, de facto merger, mere continuation or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, environmental liabilities (subject to paragraph 28 below), and any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the LedgerX Business prior to the Closing.  The transaction contemplated by the Purchase Agreement does not amount to a consolidation, merger or de facto merger of Buyer, on the one hand, and the Debtors, the Debtors' affiliates and/or the Debtors' estates, on the other hand, and there is not substantial continuity between Buyer, on the one hand, and the Debtors or their affiliates, on the other hand, and there is no common identity between the Debtors or their affiliates, on the one hand, and Buyer, on the other hand, and Buyer is not a mere continuation of the Debtors or their estates, and Buyer does not constitute a successor to the Debtors or their estates.

24.    Except as expressly otherwise set forth in the Purchase Agreement and this Sale Order, all persons and entities, including, but not limited to, all debt security holders,

equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors,

employees, litigation claimants and other creditors, holding liens, claims, interests and

encumbrances of any kind or nature whatsoever, including any Liens, against or in all or any

portion of the LedgerX Business (whether legal or equitable, secured or unsecured, matured or

unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate),

arising under or out of, in connection with, or in any way relating to the Debtors, the LedgerX

Business or the transactions contemplated by the Purchase Agreement, including the transfer of

the LedgerX Interests. the Acquired Claims and the Coverage Claims to Buyer and the

assumption and assignment to Buyer, or assignment to LedgerX, as applicable, of the Assigned

Contracts, hereby are forever barred, estopped and permanently enjoined from asserting against

Buyer, its Affiliates, its successors or assigns, their property or the LedgerX Business, such

persons' or entities' liens, claims, interests and encumbrances, including any Liens, in and to the

LedgerX Business, including, without limitation, the following actions: (a) commencing or

continuing in any manner any action or other proceeding against Buyer, its Affiliates, its

successors, assets or properties; (b) enforcing, attaching, collecting or recovering in any manner

any judgment, award, decree or order against Buyer, its Affiliates, its successors, assets or

properties; (c) creating, perfecting or enforcing any liens, claims, interests and encumbrances

against Buyer, its Affiliates, its successors, assets or properties; (d) asserting any unexercised

setoff or right of subrogation against any obligation due Buyer, its Affiliates or its successors; (e)

commencing or continuing any action, in any manner or place, that does not comply or is

inconsistent with the provisions of this Sale Order, or the agreements or actions contemplated or

taken in respect thereof; or (f) revoking, terminating or failing or refusing to transfer or renew

any license, permit or authorization to operate LedgerX, subject to paragraph 28 below.  On the

Closing Date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release any liens, claims, interests and encumbrances, including any Liens, in or on the LedgerX Business, except Permitted Encumbrances, as provided for herein, as such liens, claims, interests and encumbrances may have been recorded or may otherwise exist.

25.    Notwithstanding anything in this Sale Order to the contrary, including the foregoing paragraph 24, nothing in this Sale Order or the Purchase Agreement releases, nullifies or precludes, or enjoins the enforcement of, any liability of LedgerX (whether prior to or after the Closing) to the United States Commodity Futures Trading Commission or any participant or customer of LedgerX arising from an act or omission by LedgerX in its capacity as a registered entity under the Commodity Exchange Act.   This includes taking an action provided for under the Commodity Exchange Act based on such an act or omission by LedgerX.

26.    All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with (a) the ability of the Debtors and/or Seller to sell and transfer the LedgerX Interests, the Acquired Claims and the Coverage Claims to Buyer and assume and assign, or assign, as applicable, to Buyer or LedgerX, as applicable, the Assigned Contracts and (b) the ability of Buyer to acquire and take possession of the LedgerX Business, in each case, in accordance with the terms of the Purchase Agreement and this Sale Order.

27.    Buyer has given substantial consideration under the Purchase Agreement for the benefit of the Debtors and their estates.  The consideration given by Buyer shall constitute valid and valuable consideration for the Sale of the LedgerX Business being free and clear of any potential liens, claims, interests and encumbrances, including any Liens, as to the LedgerX

Business pursuant to this Sale Order, except with respect to the Permitted Encumbrances, and

free and clear of any potential claims of successor liability against Buyer.  The consideration

provided by Buyer for the LedgerX Business under the Purchase Agreement is fair and

reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

**Other Provisions**

28.     Nothing in this Sale Order or the Purchase Agreement releases, nullifies,

precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit

that any entity would be subject to as the post-sale owner or operator of property after the date of

entry of this Sale Order.  In addition, nothing in this Sale Order divests any tribunal of any

jurisdiction it may have under police or regulatory law, including the jurisdiction to interpret this

Sale Order or to adjudicate any defense asserted under this Sale Order.

29.     Further, nothing in this Sale Order or Purchase Agreement authorizes the

transfer or assignment of any governmental license, permit, registration,

authorization or approval, or the discontinuation of any obligation thereunder, without

compliance with all applicable legal requirements and approvals under police or regulatory law

as appropriate.

30.     Notwithstanding anything to the contrary in the Motion, this Sale Order,

or any findings announced at the Sale Hearing, nothing in the Motion, this Sale Order, or

announced at the Sale Hearing constitutes a finding under the federal securities laws as to

whether crypto tokens or transactions involving crypto tokens are securities, and the right of the

United States Securities and Exchange Commission to challenge transactions involving crypto

tokens on any basis are expressly reserved.

31.     The consideration provided by Buyer to the Debtors pursuant to the

Purchase Agreement for the LedgerX Business constitutes reasonably equivalent value and fair

consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform

Fraudulent Conveyance Act and under the laws of the United States, any state, territory,

possession or the District of Columbia.

32.     Notwithstanding anything to the contrary contained herein, the Sale

Transaction does not include the sale or release of any causes of action held by any of the

Debtors against Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison or any

person known by the Debtors to have a familial relationship with any of the foregoing persons.

33.     The transactions contemplated by the Purchase Agreement are undertaken

by Buyer without collusion and in good faith, within the meaning of section 363(m) of the

Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization

provided herein to consummate the Sale Transaction shall not affect the validity of the Sale

Transaction, unless such authorization and such Sale Transaction are duly stayed pending such

appeal at the time of the Closing.  Buyer is a good faith buyer within the meaning of section

363(m) of the Bankruptcy Code and, as such, is entitled to the full rights, benefits, privileges and

protections of section 363(m) of the Bankruptcy Code.

34.     Nothing contained in any plan of reorganization or liquidation, or order of

any type or kind entered in (a) these Chapter 11 Cases, (b) any subsequent chapter 7 cases into

which these Chapter 11 Cases may be converted or (c) any related proceeding subsequent to

entry of this Sale Order, shall conflict with or derogate from the provisions of the Purchase

Agreement or the terms of this Sale Order.  In the event there is a conflict between this Sale

Order and the Purchase Agreement (or any ancillary agreements executed in connection

therewith), this Sale Order shall control and govern.  Likewise, all of the provisions of this Sale

Order are non-severable and mutually dependent.  To the extent that this Sale Order is

inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11

Cases, the terms of this Sale Order shall control.

35.     Pursuant to Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Sale

Order shall be effective and enforceable immediately upon entry, the Debtors and Buyer are

authorized to close the Sale Transaction immediately upon entry of this Sale Order, and the 14-

day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall

not apply.

36.     After consultation with the Consulting Professionals and the U.S. Trustee,

the Purchase Agreement and any related agreements, documents or other instruments may be

modified, amended or supplemented by the parties thereto and in accordance with the terms

thereof, without further order of this Court, provided that any such modification, amendment or

supplement does not have a material adverse effect on the Debtors' estates or any of the Debtors'

creditors.  If the Purchase Agreement is modified, the Debtors shall file the modified version

with this Court.

37.     Pursuant to the terms of and subject to the conditions contained in Section

4.12 of the Purchase Agreement, following the Closing, Seller, its successors and assigns and

any trustee in bankruptcy shall have access to the Books and Records (as defined in the Purchase

Agreement) for the specified purposes set forth in, and in accordance with, Section 4.12 of the

Purchase Agreement, and Seller shall retain a copy of the Books and Records for the purposes

set forth in Section 4.12 of the Purchase Agreement.

38.     This Court shall retain exclusive jurisdiction to, among other things,

interpret, implement and enforce the terms and provisions of this Sale Order and the Purchase

Agreement, all amendments thereto and any waivers and consents thereunder and each of the

agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale Transaction.

39.     The Purchase Agreement shall be in full force and effect, regardless of any Debtor's lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

40.     No bulk sales law, bulk transfer law or any similar law of any state or other jurisdiction (including those relating to taxes other than Transfer Taxes (as defined in the Purchase Agreement)) shall apply to the Debtors' conveyance of the LedgerX Business or this Sale Order.

41.     The appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) or section 332 of the Bankruptcy Code is not required with respect to the Sale Transaction.

42.     Buyer is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Sale Order, the Sale Transaction, the assumption and assignment, or assignment, as applicable, of the Assigned Contracts, and any issues related to or otherwise connected to the Purchase Agreement and the Sale Transaction.

43.     Nothing in this Sale Order shall affect the obligations, if any, of the Debtors, LedgerX, and/or any transferee or custodian to maintain all books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

44.     Nothing in this Sale Order shall be deemed to waive, release, extinguish or estop the Debtors or their estates from asserting or otherwise impairing or diminishing any right

(including any right of recoupment), claim, cause of action, defense, offset or counterclaim in respect of any asset that is not the LedgerX Business or any part thereof.

        45.    All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: _____

       Wilmington, Delaware

                                    _____

                                    The Honorable John T. Dorsey
                                    United States Bankruptcy Judge

<u>EXHIBIT A</u>

Interest Purchase Agreement