# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. 233, 487, 1341 & 1342 |

### DECLARATION OF JOHN J. RAY III IN SUPPORT OF ENTRY OF THE ORDER (I) APPROVING THE LEDGERX BUSINESS PURCHASE AGREEMENT, (II) APPROVING THE SALE OF THE LEDGERX BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND (IV) GRANTING RELATED RELIEF

I, John J. Ray III, hereby declare as follows:

1. I am the Chief Executive Officer of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), having accepted this position on November 11, 2022. I am administering the interests and affairs of the Debtors from my offices in the United States. I am over the age of 18 and authorized to submit this Declaration on behalf of each of the Debtors.

2. I submit this declaration (this "Declaration") in support of the *Motion of Debtors for Entry of Orders (I)(A) Approving Bid Procedures, Stalking Horse Protections and the Form and Manner of Notices for the Sale of Certain Businesses, (B) Approving Assumption and Assignment Procedures and (C) Scheduling Auction(s) and Sale Hearing(s) and (II)(A) Approving the Sale(s) Free and Clear of Liens, Claims, Interests and Encumbrances and*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0070666.}

*(B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases* [D.I. 233] (the "Motion")[2] and entry of an order, a proposed form of which is attached as Exhibit B to the *Notice of (I) Successful Bidder for the LedgerX Business and (II) Filing of the LedgerX Business Purchase Agreement* filed at D.I. 1342, (a) approving (i) Debtor Ledger Holdings Inc.'s ("Seller") entry into, and performance under, the Interest Purchase Agreement, dated as of April 25, 2023 (the "Purchase Agreement"), by and among Seller, M 7 Holdings, LLC, a Delaware limited liability company ("Buyer") and, solely for purposes set forth therein, Miami International Holdings, Inc., a Delaware corporation, whereby Seller agreed, among other things, to sell 100% of the membership interests of non-Debtor LedgerX LLC ("LedgerX") (such equity interests, the "LedgerX Interests") to Buyer, to assume and assign to Buyer the contracts on Section 1.6(a) of the Seller Disclosure Schedule (as defined in the Purchase Agreement) (the "Assumed Contracts"), to assign to LedgerX the contracts listed on Section 1.6(j) of the Seller Disclosure Schedule (the "Non-Executory Assigned Contracts" and, together with the Assumed Contracts, the "Assigned Contracts") and to sell the claims set forth in Section 5.3(a) of the Purchase Agreement (the "Acquired Claims") and the claims set forth in Section 5.3(b) of the Purchase Agreement (the "Coverage Claims" and, together with the LedgerX Interests, the Assigned Contracts and the Acquired Claims, the "LedgerX Business") on the terms and subject to the conditions set forth in the Purchase Agreement (the "Sale Transaction") and (ii) the Sale Transaction and (b) granting related relief.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon: (i) my personal knowledge, information and belief, or my opinion based upon

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

experience, knowledge and information concerning the Debtors; (ii) information learned from my review of relevant documents; and/or (iii) information supplied by other members of the Debtors' management, persons working directly with me or under my supervision, direction or control and/or from the Debtors' professionals and advisors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4. Non-Debtor LedgerX, a Delaware limited liability company, was acquired in October 2021 by Debtor West Realm Shires Inc. through a purchase of all of the shares of Seller. My understanding is that prior to the commencement of these Chapter 11 Cases, LedgerX was operated on a generally independent basis from the Debtors' other operations, holdings and investments, with its own officers, management and employees. LedgerX is regulated by the Commodity Futures Trading Commission ("CFTC") and is overseen by a Board of Directors which I believe includes independent directors as required by the CFTC. My understanding is that LedgerX maintains segregated customer accounts as well as its own books and records in accordance with applicable CFTC regulations.

5. Perella Weinberg Partners L.P., the Debtors' retained investment banker, managed the sale process for the LedgerX Business for the Debtors, commencing a robust marketing process for a sale of the LedgerX Business in November 2022. Filed concurrently with this Declaration is the *Declaration of Bruce Mendelsohn in Support of Entry of the Order (I) Approving the LedgerX Business Purchase Agreement, (II) Approving the Sale of the LedgerX Business Free and Clear of All Liens, Claims, Interests and Encumbrances, (III) Authorizing Assumption and Assignment of Certain Executory Contracts and (IV) Granting Related Relief* (the "Mendelsohn Declaration"). The Mendelsohn Declaration sets forth the marketing and sale process for the LedgerX Business.

6. Upon reviewing the applicable information from Buyer and information supplied by persons working under my direction whose information I rely upon, I believe that Buyer is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

7. Seller's entry into the Purchase Agreement and other agreements, consents, certificates, amendments, assignments, and instruments in connection therewith, and consummation of the Sale Transactions, were approved by the boards of directors of Seller and Debtor West Realm Shires Inc. and by West Realm Shires Inc. in its capacity as sole stockholder of Seller by written consent on April 23, 2023.  The transfer of the LedgerX Interests to Buyer was also separately and unanimously approved by the board of directors of LedgerX on April 23, 2023, as required under its organizational documents.

8. I believe that Seller's entry into the Purchase Agreement represents a sound exercise of the Debtors' business judgment in consideration of, among other things, the following:  the extensive marketing of the LedgerX Business; the conduct of a competitive bidding process for the LedgerX Business pursuant to the Bid Procedures entered by the Court; the attractive value of Buyer's consideration relative to other potential alternatives, including a wind-down of the LedgerX Business; the uncertainty as to whether the potential value of the LedgerX Business could be preserved for the duration of these Chapter 11 Cases; and the costs of supporting the LedgerX Business.  Even though certain causes of action, including against Buyer, are to be sold pursuant to the Purchase Agreement, the substantial majority of the potential causes of auction held by the Debtors in relation to the LedgerX Business, including in connection with the acquisition of Seller by West Realm Shires Inc., will be preserved by the Debtors.

9. Accordingly, for the foregoing reasons, I believe that Seller's entry into the Purchase Agreement is in the best interests of the Debtors, their estates, creditors and other parties-in-interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: April 25, 2023.

*/s/ John J. Ray III*
John J. Ray III
Chief Executive Officer