# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**[Requested] Hearing Date: May 4, 2023 at 1:00p.m. (ET)**<br>**[Requested] Obj. Deadline: At or before the hearing** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING
THE DEBTORS TO FILE CERTAIN DISCLOSURE SCHEDULES TO THE
INTEREST PURCHASE AGREEMENT BETWEEN LEDGER HOLDINGS INC.,
M 7 HOLDINGS, LLC AND MIAMI INTERNATIONAL HOLDINGS, INC.
UNDER SEAL AND (B) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to file under seal certain information contained in the disclosure schedules (the "Disclosure Schedules") to that certain Interest Purchase Agreement (the "Purchase Agreement") by and among Ledger Holdings Inc., M 7 Holdings, LLC (the "Buyer") and, solely for purposes of Article I, Article III, Section 4.2, Section 4.3, Section 4.6, Section 4.8, Section 4.16, Article V, Section 7.2 and Article VIII of the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Purchase Agreement, Miami International Holdings, Inc. and (b) granting related relief.  In support of the Motion, the Debtors respectfully state as follows:

### Background

1. On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3. On January 12, 2023, the Court entered the *Order (A) Approving Bid Procedures, Stalking Horse Procedures and the Form and Manner of Notices for the Sale of Certain Businesses, (B) Approving Assumption and Assignment Procedures and (C) Scheduling*

*Auction(s) and Sale Hearing(s)* [D.I. 487] (the "Bid Procedures Order").[2] The Bid Procedures Order established, among other things, deadlines with respect to the marketing and sale of certain of the Debtors' assets, including the deadline to file a form of purchase agreement for the LedgerX Business (the "Form Purchase Agreement").

4. On February 21, 2023, the Debtors filed the Form Purchase Agreement under seal [D.I. 750, redacted version filed at D.I. 751]. In connection therewith, the Court entered the *Order (A) Authorizing the Debtors to File Certain Disclosure Schedules to the Form Interest Purchase Agreement Under Seal and (B) Granting Related Relief* [D.I. 802] (the "Sealing Order") authorizing the Debtors to file the portions of the form disclosure schedules (the "Form Disclosure Schedules"), which was comprised of confidential non-Debtor commercial and non-Debtor employee and contractor information that were redacted in the version attached to the *Notice of Filing of (I) Proposed LedgerX Business Sale Order and (II) Form of LedgerX Business Purchase Agreement* [D.I. 751] under seal (the "Confidential Information"). The Sealing Order further authorizes the Debtors on a go forward basis to file under seal the Confidential Information contained in additional documents related to the sale of the LedgerX Business.

5. In connection with the sale of the LedgerX Business, the Debtors have filed the *Notice of (I) Successful Bidder for the LedgerX Business and (II) Filing of the LedgerX Business Purchase Agreement* [D.I. 1341, redacted version filed at D.I. 1342], which among other things, attaches the Purchase Agreement and Disclosure Schedules thereto. In addition to the Confidential Information, certain of the Disclosure Schedules to the Purchase Agreement

---

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Bid Procedures Order.

contain additional confidential non-Debtor commercial and non-Debtor employee and contractor information that has been filed in a redacted format (the "Additional Confidential Information") that was not included in the Form Disclosure Schedules. In addition to highly sensitive commercial information, including employee and contractor identities regarding the LedgerX Business, as was the case with the Confidential Information, the Additional Confidential Information also consists of the identities of certain entities and individuals as to which the Buyer is acquiring claims pursuant to the Purchase Agreement. These entities and individuals consist of, among others, existing or potential customers, investors in, or other commercial counterparties of, the Buyer and/or the Buyer's affiliates. Therefore, certain of the Additional Confidential Information consists of highly sensitive commercial information regarding the Buyer and its affiliates. The Additional Confidential Information does not relate to the economic terms of the proposed Sale transaction.

6. In connection with the sale of the LedgerX Business, the Debtors anticipate filing additional documents in these Chapter 11 Cases that also may contain the Additional Confidential Information. As such, the Debtors seek authority to file the Additional Confidential Information under seal in the current Disclosure Schedules and any future schedules or other documents filed in connection with the sale of the LedgerX Business. The Debtors will provide counsel to the U.S. Trustee and the Committee (collectively, the "Disclosure Parties") with unredacted versions of the Disclosure Schedules on a highly confidential basis.

**Jurisdiction**

7. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b). Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

8.    By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to file certain Disclosure Schedules to the Purchase Agreement containing the Additional Confidential Information under seal and (b) granting related relief.

## Basis for Relief

9.    Bankruptcy Code section 107(b) authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information. Specifically, section 107(b) states that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or other confidential research, development, or commercial information . . . ." Similarly, Bankruptcy Rule 9018 and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information.

10.    The Debtors respectfully submit that the Additional Confidential Information in the Disclosure Schedules that they seek to seal pursuant to this Motion is of a sensitive, confidential and proprietary nature, and thus, is confidential commercial information as contemplated by section 107 of the Bankruptcy Code. "Commercial information" has been defined as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare*

*Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n* v. *Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)).  Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *In re Orion Pictures Corp.*, 21 F.3d at 28.  If an interested party is requesting to seal information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27.  Moreover, the resulting order should be broad, that is "any order which justice requires."  FED. R. BANKR. P. 9018; *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).  Courts are required to provide such protections, "generally where open inspection may be used as a vehicle for improper purposes."  *In re Orion Pictures Corp.*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice."  *In re Global Crossing, Ltd.*, 295 B.R. at 724.

11. The Additional Confidential Information contained in the Disclosure Schedules the Debtors seek to file under seal consists of highly sensitive information regarding the LedgerX Business and its employees and contractors, and highly sensitive information regarding the Buyer and its affiliates, as applicable, and each of their respective existing or potential customers, investors, and commercial counterparties that could give a competitor a significant and unfair advantage to the detriment of the Debtors and the Buyer and/or subject such non-Debtor employees and contractors to unnecessary scrutiny and/or potential poaching by competing businesses.  The Additional Confidential Information primarily consists of (1) the names of, and information regarding employment arrangements with, employees and contractors of the LedgerX Business, (2) recent developments in the LedgerX Business, and (3) the identity of certain parties as to which the Buyer is acquiring claims under the Purchase Agreement that

include, among others, existing and potential customers, investors in, and commercial counterparties of the Buyer and/or the Buyer's affiliates.

14. If the Additional Confidential Information were made public, it could disrupt the Debtors' sale process, depress the value of the LedgerX Business to the ultimate detriment of the Debtors and their stakeholders and harm the Buyer's business and operations.

13. The Debtors submit that other parties-in-interest will not be prejudiced by the Additional Confidential Information being redacted from the public record because such information does not relate to the economic terms of the proposed Sale transaction and shall be disclosed in their entirety to the Court and the Disclosure Parties. Accordingly, the relief requested by this Motion to seal the Additional Confidential Information is appropriate under section 107(b) of the Bankruptcy Code.

14. This Court has authorized debtors in other chapter 11 cases to file under seal confidential information in connection with other sale transactions. *See*, *e.g.*, *In re Mallinckrodt PLC, et al.*, Case No. 20-12522 (JTD) (Oct. 22, 2021), D.I. 4930 (authorizing debtors to file purchase agreement and related information under seal); *In re Carbonlite Holdings LLC, et al.*, Case No. 21-10527 (JTD) (Jun. 22, 2021), D.I. 650 (authorizing sealing of certain schedules to purchase agreement).

15. Therefore, the Debtors submit for the reasons set forth herein that cause exists under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for the Debtors to file the Additional Confidential Information under seal, subject to disclosure to the Disclosure Parties.

**<u>Notice and No Prior Request</u>**

16. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal

Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the Buyer; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  April 25, 2023<br>            Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>           brown@lrclaw.com<br>           pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>           bromleyj@sullcrom.com<br>           gluecksteinb@sullcrom.com<br>           kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |