# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. No. 1350** |

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO FILE CERTAIN DISCLOSURE SCHEDULES TO THE INTEREST PURCHASE AGREEMENT BETWEEN LEDGER HOLDINGS INC., M 7 HOLDINGS, LLC AND MIAMI INTERNATIONAL HOLDINGS, INC. UNDER SEAL AND (B) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Order"), shortening the time for notice of the hearing to consider the *Motion of Debtors for Entry of an Order (A) Authorizing the Debtors to File Certain Disclosure Schedules to the Interest Purchase Agreement Between Ledger Holdings Inc., M 7 Holdings, LLC and Miami International Holdings, Inc. Under Seal and (B) Granting Related Relief* (the "Motion to Seal").[2] The Motion to Seal is being filed and served contemporaneously herewith. The Debtors respectfully request that the Court hear the Motion to Shorten at the May 4, 2023 hearing at 1:00 p.m. (ET) (the "Sale Hearing")

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Seal.

{1368.002-W0070668.}

and set an objection deadline of at or before the Sale Hearing. In support of the Motion to Shorten, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2.     The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended or modified, the "Bankruptcy Code"), rules 2002(a)(3) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.     On November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 22, 2022, the Court entered an order authorizing joint administration of the Debtors' cases (the "Chapter 11 Cases") [D.I. 128]. On

---

[3]   Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

6. On January 12, 2023, the Court entered the *Order (A) Approving Bid Procedures, Stalking Horse Procedures and the Form and Manner of Notices for the Sale of Certain Businesses, (B) Approving Assumption and Assignment Procedures and (C) Scheduling Auction(s) and Sale Hearing(s)* [D.I. 487] (the "Bid Procedures Order"). The Bid Procedures Order established, among other things, deadlines with respect to the marketing and sale of certain of the Debtors' assets, including the deadline to file a form of purchase agreement for the LedgerX Business (the "Form Purchase Agreement").

7. On February 21, 2023, the Debtors filed the Form Purchase Agreement under seal [D.I. 750, redacted version filed at D.I. 751]. In connection therewith, the Court entered the *Order (A) Authorizing the Debtors to File Certain Disclosure Schedules to the Form Interest Purchase Agreement Under Seal and (B) Granting Related Relief* [D.I. 802] authorizing the Debtors to file under seal certain portions of the form disclosure schedules (the "Form Disclosure Schedules"), which was comprised of confidential non-Debtor commercial and non-Debtor employee and contractor information that were redacted in the version attached to the *Notice of Filing of (I)*

*Proposed LedgerX Business Sale Order and (II) Form of LedgerX Business Purchase Agreement* [D.I. 751] (the "Confidential Information").

8. In connection with the sale of the LedgerX Business, the Debtors have filed the *Notice of (I) Successful Bidder for the LedgerX Business and (II) Filing of the LedgerX Business Purchase Agreement* [D.I. 1342] (the "Notice of Successful Bidder"), which, among other things, designates M 7 Holdings, LLC as the Successful Bidder and attaches the Purchase Agreement and Disclosure Schedules thereto.  In addition to the Confidential Information, certain of the Disclosure Schedules to the Purchase Agreement contain additional confidential non-Debtor commercial and non-Debtor employee and contractor information that has been filed in a redacted format (the "Additional Confidential Information") that was not included in the Form Disclosure Schedules.  In addition to highly sensitive commercial information, including employee and contractor identities regarding the LedgerX Business, as was the case with the Confidential Information, the Additional Confidential Information also consists of the identities of certain entities and individuals as to which the Buyer is acquiring claims pursuant to the Purchase Agreement.  These entities and individuals consist of, among others, existing or potential customers, investors in, or other commercial counterparties of, the Buyer and/or the Buyer's affiliates.  Therefore, certain of the Additional Confidential Information consists of highly sensitive commercial information regarding the Buyer and its affiliates.

9. Contemporaneously herewith, the Debtors filed the Motion to Seal seeking authority to file under seal the Additional Confidential Information.  As set forth in the Notice of Successful Bidder, a hearing on the sale of the LedgerX Business to the Successful Bidder is scheduled for May 4, 2023 at 1:00 p.m. (prevailing Eastern Time) (the "Sale Hearing").

**RELIEF REQUESTED**

10. By this Motion to Shorten, the Debtors request, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 9006(c)(1) and 2002(a)(2), and Local Rule 9006-1(e), that the Court shorten the notice required for a hearing on the Motion to Seal so that it may be heard at the Sale Hearing with an objection deadline of at or before the Sale Hearing.

**BASIS FOR RELIEF**

11. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Local Rule 9006-1(e).

12. Under Local Rule 9006-1(c)(i), ordinarily, motions must be filed and served fourteen (14) days prior to the applicable hearing date. Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date. However, the Court may order that a motion be heard on less notice than required upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Local Rule 9006-1(e). No hearing on such a motion to shorten is required. *See id*.

13. Here, there is sufficient cause to grant the Motion to Shorten. The sale of the LedgerX Business to the Successful Bidder pursuant to the Purchase Agreement is scheduled to be heard at the Sale Hearing. As set forth in the Motion to Seal filed contemporaneously herewith, the Debtors are requesting to file the Additional Confidential Information contained in the

Disclosure Schedules to the Purchase Agreement under seal. The relief sought in the Motion to Seal is intrinsically related to the subject matter of the Sale Hearing. Given the critical need to obtain approval of the Motion to Seal in connection with approval of the Purchase Agreement and the related Disclosure Schedules, the Debtors submit that sufficient exigent circumstances exist to justify shortening notice.

14. Moreover, the Debtors will promptly serve the Motion to Seal, thus giving parties-in-interest as much notice as possible prior to the hearing on the Motion to Seal. Shortening the objection deadline to at or before the Sale Hearing as requested will still provide parties in interest nine (9) days to respond to the Motion to Seal. Accordingly, the Debtors submit that no party will be prejudiced by the relief requested in this Motion to Shorten.

15. Consistent with the Debtors' obligations under Local Rule 9006-1(e), the Debtors notified counsel to the U.S. Trustee and the Committee of the Debtors' intent to request shortened notice and requested their consent to do so. The U.S. Trustee and the Committee have confirmed that they do not object to the relief requested herein. Thus, for the reasons stated above, the Debtors respectfully request that the Court shorten notice as set forth herein.

16. Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e) provide ample authority for the Court to afford the relief requested in the Motion to Shorten. Therefore, the Debtors respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

**NOTICE AND NO PRIOR REQUEST**

17. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the Successful Bidder; and (h) to the extent not listed herein, those parties requesting notice

pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit 1**, and (b) grant such other and further relief as is just and proper.

Dated: April 25, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew R. Pierce
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in Possession*