<u>**Attachment 2**</u>

**Joint Exhibit 17: Debtors' Responses and Objections to the United States Trustee's First Set of Interrogatories to Debtors, dated January 31, 2023**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DEBTORS' RESPONSES AND OBJECTIONS TO UNITED STATES TRUSTEE'S**
**FIRST SET OF INTERROGATORIES TO DEBTORS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other applicable law, rules, or orders of the Court (collectively, the "Applicable Rules"), FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by their undersigned attorneys, hereby submit these responses and objections (the "Responses and Objections") to *United States Trustee's First Set of Interrogatories to Debtors* (the "Interrogatories") in the above-captioned cases (the "Chapter 11 Cases").

Subject to and without waiving any objection herein, the Debtors are willing to meet and confer in good faith with the Office of the United States Trustee (the "U.S. Trustee") regarding the Interrogatories and the Responses and Objections.

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{1368.002-W0069878.}

**GENERAL OBJECTIONS**

The general objections set forth below (the "Generaⅼ Objections") apply to the Interrogatories generally and to each Definition, Instruction, and specific Interrogatory and, unless otherwise stated, shall have the same force and effect as if fully set forth in response to each Definition, Instruction, and specific Interrogatory.  Any objection to a Definition or Instruction shall also apply to any other Definition, Instruction, or specific Interrogatory that incorporates that Definition or Instruction.  No response to any specific Interrogatory is, or shall be deemed to be, a waiver of the General Objections or to the specific objections set forth therein (collectively, the "Objections").  The fact that an objection is not listed herein does not, and shall not, constitute a waiver of that objection or otherwise preclude the Debtors from raising that objection at a later time.

1.      The Debtors object to the Interrogatories, and to each Definition and Instruction contained therein, on the ground that they seek information that is irrelevant to the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [D.I. 176].

2.      The Debtors object to the Interrogatories, and to each Definition and Instruction contained therein, to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, or seek information that is neither relevant to a party's claim or defense nor proportional to the needs of the Chapter 11 Cases.  The Debtors will construe the Interrogatories, and each Definition and Instruction contained therein, in accordance with the Debtors' obligations under the Applicable Rules.

3.      The Debtors object to the Interrogatories, and to each Definition and Instruction contained therein, to the extent that they purport to impose on the Debtors any burden or obligation that is broader than, or inconsistent with, the permissible scope of discovery under the Applicable Rules.  The Debtors will construe the Interrogatories, and each Definition and

Instruction contained therein, in accordance with the Debtors' obligations under the Applicable Rules.

4.       The Debtors object to the Interrogatories, and to each Definition and Instruction contained therein, to the extent that they seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.  Any inadvertent disclosure of information that is properly the subject of a claim of privilege is not, and shall not be deemed, a waiver, in whole or in part, of any privilege or protection.  The U.S. Trustee shall not use any inadvertently disclosed information that is properly the subject of a claim of privilege or other protection.

5.       The Debtors object to the Interrogatories, and to each Definition and Instruction contained therein, insofar as they seek confidential information of the Debtors or their customers or counterparties, including information subject to third-party confidentiality requirements.

6.       The Debtors object to the Interrogatories, and to each Definition and Instruction contained therein, to the extent that they purport to require the Debtors to draw legal or factual conclusions, or are predicated on legal or factual conclusions or arguments.  No response to any specific Interrogatory is, or shall be construed as, a legal or factual conclusion concerning any of the terms used in the Interrogatory.

7.       The Debtors object to the Interrogatories, and to each Definition and Instruction contained therein, to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  No response to any specific Interrogatory is, or shall be construed as, an admission that any factual predicate stated in the Interrogatory is accurate.

8.      The Debtors object to the Interrogatories, and to each Definition and Instruction contained therein, insofar as they seek information that is a matter of public record and/or information that is equally available to the U.S. Trustee, or otherwise more appropriately directed to another party or person.

9.      The Debtors' Responses and Objections are based solely on facts reasonably known to the Debtors at the time of responding to the Interrogatories.  The Debtors reserve the right, but do not assume the obligation, to amend, supplement, or otherwise modify the content of these Responses and Objections at any time.

10.      Any failure of the Debtors to make a specific objection to any specific Interrogatory, or any Definition or Instruction contained therein, is not, and shall not be construed as, a waiver of the Debtors' right to object on additional grounds.  The Debtors reserve the right to use or rely on, at any time, any subsequently discovered information or information omitted from these Responses and Objections as a result of mistake, error, oversight, or inadvertence.

## <u>OBJECTIONS TO DEFINITIONS</u>

1.      The Debtors object to each of the Definitions, and to any Definition, Instruction, or Interrogatory that incorporates the Definitions, to the extent that they purport to impose on the Debtors any burden or obligation that is broader than, inconsistent with, or exceeds the requirements of, the Applicable Rules.

2.      The Debtors further object to Definition i ("Person"), and to any Definition, Instruction, or Interrogatory that incorporates the Definition, on the grounds that the Definition is overly broad, vague, and unduly burdensome to the extent that the Definition includes, "proprietorships, joint ventures, corporations, public corporations, municipal corporations, the Federal Government and all departments and agencies thereof, state governments, local governments, other governmental agencies, political subdivisions, partnerships, groups,

associations or organizations." The Debtors also object to Definition i, and to any Definition, Instruction, or Interrogatory that incorporates the Definition, to the extent that it encompasses third parties and/or information that are not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

**OBJECTIONS TO INSTRUCTIONS**

1.      The Debtors object to each Instruction, and to any Definition, Instruction, or Interrogatory that incorporates that Instruction, to the extent that it purports to impose on the Debtors any burden or obligation that is broader than, inconsistent with, or exceeds the requirements of, the Applicable Rules. The Debtors will construe the Interrogatories, and each Definition and Instruction contained therein, in accordance with the Applicable Rules.

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1**

Please (a) identify each person who the Debtors will or may call to testify at any hearing relating to the Examiner Motion, and (b) for each such person, please disclose the subject matter to which such witness is anticipated to testify.

**SPECIFIC OBJECTIONS AND RESPONSE**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Interrogatory No. 1 to the extent that it purports to seek the discovery of information that is protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

Subject to and without waiver of the foregoing objections, the Debtors respond as follows. Debtors intend to present John J. Ray, III, the Debtors' Chief Executive Officer and Chief Restructuring Officer, at the Examiner Motion Hearing. Mr. Ray will testify in connection with the *Motion of the United States Trustee for Entry of an Order Directing the*

*Appointment of an Examiner* [D.I. 176].  The Debtors reserve all rights to cross examine any and all witnesses proffered at the Examiner Motion Hearing, and to call any rebuttal witnesses as they may deem necessary at the Examiner Motion Hearing.

## INTERROGATORY NO. 2

Please identify all documents the Debtors intend to mark as exhibits, or offer into evidence, at the hearing on the Examiner Motion.

## SPECIFIC OBJECTIONS AND RESPONSE

The Debtors refer to and incorporate their General Objections as if set forth fully herein.  The Debtors further object to Interrogatory No. 2 to the extent that it purports to seek the discovery of information that is protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

Subject to and without waiver of the foregoing objections, the Debtors respond as follows.  The Debtors may mark as exhibits or offer into evidence the following documents at the Examiner Motion Hearing:

- *Declaration of John J. Ray, III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24];
- *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57];
- *Supplemental Declaration of John J. Ray, III in Support of First Day Pleadings* [D.I. 92];
- *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93];
- *Supplemental Declaration of Andrew G. Dietderich in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession Nunc Pro Tunc to the Petition Date* [D.I. 510];
- *Supplemental Declaration of John J. Ray III in Support Of Debtors' Applications For Orders Authorizing The Retention And Employment Of Sullivan & Cromwell LLP, Alix Partners LLP And Quinn Emanuel Urquhart & Sullivan, LLP* [D.I. 511]; and
- *Declaration of James L. Bromley in Support of Debtors' Objection to Motion of the United States Trustee for Entry of Order directing the Appointment of an Examiner* [D.I. 576].

The Debtors reserve all rights to mark additional documents as exhibits or offer additional documents as evidence at the Examiner Motion Hearing. The Debtors will identify any other materials that Debtors intend to mark as exhibits or offer into evidence to the extent disclosure is required under the Applicable Rules no later than 12:00 pm on Thursday, February 2, 2023.

## INTERROGATORY NO. 3

Please identify each Debtor whose fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5 million.

## SPECIFIC OBJECTIONS AND RESPONSE

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome to the extent that the Interrogatory seeks information related to all of the 102 Debtors.

Subject to and without waiver of the foregoing objections, the Debtors have reached a stipulation with the U.S. Trustee that eliminates the need for Debtors to respond to Interrogatory No. 3.

## INTERROGATORY NO. 4

Please (a) identify each person or entity who has conducted, or whom the Debtors intend to conduct, any investigation of the events that caused, or lead up to, the Debtors filing for chapter 11 protection, or any investigation into any fraud, dishonesty, incompetence, misconduct, mismanagement or irregularity in the management of, or of negligence or gross negligence or breach of fiduciary duties in connection with, the affairs of any of the Debtors of or by current or former management of any of the Debtors, or by any current or former directors or employees of any of the Debtors, and (b) for each such person or entity, indicate whether they will bill the estate for their role in such investigation, and (c) as to any person or entity as to which the answer to (b) is yes, specify the person or entity's hour rate or other measurement or fee structure they will use to bill the Debtors.

## SPECIFIC OBJECTIONS AND RESPONSE

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Interrogatory No. 4 on the grounds that it is overly broad and unduly burdensome to the extent that the Interrogatory seeks information related to "***each***

***person*** or entity who has conducted, or whom the Debtors intend to conduct, any investigation

of the events that caused, or lead up to, the Debtors filing for chapter 11 protection." (Emphasis added.)  The Debtors further object to Interrogatory No. 4 on the ground that it is irrelevant to the Examiner Motion Hearing because the identity of every person involved in Debtors' ongoing investigations is irrelevant to the appointment of an examiner.  *See In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (Silverstein, J.) ("[T]raditional discovery, . . . narrowly focuses on the issues germane to the dispute.").  The Debtors further object to Interrogatory No. 4 to the extent that it purports to seek the discovery of information that is protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.  The Debtors further object to Interrogatory No. 4 to the extent it encompasses third parties and/or information that is not in the Debtors' possession, custody, or control.  The Debtors further object to Interrogatory No. 4 to the extent it seeks the production of information that is a matter of public record and/or information that is equally available to the U.S. Trustee.

Subject to and without waiver of the foregoing objections, the Debtors respond as follows.  The following entities are involved in investigating the Debtors:

- Sullivan & Cromwell;
- Quinn Emanuel;
- Landis Rath & Cobb;
- Alvarez & Marsal;
- AlixPartners;
- Ernst & Young;
- a leading cybersecurity firm;
- U.S. Commodity Futures Trading Commission;
- U.S. DOJ (including the U.S. Attorney's Office for the Southern District of New York, the Cyber Crimes division in conjunction with the USAFLS, and the Federal Bureau of Investigation);
- Financial Industry Regulatory Authority;
- U.S. House of Representatives;
- U.S. Securities and Exchange Commission;
- U.S. Senate;

- Alaska Division of Banking and Securities;
- Arkansas Securities Department;
- Money Transmitter Regulatory Association;
- California Department of Financial Protection and Innovation;
- Massachusetts Securities Division;
- Washington Department of Financial Institutions;
- Wisconsin Department of Financial Institutions, on behalf of a coalition of 10 states;
- Mayes County Sheriff's Office;
- Medford Township Police Department;
- NASAA Enforcement Group (this is comprised of individual state regulators);
- Securities Commission of The Bahamas;
- Cyprus Securities and Exchange Commission;
- Swiss Financial Market Supervisory Authority;
- Indian Competition Commission;
- Japan Financial Service Agency;
- Monetary Authority of Singapore;
- MASAK (Turkey);
- New York Department of Financial Services;
- Consumer Financial Protection Bureau;
- U.S. Treasury;
- North Carolina Office of the Commissioner of Banks;
- Texas Department of Banking;
- Gibraltar Financial Services Commission;
- Office of Cyber Crime Unit, IFSO/NCFL in India;
- Seychelles Financial Services Authority; and
- South Africa.

To the extent that any of the above-listed investigators are billing the Debtors' estate (*i.e.*, Sullivan & Cromwell, Quinn Emanuel, Landis Rath & Cobb, Alvarez & Marsal, AlixPartners, Ernst & Young, and the cybersecurity firm), their fee structure has already been disclosed in public filings in the Chapter 11 Cases and approved by the Court.

Dated: January 31, 2023
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*