## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: May 17, 2023 at 1:00 p.m. ET**<br>**Obj. Deadline: May 10, 2023 at 4:00 p.m. ET** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I)(A) ESTABLISHING DEADLINES FOR FILING NON-CUSTOMER
AND GOVERNMENT PROOFS OF CLAIM AND PROOFS OF INTEREST
AND (B) APPROVING THE FORM AND MANNER OF NOTICE
THEREOF AND (II) GRANTING RELATED RELIEF**

> **<u>NOTICE TO ALL FTX CUSTOMERS</u>: THIS MOTION DOES NOT ESTABLISH THE DEADLINE FOR FILING A PROOF OF CLAIM ON ACCOUNT OF CUSTOMER CLAIMS. A BAR DATE DEADLINE TO FILE CUSTOMER PROOFS OF CLAIM WILL BE SEPARATELY REQUESTED AND ESTABLISHED, AND CUSTOMERS WILL BE SERVED WITH NOTICE OF THAT DEADLINE. IN THE MEANTIME, VISIT HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX/ FOR MORE INFORMATION CURRENTLY AVAILABLE ABOUT THE PROOF OF CLAIM PROCESS FOR CUSTOMERS.**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>")[2] hereby submit this motion (this "<u>Motion</u>") for entry of (i) an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), pursuant to sections 105(a), 502(b)(9) and 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https:// https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] **<u>For the avoidance of doubt, this Motion only covers FTX Trading Ltd. and its affiliated debtors and debtors-in-possession but does not include Debtor Emergent Fidelity Technologies Ltd.</u>**

"Bankruptcy Code"), rules 2002, 3003(c)(3) and 9007 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and rules 2002-1, 3001-1 and 3003-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), (a) establishing a bar date to file proofs of claim for Non-

Customer Claims (as defined below) and proofs of interest, (b) establishing a bar date by which

governmental units must file proofs of claim and (c) approving the form and manner of notice,

and (ii) granting related relief.  In support of this Motion, the Debtors respectfully state as

follows:

## **Background**

1.      On November 11 and November 14, 2022 (as applicable, the "Petition

Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware

(the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to

operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases

(the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22,

2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District

of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the

"Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the

*Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## **Jurisdiction**

3.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicate for the relief requested herein is sections 105(a), 502(b)(9) and

503(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002, 3003(c)(3) and 9007 and Local

Rules 2002-1, 3001-1 and 3003-1.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the

entry of a final order or judgment by the Court in connection with this Motion to the extent it is

later determined that the Court, absent consent of the parties, cannot enter final orders or

judgments consistent with Article III of the United States Constitution.

## **Relief Requested**

4.      By this Motion, the Debtors request entry of the Order, substantially in the

form attached hereto as <u>Exhibit A</u>, (a) establishing the general non-customer bar date (the

"<u>General Non-Customer Bar Date</u>") to file proofs of claim for Non-Customer Claims (as defined

below), requests for payment under section 503(b)(9) of the Bankruptcy Code (a "<u>503(b)(9)</u>

<u>Claim</u>")[3] and proofs of interests in these Chapter 11 Cases, subject to certain exceptions

described herein, (b) establishing the bar date (the "<u>Governmental Bar Date</u>") by which

governmental units must file proofs of claim, (c) establishing the bar date (the "<u>Amended</u>

---

[3]     "<u>503(b)(9) Claims</u>" are claims on account of goods received by a Debtor within 20 days before the Petition
Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business, and entitled to
administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code. *See* 11 U.S.C.
§ 503(b)(9).

Schedules Non-Customer Bar Date"), in the event that any of the Debtors file amended schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), by which claimants or equity holders, other than customers, adversely impacted must file proofs of claim or proofs of interests, as applicable, on account of such amended Schedules (d) establishing the bar date (the "Rejection Bar Date" and, together with the General Non-Customer Bar Date, Amended Schedules Non-Customer Bar Date and Governmental Bar Date, the "Bar Dates") by which claimants who hold claims, other than Customer Claims, arising from the rejection of an executory contract or unexpired lease must file proofs of claim and (e) approving the form and manner of notice of the Bar Dates.

5.     By this Motion, the Debtors only seek to establish the Bar Dates for 503(b)(9) Claims, claims of governmental units, all claims (as defined in section 101(5) of the Bankruptcy Code) that arose or are deemed to have arisen, prior to the Petition Date that are ***not*** Customer Claims (as defined below) (the "Non-Customer Claims"), and for proofs of interest. By this Motion, the Debtors ***do not*** seek to establish a bar date for filing of proofs of claim for "Customer Claims,"[4] which means any claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature or whatsoever, whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law, or otherwise, in each case, held by a Customer (as defined below) against any of the Debtors arising out of or related to the loss of a Customer Entitlement (as defined below) in a Customer Account (as defined below) as of the Petition Date or arising out of or related to activities of such Customer

---

[4]    As of the date of this filing, the Debtors are continuing to discuss the definition of "Customer Claims" with the Committee.  The Committee does not yet agree with the Debtors regarding the definition and the parties are continuing to work consensually and hope to reach a resolution in advance of the hearing.

on any FTX Exchange (as defined below). "Customer" means any person or entity[5] that held a

Customer Account as of the Petition Date. "Customer Account" means an account with respect

to any FTX Exchange, which account reflects a Customer Entitlement. "Customer Entitlement"

means any right, title or interest in or claim to any cash, cryptocurrency, digital assets or other

asset. "FTX Exchange" means FTX.com, FTX.US, FTX Trading Ltd., d/b/a "FTX", West

Realm Shires Services Inc. d/b/a "FTX US", K-DNA Financial Services Ltd. d/b/a "FTX EU",

Quoine Ptd. Ltd., FTX Japan K.K. and FTX Turkey Teknoloji Ve Ticaret A.S or any other

digital asset trading platform operated by any Debtor. The Debtors, in consultation with the

Committee, will separately seek approval of a bar date for Customers to file proofs of claims on

account of Customer Claims.

A.    Establishment of Bar Dates

6.    The Debtors propose to establish the following deadlines for filing proofs

of claim solely with respect to Non-Customer Claims and proofs of interest in these Chapter 11

Cases:

　　a.    General Non-Customer Bar Date. The Debtors propose that any entity (i)
　　holding a Non-Customer Claim against any of the Debtors be required to
　　file a proof of claim and/or (ii) holding an equity interest, in one or more
　　of the Debtors be required to file a proof of interest, in each case on or
　　before **June 30, 2023, at 4:00 p.m., Eastern Time**, subject to the
　　exceptions described herein.

　　With respect to claims, this proposed General Non-Customer Bar Date
　　applies to all entities holding Non-Customer Claims against any of the
　　Debtors arising (or deemed to have arisen) prior to the Petition Date, and
　　applies to all types of Non-Customer Claims arising prior to the Petition
　　Date, including secured claims, unsecured priority claims, and unsecured
　　nonpriority claims, subject to the exceptions described herein. For the
　　avoidance of doubt, the proposed General Non-Customer Bar Date applies
　　to all 503(b)(9) Claims.

---

[5]    As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and
includes, among other things, "persons" as such term is defined in section 101(41) of the Bankruptcy Code.

For the avoidance of doubt, claimants with claims arising from an executory contract or unexpired lease previously rejected pursuant to a Court order must file a proof of claim on or before the General Non-Customer Bar Date.

As detailed herein, the Debtors propose to provide at least 37 days' notice of the General Non-Customer Bar Date and other Bar Dates to all entities that may be required to file a proof of claim or proof of interest.

b.   <u>Governmental Bar Date</u>.  In accordance with section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3002(c)(1), the Debtors propose that any governmental unit (as defined in section 101(27) of the Bankruptcy Code) with a Non-Customer Claim against any of the Debtors be required to file a proof of claim on or before **September 29, 2023, at 4:00 p.m., Eastern Time**.

This proposed Governmental Bar Date applies to all types of Non-Customer Claims by any foreign or domestic governmental unit against any of the Debtors arising prior to the Petition Date, including secured claims, unsecured priority claims and unsecured non-priority claims.

c.   <u>Amended Schedules Non-Customer Bar Date</u>.  The Debtors propose that any claimant holding a Non-Customer Claim or any holder of an equity interest adversely affected by an amendment of or supplement to the Schedules be required to file a proof of claim or proof of interest on or before the date that is ***the later of***:  **(a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment of or supplement to the Schedules is served on such entity.**

The Debtors will provide notice of any amendment of or supplement to the Schedules to the holders of any Non-Customer Claims and holders of equity interests affected by such amendment or supplement, and will provide such holders with notice of the applicable Amended Schedules Non-Customer Bar Date.

d.   <u>Rejection Bar Date</u>.  The Debtors propose that any claimant holding Non-Customer Claims arising from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the date that is ***the later of* (a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on any date the Court may fix in the applicable order authorizing such rejection, and, if no such date is provided, 30 days from the date of entry of such order.**  For the avoidance of doubt, claimants with claims arising from an executory contract or unexpired lease previously rejected pursuant to a Court order

must file a proof of claim on or before the General Non-Customer Bar
Date.

The Debtors will provide notice of the Rejection Bar Date to the contract
or lease counterparty whose contract or lease is being rejected at the time
the Debtors reject such executory contract or lease.

B.    <u>Entities Required to File Proofs of Claim or Proofs of Interest by the General Non-
      Customer Bar Date</u>

       7.    The Debtors propose that the following entities be required to file proofs

of claim and proofs of interest on or before the General Non-Customer Bar Date (or, as

applicable, the Amended Schedules Non-Customer Bar Date, the Rejection Bar Date or the

Governmental Bar Date), unless the Bar Dates are inapplicable pursuant to an exception

described in paragraph 9 below:

    a.    any entity that holds an equity interest in any of the Debtors and is,
to that entity's knowledge, either not listed or, in such entity's
view, incorrectly listed in the *Lists of Equity Holders* [D.I. 450]
(the "<u>Equity Lists</u>") must file a proof of interest on account of the
ownership of such equity interest;[6]

    b.    any entity whose prepetition Non-Customer Claim is not listed in
the applicable Debtor's Schedules, or is listed as disputed,
contingent or unliquidated;

    c.    any entity that believes its prepetition Non-Customer Claim has
been improperly classified or listed in an incorrect amount in the
Debtors' Schedules, and seeks to amend the classification and/or
amount of such claim in the Schedules;

---

[6]    Because portions of the Equity Lists were filed under seal, when the Debtors serve all known equity interest
holders, the Debtors also will provide such holders with their holdings as listed in the Equity Lists.

d.      any entity that believes its prepetition Non-Customer Claim as listed in the Schedules is not an obligation of the specific Debtor identified in the Schedules, and seeks to amend the Schedules to indicate that such claim is a claim against or interest in a different Debtor; and

e.      any entity asserting a prepetition Non-Customer Claim that is allowable under section 503(b)(9) of the Bankruptcy Code as an administrative expense in these Chapter 11 Cases.

8.      The Debtors also propose that a proof of interest must be filed by the holder of the equity interest in the Debtor(s) or an authorized representative of such holder.  If a proof of interest is submitted by an authorized representative of the equity interest holder, the Debtors propose that such representative state the basis for such authorization.  Finally, the Debtors propose that any entity seeking to file a proof of interest on behalf of an equity interest holder without express written authorization from such holder must seek authorization from the Court prior to the General Non-Customer Bar Date to do so.

C.      Entities Not Required to File Proofs of Claim or Proofs of Interest by the Bar Dates

9.      In accordance with Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity, **other than** those listed below, that holds any equity interest in or Non-Customer Claim against any Debtor in these Chapter 11 Cases be required to submit a proof of claim or proof of interest by the applicable Bar Date.  The Debtors propose that the following entities are **not** required to submit a proof of claim or interest in these Chapter 11 Cases on or prior to the applicable Bar Date:

a.   any entity holding a Customer Claim (such Customer Claims shall be subject to a separate bar date that is not the subject of this Motion);

b.   any entity on the Equity Lists who agrees with the equity holdings set forth in the Equity Lists;

c.   any entity that has already properly filed a Non-Customer Claim against the Debtors with either the clerk of the Bankruptcy Court in the District of Delaware (the "Clerk of Court") or Kroll Restructuring Administration LLC (the "Noticing and Claims Agent") in a form substantially similar to Official Bankruptcy Form No. 410 or a proof of interest with the Clerk of Court or Noticing and Claims Agent (unless such entity wishes to assert the Non-Customer Claim against or equity interest in a Debtor not identified in the prior proof of claim or proof of interest or in a different amount or classification than the prior proof of claim or proof of interest, in which case an additional proof of claim or proof of interest, as applicable, must be filed);

d.   any entity (i) whose claim is listed on the Schedules filed by the Debtors, and (ii) whose claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (iii) who agrees with the amount, nature, and priority of the claim as set forth in the Schedules and (iv) who does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

e.   any entity holding any claim or equity interest that has previously been allowed by order of this Court;

f.   any entity that has been paid in full by any of the Debtors;

g.   any entity with respect to a claim or equity interest for which a different deadline has previously been fixed by this Court;

h.   any Debtor that holds a claim against or equity interest in another Debtor (whether directly or indirectly);

i.   any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

j.   any entity holding administrative expense claims for postpetition fees and expenses of professionals retained in these Chapter 11

Cases allowable under section 330, 331 and 503(b) of the
Bankruptcy Code;

k.    any entity that is exempt from filing a proof of claim or proof of
interest pursuant to an order of the Court in these Chapter 11
Cases; and

l.    any entity holding a claim or equity interest solely against a non-
Debtor entity.

10.    For the avoidance of doubt, nothing contained herein is intended as, or

should be construed as, an admission or stipulation of the validity of any claim against or equity

interest in any Debtor, any assertion made therein or herein, or a waiver of any Debtor's rights to

dispute any claim or equity interest or assert any cause of action or defense against any party.

D.    The Proof of Claim Form and Proof of Interest Form and Requirements for Submitting
Proofs of Claim for Non-Customer Claims and Proofs of Interest

11.    The Debtors propose to serve on all known entities with a known service

address holding potential prepetition Non-Customer Claims a proof of claim form (the "Proof of

Claim Form"), substantially in the form attached as Exhibit 1 to the Order.  The proposed Proof

of Claim Form is based on Official Bankruptcy Form 410 and has been modified as follows:

a.    to the extent any Non-Customer Claim is denominated in
cryptocurrency(ies), such Non-Customer Claim must include the
number of units of each cryptocurrency and shall not be required to
include a dollar amount on account of such Non-Customer Claim;[7]

b.    to the extent any Non-Customer Claim is denominated in a foreign
currency(ies), such Non-Customer Claim must include (i) the
applicable foreign currency(ies), (ii) the claim amount in the
foreign currency(ies), (iii) the exchange rate(s) to U.S. dollars and
(iv) the claim amount converted to U.S. dollars using the proposed
exchange rate(s);

c.    each claimant with a 503(b)(9) Claim will be able to submit their
claim under the Proof of Claim Form by checking a box indicating

---

[7]    The Debtors, in consultation with the Committee, will propose a cryptocurrency conversion chart, which will be
used in connection with valuing all cryptocurrency claims asserted against the Debtors.

that their claim arises under section 503(b)(9) of the Bankruptcy
Code; and

d.  each claimant will be able to indicate on the Proof of Claim Form
against which Debtor such claimant has a claim.

12.     The Debtors propose to serve on all known entities with a known service

address holding an equity interest in any of the Debtors a proof of interest form (the "Proof of

Interest Form"), substantially in the form attached as Exhibit 2 to the Order.  Because portions of

the Equity Lists were filed under seal, when the Debtors serve all known equity interest holders,

the Debtors also will provide such holders with their holdings as listed in the Equity Lists.

13.     The Debtors request that the Court require all proofs of claim with respect

to Non-Customer Claims and proofs of interest submitted in these Chapter 11 Cases be

consistent with the following:

a.  ***Contents.***  Each proof of claim or proof of interest must:  (i) be
written in English; (ii) conform substantially to the Proof of Claim
Form (or Official Form 410) or Proof of Interest Form provided by
the Debtors, as applicable; and (iii) unless otherwise consented to
by the Debtors in writing, include supporting documentation unless
voluminous, in which case a summary must be attached or an
explanation provided as to why documentation is not available.

In addition, each proof of claim for Non-Customer Claims (each, a
"Non-Customer Proof of Claim") must set forth, for any claim
based on cryptocurrency(ies), the number of units of each
cryptocurrency; such proof of claim is not required to include a
dollar amount.  For any claim based on foreign currency(ies), each
Non-Customer Proof of Claim must set forth (i) the applicable
foreign currency(ies), (ii) the claim amount in that foreign
currency(ies), (iii) the exchange rate(s) from the foreign
currency(ies) to U.S. dollars, and (iv) the amount of such claim
converted to U.S. dollars using the exchange rate(s).  In the case of
any other claim, the proof of claim must set forth the amount of
such claim in U.S. dollars.

b.  ***503(b)(9) Claims.***  In addition to the requirements set forth in
paragraph (a) immediately above, any proof of claim asserting a
503(b)(9) Claim must also:  (i) include the value of the goods
delivered to and received by the Debtors in the 20 days prior to the

Petition Date; (ii) attach any documentation identifying the
particular invoices for which the 503(b)(9) Claim is being asserted;
(iii) state whether the amount asserted represents a combination of
goods and services and, if applicable, the portion that relates solely
to the value of the goods; and (iv) set forth whether any portion of
the 503(b)(9) Claim was satisfied by payments made by the
Debtors pursuant to any order of the Court authorizing the Debtors
to pay prepetition claims.

c.    ***Receipts.***  Parties submitting a proof of claim or proof of interest
through non-electronic means who wish to receive a receipt of
their proofs of claim or proofs of interest from Noticing and
Claims Agent must also include with their proof of claim or proof
of interest a copy of their proof of claim or proof of interest and a
self-addressed, stamped envelope.  A party who files a proof of
claim or proof of interest electronically can verify receipt of the
claim or interest by reviewing on the Debtors' Noticing and Claims
Agent website at https://restructuring.ra.kroll.com/ftx.

d.    ***Claims or Interests Against Specific Debtors.***  Each proof of claim
and proof of interest must specify by name and case number the
Debtor against which the claim or interest is submitted by either (i)
checking the applicable box at the top of the proposed Proof of
Claim Form or Proof of Interest Form or (ii) in the case of proofs
of claim and proofs of interest being electronically submitted,
selecting the applicable Debtor from a dropdown menu.  A proof
of claim or proof of interest submitted under Case No. 22-11068 or
a proof of claim or proof of interest that does not identify a Debtor
will be deemed as submitted only against Debtor FTX Trading Ltd.
A proof of claim or proof of interest that names a subsidiary or
affiliate Debtor but is submitted under the joint administration case
number for these Chapter 11 Cases (Case No. 22-11068) will be
treated as having been submitted against the subsidiary or affiliate
Debtor with a notation that a discrepancy in the submission exists.
Any proof of claim or proof of interest purporting to indicate a
claim against or interest in more than one Debtor shall be deemed
filed only against the first listed Debtor.  The Debtors reserve any
and all rights to reclassify such claims or interests that either do not
identify a Debtor, name a subsidiary or affiliate Debtor but are
submitted under the joint administration case number for these
Chapter 11 Cases (Case No. 22-11068) or that purport to indicate a
claim against or interest in more than one Debtor.

e.    ***Claims or Interests Against Multiple Debtors.***  If the holder of a
claim or interest asserts separate claims or interests against
different Debtors, a separate Proof of Claim Form or Proof of

Interest Form must be submitted with respect to each claim or interest.

f.   ***Delivery.*** Any proof of claim or proof of interest must be delivered in a manner permitted by the Non-Customer Bar Date Notice (as defined below) so as to be received no later than the applicable Bar Date.  The Debtors propose that claimants be permitted to submit proofs of claim and proofs of interest (a) electronically through the website of the Debtors' Court-approved Noticing and Claims Agent, using the interface available on such website located at https://restructuring.ra.kroll.com/FTX/Home-Index under the link entitled "Submit a Claim" or (b) by hand delivery or mailing the proof of claim or proof of interest either by U.S. Postal Service mail or overnight delivery on or before the applicable Bar Date to FTX Trading Ltd. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. ***Proofs of claim and proofs of interest will be deemed filed only when actually received by the Noticing and Claims Agent on or before the applicable Bar Date.  Proofs of claim and proofs of interest may not be delivered by facsimile, telecopy or electronic mail transmission.***

g.   ***For the avoidance of doubt, unless otherwise authorized by the Court, the Noticing and Claims Agent is authorized and directed to make public every proof of claim and proof of interest filed pursuant to the Order, and the Noticing and Claims Agent, the Debtors, their estates and their respective directors, officers, employees, agents, and professionals shall have no liability for making public any proof of claim or proof of interest filed pursuant to the Order.***

E.    <u>Effect of Failure to File Proof of Claim or Proof of Interest</u>

14.    The Debtors propose that, absent further order of the Court, any entity that is required to file a proof of claim or proof of interest, but fails to timely file such proof of claim or proof of interest on or before the applicable Bar Date in accordance with the Order, be forever barred, estopped and enjoined from:  (a) asserting the applicable Non-Customer Claim against or equity interest in the Debtors or their estates or property or (b) voting on, or receiving any distribution under, any Chapter 11 plan in these Chapter 11 Cases, except to the extent that (i) such claim is identified in the Schedules as an undisputed, noncontingent and liquidated claim

(including with respect to the amount, nature or classification of such claim) or (ii) such equity interest is listed on the Equity Lists.

F.    Non-Customer Bar Date Notice Package and Noticing Procedures

15.    The Debtors propose to serve on all known entities with a known service address holding potential prepetition Non-Customer Claims or equity interests in any Debtor a notice of the Bar Dates (the "Non-Customer Bar Date Notice", and, together with the Proof of Claim Form or the Proof of Interest Form, as applicable, the "Non-Customer Bar Date Notice Package"), substantially in the form attached as Exhibit 3 to the Order, that:  (i) identifies the Bar Dates, (ii) includes detailed procedures for submitting a timely and accurate proof of claim or proof of interest, (iii) lists the parties who are not required to submit a proof of claim or proof of interest, (iv) describes the consequences of failing to submit a proof of claim or proof of interest in accordance with the Order and (v) provides the name and telephone number of the Noticing and Claims Agent, where questions may be addressed and from whom additional information may be obtained.

16.    The Debtors submit that the proposed Non-Customer Bar Date Notice Package complies with Local Rule 3003-1 and notifies all recipients that, among other things, proofs of claim and proofs of interest must be filed on or before the applicable Bar Date.  As soon as practicable following the entry of the Order, but in any event no later than May 24, 2023, the Debtors intend to serve, or cause to be served, the Non-Customer Bar Date Notice Package by first-class United States mail, postage prepaid, or electronic service to following parties:

a.    the U.S. Trustee;

b.    counsel to the Committee;

c.    all persons or entities that have requested notice in these Chapter 11 Cases;

d.      all persons or entities that have previously filed a proof of claim with respect to a Non-Customer Claim or proof of interest in these Chapter 11 Cases;

e.      all known creditors and potential holders of Non-Customer Claims as of the date of entry of the Order, including those listed in the Schedules as holding potential Non-Customer Claims against the Debtors;

f.      all known holders of equity interests in any of the Debtors and any known authorized representatives of such holders, including those listed in the Equity Lists;

g.      all known parties to executory contracts and unexpired leases of the Debtors;

h.      all known parties to pending litigation with the Debtors;

i.      the Internal Revenue Service and all known applicable taxing authorities and other governmental units;

j.      all known applicable regulatory authorities that regulate the Debtors' businesses; and

k.      such additional persons and entities as deemed appropriate by the Debtors.

17.     Each holder of a potential Non-Customer Claim listed in the Schedules and each known holder of an equity interest listed in the Equity Lists will receive a Proof of Claim Form or Proof of Interest Form, as applicable, with information regarding how such claim or interest has been scheduled by the Debtors or listed in the Equity Lists, including:  (a) the identity of the Debtor against or in which the claim is asserted or equity interest is held; (b) the amount of the claim, if any, or number of equity interests, if any; (c) whether the claim is scheduled as disputed, contingent or unliquidated; and (d) whether the claim is scheduled as secured, unsecured priority or unsecured nonpriority.

18.     The Debtors submit that the proposed Non-Customer Bar Date Notice Package will provide all holders of Non-Customer Claims or equity interests in any Debtor(s)

with ample time after the mailing of the Non-Customer Bar Date Notice Package to review the
Schedules and/or Equity Lists, as applicable, compare the information contained therein with
their own books and records and prepare and file proofs of claim or proofs of interest, if
necessary.

G.    Publication of the Non-Customer Bar Date Notice

19.    In light of the size, complexity and geographic diversity of the Debtors'
operations, there may exist Non-Customer Claims against or equity interests in the Debtors that
the Debtors have been unable to identify on the Schedules or the Equity Lists, or Non-Customer
Claims or equity interests where parties have been identified but the Debtors have been unable to
identify valid service addresses.  Accordingly, the Debtors believe that it is necessary and
appropriate to provide notice of the Bar Dates to entities whose names and/or addresses are
unknown to the Debtors and to provide supplemental notice to known holders of potential Non-
Customer Claims or equity interests.

20.    Accordingly, pursuant to Bankruptcy Rule 2002(l), the Debtors propose to
provide notice of the Bar Dates, modified for publication substantially in the form attached to the
Order as Exhibit 4 (the "Publication Notice"), on one occasion in the *New York Times* at least 30
days before the General Non-Customer Bar Date.

**Basis for Relief**

A.    **Cause Exists to Approve the Proposed Bar Dates Pursuant to Bankruptcy
      Rule 3003(c)(3).**

21.    Generally, claimants must submit a proof of claim or proof of interest to
assert a claim in a bankruptcy proceeding.  *See* 11 U.S.C. § 501(a).  Bankruptcy Rule 3003(c)(3)
governs the timing for submission of proofs of claim or proofs of interest in a chapter 11 case
and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time

within which proofs of claim or interest may be filed." F.R.B.P. 3003(c)(3).  General bar dates are integral to the twin goals of chapter 11—preserving going-concerns and maximizing creditor recovery value.  *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N LaSalle St. P'ship,* 526 U.S. 434, 453 (1999) (identifying the two primary purposes of chapter 11 relief as (a) the preservation of businesses as going concerns and (b) the maximization of assets available for the benefit of unsecured creditors).  Indeed, prolonged uncertainty regarding the aggregate liabilities of the bankruptcy estate could delay or derail the development of a restructuring plan process to the detriment of creditors and parties-in-interest.  *See In re Waterman S.S. Corp.*, 59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986).

22.     To ensure that the Debtors are able to confirm and consummate a chapter 11 plan, the Debtors will require accurate information regarding the nature, validity, amount and status of all claims and equity interests that will be asserted against their estates in these Chapter 11 Cases.  Given the number of potential claimants and equity holders in these Chapter 11 Cases and the well-documented lack of prepetition books and records, the Debtors submit that the establishment of the Bar Dates will allow the Debtors to better understand the universe of asserted claims and equity interests and to assess and formulate a Chapter 11 plan and claims analysis and reconciliation process to address these claims and equity interests.

23.     To that end, requiring holders of Non-Customer Claims, 503(b)(9) Claims and equity interests to assert such Non-Customer Claims or equity interests using the Proof of Claim Form or Proof of Interest Form, as applicable, on or prior to the applicable Bar Dates, will ensure that the Debtors have accurate information regarding the nature, validity, and amount of such claims and interests while affording parties asserting such claims or interests appropriate and adequate notice.  Moreover, the Debtors submit that the proposed approach facilitates the

most cost-effective and efficient claims process for such creditors or equity holders and helps

conserve estate resources to the benefit of the Debtors' stakeholders.  Accordingly, the Debtors

submit that cause exists to approve the Bar Dates.

**B.      The Proposed Procedures for Submitting Non-Customer Proofs of Claim and Proofs of Interest Are Effectively Designed to Provide Both Notice and Clarity to Creditors and Equity Holders and Should Be Approved.**

24.      The Debtors designed procedures for equity interests in, and Non-

Customer Claims against, the Debtors that: (a) provide all potential claimants and equity holders

with ample notice and opportunity to submit proofs of claim or proofs of interest, (b) provide a

clear process for effecting the same, and (c) achieve administrative and judicial efficiency.  The

proposed procedures are calibrated to achieve the goals of providing comprehensive notice and

clear instructions to all potential claimants and equity holders, on the one hand, and allowing

these Chapter 11 Cases to move forward as expeditiously as possible, on the other hand.

25.      Among other things, the proposed procedures provide clear instructions

for submitting proofs of claim and proofs of interest that are calculated to alleviate confusion or

uncertainty among potential claimants that might result in unnecessary protective proofs of claim

or proofs of interest or multiples of the same, which, in either event, would result in unnecessary

expense and delay in the claims reconciliation process.  The proposed procedures will also

clearly communicate that the proposed General Non-Customer Bar Date is only for Non-

Customer Claims and equity interests and that a separate bar date will be set with respect to

Customer Claims.  Indeed, the Debtors believe that the use of the Proof of Claim Form and Proof

of Interest Form will help mitigate claimants' confusion and result in a claims reconciliation

process that is less burdensome, costly, and time-consuming for the Debtors and their customers

alike, all of which will inure to the benefit of these bankruptcy estates and their stakeholders.

26.     Lastly, while the preferred approach for proofs of claim and proofs of interest submission is via the electronic interface, the Debtors propose that holders of Non-Customer Claims and equity interests may also be permitted to submit proofs of claim or proofs of interest, as applicable, in person, by hand delivery, or via mail.  Although completed proofs of claim or proofs of interest submitted by facsimile or electronic mail will not be accepted, the Debtors propose that proofs of interest and proofs of claim be permitted to be submitted electronically using the interface available on the Noticing and Claims Agent's website at https://restructuring.ra.kroll.com/FTX/Home-Index.  Similar electronic interfaces have been utilized in other large bankruptcy cases.  *See In re Newage, Inc.*, No. 22-10819 (LSS) (Bankr. D. Del. Nov. 9, 2022) [D.I. 272] (approving procedures for submission of proofs of claim through electronic interface); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. July 14, 2021) [D.I. 188] (same); *In re Cred Inc.*, No. 20-12836 (JTD) (Bankr. D. Del. Dec. 21, 2020) [D.I. 271] (same); *In re Blockfi Inc.*, No. 22-19361 (MBK) (Bankr. N.J. Jan. 30, 2023) [D.I. 440] (same); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 3, 2022) [D.I. 218] (same).  Accordingly, the Debtors submit that the proposed procedures for submitting proofs of claim and proofs of interest should be approved.

C.     **The Proposed Non-Customer Bar Date Notice Package Satisfies Due Process Requirements and Should Be Approved.**

27.     Bankruptcy Rule 2002(a)(7) requires debtors to provide claimants and equity holders at least 21 days' notice by mail of the time fixed for submitting proofs of claim pursuant to Bankruptcy Rule 3003(c).  In addition, Bankruptcy Rule 2002(l) provides that the court may order notice by publication if it finds that notice by mail is impractical or that it is desirable to supplement other notice.  Bankruptcy Rule 9008 also provides that the court shall determine the form and manner of publication notice, the newspapers used, and the frequency of

publication.  For notice purposes, bankruptcy law divides creditors into two types, "known" and "unknown."

28.     Due process requires that known creditors receive actual written notice of a debtor's bankruptcy filing and claims bar date.  *See Chemetron Corp.* v. *Jones*, 72 F.3d 341, 346 (3d Cir. 1995); *In re Nortel Networks, Inc.*, 531 B.R. 53, 63 (Bankr. D. Del. 2015) (citing *Chemetron*); *In re W.R. Grace & Co.*, 316 Fed. Appx 134, 136 (3d Cir. 2009) (same).  For unknown creditors, constructive notice by publication typically satisfies the requirements of due process.  *See id*; *Nortel Networks*, 531 B.R. 63 (citing *Chemetron*).  As characterized by the Supreme Court, a known creditor is one whose identity is either known or "reasonably ascertainable by the debtor."  *Tulsa Professional Collection Serv., Inc.* v. *Pope*, 485 U.S. 478, 490 (1988).  In contrast, an unknown creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *See Chemetron*, 72 F.3d 346 (quoting *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

29.     Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim.  *See, e.g.*, *In re Exide Techs.*, 600 B.R. 753,763-64 (Bankr. D. Del. 2019) ("The debtor must provide a known creditor with actual written notice. . . . For unknown creditors, constructive notice . . . satisfies the requirements of due process.") (citations omitted); *Pope*, 485 U.S. at 491 (where creditor was known or "reasonably ascertainable," then due process only requires "notice by mail or other means as certain to ensure actual notice").  Where a creditor is unknown to the debtor, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting

proofs of claim. *See, e.g.*, *In re Exide Techs.*, 600 B.R. at 764 ("It is well-settled that constructive notice of the claims bar date by publication, while less direct than actual notice, generally satisfies the requirements of due process for unknown creditors.") (citations omitted); *In re New Century TRS Holdings, Inc.*, 465 B.R. 38, 48 (Bankr. D. Del. 2012) (summarizing the long-standing precedent behind constructive notice for unknown creditors).

30.    The Debtors submit that the proposed notice procedures and Non-Customer Bar Date Notice Package satisfy due process under the *Chemetron* standard.  The Debtors will provide claimants holding Non-Customer Claims and equity holders reasonably known to the Debtors with actual notice of the proposed Bar Dates.  The Debtors propose to serve the Non-Customer Bar Date Notice Package by no later than May 24, 2023, (37 days in advance of the General Non-Customer Bar Date), on all claimants holding Non-Customer Claims and all entities or individuals holding an equity interest in any of the Debtors identified by the Debtors based on currently available books and records.  As such, the Debtors will be providing actual notice to creditors and equity holders reasonably known to them with no less than 37 days' notice of the General Non-Customer Bar Date, in satisfaction of Bankruptcy Rule 2002(a)(7).

31.    After the initial mailings of the Non-Customer Bar Date Notice Package, the Debtors propose to make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties-in-interest (*e.g.*, banks and brokers with respect to equity interest holders) decline to pass along notices to these parties and instead provide their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known to the Debtors. In these and similar circumstances, the Debtors request that the Court permit them to make

supplemental mailings of the Non-Customer Bar Date Notice Package at any time up to 21 days in advance of the applicable Bar Date, with any such mailings deemed timely and the applicable Bar Date being enforced against the relevant parties.

32.     To provide unknown claimants holding Non-Customer Claims and equity holders with constructive notice of the Bar Dates, the Debtors propose to publish the Publication Notice, modified as necessary, in the *New York Times* and any other such publications that the Debtors deem appropriate no later than 30 days prior to the General Non-Customer Bar Date.  As such, the Debtors will be providing unknown claimants holding Non-Customer Claims and equity holders with at least 30 days' constructive notice of the General Non-Customer Bar Date, in satisfaction of Bankruptcy Rule 2002(a)(7).  The Debtors submit that the proposed service and publication of the Non-Customer Bar Date Notice is reasonably designed to reach all interested parties in a cost-effective manner and satisfies the requirements of the relevant provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules.  Accordingly, the Debtors respectfully request that the Court deem the proposed form of Non-Customer Bar Date Notice and mailing and publication thereof good, adequate, and sufficient notice of the Bar Dates.

## Notice

33.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be provided.

## **Reservation of Rights**

34.     Nothing contained herein is intended or should be construed as (a) an admission as to the validity or priority of any claim, equity interest or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim, equity interest or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or the Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law or (g) a waiver of the Debtors' rights to reclassify proofs of claims or proofs of interests that either do not identify a Debtor, name a subsidiary or affiliate Debtor but are submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) or that purport to indicate a claim against or interest in more than one Debtor.

35.     Further, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims ***not*** subject to the Bar Dates must file proofs of claim against the Debtors or be forever barred from doing so.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: May 3, 2023
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*