## **EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. __ |

### ORDER AUTHORIZING IMPLEMENTATION
### OF A KEY EMPLOYEE INCENTIVE PLAN

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors, in their sole discretion, to approve implementation of a Key Employee Incentive Plan (as expressly set forth in paragraphs 19-25 of the Motion and as further amended and qualified by Exhibit A hereto, the "KEIP"); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary;

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

4887-4206-8065 v.3

and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 363(b) and 503(c)(3) of the Bankruptcy Code, the KEIP is hereby approved ~~in its entirety~~ on the terms provided in the Motion as modified by Exhibit A and the Debtors are hereby authorized to take all necessary actions to implement the KEIP and make all payments pursuant thereto in respect of the License & Restart Awards and the Transaction or Reorganization Awards.

3. Authorization hereunder to make payments to the KEIP Participants pursuant to the KEIP will not create any obligation on the part of the Debtors to make payments under the KEIP, unless the KEIP Participants meet the necessary conditions under the KEIP.

4. Once earned, the Debtors' obligations to pay amounts that become due and owing under the KEIP will constitute administrative expenses pursuant to section 503(b) of the Bankruptcy Code, thereby entitled to priority payment pursuant to section 507(a)(2) of the Bankruptcy Code.

5. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6. This Order is immediately effective and enforceable upon its entry.

7. This Court will retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____, 2023
       Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

**Exhibit A**

1. Under the KEIP, the KEIP Participants may earn up to two payments on the terms provided herein. The award opportunities for each KEIP Participant are summarized in the table below:

| KEIP Participant | License & Restart Award | Transaction or Reorganization Award* | |
|---|---|---|---|
| | | Percentage of Transaction Award Pool** | Reorganization Award |
| COO | $450,000 | 34.7% | $450,000 |
| CPO | $231,000 | 17.8% | $231,000 |
| CCO | $200,000 | 15.4% | $200,000 |
| CFO | $124,000 | 9.6% | $124,000 |
| Data Scientist | $107,000 | 8.3% | $107,000 |
| Head of Operations | $107,000 | 8.3% | $107,000 |
| Front End Engineer | $78,000 | 6.0% | $78,000 |

*Either the Transaction Award or the Reorganization Award may be earned, not both, as discussed in more detail below.*

**Total does not reconcile due to rounding.*

   i.   *License & Restart Awards*

2. Each KEIP Participant will earn the first KEIP payment (the "License & Restart Award") on December 31, 2023 if: (i) the Company has maintained its operative licenses as a Crypto-Asset Exchange Service Provider and Type I Financial Instruments Business Operator under the Payment Services Act and the Financial Instruments and Exchange Act of Japan and that such licenses are in good standing, not suspended or otherwise impaired, and have not been modified, revoked or terminated; (ii) the Company has resumed its exchange operations (*i.e.*, resumption of the spot exchange); and (iii) the KEIP Participant has remained continuously employed by the Company. If earned, each KEIP Participant will be entitled to the License & Restart Award set forth in the table above within 60 days after December 31, 2023.

3.     If a KEIP Participant's employment is terminated without cause by the Debtors or due to the KEIP Participant's death or disability after the License & Restart Award has been earned, but prior to the applicable payment date, then the KEIP Participant will remain entitled to receive the License & Restart Award on the regularly scheduled payment date.  If a KEIP Participant's employment is terminated without cause by the Debtors or due to the KEIP Participant's death or disability before the License & Restart Award has been earned, then the KEIP Participant will receive a *pro rata* payment of the KEIP Participant's License & Restart Award which shall be paid on the regularly scheduled payment date.  If any KEIP Participant's employment with the Company terminates on or prior to December 31, 2023 for any reason other than as specified in the preceding two sentences, or after December 31, 2023 for cause, then the terminated KEIP Participant will forfeit the right to receive any License & Restart Award.  Any forfeited award may be reallocated to the remaining KEIP Participants by the Debtors, in consultation with management and subject to the consent of the Committee; *provided*, that no individual KEIP Participant's License & Restart Award will be greater than $450,000.

ii    *Transaction or Reorganization Awards*

4.     Each KEIP Participant will earn the second KEIP payment (the "Transaction or Reorganization Award") upon the earlier of:  (i) the consummation of a Transaction (the "Transaction Award") or (ii) the Reorganization (the "Reorganization Award"), in each case subject to the continued employment of the KEIP Participant through the applicable Transaction or Reorganization that triggers the payment.

5.     If a Transaction occurs prior to a Reorganization, then the KEIP Participants will earn the Transaction Awards.  If earned, the Transaction Awards will be payable to each applicable KEIP Participant within 60 days of the closing of the Transaction.  The

aggregate amount payable to the KEIP Participants in respect of the Transaction Awards will be determined based on a progressive scale tied to the net Transaction proceeds as follows:  (i) 1% of the first $25,000,000 net Transaction proceeds; *plus* (ii) 2% of the net Transaction proceeds that are between $25,000,000 and $87,500,000; *plus* (iii) 6% of the net Transaction proceeds in excess of $87,500,000 (the "Transaction Award Pool").  If a Transaction occurs and the conditions for the Transaction Awards to become payable are satisfied, the Debtors will allocate the Transaction Award Pool among the KEIP Participants who have earned a Transaction Award in accordance with the percentages reflected in the table above.

6. If the Reorganization occurs before a Transaction, then, alternatively, each KEIP Participant who remains employed will earn a Reorganization Award in accordance with the table above.  If earned, the Reorganization Award will be payable to each applicable KEIP Participant within 60 days of the Reorganization.  For the avoidance of doubt, the KEIP Participants may **not** receive both a Transaction Award and a Reorganization Award.

7. If a KEIP Participant's employment is terminated without cause by the Debtors or due to the KEIP Participant's death or disability after the Transaction or Reorganization Award has been earned, but prior to the applicable payment date, then the KEIP Participant will remain entitled to receive the Transaction or Reorganization Award on the regularly scheduled payment date.  If a KEIP Participant's employment is terminated without cause by the Debtors or due to the KEIP Participant's death or disability before the Transaction or Reorganization Award has been earned, then the KEIP Participant will receive a *pro rata* payment of the earned portion of the KEIP Participant's Transaction or Reorganization Award which shall be paid on the regularly scheduled payment date.  Except as otherwise provided herein, if any KEIP Participant's employment with the Company terminates prior to a

Transaction or a Reorganization for cause or due to the KEIP Participant's resignation, then the terminated KEIP Participant will forfeit the right to receive any Transaction or Reorganization Award.  Any forfeited award may be reallocated to the remaining KEIP Participants by the Debtors, in consultation with management and subject to the consent of the Committee; *provided*, that no individual KEIP Participant's Transaction Award will be greater than 34.7% of the Transaction Award Pool or Reorganization Award will be greater than $450,000.