UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
IN RE:                           .  Chapter 11
                                 .  Case No. 22-11068 (JTD)
FTX TRADING LTD. et al.,         .
                                 .  (Jointly Administered)
                                 .
                                 .  Courtroom No. 5
                                 .  824 Market Street
                    Debtors.     .  Wilmington, Delaware 19801
                                 .
                                 .  Thursday, May 4, 2023
. . . . . . . . . . . . . . . .  1:04 p.m.
```

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

<u>APPEARANCES</u>:

```
For the Debtors:            Kimberly A. Brown, Esquire
                            LANDIS RATH & COBB, LLP
                            919 Market Street
                            Suite 1800
                            Wilmington, Delaware 19801

                            -and-

                            Andrew G. Dietderich, Esquire
                            SULLIVAN & CROMWELL, LLP
                            125 Broad Street
                            New York, New York 10004
```

(APPEARANCES CONTINUED)

```
Audio Operator:             Jermaine Cooper, ECRO

Transcription Company:      Reliable
                            The Nemours Building
                            1007 N. Orange Street, Suite 110
                            Wilmington, Delaware 19801
                            Telephone: (302)654-8080
                            Email:  gmatthews@reliable-co.com
```

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

<u>APPEARANCES (CONTINUED)</u>:

For OKCoin and OKEx:      Jeffrey S. Sabin, Esquire
                          VENABLE LLP
                          1270 Avenue of the Americas
                          New York, New York 10020


For M7 Holdings:          Lisa A. Schweitzer, Esquire
                          CLEARY GOTTLIEB STEEN
                            & HAMILTON, LLP
                          One Liberty Plaza
                          New York, New York 10006

1                              INDEX

2  MOTIONS:                                                PAGE

3  Agenda
   Item 1:   Motion of Debtors for Entry of Orders (I)(A)      4
4            Approving Bid Procedures, Stalking Horse
             Protections and the Form and Manner of Notices
5            for the Sale of the Certain Businesses; (B)
             Approving Assumption and Assignment Procedures
6            and (C) Scheduling Auction(s) and Sale
             Hearing(s) and (II)(A) Approving the Sale(s)
7            Free and Clear of Liens, Claims, Interests and
             Encumbrances and (B) Authorizing Assumption
8            and Assignment of Executory Contracts and
             Unexpired Leases [D.I. 233, filed on December
9            15, 2022]

10           Court's Ruling:                                   8

11 Agenda
   Item 2:   Motion of Debtors for Entry of an Order (A)       8
12           Authorizing the Debtors to File Certain
             Disclosure Schedules to the Interest Purchase
13           Agreement Between Ledger Holdings Inc., M 7
             Holdings, LLC and Miami International
14           Holdings, Inc. Under Seal and (B) Granting
             Related Relief [D.I. 1350, filed on April 25,
15           2023]

16           Court's Ruling:                                   8

17

18                             EXHIBITS

19 DECLARATIONS:                                           PAGE

20 1) Declaration of John J. Ray III                          6

21 2) Declaration of Bruce Mendelsohn                         6

22 3) Declaration of Thomas P. Gallagher                      6

23 4) Supplemental declaration of Bruce Mendelsohn            6

24 Transcriptionist's Certificate                            10

25

1          (Proceedings commenced at 1:04 p.m.)

2                THE CLERK:  All rise.

3                THE COURT:  Good afternoon, everyone.  Thank you,

4    please be seated.

5                MS. BROWN:  Good afternoon, Your Honor.  May I

6    please the Court?  Candice Brown from Landis Rath & Cobb,

7    appearing on behalf of FTX Trading Ltd. and its associated

8    debtors.

9                Your Honor, we have two matters that are on the

10   agenda today.  The first is the debtors' motion for authority

11   to sell the LedgerX business and the second is a motion to

12   seal certain information and schedules attached to the

13   interest purchase agreement for the LedgerX business.

14               Unless Your Honor has any questions on the agenda,

15   I will turn the podium over to Mr. Dietderich who will be

16   handling the sale motion.

17               THE COURT:  All right.  Thank you.

18               MR. DIETDERICH:  Good afternoon, Your Honor.  Andy

19   Dietderich, Sullivan & Cromwell.  Thank you, Your Honor, for

20   accommodating us today.

21               We -- the objection deadline for the matters was

22   the hearing today, but we're not aware of any objections, so

23   I'm going to proceed and then others, I guess, can speak if

24   they have an objection.

25               So, Your Honor, we have the first matter, which is

1   the motion to approval the sale to LedgerX -- the sale of

2   LedgerX.  The evidentiary record for this, Your Honor, is

3   four declarations and I'd like to move those into evidence

4   now.  The first is the declaration of John J. Ray at

5   Docket 1343.  The second is the declaration of Bruce

6   Mendelsohn at Docket 1344.  The third is the declaration of

7   Thomas Gallagher at Docket 1345.  And the fourth is the

8   supplemental declaration of Mr. Mendelsohn we put in last

9   night at Docket 1414.

10           THE COURT:  Okay.  Is there any objection?

11           MR. SABIN:  Good afternoon, Your Honor.  Jeff

12   Sabin from Venable as counsel for OKC USA Holding, Inc., a

13   qualified bidder, and its affiliates.

14           We have no objection to entry of the evidence.  We

15   also appear, first and foremost, to make clear to this Court

16   and everybody here that the OKC entities do not and will not

17   object to the proposed sale.  They will not object to entry

18   of the proposed sale order and they will take no action that

19   otherwise objects to or interferes with closing of the

20   transactions contemplated by the proposed sale.

21           However, I feel constrained, Your Honor, to tell

22   you and to make a statement to everyone who's listening and

23   to those in court that the OKC entities reserve all of their

24   rights to seek appropriate relief relating to certain

25   statements made in Mr. Mendelsohn's supplemental declaration,

1  Docket 1414, late last night, concerning what they believe

2  are misleading and/or simply untrue statements concerning

3  regulatory matters related to the OKC entities.

4          Those statements, in particular, those in

5  paragraph 12 of Mr. Mendelsohn's supplemental declaration, we

6  believe are simply not true, as the OK entities at all times,

7  and in each of their submitted bids, made clear their

8  obligations and their willingness to comply with any CFTC or

9  other governmental requirements and to provide information

10 and to cooperate in connection therewith.

11         So, with that, Your Honor, I hope this proceeding

12 otherwise goes quickly.  I hope the sale is approved and we

13 simply reserve our rights and made clear why we did so.

14 Thank you.

15         THE COURT:  Okay.  Thank you, Mr. Sabin.

16         Anyone else have an objection to the entry of the

17 declarations into evidence?

18     (No verbal response)

19         THE COURT:  All right.  The declarations are

20 admitted, without objection.

21     (Ray Declaration received in evidence)

22     (Mendelsohn Declaration received in evidence)

23     (Gallagher Declaration received in evidence)

24     (Mendelsohn Supplemental Declaration received in

25 evidence)

1        MR. DIETDERICH:  Thank you, Your Honor.

2        Your Honor, we also have a proffer that the U.S.

3   Trustee has requested of the buyer and I think Ms. Schweitzer

4   is going to address that proffer.

5        THE COURT:  All right.  Ms. Schweitzer?

6        MS. SCHWEITZER:  Good afternoon, Your Honor.  My

7   name is Lisa Schweitzer from Cleary Gottlieb.  I'm counsel to

8   M7 Holdings LLC, which is the proposed buyer of the LedgerX

9   assets and I'm here to provide the following proffer at the

10  request of the United States Trustee's Office.

11       I'm proffering, as follows, on behalf of Mr. Tom

12  Gallagher, who's the chairman and CEO of M7 Holdings, LLC and

13  who Your Honor saw put a declaration into evidence in the

14  court.  The proffer is that if called to stand Mr. Gallagher

15  would testify:

16       The buyer would not have entered into the purchase

17  agreement if the sale of the LedgerX business were not made

18  free and clear of any successor liability of buyer and,

19  further, the buyer would not have entered into the purchase

20  agreement if the sale of the LedgerX business did not include

21  the sale and conveyance of the acquired claims and the

22  coverage claims by the debtors.

23       That's the end of the proffer.

24       THE COURT:  Okay.  Thank you.

25       Is there any objection to the entry of the proffer

1  into the record?

2          (No verbal response)

3                  THE COURT:  It's admitted, without objection.

4                  MS. SCHWEITZER:  Thank you, Your Honor.

5                  MR. DIETDERICH:  Thank you, Ms. Schweitzer.

6                  Your Honor, Andy Dietderich for the record.  Your

7  Honor, I'd like to give you an opportunity if you'd like to

8  ask any questions you have about the sale contract or the

9  order or anything else, but I think that's the rest of our

10 business.

11                 THE COURT:  No, I've read the papers.  I'm

12 satisfied.  I read all the declarations, as well, so --

13                 MR. DIETDERICH:  Okay.  Excellent.

14                 Well, Your Honor, then, I'd like to move for

15 approval of the order.

16                 THE COURT:  Okay.  Does anyone wish to be heard?

17         (No verbal response)

18                 THE COURT:  All right.  I'm satisfied the entry of

19 the order is appropriate and I will enter the order.

20                 MR. DIETDERICH:  Thank you, Your Honor.

21                 The second item on the docket today is the sealing

22 order.  I think we'd like to move for entry of that, as well.

23                 THE COURT:  Okay.  Does anyone wish to be heard on

24 the seal order?

25         (No verbal response)

1          THE COURT:  Okay.  I'm satisfied the requested

2  relief is appropriate, as well, and I will enter that order.

3          MR. DIETDERICH:  Thank you, Your Honor.

4          That's all we have for today.

5          THE COURT:  Well, that was easy.

6       (Laughter)

7          MR. DIETDERICH:  It won't always be so, we should

8  enjoy it.

9          THE COURT:  Yes, absolutely.

10          All right.  Well, thank you all very much.  We are

11  adjourned.

12          COUNSEL:  Thank you, Your Honor.

13       (Proceedings concluded at 1:10 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

/s/ William J. Garling                          May 4, 2023

William J. Garling, CET-543

Certified Court Transcriptionist

For Reliable