## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : : : : : | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | : : | Case No. 22-11068 (JTD) (Jointly Administered) |
| Debtors. | : : : : : | **Hearing Date:  May 17, 2023, at 9:00 a.m.** **Objection Deadline for the U.S. Trustee: May 9, 2023** Re:  D.I. 1324, 1137 |

**UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO (A) JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE MOVANTS TO REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS AND PERSONAL INFORMATION OF INDIVIDUALS, AND (B) THE AD HOC COMMITTEE OF NON-US CUSTOMERS OF FTX.COM'S MOTION TO FILE UNDER SEAL (I) THE VERIFIED STATEMENT OF EVERSHEDS SUTHERLAND (US) LLP AND MORRIS NICHOLS, ARSHT & TUNNELL LLP PURSUANT TO BANKRUPTCY RULE 2019 AND (II) THE SUPPORTING DECLARATION**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this omnibus objection (the "Objection") to the (A) *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1324] (the "Joint Motion"), and (B*) the Ad Hoc Committee of Non-US Customers of FTX.Com's Motion to File Under Seal (I) the Verified*

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

*Statement of Eversheds Sutherland (US) LLP and Morris Nichols, Arsht & Tunnell LLP*

*Pursuant to Bankruptcy Rule 2019 and (II) the Supporting Declaration* [D.I. 1137] (the "<u>Ad Hoc</u>

<u>Committee's Motion</u>," and, collectively with the Joint Motion, the "<u>Motions</u>") and respectfully

states:

## I.    <u>PRELIMINARY STATEMENT</u>

1.    On January 20, 2023, this Court entered the *Final Order (I) Authorizing the*

*Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for*

*Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential*

*Information of Customers and Personal Information of Individuals on a Final Basis and (III)*

*Granting Certain Related Relief* [D.I. 545] (the "<u>January 20 Redaction Order</u>"), which allowed

the Debtors to redact from all Court filings the names, addresses and email addresses of their

customers, whether natural persons or entities, and also to redact the names, addresses and email

addresses of certain other creditors who are natural persons.  Certain of the provisions of that

order were limited to a 90 day period.  By the Joint Motion, the Debtors and the Committee seek

to extend that period for another 90 days for certain information, and permanently for other

information.  The Ad Hoc Committee, by their motion, seeks authority to redact the names,

addresses and email addresses of the members of the Ad Hoc Committee, who are customers of

FTX.com.

2.    The U.S. Trustee opposes the Motions for the reasons set forth in the *U.S.*

*Trustee's Objection to the Motion of the Debtors for Entry of Interim and Final Orders (I)*

*Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a*

*Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain*

*Confidential Information of Customers and Personal Information of Individuals and (III)*

*Granting Certain Related Relief* [D.I. 200] and the *Supplement to the United States Trustee's Objection to the Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals and (III) Granting Certain Related Relief* [D.I. 362] (collectively, the "Prior Objections"), which are attached hereto as Exhibits A and B, respectively, and incorporated herein in full.

3.      By this Objection, the U.S. Trustee also sets forth certain additional arguments detailed below.

4.      For the reasons set forth in the U.S. Trustee's Prior Objections, and those set forth below, the Motions should be denied, except as to allow the redaction from public filings of the addresses and e-mail addresses – but not names – of individuals who are customers or other creditors of the Debtors, with unredacted versions of such documents directed to be filed under seal with the Court.

## II.      JURISDICTION, VENUE AND STANDING

4.      Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

5.      Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this

Objection.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),*

33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under

11 U.S.C. § 307, which goes beyond mere pecuniary interest).

### III.      FACTUAL BACKGROUND

7.      On November 11, 2022, the Debtors filed voluntary chapter 11 petitions in this

Court.

8.      The Debtors continue to operate their business(es) as debtors in possession

pursuant to 11 U.S.C. §§ 1107 and 1108.

9.      The U.S. Trustee appointed an official committee of unsecured creditors on

December 15, 2022.

10.      On November 19, 2022, the Debtors filed the Motion of Debtors for Entry of

Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of

Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors

to Redact or Withhold Certain Confidential Information of Customers and Personal Information

of Individuals and (III) Granting Certain Related Relief [D.I. 45] (the "Original Motion"),

seeking both interim and final relief.

11.      A hearing on the interim relief sought in the Original Motion took place at the

"first day" hearing on November 22, 2022.  On November 23, 2022, the Court entered an order

granting interim relief on the Motion (the "Interim Order") and set the hearing to consider

approval of final relief for December 16, 2022.  D.I. 157.

12.      On December 12, 2022, the U.S. Trustee filed his objection to the Original

Motion. [D.I. 200, attached hereto as Ex. A.]

13.     On January 1, 2023, the U.S. Trustee filed his supplement to the objection to the Original Motion.  [D.I. 362, attached hereto as Ex. B.] That supplement addressed redactions of (a) the names of parties on the parties in interest list attached to any retention application, and (b) the names of any parties in interest with whom a professional has a connection or otherwise makes a disclosure.

14.     A hearing on the final relief sought by the Original Motion took place on January 11, 2023.  On January 20, 2023, the Court entered the January 20 Redaction Order.  D.I. 545. That order included authorization for the Debtors to redact from all public filings the following:

(a)     addresses and e-mail addresses of their creditors and equity holders who are natural persons on a permanent basis;[2]

(b)     names, addresses and e-mail addresses of their customers, including those customers who are not natural persons, until the "Redaction Deadline," defined to expire on April 20, 2023; and

(c)     names, addresses and e-mail addresses of any creditors or equity holders who are natural persons and who are protected by the GDPR, until the Redaction Deadline.

*See* January 20 Redaction Order, ¶¶ 4-6.

15.     On March 15, 2023, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statement of financial affairs (the "SOFAs").  The publicly filed versions of those documents included redactions of the names and addresses of both natural persons and entities in various parts of the Schedules and SOFAs, including in the list of insiders who received transfers in the year prior to the bankruptcy filing, and those who received gifts or

---

[2]     The U.S. Trustee did not object to that relief.

charitable contributions.  *See, e.g.*, SOFA of Alameda Research Ltd.,  D.I. 1029 (large payments

to insiders with "Name on File" on ecf pages 45 and 46;  gifts or charitable contributions to

"Name on File" on ecf pages 47 and 48).  Counsel for the U.S. Trustee was told by counsel to the

Debtors that the basis for the redactions was that these persons and entities are customers of the

Debtors.

16.     On March 22, 2023, the Ad Hoc Committee Motion was filed.  D.I. 1137. In that

motion, the Ad Hoc Committee requested authorization to redact the names, addresses and email

addresses of all members of the Ad Hoc Committee, whether they be natural persons or entities,

from the Bankruptcy Rule 2019 Statements filed by the Ad Hoc Committee's counsel.  The Ad

Hoc Committee Motion also seeks authority to redact portions of a declaration submitted by one

of the members of the Ad Hoc Committee in support of the Ad Hoc Committee Motion.

17.     On April 20, 2023, which was 90 days after the Court entered the January 20

Redaction Order, the Debtors and the Committee filed the Joint Motion.

## IV.    ARGUMENT

18.     The U.S. Trustee restates and incorporates the arguments set forth in the Prior

Objections attached hereto as Exhibits A and B as if fully set forth herein.

19.     If, however, the Court is inclined to grant the relief requested in the Motions, the

U.S. Trustee requests that certain exceptions be made, so that the following information is not

authorized to be redacted:

(a)     Schedules and SOFA:

(i)     Insiders: The Debtors should not be permitted to redact the names

of insiders on their Schedules or SOFAs, including but not limited to the names of

insiders that received payments or other transfers from the Debtors within the year

prior to the bankruptcy filing.  Nor should the Debtors be permitted to redact the

addresses of insiders who are not natural persons on the Schedules and SOFAs, to

the extent such information is required by those documents.   Disclosures

regarding insiders are simply too important to allow such information to be kept

from the Debtors' creditors (including the Debtors' non-insider customers) and

other parties in interest simply because such insiders happen to be customers of

the Debtors.

       (ii)    <u>Non-Insiders</u>: The Debtors should not be authorized to redact the

names of any non-insider customers who are natural persons, or the names and

addresses of any non-insider customers who are not natural persons, in the

Schedules and SOFAs if it is not possible to determine from that information that

such persons or entities are customers.  For example, disclosing on a SOFA the

name of an entity that received a charitable contribution from the Debtors does

not in any way indicate that such entity is a customer.

(b)    <u>Other Documents - Insiders</u>: The Debtors, the Committee and the Ad Hoc

Committee should not be permitted to redact the names of any insider who is a natural

person, or the names and addresses of any insider who is not a natural person, on any

other document filed with the Court, absent a separate motion seeking approval to redact

the same, so that the Court can weigh the importance of public disclosure of information

concerning the Debtors' insiders against the Debtors' concern that such disclosure could

lead to the poaching of their customers.

(c)    <u>Other Documents – Non-Insiders:</u>  Neither the Debtors, the Committee or

the Ad Hoc Committee should be permitted to redact the names of any non-insider

7

customers who are natural persons, or the names and addresses of any non-insider

customers who are not natural persons, in Court filings if it is not possible to determine

from the information set forth in the filing that such persons or entities are in fact

customers of the Debtors.

The Request to Redact the Names of Natural Persons Covered by Japanese Privacy Law

20.     In the Joint Motion, the Debtors and the Committee request authority to redact the

names and addresses of customers and other creditors who are natural persons covered by a

Japanese law titled Act on the Protection of Personal Information ("APPI").  The U.S. Trustee

objects to such request on the same grounds it objected to the Debtors' prior request for authority

to redact the names of persons covered by the GDPR of the European Union or the United

Kingdom.  *See* Exhibit A hereto.  The U.S. Trustee further objects to the request regarding those

covered by the Japanese APPI for the following reasons:

(a)     The January 20 Redaction Order allowed redaction of names of natural

persons protected by the GDPR.  There is no mention in that order of the APPI or any

other Japanese law.[3]  It is not clear to the U.S. Trustee whether the Debtors have been

redacting the names of natural persons covered by the APPI even though the January 20

Redaction Order does not provide authority to do so.   If not, then those names have

already been publicly disclosed.

(b)     The Joint Motion has scant information regarding the APPI.  There is only

one paragraph addressing the content of that law, paragraph 43.  No certified translation

---

[3]    The Debtors' Original Motion did not mention Japanese law, although the Debtors' reply on
that motion included a one paragraph argument that paraphrased certain parts of the Japanese
law.  *See* I.D. 407, ¶ 17.

(or any translation) of the law has been provided. In addition, in the Joint Motion, the movants assert that "[w]hile there is a statutory exception for disclosure if it is required by law, this exception does not apply where the applicable law is foreign law (such as U.S. law)." *Id.*, citing the APPI, Art. 27(1)(i). However, because no translation of the statute is provided, that assertion cannot be confirmed. Nor can it be determined if there might be another applicable exception, or whether the Debtors' interpretation of the law is otherwise incorrect or incomplete.

<u>Other Objections to the Proposed Form of Order on the Joint Motion</u>

21.     In addition to the overall objection to the relief sought by the Joint Motion, the U.S. Trustee also objects to the following aspects of the form of order:

(a)     The proposed form of order has two different provisions relating to the redaction of the names of customers who are natural persons. One provision is set forth as part of paragraph 2, and extends the time for which the Debtors and the Committee are authorized to redact the names of all customers – including natural persons – for an additional 90 days from the date of the entry of the order. The other provision is set forth in paragraph 3, and appears to provide authority to redact the names of customers who are natural persons on a permanent basis. If the Court grants the request set forth in the Joint Motion to allow redaction of the names of customers, it should be clear as to the time period the Debtors and the Committee are authorized to redact the names of customers who are natural persons.

(b)     In the January 20 Redaction Order, the Court made an exception to the authority to redact as it concerned the names on the Debtors' Consolidated List of Top 50 Creditors of creditors who are members of the Official Committee of Unsecured

Creditors, and the addresses, email addresses or phone numbers of any creditor who is not a natural person and was appointed to that Committee. D.I. 545, ¶ 10.  That exception is not continued in the proposed order on the Joint Motion, as it should be.

The Ad Hoc Committee's Motion

22.    As noted above, in the January 20 Redaction Order, the Court made an exception to the authority to redact as it relates to the creditors on the Official Committee of Unsecured Creditors.  If the Court grants the Ad Hoc Committee's Motion, the U.S. Trustee requests that the right of all parties in interest be reserved to request, at a later date, that the names of the members of the Ad Hoc Committee be publicly disclosed, depending on the role the Ad Hoc Committee may take in these cases, including but not limited to any role it may take in negotiating a chapter 11 plan.

23.    The U.S. Trustee leaves the movants to their burden of proof and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the relief requested by the Motions, except to allow the redaction from public filings of the addresses and email addresses – but not names – of individuals who are customers or other creditors of the Debtors, and grant any such other and further relief that the Court deems just and proper.

Respectfully Submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

Dated: May 9, 2023

By: */s/ Juliet Sarkessian*
Juliet Sarkessian, Esq.
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Juliet.M.Sarkessian@usdoj.gov