# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DEBTORS' RESPONSES AND OBJECTIONS TO JOINT PROVISIONAL LIQUIDATORS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other applicable law, rules, or orders of the Court (collectively, the "Applicable Rules"), FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by their undersigned attorneys, hereby submit these responses and objections (the "Responses and Objections") to the *Joint Provisional Liquidators' Requests for Production of Documents to U.S. Debtors* (the "Requests"), dated May 5, 2023 and served in the above-captioned cases (the "Chapter 11 Cases").

The Debtors will produce documents responsive to the Requests as set forth below, subject to their Responses and Objections, on or before May 12, 2023. Subject to and without

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

waiving any objection herein, the Debtors are willing to meet and confer with the Joint Provisional Liquidators (the "JPLs") regarding the Requests.

## GENERAL OBJECTIONS

The general objections set forth below (the "General Objections") apply to the Requests generally and to each Definition, Instruction, and specific Request and, unless otherwise stated, shall have the same force and effect as if fully set forth in response to each Definition, Instruction, and specific Request. Any objection to a Definition or Instruction shall also apply to any other Definition, Instruction, or specific Request that incorporates that Definition or Instruction. No response to any specific Request is, or shall be deemed to be, a waiver of the General Objections or to the specific objections set forth therein (collectively, the "Objections").

1. The Debtors object to the Requests, and to each Definition and Instruction contained therein, on the ground that they seek documents and communications that are beyond the scope of the *Motion of the Joint Provisional Liquidators for a Determination that the U.S. Debtors' Automatic Stay Does Not Apply To, or in the Alternative for Relief from Stay for Filing of the Application in the Supreme Court of the Commonwealth of The Bahamas Seeking Resolution of Non-US Law and Other Issues* [D.I. 1192] (the "Motion" or "Mot."), and/or should be sought in connection with discovery in the Adversary Proceeding, if appropriate.[2]

2. The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, or seek information that is neither relevant to a party's claim or defense nor proportional to the needs of the JPLs in connection with the Motion.

---

[2] "Adversary Proceeding" refers to the adversary proceeding captioned *Alameda Research LLC, et al.* v. *FTX Digital Markets Ltd., et al.*, Adv. Pro. 23-50145 (JTD).

3. The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent that they purport to impose on the Debtors any burden or obligation that is broader than, or inconsistent with, the permissible scope of discovery under the Applicable Rules. The Debtors will construe the Requests, and each Definition and Instruction contained therein, in accordance with the Debtors' obligations under the Applicable Rules.

4. The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent that they seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege. Any inadvertent disclosure of information that is properly the subject of a claim of privilege is not, and shall not be deemed, a waiver, in whole or in part, of any privilege or protection. The JPLs shall not use any inadvertently disclosed information that is properly the subject of a claim of privilege or other protection.

5. The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent that they purport to require the Debtors to draw legal or factual conclusions, or are predicated on legal or factual conclusions or arguments. No response to any specific Request is, or shall be construed as, a legal or factual conclusion concerning any of the terms used in the Request.

6. The Debtors object to the Requests, and to each Definition and Instruction contained therein, insofar as they seek production of information that is a matter of public record and/or information that is equally available to the JPLs, or otherwise more appropriately directed to another party or person.

7. The Debtors object to the Requests, and to each Definition and Instruction contained therein, insofar as they seek documents outside of the Debtors' possession, custody, or control.

8. The Debtors object to the Requests, and to each Definition and Instruction contained therein, to the extent they call for discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost, or require more than a reasonable search under the circumstances.

9. The Debtors' Responses and Objections are based solely on facts reasonably known to the Debtors at the time of responding to the Requests. The Debtors reserve the right, but do not assume the obligation, to amend, supplement, or otherwise modify the content of these Responses and Objections at any time.

10. Any failure of the Debtors to make a specific objection to any specific Request, or any Definition or Instruction contained therein, is not, and shall not be construed as, a waiver of the Debtors' right to object on additional grounds. The Debtors reserve the right to use or rely on, at any time, any subsequently discovered information or information omitted from these Responses and Objections as a result of mistake, error, oversight, or inadvertence.

11. The Debtors reserve all objections that may be available to them at any hearing or trial or on any motion to the use or admissibility of any material produced. The production of any material does not constitute an admission by the Debtors that such material or the information contained therein is relevant to the Motion or admissible as evidence. No incidental or implied admissions are intended by the objections herein, nor shall the fact that the Debtors have objected or responded to a particular Request be construed as an admission or indication that the Debtors

possess documents responsive to such Request or any other Request or that such objections or responses constitute admissible evidence.

12. The Debtors' production of any documents or information in response to the Requests shall be subject to the terms of the Court's *Order Approving Confidentiality Agreement and Stipulated Protective Order* [D.I. 832].

**OBJECTIONS TO DEFINITIONS**

1. The Debtors object to each of the Definitions, and to any Definition, Instruction, or Request that incorporates the Definitions, to the extent that they purport to impose on the Debtors any burden or obligation that is broader than, inconsistent with, or exceeds the requirements of, the Applicable Rules.

2. The Debtors object to Definition No. 7 ("Person" or "Persons"), and to any Definition, Instruction, or Request that incorporates the Definition to the extent that it encompasses third parties and/or information that is not in the Debtors' possession, custody, or control, as well as to the extent that the Definition purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

3. The Debtors object to Definition No. 9 ("You" and "Your"), and to any Definition, Instruction, or Request that incorporates the Definition, on the grounds that is overbroad and to the extent that it encompasses third parties and/or information that is not in the Debtors' possession, custody, or control, as well as to the extent that the Definition purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege. The Debtors will construe "You" to include each of the Debtors.

**OBJECTIONS TO INSTRUCTIONS**

1.      The Debtors object to each Instruction, and to any Definition, Instruction, or Request that incorporates that Instruction, to the extent that it purports to impose on the Debtors any burden or obligation that is broader than, inconsistent with, or exceeds the requirements of, the Applicable Rules, and specifically object to Instructions 5, 12, 13 and 14 on this ground. The Debtors will construe the Requests, and each Definition and Instruction contained therein, in accordance with the Applicable Rules.

**OBJECTIONS TO SPECIFIC REQUESTS**

**DOCUMENT REQUEST NO. 1**

All Documents You intend to offer into evidence at the hearing on May 17, 2023.

**SPECIFIC OBJECTIONS**

The Debtors will produce all documents attached as exhibits to the Mosley Declaration and any other documents they currently expect may be offered as Exhibits at the May 17, 2023 hearing.

**DOCUMENT REQUEST NO. 2**

Documents relied on in forming any opinions in the Mosley Declaration.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 2 on the grounds that it is overly broad and unduly burdensome insofar as it calls for all documents forming the basis of Mr. Mosley's opinions, which could conceivably include every document ever reviewed by Mr. Mosley in connection with the Chapter 11 Cases. The Debtors further object to Request No. 2 on the grounds that it seeks documents that are beyond the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding. The Debtors further object to Request No. 2 to the

extent it seeks documents that are a matter of public record and/or documents that are equally available to the JPLs.

Subject to and without waiver of the foregoing objections, the Debtors will produce non-privileged documents responsive to Request No. 2, if any, following a reasonable search.

**DOCUMENT REQUEST NO. 3**

Documents and Communications concerning Your statement that Mr. Simms was "involved at every step" of the actions of the SCB described in paragraph 30 of the U.S. Debtors' Objection.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 3 on the grounds that it is overly broad and seeks documents that are beyond the scope of the Motion. The Debtors further object to Request No. 3 to the extent it seeks documents that are a matter of public record and/or documents that are equally available to the JPLs.

Subject to and without waiver of the foregoing objections, the Debtors will produce non-privileged documents responsive to Request No. 3, if any, following a reasonable search.

**DOCUMENT REQUEST NO. 4**

Documents and Communications concerning Your statement that "the evidence in any event shows that it is unlikely the JPLs will be able to establish the occurrence of a novation of customers or other interest in the Debtors' property." U.S. Debtors' Objection ¶ 84.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 4 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding. The Debtors further object to Request No. 4 on the ground that the burden to prove cause exists to modify the automatic stay is on the JPLs. *See, e.g.*,

Apr. 12, 2023 Hr'g Tr. 52:16–18, 53:1–3 ("[I]n order to lift the stay, the burden is on the Movant to prove cause."). The Debtors further object to Request No. 4 to the extent that it purports to seek the discovery of documents that are protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

Subject to and without waiver of the foregoing objections, in response to Request No. 4 the Debtors refer the JPLs to the FTX Terms of Service, which were attached as Exhibits D, E, and H to the Mosley Declaration.

**DOCUMENT REQUEST NO. 5**

Documents and Communications concerning Your statement that "The Debtors have subsequently learned . . . that no customers were "moved" to FTX DM to the exclusion of FTX Trading. Rather, at most, FTX DM started providing certain specific services to certain customers." U.S. Debtors' Objection ¶ 85.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 5 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding. The Debtors further object to Request No. 5 to the extent that it purports to seek the discovery of documents that are protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

Subject to and without waiver of the foregoing objections, in response to Request No. 5 the Debtors refer the JPLs to the FTX Terms of Service, which were attached as Exhibits D, E, and H to the Mosley Declaration.

**DOCUMENT REQUEST NO. 6**

Documents and Communications concerning the U.S. Debtors' "own initial assumption that 6% of FTX.com customers were customers of FTX DM" and Your statement that, "once the Debtors dug into the underlying facts and available information, this was proven incorrect." U.S. Debtors' Objection ¶ 3.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 6 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding. The Debtors further object to Request No. 6 to the extent that it purports to seek the discovery of documents that are protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

Subject to and without waiver of the foregoing objections, in response to Request No. 6 the Debtors refer the JPLs to the FTX Terms of Service, which were attached as Exhibits D, E, and H to the Mosley Declaration, and will produce non-privileged documents responsive to Request No. 6, if any, following a reasonable search.

**DOCUMENT REQUEST NO. 7**

Documents and Communications concerning any investigation that the U.S. Debtors conducted that formed the basis for Your statement that "there is no evidence or indication of any kind that notice was provided to FTX Trading customers of the so-called "migration" of any part of their account relationship to FTX DM, or that any novation ever was consented to or effectuated." U.S. Debtors' Objection ¶ 13.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 7 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in

connection with the Adversary Proceeding. The Debtors further object to Request No. 7 on the ground that the burden to prove cause exists to modify the automatic stay is on the JPLs. *See, e.g.*, Apr. 12, 2023 Hr'g Tr. 52:16–18, 53:1–3 ("[I]n order to lift the stay, the burden is on the Movant to prove cause."). The Debtors further object to Request No. 7 to the extent that it purports to seek the discovery of documents that are protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

**DOCUMENT REQUEST NO. 8**

Documents and Communications concerning Your statement that "the formation of FTX DM sits at the heart of the fraudulent scheme perpetuated by Mr. Bankman-Fried and his co-conspirators." U.S. Debtors' Objection ¶ 82.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 8 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding. The Debtors further object to Request No. 8 to the extent that it purports to seek the discovery of documents that are protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

**DOCUMENT REQUEST NO. 9**

Documents and Communications concerning the statement in the Mosley Declaration that, "the Debtors' records indicate that Mr. Bankman-Fried (and/or others acting at his direction) introduced new terms of service for FTX.com customers, by posting them to the FTX.com website." Mosley Decl. ¶ 13.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 9 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding. The Debtors further object to Request No. 9 to the extent it seeks documents that are already in the possession, custody or control of, and therefore equally available to, the JPLs. The Debtors further object to Request No. 9 on the ground that it seeks documents and communications about an issue not in dispute—namely, that the Terms of Service dated May 13, 2022 were introduced by uploading them to the FTX.com website. *See* Greaves Decl. ¶ 16 ("On May 13, 2022, new terms of service ('2022 Terms of Service') were uploaded to the FTX.com site.")

**DOCUMENT REQUEST NO. 10**

Documents and Communications concerning the statement in the Mosley Declaration that, "The Debtors are not aware of any customers of FTX DM who are not also creditors of FTX Trading or other Debtors. The Debtors' expectation is that all customers of the FTX.com exchange who suffered losses will have claims against the Debtors for those losses, irrespective of any claims against FTX DM." Mosley Decl. ¶ 20.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 10 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding. The Debtors further object to Request No. 10 to the extent that it purports to seek the discovery of documents that are protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

Subject to and without waiver of the foregoing objections, in response to Request No. 10 the Debtors refer the JPLs to the FTX Terms of Service, which were attached as Exhibits D, E, and H to the Mosley Declaration.

**DOCUMENT REQUEST NO. 11**

Documents and Communications concerning the statement in the Mosley Declaration that, "the JPLs sent email letters to customers soliciting customer information from the Debtors' customers with customer data" including but not limited to any "reports of confusion caused by this outreach" as described in the Mosley Declaration. Mosley Decl. ¶ 22.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 11 to the extent it encompasses third parties and/or information that is not in the Debtors' possession, custody, or control, and/or documents that are already in the possession, custody, or control of, and therefore equally available to, the JPLs.

Subject to and without waiver of the foregoing objections, in response to Request No. 11 the Debtors refer the JPLs to the Mosley Declaration and exhibits thereto.

**DOCUMENT REQUEST NO. 12**

Any agreements between FTX Digital and customers, including but not limited to, letter of credit agreements, loan agreements, indentures, or promissory notes.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 12 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding. The Debtors further object to Request No. 12 to the extent it seeks documents that are in the possession, custody, or control of, and therefore equally available to, the JPLs. The Debtors further object to Request No. 12 to the extent that it purports

to seek the discovery of documents that are protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

Subject to and without waiver of the foregoing objections, the Debtors will produce non-privileged documents responsive to Request No. 12, if any, following a reasonable search.

**DOCUMENT REQUEST NO. 13**

Any Documents and Communications concerning agreements between FTX Digital and customers, including but not limited to, letter of credit agreements, loan agreements, indentures, or promissory notes.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein.  The Debtors further object to Request No. 13 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding.  The Debtors further object to Request No. 13 to the extent it seeks documents that are in the possession, custody, or control of, and therefore equally available to, the JPLs.

**DOCUMENT REQUEST NO. 14**

Documents and Communications concerning the statement that "Mr. Bankman-Fried (and/or others at his direction) created FTX DM as a façade behind which his fraudulent scheme could operate in The Bahamas away from the oversight and prying eyes of American regulators and courts."  U.S. Debtors' Objection ¶ 26.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein.  The Debtors further object to Request No. 14 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding.

**DOCUMENT REQUEST NO. 15**

Documents and Communications concerning Your statement that, "FTX Trading was at all times the sole owner and operator of the [FTX.com] exchange." U.S. Debtors' Objection ¶ 4.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 15 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding. The Debtors further object to Request No. 15 to the extent that it purports to seek the discovery of documents that are protected from disclosure under any applicable privilege, immunity, or protection, including the attorney-client privilege, the work-product doctrine, the common-interest privilege, and the joint-defense privilege.

Subject to and without waiver of the foregoing objections, in response to Request No. 15 the Debtors refer the JPLs to the FTX Terms of Service, which were attached as Exhibits D, E, and H to the Mosley Declaration.

**DOCUMENT REQUEST NO. 16**

Documents and Communications concerning the Services Agreement dated September 23, 2021, including any amendments, supplements, or other Documents related thereto (as cited in the Declaration of Kenneth Pasquale in Support of Objection of the Official Committee of Unsecured Creditors to Motion of the Joint Provisional Liquidators for a Determination that the U.S. Debtors' Automatic Stay Does Not Apply To, or in the Alternative for Relief from Stay for Filing of the Application in the Supreme Court of the Commonwealth of the Bahamas Seeking Resolution of Non-US Law and Other Issues [Docket No. 1410].

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 16 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding.

Subject to and without waiver of the foregoing objections, the Debtors will produce non-privileged documents responsive to Request No. 16, if any, following a reasonable search.

**DOCUMENT REQUEST NO. 17**

Documents and Communications concerning Your statement that the JPLs have "Potentially hindered the marketing process for potentially raising capital for a restructured exchange by directly soliciting investors."  U.S. Debtors' Objection ¶ 66.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein.  The Debtors further object to Request No. 17 to the extent it encompasses third parties and/or information that is not in the Debtors' possession, custody, or control, or documents that are already in the possession, custody or control of, and therefore equally available to, the JPLs.

**DOCUMENT REQUEST NO. 18**

Documents and Communications concerning Your statements that (i) the JPLs have taken actions in violation of the automatic stay, (ii) the JPLs are working closely with the Commission, and (iii) the JPLs have acquiesced to the Commission's actions in violation of the automatic stay.  U.S. Debtors' Objection ¶ 91.

**SPECIFIC OBJECTIONS**

The Debtors refer to and incorporate their General Objections as if set forth fully herein. The Debtors further object to Request No. 18 on the grounds that it is overly broad, seeks documents that are outside the scope of the Motion, and are more appropriately sought in connection with the Adversary Proceeding.  The Debtors further object to Request No. 18 to the extent it seeks documents that are in the possession, custody, or control of, and therefore equally available to, the JPLs.

Subject to and without waiver of the foregoing objections, the Debtors will produce non-privileged documents responsive to Request No. 18, if any, following a reasonable search.

Dated: May 10, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew B. McGuire
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*