# **EXHIBIT 1**

**(Smith Declaration)**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF JEFFREY J. SMITH IN SUPPORT OF PATENO PAYMENTS, INC.'S LIMITED RESPONSE CONTESTING JURISDICTION TO MOTION OF THE DEBTORS FOR ENTRY OF ORDER (I) ENFORCING THE AUTOMATIC STAY AND (II) AWARDING THE DEBTORS ATTORNEYS' FEES AND EXPENSES

I, Jeffrey J. Smith, hereby solemnly affirm and declare that the following is true and correct to the best of my knowledge, information and belief:

1.  I am a Director of Pateno,[2] which has its principal office at 736 Meridian Road NE Calgary, Alberta, Canada T2A 2N7. I am authorized to make this declaration on behalf of Pateno in support of the Limited Response.

2.  Pateno is incorporated in Alberta, does business in Canada, and has no assets in the United States.  Pateno further has no systemic business contacts with the United States.

3.  On June 14, 2022, FTX Canada, also a corporation existing under the laws of the province of Alberta, and Pateno entered into the SPA.

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX

[2]  Capitalized terms used herein, not otherwise defined, shall have the meanings ascribed them in *Pateno Payments, Inc.'s Limited Response Contesting Jurisdiction to Motion of the Debtors for Entry of Order (I) Enforcing the Automatic Stay and (II) Awarding the Debtors Attorneys' Fees and Expenses* (the "**Limited Response**"), filed concurrently herewith.

4.      Pateno negotiated the SPA and Escrow Agreement in Canada, and FTX Canada negotiated from the Bahamas and Canada. No negotiations took place in the United States.

5.      Both Pateno and FTX Canada were represented by Canadian counsel with respect to the Bitvo Transaction. The investment bankers assisting with the Bitvo Transaction were Canadian.

6.      In these negotiations, the parties agreed to the exclusive jurisdiction of the Canadian courts as indicated by the SPA and Escrow Agreement.

7.      At no point during the course of the negotiations of the SPA and Escrow Agreement did Pateno direct any activities relating thereto to the United States.


Dated: May 10, 2023

_____
Jeffrey J. Smith
Director
Pateno Payments, Inc.

ADMIN 687206826v3

# EXHIBIT 2

**(Canadian Order)**

CERTIFIED    *E. Wheaton*
by the Court Clerk as a true copy of the
document digitally filed on May 5, 2023

Clerk's Stamp:

| | |
|---|---|
| COURT FILE NUMBER | 2301-02187 |
| COURT | COURT OF KING'S BENCH OF ALBERTA |
| JUDICIAL CENTRE | CALGARY |
| APPLICANT | **PATENO PAYMENTS INC.** |
| RESPONDENTS | **FTX CANADA INC. AND TSX TRUST COMPANY** |
| DOCUMENT | **ORDER** |

**FILED DIGITALLY**
2301 02187
May 18, 2023
10:58 AM
CLERK OF THE COURT

| | |
|---|---|
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | Dentons Canada LLP
Bankers Court
15th Floor, 850 - 2nd Street S.W.
Calgary, Alberta T2P 0R8
Attn: David Mann, KC / John Regush
Ph. (403) 268-7097 / 7086  Fx. (403) 268-3100
File No.: 594747-1 |

| | |
|---|---|
| DATE ON WHICH ORDER WAS PRONOUNCED: | April 13, 2023 |
| LOCATION WHERE ORDER WAS PRONOUNCED: | Calgary, Alberta |
| NAME OF JUDGE WHO MADE THIS ORDER: | The Honourable Justice Neufeld |

## ORDER

UPON the application of Pateno Payments Inc. ("**Pateno**") originally returnable on March 2, 2023, having been adjourned by consent to be heard April 13, 2023 ("**Application**") to direct that TSX Trust Company ("**Escrow Agent**") release to Pateno the amount of USD$2,000,000 plus interest thereon (collectively, "**Deposit**") held by the Escrow Agent pursuant to the Cash Escrow Agency Agreement dated June 14, 2022 in accordance with the terms of the Share Purchase Agreement between Pateno and FTX Canada Inc. ("**FTX Canada**") dated June 14, 2022 as amended by written agreement dated October 3, 2022 (as amended, "**SPA**"); AND UPON the application of FTX Canada for a further adjournment of the Application; AND UPON reading or hearing read the Affidavit of Pamela Draper affirmed February 15, 2023 and the Affidavit of John J. Ray III sworn April 10, 2023; AND UPON hearing submissions for counsel for Pateno, FTX Canada, and the Escrow Agent;

IT IS HEREBY ORDERED THAT:

1.    The Application is adjourned to May 29, 2023 at 2:00 p.m. ("**Hearing**"), which adjournment is peremptory.

2.    The Deposit is to continue to be held by the Escrow Agent.

3.    The Deposit is impressed with a trust in favour of Pateno until May 29, 2023 (the "**Court Ordered Trust**").

4.    The Court Ordered Trust provides Pateno with a proprietary interest in the Deposit pending the Hearing.

- 2 -

5. The Court Ordered Trust shall in no way prejudice any arguments of FTX Canada at the Hearing that it has and has had a proprietary interest in the Deposit.

6. The following deadlines shall apply to the parties in respect of the Application:

| **Deadline** | **Step** |
|---|---|
| a) May 8, 2023 | Pateno and FTX Canada to serve any additional affidavit evidence to be relied upon in respect of the Application. |
| b) May 12, 2023 | Cross-examination on affidavits to be concluded. |
| c) May 17, 2023 | Pateno to serve written argument in respect of the Application. |
| d) May 23, 2023 | FTX Canada to serve written argument in respect of the Application. |
| e) May 25, 2023 | Pateno to serve reply written argument, if any. |
| f) May 25, 2023 | Parties to provide their respective affidavits, transcripts of cross-examination, and written argument to the Court by no later than 4:00 p.m. |

7. The foregoing deadlines do not apply in respect of or modify any deadlines regarding applications or cross-applications other than the Application.

8. Approval of this Order by counsel for the Escrow Agent is dispensed with.

9. Costs of this Order may be addressed at the Hearing.

_____
Justice of the Court of King's Bench of Alberta

Approved as the Order granted this 4th day of May, 2023 by:

Dentons Canada LLP, counsel for Pateno Payments Inc.

Per: _____
David Mann KC / John Regush

McCarthy Tétrault LLP, counsel for FTX Canada Inc.

Per: _____
Sean Collins

# EXHIBIT 3

**(Blackline of Response)**

*ADMIN 687234501v2*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| | Chapter 11 |
| In re: | Case No. 22-11068 (JTD) |
| FTX TRADING LTD., *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Ref. Doc. Nos. 1417, 1418, 1471** |
| | **Obj. Deadline: May 10, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: May 17, 2023 at 1:00 p.m. (ET)** |

## PATENO PAYMENTS, INC.'S AMENDED[2] LIMITED RESPONSE CONTESTING JURISDICTION TO MOTION OF THE DEBTORS FOR ENTRY OF ORDER (I) ENFORCING THE AUTOMATIC STAY AND (II) AWARDING THE DEBTORS ATTORNEYS' FEES AND EXPENSES

Pateno Payments, Inc. ("**Pateno**"), a foreign corporation, submits this limited response ("**Limited Response**") solely to contest the jurisdiction related to the *Motion of the Debtors for Entry of Order (I) Enforcing the Automatic Stay and (II) Awarding the Debtors Attorneys' Fees and Expenses* [Doc. No. 1417] (the "**Motion**") filed by the Debtors. In support of this Limited Response, Pateno states as follows:[23]

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX

[2]  The amendment is to remove and replace citation in paragraph 21 of the original filing to *Chavez v. Dole Food Co.*, 796 F.3d 261, 270 (3d Cir. 2015), which the undersigned determined, subsequent to the filing, had been vacated.  Although the basis for the Third Circuit's vacating the opinion is unclear, Pateno respectfully submits that the legal premise for which the *Chavez* was cited does not appear to be in dispute. The legal proposition for which *Chavez* was cited, that there are two avenues the Debtors can pursue to establish personal jurisdiction over Pateno: general jurisdiction and specific jurisdiction, is and remains good law.  The underlying United States Supreme Court decision cited by *Chavez*, *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984) has also not been reversed or overturned.  The response otherwise remains unchanged.  Counsel apologizes to the Court and parties for the error.  A blackline comparison of this response against the response filed at D.I. 1471 is attached hereto as Exhibit 3.

[23]   Pateno is appearing specially to contest the issue of this Court's jurisdiction over it and does not consent to such jurisdiction and does not consent to the entry of final orders or judgments by the Court if it is determined that the

## INTRODUCTION[34]

1.      Pateno respectfully asserts that the Debtors' Motion fails because the Debtors cannot establish the requisite personal jurisdiction over Pateno for this Court to issue an order effectuating the relief requested by the Debtors. Whether or not the Escrow Deposit is "property of the estate" has no bearing on whether Pateno is subject to personal jurisdiction before this Court over a pending Canadian application before a Canadian Court between Canadian parties over a Canadian-law governed agreement—and where the Debtors have failed to establish <u>any</u> (much less the minimum) contacts required to subject Pateno to either specific or general personal jurisdiction before this Court. This lack of personal jurisdiction means that this Court is not in a position to render effective relief in respect of the Motion, and thus should defer to the pending litigation before the Canadian Court.

2.      Further, regardless of whether Pateno is subject to personal jurisdiction before this Court, any property interest debtor FTX Canada had in the SPA that was the subject of the Escrow Deposit has now irrevocably lapsed. FTX Canada indisputably failed to obtain the requisite regulatory approvals to timely close the transaction, thus relinquishing any property interest held by FTX Canada in the SPA and/or Escrow Deposit. Accordingly, even if it ever constituted property of the estate (which Pateno does not admit), the Escrow Deposit no longer constitutes property of its estate. That lapse occurred prior to Pateno seeking any relief such that

---

jurisdiction and does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

[34]    Capitalized terms used in the Introduction, not otherwise defined, shall have the meanings ascribed them in the body of the Limited Response.

there was no violation of the automatic stay; and even if a technical stay violation occurred, there has been no resultant harm caused to the Debtors.

3.      The Debtors' Motion constitutes an effort to unjustly pressure Pateno to relinquish its legitimate rights—wresting away the legitimate jurisdiction of the Canadian Court and burdening Pateno, a truly foreign party, with the time and expense of an entirely new litigation in a different country with no connection to the SPA between Pateno and FTX Canada. This Court should deny the Motion and allow the Canadian proceeding to continue.

## BACKGROUND

4.      Pateno is incorporated in Alberta, does business in Canada, and has no assets in the United States. *Declaration of Jeffrey J. Smith in Support of Pateno Payments, Inc.'s Limited Response Contesting Jurisdiction to Motion of the Debtors for Entry of Order (I) Enforcing the Automatic Stay and (II) Awarding the Debtors Attorneys' Fees and Expenses* (the "**Smith Declaration**") ¶ 2. The Smith Declaration is attached hereto as **Exhibit 1**.

5.      On June 14, 2022, FTX Canada Inc. ("**FTX Canada**"), also a corporation existing under the laws of the province of Alberta, and Pateno entered into that certain *Share Purchase Agreement* (the "**SPA**"), dated June 14, 2022.[45] *See* Smith Declaration ¶ 3. Pateno negotiated the SPA in Canada and FTX Canada negotiated from the Bahamas and Canada. No negotiations took place in the United States. Smith Declaration ¶¶ 4–5.

6.      The SPA governs a transaction where Pateno was to sell all of the stock in one of its subsidiaries, Bitvo, Inc., another Alberta corporation, to FTX Canada for $12,500,000, subject to certain adjustments (the "**Bitvo Transaction**").

---

[45]    A copy of the SPA is attached as **Exhibit A** to the *Declaration of Brian D. Glueckstein in Support of Motion of the Debtors for Entry of Order (I) Enforcing the Automatic Stay and (II) Awarding the Debtors Attorneys' Fees and Expenses* [Doc. No. 1418] (the "**Glueckstein Declaration**").

7.      The SPA is to be "governed by and construed in accordance with the Laws of the Province of Alberta and the federal Laws of Canada applicable therein, without giving effect to any choice of law or conflict of law provision or rule that would cause the application of the Law of any jurisdiction other than the Province of Alberta." SPA § 9.4.

8.      The SPA also provides that:

> Each of the Parties irrevocably and unconditionally (i) submits to the exclusive jurisdiction of the courts of the Province of Alberta sitting in Calgary, Alberta for the purposes of any suit, action or proceeding arising out of or relating to this Agreement, (ii) agrees that all Claims in respect of such action or proceeding may be heard and determined in any such court and (iii) agrees not to bring any action or proceeding arising out of or relating to this Agreement in any other court.

SPA § 9.14.

9.      As part of the SPA, Pateno required FTX Canada to deposit $2,000,000 (the "**Escrow Deposit**") with TSX Trust Company, a Canadian corporation, to be held in escrow. The SPA also provided, among other things, that if FTX Canada fails to close on the Bitvo Transaction by the extended outside closing date and FTX Canada does not receive the necessary Canadian authority approvals by that time, "then 100% of the [Escrow] Deposit shall be released to [Pateno], and in such circumstance the interest received by [Pateno] shall be deemed to have accrued for the account of [Pateno]." SPA § 5.2(c).

10.     The outside closing date for the Bitvo Transaction was initially October 14, 2022. *See* SPA § 1.1 (definition of "Outside Date"). On October 3, 2022, FTX and Pateno entered into that *Agreement Re: Outside Date* and agreed to extend the outside closing date to November 14, 2022.[56]

---

[56] The *Agreement Re: Outside Closing Date* is attached to Glueckstein Declaration as **Exhibit H**.

11.     On November 11, 2022, FTX Canada filed for chapter 11 bankruptcy in this Court.

12.     FTX Canada did not obtain the requisite regulatory approvals to close the SPA transaction in advance of the November 14, 2022 Outside Date.

13.     On January 10, 2023, to the extent even applicable, any extension of the time provided to FTX Canada pursuant to section 108(b)(2) of the Bankruptcy Code to obtain the requisite approvals and close the SPA transaction lapsed.

14.     So, by January 10, 2023 at the latest only Pateno had an interest in the Escrow Deposit and it could no longer constitute an estate asset. The terms of the SPA are clear that FTX Canada no longer has any interest in the Escrow Deposit, as FTX Canada was incapable of closing by the outside closing date, even if extended under section 108(b)(2). SPA §§ 5.1(c)–(d). Accordingly, under section 5.2(b) of the SPA the Escrow Deposit is payable solely to Pateno and does not constitute property of the estate.

15.     On March 2, 2023, almost 4 months after the outside closing date for the Bitvo Transaction had passed (and thus beyond any applicable date in the SPA or any 108(b)(2) extension, if applicable), Pateno filed an *Originating Application* (the "**Application**") with the Court of King's Bench of Alberta (the "**Canadian Court**") requesting that the Escrow Deposit be released to Pateno.

16.     On March 31, 2023, FTX Canada filed a *Request for Adjournment* with the Canadian Court asking to adjourn the hearing on the Application to a later date.

17.     On April 13, 2023, the Canadian Court held a hearing on the Application. On May 5, 2023, the Canadian Court entered an Order: (i) adjourning Pateno's Application to May 29, 2023 for another hearing; (ii) ordering that the Escrow Deposit be held in trust in favor of

Pateno until the hearing on May 29, 2023; and (iii) ordering that the trust provides Pateno "with a proprietary interest in the [Escrow] Deposit pending the hearing." A copy of the Canadian Court's May 5ᵗʰ Order (the "**Canadian Order**") is attached hereto as **Exhibit 2**.

## LIMITED RESPONSE

### I.    There is No Personal Jurisdiction Over Pateno.

18.    "An assessment of jurisdiction is the starting point of every case in federal court." *In re Sheehan*, 48 F.4th 513, 520 (7th Cir. 2022), *cert. denied sub nom. Sheehan v. Breccia Unlimited Co.*, No. 22-744, 2023 WL 2959396 (U.S. Apr. 17, 2023). And while a United States bankruptcy court has broad jurisdiction, it is not unlimited, particularly over foreign entities with no nexus to the United States.

19.    The burden to establish personal jurisdiction over Pateno is on FTX Canada. *See Tristrata v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 689 (D. Del. 1997) ("The party alleging jurisdiction has the burden of proving facts necessary to support jurisdiction by a preponderance of the evidence.").

20.    FTX Canada does not and cannot establish facts demonstrating that personal jurisdiction in this matter attaches to Pateno. Without such jurisdiction the Court cannot grant the relief the Debtors request in the Motion; namely, (i) enjoining Pateno from continuing to prosecute its action before the Canadian Court, (ii) enjoining the Canadian Court from determining the rights of the parties with respect to the SPA; and (iii) awarding the Debtors attorneys' fees and costs. *In re Travelstead*, 227 B.R. 638, 655 (D. Md. 1998) ("*in personam* jurisdiction is required before the court may restrain a defendant from interfering with [debtor's] property.")*; Tennessee Student Assistance Corporation v. Hood*, 541 U.S. 440, 448 (2004) ("a

nonparticipating creditor cannot be subjected to personal liability"); *Freeman v. Alderson*, 119 U.S. 185, 188 (1886) ("If the non-resident possesses no property in the State, there is nothing upon which its tribunals can act.").

21.    There are two avenues the Debtors can pursue to establish personal jurisdiction over Pateno: general jurisdiction and specific jurisdiction. ~~*Chavez v. Dole Food Co.*, 796 F.3d 261~~ *See In re Fisker Automotive Holdings, Inc. Shareholder Litigation*, 2018 WL 4036412, ~~270~~at *8 (~~3d Cir~~D. ~~2015) ("Two types of personal jurisdiction exist: general and specific.")~~ ~~(citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S~~Del. Feb. ~~408~~21, ~~414 (1984~~2018)~~).~~  Both are unavailing.

a.    *General Jurisdiction.*

22.    "General jurisdiction allows a court to assert jurisdiction over a foreign corporation 'when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.'" *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, No. 13-CV-2100-DBS-SRF, 2018 WL 4036412, at *8 (D. Del. Aug. 21, 2018) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

23.    Here, Pateno has no principal place of business in United States, is not incorporated in the United States, and has no systemic business contacts with the United States. *See* Smith Declaration ¶ 2. Accordingly, there is no basis upon which to confer general United States jurisdiction over Pateno.

b.    *Specific Jurisdiction.*

24.    To establish specific jurisdiction, FTX Canada must show that Pateno "has sufficient minimum contacts with the forum state that it 'should reasonably anticipate being haled into court there.'" *Mellon Bank*, 983 F.2d 551, 554 (3d Cir. 1993) (quoting *World-Wide*

*Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)); *see also Sheehan,* 48 F.4th 513, 522 (the requirements for specific personal jurisdiction are "first, defendants must have purposefully directed their activities at the forum state or purposefully availed themselves of the privilege of conducting business in the forum; second, the alleged injury must arise out of or relate to the defendants' forum-related activities; and third, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.").

25.    Here, Pateno's actions reside completely outside the United States. The SPA had nothing to do with the United States; the Escrow Deposit has nothing to do with the United States:

    a.   The buyer and seller were both Canadian;

    b.   The guarantor was Bahamian;

    c.   The escrow agent is Canadian;

    d.   The SPA and Escrow Agreement are governed by Canadian law;

    e.   The forum selection clauses in the SPA and Escrow Agreement provide for exclusive jurisdiction in Canada;

    f.   The SPA and Escrow Agreement were negotiated in Canada and the Bahamas;

    g.   Both Pateno and FTX Canada were represented by Canadian counsel with respect to the Bitvo Transaction;

    h.   The investment bankers assisting with the Bitvo Transaction were Canadian;

    i.   The business being purchased was Canadian;

    j.   The notice addresses in the SPA and Escrow Agreement are all foreign addresses;

    k.   The Escrow Deposit is held in a Canadian account;

    l.   There is already a Canadian Court involved with and capable of determining the issues;

    m.   At no point did Pateno voluntarily direct activities relating to the SPA to the United States; and

    n.   At no point in the negotiations surrounding the SPA did Pateno create any contacts or substantial connection with the United States relating to the transaction.

8

*See* Smith Declaration ¶¶ 2–7.

26.     Accordingly, Pateno has no sufficient contacts with the United States establishing specific jurisdiction, and has not purposefully availed itself of rights or privileges in the United States.

27.     Moreover, it is wholly unfair for FTX Canada to seek to displace the Canadian Court to prosecute against Pateno an entirely new litigation in a foreign land. The parties negotiated for their disputes to be determined by a Canadian court pursuant to Canadian law. Pateno submits that FTX Canada's Motion is calculated not to preserve or protect any rights of FTX Canada (which may be fully and fairly resolved in Canada), but rather to utilize this foreign proceeding to strong-arm a payment by Pateno in the face of duplicative, burdensome and expensive litigation.

28.     In *Sheehan*, the Seventh Circuit recently faced analogous facts to those before the Court now. *In re Sheehan*, 48 F.4th 513 (7th Cir. 2022). The debtor in *Sheehan* had assets in Ireland, including personal real estate and shares in an Irish hospital. The debtor filed for chapter 11 and brought an adversary proceeding against certain Irish creditors to enforce the automatic stay, arguing that the bankruptcy court held *in rem* jurisdiction over his property "wherever located and by whomever held." *Id.* at 520–521. The Irish creditors argued that the bankruptcy court lacked jurisdiction over the matter. The Seventh Circuit agreed with the Irish creditors and affirmed the bankruptcy court's dismissal of the matter. The Seventh Circuit reasoned that:

> A bankruptcy court has *in rem* jurisdiction over all of the property in a debtor's estate, which includes all property "wherever located and by whomever held." The filing of a bankruptcy petition triggers an automatic stay prohibiting any attempts to exercise control over any property of the estate. Prohibitions on such attempts, however, cannot be enforced if a court does not have personal jurisdiction over the party holding the property.

*Id.* at 521 (internal citations omitted).

29.     Just like the Irish creditors in *Sheehan*, there is no personal jurisdiction over Pateno, and the Court should allow the Canadian Court to do its work to release the Escrow Deposit to Pateno.[67]

## II.  FTX Has Suffered No Damages.

30.     None of the facts and circumstances surrounding this Motion give rise to any damages to FTX Canada, as the Escrow Deposit is not property of FTX Canada's estate. It is axiomatic in bankruptcy that "under § 541 a debtor's estate has no greater interest in property after filing for bankruptcy than it had before filing." *In re TTS, Inc.*, 158 B.R. 583, 584 (D. Del. 1993) (citing *Universal Bonding Insurance v. Gittens & Sprinkle Enterprises, Inc.*, 960 F.2d 366, 372 (3d Cir. 1992)). Moreover, the Bankruptcy Code does not enlarge the rights of a debtor under a contract nor does it prevent the termination of a contract by its own terms. *In re Unidigital Inc.*, Case No. 00-3806 (MFW), 2000 WL 33712306, at *2 (Bankr. D. Del. Dec. 8, 2000). The Bankruptcy Court cannot create an interest for the debtor where none exists. *Id.*

31.     Even when a debtor may have legal title to escrowed funds, that does not mean that the funds are property of the estate. *See In re Jazzland, Inc.*, 322 B.R. 610, 616 (E.D. La. 2005) ("Generally, under bankruptcy law funds held in escrow are not property of the estate"); *see also In re TTS*, 158 B.R. at 586 (although a debtor may have legal title to escrowed funds, that does not mean that the funds need to be turned over if the non-debtor party's interest vests).

32.     The Debtors argue that the outside closing date occurred post-petition and therefore the Escrow Deposit may be property of FTX Canada's estate. *See* Motion ¶ 29. But section 108(b)(2) of the Bankruptcy Code, even if applicable, is clear that the Debtors are only

---

[67]   In the event this Court determines contrary to Pateno's position herein, Pateno respectfully reserves the right to petition this Court for relief from the automatic stay to allow the Canadian proceeding to continue.

provided a 60-day extension to satisfy the conditions of the SPA to close.[78] *Ctys. Contracting & Const. Co. v. Const. Life Ins. Co.*, 855 F.2d 1054, 1059 (3d Cir. 1988) ("when a bankruptcy petition is filed before the expiration of a statutory grace period, if need be § 108(b) can extend the grace period for 60 days from the date of the filing of the petition. Conversely, § 362 is inoperable to further stay the running of the period.").

33.      In this matter, it is clear that the outside closing date for the Bitvo Transaction has long passed. It is further clear that the reason why it did not close was because FTX Canada failed to satisfy the closing conditions, and thus FTX Canada has no interest in the Escrow Deposit. There is no real dispute to adjudicate and FTX has suffered no damages—the Escrow Deposit vested in Pateno and is not property of the estate of FTX Canada. Accordingly, even if there was a technical stay violation, FTX Canada has suffered no injury.

## CONCLUSION

WHEREFORE, Pateno respectfully requests that the Court deny the Motion for the reasons set forth herein.

Dated: May ~~10~~17, 2023

**GREENBERG TRAURIG, LLP**

/s/          *Dennis A. Meloro*
Anthony W. Clark (DE Bar No. 2051)
Dennis A. Meloro (DE Bar No. 4435)

---

[78] Section 108(b) provides:

Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 60 days after the order for relief.

1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile:  (302) 661-7360
Email:  Anthony.Clark@gtlaw.com
        Dennis.Meloro@gtlaw.com

-and-

Oscar N. Pinkas (*pro hac vice* forthcoming)
Nathan A. Haynes (*pro hac vice* forthcoming)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 801-9200
Email: pinkaso@gtlaw.com
        haynesn@gtlaw.com

*Appearing Specially as Counsel for Pateno
Payments, Inc.*

# EXHIBIT 1

**(Smith Declaration)**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                   Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

### DECLARATION OF JEFFREY J. SMITH IN SUPPORT OF PATENO PAYMENTS, INC.'S LIMITED RESPONSE CONTESTING JURISDICTION TO MOTION OF THE DEBTORS FOR ENTRY OF ORDER (I) ENFORCING THE AUTOMATIC STAY AND (II) AWARDING THE DEBTORS ATTORNEYS' FEES AND EXPENSES

I, Jeffrey J. Smith, hereby solemnly affirm and declare that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Director of Pateno,[2] which has its principal office at 736 Meridian Road NE Calgary, Alberta, Canada T2A 2N7. I am authorized to make this declaration on behalf of Pateno in support of the Limited Response.

2.      Pateno is incorporated in Alberta, does business in Canada, and has no assets in the United States.  Pateno further has no systemic business contacts with the United States.

3.      On June 14, 2022, FTX Canada, also a corporation existing under the laws of the province of Alberta, and Pateno entered into the SPA.

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX

[2]  Capitalized terms used herein, not otherwise defined, shall have the meanings ascribed them in *Pateno Payments, Inc.'s Limited Response Contesting Jurisdiction to Motion of the Debtors for Entry of Order (I) Enforcing the Automatic Stay and (II) Awarding the Debtors Attorneys' Fees and Expenses* (the "**Limited Response**"), filed concurrently herewith.

4.      Pateno negotiated the SPA and Escrow Agreement in Canada, and FTX Canada negotiated from the Bahamas and Canada. No negotiations took place in the United States.

5.      Both Pateno and FTX Canada were represented by Canadian counsel with respect to the Bitvo Transaction. The investment bankers assisting with the Bitvo Transaction were Canadian.

6.      In these negotiations, the parties agreed to the exclusive jurisdiction of the Canadian courts as indicated by the SPA and Escrow Agreement.

7.      At no point during the course of the negotiations of the SPA and Escrow Agreement did Pateno direct any activities relating thereto to the United States.


Dated: May 10, 2023

_____

Jeffrey J. Smith
Director
Pateno Payments, Inc.

# EXHIBIT 2

**(Canadian Order)**

# EXHIBIT 3

## (Blackline of Response)

Document comparison by Workshare Compare on Wednesday, May 17, 2023 11:09:36 AM

| Input: | |
|---|---|
| Document 1 ID | 1 |
| Description | #687234501v1<ADMIN> - Pateno's Limited Response to Motion to Enforce Stay (v1 as filed) |
| Document 2 ID | 2 |
| Description | #687234501v2<ADMIN> - Pateno's Limited Response to Motion to Enforce Stay (v1 as filed) |
| Rendering set | GT-1 |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 37 |
| Deletions | 31 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 68 |