# Exhibit C

**Second Revised Non-Customer Bar Date Notice**

> **NOTICE TO ALL FTX CUSTOMERS:** AS OF THE DATE HEREOF THE BANKRUPTCY COURT HAS NOT YET ESTABLISHED THE DEADLINE FOR FILING A PROOF OF CLAIM ON ACCOUNT OF CUSTOMER CLAIMS. A BAR DATE DEADLINE TO FILE CUSTOMER PROOFS OF CLAIM WILL BE SEPARATELY REQUESTED AND ESTABLISHED, AND CUSTOMERS WILL BE SERVED WITH NOTICE OF THAT DEADLINE. IN THE MEANTIME, VISIT HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX/ FOR MORE INFORMATION CURRENTLY AVAILABLE ABOUT THE PROOF OF CLAIM PROCESS FOR CUSTOMERS.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINES REQUIRING FILING OF (I) NON-CUSTOMER PROOFS OF CLAIM AND PROOFS OF INTEREST ON OR BEFORE JUNE 30, 2023, (II) PROOFS OF CLAIMS FOR CLAIMS HELD BY GOVERNMENTAL UNITS ON OR BEFORE SEPTEMBER 29, 2023, (III) NON-CUSTOMER PROOFS OF CLAIM AFFECTED BY THE REJECTION OF AN EXECUTORY CONTRACT OR LEASE AND (IV) NON-CUSTOMER PROOFS OF CLAIM AFFECTED BY THE AMENDMENT OF OR SUPPLEMENT TO THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**TO ALL PERSONS AND ENTITIES WITH NON-CUSTOMER CLAIMS AGAINST OR EQUITY INTERESTS IN ANY OF THE DEBTOR ENTITIES LISTED ON PAGES 1 - 4 OF THIS NOTICE:**

On May [•], 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. [•]] (the "Order") in the chapter 11 cases (the "Chapter 11

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https:// https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Cases") of FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), establishing **June 30, 2023 at 4:00 p.m., Eastern Time** (the "General Non-Customer Bar Date") as the general deadline for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) holding a Non-Customer Claim (as defined below) or equity interest to file a proof of claim or proof of interest, as applicable, against any of the Debtors listed below:[2]

| Debtor | Case Number | Last Four Digits of Debtor's Federal Tax Identification Number |
|---|---|---|
| Alameda Aus Pty Ltd | 22-11104 | N/A |
| Alameda Global Services Ltd. | 22-11134 | N/A |
| Alameda Research (Bahamas) Ltd | 22-11105 | N/A |
| Alameda Research Holdings Inc. | 22-11069 | 5653 |
| Alameda Research KK | 22-11106 | N/A |
| Alameda Research LLC | 22-11066 | 4063 |
| Alameda Research Ltd | 22-11061 | N/A |
| Alameda Research Pte Ltd | 22-11107 | N/A |
| Alameda Research Yankari Ltd | 22-11108 | N/A |
| Alameda TR Ltd | 22-11078 | N/A |
| Alameda TR Systems S. de R. L. | 22-11109 | N/A |
| Allston Way Ltd | 22-11079 | N/A |
| Analisya Pte Ltd | 22-11080 | N/A |
| Atlantis Technology Ltd. | 22-11081 | N/A |
| Bancroft Way Ltd | 22-11082 | N/A |
| Blockfolio, Inc. | 22-11110 | N/A |
| Blue Ridge Ltd | 22-11083 | N/A |
| Cardinal Ventures Ltd | 22-11084 | N/A |
| Cedar Bay Ltd | 22-11085 | N/A |
| Cedar Grove Technology Services, Ltd | 22-11162 | N/A |
| Clifton Bay Investments LLC | 22-11070 | 6465 |
| Clifton Bay Investments Ltd | 22-11111 | N/A |
| Cottonwood Grove Ltd | 22-11112 | N/A |
| Cottonwood Technologies Ltd. | 22-11136 | N/A |
| Crypto Bahamas LLC | 22-11113 | 5393 |
| DAAG Trading, DMCC | 22-11163 | N/A |
| Deck Technologies Holdings LLC | 22-11138 | N/A |
| Deck Technologies Inc. | 22-11139 | N/A |
| Deep Creek Ltd | 22-11114 | N/A |
| Digital Custody Inc. | 22-11115 | N/A |
| Euclid Way Ltd | 22-11141 | N/A |

---

[2] For the avoidance of doubt, this Notice and relevant Bar Dates apply to only FTX Trading Ltd. and its affiliated debtors and debtors-in-possession but do not apply to Debtor Emergent Fidelity Technologies Ltd.

| | | |
|---|---|---|
| FTX (Gibraltar) Ltd | 22-11116 | N/A |
| FTX Canada Inc | 22-11117 | N/A |
| FTX Certificates GmbH | 22-11164 | N/A |
| FTX Crypto Services Ltd. | 22-11165 | N/A |
| FTX Digital Assets LLC | 22-11143 | N/A |
| FTX Digital Holdings (Singapore) Pte Ltd | 22-11118 | N/A |
| FTX EMEA Ltd. | 22-11145 | N/A |
| FTX Equity Record Holdings Ltd | 22-11099 | N/A |
| FTX EU Ltd. | 22-11166 | N/A |
| FTX Europe AG | 22-11075 | N/A |
| FTX Exchange FZE | 22-11100 | N/A |
| FTX Hong Kong Ltd | 22-11101 | N/A |
| FTX Japan Holdings K.K. | 22-11074 | N/A |
| FTX Japan K.K. | 22-11102 | N/A |
| FTX Japan Services KK | 22-11103 | N/A |
| FTX Lend Inc. | 22-11167 | N/A |
| FTX Marketplace, Inc. | 22-11168 | N/A |
| FTX Products (Singapore) Pte Ltd | 22-11119 | N/A |
| FTX Property Holdings Ltd | 22-11076 | N/A |
| FTX Services Solutions Ltd. | 22-11120 | N/A |
| FTX Structured Products AG | 22-11122 | N/A |
| FTX Switzerland GmbH | 22-11169 | N/A |
| FTX Trading GmbH | 22-11123 | N/A |
| FTX Trading Ltd. | 22-11068 | 3288 |
| FTX US Services, Inc. | 22-11171 | N/A |
| FTX US Trading, Inc | 22-11149 | N/A |
| FTX Ventures Ltd | 22-11172 | 2184 |
| FTX Zuma Ltd | 22-11124 | N/A |
| GG Trading Terminal Ltd | 22-11173 | N/A |
| Global Compass Dynamics Ltd. | 22-11125 | N/A |
| Good Luck Games, LLC | 22-11174 | N/A |
| Goodman Investments Ltd. | 22-11126 | N/A |
| Hannam Group Inc | 22-11175 | N/A |
| Hawaii Digital Assets Inc. | 22-11127 | N/A |
| Hilltop Technology Services LLC | 22-11176 | N/A |
| Hive Empire Trading Pty Ltd | 22-11150 | N/A |
| Innovatia Ltd | 22-11128 | N/A |
| Island Bay Ventures Inc | 22-11129 | 8955 |
| Killarney Lake Investments Ltd | 22-11131 | N/A |
| Ledger Holdings Inc. | 22-11073 | N/A |
| LedgerPrime Bitcoin Yield Enhancement Fund, LLC | 22-11177 | N/A |
| LedgerPrime Bitcoin Yield Enhancement Master Fund LP | 22-11155 | N/A |

| | | |
|---|---|---|
| LedgerPrime Digital Asset Opportunities Fund, LLC | 22-11156 | N/A |
| LedgerPrime Digital Asset Opportunities Master Fund LP | 22-11157 | N/A |
| Ledger Prime LLC | 22-11158 | N/A |
| LedgerPrime Ventures, LP | 22-11159 | N/A |
| Liquid Financial USA Inc. | 22-11151 | N/A |
| LiquidEX LLC | 22-11152 | N/A |
| Liquid Securities Singapore Pte Ltd | 22-11086 | N/A |
| LT Baskets Ltd. | 22-11077 | N/A |
| Maclaurin Investments Ltd. | 22-11087 | N/A |
| Mangrove Cay Ltd | 22-11088 | N/A |
| North Dimension Inc | 22-11153 | N/A |
| North Dimension Ltd | 22-11160 | N/A |
| North Wireless Dimension Inc. | 22-11154 | N/A |
| Paper Bird Inc | 22-11089 | 9237 |
| Pioneer Street Inc. | 22-11090 | N/A |
| Quoine India Pte Ltd | 22-11091 | N/A |
| Quoine Pte Ltd | 22-11161 | N/A |
| Quoine Vietnam Co. Ltd | 22-11092 | N/A |
| Strategy Ark Collective Ltd. | 22-11094 | N/A |
| Technology Services Bahamas Limited | 22-11095 | N/A |
| Verdant Canyon Capital LLC | 22-11096 | N/A |
| West Innovative Barista Ltd. | 22-11097 | N/A |
| West Realm Shires Financial Services Inc. | 22-11072 | N/A |
| West Realm Shires Inc. | 22-11183 | N/A |
| West Realm Shires Services Inc. | 22-11071 | N/A |
| Western Concord Enterprises Ltd. | 22-11098 | N/A |
| Zubr Exchange Ltd | 22-11132 | N/A |

The General Non-Customer Bar Date, the other deadlines established by the Order, and the procedures set forth below for filing proofs of claim and proofs of interest apply to all Non-Customer Claims against and any equity interest in any of the Debtors that arose prior to **November 11, and in the case of Debtor West Realm Shires Inc., November 14, 2022** as applicable (the "Petition Date"), the date on which the Debtors commenced these Chapter 11 Cases, except for those holders of claims or equity interests listed in Section 4 below that are specifically excluded from the filing requirements established by the Order.

1. **WHO MUST FILE A PROOF OF CLAIM OR PROOF OF INTEREST**

You MUST file a proof of claim or proof of interest to vote on a Chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates if you hold a Non-Customer Claim (as defined below) against, or an equity interest in, the Debtors. A "Non-Customer Claim" is any claim that is NOT a Customer Claim. "Customer Claim" means any claim (as defined below) of any kind or nature or whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law, or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to

4

(a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date or (b) any other investment or trading activities on any FTX Exchange.

"FTX Exchange" means FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), K-DNA Financial Services Ltd. (d/b/a "FTX EU"), Quoine Ptd. Ltd., FTX Japan K.K. and FTX Turkey Teknoloji Ve Ticaret A.S or any other exchange or trading platform operated by any Debtor.

You need to file a proof of claim for Non-Customer Claims or a proof of interest on or prior to the applicable Bar Date described in this Notice if you are:

  a. any entity that holds an equity interest in any of the Debtors and is, to that entity's knowledge, either not listed or, in such entity's view, incorrectly listed in the *Lists of Equity Holders* [D.I. 450] (the "Equity Lists") must file a proof of interest on account of the ownership of such equity interest;[3]

  b. any entity whose prepetition Non-Customer Claim is not listed in the applicable Debtor's Schedules, or is listed as disputed, contingent or unliquidated;

  c. any entity that believes its prepetition Non-Customer Claim has been improperly classified or listed in an incorrect amount in the Debtors' Schedules, and seeks to amend the classification and/or amount of such claim in the Schedules;

  d. any entity that believes its prepetition Non-Customer Claim as listed in the Schedules is not an obligation of the specific Debtor identified in the Schedules, and seeks to amend the Schedules to indicate that such claim is a claim against or interest in a different Debtor; and

  e. any entity asserting a prepetition Non-Customer Claim that is allowable under section 503(b)(9) of the Bankruptcy Code as an administrative expense in these Chapter 11 Cases.

The Order establishes the following bar dates for filing proofs of claim and proofs of interest in these Chapter 11 Cases (collectively, the "Bar Dates"):

  a. **General Non-Customer Bar Date**. Except as otherwise described in this Notice, all persons and entities (as defined in section 101(15) of the Bankruptcy Code) (i) holding a Non-Customer Claim against any of the Debtors and/or (ii) holding an equity interest in one or more of the Debtors are required to file a proof of claim and/or proof of interest, in each case on or before **June 30, 2023, at 4:00 p.m.,**

---

[3] Because portions of the Equity Lists were filed under seal, when the Debtors serve all known equity interest holders, the Debtors also will provide such holders with their holdings as listed in the Equity Lists.

5

**Eastern Time. For the avoidance of doubt, the General Non-Customer Bar Date applies to all 503(b)(9) Claims.**[4]

b. **Governmental Bar Date**. All governmental units (as defined in section 101(27) of the Bankruptcy Code) holding Non-Customer Claims against any of the Debtors that arose or are deemed to have arisen prior to the Petition Date must file proofs of claim on or before **September 29, 2023, at 4:00 p.m., Eastern Time**.

c. **Amended Schedules Non-Customer Bar Date**. Any claimant holding a Non-Customer Claim or any holder of an equity interest adversely affected by an amendment of or supplement to the Debtors' schedules of assets and liabilities and statements of financial affairs must file a proof of claim or proof of interest, as applicable, on or before the date that is *the later of*: **(a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment of or supplement to the Schedules is served on such entity.**

d. **Rejection Bar Date**. Any claimant holding Non-Customer Claims arising from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the date that is the **later of (a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on any date the Court may fix in the applicable order authorizing such rejection, and, if no such date is provided, 30 days from the date of service of notice of entry of such order**. For the avoidance of doubt, claimants with claims arising from an executory contract or unexpired lease previously rejected pursuant to a Court order must file a proof of claim on or before the General Non-Customer Bar Date.

Section 101(5) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") provides that the word "claim" means: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

> **Attention**: This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against or interest in the Debtors. The fact that you have received this Notice ***does not*** mean that you have a claim against or interest in or that the Debtors or the Court believe that you have a claim against or interest in the Debtors.

## 2. WHAT TO FILE

---

[4] "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

The Debtors are enclosing a modified proof of claim form (the "Proof of Claim Form") for use in these Chapter 11 Cases.  You may also use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 410, if it is:  (a) written in English; (b) sets forth, for any claim based on cryptocurrency(ies), the number of units of each cryptocurrency or, in the case of any other claim, the amount of such claim in U.S. dollars; (b) sets forth, for any claim based on foreign currency(ies), (i) the applicable foreign cryptocurrency(ies), (ii) the claim amount in the foreign currency(ies), (iii) the exchange rate(s) to U.S. dollars and (iv) the claim amount converted to U.S. dollars using the proposed exchange rates; and (c) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached.  If documentation is unavailable, provide an explanation as to why documentation is not available.

Each proof of claim and proof of interest must specify by name and case number the Debtor against which the claim or interest is submitted by either (i) checking the applicable box at the top of the proposed Proof of Claim Form or Proof of Interest Form or (ii) in the case of proofs of claim and proofs of interest being electronically submitted, selecting the applicable Debtor from a dropdown menu.  A proof of claim or proof of interest submitted under Case No. 22-11068 or a proof of claim or proof of interest that does not identify a Debtor will be deemed as submitted only against Debtor FTX Trading Ltd.  A proof of claim or proof of interest that names a subsidiary or affiliate Debtor but is submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) will be treated as having been submitted against the subsidiary or affiliate Debtor with a notation that a discrepancy in the submission exists.  Any proof of claim or proof of interest purporting to indicate a claim against or interest in more than one Debtor shall be deemed filed only against Debtor FTX Trading Ltd.  The Debtors reserve any and all rights to reclassify such claims or interests that either do not identify a Debtor, name a subsidiary or affiliate Debtor but are submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) or that purport to indicate a claim against or interest in more than one Debtor.  For the avoidance of doubt, if you assert the same claim against or interest in multiple Debtors, you must submit a separate Proof of Claim Form or Proof of Interest Form against each such Debtor.

If your Non-Customer Claim is scheduled by the Debtors, the attached Proof of Claim Form also sets forth: (a) the amount of your Non-Customer Claim as scheduled by the Debtors; (b) the identity of the Debtor against which your Non-Customer Claim is scheduled; (c) whether your Non-Customer Claim is scheduled as disputed, contingent or unliquidated; and (d) whether your Non-Customer Claim is scheduled as a secured claim, an unsecured priority claim, or an unsecured nonpriority claim.  You will receive a different Proof of Claim Form for each Non-Customer Claim scheduled in your name by the Debtors.

In addition to the requirements set forth in the immediately preceding paragraph, any proof of claim asserting a 503(b)(9) Claim must also:  (i) include the value of the goods delivered  to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) state whether the amount asserted represents a combination of goods and services and, if applicable, the portion that relates solely to the value of the goods; and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

If you are a known or asserted holder of an equity interest in one or more of the Debtors, the Debtors are also enclosing a proof of interest form (the "Proof of Interest Form").  Any proofs of interest filed must conform substantially to the Proof of Interest Form and must be (a) written in English and (b) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

A proof of interest must be filed by the holder of the equity interest or the authorized representative thereof.  Any proof of interest submitted by an authorized representative of the holder of the equity interest must state the basis for such authorization.  Any entity seeking to file a proof of interest on behalf of another entity without express written authorization from such holder must seek authorization from the Court prior to the General Non-Customer Bar Date to do so.

 Proof of Claim Forms and Proof of Interest Forms may be obtained free of charge at: https://restructuring.ra.kroll.com/FTX/EPOC-Index.  The Official Bankruptcy Form No. 410 may be obtained at http://www.uscourts.gov/forms/bankruptcy-forms.

**Your Proof of Claim Form and/or Proof of Interest Form must NOT contain complete social security numbers or taxpayer identification numbers (instead, list only the last four digits), a complete birth date (instead, list only the year), the name of a minor (instead, list only the minor's initials) or a financial account number (instead, list only the last four digits of such financial account).  ALL PROOFS OF CLAIM FORMS AND/OR PROOFS OF INTEREST FORMS FILED WILL BE MADE AVAILABLE TO THE PUBLIC UNLESS OTHERWISE ORDERED BY THE COURT.**

All holders of Non-Customer Claims against or equity interests in more than one Debtor must file a separate proof of claim or proof of interest with respect to each such Debtor, even if the claim is for the same amount and arises under the same facts and circumstances.  Each holder of a Non-Customer Claim or equity interest must identify on its Proof of Claim Form or Proof of Interest Form the specific Debtor against or in which its claim or interest is asserted by checking the box next to that Debtor's name on the first page of the Proof of Claim Form or Proof of Interest Form.  Any claim or equity interest that fails to identify a Debtor shall be deemed as filed only against Debtor FTX Trading Ltd.  If more than one Debtor is listed on a form, the proof of claim or proof of interest will be treated as filed only against Debtor FTX Trading Ltd.  A list of the names of the Debtors and their case numbers is set forth on pages 1 through 4 of this Notice.

3.     **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim and proofs of interest must be filed so as to be *received* **on or before the applicable Bar Date**.  You are permitted to submit proofs of claim and proofs of interest (a) by hand delivery or by mail to the applicable address listed below or (b) electronically, through the website of the Debtors' Noticing and Claims Agent.

**IF DELIVERED BY FIRST-CLASS MAIL:**

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**IF DELIVERED BY HAND OR OVERNIGHT DELIVERY:**

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**IF ELECTRONICALLY:**

The website established by the Noticing and Claims Agent, using the interface available on such website located at https://restructuring.ra.kroll.com/FTX/Home-Index under the link entitled ["Submit a Claim."]

Proofs of claim and proofs of interest will be deemed filed only when **actually received** at the addresses listed above or filed electronically on or before the applicable Bar Date. It is not sufficient for the proof of claim or proof of interest to be post-marked by the applicable Bar Date. **Proofs of claim and proofs of interest may NOT be delivered by facsimile, telecopy or electronic mail transmission.**

**4.    WHO NEED NOT FILE A PROOF OF CLAIM OR PROOF OF INTEREST**

You do not need to file a proof of claim for Non-Customer Claims or a proof of interest on or prior to the applicable Bar Date described in this Notice if you are:

   a. any entity holding only a Customer Claim (such Customer Claims shall be subject to a separate bar date that is not the subject of this Notice);

   b. any entity on the *Lists of Equity Holders* [D.I. 450] (the "Equity Lists") who agrees with the equity holdings set forth in the Equity Lists;

   c. any entity that has already properly filed a Non-Customer Claim against the Debtors with either the clerk of the Bankruptcy Court in the District of Delaware (the "Clerk of Court") or the Noticing and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 or a proof of interest with the Clerk of Court or Noticing and Claims Agent (unless such entity wishes to assert the Non-Customer Claim against or equity interest in a Debtor not identified in the prior proof of claim or proof of interest or in a different amount or classification than the prior proof of claim or proof of interest, in which case an additional proof of claim or proof of interest, as applicable, must be filed);

   d. any entity (i) whose claim is listed on the Schedules filed by the Debtors, and (ii) whose claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (iii) who agrees with the amount, nature, and priority of the claim as set forth in the

9

      Schedules and (iv) who does ***not*** dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

e. any person or entity whose claim or equity interest has previously been allowed by order of this Court;

f. any entity that has already been paid in full by any of the Debtors;

g. any entity with a claim or interest for which a different deadline has previously been fixed by this Court;

h. any Debtor that holds a claim against or equity interest in another Debtor (whether directly or indirectly);

i. any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

j. any entity holding administrative expense claims for postpetition fees and expenses of professionals retained in these Chapter 11 Cases allowable under section 330, 331 and 503(b) of the Bankruptcy Code;

k. any entity that is exempt from filing a proof of claim or proof of interest pursuant to an order of the Court in these Chapter 11 Cases; and

l. any entity holding a claim solely against or interest solely in a non-Debtor entity.

**5. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM OR PROOF OF INTEREST BY THE APPLICABLE BAR DATE**

      ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A NON-CUSTOMER CLAIM OR AN EQUITY INTEREST THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM OR PROOF OF INTEREST IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM: (A) ASSERTING THE APPLICABLE NON-CUSTOMER CLAIM OR EQUITY INTEREST AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY IN THESE CHAPTER 11 CASES OR (B) VOTING ON, OR RECEIVING ANY DISTRIBUTION UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES, EXCEPT TO THE EXTENT THAT (I) SUCH CLAIM IS IDENTIFIED IN THE SCHEDULES AS AN UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIM (INCLUDING WITH RESPECT TO THE AMOUNT, NATURE OR CLASSIFICATION OF SUCH CLAIM) OR (II) SUCH EQUITY INTEREST LISTED ON THE EQUITY LISTS.

**6. THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules or as the holder of an equity interest in one or more of the Debtors pursuant to the Equity Lists. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form(s) and/or Proof of Interest Form(s) regarding the nature, amount and status of your interest(s) and/or claim(s). If you received payments postpetition from the Debtors (as authorized by the Court) on account of your claim, the information on the enclosed Proof of Claim Form will reflect the net remaining amount of your claims. If the Debtors believe that you may hold claims against or equity interests in more than one Debtor, you will receive multiple Proof of Claim Forms and/or Proof of Interest Forms, as applicable, each of which will reflect the nature and amount of your claim against or interest in one Debtor, as listed in the Schedules or Equity Lists, as applicable.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim or interest is accurately listed in the Schedules. However, you may rely on the enclosed form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim or interest is disputed, contingent or unliquidated. If you agree with the nature, amount and status of your claim or interest as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor(s) specified by the Debtors in the Schedules, and if your claim or interest is ***not*** described in the Schedules as "disputed," "contingent" or "unliquidated," you need not file a proof of claim. Similarly, you may rely on the enclosed form which lists the amount and nature of your equity interest in the Debtors. If you agree with the amount and nature of the equity interest, and if you do not dispute that your equity interest is only in the Debtor(s) specified by the Debtors in the enclosed form, you need not file a proof of interest. If you disagree with the amount or classification listed on the enclosed form with respect to either a proof of claim or proof of interest, you must submit a new, blank proof of claim form or proof of interest form, as applicable, before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules, the Order and other information and documents regarding these Chapter 11 Cases may be examined between the hours of 8:00 a.m. and 4:00 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 Market Street North, 3rd Floor, Wilmington, DE 19801; and are also available free of charge from the website of the Debtors' Noticing and Claims Agent at https://restructuring.ra.kroll.com/FTX/Home-Index, or by written request to the Debtors' Noticing and Claims Agent at the address listed above in Section 3 of this Notice. The Schedules may be found on the website of the Debtors' Noticing and Claims Agent under the Quick Link for "Schedules and SOFA."

Copies of the Debtors' Schedules, the Order and other information and documents regarding the Debtors' Chapter 11 Cases are also available for a fee from the Court's website at https://ecf.deb.uscourts.gov. A login and password to the Court's Public Access to Court Electronic Records ("PACER") system are required to access this information and can be obtained through the PACER Service Center at www.pacer.gov.

**7.    RESERVATION OF RIGHTS**
**Nothing contained in this Notice is intended, or should be construed, as a waiver of the Debtors' rights to: (a) dispute, or assert offsets or defenses against, any submitted proof of claim or proof of interest or any claim listed or reflected in the Schedules as to the**

nature, amount, liability, or classification of such claim; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**A HOLDER OF A POSSIBLE CLAIM AGAINST OR EQUITY INTEREST IN THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT ADDRESSED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR PROOF OF INTEREST.**

**BY ORDER OF THE COURT**

Dated: [•], 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*