## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref Nos. 1416 & 1508** |

## ORDER (I)(A) ESTABLISHING DEADLINES FOR FILING NON-CUSTOMER AND GOVERNMENT PROOFS OF CLAIM AND PROOFS OF INTEREST AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors")[3] for entry of an order (this "Order") (a) establishing a bar date to file proofs of claim for Non-Customer Claims and proofs of interest, (b) establishing a bar date by which governmental units must file proofs of claim, (c) approving the form and manner of notice thereof and (d) granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/ftx.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

[3]    For the avoidance of doubt, this Order only covers FTX Trading Ltd. and its affiliated debtors and debtors-in-possession but does not include Debtor Emergent Fidelity Technologies Ltd.

district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as and to the extent set forth herein.

2.      The General Non-Customer Bar Date, Governmental Bar Date, Amended Schedules Non-Customer Bar Date and the Rejection Bar Date, and the manner of providing notice of the Bar Dates and filing proofs of claim and proofs of interest, including the Non-Customer Bar Date Notice Package, each as described in the Motion, are approved.

3.      Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a Non-Customer Claim[4] against or equity interest in any of the Debtors which arose, or is deemed

---

[4]  "Non-Customer Claim" means any claim *other than* a Customer Claim.  "Customer Claim" means any claim of any kind or nature or whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law, or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date or (b) any other investment or trading activities on any FTX Exchange.  The definition of "FTX Exchange" shall be FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), K-DNA

to have arisen, on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of

the Bankruptcy Code (each, a "503(b)(9) Claim"), must file a proof of such Non-Customer

Claim or proof of interest, as applicable, so that it is actually received by the Noticing and

Claims Agent on or before **June 30, 2023 at 4:00 p.m. (Eastern Time)** (the "General Non-

Customer Bar Date").

        4.      Notwithstanding any other provision hereof, proofs of claim filed by

governmental units (as defined in section 101(27) of the Bankruptcy Code) must be filed so as to

be actually received by the Noticing and Claims Agent on or before **September 29, 2023, at**

**4:00 p.m., Eastern Time** (the "Governmental Bar Date").

        5.      If the Debtors amend or supplement the Schedules subsequent to the date

hereof in respect of Non-Customer Claims the Debtors shall give notice of any amendment of or

supplement to the holders of Non-Customer Claims or equity interests affected thereby, and such

claimants or interest holders shall file a proof of claim or proof of interest on or before the date

that is the later of:  **(a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern**

**Time, on the date that is 30 days after the date that notice of the applicable amendment of**

**or supplement to the Schedules is served on such entity** (the "Amended Schedules Non-

Customer Bar Date").

        6.      Any entity that holds a Non-Customer Claim arising from the rejection of

an executory contract or unexpired lease must file a proof of claim based on such rejection on or

before the date that is the later of:  **(a) the General Non-Customer Bar Date and (b) 4:00 p.m.,**

**Eastern Time, on any date the Court may fix in the applicable order authorizing such**

**rejection, and, if no such date is provided, 30 days from the date of service of notice of**

---

Financial Services Ltd. (d/b/a "FTX EU"), Quoine Ptd. Ltd., FTX Japan K.K. and FTX Turkey Teknoloji Ve
Ticaret A.S or any other exchange or trading platform operated by any Debtor.

**entry of such order** (the "Rejection Bar Date").  The Debtors will provide notice of the

Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected

at the time the Debtors reject such executory contract or lease.  For the avoidance of doubt,

claimants with Non-Customer Claims arising from an executory contract or unexpired lease that

has already been rejected pursuant to a Court order must file a proof of claim on or before the

General Non-Customer Bar Date.

       7.     The following procedures shall apply with respect to filing proofs of claim

for Non-Customer Claims and to filing proofs of interest:

       a.     Each proof of Non-Customer Claim or proof of interest must: (i) be written in English; (ii) conform substantially to the Proof of Claim Form (or Official Form 410) or Proof of Interest Form provided by the Debtors, as applicable; and (iii) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached.  If documentation is unavailable, the claimant shall provide an explanation as to why documentation is not available.

            In addition, each Non-Customer Proof of Claim must set forth, for any claim based on cryptocurrency(ies), the number of units of each cryptocurrency; such proof of claim is not required to include a dollar amount.  For any claim based on foreign currency(ies), each Non-Customer Proof of Claim must set forth (i) the applicable foreign currency(ies), (ii) the claim amount in that foreign currency(ies), (iii) the exchange rate(s) from the foreign currency(ies) to U.S. dollars, and (iv) the amount of such claim converted to U.S. dollars using the exchange rate(s).  In the case of any other claim, the proof of claim must set forth the amount of such claim in U.S. dollars.

       b.     In addition to the requirements set forth in paragraph (a) immediately above, any proof of claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) state whether the amount asserted represents a combination of goods and services and, if applicable, the portion that relates solely to the value of the goods; and (iv) set forth whether any portion of the 503(b)(9)

Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

c.   Parties submitting a proof of claim or proof of interest through non-electronic means who wish to receive a receipt of their proofs of claim or proofs of interest from Noticing and Claims Agent must also include with their proof of claim or proof of interest a copy of their proof of claim or proof of interest and a self-addressed, stamped envelope.  A party who files a proof of claim or proof of interest electronically can verify receipt of the claim or interest by reviewing on the Debtors' Noticing and Claims Agent website at https://restructuring.ra.kroll.com/ftx.

d.   Each proof of claim and proof of interest must specify by name and case number the Debtor against which the claim or interest is submitted by either (i) checking the applicable box at the top of the proposed Proof of Claim Form or Proof of Interest Form or (ii) in the case of proofs of claim and proofs of interest being electronically submitted, selecting the applicable Debtor from a dropdown menu.  A proof of claim or proof of interest submitted under Case No. 22-11068 or a proof of claim or proof of interest that does not identify a Debtor will be deemed as submitted only against Debtor FTX Trading Ltd.  A proof of claim or proof of interest that names a subsidiary or affiliate Debtor but is submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) will be treated as having been submitted against the subsidiary or affiliate Debtor with a notation that a discrepancy in the submission exists.  Any proof of claim or proof of interest purporting to indicate a claim against or interest in more than one Debtor shall be deemed filed only against the first listed Debtor.  The Debtors reserve any and all rights to reclassify such claims or interests that either do not identify a Debtor, name a subsidiary or affiliate Debtor but are submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) or that purport to indicate a claim against or interest in more than one Debtor.

e.   If the holder of a claim or interest asserts separate claims or interests against different Debtors, a separate Proof of Claim Form or Proof of Interest Form must be submitted with respect to each claim or interest.  For the avoidance of doubt, if the holder of a claim or interest asserts the same claim or interest against multiple Debtors, that holder must submit a separate Proof of Claim Form or Proof of Interest Form against each such Debtor.

f.      Any proof of claim or proof of interest must be delivered in a manner permitted by this Order so as to be received no later than the applicable Bar Date. Claimants are permitted to submit proofs of claim and proofs of interest (a) electronically through the website of the Debtors' Noticing and Claims Agent, using the interface available on such website located at https://restructuring.ra.kroll.com/FTX/Home-Index under the link entitled "Submit a Claim" or (b) by hand delivery or mailing the proof of claim or proof of interest either by U.S. Postal Service mail or overnight delivery on or before the applicable Bar Date to FTX Trading Ltd. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. ***Proofs of claim and proofs of interest will be deemed filed only when actually received by the Noticing and Claims Agent on or before the applicable Bar Date. Proofs of claim and proofs of interest may not be delivered by facsimile, telecopy or email transmission.***

g.      ***For the avoidance of doubt, unless otherwise authorized by the Court, the Noticing and Claims Agent is authorized and directed to make public every proof of claim and proof of interest filed pursuant to the Order, and the Noticing and Claims Agent, the Debtors, their estates and their respective directors, officers, employees, agents, and professionals shall have no liability for making public any proof of claim or proof of interest filed pursuant to the Order.***

8.      The following entities are required to file proofs of claim or proofs of interest on or prior to the General Non-Customer Bar Date (or, if applicable, the Amended Schedules Non-Customer Bar Date, the Rejection Bar Date or the Governmental Bar Date):

a.      any entity that holds an equity interest in any of the Debtors and is, to that entity's knowledge, either not listed or, in such entity's view, incorrectly listed in the *Lists of Equity Holders* [D.I. 450] (the "<u>Equity Lists</u>") must file a proof of interest on account of the ownership of such equity interest;[5]

b.      any entity whose prepetition Non-Customer Claim is not listed in the applicable Debtor's Schedules, or is listed as disputed,

---

[5]    Because portions of the Equity Lists were filed under seal, when the Debtors serve all known equity interest holders, the Debtors also will provide such holders with their holdings as listed in the Equity Lists.

6

contingent or unliquidated;

c.    any entity that believes its prepetition Non-Customer Claim has been improperly classified or listed in an incorrect amount in the Debtors' Schedules, and seeks to amend the classification and/or amount of such claim in the Schedules;

d.    any entity that believes its prepetition Non-Customer Claim as listed in the Schedules is not an obligation of the specific Debtor identified in the Schedules, and seeks to amend the Schedules to indicate that such claim is a claim against or interest in a different Debtor; and

e.    any entity asserting a prepetition Non-Customer Claim that is allowable under section 503(b)(9) of the Bankruptcy Code as an administrative expense in these Chapter 11 Cases.

9.    A proof of interest must be filed by the holder of the equity interest or the authorized representative thereof.  Any proof of interest submitted by an authorized representative of the holder of the equity interest must state the basis for such authorization.  Any entity seeking to file a proof of interest on behalf of another entity without express written authorization from such holder must seek authorization from the Court prior to the General Non-Customer Bar Date to do so.

10.    For the avoidance of doubt, nothing herein shall impose a deadline or bar date on a Customer to file a proof of claim on account of any Customer Claim against the Debtors, and any such bar date shall be separately proposed by the Debtors, in consultation with the Committee.

11.    Entities with claims that would otherwise be subject to a Bar Date pursuant to this Order need not file proofs of claim on or prior to any Bar Date if those entities fall into any of the following categories:

a.    any entity holding only a Customer Claim (such Customer Claims shall be subject to a separate bar date that is not the subject of this Order);

b.      any entity on the Equity Lists who agrees with the equity holdings set forth in the Equity Lists;

c.      any entity that has already properly filed a Non-Customer Claim against the Debtors with either the Clerk of Court or Noticing and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 or a proof of interest with the Clerk of Court or Noticing and Claims Agent (unless such entity wishes to assert the Non-Customer Claim against or equity interest in a Debtor not identified in the prior proof of claim or proof of interest or in a different amount or classification than the prior proof of claim or proof of interest, in which case an additional proof of claim or proof of interest, as applicable, must be filed);

d.      any entity (i) whose claim is listed on the Schedules filed by the Debtors, and (ii) whose claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (iii) who agrees with the amount, nature, and priority of the claim as set forth in the Schedules and (iv) who does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

e.      any entity holding any claim or equity interest that has previously been allowed by order of this Court;

f.      any entity that has been paid in full by any of the Debtors;

g.      any entity with respect to a claim or equity interest for which a different deadline has previously been fixed by this Court;

h.      any Debtor that holds a claim against or equity interest in another Debtor (whether directly or indirectly);

i.      any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

j.      any entity holding administrative expense claims for postpetition fees and expenses of professionals retained in these Chapter 11 Cases allowable under section 330, 331 and 503(b) of the Bankruptcy Code;

k.      any entity that is exempt from filing a proof of claim or proof of interest pursuant to an order of the Court in these Chapter 11 Cases; and

           l.      any entity holding a claim or equity interest solely against a non-Debtor entity.

12.     Nothing in this Order shall prejudice any right of the Debtors or any other party-in-interest to dispute or assert offsets or defenses to any claim included in the Schedules.

13.     Pursuant to Bankruptcy Rule 3003(c)(2), absent further order of this Court, all holders of Non-Customer Claims or equity interests in the Debtor(s) that fail to comply with this Order by timely filing a proof of claim or proof of interest in the appropriate form, if required, shall be forever barred, estopped and enjoined from:  (a) asserting the applicable Non-Customer Claim against or equity interest in the Debtors or their estates or property in these Chapter 11 Cases or (b) voting on, or receiving any distribution under, any plan filed in these Chapter 11 Cases, except to the extent that (i) such Claim is identified in the Schedules as an undisputed, non-contingent and liquidated claim (including with respect to the amount, nature or classification of such Claim) or (ii) such equity interest is listed on the Equity Lists.

14.     The Proof of Claim Form attached hereto as <u>Exhibit 1</u> and Proof of Interest Form attached hereto as <u>Exhibit 2</u> are approved.

15.     A copy of the Non-Customer Bar Date Notice, substantially in the form attached hereto as <u>Exhibit 3</u>, is approved and shall be deemed adequate and sufficient if served by first-class mail, or by email but only if email service is permitted pursuant to the *Final Order (I) Modifying Certain Creditor List Requirements, (II) Authoring the Debtors to Serve Certain Parties by E-Mail and (III) Granting Related Relief* [D.I. 425], at least 37 days prior to the General Non-Customer Bar Date on:

           a.      the Office of the United States Trustee for the District of Delaware;

           b.      counsel to the Committee;

c.   all persons or entities that have requested notice in these Chapter 11 Cases;

d.   all persons or entities that have previously filed a proof of claim in these Chapter 11 Cases with respect to a Non-Customer Claim or proof of interest in these Chapter 11 Cases;

e.   all known creditors and potential holders of Non-Customer Claims as of the date of entry of the Order, including those listed in the Schedules as holding potential Non-Customer Claims against the Debtors;

f.   all known holders of equity interests in any of the Debtors and any known authorized representatives of such holders, including those listed in the Equity Lists;

g.   all known parties to executory contracts and unexpired leases of the Debtors;

h.   all known parties to pending litigation with the Debtors and their counsel;

i.   the Internal Revenue Service and all known taxing authorities in the jurisdictions in which the Debtors have or may have tax liability and other governmental units;

j.   the Securities and Exchange Commission;

k.   all known applicable regulatory authorities that regulate the Debtors' businesses;

l.   all current employees, and all former employees for whom the Debtors have a physical address or email address; and

m.   such additional persons and entities as deemed appropriate by the Debtors.

16.   Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the Bar Dates, in substantially the form attached hereto as Exhibit 4 (the "Publication Notice"), in the *New York Times* once at least 30 days prior to the General Non-Customer Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication

notice of the Bar Dates.  The Debtors may publish the Publication Notice in other newspapers, trade journals or similar publications as the Debtors deem appropriate.

17.    The Debtors and the Noticing and Claims Agent are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

18.    The entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or equity interests not subject to the Bar Dates established herein, including, for the avoidance of doubt, Customer Claims, must file such proofs of claim or proofs of interest or be barred from doing so (and all rights of the Committee and other parties in interest with respect to any such request for relief are expressly preserved).

19.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: May 19th, 2023
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE