**Hearing Date and Time: June 8, 2023 at 9:00 a.m. (ET)**
**Objection Deadline: June 1, 2023 at 4:00 p.m. (ET)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*,[1] | ) | Case No. 22-11068 (JTD) |
| | ) | |
| Debtors. | ) | (Lead Case) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**EMERGENT DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE EMERGENT DEBTOR MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Emergent Fidelity Technologies Ltd (the "Emergent Debtor"), as debtor and debtor-in-possession, by and through counsel, hereby files this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending (a) the Emergent Debtor's exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") from June 3, 2023 for 180 days through and including November 30, 2023, and (b) the Emergent Debtor's exclusive period to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") from August 2, 2023 for 180 days through and including January 29, 2024, without prejudice to the Emergent Debtor's ability to seek further

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

extensions of the Exclusive Periods. In support of the Motion, the Emergent Debtor respectfully states as follows:

## BACKGROUND

1. On February 3, 2023 (the "Petition Date"), the Emergent Debtor, under the control of Angela Barkhouse and Toni Shukla as the Joint Provisional Liquidators[2] pursuant to the Appointment Order[3] of the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda (the "Antigua Court"), dated December 5, 2022, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Emergent Chapter 11 Case") with the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On February 17, 2023, the Emergent Debtor filed its schedules of assets and liabilities, and statement of financial affairs.[4] On March 9, 2023, the Emergent Debtor filed its amended schedules.[5]

3. On April 17, 2023, the Court entered an order approving a stipulation between the Emergent Debtor, the FTX Debtors and BlockFi, which stays or limits the Robinhood Assets Litigation subject to certain terms and conditions (the "Stipulation").[6]

---

[2] On March 23, 2023, the Antigua Court entered an order converting the provisional liquidation into a full liquidation pursuant to the International Business Corporation Act, Cap 222, and appointed Angela Barkhouse and Toni Shukla as the Joint Liquidators of the Emergent Debtor (the "Joint Liquidators").

[3] The Appointment Order is attached as Exhibit B to the *Declaration of Angela Barkhouse in Support of the Debtor's Chapter 11 Petition* (the "First Day Declaration") [D.I. 3, Case No. 23-10149].

[4] D.I. 34, 35, Case No. 23-10149.

[5] D.I. 59, Case No. 23-10149.

[6] D.I. 1297, Case No. 22-11068.

4. On May 10, 2023, the Court entered a final order authorizing the joint administration of the Emergent Chapter 11 Case with the chapter 11 cases of the FTX Debtors (the "FTX Chapter 11 Cases").[7]

5. Additional factual background relating to the Emergent Chapter 11 Case is set forth in the First Declaration, the Emergent Debtor's opposition to BlockFi's motion to dismiss (the "Opposition to Motion to Dismiss"),[8] and the certification of counsel with respect to the Stipulation.[9]

**JURISDICTION**

6. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 1121 of the Bankruptcy Code. Pursuant to Local Rule 9013-1(f), the Emergent Debtor consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**RELIEF REQUESTED**

7. The Emergent Debtor seeks entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, extending (a) the Emergent Debtor's Exclusive Filing Period from June 3, 2023 for 180 days through and including November 30, 2023, and (b) the Emergent

[7] D.I. 91, Case No. 23-10149; D.I. 1469, Case No. 22-11068.

[8] D.I. 40, Case No. 23-10149.

[9] D.I. 1295, Case No. 22-11068.

Debtor's Exclusive Solicitation Period from August 2, 2023 for 180 days through and including January 29, 2024, without prejudice to the Emergent Debtor's ability to seek further extensions of the Exclusive Periods.[10]

**BASIS FOR RELIEF**

8. Sections 1121(b) and (c) of the Bankruptcy Code provide, respectively, that a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case and the exclusive right to solicit votes for its plan for an additional 60 days. 11 U.S.C. §§ 1121(b), (c). The current Exclusive Filing Period expires on June 3, 2023 and the Exclusive Solicitation Period on August 2, 2023.

9. Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend a debtor's exclusive period for filing a chapter 11 plan and to solicit votes thereof, for "cause" shown, to a date that is no later than 18 months (to file a plan) and 20 months (to solicit votes) from the petition date. 11 U.S.C. § 1121(d). Although the Bankruptcy Code does not define "cause," legislative history indicates that it is intended to be a flexible standard that provides bankruptcy courts discretion to extend the exclusivity period based on the specific circumstances of a particular case. *See* H.R. Rep. No. 95-595 at 231; *see also First Am. Bank v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion."). This flexibility is intended to give a debtor an adequate opportunity to stabilize its businesses at the outset of the case and to then negotiate a plan with its creditors. *See In re Spansion, Inc.*, 426 B.R. 114, 140-41 (Bankr. D. Del. 1991) ("The purpose of the exclusivity period is to provide a debtor .

[10] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Exclusive Periods shall automatically extend the Exclusive Periods until the Court acts on the Motion without the necessity for entry of a bridge order.

. . with 'the unqualified opportunity to negotiate a settlement and propose a plan of reorganization.'") (internal quotation omitted).

10. The complexity and size of a chapter 11 case alone may warrant extension of the exclusive periods in order to permit a debtor a meaningful opportunity to formulate and seek confirmation of a chapter 11 plan. *See, e.g.*, *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987) (holding that "cause" existed to grant the debtor's first request to extend exclusivity based on the size and complexity of the case); *In re Nicolet, Inc.*, 80 B.R. 733, 741-42 (Bankr. E.D. Pa. 1987) (refusing to deny the debtor's exclusivity motion, despite the debtor's failure to show cause, because of the case's complexity). In addition, courts consider the following non-exclusive factors in determining whether "cause" exists to extend a debtor's exclusive periods:

- the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;
- the existence of good faith progress toward reorganization;
- the fact that the debtor is paying its bills as they come due;
- whether the debtor has demonstrated reasonable prospects for filing a viable plan;
- whether the debtor has made progress in its negotiations with creditors;
- the amount of time that has elapsed in the case;
- whether the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and
- the existence of an unresolved contingency.

*See In re Adelphia Commc'ns Corp*., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (reciting these "objective factors[,] which courts historically have considered"); *In re Burns & Roe Enters*., 2005 WL 6289213, at *3-4 (D.N.J. Nov. 2. 2005) (listing some of these factors in defining "cause").

11. Not all of these factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods. *See In re Texaco*, 76 B.R. at 327 (holding that "sheer size alone" provided sufficient cause to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) ("[N]ot all [factors] are relevant in every case. Nor is it simply a question of adding up the number of factors which weigh for and against an extension. It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); *see also In re Cent. Jersey Airport Servs.*, 272 B.R. 176, 184 (Bankr. D.N.J. 2002) (discussing only two of nine factors in holding that the debtor had shown cause).

12. This Motion is the Emergent Debtor's first request to extend the Exclusive Periods, and is being made only four months into the Emergent Chapter 11 Case. Courts in this district routinely grant initial requests to extend exclusivity in chapter 11 cases. *See, e.g.*, *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Apr. 12, 2023) [D.I. 1276] (granting first exclusivity extension by 180 days); *In re Cred Inc.*, Case No. 20-12836 (JTD) (Mar. 29, 2021) [D.I. 689] (granting first exclusivity extension by 120 days); *In re Mallinckrodt Plc*, Case No. 20-12522 (JTD) (Feb. 25, 2021) [D.I. 1521] (granting first exclusivity extension by 180 days); *In re Boy Scouts of Am. & Del. BSA, LLC*, Case No. 20-10343 (LSS) (Oct. 30, 2020) [D.I. 1606] (granting first exclusivity extension by 155 days); *In re Hertz Corp.*, Case No. 20-11218 (MFW) (Oct. 5, 2020) [D.I. 1411] (granting first exclusivity extension by 180 days).[11]

13. Here, the unique challenges facing the Emergent Debtor demonstrate sufficient cause to extend the Exclusive Periods.

[11] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders will be made available upon request to the Emergent Debtor's counsel.

*I. The Emergent Chapter 11 Case is Unique and Complex.*

14. The Emergent Debtor holds title to shares in Robinhood Markets, Inc., and proceeds thereof worth about $600 million (the "Assets"). The Emergent Debtor purchased the Assets in early 2022 with funds that Samuel Bankman-Fried ("SBF") and Zixiao "Gary" Wang had purportedly borrowed from Alameda Research Ltd. The Assets were held in the Emergent Debtor's name with a brokerage in New York until January 2023, when they were seized by the U.S. Department of Justice (the "DOJ"). The Assets are potentially subject to forfeiture to the DOJ if—and only if—SBF is convicted of specified crimes and the Assets are found to be the proceeds of those crimes. One of SBF's alleged crimes is causing Alameda to systematically misappropriate FTX customers' funds. Caroline Ellison, Alameda's co-CEO, has confessed to this crime.

15. Claims to the Assets have been made by (i) the DOJ, for the benefit of SBF's victims, (ii) Alameda, for the benefit of its creditors, (iii) BlockFi, for the benefit of its creditors, (iv) SBF himself, (v) FTX Digital Markets Ltd (in provisional liquidation), a chapter 15 debtor, and (vi) Yonatan Ben Shimon, an FTX customer who alleges that his deposits may have been misappropriated by Alameda and used to purchase the Assets. There may be many other FTX customers who could assert claims like those Mr. Shimon has asserted, based on a good-faith belief that their own deposits were misappropriated in the same way.

16. The Emergent Chapter 11 Case has required coordination with many constituencies not only before this Court, but in several other chapter 11 and foreign insolvency proceedings as well. The pace of the Emergent Debtor's progress is inevitably impacted by the need to coordinate with, and be responsive to, governmental authorities. The Emergent Chapter 11 Case involves novel and complex legal issues, some of which may need to be resolved prior to or in connection

with a chapter 11 plan. Accordingly, an extension of the Exclusive Periods is appropriate given the uniqueness and complexity of the Emergent Chapter 11 Case.

*II. More Time is Necessary to Permit the Emergent Debtor to Negotiate a Chapter 11 Plan and Prepare Adequate Information.*

17. The Emergent Debtor continues to investigate to secure and recover assets for distribution, including whether reorganization or liquidation is in the best interests of creditors. Notwithstanding the substantial progress made to date, the Emergent Debtor is still developing the information necessary to prepare a disclosure statement and to consider and propose a chapter 11 plan.

*III. The Emergent Debtor Has Made Substantial Progress in its Chapter 11 Case.*

18. The Emergent Debtor has worked diligently to stabilize and advance its Chapter 11 Case. Significant progress has been made since the Petition Date, including, among other things:

- Entered into the Stipulation in an effort to achieve a consensual resolution of various claims to be embodied in a chapter 11 plan;
- Facilitated communication and exchange of information in connection with the Robinhood Assets Litigation pursuant to the Stipulation;
- Coordinated with the Joint Liquidators to investigate the Emergent Debtor's affairs and to preserve the value of the assets for the benefit of the Emergent Debtor's estate;
- Coordinated with the Joint Liquidators to establish a cross-border protocol that will contain procedures for resolving the jurisdictional implications of this Court and the Antigua Court in connection with, among other things, the resolution of claims in both the Antiguan proceedings and the Emergent Chapter 11 Case; and
- Procedurally consolidated and jointly administer the Emergent Chapter 11 Case with the FTX Chapter 11 Cases.

19. The Emergent Debtor requires additional time to advance its core objectives laid out by the Joint Liquidators on behalf of the Emergent Debtor.

*IV. Little Time Has Elapsed in the Emergent Chapter 11 Case.*

20. This is the Emergent Debtor's first request for an extension of the Exclusive Periods and comes only four months after the Petition Date. As noted above, courts routinely grant debtors' first requests for extension of exclusivity of similar lengths.

*V. The Emergent Debtor is Not Seeking an Extension to Pressure Creditors.*

21. The Emergent Debtor's request to extend the Exclusive Periods is not intended to exert leverage over creditors or any other party affected by the Emergent Chapter 11 Case. To the contrary, the Emergent Debtor proposes extending the Exclusive Periods to have additional time to share information, marshal assets for distribution, and begin plan formulation discussions with its creditors and stakeholders.

*VI. Termination of the Emergent Debtor's Exclusive Periods Would Adversely Impact the Emergent Chapter 11 Case.*

22. Termination of the Exclusive Periods would adversely impact the Emergent Debtor's efforts to preserve and maximize the value of its estate and the progress of the Emergent Chapter 11 Case. Termination would disrupt the critical work that has been and continues to be done in the Emergent Chapter 11 Case and would increase the costs of administering them substantially, with no benefit. The Emergent Debtor is best situated and the most effective party to manage the plan process for the benefit of all stakeholders.

23. Accordingly, the Emergent Debtor submits that a 180-day extension of the Exclusive Periods is appropriate in light of the facts and circumstances of the Emergent Chapter 11 Case.

**NOTICE**

24. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties identified on the Emergent Debtor's list of 20 largest unsecured creditors; and (g) to the extent not listed herein, those parties requesting notice in the Emergent Chapter 11 Case pursuant to Bankruptcy Rule 2002. The Emergent Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

**NO PRIOR REQUEST**

25. No prior motion for the relief requested herein has been made to this or any other Court.

[*Remainder of page intentionally left blank*]

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Emergent Debtor respectfully requests that the Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: May 23, 2023
Wilmington, DE

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Email: jody.barillare@morganlewis.com

- and -

John C. Goodchild, III (admitted *pro hac vice*)
Matthew C. Ziegler (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

- and -

Craig A. Wolfe (admitted *pro hac vice*)
Joshua Dorchak (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Email: craig.wolfe@morganlewis.com
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Counsel for Emergent Fidelity Technologies Ltd as Debtor and Debtor-in-Possession*