IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: June 8, 2023 at 9:00 a.m. (ET)**<br>**Obj. Deadline: at or prior to the hearing** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO FILE CERTAIN INFORMATION CONTAINED IN EXHIBITS A AND A-1 TO THE REVISED ORDER AUTHORIZING IMPLEMENTATION OF A KEY EMPLOYEE INCENTIVE PLAN UNDER SEAL AND (B) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to file under seal certain information contained in exhibits A and A-1 (together, the "Exhibits") to the revised proposed form of *Order Authorizing Implementation of a Key Employee Incentive Plan* (the "Revised KEIP Order") filed under *Certification of Counsel* [D.I. 1559] (the "COC") in any filings with

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

{1368.002-W0071089.}

this Court, including in the COC and any order approving the KEIP Motion (defined below) and (b) granting related relief. In support of the Motion, the Debtors respectfully state as follows:

## Background

1. On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court authorized joint administration of the Debtors' cases (the "Chapter 11 Cases") by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3. On April 26, 2023, the Debtors filed the *Motion of Debtors for Entry of an Order Authorizing Implementation of a Key Employee Incentive Plan* (the "KEIP Motion")[2]. Through the KEIP Motion, the Debtors seek authorization to implement the KEIP to incentivize

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the KEIP Motion.

the Company's key employees that are necessary to maximize the going concern value of the Company or to restart the Debtors' exchange.

4. On May 4, 2023, the Debtors filed the *Notice of Revised Proposed Order* [D.I. 1435] providing notice of certain revisions to the proposed form of order attached to the KEIP Motion (the "Initial Revised KEIP Order").

5. On May 11, 2023, the U.S. Trustee filed *The United States Trustee's Objection to Motion of Debtors for Entry of an Order Authorizing Implementation of a Key Employee Incentive Plan* [D.I. 1477] (the "Objection"). To resolve the Objection, the Debtors revised the Initial Revised KEIP Order as set forth in the Revised KEIP Order.

6. Contemporaneously herewith, the Debtors filed the Revised KEIP Order under *Certification of Counsel* [D.I. 1559] (the "COC"). Exhibit A-1 to the Revised KEIP Order contains confidential commercial and employee information of the Debtors, such as the names, compensation and award sizes for the KEIP Participants, and Exhibit A contains sufficient information to easily discern the names of the individuals identified in Exhibit A-1 through the identification of the specific Debtor-entity for which an individual is employed or otherwise compensated by. Through this Motion, The Debtors are seeking to redact the information contained in the "Payroll" column to the chart contained in Exhibit A and the names of the KEIP Participants contained in Exhibit A-1 (collectively, the "Confidential Information") in any filings with this Court, including in the COC and any order approving the KEIP Motion. The Confidential Information consists of highly sensitive commercial information regarding the Debtors and their employees.

7. In addition to the Court, the Debtors will provide counsel to the U.S. Trustee and the Committee (collectively, the "Disclosure Parties") with unredacted versions of the Exhibits on a highly confidential basis.

### Jurisdiction

8.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

9.     By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to file under the seal the Confidential Information contained in the Exhibits in any filings related to the KEIP Motion with this Court including, but not limited to, in the COC and any order approving the KEIP Motion and (b) granting related relief.

### Basis for Relief

10.     Bankruptcy Code section 107(b) authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information. Specifically, section 107(b) states that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or other confidential research, development, or commercial information . . .."  Similarly, Bankruptcy Rule 9018 and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information.

11. The Debtors respectfully submit that the Confidential Information that they seek to seal pursuant to this Motion is of a sensitive, confidential and proprietary nature, and thus, is confidential commercial information as contemplated by section 107 of the Bankruptcy Code. "Commercial information" has been defined as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n* v. *Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28. If an interested party is requesting to seal information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27. Moreover, the resulting order should be broad, that is "any order which justice requires." FED. R. BANKR. P. 9018; *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Courts are required to provide such protections, "generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

12. The Confidential Information the Debtors seek to file under seal consists of highly sensitive commercial, personal and financial information. Disclosing the names of the KEIP Participants, as well as compensation and awards for each KEIP Participant, would give the Debtors' competitors an unfair advantage because they could use it to target specific employees with employment offers having greater compensation than those disclosed in the

exhibits to the Revised KEIP Order that could give a competitor a significant and unfair advantage to the detriment of the Debtors and/or subject such employees to unnecessary scrutiny and/or potential poaching by competing businesses. If the Confidential Information were made public, it could disrupt the Debtors' sale and reorganization efforts and depress the value of the Debtors' estates to the ultimate detriment of the Debtors and their stakeholders.

13. Additionally, public disclosure of the KEIP Participants' names, compensation and potential awards granted under the KEIP may cause conflict and distress among the Debtors' workforce, thereby lowering employee morale and further disrupting the Debtors' business operations. Moreover, it would be unfair to the KEIP Participants to have their personal and financial information appear in public documents.

14. Given their institutional knowledge, specialized skillsets and critical relationships with regulators and Company employees, the KEIP Participants are necessary and essential to the Debtors' efforts to effectuate a successful, value-maximizing Transaction during the pendency of these Chapter 11 Cases, and alternatively to ensure the Debtors' continued success upon the occurrence of a Reorganization. The KEIP is a proper incentive to the KEIP Participants to induce them to commit the additional time and intensive support necessary to help successfully navigate the Debtors through a Transaction or Reorganization. If the Debtors are required to disclose the Confidential Information, it could undermine the very purposes of the KEIP and may cause substantial harm to the Debtors' estates. Therefore, the Debtors respectfully submit that the relief requested herein is necessary to maintain the Debtors' competitive advantage, to preserve the confidentiality of the KEIP Participants' personal information, and to avoid unnecessary disruptions in the Debtors' operations. Accordingly, the relief requested by this Motion to seal the Confidential Information is appropriate under section 107(b) of the Bankruptcy Code.

15. This Court has authorized debtors in other chapter 11 cases to file under seal similar confidential information in connection with proposed employee incentive programs. *See*, *e.g.*, *In re Gigamonster Networks, LLC, et al.*, Case No. 23-10051 (JKS) (Mar. 2, 2023), D.I. 228 (authorizing debtors to file under seal information related to a key employee retention plan); *In re Reverse Mortgage Investment Trust Inc., et al.*, Case No. 22-11225 (MFW), D.I. 491 (authorizing debtors to file under seal confidential information in KERP motion and declarations in support thereof); *In re RTI Holding Company, LLC*, Case No. 20-12456 (JTD) (Jan. 22, 2021), D.I. 912 (authorizing certain exhibits to declaration in support of KEIP/KERP to be filed under seal); *In re Furniture Factory Ultimate Holding, L.P., et al.*, Case No. 20-12816 (JTD) (Dec. 2, 2020), D.I. 141 (authorizing debtors to file names, positions, compensation and potential payments of key employee retention plan participants under seal); *In re SFP Franchise Corporation, et al.*, Case No. 20-10134 (JTD), D.I. 194, 195 (authorizing debtors to file under seal KERP motion and declaration in support thereof); *In re Exide Holdings, Inc., et al.*, Case No. 20-11157 (CSS) (July 8, 2020), D.I. 491 (authorizing debtors to file under seal reply in support of KEIP/KERP motion); *In re HRI Holdings Corp., et al.*, Case No. 19-12415 (MFW) (Dec. 5, 2019), D.I. 150 (authorizing debtors to file under seal information related to debtors' key employee retention plan and key employee incentive plan).

16. Therefore, the Debtors submit for the reasons set forth herein that cause exists under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for the Debtors to file the Confidential Information under seal, subject to disclosure to the Disclosure Parties.

### Notice and No Prior Request

17. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for

the District of Delaware and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  June 2, 2023<br>         Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |