**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
|---|---|

**CERTIFICATE OF PUBLICATION**

I, Liz Santodomingo, depose and say that I am employed by Kroll Restructuring Administration LLC, the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

This Certificate of Publication includes a sworn statement verifying that the *Notice of Entry of Bar Date Order Establishing Deadlines for Filing of Proofs of Claim*, as conformed for publication, was published in the national edition of *The New York Times* on May 30, 2023, as described in the sworn statement attached hereto on **Exhibit A**.

Dated: June 5, 2023

*/s/ Liz Santodomingo*
Liz Santodomingo

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

**Exhibit A**



The New York Times Company

620 8th Avenue
New York, NY 10018
nytimes.com

## PROOF OF PUBLICATION

May 30, 2023

I, Larnyce Tabron, in my capacity as a Principal Clerk of the Publisher of The New York Times, a daily newspaper of general circulation printed and published in the City, County, and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on.

5/30/2023, NY & NATL, pg B3

Larnyce Tabron

Digitally signed by John McGill
Date: 2023.05.30 11:23:12 -04'00'

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: FTX TRADING LTD., *et al.*,[1] Debtors. | Chapter 11 Case No. 22-11068 (JTD) (Jointly Administered) |
|---|---|

**NOTICE OF DEADLINES REQUIRING FILING OF (I) NON-CUSTOMER PROOFS OF CLAIM AND PROOFS OF INTEREST ON OR BEFORE JUNE 30, 2023 (II) PROOFS OF CLAIMS FOR CLAIMS HELD BY GOVERNMENTAL UNITS ON OR BEFORE SEPTEMBER 29, 2023, (III) NON-CUSTOMER PROOFS OF CLAIM AFFECTED BY THE REJECTION OF AN EXECUTORY CONTRACT OR LEASE AND (IV) NON-CUSTOMER PROOFS OF CLAIM AFFECTED BY THE AMENDMENT OF OR SUPPLEMENT TO THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**NOTICE TO ALL FTX CUSTOMERS: AS OF THE DATE HEREOF, THE COURT HAS NOT YET ESTABLISHED THE DEADLINE FOR FILING A PROOF OF CLAIM ON ACCOUNT OF CUSTOMER CLAIMS. A BAR DATE DEADLINE TO FILE CUSTOMER PROOFS OF CLAIM WILL BE SEPARATELY REQUESTED AND ESTABLISHED, AND CUSTOMERS WILL BE SERVED WITH NOTICE OF THAT DEADLINE. IN THE MEANTIME, VISIT HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX/ FOR MORE INFORMATION CURRENTLY AVAILABLE ABOUT THE PROOF OF CLAIM PROCESS FOR CUSTOMERS.**

**GENERAL NON-CUSTOMER BAR DATE IS JUNE 30, 2023 AT 4:00 P.M. EASTERN TIME**

PLEASE TAKE NOTICE OF THE FOLLOWING:

On May 19, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. 1519] (the "Order") in the chapter 11 cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), establishing **June 30, 2023 at 4:00 p.m., Eastern Time** (the "General Non-Customer Bar Date") as the general deadline for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) holding a Non-Customer Claim (as defined below) or equity interest to file a proof of claim or proof of interest, as applicable, in these Chapter 11 Cases. Among other exceptions described below, the General Non-Customer Bar Date does not apply to claims of any governmental unit or Customer Claims (as defined below).

1. **WHO MUST FILE A PROOF OF CLAIM OR PROOF OF INTEREST.** You MUST file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates if you have an equity interest in one or more of the Debtors or a claim that is not a Customer Claim (each, a "Non-Customer Claim") that arose prior to November 11, and in the case of Debtor West Realm Shires Inc., November 14, 2023 (as applicable, the "Petition Date"), and you do not fall in one of the exceptions described in Section 4 below. "Customer Claim" means any claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature or whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law, or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date or (b) any other investment or trading activities on any FTX Exchange. "FTX Exchange" means FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), K-DNA Financial Services Ltd. (d/b/a "FTX EU"), Quoine Ptd. Ltd., FTX Japan K.K. and FTX Turkey Teknoloji Ve Ticaret A.S or any other exchange or trading platform operated by any Debtor. Non-Customer Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the General Non-Customer Bar Date (or, if applicable, one of the other deadlines described below), even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

The Order establishes the following bar dates for filing proofs of claim and proofs of interest in these Chapter 11 Cases (collectively, the "Bar Dates"):

a. **General Non-Customer Bar Date**. Except as otherwise described in this Notice, all persons and entities (as defined in section 101(15) of the Bankruptcy Code) (i) holding a Non-Customer Claim against any of the Debtors and/or (ii) holding an equity interest in one or more of the Debtors are required to file a proof of claim and/or proof of interest, in each case on or before **June 30, 2023, at 4:00 p.m., Eastern Time**. **For the avoidance of doubt, the General Non-Customer Bar Date applies to all 503(b)(9) Claims.**[2]

b. **Governmental Bar Date**. All governmental units (as defined in section 101(27) of the Bankruptcy Code) holding Non-Customer Claims against any of the Debtors that arose or are deemed to have arisen prior to the Petition Date must file proofs of claim on or before **September 29, 2023, at 4:00 p.m., Eastern Time**.

c. **Amended Schedules Non-Customer Bar Date**. Any claimant holding a Non-Customer Claim or any holder of an equity interest adversely affected by an amendment of or supplement to the Debtors' schedules of assets and liabilities and statements of financial affairs must file a proof of claim or proof of interest, as applicable, or make any amendments to a previously filed proof of claim on or before the date that is *the later of*: **(a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment of or supplement to the Schedules is served on such entity.**

d. **Rejection Bar Date**. Any claimant holding Non-Customer Claims arising from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the date that is the **later of (a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on any date the Court may fix in the applicable order authorizing such rejection, and, if no such date is provided, 30 days from the date of service of notice of entry of such order**.

2. **WHAT TO FILE.** Non-Customer Claims should be filed on the modified proof of claim form (the "Proof of Claim Form") provided by the Debtors or one that conforms substantially to Official Bankruptcy Form No. 410. Proof of Claim Forms may be obtained free of charge at: https://restructuring.ra.kroll.com/FTX/EPOC-Index. The Official Bankruptcy Form No. 410 may be obtained at http://www.uscourts.gov/forms/bankruptcy-forms. Proofs of interest should be filed on the form ("Proof of Interest Form") also provided by the Debtors. Proof of Interest Forms may be obtained free of charge at: https://restructuring.ra.kroll.com/FTX/EPOC-Index.

Each proof of claim or proof of interest must: (i) be written in English; (ii) conform substantially to the Proof of Claim Form (or Official Form 410) or Proof of Interest Form, as applicable; and (iii) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached. If documentation is unavailable, provide an explanation as to why documentation is not available.

Each proof of claim or proof of interest must specify by name and case number the Debtor against which the claim or interest is submitted by either (i) checking the applicable box at the top of the proposed Proof of Claim Form or Proof of Interest Form or (ii) in the case of proofs of claim and proofs of interest being electronically submitted, selecting the applicable Debtor from a dropdown menu. A proof of claim or proof of interest submitted under Case No. 22-11068 or a proof of claim or proof of interest that does not identify a Debtor will be deemed as submitted only against Debtor FTX Trading Ltd. A proof of claim or proof of interest that names a subsidiary or affiliate Debtor but is submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) will be treated as having been submitted against the subsidiary or affiliate Debtor with a notation that a discrepancy in the submission exists. Any proof of claim or proof of interest purporting to indicate a claim against or interest in more than one Debtor shall be deemed filed only against Debtor FTX Trading Ltd. The Debtors reserve any and all rights to reclassify such claims or interests that either do not identify a Debtor, name a subsidiary or affiliate Debtor but are submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) or that purport to indicate a claim against or interest in more than one Debtor. For the avoidance of doubt, if you assert the same claim against or interest in multiple Debtors, you must submit a separate Proof of Claim Form or Proof of Interest Form against each such Debtor.

In addition, for any Non-Customer Claim based on cryptocurrency(ies), each proof of claim must set forth the number of units of each cryptocurrency. Such claim of proof is not required to include a dollar amount. For any Non-Customer Claim based on foreign currency(ies), each proof of claim must set forth (i) the applicable foreign currency(ies), (ii) the claim amount in that foreign currency(ies), (iii) the exchange rate(s) from the foreign currency(ies) to U.S. dollars, and (iv) the amount of such claim converted to U.S. dollars. In the case of any other claim, the proof of claim must set forth the amount of such claim in U.S. dollars.

In addition to the requirements set forth in the immediately preceding paragraph, any proof of claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

A proof of interest must be filed by the holder of the equity interest or the authorized representative thereof. Any proof of interest submitted by an authorized representative of the holder of the equity interest must state the basis for such authorization. Any entity seeking to file a proof of interest on behalf of another entity without express written authorization from such holder must seek authorization from the Court prior to the General Non-Customer Bar Date to do so.

For the avoidance of doubt, claimants with claims arising from an executory contract or unexpired lease previously rejected pursuant to a Court order must file a proof of claim on or before the General Non-Customer Bar Date.

**Your Proof of Claim Form and/or Proof of Interest Form must NOT contain complete social security numbers or taxpayer identification numbers (instead, list only the last four digits), a complete birth date (instead, list only the year), the name of a minor (instead, list only the minor's initials) or a financial account number (instead, list only the last four digits of such financial account). ALL PROOFS OF CLAIM FORMS AND/OR PROOFS OF INTEREST FORMS FILED WILL BE MADE AVAILABLE TO THE PUBLIC UNLESS OTHERWISE ORDERED BY THE COURT.**

All holders of Non-Customer Claims against or equity interests in more than one Debtor must file a separate proof of claim or proof of interest with respect to each such Debtor, even if the claim is for the same amount and arises under the same facts and circumstances. Each holder of a Non-Customer Claim or equity interest must identify on its Proof of Claim Form or Proof of Interest Form the specific Debtor against or in which its claim or interest is asserted by checking the box next to that Debtor's name on the first page of the Proof of Claim Form or Proof of Interest Form. Any claim or equity interest that fails to identify a Debtor shall be deemed as filed only against Debtor FTX Trading Ltd. If more than one Debtor is listed on the respective form, the proof of claim or equity interest will be treated as filed only against Debtor FTX Trading Ltd.

3. **WHEN AND WHERE TO FILE.** Except as provided for herein, all proofs of claim and proofs of interest must be filed so as to be ***received*** **on or before the applicable Bar Date**. You are permitted to submit proofs of claim and proofs of interest (a) by hand delivery or by mail to the applicable address listed below or (b) electronically, through the website of the Debtors' Noticing and Claims Agent.

**IF DELIVERED BY FIRST-CLASS MAIL:** FTX Trading Ltd. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850; **IF DELIVERED BY HAND OR OVERNIGHT DELIVERY:** FTX Trading Ltd. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; **IF ELECTRONICALLY:** The website established by the Noticing and Claims Agent, using the interface available on such website located at https://restructuring.ra.kroll.com/FTX/Home-Index under the link entitled "Submit a Claim."

Proofs of claim and proofs of interest will be deemed filed only when **actually received** at the addresses listed above or filed electronically on or before the applicable Bar Date. It is not sufficient for the proof of claim or proof of interest to be post-marked by the applicable Bar Date. **Proofs of claim and proofs of interest may NOT be delivered by facsimile, telecopy or electronic mail transmission.**

4. **WHO NEED NOT FILE A PROOF OF CLAIM OR PROOF OF INTEREST.** The Order further provides that certain entities, whose claims otherwise would be subject to the Bar Dates, need not file proofs of claim or interest. To review a copy of the Order, please visit https://restructuring.ra.kroll.com/FTX/EPOC-Index. For the avoidance of doubt, any Customer Claim is not required to file a proof of claim at this time.

5. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM OR INTEREST BY THE APPLICABLE BAR DATE.** ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A NON-CUSTOMER CLAIM OR AN EQUITY INTEREST THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM OR PROOF OF INTEREST IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM: (A) ASSERTING THE APPLICABLE NON-CUSTOMER CLAIM OR EQUITY INTEREST AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY IN THESE CHAPTER 11 CASES OR (B) VOTING ON, OR RECEIVING ANY DISTRIBUTION UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES, EXCEPT TO THE EXTENT THAT (I) SUCH CLAIM IS IDENTIFIED IN THE SCHEDULES AS AN UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIM (INCLUDING WITH RESPECT TO THE AMOUNT, NATURE OR CLASSIFICATION OF SUCH CLAIM) OR (II) SUCH EQUITY INTEREST LISTED ON THE EQUITY LISTS.

6. **THE DEBTORS' SCHEDULES AND ADDITIONAL INFORMATION.** You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. Copies of the Debtors' Schedules, the Order and other information and documents regarding the Debtors' Chapter 11 Cases are available for a fee from the Court's website at https://ecf.deb.uscourts.gov, and are available free of charge at https://restructuring.ra.kroll.com/FTX/EPOC-Index, or by written request to the Debtors' Noticing and Claims Agent, Kroll, at the address listed above in Section 3 of this Notice.

If you have any additional questions, you may contact Kroll via email FTXInfo@ra.kroll.com or call 888-482-0049 (US/Canada Toll-Free); 646-440-4176 (International).

If you rely on the Debtors' Schedules, it is your responsibility to determine that any claim is accurately listed in the Schedules.

**A HOLDER OF A POSSIBLE CLAIM AGAINST OR EQUITY INTEREST IN THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR PROOF OF INTEREST.**

Dated: May 22, 2023, Wilmington, Delaware **BY ORDER OF THE COURT**

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. See 11 U.S.C. § 503(b)(9).

**ENTERTAINMENT**

# Onscreen Sexism Hasn't Gone Away. She Has the Data.

By CHRIS COLIN

Geena Davis and her family were returning from dinner in their small Massachusetts town when her great-uncle Jack, 99, began drifting into the oncoming lane of traffic. Ms. Davis was about 8, flanked by her parents in the back seat. Politeness suffused the car, the family, maybe the era, and nobody remarked on what was happening, even when another car appeared in the distance, speeding toward them.

**'I think the industry is more resistant to change than anybody realizes.'**

Franklin Leonard, a film and television producer and founder of the Black List.

Finally, moments before impact, Ms. Davis's grandmother issued a gentle suggestion from the passenger seat: "A little to the right, Jack." They missed by inches.

Ms. Davis, 67, relayed this story in her 2022 memoir, "Dying of Politeness," an encapsulation of the genially stultifying values that she had absorbed as a child — and that a great many other girls absorb, too: *Defer. Go along to get along. Everything's fine.*

Of course the Academy Award-winning actress ditched that pliability long ago. From "Thelma & Louise" and "A League of Their Own" to this year's coming-of-age drama, "Fairyland," back-seat docility just wasn't an option. Indeed, self-possession was her thing. (Or one of her things. Few profiles have failed to mention her Mensa membership, her fluency in Swedish or her Olympic-caliber archery prowess.) But cultivating her own audaciousness was only Phase 1.

**'When she started to collect the data, it was kind of incredible. This wasn't a vague feeling anymore.'**

Hillary Hallett, a professor of American studies at Columbia University.

Next year will mark two decades since the creation of the Geena Davis Institute on Gender in Media. When her daughter was a toddler, Ms. Davis couldn't help noticing that male characters vastly outnumbered female characters in children's TV and movies.

"I knew everything is completely imbalanced in the *world*," she said recently. But this was the realm of make-believe; why shouldn't it be 50/50?

It wasn't just the numbers. *How* the women were represented, their aspirations, the way young girls were sexualized: Across children's programming, Ms. Davis saw a bewilderingly warped vision of reality being beamed into impressionable minds. Long before "diversity, equity and inclusion" would enter the lexicon, she began mentioning this gender schism whenever she had an industry meeting.

"Everyone said, 'No, no, no — it *used* to be like that, but it's been fixed,'" she said. "I started to wonder, What if I got the data to prove that I'm right about this?"

Amid Hollywood's trumpeted causes, Ms. Davis made it her mission to quietly harvest data. Exactly how bad *is* that schism? In what other ways does it play out? Beyond gender, who else is being marginalized? In lieu of speechifying and ribbons, and with sponsors ranging from Google to Hulu, Ms. Davis's team of researchers began producing receipts.

Ms. Davis wasn't the first to highlight disparities in popular entertainment. But by leveraging her reputation and resources — and by blasting technology at the problem — she made a hazy truth concrete and offered offenders a discreet path toward redemption. (While the institute first focused on gender data, its analyses now extend to race/ethnicity, L.G.B.T.Q.I.A.+, disability, age 50-plus and body type. Random awful finding: Overweight characters are more than twice as likely to be violent.)

Even when braced for it, the institute's findings are staggering: In the 101 top-grossing G-rated films from 1990 to 2005, just 28 percent of speaking characters were female. Even in crowd scenes — even in *animated* crowd scenes — male characters vastly outnumber female ones. In the 56 top grossing films of 2018, women portrayed in positions of leadership were four times more likely than men to be shown naked. (The bodies of 15 percent of them were filmed in slow motion.) Where a century ago women had been fully central to the budding film industry, they were now a quantifiable, if sexy, afterthought.

"When she started to collect the data, it was kind of incredible," said Hillary Hallett, a professor of American studies at Columbia University and the author of "Go West, Young Women! The Rise of Early Hollywood." "This wasn't a vague feeling anymore. You couldn't claim this was just some feminist rant. It was like, 'Look at these numbers.'"

Ms. Davis is by turns reserved and goofy offscreen — a thoughtful responder, an unbridled guffawer. (At one point she enunciated the word "acting" so theatrically that she feared it would be hard to spell in this article.) On a recent afternoon in Los Angeles, she took a break from illustrating the children's book she had written, "The Girl Who Was Too Big for the Page."

"I grew up very self-conscious about being the tallest kid — not just the tallest girl — in my class," she said. "I had this childhood-long wish to take up less space in the world."

In time she began to look beyond her height — six feet — to the insidious messages reinforcing such insecurity.

"Hollywood creates our cultural narrative — its biases trickle down to the rest of the world," she said in "This Changes Everything," the 2018 documentary she produced about gender inequity in the film industry. The documentary takes its name from the incessant refrain she kept hearing after the success of "Thelma & Louise," and later "A League of Their Own." Finally the power and profitability of female-centric movies had been proven — this changes everything! And then, year after year, nothing.

It was here that Ms. Davis planted her stake in the ground — a contention around why certain injustices persist, and how best to combat them. Where movements like #MeToo and Times Up target deliberate acts of monstrosity, hers would be the squishier universe of unconscious bias. Did you unthinkingly cast that doctor as a male? Hire that straight white director because he shares your background? *Thought* you were diversifying your film, only to reinforce old stereotypes? (Fiery Latina, anyone?)

It's a dogged optimism that powers Ms. Davis's activism — a faith that Hollywood can reform voluntarily. When she goes to a meeting now, she's armed with her team's latest research, and with conviction that improvement will follow.

"Our theory of change relies on the content creators to do good," said Madeline Di Nonno, the president and the chief executive of the institute. "As Geena says, we never shame and blame. You have to pick your lane, and ours has always been, 'We collaborate with you and want you to do better.'"

If a car full of polite Davises can awaken to oncoming danger, perhaps filmmakers can come to see the harm they're perpetuating.

"Everyone isn't out there necessarily trying to screw women or screw Black people," said Franklin Leonard, a film and television producer and founder of the Black List, a popular platform for screenplays that have not been produced. "But the choices they make definitely have that consequence, regardless of what they believe about their intent."

He added: "It's not something people are necessarily aware of. And there's no paper trail — it can only be revealed in aggregate. Which gets to the value of Geena's work."

Unique to the institute's efforts is its partnership with the University of Southern California's Signal Analysis and Interpretation Laboratory, which uses software and machine learning to analyze scripts and other media. One tool born of that collaboration, Spellcheck for Bias, employs AI to scan scripts for stereotypes and other problematic choices. (Janine Jones-Clark, the executive vice president for inclusion for NBCUniversal's global talent development and inclusion team, recalled a scene in a television show in which a person of color seemed to be acting in a threatening manner toward another character. Once flagged by the software, the scene was reshot.)

**'Hollywood creates our cultural narrative — its biases trickle down to the rest of the world.'**

Ms. Davis in 'This Changes Everything,' the 2018 documentary she produced about gender inequity in the film industry.

Still, progress has been mixed. In 2019 and 2020, the institute reported that gender parity for female lead characters had been achieved in the 100 highest-grossing family films and in the top Nielsen-rated children's television shows. Nearly 70 percent of industry executives familiar with the institute's research made changes to at least two projects.

But women represented just 18 percent of directors working on the top 250 films of 2022, up only 1 percent from 2021, according to the Center for the Study of Women in Television and Film; the percentage of major Asian and Asian American female characters fell from 10 percent in 2021 to under 7 percent in 2022. A 2021 McKinsey report showed that 92 percent of film executives were white — less diverse than Donald Trump's cabinet at the time, as Mr. Leonard of the Black List noted.

"I think the industry is more resistant to change than anybody realizes," he added. "So I'm incredibly appreciative of anyone — and especially someone with Geena's background — doing the non-glamorous stuff of trying to change it, being in the trenches with Excel spreadsheets."

Ms. Davis has not quit her day job. (Coming soon: a role in "Pussy Island," a thriller from Zoe Kravitz in her directorial debut.) But acting shares a billing with her books, the diversity-focused Bentonville Film Festival she started in Arkansas in 2015 — even the roller coasters she rides for equity. (Yes, Thelma is now Disney's gender consultant for its theme parks and resorts.)

"We're definitely heading in the right direction," she said. "Bill Gates called himself an impatient optimist, and that feels pretty good for what I am."

KEVIN MAZUR/WIREIMAGE, VIA GETTY IMAGES

COLUMBIA PICTURES, VIA EVERETT COLLECTION

**Geena Davis accepting the Governors Award for her institute at the Emmys last year, flanked by, from left, the actor Sarah Paulson, the screenwriter Shonda Rhimes and Madeline Di Nonno, the institute's president and chief executive. At left, Ms. Davis, right, with the director Penny Marshall on the set of "A League of Their Own" in 1992.**

MAGDALENA WOSINSKA FOR THE NEW YORK TIMES

**"We're definitely heading in the right direction," said Ms. Davis, photographed in April. She splits time between acting and other priorities.**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

In re: FTX TRADING LTD., *et al.*,[1] Debtors. Chapter 11 Case No. 22-11068 (JTD) (Jointly Administered)

**NOTICE OF DEADLINES REQUIRING FILING OF (I) NON-CUSTOMER PROOFS OF CLAIM AND PROOFS OF INTEREST ON OR BEFORE JUNE 30, 2023 (II) PROOFS OF CLAIMS FOR CLAIMS HELD BY GOVERNMENTAL UNITS ON OR BEFORE SEPTEMBER 29, 2023, (III) NON-CUSTOMER PROOFS OF CLAIM AFFECTED BY THE REJECTION OF AN EXECUTORY CONTRACT OR LEASE AND (IV) NON-CUSTOMER PROOFS OF CLAIM AFFECTED BY THE AMENDMENT OF OR SUPPLEMENT TO THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**NOTICE TO ALL FTX CUSTOMERS: AS OF THE DATE HEREOF, THE COURT HAS NOT YET ESTABLISHED THE DEADLINE FOR FILING A PROOF OF CLAIM ON ACCOUNT OF CUSTOMER CLAIMS. A BAR DATE DEADLINE TO FILE CUSTOMER PROOFS OF CLAIM WILL BE SEPARATELY REQUESTED AND ESTABLISHED, AND CUSTOMERS WILL BE SERVED WITH NOTICE OF THAT DEADLINE. IN THE MEANTIME, VISIT HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX/ FOR MORE INFORMATION CURRENTLY AVAILABLE ABOUT THE PROOF OF CLAIM PROCESS FOR CUSTOMERS.**

**GENERAL NON-CUSTOMER BAR DATE IS JUNE 30, 2023 AT 4:00 P.M. EASTERN TIME**

PLEASE TAKE NOTICE OF THE FOLLOWING:

On May 19, 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. 1519] (the "Order") in the chapter 11 cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), establishing **June 30, 2023 at 4:00 p.m., Eastern Time** (the "General Non-Customer Bar Date") as the general deadline for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) holding a Non-Customer Claim (as defined below) or equity interest to file a proof of claim or proof of interest, as applicable, in these Chapter 11 Cases. Among other exceptions described below, the General Non-Customer Bar Date does not apply to claims of any governmental unit or Customer Claims (as defined below).

**1. WHO MUST FILE A PROOF OF CLAIM OR PROOF OF INTEREST.** You MUST file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates if you have an equity interest in one or more of the Debtors or a claim that is not a Customer Claim (each, a "Non-Customer Claim") that arose prior to November 11, and in the case of Debtor West Realm Shires Inc., November 14, 2023 (as applicable, the "Petition Date"), and you do not fall in one of the exceptions described in Section 4 below. "Customer Claim" means any claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature or whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law, or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date or (b) any other investment or trading activities on any FTX Exchange. "FTX Exchange" means FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), K-DNA Financial Services Ltd. (d/b/a "FTX EU"), Quoine Pte Ltd., FTX Japan K.K. and FTX Turkey Teknoloji Ve Ticaret A.S or any other exchange or trading platform operated by any Debtor. Non-Customer Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the General Non-Customer Bar Date (or, if applicable, one of the other deadlines described below), even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

The Order establishes the following bar dates for filing proofs of claim and proofs of interest in these Chapter 11 Cases (collectively, the "Bar Dates"):

a. **General Non-Customer Bar Date**. Except as otherwise described in this Notice, all persons and entities (as defined in section 101(15) of the Bankruptcy Code) (i) holding a Non-Customer Claim against any of the Debtors and/or (ii) holding an equity interest in one or more of the Debtors are required to file a proof of claim and/or proof of interest, in each case on or before **June 30, 2023, at 4:00 p.m., Eastern Time. For the avoidance of doubt, the General Non-Customer Bar Date applies to all 503(b)(9) Claims.**[2]

b. **Governmental Bar Date**. All governmental units (as defined in section 101(27) of the Bankruptcy Code) holding Non-Customer Claims against any of the Debtors that arose or are deemed to have arisen prior to the Petition Date must file proofs of claim on or before **September 29, 2023, at 4:00 p.m., Eastern Time**.

c. **Amended Schedules Non-Customer Bar Date**. Any claimant holding a Non-Customer Claim or any holder of an equity interest adversely affected by an amendment of or supplement to the Debtors' schedules of assets and liabilities and statements of financial affairs must file a proof of claim or proof of interest, as applicable, or make any amendments to a previously filed proof of claim on or before the date that is ***the later of*: (a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment of or supplement to the Schedules is served on such entity.**

d. **Rejection Bar Date**. Any claimant holding Non-Customer Claims arising from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the date that is the **later of (a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on any date the Court may fix in the applicable order authorizing such rejection, and, if no such date is provided, 30 days from the date of service of notice of entry of such order.**

**2. WHAT TO FILE.** Non-Customer Claims should be filed on the modified proof of claim form (the "Proof of Claim Form") provided by the Debtors or one that conforms substantially to Official Bankruptcy Form No. 410. Proof of Claim Forms may be obtained free of charge at: https://restructuring.ra.kroll.com/FTX/EPOC-Index. The Official Bankruptcy Form No. 410 may be obtained at http://www.uscourts.gov/forms/bankruptcy-forms. Proofs of interest should be filed on the form ("Proof of Interest Form") also provided by the Debtors. Proof of Interest Forms may be obtained free of charge at: https://restructuring.ra.kroll.com/FTX/EPOC-Index.

Each proof of claim or proof of interest must: (i) be written in English; (ii) conform substantially to the Proof of Claim Form (or Official Form 410) or Proof of Interest Form, as applicable; and (iii) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached. If documentation is unavailable, provide an explanation as to why documentation is not available.

Each proof of claim or proof of interest must specify by name and case number the Debtor against which the claim or interest is submitted by either (i) checking the applicable box at the top of the proposed Proof of Claim Form or Proof of Interest Form or (ii) in the case of proofs of claim and proofs of interest being electronically submitted, selecting the applicable Debtor from a dropdown menu. A proof of claim or proof of interest submitted under Case No. 22-11068 or a proof of claim or proof of interest that does not identify a Debtor will be deemed as submitted only against Debtor FTX Trading Ltd. A proof of claim or proof of interest that names a subsidiary or affiliate Debtor but is submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) will be treated as having been submitted against the subsidiary or affiliate Debtor with a notation that a discrepancy in the submission exists. Any proof of claim or proof of interest purporting to indicate a claim against or interest in more than one Debtor shall be deemed filed only against Debtor FTX Trading Ltd. The Debtors reserve any and all rights to reclassify such claims or interests that either do not identify a Debtor, name a subsidiary or affiliate Debtor but are submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) or that purport to indicate a claim against or interest in more than one Debtor. For the avoidance of doubt, if you assert the same claim against or interest in multiple Debtors, you must submit a separate Proof of Claim Form or Proof of Interest Form against each such Debtor.

In addition, for any Non-Customer Claim based on cryptocurrency(ies), each proof of claim must set forth the number of units of each cryptocurrency. Such claim of proof is not required to include a dollar amount. For any Non-Customer Claim based on foreign currency(ies), each proof of claim must set forth (i) the applicable foreign currency(ies), (ii) the claim amount in that foreign currency(ies), (iii) the exchange rate(s) from the foreign currency(ies) to U.S. dollars, and (iv) the amount of such claim converted to U.S. dollars. In the case of any other claim, the proof of claim must set forth the amount of such claim in U.S. dollars.

In addition to the requirements set forth in the immediately preceding paragraph, any proof of claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

A proof of interest must be filed by the holder of the equity interest or the authorized representative thereof. Any proof of interest submitted by an authorized representative of the holder of the equity interest must state the basis for such authorization. Any entity seeking to file a proof of interest on behalf of another entity without express written authorization from such holder must seek authorization from the Court prior to the General Non-Customer Bar Date to do so.

For the avoidance of doubt, claimants with claims arising from an executory contract or unexpired lease previously rejected pursuant to a Court order must file a proof of claim on or before the General Non-Customer Bar Date.

**Your Proof of Claim Form and/or Proof of Interest Form must NOT contain complete social security numbers or taxpayer identification numbers (instead, list only the last four digits), a complete birth date (instead, list only the year), the name of a minor (instead, list only the minor's initials) or a financial account number (instead, list only the last four digits of such financial account). ALL PROOFS OF CLAIM FORMS AND/OR PROOFS OF INTEREST FORMS FILED WILL BE MADE AVAILABLE TO THE PUBLIC UNLESS OTHERWISE ORDERED BY THE COURT.**

All holders of Non-Customer Claims against or equity interests in more than one Debtor must file a separate proof of claim or proof of interest with respect to each such Debtor, even if the claim is for the same amount and arises under the same facts and circumstances. Each holder of a Non-Customer Claim or equity interest must identify on its Proof of Claim Form or Proof of Interest Form the specific Debtor against or in which its claim or interest is asserted by checking the box next to that Debtor's name on the first page of the Proof of Claim Form or Proof of Interest Form. Any claim or equity interest that fails to identify a Debtor shall be deemed as filed only against Debtor FTX Trading Ltd. If more than one Debtor is listed on the respective form, the proof of claim or equity interest will be treated as filed only against Debtor FTX Trading Ltd.

**3. WHEN AND WHERE TO FILE.** Except as provided for herein, all proofs of claim and proofs of interest must be filed so as to be ***received* on or before the applicable Bar Date**. You are permitted to submit proofs of claim and proofs of interest (a) by hand delivery or by mail to the applicable address listed below or (b) electronically, through the website of the Debtors' Noticing and Claims Agent.

**IF DELIVERED BY FIRST-CLASS MAIL:** FTX Trading Ltd. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850; **IF DELIVERED BY HAND OR OVERNIGHT DELIVERY:** FTX Trading Ltd. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232; **IF ELECTRONICALLY:** The website established by the Noticing and Claims Agent, using the interface available on such website located at https://restructuring.ra.kroll.com/FTX/Home-Index under the link entitled "Submit a Claim."

Proofs of claim and proofs of interest will be deemed filed only when **actually received** at the addresses listed above or filed electronically on or before the applicable Bar Date. It is not sufficient for the proof of claim or proof of interest to be post-marked by the applicable Bar Date. **Proofs of claim and proofs of interest may NOT be delivered by facsimile, telecopy or electronic mail transmission.**

**4. WHO NEED NOT FILE A PROOF OF CLAIM OR PROOF OF INTEREST.** The Order further provides that certain entities, whose claims otherwise would be subject to the Bar Dates, need not file proofs of claim or interest. To review a copy of the Order, please visit https://restructuring.ra.kroll.com/FTX/EPOC-Index. For the avoidance of doubt, any Customer Claim is not required to file a proof of claim at this time.

**5. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM OR INTEREST BY THE APPLICABLE BAR DATE.** ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A NON-CUSTOMER CLAIM OR AN EQUITY INTEREST THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM OR PROOF OF INTEREST IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM: (A) ASSERTING THE APPLICABLE NON-CUSTOMER CLAIM OR EQUITY INTEREST AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY IN THESE CHAPTER 11 CASES OR (B) VOTING ON, OR RECEIVING ANY DISTRIBUTION UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES, EXCEPT TO THE EXTENT THAT (I) SUCH CLAIM IS IDENTIFIED IN THE SCHEDULES AS AN UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIM (INCLUDING WITH RESPECT TO THE AMOUNT, NATURE OR CLASSIFICATION OF SUCH CLAIM) OR (II) SUCH EQUITY INTEREST LISTED ON THE EQUITY LISTS.

**6. THE DEBTORS' SCHEDULES AND ADDITIONAL INFORMATION.** You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. Copies of the Debtors' Schedules, the Order and other information and documents regarding the Debtors' Chapter 11 Cases are available for a fee from the Court's website at https://ecf.deb.uscourts.gov, and are available free of charge at https://restructuring.ra.kroll.com/FTX/EPOC-Index, or by written request to the Debtors' Noticing and Claims Agent, Kroll, at the address listed above in Section 3 of this Notice.

If you have any additional questions, you may contact Kroll via email FTXInfo@ra.kroll.com or call 888-482-0049 (US/Canada Toll-Free); 646-440-4176 (International).

If you rely on the Debtors' Schedules, it is your responsibility to determine that any claim is accurately listed in the Schedules.

**A HOLDER OF A POSSIBLE CLAIM AGAINST OR EQUITY INTEREST IN THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR PROOF OF INTEREST.**

Dated: May 22, 2023, Wilmington, Delaware **BY ORDER OF THE COURT**

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).