IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
In re:
FTX Trading Ltd., et al.,
Debtors.

FILED
2023 MAY 31  AM 10: 10
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Chapter 11
Case No. 22-11068 (JTD)
(Jointly Administered)

## MOTION BY MR. LESLIE STUART (PARTY IN INTEREST) FOR DECLARATIONS AND DAMAGES FROM THE DEBTOR IN BANKRUPTCY OF FTX TRADING LTD., et al.

**JURISDICTION:**
**Federal**
Declaratory Judgment Act, 28 U.S.C. § 2201, Bankruptcy Code sections 541 and 105(a), and
Bankruptcy Rules 7001(2) and (9).
28 U.S.C. §151
28 U.S. Code § 1452
28 U.S. Code § 1334
28 U.S.C. §§ 157(J)
28 U.S. Code § 1443
42 U.S. Code § 1981

The Plaintiff **Mr. Leslie Stuart**, 'party in interest' from The Commonwealth of The Bahamas claims 1.5 Billion dollars in Damages from the FTX Debtor in Bankruptcy for the following violations of his civil and Statutory rights under the United States Bankruptcy Code, which now becomes a bonafide debt against the Debtor in Bankruptcy.

### COMPLAINT:

1. At all material times the Plaintiff was a party in interest from The Commonwealth of The Bahamas filed in **Docket Number 357**, before the FTX Bankruptcy Court within the State of Delaware USA.

2. At all material times the Defendant Mr. John Ray 111, was the CEO of FTX Trading Ltd., et al., in Bankruptcy.
3. On the 3rd of January 2023, the Plaintiff's preliminary witness statement was filed in **Docket Number 357** in objection to the Chapter 15 motion for **COMI**, filed by the Joint Provisional Liquidators of The Commonwealth of the Bahamas in the FTX Bankruptcy Court within the State of Delaware USA, without any objections from the Clerk of the FTX Bankruptcy Court on the form of the Plaintiff's witness statement and without a filing fee.
4. The Plaintiff served copies of his preliminary witness statement on the Trustee, the US Attorneys for the Joint Provisional Liquidators of The Commonwealth of the Bahamas and on the US Attorneys for Mr. John Ray 111, CEO of FTX Trading Ltd., et al., in Bankruptcy.
5. The Plaintiff mailed his second witness statement to the FTX Bankruptcy Court within the State of Delaware USA, which indicated inter alia; that the US Embassy in Nassau Bahamas would not grant him a Visa to travel to the United States to physically participate in the FTX Bankruptcy Court proceedings, but the Clerk of the FTX Bankruptcy Court this time requested a filing fee and informed the Plaintiff that his second witness statement was not in the proper form and refused to file the Plaintiff's second witness statement in violation of rule **5005 (a)**, of the rules of the Bankruptcy Court which dictates inter alia; "...*The clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices...*".
6. The Plaintiff also inquired about the amount of the fee to file his second witness statement but the Clerk of the FTX Bankruptcy Court did not respond to the Plaintiff's request for the cost to file his second witness statement.
7. The Plaintiff as a party in interest had a Statutory right to be heard under **The U.S. Bankruptcy Code § 1109 (b)**, which dictates; "*A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.*"
8. The Plaintiff as a party in interest already recognized by the FTX Bankruptcy Court in Docket Number **357**, as a victim of the violations committed against him and the attempts to defraud the FTX Bankruptcy

Court by the Judiciary of The Bahamian Government, had now become a victim of tampering as a victim and a witness by the US Embassy in Nassau Bahamas for denying him a visa and or permission to travel to the United States for physically access to the FTX Bankruptcy Court in violation of; **18 U.S. Code § 1512**, which defines Tampering with a witness, victim, or an informant under Sections:

**(c)** *prevents the communication **by any person** to a law enforcement officer **or judge of the United States** of information relating to the commission **or possible commission** of a Federal offence…*

**(3) hinder, delay, or prevent** *the communication to a law enforcement officer **or judge of the United States** of information relating to the commission **or possible commission** of a Federal offence…*

**(h)** *Extraterritorial Federal jurisdiction over an offence under this section."*

9. The Plaintiff as a party in interest also had a Statutory right to intervene in the FTX Bankruptcy Court proceedings pursuant to the Federal rules of civil procedure under Rule **24 (a),** which dictates; *"On timely motion, **the court must permit** anyone to intervene who:*

   *(1) is given an unconditional **right to intervene by a federal statute**; or*
   *(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."*

10. On the 30th of January 2023, the Plaintiff email; Attorney Mr. Andrew Vara Trustee from the US Department of Justice, the US Attorneys for the Joint Provisional Liquidators and the US Attorneys for FTX Trading Ltd., et al., to inform them that his motion to enjoin the US Border Patrol Agents from denying him admission to the United States for physical access to Court was denied filing by the Clerk of the FTX Bankruptcy Court, and that they would be violating his right to be heard if they continued with the hearings in the Bankruptcy Court in his absence.

11. The Trustee, the US Attorneys for the Joint Provisional Liquidators and the US Attorneys for FTX Trading Ltd., et al., ignored the Plaintiff's warning of the violation of his right to be heard and continued to proceed with the hearings in the FTX Bankruptcy Court proceedings in the absence of the Plaintiff.

12. The US Attorneys for FTX Trading Ltd., et al., filed several subsequent motions for hearings before the FTX Bankruptcy Court and served all of the other parties in the Bankruptcy proceedings except the Plaintiff whom they knew was a party in interest from the Commonwealth of The Bahamas, which discriminated against the Plaintiff based on his race and national place of origin, in violation of his right to be heard pursuant to **U.S. Code § 1109.**
13. On the 6th of February 2023, the Plaintiff also mailed a motion for a Court Order for the automatic stay to remain in place inter alia; pending his physical appearance in the FTX Bankruptcy Court proceedings within the State of Delaware USA, pursuant to **U.S. Code § 362 (B),** but the Clerk of the FTX Bankruptcy Court again refused to file the Plaintiff's motion for the automatic stay to remain in place.
14. The US Attorneys for the Joint Provisional Liquidators filed a motion for a cooperation agreement with the CEO of the Debtor in Bankruptcy to be heard on the 15th of February 2023.
15. On Monday the 13th of February 2023, two days before the hearing, the US Attorneys for the Joint Provisional Liquidators of The Commonwealth of The Bahamas, emailed the Plaintiff and offered to address his objections and to find out whether he would be in Wilmington Delaware for the hearing on the 15th of February 2023.
16. The Plaintiff informed the US Attorneys for the Joint Provisional Liquidators, that his motion for a Court Order to enjoin the US Border Patrol Agents from denying him admission to the United States was refused filing by the Clerk of the FTX Bankruptcy Court and as a result he would not be physically present in Court to voice his objections against their motion for the cooperation agreement with the Debtor in Bankruptcy.
17. The US Attorneys for the Joint Provisional Liquidators who now knew that the Plaintiff would not be at the hearing to voice his objection to the cooperation agreement, then drafted a fraudulent Court Order for the cooperation agreement between the Joint Provisional Liquidators of The Commonwealth of The Bahamas in collusion with, and or concerned together with, the Debtor in Bankruptcy which was signed by Judge **JOHN T DORSEY**, which intimated inter alia that;"*....and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the*

> *Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and that, except as otherwise ordered herein, no other or further notice is necessary;* **<u>and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits</u>**; *and a hearing (if any) having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;* **<u>and after due deliberation and sufficient cause appearing</u>** *therefor; IT IS HEREBY ORDERED THAT: The Motion is GRANTED as set forth herein…"*

18. On Thursday the 30th March 2023, the Plaintiff informed the Trustee, the Attorneys for the Joint Provisional Liquidators and the Attorneys for the Debtor in Bankruptcy that their participation in the signing of the fraudulent Court Order would prevent the Debtor's discharge from Bankruptcy consistent with the ruling in the case of; **Bartenwerfer v. Buckley, No. 21-908 (Feb. 22, 2023),** wherein the United States Supreme Court ruled that Section 523(a)(2)(A) of the Bankruptcy Code renders any debt procured through fraud non-dischargeable even if the debtor was not personally involved in or had no knowledge of the alleged **fraudulent scheme**.

19. The Debtor in Bankruptcy immediately filed a motion to cut ties with the Joint Provisional Liquidators of The Commonwealth of The Bahamas, and for the Bankruptcy Court to declare them as co-conspirators in the fraudulent FTX Cryptocurrency scheme with Sam Bank-man Fried, in order to avoid his non-dischargeability from Bankruptcy because of his involvement in the signing of the fraudulent Court Order, consistent with the ruling handed down in the US Supreme Court case of; **Bartenwerfer v. Buckley**, notwithstanding the fact that the Debtor in Bankruptcy is now a co-conspirator with the Joint Provisional Liquidators of The Commonwealth of The Bahamas for his involvement in the signing of the fraudulent Court Order to cooperate with the Joint Provisional Liquidators of The Commonwealth of The Bahamas against the Statutory and civil rights of the Plaintiff in his absence.

20. The Debtor in Bankruptcy already knew from the Plaintiff's witness statement filed in Docket number **357**, and subsequent submissions, that the Judiciary of The Bahamian Government was intentionally delaying the hearing of the Plaintiff's Bahamian Supreme Court case in order to withhold the evidence of the corruption committed against the Plaintiff by the Bahamian Government, which if disclosed to the FTX Bankruptcy Court within the State of Delaware USA at that time, would have shown that The Bahamian Government was in violation of the separation of powers Doctrine within their Government against the Plaintiff, which is against the public policy of the United States and had no comity with the US Judiciary, and that the Joint Provisional Liquidators of The Commonwealth of The Bahamas was also engaged in a conspiracy to cover up their corruption to defraud the FTX Bankruptcy Court within the State of Delaware USA.

21. This evidence of The Bahamian Government's conspiracy to defraud the FTX Bankruptcy Court if disclosed, would have devastated The Bahamian Government's chances of becoming the Center of main interest, yet the Debtor in Bankruptcy was quit content to cooperate with the Joint Provisional Liquidators of The Commonwealth of The Bahamas, as long as he was of the opinion that it had no adverse effect on his dischargeability from Bankruptcy, never mind the fact that he was aware of the violation committed against the Plaintiff by The Bahamian Judiciary and the fraud committed by them against the FTX Bankruptcy Court within the State of Delaware USA.

22. The Debtor in Bankruptcy and his US Attorneys were also aware of the denial of a Visa by the US Embassy of the Plaintiff's request for travel to the United States for access to the FTX Bankruptcy Court, and the violation committed by the Clerk of the Bankruptcy Court against the Plaintiff for refusing to file his additional submissions to The FTX Bankruptcy Court, and as officers of the Court who have a sworn duty to uphold the integrity of the Bankruptcy Court proceedings, the Debtor in Bankruptcy and his US Attorneys did nothing to assist the Plaintiff before the Bankruptcy Court, but instead used the violations committed against the Plaintiff, and the absence of the Plaintiff in the FTX Bankruptcy Court proceedings as an opportunity to advance their own agenda without notifying the Plaintiff of any of their motions before the FTX Bankruptcy Court.

23. But for the non-dischargeability from Bankruptcy based on the fraud committed by the Debtor in collusion with the Joint Provisional Liquidators as alluded to in the case of **Bartenwerfer v. Buckley**, the Debtor in Bankruptcy would have never filed the motion to cut ties with the Joint Provisional Liquidators of The Commonwealth of The Bahamas and would have continued to cooperate with the Joint Provisional Liquidators, and would have continued to ignore the Plaintiff's objections to the motion of the Joint Provisional Liquidators of The Commonwealth of The Bahamas to have the FTX Bankruptcy Court proceedings transferred to The Commonwealth of The Bahamas as the centre of main interest **(COMI)**.

### AND THE PLAINTIFF CLAIMS:

24. A Declaration that the Plaintiff's first amended motion for a Court Order submitted on the 6th of February 2023, is a valid motion before the FTX Bankruptcy Court, notwithstanding the failure of the Clerk of the FTX Bankruptcy Court to file the Plaintiff's first amended motion in violation of; **Rule 5005 (a)**, which dictates inter alia; "..*The clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices...*"

25. A Declaration that the Plaintiff as a party in interest recognized by the Bankruptcy Court in Docket Number **357**, as a victim of the violations committed against him by the Judiciary of The Bahamian Government and the US Embassy in Nassau Bahamas, had a Statutory right to intervene in the FTX Bankruptcy Court proceedings pursuant to the Federal rules of civil procedure under Rule **24 (a),** which dictates; "*On timely motion, **the court must permit** anyone to intervene who:
(1) is given an unconditional **right to intervene by a federal statute**; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.*"

26. A Declaration that the Clerk of the FTX Bankruptcy Court obstructed Justice against the Plaintiff when she refused to file the Plaintiff's

additional submissions to the FTX Bankruptcy Court for filing in violation of; **18 U.S. Code § 1509.**

27. A Declaration that the refusal of the Clerk of the FTX Bankruptcy Court to file the Plaintiff's additional submissions was arbitrary and capricious after filing the Plaintiff first witness statement without any objection and without a filing fee.

28. A Declaration that the Clerk of the FTX Bankruptcy Court refused to file the Plaintiff's additional submissions to the FTX Bankruptcy Court with the intent to impede, obstruct, or influence the investigation or proper administration of the FTX Bankruptcy proceedings within the jurisdiction of the FTX Bankruptcy Court within the State of Delaware USA, in violation of **18 U.S. Code § 1519.**

29. A Declaration that the US Embassy in Nassau Bahamas and the US State Department in Washington D.C., tampered with the Plaintiff pursuant to; **18 U.S. Code § 1512**, by refusing to grant him a US Visa and or permission to travel to the United States for physical access to the FTX Bankruptcy Court proceedings within the State of Delaware USA.

30. A Declaration that the automatic stay requested by the Plaintiff in his First Amended Motion submitted on the 6th of February 2023, is binding on the FTX Bankruptcy Court, and remains in place consistent with the Plaintiff's motion pursuant to **11 U.S. Code § 362 (B)**, and consistent with the ruling from The Third Circuit Court of Appeal in the case of; **PHILADELPHIA GEAR CORPORATION v. PHILADELPHIA GEAR DE MEXICO, S.A.,** at paragraph **15**. "*....the Letter Rogatory served the same procedural function as a motion, as it informed the district court and the parties what relief was sought....*"

31. A Declaration that the hearing on the 15th of February 2023, and all other hearings for cooperation agreements between the Joint Provisional Liquidators of The Commonwealth of the Bahamas and the FTX Debtor in Bankruptcy in the absence of the Plaintiff, deprived the Plaintiff of his rights to be heard pursuant to **U.S. Code § 1109 (b)**, which dictates; "*A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter*".

32. A Declaration that all Orders issued by the FTX Bankruptcy Court for monies to be paid out in the absence of the Plaintiff are all null and void

and are of no effect, in violation of the Plaintiff's right to be heard pursuant **U.S. Code § 1109**, and or pursuant to the Plaintiff's right to be heard under **rule 46** of the Federal Rules of Civil Procedure.

33. A Declaration that the order for the cooperation agreement signed on the 15th of February 2023, between the Joint Provisional Liquidators of The Commonwealth of The Bahamas and the FTX Debtor in Bankruptcy is a fraudulent Court Order.

34. A Declaration that the Joint Provisional Liquidators of The Commonwealth of The Bahamas deliberately delayed the hearing of the Plaintiff's Bahamian Supreme Court case of corruption against The Bahamian Government in order to defraud the FTX Bankruptcy Court within the State of Delaware USA.

35. A Declaration that the fraudulent Court Order drafted by the US Attorneys for the Joint Provisional Liquidators of The Commonwealth of The Bahamas in collusion with, and or concerned together with the FTX Debtor in Bankruptcy, was drafted with the intent to impede, obstruct, or influence the investigation or proper administration of the FTX Bankruptcy proceedings within the jurisdiction of the FTX Bankruptcy Court within the State of Delaware USA, in violation of **18 U.S. Code § 1519.**

36. A Declaration that the Debtor in Bankruptcy discriminated against the Plaintiff by notifying all of the other parties to the FTX Bankruptcy proceedings and failed to notify the Plaintiff of his hearings before the FTX Bankruptcy Court in violation of the Plaintiff's right to be heard pursuant to; **U.S. Code § 1109.**

37. A Declaration that the failure of the Debtor in Bankruptcy to notify the Plaintiff of the hearings of all his motions before the FTX Bankruptcy Court deprived the Plaintiff of his Statutory right to be heard pursuant to; **U.S. Code § 1109.**

38. A Declaration that the Trustee of the FTX Bankruptcy Court breached his fiduciary duty by failing to assert the Plaintiff's right to be heard under **U.S. Code § 1109.**

39. A Declaration that the recent United States Supreme Court's ruling in the case of; **Bartenwerfer v. Buckley, No. 21-908 (Feb. 22, 2023)**, bars the Debtor from discharge from Bankruptcy based on the fraud he agreed to involve himself in the signing of the fraudulent Court Order with the

    Joint Provisional Liquidators of The Commonwealth of The Bahamas against the interest and in the absence of the Plaintiff.

40. 1.5 Billion Dollars in Damages to the Plaintiff for all of the statutory and civil violations committed against the Plaintiff by the Debtor in Bankruptcy.
41. A Declaration that the 1.5 Billion Dollars debt payable to the Plaintiff is now a bonafide debt of the FTX Debtor in Bankruptcy as a result of his involvement in a fraudulent scheme with the Joint Provisional Liquidators of the Commonwealth of The Bahamas to draft a fraudulent Court Order to be signed by the FTX Bankruptcy Court in the absence of the Plaintiff, which deprive the Plaintiff of his Statutory right to be heard pursuant to; **The U.S. Bankruptcy Code § 1109**, in the FTX Bankruptcy Court proceedings within the State of Delaware USA, and that the 1.5 Billion Dollars debt is nondischargeable debt based on the ruling in the US Supreme Court case of; **Bartenwerfer v. Buckley, No. 21-908 (Feb. 22, 2023).**
42. Punitive Damages against the Debtor in Bankruptcy.
43. Damages for pain, suffering and emotional distress and any other remedy deemed appropriate by the Court.

**SUBMITTED** this 15th day of May 2023. by: _____

                                                                                **Mr. Leslie Stuart**

**SERVED BY EMAIL ON**:
1. Trustee Attorney **Andrew R. Vara DOJ.**
2. Attorneys for the Debtor; **FTX Trading Ltd., et al.**
3. Attorneys for The Joint Provisional Liquidators of; **The Commonwealth of The Bahamas.**
4. **FTX BANKRUPTCY COURT HELPDESKDE@DEB.USCOURTS.GOV**

Mr. Leslie Stuart
P. O. Box N1671
Nassau, Bahamas



RM 0001 0629 8BS

UNITED STATES BANKRUPTCY COURT
District of Delaware
824 Market Street
Wilmington DE 19801

1980183024 C012





Sent by (in ink) MR Leslie Stuart
Sender's address NASSAU BAHAMAS
Email LSASSOCIATES@outlook.com
Ph 242.810.5291
Postcode P.O. Box N167

CUSTOMS DECLARATION — May be opened officially — CN 22

UA 000 167 986 BS

- [ ] Gift
- [x] Documents
- [ ] Sale of goods
- [ ] Commercial sample
- [ ] Returned goods
- [ ] Other (please specify)

| Quantity and detailed description of contents (1) | Net weight (2) | Value and currency (3) | HS tariff number (4) | Country of origin (5) |
|---|---|---|---|---|
| Documents | | | | BS |

Total weight (in kg) (6): 0.054 kg
Total value (7): BS

NASSAU BAHAMAS — MAY 15 2023