PACHULSKI STANG ZIEHL & JONES LLP
Teddy M. Kapur (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:    (302) 652-4100

*Counsel to D1 Ventures Ltd.*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 22-11068 (JTD) |
| FTX TRADING LTD., *et al.*[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**Objection Deadline: June 22, 2023 at 4:00 p.m. (ET)**
**Hearing Date: July 19, 2023 at 1:00 p.m. (ET)**

**MOTION FOR THE ENTRY OF AN ORDER (I) AUTHORIZING AND DIRECTING THE DEBTORS TO RETURN CERTAIN POSTPETITION CRYPTOCURRENCY DEPOSITS TO D1 VENTURES AND (II) GRANTING RELATED RELIEF**

D1 Ventures Ltd. ("D1 Ventures") hereby files this motion (the "Motion") for the entry of an order (i) authorizing and directing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to return certain postpetition cryptocurrency deposits to D1 Ventures and (ii) granting related relief. In support of this Motion, D1 Ventures respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. D1 Ventures confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal bases for the relief requested herein are sections 105(a), 503, and 541 of Title 11 of the United States Code (the "Bankruptcy Code").

## RELEVANT BACKGROUND

**A.  Commencement of the Chapter 11 Cases**

4. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On December 15, 2022, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

**B.  The Postpetition Deposits of Cryptocurrency**

6. On December 20 and 21, 2022, D1 Ventures made certain *inadvertent* transfers, identified on Schedule 1 annexed hereto (collectively, the "Postpetition Deposits"), to its agent's cryptocurrency wallet controlled by the Debtors.

7. The FTX user account associated with the transfer is: Jasmine De Villa (singthings@outlook.com). Ms. De Villa is an agent of D1 Ventures and maintained the cryptocurrency wallet and associated FTX user account on behalf of, and at the direction of, D1 Ventures.

8. Ms. De Villa resides outside of the United States. Accordingly, Ms. De Villa is an FTX.com user – not an FTX.us user. As such, to the extent applicable, Ms. De Villa's use of the FTX platform is governed by the Terms of Service attached hereto as Exhibit A (the "Terms of Service").

9. Upon information and belief, since the Petition Date, the Debtors have (understandably) prohibited their users from transferring cryptocurrency off the FTX platform. However, as a result, Ms. De Villa is unable to log into her FTX user account and transfer the Postpetition Deposits to D1 Ventures.

10. Moreover, on January 18, 2023, the Debtors subsequently transferred the Postpetition Deposits from Ms. De Villa's wallet to, upon information and belief, two omnibus cryptocurrency wallets controlled by the Debtors and/or the Debtors' professionals. The details of the subsequent transfers are set forth on Schedule 2 annexed hereto.

## RELIEF REQUESTED

11. D1 Ventures seeks the entry of an order, substantially in the form attached hereto as Exhibit B, (i) authorizing and directing the Debtors to return the Postpetition Deposits to D1 Ventures and (ii) granting related relief.

**BASIS FOR RELIEF REQUESTED**

A.    **The Postpetition Deposits Are Not Property of the Estates**

12.    As an initial matter, the Postpetition Deposits are not property of the Debtors' estates, the Debtors have no equitable interest in the Postpetition Deposits, and, as a result, the Postpetition Deposits should be immediately returned to D1 Ventures to avoid further harm.

13.    Pursuant to section 541(a)(7) of the Bankruptcy Code, "property that the estate acquires after the commencement of the case" becomes property of the estate.  However, the Debtors never "acquired" the Postpetition Deposits.  The Terms of Service are clear and unambiguous that title to the Postpetition Deposits remain with the FTX.com customer – Ms. De Villa – and do not transfer to any of the Debtors.  Terms of Service § 8.2.6(A).  The Terms of Service are also clear and unambiguous that none of the Postpetition Deposits in Ms. De Villa's account are the property of the Debtors or may otherwise be loaned to the Debtors.  *Id.* § 8.2.6(B).  As a result, the Debtors do not have an equitable interest in the Postpetition Deposits.

14.    Schedule 1 of the Terms of Service defines "Digital Assets" as "BTC, ETH, FTT and any other digital asset, cryptocurrency, virtual currency, token, leveraged token, stablecoin, tokenised stock, volatility token, tokenised futures contract, tokenised option or other tokenised derivatives product that is supported by and made available from time to time to transact in using the Platform." *Id.* at Schedule 1, § 1.1 (A000115).  The Postpetition Deposits consist of USDC and USDT, which are stablecoins and thus included in the definition of "Digital Assets."

15.    The Terms of Service expressly provide that all "Digital Assets" are held in a customer's account on the following basis:

>    (A)    ***Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading***. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX

4

> Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account.
>
> (B) ***None of the Digital Assets in your Account are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.***
>
> (C) ***You control the Digital Assets held in your Account***. At any time, subject to outages, downtime, and other applicable policies (including the Terms), you may withdraw your Digital Assets by sending them to a different blockchain address controlled by you or a third party."

*Id.* § 8.2.6 (A000097) (emphases added).

16. Accordingly, based on the express terms of the applicable Terms of Service, (1) title to the Postpetition Deposits never transferred to the Debtors, (2) the Postpetition Deposits remain property of D1 Ventures Ltd. (or Ms. De Villa), and (3) denying Ms. De Villa access to her account and the Postpetition Deposits is an ongoing postpetition violation of the Terms of Service.

**B.     The Postpetition Deposits Give Rise to an Administrative Claim**

17. In the event the Court determines that the Postpetition Deposits are property of the estates (which they are not), such Postpetition Deposits, at a minimum, give rise to an administrative claim, which the Debtors should be directed to pay immediately.

18. Section 503(b)(1) of the Bankruptcy Code entitles a creditor to an administrative claim for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. 503(b)(1)(A). In analyzing whether a claim is administrative in nature, courts look at whether a claim "arose from a transaction with or on account of consideration furnished to the debtor-in-possession, and . . . the transaction or consideration directly benefitted the debtor-in-possession." *Id.*

19. To the extent that the Postpetition Deposits are property of the Debtors' estates, D1 Ventures benefitted the estates by providing the Debtors with something of value (*i.e.*, the

Postpetition Deposits). The Debtors did not, however, provide any services on account of the Postpetition Deposits, so the Postpetition Deposits are entirely gratuitous. As a result, D1 Ventures has a postpetition claim for the entirety of the value transferred, which is entitled to administrative priority on account to the associated benefit to the estates.

20. In light of the volatility in cryptocurrency markets, any delay in returning the Postpetition Deposits could result in complications in fixing the value of the associated administrative claims if the value of the cryptocurrency transferred dramatically changes. Accordingly, D1 Ventures requests that the Debtors be authorized and directed to return the Postpetition Deposits to D1 Ventures as soon as reasonably practicable, but in no event later than fourteen (14) calendar days after entry of an order granting the relief requested herein.

## RESERVATION OF RIGHTS

21. Nothing contained in this Motion is intended or should be construed as a waiver of any rights or claims of D1 Ventures and its affiliates. For the avoidance of doubt, to the extent the Motion is denied, D1 Ventures reserves all rights to assert an administrative claim on account of the Postpetition Deposit.

## NOTICE

22. D1 Ventures will provide notice of this Motion to the following parties or their respective counsel: (a) counsel to the Debtors; (b) the U.S. Trustee; (c) counsel to the Committee; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. D1 Ventures submits that, in light of the nature of the relief requested, no other or further notice need be given.

DOCS_SF:108828.3 17797/001

**NO PRIOR REQUEST**

23.    No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, D1 Ventures respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: June 8, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | |
| | */s/ Colin R. Robinson* |
| | Teddy M. Kapur (admitted *pro hac vice*) |
| | Jason H. Rosell (admitted *pro hac vice*) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE  19899-8705 (Courier) 19801 |
| | Telephone:     (302) 652-4100 |
| | Facsimile:      (302) 653-4400 |
| | Email:            tkapur@pszjlaw.com |
| |                   jrosell@pszjlaw.com |
| |                   crobinson@pszjlaw.com |
| | |
| | *Counsel to D1 Ventures Ltd.* |