**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date:  June 28, 2023 at 1:00 p.m. (ET)<br>Obj. Deadline:  June 21, 2023 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER FURTHER EXTENDING
THE TIME PERIOD WITHIN WHICH THE DEBTORS MAY FILE NOTICES
TO REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND RULES 9027
AND 9006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion")[2] for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to 28 U.S.C. § 1452 and rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the time period within which the Debtors may file notices to remove actions for a period of 120 days through and including October 7, 2023.  In support of the Motion, the Debtors respectfully state as follows:

**Background**

1.  On November 11 and November 14, 2022 (as applicable, the "Petition

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  This Motion seeks relief related to FTX Trading Ltd. and its affiliated debtors-in-possession and does not seek relief with respect to Debtor Emergent Fidelity Technologies Ltd.

{1368.002-W0071039.2}

Date"),³ the Debtors filed with the Court voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. On March 1, 2022, the Court entered the *Order Granting the Debtors' Motion to Extend the Time Period Within Which the Debtors May File Notices to Remove Actions Pursuant to 28 U.S.C. § 1452 and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure* [D.I. 788] (the "First Removal Extension Order"), extending the Debtors' Removal Deadline (defined below) through and including June 9, 2023.

3. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of* Chapter *11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**Jurisdiction**

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended *Standing Order of Reference* from the United States District

---

³ November 11, 2022 is the petition date for all Debtors subject to this Motion, except for Debtor West Realm Shires Inc.

Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9027 and 9006. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

5. Pursuant to Bankruptcy Rule 9027(a)(2), the time period by which the Debtors may file notices of removal with respect to civil actions pending as of the Petition Date will expire 90 days from the Petition Date (*i.e.*, February 9, 2023) (the "Removal Deadline"). Pursuant to the First Removal Extension Order, the Removal Deadline was extended through and including June 9, 2023.[4] By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) further extending the Removal Deadline for a period of 120 days through and including October 7, 2023 with respect to civil actions pending as of the Petition Date and (b) granting certain related relief.

6. The Debtors request that the proposed October 7, 2023 deadline to file notices of removal apply to all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2)(A), (B) and (C) (the "Prepetition Actions") in addition to any and all matters

---

[4] Pursuant to Local Rule 9006-2, this deadline shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

{1368.002-W0071039.2}            -3-

initiated after the Petition Date as specified in Bankruptcy Rule 9027(a)(3) (the "Postpetition Actions," and together with the Prepetition Actions, the "Actions").

7. The Debtors further request that any extension of the Removal Deadline be without prejudice to (a) any position the Debtors or any of their successors may take regarding whether Bankruptcy Code section 362 applies to stay any given Action and (b) the right of the Debtors or any of their successors to seek further extensions of the Removal Deadline.

## Basis for Relief

8. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

9. Bankruptcy Rule 9027(a)(2) sets forth the time period for filing notices to remove claims or causes of actions and provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

10. Bankruptcy Rule 9006(b)(1) further provides that the Court may extend unexpired time periods, such as the Debtors' Removal Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

11. The Court is authorized to grant the relief requested and extend the Removal Deadline. *See, e.g.*, *Pacor, Inc.* v. *Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating that under Bankruptcy Rule 9006(b), "it is clear that the court may grant such an extension [of time to remove]"), *overruled in part on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *Anchev* v. *335 West 38th St. Coop. Corp. (In re Anchev)*, 2009 Bankr. LEXIS 906, at *7-8 (Bankr. S.D.N.Y. April 15, 2009); (noting that removal period may be enlarged under Bankruptcy Rule 9006(b)); *Caperton* v. *A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (Bankruptcy Rule 9006 authorizes the court to grant extensions of time to file a notice of removal). Moreover, such relief routinely is granted in this district without need for a hearing. *See*, *e.g.*, *In re Cred Inc., et al.*, Case No. 20-12836 (JTD) (Bankr. D. Del. February 19, 2021), D.I. 528 (extending the debtors' removal deadline by 90 days); *In re Mallinckrodt PLC, et al.*, Case No. 20-12522 (JTD) (Bankr. D. Del. January 26, 2021), D.I. 1214

(extending the debtors' removal deadline by 120 days); *In re Boy Scouts of America and Delaware BSA, LLC*, Case No. 20-10343 (LSS) (Bankr. D. Del. June 3, 2020), D.I. 769 (same).

13. The Debtors submit that ample cause exists to extend the Removal Deadline.  As well documented in the record of these proceedings, the Debtors have since the Petition Date been focused on their transition into chapter 11, obtaining first and second day relief, coordinating with constituencies in this and other chapter 11 and foreign insolvency proceedings, and conducting a multi-faceted investigation in furtherance of the core objectives outlined by Mr. John Ray, the Debtors' Chief Executive Officer, including asset protection and recovery and claims assessment.

13. At present, the complexities of these Chapter 11 Cases make it premature for the Debtors to make a final determination as to the benefits and burdens relating to the removal of any Actions.  Accordingly, the Debtors believe it is prudent to seek an extension of the Removal Deadline to protect their rights and the rights of any of their successors to remove any Actions.  An extension of the Removal Deadline will provide the Debtors with time to make fully-informed decisions regarding the removal of any or all of the Actions and will ensure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452.  Accordingly, the Debtors submit that the relief requested herein is in the best interests of the Debtors and their estates.

14. Moreover, granting the extension of the Removal Deadline will not unduly prejudice the rights of the counterparties to the Actions.  The Actions against the Debtors are stayed by operation of the automatic stay under Bankruptcy Code section 362(a).  Further, any counterparty to an Action that is removed retain their rights under 28 U.S.C. § 1452(b) to seek remand.  Accordingly, no counterparties to the Actions will be harmed by the Debtors' requested extension, and the requested extension of the Removal Deadline should be granted.

**Notice**

15.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  June 8, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>           bromleyj@sullcrom.com<br>           gluecksteinb@sullcrom.com<br>           kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |