**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. No. 1596 |

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR
NOTICE OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I)
AUTHORIZING AND APPROVING SALE OF DEBTORS' INTERESTS IN
SCHF CAYMAN, L.P. FREE AND CLEAR OF ALL LIENS, CLAIMS,
INTERESTS AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING
DEBTORS' ENTRY INTO, AND PERFORMANCE UNDER, THE PURCHASE
AND SALE AGREEMENT; (III) AUTHORIZING AND APPROVING
ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS; AND (IV)
<u>GRANTING RELATED RELIEF</u>**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby submit this motion (the "<u>Motion to Shorten</u>") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "<u>Order</u>"), shortening the time for notice of the hearing to consider the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving Sale of Debtors' Interests in SCHF Cayman, L.P. Free and Clear of All Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Debtors' Entry Into, and Performance Under, the Purchase and Sale Agreement; (III) Authorizing and Approving Assumption and Assignment of Certain Contracts; and (IV) Granting Related Relief*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

(the "Sale Motion").[2]  The Sale Motion is being filed and served contemporaneously herewith. The Debtors respectfully request that the Court hear the Sale Motion at the June 28, 2023, hearing at 1:00 p.m. (ET) (the "June 28 Hearing") and set an objection deadline of June 22, 2023, at 4:00 p.m. (ET) (the "Objection Deadline").  In support of the Motion to Shorten, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rules 2002(a)(3) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On November 11 and November 14, 2022, the Debtors filed with the Court

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 22, 2022, the Court entered an order authorizing joint administration of the Debtors' cases (the "Chapter 11 Cases") [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

6. Contemporaneously herewith, the Debtors filed the Sale Motion. Through the Sale Motion the Debtors seek an order (a) authorizing and approving the Sale Transaction of the Interests held by the Debtors in the Subject Company free and clear of all liens, claims, interests and encumbrances in accordance with the terms and conditions set forth in the Agreement; (b) authorizing and approving the Debtors' entry into, and performance under, Agreement, between Seller and Purchaser; (c) authorizing and approving the assumption and assignment of the LPA, and the Operative Documents; and (d) granting of related relief.

**RELIEF REQUESTED**

7. By this Motion to Shorten, the Debtors request, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 9006(c)(1) and 2002(a)(2), and Local Rule 9006-1(e), that the

Court shorten the notice required for a hearing on the Sale Motion so that it may be heard at the June Hearing on June 28, 2023, at 1:00 p.m. (ET), with the Objection Deadline of 4:00 p.m. (ET) on June 21, 2023.

## BASIS FOR RELIEF

8. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Del. Bankr. L.R. 9006-1(e).

9. Where a motion proposes the use of, sale, or lease or property of the estate outside of the ordinary course of business, parties must provide at least twenty-one (21) days' notice pursuant to Bankruptcy Rule 2002(a)(2). Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date. However, the Court may order that a motion be heard on less notice than required upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Local Rule 9006-1(e). No hearing on such a motion to shorten is required. *See id.*

10. Here, there is sufficient cause to grant the Motion to Shorten. The Interests in the Subject Company are held in a fund managed by SCHF (GPE), LLC (the "General Partner"). The General Partner only permits transfers of interests in this fund at fiscal year quarter end. In addition, the Agreement provides that the parties may terminate the Agreement if the Sale

...
...

Transaction is not consummated by July 1, 2023.  Therefore, unless the Debtors obtain approval of the relief requested in the Sale Motion before June 30, 2023, the Sale Transaction may not occur and may be terminated.

11. Furthermore, the Debtors acquired the Interests in the Subject Company on June 30, 2022, with an aggregate capital commitment of $100,000,000 and had funded $25,000,000 as of the Petition Date.  As of the filing of the Sale Motion, $75,000,000 of the Debtors' capital commitments to the Subject Company remain unfunded and the Debtors are in default on $25,000,000 of an incremental funding commitment that was due January 3, 2023, on which interest is accruing daily.  Additionally, the Debtors understand that a further Capital Call is expected to be issued with a due date of July 3, 2023, pursuant to which the Debtors would be obligated to make an additional incremental funding commitment of $25,000,000.  Therefore, if the Debtors are unable to close the Sale Transaction on June 30, 2023, default interest will continue to accrue and the Debtors will incur an additional funding obligation, unnecessarily squandering estate assets.

12. The Debtors will promptly serve the Sale Motion, thus giving parties-in-interest twenty (20) days' notice prior to the hearing on the Sale Motion, only one (1) day less than regular notice under Bankruptcy Rule 2002(a)(2).  Given the critical circumstances driving the need to complete the Sale Transaction on June 30, 2023, the Debtors respectfully request shortened notice as set forth herein.

13. Consistent with its obligations under Local Rule 9006-1(e), undersigned counsel notified the U.S. Trustee and the Committee of the Debtors' intent to request shortened notice and requested their consent to do so.  The U.S. Trustee confirmed that it does not object to the relief requested herein.  As of the filing of the Motion to Shorten, the Debtors have not received the

Committee's position regarding the request for shortened notice set forth herein. Thus, for the reasons stated above, the Debtors respectfully request that the Court shorten notice as set forth herein.

14. Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e) provide ample authority for the Court to afford the relief requested in the Motion to Shorten. Therefore, the Debtors respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

## **NOTICE AND NO PRIOR REQUEST**

15. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) any known affected creditor(s) asserting a lien, claim or encumbrance against, or interest in, the relevant Interests; (d) the non-Debtor counterparties to all executory contracts that the Debtors propose to assume or assume and assign in connection with such sale, as applicable; (e) the Subject Company; (f) any party that has expressed an interest in purchasing the Interests during the last six months; (g) any interested or affected governmental or regulatory entity, including the Internal Revenue Service, the Securities and Exchange Commission and the United States Department of Justice; and (h) any other party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

16. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and such other and further relief as is just and just and proper.

Dated: June 8, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*