**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. _____** |

**ORDER (I)(A) ESTABLISHING DEADLINES FOR FILING CUSTOMER
PROOFS OF CLAIM, (B) APPROVING PROCEDURES FOR SUBMITTING PROOFS
OF CLAIM AND (C) APPROVING THE FORM AND MANNER OF NOTICE
THEREOF AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors

and debtors-in-possession (collectively, the "Debtors")[3] for entry of an order (this "Order")

(i)(a) establishing a bar date to file proofs of claim for Customer Claims, (b) approving

procedures described herein for submitting proofs of claim for Customer Claims, (c) approving

the form and manner of notice thereof and (d) granting related relief; and this Court having

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended

Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and this Court being able to issue a final order consistent with Article

III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd
is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

[3]    For the avoidance of doubt, this Order only seeks to establish deadlines and procedures for filing proofs of claim
against FTX Trading Ltd. and its affiliated debtors and debtors-in-possession and not against Debtor Emergent
Fidelity Technologies Ltd.

district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate

notice of the Motion and the relief requested therein has been provided in accordance with the

Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or

further notice is necessary; and objections (if any) to the Motion having been withdrawn,

resolved or overruled on the merits; and a hearing having been held to consider the relief

requested in the Motion and upon the record of the hearing and all of the proceedings had before

this Court; and this Court having found and determined that the relief set forth in this Order is in

the best interests of the Debtors and their estates; and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as and to the extent set forth herein.

2.      The term "Customer Claim" means any claim (as defined in section

101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or

equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation,

common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy

Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the

Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or

other assets held by such person or entity in an account on any FTX Exchange as of the Petition

Date (the "Customer Entitlement Claim") or (b) any other investment or trading activities on any

FTX Exchange.  "FTX Exchange" means FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"),

West Realm Shires Services Inc. (d/b/a "FTX US"), FTX EU Ltd. (f/k/a K-DNA Financial

Services Ltd., d/b/a "FTX EU"), Quoine Pte Ltd. (d/b/a "Liquid Global"), FTX Japan or Liquid

platforms operated by FTX Japan K.K. ("FTX Japan") and FTX Turkey Teknoloji Ve Ticaret

A.S or any other exchange or trading platform operated by any Debtor.

3.      Except as otherwise provided herein, all persons and entities, (including,

without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a

Customer Claim against any of the Debtors which arose on or prior to the Petition Date must file

a proof of such claim so that it is **actually received** by Kroll Restructuring Administration LLC,

the Debtors' noticing and claims agent (the "Claims Agent"), on or before **4:00 p.m. (Eastern

Time) on September 29, 2023** (the "Customer Bar Date").

4.      If the Debtors amend or supplement the Schedules subsequent to the date

hereof, the Debtors shall give notice of any amendment or supplement to all known holders of

Customer Claims affected thereby, and such claimants shall file a proof of claim on or before the

later of:  (a) the Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days

after the date that notice of the applicable amendment of or supplement to the Schedules is

served on such person or entity (the "Amended Schedules Customer Bar Date," and, together

with the Customer Bar Date, the "Customer Bar Dates").  Any such holders of Customer Claims

shall be given notice of such deadline as part of the notice of any such amendment or

supplement.  If the holder of a Customer Claim has already submitted a proof of claim with

respect to such Customer Claim, such holder may amend its existing proof of claim or file a new

proof of claim.

5.      The customer proof of claim form attached hereto as Exhibit 1 ("the

Customer Proof of Claim Form") is approved.

6.      The customer bar date notice, substantially in the form attached hereto as

Exhibit 2 (the "Customer Bar Date Notice"), and the customer bar date postcard, substantially in the form attached hereto as Exhibit 2-A (the "Customer Bar Date Postcard"), are approved.

7.     At least 60 days prior to the Customer Bar Date, the Claims Agent shall email the Customer Bar Date Notice or, if only a physical mailing address is available, mail the Customer Bar Date Postcard to all holders of Customer Claims known to the Debtors, which shall include a link or website address to access the Customer Claims Portal.  From the Customer Claims Portal, a holder of a Customer Claim, after verifying user credentials, may (i) view historical transaction information and account balances, (ii) submit KYC Information (as defined below) of the holder of such Customer Claim as of the Petition Date (the "Original Customer") and (iii) electronically file a proof of claim via an online claims platform maintained by the Debtors' Claims Agent.

8.     The Customer Bar Date Notice shall also:  (i) identify the Customer Bar Dates, (ii) describe detailed procedures for submitting a timely and accurate proof of claim for physical proofs of claim, (iii) list the parties who are not required to submit a proof of claim, (iv) describe the consequences of failing to submit a proof of claim in accordance with this Order and (v) provide a link or instructions to access the Claims Agent's website to obtain additional information about the Customer Bar Dates and the submission of proofs of claim, including how to access a physical Customer Proof of Claim Form.  The Customer Bar Date Postcard shall also include notice of:  (i) the Customer Bar Dates, (ii) a summary of the procedures for submitting a timely and accurate proof of claim for physical proofs of claim, (iii) the consequences of failing to submit a proof of claim in accordance with the Order and (iv) provides instructions to access the Claims Agent's website to obtain additional information about the Customer Bar Dates and submission of proofs of claim, including how to access a physical Customer Proof of Claim

Form.  For the avoidance of doubt, the Customer Bar Date Notice and the Customer Bar Date

Postcard shall not include a physical copy of the Customer Proof of Claim Form but shall include

details on how to download a physical copy of the Customer Proof of Claim Form from the

Claims Agent's website.

        9.      Any proof of claim for a Customer Claim must be delivered in a manner

permitted by this Order so as to actually be received by the Claims Agent no later than the

applicable Customer Bar Date.  Holders of Customer Claims may submit proofs of claim on

account of such Customer Claims on or before the applicable Customer Bar Date

(a) electronically through the Customer Claims Portal or (b) physically by hand delivery or

overnight courier to FTX Trading Ltd. Claims Processing Center, c/o Kroll Restructuring

Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232 or (c) physically by first-

class mail to FTX Trading Ltd. Claims Processing, c/o Kroll Restructuring Administration LLC,

Grand Central Station, P.O. Box 4850, New York, NY 10163-4850.  Proofs of claim may not be

delivered by facsimile, telecopy or email transmission.

        10.     The following procedures shall apply with respect to filing proofs of claim

for Customer Claims:

      i.  **Procedures For Filing Electronic Proofs of Claim via the Customer Claims Portal**

      a.  Each holder of a Customer Claim will receive an email containing a link to the Customer Claims Portal.  Upon verification of login credentials, holders of Customer Claims will be able to view their historical transaction information and account balances (for the avoidance of doubt, no deposits, withdrawals, trading or investment operations will be enabled).  The Customer Claims Portal will also request KYC Information of the Original Customer.

      b.  Claimants will then be directed to an electronic proof of claim platform maintained by the Claims Agent, which, for holders with net positive balances as of the Petition Date, will include an electronic

version of the Customer Proof of Claim Form that is auto-generated displaying (i) the quantity (but not the dollar value) of each form of cryptocurrency or digital asset held by the claimant on the applicable FTX Exchange as of the Petition Date (ii) the amount of any fiat held by the claimant on an FTX Exchange as of the Petition Date, as reflected in U.S. dollars (or, in the case of any foreign currency, (a) the applicable foreign currency, (b) the amount of the claim denominated in that foreign currency, (c) the exchange rate from the foreign currency to U.S. dollars as of the Petition Date, and (d) the amount of such claim converted to U.S. dollars using the exchange rate as of the Petition Date). Such information shall be based on the information contained in the Debtor's Schedules.

c.  If the holder of a Customer Claim agrees with the amounts or quantity stated (as applicable), the type or nature of the claim displayed and the FTX Exchange against whom the claim is asserted, no further action is required.

d.  If the holder disagrees with any component of the amounts or quantity stated (as applicable), the type or nature of the claim displayed, the FTX Exchange displayed, and/or seeks to assert a claim arising out of or related to any other investment or trading activity, such holder may amend or supplement the auto-generated customized proof of claim by electronically editing the form and modifying the information contained therein by inserting additional tokens, fiat currency(ies), digital assets or other assets held as of the Petition Date, and/or modifying the characterization of such claim, and/or asserting a claim arising out of or related to any other investment or trading activity, and/or selecting the applicable FTX Exchange from the dropdown menu provided.

e.  Holders with no net positive balances as of the Petition Date will have the opportunity to fill in, and submit, an electronic proof of claim form via the Claims Agent's electronic proof of claim platform.

f.  A party who files a proof of claim electronically through the Customer Claims Portal will receive an email verifying that the proof of claim has been submitted.

ii.  **Procedures For Filing Physical Proofs of Claim**

a.  Each physical proof of claim must: (i) be written in English; (ii) conform substantially to the Customer Proof of Claim Form; and (iii) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached. If documentation is unavailable, the

claimant shall provide an explanation as to why documentation is not available.

b.  Each holder of a Customer Claim must indicate the Debtor or FTX Exchange against whom the claimant has a claim by checking the box with respect to physical proofs of claim.

c.  In addition, each physical proof of claim must set forth, for any claim based on cryptocurrency(ies) or digital assets, (i) the applicable cryptocurrency(ies) or digital assets, (ii) the number of units of such cryptocurrency(ies) or digital assets and (iii) the program (*i.e.*, Earn, Lend or Stake) applicable to each cryptocurrency or digital asset.  The Customer Proof of Claim Form does not require holders of Customer Claims to set forth a dollar valuation for any of the cryptocurrency(ies) or digital assets held in any account with a positive balance as of the Petition Date.  For any Customer Claim based on a foreign fiat currency, each physical proof of claim must set forth (i) the applicable foreign fiat currency, (ii) the claim amount in that foreign fiat currency as of the Petition Date, (iii) the exchange rate(s) utilized to convert from the foreign fiat currency to U.S. dollars as of the Petition Date (if different than the listed rate), and (iv) the amount of such fiat currency claim converted to U.S. dollars using the identified exchange rate.  For any Customer Claim for fiat currency(ies), each physical proof of claim must set forth (i) the applicable fiat currency(ies), and (ii) the claim amount in fiat currency(ies) as of the Petition Date.  For any Customer Claim for Non-Fungible Tokens ("NFTs"), each physical proof of claim must set forth (i) the NFT description and (ii) unique identification code.  In the case of any other Customer Claim, the physical proof of claim must set forth the amount of such claim in U.S. dollars.  For Customer Claims that are not Customer Entitlement Claims, the holder must assert such claim with specificity, including all relevant details regarding such investments or other trading activities (*e.g.*, dates, quantities, type or nature, alleged facts), and must assert such claim against the applicable Debtor.

d.  Parties submitting a proof of claim through non-electronic means who wish to receive a receipt of their proofs of claim from the Claims Agent must also include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

iii.  **General Information**

a.  Any holder of a Customer Claim that either (x) files a proof of claim on account of a Customer Entitlement Claim against any Debtor or (y) has a Customer Entitlement Claim that is scheduled against any Debtor and does not separately file a proof of claim with respect to such

Customer Entitlement Claim shall be deemed to have filed an identical Customer Entitlement Claim in the same amount against all other Debtors in tort for any alleged theft or borrowing of customer cash, cryptocurrency, digital assets or other assets. Accordingly, claimants do <u>not</u> need to file separate proofs of claim against each Debtor for such Customer Entitlement Claim made in tort for any alleged theft or borrowing of customer cash, cryptocurrency, digital assets or other assets. For the avoidance of doubt, Customer Entitlement Claims shall only include claims against the Debtors and not against any non-Debtors, such as the Founders. Additionally, for any claims arising out of or related to any other investment or trading activities on any FTX Exchange, such claim shall be filed on the same Customer Proof of Claim Form on the Customer Claims Portal. Solely for purposes of the claims registry, the Claims Agent is hereby authorized to refrain from processing and logging in the claims registry any Customer Entitlement Claim deemed filed by virtue of this paragraph.

b.  A proof of claim submitted under Debtor FTX Trading Ltd. (Case No. 22-11068), or a proof of claim that does not identify a Debtor or FTX Exchange, will be deemed as submitted against Debtor FTX Trading Ltd.

c.  For the avoidance of doubt, unless otherwise ordered by the Court, the Claims Agent is authorized and directed to make public every proof of claim filed pursuant to this Order, and the Claims Agent, the Debtors, their estates and their respective directors, officers, employees, agents, and professionals shall have no liability for making public any proof of claim filed pursuant to this Order.

11.  The following entities are required to file proofs of claim on or prior to the Customer Bar Date (or, if applicable, the Amended Schedules Customer Bar Date):

a.  any person or entity whose Customer Claim is not listed in the applicable Debtor's Schedules;

b.  any person or entity that believes its Customer Claim has been listed in an incorrect amount or quantity or improperly characterized in the Debtors' Schedules and Customer Claims Portal, and seeks to amend the amount, quantity and/or characterization of such claim in the Schedules and Customer Claims Portal; and

c.  any person or entity that believes its Customer Claim as listed in the Schedules or Customer Claims Portal is not an obligation of the specific FTX Exchange identified in the Schedules, and seeks to assert the claim against a different Debtor or FTX Exchange.

12.    Holders of Customer Claims that would otherwise be subject to a

Customer Bar Date pursuant to this Order need not file proofs of claim, on or prior to any

Customer Bar Date if they fall into any of the following categories:

a.  Any person or entity that, at the time the Motion was filed, has already properly filed a Customer Claim against the Debtors with the clerk of the Bankruptcy Court in the District of Delaware or the Debtors' Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity seeks to assert the Customer Claim against a Debtor or FTX Exchange not identified in the prior proof of claim or in a different quantity than the prior proof of claim, in which case an additional proof of claim amending the prior proof of claim must be filed);

b.  any person or entity holding a Customer Claim (i) whose Customer Claim is listed on the Schedules filed by the Debtors; (ii) whose Customer Claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (iii) who does not disagree with the amount or quantity, type or nature, and priority of such Customer Claim as set forth in the Schedules; and (iv) who does not dispute that such Customer Claim is an obligation only of the specific Debtor or FTX Exchange against which the Customer Claim is listed in the Schedules;

c.  any person or entity holding any Customer Claim that has previously been allowed by order of this Court;

d.  any person or entity that has been paid in full by any of the Debtors;

e.  any person or entity with respect to a claim for which a different deadline has previously been fixed by this Court, including Non-Customer Claims filed in response to the Non-Customer Bar Date Order;

f.  any Debtor that holds a claim against another Debtor (whether directly or indirectly); *provided* that if a Debtor's chapter 11 case is dismissed after the Customer Bar Date, such Debtor shall have 30 days after the dismissal of such chapter 11 case to file proof(s) of claim for any Customer Claims such Debtor may have against any FTX Exchange or any other Debtor;

g.  any person or entity that is exempt from filing a proof of claim pursuant to an order of the Court in these Chapter 11 Cases; and

       h.   any person or entity holding a claim solely against a non-Debtor entity, including the Founders.

13.     Nothing in this Order shall prejudice any right of the Debtors or any other party-in-interest to dispute or assert any cause of action, offsets or defenses.

14.     **Pursuant to Bankruptcy Rule 3003(c)(2), absent further order of this Court, all holders of Customer Claims that fail to comply with this Order by timely filing a proof of claim in the appropriate form, if required, on or before the applicable Customer Bar Date, shall be forever barred, estopped and enjoined from (a) asserting the applicable Customer Claim against the Debtors or their estates or property in these Chapter 11 Cases or (b) voting on, or receiving any distribution under, any Chapter 11 plan in these Chapter 11 Cases, except to the extent that such claim is identified in the Schedules as an undisputed, noncontingent and liquidated claim (including with respect to the quantity or nature of such claim).**

15.     A copy of the Customer Bar Date Notice and Customer Bar Date Postcard shall be deemed adequate and sufficient if served by electronic service or first-class mail at least 60 days prior to the Customer Bar Date on:

       a.   all known holders of Customer Claims;

       b.   the Office of the United States Trustee for the District of Delaware;

       c.   counsel to the Committee;

       d.   all persons or entities that have requested notice in these Chapter 11 Cases;

       e.   all persons or entities that have previously filed a proof of claim with respect to a Customer Claim in these Chapter 11 Cases; and

       f.   such additional persons and entities as deemed appropriate by the Debtors.

-10-

16.     The Debtors are authorized (but not directed) to collect from any holder of a Customer Claim Know Your Customer information ("KYC Information") of the original account holder.  For holders of Customer Claims that submit proofs of claim electronically via the Customer Claims Portal, the KYC Information may be provided as set forth therein.  For holders of Customer Claims that submit proof of claim in physical form, the KYC Information may be provided as set forth in the Customer Proof of Claim Form.

17.      Except as provided in paragraph 18 in this Order, submission of KYC Information is not strictly required under the terms of this Order.

18.     Customer Claims of (i) a holder with net positive balance as of the Petition Date, who agrees with the amounts or quantities set forth on the Debtors' Schedules, does not submit a proof of claim and does not submit the requested KYC Information and (ii) a holder who submits a proof of claim but does not submit the requested KYC Information, in each case by the Customer Bar Date, shall not be deemed disallowed, but shall be deemed "unverified." With respect to all such unverified Customer Claims, the Debtors may, in their sole discretion after consultation with the Committee, either (i) allow such claims without the requested KYC Information or (ii) object to the allowance of such Customer Claims' proofs of claim and scheduled claims on an omnibus basis, on notice to all such holders, including, among other bases, of insufficient documentation, and request such holders submit the requested KYC Information.  In the event of such objection, such holders of Customer Claims will have the opportunity to submit the requested KYC Information to the Debtors to resolve the objection on such claim relating to the requested KYC Information.  All parties' rights are fully reserved with respect to such objection.

19.     Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of

the Customer Bar Dates, in substantially the form attached hereto as <u>Exhibit 3</u> (the "<u>Publication</u> <u>Notice</u>"), on one occasion in *The New York Times* and *CoinDesk* (CoinDesk.com) at least 60 days prior to the Customer Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Customer Bar Dates.  The Debtors may publish the Publication Notice in other newspapers, trade journals or similar publications as the Debtors deem appropriate.

20.     The Claims Agent is hereby authorized to refrain from processing and logging in the claims registry any physical proofs of claims filed by holders on account of Customer Claims that are duplicates of electronically filed claims.  Furthermore, solely for purposes of the claims registry, the Claims Agent is authorized to log all other physical proofs of claims filed by holders of Customer Claims who do not file electronic claims with only their names and addresses and to note that such holder is holding a Customer Claim.

21.     The Debtors and the Claims Agent are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

22.     In the event of any inconsistency between the terms of this Order and the Non-Customer Bar Date Order, this Order shall govern.

23.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
     Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

**<u>Exhibit 1</u>**

**Customer Proof of Claim Form**

**United States Bankruptcy Court, District of Delaware**

| Fill in this information to identify the case (Select only one Debtor per claim form): |
|---|

| ☐ FTX Trading Ltd. (d/b/a "FTX") (Case No. 22-11068) | ☐ FTX EU Ltd. (f/k/a K-DNA Financial Services Ltd.) (Case No. 22-11166) | ☐ FTX Japan K.K. (aka "FTX Japan") (Case No. 22-11102) |
|---|---|---|
| ☐ Quoine Pte Ltd (d/b/a Liquid Global) (Case No. 22-11161) | ☐ West Realm Shires Services (d/b/a "FTX US") Inc. (Case No. 22-11071) | |

## Modified Official Form 410

# Customer Proof of Claim Form                                    04/22

**IF YOU WISH TO FILE THIS PROOF OF CLAIM ELECTRONICALLY, THE ELECTRIC FORM IS AVAILABLE AT https://restructuring.ra.kroll.com/ftx/EPOC-Index.**

**Proofs of Claim must be filed in ENGLISH.**

**Any claim, whether valid or not, will be categorized as "Unverified" as described in the Bar Date Order [D.I. #] if the Creditor does not provide Know Your Customer ("KYC") documentation.**

**Read the instructions before filling out this form. This form is for making a customer claim against the Debtors at the FTX Exchanges. Do not** use this form to assert any other pre-petition claims. **Do not** use this form to make a request for payment of an administrative expense.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Claimants do not need to file separate proofs of claim against each Debtor on account of the same Customer Claim.

**To the extent that a holder of a Customer Claim seeks to assert a fraud claim against Debtor Alameda Research LLC (or any other Debtor) for any alleged theft of customer cash, cryptocurrency, digital assets or other assets from any of the FTX Exchanges, such fraud claims shall be deemed filed against every Debtor that is determined to be legally liable and no separate proof of claim is required.**

**Please complete Part 2, Box 8 for any claims arising out of or related to any other investment or trading activities on any FTX Exchange.**

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 11, 2022.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| 1. Who is the current creditor? | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor (if any) _____<br><br>FTX customer account number: _____<br><br>Email Address(es) Used for each FTX Account: _____ |
|---|---|
| 2. Has this claim been acquired from someone else? | ☐ No<br>☐ Yes. From whom? (name, account email and account identification number)<br>_____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name _____<br><br>Number     Street<br><br>City          State          ZIP Code<br><br>Country (If outside of the US)<br><br>Contact phone _____<br><br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br>Name _____<br><br>Number     Street<br><br>City          State          ZIP Code<br><br>Country (If outside of the US)<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. Does this claim amend one already filed? | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known)_____     Filed on _____<br>                                                                                  MM  / DD  / YYYY |

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

---

**Part 2:    Provide Information About the Customer Claim as of the Date the Case was Filed (as of November 11, 2022).**

6. **Did you participate in the FTX Earn program (available via Blockfolio app) as of the petition date?**

☐ No
☐ Yes

---

7.  List the quantity of each type of cryptocurrency ("Crypto") or fiat currency ("Fiat") held in your account(s) as of November 11, 2022. List any Non-Fungible Tokens ("NFTs") held in your account (s) along with the unique identification code.

If your Crypto or Fiat were part of the peer-to-peer ("P2P") margin lending program, then please populate the Loan Quantity column.

| Fiat Currency (Currency Code) Exchange Rate | Total Asserted Quantity of Crypto or Fiat (local currency) | Total Asserted Quantity of Crypto or Fiat (converted to USD) | Loaned Quantity of Crypto or Fiat (converted to USD) |
|---|---|---|---|
| **Fiat – exchange rates are LOCAL CURRENCY/USD** | | | |
| US Dollar (USD) USD/USD = 1.00000 | | | |
| Argentinian Peso (ARS) ARS/USD = 0.006236 | | | |
| Australian Dollar (AUD) AUD/USD = 0.661900 | | | |
| Brazilian Real (BRL) BRL/USD = 0.187100 | | | |
| British Pound Sterling (GBP) GBP/USD = 1.169200 | | | |
| Canadian Dollar (CAD) CAD/USD = 0.750600 | | | |
| Euro (EUR) EUR/USD = 1.021000 | | | |
| Ghanaian cedi (GHS) GHS/USD = 0.069324 | | | |
| Hong Kong Dollar (HKD) HKD/USD = 0.127500 | | | |
| Japanese Yen (JPY) JPY/USD = 0.007093 | | | |
| Mexican Peso (MXN) MXN/USD = 0.051767 | | | |
| Singapore Dollar (SGD) SGD/USD = 0.723500 | | | |
| Swiss Franc (CHF) CHF/USD = 1.038000 | | | |
| Turkish Lira (TRY) TRY/USD = 0.054091 | | | |
| South African rand (ZAR) ZAR/USD = 0.057580 | | | |
| Vietnamese dong (VND) VND/USD = 0.000040 | | | |
| West African CFA franc (XOF) XOF/USD = 0.001531 | | | |
| Other Fiat: | | | |
| Other Fiat: | | | |

| Crypto (Ticker / Abbreviation) | Asserted Quantity of Crypto | Loaned Quantity of Crypto | Staked Quantity of Crypto |
|---|---|---|---|
| Crypto Please list the number of tokens held | | | |
| 3X Long Bitcoin Token (BULL) | | | |
| 3X Long Cardano Token (ADABULL) | | | |
| 3X Long Dogecoin Token (DOGEBULL) | | | |
| 3X Long Ethereum Token (ETHBULL) | | | |
| 3X Long XRP Token (XRPBULL) | | | |
| Aave (AAVE) | | | |
| Akropolis (AKRO) | | | |
| ApeCoin (APE) | | | |
| ATLAS (ATLAS) | | | |
| Atom (ATOM) | | | |
| Aurory (AURY) | | | |
| Avalanche (AVAX) | | | |
| BaoToken (BAO) | | | |
| Basic Attention Token (BAT) | | | |
| Binance Coin (BNB) | | | |
| Bitcoin (BTC) | | | |
| Bitcoin Cash (BCH) | | | |
| Brazilian Digital Token (BRZ) | | | |
| Celsius Token (CEL) | | | |
| ChainLink Token (LINK) | | | |
| Chiliz (CHZ) | | | |
| Compound USDT (CUSDT) | | | |
| Cope (COPE) | | | |
| Crypto.com Coin (CRO) | | | |
| Decentraland (MANA) | | | |
| Dent (DENT) | | | |
| Dogecoin (DOGE) | | | |
| Ethereum (ETH) | | | |
| EthereumPoW (ETHW) | | | |
| Fantom (FTM) | | | |
| FTX Token (FTT) | | | |
| Gala (GALA) | | | |
| Immutable X Token (IMX) | | | |
| Kin (KIN) | | | |
| Litecoin (LTC) | | | |
| Luna 2.0 (LUNA2) | | | |
| Luna Classic (LUNC) | | | |

| Crypto (Ticker / Abbreviation) | Asserted Quantity of Crypto | Loaned Quantity of Crypto | Staked Quantity of Crypto |
|---|---|---|---|
| Crypto (continued) Please list the number of tokens held | | | |
| Matic (MATIC) | | | |
| POLIS (POLIS) | | | |
| Polkadot (DOT) | | | |
| Raydium (RAY) | | | |
| Reserve Rights (RSR) | | | |
| Serum (SRM) | | | |
| Shiba Inu (SHIB) | | | |
| Solana (SOL) | | | |
| Spell Token (SPELL) | | | |
| Step Finance (STEP) | | | |
| SushiSwap (SUSHI) | | | |
| Swipe (SXP) | | | |
| Terra Classic USD (Wormhole) (USTC) | | | |
| The Graph (GRT) | | | |
| The Sandbox (SAND) | | | |
| Thorchain (RUNE) | | | |
| TON Coin (TONCOIN) | | | |
| TRON (TRX) | | | |
| Uniswap Protocol Token (UNI) | | | |
| UpBots (UBXT) | | | |
| USD Coin (USDC) | | | |
| USD Tether (USDT) | | | |
| XRP (XRP) | | | |
| Other Crypto not previously listed (please specify) | | | |
| Coin Type: | | | |
| Coin Type: | | | |
| Coin Type: | | | |
| Coin Type: | | | |
| NFTs (non-fungible tokens) | | | |

| NFT Description: | NFT Description: |
|---|---|
| NFT Identifier: | NFT Identifier: |
| NFT Description: | NFT Description: |
| NFT Identifier: | NFT Identifier: |
| NFT Description: | NFT Description: |
| NFT Identifier: | NFT Identifier: |
| NFT Description: | NFT Description: |
| NFT Identifier: | NFT Identifier: |
| NFT Description: | NFT Description: |
| NFT Identifier: | NFT Identifier: |

8. **Do you have Customer claims related to any other trading activity on the FTX Exchanges? Other trading activity would not include quantities of crypto, fiat or NFTs listed in Box 7 above.**

❑ No

❑ Yes. Please describe: _____

If yes, how much is the claim?    $_____

Please provide any relevant supporting documentation necessary to support a claim related to any other trading activity.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑    I am the creditor.

❑    I am the creditor's attorney or authorized agent.

❑    I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑    I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    _____(mm/dd/yyyy)

_____
Signature

**Name of the person who is completing and signing this claim:**

Name _____
     First name            Middle name            Last name

Title _____

Company _____
     Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
     Number       Street

_____
City                          State    ZIP Code

Contact phone _____    Email _____

**<u>Exhibit 2</u>**

**Customer Bar Date Notice**

<div style="border:1px solid black; padding:10px;">

**NOTICE TO ALL FTX CUSTOMERS:  SEPTEMBER 29, 2023 IS THE DEADLINE TO FILE PROOFS OF CLAIM ON ACCOUNT OF CUSTOMER CLAIMS AGAINST THE FTX DEBTORS.**

**TO ACCESS THE CUSTOMER CLAIMS PORTAL AND SUBMIT A PROOF OF CLAIM, VISIT  HTTP://CLAIMS.FTX.COM.  FOR MORE INFORMATION ABOUT THE PROOF OF CLAIM PROCESS FOR CUSTOMERS, VISIT HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX/.**

</div>

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINES REQUIRING FILING OF CUSTOMER PROOFS OF CLAIM ON OR BEFORE SEPTEMBER 29, 2023 AND CUSTOMER PROOFS OF CLAIM AFFECTED BY THE AMENDMENT OF OR SUPPLEMENT TO THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES**

**TO ALL PERSONS AND ENTITIES WITH CUSTOMER CLAIMS AGAINST ANY OF THE DEBTOR ENTITIES LISTED ON THIS NOTICE:**

On  June [•], 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. [•]] (the "Order") in the chapter 11 cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") establishing **September 29, 2023 at 4:00 p.m., Eastern Time** (the "Customer Bar Date") as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) holding a Customer Claim (as defined below) to file a proof of claim against any of the Debtors listed below:[2]

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https:// https://restructuring.ra.kroll.com/ftx.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    For the avoidance of doubt, this Notice and relevant Bar Dates establish deadlines and procedures for filing proofs of claim against FTX Trading Ltd. and its affiliated debtors and debtors-in-possession and not against Debtor Emergent Fidelity Technologies Ltd.

| Debtor | Case Number | Last Four Digits of Debtor's Federal Tax Identification Number |
|---|---|---|
| FTX EU Ltd. (f/k/a K-DNA Financial Services Ltd., d/b/a "FTX EU") | 22-11166 | N/A |
| FTX Japan K.K. (aka "FTX Japan") | 22-11102 | N/A |
| FTX Trading Ltd. (d/b/a "FTX") | 22-11068 | 3288 |
| Quoine Pte Ltd (d/b/a "Liquid Global") | 22-11161 | N/A |
| West Realm Shires Services Inc. (d/b/a "FTX US") | 22-11071 | N/A |

The Customer Bar Date, the other deadlines established by the Order, and the procedures set forth below for filing proofs of claim apply to all Customer Claims against any of the Debtors that arose prior to **November 11, and in the case of Debtor West Realm Shires Inc., November 14, 2022 (**as applicable, the "Petition Date"), the date on which the Debtors commenced these Chapter 11 Cases, except for those holders of claims listed in Section 4 below that are specifically excluded from the filing requirements established by the Order.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to vote on a Chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates if you hold a Customer Claim (as defined below) against the Debtors.  A "Customer Claim" is any claim of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date (the "Customer Entitlement Claim") or (b) any other investment or trading activities on any FTX Exchange.

"FTX Exchange" means FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), FTX EU Ltd. (f/k/a K-DNA Financial Services Ltd., d/b/a "FTX EU"), Quoine Ptd. Ltd. (d/b/a "Liquid Global"), FTX Japan or Liquid platforms operated by FTX Japan K.K. ("FTX Japan") and FTX Turkey Teknoloji Ve Ticaret A.S or any other exchange or trading platform operated by any Debtor.

Customer Claims shall not include any claims of customers of FTX Japan's two platforms, FTX Japan or Liquid (collectively, the "FTX Japan Platforms"), for cash, cryptocurrency, digital assets or other assets held by such customers in an account on the FTX Japan Platforms as of the Petition Date for which such person or entity has withdrawn, or otherwise received, such cash, cryptocurrency, digital assets or other assets postpetition.

Customer Claims shall also not include any claims of customers of FTX EU Ltd. (f/k/a K-DNA Financial Services Ltd., d/b/a "FTX EU") ("FTX EU") for FTX EU Customer Cash (as defined below) held in FTX EU Client Accounts (as defined below) for which such customer has withdrawn, or otherwise received, such cash, cryptocurrency, digital assets or other assets postpetition, but shall include any claims by customers of FTX EU for cash, cryptocurrency, digital assets or other assets that are not FTX EU Customer Cash and were not withdrawn or

received by such customer postpetition, including any claims of such customer for any other investment or trading activities on any other FTX Exchange.  FTX EU maintained segregated client fiat accounts with certain third party financial institutions (the "FTX EU Client Accounts"), which contained certain client cash (the "FTX EU Customer Cash").

For the avoidance of doubt, Customer Claims shall only include claims against the Debtors and not against any non-Debtors, including any of the founders of the Debtors, including Samuel Benjamin Bankman-Fried, Gary Wang, Nishad Singh and Caroline Ellison (collectively, the "Founders").

You must file a proof of claim for your Customer Claim on or prior to the applicable Bar Date described in this Notice if you are:

    a.    an entity whose Customer Claim is not listed in the applicable Debtor's schedules of assets and liabilities (collectively, the "Schedules");

    b.    an entity that believes its Customer Claim has been listed in an incorrect amount or quantity or improperly characterized in the Debtors' Schedules, and seeks to amend the amount, quantity and/or characterization of such claim in the Schedules; or

    c.    an entity that believes its Customer Claim as listed in the Schedules is not an obligation of the specific FTX Exchange identified in the Schedules, and seeks to assert the claim against a different Debtor or FTX Exchange.

The Order establishes the following bar dates for filing proofs of claim on account of Customer Claims in these Chapter 11 Cases (collectively, the "Bar Dates"):

    a.    Customer Bar Date.  A holder of a Customer Claim against any of the Debtors must file a proof of claim for such Customer Claim on or before **September 29, 2023, at 4:00 p.m., Eastern Time**, subject to the exceptions described herein.

    b.    Amended Schedules Customer Bar Date.  Any entity holding a Customer Claim adversely impacted by an amendment of or supplement to the Schedules with respect to such Customer Claim must file a proof of claim on ***the later of***:  **(a) the Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment of or supplement to the Schedules is served on such entity.**

        The Debtors will provide notice of any amendment of or supplement to the Schedules to the holders of any Customer Claims affected by such amendment or supplement, and will provide such holders with notice of the applicable Amended Schedules Customer Bar Date.  If the holder of a Customer Claim has already submitted a proof of claim with respect to such Customer Claim, such holder may amend its existing proof of claim or file a new proof of claim.

Section 101(5) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") provides that the word "claim" means:  (a) any right to payment, whether or

not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

---

**Attention**:  This Notice is being sent to many individuals and institutions that were identified on the Debtors' books and records as being customers of an FTX Exchange.  The fact that you have received this Notice ***does not*** mean that you have a claim against the Debtors or that the Debtors or the Court believe that you have a claim against the Debtors.

---

2.    **WHAT TO FILE**

Please follow the link emailed to you to access the Customer Claims Portal.  If you did not receive a link, the electronic Customer Claims Portal may be accessed at http://claims.ftx.com.  The Customer Claims Portal will be available in multiple different languages, including, among others, Spanish, Chinese, Japanese, German and Russian.  From the Customer Claims Portal, you will be able to see your account balance and transaction history and you may fill out a proof of claim (the "Customer Proof of Claim Form").  You may also be required to submit "know your customer" information, such as a passport number or tax identification number.  If you wish to obtain a hard copy of the Customer Proof of Claim Form, please visit https://restructuring.ra.kroll.com/FTX/EPOC-Index.

Each proof of claim on account of a Customer Claim must set forth the FTX Exchange against whom the claimant has a claim.  Each proof of claim for any claim based on cryptocurrency(ies) or digital assets must set forth (i) the number of units or quantity of each cryptocurrency or digital asset and (ii) the program (*i.e.*, Earn, Lend or Stake) applicable to each cryptocurrency or digital asset.  The Customer Proof of Claim Form does not require holders of Customer Claims to set forth a dollar valuation for any of the cryptocurrency(ies) or digital assets.[3]  For any claim based on foreign fiat currency(ies), each proof of claim must set forth (i)  the applicable foreign fiat currency(ies), (ii) the claim amount in that foreign fiat currency(ies), (iii) the exchange rate(s) utilized to convert from the foreign fiat currency(ies) to U.S. dollars as of the Petition Date (if different than the listed rate), and (iv) the amount of such fiat currency claim converted to U.S. dollars using the identified exchange rate(s).  For any Customer Claim for fiat currency(ies), each proof of claim must set forth (i) the applicable fiat currency(ies), and (ii) the amount of fiat currency(ies) as of the Petition Date.  For any Customer Claim for NFTs, each proof of claim must set forth (i) the NFT description and (ii) the unique identification code.  In the case of any other claim, the proof of claim must set forth the amount of such claim in U.S. dollars.  For Customer Claims that are not Customer Entitlement Claims, a holder must assert such claim with specificity, including all relevant details regarding such

---

[3]    For the avoidance of doubt, the Debtors are only requesting all holders of Customer Claims to assert their quantities of cryptocurrency, digital assets and other assets and not to include any conversions or valuations.  The Debtors will seek to establish valuations at a later date, and all parties' rights are reserved.

investments or other trading activities (*e.g.*, dates, amounts, quantities, type or nature, alleged facts), and must assert such claim against the applicable Debtor.

Any holder of a Customer Claim that either (x) files a proof of claim for a Customer Entitlement against any Debtor or (y) has a Customer Entitlement Claim that is scheduled against any Debtor and does not separately file a proof of claim with respect to such Customer Entitlement Claim shall be deemed to have filed an identical Customer Entitlement Claim in the same amount against all other Debtors for any alleged theft, conversion, borrowing, or any similar tort, of customer cash, cryptocurrency, digital assets or other assets reflected in such holder's account balance as of the Petition Date.  Accordingly, **such claimants do not need to file separate proofs of claim against each Debtor on account of such Customer Entitlement Claim made for any alleged theft, conversion, borrowing, or similar tort, of customer claim, cryptocurrency, digital assets or other assets reflected in such holder's account balance as of the Petition Date.**  Additionally, for Customer Claims that are not Customer Entitlement Claims, such claim shall be filed on the same Customer Proof of Claim Form (defined below) on the Customer Claims Portal (defined below).

A proof of claim submitted under Debtor FTX Trading Ltd. (Case No. 22-11068) or a proof of claim that does not identify an FTX Exchange will be deemed as submitted only against Debtor FTX Trading Ltd.

If your Customer Claim is scheduled by the Debtors, the Customer Proof of Claim Form also sets forth: (a) the amount or quantity of your Customer Claim as scheduled by the Debtors; and (b) the identity of the Debtor / FTX Exchange against which your Customer Claim is scheduled.

You will receive a different Customer Proof of Claim Form for each Customer Claim scheduled in your name by the Debtors.

**Your proof of claim form must NOT contain complete social security numbers or taxpayer identification numbers (instead, list only the last four digits), a complete birth date (instead, list only the year), the name of a minor (instead, list only the minor's initials) or a financial account number (instead, list only the last four digits of such financial account).  ONLY SUBMIT SENSITIVE INFORMATION VIA THE CUSTOMER CLAIMS PORTAL.**

**3.      WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be ***received* on or before the applicable Bar Date**.  **You are encouraged to submit your proof of claim form electronically through the Customer Claims Portal**.  However, you are permitted to submit proofs of claim by hand delivery or by mail to the applicable address listed below.

**IF ELECTRONICALLY:**

The website established by the Debtors, using the interface available on such website located at http://claims.ftx.com (the "Customer Claims Portal").  The Customer Claims Portal

will be available in multiple different languages, including, among others, Spanish, Chinese, Japanese, German and Russian.

**IF DELIVERED BY FIRST-CLASS MAIL:**

> FTX Trading Ltd. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> Grand Central Station, P.O. Box 4850
> New York, NY 10163-4850

**IF DELIVERED BY HAND OR OVERNIGHT DELIVERY:**

> FTX Trading Ltd. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

Proofs of claim will be deemed filed only when **actually received** at the addresses listed above or filed electronically on or before the applicable Bar Date.  It is not sufficient for the proof of claim to be post-marked by the applicable Bar Date.  **Proofs of claim may NOT be delivered by facsimile, telecopy or email transmission.**

4.     **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim for Customer Claims on or prior to the applicable Bar Date described in this Notice if you are:

   a.  any entity that, at the time the Motion has been filed, has already properly filed a Customer Claim against the Debtors with the clerk of the Bankruptcy Court in the District of Delaware or the Debtors' Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity seeks to assert the Customer Claim against a Debtor or FTX Exchange not identified in the prior proof of claim or in a different amount or quantity than the prior proof of claim, in which case an additional proof of claim amending the prior proof of claim must be filed);

   b.  any entity holding a Customer Claim (i) whose Customer Claim is listed on the Schedules filed by the Debtors; (ii) whose Customer Claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (iii) who does not disagree with the amount or quantity, type or nature, and priority of such Customer Claim as set forth in the Schedules; and (iv) who does not dispute that such Customer Claim is an obligation only of the specific Debtor or FTX Exchange against which the Customer Claim is listed in the Schedules;

   c.  any entity holding any Customer Claim that has previously been allowed by order of this Court;

   d.  any entity that has been paid in full by any of the Debtors;

e. any entity with respect to a claim for which a different deadline has previously been fixed by this Court, including Non-Customer Claims filed in response to the Non-Customer Bar Date Order;

f. any Debtor that holds a claim against another Debtor (whether directly or indirectly); *provided* that if a Debtor's chapter 11 case is dismissed after the Customer Bar Date, such Debtor shall have 30 days after the dismissal of such chapter 11 case to file proof(s) of claim for any Customer Claims such Debtor may have against any FTX Exchange or any other Debtor;

g. any entity that is exempt from filing a proof of claim pursuant to an order of the Court in these Chapter 11 Cases; or

h. any entity holding a claim solely against a non-Debtor entity, including the Founders.

**5.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A CUSTOMER CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM:  (A) ASSERTING THE APPLICABLE CUSTOMER CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY IN THESE CHAPTER 11 CASES OR (B) VOTING ON, OR RECEIVING ANY DISTRIBUTION UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES, EXCEPT TO THE EXTENT THAT SUCH CLAIM IS IDENTIFIED IN THE SCHEDULES AS AN UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIM (INCLUDING WITH RESPECT TO THE AMOUNT, QUANTITY, TYPE OR NATURE OF SUCH CLAIM). **CUSTOMERS WHO DO NOT SUBMIT A PROOF OF CLAIM AND/OR KNOW YOUR CUSTOMER INFORMATION VIA THE CUSTOMER CLAIMS PORTAL WILL NOT HAVE THEIR CUSTOMER CLAIMS BARRED IN ACCORDANCE WITH THIS PARAGRAPH, BUT SUCH CLAIMS WILL BE SUBJECT TO OBJECTION BY THE DEBTORS.**

**6.      THE DEBTORS' SCHEDULES**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  If you received this notice via email, please refer to the descriptions set forth on the enclosed Customer Proof of Claim Form(s) regarding the nature or type, amount or quantity and status of your claim(s), which reflects the information on the Debtors' Schedules.  If the Debtors believe that you may hold claims against more than one Debtor or FTX Exchange, you will receive multiple Customer Proof of Claim Forms, each of which will reflect the nature or type and amount or quantity of your claim against one Debtor or FTX Exchange, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form and Customer

Claims Portal, which lists your claim as scheduled, identifies the Debtor and FTX Exchange against which it is scheduled, and specifies whether the claim is disputed, contingent or unliquidated.  If you agree with the nature or type, quantity or amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor(s) or FTX Exchanges specified by the Debtors in the Schedules, and if your claim is ***not*** described in the Schedules as "disputed," "contingent" or "unliquidated," you need not file a proof of claim.  If you disagree with the nature or type, quantity or amount or classification listed on the enclosed form or the Customer Claims Portal with respect to a proof of claim, you must submit a modified proof of claim form before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules, the Order and other information and documents regarding these Chapter 11 Cases may be examined between the hours of 8:00 a.m. and 4:00 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 Market Street North, 3rd Floor, Wilmington, DE 19801; and are also available free of charge from the website of the Debtors' Noticing and Claims Agent at https://restructuring.ra.kroll.com/FTX/Home-Index, or by written request to the Debtors' Noticing and Claims Agent at the address listed above in Section 3 of this Notice.  The Schedules may be found on the website of the Debtors' Noticing and Claims Agent under the Quick Link for "Schedules and SOFA."

Copies of the Debtors' Schedules, the Order and other information and documents regarding the Debtors' Chapter 11 Cases are also available for a fee from the Court's website at https://ecf.deb.uscourts.gov.  A login and password to the Court's Public Access to Court Electronic Records ("PACER") system are required to access this information and can be obtained through the PACER Service Center at www.pacer.gov.

**7.      RESERVATION OF RIGHTS**
**Nothing contained in this Notice is intended or should be construed as (a) an admission as to the validity or priority of any claim, equity interest or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim, equity interest or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion, the Order, or this Notice, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.**

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**BY ORDER OF THE COURT**

Dated: June [•], 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

## Exhibit 2-A

## Customer Bar Date Postcard

---

**NOTICE TO ALL FTX CUSTOMERS:  SEPTEMBER 29, 2023 IS THE DEADLINE TO FILE PROOFS OF CLAIM ON ACCOUNT OF CUSTOMER CLAIMS AGAINST THE FTX DEBTORS.**

**TO ACCESS THE CUSTOMER CLAIMS PORTAL AND SUBMIT A PROOF OF CLAIM, VISIT HTTP://CLAIMS.FTX.COM.  FOR MORE INFORMATION ABOUT THE PROOF OF CLAIM PROCESS FOR CUSTOMERS, VISIT HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX/.**

---

On November 11 and, in the case of West Realm Shires Inc., November 14, 2023 (as applicable, the "Petition Date"), FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") each filed a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

**Deadline for Filing Proof of Claim.**  In order to vote on a Chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates, **You MUST file a proof of claim by September 29, 2023 at 4:00 p.m., Eastern Time** (the "Customer Bar Date") or, if you are impacted by an amendment of or supplement to the Debtors' schedules with respect to such Customer Claim, *the later of*:  (a) the Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment of or supplement to the Schedules is served on you (the "Customer Bar Dates").

A "Customer Claim" is any claim of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law, or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date (the "Customer Entitlement Claim") or (b) any other investment or trading activities on any FTX Exchange.

"FTX Exchange" means FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), FTX EU Ltd. (f/k/a K-DNA Financial Services Ltd., d/b/a "FTX EU"), Quoine Ptd. Ltd. (d/b/a "Liquid Global"), FTX Japan or Liquid platforms operated by FTX Japan K.K. and FTX Turkey Teknoloji Ve Ticaret A.S or any other exchange or trading platform operated by any Debtor.

**Any holder of a Customer Claim that either (x) files a proof of claim on account of a Customer Entitlement Claim against any Debtor or (y) has a Customer Entitlement Claim that is scheduled against any Debtor and does not separately file a proof of claim with respect to such Customer Entitlement Claim, shall be deemed to have filed an identical Customer Entitlement Claim in the same amount against all other Debtors for any alleged theft, conversion or any similar tort, of customer cash, cryptocurrency, digital assets or other assets reflected in such holder's account balance as of the Petition Date. Claimants do not need to file separate proofs of claim against each Debtor on account of the same Customer Entitlement Claim made for any alleged theft, conversion, borrowing, or similar tort, of customer cash, cryptocurrency, digital assets or other assets reflected in such holder's account balance as of the Petition Date.**

For the avoidance of doubt, Customer Claims shall only include claims against the Debtors and not against any non-Debtors, including any of the founders of the Debtors, including Samuel Benjamin Bankman-Fried, Gary Wang, Nishad Singh and Caroline Ellison (the "Founders").

**The electronic Customer Claims Portal may be accessed at http://claims.ftx.com. The Debtors encourage use of the Customer Claims Portal.**

If you wish to obtain a hard copy of the Customer Proof of Claim Form, please visit https://restructuring.ra.kroll.com/FTX/EPOC-Index.

Each physical proof of claim must: (i) be written in English; (ii) conform substantially to the Customer Proof of Claim Form; and (iii) unless otherwise consented to by the Debtors in writing, include supporting documentation evidencing voluminous, in which case a summary must be attached. If documentation is unavailable, the claimant shall provide an explanation as to why documentation is not available. Each holder of a Customer Claim must indicate the FTX Exchange against whom the claimant has a claim by checking the box with respect to physical proofs of claim or selecting from the dropdown menu with respect to electronic proofs of claim.

In addition, each proof of claim must set forth, for any claim based on cryptocurrency(ies) or digital assets, (i) the number of units or quantity and (ii) the program (*i.e.*, Earn, Lend or Stake) applicable to each cryptocurrency or digital asset. The Customer Proof of Claim Form does not require holders of Customer Claims to set forth a dollar valuation for any of the cryptocurrency(ies) or digital assets.[1] For any claim based on foreign fiat currency(ies), each proof of claim must set forth (i) the applicable foreign fiat currency(ies), (ii) the claim amount in that foreign fiat currency(ies), (iii) the exchange rate(s) utilized to convert from the foreign fiat currency(ies) to U.S. dollars as of the Petition Date (if different than the listed rate), and (iv) the amount of such fiat currency claim converted to U.S. dollars using the identified exchange rate(s). For any Customer Claim for fiat currency(ies), each proof of claim must set forth (i) the applicable fiat currency(ies), and (ii) the amount of fiat currency(ies) as of the Petition Date. For any Customer Claim for NFTs, each proof of claim must set forth (i) the NFT description and (ii) unique identification code. In the case of any other claim, the proof of claim must set forth the amount of such claim in U.S. dollars. For Customer Claims that are not Customer Entitlement Claims, the holder must assert such claim with specificity, including all relevant details

---

[1] For the avoidance of doubt, the Debtors are only requesting all holders of Customer Claims to assert their quantities of cryptocurrency, digital assets and other assets and not to include any conversions or valuations. The Debtors will seek to establish valuations at a later date, and all parties' rights are reserved.

regarding such investments or other trading activities (*e.g.*, dates, amounts, quantities, type or nature, alleged facts), and must assert such claim against the applicable Debtor.

You **need not** file a proof of claim if your claim falls into any of the following categories:

a.  any entity that, at the time the Motion was filed, has already properly filed a Customer Claim against the Debtors with the clerk of the Bankruptcy Court in the District of Delaware or the Debtors' Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such entity seeks to assert the Customer Claim against a Debtor or FTX Exchange not identified in the prior proof of claim or in a different quantity than the prior proof of claim, in which case an additional proof of claim amending the prior proof of claim must be filed);

b.  any entity holding a Customer Claim (i) whose Customer Claim is listed on the Schedules filed by the Debtors; (ii) whose Customer Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (iii) who does not disagree with the amount or quantity, type or nature, and priority of such Customer Claim as set forth in the Schedules; and (iv) who does not dispute that such Customer Claim is an obligation only of the specific Debtor or FTX Exchange against which the Customer Claim is listed in the Schedules;

c.  any entity holding any Customer Claim that has previously been allowed by order of this Court;

d.  any entity that has been paid in full by any of the Debtors;

e.  any entity with respect to a claim for which a different deadline has previously been fixed by this Court, including Non-Customer Claims filed in response to the Non-Customer Bar Date Order;

f.  any Debtor that holds a claim against another Debtor (whether directly or indirectly); *provided* that if a Debtor's chapter 11 case is dismissed after the Customer Bar Date, such Debtor shall have 30 days after the dismissal of such chapter 11 case to file proof(s) of claim for any Customer Claims such Debtor may have against any FTX Exchange or any other Debtor;

g.  any entity that is exempt from filing a proof of claim pursuant to an order of the Court in these Chapter 11 Cases; and

h.  any entity holding a claim solely against a non-Debtor entity, including the Founders.

ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A CUSTOMER CLAIM THAT IS NOT EXEMPTED FROM THE CUSTOMER BAR DATE THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM: (A) ASSERTING THE APPLICABLE CUSTOMER CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY IN THESE CHAPTER 11 CASES OR (B) VOTING ON, OR RECEIVING ANY DISTRIBUTION UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES, EXCEPT TO THE EXTENT THAT SUCH CLAIM IS IDENTIFIED IN THE SCHEDULES AS AN UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIM (INCLUDING WITH RESPECT TO THE AMOUNT, QUANTITY, TYPE OR NATURE OF SUCH CLAIM). **CUSTOMERS WHO DO NOT SUBMIT A PROOF OF CLAIM AND/OR KNOW YOUR CUSTOMER INFORMATION VIA THE CUSTOMER CLAIMS PORTAL WILL NOT HAVE THEIR CUSTOMER CLAIMS BARRED IN ACCORDANCE WITH THIS PARAGRAPH, BUT SUCH CLAIMS WILL BE SUBJECT TO OBJECTION BY THE DEBTORS.**

**[Mailing Address Here]**

**Exhibit 3**

**Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINES REQUIRING FILING OF CUSTOMER PROOFS OF CLAIM ON OR BEFORE SEPTEMBER 29, 2023 AND CUSTOMER PROOFS OF CLAIM AFFECTED BY THE AMENDMENT OF OR SUPPLEMENT TO THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES**

---

**NOTICE TO ALL FTX CUSTOMERS:  SEPTEMBER 29, 2023 IS THE DEADLINE TO FILE PROOFS OF CLAIM ON ACCOUNT OF CUSTOMER CLAIMS AGAINST THE FTX DEBTORS.**

**TO ACCESS THE CUSTOMER CLAIMS PORTAL AND SUBMIT A PROOF OF CLAIM, VISIT HTTP://CLAIMS.FTX.COM.  FOR MORE INFORMATION ABOUT THE PROOF OF CLAIM PROCESS FOR CUSTOMERS, VISIT HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX/.**

---

**CUSTOMER BAR DATE IS SEPTEMBER 29, 2023 AT 4:00 P.M. EASTERN TIME**

PLEASE TAKE NOTICE OF THE FOLLOWING:

On  June [•], 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [D.I. [•]] (the "Order") in the chapter 11 cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") establishing **September 29, 2023 at 4:00 p.m., Eastern Time** (the "Customer Bar Date") as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) holding a Customer Claim (as defined below) to file a proof of claim in these Chapter 11 Cases.[2]

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https:// https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    For the avoidance of doubt, this Notice and relevant Bar Dates establish deadlines and procedures for filing proofs of claim against FTX Trading Ltd. and its affiliated debtors and debtors-in-possession and not against Debtor Emergent Fidelity Technologies Ltd.

1.      **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a Chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates if you hold a Customer Claim (as defined below) against the Debtors.  A "Customer Claim" is any claim of any kind or nature or whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date (the "Customer Entitlement Claim") or (b) any other investment or trading activities on any FTX Exchange.

"FTX Exchange" means FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), FTX EU Ltd. (f/k/a K-DNA Financial Services Ltd., d/b/a "FTX EU"), Quoine Ptd. Ltd. (d/b/a "Liquid Global"), FTX Japan or Liquid platforms operated by FTX Japan K.K. ("FTX Japan") and FTX Turkey Teknoloji Ve Ticaret A.S or any other exchange or trading platform operated by any Debtor.

Customer Claims shall not include any claims for cash, cryptocurrency, digital assets or other assets held by any person or entity in an account on (i) FTX Japan's two platforms, FTX Japan or Liquid or (ii) FTX EU Ltd. (f/k/a K-DNA Financial Services Ltd., d/b/a "FTX EU") as of the Petition Date for which such person or entity has withdrawn, or received, such cash, cryptocurrency, digital assets or other assets postpetition.  Customer Claims shall include the portion of such cash, cryptocurrency, digital assets or other assets that were not withdrawn or received by such person or entity and shall also include any claims of such person or entity arising out of or related to any other investment or trading activities on any FTX Exchange.

For the avoidance of doubt, Customer Claims shall only include claims against the Debtors and not against any non-Debtors, including any of the founders of the Debtors, including Samuel Benjamin Bankman-Fried, Gary Wang, Nishad Singh and Caroline Ellison (collectively, the "Founders").

The Order establishes the following bar dates for filing proofs of claim in these Chapter 11 Cases (collectively, the "Bar Dates"):

a.  Customer Bar Date.  A holder of a Customer Claim against any of the Debtors must file a proof of claim for such Customer Claim on or before **September 29, 2023, at 4:00 p.m., Eastern Time**, subject to the exceptions described therein.

b.  Amended Schedules Customer Bar Date.  Any entity holding a Customer Claim adversely impacted by an amendment of or supplement to the Schedules with respect to such Customer Claim must file a proof of claim on ***the later of***:  **(a) the Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment of or supplement to the Schedules is served on such entity.**

2.    **WHAT TO FILE**

Each proof of claim on account of a Customer Claim must set forth the FTX Exchange against whom the claimant has a claim.  Each proof of claim for any claim based on cryptocurrency(ies) or digital assets must set forth (i) the number of units or quantity of each cryptocurrency or digital asset and (ii) the program (*i.e.*, Earn, Lend or Stake) applicable to each cryptocurrency or digital asset.  The Customer Proof of Claim Form does not require holders of Customer Claims to set forth a dollar valuation for any of the cryptocurrency(ies) or digital assets.[3]  For any claim based on foreign fiat currency(ies), each proof of claim must set forth (i) the applicable foreign fiat currency(ies); (ii) the claim amount in that foreign fiat currency(ies); (iii) the exchange rate(s) utilized to convert from the foreign fiat currency(ies) to U.S. dollars as of the Petition Date (if different than the listed rate); and (iv) the amount of such fiat currency claim converted to U.S. dollars using the identified exchange rate(s).  For any Customer Claim for fiat currency(ies), each proof of claim must set forth (i) the applicable fiat currency(ies), and (ii) the amount of fiat currency(ies) as of the Petition Date.  For any Customer Claim for NFTs, each proof of claim must set forth (i) the NFT description and (ii) the unique identification code.  In the case of any other claim, the proof of claim must set forth the amount of such claim in U.S. dollars.  For Customer Claims that are not Customer Entitlement Claims, a holder must assert such claim with specificity, including all relevant details regarding such investments or other trading activities (*e.g.*, dates, amounts, quantities, type or nature, alleged facts), and must assert such claim against the applicable Debtor.

Any holder of a Customer Claim that either (x) files a proof of claim for a Customer Entitlement against any Debtor or (y) has a Customer Entitlement Claim that is scheduled against any Debtor and does not separately file a proof of claim with respect to such Customer Entitlement Claim shall be deemed to have filed an identical Customer Entitlement Claim in the same amount against all other Debtors for any alleged theft, conversion, borrowing, or any similar tort, of customer cash, cryptocurrency, digital assets or other assets reflected in such holder's account balance as of the Petition Date.  Accordingly, **such claimants do not need to file separate proofs of claim against each Debtor on account of such Customer Entitlement Claim made for any alleged theft, conversion, borrowing, or similar tort, of customer claim, cryptocurrency, digital assets or other assets reflected in such holder's account balance as of the Petition Date.**  Additionally, for Customer Claims that are not Customer Entitlement Claims, such claim shall be filed on the same Customer Proof of Claim Form (defined below) on the Customer Claims Portal (defined below).

A proof of claim submitted under Debtor FTX Trading Ltd. (Case No. 22-11068) or a proof of claim that does not identify an FTX Exchange will be deemed as submitted only against Debtor FTX Trading Ltd.

**Your proof of claim form must NOT contain complete social security numbers or taxpayer identification numbers (instead, list only the last four digits), a complete birth date (instead, list only the year), the name of a minor (instead, list only the minor's initials) or a financial account number (instead, list only the last four digits of such financial**

---

[3]    For the avoidance of doubt, the Debtors are only requesting all holders of Customer Claims to assert their quantities of cryptocurrency, digital assets and other assets and not to include any conversions or valuations.  The Debtors will seek to establish valuations at a later date, and all parties' rights are reserved.

**account).  ONLY SUBMIT SENSITIVE INFORMATION VIA THE CUSTOMER CLAIMS PORTAL.**

**3.      WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be ***received*** **on or before the applicable Bar Date.  <u>You are encouraged to submit your proof of claim form electronically through the Customer Claims Portal</u>**.  However, you are permitted to submit proofs of claim by hand delivery or by mail to the applicable address listed below.

**IF ELECTRONICALLY:**

The website established by the Debtors, using the interface available on such website located at http://claims.ftx.com (the "<u>Customer Claims Portal</u>").  The Customer Claims Portal will be available in multiple different languages, including, among others, Spanish, Chinese, Japanese, German and Russian.

**IF DELIVERED BY FIRST-CLASS MAIL:**

> FTX Trading Ltd. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> Grand Central Station, P.O. Box 4850
> New York, NY 10163-4850

**IF DELIVERED BY HAND OR OVERNIGHT DELIVERY:**

> FTX Trading Ltd. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

Proofs of claim will be deemed filed only when **<u>actually received</u>** at the addresses listed above or filed electronically on or before the applicable Bar Date.  It is not sufficient for the proof of claim to be post-marked by the applicable Bar Date.  **<u>Proofs of claim may NOT be delivered by facsimile, telecopy or email transmission.</u>**

**4.      WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

The Order provides that certain entities, whose claims otherwise would be subject to the Bar Dates, need not file proofs of claim.  To review a copy of the Order, please visit https://restructuring.ra.kroll.com/FTX/EPOC-Index.

**5.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A CUSTOMER CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF

CLAIM IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM:  (A) ASSERTING THE APPLICABLE CUSTOMER CLAIM AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY IN THESE CHAPTER 11 CASES OR (B) VOTING ON, OR RECEIVING ANY DISTRIBUTION UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES, EXCEPT TO THE EXTENT THAT SUCH CLAIM IS IDENTIFIED IN THE SCHEDULES AS AN UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIM (INCLUDING WITH RESPECT TO THE AMOUNT, QUANTITY, TYPE OR NATURE OF SUCH CLAIM). **CUSTOMERS WHO DO NOT SUBMIT A PROOF OF CLAIM AND/OR KNOW YOUR CUSTOMER INFORMATION VIA THE CUSTOMER CLAIMS PORTAL WILL NOT HAVE THEIR CUSTOMER CLAIMS BARRED IN ACCORDANCE WITH THIS PARAGRAPH, BUT SUCH CLAIMS WILL BE SUBJECT TO OBJECTION BY THE DEBTORS.**

**6.      THE DEBTORS' SCHEDULES AND ADDITIONAL INFORMATION**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  Copies of the Debtors' Schedules, the Order and other information and documents regarding the Debtors' Chapter 11 Cases are available for a fee from the Court's website at https://ecf.deb.uscourts.gov, and are available free of charge at https://restructuring.ra.kroll.com/FTX/EPOC-Index, or by written request to the Debtors' Noticing and Claims Agent, Kroll, at the address listed above in Section 3 of this Notice.

If you have any additional questions, you may contact Kroll via email FTXInfo@ra.kroll.com or call 888-482-0049 (US/Canada Toll-Free); 646-440-4176 (International).

If you rely on the Debtors' Schedules, it is your responsibility to determine that any claim is accurately listed in the Schedules.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**BY ORDER OF THE COURT**

Dated: [•], 2023
Wilmington, Delaware