# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 545 & 1324** |

### ORDER AUTHORIZING THE MOVANTS TO REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS AND PERSONAL INFORMATION OF INDIVIDUALS

Upon the joint motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee" and, together with the Debtors, the "Movants"), for entry of an order (this "Order") authorizing the Movants to redact (a) the names, addresses and e-mail addresses of the Debtors' customers from any filings with the Court or made publicly available in these Chapter 11 Cases and (b) the names, addresses and e-mail addresses of any creditors or equity holders who are natural persons and who are protected by the GDPR or Japan data privacy laws from any filings with the Court or made publicly available in these Chapter 11 Cases; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{1368.002-W0070617.}

issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED in part, and DENIED in part, as set forth herein, for the reasons set forth on the record at the hearing on the Motion on June 9, 2023.

2.  The Debtors and the Committee are each authorized, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names of all customers, and to redact the names, addresses and e-mail addresses of customers who are not natural persons, is only until the date that is 90 days from the date of the entry of this Order (such date, the "Extended Redaction Deadline"); *provided, further* that the time period in which the Debtors and the Committee are authorized to redact the names of customers who are natural persons is governed by paragraph 4 of this Order; *provided*, *further* that the authorization to redact the names of

customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, is limited to those documents in which disclosure would indicate the status of such person or entity as a customer.

3. The right of the Debtors, the Committee, and all other parties-in-interest to seek an extension of the Extended Redaction Deadline, or to request authorization to redact any personal information of customers, creditors or equity holders on any other grounds, are reserved.

4. The Debtors and the Committee are each authorized, pursuant to section 107(c)(1) of the Bankruptcy Code, to permanently redact the names of all customers who are natural persons from all filings with the Court or made publicly available in these Chapter 11 Cases in which disclosure would indicate such person's status as a customer.

5. The Motion is denied with respect to the Movants' request to redact the names, addresses and e-mail addresses of any creditors or equity holders who are natural persons from any filings with the Court or made publicly available in these Chapter 11 Cases on the basis that such persons are protected by the GDPR or Japan data privacy law.

6. For the avoidance of doubt, the Debtors and the Committee shall each file unredacted versions of any papers redacted pursuant to this Order under seal with the Court in accordance with the Local Rules.

7. Notwithstanding anything to the contrary in the order relating to the retention of a claims agent, or any Local Rules or Bankruptcy Rules, the Claims and Noticing Agent is authorized to (a) suppress from the Claims Register (i) the names, addresses and e-mail addresses of the Debtors' customers until the Extended Redaction Deadline, and (ii) the names of the Debtors' customers who are natural persons; (b) file affidavits of services redacting (i) the names, addresses and e-mail addresses of the Debtors' customers until the Extended Redaction

Deadline, and (ii) the names of the Debtors' customers who are natural persons; and (c) withhold publication of proofs of claim filed by customers in accordance with the terms of this Order, *provided* that the Claims and Noticing Agent shall serve the Debtors' customers, creditors and equity holders at their actual addresses and e-mail addresses.

8.     The Debtors and the Committee shall each provide unredacted copies of any filings redacted pursuant to this Order to (a) the U.S. Trustee, counsel to the Committee, the Debtors, and any trustee or examiner that is appointed in these Chapter 11 Cases, except that unredacted copies of affidavits of service shall be provided only upon request; (b) upon request to the U.S. Department of Justice, counsel to the U.S. Securities and Exchange Commission, counsel to state governmental agencies of the State of Texas; and (c) upon further order of the Court, any other party.

9.     Upon request of a party-in-interest, the Court may, upon a showing of good cause, release some or all of the information that is being redacted pursuant to the authority granted by this Order. All parties' rights in this regard are reserved.

10.    To the extent a party-in-interest files a document on the docket in these Chapter 11 Cases that is required to be served on creditors whose information is under seal pursuant to this Order, such party-in-interest should contact counsel for the Debtors who shall work in good faith, with the assistance of their Claims and Noticing Agent, to effectuate the service on such party's behalf.

11.    Nothing in this Order prohibits any customer, creditor or equity holder from voluntarily identifying itself in connection with these Chapter 11 Cases, or voluntarily disclosing any of their contact information. Nothing in this Order exempts any customer, creditor or equity holder from compliance with Bankruptcy Rule 2019.

12. Nothing in this Order alters the Original Order's authorization of the Debtors to redact addresses and e-mail addresses of the Debtors' customers, creditors and equity holders who are natural persons.

13. Nothing in this Order alters the Original Order's requirement that the name of any creditor who was appointed by the U.S. Trustee to the Official Committee of Unsecured Creditors, and the address, e-mail address or phone numbers of any creditor who is not natural persons and was appointed by the U.S. Trustee to the Official Committee of Unsecured Creditors not be redacted from the Debtors' refiled Consolidated Lists of Top 50 Creditors.

14. Each of the Movants are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

15. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge