**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: September 13, 2023 at 1:00 p.m. (ET)<br>Obj. Deadline: July 5, 2023 at 4:00 p.m. ET |

**FIRST INTERIM FEE APPLICAION OF ERNST & YOUNG LLP**

| Name of Applicant | Ernst & Young LLP |
|---|---|
| Authorized to Provide Professional Services to: | the Debtors and Debtors-in-Possession |
| Date of Retention: | January 17, 2023 *nunc pro tunc* to November 28, 2022 |
| Period for which compensation and reimbursement is sought: | November 28, 2022 through January 31, 2023 |
| Amount of interim fees to be approved as reasonable and necessary[2]: | $2,394,291.00 |
| Amount of interim expenses sought as actual, reasonable and necessary: | $45,224.21 |
| Total compensation paid to date: | $1,915,855.04 |
| Total expenses paid to date: | $45,224.21 |
| Blended rate for this application: | $613.87 |
| Number of professionals included on this application: | 113 |

This is a(n) ___ monthly _X_ interim ____ final application.  No prior application has been filed with respect to this Fee Period.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] During the 1st monthly application, EY inadvertently billed Walter Bieganski at a rate of $213.00 rather than the $200.00 per his filed declaration. The difference between these two rates meant EY overbilled his services by $527.80 ($13.00 multiply 40.60). Therefore, EY has reduced its fees by $527.80 for this First Interim Application.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FTX TRADING LTD., *et al.*,[3] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11068 (JTD) <br><br> (Jointly Administered) <br><br> Hearing Date: September 13, 2023 at 1:00 p.m. (ET) <br> Obj. Deadline: July 5, 2023 at 4:00 p.m. ET |

## FIRST INTERIM FEE APPLICAION OF ERNST & YOUNG LLP

Ernst & Young LLP ("EY LLP"), Tax Services Provider to FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submits this *First Interim Fee Application of Ernst & Young LLP* (the "Application") for allowance of compensation for professional services rendered and expenses incurred for the period from November 28, 2022 through and including January 31, 2023 (the "Application Period"). In support the Application, EY LLP respectfully states as follows:

## Background

1. On November 11 and November 14, 2022,[4] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended or modified, the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the

---

[3] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[4] November 11, 2022 is the petition date for all Debtors, except for Debtor West Realm Shires Inc.

2

Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. On January 17, 2023, the Court entered the Order Authorizing the Retention and Employment of EY LLP as Tax Services Provider *Nunc Pro Tunc* to November 28, 2022 [D.I. 505] authorizing the retention and employment of EY LLP as the Debtors' Tax Services Provider, *nunc pro tunc* to November 28, 2022.

3. On January 9, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435] (the "Interim Compensation Order").

## Jurisdiction

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

5. By this Application and in accordance with the Interim Compensation Order, EY LLP seeks interim approval and allowance of compensation for professional services rendered and reimbursement of expenses incurred for the Application Period (the "Period

Compensation"), including authorization for the Debtors to pau the 20% holdback of fees and provided under the Interim Compensation Order (the "Holdback"). EY LLP has filed and served monthly fee application covering the Application Period (collectively, the "Monthly Fee Applications"). Each of the Monthly Fee Applications in incorporated by reference as if fully set forth herein. For the avoidance, by this Application, EY LLP is seeking only allowance of the Period Compensation previously set forth in the Monthly Fee Applications and payment of the Holdback. Other than the Holdback, EY LLP is not requesting additional fees or expense reimbursement above the Period Compensation.

6. In accordance with the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,* this Application is supported by the following exhibits:

- **Exhibit A:** Summary of Hours and Fees by Professional of EY LLP that worked on the Chapter 11 Cases

- **Exhibit B:** Summary of Hours and Fees by Matter Category

- **Exhibit C:** Summary of Expenses

- **Exhibit D:** Certification of Thomas M. Shea in support of the Application

### Compensation Requested

7. EY LLP seeks interim allowance of fees in the amount of $2,394,291.00[5] for services rendered during the Application Period and $45,224.21 of related expenses, which were incurred during the Application Period. In Addition, EY LLP requests that the Debtors be

---

[5] During the 1st monthly application, EY inadvertently billed Walter Bieganski at a rate of $213.00 rather than the $200.00 per his filed declaration. The difference between these two rates meant EY overbilled his services by $527.80 ($13.00 multiply 40.60). Therefore, EY has reduced its fees by $527.80 for this First Interim Application.

authorized to pay the $478,858.20 in fees representing the twenty present (20%) "Holdback" of fees.

8.     The services performed by EY LLP during the Application Period included tax services.

## Notice

9.     Notice of this Application has been given to the following parties or, in lieu of, to their counsel, if known: (a) the U.S. Trustee; (b) the Official Committee of Unsecured Creditors (c) the Fee Examiner and (d) all parties required to be given notice in the Interim Compensation Order.  EY LLP submits that no other or further notice is necessary.

## Conclusion

WHEREFORE, EY LLP respectfully requests that the Bankruptcy Court (i) approve the Application and (ii) grant such further relief as is just and proper.

Dated: June 15, 2023                                             /s/ Thomas M. Shea
       New York, NY                                              Thomas M. Shea
                                                                 Partner/Principal
                                                                 Ernst & Young LLP