## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : : : | Chapter 11 |
| | : : | |
| FTX TRADING LTD., *et al.*,[1] | : : : | Case No. 22-11068 (JTD) (Jointly Administered) |
| | : : | |
| Debtors. | : : : | **Hearing Date:  June 28, 2023, at 1:00 p.m.** **Objection Deadline:  June 21, 2023, at 4:00 p.m. (extended for UST to June 24)** |
| | | Re:  D.I. 1635 |

## LIMITED OBJECTION OF THE UNITED STATES TRUSTEE
## TO DEBTORS' MOTION TO ESTABLISH CUSTOMER BAR DATE

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S.

Trustee"), through his undersigned counsel, objects on a limited basis to the *Motion of Debtors*

*for Entry of an Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B)*

*Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner*

*of Notice Thereof and (II) Granting Related Relief* [D.I. 1635] (the "Motion"), and in support of

his limited objection respectfully states:

### PRELIMINARY STATEMENT

1.    Paragraph 20 of the proposed form of order submitted with the Motion

would authorize the claims agent to "log" physically filed proofs of claim filed by customers

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

who do not file electronic claims with only their names and addresses, noting that such holder has a customer claim.  The Court should deny this relief because it is contrary to Local Rule 2002-1(f)(viii), which provides: "The complete proof of claim and any attachment thereto shall be viewable and accessible by the public, subject to Local Rule 9037-1[.]"  Notwithstanding the fact that the sealing of customer-related information which this Court has previously authorized is limited, the Debtors are impermissibly seeking to prevent access to the balance of the contents of physically-filed customer proofs of claim.

2.      The U.S. Trustee understands that redacted versions of electronically filed proofs of claim may not be made available on the claims register, either.  The Court should deny any such relief.

## JURISDICTION, VENUE AND STANDING

3.      Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this limited objection.

4.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

5.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this objection.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

**FACTUAL BACKGROUND**

6.      On November 11 and 14, 2022, the above-captioned debtors (the

"Debtors") filed chapter 11 petitions in this Court.

7.      The Debtors continue to operate their business(es) as debtors in possession

pursuant to 11 U.S.C. §§ 1107 and 1108.

8.      On November 17, 2022, the Debtors filed an application to retain Kroll

Restructuring Administration LLC ("Kroll") as their claims and noticing agent under 28 U.S.C. §

156(c).  D.I. 28.  In that application, Kroll represented that: "Kroll will perform the following

tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto: . . .

(i) Provide public access to the Claims Registers, including complete proofs of claim with

attachments, if any, without charge[.]"  D.I. 28 ¶ 9(i).  The rate sheet attached to Kroll's retention

application states that Kroll's analysts would charge $30-$60 per hour for processing incoming

proofs of claim.  *Id.* Ex. C at 11 of 12.

9.      On November 22, 2022, the Court held a first-day hearing in these cases.

At that hearing, the U.S. Trustee objected to the *Motion of Debtors for Entry of Interim and

Final Orders (I) Authorizing the Debtors To Maintain a Consolidated List of Creditors in Lieu of

Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors To Redact or

Withhold Certain Confidential Information of Individuals and (III) Granting Certain Related

Relief* [D.I. 45].  Specifically, the U.S. Trustee objected to a provision in the proposed form of

order that would have authorized the claims agent to withhold publication of proofs of claim.

*See* D.I. 142 at 45:7-24.  The Court granted the relief requested on an interim basis and stated:

"So, again, on an interim basis I will grant the release requested by the debtor excluding the

proof of claim.  We will take that out of the form of order.  We will deal with that once we set a

bar date because, as debtors' counsel pointed out, if someone wants to voluntarily disclose who they are that's perfectly okay, they can do that." D.I. 142 at 53:11-16.

10.     On June 14, 2023, the Debtors filed the Motion.

11.     On June 15, 2023, the U.S. Trustee gave informal comments about the Motion. Substantially all of the U.S. Trustee's comments have been resolved.

12.     Paragraph 10(iii)(c) of the proposed form of order submitted with the Motion provides:

> For the avoidance of doubt, unless otherwise ordered by the Court, the Claims Agent is authorized and directed to make public every proof of claim filed pursuant to this Order, and the Claims Agent, the Debtors, their estates and their respective directors, officers, employees, agents, and professionals shall have no liability for making public any proof of claim filed pursuant to this Order.

D.I. 1635 Ex. A ¶ 10(iii)(c).

13.     Paragraph 20 of the proposed form of order filed with the Motion provides:

> The Claims Agent is hereby authorized to refrain from processing and logging in the claims registry any physical proofs of claims filed by holders on account of Customer Claims that are duplicates of electronically filed claims. Furthermore, solely for purposes of the claims registry, the Claims Agent is authorized to log all other physical proofs of claims filed by holders of Customer Claims who do not file electronic claims with only their names and addresses and to note that such holder is holding a Customer Claim.

*Id.* ¶ 20.

14.     On June 15, 2023, the Court entered the *Order Authorizing the Movants To Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1643]. Paragraph 7 of that order provides:

> Notwithstanding anything to the contrary in the order relating to the retention of a claims agent, or any Local Rules or Bankruptcy Rules,

4

the Claims and Noticing Agent is authorized to (a) suppress from the Claims Register (i) the names, addresses and e-mail addresses of the Debtors' customers until the Extended Redaction Deadline, and (ii) the names of the Debtors' customers who are natural persons; (b) file affidavits of services redacting (i) the names, addresses and e-mail addresses of the Debtors' customers until the Extended Redaction Deadline, and (ii) the names of the Debtors' customers who are natural persons; and (c) withhold publication of proofs of claim filed by customers in accordance with the terms of this Order, *provided* that the Claims and Noticing Agent shall serve the Debtors' customers, creditors and equity holders at their actual addresses and e-mail addresses.

D.I. 1643 ¶ 7.

15.     On June 22, 2023, the media intervenors filed a notice of appeal of that order.  *See* D.I. 1688.

## ARGUMENT

16.     The Court should require the Debtors' claims agent to make physically-filed proofs of claim publicly available, as required by Local Rule 2002-1(f)(viii).

17.     Section 107(a) of the Bankruptcy Code provides that "Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107(a).

18.     Section 501(a) of the Bankruptcy Code provides: "A creditor or an indenture trustee may *file* a proof of claim.  An equity security holder may *file* a proof of interest."  11 U.S.C. § 501(a) (emphasis added).

19.     Fed. R. Bankr. P. 5003(b) provides: "The clerk shall keep in a claims register a list of claims *filed* in a case when it appears that there will be a distribution to unsecured creditors." (emphasis added).

20.     Local Rule 2002-1(f) provides in relevant part:

Upon motion of the debtor or trustee, in conformity with Local Form 134, at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c). In all cases with more than two hundred (200) creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion on the first day of the case or within seven (7) days thereafter. The notice and/or claims clerk shall comply with the Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c) (which can be found on the Court's website) and shall perform the functions below.

[ . . . ]

(viii) Allow public access to claims and the claims register at no charge. The complete proof of claim and any attachment thereto shall be viewable and accessible by the public, subject to Local Rule 9037-1[.]

21.    Local Rule 9037-1 provides in part:

(a) <u>Responsibility for Redaction.</u>  The responsibility for redacting personal data identifiers (as defined in Fed. R. Bankr. P. 9037) rests solely with counsel, parties in interest and non-parties. The Clerk, or claims agent if one has been appointed, will not review each document for compliance with this Rule. In the event the Clerk, or claims agent if one has been appointed, discovers that personal identifier data or information concerning a minor individual has been included in a pleading, the Clerk, or claims agent if one has been appointed, is authorized, in its sole discretion, to restrict public access (except as to the filer, the case trustee, the United States Trustee and the claims agent) to the document in issue and inform the filer of the requirement to file a motion to redact.

22.    "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *accord Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780-81 (3d Cir. 1994) (recognizing "a right of access to judicial proceedings and judicial records" that is "beyond dispute") (citation omitted). The "strong presumption in favor of public access to judicial records and papers . . . has statutory, common

law and First Amendment underpinnings[.]" *In re Continental Airlines,* 150 B.R. 334, 341 (D. Del. 1993). The common law right of access "antedates the Constitution" and "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019) (citations, quotation marks omitted).

23.     Courts have generally observed that the common law right of access is codified in Section 107(a) of the Bankruptcy Code. *See In re A C & S Inc.*, 775 Fed.Appx. 78, 79 (3d Cir. 2019); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 74-75 (Bankr. D. Del. 2006) (citing cases); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013).

24.     A document that is filed with the Court in a non-discovery matter or is otherwise somehow incorporated or integrated into the trial court's adjudicatory proceedings is a judicial record to which the common law's strong presumption of access attaches. *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d at 672.

25.     Here, the Debtors are seeking to prevent public access to physically-filed proofs of claim, ostensibly on grounds that the cost of redacting an undetermined number of such proofs of claim is excessive. Pursuant to Section 501(a) of the Bankruptcy Code, proofs of claim are filed documents. 11 U.S.C. § 501(a); *see also* Rule 3003(c)(2) (creditors who are required to file but who fail to file proofs of claim shall not be treated as a creditor with respect to such claim for purposes of voting and distribution). Because they are filed papers, proofs of claim are public records open to examination to the extent provided in Section 107(a) of the Bankruptcy Code. Moreover, Local Rule 2002-1(f)(viii) provides in part: "The complete proof of claim and any attachment thereto shall be viewable and accessible by the public, subject to Local Rule 9037-1[.]" The relief sought in the Motion would violate the Local Rule.

26.     The Debtors, as movants seeking relief from Section 107(a), have the burden to show "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. 334, 340 (D. Del. 1993) (quotation marks, citations omitted); *accord In re Food Management Group, LLC*, 359 B.R. at 561; *In re FiberMark, Inc.*, 330 B.R. 480, 504 (Bankr. D. Vt. 2005); *In re Oldco M Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012).  "It is not an easy burden nor should it be."  *In re Gitto/Global Corp.*, 321 B.R. 367, 373 (Bankr. D. Mass. 2005), aff'd 2005 WL 1027348 (D. Mass. May 2, 2005), aff'd 422 F.3d 1 (1st Cir. 2005).

27.     The Debtors have not carried that burden.  The Motion makes no showing under Section 107 of the Bankruptcy Code.  Physically-filed proofs of claim can be redacted to the extent authorized in the Court's prior rulings, rather than be withheld from the claims register entirely.  Under Local Rule 9037-1, creditors filing proofs of claim are responsible for redacting information which the Court has authorized to be redacted.  If they fail to redact such information, then they have self-identified.  There is nothing to prevent them from doing that.

28.     Local Rule 1001-1(c) permits the Court to modify the application of a Local Rule "in the interest of justice."  However, modifying the application of Local Rule 2002-1(f)(viii) such that physically-filed proofs of claim may be withheld outright is not "in the interest of justice," because it defeats the common law right of access, which itself "promotes public confidence in the judicial system by enhancing . . . the quality of justice dispensed by the court."  *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d at 672 (citations, quotation marks omitted).

29.     The U.S. Trustee understands that even electronically filed proofs of claim may not be made available in redacted form.  "Redacting documents to remove only protectable

information is preferable to wholesale sealing. The policy favoring public access supports

making public as much information as possible while still preserving confidentiality of

protectable information." *In re Borders Group, Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011);

*see also In re Motors Liquidation Co.*, 561 B.R. 36, 42 (Bankr. S.D.N.Y. 2016) ("Redacting

portions of a document containing protectable information is preferable to wholesale sealing.");

*In re Anthracite Capital, Inc.*, 492 B.R. at 180 (same); *In re Stone*, 587 B.R. 678, 683 (Bankr.

S.D. Ohio 2018) (same). The record does not reflect that Kroll is unable to automate the

redaction process for electronically filed proofs of claim. Even if Kroll were unable to automate

that process, Section 107 of the Bankruptcy Code does not enumerate cost as a basis for sealing

filed papers. Nor is there a showing that redacting proofs of claim would be prohibitively

expensive. Kroll's rate for processing proofs of claim is $30-$60 per hour. It is perhaps the

lowest hourly rate of any person retained in these cases.

      30.    The customer bar date order should not make permanent any temporally

based sealing relief granted in the Court's *Order Authorizing the Movants To Redact or Withhold

Certain Confidential Information of Customers and Personal Information of Individuals* [D.I.

1643], especially when the media intervenors have appealed that order. *See* D.I. 1688.

      31.    The customer bar date order should not collaterally prejudice the rights of

any appellant of the *Order Authorizing the Movants To Redact or Withhold Certain Confidential

Information of Customers and Personal Information of Individuals* [D.I. 1643].

      WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the

Motion unless (i) the last sentence of paragraph 20 of the proposed form of order is removed and

(ii) the Debtors agree to make redacted versions of proofs of claim publicly available.

Respectfully Submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

Dated: June 24, 2023                   By: */s/ Benjamin Hackman*
                                       Benjamin A. Hackman
                                       Trial Attorney
                                       Department of Justice
                                       Office of the United States Trustee
                                       J. Caleb Boggs Federal Building
                                       844 N. King Street, Room 2207, Lockbox 35
                                       Wilmington, DE 19801
                                       (302) 573-6491
                                       benjamin.a.hackman@usdoj.gov