IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. 1631 & 1703 |

**ORDER AUTHORIZING THE DEBTORS TO (I) REJECT CERTAIN EXECUTORY
CONTRACTS EFFECTIVE AS OF THE REJECTION DATE AND
(II) ABANDON PROPERTY ASSOCIATED THEREWITH**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to (i) reject certain executory contracts set forth on Exhibit 1 to the Order, effective as of the Rejection Date, (ii) abandon certain Property associated therewith and (iii) take such action as may be necessary to implement and effectuate the rejection of the Contracts; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, each of the Contracts set forth on Exhibit 1 attached hereto is hereby rejected effective as of the Rejection Date.

3. Each Contract counterparty shall have until 4:00 p.m., Eastern Time, on the date that is 30 days from the date of service of notice of entry of this Order to file any and all claims for damages arising from the Debtors' rejection of the Contracts.

4. With respect only to the Equinix Contract and any and all master country agreements, master services agreements, terms and conditions (collectively, the "Equinix Agreements"), the Equinix Agreements are deemed rejected effective as of the Rejection Date pursuant to the following:

    a. Possession of the sites subject to the Equinix Agreements (the "Equinix Sites") are deemed returned to Equinix effective immediately.

b. Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized and do abandon any property owned by the Debtors, and Equinix is granted relief from the automatic stay to allow Equinix to take any action with any property so abandoned, including destroying such property, and to allow Equinix to cease all electrical power to the Equinix Sites.

c. The Debtors shall not abandon any of their business, financial, or other records.

d. The Debtors shall not abandon any Property that the Debtors know is not owned by the Debtors, and shall either (i) provide for the return of such property to the office of the Debtors' CEO or (ii) use their reasonable best efforts to return such property to the owner of the property; *provided*, *however*, that the Debtors may abandon Property owned by a counterparty to the Equinix Agreements.

e. The Debtors shall not abandon Property against which the Debtors know a third party has asserted a lien, without providing notice to such party.

f. To the extent that the Debtors propose to abandon any Property that may contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such Personal Property before such abandonment.

g. The Debtors are not authorized to abandon, and are directed to remove, any hazardous materials defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law.

h. To the extent Equinix believes that there are outstanding amounts relating to the Equinix Agreements, Equinix explicitly reserves the right to assert such amounts, including, but not limited to, filing a proof of claim and/or an administrative expense claim in the Debtors' Chapter 11 Cases.

5. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6. Nothing in this Order shall impair, prejudice, waive or otherwise affect any rights of the Debtors and their estates to assert that any claims for damages arising from the Debtors' rejection of the Contracts is limited to any remedies available under any applicable

3

termination provisions of such rejected Contracts, or that any such claims are obligations of a third party, and not those of the Debtors or their estates.

7. All rights and defenses of the Debtors and any Contract counterparty are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated, expired, or otherwise no longer an executory contract.

8. The Debtors and their estates do not waive any claims that they may have against any Contract counterparty, whether or not such claims arise under, are related to, or are independent of the Contracts.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority or amount of any particular claim against a Debtor entity; (b) a promise or requirement to pay any particular claim or (c) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

10. The requirements in Bankruptcy Rule 6006 are satisfied.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: June 26th, 2023  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE