# EXHIBIT A

**Declaration of Benjamin J. Steele**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

## DECLARATION OF BENJAMIN J. STEELE IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I)(A) ESTABLISHING DEADLINES FOR FILING CUSTOMER PROOFS OF CLAIM, (B) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (II) GRANTING RELATED RELIEF

I, Benjamin J. Steele, under penalty of perjury, declare as follows:

1. I am a Managing Director of Kroll Restructuring Administration LLC ("Kroll"),[2] a chapter 11 administrative services firm whose headquarters are located at 55 East 52nd Street, 17th Floor, New York, NY 10055. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. I make this Declaration in support of the *Motion of Debtors for Entry of an Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1635] (the "Motion") and the *Debtors' Reply in*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

*Support of Debtors' Customer Bar Date Motion.*[3]

3. On November 22, 2022, the Court entered the *Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective Nunc Pro Tunc to the Petition Date* [D.I. 132] (the "Retention Order") authorizing the employment of Kroll as the Debtors' claims and noticing agent (the "Claims Agent").

4. The Debtors anticipate serving the Customer Bar Date Notice on at least 10 million customers. While it is not possible to estimate with certainty the number of potential claimants that will submit proofs of claim, based on my prior experience and given the public nature of these Chapter 11 Cases and the millions of potential claimants who will receive the Customer Bar Date Notice, I anticipate that up to millions of the Debtors' customers will submit proofs of claim via the Claims Agent's electronic proof of claim platform (the "Customer Claims Portal") and/or physical mail. I expect these customer proofs of claim to include a variety of different types of documentary evidence in support of their claims and that such documentary evidence may include account screenshots, transaction documentation, transaction history and/or Know Your Customer ("KYC") information, much (if not all) of which is likely to include personal identifiable information ("PII").

5. Processing the Customer Claims submitted likely will be an expensive, time-consuming and labor-intensive process. It is my understanding that, in an effort to reasonably minimize undue costs and delay in processing the customer proofs of claim and to safeguard PII contained in such claims, the Debtors' Motion seeks to authorize the Claims Agent to not publish the actual filed copies of the physical or electronic proofs of claim with PII redacted. Instead, the Debtors propose that the Claims Agent will publish the following information in the public claims

---

[3] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

registry for each filed proof of claim, whether filed physically or electronically: (i) whether the claim has been acquired from someone else, (ii) whether the claim amends a previously filed claim, (iii) whether another party has filed a proof of claim for this claim, (iv) whether the claimant participated in the FTX Earn, Lend or Stake programs, (v) any asserted quantity of cryptocurrency and/or fiat currency, (vi) any asserted non-fungible tokens ("NFTs"), and (vii) any asserted Other Activity Claim. This list includes all of the information on a filed proof of claim form other than PII. Absent the Debtors' requested modification, if the Claims Agent were to make all proofs of claim publicly available, the Claims Agent would have to review every filed proof of claim and all supporting documentation manually and then redact all PII (*i.e.*, customer names and addresses) from each and every page to avoid disclosure of protected PII.

6. The Claims Agent's current system architecture presently does not include automated redaction capability for specific electronic claim form questions. Moreover, redaction of physical proofs of claim would be an entirely manual process.

7. Building this automated redaction capability into the Claims Agent's system architecture would take several weeks to conceive, test and complete. Even if automated redaction capability was available, claimants could still include PII in fields not subject to automated redaction, or in the supporting documentation claimants submit with their claims, which may include a variety of different types of documentary evidence in support of their claims, such as, among other things, account screenshots, transaction documentation, transaction history, and/or KYC related information, much (if not all) of which is likely to include PII. Locating and redacting PII from such supporting documentation, as well as redacting fields not subject to any automated redaction rules, would be a manual process, similar to the entirely manual process for redacting physical proofs of claim. This manual process is time-consuming and expensive, and it introduces

an inherent risk of errors as with any manual process.

8. A manual review of all proofs of claim and supporting documentation would likely be, on average, no less than 15 minutes per claim to ensure accuracy; voluminous claims would require significantly more time. Such a manual process, even at the midpoint of the rate range noted in the U.S. Trustee's objection, would be at minimum an additional $11.25 per claim for the initial review. Moreover, to ensure no inadvertent disclosure of PII, there would need to be at least one second-level review by either Landis Rath & Cobb LLP or Sullivan & Cromwell LLP.

9. If even only a relatively modest percentage of the almost 10 million customers who are served with the Customer Bar Date Notice and Customer Bar Date Postcard file proofs of claim, I estimate that this manual redaction process would cost the Debtors' estates millions of dollars in additional incremental fees beyond the millions of dollars the claims process already will cost.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on June 26, 2023

                                            */s/ Benjamin J. Steele*
                                            Benjamin J. Steele
                                            Managing Director
                                            Kroll Restructuring Administration LLC
                                            55 East 52nd Street, 17th Floor
                                            New York, NY 10055