# **EXHIBIT B**

**(The Reply)**

{1368.002-W0071369.2}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. 1635 & 1701 |

**DEBTORS' REPLY IN SUPPORT OF
DEBTORS' CUSTOMER BAR DATE MOTION**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby file this reply (the "Reply") in support of the *Motion of Debtors for Entry of an Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1635] (the "Motion")[2] and in response to the objection to the Motion [D.I. 1701] (the "Objection") filed by the United States Trustee for Regions Three and Nine (the "U.S. Trustee"). The Objection should be overruled and the Motion should be granted. In support of the Reply, the Debtors rely on the *Declaration of Benjamin J. Steele in Support of the Motion of Debtors for Entry of an Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*(II) Granting Related Relief* (the "Steele Declaration"), a copy of which is attached hereto as Exhibit A. In support of this Reply, the Debtors respectfully state as follows:

## Reply

1. The establishment of the Customer Bar Date is a critical event to moving these Chapter 11 Cases to a successful conclusion. The U.S. Trustee—the sole objector to the Motion—does not oppose the establishment of the bar date or the vast majority of the relief requested, but interposed a limited objection on the basis that the Claims Agent's proposed streamlined claims collection, processing and public publication procedures do not comply with Local Rule 2002-1(f)(viii). The U.S. Trustee argues that, to comply with the Local Rules, the Claims Agent must undergo a manual review of each filed proof of claim and all supporting documentation, locate personal identifiable information ("PII"), redact it, and then make such redacted documents available on its public claims registry. The Debtors submit that the U.S. Trustee's demand is untenable, needlessly expensive, and would cost the Debtors millions of dollars without any corresponding benefit. The Debtors respectfully request that the Court overrule the Objection and grant the Motion.

2. The Debtors have over 10 million customer accounts, approximately 1.8 million of which have net positive balances as of the Petition Date. The Debtors anticipate serving the Customer Bar Date Notice on at least 10 million customers. Steele Decl. ¶ 4. The collection and processing of these claims is expected to be complex, time-consuming and incredibly costly. To streamline this process, the Debtors have proposed the use of the Customer Claims Portal. As explained in the Motion, the Customer Claims Portal will ensure a user-friendly and efficient claims process for the millions of claimants that may file a proof of claim on account of their Customer Claims. Holders of Customer Claims also have the option to

submit physical proofs of claim.

3. While it is not possible to estimate with certainty the number of potential claimants that will submit proofs of claim, given the public nature of these Chapter 11 Cases and the millions of potential claimants who will receive the Customer Bar Date Notice, the Claims Agent anticipates that up to millions of the Debtors' customers will submit proofs of claim via the Customer Claims Portal and/or physical mail.  Steele Decl. ¶ 4.  In an effort to reasonably minimize undue costs and delay in processing the customer proofs of claim and to safeguard PII contained in such claims (and, in turn, the value of the Debtors' customer lists), the Debtors submit that it is necessary to simplify the Claims Agent's receipt and processing of Customer Claims.  To that end, the Debtors propose that the Claims Agent not publish the actual filed copies of the physical or electronic proofs of claim with PII redacted, consistent with the Court's *Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1643] (the "Redaction Order"). Instead, the Claims Agent would publish the following information in the public claims registry for each filed proof of claim, whether filed physically or electronically:  (i) whether the claim has been acquired from someone else, (ii) whether the claim amends a previously filed claim, (iii) whether another party has filed a proof of claim for this claim, (iv)  whether the claimant participated in the FTX Earn, Lend or Stake programs, (v) any asserted quantity of cryptocurrency and/or fiat currency, (vi) any asserted non-fungible tokens ("NFTs") and (vii) any asserted Other Activity Claim.  This list includes all of the information on a filed proof of claim form other than PII.  Absent this modification, the Claims Agent would have to review every filed proof of claim and all supporting documentation manually and then redact all PII (*i.e.*, customer names and addresses) from each and every page to avoid disclosure protected PII.

Steele Decl. at ¶ 5.

4. In addition, consistent with this Court's guidance in *In re Cred*, the Debtors have added language to the revised proposed order providing that upon request by any party-in-interest and notice to the Debtors', Committee and the U.S. Trustee, the Court may, upon a showing of good cause, release some or all of the specifically requested proof(s) of claim, with PII redacted pursuant to the Redaction Order. No party, including the U.S. Trustee, will be prejudiced by proceeding in this manner.

4. Local Rule 2002-1(f) provides that the Claims Agent "shall perform the functions" listed therein, including "allow[ing] public access to claims and the claims register at no charge." Del. Bankr. L.R. 2002-1(f)(viii). "The complete proof of claim and any attachment thereto shall be viewable and accessible by the public, subject to Local Rule 9037-1." *Id.* Local Rule 9037-1 places "[t]he responsibility for redacting personal data identifiers . . . with counsel, parties in interest and non-parties." Del. Bankr. L.R. 9037-1.

5. The Court has the authority to dictate how these rules should be applied. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Del. Bankr. L.R. 1001-1(c) ("The application of these Local Rules . . . may be modified by the Court in the interest of justice."). Indeed, this Court has expressly permitted claims and noticing agents to "withhold publication of proofs of claims filed by customers," provided that such documents were made available to the Court, the U.S. Trustee and the Official Committee of Unsecured Creditors and a party-in-interest could request release of such information "upon a showing of good cause." *In re Cred Inc.*, No. 20-12836 (JTD) (Bankr. D. Del. Dec. 21, 2020) [D.I. 264]; *see also In re Sharity Ministries Inc.*, No. 21-11001 (JTD) (Bankr. D. Del. Nov. 4, 2021) [D.I. 287] (authorizing the

4

noticing agent to withhold publication of certain healthcare related proofs of claim and requiring only the publication of the amount of such claims). In addition, this Court has routinely waived compliance with Local Rule 2002-1(f)(viii) when terminating the services of a claims and noticing agent, requiring only that the debtor "endeavor in good faith to provide copies of claims and the claims register at no charge upon the reasonable request of creditors or parties in interest." *In re USA Discounters, Ltd.*, No. 15-11755 (CSS) (Bankr. D. Del. July 26, 2017) [D.I. 1306]; *In re ZCO Liquidating Corp. (f/k/a OCZ Tech. Grp., Inc.)*, Case No. 13-13126 (LSS) (Bankr. D. Del. Oct. 30, 2014) [D.I. 885].

    6. Here, the Debtors seek no more relief as was ordered in *In re Cred* and less than that which was ordered in *In re Sharity*. The sheer volume of anticipated creditor claims warrants the relief requested here. The Debtors submit that this proposal complies with the Local Rules as they may be modified by this Court in the interest of justice. Contrary to the allegations of the U.S. Trustee, the Debtors are not intending to impede public access to filed documents. The Debtors' proposal makes public all information included in each filed proof of claim other than PII, while ensuring that PII will not be inadvertently disclosed and the value of the Debtors' customer lists will be preserved for the benefit of all stakeholders. The Debtors are proposing that the Claims Agent only exclude the names and addresses as the Debtors are authorized to redact such information from the filed claims and supporting documentation, consistent with the relief provided by the Court pursuant to the Redaction Order.

    7. As noted in the Steele Declaration, the Claims Agent does not currently have automated redaction capability and to incorporate this capability would take several weeks to conceive, test and complete. Steele Decl. at ¶¶ 6-7. Even if such capability was available, claimants could still include PII in fields not subject to automated redaction or in their supporting

documentation. Indeed, for the supporting documentation, the Debtors anticipate that claimants may include a variety of different types of documentary evidence in support of their claims, such as, among other things, account screenshots, transaction documentation, transaction history, and/or Know Your Customer information, much (if not all) of which is likely to include PII. *Id.* at ¶¶ 4, 7. Locating and redacting such supporting documentation, as well as redacting fields not subject to any automated redaction rules, would be a manual process, similar to the entirely manual process for redacting physical proofs of claim. *Id.* at ¶ 6-7. As explained in the Steele Declaration, this manual process is time-consuming, expensive, and introduces an inherent risk of errors as with any manual process. *Id.*

8. A manual review of all proofs of claim and supporting documentation would likely be, on average, no less than 15 minutes per claim to ensure accuracy; voluminous claims would require significantly more time. Steele Decl. ¶ 8. Such a manual process, even at the midpoint of the rate range noted in the Objection, would be at minimum an additional $11.25 per claim for the initial review. *Id*. Moreover, to ensure no inadvertent disclosure of PII, and, thus, no reduction in the value of the Debtors' customer lists, there would need to be at least one second-level review by either Landis Rath & Cobb LLP or Sullivan & Cromwell LLP. *Id*. Even if only a relatively modest percentage of the almost 10 million customers who are served with the Customer Bar Date Notice and Customer Bar Date Postcard file proofs of claim, this manual redaction process would cost the Debtors estates *millions of dollars* in additional incremental fees beyond the millions of dollars the claims process will already cost. *Id.* at ¶ 9. Each additional dollar of cost comes directly out of the creditors' pockets.

9. It would be redundant to manually redact information the Debtors could simply withhold *ab initio* without incurring significant expenses. Reasonably limiting these

costs is in the best interests of the Debtors' estates and all parties-in-interest. Additionally, as noted, to further address the U.S. Trustee's concerns regarding public disclosure, the Debtors have revised the proposed form of order to provide that a party-in-interest may request, upon 14 days' notice to the Debtors, the Court and the U.S. Trustee, that the Court release specific proofs of claim upon a showing of good cause.

10. Based on the facts and circumstances of these Chapter 11 Cases, and in accordance with Local Rule 1001-1(c) and section 105(a) of the Bankruptcy Code, the Claims Agent should be authorized to streamline the public claims registry and not be required to undertake a manual review of each filed proof of claim and any supporting documentation, locate PII, redact it, and then make such redacted documents available on its public claims registry.

## Conclusion

For the reasons stated above, the Court should overrule the Objection and grant the Motion.

| | |
|---|---|
| Dated: June 26, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |

# **EXHIBIT A**

**Declaration of Benjamin J. Steele**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF BENJAMIN J. STEELE IN SUPPORT
OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I)(A) ESTABLISHING
DEADLINES FOR FILING CUSTOMER PROOFS OF CLAIM,
(B) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM
AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF
AND (II) GRANTING RELATED RELIEF**

I, Benjamin J. Steele, under penalty of perjury, declare as follows:

1. I am a Managing Director of Kroll Restructuring Administration LLC ("Kroll"),[2] a chapter 11 administrative services firm whose headquarters are located at 55 East 52nd Street, 17th Floor, New York, NY 10055. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. I make this Declaration in support of the *Motion of Debtors for Entry of an Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1635] (the "Motion") and the *Debtors' Reply in*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

*Support of Debtors' Customer Bar Date Motion.*[3]

3.  On November 22, 2022, the Court entered the *Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective Nunc Pro Tunc to the Petition Date* [D.I. 132] (the "Retention Order") authorizing the employment of Kroll as the Debtors' claims and noticing agent (the "Claims Agent").

4.  The Debtors anticipate serving the Customer Bar Date Notice on at least 10 million customers. While it is not possible to estimate with certainty the number of potential claimants that will submit proofs of claim, based on my prior experience and given the public nature of these Chapter 11 Cases and the millions of potential claimants who will receive the Customer Bar Date Notice, I anticipate that up to millions of the Debtors' customers will submit proofs of claim via the Claims Agent's electronic proof of claim platform (the "Customer Claims Portal") and/or physical mail. I expect these customer proofs of claim to include a variety of different types of documentary evidence in support of their claims and that such documentary evidence may include account screenshots, transaction documentation, transaction history and/or Know Your Customer ("KYC") information, much (if not all) of which is likely to include personal identifiable information ("PII").

5.  Processing the Customer Claims submitted likely will be an expensive, time-consuming and labor-intensive process. It is my understanding that, in an effort to reasonably minimize undue costs and delay in processing the customer proofs of claim and to safeguard PII contained in such claims, the Debtors' Motion seeks to authorize the Claims Agent to not publish the actual filed copies of the physical or electronic proofs of claim with PII redacted. Instead, the Debtors propose that the Claims Agent will publish the following information in the public claims

---

[3]  Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

registry for each filed proof of claim, whether filed physically or electronically: (i) whether the claim has been acquired from someone else, (ii) whether the claim amends a previously filed claim, (iii) whether another party has filed a proof of claim for this claim, (iv) whether the claimant participated in the FTX Earn, Lend or Stake programs, (v) any asserted quantity of cryptocurrency and/or fiat currency, (vi) any asserted non-fungible tokens ("NFTs"), and (vii) any asserted Other Activity Claim. This list includes all of the information on a filed proof of claim form other than PII. Absent the Debtors' requested modification, if the Claims Agent were to make all proofs of claim publicly available, the Claims Agent would have to review every filed proof of claim and all supporting documentation manually and then redact all PII (*i.e.*, customer names and addresses) from each and every page to avoid disclosure of protected PII.

6. The Claims Agent's current system architecture presently does not include automated redaction capability for specific electronic claim form questions. Moreover, redaction of physical proofs of claim would be an entirely manual process.

7. Building this automated redaction capability into the Claims Agent's system architecture would take several weeks to conceive, test and complete. Even if automated redaction capability was available, claimants could still include PII in fields not subject to automated redaction, or in the supporting documentation claimants submit with their claims, which may include a variety of different types of documentary evidence in support of their claims, such as, among other things, account screenshots, transaction documentation, transaction history, and/or KYC related information, much (if not all) of which is likely to include PII. Locating and redacting PII from such supporting documentation, as well as redacting fields not subject to any automated redaction rules, would be a manual process, similar to the entirely manual process for redacting physical proofs of claim. This manual process is time-consuming and expensive, and it introduces

an inherent risk of errors as with any manual process.

8. A manual review of all proofs of claim and supporting documentation would likely be, on average, no less than 15 minutes per claim to ensure accuracy; voluminous claims would require significantly more time. Such a manual process, even at the midpoint of the rate range noted in the U.S. Trustee's objection, would be at minimum an additional $11.25 per claim for the initial review. Moreover, to ensure no inadvertent disclosure of PII, there would need to be at least one second-level review by either Landis Rath & Cobb LLP or Sullivan & Cromwell LLP.

9. If even only a relatively modest percentage of the almost 10 million customers who are served with the Customer Bar Date Notice and Customer Bar Date Postcard file proofs of claim, I estimate that this manual redaction process would cost the Debtors' estates millions of dollars in additional incremental fees beyond the millions of dollars the claims process already will cost.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on June 26, 2023

*/s/ Benjamin J. Steele*
Benjamin J. Steele
Managing Director
Kroll Restructuring Administration LLC
55 East 52nd Street, 17th Floor
New York, NY 10055