## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
|  | **Ref. Nos. 1635 & 1726** |

### ORDER (I)(A) ESTABLISHING DEADLINES FOR FILING CUSTOMER PROOFS OF CLAIM, (B) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors")[3] for entry of an order (this "Order") (i)(a) establishing a bar date to file proofs of claim for Customer Claims, (b) approving procedures described herein for submitting proofs of claim for Customer Claims, (c) approving the form and manner of notice thereof and (d) granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

[3]    For the avoidance of doubt, this Order only seeks to establish deadlines and procedures for filing proofs of claim against FTX Trading Ltd. and its affiliated debtors and debtors-in-possession and not against Debtor Emergent Fidelity Technologies Ltd.

district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate

notice of the Motion and the relief requested therein has been provided in accordance with the

Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or

further notice is necessary; and objections (if any) to the Motion having been withdrawn,

resolved or overruled on the merits; and a hearing having been held to consider the relief

requested in the Motion and upon the record of the hearing and all of the proceedings had before

this Court; and this Court having found and determined that the relief set forth in this Order is in

the best interests of the Debtors and their estates; and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as and to the extent set forth herein.

2.      The term "Customer Claim" means any claim (as defined in section

101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or

equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation,

common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy

Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the

Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or

other assets held by such person or entity in an account on any FTX Exchange as of the Petition

Date (the "Customer Entitlement Claim") or (b) any other investment or trading activities on any

FTX Exchange (the "Other Activity Claim").  "FTX Exchange" means FTX.com, FTX.US, FTX

Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), FTX EU Ltd.

(f/k/a K-DNA Financial Services Ltd., d/b/a "FTX EU"), Quoine Pte Ltd. (d/b/a "Liquid

Global") and FTX Japan or Liquid platforms operated by FTX Japan K.K. ("FTX Japan") or any

other exchange or trading platform operated by any Debtor.

3.    Except as otherwise provided herein, all persons and entities, (including,

without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a

Customer Claim against any of the Debtors which arose on or prior to the Petition Date must file

a proof of such claim so that it is **actually received** by Kroll Restructuring Administration LLC,

the Debtors' noticing and claims agent (the "Claims Agent"), on or before **4:00 p.m. (Eastern**

**Time) on September 29, 2023** (the "Customer Bar Date").

4.    If the Debtors amend or supplement the Schedules subsequent to the date

hereof, the Debtors shall give notice of any amendment or supplement to all known holders of

Customer Claims affected thereby, and such claimants shall file a proof of claim on or before the

later of:  (a) the Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days

after the date that notice of the applicable amendment of or supplement to the Schedules is

served on such person or entity (the "Amended Schedules Customer Bar Date," and, together

with the Customer Bar Date, the "Customer Bar Dates").  Any such holders of Customer Claims

shall be given notice of such deadline as part of the notice of any such amendment or

supplement.  If the holder of a Customer Claim has already submitted a proof of claim with

respect to such Customer Claim, such holder may amend its existing proof of claim or file a new

proof of claim.

5.    The customer proof of claim form attached hereto as Exhibit 1 ("the

Customer Proof of Claim Form") is approved.

6.    The customer bar date notice, substantially in the form attached hereto as

Exhibit 2 (the "Customer Bar Date Notice"), and the customer bar date postcard, substantially in the form attached hereto as Exhibit 2-A (the "Customer Bar Date Postcard"), are approved.

7.     At least 60 days prior to the Customer Bar Date, the Claims Agent shall email the Customer Bar Date Notice or, if only a physical mailing address is available, mail the Customer Bar Date Postcard to all holders of Customer Claims known to the Debtors, which shall include a link or website address to access the Customer Claims Portal.  From the Customer Claims Portal, a holder of a Customer Claim, after verifying user credentials, may (i) view historical transaction information and account balances, (ii) submit KYC Information (as defined below) of the holder of such Customer Claim as of the Petition Date (the "Original Customer") and (iii) electronically file a proof of claim via an online claims platform maintained by the Debtors' Claims Agent.

8.     The Customer Bar Date Notice shall also:  (i) identify the Customer Bar Dates, (ii) describe detailed procedures for submitting a timely and accurate proof of claim for physical proofs of claim, (iii) list the parties who are not required to submit a proof of claim, (iv) describe the consequences of failing to submit a proof of claim in accordance with this Order and (v) provide a link or instructions to access the Claims Agent's website to obtain additional information about the Customer Bar Dates and the submission of proofs of claim, including how to access a physical Customer Proof of Claim Form.  The Customer Bar Date Postcard shall also include notice of:  (i) the Customer Bar Dates, (ii) a summary of the procedures for submitting a timely and accurate proof of claim for physical proofs of claim, (iii) the consequences of failing to submit a proof of claim in accordance with the Order and (iv) provides instructions to access the Claims Agent's website to obtain additional information about the Customer Bar Dates and submission of proofs of claim, including how to access a physical Customer Proof of Claim

Form.  For the avoidance of doubt, the Customer Bar Date Notice and the Customer Bar Date

Postcard shall not include a physical copy of the Customer Proof of Claim Form but shall include

details on how to download a physical copy of the Customer Proof of Claim Form from the

Claims Agent's website.

        9.      Any proof of claim for a Customer Claim must be delivered in a manner

permitted by this Order so as to actually be received by the Claims Agent no later than the

applicable Customer Bar Date.  Holders of Customer Claims may submit proofs of claim on

account of such Customer Claims on or before the applicable Customer Bar Date

(a) electronically through the Customer Claims Portal or (b) physically by hand delivery or

overnight courier to FTX Trading Ltd. Claims Processing Center, c/o Kroll Restructuring

Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232 or (c) physically by first-

class mail to FTX Trading Ltd. Claims Processing, c/o Kroll Restructuring Administration LLC,

Grand Central Station, P.O. Box 4850, New York, NY 10163-4850.  Proofs of claim may not be

delivered by facsimile, telecopy or email transmission.

        10.     The following procedures shall apply with respect to filing proofs of claim

for Customer Claims:

      i.  **Procedures For Filing Electronic Proofs of Claim via the Customer Claims Portal**

      a.  Each holder of a Customer Claim will receive an email containing a link to the Customer Claims Portal.  Upon verification of login credentials, holders of Customer Claims will be able to view their historical transaction information and account balances (for the avoidance of doubt, no deposits, withdrawals, trading or investment operations will be enabled).  The Customer Claims Portal will also request KYC Information of the Original Customer.

      b.  Claimants will then be directed to an electronic proof of claim platform maintained by the Claims Agent, which, for holders with net positive balances as of the Petition Date, will include an electronic

-5-

version of the Customer Proof of Claim Form that is auto-generated displaying (i) the quantity (but not the dollar value) of each form of cryptocurrency or digital asset held by the claimant on the applicable FTX Exchange as of the Petition Date (ii) the amount of any fiat held by the claimant on an FTX Exchange as of the Petition Date, as reflected in U.S. dollars (or, in the case of any foreign currency, (a) the applicable foreign currency, (b) the amount of the claim denominated in that foreign currency, (c) the exchange rate from the foreign currency to U.S. dollars as of the Petition Date, and (d) the amount of such claim converted to U.S. dollars using the exchange rate as of the Petition Date). Such information shall be based on the information contained in the Debtor's Schedules.

c.  If the holder of a Customer Entitlement Claim agrees with the amounts or quantity stated (as applicable), the type or nature of the claim displayed and the FTX Exchange against whom the claim is asserted, no further action is required.

d.  If the holder disagrees with any component of the amounts or quantity stated (as applicable), the type or nature of the claim displayed, the FTX Exchange displayed, and/or seeks to assert an Other Activity Claim, such holder may amend or supplement the auto-generated customized proof of claim by electronically editing the form and modifying the information contained therein by inserting additional tokens, fiat currency(ies), digital assets or other assets held as of the Petition Date, and/or modifying the characterization of such claim, and/or asserting an Other Activity Claim, and/or selecting the applicable FTX Exchange/Debtor from the dropdown menu provided.

e.  In the event that a holder has unique Customer Entitlement Claims against multiple FTX Exchanges, a separate electronic proof of claim must be filed against each FTX Exchange.

f.  In the event that a holder of an Other Activity Claim seeks to assert such claim against multiple Debtors, such holder must select each applicable Debtor from the dropdown menu provided.

g.  Holders with no net positive balances as of the Petition Date will have the opportunity to fill in, and submit, an electronic proof of claim form via the Claims Agent's electronic proof of claim platform.

h.  A party who files a proof of claim electronically through the Customer Claims Portal will receive an email verifying that the proof of claim has been submitted.

ii. **Procedures For Filing Physical Proofs of Claim**

a. Each physical proof of claim must:  (i) be written in English; (ii) conform substantially to the Customer Proof of Claim Form; and (iii) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached.  If documentation is unavailable, the claimant shall provide an explanation as to why documentation is not available.

b. Each holder of a Customer Claim must indicate the Debtor or FTX Exchange against whom the claimant has a claim by checking the box with respect to physical proofs of claim.  In the event that a holder has unique Customer Entitlement Claims against multiple FTX Exchanges, a separate proof of claim must be filed against each FTX Exchange.  In the event that a holder has an Other Activity Claim against multiple Debtors, such holder must check the box for each Debtor against whom the Other Activity Claim is asserted.

c. In addition, each physical proof of claim must set forth, for any claim based on cryptocurrency(ies) or digital assets, (i) the applicable cryptocurrency(ies) or digital assets, (ii) the number of units of such cryptocurrency(ies) or digital assets and (iii) the program (*i.e.*, Earn, Lend or Stake) applicable to each cryptocurrency or digital asset.  The Customer Proof of Claim Form does not require holders of Customer Claims to set forth a dollar valuation for any of the cryptocurrency(ies) or digital assets held in any account with a positive balance as of the Petition Date.  For any Customer Claim based on a foreign fiat currency, each physical proof of claim must set forth (i) the applicable foreign fiat currency, (ii) the claim amount in that foreign fiat currency as of the Petition Date, (iii) the exchange rate(s) utilized to convert from the foreign fiat currency to U.S. dollars as of the Petition Date (if different than the listed rate), and (iv) the amount of such fiat currency claim converted to U.S. dollars using the identified exchange rate.  For any Customer Claim for fiat currency(ies), each physical proof of claim must set forth (i) the applicable fiat currency(ies), and (ii) the claim amount in fiat currency(ies) as of the Petition Date.  For any Customer Claim for Non-Fungible Tokens ("NFTs"), each physical proof of claim must set forth (i) the NFT description and (ii) unique identification code.  For Other Activity Claims, the holder must set forth the amount of such claim in U.S. Dollars, must assert such claim with specificity, including all relevant details regarding such investments or other trading activities (*e.g.*, dates, quantities, type or nature, alleged facts) and must assert such claim against the applicable Debtor or Debtors.

-7-

    d.  Parties submitting a proof of claim through non-electronic means who wish to receive a receipt of their proofs of claim from the Claims Agent must also include with their proof of claim a copy of their proof of claim and a self-addressed, stamped envelope.

    iii.  **General Information**

    a.  Any holder of a Customer Claim that either (x) files a proof of claim on account of a Customer Entitlement Claim against any Debtor or (y) has a Customer Entitlement Claim that is scheduled against any Debtor and does not separately file a proof of claim with respect to such Customer Entitlement Claim shall be deemed to have filed an identical Customer Entitlement Claim in the same amount against all other Debtors.  Accordingly, claimants do <u>not</u> need to file separate proofs of claim against each Debtor for such Customer Entitlement Claims.  For the avoidance of doubt: (i) Customer Entitlement Claims shall only include claims against the Debtors and not against any non-Debtors, such as the Founders, (ii) unique Customer Entitlement Claims against multiple FTX Exchanges must be filed against each FTX Exchange and (iii) for any Other Activity Claim asserted against multiple Debtors, each such claim must be asserted against each applicable Debtor.  Solely for purposes of the claims registry, the Claims Agent is hereby authorized to refrain from processing and logging in the claims registry any Customer Entitlement Claim deemed filed by virtue of this paragraph.

    b.  A proof of claim submitted under Debtor FTX Trading Ltd. (Case No. 22-11068), or a proof of claim that does not identify a Debtor or FTX Exchange, will be deemed as submitted against Debtor FTX Trading Ltd.

    c.  For the avoidance of doubt, unless otherwise ordered by the Court, the Claims Agent, the Debtors, their estates and their respective directors, officers, employees, agents, and professionals shall have no liability for making public information regarding filed proofs of claim filed pursuant to this Order.

11.    The following entities are required to file proofs of claim on or prior to the Customer Bar Date (or, if applicable, the Amended Schedules Customer Bar Date):

    a.  any person or entity whose Customer Claim is not listed in the applicable Debtor's Schedules;

    b.  any person or entity that believes its Customer Claim has been listed in an incorrect amount or quantity or improperly characterized in the Debtors' Schedules and Customer Claims Portal, and seeks to amend

the amount, quantity and/or characterization of such claim in the Schedules and Customer Claims Portal; or

c.  any person or entity that believes its Customer Claim as listed in the Schedules or Customer Claims Portal is not an obligation of the specific FTX Exchange identified in the Schedules, and seeks to assert the claim against a different Debtor or FTX Exchange.

12.  Holders of Customer Claims that would otherwise be subject to a Customer Bar Date pursuant to this Order need not file proofs of claim, on or prior to any Customer Bar Date if they fall into any of the following categories:

a.  any person or entity that, at the time the Motion was filed, has already properly filed a Customer Claim against the Debtors with the clerk of the Bankruptcy Court in the District of Delaware or the Debtors' Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity seeks to assert the Customer Claim against a Debtor or FTX Exchange not identified in the prior proof of claim or in a different quantity than the prior proof of claim, in which case an additional proof of claim amending the prior proof of claim must be filed);

b.  any person or entity holding a Customer Claim (i) whose Customer Claim is listed on the Schedules filed by the Debtors; (ii) whose Customer Claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (iii) who does not disagree with the amount or quantity, type or nature, and priority of such Customer Claim as set forth in the Schedules; and (iv) who does not dispute that such Customer Claim is an obligation only of the specific Debtor or FTX Exchange against which the Customer Claim is listed in the Schedules;

c.  any person or entity holding any Customer Claim that has previously been allowed by order of this Court;

d.  any person or entity that has been paid in full by any of the Debtors;

e.  any person or entity with respect to a claim for which a different deadline has previously been fixed by this Court, including Non-Customer Claims filed in response to the Non-Customer Bar Date Order;

f.  any Debtor that holds a claim against another Debtor (whether directly or indirectly); *provided* that if a Debtor's chapter 11 case is dismissed after the Customer Bar Date, such Debtor shall have 30 days after the

dismissal of such chapter 11 case to file proof(s) of claim for any Customer Claims such Debtor may have against any FTX Exchange or any other Debtor;

g.  any person or entity that is exempt from filing a proof of claim pursuant to an order of the Court in these Chapter 11 Cases; or

h.  any person or entity holding a claim solely against a non-Debtor entity, including the Founders.

13.  Nothing in this Order shall prejudice any right of the Debtors or any other party-in-interest to dispute or assert any cause of action, offsets or defenses.

14.  **Pursuant to Bankruptcy Rule 3003(c)(2), absent further order of this Court, all holders of Customer Claims that fail to comply with this Order by timely filing a proof of claim in the appropriate form, if required, on or before the applicable Customer Bar Date, shall be forever barred, estopped and enjoined from (a) asserting the applicable Customer Claim against the Debtors or their estates or property in these Chapter 11 Cases or (b) voting on, or receiving any distribution under, any Chapter 11 plan in these Chapter 11 Cases, except to the extent that such claim is identified in the Schedules as an undisputed, noncontingent and liquidated claim (including with respect to the quantity or nature of such claim).**

15.  A copy of the Customer Bar Date Notice and Customer Bar Date Postcard shall be deemed adequate and sufficient if served by electronic service or first-class mail at least 60 days prior to the Customer Bar Date on:

a.  all known holders of Customer Claims;

b.  the Office of the United States Trustee for the District of Delaware;

c.  counsel to the Committee;

d.  all persons or entities that have requested notice in these Chapter 11 Cases;

-10-

    e.   all persons or entities that have previously filed a proof of claim with respect to a Customer Claim in these Chapter 11 Cases; or

    f.   such additional persons and entities as deemed appropriate by the Debtors.

16.     The Debtors are authorized (but not directed) to collect from any holder of a Customer Claim Know Your Customer information ("KYC Information") of the original account holder.  For holders of Customer Claims that submit proofs of claim electronically via the Customer Claims Portal, the KYC Information may be provided as set forth therein.  For holders of Customer Claims that submit proof of claim in physical form, the KYC Information may be provided as set forth in the Customer Proof of Claim Form.

17.     Except as provided in paragraph 18 in this Order, submission of KYC Information is not strictly required under the terms of this Order.

18.     Customer Claims of (i) a holder with net positive balance as of the Petition Date, who agrees with the amounts or quantities set forth on the Debtors' Schedules, does not submit a proof of claim and does not submit the requested KYC Information and (ii) a holder who submits a proof of claim but does not submit the requested KYC Information, in each case by the Customer Bar Date, shall not be deemed disallowed, but shall be deemed "unverified." With respect to all such unverified Customer Claims, the Debtors may, in their sole discretion after consultation with the Committee, either (i) allow such claims without the requested KYC Information or (ii) object to the allowance of such Customer Claims' proofs of claim and scheduled claims on an omnibus basis, on notice to all such holders, including, among other bases, of insufficient documentation, and request such holders submit the requested KYC Information.  In the event of such objection, such holders of Customer Claims will have the opportunity to submit the requested KYC Information to the Debtors to resolve the objection on

4872-3516-7338 v.3

such claim relating to the requested KYC Information.  All parties' rights are fully reserved with respect to such objection.

19.     Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the Customer Bar Dates, in substantially the form attached hereto as <u>Exhibit 3</u> (the "<u>Publication Notice</u>"), on one occasion in *The New York Times* and *CoinDesk* (CoinDesk.com) at least 60 days prior to the Customer Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Customer Bar Dates.  The Debtors may publish the Publication Notice in other newspapers, trade journals or similar publications as the Debtors deem appropriate.

20.     Notwithstanding anything to the contrary in the order relating to the retention of a claims agent, or any Local Rules or Bankruptcy Rules, the Claims Agent is authorized to refrain from publishing proofs of claim filed pursuant to this Order, whether filed physically or electronically.  Instead, the Claims Agent shall publish on the public claims registry the following information from all filed Customer Claims, whether filed physically or electronically:  (i) whether the claim has been acquired from someone else, (ii) whether the claim amends a previously filed claim, (iii) whether another party has filed a proof of claim for this claim, (iv) whether the claimant participated in the FTX Earn, Lend or Stake programs, (v) any asserted quantity of cryptocurrency and/or fiat currency, (vi) any asserted NFTs and (vii) any asserted Other Activity Claim.

21.     Upon request of a party-in-interest and upon fourteen days' notice to the Debtors, the Committee and the U.S. Trustee, the Court may, upon a showing of good cause, release some or all of the specifically requested proof(s) of claim, with customer name and addresses redacted pursuant to the *Order Authorizing the Movants to Redact or Withhold Certain*

4872-3516-7338 v.3

*Confidential Information of Customers and Personal Information of Individuals* [D.I. 1643] (the "Redaction Order"), that is otherwise not published in full.  All parties' rights in this regard are reserved.

22.      In the event that (i) any relief granted in the Redaction Order is modified on appeal by a final non-appealable order or (ii) the Extended Redaction Deadline (as defined in the Redaction Order) expires and is not extended by further order of the Court, the Debtors shall consult with the Committee and the U.S. Trustee regarding the need for the Claims Agent to electronically publish the filed proofs of claim (or any portion thereof).  The parties' rights with respect to the foregoing, and the Court's ability to address any dispute between or among the parties, are fully reserved.

23.      The Debtors and the Claims Agent are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

24.      Unless otherwise ordered by the Court, the Claims Agent shall comply with Local Rule 2002-1(f)(ix), (x) and (xi).

25.      In the event of any inconsistency between the terms of this Order and the Non-Customer Bar Date Order, this Order shall govern.

26.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

**Dated: June 28th, 2023**
**Wilmington, Delaware**

JOHN T. DORSEY
**UNITED STATES BANKRUPTCY JUDGE**

-13-