## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: July 12, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: July 19, 2023 at 1:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING FTX CANADA INC. TO ENTER INTO SETTLEMENT AGREEMENT WITH PATENO PAYMENTS INC. AND BITVO INC., (B) APPROVING THE SETTLEMENT AGREEMENT, AND (C) GRANTING RELATED RELIEF

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), including FTX Canada Inc. ("FTX Canada"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing FTX Canada to enter into that certain Settlement Agreement and Mutual Release, attached as Exhibit 1 to the Order (the "Settlement Agreement"),[2] between and among FTX Canada, Bitvo Inc. ("Bitvo"), and Pateno Payments Inc. ("Pateno" and together with FTX Canada and Bitvo, collectively, the "Parties"). In support of the Motion, the Debtors respectfully state as follows:

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement Agreement.

**Background**

1.        On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.        Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**Jurisdiction**

3.        The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 105(a) of the

---

[3]        November 11, 2022, is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

Bankruptcy Code and Bankruptcy Rule 9019.  Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

4.      By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing FTX Canada to enter into the Settlement Agreement, (b) approving the Settlement Agreement, and (c) granting certain related relief.

## Facts Specific to the Relief Requested

5.      Pateno and FTX Canada are party to a Share Purchase Agreement dated June 14, 2022, as amended by an Amending Agreement dated October 3, 2022 (as amended, the "SPA"), concerning a proposed transaction whereby FTX Canada would purchase from Pateno the shares of Bitvo, an Alberta Corporation wholly owned by Pateno.

6.      Under the terms of the SPA, on or about June 15, 2022, FTX Canada paid a deposit of USD $2,000,000 (the "Deposit") to TSX Trust Company (the "Escrow Agent") to be held pursuant to the terms of a Cash Escrow Agency Agreement dated June 14, 2022 (the "Escrow Agreement").

7.      Under the terms of the Escrow Agreement, the Deposit may only be released by a joint direction ("Joint Direction") to the Escrow Agent from FTX Canada and Pateno in circumstances set forth in the SPA.

8.      As of the date hereof, the Escrow Agent has retained possession of the Deposit and Pateno and FTX Canada dispute which party is entitled to the Deposit.

9.      On February 16, 2023, Pateno commenced an originating application in the Court of King's Bench of Alberta under action number 2301-02187 against FTX Canada and the Escrow Agent as respondents (the "<u>Canadian Proceedings</u>").

10.     On May 3, 2023, the Debtors filed the *Motion of the Debtors for Entry an Order (I) Enforcing the Automatic Stay and (II) Awarding the Debtors Attorneys' Fees and Expenses* [D.I. 1417] seeking (a) to enforce the automatic stay applicable to actions against the Debtors, and (b) costs against Pateno (the "<u>US Proceedings</u>").

11.     As a result of arms-length, good faith negotiations, the Parties have determined to resolve the dispute over the Deposit, the Canadian Proceedings and the US Proceedings by entering into the Settlement Agreement.

12.     The key terms of the Settlement Agreement provide, among other things, that on the Effective Date:[4]

- The Deposit (plus all interest thereon and less any costs and expenses for which the Escrow Agent may be entitled) shall be divided equally between Pateno and FTX Canada such that each of Pateno and FTX Canada is immediately entitled upon the Effective Date to its respective share (the "<u>Settlement Funds</u>") and on the Effective Date relinquishes, releases and remises any and all right, title and interest in and to the other party's share;

- Each of Pateno and FTX Canada shall sign and file the Joint Direction with the Escrow Agent reflecting the distribution of the Deposit (the "<u>Executed Joint Direction</u>"); and

- On the Effective Date, in consideration of the Settlement Funds and the Executed Joint Direction, Pateno and Bitvo, on the one hand, and the Debtors, including FTX Canada on the other, along with their respective heirs, executors, administrators, dependents, representatives, officers, directors, shareholders, employees, parent companies, subsidiary companies, affiliates, predecessors, successors, servants, insurers, agents, partners, joint venturers,

---

[4]    Any summary of the Settlement Agreement contained herein is qualified in its entirety by the actual terms and conditions of the Settlement Agreement.  To the extent that there is any conflict between any summary contained herein and the actual terms and conditions of the Settlement Agreement, the actual terms and conditions of the Settlement Agreement shall control.

sureties, and assigns (as those terms may apply) mutually remise, irrevocably release, and forever discharge each other, and all of the other's respective heirs, executors, administrators, dependents, representatives, officers, directors, shareholders, employees, parent companies, subsidiary companies, affiliates, predecessors, successors, servants, insurers, agents, partners, joint venturers, sureties, and assigns (as those terms may apply) with respect to any and all actions, causes of actions, suits, debts, duties, obligations, accounts, claims, costs, taxes, damages and demands of every nature and kind, whether known or unknown, howsoever arising, which each of them ever had, now have, or can, shall, or may hereafter have arising out of or in any way connected with the SPA, the Escrow Agreement, the Canadian Proceedings or the US Proceedings (including but not limited to any causes of action or claims under Chapter V of the Bankruptcy Code) (collectively the "Released Claims").

**Basis for Relief**

I.    **The Settlement Agreement Satisfies Bankruptcy Rule 9019 Because it is Fair, Reasonable and in the Debtors' Best Interests.**

13.    Resolution of FTX Canada's claims against Pateno through the Settlement Agreement is in the best interests of the Debtors and their estates because it will promptly return approximately $1 million in cash to the Debtors' estates.  This level of recovery may not be achieved even if the Debtors prevail in litigation because of the associated legal costs that would be incurred in obtaining a favorable final judgment.  In addition, Pateno disputes FTX Canada's claims and has certain procedural and substantive defenses that would need to be litigated to a favorable conclusion.  Settlement on these terms is plainly a reasonable exercise of the Debtors' business judgment satisfying Bankruptcy Rule 9019.

14.    Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Compromises and settlements

are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).  The compromise or settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." *In re World Health Alternatives, Inc*., 344 B.R. 291, 296 (Bankr. D. Del. 2006).

15.     "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc*., 211 B.R. 798, 801 (D. Del. 1997).  Courts should not, however, substitute their judgment for that of the debtor, but instead should canvas the issues to see whether the compromise falls below the lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Assocs*., 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and Co*., 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted)).  Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

16.     The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(4) the paramount interest of the creditors." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Entm't Group, Inc.*, 222 B.R. 243 (D. Del. 1998) (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).  The approval standard boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities." *In re Penn Cent.*, 596 F.2d at 1114 (citations omitted); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (same).

17.    The terms of the Settlement Agreement provide for the return of approximately $1 million immediately while avoiding the time and expense of pursuing claims and defenses against Pateno through litigation in both the US Proceedings and the Canadian Proceedings.  Accordingly, the compromises set forth in the Settlement Agreement are, in the aggregate, fair and equitable, fall well within the range of reasonableness, and satisfy each applicable *Martin* factor.

A.    **The Probability of Success in Litigation and Subsequent Collection.**

18.    The Debtors maintain that they have meritorious claims to recover the full amount of the Deposit.  However, the Debtors would need to spend significant time and resources proving and obtaining a favorable judgment against Pateno in two different fora.  In doing so, the Debtors would have to address issues concerning enforcement of the automatic stay and jurisdiction, in addition to pursuing a judgment on the merits from this Court that would have to be enforced in Canada.  The Debtors currently are engaged in litigation in two different countries (the US Proceedings and the Canadian Proceedings) with Pateno over the Deposit.  As a result, the Debtors' recovery from litigation of the claims against Pateno may not exceed the

value to be realized for the Debtors' estates through the Settlement Agreement even if they pursued litigation and prevailed on every issue.

19.     Given the attendant risks and costs of litigation, and the favorable terms of the settlement, the Debtors submit that the proposed Settlement Agreement is in the best interests of the Debtors' estates.

**B.     The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay Are Unwarranted.**

20.     Litigation pertaining to the Debtors' claims against Pateno would be complex, expensive, and time-consuming.  Pursuit of claims against Pateno would require litigation in both the US Proceedings and the Canadian Proceedings.  All discovery and attendant litigation expense and delay are avoided through the Settlement Agreement.  Approval of the Settlement Agreement both maximizes the Debtors' recovery from the Deposit and permits the Debtors to focus their resources on pursuing other sources of recovery for stakeholders.

**C.     The Paramount Interests of Creditors are Served.**

21.     The Settlement Agreement is in the best interests of the Debtors' creditors because it promptly brings approximately $1 million into the Debtors' estates without time-consuming and costly litigation in two different fora.

22.     Therefore, in the Debtors' business judgment, the value of entering into the Settlement Agreement exceeds the net benefits that the Debtors and their estates potentially could obtain by pursuing litigation of claims against Pateno.  Based on the foregoing, the Debtors submit that the Settlement Agreement satisfies the *Martin* factors and Bankruptcy Rule 9019 because it is fair, reasonable, and in the best interests of the Debtors, their estates, and their stakeholders.  As a result, the Debtors respectfully request that the Court authorize the Debtors to enter into the Settlement Agreement and approve its terms.

**Waiver of Bankruptcy Rule 6004(h)**

23.     Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons described above, ample cause exists to justify a waiver of the stay period to the extent applicable.

**Reservation of Rights**

24.     Nothing in this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Debtors or estates with respect to any and all claims or causes of action against any third party.

**Notice**

25.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to Pateno and Bitvo; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A,</u> and (b) grant such other and further relief as is just and proper.

Dated: June 28, 2023
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      mcguire@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*