# **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 1417, 1471, 1501 & _____ |

**ORDER (A) AUTHORIZING FTX CANADA INC. TO ENTER INTO SETTLEMENT AGREEMENT WITH PATENO PAYMENTS INC. AND BITVO INC., (B) APPROVING THE SETTLEMENT AGREEMENT, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing FTX Canada to enter into the Settlement Agreement, which is attached hereto as Exhibit 1, (b) approving the Settlement Agreement, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https:// https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{1368.002-W0071030.3}

herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. FTX Canada is authorized to enter into the Settlement Agreement.

3. The terms of the Settlement Agreement are approved in their entirety.

4. The failure to specifically include or reference any particular term or provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such term or provision.

5. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6. Upon the Effective Date of the Settlement Agreement, the *Motion of the Debtors for Entry an Order (I) Enforcing the Automatic Stay and (II) Awarding the Debtors Attorneys' Fees and Expenses* [D.I. 1417] shall be deemed withdrawn.

7. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

8. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

-3-

9. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
      Wilmington, Delaware

                                                  The Honorable John T. Dorsey
                                                  United States Bankruptcy Judge

# Exhibit 1

**Settlement Agreement**

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "**Agreement**") is made as of June 19, 2023 (the "**Settlement Date**")

**AMONG:**

**FTX CANADA INC.**
("**FTX Canada**")

- and -

**PATENO PAYMENTS INC.**
("**Pateno**")

- and -

**BITVO INC.**
("**Bitvo**")

(Collectively, the "**Parties**", and as to each, a "**Party**")

**WHEREAS:**

A. Pateno and FTX Canada are party to a Share Purchase Agreement dated June 14, 2022, as amended by an Amending Agreement dated October 3, 2022 (as amended, the "**SPA**"), concerning a proposed transaction whereby FTX Canada would purchase from Pateno the shares of Bitvo, an Alberta Corporation wholly owned by Pateno;

B. Under the terms of the SPA, on or about June 15, 2022, FTX Canada paid a deposit of USD$2,000,000 (the "**Deposit**") to TSX Trust Company (the "**Escrow Agent**") to be held pursuant to the terms of a Cash Escrow Agency Agreement dated June 14, 2022 (the "**Escrow Agreement**");

C. Under the terms of the Escrow Agreement, the Deposit may only be released by a joint direction ("**Joint Direction**") to the Escrow Agent from FTX Canada and Pateno in circumstances set forth in the SPA;

D. On November 11, 2022, FTX Canada and certain affiliates (collectively, the "**FTX Debtors**") filed a petition for voluntary relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), which are being jointly administered under the caption *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (the "**FTX Chapter 11 Cases**");

E. As of commencement of the FTX Chapter 11 Cases, and continuing as of the date of this Agreement, the Escrow Agent retained possession of the Deposit;

F. Pateno and FTX Canada dispute which party is entitled to the Deposit;

G.  On February 16, 2023, Pateno commenced an originating application in the Court of King's Bench of Alberta under action number 2301-02187 against FTX Canada and the Escrow Agent as respondents (the "**Canadian Proceedings**");

H.  On May 3, 2023 FTX Canada and the other FTX Debtors filed a motion before the Bankruptcy Court in the FTX Chapter 11 Cases in the Bankruptcy Court seeking (a) to enforce the automatic stay applicable to actions against the FTX Debtors, and (b) costs against Pateno (the "**US Proceedings**"); and

I.  The Parties have now agreed to resolve any and all matters, issues, claims, potential claims, and disputes arising between them concerning the Canadian Proceedings and the US Proceedings subject to the terms and conditions of this Agreement.

**NOW THEREFORE AND IN CONSIDERATION** of the recitals, mutual agreements, releases, and covenants contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree as follows:

US Court Approval and Effective Date of Agreement

1.  Notwithstanding anything to the contrary, this Settlement Agreement and Mutual Release is subject to the approval by the Bankruptcy Court in the FTX Chapter 11 Cases ("**Bankruptcy Court Approval**"). In respect of Bankruptcy Court Approval:

    (a)  FTX Canada shall promptly seek US Court Approval and use reasonable best efforts to obtain Bankruptcy Court Approval on or prior to June 30, 2023;

    (b)  all Parties shalt take all steps reasonably necessary to obtain Bankruptcy Court Approval (without prejudice to adversely affecting their respective claims);

    (c)  Bankruptcy Court Approval must be obtained by no later than July 31, 2023 (or such later date as the Parties may agree), failing which this Agreement shall be deemed void and of no force and effect and the Parties shall be returned to their respective positions as if the Agreement were never signed; and

    (d)  forthwith upon receiving Bankruptcy Court Approval, all of the terms and conditions of this Settlement Agreement and Mutual Release shall be in full force and effect and all steps required hereunder shall be promptly undertaken ("**Effective Date**").

Distribution of Deposit

2.  The Deposit (plus all interest thereon and less any costs and expenses for which the Escrow Agent may be entitled) shall be divided equally between Pateno and FTX Canada such that each of Pateno and FTX Canada is immediately entitled upon the Effective Date to its respective share (the "**Settlement Funds**") and on the Effective Date relinquishes, releases and remises any and all right, title and interest in and to the other party's share.

Joint Direction

3. Within 5 days of the Effective Date each of Pateno and FTX Canada shall sign and file the Joint Direction with the Escrow Agent reflecting the distribution of the Deposit outlined in paragraph 2, above (the "**Executed Joint Direction**").

4. Each of Pateno and FTX Canada shall sign and file within 5 days of the Effective Date all necessary and required pleadings in the Canadian Proceeding and the US Proceedings to entirely discontinue those proceedings, all on a without liability, admissions, and costs basis.

Mutual Release

5. On the Effective Date, in consideration of the Settlement Funds and the Executed Joint Direction, Pateno and Bitvo, on the one hand, and the FTX Debtors, including FTX Canada on the other, along with their respective heirs, executors, administrators, dependents, representatives, officers, directors, shareholders, employees, parent companies, subsidiary companies, affiliates, predecessors, successors, servants, insurers, agents, partners, joint venturers, sureties, and assigns (as those terms may apply) mutually remise, irrevocably release, and forever discharge each other, and all of the other's respective heirs, executors, administrators, dependents, representatives, officers, directors, shareholders, employees, parent companies, subsidiary companies, affiliates, predecessors, successors, servants, insurers, agents, partners, joint venturers, sureties, and assigns (as those terms may apply) with respect to any and all actions, causes of actions, suits, debts, duties, obligations, accounts, claims, costs, taxes, damages and demands of every nature and kind, whether known or unknown, howsoever arising, which each of them ever had, now have, or can, shall, or may hereafter have arising out of or in any way connected with the SPA, the Escrow Agreement, the Canadian Proceedings or the US Proceedings (including but not limited to any causes of action or claims under Chapter V of the Bankruptcy Code) (collectively the "**Released Claims**").

6. The Parties each individually covenant that on and following the Effective Date they will not commence or continue any proceedings, claims, or actions inconsistent with the terms of the above releases or this Agreement or against any other persons who might claim contribution or indemnity from any of the Parties released by this Agreement before any court, tribunal, or any other administrative or judicial body, excepting only such proceedings as may be necessary to enforce this Agreement.

7. Provided, however, that nothing in this Agreement shall release, amend, or otherwise impair:

    (a) any rights or obligations that exist among and between Pateno and Bitvo; and

    (b) any right or entitlement of Pateno or Bitvo to file claims in the FTX Chapter 11 Cases with respect to matters not Released Claims or the FTX Debtors' right to object and contest any such claims that might be filed.

Escrow Agent

8. Upon release of the Deposit in accordance with the terms of the Executed Joint Direction, the Parties each individually covenant that they will not commence or continue any proceedings, claims, or actions against the Escrow Agent in respect of any Released Claims ("**Escrow Agent Claims**").

9. If any Escrow Agent Claims are made by any Party in violation of paragraph 8 above, that Party agrees to save harmless and indemnify the other Parties of and from any and all liabilities, damages, interest, costs (including legal fees and disbursements), expenses and compensation of whatsoever kind incurred in respect of the Escrow Agent Claims.

Miscellaneous

**EACH OF THE PARTIES HEREBY REPRESENT AND WARRANT TO, AND AGREE WITH, THE OTHER THAT:**

10. This Agreement is not an admission of liability, fault or wrongdoing on the part of any of the Parties in relation to any or all matters set forth in this Agreement.

11. Each Party has full power and authority to enter into this Agreement and to perform its respective obligations hereunder.

12. The terms of this Agreement are fully understood and voluntarily accepted by the Parties for the purpose of making a full and final settlement of matters as set forth herein.

13. Each Party has had an adequate opportunity to review each and every provision of this Agreement and to submit the same to legal counsel for review and advice. The rule of construction, if any, that a contract be construed against the drafter shall not apply to interpretation or construction of this Agreement, and this Agreement shall be interpreted as though it was jointly drafted by the Parties.

14. The Parties acknowledge that they have executed this Agreement after receiving independent legal advice or having been given the opportunity to obtain legal advice and declining to do so.

15. The consideration exchanged hereunder is accepted voluntarily, uninfluenced by any representations made by the Parties to one another except as are expressly contained or accepted herein.

16. The intention of the Parties is to create a full and final release of all matters between them in respect of the matters set forth in paragraph 5 above.

17. Without suggesting that California law is applicable, the Parties each expressly waive and relinquish any and all provisions, rights and benefits conferred by California Civil Code § 1542 or any principle of law that is similar, comparable or equivalent to California Civil Code § 1542 with respect to rights, claims, and interests released in paragraph 5 above.

18. The Parties shall execute, deliver, and do such further acts and things, or cause to be executed, delivered, and done, all such further acts and things as the other, or their respective representatives, may reasonably require (at the cost of the Party making such a request) for the purpose of giving full or better effect to this Agreement and ensuring that no further liability arises to the other Party in respect of the matters herein released.

19. The Parties acknowledge that the facts in respect of which this Agreement is made may prove to be other than or different from the facts now believed by them to be true, and they accept and assume the risk of the facts being different and covenant and agree that this Agreement will be in all respects enforceable and not subject to termination, rescission or variation by discovery of any difference in facts.

20. In the event any provision of this Agreement, or part thereof, shall be found to be void or invalid by an arbitrator or a court of competent jurisdiction, such void or invalid provision, or part thereof, shall be deemed to be severed from this Agreement without in any way affecting the validity, enforceability or effect of any of the remaining provisions, or parts hereof, which shall be and remain in full force and effect, and the Parties shall negotiate in good faith a replacement, but legally valid provision that best meets the intent of the Parties.

21. No Party has assigned, and will not assign to any other party, any of the claims which are released herein.

22. The Parties agree not to make any claim or institute any proceedings against any person or entity, which is entitled to make a claim over or seek indemnity as against the other Party in connection with any Released Claims.

23. This Agreement and all related matters will be governed by, and construed in accordance with, the laws of Alberta, Canada and the federal laws of Canada applicable therein.

24. The Parties understand and agree that this Agreement contains the entire agreement between the Parties and that this Agreement may not be modified except by mutual written agreement of the Parties approved by the Bankruptcy Court, and that the terms of this Agreement are contractual and not a mere recital.

25. Time shall be of the essence of this Agreement.

26. This Agreement shall enure to the benefit of and be binding upon each of the Parties and their respective successors and assigns.

27. This Agreement may be executed and delivered in one or more counterparts, and by facsimile or other electronic communication, each of which, when executed and delivered, will be deemed an original, and all of which will constitute one and the same document.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK – SIGNATURE PAGE TO FOLLOW]**

**IN WITNESS WHEREOF** the Parties have duly executed and delivered this Agreement, as of the Settlement Date.

**PATENO PAYMENTS INC.**

Per: _____
Name: Pamela Draper
Title:   President & CEO
*I have authority to bind the Corporation*

**BITVO INC.**

Per: _____
Name: Pamela Draper
Title:   President & CEO
*I have authority to bind the Corporation*

**FTX CANADA INC.**

Per: _____
Name: John J. Ray III
Title:  CEO
*I have authority to bind the Corporation*