IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FTX TRADING LTD., *et al.*, | ) Case No. 22-11068 (JTD) |
| | ) (Jointly Administered) |
| Debtors. | ) **Hearing Date: July 19, 2023 at 1:00 pm** |
| | ) **Objection Deadline: July 12, 2023 at 4:00 pm** |

**MOTION OF 101 SECOND STREET, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. §§ 503(B)(1)(A), AND 507(A)**

101 Second Street, Inc. ("Landlord"), a landlord from which the Debtors leased real property, by and through its undersigned counsel, hereby requests the entry of an order granting Landlord an allowed administrative expense claim pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code"), and requiring immediate payment thereof, and states as follows:

**Jurisdiction**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Bankruptcy Code sections 364(a), 503(b)(1)(A) and 507(a)(2).

**Background**

2.  On November 11, 2022 (the "Petition Date"), the above-captioned debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3.  The Debtors leased real property from Landlord pursuant to a lease (the "Lease") as shown below in *Table 1*:

**TABLE 1:**

| Property Name | Property Location | Landlord |
|---|---|---|
| 101 Second Street | San Francisco, CA | 101 Second Street, Inc. |

4. Landlord's administrative expense claims consist of post-petition use and occupancy charges due from Debtors that arose under the Lease on and after the Petition Date. *See* 11 U.S.C. §§ 503(a), 503(b)(1)(A), and 365(d)(3).

5. Under the terms of the Lease, Debtors are required to make certain payments arising out of their use and occupancy of the Premises. These payments include such items as rent and related charges, common area maintenance obligations, real property taxes, and all other charges imposed by the Lease, including year-end adjustments and reconciliations for charges that are paid on an estimated basis. Debtors have not paid all obligations that have arisen or accrued during the post-petition period, and certain amounts remain due and owing for the period from the Petition Date through and including the date of rejection (the "Administrative Claim Period").

6. Landlord is entitled to administrative expense claims for such obligations in the total amount of $189,947.28 (the "Claim"), plus indemnity obligations, amounts subject to setoff and/or recoupment and attorneys' fees.

## Requested Relief

7. By this Motion, Landlord respectfully requests the entry of an Order granting Landlord an administrative expense claim in the amount of $189,947.28 pursuant to Bankruptcy Code Sections 365(d)(3), 503(b)(1)(A) and 507(a).

## Basis for Relief Requested

8. Section 507(a)(2) provides that "administrative expenses allowed under section 503(b) of this title" shall have second priority status under the Bankruptcy Code. Moreover,

Bankruptcy Code section 503(b)(1)(A) provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, . . . including . . . the actual, necessary costs and expenses of preserving the estate[.]" *See* 11 U.S.C. § 503(b)(1)(A).

9. In determining whether administrative priority under Section 503(b)(1)(A) is proper, bankruptcy courts generally apply a two-pronged test. First, there must be a post-petition transaction between the creditor and the debtor. Second, the estate must benefit from the transaction. *E.g., In re Garden Ridge Corp.*, 321 B.R. 669, 676 (Bankr. D. Del. 2005) (citing *In re Waste Systems Int'l, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002)).

10. In the present case, as indicated above, Landlord provided the leased premises to the Debtors following the Petition Date. Accordingly, the first prong of the *Garden Ridge* test is satisfied.

11. Second, Debtors' occupancy of the leased premises clearly benefited the Debtors' estates as such occupancy was relied upon by the Debtors during the Debtors' post-petition operations. *See TransAm. Nat. Gas Corp.,* 978 F.2d 1409, 1420 (5th Cir. 1992) ("Although the estate receives a benefit that often can be measured by the actual cost of necessary goods or services supplied, the estate also receives other less readily calculable benefits, such as the ability to continue in business as usual."). Accordingly, the Claim also meets the second prong of the *Garden Ridge* test.

12. Based on the foregoing, because the Claim satisfies both prongs of the test for administrative expense status, the Claim should be allowed as an administrative expense claim in pursuant to section 503(b)(1)(A) of the Bankruptcy Code for all time periods.

13. Section 365(d)(3) of the United States Bankruptcy Code and applicable case law require a trustee to pay timely and as an administrative expense claim all post-petition rent and

related charges until an unexpired lease is rejected. *See* 11 U.S.C. § 365(d)(3) ("[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(l) of this title"); 11 U.S.C. § 503(a).

14.     Further, the clear language of § 365(d)(3) requires the Trustee to perform an obligation when the legally enforceable duty to perform arises under that lease. *See In re Montgomery Ward Holding Corp.,* 268 F.3d 205, 209 (3d Cir. 2001). Accordingly, when the lease requires the debtor to reimburse the landlord for certain obligations, the debtor's obligation to make timely payment arises after the petition, but before rejection of rent as it comes due. *See In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 610-14 (Bankr. D. Del. 2008); *Towers v. Chickering & Gregory (In re Chickering & Gregory)*, 27 F.3d 401, 403 (9th Cir. 1994) ("section 365(d)(3) created an immediate obligation to pay the full amount of the rent specified by the lease. . .").

WHEREFORE, pursuant to Bankruptcy Code Section 503(b)(1)(A), Landlord requests the entry of an Order (i) granting and allowing the Claim against the Debtors as an administrative expense claim in the amount of $189,947.28; and (ii) granting such other and further relief as is just and proper.

Dated: June 29, 2023              */s/Garvan F. McDaniel*
                                  Garvan F. McDaniel (DE Bar No. 4167)
                                  1311 Delaware Avenue
                                  Wilmington, Delaware 19806
                                  302.656.7540; 302.656.7599 (f)
                                  gfmcdaniel@dkhogan.com

                                  *Attorney for Landlord*