# **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Re: Docket No. 1192 |

**ORDER DENYING MOTION OF THE JOINT PROVISIONAL LIQUIDATORS
FOR A DETERMINATION THAT THE U.S. DEBTORS' AUTOMATIC STAY
DOES NOT APPLY TO, OR IN THE ALTERNATIVE FOR RELIEF FROM STAY
FOR FILING OF THE APPLICATION IN THE SUPREME COURT OF
THE COMMONWEALTH OF THE BAHAMAS SEEKING
<u>RESOLUTION OF NON-US LAW AND OTHER ISSUES</u>**

Upon the motion (the "**Motion**")[2] of Brian C. Simms KC, Kevin G. Cambridge, and Peter Greaves, in their capacity as the duly appointed joint provisional liquidators ("**JPLs**") of FTX Digital Markets Ltd., seeking (i) a determination that the automatic stay does not apply to the filing of the directions application (the "**Application**") to be issued in the Supreme Court of The Bahamas (the "**Bahamas Court**") or in the alternative (ii) relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code in order to allow the JPLs to file the Application in the Bahamas Court; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288.  Due to the large number of debtor entities in the chapter 11 cases, a complete list of the debtors (the "**Debtors**") and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Chapter 11 Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing having been held on June 8 and 9, 2023 to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all proceedings before the Court; and after due deliberation thereon; and after the Parties having conferred to appoint a mediator to administer a non-binding mediation process between the Parties to potentially resolve disputes and claims between the JPLs and the Debtors (the "**Mediation**"),

IT IS HEREBY ORDERED ADJUDGED, AND DECREED THAT:

1. The Motion is denied for the reasons set forth on the record of the Hearing.

2. Hon. [●] is hereby authorized and appointed to serve as mediator (the "**Mediator**") to conduct the Mediation in accordance with this Order.

3. The Mediation shall be governed by Rule 9019-5(d) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware ("**Local Delaware Bankruptcy Rule 9019-5(d)**"). The Parties shall meet and confer with the Mediator to establish procedures and timing for the Mediation.

4. The Official Committee of Unsecured Creditors shall be a party to the Mediation.

5. The Customer Adversary Plaintiffs, the Ad Hoc Customer Group, and the Ad Hoc Committee of Non-US Customers of FTX.com shall each be an observation party to the Mediation.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to this Order.