**EXHIBIT D**

**REQUESTS FOR PRODUCTION OF DOCUMENTS TO EVOLVE BANK & TRUST**

# REQUESTS FOR PRODUCTION OF DOCUMENTS TO EVOLVE BANK & TRUST

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, FTX Trading Ltd., its affiliated debtors and debtors-in-possession, and the Official Committee of Unsecured Creditors (collectively, the "Movants") hereby serve the following requests for production of documents or categories of documents (the "Requests") to Evolve Bank & Trust (together with its subsidiaries and affiliates, "Evolve Bank"), to be produced to the Movants in accordance with the Definitions and Instructions below.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the Definitions set forth below.

1. "**Account**" shall mean any arrangement between You and any of Your customers where You hold funds or other assets on behalf of that customer.

2. "**Alameda**" shall refer, collectively, to Alameda Research LLC and any of its subsidiary Debtors.

3. "**Chapter 11 Cases**" shall mean the jointly administered bankruptcy cases styled as *In re FTX Trading Ltd.*, *et al.*, Case No. 22-11068 (JTD) (Bankr. D. Del.).

4. "**Communication**" shall mean the transmission of facts, ideas, thoughts, opinions, data, inquiries, or information, whether orally or in writing or by any other means or medium, Including correspondence, memoranda, reports, presentations, interviews, face-to-face conversations, telephone conversations, text messages, instant messages (Including messages sent using Slack, Teams, Discord, WhatsApp, Signal, or other similar applications), voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, e-

mail, and postings of any type. A Request for Documents Concerning any Communication among or between specified parties includes a Request for any Communication among or between such parties, whether or not such Communication included or was directed to any other Person.

5. "**Concerning**" shall be understood in its broadest sense and shall mean concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, recording, including, negating, manifesting, containing, or comprising the subject matter identified.

6. "**Customer Deposits**" shall mean any amounts Transferred from any FTX Group customer to any Account related to the FTX Group.

7. "**Debtors**" shall refer, collectively, to FTX Trading Ltd. and affiliated debtors and debtors-in-possession,[1] which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Chapter 11 Cases.

8. "**Document**" shall have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure, made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include all originals (both sides thereof), copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand, as well as all materials underlying, supporting, or used in the preparation of such a Document: letters, correspondence, telegrams, telexes, facsimile

---

[1] A complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

2

transmissions, memoranda, records, summaries of personal conversations or interviews, notes, financial or statistical statements or compilations, contracts, agreements, analyses, pictures, films, plans, tape recordings, videotapes, disks, diskettes, websites, e-mail and other electronically transmitted messages, text messages, chat or communicator transmissions, voicemail messages, online chat or instant messages (e.g., Slack, Teams, Discord, WhatsApp, or Signal messages), interoffice Communications, and any other writings, papers, or tangible things of any kind.  The term "Document" further includes e-mail and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or some other storage mechanism.  The term "Document" also includes all Electronically Stored Information.

9.    "**Electronically Stored Information**" or "**ESI**" shall have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure, made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include all computer or electronically stored or generated data and information, Including all attachments to and enclosures with any requested item, and all drafts thereof.  "Electronically Stored Information" or "ESI" includes information stored in any format and on any storage media, Including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable.  "Electronically Stored Information" or "ESI" further includes: word-processing Documents; electronic spreadsheets; electronic presentation Documents; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database.  "Electronically Stored Information" or "ESI" also includes all associated metadata that is maintained or saved (e.g., author, recipient, file creation date, file modification date, et cetera).

10.    "**FTX Group**" shall refer, collectively or individually, to the Debtors and to all affiliates of the Debtors, Including those that have not filed voluntary chapter 11 petitions in the

3

United States under the Bankruptcy Code, and any parents, subsidiaries, affiliates, predecessors, successors, assigns, members, principals, partners, directors, officers, employees, agents, representatives, consultants, attorneys, or Persons acting or purporting to act on their behalf. For the avoidance of doubt, "FTX Group" shall include West Realm Shires Services Inc. (a/k/a FTX US).

11. **"Including"** shall mean "including, but not limited to" and "including, without limitation." It shall not be construed to limit the scope of any Definition or Request herein.

12. **"Insiders"** shall mean, collectively or individually, Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh, Caroline Ellison, Zhe "Constance" Wang, Ryan Salame, Barbara Fried, Joseph Bankman, and Gabriel Bankman-Fried, their agents, and any of their spouses or partners, parents, grandparents, siblings, aunts and uncles, nieces and nephews, or first cousins.

13. **"Person"** shall mean natural persons, proprietorships, corporations, companies, partnerships, trusts, joint ventures, groups, associations, organizations, and all other form of organization or entity, Including governmental bodies and agencies. "Person" shall include that Person and (a) that Person's directors, officers, employees, agents, and representatives; (b) that Person's attorneys, accountants, and advisors (Including investment bankers and public relations or other media consultants); (c) any professional employed or retained by that Person; and (d) all other Persons acting or purporting to act on that Person's behalf.

14. **"Transfer"** shall be understood in its broadest sense and shall Include movement of Tokens, assets, monetary funds, and/or ownership rights from one Account to another.

15. **"Token"** shall mean any virtual currency, digital unit of payment, ownership, or trade, a denomination of a cryptocurrency, or any one-for-one digital representation of U.S. Dollars.

16.     "**You**" or "**Your**" shall refer to Evolve Bank & Trust, as well as any parents, subsidiaries, affiliates, predecessors, successors, assigns, members, principals, partners, directors, officers, employees, agents, representatives, consultants, attorneys, or Persons acting or purporting to act on its behalf.

17.     Whenever used herein: (a) the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; (b) the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; (c) the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); (d) each of the functional words "any," "each," "every," and "all" shall be deemed to include each of the others; and (e) the past tense shall include the present tense and vice versa.

## INSTRUCTIONS

1.      These Definitions and Instructions shall apply in interpreting the scope of the Definitions and Instructions as well as the individual Requests below.

2.      Unless otherwise specified, each Request herein seeks all responsive Documents without any limitation with respect to date.

3.      Please respond separately and fully to each Request and produce all Documents responsive to the Requests that are within Your possession, custody, or control; in the possession, custody, or control of any other Person or entity acting or purporting to act on Your behalf; or otherwise available to You.

4.      If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify: (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to

obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have Concerning the unanswered portion of any such Request(s).

5. If there are no Documents responsive to any particular Request, please state so in writing.

6. A Request for a Document shall be deemed to include a Request for the original and final versions of the Document, all drafts, alterations, modifications, changes, and amendments thereto, as well as all non-identical copies or drafts of such Documents, Including any copy bearing non-identical markings or notations of any kind, as well as all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document.

7. You shall produce all Documents in the manner in which they are maintained in the usual course of Your business or You shall organize and label the Documents to correspond with the categories in this Request. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels are to be produced in a manner that duplicates such labels, markings, or organizational tools and that replicates the manner in which the Documents are or were maintained. Documents attached to each other should not be separated.

8. Each Request herein should be construed independently and not with reference to any other Request for the purpose of limitation.

9. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

10. All Documents and Electronically Stored Information shall be produced with all available metadata.

11.     If You contend that any information requested is privileged or otherwise immune from discovery, or if any Document is withheld from production based on a claim of privilege, immunity, or other ground, please furnish a log specifying: (a) the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state or foreign law, the specific state or foreign privilege rule being invoked; and (b) unless divulgence of such information would cause disclosure of the allegedly privileged information, (i) the type of Document, (ii) the general subject matter of the Document, (iii) the date of the Document, and (iv) such other information as is sufficient to identify the Document for a subpoena duces tecum, Including, where appropriate, the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the Document.

12.     If a portion of an otherwise responsive Document contains information subject to a claim of privilege or protection, only that portion of the Document subject to such claim shall be redacted from the Document and the rest shall be produced.

13.     In the event any Document responsive to any Request has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all Persons who received copies of the Document, Including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (e.g., memorandum, letter, report, e-mail, Signal message); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the Persons authorizing and carrying out such destruction or discarding of the Document.

14. If You claim any ambiguity in interpreting a Request, Definition, or Instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous, and shall comply with any portion of the Request that You do not contend is ambiguous.

15. Each Request shall be deemed to be continuing in nature. If at any time additional Documents come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

16. All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of any protective or confidentiality orders entered by the Bankruptcy Court.

17. These Requests are provided without prejudice to, or waiver of, the Movants' right to conduct further discovery.

## **DOCUMENT REQUESTS**

1. All Documents and Communications Concerning the services You provided to the FTX Group or the Insiders.

2. All Documents and Communications Concerning the scope of the services You provided to the FTX Group or the Insiders Including any agreements governing Accounts or other business relationships, statements of work, or descriptions of such services.

3. All Documents and Communications exchanged with any customer, creditor, financial institution, professional, or agent affiliated with the FTX Group or the Insiders Concerning the services You provided to the FTX Group or the Insiders.

4. All Documents and Communications Concerning the promotion of the FTX Group or the Insiders by You, Including the promotion of the FTX Group or the Insiders as Your customers or clients.

5. All Documents and Communications exchanged with any Person at, or affiliated with, the FTX Group or the Insiders.

6. All Documents and Communications Concerning any bank Accounts, depository Accounts, payment process service Accounts, brokerage Accounts, or cryptocurrency exchange Accounts owned, controlled by, or used by anyone working on behalf of, or held in the name of or for the benefit of, the FTX Group or the Insiders.

7. Documents sufficient to show on a daily, weekly, and monthly basis the overall percentage of deposits at Evolve Bank that related to the FTX Group or the Insiders.

8. Documents sufficient to show the identity of all bank Accounts maintained by the FTX Group or the Insiders.

9. Documents sufficient to show general ledgers of all Accounts maintained by the FTX Group or the Insiders.

10. All Documents and Communications Concerning transactions relating to any Accounts maintained by the FTX Group or the Insiders, Including for each transaction Documents sufficient to show the amount, date, time, payment instructions, fees, names, Account numbers, and physical addresses of parties to the transactions.

11. All Documents and Communications Concerning the identity of those Persons who could access, view, make Transfers to or from, input wires, approve wires, or pay bills for any Account maintained by the FTX Group or the Insiders.

12. Documents sufficient to describe Your anti-money laundering policies, programs, and protocols from the time You had any interaction with the FTX Group or the Insiders to the present.

13. Documents sufficient to describe Your due diligence policies, programs, and protocols from the time You had any interaction with the FTX Group or the Insiders to the present.

14. Documents sufficient to describe Your "know your client" policies, programs, and protocols from the time You had any interaction with the FTX Group or the Insiders to the present.

15. All Documents and Communications Concerning any onboarding or "know your client" due diligence You conducted Concerning Accounts maintained by the FTX Group or the Insiders, Including all Documents provided by the FTX Group or the Insiders in connection with any such due diligence, Including any supplemental or updated due diligence information You received from the FTX Group or the Insiders.

16. All Documents and Communications Concerning any discussions or decisions regarding the closure, suspension, or limitation of any Accounts maintained by the FTX Group or the Insiders.

17. Documents sufficient to show every payment or exchange of value (Including digital assets, real estate, fiat currency, or other assets) by the FTX Group or the Insiders, Including the amount of the payment, the date of the payment, the payee, the payor, and the bill or invoice corresponding to such payment or exchange in value.

18. All Documents and Communications Concerning internal controls, or lack of internal control, at the FTX Group.

19. All Documents and Communications Concerning the corporate structure, corporate governance policies, corporate practices, and corporate formalities, of the FTX Group, Including the practices governing the appointment and removal of officers and directors of the FTX Group.

20. All Documents and Communications Concerning the FTX Group's processes, policies, and procedures Concerning the Transfer of assets or incurring of liabilities by the FTX Group.

21. All Documents and Communications Concerning the FTX Group's processes, policies, and procedures Concerning the Transferring of assets to, or incurring of liabilities from, the Insiders.

22. All Documents and Communications Concerning the FTX Group's processes, policies, and procedures Concerning the Transferring of assets from, or incurring of liabilities to, the Insiders.

23. All Documents and Communications Concerning any Transfer of assets or incurring of liabilities between the FTX Group, on the one hand, and the Insiders or Persons who are affiliated with the FTX Group or the Insiders, on the other hand, Including internal processes, policies, protocols, and procedures Concerning such Transfers.

24. All Documents and Communications Concerning any principle, terms of service, or agreement, relating to the FTX Group Customer Deposits, Including any analysis of any such principle, terms of service, or agreement.

25. All Documents and Communications Concerning the conversion of Customer Deposits into "E-Money" to credit customers' FTX Group Accounts.

26. All Documents and Communications Concerning Customer Deposits intended to credit customers' Accounts at one entity within the FTX Group, but that were otherwise credited at another entity within the FTX Group.

27. All Documents and Communications Concerning Customer Deposits Transferred to Accounts controlled by, or belonging to, Alameda or the Insiders.

28. All Documents and Communications Concerning the treatment of Customer Deposits, Including any decisions or discussions with the FTX Group or the Insiders as to whether to segregate the Customer Deposits.

29. All Documents and Communications Concerning any irregularities or malfeasance, or potential irregularities or malfeasance, Including with respect to Transfers of Customer Deposits intended for one entity within the FTX Group but that were otherwise credited at another entity within the FTX Group.

30. All Documents and Communications Concerning commingling or appropriation of Customer Deposits in Accounts controlled by the FTX Group or the Insiders.

31. All Documents and Communications Concerning the FTX Group's business models and financial condition, Including Your analysis of the FTX Group's business models and financial condition.

32. All Documents and Communications exchanged with any third-party service providers You interacted with in connection with the services You provided to the FTX Group or the Insiders.

33. All Documents and Communications You have produced to any governmental body or agency Concerning any investigation of the FTX Group or the Insiders.

34. All Documents and Communications You have produced to any party in connection with the Chapter 11 Cases or Concerning the FTX Group or the Insiders.