# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FTX TRADING LTD, *et al.* | : | Case No. 22-11068 (JTD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Hearing Date:** August 2, 2023 at 10:00 a.m. |
| | : | **(objected to)**[1] |
| | : | |
| | : | **Obj. Deadline:** July 26, 2023 at 4:00 p.m. |
| | : | |
| | : | Related Doc. No. 1874 |

## NON-PARTY SILICON VALLEY ACCOUNTANTS' OBJECTION TO THE JOINT OMNIBUS MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS MOTION PURSUANT TO BANKRUPTCY RULE 2004 FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS (DKT. 1874)

Non-Party Silicon Valley Accountants ("SVA"), by counsel, objects to the Joint Omnibus Motion of the Debtors and Official Committee of Unsecured Creditors (collectively "Movants") for a Rule 2004 Examination. Dkt. 1874. The Motion should be denied because (1) it is not supported by any fact, misconstrues the history of cooperation by SVA, and therefore does not meet the requirement that the Movants show good cause; (2) is not tailored to exclude categories of documents already produced by SVA and therefore is overly broad; and (3) places an unduly

---

[1] Non-party SVA objects to the hearing date and requests that the Court move the hearing to the August 23, 2023 omnibus hearing date that is already on the court's docket. Counsel for the Movants did not ask if counsel for SVA was available on August 2nd. Further, when undersigned counsel informed counsel for the Movants that he was unavailable due to a family vacation, counsel for the Movants refused to move the hearing date. *See* Exhibit 1 at 004-006. Undersigned counsel and counsel for the Movants had a further meet and confer on July 26th at 1:00pm EST. Among other things, counsel for the Movants asked some specific questions about SVA's document production, to which undersigned counsel will provide answers to. Counsel for the Movants are still considering, or reconsidering as the case may be, undersigned counsel's request to move the hearing date.

burdensome time and expense burden on SVA, a non-party, particularly given the document productions already made by SVA to the Movants.

## PRELIMINARY STATEMENT

The Movants, by counsel for the Debtors and the Committee, have filed a Motion for a Rule 2004 Exam that misconstrues the course of dealing between them and counsel for SVA. Further, it makes conclusory representations about the nature of services that SVA provided to the Debtors that are not accurate and not supported by citation to any document or fact.

SVA is a small business that provided limited consulting services to a third-party bookkeeper for Debtor FTX and some of its related companies in 2021. SVA was then retained directly by some of the Debtors in early 2022 to implement a hosted software application to improve the monthly accounting close process. SVA provided those consulting services for a matter of months before the Debtors filed for bankruptcy. While counsel for the Movants claim that SVA "effectively acted as an extension of company management", Movants make that statement without citation to any fact and an apparent lack of concern for its accuracy. Counsel for the Movants should know the scope of services by way of the documents and communications that SVA has provided to date, but nonetheless fails to properly characterize SVA's services or otherwise support their characterization of the same.

The manner that counsel for the Movant's characterizes SVA's cooperation since receiving an informal document request in February 2023 is also not accurate. The reality is that SVA and its counsel have bent over backward to accommodate counsel for the Movants at every step of the way and have produced 46,777 bates stamped pages of documents to date. Statements by counsel for the Movants that SVA has "made a limited production", failed to "explain the scope of its search", and are "obstructing" the Movant's investigation are demonstrably false. It is no surprise

that counsel for the Movants failed to attach the history of email communications between them and counsel for SVA as an exhibit to the Motion, because if they did, the Court and the public would know that their statements are simply not accurate. SVA includes that correspondence as Exhibit 1 to this Objection.

Because the Motion is not supported by fact, it fails to establish good cause for a Rule 2004 exam. The proposed Rule 2004 examination is also overly broad because Movants have failed to identify what categories of documents SVA has not adequately responded to in its prior document production. It is particularly weak that Movants' position and the basis for the requested subpoena is they "expected" more documents from SVA. After SVA performed additional document searches and then made a supplemental document production on June 30th, Movants did not articulate any concrete questions about the supplemental search and production until after they filed the Motion, via email on July 21st and then on a meet and confer call on July 26th. SVA has made clear it is happy to cooperate with Movants to the extent reasonably possible and will provide answers to Movant's questions quickly.

Given the substantial resources that SVA has already expended in responding to Movant's informal document requests, the instant unsupported Motion and proposed Rule 2004 exam is unduly burdensome on SVA from a time and cost perspective. The Court should deny the Motion accordingly.

**STATEMENT OF FACTS**
**RELEVANT TO MOVANTS' DOCUMENT REQUESTS**

On February 10, 2023, David Grable from the law firm Quinn Emanuel transmitted to SVA certain requests that SVA informally produce documents (the "Document Requests"). *See* Dkt. 1874 ¶ 6. Counsel for SVA responded to that request on February 14th and set up an initial call to discuss, which occurred on February 16th. Exhibit 1 at 038-39. Over the next few weeks, until

March 21, 2023, counsel for SVA and the Movants negotiated the parameters of informal production and a protective order. *Id*. at 30-37 (emails dated February 21, 27, 28, March 2, 6, 8, 20, and 21).

In anticipation of producing documents to the Movants, undersigned counsel for SVA prepared a memorandum dated March 17, 2023 outlining the steps associated with SVA's document search and production in response to a previous subpoena related to the same subject matter. *See* Exhibit 2.[2] As articulated in Exhibit 2, SVA with the assistance of an information technology professional, instituted a litigation hold on November 23, 2022. SVA then identified three repositories with documents potentially related to FTX and its related persons or entities: Microsoft 365 (Microsoft's cloud-based application platform), individual hard drives, and document management software. *Id*. SVA's IT support ran broad search terms across all repositories based on terms that would collect relevant data. IT support ran one search for all Office 365 data (across all Microsoft 365 applications – including, but not limited to, email). *Id*. IT support ran searches of individual SVA personnel hard drives for those identified as possibly having relevant information. IT support also ran the search terms across the document management software. *Id*. The bulk data collection was personally reviewed by undersigned counsel for SVA, J. Peter Glaws, IV. *See* Exhibit 1 at 001, ¶ 3; *See also* Exhibit 2.

SVA made an initial document production to counsel for FTX on March 22, 2023. Exhibit 1 at 029. All counsel then conferred regarding the initial production on March 30th. *Id*. at 028. Following that conference, counsel for Debtors, Jaclyn Palmerson, sent an April 3rd email that

---

[2] Information related to the issuer of the subpoena is confidential and not relevant hereto and is therefore redacted. Counsel for SVA originally designated the entire Memorandum as confidential, but a targeted redaction of confidential information is appropriate. The confidential designation in the header has been redacted to indicate withdrawal of the same, with the exception of confidential information redacted in the body. The last names of SVA personnel, with one exception, have also been redacted for privacy purposes.

4

itemized certain questions related to the production. *Id*. at 026-027. Counsel for SVA investigated all issues raised by Ms. Palmerson and provided a point-by-point response on April 19, 2023. Exhibit 1 at 020-026.

Counsel for Movants, Ms. Palmerson, was not satisfied with the April 19th response and raised non-specific concerns about SVA's document production. Counsel for SVA asked Ms. Palmerson to clarify and better articulate those concerns, which she did on April 26, 2023. Exhibit 1 at 016-021.

After counsel for the Movants articulated their concerns, counsel had a meet and confer call to discuss on May 2nd. Ms. Palmerson summarized the substance of that call on May 4th. As part of the meet and confer, SVA agreed to run search terms selected by counsel for FTX across its databases. Ms. Palmerson provided those additional search terms on May 30, 2023. Exhibit 1 at 012-016. Nearly a month passed between the May 2nd meet and confer and May 30th when counsel for the Movants provided their requested search terms. *Id*.

Counsel for Movants and SVA had additional email communications on June 5, 9, 12, 14, and 15. Exhibit 1 at 008-011. On June 20, 2023, counsel for SVA provided Ms. Palmerson the hit report on her requested search terms. *Id*. at 008; *See also* Exhibit 3.[3] Counsel for SVA informed Ms. Palmerson that documents with positive hits had been collected and would be reviewed for responsiveness. *Id*.

Ms. Palmerson responded to SVA's hit report with a general statement that "the search terms are capturing fewer documents than we would have expected based on FTX's own records". Exhibit 1 at 007. Ms. Palmerson also wanted to interview the person who performed the search,

---

[3] Exhibit 3 was designated as confidential at the time it was transmitted to counsel for Movants. That designation is removed given its need to be used in this Objection. The designation has been redacted to indicate its removal. The last names of non-public individuals are redacted as not relevant and for privacy purposes.

5

even though SVA's document production was being performed on an informal basis. *Id*. On Monday, June 26, 2023, in response to Ms. Palmerson's email and another from Debtor counsel Anthony Alden, counsel for SVA informed Mr. Alden their assertion that SVA's search was less than complete, "based on FTX's own records", did not provide a reasonable basis to believe the previous searches were insufficient. *Id*. at 006-007. Counsel for SVA also informed Mr. Alden that SVA continued to work on searching third party messaging apps. *Id*.

Counsel for SVA made a supplemental production of documents on June 30, 2023. Dkt. 1874 at 7, n.7. Between June 30th and the filing of the Motion at issue on July 17th, Movants did not provide any comments on the documents produced.

When Movants filed the instant Motion on July 17, 2023, they unilaterally set the Motion to be heard on August 2, 2023, having made no attempt to coordinate a mutually available hearing date. Counsel for SVA was served with the Motion through Kroll on July 18th. Even after service, Counsel for Movants still did not reach out undersigned counsel about service, a hearing, or otherwise. Counsel for SVA then emailed Debtor counsel Anthony Alden on July 20, 2023. Exhibit 1 at 005-006. Counsel for SVA informed Mr. Alden that he was not available on August 2nd due to a previously planned family vacation. Counsel asked Mr. Alden to move the hearing date to any day after August 14, 2023. Undersigned counsel stressed SVA's continued willingness to work with Movants on document issues, but Mr. Alden still had not provided any reasonable basis for their contention that SVA's document search and production was less than complete. *Id*. Counsel informed Mr. Alden that SVA was not able to effectively extract correspondence from third-party messaging applications. *Id*. Undersigned counsel also proposed a cost shifting arrangement, whereby if Movants believed SVA's document search protocol was not sufficient, an agreed upon

IT vendor could be hired to re-do the search and to perform search and extraction across third-party messaging applications, at Movants expense. *Id*.

Undersigned counsel received a response from Debtor counsel, Ms. Palmerson, on Friday, July 21 at 7:23pm. Exhibit 1 at 004-005. Ms. Palmerson, on behalf of the Movants, refused to move the hearing. This is despite the fact there is an omnibus hearing scheduled for August 23, 2023 already on the Court's calendar. Dkt. 1807. Ms. Palmerson also declined the proposed cost-shifting agreement. Exhibit 1 at 004-005. Regarding third-party messaging applications, Ms. Palmerson telling admitted that, although they were insisting on search and production from these applications, she had no idea about "the sources of volume of data", even though any such communications would be with persons associated with FTX and its related entities, and therefore presumably already in Ms. Palmerson's possession and control. *Id*.

Ms. Palmerson's July 21st email also, for the first time since SVA provided the supplemental hit report on June 20th, finally articulated that Movants were concerned whether SVA's supplemental document search included internal emails. Exhibit 1 at 004-005. Because Movants finally articulated a concern with the supplemental document search and production, counsel for SVA was able to address the issue over the weekend and then informed Ms. Palmerson on Monday, July 24th that the search terms were run across all internal and external emails. *Id*. at 003.

Mr. Alden, on behalf of the Movants, responded just before midnight on July 24th with a series of questions. *Id*. at 003. Mr. Alden's questions, however, have for the most part been repeatedly answered over the last number of months as explained in undersigned counsel's July 25, 2023 response. Exhibit 1 at 001-002. Mr. Alden, Ms. Palmerson, and numerous other attorneys for the Movants have been included on all these communications. *See generally* Exhibit 1. Undersigned counsel and counsel for Movants had a further meet and confer call on July 26, 2023

at 1:00pm EST. Among other things, counsel for the Movants asked some specific questions about SVA's document search and production, to which undersigned counsel will provide answers.

## ARGUMENT

While the scope Rule 2004 is broad, where, as here, the non-party objects, "[t]he party seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 627 (Bankr. D. Del. 2016) (internal citations omitted). "Generally, good cause is shown if the Rule 2004 examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *Id*. A movant's burden is not met with unsupported conclusory allegations, but rather should be supported by facts and testimony. *Id*. "Parties do not have an absolute right to Rule 2004 examinations – the granting of a Rule 2004 examination is dependent on the discretion of the court." *Id*. citing Fed. R. Bankr. P. 2004(a) ("On motion of any party in interest, the court *may* order the examination...") (emphasis in original citation). The Rule requires a balancing of "the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." Further, Rule 2004 is not available to creditors seeking "to use this section to deal with their special problems." *In re Millennium Lab Holdings*, 562 B.R. at 626–27.

In this case, the Movants have utterly failed to put forward any facts in support of their Motion. To the contrary, Movants have made generalized statements without citation or other support and have not properly represented the nature of SVA's services or the history of SVA's document collection, production, and correspondence between counsel. The previously cited case of *In re Millennium Lab Holdings* is informative here. In that matter, the movant testified under oath, via declaration, that the examination was necessary under the circumstances. The movant

further testified under oath that "documents already in his purview are not sufficient to determine the scope of the Trustee's viable claims." 562 B.R. at 627–28.

The Movants here fail to support their Motion in any respect and therefore fail, as a matter of law, to meet their burden on a motion for a Rule 2004 exam. The Movants have further failed to articulate what categories of the documents requested, if any, they contend that SVA has not adequately responded to by their previous document productions. Where a party seeking a Rule 2004 exam has previously received responsive documents, the movant should avoid making duplicate requests to avoid overly broad and unduly burdensome discovery. *In re Millennium Lab Holdings II, LLC*, 562 B.R. at 627–28.

## CONCLUSION

WHEREFORE, for these reasons, the Court should deny the Motion, in full and with prejudice. The Court should further award SVA any further relief it deems just and appropriate, including all attorney's fees, costs, and other expenses incurred in connection with this objection.

Dated: July 31, 2023
       Wilmington, DE

/s/ James E. Huggett
James E. Huggett, Esquire (DE ID #3956)
Margolis Edelstein
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
Tel.: 302-888-1112
Fax: 302-888-1119
jhuggett@margolisedelstein.com

and

/s/ *J. Peter Glaws, IV*
J. Peter Glaws, IV (pro hac vice forthcoming)
Carr Maloney P.C.
2000 Pennsylvania Ave., Suite 8001
Washington, D.C. 20006
peter.glaws@carrmaloney.com

*Attorneys for Silicon Valley Accountants*

9