**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: August 23, 2023 at 1:00 p.m. (ET) |
| | Obj. Deadline: August 16, 2023 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER**
**DIRECTING THE TURNOVER OF ASSETS**

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 541 and 542(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), directing (i) Stripe, Inc., a Delaware corporation ("Stripe") to transfer the Stripe WRSS Funds (as defined below) to Debtor West Realm Shires Services Inc. ("WRSS") and the Stripe FTX EU Funds to Debtor FTX EU f/k/a K-DNA Financial Services Ltd a ("FTX EU") and (ii) BiLira Teknoloji Anonim Şirketi, a company organized under the laws of the Republic of Türkiye ("BiLira" and, together with Stripe, the "Counterparties"), to return the TRYB Tokens (as defined below) to Debtor FTX Trading. In support of the Motion, the Debtors respectfully submit as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**Background**

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**Facts Specific to Relief Requested**

**I. The Stripe Transfers**

1. Stripe provides payment processing services to its users. Prior to the commencement of these Chapter 11 Cases, Stripe provided payment processing services to Debtor WRSS that allowed customers of Debtor WRSS to onboard funds to the FTX.US platform and provided certain payment processing services to FTX EU.

2. The Debtors have been in discussions with Stripe regarding certain accounts at Stripe. The Debtors understand that such accounts were under the control of Debtor WRSS (the

"Stripe WRSS Accounts") and Debtor FTX EU (the "Stripe FTX EU Accounts") prior to the Petition Date.

3. The Debtors and Stripe have reached an agreement regarding the transfer to Debtor WRSS of $14,215,336.42 held in the Stripe WRSS Accounts (the "Stripe WRSS Funds") and the transfer to Debtor FTX EU of €82,138.76 held in the Stripe FTX EU Accounts (the "Stripe FTX EU Funds", together with the Stripe WRSS Funds, the "Stripe Funds").

4. Stripe has represented to the Debtors that it is ready, willing, and able to transfer to Debtor WRSS the Stripe WRSS Funds and to Debtor FTX EU the Stripe FTX EU Funds, subject to entry of an appropriate order by this Court.

5. To complete the transfer of the Stripe Funds, Stripe has requested that the Debtors obtain an order from this Court directing Stripe to transfer the Stripe WRSS Funds to Debtor WRSS and the Stripe FTX EU Funds to Debtor FTX EU. The Debtors will work with Stripe to designate an appropriate account or accounts to transfer the Stripe Funds.

## II. The BiLira Transfers

6. BiLira is a stablecoin provider and the issuer of TRYB tokens ("TRYB"), a stablecoin pegged to the value of the Turkish Lira. Prior to the commencement of these Chapter 11 Cases, TRYB traded on the Debtors' exchanges.

7. On November 12, 2022, BiLira announced that, following the suspension of the Debtors' services and in light of the cyberattack against the Debtors, BiLira "blacklisted" all TRYB held in wallets belonging to Debtor FTX Trading (the "FTX Wallets") in order to ensure the security of TRYB assets of BiLira's users. BiLira also announced that it moved TRYB out of one of the FTX Wallets to a wallet held by BiLira (the "BiLira Wallet") for safekeeping in light of the cyberattack against the Debtors at the outset of these Chapter 11 Cases. The withdrawal of the TRYB was done through software that allows BiLira to withdraw TRYB from FTX Wallets.

8.  The Debtors have been in discussions with BiLira regarding the return to Debtor FTX Trading of all TRYB that remain in the BiLira Wallet (the "TRYB Tokens").

9.  BiLira has represented to the Debtors that (i) the approximately 29 million TRYB Tokens that had been in circulation with its users on the FTX exchange, currently valued at approximately $1.07[2] million, remain in the BiLira Wallet, (ii) BiLira's actions are and will be in accordance with the order and direction of this Court and (iii) BiLira is technically ready and able to return to Debtor FTX Trading the TRYB Tokens.

10. To complete the return of the TRYB Tokens, BiLira has required that the Debtors obtain an order from the Court directing BiLira to return the TRYB Tokens. The Debtors will work with BiLira to designate an appropriate digital wallet or wallets to transfer the TRYB Tokens.

## Jurisdiction

11. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief sought herein is Bankrupt3cy Code sections 105(a), 541 and 542(a). Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final

---

[2] This amount is based on the exchange rate between the U.S. Dollar and Turkish Lira as of August 2, 2023 and is subject to fluctuation.

orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

12.     Pursuant to Bankruptcy Code sections 105(a), 541 and 542(a), the Debtors respectfully request entry of the Order, substantially in the form attached hereto as Exhibit A, directing (i) Stripe to transfer the Stripe WRSS Funds to Debtor WRSS and the Stripe FTX EU Funds to Debtor FTX EU and (ii) BiLira to return the TRYB Tokens to Debtor FTX Trading.

**Basis for Relief**

13.     The Debtors request entry of the Order from the Court directing the Counterparties to transfer the Stripe Funds and the TRYB Tokens to the Debtors pursuant to section 542(a) of the Bankruptcy Code. The Counterparties are able to transfer such amounts to the Debtors but have conditioned such transfer upon entry of the Order. To facilitate the transfers, the Debtors are filing this Motion and requesting entry of the Order.

14.     Section 542(a) of the Bankruptcy Code mandates that "[a]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

15.     The Debtors submit that Stripe Funds and the TRYB Tokens are property of the Debtors' estates pursuant to section 541(a)(1) of the Bankruptcy Code, which defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case . . . wherever located and by whomever held." 11 U.S.C. § 541(a).

16.     "Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law." *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J.

2002). "[T]he Bankruptcy Code 'is not concerned with the 'technicalities of title' when it comes to determining property of the estate.'" *In re NJ Affordable Homes Corp.*, 2006 WL 2128624, at *8 (Bankr. D.N.J. June 29, 2006). Instead, property belongs to the estate where the debtor controls the property or otherwise indicates its "legal or equitable interests" in the property. *E.g.*, *In re Schwartz*, 2014 WL 2621114, at *5 (Bankr. D.N.J. June 12, 2014) (holding that bank account not in debtor's name was nevertheless property of the estate where debtor funded account, showed "ownership, control, and interest" in account, and money "functionally belonged" to debtor).

17. The Debtors submit that the assets at issue are property of the Debtors. The Counterparties acknowledge that they are able to transfer the funds at issue upon entry of an order by this Court. The Debtors thus submit that commencing an adversary proceeding is unnecessary. *See* Order Granting Debtor's Mot. for Entry of an Order Pursuant to Section 542 of the Bankruptcy Code Directing the Turnover of Assets, *In re FTX Trading*, No. 22-11068 (JTD) (Apr. 12, 2023), D.I. 1267 (ordering turnover of assets pursuant to Bankruptcy Code sections 105(a), 541 and 542 via motion practice outside of an adversary proceeding); Order Granting Debtor's Mot. for Turnover of Assets Held by Exchange Entities, *In re FTX Trading*, No. 22-11068 (JTD) (Apr. 10, 2023), D.I. 1245 (ordering turnover of assets pursuant to Bankruptcy Code sections 105(a), 541 and 542 via motion practice outside of an adversary proceeding); Order Granting Debtor's Mot. for Turnover of Assets Held by Interactive Brokers, *In re FTX Trading*, No. 22-11068 (JTD) (Feb. 03, 2023), D.I. 616 (ordering turnover of assets pursuant to Bankruptcy Code sections 105(a), 541 and 542 via motion practice outside of an adversary proceeding); *In re LVI Intermediate Holdings, Inc., et al.*, Case No. 20-11413 (KBO) (Mar. 25, 2022), D.I. 700 (ordering the turnover of funds held in a debtor bank account pursuant to Bankruptcy Code sections 105, 541 and 542 via motion practice outside of an adversary proceeding); and *In re Katy Indus., Inc., et al.*, Case No. 17-11101

(KJC) (July 6, 2017), D.I. 223 (ordering the liquidation and turnover of assets held in a debtor trust account pursuant to Bankruptcy Code sections 105(a), 541 and 542 via motion practice outside of an adversary proceeding). "Turnover under 11 U.S.C. § 542 is a remedy available to debtors to obtain *what is acknowledged to be property* of the bankruptcy estate." *See In re Rite Way Elec., Inc.*, 510 B.R. 471, 484 (Bankr. E.D. Pa. 2014) (quoting *In re Asousa Partnership*, 264 B.R. 376, 384 (Bankr. E.D. Pa. 2001) (emphasis added)).

18.  Finally, the relief requested also is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code. Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a); *see also U.S.* v. *Energy Resources Co.*, 495 U.S. 545, 549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."). "The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan R. Resnick & Henry J. Sommer eds., 16th ed. 2022). As part of the Debtors' ongoing asset recovery efforts, it is imperative that the Debtors receive the amounts at issue.

## Notice

19.  Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for BiLira; (h) counsel for Stripe; and (i) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors submit that, in light of the nature of the relief requested,

no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is deemed just and proper.

| | |
|---|---|
| Dated: August 2, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>        brown@lrclaw.com<br>        pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>        bromleyj@sullcrom.com<br>        gluecksteinb@sullcrom.com<br>        kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |