**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: August 23, 2023 at 1:00 p.m. (ET)**<br>**Objection Deadline: August 16, 2023 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE**
**DEBTORS TO ENTER INTO STIPULATION WITH**
**THE UNIVERSITY OF TORONTO, (B) APPROVING THE**
**STIPULATION, AND (C) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of

title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule

9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the

Debtors to enter into the stipulation, attached as Exhibit 1 to the Order (the "Stipulation"),[2]

between and among (i) the Debtors and (ii) The Governing Council of the University of Toronto

(the "University of Toronto" and together with the Debtors, the "Parties").  In support of the

Motion, the Debtors respectfully state as follows:

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

**Background**

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**Jurisdiction**

3.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.  Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[3]      November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

<u>Rules</u>") 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

4.      By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to enter into the Stipulation, (b) approving the Stipulation, and (c) granting certain related relief.

### Facts Specific to the Relief Requested

5.      Prior to the Petition Date, on June 29, 2022, the FTX Foundation Inc. transferred $492,119.00 (the "<u>Grant</u>") to the University of Toronto pursuant to a grant agreement.

6.      The Grant constituted funds of the FTX Debtors.

7.      As of the Petition Date, the University of Toronto retains possession of the Grant.

8.      The University of Toronto wishes to return the Grant to the FTX Debtors, and the FTX Debtors and the University of Toronto have engaged in good faith, arm's length negotiations concerning the return of the Grant.  Through those discussions, the Parties have agreed to enter into the Stipulation.  The terms of the Stipulation[4] generally provide, among other things, that the University of Toronto will return the full amount of the Grant (*i.e.*, $492,119.00) (the "<u>Settlement Amount</u>") to the Debtors following approval of the Stipulation and provision of payment instructions.  Upon receipt by the Debtors of the Settlement Amount,

---

[4]     The summary of the Stipulation contained herein is qualified in its entirety by the actual terms and conditions of the Stipulation.  To the extent that there is any conflict between any summary contained herein and the actual terms and conditions of the Stipulation, the actual terms and conditions of the Stipulation shall control.

the Parties will exchange unconditional, irrevocable and mutual releases from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, claims for compensatory, exemplary, statutory, punitive or restitutionary damages, expert or attorneys' fees and costs, arising out of the Grant or the return thereof in the form of the Settlement Amount.

### Basis for Relief

I.    **The Stipulation Satisfies Bankruptcy Rule 9019 Because it is Fair, Reasonable and in the Debtors' Best Interests.**

9.    Given that the agreement in the Stipulation for the University of Toronto to return the full amount of the Grant to the Debtors without the need for litigation and the incurrence of costs associated therewith, the Debtors have determined that entry into the Stipulation is in the best interests of the Debtors' estates.

10.    Section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

11.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case* v. *L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).  The compromise or settlement of litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy" as "[t]hey minimize litigation and expedite the administration of the estate." *In re World Health Alts., Inc*., 344 B.R. 291, 295-96 (Bankr. D. Del. 2006).

12.    "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).  Courts should not, however, substitute their judgment for that of the debtor, but instead should canvass the issues to see whether the compromise falls below the lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted).  Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

13.    The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Grp., Inc.*, 222 B.R. at 243 (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).  The test boils down to whether the terms of the proposed

compromise fall "within a reasonable range of litigation possibilities." *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); s*ee In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (citations omitted).

14.     The terms of the proposed Stipulation fall well within the range of reasonableness and should be approved by the Court.  The Stipulation provides the Debtors' estates and their stakeholders with a recovery of 100% of the Grant, without litigation and the significant costs attendant thereto.  In return, the Parties will receive mutual releases of any and all claims related to the Grant.  The compromises set forth in the Stipulation are fair and equitable, fall well within the range of reasonableness, and satisfy all relevant legal standards.

## Waiver of Bankruptcy Rule 6004(h)

15.     Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons described above, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay to the extent such stay applies.

## Reservation of Rights

16.     Nothing in this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party except as otherwise set forth herein.

## **Notice**

17.      Notice of this Motion has been provided to: (a) the U.S. Trustee;

(b) counsel to the Official Committee of Unsecured Creditors; (c) the Securities and Exchange

Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice;

(f) the United States Attorney for the District of Delaware; (g) the University of Toronto; and to

the extent not listed herein, (h) those parties requesting notice pursuant to Bankruptcy Rule 2002.

The Debtors submit that, in light of the nature of the relief requested, no other or further notice

need be provided.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and

(b) grant such other and further relief as is just and proper.

Dated: August 2, 2023  
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*  
Adam G. Landis (No. 3407)  
Matthew B. McGuire (No. 4366)  
Kimberly A. Brown (No. 5138)  
Matthew R. Pierce (No. 5946)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450  
E-mail: landis@lrclaw.com  
      mcguire@lrclaw.com  
      brown@lrclaw.com  
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**  
Andrew G. Dietderich (admitted *pro hac vice*)  
James L. Bromley (admitted *pro hac vice*)  
Brian D. Glueckstein (admitted *pro hac vice*)  
Christopher J. Dunne (admitted *pro hac vice*)  
Jacob M. Croke (admitted *pro hac vice*)  
Alexa J. Kranzley (admitted *pro hac vice*)  
Benjamin S. Beller (admitted *pro hac vice*)  
125 Broad Street  
New York, NY 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588  
E-mail: dietdericha@sullcrom.com  
      bromleyj@sullcrom.com  
      gluecksteinb@sullcrom.com  
      dunnec@sullcrom.com  
      crokej@sullcrom.com  
      kranzleya@sullcrom.com  
      bellerb@sullcrom.com

*Counsel for the Debtors*  
*and Debtors-in-Possession*