# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF JOHN J. RAY III IN SUPPORT MOTION OF DEBTORS FOR ENTRY OF THE ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO SETTLEMENT AGREEMENT WITH IEX GROUP, INC., (B) APPROVING THE SETTLEMENT AGREEMENT, AND (C) GRANTING RELATED RELIEF

I, John J. Ray III, hereby declare as follows:

1. I am the Chief Executive Officer of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), having accepted this position on November 11, 2022. I am administering the interests and affairs of the Debtors from my offices in the United States. I am over the age of 18 and authorized to submit this Declaration on behalf of each of the Debtors.

2. I submit this declaration (this "Declaration") in support of the *Motion of Debtors for Entry of an Order (A) Authorizing the Debtors to Enter into Settlement Agreement with IEX Group, Inc., (B) Approving the Settlement Agreement, and (C) Granting Related Relief* (the "Motion").[1]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon: (i) my personal knowledge, information and belief, or my opinion based

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

upon experience, knowledge and information concerning the Debtors; (ii) information learned from my review of relevant documents; and/or (iii) information supplied by persons working directly with me or under my supervision, direction or control and/or from the Debtors' professionals and advisors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4. On March 18, 2022, Debtors FTX Trading and West Realm Shires Inc. ("WRS") entered into a share exchange agreement (as amended, supplemented or modified from time to time, the "Share Exchange Agreement") with IEX Group, Inc. ("IEX"), pursuant to which, among other things, the Parties agreed to exchange FTX and WRS common stock for IEX common stock (collectively, the "Prior Transaction"). On the same day, among other agreements, the Parties also entered into the Collaboration Agreement, pursuant to which the Parties agreed to use commercially reasonable efforts to conduct a strategic partnership to seek further adoption of approved trading systems and related services for cryptographic assets in the United States.

5. The Prior Transaction closed on May 17, 2022. At the closing, (i) IEX received 5,663,211 common shares of FTX Trading and 49,234,136 shares of class A common stock of WRS (collectively, the "FTX Shares"), and (ii) WRS received 1,570,142 shares of IEX common stock (the "IEX Shares"). As of the date of this Motion, WRS continues to hold the IEX Shares, and IEX continues to hold the FTX Shares.

6. I understand that IEX and its wholly owned subsidiary, IEX DAP Group LLC, each filed proofs of claim, which have been assigned claim numbers 3347, 3834,

4088 and 4270 (collectively, the IEX Claims"), in accordance with the Non-Customer Bar Date against FTX Trading and WRS seeking damages and equitable relief on the basis of allegations that the Prior Transaction resulted from false representations and warranties, and other arguments.

7. I engaged in extensive good faith negotiations over a period of months with IEX's principals and counsel regarding the IEX Claims and other alleged claims of the Parties in connection with the Prior Transaction. It is my view that the Settlement and Stock Exchange Agreement (the "Agreement") is the result of these good faith arm's-length negotiations between the Parties and that such negotiations were free of any collusion.

8. It is my further view that the Agreement is fair and equitable to the Debtors and the Debtors' stakeholders, consummation of the settlement is in the best interests of the Debtors and the Debtors' estates, and the Debtors' entry into the Agreement represents a valid exercise of the Debtors' business judgment. The Agreement confers substantial benefits upon the Debtors and the Debtors' estates by, among other things, providing the Debtors avoiding the risks and delay of litigation while immediately being able to explore monetizing the Retained IEX Shares for the benefit of stakeholders.

9. The Agreement provides that IEX will transfer to the Debtors all of the FTX Shares, the Debtors will retain 578,600 of the IEX Shares and transfer the remainder to IEX, and other than as specified, all agreements between IEX and the Debtors will be terminated. IEX will also waive all transfer restrictions related to the Debtors' sale of the

retained IEX shares. In exchange, each Party will mutually release the other Party from any claims or causes of actions arising out of, relating to or arising under the Prior Transaction, including the IEX Claims.

10. It is my belief that a release of any claims or causes of action against IEX and its affiliates arising out of, relating to or arising under the Prior Transaction, the Prior Agreements or the acquisition or ownership of the FTX Shares should be approved. The inclusion of such release is an integral part of the Agreement and IEX would not have entered into the Agreement or granted a similar mutual release of claims or causes of action against the Debtors without it.

11. I have reviewed the available records shown to me by the Debtors' professionals and I have discussed the facts set forth herein with the Debtors' professionals, and I believe that IEX is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

12. Accordingly, for the foregoing reasons, I believe that entry into the Agreement is in the best interests of the Debtors, the estates, creditors and other parties-in-interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: August 2, 2023

_____
John J. Ray III
Chief Executive Officer