**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: August 23, 2023 at 1:00 p.m. (ET)**<br>**Obj. Deadline: August 16, 2023 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO FILE CERTAIN SCHEDULES TO THE SETTLEMENT AND STOCK EXCHANGE AGREEMENT BETWEEN FTX TRADING LTD., WEST REALM SHIRES INC. AND IEX GROUP, INC. UNDER SEAL AND (B) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 107(b) of

title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 9018

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-1(b) of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to file under seal certain

information contained in the schedules (the "Schedules") to that certain Settlement and Stock

Exchange Agreement (the "Settlement Agreement") between and among (i) Debtor FTX

Trading, (ii) Debtor West Realm Shires Inc. ("WRS") and (iii) IEX Group, Inc. ("IEX", and,

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

together with FTX Trading and WRS, the "Parties") and (b) granting related relief.  In support of the Motion, the Debtors respectfully state as follows:

## Background

1.      On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3.      Contemporaneously herewith, the Debtors filed the *Motion of Debtors for Entry of an Order (A) Authorizing the Debtors to Enter into Settlement Agreement with IEX Group, Inc., (B) Approving the Settlement Agreement, and (C) Granting Related Relief* [D.I. 2109] (the "9019 Motion").  A copy of the Settlement Agreement, with the Schedules, is attached is attached to the 9019 Motion as an exhibit.  Schedule 3.2 to the Settlement Agreement contain confidential, non-Debtor commercial information that has been filed in a redacted format

(the "Confidential Information").  The Confidential Information consists of highly sensitive

commercial information regarding IEX's business, specifically its non-public capitalization

table.  The Confidential Information is not material to evaluating the material terms of the

settlement set forth in the 9019 Motion and Settlement Agreement.  As a result, the Debtors filed

Schedule 3.2 in redacted format at the request of IEX.  The Debtors will provide counsel to the

U.S. Trustee and the Committee (collectively, the "Disclosure Parties") with an unredacted

version of the Schedule 3.2 on a highly confidential basis.

### Jurisdiction

4.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicates for the relief requested herein are section 107(b) of the

Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).  Pursuant to Local Rule

9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in

connection with this Motion to the extent it is later determined that the Court, absent consent of

the parties, cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

### Relief Requested

5.      By this Motion, the Debtors request entry of the Order, substantially in the

form attached hereto as Exhibit A, (a) authorizing the Debtors to file certain Schedules to the

Settlement Agreement containing the Confidential Information under seal and (b) granting

related relief.

**Basis for Relief**

6.      Bankruptcy Code section 107(b) authorizes the issuance of orders that

protect parties from the potential harm resulting from the disclosure of confidential information.

Specifically, section 107(b) states that "[o]n request of a party in interest, the bankruptcy court

shall . . . (1) protect an entity with respect to a trade secret or other confidential research,

development, or commercial information . . . ."  Similarly, Bankruptcy Rule 9018 and Local

Rule 9018-1 authorize the filing under seal of documents containing confidential information.

7.      The Debtors respectfully submit that the Confidential Information in the

Schedules that they seek to seal pursuant to this Motion is of a sensitive, confidential and

proprietary nature to IEX, and thus, is confidential commercial information as contemplated by

section 107 of the Bankruptcy Code.  "Commercial information" has been defined as

"information which would result in an 'unfair advantage to competitors' by providing them with

information as to the commercial operations of the debtor.'"  *In re Alterra Healthcare Corp.*, 353

B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n* v. *Orion Pictures*

*Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)).  Unlike its counterpart in rule

26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not

require an entity seeking such protection to demonstrate "good cause."  *Video Software Dealers*

*Ass'n* v. *Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994).  If an

interested party is requesting to seal information covered by section 107(b) of the Bankruptcy

Code, "the court is required to protect a requesting party and has no discretion to deny the

application."  *Id.* at 27.  Moreover, the resulting order should be broad, that is "any order which

justice requires."  Fed. R. Bankr. P. 9018; *In re Global Crossing, Ltd.*, 295 B.R. 720, 724

(Bankr. S.D.N.Y. 2003).  Courts are required to provide such protections, "generally where open

inspection may be used as a vehicle for improper purposes."  *In re Orion Pictures Corp.*, 21 F.3d

at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

8.      The Confidential Information contained in the Schedules the Debtors seek to file under seal consists of IEX's capitalization table, which is highly sensitive nonpublic information regarding IEX.  The public disclosure of the information on Schedule 3.2 would harm IEX and could potentially disrupt the Settlement Agreement between the Parties.  The Debtors submit that parties-in-interest will not be prejudiced by the Confidential Information being redacted from the public record because such information is not necessary to evaluating the reasonableness of the proposed Settlement Agreement and will be disclosed in its entirety to the Court, as well as counsel to the Committee and the U.S. Trustee.  Therefore, the Debtors are comfortable requesting the sealing of Schedule 3.2 at IEX's request.  Accordingly, the relief requested by this Motion to seal the Confidential Information is appropriate under section 107(b) of the Bankruptcy Code.

9.      This Court has authorized debtors in other chapter 11 cases to file under seal confidential information in connection with other settlement agreements, and there is ample reason to do so here.  *See*, *e.g.*, *In re Mallinckrodt PLC, et al.*, Case No. 20-12522 (JTD) (Feb. 14, 2022), D.I. 6435 (authorizing debtors to file a schedule relating to a motion to approve a settlement under seal); *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Oct. 6, 2021), D.I. 593 (authorizing debtors to maintain a settlement agreement under seal); *In re Zohar III, Corp., et al.*, Case No. 18-10512 (CSS) (May 17, 2018), D.I. 263 (authorizing debtors to file portions of settlement agreement and related information under seal).

10.     Therefore, the Debtors submit for the reasons set forth herein that cause exists under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 for the Debtors to

file the Confidential Information under seal, with unredacted copies provided to the Disclosure

Parties.

## **Notice and No Prior Request**

11.     Notice of this Motion has been provided to: (a) the U.S. Trustee;

(b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal

Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for

the District of Delaware; (g) IEX; and (h) to the extent not listed herein, those parties requesting

notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the

relief requested, no other or further notice need be provided.

12.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and

(b) grant such other and further relief as is just and proper.

Dated:  August 2, 2023
         Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
         brown@lrclaw.com
         pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
         bromleyj@sullcrom.com
         gluecksteinb@sullcrom.com
         kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*