## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, [1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: August 23, 2023 at 1:00 p.m. (ET)<br>**Objection Deadline**: August 16, 2023 at 4:00 p.m. (ET) |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 11 CASE OF FTX EXCHANGE FZE

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), dismissing the chapter 11

case of Debtor FTX Exchange FZE ("FTX Dubai"), pursuant to sections 105(a), 305(a), 349, and

1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"),

and rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Certain

facts supporting this Motion are set forth in the concurrently filed *Declaration of Edgar W.

Mosley II* (the "Mosley Declaration").  In support of the Motion, the Debtors respectfully state as

follows:

### Preliminary Statement

1.      The Debtors conducted an integrated global business and commenced

these Chapter 11 Cases (as defined below) with respect to 102 entities in order to preserve global

value in the face of the collapse of the FTX group.  Prior to the Petition Date, FTX Dubai was

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

established on February 11, 2022 under the laws of the United Arab Emirates to operate a crypto

exchange.  FTX Dubai is a direct, wholly-owned subsidiary of Debtor FTX Europe AG.

2.      On July 12, 2022, FTX Dubai was granted a virtual asset service provider

license (the "License") from Dubai's Virtual Assets Regulatory Authority ("VARA").

Notwithstanding the grant of the License, FTX Dubai did not offer any crypto-related services to

investors in the United Arab Emirates or operate a crypto exchange prior to the Petition Date.

On November 10, 2022, VARA suspended the License and, on July 12, 2023, the License

expired.

3.      Given the absence of any historical business or resources to commence

any business in the future, FTX Dubai has no reasonable likelihood of rehabilitating its

operations.  Additionally, FTX Dubai is balance sheet solvent.  Therefore, the Debtors believe

that a solvent voluntary liquidation procedure in accordance with the laws of the United Arab

Emirates would allow a timely distribution of the positive cash balance after payment of all

outstanding liabilities and liquidation of all assets.  To the extent that any creditors filed claims

against FTX Dubai in the Chapter 11 Cases, the dismissal of the Chapter 11 Case of FTX Dubai

will not impact such claims and will not prejudice any creditor's ability to pursue such claims

directly against FTX Dubai in its local liquidation proceeding.  Accordingly, the Debtors believe

it is in the best interests of the Debtors and their stakeholders to dismiss the Chapter 11 Case of

FTX Dubai at this time.

### Background

4.      On November 11 and November 14, 2022 (as applicable, the "Petition

Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.

The Debtors continue to operate their businesses and manage their properties as debtors-in-

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration

of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

### Facts Specific to the Relief Requested

6.      FTX Dubai has never engaged in any operational activities and has never had any customers. (Mosley Decl. ¶ 8.) Following the commencement of these Chapter 11 Cases, the Debtors have taken measures to reduce the cash operating expenditures of FTX Dubai. All employees were dismissed in light of FTX Dubai's non-operational status, with the exception of the sole director and manager, Mr. Balsam Danhach, who is expected to remain an employee of FTX Dubai until its local liquidation is completed. The lease agreement for the business premises of FTX Dubai has also been terminated with the consent of VARA in its capacity as both landlord and regulator, subject to the contextual payment of an early termination penalty, with mutual release of the parties from all claims, liabilities, actions and demands. (Mosley Decl. ¶ 8.) Other than certain computer equipment to be transferred to VARA in connection with termination of its lease agreement, FTX Dubai does not hold any other material tangible or intangible assets of any kind. (Mosley Decl. ¶ 8.)

7.      On May 31, 2023, VARA informed FTX Dubai management of its intention to not renew the License in the event that the License was not voluntarily terminated in connection with a liquidation of FTX Dubai and that any hypothetical renewal of the License would have been treated as an entirely new application.  Subsequently, on July 12, 2023 the License expired.  (Mosley Decl. ¶ 9.)  Without the License, FTX Dubai cannot commence any operations and the Debtors believe that there is no reason to start a new application.  (Mosley Decl. ¶ 10.)

8.      As of the date of this Motion, FTX Dubai holds approximately $4.5 million in several accounts, of which $4 million is currently restricted by VARA as security for the License.  On July 25, 2023, VARA confirmed to FTX Dubai management that such restricted cash would be released in the context of the liquidation of FTX Dubai according to United Arab Emirates laws, only after the mandatory 14 day notice period of the commencement of liquidation, subject to any new information that becomes known during that period.  (Mosley Decl. ¶ 11.)  To the best of the Debtors' knowledge, as of the date of this Motion, FTX Dubai has aggregate outstanding liabilities of approximately $600,000, including approximately $30,000 of employee-related liabilities, approximately $36,000 of bank guarantee fees, approximately $526,000 in an intercompany payable to Debtor FTX Trading Ltd. and approximately $27,000 in an intercompany payable to Debtor FTX Europe AG.  (Mosley Decl. ¶ 12.)

9.      Although the Debtors have taken measures to reduce the cash operating expenditures of FTX Dubai, as of the date of this Motion, the current operating costs are approximately $40,000 per month.  (Mosley Decl. ¶ 13.)

10.     Since there is no reasonable prospect of FTX Dubai commencing revenue generating activities, substantially all of the FTX Dubai's assets are located in the United Arab

Emirates and substantially all of the FTX Dubai's prepetition activities occurred in the United Arab Emirates, the Debtors have determined that a timely local voluntary liquidation of FTX Dubai in accordance with the laws of the United Arab Emirates is in the best interests of the Debtors and their estates.  In order to protect the rights and claims of the Debtors in the context of the liquidation of FTX Dubai, FTX Dubai is expected to enter into an agreement with the appointed liquidator to implement basic administrative procedures to harmonize and co-ordinate the activities of the liquidator of FTX Dubai and promote the orderly and efficient administration of the liquidation. (Mosley Decl. ¶ 14.)

11.     Claimants who have filed proofs of claim against FTX Dubai will not be prejudiced by the dismissal of the FTX Dubai Chapter 11 Case and may pursue the same claim in the voluntary liquidation proceeding in the Emirate of Dubai after the dismissal of the Chapter 11 Case of FTX Dubai, in accordance with the laws of the United Arab Emirates.

## Jurisdiction

12.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 305(a), 349, and 1112(b) of the Bankruptcy Code.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

13.     By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 305(a), 349, and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017, dismissing the Chapter 11 Case of FTX Dubai.

**Basis for Relief**

**I.     The Order Dismissing the Chapter 11 Case of FTX Dubai Is Appropriate Under Section 1112(b) of the Bankruptcy Code.**

14.     A dismissal of a chapter 11 case is governed by section 1112(b) of the Bankruptcy Code, which permits a party-in-interest, after notice and hearing, to seek to dismiss a chapter 11 case in the best interests of the creditors and the estate for cause. *See* 11 U.S.C. § 1112(b). "Section 1112(b) requires a two-step process in which the court first determines whether there is 'cause' to convert or dismiss, and next chooses between conversion and dismissal based on 'the best interest of creditors and the estate.'" *In re American Capital Equipment, LLC*, 688 F.3d 145, 161 (3d Cir. 2012) (citing *In re SGL Carbon Corp.*, 200 F.3d 154, 159 n.8 (3d Cir. 1999)).

A.     Cause Exists to Dismiss the Chapter 11 Case of FTX Dubai.

15.     Whether cause exists to dismiss a chapter 11 case is determined on a case-by-case basis and is a decision within the sound discretion of the bankruptcy court. *In re American Capital Equipment*, 688 F.3d at 161; *In re Myers,* 491 F.3d 120, 127 (3d Cir. 2007); *Sullivan Central Plaza I, Ltd.* v. *BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.)*, 935 F.2d 723, 728 (5th Cir. 1991); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re BH S&B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) ("Bankruptcy judges have wide discretion to determine whether cause exists to dismiss . . . a case under section 1112(b)."); *In re Gucci*, 174 B.R. 401, 410 (Bankr. S.D.N.Y. 1994) ("The

Bankruptcy Court has wide discretion to determine if cause exists, and how to ultimately dispose of the case.").

16.    Courts have broad equitable discretion under section 1112(b) to dismiss a chapter 11 case based on the particular facts and circumstances of the case.  *See C-TC 9th Ave. P'ship* v. *Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1311 n.5 (2d Cir. 1997); *In re MF Glob. Holdings Ltd.*, 465 B.R. 736, 742 (Bankr. S.D.N.Y. 2012); *Trident Assocs. Ltd. P'ship* v. *Metro Life Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995), *cert. denied*, 516 U.S. 869 (1995); *In re Smith*, 77 B.R. 496, 499-500 (Bankr. E.D. Pa. 1987).

17.    Section 1112(b) provides a list of circumstances that constitute "cause", including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  11 U.S.C. § 1112(b)(4).  This is a two-part inquiry.  *See In re Orchard Hills Baptist Church Inc.*, 608 B.R. 309, 316 (Bankr. N.D. Ga. 2019); *In re Motel Properties, Inc.*, 314 B.R. 889, 895 (Bankr. S.D. Ga. 2004); *In re Sakon*, 617 B.R. 7, 15 (Bankr Ct. Dec. CRR).

18.    First, courts determine whether there is a substantial or continuing loss to or diminution of the estate.  This prong is generally satisfied if the debtor has a negative cash flow after commencement of the Chapter 11 case.  *See In re Taub*, 427 B.R. 208, 231 (Bankr. E.D.N.Y. 2010); *In re Miell*, 419 B.R. 357, 366 (Bankr. E.D. N.Y. 2010) (noting that negative cash flow alone can be sufficient cause to dismiss or convert under § 1112(b)") .  An inability to pay ongoing expenses combined with the absence of reliable income has equally been found sufficient to satisfy this test.  *See In re Taub*, 427 B.R. 208, 231 ("[a]nother indicator is the debtor's inability to meet the basic operating expenses critical to the viability of its enterprise, notwithstanding the protection of the automatic stay."); *In re Creech*, 538 B.R. 245, 249 (Bankr. E.D.N.C. 2015) ("An inability to pay ongoing expenses, combined with an absence of reliable

income, can establish cause."); *In re Sakon*, 617 B.R. 7, 15 (Bankr. D. Conn. 2020) ("[c]ritically, courts have held that post-petition negative cash flow and an inability to pay current expenses evidence the continuing losses required under section 1112(b)(4)(A).").

19.     If this inquiry is satisfied, courts enquire whether there is an absence of reasonable likelihood of rehabilitation.  The rehabilitation standard is a different and more demanding standard than whether or not the debtor can be reorganized.  *See In re Andover Covered Bridge, LLC*, 553 B.R. 162, 175 (Bankr. Ct. Dec. CRR) quoting *In re Brutsche*, 476 B.R. 298, 301 (Bankr. D.N.M. 2012) ("Rehabilitation is a different and . . . much more demanding standard than reorganization.").  It requires a financially viable plan for continuing operations.  *See In re Woodruff*, 580 B.R. 291, 298 (Bankr. M.D. Ga. 2018).  There is no reasonable rehabilitation if the debtor will not generate cash flow meeting its current obligations. *See In re Sillerman*, 605 B.R. 631, 656 (Bankr. S.D. N.Y. 2019).

20.     The particular list of circumstances constituting "cause" as set forth in Section 1112(b)(4) is *non-exhaustive.  See* H.R. Rep. No. 595, 95th Cong., 1st. Sess. 405–06 (1978) (noting that the list in section 1112(b)(4) "is not exhaustive."); *see also In re SGL Carbon Corp.*, 200 F.3d at 160 (noting that "the legislative history and case law makes clear that in dismissing a chapter 11 case, the court will be able to consider other factors . . . and to use its equitable powers to reach an appropriate result in individual cases."); *NMSBPCSLDHB, L.P.* v. *Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.)*, 384 F.3d 108, 118-19 (3d Cir. 2004); *In re SGL Carbon Corp.*, 200 F.3d at 160; *Bepco, L.P.* v. *15375 Memorial Corp. (In re 15375 Memorial Corp.)*, 400 B.R. 420, 427 (D. Del. 2009); *In re Devine*, 131 B.R. 952, 955 (Bankr. S.D. Tex. 1991); *In re Prop. Mgmt.* & *Inv., Inc.*, 19 B.R. 202, 206 (Bankr. M.D. Fla. 1982); *In re Gonic Realty Trust*, 909 F.2d 624, 628 (1st Cir. 1990).

21.     "[M]any of the grounds expressly identified in section 1112(b)(4) may not apply when a chapter 11 debtor seeks voluntary dismissal of its bankruptcy case." *In re Brewery Park Assocs., L.P.*, 2011 WL 1980289, at *16 (Bankr. E.D. Pa., Apr. 29, 2011). *See also In re Forum Health*, 2011 WL 1134323, at *5 (Bankr. N.D. Ohio 2011) ("Each of the examples of cause in § 1112(b)(4) is based on some kind of failure by a debtor. In other words, these are examples of cause that a party other than a debtor would usually cite as grounds for dismissal.") (emphasis omitted).

22.     Moreover, in chapter 11 cases involving foreign debtors, as is the case here, at least one court has found cause to dismiss a case under section 1112(b) where, among others:  (a) the majority of the debtor's assets were located in a foreign jurisdiction; (b) the vast majority of the debtor's business and financial activities occurred and continued to occur in a foreign jurisdiction; and (c) activities necessary to achieve the purposes of the debtor's chapter 11 case required the continued participation of a foreign government in its role as the regulator. *In re Yukos Oil Co.*, 321 B.R. 396, 410-11 (Bankr. S.D. Tex. 2005).

23.     Further, courts have also found that voluntary dismissal is warranted if "there is not a "reasonable possibility of a successful reorganization within a reasonable period of time." *In re American Capital Equipment*, 688 F.3d at 162 n.10 (3d Cir. 2012) ("the 'inability to effectuate a plan' remains a viable basis for dismissal because the listed examples of cause [in section 1112(b)] are not exhaustive."); *see also Bronson* v. *Thompson (In re Bronson)*, 2013 WL 2350791, at *8 (B.A.P. 9th Cir. May 29, 2013) ("When it becomes apparent to the court that the debtor will not be able to confirm and effectuate a plan within the foreseeable future, the bankruptcy court should exercise its discretion under § 1112(b) to dismiss or convert."); *In re Ramreddy, Inc.*, 440 B.R. 103, 113 n.26 (Bankr. E.D. Pa. 2009) (citation omitted) (noting that "[c]ourts have held that the inability to propose a feasible reorganization or liquidation plan, by

itself, provides 'cause' for dismissal or conversion of a chapter 11 case on request of an interested party.").

24.    In addition, in the context of a motion to dismiss a case under section 1112(b), the Third Circuit has repeatedly noted that the Supreme Court "has identified two of the basic purposes of Chapter 11 as (1) 'preserving going concerns' and (2) 'maximizing property available to satisfy creditors.'" *In re Integrated Telecom Express, Inc.*, 384 F.3d at 119; *see also In re American Capital Equipment, LLC*, 2008 WL 4597221, at *2 (3d Cir. Oct. 16, 2008). If neither of these purposes can be demonstrated, dismissal is proper. *Id.*

25.    Here, the circumstances affecting FTX Dubai squarely constitute "cause" to dismiss its Chapter 11 Case. *First*, "cause" exists because FTX Dubai has incurred continuing loss and a diminution of its estate without a reasonable likelihood of rehabilitation. Since the Petition Date, FTX Dubai has incurred operating expenses without generating any revenue from operations. In *In re Miell*, the court held that negative cash flow alone can be sufficient cause to dismiss or convert a Chapter 11 case. 419 B.R. at 366.

26.    FTX Dubai has no reasonable likelihood of rehabilitation. Without the License, FTX Dubai cannot generate revenues and carry out the purpose for which it was established—operate a crypto exchange in the United Arab Emirates. *See In re Child Life, Inc.*, 126 B.R. 51, 54 (Bankr. N.D. Ohio 1991) (finding no reasonable likelihood of rehabilitation for the child day care which ceased its operations due to the failure to obtain the necessary State license).

27.    *Second,* "cause" exists because a successful reorganization of FTX Dubai is extremely remote due to simple circumstance that there is nothing to be successfully reorganized since FTX Dubai has never been operational. This constitutes sufficient cause to dismiss the Chapter 11 Case of FTX Dubai. *Third*, it is not economically sensible for FTX

Dubai to move forward in chapter 11 as it cannot achieve the maximization of its value.  Given

that substantially all of its assets are in the United Arab Emirates and all of its prepetition

activities are in the United Arab Emirates, a solvent voluntary liquidation procedure in

accordance with the laws of the United Arab Emirates would allow an efficient and orderly wind

down and liquidation of its assets and timely distribution on account of all of its outstanding

liabilities.

> B.   Dismissal of the Chapter 11 Case of FTX Dubai is in the Best Interests of the Creditors and Estates.

28.   Once cause is established, a court must examine whether dismissal or

conversion of a case to chapter 7 is in the best interests of the creditors and the estate.  *In re*

*American Capital Equipment*, 688 F.3d at 161.  While the Bankruptcy Code does not define the

"best interests of the creditors and the estate," "[t]he cases are uniform in holding that the

decision to dismiss or convert is within the bankruptcy court's discretion and is based on the

facts.  It is a case-by-case decision."  *In re Calrissian LP*, 2018 WL 3854004, at *2 (Bankr. D.

Del. 2018); *see also In re Hampton Hotel*, 270 B.R. at 359 (noting that "courts are required to

consider and weigh the totality of facts and circumstances of the individual case when

determining what is in the best interest of the creditors.").

29.   Where a debtor is unable to effectuate a chapter 11 plan, dismissal is

appropriate because "neither creditors nor the estate could conceivably benefit" from the

continued adjudication of the chapter 11 proceedings.  *See In re American Capital Equipment*,

688 F.3d at 162, 163 (finding that the "best interest of creditors and the estate" warranted relief

under section 1112(b) where "it is clear that . . . no future plan would be able to be effectuated

under Chapter 11."); *Monsour Medical Center, Inc.* v. *Stein (In re Monsour Medical Center,*

*Inc.)*, 154 B.R. 201, 207 (Bankr. W.D. Pa. 1993) (holding that dismissal of the debtor's chapter

11 case was in the best interests of the creditors and the debtor's estate because it was "highly

unlikely that debtor will put together a confirmable plan of reorganization if it remains in

bankruptcy."). Further, a dismissal of a debtor's chapter 11 case meets the "best interests of

creditors" test where a debtor has nothing left to reorganize or the debtor's assets are fixed and

liquidated. *See In re Brogdon Inv. Co.*, 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (dismissing

chapter 11 case in part where there was "simply nothing to reorganize" and no reason to continue

the reorganization).

   30. Here, prolonging the Chapter 11 Case of FTX Dubai under the existing

circumstances would "only burden the estate with mounting attorney and administrative fees."

*In re Monsour Medical Center, Inc.*, 154 B.R. at 207. Similarly, conversion to a chapter 7

proceeding would impose additional administrative costs with no corresponding benefit to the

Debtors' creditors or their estates. The laws of the United Arab Emirates, where FTX Dubai is

incorporated, provide for bankruptcy, insolvency or similar proceedings to distribute the assets of

FTX Dubai to its creditors in accordance with local law. Creditors who filed claims against FTX

Dubai in the Chapter 11 Cases will not be prejudiced as they will be able to pursue such claims

directly against FTX Dubai in the local liquidation proceeding after dismissal of the FTX Dubai

Chapter 11 Case. Moreover, if this Chapter 11 Case were converted to a chapter 7 case, the

chapter 7 trustee would have no different or better ability to reach assets located outside of the

United States for the benefit of creditors than FTX Dubai, and FTX Dubai could continue to

pursue any intercompany claims against the other Debtors as non-Debtor creditors in chapter 11.

Accordingly, the Debtors respectfully submit that voluntary dismissal of the Chapter 11 Case of

FTX Dubai is in the best interests of the creditors and estates. As a result, this Court should

dismiss the Chapter 11 Case of FTX Dubai.

**II.      Alternatively, the Court Should Dismiss the Chapter 11 Case of FTX Dubai Pursuant to Section 305(a) of the Bankruptcy Code.**

31.      Section 305(a)(1) of the Bankruptcy Code provides that the "court . . . may dismiss a case under [chapter 11], at any time if – (1) the interests of the creditors and the debtor would be better served by such dismissal or suspension."  11 U.S.C. § 305(a)(1). "The decision to abstain, either by suspension or dismissal, is committed to the Court's discretion."  *In re Compania de Alimentos Fargo, S.A.*, 376 B.R. 427, 434 (Bankr. S.D.N.Y. 2007).

32.      Courts look to the following *non-exhaustive* list of factors to gauge the overall best interests of the creditors and debtor, including, among other things:  (a) economy and efficiency of administration; (b) whether federal proceedings are necessary to reach a just and equitable solution; (c) whether there is an alternative means of achieving an equitable distribution of assets; and (d) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves the interests in the case.  *In re Crown Village Farm, LLC*, 415 B.R. 86, 96 (Bankr. D. Del 2009).

33.      In addition, courts have dismissed chapter 11 cases under section 305(a) where (a) the case would not result in an economical and expeditious administration of the debtor's estate or (b) it is unlikely that the debtor could confirm a chapter 11 plan.  *See, e.g.*, *In re Xacur*, 219 B.R. 956, 969 (Bankr. S.D. Tex. 1998) (dismissing an involuntary chapter 11 case commenced against a Mexican debtor under section 305(a) where the chapter 11 proceeding would not "result in an economical and expeditious administration" of the debtor's estate because of "the doubtful enforceability of bankruptcy court orders."); *In re Monsour Medical Center, Inc.*, 154 B.R. at 207 (dismissing a debtor's chapter 11 case under section 305(a) where "it [was] highly unlikely that debtor will put together a confirmable plan of reorganization.").

34.      Here, for the reasons described above, dismissal under section 305(a) is in the best interests of the creditors and the Debtors' estates.  Continuing the chapter 11 proceeding

will result in a waste of scarce resources and the unnecessary accumulation of fees.

Accordingly, dismissal of the Chapter 11 Case for FTX Dubai is in the best interests of both the

creditors and the Debtors' estates, and this Court should dismiss these cases pursuant to section

305(a) of the Bankruptcy Code.

### III.   Alternatively, the Court Should Dismiss the Chapter 11 Case of FTX Dubai Pursuant to Section 105(a) of the Bankruptcy Code.

35.     Section 105(a) of the Bankruptcy Code provides the Court with

supplemental authority to effectuate the overall policy objectives of the Bankruptcy Code in

connection with a motion to dismiss a chapter 11 case.  *See* 11 U.S.C. § 105(a) ("[t]he Court may

issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of this title.").

36.     Here, given the circumstances discussed above, FTX Dubai currently has

no ongoing operations or material assets in its control.  Rather, at this juncture, the focus with

respect to FTX Dubai must be to minimize the further incurrence of administrative expenses.

The voluntary dismissal of the Chapter 11 Case of FTX Dubai accomplishes this goal.  Absent a

dismissal, the Debtors would continue to incur substantial chapter 11 administrative expenses.

37.     Accordingly, the dismissal of the Chapter 11 Case of FTX Dubai is

consistent with the policy objectives of the Bankruptcy Code and this Court should dismiss such

cases.

### IV.   All Orders Should Remain in Effect for the Time Period FTX Dubai Was Part of the Chapter 11 Case.

38.     The Debtors request that all stipulations, settlements, rulings, orders, and

judgments of this Court entered in these jointly administered Chapter 11 Cases remain in full

force and effect and survive the dismissal of the Chapter 11 Case of FTX Dubai solely with

respect to the time period where FTX Dubai was part of the Chapter 11 Cases.  Although section

349 of the Bankruptcy Code typically contemplates that dismissal will reinstate the prepetition

state of affairs by revesting property in the debtor and vacating orders and judgments of the

bankruptcy court, this Court may "for cause, orde[r] otherwise."  11 U.S.C. § 349(b). "[T]his

provision appears to be designed to give courts the flexibility to 'make the appropriate order to

protect rights acquired in reliance on the bankruptcy case.'" *Czyzewski* v. *Jevic Holding Corp*.,

137 S.Ct. 973, 984 (2017).

      39.    The Debtors submit that cause exists to allow all stipulations, settlements,

rulings, orders, and judgments entered by the Court during the Chapter 11 Cases to be given

continued effect for the time period where FTX Dubai was part of the Chapter 11 Cases,

notwithstanding the requested dismissal.  The relief requested is necessary to protect the Debtors

and preserve the authority the Debtors had to act pursuant to the various orders entered by this

Court including, but not limited to, those authorizing the Debtors and FTX Dubai to pay

(a) prepetition wages, salaries and other compensation and benefits, and reimbursable expenses,

to employees and (b) prepetition trade claims of foreign (non-U.S.) vendors.  Unless the Court

orders otherwise, section 349 of the Bankruptcy Code could unravel the effect and authorizations

of the orders entered in the Chapter 11 Cases.  By allowing the orders of this Court to remain in

full force and effect and survive dismissal for the period of time where FTX Dubai was part of

the Chapter 11 Cases, the Court will preserve the Debtors' authority to act pursuant to such

orders notwithstanding dismissal of the Chapter 11 Case of FTX Dubai.

      40.    This Court has granted relief similar to the relief requested herein with

respect to orders of the Court remaining in full force and effect and surviving dismissal of a

debtor's chapter 11 case.  *See, e.g., In re VG Liquidation, Inc., et al.*, Case No. 18-11120 (JTD)

(Bankr. D. Del. Aug. 19, 2019) [D.I. 1183, 1184] (authorizing all prior orders of the court to

"remain in full force and effect, . . . be unaffected by the dismissal of the Chapter 11 Case, and

[be] specifically preserved for purposes of finality of judgment and *res judicata*."); *In re BioAmber Inc.*, Case No. 18-11078 (LSS) (Bankr. D. Del. June 20, 2018) [D.I. 34] (same); *In re St Alexius Properties, LLC*, Case No. 18-12527 (CSS) (Bankr. D. Del. Feb. 4, 2019) [D.I. 5] (ordering that, notwithstanding section 349, all orders of this Court entered "on or before the Dismissal Date shall remain in full force and effect and shall survive the dismissal of the bankruptcy cases.").

## Notice

41.     Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) the Local Directors; (h) all known creditors of FTX Dubai; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: August 2, 2023
   Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
   brown@lrclaw.com
   pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
   bromleyj@sullcrom.com
   gluecksteinb@sullcrom.com
   kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*