## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** August 23, 2023 at 1:00 p.m. ET |
| | **Objection Deadline:** August 16, 2023 at 4:00 p.m. ET |

### MOTION OF DEBTORS FOR AN ORDER AUTHORIZING AND APPROVING PROCEDURES FOR SETTLING CERTAIN EXISTING AND FUTURE LITIGATION CLAIMS AND CAUSES OF ACTION

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a),

and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy

Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

authorizing and approving procedures for the settlement of certain existing and future affirmative

litigation claims and causes of action of the Debtors and their estates that are of relatively small

value compared to the Debtors' total asset base (collectively, the "Small Estate Claims").  In

support of the Motion, the Debtors respectfully state as follows:

### Introduction

1.      Prior to the Petition Date, the group of companies comprising the Debtors

operated at their peak in 250 jurisdictions, controlled tens of billions of dollars of assets across

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

the various companies, engaged in as many as twenty-six million transactions per day, and had

millions of customer users.  The FTX Group and its former executives portrayed themselves as

pioneers of the cryptocurrency industry and trustworthy stewards of customer assets.  However,

as explained in the *First Interim Report of John J. Ray III* [D.I. 1242] and the First Day

Declarations, there was a failure to have any appropriate governance and financial controls at the

prepetition Debtors and, as detailed in the *Second Interim Report of John J. Ray III* [D.I. 1704],

former senior executives of the FTX Group in actuality used commingled customer and

corporate funds with abandon.

        2.      The Debtors, with the assistance of their advisors, have for months been

conducting a strategic review of potential claims of the estate, including potential avoidance

actions related to the misuse and transfer of estate assets that involved, *inter alia*, overpaying for

venture investments and acquisitions, improper loans, speculative trading, the purchase of luxury

properties, as well as political and other donations.  The Debtors have begun the process of

issuing demand letters and pursuing avoidance claims through adversary proceedings filed in this

Court.  [*See* D.I. 1502, 1503, 1504, 1679, 1866].  There are many more litigation claims to come.

        3.      The volume and scope of the Debtors' preference, fraudulent transfer and

other avoidance claims are vast.  The Debtors believe that administration of their estates would

be facilitated and value maximized by ensuring their ability to settle certain of these litigation

claims and causes of action that are individually smaller in size, rather than needing to file a

separate motion pursuant to Federal Rule of Bankruptcy Procedure 9019 and obtain Court

approval to resolve claims against every individual defendant in every adversary proceeding,

irrespective of the value of the settlement.  Without such authority, the Debtors will incur

significant costs and delays associated with preparing, filing, and serving additional pleadings

and motions with the Court to bring value into the estates on account of Small Estate Claims.  To

alleviate the administrative burden of approving numerous individual settlements for each Small Estate Claim on the Court and the cost to the Debtors' estates of filing separate motions, the Debtors have developed the procedures (as set forth below, the "Settlement Procedures") to efficiently govern such settlements on a more cost-effective and expeditious basis, while at the same time preserving an oversight function for key parties-in-interest in these Chapter 11 cases.

### Background

4.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[2] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "UCC") pursuant to section 1102 of the Bankruptcy Code [D.I. 261].

5.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

---

[2]      November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

6.      On June 7, 2023, the *Verified First Supplemental Statement of Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht, & Tunnell LLP* [D.I. 1580] was filed on behalf of an ad hoc committee of international customers whose members hold accounts on the FTX.com platform (the "AHC").

## Jurisdiction

7.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.  Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

8.      By this Motion, the Debtors seek entry of the Order, substantially in the form attached hereto as Exhibit A, authorizing and approving the Settlement Procedures (as defined below) to resolve the Small Estate Claims.  The Debtors request the authority to settle Small Estate Claims up to a maximum Settled Value of $10,000,000 in accordance with the Settlement Procedures.[3]

---

[3]    The Debtors shall determine the "Settled Value" of a Small Estate Claim settlement based on the fair market value of cash, property, claims or other consideration to be received by the Debtors to resolve such Small Estate Claim.

## The Settlement Procedures

9.      The Debtors' proposed Settlement Procedures are as follows:

(a)      The Debtors shall be authorized to settle any Small Estate Claim pursuant to the Settlement Procedures for such consideration as the Debtors determine appropriate in their business judgment, including without limitation cash, property or the reduction of claims against the Debtors.

(b)      The Debtors shall be authorized to settle any Small Estate Claim in their business judgment where the Settled Value of such Small Estate Claim is less than or equal to US$10,000,000, provided that:

(i)      Before entering into any such settlement, the Debtors shall provide written notice by email of such proposed settlement, on a confidential basis, to counsel to the UCC, Paul Hastings LLP, Attn: Kenneth Pasquale and Jack Iaffaldano, and Young Conaway Stargatt & Taylor, LLP, Attn: Matthew B. Lunn and Robert F. Poppiti, Jr.; and counsel to the AHC, Eversheds Sutherland (US) LLP, Attn: Erin Broderick (the "Noticed Parties").  The Noticed Parties shall have until 12:00 p.m., prevailing Eastern Time, five business days after service of the written notice (the "Objection Deadline") to object to the settlement by serving such objection in writing by email on counsel to the Debtors, Sullivan & Cromwell LLP, Attn: Brian Glueckstein.  Objections to the settlement must state with specificity the basis for objecting.  If no written objection from any Noticed Party is served by the Objection Deadline, the Debtors may, in their discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on the Debtors and their estates without notice to any third party or further action by this Court.

(ii)      If any Noticed Party properly and timely objects to any settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (a) resolution of the objection by the parties in question or (b) further order of this Court after notice and a hearing.

(iii)      All time periods set forth in these Settlement Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

(c)     For any Small Estate Claim where the Settled Value is greater than US$10,000,000 the Debtors shall seek Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019, or as otherwise provided under the Bankruptcy Code and Bankruptcy Rules.

10.     For the avoidance of doubt, the Debtors propose that the Settlement Procedures authorize the release of claims against creditors or third parties from avoidance claims by the Debtors, provided that the Debtors comply with the Settlement Procedures.

11.     The Debtors submit that the Settlement Procedures are reasonable and designed with the objective of obtaining the maximum settlement value for the Small Estate Claims in an efficient manner and at a reduced cost and expense to the estates.

## Basis for Relief

**I.      The Proposed Settlement Procedures Should Be Approved to Facilitate Efficient Resolution of Litigation Claims.**

12.     Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case* v. *L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).  The compromise or settlement of litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy" as "[t]hey minimize litigation and expedite the administration of the estate."  *In re World Health Alts., Inc.*, 344 B.R. 291, 295-96 (Bankr. D. Del. 2006).

13.     This Court has previously employed tools available pursuant to the Bankruptcy Code and Bankruptcy Rules in entering orders approving settlement procedures for avoidance actions and other claims and causes of action.  *See, e.g., In re J & M Sales, Inc.*, Case No. 18-11801 (JTD) (Sept. 13, 2019); (establishing procedures for the settlement of avoidance actions by class); *In re CR Holding Liquidating, Inc.*, Case No. 19-10210 (LSS) (Aug. 28, 2019) (establishing procedures for the settlement of avoidance actions by class); *In re Fresh & Easy,*

*LLC*, Case No. 15-12220 (BLS) (Bankr. D. Del.) (October 26, 2016) (establishing procedures for

the settlement of avoidance actions by class); *In re NewPage Corporation, et al.*, Case No. 11-

12804 (KG) (Bankr. D. Del.) (Sept. 20, 2013) (establishing procedures for the settlement of

various adversary actions).

14.     The Debtors respectfully submit that the Court should similarly authorize

the Settlement Procedures herein pursuant to its authority under Bankruptcy Rule 9019 and

Sections 105 and 363 of the Bankruptcy Code.  This is particularly important given the size and

scope of the litigation claims asserted and to be asserted by the Debtors in these Chapter 11

Cases.

**A.     The Proposed Settlement Procedures Should Be Authorized Pursuant to
        Bankruptcy Rule 9019(b)**

15.     To effectuate a settlement reached with a third party, a debtor typically

files a motion seeking approval of the settlement, and provides notice and opportunity for a

hearing on the motion.  As an exception to that general rule, Bankruptcy Rule 9019(b) provides:

> After a hearing on such notice as the court may direct, the
> court may fix a class or classes of controversies and
> authorize the trustee to compromise or settle controversies
> within such class or classes without further hearing or notice.

Fed. R. Bankr. P. 9019(b).

16.     "[T]he decision whether to approve a compromise under [Bankruptcy]

Rule 9019 is committed to the sound discretion of the Court, which must determine if the

compromise is fair, reasonable, and in the interest of the estate."  *In re Louise's, Inc.*, 211 B.R.

798, 801 (D. Del. 1997).  Courts should not, however, substitute their judgment for that of the

debtor, but instead should canvas the issues to see whether the compromise falls below the

lowest point in the range of reasonableness.  *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R.

798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also*

*In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted).

17.     By employing the Settlement Procedures, the Debtors propose to identify fixed classes of controversies that may be settled based on their small value as compared to the Debtors' total asset base.  Settlement authorization pursuant to Bankruptcy Rule 9019(b) is particularly appropriate where, like here, a debtor-in-possession may expect to "file a large number of complaints against many individual defendants," each "involv[ing] similar issues." *See* 10 Collier on Bankruptcy ¶ 9019.03.  The Debtors are assessing myriad cases against numerous defendants, many of which present similar facts.  Providing the Debtors the authority to settle these claims efficiently and economically is beneficial to the Debtors' estates, and assists the Debtors' efforts in maximizing value for their creditors.

**B.    The Proposed Settlement Procedures Should be Authorized Pursuant to Bankruptcy Rule 9019(a) and Bankruptcy Code Section 105(a)**

18.     Approval of the Settlement Procedures also is appropriate pursuant to Bankruptcy Rule 9019(a) and Bankruptcy Code Section 105(a).  Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).  Section 105(a) codifies this Court's general equitable powers and provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

19.     Taken together, Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors.  *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

20.     The Debtors submit that establishing and implementing the Settlement Procedures is in the interests of the Debtors' estate and its creditors, and is necessary and appropriate.  The Debtors believe that their ability to address the Small Estate Claims pursuant to the Settlement Procedures will allow for the timely resolution of such claims, minimize expenses, reduce the administrative burden both on the Debtors and the Court, and maximize the ultimate recovery for creditors.

21.     The Third Circuit Court of Appeals has enumerated factors to be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (the "Martin Factors"); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding the Martin Factors useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Grp., Inc.*, 222 B.R. at 243 (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).  The Third Circuit standard boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities."  *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); s*ee In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (citations omitted).

22.     In assessing their claims and causes of action, the Debtors will confront and carefully consider each of the Martin Factors, and exercise their reasonable business judgment in deciding whether value for their estates and creditors would be maximized by litigating claims to judgment, or by reaching a consensual disposition and resolving causes without the need for the expense of judicial intervention.  The Debtors will additionally consult

with the UCC and the AHC with respect to settlements noticed as Small Estate Claims pursuant
to the Settlement Procedures.

> **C.    The Proposed Settlement Procedures Should be Authorized Pursuant to Bankruptcy Code Section 363(b)**

23.    Bankruptcy Code Section 363(b)(1) provides another independent basis
for the Court to authorize the Settlement Procedures.  Section 363(b)(1) provides that the
"trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of
business, property of the estate . . . ."  The Third Circuit has recognized that a settlement of
claims or causes of action owned by a debtor constitutes a disposition of property of its estate.
See *Northview Motors, Inc.* v. *Chrysler Motors Corp.*, 186 F.3d 346, 350 (3d Cir. 1999).

24.    Courts may authorize a use of estate assets if the proposed use constitutes
a reasonable exercise of the debtor's business judgment.  *See In re Montgomery Ward Holding
Corp.*, 242 B.R. 147, 153 (D. Del. 1999).  In Delaware, the business judgment rule is a
"presumption that directors act in good faith, on an informed basis, honestly believing that their
action is in the best interests of the company."  *Stanizale* v. *Nachtomi* (*In re Tower Air, Inc.*), 416
F.3d 229, 238 (3d Cir. 2005).

25.    Generally, where a reasonable basis for a business decision is articulated,
courts are highly deferential to the debtor's judgment.  *See In re Tower Air, Inc.*, 416 F.3d 229,
238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is
a near-Herculean task"); *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986
(where "the debtor articulates a reasonable basis for its business decisions . . . courts generally
will not entertain objections to the debtor's conduct.").

26.    A sound business purpose for authority to settle the Small Estate Claims,
as appropriate, pursuant to the Settlement Procedures, will maximize and preserve the value of
the estate for the benefit of the creditors and interest holders.  Settlements pursuant to the

Settlement Procedures will enable the Debtors to defray or avoid the costs of protracted litigation

for relatively small value, including the administrative expenses associated with the costs of

drafting, serving and filing pleadings, as well as time incurred by attorneys for Court

appearances, all of which would drastically reduce the ultimate net value of any recovery of the

Debtors' litigation claims that could be efficiently resolved through the Settlement Procedures.

27.     The Court has previously approved the Debtors' proposed use of

procedures to provide an efficient way of addressing large-volume matters that would otherwise

require separate motions.  The Court has approved procedures allowing the sale or transfer of

certain *de minimis* assets and fund assets.  [D. I. 702].  These procedures have facilitated the

Debtor's efficient administration of the Chapter 11 Cases at significantly reduced cost and delay.

The proposed Settlement Procedures likewise will reduce the cost and expense of realizing the

value of the Small Estate Claims, and therefore are in the best interests of the Debtors, their

estates and creditors.

28.     Accordingly, the Debtors respectfully request that the Court approve the

Settlement Procedures, authorize the Debtors to settle litigation claims and causes of action

pursuant thereto, and enter the Order substantially in the form attached hereto as Exhibit A.

**Waiver of Bankruptcy Rule 6004(h)**

29.     Given the nature of the relief requested herein, the Debtors respectfully

request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay

applies.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of

property other than cash collateral is stayed until expiration of 14 days after entry of the order,

unless the court orders otherwise."  For the reasons described above, the Debtors submit that

ample cause exists to justify a waiver of the 14-day stay to the extent such stay applies.

## **Reservation of Rights**

30.     Nothing in this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party except as otherwise set forth herein.

## **Notice**

31.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Official Committee of Unsecured Creditors; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## **No Prior Request**

32.     No prior motion for the relief requested herein has been made to this or any other court.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: August 7, 2023
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        mcguire@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*