## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 22-11068 (JTD) |
| FTX TRADING LTD., *et al.*,[1] | ) |
| | ) (Lead Case) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

## SUMMARY OF FIRST INTERIM FEE
## APPLICATION OF MORGAN, LEWIS & BOCKIUS LLP
## AS COUNSEL TO EMERGENT FIDELITY TECHNOLOGIES LTD
## FOR THE PERIOD OF FEBRUARY 3, 2023 THROUGH JULY 31, 2023

| Name of Applicant | Morgan, Lewis & Bockius LLP |
|---|---|
| Authorized to provide professional services to: | Emergent Fidelity Technologies Ltd as Debtor and Debtor-in-Possession |
| Date of retention: | April 10, 2023 *nunc pro tunc* to February 3, 2023 [D.I. 90, Case No. 23-10149] |
| Period for which compensation and reimbursement is sought: | February 3, 2023 through July 31, 2023 |
| Amount of interim fees to be approved as reasonable and necessary: | $1,073,502.00 |
| Amount of interim expenses sought as actual, reasonable and necessary: | $9,706.61 |
| Total compensation paid to date: | $0 |
| Total expenses paid to date: | $0 |
| Blended rate in this Application for all attorneys | $1,086.54 |
| Blended rate in this Application for all timekeepers | $1,076.19 |

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

| Name of Applicant | Morgan, Lewis & Bockius LLP |
|---|---|
| Number of professionals included in this Application | 21 |
| Number of professionals not included in staffing plan | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | N/A |
| Number of professionals billing fewer than 15 hours to this Application during this period | 11 |
| Any rates higher than those approved or disclosed at retention? | No |

This is a: ❏ monthly ⊠ interim ❏ final application.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FTX TRADING LTD., *et al.*,[1] | ) Case No. 22-11068 (JTD) |
| | ) |
| Debtors. | ) (Lead Case) |
| | ) |
| | ) (Jointly Administered) |
| | ) |

**FIRST INTERIM FEE APPLICATION OF MORGAN, LEWIS & BOCKIUS LLP**
**AS COUNSEL TO EMERGENT FIDELITY TECHNOLOGIES LTD**
**FOR THE PERIOD OF FEBRUARY 3, 2023 THROUGH JULY 31, 2023**

Morgan, Lewis & Bockius LLP ("Morgan Lewis"), as counsel to Emergent Fidelity

Technologies Ltd (the "Emergent Debtor") in Case No. 23-10149 (the "Emergent Chapter 11

Case"), hereby submits its application (the "Application") under sections 330 and 331 of title 11

of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-2 of the Local

Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for

the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed

Order"), for interim allowance and payment of (i) compensation for professional services rendered

by Morgan Lewis to the Emergent Debtor in the amount of $1,073,502.00 for the period of

February 3, 2023 through July 31, 2023 (the "Application Period"), and (ii) reimbursement of

actual and necessary expenses incurred by Morgan Lewis in connection therewith in the amount

of $9,706.61 for the Application Period.  The total of the fees and expenses sought by this

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Application is $1,083,208.61.   In support of the Application, Morgan Lewis submits and incorporates by reference the certification of Matthew C. Ziegler attached hereto as **Exhibit G**, and respectfully states as follows:

## BACKGROUND

1.      On February 3, 2023 (the "Petition Date"), the Emergent Debtor, under the control of Angela Barkhouse and Toni Shukla as the Joint Provisional Liquidators pursuant to the Appointment Order[2] of the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda, dated December 5, 2022, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      On March 23, 2023, the Antiguan Court converted the Emergent Debtor's provisional liquidation to a full liquidation and appointed Ms. Barkhouse and Ms. Shukla as the Joint Liquidators of the Emergent Debtor.

3.      On April 10, 2023, this Court entered an order authorizing the retention and employment Morgan Lewis as counsel to the Emergent Debtor effective as of the Petition Date. *See* D.I. 90, Case No. 23-10149.  Since the commencement of the Emergent Chapter 11 Case, Morgan Lewis has held approximately $320,477.60 as the unused retainer to be applied against the fees and expenses allowed as requested herein.

4.      On May 10, 2023, the Court entered a final order authorizing the joint administration of the Emergent Chapter 11 Case with the chapter 11 cases (the "FTX Chapter 11 Cases") filed by FTX Trading Ltd and affiliates (collectively, the "FTX Debtors") on November

---

[2] The Appointment Order is attached as Exhibit B to the *Declaration of Angela Barkhouse in Support of the Emergent Debtor's Chapter 11 Petition* [D.I. 3, Case No. 23-10149].

11 and 14, 2022 (the "Joint Administration Order") [D.I. 91, Case No. 23-10149; D.I. 1469, Case No. 22-11068].

5.  Prior to entry of the Joint Administration Order, the Court entered an order establishing procedures for interim compensation and reimbursement of expenses of professionals related to the FTX Debtors and an order appointing a fee examiner in the FTX Chapter 11 Cases. *See* D.I. 435 and 834, Case No. 22-11068.  These orders do not apply to the Emergent Debtor.

## JURISDICTION

6.  The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Emergent Debtor consents to the entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELIEF REQUESTED

7.  By this Application, Morgan Lewis seeks the entry of an order, substantially in the form attached hereto as **Exhibit A**, for interim allowance and payment of (i) compensation for professional services rendered by Morgan Lewis to the Emergent Debtor in the amount of $1,073,502.00 for the Application Period, and (ii) reimbursement of actual and necessary expenses incurred by Morgan Lewis in connection therewith in the amount of $9,706.61 for the Application Period.

8.    In accordance with the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), this Application is supported by the following exhibits:

- **Exhibit A**: Proposed Order

- **Exhibit B**: Summary of compensation by each professional of Morgan Lewis that worked on matters related to the Emergent Chapter 11 Case;

- **Exhibit C**: Summary of compensation by project category;

- **Exhibit D**: Expense summary;

- **Exhibit E**: Morgan Lewis's customary and comparable compensation disclosures;

- **Exhibit F**: Copies of the Morgan Lewis invoices for the Application Period

- **Exhibit G:** Certification of Matthew C. Ziegler in support of the Application.

9.    Given the significant uncertainties that lie ahead in the Emergent Chapter 11 Case and the Emergent Debtor's constrained resources, counsel for the Emergent Debtor have not prepared a projected budget and staffing plan, as doing so would likely consume further resources with an uncertain benefit.  The Emergent Debtor's legal expenditures to date have been heavily driven by (a) BlockFi's motion to dismiss the Emergent Debtor's bankruptcy, (b) the DOJ's seizure of the Emergent Debtor's assets, and (c) the Emergent Debtor's efforts to secure access to litigation funding.  The future needs of this case are likely to be driven by other uncertainties, including the outcome of Mr. Bankman-Fried's criminal proceeding and the Joint Liquidators' investigation of potential claims against and held by the Emergent Debtor, for which key information is still being gathered and reviewed.  Counsel for the Emergent Debtor have been working closely with the Joint Liquidators, who are court-appointed fiduciaries for the Emergent Debtor's estate and experienced

restructuring professionals, to ensure that all legal expenditures are reasonable and necessary as they are incurred.

## COMPENSATION REQUESTED

10.    Morgan Lewis seeks interim allowance and payment of fees in the amount of $1,073,502.00 for services rendered during the Application Period and reimbursement of expenses in the amount of $9,706.61 incurred during the Application Period.

11.    The services performed by Morgan Lewis during the Application Period include, among others:

a.    Negotiated and obtained Court approval of a stipulation in an effort to achieve a consensual and orderly process for the resolution of key claims to the Emergent Debtor's assets;

b.    Facilitated the exchange of information in connection with litigation concerning the Emergent Debtor's assets;

c.    Engaged with the U.S. Department of Justice, which seized the Emergent Debtor's assets prior to the bankruptcy, regarding Emergent Debtor's rights to the assets;

d.    Coordinated with the Joint Liquidators to investigate the Emergent Debtor's affairs and potential claims to be asserted by the Emergent Debtor for the benefit of its creditors;

e.    Worked with numerous potential DIP and litigation funders in an effort to secure access to funding (still in process) that will permit the Emergent Debtor to participate in the contemplated forfeiture proceedings regarding its assets;

f.    Coordinated with the Joint Liquidators to establish a cross-border protocol (which is in progress) that will contain procedures for resolving the jurisdictional implications of this Court and the Antigua Court in connection with, among other things, the resolution of claims in both the Antiguan proceedings and the Emergent Chapter 11 Case;

g.    Coordinated with the Joint Liquidators and the FTX Debtors to procedurally consolidate and jointly administer the Emergent Chapter 11 Case with the FTX Chapter 11 Cases;

h.    Opposed BlockFi's motion to dismiss the Emergent Chapter 11 Case; and

     i.   Supported the Emergent Debtor's Joint Liquidators and offshore counsel in their efforts to prevent Samuel Bankman-Fried from regaining control of the Emergent Debtor via his legal challenges in the Emergent Debtor's Antiguan proceedings.

## STATUTORY BASIS FOR COMPENSATION

12.    The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016.  Morgan Lewis seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Emergent Debtor during the Application Period.

13.    Section 331 of the Bankruptcy Code permits professionals employed by the Court to apply for interim compensation under the standards set forth in section 330.  Section 330(a)(1) of the Bankruptcy Code allows for the following: "(A) reasonable compensation for actual, necessary services rendered by . . . [an] attorney and by any paraprofessional person employed by such [attorney]; and (B) reimbursement for actual, necessary expenses."

14.    Section 330(a)(3)(A) of the Bankruptcy Code provides that:

> [i]n determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [Title 11]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed . . . and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title [11].

11 U.S.C. § 330(a)(3).

15.    Congress intended that bankruptcy attorneys be compensated at the market rate for comparable services in non-bankruptcy cases.  *See In re Ames Dep't Stores, Inc*., 76 F.3d 66, 71

(2d Cir. 1996) (citing *In re UNR Indus., Inc.*, 986 F.2d 207, 208-09 (7th Cir. 1993)); *see also In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 21-22 (Bankr. S.D.N.Y. 1991) (Conrad, J.). The policy of section 330 is to ensure that qualified attorneys will "not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation." *Ames Dep't Stores*, 76 F.3d at 72 (citing *UNR Indus.*, 986 F.2d at 210).

16.     As demonstrated in this Application and Morgan Lewis's related time records for the Application Period, the services were performed efficiently and effectively and were done for and at the request of the Emergent Debtor in furtherance of the fiduciary obligations or statutory duties of the Emergent Debtor and were necessary and beneficial to the bankruptcy estate and its creditors.

## ACTUAL AND NECESSARY EXPENSES

17.     During the Application Period, Morgan Lewis incurred $9,706.61 in actual and necessary expenses on behalf of the Emergent Debtor.  Detailed descriptions of Morgan Lewis's expenses for the Application Period are included in **Exhibit F** attached hereto.  A summary of the actual and necessary expenses incurred by Morgan Lewis during the Application Period is attached hereto as **Exhibit D**.  All expense charges are in accordance with the Guidelines.

18.     Morgan Lewis believes that the foregoing rates for the services rendered are in accord with the market rates that the majority of law firms charge their clients for such services. The expenses are reasonable and economical in view of the necessity of the services provided and are of the type customarily charged to non-bankruptcy clients of Morgan Lewis.

## NOTICE

19.     Morgan Lewis will provide notice of this Application to the Office of the U.S. Trustee for the District of Delaware and any party that has requested notice in the Emergent

Chapter 11 Case, pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested,

Morgan Lewis submits that no other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, Morgan Lewis respectfully requests that the Court (i) approve the

Application and (ii) grant such further relief as is just and proper.

Dated: August 15, 2023
Wilmington, DE

**MORGAN, LEWIS & BOCKIUS LLP**

/s/  *Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Email: jody.barillare@morganlewis.com

- and -

John C. Goodchild, III (admitted *pro hac vice*)
Matthew C. Ziegler (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

- and -

Craig A. Wolfe (admitted *pro hac vice*)
Joshua Dorchak (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Email: craig.wolfe@morganlewis.com
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Counsel for Emergent Fidelity*
*Technologies Ltd as Debtor and Debtor-in-*
*Possession*