IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11068 (JTD)<br>)<br>) (Lead Case)<br>)<br>) (Jointly Administered)<br>) |

**CERTIFICATION OF MATTHEW C. ZIEGLER IN SUPPORT OF
FIRST INTERIM FEE APPLICATION OF MORGAN, LEWIS & BOCKIUS LLP
AS COUNSEL TO EMERGENT FIDELITY TECHNOLOGIES LTD
FOR THE PERIOD OF FEBRUARY 3, 2023 THROUGH JULY 31, 2023**

I, Matthew C. Ziegler, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, hereby certify that:

1. I am a partner in the firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis") and I am duly authorized to make this certification on behalf of Morgan Lewis.

2. This certification is made in support of the First Interim Fee Application of Morgan Lewis (the "Application") and in compliance with rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rule 2016-2"), and with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Guidelines"), 28 C.F.R. pt. 58, app. A (1996).

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

3. To that end, Morgan Lewis respectfully states as follows to address the questions set forth in ¶ C.5 of the Guidelines:

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Response**: No.

**Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**: Not applicable. However, the Emergent Debtor's affairs are overseen by the Joint Liquidators, who are fiduciaries for the Emergent Debtor's estate and its creditors. The Joint Liquidators have reviewed and approved Morgan Lewis's fees.

**Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**: No.

**Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would be not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

**Response**: No, no fees are billed for revising time records or preparing and revising invoices that would not normally be compensable outside of bankruptcy.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**: No.

**Question**: If the fee application includes any rate increases since retention: (i) Did the client review and approve those rate increases in advance? (ii) Did the client agree when retaining Morgan Lewis to accept all future rate increases? If not, did Morgan Lewis inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consisted with ABA Formal Ethics Opinion 11-458?

**Response**: The Application did not include any rate increases since the effective date of the Court's approval of Morgan Lewis's retention.

4.  I have read the Application and I certify that the Application substantially complies with Local Rule 2016-2 and the Guidelines.

Dated: August 15, 2023  
Philadelphia, PA

**MORGAN, LEWIS & BOCKIUS LLP**

/s/  Matthew C. Ziegler
Matthew C. Ziegler
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Email: matthew.ziegler@morganlewis.com

*Counsel for Emergent Fidelity Technologies Ltd*
*as Debtor and Debtor-in-Possession*