**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | : : : : : : : : : : : | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date: August 23, 2023, at 1:00 p.m.<br><br>Objection Deadline: August 16, 2023<br><br>Re: D.I. 2137 |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF DEBTORS FOR AN
ORDER AUTHORIZING PROCEDURES FOR SETTLING CERTAIN EXISTING
AND FUTURE LITIGATION CLAIMS AND CAUSES OF ACTION**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to the *Motion of Debtors for an Order Authorizing Procedures for Settling Certain Existing and Future Litigation Claims and Causes of Action* [D.I. 2137] (the "Motion"), and respectfully states:

**I.  PRELIMINARY STATEMENT**

1. The Debtors have proposed Settlement Procedures[2] that would allow them to settle what they are calling "Small Estate Claims" without filing a motion, or providing any other notice to creditors or other parties in interest, except to the Official Committee of Unsecured Creditors (the "Official Committee") and the ad hoc committee of international customers (the

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   All capitalized terms not defined herein shall have the definition set forth in the Motion.

"Ad Hoc Committee"), and without obtaining Court approval of the terms of such settlements. The Motion should be denied for at least three independent reasons.

2.      First, the Debtors have failed to provide adequate notice as to exactly what types of claims would be subject to the Settlement Procedures. The definition of Small Estate Claims that is set forth in the Motion is so vague that it could cover nearly any claim the Debtors wish it to cover. In the absence of knowing what claims fall within the definition of Small Estate Claims, creditors and other parties in interest did not receive notice reasonably calculated to apprise them of the nature of the relief being sought in the Motion. The Motion therefore should not be considered unless and until the Debtors amend the Motion to provide a precise definition of the types of claims the Debtors propose to be subject to the Settlement Procedures, and renotice the motion for a new hearing date.[3]

3.      Second, the Debtors have not provided any information, let alone sufficient information, regarding the nature and amounts of the claims that will be subject to the Settlement Procedures to allow the Court to determine whether such settlements will be fair, reasonable, and in the interest of the estates, and otherwise meet the requirements of Third Circuit law regarding Court approval of settlements.

4.      Third, the Motion indicates that the Settlement Procedures would apply to Small Estate Claims that are settled for an amount up $10 million. Even in these cases, $10 million is far too high to constitute a "small" claim that can be settled without notice to anyone other than

---

[3] Any notice of an amended Motion should set a hearing date at least 21 days from the date of service, with an objection deadline 7 days prior to the hearing. Motions to approve a compromise or settlement of a controversy require twenty-one days' notice of the hearing under Bankruptcy Rule 2002 (a)(3) and Local Rule 9006-1(c)(i) and (ii). The current Motion provided only 14 days' notice of the hearing date, and 7 days' notice of the objection deadline.

the Official Committee and the Ad Hoc Committee, and without Court approval. Moreover, the $10 million figure relates to the amount to be paid in settlement; there is no limit on the value of the claim being settled, which could be far higher than $10 million. Nor is there any limit on the ratio between the value of the claim being settled and the amount to be paid in settlement.

5. Fourth, the U.S. Trustee objects to certain aspects of the proposed form of order, as detailed in Point IV.D below.

6. For the reasons set forth in this Objection, the Motion should be denied.

## II. JURISDICTION, VENUE AND STANDING

7. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

8. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

9. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## III. FACTUAL BACKGROUND

10. On or after November 11, 2022, the Debtors filed voluntary chapter 11 petitions in this Court.

11. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

12. The U.S. Trustee appointed an official committee of unsecured creditors on December 15, 2022.

13. On August 7, 2023, the Debtors filed the Motion. The Motion sets forth certain Settlement Procedures with respect to Small Estate Claims. Small Estate Claims are defined as: "certain existing and future affirmative litigation claims and causes of action of the Debtors and their estates that are of relatively small value compared to the Debtors' total asset base." *See* Motion, p. 1.

14. The Debtors' proposed Settlement Procedures for Small Estate Claims are as follows:

    (a) The Debtors are authorized to settle any Small Estate Claim pursuant to the Settlement Procedures for such consideration as the Debtors determine appropriate in their business judgment, including without limitation cash, property or the reduction of claims against the Debtors.

    (b) The Debtors are authorized to settle any Small Estate Claims in their business judgment *where the Settled Value of such Small Estate Claim is less than or equal to US $10,000,000*, provided that:

        (i) Before entering into any such settlement, the Debtors shall provide written notice by email of such proposed settlement, on a confidential basis, to counsel to the UCC, Paul Hastings LLP, Attn: Kenneth Pasquale and Jack Iaffaldano, and Young Conaway Stargatt & Taylor, LLP, Attn: Matthew B. Lunn and Robert F. Poppiti, Jr.; and counsel to the AHC, Eversheds Sutherland (US) LLP, Attn: Erin Broderick (the "Noticed Parties"). The Noticed Parties shall have until 12:00 p.m., prevailing Eastern Time, five business days after service of the written notice (the "Objection Deadline") to object to the settlement by serving such objection in writing by email on counsel to the Debtors, Sullivan & Cromwell LLP, Attn: Brian Glueckstein. Objections to the settlement must state with specificity the basis for objecting. If no written objection from any Noticed Party is served by the Objection Deadline, the ***Debtors may, in their discretion, enter into, execute, and consummate a written agreement of settlement that will be binding***

4

>            ***on the Debtors and their estates without notice to any third party or further action by this Court***.
>
> (ii) If any Noticed Party properly and timely objects to any settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (a) resolution of the objection by the parties in question or (b) further order of this Court after notice and a hearing.
>
> (iii) All time periods set forth in these Settlement Procedures shall be calculated in accordance with Bankruptcy Rule 9006.
>
> (c) For any Small Estate Claim where the Settled Value is greater than US $10,000,000 the Debtors shall seek Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019(a), or as otherwise provided under the Bankruptcy Code and Bankruptcy Rules.
>
> (d) The Debtors shall determine the "Settled Value" of a Small Estate Claim settlement based on the fair market value of cash, property, claims or other consideration to be received by the Debtors to resolve such Small Estate Claim.

*See* proposed order to Motion, D.I. 2137-2, ¶ 2 (emphasis added).

15. Paragraph 3 of the proposed order on the Motion provides: "These Settlement Procedures shall not apply to any postpetition claims, claims against insiders, affiliates, or professionals of the Debtors, or claims against professionals retained by the Debtors." *Id.*, ¶ 3.

## IV.    ARGUMENT

### A. The Motion Fails to Provide Adequate Notice of the Claims that Would be Subject to the Settlement Procedures

16. In *Folger Adam Security, Inc. v. DeMatteis/MacGregor*, 209 F.3d 252 (3d Cir. 2000), the Third Circuit stated: "Due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 265 (citations omitted).

17. In their Motion, the Debtors have failed to provide the notice required by the Third Circuit regarding which claims would be subject to the Settlement Procedures. The definition of Small Estate Claims is claims "that are of relatively small value compared to the debtors' total asset base." Motion, p. 1. Such a definition is so broad that it could cover a mirid of claims. The Motion fail to specify what "relatively small value compared to the Debtors' total asset base" means. The amount of Debtors' "total asset base" is not quantified, nor is "relatively small." The Motion also does not disclose how the "value" of each claim will be calculated, or who will make such calculation.[4] It is also unclear whether the "value" of each claim to be settled will be provided to the Official Committee or the Ad Hoc Committee, but what is clear is that the Settlement Procedures do ***not*** require the Debtors to file such information, or to otherwise provide it to the Court.

18. It is unclear whether Small Estate Claims are limited to avoidance claims under the Bankruptcy Code, or could cover other types of claims of the estate. It is also unclear from the Motion whether Small Estate Claims and the proposed Settlement Procedures apply only to claims that are the subject of an adversary proceeding, or whether they could also apply to other claims, such as those that have not been asserted by the Debtors in any document filed in these cases. If the latter is intended, then if the Motion is approved, the Debtors would be permitted to settle claims without providing any disclosure to any party other than the Official Committee and the Ad Hoc Committee as to the nature or value of the claims being settled, the amount being received in settlement, or against whom the estates hold such claims.

---

[4] The Motion *does* indicate that the Settlement Procedures would be used for Small Estate Claims with a "Settled Value" of up to $10 million, but the $10 million figure relates to the amount to be paid in settlement, not the *value* of the Small Estate Claim, and therefore does nothing to clarify which kind of claims fall within the definition of Small Estate Claims.

6

19.     Nor does the Motion or the proposed order indicate what type of information will be provided to the Official Committee or the Ad Hoc Committee regarding the settlements that are proposed to be subject to the Settlement Procedures.

20.     The Motion should not be considered by the Court unless and until the Debtors (a) amend it to (i) specify a precise definition of the Small Estate Claims, including what is meant by "small value" and the "debtors' total asset base," and whether such claims are limited to avoidance claims, and/or claims that are the subject of an adversary proceeding, (ii) specify the information the Debtors will provide to the Official Committee and the Ad Hoc Committee regarding the claims to be settled pursuant to the Settlement Procedures, and (iii) notice such amended motion for a new hearing date and a new objection deadline.

## B. The Proposed Settlement Procedures Do Not Comply with Bankruptcy Rule 9019

21.     Bankruptcy Rule 9019 provides, in relevant part:

> (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.
>
> (b) Authority to compromise or settle controversies within classes. After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

Fed. R. Bankr. P. 9019 (a) & (b).

22.     Under Rule 9109, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (quoting *In re Louise's Inc.*, 211 B.R. 798, 801 (D. Del. 1997)). The court shall also consider whether the settlement falls "above the lowest point in a range of reasonableness." *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004) (citations omitted);

7

*accord, Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008)(citing *Matter of Jasmine, Ltd.*, 258 B.R. 119 (D.N.J. 2000).

23. The Court of Appeals for the Third Circuit set forth the following "four criteria that a bankruptcy court should consider" in determining whether to approve a compromise: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F. 3d 389, 393 (3rd Cir. 1996)(citations omitted).

24. The Debtors have provided no factual information that would permit the Court to make any of the determinations required under *Martin*, *Marvel*, or the other case law cited above. No information at all has been disclosed regarding what claims will be compromised, the value of such claims, or what consideration will be paid to the estates for such compromises. Nor do the proposed Settlement Procedures provide for any information to be filed with the Court in the future that would allow the Court to make the determinations required under *Martin* and *Marvel* with respect to the claims to be compromised.

25. Although the Debtors recognize that the standards set forth in *Martin* and *Marvel* apply, Debtors state that *they*, the Debtors, "will confront and carefully consider each of the Martin Factors." Motion, ¶ 22. But it is the *Court*, not the Debtors, who is to evaluate the factors set forth in *Martin*. As stated by the Third Circuit in *Martin*, "Th[e] particular process of bankruptcy court approval [of compromises] requires *a bankruptcy judge* to assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F. 3d at 393 (emphasis added).

26. As the Debtors recognized in the Motion, "the decision whether to approve a compromise under Rule 9019 is committed to the sound discretion *of the Court*." *In re Louise's*, 211 B.R. at 801 (emphasis added), quoted in the Motion at ¶ 16. The Debtors do not cite to any authority to support the idea that subsection (b) of Bankruptcy Rule 9019 eliminates the need for the Court to evaluate whether settlements meet the requirements of *Martin* and *Marvel*. Rather, bankruptcy courts in the Third Circuit have used the *Martin* factors in evaluating motions under 9019(b). *See, e.g.*, *In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1892, at *43, Case. No. 95-13729F (Bankr. E.D. Pa. Aug. 21, 1996) (Fox, J.) (addressing Rule 9019(b), the court stated, "[w]hen a trustee seeks authority to settle or compromise a class of claims, the proper focus is to apply the four general factors identified by the Court of Appeals in *Martin* to the terms of the proposed class settlement as a whole, rather than upon particular terms.").

27. In their Motion, the Debtors assert that settlement authorization pursuant to 9019(b) is appropriate where debtors "may expect to 'file a large number of complaints against many individual defendants,' each 'involv[ing] similar issues.'" Motion, ¶ 17, quoting 10 Collier on Bankruptcy ¶ 9019.3. Yet there is no information provided in the Motion that would allow the Court to determine whether the claims the Debtors propose to settle by way of the Settlement Procedures involve "similar issues."

28. Truncated settlement procedures that eliminate notice to parties in interest and do not require Court approval of settlement terms are especially inappropriate in these cases due to the circumstances that drove the Debtors into bankruptcy, and the significant avoidance claims and other claims the Debtors likely hold against numerous parties. The Debtors indicate that the main reason they are seeking approval of the Settlement Procedures is to limit costs and delays associated with preparing and filing 9019 motions. Motion, ¶ 3. There are alternatives that

9

would achieve that result while still providing the required notice to creditors and other parties in interest, as well as Court approval of settlements. For example, the Debtors could file omnibus 9019 motions from time to time, on notice to creditors, that address the settlement of multiple adversary proceedings or claims against multiple non-debtor parties. That would allow for a streamlined process, while still providing notice and actual Court approval of the settlements. The Motion should therefore be denied, and the proposed Settlement Procedures disallowed.

**C. Even if Settlement Procedures Were Appropriate in These Cases, They Should Not be Permitted for Claims That Are Settled for up to $10 Million**

29. Even if truncated settlement procedures were appropriate for these cases, which they are not, the size of the claims to be covered by such procedures need to be truly "small." As noted above, the definition of "Small Estate Claim" is so vague that it could cover nearly anything. The only dollar parameters the Debtors propose relate not to the *value* of the claims, but the amount paid in settlement of such claims, which is up to $10 million per claim, based on the fair market value of cash, property, claims or other consideration to be received the Debtors, defined as the "Settled Value." *See* Motion, ¶ 8.

30. The Settled Value does not, however, take into consideration the value of the claim being settled. It would therefore appear, for example, that if the Debtors believe they have claims valued at $100 million against a particular entity, but agree to accept $100,000 in settlement, the Settled Value would be less than $10 million, and therefore the claim would be subject to the Settlement Procedures. Thus, even though the Debtors would be accepting a settlement payment of only one-tenth of one-percent of the value of the claim, under the proposed Settlement Procedures, the settlement would be allowed without notice to anyone other than the Official Committee and the Ad Hoc Committee, and without Court approval.

31.     If the Court were to approve any settlement procedures for "small" claims of the estates, the parameters of such claims should be limited not only by the amount offered in settlement, but also the value of the claim to be settled, as well as the amount of the settlement payment as a percentage of the value of the claim.  *See Martin*, 91 F. 3d at 393 ("Th[e] particular process of bankruptcy court approval [of compromises] requires a bankruptcy judge to assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal.").

**D.   Other Issues Relating to the Proposed Form of Order**

32.     In addition to the above objections, the U.S. Trustee objects to the following provisions of the proposed form of order granting the Motion:

33.     Paragraph 2 (a) of the proposed order states that: "The Debtors are authorized to settle any Small Estate Claim pursuant to *the Settlement Procedures* for such consideration as the Debtors determine appropriate in their business judgment, including without limitation cash, property or the reduction of claims against the Debtors."  *See* Motion, proposed order, ¶ 2 (a) (emphasis added).  The Settlement Procedures are defined in the Motion as the procedures that are set forth under paragraph 2 (b) and 2 (c) of the proposed order.  It is therefore unclear whether paragraph 2 (a) of the proposed order is simply superfluous, or whether there are any Small Estate Claims that fall under 2 (a) that do not also fall under either 2 (b) or 2 (c).  If there are, the nature and amount of such claims are unclear, as is the procedures that would apply to settle such claims.

34.     Paragraph 2 (a)(i) of the proposed order does not include the U.S. Trustee as a party who would receive notice of any proposed settlement, as it should.  Moreover, the

proposed order should indicate what type of information will be provided to the Notice Parties regarding each settlement proposed to be subject to the Settlement Procedures.

35. Paragraph 3 of the proposed order provides that the Settlement Procedures "shall not apply to any postpetition claims, claims against insiders, affiliates, or professionals of the Debtors, or claims against professionals retained by the Debtors." *See* Motion, proposed order, ¶ 3. The claims that are excluded should be expanded to cover: (i) all pre-petition and post-petition claims against all directors, officers, employees, or consultants of any of the Debtors, whether current or former, and whether employed pre-petition or post-petition; (ii) all claims against all professionals of the Debtors, whether they provided services pre-petition or post-petition, and regardless of whether such professional has been retained in these cases; and (iii) all claims between any of the Debtors, whether arising pre-petition or post-petition.

36. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the relief requested by the Motion, and grant any such other and further relief that the Court deems just and proper.

Respectfully submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

Dated: August 16, 2023

By: */s/ Juliet Sarkessian*
Juliet Sarkessian, Esq.
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Juliet.M.Sarkessian@usdoj.gov