IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. 2109 |

### ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO SETTLEMENT AGREEMENT WITH IEX GROUP, INC., (B) APPROVING THE SETTLEMENT AGREEMENT, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to enter into a Settlement and Stock Exchange Agreement (the "Settlement Agreement"), attached as Exhibit B to the Motion, (b) approving the Settlement Agreement, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{1368.002-W0071903.}

the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.  <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over this matter and over the property of the Debtors' estates, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This Court may issue a final order on the Motion consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.  <u>Statutory and Rule Predicates</u>.  The statutory and other legal predicates for the relief requested in the Motion and for the approval and authorization herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007, and 9019.

C.  <u>Notice</u>.  As evidenced by the certificates of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion and Hearing, and the transaction contemplated thereby has been provided in accordance with Bankruptcy Rules 2002, 6004, 9013, and 9019. The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion is or shall be

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052.

required. The disclosures made by the Debtors concerning the Motion and the Agreement were good, sufficient, and adequate.

   D. <u>Opportunity to Object</u>. A fair and reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to all interested parties.

   E. <u>Good Faith of IEX and the Debtors</u>. The Settlement Agreement was negotiated, proposed and entered into by the Debtors and IEX without collusion or fraud, in good faith and from arm's-length bargaining positions.

   F. <u>Settlement Agreement Satisfies Bankruptcy Rule 9019</u>. The Settlement Agreement and this Order resolve all disputed issues among the Debtors and IEX related to the March 18, 2022 Share Exchange Agreement and related agreements. Good and sufficient reasons for the approval of the Settlement Agreement have been set forth by the Debtors, and such approval is in the best interests of the Debtors, their estates, creditors, and other parties in interests. The Debtors' decision to compromise and settle all disputed issues with IEX pursuant to the Settlement Agreement and to grant the releases set forth in the Settlement Agreement is a proper exercise of the Debtors' business judgment and is fair and reasonable. The settlement between the Debtors and IEX falls above the lowest point in the range of reasonable litigation outcomes if the matters resolved pursuant to the Settlement Agreement were litigated. This Court therefore finds that the Debtors have carried their burden in establishing grounds for approval of the Settlement Agreement under Bankruptcy Rule 9019.

   G. <u>Legal and Factual Bases</u>. The legal and factual bases set forth in the Motion and the evidence adduced in connection therewith establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors and their estates.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to enter into the Settlement Agreement.

3. The terms of the Settlement Agreement are approved in their entirety.

4. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order and to comply with their obligations under the Settlement Agreement.

5. On the Closing Date, the IEX Claims shall be resolved and deemed expunged from the Debtors' claims register.

6. The failure to specifically include or reference any particular term or provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such term or provision.

7. The requirements set forth in Bankruptcy Rule 6004(a) are waived to the extent applicable.

8. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

9. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

**Dated: August 18th, 2023**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE