**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref No. __** |

## ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE REJECTION DATE

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to (i) reject certain executory contracts set forth on Exhibit 1 to the Order, effective as of the Rejection Date and (ii) take such actions as may be necessary to implement and effectuate the rejection of the Contracts; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{1368.002-W0072062.2}
4888-3194-3793 v.4

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, each of the Contracts set forth on <u>Exhibit 1</u> attached hereto is hereby rejected effective as of the Rejection Date.

3. The Debtors shall serve notice of entry of this Order to the counterparty to each Contract set forth on <u>Exhibit 1</u> attached hereto.  In accordance with the Bar Date Order, each Contract counterparty shall have until 4:00 p.m., Eastern Time, on the date that is 30 days from the date of such service of notice of entry of this Order to file any and all claims for damages arising from the Debtors' rejection of the Contracts.

4. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

5. Nothing in this Order shall impair, prejudice, waive or otherwise affect any rights of the Debtors and their estates to assert that any claims for damages arising from the Debtors' rejection of the Contracts is limited to any remedies available under any applicable termination provisions of such rejected Contracts, or that any such claims are obligations of a third party, and not those of the Debtors or their estates.

6. All rights and defenses of the Debtors and any Contract counterparty are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated, expired, or otherwise no longer an executory contract.

7. The Debtors and their estates do not waive any claims that they may have against any Contract counterparty, whether or not such claims arise under, are related to, or are independent of the Contracts.

8. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority or amount of any particular claim against a Debtor entity; (b) a promise or requirement to pay any particular claim or (c) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

9. The requirements in Bankruptcy Rule 6006 are satisfied.

4

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____  _____
      Wilmington, Delaware  The Honorable John T. Dorsey
                                                   United States Bankruptcy Judge

# EXHIBIT 1

**Contracts**

| Non-Debtor Counterparty | Debtor Counterparty | Non-Debtor Counterparty Address | Description of Agreement |
|---|---|---|---|
| Neil Patel Digital, LLC | FTX Trading Ltd. | Neil Patel Digital, LLC<br>Attn: Jeff Johnson<br>750 B Street, Suite 1400<br>San Diego, CA 92101<br>Email: jj@npdigital.com;<br>         mikeg@npdigital.com | Master Services Agreement, dated as of October 19, 2021, and all related order forms, statements of work and schedules thereto. |
| Neil Patel Digital, LLC | FTX Trading Ltd. | Neil Patel Digital, LLC<br>Attn: Jeff Johnson<br>750 B Street, Suite 1400<br>San Diego, CA 92101<br>Email: jj@npdigital.com;<br>         mikeg@npdigital.com | Statement of Work #1, dated as of October 19, 2021, and all related order forms and schedules thereto. |
| Refinitiv (US) LLC | West Realm Shires Services Inc. | Refinitiv (US) LLC<br>3 Times Square<br>New York, NY 10036 | Master Terms Agreement, dated as of April 25, 2020, and all related order forms, statements of work and schedules thereto. |
| Refinitiv (US) LLC | FTX Trading Ltd. | Refinitiv (US) LLC<br>8 Liberty Street, 58th Floor<br>New York, NY 10005 | Order Form, dated as of January 19, 2022, and all related order forms, statements of work, schedules and agreements. |

| Non-Debtor Counterparty | Debtor Counterparty | Non-Debtor Counterparty Address | Description of Agreement |
|---|---|---|---|
| Refinitiv (US) LLC | Alameda Research, LLC | Refinitiv (US) LLC<br>3 Times Square<br>New York, NY 10036 | Order Form, dated as of March 27, 2020, and all related order forms, statements of work, schedules and agreements. |