Case 22-11068-JTD    Doc 2212-2    Filed 08/18/23    Page 1 of 9

## **EXHIBIT A**

Proposed Order

## **EXHIBIT A**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket No.** |

## ORDER GRANTING EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER COMPELLING MEDIATION OF CHAPTER 11 PLAN AND OTHER CASE ISSUES

Upon the motion (the "Motion") of the Official Committee of Unsecured Creditors for entry of an order (this "Order") directing the Mediation Parties to participate in mediation regarding the Mediation Topics, as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given, and it appearing that no other or further notice need be provided, under

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED THAT:

1. The Motion is granted as and to the extent set forth herein.

2. The Hon. Judith Fitzgerald (Ret.) is authorized and appointed to serve as mediator (the "Mediator") to conduct the mediation (the "Mediation") in accordance with this Order. The mediation parties shall initially include the Debtors, the Committee and the ad hoc committees represented by Eversheds Sutherland (US) LLP and Entwistle & Cappucci LLP (collectively, the "Mediation Parties").

3. The Mediator is authorized to mediate disputes between the Mediation Parties with respect to the following matters (each, a "Mediation Topic" and collectively, the "Mediation Topics"): (i) any and all issues related to the Debtors' *Draft Plan of Reorganization* and accompanying term sheet [Docket No. 2100], including the Debtors' proposed confirmation timeline; (ii) information sharing and consent rights in respect of the marketing process concerning a potential sale, recapitalization, restart or reorganization of the Debtors' exchanges; and (iii) any other topics agreed to by the Mediation Parties and the Mediator or such topics as determined by the Court upon shortened notice and a hearing.

4.      The Mediation Parties shall meet and confer with the Mediator to establish procedures for the Mediation, *provided that*, an initial mediation session shall commence no later than August [ ], 2023 and the Mediation shall conclude no later than September [ ], 2023, unless extended by agreement among the Mediation Parties and the Mediator. Notwithstanding the Local Rules, but so long as not inconsistent with the terms of this Order, the Mediator may conduct the Mediation as the Mediator determines appropriate, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate in order to conduct the Mediation.

5.      The Mediation Parties shall attend and participate in the mediated sessions with at least one principal or other individual with authority to make decisions binding upon such Mediation Party (such individual may include attorneys and other advisors to each Mediation Party, at such Mediation Party's sole discretion). The Mediator is authorized to meet with any Mediation Party on an *ex parte* basis.

6.      If consented to in writing by all Mediation Parties and the Mediator, the Mediator may allow other parties in interest to participate in the Mediation (an "Additional Mediation Party"); *provided that* any such party that participates in the Mediation shall become subject to the provisions of this Order.

7.      The Mediation Parties and any Additional Mediation Party and their respective counsel and advisors shall participate in the Mediation in good faith and comply with all directions issued by the Mediator.

8.      The Mediation shall be governed by Local Rule 9019-5(d). Without limiting the applicability of Local Rule 9019-5(d), all communications from any Mediation Party, any Additional Mediation Party, or the Mediator that are prepared, submitted, or made (whether in

writing or verbally) to any Mediation Party, Additional Mediation Party, or the Mediator in connection with the Mediation, including, without limitation, (a) discussions among any of the Mediation Parties and any Additional Mediation Party in connection with the Mediation, including discussions with or in the presence of the Mediator, (b) mediation statements and any other documents or information provided to the Mediator, Mediation Parties, or any Additional Mediation Party in connection with the Mediation, and (c) all correspondence, settlement proposals, counterproposals, term sheets, and other offers of compromise produced for, as a result of, or in connection with the Mediation (collectively, the "Settlement Proposals") shall be strictly confidential and shall remain confidential; and the materials described in each of the foregoing clauses (a) through (c) (the "Mediation Information"): (1) shall be protected from disclosure (and shall not be disclosed) to any other Mediation Party or Additional Mediation Party, each as applicable, or to any other person or party who is not a participant in the Mediation, and/or to any court or any governmental agency, absent the express consent of the Mediation Party or Additional Mediation Party whose Mediation Information is being shared (provided that any Mediation Party or Additional Mediation Party may share Mediation Information provided by them without seeking consent of any other Mediation Party or Additional Mediation Party), (2) shall not constitute a waiver of any existing privileges and immunities, (3) shall not be used for any purpose other than the Mediation, (4) shall not be admissible for any purpose in any judicial or administrative proceeding, (5) shall be subject to protection under Rule 408 of the Federal Rules of Evidence and any equivalent or comparable state law, and (6) in the case of Settlement Proposals not accepted in connection with the Mediation, shall not constitute material nonpublic information following the conclusion of the Mediation except to the extent that they contain material nonpublic

information separate and apart from the fact that a Mediation Party or Additional Mediation Party was prepared to agree to the terms set forth therein.

9. If any Mediation Party or Additional Mediation Party is in possession of privileged or confidential documents and/or information provided to such Mediation Party or Additional Mediation Party pursuant to the terms and conditions of a confidentiality agreement or a Court order entered in connection with these Chapter 11 Cases, such information may be disclosed to the Mediator but shall otherwise remain privileged and confidential and shall not be disclosed to any other Mediation Party or Additional Mediation Party, subject to the terms of such confidentiality agreement or Court order, each as applicable. Any Mediation Party or Additional Mediation Party may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity such parties may be entitled to claim or invoke (the "<u>Privileged Information</u>"). Privileged Information that is provided solely to the Mediator and not to any other Mediation Party, Additional Mediation Party or person shall not serve as the disclosing party's or its respective professional's intent to waive or shall be deemed to waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity that such disclosing party or its respective professional may be entitled to claim or invoke with respect to any Privileged Information or otherwise.

10. Any work product, materials, or information that a Mediation Party or Additional Mediation Party shares with or produces to the Mediator in connection with the Mediation, including Privileged Information, shall be subject to all applicable mediation privileges, and the Mediator shall not share any such work product, materials, or information with any other

5

Mediation Party or Additional Mediation Party without the consent of the sharing or producing Mediation Party or Additional Mediation Party.

11. No Mediation Party or Additional Mediation Party shall, as a result of participating in the Mediation conducted pursuant to this Order or being aware or in possession of any Settlement Proposal, (a) be or become an insider, a temporary insider, or fiduciary of any other party, (b) be deemed to owe any duty to any other party, (c) undertake any duty to any party in interest, or (d) be deemed to misappropriate any information of any other party that has designated any material as confidential or highly confidential under an order entered in these cases; *provided*, *however*, that nothing herein shall affect any Mediation Party's or any Additional Mediation Party's pre-existing fiduciary obligations.

12. No discovery may be taken in connection with the conduct of the Mediation, unless consented to by the applicable Mediation Party or Additional Mediation Party.

13. The Mediator shall file with this Court a memorandum no later than three business days after the conclusion of the Mediation stating (a) that the Mediator has conducted the Mediation, (b) the names of the Mediation Parties and any Additional Mediation Party, including counsel, advisors, and principals, who participated in the Mediation, (c) whether the Mediator believes that the Mediation Parties and any Additional Mediation Party participated in good faith, and (d) whether and to what extent the Mediation was successful, and, if the Mediation Parties and any Additional Mediation Parties agree, the terms of such settlements and agreements. Notwithstanding anything to the contrary herein and subject only to (a)-(d) in the preceding sentence, the Mediator may not disclose to the Court any Mediation Information, nor may the Mediator have any involvement, in any capacity, in the potential litigation and/or any other litigation proceedings, or investigations that relate to or concern the Mediation Information.

14. The Mediator shall not be compelled, nor shall be permitted, to testify or disclose any information concerning the Mediation in any forum or proceeding except as provided in (a)-(d) in the preceding paragraph.

15. The Mediation shall be deemed to have commenced upon entry of this Order. The Mediator shall be immune from claims arising out of acts or omissions incident to the Mediator's service in the Mediation or in the Chapter 11 Cases.

16. Nothing contained herein shall be construed as a waiver of any Mediation Parties' or Additional Mediation Parties' rights, claims or defenses.

17. The limited relief set forth herein shall not be construed as an admission by any party of liability regarding any claim or cause of action arising from or in relation to the Mediation Topics or any other matter.

18. This Order shall not be modified, altered, amended, or vacated without the written consent of all Mediation Parties or by further order of the Court.

19. Good and sufficient notice of the relief provided for in this Order has been provided, and the requirements of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules are satisfied.

20. Notwithstanding the applicability of any Bankruptcy Rule to the contrary, the terms and provisions of this Order shall immediately be effective and enforceable upon the date of this Order (the "Effective Date").

21. Upon the Effective Date, the Mediation Parties are authorized to take all actions necessary to effectuate the relief provided in this Order.

Case 22-11068-JTD    Doc 2212-2    Filed 08/18/23    Page 9 of 9

22. This Order shall be binding on and inure to the benefit of the Mediation Parties and any Additional Mediation Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

23. The Court shall retain jurisdiction to resolve any and all disputes related to this Order.
8