**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| | ) |
| | )    Chapter 11 |
| In re: | ) |
| | )    Case No. 22-11068 (JTD) |
| | ) |
| FTX TRADING LTD., et al.,[1] | )    (Jointly Administered) |
| | ) |
| | ) |
| Debtors. | ) |
| | )    **Hearing Date: N/A** |
| | )    **Objection Deadline: N/A** |

**MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE AND SCHEDULING**
**AN EXPEDITED HEARING ON THE EMERGENCY MOTION OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER**
**COMPELLING MEDIATION OF CHAPTER 11 PLAN AND OTHER CASE ISSUES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-

possession (the "Debtors"), by and through its undersigned counsel, having contemporaneously

filed the *Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an*

*Order Compelling Mediation of Chapter 11 Plan and Other Case Issues* (the "Mediation Motion"),[2]

hereby submit this motion (this "Motion to Shorten"), pursuant to section 105(a) of title 11 of the

United States Code §§ 101-1532 (the "Bankruptcy Code"), Rule 9006(c) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Mediation Motion.

Delaware (the "Local Rules"), requesting that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) shortening the time for notice of the hearing to consider approval of the Mediation Motion so that it may be heard on an expedited basis (the "Expedited Hearing"); and (ii) setting a deadline of 12:00 p.m. (ET) two business days prior to the Expedited Hearing (the "Objection Deadline") for objections or responses to the relief requested in the Mediation Motion.   In support of this Motion to Shorten, the Committee respectfully states as follows:

**Basis for Relief**

1.       Local Rule 9006-1(c) provides that unless the Bankruptcy Rules provide otherwise, all motion papers shall be filed at least 14 days prior to the hearing date.   Del. Bankr. L.R. 9006-1(c).   However, pursuant to Local Rule 9006-1(e), a motion may be scheduled on shortened notice upon written motion "specifying the exigencies justifying shortened notice."   Del. Bankr. L.R. 9006-1(e).   Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced."   Fed. R. Bankr. P. 9006(c)(1).   In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonness of motions to shorten "[g]iven the accelerated time frame of bankruptcy proceedings").

2.       Under the current circumstances of the Chapter 11 Cases, there is sufficient cause justifying shortened notice so that the Mediation Motion may be heard on an expedited basis.   As more fully set forth in the Mediation Motion, the administration of the Chapter 11 Cases is extraordinarily expensive and the only way to reduce the impact of the administrative burn rate on creditor recoveries is to expedite the Debtors' exit from chapter 11 and to avoid costly and time-

consuming litigation. Accomplishing these goals requires true collaboration between the Committee and the Debtors, but, as is evident from the Committee Statement and the Debtors' Response, the relationship between the parties is fractured, and the Chapter 11 Cases now sit at a costly precipice.

3.     After the Debtors filed the Debtors' Response on August 9, 2023, the Committee, on August 14, 2023, approached the Debtors asking them to agree to mediate the few, but critical Mediation Topics. On the evening of August 17, 2023, the Debtors responded to the Committee's request and did not agree to commence mediation in the short-term but, instead, proposed to schedule meetings with the Committee and other stakeholders in mid-September only then followed by mediation to begin in October. The assistance of a mediator as soon as possible is necessary to limit the administrative burn that is adversely impacting creditor recoveries. As a result, the Committee has filed the Mediation Motion and requests that the Court schedule an expedited hearing to consider the Mediation Motion.

4.     Simply put, time is of the essence with respect to relief requested in the Mediation Motion. Delaying consideration of the Mediation Motion until the next omnibus hearing on September 13, 2023 will simply further erode creditor recoveries as there is nothing that will change substantively (other than the Debtors' likely request to extend the exclusivity periods) in these Chapter 11 Cases that necessitates waiting to October to commence mediation.

5.     To compensate for the reduced notice period, the Committee will serve the Mediation Motion by email and overnight delivery on the following parties: (a) the Office of the United States Trustee (the "U.S. Trustee"); (b) counsel to the Debtors; (c) counsel to the Ad Hoc Committee of Non-U.S. Customers of FTX.com; (d) counsel to Plaintiffs Austin Onusz, Cedric Kees van Putten, Nicholas J. Marshall and Hamad Dar, in Adversary Proceeding No. 22-50513

(Bankr. D. Del.); and (e) to the extent not listed herein, those parties requesting notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the filing of this Motion to Shorten.

6.      Based on the foregoing, the Committee submits that (a) cause exists to justify consideration of the Mediation Motion on an expedited basis; and (b) notice to the parties identified in the preceding paragraph will be adequate and sufficient given the exigent circumstances.   Accordingly, the Committee requests that the Mediation Motion be heard on shortened notice, with objections due by the proposed Objection Deadline.

7.      In accordance with Local Rule 9006-1(e), prior to filing this Motion to Shorten, the Committee's undersigned counsel notified counsel to the Debtors and the U.S. Trustee of the relief requested herein.  Counsel to the Debtors does not oppose the relief requested herein provided that the Debtors have a period of no less than five (5) business days to respond to the relief requested in the Mediation Motion.  The U.S. Trustee has advised that it does not object to the relief sought herein.

WHEREFORE, the Committee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

*Remainder of page intentionally left blank*

Dated: August 18, 2023
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert F. Poppiti, Jr.*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
      rpoppiti@ycst.com

-and-

PAUL HASTINGS LLP
Kristopher M. Hansen*
Kenneth Pasquale*
Erez Gilad*
Gabriel E. Sasson*
Isaac S. Sasson*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
      kenpasquale@paulhastings.com
      erezgilad@paulhastings.com
      gabesasson@paulhastings.com
      isaacsasson@paulhastings.com

*Admitted pro hac vice*

*Counsel to the Official Committee of Unsecured Creditors*