IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. 2137 & 2189 |

## DEBTORS' REPLY IN SUPPORT OF SETTLEMENT PROCEDURES MOTION

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this reply (the "Reply") in support of the *Motion of Debtors for an Order Authorizing and Approving Procedures for Settling Certain Existing and Future Litigation Claims and Causes of Action* [D.I. 2137] (the "Motion")[2] and in response to the single objection to the Motion [D.I. 2189] (the "Objection") filed by the United States Trustee for Regions Three and Nine (the "U.S. Trustee"). The Objection should be overruled and the Motion should be granted. In support of the Reply and the Motion, the Debtors submit the *Declaration of Edward W. Mosley II In Support of Motion of Debtors for an Order Authorizing and Approving Settling Certain Existing and Future Litigation Claims and Causes of Action* (the "Mosley Declaration"), a copy of which is attached hereto as Exhibit A. In support of this Reply, the Debtors respectfully state as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{1368.002-W0072080.}

**Reply**

1. The establishment of omnibus settlement procedures in complex cases is routine, appropriate, and authorized. Indeed, contrary to the suggestion of the U.S. Trustee, courts often permit the settlement of claims by category, and authorize relief similar to that sought by the Debtors here. The Debtors submit that the proposed Settlement Procedures would allow for quick, efficient, and cost-effective resolutions of large volumes of Small Estate Claims. These streamlined settlements would maximize recovery for all creditors in these Chapter 11 Cases, and minimize the burden placed on the Court in resolving potentially thousands of individual Bankruptcy Rule 9019 motions.

2. The U.S. Trustee—the sole objector to the Motion—seeks to inject itself into a routine settlement process that is already adequately safeguarded by *two* different creditor committees. The UCC and the AHC have both provided input into and are supportive of the proposed Settlement Procedures. Unlike similar procedures, those proposed by the Debtors provide for notice to the Noticed Parties of every settlement, no matter how small.

3. Nonetheless, in an effort to address the issues raised in the Objection, the Debtors have revised the Settlement Procedures. Specifically, the Debtors propose (i) reducing the maximum Settled Value for claims covered by the procedures to US$7,000,000, (ii) including the U.S. Trustee as a third Noticed Party, (iii) limiting the claims to which the procedures apply; and (iv) filing monthly reports of executed settlements. These changes are reflected in a revised proposed Order, substantially in the form attached hereto as Exhibit B (the "Revised Order"), with a redline comparison to the proposed Order filed with the Motion attached hereto as Exhibit C.

4. Accordingly, the Debtors submit that the Objection should be overruled and the Motion granted.

## The Revised Settlement Procedures

5. The Debtors' proposed Revised Settlement Procedures are set forth below. For the Court's convenience, additions are underlined and deletions are stricken.

(a) The Debtors are authorized to settle any Small Estate Claim pursuant to the Settlement Procedures **set forth in paragraphs 2(b)-2(d) below** for such consideration as the Debtors determine appropriate in their business judgment, including without limitation cash, property or the reduction of claims against the Debtors.

(b) The Debtors are authorized to settle any Small Estate Claims in their business judgment where the Settled Value of such Small Estate Claim is less than or equal to ~~US$10,000,000~~ **US$7,000,000**, provided that:

(i) Before entering into any such settlement, the Debtors shall provide written notice by email of such proposed settlement, on a confidential basis, to counsel to **(x)** the UCC, Paul Hastings LLP, Attn: Kenneth Pasquale and Jack Iaffaldano, and Young Conaway Stargatt & Taylor, LLP, Attn: Matthew B. Lunn and Robert F. Poppiti, Jr.; ~~and~~ **(y)** counsel to the AHC, Eversheds Sutherland (US) LLP, Attn: Erin Broderick; **and (z) the United States Trustee for the District of Delaware, Attn: Juliet Sarkessian (collectively**, the "Noticed Parties"). The Noticed Parties shall have until 12:00 p.m., prevailing Eastern Time, five business days after service of the written notice (the "Objection Deadline") to object to the settlement by serving such objection in writing by email on counsel to the Debtors, Sullivan & Cromwell LLP, Attn: Brian Glueckstein. Objections to the settlement must state with specificity the basis for objecting. If no written objection from any Noticed Party is served by the Objection Deadline, the Debtors may, in their discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on the Debtors and their estates without notice to any third party or further action by this Court.

(ii) If any Noticed Party properly and timely objects to any settlement in writing by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (x) resolution of the objection by the parties in question or (y) further order of this Court after notice and a hearing.

(iii) All time periods set forth in these Settlement Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

(c) For any ~~Small Estate~~ Claim where the Settled Value is greater than ~~US$10,000,000~~ **US$7,000,000**, the Debtors shall seek Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019(a), or as otherwise provided under the Bankruptcy Code and Bankruptcy Rules.

(d) The Debtors shall determine the "Settled Value" of a Small Estate Claim settlement based on the fair market value of cash, property, claims or other consideration to be received by the Debtors to resolve such Small Estate Claim.

(e) These Settlement Procedures shall not apply to **(a)** any ~~postpetition~~ **post-petition** claims~~,~~ **of any kind; (b) prepetition and post-petition** claims against insiders~~,~~ **or other Debtor or non-Debtor** affiliates~~, or professionals of the Debtors, or~~**; (c) prepetition or post-petition claims** against professionals retained by the Debtors **at any time**.

(f) For the avoidance of doubt, the Debtors are authorized to release claims against creditors or third parties from avoidance claims by the Debtors, provided that the Debtors otherwise comply with the Settlement Procedures.

(g) **During these Chapter 11 Cases, the Debtors shall file, and serve on the Noticed Parties and all parties that have requested notice pursuant to Bankruptcy Rule 2002, a written report within 10 days after each calendar month identifying the names of settling counterparties and the Settled Value for each settlement consummated during the prior month pursuant to the Settlement Procedures (to the extent any such settlements of Small Estate Claims were consummated in the relevant month). The Debtors' reporting obligations pursuant to this paragraph shall terminate upon the effective date of a confirmed plan of reorganization.**

## I. Broad Settlement Procedures are Both Authorized and Appropriate Given the Unique Facts of these Cases

6. The Debtors require omnibus settlement procedures to cover the myriad potential claims of the Debtors, both current and prospective. The Debtors, the UCC, and the AHC all believe that the approval of the Revised Settlement Procedures will minimize expensive

adversary litigation, provide uniformity in the administration of the Debtors' estates, maximize recovery for creditors, and decrease the burden on the Court in approving seriatim settlements for claims seeking similar relief.

7.  As the Court and the U.S. Trustee are aware, the Debtors and their advisors have undertaken tireless work to conduct a strategic review of potential claims of the Debtors' estates. (Motion at ¶ 2.) To date, the Debtors have identified and evaluated potential claims involving dozens of real estate purchases, over five hundred speculative venture investments, and thousands of political and "charitable" donations. (Mosely Decl. ¶ 5.) These numbers pale in comparison to the many thousands of potential preference claims that the Debtors need to consider and address in these Chapter 11 Cases. (*Id.* ¶ 6.) Because of the staggering number of potential claims—which also risk clogging the Court's docket—the need for procedures to promptly and efficiently resolve the Small Estate Claims are of paramount importance to the orderly administration of the Debtors' estates. (*Id.* ¶ 8.)

8.  As the Debtors described in the Motion, Bankruptcy Rule 9019(b) authorizes omnibus settlement procedures involving numerous and varied litigation claims like those here. Motion at ¶ 17. Specifically, Bankruptcy Rule 9019(b) provides that "[a]fter a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes *without further hearing or notice*." Fed. R. Bankr. P. 9019(b) (emphasis added). As set forth in the Advisory Committee Note to the original enactment of Bankruptcy Rule 9019, subdivision (b) "permits the court to deal efficiently with a case in which there may be a large number of settlements." Fed. R. Bankr. P. 9019 Advisory Committee Note (1983); *see also* 10 *Collier on Bankruptcy* ¶ 9019.03 (Lawrence P. King et al. eds., 16th ed.) (Rule 9019(b)

authorizes settlement procedures where "a trustee will file a large number of complaints against many individual defendants").

9. In asserting that settlement procedures like those proposed by the Debtors are rare and beyond this Court's authority to endorse, the U.S. Trustee erroneously focuses on Bankruptcy Rule 9019(a), rather than 9019(b). Courts in this District and in other jurisdictions routinely approve omnibus settlement procedures pursuant to Bankruptcy Rule 9019(b). *In re Southern Foods Group, LLC, et al.*, Case No. 19-36313 (DRJ) (Bankr. S.D. Tex. Aug. 31, 2020) (approving settlement procedures pursuant to Bankruptcy Rule 9019(b) authorizing settlements up to $7,000,000 in value); *In re Westinghouse Electric Company LLC, et al.*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Nov. 15, 2017) (approving settlement procedures pursuant to Bankruptcy Rule 9019(b) authorizing settlements up to $5,000,000 in value); *In re Cumulus Media Inc., et al.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Apr. 10, 2018) (approving settlement procedures pursuant to Bankruptcy Rule 9019(b)); *In re Aralez Pharmaceuticals US Inc., et al.*, Case No. 18-12425 (MG) (Bankr. S.D.N.Y. Feb. 14, 2019) (same); *In re Building Materials Holding Corp., et al.*, Case No. 09-12704 (KJC) (Bankr. D. Del. June 6, 2009) (same); *see also In re Fresh & Easy, LLC*, Case No. 15-12220 (BLS) (Bankr. D. Del. Oct. 25, 2016); *In re J & M Sales, Inc., et al.*, Case No. 18-11801 (Bankr. D. Del. Sept. 13, 2019); *In re CR Holding Liquidating, Inc., et al.*, Case No. 19-10210 (LSS) (Bankr. D. Del. Aug. 8, 2019); *In re FTD Companies, Inc., et al.*, Case No. 19-11240 (LSS) (Bankr. D. Del. Sept. 16, 2019).

10. The Objection's suggestion that *no* settlement procedures would be appropriate for the Small Estate Claims in these cases is plainly incorrect. (Objection at 10.) Indeed, the Revised Settlement Procedures are in line with those approved by other courts in this District and in other jurisdictions. For example, the $7,000,000 revised Settled Value cap is identical to the cap approved in *In re Southern Foods Group, LLC*, Case No. 19-36313 (DRJ)

(Bankr. S.D. Tex. Aug. 31, 2020). Other courts have approved large settled value caps in large cases where appropriate. *See In re FTD Companies, Inc., et al.*, Case No. 19-11240 (LSS) (Bankr. D. Del. Sept. 16, 2019) (approving settlement procedures authorizing up to $5,000,000 in value); *In re Westinghouse Electric Company LLC, et al.*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Nov. 15, 2017) (approving settlement procedures authorizing up to $5,000,000 in value).

11. Further, unlike other settlement procedures approved in this District, the Settlement Procedures do not provide for the settlement of any claims by the Debtors without any notice and opportunity to review by stakeholders, and expressly require UCC and AHC (and now U.S. Trustee) approval before proceeding.[3] The U.S. Trustee-appointed UCC and the AHC, who both share an interest in preventing hyperbolic examples of settlements worth "only one-tenth of one-percent of the value of [a] claim," (Obj. at ¶ 30), are more than sufficient watchdogs to oversee the Debtors' efforts to efficiently resolve claims for the benefit of their constituents and other creditors.

12. The Objection also completely ignores that Bankruptcy Rule 2002(a)(3), which expressly grants the Court discretion to waive any notice of "hearing on approval of a compromise or settlement of a controversy." Such waiver as to creditors at large is appropriate here where the Debtors' have a multitude of creditors, and the cost of preparing, serving, and prosecuting individual settlement motions is unnecessary and unduly burdensome to the Debtors' estates. (Mosley Decl. ¶¶ 8-9.)

---

[3] The Debtors have agreed in the Revised Settlement Procedures to include the U.S. Trustee as a third Notice Party, notwithstanding that many courts have approved settlement procedures without the U.S. Trustee being a Notice Party. *See*, e.g., *In re CR Holding Liquidating, et al.*, Case No. 19-10210 (LSS) (Bankr. D. Del. Aug. 28, 2019) (approving settlement procedures without notice to U.S. Trustee); *In re Cumulus Media Inc., et al.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. April 10, 2018) (same); *In re Aralez Pharmaceuticals US Inc., et al.*, Case No. 18-12425 (MG) (Bankr. S.D.N.Y. February 14, 2019) (same).

13. Finally, the Debtors have committed in the Revised Settlement Procedures to filing monthly reports disclosing consummated settlements in order to provide still more transparency into these routine settlements. The Debtors have also provided further clarifying language to address the U.S. Trustee's concern that the Motion does not explain the claims of the Debtors to which the settlement procedures apply. (Obj. at 5-7, 10.) The Revised Settlement Procedures expressly carve out any post-petition claims of any kind, pre- and post-petition claims against insiders or other Debtor or non-Debtor affiliates, and claims against Debtor-retained professionals at any time.

14. The U.S. Trustee's concern that the Settlement Procedures do not explain how claims will be valued is misguided. Like other settlement procedures approved in this District and other jurisdictions, the Debtors' proposal that the Small Estate Claims be valued based on the result of arms-length negotiation between parties is routinely endorsed. *See, e.g.*, *In re Building Materials Holding Corp., et al.*, Case No. 09-12704 (KJC) (Bankr. D. Del. June 6, 2009) (approving settlement procedures for settlements less than $1,000,000 based on "the value of the performance agreed to by the Debtors and the Settling Party"); *In re Flying J Inc. et al.*, Case No. 08-13384 (MFW) (Bankr. D. Del. Mar. 6, 2009) (same); *In re Trump Entertainment Resorts, Inc., et al.*, Case No. 14-12103 (LSS) (Bankr. D. Del. Nov. 4, 2014) (approving settlements based on "the value of the performance agreed to by the Debtors and the Settling Party").

15. The Objection likewise misconstrues the role of the Debtors and the Court in evaluating proposed settlement procedures. (Obj. at 8-9.) It is well accepted that settlement procedures authorized pursuant to Bankruptcy Rule 9019(b) may include prospective and unasserted litigation claims, and that Courts may nonetheless determine the reasonableness of procedures governing the settlements of such claims. Accordingly, Courts routinely authorize

settlement procedures that include both existing and future claims. *See In re Building Materials Holding Corp., et al.*, Case No. 09-12704 (KJC) (Bankr. D. Del. June 6, 2009) (approving settlement procedures for disputes "threatened or brought by or against various individuals and entities"); *In re Flying J Inc. et al.*, Case No. 08-13384 (MFW) (Bankr. D. Del. Mar. 6, 2009) (authorizing the settlement of claims both by and against the debtors "where such claims are filed, or threatened to be filed").

**II.  The Revised Settlement Procedures Should Be Approved to Facilitate Efficient Resolution of Litigation Claims**

16.  The Debtors take seriously their fiduciary duties to maximize the ultimate recovery for their creditors. While the Settlement Procedures are entirely appropriate given the complex and unique facts presented by these Chapter 11 Cases, the Debtors believe that the Revised Settlement Procedures address the concerns expressed by the U.S. Trustee.

17.  Compromises and settlements are "favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). The Court does not "have to be convinced that the settlement is the best possible compromise," but rather that it is "within the reasonable range of litigation possibilities." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Here, the Debtors will be able to more efficiently negotiate and settle smaller claims with reduced cost, thus maximizing the value of their estates, with the important tool of the Revised Settlement Procedures. (Mosley Decl. ¶ 8.) For the reasons discussed herein, the Revised Settlement Procedures are clearly beneficial to the Debtors' estates, and will assist the Debtors in their efforts to confirm and consummate a Chapter 11 plan and distribute maximum value to their stakeholders. (*Id.* ¶¶ 7-8.)

**Conclusion**

For the reasons stated above, the Court should overrule the Objection, grant the Motion, and enter the Order substantially in the form attached hereto as Exhibit B.

settlement procedures that include both existing and future claims. *See In re Building Materials Holding Corp., et al.*, Case No. 09-12704 (KJC) (Bankr. D. Del. June 6, 2009) (approving settlement procedures for disputes "threatened or brought by or against various individuals and entities"); *In re Flying J Inc. et al.*, Case No. 08-13384 (MFW) (Bankr. D. Del. Mar. 6, 2009) (authorizing the settlement of claims both by and against the debtors "where such claims are filed, or threatened to be filed").

**II.  The Revised Settlement Procedures Should Be Approved to Facilitate Efficient Resolution of Litigation Claims**

16.  The Debtors take seriously their fiduciary duties to maximize the ultimate recovery for their creditors. While the Settlement Procedures are entirely appropriate given the complex and unique facts presented by these Chapter 11 Cases, the Debtors believe that the Revised Settlement Procedures address the concerns expressed by the U.S. Trustee.

17.  Compromises and settlements are "favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). The Court does not "have to be convinced that the settlement is the best possible compromise," but rather that it is "within the reasonable range of litigation possibilities." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Here, the Debtors will be able to more efficiently negotiate and settle smaller claims with reduced cost, thus maximizing the value of their estates, with the important tool of the Revised Settlement Procedures. (Mosley Decl. ¶ 8.) For the reasons discussed herein, the Revised Settlement Procedures are clearly beneficial to the Debtors' estates, and will assist the Debtors in their efforts to confirm and consummate a Chapter 11 plan and distribute maximum value to their stakeholders. (*Id.* ¶¶ 7-8.)

## Conclusion

For the reasons stated above, the Court should overrule the Objection, grant the Motion, and enter the Order substantially in the form attached hereto as Exhibit B.

| | |
|---|---|
| Dated: August 20, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>            mcguire@lrclaw.com<br>            brown@lrclaw.com<br>            pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>            bromleyj@sullcrom.com<br>            gluecksteinb@sullcrom.com<br>            kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |