**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 2212 & 2213 |

**DEBTORS' LIMITED OBJECTION TO MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING ON THE EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER COMPELLING MEDIATION OF CHAPTER 11 PLAN AND OTHER CASE ISSUES**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby file this limited objection (the "Objection") to the *Motion for Entry of an Order Shortening Notice and Scheduling An Expedited Hearing on the Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order Compelling Mediation of Chapter 11 Plan and Other Case Issues* [D.I. 2213] (the "Motion to Shorten") filed by the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") with respect to the *Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order Compelling Mediation of Chapter 11 Plan and Other Case Issues* [D.I. 2212] (the "Mediation Motion").[2] In support of their Objection, the Debtors respectfully state as follows:

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion to Shorten or Mediation Motion, as applicable.

**Limited Objection**

1. There is no "emergency" presented by the Committee's Mediation Motion, and thus the Debtors see no reason why the Mediation Motion must be heard prior to the September 13, 2023 omnibus hearing. In fact, the Debtors have scheduled multi-day in-person meetings with stakeholders in early September and expect to provide the Court a further update on the status of plan negotiations and mediation process at the September 13 hearing. The Debtors are very pleased with the level of stakeholder engagement and the prospect for constructive discussions in September.

2. The limited disagreement between the Debtors and the Committee is whether plan mediation should commence immediately or after the parties—including other economic stakeholders who have been organizing and getting up to speed—have a meaningful opportunity to identify, negotiate, and attempt to resolve (or at least narrow) open issues such that mediation will be both effective and efficient.

3. The Motion to Shorten offers no exigent circumstances that justify shortening notice pursuant to Bankruptcy Rule 9006(c)(1) and Del. Bankr. L.R. 9006-1(e). Rather than specifying any exigent circumstances, the Committee just states that "time is of the essence" and repeats the same reasoning it provides in the underlying Mediation Motion with respect to why mediation should, according to the Committee, occur sooner rather than after the table is set with other key stakeholders. (Mot. to Shorten ¶¶ 3-4.) But the Committee's conclusory statements neither identify nor constitute "exigent circumstances." Similarly, neither the Motion to Shorten nor the record in these Chapter 11 Cases otherwise provides any basis to expedite the Committee's Mediation Motion.

4. That said, the Debtors did inform counsel for the Committee that they would not object in the event the Court was inclined to hear the Mediation Motion on a date after the August 23, 2023 omnibus hearing but before the September 13, 2023 omnibus hearing as long as they are provided no less than five business days to file their response to the Mediation Motion. The Debtors nonetheless believe there is no cause shown for the Court to shorten notice.

5. As the Committee acknowledges in the Motion to Shorten, the Debtors have scheduled plan negotiations with the Committee and other key stakeholders to start in early September. In fact, the Debtors remain in discussions with the Committee and the Ad Hoc Committee of Non-U.S. Customers of FTX.com (the "Ad Hoc Committee"), counsel representing the class action plaintiffs (the "Class Plaintiffs")[3], and other stakeholders regarding the timeline and process for advancing and concluding plan negotiations.

6. As the Committee also acknowledges, the Debtors support and have agreed to mediate plan issues, if necessary. (Mediation Mot. ¶ 3.) The Debtors have in fact proposed to the Committee and other key stakeholders a phased plan mediation process that sequences matters based on the parties to the dispute, the importance of issues for plan formation, the opportunity to resolve consensually, and the relationship to other moving pieces in the case. Discussions regarding the Debtors' proposed mediation process are also ongoing. Instead of responding to the Debtors' proposal, the Committee filed its Mediation Motion and Motion to Shorten.

7. Indeed, it was the Debtors who proposed expanding the scope of Hon. Judith Fitzgerald (Ret.), who has already been appointed to mediate plan-related disputes among

---

[3] The Class Plaintiffs are the plaintiffs in the adversary proceeding captioned *Onusz, et al.* v. *West Realm Shires Inc.*, et al, Adv. Pro. 22-50513 (JTD).

the Debtors, the Committee, and the Joint Provisional Liquidators of FTX Digital Markets Ltd., given that she will be familiar with these chapter 11 cases and the Debtors' draft plan. (*Id.*) The "phase one" mediation with FTX Digital Markets JPLs is likely to occur in September. The *only* dispute between the Debtors and the Committee—which the Committee and its professionals apparently believe necessitated filing the Mediation Motion and requesting it be heard on shortened notice—is when and how to mediate other plan issues.

8. The Debtors have from the first day of these unprecedented chapter 11 cases attempted to expedite everything as much as possible. The Debtors' progress in these cases has been extraordinary. The Debtors understand and agree with the general desires expressed by the Committee to confirm a plan, reduce case expenses, and return value to creditors. But these chapter 11 cases are incredibly complex, and the number of issues presented vast. Indeed, on July 31, 2023, only nine months after the Petition Date, the Debtors filed the *Draft Plan of Reorganization* and accompanying *Term Sheet* [D.I. 2100] (together, the "Draft Plan") in accordance with the aspirational schedule the Debtors set out for the Court in April 2023.

9. The Committee and their professionals have been aware of the Debtors' proposed plan confirmation schedule since April 2023, and at least their professionals supported it until last week after the Debtors replied to the Committee's statement regarding the Debtors' Draft Plan. In their statement, the Committee described the Draft Plan as simply an "idea," but merely days later reversed course and describe the Draft Plan as having only a few open topics to mediate. (Mot. to Shorten ¶ 3.)

10. As the Debtors stated in the *Debtors' Response to the Statement of the Official Committee of Unsecured Creditors* [D.I. 2143] (the "Response"), meeting the milestone

of filing the Draft Plan was intended to facilitate further discussions and "to provide a transparent basis for negotiations among diverse stakeholders." (Response ¶ 1.) The Debtors' schedule always contemplated time between filing the Draft Plan and the commencement of discussions to permit stakeholders—not only the Committee but other active stakeholders who represent other, distinct constituencies who organized later and have not had the level of access to the Debtors and information the Committee has—to consider the issues and prepare for plan negotiations.

11. The Committee may have now suddenly decided it wants to move even faster under the banner of reducing case expense to address the Committee's own issues with the Draft Plan, just as representatives of customers and creditors are organizing and coming around the table to identify and negotiate the open plan issues important to them. But there are numerous impediments to further expediting the plan confirmation schedule, including, among others, the occurrence of the customer bar date on September 29, 2023 and concluding the ongoing process to solicit interest and receive bids with respect to a sale or reorganization of the FTX.com exchange. The Committee has not made a single practical suggestion for a quicker timetable to get to a plan confirmation hearing, nor can it.

12. The Debtors' goal has always been, and continues to be, to maximize recoveries for all creditors and exit chapter 11 as quickly as possible. It benefits no one, however, to rush to litigate issues that may be resolved through good faith discussions, or to rush to mediate abstract undefined issues when the parties subject to the mediation are not prepared to proceed. By the Motion to Shorten and the Mediation Motion, the Committee seeks to do both. The Mediation Motion is seemingly a rush to fail. This will only increase, not decrease,

administrative expenses without aiding the shared goal of exiting chapter 11 as soon as practicable.

13. Despite the Committee's rhetoric, the members of the Committee are not the only stakeholders in these Chapter 11 Cases and plan negotiations are not a bilateral negotiation. While the Committee may "see no reason to wait" (Mediation Mot. ¶ 16) to mediate, other parties—including the Debtors, the Ad Hoc Committee and the Class Plaintiffs—do. The Committee argues that "[t]he Debtors certainly know exactly which parts of the plan the Committee takes issue with" (*Id.* ¶ 7), but the Debtors and the Committee should attempt to bridge the gap on those issues before rushing into mediation. Moreover, the Committee is not the only relevant party for purposes of plan negotiations or mediation. There is no benefit to the Debtors or their estates in proceeding with mediation when the positions of customer groups and other key stakeholders who would be participating are not yet fully formed and the issues requiring mediation are not yet defined.

14. The Debtors remain committed to discussing the proposed plan negotiation process with the Committee, customer groups, and other stakeholders between now and the hearing on the Mediation Motion. The Debtors hope that the Committee will do the same.

**Conclusion**

15. For the reasons stated herein, the Debtors respectfully submit there is no exigent circumstances requiring the shortening of notice for the Mediation Motion, but if the Court is inclined to hear it prior to the September 13, 2023 omnibus hearing the Debtors request they be provided with at least five business days to respond to the Mediation Motion.

| | |
|---|---|
| Dated: August 22, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |