# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. [•] |

**ORDER AUTHORIZING AND APPROVING (I) GUIDELINES FOR THE SALE OR TRANSFER OF CERTAIN DIGITAL ASSETS, (II) THE SALE OR TRANSFER OF SUCH DIGITAL ASSETS IN ACCORDANCE WITH SUCH GUIDELINES FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) THE DEBTORS' ENTRY INTO, AND PERFORMANCE UNDER, POSTPETITION HEDGING ARRANGEMENTS, INCLUDING GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS IN CONNECTION THEREWITH AND (IV) THE DEBTORS TO STAKE CERTAIN DIGITAL ASSETS**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing and approving (i) guidelines for the sale or transfer of certain Digital Assets, (ii) the sale or transfer of such Digital Assets in accordance with such guidelines free and clear of any liens, claims, interests and encumbrances, (iii) the Debtors' entry into, and performance under,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

postpetition hedging arrangements, including granting liens and superpriority administrative expense claims in connection therewith and (iv) the Debtors to stake certain Digital Assets; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     The Debtors are authorized, but not directed, to execute sales of and transactions in the Digital Assets, in their reasonable business judgment, in accordance with the following Management and Monetization Guidelines:

A.  **Investment Adviser Sales**.  With respect to Investment Adviser Sales:

(a) the Debtors shall negotiate an investment services agreement with an Investment Adviser and seek Court approval of entry into such agreement and performance of their obligations thereunder;

(b) the Debtors are authorized to consummate Investment Adviser Sales using the Court-approved Investment Adviser and are authorized to pay any applicable fees, commissions, expenses and other trading costs without further order of the Court;

(c) during each Calendar Week, the Debtors are authorized to sell Digital Assets with an aggregate market value not exceeding the Weekly Limit (as defined below) for such Calendar Week[3];

(d) the "Weekly Limit" shall be (i) $50 million for the week through Friday in which the Order is entered and (ii) $100 million for each subsequent Calendar Week, *provided* that the Debtors (i) may temporarily increase the Weekly Limit to $200 million for a period of one Calendar Week at a time with the prior approval of the Committee and the Ad Hoc Committee without further order of the Court and (ii) may permanently increase the Weekly Limit to $200 million by filing a notice with the Court of such proposed increase.  If the Committee or Ad Hoc Committee objects to the Debtors' request to permanently increase the Weekly Limit to $200 million, the following objection procedures shall apply:

   (i) the Committee or Ad Hoc Committee's objection must (A) be in writing and state with specificity the basis for objecting and (B) be filed with the Court within five business days after service of the Debtors' notice and served on the Debtors' Counsel; and

   (ii) if the Committee or Ad Hoc Committee files with the Court and serves on counsel to the Debtors a written objection to the request to increase the Weekly Limit, then such increase may only be executed upon withdrawal of such objection or further order of the Court.

(e) in the event that the Debtors determine, in their business judgment, to commence sales of Bitcoin, Ether, FTT or certain other insider-affiliated tokens, the Debtors shall provide ten business days' notice to the Committee and the Ad Hoc Committee.  If the Committee or Ad Hoc

---

[3] For the avoidance of doubt, for purposes of calculating the Weekly Limit the Debtors shall include all Digital Assets sold by the Debtors during the applicable time period, including Bitcoin and Ether.

{1368.002-W0072170.}  3

        Committee objects to the Debtors' commencement of such sales of these Digital Assets, the following objection procedures shall apply:

        (i)    the Committee or Ad Hoc Committee's objection must (A) be in writing and state with specificity the basis for objecting and (B) be filed with the Court within the notice period and served on the Debtors' Counsel; and

        (ii)    if the Committee or Ad Hoc Committee files with the Court and serves on counsel to the Debtors a written objection to the commencement of sales of any such Digital Assets, then such sales may only be executed upon withdrawal of such objection or further order of the Court.

(f)    any sales of Digital Assets in accordance with the Investment Adviser Sales shall be subject to the terms of such documentation as the Debtors may execute in connection with such transaction, which documentation may (but is not required to) include provisions that the buyers are taking the Digital Assets "as is" and "where is," without any representations or warranties from the Debtors as to the quality or fitness of such Digital Asset and shall be free and clear of all liens, claims, interests and encumbrances, with any such liens, claims, interests and encumbrances attaching only to the sale proceeds with the same validity, extent and priority as immediately prior to the sale.

B.    <u>Hedging Arrangements</u>.  With respect to the Hedging Arrangements:

(a)    the Debtors are authorized to enter into calls, puts, forward contracts or other hedging transactions with respect to underlying Eligible Hedging Digital Assets (as defined below) using the Court-approved Investment Adviser and are authorized to pay any applicable fees, commissions, expenses and other trading costs without further order of the Court; and

(b)    "<u>Eligible Hedging Digital Assets</u>" means (i) Bitcoin and Ether and (ii) with the prior approval of the Committee and the Ad Hoc Committee, any additional Digital Assets identified by the Debtors as Eligible Hedging Digital Assets; *provided* that the Debtors shall file a notice with the Court identifying such additional Eligible Hedging Digital Assets.

C.    <u>Staking Method</u>.  With respect to any staking of Digital Assets, the Debtors and the Investment Adviser are authorized to utilize staking options available through their qualified custodians using their respective private validators if the Debtors

    determine in the reasonable exercise of their business judgment that such activities are in the best interests of their estates.

  D. <u>General Provisions</u>.  With respect to any Digital Assets sold, staked or hedged in accordance with the Management and Monetization Guidelines:

   (a) periodically, but on no less than a monthly basis, general post-trade information will be made available to the Consulting Professionals, the Committee and the Ad Hoc Committee;

   (b) the Debtors will conduct weekly status calls with the Investment Adviser and the Consulting Professionals for the first six weeks following the first completed transaction under the Management and Monetization Program, followed by monthly status calls thereafter; and

   (c) solely with the consent of the Committee and the Ad Hoc Committee, the Debtors may at any time, without further order of the Court, re-designate which Digital Assets may be sold, staked or hedged in accordance with the Management and Monetization Guidelines.

  3. The Debtors' reporting obligations with respect to the Management and Monetization Guidelines shall terminate following the effectiveness of a chapter 11 plan.

  4. The requirements set forth in Bankruptcy Rules 2002 and 6004 and Local Rules 2002-1 and 6004-1 are satisfied by the Motion, and the Debtors need not provide any further notice prior to implementing any Digital Asset transaction in accordance with the Management and Monetization Guidelines.

  5. The Management and Monetization Guidelines shall not apply to any sale of Digital Assets to an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

  6. The absence of a timely objection to the Motion and the terms of this Order shall constitute "consent" to such sale or transfer free and clear of Liens and Claims within

{1368.002-W0072170.}     5

the meaning of section 363(f)(2) by any party asserting liens, claims, encumbrances against, and other interests in, any Digital Assets.

7. Pursuant to section 363(f) of the Bankruptcy Code, any sale of Digital Assets in accordance with this Order shall be free and clear of any liens, claims, encumbrances and interests, with any such liens, claims, encumbrances and interests to attach to the proceeds of such sale with the same validity, priority, force and effect as such liens, claims, encumbrances and interests had on the sold assets immediately prior to the sale, subject to the rights, claims, defenses and obligations, if any, of the Debtors and all interested parties with respect to any such asserted liens, claims, encumbrances and interests.

8. Pursuant to section 363 of the Bankruptcy Code, the Debtors are authorized to stake certain of their Digital Assets.

9. Pursuant to section 364(c)(2) of the Bankruptcy Code, the Debtors are authorized to grant superpriority administrative expense claims and provide other Credit Support under the Hedging Arrangements; provided, however, that any superpriority administrative expense claims granted to a hedging counterparty shall be subordinate, and junior, to any postpetition intercompany claims pursuant to the *Final Order (I) Authorizing the Debtors to (A) Operate a Postpetition Cash Management System, (B) Maintain Existing Business Forms and (C) Perform Intercompany Transactions, (II) Granting A Partial Waiver of the Deposit Guidelines Set Forth In Section 345(b) and (III) Granting Related Relief* [D.I. 488].

10. Notwithstanding anything to the contrary in the Motion or this Order, nothing in the Motion or this Order constitutes a finding under the federal securities laws as to whether digital assets or transactions involving digital assets are securities, and the right of the

United States Securities and Exchange Commission to challenge transactions involving digital assets on any basis are expressly reserved.

11.  The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

12.  This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

13.  The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

14.  This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____, 2023
Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge