...
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 22-11068 (JTD) |
| FTX TRADING LTD., et al.,[1] | (Jointly Administered) |
| Debtors. |  |

## DECLARATION OF OLIVER RONNY BASTIENNE REGARDING ACM ASSOCIATES'S DISINTERESTEDNESS AS A SUBCONTRACTOR OF ERNST & YOUNG LLP IN THESE CHAPTER 11 PROCEEDINGS

I, Oliver Bastienne, hereby declare pursuant to Rule 2014 (a) of the Bankruptcy Rules as follows:[2]

1. I am a Partner of ACM Associates that is a registered audit and accounting firm in the Republic of Seychelles.

2. On January 17, 2023, the Court entered its Order Authorizing the Retention and Employment of EY LLP as Tax Services Provider *Nunc Pro Tunc* to November 28, 2022 [Docket No. 505] (the "Order").

3. EY LLP has subcontracted with ACM Associates to assist in providing certain services to the Debtors in these chapter 11 proceedings. I provide this Declaration on behalf of ACM Associates as required by paragraph 8 of the Order.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Declaration of Thomas M. Shea in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Ernst & Young LLP as Its Tax Services Provider, *Nunc Pro Tunc* to November 28, 2022 [Docket No. 500] (the "Shea Declaration") and the Supplemental Declaration of Thomas M. Shea in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Ernst & Young LLP as Its Tax Services Provider, *Nunc Pro Tunc* to November 28, 2022 [Docket No. 499] (the "Supplemental Shea Declaration").

4. The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees of ACM Associates.

5. ACM Associates understands that EY LLP will bill ACM Associates' fees and expenses to the Debtors at cost and include ACM Associates' fees and expenses in EY LLP's fee applications in these cases.

6. On or about May 24, 2023, EY LLP shared with ACM the Parties in Interest list that I understand EY LLP previously reviewed in connection with *Debtors' Application for an Order Authorizing the Retention and Employment of Ernst & Young LLP as Tax Services Provider Nunc Pro Tunc to November 28, 2022* [Docket No. 284]. ACM conducted a search on ACM's client database to determine whether a client engagement has been initiated with the Parties in Interest in the database during the last three years by ACM Associates. Additionally, on or about August 11, 2023 ACM Associates personnel each reviewed the results of that search to determine whether services were provided or are currently being provided to clients that relate to the Debtor or their affiliates.

7. To the best of my knowledge, information and belief, the only Parties in Interest for which a client engagement has been initiated during the last three years by ACM Associates are EY LLP and Crypto.com. To the best of my knowledge, information and belief, other than the subcontracting engagement with EY LLP in these chapter 11 cases, none of the services rendered to Parties in Interest by ACM Associates have been in connection with the Debtors or these chapter 11 cases.

8. ACM Associates may perform services for clients that relate to the Debtors merely because such clients may be creditors or counterparties to transactions with the Debtors and whose assets and liabilities may thus be affected by the Debtors' status. The disclosures set forth herein do not include specific identification of such services

9. ACM Associates may appear in cases, proceedings and transactions involving many different attorneys, financial advisors and creditors, some of which may represent or be parties involved in these Chapter 11 cases.

10. ACM Associates may currently be a party or participant in certain litigation matters involving Parties in Interest, which matters are unrelated to the Debtors or these Chapter 11 cases.

11. ACM Associates does not directly hold any debt or equity securities of the Debtors. In addition, none of the ACM Associates professionals who are currently on the engagement team that is providing Services to the Debtors directly hold any securities in the Debtors, but those engagement team members may hold interests in mutual funds or other investment vehicles that may own securities of the Debtors.

12. ACM Associates has approximately 40 professional employees. It is possible that employees of ACM Associates who are not currently on the engagement team that is providing Services to the Debtors may directly or indirectly hold securities of the Debtors or interests in mutual funds or other investment vehicles that may own securities of the Debtors. Additionally, ACM Associates partners and professionals, whether or not on the engagement team that is providing services to the Debtors, may have economic interests in or business associations with Parties in Interest.

13. To the best of my knowledge, information and belief, neither the undersigned nor the ACM Associates professionals expected to assist the Debtors in these matters are connected to the Bankruptcy Judges in this District, the United States Trustee for the region in which these Chapter 11 cases are pending, or any person employed in the Office of the United States Trustee in the city in which these Chapter 11 cases are pending as identified in the PIIL. Moreover, to the best of my knowledge, information and belief, ACM Associates' subcontracting with EY LLP is not prohibited by Bankruptcy Rule 5002.

To the best of my knowledge, information and belief, ACM Associates (a) does not hold or represent an interest adverse to the Debtors' estates, and (b) is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as required under section 327(a) of the Bankruptcy Code.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 25th 2023

**OLIVER BASTIENNE**
**ACM ASSOCIATES**