# SCHEDULE A

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO WELLS FARGO BANK, N.A.

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, FTX Trading Ltd., its affiliated debtors and debtors-in-possession, and the Official Committee of Unsecured Creditors (collectively, the "Movants") hereby serve the following requests for production of documents or categories of documents (the "Requests") to Wells Fargo Bank, N.A. (together with its subsidiaries and affiliates, "Wells Fargo"), to be produced to the Movants in accordance with the Definitions and Instructions below.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the Definitions set forth below.

1. "**Account**" shall mean any arrangement between You and any of Your customers where You hold funds or other assets on behalf of that customer.

2. "**Chapter 11 Cases**" shall mean the jointly administered bankruptcy cases styled as *In re FTX Trading Ltd.*, *et al.*, Case No. 22-11068 (JTD) (Bankr. D. Del.).

3. "**Communication**" shall mean the transmission of facts, ideas, thoughts, opinions, data, inquiries, or information, whether orally or in writing or by any other means or medium, Including correspondence, memoranda, reports, presentations, interviews, face-to-face conversations, telephone conversations, text messages, instant messages (Including messages sent using Slack, Teams, Discord, WhatsApp, Signal, or other similar applications), voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, e-mail, and postings of any type. A Request for Documents Concerning any Communication among or between specified parties includes a Request for any Communication among or between such parties, whether or not such Communication included or was directed to any other Person.

4. "**Concerning**" shall be understood in its broadest sense and shall mean concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, recording, including, negating, manifesting, containing, or comprising the subject matter identified.

5. "**Debtors**" shall refer, collectively or individually, to FTX Trading Ltd. and affiliated debtors and debtors-in-possession,[2] which filed voluntary chapter 11 petitions under the Bankruptcy Code commencing the Chapter 11 Cases.

6. "**Document**" shall have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure, made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include all originals (both sides thereof), copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand, as well as all materials underlying, supporting, or used in the preparation of such a Document: letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, notes, financial or statistical statements or compilations, contracts, agreements, analyses, pictures, films, plans, tape recordings, videotapes, disks, diskettes, websites, e-mail and other electronically transmitted messages, text messages, chat or communicator transmissions, voicemail messages, online chat or instant messages (e.g., Slack, Teams, Discord, WhatsApp, or Signal messages),

---

[2] A complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

interoffice Communications, and any other writings, papers, or tangible things of any kind. The term "Document" further includes e-mail and electronic communication whether stored on a personal computer, network computer system, backup computer tape and/or disk, or some other storage mechanism.  The term "Document" also includes all Electronically Stored Information.

7. **"Electronically Stored Information"** or **"ESI"** shall have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure, made applicable by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include all computer or electronically stored or generated data and information, Including all attachments to and enclosures with any requested item, and all drafts thereof.  "Electronically Stored Information" or "ESI" includes information stored in any format and on any storage media, Including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. "Electronically Stored Information" or "ESI" further includes: word-processing Documents; electronic spreadsheets; electronic presentation Documents; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database.  "Electronically Stored Information" or "ESI" also includes all associated metadata that is maintained or saved (e.g., author, recipient, file creation date, file modification date, et cetera).

8. **"FTX Group"** shall refer, collectively or individually, to the Debtors and to all affiliates of the Debtors, Including those that have not filed voluntary chapter 11 petitions in the United States under the Bankruptcy Code, and any parents, subsidiaries, affiliates, predecessors, successors, assigns, members, principals, partners, directors, officers, employees, agents, representatives, consultants, attorneys, or Persons acting or purporting to act on their behalf.  For the avoidance of doubt, "FTX Group" shall include Blockfolio, Inc., Digital Custody Inc., Clifton

Bay Investments LLC, Hilltop Technology Services LLC, Good Luck Games, LLC, and FTX Vault Trust Co.

9. "**Including**" shall mean "including, but not limited to" and "including, without limitation." It shall not be construed to limit the scope of any Definition or Request herein.

10. "**Insiders**" shall mean, collectively or individually, Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh, Caroline Ellison, Zhe "Constance" Wang, Ryan Salame, Barbara Fried, Joseph Bankman, and Gabriel Bankman-Fried, their agents, and any of their spouses or partners, parents, grandparents, siblings, aunts and uncles, nieces and nephews, or first cousins.

11. "**Person**" shall mean natural persons, proprietorships, corporations, companies, partnerships, trusts, joint ventures, groups, associations, organizations, and all other form of organization or entity, Including governmental bodies and agencies. "Person" shall include that Person and (a) that Person's directors, officers, employees, agents, and representatives; (b) that Person's attorneys, accountants, and advisors (Including investment bankers and public relations or other media consultants); (c) any professional employed or retained by that Person; and (d) all other Persons acting or purporting to act on that Person's behalf.

12. "**Petition Date**" shall mean November 14, 2022 as to West Realm Shires Inc., and November 11, 2022, as to all other Debtors.

13. "**You**," "**Your**," or "**Wells Fargo**" shall refer to Wells Fargo Bank, N.A., as well as any parents, subsidiaries, affiliates, predecessors, successors, assigns, members, principals, partners, directors, officers, employees, agents, representatives, consultants, attorneys, or Persons acting or purporting to act on its behalf.

14. Whenever used herein: (a) the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; (b) the masculine shall be deemed to include

the feminine, and the feminine shall be deemed to include the masculine; (c) the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); (d) each of the functional words "any," "each," "every," and "all" shall be deemed to include each of the others; and (e) the past tense shall include the present tense and vice versa.

## INSTRUCTIONS

1. These Definitions and Instructions shall apply in interpreting the scope of the Definitions and Instructions as well as the individual Requests below.

2. Unless otherwise specified, each Request herein seeks all responsive Documents without any limitation with respect to date.

3. Please respond separately and fully to each Request and produce all Documents responsive to the Requests that are within Your possession, custody, or control; in the possession, custody, or control of any other Person or entity acting or purporting to act on Your behalf; or otherwise available to You.

4. If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify: (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have Concerning the unanswered portion of any such Request(s).

5. If there are no Documents responsive to any particular Request, please state so in writing.

6. A Request for a Document shall be deemed to include a Request for the original and final versions of the Document, all drafts, alterations, modifications, changes, and amendments

thereto, as well as all non-identical copies or drafts of such Documents, Including any copy bearing non-identical markings or notations of any kind, as well as all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document.

7. You shall produce all Documents in the manner in which they are maintained in the usual course of Your business or You shall organize and label the Documents to correspond with the categories in this Request. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels are to be produced in a manner that duplicates such labels, markings, or organizational tools and that replicates the manner in which the Documents are or were maintained. Documents attached to each other should not be separated.

8. Each Request herein should be construed independently and not with reference to any other Request for the purpose of limitation.

9. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

10. All Documents and Electronically Stored Information shall be produced with all available metadata.

11. If You contend that any information requested is privileged or otherwise immune from discovery, or if any Document is withheld from production based on a claim of privilege, immunity, or other ground, please furnish a log specifying: (a) the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state or foreign law, the specific state or foreign privilege rule being invoked; and (b) unless divulgence of such information would cause disclosure of the allegedly privileged information, (i) the type of Document, (ii) the general subject matter of the Document, (iii) the date of the Document, and (iv) such other information as is sufficient to identify the Document for a subpoena

duces tecum, Including, where appropriate, the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the Document.

12. If a portion of an otherwise responsive Document contains information subject to a claim of privilege or protection, only that portion of the Document subject to such claim shall be redacted from the Document and the rest shall be produced.

13. In the event any Document responsive to any Request has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all Persons who received copies of the Document, Including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (e.g., memorandum, letter, report, e-mail, Signal message); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the Persons authorizing and carrying out such destruction or discarding of the Document.

14. If You claim any ambiguity in interpreting a Request, Definition, or Instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous, and shall comply with any portion of the Request that You do not contend is ambiguous.

15. Each Request shall be deemed to be continuing in nature. If at any time additional Documents come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

16. All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of any protective or confidentiality orders entered by the Bankruptcy Court.

17. These Requests are provided without prejudice to, or waiver of, the Movants' right to conduct further discovery.

## DOCUMENT REQUESTS

1. Account statements for all Accounts opened prior to the Petition Date that were owned by, controlled by, or used by anyone working on behalf of, or held in the name of or for the benefit of, the FTX Group or the Insiders.

2. All agreements governing any Accounts opened prior to the Petition Date that were owned by, controlled by, or used by anyone working on behalf of, or held in the name of or for the benefit of, the FTX Group or the Insiders, Including any terms of service.

3. All Documents Concerning the opening of all Accounts opened prior to the Petition Date that were submitted to Wells Fargo by anyone working on behalf of, or in the name of, or for the benefit of, the FTX Group or the Insiders.