## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                     Debtors. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Hearing Date:  September 13, 2023, at 1:00 p.m.**<br><br>**Objection Deadline: September 6, 2023, at 4:00 p.m., extended to September 7, 2023 at 4:00 p.m. for the U.S. Trustee**<br><br>Re:  D.I. 2239 |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING (I) GUIDELINES FOR THE SALE OR TRANSFER OF CERTAIN DIGITAL ASSETS, (II) THE SALE OR TRANSFER OF SUCH DIGITAL ASSETS IN ACCORDANCE WITH SUCH GUIDELINES FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) THE DEBTORS' ENTRY INTO, AND PERFORMANCE UNDER, POSTPETITION HEDGING ARRANGEMENTS, INCLUDING GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS IN CONNECTION THEREWITH AND (IV) THE DEBTORS TO STAKE CERTAIN DIGITAL ASSETS**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to the *Debtors' Motion for Entry of an Order Authorizing and Approving (I) Guidelines for the Sale or Transfer of Certain Digital Assets, (II) the Sale or Transfer of Such Digital Assets in Accordance with Such Guidelines Free and Clear of any Liens, Claims, Interests and Encumbrances, (III) the Debtors' Entry into, and Performance Under, Postpetition Hedging Arrangements, Including*

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

*Granting Liens and Superpriority Administrative Expense Claims in Connection Therewith and (IV) the Debtors to Stake Certain Digital Assets* [D.I. 2239] (the "Motion"), and respectfully states:

**I.    PRELIMINARY STATEMENT**

1.    The U.S. Trustee objects to the Motion to the extent it seeks authority, under sections 363 and 364 (c)(1) and (2) of the Bankruptcy Code, to grant post-petition liens on unidentified property, including unencumbered property, and superpriority administrative expense claims in unspecified amounts in connection with financing to be provided by unnamed counterparties in hedging transactions relating to cryptocurrency.  The Motion fails to disclose any of the information required by Local Rule 4001-2, which rule applies to all "financing requests under sections 363 and 364 of the Bankruptcy Code."

2.    The U.S. Trustee also objects to certain aspects of the Management and Monetization Guidelines[2] relating to the Debtors' sale of cryptocurrency, which procedures fail to provide notice of, or an opportunity to object to, potential changes to the amount and type of cryptocurrency that may be sold, to any party in interest other than the Committee or the Ad Hoc Committee. [3]

3.    For the reasons set forth in this Objection, the Motion should be denied.

---

[2]    Any capitalized terms not defined herein shall have the definition set forth in the Motion.

[3]    The U.S. Trustee's counsel believes she has reached an agreement with the Debtors' counsel as to certain modifications to be made to the Management and Monetization Guidelines other than those addressed in this Objection. The U.S. Trustee reserves the right to supplement this Objection, or to assert additional objections at the hearing on the Motion, if such modifications are not made.

## II.    JURISDICTION AND STANDING

4.      Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States

District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28

U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

5.      Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the

administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S.

Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and

interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d

498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this

Objection.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),*

33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under

11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## III.    FACTUAL BACKGROUND

7.      On or after November 11, 2022, the Debtors filed voluntary chapter 11 petitions

in this Court.

8.      The Debtors continue to operate their business(es) as debtors in possession

pursuant to 11 U.S.C. §§ 1107 and 1108.

9.      The U.S. Trustee appointed an official committee of unsecured creditors (the

"Committee") on December 15, 2022.

10.    On August 23, 2023, the Debtors filed the Motion, pursuant to sections 363 and 364 of the Bankruptcy Code. [D.I. 2239] By the Motion, the Debtors seek Court authorization and approval of:

(a)  Management and Monetization Guidelines relating to the sale or transfer of certain Digital Assets;[4]

(b)  the sale or transfer of Digital Assets in accordance with those Management and Monetization Guidelines free and clear of any liens, claims, interest or encumbrances;

(c)  the Debtors' "entry into, and performance under, post-petition hedging arrangements, including granting liens and superiority administrative expense claims in connection therewith;" and

(d)  the staking of certain Digital Assets by the Debtors.

*See* Mot., pp. 1-2.

11.    In the Motion, the Debtors state, "[b]ecause transactions under Hedging Arrangements are subject to value fluctuations in the ordinary course of business, counterparties to such contracts may, in certain circumstances, require that a debtor's obligation under such contract be secured by various forms of collateral, including the granting of superpriority administrative expense claims *and/or the granting of liens on certain unencumbered collateral* pursuant to section 364(c)(1) and (2) of the Bankruptcy Code.  *See* Mot. ¶42 (emphasis added).

---

[4]    Although the Motion is not completely clear on this point, Debtors' counsel has confirmed that the digital assets that may be sold pursuant to the Management and Monetization Guidelines include those "associated with customer-facing exchanges." The U.S. Trustee interprets this to mean digital assets that are in or attributed to customer accounts may be sold through the proposed procedures.

# IV.    ARGUMENT

**A. That Portion of the Motion that Seeks Authority for the Debtors to Enter into Debtor-in-Possession Financing Must be Denied Due to Failure of the Debtors to Make the Disclosures Required by Local Rule 4001-2.**

12.    Through the Motion, the Debtors seek authority, pursuant to sections 363 and 364(c)(1) and (2) of the Bankruptcy Code, to enter into and perform under "post-petition hedging arrangements, including granting liens and superiority administrative expense claims in connection therewith." Mot., pp. 1-2, and ¶¶ 42-44.  Local Rule 4001-2, which states that it applies to "all cash collateral and financing requests under sections 363 and 364 of the Bankruptcy Code," requires certain disclosures to be made in any motion seeking debtors-in-possession ("DIP")  financing. *See* LR 4001-2 (a) & (a)(i).

13.    The Local Rule indicates that, "[a]ll Financing Motions shall (A) provide a summary of the essential terms of the proposed use of cash collateral and/or financing, and identify the location of the same in the proposed form of order, cash collateral stipulation and/or loan agreement; . . . "  LR 4001-2 (a)(i).  The rule then lists certain specific provisions, as to which the proponent of the financing motion must indicate, in the motion, the location of the same in the proposed form of order, cash collateral stipulation and/or loan agreement.  *Id.*  Those provisions include, but are not limited to the following:

> A.  The amount of cash collateral the debtor seeks permission to use or *the amount of credit the debtor seeks to obtain under the proposed loan agreement*, including the committed amount of the proposed loan agreement and the amount of new funding that will actually be available for borrowing by the debtor;
>
> B.  *Pricing and economic terms*, including letter of credit fees, commitment fees, and any other fees, . . ."
>
> . . . .
>
> E.  *Material conditions to closing and borrowing*, including budget provisions;
>
> . . .

G. Any provision that provides for postpetition *liens on unencumbered assets, including the identification of such assets*;

L.R. 4001-2(a)(i)(A), (B), (E) & (G) (emphasis added). [5]

14.     The Debtors have not provided any of the disclosures specified above, or any of the other disclosures required by Local Rule 4001-2.  Among other things, the Motion fails to disclose the following:

(a) the identity of the parties who will provide the DIP financing and receive the liens and superpriority claims, other than that they will be counterparties to hedging agreements;

(b) the amount of credit the Debtors seek to obtain;

(c) the pricing or other economic terms of such credit;

(d) the maximum amount of post-petition liens and superpriority claims that will be permitted;

(e) the identity of the unencumbered assets, or any other assets, that will be subject to the proposed liens; or

(f) material conditions to closing and borrowing.

15.     The Motion also does not attach any of the hedging agreements which would set forth the terms of the DIP financing, as required by Local Rule 4001-2 (a)(ii) ("The Financing Motion shall attach the post-petition loan agreement or other documents that set forth the terms of the financing.").

16.     In addition to not complying with Local Rule 4001-2, that portion of the Motion that seeks approval of superpriority expense administrative claims must also be denied because

---

[5]   Local Rule 4001-2 also provides that, with respect to a subset of the provisions set forth in subsection (i), namely subsections N through X, the proponent of the financing motion also must set forth the justification for the inclusion of any such provision. *See* LR 4001-2 (a)(i).

the Debtors have not met their burden to demonstrate that such superpriority administrative expenses were actually necessary to preserve the value of the estate.  *See Calpine Corp. v. O'Brien Env't Energy, Inc. (In re O'Brien Env't Energy, Inc.*), 181 F.3d 527, 535 (3d Cir. 1999) ("the allowability of break-up fees, *like that of other administrative expenses*, depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate") (emphasis added). Nor can the Debtors make such a showing without identifying the recipients(s) of such superpriority administrative expense claims, and establishing that such party or parties would not have provided financing in connection with the hedging arrangements without receiving such a superpriority claim.

17.    The portion of the Motion that seeks approval of DIP financing also should be denied because the absence of any information regarding the terms of such financing failed to provide parties in interest with "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Folger Adam Security, Inc. v. DeMatteis/MacGregor*, 209 F.3d 252, 265 (3d Cir. 2000) (citations and internal quotations omitted).

18.    The Debtors' Motion should be denied unless and until it makes all the disclosures required by Local Rule 4001-2, serves the same on parties in interest in these cases, and provides them an opportunity to object. If the Debtors are not currently in a position to make such disclosures because the hedging arrangements have not yet been made, or financing terms have yet to be finalized, the Motion should be denied absent reasonable procedures requiring the Debtors to file and serve the disclosures required by Local Rule 4001-2 in the future and giving parties in interest an opportunity to object to same.

**B.  The Management and Monetization Guidelines Do Not Provide Sufficient Notice to Parties in Interest of Potential Changes to the Amount and Type of Cryptocurrency that May Be Sold**

19.     The Management and Monetization Guidelines provide that the maximum amount of Digital Assets that can be sold in a week is $100 million, but that such amount can be increased to $200 million on a temporary basis, with prior approval of the Committee and the Ad Hoc Committee.  *See* Mot. Ex. A (Proposed Form of Order) ¶ 2.A(d).  The Management and Monetization Guidelines further provide that the maximum weekly limit may be *permanently* increased to $200 million by filing a notice with the Court of such proposed increase.  *See id.* However, the guidelines provide that only the Committee and the Ad Hoc Committee may object to such permanent increase.  If the weekly cap on the amount of Digital Assets allowed to be sold on a weekly basis is increased on a permanent basis from $100 million to $200 million, not only should notice of that permanent increase be filed on the docket, but it should also be served on parties in interest, who should be "afford[ed] . . . an opportunity to present their objections.'" *See Folger Adam*, 209 F.3d at 265.

20.     The Management and Monetization Guidelines also provide that if the Debtors determine to start selling Bitcoin, Ether, FTT or other insider-affiliated tokens, then the Debtors shall provide ten business days' notice to only the Committee and the Ad Hoc Committee, who will in turn be the only parties who may object to such a change.  *Id.*, ¶2.A (e).  In accordance with *Folger Adam,* public notice should be provided of such a change, and all parties in interest should have the opportunity to object.  209 F.3d at 265.   If there is legitimate business reason why the Debtors do not want to make such information public, the Debtors should disclose that reason, but at minimum the U.S. Trustee should be included among those parties who will receive notice of any such change.

21.    The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee respectfully requests that the Court (a) deny that portion of the Motion seeking authority to enter into DIP financing and to grant liens and superpriority administrative claims in connection with hedging agreements, (b) deny that portion of the Motion seeking approval of the Management and Monetization Guidelines unless the changes indicated above are made, and (c) grant any such other and further relief that the Court deems just and proper.

Respectfully submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

Dated: September 7, 2023

By: */s/ Juliet Sarkessian*
Juliet Sarkessian, Esq.
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Juliet.M.Sarkessian@usdoj.gov