# **Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 2142 & __ |

**ORDER APPROVING STIPULATION REGARDING MUTUAL CONTRACT REJECTION WITH LEXISNEXIS RISK SOLUTIONS AND EMAILAGE CORP.**

Upon the *Certification of Counsel Regarding Stipulation Regarding Mutual Contract Rejection with LexisNexis Risk Solutions and Emailage Corp.* (the "Certification") and the *Stipulation Regarding Mutual Contract Rejection with LexisNexis Risk Solutions and Emailage Corp.* (the "Stipulation")[2] entered into between the Debtors and LexisNexis Risk Solutions and Emailage Corp., attached hereto as **Exhibit 1**, and this Court having jurisdiction to consider the Certification and the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having determined that the agreement set forth in the Stipulation is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Stipulation is hereby APPROVED.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

2

2. The failure to specifically include or reference any particular term or provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such term or provision as all terms and provisions of the Stipulation are incorporated fully herein.

3. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

4. The Parties are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the terms of the Stipulation.

5. This Court shall retain jurisdiction with respect to any and all matters, claims, rights or disputes arising from or related to the Stipulation and the implementation of this Order.

Dated: _____, 2023
Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

# **Exhibit 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. 2142 |

**STIPULATION REGARDING MUTUAL CONTRACT REJECTION**
**WITH LEXISNEXIS RISK SOLUTIONS AND EMAILAGE CORP.**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), LexisNexis Risk Solutions and Emailage Corp. (collectively, "LexisNexis," and together with the Debtors, the "Parties"), by and through their respective undersigned counsel, hereby stipulate (the "Stipulation") as follows:

WHEREAS, prior to the Petition Date (defined below) Debtor West Realm Shires Services Inc. (d/b/a FTX US) entered into that certain services agreement with LexisNexis and Debtor FTX Trading Ltd. entered into that services agreement and with LexisNexis, both dated as of January 5, 2022 (collectively and together with all related order forms, statements of work, schedules and agreements, the "LexisNexis Contracts");

WHEREAS, on November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court in the District of Delaware (the "Court") voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

{1368.002-W0072100.4}

U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code");

WHEREAS, on November 22, 2022, joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order [D.I. 128];

WHEREAS, the Debtors, in exercise of their business judgment, determined that they do not have a continuing need for the LexisNexis Contracts and that the LexisNexis Contracts add no value to the Debtors' estates;

WHEREAS, the Debtors terminated all services under the LexisNexis Contracts as of November 30, 2022 (the "Service Termination Date");

WHEREAS, on May 19, 2023, Emailage Corp. filed proofs of claim assigned claim numbers 1935 and 1937 against FTX Trading Ltd. and West Realm Shires Services Inc. respectively asserting certain unsecured, prepetition claims arising from the LexisNexis Contracts (together, the "Unsecured Claim").

WHEREAS, on August 9, 2023, the Debtors filed the *Debtors' Fourth Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Rejection Date* [D.I. 2142] (the "Motion");

WHEREAS, the Motion seeks to reject, among others, the LexisNexis Contracts;

WHEREAS, LexisNexis asserts that, for the period between the Petition Date and the Service Termination Date, the Debtors owe LexisNexis $29,933.40 (the "Post-Petition Amount");

WHEREAS, the Parties engaged in good faith, arm's length negotiations in an attempt to consensually resolve matters arising from the Debtors' proposed rejection of the LexisNexis Contracts, including the Post-Petition Amount; and

WHEREAS, the Parties have reached an agreement resolving the Motion as it

relates to the LexisNexis Contracts, subject to the terms and conditions of this Stipulation.

NOW, THEREFORE, the Parties, by and through their respective representatives, hereby agree, subject to Court approval, as follows:

1. The LexisNexis Contracts shall be deemed rejected as of November 30, 2022.

2. The Debtors shall pay the Post-Petition Amount to LexisNexis within the later of ten (10) days after the date (i) the Court enters an order approving this Stipulation or (ii) LexisNexis provides valid wire instructions and a completed W-9 form to counsel to the Debtors.

3. Upon payment of the Post-Petition Amount, LexisNexis shall be deemed to waive, without limitation, any and all administrative claims, obligations, liabilities, demands, charges, claims, accounts or causes of action of any nature, whether known or unknown arising under, out of, or in connection with the terms, provisions, representations and warranties of the LexisNexis Contracts and any breach or other failure to pay or perform any obligations under such provisions of any of the LexisNexis Contracts on a post-petition basis.

4. This Stipulation shall not affect or alter the Unsecured Claim and, except as otherwise provided herein, all rights of the Debtors, their estates and their successors in interest to object to or otherwise dispute the Unsecured Claim or any other proof of claim filed by LexisNexis are fully preserved and unaffected by this Stipulation.

5. This Stipulation is the result of settlement negotiations and compromise between the Parties and neither the contents of such negotiations, nor the facts and terms of this Stipulation, shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding arising out of or in connection with this Stipulation.

6. This Stipulation consists of the entire agreement between the Parties and,

upon Court approval thereof, supersedes all prior agreements and understandings, whether written or oral, with respect to the subject matter hereof and, except as expressly provided herein, is not intended to confer upon any person any rights or remedies hereunder.

7. The Parties and undersigned persons represent and warrant that they have full authority to execute, deliver and perform their respective obligations under this Stipulation and that the respective Parties have full knowledge of, and consented to, this Stipulation.

8. Each Party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

9. This Stipulation may be executed in counterparts, any of which may be transmitted via facsimile or electronic mail, and each of which shall be deemed an original and all of which shall together constitute one and the same instrument.

10. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to the principles of conflicts of laws.

11. This Stipulation may not be amended, modified, vacated or altered in any way without the prior written consent of all Parties hereto.

12. The Court shall retain jurisdiction over any and all disputes arising from the implementation and interpretation of this Stipulation.

13. This Stipulation shall be binding upon (i) the Parties hereto; (ii) all of their affiliates, assigns and successors; (iii) any liquidation trustee, plan administrator, distribution agent, and/or any other responsible person appointed pursuant to any chapter 11 plan confirmed in the Chapter 11 Cases; (iv) any chapter 11 trustee appointed in the Chapter 11 Cases; (v) any chapter 7 trustee appointed or elected in the Chapter 11 Cases and (vi) all parties-in-interest in the Chapter 11 Cases.

14. If the Court does not enter the proposed order approving this Stipulation, all rights and remedies with respect to the LexisNexis Contracts (including any agreements related thereto) and the Post-Petition Amount are reserved in all respects, and no action or inaction by any Party shall waive or prejudice the rights of any Party.

15. If the Court does not enter the proposed order approving this Stipulation, the rights of the Parties will revert to the status quo in effect as of the Rejection Date (as defined in the Motion), and, for the avoidance of doubt, all days from the Rejection Date until and including the date that the Court determines not to approve this Stipulation shall toll and not be considered for purposes of any deadlines or notice periods prescribed under the Motion; including, for the avoidance of doubt, any *nunc pro tunc* relief requested by the Debtors.

16. This Stipulation has been reviewed by the Parties hereto and their respective counsel and each of the Parties enter into this Stipulation voluntarily and without duress. There shall be no construction of any provision against either Party, and the Parties hereto waive any statute or rule to such effect.

17. Each Party shall cooperate and take such actions as are reasonably necessary to consummate the actions contemplated by this Stipulation and obtain approval of the Stipulation and entry of the proposed order approving this Stipulation.

18. Notwithstanding rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation are immediately effective and enforceable upon the entry of the proposed order approving this Stipulation.

19. This Stipulation was the product of negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

Dated: September 11, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

| | |
|---|---|
| Dated: September 11, 2023<br>Kansas City, Missouri | **SHOOK, HARDY & BACON L.L.P.**<br><br>/s/ *Mark Moedritzer*<br>Mark Moedritzer<br>2555 Grand Blvd.<br>Kansas City, Missouri 64108<br>Telephone: (816) 559-2317<br>E-mail: mmoedritzer@shb.com<br><br>*Counsel for LexisNexis Risk Solutions* |