IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. 2137 & 2466 |

**ORDER AUTHORIZING AND APPROVING
PROCEDURES FOR SETTLING CERTAIN EXISTING AND
FUTURE LITIGATION CLAIMS AND CAUSES OF ACTION**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 authorizing and approving procedures for the settlement of certain existing and future claims and causes of action of the Debtors and their estates that are of relatively small value compared to the Debtors' total asset base (collectively the "Small Estate Claims"); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections to the Motion having been resolved as set forth on the record; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:[3]

A.   This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This Court may issue a final order on the Motion consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S. C. § 157(b).

B.   The Debtors' notice of the Motion, the Settlement Procedures, and the proposed entry of this Order was (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases, and no other further notice is required, except as otherwise ordered herein.  A reasonable opportunity to object

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052.

or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b).

   C. The Settlement Procedures were proposed in good faith by the Debtors, are, as modified by this Order, fair, reasonable, and appropriate under the circumstances and are properly designed to maximize the recovery from any settlement of the Small Estate Claims. The Debtors have demonstrated good and sufficient business reasons for this Court to enter this Order, and such good and sufficient reasons, which are set forth in the motion and supporting record, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

   D. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors and their estates.

   IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as modified herein.

2. The Small Estate Claims Settlement Procedures are approved as follows:

  (a) The Debtors are authorized to settle any Small Estate Claim pursuant to the Settlement Procedures set forth in paragraphs 2(b)-2(e) below for such consideration as the Debtors determine appropriate in their business judgment, including without limitation cash, property or the reduction of claims against the Debtors.

  (b) The Debtors are authorized to settle any Small Estate Claim against a non-debtor party (the "Settling Party") in their business judgment where the Debtors' good faith estimated aggregate value (the "Small Estate Claim Value") of all such related Small Estate Claims in the aggregate is less than or equal to US$3,000,000, provided that:

   (i) Before entering into any such settlement, the Debtors shall provide written notice by email of (i) the Small Estate Claim Value, (ii) the name of the Settling Party, (iii) the Settled Value (as defined below) and the nature of any non-cash portion of the Settled Value, (iv) the nature of the Small

Estate Claim being settled, and (v) the case number of any pending adversary proceeding relating to such Small Estate Claim, on a confidential basis, to counsel to (x) the UCC, Paul Hastings LLP, Attn: Kenneth Pasquale and Jack Iaffaldano, and Young Conaway Stargatt & Taylor, LLP, Attn: Matthew B. Lunn and Robert F. Poppiti, Jr.; (y) counsel to the AHC, Eversheds Sutherland (US) LLP, Attn: Erin Broderick; and (z) the United States Trustee for the District of Delaware, Attn: Juliet Sarkessian and Benjamin Hackman (collectively, the "<u>Noticed Parties</u>"). The Noticed Parties shall have until 12:00 p.m., prevailing Eastern Time, five business days after service of the written notice (the "<u>Tier 1 Objection Deadline</u>") to object to the settlement by serving such objection in writing by email on counsel to the Debtors, Sullivan & Cromwell LLP, Attn: Brian Glueckstein. Objections to the settlement must state with specificity the basis for objecting. If no written objection from any Noticed Party is served by the Tier 1 Objection Deadline, the Debtors may, in their discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on the Debtors and their estates without notice to any third party or further action by this Court.

(ii) If any Noticed Party properly and timely objects to any settlement in writing by the Tier 1 Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (x) resolution of the objection by the parties in question or (y) further order of this Court after notice and a hearing.

(c) The Debtors are authorized to settle any Small Estate Claims in their business judgment where (i) the Settled Value of such Small Estate Claim is less than or equal to US$7,000,000 and (ii) the Small Estate Claim Value is greater than US$3,000,000 and less than or equal to US$15,000,000, provided that:

(iii) Before entering into any such settlement, the Debtors shall file with the Court a notice of (i) the Small Estate Claim Value, (ii) the name of the Settling Party, (iii) the Settled Value and (iv) the case number of any pending adversary proceeding relating to such Small Estate Claim, provided that electronic service through the CM/ECF system shall be deemed sufficient service and the Debtors shall not be required to serve such notice on any parties by any other means.

      (iv)    Parties in interest shall have until 12:00 p.m., prevailing Eastern Time, five business days after filing of the notice (the "Tier 2 Objection Deadline") to object to the settlement by serving such objection in writing by email on counsel to the Debtors, Sullivan & Cromwell LLP, Attn: Brian Glueckstein. Objections to the settlement must state with specificity the basis for objecting. If no written objection is served by the Tier 2 Objection Deadline, the Debtors may, in their discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on the Debtors and their estates without notice to any third party or further action by this Court.

      (v)    If any party properly and timely objects to any settlement in writing by the Tier 2 Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (x) resolution of the objection by the parties in question or (y) further order of this Court after notice and a hearing.

(d)    All time periods set forth in these Settlement Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

(e)    For any Claim where the Settled Value is greater than US$7,000,000 or the Small Estate Claim value is greater than US$15,000,000, the Debtors shall seek Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019(a), or as otherwise provided under the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, for any Claim, including a Small Estate Claim, the Debtors reserve the right and are permitted to not utilize the Settlement Procedures and to seek Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019(a), or as otherwise provided under the Bankruptcy Code and Bankruptcy Rules.

(f)    For purposes of this Order, the "Settled Value" of a Small Estate Claim shall be the fair market value of cash, property, claims or other consideration to be received by the Debtors to resolve such Small Estate Claim.

3.    These Settlement Procedures shall not apply to (a) any post-petition claims of any kind; (b) prepetition and post-petition claims of any Debtor against (i) any insider of any Debtor, (ii) any other Debtor, or (iii) any non-Debtor affiliate; (c) prepetition or post-petition

claims against any professional retained by the Debtors at any time. The term "insider" shall include any person employed by any Debtor with the title of Vice President.

4. For the avoidance of doubt, the Debtors are authorized to release claims against creditors or third parties and parties from avoidance claims, provided that the Debtors otherwise comply with the Settlement Procedures.

5. During these Chapter 11 Cases, the Debtors shall file, and serve on the Noticed Parties and all parties that have requested notice pursuant to Bankruptcy Rule 2002, a written report within 10 days after each calendar month identifying the names of the Settling Party and the Settled Value for each settlement consummated during the prior month pursuant to the Settlement Procedures (to the extent any such settlements of Small Estate Claims were consummated in the relevant month). The Debtors' reporting obligations pursuant to this paragraph shall terminate upon the effective date of a confirmed plan of reorganization.

6. The requirements set forth in Local Rule 9013-(b) are satisfied.

7. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

8. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

9. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: September 11th, 2023  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE