# EXHIBIT A

**Revised Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11068 (JTD)<br>)<br>) (Lead Case)<br>)<br>) (Jointly Administered)<br>) |

### ORDER GRANTING FIRST INTERIM FEE APPLICATION OF MORGAN, LEWIS & BOCKIUS LLP AS COUNSEL TO EMERGENT FIDELITY TECHNOLOGIES LTD FOR THE PERIOD OF FEBRUARY 3, 2023 THROUGH JULY 31, 2023

Upon consideration of the first interim fee application (the "Application")[2] of Morgan, Lewis & Bockius LLP ("Morgan Lewis"), as counsel to Emergent Fidelity Technologies Ltd in Case No. 23-10149, for allowance and payment of compensation and reimbursement of expenses for the period of February 3, 2023 through July 31, 2023; upon the Certification of Matthew C. Ziegler in Support of the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the services rendered

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms but not defined herein shall have the meanings ascribed to them in the Application.

and expenses incurred up to the amount of $320,477.60 were reasonable and necessary; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and a hearing (if any) having been held to consider the relief requested in the Application and upon the record of the hearing and all of the proceedings had before this Court; and the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED IN PART** as set forth herein.

2. Subject to paragraph 3, Morgan Lewis is granted interim allowance of compensation and reimbursement of expenses in the amount of $320,477.60 as set forth on **Exhibit 1**.

3. Morgan Lewis is authorized to release $320,477.60 in funds that Morgan Lewis is holding for payment of fees and expenses and disburse such funds to Morgan Lewis pursuant to this Order; provided, however, that the United States Trustee for the District of Delaware (the "U.S. Trustee") shall have the right to (i) object to the final allowance of fees and expenses sought by this Application and (ii) move for an extension of the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834, Case No. 22-11068] to any fee applications for Morgan Lewis as counsel to the Emergent Debtor, including the Application (the "Extension"), or to request the Court for a status conference regarding such an Extension, which request Morgan Lewis agrees not to oppose.

4. Morgan Lewis shall have the right to move for an extension of the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435, Case No. 22-11068] to cover the future fee applications of Morgan Lewis.

5. If the U.S. Trustee consents, Morgan Lewis may seek interim allowance and payment of the remaining balance of fees and expenses set forth in the Application (or any lesser agreed amount) (collectively, the "Balance Amount") by submitting a proposed order under certification of counsel rather than filing a separate fee application for the Balance Amount.

6. Notice of this Application as provided therein shall be deemed sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

8. In the event of any inconsistency between the Application and this Order, this Order shall govern.

9. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application or the implementation of this Order.

**EXHIBIT 1**

| Professional/Role | Interim Fee Period | Total Fees Approved | Total Expenses Approved |
|---|---|---|---|
| Morgan, Lewis & Bockius LLP – *Counsel to Emergent Fidelity Technologies Ltd as Debtor and Debtor-in-Possession* | 02/03/2023 – 07/31/2023 | $320,477.60 | $0 |