# **EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref No. —2240** |

**ORDER AUTHORIZING FTX TRADING LTD. TO ENTER INTO, AND PERFORM ITS OBLIGATIONS UNDER, THE INVESTMENT SERVICES AGREEMENT**

Upon the motion (this "Motion")[2] for entry of an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") authorizing FTX Trading's entry into, and performance of its obligations under, the Investment Services Agreement with Galaxy Asset Management; and this Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that except as otherwise ordered herein, no other or

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion or the Investment Services Agreement, as applicable.

further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as and to the extent set forth herein.

2. FTX Trading is authorized to enter into the Investment Services Agreement pursuant to section 363(b) of the Bankruptcy Code. FTX Trading is authorized to act and perform in accordance with the terms of the Investment Services Agreement, including to perform its payment, reimbursement and indemnification obligations and their non-monetary obligations in accordance therewith.

3. Each Debtor Beneficiary is authorized to take all necessary actions in order to become party to the Investment Services Agreement.

4. The Investment Services Agreement (including any annexes, exhibits or schedules attached thereto or referenced therein, including the Term Sheet (as defined therein)) and any related agreements, documents or instruments may not be amended, modified, supplemented or waived except (i) by the parties thereto in accordance with the terms thereof, in each case without further order of the Court or (ii) by further order of the Court, upon notice and a hearing; *provided* that any material increase in fees pursuant to the Investment Services Agreement shall require further order of the Court; *provided further* that notwithstanding

anything contained in the Motion, this Order or the Investment Services Agreement, any amendments, modifications, supplements or waivers pursuant to paragraph (i) shall be filed with the Court within ten (10) days of their execution, and the U.S. Trustee's rights to object to same are reserved.

   5. The Debtors shall provide on a monthly basis, an invoice of all aggregate fees and expenses incurred pursuant to the Investment Services Agreement during the foregoing month, to counsel to the Committee, counsel to the Ad Hoc Committee and the U.S. Trustee.

   6. The indemnification provisions contained in the Investment Services Agreement are approved, subject during the pendency of the Chapter 11 Cases to the following:

   (a) No Indemnified Party (as that term is defined in the Investment Services Agreement) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Investment Services Agreement for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

   (b) The Debtors shall have no obligation to indemnify any Indemnified Party, or provide contribution or reimbursement to any Indemnified Party, for any claim or expense to the extent it is: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Party's gross negligence, bad faith, intentional fraud or willful misconduct; (ii) for a contractual dispute in which the Debtors allege breach of an Indemnified Party's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to applicable law; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Investment Services Agreement, as modified by this Order; and

   (c) If, before the earlier of (i) the entry of an order or orders confirming a chapter 11 plan in the Chapter 11 Cases (that order or orders having become final orders no longer subject to appeal) and (ii) the entry of an order or orders closing the Chapter 11 Cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or

reimbursement obligations under the Investment Services Agreement, including, without limitation, the advancement of defense costs, the Indemnified Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any Indemnified Party for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Party.  All parties-in-interest shall retain the right to object to any demand by any Indemnified Party for indemnification, contribution, or reimbursement.

7. To the extent there is any conflict between the Motion and this Order, this Order shall govern. To the extent there is any conflict between the *Order Authorizing and Approving (I) Guidelines for the Sale or Transfer of Certain Digital Assets, (II) the Sale or Transfer of Such Digital Assets in Accordance With Such Guidelines Free and Clear of Any Liens, Claims, Interests And Encumbrances (III) The Debtors' Entry Into, and Performance Under, Postpetition Hedging Arrangements, Including Granting Liens and Superpriority Administrative Expense Claims in Connection Therewith and (IV) the Debtors to Stake Certain Digital Assets* (the "Monetization Order") and this Order, the Monetization Order shall govern. To the extent there is any conflict between the Investment Guidelines (as defined in the Investment Services Agreement) and any other provisions in the Investment Services Agreement, the Investment Guidelines shall govern.

8. Within 15 calendar days of the earlier of (i) termination of the Investment Services Agreement and (ii) the effective date of a chapter 11 plan in these Chapter 11 Cases, the Debtors shall file a transaction report of all sales completed by the Investment Adviser during these Chapter 11 Cases which identifies the following for each sale:  transaction date; seller;

buyer; number of tokens sold; type of tokens sold; and the sale price; *provided* that the Debtors' rights to seek to file such report under seal are reserved.

    4.9. Notwithstanding anything contained in the Motion, this Order or the Investment Services Agreement, all parties' rights with respect to the allocation of the fees and expenses accrued by the Investment Adviser pursuant to the Investment Services Agreement to any particular Debtor are reserved.

    5.10. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

    6.11. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

    7.12. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____  
   Wilmington, Delaware

                       _____  
                       The Honorable John T. Dorsey  
                       United States Bankruptcy Judge