**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 4, 2023 at 1:00 p.m. ET**<br>**Obj. Deadline: September 27, 2023 at 4:00 p.m. ET** |

**SECOND JOINT MOTION OF THE DEBTORS AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER
AUTHORIZING THE MOVANTS TO REDACT OR WITHHOLD
CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee" and, together with the Debtors, the "Movants") hereby jointly submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing each of the Movants to redact the names, addresses and e-mail addresses of all of the Debtors' customers from any filings with the Court or made publicly available in these Chapter 11 Cases (as defined below) for an additional 90 days.  In support of the Motion, the Movants respectfully state as follows:

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**Preliminary Statement**

1.     The Court has previously determined that the Debtors' customer lists hold value for the estates.  Accordingly, the Court has on two prior occasions allowed the Debtors and the Movants, as applicable, to redact all customer names and associated identifying information from public filings in these Chapter 11 Cases in order to maintain confidentiality over such lists and preserve their value.  The process being conducted by the Debtors with the support of the Committee to sell, reorganize, or otherwise monetize the exchanges for the benefit of creditors is ongoing.  Interest has been strong, but whether the ongoing progress is ultimately successful depends in large part on preserving the confidentiality of the Debtors' customer lists so that they are available as an asset to be transferred to a buyer for value.  As a result, the Movants seek a further extension for a period of 90 days, after which they hope to have a clearer view as to the future of the Debtors' customer lists.

2.     The Debtors' primary goal in these Chapter 11 Cases has always been and continues to be to maximize value for their customers and other creditors.  As the Court is aware, the Debtors, the Committee, the Ad Hoc Committee of Non-U.S. Customers of FTX.com, and other stakeholders continue to discuss the terms of a plan of reorganization, which contemplates scenarios for realizing value for the exchanges and customer lists.  As the Debtors' investment banker has testified—and will further testify at any hearing on this Motion—the immediate release of the Debtors' institutional customer names would be value-destructive and harm the ongoing efforts to monetize the Debtors' exchange assets.

3.     At this stage, the Debtors should be afforded the opportunity to complete their process and determine if the customer lists can be monetized as part of the resolution of the exchanges.  Thus, a further extension of the order permitting the redaction of all customer names,

addresses and e-mail addresses for an additional 90 days is appropriate pursuant to section 107(b) of the Bankruptcy Code.

<u>**Background**</u>

4.      On November 11 and November 14, 2022 (as applicable, the "<u>Petition Date</u>"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "<u>Chapter 11 Cases</u>") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

<u>**Facts Specific to the Relief Requested**</u>

6.      On November 19, 2022, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors*

*to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals and (III) Granting Certain Related Relief* [D.I. 45] (the "Original Motion").[2]

7.      On November 23, 2022, the Court granted the Original Motion on an interim basis and entered the *Interim Order (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on an Interim Basis and (III) Granting Certain Related Relief* [D.I. 157].

8.      Objections to the Original Motion being granted on a final basis were interposed by the U.S. Trustee [D.I. 200, 362] and a group of media outlets [D.I. 195] (the "Media Intervenors").

9.      The Committee filed a joinder in support of the Debtors' Original Motion being granted on a final basis [D.I. 408].

10.      The Court held a hearing on the Original Motion on January 11, 2023 (the "January 11 Hearing").  At the January 11 Hearing, the Court granted the Original Motion on a final basis and, on January 20, 2023, entered the *Final Order (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on a Final Basis and (III) Granting Certain Related Relief* [D.I. 545] (the "Original Order").

---

[2]      Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Original Motion.

11.     The Original Order authorized the Debtors, among other things, to redact from all public filings:  (a) addresses and e-mail addresses of their creditors and equity holders who are natural persons on a permanent basis; (b) names, addresses and e-mail addresses of their customers, including those customers who are not natural persons, until the "Redaction Deadline," which as defined therein, was April 20, 2023; and (c) names, addresses and e-mail addresses of any creditors or equity holders who are natural persons and who are protected by the GDPR until the Redaction Deadline.  (Original Order ¶¶ 4-6.)

12.     The Original Order was entered with an express reservation of rights of the Debtors, the Committee and all other parties-in-interest to seek an extension of the Redaction Deadline, or to request authorization to redact any personal information of customers, creditors or equity holders on any other grounds.  (*Id.* ¶ 7.)

13.     On April 20, 2023, the Debtors filed the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1324] (the "First Extension Motion").

14.     On May 2, 2023, the Media Intervenors filed an objection to the First Extension Motion [D.I. 1406].  On May 9, 2023, the U.S. Trustee also filed an objection to the First Extension Motion [D.I. 1467].

15.     The Court held an evidentiary hearing on the First Extension Motion on June 8, 2023 and June 9, 2023 (collectively, the "June Hearing").  At the June Hearing, Kevin Cofsky, of Perella Weinberg Partners, testified before the Court that the Debtors' customer lists are of value to the Debtors' business and that disclosure of these lists would jeopardize the Debtors' ability to maximize value.  (June 8, 2023 Hr'g Tr. 143:7-8; 152:1-16.)  Further, at the June Hearing,

Jeremy A. Sheridan, an expert in cybercrime, testified to his belief that, were the names of the Debtors' customers who are natural persons to be released, these individuals would be targeted by criminal schemes. (June 9, 2023 Hr'g Tr. 25:21 – 26:3.) At the June Hearing, the Court credited Mr. Cofsky's testimony and granted the First Extension Motion with respect to the Movants' request to redact customer names pursuant to 107(b) of the Bankruptcy Code for an additional 90 days. The Court further granted the First Extension Motion with respect to the Movants' request to redact the customer names of individuals under 107(c) of the Bankruptcy Code on a permanent basis. The Court denied the First Extension Motion with respect to the request to redact creditor and equity holder names under the GDPR and/or other local data privacy laws. (*Id.* Hr'g Tr. 156:14 – 158:21.)

16.     On June 15, 2023, the Court entered the *Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1643] (the "<u>First Extension Order</u>"). The First Extension Order authorized the Movants, pursuant to section 107(c)(1) of the Bankruptcy Code, to permanently redact the names of all customers who are natural persons from all filings with the Court or made publicly available in these Chapter 11 Cases in which disclosure would indicate such person's status as a customer. (First Extension Order ¶ 4.) The First Extension Order also authorized the Movants to, pursuant to 107(b)(1) of the Bankruptcy Code, redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names of all customers, and to redact the names, addresses and e-mail addresses of customers who are not natural persons, was only granted until the date that is 90 days from the date of entry of the First Extension Order (such

date, the "Extended Redaction Deadline").  The Extended Redaction Deadline is set to expire on

September 13, 2023.[3]  (*Id.* ¶ 2.)

## Jurisdiction

17.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicates for the relief requested herein are sections 105 and 107 of the

Bankruptcy Code and Bankruptcy Rule 9018.  Pursuant to Local Rule 9013-1(f), the Movants each

consent to the entry of a final order or judgment by the Court in connection with this Motion to

the extent it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

18.    By this Motion, the Movants request entry of the Order, substantially in the

form attached hereto as Exhibit A, authorizing each of the Movants to redact the names, addresses

and e-mail addresses of all of the Debtors' customers from any filings with the Court or made

publicly available in these Chapter 11 Cases for an additional 90 days; *provided* that the Debtors

and the Committee, as applicable, will provide the U.S. Trustee and counsel to the Committee or

the Debtors, as applicable, as well as certain other governmental parties, copies of unredacted

filings upon request and any other party copies of unredacted filings upon order of the Court.

---

[3]    Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Redaction Deadline shall
automatically extend the Redaction Deadline until the Court acts on this Motion without the necessity for entry
of a bridge order.

## Basis for Relief

I.     **Cause Exists to Further Extend the Extended Redaction Deadline for an Additional 90 Days Pursuant to Section 107(b)(1) of the Bankruptcy Code.**

19.     Section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, at the request of a party-in-interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).    Pursuant to Bankruptcy Rule 9018, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

20.     The Debtors argued in connection with the Original Motion that their customer lists are a potentially significant source of value for their estates.  (Original Mot. ¶ 12.) At the January 11 Hearing, Mr. Cofsky testified that as part of the Debtors' ongoing strategic review, his view is that there is value in the Debtors' customer lists, and that whether the exchanges are sold or reorganized, value is maximized by ensuring that competitors are not able to solicit customers and prematurely move them to other platforms.  (Jan. 11, 2023 Hr'g Tr. 25:4-26:15.) Mr. Cofsky went on to testify that his view is that third parties will place significant value on the Debtors' customer lists in a sale process, and that maintaining the identity of the customers without disclosure will give buyers confidence that what they are buying is actually of value.  (*Id*. at 30:21-31:5.)  The same reasoning applies to a reorganized debtor entity, which would retain more value if the Debtors' customers have not been poached and are not transacting on another exchange.  (*Id.* at 31:6-11.)

21.     The Court agreed.  In granting the Original Motion on a final basis, the Court stated that "I think it goes without saying that a customer list in any bankruptcy case is

something that is protected by 107(b) as a trade secret.  Companies hold those things very closely and don't want them disclosed."  (*Id.* at 103:1-5.)

       22.     The Debtors then argued in connection with the First Motion Extension that the customer lists remain an important asset of the Debtors' estate and a potential source of value. At the June Hearing, Mr. Cofsky again testified that the lists of customer names is "extraordinarily valuable," both in the context of a reorganization and of a sale.  (June 8, 2023 Hr'g Tr. 142:13-19.)  Mr. Cofsky further testified that, even if the Debtors are unable to reorganize or sell their businesses, the customer lists themselves are likely to be of value to third parties—and therefore a critical source of potential recovery for the Debtors' customers and other creditors.  (*Id.* at 143:7-144:15.)  Mr. Cofsky also testified that the Debtors are still considering whether the Debtors will ultimately reorganize or sell their businesses, and that the Debtors continue to engage in discussions with third parties regarding potential paths forward.  (*Id.* at 146:5-11.)  If disclosure of the Debtors' customer lists were to occur at this stage, Mr. Cofsky testified that this process would be negatively impacted, potentially significantly.  (*Id.* at 147:8-9.)

       23.     The Court again agreed.  In granting the First Extension Motion with respect to the Movants' redaction request pursuant to section 107(b), the Court stated:

> I think the evidence presented was uncontroverted that customer identification has value.  It has value to the Debtors' estates.  And under 107(b), the customer names constitute a trade secret… And as a result, those names can continue to be redacted for an additional 90 days while the Debtors continue to seek how they're going to come out of these bankruptcies; if they're going to sell the assets, including the customer lists, or if they're going to reorganize, in which case, they're going to want the customer lists.

(June 9, 2023 Hr'g Tr. 156:16-25.)

       24.     As Mr. Cofsky will confirm at any hearing on this Motion, the Debtors continue to require more time to maximize the value of these assets, and thus continued protection

pursuant to section 107(b) is necessary and appropriate. The Debtors are still engaged in discussions with third parties regarding the sale of or other transaction involving the exchanges and/or customer lists. As the Court acknowledged, the customer lists should remain confidential under these circumstances. This process is not yet complete, and the path forward is not yet determined. However, the record is clear that disclosure of the customer lists now would be premature and value-destructive. (June 8, 2023 Hr'g Tr. 2023 146:5-12.) This relief is critical notwithstanding the relief granted in the First Extension Order pursuant to section 107(c) because that relief does not cover the Debtors' institutional customers.

25.    Accordingly, the Movants request at this time a further extension of the Extended Redaction Deadline for another 90 days from the date of entry of an order with respect to all customer names, addresses and e-mail addresses to preserve the value of the Debtors' customer lists.

## Notice

26.    Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; and (f) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Movants submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Movants respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated:  September 13, 2023
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

Dated: September 13, 2023
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert F. Poppiti*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  mlunn@ycst.com
       rpoppiti@ycst.com

-and-

**PAUL HASTINGS LLP**
Kristopher M. Hansen*
Kenneth Pasquale*
Gabriel E. Sasson*
Isaac S. Sasson*
John F. Iaffaldano*
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Email:  krishansen@paulhastings.com
       kenpasquale@paulhastings.com
       gabesasson@paulhastings.com
       isaacsasson@paulhastings.com
       jackiaffaldano@paulhastings.com

*Admitted pro hac vice*

*Counsel to the Official Committee of Unsecured Creditors*