# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: October 4, 2023 at 1:00 p.m. (ET)**<br>**Obj. Deadline: September 27, 2023 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) GRANTING LEAVE FROM LOCAL RULE 3007-1(f) TO PERMIT THE FILING OF SUBSTANTIVE OMNIBUS OBJECTIONS AND (II) GRANTING RELATED RELIEF

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting relief from certain of the requirements of rule 3007-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to permit (but not require) the Debtors to exceed certain claims objection limits and to modify the requirement that the Debtors include all substantive grounds for objection at the same time and granting related relief. In support of this Motion, the Debtors respectfully state as follows:

### Background

1.    On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court")

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

{1368.002-W0072464.5}

voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Jurisdiction

3. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code, rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1 and 3007-1. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Facts Specific to the Relief Requested**

4. On May 19, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1519] (the "Non-Customer Bar Date Order"). The Non-Customer Bar Date Order established, among other things, June 30, 2023 at 4:00 p.m. (ET) as the deadline to file proofs of interest and proofs of claim for Non-Customer Claims (*i.e.*, any claim other than a Customer Claim (as defined in the Non-Customer Bar Date Order)) (the "Non-Customer Bar Date") and September 29, 2023 at 4:00 p.m. (ET) as the deadline by which governmental units must file proofs of claim (the "Governmental Bar Date").

5. On June 28, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1793] (the "Customer Bar Date Order") establishing, among other things, September 29, 2023 at 4:00 p.m. (ET) as the deadline for customers to file Customer Claims (the "Customer Bar Date").

6. On July 31, 2023, the Debtors filed the *Draft Plan of Reorganization* and accompanying *Term Sheet* [D.I. 2100] (together, the "Draft Plan").

7. As of the date of this Motion, approximately 2,200 Non-Customer Claims were filed against the Debtors. To date, approximately 52,000 Customer Claims have been filed. The Debtors anticipate numerous additional Customer Claims will be filed on or before the Customer Bar Date and additional claims may be filed by governmental units in advance of the

Governmental Bar Date.

### Basis for Relief Requested

8. The Debtors and their professionals have begun reviewing, reconciling and administering the thousands of claims filed to-date against the Debtors with the Debtors' schedules and statements and currently available books and records. While this analysis and reconciliation is still ongoing, the Debtors anticipate filing a significant number of omnibus claims objections during these Chapter 11 Cases.

9. To streamline the claims objection process, the Debtors request relief from certain default requirements set forth in Bankruptcy Rule 3007 and Local Rule 3007-1 to permit the Debtors to file omnibus objections to proofs of claim in an orderly and efficient manner. Given the extensive nature of the claims filed, the relief requested herein is appropriate and is in the best interests of the Debtors, their estates and all parties in interest.

10. The voluminous number of claims in these Chapter 11 Cases warrants the adoption of procedures that allow for omnibus objections under section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, so that the parties can address, and the Court can resolve, issues in a more efficient manner. Strict application of the Bankruptcy Rules and Local Rules applicable to substantive and/or omnibus claim objections would make the assertion of objections and resolution of claims, at the volume present in these Chapter 11 Cases, essentially impossible.

11. Absent relief from the Court, the Bankruptcy Rules prescribe that claim objections be filed individually or, in the case of non-substantive objections, up to a limit of 100 claims per objection. *See* Bankruptcy Rule 3007(c), (d) & (e)(6). The Local Rules provide that substantive objections must be filed separately for each claim, except for up to three omnibus

objections of up to 100 claims per month. *See* Local Rule 3007-1(f)(i). In addition, the Local Rules require that a substantive claim objection include *all* substantive grounds for objection to the claim in a single objection. *See* Local Rule 3007-1(f)(iii).

12. The Court has the discretion to modify these rules. *See* Bankruptcy Rule 3007(c) (providing that the Court may order variation from the default limits on joinder of claims in a single objection); Local Rule 1001(c) ("The application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice."). Pursuant to Local Rule 3007(f)(ii), leave from the Local Rules may be sought for cause. *See* Local Rule 3007-1(f)(ii).

13. The Local Rules provide an untenable solution to claims resolution in a case of this magnitude. Proceeding according to the default rule would therefore require the Debtors to generate additional, entirely duplicative objections, and to do so over an artificially extended time-period. In other words, in the absence of the relief requested, the Debtors will be subject to additional burdens and delays, without any identifiable benefit to the Debtors, their estates or other parties-in-interest. Those burdens and delays, if extensive enough, could threaten the Debtors' ability to confirm a plan on their proposed timeline to the detriment of the Debtors, their estates and all parties in interest. Here, the Court should permit the Debtors to vary from the default rules to the extent requested, in light of the facts of these unique cases. The alternative—individual objections, or even omnibus objections limited to 100 claims, when the Debtors are faced with thousands, if not millions, of proofs of claims subject to disallowance— would be burdensome, dilatory and without benefit.

14. Courts in this district have granted similar relief from the filing limitations in other cases under analogous circumstances. *See, e.g., In re Destination Maternity Corp.*, Case No. 19-12256 (BLS) (Bankr. D. del. Nov. 15, 2021) [D.I. 1170]; *In re Mallinckrodt PLC*, Case

No. 20-12522 (JTD) (Bankr. D. Del. July 30, 2021) [D.I. 3478]; *In Re PES Holdings, LLC*, Case No. 19-11626 (KG) (Bankr. D. Del. Dec. 9, 2019) [D.I. 652]; *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. Aug. 27, 2018) [D.I. 3307]; *In re Energy Future Holdings Corp.*, Case No 14-10979 (CSS) (Bankr. D. Del. July 9, 2015) [Docket No. 4956].

15. The Court accordingly should exercise its discretion to grant relief from Local Rule 3007-1(f)(i) and permit the parties to file multiple omnibus claim objections on substantive grounds, so long as each objection raises common legal issues. Relief from Local Rule 3007-1(f)(iii) is essential to an efficient and workable claims objection process in these Chapter 11 Cases. Local Rule 3007-1(f)(iii) provides, in relevant part, that "[a]n Objection based on substantive grounds . . . shall include all substantive objections to such claim." This rule requires an objecting party to raise all of its substantive objections to a single claim at the same time in a single objection.

16. In these Chapter 11 Cases, application of Local Rule 3007-1(f)(iii) would require the Debtors (or any other party in interest) to develop and state objections to every conceivable aspect of each claim, many of which the Debtors believe can be summarily disallowed on threshold issues. For example, the Debtors assert that many claims have no basis at all, and the Debtors should not be tasked with imagining other possible bases for objection in order to refute all aspects of the claims.

17. In sum, for all the reasons set forth herein, cause exists to warrant the Court exercising its discretion to grant the requested relief. The requested relief is in the best interest of the Debtors, their estates and all parties in interest and will help to move these Chapter 11 Cases forward on an expeditious and efficient manner.

**Reservation of Rights**

18. Nothing in this Motion is intended or should be construed as: (a) an admission as to the validity or priority of any claim, equity interest or lien against the Debtors; (b) a waiver of the Debtors' rights to dispute or otherwise object to any claim, equity interest or lien on any grounds or basis; (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or the Order; or (e) a waiver or release of the Debtors' or any other party in interests' rights, claims, defenses, or counterclaims under the Bankruptcy Code or any other applicable law.

**NOTICE**

19. Notice of this Motion has been provided to (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Ad Hoc Committee of Non-US Customers of FTX.com; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice is required.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: September 19, 2023
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*