IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date:  October 19, 2023, at 10:00 a.m.<br><br>Objection Deadline: September 27, 2023<br><br>Re:  D.I. 2508 |

**UNITED STATES TRUSTEE'S OBJECTION TO SECOND JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE MOVANTS TO REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this omnibus objection (the "Objection") to the *Second Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 2508] (the "Second Joint Motion") and respectfully states:

### I.　　PRELIMINARY STATEMENT

1.　Since the commencement of these cases in November, 2022, the names, addresses and email addresses of all of the Debtors' customers, whether natural persons or entities, have been sealed in nearly all Court filings. The most recent Order in which the Court authorized

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

such sealing, entered on June 15, 2023, gave the Debtors and the Committee the ability to file under seal for a 90 day period the names, addresses and email addresses of their customers, whether natural persons or entities, in all Court filings in which disclosure would indicate the status of such person or entity as a customer, pursuant to section 107(b)(1) of the Bankruptcy Code.[2]  By the Second Joint Motion, the Debtors and the Committee seek to extend the period of time for which they can file such information under seal for an additional 90 days.  If granted, such information would be sealed for a period that extends more than a year after these cases were filed.

      2.      The U.S. Trustee opposes the Second Joint Motion for the reasons set forth in the *U.S. Trustee's Objection to the Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals and (III) Granting Certain Related Relief* [D.I. 200] and the *Supplement to the United States Trustee's Objection to the Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals and (III) Granting Certain Related Relief* [D.I. 362], and the *United States Trustee's Omnibus Objection to the (A) Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers*

---

[2] That Order also granted, on a permanent basis under section 107(c)(1), the right of the Debtors and the Committee to seal the names of customers who are natural persons. *See* D.I. 1643, ¶ 4.

*and Personal Information of Individuals and (B) the Ad Hoc Committee of Non-US Customers of FTX.Com's Motion to File Under Seal (I) the Verified Statement of Eversheds Sutherland (US) LLP and Morris Nichols, Arsht & Tunnell LLP Pursuant to Bankruptcy Rule 2019 and (II) the Supporting Declaration* [D.I. 1467] (the "U.S. Trustee's Omnibus Objection," and collectively with the other objections, the "Prior Objections"). Attached hereto as Exhibit 1 is the U.S. Trustee's Omnibus Objection, which in turn attaches the two other Prior Objections as Exhibits A and B thereto. All three of the Prior Objections are incorporated herein in full.

3. By this Objection, the U.S. Trustee also sets forth certain additional arguments detailed below.

4. For the reasons set forth in the U.S. Trustee's Prior Objections, and those set forth below, the Motion should be denied.

## II.    JURISDICTION, VENUE AND STANDING

4. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

5. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),*

3

33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

### III.    FACTUAL BACKGROUND

7.    On November 11, 2022, the Debtors filed voluntary chapter 11 petitions in this Court.

8.    The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

9.    The U.S. Trustee appointed an official committee of unsecured creditors on December 15, 2022.

10.    On November 19, 2022, the Debtors filed the Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals and (III) Granting Certain Related Relief [D.I. 45] (the "Original Motion"), seeking both interim and final relief.

11.    A hearing on the interim relief sought in the Original Motion took place at the "first day" hearing on November 22, 2022.  On November 23, 2022, the Court entered an order granting interim relief on the Motion (the "Interim Order") and set the hearing to consider approval of final relief for December 16, 2022.  D.I. 157.

12.    On December 12, 2022, the U.S. Trustee filed his objection to the Original Motion.  *See* D.I. 200, attached as Ex. A to the U.S. Trustee's Omnibus Objection, which is Exhibit 1 hereto.

13.    On January 1, 2023, the U.S. Trustee filed his supplement to the objection to the

4

Original Motion. *See* D.I. 362, attached as Ex. B to the U.S. Trustee's Omnibus Objection, which is Exhibit 1 hereto. That supplement addressed redactions of (a) the names of parties on the parties in interest list attached to any retention application, and (b) the names of any parties in interest with whom a professional has a connection or otherwise makes a disclosure.

14.  A hearing on the final relief sought by the Original Motion took place on January 11, 2023. On January 20, 2023, the Court entered the *Final Order (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on a Final Basis and (III) Granting Certain Related Relief* (the "Original Order"). D.I. 545. The Original Order included authorization for the Debtors to redact from all public filings the following:

(a)  addresses and e-mail addresses of their creditors and equity holders who are natural persons on a permanent basis;[3]

(b)  names, addresses and e-mail addresses of their customers, including those customers who are not natural persons, until the "Redaction Deadline," defined to expire on April 20, 2023; and

(c)  names, addresses and e-mail addresses of any creditors or equity holders who are natural persons and who are protected by the GDPR, until the Redaction Deadline.

*See* Original Order, ¶¶ 4-6.

15.  On April 20, 2023, which was 90 days after the Court entered the Original Order, the Debtors and the Committee filed the *Joint Motion of the Debtors and the Official Committee*

---

[3] The U.S. Trustee did not object to that relief.

*of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1324] (the "First Joint Motion").

16. On May 9, 2023, the U.S. Trustee filed the U.S. Trustee's Omnibus Objection to the First Joint Motion, as well as to the *Ad Hoc Committee of Non-US Customers of FTX.Com's Motion to File Under Seal (I) the Verified Statement of Eversheds Sutherland (US) LLP and Morris Nichols, Arsht & Tunnell LLP Pursuant to Bankruptcy Rule 2019 and (II) the Supporting Declaration* [D.I. 1137](the "Ad Hoc Committee's Motion").[4]

17. The Court held an evidentiary hearing on the First Joint Motion on June 8, 2023 and June 9, 2023.

18. On June 15, 2023, the Court entered the *Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1643] (the "First Extension Order"), which granted the First Joint Motion in part, and denied it in part:

> (a) The Court granted the Debtors and the Committee the ability, pursuant to section 107(b)(1) of the Bankruptcy Code, to continue to "redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases;" in "which disclosure would indicate the status of such person or entity as a customer," except that "the authorization to redact the names of all customers, and to redact the names, addresses and e-mail addresses of customers who are not natural persons, is only until the date that is 90 days from the date

---

[4] This Court denied the Ad Hoc Committee's Motion by Order entered on July 10, 2023. *See* D.I. 1858.

of the entry of [the First Extension] Order (such date, the "**Extended Redaction Deadline**")." *See* D.I. 1643 ¶ 2 (emphasis added). The First Extension Order allowed any party to seek further extension of the Extended Redaction Deadline. *See id.*, ¶ 3.

    (b)      The Court granted the Debtors and the Committee the ability, pursuant to § 107(c)(1), "to permanently redact the names of all customers who are natural persons from all filings with the Court or made publicly available in these Chapter 11 Cases in which disclosure would indicate such person's status as a customer." *See id.*, ¶ 4.

    (c)      The Court denied that portion of the First Joint Motion that sought to "redact names, address and email addresses of any creditors or equity holders who are natural persons from any filings with the Court . . . on the basis that such persons are protected by the GDPR or Japan data privacy law." *See id.*, ¶ 5.

    (d)      The Court granted the request to authorize the Debtors' claims and noticing agent the ability to "(a) suppress from the Claims Register (i) the names, addresses and e-mail addresses of the Debtors' customers **until the Extended Redaction Deadline**, and (ii) the names of the Debtors' customers who are natural persons; (b) file affidavits of services redacting (i) the names, addresses and e-mail addresses of the Debtors' customers **until the Extended Redaction Deadline**, and (ii) the names of the Debtors' customers who are natural persons; and (c) withhold publication of proofs of claim filed by customers in accordance with the terms of this Order, provided that the Claims and Noticing Agent shall serve the Debtors' customers, creditors and equity holders at their actual addresses and e-mail addresses." *See id.*, ¶ 7, emphasis added.

19.      The 90 day period set forth in paragraphs 2 and 7 of the First Extension Order was set to expire on September 13, 2023. On that same date, the Debtors and the Committee filed

their Second Joint Motion, seeking to extend that period for an additional 90 days.[5]  Those 90 days would begin to run from the date the Court entered any order granting the Second Joint Motion.  Assuming an order granting the motion was entered immediately after the hearing on October 19, 2023, the order would extend the period in which redactions would be permitted to January 13, 2024.

## IV.     ARGUMENT

20.     The U.S. Trustee restates and incorporates the arguments set forth in the Prior Objections attached hereto collectively as Exhibit 1, as if fully set forth herein.  However, as the Court previously denied the request set forth in the First Joint Motion that was based on foreign law, those portions of the Prior Objections addressing foreign law are no longer relevant.  *See* First Extension Order, D.I. 1643, ¶5.

21.     In addition to the arguments set forth in the Prior Objections, the U.S. Trustee also objects to the Second Joint Motion to the extent it seeks to redact customer information from claims objections.  It appears that the Debtors are preparing to file omnibus claims objections in these cases.  *See Debtors' Motion for Entry of an Order (I) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections and (II) Granting Related Relief,* D.I. 2646.  To the extent that such omnibus objections address claims held by customers, and it can be determined from the context of the objection that the claims are held by customers, the relief sought in the Second Joint Motion would allow the names of all such customers to be sealed, even from the customers themselves.   The Debtors need to explain how, if the relief they

---

[5]  In the Second Joint Motion, the Debtors and the Committee do not specify that they are seeking to extend the 90 day period with respect to paragraph 7 of the First Extension Order, relating to what information can be suppressed from the Claims Register. However, they do include a provision in the proposed order that would have such effect.

seek in the Second Joint Motion is granted, they will provide adequate notice to customers that the Debtors are objecting to their claims, and the grounds upon which such objections are based.

22.    In addition to the overall objection to the relief sought by the Second Joint Motion, the U.S. Trustee also objects to certain aspects of the proposed form of order. The proposed form of order includes provisions -- set forth in paragraphs 4, and 6 through 9 of the proposed order -- that appear to simply repeat provisions included in the First Extension Order. There is no necessity to repeat such provisions, as they reflected final rulings of this Court. Rather, the proposed order, if entered by the Court, should instead state that, other than extending the Extended Redaction Deadline set forth in paragraphs 2 and 7 of the First Extension Order, all provisions of the First Extension Order, as well as those of the Original Order, remain in full force and effect. While paragraph 10 of the proposed form of order attempts to do that, it paraphrases certain rulings from the First Extension Order inaccurately. Therefore, if the Court determines to grant the Second Joint Motion, the U.S. Trustee requests that paragraphs 4 and 6 through 9 of the proposed order be eliminated, and what is now paragraph 10 be restated as follows:

> Other than as to the Extended Redaction Deadline set forth in paragraphs 2 and 7 of the First Extension Order, nothing in this Order alters of modifies any provision of the Original Order or the First Extension Order. Both the Original Order and the First Extension Order remain in full force and effect.

23.    The U.S. Trustee leaves the movants to their burden of proof and reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the relief requested by the Motion, and grant any such other and further relief that the Court deems just and proper.

Respectfully Submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

Dated: September 27, 2023

By: */s/ Juliet Sarkessian*
Juliet Sarkessian, Esq.
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Juliet.M.Sarkessian@usdoj.gov