# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date: October 19, 2023, at 10:00 a.m.<br><br>Objection Deadline: October 12, 2023, at 4:00<br><br>Re: D.I. 1858 |

**UNITED STATES TRUSTEE'S MOTION TO COMPEL THE AD HOC COMMITTEE OF NON-U.S. CUSTOMERS OF FTX.COM TO COMPLY WITH THE COURT'S ORDER CONCERNING THE VERIFIED STATEMENT OF EVERSHEDS SUTHERLAND (US) AND MORRIS, NICHOLS, ARSHT & TUNNELL LLP PURSUANT TO BANKRUPTCY RULE 2019**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this motion (the "Motion") for the entry of an order compelling the Ad Hoc Committee of Non-U.S. Customers of FTX.Com (the "Ad Hoc Committee") to comply with this Court's Order [D.I. 1858] which denied the Ad Hoc Committee's motion for approval to seal certain information regarding its members in its Bankruptcy Rule 2019 statement. In support of this Motion, the U.S. Trustee respectfully represents:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

## I. PRELIMINARY STATEMENT

1. On March 22, 2023, the Ad Hoc Committee filed a motion to seal the names, addresses and email addresses of all its members, whether they be natural persons or entities [D.I. 1137]. This Court held a hearing on that motion on June 9, 2023. At that hearing, the Court denied the motion, and made it clear that the addresses as well as the names of all members of the Ad Hoc Committee had to be included in an unredacted, publicly filed, amended statement under Bankruptcy Rule 2019. The Court entered an Order reflecting its ruling on July 10, 2023 [D.I. 1858].

2. Although the Ad Hoc Committee did thereafter file an amended Rule 2019 statement, such statement did not include the actual addresses of any of the members of that committee. Instead, for every member, whether an institution or a natural person, the address listed was that of counsel, Eversheds Sutherland.

3. On September 6, 2023, counsel to the U.S. Trustee first notified counsel to the Ad Hoc Committee that their amended Rule 2019 statement was not in compliance with this Court's Order, and asked that a compliant statement be filed. After a number of communications, counsel for the Ad Hoc Committee indicated they did not intend to amend the addresses on the Rule 2019 statement for any of the members of the Ad Hoc Committee. Counsel for the U.S. Trustee indicated that this Motion would ensue.

4. The Ad Hoc Committee should be compelled to promptly comply with this Court's Order regarding their Rule 2019 statement, or, in accordance with Bankruptcy Rule 2019(e), the Ad Hoc Committee should not be permitted to be heard in these cases, and should be subject to any further sanctions the Court deems just and appropriate.

## II. JURISDICTION AND STANDING

5. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Motion.

6. Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Specifically, the U.S. Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G).

7. The U.S. Trustee has standing to be heard with respect to the Motion pursuant to 11 U.S.C. § 307.

## III. FACTUAL BACKGROUND

8. On or after November 11, 2022, the Debtors filed voluntary chapter 11 petitions in this Court.

9. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

10. The U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Official Committee") on December 15, 2022, consisting of nine members.[2]

11. On March 22, 2023, the Ad Hoc Committee filed *the Ad Hoc Committee of Non-US Customers of FTX.Com's Motion to File Under Seal (I) the Verified Statement of Eversheds Sutherland (US) LLP and Morris Nichols, Arsht & Tunnell LLP Pursuant to Bankruptcy Rule 2019 and (II) the Supporting Declaration* (the "Redaction Motion") [D.I. 1137]. In the Redaction Motion, the Ad Hoc Committee requested authorization to redact the names, addresses and email addresses of all members of the Ad Hoc Committee, whether they be natural persons or entities, from the Rule 2019 statements filed by the Ad Hoc Committee's counsel.

12. Two days later, on March 24, 2023, counsel to the Ad Hoc Committee filed the *Verified Statement of Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnel LLP Pursuant to Bankruptcy Rule 2019* [D.I. 1156].

13. On May 9, 2023, the U.S. Trustee objected to the Redaction Motion as part of the *Omnibus Objection of the U.S. Trustee to the* (A) *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals, and (B) the Ad Hoc Committee of Non-US Customers of FTX.Com's Motion to File Under Seal (I) the Verified Statement of Eversheds Sutherland (US) LLP and Morris Nichols, Arsht & Tunnell LLP Pursuant to Bankruptcy Rule 2019 and (II) the Supporting Declaration* [D.I. 1467].

---

[2] One member of the Official Committee, Acaena Amoros Romero, has since resigned.

4

14. On June 7, 2023, counsel to the Ad Hoc Committee filed the *Verified First Supplemental Statement of Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnell LLP Pursuant to Bankruptcy Rule 2019* [D.I. 1580].

15. A hearing was held on the Redaction Motion on June 9, 2023. At that hearing, the Court denied the Redaction Motion, and had the following exchange with counsel for the Ad Hoc Committee:

> MR. WENDER: Your Honor, really quick, and I apologize. David Wender, on behalf of the Ad Hoc Committee. ***In filing an unredacted 2019, is it just the names that have to be unredacted or the addresses, as well?*** Because under 2019, we have to disclose it. It's -- provides for the name, the address, and disclose what economic interest.
>
> THE COURT: ***I think everything has to be disclosed under 2019.***
>
> Mr. WENDER: Okay. Thank you for that clarification.

*See* D.I. 1612, June 9, 2023 Tr. 161:20-162:5 (emphasis added).

16. On July 10, 2023, this Court entered its *Order Denying the Ad Hoc Committee of Non-US Customers of FTX.com's Motion to File Under Seal (I) Verified Statement of Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnell LLP Pursuant to Bankruptcy Rule 2019 and (II) the Declaration in Support of the Ad Hoc Committee of Non-US Customers of FTX.com's Motion to File Under Seal the Verified Statement of Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnell LLP Pursuant to Bankruptcy Rule 2019* [D.I. 1858] (the "Redaction Denial Order").

17. The Redaction Denial Order provided that the Redaction Motion was "DENIED for the reasons stated on the record by the Court at the hearing held on June 9, 2023." D.I. 1858, ¶ 1. It further provided that, "[n]o later than 30 days after entry of this Order, the Ad Hoc Committee shall file on the public docket an unredacted, amended verified statement pursuant to Bankruptcy Rule 2019, disclosing the members of the Ad Hoc Committee as of that date." *Id.*, ¶ 3. The Order also deemed withdrawn and stricken from the record a number of earlier filings of the Ad Hoc Committee. *Id.*, ¶¶ 2, 3.

18. The Ad Hoc Committee did not appeal the Redaction Denial Order, nor did it file a motion for reconsideration on any grounds.

19. On August 9, 2023, counsel to the Ad Hoc Committee filed the *Verified Second Supplemental Statement of Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnell LLP Pursuant to Bankruptcy Rule 2019* [D.I. 2144](the "Second Amended 2019 Statement").

20. The Second Amended 2019 Statement lists 38 members of the Ad Hoc Committee, described as "international customers . . . who hold accounts on the FTX.com platform." D.I. 2144, ecf p. 1 of 5. With respect to each member, the Second Amended 2019 Statement lists their name, the address of counsel to the Ad Hoc Committee (Eversheds Sutherland), and information regarding the amount of each member's claim. *See id.*

21. Of the 38 members of the Ad Hoc Committee listed on the Second Amended 2019 Statement, 10 members appear to be natural persons and 28 members appear to be institutions, funds, or other entities who are not natural persons.

22. On August 23, 2023, the Debtors filed the *Motion of Debtors to Enter Into, and Perform Their Obligations Under, the Reimbursement Agreements* [D.I. 2238] (the "Reimbursement Motion"). That motion seeks authorization for the Debtors to enter into, and perform obligations under, reimbursements agreements with the two law firms representing the Ad Hoc Committee – Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnell LLP – as well as with the Ad Hoc Committee's investment banker, Rothschild & Co. US Inc. The U.S. Trustee filed an objection to that motion on September 6, 2023. *See* D.I. 2443. That motion is scheduled to be heard by this Court on October 19, 2023.

23. In preparing the objection to the Reimbursement Motion, counsel for the U.S. Trustee first noticed that the Ad Hoc Committee's Second Amended 2019 Statement listed the same address for each member, and that such address was that of the Eversheds law firm. On September 6, 2023, counsel to the U.S. Trustee notified counsel to the Ad Hoc Committee that the Second Amended 2019 Statement failed to comply with this Court's Redaction Denial Order, which Order did not indicate that any information required for the Rule 2019 statement could be withheld or redacted. Counsel to the U.S. Trustee also quoted the exchange at the hearing on June 9 in which this Court made clear that addresses of the members had to be publicly filed. When no response was received to that September 6 email, counsel for the U.S. Trustee followed up on September 18 with counsel to the Ad Hoc Committee, asking for a response. After a number of exchanges of emails, counsel to the Ad Hoc Committee made it clear that they had no intention of amending the addresses of any of the Ad Hoc Committee members, whether they be natural persons, or institutions, funds, or other entities. Counsel for the U.S. Trustee advised them that the U.S. Trustee would be filing this Motion.

### IV.     ARGUMENT

24.     Bankruptcy Rule 2019 provides, in pertinent part, as follows:

**(b) Disclosure by groups, committees, and entities.**

**(1)** In a chapter 9 or 11 case, a verified statement setting forth the information specified in subdivision (c) of this rule shall be filed by every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another.

. . . .

**(c) Information required.** The verified statement shall include:

**(1)** the pertinent facts and circumstances concerning:

**(A)** with respect to a group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the formation of the group or committee, including the name of each entity at whose instance the group or committee was formed or for whom the group or committee has agreed to act; or

**(B)** with respect to an entity, the employment of the entity, including the name of each creditor or equity security holder at whose instance the employment was arranged;

. . . .

**(3)** if not disclosed under subdivision (c)(1) or (c)(2), with respect to each creditor or equity security holder represented by an entity, group, or committee, other than a committee appointed under § 1102 or § 1114 of the Code:

**(A)** *name and address*; and

**(B)** the nature and amount of each disclosable economic interest held in relation to the debtor as of the date of the statement; and

. . . .

Fed. R. Bankr. P. 2014 (b) – (c)(emphasis added).

25.     As indicated above, by its Redaction Motion, the Ad Hoc Committee had requested authorization from the Court to redact from their Rule 2019 statements the names, addresses and email addresses of all members of the Ad Hoc Committee, whether they be natural persons, institutions, funds, or other entities.  This Court deny the relief requested in that motion,

8

without exception. *See* D.I. 1858. Moreover, at the hearing on the Redaction Motion, the Court made it clear, in response to a question posed by counsel to the Ad Hoc Committee, that not only did the names of the members of the Ad Hoc Committee have to be disclosed in an unredacted Rule 2019 statement, but also the address of each member.

26. Despite having asked the Court at the hearing whether the Court's denial of the Redaction Motion extended to addresses, and being informed by the Court that it did, counsel to the Ad Hoc Committee failed to include the addresses of any of their members in the Second Amended 2019 Statement filed after entry of the Redaction Denial Order. Nor did counsel for the Ad Hoc Committee take steps to make their Rule 2019 statement compliant with this Court's ruling even after counsel to the U.S. Trustee pointed out such non-compliance. To the contrary, counsel to the Ad Hoc Committee made it clear that they had no intention of complying with that portion of the Court's ruling that required the public disclosure of the addresses of the Ad Hoc Committee members. The Ad Hoc Committee should not be permitted to flout this Court's Order, especially while simultaneously seeking to have the Debtors' estates pay its professional fees.

27. Subsection (e) of Bankruptcy Rule 2019 sets forth the measures a court may take if a party that is subject to the requirements of Rule 2019 fails to comply with such requirements:

> **(e) Determination of failure to comply; sanctions.**
>> **(1)** On motion of any party in interest, or on its own motion, the court may determine whether there has been a failure to comply with any provision of this rule.
>> **(2)** If the court finds such a failure to comply, it may:
>>> **(A)** *refuse to permit the entity, group, or committee to be heard or to intervene in the case*;
>>> **(B)** hold invalid any authority, acceptance, rejection, or objection given, procured, or received by the entity, group, or committee; or

> **(C)** *grant other appropriate relief*.

Fed. R. Bankr. P. 2014 (e)(emphasis added).

28. Given the knowing refusal of the Ad Hoc Committee to comply with this Court's Redaction Denial Order, the U.S. Trustee believes it would be appropriate for the Court to order that the Ad Hoc Committee shall not be permitted to be heard in these cases unless it complies with this Court's Redaction Denial Order by no later than two weeks after entry of any order this Court might enter on this Motion, and grant such other or further sanctions as the Court deems appropriate.

29. If the Court is amenable, the U.S. Trustee would not object to the Redaction Denial Order being amended to allow the Ad Hoc Committee to file under seal the addresses of only those members of the Ad Hoc Committee who are natural persons. Such a filing would be consistent with this Court's Order that allowed the Debtors to keep redacted the address of any member of the Official Committee who was a natural person, but required the Debtors to refile their Consolidated List of Top 50 Creditors without redacting the addresses of any other members of the Official Committee. *See* D.I. 545 ¶ 10.[3] If the Court were to allow such redactions, however, the actual addresses of those members of the Ad Hoc Committee who are natural persons must be included in the Rule 2019 statement that is filed under seal, as required by Local Rule 9018-1(d); their addresses cannot simply be omitted and replaced by the address of counsel, as the Ad Hoc Committee did in their Second Amended 2019 Statement. The Court's Redaction Denial Order should not be otherwise modified.

---

[3] That Order also required the Debtors to refile their Consolidated List of Top 50 Creditors without redacting the *names* of any of the members of the Official Committee, whether or not they be natural persons. *See* D.I. 545 ¶ 10.

10

WHEREFORE, the U.S. Trustee respectfully requests that the Court enter an order granting the Motion, in the form annexed hereto as **Exhibit A**, and granting any such other and further relief that the Court deems just and proper, including any sanctions the Court determines are appropriate to impose on the Ad Hoc Committee for their ongoing failure to comply with the Court's Redaction Denial Order.

Respectfully submitted,

**ANDREW R. VARA,
UNITED STATES TRUSTEE
REGIONS 3 AND 9**

Dated: September 28, 2023

By: */s/ Juliet Sarkessian*
Juliet Sarkessian, Esq.
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Juliet.M.Sarkessian@usdoj.gov