IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date: October 19, 2023 at 10:00 p.m.<br>Objection Deadline: September 27, 2023 at 4:00 p.m..<br>extended for the U.S. Trustee to October 3, 2023<br><br>Ref: Docket No. 2646 |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) GRANTING LEAVE FROM LOCAL RULE 3007-1(f) TO PERMIT
THE FILING OF SUBSTANTIVE OMNIBUS OBJECTIONS
AND (II) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"), through his counsel, files this objection to *Debtors' Motion for Entry of an Order (I) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections and (II) Granting Related Relief* (the "Motion"), and in support of that objection, states:

**PRELIMINARY STATEMENT**

1. By the Motion, the Debtors seek Court approval to modify the strict limitations set forth in Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule[s]") 3007(e)(6) and this Court's Local Rule of Bankruptcy Practice and Procedure ("Local Rule[s]") 3007-1(f)(i). If granted, the modifications would permit the Debtors to file an unlimited number of omnibus objections per month, each of which could assert objection to an unlimited number of claims. The Debtors further request Court permission to modify Local Rule 3007-1(f)(iii) to disregard

---

[1] The last four digits of the respective tax identification numbers for Debtors FTX Trading Ltd. and Alameda Research LLC are 3288 and 4063, respectively. A complete list of the additional Debtors tax identification numbers may be obtained on the website of the Debtors' claims agent at https:/cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd. is: Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

the requirement to specify "all" substantive grounds for objections against any claim. If granted, such relief would mean that the Debtors could file multiple substantive objections against each claim, in multiple omnibus claims objections. These requested modifications would result in confusion among, and additional burdens on, claimants. The requested modifications would also result in inefficiencies that would affect not just claimants, but the Court as well. Such modifications would also upset the balance between the rights of Debtors and of claimants that are embodied in Bankruptcy Rule 3007 and Local Rule 3007-1. For these reasons, set forth in more detail below, the Motion should be denied.

## JURISDICTION & STANDING

2. Pursuant to (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

3. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## FACTUAL BACKGROUND

5. On or after November 11, 2022, the Debtors filed voluntary chapter 11 petitions in this Court.

6. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

7. The U.S. Trustee appointed an official committee of unsecured creditors on December 15, 2022.

8. On September 19, 2023, the Debtors filed the Motion. [D.I. 2646]. By the Motion, the Debtors seek permission from the Court to avoid compliance with the provisions of Local Rules 3007-1(f)(i) and (iii) regarding substantive claims objections. In particular, the Debtors seek the ability to "file more than three omnibus claims objections per month," each of which "may exceed the 100-claim limit per substantive objection." Proposed Order [D.I. 2646-2] ¶ 2. The Debtors further seek Court authorization to avoid having to "raise all substantive objections to each claim in such omnibus objections." *Id.*

## ARGUMENT

**I. The Request to File an Unlimited Number of Omnibus Motions a Month, Against an Unlimited Number of Claims Should Be Denied Because it Is Not in the Interest of Justice.**

9. Federal Rule of Bankruptcy Procedure 3007(e)(6) provides: "(e) Requirements for Omnibus Objection. An Omnibus Objection shall: (6) contain objections to no more than 100 claims." The Debtors have provided no authority for this Court to undermine the strict parameters of this rule. Simply stated, there is no proper legal or factual basis to enable the Debtors to make an end run around Congress' clear intent.

10. In addition to the limits set forth in Bankruptcy Rule 3007(e) regarding omnibus objections, there are also limits set forth in the Local Rules of this Court. Local Rule 3007-1 (f)(i) provides that substantive objections to claims must be filed separately for each claim, except that three (3) Omnibus Objections of up to one hundred (100) claims per month can be filed. While subsection (f)(ii) of Local Rule 3007-1 gives the Court discretion to modify the limits of subsection (f)(i), such modifications must be "for cause." Del. Bankr. L.R. 3007-1(f)(ii). In addition, like other modifications to the Local Rules, such discretion should be exercised in the "interest of justice." Del. Bankr. L.R. 1001-1(c).

11. The interest of justice would not be served by the modification requested in the Motion. While these cases are large, they do not warrant an open-ended claims objection process. If the Motion were granted, it would open the floodgates to unlimited Omnibus Objections which might include thousands of claimants per objection. Contrary to Debtors' assertion of streamlined efficiency, this would likely lead to an unwieldy, chaotic claims objection process. Specifically, it could result in massive confusion for creditors (especially pro se claimants) in deciphering the objections and determining whether their claims are part of the objection. The net result could be creditors needlessly and unwittingly failing to respond to the objections, thereby leading to an undeserved windfall by default in the Debtors' favor.

12. Consequently, there is no just cause to modify Local Rule 3007-1(f)(i) to permit unlimited Omnibus Objections to be filed each month, in which the Debtors may object to an unlimited number of claims. Even if such modification were allowed under the Local Rules, Bankruptcy Rule 3007 does not permit modification of the restrictions that limit each omnibus objection to 100 claims. *See* Fed. R. Bankr. P. 3007(e)(6).

## II. The Motion Should Also Be Denied Because the Requested Modification Would Fail to Provide Claimants with Notice of All Substantive Objections.

13. Local Rule 3007-1 (f)(iii) provides:

> An Objection based on substantive grounds, other than incorrect classification of a claim, shall include all substantive objections to such claims.

14. By the Motion, the Debtors further seek Court permission to avoid compliance with Local Rule 3007-1(f)(iii), so that they may file multiple substantive objections at different times against the same claims. Although not mentioned by the Debtors in their Motion, unlike subsections (f)(i) and (ii) of Local Rule 3007-1, there is no provision in Local Rule 3007-1 that allows the restrictions of subsection (f)(iii) to be modified, other than the general provision set forth in Local Rule 1001-1(c).

15. This requested relief should be denied because it would upset the delicate balance between the interests of the Debtors and of claimants in the claims objection process. The Bankruptcy Rules clearly state that a proof of claim executed and filed in accordance with the Bankruptcy Rules "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see In re Lampe*, 665 F. 3d 506, 514 (3rd Cir. 2011). The challenger must rebut the presumption of validity with affirmative proof, and more than a mere general assertion is necessary to overturn the presumption. *See In re Colorado Corp.*, 531 F. 2d 463, 467 (10th Cir. 1976); *In re Lampe*, 665 F.3d at 514.

16. If the Motion is granted, these clear evidentiary burdens will be reversed, shifting dramatically in favor of the Debtors. Without the safeguards of Local Rule 3007-1(f)(iii), claimants would be required to prove their claims against vague, conclusory, or even unarticulated objections. This does not provide the notice or process required by the

Bankruptcy Code, the Bankruptcy Rules and the Local Rules as written. *See In re Lampe*, 665 F.3d at 514 (objector must produce evidence sufficient to negate prima facie validity of claim).

17. Further, the claim objection process is a contested matter which provides parties with the opportunity to conduct discovery consistent with the procedures incorporated in the Bankruptcy Rules. *See* Fed. R. Bankr. P. 9014(c); *see* Advisory Committee Note to Fed. R. Bankr. P. 9014(c). In the event a creditor seeks discovery without the benefit of a fully-pleaded objection to its claim, the creditor is at a great disadvantage in prosecuting its claim, propounding discovery, and preparing for the hearing on the objection.

18. In addition, if the relief the Debtors request is granted, it may sow confusion among creditors who successfully defend their claims against a substantive claims objection. Creditors who think their matter is fully resolved will not look future omnibus claims objections to see if their claim is again being objected to, on different substantive grounds. Moreover, after the Court has already ruled on one substantive claims objection, claimants should not have to review every single additional claims objection filed in the case, over months or years, to determine whether the Debtors have come up with a new theory on which to object to their claims.

19. Finally, if the Debtors are permitted to skirt the requirement of setting forth all substantive objections to a claim at the same time, there is nothing to prevent the Debtors from relitigating claims objections *ad infinitum*. If the Debtors are unsuccessful on the grounds stated in the objection, they could assert separate grounds, resulting in multiple bites at the same apple. Such a result would be detrimental to the rights of claimants and unduly creates judicial inefficiencies. Simply put, Local Rule 3007-1(f)(iii) is designed to provide the holder of a claim

with full notice and disclosure of all substantive objections to their claim. To deny creditors this protection would be inequitable, as it would force claimants to bear the expense of defending their claims multiple times, thereby eviscerating the intent of the Local Rules.

## **RESERVATION OF RIGHTS**

20. The U.S. Trustee reserves all rights, remedies, and obligations to, *inter alia*, complement, supplement, augment, alter, or modify this Objection, file any appropriate Motion, conduct any discovery as may be deemed necessary or as may be required, and assert such other grounds as may subsequently become apparent.

WHEREFORE, the U.S. Trustee respectfully requests that this Court enter an order denying the Motion and granting such other relief as the Court deems appropriate.

Dated: Wilmington, Delaware
September 29, 2023

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 AND 9

By:  */s/ Jonathan W. Lipshie*
Juliet Sarkessian
Benjamin A. Hackman
Jonathan W. Lipshie
Trial Attorneys
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Juliet.M.Sarkessian@usdoj.gov
Benjamin.A.Hackman@usdoj.gov
Jon.Lipshie@usdoj.gov