**Exhibit B**

Certified Copy of the 3AC Debtor's Recognition Order

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| Three Arrows Capital, Ltd,[1] | Case No. 22-10920 (MG) |
| Debtor in a Foreign Proceeding. | |

## ORDER GRANTING RECOGNITION OF
## FOREIGN MAIN PROCEEDING AND RELATED RELIEF

Upon the *Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding and Related Relief* (ECF Doc. # 2) (the "Verified Petition")[2] of Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd (the "Debtor"), which is the subject of an insolvency proceeding (the "BVI Proceeding") currently pending in the British Virgin Islands ("BVI") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court") and captioned as *In re Three Arrows Capital Limited*, Case No. BVIHCOM2022/0119 (June 27, 2022), in support of entry of an order:

    a.    finding that (i) the Debtor is eligible to be a "debtor" under chapter 15 of the Bankruptcy Code, (ii) the BVI Proceeding is a "foreign main proceeding" within the meaning of section 1502 of the Bankruptcy Code, or, alternatively a "foreign nonmain proceeding" within the meaning of section 1502 of the Bankruptcy Code, (iii) the Foreign Representatives satisfy the requirements of a "foreign representative" under section 101(24) of the Bankruptcy Code, and (iv) the Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code;

    b.    granting recognition of the BVI Proceeding as a "foreign main proceeding" under sections 1517 and 1520 of the Bankruptcy Code;

---

[1] The last four digits of the Debtor's British Virgin Islands company registration number are 0531. The location of the Debtor's registered office is ABM Chambers, P.O. Box 2283, Road Town, Tortola, VG1110, British Virgin Islands.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

    c.    granting all relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code;

    d.    pursuant to section 1521(a), (i) staying the commencement or continuation of proceedings concerning the Debtor's assets, rights, obligations or liabilities, to the extent not stayed automatically under section 1520(a); (ii) staying all parties from executing against, interfering with or otherwise disposing of the Debtor's assets, to the extent not stayed automatically under section 1520; (iii) providing that the Liquidation Order issued by the BVI Court is recognized, granted comity, and entitled to full force and effect in accordance with its terms, and that such terms shall be binding and fully enforceable in the United States; and (iv) entrusting the Foreign Representatives with the administration or realization of all of the Debtor's assets that are located within the territorial jurisdiction of the United States, including prosecution of any causes of action belonging to the Debtor;

    e.    waiving the 14-day stay of effectiveness of the Proposed Order;

    f.    granting related relief;

and upon the record of this case and the hearing held on July 28, 2022 (the "Hearing") on the Petition and this Court's review and consideration of the Petition, and the Declarations; and the Court having found and determined that the relief sought by the Petition is consistent with the purposes of chapter 15 of the Bankruptcy Code and is in the best interests of the Debtor and its creditors; and after due deliberation and sufficient cause appearing therefor; and for the reasons stated on the record at the Hearing;

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A.    This Court has jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended*

---

[3] The findings and conclusions set forth herein and on the record of the Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

2

*Standing Order of Reference* M-431 dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

B. The consideration of the Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and this Court may enter a final order consistent with Article III of the United States Constitution.

C. Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1).

D. Good, sufficient, appropriate, and timely notice of the filing of the Petition and the Hearing has been given by the Foreign Representatives, pursuant to Bankruptcy Rules 1011(b) and 2002(q) and the *Order Scheduling Hearing on Chapter 15 Petition and Related Relief and Specifying Form and Manner of Service of Notice* (ECF Doc. # 18) to (i) the United States Trustee for the Southern District of New York; (ii) the Securities and Exchange Commission; (iii) all known creditors of the Debtor; (iv) all parties that have filed a notice of appearance in this Chapter 15 Case; and (v) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Foreign Representatives are aware. In light of the nature of the relief requested and prior orders of this Court, no other or further notice is required.

E. No objections or responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F. The Debtor has property located in this District, and therefore, the Debtor is "eligible" to be a debtor in this Chapter 15 Case pursuant to sections 109 and 1501 of the Bankruptcy Code.

G. The BVI Proceeding is a "foreign proceeding" as such term is defined in section 101(23) of the Bankruptcy Code.



H.  The BVI Proceeding is pending in the BVI, which is where the Debtor has its "center of main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. As such, the BVI Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code, is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code and is entitled to all relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code.

I.  The Foreign Representatives are each a "person" as such term is defined in section 101(41) of the Bankruptcy Code and have been duly appointed and designated as the "foreign representatives" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

J.  This Chapter 15 Case was properly commenced pursuant to sections 1504 and 1509 of the Bankruptcy Code, and the Petition satisfies the requirements of section 1515 of the Bankruptcy Code.

K.  The relief granted herein is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to sections 105(a), 1504, 1507, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code and will not cause hardship to any party in interest. To the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Foreign Representatives, the Debtor, its creditors, and other parties in interest.

L.  The relief granted herein is necessary to effectuate the purposes and objectives of chapter 15 of the Bankruptcy Code and to protect the Debtor and the interests of its creditors and all parties in interest.



M.	In accordance with section 1507(b) of the Bankruptcy Code, the relief granted herein will reasonably assure: (i) the just treatment of all holders of claims against or interests in the Debtor's property; (ii) the protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in the BVI Proceeding; (iii) the prevention of preferential or fraudulent dispositions of property of the Debtor; and (iv) the distribution of proceeds of the Debtor's property substantially in accordance with the order prescribed in the Bankruptcy Code.

N.	The Foreign Representatives have demonstrated that the relief requested with respect to entrustment of the debtors' assets under section 1521(a)(5) is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to section 1521(a)(5) of the Bankruptcy Code;

O.	All creditors and other parties in interest, including the Debtor, are sufficiently protected in the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1.	The Petition and the relief requested therein are granted, and any objections or responses thereto that have not been withdrawn or resolved are overruled with prejudice.

2.	The BVI Proceeding is recognized as a "foreign main proceeding" under sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

3.	The Foreign Representatives is recognized as the "foreign representatives" as defined in section 101(24) of the Bankruptcy Code in respect of the BVI Proceeding.

4.	All relief and protection afforded to a foreign main proceeding under section 1520 of the Bankruptcy Code is hereby granted to the BVI Proceeding, the Debtor, and the Debtor

5

assets located in the United States, as applicable, including, without limitation, the application of the automatic stay under section 362 of the Bankruptcy Code to the Debtor and its property located in the territorial jurisdiction of the United States; *provided*, *however*, that the foregoing shall not be deemed to restrict any valid exercise of rights or remedies with respect to enforceable and perfected security interests by Digital Currency Group, Inc. and its affiliates (collectively, "DCG"); *provided*, *further* that DCG shall provide five (5) calendar days' notice to the Foreign Representatives, which notice may be effected via email, prior to exercising any such rights or remedies and all applicable parties' rights are reserved with respect to the validity, enforceability, perfection, and priority of any such security interests and any exercise of rights or remedies with respect thereto. For the avoidance of doubt, section 362 of the Bankruptcy Code shall apply in its entirety to the Debtor and its property located in the territorial jurisdiction of the United States.

5. Each Foreign Representative is entrusted with the administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States, as set forth in section 1521(a)(5) of the Bankruptcy Code.

6. To the extent not already provided in 11 U.S.C. § 1520 and subject to paragraph 4, all creditors and other persons are hereby enjoined from (i) disposing or otherwise taking any action against the Debtor or any property of the Debtor located within the territorial jurisdiction of the United States; and (ii) taking or continuing any act to obtain possession of or exercise control over, such property.

7. To the extent not already provided in 11 U.S.C. § 1520 and subject to paragraph 4, all persons are hereby enjoined from commencing any suit, action or proceeding in the territorial jurisdiction of the United States to resolve any dispute arising out of the BVI Proceeding or the BVI law.

6

8. The Liquidation Order is recognized, granted comity, and entitled to full force and effect in accordance with its terms, and that such terms shall be binding and fully enforceable in the United States.

9. The Foreign Representatives and the Debtor are authorized and empowered to, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order and the Liquidation Order.

10. No action taken by the Foreign Representatives, the Debtor or their respective agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the BVI Proceeding, the documents contemplated thereunder, this Order, the Chapter 15 Case, any further order for additional relief in the Chapter 15 Case, or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the immunity afforded such persons under sections 306 or 1510 of the Bankruptcy Code.

11. No party shall incur any liability for following the terms of this Order (whether by acting or refraining from acting), except in the case of the party's own gross negligence or willful misconduct.

12. Nothing herein shall modify the exclusive right of the courts of the BVI to hear and determine any suit, action, or proceeding and to settle any dispute which may arise out of the Liquidation Order, or out of any action to be taken or omitted to be taken under the Liquidation Order or in connection with the administration of the BVI Proceeding.

13. Pursuant to sections 1521(a)(6) and 1521(a)(7) of the Bankruptcy Code, the provisional relief granted by this Court pursuant to section 1519 of the Bankruptcy Code and that



7

certain *Order Granting Provisional Relief* (ECF Doc. # 32) shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

14. The Foreign Representatives, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

15. Notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules to the contrary, including, but not limited to Bankruptcy Rules 1018, 3020(e), 6004(h), 7062 and 9014, (a) this Order shall be effective immediately and enforceable upon its entry, (b) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order and (c) this Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

16. This Court shall retain jurisdiction with respect to the implementation, enforcement, amendment, or modification of this Order.

**IT IS SO ORDERED.**

Dated: July 28, 2022
       New York, New York

                                                                            /s/ **Martin Glenn**
                                                                           MARTIN GLENN
                                                      Chief United States Bankruptcy Judge

# United States Bankruptcy Court for the Southern District of New York



This page certifies that document is a True Certified Copy



I HEREBY ATTEST AND CERTIFY ON  9/27/2023

THAT THIS DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL FILED ON THE COURT'S ELECTRONIC CASE FILING SYSTEM.

CLERK, US BANKRUPTCY COURT, SDNY

BY: /s/ Annya Acosta DEPUTY CLERK