**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 2754 and 2755 |
| | Obj. Deadline: Oct. 12, 2023 at 4:00 p.m. EST |
| | Hearing Date: Oct. 19, 2023 at 10:00 a.m. EST |

**MOTION FOR AUTHORIZATION TO FILE UNDER SEAL (A) MOTION FOR COORDINATION AMONG COURTS AND (B) MOTION OF THE JOINT LIQUIDATORS OF THREE ARROWS CAPITAL, LTD. FOR ENTRY OF AN ORDER (I) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND BANKRUPTCY RULE 4001 AND (II) GRANTING RELATED RELIEF**

Russell Crumpler and Christopher Farmer, in their capacities as the joint liquidators (collectively, the "**Joint Liquidators**") appointed in the British Virgin Islands ("**BVI**") liquidation of Three Arrows Capital, Ltd. (in liquidation) (the "**3AC Debtor**") and foreign representatives of 3AC, as recognized pursuant to chapter 15 of the Bankruptcy Code, by and through the undersigned counsel, and pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**"), and rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

**RELIEF REQUESTED**

1. The Joint Liquidators hereby request authority to file under seal (a) *Motion of the Joint Liquidators of Three Arrows Capital, Ltd. for Coordination Among Courts* (the "**Coordination Motion**") and (b) *Motion of the Joint Liquidators of Three Arrows Capital, Ltd. for Entry of an Order (I) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Related Relief* (the "**Lift Stay Motion**"), publicly with statements therein regarding certain claims being advanced before the BVI Court (as defined below) (such statements, the "**BVI Claims Information**") redacted, while filing such motions unredacted under seal. The basis for the relief requested in this Motion is set forth in the *Declaration of Russell Crumpler in Support of the Motion of the Joint Liquidators for Authorization to File Under Seal (A) Motion for Coordination Among Courts and (B) Motion of the Joint Liquidators of Three Arrows Capital, Ltd. for Entry of an Order (I) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Related Relief*, attached hereto as **Exhibit A** (the "**Crumpler Declaration**"). Because the 3AC Debtor cannot outline the rationale for the relief sought herein without revealing confidential information related to the 3AC Debtor's ongoing proceedings before the BVI Court (as defined below), the 3AC Debtor likewise proposes to publicly file the Crumpler Declaration redacted in its entirety, while filing it unredacted under seal. The 3AC Debtor proposes to provide unredacted copies of the Coordination Motion, the Lift Stay Motion, and the Crumpler Declaration, on a strictly confidential basis, to (a) this Court, (b) the FTX Debtors, (c) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and (d) the official committee of unsecured creditors appointed in these chapter 11 cases (the "**Committee**"). A proposed form of order granting the relief requested herein is attached hereto as **Exhibit B** (the "**Proposed Order**").

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over the FTX Debtors' chapter 11 cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Joint Liquidators consent to this Court's entry of a final order on the Motion.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for relief are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Bankruptcy Rule 9018-1(d).

5.  Pursuant to Local Rule 9013–1(f), the Joint Liquidators consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

6.  The 3AC Debtor was an investment firm incorporated in the British Virgin Islands ("**BVI**"), with a focus on trading cryptocurrency and other digital assets with billions of dollars in assets under management as of April 2022. The 3AC Debtor collapsed around that time in the wake of extreme fluctuations in the cryptocurrency markets. On June 27, 2022, the 3AC Debtor commenced a liquidation proceeding before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "**BVI Court**"), and that court issued an order appointing Russell Crumpler and Christopher Farmer as joint liquidators of the 3AC Debtor. On July 1, 2022, the 3AC Debtor commenced a chapter 15 case, and on July 28, 2022, the U.S. Bankruptcy Court for the Southern District of New York granted recognition of the foreign main proceeding pending in the BVI. *See Order Granting Recognition Of Foreign Main*

*Proceeding And Related Relief*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. July 1, 2022), ECF No. 47.

7.    The 3AC Debtor asserts various claims on behalf of 3AC's estate against the FTX Debtors, as set forth in the proofs of claim filed with this Court by the 3AC Debtor (the "**3AC POCs**", and the claims set forth therein, the "**3AC Claims**").  Concurrently herewith, the 3AC Debtor filed with this Court the Coordination Motion, requesting consultation among and between this Court, the BVI Court, the BlockFi Court, the Celsius Court, and the Chapter 15 Court (each as defined in the Coordination Motion) to establish procedures to adjudicate the common issues of fact and law raised by the 3AC Claims (as defined in the Coordination Motion) in a centralized forum.

## BASIS FOR RELIEF

8.    The Bankruptcy Code provides strong support for sealing the BVI Claims Information and the related Crumpler Declaration.  Pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the 3AC Debtor to file the Coordination Motion, the Lift Stay Motion, and the Crumpler Declaration under seal by permitting the issuance of an order that protects from potential harm that may result from the disclosure of certain confidential information.  *See* 11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part, that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

9.    Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may

make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

10. If the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (holding that once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application."); *see also In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) ("[B]y its terms, the protections afforded in section 107(b)(1) do not just extend to a debtor. Rather, a bankruptcy court may 'protect an **entity** with respect to . . . commercial information.'") (emphasis original).

11. In *Orion Pictures*, the court noted under section 107(b)(1)'s exception to the general rule that court records are open to examination by the public an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28.

12. Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).

US-DOCS\145225448.3

Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing, Ltd.*, 295 B.R. at 724. Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. The 3AC Debtor submits that the BVI Claims Information and the information set forth in the Crumpler Declaration falls within the scope of confidential information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *In re Glob. Crossing, Ltd.*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

14. Here, for the reasons set forth in the Crumpler Declaration, 3AC's estate would be prejudiced if the BVI Claims Information, or the information set forth in the Crumpler Declaration, is revealed publicly. Accordingly, the 3AC Debtor respectfully submits that cause exists to allow it to redact the Coordination Motion, the Lift Stay Motion, and the Crumpler Declaration for public filing. However, to maximize transparency, the 3AC Debtor proposes to file a copy of the Coordination Motion, the Lift Stay Motion, and the Crumpler Declaration, entirely unredacted, with the Court under seal and to share copies thereof with the U.S. Trustee, the FTX Debtors, and the Committee on a strictly confidential basis.

## **NOTICE**

15. Notice of this Motion has been provided to (a) the Chambers of the Honorable John T. Dorsey, (b) the FTX Debtors, (c) the Committee, (d) the Office of the U.S. Trustee for the District of Delaware, and (e) all other parties entitled to notice pursuant to Bankruptcy Rule 2002.

The 3AC Debtor submits that such notice is sufficient, and no other or further notice need be provided.

## **NO PRIOR REQUEST**

16. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the 3AC Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 29, 2023  
       Wilmington, Delaware

Respectfully submitted,

*/s/ John W. Weiss*
John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
1007 North Orange Street, 4th Floor #183
Wilmington, DE 19801
Telephone: (732) 852-2481
Facsimile: (732) 852-2482
Email:   jweiss@pashmanstein.com
           jbarsalona@pashmanstein.com

– and –

Christopher Harris
Adam J. Goldberg
Brett M. Neve
Nacif Taousse
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:   adam.ravin@lw.com
           chris.harris@lw.com
           adam.goldberg@lw.com
           brett.neve@lw.com
           nacif.taousse@lw.com

– and –

Nima H. Mohebbi
Tiffany M. Ikeda
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:   nima.mohebbi@lw.com
           tiffany.ikeda@lw.com

*Counsel to the Joint Liquidators*
*of Three Arrows Capital, Ltd. (in liquidation)*