**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX Trading Ltd., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMERS REGARDING THE
DEBTORS' MONTHLY OPERATING REPORT FOR DECEMBER 2022**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") are filing their respective Monthly Operating Reports (each, an "MOR" and, collectively with Supporting Documents, the "MORs") in the United States Bankruptcy Court for the District of Delaware (the "Court") pursuant to rules 2015 and 9009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in accordance with Part 58, section 58.8, of the Code of Federal Regulations - Title 28.

The MORs are unaudited, limited in scope, and do not purport to represent financial information prepared in accordance with accounting principles generally accepted in the United States of America ("U.S. GAAP"). Information contained in the MORs is derived from the Debtors' currently available books and records and may not reflect in all circumstances presentation requirements for U.S. GAAP, International Financial Reporting Standards ("IFRS"), or any other accounting principles generally accepted in unique specific countries ("international GAAP"). Additionally, values presented in the financial information in the MORs in accordance with Accounting Standard Codification 852 – Reorganizations ("ASC 852") are preliminary and represent the Debtors' current understanding of the relevant facts and circumstances at the time of preparing the MORs, and, as such, are subject to change throughout the pendency of these Chapter 11 Cases. Therefore, to comply with their obligations to provide MORs during these Chapter 11 Cases, the Debtors have prepared the MORs using the best presently available information. The results of operations, financial position, and schedule of receipts and disbursements contained in the MORs are not necessarily indicative of results that may be expected for any period other than the period indicated in the MORs and may not necessarily reflect the Debtors' future consolidated results of operations, financial position, and schedule of receipts and disbursements.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Ms. Mary Cilia has signed the MORs on behalf of the Debtors. Ms. Cilia is the Chief Financial Officer of the Debtors. She has been authorized on behalf of the Debtors to certify that the information contained in the MORs is true and correct based on the currently available facts and circumstances known to the Debtors at the time of filing the MORs. In reviewing and signing the MORs, Ms. Cilia necessarily relied upon the efforts, statements and representations of the Debtors and the Debtors' financial, legal and other agents and advisors (collectively, the "Advisors"). Ms. Cilia has not (and could not have) personally verified each amount, quantity or current value listed in each of the MORs and attachments or the classification thereof.

The Debtors prepared the MORs with the assistance of their Advisors. The Debtors have made reasonable efforts to ensure the accuracy and completeness of the financial information presented in the MORs. Subsequent information or discovery of additional information may result in material changes in financial and other data contained in the MORs and inadvertent or unintentional errors, omissions, or inaccuracies may exist. The Debtors' investigations and reconciliations are ongoing and, as such, such investigations and reconciliations may result in adjustment of the information in the MORs in subsequently reported MORs.

These Global Notes regarding the MORs (the "Global Notes") pertain to, and are incorporated by reference in, and comprise an integral part of, all of the MORs. The Global Notes are in addition to the specific notes set forth below with respect to the MORs (the "Specific Notes" and, together with the Global Notes, the "Notes"). These Notes should be referred to, and referenced in connection with, any review of the MORs.

## Global Notes Regarding the Debtors' MORs

**The MORs should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of any of the Debtors, including, but not limited to, any potential recoveries or distributions related to claims against, or interests in, the Debtors.**

1. **Description of the Cases**. On November 11, 2022 and November 14, 2022 (as applicable, the "Petition Date"),[2] the Debtors filed with the Court voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. The cases (the "Chapter 11 Cases") are pending before the Honorable John T. Dorsey, and are jointly administered for procedural purposes only under the lead case captioned *In re FTX Trading Ltd.*, *et al.*, Case No. 22-11068 (JTD) (Bankr. D. Del.). On February 13, 2023, the Court entered an order dismissing the Chapter 11 Cases of FTX Turkey Teknoloji Ticaret Anonim Sirketi and SNG Investments Yatirim ve Danismanlik Anonim Sirketi [D.I. 711]. On August 18, 2023, the Court entered an order dismissing the chapter 11 case of FTX Exchange FZE [D.I. 2207].

2. **Allocation of Liabilities**. The Debtors, in consultation with their Advisors, have sought to allocate liabilities between prepetition and post-petition periods based on the available information and research that was conducted in connection with the preparation of the MORs. As additional information becomes available

---

[2] November 11, 2022 is the petition date for all Debtors, except for West Realm Shires Inc.

and further research is conducted, the allocation of liabilities between prepetition and post-petition may change. The Debtors reserve all rights to revise, amend, supplement and/or adjust these values.

3. **Disbursement Systems**. Cash is received and disbursed by the Debtors in a manner consistent with the practices as described in the *Amended Final Order (I) Authorizing the Debtors to (A) Operate a Post-petition Cash Management System, (B) Maintain Existing Business Forms, and (C)Perform Intercompany Transactions,(II) Granting a Partial Waiver of the Deposit Guidelines Set Forth in Section 345(B), and (III) Granting Certain Related Relief,* [D.I. 1706] and the related orders.

4. **Valuation Generally**. In certain instances, current market valuations are not maintained by or readily available to the Debtors. Moreover, it would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations of all of their assets solely for purposes of the MORs. Accordingly, unless otherwise stated, net book values as of the reporting date are presented. Amounts ultimately realized may vary materially from net book value (or spot value or other value so ascribed). Accordingly, the Debtors reserve all rights to revise, amend, supplement and/or adjust the asset values presented herein. Nothing set forth in the MORs shall prejudice the Debtors' ability to determine or estimate the value of any estate asset or claim against the Debtors in these Chapter 11 Cases. The omission of an asset from the MORs does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

   As noted herein, the Debtors are currently marketing certain assets for sale pursuant to those certain Court-approved bidding procedures. *See Order (A) Approving Bid Procedures, Stalking Horse Procedures and the Form and Manner of Notices for the Sale of Certain Businesses, (B) Approving Assumption and Assignment Procedures and (C) Scheduling Auction(s) and Sale Hearing(s)* [D.I.487] and *Order (I) Authorizing and Approving Procedures for the Sale or Transfer of Certain De Minimis Assets and Fund Assets and (II) Approving Assumption, Assignment and Rejection Procedures and (III) Granting Related Relief* [D.I. 702]. Accordingly, the current or fair value of those assets may be determined in connection with the sales processes. Additionally, amounts ultimately realized from the sale processes may vary materially from net book value as of the MOR report date. Financial information related to assets or businesses sold will be adjusted based on the facts and circumstances of the sale in the MOR for the monthly reporting period in which the sale is executed.

5. **Valuation of Cryptocurrency**. To the extent cryptocurrency values are presented in U.S. dollars, they reflect the valuation as set forth in the Debtors' books and records as of the Petition Date or the time of the relevant transaction, as applicable, or such other pricing as set forth in these Notes. Crypto assets with no readily

determinable value have not been ascribed any value in the MOR report. Actual net realizable value may vary significantly. The Debtors reserve all rights to revise, amend, supplement and/or adjust such values presented herein.

6. **Undetermined Amounts**. Assets and liabilities related to claim amounts for contingent, unknown, undetermined, or unliquidated claims that could not readily be quantified by the Debtors have not been recorded. The Debtors reserve all rights to revise, amend, supplement and/or adjust such values presented herein.

7. **Cryptocurrency**. Certain of the Debtors' assets are cryptocurrencies or digital tokens based on a publicly accessible blockchain. Cryptocurrencies are unique assets. Certain laws and regulations that may be applicable to cryptocurrencies do not contemplate or address unique issues associated with the cryptocurrency economy, are subject to significant uncertainty, and vary widely across U.S. federal, state, and local and international jurisdictions. The Debtors make no representations or admissions concerning the status of cryptocurrency as a "security" under any state, federal, or local domestic or international statute, including United States federal securities laws, and reserve all rights with respect to such issues and all rights to revise, amend, supplement and/or adjust values presented herein.

8. **Currency**. All amounts shown in the MORs are in U.S. Dollars rounded to the nearest dollar, unless otherwise indicated. Accordingly, subtotals may differ from the summation of the rounded numbers presented. Foreign currency amounts have been translated to U.S. Dollar equivalents using published exchange rates at the relevant date or for the relevant period.

9. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate MORs, however, inadvertent errors or omissions may exist. The Debtors reserve all rights to revise, amend, supplement and/or adjust the MORs as facts and circumstances change or additional information becomes available through the pendency of these Chapter 11 Cases. Any specific reservation of rights contained elsewhere in the Notes does not limit in any respect the general reservation of rights contained in this paragraph, including, but not limited to, the following:

    a) The Debtors reserve all rights to revise, amend, supplement and/or adjust the MORs in all respects, as may be necessary or appropriate. Nothing contained in the MORs shall constitute a waiver of any of the Debtors' rights, defenses or an admission with respect to these Chapter 11 Cases.

    b) Nothing contained in the MORs is intended or should be construed as an admission or stipulation of the validity or allowance of any claim against the Debtors, any assertion made therein or herein, or a waiver of the right to dispute the allowance of, or any distributions in connection with, any claim or assert any cause of action or defense against any party.

**Specific Notes with Respect to the Debtors' Supporting Documents to the MORs**

10. **Balance Sheets**

    a) **Cash and Cash Equivalents**. The reported bank balances (including investments and overnight accounts) and cash on hand include cash held in various currencies, converted into U.S. dollars as of the reporting date. The Debtors have attempted to independently verify the cash balances as of the reporting date. In certain cases, due to the inability to obtain bank statements or access accounts, the Debtors and their Advisors relied on management reporting or other data sources for cash balances. The Debtors and their Advisors continue to investigate, identify and recover additional cash assets as new information becomes available.

    b) **Crypto Assets**. With the exception of certain foreign Debtors whose accounting practices include monthly revaluation of crypto assets, the amounts reported in the MORs represent valuations as of the Petition Date and gains or losses are reported only to the extent that the crypto assets have been converted to fiat currency. As stated in Note 5, the Debtors reserve all rights to revise, amend, supplement and/or adjust such values presented herein.

    c) **Property and Equipment**. Property and equipment is presented net of accumulated depreciation. Exclusion of financial balances related to any property or equipment should not be construed to be an admission that such property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain property or equipment should not be construed to be an admission that such property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

    d) **Investments.** Investments have been included at cost and have not been assessed for impairment.

    e) **Intercompany and Related Party Balances**. Intercompany assets and liabilities are comprised of receivables and payables between Debtor entities and other Debtor or Non-Debtor entities with the same common parent entity. Related party assets and liabilities include receivables and payables between Debtor entities and other Debtor or Non-Debtor entities that do not have the same common parent entity. For Debtor entities with Alameda Research LLC as a common parent, as well as entities previously created by the Debtors for the purpose of venture investing, certain intercompany balances are shown on a net basis between respective counterparties. Intercompany balances created from (i) the movement of funds for purposes of conversion between fiat and stablecoins via stablecoin

providers, and (ii) the movement of funds to and from third party exchanges for purposes of routine trading activities are presented as net positions between respective entities due to the volume of historical transactions. For entities with West Realm Shires Inc. or FTX Trading Ltd as a common parent, intercompany balances are shown on a gross basis between respective counterparties. Related party balances between entities that do not share a common parent are presented on a gross basis. As described in note #9 above, balances are subject to material change as facts and circumstances change during the pendency of these Chapter 11 Cases.

f) **Prepaid Expenses and Other Current Assets**. Prepaid expenses and other current assets primarily include the current portion of crypto assets receivable, non-cash brokerage account investments, prepaid expenses, professional retainers and security deposits. Crypto assets receivable and brokerage account investments have been recorded using market pricing as of the Petition Date, where available. To the extent market pricing was unavailable as of the Petition Date, the assets have been recorded at the amount initially paid for such asset. The Debtors have continued to use historical amortization schedules to record post-petition expenses related to pre-petition prepaid expenses.

g) **Loans Receivable**. Loans receivable includes the principal balance of the loans receivable and the related unpaid interest.

h) **Intangibles, Goodwill and Non-Current Assets**. Intangibles and goodwill are presented at the historical net book value as of the Petition Date and have not been assessed for impairment. Exclusion of financial balances related to intangible assets, including but not limited to intellectual property and trademarks, should not be construed to be an admission that such property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of intangible assets including, but not limited to intellectual property or trademarks, should not be construed to be an admission that such property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Other non-current assets primarily include the non-current portion of crypto assets receivable, right-of-use assets (net of amortization), deferred tax assets and security deposits and have not been assessed for impairment.

i) **Other Current Liabilities**. Other current liabilities primarily include loans payable to third parties, the current portion of right-of-use lease obligations and deposits.

j) **Liabilities Subject to Compromise**. As a result of the commencement of these Chapter 11 Cases, prepetition liabilities are subject to compromise or

          other treatment under a confirmed Chapter 11 plan. The reported amounts reflect amounts recorded in the relevant Debtor's books and records without regard to proofs of claim that may have been filed by potential creditors. The determination of how such liabilities will ultimately be treated cannot be made until the Court approves a Chapter 11 plan and claims against the Debtors are adjudicated and allowed. Accordingly, the ultimate amount of such liabilities is not determinable at this time. Prepetition liabilities that are subject to compromise under ASC 852 include those liabilities that are unsecured, under secured, or potentially subject to impairment and are preliminary and may be subject to, among other things, future adjustments depending on Court actions, further developments with respect to disputed claims, determinations of the secured status of certain claims, the values of any collateral securing such claims, rejection of executory contracts, continued reconciliation, or other events.

    k)     **Other Non-Current Liabilities.** Other non-current liabilities primarily include the long-term portion of right-of-use lease obligations.

11.     **Statement of Income (Loss)**

    a)     **Operating Expense**. Operating expenses include both direct and indirect expenses related to normal course operations to include trading fees, marketing expenses, depreciation and amortization expenses, and other direct expenses related to exchange operations.

    b)     **Reorganization Items**. Reorganization items are recorded in accordance with ASC 852 and include expenses incurred as a result of filing these Chapter 11 Cases. These include, but are not limited to, expenses related to the retention of Chapter 11 professionals, impairment of certain assets and liabilities, gain or loss on settlement of prepetition obligations, and gain or loss due to disposition of estate assets as authorized by the Court during the pendency of these Chapter 11 Cases.

    c)     **Other Income and Expense**. Other income and expense includes indirect costs to maintain the Debtors' estate, including, but not limited to, employee compensation, bank fees and interest, other income, insurance, taxes, ordinary course professionals, and other general and administrative expenses.

**Specific Notes with Respect to the Debtors' MOR Questionnaire Responses**

12.     **Part 1**

    a)     Part 1(c) - "Cash balance end of month" is a calculated field within the MOR form that may not accurately reflect the ending cash balance for each Debtor entity. The Cash Receipts and Disbursements Supporting Document provides a reconciliation of the Part 1(c) cash end balance to each Debtor's respective ending cash balance for the reporting period. Cash activity

        related to i) post-petition customer withdrawals and deposits, ii) post-petition payments for stablecoin conversions are excluded from cash receipts and disbursements

13. **Part 2**

    a) Values for Part 2(a) are inclusive of intercompany and related party balances. These balances are not aged in the same manner as accounts receivable balances with third parties, and as such, they are not included in Part 2(b) "Accounts receivable over 90 days outstanding".

    b) The listing of a liability (i) on Part 2(k) as "secured," (ii) on Part 2(l) as "priority," or (iii) on Part 2(m) as "unsecured" does not constitute an admission by the Debtors of the legal rights of the claimant or counterparty, or a waiver of the Debtors' rights to object to such claim or recharacterize or reclassify such claim, contract or lease, or a waiver of the Debtors' rights to setoff such claims. Amounts presented in Part 2(k) as "prepetition secured debt," (i) represent the value of prepetition secured debts based on the Debtors' books and records as of the reporting date, (ii) shall not constitute an admission by the Debtors as to whether such secured debt is secured, under secured or unsecured, and (iii) are subject to change throughout the pendency of these Chapter 11 Cases. The Debtors reserve all rights to revise, amend, supplement and/or adjust the MORs.

14. **Part 7**

    a) The Bankruptcy Court entered orders (the "First and Second Day Orders") authorizing, but not directing, the Debtors to, among other things, pay certain prepetition (a) section 503(b)(9), lien, and critical vendor claims, (b) employee wages, salaries, other compensation, and reimbursable expenses, and (c) certain taxes, fees, and regulatory obligations. Certain Debtors, as indicated by responses to Part 7(a) have made payments on prepetition obligations as authorized by the First and Second Day Orders. Part 7(a) has been answered "Yes" for Debtors that had prepetition obligations paid on their behalf by another Debtor entity.

    b) For purposes of Part 7(c) of the MORs, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers or persons in control of the Debtors and (e) debtor/non-debtor affiliates of the foregoing. Where Part 7(c) is indicated as "Yes", insiders were confirmed to have received employee compensation payments in the ordinary course of business.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF Delaware

In Re. Alameda Global Services Ltd.  §  Case No. 22-11134
§
Debtor(s)  §  Lead Case No. 22-11068
§
☒ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 12/31/2022          Petition Date: 11/11/2022

Months Pending: 2                            Industry Classification: 5 2 3 9

Reporting Method:       Accrual Basis ●     Cash Basis ○

Debtor's Full-Time Employees (current): 0

Debtor's Full-Time Employees (as of date of order for relief): 0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒ Statement of cash receipts and disbursements
☒ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☒ Statement of operations (profit or loss statement)
☐ Accounts receivable aging
☐ Postpetition liabilities aging
☐ Statement of capital assets
☐ Schedule of payments to professionals
☐ Schedule of payments to insiders
☐ All bank statements and bank reconciliations for the reporting period
☐ Description of the assets sold or transferred and the terms of the sale or transfer

/s/ Kimberly A. Brown                        Kimberly A. Brown
Signature of Responsible Party               Printed Name of Responsible Party

09/29/2023
Date                                         919 Market Street, Suite 1800, P.O. Box 2087,
                                             Wilmington, DE 19899
                                             Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (12/01/2021)                1

Debtor's Name: Alameda Global Services Ltd.    Case No. 22-11134

### Part 1: Cash Receipts and Disbursements

| | | Current Month | Cumulative |
|---|---|---:|---:|
| a. | Cash balance beginning of month | $0 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $0 | $0 |
| d. | Cash balance end of month (a+b-c) | $0 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $0 | $0 |

### Part 2: Asset and Liability Status
(Not generally applicable to Individual Debtors. See Instructions.)

| | | Current Month |
|---|---|---:|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory    (Book ◉   Market ◯   Other ◯   (attach explanation)) | $0 |
| d. | Total current assets | $0 |
| e. | Total assets | $0 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $0 |
| n. | Total liabilities (debt) (j+k+l+m) | $0 |
| o. | Ending equity/net worth (e-n) | $0 |

### Part 3: Assets Sold or Transferred

| | | Current Month | Cumulative |
|---|---|---:|---:|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

### Part 4: Income Statement (Statement of Operations)
(Not generally applicable to Individual Debtors. See Instructions.)

| | | Current Month | Cumulative |
|---|---|---:|---:|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

UST Form 11-MOR (12/01/2021)    2

Debtor's Name Alameda Global Services Ltd.   Case No. 22-11134

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | | | | |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| | i | | | | | |
| | ii | | | | | |
| | iii | | | | | |
| | iv | | | | | |
| | v | | | | | |
| | vi | | | | | |
| | vii | | | | | |
| | viii | | | | | |
| | ix | | | | | |
| | x | | | | | |
| | xi | | | | | |
| | xii | | | | | |
| | xiii | | | | | |
| | xiv | | | | | |
| | xv | | | | | |
| | xvi | | | | | |
| | xvii | | | | | |
| | xviii | | | | | |
| | xix | | | | | |
| | xx | | | | | |
| | xxi | | | | | |
| | xxii | | | | | |
| | xxiii | | | | | |
| | xxiv | | | | | |
| | xxv | | | | | |
| | xxvi | | | | | |
| | xxvii | | | | | |
| | xxviii | | | | | |
| | xxix | | | | | |
| | xxx | | | | | |
| | xxxi | | | | | |
| | xxxii | | | | | |
| | xxxiii | | | | | |
| | xxxiv | | | | | |
| | xxxv | | | | | |
| | xxxvi | | | | | |

**Part 5: Professional Fees and Expenses**

UST Form 11-MOR (12/01/2021)         3

Debtor's Name  Alameda Global Services Ltd.                                              Case No.  22-11134

| | | | | | | |
|---|---|---|---|---|---|---|
| | xxxvii | | | | | |
| | xxxviii | | | | | |
| | xxxix | | | | | |
| | xl | | | | | |
| | xli | | | | | |
| | xlii | | | | | |
| | xliii | | | | | |
| | xliv | | | | | |
| | xlv | | | | | |
| | xlvi | | | | | |
| | xlvii | | | | | |
| | xlviii | | | | | |
| | xlix | | | | | |
| | l | | | | | |
| | li | | | | | |
| | lii | | | | | |
| | liii | | | | | |
| | liv | | | | | |
| | lv | | | | | |
| | lvi | | | | | |
| | lvii | | | | | |
| | lviii | | | | | |
| | lix | | | | | |
| | lx | | | | | |
| | lxi | | | | | |
| | lxii | | | | | |
| | lxiii | | | | | |
| | lxiv | | | | | |
| | lxv | | | | | |
| | lxvi | | | | | |
| | lxvii | | | | | |
| | lxviii | | | | | |
| | lxix | | | | | |
| | lxx | | | | | |
| | lxxi | | | | | |
| | lxxii | | | | | |
| | lxxiii | | | | | |
| | lxxiv | | | | | |
| | lxxv | | | | | |
| | lxxvi | | | | | |
| | lxxvii | | | | | |
| | lxxviii | | | | | |

Debtor's Name Alameda Global Services Ltd.                                    Case No. 22-11134

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  | lxxix |  |  |  |  |  |
|  | lxxx |  |  |  |  |  |
|  | lxxxi |  |  |  |  |  |
|  | lxxxii |  |  |  |  |  |
|  | lxxxiii |  |  |  |  |  |
|  | lxxxiv |  |  |  |  |  |
|  | lxxxv |  |  |  |  |  |
|  | lxxxvi |  |  |  |  |  |
|  | lxxxvii |  |  |  |  |  |
|  | lxxxviii |  |  |  |  |  |
|  | lxxxix |  |  |  |  |  |
|  | xc |  |  |  |  |  |
|  | xci |  |  |  |  |  |
|  | xcii |  |  |  |  |  |
|  | xciii |  |  |  |  |  |
|  | xciv |  |  |  |  |  |
|  | xcv |  |  |  |  |  |
|  | xcvi |  |  |  |  |  |
|  | xcvii |  |  |  |  |  |
|  | xcviii |  |  |  |  |  |
|  | xcix |  |  |  |  |  |
|  | c |  |  |  |  |  |
|  | ci |  |  |  |  |  |

|  |  |  |  | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* |  |  |  |  |  |  |
|  | *Itemized Breakdown by Firm* |  |  |  |  |  |  |
|  |  | Firm Name | Role |  |  |  |  |
|  | i |  |  |  |  |  |  |
|  | ii |  |  |  |  |  |  |
|  | iii |  |  |  |  |  |  |
|  | iv |  |  |  |  |  |  |
|  | v |  |  |  |  |  |  |
|  | vi |  |  |  |  |  |  |
|  | vii |  |  |  |  |  |  |
|  | viii |  |  |  |  |  |  |
|  | ix |  |  |  |  |  |  |
|  | x |  |  |  |  |  |  |
|  | xi |  |  |  |  |  |  |
|  | xii |  |  |  |  |  |  |
|  | xiii |  |  |  |  |  |  |
|  | xiv |  |  |  |  |  |  |

Debtor's Name  Alameda Global Services Ltd.                                              Case No. 22-11134

| | | | | | | |
|---|---|---|---|---|---|---|
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |
| xxxvii | | | | | | |
| xxxvii | | | | | | |
| xxxix | | | | | | |
| xl | | | | | | |
| xli | | | | | | |
| xlii | | | | | | |
| xliii | | | | | | |
| xliv | | | | | | |
| xlv | | | | | | |
| xlvi | | | | | | |
| xlvii | | | | | | |
| xlviii | | | | | | |
| xlix | | | | | | |
| l | | | | | | |
| li | | | | | | |
| lii | | | | | | |
| liii | | | | | | |
| liv | | | | | | |
| lv | | | | | | |
| lvi | | | | | | |

Debtor's Name  Alameda Global Services Ltd.                                   Case No.  22-11134

| | | | | | | |
|---|---|---|---|---|---|---|
| | lvii | | | | | |
| | lviii | | | | | |
| | lix | | | | | |
| | lx | | | | | |
| | lxi | | | | | |
| | lxii | | | | | |
| | lxiii | | | | | |
| | lxiv | | | | | |
| | lxv | | | | | |
| | lxvi | | | | | |
| | lxvii | | | | | |
| | lxviii | | | | | |
| | lxix | | | | | |
| | lxx | | | | | |
| | lxxi | | | | | |
| | lxxii | | | | | |
| | lxxiii | | | | | |
| | lxxiv | | | | | |
| | lxxv | | | | | |
| | lxxvi | | | | | |
| | lxxvii | | | | | |
| | lxxvii | | | | | |
| | lxxix | | | | | |
| | lxxx | | | | | |
| | lxxxi | | | | | |
| | lxxxii | | | | | |
| | lxxxii | | | | | |
| | lxxxiv | | | | | |
| | lxxxv | | | | | |
| | lxxxvi | | | | | |
| | lxxxvi | | | | | |
| | lxxxvi | | | | | |
| | lxxxix | | | | | |
| | xc | | | | | |
| | xci | | | | | |
| | xcii | | | | | |
| | xciii | | | | | |
| | xciv | | | | | |
| | xcv | | | | | |
| | xcvi | | | | | |
| | xcvii | | | | | |
| | xcviii | | | | | |

Debtor's Name Alameda Global Services Ltd.                                              Case No. 22-11134

|    |                                               |    |    |    |    |    |
|----|-----------------------------------------------|----|----|----|----|----|
|    | xcix                                          |    |    |    |    |    |
|    | c                                             |    |    |    |    |    |
| c. | All professional fees and expenses (debtor & committees) |    |    | $0 | $0 |    |

| Part 6: Postpetition Taxes | Current Month | Cumulative |
|---|---|---|
| a. Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. Postpetition employer payroll taxes accrued | $0 | $0 |
| d. Postpetition employer payroll taxes paid | $0 | $0 |
| e. Postpetition property taxes paid | $0 | $0 |
| f. Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

| | | |
|---|---|---|
| a. | Were any payments made on prepetition debt? (if yes, see Instructions) | Yes ○  No ● |
| b. | Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) | Yes ○  No ● |
| c. | Were any payments made to or on behalf of insiders? | Yes ○  No ● |
| d. | Are you current on postpetition tax return filings? | Yes ●  No ○ |
| e. | Are you current on postpetition estimated tax payments? | Yes ●  No ○ |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ●  No ○ |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ○  No ● |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ○  No ○  N/A ● |
| i. | Do you have: Worker's compensation insurance? | Yes ○  No ● |
|    | If yes, are your premiums current? | Yes ○  No ○  N/A ● (if no, see Instructions) |
|    | Casualty/property insurance? | Yes ○  No ● |
|    | If yes, are your premiums current? | Yes ○  No ○  N/A ● (if no, see Instructions) |
|    | General liability insurance? | Yes ○  No ● |
|    | If yes, are your premiums current? | Yes ○  No ○  N/A ● (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ○  No ● |
| k. | Has a disclosure statement been filed with the court? | Yes ○  No ● |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ●  No ○ |

UST Form 11-MOR (12/01/2021)                                   8

Debtor's Name  Alameda Global Services Ltd.                                        Case No. 22-11134

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯  No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯  No ◯  N/A ⦿ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6).  The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith.  This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records."  *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

| | |
|---|---|
| /s/ Mary Cilia | Mary Cilia |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Chief Financial Officer | 09/29/2023 |
| Title | Date |

Debtor's Name  Alameda Global Services Ltd.                                Case No.  22-11134


PageOnePartOne


PageOnePartTwo


PageTwoPartOne


PageTwoPartTwo

Debtor's Name  Alameda Global Services Ltd.                                    Case No.  22-11134


Bankruptcy1to50


Bankruptcy51to100


NonBankruptcy1to50


NonBankruptcy51to100

Debtor's Name  Alameda Global Services Ltd.                                    Case No.  22-11134


PageThree


PageFour