# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: Oct. 19, 2023 at 10:00 am (ET)**<br>**Obj. Deadline: Oct. 17, 2023 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING EXAMINATIONS**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing discovery in the form of production of materials responsive to the requests set forth in Exhibit B (the "Requests"), including through the issuance of subpoenas to Circle Internet Financial, LLC and Circle UK Trading Limited ("Circle"). In support of the Motion, the Debtors respectfully state as follows:

## BACKGROUND

1.     On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

3. Prior to the Petition Date, the Debtors operated cryptocurrency exchanges and trading businesses. As explained in the First Day Declarations, the Debtors faced a severe liquidity crisis that necessitated the filing of these Chapter 11 Cases on an emergency basis on November 11 and 14, 2022. As detailed in the First Day Declarations, the Debtors' pre-filing operations were characterized by a complete failure of corporate controls and an absence of trustworthy financial information. (*See* Decl. John J. Ray III, D.I. 24, at 2.)

4. The Debtors and their advisors have been working tirelessly since the Petition Date at the direction of Mr. Ray to implement controls, recover and protect estate assets, investigate potential claims, coordinate with authorities and proceedings in numerous

jurisdictions, and maximize value for all stakeholders.  The Debtors' efforts to date have included extensive investigation into transfers of assets out of the Debtors' estates.  The Debtors will continue pursue estate assets wherever they are and seek to hold responsible all individuals that engaged in wrongdoing.  Key questions remain, including concerning numerous aspects of the Debtors' finances and transactions.

5. The Debtors' efforts to recover historical account, balance and transaction information from any financial institution and service provider associated with the Debtors are central to these investigations and the discharge of the Debtors' duties and obligations under the Bankruptcy Code.

6. Here, the Debtors have worked collaboratively with Circle to recover certain account, balance and transaction information related to the Debtors and concerning Circle's products or services (the "Circle Records").  However, while Circle has provided certain responses to the Debtors' requests, Circle has stated that it requires a subpoena in order to produce certain materials relating to transactions involving third parties.  The Debtors and their advisors believe that such information is critical to their ongoing efforts to ascertain a complete picture of the Debtors' finances, transactions and estate.

7. The Debtors need immediate access to the requested materials to, among other things, supplement their records, to locate and secure estate assets, recover misappropriated and stolen assets and comply with their duties and obligations under the Bankruptcy Code.

8. As required by Local Rule 2004-1, the Debtors have conferred with Circle to arrange a mutually agreeable date, time, place and scope of production.  Due to its internal policies, Circle has not agreed to provide the requested information absent a subpoena issued by this Court.  Counsel for Circle has stated that they expect to produce responsive documents if

such a subpoena is issued, and the Debtors understand that such records can be produced promptly following the issuance of such subpoena.

## JURISDICTION AND VENUE

9. The United States Bankruptcy Court for the District of Delaware has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

10. The statutory bases for the relief sought herein are Bankruptcy Code section 105(a), Bankruptcy Rule 2004 and Local Rule 2004-1.

## RELIEF REQUESTED

11. Pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004 and Local Rule 2004-1, the Debtors request that the Court enter an order authorizing the Debtors to issue subpoenas to Circle for the production of documents, electronically stored information or tangible things responsive to the Requests.

## BASIS FOR RELIEF

12. Under Bankruptcy Code section 105(a), the Court maintains broad equitable powers to fashion an order or decree in aid of the enhancement of the value of the Debtors' estates for the benefit of all stakeholders.  11 U.S.C. § 105(a).  Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any

---

[2] Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

entity." Fed. R. Bankr. P. 2004(a). An examination under Bankruptcy Rule 2004 may be made of any entity with knowledge of "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . and any other matter relevant to the case or to the formulation of a plan." *See* Fed. R. Bankr. P. 2004(b); *In re Wash. Mut., Inc.*, 408 B.R. 45, 49-50 (Bankr. D. Del. 2009).

13. "The clear intent of Rule 2004 . . . is to give the parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Cos., Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984); *see Simon* v. *FIA Card Servs.*, N.A., 732 F.3d 259, 278 (3d Cir. 2013) ("A Rule 2004 examination may be used to cover a wide range of subjects relating to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate[.]") (internal quotations omitted). "Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Wash. Mut., Inc.*, 408 B.R. at 50 (Bankr. D. Del. 2009) (internal quotation marks omitted). Generally, the scope of a Rule 2004 examination available to the Debtors is "unfettered and broad" and has been likened to a "fishing expedition." *See id.* at 49-50 (internal quotation marks and citations omitted); *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a fishing expedition and an inquisition.") (citations and internal quotation marks omitted); *In re East West Resort Development V, L.P., L.L.L.P.*, 2014 WL 4537500, at *7 (Bankr. D. Del. Sept. 12, 2014) ("Rule 2004 examinations are often used to

discover assets, and courts have recognized that the scope of a 2004 examination is 'unfettered and broad' and the examination is in the nature of a 'fishing expedition.'"); *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *In re Ecam Publ'n, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In re Santiago*, 2011 Bankr. LEXIS 2351, at *10 (Bankr. N.D. Ohio Feb. 11, 2011) ("[T]he scope of a Rule 2004 examination is broad and relatively unlimited."). Notably, discovery under Bankruptcy Rule 2004 is "broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[T]he scope of examination allowed under Bankruptcy Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a fishing expedition.") (internal quotation marks omitted); 9 Collier on Bankruptcy ¶ 2004.01[1] (16th ed. 2019).

14. The Debtors have been working continuously to locate and secure assets in order to establish accountability, preserve value and maximize stakeholder recoveries. These efforts have been complicated by the fact that the Debtors did not maintain appropriate records or security controls prior to the Petition Date. Although the Debtors have located and secured substantial assets, the Debtors expect to recover still more assets in these Chapter 11 Cases.

15. Examination pursuant to Bankruptcy Rule 2004 is of paramount importance given Circle's possession of important information that the Debtors need to achieve the objectives of these Chapter 11 Cases and to comply with their duties and obligations under the Bankruptcy Code. The information that the Debtors seek to obtain is necessary so that the Debtors can better understand the "nature and extent of the bankruptcy estate," the events that led to their insolvency, and the claims and causes of action they may possess. *In re Millennium Lab*

*Holdings II, LLC*, 562 B.R. at 626 (Bankruptcy Rule 2004 examination proper where it is "necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice."); *see also In re Teleglobe Communications Corp.*, 493 F.3d 345, 354 n.6 (3rd Cir. 2007) (Bankruptcy Rule 2004 "allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate").

16. Accordingly, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004 and Local Rule 2004-1, the Debtors request entry of an order, substantially in the form attached as Exhibit A hereto, authorizing the Debtors to issue subpoenas to Circle for the production of documents, electronically stored information or tangible things, including those responsive to the Requests set forth in Exhibit B.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

17. The Debtors have engaged in a cooperative meet and confer process to obtain information from Circle on a voluntary basis. After conferring telephonically on numerous occasions, the Debtors sent a letter to Circle attaching personalized Bankruptcy Rule 2004 requests, attaching a tailored Bankruptcy Rule 2004 request, requesting the production of documents and information, which Circle received on August 30, 2023. On August 31, 2023, Circle confirmed that it will not produce the materials that the Debtors seek Circle unless the Debtors issue a subpoena to Circle.

### RESERVATION OF RIGHTS

18. The Debtors reserve their rights to seek further discovery of Circle pursuant to Bankruptcy Rule 2004 or otherwise. The Debtors further reserve their rights to seek discovery pursuant to Bankruptcy Rule 2004 with respect to all other parties, as appropriate.

## **NOTICE AND NO PRIOR REQUEST**

19. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) Circle; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

20. No prior application for the relief requested in this Motion has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: October 3, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>        brown@lrclaw.com<br>        pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>        bromleyj@sullcrom.com<br>        gluecksteinb@sullcrom.com<br>        dunnec@sullcrom.com<br>        kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |