# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOHN J. RAY III IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO SETTLEMENT AGREEMENT WITH THE BLOCKFI DEBTORS, (B) APPROVING THE SETTLEMENT AGREEMENT, AND (C) GRANTING RELATED RELIEF**

I, John J. Ray III, hereby declare as follows:

1. I am the Chief Executive Officer of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), having accepted this position on November 11, 2022. I am administering the interests and affairs of the Debtors from my offices in the United States. I am over the age of 18 and authorized to submit this Declaration on behalf of each of the Debtors.

2. I submit this declaration (this "Declaration") in support of the *Debtors' Motion for Entry of an Order (A) Authorizing the Debtors to Enter into Settlement Agreement with the BlockFi Debtors, (B) Approving the Settlement Agreement, and (C) Granting Related Relief* (the "Motion").[2]

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon: (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning the Debtors; (ii) information learned from my review of relevant documents; and/or (iii) information supplied by persons working directly with me or under my supervision, direction or control and/or from the Debtors' professionals and advisors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4. On or around September 5, 2023, the Debtors and the BlockFi Debtors began settlement discussions to resolve certain disputes between the parties, including litigation with respect to venue and jurisdiction for litigating the BlockFi Claims and the FTX Avoidance Claims, the BlockFi Plan, and the Estimation Motion and the Claim Objection pending in the New Jersey Bankruptcy Court. Thereafter, through the Debtors' advisors, I directed extensive good faith settlement negotiations over the following weeks with the BlockFi Debtors and their counsel, which consisted of multiple rounds of revised settlement proposals and discussions between the parties.

5. Throughout the course of the settlement discussions, the Debtors consulted with counsel to the Official Committee of Unsecured Creditors with respect to the terms of the potential settlement, including sharing substantial analysis of the parties' respective claims and defenses to assist the Committee's assessment of the settlement terms.

6. The Debtors' collective efforts ultimately culminated in the Settlement Agreement, the terms of which provide for, among other things, (i) the withdrawal with prejudice of the BlockFi Debtors' estimation motion and merits objection with respect to the Debtors' claims against the Blockfi Debtors, currently pending before the New Jersey Bankruptcy Court, (ii) stay

relief and the litigation of the merits of the FTX Avoidance Claims and the BlockFi Claims in this Court, and (iii) treatment of the claims of West Realm Shires Inc. ("WRS") against the BlockFi Debtors in the form of an allowed unsecured subordinated claim for WRS against each of BlockFi Inc., BlockFi Trading LLC and BlockFi Lending LLC in the amount of $275 million. In exchange for the benefits to the Debtors, the Settlement Agreement provides that the Debtors will forego any affirmative distribution from the BlockFi Debtors on account of their preference claims (which are asserted as unliquidated claims in the aggregate amount of $212 million and, if allowed, are subject to a corresponding replacement claim for the BlockFi Debtors under section 502(h) of the Bankruptcy Code), but nevertheless will be entitled to assert such claims as defenses, counterclaims, and setoffs (including with respect to section 502(d) as provided in the Settlement Agreement) to the BlockFi Claims.

7. It is my view that the Settlement Agreement is the result of these good faith arm's-length negotiations between the Parties and that such negotiations were free of any collusion. It is my further view that the terms of the Settlement Agreement are fair to the Debtors and the Debtors' stakeholders, consummation of the settlement is in the best interests of the Debtors and the Debtors' estates, and the Debtors' entry into the Settlement Agreement represents a valid exercise of the Debtors' business judgment.

8. The Settlement Agreement confers substantial benefits upon the Debtors and the Debtors' estates while avoiding the risks and uncertainties of potentially adjudicating the merits of the Debtors' claims against the BlockFi Debtors by the New Jersey Bankruptcy Court instead of this Court and the costs of potentially litigating those claims twice (and potentially in two different fora).

9. Based upon the facts presented to me as a result of the analysis described above and based upon my understanding of the claims and disputes as presented to me by the Debtors' advisors, I concluded that litigation with the BlockFi Debtors of the venue and jurisdiction issues, along with the merits of the Estimation Motion and Claim Objection, would require significant time, money, and other resources that, coupled with the risks and uncertainties of litigation, render entry into the Settlement Agreement in the Debtors' best interests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: October 4, 2023

/s/ *John J. Ray III*
John J. Ray III
Chief Executive Officer