**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, [1] | Case No. 22-11068 (JTD) |
| Debtors. | Jointly Administered) |
| | **Ref. No. 2994** |

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR
DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING
THE DEBTORS TO ENTER INTO SETTLEMENT AGREEMENT WITH
THE BLOCKFI DEBTORS, (B) APPROVING THE SETTLEMENT
AGREEMENT, AND (C) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through

their undersigned counsel, hereby submit this motion (the "Motion to Shorten") for entry of an

order, substantially in the form attached hereto, shortening the time for notice of the hearing to

consider the *Debtors' Motion for Entry of and Order (A) Authorizing the Debtors to Enter into

Settlement Agreement with the BlockFi Debtors, (B) Approving the Settlement Agreement, and

(C) Granting Related Relief* (the "BlockFi 9019 Motion").[2]  The BlockFi 9019 Motion is being

filed and served contemporaneously herewith.  The Debtors are seeking shortened notice for the

BlockFi 9019 Motion so it can be heard by the Court at the omnibus hearing scheduled for

October 19, 2023.  In support of the Motion to Shorten, the Debtors respectfully represent as

follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors
and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such
information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit
3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the BlockFi
9019 Motion.

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2.     The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 9006-1(e) and 9013-1(m).

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.     On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[4] the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of

---

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

[4] November 11, 2022 is the Petition Date for all Debtors, except for West Realm Shires Inc.

Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].  Additional facts specific to the relief requested in the BlockFi 9019 Motion are set forth therein and are incorporated by reference to this Motion to Shorten.

6.      As described in the BlockFi 9019 Motion, given the various disputes between the Debtors and the BlockFi Debtors including with respect to venue and jurisdiction for litigating the BlockFi Claims and the FTX Avoidance Claims, the BlockFi Plan, and the Estimation Motion and the Claim Objection pending in the New Jersey Bankruptcy Court, the Parties have engaged in arm's length discussions to resolve or narrow issues, and through those discussions, have agreed to enter into the Settlement Agreement.

7.      The terms of the Settlement Agreement provide, among other things, that:

- the FTX Proofs of Claim shall be deemed withdrawn subject to the terms and conditions of the Settlement Agreement, (x) with respect to the FTX Avoidance Claims, solely for purposes of obtaining any affirmative distribution from the BlockFi Debtors or their estates; and (y) with respect to the FTX Facility Claims, subject to the BlockFi Debtors granting the WRS Allowed Claims (as defined in the Settlement Agreement) in the amount of $275 million, which shall be subordinated to recoveries on account of all Account Holder Claims, including Intercompany Claims (each as defined in the BlockFi Plan) inuring to the benefit of Account Holder Claims and otherwise subject to the terms and conditions of the Settlement Agreement with respect to such claims (with the Debtors waiving all other claims arising from or relating to the pre-petition transactions between the Debtors and the BlockFi Debtors executed on or about July 1, 2022);

3

- promptly upon the later of (i) 30 days following entry of an order confirming the BlockFi Plan and (ii) the Settlement Effective Date (as defined in the Settlement Agreement), the Parties shall submit a joint stipulated order, in form and substance acceptable to the Parties and consistent with the Settlement Agreement, to the New Jersey Bankruptcy Court for the consensual lifting of the automatic stay in the BlockFi Bankruptcy Proceeding to allow the Debtors to, except as otherwise provided in the Settlement Agreement, (x) assert and file, and litigate to judgment the merits of the FTX Avoidance Claims and all aspects of the BlockFi Claims (collectively, the "Delaware Matters"), including, without limitation, all arguments, defenses, counterclaims, setoffs, or otherwise, including arising under section 502(d) of the Bankruptcy Code in connection with any such judgment obtained, with respect to the BlockFi Claims in the FTX Bankruptcy Proceeding (subject to the BlockFi Debtors' right to seek to withdraw the reference as set forth in the Settlement Agreement and the other terms and conditions of the Settlement Agreement); (y) assert, file, and litigate to judgment any avoidance actions or other defenses or counterclaims with respect to the BlockFi Claims; and (z) enforce and recover on such avoidance actions or defenses or counterclaims as contemplated by the Settlement Agreement (the "Stay Relief Stipulation"). All of the Debtors' and the BlockFi Debtors' rights under section 502(d) of the Bankruptcy Code are expressly reserved and preserved, except that the Debtors shall have no right to receive an affirmative distribution from the BlockFi Debtors pursuant to the BlockFi Plan on account of the FTX Avoidance Claims, and recovery of any judgment with respect to the FTX Avoidance Claims shall be by setoff, reduction, or netting;

- notwithstanding the withdrawal of the FTX Proofs of Claim, the Debtors shall be entitled to assert the FTX Claims, any failure to pay the FTX Avoidance Claims, and all related arguments and defenses as arguments, defenses, counterclaims, setoffs or otherwise with respect to the BlockFi Claims (with the BlockFi Debtors reserving their rights to dispute any such claims, arguments, counterclaims, defenses, setoffs or otherwise subject to the terms of the Settlement Agreement) and if any judgment is entered in connection with the FTX Avoidance Claims, recovery on such judgment shall be made by reducing either the amount of the BlockFi Claims or distributions by the Debtors with respect to the BlockFi Claims in such amount as may be agreed by the Parties or determined by order of the New Jersey Bankruptcy Court, and the Parties' rights are fully reserved with respect to the amount and nature of such reductions (if any) required to satisfy section 502(d) of the Bankruptcy Code. No distributions shall be made by the Debtors to the BlockFi Debtors on account of the BlockFi Claims until section 502(d) of the Bankruptcy Code is satisfied in accordance with the terms and conditions of the Settlement Agreement;

- the Debtors and the BlockFi Debtors shall meet and confer in good faith regarding the process and schedule for litigation of the Delaware Matters, including any defenses or counterclaims thereto, and the Parties agree to participate in good faith

4

in non-binding mediation with respect to all claims among the Parties. The Stay Relief Stipulation shall provide a schedule for non-binding mediation to begin within 90 days of execution of the Settlement Agreement (unless otherwise agreed by the Parties) and will discuss in good faith the process and terms of non-binding mediation

- the BlockFi Debtors shall withdraw with prejudice the Estimation Motion and Claim Objection; and

- the Debtors and the BlockFi Debtors agree that nothing in the Settlement Agreement is intended to modify, waive or otherwise affect any of the Parties' claims with respect to the matters addressed in the Robinhood Stipulation and reserve all rights with respect to such matters.

8.      Contemporaneously herewith, the Debtors filed the BlockFi 9019 Motion, seeking approval of the Settlement Agreement.

## **RELIEF REQUESTED**

9.      By this Motion to Shorten, the Debtors request, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 9006(c)(1) and 2002(a)(2), and Local Rules 9006-1(e) and 9013-1(m), that the Court shorten the notice required for a hearing on the BlockFi 9019 Motion so that it may be heard at the October 19, 2023 omnibus hearing, with an objection deadline of October 18, 2023 at 4:00 p.m. (ET).

## **BASIS FOR RELIEF**

10.     Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice

than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Local Rule 9006-1(e).

11.     Pursuant Rule 2002(a)(iii), ordinarily motions relating to the hearing on approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d) must be filed and served twenty-one (21) days prior to a hearing date. Additionally, Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date. However, the Court may order that a motion be heard on less notice than required by the Local Rules upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Local Rule 9006-1(e). No hearing on such a motion to shorten is required. *See id.*

12.     Moreover, Local Rule 9013-1(m)(ii) permits debtors to seek expedited consideration of "matters of a genuinely emergent nature required to preserve the assets of the estate and to maintain ongoing business operations and such other matters as the Court may determine appropriate." Del. Bankr. L.R. 9013-1(m)(ii).

13.     Here, there is sufficient cause to grant the Motion to Shorten. As described more fully in the BlockFi 9019 Motion, the Settlement Agreement provides for resolution and/or a process to resolve all venue and jurisdictional, as well as certain other disputes between the Debtors and the BlockFi Debtors, while providing, among other things, the Debtors relief from the automatic stay in the BlockFi Debtors' cases and the ability to litigate the merits of preference and avoidance actions before this Court.

14.     The Debtors submit that it is necessary for the hearing on the BlockFi 9019 Motion to take place as soon as reasonably possible so that the Parties have certainty as to their respective rights and obligations under the Settlement Agreement and clarity as to the status of the disputes

between them before the BlockFi Debtors have substantially advanced toward effectiveness of the Blockfi Plan (which was confirmed by the New Jersey Bankruptcy Court on September 26, 2023). Moreover, the New Jersey Bankruptcy Court has already approved the Settlement Agreement and confirmed the Blockfi Plan that provides for the agreed treatment of the FTX Claims under the Settlement Agreement.  If the Court were to decline to approve the BlockFi 9019 Motion, all of the Parties' rights would be returned to the *status quo* prior to entry into the Settlement Agreement. The prejudice to the Debtors of such a denial would be compounded with every day that passes in light of the Parties' reliance on the terms of the Settlement Agreement pending the Court's approval in order to avoid unnecessary litigation and the costs associated with it.  The benefits of providing the Debtors with that certainty as soon as reasonably possible far outweigh any countervailing considerations from the short reduction in the notice period.

15.     The Debtors will promptly serve the BlockFi 9019 Motion, thus giving parties in interest as much notice as possible prior to the proposed hearing on October 19, 2023 and proposed objection deadline of October 18, 2023 at 4:00 p.m. (ET).  Shortening notice as requested will still provide parties in interest fifteen (15) days' notice of the BlockFi 9019 Motion and fourteen (14) days to object to the BlockFi 9019 Motion. Thus, the Debtors are not seeking to shorten the objection period and parties will have the same time to object if the BlockFi 9019 Motion had been filed on regular notice.  Accordingly, the Debtors submit that no party will be prejudiced by the relief requested in this Motion to Shorten.

16.     The Committee has consented to the relief requested in the Motion to Shorten.  In accordance with Local Rule 9006-1(e), prior to filing the Motion to Shorten, the Debtors conferred with the Office of the United States Trustee regarding this Motion to Shorten.  The Debtors were

informed that the U.S. Trustee has no objection to the relief requested herein, with respect to either the hearing date or the objection deadline for the BlockFi 9019 Motion.

17.     Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1(e) and 9013-(m) provide ample authority for the Court to afford the relief requested in the Motion to Shorten.  Therefore, the Debtors respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

## NOTICE AND NO PRIOR REQUEST

18.     The Debtors have provided notice of the Motion to Shorten to the following entities or, in lieu thereof, their counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to the BlockFi Debtors; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

19.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the Motion to Shorten and such other and further relief as the Court may deem proper.

Dated: October 4, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (Admitted *pro hac vice*)
James L. Bromley (Admitted *pro hac vice*)
Brian D. Glueckstein (Admitted *pro hac vice*)
Benjamin S. Beller (Admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
bellerb@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*

{1368.002-W0072728.2}