# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 2646 & 2748 |

### DEBTORS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) GRANTING LEAVE FROM LOCAL RULE 3007-1(f) TO PERMIT THE FILING OF SUBSTANTIVE OMNIBUS OBJECTIONS AND (II) GRANTING RELATED RELIEF

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this reply (this "Reply") in further support of the *Debtors' Motion for Entry of an Order (I) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantive Omnibus Objections and (II) Granting Related Relief* [D.I. 2646] (the "Motion")[2] and in response to the objection to the Motion [D.I. 2748] (the "Objection") filed by the United States Trustee for Region 3 (the "U.S. Trustee").  For the reasons set forth below, the Objection should be overruled and the Motion should be granted.  In support of this Reply, the Debtors respectfully state as follows:

### Preliminary Statement

1. In the Motion, the Debtors seek leave to deviate from certain of the Local Rules governing omnibus claim objections – relief that is routinely granted in large, complex Chapter

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{1368.002-W0072996.}

11 cases in this district. The U.S. Trustee's assertion that the "net result" of the relief requested in the Motion could lead "to an undeserved windfall by default in the Debtors' favor" suggests, without evidentiary basis or basis in reality, that the Debtors will receive some unidentified benefit from the disallowance of contested, invalid claims. To the contrary, any "windfall" resulting from the efficient and timely prosecution of disputed claims proposed in the Motion will inure to the benefit of only the economic stakeholders in these Chapter 11 Cases: the creditors holding allowed claims against the Debtors' estates who will receive their distributions faster (and reduced by less administrative expense) than they would were the Debtors' estates unable to deviate from the rules.

2.      Tellingly, no party with an economic interest in these cases has objected to the relief requested in the Motion. Indeed, the Committee – appointed by the U.S. Trustee to act as an independent fiduciary for the unsecured creditors whose claims would be subject to objection under the procedures proposed in the Motion – supports the relief requested therein.

3.      Despite the U.S. Trustee's contentions to the contrary, both the applicable Bankruptcy Rules and Local Rules provide this Court with discretion to approve the Debtors' request for cause and in the interest of justice. Given the sheer volume of claims filed in these Chapter 11 Cases and the significant time and expense to review and object to claims, ample cause exists to authorize the filing of more than three (3) omnibus claim objections per month, exceed the one hundred (100) claim limit per substantive objection and forgo having to identify every conceivable basis to object to a claim when many may be summarily disallowed on threshold issues. If approved, the requested relief will expedite the claims administration process in these Chapter 11 Cases, to the benefit of the Debtors' estates and all parties-in-interest. For the reasons set forth herein, the Objection should be overruled, and the Motion granted.

**Reply**

I. **Cause Exists for the Court to Grant Relief from Certain of the Requirements Imposed by Bankruptcy Rule 3007(e)(6) and Local Rule 3007-1(f)(i).**

4. The U.S. Trustee accuses the Debtors of seeking to "make an end run around Congress' clear intent" by seeking relief from the Bankruptcy Rules and Local Rules regarding omnibus objections. (Obj. ¶ 9.) The U.S. Trustee is wrong: both the Bankruptcy Rules and the Local Rules expressly provide this Court with discretion and authority to modify the default requirements generally applicable to substantive and omnibus claim objections. *See* Fed. R. Bankr. P. 3007(c) (providing that the Court may order variation from the default limits on joinder of claims in a single objection); Del. Bankr. L.R. 3007-1(f)(ii) (authorizing parties to seek leave from the default limitations applicable to substantive omnibus claim objections for cause). Even if the Bankruptcy Rules somehow could be interpreted to prohibit modification of the requirements related to omnibus claim objections (which they cannot), the Local Rules expressly state that "[t]o the extent of any inconsistency between [Local Rule 3007-1] and [Bankruptcy Rule] 3007, [] Local Rule [3007-1] governs omnibus objections to claims." Del. Bankr. L.R. 3007-1(a). Moreover, as acknowledged by the U.S. Trustee in its Objection, Local Rule 1001(c) provides that "[t]he application of the[] Local Rules in any case or proceeding may be modified by the Court in the interest of justice." Del. Bankr. L.R. 1001(c).

5. As such, the limitations on the number of substantive and omnibus claim objections that may be filed in any given month and the number of claims addressed by any such objection are not, as asserted by the U.S. Trustee, "strict parameters" that the Debtors are encouraging "this Court to undermine" (Obj. ¶ 9) – they are default rules that may be modified for cause and/or in the interest of justice. Indeed, as the U.S. Trustee well knows, this Court and others in this district routinely, for cause shown, have granted similar relief from the default

filing limitations in other large, complex cases in which thousands of claims were filed. *See, e.g., In re Mallinckrodt PLC*, Case No. 20-12522 (JTD) (Bankr. D. Del. July 30, 2021) [D.I. 3478]; *see, also, In re Destination Maternity Corp.*, Case No. 19-12256 (BLS) (Bankr. D. Del. Nov. 15, 2021) [D.I. 1170]; *In Re PES Holdings, LLC*, Case No. 19-11626 (KG) (Bankr. D. Del. Dec. 9, 2019) [D.I. 652]; *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. Aug. 27, 2018) [D.I. 3307]; *In re Energy Future Holdings Corp.*, Case No 14-10979 (CSS) (Bankr. D. Del. July 9, 2015) [D.I. 4956].

6. Here, ample cause exists for the Court to exercise its discretion to authorize the filing of more than three (3) omnibus claim objections per month and to exceed the one hundred (100) claim limit per objection. As of the date hereof, thousands of proofs of claim have been filed in these Chapter 11 Cases. Absent relief from the rules, it could take over a decade merely to file separate omnibus objections to the tens of thousands of claims likely to be in dispute in these cases, let alone prosecute those objections to conclusion. As such, strict application of the Bankruptcy Rules and Local Rules applicable to substantive and omnibus claim objections would make the assertion of objections in these Chapter 11 Cases essentially untenable, to the obvious detriment of the Debtors' estates and their millions of creditors. The relief requested in the Motion will further the interest of justice by providing for the expeditious and efficient prosecution of claim objections and, ultimately, faster distributions to the holders of allowed claims.

7. The U.S. Trustee has proffered no evidence whatsoever in support of its free-floating contention that authorizing the Debtors to file omnibus claim objections without a cap on the number of claims subject to such objection "could result in massive confusion for creditors." (Obj. ¶ 11.) To the contrary, and as is typical in other large, complex cases, the

Debtors intend to serve each creditor subject to an omnibus claim objection with a customized exhibit that lists only the affected claimant's claim that is subject to the objection. Thus, there will be no "massive confusion" or other prejudice to creditors. By contrast, if the U.S. Trustee's Objection were sustained, millions of creditors will suffer by having to wait years before the claim objection process can be completed to the point where distributions on allowed claims could be made.

II. **Relief from Local Rule 3007-1(f)(iii) Is in the Interest of Justice and the Efficient Administration of these Chapter 11 Cases.**

8. Relief from Local Rule 3007-1(f)(iii) is essential to an efficient and workable claims objection process in these Chapter 11 Cases. Absent the relief requested in the Motion, the Debtors or other objecting party would be required to review each claim procedurally and substantively to identify and include every conceivable substantive ground for objection when many likely can be disallowed on threshold issues. The Debtors believe that many claims potentially subject to a substantive claim objection have no basis at all in the Debtors' books and records. An objecting party should not be required to diligence and bring forth every conceivable basis for objection in order to seek to disallow a particular claim. Putting aside the time it would take to do so, the cost alone of such an exercise would be astronomical given the volume of claims in these Chapter 11 Cases. With every dollar spent undertaking these time-consuming efforts directly reducing the pool of funds available for creditor recoveries, it is difficult to understand why the U.S. Trustee would champion diminished and delayed recoveries over the efficient processing of claims and the expeditious distribution of recoveries to creditors.

9. The U.S. Trustee's assertion that granting the relief requested from Local Rule 3007-1(f)(iii) will reverse the evidentiary burden of the parties similarly is misguided. The objecting party still will bear the burden of rebutting the presumption that a properly executed

and filed proof of claim is *prima facie* valid by having to present affirmative evidence that the claim should be disallowed on the bases identified in the substantive claim objection. Additionally, as noted above, creditors whose claims are subject to an omnibus claim objection will receive a customized exhibit identifying the claim that is subject to the objection and, as such, will have clear notice of the objection that applies to its claim.

10. Finally, the Debtors note that "a debtor-in-possession in a bankruptcy proceeding under Chapter 11, [] has a fiduciary duty to act on behalf of the Estate for the benefit of *all* creditors." *United States v. State St. Bank & Tr. Co. (In re Scott Cable Communs., Inc.)*, 2002 Bankr. LEXIS 183, at *12 (Bankr. D. Del. Mar. 4, 2002) (emphasis in original) (citing *In re Cybergenics Corp.*, 226 F.3d 237, 243 (3d Cir. 2000); *In the Matter of Ribs-R-Us, Inc.*, 828 F.2d 199, 203 (3d Cir. 1987)). While the U.S Trustee argues that granting the relief requested in the Motion will enable the Debtors to relitigate claim objections *ad infinitum* (Obj. ¶19), the Debtors are well aware of their duties to all creditors and their obligation to maximize the value of their estates. *See, e.g., In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004) (explaining that a debtor has a fiduciary duty to maximize the value of its bankruptcy estate and such "fiduciary duty to maximize includes the duty to protect and conserve property in its possession for the benefit of creditors" (internal quotation and citation omitted)). The Debtors have no interest in engaging in the imagined *ad infinitum* litigation the U.S. Trustee breathlessly conjures. It is in furtherance of their fiduciary duties that the Debtors have sought to deviate from the Bankruptcy Rules and Local Rules, to put into place an expeditious, efficient claims objection process for the benefit of their estates and all parties-in-interest.

11. In sum, for all the reasons set forth in the Motion and in this Reply, the Debtors have demonstrated cause for the Court to exercise its discretion to grant the relief requested in

the Motion in the interest of justice. The Debtors submit that the requested relief is in the best interest of the Debtors, their estates and all parties-in-interest and is vital to progressing these Chapter 11 Cases forward in an expeditious, timely and entirely appropriate manner.

## Conclusion

For the reasons set forth in the Motion and as stated above, the Court should overrule the Objection and grant the Motion.

Dated: October 19, 2023
   Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
   brown@lrclaw.com
   pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
   bromleyj@sullcrom.com
   gluecksteinb@sullcrom.com
   kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*