IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 2508, 2712 & 2725 |

### REPLY OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF MOTION FOR AN ORDER AUTHORIZING THE MOVANTS TO REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee" and, together with the Debtors, the "Movants"), hereby jointly submit this reply (the "Reply") in further support of the *Second Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 2508] (the "Motion" or "Mot.").[2] On September 26, 2023, Bloomberg L.P., Dow Jones & Company, Inc., The New York Times Company and The Financial Times Ltd (collectively, the "Media Objectors") filed an objection to the Motion [D.I. 2712] (the "Media Objection" or "Media Obj."), which merely incorporated their previously filed objections [D.I. 196, 1226, 1406]. On September 27, 2023, the Office of the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{1368.002-W0073050.}

United States Trustee for the District of Delaware (the "U.S. Trustee" and, together with the Media Objectors, the "Objectors") also filed an objection to the Motion [D.I. 2725] (the "UST Objection" or "UST Obj." and, together with the Media Objection, the "Objections"), which also incorporated its prior objections [D.I. 200, 362, 1467]. The Objections should be overruled, and the Motion should be granted.

**Reply**

1. This Court has determined on two separate occasions, based on uncontroverted evidence from the Debtors' investment banker, that the Debtors' customer lists have value and should be protected under section 107(b) of the Bankruptcy Code in order to allow the Debtors to monetize these assets for the benefit of the estates and the Debtors' creditors. Most recently, the Court found that "the evidence presented was uncontroverted that customer identification has value. It has value to the [D]ebtors' estates. And under 107(b), the customer names constitute a trade secret . . . ." (June 9, 2023 Hr'g Tr. 156:16-19.)

2. Nothing has changed, and the Objectors offer no new legal arguments or any evidence to the contrary. The testimony to be elicited at the hearing on the Motion will confirm that the Debtors remain engaged in an active sale process with third parties regarding the sale of or other transaction involving their exchange assets and/or customer lists, and the continued protection of these assets for an additional period of 90 days pursuant to section 107(b) is necessary and appropriate.

3. The Objections offer no basis for the Court to reach a different conclusion. This Court has twice rejected each and every one of the Objectors' rehashed and reincorporated arguments with respect to section 107(b) of the Bankruptcy Code. The most recent round of

Objections presents *no* new arguments that this Court has not already considered and overruled.[3] Indeed, the Media Objectors simply incorporate their prior objections by reference, and state that "Movants offer no new evidence, whatsoever, in support of their motion." (Media Obj. ¶ 6.) This is not a basis to deny the Motion; the Movants clearly stated in their Motion that Mr. Cofsky "will testify at any hearing on [the] Motion." (Mot. ¶ 2.) Because the Media Objectors have presented no arguments that the Movants have not already responded to and that this Court has not already considered and rejected, the Court should overrule the Media Objection.

4. The UST Objection likewise should be overruled. In addition to similarly recycling the same arguments that the Court has previously rejected (UST Obj. ¶ 20), the U.S. Trustee raises two additional concerns. *First*, the U.S. Trustee asserts that, in connection with potential omnibus claims objections the Debtors seek to file in these Chapter 11 Cases, "[t]he Debtors need to explain how . . . they will provide adequate notice to customers that the Debtors are objecting to their claims, and the grounds upon which such objections are based" if the Motion is granted. (*Id.* ¶ 21.) As the Debtors previously explained to the U.S. Trustee and as detailed in the *Debtors' Reply in Support of Motion for Entry of an Order (I) Granting Leave from Local Rule 3007-1(f) to Permit the Filing of Substantial Omnibus Objections and (II) Granting Related Relief* filed contemporaneously herewith, the Debtors intend to send customized notices to each of the parties whose claims are the subject to objection. If the Debtors are objecting to customer claims, each customer will receive a copy of the redacted version of the objection along with an exhibit that lists that individual customer's claim(s) that are the subject of the objection in unredacted

---

[3] In response to the specific arguments incorporated by reference into the Objections, the Movants similarly incorporate their *Reply of the Debtors and the Official Committee of Unsecured Creditors in Support of Motion for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1567].

form. The Debtors submit that this will provide adequate notice to customers regarding any potential objections to their claims, and in fact, will facilitate the customers' review of any potential objections. Rather than having to review every filed claims objection and search to see whether its respective claims are included, customers will receive customized notices specific only to their respective claims. The Debtors are not, contrary to the U.S. Trustee's suggestion, purporting to redact or prevent customers from receiving notice of the Debtors' objections to their specific claims.

5.  *Second*, the U.S. Trustee seeks changes to certain aspects of the proposed Order. (*Id.* ¶ 22.) In response, the Movants have revised the proposed Order to remove unnecessary provisions already contained in the Court's First Extension Order and otherwise incorporate the U.S. Trustee's comments. The Movants have provided the revised proposed Order to the U.S. Trustee and the Movants understand that this form of order is acceptable to the U.S. Trustee. The revised proposed Order is attached hereto as <u>Exhibit A</u>. A blackline of the revised proposed Order against the original Order filed with the Motion is attached hereto as <u>Exhibit B</u>.

## Conclusion

For the reasons stated above, the Court should overrule the Objections, grant the relief requested in the Motion, and enter the revised Order.

<table>
<tr><td>Dated: October 19, 2023<br>Wilmington, Delaware</td><td>**LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession*</td></tr>
</table>

| | |
|---|---|
| Dated: October 19, 2023<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ *Robert F. Poppiti, Jr.*<br>Matthew B. Lunn (No. 4119)<br>Robert F. Poppiti, Jr. (No. 5052)<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mlunn@ycst.com<br>       rpoppiti@ycst.com<br><br>-and-<br><br>**PAUL HASTINGS LLP**<br>Kristopher M. Hansen*<br>Kenneth Pasquale*<br>Gabriel E. Sasson*<br>Isaac S. Sasson*<br>Caroline Diaz*<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>Email: krishansen@paulhastings.com<br>       kenpasquale@paulhastings.com<br>       gabesasson@paulhastings.com<br>       isaacsasson@paulhastings.com<br>       carolinediaz@paulhastings.com<br><br>*\*Admitted pro hac vice*<br><br>*Counsel to the Official Committee of Unsecured Creditors* |