IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date:  November 15, 2023 at 1:00 p.m. (ET)<br>Obj. Deadline: November 3, 2023 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING EXAMINATION**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing discovery in the form of production of materials responsive to the requests set forth in Exhibit B (the "Requests"), including through the issuance of subpoenas to the Center for Applied Rationality ("CFAR"), an organization based in Berkeley, California.  In support of the Motion, the Debtors respectfully state as follows:

**BACKGROUND**

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Debtors filed with the Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

3. Prior to the Petition Date, the Debtors operated cryptocurrency exchanges and trading businesses. As explained in the First Day Declarations, the Debtors faced a severe liquidity crisis that necessitated the filing of these Chapter 11 Cases on an emergency basis on November 11 and 14, 2022. As detailed in the First Day Declarations, the Debtors' pre-filing operations were characterized by a complete failure of corporate controls and a total absence of trustworthy financial information. (*See* Decl. John J. Ray III, D.I. 24, at 2.)

4. The Debtors and their advisors have been working since the Petition Date at the direction of Mr. Ray to implement controls, recover and protect estate assets, investigate

potential claims, coordinate with authorities and proceedings in numerous jurisdictions, and maximize value for all stakeholders.  The Debtors' efforts to date have included extensive investigation into transfers of assets out of the Debtors' estates.

5.  The Debtors' efforts to recover records of grants, donations and gifts made by and on behalf of the Debtors are central to these investigations and the discharge of the Debtors' duties and obligations under the Bankruptcy Code.  Through their investigatory work, the Debtors understand that between March and October 2023, CFAR received at least $4.4 million dollars in transfers of debtor funds.

6.  Here, the Debtors request that CFAR produce documents and information concerning:  (1) payments or transfers of value received from the Debtors, their affiliates, or associated individuals; (2) agreements and contracts entered into with the Debtors, their affiliates, or associated individuals; (3) communications with the Debtors, their affiliates, or associated individuals; and (4) other relevant information.  This information is integral to the Debtors' ongoing efforts to ascertain a complete picture of the Debtors' finances, transactions and estate.

7.  As required by Local Rule 2004-1, the Debtors attempted to confer with CFAR to arrange a mutually agreeable date, time, place and scope of production.  CFAR has ignored the Debtors' communications.  Specifically, the Debtors emailed CFAR on June 27, July 10, July 18, and August 30 of this year, and delivered a letter to CFAR's place of business via Federal Express on August 31, 2023.  To date, the Debtors have received no response.

8.  The Debtors need access to the requested materials to, among other things, supplement their records, locate and secure estate assets, recover misappropriated and stolen assets and comply with their duties and obligations under the Bankruptcy Code.

**JURISDICTION AND VENUE**

9. The United States Bankruptcy Court for the District of Delaware has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

10. The statutory bases for the relief sought herein are Bankruptcy Code section 105(a), Bankruptcy Rule 2004, and Local Rule 2004-1.

**RELIEF REQUESTED**

11. Pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004 and Local Rule 2004-1, the Debtors request that the Court enter an order authorizing the Debtor to issue subpoenas to CFAR for the production of documents, electronically stored information or tangible things responsive to the Requests.

**BASIS FOR RELIEF**

12. Under Bankruptcy Code section 105(a), the Court maintains broad equitable powers to fashion an order or decree in aid of the enhancement of the value of the Debtors' estates for the benefit of all stakeholders. 11 U.S.C. § 105(a). Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). An examination under Bankruptcy Rule 2004 may be made of any entity with knowledge of "the acts, conduct, or property or to the liabilities and financial

---

[2] Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . and any other matter relevant to the case or to the formulation of a plan." *See* Fed. R. Bankr. P. 2004(b); *In re Wash. Mut., Inc.*, 408 B.R. 45, 49-50 (Bankr. D. Del. 2009).

13.     "The clear intent of Rule 2004 . . . is to give the parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors." *In re GHR Cos., Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984). "Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Wash. Mut., Inc.*, 408 B.R. at 50 (Bankr. D. Del. 2009) (internal quotation marks omitted). Generally, the scope of a Rule 2004 examination available to the Debtors is "unfettered and broad" and has been likened to a "fishing expedition." *See id.* at 49-50 (internal quotation marks and citations omitted); *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016); *In re East West Resort Development V, L.P., L.L.L.P.*, 2014 WL 4537500, at *7 (Bankr. D. Del. Sept. 12, 2014); *In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *In re Ecam Publ'n, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In re Santiago*, 2011 Bankr. LEXIS 2351, at *10 (Bankr. N.D. Ohio Feb. 11, 2011) ("[T]he scope of a Rule 2004 examination is broad and relatively unlimited."). Notably, discovery under Bankruptcy Rule 2004 is "broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) ("[T]he scope of examination allowed under Bankruptcy Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure and may be in the nature of a fishing expedition.")

(internal quotation marks omitted); 9 Collier on Bankruptcy ¶ 2004.01[1] (16th ed. 2019).

14.     The Debtors have been working continuously to locate and secure estate assets in order to establish accountability, preserve value, and maximize stakeholder recoveries.  These efforts have been complicated by the fact that the Debtors did not maintain appropriate records or security controls prior to the Petition Date.  Although the Debtors have located and secured substantial estate assets, they expect to recover still more assets in these Chapter 11 Cases.  The Debtors expect that substantial additional estate assets will be recovered, including estate assets that were transferred in the days, weeks and months prior to the Petition Date.  *See* 11 U.S.C. §§ 547, 548, and 550.  This Motion is a further step in that asset recovery process.

15.     Examination pursuant to Bankruptcy Rule 2004 is of paramount importance given CFAR's possession of information that the Debtors need to achieve the objectives of these Chapter 11 Cases and to fulfil their duties and obligations under the Bankruptcy Code.  As the recipients of multiple substantial monetary transfers, CFAR possesses information that will enable the Debtors to better understand the "nature and extent of the bankruptcy estate," the events that led to their insolvency, and the claims and causes of action they may possess.  *In re Millennium Lab Holdings II, LLC*, 562 B.R. at 626 (Bankruptcy Rule 2004 examination proper where it is "necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice."); *see also In re Teleglobe Communications Corp.*, 493 F.3d 345, 354 n.6 (3rd Cir. 2007) (Bankruptcy Rule 2004 "allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate").

16.     Accordingly, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 2004 and Local Rule 2004-1, the Debtors request entry of an order, substantially in the form attached

as <u>Exhibit A</u> hereto, authorizing the Debtors to issue subpoenas to CFAR, as necessary, for the production of documents, electronically stored information or tangible things, including those responsive to Requests set forth in <u>Exhibit B</u>.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

17. The Debtors have attempted to engage, in a cooperative meet and confer process to obtain information from the CFAR on a voluntary basis. The Debtors sent a letter to CFAR attaching a Bankruptcy Rule 2004 request by email, requesting the production of documents and information, and seeking to meet and confer, on June 27, 2022. After receiving no response, the Debtors emailed follow-up requests on the following dates:

- July 10, 2022
- July 18, 2022
- August 30, 2022

Finally, the Debtors mailed by Federal Express a physical letter to CFAR's last known address, which was delivered on August 31, 2022. To date, CFAR has not responded to any of these communications.

### RESERVATION OF RIGHTS

18. The Debtors reserve their rights to seek further discovery of CFAR pursuant to Bankruptcy Rule 2004 or otherwise, including to conduct witness examinations. The Debtors further reserve their respective rights to seek discovery pursuant to Bankruptcy Rule 2004 with respect to all other parties, as appropriate.

### NOTICE AND NO PRIOR REQUEST

19. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of

Delaware; (g) CFAR; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

20.     No prior application for the relief requested in this Motion has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: October 20, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>    mcguire@lrclaw.com<br>    brown@lrclaw.com<br>    pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Stephanie G. Wheeler (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christopher J. Dunne (*pro hac vice* application pending)<br>Jacob M. Croke (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: wheelers@sullcrom.com<br>    gluecksteinb@sullcrom.com<br>    dunnec@sullcrom.com<br>    crokej@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |