**EXHIBIT B**

**Requests**

**DEBTORS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO
CENTER FOR APPLIED RATIONALITY**

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, FTX Trading Ltd., and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") hereby serves the following requests for production of documents or categories of documents to the Center for Applied Rationality to be produced to the Debtors in accordance with the Definitions and Instructions below (the "<u>Requests</u>").

**DEFINITIONS**

1. The term "<u>**any**</u>" means "each and every," "any and all," and "any one."

2. The term "<u>**concerning**</u>" is to be understood in its broadest sense and means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing, or comprising the subject matter identified.

3. "<u>**Communication**</u>" shall mean the transmittal of facts, ideas, thoughts, opinions, data, inquiries or otherwise and includes correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp, or other similar application), voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, e-mail and postings of any type. A Request for Documents concerning any Communication among or between specified parties includes a Request for any Communication among or between such parties, whether or not such Communication included or was directed to any other Person.

4. The term "<u>**Debtors**</u>" refers to, collectively, FTX Trading Ltd. and affiliated debtors

and debtors-in-possession,[5] including Alameda Research LLC, which filed voluntary Chapter 11 petitions under the Bankruptcy Code commencing these Chapter 11 cases.

5. The term "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), made applicable by Federal Rule of Bankruptcy Procedure 7034, and includes audio files, electronic text, e-mail message (including draft and deleted e-mail messages and all attachments to any e-mail message), text messages, spreadsheets, Communications, and other computerized data (together with all ancillary agreements and Documents related thereto, including any easement, deed of trust, memorandum of lease, release, settlement, guarantee, assignment, assumption, plan, financing statement, notice, or other agreement or other Document entered into or filed in connection therewith). This includes any written, recorded, or graphic matter, in any language, whether produced or reproduced or stored on paper, cards, tape, film, computer, electronic storage devices, or any other media and includes papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes, e-mail, text messages, instant messages (including messages sent using Slack, Signal, WhatsApp or other similar application), reports, studies, press releases, comparisons, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, lists, logs, publications, notices, diagrams, instructions, diaries, meeting minutes, orders, resolutions, agendas and memorials, or notes of oral Communications, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not. A request for all Documents concerning a particular subject matter includes

---

[5] A complete list of the Debtors may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

within its scope all Communications concerning that subject matter. A draft or non-identical copy is a separate Document within the meaning of this term.

6. The term "**FTX Entities**" means collectively all affiliates of the Debtors that have not filed voluntary Chapter 11 petitions in the United States under the Bankruptcy Code, including FTX Philanthropy Inc. (f/k/a/ FTX Foundation Inc.).

7. The term "**FTX Group**" means collectively the Debtors and the FTX Entities.

8. The term "**including**" means "including, but not limited to," and "including, without limitation." It shall not be construed to limit the scope of any definition or Request herein.

9. The term "**Person**" includes both the singular and the plural, and means any natural Person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, firm, trust, estate, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof, or any other organization or entity.

10. The term "**You**" or "**Your**" shall refer to Center for Applied Rationality, all representatives, agents, advisors, and all other Persons or entities acting or purporting to act on Your behalf, and all projects or affiliates of Center for Applied Rationality, including Lightcone Infrastructure Inc. and Lightcone Rose Garden LLC.

11. Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope: (i) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (ii) the use of a word in its singular form shall be deemed to include within its use the plural form as well; and (iii) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

12. These Requests are continuing and require supplemental responses if You or

3

another Person or entity acting on Your behalf obtain additional information between the time of the original response and the conclusion of the Debtors' Chapter 11 proceedings (or any adversarial proceeding arising therefrom).

13. The Debtors reserve the right to supplement, amend, and clarify these Requests at any time.

## INSTRUCTIONS

1. Except as otherwise noted, this Request requires the production of Documents created in or referencing the time period beginning from November 1, 2017 and continuing until the present (the "**Relevant Period**").

2. All discovery in connection with these Requests shall be subject to and conducted in accordance with the terms of any protective or confidentiality orders entered by the Court.

3. Please respond separately to each Request and produce all Documents responsive to the Requests that are within Your possession, custody, or control, or in the possession, custody, or control of any other Person or entity acting or purporting to act on Your behalf.

4. If You cannot fully respond to one or more of the Requests after exercising due diligence to secure the information requested thereby, please so state, and specify: (a) the portion of each Request that cannot be responded to fully and completely; (b) what efforts were made to obtain the requested information; (c) the facts relied upon that support Your contention that the Request(s) cannot be answered fully and completely; and (d) any knowledge, information, or belief You have concerning the unanswered portion of any such Request(s).

5. If there are no Documents responsive to any particular Request, please state so in writing.

6. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion.

7. Please answer each Request separately and fully.

8. If You contend that any information requested in a Request is privileged or otherwise immune from discovery, or if any Document is withheld from production based on a claim of privilege, immunity, or other ground, please furnish a log specifying: (a) the nature of the privilege being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state or foreign law, the specific state or foreign privilege rule being invoked; and (b) unless divulgence of such information would cause disclosure of the allegedly privileged information, (i) the type of Document, (ii) the general subject matter of the Document, (iii) the date of the Document, and (iv) such other information as is sufficient to identify the Document for a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressee of the Document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the Document.

9. If a portion of an otherwise responsive Document contains information subject to a claim of privilege or protection, only that portion of the Document subject to such claim shall be redacted from the Document and the rest shall be produced.

10. In the event any Document responsive to any Request has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all Persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, Signal message); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the Persons authorizing and carrying out such destruction or discarding of the Document.

11. Please produce all Documents in the manner in which they are maintained in the ordinary course.

12. If any part of a Document is responsive to these Requests, the entire Document shall be produced, including any and all file folders within which the Document was contained, transmittal sheets or memoranda, cover letters, exhibits, enclosures, comments or attachments to the Document in addition to the Document itself. For the avoidance of doubt, in the case of e-mail attachments, if either the e-mail or any of its attachments is responsive, produce the e-mail and all of the attachments.

13. All Documents shall be produced in such fashion as to identify the custodian or department in whose possession the Document was found and the business address of each Document's custodian(s).

14. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

15. If You claim any ambiguity in interpreting a Request, definition, or instruction, You should not use that claim as a basis for refusing to respond, but shall set forth as part of Your response the language deemed to be ambiguous, and shall comply with any portion of the Request that You do not contend is ambiguous.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show any assets or funds You received from the FTX Group, or any officer, director, contractor or employee of the FTX Group, including the dates, amounts, and purpose of such transfers.

2. With respect to the assets or funds referenced in Request 1, Documents sufficient to show the use to which such assets or funds were put, the accounts or locations where the assets or funds are currently custodied, and any subsequent transfers of such assets or funds, including dates, amounts, purpose, and identity of any subsequent transferee.

3. Documents sufficient to show any payment or other transfer of value You made in connection with any agreement or contract between You and the FTX Group, or any officer or director of the FTX Group, including the recipients, dates, amounts, and purpose of such payments or transfers.

4. All agreements or contracts between You and the FTX Group.

5. All Communications concerning the assets, funds, payments, transfers and agreements referenced in Requests 1 through 4.

6. All Documents and Communications related to FTX Philanthropy Inc., FTX Foundation, or the FTX Future Fund.

7. All Documents and Communications concerning any internal investigation conducted by You concerning Your connections to the FTX Group, or officer, director, contractor or employee of the FTX Group, including any underlying Documents gathered, identified, cited or relied upon on connection with such investigation.

8. All Communications between You and the FTX Group, or any officer, director, contractor or employee of the FTX Group, including any of the following individuals:

- Can Sun

- Caroline Ellison
- Daniel Friedberg
- Gabriel Bankman-Fried
- Joseph Bankman
- Leopold Aschenbrenner
- Luk Wai "Jen" Chan
- Nicholas Beckstead
- Nishad Singh
- Samuel Bankman-Fried
- William MacAskill
- Zhe "Constance" Wang
- Zixiao "Gary" Wang

9. All Documents and Communications concerning any funding provided by FTX Group to Lightcone Infrastructure Inc. or in connection with any Lightspeed Grants.

10. All Documents and Communications concerning Lightcone Infrastructure Inc.'s purchase of Rose Garden Inn in Berkeley, California, including Documents concerning the formation and ownership of Lightcone Rose Garden LLC and any funding provided by FTX Group in connection with the purchase of Rose Garden Inn.

11. Documents sufficient to show Your corporate organizational and ownership structure.

12. Documents sufficient to show Your mission statements.

13. Documents sufficient to show Your assets, liabilities, contributions and grants received, grants paid, and financial condition.

14. Documents sufficient to show Your executive officers and the members of Your Board of Directors from 2017 to present.