## Exhibit B-1

**A&R Counsel Reimbursement Agreement**

Execution Version

As of October 24, 2023

FTX Trading Ltd.
Friar's Hill Road, Mandolin Place
Saint John's, AG-04, Antigua and Barbuda
Attn: John J. Ray III


Confidential / Via Email

Eversheds Sutherland (US) LLP
227 West Monroe Street, Suite 6000
Chicago, Illinois 60606
Attn: Erin E. Broderick

-AND-

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 16th Floor
PO Box 1347
Wilmington, DE 19899-1347
Attn: Matthew B. Harvey


Re:    Confirmation of Fee Agreement

Ladies and Gentlemen:

This letter agreement (this "Agreement") amends and restates in its entirety the letter agreement, dated as of August 23, 2023 (the "Original Agreement"), between Eversheds Sutherland (US) LLP ("Eversheds") and Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols," and together with Eversheds, "Counsel") and FTX Trading Ltd. (together with its affiliated debtors and debtors-in-possession, the "Company"). We understand that Counsel has been retained by the members of the Ad Hoc Committee of Non US Customers of FTX.com (the "Ad Hoc Committee")[1] as legal counsel to the Ad Hoc Committee in the pending chapter 11 cases (the "Chapter 11 Cases") of the Company in the United States Bankruptcy Court for the District of Delaware (the "Court") under case caption *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD).

---

[1] The members of the Ad Hoc Committee are set forth on the Verified Statement of Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnell LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019 [D.I. 1156], as supplemented by the Verified First Supplemental Statement [D.I. 1580] and the Verified Second Supplemental Statement [D.I. 2144], and as further supplemented from time to time as appropriate.

The purpose of this Agreement is to confirm that the Company has agreed to pay Counsel's reasonable and documented fees and out-of-pocket expenses (at cost) *nunc pro tunc* from May 1, 2023 through the date of termination of this Agreement (the "Fees and Expenses"), in connection with Counsel's representation of the Ad Hoc Committee in furtherance of the diligence, negotiation, prosecution, documentation and implementation of a chapter 11 plan of the Company (the "Plan"), review and analyses of items of interest in the Chapter 11 Cases that impact the construction and outcomes under the Plan, acting as a consultation party where requested by the Debtors or ordered by the Court, the general administration of the Ad Hoc Committee, including compliance with the Court's orders, and providing information and guidance to FTX.com customers who contact Counsel in connection with the Chapter 11 Cases (the "Scope"), subject to the terms and conditions set forth herein, to the extent set forth herein or as otherwise agreed to by the Company, and subject to the Fee Approval Order (as defined below); *provided that*, the Scope does not include preparing for, commencing, or prosecuting litigation against the Company and/or its affiliates or subsidiaries or any of their current or former directors, officers, partners, members, agents, or employees, and the Company shall not pay any amounts in connection with any of the foregoing, provided, however, that the Ad Hoc Committee's objection to relief sought by or otherwise supported by the Company shall not be deemed litigation against the Company for these purposes. For the avoidance of doubt, the Company shall only reimburse Counsel's fees and expenses to the extent set out herein or as otherwise agreed to by the Company.

The members of the Ad Hoc Committee and Counsel shall comply with the terms of any and all confidentiality agreements executed between such signatories and the Company.

Notwithstanding the obligations hereunder to pay the Fees and Expenses of Counsel, the Company acknowledges and agrees that the Ad Hoc Committee is Counsel's client, that Counsel will in no way be deemed to represent the Company, and that no attorney-client privilege relationship between Counsel and the Company is or will be created or reflected hereby. The Company further acknowledges and agrees that nothing in this Agreement shall, directly or indirectly, by implication or otherwise, waive, or be deemed to constitute a waiver of, or otherwise prejudice in any manner whatsoever, applicable privilege (if any) including, without limitation, the attorney-client privilege, covering all communications and correspondences between Counsel and the Ad Hoc Committee and any work product and analyses prepared by or on behalf of Counsel or the Ad Hoc Committee.

Counsel shall provide the Company with, and file with the Court, monthly statements of reasonable and documented fees and out-of-pocket expenses for the services rendered to the Ad Hoc Committee, which will include time detail and the applicable rates and hours worked by each professional, and shall be subject to the terms of the Fee Approval Order. Counsel shall make a reasonable effort to comply with the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* Effective as of November 1, 2013. Counsel shall respond to any reasonable requests for budgets or staffing information by the Company, and shall minimize duplicative or unnecessary work as appropriate. Payment by the Company of such invoices shall be subject to the terms of the Fee Approval Order. Counsel reserves their rights to redact such fee statements for privileged material and to preserve the confidentiality of the Ad Hoc Committee members in accordance with the Court's orders in the Chapter 11 Cases.

The fees to be charged in connection with this Agreement shall be in the aggregate for both Eversheds and Morris Nichols per month in reasonable and documented fees of no more than (i) $250,000 from May 1, 2023 through July 31, 2023; (ii) $500,000 from August 1, 2023 through August 31, 2023; (iii) $750,000 from September 1, 2023 through October 31, 2023; and (iv) $650,000 from November 1, 2023 through the effectiveness of the Plan (collectively (i) through (iv), the "Monthly Fee Cap"); *provided that*, any unused portion of the Monthly Fee Cap for any month shall be carried over on a rolling monthly basis and any amounts incurred over the Monthly Fee Cap in any given month may be applied to future months for reimbursement. Eversheds shall, and Morris Nichols agrees that Eversheds shall, have the sole discretion to allocate fees and expenses between Eversheds and Morris Nichols such that the monthly fees and expenses payable by the Company under this Agreement does not exceed the Monthly Fee Cap. In addition, the Company shall reimburse Counsel for all reasonable, documented out-of-pocket costs and expenses incurred from May 1, 2023 through the termination of this Agreement, with such costs and expenses not included in the Monthly Fee Cap.

The Company's payment of the Fees and Expenses shall be subject to, and in accordance with, the terms of the Fee Approval Order.

In the Chapter 11 Cases, the Company shall file a motion seeking the Court's approval to enter into this Agreement and to perform the Company's obligations under this Agreement to pay the Fees and Expenses (the "Fee Approval Motion" and the corresponding order, the "Fee Approval Order"). The Fee Approval Motion and the Fee Approval Order shall be in form and substance reasonably acceptable to Counsel, and will provide that the Fees and Expenses shall be payable as administrative expenses of the Company's chapter 11 estates and otherwise in accordance with this Agreement, and shall not be subject to avoidance or disgorgement.

All payments described in this Agreement shall be made via wire transfer and become the property of Counsel immediately upon receipt. All payments to Counsel shall be made without offset, counterclaim, reduction, or defense of any kind, and shall be free of, and without deduction for, any taxes or other charges.

The Company may terminate its reimbursement obligations by written notice to Counsel at any time if the Company determines that termination is in the best interests of the estates, including without limitation after (i) the commencement or continuation of direct litigation by the Ad Hoc Committee or by any member of the Ad Hoc Committee against the Company (in their individual or other capacity) while such member continues to serve in such capacity; (ii) the Board of Directors of the Company (the "Board") reasonably determines in good faith after receiving the advice of outside counsel that the Company's continued performance under this Agreement would be inconsistent with the exercise of the Board's fiduciary duties under applicable law, (iii) the Company's determination that the Ad Hoc Committee does not represent a sufficient number of holders or amount of claims to constitute the primary class of FTX.com customers or that sufficient members of the Ad Hoc Committee are unwilling to become restricted from trading as necessary to provide meaningful feedback on the Company's Plan; or (iv) an order is entered by the Court or a court of competent jurisdiction denying approval of a disclosure statement or denying confirmation of any Plan supported by the Ad Hoc Committee. For the avoidance of doubt, and subject to the terms of the Fee Approval Order, nothing in this paragraph shall limit the Company's

obligation to pay the Fees and Expenses of Counsel within the Scope that have been incurred prior to the effective date of termination.

This Agreement includes the entire understanding between the parties with respect to the subject matter hereof. The provisions of this Agreement may be modified only pursuant to a subsequent written agreement executed by, or on behalf of, Counsel and the Company. THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK AND VENUE SHALL BE THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE.

*[Signature page follows]*

Please confirm your agreement by executing this Agreement where set forth below.

                        Sincerely,

                        FTX TRADING, LTD.

                        _____
                        Name: John J Ray III
                        Title: CEO

Acknowledged and Agreed:

EVERSHEDS SUTHERLAND (US) LLP

_____
Name:
Title:

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Name:
Title:

*[Signature page to Counsel Reimbursement Agreement]*

Please confirm your agreement by executing this Agreement where set forth below.

    Sincerely,

    FTX TRADING, LTD.

    _____
    Name:
    Title:

Acknowledged and Agreed:

EVERSHEDS SUTHERLAND (US) LLP

_____
Name: Sarah E. Paul
Title: Partner

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP

_____
Name: Matthew B. Harvey
Title: Partner

*[Signature page to Counsel Reimbursement Agreement]*