# EXHIBIT A

**Proposed Order**

{1368.002-W0073177.}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Re:** __ |

**ORDER SUSTAINING DEBTORS' OBJECTION TO
ROSS RHEINGANS-YOO'S PROOF OF CLAIM**

Upon the objection (the "Objection") of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for an entry of an order (this "Order"), disallowing and expunging in its entirety from the claims register proof of claim number 5166 (the "Claim") filed by Ross Rheingans-Yoo ("Rheingans-Yoo"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rule 3007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and this Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Motion; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

{1368.002-W0073177.}

and adequate notice of the Objection and the relief requested therein has been provided in accordance with the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and that, except as otherwise ordered herein, no other or further notice is necessary; and any replies (if any) to the Objection having been withdrawn, resolved or overruled on the merits; and upon the record of any hearing held to consider the relief requested in the Motion; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED THAT:

    1.    The Objection is GRANTED as set forth herein.

    2.    The Claim is disallowed and expunged in its entirety.

    3.    Kroll Restructuring Administration LLC, as the Debtors' claims and administrative agent, is authorized and directed to update the claims register maintained in these Chapter 11 cases to reflect the relief granted in this Order.

    4.    To the extent a response is filed regarding the Claim, the Claim and the Objection as it pertains to such Claim will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.

    5.    The Debtors have provided a notice to counsel for Rheingans-Yoo that complies with the notice and service procedures set forth in the Bankruptcy Rules and the Local Bankruptcy Rules.

    6.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any

grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (v) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2023
    Wilmington, Delaware

**THE HONORABLE JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**