# **Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. ~~No~~Nos. ~~—~~2646, 2748 & 3310 |

**ORDER GRANTING (I) LEAVE FROM LOCAL RULE 3007-1(F) TO
PERMIT THE FILING OF SUBSTANTIVE OMNIBUS OBJECTIONS
AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") granting relief from certain of the requirements of Local Rule 3007-1(f) to permit (but not require) the Debtors to exceed certain claims objection limits and to modify the requirement that the Debtors include all substantive grounds for objection at the same time and granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{1368.002-W~~0072476.~~0073182.}

ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved as reflected in this Order or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors (or any other party in interest, collectively "Objectors") are granted leave from Bankruptcy Rule 3007 and Local Rules 3007-1(f)(i) and (iii). For the avoidance of doubt, the Debtors (or any other party in interest) as set forth herein. Specifically, the Objectors may file more than three (3) omnibus claim objections per month and may exceed the one hundred (100-) claim limit per substantiveomnibus objection. Omnibus substantive Substantive objections are not required to raise all substantive objections to each claim in such omnibus objections in the Chapter 11 Cases. the initial substantive claim objection; provided, however, that unless otherwise ordered by this Court, as to each claim, Objectors may not file more than two (2) substantive claim objections (the "Substantive Objection Limit"). The process related to the submission of "know your customer" information shall be considered separately and may be subject to another order of this Court in connection with, or independent from, confirmation of any plan.

3. Objectors filing an omnibus objection to claims in accordance with this Order shall (1) file such omnibus claim objection on the main docket of these Chapter 11 Cases

{1368.002-W0072476.0073182.}    2

including one or more exhibits identifying all claims subject to such omnibus objection and the basis for such objection and (2) serve each creditor subject to such omnibus claim objection with one or more customized exhibits that identify only the affected claimant's claim(s) that are subject to the omnibus claim objection and the basis for such objection (the "Customized Exhibits").  Objectors filing an omnibus objection to claims shall include: (1) bolded information at the top of the notice accompanying an omnibus claims objection explaining that, unless otherwise ordered by this Court, any claimant impacted by the omnibus claim objection who is not represented by an attorney may appear either in person or by Zoom at any hearing on such objection and (2) a footnote on the Customized Exhibits (i) informing parties in interest that a complete copy of the omnibus objection (including a complete copy of the exhibits thereto) may be obtained free of charge upon written request and is also available free of charge from the website of the Debtors' noticing and claims agent at https://restructuring.ra.kroll.com/FTX/Home-Index, and (ii) providing the docket number of the applicable omnibus claims objection.

4. This Order and the relief granted herein may be modified by further order of this Court upon motion and appropriate notice.

5. 3. Nothing in the Motion or this Order shall be deemed or construed as: (a) an admission as to the validity or priority of any claim, equity interest or lien against the Debtors; (b) a waiver of the Debtors' rights to dispute or otherwise object to any claim, equity interest or lien on any grounds or basis; (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order; or (e) a waiver or release of the Debtors' or any other party in interests' rights, claims, defenses, or counterclaims under the Bankruptcy Code or any other applicable law.

6.   4. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

7.   5. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

8.   6. This Court shall retain exclusive jurisdiction with respect to any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____
      Wilmington, Delaware

THE HONORABLE JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare 9.5 on Tuesday, October 31, 2023 12:14:21 PM

| Input: | |
|---|---|
| Document 1 ID | file://S:\wdox\LRCDocs\1368\002\ORD\W0072476.DOCX |
| Description | W0072476 |
| Document 2 ID | file://S:\wdox\LRCDocs\1368\002\ORD\W0073182.DOCX |
| Description | W0073182 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 25 |
| Deletions | 13 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 38 |