# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. [•] |

**ORDER AUTHORIZING AND APPROVING (I) PROCEDURES FOR THE SALE OR TRANSFER OF THE TRUST ASSETS AND (II) THE SALE OR TRANSFER OF SUCH TRUST ASSETS IN ACCORDANCE WITH SUCH PROCEDURES FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing and approving (i) procedures for the sale or transfer of the Trust Assets and (ii) the sale or transfer of such Trust Assets in accordance with such procedures free and clear of any Liens with any such Lien attaching to the proceeds of such sale(s) or transfer(s) with the same validity, priority, force and effect as such Lien had immediately prior to such sale(s) or transfer(s), subject to the rights, claims, defenses and obligations, if any, of the Debtors and all interested parties with respect to any such asserted Lien; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as and to the extent set forth herein.

2. The Debtors are authorized, but not directed, to execute sales of the Trust Assets, in their reasonable business judgment, in accordance with the following sale procedures (the "Sale Procedures"):

> (a) <u>Investment Adviser</u>.  The Debtors shall market and sell the Trust Assets solely through an Investment Adviser pursuant to and in accordance with an investment services agreement approved by the Court.  The Debtors are authorized to consummate sales of the Trust Assets using the Court-approved Investment Adviser and are authorized to pay applicable fees, commissions, expenses and other trading costs without further order of the Court.
>
> (b) <u>Pricing Committee</u>.  Upon or promptly following entry of the Order, the Debtors shall establish a pricing committee (the "<u>Pricing Committee</u>"),

which shall be comprised of one member or designee from each of (i) the Debtors, (ii) the Committee; and (iii) the Ad Hoc Committee.  The Pricing Committee shall also be entitled to coordinate with personnel from the Investment Adviser.  No waiver of the attorney client privilege shall result from any member's participation on the Pricing Committee.

(c) <u>Pricing Limitations</u>.  Sales of certain Trust Assets shall be subject to pricing and sale limitations as referenced in the investment services agreement and previously agreed in writing with the Debtors, the Investment Adviser, the Committee and the Ad Hoc Committee (the "<u>Pricing Limitations</u>").  Upon request by any member of the Pricing Committee, the Investment Adviser shall provide pricing and sale recommendations to the Pricing Committee.  The Pricing Committee shall have the ability to override the Pricing Limitations upon unanimous consent in accordance with the rules established by the Pricing Committee.

(d) <u>Methods of Sale</u>.  The Debtors, through the Investment Adviser, shall sell the Trust Assets either (i) over-the-counter ("<u>OTC</u>") or (ii) on exchanges.

(e) <u>Reporting Requirements</u>.  All sales of the Trust Assets shall be documented and included in the monthly reports delivered to the Debtors, the Committee and the Ad Hoc Committee as required under the Coin Monetization Order.

(f) <u>Prohibition on Affiliate Transactions</u>.  The Investment Adviser shall not be permitted to select any of its affiliates as a counterparty for any transaction involving Trust Assets.

(g) <u>Bid Requirements</u>.  Except as otherwise set forth in any agreement between the Debtors and the Investment Adviser, solely with respect to OTC sales, the Investment Adviser shall obtain a minimum of two bids from different counterparties prior to executing any such sale.  To the extent the Investment Adviser does not seek multiple bids in accordance with the terms of any such agreement prior to a sale, the Investment Adviser shall provide notice to the Pricing Committee within one business day after the execution of any such sale.

(h) <u>Sales</u>.  Subject to the other limitations set forth in these Sale Procedures, the Debtors, through the Investment Adviser, may sell the Trust Assets in one or more transactions and to one or more buyers.

(i) <u>Broker-Dealer Execution</u>.  All sales of Trust Assets shall be effected through or with an SEC-registered broker-dealer or other person operating under an exemption from broker-dealer registration.

3. The Debtors' reporting obligations with respect to the Sales Procedures shall terminate upon the effectiveness of a chapter 11 plan.

4. The requirements set forth in Bankruptcy Rules 2002 and 6004 and Local Rules 2002-1 and 6004-1 are satisfied by the Motion, and the Debtors need not provide any further notice prior to implementing any sales of the Trust Assets, except to the extent set forth in this Order and Sales Procedures.

5. Notwithstanding anything contained herein to the contrary, the Debtors shall not be authorized to engage in any sale of or transactions in the Trust Assets (a) with an "insider" of the Debtors (as such term is defined in section 101(31) of the Bankruptcy Code, and which shall include any person employed by any Debtor with the title of Vice-President); (b) with another Debtor; or (c) with any non-Debtor affiliate (as such term is defined in section 101(2) of the Bankruptcy Code).

6. Pursuant to section 363(f) of the Bankruptcy Code, any sale or transfer of Trust Assets, including Trust Pledged Assets, in accordance with this Order shall be free and clear of any Lien, with any such Lien to attach to the proceeds of such sale or transfer with the same validity, priority, force and effect as such Lien had immediately prior to the sale or transfer, subject to the rights, claims, defenses and obligations, if any, of the Debtors and all interested parties with respect to any such asserted Lien.

7. Notwithstanding anything to the contrary in the Motion or this Order, nothing in the Motion or this Order constitutes a finding under the federal securities laws as to whether the Trust Assets or transactions involving the Trust Assets are securities or securities transactions, respectively, and the right of the SEC to challenge transactions involving the Trust Assets on any basis are expressly reserved.

8. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

9. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10. The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____, 2023
Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge