# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Case No. 22-11068 (JTD)<br><br>Chapter 11 |
| OLYMPUS PEAK TRADE CLAIMS OPPORTUNITIES FUND I NON-ECI MASTER LP,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ETHEREAL TECH PTE. LTD., and BURDY TECHNOLOGY LIMITED,<br><br>　　　　　　　　　Defendants. | Adv. Proc. No. 23-____ (JTD) |

## COMPLAINT

Plaintiff Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP ("Olympus Peak" or "Plaintiff"), through its undersigned counsel, for its complaint against defendants Ethereal Tech Pte. Ltd. ("Ethereal"), and Burdy Technology Limited ("Burdy" and collectively with Ethereal, "Defendants"), states as follows:

## NATURE OF THE SUIT

1.　　Ethereal and Burdy have filed claims in the main bankruptcy case for FTX Trading Ltd. ("FTX"). Since the commencement of that case, creditor claims have traded in the open

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

{01955614;v1 }

market at prices that reflect parties' ever-changing views as to the likelihood and extent that those claims will ultimately be paid. Not surprisingly, trading prices change quickly and often in response to new information about FTX.

2. In July 2023, each of Ethereal and Burdy agreed to sell to Olympus Peak their claims against FTX. They agreed to do so for 30% of the face value of the claims that each has against FTX's bankruptcy estate. The parties' agreements—including as to price—were memorialized in identical trade confirmations (Exhibit A (Trade Confirmation with Ethereal), Exhibit B (Trade Confirmation with Burdy) (collectively, the "Trade Confirmations")).

3. The Trade Confirmations obliged Defendants to, among other things, "work in good faith to settle the transaction[s] within 40 days of the Trade Date"—including by "execut[ing] and deliver[ing] . . . Transfer of Claim Agreement[s]." Ex. A at 2; Ex. B at 2. The Trade Confirmations make clear that they "constitute a binding agreement between the parties." Ex. A at 4; Ex. B at 4. And in recognition that the market price of FTX claims would likely change during the time it took to settle the parties' transactions, the Trade Confirmations expressly provide "that any events occurring subsequent to the [July] Trade Date, including any fluctuations in the market price for the Claim[s], shall not serve to relieve either party of their respective obligations under this Agreement." Ex. A at 4; Ex. B at 4.

4. Despite their clear contractual obligations, both Ethereal and Burdy have refused to settle their transactions with Olympus Peak. Through Ethereal's parent company, Singapore-based Bitfufu, both have made clear that, in light of new information about FTX, they believe their claims may be more valuable than they previously thought—and so Olympus Peak should pay them more than the price agreed upon in the Trade Confirmations. Simply put, they are doing precisely what the Trade Confirmations expressly forbid.

5. To remedy those breaches, this Court should order Ethereal and Burdy to promptly settle the parties' transactions on the terms provided for in the Trade Confirmations (so that the Debtors' estates know who is properly entitled to vote those claims and collect distributions upon them) or else provide other relief to remedy Olympus Peak's injury.

## PARTIES

6. The Plaintiff, Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP, is a limited partnership organized under the laws of Delaware. Its principal place of business is 177 West Putnam Avenue, Suite 2622-S1, Greenwich, CT 06831.

7. Defendant Ethereal Tech Pte. Ltd., is a Singapore private company. Its principal place of business is 111 North Bridge Road, #15-01 Peninsula Plaza, Singapore 179098.

8. Defendant Burdy Technology Limited is a Hong Kong private company. Its principal place of business is Room 06, 13A/F, South Tower, World Finance Centre, Harbour City, 17 Canton Road, Tsim Sha Tsui, Kowloon, Hong Kong 999077.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 because this is a civil proceeding arising under or relating to the bankruptcy petitions filed by FTX and certain of its affiliates under Chapter 11 of the United States Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b) because the bankruptcy court must know who properly owns claims against the FTX estate, including for purposes of voting, settling, enforcing, or collecting distributions on those claims. *See In re Powell*, 224 B.R. 409, 410-11 (Bankr. E.D. Mo. 1998); *In re Gremillion*, Adv. No. 15-1080, 2016 WL 890038, at *4 (Bankr. E.D. La. Mar. 8, 2016). Alternatively, this Court has jurisdiction under 28 U.S.C. § 157(c) because this is a civil

proceeding relating to the bankruptcy petition filed by FTX and certain of its affiliates under Chapter 11 of the United States Bankruptcy Code.

10. Ethereal and Burdy have consented to the personal jurisdiction of this Court by filing a proof of claim and customer claim form, respectively. *In re NWL Holdings, Inc.*, Bankr. No. 08-12847, 2011 WL 767777, at *3 n.2 (Bankr. D. Del. Feb. 24, 2011); Case No. 22-11068, Ethereal Claims 3-1, 4-1, 4-2; Claim No. 55584, Burdy Customer Claim Form (Sept. 19, 2023).

11. In accordance with Local Bankruptcy Rule 7008-1, Olympus Peak confirms it consents to the entry of final orders or judgments by the Court in connection with this adversary proceeding to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

12. Venue is proper in this Court under 28 U.S.C. § 1409(a).

## STATEMENT OF FACTS

13. In November 2022, FTX, a cryptocurrency exchange, and certain of its affiliates, filed bankruptcy cases in this court. *In re FTX Trading LTD, et al.*, Case No. 22-11068 (JTD). Those proceedings are ongoing.

14. Ethereal and Burdy are creditors of FTX. Ethereal filed a proof of claim in FTX's bankruptcy for $11,690,000, the specific contents of which are presently knowable by the Debtors but not by Olympus Peak. Case No. 22-11068, Ethereal Claims 3-1, 4-1, 4-2. Burdy filed a customer claim form, the specific contents of which are presently knowable by the Debtors but not by Olympus Peak. Claim No. 55584, Burdy Customer Claim Form (Sept. 19, 2023).

15. On July 19, 2023, both Ethereal and Burdy entered into the Trade Confirmations in order to sell their claims against FTX to Olympus Peak.

16. In the Trade Confirmation between Olympus Peak and Ethereal, Ethereal agreed to sell its claim in the outstanding principal amount of $10,264,482.95 to Olympus Peak for the purchase rate of 30%. Ex. A at 1. That amounts to a purchase price of $3,079,344.89. *Id.* Ethereal agreed to "work in good faith" with Olympus Peak "to settle the transaction within 40 days of the Trade Date, unless mutually extended in writing." *Id.* at 2. The "Trade Date" was defined as July 19, 2023. *Id.* at 1.

17. Olympus Peak and Ethereal represented and warranted that they were sophisticated parties who made the decision to enter into the transaction based on their own informed analysis. *Id.* at 3.

18. Olympus Peak and Ethereal also agreed that "[u]pon execution by both Buyer and Seller, this Confirmation shall constitute a binding agreement between the parties. The parties acknowledge and agree that any events occurring subsequent to the Trade Date, including any fluctuations in the market price for the Claim, shall not serve to relieve either party of their respective obligations under this Agreement." *Id.* at 4.

19. Both Ethereal and Olympus Peak executed the Trade Confirmation.

20. In the Trade Confirmation between Olympus Peak and Burdy, Burdy agreed to sell its claim in the outstanding principal amount of $1,770,000 to Olympus Peak for the purchase rate of 30%. Ex. B at 1. That amounts to a purchase price of $531,000. *Id.*

21. The Trade Confirmation between Olympus Peak and Burdy contains the exact same provisions as does Olympus Peak's agreement with Ethereal. Burdy agreed to "work in good faith" with Olympus Peak to "settle the transaction within 40 days of the Trade Date, unless mutually extended in writing." *Id.* at 2. The "Trade Date" was defined as July 19, 2023. *Id.* at 1.

22. Olympus Peak and Burdy represented and warranted that they were sophisticated parties who made the decision to enter into the transaction based on their own informed analysis. *Id.* at 3.

23. Olympus Peak and Burdy also agreed that "[u]pon execution by both Buyer and Seller, this Confirmation shall constitute a binding agreement between the parties. The parties acknowledge and agree that any events occurring subsequent to the Trade Date, including any fluctuations in the market price for the Claim, shall not serve to relieve either party of their respective obligations under this Agreement." *Id.* at 4.

24. Both Burdy and Olympus Peak executed the Trade Confirmation.

25. Despite signing those agreements, Ethereal and Burdy have refused to complete the claim transfers and have failed to work in good faith with Olympus Peak to complete the transfers.

26. Ethereal and Burdy, who both speak through Bitfufu, dragged their feet responding to Olympus Peak and providing necessary information to complete the transfers.

27. On August 14, 2023, Olympus Peak sent a letter to Ethereal and Burdy objecting to their delays and informing them that failure to timely close the transactions pursuant to the Trade Confirmations would be a breach of those agreements.

28. Though the 40-day period to close the transactions expired on August 28, 2023, Ethereal and Burdy reiterated their commitment to close the transactions regardless of the 40-day window on August 22, 2023. On that day, they stated that they "[we]re willing to proceed and close the deal" even after the end of the 40-day period on August 28. A day later, on August 23, they reiterated that they "[we]re willing to proceed regardless of expiration of the 40-day" period. Indeed, as late as September 22, 2023, Bitfufu (on behalf of Ethereal and Burdy) represented to

Cantor Fitzgerald ("Cantor"), a broker for the deal, that Ethereal and Burdy were "ready to call olympus tonight to clos[e] this transaction as soon as we can."

29. Despite that assurance, neither Ethereal nor Burdy took any steps to close their transactions with Olympus Peak. Instead, on October 10, Bitfufu informed Cantor "that the mark price has soared up to 40+, so we are wondering" if we need to "continue to deal with Olympus or not, or could you [*i.e.*, Cantor] ask wether [sic] Olympus can offer a more attractive proposal."

30. On October 12, Cantor reached out to Bitfufu, reminding it of Ethereal's and Burdy's commitments under the Trade Confirmations and urging them to close their transactions with Olympus Peak. Rather than do so, however, Bitfufu communicated to Cantor that Ethereal and Burdy were purporting to terminate their agreements with Olympus Peak (notwithstanding that such agreements have no such termination provision nor would termination cleanse their prior breaches).

31. Olympus Peak sent a letter to Ethereal and Burdy on October 13 in which it stated its view that Ethereal and Burdy were in breach of the Trade Confirmations.

32. Ethereal and Burdy continue to refuse to complete the claim transfers.

33. Olympus Peak, who owns other claims against FTX, is actively involved in voting with respect to the treatment and settlement of claims. Because Ethereal and Burdy refuse to complete the claim transfers, Olympus Peak is unable to vote those claims.

## CAUSES OF ACTION

### COUNT ONE
**(Breach of Contract Under New York Law)**

34. Olympus Peak repeats and realleges each allegation in paragraphs 1-33 above.

35. Ethereal and Burdy both entered into a Trade Confirmation with Olympus Peak on July 19, 2023. Those Trade Confirmations are valid and binding contracts that included

Defendants' express agreement to sell their bankruptcy claims against FTX to Olympus Peak for a purchase rate of 30%.

36. The Trade Confirmations specify that New York law governs the obligations in the Trade Confirmations.

37. Ethereal and Burdy have refused to complete the transfers of their claims, and have refused to work with Olympus Peak in good faith to complete the transfers.

38. Olympus Peak has a right to receive the claims at the terms agreed on in the Trade Confirmations. It has performed all of its obligations under the Trade Confirmations, and remains prepared to perform any other obligations it might have under those agreements.

39. Ethereal and Burdy still own the claims and have the power to transfer them to Olympus Peak.

40. Olympus Peak does not have an adequate remedy at law. It cannot acquire the claims held by Ethereal or Burdy in any other way, and in reliance on the July 19 Trade Confirmations, Olympus Peak has foregone other opportunities to purchase claims related to FTX's bankruptcy at the price reflected in the Trade Confirmations.

41. Due to Defendants' breach, Olympus Peak is entitled to specific performance. Defendants are obligated to complete the trades at the terms agreed upon in the Trade Confirmations.

42. In the alternative, Olympus Peak is entitled to damages in an amount to be proved at trial, including attorneys' fees, expenses, and costs, plus pre- and post-judgment interest, and other appropriate relief stemming from all such breaches.

**COUNT TWO**
**(Breach of Implied Covenant of Good Faith and Fair Dealing Under New York Law)**

43. Olympus Peak repeats and realleges each allegation in paragraphs 1-33 above.

44. Ethereal and Burdy both entered into a Trade Confirmation with Olympus Peak on July 19, 2023. Those Trade Confirmations are valid and binding contracts that included Defendants' express agreement to sell their bankruptcy claims against FTX to Olympus Peak for a purchase rate of 30%.

45. The Trade Confirmations specify that New York law governs the obligations in the Trade Confirmations.

46. Ethereal and Burdy have refused to complete the transfers of their claims, and have refused to work with Olympus Peak in good faith to complete the transfers.

47. The Trade Confirmations each contain an implied covenant of good faith and fair dealing.

48. Under that covenant, Defendants agreed to do nothing that would have the effect of destroying or injuring Olympus Peak's rights to receive the benefits of the Trade Confirmations.

49. Olympus Peak has a right to receive the claims at the terms agreed on in the Trade Confirmations. It has performed all of its obligations under the Trade Confirmations, and remains prepared to perform any other obligations it might have under those agreements.

50. Defendants destroyed or injured Olympus Peak's right to receive the benefits of the Trade Confirmations by refusing to complete the trades.

51. As a result, Defendants have breached the implied covenant of good faith and fair dealing in the Trade Confirmations, and thus have breached the Trade Confirmations themselves.

52. Olympus Peak does not have an adequate remedy at law. It cannot acquire the claims held by Ethereal or Burdy in any other way, and in reliance on the July 19 Trade Confirmations, Olympus Peak has foregone other opportunities to purchase claims related to FTX's bankruptcy at the price reflected in the Trade Confirmations.

53. Due to Defendants' breach, Olympus Peak is entitled to specific performance. Defendants are obligated to complete the trades at the terms agreed upon in the Trade Confirmations.

54. In the alternative, Olympus Peak is entitled to damages in an amount to be proved at trial, including attorneys' fees, expenses, and costs, plus pre- and post-judgment interest, and other appropriate relief stemming from all such breaches.

## COUNT THREE
### (Declaratory Judgment)

55. Olympus Peak repeats and realleges each allegation in paragraphs 1-33 above.

56. Olympus Peak entered into a valid and enforceable contract with each Defendant.

57. Olympus Peak has performed all of its obligations under the Trade Confirmations, and remains prepared to perform any other obligations it might have under those agreements.

58. Defendants have breached the Trade Confirmations by refusing to complete the trades on the terms agreed on in the Trade Confirmations and refusing to work in good faith with Olympus Peak.

59. An actual case or justiciable controversy exists between Olympus Peak and Defendants concerning their respective rights under the Trade Confirmations.

60. Olympus Peak is entitled to a declaration that Defendants are in breach of the Trade Confirmations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Olympus Peak respectfully requests that a judgment be entered in its favor as follows:

(a) An order requiring Defendants Ethereal and Burdy to complete the transfer of their claims to Olympus Peak under the terms of their respective Trade Confirmations;

(b) Judgment declaring that Defendants Ethereal and Burdy are obligated to close the trades at the terms agreed on in their respective Trade Confirmations;

(c) Damages in an amount to be proven at trial, of an amount equal to at least the difference between the purchase prices under the Trade Confirmations and the ultimate amounts distributed on account of the claims in dispute;

(d) Liens on the claims at issue to secure payment of damages awarded in this case;

(e) Attorneys' fees, expenses, and costs;

(f) Pre-judgment and post-judgment interest; and

(g) Such other relief as this Court may deem just and proper.

Dated: November 6, 2023
Wilmington, Delaware

Respectfully submitted,

**ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (DE No. 3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Email: rpalacio@ashbygeddes.com

and

Ariel N. Lavinbuk (*pro hac vice* forthcoming)
Thomas T. Janover (*pro hac vice* forthcoming)
Shikha Garg (*pro hac vice* forthcoming)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Tel: (202) 775-4500
Fax: (202) 775-4510

*Counsel for Plaintiff Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP*