IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                               :

In re:                                         :    Chapter 11

FTX TRADING LTD., *et al.*,[1]               :    Case No. 22-11068 (JTD)

                    Debtors.                       :    (Jointly Administered)

---------------------------------------------------------- x

**DECLARATION OF SANDRA MOMAH REGARDING ERNST & YOUNG'S DISINTERESTEDNESS AS A SUBCONTRACTOR OF ERNST & YOUNG LLP IN THESE CHAPTER 11 PROCEEDINGS**

I, Sandra Momah hereby declare pursuant to Rule 2014(a) of the Bankruptcy Rules as follows:[2]

1.    I am an Associate Partner of Ernst & Young ("EY Nigeria"). EY Nigeria is a member firm of EYGL in its jurisdiction.

2.    On January 17, 2023, the Court entered its Order Authorizing the Retention and Employment of EY LLP as Tax Services Provider *Nunc Pro Tunc* to November 28, 2022 [Docket No. 505] (the "Order").

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Declaration of Thomas M. Shea in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Ernst & Young LLP as Its Tax Services Provider, *Nunc Pro Tunc* to November 28, 2022 [Docket No. 500] (the "Shea Declaration") and the Supplemental Declaration of Thomas M. Shea in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Ernst & Young LLP as Its Tax Services Provider, *Nunc Pro Tunc* to November 28, 2022 [Docket No. 499] (the "Supplemental Shea Declaration").

3.  EY LLP has subcontracted with EY Nigeria to assist in providing certain services to the Debtors in these chapter 11 proceedings. I provide this Declaration on behalf of EY Nigeria as required by paragraph 8 of the Order.

4.  The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other employees of EY Nigeria or employees of other member firms of EYGL.

5.  EY Nigeria understands that EY LLP will bill EY Nigeria's fees and expenses to the Debtors at cost, and include EY Nigeria's fees and expenses in EY LLP's fee applications in these cases.

6.  As disclosed in paragraph 17 of the Shea Declaration, EY LLP has access to a computer database (the "Database") that contains information about actual client engagements and potential engagement activity of all of the member firms of EYGL. EY Nigeria has access to that same Database. The Database against which the names of the Parties in Interest was run for EY LLP's connections check contains client engagement information for all EYGL member firms, including EY Nigeria, and the disclosure schedule annexed as Exhibit B to the Shea Declaration lists whether a client engagement has been initiated with the Parties in Interest in the Database during the last three years by EY LLP or any other EYGL member firm, including EY Nigeria.

7.  In addition, I understand that EY LLP caused the names of the Debtors and affiliates of the Debtors on the PIIL to be run through the Database to determine whether a client engagement has been initiated in the Database during the last three years by EY LLP or any other EYGL member firm in which the Debtors or their affiliates have been identified as also being involved in the engagement (*e.g.*, adverse parties and co-clients). On or about May 19, 2023 EY

Nigeria personnel reviewed the results of that search, to the extent that they relate to current or past engagements of EY Nigeria, to determine whether it has provided or is currently providing services to clients that relate to the Debtors or their affiliates.

8. To the best of my knowledge, information and belief based on the information set forth in the Database, none of the services rendered to Parties in Interest by EY Nigeria have been in connection with the Debtors or these chapter 11 cases.

9. EY Nigeria and other EYGL member firms may perform services for their clients that relate to the Debtors merely because such clients may be creditors or counterparties to transactions with the Debtors and whose assets and liabilities may thus be affected by the Debtors' status. The disclosures set forth herein do not include specific identification of such services.

10. EY Nigeria may appear in cases, proceedings and transactions involving many different attorneys, financial advisors and creditors, some of which may represent or be parties involved in these Chapter 11 cases.

11. EY Nigeria may currently be a party or participant in certain litigation matters involving Parties in Interest, which matters are unrelated to the Debtors or these Chapter 11 cases.

12. EY Nigeria does not directly hold any debt or equity securities of the Debtors. In addition, none of the EY Nigeria professionals who are currently on the engagement team that is providing Services to the Debtors directly hold any securities in the Debtors, but those engagement team members may hold interests in mutual funds or other investment vehicles that may own securities of the Debtors.

13. EY Nigeria has thousands of professional employees. It is possible that employees of EY Nigeria who are not currently on the engagement team that is providing Services to the Debtors may directly or indirectly hold securities of the Debtors or interests in mutual funds or

other investment vehicles that may own securities of the Debtors. Additionally, EY Nigeria partners and professionals, whether or not on the engagement team that is providing services to the Debtors, may have economic interests in or business associations with Parties in Interest.

14. To the best of my knowledge, information and belief, neither the undersigned nor the EY Nigeria professionals expected to assist the Debtors in these matters are connected to the Bankruptcy Judges in this District, the United States Trustee for the region in which these Chapter 11 cases are pending, or any person employed in the Office of the United States Trustee in the city in which these Chapter 11 cases are pending as identified in the PIIL. Moreover, to the best of my knowledge, information and belief, EY Nigeria's subcontracting with EY LLP is not prohibited by Bankruptcy Rule 5002.

To the best of my knowledge, information and belief, EY Nigeria (a) does not hold or represent an interest adverse to the Debtors' estates, and (b) is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as required under section 327(a) of the Bankruptcy Code. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:      Oct 31      , 2023

_____
**SANDRA MOMAH, ASSOCIATE PARTNER**