IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>Debtors. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 22-11068 (JTD) <br> ) <br> ) (Jointly Administered) <br> ) <br> ) **Ref. Docket No. 3373** <br> ) |

**STATEMENT AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN RESPONSE TO AMENDED MOTION OF DEBTORS TO ENTER INTO, AND PERFORM THEIR OBLIGATIONS UNDER, THE REIMBURSEMENT AGREEMENTS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (these "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this statement and reservation of rights (the "Statement") in response to the *Amended Motion of Debtors to Enter into, and Perform their Obligations Under, the Reimbursement Agreements* [Docket No. 3373] (the "Motion"),[2] and, in support thereof, respectfully states as follows:

**STATEMENT**

1. As set forth in the Motion (and the Initial Motion), the Debtors determined, in the context of negotiating and, ultimately, prosecuting, a plan of reorganization, that it would be appropriate to reimburse the professional fees and expenses incurred by the Ad Hoc Committee of

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd. is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Non-US Customers of FTX.com (the "AHC"). More specifically, such a reimbursement agreement would be a component of a proposed Plan settlement of litigation commenced by the AHC asserting customer property interests in assets of the international exchange. Although the Debtors initially agreed to reimburse the AHC's professional fees prior to there being any agreement to either settle the AHC Adversary Proceeding or on the terms of a proposed Plan (*see* the Initial Motion), the Debtors, Committee, AHC and other creditor stakeholders have since negotiated in good faith and agreed in principle to certain material terms of a Plan, which includes settlement of the AHC Adversary Proceeding. *See Notice of Proposed Settlement of Customer Property Disputes* [Docket No. 3291], Ex. A at 1.

2. Since the time the Initial Motion was filed, the Committee has had many discussions with the Debtors and AHC to understand the scope of the work performed and to be performed by the AHC Professionals and the amount of the professional fees to be reimbursed by the estates. Subsequent to the filing of the Initial Motion, the Debtors and AHC advised the Committee that they had agreed to certain increases in the amounts to be reimbursed to the AHC Professionals as compared to those set forth in the Initial Motion, reflective of what the AHC Professionals represent are additional services to be provided. The amounts set forth in the Motion for reimbursement of the AHC's Counsel fees are the result of good faith negotiations between the AHC and the Committee concerning such fees and reflect an aggregate reduction in the amounts subsequently proposed by the Debtors and AHC. The Committee therefore does not object to that portion of the Motion that seeks authority for the Debtors to enter into and perform under the A&R Counsel Reimbursement Agreement, subject to the additional conditions set forth in the Motion and proposed order.

3. Separate from the AHC Counsel reimbursement, on October 24, 2023, Debtor FTX Trading Ltd. entered into a revised A&R Rothschild & Co Reimbursement Agreement, pursuant to which the Debtors agreed to pay Rothschild & Co (i) "Monthly Fees" of $175,000 per month during the term of the agreement (except that the first four months of Monthly Fees shall be payable by the Debtors upon the entry of the Order), plus reasonable out of pocket expenses, and (ii) a "Transaction Fee" of $5,000,000, as defined in the A&R Rothschild & Co Reimbursement Agreement. The Transaction Fee is expressly subject to further Court approval and would be payable upon the effective date of the Plan; specifically, a chapter 11 plan confirmed by this Court that (a) Rothschild & Co and Counsel, on behalf of the Executive Committee, actively participated in the negotiation of, (b) Rothschild & Co and Counsel has advised the Executive Committee to recommend for approval by the AHC, and (c) has been approved by at least two-thirds in amount of claims and half in number of the primary class of FTX.com customers who submit votes on such chapter 11 plan. *See* Motion at ¶ 15. The Transaction Fee reflects an increase from $3,500,000, as requested in the Initial Motion, in recognition of additional work that Rothschild & Co represents it has and will be requested to perform for the AHC's Executive Committee.[3] *See* Motion, Ex. B-2.

4. The Committee does not object to the Monthly Fees of $175,000 per month to be reimbursed pursuant to the A&R Rothschild & Co Reimbursement Agreement. However, contrary to market-standard practices, the agreement does not include a provision whereby the Monthly Fees are credited towards the Transaction Fee. Consistent with the Committee's comments and reservations set forth below, and assuming the Court ultimately determines that the Transaction

---

[3] Pursuant to its engagement letters, Rothschild & Co is retained by and is to provide services to the AHC's Executive Committee and the Executive Committee's counsel; it is not retained by the AHC itself.

Fee is appropriate, the Committee reserves the opportunity to raise at the appropriate time the issue of whether the Monthly Fees should be credited against the Transaction Fee.

5.    Moreover, the proposed order with respect to the Motion expressly provides that "[n]otwithstanding anything contained in this Order or in the Reimbursement Agreements, the Transaction Fee contained in the A&R Rothschild & Co Reimbursement Agreement shall not become due and payable without further order of the Court." Motion, Ex. A at ¶ 7.  Accordingly, the Debtors are not seeking approval of the Transaction Fee at this time, and the Committee reserves all of its rights and remedies concerning the Transaction Fee for such later date when the Court is requested to consider authorizing the Debtors to pay such fee.  Given the definition and terms for payment of the Transaction Fee set forth in the A&R Rothschild & Co Reimbursement Agreement, that later time will be after confirmation of a plan of reorganization.

6.    Although the proposed order provides that the Transaction Fee is not payable without further order of the Court, the Motion and proposed order are silent as to the standard by which the propriety of the Transaction Fee should be determined.  Pursuant to sections 503(b)(3) and 503(b)(4) of the Bankruptcy Code, reasonable compensation for professional services provided to a creditor is allowed where the creditor has made a "substantial contribution" in a chapter 11 case.  11 U.S.C. §§ 503(b)(3), (b)(4).  The test for determining whether a creditor has made a "substantial contribution" warranting the reimbursement of its expenses is whether such creditor's efforts resulted in "actual and demonstrable benefit to the debtor's estate and the creditors," and whether its efforts provided a benefit to the estate that was "more than an incidental one arising from activities the applicant pursued in protecting his or her own interests." *Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 944 (3d Cir. 1994) (noting that "[c]reditors are presumed to be

acting in their own interests until they satisfy the court that their efforts have transcended self-protection").

7.  The A&R Rothschild & Co Reimbursement Agreement conditions payment of the Transaction Fee on, among other things, confirmation of a plan of reorganization that Rothschild & Co "actively participate[d] in the negotiation of" and "advise[d] the Executive Committee to recommend for approval by the Ad Hoc Committee." Motion at ¶ 15. Those activities have, of course, not yet occurred, and whether those activities will suffice to satisfy section 503(b) cannot be evaluated unless and until they do. The Committee therefore reserves its rights to be heard regarding the payment of the Transaction Fee when that issue is presented to the Court, following confirmation of a plan.

8.  The Committee reserves its rights to supplement or amend this Statement and to raise additional issues and to present evidence in connection with the Motion and any supporting declarations or documents the Debtors or any other party hereafter files in support thereof, and at any future hearing(s).

*[Remainder of page intentionally left blank.]*

| | |
|---|---|
| Dated: November 8, 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Robert F. Poppiti, Jr.*<br>Matthew B. Lunn (No. 4119)<br>Robert F. Poppiti, Jr. (No. 5052)<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mlunn@ycst.com<br>          rpoppiti@ycst.com<br><br>-and-<br><br>PAUL HASTINGS LLP<br>Kristopher M. Hansen*<br>Kenneth Pasquale*<br>Isaac S. Sasson*<br>John F. Iaffaldano*<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>Email: krishansen@paulhastings.com<br>          kenpasquale@paulhastings.com<br>          isaacsasson@paulhastings.com<br>          jackiaffaldano@paulhastings.com<br><br>*\*Admitted pro hac vice*<br><br>*Counsel to the Official Committee of Unsecured Creditors* |