# EXHIBIT 1



**Kate Roggio Buck**
Partner

T. 302-984-6323
F. 302-442-4710

kbuck@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

November 8, 2023

**VIA ELECTRONIC MAIL**

Matthew B. McGuire, Esquire
Kimberly A. Brown, Esquire
Matthew R. Pierce, Esquire
Landis Roth & Cobb LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801
E-Mail: mcguire@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

**Re:**     *In re FTX Trading Ltd., et al.,* **Case No. 22-11068-JTD**

Dear Counsel:

I write on behalf of the Center for Applied Rationality ("CFAR") in response to Debtors' Requests for Production of Documents (the "Requests") attached to the Motion of Debtors for Entry of an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Examination [D.I. #3329, 3344] (the "Motion"). CFAR objects and responds to the Requests as follows:

***General Objections to the Requests[1]***

CFAR objects to the Requests to the extent that the Requests seek information outside the scope of Bankruptcy Rule 2004. CFAR objects to the Requests based on the fact that the transfers in question did not implicate, concern, or include an interest of the Debtors, and thus, the Debtors are unable to establish a *prima facie* claim under and/or arising out of 11 U.S.C. §§ 541 *et seq*. CFAR objects to the Requests based on the fact that the transfers in question were not made on account of an antecedent debt or while the Debtors were insolvent. *See* 11 U.S.C. §§ 547, 548. CFAR objects to the Requests based on the fact that the transfers in question were charitable donations. *See id*. CFAR objects to the Requests on the basis that the Debtors lack standing to pursue a claim for the avoidance and/or recovery of the transfers in question. CFAR objects to the Requests to the extent that the requested information and/or documents are in the Debtors' possession, custody, or control. CFAR objects to the Requests to the extent that the requested information and/or documents are irrelevant and not proportional to the needs of the case. CFAR also objects to the Requests on the basis that the scope of the Requests is overbroad, unduly burdensome, and not tailored to the needs of the case. CFAR further objects

---

[1] CFAR incorporates, by reference, the General Objections in response to each and every Request.

to the Requests on the basis that Requests assume the existence of the requested information and/or documents, in which case, CFAR is under no obligation to create documents or materials that do not exist. *See* Fed. R. Bankr. P. 2004, 7034; Fed. R. Civ. P. 34.[2]

### Request No. 1

CFAR objects to Request No. 1 on the basis that Request No. 1 is vague, ambiguous, and/or unclear.  CFAR objects to Request No. 1 on the basis that Request No. 1 seeks information and/or documents within the Debtors' possession, custody, or control.  Without waiver of any objections, CFAR received charitable donations from FTX Foundation, Inc. in 2022.  By way of further response, enclosed please find the CFAR Summary Report concerning the transfers in question.

### Request No. 2

CFAR objects to Request No. 2 on the basis that Request No. 2 is vague, ambiguous, and/or unclear.  CFAR objects to Request No. 2 on the basis that Request No. 2 seeks information and/or documents that are confidential and proprietary in nature.  Without waiver of any objections, CFAR will search for and produce non-privileged documents evidencing CFAR's use of the charitable donations received from FTX Foundation, Inc. by or before November 15, 2023.

### Request No. 3

CFAR objects to Request No. 3 on the basis that Request No. 3 is vague, ambiguous, and/or unclear.  CFAR objects to Request No. 3 on the basis that Request No. 3 assumes information and/or documents not in existence.  CFAR objects to Request No. 3 on the basis that Request No. 3 seeks information and/or documents within the Debtors' possession, custody, or control.  CFAR objects to Request No. 3 to the extent that Request No. 3 seeks information and/or documents that is publicly available.  CFAR objects to Request No. 3 on the basis that Request No. 3 is overbroad and not proportional to the needs of the case.  Without waiver of any objections, CFAR is a non-profit public benefit corporation formed and existing for a charitable purpose under Section 501(c)(3) of the Internal Revenue Code of 1986.  By way of further response, enclosed please find the following documents responsive to Request No. 3:  (a) Articles of Incorporation with Amendment; (b) Statements of Information (2022 – 2023); and (c) Form 990 (2017 – 2021).[3]

---

[2] CFAR reserves the right to assert additional objections and/or argument, if necessary.
[3] Of note, the 2022 Form 990 has not been finalized, and thus, it is not available.

### Request No. 4

CFAR objects to Request No. 4 on the basis that Request No. 4 seeks information and/or documents within the Debtors' possession, custody, or control. CFAR objects to Request No. 4 on the basis that Request No. 4 seeks information and/or documents that are confidential and proprietary in nature. CFAR objects to Request No. 4 on the basis that Request No. 4 is overbroad. Without waiver of any objections, no formal agreement(s) exists. By way of further response, please see CFAR's Response to Request No. 6 herein.

### Request No. 5

CFAR objects to Request No. 5 on the basis that Request No. 5 is overbroad and unduly burdensome. CFAR objects to Request No. 5 on the basis that the information and/or documents sought in Request No. 5 is duplicative of the information and/or documents sought through Request Nos. 1-4 and 6 herein. CFAR objects to Request No. 5 on the basis that Request No. 5 is not proportional to the needs of the case. CFAR objects to Request No. 5 on the basis that Request No. 5 seeks information and/or documents within the Debtors' possession, custody, or control. CFAR further objects to Request No. 5 on the basis that Request No. 5 seeks information and/or documents that are confidential and proprietary in nature.

### Request No. 6

CFAR objects to Request No. 6 on the basis that Request No. 6 is overbroad and unduly burdensome. CFAR objects to Request No. 6 on the basis that Request No. 6 seeks information and/or documents that are not proportional to the needs of the case. CFAR objects to Request No. 6 on the basis that the information and/or documents sought in Request No. 6 are within the Debtors' possession, custody, or control, and thus, the requested information and/or documents are equally available to the Debtors. CFAR objects to Request No. 6 on the basis that Request No. 6 is directed at a third party. CFAR objects to Request No. 6 on the basis that Request No. 6 assumes the existence of the requested documents. Without waiver of any objections, enclosed please find CFAR's communications with FTX Foundation, Inc.

### Request No. 7

CFAR objects to Request No. 7 on the basis that Request No. 7 is vague, ambiguous, and/or unclear. CFAR objects to Request No. 7 on the basis that Request No. 7 assumes the existence of the requested information and/or documents. CFAR objects to Request No. 7 to the extent that Request No. 7 presumes the existence of a 'connection' between CFAR and the Debtors. Without waiver of any objections, CFAR did not undertake – and was under no obligation to undertake – an investigation of the Debtors prior to or following the Debtors' commencement of these bankruptcy cases on or about November 11, 2022. By way of further response,

following the Debtors' commencement of these bankruptcy cases, CFAR reviewed news reports and other public information concerning the bankruptcy case and criminal prosecution of certain executives, officers and/or directors of the Debtors.

### Request No. 8

CFAR objects to Request No. 8 on the basis that Request No. 8 is overbroad and unduly burdensome. CFAR objects to Request No. 8 on the basis that the Debtors have failed to demonstrate and/or show good cause for the production of the requested information and/or documents. CFAR objects to Request No. 8 on the basis that Request No. 8 is not proportional to the needs of the case. CFAR objects to Request No. 8 to the extent that Request No. 8 seeks information and/or documents within the Debtors' possession, custody or control. CFAR objects to Request No. 8 on the basis that Request No. 8 is duplicative of, *inter alia*, Request No. 6 herein. Without waiver of any objections, none of the individuals listed in Request No. 8 are executives, officers, directors, and/or individuals in control of CFAR (and upon information and belief, none are a relative of an executive, officer, director, and/or individual in control of CFAR). *See* 11 U.S.C. §§ 101(31), 547-548. By way of further response, please see CFAR's Response to Request Nos. 6 and 14 herein.

### Request No. 9

CFAR objects to Request No. 9 on the basis that Request No. 9 is vague, ambiguous, and/or unclear. CFAR objects to Request No. 9 on the basis that Request No. 9 seeks information and/or documents that are irrelevant and/or not proportional to the needs of the case. CFAR objects to Request No. 9 on the basis that Request No. 9 is directed at a third party. CFAR objects to Request No. 10 to the extent that the requested information and/or documents are not within its possession, custody, or control. CFAR objects to Request No. 9 on the basis that Request is unduly burdensome. CFAR objects to Request No. 9 on the basis that Request No. 9 seeks information and/or documents within the Debtors' possession, custody, or control. CFAR objects to Request No. 9 to the extent that Request No. 9 presumes the existence of a 'connection' between CFAR and the Debtors. Without waiver of any objections, the Lightspeed Grants post-date the Debtors' commencement of these bankruptcy cases on or about November 11, 2022.

### Request No. 10

CFAR objects to Request No. 10 on the basis that Request No. 10 is vague, ambiguous, and/or unclear. CFAR objects to Request No. 10 on the basis that Request No. 10 assumes the existence of the requested information and/or documents. CFAR objects to Request No. 10 to the extent that the requested information and/or documents are within the possession, custody, or control of a third party. CFAR objects to Request No. 10 to the extent that the requested information

November 8, 2023
*In re FTX Trading Ltd., et al.*
Page 5

and/or documents are not within its possession, custody, or control. CFAR objects to Request No. 10 to the extent that Request No. 10 seeks information that is within the public domain. CFAR objects to Request No. 10 to the extent that Request No. 10 presumes the existence of a 'connection' between CFAR and the Debtors. CFAR objects to Request No. 10 to the extent that the requested information and/or documents are confidential and/or proprietary. Without waiver of any objections, none of the charitable donations received from the Debtors were used to purchase the real property commonly known as the Rose Garden Inn. By way of further response, enclosed please find the following documents: (1) the Articles of Organization for Lightcone Rose Garden LLC; and (2) the Statement of Information for Lightcone Rose Garden LLC.[4]

*Request No. 11*

CFAR objects to Request No. 11 on the basis that Request No. 11 assumes the existence of the requested information and/or documents. Without waiver of any objections, although no organizational chart exists, CFAR will create and produce an organizational chart by or before November 15, 2023. By way of further response, CFAR is a non-profit public benefit corporation formed and existing for a charitable purpose under Section 501(c)(3) of the Internal Revenue Code of 1986.

*Request No. 12*

Enclosed please find document(s) evidencing CFAR's mission statement. By way of further response, please see CFAR's Response to Request Nos. 2-3 herein.

*Request No. 13*

CFAR objects to Request No. 13 on the basis that Request No. 13 is overbroad and unduly burdensome. CFAR objects to Request No. 13 on the basis that Request No. 13 is duplicative. CFAR objects to Request No. 13 on the basis that Request No. 13 seeks information and/or documents that are irrelevant and/or not proportional to the needs of the case. CFAR objects to Request No. 13 to the extent that the requested information and/or documents are confidential and/or proprietary. Without waiver of any objections, please see CFAR's Response to Request Nos. 2-3 herein. By way of further response, enclosed please find CFAR's audited financial statements (2017 – 2021).

---

[4] Upon information and belief, a recorded copy of the relevant mortgage or deed of trust can be accessed online through the Alameda County Recorder of Deeds. *See* *https://www.acgov.org/auditor/clerk/propertysearch.htm* (last observed: November 8, 2023). Upon information and belief, the relevant mortgage or deed of trust is known as Instrument No. 2022181967. *See id.*

***Request No. 14***

Enclosed please find documents evidencing CFAR's staff, executives, and/or members of its board of directors (2017 – Present).

***Production of Documents Pursuant to Local Rule 9018-1(f)***

The enclosed documents, along with those documents to be produced in response to the Requests, are produced to the Debtors' attorneys pursuant to Local Rule 9018-1(f) and subject to the execution of a mutually-agreeable confidentiality order. Said documents shall not be shared with an individual or entity other than the Debtors' attorneys of record and under no circumstance shall such documents be filed on the public docket.

In light of the above responses, including the relevant document production, CFAR respectfully requests that the Debtors adjourn the Motion to a hearing date in December 2023 (and extend CFAR's deadline to respond to the Motion to early December 2023) in order to afford the Debtors' sufficient time to review the document production and participate in a substantive, meet-and-confer, if necessary.

Very truly yours,

*/s/ Kate R. Buck*

Kate Roggio Buck

Enclosures