IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

### DECLARATION OF ROSS RHEINGANS-YOO IN RESPONSE TO DEBTORS' OBJECTION TO CLAIM NO. 5166

I, Ross Rheingans-Yoo, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am party to that certain employment agreement dated April 11, 2022 (*see* Wheeler Decl. Ex. 1, "Employment Agreement") between me and Alameda Research (Bahamas) Ltd. ("Alameda Bahamas"). I filed a proof of claim dated June 29, 2023 against Alameda Bahamas, which claim appears on the consolidated Debtors' claims register as Claim No. 5166 ("Claim"). I submit this declaration in opposition to the *Debtors' Objection to Proof of Claim Filed by Ross-Rheingans Yoo* filed on October 30, 2023 (Docket No. 3409, "Objection").

2. The purpose of this Declaration is to provide the Court with documents referenced in my concurrently filed response to the Objection and the factual background that the Debtors obfuscated in the Objection.

**A. Documents Referenced in my Response**

3. Annexed as Exhibit "A" is the Certificate of Incorporation for Latona Bioscience Group ("Latona") dated May 20, 2022.

4. Annexed as Exhibit "B" are Latona's Memorandum and Articles of Association dated April 29, 2022.

5.⠀⠀⠀⠀Annexed as Exhibit "C" is the Intercompany Loan Agreement between Alameda Research Ltd. and Latona dated August 8, 2022.

6.⠀⠀⠀⠀Annexed as Exhibit "D" is the Intercompany Loan Agreement between Alameda Research Ltd. and Latona dated August 11, 2022.

7.⠀⠀⠀⠀Annexed as Exhibit "E" is a partially redacted Google Document titled "Ross Terms" created by Sam Bankman-Fried ("Bankman-Fried") dated on or about March 24, 2022.[1]

**B. Facts Relevant to the Response**

8.⠀⠀⠀⠀I was not part of Bankman-Fried's inner circle who knew about and facilitated the misappropriation of FTX customer funds. I had no knowledge of Bankman-Fried's fraud. I did not aid and abet his breach of fiduciary duty to the Debtors.

9.⠀⠀⠀⠀Latona was duly organized as a non-profit company pursuant to Bahamas law and capitalized pursuant to executed intercompany loan agreements between Latona and Alameda. *See* Exhibits "A" through "D."

10.⠀⠀⠀⠀In early 2022, I was recruited by Bankman-Fried to oversee a charitable-giving affiliate of the Debtors. That affiliate was formed as Latona.

11.⠀⠀⠀⠀Bankman-Fried and I negotiated the terms of my employment in the Google Document called "Ross Terms." *See* Exhibit "E."

12.⠀⠀⠀⠀Ross Terms provides that I would technically be employed by "Alameda Research" as a trader and investment associate. *See* Ross Terms at ¶ 1(a). However, the same paragraph of Ross Terms provides that Bankman-Fried and I "anticipate[d]" that this time may be "seconded" to FTX Foundation, a charitable organization that Bankman-Fried created.

---

[1] The redactions to Ross Terms address terms of my compensation that are irrelevant to the Objection and my response. At the Court's request, I will make an unredacted version of Ross Terms available for an in camera review.

13. Ross Terms also provides that I would be "employed by FTX Foundation as Program Officer" and that Bankman-Fried and I "anticipate[d]" that this work would "involve leading Latona Bio." *Id.* at ¶ 1(b)(ii).

14. The Employment Agreement is consistent with Ross Terms. The Employment Agreement provides that I could be directed to "work for an affiliate of the Company" and notwithstanding such assignment to an affiliate, I would "at all times remain an employee of the Company." Employment Agreement § 2(c). Moreover, the Employment Agreement provides that Alameda could require me to "undertake additional duties of another position, either in addition to or instead of [my] normal duties." *Id.*, § 2(d).

15. Ross Terms further provides that I would receive a bonus "computed in terms comparable to [Alameda Research] employee bonus, but distributed as a 50/50 split between cash and 'foundation direction units' (FDU)." *Id.* at ¶ 2(b).

16. Ross Terms also provides that the FDUs "could be granted to a Ross-controlled personal foundation." *Id.* at ¶ 2(b)(iii).

17. The bonus memo that Bankman-Fried sent me on or around September 1, 2022 is consistent with Ross Terms because it awarded me a cash bonus and FDUs in equal amounts. *See* Wheeler Decl. Ex. 10.

18. Bankman-Fried in the bonus memo wrote that "on top" of a $650,000 cash bonus, I would "get another $650k of [FDUs] if [I] want." *Id.*

19. I construed Bankman-Fried's language in the Bonus Memo to unconditionally grant me the FDUs in addition to a cash bonus, since that is what I negotiated to receive in Ross Terms. Ross Terms did not require me to advise the Debtors that I "want" the FDUs. I additionally advised

Bankman-Fried that I would need to conduct further research to determine which recipient of the funds I thought would be best.

20. Bankman-Fried's bonus memo provides that for the non-FDU portion of my bonus, I could receive $650,000 in "any linear combination" of cash and options in FTX Trading LTD and West Realm Shires. *Id.*

21. This was consistent with Ross Terms, which provided that my bonus in "cash *can* be convertible to FTX / FTX US equity or tokens at employee terms." Ross Terms at ¶ 2(c) (emphasis added).

22. The Debtors claim that I "*elected* … to receive [my] 2022 bonus half in cash and half in FTX Trading options and West Realm Shires Inc. options." Objection at ¶ 11 (emphasis added).

23. That is false. I did not elect to receive any portion of my cash bonus in options.

24. Nor did the Debtors notify me that they had awarded me options in lieu of paying me cash. If they had notified me of an option grant instead of cash, I would have objected.

25. In their Objection, the Debtors presented an undated spreadsheet and two board resolutions purporting to show that I was awarded $325,000 in options as part of my first-half 2022 bonus. *See* Wheeler Decl. Exs. 11-13. The Debtors claim that this is evidence of my election.

26. It is not evidence of my election. It is evidence of the Debtors' mistake.

27. I believe my opportunity to make an election at all was unusual among the Debtors' employees. I know of at least one employee who was given no choice and simply received 50/50 cash/options, and had it explained to them that it was typical for employees to similarly have no choice. I believe that the Debtors' options grant in connection with my first-half 2022 bonus was an administrative error in handling my compensation similarly to that of other employees.

28.     The Debtors claim that I am not entitled to postpetition salary because their records show that I had "resigned" as of November 28, 2022. I did not resign.

29.     For one thing, in order to terminate under the Employment Agreement, I was required to give the Debtors 30 days' written notice. I never did so, and the Debtors provided no evidence that I did.

30.     For another thing, the Debtors claim that I did not respond to a December 1, 2022 email asking me to verify my employment status. *See* Wheeler Decl. Ex. 15. That email is not written notice terminating the Employment Agreement, nor would me not responding to the email comprise a written notice of termination.

31.     What is more, the December 1, 2022 email was sent to an email address that I did not actively use, so of course I did not respond to it.

32.     The email address ross@ftx.com is one that I did not actively use; it was intended to archive emails sent to ross@ftxfoundation.org prior to (i) an email server migration and (ii) my change to using ross@ftx.org. I do not recall checking the ross@ftx.com address, let alone sending and receiving email from it. I do not recall expecting that it might be used to contact me personally.

33.     In their Opposition, the Debtors made much of their e-discovery vendor's review and analysis of my email activity. They advise the Court that I checked the ross@ftx.com address on September 22, *2023* – only after Debtors' counsel advised my attorneys about the December 1, 2022 email. *See* Objection at p. 6, N. 3.

34.     Notably absent from the Debtors' e-discovery disclosure is any analysis of how often I sent emails from the ross@ftx.com email address in or around December 2022, when the "verify" email was sent there. The Debtors' silence is deafening because I do not recall using that account to conduct Latona's business in December 2022.

35. Because the Debtors had given me a ross@ftx.org address and I had been regularly using the .org address, the fact that I still had "access" to the ftx.com address in December 2022, let alone in September 2023, is irrelevant.

I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed in Berkeley, California, on this 13th day of November, 2023.

_____
Ross Rheingans-Yoo