EXHIBIT B

**COMMONWEALTH OF THE BAHAMAS**

New Providence

# MEMORANDUM OF ASSOCIATION

## OF

## LATONA BIOSCIENCE GROUP

**A COMPANY LIMITED BY GUARANTEE AND NOT HAVING A SHARE CAPITAL
A NON-PROFIT COMPANY**

**REGISTERED OFFICE:**

**CLEMENT T. MAYNARD & COMPANY**
**Chambers**
**The G.K. Symonette Building**
**Shirley Street**
**P.O. Box N-7525**
**Nassau, Bahamas**

**COMMONWEALTH OF THE BAHAMAS**

New Providence

## MEMORANDUM OF ASSOCIATION

### OF

# LATONA BIOSCIENCE GROUP

**CLEMENT T. MAYNARD & COMPANY**
Chambers
The G.K. Symonette Building
Shirley Street
P.O. Box N-7525
Nassau, Bahamas

2

**COMMONWEALTH OF THE BAHAMAS**

New Providence

Nassau Office 28-07
BAHAMAS GOVERNMENT
STAMP DUTY PAID
Amount: $5.00
Receipt: 00032838
Date: 20th May, 2022
For Treasurer: CDavis

## MEMORANDUM OF ASSOCIATION

### OF

## LATONA BIOSCIENCE GROUP

**A Company Limited By Guarantee and Not Having a Share Capital**

**A NON-PROFIT COMPANY**

1.    The name of the Association is **LATONA BIOSCIENCE GROUP** (hereinafter called "**The Association**")

2.    The Registered Office of the Association is situated in the G. K. Symonette Building, Shirley Street, in the City of Nassau on the Island of New Providence one of the Islands in the Commonwealth of The Bahamas and its postal address is P.O. Box N-7525.

### GENERAL OBJECTS AND POWERS

3.    The object or purpose for which the Association is established is to engage in any act or activity that is not prohibited under any law for the time being enforced in the Commonwealth of The Bahamas and also including the following:

(i)    To promote and conduct research and development of biological science and medical treatments in The Bahamas;

3

(ii)     To assist and support partner organizations in conducting biological and biomedical research and development in The Bahamas;

(iii)    To assist and support partner organizations in conducting biological and biomedical research and development overseas in partnership with research organizations in The Bahamas;

(iv)    To promote, organize, assist, and support programs for expanding access to medical treatment for public benefit, both domestically in The Bahamas and internationally; and

(v)     To promote, organize, assist, and support programs for improving the understanding of pandemics and outbreaks of disease, for public benefit, both domestically in The Bahamas and internationally.

## **LIABILITY**

4.     (a)     The liability of the Members is limited.

(b)     Every Member of the Association undertakes to contribute to the assets of the Association in the event of the same being wound up during the time that he/she is a Member, or within one (1) year after he/she ceases to be a Member for the repayment of the debts and liabilities of the Association contracted before the time at which he/she ceases to be a Member, and the costs, charges and expenses of winding up the same, and for the adjustment of the rights of contributories amongst themselves, such amount as may be required not exceeding Five Dollars ($5.00).

4

## AUTHORISED CAPITAL

5.      The Association has no authorized share capital and it is to be carried on without pecuniary

gain to its members and any profits or other accretions to the Association are to be used in

furthering its undertakings.

## APPLICATION OF PROFITS, INCOME AND/OR PROPERTY

6.      The income and profits (if any) and other and real and personal property of the Association

whencesoever derived, shall be applied solely towards the promotion of the objects of the

Association as set forth in this Memorandum of Association, and no portion thereof shall be paid

or transferred directly or indirectly by way of dividend, bonus, or otherwise howsoever by way of

profit, to the members of the Association and no refund of contributions shall be paid or transferred

directly or indirectly to the Members of the Association.  PROVIDED that nothing herein shall

prevent the payment, in good faith, of reasonable and proper remuneration to any Director, Officer

or Servant of the Association or to any Member of the Association, in return for any services

actually rendered to the Association, but so that no Member, Director, or Officer of the Association

shall be appointed to any salaried office of the Association or any office of the Association or any

office of the Association paid by fees, and that no remuneration or other benefit in money or

money's worth shall be given by the Association to any Member, Director, or Officer, except

repayment of out-of-pocket expenses.

## AMENDMENT TO MEMORANDUM OF ASSOCIATION

7.      No addition, alteration or amendment shall be made to or in the provisions of the

Memorandum or Articles of Association for the time being in force, unless the same shall have

5

been previously submitted to and approved by the Minister responsible for Companies in the Government of the Commonwealth of The Bahamas.

## CONDITION OF LICENSE

8.    The fifth and sixth paragraphs of this Memorandum contain conditions to which a license is granted by the Minister responsible for Companies of the Commonwealth of The Bahamas under his/her hand and seal to this Association in pursuance of the Companies Act, 1992 (as amended) Statute Law of The Commonwealth of The Bahamas.

## FIRST DIRECTORS

9.    That each first director becomes a Member of the Association upon its incorporation.

## PROPERTY AND SURPLUS ASSETS UPON DISSOLUTION

10.    If upon the winding up or dissolution of the Association there remains, after the satisfaction of all its debts and liabilities any property whatsoever, the same shall not be paid to or distributed among the members of the Association, but shall be given or transferred to some other institution or institutions having objects similar to the objects of the Association, and which shall prohibit the distribution of its or their income and property among its or their members such institution or institutions to be determined by the members of the Association at or before the time of the dissolution, or in default thereof by the Honourable Chief Justice or such judge of the Supreme Court of the Commonwealth of The Bahamas as may have or acquire jurisdiction in the matter, and if and so far as effect cannot be given to such provision then to some charitable object.

We, the several persons whose names and addresses are subscribed, are desirous of being formed into a Non-Profit Organization, in pursuance of this Memorandum of Association.

### Names, Addresses and Descriptions
### of Subscribers

**ROSS RHEINGANS-YOO**
5 Riverdale Drive
Orono, Maine
United States of America

**SAMUEL BANKMAN-FRIED**
Orchid Penthouse No. 6 , Albany
127 South Ocean Road
New Providence, The Bahamas

**VALDEZ K. RUSSELL**
22 Crabapple Tree Road
New Providence, The Bahamas

Dated: the 29th day of April, A.D. 2022

**WITNESS:** _____

7

Commonwealth of the Bahamas
Registrar General's Office
I certify the foregoing to be a true copy of the
original deposited in this office

Registrar General
MAY 2 0 2022

**THE COMPANIES ACT 1992**
**[CHAPTER 308, STATUTE LAW OF THE BAHAMAS]**

**PURSUANT TO SECTION 3(3)**

**STATUTORY DECLARATION**

I, **CLEMENT T. MAYNARD, III** a Counsel and Attorney of the Supreme Court of The Commonwealth of The Bahamas do solemnly and sincerely declare that to the best of my knowledge and belief no signatory to the Memorandum and Articles of Association annexed hereto are individuals described in Section 3(2) of the Companies Act, l992 (as amended) and I make this solemn declaration conscientiously believing the same to be true and by virtue of the provisions of the Oaths Act.

Declared this _____ day)

of April, A.D., 2022       )       _____

Before me,

**NOTARY PUBLIC**

8

**COMMONWEALTH OF THE BAHAMAS**

New Providence

I, ___ASHLEY STURRUP___ of the ___SOUTHERN___ District of the Island of New Providence one of the Islands of the Commonwealth of The Bahamas, make oath and say that I was present and saw **ROSS RHEINGANS-YOO, SAMUEL BANKMAN-FRIED** and **VALDEZ K. RUSSELL** all of the said Island of New Providence aforesaid, sign, seal and deliver the annexed Memorandum and Articles of Association dated the ___29th___ day of April, A.D., 2022 for the purposes therein mentioned and that I subscribed my name as a witness to the due execution thereof.

**SWORN** to this ___29th___ day of )

April, A.D., 2022                    )  _____

Before me,

**NOTARY PUBLIC**

22

**COMMONWEALTH OF THE BAHAMAS**

New Providence

## ARTICLES OF ASSOCIATION

### OF

## LATONA BIOSCIENCE GROUP

### CLEMENT T. MAYNARD & COMPANY
Chambers
The G.K. Symonette Building
Shirley Street
P.O. Box N-7525
Nassau, Bahamas

**COMMONWEALTH OF THE BAHAMAS**

New Providence

---

### ARTICLES OF ASSOCIATION
### OF
### LATONA BIOSCIENCE GROUP
### A Company Limited By Guarantee and Not Having a Share Capital
### A NON-PROFIT COMPANY

---

## PRELIMINARY

1.      In these Articles, if not inconsistent with the subject or context, the words and expressions standing in the first columns of the following table shall bear the meanings set opposite them respectively in the second column thereof.

| **WORDS** | **MEANING** |
|---|---|
| The Act | The Companies Act, 1992 of The Bahamas or any amendments thereto. |
| These Articles | These Articles of Association as originally framed or as altered from time to time. |
| The Board | The Board of Directors of the Association. |
| Member | Any person who is member of the Association pursuant to the Memorandum and Articles of Association. |
| The Office | The Registered office for the duration of the |

10

Association.

| | |
|---|---|
| The Register | The Register of Members to be kept pursuant to Section 56 of the Companies Act, 1992 as amended. |
| Month | Calendar Month. |
| The Seal | Any Seal which has been duly adopted as the Seal of the Association. |
| "In writing" and "written" | Means and includes words printed, lithographed, represented or reproduced in any mode in a visible form. |
| Resolution of Members | Has the meaning assigned thereto by The Companies Act. |
| Resolution of Directors | Means either: |

Resolution of Directors                Means either:

(a)      A resolution approved by a duly constituted meeting of the Directors or Committee of Directors of a Company by affirmative vote of a simple majority, or such larger majority as may be specified in these Articles, of the Directors present at the meeting who voted and did not abstain; or

(b)      A resolution consented to in writing by all the Directors of the Association.  Words importing the singular number only include the plural number, and vice versa.  Words importing the masculine gender only include the feminine gender. Words importing persons include corporation.

11

## GENERAL MEETINGS

2.    The statutory general meeting of the company shall be held within the period required by section 65 (2) of the Companies Act.

3.    The statutory general meeting will be called and conducted by the subscribers to these Articles of Association.

4.    (1)    A general meeting shall be held once in every year at such time (not being more than fifteen months after the holding of the last preceding general meeting) and place as may be prescribed by the Association in general meeting, or, in default, at such time in the month following that in which the anniversary of the Association's incorporation occurs, and at such place, as the directors shall appoint.

(2)    In default of a general meeting being so held, a general meeting shall be held in the month next following and may be convened by any five members in the same manner as nearly as possible as that in which meetings are to be convened by the directors.

(3)    The above-mentioned general meetings shall be called ordinary meetings; all other general meetings shall be called extraordinary.

(4)    A quorum shall consist of ten (10) Members present in person or by proxy.

(5.)    (1)    The President or the directors may, whenever they think fit, convene an extraordinary general meeting, and extraordinary general meetings shall also be convened on such requisition, or, in default, may be convened by such requisitionists, as provided by section 71 of the Companies Act.

(2)    Where at any time there are not in The Bahamas sufficient directors capable of acting to form a quorum, any director or any two members of the Association may convene any extraordinary general meeting in the same manner as nearly as possible as that in which meetings may be convened by the directors.

## PROCEEDINGS AT GENERAL MEETINGS

5.    Seven days' notice at the least (exclusive of the day on which the notice is served or deemed to be served, but inclusive of the day for which notice is given) specifying the place, the day and the hour of meeting and, in case of special business, the general nature of that business, shall be

12

given in the manner hereinafter mentioned, or in such other manner, if any, as may be prescribed by the Association in general meeting, to such persons as are under the regulations of the Association entitled to receive such notices from the Association; but the non-receipt of the notice by any member shall not invalidate the proceedings at any general meeting.

6.     No business shall be transacted at any general meeting unless a quorum of members is present at the time when the meeting proceeds to business.

7.     Where within half an hour from the time appointed for the meeting a quorum is not present, the meeting, if convened upon the requisition of members, shall be dissolved; in any other case it shall stand adjourned to the same day in the next week, at the same time and place, and, where at the adjourned meeting a quorum is not present within half an hour from the time appointed for the meeting, the members present shall be a quorum.

8.     The President shall preside as chairman at every general meeting of the Association.

9.     Where there is no such chairman or at any meeting or he is not present within fifteen minutes after the time appointed for holding the meeting or is unwilling to act as chairman, the members present shall choose someone of their number to be chairman.

10.     (1)     The chairman may, with the consent of any meeting at which a quorum is present, (and shall if so directed by the meeting), adjourn the meeting from time to time and from place to place but no business shall be transacted at any adjourned meeting other than the business left unfinished at the meeting from which the adjournment took place.

(2)     When a meeting is adjourned for ten days or more, notice of the adjourned meeting shall be given as in the case of an original meeting.

(3)     Save as aforesaid, it shall not be necessary to give any notice of an adjournment or of the business to be transacted at an adjourned meeting.

11.     (1)     At any general meeting a resolution put to the vote of the meeting shall be decided on a show of hands and a declaration by the chairman that a resolution has, on a show of hands, been carried or carried unanimously or by a particular majority or lost, and an entry to that effect in the book of the proceedings of the company, shall be conclusive evidence of the fact, without proof of the number of proportion of the votes recorded in favor of or against the resolution.

(2)     When all members entitled to be present and vote sign either personally or

13

by proxy the minutes of an annual general or extraordinary general meeting, the same shall be deemed to have been duly held notwithstanding that the members have not actually come together or that there may have been technical defects in the proceedings and a resolution in writing signed by all the members aforesaid shall be valid and effectual as if it had been passed at a meeting of the members duly called and constituted.

(3)     A resolution in writing signed by all members for the time being entitled to receive notice of and attend and vote at general meetings shall be as effective as if the same had been passed at a general meeting of the Association duly convened and held and may consist of several documents in the like form, each signed by one or more persons.

12.     If a poll is duly demanded it shall be taken in such manner as the chairman directs, and the result shall be deemed to be the resolution of the meeting at which the poll was demanded.

13.     In the case of equality of votes, whether on a show of hands or on a poll, the chairman of the meeting at which the show of hands takes place or at which the poll is demanded shall be entitled to a second or casting vote.

14.     A poll demanded on the election of a chairman, or on a question of adjournment, shall be taken forthwith; a poll demanded on any other question shall be taken as the chairman of the meeting directs.

### VOTES OF MEMBERS

15.     On a show of hands every member present in person shall have one vote.

16.     In the case of joint holders the vote of the senior who tenders a vote, whether in person or by proxy shall be accepted to the exclusion of the votes of the other joint holders; and for this purpose seniority shall be determined by the order in which the names stand in the register of members.

17.     A member of unsound mind, or in respect of whom an order has been made by any court having jurisdiction with respect to persons of unsound mind, may vote, by his committee or other person in the nature of a committee appointed by that court, and any such committee or other person may vote by proxy.

18.     (1)     The instrument appointing a proxy shall be in writing under the hand of the appointer or his attorney duly authorized in writing or, if the appointer is a corporation, either under the common seal or under the hand of an officer or attorney so authorized.

14

(2)     No person shall act as proxy unless either he is entitled on his own behalf to be present and vote at the meeting at which he acts as proxy or he has been appointed to act at the meeting as proxy for a corporation.

19.     The instrument appointing a proxy and the power of attorney or other authority, if any, under which it is signed or a certified copy of that power or authority shall be deposited at the registered office of the company not less than forty-eight hours before the holding of the meeting at which the person named in the instrument proposes to vote, and in default the instrument of proxy shall not be treated as valid.

20.     An instrument appointing a proxy may be in the form which the directors may approve.

## OFFICERS

21.     The officers of the Association shall be appointed by the members in general meeting which will take place every three (3) years and may consist of a president, one or more vice presidents, a secretary, an assistant secretary, a treasurer and an assistant treasurer and such other officers as the members may from time to time think necessary, and such other officers shall perform such duties as may be prescribed by the President.  They shall hold office until their successors are appointed, but any officer may be removed at any time by the members in general meeting.  If any office becomes vacant the members in general meeting may fill the same.

22.     Any person may hold more than one of these offices and an officer must be a member of the Association.

## PRESIDENT

23.     The President shall preside over all meetings and shall perform such duties as may be prescribed by these Articles, the members in general meeting or the directors. The President shall be the ex-officio head of all committees.

(1)     The business of the Association shall be managed by the President together with the Executive Board, who may pay all expenses incurred in forming and registering the Association, and may exercise all such powers of the Association as are not by the Act or by these Articles required to be exercised by the  Association in General Meeting.

(2)     The President and Executive Board Members are responsible for establishing and implementing a dues structure for the Members of the Association.

15

(3)    The President and Executive Board Members may exercise all the powers of the Association to borrow money, and to mortgage or charge its undertaking, property and uncalled capital and to issue debentures and other securities, whether outright or as collateral security for any debt, liability or obligation of the Association or of any third party.

(4)    All cheques, promissory notes, drafts, bills of exchange and other negotiable or transferable instruments, and all receipts for moneys paid to the Association, shall be signed, drawn, accepted, endorsed, or otherwise executed, as the case may be, in such manner as the elected President and/or the Executive Board shall from time to time by resolution determine.

### VICE PRESIDENT

24.    The Vice-President, in the absence or disability of the President may perform the duties and exercise the powers of the President and shall perform such other duties as may be prescribed by these Articles, the members in general meeting or the directors.

### TREASURER

25.    The Treasurer shall perform such duties as may be prescribed by these Articles, the members in general meeting or the directors, shall keep full and accurate accounts of the receipts and disbursement of the Association and shall render to the directors at regular meetings of the directors, or whenever they may require it, a statement of the financial condition of the Association.

### SECRETARY

26.    The secretary shall attend and keep the minutes of the meetings of the members and of the directors.  He/She shall also summon meetings and keep such other books and records of the Association and the directors as may be required by the members in general meeting or the directors and perform such duties as may be prescribed by these Articles, the members in general meeting or the directors.

27.    The directors and the outgoing officers have a duty to hand over the business affairs to the newly elected Board with full disclosure of the accounts and financial affairs of the Association.

### DIRECTORS

28.    The President shall act as the Chairman of the Board of directors.

29.    The business of the Association shall be managed by the Board, who may pay all expenses incurred in forming and registering the Association, and may exercise all such powers of the

16

Association as are not by the Act or by these Articles required to be exercised by the Association in General Meeting.

30.     The first directors of the Association shall be elected by the subscribers to the Memorandum of Association and shall hold office until the following Annual General Meeting of the members after registration and in every subsequent year at the First General Meeting of the members.  They shall be elected for a year but shall hold office until their successors are duly elected or until the office is vacated.  The directors shall not be less than three (3) in number.

31.     The office of a director shall ipso facto be vacated:-

        (a)     if he becomes prohibited by law or by the Act from acting as a director;

        (b)     if he becomes bankrupts or suspends payment or compounds with his creditors;

        (c)     if he is found lunatic or becomes of unsound mind;

        (d)     if by notice in writing to the Association, he resigns his office:

        (e)     if he requested in writing by his co-directors to resign;

        (f)     if he is requested in writing by more than one half of the members.

32.     No member will be qualified as a director unless he/she resided in The Bahamas for not less than 5 years.

33.     Until otherwise determined by the directors any two (2) directors shall be a quorum.

### POWERS AND DUTIES OF DIRECTORS

34.     The Chairman of the Board shall cause minutes to be made in books provided for the purpose –

        (a)     of all appointments of the members of the Board made by the directors in case of vacancy until the President will be elected by the members in the General Meeting;

        (b)     of the names of the directors present at each meeting of the directors and of any committee of the directors; and

        (c)     of all resolutions and proceedings at all meetings of the Association and of the directors and of committees of directors,

and every director present at any meeting of directors or committee of directors shall sign his name

17

in a book to be kept for that purpose.

35.     In case of vacancy in office of any officer or member of the Board due to resignation, relocation, reluctant to carry out the function, death and disability, or any other reason which caused the office of any officers or member of the Board to be vacant, the directors shall appoint persons to fill such offices vacated until the next general meeting of the Association.

## THE SEAL

36.     The Secretary shall provide for the safe custody of the Seal, which shall only be used by the authority of the Board and every instrument to which the Seal shall be affixed shall be signed, unless otherwise, provided by a director, or by an officer of the Association signing the same and affixing thereto the Seal of the Association in the presence of the secretary or another officer who shall sign the instrument as witness.

## ACCOUNTS

37.     The directors shall cause true accounts to be kept: –

(a)     of the sums of money received and expended by the Association and the manner in respect of which such receipt and expenditure takes place; and

(b)     of the assets and liabilities of the Association.

38.     The books of account shall be kept at the registered office of the Association or at such other place or places as the directors think fit and shall subject to such regulations as the directors may determine be open to the inspection of the Members.

39.     Once at least in every year the directors shall lay before the Association in general meeting a profit and loss account for the period since the preceding account or (in the case of the first account since the incorporation of the Association), made up to a date not more than six months before such meeting.

40.     (1)     A balance-sheet shall be made out in every year and laid before the Association in general meeting made up to a date not more than six months before such meeting.

(2)     The balance-sheet shall be accompanied by a report of the directors as to the state of the Association's affairs.

41.     A copy of the balance-sheet and report shall, seven days previous to the meeting, be sent to the persons entitled to receive notices of general meetings in the manner in which notices are to

be given hereunder.

## AUDITORS

42.     The Members may (but need not) at each Annual General Meeting appoint an Auditor or Auditors to hold office from the conclusion of that Meeting until the conclusion of the next Annual General Meeting.

## NOTICES

43.        (1)     A notice may be given by the company to any member either personally or by sending it by post to him to his registered address, or if he has no registered address in The Bahamas to the address, if any, within The Bahamas supplied by him to the company for the giving of notices to him.

           (2)     Where a notice is sent by post, service of the notice shall be deemed to be effected by properly addressing, pre-paying and posting a letter containing the notice and, unless the contrary is proved, to have been effected at the time at which the letter would be delivered in the ordinary course of post.

44.     Where a member has no registered address in The Bahamas and has not supplied to the Association an address within The Bahamas for the giving of notices to him, a notice addressed to him and advertised in a newspaper circulating in the neighborhood of the registered office of the Association shall be deemed to be duly given to him on the day on which the advertisement appears.

45.     Notice of every general meeting shall be given in some manner hereinbefore authorized to every member of Association, except those members who (having no registered address within The Bahamas) have not supplied to the Association an address within The Bahamas for the giving of notices to them, and also to every person entitled to a share in consequence of the death or bankruptcy of a member, who, but for this death or bankruptcy, would be entitled to receive notice of the meeting.  No other persons shall be entitled to receive notices of general meetings.

## INDEMNITY

46.     Every director, manager, secretary and other officer or servant of the Association and every former director, manager, secretary and other officer and servant of the Association and his legal representatives, shall be indemnified by the Association against all costs, charges and expenses (including an amount paid to settle an action or satisfy a judgment) reasonably incurred by him in

19

respect of any civil, criminal or administrative action or proceeding to which he is made a party by reason of being, or having been a director, manager, secretary or other officer or servant of the Association and it shall be the duty of the directors out of the funds of the Association to pay all such costs, charges and expenses (including an amount paid to settle an action or satisfy a judgment) which such director, manager, secretary or other officer or servant of the Association has reasonably incurred; and the amount for which such indemnity is provided shall immediately attach as a lien on the property of the Association and have priority as between the members over all other claims.

## AMENDMENT TO ARTICLES OF ASSOCIATION

47.    Subject to Clause 7 of the Memorandum of Association the Association may amend these Articles of Association by resolution of members.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

20

We, the undersigned, **ROSS RHEINGANS-YOO, SAMUEL BANKMAN-FRIED** and **VALDEZ K. RUSSELL** all of Nassau, Bahamas, for the purpose of incorporating an Association under the laws of The Commonwealth of the Bahamas, hereby subscribe our names to these Articles of Association the ___29th___ day of April, A.D., 2022

## NAMES AND ADDRESSES OF SUBSCRIBERS

**ROSS RHEINGANS-YOO**
5 Riverdale Drive
Orono, Maine
United States of America

**SAMUEL BANKMAN-FRIED**
Orchid Penthouse No. 6, Albany
127 South Ocean Road
New Providence, The Bahamas

**VALDEZ K. RUSSELL**
22 Crabapple Tree Road
New Providence, The Bahamas

Witness to the above signatures: _____

Commonwealth of the Bahamas
Registrar General's Office
I certify the foregoing to be a true copy of the
original deposited in this office.

Registrar General
MAY 2 0 2022

21