**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: December 13, 2023 at 1:00 p.m. (ET)**<br>**Objection Deadline:  November 27, 2023 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE
DEBTORS TO ENTER INTO STIPULATION WITH EFFECTIVE VENTURES
FOUNDATION USA, INC. (B) APPROVING THE STIPULATION, AND
(C) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of

title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and Rule

9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the

Debtors to enter into the stipulation, attached as Exhibit 1 to the Order (the "Stipulation"),[2]

between and among (i) the Debtors and (ii) Effective Ventures Foundation USA, Inc. ("EV US"

and together with the Debtors, the "Parties").  In support of the Motion, the Debtors respectfully

state as follows:

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is
Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the
Stipulation.

## Preliminary Statement

1.      The Debtors have the opportunity to promptly recover approximately $22.5 million in value for stakeholders without needing to commence litigation following constructive negotiations with EV US.

2.      This settlement relates to the transfer of approximately $25 million by the FTX Debtors (including through their affiliated entity FTX Philanthropy, Inc., f/k/a FTX Foundation, Inc.) to EV US between March 2018 and October 2022.  EV US is a nonprofit organization which sponsors and provides operational support to certain charitable projects associated with the "effective altruism" movement.

3.      The Stipulation is in the best interests of the Debtors' estates, creditors and stakeholders, and should be swiftly consummated.  The Stipulation's terms will provide the Debtors' estates significant value representing almost 90% of the Transfers, including 100% of the transfers made to EV US in 2022 for which the Debtors' claims are strongest.  Significantly, EV US has agreed to return 100% of Debtor funds it re-granted to others in 2022, without requiring the Debtors to pursue those subsequent transferees ("Subsequent Transferees").

4.      Approval of the Stipulation will resolve the Debtors' claims against EV US and deliver this significant recovery while avoiding the expense and burden of litigation. The Stipulation satisfies Bankruptcy Rule 9019 and should be approved.

## Background

5.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to

---

[3]      November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases

(the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22,

2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District

of Delaware, appointed the Official Committee of Unsecured Creditors in the Debtors' Chapter

11 Cases, pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Official

Committee").

       6.     Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the

*Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

       7.     On December 4, 2022, the Ad Hoc Committee of Non-US Customers of

FTX.com (the "Ad Hoc Committee") noticed their appearance [D.I. 185].

       8.     On September 11, 2023, the Court entered an order authorizing and

approving procedures for settling certain existing and future litigation claims and causes of

action [D.I. 2487] (the "Settlement Procedures Order").  The Settlement Procedures Order

requires Court approval pursuant to Rule 9019(a) for proposed settlements where the proposed

settlement value is greater than $7,000,000.00, or where the claim value exceeds $15,000,000.00.

### Jurisdiction

       9.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicates for the relief requested herein are section 105(a) of the

Bankruptcy Code and Bankruptcy Rule 9019.  Pursuant to Local Rule of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in

connection with this Motion to the extent it is later determined that the Court, absent consent of

the parties, cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

### Relief Requested

10.     By this Motion, the Debtors request entry of the Order, substantially in the

form attached hereto as Exhibit A, (a) authorizing the Debtors to enter into the Stipulation,

(b) approving the Stipulation, and (c) granting certain related relief.

### Facts Specific to the Relief Requested

11.     Prior to the Petition Date, between March 28, 2018 and October 31, 2022,

Alameda Research LLC, FTX Trading Ltd., and the FTX Foundation Inc. transferred

$25,244,752.59 to EV US as set forth in detail in Appendix A of Exhibit 1.  $22,540,000 of that

amount was transferred to EV US in 2022.

12.     The Debtors believe they have meritorious claims to avoid and recover the

Transfers, and related claims arising out of the Transfers.  EV US disputes these claims and has

raised certain defenses.

13.     The Parties have engaged in good faith, arm's-length negotiations to

resolve the claims.  Through those negotiations, EV US has cooperated with the Debtors and

worked in good faith to expeditiously reach a consensual resolution.  As a result of those

negotiations, the Parties have agreed to enter into the Stipulation.

14.    The key terms of the Stipulation provide, among other things, that:[4]

- Within thirty (30) days after the Effective Date, or such other time as provided in the Stipulation, EV US shall transfer to the Debtors $22,540,000.00 (the "Settlement Amount"), representing 100% of the Transfers made in 2022, including at least $7,113,141.00 that EV US represents that it had re-granted to certain entities;

- Upon receipt by the Debtors of the Settlement Amount, the Parties unconditionally and irrevocably release, acquit and forever discharge the other, to the fullest extent possible under applicable law, from any and all losses, liabilities, claims, causes of action, charges, demands and other rights, known or unknown, suspected or unsuspected, identified or unidentified, including, without limitation, any avoidance actions under chapter 5 of the Bankruptcy Code, the Delaware Uniform Fraudulent Transfer Act, Del. Code Ann. tit. 6, § 1301 et seq., or any other analogous state, federal or foreign law;

- Upon receipt by the Debtors of the Settlement Amount, the Parties unconditionally and irrevocably release, acquit and forever discharge the other Parties' officers, members, directors, trustees, employees, managers, agents, attorneys, stockholders, insurers and underwriters from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, arising out of the Transfers or the return thereof in accordance with the terms of the Stipulation, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs;

- Upon the Effective Date, the Debtors will be deemed to have withdrawn a letter dated August 29, 2023 served on EV US pursuant to Local Rule for the United States Bankruptcy Court for the District of Delaware 2004-1(a), and agree not to seek discovery from EV US.

### Basis for Relief

**I.    The Stipulation Satisfies Bankruptcy Rule 9019 Because it is Fair, Reasonable and in the Debtors' Best Interests.**

15.    Resolution of the Debtors' claims against EV US through the Stipulation

is in the best interests of the Debtors and their estates because it will promptly return

$22,540,000.00 in cash to the Debtor's estates.  This level of recovery may not be achieved even

---

[4]    The summary of the Stipulation contained herein is qualified in its entirety by the actual terms and conditions of the Stipulation.  To the extent that there is any conflict between any summary contained herein and the actual terms and conditions of the Stipulation, the actual terms and conditions of the Stipulation shall control.

if the Debtors prevail in litigation because of the associated legal costs that would be incurred in obtaining a favorable final judgment.  By agreeing to return 100% of the funds it re-granted to Subsequent Transferees in 2022, EV US is sparing the Debtors significant time and expense of having to pursue litigation against the numerous Subsequent Transferees directly, which may not be economical for the Debtors.  In addition, EV US disputes the Debtors' claims and has certain procedural and substantive defenses that would need to be litigated to a favorable conclusion, some of which would require expert testimony which would be costly and time consuming for the Debtors to litigate.  Settlement on these terms is thus a reasonable exercise of the Debtors' business judgment satisfying Bankruptcy Rule 9019.

16.    Section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

17.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).  The compromise or settlement of litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy" as such settlements "minimize litigation and expedite the administration of the estate." *In re World Health Alts., Inc.*, 344 B.R. 291, 295-96 (Bankr. D. Del. 2006).

18.    "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R.

798, 801 (D. Del. 1997).  Courts should not, however, substitute their judgment for that of the debtor, but instead should canvass the issues to see whether the compromise falls below the lowest point in the range of reasonableness.  *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted).  Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors.  *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

19.     The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Grp., Inc.*, 222 B.R. at 243 (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).  The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities."  *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (citations omitted).

20.     The terms of the proposed Stipulation fall well within the range of reasonableness and should be approved by the Court.  The terms of the Settlement Agreement provide for the return of approximately $22.5 million immediately while avoiding the time and expense of pursuing claims and defenses against EV US and Subsequent Transferees through litigation.  Accordingly, the compromises set forth in the Stipulation are, in the aggregate, fair and equitable, fall well within the range of reasonableness, and satisfy each applicable *Martin* factor.

a.     **The Probability of Success in Litigation and Subsequent Collection**

21.     The Debtors maintain that they have meritorious claims to recover the full amount of the Transfers.  However, the Debtors would need to spend significant time and resources proving their claims and obtaining a favorable judgment against EV US.  Among other arguments, EV US may contest the Debtors' assertions with respect to insolvency at all relevant times, the nature and purpose of the transfers to EV US, whether the Debtors received reasonably equivalent value in return, as well as whether the Transfers fall within the applicable statute of limitations.  EV US likewise would expend significant resources on litigation that would deplete the assets available for recovery by the Debtors.  In addition, absent this settlement, the Debtors would have to expend significant resources litigating against Subsequent Transferees to whom EV US re-granted Debtor funds; some of the claims against the Subsequent Transferees may not have been economical for the Debtors to pursue given the small amounts involved, and the Subsequent Transferees would have potential defenses, including that they took the funds in good faith and for value.  As a result, the Debtors' recovery from litigation of the claims against EV US may not exceed the value to be realized for the Debtors' estates through the Stipulation even if they pursued litigation and prevailed on every issue.

22.      Given the attendant risks and costs of litigation, and the favorable terms of the settlement, the Debtors submit that the proposed Stipulation is in the best interests of the Debtors' estates.

**b.      The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay Are Unwarranted**

23.      Litigation pertaining to the Debtors' claims against EV US would be complex, expensive, and time-consuming.  Pursuit of the claims would require litigating the sufficiency of evidence for various theories of recovery for multiple transfers dating back to March 2018, including the circumstances of each transfer and the intent of Mr. Bankman-Fried and others in connection with these transfers.  Mr. Bankman-Fried and other former executives of the Debtors are unlikely to be available to testify on issues relating to the claims in the near term due to ongoing criminal proceedings, which further complicates the litigation and timing of resolution.  In addition, the Debtors would also have to expend significant resources litigating against Subsequent Transferees to whom EV US re-granted Debtor funds; some of which would not be economical for the Debtors to pursue given the small amounts involved.

**c.      The Paramount Interests of Creditors are Served.**

24.      The Stipulation is in the best interests of the Debtors' creditors because it promptly brings approximately $22.5 million into the Debtors' estates without time consuming and costly litigation.

25.      Therefore, in the Debtors' business judgment, the value of entering into the Stipulation exceeds the net benefits that the Debtors and their estates potentially could obtain by pursuing litigation of claims against EV US.  Based on the foregoing, the Debtors submit that the Stipulation satisfies the *Martin* factors and Bankruptcy Rule 9019 because it is fair, reasonable, and in the best interests of the Debtors, their estates, and their stakeholders.  As a

result, the Debtors respectfully request that the Court authorize the Debtors to enter into the Stipulation and approve its terms.

### **Waiver of Bankruptcy Rule 6004(h)**

26.      Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons described above, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay to the extent such stay applies.

### **Reservation of Rights**

27.      Nothing in this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party except as otherwise set forth herein or in the Stipulation.

### **Notice**

28.      Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to EV US; (h) counsel for the Joint Provisional Liquidators of FTX Digital Markets Ltd.; (i) the FTX Foundation, Inc. through its registered

agent for service of process; (j) the United States Attorney for the Southern District of New York; and to the extent not listed herein, (k) those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## <u>Conclusion</u>

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

Dated: November 13, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        mcguire@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*