**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. __ |

## ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO THE STIPULATION WITH EFFECTIVE VENTURES FOUNDATION USA, INC., (B) APPROVING THE STIPULATION, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to enter into the Stipulation, which is attached hereto as Exhibit 1, (b) approving the Stipulation, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    The Debtors are authorized to enter into the Stipulation.

3.    The terms of the Stipulation are approved in their entirety.

4.    The failure to specifically include or reference any particular term or provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such term or provision.

5.    The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6.    The requirements set forth in Bankruptcy Rule 6004(a) are waived.

7.    This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

8.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
      Wilmington, Delaware             The Honorable John T. Dorsey
                                       United States Bankruptcy Judge

**<u>Exhibit 1</u>**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## STIPULATION BETWEEN THE FTX DEBTORS
## AND EFFECTIVE VENTURES FOUNDATION USA, INC.

This stipulation ("Stipulation") is being entered into between FTX Trading Ltd. d/b/a FTX.com, West Realm Shires Services, Inc. d/b/a FTX US, Alameda Research LLC, and their affiliated debtors and debtors in possession in the chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware jointly administered under Case No. 22-11068 (collectively, the "FTX Debtors"), and Effective Ventures Foundation USA, Inc. ("EV US"). The FTX Debtors and EV US are each a "Party" and collectively, the "Parties."

**WHEREAS**, EV US provides sponsorship and operational support for certain charitable projects;

**WHEREAS**, the transfers identified at Appendix A were made to EV US (the "Transfers");

**WHEREAS**, the FTX Debtors have represented, and for settlement purposes the Parties have agreed, that the Transfers constituted transfers of funds of the FTX Debtors;

---

[1]     Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

**WHEREAS**, on November 11, 2022, and November 14, 2022, each FTX Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**WHEREAS**, the FTX Debtors and EV US have engaged in arm's length negotiations concerning the FTX Debtors' demand for the return of the Transfers.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1.      **Return of Funds**. EV US will pay to the FTX Debtors the sum of $22,540,000.00 (the "Settlement Amount")—representing 100% of the Transfers made in 2022, including at least $7,113,141.00 that EV US represents that it re-granted to certain entities (the "Re-Granted Funds")—within thirty (30) days after the later of (i) the Effective Date (as defined below) and (ii) EV US's receipt of payment instructions and such additional information as is necessary for EV US to properly disburse, record and account for the payment, all to be provided by the FTX Debtors.

2.      **Bankruptcy Court Approval**. This Stipulation among the Parties is subject in all respects to the approval of the Bankruptcy Court. The FTX Debtors shall file a motion, in a form reasonably acceptable to EV US, seeking approval of the Stipulation (the "Approval Motion") within fourteen (14) days following execution of this Stipulation by all Parties. In the event that the Bankruptcy Court declines to approve this Stipulation, or the order approving the Stipulation (the "Approval Order") does not become final and non-appealable, this Stipulation shall become null and void and of no further force and effect.

3.     **Effective Date**.  The terms of this Stipulation shall be effective upon the Approval

Order becoming final and non-appealable (the "Effective Date").

4.     **General Release**.  Upon receipt by the FTX Debtors of the Settlement Amount, the

FTX Debtors, on behalf of themselves and their respective bankruptcy estates, predecessors,

successors (including any subsequently appointed trustee, administrator or post-confirmation

fiduciary), and assigns (collectively, the "Estate Parties"), on the one hand, and EV US (solely

with respect to the entity), on the other hand, unconditionally and irrevocably releases, acquits and

forever discharges the other Parties, to the fullest extent possible under applicable law, from any

and all losses, liabilities, claims, causes of action, charges, demands and other rights, known or

unknown, suspected or unsuspected, identified or unidentified, including, without limitation, any

avoidance actions under chapter 5 of the Bankruptcy Code, the Delaware Uniform Fraudulent

Transfer Act, Del. Code Ann. tit. 6, § 1301 et seq., or any other analogous state, federal or foreign

law. For the avoidance of doubt, the releases by the FTX Debtors and Estate Parties in this Section

4 shall extend solely to EV US (as an entity) and, subject to Section 5 below, shall not operate to

release, acquit, or discharge any losses, liabilities, claims, causes of action, charges, demands and

other rights of the FTX Debtors and the Estate Parties as against any current or former directors,

trustees, officers, managers, employees, and agents of EV US.

5.     **Limited Release**.  Upon receipt by the FTX Debtors of the Settlement Amount, the

FTX Debtors, on behalf of themselves and the Estate Parties, on the one hand, and EV US, on the

other hand, unconditionally and irrevocably releases, acquits and forever discharges the other

Parties' officers, members, directors, trustees, employees, managers, agents, attorneys,

stockholders, insurers and underwriters from any and all claims, counterclaims, demands,

liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, arising out of the

Transfers or the return thereof in accordance with the terms of this Stipulation, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs.

6.    **Express Preservation of Claims by the FTX Debtors**.  For the avoidance of doubt, notwithstanding the foregoing, the releases of claims shall not include the following claims against persons other than EV US: (1) those claims asserted by the FTX Debtors against Nicholas Beckstead in *Alameda Research Ltd., et al.* v. *Platform Life Sciences Inc., et al.*, Bankr. D. Del. Case No. 23-50444-JTD; (2) any claims against employees of FTX Debtors or FTX Foundation not arising out of the Transfers; or (3) any claims that may be asserted against Effective Ventures Foundation (UK).

7.    **Re-Granted Funds.**  FTX Debtors acknowledge that, with respect to the Re-Granted Funds, they are entitled to only a single satisfaction under 11 U.S.C. § 550(d) with respect to the Transfers, and that EV US's return of the Re-Granted Funds precludes FTX Debtors from seeking recovery of the Transfers from recipients of the Re-Granted Funds.  EV US has provided the FTX Debtors a copy of the recipients of the Re-Granted Funds and the FTX Debtors, on behalf of themselves and the Estate Parties, covenant not to seek recovery of the Re-Granted Funds from any such recipients.

8.    **Covenant Not To Sue.**  To the fullest extent permitted by law, upon receipt by the FTX Debtors of the Settlement Amount, the FTX Debtors, on behalf of themselves and the Estate Parties, agree not to permit, authorize, initiate, encourage, support, join or continue any lawsuit, complaint, arbitration or proceeding against any person or entity released pursuant to Paragraphs 4 or 5 of this Stipulation on account of the claims released in such Paragraphs.

9.     **Discovery**.  In exchange for EV US returning all of the Transfers it received in 2022, including all of the Re-Granted Funds, the Debtors agree not to seek any discovery from EV US, including pursuant to Federal Bankruptcy Rule 2004 ("Rule 2004").  Upon the Effective Date, the FTX Debtors will be deemed to have withdrawn the letter dated August 29, 2023 served on EV US pursuant to Local Rule for the United States Bankruptcy Court for the District of Delaware 2004-1(a).  The FTX Debtors reserve all rights to pursue discovery from all other entities and individuals, including Effective Ventures Foundation (UK), through Rule 2004 or otherwise.

10.     **Reservation of Rights**.  Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

11.     **No Admission of Wrongdoing**.  This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights.  The Stipulation shall not be construed as an admission of liability.

12.     **Good Faith and Understanding**.  The Parties expressly represent and warrant that this Stipulation is given in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise.  The Parties represent and warrant that they have read and understand the terms of this Stipulation. The Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

13.     **Cooperation**.  Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court and entry of the Approval Order, and to effectuate its terms.

14.    **Counterparts**. The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

15.    **Jurisdiction and Choice of Law**.    The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation. This Stipulation shall be governed by the laws of the State of Delaware.

16.    **Notice**. The FTX Debtors agree to serve a copy of the Rule 9019 motion seeking approval of the FTX Debtor's settlement with EV US on (1) counsel for the Joint Provisional Liquidators of FTX Digital Markets Ltd.; (2) the FTX Foundation through its registered agent for service of process; and (3) the United States Attorney's Office for the Southern District of New York, along with all other parties to be noticed with the Approval Motion.

**AGREED BY**:

November 13, 2023

**SULLIVAN & CROMWELL LLP**
Stephanie G. Wheeler
Christopher J. Dunne
Bradley A. Harsch
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: wheelers@sullcrom.com
        dunnec@sullcrom.com
        harschb@sullcrom.com

*Counsel for the FTX Debtors*

**MINTZ,   LEVIN,   COHN,   FERRIS,   GLOVSKY   AND POPEO, P.C.**
Abigail O'Brient
Joseph Dunn
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 1 (310) 226-7886
        1 (858) 314-1516
Email: AOBrient@mintz.com
        JRDunn@mintz.com

*Counsel for EV US*

## Appendix A

| Date | Transferor | Project | Amount (USD) |
|---|---|---|---|
| 3/28/2018 | Alameda Research LLC | Centre for Effective Altruism | $2,500,000.00 |
| 5/11/2018 | Alameda Research LLC | Centre for Effective Altruism | $58,333.00 |
| 10/31/2018 | Alameda Research LLC | Centre for Effective Altruism | $45,000.00 |
| 10/31/2018 | Alameda Research LLC | 80,000 Hours | $45,000.00 |
| 5/14/2019 | Alameda Research LLC | Centre for Effective Altruism | $26,419.59 |
| 7/12/2019 | Alameda Research LLC | Centre for Effective Altruism | $30,000.00 |
| 1/25/2022 | FTX Trading Ltd. | Longview Philanthropy | $900,000.00 |
| 4/7/2022 | FTX Trading Ltd. | Longview Philanthropy | $7,500,000.00 |
| 4/7/2022 | FTX Trading Ltd. | Longview Philanthropy | $ 7,500,000.00 |
| 4/7/2022 | FTX Trading Ltd. | Atlas Fellowship | $ 2,500,000.00 |
| 5/24/2022 | FTX Foundation, Inc. | Giving What We Can | $ 700,000.00 |
| 6/29/2022 | FTX Foundation, Inc. | Centre for Effective Altruism | $170,000.00 |
| 7/22/2022 | FTX Foundation, Inc. | Long Term Future Fund | $770,000.00 |
| 10/31/2022 | FTX Foundation, Inc. | Centre for Effective Altruism | $2,500,000.00 |