# **EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 832 & __** |

## ORDER APPROVING ADDENDUM TO CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

Upon the Certification of Counsel regarding the Addendum to Confidentiality Agreement and Stipulated Protective Order (the "Protective Order Addendum"), a copy of which is attached hereto as **Exhibit A**, entered into by and among (a) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively the "Debtors"); (b) the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"); and (c) the Federal Deposit Insurance Corporation as Receiver for Signature Bank and the Federal Deposit Insurance Corporation as Receiver for Signature Bridge Bank, N.A. (collectively the "Parties"); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that sufficient notice of the Protective Order Addendum has been given; and after due deliberation; and good and sufficient cause appearing therefor;

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

IT IS HEREBY ORDERED THAT:

1.      The Protective Order Addendum is hereby APPROVED.

2.      The Parties are authorized to enter into the Protective Order Addendum, substantially in the form attached hereto as **Exhibit A**.

3.      The failure to specifically include or reference any particular term or provision of the Protective Order Addendum in this Order shall not diminish or impair the effectiveness of such term or provision.

4.      The rights of all Parties and non-Parties to the Protective Order Addendum to move to amend this Order or the Protective Order Addendum are fully reserved.

5.      The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order and Protective Order Addendum.

Dated: _____
         Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

# **EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et. al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## ADDENDUM TO CONFIDENTIALITY
## AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Addendum to Confidentiality Agreement and Stipulated Protective Order (the "Addendum") is an addendum to the March 8, 2023 *Confidentiality Agreement and Stipulated Protective Order* [D.I. 832-1], approved by the Court pursuant to the March 8, 2023 *Order Approving Confidentiality Agreement and Stipulated Protective Order* [D.I. 832] (the "Protective Order"), entered into by and among (a) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"); (b) the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"); (c) the Federal Deposit Insurance Corporation as Receiver for Signature Bank and the Federal Deposit Insurance Corporation as Receiver for Signature Bridge Bank, N.A. (together, the "FDIC-Receiver"); (d) certain of the Debtors' creditors and other constituents as specified in the signature pages of this Addendum; and (e) any other persons or entities who become bound by this Addendum.  Each of the persons or entities identified in the foregoing clauses (a) through (e) shall be referred to herein individually as a "Party" and collectively, as the "Parties."

---

1   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

WHEREAS, on November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code, and joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]; and

WHEREAS, on December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 231]; and

WHEREAS, on March 8, 2023, the Debtors, the Committee, and certain other parties entered into the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 832-1]; and

WHEREAS, on March 8, 2023, the Court entered its *Order Approving Confidentiality Agreement and Stipulated Protective Order* [D.I. 832] (the "Protective Order"); and

WHEREAS, counsel for the Debtors and the Committee (collectively, the "Fiduciary Parties") in the Chapter 11 Cases have, by and through an informal document request made under Rule 2004 of the Federal Rules of Bankruptcy Procedure to Signature Bank ("Rule 2004 Request"), requested the production of certain records owned, controlled, or in the custody of the FDIC-Receiver; and

WHEREAS, the FDIC-Receiver has authorized disclosure of, or may be ordered or otherwise obligated to disclose, certain confidential documents, information, data, testimony, records, and other materials (including the "Confidential Records," defined below); and

WHEREAS, such disclosure is made strictly under the terms and conditions of the Protective Order and this Addendum; and

NOW THEREFORE, in accordance with the "Amendment" provision of Paragraph 25 of the Protective Order, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined in the Protective Order)[2] and Confidential Records, the Parties to this Addendum stipulate and agree as follows:

1.      The Protective Order as supplemented and/or modified by this Addendum applies to all Discovery Material or Confidential Records (as defined herein) produced by the FDIC-Receiver in the Chapter 11 Cases, including adversary proceedings.  To be clear, if there are any conflicts between the provisions of the Protective Order and this Addendum with respect to Discovery Material or Confidential Records produced by the FDIC-Receiver, then this Addendum shall control.

2.      To the extent that any Discovery Material or Confidential Records that are responsive to the Rule 2004 Request or any other discovery request served on the FDIC-Receiver by the Fiduciary Parties in connection with the Chapter 11 Cases are subject to the Privacy Act of 1974, 5 U.S.C. § 552a, et al., and the FDIC's implementing federal regulations, 12 C.F.R. Part 310, this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such Discovery Material or Confidential Records to the Fiduciary Parties pursuant to 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b).  Absent further order of the Court, only the Fiduciary Parties will have access to such Discovery Material or Confidential Records produced by the FDIC-Receiver.  As to any other party in the Chapter 11 Cases seeking access to such Discovery Material or Confidential Records or any other discovery in these Chapter 11 Cases (a "Third Party"), such Third Party shall attempt to obtain the written consent of each individual to whom the record pertains, in accordance with 5 U.S.C. § 552a(b) and 12 C.F.R § 310.10(a), and shall

---

[2]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Protective Order.

3

provide such written consent to the FDIC-Receiver.  The form of such written consent shall be substantially in the form as attached in **Exhibit B**.  If the Third Party is unable to obtain and provide such written consent to the FDIC-Receiver, or obtaining such written consent is impracticable due to the unavailability or inaccessibility of the individual from whom consent is sought, the Third Party may move the Court for the entry of an order authorizing the FDIC-Receiver to disclose the records that are subject to the Privacy Act, in accordance with 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b)(11), subject to the provisions and protections of the Protective Order and Addendum. The FDIC-Receiver shall not be required to produce documents to a Third Party in response to the Rule 2004 Request or any other discovery request served on the FDIC-Receiver in these Chapter 11 Cases that are subject to the Privacy Act of 1974 absent either (i) the written consent of the individual to whom the record pertains or the entry of an order of a court of competent jurisdiction authorizing such disclosure, or (ii) the satisfaction of any other applicable exception as set forth in 5 U.S.C. § 552a(b) and 12 C.F.R § 310.10(b)(1)–(12).

3.      "Confidential Records" are materials that contain (a) trade secrets or other confidential research, development, or commercial information; (b) information subject by law or by contract to a legally protected right of privacy; (c) information that the FDIC-Receiver is legally obligated by law to keep confidential; (d) information that the FDIC-Receiver would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; or (e) Discovery Material designated as Confidential or Highly Confidential in the Protective Order.  Notwithstanding anything to the contrary contained herein, Confidential Records do not include information that (1) is or becomes generally available to the public other than as a result of disclosure by the FDIC-Receiver or a party in interest in the Chapter 11 Cases in breach of this Protective Order or Addendum; or (2) becomes available to the Fiduciary Party or Third Party

(together, the "<u>Receiving Party</u>") on a non-confidential basis from a source other than the FDIC-Receiver, provided that such source is not bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to any other party hereto with respect to such information.

4.      Confidential Records may be so designated in the same manner of marking Discovery Material as "Confidential" as described in Paragraph 4 of the Protective Order.

5.      Confidential Records, including all records produced by the FDIC-Receiver that are marked "Confidential" or otherwise designated as confidential, and all information contained therein or related thereto, shall be held strictly confidential and may be used only in accordance with Paragraph 5 of the Protective Order.

6.      In accordance with Paragraph 15 of the Protective Order, the FDIC-Receiver's inadvertent failure to designate any Confidential Records as Confidential shall not be deemed a waiver of the FDIC-Receiver's later claim that such Confidential Records are Confidential, and the FDIC-Receiver may designate such Confidential Records as Confidential pursuant to the Protective Order and this Addendum at any time thereafter.  At such time, arrangement will be made for the substitution, where appropriate, of properly labeled copies of such Confidential Records.  All previously produced copies of such Confidential Records that were mis-designated shall be destroyed by the Receiving Party upon receipt of replacement copies of such Confidential Records with the proper designation.  The Receiving Party shall verify in writing that it has destroyed said mis-designated Confidential Records.  The FDIC-Receiver's inadvertent failure to designate any Confidential Records as Confidential shall not be cause to adjourn any deposition or other proceeding, unless by agreement of the parties.

7.      Confidential Records may be disclosed only to those authorized to receive Highly

Confidential Material under Paragraph 6 of the Protective Order.

8.      No person permitted access to Confidential Records pursuant to Paragraph 6 of the Protective Order and this Addendum shall transcribe, copy, or disclose in any manner any information contained in or related to the Confidential Records, except in accordance with the terms of the Protective Order and this Addendum or upon order of the Court or as necessary for the limited purpose of the preparation, discovery in connection with, trial, and appeal of the Chapter 11 Cases.

9.      The Receiving Party shall use, and shall cause its agents, employees, controlling persons, consultants, advisors, accountants, and legal counsel (collectively, the "Representatives") to use the Confidential Records solely in a manner consistent with the Protective Order and this Addendum and make all reasonably necessary efforts to safeguard Confidential Records from disclosure to anyone other than as permitted hereby.  Representatives who are given access to Confidential Records will be instructed that such persons and the parties are bound by the terms of the Protective Order and this Addendum.

10.     Any disputes concerning the FDIC-Receiver's production of Confidential Records shall be adjudicated in accordance with the "Manner of Objecting to Designated Material" provision at Paragraph 17 of the Protective Order.

11.     The terms and conditions of this Addendum apply to any subsequent or supplemental process that may be issued and served on the FDIC-Receiver in connection with the Chapter 11 Cases.

12.     If any Receiving Party discloses Confidential Records designated as Confidential to a recipient in accordance with the provisions of the Protective Order or this Addendum who is not among the Fiduciary Parties, such recipient shall execute an affidavit in the form of **Exhibit A** hereto, counsel for the party disclosing the Confidential Records shall retain an executed copy of such affidavit but need not file it with the Court.

13.     Any party who executes **Exhibit A** hereto shall be bound by the terms and conditions of the Protective Order and this Addendum as though a signatory to the Protective Order and this Addendum.

14.     In accordance with Paragraph 23 of the Protective Order, the Parties agree that the U.S. Trustee shall be provided with access to all records produced by the FDIC-Receiver in response to the Rule 2004 Request or any other discovery request served on the FDIC-Receiver upon request from the U.S. Trustee and may conduct and participate in all discovery contemplated by and governed by this Order.  This Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such Discovery Material or Confidential Records to the U.S. Trustee pursuant to 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b).

**STIPULATED AND AGREED TO BY**.

Dated: November 14, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
　　　　mcguire@lrclaw.com
　　　　brown@lrclaw.com
　　　　pierce@lrclaw.com

　-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:　dietdericha@sullcrom.com
　　　　bromleyj@sullcrom.com
　　　　gluecksteinb@sullcrom.com
　　　　kranzleya@sullcrom.com

*Counsel to the Debtors and Debtors-in-Possession*

8

-and-

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

William A. Burck (admitted *pro hac vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
E-mail:  williamburck@quinnemanuel.com

Sascha N. Rand (admitted *pro hac vice*)
Katherine A. Lemire (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
E-mail:  sascharand@quinnemanuel.com
            katherinelemire@quinnemanuel.com

K. John Shaffer (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
E-mail:  johnshaffer@quinnemanuel.com

*Special Counsel to the Debtors*

Dated: November 14, 2023
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_/s/ Robert F. Poppiti, Jr._
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mlunn@ycst.com
      rpoppiti@ycst.com

-and-

**PAUL HASTINGS LLP**

Kristopher M. Hansen (admitted _pro hac vice_)
Kenneth Pasquale (admitted _pro hac vice_)
Isaac S. Sasson (admitted _pro hac vice_)
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  krishansen@paulhastings.com
      kenpasquale@paulhastings.com
      isaacsasson@paulhastings.com

_Counsel to the Official Committee of Unsecured Creditors_

Dated: November 14, 2023          **BROWN RUDNICK LLP**
New York, NY

 */s/ Cameron Moxley*                                    
Eric R. Goodman
601 Thirteenth Street NW, Ste. 600
Washington, D.C. 20005
Telephone:  (202) 536-1700
Facsimile:  (202) 536-1701
Email:  egoodman@brownrudnick.com

-and-

D. Cameron Moxley
7 Times Square
New York, NY 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  cmoxley@brownrudnick.com

*Counsel to Third-Party Federal Deposit Insurance*
*Corporation as Receiver for Signature Bank and*
*Signature Bridge Bank, N.A.*

**Protective Order Addendum**

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER AND ADDENDUM**

I, _____, state:

1.      My business or personal address is _____

_____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have been informed of and/or read the Stipulation and Protective Order and Addendum thereto executed by the parties in *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD) (Bankr. D. Del.) (together, the "Protective Order"), and I understand and will abide by its contents and confidentiality requirements. I agree to keep confidential all Confidential Records provided to me in connection with the above-referenced matter that have been designated "Confidential" pursuant to the Protective Order and Addendum, and I will not divulge any Confidential Records, as defined in the Addendum, that have been designated as "Confidential" to persons other than those specifically authorized by the Protective Order and the Addendum. I will not use any Confidential Records in any manner not expressly allowed by the Protective Order.

5.      I understand that violation of the Protective Order is punishable by contempt of court and other potential sanctions as the Court deems appropriate under the circumstances. I agree to be subject to the authority of the United States Bankruptcy Court for the District of Delaware in the event of any violation of this agreement or dispute related to this agreement.

6.      I state under penalty of perjury that the foregoing is true and correct.

By:    _____

Dated: _____

**Protective Order Addendum**

**Exhibit B**

**Form of Consent**

**CONSENT TO DISCLOSE RECORDS**

I, _____, understand that under the Privacy Act of 1974, 5 U.S.C. § 552a, the Federal Deposit Insurance Corporation as the Receiver for Signature Bank and the Federal Deposit Insurance Corporation as Receiver for Signature Bridge Bank, N.A. (together, the "FDIC-Receiver"), may not disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains unless there exists an exception under such statute or the regulations promulgated thereunder allowing such disclosure.

I am familiar with the request or subpoena to produce documents that was issued by Attorney _____ ("Attorney"), on behalf of _____, dated _____ in the matter of _____ _____. I understand that the request or subpoena requests the FDIC-Receiver to provide copies of documents concerning myself, _____, including any documents _____.

I hereby consent to the FDIC-Receiver's disclosure, pursuant Rule 2004 of the Federal Rules of Bankruptcy Procedure, 5 U.S.C. § 552a(b), and 12 C.F.R § 310.10(a), of the above described documents to Attorney for the purpose of facilitating the discovery process in the above-referenced matter. I further consent to the Attorney's disclosure, distribution, and use of such documents as permitted by the Confidentiality Agreement and Stipulated Protective Order and Addendum entered into in the above-referenced matter.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and that I am a person to whom records or information to be released pertain. I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. § 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. § 552a(i)(3) by a fine of not more than $5,000.

A photocopy or an electronically transmitted copy (for example, a pdf) shall be considered as valid and effective as the original of this Consent.


Name:        _____

Signature:   _____

Date:        _____

14