IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date:<br>November 29, 2023, at 3:00 p.m. (ET)<br><br>Re: Docket No. 3660 |

**BLOCKFI'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING (I) PROCEDURES FOR THE SALE OR TRANSFER OF THE TRUST ASSETS AND (II) THE SALE OR TRANSFER OF SUCH TRUST ASSETS IN ACCORDANCE WITH SUCH PROCEDURES FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

BlockFi Inc. ("BlockFi Inc."), BlockFi Lending LLC ("BlockFi Lending"), and BlockFi International Ltd. ("BlockFi International," together with BlockFi Inc. and BlockFi Lending, "BlockFi" or the "BlockFi Wind-Down Debtors"), file this limited objection (the "Limited Objection") to the *Debtors' Motion for Entry of an Order Authorizing and Approving (I) Procedures for the Sale or Transfer of the Trust Assets and (II) the Sale or Transfer of Such Trust Assets in Accordance with Such Procedures Free and Clear of any Liens, Claims, Interests and Encumbrances* [Docket No. 3660] (the "Motion") filed by FTX Trading Ltd, ("FTX Trading"), Alameda Research Ltd. ("Alameda"), and their affiliated debtors and debtors-in-possession

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

(collectively, the "FTX Debtors"). In support of the Limited Objection, BlockFi respectfully states as follows:

**Preliminary Statement**

1. The Motion's oblique references to "BlockFi" and to the BlockFi Lien granted by Alameda obscure the reality of the situation. BlockFi and its customers are among the victims of the historic fraud perpetrated by the FTX Debtors. Many BlockFi customers have lost significant amounts of their life savings due to the FTX Debtors' fraud, yet the FTX Debtors suggest they seek to strip liens that secured their debt to BlockFi and imply that only a faceless corporation will be impacted. The reality, however, is that the FTX Debtors seek to strip value from hundreds of thousands of individual BlockFi customers: value that is owed to those customers and is their legal entitlement, and with it their chance of recovering their life savings.

2. As discussed in the Motion, this dispute will be separately resolved and the BlockFi Plan Administrator will vigorously defend the rights of customers of BlockFi, who received the pledges of collateral in good faith and for value in reliance on what ultimately turned out to be FTX Debtors' fraud. The proceeds of any approved sale of the Trust Assets belong to BlockFi customers.

3. The FTX Debtors' assertions regarding their claims against BlockFi are rejected. But under the current circumstances, BlockFi has no objection to the sale of the Trust Assets, provided that its rights to the proceeds are fully reserved through revisions to the proposed order as set forth herein.

**Relevant Background**

4. BlockFi Lending and BlockFi International (the "BlockFi Lenders") provided prepetition loans to Alameda pursuant to those certain Master Digital Currency Loan Agreements executed on July 15, 2019 between the BlockFi Lenders and Alameda (as amended and restated

from time to time, the "Alameda Loan Agreements"). *See Declaration of Richard D. Anigian in Support of BlockFi's Objection to the Debtors' Motion to Enforce the Automatic Stay or, in the Alternative, Extend the Automatic Stay* [Docket No. 381] (the "Anigian Declaration") at Ex. D (the "Prince Supplemental Declaration") ¶¶ 13–14 & Ex. D–1.  Pursuant to the Alameda Loan Agreements, BlockFi International and BlockFi Lending loaned Alameda certain BTC, ETH, and USDC assets having an aggregate value of approximately $695.4 million as of the FTX Debtors' Petition Date.

5. In November 2022, Alameda defaulted on its obligations to the BlockFi Lenders by failing to make timely payments and meet margin calls. *See* Prince Supplemental Declaration at ¶¶ 13–14.

6. On November 9, 2022, the BlockFi Lenders and Alameda executed an Amendment and Forbearance Agreement (the "Forbearance Agreement") in which the BlockFi Lenders agreed to forbear from exercising their rights against Alameda. *See* Prince Supplemental Declaration at Ex. D–4. In consideration for BlockFi's forbearance, Alameda offered a repayment schedule plus additional collateral.  As a condition to the effectiveness of the Forbearance Agreement, Alameda and BlockFi executed a pledge agreement (the "Alameda Pledge Agreement") by which Alameda pledged to the BlockFi Lenders all of Alameda's interest in the statutory trusts managed by Grayscale Investments, LLC, including the Grayscale Bitcoin Trust ("GBTC"), Grayscale Ethereum Trust ("ETHE"), and Bitwise 10 Crypto Index Fund ("BITW") and collateral account 499-30270COMBINED held in a brokerage account at ED&F Man Capital Markets, Inc. (n/k/a Marex Capital Markets Inc.) (collectively, the "Trust Assets). *Id.* at Ex. D–5. The BlockFi Lenders filed UCC–1 Financing Statements reflecting BlockFi's security interest in the Trust Assets.

7. Alameda defaulted under the Forbearance Agreement by failing to make full and timely payments. On November 10, 2022, BlockFi notified Alameda of its default and the BlockFi Lenders' acceleration of Alameda's obligations under the Alameda Pledge Agreement.

8. On November 11, 2022, Alameda filed voluntary petitions with this Court, followed by the other FTX Debtor entities on November 14, 2022.[2] Due in large part to the FTX Debtors' fraud and their resulting Chapter 11 filings, BlockFi and its affiliates filed Chapter 11 on November 28, 2022, in the United States Bankruptcy Court for the District of New Jersey.

9. BlockFi has timely filed customer and non-customer proofs of claim against several of the FTX Debtors. *See*, *e.g.*, BlockFi's claim filed against Alameda attached hereto as **Exhibit A**. As against Alameda, the BlockFi Lenders seek the return of the digital assets lent to Alameda and worth not less than the amount of $695.5 million as of the FTX Debtors' petition date. The proofs of claim filed by BlockFi indicate the secured status of BlockFi and clearly assert BlockFi's lien on the Trust Assets.

10. The FTX Debtors now file the Sale Motion, requesting authority to sell the Trust Assets free and clear of liens, claims, and encumbrances, which would include BlockFi's lien on the Trust Assets pledged by Alameda (the "BlockFi Lien"). Since the Trust Assets were pledged to BlockFi as security under Alameda's Forbearance Agreement, BlockFi files this Limited Objection to ensure that any potential sale of the Trust Assets acknowledges and preserves BlockFi's rights with respect to the Trust Assets.

## Limited Objection

11. BlockFi files this Limited Objection to preserve and protect the BlockFi Lien on the Trust Assets pledged to BlockFi by Alameda. BlockFi hereby requests that the Court condition

---

[2] The Petition Date does not apply to Emergent Fidelity Technologies, Ltd., which did not file chapter 11 until February 3, 2023.

4

the sale of the Trust Assets on either: (i) payment in full to BlockFi for its secured claim at or before closing, or (ii) require that the sale order expressly provide that the BlockFi Lien attaches to the proceeds of any sale of the Trust Assets.

12. Section 363(f) of the Bankruptcy Code, discussed at length in the Motion, requires that a sale free and clear of liens such as the BlockFi Lien may be accomplished only in specified circumstances, including where the lienholder (BlockFi) could be compelled to accept a money satisfaction of their interest. BlockFi does not dispute that it could be compelled to accept U.S. dollars in satisfaction of its claims against Alameda,[3] and would accept repayment from the proceeds of sale of the Trust Assets, as is customary in Chapter 11.

13. Notwithstanding, to the extent the FTX Debtors believe such repayment improper or impermissible, section 363(e) of the Bankruptcy Code requires that "[n]otwithstanding any other provisions of this section, at any time, on request of an entity that has an interest in property…proposed to be…sold…the court, with or without a hearing, shall prohibit or condition such…sale…as is necessary to provide adequate protection of such interest." In other words, BlockFi, as the holder of a perfected security interest in the Trust Assets, is entitled to adequate protection of that interest through an order permitting sale of such assets. *See* 3 Collier on Bankruptcy ¶ 363.06[9] ("if the court cannot fashion adequate protection…it may not authorize the sale free and clear of the interest, even if the sale meets all of section 363(f)'s requirements") (citing *In re Dewey Ranch Hockey, LLC*, 414 B.R. 577 (Bankr. D. Ariz. 2009)).

14. Adequate protection under Section 363(e) is typically afforded by the attachment of the lien to the proceeds of sale. *See id.* Pursuant to Section 363(e) and under the circumstances

---

[3] *See* Anigian Declaration Ex. D–1 (copy of Alameda Loan Agreement dated July 15, 2019) at II(d)(2). The Alameda Loan Agreement provided that BlockFi could be compelled to accept U.S. Dollars at a defined exchange rate under certain circumstances.

of this case – including but not limited to the undue characterizations provided in the Motion – the attachment of the BlockFi Lien to any sale proceeds of the Trust Assets should be made express and unconditional.

### Statement Pursuant to Local Rule 9013-1(f)

15. Pursuant to Local Rule 9013-1(f), BlockFi does not consent to the entry of a final order by the Bankruptcy Court in connection with the Motion or this Limited Objection to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

### Conclusion

16. WHEREFORE, BlockFi respectfully requests that this Court (i) condition the sale of the Trust Assets upon payment in full of BlockFi's secured claim against Alameda or, (ii) condition the proposed sale on attachment of the BlockFi Lien to the proceeds of any approved sale of the Trust Assets. BlockFi respectfully requests any such other and further relief to which the Court determines it is entitled to at law or in equity.

[*remainder of page intentionally left blank*]

Dated: November 17, 2023

| | |
|---|---|
| **BROWN RUDNICK LLP** | **GELLERT SCALI BUSENKELL & BROWN, LLC** |
| Kenneth J. Aulet | By: */s/ Michael Busenkell* |
| Jeffrey L. Jonas | Michael Busenkell (DE 3393) |
| Michael S. Winograd | 1201 North Orange Street, Suite 300 |
| Alexander F. Kasnetz | Wilmington, Delaware 19801 |
| Seven Times Square | Tel:   (302) 425-5812 |
| New York, NY 10036 | Fax:   (302) 425-5814 |
| Tel:   (212) 209-4800 | Email: mbusenkell@gsbblaw.com |
| Fax:   (212) 209-4801 | |
| Email: kaulet@brownrudnick.com | *Delaware Counsel for the BlockFi Wind-Down Debtors* |
|     jjonas@brownrudnick.com | |
|     mwinograd@brownrudnick.com | **HAYNES and BOONE, LLP** |
|     akasnetz@brownrudnick.com | Richard Kanowitz |
| | 30 Rockefeller Plaza |
| Tristan G. Axelrod | 26th Floor |
| Sharon I. Dwoskin | New York, NY 10112 |
| Matthew Sawyer | Telephone: (212) 659-7300 |
| One Financial Center | Facsimile: (212) 918-8989 |
| Boston, MA 02111 | Email: Richard.Kanowitz@haynesboone.com |
| Tel:   (617) 856-8200 | |
| Fax:   (617) 856-8201 | Richard D. Anigian |
| Email: taxelrod@brownrudnick.com | Charles M. Jones II |
|     sdwoskin@brownrudnick.com | 2323 Victory Avenue |
|     msawyer@brownrudnick.com | Suite 700 |
| | Dallas, TX 75219 |
| *Counsel for the BlockFi Wind-Down Debtors* | Telephone: (214) 651-5000 |
| | Facsimile: (214) 651-5940 |
| | Email: Rick.Anigian@haynesboone.com |
| | Charlie.Jones@haynesboone.com |
| | |
| | *Counsel for the BlockFi Wind-Down Debtors* |