# EXHIBIT A

# FTX Non Customer Proof of Claim Form

## Electronic Proof of Claim ID

If you have an EPOC ID please enter it below and select next to proceed with your claim submission.  EPOC IDs can be located on the pre-printed proof of claim forms sent via first-class mail.

EPOC ID

[                                                                    ]

EPOC IDs are not required to submit a claim.  If you cannot locate your EPOC ID or do not have an EPOC ID, please select next to continue with your claim submission.

## Instructions

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

☑ Check here to see further instructions on completing your claim form:

## Debtor Selection

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

- ○ FTX Trading Ltd. (Case No. 22-11068)
- ○ Alameda Aus Pty Ltd (Case No. 22-11104)
- ○ Alameda Global Services Ltd. (Case No. 22-11134)
- ○ Alameda Research (Bahamas) Ltd (Case No. 22-11105)
- ○ Alameda Research Holdings Inc. (Case No. 22-11069)
- ○ Alameda Research KK (Case No. 22-11106)
- ○ Alameda Research LLC (Case No. 22-11066)
- ◉ Alameda Research Ltd (Case No. 22-11067)
- ○ Alameda Research Pte Ltd (Case No. 22-11107)
- ○ Alameda Research Yankari Ltd (Case No. 22-11108)
- ○ Alameda TR Ltd (Case No. 22-11078)
- ○ Alameda TR Systems S. de R. L. (Case No. 22-11109)
- ○ Allston Way Ltd (Case No. 22-11079)
- ○ Analisya Pte Ltd (Case No. 22-11080)
- ○ Atlantis Technology Ltd. (Case No. 22-11081)
- ○ Bancroft Way Ltd (Case No. 22-11082)
- ○ Blockfolio, Inc. (Case No. 22-11110)
- ○ Blue Ridge Ltd (Case No. 22-11083)
- ○ Cardinal Ventures Ltd (Case No. 22-11084)
- ○ Cedar Bay Ltd (Case No. 22-11085)
- ○ Cedar Grove Technology Services, Ltd. (Case No. 22-11162)
- ○ Clifton Bay Investments LLC (Case No. 22-11070)
- ○ Clifton Bay Investments Ltd (Case No. 22-11111)
- ○ Cottonwood Grove Ltd (Case No. 22-11112)
- ○ Cottonwood Technologies Ltd (Case No. 22-11136)
- ○ Crypto Bahamas LLC (Case No. 22-11113)
- ○ DAAG Trading, DMCC (Case No. 22-11163)
- ○ Deck Technologies Holdings LLC (Case No. 22-11138)
- ○ Deck Technologies Inc. (Case No. 22-11139)
- ○ Deep Creek Ltd (Case No. 22-11114)
- ○ Digital Custody Inc. (Case No. 22-11115)
- ○ Euclid Way Ltd (Case No. 22-11141)
- ○ FTX (Gibraltar) Ltd (Case No. 22-11116)
- ○ FTX Canada Inc (Case No. 22-11117)
- ○ FTX Certificates GmbH (Case No. 22-11164)
- ○ FTX Crypto Services Ltd. (Case No. 22-11165)
- ○ FTX Digital Assets LLC (Case No. 22-11143)
- ○ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118)
- ○ FTX EMEA Ltd. (Case No. 22-11145)
- ○ FTX Equity Record Holdings Ltd (Case No. 22-11099)
- ○ FTX EU Ltd. (Case No. 22-11166)
- ○ FTX Europe AG (Case No. 22-11075)
- ○ FTX Exchange FZE (Case No. 22-11100)
- ○ FTX Hong Kong Ltd (Case No. 22-11101)
- ○ FTX Japan Holdings K.K. (Case No. 22-11074)
- ○ FTX Japan K.K. (Case No. 22-11102)
- ○ FTX Japan Services KK (Case No. 22-11103)
- ○ FTX Lend Inc. (Case No. 22-11167)
- ○ FTX Marketplace, Inc. (Case No. 22-11168)
- ○ FTX Products (Singapore) Pte Ltd (Case No. 22-11119)
- ○ FTX Property Holdings Ltd (Case No. 22-11076)
- ○ FTX Services Solutions Ltd. (Case No. 22-11120)
- ○ FTX Structured Products AG (Case No. 22-11122)
- ○ FTX Switzerland GmbH (Case No. 22-11169)
- ○ FTX Trading GmbH (Case No. 22-11123)
- ○ FTX US Services, Inc. (Case No. 22-11171)
- ○ FTX US Trading, Inc. (Case No. 22-11149)
- ○ FTX Ventures Ltd. (Case No. 22-11172)
- ○ FTX Zuma Ltd (Case No. 22-11124)
- ○ GG Trading Terminal Ltd (Case No. 22-11173)
- ○ Global Compass Dynamics Ltd. (Case No. 22-11125)
- ○ Good Luck Games, LLC (Case No. 22-11174)
- ○ Goodman Investments Ltd. (Case No. 22-11126)

○ Hannam Group Inc (Case No. 22-11175)
○ Hawaii Digital Assets Inc. (Case No. 22-11127)
○ Hilltop Technology Services LLC (Case No. 22-11176)
○ Hive Empire Trading Pty Ltd (Case No. 22-11150)
○ Innovatia Ltd (Case No. 22-11128)
○ Island Bay Ventures Inc (Case No. 22-11129)
○ Killarney Lake Investments Ltd (Case No. 22-11131)
○ Ledger Holdings Inc. (Case No. 22-11073)
○ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177)
○ LedgerPrime Bitcoin Yield Enhancement Master Fund, LP (Case No. 22-11155)
○ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156)
○ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157)
○ LedgerPrime LLC (Case No. 22-11158)
○ LedgerPrime Ventures, LP (Case No. 22-11159)
○ Liquid Financial USA Inc. (Case No. 22-11151)
○ Liquid Securities Singapore Pte Ltd (Case No. 22-11086)
○ LiquidEX LLC (Case No. 22-11152)
○ LT Baskets Ltd. (Case No. 22-11077)
○ Maclaurin Investments Ltd. (Case No. 22-11087)
○ Mangrove Cay Ltd (Case No. 22-11088)
○ North Dimension Inc (Case No. 22-11153)
○ North Dimension Ltd (Case No. 22-11160)
○ North Wireless Dimension Inc. (Case No. 22-11154)
○ Paper Bird Inc (Case No. 22-11089)
○ Pioneer Street Inc. (Case No. 22-11090)
○ Quoine India Pte Ltd (Case No. 22-11091)
○ Quoine Pte Ltd (Case No. 22-11161)
○ Quoine Vietnam Co. Ltd (Case No. 22-11092)
○ Strategy Ark Collective Ltd. (Case No. 22-11094)
○ Technology Services Bahamas Limited (Case No. 22-11095)
○ Verdant Canyon Capital LLC (Case No. 22-11096)
○ West Innovative Barista Ltd. (Case No. 22-11097)
○ West Realm Shires Financial Services Inc. (Case No. 22-11072)
○ West Realm Shires Inc. (Case No. 22-11183)
○ West Realm Shires Services Inc. (Case No. 22-11071)
○ Western Concord Enterprises Ltd. (Case No. 22-11098)
○ Zubr Exchange Ltd (Case No. 22-11132)

## Part 1: Identify the Claim

**1. Who is the current Creditor?**
Name of the current creditor (the person or entity to be paid for this claim)

Is the current Creditor an Individual?

◉ No
○ Yes

Creditor Name

| BlockFi Inc. |
|---|

Other names the creditor used with the debtor

| |
|---|

Email the creditor used with the debtor

| |
|---|

**2. Has this claim been acquired from someone else?**

◉ No
○ Yes

From whom?

| |
|---|

**3. Where should notices and payments to the Creditor be sent?**

[Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)]

**Where should notices to the Creditor be sent?**

Name:

> BlockFi Inc.

Address 1 (Street address, "Care of:", or "Attention To:"):

> Care of: Richard S. Kanowitz, Esq.

Address 2:

> Haynes and Boone, LLP

Address 3:

> 30 Rockefeller Plaza, 26th Floor

Address 4:

> 

City:

> New York

State or Province (use 2-letter abbreviation if US or Canada):

> NY

Zip Code | Postal Code:

> 10112

**Is the creditor address outside of the US?**

◉ No
○ Yes

Contact phone:

> (212) 659-7300

Contact email:

> Richard.Kanowitz@haynesboone.com

**Should payments go to a different address?**

○ No
◉ Yes

Name:

> BlockFi Inc.

Address 1 (Street address, "Care of:", or "Attention To:"):

> Attention to: Usec Rho

Address 2:

> 100 Horizon Center Blvd.

Address 3:

> 1st and 2nd Floors

Address 4:

> 

City:

> Hamilton

State or Province (use 2-letter abbreviation if US or Canada):

NJ

Zip Code | Postal Code:

08691

Is the creditor address outside of the US?

◉ No
◯ Yes

Contact phone:

Contact email:

legalbk@blockfi.com

**Would you like to add any additional noticing addresses?**

◉ No
◯ Yes

**4. Does this claim amend one already filed?**

◉ No
◯ Yes

Claim number on court claims registry (if known)

**5. Do you know if anyone else has filed a Proof of Claim for this claim?**

◉ No
◯ Yes

Who made the earlier filing?

Part 2a: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

◉ No
◯ Yes

Last 4 digits of the debtor's account or any number you use to identify the debtor:

## If filing a claim for cryptocurrency, please fill in 7b.

**7a. How much is the claim?**

$

Does this amount include interest or other charges?

◯ No
◯ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide:**

(i) the currency type:

(ii) the amount in such currency

(iii) a conversion rate to U.S. dollars

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

Please use only numerals and decimals in the Count fields, up to a maximum of 21 digits or 20 digits and 1 decimal.

| Coin List | Count | Coin List | Count |
|---|---|---|---|
| Various (see addendum) | 266740155.72 | | |

| Coin List | Count | Coin List | Count |
|---|---|---|---|
| | | | |

| Coin List | Count | Coin List | Count |
|---|---|---|---|
| | | | |

## Part 2b: Give Information About the Claim as of the Date the Case Was Filed

**8. What is the basis of the claim?**

See attached addendum

**9. Is all or part of the claim secured?**

○ No
◉ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate

☐ Motor vehicle

☑ Other

Describe:

See attached addendum

**Basis for perfection:**

See attached addendum

**Value of property (all amounts in US $ dollars):**

See attached addendum

**Amount of the claim that is secured (all amounts in US $ dollars):**

See attached addendum

**Amount of the claim that is unsecured (all amounts in US $ dollars):**

See attached addendum

**Amount necessary to cure any default as of the date of the petition (all amounts in US $ dollars):**

See attached addendum

Annual Interest Rate (when case was filed) % -
○ Fixed
○ Variable

**Annual Interest Rate (when case was filed) %:**

**10. Is this claim based on a lease?**

◉ No
○ Yes

**Amount necessary to cure any default as of the date of the petition (all amounts in US $ dollars).**

**11. Is this claim subject to a right of setoff?**

○ No

◉ Yes

Identify the property.

> See attached addendum

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

◉ No

○ Yes

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

◉ No

○ Yes.

**Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions above on what further information is required.**

>

## Part 3: Electronic Signature

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**

**18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

- ◉ I am the creditor.
- ○ I am the creditor's attorney or authorized agent.
- ○ I am the trustee, or the Debtor, or their authorized agent. Bankruptcy Rule 3004.
- ○ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

## Executed on date (Calculated in UTC)

06/29/2023

Signature



I certify that I have completed my Proof of Claim form on the Kroll Restructuring Administration Portal. I hereby agree that my electronic signature herein complies with the ESIGN Act, and accordingly shall have the same legal effect as my original signature.

☑ I agree

**Name of the person who is completing and signing this claim:**

First Name/Middle Name/Last Name:

Mark A. Renzi

Title/Company:

Chief Restructuring Officer, BlockFi Inc.

Address 1:

201 Montgomery Street, Suite 263

Address 2:

City:

Jersey City

State or Province (use 2-letter abbreviation if US or Canada):

NJ

Zip Code | Postal Code:

07302

Is this address outside of the US?

◉ No
○ Yes

Contact phone:

(617) 785-0177

Contact email:

mrenzi@thinkbrg.com

## Supporting Documentation

**Attach Support Documentation (limited to a single PDF attachment that is less than 5 megabytes in size):**
◉ I have supporting documentation
○ I do not have supporting documentation

**Attach a single PDF attachment that is less than 5 megabytes in size**

| | |
|---|---|
| 📄 BlockFi - FTX Proof of Claim Addendum (Alameda Research Ltd.).pdf | 312 KB |

**Attachment Filename**

BlockFi - FTX Proof of Claim Addendum (Alameda Research Ltd.).pdf

## Confirmation of Submission

**Your Form has been successfully submitted...**

DOCUMENT ID

> 6c75c6b5d112a39bf0cda07f46f149e445a5e454

Submitted Date Time

> 2023-06-29T19:42:36.765Z

Status

> Submitted

CONFIRMATION ID

> 3265-69-YYJRH-613333911

## Submission Information

When you press "Submit" you will receive an email from "noreply.efiling@ra.kroll.com." Please add this email to your allowed senders list. This email will have a PDF copy of your claim filing (with your supporting documents as a separate attachment), as well as your Confirmation ID.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALAMEDA RESEARCH LTD., *et al.*, | Case No. 22-11067 (JTD) |
| Debtors.[1] | (Jointly Administered) |

## ADDENDUM TO PROOFS OF CLAIM
## OF BLOCKFI INC. AND ITS AFFILIATED DEBTORS

BlockFi Inc. and its affiliated debtors and debtors-in-possession listed on **Exhibit A**

attached hereto (collectively, "<u>BlockFi</u>" or the "<u>Claimants</u>") hereby submit this proof of claim

(this "<u>Proof of Claim</u>") in accordance with the FTX Bar Date Notice[2] against the above-

captioned debtors and debtors-in-possession (collectively, the "<u>FTX Debtors</u>")[3] and Emergent in

the jointly administered Chapter 11 case captioned *In re FTX TRADING LTD., et al.*, Case No.

22-11068 (JTD) (the "<u>Chapter 11 Cases</u>") pending in the United States Bankruptcy Court for the

---

[1] Due to the large number of FTX Debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

For purposes of this Proof of Claim, all references to the FTX Debtors shall exclude Emergent Fidelity Technologies Ltd. ("<u>Emergent</u>"), whose case is being jointly administered with the above-captioned cases pursuant to the Court's *Final Order (I) Authorizing Joint Administration of the Emergent Debtor's Chapter 11 Case and (II) Granting Related Relief* [Docket No. 1469] (the "<u>Emergent Joint Administration Order</u>"). Emergent is a company formed under the laws of Antigua and Barbuda under registration number 17532 as identified by the Antigua and Barbuda Financial Services Regulatory Commission. Its principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Unless otherwise indicated, capitalized terms used throughout this Proof of Claim shall have the meanings ascribed to them as set forth herein.

[3] This Proof of Claim and each of the claims herein are asserted against the specified FTX Debtors or Emergent, as applicable, on behalf of BlockFi, and BlockFi expressly reserves all rights with respect to all claims, defenses, setoff and other causes of action against the FTX Debtors and Emergent. This Proof of Claim is submitted without prejudice to any counterclaims or defenses BlockFi may assert as a defense to or against any claims, including without limitation any proofs of claim, filed or to be filed by any of the FTX Debtors or Emergent in BlockFi's Chapter 11 cases, which are jointly administered under the lead case *In re BlockFi Inc., et al.*, Case No. 22-19361 (MBK) and presided over by the Honorable Chief Judge Michael B. Kaplan of the United States Bankruptcy Court for the District of New Jersey (the "<u>New Jersey Court</u>").

District of Delaware (the "Court"). In support of this Proof of Claim, BlockFi respectfully states as follows:

## Preliminary Statement

1.      BlockFi's claims against the FTX Debtors and Emergent derive from the FTX Debtors' now well-known and admitted fraud, which caused immense harm to BlockFi and its constituents. Before November 2022, the FTX Debtors' and Emergent's principal, Samuel Bankman-Fried ("Bankman-Fried"), was widely regarded as the crypto industry's savior. In addition to Bankman-Fried's and the FTX Debtors' public reputations, BlockFi had direct interactions with the FTX Debtors that justified BlockFi's belief in the FTX Debtors' stability and financial soundness. For more than two years, Alameda Research Ltd. ("Alameda") proved to be one of BlockFi's most reliable borrowers, having timely repaid substantial loans in the past and cooperating in numerous ways to satisfy BlockFi's routine financial due diligence. BlockFi also held large amounts of digital assets on the FTX Exchange for trading activities. And then, during the June 2022 "crypto winter," West Realm Shires Inc. ("West Realm") committed to provide critical liquidity to BlockFi to protect BlockFi's clients. Although West Realm agreed to provide $400 million in subordinated debt, they, in fact, only provided $275 million to BlockFi as further described below.[4]

2.      During all of this, unbeknownst to BlockFi, Bankman-Fried and the FTX Debtors were perpetrating a multi-billion-dollar, historic fraud. The fraud's contours are now well known to the Court, and new details continue to emerge, but the cause is clear: Bankman-Fried and the FTX Debtors deceived everyone, gained the world's trust, and exploited that trust for their own

---

[4] The FTX Debtors provided this $400 million commitment in the form of an unsecured line of credit expressly subordinated to BlockFi's customers. In connection with the unsecured line of credit, BlockFi also granted an option to West Realm to be the sole equity holder of BlockFi. As explained herein, the FTX Debtors funded only $275 million of the purchase price and failed to exercise the equity option before filing bankruptcy.

benefit. Their lies eventually caught up with them, causing the FTX Debtors to collapse.

3.      When the FTX Debtors collapsed, they pulled BlockFi down with them. The FTX Debtors' collapse destroyed BlockFi's further access to capital, sapped the value of FTT serving as collateral for BlockFi's loans to Alameda, and froze BlockFi's assets held on the FTX exchange. These blows crippled BlockFi's business and liquidity, forcing BlockFi to seek Chapter 11 relief to protect its clients and preserve the value of its own business. In short, BlockFi's exposure to the FTX Debtors and their fraud created an insurmountable liquidity crisis for BlockFi and was, therefore, the primary cause of BlockFi's own bankruptcy filing.

## Background

4.      On November 8, 2022, the FTX Debtors suspended all trading (the "<u>FTX Exchange Pause</u>") on their FTX exchange (the "<u>FTX Exchange</u>").

5.      On November 11 and 14, 2022, as applicable (together, the "<u>FTX Petition Date</u>"),[5] each of the FTX Debtors filed voluntary Petitions for Relief under Chapter 11 of title 11 of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>"), thereby commencing the above captioned Chapter 11 cases (the "<u>FTX Chapter 11 Cases</u>") in the Court. BlockFi is a creditor of and secured lender to certain of the FTX Debtors, and BlockFi owns assets that are currently frozen on the FTX Exchange.

6.      On November 18, 2022, upon the receivership application of a creditor of FTX Trading Ltd., the Eastern Caribbean Supreme Court in the High Court of Justice Antigua and Barbuda (the "<u>Antiguan Court</u>") entered an order (the "<u>Antiguan Receivership Order</u>") imposing a freezing injunction and appointing receivers for Emergent (the "<u>Antiguan Receivers</u>").

---

[5] November 11, 2022 is the petition date for each of the FTX Debtors except for West Realm, which filed its voluntary Petition for Relief on November 14, 2022. Emergent filed its voluntary Petition for Relief on February 3, 2023 (the "<u>Emergent Petition Date</u>").

Pursuant to the Antiguan Receivership Order, the Antiguan Receivers removed Emergent's sole director, Bankman-Fried, and appointed themselves as directors on November 21, 2022. The Antiguan Receivers subsequently caused themselves to be appointed joint liquidators of Emergent on March 23, 2023. The ensuing Antiguan insolvency proceeding remains pending.

7.      On November 28, 2022 (the "BlockFi Petition Date"), each BlockFi debtor filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code, thereby commencing their own Chapter 11 cases styled *In re BLOCKFI INC., et al.*, Case No. 22-19361 (MBK) (the "BlockFi Chapter 11 Cases") in the New Jersey Court. The BlockFi Chapter 11 Cases remain pending.

8.      On December 9, 2022, a grand jury in the Southern District of New York returned an eight-count indictment against Bankman-Fried. *United States of America v. Samuel Bankman-Fried a/k/a "SBF," et al.,* 22 Cr. 673 (as modified, amended or supplemented from time-to-time, the "SBF Criminal Proceeding"). The SBF Criminal Proceeding remains pending.

9.      On February 3, 2023, Emergent, acting by its joint liquidators, filed a voluntary Petition for Relief under Chapter 11 in this Court. BlockFi is a creditor of and secured lender to Emergent and is involved in litigation against Emergent.

10.     On April 17, 2023, the Court entered its *Order Approving Stipulation Staying Litigation and Related Discovery* [Docket No. 1297] (the "Stipulation"), pursuant to which the Court stayed certain litigation and discovery between BlockFi, the FTX Debtors and Emergent pending resolution of the SBF Criminal Proceeding and Forfeiture Proceeding (as defined in the Stipulation).

11.     On May 10, 2023, the Court entered the Emergent Joint Administration Order approving joint administration of Emergent's Chapter 11 case with the Chapter 11 cases of the

FTX Debtors.

12.     On May 19, 2023, the Court entered its *Notice of Deadlines Requiring Filing of (I) Non-Customer Proofs of Claim and Proofs of Interest on or Before June 30, 2023, (II) Proofs of Claims for Claims Held by Governmental Units on or Before September 29, 2023, (III) Non-Customer Proofs of Claim Affected by the Rejection of An Executory Contract or Lease and (IV) Non-Customer Proofs of Claim Affected by the Amendment of or Supplement to the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* [Docket No. 1521] (the "FTX Bar Date Notice"), which established a General Non-Customer Bar Date (as defined therein) on June 30, 2023 at 4:00 p.m. (Eastern Time).[6]

## The FTX Contracts

13.     The FTX Debtors, BlockFi and Emergent, as applicable, are parties to the contracts listed in the table below (collectively with the financing statements listed below and all addenda and attachments as may be referenced therein, the "FTX Contracts"),[7] under which BlockFi, the FTX Debtors and Emergent engaged in transactions that form the basis of BlockFi's claims:

| # | Contract Title | Type of Contract | Contract Counterparties |
|---|---|---|---|
| 1. | Master Digital Currency Loan Agreement dated July 15, 2019 (the "U.S. Loan Agreement") | Loan Agreement | Alameda Research Limited BlockFi Lending LLC |
| 2. | Master Loan Agreement dated August 14, 2020 | Loan Agreement | Alameda Research Limited BlockFi International Ltd. |

---

[6] The FTX Bar Date Notice provided notice to FTX customers that the Court has not yet established a deadline for filing proofs of claim on account of customer claims. *See* FTX Bar Date Notice at 1. This Proof of Claim includes both customer and non-customer claims.

[7] The listed FTX Contracts are noted for summary purposes only and may not include other contracts between BlockFi on the one hand and the FTX Debtors or Emergent on the other hand, under which BlockFi may assert additional claims, which are hereby expressly reserved. If there is any discrepancy between the summary presented herein and any of the FTX Contracts, the language and terms of the FTX Contracts shall control. True and correct copies of the FTX Contracts are available upon request to BlockFi's counsel, subject to prior execution of a non-disclosure agreement satisfactory to BlockFi in its sole discretion, as applicable.

| # | Contract Title | Type of Contract | Contract Counterparties |
|---|---|---|---|
| 3. | Amended and Restated Master Loan Agreement dated January 26, 2022 (the "International Loan Agreement," together with the documents listed at numbers 1, 2, 4, 9–11 and 13–18 the "Alameda Loan Documents") | Loan Agreement | Alameda Research Limited BlockFi International Ltd. |
| 4. | Security Agreement over a Custody Account dated January 26, 2022 | Security Agreement | Alameda Research Limited BlockFi International Ltd. Coinbase Custody International Limited |
| 5. | FTX Terms of Service dated May 13, 2022 (the "FTX Terms of Service") | Terms of Service | FTX Trading Ltd. BlockFi International Ltd. |
| 6. | FTX.US User Agreement (last updated September 16, 2022) (the "FTX.US Terms of Service") | Terms of Service | West Realm Shires Inc. BlockFi Lending LLC |
| 7. | Loan Agreement dated June 30, 2022 (the "FTX Agreement") | Agreement to Provide Capital in Connection with Contract 8 below | BlockFi Inc. BlockFi Lending LLC BlockFi Trading LLC West Realm Shires Inc. |
| 8. | Option Agreement dated June 30, 2022 (the "Option Agreement") | Option Agreement | BlockFi Inc. and the Significant Equityholders (defined therein) West Realm Shires Inc. FTX Trading Ltd. |
| 9. | Novation Agreement dated August 31, 2022 | Novation Agreement | Alameda Research Limited BlockFi International Ltd. BlockFi Lending LLC |
| 10. | Amendment & Forbearance Agreement dated November 9, 2022 (the "Forbearance Agreement") | Forbearance Agreement | Alameda Research Limited BlockFi Inc. BlockFi International Ltd. BlockFi Lending LLC |
| 11. | Pledge Agreement dated November 9, 2022 (the "Alameda Pledge Agreement") | Pledge Agreement | Alameda Research Limited BlockFi Inc. BlockFi International Ltd. BlockFi Lending LLC |
| 12. | Emergent Pledge Agreement dated November 9, 2022 (the "Emergent Pledge Agreement") | Pledge Agreement | Emergent Fidelity Technologies Ltd. BlockFi Inc. BlockFi International Ltd. BlockFi Lending LLC |
| 13. | UCC Financing Statement dated November 10, 2022 Doc. #2022112094 | UCC Financing Statement | Alameda Research Limited BlockFi Inc. BlockFi International Ltd. BlockFi Lending LLC |
| 14. | UCC Financing Statement dated November 10, 2022 | UCC Financing Statement | Alameda Research Limited BlockFi International Ltd. |

| # | Contract Title | Type of Contract | Contract Counterparties |
|---|---|---|---|
|   | Doc. #2022111977 |   |   |
| 15. | UCC Financing Statement dated November 10, 2022 Doc. #2022112160 | UCC Financing Statement | Alameda Research Limited BlockFi Lending LLC |
| 16. | UCC Financing Statement dated November 14, 2022 Doc. #2022112383 | UCC Financing Statement | Alameda Research LTD BlockFi Inc. BlockFi International Ltd. BlockFi Lending LLC |
| 17. | UCC Financing Statement dated November 14, 2022 Doc. #2022112380 | UCC Financing Statement | Alameda Research LTD BlockFi International Ltd. |
| 18. | UCC Financing Statement dated November 14, 2022 Doc. #2022112381 | UCC Financing Statement | Alameda Research LTD BlockFi Lending LLC |

## Claims

14.    BlockFi holds non-contingent, liquidated claims related to its digital assets trapped on the FTX Exchange and for digital assets loaned to Alameda, as well as contingent claims against the FTX Debtors and Emergent in unliquidated amounts arising from (i) their contractual relationships with BlockFi and (ii) the FTX Debtors' tort liability to BlockFi (collectively, the "Claims"). The Claims generally fall within the following five (5) categories:

(1)    The FTX Exchange Claims;

(2)    The Alameda Loan Claims;

(3)    The FTX Transaction Claims;

(4)    The Emergent Claims;[8] and

(5)    Demands and Lawsuits.

Each of the five categories are defined and described in more detail below.

---

[8] BlockFi has included descriptions of its claims against Emergent in this Proof of Claim for purposes of completeness only. BlockFi files this Proof of Claim in compliance with the non-customer proof of claim form instructions and the FTX Bar Date Notice. BlockFi will file a separate proof of claim form against Emergent to assert its claims against Emergent pursuant to the Court's instructions regarding proofs of claim against Emergent.

15.      **Claim Category 1: The FTX Exchange Claims**. BlockFi International Ltd.
("BlockFi International")[9] has accounts (the "BlockFi Accounts") on the FTX Exchange.
Pursuant to the FTX User Agreement, property that BlockFi deposited into the BlockFi Accounts
on the FTX Exchange remained property of BlockFi. FTX Terms of Service § 8.2.6 ("Title to
your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading . . .
None of the Digital Assets in your Account are the property of, or shall or may be loaned to,
FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as
belonging to FTX Trading. . . . You control the Digital Assets held in your Account. At any time
. . . you may withdraw your Digital Assets by sending them to a different blockchain address
controlled by you or a third party."); *see also* FTX.US Terms of Service § 6 ("Title to
cryptocurrency represented in your FTX.US Account shall at all times remain with you and shall
not transfer to FTX.US.").

16.      On November 8, 2022, BlockFi attempted to withdraw a substantial quantity of
digital assets from the BlockFi Accounts, but the FTX Debtors refused to honor this withdrawal
due to the FTX Exchange Pause. Since the FTX Exchange Pause, which began on November 8,
2022, and as a result of the automatic stay that arose in connection with the FTX Chapter 11
Cases, BlockFi has been unable to withdraw its assets from the FTX Exchange. BlockFi's digital
assets trapped on the FTX Exchange are set forth on **Exhibit B** attached hereto.

17.      Unbeknownst to BlockFi, the FTX Debtors routinely tapped customer assets in
the FTX Exchange to provide interest-free capital for Alameda's expenditures. *See, e.g.*,
*Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 548,
and 550 and Del. Code Ann. Tit. 6, §§ 1304 and 1305, and for Disallowance of Claims Pursuant*

---

[9] The Supreme Court of Bermuda appointed Joint provisional liquidators, for restructuring purposes only, to BlockFi
International on November 29, 2022, in a statutory process ancillary to, and in support of, the Chapter 11 Cases.

*to 11 U.S.C. § 502* [Docket No. 1502] at 7 ¶ 27 ("By causing Alameda to take money belonging to FTX.com and spend it on the FTX Insiders' pet projects, the FTX Insiders defrauded FTX.com's creditors, including customers and investors."); *S.E.C. v. Samuel Bankman-Fried*, Civil Action No. 22-cv-10501 (the "<u>SBF SEC Proceeding</u>"), *Complaint* [Docket No. 1] at 2 ¶ 2 ("[F]rom the start, Bankman-Fried improperly diverted customer assets to his privately-held [*sic*] crypto hedge fund, Alameda Research LLC ('Alameda'), and then used those customer funds to make undisclosed venture investments, lavish real estate purchases, and large political donations."); *see generally* SBF Criminal Proceeding. Certain of the FTX Debtors raided and appropriated the assets on the FTX Exchange, depleting them substantially.

18.     Accordingly, the FTX Exchange Claims include:

a.     BlockFi International's presently unliquidated claims for turnover of its digital assets trapped on the FTX Exchange pursuant to sections 542 and 543 or, alternatively, contingent and unliquidated claims for breach of contract, negligence, fraudulent misrepresentation, fraudulent concealment, unjust enrichment and related damages;

b.     BlockFi International's presently unliquidated claims against the FTX Debtors for, among other things, fraudulently inducing BlockFi into using the FTX Exchange, including but not limited to the FTX Debtors' representations that FTX operated separately from Alameda and the other FTX Debtors, that FTX implemented industry-leading customer protections, and that title to assets on the FTX Exchange remained at all times with BlockFi; and

c.     BlockFi International's presently unliquidated claims against the FTX Debtors for, among other things, misappropriating assets that BlockFi International deposited into the FTX Exchange.

19.     **<u>Claim Category 2: The Alameda Loan Claims</u>**. BlockFi International and BlockFi Lending each loaned digital assets to Alameda pursuant to certain of the FTX Contracts, as follows:

| Lender | Coin/Token | Quantity |
|---|---|---|
| BlockFi International | BTC | 23,666 |
| BlockFi International | ETH | 133,960 |
| BlockFi Lending | BTC | 1,800 |
| BlockFi Lending | USDC | 90,000,000 |

20.     As of the FTX Petition Date, the aggregate value of the digital assets lent to Alameda (collectively, the "Alameda Loan") was approximately $695.4 million,[10] but has since risen substantially as the prices of Bitcoin and Ethereum have appreciated since the FTX Petition Date. BlockFi required Alameda to maintain a collateral value equal to at least 160% of the value of the Alameda Loan, subject to increase in BlockFi's sole discretion. The parties understood and agreed that BlockFi would always be substantially over-collateralized. Alameda initially pledged collateral consisting of FTT, SOL and SRM (the "Token Collateral") in the amounts set forth on **Exhibit C**. Alameda and Emergent eventually also pledged certain additional collateral in the amounts set forth on **Exhibit C**, including the proceeds thereof, pursuant to the November 9 Pledge Agreements.

21.     Further, pursuant to section 28 of the International Loan Agreement, Alameda agreed to indemnify BlockFi International for losses caused by BlockFi International's inability to withdraw collateral from the FTX Exchange. *See* International Loan Agreement § 28. During the parties' relationship, and on the FTX Petition date, BlockFi held substantial quantities of digital assets, including collateral that was pledged by Alameda, on the FTX Exchange.

22.     On November 9, 2022, Binance announced its intent to sell its entire position in FTT, causing the price of FTT to plummet. Binance also announced it was pulling out of

---

[10] This amount includes approximately $574.8 million worth of assets from BlockFi International and $120.6 million worth of assets from BlockFi Lending as of the FTX Petition Date. BlockFi includes the Alameda Loan balances as of the FTX Petition Date for informational purposes only. As discussed herein, BlockFi's claim is for a return of its digital assets in-kind.

discussions to purchase FTX following additional diligence of FTX, which further spooked customers of FTX and holders of FTT, and exacerbated FTX's already dire circumstances.

23.    Also on November 9, 2022, in response to Alameda's breach of the Alameda Loan margin requirement, Alameda, BlockFi International, and BlockFi Lending negotiated the Forbearance Agreement and the Alameda Pledge Agreement.    BlockFi agreed to extend Alameda's repayment obligations in exchange for Alameda's agreement to pledge of certain additional assets as collateral to further secure the Alameda Loan. The additional pledged assets included all of Alameda's interests in (a) the Grayscale Bitcoin Trust ("GBTC"), (b) the Grayscale Ethereum Trust ("ETHE"), (c) shares of the Bitwise 10 Crypto Index Fund ("BITW") and (d) Account No. ***-**270COMBINED held at Marex Capital Markets Inc. ("Marex"),[11] together with all assets held therein (the "Alameda Account").

24.    Also on November 9, 2022, as further consideration for the Forbearance Agreement, Bankman-Fried directed Caroline Ellison to cause Emergent to guarantee the Alameda Loan and all other obligations of the FTX Debtors to BlockFi, and for Emergent to pledge certain additional assets as collateral to secure the Alameda Loan and Emergent's guaranty. The additional pledged assets included all of Emergent's interest in (a) approximately 56 million shares of Robinhood Markets, Inc.'s Class A common stock (the "Robinhood Shares,") and (b) Account No. ***-**500COMBINED held at Marex, together with all assets held therein (the "Emergent Account", and together with the Alameda Account, GBTC, ETHE, BITW, and Token Collateral, collectively, the "Pledged Collateral").[12]

---

[11] Marex Capital Markets Inc. was formerly known as ED&F Man Capital Markets, Inc. at the time of the attempted foreclosure.

[12] As of November 11, 2022, the Pledged Collateral had an aggregate value of approximately $1.15 billion, whereas the outstanding balance of the Alameda Loan was approximately $695.4 million. Thus, as of the FTX Petition Date, BlockFi was oversecured/over-collateralized.

25.    On the morning of November 10, 2022, BlockFi filed three UCC-1 Financing Statements, perfecting its interest in the Pledged Collateral. *See* Washington D.C. Recorder of Deeds, Doc. Nos. 2022111977, 2022112094 and 2022112160. The same day, Alameda breached the terms of the Alameda Loan Documents, so BlockFi issued notices of default and acceleration to Alameda and Emergent. Also on November 10, BlockFi International sent a Notice of Sole Control to Coinbase Custody International Limited ("Coinbase Custody") with instructions to block access to the Custody Account (defined therein) for anyone other than BlockFi International. The same day, Coinbase Custody sent a response letter acknowledging receipt of the Notice of Sole Control and implementation of the blocking instructions.

26.    On November 11, 2022, the FTX Petition Date, the outstanding balance of the Alameda Loan was approximately $695.4 million and the value of the Pledged Collateral was approximately $1.15 billion. Nonetheless, the FTX Exchange Pause, which began on November 8, 2022, prevented BlockFi from withdrawing any of its digital assets, including Token Collateral, most notably 103,113,570 FTT.

27.    On November 14, 2022, BlockFi served a formal demand on Marex to transfer the Robinhood Shares to BlockFi pursuant to the absolute and irrevocable power of attorney granted to BlockFi in the Emergent Pledge Agreement. Marex responded the same day rejecting BlockFi's demand.

28.    On November 28, 2022, BlockFi commenced an adversary proceeding styled *BlockFi Inc., BlockFi Lending LLC and BlockFi International LLC, Plaintiffs v. Emergent Fidelity Technologies Ltd. and ED&F Man Capital Markets, Inc., Defendants*, Adversary Proceeding No. 22-01382 (the "Adversary Proceeding") against Emergent and Marex in the United States Bankruptcy Court for the District of New Jersey, Trenton Division, seeking to

enforce the terms of a pledge agreement and to recover collateral that is property of the BlockFi estates.

29.     On December 9, 2022, a grand jury in the Southern District of New York returned an eight-count Indictment charging Bankman-Fried with conspiracy to commit wire fraud, wire fraud, conspiracy to commit commodities fraud, conspiracy to commit money laundering, and conspiracy to defraud the United States and commit campaign finance violations. *See* SBF Criminal Proceeding, Docket No. 1. In connection with the prosecution of Bankman-Fried, the U.S. Department of Justice (the "DOJ") informed BlockFi that on January 4, 2023, the DOJ had seized the Robinhood Shares from Marex. The Adversary Proceeding was stayed after the DOJ's seizure of the Robinhood Shares. *See* Stipulation at 7 ¶ 3.

30.     The Alameda Loan Claims include the following:

a.      BlockFi International's and BlockFi Lending's presently unliquidated claims for turnover of the digital assets lent under the Alameda Loan or their value at prices at the time of judgment pursuant to sections 542 and 543 of the Bankruptcy Code;

b.      BlockFi International's and BlockFi Lending's presently unliquidated claims for payment of all applicable prepetition and post-petition interest due and owing under the Alameda Loan Documents;

c.      BlockFi Inc.'s, BlockFi International's and BlockFi Lending's presently unliquidated claim for, among other things, fraud and unjust enrichment against Alameda and any other applicable FTX Debtors that perpetuated the fraud that caused the collapse of Alameda, the devaluation of FTT, and the DOJ seizure. Specifically, Alameda and certain other FTX Debtors fraudulently induced BlockFi to enter into the Alameda Loan Documents, accept FTT as collateral, and then enter into the Forbearance Agreement. BlockFi relied on their misrepresentations regarding adequate internal controls, security measures to protect customer assets, and sufficient assets to collateralize the Alameda Loan. The FTX Debtors' fraudulent actions crippled Alameda, rendered BlockFi's FTT collateral worthless, and caused the DOJ to seize the Robinhood Shares, ***effectively*** rendering BlockFi unsecured.[13] Due to the FTX Debtors' fraud, BlockFi may

---

[13] BlockFi files this Proof of Claim and asserts the claims herein without waiver of or prejudice to BlockFi's legal status as a secured creditor with respect to the Alameda Loan. BlockFi asserts that it remains secured with respect to

recover only a fraction of the amounts Alameda owes to it under the Alameda Loan Documents. Accordingly, the FTX Debtors are liable to BlockFi for fraud and BlockFi is entitled to restitution to the extent the FTX Debtors' estates have been unjustly enriched at the expense of BlockFi's estates;

d.      BlockFi International's indemnity claim against Alameda in an amount of no less than 73,968,066.97 FTT and 14,980,000 SRM in connection with losses caused by BlockFi International's inability to withdraw collateral from the FTX Exchange pursuant to section 28 of the International Loan Agreement; and

e.      to the extent Alameda and/or any other FTX Debtor asserts a claim against BlockFi to unwind and recover assets pledged or payments made to BlockFi under the terms of the Alameda Loan Documents, under the Bankruptcy Code or otherwise, BlockFi asserts (i) counterclaims of, among other things, breach of contract, fraudulent misrepresentation, fraudulent concealment, *quantum meruit*, unjust enrichment, money had and received, indemnity, and (ii) affirmative defenses of, among other things, promissory estoppel, equitable estoppel, equitable subordination, *in pari delicto*, unclean hands, and change of position.

31.      **Claim Category 3: The FTX Transaction Claims**. West Realm committed to give BlockFi access to up to $400 million on a subordinated basis pursuant to the FTX Agreement and also purchased an option for BlockFi's equity pursuant to the Option Agreement. The parties to the transaction expected West Realm to exercise its right to purchase the equity of BlockFi under the Option Agreement in 2023. On November 8, 2022, West Realm refused BlockFi's request for the remaining $125 million of available capital and, as a result of the FTX Debtors' pervasive fraud, the FTX Debtors forced themselves and BlockFi into bankruptcy before the end of 2022. Ultimately, West Realm funded only $275 million of the $400 million it had promised. These claims include the following:

a.      BlockFi Inc.'s breach-of-contract claim for $125 million in connection with FTX's refusal to fund the remaining $125 million under the FTX Agreement;

---

the Alameda Loan notwithstanding that the collateral securing the loan was either devalued or seized by the DOJ as a direct consequence of the FTX Debtors' fraud.

b.      BlockFi Inc.'s, BlockFi Lending's and BlockFi Trading LLC's presently unliquidated claim for, among other things, the FTX Debtors fraudulently inducing BlockFi Inc. to enter into the FTX Agreement and the Option Agreement, thus harming BlockFi; and

c.      if West Realm and/or any other FTX Debtor asserts a claim against BlockFi Inc. to unwind and recover the $275 million transferred to BlockFi Inc. under the FTX Agreement, under the Bankruptcy Code or otherwise, BlockFi intends to assert (i) counterclaims for, among other things, breach of contract, fraudulent misrepresentation and fraudulent concealment, and (ii) affirmative defenses of, among other things, no liability, promissory estoppel, equitable estoppel, equitable subordination, *in pari delicto*, unclean hands and change of position.

32.     **Claim Category 4: The Emergent Claims**. Pursuant to the Emergent Pledge Agreement, Emergent guaranteed the Alameda Loan and all other obligations of the FTX Debtors to BlockFi. *See* Emergent Pledge Agreement §§ 2–3. Emergent also pledged certain additional assets as collateral to secure the Alameda Loan and Emergent's guaranty, including the Robinhood Shares and the Emergent Account, and the proceeds thereof. Accordingly, the Emergent Claims include the following:

a.      The FTX Exchange Claims, the Alameda Loan Claims and the FTX Transaction Claims, which BlockFi reasserts, collectively, against Emergent;

b.      BlockFi International's and BlockFi Lending's presently unliquidated claims for turnover of any Pledged Collateral under Emergent's control pursuant to sections 542 and 543 of the Bankruptcy Code;

c.      BlockFi Inc.'s, BlockFi International's and BlockFi Lending's presently unliquidated claims for, among other things, breach of contract, *quantum meruit*, fraudulent misrepresentation and fraudulent concealment against Emergent under the Emergent Pledge Agreement; and

d.      Any other claims, counterclaims and defenses belonging to BlockFi but not otherwise disclosed herein.

33.     **Claim Category 5: Demands and Lawsuits**. As described above, BlockFi brought the Adversary Proceeding against Emergent and Marex to enforce the terms of a pledge agreement and to recover collateral that is property of the BlockFi estates. Pursuant to the

Stipulation, and as a result of the DOJ's seizure of the Robinhood Shares, the Adversary Proceeding is stayed. BlockFi expressly reserves all rights to prosecute its claims in the Adversary Proceeding or before any other tribunal when the stay is lifted as provided in the Stipulation.

## Supporting Documents

34.    The supporting documentation for the Claims is voluminous and may contain confidential commercial information. Parties-in-interest may obtain copies of supporting documentation upon written request to counsel for BlockFi, subject to an executed non-disclosure agreement satisfactory to BlockFi in its sole discretion, as appropriate: Richard Kanowitz        (Richard.Kanowitz@haynesboone.com)        and        Lauren        Sisson (Lauren.Sisson@haynesboone.com), Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112.

## Additional Claims

35.    BlockFi and the FTX Debtors may be parties to additional contracts or other agreements not listed herein but which remain legally operative and from which additional claims belonging to BlockFi may arise, and BlockFi may also have claims against the FTX Debtors for other amounts, liabilities, and obligations not described herein (collectively, the "Additional Claims"). BlockFi reserves its rights to amend or supplement this Proof of Claim to assert such Additional Claims and include the other contracts, agreements and obligations upon which such Additional Claims are based. BlockFi also reserves its right to assert a claim for rejection damages in the event the FTX Debtors reject any or all of the FTX Contracts.

**Setoff, Recoupment and Objection to Claims**

36.    BlockFi files this Proof of Claim without waiver and with express reservation of any and all setoff or recoupment rights that may exist at law or in equity. BlockFi makes no effort to violate the automatic stay or to take any action contrary to applicable law, but otherwise asserts every reservation of rights herein with respect to setoff or recoupment rights.

37.    BlockFi also files this Proof of Claim without waiver and with express reservation of BlockFi's rights to object, on any and all bankruptcy and non-bankruptcy grounds that may exist at law or in equity, to any proofs of claim filed or to be filed by the FTX Debtors in the BlockFi Chapter 11 Cases.

**Filing**

38.    BlockFi files this Proof of Claim pursuant to Federal Rule of Bankruptcy Procedure 3002, to assert and preserve the Claims of BlockFi against the FTX Debtors and Emergent as stated herein, and to protect BlockFi from forfeiture of those Claims. The filing of this Proof of Claim is not and should not be construed to be, *inter alia*: (i) BlockFi's consent to the jurisdiction of the Bankruptcy Court with respect to the subject matter of the claims set forth in the Proof of Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in these Chapter 11 Cases against or otherwise involving BlockFi; (ii) BlockFi's waiver of its right to trial by jury in any proceedings so triable in these Chapter 11 Cases or any controversy or proceedings related to these Chapter 11 Cases; (iii) BlockFi's waiver or release of its rights against the FTX Debtors, Emergent, or any other entity or person liable for all or part of any claim described herein; (iv) BlockFi's waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case

17

against or otherwise involving BlockFi; (v) BlockFi's waiver of any right of subordination in favor of BlockFi of indebtedness or liens held by creditors of the FTX Debtors; (vi) an election of remedies; (vii) BlockFi's waiver of any rights that BlockFi may have pursuant to section 506(b) of the Bankruptcy Code; (viii) BlockFi's waiver or limitation on its right to vote on any plan or plans of reorganization proposed in the Bankruptcy Case; or (ix) BlockFi's waiver of any Additional Claims or other rights that BlockFi may have against the FTX Debtors and Emergent.

### **Reservation of Rights Against Nondebtors**

39.     BlockFi does not waive or abandon any claims it may have against any nondebtor person or entity, and BlockFi expressly reserves the right to pursue and recover from any party from which the payment of the claims asserted herein may be made.

### **Notices**

40.     All notices with respect to this Proof of Claim should be sent to:

Richard Kanowitz
Lauren Sisson
**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Email: Richard.Kanowitz@haynesboone.com
Email: Lauren.Sisson@haynesboone.com

*[Remainder of page intentionally left blank]*

## <u>EXHIBIT A</u>

### LIST OF BLOCKFI DEBTORS

BlockFi Inc.
BlockFi Trading LLC
BlockFi Lending LLC
BlockFi Wallet LLC
BlockFi Ventures LLC
BlockFi International Ltd.
BlockFi Investment Products LLC
BlockFi Services, Inc.
BlockFi Lending II LLC

**EXHIBIT B**

**FTX EXCHANGE CLAIM – DIGITAL ASSETS**

| Coin/Token | Quantity |
|---|---|
| 1INCH | 102.0000000000000000 |
| AAVE | 9.3300000000000000 |
| ALGO | 86,616.4170827145000000 |
| ATOM | 2,767.5015620000000000 |
| AVAX | 3,198.0406218226600000 |
| AXS | 1.3254240100000000 |
| BAT | 1,067,106.2100300000000000 |
| BCH | 947.0185435331930000 |
| BNB | 598.4518201080980000 |
| BTC | 4,780.2559843348300000 |
| CHZ | 10,696.0000000000000000 |
| COMP | 4.9376600000000000 |
| CRV | 443.2046400000000000 |
| DAI | 206,745.2421140080000000 |
| DOGE | 1,773,215.9669000000000000 |
| DOT | 84,410.6237779329000000 |
| ENJ | 7,591.0000000000000000 |
| ETH | 33,219.2447161972000000 |
| ETHW | 0.0198364359685500 |
| FTM | 10,876.6179750000000000 |
| FTT | 103,114,728.8893900000000000 |
| GALA | 441,646.4678000000000000 |
| GRT | 25,257.0000000000000000 |
| LINK | 8,171.4397190009400000 |
| LRC | 26,233.5056000000000000 |
| LTC | 178,111.2699577160000000 |
| LUNA2 | 151.2995953400000000 |
| LUNA2_LOCKED | 353.0323891400000000 |
| LUNC | 3,212,239.0889795000000000 |
| MANA | 10,177.0124850000000000 |
| MATIC | 59,938.2905895456000000 |
| MKR | 1.1514630000000000 |
| NEAR | 8,286.8077605000000000 |
| OMG | 1,126.0000000000000000 |
| PAXG | 106.5186163285000000 |
| SAND | 6,928.3216400000000000 |
| SOL | 111.8296837696550000 |
| SRM | 706,037.6978642400000000 |
| SRM_LOCKED | 14,278,814.2631053000000000 |
| STETH | 0.0003363942502028 |
| SUSHI | 731.0000000000000000 |
| TRX | 110,217.0380000000000000 |
| UNI | 4,704.5055936845100000 |
| USD | 38,198,603.3272172000000000 |
| USDP | 175,000.0000000000000000 |
| USDT | 11,711,817.2645121000000000 |
| YFI | 0.3525000000000000 |

**EXHIBIT C**

**ALAMEDA LOAN CLAIMS – PLEDGED COLLATERAL**

| Asset Pledged | Quantity |
|---|---|
| FTT | 103,113,570.45 |
| SOL | 1,007,905.94 |
| SRM | 38,910,505.00 |
| BITW | 143,000.00 |
| ETHE | 6,200,000.00 |
| GBTC | 24,895,000.00 |
| Robinhood Shares | 56,273,469.00 |