**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**APPENDIX TO MOTION OF DR. MARCEL LÖTSCHER TO DISMISS**
**BANKRUPTCY CASE OF FTX EUROPE AG**

Party-in-interest Dr. Marcel Lötscher, pursuant to Del. Bankr. L.R. 9013-1, submits this

appendix in support of the *Motion to Dismiss Bankruptcy Case of FTX Europe AG*:

| Tab No. | Item |
|---|---|
| 1. | FTX Europe's Articles of Association dated as of April 8, 2022 |
| 2. | Declaration of Patrik Odermatt |
| 3. | Declaration of Dr. Marcel Lötscher |

[*Signature Page Immediately Follows*]

Respectfully submitted,

November 17, 2023
Wilmington, Delaware

**GIBBONS P.C.**

_/s/ Christopher Viceconte_
Christopher Viceconte (No. 5568)
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801-1671
Telephone:  (302) 518-6300
E-mail: cviceconte@gibbonslaw.com

-and-

**GIBBONS P.C**.
Robert K. Malone (_pro hac vice_ forthcoming)
Brett S. Theisen (_pro hac vice_ forthcoming)
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
E-mail:  rmalone@gibbonslaw.com
            btheisen@gibbonslaw.com

**TAB 1**

| | |
|---|---|
| **Statuten** | **Articles of Association** |
| der | of |
| **FTX Europe AG**<br>**(FTX Europe SA)**<br>**(FTX Europe Ltd.)** | **FTX Europe AG**<br>**(FTX Europe SA)**<br>**(FTX Europe Ltd.)** |
| mit Sitz in Freienbach | with registered office in Freienbach |

## I. Firma, Dauer, Rechtsform, Sitz und Zweck der Gesellschaft

### Art. 1: Firma, Dauer, Rechtsform und Sitz

Unter der Firma FTX Europe AG (FTX Europe SA) (FTX Europe Ltd.) besteht auf unbestimmte Zeit eine Aktiengesellschaft im Sinne der Art. 620 ff. Schweizer Obligationenrecht (**OR**) mit Sitz in Freienbach.

### Art. 2: Zweck

Zweck der Gesellschaft ist die Entwicklung von Technologie im Finanzbereich und damit zusammenhängende Beratungsdienstleistungen.

Die Gesellschaft kann sich an anderen Unternehmungen beteiligen sowie Betriebsstättengrundstücke und Immaterialgüterrechte erwerben, verwerten, verwalten und veräussern, Tochtergesellschaften und Zweigniederlassungen im In- und Ausland errichten und ausserdem alle Rechtshandlungen vornehmen, die der Zweck der Gesellschaft mit sich bringen kann oder die geeignet sind, ihre Entwicklung oder diejenige von Gruppengesellschaften zu fördern.

Des Weiteren kann die Gesellschaft direkt oder indirekt an Konzernfinanzierungen teilnehmen, insbesondere indem sie ihren direkten oder indirekten Gesellschaftern oder anderen Gruppengesellschaften Kredite gewährt oder für deren Verbindlichkeiten gegenüber Dritten Garantien, Bürgschaften oder andere Sicherheiten aller Art gewährt, auch wenn diese Kredite oder Sicherheiten im ausschliesslichen Interesse ihrer direkten oder indirekten Gesellschafter oder anderer Gruppengesellschaften liegen und unentgeltlich gewährt werden.

## I. Company Name, Duration, Legal Form, Registered Office and Purpose of the Company

### Art. 1: Company Name, Duration, Legal Form and Registered Office

Under the company name of FTX Europe AG (FTX Europe SA) (FTX Europe Ltd.) exists for an indefinite period of time a company pursuant to the articles 620 et seq. of the Swiss Code of Obligations (**CO**) with registered office in Freienbach.

### Art. 2: Purpose

The purpose of the company is the development of technology in the financial sector and related consulting services.

The company may hold participations in other companies and acquire, exploit, administer and dispose business premises and intellectual property rights, establish subsidiaries and branch offices in Switzerland and abroad and carry out all acts implicated by its business purpose or which may be appropriate to promote its development or the development of group companies.

Further, the company may directly or indirectly participate in group finance transactions, in particular by providing its direct or indirect shareholders or other group companies loans or by providing security in the form of guarantees, sureties or any other security interest to third parties even if these loans or security interests, which may be provided without charge or fee, lie in the exclusive interest of its direct or indirect shareholders or other group companies.

## II. Aktienkapital, Aktionärseigenschaft, Aktien, Aktienübertragung

### Art. 3: Aktienkapital

Das Aktienkapital der Gesellschaft beträgt CHF 1'000'000 und ist eingeteilt in 100'000'000 Namenaktien zum Nennwert von je CHF 0.01. Sämtliche Aktien sind zu 100% einbezahlt.

### Art. 4: Aktionäre und Aktienbuch

Die Gesellschaft anerkennt für jede Aktie nur einen Berechtigten. Sie führt über die ausgegebenen Aktien ein Aktienbuch, in welchem die Namen und Adressen der jeweiligen Eigentümer und anderen dinglich Berechtigten eingetragen sind.

Gegenüber der Gesellschaft gilt nur derjenige als Aktionär, der im Aktienbuch eingetragen ist.

Die Eintragung als Aktionär oder anderweitig dinglich Berechtigten im Aktienbuch setzt einen Ausweis über den Erwerb der Namenaktie zu Eigentum oder eines anderen dinglichen Rechts voraus. Die Gesellschaft bescheinigt die Eintragung auf der Aktienurkunde, sofern eine solche besteht.

Der Verwaltungsrat ist berechtigt, während 30 Tagen vor der Generalversammlung bis zum Tage nach der Generalversammlung keine Eintragungen im Aktienbuch vorzunehmen.

### Art. 5: Meldepflichten und Nichteinhaltung der Meldepflichten

Jede Person, die alleine oder in gemeinsamer Absprache mit Dritten Aktien der Gesellschaft erwirbt und dadurch den Grenzwert von 25 Prozent des Aktienkapitals oder der Stimmen erreicht oder überschreitet, muss der Gesellschaft innert Monatsfrist den Vor- und Nachnamen und die Adresse der natürlichen Person melden, für die sie letztendlich handelt (wirtschaftlich berechtigte Person).

## II. Share Capital, Shareholder Status, Shares, Transfer of Shares

### Art. 3: Share Capital

The share capital of the company amounts to CHF 1,000,000 and is divided into 100,000,000 registered shares with a nominal value of CHF 0.01 each. All shares are 100% paid-in.

### Art. 4: Shareholders and Share Register

The company shall recognize only one owner for each share. The company shall keep a share register that records the issued shares and the names and addresses of the owners and other beneficiaries in rem.

Only the person recorded in the share register is deemed to be shareholder to the company.

Any entry as a shareholder or beneficiary in rem in the share register requires proof of acquisition of the registered share or right in rem. The company shall certify the entry in the share register on the share certificate if such certificate has been issued.

The board of directors has the right, thirty days prior to a shareholders' meeting until the day following the shareholders' meeting, to refrain from any entry into the share register.

### Art. 5: Notification Duties and Non-Compliance with Notification Duties

Any person, who acquires shares of the company on its own or in concert with third parties and therewith reaches or exceeds the threshold of 25 percent of the share capital or of the voting rights must notify the company within one month of the first and last name and the address of the ultimate beneficial owner.

Der Aktionär muss der Gesellschaft jede Änderung des Vor- oder des Nachnamens oder der Adresse der wirtschaftlich berechtigten Person melden.

Solange der Aktionär seinen Meldepflichten nicht nachgekommen ist, ruhen die Mitgliedschaftsrechte, die mit den Aktien verbunden sind, deren Erwerb gemeldet werden muss.

Die Vermögensrechte, die mit solchen Aktien verbunden sind, kann der Aktionär erst geltend machen, wenn er seinen Meldepflichten nachgekommen ist.

Kommt der Aktionär seinen Meldepflichten nicht innert eines Monats nach dem Erwerb der Aktien nach, so sind die Vermögensrechte verwirkt. Holt er die Meldung zu einem späteren Zeitpunkt nach, so kann er die ab diesem Zeitpunkt entstehenden Vermögensrechte geltend machen.

Der Verwaltungsrat stellt sicher, dass keine Aktionäre unter Verletzung der Meldepflichten ihre Rechte ausüben.

## Art. 6:    Aktien und Aktienübertragung

Der Aktionär kann von der Gesellschaft jederzeit die Ausstellung einer Bescheinigung über die in seinem Eigentum stehenden Aktien verlangen. Der Aktionär hat jedoch keinen Anspruch auf Druck und Auslieferung von Aktienzertifikaten. Die Gesellschaft kann demgegenüber jederzeit Aktienzertifikate drucken und ausliefern und mit der Zustimmung des Aktionärs ausgegebene Aktienzertifikate, die bei ihr eingeliefert werden, ersatzlos annullieren.

Falls Aktienzertifikate gedruckt werden, kann die Gesellschaft Zertifikate über eine oder mehrere Aktien ausgeben. Die Zertifikate können die faksimilierte Unterschrift des Verwaltungsratspräsidenten tragen.

Durch Beschluss der Generalversammlung können Namenaktien in Inhaberaktien umgewandelt werden und umgekehrt.

The shareholder must notify the company of every modification of the first or last name or the address of the beneficial owner.

As long as the shareholder fails to comply with its notification duties, the participation rights connected with the shares that are subject to notification of acquisition are suspended.

The financial rights associated with such shares can only be claimed by the shareholder if the notification duties are complied with.

If the shareholder does not comply with its notification duties within one month from the acquisition of the shares, the financial rights become forfeited. If the shareholder complies with its duties at a later date, the financial rights can be claimed as from such date.

The board of directors ensures that none of the shareholders exercises its rights in violation of the notification duties.

## Art. 6:    Shares and the Transfer of Shares

At any time, the shareholder may demand the company to issue a written confirmation of his/her ownership in the shares. The shareholder, however, is not entitled to demand the printing and delivery of share certificates. The company, however, may at its own discretion decide to print and deliver share certificates and, with the consent of the shareholder, may invalidate without replacement previously issued share certificates, which are handed in to the company.

In case where share certificates are printed, the company may issue certificates representing one or more shares. Share certificates may carry the facsimile signature of the chairman of the board of directors.

The shareholders' meeting may resolve to convert registered shares into bearer shares, and vice versa.

Die Übertragung der Aktien oder die Einräumung einer Nutzniessung bedarf der ausdrücklichen Zustimmung der Gesellschaft. Die Gesellschaft darf die Zustimmung unter Nennung des Grundes verweigern, wenn

a. die Anerkennung des Erwerbers als Aktionär die Gesellschaft daran hindern könnte, durch Bundesgesetze geforderte Nachweise über die Zusammensetzung des Kreises der Aktionäre zu erbringen;

b. der Erwerber oder ihm nahestehende Personen ein zum Gesellschaftszweck in Konkurrenz stehendes Unternehmen betreiben, daran beteiligt oder für solche tätig sind;

c. durch die Veräusserung der Aktien die Weiterverfolgung des Gesellschaftszwecks im Sinne von Art. 2 dieser Statuten in Frage gestellt sein könnte.

Die Gesellschaft kann die Zustimmung zur Übertragung von Aktien oder zur Einräumung einer Nutzniessung trotz Vorliegen eines Verweigerungsgrundes ohne Angabe von Gründen erteilen.

Die Gesellschaft kann überdies die Zustimmung zur Aktienübertragung ablehnen, wenn:

a. der Erwerber nicht ausdrücklich erklärt, die Aktien in eigenem Namen und auf eigene Rechnung zu erwerben;

b. dem Veräusserer der Aktien angeboten wird, die Aktien für Rechnung der Gesellschaft, für Rechnung anderer Aktionäre oder für Rechnung Dritter zum wirklichen Wert im Zeitpunkt des Gesuches zu übernehmen.

Eintragungen im Aktienbuch, die durch falsche Angaben des Erwerbers zustande gekommen sind, kann die Gesellschaft nach Anhörung des Erwerbers streichen. Dieser wird über die Streichung sofort informiert.

---

The transfer of shares or the creation of an usufruct requires the express approval of the company. The company may refuse such approval by stating the reasons for the refusal, if

a. the acceptance of the acquirer as shareholder would hinder the company from producing evidence required by federal law in connection with the composition of the group of shareholders;

b. the acquirer or a person affiliated or close to him operates a business, which competes with the company considering its purpose, or participates in or act for such business;

c. the sales of shares could challenge the purpose of the company according to article 2 of these articles of association.

Notwithstanding the existence of a reason for refusal, the company may approve the transfer of shares or the creation of an usufruct without stating the reasons.

Further, the company may refuse to approve the transfer of shares, if:

a. the acquirer does not expressly declare to acquire the shares in his/her own name and for his/her own account;

b. the company offers to acquire the shares from the seller for its own account, for the account of other shareholders or for the account of third parties at their intrinsic value at the time of the request.

If an entry in the share register was based on misinformation by the acquirer, the company, after having heard the acquirer, may cancel such entry in the share register. The acquirer must be informed immediately about such cancellation.

| | |
|---|---|
| **III.**      **Organe der Gesellschaft** | **III.**      **Corporate Bodies** |

**Art. 7:**    **Allgemein**

Die Organe der Gesellschaft sind:

A.   Die Generalversammlung

B.   Der Verwaltungsrat

C.   Die Revisionsstelle

**A.**      **Die Generalversammlung**

**Art. 8:**    **Befugnisse**

Der Generalversammlung stehen folgende Befugnisse zu:

a.   Festsetzung und Änderung der Statuten;

b.   Wahl der Mitglieder des Verwaltungsrats und der Revisionsstelle;

c.   Genehmigung des Lageberichts und, soweit gesetzlich vorgeschrieben, der Konzernrechnung;

d.   Genehmigung der Jahresrechnung sowie Beschlussfassung über die Verwendung des Bilanzgewinns nach Entgegennahme der vom Gesetz vorgesehenen Berichterstattung durch die Revisionsstelle;

e.   Entlastung der Mitglieder des Verwaltungsrats;

f.   Beschlussfassung über alle Gegenstände, die ihr durch Gesetz oder Statuten vorbehalten sind.

**Art. 9:**    **Ordentliche und ausserordentliche Generalversammlungen**

Die ordentliche Generalversammlung findet jedes Jahr innerhalb von sechs Monaten nach Abschluss des Geschäftsjahrs statt.

---

**Art. 7:**    **General**

The bodies of the company are:

A.   The shareholders' meeting

B.   The board of directors

C.   The auditors

**A.**      **The Shareholders' Meeting**

**Art. 8:**    **Powers**

The shareholders' meeting has the following powers:

a.   to adopt and amend these articles of association;

b.   to appoint the members of the board of directors and the auditors;

c.   to approve the management report of the board of directors and, to the extent legally required, the consolidated financial statements;

d.   to approve the annual financial statements and, after acceptance of the auditors' legal reporting, to decide on the use of the balance sheet profit;

e.   to discharge the members of the board of directors;

f.   to decide on all matters which are in its competence by law or pursuant to these articles of association.

**Art. 9:**    **Ordinary and extraordinary Shareholders' Meetings**

The ordinary shareholders' meeting shall be held annually within six months after close of business year.

Ausserordentliche Generalversammlungen finden statt:

a.  auf Beschluss der Generalversammlung;

b.  auf Beschluss des Verwaltungsrats;

c.  wenn ein oder mehrere Aktionäre, die Aktien im Nennwert von einer Million Franken oder 10% des Aktienkapitals vertreten, in einer schriftlichen Eingabe an den Verwaltungsrat unter Angabe des Verhandlungsgegenstands und der Anträge die Einberufung verlangen;

d.  auf Begehren der Revisionsstelle.

**Art. 10:   Einberufung**

Die Generalversammlung wird durch den Verwaltungsrat oder nötigenfalls durch die Revisionsstelle mindestens zwanzig Tage vor der Versammlung einberufen. In den Fällen von Art. 9 lit. c. und d. hat der Verwaltungsrat innert sechs Wochen nach Eingang des Begehrens eine Generalversammlung einzuberufen.

In der Einberufung sind neben Ort, Tag und Zeit der Versammlung, die Verhandlungsgegenstände sowie die Anträge des Verwaltungsrates und gegebenenfalls von Aktionären bekannt zu geben.

Die Einberufung zu einer ordentlichen Generalversammlung hat zudem einen Hinweis zu enthalten, dass der Geschäftsbericht und – sofern eine Revisionspflicht besteht – der Revisionsbericht am Gesellschaftssitz zur Einsicht der Aktionäre aufliegen und dass jeder Aktionär das Recht hat, die Zustellung dieser Unterlagen zu verlangen.

Extraordinary shareholders' meetings shall be convened:

a.  upon resolution of the shareholders' meeting;

b.  upon resolution of the board of directors;

c.  upon written request of one or more shareholders representing shares with an aggregate nominal value of one million Swiss francs or 10% of the share capital to the board of directors specifying the item and their proposals;

d.  at request of the auditor.

**Art. 10:   Convocation**

A shareholders' meeting shall be convened by the board of directors or, if necessary, by the auditors, at least twenty days before the day of the meeting. In case of articles 9 let. c. or d., the board of directors has to convene a shareholders' meeting within six weeks after having received the request.

The notice of a meeting shall state date, time and place of the meeting, the items of the agenda and the proposals of the board of directors and the shareholders as the case may be.

The notice of an ordinary shareholders' meeting shall contain the reference that the business report and – if the company's financial statement has to be audited – the auditors' report are ready for inspection at the company's domicile by the shareholders and that any shareholder may request a copy of these documents to be sent to him/her by mail.

8 | 16

**Art. 11:   Traktandierungsanträge**

Auf die Tagesordnung sind auch Verhandlungsgegenstände und Anträge zu setzen, die durch Aktionäre, die Aktien im Nennwert von einer Million Franken oder 10% des Aktienkapitals vertreten, dreissig Tage vor der Generalversammlung schriftlich beim Verwaltungsrat eingereicht worden sind.

Anträge zu nicht gehörig angekündigten Verhandlungsgegenständen können auf Beschluss der Generalversammlung zur Diskussion zugelassen werden. Eine Beschlussfassung ist jedoch nicht möglich. Ausgenommen sind die Anträge auf Einberufung einer ausserordentlichen Generalversammlung, auf Durchführung einer Sonderprüfung und auf die Wahl einer Revisionsstelle infolge eines Begehrens eines Aktionärs.

Anträge im Rahmen der Verhandlungsgegenstände bedürfen keiner vorgängigen Ankündigung.

**Art. 12:   Universalversammlung**

Die Eigentümer oder Vertreter sämtlicher Aktien können, sofern kein Widerspruch erhoben wird, eine Generalversammlung ohne Einhaltung der für die Einberufung vorgeschriebenen Formvorschriften abhalten. In dieser Versammlung kann über alle in den Geschäftskreis der Generalversammlung fallenden Gegenstände gültig verhandelt und Beschluss gefasst werden, solange sämtliche Aktien vertreten sind.

**Art. 13:   Mitgliedschaftsrechte, Stimmrecht, Vertretung und Teilnahme**

Die Mitgliedschaftsrechte kann ausüben, wer im Aktienbuch als Aktionär eingetragen ist.

**Art. 11:   Requests to put Items on the Agenda**

The agenda shall contain also such items and proposals submitted to the board of directors in writing thirty days prior to the shareholders' meeting by shareholders who hold shares with an aggregate nominal value of one million Swiss Francs or 10% of the share capital.

Proposals regarding items not duly announced may be discussed upon resolution by the shareholders' meeting. However, a resolution on such items may not be passed with the exception of proposals to convene an extraordinary shareholders' meeting, to initiate a special audit or to elect auditors upon request of a shareholder.

Within the scope of the agenda item, proposals require no prior notice.

**Art. 12:   Meeting of all Shareholders**

Unless objection is raised, the owners or representatives of all shares may hold a shareholders' meeting without obeying the formal rules regarding its convocation. Such a meeting may validly discuss and pass valid resolutions on all matters within the power of a shareholders' meeting, for as long as all the shares are represented all the time.

**Art. 13:   Membership and Voting Rights, Representation and Attendance**

Membership rights can be exercised by persons who are registered as a shareholder in the share register.

In der Generalversammlung berechtigt jede Aktie zu einer Stimme. Bei Beschlüssen über die Entlastung des Verwaltungsrates haben Personen kein Stimmrecht, die in irgendeiner Weise an der Geschäftsführung teilgenommen haben.

Ein Aktionär kann sich an der Generalversammlung durch eine schriftlich bevollmächtigte Person, die nicht Aktionär zu sein braucht, und gegebenenfalls durch den unabhängigen Stimmrechtsvertreter, den Organvertreter oder einen Depotvertreter, vertreten lassen. Der Verwaltungsrat entscheidet über die Zulassung der Vollmachtserteilung.

Die Mitglieder des Verwaltungsrates sind berechtigt, an der Generalversammlung teilzunehmen. Sie können Anträge stellen.

**Art. 14: Durchführung der Generalversammlung**

Der Präsident des Verwaltungsrats, bei dessen Verhinderung gegebenenfalls der Vizepräsident, hat den Vorsitz in der Generalversammlung. Falls beide verhindert sind, wählt die Generalversammlung den Vorsitzenden.

Der Vorsitzende bezeichnet die erforderlichen Stimmenzähler sowie einen Protokollführer, die nicht Aktionäre oder Aktionärsvertreter sein müssen.

Der Vorsitzende trifft alle zur Verhandlungsleitung erforderlichen Anordnungen.

**Art. 15: Protokoll**

Über die Verhandlungen wird ein Protokoll geführt, das vom Vorsitzenden und vom Protokollführer zu unterzeichnen ist. Dieses hält fest:

a. Anzahl, Art, Nennwert und Kategorie der Aktien, die von Aktionären, von unabhängigen Stimmrechtsvertretern, von Organvertretern und von Depotvertretern vertreten werden;

---

Each share is entitled to one vote in the shareholders' meeting. Persons who have in one way or another participated in the management of the company have no right to vote with regard to resolutions concerning the discharge of the board of directors.

A shareholder may be represented by written proxy at the shareholders' meeting by a person who does not need to be a shareholder and, if applicable, by the independent shareholder representative, the representative of the board of directors or by a depository representative. The board of directors shall decide on the admission of the proxy.

Members of the board of directors are entitled to attend the shareholders' meeting and make proposals.

**Art. 14: The Shareholders' Meeting**

The chairman of the board of directors, or in case of being prevented, the vice chairman, chairs the shareholders' meeting. If both are prevented from participating, the shareholders' meeting shall appoint a chairman.

The chairman appoints the required scrutineers and a secretary who need not be shareholders or shareholders' representatives.

The chairman takes all actions necessary to direct the discussions.

**Art. 15: Minutes**

There will be minutes recording shareholders' meeting. The chairman and the secretary shall sign the minutes. The minutes shall record:

a. number, type, nominal value and class of shares represented by shareholders, the independent shareholder representative, the representative of the board of directors and depository representatives;

b.  Beschlüsse und Wahlen;

c.  Begehren um Auskunft und darauf erteilte Antworten;

d.  von Aktionären zu Protokoll gegebene Erklärungen.

### Art. 16:  Beschlussfassung

Soweit das Gesetz oder die Statuten nichts anderes bestimmen, beschliesst und wählt die Generalversammlung mit der absoluten Mehrheit der vertretenen Aktienstimmen.

Abstimmungen und Wahlen erfolgen offen, wenn der Vorsitzende nicht eine schriftliche Abstimmung oder Wahl anordnet. Auf Anordnung des Vorsitzenden können Abstimmungen und Wahlen auch auf elektronischem Weg durchgeführt werden.

### B.      Der Verwaltungsrat

### Art. 17:  Wählbarkeit und Amtsdauer

Der Verwaltungsrat besteht aus einem oder mehreren Mitgliedern. Die Mitglieder des Verwaltungsrates werden jeweils für die Dauer bis und mit der nächsten ordentlichen Generalversammlung gewählt. Wiederwahl ist zulässig.

### Art. 18:  Organisation

Der Verwaltungsrat konstituiert sich selbst. Er bestimmt seinen Präsidenten und den Sekretär, der nicht dem Verwaltungsrat angehören muss.

### Art. 19:  Aufgaben

Der Verwaltungsrat beschliesst über alle Angelegenheiten, die nicht gemäss Gesetz oder Statuten der Generalversammlung vorbehalten sind.

b.  resolutions and elections;

c.  requests for information and answers given thereto;

d.  shareholders' statements requested to be recorded in the minutes.

### Art. 16:  Passing of Resolutions

The shareholders' meeting passes resolutions and elects with the absolute majority of the votes represented, unless law or the articles of association provide otherwise.

Voting and elections shall take place openly unless the chairman orders a ballot vote or election. Upon decision of the chairman voting and elections may be held also by electronic means.

### B.      The Board of Directors

### Art. 17:  Eligibility and Term of Office

The board of directors shall consist of one or more members. The members of the board of directors are elected for a term lasting until and including the next ordinary shareholders' meeting. Re-election is permitted.

### Art. 18:  Organisation

The board of directors constitutes itself. It shall appoint its chairman and a secretary. The secretary does not need to be a member of the board of directors.

### Art. 19:  Duties

The board of directors shall decide on all matters not reserved to the shareholders' meeting by law or the articles of association.

### Art. 20: Geschäftsführung und deren Übertragung

Soweit diese nicht rechtsgültig übertragen ist, steht die Geschäftsführung der Gesellschaft den Mitgliedern des Verwaltungsrats gesamthaft zu.

Unter Vorbehalt von Art. 716a OR ist der Verwaltungsrat ermächtigt, die Geschäftsführung nach Massgabe eines von ihm zu erlassenden Organisationsreglements ganz oder zum Teil an einzelne Mitglieder oder Dritte zu übertragen.

Das Organisationsreglement ordnet die Geschäftsführung, bestimmt die hierfür erforderlichen Stellen, umschreibt deren Aufgaben und regelt die Berichterstattung.

### Art. 21: Vertretung der Gesellschaft

Sofern der Verwaltungsrat nichts anderes bestimmt, steht die Vertretung allen Mitgliedern gemeinsam zu. Er kann im Rahmen des Gesetzes und dieser Statuten die Vertretung einem oder mehreren Mitgliedern oder Dritten übertragen. Mindestens ein Mitglied des Verwaltungsrates muss zur Vertretung befugt sein.

### Art. 22: Einberufung von Sitzungen

Die Einberufung von Verwaltungsratssitzungen erfolgt durch den Präsidenten und bei dessen Verhinderung durch einen Vizepräsidenten oder den Sekretär, so oft es die Geschäfte erfordern. Jedes Verwaltungsratsmitglied kann vom Präsidenten die unverzügliche Einberufung unter Angabe von Gründen verlangen.

Einladungen erfolgen unter Angabe der Traktanden in angemessener Frist vor der Sitzung.

### Art. 20: Management and Delegation

The members of the board of directors shall jointly manage the business of the company to the extent the management has not been validly delegated.

Subject to article 716a CO, the board of directors may delegate the management of the company, in whole or in part, to one or more members of the board of directors or to third persons, pursuant to business rules it shall adopt.

The business rules shall define the management of the company, determine the necessary functions, define its duties and determine the reporting.

### Art. 21: Representation of the Company

Unless resolved otherwise by the board of directors, all members of the board of directors have the right to represent the company. Within the limits of the law and the articles of association, it can delegate the representation rights to one or more members of the board of directors or to third parties. At least one member of the board of directors must be empowered to represent the company.

### Art. 22: Convocation of Meetings

Meetings of the board of directors shall be convened by the chairman, or in case of being prevented, by a vice chairman or the secretary, as often as required by the business. Each member of the board of directors may request the chairman the immediate convene of a meeting upon giving the reasons therefore.

Invitations shall be sent reasonably in advance and shall indicate the agenda items.

### Art. 23: Beschlussfassung an der Verwaltungsratssitzung

An Verwaltungsratssitzungen beschliesst und wählt der Verwaltungsrat mit der Mehrheit der abgegebenen Stimmen. Bei Stimmengleichheit hat der Vorsitzende den Stichentscheid.

Der Verwaltungsrat ist beschlussfähig, wenn die Mehrheit seiner Mitglieder anwesend ist. Als anwesend gelten auch Mitglieder, die mittels interaktiver Ton- oder Ton- und Bildübertragung unmittelbar an der Sitzung teilnehmen. Ausgenommen sind Beschlüsse im Zusammenhang mit Kapitalerhöhungen und der nachträglichen Leistung von Einlagen auf nicht vollständig liberierte Aktien, bei denen die Quorumsvoraussetzung nicht gilt.

Auf Anordnung des Präsidenten bzw. bei dessen Verhinderung des Vizepräsidenten können Sitzungen des Verwaltungsrats auch mittels interaktiver Ton- oder Ton- und Bildübertragung durchgeführt werden, sofern nicht die Mehrheit der Mitglieder Beratung in einer Sitzung verlangt und sofern die mittels interaktiver Ton- oder Ton- und Bildübertragung teilnehmenden Mitglieder klar identifizierbar sind.

### Art. 24: Protokoll

Der Sekretär des Verwaltungsrats führt über die Verhandlungen und Beschlüsse des Verwaltungsrats ein Protokoll, das von ihm und vom Vorsitzenden zu unterzeichnen ist.

### Art. 25: Zirkulationsbeschluss

Beschlüsse und Wahlen können ohne Durchführung einer Verwaltungsratssitzung auf dem Wege der schriftlichen Zustimmung (d.h. per Brief oder elektronischer Post) zu einem Antrag gefasst bzw. vollzogen werden, sofern nicht ein Mitglied die mündliche Beratung verlangt.

### Art. 23: Passing of Resolutions during Meetings of the Board of Directors

The board of directors passes resolutions and elects with the majority of the votes cast. In case of a tie, the person chairing the meeting shall have the casting vote.

The board of directors shall have a quorum, if the majority of its members is present. Present are also members who attended the meeting simultaneously by interactive voice or voice and video transmission. These quorum requirements do not apply to resolutions in connection with capital increases and the subsequent contributions on shares not fully paid-in.

The chairman or, should the chairman be unable, the vice chairman may arrange a meeting of the board of directors to be held by interactive voice or voice and video transmission, unless the majority of the members of the board of directors requests deliberation in a meeting, and provided that the members attending by interactive voice or voice and video transmission may be clearly identified.

### Art. 24: Minutes

The secretary of the board of directors shall keep the minutes of the deliberations and resolutions of the board of directors. The minutes shall be signed by the secretary and the chairman.

### Art. 25: Circular Resolutions

Resolutions can be passed and elections carried out without holding a meeting of the board of directors by obtaining the written consent of the board members to a given proposal (i.e. by letter or electronic mail), provided that no member requests oral deliberation.

Zirkulationsbeschlüsse werden mit der Zustimmung der Mehrheit aller Verwaltungsratsmitglieder gefasst. Die Verfahrensleitung zur Fassung von Zirkulationsbeschlüssen obliegt dem Präsidenten des Verwaltungsrates.

Circular resolutions are adopted by the majority of all members of the board of directors. The chairman shall be responsible for the procedure adopting circular resolutions.

### Art. 26: Entschädigung

### Art. 26: Compensation

Die Verwaltungsratsmitglieder erhalten eine vom Verwaltungsrat nach Massgabe ihrer Beanspruchung und Verantwortlichkeit zu bestimmende Entschädigung und haben Anspruch auf Ersatz ihrer im Interesse der Gesellschaft aufgewendeten Auslagen.

The members of the board of directors shall receive a compensation, if any, fixed by the board of directors considering their involvement and their responsibility. They are entitled to the reimbursement of the expenses incurred in the interest of the company.

### C.    Die Revisionsstelle

### C.    The Auditors

### Art. 27: Wahl, Amtsdauer und Art der Revision

### Art. 27: Election, Term of Office and Nature of Audit

Die Generalversammlung wählt für jedes Geschäftsjahr die Revisionsstelle der Gesellschaft. Der Verwaltungsrat schlägt der Generalversammlung Revisoren zur Wahl vor, welche über die notwendige gesetzliche Qualifikation verfügen. Die Amtsdauer endet mit der Generalversammlung, in welcher der Bericht für das betreffende Geschäftsjahr abzugeben ist. Wiederwahl ist möglich.

The shareholders' meeting shall elect the auditors of the Company for each business year. The board of directors shall propose such auditors for election, who meet the legal qualifications. The auditor's term of office ends with the shareholders' meeting during which the report for the corresponding business year is presented. Re-election is possible.

Sofern die Gesellschaft der eingeschränkten Revision unterliegt und nicht mehr als 10 Vollzeitstellen im Jahresdurchschnitt hat, kann der Verwaltungsrat den Aktionären beantragen, auf eine Revision zu verzichten. Auf eine Revision kann in diesem Fall verzichtet werden, falls alle Aktionäre dem Verzicht zustimmen; ein Verzicht gilt für das laufende und alle nachfolgenden Geschäftsjahre. Wurde auf eine Revision verzichtet, kann jeder Aktionär bis spätestens 10 Tage vor der Generalversammlung eine Revision verlangen (Widerruf des Verzichts). Sofern keine Revisionsstelle gewählt ist, hat die Generalversammlung in diesem Fall eine Revisionsstelle zu wählen. Ein neuerlicher Verzicht bedarf wiederum eines Antrags des Verwaltungsrats und der Zustimmung aller Aktionäre.

Should the company be subject to a limited statutory examination and does not have more than 10 full-time positions on average during a year, the board of directors may propose the shareholders to abandon an audit. The company may abandon an audit, if all shareholders approve such proposal of abandonment; abandonment applies to the current and all subsequent business years. If an audit has been abandoned, each shareholder is entitled to ask for an audit (revocation of abandonment) until 10 days before the shareholders meeting. If no auditors are elected, the shareholders' meeting shall elect the auditors. A re-abandonment requires a new application by the board and the re-approval of all shareholders.

Sofern die Gesellschaft der eingeschränkten Revision unterliegt, können Aktionäre, die zusammen mindestens 10 Prozent des Aktienkapitals vertreten, eine ordentliche Revision verlangen. Verfügt die gewählte Revisionsstelle nicht über die gesetzlich vorgeschriebene fachliche Qualifikation, ist sie abzuwählen und eine neue Revisionsstelle mit entsprechender Qualifikation zu wählen.

If the company is subject to a review, shareholders representing at least 10% of the share capital may request a regular audit (ordentliche Revision). If the elected auditors do not meet the legal requirements regarding their professional qualification, they have to be removed and new auditors meeting the required professional qualifications shall be elected.

### Art. 28:   Aufgaben

Im Rahmen einer ordentlichen Revision prüft die Revisionsstelle, ob die Buchführung, die Jahresrechnung und gegebenenfalls die Konzernrechnung Gesetz, Statuten und dem gegebenenfalls gewählten Regelwerk entsprechen. Weiter prüft die Revisionsstelle, ob der Antrag des Verwaltungsrats über die Verwendung des Bilanzgewinnes Gesetz und Statuten entspricht und ob ein internes Kontrollsystem existiert. Die Revisionsstelle hat im Übrigen die ihr nach Gesetz und Statuten zugewiesenen Aufgaben.

### Art. 28:   Duties

Within a regular audit, the auditors shall assess whether the accounting, the annual financial statements and, if applicable, the consolidated financial statements comply with law, the articles of association and, if applicable, the chosen accounting standards. Further, the auditors assess whether the proposal of the board of directors to allocate the accumulated profits complies with the law and the articles of association and whether an internal control system exists. The auditors also have such other duties as set forth by law and the articles of association.

Im Rahmen einer eingeschränkten Revision prüft die Revisionsstelle, ob Sachverhalte vorliegen, aus denen zu schliessen ist, dass die Jahresrechnung und der Antrag des Verwaltungsrats über die Verwendung des Bilanzgewinns nicht den gesetzlichen Vorschriften und den Statuten entspricht.

Within a review, the auditors shall assess, whether circumstances exist, one has to conclude that the annual financial statements and the application of the board of directors to allocate the accumulated profits do not comply with the law and the articles of association.

Die Geschäftsführung des Verwaltungsrates ist nicht Gegenstand der Prüfung durch die Revisionsstelle.

The management of the company by the board of directors is not object of the auditors' assessment.

### Art. 29:   Berichterstattung

Im Falle der ordentlichen Revision erstattet die Revisionsstelle dem Verwaltungsrat einen umfassenden Bericht mit ihren Feststellungen über die Rechnungslegung, das interne Kontrollsystem sowie die Durchführung und das Ergebnis der Revision.

### Art. 29:   Reporting

In case of a regular audit, the auditors shall provide to the board of directors a comprehensive report reflecting the findings regarding the accounting, the internal control system and the conduct and result of the audit.

Die Revisionsstelle erstattet der Generalversammlung gemäss den anwendbaren gesetzlichen Vorschriften schriftlich Bericht über das Ergebnis ihrer Prüfung. Im Falle der ordentlichen Revision empfiehlt die Revisionsstelle Abnahme, mit oder ohne Einschränkung, oder Rückweisung der Jahresrechnung.

Auf die Anwesenheit des Revisors an der Generalversammlung, welche die Jahresrechnung abnimmt, kann die Generalversammlung durch einstimmigen Beschluss verzichten.

## IV. Rechnungsabschluss, Geschäftsbericht und Gewinnverteilung

### Art. 30: Rechnungsabschluss

Das Geschäftsjahr wird vom Verwaltungsrat festelegt.

### Art. 31: Geschäftsbericht

Der Verwaltungsrat erstellt für jedes Geschäftsjahr einen Geschäftsbericht, welcher sich aus der Jahresrechnung, dem Lagebericht und gegebenenfalls der Konzernrechnung zusammensetzt.

### Art. 32: Gewinnverwendung

Über den Bilanzgewinn verfügt die Generalversammlung im Rahmen der gesetzlichen Vorschriften.

## V. Beendigung

### Art. 33: Auflösung und Liquidation

Die Generalversammlung kann jederzeit die Auflösung der Gesellschaft beschliessen.

Wird Auflösung mit Liquidation beschlossen, wird die Liquidation durch den Verwaltungsrat oder durch einen oder mehrere von der Generalversammlung zu wählende Liquidatoren durchgeführt.

Pursuant to the applicable legal provisions, the auditors shall provide to the shareholders' meeting a written report regarding the result of their audit. In case of a regular audit, the auditors shall recommend approval, with or without qualifications, or rejection of the annual financial statements.

By unanimous resolution, the shareholders' meeting approving the annual financial statements may waive the presence of the auditors.

## IV. Business Year, Business Report and Allocation of Profits

### Art. 30: Business Year

The business year shall end on such date as determined by the board of directors.

### Art. 31: Business Report

Each business year, the board of directors shall prepare a business report which shall consist of the annual financial statements, the management report and, where applicable, the consolidated financial statements.

### Art. 32: Allocation of Profits

The shareholders' meeting shall dispose of the balance sheet profit within the limits of law.

## V. Termination

### Art. 33: Dissolution and Liquidation

At any time, the shareholders' meeting can decide to dissolve the company.

If dissolution of the company and its liquidation is resolved, the liquidation shall be executed by the board of directors or one or more liquidators elected by the shareholders' meeting.

## VI.    Bekanntmachungen

**Art. 34:    Mitteilungen und Publikationsorgan**

Mitteilungen und Einladungen an die Aktionäre erfolgen schriftlich an die im Aktienbuch eingetragene Adresse oder per E-Mail.

Publikationsorgan der Gesellschaft ist das Schweizerische Handelsamtsblatt. Der Verwaltungsrat kann weitere Publikationsorgane bestimmen.

Der deutsche Text der vorliegenden Statuten ist massgebend.

## VI.    Official Announcements

**Art. 34:    Announcements and Means of Publication**

Announcements and invitations to the shareholders shall be made in writing to the address registered in the share register or per email.

Official announcements of the company shall be published in the Swiss Commercial Gazette. The board of directors may determine additional publication vehicles.

The German version of these articles of association shall prevail.

Baar, 8. April 2022 / 8 April 2022



**TAB 2**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF PATRIK ODERMATT

I, PATRIK ODERMATT, pursuant to 28 U.S.C. § 1746, do hereby declare and state as follows:

1.      I am an Attorney-at-Law, licensed to practice law in Switzerland. I am a partner in the law firm of Kaiser Odermatt & Partner AG, in the canton of Zug, Switzerland. Kaiser Odermatt & Partner is a full-service law firm comprised of over 12 lawyers, providing counsel and legal advice in all aspects of business and corporate law.

2.      I was retained to provide an opinion regarding certain matters of Swiss law applicable to FTX Europe AG, in Freienbach, Switzerland (the "**Company**" or "**FTX Europe**"), including who had authority on behalf of the Company to authorize the filing of a bankruptcy petition for the Company. Specifically, this declaration ("**Declaration**") addresses the validity under Swiss law of the Omnibus Authority given by Samuel Bankman-Fried ("**Bankman-Fried**") which purported to delegate the power and authority to authorize a bankruptcy filing by the Company to a third-party American citizen, John R. Ray III ("**Ray**").



A.    **Personal Background**

3.      I graduated from the University of St. Gallen in 2006. The University of St. Gallen, located in St. Gallen, Switzerland, specializes in business administration, economics, law, international affairs, and computer science. I then worked in Berlin for Professor von Pufendorf, at the Cantonal Court of Zug and as a trainee lawyer at Bär & Karrer in Zug and Zurich. In 2008, I was admitted to the Zug bar and authorized to practice as a lawyer in the canton of Zug. After passing the bar, I worked as a lawyer and notary at Bär & Karrer in Zug and in 2011 established Kaiser Odermatt & Partner AG, and have been practicing law as a lawyer and notary ever since.

4.      As a lawyer, I specialize in securing and enforcing creditors' interests. I advise and represent companies, entrepreneurs and authorities in Switzerland and abroad in contract, commercial and procedural law. I am regularly consulted as an expert on debt enforcement and bankruptcy issues and have published in specialist journals. I also teach prospective lawyers at various universities and institutions, and lecture on civil procedure, debt enforcement and bankruptcy law. My complete curriculum vitae can be found here: https://en.kaiserodermatt.ch/expert/patrik-odermatt/.

5.      I am a fully qualified attorney-at-law and advocate licensed to practice before all courts in Switzerland. My law practice routinely involves matters arising under the Swiss Code of Obligations ("**CO**")[1] and the Swiss Civil Code ("**SCC**")[2], which are the primary codes applicable to the issues I address in this Declaration.

---

[1]    An English translation of the Swiss Code of Obligations in effect as of September 1, 2023, can be found here: https://www.fedlex.admin.ch/eli/cc/27/317_321_377/en

[2]    An English translation of the Swiss Civil Code in effect as of January 1, 2021, can be found here: chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://fedlex.data.admin.ch/filestore/fedlex.data.admin.ch/eli/cc/24/233_245_233/20210101/en/pdf-a/fedlex-data-admin-ch-eli-cc-24-233_245_233-20210101-en-pdf-a.pdf.



**B.**    **Applicable Swiss Law**

6.    It is my understanding that United States courts generally apply the law of the state of incorporation to claims involving the internal affairs of corporations. FTX Europe was incorporated in Switzerland and has its legal seat in Switzerland; and thus, Swiss law governs matters of its corporate governance and internal affairs.

7.    Swiss law applicable to the issues addressed in this Declaration includes the CO and the SCC. I am familiar with both of these codes from my law practice and have reviewed them again in preparing this Declaration.

8.    I also reviewed and considered relevant pleading, motions and other filings in the bankruptcy case, including those identified below.

9.    Finally, I have reviewed FTX Europe's Articles of Association dated as of April 8, 2022 (the "**Articles**").

**C.**    **Factual Allegations**

10.    The following alleged facts are relevant to my analysis of the applicable law:

a.    On November 11, 2022 ("**Petition Date**"), FTX Europe filed its petition ("**Petition**") for relief under the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware ("**Court**"). [Case No. 22-11075-JTD, D.I. 1.]

b.    The Petition was signed by Ray as Chief Executive Officer of FTX Europe and by Adam G. Landis of the law firm Landis Rath & Cobb LLP as attorney for FTX Europe. (*Id.*)

c.    Ray claims to have had authority to file the Petition by virtue of an Omnibus Corporate Authority dated November 10, 2022 ("**Omnibus Authority**"), a copy of which was filed with the Petition. [Case No. 22-11075-JTD, D.I. 1, page 12 of 23].

d.    The Omnibus Authority states in relevant part:

3

I, Samuel Benjamin Bankman-Fried, as controlling owner, director, officer, manager or other authorized person with respect to West Realm Shires Inc., Paper Bird Inc., Hilltop Technology Services LLC, Cedar Grove Technologies Services, Ltd., ***FTX Trading Ltd.***, Alameda Research LLC And Clifton Bay Investments LLC (the "Top Companies"), ***and all of their directly and indirectly owned subsidiaries*** (together with the Top Companies, the "FTX Group"), hereby authorize, instruct and consent to the following corporate actions with respect to all members of the FTX Group:

(i)    the appointment of John J. Ray III ("the CEO") as Chief Executive Officer with plenary authority to exercise all powers and authority capable of delegation to an officer under applicable law, including without limitation in connection with a voluntary filing for protection from creditors under Title 11 of the United States Code and any restructuring and insolvency-related proceeding that may be appropriate or necessary, or may be commenced by third parties, with respect to all members of the FTX Group;

*****

(iv) the appointment of Stephen Neal (if willing to serve) as Chairman of the Board, to the extent applicable law permits me to so designate him as such, and one to three other individuals chosen by the CEO and not affiliated with me or the CEO as new directors of FTX Trading Ltd. . . .

(emphasis added.)

e.    The Omnibus Authority was signed, electronically, only by Bankman-Fried.

f.    Bankman-Fried was not a director, officer, or shareholder of FTX Europe.

g.    FTX Europe is a wholly owned subsidiary of FTX Trading, Ltd., one of the Top Companies called out in the Omnibus Authority. *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* ("**Ray Dec.**"), [Case No. 22-11068-JTD, D.I. 24, page 30 of 30].

h.    Pursuant to the Omnibus Authority, Ray accepted the position as Chief Executive Officer of the debtors in the early morning hours of November 11, 2022. (*Id.*, ¶ 1.) Ray understood that by the Omnibus Authority he "was delegated all corporate powers and authority under applicable law, including the power to appoint independent directors and commence these Chapter 11 Cases on an emergency basis." (*Id.*, ¶ 44.)



i.       The Omnibus Authority was drafted by attorney Andrew Dietderich of Sullivan & Cromwell. *Supplemental Declaration of Andrew G. Dietderich in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-In-Possession Nunc Pro Tunc To The Petition Date*, ¶ 23 ("**Dietderich Supp. Dec.**") [Case No. 22-11068-JTD, D.I. 510.]

j.       FTX Europe had three members of the board of directors as of the Petition Date: (a) Jürg Bavaud; (b) Martin Liebi; and (c) Robin Matzke. (FTX Europe's Amended Statement of Financial Affairs, filed August 31, 2023 [Case No. 22-11075-JTD, D.I. 10, Statement 28, page 59 of 60], Statement 28, page 59 of 60.)

k.       FTX Europe's pre-petition board of directors did not pass a resolution authorizing the filing of the Petition, either at a meeting or by consent in lieu of a meeting.

l.       Dietderich states he recommended and prepared the Omnibus Authority because "there was not time to hold over 100 board meetings for companies whose records were both incomplete and unfamiliar to [Sullivan & Cromwell]." (Dietderich Supp. Dec., ¶ 23.)

m.       As described by Dietderich, its author, the Omnibus Authority "appointed Mr. Ray CEO of all of the Debtors, transferred to him all of Mr. Bankman-Fried's corporate authority and authorized Mr. Ray to decide if and when the Debtors should commence chapter 11 proceedings." (Dietderich Supp. Dec., ¶ 23.)

n.       After his appointment as CEO, Ray – not the FTX Europe board of directors – made the decision to file the Petition. (Dietderich Supp. Dec., ¶ 5.) Authorizing the chapter 11 filings of the Debtors, including FTX Europe, was, according to Ray, his first "official act" as CEO. (Ray Dec., ¶ 2.)

**D.       <u>Applicable Swiss Law</u>**

11.     As stated, I have been asked to identify and address Swiss (International) Law applicable to the validity of the Omnibus Authority given by Bankman-Fried.

12.     Swiss law applicable to the issues raised in this Motion include the Federal Act on Private International Law ("**PILA"**), CO and the SCC ("**Codes**"). These Codes, together with a company's articles of association and other internal regulations, if applicable, govern the relationship between a Swiss company and its directors and officers.

13.     The Company is a company limited by shares incorporated (registered in the Commercial Register of the Canton of Schwyz under CHE-175.231.191) and validly existing under Swiss law, established with unlimited duration, with the capacity to sue or be sued in its own name, and with the power to carry on business and to own property in accordance with the Articles.

14.     As a Swiss legal entity, FTX Europe acts through its governing bodies. (SCC, art. 55, and CO, art. 718.) For FTX Europe, the corporate bodies are the shareholders' meeting, the board of directors, and the company's auditors. (Articles, Art. 7.) The powers of the Company are to be exercised by these bodies. (*Id*.)

15.     The board of directors is responsible for deciding all matters not reserved to the shareholders' meeting by law or the articles of association. (*Id.*, Art. 19.) As there is no reservation towards the shareholders' meeting neither in the Codes nor in the Articles, the legal body for the Company applicable to the issues is its board of directors (CO, art. 716). The board of directors are elected by the shareholders' meeting as its inalienable power (CO, art. 698(2)) and for any third party effect to be registered in the Swiss commercial register.

16.     For an act of the FTX Europe board of directors to be valid, the act must be the result of a resolution passed by a majority of the directors at a meeting where a Quorum is present (*id.*, Art. 23); or by a written resolution in lieu of a meeting signed by all directors. (*Id.*, Art. 25.)

17.     The right to appoint officers is not reserved to the FTX Europe shareholders' meeting by law or the Articles. (*Id.*, Art. 8.) Therefore, the FTX Europe board of directors is responsible for appointing officers for the company. (*Id.*, Art. 20.) *See also* CO, Art. 716*a* ("The board of directors has the following non-transferable and inalienable duties: . . . 4. appointing and dismissing persons entrusted with managing and representing the company.")

18.     Once the board appoints officers or grants other persons granted the authority to represent the company, the board is obligated to have the persons with authority entered in the Swiss commercial register and submit an authenticated copy of the relevant resolution. It is not possible to plead ignorance of an entry that has become effective vis-à-vis third parties. (CO, Art. 936b).

19.     The right to determine whether to seek bankruptcy protection is an inalienable power by law reserved to the board of directors (CO, Art. 716a). Although Switzerland does not have a bankruptcy law like the U.S., Swiss law does provide for financial restructuring of insolvent companies. Such actions are, however, required to be taken by the board of directors. *See, e.g.,* CO Art. 725b(1), (2) and (3) (requiring the board of directors to propose financial restructuring measures and requiring the board to notify the court of over-indebtedness.) As with the appointment of officers, this obligation lies with the board of directors and is "non-transferable and inalienable." CO, Art. 716a ("The board of directors has the following non-transferable and inalienable duties: . . . 7. filing an application for a debt restructuring moratorium and notifying the court in the event that the company is overindebted.")



20.     Under Swiss law, a bankruptcy petition would have had to be filed either by one or more  member(s) of the board of directors registered in the commercial register with the corresponding signatory right at the time of filing or by an authorized agent; as neither Ray who signed the Petition nor Bankman-Fried who signed the omnibus corporate authority are registered as board members or signatories in the commercial register or authorized in any other way by the board of directors, they would not have had legal capacity to act on behalf of the Company and validly file the Petition.

21.     Because only the board of directors of a Swiss company is authorized (and obligated) to seek a financial restructure the company, any act of a third-party seeking to approve a voluntary bankruptcy filing would be ineffective and void. Similarly, any attempt by anybody other than the board of directors to appoint an officer of FTX Europe would be void. Such acts of non-corporate bodies are null and void.

22.     Based upon the foregoing, I am of the opinion that under the laws of Switzerland the Omnibus Authority, signed by a non-director without having legal power to represent the FTX Europe, could not and did not grant Ray the authority and power to file the Petition for FTX Europe.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2023.

/s/

Patrik Odermatt
Kaiser Odermatt & Partner
Baarerstrasse 12
6302 Zug
Switzerland

**TAB 3**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## <u>DECLARATION OF DR. MARCEL LÖTSCHER</u>

I, DR. MARCEL LÖTSCHER, pursuant to 28 U.S.C. § 1746, do hereby declare and state as follows:

1.      I was employed by FTX Europe AG as Head of Regulatory Strategy since August 2022.

2.      Prior to being employed by FTX Europe AG I was Head of Asset Management and Markets Division and Member of the Executive Board of the Financial Market Authority (FMA) Liechtenstein, Vaduz, the Financial Market Regulator of Liechtenstein from 2012 to 2022.

3.      I was voted into the Board of Directors (Verwaltungsrat) of FTX Europe AG on November 8, 2022. Due to the turbulent developments at FTX Europe AG that week and especially during the course of the day, however, I did not consider it appropriate to become a member of the Board of Directors at that time. I promptly revoked my acceptance of my directorship with immediate effect.

4.      Days later, without my input or consent, I was informed by the Board of Directors of FTX Europe AG that somebody had filed a Chapter 11 proceeding in the Delaware bankruptcy court for FTX Europe, AG.

1

5.    I am a creditor of FTX Europe, AG, and am owed sums for services rendered. The sequence of the events in combination with a bankruptcy filing that was not authorized by the Board of Directors (Robin Matzke, Martin Liebi and Jürg Bavaud) is in my understanding legally ineffective for FTX Europe AG. Further, the current bankruptcy filing is violating and preventing me to execute my rights as previous employee of FTX Europe AG and creditor of the firm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2023.

/s/
MARCEL LOTSCHER