Hearing Date and Time: December 12, 2023 at 10:00 a.m. (ET)
Objection Deadline: December 5, 2023 at 4:00 p.m. (ET)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors.[1] | (Lead Case) |
| | (Jointly Administered) |

**EMERGENT DEBTOR'S MOTION FOR AN ORDER
AUTHORIZING ANTIGUAN PROFESSIONALS TO BE RETAINED
AND COMPENSATED UNDER THE SUPERVISION OF THE ANTIGUAN COURT**

Emergent Fidelity Technologies Ltd (the "Emergent Debtor"), as debtor and debtor-in-possession in Case No. 23-10149 (JTD) (the "Emergent Chapter 11 Case"), hereby seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Antiguan Court's supervision of Emergent Debtor's Antiguan Professionals (as defined below).  In support thereof, the Emergent Debtor relies on and incorporates by reference the *Declaration of Angela Barkhouse in Support of the Emergent Debtor's Chapter 11 Petition*[2] (the "First Day Declaration") and the *Declaration of Angela Barkhouse in Support of Emergent Debtor's Motion for Entry of an order Approving Postpetition Financing and Granting Related Relief*[3] (the "DIP Financing Declaration"), and respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] D.I. 3, Case No. 23-10149.

[3] D.I. 3024, Ex. B, Case No. 22-11068.

**INTRODUCTION**

1.      By this Motion, the Emergent Debtor requests the entry of an Order permitting the Emergent Debtor's Liquidators and the Liquidators' offshore professionals to be compensated under the supervision of the Antiguan Court, consistent with the Orders entered by the Antiguan Court before the commencement of this chapter 11 case.  This relief is consistent with established precedent in cross-border cases and will ensure that, when assets become available for distribution, expenses associated with the Antiguan liquidation can be dealt with efficiently and in the appropriate forum.

**BACKGROUND**

2.      The Emergent Debtor is an Antiguan company originally formed and formerly controlled by Samuel Bankman-Fried ("SBF"), the founder of various now-bankrupt crypto companies, including FTX Trading Ltd. and its affiliated debtors ("FTX").  The Emergent Debtor is a chapter 11 debtor in this Court, whose case is jointly administered with the chapter 11 cases of FTX, *In re FTX Trading, Ltd., et. al*, Case No. 22-11068 (JTD).[4]

3.      The Emergent Debtor is the owner and was the record holder of approximately 55 million shares of Robinhood Markets, Inc., which were seized by the DOJ in January.  With the Emergent Debtor's consent, those shares have now been converted to cash (the "Assets") and are being held by the DOJ pending further adjudication regarding their ownership and potential claims against them.[5]

4.      On November 18, 2022, the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda (the "Antiguan Court"), entered an order (the "Receivership Order")

---

[4] D.I. 91, Case No. 23-10149; D.I. 1469, Case No. 22-11068.

[5] *United States v. Samuel Bankman-Fried*, Case No. 1:22-cr-00673 (LAK), ECF 242 (S.D.N.Y. Sept. 1, 2023).

appointing Angela Barkhouse and Toni Shukla as Receivers over the Assets and SBF's equity interests in the Emergent Debtor (the "Receivership Proceeding").[6]  On December 5, 2022, the Antiguan Court placed the Emergent Debtor into provisional liquidation (the "Liquidation Proceeding," together with the Receivership Proceeding, the "Antiguan Proceedings," and together with the Emergent Chapter 11 Case, the "Proceedings") and appointed Ms. Barkhouse and Ms. Shukla as Joint Provisional Liquidators to wind up the Emergent Debtor's affairs (the "JPL Order").[7]  On March 23, 2023, the Antiguan Court placed the Emergent Debtor into full liquidation (as confirmed by the Antiguan Court Order dated July 14, 2023, the "JL Order")[8] and appointed Ms. Barkhouse and Ms. Shukla as Joint Liquidators ("Liquidators").

5.      Paragraphs 3 and 4 of the JPL Order (as confirmed by paragraph 6 of the JL Order) authorize the JLs to engage professionals in the Antiguan Proceedings (the "Antiguan Professionals").  The Antiguan Professionals, including the Liquidators, are subject to a retention process in the Antiguan Court.  A detailed summary of the Antiguan Professionals and their fees and expenses is set forth in the Emergent Debtor's monthly operating reports.[9]  The Emergent Debtor's officers (*i.e.*, the Liquidators) may receive "reasonable remuneration" for their time, to be reviewed by the Antiguan Court, pursuant to the JPL Order, entered prior to the petition date of the Emergent Chapter 11 Case.  The JPL Order also allowed the Liquidators to, among other things, "retain solicitors, accountants, engineers, appraisers and other professional advisers."[10]

---

[6] The Receivership Order is attached as Exhibit A to the First Day Declaration.

[7] The JPL Order is attached as Exhibit B to the First Day Declaration and is also annexed hereto as **Exhibit B**.

[8] The JL Order is attached as Exhibit 1 to the DIP Financing Declaration.

[9] *See, e.g.*, D.I. 3084, Case No. 22-11068.

[10] The JL Order also provides for the retention of such professionals.

6.      On October 23, 2023, the U.S. Trustee filed an objection to the Emergent Debtor's motion for approval of postpetition financing (the "DIP Motion"),[11] asserting that, among other things, the requested financing should not be used to pay the Antiguan Professionals who have not been retained in the Emergent Chapter 11 Case.  A hearing on the DIP Motion is set for December 12, 2023, the same day on which this Motion is set for hearing.

7.      The Emergent Debtor has engaged in discussions with the U.S. Trustee and FTX regarding a consensual protocol that will include a mechanism to address a wide variety of cross-border issues.  While these discussions did not result in an agreement, the Emergent Debtor intends to continue this dialogue and may ultimately file a request for approval of a comprehensive cross-border protocol.

8.      At this time, the Emergent Debtor is not seeking a full cross-border protocol, as the estate's principal assets have been seized by the DOJ, pending a forfeiture action, and the Emergent Debtor seeks to keep the costs of operating the estate and managing this chapter 11 case to a minimum until the final disposition of these assets is known.

9.      The Emergent Debtor seeks only limited relief, commonly included in previously approved cross-border protocols, which has been narrowly tailored to address only the retention and compensation of the Liquidators and Antiguan Professionals.

10.      This relief is being sought in conjunction with the DIP Motion.  The Emergent Debtor intends to use the postpetition financing contemplated in the DIP Motion to pay necessary expenses incurred by the Liquidators in their thus far successful efforts to block SBF's attempts to take control of the Emergent Debtor and its assets through litigation in the Antiguan Court. The Motion will allow the Emergent Debtor to make the payments to the Antiguan Professionals

---

[11] *See* D.I. 3024 and 3334, Case No. 22-11068.

that have been authorized by the Antiguan Court, if and when sufficient funds become available. This narrowly tailored relief is justified, as the Antiguan Professionals have been appointed under Antiguan law as authorized by the Antiguan Court (as noted above).

11.     Accordingly, the Emergent Debtor seeks this limited relief in order to ensure that it may continue to employ various professionals in litigation against SBF and otherwise for the benefit of its creditors solely with respect to the ongoing Antiguan Proceedings, pursuant to the JPL Order and other subsequent orders from the Antiguan Court.

## JURISDICTION AND VENUE

12.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

13.     The legal predicates for the relief requested herein are sections 105(a) and 363(b)(1) of the Bankruptcy Code and rule 9029-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

14.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

15.     By this Motion, the Emergent Debtor requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Antiguan Court's supervision of Emergent Debtor's Antiguan Professionals, and (b) granting related relief.

## BASIS FOR RELIEF

16.     In order to harmonize and facilitate the administration of the Emergent Debtor's Proceedings, this Motion seeks Court approval of relief typically included in cross-border

protocols, solely to address the retention and compensation of the Liquidators and their Antiguan Professionals, subject to the Emergent Debtor's right to propose a complete cross-border protocol at a later date.

17.    The relief requested in this Motion is authorized pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code.  Section 105(a) grants this Court broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Section 363(b)(1) allows debtors to use property of the estate outside the ordinary course after notice and a hearing.  The relief sought is justified under these circumstances, because the Liquidators' inability to compensate the Antiguan Professionals could result in SBF regaining control of the Emergent Debtor through motion practice in the Antiguan Court and subsequently threatening to frustrate the essential purpose of the Emergent Chapter 11 Case. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1985) ("The paramount policy and goal of Chapter 11 . . . to which all other bankruptcy policies are subordinated, is the rehabilitation of the Debtor.").

18.    A number of courts, in this District and in others, have approved protocols for managing cross-border proceedings—as contemplated in Local Rule 9029-2 and authorized under Section 105—which have included similar authorizations for the supervision of foreign professionals.  Several of these orders have provided that the retention and compensation of foreign professionals would fall under the sole jurisdiction of the foreign court:[12]

- *In re BPS US Holdings Inc.*, Case No. 16-12373 (Bankr. Del. Nov. 29, 2016) (D.I. 220) ("The Monitor, its officers, directors, employees, counsel, agents, and any other professionals retained therefor, wherever located, . . . and any other estate

---

[12] Cross-border protocols have also been authorized in many other complex matters. *See, e.g.*, *In re Ezra Holdings Ltd.*, No. 17-22405 (Bankr. S.D.N.Y. Mar. 27, 2018) (D.I. 343), *In re Toys "R" Us, Inc.*, No. 17-34665 (Bankr. E.D. Va. Oct. 25, 2017) (D.I. 725); *In re Ocean Rig UDW Inc.*, No. 17-10736 (Bankr. S.D.N.Y. June 29, 2017) (D.I. 85); *In re Soundview Elite Ltd.*, No. 13-13098 (Bankr. S.D.N.Y. Dec. 30, 2014) (D.I. 502); *In re Lehman Brothers Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. June 17, 2009) (D.I. 4020).

representatives in the Canadian Proceeding, . . . shall be subject to the sole and exclusive jurisdiction of the Canadian Court with respect to all matters, including . . . retention and compensation of the Canadian Representatives . . . . Additionally, the Canadian Representatives: (x) shall not be required to seek approval of their retention in the U.S. Court for services rendered to the Debtors; (y) shall be compensated for their services solely in accordance with the CCAA, the Initial Order and other applicable laws of Canada and the applicable Provinces, or orders of the Canadian Court; and (z) shall not be required to seek approval of their compensation in the U.S. Court.").

- *In re Graceway Pharm., LLC*, Case No. 11-13036 (Bankr. D. Del. Oct. 25, 2011) (D.I. 154) ("Any Canadian professionals, including, without limitation, the Canadian counsel retained by the Debtors (collectively, the '<u>Canadian Professionals</u>'), shall be subject to the sole and exclusive jurisdiction of the Canadian Court. Accordingly, the Canadian Professionals . . . shall not be required to seek approval of their retention, compensation, or reimbursement of out-of-pocket costs in the U.S. Court.").

- *In re Nortel Networks Inc.*, No. 09-10138 (Bankr. D. Del. June 29, 2009) (D.I. 990) ("The Monitor, its officers, directors, employees, [and] counsel . . . shall be subject to the sole and exclusive jurisdiction for he Canadian Court with respect to all matters, including . . . the retention and compensation of Canadian Representatives.").

- *In re LATAM Airlines Grp. S.A.*, Case No. 20-11254 (Bankr. S.D.N.Y. Sept. 1, 2020) (D.I. 978) ("[E]ach Court shall have sole and exclusive jurisdiction over any estate representative or any professional retained by or with the approval of such Court.").

- *In re Aralez Pharmaceuticals U.S. Inc.*, No. 18-12425 (Bankr. S.D.N.Y. Nov. 1, 2018) (D.I. 237) ("The Monitor, its officers, directors, employees, [and] counsel . . . shall all be subject to the sole and exclusive jurisdiction of the Canadian Court with respect to all matters, including: (a) the Canadian Representatives' appointment and tenure in office; (b) the retention and compensation of the Canadian Representatives . . . .").

19.     The Emergent Debtor does not seek the approval of a full cross-border protocol at this time, and instead seeks a limited authorization to allow it to continue to employ professionals who are engaged extraterritorially on matters related to the Antiguan Proceedings.

20.     For the foregoing reasons, the Emergent Debtor asserts that the authorization to continue paying offshore professionals, subject to the approval of the Antiguan Court, is necessary

to ensure the efficient and effective administration of the Proceedings and is in the best interests of the Emergent Debtor's estate, its creditors, and all parties-in-interest.

**<u>NOTICE</u>**

21.      Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) counsel to the Emergent Debtor's proposed debtor-in-possession financing lender; (g) the parties identified on the Emergent Debtor's list of 20 largest unsecured creditors; and (h) to the extent not listed herein, those parties requesting notice in the Emergent Chapter 11 Case pursuant to Bankruptcy Rule 2002.  The Emergent Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

22.      No previous request for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Emergent Debtor respectfully requests

entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) Authorizing

the Antiguan Court's Supervision of Emergent Debtor's Antiguan Professionals, and (b) granting

related relief such other and further relief as is just and proper.

Dated: November 22, 2023          **MORGAN, LEWIS & BOCKIUS LLP**
Wilmington, DE

/s/  *Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Email: jody.barillare@morganlewis.com

- and -

John C. Goodchild, III (admitted *pro hac vice*)
Matthew C. Ziegler (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

- and -

Craig A. Wolfe (admitted *pro hac vice*)
Joshua Dorchak (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Email: craig.wolfe@morganlewis.com
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Counsel for Emergent Fidelity*
*Technologies Ltd as Debtor and Debtor-in-*
*Possession*