# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11068 (JTD)<br>)<br>) (Lead Case)<br>)<br>) (Jointly Administered)<br>) |

### ORDER AUTHORIZING ANTIGUAN PROFESSIONALS TO BE RETAINED AND COMPENSATED UNDER THE SUPERVISION OF THE ANTIGUAN COURT

Upon the motion (the "Motion")[2] of Emergent Fidelity Technologies Ltd, as debtor and debtor-in-possession (the "Emergent Debtor"), in Case No. 23-10149 (JTD) (the "Emergent Chapter 11 Case") for entry of an order (the "Order") seeking approval of an Order Authorizing the Antiguan Professionals to be Retained and Compensated Under the Supervision of the Antiguan Court; and upon the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

District of Delaware, and that, except as otherwise ordered herein, no or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing (if any) having been held to consider the relief requested in the Motion and upon the record of the hearing and all proceedings had before this Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Emergent Debtor, its estate, its creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

      **IT IS HEREBY ORDERED THAT**:

    1.      The Motion is **GRANTED** as set forth herein.

    2.      Angela Barkhouse and Toni Shukla (the "Liquidators"), in such capacity as Liquidators, and any representatives or professionals retained by or with approval of the Liquidators (in such capacity) for activities performed in Antigua or in connection with the Antiguan Proceedings (together, the "JL Representatives") shall be subject to the sole and exclusive jurisdiction of the Antiguan Court with respect to all matters, including: (a) the Liquidators' appointment; (b) the retention and compensation of the JL Representatives; (c) the JL Representatives' liability, if any, to any person or entity, including the Emergent Debtor and any third parties, in connection with the Restructuring Proceedings; and (d) the hearing and determination of any other matters related to the JL Representatives arising in the Antiguan Proceedings under the Corporations Act or other applicable Antiguan law.

    3.      Additionally, the JL Representatives: (x) shall not be required to seek approval of their retention in the U.S. Court for services rendered to the Emergent Debtor; (y) shall be compensated for their services solely in accordance with the Corporations Act or other applicable

Antiguan law, or orders of the Antiguan Court; and (z) shall not be required to seek approval of their compensation in the U.S. Court.

4. For the avoidance of doubt, any professional(s) retained by the Emergent Debtor for activities performed in the United States or in connection with the Emergent Chapter 11 Case (but excluding in all cases the JL Representatives), and any examiners or trustees appointed in accordance with section 1104 of the Bankruptcy Code (collectively, the "<u>U.S. Representatives</u>") shall continue to be subject to the sole and exclusive jurisdiction of the U.S. Court with respect to all matters, including: (a) retention and compensation of the U.S. Representatives; (b) the U.S. Representatives' liability, if any, to any person or entity in connection with the Restructuring Proceedings; and (c) the hearing and determination of any other matters related to the U.S. Representatives arising in the Emergent Chapter 11 Case under the Bankruptcy Code or other applicable laws of the United States.

5. Additionally, the U.S. Representatives: (x) shall not be required to seek approval of their retention in the Antiguan Court; (y) shall be compensated for their services to the Emergent Debtor solely in accordance with the Bankruptcy Code and other applicable laws of the United States or orders of the U.S. Court; and (z) shall not be required to seek approval of their compensation in the Antiguan Court.

6. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.