## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 3660, 4025, 4044** |

## DEBTORS' REPLY IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING (I) PROCEDURES FOR THE SALE OR TRANSFER OF THE TRUST ASSETS AND (II) THE SALE OR TRANSFER OF SUCH TRUST ASSETS IN ACCORDANCE WITH SUCH PROCEDURES FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this reply (the "Reply") in support of the *Debtors' Motion for Entry of an Order Authorizing and Approving (I) Procedures For the Sale Or Transfer of the Trust Assets and (II) the Sale or Transfer of Such Trust Assets in Accordance With Such Procedures Free and Clear of Any Liens, Claims, Interests and Encumbrances* [D.I. 3660] (the "Motion")[2] and in response to (i) the limited objection by BlockFi Inc., BlockFi Lending LLC and BlockFi International Ltd. (collectively, "BlockFi") filed on November 17, 2023 [D.I. 4025] (the "BlockFi Limited Objection") and (ii) the objection by John Mallon filed on November 17, 2023 [D.I. 4044] (the "Mallon Objection").  As set forth below, the BlockFi Limited Objection is resolved.  The Debtors submit that the Mallon Objection should be overruled and the Motion should be granted.

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

<u>Reply</u>

**I.      The BlockFi Limited Objection is Resolved.**

1.      The BlockFi Limited Objection "requests that the Court . . . require that the sale order expressly provide that the BlockFi Lien attaches to the proceeds of any sale of the Trust Assets." (BlockFi Limited Obj. ¶ 11.)  The Debtors' proposed Order did just that, providing in their proposed Order that "any sale or transfer of Trust Assets, including the Trust Pledged Assets, in accordance with this Order shall be free and clear of any Lien, ***with any such Lien to attach to the proceeds of such sale or transfer with the same validity, priority, force and effect as such Lien had immediately prior to the sale or transfer***, subject to the rights, claims, defenses and obligations, if any, of the Debtors . . . ." (Order ¶ 6) (emphasis added).  The protection that BlockFi purports to seek in its Limited Objection was already provided.

2.      Nonetheless, at BlockFi's request and to resolve the BlockFi Limited Objection, the Debtors have revised paragraph 6 of the Order to add additional clarifying language that expressly references BlockFi's purported lien.  Notwithstanding the addition of this language, the Debtors continue to dispute that BlockFi has any perfected lien against the Trust Pledged Assets and believe that any pledge of the Trust Pledge Assets is avoidable pursuant to section 547 and 548 of the Bankruptcy Code.  That dispute will be adjudicated in this Court at the appropriate time.  But for now, BlockFi has confirmed the additional language added in the revised proposed Order resolves the BlockFi Limited Objection to the Motion.

3.      A revised proposed Order is attached hereto as <u>Exhibit A</u>, and a blackline against the original Order is attached hereto as <u>Exhibit B</u>.[3]

---

[3]      The revised order also reflects agreed changes requested by the U.S. Trustee.

II.    **The Mallon Objection Misunderstands the Nature and Ownership of the Trust Assets.**

4.    The *pro se* objection filed by Mr. Mallon is based on a false premise and misunderstanding of the Trust Assets.  The Trust Assets that the Debtors' seek to monetize are trust units in five Grayscale Trusts and one statutory Bitwise Trust that are held in third party brokerage accounts.  As detailed in the Motion, the Trusts issue units to investors that represent a proportional interest in the applicable trust's portfolio, which is comprised of relevant digital assets.  But the Trust Assets are comprised of the Debtors' interests in the Trusts, *not* any digital assets.  The Trust Assets do not secure or "back" any customer entitlements in any of the Debtors' customers' accounts.  No customer has, or ever had, any interest in the Trust Assets, which are held by and for the benefit of the Debtors.

5.    The Mallon Objection refers to other assets entirely.  Mr. Mallon asserts that his holdings were "shares of the Grayscale Bitcoin Trust . . . held in their tokenized form" which "are backed by the underlying shares upon which the Token is based."  (Mallon Obj. at 1.)  The "tokenized stocks" referred to in the Mallon Objection—"tokenized stocks"—are separate and apart from the Trust Assets and give rise to a prepetition claim against the Debtors on account of such holdings.  Prior to the Petition Date, certain customers of the Debtors on the FTX.com exchange were able to hold tokenized stocks in their accounts.  Tokenized shares are digital assets representing shares in certain companies.  Based on a review of the available books and records, any shares actually "backing" the Grayscale Bitcoin Trust ("GBTC") tokens were not custodied by the Debtors.

6.    GBTC was one such entity whose units were "tokenized" and traded on the FTX.com exchange in such form.  Each of these tokenized shares represented one unit in GBTC.  The shares underlying these tokenized shares are different than the Trust Assets described in the

Motion, and were not custodied in the corporate brokerage accounts that hold the Trust Assets. The Trust Assets described in the Motion were never "tokenized" or otherwise made available to any of the Debtors' customers. The Debtors are not currently seeking to sell through this Motion the trust units to which the Mallon Objection refers.

7.      Yet, the Mallon Objection requests that the Court "carve out" certain of the Trust Assets from the Order because Mr. Mallon and others similarly situated have an interest in such Trust Assets. (Mallon Obj. at 4.) Mr. Mallon is plainly incorrect. Thus, the requested "outcomes" set forth in the Mallon Objection are inapplicable. There are no "GBTC shares owed to Token holders" to "carve out" from the Debtors' requested sale. (Mallon Obj. at 4) The GBTC shares to which Mr. Mallon refers are not included in the Debtors' requested sale. Similarly, the "Token holders" to which Mr. Mallon refers do not have a specific interest in the Trust Assets that would attach to any of the sale proceeds thereof. (*Id*.). Accordingly, the Mallon Objection should be overruled.

## Conclusion

For the reasons stated above, the Court should overrule the Mallon Objection, grant the Motion and enter the Revised Order.

Dated: November 26, 2023
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      mcguire@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*