## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF EDGAR W. MOSLEY II IN SUPPORT OF DEBTORS' REPLY IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING (I) PROCEDURES FOR THE SALE OR TRANSFER OF THE TRUST ASSETS AND (II) THE SALE OR TRANSFER OF SUCH TRUST ASSETS IN ACCORDANCE WITH SUCH PROCEDURES FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Edgar W. Mosley II, hereby declare as follows:

1. I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operation restructuring.

2. I have more than 20 years of restructuring and distressed investment experience across various industries, including oil & gas, manufacturing, transportation, automotive, retail, industrial construction, telecommunications, healthcare, and consumer products. I have a Bachelor's Degree from Harvard University and have been recognized as a

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Certified Insolvency and Restructuring Advisor by the Association of Insolvency and Restructuring Advisors, where I served on the board from 2019 until 2020.

3. Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Seadrill Limited (2020 and 2017), Valaris plc, Diamond Offshore Drilling, Inc., Imerys Talc America, White Star Petroleum, Southcross Energy, Magnum Hunter Resources, Exide Technologies (where I served as the Chief Restructuring Officer), and Visteon Corporation.

4. I submit this declaration (this "Declaration") in support of the *Debtors' Reply in Support of Debtors' Motion for Entry of an Order Authorizing and Approving (I) Procedures for the Sale or Transfer of the Trust Assets and (II) the Sale or Transfer of Such Trust Assets in Accordance with Such Procedures Free and Clear of any Liens, Claims, Interests and Encumbrances* (the "Reply").[2] I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors").

5. Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by A&M professionals involved in advising the Debtors in the above-captioned cases (the "Chapter 11 Cases") or information provided to me by the Debtors. If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the Debtors.

6. The Trust Assets that the Debtors seek to monetize are trust units in five Grayscale Trusts and one statutory Bitwise Trust that are held in third party brokerage accounts.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Reply.

As detailed in the Motion, I understand that the Trusts issue units to investors that represent a proportional interest in the applicable trust's portfolio, which is comprised of relevant digital assets. The Trust Assets are comprised of the Debtors' interests in the Trusts, *not* any digital assets. The Trust Assets do not secure or "back" any customer entitlements in any of the Debtors' customers' accounts. My understanding is that no customer has, or ever had, any interest in the Trust Assets, which are held by and for the benefit of the Debtors.

7. The assets referred to in the Mallon Objection—"tokenized stocks"—are separate and apart from the Trust Assets. Prior to the Petition Date, certain customers of the Debtors on the FTX.com exchange were able to hold tokenized stocks in their accounts. Tokenized shares are digital assets representing shares in certain companies. Based on a review of available books and records, any actual shares actually "backing" the Grayscale Bitcoin Trust ("GBTC") tokens were not custodied by the Debtors.

8. GBTC was one such entity whose units were "tokenized" and traded on the FTX.com exchange in such form. Each of these tokenized shares represented one unit in GBTC. The shares underlying these tokenized shares are different than the Trust Assets described in the Motion, and were not custodied in the corporate brokerage accounts that hold the Trust Assets. The Trust Assets described in the Motion were never "tokenized" or otherwise made available to any of the Debtors' customers. The Debtors are not currently seeking to sell through this Motion the trust units to which the Mallon Objection refers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 26, 2023

/s/ *Edgar W. Mosley II*
Edgar W. Mosley II
Alvarez & Marsal North America, LLC
Managing Director