IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF EDGAR W. MOSLEY II IN SUPPORT OF
MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING A SCHEDULE
AND PROCEDURES FOR ESTIMATING CLAIMS FILED BY THE UNITED STATES
DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE**

I, Edgar W. Mosley II, hereby declare under penalty of perjury:

1. I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operation restructuring.

2. I have more than 20 years of restructuring and distressed investment experience across various industries, including oil & gas, manufacturing, transportation, automotive, retail, industrial construction, telecommunications, healthcare, and consumer products. I have a Bachelor's Degree from Harvard University, and have been recognized as a Certified Insolvency and Restructuring Advisor by the Association of Insolvency and Restructuring Advisors, where I served on the board from 2019 until 2020.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

3. Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Seadrill Limited (2020 and 2017), Valaris plc, Diamond Offshore Drilling, Inc., Imerys Talc America, White Star Petroleum, Southcross Energy, Magnum Hunter Resources, Exide Technologies (where I served as the Chief Restructuring Officer), and Visteon Corporation.

4. I submit this declaration (the "Declaration") in support of the *Motion of Debtors for Entry of an Order Establishing a Schedule and Procedures for Estimating Claims Filed by the United States Department of the Treasury – Internal Revenue Service* (the "Motion").[2] I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors").

5. Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by A&M professionals involved in advising the Debtors in the above-captioned case (the "Chapter 11 Cases") or information provided to me by the Debtors. If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the Debtors.

6. I understand that the IRS has 47 pending claims against 31 of the Debtors. I understand that those IRS Claims contain estimates of tax liability that, if taken at face value as of today, total approximately $24 billion. I have not seen any substantiation of those amounts from the IRS or otherwise. A list of the filed IRS Claims is attached to the Motion as Exhibit B.

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

7.  I understand that these are preliminary estimates from the IRS and that the value of the IRS Claims has not actually been determined.  The IRS has not announced that it has concluded its examinations of the Debtors, nor has it issued a notice of deficiency.  Further, all of the IRS Claims bear a footnote indicating that they reflect estimated tax liabilities.  *See, e.g.*, Mot. Ex. C.  I understand this means that the IRS Claims may change once the IRS conducts its examinations.

8.  As noted in the Debtors' presentation to stakeholders on September 11, 2023, over 2,300 non-customer claims have been filed against the Debtors since the passage of the non-customer bar date on June 30, 2023 [D.I. 2463 at 7].  As of August 24, 2023, approximately 36,000 customer claims had been filed for a total of over $16 billion [D.I. 2463 at 7].[3]  I understand that additional customer claims were filed by the September 29, 2023 customer bar date.

9.  Non-customer claims asserted against the Debtors total approximately $40 billion, adjusted based on a preliminary review by the Debtors' advisors, removing duplicate claims and amended and superseded claims.  Based on this preliminary review, the estimated IRS Claims alone comprise more than 50% of all claims asserted against the Debtors.

10.  Without judicially estimating the IRS Claims, I believe that it would be difficult for the Debtors to accurately determine appropriate creditor recovery ranges in a disclosure statement or for any other purpose.  The Debtors could only propose creditor recovery ranges with significant caveats and reservations.  Assuming the Debtors are able to obtain approval of their disclosure statement and confirm a plan, the Debtors would not be able to make meaningful distributions until the IRS Claims are liquidated and their priority determined.  As asserted, the

---

[3] Filed customer claim amounts exclude approximately 200 frivolous or errant claims totaling approximately $9.2 quintillion.

estimated IRS Claims would require the Debtors to reserve the vast majority, and potentially all, of their estates' assets on account of the IRS Claims.

11. Additionally, I understand that the IRS has not agreed to subordinate the IRS Claims with respect to any other claims against the Debtors. As a result, I understand that this leaves uncertainty as to which class or classes of creditors the IRS Claims will impact.

12. No proposed plan can be confirmed without the approval of a sufficient number of creditors. Generally, creditors are unlikely to approve any proposed plan under which their recovery is widely variable or under which recoveries on their claims could be substantially eliminated due to the future liquidation of the IRS Claims given the potential impact of the IRS Claims.

13. The uncertainty about the impact of the IRS Claims on customer and other creditor recoveries cannot be resolved until the IRS Claims are either liquidated or estimated. Accordingly, unless the IRS claims are promptly estimated, I believe that it is highly likely that plan confirmation and distributions to customer and creditors will be severely and unduly delayed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Wilmington, DE on November 29, 2023

                                               */s/ Edgar W. Mosley II*
                                                Edgar W. Mosley II
                                                Alvarez & Marsal North America, LLC
                                                Managing Director