**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) (Jointly Administered) |
| Debtors. | **Re: D.I. 1654, 2520, 2530, 2524, 2527, 2529, 2525, 2531, 2523, 2526** |
| | **Hearing Date:  December 13, 2023, at 1:00 p.m. ET** |

**FEE EXAMINER'S SUMMARY REPORT**
**ON FEE REVIEW PROCESS AND THIRD INTERIM FEE APPLICATIONS**
**SCHEDULED FOR UNCONTESTED HEARING ON DECEMBER 13, 2023**

TO:    THE HONORABLE JOHN T. DORSEY
       UNITED STATES BANKRUPTCY JUDGE:

The Fee Examiner appointed in the above-captioned chapter 11 cases (the "Fee Examiner") submits this summary report (the "Report") pursuant to the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] (the "Fee Examiner Order") to advise the Court on the status of the fee review process and to recommend the Court's approval of the fees and expenses outlined on the attached **Exhibit A** on an *interim* basis, as discussed in detail below. Some of the fees requested by the Retained Professionals[2] (the "Applicants") have been adjusted with their consent and/or are subject to enumerated concerns and potential objections to be addressed at a later stage of these proceedings.  The Fee Examiner asks the Court to continue

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryon's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined shall have the meanings set forth in the Fee Examiner Order.

deferring the application listed on **Exhibit B**, either for the Court's consideration at the January

17, 2024 omnibus hearing, or at a contested fee hearing separately scheduled for that purpose.

## INTRODUCTION

As noted in the *Fee Examiner's Summary Report on Fee Review Process and First Interim Fee Applications Scheduled for Uncontested Hearing on June 28, 2023* [D.I. 1663] (the "First Report") and the *Fee Examiner's Summary Report on Fee Review Process and Second Interim Fee Applications Scheduled for Uncontested Hearing on September 13, 2023* [D.I. 2427] (the "Second Report"), the Bankruptcy Code "clearly contemplates that widespread wholesale adjustments to fees may not be appropriate at the interim compensation phase.  Interim fees awarded pursuant to section 331 are always subject to later adjustment in the final section 330 analysis."  First Report at 4.

For the Third Interim Fee Period (May 1, 2023 through July 31, 2023), the Fee Examiner has once again designated certain issues—including staffing, time spent on specific projects, attendance at hearings and meetings, hourly rate increases, and other similar subjective categories—as "Reserved Issues."  The Reserved Issues allow the parties to continue their discussions with the benefit and context of additional case developments, but an indefinite deferral of the Reserved Issues is both impractical and counter-productive because interim guidance from the Court will likely reduce the number of potentially contested issues that recur.

Applications for the Fourth Interim Fee Period (August 1, 2023 through October 31, 2023) are to be filed on December 15, 2023, with the review and reporting process continuing through the late winter and early spring.  The Fee Examiner expects that the additional perspective obtained with the benefit of one full year of billing data may facilitate more precise recommended adjustments for some, if not all, of the Reserved Issues.  For Reserved Issues ripe for consideration but on which the Fee Examiner and professionals are unable to reach a

consensual agreement, the Fee Examiner will seek the Court's direction through a limited objection proceeding.  Reserved Issues that may be addressed in a limited objection include, but are not limited to:

- Potentially excessive hours and fees devoted to researching and drafting specific pleadings;

- Inadequate time detail supporting the amount of fees devoted to generically-described avoidance actions;

- Potentially excessive fees devoted to investigations and potential causes of action where the time entries are vague, thus preventing the Fee Examiner from evaluating reasonableness with appropriate context;

- Arguably excessive fees devoted to responding to the Fee Examiner's requests for supplemental information and/or protracted negotiations with the Fee Examiner;

- Non-working travel fees and expenses for intraoffice in-person meetings not related to a court event, client meeting, or other circumstance clearly necessitating in person attendance;

- Expenses for local overtime transportation and the appropriate parameters for incurring them;

- Arguably excessive fees spent cataloguing, studying, and monitoring professional fees;

- Apparent duplication or "shadowing" of the work of other retained professionals;

- Excessive fees incurred for attendance at meetings, calls, and conferences by timekeepers whose direct contribution to the case as a whole has not been clearly established;

- Excessive and premature time spent exploring and developing alternative business plans or Chapter 11 plan structures; and

- Motion practice pursued for strategic rather than substantive reasons.

Again, the Fee Examiner expects that some Reserved Issues may be resolved on an uncontested basis through continuing discussions coincident with the Fourth Interim Fee Period Application review cycle.  Based on the Fee Examiner's recent status update meetings with counsel for the Debtors and for the UCC, the next few months will require acute focus on several

critical matters to achieve the goal of plan confirmation in the second quarter of 2024.  The Fee

Examiner does not wish to distract the professionals or the Court from that work.  Nevertheless,

negotiations have reached an impasse on some Reserved Issues, and continuing to delay their

resolution indefinitely merely compounds their significance.  In the next Fee Examiner summary

report to be filed in March 2024, the Fee Examiner will advise the Court of the status of the

remaining Reserved Issues and will outline a proposed schedule and process for them to proceed

as contested matters.  Until then, this Report continues the practice of recommending allowance

of requested fees, both with consensual adjustments and full reservations of rights on Reserved

Issues.

### UNCONTESTED APPLICATIONS RECOMMENDED FOR INTERIM COURT APPROVAL WITH ADJUSTMENTS AND RESERVATIONS OF RIGHTS

#### DEBTOR PROFESSIONALS

*Sullivan & Cromwell LLP*

1.       On September 15, 2023, Sullivan & Cromwell LLP ("S&C") filed the *Third*

*Interim Fee Application of Sullivan & Cromwell LLP* for the period from May 1, 2023 through

July 31, 2023 [D.I. 2523] (the "S&C Third Fee Application"), seeking $32,315,409.10 in fees

and $60,438.89 in expenses.

2.       During the Third Interim Fee Period, S&C advised the Debtors on a wide variety

of complex matters, including investigating customer claims; work on tax matters and asset

security; global regulatory matters; continued work on Joint Provisional Liquidator matters in

Australia and The Bahamas; continued development of a document depository to centralize

responses and requests from government and regulatory authorities; continued work on asset

recovery; pursuit of claims in other cryptocurrency Chapter 11 cases; and continuing to pursue

asset sales, among other things.

3.      The Fee Examiner again identified a number of areas of concern, including

possible overstaffing, apparently excessive meeting and hearing attendance, and various

technical and procedural deficiencies with respect to some time entries (including vague and

lumped entries).  After an extensive exchange of information and discussion, the stipulated

adjustments to fees and expenses outlined on **Exhibit A** are sufficient to address the Fee

Examiner's concerns, with two Reserved Issues:  (1) approximately $2.5 million in fees incurred

to prepare interim reports ($2,252,720.00 in fees incurred to prepare the *Second Interim Report*

*of John J. Ray III to the Independent Directors: The Comingling and Misuse of Customer*

*Deposits at FTX.com* [D.I. 1704, Ex. A] and approximately $250,000 in fees incurred to begin

work on a third, not-yet-filed interim report ) and (2) approximately $10 million in fees devoted

to the investigation and prosecution of avoidance actions that may not have been described with

sufficient detail to allow for a determination of which avoidance matters they relate to (nearly $4

million in fees in the S&C Second Interim Fee Application and nearly $6 million in fees in the

S&C Third Interim Fee Application).  With those express reservations, the Fee Examiner now

recommends Court approval of the S&C Third Fee Application, subject to the Reserved Issues

and as adjusted and outlined on **Exhibit A**.

***Alvarez & Marsal North America, LLC***

4.      On September 15, 2023, Alvarez & Marsal North America, LLC ("A&M") filed

the *Third Interim Fee Application of Alvarez & Marsal North America, LLC* [D.I. 2530] for the

period from May 1, 2023 through July 31**,** 2023 (the "A&M Third Fee Application"), seeking

$35,253,037.00 in fees and $1,536,701.51 in expenses.

5.      During the Third Interim Fee Period, A&M continued performing services related

to the identification of assets, development of accounting records and reporting procedures,

vendor outreach and management services, statements and schedules preparation, analysis of contracts, cooperation with various constituencies including the Official Committee of Unsecured Creditors and the United States Trustee, evaluating potential preference and avoidance actions, assistance with cash management services, and the development of operational restructuring strategies.

6.     The Fee Examiner identified apparently top-heavy staffing, apparently excessive meeting attendance, fees related to non-working travel time, and various technical and procedural deficiencies with respect to some time entries (including vague and lumped entries). After an extensive exchange of information and discussion, the stipulated adjustments to fees and expenses are sufficient to address the Fee Examiner's concerns, with no Reserved Issues.  The Fee Examiner recommends the approval of the A&M Third Fee Application as adjusted and outlined on **Exhibit A**.

***AlixPartners, LLP***

7.     On September 15, 2023, AlixPartners, LLP ("AlixPartners") filed the *Third Interim Fee Application of AlixPartners, LLP, Forensic Investigation Consultant to the Chapter 11 Debtors and Debtors-In-Possession, for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from May 1, 2023 through July 31, 2023* [D.I. 2520] (the "AlixPartners Third Fee Application"), seeking $14,373,266.25 in fees and $213,331.79 in expenses.

8.     As the Debtors' forensic investigation consultant, AlixPartners continued its forensic analysis of financial and accounting data, trading records, and other associated data, the review and analysis of Debtors' historical organizational documents, policies and procedures,

and collecting and structuring of financial and accounting data to construct historical quarterly financial data and began the process of developing entity-by-entity balance sheets.

9.      The Fee Examiner identified a number of areas of concern, including time devoted to fee applications and potentially routine timekeeping tasks, possible overstaffing, apparently excessive intra-office travel meeting attendance, and fees related to non-working travel time.  After an extensive exchange of information and discussion, the stipulated adjustments to fees and expenses are sufficient to address the Fee Examiner's concerns, with no Reserved Issues.  The Fee Examiner is satisfied that the agreed adjustments adequately address all identified issues and now recommends Court approval of the AlixPartners Third Fee Application, as adjusted and outlined on **Exhibit A**.

***Quinn Emanuel Urquhart & Sullivan, LLP***

10.      On September 15, 2023, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") filed the *Third Interim Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP* [D.I. 2531] for the period from May 1, 2023 through July 31, 2023 (the "Quinn Emanuel Third Fee Application"), seeking $9,964,020.82 in fees and $22,688.90 in expenses.

11.      As special counsel to the Debtors, Quinn Emanuel continued assisting the Debtors with investigations into business operations, asset analysis and recovery, avoidance action analysis, and bankruptcy litigation during the Third Interim Fee Period.

12.      The Fee Examiner identified a number of areas of concern, including time devoted to fee applications and potentially routine timekeeping tasks, possible overstaffing, apparently excessive meeting or hearing attendance, and various technical and procedural deficiencies with respect to certain time entries (including vague and lumped entries).  After an extensive exchange of information and discussion, the stipulated adjustments to fees and

expenses are sufficient to address the Fee Examiner's concerns, with two Reserved Issues: $280,779.75 in fees incurred to draft complaints that were not described sufficiently in the time records to allow the Fee Examiner to determine which estate claims the work relates to and $104,700.15 in research related to the same vaguely described causes of action.[3]  The Fee Examiner now recommends Court approval of the Quinn Emanuel Third Fee Application, subject to the Reserved Issues and as adjusted and outlined on **Exhibit A**.

***Landis Rath & Cobb LLP***

13.    On September 15, 2023, Landis Rath & Cobb LLP ("LRC") filed the *Third Interim Fee Application of Landis Rath & Cobb LLP* [D.I. 2529] for the period from May 1, 2023, through July 31, 2023 (the "LRC Third Fee Application"), seeking $1,127,921.50 in fees and $28,805.13 in expenses.

14.    During the Third Interim Fee Period, LRC continued to support the work of other Debtor professionals as Delaware counsel.

15.    The Fee Examiner identified a number of areas of concern, including excessive time recorded for duplicative e-mail tasks, excessive time entry review, and block billing.  LRC has agreed to adjustments to fees that adequately address the Fee Examiner's concerns, with no Reserved Issues.  The Fee Examiner now recommends the LRC Third Fee Application for Court approval on an interim basis, with the adjustments outlined on the attached **Exhibit A**.

---

[3] For the Second Interim Fee Period, the Fee Examiner also designated as Reserved Issues: $433,692.90 in fees incurred to investigate potential avoidance action targets that were not described sufficiently in the time records to allow the Fee Examiner to determine which estate claims the work relates to and $844,158.60 in litigation work related to the same vaguely described causes of action.

**UCC PROFESSIONALS**

*Paul Hastings LLP*

16.     On September 15, 2023, Paul Hastings LLP ("Paul Hastings") filed the *Third Interim Fee Request of Paul Hastings LLP* [D.I. 2524] and the *Supplement to the Third Interim Fee Application of Paul Hastings* [D.I. 2525] (the "Paul Hastings Third Fee Application"), seeking $9,072,604.00 in fees and $228,674.42 in expenses.

17.     During the Third Interim Fee Period, Paul Hastings continued to advise the UCC on a wide variety of matters, including investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors and assisting the UCC with the analysis of its claims against the Debtors.  Paul Hastings also continued to expend significant resources in pursuit of an alternative business plan and Chapter 11 Plan structure.

18.     The Fee Examiner identified areas of significant concern, including but not limited to time spent monitoring Debtors' professionals' fees, repetitive and vaguely-described billing, staffing inefficiencies, apparently excessive time spent on committee calls and meetings, duplicating the work of Debtors' professionals on avoidance and preference analysis, and arguably unnecessary work in pursuit of an alternative business plan—all Reserved Issues.

19.     The following concerns remain Reserved Issues:  $102,912.00 in potentially excessive fees to prepare Paul Hastings' third interim fee application, $58,462.50 in fees to monitor the Debtors' professionals' fees, $658,800.00 in fees for document review, $654,476.00 in arguably excessive UCC meeting attendance, $1,569,981.00 in fees to work on potentially duplicative services relating to various sales, $279,380.50 in fees for work on  lift-stay motions, $63,574.00 in fees relating to the Chapter 11 examiner appointment motion and appeal, $116,853.50 in fees relating to the Debtors' exclusivity motion, $240,040.50 in fees for a motion to seal, $197,165.00 in fees for claims bar date analysis, $122,279.00 in fees incurred to monitor

other cryptocurrency Chapter 11 cases, $210,635.50 in preference claim analysis apparently duplicative of the Debtors' professionals' work, $275,537.00 in fees for the exchange restart, $260,917.50 relating to potentially overstaffed regulatory analyses, $219,851.00 in fees to monetize coins and value tokens, and $1,739,436.50 in fees for unnecessary work on an alternative plan structure.[4]  With those express reservations the Fee Examiner recommends Court approval of the Paul Hastings Third Fee Application on an interim basis, subject to the Reserved Issues and as adjusted and outlined on **Exhibit A**.

***FTI Consulting, Inc.***

20.     On September 15, 2023, FTI Consulting, Inc. ("FTI") filed the *Third Interim Fee Request of FTI Consulting, Inc.* [D.I. 2524] and the *Supplement to the Third Interim Fee Application of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Period May 1, 2023 Through July 31, 2023* [D.I. 2527] (the "FTI Third Fee Application"), seeking $7,204,581.00 in fees and $295,682.39 in reimbursement for expenses.

21.     During the Third Interim Fee Period, FTI continued advising the UCC on the Debtors' business operations, monitoring professional fees, investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, and performing extensive financial analysis related to the UCC's potential alternative business and Chapter 11 plans.

22.     The Fee Examiner identified a number of areas of concern, including rate increases, retention and fee application time, potential staffing and rate inefficiencies, apparently

---

[4] For the Second Interim Fee Period, the Fee Examiner also designated the following fees as Reserved Issues: $625,719.00 in out-of-cycle rate increases; $75,745.00 for professional fee tracking; $25,767.15 in excessive repetitive billing activities; $454,888.00 for excessive UCC meeting attendance; $204,623.48 for excessive pleading review; $321,930.50 for potential overstaffing on lift stay motions; $203,446.00 for the Chapter 11 examiner appointment and related appeal; $119,738.00 for a dispute over exclusivity; $244,326.00 for potentially duplicative services on a motion to seal; more than $200,000 for arguably duplicative services regarding other cryptocurrency Chapter 11 cases; $656,808.00 for avoidance and preference analysis; $2,123,368.02 for sale-related activities; $615,434.00 related to the exchange restart, and $137,586.50 related to FTX Japan.

excessive meeting attendance, and various technical and procedural deficiencies with respect to some time entries (including vague entries).

23.    After an exchange of information and discussion about the FTI Third Fee Application, the Fee Examiner has identified the following Reserved Issues: $222,678.50 in fees incurred solely as the result of out-of-cycle billing rate increases, $26,172.50 in fees spent monitoring and projecting professional fees, $245,539.00 in potentially unnecessary and/or duplicative work on a potential exchange restart, $810,291.50 in fees spent developing an alternative plan of reorganization and disclosure statement, and $290,971.90 in third-party legal fees incurred in connection with FTI's retention.[5]

24.    Subject to further analysis and recommendation on the Reserved Issues, the Fee Examiner recommends Court approval of the FTI Third Fee Application on an interim basis, as adjusted and outlined on **Exhibit A**.

*Young Conaway Stargatt & Taylor, LLP*

25.    On September 15, 2023, Young Conaway Stargatt & Taylor, LLP ("Young Conaway") filed the *Third Interim Fee Request of Young Conaway Stargatt & Taylor, LLP* [D.I. 2524] and the *Supplement to Third Interim Fee Request of Young Conaway Stargatt & Taylor, LLP* [D.I. 2526] (the "Young Conaway Third Fee Application"), seeking $391,477.00 in fees and $4,933.85 in expenses.

26.    During the Third Interim Fee Period, Young Conaway continued in its role as Delaware counsel to the UCC.

27.    The Fee Examiner identified a number of areas of concern—primarily the firm's

---

[5] For the First and Second Interim Fee Periods, the Fee Examiner also designated as Reserved Issues: $86,653.00 in out-of-cycle rate increases, $13,862.00 in fees for cataloguing and tracking professional fees, $135,115.00 for preparation of a "fee study," more than $900,000 in arguably premature or duplicative work on an exchange restart, and $58,440.00 in fees to develop an alternative "compliance framework" for the UCC's alternative plan structure.

continued practice of staffing all case matters with two partners.  This included hearing

attendance by both partners, as well as technical and procedural deficiencies with respect to

certain time entries (including vague and lumped task descriptions).  After an extensive exchange

of information and discussion, the Fee Examiner has identified the following Reserved Issues:

$43,119.50 in fees for extensive attendance on UCC calls and $88,768.50 in arguably excessive

monitoring of the Voyager litigation.[6]

28.     Subject to that reservation, the Fee Examiner recommends Court approval of the

Young Conaway Third Fee Application on an interim basis, as adjusted and outlined on

**Exhibit A**.

## FEE APPLICATION RECOMMENDED FOR DEFERRAL

*Ernst & Young LLP*

29.     On June 15, 2023, Ernst & Young LLP ("EY") filed the *First Interim Fee

Application of Ernst & Young LLP* [D.I. 1654] for the period from November 28, 2022 through

January 31, 2023 (the "EY First Fee Application"), requesting $2,394,291.00 in fees and

$45,224.21 in expenses.

30.     During the First Interim Fee Period, EY advised the Debtors on a variety of

complex tax matters.

31.     The Fee Examiner's Confidential Letter Report identified a number of areas of

concern, and EY has not yet provided a substantive response.  As such, the Fee Examiner once

again recommends deferral of the EY First Fee Application.

---

[6] For the Second Interim Fee Period, the Fee Examiner also identified as Reserved Issues: $63,095.00 in fees for
UCC calls and meetings and $215,373.50 in fees for work on the Voyager litigation.

### NOTICE

32.      Pursuant to ¶ 9(g) of the Fee Examiner Order, the Fee Examiner will serve this

Summary Report by e-mail on counsel for the Debtors, on counsel for the Committee, and each

Applicant.  The Fee Examiner will also serve this Summary Report upon the U.S. Trustee by

e-mail and first-class mail.  A copy of this report is available on the website of the Debtors'

notice and claims agent at https://restructuring.ra.kroll.com/FTX/.  The Fee Examiner submits

that, in light of the nature of this report, no other or further notice need be given.

### CONCLUSION

**WHEREFORE**, the Fee Examiner respectfully requests the entry of an order, to be

submitted by Debtors' counsel under certification, granting the relief requested and such other

and further relief as the Court may deem just and proper.

Dated:  December 5, 2023.

**GODFREY & KAHN, S.C.**

By  */s/ Mark W. Hancock*
     Mark W. Hancock (*Pro Hac Vice*)
     One East Main Street, Suite 500
     Madison, WI 53703
     Telephone: (608) 297-3911
     E-mail: mhancock@gklaw.com

     *Counsel for Fee Examiner*

     Katherine Stadler
     ftxfeeexaminer@gklaw.com
     *Fee Examiner*

30320374.4

# EXHIBIT A

In re: FTX Trading Ltd., et al.

DEB Case No. 22-11068 (JTD)

**Exhibit A**

**Third Interim Fee Period Applications Recommended:**

| | Applicant | Compensation Period Docket Index Filed Date | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|---|
| | **Third Interim Fee Period (May 1, 2023 - July 31, 2023)** | | | | | | | | |
| 1 | **AlixPartners, LLP** *Forensic Investigation Consultant to the Debtors* | 5/1/2023 - 7/31/2023 D.I. 2520 9/15/2023 | $14,373,266.25 | $380,669.79 | $213,331.79 | $53,022.36 | | $13,992,596.46 | $160,309.43 |
| 2 | **Alvarez & Marsal North America, LLC** *Financial Advisors to the Debtors* | 5/1/2023 - 7/31/2023 D.I. 2530 9/15/2023 | $35,253,037.00 | $350,000.00 | $1,536,701.51 | $20,000.00 | | $34,903,037.00 | $1,516,701.51 |
| 3 | **FTI Consulting, Inc.** *Financial Advisor to the Official Committee of Unsecured Creditors* | 5/1/2023 - 7/31/2023 D.I. 2524, 2527 9/15/2023 | $7,204,581.00 | $170,777.99 | $295,682.39 | $192.10 | | $7,033,803.01 | $295,490.29 |
| 4 | **Landis Rath & Cobb LLP** *Co-Counsel to the Debtors* | 5/1/2023 - 7/31/2023 D.I. 2529 9/15/2023 | $1,127,921.50 | $36,071.25 | $28,805.13 | $0.00 | | $1,091,850.25 | $28,805.13 |
| 5 | **Paul Hastings LLP** *Lead Counsel to the Official Committee of Unsecured Creditors* | 5/1/2023 - 7/31/2023 D.I. 2524, 2525 9/15/2023 | $9,072,604.00 | $60,606.96 | $228,674.42 | $151.59 | | $9,011,997.04 | $228,522.83 |
| 6 | **Quinn Emanuel Urquhart & Sullivan, LLP** *Special Counsel to the Debtors* | 5/1/2023 - 7/31/2023 D.I. 2531 9/15/2023 | $9,964,020.82 | $125,000.00 | $22,688.90 | $1,209.37 | | $9,839,020.82 | $21,479.53 |
| 7 | **Sullivan & Cromwell, LLP** *Lead Counsel to the Debtors* | 5/1/2023 - 7/31/2023 D.I. 2523 9/15/2023 | $32,315,409.10 | $585,000.00 | $60,438.89 | $0.00 | FN1 | $31,730,409.10 | $0.00 |
| 8 | **Young Conaway Stargatt & Taylor, LLP** *Co-Counsel to the Official Committee of Unsecured Creditors* | 5/1/2023 - 7/31/2023 D.I. 2524, 2526 9/15/2023 | $391,477.00 | $11,376.30 | $4,933.85 | $123.70 | | $380,100.70 | $4,810.15 |

**FN1** - The Fee Examiner has agreed to defer consideration of Sullivan & Cromwell's third interim expenses subject to the production of additional supporting documentation.

# EXHIBIT B

In re: FTX Trading Ltd., et al.

DEB Case No. 22-11068 (JTD)

**Exhibit B**

**First Interim Fee Period Application Deferred:**

| | Applicant | Compensation Period Docket Index Filed Date | Interim Fees Requested | Fee Examiner's Recommended Fee Adjustments | Interim Expenses Requested | Fee Examiner's Recommended Expense Adjustments | Interim Fees Recommended for Approval | Interim Expenses Recommended for Approval |
|---|---|---|---|---|---|---|---|---|
| *First Interim Fee Period (November 11, 2022 - January 31, 2023)* | | | | | | | | |
| 1 | **Ernst & Young LLP** *Tax Services Provider to the Debtors* | 11/28/2022 - 1/31/2023 D.I. 1654 6/15/2023 | $2,394,291.00 | | $45,224.21 | | | |