**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 25, 2024 at 10:00 a.m. ET**<br>**Obj. Deadline: December 20, 2023 at 4:00 p.m. ET** |

**THIRD MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING
THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS
MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors")[2] hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), further extending the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof. Specifically, the Debtors seek to (a) extend the Debtors' exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") from December 6, 2023 for an additional 90 days through and including March 5, 2024 and (b)

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] For the avoidance of doubt, this Motion seeks to extend only the Exclusive Periods for FTX Trading Ltd. and its affiliated debtors and debtors-in-possession and not for Debtor Emergent Fidelity Technologies Ltd.

{1368.002-W0073571.}

extend the Debtors' exclusive period to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") from February 4, 2024 for an additional 120 days through and including June 4, 2024, in each case without prejudice to the Debtors' ability to seek further extensions of the Exclusive Periods. In support of the Motion, the Debtors respectfully state as follows:

**Preliminary Statement**

1. It is well-established that these Chapter 11 Cases involve an unprecedented combination of scale and complexity. Spanning over a dozen countries, the Debtors' sprawling businesses range from cryptocurrency and derivative exchanges to trading businesses and investment vehicles. Organizing these businesses and recovering their assets has taken time, especially in light of the incomplete nature of prepetition books and records and failure by prepetition management to implement appropriate business processes and controls. Compounding these difficulties, there have been criminal investigations and prosecutions of the prepetition senior management, plus numerous other U.S. Federal, State, Congressional and global regulatory inquiries.

2. The Debtors have made deliberate and methodical progress towards confirmation of a viable consensual plan of reorganization. On July 31, 2023, the Debtors filed a Draft Plan and accompanying draft term sheet identifying the outstanding open issues with the Committee and other creditor groups. In September and October 2023, the Debtors hosted creditor meetings to build upon that momentum and to advance the plan process. As a result, the Debtors are poised to file a largely consensual amended plan and an accompanying disclosure statement and solicitation procedures motion in December.

3. Meanwhile, the Debtors continue to progress toward a consensual

arrangement with the Joint Official Liquidators of FTX DM and FTX Australia, cooperative understandings with the Department of Justice with respect to asset forfeitures, the voluntary subordination of governmental claimants behind the victims of the fraudulent activities of prepetition insiders, the resolution of material claims that could complicate confirmation of a plan or distributions to creditors, the valuation of hundreds of novel digital assets in a court-approved process, the resolution of disputes about the legal nature of digital asset entitlements, the pursuit of dozens of material avoidance actions, the design of a global preference settlement process for exchange customers, the potential facilitation of claims trading in the form of a "token" effectuated by a sale of the FTX.com exchange (not previously attempted at meaningful scale) and a myriad of other critically important workstreams. In addition, the Debtors have agreed to sensible dispute resolution procedures with the estates of Voyager Digital, BlockFi, and Three Arrows Capital.

4. By this Motion, the Debtors seek a 90-day extension of the Exclusive Filing Period and a 120-day extension of the Exclusive Solicitation Period to have sufficient time to finalize the terms of the consensual plan and to solicit votes in these complex Chapter 11 Cases. This extension will protect the agreement that the Debtors, the Committee and other creditor groups have fought so hard to reach and allow the plan process to come to its natural and orderly conclusion. The Debtors' third request for an extension of the Exclusive Periods should be granted.

## Background

5. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

6. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

7. On April 12, 2023, the Court entered the *Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 1276] (the "First Exclusivity Extension Order"). The First Exclusivity Extension Order extended the Exclusive Filing Period to September 7, 2023 and the Exclusive Solicitation Period to November 6, 2023. On July 31, 2023, the Debtors filed the *Draft Plan of Reorganization* and accompanying *Term Sheet* [D.I. 2100] (together, the "Draft Plan"). On September 25, 2023, the Court ordered the *Second Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 2698] (the "Second Exclusivity Extension Order"). The Second Exclusivity Extension Order extended the Exclusive Filing Period to December 6, 2023 and the Exclusive Solicitation Period to February 4, 2024.

**Jurisdiction**

8. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 1221(d) of the Bankruptcy Code. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

9. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, extending (a) the Exclusive Filing Period from December 6, 2023 by 90 days through and including March 5, 2024, and (b) the Exclusive Solicitation Period from February 4, 2024 by 120 days through and including June 3, 2024, in each case without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

**Basis for Relief**

**I.   Legal Standard for Extending the Exclusive Periods.**

10. Sections 1121(b) and (c) of the Bankruptcy Code provide, respectively, that a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case and the exclusive right to solicit votes for its plan for an additional 60 days. 11 U.S.C. §§ 1121(b), (c). On April 12, 2023, the Court granted an initial extension of the Exclusive Periods for 180 days. Currently, the Debtors' Exclusive Filing Period will expire on September 7, 2023,

and the Debtors' Exclusive Solicitation Period will expire on November 6, 2023.[3]

11. Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend a debtor's exclusive period for filing a chapter 11 plan and to solicit votes thereof, for "cause" shown, to a date that is no later than 18 months (to file a plan) and 20 months (to solicit votes) from the Petition Date. 11 U.S.C. § 1121(d). Although the Bankruptcy Code does not define "cause," legislative history indicates that it is intended to be a flexible standard that provides bankruptcy courts discretion to extend the exclusivity period based on the specific circumstances of a particular case. *See* H.R. Rep. No. 95-595 at 231; *see also First Am. Bank* v. *Sw. Gloves & Safety Equipment, Inc.*, 64 B.R. 963, 965 (Bankr. D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion."). This flexibility is intended to give a debtor an adequate opportunity to stabilize its businesses at the outset of the case and to then negotiate a plan with its creditors. *See In re Spansion, Inc.*, 426 B.R. 114, 140-41 (Bankr. D. Del. 1991) ("The purpose of the exclusivity period is to provide a debtor . . . with 'the unqualified opportunity to negotiate a settlement and propose a plan of reorganization.'") (internal quotation omitted).

12. The complexity and size of a chapter 11 case alone may warrant extension of the exclusive periods in order to permit a debtor a meaningful opportunity to formulate and seek confirmation of a chapter 11 plan. *See, e.g.*, *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987) (holding that "cause" existed to grant the debtor's first request to extend exclusivity based on the size and complexity of the case); *accord In re Nicolet, Inc.*, 80 B.R. 733, 741-42 (Bankr.

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Exclusive Periods automatically extends the Exclusive Periods until the Court acts on the Motion without the necessity for entry of a bridge order.

E.D. Pa. 1987) (refusing to deny the debtor's exclusivity motion, despite the debtor's failure to show cause, because of the case's complexity). In addition, courts often consider non-exclusive factors in determining whether "cause" exists to extend a debtor's exclusive periods, including:

- the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

- the existence of good faith progress toward reorganization;

- the fact that the debtor is paying its bills as they come due;

- whether the debtor has demonstrated reasonable prospects for filing a viable plan;

- whether the debtor has made progress in its negotiations with creditors;

- the amount of time that has elapsed in the case;

- whether the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and

- the existence of an unresolved contingency.

*See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (reciting these "objective factors[,] which courts historically have considered"); *In re Burns & Roe Enters.*, 2005 WL 6289213, at *3-4 (D.N.J. Nov. 2. 2005) (listing some of these factors in defining "cause").

13.     Not all of these factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods. *See In re Texaco*, 76 B.R. at 327 (holding that "sheer size alone" provided sufficient cause to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) ("[N]ot all [factors] are relevant in every case. Nor is it simply a question of adding up the number of factors which weigh for and against an extension. It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); *see also In re Cent. Jersey Airport Servs.*, 272 B.R. 176, 184 (Bankr. D.N.J. 2002) (discussing only two of nine factors in holding that the debtor

had shown cause).

14.     This Motion is the Debtors' third request to extend the Exclusive Periods. Courts in this district routinely grant third requests to extend exclusivity in large, complex reorganizations similar to these Chapter 11 Cases. *See, e.g.*, *In re CalPlant I Holdco, LLC*, Case No. 21-11302 (JTD) (Dec. 2, 2022) [D.I. 476] (granting third exclusivity extension by approximately 128 days); *In re Mallinckrodt PLC*, Case No. 20-12522 (JTD) (Nov. 29, 2021) [D.I. 5558] (granting third exclusivity extension by 120 days); *In re Boy Scouts of Am. & Del. BSA, LLC*, Case No. 20-10343 (LSS) [D.I. 6076] (Aug. 18, 2021) (granting third exclusivity extension by approximately 150 days); *In re RentPath Holdings, Inc.*, Case No. 20-10312 (BLS) [D.I. 854] (Mar. 15, 2021) (granting third exclusivity extension by 128 days).

**II.     Ample Cause Exists to Extend the Debtors' Exclusive Periods.**

15.     The unusual context of these Chapter 11 Cases make for ample cause to grant the Debtors' requested extension of the Exclusive Periods.

A.     <u>These Chapter 11 Cases are Large and Complex.</u>

16.     This Court is very familiar with the unique size and complexity of these Chapter 11 Cases. The breadth and depth of novel regulatory, financial and legal issues involved is well-established. The Chapter 11 Cases span dozens of jurisdictions, include nearly 100 current Debtors, and involve millions of creditors across the world and billions of dollars in assets. The primary chapter 11 process, along with the contemporaneous adversary proceedings and other litigation, including with respect to debtors in other complex chapter 11 cryptocurrency proceedings, continue to raise unprecedented procedural and substantive questions of law. Compounding these challenges are the dozens of parallel criminal and regulatory inquiries, culminating in the highly publicized convictions of prior management.

B.      <u>More Time is Necessary to Permit the Debtors to Finalize Negotiations for a Chapter 11 Plan.</u>

17.      The Debtors have advanced these Chapter 11 Cases significantly since the Second Exclusivity Extension Order. With respect to the central intercreditor issues in these Chapter 11 Cases and the dispute concerning the nature of customer digital asset claims, the Debtors have made considerable progress. Following months of negotiations, the Debtors, the Ad Hoc Group of Non-U.S. Customers of FTX.com (the "<u>Ad Hoc Committee</u>"), the Committee and other key stakeholders executed the Settlement and Plan Support Agreement (the "<u>PSA</u>") [D.I. 3291], reflecting "their mutual support and commitment with respect to the [Debtors' forthcoming plan] and [related transactions] in order to facilitate the consensual emergence of the estates of the Debtors from chapter 11." (PSA at 3.) However, the plan process is not complete. The Debtors must still incorporate an approach to resolving disputes with their Bahamian and Australian subsidiaries, the resolution or subordination of claims by multiple governmental authorities, a process for valuing digital assets, and the outcome of the Debtors' exploration of strategic alternatives for the FTX.com exchange. The Debtors need at least a 90-day extension of the Exclusive Filing Period to complete this work.

C.      <u>The Debtors Have Made Significant Progress in These Chapter 11 Cases.</u>

18.      The Debtors have continued to make substantial progress since the Second Exclusivity Extension Order. As otherwise noted, the Debtors have, among other things:

- Begun processing, reviewing and reconciling thousands of proofs of claims for both customer and non-customer claims;
- Continued to identify and recover billions of dollars of liquid assets, many of which were frozen by custodians and/or held in the names of third parties to disguise ownership;
- Collected, organized and reviewed voluminous corporate records across various traditional and non-traditional media of communications;

- Continued to reconstruct the Debtors' prepetition balance sheets;

- Continued providing information to, and cooperating with requests from, global law enforcement and regulatory authorities, including the U.S. Department of Justice, the Financial Services Committee of the U.S. House of Representatives, the U.S. Securities and Exchange Commission, the U.S. Commodity Futures Trading Commission, and numerous State and foreign authorities;

- Investigated, prepared, filed and prosecuted significant litigation claims, including numerous avoidance actions;

- Continued to represent the Debtors in other cryptocurrency chapter 11 cases, including Voyager Digital, Celsius Networks, BlockFi, Genesis Digital and Three Arrows Capital;

- Entered into a court approved settlement agreement with BlockFi, pursuant to which, among other things, the Debtors received an allowed subordinated claim for $275 million and the BlockFi debtors agreed to lift the automatic stay to allow litigation of certain of the Debtors' claims against BlockFi debtors;

- Entered into a court-approved settlement agreement with Genesis that resulted in the Debtors' holding an allowed claim against Genesis Global Capital for $175 million and the release of all of the Genesis debtors' claims against the Debtors;

- Continued to provide significant amounts of information to the Committee and customers;

- Proposed and received approval from this Court to sell, hedge and stake certain digital assets in accordance with certain investment guidelines;

- Continued pursuit of a sale of the FTX.com exchange;

- Negotiated and entered into the PSA with the Ad Hoc Committee, certain claimants in a class action against the Debtors and the Committee, which, among other things, settles certain litigation against the Debtors subject to effectiveness of the Debtors' Draft Plan, establishes a preference policy to be implemented therein, and settles the amount of customer shortfall claims in the Draft Plan;

- Continued mediation to resolve the Debtors' claims against Voyager; and

- Advanced significant negotiations to resolve disputes between the Debtors and the joint official liquidators of FTX Digital Markets Ltd.

19. Given the substantial progress that has been made, the Debtors submit that a 90-day extension of the Exclusive Filing Period is appropriate to permit the filing of the Debtors' plan without the attendant risks of having lost exclusivity; and a 120-day extension of the Exclusive Solicitation Period is appropriate to allow time for solicitation on that plan.

D. The Debtors Continue to Pay Their Bills as They Become Due.

20. The Debtors have been paying their undisputed postpetition bills as they become due. Because the Debtors continue to meet their ongoing postpetition obligations, the requested extension of the Exclusive Periods will not jeopardize the rights of any creditors or other parties providing goods or services to the Debtors during these Chapter 11 Cases.

E. The Debtors Are Filing a Revised Plan Imminently.

21. The Debtors have used their prior extensions of the Exclusivity Periods constructively and are now mere days away from filing an amended chapter 11 plan. Since the Second Exclusivity Order, the Debtors have made significant advancement towards confirmation of a chapter 11 plan. As described above, the Debtors and key creditor constituencies have negotiated and entered into the PSA, which creates binding obligations on creditor constituencies to settle key disputes with the Debtors and support the Debtors' plan process. As detailed in the Debtors' timeline shared with the Committee and this Court, the Debtors are now poised to file a viable consensual amended plan, reflecting the terms of the PSA, and accompanying documents by December 16, 2023. As such, this factor weighs in favor of allowing the Debtors to extend the Exclusive Periods.

F. The Debtors Have Made Progress in Discussions with Creditors and Other Parties-In-Interest.

22. The Debtors have continued to collaborate with their creditors, including the Committee and the Ad Hoc Committee. These discussions have culminated in the PSA and

the plan that the Debtors are soon to file. That plan reflects hard-fought consensus around a range of challenging and complex issues with numerous interested stakeholders. Accordingly, a further extension of the Exclusive Solicitation Period, coupled with a modest extension of the Exclusive Filing Period, will further the Debtors' efforts to progress these Chapter 11 Cases in collaboration with their creditors.

G.   Time Elapsed in These Chapter 11 Cases.

23.   This is the Debtors' third request for an extension of the Exclusive Periods and comes just more than a year after the Petition Date. As referenced above, courts in this district routinely grant debtors' third requests for extension of the exclusivity periods in cases of this size and complexity.

H.   The Debtors Are Not Seeking an Extension to Pressure Creditors.

24.   This request to extend the Exclusive Periods is not intended to exert pressure on creditors or any other interested party in these Chapter 11 Cases. To the contrary, the Debtors propose extending the Exclusive Periods to permit the Debtors to capitalize on the momentum they have built and to file a plan that is the result of constructive discussions and negotiations with the key stakeholders in these Chapter 11 Cases.

I.   Termination of the Debtors' Exclusive Periods Would Adversely Impact These Chapter 11 Cases.

25.   Termination of the Exclusive Periods would risk significant cost and delay to these Chapter 11 Cases. The Debtors are days away from filing a viable plan and accompanying disclosure statement and proposed solicitation procedures. Moreover, termination of the Exclusive Periods would constitute a termination event under the PSA. Termination of exclusivity now, immediately prior to the plan being filed, would thus be detrimental to the estates and all of the Debtors' stakeholders. Accordingly, the Debtors submit that a further 90-day extension of the

Exclusive Filing Period and 120-day extension of the Exclusive Solicitation Period is appropriate in light of the facts and circumstances of these Chapter 11 Cases.

## Notice

26. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

<table>
<tr><td>Dated: December 5, 2023<br>Wilmington, Delaware</td><td>**LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>       brown@lrclaw.com<br>       pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>       bromleyj@sullcrom.com<br>       gluecksteinb@sullcrom.com<br>       kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession*</td></tr>
</table>