

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| FTX TRADING LTD, et al., | ) | |
| | ) | Case No. 22-11068 (JTD) |
| Debtors. | ) | |
| | ) | |

## UNITED STATES' FIRST SET OF COMBINED DISCOVERY REQUESTS

The United States requests that Debtors FTX Trading LTD, *et al*. respond to the requests

below and produce the documents requested below pursuant to Fed. R. Civ. P. 33, and 34.

Written answers to these requests must be served within 30 days of service.  Fed. R. Civ.

P. 33(b)(2), 34(b)(2)(A); Fed. R. Bankr. P. 9014(c).  However, given the accelerated timeline

sought by the Debtors, the United States requests that the Debtors respond to these requests

within 14 days of receipt. Instructions and definitions may be found at the end of these requests.

## REQUESTS

**A. FTX's Presence in the United States**

**Request for Admission No. 1:** Admit that Samuel Bankman-Fried operated in the United States

as an agent of FTX for purposes of determining FTX's effectively connected income and

Subchapter F.

**Response:**

**Interrogatory No. 1:** If you deny Request for Admission No. 1, state the basis for your denial.

**Response:**

**Request for Production No. 1:** If you deny Request for Admission No. 1, provide support for your assertion that Samuel Bankman-Fried did not operate in the United States as an agent of FTX.

**Response:**

**Request for Admission No. 2:** Admit that Allen Bankman and Barbara Fried operated in the United States as agents of FTX.

**Response:**

**Interrogatory No. 2:** If you deny Request for Admission No. 2, state the basis for your denial.

**Response:**

**Request for Production No. 2:** If you deny Request for Admission No. 2, provide support for your assertion that Allen Bankman and Barbara Fried did not operate in the United States as agents of FTX.

**Response:**

**Request for Admission No. 3:** Admit that Gary Wang, Nishad Singh, and Caroline Ellison operated in the United States as agents of FTX.

**Response:**


**Interrogatory No. 3:** To the extent you contend that Gary Wang, Nishad Singh, and Caroline Ellison, and any other agent, employee, contractor, officer, or director did not operate in the United States as an agent of FTX, state the basis.  For example, if Caroline Ellison spent time in the United States during tax years 2018 to 2022, identify the dates and state the purposes of each visit and how that visit was not work related.

**Response:**


**Request for Production No. 3:** Provide support for your response to Interrogatory No. 3.

**Response:**


**Request for Admission No. 4:** Admit that FTX sold the FTX Token ("FTT") in the United States to U.S. customers.

**Response:**


**Interrogatory No. 4:** If you deny Request for Admission No. 4, state the basis for your denial. Specifically, state where FTT were sold.

**Response:**

**Request for Production No. 4:** If you deny Request for Admission No. 4, provide support for your assertion that FTX did not sell the FTT in the United States to U.S. customers.

**Response:**

**Request for Admission No. 5:** Admit that FTX sold services, including but not limited to a global cryptocurrency exchange, in the United States or to U.S. customers.

**Response:**

**Interrogatory No. 5:** If you deny Request for Admission No. 5, state the basis for your denial.

**Response:**

**Request for Production No. 5:** If you deny Request for Admission No. 5, provide support for your assertion that FTX did not sell services in the United States to U.S. customers.

**Response:**

**B. Substantiation of Certain Deductions and Expenses.**

**Interrogatory No. 6:** State the basis for the $6,266,045,343 short term capital loss and $3,019,433 long-term capital loss reported on Schedule D of Alameda Research, LLC's 2022 tax return, attached as Exhibit A.

**Response:**

**Request for Production No. 6:** Provide all support and substantiation used to calculate the $6,266,045,343 short term capital loss and $3,019,433 long-term capital loss reported on Schedule D of Alameda Research, LLC's 2022 tax return, attached as Exhibit A.

**Response:**

**Interrogatory No. 7:** State the basis for the $2,678,143,305 loss reported on Statement 2 of Alameda Research, LLC's 2021 tax return, attached as Exhibit B.

**Response:**

**Request for Production No. 7:** Provide all support and substantiation used to calculate the $2,678,143,305 loss reported on Statement 2 of Alameda Research, LLC's 2021 tax return, attached as Exhibit B.

**Response:**

**Interrogatory No. 8:** State the basis for the $493,222,638 loss reported on Statement 1 of Alameda Research, LLC's 2020 tax return, attached as Exhibit C.

**Response:**

**Request for Production No. 8:** Provide all support and substantiation used to calculate the $493,222,638 loss reported on Statement 1 of Alameda Research, LLC's 2020 tax return, attached as Exhibit C.

**Response:**

**Interrogatory No. 9:** State the basis for the $34,958,325 loss reported on Statement 1 of Alameda Research, LLC's 2019 tax return, attached as Exhibit D.

**Response:**

**Request for Production No. 9:** Provide all support and substantiation used to calculate the $34,958,325 loss reported on Statement 1 of Alameda Research, LLC's 2019 tax return, attached as Exhibit D.

**Response:**

**Request for Production No. 10:** Provide full and complete copies of all tax returns and documents used to prepare the returns filed by FTX, including but not limited to Alameda Research, LLC for the 2018 through 2022 tax years. Complete copies should include all supporting schedules and documents used in preparing the tax returns.

**Response:**

**Request for Production No. 11:** Provide all Quickbooks records and/or other accounting records for FTX for the tax years 2018 through 2022.

**Response:**

**Request for Production No. 12:** Provide the general ledger for FTX for the tax years 2018 through 2022.

**Response:**

**Interrogatory No. 10:** To the extent the Debtors assert that the entries of cash, other current assets, other investments, and other assets listed on its Form 1040, Schedule Ls for the tax years 2018 to 2022 should not be treated as income due to misappropriation, embezzlement, or other theory that would make these assets taxable as income, state the basis for this assertion.

**Response:**

**Request for Production No. 13:** Provide all support and substantiation used to determine the cash, other current assets, other investments, and other assets listed on its Form 1040, Schedule Ls for the tax years 2018 to 2022 and to demonstrate the assets are not income.

**Response:**

**C. Disclosure and Evidentiary Support**

**Interrogatory No. 11:** State the amount of the IRS's claim per the Debtors' estimation and state the basis for that estimation.

**Response:**

**Request for Production No. 14:** Provide all documents or data relied upon in determining the Debtors' estimation of the IRS's claim as described in Interrogatory number 11.

**Response:**

**Interrogatory No. 12:** List all witnesses the Debtor intends to call as fact or expert witnesses during any evidentiary hearing regarding the Debtors' [Motion to Schedule Estimation Hearing].

**Response:**

**Request for Production No. 15:** For each expert witness identified in response to interrogatory number 12, provide a report or statement, consistent with Fed. R. Civ. P. 26(a)(2)(B) or (C).

**Response:**

**Request for Production No. 16:** Provide all documents or data shared or relied upon by the expert witnesses described in Interrogatory number 12.

**Response:**

**Interrogatory No. 13:** Identify each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises for any evidentiary hearing on Debtors' [Motion to Schedule Estimation Hearing].

**Response:**

**Request for Production No. 17:** Provide all documents identified in Interrogatory number 13.

**Response:**

**Interrogatory No. 14:** If the Debtor disagrees with statements made in the reports of John Ray, III, identify those disagreements and state the basis for those disagreements.

**Response:**

## <u>CERTIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that I have reviewed the foregoing answers to the interrogatories and that they are true, correct, and complete.

Executed on _____          _____

                                       Name:  _____

                                       Title:  _____

## INSTRUCTIONS

1.  <u>Address for Responses</u>:  Responses must be made in writing.  The undersigned counsel would strongly prefer the response to be served electronically via email or uploading to JEFS.  Responses can be made by email to Elisabeth.M.Bruce@usdoj.gov and Stephanie.A.Sasarak@usdoj.gov if each email is less than 15 megabytes in size.  Each email should be sent with a subject line indicating the total number of emails being sent (*e.g*., Case Name – Production Email 1 of 5).  If service is not made electronically, then responses should be served via overnight delivery on one of the two following addresses, depending on the type of delivery service:

| (For U.S. Mail) | (For FedEx or other private courier) |
|---|---|
| ELISABETH M. BRUCE | ELISABETH M. BRUCE |
| Trial Attorney, Tax Division | Trial Attorney, Tax Division |
| U.S. Department of Justice | U.S. Department of Justice |
| P.O. Box 227 | 1275 1st St NE |
| Washington, DC 20044 | One Constitution Square |
| | Washington, DC  20002--5618 |

2.  <u>Format for Producing Documents</u>:  Most production may be made by producing electronic copies of the responsive documents as PDF files with an appropriate load file.

   a.  For PDF production, all hidden text such as track changes, hidden columns, *etc*., should be expanded and rendered in the PDF or native file.  For files that cannot be expanded the native files shall be produced with the image files.

   b.  Any data or files that are encrypted or password protected should be decrypted and/or passwords removed prior to production. If a password cannot be removed, the password must be provided.

   c.  Microsoft Access Databases or other structured data shall be produced in native MS Access 2010 or earlier format (.mdb) with a corresponding single-page

"PLACEHOLDER" PDF image, accompanied by a text load .DAT file containing Bates numbers, applicable metadata, and native and extracted text link.

d.  If a PDF format would render the document unusable (such as spreadsheets with embedded formulas), please provide the documents in a native format that is compatibles with MS Office.  For example, Quickbooks accounting files should be produced either in native form or as Microsoft Excel spreadsheets (.xls or .xlsx).  Please contact counsel for the United States if files cannot be produced in an MS Office-compatibles format.

e.  If there will be a production of a significant number of emails (*i.e.*, more than 50) or the responding party intends to contest the authenticity of any documents, then the United States requests that the documents be produced in native format.  If the responding party is producing less than 50 emails and the responding party is not contesting authenticity, the files may be produced as PDF file, with any attachments to immediately follow the PDF file of the email.

f.  For email, the data load file should include the following metadata fields: Custodian (Owner of the mail container file or account collected); To; From; CC; BCC; Date Sent; Time Sent; Subject; Date Received; Time Received; Attachments; Mail Folder Path (Path of the message to its folder from the root of the originating mail Account); Message ID (Microsoft Outlook or similar unique message identifier); and Body Text.

g.  For handwritten documents, or documents containing handwriting, identify the author of the handwriting to the extent that the identity of the author of the handwriting is known.

    h.   For documents written in a foreign language, produce all translations of that document into English.

3.    <u>Scope of Request</u>.  This request is for all materials described below, which are in the responding party's possession, custody, or control, their principals, companies under their control, attorneys, former attorneys, investigators, agents, employees, accountants or other representatives.

4.    <u>Continuing Effect of Request.</u>  This request shall be continuing to the extent provided by Fed. R. Civ. P. 26(e).

5.    <u>Organization of Matter Produced.</u>  The documents produced in response to this request shall be organized in a manner consistent with the method and means utilized in keeping such documents in the regular course of business, or they shall be organized and labeled to correspond with the requests.  Fed. R. Civ. P. 34(b)(2)(E).

6.    <u>Asserting Claim of Privilege</u>.  If any information is withheld under any claim of privilege or for any reason, state the privilege claimed to apply or other reason for withholding information.  Also, identify the person making the determination that the privilege or other reason applies.

7.    <u>Supplementation</u>.  Pursuant to Fed. R. Civ. P. 26(e)(1), the United States requests that the responses to these interrogatories be supplemented seasonably if further information is obtained.

8.    <u>Inability to answer completely</u>.  If any parts of the following interrogatories cannot be answered in full, please answer to the extent possible and specify the reason for your inability to answer the remainder.  Please indicate when estimates rather than exact information have been used.

9. <u>Identification of persons or organizations</u>. Any request for the name or identity of a person or organization shall be deemed also to be a request for the current or last-known address and telephone number of such person or organization.

10. <u>Identifying an Individual</u>. When any interrogatory requests that an individual be identified, the following information about that individual shall be given:

a. Full name;
b. Current residential address and telephone number;
c. Name of current employer;
d. Current business address and telephone number; and
e. The individual's title, position, or capacity of his or her place of current employment.

11. <u>Identifying a Document</u>. When any interrogatory requests that a writing, document or record of any kind be identified, either a copy of the document shall be produced to counsel for the United States, or the following information about such writing, document, or record shall be given:

a. The title thereof;
a. The identity of the individual who is in custody, possession, or control of the document;
b. The identity of all individuals who are mentioned in or a signatory to, or were present at the formation or execution of the writing, document, or record; and
c. If the writing, document or record has been destroyed or lost and all copies thereof have been destroyed or lost, state:
   i. All facts or circumstances surrounding the destruction or loss;
   ii. The date of destruction or loss;
   iii. Whether it has been transferred voluntarily or involuntarily to others, and if so, their identity; and
   iv. All dates, essential terms, and other details of said writing, document, or record, and the identity of any person known to you who can give competent secondary evidence of its contents.

12. <u>State the Basis</u>. An interrogatory that asks the responding party to "state the basis" for an allegation shall be construed as a request to identify each and every:

a. Fact relevant to that allegation (which should include facts that you contend support the allegation, and facts that contradict the allegation);

b.  Document relevant to your position (which should include documents that you contend support of the allegation, and documents that contradict the allegation);

c.  Person whose testimony or information is relevant to that allegation or position (which should include persons whose testimony you contend supports the allegation, and persons whose testimony contradicts the allegation);

d.  Description of knowledge each person identified holds; and

e.  Substance of each and every communication you have had with anyone concerning that particular allegation or position.

13.    If there are questions regarding these requests, please contact counsel for the

United States well in advance of the deadline for production.

## DEFINITIONS

1.  <u>Plaintiff, You, Your</u>.  The words "Debtors," "you," and "your" refer to Debtor FTX Trading Ltd and all related Debtors, whose cases are being jointly administered under Case No. 22-11068.

2.  <u>Document</u>.  The word "document" is to be liberally construed to include all originals, copies, and non-identical copies (whether by reason of handwritten notations thereon or otherwise) of correspondence, email, contracts, brochures, computer tapes or disks, electronically stored information, text messages, other electronic communication, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, records, corporate minutes, financial statements and all other types of written or documentary or other materials on which information or data may be recorded, stored, or otherwise contained.

Furthermore, different versions of a document (including, but not limited to, drafts, revisions, or versions with notes and/or marks not found on the original or other copies) shall be considered distinct documents that must be produced.

3.  <u>Relating and/or Concerning</u>.  The phrases "relating to," "related to," "relates to" or "concerning" a subject shall mean any document or communication that constitutes, contains, embodies, evidences, reflects, supports, undermines, negates, contradicts, concerns, identifies, states, refers to, regards, records, deals with, describes, or in any way pertains to that subject.

4.  <u>Each and/or Every</u>.  The word "each" shall be construed to include the word "every," and the word "every" shall be construed to include the word "each," as necessary to bring within the scope of these interrogatories information that might otherwise be construed to be outside their scope.

5.    <u>Any and/or All</u>.  The word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any," as necessary to bring within the scope of these interrogatories information that might otherwise be construed to be outside their scope.

6.    <u>Singular and Plural</u>.  The singular form of a word shall include the plural of that word, and the plural shall include the singular, as necessary to bring within the scope of these interrogatories information that might otherwise be construed to be outside their scope.

7.    <u>Masculine and Feminine</u>.  The masculine form of a word shall include the feminine form of that word, and the feminine shall include the masculine, as necessary to bring within the scope of these interrogatories information that might otherwise be construed to be outside their scope.

8.    <u>FTX</u>.  The term FTX is used to refer to FTX Trading Ltd and any and all related entities, including the Debtor entities being jointly administered *In re FTX Trading Ltd., et al.*

Dated:  November 30, 2023

/s/Elisabeth Bruce
ELISABETH M. BRUCE
STEPHANIE A. SASARAK
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Tel:      (202) 598-0969
Fax:     (202) 514-6866
Email:  Elisabeth.M.Bruce@usdoj.gov
Email:  Stephanie.A.Sasarak@usdoj.gov

*Counsel for the United States of America*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of November, 2023, I sent a copy of the foregoing

via e-mail to the following:

Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004
Attn: Andrew G. Dietderich, dietdericha@sullcrom.com
    James L. Bromley, bromleyj@sullcrom.com
    Brian D. Glueckstein, gluecksteinb@sullcrom.com
    Alexa J. Kranzley, kranzleya@sullcrom.com
    David P. Hariton, haritond@sullcrom.com
    Sharon Cohen Levin, levinsc@sullcrom.com

Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Attn: Adam Landis, landis@lrclaw.com
    Kimberly A. Brown, brown@lrclaw.com
    Matthew R. Pierce, Pierce@lrclaw.com


*Counsel for the Debtors*


*/s/Elisabeth Bruce*
ELISABETH M. BRUCE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Tel:    (202) 598-0969
Fax:    (202) 514-6866
Email:  Elisabeth.M.Bruce@usdoj.gov

*Counsel for the United States of America*