## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Re: D.I. 4098**<br><br>**Hearing Date: Dec. 12, 2023, at 10:00 a.m.**<br>**Objection Deadline: Dec. 5, 2023 (extended for**<br>**U.S. Trustee to Dec. 7, 2023, at 4 p.m.)** |

### OBJECTION OF THE UNITED STATES TRUSTEE
### TO EMERGENT DEBTOR'S MOTION TO RETAIN AND COMPENSATE
### PROFESSIONALS UNDER SUPERVISION OF ANTIGUAN COURT

Andrew R. Vara, United States Trustee for Regions Three and Nine (the "U.S. Trustee"),

through his counsel, files this objection (the "Objection") to the *Emergent Debtor's Motion for an*

*Order Authorizing Antiguan Professionals To Be Retained and Compensated under the*

*Supervision of the Antiguan Court* [D.I. 4098] (the "Motion"). In support thereof, the U.S. Trustee

respectfully represents:

### I.        JURISDICTION, VENUE AND STANDING

1.        This Court has jurisdiction over the above-captioned cases pursuant to 28

U.S.C. § 1334. This Court is authorized to hear and determine the Motion and this Objection

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd. is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012.  Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

2.  Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").  Specifically, the U.S. Trustee is charged with "monitoring applications filed under section 327 of title 11 and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications[.]"  28 U.S.C. § 586(a)(3)(I).

3.  The U.S. Trustee has standing to be heard with respect to the Motion and this Objection pursuant to 11 U.S.C. § 307.

## II.    FACTUAL BACKGROUND AND ARGUMENT

4.  On November 11 and 14, 2022, the above-captioned debtors (the "FTX Debtors") filed chapter 11 petitions in this Court.

5.  On February 3, 2023, Emergent Fidelity Technologies Ltd ("Emergent") filed a chapter 11 petition in this Court.  Emergent continues to operate its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107 & 1108, through two joint liquidators who were appointed by the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda. Emergent's chapter 11 case is jointly administered with the FTX Debtors' cases.

6.     On October 6, 2023, Emergent filed *Emergent Debtor's Motion for Entry of an Order Approving Postpetition Financing and Granting Related Relief* [D.I. 3024] (the "DIP Motion").

7.     On October 23, 2023, the U.S. Trustee objected to the DIP Motion [D.I. 3334] (the "UST DIP Objection").  The U.S. Trustee incorporates the UST DIP Objection herein by reference.

8.     The Court should deny the Motion because it is incompatible with the Third Circuit's observation that "the bankruptcy court has an obligation to prevent unnecessary expenditures in the administration of an estate." *In re Congoleum Corp.*, 426 F.3d 675, 693 (3d Cir. 2005) (citing *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (3d Cir. 1994)).  The DIP Motion asks the Bankruptcy Court to approve about $300,000 of debt in Emergent's U.S. bankruptcy estate to pay Emergent's joint liquidators and their professionals in Antigua.  The Motion asks the Bankruptcy Court to decline to oversee the retention and compensation of professionals being paid out of Emergent's bankruptcy estate.  In essence, Emergent is asking the Bankruptcy Court to approve a DIP loan in the United States to pay no-look professional fees in Antigua.  If the Motion is approved, the Bankruptcy Court would have no way to ensure that the DIP loan was spent on reasonable and documented professional fees and actual and necessary expenses.  The Bankruptcy Court would be unable to decide if the professionals were disinterested, or had any agreement to share fees, or sought fees for fee defense, or billed overhead as expenses, and so on -- despite Emergent's estate bearing the cost of those professional fees with triple-digit interest.

9.      If Emergent's joint liquidators' professionals in Antigua are being paid for their services out of Emergent's bankruptcy estate, then those professionals should file retention applications and fee applications with the Bankruptcy Court.

10.     The Motion cites several cases where a U.S. bankruptcy court and a foreign court divided responsibility for monitoring professionals' retention and compensation.  But the Motion does not discuss whether any of those cases involved incurring debt in a debtor's bankruptcy estate domestically to pay professionals abroad.  In addition, the cited cases involved professional retention and payment procedures that were part of comprehensive cross-border protocols approved by both courts.  Despite past representations that such a comprehensive protocol would be presented here, Emergent has yet to undertake that process.[2]

11.     The Motion is not in the best interests of Emergent's estate going forward. The DIP loan would be about $300,000 at an interest rate of 150%-225%.  Upon information and belief, that loan would not come close to paying all accrued professional fees in Antigua.[3]  If the Motion were granted now, it could open the door to much larger loans being sought in the future (again at exorbitant interest rates) to pay much larger sums of professional fees in Antigua (again with no Bankruptcy Court oversight over how the loan proceeds are spent).  The Court should not permit that to happen.

---

[2]  In its Monthly Operating Reports for February 2023 through October 2023 Emergent represented that it anticipated filing a cross-border protocol motion that would include provisions addressing the retention and fee approval process for Antiguan Professionals.  *See* D.I. 1128, 1331, 1510, 1661, 1890, 2202, 2649, 3084, and 4018.

[3] In the Motion, Emergent states that a "detailed summary of the Antiguan Professionals and their fees and expenses is set forth in the Emergent Debtor's monthly operating reports."  D.I. 4098 ¶ 5.  Emergent's monthly operating reports appear to contain no such detailed summary.  *See* D.I. 1128, 1331, 1510, 1661, 1890, 2202, 2649, 3084, and 4018.

12.     Further, the proposed DIP lender appears to be a claims trader (or an affiliate of one).  The proposed DIP lender is Fulcrum Distressed Partners Limited.  *See* DIP Motion at 7.  After the Motion and the DIP Motion were filed, an entity called Fulcrum Credit Partners LLC filed two claims trades with an aggregate face amount of over $23 million in the FTX Debtors' cases.  *See* D.I. 4330 & 4331.[4]  The claims trades, and the DIP term sheet, were each signed on behalf of the Fulcrum entities by what appears to be the same individual, Matthew Hamilton.  This development raises questions over the propriety of the size and interest rate of the proposed DIP loan.

13.     The U.S. Trustee does not oppose Emergent incurring debt before this Court in order to pay Emergent's joint liquidators' professionals in Antigua.  However, any debt that this Court approves should have a reasonable interest rate, and this Court should retain jurisdiction to oversee the retention and compensation of professionals who are paid with the proceeds.  The debt should not have triple-digit interest to pay no-look professional fees abroad.

**[Continued on next page – space intentionally left blank]**

---

[4] Emergent's Schedules identify the FTX Debtors as unliquidated, contingent, disputed unsecured creditors due to "potentially diverted funds."  D.I. 34 [Case No. 23-10149], p. 21 of 26.

## V.   <u>CONCLUSION</u>

WHEREFORE the U.S. Trustee requests that this Court deny the Motion and grant such other relief as the Court finds just and appropriate.

Dated: December 7, 2023
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE,**
**REGIONS 3 and 9**

By:  */s/ Benjamin Hackman*
Benjamin A. Hackman
Linda Richenderfer (DE # 4138)
Jonathan Lipshie
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
(302) 573-6497 (Fax)
benjamin.a.hackman@usdoj.gov
linda.richenderfer@usdoj.gov
jon.lipshie@usdoj.gov