**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FTX TRADING LTD., et al.,[1] | ) Case No. 22-11068 (JTD) |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) **Ref. Docket No. 4616** |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINDER TO THE
DEBTORS' OMNIBUS OBJECTION TO MOTIONS OF PATRICK GRUHN, ROBIN
MATZKE, AND LOREM IPSUM UG TO DISMISS BANKRUPTCY CASES OF
MACLAURIN INVESTMENTS, LTD. AND FTX TRADING LTD.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and

through its undersigned counsel, hereby submits this joinder (this "Joinder") to the *Debtors'*

*Omnibus Objection To Motions of Patrick Gruhn, Robin Matzke, and Lorem Ipsum UG to Dismiss*

*Bankruptcy Cases of Maclaurin Investments, Ltd. and FTX Trading Ltd.* [Docket No. 4616] (the

"Debtors' Objection"),[2] in objection to the *Motion of Patrick Gruhn, Robin Matzke, and Lorem*

*Ipsum UG to Dismiss Bankruptcy Case of Maclaurin Investments, Ltd.* [Docket No. 3399] (the

"Maclaurin Motion") and the *Motion of Patrick Gruhn, Robin Matzke, and Lorem Ipsum UG to*

*Dismiss Bankruptcy Case of FTX Trading Ltd.* [Docket No. 3400] (together with the Maclaurin

Motion, the "Motions"), and in support hereof, respectfully states as follows:

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288
and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification number is not provided herein.  A complete list of
such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.

[2]     Terms not defined shall have the meaning ascribed to them in the Debtors' Objection or in the Motions.

## JOINDER

1.      The Committee respectfully supports and joins in the Debtors' Objection to the Motions and incorporates the Debtors' Objection as if fully set forth herein.

2.      The Movants have repeatedly argued, both in the Motions in the main chapter 11 cases, and in their briefing in the currently pending adversary proceeding before this Court, *FTX Trading Ltd. et al. v. Lorem Ipsum UG et al.*, Adv. Pro. No. 23-50437 (JTD) (the "Adversary Proceeding"),[3] that this Court lacks subject matter jurisdiction over the chapter 11 cases in question and over the Adversary Proceeding in which they are named as defendants. The Movants, in advancing their litigation ploy, lean heavily on the notion that dismissal for lack of subject matter jurisdiction may be raised at any time, but they skirt the weight of authority standing for the proposition that allegations of ineffective corporate authority do not actually create such a jurisdictional quandary. *See* Debtors' Objection at paragraphs 60-65. And, not surprisingly, the Movants ignore their own laches in improperly and strategically waiting nearly a year since the inception of these cases to file their Motions.

3.      The Motions fail to show that cause exists for dismissal under section 1112(b) of the Bankruptcy Code. Even if there was some initial deficiency in the Debtors' corporate authority to file these cases (and, as the Debtors demonstrate as matters of fact and law, there was not), such a deficiency was cured by subsequent ratification after the Petition Date. *See In re E. Supply Co.*, 267 F.2d 776, 778 (3d Cir. 1959) (holding that in bankruptcy cases, ratification "relates back in time to the date of the [petition]") (internal quotation marks omitted).

---

[3]      Pursuant to this Court's order, dated November 30, 2023, the Committee has intervened as a plaintiff in the Adversary Proceeding [Adv. Pro. Docket No. 51].

4.      In any event, the Court should deny the Motions as a matter of equity, in the best interests of the Debtors' creditors. These chapter 11 cases have been pending for over a year, with hundreds of millions of dollars spent on professional fees, in order to stabilize the Debtors' affairs and recover billions of dollars in value to distribute to creditors upon confirmation of a plan of reorganization. Granting the Movants' requested relief at this late date time would cause chaos, erasing all progress made over the last year, and would plainly be highly detrimental to the orderly reorganization of the Debtors' estates. *See In re Energy Future Holdings Corp.*, 561 B.R. 630, 646 (Bankr. D. Del. 2016) (finding that dismissal could result in "significantly reduced[d] recoveries" where "one could consider the Debtors' restructuring to be a house of cards and removing its very foundation could be devastating . . .").

5.      The Motions may be denied based solely upon the Movants' laches in waiting until now to seek dismissal. If there was any merit to the assertions of lack of corporate authority for the bankruptcy filings (there is not), the Movants (or any other party in interest) could and should have sought that relief long ago – but they did not. The Motions are a transparent attempt to create a defense to the avoidance claims brought against them in the Adversary Proceeding and to place the Movants' personal interests ahead of the millions of creditors in these bankruptcy cases who await their recoveries. The Court should not countenance such machinations and, respectfully, should deny the Motions.

6.      Nothing contained herein shall constitute a waiver of any rights or remedies of the Committee, including, without limitation, the right to: (i) amend, modify, or supplement this Joinder; or (ii) raise any other additional arguments at a later date.

**WHEREFORE** the Committee respectfully requests that the Court deny the Motions and grant such other and further relief as the Court finds just and appropriate.

| | |
|---|---|
| Dated: December 11, 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP |

*/s/ Robert F. Poppiti, Jr.*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
          rpoppiti@ycst.com

-and-

PAUL HASTINGS LLP
Kristopher M. Hansen*
Kenneth Pasquale*
Isaac S. Sasson*
John F. Iaffaldano*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
          kenpasquale@paulhastings.com
          isaacsasson@paulhastings.com
          jackiaffaldano@paulhastings.com

*Admitted pro hac vice*

*Counsel to the Official Committee of Unsecured Creditors*