**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

**DECLARATION OF EDGAR W. MOSLEY II IN SUPPORT OF
DEBTORS' OMNIBUS OBJECTION TO MOTIONS OF PATRICK GRUHN,
ROBIN MATZKE, AND LOREM IPSUM UG TO DISMISS BANKRUPTCY CASES
OF MACLAURIN INVESTMENTS, LTD. AND FTX TRADING LTD.**

I, Edgar W. Mosley II, hereby declare under penalty of perjury:

1.　　I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operation restructuring.

2.　　I have more than 20 years of restructuring and distressed investment experience across various industries, including oil & gas, manufacturing, transportation, automotive, retail, industrial construction, telecommunications, healthcare, and consumer products. I have a Bachelor's Degree from Harvard University, and have been recognized as a Certified Insolvency and Restructuring Advisor by the Association of Insolvency and Restructuring Advisors, where I served on the board from 2019 until 2020.

---

[1]　The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

3. Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Seadrill Limited (2020 and 2017), Valaris plc, Diamond Offshore Drilling, Inc., Imerys Talc America, White Star Petroleum, Southcross Energy, Magnum Hunter Resources, Exide Technologies (where I served as the Chief Restructuring Officer), and Visteon Corporation.

4. I submit this declaration (the "Declaration") in support of the *Debtors' Omnibus Objection to Motions of Patrick Gruhn, Robin Matzke, and Lorem Ipsum UG to Dismiss Bankruptcy Cases of Maclaurin Investments, Ltd. and FTX Trading Ltd.* (the "Objection").[2] I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors").

5. Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by A&M professionals involved in advising the Debtors in the above-captioned case (the "Chapter 11 Cases"), or information provided to me by the Debtors. If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the Debtors.

### A. Exigent Circumstances Required an Immediate Change in Control

6. I have reviewed the Motions, and understand that the LI Parties have raised concerns about the lack of corporate action by Debtors Maclaurin Investments, Ltd. ("Maclaurin") and FTX Trading Ltd. ("FTX Trading"), two of the over 100 Debtors who filed chapter 11 petitions being jointly administered before this Court, prior to the execution of the Omnibus Corporate

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

Authority (the "Omnibus Authority").  Attached hereto as Exhibit A is a true and correct copy of the Omnibus Authority.

7. As has been widely reported and detailed in various filings in this Court, the FTX Group suffered from an acute liquidity crisis beginning in early November 2022.  On November 2, 2022, the cryptocurrency news site CoinDesk published an article that revealed that Debtor Alameda Research LLC held a significant position in FTT, the FTX Group's native token, estimated at a value of approximately $4 billion, which represented almost one third of Alameda Research's total aggregate assets.  The publication prompted questions about the FTX Group's undisclosed leverage and liquidity.

8. Then, Binance, the largest centralized digital asset exchange, announced that it planned to sell its significant position in FTT.  The threat of selling such a large amount of FTT—which is correlated with the value of the FTX Group as a whole—in such a short period of time, contributed to a severe "run" on the FTX exchanges as customers pulled funds off the exchanges.  On November 8, 2022, Binance announced that it had entered into a non-binding letter of intent to acquire the FTX.com exchange and subsequently terminated the potential transaction on November 9, 2022.  Between November 2, 2022 and the Petition Date, customers attempted withdrawals of several billions of dollars and many withdrawals were not fulfilled.

9. On November 9, 2022, following news reports that FTX Trading had stopped processing customer withdrawals, A&M was retained to assist with chapter 11 preparation and the management of the financial affairs of the Debtors if a chapter 11 filing occurred.  Quickly after being retained, it became clear to the A&M team that control of the FTX Group was concentrated in Messrs. Bankman-Fried, Singh, and Wang and, with a few limited exceptions, the FTX Group lacked independent or experienced finance, accounting, informational security, and

cybersecurity personnel, among other resources. A&M was informed that same afternoon that chapter 11 filings for Maclaurin and FTX Trading, in addition to the other Debtors, were likely necessary to preserve any remaining value and prevent the dissipation of assets, and preparations for such filings would have to be made on an emergency basis.

10. Maclaurin and FTX Trading, and many of the other Debtors, are non-U.S. entities. Based on my experience, any delay in seeking chapter 11 protection for Maclaurin and FTX Trading would have substantially increased the risk that those entities would have been subjected to involuntary insolvency proceedings under local law. Separate individual insolvency proceedings for each of the different FTX Group entities would have been very inefficient. Additionally, based on my experience, any delay in seeking chapter 11 protection for such entities would have substantially increased the risk that assets would be dissipated and valuable information and records would be lost. That risk was especially acute here, given the intangible nature of the digital assets traded on the FTX exchanges and held by the Debtors.

11. Given that corporate control was centralized in the wrongdoers responsible for the collapse, it was necessary that operational control of the FTX Group be turned over to new, independent management that could secure the Debtors' assets, prevent the further dissipation of value, and make independent and unbiased decisions. As a result, Debtors' counsel prepared the Omnibus Authority, which Mr. Bankman-Fried executed in the capacity of controlling owner, director, officer, manager, or other authorized person of, among other FTX Group entities, Maclaurin and FTX Trading [D.I. 1 at 12]. The Omnibus Authority appointed John Ray as Chief Executive Officer, and authorized Mr. Ray to commence chapter 11 proceedings [D.I. 1 at 12].

12. The exigencies necessitating execution of the Omnibus Authority were realized in the lead up to the filing of the chapter 11 petitions and the following days. With regard

to foreign liquidation proceedings, A&M learned that three of the Debtors' affiliates were placed into foreign liquidation prior to the filing of the chapter 11 petitions. On November 10, 2022, the Securities Commission of The Bahamas (the "SCB") took action to freeze assets of non-Debtor FTX Digital Markets Ltd. ("FTX DM"). Thereafter, FTX DM entered into involuntary, provisional liquidation. For months thereafter, the Debtors had little insight into those proceedings because the petitions and supporting declarations were filed *ex parte* and under seal. In addition, in the early hours of November 11, 2022, the directors of non-Debtors FTX Express Pty Ltd. and FTX Australia Pty Ltd., Australian subsidiaries in the Dotcom Silo, appointed voluntary administrators for a restructuring process under Australian law.

13. There were several attempts by both insiders and external parties to misappropriate estate assets. On November 9, 2022, one of Mr. Bankman-Fried's associates, Caroline Ellison, began dissipating estate assets through a series of attempted transactions with LayerZero, ultimately agreeing to transfer equity and warrants valued far in excess of the $45 million loan it purported to release. That day, Ms. Ellison also purported to provide hundreds of millions of dollars in security pledges to BlockFi International. On the Petition Date, as Mr. Ray and the Debtors' professionals were racing to implement security controls over the Debtors' digital assets, at least $432 million in unauthorized transfers took place in connection with a cybersecurity hack.

14. Also, on November 12, 2022, the SCB coordinated with Messrs. Bankman-Fried and Wang to transfer 195 million FTT tokens from the FTT deployer wallet, among other digital assets, into cryptocurrency wallets controlled by the SCB. The unauthorized transfers confirmed the Debtors' fears that confidential private keys and critically sensitive data were not secure, and that both external parties and insiders could further dissipate information and assets.

15. In my opinion, only the quick action by Mr. Ray and the Debtors' new management team, exercising the powers conferred on them by the Omnibus Authority, and their advisors prevented the further dissipation of assets and fragmented liquidation of the FTX group.

### B. Maclaurin Investments

16. Alameda Ventures Ltd. ("Alameda Ventures") was founded in December 2019 in the Republic of Seychelles by Samuel Bankman-Fried, Wing Man Charis Law, and Luk Wai Chan, and the formation documents appointed Messrs. Bankman-Fried and Law and Ms. Chan as the first directors of the company. Attached hereto as Exhibit B is a true and correct copy of Alameda Ventures' Certificate of Incorporation and the documents attached thereto.

17. Alameda Ventures changed its name to Maclaurin in September 2022. Attached hereto as Exhibit C is a true and correct copy of Maclaurin's Certificate of Incorporation of Change of Name.

18. Maclaurin amended its Memorandum of Association and Articles of Association on September 26, 2022. Attached hereto as Exhibit D is a true and correct copy of Maclaurin's Amended Memorandum of Association and Articles of Association.

19. Maclaurin is a 100% owned direct subsidiary of Debtor Alameda Research Ltd., making Alameda Research Ltd. Maclaurin's sole shareholder [D.I. 1 at 21]. Debtor Alameda Research Ltd. is a 100% owned direct subsidiary of Debtor Alameda Research LLC [D.I. 1 at 13].

20. Maclaurin's Register of Directors reflects the active and resigned directors of Maclaurin at various times since it was founded. Based on my review of Maclaurin's Register of Directors, Mr. Bankman-Fried was the sole director of Maclaurin at the time the chapter 11 petition was filed. Attached hereto as Exhibit E is a true and correct copy of Maclaurin's Register of Directors.

21. Alameda Research Ltd., the sole shareholder of Maclaurin, issued a "Written Resolutions of the Sole Shareholder" on February 6, 2023 ("Maclaurin Shareholder Ratification"), which resolved to ratify certain corporate actions discussed therein. The Maclaurin Shareholder Ratification was executed on behalf of Alameda Research Ltd. by its director Matthew R. Rosenberg. Attached hereto as Exhibit F is a true and correct copy of the Maclaurin Shareholder Ratification.

22. Maclaurin issued a "Written Resolutions of the Board of Directors" on February 6, 2023 ("Maclaurin Board Ratification"), which resolved to ratify certain corporate actions discussed therein. The Maclaurin Board Ratification was executed on behalf of Maclaurin by Kurt Steven Knipp, the then-sole director of Maclaurin. Attached hereto as Exhibit G is a true and correct copy of the Maclaurin Board Ratification.

23. Based on available records, I am not aware of Maclaurin holding formal meetings of the Board of Directors prior to the Petition Date.

**C. FTX Trading**

24. FTX Trading was founded on April 2, 2019 in Antigua and Barbuda. Attached hereto as Exhibit H is a true and correct copy of FTX Trading's Certificate of Incorporation.

25. FTX Trading is a Debtor entity. Debtor Paper Bird Inc. ("Paper Bird") owns 86% of FTX Trading and is therefore the controlling owner of FTX Trading. Paper Bird is in turn wholly-owned by Mr. Bankman-Fried.

26. FTX Trading's Register of Directors reflects the active and resigned directors of FTX Trading at various times since it was founded. According to the Register of Directors, Messrs. Bankman-Fried and Singh were the two directors of FTX Trading listed on the

register at the time the chapter 11 petition was filed.  Attached hereto as Exhibit I is a true and correct copy of FTX Trading's Register of Directors.

27. However, on November 10, 2022, Mr. Singh sent an email to Mr. Bankman-Fried resigning as a director of FTX Trading and any other positions he had with the FTX Group.  Mr. Singh later forwarded that email to Ryne Miller, the General Counsel of FTX US.  Attached hereto as Exhibit J is a true and correct copy of the email chain between Messrs. Singh, Bankman-Fried, and Miller, dated November 10, 2022.

28. FTX Trading's Articles of Incorporation and the attached By-Laws set out the corporate structure and management of the company, including, among other things, the managerial power of FTX Trading's directors.  Attached hereto as Exhibit K is a true and correct copy of FTX Trading's Articles of Incorporation and By-Laws.

29. Paper Bird, the controlling shareholder of FTX Trading, executed an "Action by Written Consent of the Shareholder" on November 21, 2022 ("FTXT Shareholder Ratification"), which resolved to ratify certain corporate actions discussed therein.  Among other corporate actions, the FTXT Shareholder Ratification removed all of FTX Trading's prior officers and confirmed the appointments of Matthew A. Doheny and Joseph J. Farnan Jr. as FTX Trading's independent directors.  Attached hereto as Exhibit L is a true and correct copy of the FTXT Shareholder Ratification.

30. FTX Trading circulated to all of its shareholders a "Notice of Written Action in Lieu of Meeting" on December 14, 2022 ("FTXT Shareholder Notice").  The FTXT Shareholder Notice announced to all shareholders that FTX Trading and its affiliates had filed for bankruptcy on November 11 and 14, 2022 and that its prior directors had been removed and replaced with Mr. Doheny and Mr. Farnan.  The FTXT Shareholder Notice was executed by

Mr. Ray, in his capacity as CEO of FTX Trading. Attached hereto as <u>Exhibit M</u> is a true and correct copy of the FTXT Shareholder Notice.

31. I am not aware of any occasion on which any shareholder of FTX Trading objected to the validity of the Omnibus Authority, the filing of FTX Trading's chapter 11 petition, or the FTXT Shareholder Ratification, even after the FTXT Shareholder Notice was circulated to them.

32. Mr. Doheny and Mr. Farnan executed an instrument titled "Action by Written Consent of the Board of Directors" on December 22, 2022 ("<u>FTXT Board Ratification</u>"). The FTXT Board Ratification ratified the appointment of John Ray as CEO and Chief Restructuring Officer and the filing of the Chapter 11 Cases. Attached hereto as <u>Exhibit N</u> is a true and correct copy of the FTXT Board Ratification.

33. I am not aware of any occasion on which any director of FTX Trading (whether or not current at the time the corporate action was taken) objected to the validity of the Omnibus Authority, the filing of FTX Trading's chapter 11 petition, or the FTXT Board Ratification.

34. As has been widely reported, prior to filing the Chapter 11 Cases the Debtors' new management discovered that the prepetition entities had "a complete failure of corporate controls" and "a complete absence of trustworthy financial information." *See, e.g.*, *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24]. There was an "unprecedented" "concentration of control in the hands of a very small group of . . . individuals." *Id.*

35. In particular, based on my review of FTX Trading's corporate documents, I did not find any evidence that FTX Trading's directors ever formally coordinated to decide its

activities or transactions. For example, I did not identify any board meeting agendas or minutes of board meetings which would indicate that the company was holding regular board meetings for all directors to decide activities or transactions.

36. Indeed, in my review, I found that Mr. Bankman-Fried exercised complete control over the affairs of FTX Trading and habitually held himself out, and operated as, the sole director and/or Chief Executive Officer of FTX Trading with the complete acquiescence of the board of directors and FTX Trading's shareholders. My review of FTX Trading's contracts showed that during a period from at least April 15, 2019 to November 27, 2019, a time during which he was not even registered as a director of FTX Trading, Mr. Bankman-Fried unilaterally entered into contracts on behalf of and binding on FTX Trading in the capacity of director or Chief Executive Officer. The following occasions illustrate this:

 a. On April 15, 2019, a "Software License, Tokenization, and Co-Marketing Agreement" with Cottonwood Grove Limited, a true and correct copy of which is attached hereto as <u>Exhibit O</u>.

 b. On November 27, 2019, a Voting Agreement with Binance Capital Management Co. Ltd., a true and correct copy of which is attached hereto as <u>Exhibit P</u>.

 c. On November 27, 2019, a Services Agreement with Binance Capital Management Co. Ltd., a true and correct copy of which is attached hereto as <u>Exhibit Q</u>.

 d. On November 27, 2019, an Intercompany Loan Agreement with Alameda Research Ltd., a true and correct copy of which is attached hereto as <u>Exhibit R</u>. Mr. Bankman-Fried was the sole signatory for both entities.

 e. On November 27, 2019, a Payoff Agreement with Alameda Research Ltd., a true and correct copy of which is attached hereto as <u>Exhibit S</u>. Mr. Bankman-Fried was the sole signatory for both entities.

37. I am not aware of any occasion on which any person purporting to be a director (Corporate & Trust Services, Ms. Chan, and Messrs. Bankman-Fried, Law, Cheesman, Thomas, and Singh) or shareholder of FTX Trading at any time objected to Mr. Bankman-Fried's

authority to act unilaterally on behalf of FTX Trading.  Moreover, I am not aware of any occasion on which the counterparties to the agreements listed at ¶¶ O–S objected to Mr. Bankman-Fried's authority (as Chief Executive Officer or otherwise) on behalf of FTX Trading.

    **D.**    **The Lorem Ipsum Parties**

38. FTX Europe AG ("FTX Europe") is a Debtor entity.  Debtor FTX Trading owns 100% of FTX Europe.  FTX Europe had a wholly-owned subsidiary, FTX EU Ltd. [D.I. 1 at 21].

39. I understand from my review of corporate records that Movant Patrick Gruhn became Head of FTX Europe in November 2021.  On July 12, 2023, the Debtors filed an adversary proceeding against him (and others) alleging, among other things, that each of the LI Parties received avoidable fraudulent transfers, avoidable preferential transfers, and breached fiduciary duties pursuant to Antiguan law [D.I. 1866; the "Complaint"], and Mr. Gruhn's employment was immediately terminated thereafter by registered mail to each of Mr. Gruhn's five personal addresses and two business addresses known to the Debtors.

40. Movant Robin Matzke became Head of Legal for FTX Europe in November 2021.  Mr. Matzke's consulting contract with FTX EU Ltd. expired in May 2023.

41. Mr. Gruhn filed a proof of claim against FTX Trading on June 30, 2023.  Attached hereto as Exhibit T is a true and correct copy of the proof of claim filed by Mr. Gruhn.

42. Lorem Ipsum filed a proof of claim against FTX Trading on June 30, 2023.  Attached hereto as Exhibit U is a true and correct copy of the proof of claim filed by Lorem Ipsum.

43. Mr. Matzke filed a proof of claim against FTX Trading on September 10, 2023.  Attached hereto as Exhibit V is a true and correct copy of the proof of claim filed by Mr. Matzke.

-12-

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in New York, New York on December 11, 2023

                                      */s/ Edgar W. Mosley II*
                                      Edgar W. Mosley II
                                      Alvarez & Marsal North America, LLC
                                      Managing Director