Charles D'Angelo
Green Healthy House, LLC
10513 Westcliff Place
Highlands Ranch, CO 80130

RECEIVED
2023 DEC 11  AM 8: 57
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

December 6, 2023

United State Bankruptcy Court
824 N. Market St., 3rd Floor
Wilmington, DE 19801

Re: Additional Consideration in Appeal of Charles D'Angelo [**D.I. 3752** - Green Healthy House, LLC.] vs. FTX Trading Ltd. [**Case No. 22-11068** (JTD)]

Dear Honorable Judge,

I hope this correspondence finds you well.  I am writing as the client in the ongoing case against FTX Trading, LLC and Alameda Research, LLC.  I seek to bring to your attention an additional dimension that significantly influenced my actions regarding the handling of the assets during the FTX bankruptcy collapse.

**Regulatory Landscape and Custodial Concerns:**

As part of the background in the case, I would like to highlight that I have been closely monitoring the evolving regulatory landscape concerning cryptocurrency custody.  Instead of opting for self-custody, I have been awaiting regulatory clarity to enable Custodia Bank to provide services.

**Risk Mitigation Through Custodial Services:**

The decision to wait on regulatory actions stems from the desire to eliminate the inherent risks associated with self-custody, such as the potential loss of seed-phrases and accidental erasure of assets during wallet restoration.  Custodia Bank, as a regulated custodian, would offer a more secure environment for storing digital assets, providing safeguards against risks that I encountered.

**FTX-Binance's Role in the Decision-Making Process**

My argument is two-fold.  First, FTX Trading, Ltd./Alameda Research, LLC. and Binance, through negligence and insufficient communication during the bank run, forced me into a situation where I felt compelled to take immediate action to safeguard my assets.  Second, the absence of robust custodial solutions due to regulatory uncertainties further exacerbated the risks.

**Legal Implications:**

Given these circumstances, I contend that FTX/Alameda Research, and Binance actions played a crucial role in shaping the decision-making process.  The fact that I had over a 100 NFTs listed on the FTX platform and some for sale and wasn't planning on removing them until regulatory approval for bank custody.  I have none of the NFTs that were transferred to the

Ledger Cold Storage Wallet. I speculated that the Ledger wallet was hacked during the withdrawal process; hacked and removed from Ledger afterwards while being connected to the computer, or frozen by the Bahamian Government. I had to purchase a new computer due to system malfunction, and a new Ledger wallet based on thoughts of being hacked. I am currently not sure If I should use the Ledger wallet that attempted to obtain the digital assets from FTX due to potential hacks. Not to mention, that FTX-Krolls Administration website has been hacked on multiple occasions with my information. I originally submitted the paperwork under Green Healthy House, LLC. as the company assets for future development of digital-art-frames.NFT with the handle: $digital-frames.nft

**Request for Additional Consideration:**

In light of these factors, I respectfully request that the court considers the broader context in which I made decisions regarding the custody of the assets. The regulatory landscape and the lack of secure custodial options were external factors that significantly influenced my decisions and should be taken into account during the appeal process.

Thank you for your attention and consideration of these additional elements. I look forward to presenting a comprehensive case during the Omnibus Objections.

Sincerely,

Charles D'Angelo
[D.I. 3752]
dangelo888@comcast.net