**Exhibit F**

**Certification of Andrew G. Dietderich**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

## CERTIFICATION OF ANDREW G. DIETDERICH

I, Andrew G. Dietderich, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, hereby certify that:

1. I am a Partner in the firm of Sullivan & Cromwell LLP ("S&C") and I am duly authorized to make this certification on behalf of S&C. S&C was retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"). This certification is made in support of the *Fourth Interim Fee Application of Sullivan & Cromwell LLP* (the "Application") and in compliance with rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rule 2016-2") of the Bankruptcy Court, and with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), 28 C.F.R. pt. 58, app. A (1996).

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

4892-0219-1252 v.2

2.     To that end, the following is provided in response to the request for additional information set forth in ¶ C.5 of the Guidelines:

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response:     No. Although S&C does not normally charge clients based on hourly rates, with the exception of fees prohibited by the Guidelines, the fees sought in the Application are billed at rates that are the same (or less than) the rates customarily used by S&C when preparing estimates of fees under its normal billing procedures for non-bankruptcy engagements.

**Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     Not applicable.

**Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     No.

**Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would be not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

Response:     No, no fees are billed for time spent under the "Time Entry Review" project code.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:     Yes; 124 hours and $177,140.50 in fees.

**Question**: If the fee application includes any rate increases since retention: (i) Did the client review and approve those rate increases in advance? (ii) Did the client agree when retaining S&C to accept all future rate increases? If not, did S&C inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consisted with ABA Formal Ethics Opinion 11-458?

<u>Response</u>:   The only rate increases since retention are for promotions and matriculations. There have been no other rate increases.

3.   I have read the Application and I certify that the Application substantially complies with Local Rule 2016-2 and the U.S. Trustee Guidelines.

Dated:  December 15, 2023
        New York, NY

*/s/ Andrew G. Dietderich*
Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Alexa J. Kranzley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
Email:        dietdericha@sullcrom.com
              bromleyj@sullcrom.com
              gluecksteinb@sullcrom.com
              kranzleya@sullcrom.com

*Counsel to the Debtors and Debtors-in-Possession*

4892-0219-1252 v.2