**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FTX TRADING LTD., *et al.*,[1] | ) Case No. 22-11068 (JTD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Objection Deadline**: January 4, 2024 at 4:00 p.m. (ET)[2] |
| | ) **Hearing Date**: March 20, 2024 at 10:00 a.m. (ET) |

**SUPPLEMENT TO THE FOURTH INTERIM FEE APPLICATION OF FTI CONSULTING, INC., FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD AUGUST 1, 2023 THROUGH OCTOBER 31, 2023**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | Order entered February 15, 2023, effective as of December 22, 2022 [Docket No. 730] |
| Period for which compensation and reimbursement are sought: | August 1, 2023 through October 31, 2023 (the "Application Period") |
| Amount of compensation sought as actual, reasonable, and necessary: | $6,578,362.00 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $16,550.77 |

---

[1]  The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]  The objection deadline set forth herein is for all parties other than the Fee Examiner and the U.S. Trustee (each as defined in the Fee Examiner Order), whose objection deadline shall be governed by that certain *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [Docket No. 834] (the "Fee Examiner Order").

| | |
|---|---|
| Rates are higher than those approved or disclosed at retention? | Yes [3] |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $1,928,838.80 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $10,487.46 |
| Number of professionals included in this application: | 39 |
| If applicable, number of professionals in this application not included in staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period: | 6 |

This is an:      ___ monthly    _X_ interim    ___ final application.

---

[3] Please refer to the Supplemental Declarations of FTI Consulting filed at D.I. 1132 and D.I. 3028 for more information.

## COMPENSATION BY TIMEKEEPER

| Professional | Position | Specialty | Billing Rate[4] | Total Hours | Total Fees |
|---|---|---|---|---|---|
| Chesley, Rachel | Sr Managing Dir | Communications | $ 1,083 | 7.3 | $ 7,902.50 |
| Baldo, Diana | Sr Consultant | Communications | 533 | 39.1 | 20,822.50 |
| Jasser, Riley | Consultant | Communications | 407 | 42.9 | 17,480.00 |
| McNew, Steven | Sr Managing Dir | Cryptocurrency | 1,200 | 56.1 | 67,320.00 |
| de Brignac, Jessica | Managing Dir | Cryptocurrency | 910 | 109.8 | 99,918.00 |
| Leonaitis, Isabelle | Sr Consultant | Cryptocurrency | 595 | 50.1 | 29,809.50 |
| Vazquez Ortiz, Fredrix | Sr Consultant | Cryptocurrency | 595 | 23.4 | 13,923.00 |
| Kamran, Kainat | Consultant | Cryptocurrency | 440 | 27.5 | 12,100.00 |
| Busen, Michael | Sr Managing Dir | Data & Analytics | 1,358 | 16.0 | 21,726.50 |
| Garofalo, Michael | Senior Director | Data & Analytics | 935 | 79.1 | 73,958.50 |
| Jordan, Mason | Sr Consultant | Data & Analytics | 661 | 129.1 | 85,379.50 |
| Kimche, Livia | Consultant | Data & Analytics | 484 | 138.5 | 67,091.50 |
| Risler, Franck | Sr Managing Dir | Derivatives | 1,786 | 380.8 | 680,136.00 |
| Rousskikh, Valeri | Managing Dir | Derivatives | 1,331 | 235.0 | 312,767.00 |
| Diodato, Michael | Managing Dir | Derivatives | 1,230 | 396.5 | 487,685.00 |
| Kubali, Volkan | Managing Dir | Derivatives | 1,261 | 228.3 | 287,871.00 |
| Watson, Ching | Managing Dir | Derivatives | 1,286 | 166.3 | 213,883.00 |
| Majkowski, Stephanie | Senior Director | Derivatives | 1,132 | 440.1 | 498,245.00 |
| You, Can | Senior Director | Derivatives | 1,190 | 31.0 | 36,890.00 |
| Guo, Xueying | Director | Derivatives | 1,019 | 396.4 | 403,989.50 |
| Langer, Cameron | Director | Derivatives | 949 | 410.7 | 389,688.00 |
| Baer, Laura | Senior Director | Forensic Accounting | 975 | 13.4 | 13,065.00 |
| Fiorillo, Julianna | Director | Forensic Accounting | 889 | 6.3 | 5,602.50 |
| Steven, Kira | Director | Forensic Accounting | 851 | 193.8 | 164,948.50 |
| Famiglietti, Tyler | Sr Consultant | Forensic Accounting | 715 | 75.4 | 53,894.50 |
| Marsella, Jenna | Sr Consultant | Forensic Accounting | 639 | 280.3 | 179,235.00 |
| Turano, Lauren | Sr Consultant | Forensic Accounting | 635 | 221.4 | 140,589.00 |
| Reid, Matthew | Consultant | Forensic Accounting | 479 | 186.0 | 89,134.00 |
| Tantleff, Alan | Senior Managing Dir | Real Estate | 1,250 | 22.2 | 27,750.00 |
| Walden, Michael | Senior Director | Real Estate | 800 | 35.0 | 28,000.00 |
| Kang, Nicholas | Consultant | Real Estate | 395 | 4.7 | 1,856.50 |
| Simms, Steven | Sr Managing Dir | Restructuring | 1,495 | 196.4 | 293,618.00 |
| Diaz, Matthew | Sr Managing Dir | Restructuring | 1,356 | 267.9 | 363,268.00 |
| Joffe, Steven | Sr Managing Dir | Restructuring | 1,334 | 4.2 | 5,604.00 |
| Bromberg, Brian | Managing Dir | Restructuring | 1,020 | 571.2 | 582,675.00 |
| Gray, Michael | Sr Consultant | Restructuring | 717 | 381.4 | 273,613.50 |
| Dawson, Maxwell | Sr Consultant | Restructuring | 666 | 486.9 | 324,258.00 |
| Sveen, Andrew | Consultant | Restructuring | 499 | 425.3 | 212,329.50 |
| Hellmund-Mora, Marili | Manager | Restructuring | 325 | 1.8 | 585.00 |
| **Subtotal** | | | | **6,777.6** | **$ 6,588,612.00** |
| Less: 50% Non-Working Travel Time | | | | | (10,250.00) |
| **GRAND TOTAL** | | | | **6,777.6** | **$ 6,578,362.00** |

[4] Due to rate increases made in the ordinary course of FTI's business, certain professionals' billable rates increased during the Application Period as disclosed in D.I. 3028. The rates above are each professional's blended rate for the Application Period.

## COMPENSATION BY PROJECT CATEGORY

| Task Code | Task Description | Total Hours | Total Fees |
|---|---|---|---|
| 1 | Current Operating Results & Events | 7.9 | $ 7,502.50 |
| 2 | Cash & Liquidity Analysis | 290.5 | 214,320.50 |
| 5 | Real Estate Issues | 44.6 | 40,208.00 |
| 10 | Analysis of Tax Issues | 7.1 | 8,843.50 |
| 11 | Prepare for and Attend Court Hearings | 2.4 | 3,588.00 |
| 12 | Analysis of SOFAs & SOALs | 11.5 | 9,293.50 |
| 13 | Analysis of Other Miscellaneous Motions | 185.3 | 251,465.00 |
| 14 | Analysis of Claims/Liabilities Subject to Compromise | 1,132.6 | 1,196,628.50 |
| 16 | Analysis, Negotiate and Form of POR & DS | 1,281.6 | 1,192,150.50 |
| 18 | Potential Avoidance Actions & Litigation | 1,580.5 | 1,145,879.00 |
| 21 | General Meetings with UCC and UCC Counsel | 121.5 | 170,009.00 |
| 23 | Firm Retention | 3.4 | 2,078.50 |
| 24 | Preparation of Fee Application | 209.9 | 118,572.50 |
| 25 | Travel Time | 20.0 | 20,500.00 |
| 26 | Cryptocurrency/Digital Assets Issues | 1,544.9 | 1,845,091.50 |
| 27 | Communications Planning & Execution | 88.2 | 45,022.50 |
| 29 | Exchange Restart | 245.7 | 317,459.00 |
| **Subtotal** | | **6,777.6** | **$ 6,588,612.00** |
| Less: 50% Non-Working Travel Time | | | (10,250.00) |
| **GRAND TOTAL** | | **6,777.6** | **$ 6,578,362.00** |

**<u>SUMMARY OF FEES</u>**

1.    The total number of hours expended by FTI professionals and paraprofessionals[5] in performing services for the Committee during the Application Period was 6,777.6 hours.  Pursuant to the Retention Order, FTI is entitled to monthly compensation for its services provided to the Committee at its current hourly rates, plus reimbursement of necessary out of pocket expenses. The following paragraphs describe the primary services rendered by FTI during the Application Period.

*Code 14 – Analysis of Claims / Liabilities Subject to Compromise (1,132.6 hours)*

2.    During the Application Period, FTI valued customers' claims for both standard cryptocurrencies and derivatives on these cryptocurrencies.  These values will be important for the UCC to consider the Debtors' motion on how to price tokens as of the petition date.  At the direction of the UCC, FTI valued the claims by first categorizing the tokens based on several different market characteristics. FTI evaluated the value of the tokens based on these categories, and reviewed the pricing provided by its chosen market provider (jointly chosen with the Debtors).

3.    FTI's valuation was used to evaluate the valuation method proposed by the Debtors and we collaborated with the Debtors on our initial findings. This analysis was comprehensive and consisted of valuing over 3,300 tokens and derivatives making up the claims. This analysis was also an important factor in the development of FTI's recovery analysis as part of the estimate of the Debtors' liabilities.

4.    During the Application Period, FTI also collaborated closely with the Debtors on the development and release of the customer claims portal that was used in connection with the customer bar date on September 30. This included reconciliation of SOAL claim information to other sources of customer information, which in many cases required the processing and analysis

---

[5] Please refer to the *Supplement to the Second Interim Fee Application of FTI Consulting, Inc.* (D.I. 1653) for further detail on the roles and responsibilities of FTI's various professional segments.

of millions of lines of data and even more individual data points. Tens of thousands of customer claims have also been marked contingent, unliquidated, and/or disputed ("CUD"), and FTI performed analysis to understand the reasons for and impact of these designations. After the bar date, FTI began to analyze the composition of the claims filed against the Debtors, including by jurisdiction, by token, and other relevant divisions of the data.

5. Additionally, FTI analyzed the filed claims in order to assess their impact on potential recoveries and voting and the objections that might be needed.

### Code 16 – Analysis, Negotiate and Form of POR & DS (1,281.6 hours)

6. During the Application Period, FTI continued to develop its comprehensive recovery model to understand the flow of value to different classes of creditors within the FTX estate under various hypothetical Plan structures. As the UCC approached Plan discussions with the Debtors and other stakeholders that occurred in September and October, this analysis was critical to evaluating the financial impact of certain priority decisions, consolidation scenarios, and asset & claim valuation methodologies. During the Application Period, the FTI team prepared myriad frameworks and scenarios for the UCC regarding this recovery analysis, allowing the Committee to make informed decisions about the Debtors' and UCC advisors' plan proposals.

### Code 18 – Potential Avoidance Actions and Litigation (1,580.5 hours)

7. During the Application Period, FTI continued to work with counsel with the UCC's investigation into potential causes of action against various parties. This included detailed review of related filings and documents, as well as analysis of thousands of documents produced by the Debtors as part of informal discovery requests. FTI continued to review the circumstances of transactions involving the Debtors' investments to determine whether any of these transfers may have been fraudulent, preferential, or otherwise subject to potential clawback.

8.    FTI also worked with the Debtors' advisors on analysis of transfers made during the 90-day preference period. FTI performed forensic accounting, detailed asset tracing, and analysis of potential defenses and offsets to any preference actions the Debtors bring. In addition, FTI has conducted detailed analysis and review of certain proof of claim forms, and the supporting diligence, that the Debtors have brought in adversary proceedings with respect to certain preference actions. Among other negotiations which are still in progress, this work resulted in settlements with the Genesis Debtors (D.I. 2433) and BlockFi Debtors (D.I. 3314), both of which were authorized by the Court during the Application Period.

***Code 21 – General Meetings with UCC and UCC Counsel (121.5 hours)***

9.    During the Application Period, FTI participated in meetings with the Committee and its advisors. In general, the entries in this task code correspond to weekly standing Committee and advisor calls. The agendas of these calls vary widely and are based on the latest case developments and deliverables. The Committee calls are FTI's primary means of communicating important presentations and findings to the Committee, and the Committee advisor calls are key for the advisors to prioritize, strategize, and coordinate work streams among professionals.

***Code 26 – Cryptocurrency / Digital Assets Issues (1,544.9 hours)***

10.   During the Application Period, FTI's efforts in collaboration with the Debtors' advisors to develop a cryptocurrency monetization plan came to a head. On September 13, 2023, the Court authorized the Debtors to enter into the Investment Services Agreement with Galaxy Asset Management (D.I. 2504). Prior to entry of the order, FTI professionals prepared detailed technical analysis to assess the impact of a monetization strategy to maximize creditor recovery. This analysis informed the pace, coin selection, and other parameters of the Investment Services Agreement, and provided key data to the UCC in order to leverage the UCC members' experience. FTI provided inputs in the negotiation of the final trading and technical terms of the Investment

Services Agreement and reviewed subsequent trading agreements (for spot and derivatives) between Galaxy Asset Management and trading counterparties to assure the financial terms were market.

11. This work was important in the development and updates of FTI's creditor recovery analysis. Given FTX's large cryptocurrency holdings, FTI prepared analyses to assess the realizable value of these holdings, taking into account factors such as market volatility, liquidity, and trading volume on a token-by-token basis. Near the end of the Application Period, the cryptocurrency markets began to trend materially upward – a trend which has largely continued up to the date of this filing – and FTI's valuation analysis helped the UCC to quickly understand the impact of this trend on projected creditor recoveries.

## <u>SUMMARY OF EXPENSES</u>

| Expense Type | Amount |
| --- | --- |
| Electronic Subscriptions | $ 10,500.00 |
| Lodging | 2,233.63 |
| Transportation | 652.85 |
| Travel Expenses | 2,072.83 |
| Working Meals | 1,091.46 |
| **GRAND TOTAL** | **$ 16,550.77** |

## VERIFICATION PURSUANT TO DEL. BANKR. L.R. 2016-2(g) AND 28 U.S.C. § 1746

I, Matthew Diaz, pursuant to 28 U.S.C. § 1746, to the best of my knowledge and belief, and after reasonable inquiry, declare as follows:

1.  I am a Senior Managing Director with the consulting firm FTI Consulting, Inc., together with its wholly owned subsidiaries ("FTI").  FTI has rendered professional services to the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 cases.

2.  I have read the foregoing statement of FTI for compensation and reimbursement of expenses (the "Fee Application"). To the best of my knowledge, information and belief formed upon the basis of my participation in this case, as well as after reasonable inquiry, the facts set forth in the foregoing Fee Application are true and correct and materially comply with the applicable orders, rules, guidelines, and requirements as set forth by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Del. Bankr. L.R. 2016-2, and the Executive Office for the United States Trustee.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct, to the best of my information, knowledge, and belief.

Executed on: December 15, 2023        FTI CONSULTING, INC.

By: */s/ Matthew Diaz*

Matthew Diaz
1166 Ave of the Americas, 15th Floor
New York, NY 10036
Telephone: 212-499-3611
E-mail: matt.diaz@fticonsulting.com

Financial Advisors to the Official
Committee of Unsecured Creditors of FTX
Trading Ltd., *et al.*