**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
| FTX TRADING, LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
|  | (Jointly Administered) |
| Debtors. | **Hearing Date**:<br>**March 20, 2024 at 10:00 a.m. (ET)**<br>**Objection Deadline**:<br>**January 4, 2024 at 4:00 p.m. (ET)** |

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF EVERSHEDS
SUTHERLAND (US) LLP, AS LEAD COUNSEL FOR THE AD HOC COMMITTEE
OF NON-US CUSTOMERS OF FTX.COM, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF ALL ACTUAL AND NECESSARY
EXPENSES FOR THE PERIOD FROM MAY 1, 2023, THROUGH OCTOBER 31, 2023**

| | |
|---|---|
| Name of Applicant: | Eversheds Sutherland (US) LLP ("Eversheds Sutherland") |
| Authorized to Provide Professional Services to: | Ad Hoc Committee of Non-US Customers of FTX.com ("Ad Hoc Committee") |
| Date of Order Approving Counsel Reimbursement Agreement: | November 15, 2023 |
| Period for Which Compensation and Reimbursement is Sought: | May 1, 2023 through October 31, 2023 |
| Amount of interim fees to be approved as reasonable and necessary: | $2,074,294.50 |
| Amount of interim expenses sought as actual, reasonable and necessary: | $11,755.19 |
| Blended rate in this Application for all professionals | $835 |
| Total compensation paid for interim period: | $2,074,294.50 |
| Total expenses paid for interim period: | $11,755.19 |
| Number of professionals included in this Application | 14 |

This is a(n):     __ monthly X interim __final application.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the debtors' claims and noticing agent's website at https://cases.ra.kroll.com/FTX.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
| FTX TRADING, LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
|  | <u>**Hearing Date**</u>:<br>**March 20, 2024 at 10:00 a.m. (ET)**<br><u>**Objection Deadline**</u>:<br>**January 4, 2024 at 4:00 p.m. (ET)** |

**FIRST INTERIM FEE APPLICATION OF EVERSHEDS SUTHERLAND (US) LLP, AS
LEAD COUNSEL FOR THE AD HOC COMMITTEE OF NON-US CUSTOMERS OF
FTX.COM, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
ALL ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD
<u>FROM MAY 1, 2023, THROUGH OCTOBER 31, 2023</u>**

Eversheds Sutherland (US) LLP ("<u>Eversheds Sutherland</u>"), as lead Counsel for the Ad Hoc

Committee of Non-Us Customers of FTX.com hereby submits this *First Interim Fee Application*

*of Eversheds Sutherland (US) LLP,* as lead Counsel for the Ad Hoc Committee of Non-US

Customers of FTX.com (the "<u>Application</u>") for allowance of compensation for professional

services rendered and reimbursement of expenses incurred for the period From May 1, 2023

through October 31, 2023 (the "<u>Application Period</u>").  In support of the Application, Eversheds

Sutherland states as follows:

<u>**Background**</u>

1.     On November 11 and November 14, 2022, the Debtors filed with the United States

Bankruptcy Court for the District of Delaware (the "<u>Court</u>") voluntary petitions for relief under

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the debtors' claims and noticing agent's website at https://cases.ra.kroll.com/FTX.

Chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended or modified, the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].

2.      The Ad Hoc Committee was formed on December 2, 2022, by a group of non-US customers who held accounts on the FTX.com platform.  The Ad Hoc Committee is growing and currently comprises 68 members holding in excess of $1.3 billion in aggregate customer entitlements against the Debtors.

3.      On December 2, 2022 and December 4, 2022, respectively, the Ad Hoc Committee engaged Eversheds Sutherland and Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols," and together with Eversheds Sutherland, "Counsel") in connection with these Chapter 11 Cases.  Each member of the Ad Hoc Committee has consented to Counsel's representation of the Ad Hoc Committee in these Chapter 11 Cases.

4.      On January 9, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 435] (the "Interim Compensation Order").

5.      On March 8, 2023, the Court entered the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] appointing Katherine Stadler (the "Fee Examiner") to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

6.     Given the indispensable role of the Ad Hoc Committee in advancing joint efforts towards a consensual plan, on October 24, 2023, the Debtors entered into an amended and restated reimbursement agreement (the "Counsel Reimbursement Agreement") with Eversheds Sutherland and Morris Nichols, which amends and restates the reimbursement agreement dated as of August 23, 2023.  The Counsel Reimbursement Agreement recognizes the "critical roles" that the Ad Hoc Committee "has played, and will continue to play" in these Chapter 11 Cases.  Decl. of John Ray ¶ 9 [D.I. 3700].  As the Debtors articulated during the November 15, 2023 hearing on the *Amended Motion of Debtors to Enter Into, and Perform Their Obligations Under, the Reimbursement Agreements* [D.I. 3373] (the "Amended Motion"), the Debtors believe the Ad Hoc Committee "is well situated to negotiate settlements of the customer related issues with the debtors on behalf of a critical mass of customers who can support the relief that results."  Tr. of Nov. 15, 2023 Hr'g at 14.  Further, the Debtors "have received substantial benefits from the Ad Hoc Committee's support and cooperation to date and that cooperation and constructive participation in these cases is important as the plan process moves forward," particularly because of the possibility of "divergence of interest between the FTX.com customers and general unsecured creditors whose collective interests are represented by the UCC."  *Id.* at 16.  In granting the Amended Motion, the Court concluded that having the Ad Hoc Committee "act through counsel to help steer this process to a plan of reorganization" is "beneficial to the estate as a whole."  *Id.* at 58.

7.     Pursuant to the Counsel Reimbursement Agreement, the Debtors agreed to pay Counsel in the aggregate for both Eversheds Sutherland and Morris Nichols per month in reasonable and documented fees no more than (i) $250,000 from May 1, 2023, through July 31, 2023, (ii) $500,000 from August 1, 2023, through August 31, 2023, (iii) $750,000 from September 1, 2023, through October 31, 2023, and (iv) $650,000 from November 1, 2023, through the

3

effectiveness of the plan.  The Counsel Reimbursement Agreement further provides that any unused portion of any monthly fee cap ("Monthly Fee Cap") for any month shall be carried over on a rolling monthly basis, and any amounts incurred over the Monthly Fee Cap in a given month may be applied to later periods for reimbursement. In addition, the Counsel Reimbursement Agreement provides that the Debtors shall reimburse Counsel for all reasonable out-of-pocket expenses (at cost) from May 1, 2023 through the termination of the Counsel Reimbursement Agreement.  Eversheds Sutherland has the sole discretion to allocate fees and expenses between Eversheds Sutherland and Morris Nichols such that the monthly fees payable by the Debtors does not exceed any Monthly Fee Cap.

8.      The scope of the fees and expenses covered by the Counsel Reimbursement Agreement (the "Scope") includes reasonable fees and expenses incurred by Counsel in connection with the following:

   a.  The representation of the Ad Hoc Committee in furtherance of the diligence, negotiation, prosecution, documentation and implementation of a chapter 11 plan of the Debtors;

   b.  Review and analysis of items of interest in the Chapter 11 Cases that impact the construction and outcomes under the Plan;

   c.  Acting as a consultation party where requested by the Debtors or ordered by the Court;

   d.  The general administration of the Ad Hoc Committee; and

   e.  Providing information and guidance to FTX.com customers who contact Counsel in connection with the Chapter 11 Cases.

## **Jurisdiction**

9.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Rule 9013-1(f), the Ad Hoc Committee consents to the entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **Relief Requested**

10.      By this Application and in accordance with the Interim Compensation Order, Eversheds Sutherland seeks interim approval and allowance of its compensation for professional services rendered and reimbursement of expenses incurred for the Application Period (the "Period Compensation"), including authorization for the Debtors to pay the 20% holdback of fees as provided under the Interim Compensation Order (the "Holdback").  Eversheds Sutherland has filed and served two monthly fee applications covering the Application Period (the "Monthly Fee Applications").  The Monthly Fee Applications are incorporated by reference as if fully set forth herein.  For the avoidance of doubt, by this Application, Eversheds Sutherland is seeking only allowance of the Period Compensation previously set forth in the Monthly Fee Applications and payment of the Holdback. Other than the Holdback, Eversheds Sutherland is not requesting additional fees or expense reimbursement above the Period Compensation.

11.      In accordance with the United States Trustee's *Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for*

*Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), this Application is supported by the following exhibits:

- **Exhibit A**: A summary of compensation by each professional of Eversheds Sutherland that worked on the Chapter 11 Cases;

- **Exhibit B**: A summary of compensation by project category;

- **Exhibit C**: An expense summary;

- **Exhibit D**: Eversheds Sutherland's customary and comparable compensation disclosures;

- **Exhibit E**: The estimated budget and staffing plan for Eversheds Sutherland for the Application Period; and

- **Exhibit F**: The Certification of Sarah E. Paul in support of the Application.

## Compensation Requested

12.     Eversheds Sutherland seeks interim allowance of fees in the amount of $2,074,294.50 for services rendered during the Application Period and reimbursement of expenses in the amount of $11,755.19, which were incurred during the Application Period.

13.     Eversheds Sutherland further represents that the total amount of fees it is requesting for services rendered during the Application Period does not exceed the Monthly Fee Cap for Eversheds Sutherland and Morris Nichols in the aggregate, taking into account the ability to carry over unused portions of the Monthly Fee Cap on a rolling basis, as per the terms of the Counsel Reimbursement Agreement.

14.     Eversheds Sutherland has worked diligently in these complex Chapter 11 Cases to advance the Ad Hoc Committee's purpose, which is:

> [T]o, in a cost-efficient and timely manner, maximize recoveries on the claims of members against FTX Trading Ltd. and its affiliated

Debtors (collectively, the "Customer Claims") on account of the assets members deposited, held, received, or acquired on the FTX.com platform (collectively, the "Customer Assets"), leveraging, where beneficial, the position that the Debtors have no equitable interest in the Customer Assets and/or that constructive trust theories require priority of distribution on the Customer Claims. Membership is open to all creditors with Customer Claims that are aligned with the Ad Hoc Committee's purpose.

15.    Specifically, Eversheds Sutherland's work during the Fee Period included, without limitation, the following:

- Negotiating the Ad Hoc Committee's positions on the customer property rights of the FTX.com customers, including the positions set forth by the Ad Hoc Committee in its action for a declaratory judgment and its motion for partial summary judgment on the declaratory judgment action;

- Providing a foundation, through the Ad Hoc Committee's customer property arguments, around which the *Draft Joint Plan of Reorganization* [D.I. 2100], filed on July 31, 2023, could be constructed;

- Playing a significant role in working with the Debtors and the Official Committee of Unsecured Creditors (the "Official Committee") to shape the original chapter 11 plan construct to accommodate the concept for FTX.com customers receiving a priority distribution from the consolidated, general pool of assets;

- Driving discussions on customer property rights and customer preference liability in the course of productive plan negotiations with the Debtors and the Official Committee;

- Successfully negotiating and executing a Settlement and Plan Support Agreement ("PSA") with the Debtors, the Official Committee, and a group of putative class action plaintiffs, which is a significant milestone in these Chapter

11 Cases;

- Providing a forum open to diverse FTX.com customers for their voices to be heard and their questions and concerns to be addressed by chapter 11 professionals whom many customers would not otherwise have access to; and

- Educating FTX.com customers and taking their informed perspectives into account in formulating and advancing positions in these Chapter 11 Cases.

16.    All of Eversheds Sutherland's work during the Fee Period, including the work described above, falls within the Scope of the fees and expenses covered by the Counsel Reimbursement Agreement.  For instance, a large portion of the work performed falls within the project category "B320 Plan and Disclosures Statement (including Business Plan)," which includes time spent on plan research, plan analysis, plan negotiations, plan mediation, plan discussions, and preference analysis.  Other significant portions of the work performed falls within the project categories "B112 General Creditor Inquiries," "B270 AHC Member Communications & Meetings," and "B310 KYC Process and Claims Administration."  These categories, respectively, include time spent facilitating communications with prospective members and non-member FTX.com customers as part of the larger outreach to FTX.com customers, as well as the onboarding of new Ad Hoc Committee members; time spent communicating and meeting with current Ad Hoc Committee members; and time spent addressing customer KYC and claims processes broadly and in consultation with the Debtors working cooperatively to address global issues with the processes, including updating the FAQ materials and instructions on the portal and working on the management of the compliance process to ensure expeditious distributions post-effective date.  The Ad Hoc Committee has and will continue to provide a unique value to the estate as a representative segment of Dotcom customers.  These tasks, among others, fall within the Scope of the Counsel Reimbursement Agreement.

8

**<u>Notice</u>**

17.    Notice of this Application has been given to the following parties or, in lieu of, to their counsel, if known: (a) the U.S. Trustee, (b) the Debtors, (c) the Official Committee, (d) the Fee Examiner, and (e) all parties required to be given notice under the Interim Compensation Order.  Eversheds Sutherland submits that no other or further notice is necessary.

**WHEREFORE,** Eversheds Sutherland respectfully requests that the Court approve the Application and grant Eversheds Sutherland such other and further relief as the Court deems just and proper.

Dated: December 15, 2023
New York, New York

/s/ Sarah Paul
**EVERSHEDS SUTHERLAND (US) LLP**
Erin E. Broderick
Michael A. Rogers
227 West Monroe Street, Suite 6000
Chicago, Illinois 60606
Telephone: (312) 724-9006
Facsimile: (312) 724-9322
erinbroderick@eversheds-sutherland.com
michaelrogers@eversheds-sutherland.com

-and-

Nathaniel T. DeLoatch
999 Peachtree St NE
Atlanta, GA 30309
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
nathanieldeloatch@eversheds-sutherland.com

-and-

Sarah E. Paul
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
sarahpaul@eversheds-sutherland.com

*Counsel for Ad Hoc Committee of Non-US Customers of FTX.com*