## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION PACKAGES; (III) APPROVING THE FORMS OF BALLOTS; (IV) ESTABLISHING VOTING, SOLICITATION AND TABULATION PROCEDURES; AND (V) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR THE CONFIRMATION OF THE PLAN

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, in a form to be submitted to the Court (the "Order"), pursuant to sections 105, 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 1001-1 and 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) approving the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement") filed concurrently herewith; (ii) approving the Solicitation Packages (as defined

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

below); (iii) approving the forms of Ballots (as defined below); (iv) establishing voting, solicitation and tabulation procedures in connection with confirmation of the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan"); [2] and (v) establishing notice and objection procedures for the confirmation of the Plan.  In support of the Motion, the Debtors respectfully state as follows:

## Background

1.       On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.       Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

---

[2]     Capitalized terms used but not defined in this Motion shall have the meaning ascribed to them in the Plan or Disclosure Statement, as applicable.

**Plan Summary**

**I.      The Disclosure Statement and Plan**

3.      The Debtors submit that confirmation of the Plan will maximize and efficiently distribute value to all creditors while fairly and equitably addressing the Debtors' liabilities.  The Plan, among other things, incorporates the terms of the Settlement and Plan Support Agreement (as may be amended, modified or supplemented from time to time, the "PSA"), [3] which is the culmination of extensive and lengthy, multi-party, arm's-length negotiations.

4.      The Disclosure Statement is the product of the Debtors' extensive review and analysis of prepetition operations, assets and liabilities, circumstances leading to these Chapter 11 Cases, and other significant events occurring during these Chapter 11 Cases.  In addition, the Disclosure Statement reflects the Debtors' thorough development of the Plan, including the proposed distributions to Holders contemplated thereunder and the effect of the Plan on Holders if the Plan is confirmed and consummated.  In crafting the Plan, the Debtors sought and received the input of their advisors, board of directors, major creditor constituents and advisors.

5.      The Plan and the Disclosure Statement, filed contemporaneously with the filing of this Motion, reflect the current status of these Chapter 11 Cases.  The Debtors anticipate that changes to both the Plan and Disclosure Statement will be made prior to the hearing on this Motion to reflect additional updates, including, among other things, arrangements with the Joint Official Liquidators of FTX DM and FTX Australia, the Department of Justice, governmental claimants and other stakeholders; the resolution of material claims that could otherwise

---

[3]    The PSA is attached as Exhibit A to the *Notice of Proposed Settlement of Customer Property Disputes* [D.I. 3291].

complicate confirmation of a plan or distributions to creditors; the valuation of digital assets; the finalization of a global preference settlement process for exchange customers; the potential facilitation of claims trading in the form of a "token" effectuated by a sale of the FTX.com exchange or other early liquidity options for holders of claims and other developments.

## II.   The Proposed Confirmation Timeline, Voting Classes and Non-Voting Classes

6.    The Debtors anticipate that certain critical work by the Debtors will need to be completed prior to proceeding with approval of the Disclosure Statement and confirmation of the Plan, and that changes to both the Plan and Disclosure Statement will be necessary to reflect this work.  Accordingly, the summary below lists the Debtors' anticipated timeline  (the "Proposed Confirmation Timeline") in connection with confirmation of the Plan, which is subject to finalization and change:

| Proposed Confirmation Timeline | |
| --- | --- |
| **Event/Deadline** | **Proposed Date** |
| Voting Record Date | Two to three weeks after entry of the Order |
| Solicitation Mailing Deadline | Three to four weeks after entry of the Order |
| Publication Deadline | Three to four weeks after entry of the Order |
| Plan Supplement Filing Deadline | One week prior to Confirmation Objection Deadline |
| Confirmation Objection Deadline | Three to four weeks prior to proposed Confirmation Hearing at 4:00 p.m. prevailing Eastern Time |
| Voting Deadline | Three to four weeks prior to proposed Confirmation Hearing at 4:00 p.m. prevailing Eastern Time |
| Voting Report Deadline | One week prior to proposed Confirmation Hearing |
| Deadline to File Reply to Confirmation Objection(s) | One week prior to proposed Confirmation Hearing |
| Proposed Confirmation Hearing | To be determined in 2024 |

7.    Pursuant to the Plan, the Debtors have classified twenty-three separate Classes of Claims and Interests.  Of those Classes, the following Classes are entitled to vote to accept or reject the Plan (the "Voting Classes"):

| **Voting Class** | **Claims** |
| --- | --- |
| 5A | Dotcom Customer Entitlement Claims |
| 5B | U.S. Customer Entitlement Claims |

| | |
|---|---|
| 5C | NFT Customer Entitlement Claims |
| 6 | General Unsecured Claims |
| 7A | Dotcom Convenience Claims |
| 7B | U.S. Convenience Claims |
| 7C | General Convenience Claims |
| 8B | PropCo DM Claims |
| 8C | PropCo General Unsecured Claims |
| 11 | Subordinated Claims |

8.      Each Voting Class is or may be impaired and entitled to receive distributions under the Plan and, thus, is entitled to vote to accept or reject the Plan. Accordingly, each Holder of a Claim in Classes 5A, 5B, 5C, 6, 7A, 7B, 7C, 8B, 8C and 11 will receive a ballot for each such Claim in the respective Class in which it is entitled to vote.

9.      Section 1126(f) of the Bankruptcy Code provides that, for the purposes of soliciting votes in connection with confirmation of a plan of reorganization, "a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required." 11 U.S.C. § 1126(f).  Under the proposed Plan, Holders of Claims in the following Classes (such Classes, the "Unimpaired Non-Voting Classes") are unimpaired and therefore, conclusively presumed to accept the Plan and, accordingly, are not entitled to vote:

| Unimpaired Non-Voting Class | Claims |
|---|---|
| 1 | Priority Tax Claims |
| 2 | Other Priority Claims |
| 3 | Secured Claims |
| 4 | Separate Subsidiary Claims |
| 8A | PropCo Ordinary Course Claims |

10.      Section 1126(g) of the Bankruptcy Code provides that, "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g).  Under the proposed Plan, Holders of

Claims and Interests in the following Classes (such Classes, the "Impaired Non-Voting Classes," and together with the Unimpaired Non-Voting Classes, the "Non-Voting Classes") will not receive any distributions under the Plan and therefore, are conclusively presumed to reject the Plan and, accordingly, are not entitled to vote:

| Impaired Non-Voting Class | Claims and Interests |
| --- | --- |
| 12 | Equitably Subordinated Claims |
| 13 | FTT Claims |
| 14 | Preferred Equity Interests |
| 15 | Section 510(b) Claims |
| 16 | Other Equity Interests |
| 17 | *De Minimis* Claims |

**Customer Claims Portal and Online Voting Portal**

11.     As detailed in the *Motion of Debtors for Entry of an Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1635], the Debtors developed an online customer claims portal at http://claims.ftx.com (the "Customer Claims Portal") in connection with the bar date for Claims held by any person or entity against any of the Debtors arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date or (b) any other investment or trading activities on any FTX Exchange (the "Customer Claims").

12.     The Debtors intend to use the Customer Claims Portal to streamline the voting process for Holders of Customer Claims.[4]  After logging in with their prepetition credentials, Holders of Customer Claims will be able to view their historical transaction information, account balances, scheduled claim amount, the Voting Amount (as defined below),

---

[4]    These include Holders of Claims in Classes 5A, 5B, 7A and 7B.

and the calculation of the preference settlement offer.    After viewing this information, the Customer Claims Portal will then direct the Holder to the Solicitation Agent's online voting platform, where such Holder may make the applicable elections and vote to accept or reject the Plan, by submitting its ballot(s) electronically.    Holders of Customer Claims will also have the option to complete and submit a paper ballot pursuant to the proposed  Solicitation and Voting Procedures (as defined below).

### Jurisdiction

13.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.    The statutory and legal basis for the relief sought herein is Bankruptcy Code sections 105, 1125, 1126 and 1128, Bankruptcy Rules 2002, 3016, 3017, 3018 and 3020 and Local Rules 1001-1 and 3017-1.    Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

14.    By this Motion, the Debtors seek entry of the Order, granting the following relief and such other relief as just and proper:

a        ***Disclosure Statement.***    Approving the Disclosure Statement, as providing "adequate information" for purposes of soliciting votes on the Plan as required by section 1125(b) of the Bankruptcy Code;

b        ***Solicitation and Voting Procedures.***    Approving the Debtors' proposed procedures, substantially in the form to be attached to the

Order (the "<u>Solicitation and Voting Procedures</u>"), for: (i) soliciting, receiving and tabulating votes to accept or reject the Plan and (ii) voting to accept or reject the Plan;

c    ***Non-Voting Status Notices.***    Approving: (i) the form of notice to Holders of Claims in the Unimpaired Non-Voting Classes, substantially in the form to be attached to the Order (the "<u>Unimpaired Notice</u>"); and (ii) the form of notice to Holders of Claims or Interests in the Impaired Non-Voting Classes, substantially in the form to be attached to the Order (the "<u>Impaired Notice</u>," and together with the Unimpaired Notice, the "<u>Notice of Non-Voting Status</u>");

d    ***Ballots.***    Approving the ballot (collectively, the "<u>Ballots</u>") for: (i) Class 5A Dotcom Customer Entitlement Claims; (ii) Class 5B U.S. Customer Entitlement Claims; (iii) Class 5C NFT Customer Entitlement Claims; (iv) Class 6 General Unsecured Claims; (v) Class 7A Dotcom Convenience Claims; (vi) Class 7B U.S. Convenience Claims; (vii) Class 7C General Convenience Claims; (viii) Class 8B PropCo DM Claims; (ix) Class 8C PropCo General Unsecured Claims; and (x) Class 11 Subordinated Claims, substantially in the forms to be attached to the Order, respectively;

e    ***Cover Letter.***    Approving the form of letter (the "<u>Cover Letter</u>") from the Debtors recommending that all Holders in the Voting Classes vote to accept the Plan, substantially in the form to be attached to the Order;

f    ***Official Committee Letter.***    Approving the form of the letter from the Committee recommending that all Holders of General Unsecured Claims and Customer Entitlement Claims vote to accept the Plan, substantially in the form to be attached to the Order (the "<u>Official Committee Letter</u>")[5];

g    ***Ad Hoc Committee Letter.***    Approving the form of letter from the Ad Hoc Committee of Non-US Customers of FTX.com (the "<u>Ad Hoc Committee</u>") recommending that Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims vote to accept the Plan, substantially in the form to be attached to the Order (the "<u>Ad Hoc Committee Letter</u>")[6];

h    ***Disclosure Statement Hearing Notice.*** Approving the manner of providing notice of the Disclosure Statement Hearing (as defined

---

[5]    The Official Committee Letter will be filed at a later date in advance of the hearing on this Motion.

[6]    The Ad Hoc Committee Letter will be filed at a later date in advance of the hearing on this Motion.

below) and the deadline to object to adequacy of the Disclosure Statement;

i    ***Confirmation Hearing Notice.***  Approving the form of notice of the Confirmation Hearing (the "<u>Confirmation Hearing Notice</u>"), substantially in the form to be attached to the Order;

j    ***Publication Notice.***  Approving the form of publication notice of the Confirmation Hearing (the "<u>Publication Notice</u>"), substantially in the form to be attached to the Order;

k    ***Plan Supplement Notice.***  Approving the notice of filing of the Plan Supplement (the "<u>Plan Supplement Notice</u>"), substantially in the form to be attached to the Order;

l    ***Confirmation Timeline.***  Approving the Proposed Confirmation Timeline, subject to modification as necessary:

   i    ***Voting Record Date.***  **<u>Two to three weeks after entry of the Order</u>** as the record date for purposes of determining which Holders of Claims are entitled to vote on the Plan (the "<u>Voting Record Date</u>");

   ii   ***Solicitation Mailing Deadline.***  **<u>Three to four weeks after entry of the Order</u>** as the deadline for the distribution of the Solicitation Packages or as soon as reasonably practical thereafter (the "<u>Solicitation Mailing Deadline</u>");

   iii  ***Publication Deadline.***  **<u>Three to four weeks after entry of the Order</u>** as the deadline for the publication of the Publication Notice or as soon as reasonably practical thereafter (the "<u>Publication Deadline</u>");

   iv   ***Plan Supplement Filing Deadline.***  **<u>One week prior to the Confirmation Objection Deadline</u>** as the deadline by which the Debtors must file the Plan Supplement or as soon as reasonably practical thereafter (the "<u>Plan Supplement Filing Deadline</u>");

   v    ***Confirmation Objection Deadline.***  **<u>Three to four weeks prior to the proposed Confirmation Hearing at 4:00 p.m. prevailing Eastern Time</u>** as the deadline by which objections to the Plan must be filed with the Court and served so as to be actually received by the appropriate notice parties (the "<u>Confirmation Objection Deadline</u>");

   vi   ***Voting Deadline.***  **<u>Three to four weeks prior to the proposed Confirmation Hearing at 4:00 p.m. prevailing</u>**

**Eastern Time** as the deadline by which **all** Ballots must be properly executed, completed, and delivered so that they are actually received (the "Voting Deadline") by the Solicitation Agent (as defined below);

vii    ***Voting Report Deadline.*** **One week prior to the proposed Confirmation Hearing** as the deadline by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court (the "Voting Report Deadline");

viii    ***Deadline to File Reply to Confirmation Objection(s).*** **One week prior to the proposed Confirmation Hearing** as the deadline by which the Debtors and any other parties-in-interest shall file any replies or responses to objections to the Plan in support of confirmation of the Plan;

ix    ***Proposed Confirmation Hearing.*** The date and time to be determined, subject to the Court's availability, for the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing"); and

m    ***Solicitation Packages.*** Finding that the solicitation materials and documents included in the solicitation packages (the "Solicitation Packages") that will be sent to, among others, Holders of Claims in the Voting Classes comply with Bankruptcy Rules 3017(d) and 2002(b).

## Basis for Relief

### I.    The Court Should Approve the Disclosure Statement.

#### A.    The Disclosure Statement Contains Adequate Information.

15.    Under section 1125(b) of the Bankruptcy Code, votes to accept or reject a chapter 11 plan may not be solicited from holders of claims or interests unless such holders of claims or interests have been provided, at or before the time of such solicitation, with a written disclosure statement approved by the bankruptcy court that contains "adequate information" regarding such chapter 11 plan.  As defined in section 1125(a)(1) of the Bankruptcy Code, "adequate information" means:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of

> the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

16.    The Bankruptcy Code requires a debtor to provide adequate information through a disclosure statement to allow creditors to make informed judgments regarding a proposed plan.  *See Krystal Cadillac-Oldsmobile GMC Truck, Inc.* v. *GMC*, 337 F.3d 314, 321 (3d Cir. 2003) ("[A] party seeking chapter 11 bankruptcy protection has an affirmative duty to provide creditors with a disclosure statement containing adequate information to enable a creditor to make an informed judgment about the Plan.") (internal citation omitted); *Century Glove, Inc.* v. *First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) (stating that section 1125 "seeks to guarantee a minimum amount of information to the creditor asked for its vote"); *In re Phx. Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan.").

17.    The determination as to whether the "adequate information" standard has been met in any given case, however, is based on the facts and circumstances of each case.  *See Bank of N.Y.* v. *Becker (In re Lower Bucks Hosp.)*, 488 B.R. 303, 317 (E.D. Pa. 2013) ("What constitutes 'adequate information' is determined on a case-by-case basis."); *see also Oneida Motor Freight, Inc.* v. *United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case.").  Courts have broad discretion in determining whether a disclosure statement contains "adequate information" within the meaning of section 1125(a) of

the Bankruptcy Code.  *See, e.g.*, *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D. N.J. 2005)

("Section 1125 affords the Bankruptcy Court substantial discretion in considering the adequacy

of a disclosure statement.") (citing *In re River Village Assocs.*, 181 B.R. 795, 804 (E.D. Pa.

1995)); *Phx. Petroleum Co.*, 278 B.R. at 393 (noting that the determination of what is adequate

information is "largely within the discretion of the bankruptcy court") (quotation omitted); *In re

Lower Bucks Hosp.*, 488 B.R. at 317 (explaining that "the ultimate determination" of adequate

information under Section 1125 is "within the discretion of the bankruptcy court").

      18.    The Disclosure Statement contains information of a kind, and in sufficient

detail, to allow all parties-in-interest to make informed judgments about the Plan and, if

applicable, to cast an informed vote to accept or reject the Plan.  The Disclosure Statement is

extensive and comprehensive.  It contains descriptions and summaries of, among other things:

    a.    a detailed overview of the Debtors' prepetition activities, business operations and silo-organizational structure is provided in Article II of the Disclosure Statement;

    b.    a detailed overview of the events that resulted in the filing of the Debtors' chapter 11 petitions;

    c.    a detailed overview of the Debtors' restructuring efforts and negotiations with respect to the Plan and the PSA is provided in Article III of the Disclosure Statement;

    d.    a detailed overview of the significant events during these Chapter 11 Cases is provided in Article III of the Disclosure Statement;

    e.    the material terms of the Plan are provided in Article IV of the Disclosure Statement;

    f.    the classification and treatment of Claims and Interests under the Plan are provided in Article IV of the Disclosure Statement;

    g.    confirmation procedures and statutory requirements for confirmation and consummation of the Plan are provided in Article V of the Disclosure Statement;

    h.    certain risk factors relating to the Plan are provided in Article VII of the Disclosure Statement;

i.   a liquidation analysis, once finalized, setting forth the estimated return that Holders of Claims and Interests would receive in a hypothetical chapter 7 case is attached to the Disclosure Statement as Appendix C;

j.   a description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan, including a copy of the Order once entered, is provided in Article VI and Appendix B of the Disclosure Statement; and

k.   a description of certain U.S. federal income tax law consequences of the Plan is provided in Article VIII of the Disclosure Statement.

Accordingly, the Debtors respectfully submit that, under the circumstances of these Chapter 11 Cases, the Disclosure Statement provides "adequate information" for purposes of section 1125(b) of the Bankruptcy Code, complies with the other requirements of section 1125 of the Bankruptcy Code, and should be approved by the Court.

**B.    The Disclosure Statement Provides Sufficient Notice of Injunction, Exculpation, and Release Provisions in the Plan.**

19.   Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.

20.   The Plan provides, among other things, that the release under Article 10 acts as a permanent injunction against any person who has held, holds or may hold Claims, Interests or Causes of Action from commencing or continuing any action with respect to any Claim, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code.  *See* Plan § 10.8.  The Plan also provides that "all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting

any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down Estates as of the Effective Date." *Id*.

21.    Each of the injunction, release and exculpation provisions provided in the Plan is stated in conspicuous language. *See id.* §§ 10.3, 10.4, 10.5, 10.6, 10.7, 10.8 and 10.9.

22.    Detailed descriptions of the injunction are provided in Article 4G of the Disclosure Statement.  Likewise, the releases provided under the Plan are described in detail, including the entities providing such releases and the entities and the Claims and Causes of Action being released.  *See* Disclosure Statement Article 4G.  Further, the terms of the exculpation and the injunctions provided for in the Plan are provided in Article 4G of the Disclosure Statement.

23.    Each of the Disclosure Statement, Ballots and Confirmation Hearing Notice also state, in conspicuous, bold or capitalized print, that any party that does not opt out as a Releasing Party will be bound by the third-party release and exculpation provisions in the Plan. Importantly, the third-party release and exculpation provisions in the Plan will not release or exculpate any party not identified as a Released Party or any party specifically identified as an Excluded Party. *See id.* §§ 10.4, 10.5 and 10.7.  Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) and the Confirmation Hearing Notice complies with Bankruptcy Rule 2002(c)(3).

**C.    The Disclosure Statement Hearing Notice Procedures Are Appropriate.**

24.    Bankruptcy Rule 3017(a) requires the Debtors to provide not less than 28 days' notice of the hearing to approve the Disclosure Statement (the "Disclosure Statement Hearing") to creditors and other parties-in-interest.  Bankruptcy Rule 2002(b) further requires that creditors receive at least 28 days' notice of the time fixed for filing objections to the adequacy of a disclosure statement.  Additionally, Local Rule 3017-1(a) requires the plan

proponent to obtain hearing and objection dates from the Court upon the filing of a disclosure statement and to provide notice of those dates in accordance with Bankruptcy Rule 3017.

25.     As set forth above, certain critical work by the Debtors will need to be completed prior to proceeding with approval of the Disclosure Statement and confirmation of the Plan and that changes to both the Plan and Disclosure Statement will be necessary to reflect this work.  In the interest of providing parties ample time to review the Disclosure Statement, the Solicitation and Voting Procedures, Ballots and forms of notice, the Debtors are filing this Motion now and intend to provide creditors and parties-in-interest with notice of the Disclosure Statement Hearing and deadline to object to adequacy of the Disclosure Statement (the "Disclosure Statement Hearing Notice") at a later date.

26.     The Disclosure Statement Hearing Notice will, among other things, identify the date, time and place of the Disclosure Statement Hearing and the deadline and procedures for asserting objections to the approval of the Disclosure Statement.  In accordance with Bankruptcy Rule 3017(a) and Local Rule 3017-1(a), the Disclosure Statement Hearing Notice will provide at least 28 days' notice of the deadline to object to the Disclosure Statement. The Debtors will serve the Disclosure Statement Hearing Notice on the Notice Parties (as defined below).  In addition, copies of the Disclosure Statement Hearing Notice, Plan and Disclosure Statement will be available free of charge on the website maintained by the Solicitation Agent at https://restructuring.ra.kroll.com/FTX/.

27.     The Debtors submit that the foregoing procedures provide adequate notice of the Disclosure Statement Hearing.  To the extent these procedures can be interpreted to deviate from Local Rule 3017-1(a), the Debtors request leave from the requirements set forth in Local Rule 3017-1(a) out of an abundance of caution to provide notice of the Disclosure Statement Hearing and deadline to object to approval of the Disclosure Statement in the manner

set forth herein.  *See* Local Rule 1001-1(c) ("The application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice.").  The Debtors submit that under the circumstances, such relief, to the extent necessary, is in the interest of justice.  Moreover, no party-in-interest will be negatively impacted by any such deviation since they will receive at least the requisite 28 days' notice, if not more.  Accordingly, the Debtors request that the Court approve the foregoing procedures as appropriate notice and in compliance with the relevant requirements of the Bankruptcy Code, Bankruptcy Rules and Local Rules.

## II. The Court Should Approve the Form, Content, and Manner of Notices.

### A. The Court Should Approve the Form and Distribution of Solicitation Packages to Holders Entitled to Vote on the Plan.

28.    Bankruptcy Rule 3017(d) requires that certain materials be provided to holders of claims and equity interests for the purpose of soliciting votes and providing adequate notice of the hearing on confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;
>
> (3)    notice of the time within which acceptances and rejections of such plan may be filed; and
>
> (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with

> Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Bankruptcy Rule 3017(d).  In accordance with these requirements, the Debtors propose to send the Solicitation Packages to Holders of Claims in the Voting Classes with the information they need to make informed decisions with respect to how to vote on the Plan.

29.    Specifically, on or before the Solicitation Mailing Deadline, the Debtors shall cause the Solicitation Agent to distribute a Solicitation Package to each Holder of a Claim in a Voting Class, by e-mail to the extent possible.  In the event the Debtors are not in possession of an e-mail address for a Holder, the Solicitation Agent shall serve the Solicitation Packages on such Holder in paper or electronic format (*i.e.*, USB flash drive format), via first class mail to the extent a valid physical mailing address is known.

30.    Each Solicitation Package will include the following materials:

a.    the Cover Letter, which describes the contents of the Solicitation Package and recommends all Holders of Claims in the Voting Classes vote to accept the Plan;

b.    the Official Committee Letter;

c.    the Ad Hoc Committee Letter (which shall only be included in the Solicitation Package to be served on Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims);

d.    the Solicitation and Voting Procedures;

e.    the applicable form of Ballot, as applicable;

f.    the Disclosure Statement (and exhibits thereto, including the Plan);

g.    the Order (excluding exhibits thereto);

h.    the Confirmation Hearing Notice; and

i.    any additional documents that the Court orders to be made available to Holders of Claims in the Voting Classes.

-17-

31.     The Debtors request authorization to distribute Solicitation Packages via e-mail in electronic format to all Holders of Claims in the Voting Classes, utilizing the e-mail address on file for such Holder, if any, and the e-mail address listed on any filed proof of claim, to the extent a proof of claim was filed and an e-mail address other than the e-mail address on file was provided.  If the message to either e-mail address is returned as undeliverable, or if the Debtors are not in possession of an e-mail address for such Holders, the Solicitation Agent shall serve the Solicitation Package on such Holders in paper or electronic format (*i.e.*, USB flash drive format), via first class mail to the extent a valid physical mailing address is known by the Debtors.  The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses or e-mail addresses based on undeliverable Solicitation Packages.

32.     Soliciting Holders of Claims in the Voting Classes via e-mail, as supplemented by first class mail as applicable, will provide greater notice and save significant time and expense that will directly inure to the benefit of the Debtors' stakeholders and enhance recoveries under the Plan in these highly complex Chapter 11 Cases.  Accordingly, the Debtors submit that e-mail service to Holders of Claims in the Voting Classes, as supplemented by first class mail as applicable, is in the best interest of the Debtors' estates.  Given the length of the Plan, Disclosure Statement and proposed Order, distributing the Solicitation Packages in this manner will result in significant cost savings.

33.     Additionally, the Debtors also request that the Solicitation Agent be authorized to:  (a) distribute the Solicitation Packages; (b) receive, tabulate, and report on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) respond to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to

accept or reject the Plan and for objecting to the Plan; (d) solicit votes on the Plan; and (e) if

necessary, contact creditors regarding balloting of the Plan.

B.     **The Court Should Approve the Form and Distribution of Notices to Non-Voting Classes.**

34.     Bankruptcy Rule 3017(d) provides that:

> If the court orders that the disclosure statement and the plan
> or a summary of the plan shall not be mailed to any
> unimpaired class, notice that the class is designated in the
> plan as unimpaired and notice of the name and address of
> the person from whom the plan or summary of the plan and
> disclosure statement may be obtained upon request and at
> the plan proponent's expense, shall be mailed to members
> of the unimpaired class together with the notice of the time
> fixed for filing objections to and the hearing on
> confirmation.

Bankruptcy Rule 3017(d).

35.     Holders of Claims in Unimpaired Non-Voting Classes are deemed to

accept the Plan under section 1126(f) of the Bankruptcy Code.  Accordingly, consistent with

Bankruptcy Rule 3017(d), their votes to accept or reject the Plan will not be solicited.  Similarly,

Holders of Claims in Impaired Non-Voting Classes will not receive any distributions under the

Plan and therefore, are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code.

Accordingly, their votes to accept or reject the Plan will not be solicited.

36.     In lieu of a Solicitation Package, the Debtors propose to provide the

following to Holders in Non-Voting Classes:

a.     ***Unimpaired Non-Voting Classes.***  Holders of Claims in Classes 1,
2, 3, 4 and 8A are unimpaired under the Plan and, therefore, are
conclusively presumed to have accepted the Plan.  As such,
Holders of such Claims will receive the Confirmation Hearing
Notice and the Unimpaired Notice in lieu of a Solicitation
Package; and

b.     ***Impaired Non-Voting Classes.***  Holders of Claims and Interests in
Classes 12, 13, 14, 15, 16 and 17 are not entitled to any

distributions under the Plan and, therefore, are deemed to reject the Plan and will receive the Confirmation Hearing Notice and the Impaired Notice in lieu of a Solicitation Package.

37.    Each Notice of Non-Voting Status will include, among other things: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent's and/or the Court's website via PACER; (b) a disclosure regarding the release, exculpation, and injunction language set forth in Article X of the Plan; (c) notice of the Plan Objection Deadline; and (d) notice of the Confirmation Hearing Date and information related thereto.    Additionally, each Impaired Notice will include an election form where a Holder may elect to opt out of the Releases.

38.    The Debtors request authorization to distribute the Notice of Non-Voting Status and Confirmation Hearing Notice via e-mail in electronic format to all Holders in Non-Voting Classes, utilizing the e-mail address on file for such Holder, if any, and the e-mail address listed on any filed proof of claim, to the extent a proof of claim was filed and an e-mail address other than the e-mail address on file was provided.    If the message to either e-mail address is returned as undeliverable, or if the Debtors are not in possession of an e-mail address for such Holders, the Solicitation Agent shall serve these materials on such Holders in paper or electronic format (*i.e.*, USB flash drive format), via first class mail to the extent a valid physical mailing address is known by the Debtors.

39.    Distribution of these materials to Holders in Non-Voting Classes via e-mail, as supplemented by first class mail as applicable, will provide greater notice and save significant time and expense.    Accordingly, the Debtors submit that e-mail service to Holders in Non-Voting Classes, as supplemented by first class mail as applicable, is in the best interest of the Debtors' estates.

-20-

40.     The Debtors will not provide the Holders in Class 9 Cancelled Intercompany Claims and Class 10 Intercompany Interests with a Solicitation Package or any other type of notice in connection with the solicitation.  In light of the fact that the Cancelled Intercompany Claims and Intercompany Interests are all held by the Debtors or affiliates of the Debtors, the Debtors are requesting a waiver from any requirement to serve such Holders of Cancelled Intercompany Claims or Intercompany Interests with any notices or the Solicitation Package.

**C.      The Court Should Approve the Form and Distribution of Notices to Other Parties-in-Interest.**

41.     All other Holders of Claims and Interests who are not receiving Solicitation Packages or the Notices of Non-Voting Status will receive the Confirmation Hearing Notice via e-mail from the Solicitation Agent.  To the extent an e-mail address is not on file for any Holder of Claims or Interests, and the Debtors are in possession of a valid physical mailing address for such Holders, the Solicitation Agent shall serve the Confirmation Hearing Notice on such Holder via first class mail.  To supplement the Confirmation Hearing Notice, the Debtors plan to cause the Publication Notice to be published on or before the Publication Deadline.

42.     The Debtors shall also electronically serve all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

**III.      The Court Should Approve the Forms of the Ballots.**

43.     Bankruptcy Rule 3018(c) provides that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form."

Bankruptcy Rule 3018(c).  Each Ballot is based on Official Bankruptcy Form No. 314, with appropriate modifications to address the specific terms of the Plan, and therefore, should be approved by the Court.

44.    Each Ballot will be prepopulated with, among other things, the Scheduled Amount (as defined below) and the Voting Amount (as defined below) of each Claim held by a Holder in each of the Voting Classes and includes detailed descriptions of the elections available to Holders.  The Class 5A, Class 5B, Class 7A and Class 7B Ballots will also be prepopulated with a Holder's net preference exposure in respect of the applicable Claim to allow such Holder to determine whether to elect to accept the Customer Preference Settlement.  Further, given that the Debtors may exclude the Customer Preference Action associated with a Class 5A Dotcom Customer Entitlement Claim, a Class 5B U.S. Customer Entitlement Claim, a Class 7A Dotcom Convenience Claim or a Class 7B U.S. Convenience Claim as an Excluded Customer Preference Action, any Holder that elects to accept the Customer Preference Settlement is eligible to vote to accept or reject the Plan, or to make the Convenience Claim Election, as applicable, under the scenario where the Customer Preference Action associated with its Claim is excluded by the Debtors as an Excluded Customer Preference Action.

45.    The Ballots on the Solicitation Agent's online voting portal will provide prompts to ensure that any elections made by the Holders are consistent, thus preventing Holders from inadvertently submitting a defective Ballot and ensuring that votes to accept or reject the Plan from Holders in the Voting Classes will be counted properly.

## IV.    The Court Should Approve the Solicitation and Voting Procedures.

46.    Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-

> thirds in amount and more than one-half in number of the
> allowed claims of such class held by creditors, other than
> any entity designed under subsection (e) of this section, that
> have accepted or rejected such plan.

11 U.S.C. § 1126(c).

47.     Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form.  Bankruptcy Rule 3018(c).  Consistent with these requirements, the Debtors propose using the Solicitation and Voting Procedures.  The Solicitation and Voting Procedures include specific voting and tabulation requirements and procedures, as described below.

### A.      Establishment of Voting Record Date

48.     Bankruptcy Rule 3017(d) provides that upon approval of a disclosure statement, except to the extent that the court orders otherwise, the debtor must provide all creditors or equity security holders with copies of the chapter 11 plan, the disclosure statement, notice of the voting deadline and such other information as the court may direct.  The creditors and equity security holders to be solicited for votes on the plan are determined as of the approval of the disclosure statement, "or another date fixed by the court, for cause, after notice and a hearing."  Bankruptcy Rules 3017(d) and 3018(a).

49.     The Debtors request that the Court establish the Voting Record Date for purposes of determining: (a) the Holders of Claims and Interests entitled to receive a Solicitation Package; (b) the Holders of Claims in the Voting Classes; and (c) whether Claims have been transferred properly to an assignee pursuant to Bankruptcy Rule 3001(e), such that the assignee can vote as the Holder of such Claim.

50.     To avoid any confusion resulting from claims trading activity, the Debtors further request that the Holder of a Claim entitled to vote on the Plan be determined by reference to the claims register, as may be modified by such notices of transfer as have been filed with the Court as of the Voting Record Date.  The Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

**B.     Establishment of Voting Deadline**

51.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court must fix a time within which the holders of claims may vote to accept or reject a plan.  *See* Bankruptcy Rule 3017(c).

52.     The Debtors accordingly request that all Holders of Claims in the Voting Classes be required to (a) submit their Ballots online at the Solicitation Agent's online voting portal at http://www.restructuring.ra.kroll.com/FTX or (b) return their Ballots by mail or hand delivery to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, in each case, so that they are actually received by the Solicitation Agent on or before the Voting Deadline; *provided* that the Debtors reserve the right, at any time or from time to time, to extend the period of time during which Ballots will be accepted for any reason.  For the avoidance of doubt, electronic submissions of Ballots may only be made at the Solicitation Agent's online voting portal at http://www.restructuring.ra.kroll.com/FTX.    Ballots submitted by e-mail,

facsimile or any other means of electronic submission not specifically authorized by the Order shall not be counted.

53.     The proposed Voting Deadline will allow Holders of Claims in the Voting Classes sufficient time to review the solicitation materials and make an informed decision to vote on the Plan.  The Debtors therefore submit that the Voting Deadline is reasonable and appropriate, and should be approved by the Court.

C.     **Completion of Ballots**

54.     To ease and clarify the process of tabulating all votes received, the Debtors propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria.  Specifically, the Solicitation and Voting Procedures provide that the Debtors will not count a Ballot if it is, among other things, illegible, submitted by a Holder of a Claim that is not entitled to vote on the Plan, unsigned, or not clearly marked; *provided* that Ballots submitted through the Solicitation Agent's online voting portal shall be deemed electronically signed.  Furthermore, the Debtors may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report.

55.     Additionally, if a Holder of a Class 5A Dotcom Customer Entitlement Claim, a Class 5B U.S. Customer Entitlement Claim or a Class 6 General Unsecured Claim makes the Convenience Claim Election, such Holder will be deemed to vote to accept the Plan. Similarly, if a Holder of a Class 5A Dotcom Customer Entitlement Claim, a Class 5B U.S. Customer Entitlement Claim, a Class 7A Dotcom Convenience Claim or a Class 7B U.S. Convenience Claim elects to accept the Customer Preference Settlement (this election, the "Customer Preference Settlement Election"), and the Debtors do not exclude the Customer Preference Action associated with  such Claim as an Excluded Customer Preference Action, such

Holder will also be deemed to vote to accept the Plan. The Debtors believe this process will streamline the numerous Ballots the Debtors expect to receive and is in the best interest of the Debtors' estates and all key stakeholders.

### D.    General Ballot Tabulation and Voting Procedures

56.    The proposed Solicitation and Voting Procedures set forth specific criteria with respect to the general tabulation of Ballots, voting procedures applicable to Holders of Claims, and tabulation of such votes, including the eligibility criteria for a Holder to vote on the Plan and the mechanisms to establish the Scheduled Amount of a Claim and the amount of a Claim for purposes of voting to accept or reject the Plan (the "Voting Amount"). As detailed in Section 4(ii) of the Solicitation and Voting Procedures, the "Scheduled Amount" in respect of a Claim shall be the dollar amount for such Claim set forth in the Debtors' schedules of assets and liabilities[7] (collectively, and as may be amended from time to time, the "Schedules", and those Claims appearing in the Schedules, the "Scheduled Claims"); *provided* that, to the extent all or part of such Claim includes cryptocurrency, such cryptocurrency will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations to be set forth in an order by the Court; *provided*, *further*, that to the extent all or part of such Claim includes an NFT, such NFT will not be valued.

57.    As detailed in Section 4(ii) of the Solicitation and Voting Procedures, the Voting Amount of each Claim will be determined as follows:

        a.    *Scheduled Claims not superseded by a filed Proof of Claim.*

                i    In the event a Scheduled Claim is not scheduled as contingent, unliquidated or disputed, the Scheduled

---

[7]    The Debtors filed schedules of assets and liabilities for each Debtor along with amendments thereto at D.I. 865-954, 956-63, 966-1083, 1166, 1729-88, 1985-95, 1997-2031, 2033-42, 2045-97, 2285-2342, 2344-82, 2384-2408.

Amount shall control for voting purposes.

ii    In the event a Scheduled Claim is scheduled as contingent, unliquidated or disputed, such Claim shall be disallowed for voting purposes.

b.    *Scheduled Claims superseded by a timely filed Proof of Claim.*

i    Subject to any Resolution Event (as defined below), in the event a Scheduled Claim is not scheduled as contingent, unliquidated or disputed and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim shall control for voting purposes; *provided*, that if such Proof of Claim is filed as partially liquidated and partially unliquidated or contingent, such Claim shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if such Proof of Claim is subject to a pending objection from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, the Scheduled Amount shall then control for voting purposes.

ii    Subject to any Resolution Event, in the event a Claim is scheduled as contingent, unliquidated or disputed and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim shall control for voting purposes; *provided*, that if such Proof of Claim is filed as partially liquidated and partially unliquidated or contingent, such Claim shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if (i) such Proof of Claim is wholly contingent, unliquidated, or disputed (based on the face of such Proof of Claim or as determined upon the reasonable review of the Debtors) or (ii) such Proof of Claim is subject to a pending objection from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, such Claim shall count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that if the objection from the Debtors or any other party-in-interest is an objection to reduce the amount asserted in such Proof of Claim, such Claim shall count for voting purposes only in

the reduced amount.

c.      *A filed Proof of Claim in respect of an unscheduled Claim.*

      i      Subject to any Resolution Event, in the event that a Claim is not scheduled by the Debtors and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim shall control for voting purposes; *provided*, that if such Proof of Claim is filed as partially liquidated and partially unliquidated or contingent, such Claim shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if (i) such Proof of Claim is wholly contingent, unliquidated, or disputed (based on the face of such Proof of Claim or as determined upon the reasonable review of the Debtors) or (ii) such Proof of Claim is subject to a pending objection from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, such Claim shall count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that if the objection from the Debtors or any other party-in-interest is an objection to reduce the amount asserted in such Proof of Claim, such Claim shall count for voting purposes only in the reduced amount.

d.      *Resolution Event.*

      i      Notwithstanding the foregoing, with respect to all Claims in the Voting Classes, the Claim amount for voting purposes shall be the amount:  (i) settled and/or agreed upon by the Debtors, in consultation with the Committee, and the applicable Holder, as reflected in a document filed with the Court (either pursuant to section 502(a) of the Bankruptcy Code allowing such Claim, Bankruptcy Rule 3018 temporarily allowing such Claim in a specified amount for voting purposes, or otherwise); (ii) set forth in an order of the Court; (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court and the applicable Holder; or (iv) set forth in e-mailed instructions from the Debtors' counsel to the Solicitation Agent with the applicable Holder copied (clauses (i) through (iv), the "Resolution Events").

Notwithstanding anything to the contrary herein:

a.    if a Claim is scheduled as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes;

b.    Holders of Proofs of Claim filed for $0.00 or zero cryptocurrency or other digital assets, as applicable, are not entitled to vote;

c.    Claims that have been paid, scheduled to be paid in the ordinary course of business, or otherwise satisfied are disallowed for voting purposes;

d.    Claims that have been disallowed for voting or distribution purposes by an order of the Court are disallowed for voting purposes;

e.    any creditor who has filed or purchased duplicate Claims within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

f.    if a Proof of Claim is amended, the last-filed, otherwise valid, Claim shall be subject to these procedures and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

58.    The Debtors and their professionals are engaged in a claims reconciliation process, and have concluded that the proposed Solicitation and Voting Procedures will ensure a fair, practical and equitable voting process and will facilitate the Plan confirmation process. Specifically, the Solicitation and Voting Procedures clarify any obligations of Holders of Claims in the Voting Classes and create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code. The Solicitation and Voting Procedures also generally allow the asserted amount in a timely filed Proof of Claim to control for voting purposes, unless such Claim is subject to a pending objection by the Solicitation Mailing Deadline, or is wholly contingent,

unliquidated, or disputed (based on the face of such Proof of Claim or as determined upon the reasonable review of the Debtors).  The Solicitation and Voting Procedures are in the best interests of the Debtors' estates and all other parties-in-interest, and that good cause supports the relief requested.

**V.      Notice and Objection Procedures for Confirmation of the Plan.**

**A.      The Court Should Approve the Confirmation Hearing Date and Voting Report Deadline.**

59.      Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  The Debtors request that the Court schedule the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") on the Confirmation Hearing Date, subject to the Court's availability.  The Debtors further request that the Debtors or the Court may adjourn the Confirmation Hearing, without further notice other than by announcement in open court and/or notice(s) of adjournment filed on the docket with the Court's permission.

60.      The Debtors seek to ensure that parties-in-interest have sufficient time to review and analyze the Plan and Disclosure Statement and make an informed decision as to whether to vote to accept or reject the Plan or support or object to the Plan.  The proposed Voting Deadline is three to four weeks prior to the proposed Confirmation Hearing at 4:00 p.m. prevailing Eastern Time, and the Debtors and the Solicitation Agent will need sufficient time to prepare the Voting Report.  Thus, the Debtors request to set the Voting Report Deadline for one week prior to the proposed Confirmation Hearing.

61.      The Debtors submit that the proposed scheduling of the Confirmation Hearing and the Voting Report Deadline is in accordance with section 1128(a) of the Bankruptcy

Code, will enable the Debtors to pursue confirmation of the Plan in a timely fashion, is reasonable and appropriate and should be approved.

**B.    The Court Should Approve Procedures and Form of the Confirmation Hearing Notice and Confirmation Objection Deadline.**

62.    Bankruptcy Rules 2002(b) and 3017(d) require no less than 28 days' notice to all holders of claims and equity interests of the time fixed for filing objections to the confirmation of a chapter 11 plan.   Additionally, Local Rule 3017-1(a) requires the plan proponent to obtain hearing and objection dates from the bankruptcy court and to provide notice of those dates in accordance with Bankruptcy Rule 3017.

63.    Accordingly, on or before the Solicitation Mailing Deadline and simultaneously with the distribution of the Solicitation Packages as described herein, the Debtors propose to serve, by e-mail where possible, and to the extent an e-mail address is not on file and the Debtors are in possession of a valid physical mailing address, by first class mail, the Confirmation Hearing Notice on all known Holders of Claims and Interests and the other Notice Parties (as defined below), in each case only to the extent such parties have not otherwise been served with the Confirmation Hearing Notice pursuant to the Order.

64.    The proposed Confirmation Hearing Notice includes, among other things: (a) instructions for viewing or obtaining copies of the Disclosure Statement, the Plan and the Order from the Solicitation Agent and/or the Court's website; (b) the Voting Deadline; (c) the Confirmation Objection Deadline and procedures and requirements for objecting to the confirmation of the Plan; and (d) the date, time and location of the Confirmation Hearing.

65.    Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Bankruptcy Rule 2002(l).  In addition to the foregoing distribution of the Confirmation Hearing

Notice, the Debtors shall publish the Publication Notice on or before the Publication Deadline. The Publication Notice will provide sufficient notice of, among other things, the entry of the Order, the Voting Deadline, the Plan Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by e-mail or by mail. Additionally, service of the Confirmation Hearing Notice and publication of the Publication Notice comport with the requirements of Bankruptcy Rule 2002 and should be approved.

66.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Bankruptcy Rule 3020(b)(1). Accordingly, the Debtors propose to establish three to four weeks prior to proposed Confirmation Hearing at 4:00 p.m. prevailing Eastern Time as the Confirmation Objection Deadline.

67.     In accordance with Bankruptcy Rule 3020(b), the Debtors propose that any objection to confirmation of the Plan must:  (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the particular Debtor or Debtors; (d) state the basis and the specific grounds therefor; and (e) be filed with the Court, together with proof of service thereof, and served upon and received by counsel to the Debtors and the Notice Parties.

68.     The Debtors submit that the proposed Confirmation Objection Deadline, Confirmation Hearing Notice and related notice and objection procedures and requirements will ensure appropriate notice of the Confirmation Hearing and Confirmation Objection Deadline as required by Bankruptcy Rules 2002(b) and 3017(d), are reasonable and appropriate and should be approved by the Court pursuant to Bankruptcy Rule 3020(b).

## Non-Substantive Modifications

69.    The Debtors request authorization to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots and other solicitation materials approved pursuant to the Order, without further order of the Court, to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

## Reservation of Rights

70.    The Debtors reserve the right to revoke or withdraw the Plan before the Confirmation Hearing and to file subsequent plans.  If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then: (a) the Plan will be null and void in all respects; (b) any settlement or compromise not previously approved by final order of the Court embodied in the Plan (including the fixing or limiting to an amount certain of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of executory contracts or unexpired leases effectuated by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (c) nothing contained in the Plan shall (x) constitute a waiver or release of any Claims, Interests, or causes of action by any parties-in-interest, (y) prejudice in any manner the rights of any Debtor or any other parties-in-interest, or (z) constitute an admission, acknowledgement, offer, or undertaking of any sort by any Debtor or any other parties-in-interest.

## Notice

71.    Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to the Ad Hoc Committee; and (h) to the extent not listed

herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

72.    No prior motion for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, and (b) grant such other and further relief as is just and proper.

Dated: December 16, 2023
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors
and Debtors-in-Possession*