**<u>Exhibit 1</u>**

**Solicitation and Voting Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## PLAN SOLICITATION AND VOTING PROCEDURES

On [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order in the above captioned chapter 11 cases [D. I. ●] (the "Solicitation Procedures Order") (i) approving the adequacy of the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. ●] (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"),[2] (ii) establishing the Voting Record Date in connection with confirmation of the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. ●] (as may be modified, amended, or supplemented from time to time, the "Plan"), (iii) approving the solicitation materials and documents to be included in the solicitation package (the "Solicitation Package"), (iv) approving the forms of Ballots, (v) establishing voting, solicitation and tabulation procedures and (vi) establishing notice and objection procedures for the confirmation of the Plan.

The Solicitation and Voting Procedures set forth in this document are supplemented by the instructions accompanying the Ballots (as defined below) included in the Solicitation Packages that will be sent to Holders of Claims in the Voting Classes (as defined below). Reference should be made to those instructions in addition to this document. In the event of any conflict among the Solicitation and Voting Procedures, the instructions accompanying the Ballots and the terms of the Ballots control.

1. **The Voting Record Date.**

The Court has established **[●], 2024** as the record date (the "Voting Record Date") for purposes of determining which Holders of Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 5C NFT Customer Entitlement Claims, Class 6

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

General Unsecured Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B PropCo DM Claims, Class 8C PropCo General Unsecured Claims and Class 11 Subordinated Claims (collectively, the "Voting Classes") are entitled to vote to accept or reject the Plan.  Only Holders of Claims in the Voting Classes as of the Voting Record Date are entitled to vote to accept or reject the Plan.

2.    **The Voting Deadline.**

The Court has established [●], 2024, at 4:00 p.m. prevailing Eastern Time as the voting deadline (the "Voting Deadline") to vote to accept or reject the Plan.  The Debtors may extend the Voting Deadline without further order of the Court by filing a notice on the Court's docket. To be counted as votes to accept or reject the Plan, all ballots (the "Ballots") must be executed, completed, and delivered pursuant to the Solicitations Procedures Order and the instructions set forth on the applicable Ballots so that they are actually received by Kroll Restructuring Administration, LLC (the "Solicitation Agent") no later than the Voting Deadline.  Holders of Claims in the Voting Classes may submit their Ballots via (a) the Solicitation Agent's online voting platform at https://restructuring.ra.kroll.com/FTX/, or (b) mail or hand-delivery to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.  Ballots submitted to the Solicitation Agent by any means other than expressly provided in the Solicitation Procedures Order, these Solicitation and Voting Procedures and the instructions set forth on the applicable Ballot, including e-mail, facsimile, or electronic means other than the online voting portal, or Ballots submitted directly to the Debtors or any of the Debtors' advisors *shall not be valid and will not be counted*.

Only one Ballot may be submitted on account of each Claim.  Holders of Claims that submit a Ballot via the Solicitation Agent's online voting platform should not also submit a paper Ballot.  If multiple Ballots are received with respect to the same Claim, the last Ballot submitted in accordance with the Solicitation Procedures Order, these Solicitation and Voting Procedures and the instructions set forth on the applicable Ballot actually received by the Solicitation Agent before the Voting Deadline shall be deemed to be the effective vote with respect to the Claim indicated on that Ballot.

3.    **Form, Content, and Manner of Notices.**

(i)    Content of the Solicitation Package.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.    the Cover Letter, which describes the contents of the Solicitation Package and recommends all Holders of Claims in the Voting Classes to vote to accept the Plan;

b.    the Official Committee Letter, which recommends that all Holders of General Unsecured Claims and Customer Entitlement Claims vote to accept the Plan;

c.    the Ad Hoc Committee Letter (which shall only be included in the

Solicitation Package to be served on Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims);

    d.    these Solicitation and Voting Procedures;

    e.    the applicable form of Ballot;

    f.    the Disclosure Statement (and exhibits thereto, including the Plan);

    g.    the Solicitation Procedures Order (excluding exhibits);

    h.    the Confirmation Hearing Notice; and

    i.    any additional documents that the Court has ordered to be made available to Holders of Claims in the Voting Classes.

(ii) <u>Distribution of the Solicitation Package.</u>

(1) *Timing of Distribution of Solicitation Packages.*

The Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims in the Voting Classes who are entitled to vote, as described in Section 4(i) below, on or before **[●], 2024** or as soon as reasonably practicable thereafter (the "<u>Solicitation Mailing Deadline</u>").

(2) *Distribution to Holders of Claims in the Voting Classes.*

The Solicitation Package will be distributed via e-mail in electronic format to all Holders of Claims in the Voting Classes to the e-mail on file for such Holders, if any, and the e-mail address listed on the filed proof of claim, to the extent a proof of claim was filed and an e-mail address other than the e-mail address on file was used. If the message to either e-mail address is returned as undeliverable, or if the Debtors are not in possession of an e-mail address for such Holders, the Solicitation Agent shall serve the Solicitation Package on such Holders in paper or electronic format (*i.e.*, USB flash drive format) via first class mail to the extent a valid physical mailing address is known by the Debtors. The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses or e-mail addresses based on undeliverable Solicitation Packages.

Each Ballot will be prepopulated with, among other things, the Voting Amount (as defined below) of each Claim held by the Holders in each of the Voting Classes and includes detailed descriptions of the elections available to certain Holders. The Ballots on the online voting portal will provide prompts to ensure that any elections made by the Holders are consistent, thus preventing Holders from inadvertently submitting a defective Ballot and ensuring that votes to accept or reject the Plan from Holders in the Voting Classes will be counted properly.

(iii)   <u>Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.</u>

Certain Holders of Claims that are not entitled to vote because they are unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Unimpaired Interests and Claims* (the "<u>Unimpaired Notice</u>") and the Confirmation Hearing Notice in electronic format.

Certain Holders of Claims and Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Interests and Claims* (the "<u>Impaired Notice</u>" and together with the Unimpaired Notice, the "<u>Notices of Non-Voting Status</u>") and the Confirmation Hearing Notice in electronic format.

(iv)   <u>Distribution to Other Parties-in-Interest.</u>

All other Holders of Claims and Interests who are not receiving Solicitation Packages or the Notices of Non-Voting Status will receive the Confirmation Hearing Notice via e-mail from the Solicitation Agent.  To the extent an e-mail address is not on file for any Holder of Claims or Interests, and the Debtors are in possession of a valid physical mailing address for such Holders, the Solicitation Agent shall serve the Confirmation Hearing Notice on such Holder via first class mail.

To supplement the Confirmation Notice, the Debtors plan to cause the Publication Notice containing information from the Confirmation Hearing Notice in a format modified for publication (the "<u>Publication Notice</u>") to be published in [•] on or before [•], 2024.

The Debtors shall also electronically serve all the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

(v)   <u>Avoiding Duplication.</u>

To avoid duplication and to reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Proofs of Claim against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, only one copy of each relevant Ballot) or one applicable Notice of Non-Voting Status on account of such Claim and with respect to that Class as against that Debtor.

4.   **Voting and Tabulation Procedures.**

(i)   <u>Holders of Claims Entitled to Vote.</u>

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with respect to such Claims, and such Holders shall be allowed to vote only in the amounts set forth in Section 4(ii) of these Solicitation and Voting Procedures:

a.      Holders of Claims that are listed in the Debtors' schedules of assets and liabilities[3] (collectively, and as may be amended from time to time, the "Schedules," and those Claims appearing in the Schedules, the "Scheduled Claims") and are not scheduled as contingent, unliquidated or disputed.

b.      Holders of Claims that, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date) that supersedes their Scheduled Claims, or that asserts a Claim that does not appear in the Schedules.

Holders of Claims and Interests in one or more of the Non-Voting Classes (*i.e.*, Holders of Claims and Interests in Classes 1, 2, 3, 4, 8A, 9, 10, 12, 13, 14, 15, 16 and 17) shall not be entitled to vote such Claim or Interest and any Ballot cast by a Holder on account of a Claim or Interest in a Non-Voting Class shall not be counted.

(ii)     Establishing Voting Amounts.

The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim for any other purpose, including distributions under the Plan. Any amounts prepopulated on the Ballots by the Debtors are not binding for purposes of allowance and distribution. In tabulating votes, the amount of a Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") shall be determined as follows:

(1)     *Scheduled Claims not superseded by a filed Proof of Claim.*

a.      In the event a Scheduled Claim is not scheduled as contingent, unliquidated or disputed, the "Scheduled Amount" will be dispositive for voting purposes. The "Scheduled Amount" in respect of a Scheduled Claim shall be the dollar amount for such Claim set forth in the Debtors' Schedules; *provided* that, to the extent all or part of a Scheduled Claim includes cryptocurrency, such cryptocurrency will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations to be set forth in an order by the Court; *provided*, *further*, that to the extent all or part of a Scheduled Claim includes an NFT, such NFT of the Scheduled Claim will not be valued.

b.      In the event a Scheduled Claim is scheduled as contingent, unliquidated or disputed, such Claim will be disallowed for voting purposes.

---

[3]   The Debtors filed schedules of assets and liabilities for each Debtor along with amendments thereto at D.I. 865-954, 956-63, 966-1083, 1166, 1729-88, 1985-95, 1997-2031, 2033-42, 2045-97, 2285-2342, 2344-82, 2384-2408.

(2)     *Scheduled Claims superseded by a timely filed Proof of Claim.*

      a.      Subject to any Resolution Event (as defined below), in the event a Scheduled Claim is not scheduled as contingent, unliquidated or disputed and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim shall control for voting purposes; *provided*, that if such Proof of Claim is filed as partially liquidated and partially unliquidated or contingent, such Claim shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if such Proof of Claim is subject to a pending objection from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, the Scheduled Amount shall then control for voting purposes.

      b.      Subject to any Resolution Event, in the event a Claim is scheduled as contingent, unliquidated or disputed and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim shall control for voting purposes; *provided*, that if such Proof of Claim is filed as partially liquidated and partially unliquidated or contingent, such Claim shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if (i) such Proof of Claim is wholly contingent, unliquidated, or disputed (based on the face of such Proof of Claim or as determined upon the reasonable review of the Debtors) or (ii) such Proof of Claim is subject to a pending objection from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, such Claim shall count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that if the objection from the Debtors or any other party-in-interest is an objection to reduce the amount asserted in such Proof of Claim, such Claim shall count for voting purposes only in the reduced amount.

(3)     *A filed Proof of Claim in respect of an unscheduled Claim.*

      a.      Subject to any Resolution Event, in the event that a Claim is not scheduled by the Debtors and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim shall control for voting purposes; *provided*, that if such Proof of Claim is filed as partially liquidated and partially unliquidated or contingent,

such Claim shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if (i) such Proof of Claim is wholly contingent, unliquidated, or disputed (based on the face of such Proof of Claim or as determined upon the reasonable review of the Debtors) or (ii) such Proof of Claim is subject to a pending objection from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, such Claim shall count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that if the objection from the Debtors or any other party-in-interest is an objection to reduce the amount asserted in such Proof of Claim, such Claim shall count for voting purposes only in the reduced amount.

(4)     *Resolution Event.*

a.      Notwithstanding the foregoing, with respect to all Claims in the Voting Classes, the Claim amount for voting purposes shall be the amount:  (i) settled and/or agreed upon by the Debtors, in consultation with the Committee, and the applicable Holder, as reflected in a document filed with the Court; (ii) set forth in an order of the Court (either pursuant to section 502(a) of the Bankruptcy Code allowing such Claim, Bankruptcy Rule 3018 temporarily allowing such Claim in a specified amount for voting purposes, or otherwise); (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court and the applicable Holder; or (iv) set forth in e-mailed instructions from the Debtors' counsel to the Solicitation Agent with the applicable Holder copied (clauses (i) through (iv), the "<u>Resolution Events</u>").

Notwithstanding anything to the contrary herein:

a.      if a Claim is scheduled as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes;

b.      Holders of Proofs of Claim filed for $0.00 or zero cryptocurrency or other digital assets, as applicable, are not entitled to vote;

c.      Claims that have been paid, scheduled to be paid in the ordinary course of business, or otherwise satisfied are disallowed for voting purposes;

d.      Claims that have been disallowed for voting or distribution purposes

by an order of the Court are disallowed for voting purposes;

e.    any creditor who has filed or purchased duplicate Claims within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

f.    if a Proof of Claim is amended, the last-filed, otherwise valid, Claim shall be subject to these procedures and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

(iii)   <u>Voting and Ballot Tabulation Procedures.</u>

The following voting procedures and assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or order of the Bankruptcy Court:

a.    Each Holder of Claims must vote the entire amount of such Holder's Claim(s) indicated on one Ballot either to accept or reject the Plan. Each Holder of Claims may not bifurcate its claims on one Ballot. If multiple Ballots are received from a Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will supersede and revoke any prior received Ballot.

b.    To the extent that a Holder of Claims receives multiple Ballots on account of different Claims, such Holder is not required to vote to accept or reject the Plan in the same manner or make the same elections in all of the Ballots.

c.    The Class 5A, Class 5B, Class 7A and Class 7B Ballots contemplate that Holders of Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 7A Dotcom Convenience Claims or Class 7B U.S. Convenience Claims may elect to accept the Customer Preference Settlement (the "<u>Customer Preference Settlement Election</u>") in respect of their respective Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 7A Dotcom Convenience Claims or Class 7B U.S. Convenience Claims and have the respective claim amount reduced by the Preference Settlement Amount. A Holder will be required to pay in cash to the Debtors to the extent the Preference Settlement Amount exceeds the Scheduled Amount in respect of each of such Claims. The Debtors may also exclude the Customer Preference Action associated with certain Claim from the Customer

-8-

Preference Settlement as an Excluded Customer Preference Action at any time prior to the Confirmation.  As a result, for Holders that make the Customer Preference Settlement Election in respect of a Claim, the Debtors are also soliciting votes on the Plan for the scenario where the Debtors exclude the Customer Preference Action associated with such Claim from the Customer Preference Settlement as an Excluded Customer Preference Action.  For the avoidance of doubt, the Customer Preference Settlement Election will not affect the Voting Amount.

d.    The Class 5A, Class 5B and Class 6 Ballots contemplate that all Holders of such classes may make the Convenience Claim Election and receive the treatment for Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims and Class 7C General Convenience Claims, respectively.  For any Holder who makes the Customer Preference Settlement Election in respect of a Class 5A Dotcom Customer Entitlement Claim or Class 5B U.S. Customer Entitlement Claim, the Debtors are also soliciting the Convenience Claim Election for the scenario where the Debtors exclude the Customer Preference Action associated with such Claim from the Customer Preference Settlement as an Excluded Customer Preference Action.  For the avoidance of doubt, the Convenience Claim Election does not change the nature of a Claim for purposes of Voting and as such a Holder's vote to accept or reject the Plan will be counted in the original Voting Amount in the Voting Class in which the Claim was originally classified.

e.    Each Claim asserted in currency other than U.S. dollars (other than cryptocurrency) shall be automatically deemed converted to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Petition Date.

f.    Each Claim asserted in cryptocurrency shall be converted to U.S. dollars by the valuations to be set forth in an order by the Court.

g.    Except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count such Ballot in connection with confirmation of the Plan.

h.    The Solicitation Agent will date-stamp all Ballots when received.  All Ballots submitted via the Solicitation Agent's online voting portal will also be time-stamped upon receipt.  The Solicitation Agent shall retain the original Ballots and an electronic copy of the

same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court.

i.  In light of the substantive consolidation proposed to be effectuated pursuant to the Plan, for purposes of determining Class acceptance or rejection of the Plan, the Solicitation Agent shall tabulate Ballots in respect of the Debtors collectively on a consolidated basis.

j.  The Debtors will file the Voting Report by **[●], 2024, at 4:00 p.m.** prevailing Eastern Time (the "Voting Report Deadline").  The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity, including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged (collectively, in each case, the "Irregular Ballots").  The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots.

k.  Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted; *provided* that the Debtors, in consultation with the Committee, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report.

l.  The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each such Holder.  Except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot, and delivery of a Ballot to the Solicitation Agent by any means other than expressly provided in these Solicitation and Voting Procedures will not be valid.

m.  No Ballot should be submitted to the Debtors, the Debtors' agents or representatives (other than the Solicitation Agent), the Debtors' financial or legal advisors, the Committee, the Committee's agents or representatives, the Committee's financial or legal advisors, the Committee's members, the Ad Hoc Committee, the Ad Hoc Committee's agents or representatives, the Ad Hoc Committee's financial or legal advisors, or the Ad Hoc Committee's members, and, if so sent, will not be counted.

n.  A person signing a Ballot in that person's capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative

capacity of a Holder of Claims must indicate such capacity when signing.

o.    In the event a designation of lack of good faith is requested by a party-in-interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected.

p.    Subject to any order of the Court, the Debtors reserve the right to, in consultation with the Committee, reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report.

q.    If a Claim has been estimated or otherwise allowed only for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

r.    If an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein.

s.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan:

    i.    any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim;

    ii.    any Ballot cast by any entity that does not hold a Claim in a Voting Class;

    iii.    any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (or deemed timely filed by an order of the Court prior to the Voting Record Date);

    iv.    any unsigned Ballot or Ballot lacking a wet ink signature (for the avoidance of doubt, a Ballot submitted via the Solicitation Agent's online balloting portal shall be deemed a wet ink signature);

     v.     any Ballot not marked to accept or reject the Plan (which may be through making certain elections on the applicable Ballot) or marked both to accept and reject the Plan;

     vi.     any Ballot transmitted by facsimile, e-mail, or other means not specifically approved pursuant to the Solicitation Procedures Order or contemplated by these Solicitation and Voting Procedures;

     vii.     any Ballot submitted to any of the Debtors, the Debtors' agents or representatives other than the Solicitation Agent, the Debtors' financial or legal advisors, the Committee, the Committee's agents or representatives, the Committee's financial or legal advisors, the Committee's members, the Ad Hoc Committee, the Ad Hoc Committee's agents or representatives, the Ad Hoc Committee's financial or legal advisors, or the Ad Hoc Committee's members; and

     viii.     any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein;

t.     neither the Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

u.     .after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors, in consultation with the Committee, or further order of the Court;

v.     the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes, with such stipulations to be disclosed on the Voting Report; and

w.     where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other solicitation and voting procedures set forth herein) and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan.  In the event that (x) a Ballot or (y) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted.

*     *     *     *     *