**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FTX TRADING LTD., et al.,[1] | ) | Case No. 22-11068 (JTD) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | **Ref. Docket No. 4498** |

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING THIRD MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this statement (this "Statement") regarding the *Third Motion of Debtors for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 4498] (the "Motion"),[2] and in support thereof, respectfully states as follows:

**STATEMENT**

1. The Debtors' Motion requesting a third extension of their Exclusive Periods was filed just after the one-year anniversary of the commencement of these Chapter 11 Cases. From the inception of these cases, the Committee has advocated for an efficient and prompt plan process in

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used herein that are not defined herein shall have the meanings ascribed to them in the Motion.

order to maximize creditor recoveries and expedite distributions. The Committee, in connection with the Debtors' second exclusivity extension request, sought mediation and urged the Debtors to promptly engage in Plan negotiations, which soon thereafter occurred. Since the Court entered the Second Exclusivity Extension Order, the Debtors, the Committee and other creditor stakeholders negotiated and entered into the plan support agreement [Docket No. 3291-1] (the "PSA"), which sets forth certain important terms of a plan of reorganization, including a settlement of customer property litigation commenced by the Ad Hoc Committee, customer priority to the respective assets of the FTX exchanges and Alameda, and a structure for customers' settlement of preference claims.

2. On December 16, 2023, on the deadline for doing so set forth in the PSA (a deadline that the Committee believed it important for the Debtors to honor), the Debtors filed a revised chapter 11 plan [Docket No. 4861] (the "Plan") and disclosure statement [Docket No. 4862] (the "Disclosure Statement"), which incorporate the key economic terms that were negotiated among the parties and reflected in the PSA. However, certain of the heavily negotiated, material terms set forth in the PSA term sheet (including, critically, post-Effective Date governance), are notably absent from the Plan. By the terms of the PSA, the Committee's agreement to support a plan is subject to the filing by the Debtors, by the December 16 deadline, of a plan "consistent in *all* respects" with the PSA term sheet (PSA at 2 (emphasis added)). The Committee has reserved the right to object to the Plan unless the next amended version of the Plan includes the necessary changes.

3. Also absent from the Disclosure Statement is the Debtors' estimate of anticipated creditor recoveries, information that creditors require to appropriately evaluate the Plan. Recovery estimates are a function of, among other things, developing a fair and reasonable estimate of the value of assets and claims arising from the various liquid and illiquid digital assets held on the Debtors' exchanges as of the Petition Date. To that end, the Debtors are intending to soon file a motion with

the Court (expected to be heard at the January 25, 2024 hearing), seeking approval of an omnibus approach to valuing such digital assets, which, in turn, will allow customers to understand the dollarization of their respective claims. Determination of that motion by the Court is an important next step in the Plan confirmation timeline.

4. As the Committee has advised the Court on several occasions, the Committee expects the Debtors to do whatever they can to set an expeditious path to Plan confirmation and distributions. By way of example, although it has taken longer than originally anticipated to advance strategic alternatives with respect to the FTX exchanges, the Committee and the Debtors are aligned that this process should not slow the confirmation timeline.

5. Simply said, there is still much work to be done; indeed, as the Debtors note in the Motion, "the plan process is not complete." Motion at ¶ 17. Over the coming weeks, in advance of the hearing to approve the Disclosure Statement and the solicitation materials, the Committee, the Debtors and other creditor stakeholders will continue to negotiate the terms of the Plan, which the Committee fully anticipates will, as amended, incorporate the remaining material terms agreed in the PSA, as well as other comments and concepts requested by the Committee. Upon those amendments, the Committee hopes to be in a position to formally support the Debtors' Plan and recommend that all unsecured creditors vote in favor, setting these Chapter 11 Cases on a path towards consensus. It is in that spirit that the Committee does not object to the Motion, but reserves its rights and remedies in all respects as negotiations continue.

Dated: December 20, 2023  
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert F. Poppiti, Jr.*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
       rpoppiti@ycst.com

-and-

PAUL HASTINGS LLP
Kristopher M. Hansen*
Kenneth Pasquale*
Erez E. Gilad*
Gabriel E. Sasson*
John F. Iaffaldano*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
      kenpasquale@paulhastings.com
      erezgilad@paulhastings.com
      gabesasson@paulhastings.com
      jackiaffaldano@paulhastings.com

*Admitted pro hac vice*

*Counsel to the Official Committee of Unsecured Creditors*