IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX TRADING LTD., *et al.*,[1] | ) | Case No. 22-11068 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re Docket No. 4498 |

**STATEMENT OF THE VOYAGER WIND-DOWN DEBTOR REGARDING THE THIRD MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Paul R. Hage, as Plan Administrator for the confirmed chapter 11 plan of Voyager Digital Ltd. and its debtor affiliates ("Voyager"),[2] files this statement (the "Statement") regarding the *Third Motion of Debtors for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 4498] (the "Motion") filed by the above-captioned debtors (collectively, the "Debtors") and, in support, respectfully states as follows:

**STATEMENT**

1. Voyager, together with more than one million of its former customers, are victims of the Debtors' massive fraud. Having submitted proofs of claim against each of the Debtors in

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] On March 10, 2023, the United States Bankruptcy Court for the Southern District of New York entered an order confirming the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1166 in Case No. 22-10943 (MEW)] (the "Voyager Plan"). Upon the effective date of the Voyager Plan, the Plan Administrator became the representative of the Voyager wind-down debtors' estates. Voyager Plan, Article IV.H.4. The Plan Administrator is empowered to, among other things, enforce the claims and causes of action belonging to the Voyager estates that were preserved under the Voyager Plan. *Id.*

the aggregate amounts of $583,100,000, Voyager is one of the Debtors' largest creditors. As a major stakeholder in these cases, Voyager submits this Statement to (1) echo concerns raised by another similarly situated creditor, BlockFi, Inc.,[3] and (2) share its own views regarding the Debtors' so-called "largely consensual" plan (the "Proposed Plan") and the process that spawned it.

2. Voyager and, by extension, its customers, are among the creditor group whose recoveries are being handed over to the Debtors' customers under the Proposed Plan. The Proposed Plan is the product of a plan support agreement (the "PSA")[4] that was negotiated with the Debtors' customers, without any input or consultation from Voyager or, to Voyager's knowledge, other creditors in the adversely affected classes. As one might have expected, creditors like Voyager, who never had a seat at the table, now find that their recoveries have been materially reduced for the benefit of those that did, thereby making them victims twice over.[5]

3. The Proposed Plan's infirmities are obvious. As aptly summarized in the BlockFi Reservation of Rights, the Proposed Plan requires the Debtors to speak out of both sides of their mouth. To support the Proposed Plan's contemplated substantive consolidation, the Debtors indicate that their assets cannot be adequately traced.[6] At the same time, the Debtors justify

---

[3] *See Reservation of Rights of the Blockfi Wind-Down Debtors to the Third Motion of Debtors for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 4928] (the "BlockFi Reservation of Rights").

[4] *See* Docket No. 3291-1.

[5] A press release accompanying the PSA explains that customers are expected to receive over 90% of the Debtors' total distributed value worldwide if the Proposed Plan is confirmed. *See* Docket No. 3291-2.

[6] In discussing the rationale for substantive consolidation, the Debtors' recently filed disclosure statement [Docket No. 4862] (the "Disclosure Statement") explains how the Debtors' transactions were not properly documented and assets were extensively commingled, making tracing impractical if not impossible. "Attempts have been made to identify intercompany transactions and the inability to do so comprehensively—let alone to analyze and settle all intercompany litigation claims—is supported by the record of the work so far." Disclosure Statement, at 57.

giving priority to customers by citing the possibility of a constructive trust being placed over assets of other Debtors,[7] which, by law, would require the very tracing that substantive consolidation suggests is not possible.[8] The Proposed Plan seeks to have it both ways. Considering how the interests of non-customer creditors have been disregarded, the Debtors remain miles away from submitting a truly "consensual" plan.

4.  Voyager stands ready to engage with the Debtors and give a voice to similarly situated creditors who, thus far, have been ignored during the plan process. This engagement is critical, as the Debtors themselves apparently recognize. In the PSA, the Debtors expressly agreed to seek additional support for the Proposed Plan from "other material stakeholders," including Voyager specifically.[9] Yet, despite this affirmative commitment, the Debtors have made no effort to engage with Voyager (and, presumably, others like it) regarding the Proposed Plan. Assuming the Debtors continue to flout their commitments under the PSA, Voyager is prepared to serve discovery requests on the Debtors and begin building its case against confirmation.

---

[7] The Disclosure Statement also explains that the "primary legal basis for a substantial priority for holders of Class 5 claims is a potential right of the FTX Exchanges, on their own behalf or on behalf of customers, to impose a constructive trust on assets of the Alameda Silo, as well as other Debtors, under Delaware law." *Id*. at 57.

[8] *See, e.g.*, *In re Columbia Gas Sys. Inc.*, 997 F.2d 1039, 1063 (3d Cir. 1993) ("To protect the interests of secured and unsecured creditors, beneficiaries of trust funds bear the burden of identifying and tracing their trust property.").

[9] PSA § 7.1(i) (agreeing to "use commercially reasonable efforts to seek additional support for the [Proposed Plan] from their other material stakeholders to the extent reasonably prudent, including without limitation . . . the appropriate parties in the chapter 11 cases of . . . *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (MEW) (Bankr. S.D.N.Y.))."

5.      At bottom, engagement with significant stakeholders is not only prudent—it is part of the *quid pro quo* for a debtor's right to maintain plan exclusivity.[10]  At this juncture, the Debtors have two options.  They can trudge forward on their current path toward a hotly contested confirmation process and everything that entails (discovery, depositions, etc.).  Alternatively, they can choose the better path and work productively with stakeholders like Voyager to formulate a plan that reflects the views of all interested parties.  Only then can the Debtors faithfully represent that they are working toward a "consensual" plan.

[*Remainder of Page Intentionally Left Blank*]

---

[10]    A key factor in determining whether to extend exclusivity is "whether the debtor has made progress negotiating with creditors."  *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *see also In re GMG Capital Partners III, L.P.*, 503 B.R. 596, 600 (Bankr. S.D.N.Y. 2014) (refusing to extend exclusive period where, among other things, debtor failed to engage in plan negotiations with key creditor); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (explaining exclusivity should not be granted where debtor is "wasting its opportunity" to engage in meaningful plan negotiations).

4

Dated: December 21, 2023
      Wilmington, Delaware

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (I.D. No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Tel:    (302) 485-3900
Fax:   (302) 351-8711
Email: mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
John J. Calandra (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
Elizabeth Rodd (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Tel:    (212) 547-5400
Fax:   (212) 547-5454
Email: dazman@mwe.com
         jcalandra@mwe.com
         jbevans@mwe.com
         erodd@mwe.com

*Counsel for Plan Administrator in Case No. 22-B-10943 (MEW) (U.S. Bankruptcy Court for the Southern District of New York)*

## **CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that on this 21st day of December 2023, she caused a true and correct copy of the foregoing *Statement of the Voyager Wind-Down Debtors Regarding the Third Motion of Debtors for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* to be electronically filed and served via the Court's CM/ECF System upon all parties requesting electronic notices in this case and additionally upon the parties below via electronic mail.

LANDIS RATH & COBB LLP
Adam G. Landis
Kimberly A. Brown
Matthew R. Pierce
919 Market Street, Suite 1800
Wilmington, Delaware 19801
E-mail: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

SULLIVAN & CROMWELL LLP
Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Alexa J. Kranzley
125 Broad Street
New York, New York 10004
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

                                          */s/ Maris J. Kandestin*
                                          Maris J. Kandestin