## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: January 25, 2024 at 10:00 a.m. (ET)**<br>**Obj. Deadline: January 4, 2024 at 4:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR TURNOVER
## OF FUNDS HELD BY THE FEDERAL DEPOSIT INSURANCE CORPORATION

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "<u>Debtors</u>"), including Alameda Research Ltd. and Alameda Research LLC ("<u>Alameda</u>"), hereby submit this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), pursuant to sections 105(a), 541, and 542(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>"), authorizing the Federal Deposit Insurance Corporation (the "<u>FDIC</u>") to take certain steps to turn over to the Debtors certain funds in a bank account in the name of FTX Philanthropy, Inc. f/k/a FTX Foundation, Inc. ("<u>FTX Philanthropy</u>").[2]  In support of the Motion, the Debtors respectfully state as follows:

### BACKGROUND

1.      On November 11 and November 14, 2022 (as applicable, the "<u>Petition Date</u>"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     On July 1, 2022, FTX Foundation, Inc. legally changed its name to FTX Philanthropy, Inc. and thereafter changed the name on the Signature bank account that is the subject of this motion.  For convenience, this Motion refers to both FTX Foundation, Inc. and FTX Philanthropy, Inc. as "FTX Philanthropy."

"Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## FACTS SPECIFIC TO THE RELIEF REQUESTED

3.      In February 2021, Samuel Bankman-Fried announced the establishment of FTX Philanthropy, which would make grants for a range of purportedly altruistic endeavors.  At that time, the Debtors committed publicly to contribute at least "1% of FTX's revenue from fees" to FTX Philanthropy.  *The FTX Foundation for Charitable Giving*, MEDIUM (Feb. 8, 2021), https://ftx.medium.com/the-ftx-foundation-for-charitable-giving-5ae53178dce.  In April 2022, an employee of the Debtors opened a bank account ending in 8361 at Signature Bank (the "Signature Account") in the name of FTX Philanthropy.  The Debtors' bank records confirm that between April and October 2022 the Signature Account was funded by transfers from bank accounts in the name of Debtor West Realm Shires Services, Inc. and Debtor North Dimension, Inc., both of which are debtors in the Chapter 11 Cases.

4.      FTX Philanthropy's Board of Directors consisted of Samuel Bankman-Fried, Caroline Ellison, Zixiao "Gary" Wang, Nishad Singh, and Nicholas Beckstead, who resigned as a director shortly before the commencement of these Chapter 11 Cases.  The other directors pleaded guilty to, or were convicted of, federal criminal charges.

5.      On or around March 12, 2023, Signature Bank was seized by the New York State Department of Financial Services and placed into FDIC receivership.  The Debtors have been in discussions with the FDIC regarding the return of the funds held in the Signature Account.

6.      On July 19, 2023, the Debtors filed and served an unrelated complaint against a number of entities, including FTX Philanthropy, in Adversary Proceeding Case No. 23-ap-50444 (JTD).  FTX Philanthropy failed to appear in that proceeding, and the clerk entered default against FTX Philanthropy on September 7, 2023.  FTX Philanthropy has not responded to other notices the Debtors have served on its registered agent for service of process.

7.      The Signature Account was held nominally by FTX Philanthropy but was funded by Debtor West Realm Shires Services, Inc. and Debtor North Dimension, Inc.  The FDIC understands that the funds in the Signature Account (the "Funds") are property of the Debtors' estates because the account was funded by Debtor West Realm Shires Services, Inc. and Debtor North Dimension, Inc.  The FDIC has represented to the Debtors that it is ready, willing, and able to transfer the Funds in the Signature Account to the Debtors but requires an order of this Court to do so.

8.      The Debtors are prepared to promptly provide the FDIC payment instructions and such additional information as is necessary to properly disburse, record and account for the transfer of the Funds to a bank account designated by the Debtors.

## JURISDICTION

9.    The United States Bankruptcy Court for the District of Delaware has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]  The statutory basis for the relief sought herein is Bankruptcy Code sections 105(a), 541 and 542(a).

## RELIEF REQUESTED

10.    Pursuant to Bankruptcy Code sections 105(a), 541, and 542(a), the Debtors respectfully request entry of an order, substantially in the form of the Order, directing the FDIC to turn over the Funds to the Debtors.

## BASIS FOR RELIEF REQUESTED

11.    The Debtors seek an order from the Court authorizing the FDIC take all actions to turn over the Funds in the Signature Account to the Debtors, which are property of the Debtors' estates pursuant to section 541(a)(1) of the Bankruptcy Code.  There is no dispute that the Signature Account holds property of certain Debtors—specifically, Debtor West Realm Shires Services, Inc. and Debtor North Dimension, Inc.  However, the FDIC requires an order of this Court to transfer the Funds to the Debtors.  To facilitate the transfer, the Debtors are filing this Motion and requesting entry of the Order.

---

[3]    Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

12.    Section 542(a) of the Bankruptcy Code mandates that "[a]n entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."  11 U.S.C. § 542(a).

13.    The Funds held in the Signature Account are property of the Debtors' estates pursuant to Section 541(a)(1) of the Bankruptcy Code, which defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case . . . wherever located and by whomever held."  11 U.S.C. § 541(a).[4]

14.    "Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law." *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J. 2002).  "[T]he Bankruptcy Code 'is not concerned with the 'technicalities of title' when it comes to determining property of the estate.'" *In re NJ Affordable Homes Corp.*, 2006 WL 2128624, at *8 (Bankr. D.N.J. June 29, 2006).  Instead, property belongs to the estate where the debtor controls the property or otherwise indicates its "legal or equitable interests" in the property. *E.g.*, *In re Schwartz*, 2014 WL 2621114, at *5 (Bankr. D.N.J. June 12, 2014) (holding that bank account not in debtor's name was nevertheless property of the estate where debtor funded account, showed "ownership, control, and interest" in account, and money "functionally belonged" to debtor).

---

[4]    In addition, insofar as the FDIC qualifies as a custodian under Bankruptcy Code section 543, it is obligated to "deliver to the [Debtors] any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case."  11 U.S.C. § 543(b).

15.    There is no *bona fide* dispute as to the Debtors' ownership of the Funds in the Signature Account.  The FDIC understands that the Funds in the Signature Account are property of the Debtors, and, in discussions, has not contested that the Debtors are entitled to possession of the Funds.  Indeed, the FDIC has stated to the Debtors that it is able and willing to turn over the Funds upon entry of an order by this Court.  The Debtors thus submit that commencing an adversary proceeding is unnecessary.  *See* Order Granting Debtor's Mot. for Turnover of Assets Held by Interactive Brokers, *In re FTX Trading*, No. 22-11068 (JTD) (Bankr. D. Del. Feb. 03, 2023), D.I. 616; Order Directing Turnover of Property, *In re LVI Intermediate Holdings, Inc.*, No. 20-11413 (KBO) (Bankr. D. Del. Mar. 25, 2022), D.I. 700 (ordering the turnover of funds held in a debtor bank account pursuant to Bankruptcy Code sections 105, 541 and 542 via motion practice outside of an adversary proceeding); Order Directing the Liquidation and Turnover of Assets, *In re Katy Indus., Inc.*, No. 17-11101 (KJC) (Bankr. D. Del. June 19, 2017), D.I. 223 (ordering the liquidation and turnover of assets held in a debtor trust account pursuant to Bankruptcy Code sections 105(a), 541 and 542 via motion practice outside of an adversary proceeding).  "Turnover under 11 U.S.C. § 542 is a remedy available to debtors to obtain *what is acknowledged to be property* of the bankruptcy estate."  *See In re Rite Way Elec., Inc.*, 510 B.R. 471, 484 (Bankr. E.D. Pa. 2014) (quoting *In re Asousa Partnership*, 264 B.R. 376, 384 (Bankr. E.D. Pa. 2001) (emphasis added)).

16.    The relief requested also is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code.  Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a); *see also United States* v. *Energy Res. Co.*, 495 U.S. 545, 549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the

Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."). "The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan R. Resnick & Henry J. Sommer eds., 16th ed. 2022). As part of the Debtors' ongoing asset recovery efforts, it is imperative that the Debtors obtain control and possession over the Signature Account and the Funds contained therein.

### NOTICE

17.     The Debtors have provided notice of this Motion to the following, or in lieu thereof, their counsel, if known: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Ad Hoc Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; (h) the FDIC; (i) FTX Philanthropy, through its registered agent for service of process; and (j) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that all parties with an interest in the relief requested have been given adequate notice and that no other or further notice need be provided.

18.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

### CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is deemed just and proper.

Dated: December 21, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com
        crokej@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*