IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| ALAMEDA RESEARCH LTD., WEST REALM SHIRES, INC., and WEST REALM SHIRES SERVICES, INC.,<br><br>    Plaintiffs,<br><br>- against -<br><br>SAMUEL BANKMAN-FRIED, NISHAD SINGH, and ZIXIAO "GARY" WANG,<br><br>    Defendants. | Adv. Pro. No. 23-50381 (JTD) |

**MOTION OF PLAINTIFFS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE PLAINTIFFS TO ENTER INTO SETTLEMENT AGREEMENT WITH ZIXIAO "GARY" WANG, (B) APPROVING THE SETTLEMENT AGREEMENT, AND (C) GRANTING RELATED RELIEF**

Alameda Research Ltd. ("Alameda"), West Realm Shires, Inc. ("WRS"), and West Realm Shires Services, Inc. ("WRSS") (together, the "Plaintiffs"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Plaintiffs to enter into that

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

certain Settlement Agreement, attached as Exhibit 1 to the Order (the "Agreement"),[2] between and among the (i) Plaintiffs and (ii) defendant Zixiao "Gary" Wang ("Wang") (collectively, the "Parties"). In support of the Motion, the Plaintiffs respectfully state as follows:

## Preliminary Statement

1. In connection with the acquisition of Embed Financial Technologies Inc. ("Embed"), WRS entered into two simple agreements for future equity ("SAFEs") with Wang. Plaintiffs brought this adversary proceeding (the "Embed Proceeding") to avoid any transfers or obligations related to the SAFEs. Separate litigation has been commenced by the Debtors against Wang for other claims unrelated to these SAFEs, and all claims, asserted and unasserted, of the Debtors against him are otherwise preserved and are not impacted by this Motion. The proposed settlement obviates the need for further litigation with Wang solely with respect to the claims asserted against him in the Embed Proceeding.

2. The Plaintiffs' entry into the Agreement is in the best interests of their estates, creditors and stakeholders, and the Agreement should be swiftly consummated. The Agreement's terms will recover for the Plaintiffs' estates 100% of the value conferred by the SAFEs upon Wang.

3. Approval of the Agreement will resolve the Plaintiffs' Claims against Wang in the Embed Proceeding, affording a significant recovery while avoiding the expense and burden of litigation. This Agreement does not affect, compromise or release any claims the Debtors have against Wang of any kind other than as to the specified SAFEs subject to the Embed Proceeding. The Agreement satisfies Bankruptcy Rule 9019 and should be approved.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

**Background**

4. On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Plaintiffs filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code. The Plaintiffs continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Plaintiffs' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5. Additional factual background relating to the Plaintiffs' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

6. Additional factual background related to the acquisition of Embed by WRS is set forth in the Complaint in this adversary proceeding [Adv. D.I. 1].

**Jurisdiction**

7. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding

---

[3] November 11, 2022, is the Petition Date for Alameda Research Ltd. and West Realm Shires Services, Inc. November 14 is the Petition Date for West Realm Shires, Inc.

pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") 9013-1(f), the Parties consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the Parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

8. By this Motion, the Plaintiffs request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Plaintiffs to enter into the Agreement, (b) approving the Agreement, and (c) granting certain related relief.

**Facts Specific to the Relief Requested**

9. On June 10, 2022, WRS and Embed signed an Agreement and Plan of Merger that ascribed an enterprise value of $220 million to Embed. It also obligated WRS to pay certain Embed employees $75 million in retention bonuses.

10. In order to fund the Acquisition, Alameda transferred a total of $250 million to WRSS and further on to WRS.

11. As part of that transaction, WRS issued two SAFEs to Wang.

12. The first SAFE, executed on July 25, 2022, required Wang to pay $44,000,000 to WRS in exchange for the right to a specified number of shares in WRS upon the occurrence of certain specified events. The second SAFE, executed on September 30, 2022, required Wang to pay $11,000,000 to WRS in exchange for the right to a specified number of shares in WRS upon the occurrence of certain specified events.

13.     The two SAFEs provided that "[o]n December 31, 2022 or earlier . . . Dissolution Event, this Safe will automatically convert into . . . shares of Standard Stock"; "'Dissolution Event' means (i) a voluntary termination of operations, (ii) a general assignment for the benefit of the Company's creditors or (iii) any other liquidation, dissolution or winding up of the company . . . whether voluntary or involuntary"; and "'Standard Stock' means . . . Common Stock in the event of a conversion due to a Dissolution Event[.]"

14.     On May 17, 2023, the Plaintiffs commenced Adversary Proceeding No. 23-50381 in the Bankruptcy Court against Wang and others by filing a complaint asserting fraudulent transfer and preference claims that sought, among other things, to avoid and recover transfers made by the Plaintiffs to Wang, and to avoid any obligation by West Realm Shires, Inc., relating to the SAFEs.

## Basis for Relief

**I.      The Settlement Agreement Satisfies Bankruptcy Rule 9019 Because It Is Fair, Reasonable and in the Plaintiffs' Best Interests.**

15.     Resolution of the Claims against Wang through the settlement embodied in the Agreement is in the best interests of the Plaintiffs and their estates because it will promptly return any and all of the WRS shares to which Wang may be entitled under the SAFEs, and will also disavow the obligations made in the SAFEs, while avoiding the time, delay, and significant expense of litigation.  This 100% recovery on the asserted claims could not be exceeded even if the Plaintiffs prevail entirely in litigation and would be diluted by the associated legal costs that would be incurred in obtaining a favorable final judgment.  Settlement on these terms is plainly a reasonable exercise of the Plaintiffs' business judgment satisfying Bankruptcy Rule 9019.

16.     Section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) provides, in relevant part, that

"[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case* v. *L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). The compromise or settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).

17.     "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). Courts should not, however, substitute their judgment for that of the debtor, but instead should canvas the issues to see whether the compromise falls below the lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted)). Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

18.     The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the

probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Group, Inc.*, 222 B.R. 243 (D. Del. 1998) (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997). The standard boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities." *In re Wash. Mut.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992).

19.     The terms of the Agreement provide for the return of all of the value conferred to Wang by the SAFEs, in addition to voiding the obligations made therein. The Agreement will also save the time and expense of pursuing the Claims against Wang through litigation. Accordingly, the terms of the Agreement are, in the aggregate, fair and equitable, fall well within the range of reasonableness, and satisfy each applicable *Martin* factors.

### Waiver of Bankruptcy Rule 6004(h)

20.     Given the nature of the relief requested herein, the Plaintiffs respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons described above, ample cause exists to justify a waiver of the stay period to the extent applicable.

**Reservation of Rights**

21. Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Plaintiffs or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Plaintiffs or their estates to contest the validity, priority, or amount of any claim against the Plaintiffs or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Plaintiffs or their estates with respect to any and all claims or causes of action against any third party.

**Notice**

22. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to Wang; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Plaintiffs submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Plaintiffs respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: December 22, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>       mcguire@lrclaw.com<br>       brown@lrclaw.com<br>       pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Steven L. Holley (admitted *pro hac vice*)<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: holleys@sullcrom.com<br>       dietdericha@sullcrom.com<br>       bromleyj@sullcrom.com<br>       gluecksteinb@sullcrom.com<br>       dunnec@sullcrom.com<br>       kranzleya@sullcrom.com<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |