# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>Jointly Administered<br><br>Re: Docket Nos. 4684, 4228 |

### SVALBARD HOLDINGS LIMITED'S RESPONSE TO OBJECTION OF
### SPCP GROUP, LLC TO TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Svalbard Holdings Limited ("Svalbard"), by and through its undersigned counsel, hereby submits this response (the "Response") to the *Objection of SPCP Group, LLC to Transfer of Claim Other Than for Security* [Docket No. 4684] (the "SPCP Objection"). In support of this Response, Svalbard respectfully states as follows:

## BACKGROUND

1. On November 11 and November 14, 2022, FTX Trading Ltd. ("FTX") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., with the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On July 25, 2023, Floating Point Group International LLC ("Floating Point"), as seller, and Svalbard, as buyer, executed a binding trade confirmation relating to a sale of the Claim

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

(the "Trade Confirmation"). On July 27, 2023, Floating Point and Svalbard executed the Assignment of Claim (the "Agreement"), pursuant to which Floating Point agreed to "absolutely and unconditionally" transfer and assign its rights in the Claim to Svalbard.

3. As evidence of the sale, on July 27, 2023, Floating Point also executed an Evidence of Transfer of Claim (the "Evidence of Transfer").[2]

4. On November 29, 2023, Svalbard filed the *Transfer of Claim Other Than for Security* [Docket No. 4228] (the "Claim Transfer") on the docket of these Chapter 11 Cases, with the Evidence of Transfer attached, thereby giving notice and evidence pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. On December 13, 2023, SPCP filed the SPCP Objection, arguing that (i) SPCP's right to the Claim is superior to that of Svalbard's right and (ii) Svalbard's entry into the Agreement constituted tortious interference with SPCP's contractual rights. While SPCP asserts rights to the Claim pursuant to a "Claim Sale Agreement" with Floating Point, they failed to attach such purported agreement as Exhibit A to the SPCP Objection, and therefore fail to establish any valid rights with respect to the Claim.

## RESPONSE

6. As a procedural matter, SPCP does not have standing to bring the Objection. Bankruptcy Rule 3001(e)(2) provides that:

> The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 21 days of the mailing of the notice or within any additional time allowed by the court. . . . If a timely objection is not filed by the alleged transferor, the transferee ***shall*** be substituted for the transferor.

---

[2]  A copy of the Evidence of Transfer is attached to the Claim Transfer (defined herein).

2

Fed. R. Bankr. P. 3001(e)(2) (emphasis added). Pursuant to Bankruptcy Rule 3001(e)(2), only the alleged transferor (as identified in the notice of transfer) is permitted to file an objection. Here, Floating Point – as transferor – is the only party with standing to object to the Claim Transfer. Floating Point has not filed (and likely will not file) an objection to the Claim Transfer. Thus, upon expiration of the 21-day objection period, the claims register must be updated to reflect Svalbard's rights in the Claim.

7.  Even if the Court determines that SPCP has standing, SPCP fails to establish that it has any rights to the Claim. SPCP incorrectly argues that mere execution of the "Claim Sale Agreement" is evidence of its rights to the Claim as a purchaser. Not so. Based upon representations from Floating Point to Svalbard at the time of entry into the Svalbard Trade Confirmation, any purported transaction between SPCP and Floating Point was never consummated and was rendered void due to conditions in the contingent "Claim Sale Agreement" that had not been met. Accordingly, when Svalbard entered into its own Trade Confirmation with Floating Point on July 25, 2023, SPCP no longer had any contractual right to the Claim.

## CONCLUSION

8.  For the reasons set forth herein, Svalbard respectfully requests withdrawal of the SPCP Objection.

Respectfully submitted this 29th day of December 2023.

*By: /s/ Christine McCabe*
Christine McCabe (No. 3695)
**ROSEN & ASSOCIATES, P.C.**
P.O. Box 7560
Wilmington, Delaware 19803
Telephone: (212) 223-1100
E-mail: CMcCabe@RosenPC.com

- and -

*By: /s/ Andrew K. Glenn*
Andrew K. Glenn
Stacy Tecklin
Naznen Rahman
**GLENN AGRE BERGMAN & FUENTES LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 358-5600
E-mail: aglenn@glennagre.com
　　　　stecklin@glennagre.com
　　　　nrahman@glennagre.com

*Counsel to Svalbard Holdings Limited*

4