Dec. 29, 2023

Honorable Judge John Dorsey

824 N. Market St.

5th Fl. Courtroom 5

Wilmington, DE 19801

USA

(302) 533 – 3169

RECEIVED 2024 JAN -2 AM 10: 51 CLERK U.S. BANKRUPTCY COURT DISTRICT OF DELAWARE

**RE: OBJECTION to Motion of Debtors to estimate claims based on digital assets, Case No. 22-11068 (JTD), Hearing Date: January 25,2024 at 10 AM (EST)**

Dear Judge Dorsey:

I am writing to formally object to the Debtor's request for an order to estimate Claims (including Customer Entitlement Claims) based on the amounts set forth in the Digital Assets Conversion Table, because this is grossly unequitable and unfair to customer creditors like myself who have their claims denominated in specific digital assets rather than in USD.

I am a customer creditor who a claim of approximately $25,000 (at today's digital asset market prices) denominated in Solana digital asset. This is of importance because digital asset prices have soared since the time of the original bankruptcy petition. For example, Solana price was $16.247 on 11/11/22. Market price of Solana is at $106.42 as of 12/29/23.

Debtor's Motion to value customer claims at the time of the petition would unfairly prejudice a significant class of customers which have their claims denominated in specific digital assets. I know my view is not a lone objection.

1. **The Motion by Debtors ignores the express terms of the FTX Terms of Service (ToS)** Clause 8.2.6 of ToS expressly states as follows:
   A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading
   B) None of the Digital Assets in your Account are the property of, or shall or may be loaned to FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.

   Based on the clear terms of the ToS, I and many other customers had dealt with the exchange on the basis that our digital assets held on the exchange remained our property, so

they should not be mingled together with other assets of the Debtors. In contrast with other high profile cryptocurrency bankruptcies (e.g. Celsius) where the digital assets were a loan to the platform. Based on ToS, digital assets held at FTX exchange were NOT loaned to the exchange but rather customers should be entitled to claim ownership of their digital assets.

At the crux of the objection to the Debtor's Motion regarding customer assets, there is a very important question of law which remains undetermined: **Given the express language of the ToS, whether customer assets form part of the Debtors' estate or whether customer assets would remain owned by customers and/or subject to a trust in favor of customers.** The resulting remedies and application of bankruptcy law would naturally follow the determination of this critical question of law.

As far as I am aware, the Debtors have not applied to court for a determination on this question of law, nor have any arguments for either position been openly heard before a court. I am aware that there were private negotiations between certain customers/creditors and Debtors regarding this critical question of law, in respect of which the Debtors had separately settled out of court.

If the court finds that customer assets do not form part of the Debtor's estate, then customer assets should be returned in the same form in which they were held.

2. **Ad Hoc Committee (AHC) does not represent the interests of customer claimants with claims denominated in specific digital assets.**

Based on public information, the AHC represents claimant where "40% of the claimants are not customers, but rather opportunistic investors who had purchased customer and non-customer claims. For these group of claimants, it would favor them to have claims valued at the time of the petition, because this would effectively mean that customers claimants with claims denominated in specific digital assets which have now substantially increased in price would be robbed to reimburse the other categories of claimants and creditors.

**It is NOT in the interest of claimants represented by AHC to fully and fairly engage with the court and the Debtors to seek clarity on the question of law of whether customer assets form part of the Debtors estate.**

As mentioned above, I am aware there were private negotiations between claimants represented by AHC regarding this critical question of law which were not openly heard by the court. This raises serious concerns that there is indeed a triable issue to be considered, otherwise the Debtors would not have settled the claim so swiftly and privately.

Despite spending hundreds of millions primarily from customer funds on legal and professional fees, the Debtors are still unable to achieve fairness for customer claimants, who should not in any circumstances be grouped into the same class as other creditors.

Due to the unique circumstances of the Debtor's business and the cryptocurrency industry (millions of retail customers), the profile of customer claimants is scattered making it difficult for claimants to organize themselves to present formal arguments before the court.

**Customer claimants like myself have already been victimized by the actions of Sam Bankman-Fried. Please do not let us be victimized again by non-customer commercial interests or negligent professional advice guiding the Debtor's action, just because there is no specific ad hoc committee formed to address these important issues.**

For the reasons above, I respectfully request the court to deny the Motion, and immediately call for a determination of the critical question of law raised. I trust that you will consider these objections seriously in order to uphold fairness and integrity in the bankruptcy proceedings.

Thank you for your consideration.

Sincerely,

Jung-Sook Lee



```
I/A
11090372100                    0.1 KG        ENV         1 OF 1
UNGSOOK LEE                                  SHP#: 139F W2GM XWC
YONGSAN GU                                   SHP WT: 0.5 KG
SEOUL  30114                                 DATE: 30 DEC 2023
KOREA, SOUTH

SHIP TO:
  N/A
  (302) 533-3169
  JUAEE JOHN DORSEY
  824 N MARKET ST 5TH FL COURTROOM 5
  WILMINGTON DE 19801
  UNITED STATES
```



DE 197 9-25

UPS SAVER                                    1P
TRACKING #: 1Z 139 FW2 04 4374 9742

BILLING: P/P
DESC: DOCUMENTS                              EDI-DOC

UPS Premium Air Way Bill: EE462994489KR
Chargeable Weight: 0.1



받는 사람 (Addressee)
Tel. No. 전화번호   (302) 533 3169
Full Name 이름(영문)   JUAGE JOHN DOR.
Address 주소   824 N. MARKET ST
              5TH FL, COURTROOM 5
City 도시   WILMINGTON    Country 나라(in ENG 영문)  DE
Postal Code 우편번호   19801    Country 나라(in KOR 한글)  USA

Insurance 보험
Shipping Insurance ☐ Yes  ☑ No
Insurance Value

Reception 접수자 기입란
Dates & Time Posted 접수년월일시
Year  Month  Day
2023   12    29
Weight 중량   67 g   Postage



( Signature 서명 )

---

SHIP TO DOCUMENTATION, Please Place Inside Package

TR#: 1Z 139 FW2 04 4374 9742          SHP#: 139F W2GM XWC



Shipper agrees to the UPS Terms found at www.ups.com and UPS service centers. For International air carriage, the Warsaw Convention as amended ... damage to cargo. International carriage by road may be subject to the Convention on the Contract for the International Carriage of Goods By Road. Except as otherwise governed by international conventions or other ... delay of this shipment. There are no stopping places agreed upon at the time of tender of the shipment and UPS reserves the right to route the shipment in any way it deems appropriate. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

Shipper's Signature:                   Date:

EE 462 994 489 K