## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------  x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
FTX TRADING LTD., et al.,¹                               :   Case No. 22-11068 (JTD)
                                                         :
                        Debtors.                         :   (Jointly Administered)
                                                         :
-------------------------------------------------------  x
```

**THIRD SUPPLEMENTAL DECLARATION OF THOMAS M. SHEA IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS ITS TAX SERVICES PROVIDER, _NUNC PRO TUNC_ TO NOVEMBER 28, 2022**

I, Thomas M. Shea, hereby declare pursuant to Rule 2014(a) of the Bankruptcy Rules[2] as follows:

1.     I am a Principal of EY US LLP.[3]  I provide this Third Supplemental Declaration (the "Third Supplemental Declaration") on behalf of EY LLP.  This Third Supplemental Declaration supplements my original declaration that was filed with this Court on December 21, 2022 [Docket Nos. 284-285, 298, 300, 500-1] (the "Initial Declaration"), my first supplemental declaration that was filed with this Court on January 16, 2023 [Docket No. 499] (the "First Supplemental Declaration"), and my second supplemental declaration that was filed with this Court on April 11, 2023 [Docket No. 1263] (the "Second Supplemental Declaration").

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Initial Declaration, the First Supplemental Declaration, and the Second Supplemental Declaration.

[3] The Initial Declaration, First Supplemental Declaration, and Second Supplemental Declaration inaccurately stated that I am a Principal of EY LLP.  The relationship between EY LLP and EY US LLP is summarized in paragraphs 13-15 of the Initial Declaration.

2.      The facts set forth in this Third Supplemental Declaration are based upon my personal knowledge, upon information and belief, upon client matter records kept in the ordinary course of business that were reviewed by me or professionals or EY LLP and EY US LLP or employees of other member firms of EYGL under my supervision and direction, and upon select court filings.

3.      The Initial Declaration and First Supplemental Declaration contained disclosures concerning the appointment of Joel Edwards of EY Bermuda Ltd. and Eleanor Fisher of EY Cayman Ltd. to serve as JPLs of BlockFi International.

4.      BlockFi International and certain of its affiliates subsequently filed proofs of claims in these chapter 11 cases [Claim Nos. 3245, 4052, 4091, 4181, 4214, 4227, 4317, 4325].

5.      In October 2023, the Bankruptcy Court for the District of New Jersey approved the plan of liquidation (the "BlockFi Plan") in the bankruptcy cases captioned, *In re BlockFi Inc., et al.*, Case No. 22-19361 (MBK) (Bankr D.N.J.) [Docket No. 1655].

6.      The BlockFi Plan provides for the appointment of a plan administrator ("Plan Administrator") to manage the winddown of the estates of BlockFi Inc. and its debtor affiliates. It also provides for the establishment of a four member "Wind-Down Debtors' Oversight Committee" to review and advise the BlockFi Plan Administrator with respect to the liquidation and distribution of assets of BlockFi Inc. and its debtor affiliates.  Finally, it provides that the BlockFi JPLs will serve as or appoint one of the four members of the BlockFi Wind-Down Debtors' Oversight Committee.

7.      In October 2023, this Court entered an Order [Docket No. 3314] approving a settlement agreement, which in relevant part provided for the Debtors and BlockFi and its debtor

affiliates to mediate certain legal claims against each other, and to prosecute certain legal claims against each other in this Court, should they choose to mediate or prosecute such legal claims.

8.      In November 2023, the Supreme Court of Bermuda entered an order that BlockFi International be wound up, and converting the BlockFi JPLs from joint provisional liquidators to joint liquidators.  Section 175 of the Bermuda Companies Act 1981 continues to enumerate the powers with which a Bermuda court may vest a joint liquidator.

9.      Paragraph 25 of the Initial Declaration and paragraph 5 of the First Supplemental Declaration concerned separation of teams providing services for the Debtors and the JPLs. Notwithstanding this separation of teams, I recently learned that (i) two EY US LLP professionals provided two hours in total of services to the JPLs, and (ii) one EY US LLP professional provided fewer than five hours of service to each of the Debtors and the JPLs. These three professionals have represented that none of their work for the JPLs related to potential disputes between BlockFi and the Debtors.  These three professionals have been informed of EY LLP's commitment not to assist the BlockFi JPLs in the performance of their duties, and they have agreed to refrain from performing such work in the future.

10.     To help to prevent future occurrences of EY US LLP professionals providing services to the JPLs while these Chapter 11 Cases are pending, I or another professional acting at my direction will periodically send an email to all EY US LLP professionals who recorded time to engagement codes for the Debtors since the commencement of these Chapter 11 Cases to remind them that they may not provide professional services to the JPLs during these Chapter 11 Cases.

11.     To the best of my knowledge, EY LLP (a) continues not to hold or represent an interest adverse to the Debtors' estates, and (b) is and remains a "disinterested person," as such

term is defined in section 101(14) of the Bankruptcy Code, as required under section 327(a) of the Bankruptcy Code.  Moreover, to the best of my knowledge, information and belief, EY LLP's retention is not prohibited or restricted by Bankruptcy Rule 5002.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 3, 2024

/s/ Thomas M. Shea
Thomas M. Shea