## EXHIBIT D

**Ray Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOHN J. RAY III IN SUPPORT OF DEBTORS' MOTION
FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE
DEBTORS' ENTRY INTO, AND PERFORMANCE OF THEIR OBLIGATIONS
UNDER, (I) THE GLOBAL SETTLEMENT AGREEMENT WITH FTX
DIGITAL MARKETS LTD. AND (II) THE LOAN AGREEMENT WITH
FTX DIGITAL MARKETS LTD.**

I, John J. Ray III, hereby declare as follows:

1.      I am the Chief Executive Officer of FTX Trading Ltd. ("FTX Trading")
and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), having accepted
this position on November 11, 2022.  I am administering the interests and affairs of the Debtors
from my offices in the United States.  I am over the age of 18 and authorized to submit this
Declaration on behalf of each of the Debtors.

2.      I submit this declaration (this "Declaration") in support of the *Debtors'
Motion for Entry of an Order Authorizing and Approving the Debtors' Entry into, and
Performance of Their Obligations Under, (I) the Global Settlement Agreement with FTX Digital
Markets Ltd. and (II) the Loan Agreement with FTX Digital Markets Ltd.*(the "Motion").[2]

---

[1]    The last four digits of FTX Trading Ltd.'s tax identification number are 3288.  Due to the large number of
debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal
tax identification numbers is not provided herein.  A complete list of such information may be obtained on the
website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of
business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill
Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon: (a) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning the Debtors; (b) information learned from my review of relevant documents; and/or (c) information supplied by persons working directly with me or under my supervision, direction or control and/or from the Debtors' professionals and advisors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4.      The Debtors and FTX DM commenced mediation regarding all of the issues in dispute among them, including those raised in the litigation captioned *Alameda Research LLC, et al.* v. *FTX Digital Markets Ltd., et al.*, Adv. Pro. No. 23-50145 (JTD) [D.I. 1119] (the "Adversary Proceeding"), and have engaged in good faith, arm's-length discussions over a period of many months regarding the terms of a global settlement to resolve those disputed issues. Those negotiations consisted of numerous virtual and in person meetings, correspondence, and multiple rounds of settlement offers and counteroffers involving both principals and advisors.

5.      Throughout the course of the settlement negotiations, the Debtors consulted with counsel to the Official Committee of Unsecured Creditors and the Ad Hoc Committee of Non-U.S. Customers of FTX.com with respect to the terms of the potential settlement.

6.      On December 19, 2023, the Debtors and FTX DM entered into the Global Settlement Agreement, the Loan Agreement and related documents and instruments (collectively, the "Settlement Documents").

7.      It is my view that the Settlement Documents are the result of good faith arm's-length negotiations between the Parties and that such negotiations were vigorous and free of any collusion.  In the absence of a settlement, the Debtors were ready to continue to litigate the Adversary Proceeding to judgment.  My understanding is that FTX DM was prepared to litigate their claims as well.

8.      The parties have already engaged in extensive discovery in the Adversary Proceeding and continued litigation of the Debtors' and FTX DM's claims would spawn additional extensive discovery.  For the Adversary Proceeding, the parties anticipated the litigation would involve document and testimonial discovery, expert reports, and briefing on numerous issues—including property ownership issues, transaction avoidance issues, and various issues of foreign law.

9.      My view is that the global settlement avoids costly, time-consuming and uncertain litigation and eliminates the risk that the Bahamas Court will render decisions before this Court on matters that are core to the Debtors' Chapter 11 Cases or that could harm the Debtors' claims, arguments and defenses in other litigation and their reorganization efforts.

10.     I believe that final resolution of the disputed property issues between the Debtors and FTX DM could delay and potentially prevent the confirmation and effectiveness of the Debtors' proposed chapter 11 plan.

11.     Further, FTX DM is subject to its own insolvency proceeding in The Bahamas, and there is no assurance that any judgment by this Court in favor of the Debtors with respect to assets located in The Bahamas will be enforced by the Bahamas Court.

12.     The Debtors have defenses to the claims and counterclaims asserted by FTX DM.  However, absent approval of the Global Settlement Agreement and the releases

contained therein, there is risk that FTX DM could be awarded material claims in the Debtors'

Chapter 11 Cases.

13.    Based upon the facts presented to me as a result of the analysis described

above and based upon my understanding of the claims and disputes as presented to me by the

Debtors' advisors, the Debtors have concluded that (a) the Settlement Documents contain

reasonable terms and conditions, (b) the Debtors' entry into the Settlement Documents represents

a valid exercise of the Debtors' business judgment, (c) the benefits of the Settlement Documents

outweigh the alternative of continued litigation, and (d) entry into the Settlement Documents is

in the best interest of the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge, information and belief.

Dated:  January 4, 2024

*/s/ John J. Ray III*
John J. Ray III
Chief Executive Officer

-4-