**EXHIBIT A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. [●]** |

**ORDER (I) AUTHORIZING AND APPROVING SALE OF NOTE ISSUED BY HELIX NANOTECHNOLOGIES INC. FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING ENTRY INTO, AND PERFORMANCE UNDER, THE PURCHASE AND SALE AGREEMENT; <u>AND (III) GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Sale Order</u>"), pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008, and 9014 and Local Rules 2002-1, 6004-1 and 9006-1, among other things, (a) authorizing and approving the sale (the "<u>Sale Transaction</u>") of the convertible promissory note (the "<u>Note</u>") held by Debtor Clifton Bay Investments LLC ("<u>Seller</u>") issued by Helix Nanotechnologies Inc. (the "<u>Subject Company</u>"), free and clear of all liens, claims, interests and encumbrances in accordance with the terms and conditions set forth in the Agreement, (b) authorizing and approving Seller's entry into, and performance under, the Agreement, and (c) granting related relief; the Court having held a hearing to approve the Sale Transaction

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

pursuant to the terms of the Agreement (the "Sale Hearing") to review and consider (i) the

Motion with respect to the Sale Transaction and all relief related thereto, (ii) the Agreement,

(iii) the Declaration of Bruce Mendelsohn and (iv) any objections thereto that were not resolved

prior to the start of the Sale Hearing; and upon the record of the Sale Hearing and all of the

proceedings had before this Court; and objections (if any) to the Motion, with respect to the sale

of the Note, having been withdrawn or overruled on the merits; and after due deliberation and

good cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this matter and

over the property of the Debtors' estates, including the Note to be sold, transferred or conveyed

pursuant to the Agreement, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012. This Court may issue a final order on the Motion consistent with Article III

of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

B. <u>Statutory and Rule Predicates</u>. The statutory and other legal predicates for

the relief requested in the Motion and for the approvals and authorization herein are sections

105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008, and 9014

and Local Rules 2002-1, 6004-1 and 9006-1.

C. <u>Final Order</u>. This Sale Order constitutes a final order within the meaning

of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to the extent necessary

---

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* FED. R. BANKR. P. 7052.

under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil Procedures, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein and authorizes the closing of the Sale Transaction contemplated hereby without regard to any stay or delay in its implementation.

D.    <u>Sale Notice</u>.  As shown by the affidavits of service filed with this Court and the representations or proffers made on the record at the Sale Hearing, (a) the Debtors have provided due, good, proper, timely, reasonable, adequate, appropriate and sufficient notice of, and sufficient opportunity to object to, the Motion with respect to the Sale Transaction and the relief requested therein (including the Debtors' requested findings with respect to successor liability), the Sale Transaction and the proposed entry of this Sale Order in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, (b) such notice was adequate and sufficient under the circumstances of these Chapter 11 Cases, and (c) no other or further notice is necessary or shall be required.

E.    <u>Opportunity to Object</u>.  A fair and reasonable opportunity to object or be heard regarding the relief granted by this Sale Order has been afforded to all interested parties.

F.    <u>No Collusion</u>.  No Purchaser is an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.  The Agreement and the Sale Transaction were negotiated, proposed and entered into by Seller and Purchasers without collusion or fraud, in good faith and from arm's-length bargaining positions, and are substantively and procedurally fair to all parties.  Neither the Debtors nor any Purchaser have engaged in any conduct that would cause or permit the Agreement or the consummation of the Sale Transaction to be avoided, or costs or damages to be imposed under section 363(n) of the Bankruptcy Code, and

accordingly neither the Debtors nor any Purchaser have violated section 363(n) of the Bankruptcy Code by any action or inaction.  Specifically, no Purchaser has acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.  The Sale Transaction may not be avoided, and no damages may be assessed against any Purchaser or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

G.      <u>Good Faith of Purchasers</u>.  Each Purchaser is purchasing its respective portion of the Note in good faith and for value, and is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code.  Each Purchaser is therefore entitled to all of the protections afforded under section 363(m) and any other applicable or similar bankruptcy or non-bankruptcy law, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (a) each Purchaser recognized that the Debtors were free to deal with any other party interested in acquiring the Note; (b) no Purchaser in any way induced or caused the filing of these Chapter 11 Cases by the Debtors; (c) all payments to be made, and all other material agreements or arrangements entered into or to be entered into, by each Purchaser in connection with the Sale Transaction have been disclosed; (d) no Purchaser has violated section 363(n) of the Bankruptcy Code by any action or inaction; (e) the negotiation and execution of the Agreement were at arm's length and in good faith, and at all times each Purchaser and Seller were represented by competent counsel of their choosing; and (f) no Purchaser has acted in a collusive manner with any person.  Each Purchaser will be acting in good faith within the meaning of section 363(m) in closing the transactions contemplated by the Agreement.

H.      <u>Highest and Best Offer</u>.  The Debtors and their advisors, including, without limitation, Perella Weinberg Partners LP, have appropriately marketed the Note, and a reasonable opportunity has been given to any interested party to make a higher or better offer for the Note.  No other person or entity or group of entities has offered to purchase the Note for higher or otherwise better value to the Debtors' estates than Purchasers.  The offer to purchase the Note made by Purchasers, under the terms and conditions set forth in the Agreement: (a) was made in good faith; (b) is the highest or otherwise best offer obtained for the Note and will provide a greater recovery for the Debtors' estates than would be provided by any other reasonably available alternative; (c) is for fair, adequate and sufficient consideration that constitutes reasonably equivalent value for the Note being conveyed to Purchasers; (d) is fair and reasonable; (e) is in the best interests of the Debtors' estates; and (f) would not have been made by Purchasers absent the protections afforded to each Purchaser by this Sale Order.

I.      The Debtors' determination that the Sale Transaction, pursuant to the Agreement, provides the highest or otherwise best offer for the Note, and their related decision to sell the Note, constitute a reasonable exercise of the Debtors' business judgment.  The facts and circumstances described in the Motion and the evidence adduced in connection with the Sale Hearing demonstrate the Debtors' business judgment to sell the Note to Purchasers at this time, and the Debtors have articulated sound business reasons for consummating the Sale Transaction and for selling the Note outside of a chapter 11 plan.  Moreover, the sale of the Note outside of a chapter 11 plan pursuant to the Agreement neither impermissibly restructures the rights of the Debtors' creditors nor dictates the terms of any chapter 11 plan.  The Sale Transaction does not constitute a *sub rosa* chapter 11 plan.  It is a reasonable exercise of the Debtors' business judgment to execute, deliver and consummate the Sale Transaction, subject to this Sale Order.

J.      <u>Fair Consideration</u>.  The consideration provided by Purchasers pursuant to the Agreement constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

K.      <u>No Successor or Other Derivative Liability</u>.  As a result of any action taken in connection with the Sale Transaction, the Agreement, or this Sale Order: (a) no Purchaser is a successor to or mere continuation of or substantial continuation of the Debtors or their estates and there is no continuity of enterprise between any Purchaser and the Debtors; and (b) no Purchaser shall be deemed to be holding itself out to the public as a continuation of the Debtors based on the Sale Transaction.  No Purchaser is, or shall be, considered a successor in interest to any of the Debtors or their estates, by reason of any theory of law or equity, and the Sale Transaction does not amount to a consolidation, succession, merger, or de facto merger of any Purchaser and the Debtors and/or the Debtors' estates.  No Purchaser would have entered into the Agreement if the sale of the Note were not made free and clear of any successor liability of such Purchaser.

L.      <u>Corporate Power and Authority</u>.  As set forth in section 2.1(a) of the Agreement, Seller (a) has full corporate power and authority to execute and deliver the Agreement and all other documents contemplated thereby, (b) has all corporate authority necessary to consummate the Sale Transaction, and (c) has taken all corporate action and formalities necessary to authorize and approve the Agreement and the consummation of the Sale Transaction.  Seller's sale of the Note has been duly and validly authorized by all necessary

corporate action.  No consents or approvals, other than those expressly provided for in the

Agreement, are required for Seller to consummate the Sale Transaction.

M.      The Agreement was not entered into for the purpose of hindering, delaying

or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any

state, territory, possession or the District of Columbia.  Neither the Debtors nor any Purchaser

are entering into the Sale Transaction fraudulently for the purpose of statutory and common law

fraudulent conveyance and fraudulent transfer claims.

N.      <u>Title to Assets</u>.  The transfer of the Debtors' rights, titles and interests to

the Note to Purchasers will be, as of the Closing Date (as defined in the Agreement), a legal,

valid and effective transfer of such rights, titles and interests in the Note, which transfer vests or

will vest Purchasers with all rights, titles and interests of the Debtors to the Note free and clear of

all Liens (as defined below and in the Agreement), other than Permitted Encumbrances (as

defined in the Agreement).  The Agreement is a valid and binding contract between Seller and

Purchasers and shall be enforceable according to its terms.

O.      <u>Satisfaction of Section 363(f) Standards</u>.  The conditions of section 363(f)

of the Bankruptcy Code have been satisfied in full, and upon entry of this Sale Order, the

Debtors are authorized to transfer all of their rights, titles and interests in and to the Note free

and clear of any interest in the property, other than Permitted Encumbrances.  The Debtors may

sell the Note free and clear of all liens (statutory or otherwise), charges, pledges, mortgages,

leases, easements, hypothecations, usufructs, deeds of trust, security interests, options, rights of

use, first offer or first refusal, servitudes, restrictive covenants or conditions, encroachments,

claims, interests, restrictions, or any other encumbrances of any kind (collectively, "<u>Liens</u>")

against the Debtors, their estates or the Note because, in each case, one or more of the standards

set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied.  Each holder with a

Lien on the Note to be transferred pursuant to the Agreement: (a) has, subject to the terms and

conditions of this Sale Order, consented to the Sale Transaction or is deemed to have consented;

(b) could be compelled in a legal or equitable proceeding to accept money satisfaction of such

Lien; or (c) otherwise falls within one or more of the other subsections of section 363(f) of the

Bankruptcy Code.  Holders of Liens against the Debtors, their estates or the Note who did not

object, or who withdrew their objections, to the Sale Transaction or the Motion, with respect to

the sale of the Note (except with respect to Permitted Encumbrances), are deemed to have

consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All other holders of Liens are

adequately protected by having their Liens, if any, in each instance against the Debtors, their

estates or the Note, attach to the net cash proceeds of the Sale Transaction ultimately attributable

to the Note in which such creditor alleges a Lien, in the same order of priority, with the same

validity, force and effect that such Liens had prior to the Sale Transaction, subject to any claims

and defenses the Debtors and their estates may possess with respect thereto.

        P.     No Purchaser would have entered into the Agreement or would

consummate the Sale Transaction if the sale of the Note to Purchasers were not free and clear of

all Liens (other than Permitted Encumbrances), or if such Purchasers or any of the applicable

Purchaser Parties (as defined in the Agreement) would, or in the future could, be liable for any

such Lien.  The total consideration to be provided under the Agreement reflects such Purchaser's

reliance on this Sale Order to provide it, pursuant to sections 105(a) and 363 of the Bankruptcy

Code, with title to, interest in and possession of the Note free and clear of all Liens (other than

Permitted Encumbrances).  Not transferring the Note free and clear of all Liens (other than

Permitted Encumbrances) would adversely impact the Debtors' efforts to maximize the value of

the estates, and the transfer of the Note other than pursuant to a transfer that is free and clear of all Liens (other than Permitted Encumbrances) would be of substantially less benefit to the Debtors' estates.

Q.    <u>Waiver of Bankruptcy Rule 6004(h)</u>.  Good and sufficient reasons for approval of the Agreement and the Sale Transaction have been articulated.  The Debtors have demonstrated both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the Sale Transaction other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a chapter 11 plan, in that, among other things, the immediate consummation of the Sale Transaction is necessary and appropriate to maximize the value of the Debtors' estates and progress these Chapter 11 Cases. Accordingly, there is cause to waive or lift the stay contemplated by Bankruptcy Rule 6004(h) with respect to the Sale Transaction.  To maximize the value of the Note, it is essential that the Sale Transaction occur within the time constraints set forth in the Agreement.  Time is of the essence in consummating the Sale Transaction and the Debtors and Purchasers intend to close the Sale Transaction as soon as practicable.  Given all of the circumstances of these Chapter 11 Cases and the adequacy and fair value of the Aggregate Purchase Price under the Agreement, the proposed Sale Transaction should be approved.

R.    The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f) and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

S.    <u>Personally Identifiable Information</u>.  The Sale Transaction does not involve the sale of any personally identifiable information.  Thus, the appointment of a consumer

privacy ombudsman pursuant to section 363(b)(1) or section 332 of the Bankruptcy Code is not required with respect to the Sale Transaction.

      T.    <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Motion and the evidence adduced in connection with the Sale Hearing establish just cause for the relief granted herein.  Entry of this Sale Order is in the best interests of the Debtors and their estates.

      IT IS HEREBY ORDERED THAT:

**A.**    **<u>General Provisions</u>**

      1.    The sale of the Note and the other relief requested in the Motion is granted as set forth herein, and the Agreement and the provisions thereof and the Sale Transaction are approved in their entirety as set forth herein.

      2.    All objections, responses, reservations of rights and requests for any continuances concerning the Motion are resolved in accordance with the terms of this Sale Order or as set forth in the record of the Sale Hearing.  To the extent any such objections, responses, reservations of rights or requests for any continuances were not otherwise withdrawn, waived, settled, or resolved, such are hereby overruled and denied on the merits.  All interested parties that failed to timely object to the Motion, with respect to the Sale Transaction, are deemed to have consented to the relief granted herein for all purposes, including, without limitation, pursuant to section 363(f)(2) of the Bankruptcy Code.

      3.    Notice of the Motion, the Agreement, the sale of the Note free and clear of all Liens, except Permitted Encumbrances, the Sale Transaction was fair, equitable, proper, and sufficient under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008 and 9014 and the Local Rules 2002-1, 6004-1 and 9006-1.

**B.**    **Approval of the Agreement**

4.      The Agreement and all of the terms and conditions thereof, are hereby authorized and approved in all respects.  The failure to specifically include or make reference to any particular provision of the Agreement in this Sale Order shall not impair the effectiveness of such provision, it being the intent of this Court that the Agreement and the Sale Transaction are authorized and approved in their entirety.

5.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale Transaction to Purchasers in accordance with the terms and conditions of the Agreement, (b) close the Sale Transaction as contemplated in the Agreement and this Sale Order, and (c) execute and deliver, perform under, consummate and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the Sale Transaction.  No Purchaser shall be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement or any other sale-related document.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order; provided, however, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

6.      This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors of and holders of equity interests in, the Debtors, any holders of Liens in, against or on all or any portion of the Note (whether known or unknown), each Purchaser and all successors and assigns of such Purchaser, the Note and any trustees, if any, subsequently appointed in these Chapter 11 Cases or upon a conversion to Chapter 7 under the Bankruptcy

Code of these Chapter 11 Cases.  This Sale Order and the Agreement shall inure to the benefit of the Debtors, their estates and creditors, each Purchaser and the respective successors and assigns of each of the foregoing.

**C.**    **Consummation of the Sale Transaction**

7.    Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer all of their rights, titles and interests to the Note to Purchasers on the Closing Date and such transfer shall constitute a legal, valid, binding and effective transfer of such rights, titles and interests in the Note and shall vest Purchasers with all of the Debtors' rights, titles and interests in the Note and, upon the Debtors' receipt of the Aggregate Purchase Price, shall be free and clear of all liens, claims, interests and encumbrances, including but not limited to, successor or successor-in-interest liability or, any tax liens or mechanic's liens asserted against the Note, except Permitted Encumbrances, with all Liens to attach to the net cash proceeds ultimately attributable to the property against or in which such Liens are asserted, subject to the terms thereof, with the same validity, force and effect, and in the same order of priority, which such Liens now have against the Note, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.  The provisions of this Sale Order authorizing and approving the transfer of the Note free and clear of all Liens (other than Permitted Encumbrances) shall be self-executing, and neither the Debtors nor any Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order.

8.    A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens and other encumbrances of record except Permitted Encumbrances.

9.      If any person or entity which has filed statements or other documents or agreements evidencing Liens in, against or on all or any portion of the Note shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Liens and any other documents necessary for the purpose of documenting the release of all Liens which the person or entity has or may assert with respect to all or any portion of the Note, the Debtors, any Purchaser and each of their respective officers, employees and agents are hereby authorized and empowered to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Note.

10.      This Sale Order is and shall be effective as a determination that, on the Closing Date, all Liens existing as to the Note prior to the Closing Date, except Permitted Encumbrances, shall have been unconditionally released, discharged and terminated from the Note, and that the conveyances described herein have been effected.  This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Sale Transaction.

D.      **Prohibition of Actions Against Purchasers**

11.     Except as expressly provided for in this Sale Order or the Agreement, no Purchaser shall have any liability or other obligation or responsibility of the Debtors arising under or related to the Note prior to the Closing.  No Purchaser is a "successor" to the Debtors or their estates by reason of any theory of law or equity.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Agreement, no Purchaser shall be liable for any claims against the Debtors or any of its predecessors or affiliates, and no Purchaser shall have successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental (subject to paragraph 15 below), successor or transferee liability, securities law, tax law, labor law, de facto merger, mere continuation or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, environmental liabilities (subject to paragraph 15 below), and any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the Note prior to the Closing.  The Sale Transaction does not amount to a consolidation, merger or de facto merger of any Purchaser, on the one hand, and the Debtors, the Debtors' affiliates and/or the Debtors' estates, on the other hand, and there is not substantial continuity between any Purchaser, on the one hand, and the Debtors or their affiliates, on the other hand, and no Purchaser is a mere continuation of the Debtors or their estates, and no Purchaser constitutes a successor to the Debtors or their estates.  For purposes of paragraphs 11 to 14 of this Sale Order, all references to Purchasers shall include the Purchaser Parties.

12.     Except as expressly otherwise set forth in the Agreement and this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity

security holders, governmental, tax and regulatory authorities, lenders, trade creditors, dealers, employees, litigation claimants and other creditors, holding Liens against or in all or any portion of the Note (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors or the Note prior to the Closing Date or the transactions contemplated by the Agreement, including the transfer of the Note to Purchasers, hereby are forever barred, estopped and permanently enjoined from asserting against any Purchaser, its Affiliates, its successors or assigns, their property or the Note, such persons' or entities' Liens with respect to the Note, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against any Purchaser, its Affiliates, its successors, assets or properties; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against any Purchaser, its Affiliates, its successors, assets or properties; (c) creating, perfecting or enforcing any Liens against any Purchaser, its Affiliates, their successors, assets or properties; (d) asserting any unexercised set-off or right of subrogation against any obligation due any Purchaser, its Affiliates or its successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order, or the agreements or actions contemplated or taken in respect thereof or (f) revoking, terminating or failing or refusing to transfer or renew any license, permit or authorization to operate the Subject Company, subject to paragraph 14 below.  On the Closing Date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release Liens in or on the Note (except Permitted Encumbrances), if any, as provided for herein, as such Liens may have been recorded or may otherwise exist.

13. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere (a) with the ability of the Debtors and/or Seller to sell and transfer the Note to Purchasers in accordance with the terms of the Agreement and this Sale Order, and (b) with the ability of Purchasers to acquire and take possession of the Note in accordance with the terms of the Agreement and this Sale Order.

14. Purchasers have been given substantial consideration under the Agreement for the benefit of the Debtors and their estates.  The consideration given by Purchasers shall constitute valid and valuable consideration for the sale being free and clear of any potential liens, claims, interests, and encumbrances, including any Liens, as to the Note pursuant to this Sale Order, except with respect to the Permitted Encumbrances, and free and clear of any potential claims of successor liability against any Purchaser.  The consideration provided by Purchasers for the Note under the Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

## E.    **Other Provisions**

15. Nothing in this Sale Order or the Agreement releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Sale Order.  In addition, nothing in this Sale Order divests any tribunal of any jurisdiction it may have under police or regulatory law, including the jurisdiction to interpret this Sale Order or to adjudicate any defense asserted under this Sale Order.

16. Further, nothing in this Sale Order or Agreement authorizes the transfer or assignment of any governmental license, permit, registration, authorization or approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law as appropriate.

17.     Notwithstanding anything to the contrary in the Motion, this Sale Order, or any findings announced at the Sale Hearing, nothing in the Motion, this Sale Order, or announced at the Sale Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

18.     The consideration provided by Purchasers to the Debtors pursuant to the Agreement for the Note constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

19.     The sale of the Note does not include the sale of any causes of action held by any of the Debtors against any person or entity, including but not limited to causes of action against Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison or any person known by the Debtors to have a familial relationship with any of the foregoing persons.

20.     The Sale Transaction is undertaken by each Purchaser without collusion and in good faith, within the meaning of section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction, unless such authorization and such Sale Transaction were duly stayed pending such appeal at the time of the Closing.  Each Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full rights, benefits, privileges and protections of section 363(m) of the Bankruptcy Code.  The Debtors and each Purchaser will be acting in good faith if they proceed to consummate the Sale Transaction at any time after the entry of this Order.

21.     As a good faith purchaser of the Note, no Purchaser has entered into an agreement with any other potential bidders, or colluded with any other bidders, potential bidders, or any other parties interested in the Note, and therefore, neither the Debtors nor any successor-in-interest to the Debtors' estates shall be entitled to bring an action against any Purchaser, and the Sale Transactions may not be avoided pursuant to section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) in respect of the Agreement or Sale Transaction.

22.     Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) these Chapter 11 Cases, (b) any subsequent Chapter 7 case into which these Chapter 11 Cases may be converted or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the Agreement or the terms of this Sale Order.  In the event there is a conflict between this Sale Order and the Agreement (or any ancillary agreements executed in connection therewith), this Sale Order shall control and govern.  Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.  To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Sale Order shall control.

23.     Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Sale Order shall be effective and enforceable immediately upon entry, the Debtors and Purchasers are authorized to close the Sale Transaction immediately upon entry of this Sale Order, and the 14-day stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.

24.     The failure specifically to include any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it

being the intent of this Court that the Agreement be authorized and approved in its entirety; provided, however, that this Sale Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Sale Order.

25.     The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, with prior written notice to the Committee, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates or any of the Debtors' creditors.  If the Agreement is modified, the Debtors shall file the modified version with the Court.

26.     This Court shall retain exclusive jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Sale Order and the Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to Purchasers, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale Transaction.

27.     The Agreement shall be in full force and effect, regardless of any Debtor's lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

28.     No bulk sales law, bulk transfer law or any similar law of any state or other jurisdiction (including those relating to taxes other than Transfer Taxes (as defined in the Agreement)) shall apply to the Debtors' conveyance of the Note or this Sale Order.

29.     The appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) or section 332 of the Bankruptcy Code is not required with respect to the Sale Transaction.

30.     Each Purchaser is a party-in-interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Sale Order, the Sale Transaction, and any issues related to or otherwise connected to the Agreement and the Sale Transaction.

31.     Nothing in this Sale Order shall affect the obligations, if any, of the Debtors, any Purchaser, and/or any transferee or custodian to maintain all books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

32.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: _____
        Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge