December 29, 2023

Honorable Judge John Dorsey
824 N Market St
5th Floor, Courtroom 5
Wilmington, DE 19801
302-533-3169




RECEIVED

2024 JAN -3  AM 10: 43

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Re: OBJECTION to Motion of Debtors to estimate claims based on digital assets, Case No. 22-11068 (JTD), Hearing Date: January 25, 2024 at 10:00a.m. (ET)

Dear Judge Dorsey,

I hope this letter finds you well.

I have a large FTX claim in excess of $2,500,000. My primary purpose of using the FTX exchange was for custody of my tokens and for their staking services. I, like many cryptocurrency investors, needed a safe place to hold a large $ amount of tokens and to earn the Solana network token inflation in a safe way. For this reason I onboarded to FTX in 2019.

Given both the FTX clear terms of service, the exchange's amicable relationship with large US Investment Firms, and numerous meetings between Sam Bankman-Fried and Gary Gensler of the US SEC, I believed that this was a legitimate exchange and a safe place to hold my tokens.

Using a conversion price to USD at the time of Bankruptcy unfairly penalizes those that held tokens in custody and/or used FTX's staking services, and did not immediately withdraw and could not unstake tokens for withdrawal in the time just prior to the filing.

Why should I be penalized for the makeup of the assets I held relative to those of other Creditors? Why should the appreciation of my holdings be used to compensate others whose claims did not appreciate, in express violation of the FTX Terms of Service? Why would I not just be given my pro-rata share of the remaining available assets held under my name on the exchange?

With this motion, I, and others like me are being unfairly penalized relative to those holding cash or cash equivalents on the exchange. This expressly goes against the FTX Terms of Service (TOS) Clause 8.2.6:

(A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account.

(B) None of the Digital Assets in your Account are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.

According to the clearly stated Terms, I deposited my assets under the express belief that these assets remained my property, which would not make them available under Creditor claims, or available for conversion to USD, nor mingled with other Debtor assets. Based on the TOS, digital assets held on the exchange were not loaned to the exchange, and customers should be entitled to claim ownership of their digital assets.

In addition I do not believe that the Ad Hoc Committee (AHC) represents the interests of customer claimants with claims denominated in specific digital assets

Based on public information, the AHC represents claimants where ~40% percent of the claimants are not customers, but rather opportunistic investors who had purchased customer and non-customer claims. For these group of claimants, it would favor them to have claims valued at the time of the petition, because this would effectively mean that customer claimants with claims denominated in specific digital assets (which have now increased in price) would be stolen to reimburse the other categories of claimants and creditors.

It is not in the interest of claimants represented by AHC (and by extension, AHC) to fully and fairly engage with the court and the Debtors to seek clarity on the question of law of whether customer assets form part of the Debtors' estate.

As mentioned above, I am aware that there were certain private negotiations between claimants represented by AHC regarding this critical question of law, which were not openly heard before a court. This raises serious concerns that there is indeed a triable issue to be considered, otherwise the Debtors would not have settled the claim so swiftly and privately.

Despite spending hundreds of millions (primarily from customer funds) on legal and professional fees, the Debtors are still unable to achieve fairness for customer claimants, who should not in any circumstances be grouped into the same class as other creditors.

Due to the unique circumstances of the Debtor's business and the cryptocurrency industry (millions of "retail" customers), the profile of customer claimants tends to be scattered, making it difficult for claimants to organize themselves to present formal arguments before the court.

Customer claimants have already been victimized by the actions of Sam Bankman- Fried. Please do not let us be victimized again by non-customer commercial interests or negligent professional advice guiding the Debtor's actions, just because there is no specific ad hoc committee formed to address these important issues.

For the reasons above, I respectfully request the court to deny the Motion, and immediately call for a determination of the critical question of law raised. I trust that you will consider these objections seriously in order to uphold fairness and integrity in the bankruptcy proceedings.

Please, from a fellow American and strong believer in the fairness of our US Courts, consider this request. Thank you sir.

Sincerely,

Jeff Rancilio
jeffrancilio@gmail.com
FTX Customer code available upon request

JEFF RANCILIO
11740 SAN VICENTE BLVD
STE 109 PMB 269
LOS ANGELES, CA 90049

Honorable Judge John Dorsey
824 N MARKET ST
5th Floor Courtroom 5
Wilmington, DE 19801

