Tobias Puellmann
9 Teltropsweg
Gelsenkirchen, NRW 45896
(+49) 1608126146
tobiaspuellmann@web.de

RECEIVED
2024 JAN -3 AM 9:21
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

28th December 2023

**Honorable Judge John Dorsey**

824 N Market St
5th Floor, Courtroom 5
Wilmington, DE 19801
302-533-3169

Dear Honorable Judge John Dorsey,

I am writing to you as a creditor in the FTX bankruptcy case, residing outside of the United States. As one among many who have experienced substantial financial loss due to my deposits on FTX, I wish to express my concerns regarding the current management of the FTX estate, particularly in the valuation of crypto assets for claim purposes.

The decision to use the values of crypto assets as of the petition date to calculate claims is, in my view, deeply unfair and inequitable. This approach fails to consider the volatile nature of cryptocurrency markets, where the value of assets can fluctuate widely in a short period. Valuing these assets at the petition date could result in a significant undervaluation, not reflective of their true worth or the potential recovery for creditors like myself.

While I appreciate the methodology applied to value assets like FTT, SRM, MAPS, and OXY, I am concerned that other assets such as BTC, ETH, and SOL have experienced significant increases in value since the petition date. This appreciation is not considered in the current valuation methodology, leading to a disparity in how different assets are treated.

Bankruptcy law, with its various provisions and interpretive case law, centers on achieving equitable outcomes. The circumstances surrounding FTX and its creditors necessitate an application of these principles to ensure a fair and just resolution. This principle allows the court to value claims based on fairness, especially when circumstances have significantly changed.

The principle of fairness should be at the forefront of this bankruptcy proceeding. Creditors have a rightful claim to the value of their assets, which should be appraised at fair market value. The current approach undermines this principle and disproportionately disadvantages FTX clients, who are forced to accept values that do not accurately reflect the current market conditions.

I respectfully request that the court reconsiders the method used for valuing crypto assets in the FTX bankruptcy case. It is crucial for the integrity of this process and the fair treatment of all creditors involved that assets are valued in a manner that truly reflects their worth in a dynamic and rapidly changing market.

Finally, I would like to draw your attention to another large crypto bankruptcy, which, based upon my experience, is quite similar to the current circumstances of FTC. It's Mt. Gox, who lost 90% of client Bitcoin when they registered for bankruptcy in Japan in 2014. As Bitcoin's price rose, creditors surpassed the threshold of being fully compensated in USD value. However, with the substantial growth in Bitcoin value, the diminishing quantity of Bitcoin needed for USD full recovery adversely impacted creditors' Bitcoin recoveries. Opportunistically, as the price rose, subordinated creditors started delaying exit to try and pay creditors off in USD and opportunistically come after the creditors estate. Each attempt led to years of delay and eventually creditors were entitled to the same recovery minus all the administrative costs due to long expensive delays significantly harming their recovery.

Thank you for your attention to this matter. I trust that the court will make a decision that upholds the principles of fairness and equity for all parties involved in this case.

Sincerely,

Tobias Puellmann



Case 22-11068-JTD   Doc 5394   Filed 01/03/24   Page 4 of 4