IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Case No. 22-11068-JTD<br>Chapter 11<br>Judge John T. Dorsey<br><br>(Jointly administered)<br><br>Hrg. Date: March 19, 2024, at 10:00 a.m. (ET) |

### UNITED STATES' MEMORANDUM OF LAW ESTABLISHING THE BURDEN OF PROOF IN AN ESTIMATION HEARING

The Court has ordered an estimation of the IRS's claim pursuant to 11 U.S.C. § 502(c) and ordered the parties to brief which party bears to the burden of proof during this procedure. Under long-standing and binding precedent, the burden lies with the Debtors to come forward with credible evidence to substantiate what they report as their tax liability, credits, losses, and other claims from their tax returns. The Bankruptcy Code generally, and estimation procedures more specifically, do not and cannot shift the burden to the United States. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 21 (2000). The validity of the IRS claim, including the estimation or determination of its amount, "is generally a function of underlying substantive law." *Id.* at 24. The burden of proof is an element of the substantive law. *Id.* at 20. There is no provision of the Bankruptcy Code which clearly changes the burden of proof. Accordingly, the Debtors, like all taxpayers, must demonstrate that the IRS determination is incorrect.

The Debtors at the last hearing noted that tax litigation is akin to a "tennis match," with a taxpayer serving by filing a tax return that is presumed correct, the United States returning the serve via an audit and ultimately issuing a notice of deficiency, and the Debtors then lobbing information to the Tax Court or other forum. That familiar tennis analogy may work for most litigation between private parties, like a contract dispute or other litigation where both sides have

generally equal access to information. The tennis match analogy is inapposite and inappropriate for tax litigation with the government.

The burden of proof and presumption of correctness of the IRS determination reflect the importance of tax payments to the sovereign and the asymmetric nature of information in tax litigation. The tax system depends on taxpayer self-assessment reported on a return that is true, correct, and complete. *See United States v. Boyle*, 469 U.S. 241, 249 (1985) ("The Government has millions of taxpayers to monitor, and our system of self-assessment in the initial calculation of a tax simply cannot work on any basis other than one of strict filing standards."). The taxpayer – who has all the records available – has a legal obligation to keep those records and produce them when requested. 26 U.S.C. § 6001. Failure to substantiate a deduction or explain an item is held against the taxpayer.

## ARGUMENT

**I.  The Bankruptcy Code does not change the burden of proof in an estimation proceeding; it remains where substantive law places it.**

A proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see, e.g.*, *In re Lampe*, 665 F.3d 506, 514 (3d Cir. 2011). The challenger must rebut the presumption of validity with affirmative proof, and more than a mere general assertion is necessary to overturn the presumption. *See id.* at 514. A creditor bears the same burden outside of bankruptcy because bankruptcy does not alter the burden imposed by substantive law. *Raleigh v. Ill. Dep't of Revenue,* 530 U.S. at 17; *see also, In re Dawes*, 652 F.3d 1236, 1239-1240 (10th Cir. 2011) (Gorsuch, J.) ("[W]hen the [Bankruptcy C]ode hasn't told us otherwise, our attention is rightly turned to the underlying tax law to see who owes what … our role is to apply that law, not to invent new rules of our liking[.]").

The burden cannot be shifted for the specifics of a particular case for the sake of equity. As the Supreme Court recognized in *Raleigh*, "[b]ankruptcy courts are not authorized in the name of equity to make wholesale substitution of underlying law controlling the validity of creditors' entitlements…." *Raleigh*, 530 U.S. at 24–25. It noted there is no valid reason why tax litigation should have a different set of rules only in bankruptcy court versus the other forums for tax litigation. *Id.* at 25-26.

The fact that the value of IRS's claim will be estimated under § 502(c) does not shift the burden of proof set under the relevant substantive law. When a court estimates the *value* of a claim under § 502(c) estimation procedures, "the court is bound by the legal rules which may govern the ultimate value of the claim." *Bittner v. Borne Chem. Co.*, 691 F.2d 134, 135 (3d Cir. 1982). "For example," the Third Circuit explained, "when the claim is based on an alleged breach of contract, the court must estimate its worth in accordance with accepted contract law." *Id.*; *see also In re FRG, Inc.*, 121 B.R. 451, 456 (Bankr. E.D. Pa. 1990) ("We cannot imagine any reason for allocating the burdens of proof differently in a proceeding to estimate claims than in a proceeding to finally determine the merits of a proof of claim. The estimation process is merely a microcosm of the ordinary claims-determination process."). Thus, claims estimation carries with it the same burden of proof that attaches under the relevant substantive law. Here, the relevant substantive law is federal tax law.

**II.    Substantive law places the burden of proof on the taxpayer to establish its income, losses, or other claims reported on its income tax return and to demonstrate that the IRS determination is incorrect.**

The Debtors here, and taxpayers in general, have the burden of proof under the substantive law to demonstrate that the IRS determination is incorrect. *See United States v. For D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *United States v. Isley*, 203 Fed. Appx. 406, 407 (3d Cir.

3

2006) ("A tax liability determined by the IRS, including a deficiency assessment, is generally afforded a presumption of correctness."). "Tax determinations by the Commissioner are entitled to a presumption of correctness." *Sullivan v. United States*, 618 F.2d 1001, 1008 (3d Cir. 1980); *see also*, *Psaty v. United States,* 442 F. 2d 1154, 1160 (3d Cir. 1971); *Ahmed v. Commissioner*, 64 4th 477, 482 (3d Cir. 2023). This presumption of correctness for the Commissioner's deficiency determination and the taxpayer's burden to prove incorrectness of that determination are "settled principles." *Demkowicz v. Comm'r*, 551 F.2d 929, 931 (3d Cir. 1977).

This presumption of correctness also applies to *estimated* tax liabilities. *Greco v. United States*, 380 F. Supp. 2d 598, 612 (M.D. Pa. 2005) ("[I]t has long been held that the Commissioner may estimate assessments by 'any reasonable method,' and such estimates will be accorded the full presumption of correctness" (citing *Coleman v. United States*, 704 F.2d 326, 329 (6th Cir. 1983)). *See also In re Fidelity Am. Fin. Corp.*, 1990 Bankr. LEXIS 2910, **17-18 (Bankr. E.D. Pa. 1990) (citing *Matter of Resyn Corp.*, 851 F.2d 660 (3d Cir. 1988) (unassessed taxes presented in a proof of claim was presumed correct)). Indeed, the Third Circuit affirmed the use of this presumption even after liabilities had been restated several times during the course of litigation. *Isley*, 203 Fed. Appx. at 406.

Under 26 U.S.C. § 7491(a), the burden of proof in court proceedings shifts to the government only if and after the taxpayer introduces "credible evidence" to support its position about the disputed facts. Tax returns alone are not credible evidence. *E.g.*, *Sparkman v. Comm'r of Internal Revenue*, 509 F.3d 1149, 1157-58 (9th Cir. 2007) ("A tax return, even though signed under penalty of perjury, is not per se evidence of the income, deductions, credits, and other items claimed therein."); *In re Kelly*, 2021 WL 5917979, at *7 (N.D.N.Y. Dec. 14, 2021) (a taxpayer cannot submit their tax returns alone as "credible evidence" of deductions or income);

*Est. of Cape v. United States*, 2015 WL 5794209, *12 (E.D. Wis. 2015) ("Tax returns and K–1s are not evidence of the truth of the numbers stated in them.").

Further, the burden only shifts back to the United States if the taxpayer complies with the Internal Revenue Code's substantiation and recordkeeping requirements, and the taxpayer cooperates with reasonable requests from IRS agents during examination. 26 U.S.C. § 7491(b). The Debtors have a statutory duty to keep accurate records that substantiate the asserted deductions and losses. *See* 26 U.S.C. § 6001; *see also INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84 (1992) ("An income tax deduction is a matter of legislative grace and that the burden of clearly showing the right to the claimed deduction is on the taxpayer.") (cleaned up).

The Debtors filings admit that Debtors failed to keep accurate records to substantiate those loses. *See, e.g.*, ECF No. 1242-1, First Interim Report of John Ray III at p. 13 ("As a result of the FTX Group's poor controls, and the inherent limitations of QuickBooks software for use in a large and complex business, the FTX Group did not employ QuickBooks in a manner that would allow it to maintain accurate financial records."). And although the Debtors contend that they have responded to the Information Document Request (IDRs) issued during the IRS's ongoing examination, many of those responses were deficient and often merely admit Debtors do not have information to substantiate a claim. *See e.g.*, Ex. A, Nov. 30, 2023 Ernst & Young Response to IDR, at p. 1 (Debtors cannot locate a corporate minute book for entities under audit) and p. 2 (substantiation for all business expenses were not stored in a centralized location and are unavailable).

The Debtors assert, based on the returns filed pre-petition (that the current Restructuring Officer and current accountants will not swear to) that they have zero taxable income, sustained heavy losses, and are entitled to various deductions, all resulting in a zero liability to the IRS.

They cannot, however, show their income should not be taxed or that they are entitled to deductions to offset all the income. They instead argue there was a fraud and therefore there must have been an overall loss. These assertions are not sufficient to meet the requirements for burden shifting under 26 U.S.C. § 7491.

Moreover, Debtors ignore that under tax law the fraud or misappropriation of funds as Debtors allege occurred here, creates taxable income in the year in which the funds are misappropriated. *See United States v. Anderson*, 535 F. Supp. 1230, 1235-36 (W.D. Pa. 1982) ("misappropriated funds are includable in 'gross income' in the year in which the funds are misappropriated.") (citing *James v. United States*, 366 U.S. 213, 219 (1961) (proceeds of criminal activities are generally taxable income)).

The substantive law, thus, places the burden of proof for both production and persuasion on the Debtors. The Debtors have not brought forth credible evidence that the IRS's determination is incorrect. And by their own admissions, the Debtors did not maintain suitable books and record to substantiate their income, expenses, deductions, and losses. In addition, the Debtors did not provide sufficient substantiation or information to the IRS in response to its requests for support. Indeed, in some of the responses stated that the Debtor could not provide records or information.

This presumption of tax law is valid, effective, and applicable in bankruptcy. *See Raleigh*, 530 U.S. at 20-21 (2000); *United States v. Lartz (In re Lartz)*, 301 B.R. 807, 810 (M.D. Pa. 2003). Nothing in the Bankruptcy Code overrides this rule of substantive law.

## CONCLUSION

Inside and outside of bankruptcy, the burden of proof is determined under substantive law. Estimation procedures under 11 U.S.C. § 502(c) do not change the substantive law to move the burden of proof. The Court cannot simply rely on the numbers the Debtors report on their tax returns as credible evidence, and Debtors failed to maintain records to support the claims made on their returns as they are statutorily required. Thus, the Debtors carry the burden and maintain the burden to establish their tax liability at the estimation hearing scheduled for March 19, 2024.

DATE:  January 5, 2024

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/Stephanie A. Sasarak*
ARI D. KUNOFSKY
Supervisory Trial Attorney/Assistant Chief
STEPHANIE A. SASARAK
ELISABETH M. BRUCE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-598-0969 (t)
202-514-6866 (f)
Ari.D.Kunofsky@usdoj.gov
Elisabeth.M.Bruce@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I certify that the foregoing MEMORANDUM OF LAW was filed with the Clerk of the Court on January 5, 2024, using the CM/ECF system, which will send notification of such filing to all parties appearing in said system.

Date: January 5, 2024

*/s/ Stephanie A. Sasarak*
STEPHANIE A. SASARAK