## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  January 10, 2024 at 3:00 p.m. (ET)** |

## DEBTORS' MEMORANDUM OF LAW REGARDING THE BURDEN OF PROOF IN ESTIMATING THE INTERNAL REVENUE SERVICE'S CLAIMS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") hereby submit this memorandum of law pursuant to the Court's December 13 direction that the parties file simultaneous memoranda of law addressing who, "between the IRS and the Debtors, . . . has the initial burden of proof at the estimation hearing" (Dec. 13, 2023 Hr'g Tr. at 57:23-25; *see also* D.I. 5080).

## INTRODUCTION

1.       After a massive effort by dozens of professionals at Ernst & Young LLP, a leading national accounting firm with expertise in bankruptcy and the taxation of digital assets, the Debtors filed detailed tax returns for 2022 showing no tax liability and over $11 billion in losses that can be applied to other tax years.  Despite this, the Internal Revenue Service ("IRS") filed proofs of claim ("Claims") that nominally total about $24 billion—more than 50 times what the Debtors ever earned over their three years of operation.  The IRS provided no explanation or

---

[1]       The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

substantiation for this staggering sum.   Instead, it concedes its "Claims" are effectively guesses—mere placeholders:  The Claims themselves state they are for "estimated tax liability due to pending examination of debtor tax return" (D.I. 4204-4), and the IRS expressly acknowledges that "[i]t is possible . . . that the IRS will . . . amend the claim to reflect a lower (or even zero) liability for each of the years and entities on the proof of claim" (D.I. 4509 at 13 n.7).

2.     It makes little sense to think that the Debtors—which lost billions of dollars over their three-year existence—would have any significant additional tax liability.  And given that the Debtors earned relatively little income from their exchange activities (far less than $1 billion in aggregate even during the at-most very brief period when arguably profitable), it is *inconceivable* that any such tax liability would even approach $24 billion.  To get around this obvious problem, the IRS contends that its placeholder Claims are entitled to both a "presumption of validity" under bankruptcy law and a "presumption of correctness" under tax law.  As such, the IRS asserts that the Debtors must shoulder the burden of proving a negative— that they did not earn billions of dollars of taxable income during their short lifespan—ignoring what the Debtors have already reported on their returns.  This is wrong on both counts.

3.     The Claims are not entitled to a presumption of validity under Bankruptcy Rule 3001(f)—which addresses only the burden of going forward, not the burden of proof— because the IRS does not even attempt to set forth actual claims, much less explain the basis or provide the needed support to be entitled to such a presumption.  *E.g.*, *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (presumption applies where proof of claim "alleges facts sufficient to support a legal liability"); *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000) ("[T]he Government's . . . insufficiently documented claims . . . were not entitled to be considered as establishing a *prima facie* case under Bankruptcy Rule 3001(f).").  And even if

the Claims are afforded a presumption of validity, the evidentiary burden required to overcome that presumption is minimal and easily satisfied by the Debtors' detailed tax returns. *See* Section I.

4.      Under governing tax law—which supplies the law on the burden of proof in Bankruptcy Court, *Raleigh* v. *Illinois Department of Revenue*, 530 U.S. 15, 20-21 (2000)—the IRS bears the burden of proof on the claimed tax liability. Although that burden shifts to the taxpayer when the IRS has made a formal assessment of tax liability, here the IRS has not made any assessment or issued a notice of deficiency. As a result, the IRS is not entitled to a presumption of correctness and must prove its claims like any other civil litigant. *See Psaty* v. *United States*, 442 F.2d 1154, 1159-60 (3d Cir. 1971) ("certification of the Commissioner's assessment" of tax "shifted both the burden of going forward . . . [and] of ultimate persuasion to the taxpayer"); 14 Mertens Law of Fed. Income Tax'n § 49E:54. *See* Section II.A.

5.      Even if the IRS were to make a formal assessment, it is well settled that "naked" IRS assessments are not entitled to a presumption of correctness. *United States* v. *Janis*, 428 U.S. 433, 441 (1976). Nor would the IRS be entitled to the presumption by providing some *post hoc* rationale for its massive Claims; the Third Circuit has held that, where an IRS claim is "arbitrary and excessive," the IRS bears the burden of proving that claim is correct. *E.g.*, *Cap. Blue Cross* v. *Comm'r*, 431 F.3d 117, 128 (3d Cir. 2005). The Claims are the epitome of naked, arbitrary, and excessive. The Claims allege, with no backup or explanation, tax liabilities totaling more than 50 times the revenue the Debtors ever earned. The IRS thus bears the burden of proof. *See* Section II.B.

6.      The IRS also completely ignores the implications of its naked Claims and its suggested backwards process for the recently filed Plan of Reorganization. The Claims have the potential to stop the Plan in its tracks and amount to an unconscionable penalty on the

Debtors' legions of creditors who are victims of the largest financial crime of the past 20 years. The IRS bears the burden of proof on its Claims and that proof must be provided immediately.

## DISCUSSION

7.     The Claims are not entitled to a preliminary presumption of validity under Bankruptcy Rule 3001(f) because they do not come close to stating a claim—much less explaining the basis for the Debtors' actual tax liability.  Wholly apart from bankruptcy law, under tax law, the IRS has the burden to prove its Claims because it has not yet assessed a tax. And even if the IRS relabeled its Claims as formal "assessments," they would not be entitled to a presumption of correctness because they are "naked" and "arbitrary and excessive."  As a result, under well-settled principles of both bankruptcy and tax law, the IRS bears the initial burden of proof on its Claims at the forthcoming estimation hearing.

**I.     Under Bankruptcy Law, the IRS Bears the Initial Burden of Substantiating Its Claims.**

8.     Estimation of claims is within the core power of the Bankruptcy Court. *See In re Armstrong World Indus., Inc.*, 348 B.R. 111, 123 (D. Del. 2006).  Estimation of claims is also a critical tool used by bankruptcy courts to address large claims that are potential obstacles to confirming a plan of reorganization.  *See* 11 Collier on Bankruptcy § 502.04 (16th ed. 2023).  In an estimation hearing, "[t]he initial burden is on the claimant to allege sufficient facts to support the claim."  *In re Energy Future Holdings*, 2016 WL 4925052, at *3 (D. Del. Sept. 14, 2016) (citing *Allegheny*, 954 F.2d at 173).[2]  When a proof of claim alleges sufficient facts, Bankruptcy Rule 3001(f) confers a "rebuttable" "evidentiary presumption" on such valid proofs of claim.  *In re Garvida*, 347 B.R. 697, 706 (B.A.P. 9th Cir. 2006).  This

---

[2]     Courts apply the same law and procedures in estimation proceedings as in claims objection proceedings (the proceeding at issue in *In re Energy Future Holdings*).  *See In re FRG Ltd. P'ship*, 121 B.R. 451, 456 (Bankr. E.D. Pa. 1990).

presumption does not attach automatically to all proofs of claim, however.  Only when the proof

of claim satisfies Rule 3001 does it constitute "prima facie evidence of the claim's validity and

amount." *Dow Corning*, 250 B.R. at 321.

9.     For this reason, deficient proofs of claim, including claims filed by the

government, are "not entitled to be considered as establishing a prima facie case." *Id.*[3]  In *In re*

*Mobile Manufacturing Co.*, for instance, the court concluded that an IRS proof of claim did not

constitute prima facie evidence under Rule 3001(f) because, like here, the claim is "no more than

[an] estimate [of] the debtor's tax liability" and "[t]he IRS did not assess a tax for this estimated

liability." 1985 Bankr. LEXIS 6170, at *9-10 (Bankr. D. Utah May 8, 1985).

10.     Even if the IRS were to come forward with an amended claim that satisfies

Rule 3001, the presumption of validity would only satisfy the IRS's burden of going forward, not

the burden of proof on the merits.  To negate the IRS's showing, the Debtors would need only

"produce evidence equal in force to the prima facie case." *Allegheny*, 954 F.2d at 173; *see In re*

*Refco Pub. Commodity Pool, L.P.*, 554 B.R. 736, 741 (Bankr. D. Del. 2016) (same, in the context

of an IRS proof of claim).  The detailed tax returns supported by expert accountants, whose

appointment was approved by this Court (D.I. 505), would be more than sufficient.  *In re Brown*,

169 B.R. 59, 61 (S.D. Iowa 1994) (reversing Bankruptcy Court and holding that recently filed tax

returns "may be sufficient to rebut the prima facie validity of the IRS's claim"); *In re Katz*, 168

B.R. 781, 786-88 (Bankr. S.D. Fla. 1994) (debtor's analysis supporting claimed deduction was

sufficient "to overcome the prima facie validity" of the "Government's proof of claim").

---

[3]     In *Dow Corning*, the Government's claims were under the Medical Care Recovery Act, 42 U.S.C. §§ 2651-2653, and the Medicare Secondary Payer Act, 42 U.S.C. § 1395, which provide for federal recovery for certain tort claims. 250 B.R. at 335, 340.  Courts have treated Rule 3001(f)'s presumption of validity as applying similarly to both tort and statutory claims. *See In re Lampe*, 665 F.3d 506, 514-15 (3d Cir. 2011).

**II.      The IRS Bears the Burden of Proving Its Claims Under Substantive Tax Law.**

11.      The Supreme Court has held that, once the burden of going forward is satisfied, the allocation of evidentiary burdens in Bankruptcy Court is determined by reference to "the underlying substantive law creating the debtor's obligation." *Raleigh*, 530 U.S. at 20-21; *accord Refco*, 554 B.R. at 741-42. "'In an action to collect taxes, the government bears the initial burden of proof'" by a preponderance of the evidence. *In re Desert Cap. Reit, Inc.*, 2014 WL 3907972, at *11 (B.A.P. 9th Cir. Aug. 11, 2014) (quoting *In re Olshan*, 356 F.3d 1078, 1084 (9th Cir. 2004)); *see also Psaty* , 442 F.2d at 1159-61. The IRS cannot satisfy that burden by relying on a presumption of correctness, which (i) only attaches to formal tax assessments and (ii) does not attach to assessments that are "naked" or "arbitrary and excessive."

**A.      The IRS Bears the Burden of Proving Its Claims Because It Has Not Assessed Any Tax.**

12.      In the typical tax case—both in and out of bankruptcy—a "presumption of correctness" attaches to IRS "assessments"[4] of tax, which has the effect of shifting the burden of proof to the taxpayer in court proceedings. *Janis*, 428 U.S. at 441 (citations omitted). That is because such a suit is brought *after* the IRS makes a formal assessment of the tax or issues a notice of deficiency. *See Anastasato* v. *Comm'r*, 794 F.2d 884, 886 (3d Cir. 1986) (IRS

---

[4]      The tax code authorizes the IRS to make "assessments" of tax owed by taxpayers. *See* 26 U.S.C. § 6201 *et seq*.; *Bull* v. *United States*, 295 U.S. 247, 259 (1935) (the "assessment" is the IRS's "chosen instrumentality" for "applying the [Internal Revenue Code] to the facts in each taxpayer's case" when the IRS determines that a taxpayer has made an error or a misrepresentation in its tax return). When the IRS chooses to issue an assessment, it must comply with several formal requirements imposed by the tax code and related regulations, including an assessment record signed by an assessment officer with supporting records that provide specified information. *See* 14 Mertens Law of Fed. Income Tax'n § 49D:3; 26 C.F.R. § 301.6203-1. Where the IRS disagrees with the taxpayer's self-assessment of tax shown on the return, the IRS must comply with additional requirements for what is known as a "deficiency assessment." 14 Mertens Law of Fed. Income Tax'n § 49D:3; *see Kroner* v. *Comm'r*, 48 F.4th 1272, 1274-75 (11th Cir. 2022) (explaining process IRS uses to identify disagreement with taxpayer's return). Of course, none of this has been done here.

deficiency assessment shifts burden to taxpayer); *Psaty*, 442 F.2d at 1159-61 ("certification of the [IRS] Commissioner's assessment" of tax "shifted both the burden of going forward with evidence and the burden of ultimate persuasion to the taxpayer").  In that context, as courts have explained, the presumption is "based, in part, on the probability of [the] correctness" of the IRS's determinations, *Psaty*, 442 F.2d at 1160, because "the regulations governing the assessment process" serve to "ensure both the efficiency and the accuracy" of the IRS process, *March* v. *I.R.S.*, 335 F.3d 1186, 1188 (10th Cir. 2003).

13. Here, the IRS filed its Claims without first making a tax assessment or issuing a notice of deficiency.  The IRS is permitted to bring an action to collect tax before making a formal assessment of tax, but when it does, it stands on "its common-law right to sue on a debt." *United States* v. *Sarubin*, 507 F.3d 811, 815 (4th Cir. 2007).  Filing a bankruptcy claim predicated on an unassessed tax liability is thus the "functional equivalent" of filing a civil action to collect unassessed taxes.  *See In re Goldston*, 104 F.3d 1198, 1201 (10th Cir. 1998).[5]

14. In this posture, the IRS, like any other civil claimant seeking to collect on an alleged debt, must prove its claim by a preponderance of the evidence, and its assertions that

---

[5]     The IRS cited *In re Fidelity America Fin. Corp.*, 1990 WL 299418 (Bankr. E.D. Pa. Feb. 8, 1990), for the proposition that "unassessed taxes presented in a proof of claim w[ere] presumed correct."  (D.I. 4509 at 8.)  That is a misreading of *Fidelity*.  The *Fidelity* court expressed "doubts" about whether such a presumption should apply where, as here, "there has been no prepetition IRS tax assessment" and the IRS claims were not based on its "review of relevant information . . . for the tax years in question."  1990 WL 299418, at *5, *8.  And the court ultimately did not decide the question because it found the IRS claims—which were based on "incomplete" debtor records that did not "include an investigation of reasonable leads furnished by the taxpayer"—were "arbitrary and excessive," as is likewise true here, *see infra* ¶¶ 18-20.  1990 WL 299418, at *5-*8.  In any event, *Fidelity* and the cases it cited were decided at a time when the IRS was prohibited by the automatic stay from issuing an assessment against a debtor that had declared bankruptcy, *id.* at *4 (citing 11 U.S.C. § 362(a)), so a proof of claim was the IRS's only avenue for asserting a claim for unassessed taxes.  That consideration no longer applies, *see* 11 U.S.C. § 362(b)(9) (enacted in 1994, giving the IRS the right to assess taxes of a bankrupt entity), so there is no reason to give the IRS a better position collecting a tax in bankruptcy than it would outside bankruptcy.

any size debt is owed are not entitled to any presumption of correctness.  *See* 14 Mertens Law of

Fed. Income Tax'n § 49E:54 (where the IRS does not rely on a tax assessment, the claim "carries

no presumption of validity, [and] the burden of proof rests on the government"); *Desert Cap.*

*Reit*, 2014 WL 3907972, at *11.  This makes sense, because without a formal assessment, there

is no process for ensuring the probability of accuracy that supports a presumption of correctness

in favor of a tax assessment made through IRS rules and procedures.  *See March*, 335 F.3d

at 1188; *Psaty*, 442 F.2d at 1159.  Instead, the IRS is no differently situated than any other civil

claimant attempting to collect a debt.  *See Goldston*, 104 F.3d at 1201.[6]

### B.     Even If the IRS Were to Do a Formal Assessment, Its Claims Would Not Be Entitled to a Presumption of Correctness.

15.     If the IRS were to issue a formal tax assessment, the presumption of

correctness would not apply to "naked" tax assessments.  *Janis*, 428 U.S. at 441.  "Naked

assessments are those 'without any foundation whatsoever.'"  *Samango* v. *United States*, 2019

WL 2525741, at *9 (E.D. Pa. June 18, 2019), *aff'd*, 833 F. App'x 941 (3d Cir. 2020) (quoting

*Janis*, 428 U.S. at 441).  Where the IRS bases an assessment on alleged activity of the taxpayer,

the IRS must present some "predicate evidence connecting the taxpayer to the charged activity."

*Anastasato*, 794 F.2d at 887 (internal quotation marks omitted).

16.     An assessment is naked even if the IRS links the taxpayer to the alleged

---

[6]     Section 7491 of the IRC—which applies to individual taxpayers and entities worth less than $7 million, if certain requirements are satisfied—shifts the burden of proof to the IRS on a specific factual issue raised by an IRS assessment or notice of deficiency after the taxpayer introduces credible evidence on that issue.  26 U.S.C. § 7491; *see, e.g.*, *Esgar Corp.* v. *Comm'r*, 744 F.3d 648, 653-54 (10th Cir. 2014).  Because the IRS has not made an assessment or issued a notice of deficiency, there is no burden to shift and thus no need for the Court to consider whether Section 7491 burden-shifting is available here.  *Cf. Transupport, Inc.* v. *Comm'r*, 882 F.3d 274, 279 n.1 (1st Cir. 2018) (noting that "26 U.S.C. § 7491(a) establishes a different burden-shifting scheme" than when the IRS has issued an "arbitrary and excessive" assessment).

conduct but cannot support the specific amount of the tax imposed.  *See Xenakis* v. *I.R.S.*, 281 B.R.

585, 595 (W.D. Pa. 2001) (the IRS must "present evidence of the amount of income derived from

an illegal activity" and not "merely estimate the amount based on . . . non-monetary evidence");

*Kohler Co.* v. *United States*, 468 F.3d 1032, 1032-33 (7th Cir. 2006) ("To permit the [IRS] to place

an arbitrary value on difficult-to-value property . . . and require the taxpayer to prove that it was

worth less—and exactly how much less—would place an unreasonable burden on taxpayers.").[7]

17.    Here, the absence of *any* evidence supporting the Claims precludes the

presumption of correctness and leaves the burden with the IRS.  As one court noted, "[i]t is

difficult to conceive more direct evidence of a 'naked assessment without *any* foundation

whatsoever' than the government's own concessions that it is without any reports, work papers and

other documents to support its conclusions."  *Coleman* v. *United States*, 704 F.2d 326, 329

(6th Cir. 1983) (quoting *Janis*, 428 U.S. at 441).  The IRS has not proffered a factual basis or legal

theory to support the vast sums it claims the Debtors earned in taxable income that could give rise

to $24 billion of additional tax liability.  Accordingly, the IRS's naked proofs of claim are not

entitled to the presumption of correctness and the IRS bears the burden of substantiating its Claims.

18.    To the extent that the IRS attempts to justify the Claims—or any revised

massive claims—with some after-the-fact explanation, they would still not be entitled to a

presumption of correctness because they are clearly "arbitrary and excessive."  *See, e.g.*, *Cap.

Blue Cross*, 431 F.3d at 128 (burden of proof rests on the IRS if "the Commissioner's assessment

is 'arbitrary and excessive'") (quoting *Helvering* v. *Taylor*, 293 U.S. 507, 515 (1935)); *R. M.*

---

[7]    Notably, one court has held that, under New Jersey tax law when, as here, the taxing authority has asserted multiple figures with an "enormous discrepancy" between them in the same litigation, it "strips the [] tax assessment of any presumption of correctness."  *In re Erez Health Care Realty Co., L.L.C.*, 2011 WL 5900807, at *1 (Bankr. D.N.J. Oct. 28, 2011) (taxing authority first assessed a property at $9 million then at $5 million during bankruptcy).

*Smith, Inc.* v. *Comm'r*, 591 F.2d 248, 251 (3d Cir. 1979) ("Having established that the [IRS's] calculation was [arbitrary and] in error, [the taxpayer] was not required to prove the correct figure.  The Commissioner had the burden of establishing the proper valuation and thus the actual tax owed.  This much is an accurate statement of the law.").

19.     An assessment or deficiency notice is arbitrary and excessive when the amount of tax alleged therein is demonstrably incorrect.  *See Soto* v. *Dir., V.I. Bur. Internal Rev.*, 2019 WL 1415448, at *4 (D.V.I. Mar. 28, 2019) ("[F]aced with [the taxpayer's] records, the . . . the [IRS's valuation of an asset] appears to be an arbitrary reduction untethered to any alleged inaccuracies of [the taxpayer's] records.").  Evidence that the IRS used a faulty methodology or baseless theory to assess a tax is also sufficient to show that IRS claims are arbitrary and excessive.  *See Kohler Co.*, 468 F.3d at 1032-33 (holding that the IRS's assessment was "arbitrary . . . [and] undeniably excessive because it took no account" of key information in valuing the debtors' liability, as demonstrated by the IRS's own evidence proffered at a hearing); *Katz*, 168 B.R. at 788 (holding that the IRS failed to sustain its burden of proof where "its own slipshod methodology, . . . conducting a cavalier, incomplete audit, result[ed] in an arbitrary and excessive determination of deficiency").

20.     In short, even if the IRS can invent a theory under which the Debtors owe billions of dollars in taxes, any such claims will not be entitled to a presumption of correctness because they would be arbitrary and excessive.  The IRS has provided no theories and no methodology.  That is arbitrary.  The IRS filed placeholder claims of $24 billion, an amount more than 50 times the amount the Debtors ever earned in their short lifespan.  That is excessive.

## **CONCLUSION**

For the foregoing reasons, the IRS has the burden of proving its Claims by a preponderance of the evidence at the estimation hearing.

Dated: January 5, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Marc De Leeuw (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:  dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          deleeuwm@sullcrom.com
          gluecksteinb@sullcrom.com
          kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*