Honorable Judge John Dorsey
824 N.Market St.
5th Fl.Courtroom 5
Wilmington,DE 19801
USA
(302)533-3169



RECEIVED
2024 JAN -8 AM 11: 17
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

RE:OBJECTION to Motion of Debtors to estimate claims based on digital assets,Case No.22-11068 (JTD),Hearing Date:January 25,2024 at 10 AM(EST)

Dear Judge Dorsey:

I am writing to formally object to the Debtor's request for an order to estimate Claims (including Customer Entitlement Claims) based on the amounts set forth in the Digital Assets Conversion Table,because this is grossly unequitable and unfair to customer creditors like myself who have their claims denominated in specific digital assets rather than in USD.

I am a customer creditor who has a claim of approximately **$595,435.14** (at today's digital asset market prices) denominated in BTC and ETC digital asset. This is of importance because digital asset prices have soared since the time of the original bankruptcy petition.For example, ETH price was$1,258.84 on 11/11/22. Market price of ETH is at $2,373.52 as of 1/3/24.

| Token Type | Price on 11/11/22 | Price on 1/3/24 |
|---|---|---|
| ETH | $1,258.84 | $2,373.52 |
| USDT | $0.9975910 | $1 |
| My total assets | $442,004.79 | $595,435.14 |
| My email add | pangolin@riches.ai | |

Debtor's Motion to value customer claims at the time of the petition would unfairly prejudice a significant class of customers which have their claims denominated in specific digital assets.I know my view is not a lone objection.

1.The Motion by Debtors ignores the express terms of the FTX Terms of Service(ToS)
Clause 8.2.6 of ToS expressly states as follows:

A)Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading

B)None of the Digital Assets in your Account are the property of,or shall or may be loaned to FTX Trading;FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.

Based on the clear terms of the ToS, I and many other customers had dealt with the exchange on the basis that our digital assets held on the exchange remained our property,so they should not be mingled together with other assets of the Debtors.In contrast with other high profile cryptocurrency bankruptcies(e.g.Celsius)where the digital assets were a loan to he

platform. Based on ToS, digital assets held at FTX exchange were NOT loaned to the exchange but rather customers should be entitled to claim ownership or their digital assets.

At the crux of the objection to the Debtor's Motion regarding customer assets, there is a very important question of law which remains undetermined: **Given the express language of the ToS, whether customer assets form part of the Debtors' estate or whether customer assets would remain owned by customers a customers and/or subject to a trust in favor of customers.** The resulting remedies and application of bankruptcy law would naturally follow the determination of this critical question of law.

As far as lam aware, the Debtors have not applied to court for a determination on this question of law, nor have any arguments for either position been openly heard before a is between certain customers/creditors court.lam aware that there were private negotiations between certain customer and Debtors regarding this regarding this critical question of law,in respect of which the Debtors had separately settled out of court.

If the court finds that customer assets do not form part of the Debtor's estate,then customer assets should be returned in the same form in which they were held.

**2.Ad Hoc Committee(AHC)does not represent the interests of customer claimants with claims denominated in specific digital assets.**

Based on public information,the AHC represents claimant where"40%of the claimants are not customers, but rather opportunistic investors who had purchased customer and non-customer claims". For these group of claimants, it would favor them to have claims valued at the time of customers claimants with claims the petition, because this would effectively mean that customers claimants with claims denominated in specific digital assets which have now substantially increased in price would be robbed to reimburse the other categories of claimants and creditors.

**It is NOT in the interest of claimants represented by AHC to fully and fairly engage with the court and the Debtors to seek clarity on the question of law of whether customer assets form part of the Debtors estate.**

As mentioned above, I am aware there were private negotiations between claimants represented by AHC regarding this critical question of law which were not openly heard by the court.This raises serious concerns that the earns that there is indeed a triable issue to be considered, otherwise the Debtors would not have settled the claim so swiftly and privately

Despite spending hundreds of millions primarily from customer funds on legal and professional fees,the Debtors are still unable to achieve fairness for customer claimants,who should not in any circumstances be grouped into the same class as other creditors.

Due to the unique circumstances of the Debtor's business and the cryptocurrency industry(millions of retail customers), the profile of customer claimants is scattered making it difficult for claimants to organize themselves to present formal arguments before the court.

**Customer claimants like myself have already been victimized by the actions of Sam Bankman Fried. Please do not let us be victimized again by non-customer commercial interests or negligent professional advice guiding the Debtor's action. just because there is no specific ad hoc committee formed to address these important issues.**

For the reasons above, I respectfully request the court to deny the Motion, and immediately call for a determination of the critical question of law raised. I trust that you will consider these objections seriously in order to uphold fairness and integrity in the bankruptcy proceedings.

Thank you for your time and consideration.

Sincerely  
PENG HUIMIN  
1/3/2024

PENG HUIMIN  
彭惠敏

