RECEIVED
JAN -9  AM 10: 54
CLERK
BANKRUPTCY COURT
DISTRICT OF DELAWARE

Re: OBJECTION to Motion of Debtors to estimate claims based on digital assets, Case No. 22-11068 (JTD), Hearing Date: January 25, 2024 at 10:00a.m. (ET)

Dear Judge Dorsey

I hope this letter finds you well. I am writing to formally object to the Debtor's request for an order to estimate Claims (including Customer Entitlement Claims) based on the amounts set forth in the Digital Assets Conversion Table, because this is grossly unequitable and unfair to customer creditors who have their claims denominated in specific digital assets (rather than USD).

I am a customer creditor, with a significant sized claim of approximately USD[*] primarily denominated in specific digital assets. This is of importance because digital asset prices have increased greatly since the time of the original bankruptcy petition. The Debtor's Motion to value customer claims at the time of the petition would unfairly prejudice a significant class of customers which have their claims denominated in specific digital assets. While this letter represents my objection to the aforementioned Motion by Debtors, having been in contact with other customer claimants with claims totalling $500 million (at petition date prices), I know my view is not a lone objection.

1. The Motion by Debtors ignores the express terms of the FTX Terms of Service (TOS) Clause 8.2.6 of the TOS expressly states as follows:

(A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account.

(B) None of the Digital Assets in your Account are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.

Based on the clear terms of the TOS, I and many customers had dealt with the exchange on the basis that our digital assets held on the exchange remained our property (which are not generally available for creditor claims), so they should not be mingled together with other assets of the Debtors (which are generally available for creditor claims). This is in contrast with other high profile bankruptcies in the space (e.g. notably Celsius) where the digital assets were a loan to the platform. Based on the TOS, digital assets held on the exchange were not loaned to the exchange, but rather customers should be entitled to claim ownership of their digital assets.

At the crux of the objection to Debtor's Motion regarding customer assets, there is a very important question of law which remains undetermined: Given the express language of the TOS, whether customer assets form part of the Debtors' estate or whether customer assets should remain owned by customers and/or subject to a trust in favour of customers. The resulting remedies and application of bankruptcy law would naturally follow the determination of this critical question of law.

As far as I am aware, the Debtors have not applied to court for a determination on this question of law, nor have any arguments for either position been openly heard before a court. I am only aware that there were private negotiations between certain customers/creditors and Debtors regarding this critical question of law, in respect of which the Debtors had separately settled out of court.

If the court finds that customer assets do not form part of the Debtor's estate, then customer assets should be returned in the same form in which they were held.

2. Ad Hoc Committee (AHC) does not represent the interests of customer claimants with claims denominated in specific digital assets

Based on public information and private knowledge, the AHC represents claimants where ~40% percent of the claimants are not customers, but rather opportunistic investors who had purchased customer and non-customer claims. For these group of claimants, it would favour them to have claims valued at the time of the petition, because this would effectively mean that customer claimants with claims denominated in specific digital assets (which have now increased in price) would be robbed to reimburse the other categories of claimants and creditors.

It is not in the interest of claimants represented by AHC (and by extension, AHC) to fully and fairly engage with the court and the Debtors to seek clarity on the question of law of whether customer assets form part of the Debtors' estate.

As mentioned above, I am aware that there were certain private negotiations between claimants represented by AHC regarding this critical question of law, which were not openly heard before a court. This raises serious concerns that there is indeed a triable issue to be considered, otherwise the Debt

ors would not have settled the claim so swiftly and privately.

Despite spending hundreds of millions (primarily from customer funds) on legal and professional fees, the Debtors are still unable to achieve fairness for customer claimants, who should not in any circumstances be grouped into the same class as other creditors.

Due to the unique circumstances of the Debtor's business and the cryptocurrency industry (millions of "retail" customers), the profile of customer claimants tends to be scattered, making it difficult for claimants to organise themselves to present formal arguments before the court. Customer claimants have already been victimised by the actions of Sam Bankman-Fried. Please do not let us be victimised again by non-customer commercial interests or negligent professional advice guiding the Debtor's actions, just because there is no specific ad hoc committee formed to addressed these important issues.

For the reasons above, I respectfully request the court to deny the Motion, and immediately call for a determination of the critical question of law raised. I trust that you will consider these objections seriously in order to uphold fairness and integrity in the bankruptcy proceedings.

Thank you for your consideration.

Sincerely

Kuhwa Hong



PRIORITY MAIL
U.S. POSTAGE PAID
C2M
eVS

## USPS PRIORITY MAIL®

706606X1X1XPRI
Kuhwa Hong
180, Byeoryang-ro
Gwacheon-si, Gyeonggi 13831

Honorable Judge John Dorsey
824 N Market St RM 5
Wilmington, DE 19801

**USPS TRACKING # eVS**



9205 5901 5266 1900 1956 5991 03