Tijmen Scheifes
Laan van Vollenhove 1955
3706 GN  Zeist
The Netherlands
+31 6 51874220
t.scheifes@gmail.com



31th December 2023

**Honorable Judge John Dorsey**

824 N Market St
5th Floor, Courtroom 5
Wilmington, DE 19801
302-533-3169

**RE: OBJECTION of Motion of Debtors to estimate claims based on digital assets, Case No. 22-11068 (JTD), Hearing Date: January 25, 2024 at 10:00 a.m. (ET)**

Dear Honorable Judge John Dorsey,

I am writing to formally object to the Debtor's request for an order to estimate Claims (including Customer Entitlement Claims) based on the amount set forth in the Digital Assets Conversion Table, because this is inequitable and unfair to customer creditors who have their claims denominated in specific digital assets (rather than USD).

Valuing these assets at the petition date will result in a significant undervaluation. For instance, Bitcoin (BTC) was valued at $16,871.63 on the petition date, representing a 60% reduction in asset value from the current market value.

The Motion by Debtors ignores the express terms of the FTX Terms of Service. Clause 8.2.6. of the Terms of Service expressly states as follows:

> (A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account.

> (B) None of the Digital Assets are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Account as belonging to FTX Trading.

Based on the clear terms of the Terms of Service, I and many customers had dealt with the exchange on the basis that our digital assets held on the exchange remained our property (which are not generally available for creditor claims), so they should not be mingled together with other assets of the Debtors (which are generally available for creditor claims). This is in contrast with other high profile bankruptcies in the space (e.g. notably Celsius) where the digital assets were a loan to the platform. Based on the Terms of Service, digital assets held on the exchange were not loaned to the exchange, but rather customers should be entitled to claim ownership of their digital assets.

At the crux of the objection to the Debtor's Motion regarding customer assets, there is a very important question of law which remains undetermined: Given the express language of the Terms of Service, whether customer assets form part of the Debtors' estate or whether customer assets should remain owned by customers and/or subject to a trust in favor of customers. The resulting remedies and application of bankruptcy law would naturally follow the determination of this critical question of law.

As far as I am aware, the Debtors have not applied to court for a determination on this question of law, nor have any arguments for either position been openly heard before a court. I am only aware that there were private negotiations between certain customers/creditors and Debtors regarding this critical question of law, in respect of which the Debtors had separately settled out of court.

If the court finds that customer assets do not form part of the Debtor's estate, then customer assets should be returned in the same form in which they were held.

As a creditor of FTX Europe, I want to emphasize that the segregation of funds was a specific part of the Terms of Service of FTX EU, and this provision was clearly not respected. It would be unfair if we creditors again fall victim to entities not respecting the terms and conditions that we signed up for. We were not investors with any influence on the management of FTX. We were simply customers who trusted FTX and her Terms and Conditions, and we should not be disadvantaged for that.

Bankruptcy law, with its various provisions and interpretive case law, centers on achieving equitable outcomes. The circumstances surrounding FTX and its creditors necessitate an

application of these principles to ensure a fair and just resolution. This principle allows the court to value claims based on fairness, especially when circumstances have significantly changed.

The principle of fairness should be at the forefront of this bankruptcy proceeding. Creditors have a rightful claim to the value of their assets, which should be appraised at fair market value. The current approach undermines this principle and disproportionately disadvantages FTX clients, who are forced to accept values that do not accurately reflect the current market conditions.

I respectfully request the court to deny the Motion, and immediately call for a determination of the critical question of law raised. I trust that you will consider these objections seriously in order to uphold fairness and integrity in the bankruptcy proceedings.

Thank you for your attention to this matter.


Sincerely,

Tijmen Scheifes



PRIORITY MAIL
U.S. POSTAGE PAID
C2M
eVS

**USPS PRIORITY MAIL®**

706189X1X1XPRI
Tijmen Scheifes
Laan van Vollenhove 1955
Zeist, 3706GN

Judge John T. Dorsey
824 N Market St RM 5
Wilmington, DE 19801

USPS TRACKING # eVS



9205 5901 5266 1900 1955 9830 64