Kenneth Dwyer
5775 Autumn Chase Cir
Sanford, FL 32773
(650) 670-5329
kdd133@gmail.com

1st January 2024

**Honorable Judge John Dorsey**
824 N Market St
5th Floor, Courtroom 5
Wilmington, DE 19801
(302) 533-3169

**Re: OBJECTION to Motion of Debtors to estimate claims based on digital assets, Case No. 22-11068 (JTD), Hearing Date: January 25, 2024 at 10:00 a.m. (ET)**

Dear Judge Dorsey,

I am writing to formally object to the Debtor's request for an order to estimate Claims (including Customer Entitlement Claims) based on the amounts set forth in the Digital Assets Conversion Table. This is inequitable to customer creditors who have their claims denominated in specific digital assets rather than US Dollars (USD).

I am a customer creditor with a claim representing approximately half of my life savings. When FTX declared bankruptcy in November 2022, I was unable to withdraw my digital assets, which have increased in value substantially since that date. Valuing these assets at the petition date will result in a significant undervaluation, not reflective of their true worth or the potential recovery for creditors like myself.

My objection to the Debtor's Motion is primarily based on the observation that it neglects the FTX Terms of Service (ToS), as I will explain below. Clause 8.2.6 of the ToS states:

(A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account.

(B) None of the Digital Assets in your Account are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.

Given the seemingly unambiguous language in the ToS, a crucial question is whether customer assets form part of the Debtors' estate or whether customer assets should remain owned by customers and/or subject to a trust in favour of customers. To my knowledge, the Debtors have not applied to court for a determination on this question of law, nor have any

arguments for either position been openly heard before a court. I am only aware that there were private negotiations between certain customers/creditors and Debtors on this issue. If the court finds that customer assets do not form part of the Debtor's estate, then customer assets should be returned in the same form in which they were held.

I respectfully request that the court deny the Motion and immediately call for a determination on the crucial question of law raised above. I trust that you will consider these objections seriously in order to uphold the principles of fairness and integrity in the bankruptcy proceedings.

Sincerely,

Kenneth Tryl

**USPS PRIORITY MAIL — Retail**

US POSTAGE PAID
$9.65
Origin: 32708
01/02/24
1114050518-14

PRIORITY MAIL®

0 Lb 1.80 Oz
RDC 03

EXPECTED DELIVERY DAY: 01/05/24

C012

SHIP TO:
824 N MARKET ST
WILMINGTON DE 19801-3024

USPS TRACKING #
9505 5134 4306 4002 8524 55

PS00001000014    EP14F July 2022
OD: 12 1/2 x 9 1/2

---

PRIORITY MAIL

PRIORITY MAIL FLAT RATE ENVELOPE
POSTAGE REQUIRED

FROM:
Kenneth Dwyer
5775 Autumn Chase Cir
Sanford, FL 32773

TO:
Honorable Judge John Dorsey
824 N Market St
5th Floor, Courtroom 5
Wilmington, DE 19801

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE