**Honorable Judge John Dorsey**
824 N Market St
5th Floor, Courtroom 5
Wilmington, DE 19801
302-533-3169



**RE: OBJECTION to motion of debtors to estimate claims based on petition timing, Case No. 22-11068(JTD), Hearing Date: January 25, 2024**

Dear Honorable Judge John Dorsey,

I am writing to you as a creditor in the FTX bankruptcy case, residing outside of the United States. As one among many who have experienced substantial financial loss due to my deposits on FTX, I wish to express my concerns regarding the current management of the FTX estate, particularly in the manner Digital Assets are being valued at petition date pricing.

As of the petition date, I owned title to 13 Bitcoin, 28 Ethereum and various other digital assets including stablecoins totalling approximately $415,000 (Petition date value). Precise figures show Bitcoin has risen from $16,800 to $43,000 since petition date - a 157% increase making petition date prices improper when the terms of service indicated a custodial relationship between FTX and its customers. Tens of thousands of account holders globally now face similar restrictions and undervalued compensation claims. The debtor is deliberately attempting to minimize customer digital asset values to be perceived as having maximized total customer claims but the only way they have achieved any financial progress is by selling customers marked up cryptocurrencies at 2-5x valuation and attempting to return it in petition date values.

As a centralized custodial exchange, in line with their Terms of Service, FTX had a clear fiduciary duty to safely manage and protect customer assets on deposit. This created explicit obligations to account holders like me under longstanding common law principles. Valuing rightful customer property based purely on petition date pricing egregiously violates this solemn legal responsibility the Debtors assumed as custodian. No obsolete, snapshot-based valuation methodology can supersede the lawful duty FTX maintains to make clients financially whole after improperly restricting account access. I contend any motion that fails to fully compensate account holders breaches fiduciary obligations.

The Debtors' exchange functioned like a traditional securities exchange, charging commissions for matching buyers and sellers. The assets traded by customers were held in accounts custodied by the Debtors and were not, nor did they ever become Debtors' property.

The cryptocurrency market is volatile, and prices change rapidly. Valuing claims at petition date prices locks in artificial valuations that do not reflect the actual value of the stolen property which are currently wrongfully claimed as being debtors and not customers.

Bankruptcy law, with its interpretive case law, may center on achieving equitable outcomes. Yet the circumstances surrounding FTX, and its Creditors are black and white, a Terms of Service contract which provides users direct claim to their digital assets. This principle allows the court to value claims based on fairness, especially when circumstances have significantly changed since the petition date.

The principle of fairness should be at the forefront of this bankruptcy proceeding. It is with great sadness to see current Adhocs have stayed their Adversarial motions regarding FTXs terms of service. Creditors have a rightful claim to the value of their assets, which should be appraised at a subsequent new value. The current approach undermines this principal equity ownership and disproportionately disadvantages FTX clients, who are forced to accept values that do not accurately reflect the current fair market-value of their property.

I respectfully request that the court reconsiders the method used for valuing crypto assets in the FTX bankruptcy case. It is crucial for the integrity of this process and the fair treatment of all creditors involved that assets are valued in a manner that truly reflects their worth in a dynamic and rapidly changing market.

The 2014 bankruptcy of cryptocurrency exchange Mt. Gox demonstrates meaningful legal precedent when it comes to appropriate valuation and compensation of customer digital asset claims. Initially, The Mt. Gox's trustee sought to value customer bitcoin assets solely at the petition date price, about $480 per bitcoin.

Customers disputed this methodology as improper and inflexible given bitcoin's market volatility for a very lengthy period. The Japanese court supervising the case was sympathetic to these fairness arguments. Mt. Gox ultimately shifted from civil rehabilitation to resolution via recompositing agreements, allowing for more flexible bitcoin valuation standards benefitting account holders.

With the above I respectfully request that this Court enter an Order:

**A**. Prohibiting the Debtors from valuing customer claims at petition date prices.

**B**. Requiring the Debtors to value customer claims at either recent market prices that reflect the true value of the assets or such distribution price as compromise.

**C**. Granting such other and further relief as is just and proper.

Thank you for your attention to this matter. I trust that the court will make a decision that upholds the principles of Fairness and Justice for all parties involved in this case.

Sincerely,

Alex Tahmizian

# PRIORITY MAIL EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EMS

EP13F July 2013   OD: 12.5 x 9.5

P S 1 0 0 0 1 0 0 0 0 0 6

---

EI 912 097 187 US

**POSTAL SERVICE EXPRESS**

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( )

Alex Tahmizian
3 Lewis Jones Dr
Kellyville NSW 02155
AU

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required

TO: (PLEASE PRINT)   PHONE ( )

Honorable Judge John Dorsey
824 N MARKET ST Rm 5
WILMINGTON DE 19801

ZIP + 4® (U.S. ADDRESSES ONLY)

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 Insurance Included.

▶ PEEL FROM THIS CORNER

**PAYMENT BY ACCOUNT (if applicable)**

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO

PO ZIP Code: 01880
Scheduled Delivery Date: 10/15
Postage: $

Date Accepted: 1/9
Scheduled Delivery Time: ☒ 6:00 PM
Insurance Fee: $
COD Fee: $

Time Accepted: ☐ AM ☐ PM
Return Receipt Fee: $
Live Animal Transportation Fee: $

Special Handling/Fragile: $
Sunday/Holiday Premium Fee: $
Total Postage & Fees: $ 28.75

Weight: 2 lbs ozs
☐ Flat Rate
Acceptance Employee Initials

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt / Time / Employee Signature
Delivery Attempt / Time / Employee Signature

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996

\* Money Back Guarantee to U.S., select APO/FPO/DPO, and select International destinations. See DMM and IMM at pe.usps.com for complete details.
\+ Money Back Guarantee for U.S. destinations only.

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE