# **<u>Exhibit 2</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. —5379** |

**ORDER AUTHORIZING AND APPROVING (I) FTX TRADING LTD.'S AND
FTX PROPERTY HOLDINGS LTD.'S ENTRY INTO, AND PERFORMANCE
OF THEIR OBLIGATIONS UNDER, THE BAHAMAS PROPERTIES EXCLUSIVE
SALES AGENCY AGREEMENT, (II) PROCEDURES FOR THE SALE OR
TRANSFER OF CERTAIN BAHAMAS PROPERTIES, AND (III) ASSUMPTION,
ASSIGNMENT AND REJECTION PROCEDURES**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. ("FTX Trading") and its

affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order

(this "Order"), pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code, 11

U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rules 2002, 6004 and 6006 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2002-1, 6004-1 and 9006-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), authorizing and approving (i) FTX Trading's and FTX

Property Holdings Ltd.'s ("FTX PropCo") entry into, and performance of their obligations under,

the Exclusive Sales Agency Agreement, dated as of December 19, 2023, (the "Bahamas

Properties Exclusive Sales Agency Agreement") with non-debtor FTX Digital Markets Ltd.

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number
     are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11
     Cases, a complete list of the Debtors and the last four digits of their federal tax identification
     numbers is not provided herein.  A complete list of such information may be obtained on the website
     of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the
     Motion.

("FTX DM") attached as Exhibit B to the Motion, (ii) procedures for the sale or transfer of the Bahamas Properties (as defined below), including any rights or interests therein, free and clear of any liens, claims, interests and encumbrances, and (iii) certain procedures for the assumption and assignment or rejection of certain executory contracts in connection therewith; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules; and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing (the "Sale Procedures Hearing") having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052.

Court for the District of Delaware, dated February 29, 2012.  This Court may issue a final order

on the Motion consistent with Article III of the United States Constitution.  Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b).

B.    The Debtors' notice of the Motion, the Sale Procedures, the Sale

Procedures Hearing and the proposed entry of this Order was (i) appropriate and reasonably

calculated to provide all interested parties with timely and proper notice, (ii) in compliance with

all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules

and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases, and no other

or further notice is required, except as set forth herein.  A reasonable opportunity to object or be

heard regarding the relief granted by this Order has been afforded to those parties entitled to

notice pursuant to Local Rule 2002-1(b).

C.    The Sale Procedures set forth in this Order, ~~including procedures with
respect to the assumption and assignment of certain executory contracts in connection therewith,~~

and the entry into and performance of obligations under the Bahamas Properties Exclusive Sales

Agency Agreement were proposed in good faith by the Debtors, are fair, reasonable and

appropriate under the circumstances and are properly designed to maximize the recovery from

any sale of the Bahamas Properties.  The Debtors have demonstrated good and sufficient

business reasons for this Court to enter this Order, and such good and sufficient reasons, which

are set forth in the Motion and on the record at the Sale Procedures Hearing, are incorporated

herein by reference and, among other things, form the basis for the findings of fact and

conclusions of law set forth herein.

D.      The form and manner of notices to be delivered pursuant to this Order, including the Sale Notice ~~and the Auction Notice~~, are (i) reasonably calculated to provide all interested parties with timely and proper notice; (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases.

E.      Subject to compliance with the Sale Procedures, the Debtors may sell the Bahamas Properties free and clear of any interests in such Bahamas Properties of any kind or nature whatsoever because in each case one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.

IT IS HEREBY ORDERED THAT:

1.      The Motion is hereby GRANTED as set forth herein.

2.      FTX Trading's and FTX PropCo's entry into the Bahamas Properties Exclusive Sales Agency Agreement is authorized.  The terms of the Bahamas Properties Exclusive Sales Agency Agreement are approved in their entirety.  FTX Trading and FTX PropCo are authorized to act and perform in accordance with the terms of the Bahamas Properties Exclusive Sales Agency Agreement.

3.      The Bahamas Properties Exclusive Sales Agency Agreement and any related agreements, documents or instruments may be modified, supplemented or waived by the parties thereto in accordance with the terms thereof, in each case without further order of the Court.

4.      The Sale Procedures are approved as follows:

[•]⁴

(a)  Scope of Assets – Bahamas Properties:  The Sale Procedures shall apply only to the sale of the Bahamas Properties, which are listed in Exhibit A hereto.

(b)  Authorization to Market the Bahamas Properties:  The Debtors are authorized to market the Bahamas Properties for sale pursuant to the Bahamas Properties Exclusive Sales Agency Agreement.

(c)  Authorization to Consummate Sales:  Without further order of the Court, the Debtors are authorized to consummate the sale of any or all of the Bahamas Properties in individual sale transactions (each a "Sale") or series of related Sales to a single purchaser or group of purchasers if (i) such Sale complies with the procedures in this paragraph 4, (ii) the Chief Executive Officer of the Debtors has approved such Sale and (iii) the aggregate sale price (each a "Sale Price") with respect to each Bahamas Property sold pursuant to the Sale is equal to or greater than 80% of the price stated in a broker price opinion ("Broker Price Opinion") produced by a real estate broker licensed in The Bahamas and delivered by FTX DM to the Debtors pursuant to Section 3.03(b) of the Bahamas Properties Exclusive Sales Agency Agreement.

(d)  Sale Terms:  Any Sale shall be subject to the terms of the documentation executed in connection with such Sale, which documentation may (but is not required to) include provisions that the purchaser is taking the applicable Bahamas Properties "as is" and "where is," without any representations or warranties from the Debtors as to the quality or fitness of such Bahamas Properties, as applicable, and shall be free and clear of all liens, claims, interests and encumbrances, with any such liens, claims, interests and encumbrances attaching only to the sale proceeds with the same validity, extent and priority as immediately prior to the sale.

(e)  Sale Notice:  With respect to any individual Sale or series of Sales with an aggregate Sale Price with respect to each Bahamas Property of more than $5 million, upon the recommendation of the JOLs to enter into such Sale pursuant to the Bahamas Properties Exclusive Sales Agency Agreement, the Debtors shall, prior to closing such Sale or series of related Sales, provide written notice (by email or, if email is not available, by overnight mail) of such Sale or series of related Sales (each notice, a "Sale Notice"), to: (i) the U.S. Trustee; (ii) counsel to the Official Committee; and (iii) any person or entity who, to the knowledge of the Debtors, has asserted a lien on any Bahamas Property subject to a proposed Sale (collectively, the "Sale Notice Parties").  Each Sale Notice shall identify: (i) each Bahamas Property being sold or transferred; (ii) the purchase price for each such Bahamas Property; (iii) the price stated in the applicable Broker Price Opinion for each such Bahamas Property; (iv) the value of such Bahamas

---

⁴    The Debtors are continuing discussions with the JOLs to finalize the Sale Procedures and will file them shortly.

Property in the Debtors' books and records; and (v) any other material terms and conditions of the Sale.

(f)     Objections:  If no Sale Notice Party objects in writing to a proposed Sale by the fifth day following the transmittal of a Sale Notice (the "Sale Objection Deadline"), then the Debtors shall be authorized to consummate such Sale.  If a Sale Notice Party objects to a proposed Sale on or prior to the Sale Objection Deadline, then (i) the Debtors shall consult with counsel and financial advisor to the Official Committee (the "Consulting Professionals") in good faith with respect to the applicable proposed Sale and (ii) the proposed Sale shall only be consummated upon withdrawal of such objection or further order of the Court.

(g)     Authorization to Confirm Compliance with Sale Procedures:  Upon request from the JOLs, the Debtors are authorized to confirm to the JOLs or any purchaser that a Sale complies with the Sale Procedures outlined in this Order.

(h)     Amendments to Sale Terms:  If the price of a proposed Sale is decreased materially or if the terms of a proposed Sale are otherwise changed in a manner materially adverse to the Debtors after transmittal of the Sale Notice but prior to the Sale Objection Deadline, the Debtors shall provide written notice (by email or, if email is not available, by overnight mail) of the revised Sale Notice to the Sale Notice Parties.  In such case, the Sale Objection Deadline shall be extended such that parties-in-interest will have an additional five days to object to such proposed Sale.

5.      Pursuant to section 363(f) of the Bankruptcy Code, any sale of the Bahamas Properties in accordance with this Order shall be free and clear of any liens, claims, encumbrances and interests, with any such liens, claims, encumbrances and interests to attach to the proceeds of such sale with the same validity, priority, force and effect as such liens, claims, encumbrances and interests had on the sold assets immediately prior to the sale, subject to the rights, claims, defenses and obligations, if any, of the Debtors and all interested parties with respect to any such asserted liens, claims, encumbrances and interests.

6.      Nothing in this Order authorizes the Debtors to assume and assign any executory contract in connection with any Sale.

6. Upon the closing of a sale or transfer of a Bahamas Property, the Debtors may assume and assign, or reject any executory contract and pay the Cure Amounts, if any.  The

non-Debtor parties to any executory contracts are hereby barred from asserting any further claims in respect of such executory contracts after the applicable Sale Objection Deadline.

7. With respect to executory contracts to be assumed, or assumed and assigned, as part of the sale or transfer under the Sale Procedures and this Order, any adequate assurance of future performance shall be provided, and any Cure Amounts paid, consistent with section 365 of the Bankruptcy Code.

7. 8. The Sale Procedures shall not apply to any sale of Bahamas Properties to an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.

8. 9. The Sale Procedures shall not apply to the sale of any causes of action against any current or former employee, director, officer or professionals of the Debtors, and the Debtors shall not sell or release any causes of action against any current or former employee, director, officer or professionals of the Debtors in connection with any sale of the Bahamas Properties.  For the avoidance of doubt, the Debtors may release causes of action against the applicable Bahamas Properties and the purchaser of any Bahamas Properties in connection with such purchase, *provided, however*, that if the Debtors release or sell causes of action, the Debtors shall comply with the procedures set forth in paragraph 4 and specify within the Sale Notice any releases or sale of causes of action in connection with a sale of the Bahamas Properties.

9. 10. To the extent the Debtors are aware of any person or entity who asserts a lien on any Bahamas Property, the Debtors shall comply with the procedures set forth in in paragraph 4(e) and serve on such person or entity and their counsel, if known, a Sale Notice.

10. 11. The absence of a timely objection to the sale or transfer of the Bahamas Properties in accordance with the Sale Procedures and the terms of this Order shall constitute "consent" to such sale or transfer free and clear of Liens and Claims within the

meaning of section 363(f)(2) by any party asserting liens, claims, encumbrances against, and other interests in, any Bahamas Properties, as applicable.

~~12. All rights of all parties in interest in these cases, including non-Debtor contract counterparties, to object to a sale or transfer of the Bahamas Properties~~ ~~or assumption, assumption and assignment or rejection of executory contracts, as applicable, in accordance with the Sale Procedures are hereby expressly reserved (notwithstanding paragraphs 63 and 64 of the Motion).~~

11.   ~~13.~~ The Debtors are authorized to take any action that is reasonable and necessary to close the Sales and to obtain the proceeds thereof, including, without limitation, paying reasonable and necessary fees and expenses to agents, brokers and dealers, and liquidators <u>pursuant to the terms of the Bahamas Properties Exclusive Sales Agency Agreement</u>.

12.   ~~14.~~ During these Chapter 11 Cases, the Debtors shall file, and serve on the U.S. Trustee<u>, and counsel to</u> the Official Committee ~~and the Consulting Professionals~~ a written report within 30 days after each calendar month (to the extent Sales were consummated in the relevant month) concerning any sales or transfers made pursuant to this Order.  The <u>written report shall identify:(a) the Bahamas Properties sold in the relevant month; (b) the aggregate amount paid by the purchasing parties for the Sales consummated in the relevant month; and (c) the aggregate commission, fees, or other expenses paid in connection with such Sales, and to whom such commission, fees, or other expenses were paid. The</u> Debtors' reporting obligations with respect to Sales shall terminate ~~following the Debtors' filing of such a report (and serving a copy thereof on the U.S. Trustee, the Official Committee~~ ~~and the Consulting Professionals 30 days after the~~<u>after the Debtors file a report for the first full month following the</u> effective date of a confirmed chapter 11 plan ~~(for the calendar month in which the plan became effective)~~.

13.  ~~15.~~ Objections.  All objections to the Motion solely as it relates to the relief granted by this Order that have not been adjourned, withdrawn or resolved are overruled in all respects on the merits.

14.  ~~16.~~ Noticing Procedures.  The noticing procedures as set forth in this Order  are hereby approved.  Within three business days after entry of this Order, the Debtors shall serve this Order, together with any attachments, by first-class mail (and/or by email, as applicable) upon:  (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  On or about the same date, the Debtors shall publish this Order on the Debtors' case information website (located at https://restructuring.ra.kroll.com/FTX).  Service of this Order and as applicable, the Sale Notice on the Sale Notice Parties and publication thereof in the manner described in this Order, to the extent required by the Sale Procedures, constitutes good and sufficient notice of the Debtors' proposed sale of the Bahamas Properties free and clear of any liens, claims, interests and encumbrances, pursuant to Bankruptcy Code section 363(f).  No other or further notice is required, except as otherwise set forth herein.

15.  ~~17.~~ The Debtors are authorized to make decisions with respect to the Bahamas Properties (for the avoidance of doubt, not including sales of investments, except as set forth herein or in another order of the Court), including the payment of third party fees in amounts that are reasonable and customary for investments of such type, in the ordinary course of business and pursuant to the Bahamas Properties Exclusive Sales Agency Agreement.

16.    18. All persons or entities that participate in the sale process shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Sale Procedures.

17.    19. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order (excluding, for the avoidance of doubt, the payment of any amounts or the incurrence of any fees, costs or expenses to such investee companies and/or their representatives except as expressly contemplated by this Order).

18.    20. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Sale Procedures Hearing, nothing in the Motion, this Order, or announced at the Sale Procedures Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

19.    21. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20.    22. The requirements set forth in Local Rule 9013-1(b) are satisfied.

21.    23. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

22.    24. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

23.    25. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____          _____

Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

**<u>Exhibit A</u>**

**<u>List of Bahamas Properties</u>**

## Schedule 1: The Bahamas Properties

| Name of Purchaser | Name of Vendor | Property Description | Property Location |
|---|---|---|---|
| FTX PROPERTY HOLDINGS LTD. | ALBANY LAND COMPANY, LTD. | Lot no. 44 in the Albany Subdivision | Albany Lot 44 (Conch Shack) |
| FTX PROPERTY HOLDINGS LTD. | ANY NAME IS FINE LIMITED | Albany Bldg. 10 Condominium Unit 4A (Charles) | Albany Marina Residences (Charles) |
| FTX PROPERTY HOLDINGS LTD. OR NOMINEE | PBM ALBANY LLC | Albany Bldg. 10 Condominium Unit 3B (Charles) | Albany Marina Residences (Charles) |
| FTX PROPERTY HOLDINGS LTD. OR ITS NOMINEE | GOLD BLOSSOM ESTATE LTD. | Albany Bldg. 10 Condominium Unit 5A (Charles) | Albany Marina Residences (Charles) |
| FTX PROPERTY HOLDINGS LTD. | ALBANY CONDOMINIUM, LTD. | Albany Bldg. 7 Condominium Unit 2C (Coral) | Albany Marina Residences (Coral) |
| FTX PROPERTY HOLDINGS LTD. | BRYSON ALDRICH-DECHAMBEAU | Albany Bldg. 3 Condominium Unit 1B (Cube) | Albany Marina Residences (Cube) |
| FTX PROPERTY HOLDINGS LTD. OR NOMINEE | LUMINA DOMUS HOLDINGS LIMITED | Albany Bldg. 9 Condominium Unit 1D (Gemini) | Albany Marina Residences (Gemini) |
| FTX PROPERTY HOLDINGS LTD. | ALBANY CONDOMINIUM, LTD. | Albany Bldg. 1 Condominium Unit 2A (Honeycomb) | Albany Marina Residences (Honeycomb) |
| FTX PROPERTY HOLDINGS LTD. | ALBANY CONDOMINIUM, LTD. | Albany Bldg. 1 Condominium Unit 3E (Honeycomb) | Albany Marina Residences (Honeycomb) |
| FTX PROPERTY HOLDINGS LTD. | MILOS RAONIC | Albany Bldg. 1 Condominium Unit 2C (Honeycomb) | Albany Marina Residences (Honeycomb) |
| FTX PROPERTY HOLDINGS LTD. | STAMFORD HOUSE LIMITED | Albany Bldg. 8 Condominium Unit 6 (Orchid Penthouse) | Albany Marina Residences (Orchid Penthouse) |
| FTX PROPERTY HOLDINGS LTD. OR ITS ASSIGNS | ALBANY CONDOMINIUM, LTD. | Albany Bldg. 8 Condominium Unit 3B (Orchid) | Albany Marina Residences (Orchid) |
| FTX PROPERTY HOLDINGS LTD. OR NOMINEE | DINO GLOBAL LTD. | Albany Bldg. 8 Condominium Unit 1A (Orchid) | Albany Marina Residences (Orchid) |

| FTX PROPERTY HOLDINGS LTD. | ALBANY CONDOMINIUM, LTD. | Albany Bldg. 4 Condominium Unit 3D (Tetris) | Albany Marina Residences (Tetris) |
|---|---|---|---|
| FTX PROPERTY HOLDINGS LTD. | HUSSAM SULTAN M. ALSHEHAIL & HAIFA M.A. ALSHEIKH | Albany Bldg. 4 Condominium Unit Duplex 2 (Tetris) | Albany Marina Residences (Tetris) |
| FTX PROPERTY HOLDINGS LTD. OR NOMINEE | 3b TETRIS LTD. | Albany Bldg. 4 Condominium Unit 2E (Tetris) | Albany Marina Residences (Tetris) |
| FTX PROPERTY HOLDINGS LIMITED | Long Island Diamonds Limited | Blake Road | Blake Road |
| FTX PROPERTY HOLDINGS LTD. (or its nominee or assignee) | Wynn Development Limited | Goldwynn Unit 114 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. (or its nominee or assignee) | Wynn Development Limited | Goldwynn Unit 228 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. (or its nominee or assignee) | Wynn Development Limited | Goldwynn Unit 232 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. (or its nominee or assignee) | Wynn Development Limited | Goldwynn Unit 235 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. (or its nominee or assignee) | Wynn Development Limited | Goldwynn Unit 337 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. (or its nominee or assignee) | Wynn Development Limited | Goldwynn Unit 434 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. (or its nominee or assignee) | Wynn Development Limited | Goldwynn Unit 436 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. | DAVE DOHERTY | One Cable Beach Unit 207 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. (OR ASSIGNS) | SAMCO BAHAMAS LTD. | One Cable Beach Unit 309 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. (OR ASSIGNS) | JMK Investments Inc. | One Cable Beach Unit G12 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. (OR ASSIGNS) | Winchester Realty Ltd. | One Cable Beach Unit 603 | Cable Beach, Nassau |
| FTX PROPERTY HOLDINGS LTD. (OR ASSIGNS) | Gregory L Curry and Gabriella A Curry | Old Fort Bay Lots 5A & 5B - Fincastle Island | Old Fort Bay, Nassau |
| FTX PROPERTY HOLDINGS | Ocean Terrace Ltd | Ocean Terrace | West Bay Street |

| | | | |
|---|---|---|---|
| LTD. | | | |
| FTX PROPERTY HOLDINGS LTD. | Bayside Estates Ltd | West Bay Street (fmrly. Bayside - Pictet) | West Bay Street (W. of Blake Road) |
| FTX PROPERTY HOLDINGS LTD. | Veridian Development Group Ltd and Veridian Corporate Center Association Ltd | Veridian Corporate Center #18, 30, 27, 26, 25, 24 | Western Road, Lyford Cay |
| FTX PROPERTY HOLDINGS LTD. | Veridian Corporate Centre LLC | Veridian Corporate Center #23 | Western Road, Lyford Cay |
| FTX PROPERTY HOLDINGS LTD. | Pineapple House Investments Ltd | Pineapple House | Western Road, Lyford Cay |
| FTX PROPERTY HOLDINGS LTD. | Veridian Development Group Ltd and Veridian Corporate Center Association Ltd | Veridian Corporate Center #1-17, 19-22, 28, 29 | Western Road, Lyford Cay |