IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Case No.: 22-11068-JTD
In Re: FTX Trading Ltd., Debtor.

Name: LIU YI LIN
Address: No. 63, Ln. 58, Wenlin St., Taiping Dist.,
Taichung City
411613 , Taiwan (R.O.C.)



Date: 2023.01.02

The United States Bankruptcy Court,
824 North Market Street, 3rd Floor,
Wilmington, Delaware

Re: Objection to Motion to Dismiss Chapter 11 Bankruptcy Case of FTX Trading Ltd.

Dear Judge:

I, LIU YI LIN, appear individually in this significant bankruptcy case and hereby submit this formal objection opposing the Motion to Dismiss Chapter 11 Bankruptcy Case of FTX Trading Ltd., filed by Patrick Gruhn, Robin Matzke, and Lorem Ipsum UG (hereinafter referred to as the "LI Parties").

I. Introduction

1. I, LIU YI LIN, am a creditor in this case with two claims, namely, my first claim with Unique Customer Code ▮▮▮▮▮▮ and another claim for which I submitted with Confirmation ID ▮▮▮▮▮▮▮▮▮▮▮▮

II. Preliminary Matters

2. Jurisdictional Dispute: The motion asserts the application of Antiguan law, but we contend that the court must carefully examine its jurisdiction concerning disputes involving Antiguan law. The court should scrutinize its authority to interpret

contractual terms under Antiguan law and consider potential conflicts between Antiguan law and the U.S. Bankruptcy Code.

3. Corporate Law Dispute: Despite the motion emphasizing Antiguan corporate law provisions, we urge the court to ensure that these interpretations align with the standards set by the U.S. Bankruptcy Code. Differences between corporate law and bankruptcy law may require careful consideration and reconciliation.

III. Emergency Circumstances

4. The motion mentions the "urgency" of the proceedings due to incomplete records and unfamiliarity with company documents. However, in disputes involving whether a company has the necessary court authority, urgency should be a factor for the court to consider.

IV. Compliance and Due Process

5. Corporate Governance Compliance: The motion emphasizes compliance with corporate law and bylaws, but we request verification of compliance with all statutory procedures. Failure to provide evidence of compliance with statutory procedures may render the motion invalid.

V. Pursuant to Section 1112(b) of the Bankruptcy Code

6. The motion relies on Section 1112(b) of the Bankruptcy Code, asserting lack of authority as the cause for dismissal. We suggest a careful examination of whether the alleged violations of corporate law and bylaws constitute sufficient "cause" under Section 1112(b).

Conclusion

For the foregoing reasons, we respectfully request the court to deny the Motion to Dismiss Chapter 11 Bankruptcy Case of FTX Trading Ltd. We believe that a more comprehensive review of jurisdictional, corporate law, and procedural issues is necessary for a fair resolution.

Sincerely,

LIU YI LIN  
Name: LIU YI LIN  
Address: No. 63, Ln. 58, Wenlin St., Taiping Dist.,  
Taichung City  
411613 , Taiwan (R.O.C.)  

[redacted]

Signature:



2nd Jan. 2024


