## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. [1] | (Jointly Administered) |

## APPENDIX TO MOTION OF MARTHA LAMBRIANOU TO DISMISS BANKRUPTCY CASE OF FTX EU LTD.

Martha Lambrianou, as the sole director of FTX EU Ltd. and an individual creditor of FTX EU Ltd., submits this appendix in support of the *Motion of Martha Lambrianou to Dismiss Bankruptcy Case of FTX EU Ltd.*

| Tab No. | Item |
|---|---|
| 1. | FTX EU Ltd.'s Memorandum of Association and Articles of Association |
| 2. | Certificate of Directors as of November 11, 2022 |
| 3. | Declaration of Martha Lambrianou |
| 4. | Declaration of Lambros Soteriou |

*[Signature Page Immediately Follows]*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in the above-captioned jointly-administered chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Dated: January 10, 2024
Wilmington, Delaware

/s/ *Christopher Viceconte*
Christopher Viceconte (No. 5568)
**GIBBONS P.C.**
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
Telephone:  (302) 518-6300
E-mail: cviceconte@gibbonslaw.com

-and-

Robert K. Malone (admitted *pro hac vice*)
Brett S. Theisen (admitted *pro hac vice*)
Christopher P. Anton (*pro hac vice* forthcoming)
Kyle P. McEvilly (admitted *pro hac* vice)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Telephone:  (973) 596-4500
Email: rmalone@gibbonslaw.com
          btheisen@gibbonslaw.com
          canton@gibbonslaw.com
          kmcevilly@gibbonslaw.com

*Counsel for Martha Lambrianou*

# TAB 1

IN THE DISTRICT COURT OF LIMASSOL

ON THE LAW CONCERNING OATHS, CAP. 18.

and

CONCERNING THE TRANSLATION OF THE MEMORANDUM AND
ARTICLES OF ASSOCIATION OF THE CYPRUS COMPANY

FTX EU LTD

A F F I D A V I T

I, the undersigned, Antonia Champi, holder of Cyprus ID No. 913748, of Limassol,
make oath and say as follows:-

1. I have being duly authorized by the Directors of the Company to execute this
   Affidavit.

2. I am the lawyer of the company.

3. I am an Advocate in the Republic of Cyprus, in the Law Office of
   KITROMILIDOU, PSILLIDOU & CO LLC, and I know the Greek and English
   languages and I can translate a text from the Greek language into the English
   language and vice versa.

4. The document (Exhibit) listed under Part "A" is a true copy of the Greek
   Memorandum and Articles of Association of the Company.

5. The document (Exhibit) listed under Part "B" contains a true translation from
   Greek to English of the document listed under Part "A".

|  | Part "A" | Part "B" |
|---|---|---|
|  | Exhibit | Exhibit |
| Memorandum and Articles of Association | A | B |

6. The translation into English was made by me and is a true translation.

THE AFFIANT

Antonia Champi

Sworn signed before me this
10th day of November 2022 before
the District Court of Limassol Christiana Georgiou

REGISTRAR








CERTIFIED
TRUE COPY
10/11/22

ANDROMACHI. GEORGIOU
ADVOCATE - LEGAL CONSULTANT
LIMASSOL - CYPRUS
LAWYER'S REGISTRY No. 8711

Ο ΠΕΡΙ ΕΤΑΙΡΕΙΩΝ ΝΟΜΟΣ,   ΚΕΦ. 113
ΙΔΙΩΤΙΚΗ ΕΤΑΙΡΕΙΑ ΠΕΡΙΟΡΙΣΜΕΝΗΣ ΕΥΘΥΝΗΣ ΜΕ ΜΕΤΟΧΕΣ

## ΙΔΡΥΤΙΚΟ ΕΓΓΡΑΦΟ

## ΚΑΙ

## ΚΑΤΑΣΤΑΤΙΚΟ ΤΗΣ ΕΤΑΙΡΕΙΑΣ

## K-DNA FINANCIAL SERVICES LTD

FTX   EU   LTD

Αυτό είναι το Τεκμήριο .Α....:
το οποίο επισυνάπτεται στην
Ένορκο Δήλωση του/της ........
ΑΝΤΩΝΙΑΣ  ΛΑΜΠΙΗ
....................................
ημερομηνίας ....10.0.82.



1615021 - 1

1 - 2 - 6955867

Ιδρύθηκε  στις _____ 2014
Αρ. Πιστοποιητικού _____

Ο ΠΕΡΙ ΕΤΑΙΡΕΙΩΝ ΝΟΜΟΣ, ΚΕΦ. 113

ΙΔΙΩΤΙΚΗ ΕΤΑΙΡΕΙΑ ΠΕΡΙΟΡΙΣΜΕΝΗΣ ΕΥΘΥΝΗΣ ΜΕ ΜΕΤΟΧΕΣ

## ΙΔΡΥΤΙΚΟ ΕΓΓΡΑΦΟ ΤΗΣ ΕΤΑΙΡΕΙΑΣ

## K-DNA FINANCIAL SERVICES LTD    FTX   EU   LTD

1.  Το όνομα της Εταιρείας είναι: **K-DNA FINANCIAL SERVICES LTD**  FTX   EU LTD
2.  Το εγγγεγραμμένο Γραφείο της εταιρείας θα βρίσκεται στην Κύπρο.

3.  Η Εταιρεία λειτουργεί ως Κυπριακή Επιχείρηση Επενδυτικών Υπηρεσιών κάτω από τις διατάξεις του Νόμου 144(I)/2007 ως έχει τροποποιηθεί. Οι σκοποί για τους οποίους ιδρύθηκε η Εταιρεία είναι:

Α (1)  Λήψη και μεταβίβαση εντολών σε σχέση με ένα ή περισσότερα χρηματοοικονομικά μέσα σε σχέση με μεταβιβάσιμες κινητές αξίες, μέσα χρηματαγοράς, μερίδια οργανισμών συλλογικών επενδύσεων, συμβόλαια δικαιωμάτων προαίρεσης, συμβόλαια μελλοντικής εκπλήρωσης, συμβάσεις ανταλλαγής, προθεσμιακές συμβάσεις επιτοκίων και οποιεσδήποτε άλλες παράγωγες συμβάσεις σχετιζόμενες με κινητές αξίες, νομίσματα, επιτόκια ή αποδόσεις ή άλλα παράγωγα μέσα, χρηματοοικονομικούς δείκτες ή άλλα χρηματοοικονομικά μεγέθη δεκτικά εκκαθαρίσεως με φυσική παράδοση ή με ρευστά διαθέσιμα.

(2)  Διαχείριση χαρτοφυλακίου σύμφωνα με εντολές που δίνονται από πελάτες στη βάση της διακριτικής ευχέρειας πελάτη-προς-πελάτη όπου τέτοια χαρτοφυλάκια συμπεριλαμβάνουν ένα ή περισσότερα χρηματοοικονομικά μέσα.

(3)  Φύλαξη και διαχείριση χρηματοοικονομικών μέσων για λογαριασμό πελατών, περιλαμβανομένης της θεματοφυλακής και συναφών υπηρεσιών, όπως η διαχείριση χρηματικών διαθεσίμων/παρεχόμενων ασφαλειών.

(4)  Υπηρεσίες ξένου συναλλάγματος, εφόσον συνδέονται με την παροχή επενδυτικών υπηρεσιών.

Β (1)  Η την διεκπεραίωση των δραστηριοτήτων των συμβούλων ή των εμπειρογνωμόνων στην Κύπρο και παγκοσμίως σε επιστημονικά θέματα όλων των ειδών ή κατηγοριών, οικονομικών, διοικητικών, διευθυντικών, και άλλων σχετικών θεμάτων, που αφορούν την εγκαθίδρυση, ανάπτυξη και βελτίωση της οποιασδήποτε επιχείρησης, βιομηχανίας, συνεταιρισμού και άλλου οργανισμού.

(2)  Η διεκπεραίωση οικονομικών ερευνών, μελετών, πιλοτικών δραστηριοτήτων σε σχέση με τη στελέχωση, διοίκηση, οικονομική διαχείριση επιχειρήσεων, βιομηχανικών ή άλλων οικονομικών οντοτήτων ή δραστηριοτήτων.
Η συλλογή, ετοιμασία, επεξεργασία και διανομή πληροφοριών, μελετών, ερευνών, στατιστικών σε όλων των τύπων επιχειρήσεων, βιομηχανιών ή υπηρεσιών.

(3)  Η διεκπεραίωση των δραστηριοτήτων των επενδυτών, των διαχειριστών εταιρειών, και για την απόκτηση και την κατοχή βάσει συνδρομής, συμβολαίου, προσφοράς, αγοράς, συναλλαγής ή άλλως, είτε εξοφλημένες είτε μη εξοφλημένες μετοχές, μετοχικοί τίτλοι,(απαθέματα), ομολόγων (χρεογράφων), αξιόγραφα (debentures and stock debentures), γραμμάτιων (promissory notes), εκδόματα ή εγγυημένα συμβόλαια μελλοντικής εκπλήρωσης από οποιαδήποτε κυβέρνηση ή δημόσιο φορέα ή δημόσια αρχή, και την απόκτηση όλων των πιο πάνω με οποιοδήποτε όρους και προϋποθέσεις αποφασίσει η Εταιρεία και την εκτέλεση των Δικαιωμάτων για όλα τα πιο πάνω.

Γ(1)  Να διεξάγει, είτε από μόνη της είτε από κοινού σε οποιοδήποτε μέρος του κόσμου (και είτε σε ελεύθερες ζώνες, περιοχές που δεν υπάγονται σε δασμούς ή αλλού) εργασίες η επιχειρήσεις βιομηχάνων, μεταποιητών, εμπόρων, εισδιαστών, αποθηκαρίων, μεταποιητών, συσκευαστών, χονδρέμπορων, λιανοπωλών, εισαγωγέων, εξαγωγέων, προμηθευτών, διανομέων, παραγγελιοδόχων, αγοραστών, πωλητών, μεταπωλητών για οποιοδήποτε είδος αγαθών, υλικών εμπορευμάτων ή γενικά μεταφορέων, με οποιοδήποτε μέσο, ταξιδιωτικών η εκτελωνιστών, ναυλωτών, κτηματομεσιτών και

1

πρακτόρων και αντιπροσώπων γενικά, ασφαλιστικών πρακτόρων η αντιπροσώπων, μεσιτών με προμήθεια η με άλλο τρόπο.

(2)  Να διεξάγει, είτε από μόνη της είτε μαζί με άλλους, σε οποιοδήποτε μέρος του κόσμου, εργασίες η επιχειρήσεις συμβούλων (consultants), διευθυντών, αναλυτών, ελεγκτών, εξεταστών, ερευνητών, τεχνικών η άλλων συμβούλων, κοστολόγων, εκτιμητών, επιτηρητών ελεγκτών, λογιστών, στατιστικολόγων, οικονομολόγων συμπεριλαμβανομένων της ανάληψης και ετοιμασίας μελετών σκοπιμότητας (feasibility studies), πρακτόρων η αντιπροσώπων και διαφημιστών αναφορικά με οποιαδήποτε βιομηχανία, εμπόριο, εργασίες η επιχειρήσεις οποιασδήποτε φύσης και είδους είτε στο δημόσιο είτε στον ιδιωτικό τομέα και να συμβουλεύει για τα μέσα και τις μεθόδους προαγωγής και εκτέλεσης οποιωνδήποτε σχεδίων (projects) συμπεριλαμβανομένων της απόκτησης, πώλησης, ενοικίασης η παραχώρησης οποιωνδήποτε μεθόδων (know-how) και των εργασιών εταιρείας εξευρέσεις και διάθεσης κεφαλαίων υπηρεσιών και αγαθών.

(3)  Να προσλαμβάνει, να μισθώνει, να εκπαιδεύει επαγγελματικό, γραφειακό, χειρωνακτικό, τεχνικό και άλλο προσωπικό και εργάτες η τις υπηρεσίες όλων η οποιωνδήποτε από αυτούς και με οποιοδήποτε τρόπο η μέθοδο να αποχτά, να κατέχει, να κατασκευάζει η να συναρμολογεί οποιαδήποτε ιδιοκτησία η περιουσία οποιασδήποτε φύσης και είδους (συμπεριλαμβανομένων και οποιωνδήποτε δικαιωμάτων η σχετικά με την ιδιοκτησία η περιουσία). Επίσης να κατανέμει η να διαθέτει το προαναφερόμενο προσωπικό η υπηρεσίες η να διαθέτει την προαναφερόμενη ιδιοκτησία η περιουσία η τη χρήση τους με ενοικιαγορά, πώληση, ανταλλαγή, η με οποιοσδήποτε άλλους τρόπους σε εκείνους οι οποίοι έχουν ανάγκη από αυτά η της χρήσης τους και να διαθέτει, να χρησιμοποιεί η να χειρίζεται τέτοιες υπηρεσίες η ιδιοκτησία η περιουσία με άλλο τρόπο, προς όφελος της Εταιρείας η για το συμφέρον της, να παρέχει η εξασφαλίζει την παροχή από άλλους όλης και οποιασδήποτε εξυπηρέτησης, υπηρεσίας, ανάγκης, έλλειψης η απαίτησης οποιασδήποτε φύσης σχετικά με τον επιχειρηματικό τομέα που επιθυμεί οποιοδήποτε πρόσωπο, οίκος η εταιρεία αναφορικά με οποιαδήποτε επιχείρηση που ασκείται από αυτούς.

(4)  Να ασκεί οποιαδήποτε άλλη εργασία, να αναλαμβάνει οποιαδήποτε άλλη δραστηριότητα η να κάμνει οποιασδήποτε φύσης πράξεις εφόσον το Διοικητικό Συμβούλιο θα έκρινε ότι είναι ωφέλιμη και εύκολη η άσκηση η διεξαγωγή η σκόπιμη η ανάληψη τους μεχτικά με τους πιο πάνω σκοπούς η εφόσον αυτές έχουν σκοπό άμεσα η έμμεσα να αυξήσουν την αξία οποιασδήποτε από τις επιχειρήσεις, των περιουσιακών στοιχείων η των δικαιωμάτων της Εταιρείας η για να κάμουν οποιαδήποτε από αυτές αποδοτικότερη.

(5)  Να αγοράζει, να αποδέχεται με τον τύπο της δωρεάς, να παίρνει με μίσθωση η υπομίσθωση η με αντάλλαγμα η με άλλο τρόπο να αποχτά η να κατέχει (για οποιαδήποτε δικαίωμα η συμφέρον) οποιαδήποτε γη, οικοδομές, δουλειές, δικαιώματα, προνόμια, παραχωρήσεις, άδειες, εμπορεύματα (για τη λειτουργία επιχείρησης), και οποιασδήποτε φύσης και περιγραφής κινητή και ακίνητη ιδιοκτησία (ανεξάρτητα αν αυτή είναι υποθηκευμένη, βεβαρυμμένη η όχι) η οποία είναι αναγκαία η συμφέρει για τους σκοπούς των εργασιών της Εταιρείας η οποιουδήποτε κλάδου η τμήματος της η σε σχέση με αυτές η η οποία μπορεί να αυξήσει επιπρόσθετα την αξία οποιωνδήποτε άλλων περιουσιακών στοιχείων της Εταιρείας.

(6)  Να ανεγείρει, να συντηρεί, να θέτει σε λειτουργία, να διαχειρίζεται, να κατασκευάζει, να ξανακατασκευάζει, να μετατρέπει, να επεκτείνει, να επισκευάζει, να βελτιώνει, να διασκευάζει, να επιπλώνει, να διασκοπεί, να ελέγχει, να κατεδαφίζει, να ανακαθιστά οποιαδήποτε καταστήματα, γραφεία, διαμερίσματα, ηλεκτρικές εγκαταστάσεις η εγκαταστάσεις άρδευσης η ύδρευσης, εργαστήρια, εργοστάσια, μύλους, μηχανικές εγκαταστάσεις, μηχανήματα, αποθήκες και οποιαδήποτε άλλα έργα, οικοδομές, τεχνικές εγκαταστάσεις και οποιασδήποτε φύσης διευκολύνσεις η κατασκευές όπως η Εταιρεία θα έκρινε επιθυμητές για τους σκοπούς των εργασιών της και να συνεισφέρει, να επιχορηγεί η με άλλο τρόπο να βοηθεί η να μετέχει στην κατασκευή, βελτίωση, συντήρηση, λειτουργία, διαχείριση, διεξαγωγή η έλεγχο τους.

(7)  Να βελτιώνει, να διαχειρίζεται, να ελέγχει, να καλλιεργεί, να αναπτύσσει, να εκμεταλλεύεται, να ανταλλάσσει, να εκμισθώνει η με άλλο τρόπο να παραχωρεί, να υποθηκεύει, να επιβαρύνει, να πουλεί, να εκποιεί, να χορηγεί ως δωρεάν, η επωφελείται, να παραχωρεί δικαιώματα και προνόμια που αφορούν περιουσιακά στοιχεία, στοιχεία ενεργητικού και δικαιώματα της Εταιρείας η πάνω στα οποία έχει συμφέρον η Εταιρεία η με άλλο τρόπο να ασχολείται με όλα η με μέρος των περιουσιακών αυτών στοιχείων της Εταιρείας και να υιοθετεί τα ωφέλιμα, κατά την κρίση της Εταιρείας, μέσα για τη γνωστοποίηση και διαφήμιση των εργασιών και των προϊόντων της Εταιρείας.

(8)  Να κατασκευάζει, να επιδιορθώνει, να εισάγει, να αγοράζει, να πουλεί, να εξάγει, να εκμισθώνει και γενικά να συναλλάσσεται η να εμπορεύεται όλα τα είδη εξαρτημάτων,

2

αντικειμένων, συσκευών, μηχανικών εγκαταστάσεων, μηχανημάτων, εργαλείων, αγαθών, περιουσιακών στοιχείων, δικαιωμάτων ιδιοκτησίας και όλων των ειδών δικαιωμάτων ή πραγμάτων που η Εταιρεία κρίνει ότι μπορεί να χρησιμοποιήσει ή να διαπραγματευθεί αναφορικά με οποιοδήποτε από τους σκοπούς της.

(9)  Να εμπορεύεται, να αξιοποιεί για οικοδομικούς ή άλλους σκοπούς, να δίνει με μίσθωση ή υπομίσθωση ή με ενοίκιο, να εκχωρεί ή να χορηγεί άδεια πάνω σε όλη ή σε μέρος ή σε μέρη της ακίνητης ιδιοκτησίας και να επιβαρύνει ή να υποθηκεύει όλη ή οποιαδήποτε μέρος ή οποιαδήποτε μέρη της ακίνητης ιδιοκτησίας που ανήκει στην Εταιρεία ή τα δικαιώματα πάνω σε αυτά ή πάνω στα οποία έχει συμφέρον η Εταιρεία με τους όρους που καθορίζει η Εταιρεία κάθε φορά.

(10) Να αγοράζει, ή με άλλο τρόπο να αποκτά το σύνολο ή μέρος των επιχειρήσεων, των στοιχείων ενεργητικού, περιουσιακών στοιχείων και τις υποχρεώσεις οποιασδήποτε εταιρείας, οργανισμού, συνεταιρισμού ή προσώπου, που ιδρύθηκαν για όλους ή μερικούς από τους σκοπούς που είναι μέσα στις επιδιώξεις της εταιρείας ή που ιδρύθηκαν για την άσκηση οποιασδήποτε εργασίας της οποίας η Εταιρεία είναι εξουσιοδοτημένη να ασκεί ή που αποσκοπούν στην άσκηση τέτοιων εργασιών ή που κατέχουν περιουσιακά στοιχεία κατάλληλα για τους σκοπούς της Εταιρείας. Να αναλαμβάνει, να διεξάγει και να ασκεί, ή να εκκαθαρίζει και να διαλύει οποιαδήποτε τέτοια επιχείρηση και σε αντάλλαγμα για την απόκτηση αυτή να καταβάλλει σε μετρητά, να εκδίδει μετοχές, να αναλαμβάνει οποιεσδήποτε υποχρεώσεις ή να αποκτά οποιοδήποτε συμφέροντα πάνω στις εργασίες του πωλητή.

(11) Να ζητά και να παίρνει και να αγοράζει ή με άλλο τρόπο να αποκτά οποιαδήποτε σχέδια, εμπορικά σήματα, προνόμια ευρεσιτεχνίας, δικαιώματα πάνω σε προνόμια ευρεσιτεχνίας ή εφεύρεσης, διπλώματα ευρεσιτεχνίας, δικαιώματα πνευματικής ιδιοκτησίας ή μυστικές μεθόδους, εφόσον αυτά κριθούν χρήσιμα για τους σκοπούς της Εταιρείας. Επιπρόσθετα να χορηγεί άδειες για την χρήση τους.

(12) Να ασφαλίζει την κινητή και ακίνητη περιουσία και κάθε συμφέρον οποιασδήποτε μορφής της Εταιρείας εναντίον απώλειας, βλάβης ή ζημιάς εξ οιουσδήποτε αιτίου ή λόγου και κατά παντός επιδεχόμενου ασφάλιση κινδύνου

(13) Να καταβάλλει όλα τα έξοδα, επιβαρύνσεις και δαπάνες, που μπορεί να γίνουν ή να προκύψουν όσον αφορά την προαγωγή, σύ........ ........... ....... ....... ........ ...ρεία πιθανόν να θεωρήσει ως προκατ... ...., .. .. .. .... ..... ...ιες πιθανόν να γίνουν πριν από την εγγραφή και με σκοπό την εγγραφή της εταιρείας περιλαμβανομένων της αμοιβής για επαγγελματικές υπηρεσίες που χορηγήθηκαν για έξοδα διαφημίσεων των φόρων, των προμηθειών για την εξασφάλιση διάθεσης χρεογράφων (underwriting commissions), των μεσιτικών, των εξόδων εκτύπωσης και γραφικής ύλης, των μισθών των υπαλλήλων και άλλων παρόμοιων δαπανών, καθώς και δαπανών που σχετίζονται με την ίδρυση και λειτουργία πρακτορείων, τοπικών συμβουλίων ή τοπικών διοικήσεων ή άλλων σωμάτων, ή δαπανών που έχουν σχέση με οποιαδήποτε επιχείρηση ή εργασία που ασκήθηκε ή έγινε πριν από τη σύσταση της Εταιρείας, τις οποίες η Εταιρεία πιθανόν να αποφασίσει να αναλάβει ή να συνεχίσει.

(14) Να προχωρεί με την έκδοση μετοχών, ομολόγων (debentures) ή άλλων χρεογράφων της Εταιρείας, στο διορισμό μεσιτών, αντιπροσώπων με προμήθεια και προσώπων, οργανισμών ή τραπεζών που εξασφαλίζουν τη διάθεση χρεογράφων (underwriters) και να προνοεί για την αμοιβή τους, για τις υπηρεσίες που παρέχονται από αυτούς με πληρωμή σε μετρητά ή με έκδοση μετοχών, ομολόγων (debentures) ή άλλων χρεογράφων της εταιρείας, ή με την παροχή δικαιώματος επιλογής για την απόκτηση τους ή με οποιοδήποτε άλλο νόμιμο τρόπο.

(15) Να δανείζεται, να βρίσκει χρήματα ή να εξασφαλίζει υποχρεώσεις (είτε της Εταιρείας είτε άλλου προσώπου) με τον τρόπο και με τους όρους που θα έκρινε σκόπιμο και του είδικά με την έκδοση χρεωστικών ομολόγων (debentures and debenture stock) των οποίων η ισχύς είναι συνεχής ή μπορεί να τερματιστεί γραμματίων, υποθηκών ή οποιωνδήποτε άλλων χρεογράφων που συστάθηκαν ή στηρίζονται πάνω σε όλα ή σε μερικά από τα περιουσιακά στοιχεία και δικαιώματα της Εταιρείας, περιλαμβανομένου και του κεφαλαίου της Εταιρείας που δεν κλήθηκε να πληρωθεί, ή χωρίς οποιαδήποτε τέτοια εξασφάλιση και με τέτοιους όρους, όσον αφορά την προτεραιότητα ή με άλλο τρόπο, όπως η Εταιρεία θα καθόριζε σύμφωνα με την κρίση της, κάθε φορά.

(16) Να χορηγεί πιστώσεις και να δίνει χρηματικά δάνεια ή προκαταβολές σε οποιοδήποτε πρόσωπο, οίκο ή εταιρεία, να εγγυάται και να δίνει εγγυήσεις και αποζημιώσεις ή εξασφαλίσεις (indemnities) για την πληρωμή χρημάτων ή την εκπλήρωση συμβάσεων ή υποχρεώσεων από οποιοδήποτε πρόσωπο, οίκο ή εταιρεία, να εξασφαλίζει ή να αναλαμβάνει με οποιοδήποτε τρόπο την αποπληρωμή χρημάτων που χορηγήθηκαν ή χρηματικών δανείων που δόθηκαν σε οποιοδήποτε πρόσωπο, οίκο ή εταιρεία ή τις

3

υποχρεώσεις που βαρύνουν το πρόσωπο αυτό, οίκο ή εταιρεία, και να βοηθά με άλλο τρόπο οποιοδήποτε πρόσωπο ή εταιρεία με τον τρόπο που η Εταιρεία θα έκρινε ως πρέποντα.

(17)  Να εκδίδει, να υπογράφει, να αποδέχεται, να οπισθογραφεί, να προεξοφλεί, να εμπορεύεται ή με οποιοδήποτε άλλο τρόπο να συναλλάσσεται συναλλαγματικές, χρεωστικά γραμμάτια (promissory notes) φορτωτικές και άλλους διαπραγματεύσιμους ή εκχωρητέους τίτλους ή αξίες.

(18)  Να δέχεται καταθέσεις χρημάτων με τόκο ή χωρίς τόκο.

(19)  Να χορηγεί προκαταβολές χρημάτων και να δίνει χρηματικά δάνεια, είτε ύστερα από λήψη από την Εταιρεία της κατάλληλης εγγύησης ή ασφάλειας, είτε χωρίς καμιά τέτοια εγγύηση ή ασφάλεια.

(20)  Να επενδύει τα χρήματα της Εταιρείας, τα οποία δεν έχει άμεση ανάγκη, σε τέτοιες επενδύσεις, εκτός από τις δικές της μετοχές, όπως θα αποφάσιζε το Διοικητικό Συμβούλιο κάθε φορά.

(21)  Να εκδίδει ή να εγγυάται την έκδοση ή την καταβολή τόκου πάνω στις μετοχές, στα χρεωστικά ομόλογα (debentures and debenture stock) ή άλλα χρεόγραφα ή υποχρεώσεις οποιασδήποτε εταιρείας ή οργανισμού και να καταβάλλει ή να προνοεί για την καταβολή μεσιτικών, προμήθειας και εξόδων για την εξασφάλιση διάθεσης χρεογράφων (underwriting), σχετικά με οποιαδήποτε τέτοια έκδοση.

(22)  Να αποκτά με εγγραφή, αγορά ή με άλλο τρόπο, και να αποδέχεται, να παίρνει, να κατέχει, να εμπορεύεται, να μεταφέρει και να πουλάει οποιασδήποτε φύσης μετοχές, κεφάλαιο (stock), ομόλογα, ή άλλα χρεόγραφα ή συμφέροντα οποιασδήποτε άλλης εταιρείας, οργανισμού ή επιχείρησης.

(23)  Να εκδίδει και να χορηγεί μετοχές που εξοφλήθηκαν ή που δεν έχουν εξοφληθεί από το κεφάλαιο της εταιρείας ή να εκδίδει ομόλογα (debentures) ή χρεόγραφα για την πλήρη ή μερική πληρωμή, οποιασδήποτε κινητής ή ακίνητης ιδιοκτησίας που αγοράστηκε ή που αποκτήθηκε με οποιοδήποτε άλλο τρόπο από την Εταιρεία ή οποιωνδήποτε υπηρεσιών που χορηγήθηκαν στην Εταιρεία και να αμείβει σε χρήμα ή με άλλο τρόπο οποιοδήποτε πρόσωπο, οίκο ή εταιρεία για υπηρεσίες που χορηγήθηκαν από αυτούς στην εταιρεία ή να χορηγεί δωρεές στα πρόσωπα αυτά.

(24)  Να εγκαθιστά, σε οποιοδήποτε μέρος του κόσμου υποκαταστήματα, περιφερειακά γραφεία, παραρτήματα, πρακτορεία και τοπικά συμβούλια και να τα ρυθμίζει και να τα καταργεί.

(25)  Να προνοεί για την ευημερία των προσώπων που απασχολούνται στην Εταιρεία (περιλαμβανομένων και αξιωματούχων της Εταιρείας), ή των προσώπων που απασχολούνται προηγουμένως σε αυτή ή πρόσωπα που διαδέχτηκε στις επιχειρήσεις της η Εταιρεία, (συμπεριλαμβανομένων και των αξιωματούχων, ή των προσώπων που απασχολούνται σε κάποια εξαρτώμενη ή συγγενική (allied) ή συμβλημένη (associated) εταιρεία, (συμπεριλαμβανομένων και των οβωματούχων), καθώς και των συζύγων, χήρων, εξαρτωμένων και των οικογενειών τους, με χρηματικά χορηγήματα, συντάξεις ή άλλες πληρωμές (περιλαμβανομένων και των πληρωμών για ασφάλιστρα), να συνιστά, να βοηθά ή με άλλο τρόπο να ενισχύει, οποιαδήποτε τραστ (trusts), ταμεία ή σχέδια προς όφελος των προσώπων αυτών, καθώς και αγαθοεργά, θρησκευτικά, επιστημονικά, εθνικά ή άλλα ιδρύματα ή σκοπούς, που έχουν ηθικές ή άλλες αξιώσεις για να τύχουν της βοήθειας ή της ενίσχυσης της Εταιρείας λόγω της φύσης ή του τόπου των εργασιών της ή και διαφορετικά.

(26)  Να προβαίνει κάθε φορά στην πληρωμή συνδρομών ή εισφορών για φιλανθρωπικούς, αγαθοεργούς ή χρήσιμους σκοπούς δημόσιου χαρακτήρα ή ενίσχυση των οποίων πιθανό κατά την κρίση της Εταιρείας να συνέβαλλε στην πρόσθετη αύξηση της φήμης ή της δημοτικότητας της Εταιρείας ανάμεσα στο προσωπικό της, των πελατών της ή του κοινού.

(27)  Να υπογράφει και να θέτει σε εφαρμογή συμφωνίες που αφορούν στην από κοινού άσκηση εργασιών, ένωση συμφερόντων, περιορισμό του ανταγωνισμού, συνεταιρισμό ή την συμμετοχή σε κέρδη ή τη συγχώνευση με οποιαδήποτε άλλη εταιρεία ή οποιοδήποτε συνεταιρισμό ή πρόσωπο που ασχολούνται με εργασίες που έχουν σχέση με τους σκοπούς της εταιρείας αυτής.

(28)  Να εγκαθιδρύει, να προάγει την ίδρυση και με οποιοδήποτε άλλο τρόπο να βοηθά οποιαδήποτε εταιρεία ή εταιρείες με σκοπό την απόκτηση οποιουδήποτε από τα περιουσιακά στοιχεία ή προώθηση οποιουδήποτε από τους σκοπούς της Εταιρείας αυτής

4

ή για οποιοδήποτε άλλο σκοπό ο οποίος  μπορεί να θεωρηθεί ότι προορίζεται να ωφελήσει άμεσα ή έμμεσα την Εταιρεία αυτή.

(29) Να ζητά, να προάγει και να επιτυγχάνει την ψήφιση οποιουδήποτε Νόμου, την έκδοση οποιουδήποτε Διατάγματος, Κανονισμού, Εσωτερικού Κανονισμού, την έγκριση απόφασης, Καταστατικού, την εξασφάλιση οποιασδήποτε παραχώρησης, δικαιώματος, προνομίου και την έκδοση οποιασδήποτε άδειας, για να μπορέσει με τον τρόπο αυτό η Εταιρεία να επιτύχει οποιοδήποτε από τους σκοπούς της ή να κάμει οποιαδήποτε τροποποίηση σε ολόκληρη τη διάρθρωση της ή για οποιοδήποτε άλλο, ωφέλημα, κατά την κρίση της Εταιρείας, σκοπό, να αντιτάσσεται σε όλες τις διαδικασίες ή αίτηση, που έχουν σκοπό να βλάψουν άμεσα ή έμμεσα τα συμφέροντα της Εταιρείας και να κάμνει και να εκτελεί οποιοδήποτε συμφωνία με οποιοδήποτε Κυβέρνηση ή Αρχή (ανώτατη, δημοτική, τοπική ή άλλη παρόμοια), η οποία θα μπορούσε να θεωρηθεί ότι συμβάλλει στην επίτευξη όλων ή μερικών από τους σκοπούς της Εταιρείας.

(30) Να πουλά, να εκποιεί, να υποθηκεύει, να επιβαρύνει, να παρέχει δικαιώματα ή προνόμια (rights or options) ή να μεταβιβάζει τις εργασίες, να περιουσιακά στοιχεία και επιχειρήσεις της Εταιρείας ή οποιοδήποτε μέρος τους έναντι οποιουδήποτε ανταλλάγματος που η Εταιρεία θα αποδεχόταν κατά την κρίση της.

(31) Να αποδέχεται κεφάλαιο (stock) ή μετοχές ή ομόλογα (debentures), ομόλογα εγγυημένα με υποθήκη (mortgage debentures) ή άλλα χρεόγραφα οποιασδήποτε άλλης εταιρείας για την πληρωμή, ολική ή μερική, οποιασδήποτε υπηρεσίας που προσφέρθηκε σε αυτή ή πώληση που έγινε σε αυτή από την Εταιρεία αυτή ή για οποιοδήποτε χρέος που οφείλεται από την άλλη παρόμοια εταιρεία.

(32) Να διανέμει σε είδος (in specie) ή χρήμα ή με άλλο τρόπο, όπως θα αποφασιζόταν κάθε φορά, οποιαδήποτε στοιχεία ενεργητικού της Εταιρείας ανάμεσα στα μέλη της, και πιο ειδικά τις μετοχές, τα ομόλογα (debentures) ή άλλα χρεόγραφα οποιασδήποτε άλλης εταιρείας που ανήκει στην Εταιρεία αυτή ή για τα οποία η Εταιρεία δυνατό να έχει εξουσία να διαθέτει.

(33) Να διεξάγει όλες ή μερικές από τις πράξεις που επιτρέπονται από το Ιδρυτικό αυτό Έγγραφο σε οποιοδήποτε μέρος του κόσμου είτε από μόνη της είτε μαζί ή από κοινού με άλλες εταιρείες οίκους ή πρόσωπα, είτε ως πράκτορας, επίτροπος (trustee), εντολοδόχος, ~~αντιπρόσωπος~~ ή αντιπρόσωπος άλλων εταιρειών, οίκων ή προσώπων, είτε μέσω πρακτόρων, επιτρόπων (trustees), υπεργολάβων ή προσώπων.

(34) Να προάγει την εγγραφή ή αναγνώριση της Εταιρείας σε οποιοδήποτε χώρα ή τόπο, να εκτελεί χρέη γραμματέα, διευθυντή ή ταμία οποιασδήποτε άλλης εταιρείας.

(35) Γενικά να διεξάγει οποιαδήποτε άλλη πράξη η οποία κατά τη γνώμη της Εταιρείας οδηγεί ή συμβάλλει στην επίτευξη όλων ή μερικών από τους  σκοπούς που αναφέρονται πιο πάνω.

Οι σκοποί που αναπτύσσονται σε οποιοδήποτε υποπαράγραφο της παραγράφου αυτής, πρέπει να ερμηνεύονται με τον πιο πλατύ τρόπο δίχως περιορισμούς και εκτός αν προκύπτει καθαρά από το κείμενο κάτι διαφορετικά, θα πρέπει να μην περιορίζονται με οποιοδήποτε τρόπο από οποιαδήποτε αναφορά ή συμπέρασμα που βγαίνει από οποιοδήποτε άλλο σκοπό ή σκοπούς που αναπτύσσονται σε οποιαδήποτε τέτοια υποπαράγραφο ή από τους όρους οποιασδήποτε άλλης υποπαραγράφου ή πλαγιότιτλου ή από το όνομα της Εταιρείας. Αυτές οι υποπαράγραφοι, οι σκοποί που καθορίζονται σε αυτές και οι εξουσίες που παρέχονται από αυτές πρέπει να μη θεωρούνται βοηθητικές ή συμπληρωματικές αυτών που αναφέρονται σε κάποια άλλη υποπαράγραφο σκοπών ή εξουσιών. Η Εταιρεία έχει κάθε εξουσία να ασκεί όλες ή μερικές από τις εξουσίες που παρέχονται από μια ή περισσότερες από υποπαραγράφους που αναφέρονται και να εκπληρώνει ή να δοκιμάζει να εκπληρώσει όλους ή μερικούς από τους σκοπούς που καθορίζονται σε αυτές.

4.    Η ευθύνη των μελών είναι περιορισμένη.

5.    Το μετοχικό   κεφάλαιο  της Εταιρείας είναι €1.000,00 (χίλια ευρώ) διαιρεμένο σε 1.000 (χίλιες) μετοχές του €1,00 (ενός ευρώ) η καθεμιά με εξουσία έκδοσης οποιωνδήποτε μετοχών του κεφαλαίου είτε του αρχικού είτε του αυξημένου με οποιαδήποτε ή με την επιφύλαξη οποιωνδήποτε προνομιακών, ειδικών ή περιορισμένων δικαιωμάτων, ή όρων σε σχέση με τα μερίσματα, την αποπληρωμή  του κεφαλαίου, το δικαίωμα ψήφου η οτιδήποτε άλλο.

5

Εμείς, τα ονόματα και οι διευθύνσεις των οποίων γράφονται πιο κάτω, επιθυμούμε να ιδρύσουμε Εταιρεία σύμφωνα με το Ιδρυτικό Έγγραφο, και συμφωνούμε ο καθένας από εμάς να πάρει από το κεφάλαιο της Εταιρείας τον αριθμό των μετοχών, ο οποίος αναφέρεται αντίστοιχα απέναντι από το όνομα μας.

| ΟΝΟΜΑΤΑ, ΠΕΡΙΓΡΑΦΕΣ ΚΑΙ ΔΙΕΥΘΥΝΣΕΙΣ ΤΩΝ ΥΠΟΓΡΑΦΕΩΝ | Αριθμός Μετοχών που λήφθησαν από κάθε υπογραφέα |
|---|---|
| PROVERIAL LTD<br><br>PROVERIAL LTD<br><br>Αρ. Εγγραφής: ΗΕ 334617<br>Σοφούλη 16<br>Κτήριο Σιαντεκλέρ<br>1096 Λευκωσία<br>Κύπρος | 1000<br>(Χίλιες μετοχές μόνο)<br><br>Χίλιες μόνο |

Χρονολογήθηκε σήμερα την ...ΟΒΗ..... ημέρα του Αυγούστου.... 2014

Μάρτυρας των πιο πάνω υπογραφών:

Μαρινέλλα Κάττου
Γραμματέας
Σοφούλη 16
Γρ. 303
1096 Λευκωσία

Ο ΠΕΡΙ ΕΤΑΙΡΕΙΩΝ ΝΟΜΟΣ, ΚΕΦ. 113

ΙΔΙΩΤΙΚΗ ΕΤΑΙΡΕΙΑ ΠΕΡΙΟΡΙΣΜΕΝΗΣ ΕΥΘΥΝΗΣ ΜΕ ΜΕΤΟΧΕΣ

ΚΑΤΑΣΤΑΤΙΚΟ ΤΗΣ ΕΤΑΙΡΕΙΑΣ

K-DNA FINANCIAL SERVICES LTD FTX EU LTD

1. Στους κανονισμούς αυτούς:
" Κύπρος " σημαίνει την Κυπριακή Δημοκρατία.
Ο Νόμος σημαίνει τον περί Εταιρειών Νόμο, Κεφ.113 η οποιοδήποτε Νόμο που τον αντικαθιστά η τον τροποποιεί.

Η σφραγίδα σημαίνει την κοινή σφραγίδα (common seals) της Εταιρείας.
Ο Γραμματέας σημαίνει οποιοδήποτε πρόσωπο το οποίο διορίζεται για να εκτελεί καθήκοντα γραμματέα της Εταιρείας
Εκτός από τις περιπτώσεις από τις οποίες φαίνεται από το κείμενο το αντίθετο, ο όρος <γραπτός> θα πρέπει να ερμηνεύεται ότι περιλαμβάνει και την εκτύπωση, λιθογραφία, φωτογραφία και υπόλοιπους τρόπους με τους οποίους παρουσιάζονται η αναπαράγονται λέξεις με αόρατη μορφή.
Εκτός αν προκύπτει διαφορετικά από το κείμενο, οι λέξεις ή όροι που περιλαμβάνονται στους κανονισμούς αυτούς έχουν εκείνη την έννοια που δίνει σε αυτές ή σε αυτούς ο Νόμος ή οποιαδήποτε τροποποίηση έγινε από το Νόμο, η οποία θα βρίσκεται σε ισχύ, κατά την ημερομηνία που οι Κανονισμοί αυτοί θα γίνουν δεσμευτικοί για την Εταιρεία.

ΑΠΟΚΛΕΙΣΜΟΣ ΤΟΥ ΠΙΝΑΚΑ ``Α``

2. Οι Κανονισμοί του Νόμου που περιέχονται στον πίνακα ``Α`` του πρώτου παραρτήματος δεν εφαρμόζονται, παρά μόνο στο μέτρο που αυτοί επαναλαμβάνονται η περιλαμβάνονται στους κανονισμούς αυτούς.

ΕΙΣΑΓΩΓΙΚΕΣ ΔΙΑΤΑΞΕΙΣ

3. Η Εταιρεία είναι ιδιωτική Εταιρεία και για αυτό το λόγο:

(α) Το δικαίωμα των μεταβίβασης μετοχών περιορίζεται με βάση τον τρόπο που καθορίζεται από τώρα και στο εξής.

(β) Ο αριθμός των μελών της Εταιρείας (δεν περιλαμβάνονται τα πρόσωπα που είναι στην υπηρεσία της Εταιρείας, καθώς και τα πρόσωπα τα οποία αφού υπηρέτησαν προηγούμενος στην Εταιρεία, υπήρξαν κατά το χρόνο της υπηρεσίας τους και συνέχισαν, μετά τον τερματισμό της, να είναι μέλη της Εταιρείας), περιορίζεται σε πενήντα. Εννοείται ότι όταν δυο ή περισσότερα πρόσωπα κατέχουν από κοινού μια ή περισσότερες μετοχές της Εταιρείας, θεωρούνται για τους σκοπούς του κανονισμού αυτού, ως ένα και μόνο μέλος.

(γ) Απαγορεύεται οποιαδήποτε πρόσκληση στο κοινό για εγγραφή για οποιεσδήποτε μετοχές ή ομολογίες της Εταιρείας.

(δ) Η Εταιρεία δεν έχει εξουσία να εκδίδει μετοχικούς τίτλους στον κομιστή (share warrants to bearer).

ΕΡΓΑΣΙΑ

4. Η Εταιρεία θα καταβάλει όλη την προκαταρκτική ή άλλη δαπάνη και θα συνυπογράψει, υιοθετήσει ή θέσει σε εφαρμογή και θα αναλάβει ή συνεχίσει (με τέτοιες τροποποιήσεις που τα συμβαλλόμενα μέρη δύναται να συμφωνήσουν και το Διοικητικό Συμβούλιο να εγκρίνει), οποιαδήποτε συμφωνία ή επιχείρηση ή εργασία που έγινε ή που γίνεται (ανάλογα με την περίπτωση) πριν από τη σύσταση της Εταιρείας, όπως η Εταιρεία θα αποφασίσε.

ΜΕΤΟΧΙΚΟ ΚΕΦΑΛΑΙΟ ΚΑΙ ΔΙΑΦΟΡΟΠΟΙΗΣΗ ΔΙΚΑΙΩΜΑΤΩΝ

7

5.      Οι μετοχές θα τεθούν στη διάθεση της Εταιρείας η οποία, με την τήρηση του Κανονισμού 3 καθώς και των προνοιών του ημέσως επόμενου Κανονισμού, μπορεί με συνηθισμένη απόφαση να παραχωρήσει ή με άλλο τρόπο να διαθέσει αυτές κατά τον ενδεδειγμένο τρόπο όσον αφορά τα πρόσωπα, το χρόνο και γενικά τους όρους και προϋποθέσεις, υπό τον όρο ότι δεν θα εκδοθούν μετοχές με έκπτωση (at a discount) παρά μόνο όπως προνοείται στο άρθρο 58 του Νόμου.

6.      Εκτός αν η Εταιρία αποφασίσει διαφορετικά σε Γενική Συνέλευση, οι αρχικές μετοχές που έπρεπε να εκδοθούν και παραχωρηθούν κάθε φορά αλλά δεν εκδόθηκαν ούτε παραχωρήθηκαν, καθώς και οι νέες μετοχές του δημιουργούνται (created) κάθε φορά προτού αυτές εκδοθούν, θα προσφέρονται στα μέλη με την πλησιέστερη δυνατή αναλογία με βάση τον αριθμό μετοχών που κατέχουν. Η προσφορά αυτή θα γίνει με γνωστοποίηση που θα καθορίζει τον αριθμό των μετοχών που προσφέρονται, καθώς και την προθεσμία, κατά την οποία αν δεν προχωρήσει η αποδοχή, η προσφορά θεωρείται ότι απορρίφθηκε και όταν περάσει η προθεσμία αυτή ή όταν ληφθεί ειδοποίηση από το πρόσωπο προς το οποίο έγινε η προσφορά ότι αρνείται να δεχτεί τις μετοχές που του προσφέρθηκαν, η Εταιρεία μπορεί, με την τήρηση των Κανονισμών αυτών να τις διαθέσει με τον τρόπο που κατά την κρίση της θεωρεί ως πιο ωφέλιμο για την εταιρεία. Η Εταιρεία μπορεί με τον ίδιο τρόπο να διαθέσει οποιεσδήποτε τέτοιες νέες ή αρχικές μετοχές, όπως αναφέρεται πιο πάνω, οι οποίες λόγω της αναλογίας που έχουν ως προς τον αριθμό των προσώπων που αναφέρονται πιο πάνω που δικαιούνται την προσφορά αυτή ή λόγω οποιασδήποτε άλλης δυσκολίας, η οποία πιθανόν να προέκυπτε κατά την κατανομή τους, δεν μπορούν κατά τη γνώμη της Εταιρείας να προσφερθούν εύκολα με τον πιο πάνω προβλεπόμενο τρόπο.

7.      Δίχως επηρεασμό οποιωνδήποτε ειδικών δικαιωμάτων που παραχωρήθηκαν προηγουμένως στους κατόχους υφιστάμενων μετοχών ή τάξεως μετοχών, οποιαδήποτε μετοχή της Εταιρείας μπορεί να εκδοθεί με τέτοια δικαιώματα προτίμησης (preferred), αναβολής (deferred) ή άλλα δικαιώματα ή με τέτοιους περιορισμούς όσον αφορά το μέρισμα, το δικαίωμα ψήφου, την επιστροφή κεφαλαίου (return of capital) είτε διαφορετικά, όπως η Εταιρεία θα ορίζε, κάθε φορά, με συνηθισμένη απόφαση.

8.      Με την τήρηση των διατάξεων του άρθρου 57 του Νόμου, ύστερα από λήψη συνηθισμένης απόφασης οποιεσδήποτε προνομιούχες μετοχές μπορούν να εκδοθούν υπό τον όρο ότι αυτές θα εξαγοραστούν ή ότι η Εταιρεία μπορεί να εκλέξει την αγορά τους με τέτοιους όρους και με τέτοιο τρόπο, που η Εταιρεία θα καθορίζε με ειδική απόφαση πριν από την έκδοση των μετοχών.

9.      Αν σε οποιοδήποτε χρόνο το μετοχικό κεφάλαιο είναι κατανεμημένο σε μετοχές διαφόρων τάξεων, τα δικαιώματα που αρμόζουν σε οποιαδήποτε τάξη (εκτός αν προνοείται διαφορετικά από τους όρους έκδοσης των μετοχών της τάξης αυτής) μπορεί, ανεξάρτητα αν η Εταιρεία βρίσκεται σε διάλυση ή όχι, να τροποποιηθούν με γραπτή συγκατάθεση των κατόχων τριών τετάρτων των εκδιδόμενων μετοχών της παραπάνω τάξης ή με έκτακτη απόφαση που θα παρθεί σε χωριστή γενική συνέλευση θα εφαρμόζονται οι αναφερόμενες στις γενικές συνελεύσεις πρόνοιες των Κανονισμών αυτών και τον όρο ότι την απαιτούμενη απαρτία αποτελούν δύο τουλάχιστον πρόσωπα που κατέχουν ή αντιπροσωπεύουν με πληρεξούσιο (proxy) το ένα τρίτο των μετοχών της τάξης αυτής που εκδόθηκαν, και επιπλέον ότι οποιοσδήποτε κάτοχος μετοχών της τάξης αυτής που παρευρίσκεται αυτοπροσώπως ή με πληρεξούσιο, μπορεί να απαιτήσει τη διεξαγωγή ψηφοφορίας.

10.      Τα δικαιώματα που παραχωρούνται στους κατόχους μετοχών οποιασδήποτε τάξης, τα οποία εκδόθηκαν με δικαίωμα προτίμησης ή άλλο παρόμοιο δικαίωμα, δε θα θεωρούνται, εκτός αν με άλλο τρόπο προνοείται ρητά από τους όρους έκδοσης των μετοχών της παραπάνω τάξης, ως τροποποιημένα λόγω της δημιουργίας (creation) ή έκδοσης πρόσθετων μετοχών που κατατάσσονται pari passu με αυτές.

11.      Η Εταιρεία μπορεί να ασκήσει τις εξουσίες που της παρέχονται με βάση το άρθρο 52 του Νόμου, για καταβολή προμήθειας, με τον όρο ότι το ποσοστό ή το ποσό της προμήθειας που καταβλήθηκε ή συμφωνήθηκε θα αποκαλυφτεί με τον προβλεπόμενο τρόπο και βάση τις διατάξεις του προαναφερόμενου άρθρου και το ποσοστό της προμήθειας δε θα υπερβεί το δέκα τοις εκατό της τιμής, στην οποία εκδίδονται οι μετοχές, αναφορικά με τις οποίες αυτό καταβάλλεται, ή ποσό ίσο με δέκα επί τοις εκατόν της τιμής αυτής (ανάλογα με την περίπτωση). Η προμήθεια αυτή μπορεί να καταβληθεί είτε με πληρωμή τοις μετρητοίς είτε με την παραχώρηση μετοχών που εξοφλήθηκαν εντελώς ή μερικώς είτε μερικώς με τον ένα και μερικώς με τον άλλο τρόπο. Η Εταιρεία μπορεί επίσης, κατά την έκδοση οποιωνδήποτε μετοχών, να καταβάλλει τα νόμιμα μεσιτικά.

12.      Εκτός από τις περιπτώσεις κατά τις οποίες ο Νόμος έτσι προβλέπει, δεν πρόκειται να αναγνωριστεί κανένα πρόσωπο ότι την Εταιρεία ότι κατέχει οποιεσδήποτε μετοχές με βάση οποιοδήποτε τραστ (trust) και η Εταιρεία δε δεσμεύεται καθόλου, ούτε

8

υποχρεώνεται με οποιοδήποτε τρόπο να αναγνωρίσει (ακόμα και αν ειδοποιηθεί για αυτό) οποιοδήποτε συμφέρον πάνω σε κλασματικό μέρος μετοχής (εκτός αν προνοείται διαφορετικά στους Κανονισμούς αυτούς, ή σε κάποιο νόμο), οποιαδήποτε άλλα δικαιώματα αναφορικά με οποιαδήποτε μετοχή, εκτός από το απόλυτο δικαίωμα του εγγεγραμμένου κατόχου για την ακέραια αυτής.

13.   Οποιοδήποτε πρόσωπο, το όνομα του οποίου θα καταχωρισθεί στο Μητρώο των Μελών, έχει το δικαίωμα, μέσα σε δύο μήνες από την παραχώρηση των μετοχών ή της κατάθεσής του εγγράφου της μεταβίβασης των μετοχών (ή μέσα σε μια άλλη τέτοια προθεσμία όπως θα καθορίζονται κάθε φορά στους όρους έκδοσης), να πάρει δωρεάν ένα πιστοποιητικό για όλες τις μετοχές του ή περισσότερα από ένα πιστοποιητικά, το καθένα για μια ή περισσότερες από τις μετοχές του, με πληρωμή 50 σεντς για κάθε ένα πιστοποιητικό το οποίο θα εκδίδεται μετά το πρώτο πιστοποιητικό ή με την πληρωμή ενός τέτοιου μικρότερου ποσού όπως θα καθορίζει κάθε φορά το Διοικητικό Συμβούλιο. Κάθε πιστοποιητικό πρέπει να φέρει την σφραγίδα της Εταιρείας και να καθορίζει τις μετοχές, σ'τις οποίες αναφέρεται, καθώς και το ποσό που πληρώθηκε για τις μετοχές αυτές. Εννοείται ότι, όσον αφορά τη μετοχή ή μετοχές που κατέχονται από κοινού από περισσότερα από ένα πρόσωπα, η Εταιρεία δεν είναι υποχρεωμένη να εκδώσει περισσότερα από ένα πιστοποιητικά και η παράδοση του πιστοποιητικού για κάποια μετοχή σε ένα από τα πρόσωπα αυτά θεωρείται παράδοση που έγινε σε όλους τους κατόχους της μετοχής.

14.   Σε περίπτωση που ένα πιστοποιητικό αλλοιωθεί, χαθεί ή καταστραφεί, αυτό μπορεί να ανανεωθεί με την πληρωμή δικαιώματος 50 σέντ ή παρόμοιου μικρότερου ποσού και με παρόμοιους τυχόν όρους ως προς τα αποδεικτικά στοιχεία που θα παρουσιαστούν, την εγγύηση (indemnity) και την πληρωμή πραγματικών εξόδων της Εταιρείας, για τη διερεύνηση των αποδεικτικών στοιχείων που παρουσιάστηκαν όπως το Διοικητικό Συμβούλιο θα καθορίζε κάθε φορά κατά την κρίση του.

15.   Η Εταιρεία δεν πρέπει να παρέχει άμεσα ή έμμεσα είτε με τη μορφή δανείου, εγγύησης, παροχής ασφάλειας είτε με άλλο τρόπο, οποιαδήποτε οικονομική βοήθεια με σκοπό ή σε σχέση με την αγορά που έγινε ή θα γίνει από οποιοδήποτε πρόσωπο οποιωνδήποτε μετοχών ή εγγραφή για μετοχές της Εταιρείας ή της ιθύνουσας της εταιρείας (holding company). Η Εταιρεία δεν πρέπει να χορηγεί δάνειο για οποιοδήποτε ανεξάρετα σκοπό με αντάλλαγμα την παροχή των μετοχών της ως ασφάλειας, ή των μετοχών της ιθύνουσας εταιρείας της. Όμως, δεν υπάρχει τίποτε στον Κανονισμό αυτό που απαγορεύει τις συναλλαγές που αναφέρονται στην επιφύλαξη του άρθρου 53(1) του Νόμου.

ΔΙΚΑΙΩΜΑ ΕΠΙΣΧΕΣΗΣ (LIEN)

16.   Η Εταιρεία έχει πρώτο και υπέρτατο δικαίωμα επίσχεσης πάνω σε καθεμιά μετοχή για οποιοδήποτε ποσό χρημάτων (άμεσα πληρωτέο ή όχι), για το οποίο εκδόθηκε κλήση ή το οποίο είναι πληρωτέο σε καθορισμένο χρόνο, όσον αφορά τη μετοχή αυτή. Η Εταιρεία έχει επιπλέον πρώτο και υπέρτατο δικαίωμα επίσχεσης πάνω σε όλες τις μετοχές που είναι εγγεγραμμένες πάνω στο όνομα ενός μόνο προσώπου, για οποιοδήποτε ποσό χρημάτων, άμεσα πληρωτέο από αυτό ή της παρουσίας του στην Εταιρεία, όμως το Διοικητικό Συμβούλιο μπορεί, σε οποιαδήποτε στιγμή να εξαιρέσει ολόκληρη ή μέρος οποιασδήποτε μετοχής από τις διατάξεις του Κανονισμού αυτού. Το δικαίωμα επίσχεσης, το οποίο τυχόν έχει η Εταιρεία πάνω σε κάποια μετοχή, επεκτείνεται σε όλα τα μερίσματα που είναι πληρωτέα πάνω σε αυτή.

17.   Η Εταιρεία έχει το δικαίωμα να πουλήσει με τον τρόπο που καθορίζεται κατά βούληση κάθε φορά από το Διοικητικό Συμβούλιο, οποιεσδήποτε μετοχές, πάνω στις οποίες η Εταιρεία έχει δικαίωμα επίσχεσης, καμιά όμως πώληση μετοχής δεν θα γίνει, εκτός αν μέρος του ποσού, σχετικά με το οποίο υπάρχει το δικαίωμα επίσχεσης είναι άμεσα πληρωτέο, και στην περίπτωση αυτή μόνο ύστερα από παρέλευση δεκατεσσάρων ημερών, μετά τη γραπτή ειδοποίηση που απαιτεί πληρωμή του παραπάνω μέρους, θα δοθεί προς τον κάθε φορά εγγεγραμμένο κάτοχο των μετοχών ή στο άτομο που τις δικαιούται λόγω θανάτου ή πτώχευσης του κατόχου.

18.   Για να μπορέσει να γίνει οποιαδήποτε τέτοια πώληση, το Διοικητικό Συμβούλιο μπορεί να εξουσιοδοτήσει κάποιο πρόσωπο για να προβεί στη μεταβίβαση των μετοχών που πουλήθηκαν στον αγοραστή τους. Ο αγοραστής θα πρέπει να εγγραφεί ως κάτοχος των μετοχών που καθορίζονται στην μεταβίβαση αυτή και δεν έχει καμία ευθύνη να ενδιαφερθεί για η χρήση του μέρους της αγοράς που πλήρωσε και ο τίτλος του πάνω στις μετοχές δεν επηρεάζεται από το παράτυπο ή το άκυρο της διαδικασίας που τηρήθηκε κατά την πώληση.

19.   Το προϊόν από την πώληση πληρώνεται στην Εταιρεία και διατίθεται για πληρωμή του

9

άμεσα πληρωτέου μέρους του ποσού, σχετικά με το οποίο υπάρχει το δικαίωμα επίσχεσης, και το υπόλοιπο που πιθανόν να προκύψει καταβάλλεται (με την επιφύλαξη ότι η Εταιρεία έχει παρόμοιο δικαίωμα επίσχεσης για τα ποσά που δεν είναι άμεσα πληρωτέα, όπως είχε πριν την πώληση πάνω στις μετοχές) στο πρόσωπο που δικαιούται τις μετοχές κατά την ημερομηνία της πώλησης.

### ΚΛΗΣΗ ΓΙΑ ΠΛΗΡΩΜΗ ΠΑΝΩ ΣΕ ΜΕΤΟΧΕΣ

20.   Το Διοικητικό Συμβούλιο μπορεί να καλεί κάθε φορά τα μέλη να προβαίνουν σε πληρωμές σχετικά με οποιαδήποτε χρηματικά ποσά που δεν καταβλήθηκαν ακόμα για τις μετοχές τους (είτε έναντι της ονομαστικής αξίας των μετοχών είτε της αξίας τους υπέρ το άρτιο), τα οποία με βάση τους όρους παραχώρησης των παραπάνω μετοχών, δεν έγιναν πληρωτέα σε οριομένη ημερομηνία και το κάθε ένα μέλος (με τον όρο ότι θα επαίρνε προειδοποίηση δεκατεσσάρων τουλάχιστον ημερών, που θα καθορίζει το χρόνο ή χρόνους και τον τόπο πληρωμής), θα πρέπει να καταβάλει στην Εταιρεία, στον καθοριομένο χρόνο ή χρόνους και τόπο για το σκοπό αυτό, το ποσό για το οποίο κλήθηκε να καταβάλει, πάνω στις μετοχές του. Η κλήση μπορεί να ανακληθεί ή να αναβληθεί, όπως θα αποφάσιζε το Διοικητικό Συμβούλιο.

21.   Η κλήση θεωρείται ότι εκδόθηκε κατά το χρόνο που το Διοικητικό Συμβούλιο πήρε την απόφαση που εξουσιοδοτεί την κλήση, και το ποσό που αφορά η κλήση μπορεί να οριστεί για να πληρωθεί με δόσεις.

22.   Περισσότεροι από ένας κάτοχοι μιας μετοχής ευθύνονται αλληλέγγυα και χωριστά ο καθένας για την πληρωμή οποιουδήποτε ποσού το οποίο θα καλούνταν να πληρώσουν αναφορικά με αυτή.

23.   Αν ένα ποσό για το οποίο εκδόθηκε η κλήση, δεν πληρωθεί πριν ή κατά την καθορισμένη ημέρα για πληρωμή, το πρόσωπο που οφείλει το ποσό αυτό θα πρέπει να καταβάλει πάνω σε αυτό τόκο από την προαναφερόμενη ημέρα μέχρι την ημέρα που θα γίνει η πληρωμή και το επιτόκιο θα καθορίζεται κάθε φορά από το Διοικητικό Συμβούλιο, σε καμιά όμως περίπτωση θα υπερβαίνει τα οκτώ τοις εκατό ετησίως. Το Διοικητικό Συμβούλιο μπορεί, εντούτοις, να εγκαταλείψει ολόκληρη ή μέρος της απαίτησης τους αυτής για πληρωμή τόκου.

24.   Οποιοδήποτε ποσό, το οποίο σύμφωνα με τους όρους έκδοσης μιας μετοχής είναι πληρωτέο κατά την παραχώρηση (allotment) της μετοχής ή σε καθοριομένη ημερομηνία, είτε έναντι της ονομαστικής αξίας της μετοχής ή της αξίας αυτής υπέρ το άρτιο (premium), θεωρείται για τους σκοπούς των Κανονισμών αυτών, ως ποσό, για το οποίο εκδόθηκε κανονικά κλήση και το οποίο ήταν πληρωτέο στην καθορισμένη ημερομηνία σύμφωνα με τους όρους έκδοσης της μετοχής. Επειδή όμως η πληρωμή δεν έγινε, όλες οι διατάξεις των Κανονισμών αυτών, που αφορούν την πληρωμή τόκου και εξόδων, κατάσχεση ή οτιδήποτε άλλο, θα εφαρμόζονται ως εάν το ποσό αυτό ήταν πληρωτέο με βάση την κλήση που εκδόθηκε και γνωστοποιήθηκε κανονικά. Το Διοικητικό Συμβούλιο μπορεί, κατά την έκδοση μετοχών, να κάμνει διάκριση ανάμεσα στους κατόχους αναφορικά με το ποσό, για το οποίο θα καλούνται κάθε φορά να πληρώσουν καθώς και το χρόνο που θα γίνουν, αυτές οι πληρωμές.

25.   Το Διοικητικό Συμβούλιο μπορεί κατά την κρίση του να αποδεχτεί πληρωμή από οποιοδήποτε μέλος, το οποίο επιθυμεί να πληρώσει προκαταβολικά ολόκληρο ή μέρος των χρηματικών ποσών που δεν πληρώθηκαν για τις μετοχές που κατέχει και για τα οποία δεν κλήθηκε ακόμα από την Εταιρεία να πληρώσει και πάνω σε όλο ή οποιοδήποτε μέρος του ποσού που πληρώθηκε προκαταβολικά πιθανόν (μέχρι που αυτό, αν δεν πληρωνόταν η παραπάνω προκαταβολή, θα ήταν πληρωτέο) το Διοικητικό Συμβούλιο να πληρώνει τόκο με επιτόκιο που δεν θα υπερβαίνει (εκτός αν η Εταιρεία ορίσει, ύστερα από γενική συνέλευση, διαφορετικά) το πέντε τοις εκατό ετησίως. Το επιτόκιο θα καθορίζεται κάθε φορά μεταξύ του Διοικητικού Συμβουλίου και του μέλους που καταβάλλει την προκαταβολή.

### ΜΕΤΑΒΙΒΑΣΗ ΜΕΤΟΧΩΝ

26.   Το έγγραφο της μεταβίβασης οποιασδήποτε μετοχής εκτελείται από τον ή από μέρους του εκχωρητή και του εκδοχέα, και ο εκχωρητής θεωρείται ότι παραμένει κάτοχος της μετοχής μέχρι που το όνομα του εκδοχέα να καταχωρισθεί στο Μητρώο των Μελών, σχετικά με τη μετοχή αυτή.

27.   Με την επιφύλαξη των περιορισμών των κανονισμών αυτών που εφαρμόζονται κάθε φορά, τα μέλη έχουν το δικαίωμα να μεταβιβάζουν όλες ή μερικές από τις μετοχές τους, με έγγραφο συνηθισμένου ή κοινού τύπου ή οποιουδήποτε άλλου τύπου που εγκρίνεται κάθε φορά από το Διοικητικό Συμβούλιο.

10

28.     Το Διοικητικό Συμβούλιο μπορεί να αρνηθεί να εγγράψει τη μεταβίβαση μετοχής στο όνομα προσώπου για το οποίο δε θα έδινε την έγκριση του και μπορεί επίσης να αρνηθεί να εγγράψει τη μεταβίβαση μετοχής πάνω στην οποία η Εταιρεία έχει δικαίωμα επίσχεσης.

29.     Τό Διοικητικό Συμβούλιο μπορεί επίσης να αρνηθεί να αναγνωρίσει οποιοδήποτε έγγραφο μεταβίβασης, εκτός αν:

(α)     πληρωθεί στην Εταιρεία τέλος 50 σεντς ή τέτοιο ελάχιστο ποσό όπως το Διοικητικό Συμβούλιο θα απαιτούσε κάθε φορά,

(β)     το έγγραφο της μεταβίβασης συνοδεύεται από το πιστοποιητικό των μετοχών στις οποίες αναφέρεται και σε άλλα παρόμοια αποδεικτικά στοιχεία, όπως το Διοικητικό Συμβούλιο δικαιολογημένα θα απαιτούσε για να φανεί το δικαίωμα του εκχωρητή για διενέργεια της μεταβίβασης, και

(γ)     το έγγραφο μεταβίβασης αφορά μια μόνο τάξη μετοχών.

30.     Σε περίπτωση που το Διοικητικό Συμβούλιο δεν θα δεχόταν την εγγραφή οποιασδήποτε μεταβίβασης, οφείλει μέσα σε δύο μήνες από την κατάθεση του εγγράφου στην Εταιρεία να γνωστοποιήσει στον εκδοχέα την απόφασή του για αυτό.

31.     Η εγγραφή μεταβίβασης μπορεί να αναστέλλεται, κατά τέτοιο χρόνο και τέτοιες χρονικές περιόδους, όπως θα καθόριζε κάθε φορά το Διοικητικό Συμβούλιο. Εννοείται, όμως, ότι σε καμιά περίπτωση η εγγραφή αυτή δε θα αναστ.αλεί για περίοδο πάνω από τριάντα ημέρες σε οποιοδήποτε έτος.

32.     Η Εταιρεία έχει το δικαίωμα να επιβάλλει τέλος το οποίο να μην υπερβαίνει τα 50 σεντ κατά την εγγραφή κάθε επικύρωσης διαθήκης, εγγράφου διορισμού διαχειριστή, πιστοποιητικού θανάτου ή γάμου, πληρεξουσίου ή άλλου εγγράφου.

33.     Οι κανονισμοί 26 και 27 πρέπει να διαβάζονται σύμφωνα με τις πρόνοιες του κανονισμού

34.     34.

(α)     Για τους σκοπούς του κανονισμού αυτού, όταν κάποιο πρόσωπο έχει απόλυτο δικαίωμα να εγγραφεί ως κάτοχος οποιασδήποτε μετοχής, το παραπάνω πρόσωπο και όχι ο εγγεγραμμένος κάτοχος της μετοχής αυτής θεωρείται μέλος της Εταιρείας σε σχέση με τη μετοχή αυτή.

(β)     Εκτός από αυτά που καθορίζονται πιο κάτω, καμιά μετοχή δεν μπορεί να μεταβιβαστεί εκτός αν και μέχρι που τα παρεχόμενα από τώρα και στο εξής δικαιώματα προτίμησης εξαντληθούν.

(γ)     Το κάθε μέλος που σκοπεύει να μεταβιβάσει οποιαδήποτε μετοχή ή μετοχές (από τώρα και στο εξής θα καλείται «ο πωλητής»), οφείλει να γνωστοποιήσει γραπτώς στην Εταιρεία το σκοπό του αυτό (από τώρα και στο εξής θα καλείται «γνωστοποίηση μεταβίβασης»). Με την τήρηση από τώρα και στο εξής των διατάξεων, η γνωστοποίηση μεταβίβασης καθιστά την Εταιρεία αντιπρόσωπο του Πωλητή για την πώληση των μετοχών που καθορίζονται ειδικά στη γνωστοποίηση μεταβίβασης (από τώρα και στο εξής θα καλούνται «οι παραπάνω μετοχές»), σε μια ή περισσότερες μερίδες (lots) κατά την κρίση του Διοικητικού Συμβουλίου, σε άλλα μέλη της Εταιρείας εκτός από τον Πωλητή, σε τιμή, η οποία θα συμφωνηθεί μεταξύ του Πωλητή και των υπόλοιπων μελών της Εταιρείας ή σε περίπτωση διαφωνίας ή μη ύπαρξης τέτοιας συμφωνίας, στην τιμή την οποία κάθε φορά ελεγκτής της Εταιρείας σαν ειδικός εκτιμητής μετοχών και όχι σαν διαιτητής θα πιστοποιούσε ιδιόγραφα ως δίκαιη αξία των μετοχών αυτών, η οποία μπορεί να επιτευχθεί σε αγοραπωλησία που θα γίνει εκούσια και από τα δύο μέρη. Η γνωστοποίηση μεταβίβασης μπορεί να προνοεί ότι καμιά μετοχή δε θα πωληθεί, εκτός αν η Εταιρεία πωλήσει όλες τις μετοχές που περιλαμβάνονται στη γνωστοποίηση σύμφωνα με τον Κανονισμό αυτό. Κάθε πρόνοια η οποία τίθεται με αυτό τον τρόπο στη γνωστοποίηση μεταβίβασης είναι δεσμευτική για την Εταιρεία.

(δ)     Σε περίπτωση που θα εζητείτο από τον ελεγκτή να πιστοποιήσει δίκαιη τιμή, όπως αναφέρεται πιο πάνω, η Εταιρεία οφείλει μόλις πάρει το πιστοποιητικό του ελεγκτή, να εφοδιάσει τον Πωλητή με κυρωμένο αντίγραφο του πιστοποιητικού, και ο Πωλητής δικαιούται με γραπτή γνωστοποίηση που θα δώσει στην Εταιρεία μέσα σε δέκα μέρες αφότου του επιδόθηκε το παραπάνω κυρωμένο αντίγραφο, να ακυρώσει την εξουσιοδότηση που δόθηκε στην Εταιρεία για πώληση των παραπάνω μετοχών. Τα έξοδα έκδοσης του πιστοποιητικού βαρύνουν την Εταιρεία, εκτός αν ο Πωλητής με γνωστοποίηση του ακυρώσει την εξουσιοδότηση που δόθηκε στην Εταιρεία όπως αναφέρεται πιο πάνω, οπότε τα παραπάνω έξοδα βαρύνουν τον Πωλητή.

11

(ε) Μόλις καθοριστεί η τιμή, όπως αναφέρεται πιο πάνω και με τον όρο ότι ο Πωλητής δε θα ακύρωνε την εξουσιοδότηση που δόθηκε στην Εταιρεία σύμφωνα με τις πιο πάνω διατάξεις, η Εταιρεία πληροφορεί χωρίς αναβολή με γραπτή ειδοποίηση το κάθε ένα αμέλος, εκτός από τον Πωλητή και εκείνους που κατέχουν μόνο μετοχές υπαλλήλων μελών, για τον αριθμό και την τιμή των παραπάνω μετοχών και καλεί το κάθε ένα μέλος να δηλώσει γραπτώς στην Εταιρεία, μέσα σε είκοσι μία μέρες από την ημερομηνία της επίδοσης της ειδοποίησης (η ημερομηνία καθορίζεται στην ειδοποίηση αυτή) το μεγαλύτερο αριθμό των παραπάνω μετοχών (ολόκληρο τον αριθμό των μετοχών ή οποιοδήποτε αριθμό τους), που επιθυμεί να αγοράσει.

(ζ) Σε περίπτωση που τα παραπάνω μέλη θα αποτελούνταν μέσα στην προαναφερόμενη προθεσμία των είκοσι και μιας ημερών για ολόκληρο τον αριθμό ή, (εκτός αν καθορίζει διαφορετικά η γνωστοποίηση μεταβίβασης), για οποιοδήποτε αριθμό των παραπάνω μετοχών, το Διοικητικό Συμβούλιο παραχωρεί τις παραπάνω μετοχές (ή τον αριθμό μετοχών που δηλώθηκε, όπως αναφέρεται πιο πάνω) στους αιτητές ή ανάμεσα τους και σε περίπτωση ανταγωνισμού, σε αναλογία, όσο το δυνατό πλησιέστερη προς τον αριθμό των μετοχών στην Εταιρεία (εκτός από τις μετοχές των υπαλλήλων), για τις οποίες είναι εγγεγραμμένοι ή έχουν απόλυτο δικαίωμα να εγγραφούν ως κάτοχοι. Εννοείται ότι κανένας αιτητής δεν είναι υπόχρεος να αγοράσει περισσότερες από τον μεγαλύτερο αριθμό μετοχών που δηλώθηκαν απ' αυτόν, όπως αναφέρεται πιο πάνω. Η Εταιρεία γνωστοποιεί χωρίς να αμελήσει την παραχώρηση αυτή (από τώρα και στο εξής καλούμενη «γνωστοποίηση παραχώρησης») στον πωλητή, καθώς και στα πρόσωπα στα οποία παραχωρήθηκαν οι μετοχές, και καθορίζει στη γνωστοποίηση αυτή τον τόπο και το χρόνο (όχι νωρίτερα από δεκατέσσερις ημέρες και όχι αργότερα από είκοσι οκτώ ημέρες από την ημερομηνία της γνωστοποίησης), κατά τον οποίο θα πρέπει να περατωθεί η πώληση των μετοχών που παραχωρήθηκαν με τον τρόπο αυτό.

(η) Ο Πωλητής είναι υπόχρεος να μεταβιβάσει τις μετοχές που περιλαμβάνονται στη γνωστοποίηση παραχώρησης στους αγοραστές, τα ονόματα των οποίων αναφέρονται σ' αυτή, και κατά το χρόνο και τόπο που καθορίζονται σ' αυτή. Αν παραλείψει να το κάμει, ο Πρόεδρος της Εταιρείας ή άλλο πρόσωπο που διορίστηκε από το Διοικητικό Συμβούλιο, θεωρείται ως διορισμένος πληρεξούσιος αντιπρόσωπος του Πωλητή ο οποίος έχει πλήρη εξουσία για να προχωρήσει στην εκτέλεση, τη συμπλήρωση και τη μεταβίβαση των μετοχών στους αγοραστές τους στο όνομα και για λογαριασμό του πωλητή, έναντι της πληρωμής του τιμήματος στην Εταιρεία. Μόλις πληρωθεί το τίμημα στην Εταιρεία, ο αγοραστής θεωρείται ότι εκπλήρωσε τελείως τις υποχρεώσεις του που απορρέουν από την αγορά και μόλις γίνει η εκτέλεση και μεταβίβαση, έχει το δικαίωμα να απαιτήσει να καταχωριστεί το όνομα του στο Μητρώο των μελών ως κάτοχος των μετοχών που αγοράστηκαν από αυτόν μέσω μεταβίβασης. Η Εταιρεία προχωρεί, χωρίς αναβολή, στην πληρωμή του τιμήματος σε χωριστό τραπεζικό λογαριασμό στο όνομα της Εταιρείας και κατέχει το τίμημα αυτό σε trust για την πωλητή.

(θ) Ο Πωλητής έχει το δικαίωμα, σε οποιοδήποτε χρόνο μέσα σε έξι μήνες από τη λήξη της παραπάνω προθεσμίας των είκοσι και μιας ημερών που αναφέρεται στην παράγραφο (ε) του Κανονισμού αυτού, να μεταβιβάσει (με την τήρηση εν τούτοις των προνοιών του Κανονισμού 28), σε οποιοδήποτε πρόσωπο και σε οποιαδήποτε τιμή (όχι κατώτερη από αυτή που θα έχει καθοριστεί με βάση την παράγραφο (γ) του Κανονισμού αυτού), οποιαδήποτε μετοχή που δεν παραχωρήθηκε από το Διοικητικό Συμβούλιο στη γνωστοποίηση παραχώρησης. Εννοείται ότι, σε περίπτωση που ο Πωλητής θα όριζε στη γνωστοποίηση μεταβίβασης που κοινοποιήθηκε από αυτόν ότι καμιά μετοχή δε θα έπρεπε να πωληθεί, εκτός αν πωλούνταν όλες οι μετοχές που περιλαμβάνονται στην παραπάνω γνωστοποίηση μεταβίβασης, σύμφωνα με τον Κανονισμό αυτό, ο Πωλητής δεν έχει το δικαίωμα, εκτός αν υπάρχει γραπτή συγκατάθεση όλων των υπόλοιπων Μελών της Εταιρείας να προβεί στην πώληση μερικών μόνο από τις μετοχές, οι οποίες περιλαμβάνονται στη γνωστοποίηση μεταβίβασης που κοινοποιήθηκε από αυτόν.

(ι) Κάθε μέλος έχει το δικαίωμα να μεταβιβάσει οποιεσδήποτε μετοχές του προς το σύζυγο, το τέκνο, άλλο άμεσο συγγενή ή γονιό, αδελφό ή αδελφή του ή προς εταιρεία που ουσιαστικά ανήκει σε αυτό (beneficially owned) που ελέγχεται απ' αυτό. Οι μετοχές του μέλους που πέθανε μπορούν να μεταβιβαστούν από τους προσωπικούς αντιπροσώπους τους στο σύζυγο που εξακολουθεί να βρίσκεται στη ζωή, τέκνο άμεσο συγγενή ή γονιό, αδελφό ή αδελφή του παραπάνω μέλους που πέθανε. Μετοχές που βρίσκονται στο όνομα των διαχειριστών της περιουσίας (trustees) μέλους που πέθανε μπορούν να μεταβιβαστούν μόλις γίνει η αλλαγή των διαχειριστών (trustees) στους διαχειριστές (trustees) της περιουσίας αυτής, που συμβαίνει να είναι κάθε φορά. Σε περίπτωση που ένα μέλος της Εταιρείας είναι νομικό πρόσωπο, έχει το δικαίωμα να μεταβιβάσει οποιεσδήποτε μετοχές του σε εταιρεία που εξαρτάται από αυτό ή σε ιθύνουσα (holding) εταιρεία του ή σε εταιρεία που ελέγχεται από την ιθύνουσα αυτή εταιρεία. Τα δικαιώματα προτίμησης που προβλέπονται στον Κανονισμό αυτό, όπως αναφέρεται πιο πάνω, δεν

12

προκύπτουν εξαιτίας των πιο πάνω μεταβιβάσεων και ο Κανονισμός 28 θα πρέπει να διαβάζεται με βάση την παράγραφο αυτή.

Τα δικαιώματα προτίμησης που προβλέπονται στον Κανονισμό αυτό, όπως αναφέρεται πιο πάνω, δεν προκύπτουν εξαιτίας των πιο πάνω μεταβιβάσεων και ο Κανονισμός 28 θα πρέπει να διαβάζεται με βάση την παράγραφο αυτή.

## ΜΕΤΑΒΙΒΑΣΗ ΜΕΤΟΧΩΝ ΛΟΓΩ ΘΑΝΑΤΟΥ Ή ΠΤΩΧΕΥΣΗΣ

35.    Σε περίπτωση θανάτου μέλους της Εταιρείας, αυτός ή αυτοί που εξακολουθούν να ζουν, εφόσον αυτός που πέθανε ήταν κάτοχος μετοχών από κοινού με ένα ή περισσότερα πρόσωπα και οι νόμιμοι προσωπικοί αντιπρόσωποι αυτού που πέθανε, εφόσον αυτός ήταν μοναδικός κάτοχος, είναι τα μόνα πρόσωπα τα οποία θα αναγνωρίζονται από την Εταιρεία ότι έχουν δικαίωμα πάνω στο συμφέρον τους στις μετοχές. Δεν υπάρχει όμως ποτέ άλλο που περιλαμβάνεται στον Κανονισμό αυτό, το οποίο απαλλάσσει την περιουσία του προσώπου που πέθανε από οποιασδήποτε υποχρέωσή του σε σχέση με μετοχή η οποία κατεχόταν από αυτό από κοινού με άλλα πρόσωπα.

36.    Πρόσωπο που θα αποκτούσε δικαίωμα πάνω σε μετοχή, λόγω θανάτου ή πτώχευσης μέλους της Εταιρείας, έχει το δικαίωμα, αν παρουσιάσει αποδεικτικά στοιχεία όπως το κάθε φορά Διοικητικό Συμβούλιο κανονικά θα απαιτούσε και με την τήρηση των διατάξεων που θα λαμβάνονται από τώρα και στο εξής, να εκλέξει, είτε να εγγραφεί προσωπικά ως κάτοχος της μετοχής, είτε να υποδείξει κάποιο πρόσωπο για να εγγραφεί ως εκδοχέας της μετοχής. Και στις δύο περιπτώσεις ξεχωριστά, το Διοικητικό Συμβούλιο έχει το ίδιο δικαίωμα να αρνηθεί ή να αναστείλει την εγγραφή, όπως θα είχε και σε περίπτωση συμβατικής μεταβίβασης της μετοχής, που θα είχε γίνει από το παραπάνω μέλος, πριν από το θάνατο, ή, ανάλογα με την περίπτωση, της πτώχευσης του.

37.    Αν αυτός που αποκτά δικαίωμα με τον τρόπο αυτό πάνω στη μετοχή εκλέξει να εγγραφεί προσωπικά, τότε οφείλει να παραδώσει ή να αποστείλει στην Εταιρεία γραπτή ειδοποίηση υπογραμμένη από τον ίδιο στην οποία να φαίνεται η απόφασή του για το θέμα αυτό. Σε περίπτωση που θα έκαμνε εκλογή για υπόδειξη άλλου προσώπου για εγγραφή, οφείλει να εκφράσει την απόφασή του πάνω στο θέμα αυτό με τη διεξαγωγή των απαιτούμενων πράξεων για συμβατική μεταβίβαση της μετοχής στο πρόσωπο που επιλέγηκε με τον τρόπο αυτό. Όλοι οι περιορισμοί, απαγορεύσεις και πρόνοιες των κανονισμών αυτών, που αφορούν το δικαίωμα για συμβατική μεταβίβαση μετοχών, καθώς και την εγγραφή των μεταβιβάσεων που διεξάγονται, θα εφαρμόζονται και πάνω σε οποιαδήποτε ειδοποίηση ή μεταβίβαση, όπως αναφέρεται πιο πάνω, ως εάν ο θάνατος ή η πτώχευση του μέλους δεν είχε συμβεί, και η ειδοποίηση ή μεταβίβαση αποτελούσε συμβατική μεταβίβαση υπογραμμένη από το παραπάνω μέλος.

38.    Οποιοδήποτε πρόσωπο, το οποίο θα αποκτούσε δικαίωμα πάνω σε μετοχή, λόγω θανάτου ή πτώχευσης του κατόχου της μετοχής, έχει τα ίδια δικαιώματα όσον αφορά τα μερίσματα ή άλλες ωφέλειες, ως εάν να ήταν ο εγγραμμένος κάτοχος της μετοχής, όμως δε δικαιούται πριν από την εγγραφή του ως μέλους αναφορικά με αυτή ή ασκήσει οποιοδήποτε δικαίωμα, που απορρέει από την ιδιότητα του μέλους ως προς τις συνελεύσεις της Εταιρείας. Εννοείται εν πάση περιπτώσει, ότι το Διοικητικό Συμβούλιο μπορεί οποτεδήποτε θελήσει να καλέσει με ειδοποίηση για το σκοπό αυτό, οποιοδήποτε τέτοιο πρόσωπο, για να εκλέξει είτε να εγγραφεί προσωπικά είτε να μεταβιβάσει τη μετοχή. Σε περίπτωση που η χρονική προθεσμία των ενενήντα ημερών περάσει χωρίς να γίνει τίποτε, το Διοικητικό Συμβούλιο έχει το δικαίωμα να αναστείλει την πληρωμή οποιουδήποτε μερίσματος, επιμερίσματος (bonus) ή άλλου χρηματικού ποσού, πληρωτέου σε σχέση με τη μετοχή, μέχρι που να τηρηθούν όλοι οι όροι που τέθηκαν για το σκοπό αυτό.

## ΚΑΤΑΣΧΕΣΗ ΜΕΤΟΧΩΝ

39.    Σε περίπτωση που ένα μέλος της Εταιρείας θα παράλειπε να καταβάλει το ποσό για το οποίο κλήθηκε να πληρώσει πάνω στην αξία των μετοχών που κατέχει αλλά έχει ξένει ακόμα εξόφληση ή οποιαδήποτε δόση του ποσού αυτού, στην καθορισμένη ημέρα, το Διοικητικό Συμβούλιο έχει το δικαίωμα, σε οποιοδήποτε κατοπινό χρόνο, κατά τον οποίο το μέλος καθυστερεί την πληρωμή αυτή να του δώσει ειδοποίηση, με την οποία να απαιτεί εξόφληση του ποσού της κλήσης που δεν πληρώθηκε ακόμα ή οποιασδήποτε δόσης του ποσού αυτού μαζί με τον τυχόν δουλεμένο τόκο.

40.    Η ειδοποίηση πρέπει να καθορίζει την ημερομηνία (όχι νωρίτερα από δεκατέσσερις μέρες από την ημερομηνία της ειδοποίησης) κατά την οποία ή πριν την οποία θα πρέπει να γίνει η πληρωμή που καθορίζεται στην ειδοποίηση και αναφέρει ότι σε περίπτωση που δε θα γίνει πληρωμή στον καθορισμένο χρόνο ή πριν από αυτόν, οι μετοχές για τις οποίες εκδόθηκε η κλήση, θα υπόκεινται σε κατάσχεση.

13

41. Σε περίπτωση που το μέλος δε θα συμμορφωνόταν προς τους όρους μιας οποιασδήποτε τέτοιας ειδοποίησης, όπως αναφέρεται πιο πάνω, η μετοχή για την οποία εκδόθηκε η ειδοποίηση είναι δυνατό, σε οποιοδήποτε κατοπινό χρόνο, πριν να γίνει η απαιτούμενη πληρωμή μέσω ειδοποίησης, να κατασχεθεί με απόφαση του Διοικητικού Συμβουλίου για το θέμα αυτό.

42. Μια μετοχή που έχει κατασχεθεί είναι δυνατό να πωληθεί ή να διατεθεί με άλλο τρόπο, με όρους και τρόπο που θα καθοριστεί, κιαδ βούλημει από το Διοικητικό Συμβούλιο και η κατάσχεση είναι δυνατό να ακυρωθεί οποτεδήποτε πριν να γίνει η πώληση ή η διάθεση αυτή, με τους όρους που θα καθόριζε κάθε φορά και κατά βούληση το Διοικητικό Συμβούλιο.

43. Η κατάσχεση των μετοχών έχει ως αποτέλεσμα την απώλεια της ιδιότητας του μέλους αναφορικά με τις μετοχές που κατασχέθηκαν, σε καμιά όμως περίπτωση δεν καταργεί την υποχρέωση του προσώπου, οι μετοχές του οποίου κατασχέθηκαν, να πληρώσει στην Εταιρεία οποιοδήποτε ποσό, το οποίο, όταν έγινε η κατάσχεση, οφειλόταν στην Εταιρεία για τις μετοχές. Η υποχρέωση αυτή θα ξοφληθεί μόλις πληρώσει στην Εταιρεία ολόκληρο το ποσό του χρέους του, αναφορικά με τις μετοχές.

44. Γραπτή δήλωση, που έγινε σύμφωνα με το νόμο, ότι ο δηλών είναι μέλος του Διοικητικού Συμβουλίου ή ο γραμματέας της Εταιρείας και ότι μετοχή της Εταιρείας κατασχέθηκε κανονικά κατά την ημερομηνία που αναφέρεται στη δήλωση, είναι αδιαμφισβήτητη απόδειξη για όλα τα γεγονότα που αναφέρονται σε αυτή, εναντίον οποιουδήποτε προσώπου, το οποίο θα απαιτούσε δικαιώματα πάνω στη μετοχή. Η Εταιρεία έχει το δικαίωμα να δεχτεί την αντιπαροχή που τυχόν προσφέρθηκε για την πώληση ή διάθεση της μετοχής, και επιπλέον να μεταβιβάσει την μετοχή στα πρόσωπα στο οποίο αυτή πουλήθηκε ή διατέθηκε με άλλο τρόπο, για τον οποίο εγγράφεται ως κάτοχος της μετοχής. Με την εγγραφή του δεν έχει καμιά υποχρέωση να ενδιαφερθεί για τη χρήση που πιθανόν να πλήρωσε για την αγορά της μετοχής, και ο τίτλος του πάνω στη μετοχή δεν επηρεάζεται καθόλου από το παράτυπο και την ακυρότητα της διαδικασίας που τηρήθηκε κατά την πώληση ή διάθεση της μετοχής.

45. Οι πρόνοιες των κανονισμών αυτών που αφορούν την κατάσχεση εφαρμόζεται και στην περίπτωση ακόμη που δε θα πληρωνόταν οποτεδήποτε ποσό, το οποίο, με βάση τους όρους έκδοσης της μετοχής είναι πληρωτέο σε καθορισμένο χρόνο, είτε έναντι της ονομαστικής αξίας της μετοχής είτε της αξίας αυτής υπέρ το άρτιο, ως εάν το ποσό αυτό να ήταν πληρωτέο με βάση κλήση που εκδόθηκε και γνωστοποιήθηκε κανονικά.

## ΜΕΤΑΤΡΟΠΗ ΜΕΤΟΧΩΝ ΣΕ ΚΕΦΑΛΑΙΟ (STOCK)

46. Η Εταιρεία μπορεί ύστερα από λήψη συνηθισμένης απόφασης της να μετατρέψει οποιεσδήποτε ξοφλημένες μετοχές σε κεφάλαιο (stock) και να μετατρέψει ξανά οποιοδήποτε κεφάλαιο (stock) σε ξοφλημένες μετοχές οποιασδήποτε αξίας.

47. Οι κάτοχοι κεφαλαίου (stock) έχουν το δικαίωμα να το μεταβιβάζουν ή οποιοδήποτε μέρος του με τον ίδιο τρόπο και τους ίδιους κανονισμούς όπως και οι μετοχές, από τις οποίες προήλθε το κεφάλαιο (stock) πριν από τη μετατροπή τους, με τον πληησιέστερο κάτω από τις περιστάσεις τρόπο. Το Διοικητικό Συμβούλιο έχει το δικαίωμα να καθορίζει κάθε φορά το κατώτατο όριο που μεταβιβάσιμου κεφαλαίου (stock) με τον όρο ότι το ελάχιστο αυτό όριο δεν θα υπερβαίνει το ονομαστικό ποσό των μετοχών, από τις οποίες προήλθε.

48. Ανάλογα με το ποσό κεφαλαίου που κατέχουν, οι κάτοχοι κεφαλαίου (stock), έχουν τα ίδια δικαιώματα, προνόμια και ωφέλειες, όσον αφορά τα μερίσματα, το δικαίωμα ψήφου κατά τις συνελεύσεις της Εταιρείας και άλλα θέματα, ως εάν αυτοί να κατείχαν τις μετοχές, από τις οποίες προήλθε το κεφάλαιο (stock). Κανένα όμως τέτοιο προνόμιο ή ωφέλεια (εκτός από τη συμμετοχή στα μερίσματα και κέρδη της Εταιρείας, και επί πλέον, κατά τη διάλυση, στα στοιχεία Ενεργητικού), δε θα πρέπει να χορηγηθεί από κάποιο ποσό κεφαλαίου (stock), το οποίο αν υπήρχε σε μορφή μετοχών, δε θα παρείχε το προνόμιο αυτό ή την ωφέλεια αυτή.

49. Εκείνοι από τους Κανονισμούς της Εταιρείας, που εφαρμόζονται πάνω στις ξοφλημένες (paid - up) μετοχές, πρέπει να εφαρμόζονται και πάνω στο κεφάλαιο (stock) και οι λέξεις «μετοχή» και «μέτοχος» που περιέχονται σε αυτές θα πρέπει να ερμηνεύονται ότι περιλαμβάνουν και τις λέξεις «κεφάλαιο» (stock) και «κάτοχος κεφαλαίου» (stockholder) αντίστοιχα.

## ΜΕΤΑΒΟΛΗ ΚΕΦΑΛΑΙΟΥ

50. Η Εταιρεία μπορεί να αυξήσει το μετοχικό της κεφάλαιο με συνηθισμένη απόφαση που

14

παίρνει κάθε φορά. Το ποσό με το οποίο θα αυξηθεί το μετοχικό κεφάλαιο, καθώς και η αξία των μετοχών στις οποίες υποδιαιρείται το πιο πάνω ποσό καθορίζεται επίσης στην απόφαση αυτή.

51.    Η Εταιρεία μπορεί με συνηθισμένη απόφαση:

(α)    να ενοποιεί το μετοχικό της κεφάλαιο και να υποδιαιρεί ολόκληρο ή μέρος του σε μετοχές με μεγαλύτερη αξία από την αξία των μετοχών που ήδη υπάρχουν,

(β)    να υποδιαιρεί τις υφιστάμενες μετοχές ή οποιεσδήποτε από αυτές σε μετοχές μικρότερης αξίας από την αξία που καθορίζεται στο Ιδρυτικό Έγγραφο, αλλά σύμφωνα με τις διατάξεις του άρθρου 60 (1) (δ) του Νόμου,

(γ)    να ακυρώνει οποιεσδήποτε μετοχές οι οποίες κατά την ημερομηνία που θα αποφασιζόταν γι' αυτό δεν είχαν ληφθεί από κανένα και ούτε έγινε οποιαδήποτε συμφωνία γι' αυτό.

52.    Η Εταιρεία μπορεί, ύστερα από ειδική απόφαση να ελαττώσει το μετοχικό της κεφάλαιο, οποιοδήποτε αποθεματικό κεφάλαιο εξόφλησης (capital redemption reserve fund) ή οποιοδήποτε αποθεματικό από έκδοση μετοχών υπέρ το άρτιο (share premium account), σύμφωνα με τον τρόπο που προβλέπεται από τις διατάξεις του Νόμου και από τους όρους και προϋποθέσεις που καθορίζονται σε αυτό.

ΓΕΝΙΚΕΣ ΣΥΝΕΛΕΥΣΕΙΣ

53.    Η Εταιρεία συγκαλεί κάθε χρόνο πρόσθετα από οποιαδήποτε άλλη συνέλευση που θα μπορούσε να γίνει κατά το ίδιο έτος, γενική συνέλευση στην ετήσια γενική συνέλευση της η οποία καθορίζει ειδικά τη συνέλευση ως ετήσια γενική συνέλευση στις ειδοποιήσεις με τις οποίες αυτή συγκαλείται. Το χρονικό διάστημα μεταξύ μιας ετήσιας γενικής συνέλευσης της Εταιρείας και της ημερομηνίας της επόμενης γενικής συνέλευσης δεν πρέπει να υπερβαίνει τους δεκαπέντε μήνες. Εννοείται ότι σε περίπτωση που η Εταιρεία θα συγκαλούσε την πρώτη της γενική συνέλευση μέσα σε δεκαοκτώ μήνες από τη σύστασή της, δεν είναι ανάγκη να γίνει ετήσια γενική συνέλευση μέσα στο χρόνο που έγινε η σύστασή της ή τον επόμενο χρόνο. Η ετήσια γενική συνέλευση γίνεται σε χρόνο και τόπο που καθορίζει το Διοικητικό Συμβούλιο.

54.    Όλες οι γενικές συνελεύσεις, με εξαίρεση τις ετήσιες, ονομάζονται έκτακτες γενικές συνελεύσεις.

55.    Το Διοικητικό Συμβούλιο μπορεί, σε περίπτωση που θα το έκρινε ενδεδειγμένα, να συγκαλεί έκτακτη γενική συνέλευση. Έκτακτες γενικές συνελεύσεις μπορούν επίσης να γίνουν ύστερα από υποβολή αίτησης από το Διοικητικό Συμβούλιο, ή σε περίπτωση που το Διοικητικό Συμβούλιο θα παράλειπε να το κάμει, από τους ίδιους τους αιτητές (requisitions), σύμφωνα με τις διατάξεις του άρθρου 126 του Νόμου. Αν λόγω απουσίας σε οποιοδήποτε χρόνο, ορισμένων μελών του Διοικητικού Συμβουλίου στο εξωτερικό δεν είναι δυνατό να σχηματισθεί απαρτία, οποιοδήποτε από τα μέλη του Διοικητικού Συμβουλίου, ή δύο οποιαδήποτε μέλη της Εταιρείας μπορούν να συγκαλέσουν έκτακτη γενική συνέλευση όπως το Διοικητικό Συμβούλιο θα αποφάσιζε κατά τον πληρέστερο δυνατό τρόπο με τον οποίο συγκαλούνται συνελεύσεις από τους Συμβούλους.

ΕΙΔΟΠΟΙΗΣΗ ΓΙΑ ΣΥΓΚΛΗΣΗ ΓΕΝΙΚΗΣ ΣΥΝΕΛΕΥΣΗΣ

58.    Η ετήσια γενική συνέλευση καθώς και οποιαδήποτε συνέλευση που γίνεται με σκοπό τη λήψη ειδικής απόφασης, συγκαλούνται με γραπτή ειδοποίηση είκοσι και μιας τουλάχιστο ημερών. Οι υπόλοιπες συνελεύσεις της Εταιρείας, συγκαλούνται με γραπτή ειδοποίηση δεκατεσσάρων τουλάχιστον ημερών. Οι πιο πάνω προθεσμίες δεν περιλαμβάνουν τη μέρα κατά την οποία δίνεται ή θεωρείται ότι δόθηκε η ειδοποίηση, ούτε και τη μέρα, κατά την οποία σκοπεύει να προχωρήσει η γενική συνέλευση, στην οποία αναφέρεται η ειδοποίηση. Η ειδοποίηση καθορίζει τον τόπο, τη μέρα καθώς και την ώρα σύγκλησης της συνέλευσης και σε περίπτωση ειδικής εργασίας και τη γενική φύση της εργασίας αυτής και δίνεται με τον τρόπο που καθορίζεται από τώρα και στο εξής ή με άλλο τρόπο, όπως θα καθοριζόταν από την Εταιρεία μετά τη γενική συνέλευση, στα πρόσωπα, που με βάση τους κανονισμούς της Εταιρείας δικαιούνται να τους αποστέλλονται οι ειδοποιήσεις αυτές της Εταιρείας. Εννοείται ότι οι συνελεύσεις της Εταιρείας, που συγκαλούνται με ειδοποίηση μικρότερη από αυτή που καθορίζεται στον Κανονισμό αυτό, θεωρούνται ότι συγκλήθηκαν, εφόσον θα συμφωνούσαν γι' αυτό:

(α)    σε περίπτωση σύγκλησης ετήσιας συνέλευσης, όλα τα μέλη τα οποία δικαιούνται να παρευρίσκονται και να ψηφίζουν σε αυτή και

(β)    σε οποιαδήποτε άλλη περίπτωση η αριθμητική πλειοψηφία των μελών, που έχουν το δικαίωμα να παρευρεθούν και να ψηφίσουν κατά τη συνέλευση και που επιπλέον

15

κατέχουν μαζί όχι λιγότερο από 95% της ονομαστικής αξίας των μετοχών που παρέχουν το εν λόγω δικαίωμα μετοχών.

57.     Σε περίπτωση που δε δοθεί ειδοποίηση για σύγκληση συνέλευσης σε πρόσωπο που δικαιούται να παρευρεθεί σ' αυτή, ή λόγω τυχαίου συμβάντος ή λόγω μη λήψης της ειδοποίησης αυτής, δε σημαίνει ότι οι εργασίες της συνέλευσης, στην οποία αναφέρεται η ειδοποίηση, είναι άκυρες.

**ΔΙΑΔΙΚΑΣΙΑ ΚΑΤΑ ΤΙΣ ΓΕΝΙΚΕΣ ΣΥΝΕΛΕΥΣΕΙΣ**

58.     Όλες οι εργασίες που διεξάγονται κατά τις έκτακτες γενικές συνελεύσεις, καθώς και όλες οι εργασίες που διεξάγονται κατά την ετήσια γενική συνέλευση, εκτός από τον καθορισμό των μερισμάτων, της μελέτης των οικονομικών καταστάσεων, της εκθέσεως των συμβούλων και της εκθέσεως των ελεγκτών, της εκλογής συμβούλων, του διορισμού ελεγκτών, καθώς και του καθορισμού της αμοιβής τους, θεωρούνται ως εργασίες ειδικής φύσης.

59.     Καμιά εργασία δεν μπορεί να γίνει σε οποιαδήποτε γενική συνέλευση, εκτός αν σχηματιστεί απαρτία κατά την έναρξη των εργασιών της συνέλευσης. Δύο μέλη που παρευρίσκονται αυτοπροσώπως ή με πληρεξούσιο στη συνέλευση σχηματίζουν απαρτία, εκτός αν προνοείται διαφορετικά στο έγγραφο αυτό.

60.     Αν μέσα σε μισή ώρα μετά τον καθορισμένο χρόνο για τη συνέλευση δε σχηματισθεί απαρτία, η συνέλευση συγκλήθηκε ύστερα από αίτηση των μελών, διαλύεται. Σε οποιαδήποτε άλλη περίπτωση η συνέλευση αναβάλλεται για την ίδια μέρα της επόμενης εβδομάδας και κατά τον ίδιο χρόνο και τόπο ή για οποιαδήποτε άλλη μέρα, χρόνο και τόπο, όπως θα αποφασίζε κάθε φορά το Διοικητικό Συμβούλιο οπότε αν δεν υπάρξει και πάλι απαρτία για δεύτερη φορά μέσα σε μισή ώρα μετά από τον καθορισμένο χρόνο για τη συνέλευση, τα μέλη που παρευρίσκονται αποτελούν απαρτία.

61.     Όταν υπάρχει πρόεδρος του Διοικητικού Συμβουλίου, αυτός προεδρεύει κάθε φορά που γίνεται γενική συνέλευση. Όταν δεν υπάρχει πρόεδρος, ή σε περίπτωση που δεν παρουσιαστεί μέσα σε δεκαπέντε λεπτά μετά τον καθορισμένο χρόνο σύγκλησης της συνέλευσης ή όταν δεν θέλει να προεδρεύσει, τότε τα παρόντα μέλη του Διοικητικού Συμβουλίου εκλέγουν ένα από αυτούς για να προεδρεύσει στη συνέλευση.

62.     Αν σε μια συνέλευση δεν επιθυμεί κανένα μέλος να προεδρεύσει ή αν κανένα από τα μέλη δεν παρουσιαστεί μέσα σε δεκαπέντε λεπτά μετά τον καθορισμένο χρόνο για τη σύγκληση της συνέλευσης, τότε τα παρόντα μέλη εκλέγουν ένα απ' αυτούς για να προεδρεύσει στη συνέλευση.

63.     Με τη συγκατάθεση της συνέλευσης με απαρτία, ο πρόεδρος μπορεί (και σε περίπτωση εντολής της συνέλευσης είναι υπόχρεος), να αναβάλλει από καιρό σε καιρό τη συνέλευση και να καθορίζει άλλο χρόνο και τόπο σύγκλησης της συνέλευσης. Σε τέτοια περίπτωση, καμιά άλλη εργασία δεν θα διεξάγει εκτός από εκείνη που δεν περατώθηκε κατά τη συνέλευση που αναβλήθηκε. Σε περίπτωση που η συνέλευση αναβάλλεται για τριάντα ή περισσότερες ημέρες θα πρέπει να δοθεί ειδοποίηση για την αναβολή αυτή, όπως και στην περίπτωση της αρχικής συνέλευσης. Με την εξαίρεση των περιπτώσεων που αναφέρονται πιο πάνω, δεν επιβάλλεται η παροχή ειδοποίησης για τη συνέλευση που αναβλήθηκε ή για την εργασία που πρόκειται να διεξαχθεί σ' αυτή.

64.     Κατά τις γενικές συνελεύσεις τα ψηφίσματα που είναι για ψηφοφορία εγκρίνονται με ανάταση των χεριών, εκτός από τις περιπτώσεις, κατά τις οποίες (πριν ή μόλις ανακοινωθεί το αποτέλεσμα της ψηφοφορίας με ανάταση των χεριών) θα εξητείτο η διεξαγωγή μυστικής ψηφοφορίας.

(α)     από τον πρόεδρο, ή

(β)     από δύο τουλάχιστον μέλη που παρευρίσκονται αυτοπροσώπως ή με πληρεξούσιο αντιπρόσωπο, ή

(γ)     από οποιοδήποτε μέλος ή μέλη που παρευρίσκονται αυτοπροσώπως ή με πληρεξούσιο αντιπρόσωπο και που αντιπροσωπεύουν τουλάχιστον το ένα δέκατο από το σύνολο όλων των μελών που δικαιούνται να ψηφίσουν κατά τη συνέλευση, ή

(δ)     από ένα μέλος ή μέλη που κατέχουν μετοχές της Εταιρείας που παρέχουν το δικαίωμα για ψήφο κατά τη συνέλευση για τις οποίες πληρώθηκε συνολικό ποσό ίσο με το ένα δέκατο τουλάχιστον του ολικού ποσού, που πληρώθηκε πάνω σε όλες τις μετοχές που δίνουν το δικαίωμα αυτό.

Εκτός από την περίπτωση, κατά την οποία θα εξητείτο για το σκοπό αυτό η διεξαγωγή μυστικής ψηφοφορίας, δήλωση του προέδρου ότι ένα ψήφισμα εγκρίθηκε με ανάταση των χεριών (ομόφωνα ή με συγκεκριμένη πλειοψηφία) ή ότι απορρίφθηκε, και σχετική καταχώρηση στο βιβλίο Πρακτικών της Εταιρείας, αποτελούν αδιαμφισβήτητη απόδειξη του γεγονότος, χωρίς να χρειάζεται οποιαδήποτε απόδειξη ως προς τον αριθμό ή το ποσοστό που ψήφισαν υπέρ ή εναντίον της απόφασης αυτής.

Η αίτηση για διεξαγωγή μυστικής ψηφοφορίας μπορεί να ανακληθεί.

65.    Με εξαίρεση την πρόνοια του Κανονισμού 67, σε περίπτωση που θα ζητηθεί η κανονική διεξαγωγή μυστικής ψηφοφορίας, αυτή θα διεξαχθεί με τον τρόπο που καθορίζει ο πρόεδρος και το αποτέλεσμά της θα θεωρηθεί ως απόφαση της συνέλευσης κατά την οποία ζητήθηκε η διεξαγωγή μυστικής ψηφοφορίας.

66.    Σε περίπτωση ισοψηφίας, ύστερα από ψηφοφορία που έγινε είτε με ανάταση των χεριών, είτε μυστικά, ο πρόεδρος της συνέλευσης δεν έχει το δικαίωμα για δεύτερη ή «νικώσα» ψήφο.

67.    Η απαιτούμενη μυστική ψηφοφορία για την εκλογή προέδρου ή για αναβολή της συνέλευσης, διεξάγεται χωρίς αναβολή. Μυστική ψηφοφορία χρειάζεται να γίνει αναφορικά με οποιοδήποτε άλλο θέμα, διεξάγεται σε χρόνο που καθορίζει κάθε φορά ο Πρόεδρος της συνέλευσης και οποιαδήποτε άλλη εργασία εκτός από εκείνη για την οποία ζητήθηκε η διεξαγωγή μυστικής ψηφοφορίας μπορεί να συνεχιστεί πριν να προχωρήσει η διεξαγωγή της μυστικής ψηφοφορίας.

ΨΗΦΟΣ ΜΕΛΩΝ

68.    Με την επιφύλαξη των δικαιωμάτων και περιορισμών, που κάθε φορά επισυνάπτονται σε οποιαδήποτε τάξη ή τάξεις μετοχών, κάθε μέλος ξεχωριστά, που παρευρίσκεται προσωπικά στις ψηφοφορίες που διεξάγονται με ανάταση των χεριών, έχει το δικαίωμα μιας ψήφου. Στις μυστικές ψηφοφορίες έχει το δικαίωμα μιας ψήφου για κάθε μετοχή που κατέχει.

69.    Σε περίπτωση που η μετοχή κατέχεται από κοινού από περισσότερα από ένα πρόσωπα, γίνεται αποδεκτή η ψήφος του αρχαιότερου είτε αυτός ψηφίζει αυτοπροσώπως είτε με πληρεξούσιο αντιπρόσωπο, με αποτέλεσμα οι ψήφοι των υπολοίπων να αποκλείονται. Για το σκοπό αυτό η αρχαιότητα καθορίζεται με βάση τη σειρά με την οποία τα ονόματα φαίνονται στο μητρώο των μελών.

70.    Ένα μέλος, το οποίο είναι διανοητικά ανίκανο ή για το οποίο θα μπορούσε να εκδοθεί διάταγμα Δικαστηρίου με δικαιοδοσία πάνω στα πρόσωπα που είναι διανοητικά άρρωστα, μπορεί να ψηφίζει είτε κατά την ψηφοφορία που διεξάγεται με ανάταση των χεριών είτε κατά τη διεξαγωγή μυστικής ψηφοφορίας, μέσω του διαχειριστή της περιουσίας του, των επιτρόπων του (his committee), του παραλήπτη (receiver), του κηδεμόνα (curator bonus) ή άλλου προσώπου αυτά μπορούν να ψηφίζουν εφόσον πρόκειται για μυστική ψηφοφορία και με πληρεξούσιο αντιπρόσωπο.

71.    Κανένα μέλος δεν δικαιούται να ψηφίζει σε οποιαδήποτε γενική συνέλευση, εκτός αν πληρώσει όλα τα ποσά για τα οποία κλήθηκε να πληρώσει αναφορικά με τις μετοχές της Εταιρείας που κατέχει ή οποιοδήποτε άλλο ποσό, που πρέπει να πληρωθεί από αυτό και που έχει σχέση με τις μετοχές αυτές.

72.    Αναφορικά με το δικαίωμα ψήφου οποιουδήποτε, δεν μπορεί να υπάρξει ένσταση, παρά μόνο κατά τη συνέλευση ή, κατά τη συνέλευση που γίνεται ύστερα από αναβολή, κατά την οποία φαίνεται ή προσφέρεται η ψήφος που έχει σχέση με την ένσταση που έγινε. Και η ψήφος, η οποία δεν απαγορεύεται κατά τη συνέλευση αυτή, θεωρείται έγκυρη για όλους τους σκοπούς. Οποιαδήποτε τέτοια ένσταση που γίνεται έγκαιρα παραπέμπεται στον Πρόεδρο της συνέλευσης, η απόφαση του οποίου είναι τελεσίδικη.

73.    Σε περίπτωση μυστικής ψηφοφορίας τα μέλη μπορούν να ψηφίζουν είτε αυτοπροσώπως είτε μέσω του πληρεξούσιου αντιπροσώπου τους

74.    Το έγγραφο για το διορισμό του πληρεξούσιου αντιπροσώπου φέρει την υπογραφή του μέλους που τον διορίζει ή του αντιπροσώπου του που είναι γραπτώς και κατάλληλα εξουσιοδοτημένος, ή σε περίπτωση που αυτός που διορίζει είναι νομικό πρόσωπο, τη σφραγίδα του παραπάνω προσώπου ή την υπογραφή του αξιωματούχου ή αντιπροσώπου του που είναι κατάλληλα εξουσιοδοτημένος για αυτό. Ο πληρεξούσιος αντιπρόσωπος δεν είναι απαραίτητο να είναι μέλος της Εταιρείας.

75.    Το έγγραφο για το διορισμό πληρεξούσιου αντιπροσώπου, καθώς και το πληρεξούσιο ή

άλλο τυχόν έγγραφο εξουσιοδότησης με βάση το οποίο υπογράφηκε το έγγραφο του διορισμού ή αντίγραφο του πληρεξούσιου αυτού κατάλληλα κυρωμένο ή γραπτή εξουσιοδότηση θα πρέπει να κατατεθούν στο εγγεγραμμένο γραφείο της Εταιρείας ή σε οποιοδήποτε άλλο μέρος στην Κύπρο που καθορίζεται για το σκοπό αυτό στην ειδοποίηση με την οποία συγκαλείται η συνέλευση, σε οποιοδήποτε χρόνο πριν από τον καθορισμένο χρόνο για την αρχική συνέλευση ή τη συνέλευση που γίνεται ύστερα από αναβολή, κατά την οποία το πρόσωπο που αναφέρεται στο έγγραφο σκοπεύει να ψηφίσει ή σε περίπτωση μυστικής ψηφοφορίας, σε οποιοδήποτε χρόνο πριν από τον καθορισμένο χρόνο για τη διεξαγωγή της μυστικής ψηφοφορίας. Σε περίπτωση παράβασης οποιασδήποτε από τις πιο πάνω διατάξεις, το έγγραφο του διορισμού του πληρεξούσιου αντιπροσώπου δε θεωρείται έγκυρο.

76.    Το έγγραφο του διορισμού πληρεξουσίου αντιπροσώπου θα έχει τον ακόλουθο τύπο ή τον πλησιέστερο υπό τις περιστάσεις τύπο:

        "                    ΛΙΜΙΤΕΔ
        (Όνομα της Εταιρείας)
        Εγώ/Εμείς.................................από...................................μέλος/μέλη    της πιο πάνω αναφερόμενης Εταιρείας διορίζω/διορίζουμε ως πληρεξούσιο αντιπρόσωπο μου/μας τον.................................. από................... ή σε περίπτωση που δεν μπορεί αυτός, τον.............. από.............. για να ψηφίζει από μέρους μου/μας κατά την ετήσια έκτακτη, ανάλογα με την περίπτωση) γενική συνέλευση της Εταιρείας, η οποία θα συγκληθεί στις ......................... και σε οποιαδήποτε συνέλευση που θα συγκληθεί λόγω αναβολής.

77.    Υπογράφτηκε την..................... μέρα ................. του μηνός......... του έτους 20......
        Σης περιπτώσεις που ο σκοπός διορισμού του πληρεξούσιου αντιπροσώπου είναι να δοθεί στα μέλη η δυνατότητα να ψηφίσουν υπέρ ή εναντίον ενός ψηφίσματος, το έγγραφο του διορισμού πληρεξούσιου αντιπροσώπου θα έχει τον ακόλουθο τύπο ή τον πλησιέστερο υπό τις περιστάσεις, τύπο:

        "                    ΛΙΜΙΤΕΔ
        (Όνομα της Εταιρείας)
        Εγώ/Εμείς.................... ................ ........από.... ...................μέλος/μέλη    της πιο πάνω αναφερόμενης Εταιρείας διορίζω/διορίζουμε το(ν) ........................ από .............. ή σε περίπτωση που δεν μπορεί αυτός, το(ν) ........................ από .............. ως πληρεξούσιο αντιπρόσωπο μου/μας για να ψηφίσει από μέρος μου/μας κατά την ετήσια ή έκτακτη, ανάλογα με την περίπτωση) γενική συνέλευση της Εταιρείας, η οποία θα συγκληθεί την ....................... μέρα του μηνός ...... του έτους 20..... και σε οποιαδήποτε συνέλευση που πρόκειται να συγκληθεί ύστερα από αναβολή.
        Υπογράφτηκε την..............μέρα του μηνός...........του έτους 20....

        Ο τύπος αυτός θα χρησιμοποιηθεί υπέρ*/εναντίον του ψηφίσματος. Ο πληρεξούσιος αντιπρόσωπος ψηφίζει κατά βούληση, εκτός αν του δοθούν άλλες οδηγίες.
        * Απαλείψετε ότι δεν εφαρμόζεται στην περίπτωση.

78.    Το έγγραφο του διορισμού πληρεξούσιου αντιπροσώπου θεωρείται ότι παρέχει σε αυτόν την εξουσία να ζητήσει την διεξαγωγή μυστικής ψηφοφορίας ή να συμμετέχει στην αίτηση που υποβάλλεται για το σκοπό αυτό.

79.    Ψήφος που δόθηκε σύμφωνα με τους όρους πληρεξούσιου εγγράφου θεωρείται έγκυρη και αν ακόμα συνέβαινε ο θάνατος ή η πνευματική ανικανότητα του μέλους που έδωσε την εξουσιοδότηση ή ανάκληση του πληρεξούσιου εγγράφου ή της εξουσιοδότησης, με βάση την οποία εκδόθηκε το πληρεξούσιο έγγραφο ή μεταβίβαση της μετοχής για την οποία γινόταν λόγος στο πληρεξούσιο έγγραφο, εφόσον δεν παραλήφθηκε στο γραφείο της Εταιρείας γραπτή γνωστοποίηση των πιο πάνω συμβάντων, πριν από την έναρξη της συνέλευσης ή της συνέλευσης ύστερα από αναβολή, κατά την οποία έγινε χρήση του πληρεξούσιου εγγράφου.

80.    Με την τήρηση των διατάξεων του Νόμου, γραπτή απόφαση η οποία φέρει την υπογραφή όλων των μελών, τα οποία κάθε φορά έχουν το δικαίωμα να παίρνουν ειδοποίηση για σύγκληση γενικών συνελεύσεων να παρευρίσκονται και να ψηφίζουν σε αυτές (ή σε περίπτωση νομικών προσώπων την υπογραφή των εξουσιοδοτημένων αντιπροσώπων τους), είναι έγκυρη και έχει τις ίδιες νομικές συνέπειες ως εάν η απόφαση είχε ψηφιστεί σε συνέλευση της Εταιρείας που συγκλήθηκε και έγινε κανονικά. Η απόφαση αυτή δύναται να αποτελείται από περισσότερα έγγραφα του ίδιου τύπου, το καθένα από τα οποία φέρει την υπογραφή ενός ή περισσότερων μελών ή των αντιπροσώπων τους και σε περίπτωση νομικών προσώπων μελών της Εταιρείας, την υπογραφή μέλους του Διοικητικού

18

Συμβουλίου του ή άλλου εξουσιοδοτημένου αξιωματούχου ή διορισμένου πληρεξούσιου αντιπροσώπου του.

## ΝΟΜΙΚΑ ΠΡΟΣΩΠΑ ΠΟΥ ΕΝΕΡΓΟΥΝ ΜΕ ΑΝΤΙΠΡΟΣΩΠΟΥΣ ΣΤΙΣ ΣΥΝΕΛΕΥΣΕΙΣ

81. Οποιοδήποτε νομικό πρόσωπο, μέλος της Εταιρείας, μπορεί ύστερα από απόφαση του Διοικητικού Συμβουλίου ή άλλου διοικητικού οργάνου, να εξουσιοδοτεί κατά την κρίση του οποιοδήποτε πρόσωπο για να ενεργεί ως αντιπρόσωπος του σε οποιαδήποτε συνέλευση της Εταιρείας ή οποιασδήποτε τάξης μελών της Εταιρείας. Το πρόσωπο που εξουσιοδοτείται με τον τρόπο αυτό έχει το δικαίωμα να ασκεί για λογαριασμό και από μέρους του νομικού προσώπου, το οποίο αντιπροσωπεύει τις εξουσίες εκείνες που θα μπορούσε το νομικό πρόσωπο να ενασκήσει, αν ήταν μέλος της Εταιρείας ως φυσικό πρόσωπο.

## ΔΙΟΙΚΗΤΙΚΟ ΣΥΜΒΟΥΛΙΟ

82. Ο αριθμός των μελών του Διοικητικού Συμβουλίου δεν πρέπει να είναι κατώτερος από ένα και δεν θα υπάρχει ανώτατο όριο αριθμού μελών, εκτός αν η Εταιρεία αποφασίσει διαφορετικά σε Γενική Συνέλευση. Τα πρώτα μέλη του Διοικητικού Συμβουλίου της Εταιρείας πρέπει να διορίζονται γραπτώς από τους υπογραφείς του Ιδρυτικού Εγγράφου ή από την πλειονότητα τους και στην περίπτωση αυτή δεν είναι ανάγκη να γίνει σύγκληση οποιασδήποτε συνέλευσης.

83. Η αμοιβή των μελών του Διοικητικού Συμβουλίου καθορίζεται κάθε φορά από την Εταιρεία σε γενική συνέλευση. Η αμοιβή αυτή καθορίζεται πάντοτε σε ημερήσια βάση. Στα μέλη του Διοικητικού Συμβουλίου μπορούν επίσης να καταβάλλονται όλα τα έξοδα διακίνησης, τα ξενοδοχειακά και άλλα παρόμοια τα οποία θα ξοδεύοταν κανονικά για την προσέλευση τους στις συνελεύσεις του Διοικητικού Συμβουλίου ή των επιτρόπων του ή στις γενικές συνελεύσεις της Εταιρείας ή για εργασίες της Εταιρείας.

84. Η προϋπόθεση για κατοχή μετοχών από τα μέλη του Διοικητικού Συμβουλίου μπορεί να καθοριστεί από την Εταιρεία σε γενική συνέλευση, και μέχρι που να γίνει αυτό, μια τέτοια κατοχή δεν είναι αναγκαία.

85. Τα μέλη του Διοικητικού Συμβουλίου της Εταιρείας, μπορεί να είναι ή να γίνουν μέλη του Διοικητικού Συμβουλίου ή άλλοι αξιωματούχοι ή να έχουν άλλα συμφέροντα σε οποιαδήποτε άλλη εταιρεία, την ίδρυση της οποίας θα προωθούσε η Εταιρεία ή στην οποία αυτή έχει συμφέροντα ως μέτοχος, ή με άλλο τρόπο, και δεν έχουν καμιά υποχρέωση να λογοδοτήσουν στην Εταιρεία για το θέμα της αμοιβής ή άλλες ωφέλειες που απολαμβάνουν λόγω της ιδιότητας τους αυτής ή των συμφερόντων που έχουν στην άλλη εταιρεία εκτός αν η Εταιρεία καθορίσει διαφορετικά.

## ΚΑΝΟΝΙΣΜΟΙ ΓΙΑ ΤΗ ΔΙΟΙΚΗΣΗ ΙΔΙΩΤΙΚΗΣ ΕΤΑΙΡΕΙΑΣ

## ΠΕΡΙΟΡΙΣΜΕΝΗΣ ΕΥΘΥΝΗΣ ΜΕ ΕΝΑ ΚΑΙ ΜΟΝΑΔΙΚΟ ΜΕΛΟΣ .

86. Οι κανονισμοί, οι οποίοι περιέχονται στο Μέρος I του Πίνακα Α (με εξαίρεση τους Κανονισμούς 24, 53, 111(α) και 112 που δεν εφαρμόζονται), τυγχάνουν εφαρμογής στο μέτρο που αυτοί επαναλαμβάνονται ή περιλαμβάνονται στους κανονισμούς αυτούς.

Η εταιρεία είναι ιδιωτική και έχει ένα και μοναδικό μέλος.

Το μοναδικό μέλος της εταιρείας ασκεί όλες τις εξουσίες της γενικής συνελεύσεως, δυνάμει του παρόντος Νόμου, νοουμένου πάντοτε ότι οι αποφάσεις που θα λαμβάνονται από το μέλος αυτό σε γενικές συνελεύσεις θα καταγράφονται σε πρακτικά, ή θα καταρτίζονται γραπτώς.

Οι συμβάσεις, οι οποίες συνάπτονται μεταξύ του μοναδικού μέλους και της Εταιρείας, καταγράφονται σε πρακτικά, ή καταρτίζονται γραπτώς, εκτός αν αφορούν τις τρέχουσες πράξεις της εταιρείας που συνάπτονται υπό κανονικές συνθήκες.

## ΕΞΟΥΣΙΑ ΓΙΑ ΣΥΝΑΨΗ ΔΑΝΕΙΩΝ

87. Το Διοικητικό Συμβούλιο μπορεί να ασκεί όλες τις εξουσίες της Εταιρείας για σύναψη χρηματικών δανείων. Επιπρόσθετα μπορεί επίσης να επιβαρύνει ή να υποθηκεύει την επιχείρηση, την περιουσία καθώς και το κεφάλαιο της που δεν έχει ακόμα κληθεί για πληρωμή ή μέρος αυτών, να εκδίδει ομόλογα, χρεωστικά ομόλογα (debentures and debenture stock) και άλλα χρεόγραφα χρεωστικά ομόλογα οποιουδήποτε χρέους, ευθύνης ή υποχρέωσης της Εταιρείας ή οποιουδήποτε τρίτου προσώπου, είτε ανεξάρτητα

19

από τέτοια εξασφάλιση.

**ΕΞΟΥΣΙΕΣ ΚΑΙ ΚΑΘΗΚΟΝΤΑ ΜΕΛΩΝ ΤΟΥ ΔΙΟΙΚΗΤΙΚΟΥ ΣΥΜΒΟΥΛΙΟΥ**

88.     Οι εργασίες της Εταιρείας διευθύνονται από το Διοικητικό Συμβούλιο, το οποίο μπορεί να πληρώνει όλες τις δαπάνες που γίνονται για την ίδρυση και εγγραφή της Εταιρείας και να ασκεί όλες τις εξουσίες της εταιρείας εκτός από εκείνες, οι οποίες, σύμφωνα με το Νόμο ή τους Κανονισμούς αυτούς, πρέπει να ασκούνται από την Εταιρεία σε γενική συνέλευση, με την τήρηση όμως των κανονισμών αυτών, των διατάξεων του Νόμου και των σχετικών εσωτερικών κανονισμών, που δεν είναι αντίθετοι προς τους παραπάνω κανονισμούς ή διατάξεις, όπως θα καθορίζει κάθε φορά η Εταιρεία σε γενική συνέλευση. Σε καμιά όμως περίπτωση δεν μπορεί εσωτερικός κανονισμός που εκδόθηκε από την Εταιρεία σε γενική συνέλευση να καταστήσει άκυρη οποιαδήποτε προηγούμενη πράξη του Διοικητικού Συμβουλίου, η οποία θα ήταν έγκυρη αν δεν εκδίδετο ο εσωτερικός αυτός κανονισμός.

89.     Το Διοικητικό Συμβούλιο μπορεί να διορίζει κάθε φορά με πληρεξούσιο έγγραφο, οποιαδήποτε εταιρεία, οίκο ή πρόσωπο ή οργανισμό προσώπων που καθορίζεται από αυτό άμεσα ή έμμεσα για να ενεργεί ως πληρεξούσιος ή πληρεξούσιοι αντιπρόσωποι (attorneys) της Εταιρείας. Το Διοικητικό Συμβούλιο θα καθορίζει κατά την κρίση του τους σκοπούς, για τους οποίους γίνεται η πληρεξουσιοδότηση αυτή, τις εξουσίες, περιλαμβανομένων και των διακριτικών εξουσιών, καθώς και εξουσιοδοτήσεις που έχουν οι πληρεξούσιοι  που διορίζονται με τον τρόπο αυτό (σε καμιά όμως περίπτωση οι εξουσιοδοτήσεις αυτές δεν επιτρέπεται να υπερβαίνουν τις εξουσίες, τις οποίες, με βάση τους Κανονισμούς αυτούς το Διοικητικό Συμβούλιο έχει ή μπορεί να ασκεί) καθώς επίσης και τη χρονική περίοδο και τους όρους με τους οποίους αυτή παρέχεται. Το Διοικητικό Συμβούλιο μπορεί να περιλάβει στο πληρεξούσιο έγγραφο, κατά την κρίση του, όρους που σκοπό έχουν την προστασία και διευκόλυνση των προσώπων που συναλλάσσονται με τους πληρεξούσιους αντιπροσώπους. Επιπλέον, το Διοικητικό Συμβούλιο μπορεί να εξουσιοδοτεί τον πληρεξούσιο αντιπρόσωπό του που διορίζεται με τον τρόπο αυτό, για να μεταβιβάζει όλες ή μερικές από τις εξουσίες που έχει, περιλαμβανομένων και των διακριτικών εξουσιών και εξουσιοδοτήσεων.

90.     Η Εταιρεία μπορεί να ασκεί τις εξουσίες που της χορηγούνται από το άρθρο 36 του Νόμου, αναφορικά με τη χρήση της επίσημης σφραγίδας στο εξωτερικό και οι εξουσίες αυτές θα περιέλθουν στο Διοικητικό Συμβούλιο.

91.     Η Εταιρεία μπορεί να ασκεί τις εξουσίες που της χορηγούνται από τα άρθρα 114 ως 117 (και των δύο περιλαμβανομένων) του Νόμου, σε ότι αφορά την τήρηση Μητρώων Μελών (Dominion Register) εκτός της έδρας της. Το Διοικητικό Συμβούλιο μπορεί (με την τήρηση των διατάξεων των παραπάνω άρθρων), να εκδίδει ή να τροποποιεί κανονισμούς, κατά την κρίση του, που διέπουν την τήρηση οποιουδήποτε τέτοιου Μητρώου.

92.

(1)     Κάθε μέλος του Διοικητικού Συμβουλίου, το οποίο έχει οποιοδήποτε συμφέρον άμεσο ή έμμεσο, σε σύμβαση ή σε σύμβαση που πρόκειται να γίνει με την Εταιρεία, πρέπει να δηλώσει τη φύση του συμφέροντος του σε συνεδρία του Διοικητικού Συμβουλίου, σύμφωνα με τις διατάξεις του άρθρου 191 του Νόμου.

(2)     Τα μέλη του Διοικητικού Συμβουλίου, μπορούν να ψηφίζουν αναφορικά με οποιαδήποτε σύμβαση ή σύμβαση που πρόκειται να γίνει η συμφωνία και αν συμβαίνει να έχουν οποιοδήποτε συμφέρον σε αυτή, σε περίπτωση που θα ψηφίζει, η ψήφος τους καταμετράται και η παρουσία τους λαμβάνεται υπόψη, για να φανεί αν σχηματίσθηκε απαρτία σε οποιαδήποτε συνέλευση του Διοικητικού Συμβουλίου, στην οποία θα μπορούσε να παρουσιαστεί για μελέτη οποιαδήποτε τέτοια σύμβαση ή σύμβαση που πρόκειται να γίνει η συμφωνία.

(3)     Τα μέλη του Διοικητικού Συμβουλίου μπορούν να κατέχουν οποιοδήποτε άλλο αξίωμα ή θέση στην Εταιρεία που να τους αποκομίζει κέρδη (εκτός από τη θέση του Ελεγκτή) επιπρόσθετα προς την ιδιότητα τους ως μελών του Διοικητικού Συμβουλίου για τόσο χρόνο και με τέτοιους όρους (όσον αφορά την αμοιβή ή οτιδήποτε άλλο) όπως θα αποφασίζε το Διοικητικό Συμβούλιο κάθε φορά. Η ιδιότητα του μέλους του Διοικητικού Συμβουλίου ή του ενδεχομένου μέλους δεν το εμποδίζει να συνάψει συμβάσεις με την Εταιρεία, είτε σε ότι αφορά την απόκτηση οποιουδήποτε άλλου αξιώματος ή θέσης που να του αποκομίζει κέρδη, είτε ως πωλητή, αγοραστή ή οτιδήποτε άλλο. Επιπλέον, το γεγονός ότι σε μια τέτοια σύμβαση ή οποιαδήποτε άλλη σύμβαση ή συμφωνία που έγινε από ή για λογαριασμό της Εταιρείας, ένα μέλος του Διοικητικού Συμβουλίου κατέχει οποιοδήποτε συμφέρον, δεν ακυρώνει τις πιο πάνω πράξεις. Τα μέλη του Διοικητικού Συμβουλίου, τα οποία θα υπέγραψαν συμφωνία με την Εταιρεία ή τα οποία κατέχουν οποιοδήποτε συμφέρον όπως αναφέρεται πιο πάνω, δεν έχουν καμιά υποχρέωση απέναντι στην Εταιρεία να λογοδοτήσουν για το κέρδος που πραγματοποίησαν από μια

20

τέτοια σύμβαση ή συμφωνία, παρά μόνο ότι κατέχουν την ιδιότητα αυτή καθώς και την εμπιστευτική θέση που δημιουργήθηκε με βάση την ιδιότητα αυτή.

(4)  Τα μέλη του Διοικητικού Συμβουλίου μπορούν με την επαγγελματική τους ιδιότητα, να ενεργούν είτε προσωπικά είτε μέσω του οίκου που ανήκουν, για την Εταιρεία, και δικαιούνται αμοιβής για τις επαγγελματικές υπηρεσίες που πρόσφεραν, χωρίς να λαμβάνεται υπόψη η ιδιότητά τους ως μελών του Διοικητικού Συμβουλίου. Εννοείται, όμως, ότι τα μέλη αυτά ή ο οίκος στον οποίο ανήκουν, δεν μπορούν σε καμία περίπτωση να αναλάβουν καθήκοντα Ελεγκτή της Εταιρείας.

93.  Η υπογραφή, έκδοση, αποδοχή, οπισθογράφηση ή με άλλο τρόπο εκτέλεση επιταγών, γραμματίων, σε διαταγή (promissory notes) συναλλαγματικών και άλλων τίτλων στον κομιστή, ανάλογα με την περίπτωση, καθώς και οποιασδήποτε απόδειξης για καταβολή χρημάτων στην Εταιρεία, θα πρέπει να γίνεται με τον τρόπο που το Διοικητικό Συμβούλιο θα ορίζε κάθε φορά με απόφασή του.

94.  Το Διοικητικό Συμβούλιο θα φροντίσει για την καταχώρηση σα βιβλία που τηρούνται για το σκοπό αυτό:

(α)  οποιουδήποτε διορισμού αξιωματούχων που έγινε από το Διοικητικό Συμβούλιο,

(β)  των ονομάτων των μελών του Διοικητικού Συμβουλίου που παρευρίσκονται σε κάθε συνεδρία του Διοικητικού Συμβουλίου ή οποιασδήποτε επιτροπής του,

(γ)  των αποφάσεων που λαμβάνονται και των εργασιών που διεξάγονται κατά τις συνελεύσεις της Εταιρείας, τις συνεδρίες του Διοικητικού Συμβουλίου και των επιτροπών του.

ΣΥΝΤΑΞΕΙΣ

95.  Το Διοικητικό Συμβούλιο μπορεί να χορηγεί συντάξεις αφυπηρετήσεις ή ετήσια εισοδήματα ή άλλα φιλοδωρήματα ή επιδόματα καθώς και χορηγήματα λόγω θανάτου, σε οποιοδήποτε πρόσωπο, για υπηρεσίες που πρόσφερε στην Εταιρεία, είτε ως διευθύνων σύμβουλος ή ως άλλος αξιωματούχος ή υπάλληλος της Εταιρείας, είτε ως διευθύνων σύμβουλος ή ως άλλος αξιωματούχος ή υπάλληλος της Εταιρείας, είτε έμμεσα ως αξιωματούχος ή υπάλληλος οποιασδήποτε άλλης εξαρτημένης (subsidiary) από την εταιρεία αυτή, συμβληομένης (associated) ή συγγενικής φύσης (allied) εταιρείας, ανεξάρτητα αν είναι ή υπήρξε και μέλος του Διοικητικού Συμβουλίου της εταιρείας. Η Εταιρεία έχει το δικαίωμα να κάμει πληρωμές για ασφάλειες, τραστ (trust), σχέδια ή ταμεία για τους πιο πάνω σκοπούς σε σχέση με το πρόσωπο αυτό και μπορεί να περιλάβει τα δικαιώματα, που αφορούν τις συντάξεις αυτές, τα ετήσια εισοδήματα και επιδόματα, στους όρους πρόσληψης οποιουδήποτε τέτοιου προσώπου.

ΚΑΘΑΙΡΕΣΗ ΜΕΛΩΝ ΤΟΥ ΔΙΟΙΚΗΤΙΚΟΥ ΣΥΜΒΟΥΛΙΟΥ

96.  Η θέση οποιουδήποτε από τα μέλη του Διοικητικού Συμβουλίου χηρεύει όταν αυτό:

(α)  χάσει την ιδιότητα αυτή σύμφωνα με το άρθρο 176 του Νόμου, ή

(β)  κηρύξει πτώχευση ή κάμει διευθετήσεις ή έλθει σε συμβιβασμό με τους πιστωτές του γενικά, ή

(γ)  στερηθεί του δικαιώματος να γίνει μέλος του Διοικητικού Συμβουλίου με βάση το διάταγμα που εκδόθηκε σύμφωνα με τις διατάξεις του άρθρου 180 του Νόμου, ή

(δ)  γίνει διανοητικά ανίκανος, ή

(ε)  παραιτηθεί από τη θέση του με έγγραφο που κοινοποιεί στην Εταιρεία.

ΔΙΟΡΙΣΜΟΙ ΕΠΙΠΡΟΣΘΕΤΩΝ ΔΙΟΙΚΗΤΙΚΩΝ ΣΥΜΒΟΥΛΩΝ ΚΑΙ ΠΑΥΣΕΙΣ ΔΙΟΙΚΗΤΙΚΩΝ ΣΥΜΒΟΥΛΩΝ

97.  Το Διοικητικό Συμβούλιο έχει σε οποιαδήποτε στιγμή και από καιρό σε καιρό εξουσία να διορίζει κάθε φορά οποιοδήποτε πρόσωπο ως μέλος του είτε για πλήρωση κάποιας κενής θέσης είτε ως πρόσθετο μέλος προς τα ήδη υπάρχοντα μέλη του Διοικητικού Συμβουλίου, με τον όρο ότι ο συνολικός αριθμός των μελών αυτών δεν υπερβαίνει σε καμία περίπτωση τον καθορισμένο αριθμό σύμφωνα με τους Κανονισμούς αυτούς. Κάθε μέλος του Διοικητικού Συμβουλίου που διορίζεται με τον τρόπο αυτό θα παραμένει στη θέση του μόνο μέχρι την επόμενη ετήσια γενική συνέλευση, οπότε δικαιούται να εκλεγεί πάλι.

21

98.    Η Εταιρεία μπορεί να παύει, με συνηθισμένη απόφαση που γνωστοποιείται ειδικά, σύμφωνα με το άρθρο 136 του Νόμου, οποιοσδήποτε από τα μέλη του Διοικητικού Συμβουλίου πριν από τη λήξη της θητείας του, ανεξάρτητα από οποιήποτε περιλαμβάνεται στους κανονισμούς αυτούς ή σε συμφωνία που έγινε μεταξύ της Εταιρείας και του μέλους αυτού. Η παύση αυτή δεν επηρεάζει καθόλου οποιαδήποτε απαίτηση για αποζημίωση, την οποία το μέλος αυτό μπορεί να έχει λόγω της παράβασης των όρων οποιασδήποτε σύμβασης υπηρεσίας μεταξύ του και της Εταιρείας.

99.    Η Εταιρεία μπορεί σε οποιαδήποτε στιγμή και από καιρό σε καιρό (χωρίς να επηρεάζονται οι εξουσίες του Διοικητικού Συμβουλίου με βάση τον Κανονισμό 96) να διορίζει με συνηθισμένη απόφαση της οποιοδήποτε πρόσωπο ως μέλος του Διοικητικού Συμβουλίου και να καθορίζει την περίοδο για την οποία το πρόσωπο αυτό θα κατέχει τη θέση.

ΔΙΑΔΙΚΑΣΙΑ ΚΑΤΑ ΤΙΣ ΣΥΝΕΔΡΙΕΣ ΤΟΥ ΔΙΟΙΚΗΤΙΚΟΥ ΣΥΜΒΟΥΛΙΟΥ

100.    Το Διοικητικό Συμβούλιο έχει το δικαίωμα να συνέρχεται για διεξαγωγή εργασιών και να αναβάλλει ή να ρυθμίζει τα θέματα των συνεδριών του κατά την κρίση του.
Η σύγκληση για συνεδρία του Διοικητικού Συμβουλίου μπορεί να πραγματοποιηθεί οποτεδήποτε το ζητήσει οποιοσδήποτε από τα μέλη του Διοικητικού Συμβουλίου ή ο γραμματέας που οφείλει να το κάμει ύστερα από αίτηση κάποιου μέλους του Διοικητικού Συμβουλίου. Σε όλα τα μέλη του Διοικητικού Συμβουλίου που συμβαίνει κάθε φορά να απουσιάζουν από την Κύπρο, τα οποία θα κοινοποιούσαν στην Εταιρεία την εγγεγραμμένη διεύθυνση τους εκτός της Κύπρου, θα δίνεται 96ωρη τουλάχιστον προειδοποίηση για την επικείμενη σύγκληση συνεδρίας του Διοικητικού Συμβουλίου. Όλες οι συνεδρίες του Διοικητικού Συμβουλίου καθώς και των Επιτροπών του συγκαλούνται στην Κύπρο όπου βρίσκεται και η διαχείριση και ο έλεγχος της Εταιρείας.

101.    Οι αποφάσεις των Διευθυντών θα λαμβάνονται κατά πλειοψηφία.
Το Διοικητικό Συμβούλιο μπορεί να καθορίσει την απαρτία που χρειάζεται για τη διεξαγωγή των εργασιών του και σε περίπτωση που δεν θα την καθορίζε, τότε ένας διευθυντής που παρευρίσκεται σε μια συνεδρία αυτοπροσώπως ή με αναπληρωτή, αποτελεί απαρτία.

102.    Τα ενεργά μέλη του Διοικητικού Συμβουλίου μπορούν να ασκούν τα καθήκοντα τους και αν ακόμα παραμένει κενή η θέση οποιουδήποτε από τα μέλη του, σε περίπτωση όμως που ο αριθμός των μελών θα μειωνόταν κάτω από τον αριθμό που καθορίζεται από ή που είναι σύμφωνα με τους κανονισμούς της εταιρείας, που είναι απαραίτητος για να σχηματιστεί απαρτία, τα ενεργά μέλη ή ανάλογα με την περίπτωση το ενεργό μέλος του Διοικητικού Συμβουλίου, μπορούν να ενεργούν ως μέλη, μόνο με σκοπό ο αριθμός τους να φθάσει τον καθορισμένο αριθμό ή με σκοπό να πραγματοποιηθεί σύγκληση γενικής συνελεύσεως της Εταιρείας, όχι όμως για οποιοδήποτε άλλο σκοπό.

103.    Το Διοικητικό Συμβούλιο μπορεί να εκλέγει πρόεδρο των συνεδριών του και να καθορίζει την περίοδο για την οποία θα κατέχει το αξίωμα αυτό σε περίπτωση που δε θα εκλεγόταν πρόεδρος ή σε περίπτωση που ο πρόεδρος που εκλέχτηκε δεν παρουσιαστεί σε μια συνεδρία, μέσα σε πέντε λεπτά από τον καθορισμένο χρόνο για τη σύγκληση της συνεδρίας, τα παρόντα μέλη του Διοικητικού Συμβουλίου έχουν το δικαίωμα να εκλέξουν ένα από αυτούς, για να προεδρεύσει κατά τη συνεδρία.

104.    Το Διοικητικό Συμβούλιο μπορεί να μεταβιβάσει οποιεσδήποτε από τις εξουσίες του σε επιτροπή ή επιτροπές που αποτελούνται από ένα ή περισσότερα μέλη του που καθορίζονται από το Διοικητικό Συμβούλιο, κατά την κρίση του. Οποιαδήποτε τέτοια επιτροπή θα πρέπει να συμμορφώνεται κατά την άσκηση των εξουσιών που μεταβιβάστηκαν σ' αυτή με τους κανονισμούς που τυχόν επιβλήθηκαν σ' αυτή από το Διοικητικό Συμβούλιο, σχετικά με τις εξουσίες της, τη συγκρότηση της, τη διαδικασία που επικρατεί ενώπιον της, την απαρτία ή οποιήποτε άλλο.

105.    Κάθε μια επιτροπή μπορεί να εκλέγει πρόεδρο για τις συνεδρίες της στην περίπτωση που δε θα εκλεγόταν πρόεδρος με τρόπο αυτό ή σε περίπτωση που ο πρόεδρος που εκλέχτηκε δεν παρουσιαστεί σε μια συνεδρία μέσα σε πέντε λεπτά από τον καθορισμένο χρόνο για σύγκληση της συνεδρίας, τα παρόντα μέλη μπορούν να εκλέξουν ένα από αυτά για να προεδρεύσει κατά τη συνεδρία.

106.    Με την τήρηση των κανονισμών, που τυχόν της επιβλήθηκαν από το Διοικητικό Συμβούλιο, κάθε επιτροπή μπορεί να συνέρχεται και να αναβάλλει τις συνεδρίες της όπως κρίνει ορθό και να παίρνει αποφάσεις για τα ζητήματα που παρουσιάζονται με πλειοψηφία των μελών που παρευρίσκονται.

107.    Όλες οι πράξεις που διεξάγονται από οποιαδήποτε συνεδρία του Διοικητικού Συμβουλίου

22

ή επιτροπής του ή από οποιοδήποτε πρόσωπο που  ενεργεί με την ιδιότητα του μέλους του Διοικητικού Συμβουλίου, είναι έγκυρες ακόμα και σε περίπτωση που αργότερα θα αποκαλυπτόταν ότι υπήρχε κάποιο ελάττωμα στο διορισμό οποιουδήποτε τέτοιου μέλους ή προσώπου που ενεργεί όπως αναφέρεται πιο πάνω ή ότι τα μέλη αυτά ή οποιαδήποτε από αυτά δεν κατείχαν τα απαραίτητα προσόντα για το σκοπό αυτό. Οι πράξεις αυτές θεωρούνται τόσον έγκυρες, ως εάν ένα τέτοιο πρόσωπο είχε κανονικά διορισθεί και είχε τα αναγκαία προσόντα για το διορισμό του ως μέλος του Διοικητικού Συμβουλίου.

108.

Γραπτή απόφαση, υπογραμμένη ή εγκεκριμένη με επιστολή ή τηλεομοιότυπο (facsimile) από το καθένα μέλος του Διοικητικού Συμβουλίου ή αναπληρωτή του, είναι έγκυρη και έχει τις ίδιες νομικές συνέπειες ως εάν αυτή είχε εγκριθεί σε συνεδρία του συγκληθέντος και πραγματοποιηθείσα κανονικά από το Διοικητικό Συμβούλιο. Σε περίπτωση ενυπόγραφης απόφασης αυτή μπορεί να αποτελείται από περισσότερα από ένα έγγραφα, το καθένα από τα οποία θα φέρει την υπογραφή ενός ή περισσοτέρων από τα παραπάνω πρόσωπα.

### ΑΝΑΠΛΗΡΩΤΕΣ ΜΕΛΩΝ ΤΟΥ ΔΙΟΙΚΗΤΙΚΟΥ ΣΥΜΒΟΥΛΙΟΥ

109.

(α) Καθένα από τα μέλη του Διοικητικού  Συμβουλίου έχει εξουσία να υποδείχνει κάθε φορά άλλο μέλος του Διοικητικού Συμβουλίου ή οποιοδήποτε άλλο μη μέλος του Διοικητικού Συμβουλίου, για να ενεργεί ως αναπληρωτής του, και επιπλέον έχει διακριτική εξουσία να τον παύει.

(β) Ο αναπληρωτής ενός μέλους του Διοικητικού  Συμβουλίου υπόκειται από όλες τις απόψεις (εκτός σε 6,τι αφορά την εξουσία για διορισμό αναπληρωτή και την αμοιβή), στους όρους που διέπουν τα υπόλοιπα μέλη του Διοικητικού Συμβουλίου και έχει το δικαίωμα να του αποστέλλονται όλες οι ειδοποιήσεις που αφορούν τις συνεδρίες του Διοικητικού Συμβουλίου και να παρευρίσκεται, να παίρνει το λόγο και να ψηφίζει σε οποιαδήποτε τέτοια συνεδρία κατά την οποία δεν παρευρίσκεται το μέλος του Διοικητικού Συμβουλίου που αναπληρώνεται από αυτόν.

(γ) Ένα πρόσωπο μπορεί να αναπληρώνει περισσότερα από ένα μέλη του Διοικητικού Συμβουλίου και για όσο χρόνο ενεργεί ως αναπληρωτής, για περισσότερα από ένα μέλη, δικαιούται να έχει χωριστή ψήφο, για καθένα μέλος του Διοικητικού  Συμβουλίου ξεχωριστά που αναπληρώνει και σε περίπτωση που είναι συνάμα και μέλος του Διοικητικού Συμβουλίου, δικαιούται και τη δική του ψήφο, τόσες ψήφους, όσα είναι και τα μέλη που αναπληρώνει.

(δ) Ο διορισμός ή η παύση ενός προσώπου που αναπληρώνει ένα μέλος του Διοικητικού Συμβουλίου, μπορεί να γίνει με επιστολή ή τηλεομοιότυπο ή με οποιοδήποτε άλλο εγκεκριμένο από το Διοικητικό Συμβούλιο τρόπο. Το τηλεομοιότυπο πρέπει να επιβεβαιωθεί το συντομότερο δυνατό με επιστολή, στο μεταξύ όμως η Εταιρεία μπορεί να ενεργεί με βάση το τηλεομοιότυπο αυτό.

(ε) Μόλις το μέλος του Διοικητικού Συμβουλίου χάσει την ιδιότητα του μέλους με άλλο τρόπο ή λόγω κένωσης της θέσης του σε συνεδρία της Εταιρείας, κατά την οποία εκλέγεται ξανά, το πρόσωπο που διορίζεται από αυτό όπως προνοείται πιο πάνω, δεν έχει πλέον οποιαδήποτε εξουσία ή εξουσιοδότηση να ενεργεί ως αναπληρωτής του παραπάνω μέλους.

(ζ) Τα μέλη του Διοικητικού Συμβουλίου δεν έχουν καμιά ευθύνη για τις πράξεις και παραλείψεις των αναπληρωτών που διορίζονται από αυτούς.

(η) Ο αναπληρωτής ενός μέλους του Διοικητικού Συμβουλίου δεν λαμβάνεται καθόλου υπόψη κατά τον υπολογισμό του μεγαλύτερου ή μικρότερου αριθμού μελών του Διοικητικού Συμβουλίου που επιτρέπονται κάθε φορά, λαμβάνεται όμως υπόψη σε περίπτωση που πρόκειται να υπολογιστεί αν υπάρχει απαρτία σε κάποια συνεδρία του Διοικητικού Συμβουλίου στην οποία παρευρίσκεται και έχει το δικαίωμα ψήφου.

### ΔΙΕΥΘΥΝΩΝ ΣΥΜΒΟΥΛΟΣ

110.

Το Διοικητικό Συμβούλιο έχει το δικαίωμα να διορίζει κάθε φορά ένα ή περισσότερα από τα μέλη του ως Διευθύνοντες Συμβούλους για περίοδο και με όρους που καθορίζονται κάθε φορά από αυτό κατά την κρίση του, με τον τρόπο που θεωρεί ενδεδειγμένο και με την τήρηση των όρων οποιασδήποτε συμφωνίας που έγινε σε κάθε μια ειδική περίπτωση, μπορεί να ανακαλεί τον διορισμό που έγινε με τον τρόπο αυτό. Ο διορισμός θα τερματίζεται οπωσδήποτε, σε περίπτωση που για οποιοδήποτε λόγω χάσει την ιδιότητά του ως μέλους του Διοικητικού Συμβουλίου.

111.

Ο Διευθύνων Σύμβουλος δικαιούται να παίρνει αμοιβή (είτε υπό μορφή μισθού, προμήθειας ή συμμετοχής στα κέρδη, είτε μερικώς με τον ένα ή μερικώς με τον άλλο

23

τρόπο) όπως θα αποφάσιζε κάθε φορά το Διοικητικό Συμβούλιο.

112.     Το Διοικητικό Συμβούλιο μπορεί να αναθέτει και να μεταβιβάζει στο Διευθύνοντα Σύμβουλο οποιαδήποτε εξουσία που ασκεί αυτό, επισυνάπτοντας στις εξουσίες αυτές τους όρους και περιορισμούς που καθορίζονται, κατά την κρίση του, κάθε φορά από αυτό. Οι εξουσίες που μεταβιβάζονται με τον τρόπο αυτό μπορούν να ασκούνται είτε παράλληλα με το Διοικητικό Συμβούλιο είτε αποκλειστικά και μόνο από το Διευθύνοντα Σύμβουλο, με την προϋπόθεση ότι το Διοικητικό Συμβούλιο μπορεί κάθε φορά να ανακαλεί, να αναστέλλει, ή να τροποποιεί όλες ή μερικές από τις εξουσίες που μεταβιβάζονται με τον τρόπο αυτό.

O ΓΡΑΜΜΑΤΕΑΣ

113.     Ο Γραμματέας διορίζεται από το Διοικητικό Συμβούλιο το οποίο διορίζει συνάμα, κατά την κρίση του, την περίοδο, την αμοιβή και τους υπόλοιπους όρους, με τους οποίους θα προχωρήσει ο διορισμός αυτός. Το Διοικητικό Συμβούλιο μπορεί να παύει οποιονδήποτε Γραμματέα διορίζεται με τον τρόπο αυτό.

114.     Κανένας δεν μπορεί να διοριστεί ή να κατέχει τη θέση Γραμματέα εφόσον αυτός είναι:
(α)     το μόνο μέλος του Διοικητικού Συμβουλίου της Εταιρείας, ή

(β)     νομικό πρόσωπο, του οποίου το μόνο μέλος του Διοικητικού Συμβουλίου είναι συγχρόνως και το μόνο μέλος του Διοικητικού Συμβουλίου της Εταιρείας, ή

(γ)     το μόνο μέλος του Διοικητικού Συμβουλίου ενός νομικού προσώπου, το οποίο είναι το μόνο μέλος του Διοικητικού Συμβουλίου της Εταιρείας.

115.     Σε περίπτωση που μια διάταξη του Νόμου ή των Κανονισμών αυτών επιβάλλει ή εξουσιοδοτεί μια πράξη να ενεργηθεί από ένα μέλος του Διοικητικού Συμβουλίου και του Γραμματέα ή στα πρόσωπα αυτά, τότε η διάταξη αυτή δε θεωρείται ότι έχει συμπληρωθεί, εφόσον η πιο πάνω πράξη γίνεται από το ίδιο πρόσωπο ή προς το ίδιο πρόσωπο, το οποίο εκτελεί τα χρέη τόσο του μέλους του Διοικητικού Συμβουλίου όσο και του Γραμματέα ή αναπληρώνει το Γραμματέα.

H ΣΦΡΑΓΙΔΑ

116.     Το Διοικητικό Συμβούλιο φροντίζει για την ασφαλή φύλαξη της σφραγίδας, η οποία χρησιμοποιείται μόνο με εξουσιοδότηση του Διοικητικού Συμβουλίου ή επιτροπής του που έχει εξουσιοδοτηθεί για το σκοπό αυτό από το Διοικητικό Συμβούλιο. Οποιοδήποτε έγγραφο το οποίο θα σφραγίζεται με τη σφραγίδα αυτή, πρέπει να φέρει την υπογραφή ενός μέλους του Διοικητικού Συμβουλίου ή από άλλο πρόσωπο που διορίζεται για το σκοπό αυτό από το Διοικητικό Συμβούλιο.

ΜΕΡΙΣΜΑΤΑ ΚΑΙ ΑΠΟΘΕΜΑΤΙΚΟ

117.     Η Εταιρεία έχει το δικαίωμα να καθορίζει σε γενική συνέλευση μερίσματα, κανένα όμως μέρισμα δεν μπορεί να υπερβαίνει το μέρισμα που προτείνει το Διοικητικό Συμβούλιο.

118.     Το Διοικητικό Συμβούλιο έχει το Δικαίωμα να πληρώνει κάθε φορά στα μέλη ενδιάμεσα μερίσματα, τα οποία θα φαίνονται σε αυτό ως δικαιολογημένα από τα κέρδη της Εταιρείας.

119.     Όλα τα μερίσματα θα πληρώνονται από τα κέρδη και με κανένα άλλο τρόπο.

120.     Το Διοικητικό Συμβούλιο μπορεί, πριν να προτείνει οποιοδήποτε μέρισμα να κρατήσει κατά την κρίση του μερικά ποσά από τα κέρδη της Εταιρείας ως αποθεματικό ή αποθεματικά, τα οποία το Διοικητικό Συμβούλιο έχει τη διακριτική εξουσία να χρησιμοποιεί για οποιοδήποτε σκοπό ενώ όπου τα κέρδη της Εταιρείας μπορούν να χρησιμοποιηθούν κατάλληλα και μέχρι που να χρησιμοποιηθούν με τον τρόπο αυτό, το Διοικητικό Συμβούλιο έχει διακριτική εξουσία να τα διαθέτει για τις επιχειρήσεις ή εργασίες της Εταιρείας ή να τα τοποθετεί στις επενδύσεις που από καιρό σε καιρό επιλέγει το Διοικητικό Συμβούλιο κατά την κρίση του. Το Διοικητικό Συμβούλιο μπορεί, επιπρόσθετα, να μεταφέρει για άλλη χρήση και να μην τα περιλάβει στο αποθεματικό της Εταιρείας, κέρδη που δε θα θεωρήσει ορθό να διανείμει.

121.     Με τη διαφύλαξη των δικαιωμάτων των προσώπων, τα οποία τυχόν δικαιούνται να κατέχουν μετοχές που συνεπάγονται ειδικά δικαιώματα αναφορικά με το μέρισμα, τα μερίσματα καθορίζονται και πληρώνονται ανάλογα με τα ποσά που πληρώθηκαν ή πιστώθηκαν ως πληρωμένα για τις μετοχές αναφορικά με τις οποίες πληρώνεται το

24

μέρισμα. Σε περίπτωση όμως που οποιοδήποτε ποσό πληρωθεί και πιστωθεί ως πληρωμένο για κάποια μετοχή πριν να γίνει η κλήση με την οποία σχετίζεται το ποσό αυτό δεν υπολογίζεται για τους σκοπούς του κανονισμού αυτού ως πληρωμένα ποσά για τη μετοχή. Όλα τα μερίσματα καταμερίζονται και πληρώνονται κατά αναλογία προς τα ποσά, τα οποία πληρώθηκαν ή πιστώθηκαν ως πληρωμένα για τις μετοχές, κατά τη διάρκεια οποιουδήποτε τμήματος ή τμημάτων της περιόδου, για την οποία πληρώνεται το μέρισμα. Σε περίπτωση όμως που μια μετοχή εκδίδεται με όρους που καθορίζουν ότι το μέρισμα πάνω στη μετοχή αυτή είναι πληρωτέο από μια, ειδική, καθορισμένη ημερομηνία, η μετοχή αυτή αρχίζει να αποφέρει μέρισμα σύμφωνα με τους όρους αυτούς.

122.    Το Διοικητικό Συμβούλιο μπορεί να αφαιρεί από όλα τα μερίσματα που είναι πληρωτέα στα μέλη, οποιοδήποτε ποσό (αν υπάρχει) που είναι άμεσα πληρωτέο από αυτό στην Εταιρεία λόγω κλήσεων ή με άλλο τρόπο, αναφορικά με τις μετοχές που κατέχει στην Εταιρεία.

123.    Γενική συνέλευση που καθορίζει το μέρισμα ή επιμέρισμα (bonus) μπορεί να αποφασίζει να καταβληθεί αυτό στο σύνολο του ή μερικώς, με τη διανομή ειδικών στοιχείων ενεργητικού, κυρίως ξοφλημένων μετοχών, ομολόγων ή χρεωστικών ομολόγων (debentures ή debenture stock) της Εταιρείας η οποιασδήποτε άλλης εταιρείας ή με άλλο τρόπο. Το Διοικητικό Συμβούλιο εκτελεί την απόφαση αυτή και σε περίπτωση που προκύψει οποιαδήποτε δυσκολία ως προς τη διανομή αυτή το Διοικητικό Συμβούλιο θα την διευθετήσει όπως κρίνει ενδεδειγμένο. Πιο ειδικά μπορεί να εκδίδει κλασματικά πιστοποιητικά και να καθορίσει την αξία για διανομή των ειδικών αυτών στοιχείων ενεργητικού ή οποιουδήποτε μέρους τους και να μπορεί να αποφασίσει ότι οι πληρωμές τοις μετρητοίς σε οποιοδήποτε μέλη θα γίνονται με βάση την αξία που καθορίζεται με τον τρόπο αυτό με σκοπό να διακανονιστούν τα δικαιώματα όλων των μερών. Επιπλέον, μπορεί να εκχωρεί καθορίσει την αξία για διανομή των ειδικών αυτών στοιχείων ενεργητικού σε επιτρόπους (trustees),  όπως το Διοικητικό Συμβούλιο θα έκρινε κάθε φορά.

124.    Η πληρωμή των μερισμάτων, τόκων ή άλλων χρηματικών ποσών που είναι πληρωτέα τοις μετρητοίς αναφορικά με μετοχές μπορεί να γίνει με επιταγή ή ένταλμα πληρωμής (warrant), το οποίο αποστέλλεται ταχυδρομικώς στην εγγεγραμμένη διεύθυνση του κατόχου ή σε περίπτωση που οι κάτοχοι της ίδιας μετοχής είναι περισσότεροι από ένας, στην εγγεγραμμένη πρώτο στο Μητρώο των Μελών ή το πρόσωπο και στην διεύθυνση που ο κάτοχος πληρωμής εκδίδονται στη διαταγή του προσώπου προς το οποίο αποστέλλονται. Σε περίπτωση που οι δύο ή περισσότερα πρόσωπα κατέχουν μετοχές από κοινού, οποιοσδήποτε από τους κατόχους μπορεί να εκδίδει έγκυρες αποδείξεις για οποιαδήποτε μερίσματα, επιμερίσματα (bonus) ή άλλα χρηματικά ποσά που είναι πληρωτέα αναφορικά με τις μετοχές που κατέχουν από κοινού.

125.    Κανένα μέρισμα δεν αποφέρει τόκο σε βάρος της Εταιρείας.

ΛΟΓΑΡΙΑΣΜΟΙ

126.    Το Διοικητικό Συμβούλιο θα φροντίσει για την τήρηση κατάλληλων λογιστικών βιβλίων αναφορικά με:

(α)    οποιοδήποτε χρηματικό ποσό που εισπράττεται και ξοδεύεται από την εταιρεία, καθώς και οποιοδήποτε ζήτημα αναφορικά με το οποίο γίνονται οι εισπράξεις και οι πληρωμές,

(β)    οποιαδήποτε πώληση και αγορά εμπορευμάτων από την Εταιρεία, και

(γ)    το ενεργητικό και παθητικό της Εταιρείας.
Τα βιβλία που προτούνται για να θεωρούνται κατάλληλα, πρέπει να περιλαμβάνουν όλα τα λογιστικά βιβλία που είναι απαραίτητα για να παρέχουν αληθινή και δίκαιη εικόνα της κατάστασης των υποθέσεων της Εταιρείας και να εξηγούν τις συναλλαγές της.

127.    Τα λογιστικά βιβλία πρέπει να φυλάσσονται στο εγγεγραμμένο γραφείο της Εταιρείας, ή με την τήρηση του άρθρου 141(3) του Νόμου, σε άλλο μέρος ή μέρη που καθορίζονται από το Διοικητικό Συμβούλιο κατά την κρίση του και επιπλέον είναι πάντοτε ανοιχτά για επιθεώρηση από το Διοικητικό Συμβούλιο και το Διοικητικό Συμβούλιο θα μεριμνά για την τήρηση του άρθρου 141 του Νόμου εν γένει.

128.    Το Διοικητικό Συμβούλιο αποφασίζει κάθε φορά αν και μέχρι ποιού βαθμού, σε ποιές ώρες, σε ποιά μέρη και κάτω από ποιούς όρους και κανονισμούς οι λογαριασμοί και τα βιβλία της Εταιρείας ή οποιοδήποτε από αυτά θα είναι ανοιχτά για επιθεώρηση από μέλη της Εταιρείας που δεν μετέχουν στο Διοικητικό Συμβούλιο. Κανένα μέλος (που δεν μετέχει στο Διοικητικό Συμβούλιο), δεν έχει οποιοδήποτε δικαίωμα να επιθεωρήσει οποιοδήποτε λογαριασμό ή βιβλίο ή έγγραφο της Εταιρείας, εκτός στο βαθμό που θα του παραχωρηθεί το δικαίωμα αυτό από νόμο ή σε περίπτωση που θα εξουσιοδοτηθεί για αυτό από το

Διοικητικό Συμβούλιο ή από την Εταιρεία σε γενική συνέλευση.

129.

Το Διοικητικό Συμβούλιο μεριμνά ώστε να καταρτίζονται και να παρουσιάζονται ενώπιον της Εταιρείας και εντός των χρονικών διαστημάτων που ορίζονται στο εδάφιο (1) του άρθρου 152.

130.

Αντίγραφο των εγγράφων που αναφέρονται στο εδάφιο (1) του άρθρου 152 του Νόμου, τα οποία πρόκειται να τεθούν ενώπιον της Εταιρείας σε γενική συνέλευση, μαζί με αντίγραφο της έκθεσης των ελεγκτών, αποστέλλονται 21 τουλάχιστον ημέρες πριν από την ημερομηνία της συνέλευσης, σε κάθε ένα από τα μέλη της Εταιρείας, σε κάθε ένα κάτοχο ομολόγων της Εταιρείας, καθώς και σε κάθε ένα εγγεγραμμένο πρόσωπο σύμφωνα με τον Κανονισμό 37.

Εννοείται ότι ο Κανονισμός αυτός δεν καθορίζει υποχρεωτικά να αποστέλλονται αντίγραφα των παραπάνω εγγράφων σε πρόσωπα η διεύθυνση των οποίων είναι άγνωστη στην Εταιρεία ή σε περισσότερο από ένα πρόσωπο που κατέχουν από κοινού μετοχές ή ομόλογα της Εταιρείας.

## ΚΕΦΑΛΑΙΟΠΟΙΗΣΗ ΚΕΡΔΩΝ

131.

Η Εταιρεία σε γενική συνέλευση μπορεί, με σύσταση του Διοικητικού Συμβουλίου, να αποφασίσει ότι η κεφαλαιοποίηση οποιουδήποτε μέρους του ποσού είναι ανεπιθύμητη, ποσό που κάθε φορά είναι πιστωμένο σε οποιοδήποτε λογαριασμό αποθεματικού της Εταιρείας ή που είναι πιστωμένο στο λογαριασμό κερδοζημιών ή το οποίο είναι διαθέσιμο με άλλο τρόπο για σκοπούς διανομής και ανάλογα, να αποδεσμεύει το ποσό αυτό για διανομή στα μέλη, τα οποία θα είχαν δικαιώματα σε αυτό, αν διανεμόταν με τη μορφή μερίσματος και με τις ίδιες αναλογίες, με τον όρο ότι αυτό δε θα καταβληθεί σε μετρητά και ότι θα διατεθεί είτε για την εξόφληση είτε έναντι της εξόφλησης των από καιρού εις καιρό απλήρωτων ακόμα ποσών για μετοχές που κατέχονται από τα μέλη αυτά αντίστοιχα ή για την πλήρη εξόφληση μετοχών που δεν εκδόθηκαν ή ομολόγων της Εταιρείας, οι οποίες θα παραχωρηθούν και θα διανεμηθούν πιστωμένες ως πλήρως εξοφλημένες στα μέλη αυτά και ανάμεσα σε αυτά με τις εν λόγω αναλογίες ή μερικώς με τον ένα και μερικώς με τον άλλο τρόπο, και ο Διοικητικό Συμβούλιο θα εκτελέσει την απόφαση α.. .... ..... ότι τ. αποδεσμικώ από την έκδοση μετοχών υπέρ το άρτιο και το αποθεμ... .ο για την εξόφληση κεφαλαίου μπορεί για τους σκοπούς του κανονισμού αυτού να δίνεται μόνο για την εξόφληση μετοχών που δεν εκδόθηκαν και οι οποίες θα εκδοθούν σε μέλη της Εταιρείας ως πλήρως εξοφλημένες δωρεάν μετοχές (bonus shares).

132.

Σε περίπτωση που θα ληφθεί απόφαση, όπως αναφέρεται πιο πάνω, το Διοικητικό Συμβούλιο προβαίνει στη διάθεση και χρήση των κερδών που δεν διανεμήθηκαν, για τα οποία αποφασίστηκε η κεφαλαιοποίηση με τον τρόπο αυτό, καθώς και στην τυχόν παραχώρηση και έκδοση εξοφλημένων μετοχών ή ομολόγων. Το Διοικητικό Συμβούλιο γενικά κάνει ότι απαιτείται για την εφαρμογή της συμφωνίας αυτής προς το σκοπό αυτό έχει πλήρη εξουσία να παίρνει τις αναγκαίες, κατά την κρίση του, πρόνοιες με την έκδοση πιστοποιητικών που παρέχουν δικαίωμα πάνω σε κλάσμα μετοχών ή με πληρωμή σε μετρητά ή με άλλο τρόπο, για την περίπτωση μετοχών ή ομολόγων που πρέπει να διανεμηθούν σε κλάσματα. Επιπλέον το Διοικητικό Συμβούλιο εξουσιοδοτεί οποιοδήποτε πρόσωπο για να συνάπτει, από μέρους όλων των μελών που έχουν τέτοιο δικαίωμα, συμφωνία με την Εταιρεία σχετικά με την παραχώρηση σε αυτά, αντίστοιχα, οποιωνδήποτε πρόσθετων μετοχών ή ομολόγων που είναι πιστωμένα ως εξοφλημένα προς τις οποίες τυχόν να δικαιούνται κατά την κεφαλαιοποίηση ή ανάλογα με την κάθε περίπτωση που θα παρουσιαστεί, την εξόφληση μέρους των ποσών που παραμένουν απλήρωτα πάνω στις υφιστάμενες μετοχές τους, με τη διάθεση των αντίστοιχων αναλογιών τους στα κέρδη για τα οποία αποφασίστηκε η κεφαλαιοποίηση. Συμφωνία η οποία γίνεται με βάση την εξουσιοδότηση αυτή, θεωρείται έγκυρη και δεσμευτική για όλα αυτά τα μέλη.

## ΕΛΕΓΧΟΣ ΛΟΓΑΡΙΑΣΜΩΝ

133.

Οι ελεγκτές διορίζονται και τα καθήκοντα τους ρυθμίζονται σύμφωνα με τα άρθρα 153 μέχρι 156 (περιλαμβανομένων και των δύο) του Νόμου.

## ΕΙΔΟΠΟΙΗΣΕΙΣ

134.

Οι ειδοποιήσεις επιδίδονται από την Εταιρεία στα μέλη τους είτε προσωπικά είτε ταχυδρομικώς και αποστέλλονται σε αυτά ή στην εγγεγραμμένη τους διεύθυνση, ή (αν δεν έχουν εγγεγραμμένη διεύθυνση στην Κύπρο) στη διεύθυνση στην Κύπρο που τα μέλη της Εταιρείας θα καθορίσουν. Στην περίπτωση που οι ειδοποιήσεις αποστέλλονται ταχυδρομικώς θεωρούνται ότι επιδόθηκαν με τον όρο ότι η επιστολή που περιέχει τις

26

ειδοποιήσεις αυτές έχει ταχυδρομηθεί κανονικά και φέρει τη σωστή διεύθυνση και τα σωστά ταχυδρομικά τέλη. Σε περίπτωση ειδοποιήσεων που αφορούν σύγκληση συνέλευσης, θεωρούνται ότι επιδόθηκαν όταν περάσουν 24 ώρες από την ταχυδρόμησή τους και σε οποιαδήποτε άλλη περίπτωση στο χρόνο κατά τον οποίο η επιστολή θα παραδιδόταν κάτω από ομαλές συνθήκες με τη συνηθισμένη ταχυδρομική οδό.

135.    Όσον αφορά τις μετοχές που κατέχονται από κοινού από περισσότερα από ένα πρόσωπα η Εταιρεία μπορεί να επιδίδει τις ειδοποιήσεις της στον κάτοχο των μετοχών του οποίου το όνομα φαίνεται πρώτο στο Μητρώο των Μελών σε σχέση με τη μετοχή.

136.    Όσον αφορά τα πρόσωπα που αποκτούν δικαίωμα πάνω σε μετοχή λόγω θανάτου ή πτώχευσης μέλους, η Εταιρεία μπορεί να επιδίδει τις ειδοποιήσεις ταχυδρομικώς, με επιστολή που φέρει τα αναγκαία ταχυδρομικά τέλη και που απευθύνεται σε αυτά ονομαστικά ή με την ιδιότητά τους ως αντιπροσώπων του απαβιώσαντος ή των συνδίκων (trustee) του πτωχεύσαντος ή με οποιαδήποτε παρόμοια ιδιότητα στη διεύθυνση των προσώπων που απαιτούν το δικαίωμα αυτό που δόθηκε για το σκοπό αυτό στην Κύπρο (μέχρι που να δοθεί η διεύθυνση αυτή) με οποιοδήποτε τρόπο με τον οποίο θα μπορούσαν να επιδοθούν σε περίπτωση που δε θα συνέβαινε ο θάνατος ή η πτώχευση του μέλους.

137.    Οι ειδοποιήσεις που αφορούν τη σύγκληση γενικής συνέλευσης επιδίδονται με ένα από τους προβλεπόμενους πιο πάνω τρόπους προς:

(α)    όλα τα μέλη, εκτός από τα μέλη τα οποία (επειδή δεν έχουν εγγεγραμμένη διεύθυνση στην Κύπρο) δεν κοινοποίησαν προς την Εταιρεία εγγεγραμμένη διεύθυνση εντός της Κύπρου για την επίδοση ειδοποιήσεων,

(β)    οποιοδήποτε πρόσωπο στο οποίο περιέρχεται η κυριότητα μετοχής, λόγω της ιδιότητάς του ως νόμιμου προσωπικού αντιπροσώπου ενός μέλους που πέθανε ή συνδίκου (trustee) που πτώχευσε, εφόσον το μέλος, αν δεν συνέβαινε ο θάνατος ή η πτώχευση του, θα δικαιούνταν να πάρει ειδοποίηση για τη συνέλευση, και

(γ)    τον κάθε φορά ελεγκτή της Εταιρείας.
Κανένα άλλο πρόσωπο δε δικαιούται να πάρνει τις ειδοποιήσεις που αφορούν την σύγκληση γενικών συνελεύσεων.

ΔΙΑΛΥΣΗ

138.    Σε περίπτωση διάλυσης της Εταιρείας ο εκκαθαριστής μπορεί με έγκριση έκτακτης απόφασης της Εταιρείας και με την εξασφάλιση οποιασδήποτε επικύρωσης που απαιτείται από το Νόμο να διανείμει ανάμεσα στα μέλη σε χρήμα ή σε είδος, όλα ή μέρος των στοιχείων ενεργητικού της Εταιρείας (είτε αυτά είναι στοιχεία ενεργητικού του ίδιου είδους είτε όχι) και για το σκοπό αυτό να καθορίσει τη λογική αξία των περιουσιακών στοιχείων που πρόκειται να κατανεμηθούν, όπως αναφέρεται πιο πάνω, καθώς και τον τρόπο αυτό να καθορίσει τη λογική αξία των περιουσιακών στοιχείων που πρόκειται να κατανεμηθούν, όπως αναφέρεται πιο πάνω, καθώς και τον τρόπο με τον οποίο τα στοιχεία αυτά θα διανεμηθούν ανάμεσα στα μέλη σε διάφορες τάξεις. Νοουμένου ότι όλες οι πιο πάνω προϋποθέσεις τηρούνται, ο εκκαθαριστής σε επιτρόπους (trustees) τα οποία θα συστηθούν προς όφελος των συνεισφορέων (contributors) όπως ο εκκαθαριστής θα καθορίσει με τις ίδιες προϋποθέσεις, κατά την κρίση του, νοουμένου όμως ότι κανένα μέλος δεν θα εξαναγκαστεί να αποδεχτεί μετοχές ή άλλα χρεόγραφα βεβαρημένα με οποιεσδήποτε υποχρεώσεις.

ΑΠΟΖΗΜΙΩΣΗ (INDEMNITY)

139.    Τα εκάστοτε μέλη του Διοικητικού Συμβουλίου ή άλλοι αξιωματούχοι της Εταιρείας δικαιούνται να πάρουν αποζημιώσεις από τα στοιχεία ενεργητικού της Εταιρείας, για οποιαδήποτε ζημιά που αυτοί θα υποστούν η ευθύνη που μπορεί να έχουν από την εκτέλεση ή λόγω της εκτέλεσης αυτών των καθηκόντων, περιλαμβανομένης και της ευθύνης που συνεπάγεται η υπεράσπιση δικαστικών διαδικασιών, αστικής ή ποινικής κατά τις οποίες εκδίδεται απόφαση υπέρ αυτών ή απαλλάσσονται, καθώς και για ευθύνη αναφορικά με αίτηση που έγινε σύμφωνα με τις πρόνοιες του άρθρου 383 του Νόμου, κατά την οποία παρέχεται σε αυτούς από το Δικαστήριο οποιασδήποτε θεραπεία. Τα μέλη του Διοικητικού Συμβουλίου ή άλλοι αξιωματούχοι της Εταιρείας δεν φέρουν καμιά ευθύνη για ζημιές, βλάβες ή ατυχήματα που συμβαίνουν στην Εταιρεία κατά την εκτέλεση ή λόγω της εκτέλεσης των καθηκόντων τους. Η παράγραφος όμως αυτή ισχύει μόνο στο βαθμό που δεν είναι αντίθετη προς τις διατάξεις του άρθρου 197 του Νόμου.

ΟΝΟΜΑΤΑ, ΠΕΡΙΓΡΑΦΕΣ ΚΑΙ ΔΙΕΥΘΥΝΣΕΙΣ ΤΩΝ ΥΠΟΓΡΑΦΕΩΝ

PROVERIAL LTD

**PROVERIAL LTD**

..............................
Αρ. Εγγραφής: ΗΕ 334617
Σοφούλη 16,
Κτήριο Σιαντεκλέρ
1096 Λευκωσία
Κύπρος

Χρονολογήθηκε σήμερα την ..Ο.7.η ημέρα του ..Π.Υ.ρ.ο.ι.ετου 2014

Μάρτυρας των πιο πάνω υπογραφών:

.......................
Μαρινέλλα Κάττου
Γραμματέας
Σοφούλη 16
Γρ. 303
1096 Λευκωσία

ΒΕΒΑΙΩΝΩ ότι το πιο πάνω
Ιδρυτικό έγγραφο και Καταστατικό
της Εταιρείας συντάχθηκε από μένα.

.......................
Χάρης Χρίστης
Δικηγόρος
Σοφούλη 16,
Μέγαρο Σιαντεκλάιρ,
Γρ.303,1096 Λευκωσία
Τηλ. 22 358588

28

ΕΞ.ΒΕΣ ΑΩ... Τ Σ
Γεώργιος Τριφταριδης
... Σ ... ΕΤ..

18/05/2022

This is Exhibit ___ B ___
Attached to the Affidavit of
Mr/Mrs _ANTONIA CHANOI_
Dated: ___ 10/11/22 ___

THE COMPANIES LAW (CAP. 113)

---

PRIVATE COMPANY LIMITED BY SHARES



# MEMORANDUM OF ASSOCIATION

AND

ARTICLES OF ASSOCIATION

OF THE COMPANY

# K-DNA FINANCIAL SERVICES LTD



======================================================

Incorporated on the 10th day of month September 2014

Certificate of Incorporation No. HE 335683

======================================================

The Companies Law (CAP 113)

PRIVATE COMPANY LIMITED BY SHARES

MEMORANDUM OF ASSOCIATION OF

K-DNA FINANCIAL SERVICES LTD

FTX EU LTD

1    The name of the company is  K-DNA FINANCIAL SERVICES LTD

FTX EU LTD

2    The registered office of the company will be situated in Cyprus

3    The objects for which the company is established are to operate as a Cyprus Company Providing Investment Services  under the provisions of the Law which Provides the Provision of Investment Services, the Practice of Investment Activities, the Operation of Regulated Markets and Other Related Issues, and to provide those investment and consequential services or/and practice those investment activities in relation to those finance instruments, which are defined by the operation license issued by the Securities and Exchange Commission, always under the term that it is a holder of a license as such issued by the Securities and Exchange Commission (Article 6(6) and 22 of the Act)

A (1)    Foreign exchange services where these are connected to the provision of investment services

B (1)    To carry on the activities of consultants or experts in Cyprus and worldwide on scientific issues of any kind or category, economical, administrative, managerial, and other related issues, concerning the establishment, development and improvement of any business industry,                  partnership                  and                  other                  organization

(2)    To carry on economical surveys, studies, pilot activities regarding staffing, administration financial administration on businesses, industries or other economic entities or activities The collection, preparation, processing and distribution of information, studies, surveys statistics       on       all       types       of       businesses       industries       or       services

(3)    To carry on the activities of investors, company administrators, and to acquire and hold by subscription, contract, bid, purchase, exchange or otherwise whether fully paid or not shares equity (stock) shares, bonds (debentures), bonds (debentures stock) promissory notes, issued or guaranteed futures, by any government or public body or public authority, and the acquisition of all the above by any terms and conditions as the Company decide and the execution of the rights for all the above

C (1)    To carry on either alone or jointly with others anywhere in the world (and whether in a "free zone area" bonded area or elsewhere), the business of manufacturers, processors, dealers, storers, warehousemen, removers packers, wholesalers retailers, importers, exporters, suppliers, distributors, consignees, buyers, sellers, resellers of any kind of goods materials merchandises or things of any nature, as well as the business of merchants in general, carriers by any means of transportation, travel or insurance agents, agents on commission or otherwise, forwarding agents, charterers, estate agents and agents in general

(2)    To carry on either alone or jointly with others anywhere in the world the business of

1

consultants, managers, analysts, controllers, examiners, researchers, technical or other advisers, promoters financial analysts cost analysts, valuers, supervisors, auditors, accountants, statisticians, economists, (including the undertaking and making of feasibility studies), brokers or agents and advertisers in relation to any kind of industry, commerce, business or undertaking of every kind and nature either in the public or the private sector and to advise on the means and methods of promoting and executing any project whatsoever including the acquisition, sale letting or availability of any kind of "know-how" and the business of a company engaging acquiring and making available services and goods

(3)    To engage, hire and train professional, clerical manual technical and other staff and workers or their services or any of them and in any way and manner acquire possess manufacture or assemble any property of any kind or description whatsoever (including any rights over or in connection with such property) and to allocate and make available the aforesaid personnel or services or make the use of such property available on hire purchase sale exchange or in any other manner whatsoever to those requiring or requesting the same or who have need of the same or their use and otherwise to utilise the same for the benefit or advantage of the company  to provide or procure the provision by others of every and any service, need want or requirement of any business nature required by any person firm or company in or in connection with any business carried on by them

(4)    To carry on any other business or activity which may seem to the Directors capable of being conveniently or advantageously carried on or done in connection with any of the above objects or calculated directly or indirectly to enhance the value of or render more profitable any of the company's business property or rights

(5)    To purchase, obtain by way of gift, take on lease or sublease or in exchange, or otherwise acquire or possess and hold for any estate or interest any lands, buildings, easements, rights, privileges concessions, permits, licences, stock-in-trade, and movable and immovable property of any kind and description (whether mortgaged charged or not) necessary or convenient for the purposes of or in connection with the company's business or any branch or department thereof or which may enhance the value of any other property of the company

(6)    To erect, maintain work, manage construct, reconstruct, alter, enlarge, repair, improve, adapt, furnish, decorate, control, pull down, replace any shops, offices, flats, electric or water works, apartments, workshops, mills, plants, machinery, warehouses and any other works, buildings, plants, conveniences or structures whatsoever, which the company may consider desirable for the purposes of its business and to contribute to, subsidize or otherwise assist or take part in the construction, improvement, maintenance working, management, carrying out or control thereof

(7)    To improve, manage, control, cultivate, develop exploit, exchange, let on lease or otherwise, mortgage, charge, sell dispose of, grant as gift, turn to account, grant rights and privileges in respect of or otherwise deal with all or any part of the property, assets and rights of the company or in which the company is interested and to adopt such means of making known and advertising the business and products of the company as may seem expedient

(8)    To manufacture, repair, import, buy sell, export, let on hire and generally trade or deal in, any kind of accessories, articles, apparatus, plant, machinery, tools goods, properties, rights or things of any description capable of being used or dealt with by the company in connection with any of its objects

(9)    To deal in, utilise for building or other purposes let on lease or sublease or on hire, to assign or grant licence over charge or mortgage, the whole or any part or parts of the immovable property belonging to the company or any rights thereon or in which the company is interested on such terms as the company shall determine

(10)    To purchase or otherwise acquire all or any part of the business, assets, property and liabilities of any company, society, partnership or person, formed for all or any part of the purposes within the objects of this company, or carrying on any business or intending to carry on any business which this company is authorised to carry on or possessing property suitable for the purposes of the company and to undertake, conduct and carry on, or liquidate and wind up, any such business and in consideration for such acquisition to pay in cash, issue shares, undertake any liabilities or acquire any interest in the vendor's business

2

(11)    To solicit and obtain to purchase or otherwise acquire any designs, trademarks, copyrights, patent or invention rights, patents, intellectual property rights or secret methods, as deemed useful for the objectives of the Company. Additionally, to grant licenses for their use.

(12)    To insure the movable and immovable property and any interest of any kind of the Company against loss, harm or damage from any cause or reason and insurance against any possible risk insurance.

(13)    To pay all costs, charges and expenses, which may rise or be incurred in connection with the promotion, incorporation and establishment of the Company or which the Company may consider as preliminary expenses or expenses which may be incurred before registration and for the purpose of registering the Company including fees for professional services provided for advertising expenses, taxes, underwriting commissions, brokers, printing and stationery costs, employee salaries and other similar expenses, as well as expenses related to the establishment and operation of agencies, local councils or local administrations or other bodies, or expenses related to any business or work carried out or done before the incorporation of the Company, which the Company may decide to undertake or continue.

(14)    To proceed with the issuance of shares, bonds (debentures) or other securities of the Company, to appoint brokers, agents with commission and persons, organizations or banks that ensure the disposal of securities (underwriters) and to provide for their remuneration, for the services provided by them, payment in cash or by issuing shares, bonds (debentures) or other securities of the Company or by granting an option to acquire them or with any other legal way.

(15)    To borrow, find money or secure obligations (either of the Company or of another person) in the manner and under the conditions it deems appropriate and more specifically by issuing bonds (debentures and debenture stock) whose validity is continuous or may terminate promissory notes, mortgages or any other securities created or based on all or some of the assets and rights of the Company, including the capital of the Company which has not been called upon to be paid, or without any such security and on such terms relating to the priority or otherwise as the Company would determine in its sole discretion, from time to time.

(16)    To grant credits and give monetary loans or advances to any person, house or Company to guarantee and give guarantees and remunerations or securities (indemnities) for the payment of money or the fulfillment of contracts or obligations by any person, house or company, to secure or to undertakes in any way the repayment of money granted or money loan given to any person, house or company or the obligations incurred by such person, house or company and to otherwise assist any person or company is such manner as the Company may deem appropriate.

(17)    To issue, sign, accept, endorse, discount, trade or in any other way-deal in bills of exchange, promissory notes, bills of lading and other negotiable or assignable securities or interests.

(18)    To accept money deposits with or without interest.

(19)    To grant advances of money and give money loans, either after receiving from the Company the appropriate guarantee or security or without any such guarantee or security.

(20)    To invest the Company's money, which it has no immediate need, in such investments, except its own shares, as the Board of Directors may decide from time to time.

(21)    To issue or guarantee the issuance or payment of interest on the shares, bonds (debentures and debenture stock) or other securities or obligations of any company or organization and to pay or arrange for the payment of brokerage, commission and expenses to secure the availability of securities (underwriting), in relation to any such issuance.

(22)    To acquire by subscription, purchase or otherwise and to accept, to take, to hold, to trade, to convert and sell any shares, capital (stock), bonds or other securities or interest, of any nature, of any other company organization or business.

(23)    To issue and grant shares fully paid or not out of the capital of the Company or to issue bonds (debentures) or securities for the full or partial payment of any movable or immovable property purchased or acquired in any other way by the Company or any services rendered to the Company and to pay in money or otherwise any person, house or company for services rendered by them to the Company or to grant donations to such persons.

(24)    To establish in any part of the world branches, regional offices, agencies and local councils and to regulate and abolish them.

3

(25)   To provide for the welfare of officers or of persons in the employment of the company or former officers or formerly in the employment of the company or its predecessors in business or officers or employees of any subsidiary or associated or allied company of this company, and the wives, widows, dependants and families of such persons, by grants of money pensions or other payments, including payments of insurance premia) and to form subscribe to or otherwise aid, any trust, fund or scheme for the benefit of such persons and any benevolent religious scientific national or other institution or object of any kind, which shall have any moral or other claim to support or aid by the company by reason of the nature or the locality of its operations or otherwise

(26)   From time to time to subscribe or contribute to any charitable benevolent or useful object of a public character the support of which will, in the opinion of the company tend to increase its repute or popularity among its employees, its customers or the public

(27)   To enter into and carry into effect any arrangement for joint working in business, union of interests, limiting competition, partnership or for sharing of profits or for amalgamation with any other company partnership or person, carrying on business within the objects of this company.

(28)   To establish, promote and otherwise assist, any company or companies for the purpose of acquiring any of the property or furthering any of the objects of this company or for any other purpose which may seem directly or indirectly calculated to benefit this company

(29)   To apply for, promote, and obtain any Law Order, Regulation, By-Law, Decree, Charter concession, right, privilege, licence or permit for enabling the company to carry any of its objects into effect, or for effecting any modification of the company's constitution, or for any other purpose which may seem expedient, and to oppose any proceedings or applications which may, calculated directly or indirectly, prejudice the company's interest and to enter into and execute any arrangement with any Government or Authority, supreme municipal, local or otherwise that may seem conducive to the company's objects or any of them

(30)   To sell, dispose of, mortgage charge grant rights or options or transfer the business property and undertakings of the company, or any part or parts thereof for any consideration which the company may see fit to accept

(31)   To accept stock or shares in, or the debentures, mortgage debentures or other securities of any other company in payment of any payment for any services rendered or for any sale made to or debt owing from any such company

(32)   To distribute in specie or otherwise as may be resolved any assets of the company among its members and particularly the shares, debentures or other securities of any other company belonging to this company or which this company may have the power of disposing

(33)   To do all or any of the matters hereby authorised in any part of the world either alone or in conjunction with, or as factors, trustees, principals sub-contractors or agents for, any other company, firm or person or by or through any factors, trustees sub-contractors or agents

(34)   To procure the registration or recognition of the company in any country or place to act as secretary, manager director or treasurer of any other company

(35)   Generally to do all such other things as may appear to the company to be incidental or conducive to the attainment of the above objects or any of them

The objects set forth in this clause or this clause shall not be restrictively construed but the widest interpretation shall be given thereto, and they shall not, except when the context expressly so requires, be in any way limited to or restricted by reference to or inference from any other object or objects set forth in such sub-clause or from the terms of any other sub-clause or marginal title or by the name of the company None of such sub-clauses or object or objects therein specified or the powers thereby conferred shall be deemed subsidiary or ancillary to the objects or powers mentioned in any other sub-clause but the company shall have full power to exercise all or any of the powers and to achieve or to endeavour to achieve all or any of the objects conferred by and provided in any one or more of the said sub-clauses

4

4.          1. The liability of the members is limited

5.          * The capital of the company is €1000 (one thousand euro) divided into 1 000 shares of
            €1.00 each with power to issue any of the shares in the capital original or increased, with
            or subject to any preferential, special or qualified rights or conditions as regards
            dividends, repayment of capital voting or otherwise

6

WE, whose names and addresses are subscribed are desirous of being formed into a company in pursuance of this memorandum of association and we respectively agree to take the number of shares in the capital of the company set opposite our respective names

| NAMES, ADDRESSES AND DESCRIPTION OF SUBSCRIBERS | Number of Shares taken by each Subscriber |
|---|---|
| PROVERIAL LTD | 1000 (One thousand shares only) |
| Reg No  HE 334817 18, Sofouli Street Chandelsir Building 1096 Nicosia Cyprus | |

Dated this the ... . ... .. .. ....     day of     ..     . . . 2014

Witness to the above signatures .

. . . . . .. . .

Manneta Kanou
Secretary
16, Sofouli Street
Building Chandecler
Office 306
1096 Nicosia

6

The Companies Law (CAP 113)

PRIVATE COMPANY LIMITED BY SHARES

ARTICLES OF ASSOCIATION OF

K-DNA FINANCIAL SERVICES LTD

1    In these Regulations:

"Cyprus" means the Republic of Cyprus.

"the Law" means the Companies Law. Cap 113 or any Law substituting or amending same;

"the seal" means the common seal of the company;

"the secretary" means any person appointed to perform the duties of the secretary of the company.

Expressions referring to writing shall, unless the contrary intention appears, be construed as including references to printing, lithography, photography, and other modes of representing or reproducing words in a visible form

Unless the context otherwise requires, words or expressions contained in these regulations shall bear the same meaning as in the Law or any statutory modification thereof in force at the date at which these regulations become binding on the company

TABLE "A" EXCLUDED

2    The Regulations contained in Table "A" in the First Schedule to the Law shall not apply except so far as the same are repeated or contained in these Regulations.

PRELIMINARY

3    The company is a private company and accordingly.

(a)  the right to transfer shares is restricted in manner hereinafter prescribed;

(b)  the number of members of the company (exclusive of persons who are in the employment of the company and of persons who having been formerly in the employment of the company were while in such employment and have continued after the determination of such employment to be members of the company) is limited to fifty Provided that where two or more persons hold one or more shares in the company jointly they shall for the purpose of this regulation be treated as a single member.

(c)  any invitation to the public to subscribe for any shares or debentures of the company is prohibited.

(d)  the company shall not have power to issue share warrants to bearer

BUSINESS

4    The company shall pay all preliminary and other expenses and enter into, adopt or carry into effect and take over or continue (with such modifications, if any, as the contracting parties shall agree and the board of directors shall approve) any agreement or business

7

or work reached or carried on (as the case might be) prior to incorporation, as the company may decide

## SHARE CAPITAL AND VARIATION OF RIGHTS

5    The shares shall be at the disposal of the company which may by ordinary resolution allot or otherwise dispose of them, subject to regulation 3, and to the provisions of the next following regulation, to such persons at such times and generally on such terms and conditions as they think proper, and provided that no shares shall be issued at a discount, except as provided by section 56 of the Law.

6    Unless otherwise determined by the company in general meeting, any original shares for the time being unissued and not allotted and any new shares from time to time to be created shall, before they are issued, be offered to the members in proportion, as nearly as may be, to the number of shares held by them. Such offer shall be made by notice specifying the number of shares offered, and limiting a time which the offer, if not accepted, will be deemed to be declined, and after the expiration of such time, or on the receipt of an intimation from the person to whom the offer is made that he declines to accept the shares offered, the company may, subject to these regulations, dispose of the same in such manner as it thinks most beneficial to the company. The company may, in like manner, dispose of any such new or original shares as aforesaid, which, by reason of the proportion borne by them to the number of persons entitled to such offer as aforesaid or by reason of any other difficulty in apportioning the same, cannot in the opinion of the company be conveniently offered in manner hereinbefore provided.

7    Without prejudice to any special rights previously conferred on the holders of any existing shares or class of shares, any shares in the company may be issued with such preferred, deferred or other special rights or such restrictions, whether in regard to dividend, voting, return of capital or otherwise, as the company may from time to time by ordinary resolution determine.

8    Subject to the provisions of section 57 of the Law, any preference shares may, with the sanction of an ordinary resolution, be issued on the terms that they are, or at the option of the company are liable, to be redeemed on such terms and in such manner as the company before the issue of the shares may by special resolution determine

9    If at any time the share capital is divided into different classes of shares, the rights attached to any class (unless otherwise provided by the terms of issue of shares of that class) may, whether or not the company is being wound up, be varied with the consent in writing of the holders of three-fourths of the issued shares of that class, or with the sanction of an extraordinary resolution passed at a separate general meeting of the holders of the shares of the class. To every such separate general meeting the provisions of these regulations relating to general meetings shall apply, but so that the necessary quorum shall be two persons at least holding or representing by proxy one-third of the issued shares of the class and that any holder of shares of the class present in person or by proxy may demand a poll

10    The rights conferred upon the holders of the shares of any class issued with preferred or other rights shall not, unless otherwise expressly provided by the terms of issue of the shares of that class, be deemed to be varied by the creation or issue of further shares ranking pari passu therewith.

11    The company may exercise the powers of paying commissions conferred by section 52 of the Law, provided that the rate per cent or the amount of the commission paid or agreed to be paid shall be disclosed in the manner required by the said section and the rate of the commission shall not exceed the rate of 10 per cent of the price at which the shares in respect whereof the same is paid are issued or an amount equal to 10 per cent of such price (as the case may be). Such commission may be satisfied by the payment of cash or the allotment of fully or partly paid shares or partly in one way and partly in the other. The company may also on any issue of shares pay such brokerage as may be lawful

12    Except as allowed by law, no person shall be recognised by the company as holding any shares upon any trust, and the company shall not be bound by or be compelled in any way to recognise (even when having notice thereof) any equitable, contingent, future or partial interest in any share or any interest in any fractional part of a share or (except only as by these regulations or by law otherwise provided) any other rights in respect of any share except an absolute right to the entirety thereof in the registered holder

13   Every person whose name is entered as a member in the register of members shall be entitled without payment to receive within two months after allotment or lodgement of transfer (or within such other period as the conditions of issue shall provide) one certificate for all his shares or several certificates each for one or more of his shares upon payment of 50 cents for every certificate after the first or such less sum as the directors shall from time to time determine. Every certificate shall be under seal and shall specify the shares to which it relates and the amount paid up thereon. In respect of a share or shares held jointly by several persons, the company shall not be bound to issue more than one certificate, and delivery of a certificate for a share to one of several joint holders shall be sufficient delivery to all such holders.

14   If a share certificate be defaced, lost or destroyed, it may be renewed on payment of a fee of 50 cents or such less sum and on such terms (if any) as to evidence and indemnity and the payment of out-of-pocket expenses of the company of investigating evidence as the directors think fit.

15   The company shall not give, whether directly or indirectly, and whether by means of a loan, guarantee, the provision of security or otherwise, any financial assistance for the purpose of or in connection with a purchase or subscription made or to be made by any person or for any shares in the company or in its holding company, nor shall the company make a loan for any purpose whatsoever on the security of its shares or those of its holding company, but nothing in this regulation shall prohibit transactions mentioned in the provision to section 53(1) of the law.

## LIEN

16   The company shall have a first and paramount lien on every share for all monies (whether presently payable or not) called or payable at a fixed time in respect of that share, and the company shall also have a first and paramount lien on all shares standing registered in the name of a single person for all monies presently payable by him or his estate to the company, but the directors may at any time declare any share to be wholly or in part exempt from the provisions of this regulation. The company's lien, if any, on a share shall extend to all dividends payable thereon.

17   The company may sell, in such manner as the directors think fit, any shares on which the company has a lien, but no sale shall be made unless a sum in respect of which the lien exists is presently payable, nor until the expiration of fourteen days after a notice in writing, stating and demanding payment of such part of the amount in respect of which the lien exists as is presently payable, has been given to the registered holder for the time being of the share, or the person entitled thereto by reason of his death or bankruptcy.

18   To give effect to any such sale the directors may authorise some person to transfer the shares sold to the purchaser thereof. The purchaser shall be registered as the holder of the shares comprised in any such transfer, and he shall not be bound to see to the application of the purchase money nor shall his title to the shares be affected by any irregularity or invalidity in the proceedings in reference to the sale.

19   The proceeds of the sale shall be received by the company and applied in payment of such part of the amount in respect of which the lien exists as is presently payable, and the residue, if any, shall (subject to a like lien for sums not presently payable as existed upon the shares before the sale) be paid to the person entitled to the shares at the date of the sale.

## CALLS ON SHARES

20   The directors may from time to time make calls upon the members in respect of any moneys unpaid on their shares (whether on account of the nominal value of the shares or by way of premium) and not by the conditions of allotment thereof made payable at fixed times, and each member shall (subject to receiving at least fourteen day's notice specifying the time or times and place of payment) pay to the company at the time or times and place so specified the amount called on his shares. A call may be revoked or postponed as the directors may determine.

21   A call shall be deemed to have been made at the time when the resolution of the directors authorising the call was passed and may be required to be paid by instalments.

22   The joint holders of a share shall be jointly and severally liable to pay all calls in respect

thereof

23      If a sum called in respect of a share is not paid before or on the day appointed for payment thereof, the person from whom the sum is due shall pay interest on the sum from the day appointed for payment thereof to the time of actual payment at such rate not exceeding 8 per cent per annum as the directors may determine, but the directors shall be at liberty to waive payment of such interest wholly or in part

24      Any sum which by the terms of issue of a share becomes payable on allotment or at any fixed date, whether on account of the nominal value of the share or by way of premium, shall for the purposes of these regulations be deemed to be a call duly made and payable on the date on which by the terms of issue the same becomes payable, and in case of non-payment all the relevant provisions of these regulations as to payment of interest and expenses, forfeiture or otherwise shall apply as if such sum had become payable by virtue of a call duly made and notified. The directors may, on the issue of shares, differentiate between the holders as to the amount of calls to be paid and the times of payment

25      The directors may, if they think fit, receive from any member willing to advance the same all or any part of the moneys uncalled and unpaid upon any shares held by him and upon all or any of the moneys so advanced may (until the same would, but for such advance, become payable) pay interest at such rate not exceeding (unless the company in general meeting shall otherwise direct) 5 per cent per annum, as may be agreed upon between the directors and the member paying such sum in advance.

## TRANSFER OF SHARES

26      The instrument of transfer of any share shall be executed by or on behalf of the transferor and transferee, and the transferor shall be deemed to remain a holder of the share until the name of the transferee is entered in the register of members in respect thereof

27      Subject to such of the restrictions of these regulations as may be applicable, any member may transfer all or any of his shares by instrument in writing in any usual or common form or any other form which the directors may approve

28      The directors may decline to register the transfer of a share to a person of whom they shall not approve, and they may also decline to register the transfer of a share on which the company has a lien

29      The directors may also decline to recognise any instrument of transfer unless

(a)    a fee of 50 cents or such lesser sum as the directors may from time to time require is paid to the company in respect thereof

(b)    the instrument of transfer is accompanied by the certificate of the shares to which it relates, and such other evidence as the directors may reasonably require to show the right of the transferor to make the transfer, and

(c)    the instrument of transfer is in respect of only one class of shares

30      If the directors refuse to register a transfer they shall within two months after the date on which the transfer was lodged with the company send to the transferee notice of the refusal

31      The registration of transfers may be suspended at such times and for such periods as the directors may from time to time determine, provided always that such registration shall not be suspended for more than thirty days in any year.

32      The company shall be entitled to charge a fee not exceeding 50 cents on the registration of every probate, letter of administration, certificate of death or marriage, power of attorney, or other instrument

33      Regulations 26 and 27 shall be read subject to the provisions of regulation 34

34

(a)    For the purposes of this regulation, where any person is unconditionally entitled to be registered as the holder of a share, he and not the registered holder of such share shall

comprised in his transfer notice

(ii) Any share may be transferred by a member to the spouse, child or remoter issue or parent, brother or sister of that member or to a company beneficially owned or controlled by such member and any share of a deceased member may be transferred by his personal representatives to any widow, widower, child or remoter issue or parent, brother or sister of such deceased member and shares standing in the name of the trustees of any deceased member may be transferred upon any change of trustees to the trustees for the time being of such will, and where the member is a body corporate any share may be transferred by such member to its subsidiary or holding company or to a company controlled by such holding company

The rights of pre-emption hereinbefore conferred in this regulation shall not arise on the occasion of any such transfer or transfers as aforesaid and regulation 28 shall be read subject to this paragraph.

## TRANSMISSION OF SHARES

35    In the case of the death of a member the survivor or survivors where the deceased was a joint holder, and the legal personal representatives of the deceased where he was a sole holder, shall be the only persons recognised by the company as having any title to his interest in the shares; but nothing herein contained shall release the estate of a deceased joint holder from any liability in respect of any share which had been jointly held by him with other persons.

36    Any person becoming entitled to a share in consequence of the death or bankruptcy of a member may, upon such evidence being produced as may from time to time properly be required by the directors and subject as hereinafter provided, elect either to be registered himself as holder of the share or to have some person nominated by him registered as the transferee thereof, but the directors shall, in either case, have the same right to decline or suspend registration as they would have had in the case of a transfer of the share by that member before his death or bankruptcy, as the case may be

37    If the person so becoming entitled shall elect to be registered himself, he shall deliver or send to the company a notice in writing signed by him stating that he so elects. If he shall elect to have another person registered he shall testify his election by executing to that person a transfer of the share. All the limitations, restrictions and provisions of these regulations relating to the right to transfer and the registration of transfers of shares shall be applicable to any such notice or transfer as aforesaid as if the death or bankruptcy of the member had not occurred and the notice or transfer was a transfer signed by that member

38    A person becoming entitled to a share by reason of the death or bankruptcy of the holder shall be entitled to the same dividends and other advantages to which he would be entitled if he were the registered holder of the share, except that he shall not, before being registered as a member in respect of the share, be entitled in respect of it to exercise any right conferred by membership in relation to meetings of the company

Provided always that the directors may at any time give notice requiring any such person to elect either to be registered himself or to transfer the share, and if the notice is not complied with within ninety days the directors may thereafter withhold payment of all dividends, bonuses or other moneys payable in respect of the share until the requirements of the notice have been complied with

## FORFEITURE OF SHARES

39    If a member fails to pay any call or instalment of a call on the day appointed for payment thereof, the directors may at any time thereafter during such time as any part of the call or instalment remains unpaid, serve a notice on him requiring payment of so much of the call or instalment as is unpaid, together with any interest which may have accrued

40    The notice shall name a further day (not earlier than the expiration of fourteen days from the date of service of the notice), on or before which the payment required by the notice is to be made, and shall state that in the event of non-payment at or before the time appointed the shares in respect of which the call was made will be liable to be forfeited.

41    If the requirements of any such notice as aforesaid are not complied with any share in respect of which the notice has been given may at any time thereafter, before the

12

payment required by the notice has been made, be forfeited by a resolution of the directors to that effect

42    A forfeited share may be sold or otherwise disposed of on such terms and in such manner as the directors think fit, and at any time before a sale or disposition the forfeiture may be cancelled on such terms as the directors think fit

43    A person whose shares have been forfeited shall cease to be a member in respect of the forfeited shares, but shall, notwithstanding, remain liable to pay to the company all moneys which, at the date of forfeiture, were payable by him to the company in respect of the shares, but his liability shall cease if and when the company shall have received payment in full of all such moneys in respect of the shares.

44    A statutory declaration in writing that the declarant is a director or the secretary of the company and that a share in the company has been duly forfeited on a date stated in the declaration shall be conclusive evidence of the facts therein stated as against all persons claiming to be entitled to the share. The company may receive the consideration, if any, given for the share on any sale or disposition thereof and may execute a transfer of the share in favour of the person to whom the share is sold or disposed of and he shall thereupon be registered as the holder of the share, and shall not be bound to see to the application of the purchase money, if any nor shall his title to the share be affected by any irregularity or invalidity in the proceedings in reference to the forfeiture, sale or disposal of the share.

45    The provisions of these regulations as to forfeiture shall apply in the case of non-payment of any sum which, by the terms of issue of a share, becomes payable at a fixed time, whether on account of the nominal value of the shares or by way of premium, as if the same had been payable by virtue of a call duly made and notified

## CONVERSION OF SHARES INTO STOCK

46    The company may by ordinary resolution convert any paid-up shares into stock, and reconvert any stock into paid-up shares of any denomination

47    The holders of stock may transfer the same, or any part thereof, in the same manner, and subject to the same regulations, as and subject to which the shares from which the stock arose might previously to conversion have been transferred, or as near thereto as circumstances admit; and the directors may from time to time fix the minimum amount of stock transferable but so that such minimum shall not exceed the nominal amount of the shares from which the stock arose

48    The holders of stock shall, according to the amount of stock held by them, have the same rights, privileges and advantages as regards dividends, voting at meetings of the company and other matters as if they held the shares from which the stock arose, but no such privilege or advantage (except participation in the dividends and profits of the company and in the assets on winding up) shall be conferred by an amount of stock which would not, if existing in shares, have conferred that privilege or advantage

49    Such of the regulations of the company as are applicable to paid-up shares shall apply to stock, and the words "share" and "shareholder" therein shall include "stock" and "stock-holder".

## ALTERATION OF CAPITAL

50    The company may from time to time by ordinary resolution increase the share capital by such sum, to be divided into shares of such amount, as the resolution shall prescribe

51    The company may by ordinary resolution

(a)    consolidate and divide all or any of its share capital into shares of larger amount than its existing shares;

(b)    subdivide its existing shares, or any of them, into shares of smaller amount that is fixed by the memorandum of association subject, nevertheless, to the provisions of section 60 (1) (d) of the Law

(c)    cancel any shares which, at the date of the passing of the resolution, have not been

13

taken or agreed to be taken by any person

52    The company may by special resolution reduce its share capital, any capital redemption reserve fund or any share premium account in any manner and with, and subject to, any incident authorised and consent required by law

## GENERAL MEETINGS

53    The company shall in each year hold a general meeting as its annual general meeting in addition to any other meetings in that year, and shall specify the meeting as such in the notices calling it, and not more than fifteen months shall elapse between the date of one annual general meeting of the company and that of the next. Provided that so long as the company holds its first annual general meeting within eighteen months of its incorporation, it need not hold it in the year of its incorporation or in the following year. The annual general meeting shall be held at such time and place as the directors shall appoint.

54    All general meetings other than annual general meetings shall be called extraordinary general meetings.

55    The directors may, whenever they think fit, convene an extraordinary general meeting, and extraordinary general meetings shall also be convened on such requisition, or, in default, may be convened by such requisitions, as provided by section 126 of the Law. If at any time there are not within Cyprus sufficient directors capable of acting to form a quorum, any director or any two members of the company may convene an extraordinary general meeting in the same manner as nearly as possible as that in which meetings may be convened by the directors.

## NOTICE OF GENERAL MEETINGS

56    An annual general meeting and a meeting called for the passing of a special resolution shall be called by twenty-one days' notice in writing at the least, and a meeting of the company other than an annual general meeting or a meeting for the passing of a special resolution shall be called by fourteen days' notice in writing at the least. The notice shall be exclusive of the day on which it is served or deemed to be served and of the day for which it is given, and shall specify the place, the day and the hour of meeting and, in case of special business, the general nature of that business and shall be given, in manner hereinafter mentioned or in such other manner, if any, as may be described by the company in general meetings, to such persons as are, under the regulations of the company, entitled to receive such notices from the company;

Provided that a meeting of the company shall, notwithstanding that it is called by shorter notice than that specified in this regulation, be deemed to have been duly called if it is so agreed:

(a)    in the case of a meeting called as the annual general meeting, by all the members entitled to attend and vote thereat; and

(b)    in the case of any other meeting, by a majority in number of the members having a right to attend and vote at the meeting, being a majority together holding not less than 95 per cent in nominal value of the shares giving that right.

57    The accidental omission to give notice of a meeting to, or the non-receipt of notice of a meeting by, any person entitled to receive notice, shall not invalidate the proceedings at that meeting

## PROCEEDINGS AT GENERAL MEETINGS

58    All business shall be deemed special that is transacted at an extraordinary general meeting, and also all that is transacted at an annual general meeting, with the exception of declaring a dividend, the consideration of financial statements, the reports of directors and auditors, the election of directors and the appointment of and the fixing of the remuneration of the auditors.

59    No business shall be transacted at any general meeting unless a quorum of members is present at the time when the meeting proceeds to business, save as herein otherwise provided, two members present in person or by proxy shall be a quorum

14

60.   If within half an hour from the time appointed for the meeting a quorum is not present, the meeting, if convened upon the requisition of members, shall be dissolved, in any other case it shall stand adjourned to the same day in the next week, at the same time and place or to such other day and at such other time and place as the directors may determine, and if at the adjourned meeting a quorum is not present within half an hour from the time appointed for the meeting, the members present shall be a quorum.

61.   The Chairman, if any, of the board of directors shall preside as chairman at every general meeting of the company, or if there is no such chairman, or if he shall not be present within fifteen minutes after the time appointed for the holding of the meeting or is unwilling to act, the directors present shall elect one of their number to be chairman of the meeting.

62.   If at any meeting no director is willing to act as chairman or if no director is present within fifteen minutes after the time appointed for holding the meeting, the members present shall choose one of their number to be chairman of the meeting.

63.   The chairman may, with the consent of any meeting at which a quorum is present (and shall if so directed by the meeting) adjourn the meeting from time to time and from place to place, but no business shall be transacted at any adjourned meeting other than the business left unfinished at the meeting from which the adjournment took place. When a meeting is adjourned for thirty days or more, notice of the adjourned meeting shall be given as in the case of an original meeting. Save as aforesaid it shall not be necessary to give any notice of an adjournment or of the business to be transacted at an adjourned meeting.

64.   At any general meeting any resolution put to the vote of the meeting shall be decided on a show of hands unless a poll is (before or on the declaration of the result of the show of hands) demanded:

    (a)   by the chairman, or

    (b)   by at least two members present in person or by proxy, or

    (c)   by any member or members present in person or by proxy and representing not less than one-tenth of the total voting rights of all the members having the right to vote at the meeting, or

    (d)   by a member or members holding shares in the company conferring a right to vote at the meeting being shares on which an aggregate sum has been paid up equal to not less than one-tenth of the total sum paid up on all the shares conferring that right.

    Unless a poll be so demanded a declaration by the chairman that a resolution has on a show of hands been carried or carried unanimously, or by a particular majority, or lost and an entry to that effect in the book containing the minutes of the proceedings of the company shall be conclusive evidence of the fact without proof of the number or proportion of the votes recorded in favour of or against such resolution.

    The demand for a poll may be withdrawn.

65.   Except as provided in regulation 67, if a poll is duly demanded it shall be taken in such manner as the chairman directs, and the result of the poll shall be deemed to be the resolution of the meeting at which the poll was demanded.

66.   In the case of an equality of votes, whether on a show of hands or on a poll, the chairman of the meeting shall not have a casting vote.

67.   A poll demanded on the election of a chairman or on a question of adjournment shall be taken forthwith. A poll demanded on any other question shall be taken at such time as the chairman of the meeting directs, and any business other than that upon which a poll has been demanded may be proceeded with, pending the taking of the poll.

VOTES OF MEMBERS

68.   Subject to any rights or restrictions for the time being attached to any class or classes of shares, on a show of hands every member present in person shall have one vote, and on a poll every member shall have one vote for each share of which he is the holder.

69      In the case of joint holders the vote of the senior who tenders a vote, whether in person or by proxy, shall be accepted to the exclusion of the votes of the other joint holders, and for this purpose seniority shall be determined by the order in which the names stand in the register of members

70      A member of unsound mind, or in respect of whom an order has been made by any Court having jurisdiction in lunacy, may vote, whether on a show of hands or on a poll, by the administrator of his property, his committee, receiver, or other person in the nature of an administrator, committee or receiver appointed by that Court, and any such administrator, committee, receiver or other person may, on a poll, vote by proxy

71      No member shall be entitled to vote at any general meeting unless all calls or other sums presently payable by him in respect of shares in the company have been paid

72      No objection shall be raised to the qualification of any voter except at the meeting or adjourned meeting at which the vote objected to is given or tendered, and every vote not disallowed at such meeting shall be valid for all purposes. Any such objection made in due time shall be referred to the chairman of the meeting whose decision shall be final and conclusive

73      On a poll votes may be given either personally or by proxy

74      The instrument appointing a proxy shall be in writing under the hand of the appointer or of his attorney duly authorised in writing, or, if the appointer is a corporation, either under seal, or under the hand of an officer or attorney duly authorised. A proxy need not be a member of the company

75      The instrument appointing a proxy and the power of attorney or other authority, if any, ... which it is signed or a notarially cer... copy of that power or authority shall be deposited at the registered office of the company or at such other place within Cyprus as is specified for that purpose in the notice convening the meeting, at any time before the time for holding the meeting or adjourned meeting, at which the person named in the instrument proposes to vote, or, in the case of a poll, at any time before the time appointed for the taking of the poll, and in default the instrument of proxy shall not be treated as valid.

76      An instrument appointing a proxy shall be in the following form or a form as near thereto as circumstances admit

       ”                              Limited
       (Name of the Company)
       I/We                    ....of....
       being a member/members of the above-named company hereby appoint of
       ..................................................... or failing him
       ................... of...............................
       as my/our proxy to vote for me/us or my/our behalf at the (annual or extraordinary, as the case may be) general meeting of the company, to be held on the day of        20    and at any adjournment thereof
       Signed this        day of        201   ”

77      Where it is desired to afford members an opportunity of voting for or against a resolution the instrument appointing a proxy shall be in the following form or a form as near thereto as circumstances admit-

                              Limited
       (Name of the Company)
       I/We                of
       being a member/members of the above-named company, hereby appoint of
       ......... or failing him of        as my/our proxy to vote for me/us or my/our behalf at the (annual or extraordinary, as the case may be) general meeting of the company, to be held on the day of       19    and at any adjournment thereof
       Signed this        day of        201   ”

16

This form is to be used in favour of/*against the resolution   Unless otherwise instructed the proxy will vote as he thinks fit

   * Strike out whichever is not desired

78   The instrument appointing a proxy shall be deemed to confer authority to demand or join in demanding a poll

79   A vote given in accordance with the terms of an instrument of proxy shall be valid notwithstanding the previous death or insanity of the principal or revocation of the proxy or of the authority under which the proxy was executed or the transfer of the share in respect of which the proxy is given provided that no intimation in writing of such death insanity revocation or transfer as aforesaid shall have been received by the company at the office before the commencement of the meeting or adjourned meeting at which the proxy is used

80   Subject to the provisions of the Law a resolution in writing signed by all the members for the time being entitled to receive notice of and to attend and vote at general meetings (or being corporations by their duly authorised representatives) shall be as valid and effective as if the same had been passed at a general meeting of the company duly convened and held  Any such resolution may consist of several documents in the like form each signed by one or more of the Members or their attorneys, and signature in the case of a corporate body which is a Member shall be sufficient if made by a Director or other authorised officer thereof or its duly appointed attorney

CORPORATION ACTING BY REPRESENTATIVES AT MEETINGS

81   Any corporation which is a member of the company may by resolution of its directors or other governing body authorise such person as it thinks fit to act as its representative at any meeting of the company or of any class of members of the company, and the person so authorised shall be entitled to exercise the same powers on behalf of the corporation which he represents as that corporation could exercise if it were an individual member of the company

DIRECTORS

82   Unless and until otherwise determined by the company in General Meeting, the number of the Directors shall not be less than one and there shall be no maximum number  The first Directors of the company shall be appointed in writing by the subscribers to the memorandum of association or a majority of them and it shall not be necessary to hold any meeting for that purpose

83   The remuneration of the directors shall from time to time be determined by the company in general meeting  Such remuneration shall be deemed to accrue from day to day  The directors may also be paid all travelling hotel and other expenses properly incurred by them in attending and returning from meetings of the directors or any committee of the directors or general meetings of the company or in connection with the business of the company

84   The shareholding qualification for directors may be fixed by the company in general meeting, and unless and until so fixed no qualification shall be required

85   A director of the company may be or become a director or other officer of, or otherwise interested in, any company promoted by the company as a shareholder or otherwise, and no such director shall be accountable to the company for any remuneration or other benefits received by him as a director or officer of, or from his interest in, such other company unless the company otherwise directs

REGULATIONS FOR THE ADMINISTRATION OF THE PRIVATE LIMITED COMPANY WITH SOLE MEMBER

86   The regulations contained in Table I in the Schedule A (exclusive 24, 53, 111(a) and 112) that do not apply, apply to this Company to the extend the same are repeated or contained in these Regulations

The Company is private and has a single member

The sole member of the Company exercises all the authorities in general meetings according to existing Law, provided always that the decisions taken by the sole member on general meetings are recorded in the form of resolution or written memorandum.

Agreements made between the sole member and the Company shall be recorded in the form of resolution or written memorandum unless they are connected with the current activities of the Company made under normal circumstances.

## BORROWING POWERS

87      The directors may exercise all the powers of the company to borrow money, and to charge or mortgage its undertaking, property and uncalled capital, or any part thereof, and to issue debentures, debenture stock and other securities whether outright or as security for any debt, liability or obligation of the company or of any third party.

## POWERS AND DUTIES OF DIRECTORS

88.     The business of the company shall be managed by the directors, who may pay all expenses incurred in promoting and registering the company, and may exercise all such powers of the company as are not, by the Law or by these regulations, required to be exercised by the company in general meeting, subject, nevertheless, to any of these regulations, to the provisions of the Law and to such regulations, being not inconsistent with the aforesaid regulations or provisions as may be prescribed by the company in general meeting but no regulation made by the company in general meeting shall invalidate any prior act of the directors which would have been valid if that regulation had not been made.

89      The directors may from time to time and at any time by power of attorney appoint any company firm or person or body of persons, whether nominated directly or indirectly by the directors, to be the attorney or attorneys of the company for such purposes and with such powers, authorities and discretions (not exceeding those vested in or exercisable by the directors under these regulations) and for such period and subject to such conditions as they may think fit, and any such powers of attorney may contain such provisions for the protection and convenience of persons dealing with any such attorney as the directors may think fit and may also authorise any such attorney to delegate all or any of the powers, authorities and discretions vested in him.

90      The company may exercise the powers conferred by section 36 of the Law with regard to having an official seal for use abroad and such powers shall be vested in the directors.

91.     The company may exercise the powers conferred upon the company by sections 114 to 117 (both inclusive) of the Law with regard to the keeping of a dominion register, and the directors may (subject to the provisions of those sections) make and vary such regulations as they may think fit respecting the keeping of any such register.

92

(1)     A director who is in any way, whether directly or indirectly, interested in a contract or proposed contract with the company shall declare the nature of his interest at a meeting of the directors in accordance with section 191 of the Law.

(2)     A director may vote in respect of any contract or proposed contract or arrangement notwithstanding that he may be interested therein and if he does so his vote shall be counted and he may be counted in the quorum at any meeting of the directors at which any such contract or proposed contract or arrangement shall come before the meeting for consideration.

(3)     A director may hold any other office or place of profit under the company (other than the office of auditor) in conjunction with his office of director for such period and on such terms (as to remuneration and otherwise) as the directors may determine and no director or intending director shall be disqualified by his office from contracting with the company either with regard to his tenure of any such other office or place of profit or as vendor, purchaser or otherwise, nor shall any such contract, or any contract or arrangement entered into by or on behalf of the company in which any director is in any way interested be liable to be avoided, nor shall any directors so contracting or being so interested be liable to account to the company for any profit realised by any such contract or arrangement by reason of such director holding that office or of the fiduciary relation

18

thereby established

(4)  Any director may act by himself or his firm in a professional capacity for the company, and he or his firm shall be entitled to remuneration for professional services as if he were not a director, provided that nothing herein contained shall authorise a director or his firm to act as auditor to the company

93    All cheques, promissory notes, drafts, bills of exchange, and other negotiable instruments and all receipts for moneys paid to the company shall be signed, drawn, accepted endorsed, or otherwise executed, as the case may be, in such manner as the directors shall from time to time by resolution determine

94    The directors shall cause minutes to be made in books provided for the purpose -

(a)  of all appointments of officers made by the directors;

(b)  of the names of the directors present at each meeting of the directors and of any committee of the directors;

(c)  of all resolutions and proceedings at all meetings of the company, and of the directors and of committees of directors

PENSIONS

95    The directors may grant retirement pensions or annuities or other gratuities or allowances, including allowances on death, to any person or persons in respect of services rendered by him or them to the company whether as managing directors or in any other office or employment under the company or indirectly as officers or employees of any subsidiary associated or allied company of the company, notwithstanding that he or they may be or may have been directors of the company and the company may make payments towards insurance, trusts, schemes or funds for such purposes in respect of such person or persons and may include rights in respect of such pensions, annuities and allowances in the terms of engagement of any such person or persons.

DISQUALIFICATION OF DIRECTORS

96    The office of director shall be vacated if the director:

(a)  ceases to be a director by virtue of section 176 of the Law, or

(b)  becomes bankrupt or makes any arrangement or composition with his creditors generally, or

(c)  becomes prohibited from being a director by reason of any order made under section 180 of the Law, or

(d)  becomes of unsound mind,

(e)  resigns his office by notice in writing to the company

APPOINTMENT OF ADDITIONAL DIRECTORS AND REMOVALS OF DIRECTORS

97    The Directors shall have power at any time, and from time to time, to appoint any person to be a director, either to fill a casual vacancy or as an addition to the existing directors, but so that the total number of directors shall not at any time exceed the number fixed in accordance with these regulations. Any director so appointed shall hold office only until the next following annual general meeting, and shall then be eligible for re-election

98    The company may by ordinary resolution, of which special notice has been given in accordance with section 136 of the Law, remove any director before the expiration of his period of office notwithstanding anything in these regulations or in any agreement between the company and such director. Such removal shall be without prejudice to any claim such director may have for damages for breach of any contract of service between him and the company

99    At any time, and from time to time, the company may (without prejudice to the powers of the directors under regulation 96) by ordinary resolution appoint any person a director

19

and determine the period for which such person is to hold office.

## PROCEEDINGS OF DIRECTORS

100    The directors may meet together for the despatch of business, adjourn, and otherwise regulate their meetings, as they think fit.

A director may, and the secretary on the requisition of a director shall, at any time summon a meeting of the directors. It shall be necessary to give a 96 hour notice of a meeting of directors to any director for the time being absent from Cyprus who has supplied to the company a registered address situated outside Cyprus. All Board and Committee meetings shall take place in Cyprus, where the management and control of the company shall rest.

101    Decisions by the directors shall be taken by majority.

The quorum necessary for the transaction of the business of the directors may be fixed by the directors, and unless so fixed shall be one director or his alternate.

102    The continuing directors may act notwithstanding any vacancy in their body, but if and so long as their number is reduced below the number fixed by or pursuant to the regulations of the company as the necessary quorum of directors, the continuing directors or director may act for the purpose of increasing the number of director to that number, or of summoning a general meeting of the company but for no other purpose.

103    The directors may elect a chairman of their meeting and determine the period for which he is to hold office, but if no such chairman is elected, or if at any meeting the chairman is not present within five minutes after the time appointed for holding the same, the directors present may choose one of their number to be chairman of the meeting.

104    The directors may delegate any of their powers to a committee or committees consisting of such member or members of their body as they think fit; any committee so formed shall in the exercise of the powers so delegated conform to any regulations that may be imposed on it by the directors, as to its powers, constitution, proceedings, quorum or otherwise.

105    A committee may elect a chairman of its meetings; if no such chairman is elected, or if at any meeting the chairman is not present within five minutes after the time appointed for holding the same, the members present may choose one of their number to be chairman of the meeting.

106    Subject to any regulations imposed on it by the Directors, a committee may meet and adjourn as it thinks proper and questions arising at any meeting shall be determined by a majority of votes of the members present.

107    All acts done by any meeting of the directors or of a committee of directors or by any person acting as a director shall, notwithstanding that it be afterwards discovered that there was some defect in the appointment of any such director or person acting as aforesaid, or that they or any of them were disqualified, be as valid as if every such person had been duly appointed and was qualified to be a director.

108    A resolution in writing signed or approved by letter or facsimile by each director or his alternate shall be as valid and effectual as if it had been passed at a meeting of the directors duly convened and held and when signed may consist of several documents each signed by one or more of the persons aforesaid.

## ALTERNATE DIRECTORS

109

(a)    Each director shall have power from time to time to nominate another director or any person, not being a director, to act as his alternate director and at his discretion to remove such alternate director.

(b)    An alternate director shall (except as regards power to appoint an alternate director and remuneration) be subject in all respects to the terms and conditions existing with reference to the other directors, and shall be entitled to receive notices of all meetings of

20

the directors and to attend, speak and vote at any such meeting at which his appointor is not present

(c)   One person may act as alternate director to more than one director and while he is so acting shall be entitled to a separate vote for each director he is representing and, if he is himself a director, his vote or votes as an alternate director shall be in addition to his own vote

(d)   Any appointment or removal of an alternate director may be made by letter or facsimile or in any other manner approved by the directors. Any facsimile shall be confirmed as soon as possible by letter but may be acted upon by the company meanwhile.

(e)   If a director making any such appointment as aforesaid shall cease to be a director otherwise than by reason of vacating his office at a meeting of the company at which he is re-elected, the person appointed by him shall thereupon cease to have any power or authority to act as an alternate director

(f)   A director shall not be liable for the acts and defaults of any alternate director appointed by him.

(g)   An alternate director shall not be taken into account in reckoning the minimum or maximum number of directors allowed for the time being but he shall be counted for the purpose of reckoning whether a quorum is present at any meeting of the directors attended by him at which he is entitled to vote.

## MANAGING DIRECTOR

110.   The directors may from time to time appoint one or more of their body to the office of managing director for such period and on such terms as they think fit, and, subject to the terms of any agreement entered into in any particular case, may revoke such appointment  His appointment shall be automatically determined if he ceases from any cause to be a director.

111.   A managing director shall receive such remuneration (whether by way of salary, commission or participation in profits, or partly in one way and partly in another) as the directors may determine

112.   The directors may entrust to and confer upon a managing director any of the powers exercisable by them upon such terms and conditions and with such restrictions as they may think fit, and either collaterally with or the exclusion of their own powers and may from time to time revoke, withdraw, alter or vary all or any of such powers

## SECRETARY

113.   The secretary shall be appointed by the directors for such term, at such remuneration and upon such conditions as they may think fit, and any secretary so appointed may be removed by them.

114.   No person shall be appointed or hold office as secretary who is:-

(a)   the sole director of the company, or

(b)   a corporation the sole director of which is the sole director of the company, or

(c)   the sole director of a corporation which is the sole director of the company

115.   A provision of the Law or these regulations requiring or authorising a thing to be done by or to a director and the secretary shall not be satisfied by its being done by or to the same person acting both as director and as, or in place of, the secretary

## THE SEAL

116.   The directors shall provide for the safe custody of the seal, which shall only be used by the authority of the directors or of a committee of the directors authorised by the directors in that behalf, and every instrument to which the seal shall be affixed shall be signed by a director or by some other person appointed by the directors for the purpose

## DIVIDENDS AND RESERVE

117    The company in general meeting may declare dividends, but no dividend shall exceed the amount recommended by the directors.

118    The directors may from time to time pay to the members such interim dividends as appear to the directors to be justified by the profits of the company.

119    No dividend shall be paid otherwise than out of profits.

120    The directors may, before recommending any dividend, set aside out of the profits of the company such sums as they think proper as a reserve or reserves which shall, at the discretion of the directors, be applicable for any purpose to which the profits of the company be properly applied  and pending such application may, at the like discretion either be employed in the business of the company or be invested in such investments (other than shares of the company) as the directors may from time to time think fit.  The directors may also without placing the same to the reserve carry forward any profits which they may think prudent not to divide.

121    Subject to the rights of persons, if any, entitled to shares with special rights as to dividend, all dividends shall be declared and paid according to the amounts paid or credited as paid on the shares in respect whereof the dividend is paid, but no amount paid or credited as paid on a share in advance of calls shall be treated for the purposes of this regulation as paid on the share.   All dividends shall be apportioned and paid proportionately to the amounts paid or credited as paid on the shares during any portion or portions of the period in respect of which the dividend is paid  but if any share is issued on terms providing that it shall rank for dividend as from a particular date such share shall rank for dividend accordingly.

122    The directors may deduct from any dividend payable to any member all sums of money (if any) presently payable by him to the company on account of calls or otherwise in relation to the shares of the company.

123    Any general meeting declaring a dividend or bonus may direct payment of such dividend or bonus wholly or partly by the distribution of specific assets and in particular of paid up shares, debentures or debenture stock of the company or any other company or in anyone or more of such ways  and the directors shall give effect to such resolution, and where any difficulty arises in regard to such distribution, the directors may settle the same as they think expedient, and in particular may issue fractional certificates and fix the value for distribution of such specific assets or any part thereof and may determine that cash payments shall be made to any members upon the footing of the value so fixed in order to adjust the rights of all parties, and may vest any such specific assets in trustees as may seem expedient to the directors.

124    Any dividend, interest or other moneys payable in cash in respect of shares may be paid by cheque or warrant sent through the post directed to the registered address of the holder or  in the case of joint holders  to the registered address of that one of the joint holders who is first named in the register of members or to such person and to such address as the holder or joint holders may in writing direct   Every such cheque or warrant shall be made payable to the order of the person to whom it is sent  Any one of two or more joint holders may give effectual receipts for any dividends, bonuses or other moneys payable in respect of the shares held by them as joint holders.

125    No dividend shall bear interest against the company.

## ACCOUNTS

126    The directors shall cause proper books of account to be kept with respect to:

(a)    all sums of money received and expended by the company and the matters in respect of which the receipt and expenditure takes place:

(b)    all sales and purchases of goods by the company  and

(c)    the assets and liabilities of the company.

(127)  The books of account must be kept at the registered office of the Company or subject to section 141(3) of the Law, at such other place or places as may be determined by the Board of Directors at its discretion and in addition shall at all times be open for inspection by the Board of Directors and the Board of Directors will ensure for the compliance with article 141 of the Law in general.

(128)  The board of Directors shall decide from time to time whether and to what extent, at what times in what places and under which conditions and regulations the accounts and books of the Company or any of them shall be open to inspection by members of the Company who do not participate in the Board of Directors. No member (who does not participate in the Board of Directors) has any right to inspect any account or book or document of the Company, except to the extent that such right shall be granted to him by law or in case he shall be authorized to do so by the Board of Directors or by the Company in a general meeting.

(129)  The Board of Directors ensures that they are prepared and presented to the Company and within the time periods defined in subsection (1) of article 152.

(130)  A copy of the documents referred to in subsection (1) of articles 152 of the Law, which are to be placed before the Company in a general meeting, together with a copy of the auditor's report are sent at least 21 days before the date of the meeting to each one of the members of the Company, to each holder of the Company's bonds, as well as to each registered person in accordance with Regulation 37.

It is understood that this Regulation does not mandate that copies of the above documents be sent to persons whose address is unknown to the Company or to more than one person who jointly own shares or bonds of the Company.

(131)  CAPITALIZATION OF PROFITS

131. The Company in a general meeting may, on the recommendation of the Board of Directors, decide that the capitalization of any part of the amount is undesirable, an amount which is each time credited to any reserve account of the Company or which is credited to the profit and loss account or which is otherwise available for purposes of distribution and accordingly, to release such amount for distribution to members who would have rights thereto if distributed in the form of a dividend and in the same proportions, provided that the same shall not be paid in cash and that it shall be appropriated either for the payment or against the payment of the sums from time to time still unpaid for shares held by such members respectively or for the full payment of unissued shares or bonds of the Company, which shall be granted and distributed credited as fully paid to such members and between them in said proportions or partly in the one and partly in the other manner, and the Board of Directors shall carry out such decision. It is understood that the reserve from the issuance of premium shares and the reserve for the repayment of capital may for the purposes of this regulation be given only for the repayment of shares that have not been issued and which will be issued to members of the Company as fully paid free shares ( bonus shares).

(132)  In the event that a decision is taken, as mentioned above, the Board of Directors proceeds with the disposal and use of the undistributed profits, for which the capitalization was decided in this way, as well as the possible granting and issuance of fully paid shares or bonds. The Board of Directors generally shall do as may be necessary for the implementation of this agreement and for this purpose shall have full power to take the necessary, in its discretion, provisions by the issuance of certificates entitling to a fraction of shares or by payment in cash or otherwise , in the case of shares or bonds to be distributed in fractions. In addition, the Board of Directors authorizes any person to conclude, on behalf of all

23

members who have such a right, an agreement with the Company regarding the granting to them, respectively, of any additional shares or bonds credited as redeemed to which they may be entitled during the capitalization or depending on each case that will arise, the repayment of part of the amounts that remain unpaid on their existing shares, with the allocation of their respective proportions to the profits for which the capitalization was decided. An agreement made based on this authorization is considered valid and binding for all such members.

(133)   ACCOUNT CONTROL

133. Auditors are appointed and their duties are regulated in accordance with articles 153 to 156 (both inclusive) of the Law.

134      A notice may be given by the company to any member either personally or by sending it by post to him or to his registered address, or (if he has no registered address within Cyprus) to the address, if any, within Cyprus supplied by him to the company for the giving of notice to him. Where a notice is sent by post, service of the notice shall be deemed to be effected by properly addressing, prepaying and posting a letter containing the notice, and to have been effected in the case a notice of a meeting at the expiration of 24 hours after the letter containing the same is posted, and in any other case at the time at which the letter would be delivered in the ordinary course of post.

135      A notice may be given by the company to the joint holders of a share by giving the notice to the joint holder first named in the register of members in respect of the share.

136      A notice may be given by the company to the persons entitled to a share in consequence of the death or bankruptcy of a member by sending it through the post in a prepaid letter addressed to them by name, or by the title of representatives of the deceased, or trustee of the bankrupt, or by any like descriptions, at the address, if any, within Cyprus supplied for the purpose by the persons claiming to be so entitled, or (until such an address has been so supplied) by giving the notice in any manner in which the same might have been given if the death or bankruptcy had not occurred.

137      Notice of every general meeting shall be given in any manner herein before authorised to

(a)      every member except those members who (having no registered address within Cyprus) have not supplied to the company an address within Cyprus for the giving of notices to them.

(b)      every person upon whom the ownership of a share devolves by reason of his being a legal personal representative or a trustee in bankruptcy of a member where the member but for his death or bankruptcy would be entitled to receive notice of the meeting, and

(c)      the auditor for the time being of the company.

No other person shall be entitled to receive notices of general meetings.

## WINDING UP

138      If the company shall be wound up the liquidator may, with the sanction of an extraordinary resolution of the company and any other sanction required by the Law, divide amongst the members in specie or kind the whole or any part of the assets of the company (whether they shall consist of property of the same kind or not) and may, for such purpose set such value as he deems fair upon any property to be divided as aforesaid and may determine how such division shall be carried out as between the members or different classes of members. The liquidator may, with the like sanction, vest the whole or any part of such assets in trustees upon such trusts for the benefit of the contributories as the liquidator, with the like sanction, shall think fit, but so that no member shall be compelled to accept any shares or other securities whereon there is any liability.

## INDEMNITY

139      Every director or other officer for the time being of the company shall be indemnified out of the assets of the company against any losses or liabilities which he may sustain or incur in or about the execution of his duties including liability incurred by him in defending any proceedings whether civil or criminal in which judgement is given in his favour or in which he is acquitted or in connection with any application under section 383 of the Law in which relief is granted to him by the Court and no director or officer of the company shall be liable for any loss, damage or misfortune which may happen to or be incurred by the company in the execution of the duties of his office or in relation thereto. But this clause shall only have effect in so far as its provisions are not avoided by section 197 of the Law.

24

---

ADDRESSES AND DESCRIPTION OF SUBSCRIBERS

---

PROVERIAL LTD

Reg. No. HE 334617
16, Sofouli Street,
Chianteclair Building
1096 Nicosia
Cyprus

---

Dated this .................... day of ................... 2014

Witness to the above signatures:

...... ... . . . . . . .

Marinella Kattou

Secretary

16, Sofouli Street

Building Chanteclair

Office 303

1096 Nicosia


I confirm that I settled the above

Memorandum and Articles

of Association of the Company


Haris Christys

Advocate

16, Sofouli Street

Building Chanteclair

Office 303

1096 Nicosia

22 358588

---

# TAB 2



ΚΥΠΡΙΑΚΗ
REPUBLIC

ΔΗΜΟΚΡΑΤΙΑ
OF CYPRUS

**HE 335683**

MINISTRY OF ENERGY, COMMERCE AND INDUSTRY
DEPARTMENT OF REGISTRAR OF
COMPANIES AND INTELLECTUAL PROPERTY
NICOSIA

11 November, 2022

## CERTIFICATE

## FTX EU LTD

It is hereby certified that, in accordance with the records kept by this Department, the following are the Directors and Secretary of the above Company:

| Directors | Country of Nationality |
|---|---|
| **SAMUEL BENJAMIN BANKMAN-FRIED** | United States of America |
| Unit 311, West Bay Street, Lot 5 New Providence, N4417, Bahamas | |
| **MARIOS ATHINODOROU** | Cyprus |
| Kodrou, 11 Aradippou, 7104, Larnaca, Cyprus | |
| **ANDREAS GEORGAKI** | Cyprus |
| Petraki Kyprianou, 20 KYTHREA BUILDING 4, 4th floor, Flat/Office 402 6050, Larnaca, Cyprus | |
| **MARTHA LAMBRIANOU** | Cyprus |
| Argostoliou, 4 Lemesos, 3117, Limassol, Cyprus | |
| **THEODOROS LOUKA** | Cyprus |
| Alexandrou Panagouli, 26 TORNARI COURT, Flat/Office 2 6057, Larnaca, Cyprus | |



ΚΥΠΡΙΑΚΗ
REPUBLIC



ΔΗΜΟΚΡΑΤΙΑ
OF CYPRUS

<u>Country of Nationality</u>

<u>Secretary</u>

**AMF GLOBAL SERVICES LIMITED**

Aiolou & Panagioti Diomidous, 9
Katholiki,  3020, Limassol, Cyprus

For Registrar of Companies

ANNITA CHRISTODOULOU

There have been changes of the name

## A P O S T I L L E

*(Convention de La Haye du 5 octobre 1961)*

1. Country: Cyprus

   This public document

2. has been signed by Annita Christodoulou

3. acting in the capacity for Registrar of Companies

4. bears the seal/stamp of Department of Registrar of Companies and Intellectual Property, Ministry of Energy, Commerce and Industry

Certified

5. at APOSTILLE - MJPO

6. the 14/11/2022

7. by Vasiliki Ioannou

8. No NIC MJPO-NIC 000543539/2022

9. Seal/stamp:

10. Signature:

For Permanent Secretary
Ministry of Justice and Public Order
77270913

# TAB 3

DocuSign Envelope ID: C3184D15-9CE3-45A1-B0E5-059882456368

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MARTHA LAMBRIANOU IN SUPPORT OF MOTION OF**
**MARTHA LAMBRIANOU TO DISMISS BANKRUPTCY CASE OF FTX EU LTD.**

I, MARTHA LAMBRIANOU, pursuant to 28 U.S.C. § 1746, do hereby declare and state as follows:

1.      I am currently the sole director at FTX EU Ltd. ("**FTX EU**" or the "**Company**") and have been a director at the Company since October 2017.

2.      I joined FTX EU (f/k/a K-DNA Financial Services Ltd.) as Executive Director in October 2017.

3.      I am an individual creditor of FTX EU, as I maintain a personal customer account with FTX EU.

4.      On or about November 14, 2022, I learned through social media and third parties that a petition had been filed in a United States court to initiate a bankruptcy proceeding for FTX EU (the "**Petition**").

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in the above-captioned jointly-administered chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

5.    I have reviewed some of the relevant filings, including the Petition (filed in Case No. 22-11166-JTD, D.I. 1) and the Omnibus Authority (attached to the Petition), which John R. Ray III ("**Ray**") claims is the basis for his authority for filing the Petition. [Case No. 22-11166-JTD, D.I. 1, page 12 of 23].

6.    FTX EU is a wholly owned subsidiary of FTX Europe AG, a Swiss corporation.  A true and correct copy of FTX EU's Memorandum of Association and Articles of Association are **Tab 1** to the *Appendix to Motion of Martha Lambrianou to Dismiss Bankruptcy Case of FTX EU Ltd.* (the "**Appendix**").

7.    On November 11, 2022 (the "**Petition Date**"), FTX EU had five directors: (i) me, (ii) Andreas Georgaki; (iii) Marios Athinodorou; (iv) Theodoros Louca; and (v) Samuel Bankman-Fried. A true and correct copy of the *Certificate* from the Republic of Cyprus Ministry of Energy, Commerce and Industry, reflecting the composition of the FTX EU board of directors as of the Petition Date, is **Tab 2** to the Appendix.

8.    FTX EU's directors did not authorize the filing of the Petition, either at a meeting or by consent in lieu of a meeting.

9.    Nor did FTX EU retain any US lawyer, including Debtors' Counsel or Landis,[2] to prepare a bankruptcy filing for FTX EU.

10.    Prior to filing the Petition, I was never: contacted by Samuel Bankman-Fried, Ray, or any of the attorneys or other professionals supposedly representing FTX EU; notified of any potential bankruptcy filing; or notified of a directors meeting to discuss a possible US bankruptcy filing. No such meeting was ever held.

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Motion of Martha Lambrianou to Dismiss Bankruptcy Case of FTX EU Ltd.* (the "**Motion**").

DocuSign Envelope ID: C31840A15-9CE7-45A1-B0E5-0B9882456368

11.     The chapter 11 proceeding has caused and continues to cause substantial harm to FTX EU, including legal exposure with the Cyprus Securities and Exchange Commission ("**CySEC**") for violation of local laws and regulations through the illegal withholding of client funds that are improperly being hindered and delayed by the unauthorized US bankruptcy proceeding for FTX EU.

12.     Samuel Bankman-Fried did not have authority to act unilaterally and appoint Ray as CEO of FTX EU and delegate to Ray the power to file bankruptcy in the United States on behalf of the Company without the proper regulatory and board approvals.

13.     After the Petition Date, the FTX Debtors took steps to pressure me into ratifying the chapter 11 filing.  Among those actions, the FTX Debtors had reached out to FTX EU's banking partners and caused the freezing of the accounts in Cyprus. I sent letters addressed to the banks asking them to secure and safeguard accounts, especially client accounts, and rejected any request to change Authorized bank Signatories, reminding them of the legal procedures needed to be followed for any change of Authorized Signatories. As a director of FTX EU and in an effort to fulfill my fiduciary duties, I was forced to make any requests for critical payments (including for employee payroll) to the FTX Debtors' professionals. Among those requests was an urgent payment to a Cyprus local counsel, which was to provide a legal opinion of the non-recognition of Chapter 11 in Cyprus, as requested by CySEC. The payment was never processed by the FTX Debtors, even after numerous requests for an urgent payout.

14.     In February 2023 – nearly three (3) months after the Petition Date – FTX Debtors' Counsel's met with me and Marios Athinodorou, FTX EU's other director at the time, to make a presentation on the US bankruptcy process. My understanding at the time was that we, as the

directors of FTX EU, continued to manage the Company, and we had authority to ratify the bankruptcy filing.

15. After that presentation, FTX EU's board of directors declined to ratify the chapter 11 filing. I believed that ratification would have been improper and in violation of Cyprus law. FTX EU's directors have consistently objected to being a party to the chapter 11 proceeding. Although the FTX Debtors previously represented that they would dismiss FTX EU as a debtor, FTX EU's bankruptcy case has not been voluntarily dismissed.

16. In July 2023, the FTX Debtors requested (a) that the board of directors approve the payment of approximately $1.2 million to the FTX Debtors, which allegedly corresponded to payments made by the FTX Debtors for the operational expenses of FTX EU following the commencement of the chapter 11 cases (while FTX EU's bank accounts were frozen), and (b) to undertake to pay any additional administrative expenses and other disbursements paid by the FTX Debtors in relation to the chapter 11 cases. The payments were to be in exchange for the FTX Debtors to continue supporting FTX EU's ongoing operational expenses – notwithstanding the fact that FTX EU never engaged FTX Debtor's Counsel and never authorized a chapter 11 filing.

17. Of course, I declined to accept those onerous and wholly unsupportable terms, as I believed doing so would itself be a breach of my fiduciary duties to FTX EU and its creditors. As a result, the FTX Debtors informed FTX EU that no more payments will be made on behalf of FTX EU and that FTX EU would be removed from chapter 11 and go into liquidation.

18. In August 2023, the FTX Debtors contacted me regarding an article discussing the FTX Debtors' intention to cutoff financial support to FTX EU and dismiss FTX EU's bankruptcy case and requested that I attend a meeting with the FTX Debtors alone, without other FTX personnel or counsel.

19.     I am thus forced to bring the instant Motion. Rather than dismissing the Petition as represented, the FTX Debtors have now filed a motion for entry of an order, *inter alia*, authorizing and approving an insider sale of the shares of FTX EU by FTX Europe AG to FTX Trading Ltd. [Case No. 22-11068-JTD; D.I. 5378].  The FTX Debtors are attempting to sidestep the threshold issues of whether the FTX Debtors', FTX EU's and FTX Europe AG's bankruptcy filings were properly authorized and, correspondingly, whether the Court has jurisdiction over the above-captioned bankruptcy cases.

20.     I respectfully request that the Court dismiss the improperly filed US bankruptcy case of FTX EU and permit FTX EU and me, as sole director, to properly manage the Company's affairs according to Cyprus law and in accordance with the regulations of CySEC, as it should have been from the beginning.  Furthermore, based on my understanding of FTX EU's financial affairs, the dismissal of FTX EU's improperly filed bankruptcy petition will result in a more expeditious financial recovery by FTX EU's customers and creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 9, 2024.

/s/ Martha Lambrianou
Martha Lambrianou

# TAB 4

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF LAMBROS SOTERIOU IN SUPPORT OF MOTION OF MARTHA LAMBRIANOU TO DISMISS BANKRUPTCY CASE OF FTX EU LTD.

I, LAMBROS SOTERIOU, pursuant to 28 U.S.C. § 1746, do hereby declare and state as follows:

1.      I am an Attorney-at-Law, licensed to practice in the Republic of Cyprus. I am an attorney at the MICHAEL KYPRIANOU & CO LLC law firm (the "**Law Firm**"), in its Limassol, Cyprus office.

2.      I was retained by FTX EU Ltd. ("**FTX EU**" or the "**Company**") through the Law Firm, to provide an opinion regarding certain matters of Cyprus law applicable to FTX EU, including who had authority, on behalf of the Company, to authorize the filing of a chapter 11 bankruptcy petition for the Company. Specifically, this declaration ("**Declaration**") addresses the validity under Cyprus law of the Omnibus Authority (as defined below) given by Samuel Bankman-Fried ("**Bankman-Fried**"), which purported to delegate the power and authority to authorize a bankruptcy filing by the Company to a third-party American citizen, John R. Ray, III

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in the above-captioned jointly-administered chapter 11 cases, a complete list of the debtors (collectively, "**Debtors**") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

DocuSign Envelope ID: ACBDBBE4-1C26-416F-8F84-9E25B432E9E3

("**Ray**"). The Law Firm's appointment was done by Martha Lambrianou ("Lambrianou") in her capacity as sole director of the Company.

### A.    Personal Background

3.    I hold an LLB Law Degree from the University of Warwick and a Masters of Laws (LLM) in Corporate and Commercial law from the University College London (UCL).  I am Barrister-at-Law-Middle Temple. I have been practicing corporate and commercial law in Cyprus for over fifteen (15) years, specializing in corporate law and financial regulations. I have been a Partner at the Law Firm for over 10 years, heading the corporate and financial regulations practice of the Law Firm.

### B.    Applicable Cyprus Law

4.     FTX EU was incorporated in Cyprus and has its registered office in Cyprus. Cyprus law governs matters of its corporate governance and internal affairs.

5.    Cyprus law applicable to the issues addressed in this Declaration includes The Companies Law, as amended (Chapter 113). I am familiar with this law from my practice and have reviewed it again in preparing this Declaration.

6.    I also reviewed and considered relevant pleading, motions and other filings in the bankruptcy case, including those identified below.

7.    Finally, I have reviewed FTX EU's Memorandum of Association (the "**MOA**") and Articles of Association (the "**Articles**"). (MOA and Articles, **Tab 1** to Appendix).

### C.    Factual Allegations

8.    The following alleged facts are relevant to my analysis of the applicable law:

DocuSign Envelope ID: ACBDBBE4-1C26-416F-BE84-9F25B432F9E3

a.      On November 11, 2022 ("**Petition Date**"), FTX EU filed its petition ("**Petition**") for relief under the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware ("**Court**"). [Case No. 22-11166-JTD, D.I 1].

b.      The Petition was signed by Ray purporting to act on behalf of FTX EU—although never properly appointed as such or approved by CySEC—and by Adam G. Landis of the law firm Landis Rath & Cobb LLP purporting to act as attorney for FTX EU—although never actually retained by FTX EU. (*Id.*).

c.      Ray claims to have had authority to file the Petition by virtue of an Omnibus Corporate Authority dated November 10, 2022 ("**Omnibus Authority**"), a copy of which was filed with the Petition.  [Case No. 22-11166-JTD, Docket No. 1, page 12 of 23].

d.      The Omnibus Authority states in relevant part:

> I, Samuel Benjamin Bankman-Fried, as controlling owner, director, officer, manager or other authorized person with respect to West Realm Shires Inc., Paper Bird Inc., Hilltop Technology Services LLC, Cedar Grove Technologies Services, Ltd., FTX Trading Ltd., Alameda Research LLC And Clifton Bay Investments LLC (the "Top Companies"), and all of their directly and indirectly owned subsidiaries (together with the Top Companies, the "FTX Group"), hereby authorize, instruct and consent to the following corporate actions with respect to all members of the FTX Group:
>
> (i)      the appointment of John J. Ray III ("the CEO") as Chief Executive Officer with plenary authority to exercise all powers and authority capable of delegation to an officer under applicable law, including without limitation in connection with a voluntary filing for protection from creditors under Title 11 of the United States Code and any restructuring and insolvency-related proceeding that may be appropriate or necessary, or may be commenced by third parties, with respect to all members of the FTX Group;
> *****
> (iv) the appointment of Stephen Neal (if willing to serve) as Chairman of the Board, to the extent applicable law permits me to so designate him as such, and one to three other individuals chosen by the CEO and not affiliated with me or the CEO as new directors of FTX Trading Ltd. . . . .

e.      The Omnibus Authority was signed, electronically, only by Bankman-Fried.

DocuSign Envelope ID: ACBDB8E4-1C26-416E-8E84-9E25B432E9E3

     f.       FTX EU is a wholly owned subsidiary of FTX Europe AG, which, in turn, is wholly owned by FTX Trading Ltd., one of the Top Companies referenced in the Omnibus Authority. *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings*(" **Ray Dec.**") [Case No. 22-11068-JTD, D.I. 24, page 30 of 30].

     g.       Pursuant to the Omnibus Authority, Ray accepted the position as Chief Executive Officer of the Debtors in the early morning hours of November 11, 2022. (*Id*., ¶ 1) although such appointment should have been first approved by CySEC as further described in Par. 13 of this Declaration.

     h.       The Omnibus Authority was drafted by attorney Andrew Dietderich of Sullivan & Cromwell. *Supplemental Declaration of Andrew G. Dietderich in Support of Debtors' Application for an Order Authorizing the Retention and Employment of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-In-Possession Nunc Pro Tunc To The Petition Date* (" **Dietderich Supp. Dec.**") [Case No. 22-11068-JTD, D.I. 510, ¶ 23]. FTX EU had five directors as of the Petition Date: (a) Martha Lambrianou, (b) Andreas Georgaki; (c) Marios Athinodorou; (d) Theodoros Louca; and (e) Samuel Bankman-Fried. (Certificate of Directors, **Tab 2** to Appendix.)

     i.       FTX EU's pre-petition board of directors did not pass a resolution authorizing the filing of the Petition, either at a meeting or by written consent in lieu of a meeting. (*Declaration of Martha Lambrianou in Support of Motion of Martha Lambrianou to Dismiss Bankruptcy Case of FTX EU Ltd.*(" **Lambrianou Dec.**"), ¶ 7).

     j.       Dietderich states he recommended and prepared the Omnibus Authority because "there was not time to hold over 100 board meetings for companies whose records were both incomplete and unfamiliar to [Sullivan & Cromwell]." (Dietderich Supp. Dec., ¶ 23).

k.      As described by Dietderich, its author, the Omnibus Authority "appointed Mr. Ray CEO of all of the Debtors, transferred to him all of Mr. Bankman-Fried's corporate authority and authorized Mr. Ray to decide if and when the Debtors should commence chapter 11 proceedings." (Dietderich Supp. Dec., ¶ 23). It should be clarified that Mr. Bankman-Fried was a Non- Executive Director of the Company and did not have an active role in the day to day management of the Company.

l.      After his appointment as CEO, Ray – not the FTX EU board of directors, and without the board's permission – made the decision to file the Petition. (Dietderich Supp. Dec., ¶ 5). Authorizing the chapter 11 filings of the Debtors, including FTX EU, was, according to Ray, his first "official act" as CEO. (Ray Dec., ¶ 2).

### D.      Applicable Cyprus Law

9.      As stated, I have been asked to identify and address Cyprus Law applicable to the validity of the Omnibus Authority given by Bankman-Fried.

10.      Cyprus law applicable to the issues raised in this Motion include The Companies Law, as amended (Chapter 113) ("**Cap. 113**"). Cap. 113, together with a company's memorandum of association and articles of association, govern the relationship between a Cyprus company and its directors, officers, and shareholders.

11.      The Company is a corporation formed and registered in Cyprus.

12.      As a Cyprus legal entity, and under the Articles of the Company, the powers of the Company are to be exercised by the sole member in general meetings and by the directors. (Articles, Sec. 86, 88).  In accordance with Article 88[2] of the Articles of Association of the

---

[2]    Article 88 of the Articles of Association states: *The business of the Company shall be managed by the directors, who may pay all expenses incurred in promoting and registering the Company and may exercise all shall*

Company, the business of the Company shall be managed by the Directors, unless otherwise provided in the Law or in the M&A. Therefore, the Directors of the Company are authorized to sign on behalf of the Company.  Moreover, Article 86 states that *The sole member of the Company exercises all the authorities in general meetings according to existing Law, provided always that the decisions taken by the sole member on general meetings are recorded in the form or resolution or written memorandum.*

13.    Additionally, Cyprus Securities and Exchange Commission ("**CySEC**") assessment is required for the appointment of any new director or senior level management for FTX EU. *See* Section 10 of the Investment Services and Activities and Regulated Markets Law (Law 87(I)/2017). CySEC assessment is required for the appointment of any new director or senior level management for *FTX*EU.  *See* Section 9 (15) and Section 10 of the Investment Services and Activities and Regulated Markets Law (Law 87(I)/2017).  Section 9 (15) states that: *A CIF must notify the Commission of all members of its board of directors and of any changes to its composition, along with all information needed to assess whether the CIF complies with the requirements of this section and section 10.* A true copy of the relevant section of the Law 87(I)/2017 is attached to this Declaration as Exhibit 1. The full version of the Law 87(I)/2017 is available on the CySEC website.[3]  Moreover, Article 5 of the COMMISSION IMPLEMENTING REGULATION (EU) 2017/1945 states that:

---

*powers of the Company as are not, by the Law or by these regulations, required to be exercised by the Company in general meeting, subject, nevertheless, to any of these regulations, to the provisions of the Law and to such regulations, being not inconsistent with the aforesaid regulations or provisions as may be prescribed by the Company in general meeting but no regulations made by the Company in general meeting shall invalidate any prior act of the directors which would have been valid if that regulation had not been made.*

[3]    See https://www.cysec.gov.cy/CMSPages/GetFile.aspx?guid=77e29980-c9c2-449b-b0b4-5da399bd1342.

a) *An investment firm shall notify the competent authority of any change to the membership of its management body before such change takes effect.*

b) *Where, for substantiated reasons, it is not possible to make the notification before that change takes effect, it shall be made within 10 working days after the change.*

c) *The investment firm shall provide the information on the change referred to in paragraph 1 in the format set out in Annex III.*

A true copy of the relevant part of the Regulation (EU) 2017/1945 is attached to this Declaration as Exhibit 2 and the full version is available on the official website of the European Union.[4] Cyprus as an official member of the European Union since 2004 and therefore is subject to the EU laws and regulations, including but not limited to the Directive 2014/65/EU of the European Parliament and of the Council of 15 May 2014 on markets in financial instruments and amending Directive 2002/92/EC and Directive 2011/61/EU. Section 9 (2) of the Law 87(I)/2017 imposes the following requirement:

*"Members of the board of directors of a CIF shall at all times be of good repute and possess sufficient knowledge, skills and experience to perform their duties. The overall composition of the board of directors must reflect an adequately broad range of experiences. Members of the board of directors shall, in particular, fulfil the requirements set out in subsections (3) to (9)."*

Therefore, considering the foregoing, the provisions of the local and EU regulatory framework as well as CySEC practices which shall follow both the EU and local regulatory framework,  any changes in the Board of Directors shall first be assessed and approved by CySEC.

---

[4] See https://eur-lex.europa.eu/eli/reg_impl/2017/1945/oj.

DocuSign Envelope ID: ACBDB8E4-1C26-416F-8E84-9E25B43259E3

14.     Moreover, Section 10 states that: *The board of directors defines, oversees and is responsible for the implementation of the governance arrangements that ensure effective and prudent management of a CIF, including the segregation of duties in the CIF and the prevention of conflicts of interest, and in a manner that promotes the integrity of the market and the interest of clients.*

15.     The *directors* are responsible for deciding all matters and exercising all powers of the Company not reserved by law or the Articles by the Company in general meetings. (Articles, Sec. 88).

16.     The board of directors must exercise their powers in accordance with its Articles of Association and local laws. To do so, the FTX EU directors must either (a) hold a duly convened meeting of the then-current directors, which shall take place in Cyprus, and obtain approval by a majority vote (*id.*; Articles, Sec. 100, 101); or (b) execute a written resolution in lieu of a meeting, in writing and signed by all directors. (*Id.*; Articles, Sec. 108).

17.     Because FTX EU had five directors as of the Petition Date, the board could only authorize such action (a) at a duly convened meeting in Cyprus where it is approved by a majority, or (b) by a written resolution signed by all five directors. (*Id.*; Articles, Sec. 100, 101, 108.)

18.     Additionally, the right to appoint any person, company, or firm to act on behalf of the Company as the authorized representative or attorney, and to delegate such powers vested in or exercisable by the directors, is expressly reserved to the FTX EU board of directors. (Id., Sec. 89.) Thus, any appointment of or delegation to a third party which is not duly authorized through proper board action is invalid. (*Id.*).

19.    Under Cyprus law as well as FTX EU's Articles, Bankman-Fried lacked authority to appoint Ray as CEO and to delegate to him the directors' powers to manage the affairs of the company. Bankman-Fried was one of five directors and lacked authority to act unilaterally. His unilateral appointment of Ray without a duly held directors' meeting or a unanimous written resolution, and without CySEC's prior assessment and subsequent approval, was insufficient to delegate to Ray any authority whatsoever – let alone the power to commence a US bankruptcy proceeding for a Cyprus company governed by Cyprus law.

20.    Based upon the foregoing, I am of the opinion that under the laws of Cyprus the Omnibus Authority, signed by Bankman-Fried, acting alone, without proper notice or permission, and absent legal power to represent FTX EU, could not and did not grant Ray the authority and power to file the Petition for FTX EU in addition to the fact that the appointment of the Ray in the position of CEO should have first been approved by CySEC.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 9, 2024.

/s/  _____
Lambros Soteriou

# EXHIBIT 1

(11) The CIF and the respective nomination committee must, pursuant to section 10(2), ensure that there is a broad set of qualitiesand competences exists when recruiting members for the board of directors and for that purpose the CIF shall put in place a policy promoting diversity on the board of directors.

(12) The Commission shall collect the information which is disclosed in accordance to Article 453, paragraph 2, point c) of Regulation (EU) No 575/2013 and shall use it to benchmark diversity practices and shall provide ESMA with the said information.

(13) Subsections (2) to (12) shall not prejudice the provisionsrelating to the representation of employees in the board of directors, as provided by the laws of Cyprus.

(14) The Commission shall refuse CIF authorisation if it is not satisfied that the members of board of directors of the applicant are of sufficiently good repute, possess sufficient knowledge, skills and experience and commit sufficient time to perform their duties in the applicant, or if there are objective and demonstrable grounds for believing that the board of directors of the applicant may pose a threat to its effective, sound and prudent management and to the adequate consideration of the interest of its clients and the integrity of the market.

(15) A CIF must notify the Commission of all members of its board of directors and ofan ychan ges to its composition, along with all information

The present English text is for information purposes only and is not legally binding. The legally binding document is in the Greek language.

needed to assess whether the CIF complies with the requirements of this section and section 10.

(16) At least two persons meeting the criteria of this section and of section 10, must effectively direct the business of the applicant.

Governance arrangements.

10.-(1)(a)  The board of directors defines, oversees and is responsible for the implementation of the governance arrangements that ensure effective and prudent management of a  CIF, including the segregation of duties in the CIF  and the prevention of con flicts of in terest, and in a manner that promotes the integrity o f the market and the interest of clients.

(b)  The governance arrangements referred to in paragraph (a), shall comply with the following principles:

(i)     the board of directors must have the overall responsibility for the CIF and approve and oversee the implementation of the CIF's strategic objectives, risk prevention strategy and internal governance,

(ii)    the board of directors must ensure the integrity of the accounting and financial reporting systems, including financial and operational controls and compliance with the legislation and relevant standards,

(iii)   the board of directors must oversee the process of disclosure and announcements,

(iv)   the board of directors must be responsible for providing effective supervision of senior management,

The present English text is for information purposes only and is not legally binding. The legally binding document is in the Greek language.

# EXHIBIT 2

*Article 2*

**Submission of the application**

1.    An applicant seeking authorisation as an investment firm in accordance with Title II of Directive 2014/65/EU shall submit to the competent authority its application by filling in the template set out in Annex I.

2.    The applicant shall notify the competent authority of the information on all members of its management body by filling in the template set out in Annex II.

*Article 3*

**Receipt of the application form and acknowledgement of receipt**

Within 10 working days from the receipt of the application, the competent authority shall send an acknowledgement of receipt to the applicant, including the contact details of the designated contact point as referred to in Article 1.

*Article 4*

**Request of additional information**

Where additional information is required to proceed with the assessment of the application, the competent authority shall send a request to the applicant indicating the information to be provided.

*Article 5*

**Notification of changes to the membership of the management body**

1.    An investment firm shall notify the competent authority of any change to the membership of its management body before such change takes effect.

Where, for substantiated reasons, it is not possible to make the notification before that change takes effect, it shall be made within 10 working days after the change.

2.    The investment firm shall provide the information on the change referred to in paragraph 1 in the format set out in Annex III.

*Article 6*

**Communication of the decision**

The competent authority shall inform the applicant of its decision to grant or not the authorisation in paper form, by electronic means or both, within the 6-month period referred to in Article 7(3) of Directive 2014/65/EU.

*Article 7*

**Entry into force and application**

This Regulation shall enter into force on the twentieth day following that of its publication in the *Official Journal of the European Union*.

It shall apply from 3 January 2018.