**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: January 31, 2024 at 10:30 a.m. (ET) |
| | Obj. Deadline: January 24, 2024 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS TO DESIGNATE WEST REALM SHIRES SERVICES, INC. AS THE PAYEE FOR FTX PHILANTHROPY, INC'S DEPOSIT CLAIM AGAINST THE FDIC AS RECEIVER FOR SIGNATURE BRIDGE BANK**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "Debtors"), including Alameda Research Ltd. and Alameda Research LLC, hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a), of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), designating West Realm Shires Services, Inc. ("WRSS") as the payee for the deposit claim of FTX Philanthropy, Inc. f/k/a FTX Foundation, Inc. ("FTX Philanthropy") against the Federal Deposit Insurance Corporation, as receiver for Signature Bridge Bank ("FDIC-Receiver").[2] In support of the Motion, the Debtors respectfully state as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] On July 1, 2022, FTX Foundation, Inc. legally changed its name to FTX Philanthropy, Inc. and thereafter changed the name on the Signature bank account that is the subject of this motion. For convenience, this Motion refers to both FTX Foundation, Inc. and FTX Philanthropy, Inc. as "FTX Philanthropy."

**BACKGROUND**

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**FACTS SPECIFIC TO THE RELIEF REQUESTED**

3. In February 2021, Samuel Bankman-Fried announced the establishment of FTX Philanthropy, which would make grants for a range of purportedly altruistic endeavors. At that time, the Debtors committed publicly to contribute at least "1% of FTX's revenue from fees" to FTX Philanthropy. *The FTX Foundation for Charitable Giving*, MEDIUM (Feb. 8, 2021), https://ftx.medium.com/the-ftx-foundation-for-charitable-giving-5ae53178dce. In April 2022, Luk Wai (Jen) Chan, the Treasurer of FTX Philanthropy, assisted in the opening of a bank account ending in 8361 at Signature Bank (the "Signature Account") in the name of FTX Philanthropy.

Following the opening of the Signature Account, funds were contributed to it by Debtor WRSS and Debtor North Dimension, Inc. (McGuire Decl. ¶ 4 & Ex. 2-5).[3]

4. FTX Philanthropy's Board of Directors consisted of Samuel Bankman-Fried, Caroline Ellison, Zixiao "Gary" Wang, Nishad Singh, and Nicholas Beckstead, who resigned as a director shortly before the commencement of these Chapter 11 Cases. The other directors pleaded guilty to, or were convicted of, federal criminal charges.

5. On March 10, 2023, Luk Wai (Jen) Chan, the Treasurer of FTX Philanthropy and a then-current employee of the Debtors who assisted in the opening of the Signature Account, signed a letter on behalf of FTX Philanthropy to the General Counsel of Signature Bank requesting that Signature bank "wire all remaining funds in the Signature Account to the [Debtor] account set forth in the wire instructions attached as Exhibit C" to her letter. (McGuire Decl. ¶ 2 & Ex. 1.)

6. Before Signature Bank could act on Ms. Chan's letter, on or around March 12, 2023, Signature Bank was seized by the New York State Department of Financial Services and placed into FDIC receivership. The Debtors have been in discussions with the FDIC-Receiver regarding the deposit claim of FTX Philanthropy against the FDIC-Receiver.

7. On July 19, 2023, the Debtors filed and served an unrelated complaint against a number of entities, including FTX Philanthropy, in Adversary Proceeding Case No. 23-ap-50444 (JTD). FTX Philanthropy failed to appear in that proceeding, and the clerk entered default against FTX Philanthropy on September 7, 2023. FTX Philanthropy has not responded to other notices the Debtors have served on its registered agent for service of process.

---

[3] All citations to "McGuire Decl." and exhibits thereto refer to the *Declaration of Matthew B. McGuire in Support of Debtors' Motion to Designate West Realm Shires Services, Inc. as Payee of FTX Philanthropy, Inc.'s Deposit Claim Against the FDIC as Receiver for Signature Bridge Bank* filed concurrently with this Motion.

8.     The Signature Account was held nominally by FTX Philanthropy, but was funded by Debtor WRSS and Debtor North Dimension, Inc.  The Debtors therefore request that the Court enter an order designating WRSS as the payee for FTX Philanthropy's deposit claim against the FDIC-Receiver.

## JURISDICTION

9.     The United States Bankruptcy Court for the District of Delaware has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[4]  The statutory basis for the relief sought herein is Bankruptcy Code section 105(a).

## RELIEF REQUESTED

10.    Pursuant to Bankruptcy Code section 105(a), the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, designating WRSS as the payee for FTX Philanthropy's deposit claim against FDIC-Receiver.

## BASIS FOR RELIEF REQUESTED

11.    The Debtors seek an order from the Court designating WRSS as the payee of FTX Philanthropy's deposit claim against FDIC-Receiver.  There is no dispute that FTX Philanthrop's deposit claim against the FDIC-Receiver is the property of certain Debtors—specifically, Debtor WRSS and Debtor North Dimension, Inc.  Because the Signature Account is in the name of FTX

---

[4] Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

Philanthropy, rather than a Debtor, the Debtors require an order designating WRSS as the payee of FTX Philanthropy's deposit claim against FDIC-Receiver so that the FDIC-Receiver can pay the deposit claim to the Debtors. The Debtors are therefore filing this Motion and requesting entry of the Order.

12. "Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law." *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J. 2002). "[T]he Bankruptcy Code 'is not concerned with the 'technicalities of title' when it comes to determining property of the estate.'" *In re NJ Affordable Homes Corp.*, 2006 WL 2128624, at *8 (Bankr. D.N.J. June 29, 2006). Instead, property belongs to the estate where the debtor controls the property or otherwise indicates its "legal or equitable interests" in the property. *E.g.*, *In re Schwartz*, 2014 WL 2621114, at *5 (Bankr. D.N.J. June 12, 2014) (holding that bank account not in debtor's name was nevertheless property of the estate where debtor funded account, showed "ownership, control, and interest" in account, and the deposit debt "functionally belonged" to debtor).

13. There is no *bona fide* dispute as to the Debtors' interest in the deposit claim at issue here. However, the FDIC-Receiver requires that a Debtor be designated as the payee for FTX Philanthropy's deposit claim against the FDIC-Receiver before it can make any distribution to the Debtors on account of such deposit claim.

14. The relief requested is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code. Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a); *see also United States* v. *Energy Res. Co.*, 495 U.S. 545, 549 (1990); *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy

Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code."). "The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan R. Resnick & Henry J. Sommer eds., 16th ed. 2022). As part of the Debtors' ongoing asset recovery efforts, it is imperative that a Debtor be designated as the payee for FTX Philanthropy's deposit claim against the FDIC-Receiver.[5]

## NOTICE

15.    The Debtors have provided notice of this Motion to the following, or in lieu thereof, their counsel, if known: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Ad Hoc Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; (h) the FDIC; (i) FTX Philanthropy, through its registered agent for service of process; and (j) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that all parties with an interest in the relief requested have been given adequate notice and that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is deemed just and proper.

---

[5] On December 21, 2023, the Debtors filed a *Motion for Turnover of Funds Held by the Federal Deposit Insurance Corporation* [D.I. 5082], but withdrew that motion on January 11, 2024 after further discussion with the FDIC in favor of this Motion. [D.I. 5592]

| | |
|---|---|
| Dated: January 11, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>         mcguire@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |