**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Re: D.I. 5202, 5208 & 5204 |

**DECLARATION OF TOBIAS S. KELLER IN SUPPORT OF**
**OPPOSITION OF BOBA FOUNDATION TO MOTION OF DEBTORS**
**TO ESTIMATE CLAIMS BASED ON DIGITAL ASSETS**

I, Tobias S. Keller, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.　　I am an attorney with Keller Benvenutti Kim LLP, a law firm with offices at 425 Market Street, 26th Floor, San Francisco, California, 94105, counsel to Boba Foundation. I am admitted to practice in the State of California. My *pro hac vice* application for admission to practice before this Court in the above-captioned matter is or will soon be pending.

2.　　Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and could and would testify competently thereto.

---

[1]　The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

1

3.      On September 27, 2023, Boba Foundation filed a customer claim in the FTX Trading Ltd. bankruptcy, Case No. 22-11068.

4.      On July 6, 2023, I contacted counsel for the Ad Hoc Committee at Morris, Nichols, Arsht & Tunnell LLP and Eversheds Sutherland regarding recovery of Boba Foundation's BOBA holdings (hereafter, the "Tokens").  On July 10, 2023, I spoke with counsel about Boba Foundation's interests and the role of the Ad Hoc Committee.

5.      On August 4, 2023, I spoke with counsel at Landis Rath & Cobb, LLP, local counsel for Debtors, to request recovery of the Tokens.  He offered to make an inquiry with Debtors about Boba Foundation's desire to recover the Tokens.

6.      On August 17, 2023, I contacted counsel at Landis Rath to follow up. He responded but did not have any update.

7.      I again followed up on December 5, 2023, at which point Landis Rath made an introduction to Debtors' counsel Sullivan & Cromwell.

8.      On December 7, 2023, I spoke by telephone with counsel at Morris Nichols, who recommended a call with Sullivan & Cromwell.

9.      On December 8, 2023, I spoke with counsel at Sullivan & Cromwell and requested that the tokens be returned in exchange for a waiver of Boba Foundation's claim. Debtors' counsel indicated that there was no practical path for returning the tokens in kind at that time. Debtors' counsel also noted that Debtors would be filing an amended plan later that month.

10.      On January 8, 2024—three days ago—I was first served by electronic mail with the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. No. 5202] (the "Estimation Motion") and supporting papers.

11. Before Boba Foundation can formulate a discovery plan, it needs to understand the basis upon which Debtors assert rights to the Tokens. To date, Debtors have not disclosed, much less explained, the theory upon which their alleged interest in the Tokens is premised.

12. Once the theory is explained, Boba Foundation is entitled to understand it and the factual allegations underlying it. As of the date of this Opposition, Boba Foundation has had no basis upon which to conduct discovery on this critical assumption.

13. Boba Foundation disagrees with central underlying assumptions of Debtors' expert Sabrina T. Howell, Ph.D., as set forth in the *Declaration of Sabrina T. Howell in Support of the Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. No. 5203], *Annex 1, Expert Report of Sabrina T. Howell* [D.I. No. 5203-1] ("Howell Rep.") at 2. The Court should afford Boba Foundation adequate time to develop its arguments in opposition to the Howell Report and its assumptions. More generally, Boba Foundation should be permitted to review and respond to the materials Debtors rely on in support of the Estimation Motion.

14. Neither I nor, to my knowledge, anyone at or representing Boba Foundation had prior notice that Debtors planned to assert that all digital assets held in trust are estate property, that Debtors planned to liquidate all digital assets, or that Debtors would apply a discount of 25 to almost 50 percent to the Tokens that FTX purportedly held as a custodian.

15. Notwithstanding my outreach and efforts on behalf of Boba Foundation to recover the Tokens, I received no indication that the specific relief sought in the Estimation Motion was in the works.

16. I believed that Debtors were open to considering Boba Foundation's proposals.

17. I expected that Boba Foundation would be a candidate for an in-kind distribution, given the relative illiquidity of the market for BOBA and the harm that the Boba Network would

suffer if Debtors were allowed to liquidate customers' holdings, which represent nearly half of the outstanding market for BOBA.

18.     While Boba Foundation was aware that Debtors' Plan proposed to give Debtors the authority to sell digital assets generally, it was never advised that Debtors' position would be that they would not return its BOBA in kind under the Plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January 11, 2024, at San Francisco, California.

_____
Tobias S. Keller