IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        :  Chapter 11
                                                              :
FTX TRADING LTD., *et al.*,[1]                                :  Case No. 22-11068 (JTD)
                                                              :
       Debtors.                                      :  (Jointly Administered)
                                                              :
                                                              :  **Re. D.I. 5202**
                                                              :
                                                              :
------------------------------------------------------------- x

**LIMITED OBJECTION OF THE JOINT LIQUIDATORS OF
THREE ARROWS CAPITAL, LTD. TO MOTION OF DEBTORS TO
ESTIMATE CLAIMS BASED ON DIGITAL ASSETS (D.I. NO. 5202)**

Russell Crumpler and Christopher Farmer (the "**Joint Liquidators**"), in their capacities as joint liquidators appointed by the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "**BVI Court**") in the liquidation proceeding (the "**BVI Proceeding**") of Three Arrows Capital, Ltd. ("**3AC**" or the "**3AC Debtor**") in the British Virgin Islands and duly authorized foreign representatives, by and through the undersigned counsel, hereby respectfully file this limited objection (the "**Limited Objection**") to the *Motion of Debtors to Estimate Claims Based on Digital Assets* (D.I. No. 5202) (the "**Estimation Motion**"). In support of this Limited Objection, the Joint Liquidators respectfully represent as follows:

1.      The Joint Liquidators have no objection to the Estimation Motion insofar as it seeks to estimate claims for the purposes of a disclosure statement. The Estimation Motion is not yet ripe as to estimation of claims of the 3AC Debtor for other purposes, and the FTX Debtors have

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

US-DOCS\147554128.7

not demonstrated that estimation of claims for purposes beyond a disclosure statement would "unduly delay the administration of the case" as required by section 502(c)(2) of the Bankruptcy Code. The Joint Liquidators object to the Estimation Motion as it relates to estimation for the purposes of voting, allowance, distributions, or other purposes and respectfully submit that estimation for purposes beyond a disclosure statement should be reevaluated at a later date as these cases progress, such as, for example, when a proposed disclosure statement is before the Court and parties in interest.

## FACTUAL BACKGROUND

2.  The 3AC Debtor was an investment firm founded in 2013 and incorporated in the British Virgin Islands (the "**BVI**"). The 3AC Debtor engaged in the trading of cryptocurrency and other digital assets. The 3AC Debtor's investment strategy involved making large, leveraged cryptocurrency trades using funding from various investors.

3.  Between 2018 and 2021, as the cryptocurrency market grew, the 3AC Debtor's strategy was successful. Beginning in early 2022, however, the global cryptocurrency market experienced a historic and significant decline. As a result of this crisis, the 3AC Debtor failed—ultimately losing approximately $2.7 billion in value between February and May 2022.

4.  On June 27, 2022, the 3AC Debtor commenced the BVI Proceeding before the BVI Court. Under BVI law, the Joint Liquidators are fiduciaries of the 3AC Debtor's estate, with an obligation to conduct an orderly, fair liquidation of such estate, and to maximize the value of its assets for the 3AC Debtor's creditors.

5.  On July 1, 2022, the Joint Liquidators commenced a proceeding under chapter 15 of the Bankruptcy Code before Chief Judge Martin Glenn of the U.S. Bankruptcy Court for the Southern District of New York (the "**Chapter 15 Court**"). The Chapter 15 Court entered an order recognizing the BVI Proceeding as a "foreign main proceeding" on July 28, 2022.

6. On June 30, 2023, the 3AC Debtor filed proofs of claims in the chapter 11 cases of the above-captioned Debtors (the "**FTX Debtors**") in the U.S. Bankruptcy Court for the District of Delaware before Judge John T. Dorsey (the "**FTX Chapter 11 Cases**") (collectively, the "**FTX POCs**", and the claims set forth therein, the "**FTX Claims**").[2] In the FTX Claims, 3AC asserts under BVI, New York, Delaware, and other applicable law, claims for preference, conversion, and other avoidance actions, arising from, a purported foreclosure by the FTX Debtors on alleged collateral securing a loan for approximately $120 million.

7. On September 29, 2023, the 3AC Debtor filed the Motion of the *Joint Liquidators of Three Arrows Capital, Ltd. for Coordination Among Courts* (D.I. No. 2754) (the "**Judicial Coordination Motion**") requesting consultation among and between this Court and various other courts to establish procedures to adjudicate the common issues of fact and law raised by the 3AC Debtor's claims against various counterparties in a centralized forum. The 3AC Debtor withdrew the Judicial Coordination Motion on October 10, 2023 (D.I. No. 3068).

8. The Joint Liquidators have faced extensive challenges in obtaining documentation that would enable a fulsome evaluation of the 3AC Debtor's claims against the FTX Debtors, largely due to the lack of cooperation from the 3AC Debtor's founders regarding 3AC's dealings prior to its liquidation.

## LIMITED OBJECTION

9. Since filing the FTX POCs and Judicial Coordination Motion, the 3AC Debtor and the FTX Debtors have agreed to engage in informal information sharing with respect to the FTX

---

[2] The FTX POCs include Claim Nos. 5120, 5121, 5125, 5145, 5147, 5148, 5151, 5152, 5154, 5155, 5156, 5158, 5159, 5160, 5167, 5168, 5169, 5170, 5171, 5172, 5173, 5175, 5176, 5177, 5178, 5179, 5180, 5181, 5182, 5183, 5184, 5185, 5186, 5187, 5188, 5189, 5190, 5191, 5192, 5194, 5195, 5196, 5197, 5198, 5199, 5200, 5201, 5203, 5204, 5238, 5239, 5253, 5262, 5269, 5306, 5308, 5319, 5323, 5324, 5327, 5331, 5333, 5336, 5339, 5345, 5348, 5351, 5355, 5360, 5362, 5368, 5373, 5419, 5444, 5445, 5446, 5448, 5449, 5450, 5451, 5452, 5454, 5455, 5456, 5457, 5459, 5460, 5461, 5462, 5464, 5466, 5470, 5473, 5474, 5476, 5477, 5478, 5580, 5581.

Claims. The Joint Liquidators seek information to ascertain 3AC Debtor's claims against the FTX Debtors.

10. The FTX Debtors' informal information sharing process with the 3AC Debtor is underway. At this stage, the Joint Liquidators are unable to conclude whether the 3AC Debtor's claim against the FTX Debtors consists, partially or entirely, of any of the Digital Assets[3] that are the subject of the Digital Assets Conversion Table.

11. The 3AC Debtor objects to the relief sought in the Estimation Motion to the extent the FTX Debtors seek, at this stage, the adjudication of (a) the amount of creditors' claims for purposes of allowance thereof, (b) the size of any reserves to be established on account of any such claims, and/or (c) whether any particular creditor or customer has an ownership interest, security interest, other interest, or merely an unsecured claim with respect to any Digital Asset.

12. The 3AC Debtor does not object to the Estimation Motion to the extent the FTX Debtors seek to use the Digital Assets Conversion Table for the purpose of providing information in a disclosure statement to creditors.

13. The Estimation Motion is not yet ripe with respect to other issues at this stage, and the FTX Debtors have not demonstrated that estimation of claims for purposes beyond a disclosure statement would "unduly delay the administration of the case" as required by section 502(c)(2) of the Bankruptcy Code. Approval of the Estimation Motion for broader purposes at this stage is unjustified, may have unanticipated consequences for numerous parties, and would abridge the 3AC Debtor's due process rights because it would establish the valuation of assets potentially underlying the 3AC Debtor's claim before the FTX Debtors have provided the 3AC Debtor with

---

[3] Capitalized terms used but not defined herein have the meaning ascribed to them in the Estimation Motion.

US-DOCS\147554128.7

the information necessary to determine whether and to what extent it is affected by such valuation, thereby depriving the 3AC Debtor of a reasonable opportunity to be heard on the issue.

14. Furthermore, to the extent the Estimation Motion seeks to adjudicate whether any particular creditor or customer has an ownership interest, security interest, other interest, or merely an unsecured claim with respect to any Digital Asset, the Estimation Motion is not an appropriate vehicle to do so because the determination of "the validity, priority, or extent of a lien or other interest in property" necessitates the commencement of an adversary proceeding pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.  F.R.B.P. 7001(2).

## **RESERVATION OF RIGHTS**

15. The 3AC Debtor reserves all rights, claims, defenses, and remedies, including without limitation, to supplement and amend this Limited Objection, to raise further and other objections, to introduce evidence prior to or at any hearing regarding the Estimation Motion in the event the Joint Liquidators' objections are not resolved prior to such hearing, and to seek to introduce documents or other relevant information in support of the positions set forth in this Limited Objection.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: January 11, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ John W. Weiss*<br>John W. Weiss (No. 4160)<br>Joseph C. Barsalona II (No. 6102)<br>**PASHMAN STEIN WALDER HAYDEN, P.C.**<br>1007 North Orange Street, 4th Floor #183<br>Wilmington, DE 19801<br>Telephone: (302) 592-6496<br>Facsimile: (732) 852-2482<br>Email:    jweiss@pashmanstein.com<br>            jbarsalona@pashmanstein.com<br><br>Christopher Harris (admitted *pro hac vice*)<br>Adam J. Goldberg (admitted *pro hac vice*)<br>Brett M. Neve (admitted *pro hac vice*)<br>Nacif Taousse (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email:    chris.harris@lw.com<br>            adam.goldberg@lw.com<br>            brett.neve@lw.com<br>            nacif.taousse@lw.com<br><br>– and –<br><br>Nima H. Mohebbi (admitted *pro hac vice*)<br>Tiffany M. Ikeda (admitted *pro hac vice*)<br>Emily R. Orman (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br>Email:    nima.mohebbi@lw.com<br>            tiffany.ikeda@lw.com<br>            emily.orman@lw.com |

*Counsel to the Joint Liquidators of Three Arrows Capital, Ltd.*

US-DOCS\147554128.7