# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 5202 |

**OBJECTION OF LAYERZERO LABS LTD.,
ARI LITAN, AND SKIP & GOOSE LLC TO THE MOTION OF
DEBTORS TO ESTIMATE CLAIMS BASED ON DIGITAL ASSETS**

LayerZero Labs Ltd., Ari Litan, and Skip & Goose LLC (the "LayerZero Group") hereby submits this objection (this "Objection") to the *Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 5202] (the "Motion")[2] filed by the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). In support of this Objection, the LayerZero Group respectfully states as follows:

## LIMITED OBJECTION

1. The LayerZero Group are named defendants in an adversary proceeding, Adv. Proc. No. 23-50492 (JTD) (the "Adversary Proceeding"), that, among other things, seeks to avoid and recover certain allegedly preferential transfers under the Bankruptcy Code from the LayerZero Group's FTX.com and FTX US exchange accounts. While each of the members of the LayerZero

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Group strongly disputes the merit of the Debtors' claims in the Adversary Proceeding, it has filed proofs of claim to preserve all claims pursuant to section 502(h) of the Bankruptcy Code, which provides a preference claim defendant with an equivalent unsecured claim in the amount returned to the Debtors (the "Contingent Claims"). The LayerZero Group objects to the Motion because it proposes to severely prejudice the LayerZero Group's rights in connection with their Contingent Claims.

2.      Pursuant to the Motion, the Debtors seek to establish asymmetric claim valuations in violation of section 502(h) of the Bankruptcy Code by, on the one hand, seeking the potential in-kind repayment of the underlying digital assets to the Debtors through the Adversary Proceeding, while, on the other hand, fixing the countervailing Contingent Claims pursuant to section 502(h) at an amount significantly less than the value of the digital assets returned (which digital assets may need to be repurchased in the open market at significantly higher prices than those set forth in the Digital Assets Conversion Table).

3.      For example, the Debtors are seeking to recover BTC tokens against Ari Litan. In the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 547, 548 and 550, Del. Code Ann. Tit. 6, §§ 1304 and 1305, and for Disallowance of Claims Pursuant to 11 U.S.C. § 502* (the "Complaint"), the Debtors assert that Ari Litan has preference exposure in an amount estimated to be $13,069,622 because the Complaint ascribes a value of $25,931 per BTC. Complaint Ex. B. However, Ari Litan's unsecured section 502(h) claim would be a mere $8,503,301.52 using the Digital Assets Conversion Table, which values BTC at $16,871.63 (approximately 65% of the amount the Debtors seek to avoid), a result that directly contradicts section 502(h)'s requirement of a dollar-for-dollar claim based on the amount recovered by the Debtors.

4. Section 502(h) provides that "[a] claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition." 11 U.S.C.§ 502(h).  It is black letter law that, pursuant to section 502(h), a creditor that returns a preferential payment will generally "receive a ***dollar-for-dollar*** claim for the amount repaid to the estate, placing the creditor in the same position as if the transfer had not occurred."  4 Collier on Bankruptcy ¶ 502.09 (16th ed. 2023) (emphasis added); *see also Vanguard Operating, LLC v. Sublette Cty. Treasurer (In re Vanguard Nat. Res., LLC)*, Nos. 17-30560, 18-3244, 18-3245, 18-3246, 18-3247, 18-3248, 18-3249, 18-3250, 2020 Bankr. LEXIS 83, at *78 (Bankr. S.D. Tex. Jan. 14, 2020) (citing same).  The amount that a creditor can assert when it has a claim under section 502(h) of the Bankruptcy Code is the amount that is recovered against it.  *See Sklar v. Susquehanna Bank (In re Glob. Prot. USA, Inc.)*, 546 B.R. 586, 607 (Bankr. D.N.J. 2016) (emphasis added) ("when a trustee recovers funds pursuant to section 550, the entity recovered from can assert a claim ***in that amount***, which the Bankruptcy Code deems a prepetition claim.").

5. If the Debtors force "potential" section 502(h) creditors to value their claims based on Digital Assets Conversion Table, but, on the other hand, continue to seek property recoveries at today's prices (or the prices set forth in their Complaint), creditor claims will not be "dollar-for-dollar" as required by the Bankruptcy Code.  Instead, they will be "dollar for cents on the dollar".  An illustrative comparison of the amounts the Debtors estimate as the value of the digital assets in the Complaint against the amounts that creditors could assert based on the Digital Assets Conversion Table is below:

| Digital Token | Estimated Value in Complaint | Value in Motion | Net Detriment to 502(h) Creditor per Token |
|---|---|---|---|
| BTC | $25,931.29 | $16,871.63 | $9,059.66 |
| ETH | $1,645.58 | $1,258.84 | $386.74 |

The above table is a very conservative estimate of the harm that "potential" section 502(h) creditors could face, and the LayerZero Group expects the harm to exponentially increase as the Debtors pursue recoveries of the property itself in today's dollars rather than the same value they assert in the Digital Assets Conversion Table.

6. The Debtors are also violating the sacred principal of equality amongst creditors by seeking to recover property that the LayerZero Group may need to purchase on the open market for significantly more than what the LayerZero Group's claim would be valued at under the Motion. *See Begier v. I.R.S.*, 496 U.S. 53, 58 (1990) ("Equality of distribution among creditors is a central policy of the Bankruptcy Code."). Assuming the facts in the Complaint were true (which the LayerZero Group disputes), had Ari Litan not withdrawn BTC ahead of the petition date, he would have an unsecured claim of $8,503,301.52 under the Digital Assets Conversion Table, along with all similarly situated creditors with the same assets. However, solely because of the alleged preference and the relief sought in the Adversary Proceeding, Ari Litan would be significantly worse off by paying the estate nearly twice as much as his resulting Contingent Claim (and this is a conservative estimate), an inequitable result that section 502(h) was enacted to prevent. Further, because the relief sought in the Motion is built into the Debtors' proposed chapter 11 plan, the Debtors' violations of section 502(h) would equally result in a plan unconfirmable pursuant to section 1129(a)(2) of the Bankruptcy Code.

7.     Lastly, equity demands that the Court not prejudice "potential" section 502(h) creditors by ruling now that their claims are fixed by the Motion when the harm these creditors face is unknown and are likely to be multiples of the amounts set forth in the Digital Asset Table. Pursuant to section 502(h), such creditors are entitled to and should receive, the amount in dollars that is avoided on the day of the avoidance. To fix an amount now by the Motion is harmful and speculative, especially when the amount of their claims will be known upon the time of the avoidance and does not need to be presently estimated.

## RESERVATION OF RIGHTS

8.     The LayerZero Group reserves all rights to supplement this Objection based upon further developments in the Adversary Proceeding or the Chapter 11 Cases. Nothing in this Objection is an admission in the Adversary Proceeding and the LayerZero Group reserves all of its rights and defenses in the Adversary Proceeding.

## CONCLUSION

WHEREFORE the LayerZero Group respectfully requests that the Court deny approval of the Motion to the extent it seeks to fix the value of claims asserted pursuant to section 502(h) in amounts other than the full dollar amount that creditors repay the Debtors' estates, and grant such other and further relief as is just.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: January 11, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Sameen Rizvi*<br>M. Blake Cleary (No. 3614)<br>R. Stephen McNeill (No. 5210)<br>Sameen Rizvi (No. 6902)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: bcleary@potteranderson.com<br>       rmcneill@potteranderson.com<br>       srizvi@potteranderson.com<br><br>-and-<br><br>Brian S. Rosen, Esq.<br>Dylan J. Marker, Esq.<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, New York 10036-8299<br>Telephone: (212) 969-3000<br>Email: brosen@proskauer.com<br>       dmarker@proskauer.com<br><br>-and-<br><br>Jordan E. Sazant (DE Bar No. 6515)<br>**PROSKAUER ROSE LLP**<br>70 West Madison, Suite 3800<br>Chicago, Illinois 60602-4342<br>Telephone: (312) 962-3550<br>Email: jsazant@proskauer.com<br><br>*Counsel to the LayerZero Group* |