IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Re: D.I. 5202**<br><br>**Hearing Date: January 25, 2024, at 10:00 a.m.**<br>**Objection Deadline: January 11, 2024** |

**OBJECTION OF SUNIL KAVURI, AHMED ABD EL-RAZEK,
NOIA CAPITAL SÀRL AND PAT RABBITTE TO MOTION OF
<u>DEBTORS TO ESTIMATE CLAIMS BASED ON DIGITAL ASSETS</u>**

Sunil Kavuri, Ahmed Abd-El-Razek Noia Capital SÀRL and Pat Rabitte (the "**Objectors**"), through their counsel, files this objection (the "**Objection**") to the Motion of the Debtors to Estimate Claims Based on Digital Assets [D.I. 5202] (the "**Digital Estimation Motion**"). In support thereof, the Objectors respectfully represents as follows:

1.      The Digital Estimation Motion seeks entry of an Order "estimating Claims based on Digital Assets[2] and fiat currency by approving the Digital Assets Conversion Table to value such Claims, including Customer Entitlement Claims, for purposes of any plan in these Chapter 11 Cases." Digital Estimation Motion at ¶14.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd. is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used in this Objection shall have such meanings ascribed to such terms in the Digital Estimation Motion.

2.    In seeking this relief, the Debtors put the cart before the horse and ignore the fundamental issue in this case – namely, whether the assets customers deposited, held, received, or acquired on the FTX.com platform are customer property and not property of the Debtors' estates under section 541 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"). Until this gating issue is determined, the Digital Estimation Motion should not be granted.

3.    The Objectors are all customers who deposited assets on the FTX.com platform, and are entitled to the return of their property. The Terms of Service expressly state that all Digital Assets are held in a customer's Account belong to the customer. In relevant part, the Terms of Service provide:

> (A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account.
>
> (B) None of the Digital Assets in your Account are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.
>
> (C) You control the Digital Assets held in your Account. At any time, subject to outages, downtime, and other applicable policies (including the Terms), you may withdraw your Digital Assets by sending them to a different blockchain address controlled by you or a third party. Id. § 8.2.6 (emphasis added).

4.    The Terms of Service, accordingly, clearly and unambiguously provide that: (i) title to a customer's Digital Assets remain with the customer at all times; (ii) none of the customer's Digital Assets are or were the property of, or could be loaned to, FTX Trading; and (iii) the customer controlled the Digital Assets held in in a customer's Account. Id. § 8.2.6. Put simply, customers – and not FTX Trading or any other Debtor – owned and controlled their Digital Assets.

2

5.     Based on the clear language in the Terms of Service, the Objectors are entitled to the return of their property – not a claim for that property measured as of the Petition Date.

6.     Accordingly, the Objectors respectfully submit that the Motion is premature and should be denied until such time as the property rights of the customers are determined.

## CONCLUSION

WHEREFORE the Objectors request that this Court deny the Motion and grant such other relief as the Court finds just and appropriate.

Dated: January 11, 2024  
Wilmington, Delaware

**MCCARTER & ENGLISH, LLP**

*/s/ Shannon D. Humiston*
Shannon D. Humiston (No. 5740)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
Facsimile (302) 984-6399
shumiston@mccarter.com

*Counsel to Sunil Kavuri, Ahmed Abd El-Razek, Noia Capital Sarl and Pat Rabbitte*