Andrew Poon
Flat 18, 9/F, Chi Tak House, Lung Tak Court
Stanley, Hong Kong
andrewckpoonft@gmail.com
4th January, 2024



RECEIVED

2024 JAN 12  AM 9: 46

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

United States Bankruptcy Court
824 North Market Street, 3rd Floor
Wilmington, Delaware 19801

Dear Sir/Madam

**Re: OBJECTION to Motion of Debtors, Case No. 22-11068 (JTD), Hearing Date: January 25, 2024, at 10:00 a.m. (ET)**

I am writing to formally register my objection to the Motion filed by the Debtors, seeking to estimate claims based on digital assets in the aforementioned case. I am a customer creditor holding a claim of about $1200 USD, primarily denominated in specific digital assets. The Motion's proposal to value claims at the time of the petition is deeply inequitable and requires careful consideration.

1. **The Motion by Debtors ignores the express terms of the FTX Terms of Service (TOS) regarding customers' assets:**
   The Motion disregards the explicit provisions within clause 8.2.6 of the FTX Terms of Service (TOS), which clearly stipulate that digital assets remain the property of the customer.

   *(A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account.*

   *(B) None of the Digital Assets in your Account are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.*

   In adherence to the explicit terms of the Terms of Service (TOS), I and many other customers engaged with the exchange under the understanding that our digital assets retained as our property. Such assets, by virtue of the TOS, are not typically available for creditor claims and, therefore, should not be commingled with other assets of the Debtors, which are generally subject to creditor claims. This stands in contrast to other notable bankruptcies in the industry, like Celsius, where digital assets were treated as a loan to the platform.

   Critical to the objection against the Debtor's Motion concerning customer assets is an unresolved legal question: **In light of the unequivocal language in the TOS, are customer assets considered part of the Debtors' estate, or should they continue to be owned by the customers and possibly held in trust for their benefit?** This pivotal legal query necessitates a thorough examination to determine the appropriate remedies.

2. **Undervaluation of Assets and Fair Repayment:**
   The Motion before the court proposes to dollarize all assets at the petition date, a decision that significantly undervalues crypto assets. Notably, on-chain data analysis strongly suggests that FTX did not liquidate all crypto assets on the petition date. This crucial point underscores the injustice inherent in the motion's intent to value these assets in US dollars, as their current market value far surpasses the proposed estimation. More importantly, it is essential to emphasize that these assets were not liquidated at the petition date, rendering the concept of liquidation at a later stage, while repaying customers in US dollars at a substantially lower value, illogical.

   In contrast to this approach, a relevant precedent can be found in the bankruptcy case of Celsius, another crypto company that declared bankruptcy in the same year (2022). Celsius, in acknowledging the rightful claims of its customers, opted for a partial repayment in crypto assets. Drawing from this precedent, I discern no justifiable reason for FTX to deviate from a similar fair and customer-centric approach. As a customer, my unequivocal preference is to receive my assets back in their original form, without any conversion into USD or any alternative crypto assets.

   The motion's inclination to dollarize assets not only fails to reflect the genuine value of these assets but also raises concerns about the equitable treatment of customers compared to established industry practices. A fair and just resolution, in line with industry standards and the precedent set by Celsius, would involve recognizing the heightened value of these assets and facilitating repayment in the specific crypto assets originally held by customers.

3. **Celsius Case Comparison:**
   Drawing attention to the Celsius case, a similar crypto company bankruptcy in 2022, where customers were partially repaid in crypto assets, highlights a precedent that aligns with fairness. I submit that FTX should follow suit, returning customer assets in their original form without unnecessary conversions.

4. **Ad Hoc Committee (AHC) does not represent the interests of customer claimants with claims denominated in specific digital assets:**
   The AHC, representing a spectrum of claimants, including opportunistic investors, raises concerns about impartial representation. The presence of 40% opportunistic investors within the AHC compromises fair advocacy for customer claimants and necessitates scrutiny to ensure the interests of all parties are adequately considered.

I respectfully request the court to deny the Motion and expedite a determination of the crucial legal question pertaining to the status of customer assets within the Debtors' estate. **Unless specifically expressed otherwise, I kindly request that this letter be regarded as the latest update in relation to my objections regardless of the receiving time of this letter.**

Thank you for your diligent review of these objections.

Sincerely

Andrew Chi Kin Poon