# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Re: D.I. 4037 & 5428 |

## REPLY OF DR. MARCEL LÖTSCHER IN SUPPORT OF MOTION TO DISMISS BANKRUPTCY CASE OF FTX EUROPE AG

Dr. Marcel Lötscher ("**Dr. Lötscher**"), in further support of the *Motion of Dr. Marcel Lötscher to Dismiss Bankruptcy Case of FTX Europe AG* (the "**Motion**" or "**Motion to Dismiss**") [D.I. 4037] and in response to the *Debtors' Objection to the Motion of Dr. Marcel Lötscher to Dismiss the Bankruptcy Case of FTX Europe AG* (the "**Objection**") [D.I. 5428], submits this *Reply of Dr. Marcel Lötscher in Support of Motion to Dismiss Bankruptcy Case of FTX Europe AG* (the "**Reply**"),[2] and respectfully states as follows:

## INTRODUCTION

The Debtors' silence in their Objection on the merits of the Motion speaks volumes. The Objection is completely devoid of any supportive facts, case law, expert opinion or statutory authority. The Motion established that under FTX Europe's governing documents and applicable non-bankruptcy law (*i.e.*, Swiss law), Ray clearly lacked the requisite authority to file FTX Europe's Petition. Consequently, this Court lacks subject matter jurisdiction over the FTX Europe

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in the above-captioned jointly-administered chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined in the Reply shall have the meanings ascribed to them in the Motion and the Objection, as applicable.

bankruptcy case and the only result is that its Chapter 11 case must be dismissed. By failing to address the substance of the Motion in their Objection or to present any factual or legal support for Ray's supposed authority to file the Petition, the Debtors tacitly concede that Ray had no such authority. For all intents and purposes, the Motion stands unopposed.

In an admitted effort to avoid any judicial scrutiny of the legality of the Petition, the Debtors now rely on the pending FTX Europe Sale Motion,[3] which the Debtors filed approximately seven (7) weeks after Dr. Lötscher filed the Motion seeking dismissal of the FTX Europe bankruptcy case. According to the Debtors, the FTX Europe Sale Motion "subsumes and will moot the relief requested in the [Motion to Dismiss]." [Objection, at 2]. The Debtors are putting the proverbial "cart before the horse;" that is, they are reversing the proper procedural order. The Court cannot approve a sale of FTX Europe's assets without first deciding the threshold issue of whether it has subject matter jurisdiction over FTX Europe's chapter 11 case; if it does not, then the case must be dismissed, and the Court has no authority to preside over any sale of FTX Europe's assets.

Through the FTX Europe Sale Motion, the Debtors seek authority from the Court to enter into what can only be described as collusive, private, insider Sale Transaction (as defined in the FTX Europe Sale Motion) that would effectively strip FTX Europe of its most valuable assets. Having failed miserably to rebut any of the well-supported legal or factual contentions set forth in the Motion, and having all but conceded that the Court lacks subject matter jurisdiction, the Debtors, ironically and remarkably, have the audacity to ask the Court to exercise its non-existent

---

[3] See *Motion of Debtors for Entry of an Order (i) Authorizing and Approving (A) Entry Into, and Performance Under, the Share Purchase Agreement and (B) the Purchase and Sale of Certain Shares Free and Clear of Liens, Claims, and Encumbrances and (ii) Dismissing the Chapter 11 Cases of Certain Debtors Effective upon the Earlier of the Closing or the Termination of the Share Purchase Agreement* ("**FTX Europe Sale Motion**"). [D.I. 5378].

jurisdiction to authorize and approve the insider Sale Transaction and "moot" Dr. Lötscher's Motion. The Court must not permit the Debtors to have it both ways by avoiding any inquiry into the Court's subject matter jurisdiction while requesting that the Court exercise the same jurisdiction to approve the insider Sale Transaction to the detriment of FTX Europe's creditors.

**REPLY**

### I. The Court Lacks Jurisdiction Over FTX Europe and Its Bankruptcy Case Must Be Dismissed

The Motion sets forth uncontroverted evidence that, pursuant to Swiss law, the Omnibus Authority could not and did not grant Ray the requisite authority to file the Petition. Dr. Lötscher will not repeat all of the evidence and legal arguments contained in the Motion here, particularly since the Debtors have not rebutted any of those facts or legal arguments. It bears mentioning, however, that the Debtors have not disputed that, among other things:

- Because FTX Europe had three directors as of the Petition Date, under applicable Swiss law and FTX Europe's Articles, the board could only act (a) at a meeting at which two of the three directors were in attendance to constitute a quorum; or (b) by a written resolution signed by all three directors. [Motion, at 8].

- Under Swiss law and FTX Europe's Articles, FTX Europe's board of directors was responsible for appointing officers of FTX Europe, which obligation was non-transferable and inalienable. [Motion, at 15].

- Even if FTX Europe's board of directors had attempted to delegate to Bankman-Fried the right to appoint Ray as CEO—which it did not—this act would have been ineffective. [Motion, at 15].

- Only FTX Europe's board of directors had the authority to file a bankruptcy petition on behalf of FTX Europe, which obligation was non-transferable and inalienable. [Motion, at 16].

- Because the Petition was not properly authorized, the Court does not have subject matter jurisdiction over FTX Europe's chapter 11 bankruptcy case. [Motion, at 16-17].

Accordingly, and based on the additional facts and legal authorities set forth in the Motion, the Court must dismiss the Petition. *Price v. Gurney*, 324 U.S. 100, 107 (1947); *In re 3P Hightstown,*

3

*LLC*, 631 B.R. 205, 209 (Bankr. D.N.J. 2021).

## II. The Court's Lack of Jurisdiction Presents a Threshold Issue

The Motion to Dismiss raises a gatekeeping issue—the Court's jurisdiction over FTX Europe and ability to hear and decide matters concerning its assets—requiring the Court to consider the Motion prior to considering the FTX Europe Sale Motion. Indeed, courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y &H Corp.*, 546 U.S. 500, 514 (2006). The Debtors do not dispute this fundamental precept; they simply ignore it.

As noted above, the FTX Europe Sale Motion seeks the approval of the collusive, private, insider Sale Transaction and attempts to strip FTX Europe of its most valuable assets; simultaneously, the Objection implicitly concedes that the Court lacks the jurisdiction to approve the insider Sale Transaction. While the Court must determine whether it possesses subject matter jurisdiction over FTX Europe's bankruptcy case, the Debtors bear the burden of establishing that the Court has jurisdiction by a preponderance of the evidence. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). The Debtors not only failed to proffer any indicia of evidence to support the legitimacy of the Petition, the Objection is devoid of a single source of authority to support the Debtors' assertion that it is "not necessary for the Court and the parties to expend resources litigating the merits of the Motion to Dismiss at this time" because "if the relief requested in the FTX Europe [Sale] Motion is granted . . . the chapter 11 case of FTX Europe will be dismissed." [Objection, at 2]. The Debtors conflate the order of operations under federal procedure and indirectly posit that the Court's subject matter jurisdiction is negotiable. The Court may not consider, let alone approve, the FTX Europe Sale Motion and the insider Sale Transaction unless

and until the Court determines that it has subject matter jurisdiction over FTX Europe's bankruptcy case. Dr. Lötscher respectfully submits that the Court's jurisdiction is lacking and the Debtors have not and cannot show otherwise.

### III.  The FTX Europe Sale Motion is Not a Valid Response to the Motion to Dismiss

The Debtors were required to respond to the Motion with facts and legal authority to rebut Dr. Lötscher's showing that Ray lacked the requisite authority under Swiss law and FTX Europe's Articles to file the Petition on behalf of FTX Europe and that the Petition must be dismissed. Reliance on the FTX Europe Sale Motion is not a legally sufficient response to the Motion. Rather, it is an admitted and vain attempt to "moot" the Motion, thereby avoiding any scrutiny of Ray's authority or the Court's subject matter jurisdiction. It is not enough for the Debtors to simply ignore the substance of the Motion while purporting to reserve "the right to supplement [their] Objection or to assert additional objections with respect to the merits if the FTX Europe Sale Motion is not approved by this Court." [Objection, at 3]. The Court should reject the Debtors' cynical suggestion that the approval and consummation of the insider Sale Transaction, which would forever impair FTX Europe's creditors, could provide the "relief sought" by Dr. Lötscher in the Motion. [*See* Objection, at 2]. It does not. Rather, consummation of the Sale Transaction would leave FTX Europe as a shell, with the Debtors having paid far below fair market value for the FTX EU Ltd. shares.

Assuming arguendo that this Court were to find that it has subject matter jurisdiction, the FTX Europe Sale Motion and the Sale Transaction contemplated therein are problematic for a whole host of reasons. Without going into detail at this time, at minimum: (a) the Debtors are proposing a collusive, private, insider sale, rather than exposing the assets to a public auction that—based on what the Debtors have unilaterally chosen to disclose about the Bidder 1 offer—

presumably would result in a "higher and better" offer; (b) the Debtors have not presented a valid reason for not continuing to pursue sale negotiations with Bidder 1 or other potential purchasers; (c) the Debtors have not supported the proposed sale with competent valuation evidence; and (d) the sale provides a potential release of a $102.5 million claim by FTX Europe against FTX Trading, which prevents the Court from making a "good faith" finding as required under *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986).[4]

WHEREFORE, for the foregoing reasons and those set forth in the Motion, Dr. Lötscher respectfully requests that the Court: (a) enter an order dismissing FTX Europe's bankruptcy case (Case No. 22-11075-JTD); and (b) grant such other and further relief it deems just and proper under the circumstances.

| | |
|---|---|
| Dated: January 12, 2024<br>Wilmington, Delaware | /s/ *Christopher Viceconte*<br>Christopher Viceconte (No. 5568)<br>**GIBBONS P.C.**<br>300 Delaware Avenue, Suite 1015<br>Wilmington, Delaware 19801<br>Telephone: (302) 518-6300<br>E-mail: cviceconte@gibbonslaw.com<br><br>Robert K. Malone (admitted *pro hac vice*)<br>Brett S. Theisen (admitted *pro hac vice*)<br>Christopher P. Anton (*pro hac vice* forthcoming)<br>Kyle P. McEvilly (admitted *pro hac* vice)<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Email: rmalone@gibbonslaw.com<br>　　　　btheisen@gibbonslaw.com<br>　　　　canton@gibbonslaw.com<br>　　　　kmcevilly@gibbonslaw.com<br><br>*Counsel to Dr. Marcel Lötscher* |

---

[4] Dr. Lötscher reserves his right to present these and other arguments in a formal objection to the FTX Europe Sale Motion—a motion that should not even be considered by this Court until the Motion to Dismiss is resolved and then, only if there has been a final determination that Ray had the requisite authority to file the Petition and the Court has subject matter jurisdiction over FTX Europe and its assets.