**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| FTX TRADING LTD., *et al.*[1] | ) |
| | ) Case No. 22-11068 (JTD) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Hearing Date: January 25, 2024 at 10:00 a.m. (ET)** |
| | ) **Objection Deadline: Extended by agreement with the** |
| | ) **Debtors to January 12, 2024 at 4:00 p.m. (ET)** |
| | ) **Re: Docket No. 5202** |

**LIMITED OBJECTION, RESERVATION OF RIGHTS,
AND JOINDER TO OBJECTIONS OF AVALANCHE (BVI), INC.
TO MOTION OF DEBTORS TO ESTIMATE CLAIMS BASED ON DIGITAL ASSETS**

Avalanche (BVI), Inc. ("Avalanche"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights (this "Limited Objection") to the *Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 5202] (the "Estimation Motion"),[2] and in support of this Limited Objection states as follows:

**PRELIMINARY STATEMENT**

1. The relief requested in the Estimation Motion is overly broad and, among other things, limits creditors of their right to assert damages in amounts yet to be determined notwithstanding the fact that the Bankruptcy Code expressly grants certain creditors the right to do so. While the Estimation Motion is purportedly focused on Customer Entitlement Claims, the language of its proposed order (the "Proposed Order") is exceedingly vague and could be

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Estimation Motion.

16496676/1

interpreted to cover the entire quantum of creditors in these chapter 11 cases (including creditors with damages Claims under executory contracts, where such damages are not yet known or ascertainable, where there has been no rejection or assumption, where the damages are derivative to and not specifically based on the cash price of Digital Assets, and/or where section 562 of the Bankruptcy Code permits the counterparty to assert damages as of the date of rejection). The hearing on the Estimation Motion (the "Hearing") should not serve as a de facto compelled adjudication of every Claim, including, but not limited to, both Customer Entitlement Claims and non-Customer Entitlement Claims, that could ever be asserted against the Debtors, particularly when certain of those Claims are not yet ripe. To the extent those Claims ripen in the future (whether pursuant to an executory contract rejection or otherwise), they should then be subject to the ordinary claims allowance and evidentiary process. Accordingly, by this Limited Objection, Avalanche does not object to these chapter 11 cases proceeding with efficiency nor does it object to the estimation of known and currently quantifiable Customer Entitlement Claims (the bar date for which has already passed). Rather, Avalanche requests a modification to the Proposed Order to prevent any premature adjudication of its claims and to preserve its right to, among other things, assert damages claims consistent with sections 365 and 562 of the Bankruptcy Code.

## JURISDICTION AND VENUE

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Limited Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.  Venue of these proceedings and this Limited Objection is proper in this district pursuant to 28 U.S.C. § 1408.

4. The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code. Avalanche confirms its consent to the Court entering a final order in connection with the Limited Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5. On November 11, 2022 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. Joint administration of the Debtors' chapter 11 cases was authorized by the Court on November 22, 2022 [Docket No. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 231].

6. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [Docket No. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [Docket No. 93].

## THE ECOSYSTEM PARTICIPANT AGREEMENT

7. Avalanche and Debtor Alameda Research Ltd. ("Alameda") are parties to that certain Avalanche Ecosystem Participant Agreement, dated November 1, 2021 (the "ECA" and

together with its related agreements and other documents, the "Transaction Documents"), which is listed as an executory contract of Alameda on its applicable amended schedule of assets and liabilities. *See* Docket No. 2291.

8. As of the date hereof, Alameda has neither sought to assume or reject the ECA or any other Transaction Documents pursuant to section 365 of the Bankruptcy Code. Notwithstanding the foregoing, Avalanche filed a precautionary proof of claim in advance of the Non-Customer Bar Date Order (as defined below) with respect to any potential rejection of the Transaction Documents to preserve its rights in connection therewith.[3]

9. Pursuant to the terms of the ECA, the Debtor agreed to engage with the Avalanche public blockchain from time to time through one or more Avalanche Ecosystem Participant Activities (as further described in the ECA). Additionally, the ECA governs the ability of Alameda to borrow AVAX, the native token of the Avalanche public blockchain, from Avalanche in connection with such Ecosystem Participant Activities.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

10. The language of the Proposed Order would authorize the Debtors to fix the value of all Claims based on Digital Assets and fiat currency as of their U.S. dollar value on the Petition Date. A "Claim" as defined in the Estimation Motion and the Bankruptcy Code includes any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Accordingly, the Proposed Order as currently drafted would authorize the Debtors to affix Petition Date values to the entire universe of Claims against the Debtors so long as they are "based on Digital Assets and fiat currency." Due to the vagueness of

---

[3] *See* Proof of Claim No. 3975.

the language set forth in the Proposed Order, holders of Customer Entitlement Claims and other creditors are in no position to ascertain which types of claims are not covered by the Proposed Order, if any. By way of example, without any further limitation on the scope of Claims impacted by the Proposed Order, the Debtors could limit the value of executory contract rejection damages claims even though (i) the Debtors have not rejected any such contracts and (ii) such contract counterparties are not even obligated to file proofs of claim until such rejections have occurred.[4]

11.     Furthermore, the Estimation Motion unduly strips the rights of contract counterparties to assert damages claims using a calculation methodology that is separate from Petition Date values even though the Bankruptcy Code expressly grants the right of certain contract counterparties to do so (as is the prevailing market practice and industry-standard for the measurement of damages under such contracts).[5] The Debtors provide no justification for the proposition that such creditors should be denied such rights, nor can they credibly claim that the exercise of these rights would "unduly delay the bankruptcy case" given that, by their own

---

[4] *See* ¶6 *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [Docket No. 1519] (the "Non-Customer Bard Date Order") ("Any entity that holds a Non-Customer Claim arising from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the date that is the later of: (a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on any date the Court may fix in the applicable order authorizing such rejection, and, if no such date is provided, 30 days from the date of service of notice of entry of such order.").

[5] *See* 11 U.S.C. § 562(a) ("(a)If the trustee rejects a swap agreement, securities contract (as defined in section 741), forward contract, commodity contract (as defined in section 761), repurchase agreement, or master netting agreement pursuant to section 365(a), or if a forward contract merchant, stockbroker, financial institution, securities clearing agency, repo participant, financial participant, master netting agreement participant, or swap participant liquidates, terminates, or accelerates such contract or agreement, damages shall be measured as of the earlier of (1) the date of such rejection; or (2) the date or dates of such liquidation, termination, or acceleration."). *See also* 5 Collier on Bankruptcy P 562.01 (16th 2023) ("Before the addition of section 562 to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, there was concern that the debtor's or trustee's eventual rejection of a Protected Transaction could result in a measurement of damages for the breach of the Protected Transaction to be determined as of a time immediately before the petition date, whereas the contractual measure of damages was as of the termination date. Section 562 largely aligned the measurement of damages in connection with a Protected Transaction under the Bankruptcy Code with prevailing market practice and industry-standard documentation by measuring damages as of the earlier of the date of rejection and the date(s) of liquidation, termination or acceleration of the Protected Transaction.").

statement, "[t]he vast majority of [the Debtors' unliquidated] Claims are Customer Entitlement Claims" and not other Claims. Estimation Motion, ¶ 1.

12. Avalanche simply seeks to avoid a premature determination of its claims by the Estimation Motion and preserve its right to assert damages claims consistent with the Bankruptcy Code upon any rejection of the Transaction Documents (which to date has not occurred). Accordingly, Avalanche requests a modification to paragraph 3 of the Proposed Order as follows:

> Nothing contained in the Motion or any actions taken pursuant to this Order are intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, ~~or~~ (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law **or (g) limiting, impairing or modifying the right of any contract counterparty, pursuant to sections 365 and 562 of the Bankruptcy Code, to assert claims and damages, and the amount of such damages, arising under any contract or agreement and/or resulting from the rejection of any executory contract by the Debtors**.

## **JOINDER**

13. In addition to the arguments herein, Avalanche adopts the legal arguments and authorities set forth in the *Objection and Reservation of Rights of Auros Tech Limited to Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 5614] and the *Limited Objection of the Joint Liquidations of Three Arrows Capital, Ltd. to Motion of Debtors to Estimation Claims Based on Digital Assets* [Docket No. 5615].

## **RESERVATION OF RIGHTS**

14.     Avalanche reserves the right to supplement this Limited Objection and raise further objections prior to or at the Hearing.[6]

*[Remainder of page intentionally left blank]*

---

[6] Avalanche is also currently in discussions with the Debtors in an effort to consensually resolve this Limited Objection in advance of the Hearing.

WHEREFORE Avalanche respectfully requests that this Court deny the Motion unless modified pursuant to the terms set forth herein and grant such other and further relief as the Court finds just and appropriate.

Dated: January 12, 2024                              /s/ *Tara C. Pakrouh*
                                                     Eric J. Monzo (DE Bar No. 5214)
                                                     Tara C. Pakrouh (DE Bar No. 6192)
                                                     **MORRIS JAMES LLP**
                                                     500 Delaware Avenue, Suite 1500
                                                     Wilmington, Delaware 19801
                                                     Telephone: (302) 888-6800
                                                     Facsimile: (302) 571-1750
                                                     EMonzo@morrisjames.com
                                                     Tpakrouh@morrisjames.com

                                                     **-and-**

                                                     Michael G. Burke, Esq.
                                                     **SIDLEY AUSTIN LLP**
                                                     787 Seventh Avenue
                                                     New York, New York 10019
                                                     Telephone: (212) 839-5300
                                                     Facsimile: (212) 839-5599
                                                     mgburke@sidley.com

                                                     **-and-**

                                                     Ryan L. Fink, Esq.
                                                     **SIDLEY AUSTIN LLP**
                                                     1 South Dearborn
                                                     Chicago, Illinois 60603
                                                     Telephone: (312) 853-0803
                                                     Facsimile: (312) 853-7036
                                                     ryan.fink@sidley.com

                                                     *Counsel to Avalanche (BVI), Inc.*

16496676/1