RECEIVED
2024 JAN 16 PM 1:42
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Honorable Judge John Dorsey

824 N Market St

5th Floor, Courtroom 5

Wilmington, DE 19801

302-533-3169

**Re: Objection to FTX Debtors' Motion of Debtors to Estimate Claims Based on Digital Assets**

Dear Judge Dorsey,

I hope this letter finds you well. I am writing to formally object to the motion submitted by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") to estimate the value of claims in respect of digital assets and flat currency (hereinafter referred as the "Motion").

I am a FTX Trading Ltd. customer creditor, with a significant sized claim. On December 26th, Debtors submit the Motion which estimate the value of claims just based on the market value of bankruptcy date. I think this motion is extreme unfair and here are my reasons.

First, the assets of FTX are mainly virtual currencies, which value are always in a floating state. Due to the negative effects of COVID-19 and armed conflicts, the global economy is in the doldrums on the bankruptcy day, so the value of virtual currencies was at very low point. However, recently, the value of virtual currencies has significantly increased.

Taking the value of the communique on December 29, 2023 as an example,

- The value of BTC set on motion was $16,871, but on December 29, 2023 was $42,930, which has an increase up to 149% so far.

- The value of ETH set on motion was $1,258, but on December 29, 2023 was $2,374, which has an increase up to 85.6% so far

- The value of SOL set on motion was $16, but on December 29, 2023 was $107, which has an increase up to 543% so far

- The value of AVAX set on motion was $14, but on December 29, 2023 was $42, which has an increase up to 182% so far.

It can be seen that if the value of claims is determined curtly on the market value of the bankruptcy date, the actual value of claims will be significantly reduced, which is tantamount to deprive creditors directly.

Secondly, as it is mentioned above, the nature of the virtual assets is significantly different from cash or real estate, which value is more clear and stable. The nature of virtual assets is more likely to securities as well as stocks. Therefore, fluctuations should be fully considered in determining the value of claims. Although debtors claim that the reason for determining the value of claims simply based on the market value of bankruptcy date is to avoid unnecessary delay in the insolvency proceedings, however, it is not a good way to solve this problem. Although this case is a bankruptcy case, it may refer to the handling methods of securities dispute cases, in particular, the compensation

standards in securities false misrepresentation liability disputes. In the jurisdiction of Chinese Mainland where I'm located, similar cases adopt the standard of "one price for three days" to determine the value of creditor's rights in order to balance the floating interests and term interests of securities at the same time. Among them, three days refer to the date of misrepresentation, the date of disclosure of misrepresentation and the base date, and one price refers to the base price.

- The date of the misrepresentation refers to the date on which the misrepresentation is made.

- The date of disclosure of the misrepresentation refers to the date on which the misrepresentation is first disclosed and known to the market.

- The base date refers to the base date on which the loss of the investment difference is calculated and refers to the cut-off date for determining the reasonable period for calculating the loss after the misrepresentation is disclosed to limit the plaintiff's compensation to the range of losses caused by the misrepresentation. According to laws and regulations in Chinese Mainland, if the cumulative turnover rate of centralized trading reaches 100% of the tradable part within 10 trading days from the disclosure date, the 10th trading day shall be the base date; If 100% of the tradable portion is not reached within 30 trading days, the 30th trading day shall be the base date.

- That is, the average price of the closing price of each trading day from the date of disclosure or correction of the misrepresentation

to the base date is the benchmark price for calculating the loss.

Therefore, when determining the value of the claim, I suggest using the average price of the purchase date/bankruptcy date to the date of determination of the liquidation scheme, or similar schemes to determine the bankruptcy claim.

For the reasons above, the motion should be denied, and I know my view is not a lone objection since the motion neither follows the objective market laws nor meet the legal requirements. It is imperative that the court ensures that the interest of customer claimants is adequately represented and protected throughout these proceedings. The fairness and integrity of these proceedings are of utmost importance to all stakeholders involved, and it is my hope that the court will take appropriate steps to address these concerns.

Thank you for your time and consideration.

Sincerely,

Hua Deng

邓华
_____