Honorable Judge John Dorsey
824 N Market St
5th Floor, Courtroom 5
Wilmington, DE 19801
302-533-3169

RECEIVED
2024 JAN 17 AM 9: 33
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Re: OBJECTION to Motion of Debtors to estimate claims based on digital assets, Case No. 22-11068 (JTD), Hearing Date: January 25, 2024, at 10:00 a.m. (ET)

Dear Judge Dorsey,

I trust this letter finds you in good health. I am writing to formally oppose the Debtor's request for an order to estimate Claims, including Customer Entitlement Claims, based on the amounts listed in the Digital Assets Conversion Table. This approach is fundamentally unjust and inequitable for customer creditors whose claims are denominated in specific digital assets, as opposed to USD.

As a customer creditor with a substantial claim of approximately 300,000 USD, primarily denominated in specific digital assets, I emphasize the significance of the matter. The valuation of customer claims at the time of the original bankruptcy petition, as proposed by the Debtor, would unfairly impact a considerable group of customers whose claims are tied to specific digital assets. This objection does not solely represent my perspective; I have been in contact with other customer claimants whose claims total $500 million (at petition date prices), indicating a shared concern.

1. The Debtor's Motion disregards the explicit terms of the FTX Terms of Service (TOS) Clause 8.2.6, which unequivocally states:
(A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account.
(B) None of the Digital Assets in your Account are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.

According to the clear terms of the TOS, customers, including myself, operated under the understanding that digital assets held on the exchange remained our property, not generally available for creditor claims. These assets should not be commingled with other assets of the Debtors, which are typically available for creditor claims. This contrasts with other high-profile bankruptcies (e.g., notably Celsius), where digital assets were considered a loan to the platform. Based on the TOS, digital assets held on the exchange were not loaned but should entitle customers to claim ownership.

The crux of the objection to the Debtor's Motion involves a crucial, undetermined legal question: whether customer assets form part of the Debtors' estate or should

remain owned by customers and/or subject to a trust in favor of customers. The resolution of this critical legal question will naturally guide the remedies and application of bankruptcy law.

To my knowledge, the Debtors have not sought court determination on this legal question, and arguments for either position have not been openly presented before a court. I am aware only of private negotiations between certain customers/creditors and the Debtors regarding this question, resulting in out-of-court settlements.

If the court determines that customer assets do not form part of the Debtor's estate, these assets should be returned in the same form in which they were held.

2. Ad Hoc Committee (AHC) does not represent the interests of customer claimants with claims denominated in specific digital assets.

Based on public information and private knowledge, the AHC represents claimants where approximately 40% are not customers but opportunistic investors who purchased customer and non-customer claims. For this group of claimants, valuing claims at the time of the petition would favor them, effectively disadvantaging customer claimants with claims denominated in specific digital assets that have since increased in price.

It is not in the interest of claimants represented by the AHC (and by extension, AHC itself) to fully engage with the court and the Debtors to seek clarity on the legal question of whether customer assets form part of the Debtors' estate.

I am aware of private negotiations between claimants represented by the AHC regarding this legal question, which were not openly heard before a court. This raises serious concerns, suggesting there is indeed a triable issue to be considered. Otherwise, the Debtors would not have settled the claim so swiftly and privately.

Despite substantial expenditures, primarily from customer funds, on legal and professional fees, the Debtors have not achieved fairness for customer claimants, who should not be grouped into the same class as other creditors under any circumstances.

Due to the unique circumstances of the Debtor's business and the cryptocurrency industry (with millions of "retail" customers), the profile of customer claimants tends to be scattered. This makes it challenging for claimants to organize and present formal arguments before the court. Customer claimants have already been adversely affected by the actions of Sam Bankman-Fried. I appeal to you not to let us be victimized again by non-customer commercial interests or negligent professional advice guiding the Debtor's actions simply because there is no specific ad hoc committee addressing these crucial issues.

As with other virtual asset-related cases, I strongly believe that customers who have only deposited assets without making any profits should be given the highest priority

in the asset recovery process.

I myself have only deposited BTC and ETH into FTX and have never received any interest or engaged in margin trading, nor have I used any of FTX's other services, including loans.

According to FTX's terms and conditions, a user's wallet is designated as the user's asset. Given the nature of blockchain technology, I assumed my wallet was mine and never expected it to be stolen.

This is undoubtedly an act of fraud, and if I had profited from using FTX, I might have understood the consequences. However, since I have not gained anything, it is as if my safe has been stolen.

I am aware that FTX has already recovered more than 100% of its liquid assets. Therefore, I humbly request that you make a fair judgment that allows customers like me, who have not profited from FTX, to recover our assets.

For the reasons stated above, I respectfully urge the court to deny the Motion and promptly call for a determination of the critical legal question raised. I trust that you will consider these objections seriously to uphold fairness and integrity in the bankruptcy proceedings.

Thank you for your consideration.

Sincerely,

*Sunbin Min*

SB MIN



PRIORITY MAIL
U.S. POSTAGE PAID
C2M
eVS

**USPS PRIORITY MAIL®**

707862X1X1XPRI
Sungbin Min
60, Central park-ro, Yeongtong-gu
Suwon-si, Gyeonggi-do 16504

Honorable Judge John Dorsey
824 N Market St RM 5
Wilmington, DE 19801

**USPS TRACKING # eVS**



9205 5901 5266 1900 1958 2282 85