



5 January 2024

**Honorable, Judge John Dorsey**
824 N Market St
5th Floor, Courtroom 5
Wilmington, DE 19801
302-533-3169

**Re: OBJECTION to Motion of Debtors to estimate claims based on digital assets, Case No. 22-11068 (JTD), Hearing Date: January 25, 2024 at 10:00 a.m. (ET)**

Dear Judge Dorsey

I am writing to formally object to the Debtor's request for an order to estimate Claims (including Customer Entitlement Claims) based on the amounts set forth in the Digital Assets Conversion Table, because this is grossly unequitable and unfair to customer creditors like myself who have their claims denominated in specific digital assets rather than in USD.

I am a customer creditor who a claim of approximately $7800 (at today's digital asset market prices) denominated in Polkadot (DOT) digital asset. This is of importance because digital asset prices have soared since the time of the original bankruptcy petition. For example, Polkadot (DOT) price was approximately $5.5 on 11/11/22. Current Market price approximately of Polkadot is at $8.5 as of 12/29/23.

Debtor's Motion to value customer claims at the time of the petition would unfairly prejudice a significant class of customers which have their claims denominated in specific digital assets. I know my view is not a lone objection.

**1. The Motion by Debtors ignores the express terms of the FTX Terms of Service (Tos) Clause 8.2.6 of the Tos expressly states as follows:**

   (A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading

   (B) None of the Digital Assets in your Account are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.

   Based on the clear terms of the Tos, I and many customers had dealt with the exchange on the basis that our digital assets held on the exchange remained our property (which are not generally available for creditor claims), so they should not be mingled together with other assets of the Debtors (which are generally available for creditor claims). This is in contrast with other high profile bankruptcies in the space (e.g. notably Celsius) where the digital assets were a loan to the platform. Based on the Tos, digital assets held on the exchange were

not loaned to the exchange, but rather customers should be entitled to claim ownership of their digital assets.

At the crux of the objection to Debtor's Motion regarding customer assets, there is a very important question of law which remains undetermined: **Given the express language of the ToS, whether customer assets form part of the Debtors' estate or whether customer assets should remain owned by customers and/or subject to a trust in favour of customers.** The resulting remedies and application of bankruptcy law would naturally follow the determination of this critical question of law.

As far as I am aware, the Debtors have not applied to court for a determination on this question of law, nor have any arguments for either position been openly heard before a court. I am aware that there were private negotiations between certain customers/creditors and Debtors regarding this critical question of law, in respect of which the Debtors had separately settled out of court.

If the court finds that customer assets do not form part of the Debtor's estate, then customer assets should be returned in the same form in which they were held.

**2. Ad Hoc Committee (AHC) does not represent the interests of customer claimants with claims denominated in specific digital assets**

Based on public information, the AHC represents claimant where "40% of the claimants are not customers, but rather opportunistic investors who had purchased customer and non-customer claims. For these group of claimants, it would favor them to have claims valued at the time of the petition, because this would effectively mean that customers claimants with claims denominated in specific digital assets which have now substantially increased in price would be robbed to reimburse the other categories of claimants and creditors.

**It is NOT in the interest of claimants represented by AHC to fully and fairly engage with the court and the Debtors to seek clarity on the question of law of whether customer assets form part of the Debtors estate.**

As mentioned above, I am aware there were private negotiations between claimants represented by AHC regarding this critical question of law which were not openly heard by the court. This raises serious concerns that there is indeed a triable issue to be considered, otherwise the Debtors would not have settled the claim so swiftly and privately.

Despite spending hundreds of millions primarily from customer funds on legal and professional fees, the Debtors are still unable to achieve fairness for customer claimants, who should not in any circumstances be grouped into the same class as other creditors.

Due to the unique circumstances of the Debtor's business and the cryptocurrency industry (millions of retail customers), the profile of customer claimants is scattered making it difficult for claimants to organize themselves to present formal arguments before the court.

**Customer claimants like myself have already been victimized by the actions of Sam Bankman-Fried. Please do not let us be victimized again by non-customer commercial interests or negligent professional advice guiding the Debtor's action, just because there is no specific ad hoc committee formed to address these important issues.**

For the reasons above, I respectfully request the court to deny the Motion, and immediately call for a determination of the critical question of law raised. I trust that you will consider these objections seriously in order to uphold fairness and integrity in the bankruptcy proceedings.

Thank you for your consideration.

Sincerely

**Angel Luis Prieto Criado**
alprieto.crypto@gmail.com
Phone: +34 610 457 777

CARTA CERTIFICADA    R

Correos

ANGEL LUIS PRIETO CRIADO

Remitent / From

LICENCIADO POZA 52 - 1B
48013  BILBAO
BIZKAIA - ESPAÑA / SPAIN
REF:

JUDGE JOHN DORSEY

Destinatario / To

824 N MARKET ST 5 TH FLOOR COUNTROOM 5
DE 19801        WILMINGTON
UNITED STATES OF AMERICA (US)
Tf /    3025333169
Comments

RF293269420ES

In case of non delivery:
Devolver al remitente
Return to sender



Franqueo Pagado    Tarifa A
ENVÍO NACIONAL Hasta 20 gr
ESPAÑA

Peso / Weight:
20

Fecha admisión   Date of posting:
05/01/2024 11:13:49

Oficina de admisión   Office of origin:
4807294

235398