# **<u>Exhibit A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF WEI ZHOU IN SUPPORT OF BIDDER 1'S OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING (A) ENTRY INTO, AND PERFORMANCE UNDER, THE SHARE PURCHASE AGREEMENT AND (B) THE PURCHASE AND SALE OF CERTAIN SHARES FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND (II) DISMISSING THE CHAPTER 11 CASES OF CERTAIN DEBTORS EFFECTIVE UPON THE EARLIER OF THE CLOSING OR THE TERMINATION OF THE SHARE PURCHASE AGREEMENT THE EXTENT NECESSARY, FROM THE BIDDER 1 NDA**

I, Wei Zhou, hereby declare under penalty of perjury:

1. I am Chief Executive Officer of the entity that is referred to in the Sale Motion filed by the FTX Debtors as "Bidder 1." I submit this Declaration in support of *Bidder 1's Objection to Motion of Debtors* ("Sale Motion") *for Entry of an Order (I) Authorizing and Approving (A) Entry Into, and Performance Under, the Share Purchase Agreement and (B) the Purchase and Sale of Certain Shares Free and Clear of Liens, Claims and Encumbrances and (II) Dismissing the Chapter 11 Cases of Certain Debtors Effective upon the Earlier of the Closing or the Termination of the Share Purchase Agreement* (the "Objection").[1]

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Objection.

2.  All facts set forth in this Declaration are based upon my personal knowledge and review of relevant documents as the CEO of Bidder 1. If called to testify, I could and would testify to the facts set forth herein on that basis.

3.  I have reviewed paragraph 21 of the Sale Motion describing the terms of the agreement between the Debtors and Bidder 1 for the purchase of the shares of the Debtors referred to in the Sale Motion as "FTX EU Ltd, f.k.a. K-DNA Financial Services Ltd, a Cyprus limited company" ("FTX Cyprus") and FTX Switzerland GmbH, which states as follows:

> The transaction with Bidder 1 contemplated, among other things, (i) the purchase and sale of the shares of FTX Cyprus for $5,000,000 and the shares of FTX Switzerland for $900,000; (ii) payment by Bidder 1 of $750,000 to the Debtors for certain costs and expenses, including a contribution to FTX Cyprus in the amount of $500,000 for ongoing working capital; and (iii) satisfaction by the Debtors of certain intercompany claims held by certain Debtors against the Subject Companies in an aggregate amount of $4,711,094. Additionally, the transaction with Bidder 1 also contemplated entry into a release agreement pursuant to which (i) the Subject Companies would release certain Debtors from all claims with respect to matters that have existed or occurred at any time prior to and including the date of the release agreement and (ii) the Debtors would release Bidder 1 and the Subject Companies from all claims with respect to matters that have existed or occurred at any time prior to and including the date of the release agreement (with the exception of an intercompany receivable owed to FTX Switzerland). The closing of the transaction with Bidder 1 was subject to certain closing conditions, including (i) the dismissal of the Chapter 11 Cases of Seller and the Subject Companies; (ii) obtaining approval from the Swiss court supervising the Moratorium; (iii) receipt of approval from CySEC with respect to the transfer of the shares in FTX Cyprus; and (iv) other customary closing conditions.

4.  While that description is accurate as far as it goes, it is incomplete. Bidder 1 also committed to having sufficient funds at closing (and to escrow such funds if necessary) to pay all customer claims of FTX Cyprus customers in respect of such customer's trading activity through or deposit of funds of FTX Cyprus ("Customer Claims") as of the Petition Date.

2

5.  The purpose of purchasing FTX Cyprus was to acquire its license (currently suspended) to operate as a Cypriot Investment Firm (the "License"). As accurately stated by the Debtors in their Sale Motion, the license permits FTX Cyprus to undertake certain brokerage, custodianship and lending services to clients across Europe pursuant to the Cyprus Investment Services and Activities and Regulated Markets Law of 2017. As acknowledged by the Debtors in paragraph 9, to reactivate the License there must be compliance with Cypriot law. It is my understanding that payment of the Customer Claims is a necessary condition to re-activating the license under the controlling law.

6.  Bidder 1 understands that it will have to pay all FTX Cyprus Customer Claims in order to reactivate the License, and it will do so. That is why the agreement with the Debtors (referred to in paragraph 20 of the Sale Motion) required that Bidder 1 have sufficient funds at closing to make all such payments. Bidder 1 is effectively guaranteeing payment of Customer Claims, and as a result the value of that guarantee should be included as consideration for the acquisition.

7.  Bidder 1 remains willing to purchase under the same terms, and in fact Bidder 1 has offered, and remains willing, to purchase under further enhanced terms. Specifically, Bidder 1 offered, and remains willing, to pay $7,500,000 for the shares, instead of the $5,000,000 referenced in paragraph 22 of the Sale Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2024

/s/ Wei Zhou
Wei Zhou