## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| | (Jointly Administered) |
| Debtors. | **Hearing Date: February 22, 2024 at 1:00 P.M. ET**<br>**Objection Deadline: February 9, 2024 at 4:00 P.M. ET** |

### DEBTORS' THIRTEENTH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABILITY PROOFS OF CLAIM (CUSTOMER CLAIMS)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 AND SCHEDULE 2 OF EXHIBIT A ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this thirteenth omnibus claims objection (this "Objection") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), disallowing and expunging in its entirety each claim set forth in Schedule 1 and Schedule 2 attached to the Order. In support of this Objection, the Debtors submit the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Declaration of Rob Esposito in support of Debtors' Thirteenth (Non-Substantive) Omnibus Objection to Certain No Liability Claims (Customer Claims)* (the "<u>Esposito Declaration</u>"), attached hereto as <u>Exhibit B</u>.  In further support of this Objection, the Debtors respectfully state as follows:

<b><u>Background</u></b>

1.      On November 11 and November 14, 2022 (as applicable, the "<u>Petition Date</u>"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "<u>Chapter 11 Cases</u>") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") appointed an Official Committee of Unsecured Creditors (the "<u>Committee</u>") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

<b><u>Facts Specific to the Relief Requested</u></b>

3.      On June 28, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related*

-2-

*Relief* [D.I. 1793] (the "Customer Bar Date Order").  The Customer Bar Date Order established, among other things, the deadline of September 29, 2023 to file Customer Claims[2] against the Debtors.

4.      To date, approximately 86,000 customer proofs of claim have been filed against the Debtors, asserting more than $33,800,000,000.[3]

## No Liability Claims

5.      The Debtors and their advisors are reviewing and reconciling all proofs of claim and any related supporting documentation filed against the Debtors.  The Debtors have determined, based on their books and records, that the Debtors do not have any liability with respect to each proof of claim listed on Schedule 1 and Schedule 2 to Exhibit A (collectively the "No Liability Claims").  Accordingly, the Debtors submit that the No Liability Claims should be disallowed and expunged in their entirety.

## Jurisdiction and Venue

6.      The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.  Pursuant to

---

[2]    "Customer Claims" means a claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state law, rule or regulation, common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

[3]    Excludes over 300 frivolous customer claims filed in aggregate for more than $23 quintillion.

Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Objection to the extent it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Basis for Relief

7.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, as follows:  "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim.  11 U.S.C. § 502(b).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b).

8.     Further, Local Rule 3007-1(d) provides that a debtor may object on a non-substantive basis to a "claim that does not have a basis in the debtor's books and records and does not include or attach sufficient information or documentation to constitute *prima facie* evidence of the validity and amount of the claim, as contemplated by [Bankruptcy Rule] 3001(f) . . . ."  Local Rule 3007-1(d)(vi); *see also In re Exide Technologies*, 2014 WL 6081302, at *1 (Bankr. D. Del. Oct. 14, 2014) (expunging and disallowing insufficient documentation claims); *In re FBI Wind Down, Inc.*, 2015 WL 1181890, at *1 (Bankr. D. Del. Mar. 3, 2015) (same).

9.     While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the

-4-

claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid.").  The burden of persuasion with respect to the claim is always on the claimant, *id.* at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity.  *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

10.     As set forth in the Esposito Declaration, based upon a review of the No Liability Claims, the Debtors' books and records, and the claims register, the Debtors have identified that the No Liability Claims lack the requisite supporting documentation to verify the existence of any claim against the Debtors, let alone the exorbitant amounts alleged by the respective claimants.  While certain No Liability Claims include documentation, the attached documentation bears no discernable relationship to, or support for, the liability asserted in the underlying claim.  Other No Liability Claims attach no supporting documentation at all.  In addition, while it appears that each of the claimants had FTX accounts, the accounts have no fiat, cryptocurrency or non-fungible tokens.  Thus, the Debtors have determined that the No Liability Claims, with the current attached documentation and FTX account balances, which reflect no fiat, cryptocurrency or non-fungible tokens, are insufficient to verify the existence or amount of the underlying claims as they relate to the Debtors.  As such, the No Liability Claims are not *prima facie* valid.

11.     Pursuant to Bankruptcy Rule 3001(c), a claimant that files a proof of claim based on a writing must file an original or duplicate of the writing with the proof of claim or otherwise explain that the writing has been lost or destroyed.  Only a proof of claim filed in accordance with Bankruptcy Rule 3001(c) constitutes *prima facie* evidence of its validity or

4893-5809-6538 v.2

amount. *See In re Olympus Healthcare Grp., Inc.*, 2004 WL 144240, at *3 (Bankr. D. Del. Jan. 23, 2004) (finding that the claimant failed to prove its claim by not attaching the guaranty to the proof of claim and did not produce it (or a copy of it) at the hearing on the objection to that claim).

12.       Accordingly, the Debtors submit that the No Liability Claims should be disallowed and expunged in their entirety from the claims register.

## Responses to This Objection

13.       To contest the Debtors' determinations of the No Liability Claims included in this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than February 9, 2024 at 4:00 p.m. (ET) (the "Response Deadline").  Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon counsel to the Debtors, (a) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com), so as to be actually received by no later than the Response Deadline.

14.       Each Response to this Objection must, at a minimum, contain the following information:

(a)       a caption setting forth the name of the Court, the name of the Debtors, the lead case number, and the title of the Objection to which the Response is directed;

(b)       the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

      (c)      the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

      (d)      all documentation and other evidence, to the extent it was not included with the proof of claim previously filed, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection; and

      (e)      the name, address, telephone number, fax number or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the No Liability Claim on behalf of the claimant.

15.      If a claimant fails to timely file and serve a Response by the Response Deadline, the Debtors will present to the Court the Order disallowing and expunging in their entirety the No Liability Claims without further notice to the claimant or a hearing.

16.      The Debtors may file and serve a reply to any Response in accordance with the Local Rules.  The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

**<u>Reservation of Rights</u>**

17.      Nothing in this Objection:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion

-7-

of the Debtors.  Any payment made pursuant to an order of the Court granting the relief

requested herein is not intended to be nor should it be construed as an admission as to the

validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

18.    The Debtors retain their rights to later object on any basis to any

No Liability Claim as to which the Court does not grant the relief requested herein.

### Separate Contested Matters

19.    To the extent a Response is filed regarding any claim listed in this

Objection and the Debtors are unable to resolve the Response, the objection by the Debtors to

such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule

9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be

deemed a separate order with respect to each claim subject thereto.

### Compliance with Local Rule 3007-1

20.    To the best of the Debtors' knowledge and belief, this Objection and the

related exhibits comply with Local Rule 3007-1.  To the extent this Objection does not comply in

all respects with the requirements of Local Rule 3007-1, the undersigned believes such

deviations are not material and respectfully requests that any such requirement be waived.

### Notice

21.    Notice of this Objection has been provided to:  (a) the U.S. Trustee;

(b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal

Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for

the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) each claimant whose claim

is subject to this Objection; and (i) to the extent not listed herein, those parties requesting notice

pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be provided.

-8-

### No Prior Request

22.    No prior request for the relief sought herein has been made by the Debtors to this or any other court.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: January 23, 2024
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

4893-5809-6538 v.2