

January 24, 2024

The Honorable John T. Dorsey
United States Bankruptcy Court for the District of Delaware
824 N. Market Street, 5th Floor
Wilmington, Delaware 19801

      Re:    In re FTX Trading Ltd., *et al*. (22-11068)
                Status Conference to Discuss the Appointment of an Examiner

Dear Judge Dorsey,

      We write on behalf of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), in connection with the status conference scheduled for today, Wednesday, January 24, 2024, regarding the appointment of an examiner.

      These Chapter 11 Cases are in their advanced stages. The Plan solicitation process will soon be underway, and the forensic analyses and investigations that were necessary to move these cases forward, advance third party litigation claims, secure various commercial settlements and expand the distributable assets of the estates are nearly complete. As a result, the Committee believes that the Court's appointment of an examiner should be limited in scope, duration and cost, such that the examiner's investigation does not duplicate the extensive efforts already undertaken by the Debtors and the Committee. Importantly, the appointment of an examiner should not delay confirmation, effectiveness of the Plan, or the critical timing of distributions to customers and creditors. Although the Committee recognizes the requirement for this Court to appoint an examiner and for the examiner to be able to perform that role, the examiner must build upon the extensive work done over the last fourteen months and not reinvent the wheel at the expense of customers and creditors' recoveries.

      Indeed, throughout these cases, the Debtors and the Committee have analyzed millions of documents canvassing myriad issues, such as the prepetition fraud committed by the Debtors' former management, the Debtors' prepetition transactions, including their "ventures" transactions, and the Debtors' prepetition relationships with their internal and external professionals and transaction counterparties. Dozens of requests for production of documents have been jointly served upon third parties by the Debtors and Committee pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 and information has been thoroughly evaluated through that process. Based on this investigative work, the Debtors have brought numerous adversary proceedings and others are in the process of being prepared. Other potential claims have been resolved without the need for

Hon. John T. Dorsey
January 24, 2024
Page 2

litigation. All of these efforts have thus far resulted in a significant increase in the distributable assets of the estates for the ultimate benefit of customers and creditors.

It is against this backdrop that the Committee believes that the examiner's role should be limited. The January 19, 2024, Opinion of the Court of Appeals for the Third Circuit mandates the appointment of an examiner, but expressly reserves for this Court the "broad discretion to direct the examiner's investigation including its scope, degree, duration, and cost." Opinion at 14 (internal quotations omitted). As a result, the Committee believes that the Court should ensure that an examiner avoid duplication of effort by significantly limiting the expense to the estates flowing from the examiner's work.

As noted above, the Debtors, the Committee and other creditor representatives have made significant progress towards the ultimate resolution of these Chapter 11 Cases through the negotiation of the Plan Support Agreement and the filing of the Plan, the Disclosure Statement and the proposed Solicitation Procedures. Indeed, the Debtors will soon seek approval to solicit votes on the Plan and advance these cases to the July 1, 2024, Plan effective date milestone that was agreed to between the Debtors, the Committee and the other creditor representatives. Accordingly, the examiner's investigation should not in any way delay the critical confirmation and consummation timeline, as recognized by the Third Circuit. *See* Opinion at 14-15 (noting that "the bankruptcy court has discretion to continue with the confirmation process without receiving the examiner's findings or public report").

Accordingly, the Committee respectfully proposes the following process:

First, with the input of the U.S. Trustee, the Debtors and the Committee (the "Consultation Parties"), the Court should select an individual to serve as the examiner with the limited mandate to meet with the Consultation Parties for the purpose of establishing the scope of the examiner's duties.

Second, the examiner should provide the scope of the examiner's proposed investigation and a budget to the Consultation Parties and attempt to reach a consensus on the same for submission to and approval by the Court. In the event that the examiner and the Consultation Parties cannot reach consensus, the examiner may file a motion with the Court and the Court may conduct a hearing to determine the appropriate scope and budget for the examination.

Third, should the examiner believe that any additional investigative work is warranted during the course of its investigation, it should again provide the Consultation Parties with the additional scope and budget for any additional work and attempt to reach a consensus with the Consultation Parties, with the same motion and hearing procedure applying in the event that the parties cannot achieve consensus.

Fourth, the examiner should share his or her findings periodically with the Consultation Parties, and should provide a draft report to the Consultation Parties sufficiently in advance of its public filing to allow for adequate review and discussion among the examiner and the Consultation Parties.

Hon. John T. Dorsey
January 24, 2024
Page 3

      The Committee believes that such a process would help ensure that the examiner's role is efficient, that the Debtors and the Committee remain informed and involved in the process, and that the major parties in these Chapter 11 Cases remain focused on and committed to confirmation and consummation of the Plan within the current timeline.

      We look forward to discussing this matter with the Court at the status conference today.

      Respectfully Submitted,

      */s/ Kenneth Pasquale*

      Kenneth Pasquale
      (Admitted *pro hac vice*)