

Katharina Earle
Director

Gibbons P.C.
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801-1671
Direct: 302-518-6332 Fax: 302-397-2385
kearle@gibbonslaw.com

January 24, 2024

**FILED AND SERVED ELECTRONICALLY**
**VIA CM/ECF**

The Hon. John T. Dorsey, U.S.B.J.
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 5th Floor
Wilmington, Delaware 19801

      Re:    *In re FTX Trading Ltd., et al.* **(Case No. 22-11068)**
               <u>**Status Conference to Discuss the Appointment of an Examiner**</u>

Dear Judge Dorsey:

      Please be advised that Gibbons, P.C. serves as counsel to Dr. Marcel Lötscher and Ms. Martha Lambrianou, who are parties-in-interest and creditors of FTX Europe AG and FTX EU Ltd., respectively (together, the "European Creditors"). Please accept this letter in response to the Debtors' letter dated January 23, 2024 [D.I. 6168] concerning the "scope, degree, duration, and cost" of the forthcoming Examiner's investigation. The European Creditors have pending motions[1] before the Court to dismiss the chapter 11 cases of FTX Europe AG ("FTX Europe") and FTX EU Ltd. ("FTX EU"). In addition, the European Creditors have filed an objection [D.I. 5957] (the "Sale Objection") to the Debtors' pending motion to approve a private sale by FTX Europe to FTX Trading Ltd. of the shares of FTX EU.[2]

      The Motions to Dismiss highlight the Debtors' failure to obtain the requisite corporate authority to commence these chapter 11 cases in the first instance, including the legally deficient *Omnibus Corporate Authority*, dated November 10, 2022 (the "Omnibus Authority") allegedly given by Samuel Bankman-Fried to John J. Ray III ("Ray"). Flowing from that overarching lack

---

[1] *Motion of Dr. Marcel Lötscher to Dismiss Bankruptcy Case of FTX Europe AG* (the "Motion to Dismiss FTX Europe") [D.I. 4037]; and *Motion of Martha Lambrianou to Dismiss Bankruptcy Case of FTX EU Ltd.* (the "Motion to Dismiss FTX EU") [D.I. 5529]. A third motion, to dismiss the case of FTX Trading Ltd., has also been filed. See *Motion of Patrick Gruhn, Robin Matzke, and Lorem Ipsum US to Dismiss Bankruptcy Case of FTX Trading Ltd.* (the "Motion to Dismiss FTX Trading") [D.I. 3400] (collectively, the "Motions to Dismiss").

[2] *Motion of Debtors for Entry of an Order (I) Authorizing and Approving (A) Entry into, and Performance Under, the Share Purchase Agreement and (B) the Purchase and Sale of Certain Shares Free and Clear of Liens, Claims and Encumbrances and (II) Dismissing the Chapter 11 Cases of Certain Debtors Effective Upon the Earlier of the Closing or the Termination of the Share Purchase Agreement* (the "FTX Europe Sale Motion") [D.I. 5378].

GIBBONS P.C.

The Honorable John T. Dorsey
January 24, 2024
Page 2

of corporate authority, the Sale Objection challenges the Debtors' present authority to enter into the proposed insider sale transaction among FTX Trading Ltd., FTX Europe, and FTX EU. In addition, the Sale Objection asserts that (a) the insider bid is not the highest and best offer for the FTX EU shares, and (b) the collusive and opaque process that resulted in the insider bid was wholly insufficient to achieve a proper market value for the shares; as a result, the proposed insider sale would harm the European Creditors.

As to the scope of the proposed Examiner, the European Creditors agree with the Debtors that the process should be open and transparent and, in particular, "subject to the input of interested parties." To that end, the European Creditors have identified the following topics that must be investigated—

- The circumstances surrounding the Omnibus Authority and its legal effectiveness under foreign law;
- Sullivan & Cromwell's ("S&C") disclosure obligations, including the nature and extent of S&C's pre-petition representation of FTX (Although S&C contends in the letter that "no appeal was taken" from their retention order, this fact is totally irrelevant because there is a continuing duty of disclosure for all estate professionals, and this Court has the inherent authority to revisit the retention order if the Examiner finds evidence of concealment or nondisclosure, whether intentional or negligent in nature);
- Mr. Ray's and S&C's denial of requests for separate counsel to subsidiaries FTX Europe and FTX EU (and perhaps others);
- Mr. Ray's and S&C's improper freeze of foreign subsidiaries' assets—including segregated customer funds held by FTX EU that are clearly not estate property;
- Allegations of threats made to—and/or dismissal of—subsidiary directors for their refusal to acquiesce with the Debtors' proposed actions that appeared to be inconsistent with the subsidiary directors' fiduciary duties under foreign law;
- The proposed FTX EU sale transaction, including misleading statements and/or omissions of material facts made by the Debtors in the FTX Europe Sale Motion; and
- S&C's apparent conflicts of interest in acting as counsel to both sides of the FTX EU sale transaction.[3]

In addition to the foregoing, the European Creditors also respectfully submit that any party—not just the United States Trustee, Debtors, and/or Creditors' Committee—should be permitted to make a proposal to the Court on both *who* should be considered for the Examiner appointment, and *what* the Examiner should ultimately investigate, including the time frame for

---

[3] *See B H & P, Inc.*, 949 F.2d 1300 (3d Cir. 1991).

Gibbons P.C.

The Honorable John T. Dorsey
January 24, 2024
Page 3

such investigation. Allowing other parties to be heard on these issues now would promote judicial economy, as opposed to leaving the door open for future motions for the appointment of a trustee or examiner if a party is dissatisfied with the scope of examination.

Not surprisingly, Mr. Ray and S&C would like to keep the scope, length and budget for completion of what should be an independent and thorough investigation at a minimum and have this be no more than a "check the boxes" endeavor. However, based upon the Third Circuit's Opinion, the Examiner's charter should not only include an investigation of Debtors' pre-petition conduct, but the actions and inactions that have been apparently undertaken by the Debtors' CRO/CEO and his counsel, both pre-and post-petition (notably, upon information and belief, S&C had been in place working with the Debtors *for months* prior to the filing of these chapter 11 cases). In order to preserve the integrity of the bankruptcy process, the Examiner should have unfettered access to the information so he or she can form their own independent opinion and report back to this Court and the parties. In this regard, we would respectfully submit that the ideal candidate would be a former Bankruptcy Judge who has the experience and professionals providing the necessary bandwidth and resources to independently examine the issues that require investigation.

Finally, the European Creditors respectfully suggest that the Court should take two steps to maintain the current *status quo*. First, it should place a temporary moratorium on any further actions by Mr. Ray or S&C against FTX Europe and FTX EU (including, but not limited to, any further attempts to remove or alter the composition of the respective boards of directors), or against the European Creditors individually. The moratorium should remain in place until (1) the Examiner can conduct his or her investigation and report back to the Court, and (2) the Court adjudicates the pending Motions to Dismiss. Second, the Court should refrain from considering the relief sought in the FTX Europe Sale Motion for the same time period in order that this proposed transaction in particular can be reviewed by the Examiner if in fact the Court ultimately finds it has subject matter jurisdiction to hear the Sale Motion.

Respectfully yours,

*/s/ Katharina Earle*

Katharina Earle
Director