## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Feb. 22, 2024 at 1:00 p.m. (ET)**<br>**Obj. Deadline: Feb. 7, 2024 at 4:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING A SCHEDULE FOR THE FTX EUROPE MOTIONS

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing a schedule (the "Proposed Schedule") for (a) the *Motion of Debtors For Entry of An Order (I) Authorizing and Approving (A) Entry Into, and Performance Under, the Share Purchase Agreement and (B) the Purchase and Sale of Certain Shares Free and Clear of Liens, Claims and Encumbrances and (II) Dismissing the Chapter 11 Cases of Certain Debtors Effective Upon the Earlier of the Closing or the Termination of the Share Purchase Agreement* [D.I. 5378] (the "FTX Europe Sale Motion"),

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

(b) the *Motion of Dr. Marcel Lötscher to Dismiss Bankruptcy Case of FTX Europe AG* [D.I. 4037] (the "Lötscher Motion"), and (c) the *Motion of Martha Lambrianou to Dismiss Bankruptcy Case of FTX EU Ltd.* [D.I. 5529] (the "Lambrianou Motion," together with the Lötscher Motion, the "Objector Motions" and collectively with the FTX Europe Sale Motion and the Lötscher Motion, the "FTX Europe Motions").  In support of the Motion, the Debtors respectfully state as follows:

### Preliminary Statement

1.      Recent developments require the Debtors to take discovery and investigate the facts and circumstances surrounding the Lötscher Motion and the Lambrianou Motion prior to substantively responding to them and determining the appropriate path forward with respect to the FTX Europe Sale Motion.  Given the interrelated facts and circumstances underlying the FTX Europe Motions, the Debtors believe a coordinated discovery and briefing schedule is necessary and appropriate to fully and efficiently prepare the three FTX Europe Motions for adjudication.

2.      The Debtors intended to confer with the movants and other parties-in-interest with respect to the Proposed Schedule prior to filing this Motion, and will do so prior to the hearing date in an attempt to agree on it.  Unfortunately, the Debtors are compelled to file this Motion now because counsel to Ms. Lambrianou declined to provide the Debtors an unconditional extension of time to respond to the Lambrianou Motion while the parties confer with respect to the Proposed Schedule.  There is no basis to require the Debtors to prematurely respond to a motion that has not even been noticed for a hearing date, and the Debtors seek an extension of that objection deadline as part of the Proposed Schedule.

3.      Dr. Marcel Lötscher, a former employee and director-elect of FTX Europe AG ("FTX Europe AG"), filed the Lötscher Motion seeking to dismiss the Chapter 11 Case of FTX Europe AG.  Within a week after the Debtors' filing of the FTX Europe Sale Motion (which subsumes and moots the relief requested in the Lötscher Motion), Ms. Martha Lambrianou

(together with Dr. Lötscher, the "Objectors"), the sole current director of FTX EU Ltd. ("FTX Cyprus"), filed the Lambrianou Motion seeking to dismiss the Chapter 11 Case of FTX Cyprus—the Debtor entity that, with the consent of the Swiss Administrator, was requesting Court authorization to sell its equity interests to FTX Trading.  Ms. Lambrianou's decision to file the Lambrianou Motion, without knowledge or consent of the shareholders of FTX Cyprus and the Debtors' management, raises significant concerns with respect to her role at FTX Cyprus, the Debtors' control over that entity, and her compliance with fiduciary duties—all of which must be investigated.  In addition, based on information reviewed by the Debtors, Ms. Lambrianou and other FTX Europe Entities personnel were aware that, prior to the Petition Date, significant volumes of fiat deposits of FTX Cyprus customers were being misdirected to non-segregated accounts of other Debtor entities.  This activity resulted in a significant shortfall of customer funds held by FTX Cyprus, which Ms. Lambrianou also proposed hiding from FTX Cyprus' reports to its regulator in Cyprus.

        4.      The Objectors appear to have joined forces in the latest attempt to interfere with, and disrupt, these Chapter 11 Cases.  The Objectors have pre- and post-petition relationships with each other and with the FTX Europe Entities.  They have retained the same counsel and the contents of their motions are virtually identical.   The Debtors are also suspicious of the relationships the Objectors have with Patrick Gruhn, Robin Matzke and Lorem Ipsum UG, the former equity owners of FTX Europe AG and the defendants in the adversary proceeding *FTX Trading Ltd. and Maclaurin Investments Ltd.* v. *Lorem Ipsum UG, Patrick Gruhn, Robin Matzke and Brandon Williams*, Adv. Pro. No. 23-50437 (JTD) (the "LI Parties"), who have filed their own motions to dismiss the Chapter 11 Cases of FTX Trading and Maclaurin Investments, Ltd.  The Debtors suspect all of this is being orchestrated by one or more of the LI Parties as a litigation

tactic in response to the $320 million adversary proceeding filed against the LI Parties.

5.      These Chapter 11 Cases are proceeding deliberately and methodically towards confirmation of a chapter 11 plan and towards the distribution of billions of dollars of recovery to customers and other victims.  The Objector Motions were filed *over a year* after the commencement of these Chapter 11 Cases in a deliberate attempt to delay and disrupt the Debtors' continued progress and to pressure the Debtors to settle the LI Parties' adversary proceeding.  The Objectors also jointly objected to the FTX Europe Sale Motion seeking to divest this Court of jurisdiction over certain Debtors (and, accordingly, over the Objectors and the LI Parties themselves) and to impede the Debtors' proposed sale transaction designed to maximize the value of the Debtors' estates.

6.      A reasonable schedule is required to permit the parties time for discovery into the relevant facts, and permit the Debtors to conduct an investigation into these circumstances and determine the path forward with respect to the FTX Europe Entities.  Only then should briefing with respect to the FTX Europe Motions proceed, and those motions be presented to the Court for adjudication.  The FTX Europe Entities are not necessary to—and additional time to adjudicate these motions will not delay—the Debtors' chapter 11 process as these entities are treated as "Excluded Entities" under the Debtors' proposed chapter 11 plan and excluded from the plan for all purposes.

7.      Accordingly, the Debtors request Court approval of the Proposed Schedule to coordinate litigation with respect to the FTX Europe Motions.  The Debtors reserve all rights with respect to the sequencing of any hearings with respect to the FTX Europe Motions.

## **Background**

8.      On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief

under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Committee").

9.    Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

### Facts Specific to the Relief Requested

10.    On October 27, 2023, the LI Parties filed the *Motion of Patrick Gruhn, Robin Matzke and Lorem Ipsum UG to Dismiss Bankruptcy Case of Maclaurin Investments, Ltd.* [D.I. 3399] and the *Motion of Patrick Gruhn, Robin Matzke and Lorem Ipsum UG to Dismiss Bankruptcy Case of FTX Trading Ltd.* [D.I. 3400] (collectively, the "LI Parties' Motions").[2]

11.    On November 17, 2023, Dr. Marcel Lötscher filed the Lötscher Motion, seeking to dismiss the Chapter 11 Case of FTX Europe AG.  No hearing date was noticed for the Lötscher Motion.

---

[2]    The LI Parties' Motions are fully briefed and not subject to this Motion.  If the Debtors and the LI Parties cannot agree on a prompt hearing date, the Debtors will be requesting assistance from the Court to set one.

12.     On January 4, 2024, the Debtors filed the FTX Europe Sale Motion, seeking Court authorization, among other things, for FTX Europe AG to sell, and for FTX Trading to purchase, its equity interests of FTX Cyprus and Debtor FTX Switzerland GmbH ("FTX Switzerland"), and upon the earlier of the closing or the termination of the proposed sale, dismissal of the Chapter 11 Cases of FTX Europe AG, FTX Certificates GmbH, FTX Crypto Services Ltd, FTX Structured Products AG and FTX Trading GmbH (together with FTX Cyprus and FTX Switzerland, the "FTX Europe Entities").

13.     Because the FTX Europe Sale Motion requested the same relief as the Lötscher Motion—dismissal of the chapter 11 case of FTX Europe AG—the Debtors filed the *Debtors' Objection to the Motion of Dr. Marcel Lötscher to Dismiss the Bankruptcy Case of FTX Europe AG* [D.I. 5428] on January 5, 2024, requesting that the Court deny the Lötscher Motion without prejudice, or in the alternative, to adjourn, and defer consideration, of it until after resolution of the FTX Europe Sale Motion. The Debtors reserve all rights to respond to the substance of the meritless Lötscher Motion, as necessary.

14.     On January 10, 2024, Ms. Lambrianou filed the Lambrianou Motion seeking to dismiss the Chapter 11 Case of FTX Cyprus. No hearing date was noticed for the Lambrianou Motion.

15.     On January 12, 2024, Dr. Lötscher filed the *Reply of Dr. Marcel Lötscher in Support of Motion to Dismiss Bankruptcy Case of FTX Europe AG* [D.I. 5685], objecting to, among other things, the Debtors' request that the Court consider the FTX Europe Sale Motion first.

16.     On January 18, 2024, the Objectors filed the *Joint Objection of Dr. Marcel Lötscher and Martha Lambrianou to the FTX Europe Sale Motion* [D.I. 5957] (the "Joint

Objection"). The Joint Objection seeks to divest the Court of subject matter jurisdiction over the FTX Europe Entities, and, in the alternative, argues that the Sale Transaction should not be approved.

**Jurisdiction**

17. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein is section 105 of the Bankruptcy Code, Bankruptcy Rules 9006 and 9014 and Local Rule 9006-1. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

18. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, establishing the Proposed Schedule in connection with the FTX Europe Motions.

**Proposed Schedule**

19. The Debtors proposed the following schedule:

| EVENT | DEADLINE |
|---|---|
| Completion of Fact Discovery | Friday, March 29, 2023 |
| Deadline to Exchange Any Expert Witness Disclosures and Reports | Friday, April 5, 2023 |
| Completion of Any Expert Discovery | Friday, April 19, 2023 |
| Objections or Responses to any of the FTX Europe Motions | Friday, April 26, 2023 |
| Replies to Objections/Responses to any of the FTX Europe Motions | Wednesday, May 10, 2023 |

| Evidentiary Hearing on FTX Europe Motions[3] | On or after May 13, 2023 as scheduled by the Court |
|---|---|

## Basis for Relief

**I.     This Court Has Broad Discretion and Inherent Power to Approve the Proposed Schedule.**

20.     This Court has broad discretion and inherent power to manage its own docket. *See*, *e.g.*, *Gold* v. *Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (stating every court has inherent power to "schedule disposition of the cases on its docket so as to promote fair and efficient adjudication"); *Remington Arms Co.* v. *Liberty Mut. Ins. Co.*, 748 F. Supp. 1057, 1061 (D. Del. 1990) (reiterating that every court has inherent power "to schedule disposition of the cases on its docket"); *see also Casse* v. *Key Bank Nat'l Ass'n* (*In re Casse*), 198 F.3d 327, 336 (2d Cir. 1999) ("Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief."). This Court also has authority under section 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). "Section 105 specifically codifies what are traditionally called 'inherent powers' to give the bankruptcy courts the necessary ability to manage the cases on their docket." *Copley Press, Inc.* v. *Peregrine Sys., Inc.* (*In re Peregrine Sys. Inc.*), 311 B.R. 679, 690 (D. Del. 2004) (footnote omitted).

21.     Approval of the Proposed Schedule will assist this Court with management of the docket of these Chapter 11 Cases and should be approved. The Proposed Schedule will permit the Debtors and the Objectors to seek, respond to, and obtain necessary discovery and timely and efficiently address all issues related to the FTX Europe Motions. The schedule is

---

[3]     The Parties' rights are reserved with respect to the sequencing of the Court's consideration of the FTX Europe Motions, which shall be addressed following discovery.

appropriate given the scope of the disputed issues.  Among other things, the Debtors must investigate the pre- and post-petition conduct of, and relationships between, Ms. Lambrianou, Dr. Marcel Lötscher and the LI Parties in order to determine whether to move forward with the proposed sale transaction and dismissals of the Chapter 11 Cases of the FTX Europe Entities.  The Objectors have stated they intend to pursue discovery with respect to the FTX Europe Motions as well.

22.    The Proposed Schedule complies with the briefing, notice and timing requirements under the applicable Bankruptcy Rules and the Local Rules and does not alter or affect the substance of the pleadings filed by the Debtors or the Objectors.  Coordinating the FTX Europe Motions will promote efficiency and resolution of issues without unnecessarily interfering with issues more central to the successful resolution of these Chapter 11 Cases.  Moreover, the Proposed Schedule will not prejudice any interested party, as it expressly contemplates discovery and affords appropriate procedural protections.  As noted above, the Debtors will continue to try to meet and confer with the Objectors regarding the Proposed Schedule in advance of the hearing on this Motion.

23.    Similar schedules have been proposed in other chapter 11 cases in this district to encourage efficiency and provide for expeditious resolution of disputes.  *See, e.g., In re Zohar III, Corp.,* Case No. 18-10512 (KBO) (Bankr. D. Del. Feb. 8, 2022) [D.I. 3059] (motion seeking discovery deadlines, hearing dates and filing deadlines with respect to a claimant's proof of claim and related adversary complaint); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. Jul. 2, 2015) [D.I. 6152] (motion seeking discovery, deposition and filing deadlines in connection with motion to determine certain tax claims that was resolved consensually among the parties).  The Debtors respectfully request that the Court exercise its

discretion and its inherent power to approve the Proposed Scheduling.

**II.      Cause Exists to Extend the Debtors' Deadline to Respond to the Lambrianou Motion.**

24.     The Court "for cause shown may at any time in its discretion . . . with or without motion or notice" extend unexpired time periods.  Fed R. Bankr. P. 9006(b)(1).  The Debtors submit that sufficient "cause" exists to extend their time to respond to the Lambrianou Motion.[4]  The Lambrianou Motion was filed a week after the Debtors' FTX Europe Sale Motion by the sole current director of FTX Cyprus, and raises potential concerns for the Debtors in administering that case and proceeding with the proposed sale transaction.  Among other things, the FTX Europe Sale Motion seeks authorization for FTX Europe AG to sell its equity interests in FTX Cyprus to FTX Trading.  Following the Lambrianou Motion, which was filed without knowledge or consent of the shareholders of FTX Cyprus or the Debtors' management, the Debtors must investigate the current corporate governance situation, the conduct of Ms. Lambrianou and other related issues with respect to FTX Cyprus before determining whether or not to proceed with the proposed sale and if so, whether to revise any of the terms of the sale or the relief requested in the FTX Europe Sale Motion.  Because the Lambrianou Motion (like the Lötscher Motion) has not been noticed or otherwise scheduled for a hearing, no party will be prejudiced by granting the Debtors an extension of the time to respond.  Accordingly, the Debtors submit that sufficient cause exists for this Court to grant the Debtors an extension of the time to respond to the Lambrianou Motion, consistent with the Proposed Schedule.

**Notice**

25.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the

---

[4]     Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Debtors' time to respond to the Lambrianou Motion extends the Debtors' time to respond until the Court acts on the Motion without the necessity for entry of a bridge order.

Objectors; (c) the Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated:  January 24, 2024
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
        bromleyj@sullcrom.com

gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*