# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| ALAMEDA RESEARCH LTD. and FTX TRADING LTD.,<br><br>Plaintiffs,<br><br>- against -<br><br>PLATFORM LIFE SCIENCES INC., LUMEN BIOSCIENCE, INC., GREENLIGHT BIOSCIENCES HOLDINGS, PBC, RIBOSCIENCE LLC, GENETIC NETWORKS LLC, 4J THERAPEUTICS INC., LATONA BIOSCIENCES GROUP, FTX FOUNDATION, SAMUEL BANKMAN-FRIED, ROSS RHEINGANS-YOO, and NICHOLAS BECKSTEAD,<br><br>Defendants. | Adv. Pro. No. 23-50444 (JTD) |

**ORDER (A) AUTHORIZING PLAINTIFFS TO ENTER INTO THE STIPULATION WITH PLATFORM LIFE SCIENCES, INC., (B) APPROVING THE STIPULATION, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Alameda Research Ltd. and FTX Trading Ltd. (together, "Plaintiffs"), for entry of an order (this "Order") (a) authorizing Plaintiffs to enter

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

into the Stipulation, which is attached hereto as Exhibit 1, (b) approving the Stipulation, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Plaintiffs and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Plaintiffs are authorized to enter into the Stipulation.

3. The terms of the Stipulation are approved in their entirety.

4. The failure to specifically include or reference any particular term or provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such term or provision.

5. The Plaintiffs are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

7. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: ____________________
Wilmington, Delaware

________________________________________
The Honorable John T. Dorsey
United States Bankruptcy Judge

# Exhibit 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| ALAMEDA RESEARCH LTD. and FTX TRADING LTD.,<br><br>Plaintiffs,<br><br>- against -<br><br>PLATFORM LIFE SCIENCES INC., LUMEN BIOSCIENCE, INC., GREENLIGHT BIOSCIENCES HOLDINGS, PBC, RIBOSCIENCE LLC, GENETIC NETWORKS LLC, 4J THERAPEUTICS INC., LATONA BIOSCIENCES GROUP, FTX FOUNDATION, SAMUEL BANKMAN-FRIED, ROSS RHEINGANS-YOO, and NICHOLAS BECKSTEAD,<br><br>Defendants. | Adv. Pro. No. 23-50444 (JTD) |

**STIPULATION**

This stipulation ("Stipulation") is being entered into between Alameda Research Ltd. and FTX Trading Ltd. (together, "Plaintiffs"), Platform Life Sciences, Inc. (also known as Purpose Life Sciences, Inc.), incorporated in British Columbia, Canada ("PLS Canada"), and its wholly-

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

owned subsidiary Platform Life Sciences, Inc., incorporated in Delaware ("PLS Delaware"). Plaintiffs, PLS Canada, and PLS Delaware are each a "Party" and collectively, the "Parties."

**WHEREAS**, on November 11, 2022, Plaintiffs each filed petitions for voluntary relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases" and each a "Chapter 11 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are being jointly administered in the case captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.);

**WHEREAS**, on July 19, 2023, Plaintiffs commenced Adversary Proceeding No. 23-50444 (the "Adversary Proceeding") in the Bankruptcy Court against PLS Canada and others by filing a complaint [D.I. 1], which Plaintiffs subsequently amended [D.I. 73] on December 22, 2023. Plaintiffs assert in the Adversary Proceeding, among other things, certain fraudulent transfer claims (the "Claims") that sought to avoid certain transfers made to PLS Canada;

**WHEREAS**, the Parties have been engaged in good-faith, arm's-length negotiations about resolving the Claims;

**WHEREAS**, in order to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to effect a final settlement and resolution of the Claims asserted against PLS Canada in the above-referenced Adversary Proceeding; and

**WHEREAS**, Plaintiffs, in the exercise of their business judgment, have concluded that final settlement and resolution of the Claims against PLS Canada in the Adversary Proceeding in accordance with the terms of this Stipulation is in the best interest of Plaintiffs, their creditors and other stakeholders.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1. **Settlement Payment**. PLS Canada will pay to the Plaintiffs the sum of sixteen million dollars ($16,000,000) in U.S. dollars (the "Settlement Amount") within thirty (30) days after the later of (i) the Effective Date (as defined below) and (ii) PLS Canada's receipt of payment instructions and such additional information as is necessary for PLS Canada to properly disburse, record and account for the payment, all to be provided by the Plaintiffs.

2. **Bankruptcy Court Approval**. This Stipulation among the Parties is subject in all respects to the approval of the Bankruptcy Court. Plaintiffs shall file a motion, in a form reasonably acceptable to PLS Canada and PLS Delaware, seeking approval of the Stipulation (the "Approval Motion") within fourteen (14) days following execution of this Stipulation by all Parties. In the event that the Bankruptcy Court declines to approve this Stipulation, or the order approving the Stipulation (the "Approval Order") does not become final and non-appealable, this Stipulation shall become null and void and of no further force and effect.

3. **Effective Date**. The terms of this Stipulation shall be effective upon the Approval Order becoming final and non-appealable (the "Effective Date").

4. **Dismissal With Prejudice**. Within five (5) business days of receipt by the Plaintiffs of the Settlement Amount from PLS Canada in accordance with paragraph 1, Plaintiffs shall file with the Bankruptcy Court a notice of dismissal with prejudice of the Claims against PLS Canada in the Adversary Proceeding (the "Notice of Dismissal").

5. **Release of Claims by PLS Canada and PLS Delaware**. Upon the filing of the Notice of Dismissal set forth in paragraph 4, PLS Canada and PLS Delaware release, waive, discharge, settle, and compromise any claims, causes of actions, liens, rights and remedies they have, had or may have against Plaintiffs, their directors, officers, employees, affiliates, representatives, agents, attorneys and advisors arising out of or relating to the Claims, whether

known or unknown, liquidated or unliquidated, contingent or non-contingent; provided, however, that the foregoing shall not release any obligations under or claim for breach of this Stipulation.

6. **Release of Claims by Plaintiffs**. Upon the filing of the Notice of Dismissal set forth in paragraph 4, Plaintiffs release, waive, discharge, settle, and compromise any claims, causes of actions, liens, rights and remedies they have, had or may have against PLS Canada and PLS Delaware, their directors, officers, employees, affiliates, representatives, agents, attorneys and advisors arising out of or relating to the Claims, whether known or unknown, liquidated or unliquidated, contingent or non-contingent; provided, however, that the foregoing shall not release any obligations under or claim for breach of this Stipulation.

7. **Express Preservation of Claims by the Plaintiffs**. For the avoidance of doubt, notwithstanding the foregoing, the releases of claims shall not include those claims asserted by the Plaintiffs against any defendants in the Adversary Proceeding other than PLS Canada and PLS Delaware.

8. **Discovery**. Following execution of this Stipulation by all Parties, the Parties agree to hold in abeyance all party discovery in the Adversary Proceeding pending Bankruptcy Court approval as set forth in paragraph 2.

9. **Reservation of Rights**. Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

10. **No Admission of Wrongdoing**. This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

11. **Good Faith and Understanding**. The Parties expressly represent and warrant that this Stipulation is given in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation. The Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

12. **Cooperation**. Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court and entry of the Approval Order, and to effectuate its terms.

13. **Counterparts**. The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

14. **Jurisdiction and Choice of Law**. The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation. This Stipulation shall be governed by the laws of the State of Delaware. In the event that the Bankruptcy Court declines to approve this Stipulation, or the Approval Order does not become final and non-appealable, nothing contained herein shall constitute a consent to jurisdiction by PLS Canada in the Adversary Proceeding, or a waiver of any Parties' rights with respect to such jurisdictional issues.

**AGREED BY**:

January 18, 2024

Stephanie G. Wheeler

**SULLIVAN & CROMWELL LLP**

Stephanie G. Wheeler (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: wheelers@sullcrom.com
gluecksteinb@sullcrom.com

*Counsel for Plaintiffs*

*/s/* James O'Neill

**PACHULSKI STANG ZIEHL & JONES LLP**

James E. O'Neill (DE Bar No. 4042)
Alan J. Kornfeld (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
Tavi C. Flanagan (admitted *pro hac vice*)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899
Telephone: (302) 778-6407
Email: joneill@pszjlaw.com
akornfeld@pszjlaw.com
dgrassgreen@pszjlaw.com
tflanagan@pszjlaw.com

*Counsel for PLS Canada and PLS Delaware*