**Exhibit B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref No. ~~____~~ 5202 |

## ORDER GRANTING MOTION OF DEBTORS TO ESTIMATE CLAIMS BASED ON DIGITAL ASSETS

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (the "Order") estimating Claims based on Digital Assets and fiat currency, including Customer Entitlement Claims, based on the amounts set forth in the Digital Assets Conversion Table for the purposes of any plan in these Chapter 11 Cases; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. ~~The Debtors are authorized~~Pursuant to ~~determine~~11 U.S.C. § 502(c), the Court estimates for the purposes of solicitation, voting and distribution, the value of Claims based on Digital Assets and fiat currency, ~~for the purposes of~~ including Customer Entitlement Claims, for any plan proposed or confirmed in these Chapter 11 Cases~~,~~ to be based on the values set forth in the Digital Assets Conversion Table attached hereto as <u>Exhibit 1</u>.

3. Nothing contained in the Motion or any actions taken pursuant to this Order are intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, ~~or~~ (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law~~.~~; or (g) limiting, impairing or modifying the right of any contract counterparty, pursuant to the Bankruptcy Code, to assert

-2-

4869-0789-0335 v.3

claims and damages, and affix the amount of such damages, resulting from the rejection by the Debtors of a validly executed executory contract.

4. Nothing in the Motion or this Order constitutes a ruling or finding of fact regarding whether Digital Assets, including NFTs, or fiat currency claimed by customers as of the Petition Date are property of the Debtors' estates, and all parties' rights in this regard are expressly reserved.

5. Nothing in the Motion, this Order or the Digital Asset Conversion Table, or any evidence offered in support of the foregoing, shall alter, affect, determine or estimate the value of any equity interests or the rights of any holders of any equity interests in any of the Debtors. The values of the Digital Assets numbered as 509 – 521 in the Digital Asset Conversion Table (i) shall represent only the incremental value of such Digital Assets independent of any value that may be ascribed to such Digital Assets as a result of value ascribed to equity interests in the Debtors (if any such value or rights with respect thereto shall exist), (ii) shall not represent the value of any underlying equity interest in any Debtor, and (iii) shall not constitute a determination that holders of any such Digital Asset, or any other instrument treated in the Motion, the Order, or the Digital Asset Conversion Table, hold any rights as holders of or associated with equity interests in any of the Debtors or any value ascribed thereto. All parties' rights are reserved with respect to the value and validity of any equity interests in any of the Debtors. Notwithstanding anything in the Motion, this Order or the Plan (including any definitions therein), no equity interests in any Debtor shall constitute a "Digital Asset" as such term is used in such documents or related documents, and no changes to the definitions in the Plan shall affect the reservations set forth in this paragraph 5.

6. In the event that the Plan is modified such that there would be an operating exchange utilizing FTT as a utility token following confirmation of such Plan, nothing in the

Motion, this Order or the Digital Asset Conversion Table, or any evidence offered in support of the foregoing, shall alter, affect, determine or estimate the value of FTT, and all parties' rights in such circumstances are expressly reserved.

7. Notwithstanding anything to the contrary in the Motion or this Order, nothing in the Motion, this Order or the Digital Asset Conversion Table, or any evidence offered in support of the foregoing, shall determine the classification of FTT under any plan, and all parties' rights in this regard are expressly reserved.

8. Notwithstanding anything to the contrary in the Motion or this Order, nothing in the Motion, this Order or the Digital Asset Conversion Table, or any evidence offered in support of the foregoing, shall alter, affect, determine or estimate the value of any Claim arising under section 502(h) of the Bankruptcy Code.

~~3.~~9. For the avoidance of doubt, certain MAPS, OXY, and SRM Digital Assets noted as "TBD" in the Digital Assets Conversion Table are excluded from this Order with all rights reserved and will be addressed by further order of the Court.

~~4.~~10. The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

~~5.~~11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____, 2024
Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

-4-

Case 22-11068-JTD    Doc 6728-2    Filed 01/28/24    Page 6 of 6

# EXHIBIT 1

## Digital Assets Conversion Table

4869-0789-0335 v.3