## EXHIBIT C

**Mosley Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF EDGAR W. MOSLEY II IN SUPPORT OF MOTION**
**OF DEBTORS TO ESTIMATE CLAIMS BASED ON DIGITAL ASSETS**

I, Edgar W. Mosley II, hereby declare under penalty of perjury:

1.      I am a Managing Director at Alvarez & Marsal North America, LLC

("A&M"), a restructuring advisory services firm specializing in interim management, crisis

management, turnaround consulting, operational due diligence, creditor advisory services, and

financial and operation restructuring.

2.      I have more than 20 years of restructuring and distressed investment

experience across various industries, including oil & gas, manufacturing, transportation,

automotive, retail, industrial construction, telecommunications, healthcare, and consumer

products.  I have a Bachelor's Degree from Harvard University, and have been recognized as a

Certified Insolvency and Restructuring Advisor by the Association of Insolvency and

Restructuring Advisors, where I served on the board from 2019 until 2020.

3.      Since joining A&M, I have been involved in numerous Chapter 11

restructurings, including Seadrill Limited (2020 and 2017), Valaris plc, Diamond Offshore

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Drilling, Inc., Imerys Talc America, White Star Petroleum, Southcross Energy, Magnum Hunter Resources, Exide Technologies (where I served as the Chief Restructuring Officer), and Visteon Corporation.

4.     I submit this declaration (the "Declaration") in support of the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "Motion") and the reply in further support thereof (the "Reply").[2]  I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors").

5.     Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by A&M professionals involved in advising the Debtors in the above-captioned case (the "Chapter 11 Cases") or information provided to me by the Debtors.  If called upon to testify, I could and would testify to the facts set forth herein on that basis.  I am authorized to submit this Declaration on behalf of the Debtors.

6.     I believe that liquidation of Claims based on Digital Assets would unduly delay these Chapter 11 Cases.  The Debtors have over 2 million[3] scheduled Claims and over 87,000[4] filed Claims that include at least a single Digital Asset (excluding NFTs) and/or fiat currency.  These Claims are scheduled and filed almost exclusively in *quantities* only, and do not contain any U.S. dollar value.

---

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion or the Reply, as applicable.

[3]    Based on amended schedules filed in January 2024.

[4]    As of December 26, 2023.

7.      Further, while almost 60% of the *value* of scheduled Claims based on assets set forth in the Digital Assets Conversion Table are on account of fiat or stablecoins, approximately 79% of all scheduled Claims that are based on assets set forth in the Digital Assets Conversion Table include assets that are *not* fiat or stablecoins, and thus are not readily converted to U.S. dollar values.    I believe that liquidating every one of these Claims based on Digital Assets on an individual basis would take years, because it would subject the Debtors to the cost and burden of an individual claims adjudication process with every holder of a Claim based on Digital Assets.    If only a portion of these Claims are contested, the Debtors and the Court will be inundated with the burden of costly and time consuming litigation to value Claims based on Digital Assets.    The absence of a streamlined, uniform process would be administratively prohibitive and could also result in different values for the same Digital Assets applied to different Claims.

8.      My view is that having the dollarized value of Claims based on Digital Assets determined prior to solicitation and voting on the Plan is important.    This will allow the Disclosure Statement and solicitation materials to most accurately reflect Claim amounts and estimated recoveries, and permit creditors to make an informed decision when voting on the Plan. This requires concrete information, which is not possible for Claims based on Digital Assets until values have been assigned to those Digital Assets.    The Debtors also need to be able to size appropriate reserves, which include reserves based on Claims based on Digital Assets and fiat currency, and thus requires valuing such Claims.    To the extent the Debtors are required to individually liquidate all Claims based on Digital Assets, I believe that solicitation, voting, the entire plan confirmation process and distributions to creditors would be unduly and unjustifiably delayed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 28, 2024

*/s/ Edgar W. Mosley II*
Edgar W. Mosley II
Alvarez & Marsal North America, LLC
Managing Director