# APPENDIX 1

# CHART OF OBJECTIONS AND RESPONSES TO THE MOTION[1]

The following chart summarizes the objections filed in response to the Motion and either (i) provides a cross-reference to where the Debtors have responded to the objection in the Reply or (ii) responds thereto. Due to the volume of responses, the Debtors have done their best to group objections together where different objections have the same bases. Additionally, certain objections may be listed in more than one row, indicating that the objection had multiple bases. Finally, rows 1 & 2 represent form objections (or objections substantially similar to the form objections) that were filed. To the extent other objections raise the same or certain of the same arguments but are not the same form, the Debtors have not re-listed those arguments with respect to the non-form objections.

The Debtors have done their best to accurately summarize the objections and to provide responses to their key points. The omission of a response to an objection should not be taken as a waiver of the Debtors' arguments. The Debtors reserve the right to supplement the Reply with argument live at the hearing.

| Objecting Party and/or Docket No. | Objection | Reply |
|---|---|---|
| 5274, 5388, 5390, 5417, 5424, 5425, 5433, 5441, 5449, 5450, 5451, 5452, 5454, 5456, 5459, 5460, 5474, 5475, 5477, 5492, 5493, 5494, 5496, 5500, 5501, 5502, 5503, 5508, 5511, 5512, 5523, 5527, 5528, 5530, 5533, 5535, 5536, 5537, 5541, 5584, 5588, 5591, 5596, 5680*, 5788*, 5902*, 5904*, 5938*, 5940*, 5942*, 5944*, 5945*, 5946*, | • The Motion ignores the Terms of Service, which provides that Digital Assets held in accounts on the exchange are customers' property.<br>• The Ad Hoc Committee does not represent the interests of creditors with claims denominated in specific cryptocurrency assets. | • As explained in the Reply (¶¶ 63-65) and set forth in the revised proposed Order, all parties' rights with respect to the ownership of Digital Assets are reserved. |

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Reply or the relevant objection, as applicable.

\* Indicates that an objection was filed after the objection deadline.

| **Objecting Party and/or Docket No.** | **Objection** | **Reply** |
|---|---|---|
| 5947*, 5948*, 5949*, 5951*, 6120*, 6122*, 6127*, 6128*, 6526* | | |
| 5392, 5394, 5395, 5404, 5406, 5408, 5411, 5412, 5422, 5423, 5457, 5476, 5479, 5480, 5481, 5482, 5483, 5487, 5491, 5513, 5514, 5517, 5534, 5539, 5585, 5586, 5590, 5593, 5595, 5664*, 5671*, 5677*, 5682*, 5905*, 5906*, 5941*, 5943*, 6139*, 6140* | <ul><li>Valuing Digital Assets as of the Petition Date is unfair. Rather, Digital Assets should be valued at their current fair market value.</li><li>Estimation leads to disparate treatment based on the type of asset held due to differences in subsequent price trajectories. For example, the objectors appreciate the methodology as applied to FTT, SRM, MAPS and OXY but the same should not be applied to BTC, ETH and SOL.</li><li>Use of Petition Date value despite appreciation encourages subordinated creditors to try to delay the case and "opportunistically come after the estate" as happened in the Mt. Gox case.</li></ul> | <ul><li>As explained in the Reply (¶¶ 63-65) and set forth in the revised proposed Order, all parties' rights with respect to the ownership of Digital Assets are reserved.</li><li>The Debtors respond to arguments regarding valuing Digital Assets at a time other than the Petition Time in paragraphs 11-19 of the Reply.</li><li>The Debtors respond to arguments regarding analogies to the Mt. Gox bankruptcy case in paragraph 69 of the Reply.</li></ul> |
| 5391, 5396, 5413, 5477, 5489, 5493, 5498, 5531, 5659*, 5672*, 5785*, 5786*, 5789*, 5953*, 6132*, 6134*, 6141*, 6162* | <ul><li>Digital Assets should be valued at current market prices.</li></ul> | <ul><li>The Debtors respond to arguments regarding valuing Digital Assets at a time other than the Petition Time in paragraphs 11-19 of the Reply.</li></ul> |
| 5389, 5413, 5414, 5436, 5447, 5448, 5485, 5495, 5498, 5499, 5532, 5587, 5589, 5625, 5659*, 5661*, 5662, 5665*, 5672*, 5674*, 5679*, | <ul><li>Digital Assets are customer property and/or Digital Assets should be returned in-kind.</li></ul> | <ul><li>As explained in the Reply (¶¶ 63-65) and set forth in the revised proposed Order, all parties' rights with respect to the ownership of Digital Assets are reserved.</li></ul> |

| Objecting Party and/or Docket No. | Objection | Reply |
|---|---|---|
| 5681, 5684, 5690*, 5782*, 5786*, 5939*, 5950*, 5952*, 6124*, 6125*, 6126* | | |
| 5390, 5396, 5449, 5499, 5532, 5589, 5662, 5672*, 5785*, 5953*, 6125*, 6132*, 6134*, 6141* | • Valuation methodology and/or return from investment of customer funds disproportionately benefits Alameda Research, FTX VCs, FTX shareholders and/or claim buyers of unsecured noncustomer claims. | • As explained in the Reply (¶¶ 63-65) and set forth in the revised proposed Order, all parties' rights with respect to the ownership of Digital Assets are reserved.<br>• The Debtors respond to arguments regarding valuing Digital Assets at a time other than the Petition Time in paragraphs 11-19 of the Reply. |
| 5532 | • Digital Assets should be valued at the price they were sold by the estates. | • The Debtors respond to arguments regarding valuing Digital Assets at a time other than the Petition Time in paragraphs 11-19 of the Reply. |
| 5662*, 6125* | • If Digital Assets are dollarized, they should be dollarized on a date between March 20 and October 20, 2023 or, if on the Petition Date, at 9 a.m. ET rather than 10 a.m. ET. | • The Debtors respond to arguments regarding valuing Digital Assets at a time other than the Petition Time in paragraphs 11-19 of the Reply. |
| 5765* | • Digital Assets should be valued based on the average price of the purchase date/bankruptcy date to the date of determination of the liquidation scheme. | • The Debtors respond to arguments regarding valuing Digital Assets at a time other than the Petition Time in paragraphs 11-19 of the Reply. |
| 5785*, 6132*, 6134*, 6141* | • If Claims are not valued at prevailing market prices, Digital Assets should be valued at the 1-year average price preceding the petition date (*i.e.*, November 11, 2021 to November 11, 2022). | • The Debtors respond to arguments regarding valuing Digital Assets at a time other than the Petition Time in paragraphs 11-19 of the Reply. |

4889-6977-3215 v.2

| Objecting Party and/or Docket No. | Objection | Reply |
|---|---|---|
| 5953* | • If Claims are not valued at prevailing market prices:<br>　o Proposes employing a rolling valuation window based on market prices within a defined time-frame closer to the bankruptcy date to capture a more accurate representation of asset value.<br>　o Proposes employing an independent pricing mechanism, free from potential manipulation by the Debtors, to ensure fair market assessment.<br>　o Proposes implementing an auction for customer claims that would allow open market competition to determine their true value, potentially securing higher returns for customers. | • The Debtors respond to arguments regarding valuing Digital Assets at a time other than the Petition Time in paragraphs 11-19 of the Reply. |
| 5418, 5522, 5538, 5663*, 5673*, 6136* | • TRX, BTT, JST, SUN and/or HT must be valued using the Debtors' exchanges' prices rather than external prices. | • The Debtors respond to this argument in paragraphs 50-52 of the Reply. |
| 5427, 5436, 5488* | • FTT still has value in the current market, FTT is not equity, FTT was assigned value in the Celsius bankruptcy case and/or FTT had value as of the Petition Date. | • The Debtors respond to arguments regarding the value of FTT in paragraphs 38-42 of the Reply.<br>• Additionally, as explained in the Reply (¶ 42), the revised proposed Order reserves rights on the value of FTT to the extent the Plan is modified such that there would be an operating exchange utilizing FTT as a utility token following confirmation of such Plan. |
| 5414 | • Liquidating Claims would not unduly delay the Chapter 11 Cases. | • The Debtors respond to this argument in paragraphs 21-26 of the Reply. |

4889-6977-3215 v.2

| Objecting Party and/or Docket No. | Objection | Reply |
|---|---|---|
| 5532, 5662, 5665*, 5690*, 6125* | • The Debtors should re-launch the exchanges. | • This is a premature Plan objection. |
| 5782* | • The Debtors should not re-launch the exchanges. | • This is a premature Plan objection. |
| 5939* | • Objector drafted a plan based on recovery tokens to make customers whole with a reboot of FTX in case of a shortfall of assets, but none of these ideas ended up in the Plan.<br><br>• Digital Assets do not belong to the estate. Sam Bankman-Fried should be put back in charge to return assets to customers. | • These are premature Plan objections. |
| 5672* | • The Debtors did not provide adequate notice of the Motion. | • The Debtors respond to this argument in paragraphs 66-68 of the Reply. |
| 5497, 5675* | • No basis provided. | • The Debtors refer to the Reply generally in response. |
| Nugenesis Ou and Nugenesis PY LTD (Hussein Faraj) [D.I. 5420] | • Assets were held in custody by the Debtors.<br><br>• Dislocated market caused by alleged illegal activities of the Debtors artificially suppressed prices.<br><br>• If valued as of the Petition Date, assets should be valued without further discounts. Application of valuation methodologies was selective, which undermines integrity of valuation process.<br><br>• NuGenesis exposed alleged criminal activities of Sam Bankman-Fried and his associates related to FTX. This investigation demonstrated that if the Debtors were to focus on existing assets, including clawbacks, the Debtors would realize a surplus. | • The Debtors respond to these arguments in paragraphs 60-62 of the Reply.<br><br>• The assertion of rights regarding any contracts governing any relationship between the Debtors and Nugenesis Ou and Nugenesis PY LTD is not at issue in the Motion. |

| **Objecting Party and/or Docket No.** | **Objection** | **Reply** |
|---|---|---|
| | The rush to devalue cryptocurrency is thus unjustified.<br><br>• Failure to recognize the investment in Nucoin or the services it provides as a service coin undervalues the asset.<br><br>• Nucoin is not property of the Debtors but was provided on a loan basis.<br><br>• Nugenesis Ou and Nugenesis PY LTD also assert certain rights under the alleged contract governing the loan of Nucoin to certain of the Debtors. | |
| Yurii Maruda<br>[D.I. 5446, 5542] | • TLRY stocks on the Debtors' exchange show an artificial decline notwithstanding that the price of the same stock was stable on other exchanges such as NASDAQ.<br><br>• The Debtors' website indicated that trading of tokenized stocks was through a regulated financial firm.<br><br>• It was inappropriate for Professor Howell to have used external sources for pricing crypto assets but internal sources for pricing tokenized stocks. | • The Debtors respond to these arguments in paragraphs 57-59 of the Reply. |
| Max Bodoia<br>[D.I. 5594] | • Tokenized stocks are differently situated than other Digital Assets because the institutional counterparty was not the Debtors.<br><br>• Whether this counterparty was holding the tokenized stock in trust should be determined before the Motion can proceed on tokenized stocks. | • The Debtors respond to these arguments in paragraphs 57-59 of the Reply. |

4889-6977-3215 v.2

| **Objecting Party and/or Docket No.** | **Objection** | **Reply** |
|---|---|---|
|  | - Holders of tokenized stocks had expectation that there would be real assets held with a regulated broker-dealer. The valuation methodology in the Motion disregards the unique nature of these products and instead treats them identically to other Digital Assets.<br><br>- If such holdings exist or existed at the Petition Date, holders are entitled to the present value of the holdings.<br><br>- If such holdings do or did not exist, the counterparty is in violation of its own terms of service.<br><br>- The Ad Hoc Committee does not represent holders of tokenized stocks. |  |
| Boba Foundation [D.I. 5601] | - Estimation motion should not be heard until the Debtors establish rights in BOBA pursuant to a duly filed adversary proceeding.<br><br>- Estimation is not necessary because the Boba Foundation's Claim is neither contingent nor unliquidated.<br><br>- The Boba Foundation's Claim is immaterial to the Plan and will not unduly delay the bankruptcy case or consideration of the Plan.<br><br>- Estimation should be for solicitation and voting only.<br><br>- The Boba Foundation would like the opportunity to review and challenge the value for BOBA in the Digital Assets Conversion Table. | - The Debtors respond to the Boba Foundation's arguments in paragraphs 25, 29, 32, 33-37, 63-65, and 69 of the Reply. |

4889-6977-3215 v.2

| **Objecting Party and/or Docket No.** | **Objection** | **Reply** |
|---|---|---|
| Auros Tech Limited [D.I. 5614] | • The manner in which the Debtors have valued and settled the futures contracts is essentially creating an accelerated settlement and de-listing event for derivatives on the exchange.<br><br>• Best practices for derivatives settlement across the crypto industry is inconsistent with the valuation methodology proposed by the Debtors.<br><br>• Proposes that futures contracts (perpetual and conventional) be settled at the same price that all spot instruments are being valued and settled at the Petition Time. | • The Debtors respond to Auros Tech Limited's arguments in paragraphs 46-49 of the Reply. |
| Joint Liquidators of Three Arrows Capital, Ltd. [D.I. 5615] | • The Motion is not yet ripe as to estimation of Claims for purposes other than the Disclosure Statement.<br><br>• The Debtors have not demonstrated that liquidation of Claims would cause undue delay.<br><br>• The Motion is not procedurally proper to litigate ownership interest, security interest or other interests in the Digital Assets. | • The Debtors respond to Three Arrows Capital's arguments in paragraphs 25 and 69 of the Reply.<br><br>• As explained in the Reply (¶¶ 63-65) and set forth in the revised proposed Order, all parties' rights with respect to the ownership of Digital Assets are reserved. |
| LayerZero Group, Ari Litan and Skip & Goose LLC [D.I. 5616] | • The Digital Assets Conversion Table is prejudicial with respect to Claims arising under section 502(h) of the Bankruptcy Code. | • As explained in the Reply (¶¶ 69) and set forth in the revised proposed Order, the Digital Assets Conversion Table will not apply to Claims arising under section 502(h) of the Bankruptcy Code. |
| Fondation Serendipity, Fondation Elements, Serendipity Network Ltd. and Liquidity Network Ltd. | • The Debtors have not carried their burden under section 502(c) of the Bankruptcy Code because liquidating Claims would not unduly delay the Chapter 11 Cases. | • The Debtors respond to Oxy's arguments in paragraphs 24-26, 30-32, 33-37, and 66-68 of the Reply. |

| Objecting Party and/or Docket No. | Objection | Reply |
|---|---|---|
| [D.I. 5617] | • Oxy's Claims are not contingent just because the Debtors dispute them.<br>• Oxy's Claims are not unliquidated because they were asserted in U.S. dollars.<br>• The Motion did not provide due process to customers.<br>• The Motion should be denied because the Digital Assets Conversion Table values tokens from the perspective of the Debtors rather than the customers. | |
| Maps Vault Ltd. [D.I. 5620] | • The Debtors did not provide adequate notice of the Motion.<br>• The Debtors have not carried their burden under section 502(c) of the Bankruptcy Code because they have not demonstrated with particularity the need to estimate Maps' Claims in order to avoid an undue delay.<br>• Maps' Claims are not unliquidated because Maps asserted its Claims in U.S. dollars.<br>• Maps' Claims are not contingent just because the Debtors dispute the Claims. | • The Debtors respond to Maps' arguments in paragraphs 25-26, 30-31, and 66-68 of the Reply. |
| Lavanda Sands, L.L.C. [D.I. 5624] | • Lavanda Sands, L.L.C. joins the Oxy objection. | • The Debtors respond to Oxy's arguments in paragraphs 24-26, 30, 32, 33-37, and 66-68 of the Reply. |
| TMSI SEZC Ltd. [D.I. 5626] | • TMSI SEZC Ltd. objects to the liquidation discount applied to SRM and SRM-denominated Digital Assets. | • This objection has been adjourned to a date to be determined. |

4889-6977-3215 v.2

| **Objecting Party and/or Docket No.** | **Objection** | **Reply** |
|---|---|---|
|  | - The entirety of the Debtors' holdings of SRM should not be included in the amount of SRM to be liquidated as an input to the KO model.<br>- The use of an unadjusted KO model is not appropriate. |  |
| The FTX MDL Co-Lead Counsel<br>[D.I. 5628] | - The FTX MDL Co-Lead Counsel object to the extent the Motion (i) prejudices a party's right to assert that customer deposits are not property of the estates and (ii) determines treatment of FTT as equity. | - As explained in the Reply (¶¶ 63-65) and set forth in the revised proposed Order, all parties' rights with respect to the ownership of Digital Assets are reserved.<br>- The Debtors respond to the FTX MDL Co-Lead Counsel's arguments regarding FTT in paragraph 69 of the Reply. |
| Suni Kavuri, Ahmed Abd-El-Razek Noia Capital SARL and Pat Rabitte<br>[D.I. 5632] | - Estimation Motion ignores FTX ToS, and there has not been a judicial determination as to whether Digital Assets are property of customers. | - As explained in the Reply (¶¶ 63-65) and set forth in the revised proposed Order, all parties' rights with respect to the ownership of Digital Assets are reserved. |
| 5659* | - Coin Metrics includes data from exchanges like Binance, which has been implicated in wash trading and anti-money laundering violations.<br>- In contrast to the prices sourced from Coin Metrics, respected exchanges with a similar international focus such as Bitfinex reported significantly higher Bitcoin prices than those proposed by the estates.<br>- The market conditions at the Petition Time were marked by disorder and volatility, undermining the reliability of asset valuations.<br>- Asset price manipulation suggests asset valuations in the pre-bankruptcy period were compromised. | - The Debtors respond to arguments regarding the reliability of Coin Metrics' data in paragraphs 53-56 of the Reply.<br>- The Debtors respond to arguments regarding valuing Digital Assets at a time other than the Petition Time in paragraphs 11-19 of the Reply. |

| **Objecting Party and/or Docket No.** | **Objection** | **Reply** |
|---|---|---|
| Avalanche (BVI), Inc. [D.I. 5686] | • The order should not authorize the Debtors to affix Petition Date values to the entire universe of Claims against the Debtors that are based on Digital Assets and fiat currency.<br><br>• The Motion strips the rights of contract counterparties to assert damages claims using a calculation methodology that is separate from Petition Date values even though the Bankruptcy Code expressly grants the right of certain contract counterparties to do so.<br><br>• Avalanche (BVI), Inc. joins the objections of Auros Tech Limited and the Joint Liquidators of Three Arrows Capital, Ltd. | • The Debtors respond to Avalanche (BVI), Inc.'s arguments in paragraph 69 of the Reply.<br><br>• The Debtors respond to Auros Tech Limited's arguments in paragraphs 46-49 of the Reply.<br><br>• The Debtors respond to Three Arrows Capital's arguments in paragraphs 25 and 69 of the Reply. |
| 5903*[2] | • Valuing futures based on P&L as of the Petition Time is a flawed approach because the futures prices were heavily manipulated and their snapshot prices differ extremely from the underlying asset on which the contract is based.<br><br>• Standard operating procedure when a future is delisted is to have it settle at the underlying asset price. | • The Debtors respond to these arguments in paragraphs 46-49 of the Reply. |

---

[2] The Debtors also received informal comments on the same issue from another creditor.

4889-6977-3215 v.2