## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: February 22, 2024 at 1:00 p.m. (ET)** |
| | **Objection Deadline: February 15, 2024 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AMENDING THE ORDER (I) AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE OR TRANSFER OF CERTAIN DE MINIMIS ASSETS AND FUND ASSETS, (II) APPROVING ASSUMPTION, ASSIGNMENT AND REJECTION PROCEDURES AND (III) GRANTING RELATED RELIEF**

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 9013-1(k) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), amending the *Order (I) Authorizing and Approving Procedures for the Sale or Transfer of Certain De Minimis Assets and Fund Assets, (II) Approving Assumption, Assignment and Rejection Procedures and (III) Granting Related Relief* [D.I. 702] (the "De Minimis Order"). In support of this Motion, the Debtors submit the concurrently filed declaration of Bruce

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Mendelsohn attached hereto as <u>Exhibit B</u> (the "<u>Mendelsohn Declaration</u>"), which is incorporated

herein by reference, and the Debtors respectfully state as follows:

<b><u>Background</u></b>

1.      On November 11 and November 14, 2022, the Debtors filed with the

Court voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate

their businesses and manage their properties as debtors-in-possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  Joint administration of these Chapter 11 Cases was

authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December

15, 2022, the Office of the United States Trustee for the District of Delaware (the "<u>U.S.</u>

<u>Trustee</u>") appointed an Official Committee of Unsecured Creditors (the "<u>Official Committee</u>")

pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the

*Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

<b><u>Facts Specific to Relief Requested</u></b>

3.      The Debtors invested as a limited partner in approximately 30 venture

capital and other investment funds, primarily through the Ventures Silos.  With respect to certain

Fund Assets, the Debtors have remaining Capital Commitments (as defined below).  Pursuant to

the limited partnership agreements governing the operation of such funds (the "<u>LP</u>

<u>Agreements</u>"), each limited partner, including the Debtors, is required to contribute a certain,

pre-determined amount of capital (the "<u>Capital Commitment</u>"), which capital is used by the

-2-

fund's general partner to invest in portfolio companies.  Generally, when an investment need or opportunity arises, the fund's general partner will request, pursuant to the terms of the applicable LP Agreement, that the limited partners contribute capital to the partnership in order to finance the investment (a "Capital Call").  When a Capital Call is made, each limited partner is required to remit the requested funds to the general partner of the partnership in an amount not to exceed the applicable Capital Commitment.

4.    A limited partner's failure to satisfy a Capital Call generally decreases the value of the limited partner's investment in the fund under the LP Agreement.  Typically, if the limited partner fails to fund the Capital Call in the time allotted for the Capital Call, the limited partner could be designated as a "Defaulting Limited Partner" and subjected to remedies such as the general partner's ability to call the limited partner's interest in the fund at a discount, a forfeiture of a certain percentage of the Defaulting Limited Partner's capital accounts or profits or forfeiture of invested capital and/or imposition of default interest on the Defaulting Limited Partner ("Default Interest").  As such, under the terms of the LP Agreements, failure to satisfy Capital Calls when due may result in a significant loss of contributed capital and investment value.  Notwithstanding the terms of the underlying LP Agreements, the Debtors believe that any act to decrease the value of the Debtors' invested capital by any Fund Asset or the imposition of Default Interest to be a violation of the automatic stay pursuant to section 362 of the Bankruptcy Code.  Nonetheless, due to the Capital Call mechanisms set forth in the LP Agreements and the related default provisions, the potential exercise of any of these remedies presents a substantial risk to the value of the Debtors' Fund Assets.

5.    On January 18 2023, the Debtors filed the *Motion of Debtors for Entry of the Order (I) Authorizing and Approving Procedures for the Sale or Transfer of Certain De*

*Minimis Assets and Fund Assets, (II) Approving Assumption, Assignment and Rejection*

*Procedures and (III) Granting Related Relief* [D.I. 525] (the "De Minimis Motion"), seeking

approval of procedures for the sale or transfer of the Debtors' certain non-strategic assets,

including any rights or interests therein, that are (i) of relatively de minimis value compared to

the debtors' total asset base (collectively, the "De Minimis Assets") and/or (ii) limited

partnership or similar interests in venture capital and other investment funds (collectively, the

"Fund Assets"), free and clear of any liens, claims, interests and encumbrances.

6.      On February 13, 2023, the Court entered the De Minimis Order

approving, among other things, procedures for the sale of transfer of De Minimis Assets (the "De

Minimis Sale Procedures"), Fund Assets (the "Fund Asset Sale Procedures") and related

governance decisions.  Pursuant to paragraph 19 of the De Minimis Order, the Debtors are

authorized to make investment and governance decisions with respect to (i) the funding of any

Capital Call or the provision of financing or funding by the Debtors (not including management

fees) to any investee company and (ii) the incurrence of certain fees, costs or expenses by the

Debtors to such investee companies and/or their representatives (such decisions, "Additional

Investment Funding").  Such Additional Investment Funding currently is limited to up to

$10,000,000 (the "Maximum Allowed Additional Investment Funding Amount") in the

aggregate across all the Debtors' investments in the ordinary course of business, subject to

certain conditions.

7.      Since entry of the De Minimis Order, the Debtors have paid an aggregate

amount of Additional Investment Funding totaling approximately $6,300,000.  As of the filing of

this Motion, based upon a review of the Debtors' current Fund Assets, including the aggregation

of Fund Assets held by certain Debtor subsidiaries, the Debtors are aware of an aggregate

amount of additional unfunded Capital Commitments totaling up to approximately $19,000,000 within the coming months.  Absent the requested increase of the Maximum Allowed Additional Investment Funding Amount, the Debtors may be unable to pay all of their remaining Capital Commitments and, pursuant to the LP Agreements, a limited partner's failure to satisfy a Capital Call may impact the value of the limited partner's investment, including diminution of the value of the Debtors' Fund Assets.

## Jurisdiction

8.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105 and 363 of the Bankruptcy Code and Local Rule 9013-1(k).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

9.      By this Motion, the Debtors seek entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, amending the De Minimis Order to increase the Maximum Allowed Additional Investment Funding Amount from $10,000,000 to $40,000,000 and to revise the procedural requirements such that the Debtors must consult with the Consulting Professionals (as defined in the De Minimis Motion) at least three business days in advance regardless of the amount of the Additional investment Funding.

**Basis for Relief**

10.    Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Local Rule 9013-1(k) further provides that "[a]ny request for amendment of an order entered by the Court" may be made "[b]y motion under this Local Rule." The Debtors request an amendment to the De Minimis Order to increase the Maximum Allowed Additional Investment Funding Amount from $10,000,000 to $40,000,000.

11.    Section 363(c) of the Bankruptcy Code permits debtors to "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing."  11 U.S.C. § 363(c)(1).  The Debtors submit that the payment of Additional Investment Funding, including the funding of any Capital Call pursuant to the LP Agreements, is in the ordinary course of the Debtors' business and thus is permitted under section 363(c) of the Bankruptcy Code without the need for Court approval.

12.    Nevertheless, in order to remove any uncertainty regarding whether the payment of Additional Investing Funding is outside the ordinary course of business, the Debtors seek authorization to pay Additional Investment Funding up to the increased $40,000,000 Maximum Allowed Additional Investment Funding Amount under section 363(b) of the Bankruptcy Code.   Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Although section 363 does not provide a standard establishing when it is appropriate for bankruptcy courts to authorize the use, sale, or lease of a debtor's assets, courts in this district have held that such a sale may be authorized under section 363 if the court finds a "sound business purpose" for such use, sale or lease.  *See*

*Dai-Ichi Kangyo Bank, Ltd.* v. *Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) (citations omitted).

13.     The Debtors respectfully submit that the increase of the Maximum Allowed Additional Investment Funding Amount from $10,000,000 to $40,000,000 is justified by a sound business purpose given that absent the amendment of the Maximum Allowed Additional Investment Funding Amount, the Debtors may be unable to pay all of their remaining Capital Commitments and, pursuant to the LP Agreements, a limited partner's failure to satisfy a Capital Call may impact the value of the limited partner's investment, including diminution of the value of the Debtors' Fund Assets.

14.     Since entry of the De Minimis Order, the Debtors have paid an aggregate amount of Additional Investment Funding totaling approximately $6,300,000.  As of the filing of this Motion, based upon a review of the Debtors' current Fund Assets, including the aggregation of Fund Assets held by certain Debtor subsidiaries, the Debtors are aware of an aggregate amount of additional unfunded Capital Commitments totaling up to approximately $19,000,000 within the coming months.  The increase of the Maximum Allowed Additional Investment Funding Amount from $10,000,000 to $40,000,000 ensures that the Debtors may take any necessary action to preserve value by satisfying any outstanding and future Capital Call without delay, including the payment of any additional amount of Additional Investment Funding without delay where any such amounts arise in addition to the approximately $19,000,000 unfunded Capital Commitments that the Debtors are aware of, subject to the procedural requirements of the De Minimis Order, including an enhanced requirement to consult with the Official Committee regardless of the size of the Additional Investment Funding Amount, and is a valid exercise of the Debtors' sound business judgment.   *See* Mendelsohn Declaration ¶ 5.

**<u>Notice</u>**

15.     Notice of this Motion has been provided to:  (a) the U.S. Trustee;

(b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal

Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for

the District of Delaware; and (g) to the extent not listed herein, those parties requesting notice

pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be provided.

**<u>Conclusion</u>**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court (a) enter the Order and (b) grant such other and further relief as is just and proper.

Dated: February 1, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*