## <u>EXHIBIT A</u>

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. __** |

## ORDER AUTHORIZING AND APPROVING (I) PROCEDURES FOR SALE OF DEBTORS' ALLOWED CLAIM IN THE GENESIS CASES; AND (II) SALE(S) OF SUCH CLAIM IN ACCORDANCE WITH SUCH PROCEDURES FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

Upon the motion (the "Motion")[2] of FTX Trading Ltd. ("FTX Trading") and its

affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order

(this "Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11

U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2002 and 6004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2002-1, 6004-1 and 9006-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), authorizing and approving (a) the Sale Procedures for

the sale or transfer of the Genesis Allowed Claim, and (b) the sale(s) of the Genesis Allowed

Claim in accordance with the Sale Procedures free and clear of any liens, claims, interests and

encumbrances; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a

final order consistent with Article III of the United States Constitution; and venue of these

Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and

1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court

having found that proper and adequate notice of the Motion and the relief requested therein has

been provided in accordance with the Bankruptcy Rules and the Local Rules; and that, except as

otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the

Motion having been withdrawn, resolved or overruled on the merits; and a hearing (the "Sale

Procedures Hearing") having been held to consider the relief requested in the Motion and upon

the record of the hearing and all of the proceedings had before this Court; and this Court having

found and determined that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.      This Court has jurisdiction to consider the Motion pursuant to

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware, dated February 29, 2012.  This Court may

issue a final order on the Motion consistent with Article III of the United States Constitution.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).

B.      The Debtors' notice of the Motion, the Sale Procedures, the Sale

Procedures Hearing and the proposed entry of this Order was (i) appropriate and reasonably

---

[3]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052.

calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases, and no other or further notice is required, except as set forth herein.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b).

C.    The Sale Procedures set forth in this Order were proposed in good faith by the Debtors, are fair, reasonable and appropriate under the circumstances and are properly designed to maximize the recovery from any Sale of the Genesis Allowed Claim.  The Debtors have demonstrated good and sufficient business reasons for this Court to enter this Order, and such good and sufficient reasons, which are set forth in the Motion and on the record at the Sale Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

D.    The form and manner of notices to be delivered pursuant to this Order, including the Auction Notice, are (i) reasonably calculated to provide all interested parties with timely and proper notice; (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases.

E.    Subject to compliance with the Sale Procedures, the Debtors may sell the Genesis Allowed Claim free and clear of any interests in such Genesis Allowed Claim of any kind or nature whatsoever because in each case one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.

F.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties-in-interest.

IT IS HEREBY ORDERED THAT:

1.      The Motion is hereby GRANTED as set forth herein.

2.      The Sale Procedures are approved as follows:

(a) <u>Assets</u>.  The Genesis Allowed Claim.

(b) <u>Method of Sale</u>.  The Debtors may pursue the sale of all or a portion of the Genesis Allowed Claim in one or a series of public auctions as contemplated by paragraph (d) below or private sale transactions as contemplated in paragraph (e) below (each, a "<u>Sale</u>"), in each case to a single purchaser or multiple purchasers and in compliance with these Sale Procedures.

(c) <u>Required Terms</u>.  Regardless of the method of Sale, the documentation for any Sale shall include provisions acceptable to the Debtors that the Genesis Allowed Claim is being transferred (i) "as is," "where is," and "with all faults," (ii) without any indemnity to the purchaser(s) thereof, (iii) free and clear of any liens, claims, interests and encumbrances (other than permitted encumbrances approved by the Debtors), with any such liens, claims, interests and encumbrances attaching only to the sale proceeds with the same validity, extent and priority as immediately prior to the Sale and (iv) on the condition that any transferee of the Genesis Allowed Claim agree to be bound by the terms of the Settlement Agreement with respect to the acquired portion of the Genesis Allowed Claim, *mutatis mutandis*, by executing and delivering to the Genesis Entities a joinder agreement substantially in the form of joinder agreement attached to the Settlement Agreement.

(d) <u>Auction Procedures</u>.  The Debtors may hold one or a series of auctions (each, an "<u>Auction</u>") at any time after entry of the Order approving this Motion.  The Debtors shall conduct any Auction in accordance with the following procedures and any supplemental procedures the Debtors consider appropriate and in the best interests of the Debtors' estates.

(i)   To the extent that the Debtors determine to hold an Auction, the Debtors shall file a notice (the "<u>Auction Notice</u>") with the Court.  The Auction Notice shall include the date, time and location of the Auction and the portion of the Genesis Allowed Claim for sale at the Auction.  The Auction Notice also may include any supplemental procedures applicable to the Auction.  The Auction Notice shall be served on each of the Sale Notice Parties (as

-4-

defined below).  The date of the Auction shall be no less than ten (10) business days after the date of the Auction Notice.

(ii) Only "Qualified Bidders" will be permitted to bid at an Auction. In order to become a Qualified Bidder, an interested party must make the following deliveries to the Debtors no later than five (5) business days prior to the commencement of the Auction, unless the Debtors determine, in consultation with the Consultation Parties, to waive one or more of the requirements for such interested party:

    (A) A written statement of the portion of the Genesis Allowed Claim on which the bidder seeks to bid, and the proposed price for such portion of the Genesis Allowed Claim;

    (B) Sufficient evidence of the bidder's financial capacity and any required authorizations to close the Sale without material delay, including without limitation, such bidder's current audited (if applicable) financial statements and information for determining whether any regulatory approvals are required to close the Sale;

    (C) a complete draft purchase or transfer agreement, together with all exhibits and schedules, marked to show any amendments and modifications to the form of purchase or transfer agreement provided by the Debtors for the Auction;

    (D) the interested party's agreement to such terms and conditions as may be required by the Debtors to register to bid and participate in the Auction;

    (E) a written statement that such Qualified Bidder is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code; and

    (F) if requested by the Debtors, a cash deposit by wire transfer (the amount of which shall be set by the Debtors in their sole discretion) to be held in an escrow account to be identified and established by the Debtors (the "Good Faith Deposit").

(iii) No bid submitted during an Auction may contain any financing or due diligence contingency.  Any such bid will not be considered a qualified bid.  The bid of any Successful Bidder (as defined below) will be binding whether or not the Successful Bidder has obtained financing or completed its due diligence investigation.

(iv) Upon the conclusion of an Auction, the Debtors may (A) identify and certify the bid or bids that constitute the highest or best offer or offers for the applicable portion of the Genesis Allowed Claim (each such bid, a "Successful Bid", and each person submitting such bid, a "Successful Bidder"), and (B) identify and, in its discretion, certify the bid or bids that constitute the next highest or

-5-

best offer or offers for the applicable portion of the Genesis Allowed Claim (each person submitting such a bid, a "Backup Bidder"), and, in each case, notify the Successful Bidder(s) and Backup Bidder(s).

(v) Once the Debtors close the Auction, the Debtors are authorized to consummate the Sale with the Successful Bidder pursuant to the Successful Bid and shall have no obligation to consider any subsequent higher and/or better offer.

(vi) All Good Faith Deposits will be returned to any Qualified Bidder who is not a Successful Bidder or a Backup Bidder; provided, however, that if a Successful Bidder fails to consummate a transaction within five (5) business days after the closing deadline mutually agreed to by the Debtors and the Successful Bidder, (A) the Debtors will not have any obligation to return the Good Faith Deposit of such Successful Bidder and such Good Faith Deposit shall irrevocably become the property of the Debtors; and (B) if the Debtors selected a Backup Bidder, the Debtors shall proceed to closing the Sale with the Backup Bidder.  Within two (2) business days of closing the Sale with the Successful Bidder, the Debtors shall return the Good Faith Deposit to the Backup Bidder.

(e) Private Sales and the Reference Price.  The Debtors are authorized to consummate, without an Auction, the Sale of the Genesis Allowed Claim in one or more private sale transactions (each, a "Private Sale") in accordance with the following procedures and any supplemental procedures the Debtors consider appropriate and in the best interests of the Debtors' estates.

(i) The Debtors may sell the Genesis Allowed Claim in a Private Sale at arm's-length without notice to any Consultation Party at a price (a "Reference Price") equal to or greater than 95% of the highest price quoted by one or more leading market-makers for general unsecured claims of GGC on a reference date on or no more than three days prior to the date on which the Debtors enter into such sale.

(ii) Prior to entering into any Private Sale that is not at or above a Reference Price, the Debtors shall notify firms serving as the legal counsel and financial advisor to the Official Committee and AHC (the "Consultation Parties").

(f) Sale Disclosures.

(i) No later than two (2) business days after entering into a definitive purchase or transfer agreement with respect to any Sale, the Debtors shall file with the Court a notice of the following (as described below, the "Sale Disclosures"):

(A) a list of each purchaser, the portion of the Genesis Allowed Claim to be purchased, and the purchase price to be paid;

(B) in the case of an Auction, the identity of any Backup Bidder and the terms of the back-up bid, if any;

(C) a proposed sale order (the "<u>Sale Order</u>"), in substantially the form attached hereto as <u>Exhibit 1</u>, which, among other things, authorizes the Debtors to consummate such Sale and approves the terms of such Sale;

(D) in the case of a Private Sale, whether the Sale is being consummated at or above the Reference Price;

(E) whether the Sale Order includes a proposed finding from the Court that the Genesis Allowed Claim is being purchased in "good faith" for purposes of section 363(m) of the Bankruptcy Code (a "<u>Good Faith Finding</u>"); and

(F) if required as support for entry of the proposed Sale Order, declarations from the Debtors, the purchaser(s) or other parties with respect to such matters as the Debtors may determine.

(ii) The Debtors shall serve a copy of the Sale Disclosures (by email or, if email is not available, by overnight mail) to the following parties: (A) the U.S. Trustee; (B) counsel to the Official Committee; (C) counsel to the AHC; (D) any known affected creditor(s) asserting a lien, claim or encumbrance against, or interest in, the Genesis Allowed Claim; (E) any known interested or affected governmental or regulatory entity; (F) solely in the case of a Sale that is not in excess of an applicable Reference Price, any party who, in the discretion of the Debtors, would meet the financial and other eligibility criteria of a Qualified Bidder known by the Debtors to have expressed a written interest in purchasing the Genesis Allowed Claim during the last six (6) months; and (G) any other party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Sale Notice Parties</u>").

(g) <u>Sale Objections</u>.

(i) The Debtors may consummate a Private Sale that (A) is at or above an applicable Reference Price and (B) does not include a Good Faith Finding without prior notice to the Court or any party in interest. The Debtors shall submit the Sale Order for such a Private Sale under certification of counsel concurrently with or at any time after the filing of the Sale Disclosures.

(ii) In the case of all other Sales, the Debtors shall not submit the Sale Order for entry under certification of counsel until providing all parties in interest the opportunity to object to the entry of the Sale Order. Objections to any such Sale must be (A) in writing and state with specificity the basis for objecting and (B) filed with the

Court and served (which service may be by email) on (1) the U.S. Trustee; (2) counsel to the Debtors; (3) counsel to the Official Committee; (4) counsel to the AHC; and (5) any other party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Sale Objection Notice Parties</u>") within three (3) business days of the service of the Sale Disclosures at 4:00 p.m. (prevailing Eastern Time) (the "<u>Sale Objection Deadline</u>").  If no party-in-interest objects in writing to such a Sale by the Sale Objection Deadline, the Debtors may submit the Sale Order for entry under certification of counsel.  If a party-in-interest files with the Court and serves on the Sale Objection Notice Parties a written objection to a proposed Sale on or prior to the Sale Objection Deadline, then the Debtors may only consummate the Sale upon withdrawal of such objection, submission of a consensual form of order resolving the objection between the Debtors and the objecting party, or upon further order of the Court.  Subject to the Court's availability, the Debtors may seek an expedited hearing before the Court to resolve the objection.  After all timely filed objections have been addressed, the Debtors may submit the Sale Order for entry under certification of counsel.  Immediately upon entry of the Sale Order, the Debtors may consummate the proposed Sale on the terms set forth in the Sale Order and the applicable documentation executed in connection with such Sale.

(h) <u>Modification; Fiduciary Duties</u>.  To the extent consistent with applicable law, the Debtors may (A) adopt such additional rules and procedures at or prior to any Auction(s), (B) modify or amend the Sale Procedures or waive the terms and conditions set forth in the Sale Procedures with respect to any or all potential bidders and (C) adjourn, reschedule or cancel all or any portion of the sale process contemplated by these Sale Procedures.  Notwithstanding anything to the contrary contained herein, nothing in these Sale Procedures will require the Debtors to take any action, or to refrain from taking any action, unless the Debtors determine necessary to comply with their respective fiduciary duties under applicable law.

(i) <u>Beneficiaries</u>.  These Sale Procedures are for the benefit of the Debtors and their estates.  No interested party, Qualified Bidder or third party shall have any right or benefit hereunder at any time, nor shall the Debtors have any monetary liability to any person in connection with any failure or alleged failure to comply with these Sale Procedures.

3.    Pursuant to section 363(f) of the Bankruptcy Code, any sale of the Genesis Allowed Claim in accordance with this Order shall be free and clear of any liens, claims, encumbrances and interests, with any such liens, claims, encumbrances and interests to attach to

the proceeds of such sale with the same validity, priority, force and effect as such liens, claims, encumbrances and interests had on the sold assets immediately prior to the sale, subject to the rights, claims, defenses and obligations, if any, of the Debtors and all interested parties with respect to any such asserted liens, claims, encumbrances and interests.

4.      The Sale Procedures shall not apply to the sale of any causes of action against any current or former employee, director, officer or professionals of the Debtors, and the Debtors shall not sell or release any causes of action against any current or former employee, director, officer or professionals of the Debtors in connection with any sale of the Genesis Allowed Claim.  For the avoidance of doubt, the Debtors may release causes of action against the applicable portion of the Genesis Allowed Claim and the purchaser of any portion of the Genesis Allowed Claim in connection with such purchase; provided, however, that if the Debtors release or sell causes of action, the Debtors shall comply with the procedures set forth in paragraph 2 and specify within the Sale Disclosures any releases or sale of causes of action in connection with such sale of the Genesis Allowed Claim.

5.      All rights of all parties-in-interest in these cases to object to a Sale of the Genesis Allowed Claim in accordance with the Sale Procedures are hereby expressly reserved.

6.      The absence of a timely objection to the sale or transfer of the Genesis Allowed Claim in accordance with the Sale Procedures and the terms of this Order shall constitute "consent" to such sale or transfer free and clear of Liens and Claims within the meaning of section 363(f)(2) by any party asserting liens, claims, encumbrances against, and other interests in, any Genesis Allowed Claim, as applicable.

7.      The Debtors are authorized to take any action that is reasonable and necessary to close the Sales and to obtain the proceeds thereof.

8.      The noticing procedures as set forth in this Order are hereby approved. Within three business days after entry of this Order, the Debtors shall serve this Order, together with any attachments, by first-class mail (and/or by email, as applicable) upon the Sale Notice Parties.  On or about the same date, the Debtors shall publish this Order on the Debtors' case information website (located at https://restructuring.ra.kroll.com/FTX).  Service of this Order and for each proposed Sale, the respective Sale Disclosures on the Sale Notice Parties and publication thereof in the manner described in this Order, to the extent required by the Sale Procedures, constitutes good and sufficient notice of such proposed Sale of the Genesis Allowed Claim by the Debtors free and clear of any liens, claims, interests and encumbrances, pursuant to Bankruptcy Code section 363(f).  No other or further notice is required, except as otherwise set forth herein.

9.      All persons or entities that participate in the sale process shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Sale Procedures.

10.     The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Sale Procedures Hearing, nothing in the Motion, this Order, or announced at the Sale Procedures Hearing constitutes a finding under the federal securities laws as to whether transactions involving the Genesis Allowed Claim are securities transactions, and the right of the United States Securities and Exchange Commission to challenge transactions involving the Genesis Allowed Claim on any basis are expressly reserved.

12.     All time periods set forth in this Order shall be calculated in accordance

with Bankruptcy Rule 9006(a).

13.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

14.     The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

15.     This Order is immediately effective and enforceable, notwithstanding the

possible applicability of Bankruptcy Rule 6004(h) or otherwise.

16.     This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the Motion or the implementation of this Order.


Dated: _____

   Wilmington, Delaware     The Honorable John T. Dorsey
                United States Bankruptcy Judge

## EXHIBIT 1

**Form of Sale Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. [●]** |

### ORDER (I) AUTHORIZING AND APPROVING SALE OF DEBTORS' ALLOWED CLAIM IN THE GENESIS CASES FREE AND CLEAR OF ANY LIENS, CLAIMS, AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING ENTRY INTO, AND PERFORMANCE UNDER, THE [PURCHASE AND SALE] [CLAIMS TRANSFER] AGREEMENT; AND (III) GRANTING RELATED RELIEF

Upon (i) the motion (the "Motion")[2] of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Sale Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2002-1, 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and approving (a) procedures (the "Sale Procedures") for the sale of all or a portion of Debtor Alameda Research Ltd.'s allowed general unsecured claim in the amount of $175 million (the "Genesis Allowed Claim") against Genesis Global Capital, LLC ("GGC"), (b) the sale(s) of the Genesis Allowed Claim in accordance with

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

the Sale Procedures free and clear of any liens, claims, interests and encumbrances, (ii) this

Court's order approving the Motion [D.I. [●]] (the "Sale Procedures Order"), and (iii) the

[Purchase and Sale][Claims Transfer] Agreement, dated as of [●], 2024, a copy of which is

attached as [●] to the Sale Disclosures notice in accordance with the Sale Procedures (the

"Agreement" and the transaction contemplated thereby, the "Sale Transaction"), between Debtor

Alameda Research Ltd., a company organized under the laws of the British Virgin Islands

("Seller") and [*name of Purchaser[s]*] (["Purchaser"][each, a "Purchaser" and together,

"Purchasers"]); and this Court having jurisdiction to consider the approval of the Agreement in

accordance with the Sale Procedures pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended

Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and this Court being able to issue a final order consistent with Article

III of the United States Constitution; and venue of these Chapter 11 Cases and this matter in this

district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the

Agreement and the relief requested therein has been provided in accordance with the Sale

Procedures, Bankruptcy Rules and the Local Rules; and that, except as otherwise ordered herein,

no other or further notice is necessary; and objections (if any) to the relief requested having been

withdrawn, resolved or overruled on the merits; and upon the record of all of the proceedings had

before this Court; and this Court having found and determined that the legal and factual bases

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.      Jurisdiction and Venue.  This Court has jurisdiction over this matter and over the property of the Debtors' estates pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This Court may issue a final order consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.      Statutory and Rule Predicates.  The statutory and other legal predicates for the approvals and authorization herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008 and 9014 and Local Rules 2002-1, 6004-1 and 9006-1.

C.      Final Order.  This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rule 6004(h), and to the extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil Procedures, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein and authorizes the closing of the Sale Transaction contemplated hereby without regard to any stay or delay in its implementation.

D.      Compliance with the Sale Procedures.  The Sale Procedures provided a full, fair and reasonable opportunity for any party to make an offer to purchase the Genesis Allowed Claim.  The disclosures made by the Debtors with respect to the Agreement and the

---

[3]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052.

3

Sale Transaction were good, complete and adequate.  The Debtors (including Seller), Purchaser[s] and their respective counsel and other advisors have complied, in good faith, with the Sale Procedures Order and the Sale Procedures in all respects.  Through marketing efforts and a competitive sale process conducted in accordance with the Sale Procedures, the Debtors (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the Genesis Allowed Claim, (ii) provided potential purchasers sufficient information to enable them to make an informed judgment on whether to bid on the Genesis Allowed Claim and (iii) considered any bids properly submitted in accordance with the Sale Procedures on or before the deadline for bidding. Purchaser[s] submitted a qualified bid pursuant to the Sale Procedures approved by this Court and [was][were] determined to be the Successful Bidder[s] for the Genesis Allowed Claim.

E.    No Collusion.  [No Purchaser is][Purchaser is not] an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.  The Agreement and the Sale Transaction were negotiated, proposed and entered into by Seller and [each] Purchaser without collusion or fraud, in good faith and from arm's-length bargaining positions, and are substantively and procedurally fair to all parties.  Neither the Debtors nor [any] Purchaser has engaged in any conduct that would cause or permit the Agreement or the consummation of the Sale Transaction to be avoided, or costs or damages to be imposed under section 363(n) of the Bankruptcy Code, and accordingly neither the Debtors nor [any] Purchaser has violated section 363(n) of the Bankruptcy Code by any action or inaction.  Specifically, [no Purchaser has][Purchaser has not] acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.  The Sale Transaction may not be avoided, and

4

no damages may be assessed against [any] Purchaser or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

F.     <u>Good Faith of Purchaser[s]</u>.  [Each] Purchaser is purchasing [its respective portion of] the Genesis Allowed Claim in good faith and for value, and is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code.  [Each] Purchaser is therefore entitled to all of the protections afforded under section 363(m) and any other applicable or similar bankruptcy or non-bankruptcy law, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (a) [each] Purchaser recognized that the Debtors were free to deal with any other party interested in acquiring the Genesis Allowed Claim; (b) [each] Purchaser complied with the provisions in the Sale Procedures Order; (c) [each] Purchaser in no way induced or caused the filing of these Chapter 11 Cases by the Debtors; (d) all payments to be made, and all other material agreements or arrangements entered into or to be entered into, by [each] Purchaser in connection with the Sale Transaction have been disclosed; (e) [no Purchaser has][Purchaser has not] violated section 363(n) of the Bankruptcy Code by any action or inaction; (f) the negotiation and execution of the Agreement were at arm's length and in good faith, and at all times [each] Purchaser and Seller were represented by competent counsel of their choosing; and (g) [no Purchaser has][Purchaser has not] acted in a collusive manner with any person.  [Each] Purchaser will be acting in good faith within the meaning of section 363(m) in closing the transactions contemplated by the Agreement.

G.     <u>Highest and Best Offer</u>.  The Debtors and their advisors, including, without limitation, Perella Weinberg Partners LP, have appropriately marketed the Genesis Allowed Claim and conducted the related sale process contemplated by the Sale Procedures Order, and a reasonable opportunity has been given to any interested party to make a higher or better offer for

the Genesis Allowed Claim. No other person or entity or group of entities has offered to purchase the Genesis Allowed Claim for higher or otherwise better value to the Debtors' estates than Purchaser[s]. The offer to purchase the Genesis Allowed Claim made by [each] Purchaser, under the terms and conditions set forth in the Agreement: (a) was made in good faith and complied in all respects with the Sale Procedures Order; (b) is the highest or otherwise best offer obtained for the Genesis Allowed Claim and will provide a greater recovery for the Debtors' estates than would be provided by any other reasonably available alternative; (c) is for fair, adequate and sufficient consideration that constitutes reasonably equivalent value for the Genesis Allowed Claim being conveyed to [such] Purchaser; (d) is fair and reasonable; (e) is in the best interests of the Debtors' estates; and (f) would not have been made by [such] Purchaser absent the protections afforded to [such] Purchaser by this Sale Order.

H. The Debtors' determination that the Sale Transaction, pursuant to the Agreement, provides the highest or otherwise best offer for the Genesis Allowed Claim, and their related decision to sell the Genesis Allowed Claim, constitute a reasonable exercise of the Debtors' business judgment. The facts and circumstances demonstrate the Debtors' business judgment to sell the Genesis Allowed Claim to Purchaser[s] at this time, and the Debtors have articulated sound business reasons for consummating the Sale Transaction and for selling the Genesis Allowed Claim outside of a chapter 11 plan. Moreover, the sale of the Genesis Allowed Claim outside of a chapter 11 plan pursuant to the Agreement neither impermissibly restructures the rights of the Debtors' creditors nor dictates the terms of any chapter 11 plan. The Sale Transaction does not constitute a *sub rosa* chapter 11 plan. It is a reasonable exercise of the Debtors' business judgment to execute, deliver and consummate the Sale Transaction, subject to this Sale Order.

I.      Fair Consideration.  The consideration provided by [each] Purchaser

pursuant to the Agreement constitutes reasonably equivalent value (as those terms are defined in

each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section

548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the

laws of the United States, any state, territory, possession or the District of Columbia.  [No other

Qualified Bidder has offered to purchase the Genesis Allowed Claim for higher or otherwise

better value to the Debtors' estates than Purchaser(s).][4]

J.      No Successor or Other Derivative Liability.  As a result of any action

taken in connection with the Sale Transaction, the Agreement, or this Sale Order: (a) [no

Purchaser is][Purchaser is not] a successor to or mere continuation of or substantial continuation

of the Debtors or their estates and there is no continuity of enterprise between any Purchaser and

the Debtors; and (b) [no Purchaser shall be][Purchaser shall not be] deemed to be holding itself

out to the public as a continuation of the Debtors based on the Sale Transaction.  [No Purchaser

is][Purchaser is not], or shall [not] be, considered a successor in interest to any of the Debtors or

their estates, by reason of any theory of law or equity, and the Sale Transaction does not amount

to a consolidation, succession, merger, or de facto merger of [any] Purchaser and the Debtors

and/or the Debtors' estates.  [No Purchaser would have][Purchaser would not have] entered into

the Agreement if the sale of the Genesis Allowed Claim were not made free and clear of any

successor liability of [such] Purchaser.

K.      Corporate Power and Authority.  As set forth in section [2.1(a)] of the

Agreement, Seller (a) has full corporate power and authority to execute and deliver the

---

[4] **Note to Draft**: To be included where an auction was conducted for the Sale Transaction.

Agreement and all other documents contemplated thereby, (b) has all corporate authority necessary to consummate the Sale Transaction, and (c) has taken all corporate action and formalities necessary to authorize and approve the Agreement and the consummation of the Sale Transaction.  Seller's sale of the Genesis Allowed Claim has been duly and validly authorized by all necessary corporate action.  No consents or approvals, other than those expressly provided for in the Agreement, are required for Seller to consummate the Sale Transaction.

        L.      The Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia.  Neither the Debtors nor [any] Purchaser is entering into the Sale Transaction fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

        M.      <u>Title to Assets</u>.  The transfer of the Debtors' rights, titles and interests to the Genesis Allowed Claim to [each] Purchaser will be, as of the Closing Date (as defined in the Agreement), a legal, valid and effective transfer of such rights, titles and interests in [such portion of] the Genesis Allowed Claim, which transfer vests or will vest [such] Purchaser with all rights, titles and interests of the Debtors to [such portion of] the Genesis Allowed Claim free and clear of any Liens (as defined below and in the Agreement), other than Permitted Encumbrances (as defined in the Agreement).  The Agreement is a valid and binding contract between Seller and [each] Purchaser and shall be enforceable according to its terms.

        N.      <u>Satisfaction of Section 363(f) Standards</u>.  The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full, and upon entry of this Sale Order, the Debtors are authorized to transfer all of their rights, titles and interests in and to the Genesis Allowed Claim free and clear of any interest in the property, other than Permitted Encumbrances.

The Debtors may sell the Genesis Allowed Claim free and clear of any liens (statutory or otherwise), charges, pledges, mortgages, leases, easements, hypothecations, usufructs, deeds of trust, security interests, options, rights of use, first offer or first refusal, servitudes, restrictive covenants or conditions, encroachments, claims, interests, restrictions, or any other encumbrances of any kind (collectively, "Liens"), other than Permitted Encumbrances, against the Debtors, their estates or the Genesis Allowed Claim because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied.  Each holder with a Lien on the Genesis Allowed Claim to be transferred pursuant to the Agreement: (a) has, subject to the terms and conditions of this Sale Order, consented to the Sale Transaction or is deemed to have consented; (b) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Lien; or (c) otherwise falls within one or more of the other subsections of section 363(f) of the Bankruptcy Code.  Holders of Liens against the Debtors, their estates or the Genesis Allowed Claim who did not object, or who withdrew their objections, to the Sale Transaction (except with respect to Permitted Encumbrances), are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All other holders of Liens are adequately protected by having their Liens, if any, in each instance against the Debtors, their estates or the Genesis Allowed Claim, attach to the net cash proceeds of the Sale Transaction ultimately attributable to the Genesis Allowed Claim in which such creditor alleges a Lien, in the same order of priority, with the same validity, force and effect that such Liens had prior to the Sale Transaction, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

O.      [No Purchaser would][Purchaser would not] have entered into the Agreement or would consummate the Sale Transaction if the sale of the Genesis Allowed Claim

to [such] Purchaser were not free and clear of any Liens (other than Permitted Encumbrances), or if [such] Purchaser or any of the [applicable] Purchaser Parties (as defined in the Agreement) would, or in the future could, be liable for any such Lien. The total consideration to be provided by [each] Purchaser under the Agreement reflects [such] Purchaser's reliance on this Sale Order to provide it, pursuant to sections 105(a) and 363 of the Bankruptcy Code, with title to, interest in and possession of the Genesis Allowed Claim free and clear of any Liens (other than Permitted Encumbrances). Not transferring the Genesis Allowed Claim free and clear of any Liens (other than Permitted Encumbrances) would adversely impact the Debtors' efforts to maximize the value of the estates, and the transfer of the Genesis Allowed Claim other than pursuant to a transfer that is free and clear of any Liens (other than Permitted Encumbrances) would be of substantially less benefit to the Debtors' estates.

P.      Waiver of Bankruptcy Rule 6004(h).  Good and sufficient reasons for approval of the Agreement and the Sale Transaction have been articulated. The Debtors have demonstrated both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the Sale Transaction other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a chapter 11 plan, in that, among other things, the immediate consummation of the Sale Transaction is necessary and appropriate to maximize the value of the Debtors' estates and progress these Chapter 11 Cases. Accordingly, there is cause to waive or lift the stay contemplated by Bankruptcy Rule 6004(h) with respect to the Sale Transaction. To maximize the value of the Genesis Allowed Claim, it is essential that the Sale Transaction occur within the time constraints set forth in the Agreement. Time is of the essence in consummating the Sale Transaction and the Debtors and Purchaser[s] intend to close the Sale Transaction as soon as practicable. Given all of the circumstances of these

10

Chapter 11 Cases and the adequacy and fair value of the Aggregate Purchase Price[s] under the Agreement, the proposed Sale Transaction should be approved.

Q.      The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f) and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

R.      <u>Personally Identifiable Information</u>.  The Sale Transaction does not involve the sale of any personally identifiable information.  Thus, the appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) or section 332 of the Bankruptcy Code is not required with respect to the Sale Transaction.

S.      <u>Legal and Factual Bases</u>.  The legal and factual bases establish just cause for the relief granted herein.  Entry of this Sale Order is in the best interests of the Debtors and their estates.

IT IS HEREBY ORDERED THAT:

**A.      <u>General Provisions</u>**

1.      The sale of the Genesis Allowed Claim and the other relief requestedis granted as set forth herein, and the Agreement and the provisions thereof and the Sale Transaction are approved in their entirety as set forth herein.

2.      All objections, responses, reservations of rights and requests for any continuances concerning the Sale Transaction are resolved in accordance with the terms of this Sale Order.  To the extent any such objections, responses, reservations of rights or requests for any continuances were not otherwise withdrawn, waived, settled, or resolved, such are hereby overruled and denied on the merits.  All interested parties that failed to timely object to the Sale

11

Transaction are deemed to have consented to the relief granted herein for all purposes, including, without limitation, pursuant to section 363(f)(2) of the Bankruptcy Code.

3.       Notice of the Agreement and the sale of the Genesis Allowed Claim free and clear of any Liens, except Permitted Encumbrances, was fair, equitable, proper, and sufficient under the circumstances and complied in all respects with the Sale Procedures and the Sale Procedures Order.

## B.       Approval of the Agreement

4.       The Agreement and all of the terms and conditions thereof, are hereby authorized and approved in all respects.  The failure to specifically include or make reference to any particular provision of the Agreement in this Sale Order shall not impair the effectiveness of such provision, it being the intent of this Court that the Agreement and the Sale Transaction are authorized and approved in their entirety.

5.       Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale Transaction to Purchaser[s] in accordance with the terms and conditions of the Agreement, (b) close the Sale Transaction as contemplated in the Agreement and this Sale Order, and (c) execute and deliver, perform under, consummate and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the Sale Transaction.  [No Purchaser shall][Purchaser shall not] be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement or any other sale-related document.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of

this Sale Order; provided, however, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

6.      This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors of and holders of equity interests in, the Debtors, any holders of Liens in, against or on all or any portion of the Genesis Allowed Claim (whether known or unknown), Purchaser[s] and all successors and assigns of Purchaser[s], the Genesis Allowed Claim and any trustees, if any, subsequently appointed in these Chapter 11 Cases or upon a conversion to Chapter 7 under the Bankruptcy Code of these Chapter 11 Cases.  This Sale Order and the Agreement shall inure to the benefit of the Debtors, their estates and creditors, Purchaser[s] and the respective successors and assigns of each of the foregoing.

## C.      Consummation of the Sale Transaction

7.      Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer all of their rights, titles and interests to [each] Purchaser's [respective portion of] the Genesis Allowed Claim to [such] Purchaser on the Closing Date and such transfer shall constitute a legal, valid, binding and effective transfer of such rights, titles and interests in [such portion of] the Genesis Allowed Claim and shall vest [such] Purchaser with all of the Debtors' rights, titles and interests in [such portion of] the Genesis Allowed Claim and, upon the Debtors' receipt of the [applicable] Aggregate Purchase Price, shall be free and clear of any Liens, including but not limited to, successor or successor-in-interest liability or, any tax liens or mechanic's liens asserted against [such portion of] the Genesis Allowed Claim, except Permitted Encumbrances, with any Liens to attach to the net cash proceeds ultimately attributable to the property against or in which such Liens are asserted, subject to the terms thereof, with the same validity, force and effect, and in the same order of priority, which such Liens now have against [such portion of] the Genesis Allowed Claim, subject to any rights,

claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto. The provisions of this Sale Order authorizing and approving the transfer of the Genesis Allowed Claim free and clear of any Liens (other than Permitted Encumbrances) shall be self-executing, and neither the Debtors nor [any] Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order.

8.      A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens and other encumbrances of record except Permitted Encumbrances.

9.      If any person or entity which has filed statements or other documents or agreements evidencing Liens in, against or on all or any portion of the Genesis Allowed Claim shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Liens and any other documents necessary for the purpose of documenting the release of any Liens which the person or entity has or may assert with respect to all or any portion of the Genesis Allowed Claim, the Debtors, Purchaser[s] and each of their respective officers, employees and agents are hereby authorized and empowered to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Genesis Allowed Claim.

10.     This Sale Order is and shall be effective as a determination that, on the Closing Date, any Liens existing as to the Genesis Allowed Claim prior to the Closing Date, except Permitted Encumbrances, shall have been unconditionally released, discharged and terminated from the Genesis Allowed Claim, and that the conveyances described herein have

been effected.  This Sale Order is and shall be binding upon and govern the acts of all persons

and entities, including, without limitation, all filing agents, filing officers, title agents, title

companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative

agencies, governmental departments, secretaries of state, federal, state and local officials and all

other persons and entities who may be required by operation of law, the duties of their office, or

contract, to accept, file, register or otherwise record or release any documents or instruments, or

who may be required to report or insure any title or state of title in or to any lease; and each of

the foregoing persons and entities is hereby directed to accept for filing any and all of the

documents and instruments necessary and appropriate to consummate the Sale Transaction.

**D.      Prohibition of Actions Against Purchaser[s]**

11.     Except as expressly provided for in this Sale Order or the Agreement, [no

Purchaser shall][Purchaser shall not] have any liability or other obligation or responsibility of the

Debtors arising under or related to [its respective portion of] the Genesis Allowed Claim prior to

the Closing.  [No Purchaser is][Purchaser is not] a "successor" to the Debtors or their estates by

reason of any theory of law or equity.  Without limiting the generality of the foregoing, and

except as otherwise specifically provided herein or in the Agreement, [no Purchaser shall

be][Purchaser shall not be] liable for any claims against the Debtors or any of its predecessors or

affiliates, and [no Purchaser shall][Purchaser shall not] have any successor or vicarious liabilities

of any kind or character, including, but not limited to, under any theory of antitrust,

environmental (subject to paragraph 15 below), successor or transferee liability, securities law,

tax law, labor law, de facto merger, mere continuation or substantial continuity, whether known

or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or

contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or

unliquidated, including, but not limited to, liabilities on account of warranties, environmental

15

liabilities (subject to paragraph 15 below), and any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to [any of such Purchaser's respective portion of] the Genesis Allowed Claim prior to the Closing.  The Sale Transaction does not amount to a consolidation, merger or de facto merger of any Purchaser, on the one hand, and the Debtors, the Debtors' affiliates and/or the Debtors' estates, on the other hand, and there is not substantial continuity between [any] Purchaser, on the one hand, and the Debtors or their affiliates, on the other hand, and [no Purchaser is][Purchaser is not] a mere continuation of the Debtors or their estates, and [no Purchaser constitutes][Purchaser does not constitute] a successor to the Debtors or their estates.  For purposes of paragraphs 11 to 14 of this Sale Order, all references to [a] Purchaser shall include its respective Purchaser Parties.

12.     Except as expressly otherwise set forth in the Agreement and this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, dealers, employees, litigation claimants and other creditors, holding Liens against or in all or any portion of the Genesis Allowed Claim (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors or the Genesis Allowed Claim prior to the Closing Date or the Sale Transaction, including the transfer of the Genesis Allowed Claim to Purchaser[s], hereby are forever barred, estopped and permanently enjoined from asserting against [any] Purchaser, its Affiliates, its successors or assigns, their property or the Genesis Allowed Claim, such persons' or entities' Liens with respect to the Genesis Allowed Claim, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against [any] Purchaser, its Affiliates,

its successors, assets or properties; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against [any] Purchaser, its Affiliates, its successors, assets or properties; (c) creating, perfecting or enforcing any Liens against [any] Purchaser, its Affiliates, its successors, assets or properties; (d) asserting any unexercised set-off or right of subrogation against any obligation due with respect to [any] Purchaser, its Affiliates or its successors; or (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order, or the agreements or actions contemplated or taken in respect thereof.  On the Closing Date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release Liens in or on the Genesis Allowed Claim (except Permitted Encumbrances), if any, as provided for herein, as such Liens may have been recorded or may otherwise exist.

13.      All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere (a) with the ability of the Debtors and/or Seller to sell and transfer the Genesis Allowed Claim to [any] Purchaser in accordance with the terms of the Agreement and this Sale Order, and (b) with the ability of [any] Purchaser to acquire and take possession of the Genesis Allowed Claim in accordance with the terms of the Agreement and this Sale Order.

14.      [Each] Purchaser has given substantial consideration under the Agreement for the benefit of the Debtors and their estates.  The consideration given by [each] Purchaser shall constitute valid and valuable consideration for the sale being free and clear of any potential liens, claims, interests, and encumbrances, including any Liens, as to the Genesis Allowed Claim pursuant to this Sale Order, except with respect to the Permitted Encumbrances, and free and clear of any potential claims of successor liability against [such] Purchaser.  The consideration

provided by [each] Purchaser for the Genesis Allowed Claim under the Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

**E.**  **Other Provisions**

15.    Nothing in this Sale Order or the Agreement releases, nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Sale Order.  In addition, nothing in this Sale Order divests any tribunal of any jurisdiction it may have under police or regulatory law, including the jurisdiction to interpret this Sale Order or to adjudicate any defense asserted under this Sale Order.

16.    Further, nothing in this Sale Order or Agreement authorizes the transfer or assignment of any governmental license, permit, registration, authorization or approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law as appropriate.

17.    Notwithstanding anything to the contrary in this Sale Order, nothing in Sale Order constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

18.    The consideration provided by [each] Purchaser to the Debtors pursuant to the Agreement for the Genesis Allowed Claim constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

19.     The sale of the Genesis Allowed Claim does not include the sale or release of any causes of action held by any of the Debtors against any person or entity, including but not limited to causes of action against Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison or any person known by the Debtors to have a familial relationship with any of the foregoing persons.

20.     The Sale Transaction is undertaken by [each] Purchaser without collusion and in good faith, within the meaning of section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction unless such authorization and such Sale Transaction were duly stayed pending such appeal at the time of the Closing.  [Each] Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full rights, benefits, privileges and protections of section 363(m) of the Bankruptcy Code.  The Debtors and Purchaser[s] will be acting in good faith if they proceed to consummate the Sale Transaction at any time after the entry of this Order.

21.     As a good faith purchaser of the Genesis Allowed Claim, [each] Purchaser has not entered into an agreement with any other potential bidders, and has not colluded with any other bidders, potential bidders, or any other parties interested in the Genesis Allowed Claim, and therefore, neither the Debtors nor any successor-in-interest to the Debtors' estates shall be entitled to bring an action against [such] Purchaser, and the Sale Transaction may not be avoided pursuant to section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) in respect of the Agreement or Sale Transaction.

22.     Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) these Chapter 11 Cases, (b) any subsequent Chapter 7 case into

which these Chapter 11 Cases may be converted or (c) any related proceeding subsequent to entry of this Sale Order shall conflict with or derogate from the provisions of the Agreement or the terms of this Sale Order.  In the event there is a conflict between this Sale Order and the Agreement (or any ancillary agreements executed in connection therewith), this Sale Order shall control and govern.  Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.  To the extent that this Sale Order is inconsistent with any prior order or pleading in these Chapter 11 Cases, the terms of this Sale Order shall control.

23.    Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Sale Order shall be effective and enforceable immediately upon entry, the Debtors and Purchaser[s] are authorized to close the Sale Transaction immediately upon entry of this Sale Order, and the 14-day stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.

24.    The failure specifically to include any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreement be authorized and approved in its entirety; provided, however, that this Sale Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Sale Order.

25.    The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, with prior written notice to the Committee, provided that any such modification, amendment or supplement does not have a

material adverse effect on the Debtors' estates or any of the Debtors' creditors.  If the Agreement is modified, the Debtors shall file the modified version with the Court.

26.    This Court shall retain exclusive jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Sale Order and the Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale Transaction.

27.    The Agreement shall be in full force and effect, regardless of any Debtor's lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

28.    No bulk sales law, bulk transfer law or any similar law of any state or other jurisdiction (including those relating to taxes other than Transfer Taxes (as defined in the Agreement)) shall apply to the Debtors' conveyance of the Genesis Allowed Claim or this Sale Order.

29.    The appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) or section 332 of the Bankruptcy Code is not required with respect to the Sale Transaction.

30.    [Each] Purchaser is a party-in-interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Sale Order, the Sale Transaction and any issues related to or otherwise connected to the Agreement and the Sale Transaction.

31.    Nothing in this Sale Order shall affect the obligations, if any, of the Debtors, Purchaser[s], and/or any transferee or custodian to maintain all books and records that

are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

33. Nothing in this Sale Order shall be deemed to waive, release, extinguish or estop the Debtors or their estates from asserting or otherwise impairing or diminishing any right (including any right of recoupment), claim, cause of action, defense, offset or counterclaim in respect of any asset that is not the Genesis Allowed Claim

33. All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: _____
       Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge