**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. 6950 & 6952 |

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR
MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND
APPROVING (I) PROCEDURES FOR SALE OF DEBTORS' EQUITY INTERESTS IN
ANTHROPIC, PBC; (II) SALE(S) OF SUCH EQUITY INTERESTS IN ACCORDANCE
WITH SUCH PROCEDURES FREE AND CLEAR OF ANY LIENS, CLAIMS,
INTERESTS AND ENCUMBRANCES; AND (III) REDACTION AND FILING
UNDER SEAL OF CERTAIN CONFIDENTIAL COMMERCIAL
INFORMATION IN THE SALE PROCEDURES**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as Exhibit A, shortening the time for notice to consider the *Motion of Debtors for Entry of an Order Authorizing and Approving (I) Procedures for Sale of Debtors' Equity Interests in Anthropic, PBC; (II) Sale(s) of Such Equity Interests in Accordance with such Procedures Free and Clear of any Liens, Claims, Interests and Encumbrances; and (III) Redaction and Filing Under Seal of Certain Confidential Commercial Information in the Sale Procedures* (the "Anthropic Sale Motion").[2] The Anthropic Sale Motion is being filed and served contemporaneously herewith. The Debtors are seeking shortened notice for the Anthropic Sale

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Anthropic Sale Motion.

{1368.002-W0074327.}

Motion so it can be heard by the Court at the omnibus hearing scheduled for February 22, 2024, with an objection deadline of February 15, 2024 at 4:00 p.m. (ET). In support of the Motion to Shorten, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2.  The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 9006-1(e) and 9013-1(m) of the of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.  On November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases")

---

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93]. Additional facts specific to the relief requested in the Anthropic Sale Motion are set forth therein and are incorporated by reference to this Motion to Shorten.

6. Contemporaneously herewith, the Debtors filed the Anthropic Sale Motion, seeking approval of the Sale Procedures, the sale(s) of the Anthropic Shares in accordance with the Sale Procedures free and clear of any liens, claims, interests and encumbrances, and the redaction and filing under seal certain confidential commercial information contained in the Sale Procedures.

7. As described in the Anthropic Sale Motion, the Debtors have a significant holding of shares of Anthropic. The Sale Procedures were designed to provide the Debtors' flexibility with respect to the sale timing, which is crucial to maximizing the value of the Anthropic Shares and thus the value to the Debtors' estates. Given the significant number and value of Anthropic Shares held by the Debtors, the flexibility to sell all or portions of Anthropic Shares at different times, and by different means, will help the Debtors monetize their interest.

**RELIEF REQUESTED**

8.      By this Motion to Shorten, the Debtors request, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 9006(c)(1) and 2002(a)(2), and Local Rule 9006-1(e), that the Court shorten the notice required for a hearing on the Anthropic Sale Motion so that it may be heard at the February 22, 2024 omnibus hearing, with an objection deadline of February 15, 2024 at 4:00 p.m. (ET).

**BASIS FOR RELIEF**

9.      Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Bankruptcy Rule 9006(c)(1).  The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing."  Local Rule 9006-1(e).

10.     Pursuant to Bankruptcy Rule 2002(a)(2), ordinarily motions relating to the hearing on approval of a proposed use, sale, or lease of property of the estate other than in the ordinary course of business must be filed and served twenty-one (21) days prior to a hearing date. Additionally, Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than seven (7) days before the hearing date.  However, the Court may order that a motion be heard on less notice than required by the Local Rules upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Local Rule 9006-1(e).  No hearing on such a motion to shorten is required. *See id.*

11.     Here, there is sufficient cause to grant the Motion to Shorten. The Debtors submit that it is necessary for the hearing on the Anthropic Sale Motion to take place as soon as reasonably practicable so that the Debtors can maximize the possible opportunities for the sale(s) of the Anthropic Shares. As detailed in the Anthropic Sale Motion, it is the Debtors' understanding that Anthropic will continue to seek additional rounds of equity financing. A prompt hearing on the Anthropic Sale Motion will allow the Debtors to establish the Sale Procedures and conduct and consummate sales of the Anthropic Shares in accordance therewith at the most optimal and appropriate time for the sale of Anthropic Shares in conjunction with Anthropic's capital raising efforts. Accordingly, the Debtors submit that promptly establishing the Sale Procedures and conducting and consummating sales of the Anthropic Shares in accordance therewith will maximize the value of the Debtors' estates for the benefit of all stakeholders.

12.     If the Court were to decline the Debtors' request to shorten notice of the hearing to approve the Anthropic Sale Motion, the Debtors and their estates would be prejudiced by delaying approval of the Sale Procedures and thus missing out on potential opportunities to maximize recovery. The benefits of providing the Debtors with the opportunity to sell the Anthropic Shares as soon as reasonably possible outweigh any countervailing considerations from the short reduction in the notice period.

13.     The Debtors will promptly serve the Anthropic Sale Motion, thus giving parties in interest as much notice as possible prior to the proposed hearing on February 22, 2024 and proposed objection deadline of February 15, 2024 at 4:00 p.m. (ET). Shortening notice as requested will still provide parties in interest twenty (20) days' notice prior to the hearing on the Anthropic Sale Motion, only one (1) day less than regular notice under Bankruptcy Rule 2002(a)(2), and thirteen (13) days to object to the Anthropic Sale Motion. Accordingly, the

Debtors submit that interested parties will have sufficient time to review and respond to, if necessary, the relief requested in the Anthropic Sale Motion. Given the time sensitive circumstances driving the need to approve the Sale Procedures, the Debtors respectfully request shortened notice as set forth herein.

14. Consistent with its obligations under Local Rule 9006-1(e), undersigned counsel notified the U.S. Trustee and the Committee of the Debtors' intent to request shortened notice and requested their consent to do so. The Committee has consented to the relief requested in the Motion to Shorten. The U.S. Trustee takes no position on the relief requested in the Motion to Shorten.

15. Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1(e) provide ample authority for the Court to afford the relief requested in the Motion to Shorten. Therefore, the Debtors respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

**NOTICE AND NO PRIOR REQUEST**

16. The Debtors have provided notice of the Motion to the following entities or, in lieu thereof, their counsel: (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) counsel to the AHC; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; (h) any known affected creditor(s) asserting a lien, claim or encumbrance against, or interest in, the Anthropic Shares; (i) any party known by the Debtors to have expressed a written interest in purchasing the Anthropic Shares during the last six (6) months; (j) Anthropic and (k) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

{1368.002-W0074327.}

17. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the Motion to Shorten and such other and further relief as the Court may deem proper.

Dated: February 2, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (Admitted *pro hac vice*)
James L. Bromley (Admitted *pro hac vice*)
Brian D. Glueckstein (Admitted *pro hac vice*)
Benjamin S. Beller (Admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       bellerb@sullcrom.com

*Counsel for the Debtors
and Debtors-in-Possession*

7

{1368.002-W0074327.}