**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref Nos. 2240, 2504, 4138, 6701 & 7095** |

## ORDER AUTHORIZING FTX TRADING LTD. TO ENTER INTO, AND PERFORM ITS OBLIGATIONS UNDER, THE LETTER AGREEEMENT TO SECOND AMENDED AND RESTATED INVESTMENT SERVICES AGREEMENT

Upon the *Certification of Counsel* (the "Certification of Counsel"),[2] and the Letter Agreement entered into between FTX Trading and Galaxy; and this Court having jurisdiction to consider the Certification of Counsel and the Letter Agreement pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that sufficient notice of the Letter Agreement entered into between FTX Trading and Galaxy has been given; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      FTX Trading's entry into, and performance of its obligations under, the Letter Agreement, a copy of which is attached hereto as Exhibit 1, is hereby APPROVED.

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Certification of Counsel.

2.      Other than to the extent superseded by this Order's approval of the Letter

Agreement, the terms and conditions of the *Order Authorizing FTX Trading Ltd. to Enter Into,*

*and Perform Its Obligations Under, the Investment Services Agreement* [D.I. 2504] and the

*Order Authorizing FTX Trading Ltd. to Enter Into, and Perform Its Obligations Under, the*

*Second Amended and Restated Investment Services Agreement* [D.I. 4138] remain in full force

and effect.

3.      The Debtors are authorized and empowered to execute and deliver such

documents, and to take and perform all actions, necessary to implement and effectuate the relief

granted in this Order.

4.      Notwithstanding anything to the contrary in the Letter Agreement or this

Order, nothing in the Letter Agreement or this Order constitutes a finding under the federal

securities laws as to whether crypto assets or transactions involving crypto assets are securities,

and the right of the United States Securities and Exchange Commission to challenge transactions

involving crypto assets on any basis is expressly reserved.

5.      This Order is immediately effective and enforceable, notwithstanding the

possible applicability of Bankruptcy Rule 6004(h) or otherwise.

6.      This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated: _____
        Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

4859-3777-6546 v.1.1

**<u>Exhibit 1</u>**

**Letter Agreement**



FTX Trading Ltd.
Friar's Hill Road, Mandolin Place
Saint John's, AG-04, Antigua and
Barbuda

Galaxy Digital Capital Management LP
300 Vesey St., Floor 13
New York, NY 10282
Attn: Steve Kurz
Telephone: (917) 794-0311

January 26, 2024

Re: Re-designation of certain Digital Assets under the Second Amended and Restated Investment Services Agreement

Dear Steve,

Reference is made to that certain Second Amended and Restated Investment Services Agreement, dated November 3, 2023, by and between FTX Trading Ltd. ("**FTX**") and Galaxy Digital Capital Management LP ("**Galaxy**") (as it may be amended from time to time, the "**Services Agreement**"). All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Services Agreement.

WHEREAS, FTX and its affiliates own certain Excluded Assets that may be complex for Galaxy to dispose of, hedge, or otherwise manage (such assets, "**Complex Assets**");

WHEREAS, the Specified Tokens (defined below) are Complex Assets;

WHEREAS, FTX and Galaxy, with the written consent of the UCC and the AHC, may desire to re-designate a Complex Asset from an Excluded Asset to a Liquidation Asset;

WHEREAS, in consideration of the additional work involved in managing Complex Assets, FTX and Galaxy desire for an alternative fee structure to apply to Galaxy's management thereof; and

WHEREAS, FTX has complied with all related requirements under the Approval Order and the Monetization Order;

NOW THEREFORE, in consideration of the mutual agreements set forth below and in the Services Agreement and for other good and valuable consideration, the undersigned parties agree as follows, effective upon full execution of this letter:

1. <u>Re-designation</u>. From time to time with the written consent of the UCC and the AHC, and pursuant to Section 2(f) of the Services Agreement, FTX may specify in writing (including by way of expressly designated representatives and with email being sufficient) to Galaxy a particular Excluded Asset that is also a Complex Asset that FTX wishes to re-designate as a Liquidation Asset (such Excluded Asset, a "**Specified Token**"). Such re-designation shall be effective immediately upon Galaxy's confirmation.



FTX Trading Ltd.
Friar's Hill Road, Mandolin Place
Saint John's, AG-04, Antigua and
Barbuda

2. <u>Specified Token Sales Process</u>.  Once re-designated as a Liquidation Asset, Galaxy shall be permitted to sell all or a portion of a Specified Token in any of the following ways: (i) Specified Tokens in accordance with their respective vesting schedules across any vesting periods (i.e., a vertical slice of all of FTX's holdings of such Specified Token), if and to the extent applicable; (ii) Specified Tokens that vest on or prior to the earliest date on which at least half of the total amount of such Specified Tokens owned by FTX (as of the date of the respective sale) are scheduled to vest (the "**Median Point**"); or (iii) Specified Tokens that vest after the Median Point (and in the case of each of clauses (i)-(iii) as otherwise agreed in writing (with email being sufficient) by the Debtors, the UCC, the AHC and Galaxy).

3. <u>Fees.</u>  As consideration for Galaxy's services in managing Specified Tokens under the Services Agreement, FTX and Galaxy agree that, solely in respect of calculating the Management Fee with respect to Specified Tokens, Section 7(b)(i)(B)(1) of the Services Agreement will be revised from 0.00075 to either (i) 0.005, for any Specified Tokens sold pursuant to Section 2(a)(i) herein; (ii) 0.004, for any Specified Tokens sold pursuant to Section 2(a)(ii) herein; or (iii) 0.006, for any Specified Tokens sold pursuant to Section 2(a)(iii) herein.  Such revisions shall be effective upon the Bankruptcy Court's entry of an order approving this agreement.

[*Signature Page Follows*]

#97833809v20
4884-0373-1871 v.12



Very truly yours,

**FTX Trading Ltd.**

By: _____
Name:  John J. Ray III
Title: Authorized Signatory



FTX Trading Ltd.
Friar's Hill Road, Mandolin Place
Saint John's, AG-04, Antigua and
Barbuda

Acknowledged and agreed:

Galaxy Digital Capital Management LP

By: _____

Name: Steve Kurz
Title: Authorized Signatory

4