## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: March 20, 2024 at 10:00 A.M. ET**<br>**Objection Deadline: March 8, 2024 at 4:00 P.M. ET** |

### DEBTORS' FIFTEENTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN OVERSTATED PROOFS OF CLAIM (CUSTOMER CLAIMS)

> **THIS OBJECTION SEEKS TO MODIFY AND REDUCE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 OF EXHIBIT A ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this fifteenth omnibus claims objection (this "Objection") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), modifying and reducing each Overstated Claim (as defined below) set forth in Schedule 1 attached to the Order.  In support of this Objection, the Debtors submit the

*Declaration of Rob Esposito in Support of Debtors' Fifteenth (Substantive) Omnibus Objection*

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*to Certain Overstated Proofs of Claim (Customer Claims)* (the "Esposito Declaration"), attached

hereto as Exhibit B.  In further support of this Objection, the Debtors respectfully state as

follows:

## Background

1.      On November 11 and November 14, 2022 (as applicable, the

"Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the

Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties

as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint

administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by

entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the

United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official

Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the

Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the

*Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Facts Specific to the Relief Requested

3.      On June 28, 2023, the Court entered the *Order (I)(A) Establishing*

*Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs*

*of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related*

*Relief* [D.I. 1793] (the "Customer Bar Date Order").  The Customer Bar Date Order established,

among other things, the deadline of September 29, 2023 to file Customer Claims[2] against the

Debtors.

4.      To date, approximately 88,900 customer proofs of claim have been filed

against the Debtors, asserting more than $36,500,000,000.[3]

### Overstated Claims

5.      The Debtors and their advisors are reviewing and reconciling all proofs of

claim and any related supporting documentation filed against the Debtors.  The Debtors have

determined, based on their books and records, that each proof of claim listed on Schedule 1 to

Exhibit A under the heading "Asserted Claims" (the "Overstated Claims") asserts valid grounds

for such claim but seeks recovery for amounts greater than what the applicable claimants are

actually owed by the applicable Debtors.  Many of the Overstated Claims appear to include a

misplaced decimal point or a typographical error that resulted in an overstated claim amount.

Other Overstated Claims assert cryptocurrencies or claim amounts well in excess of, and

inconsistent with those, as set forth in the Debtors' books and records.  The Debtors object to the

Overstated Claims and request that each Overstated Claim be modified and reduced to the

"Modified Claim" as set forth in Schedule 1 to Exhibit A (the "Modified Claims").  In addition,

the Debtors have determined, based on their books and records, that certain Overstated Claims

are asserted against an incorrect Debtor for such liability.  The Debtors also object to these

overstated Claims and request that each such Overstated Claim be modified to the correct Debtor

provided under the Modified Claims.

---

[2]     "Customer Claims" means a claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state law, rule or regulation, common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

[3]     Excludes over 400 frivolous customer claims filed in aggregate for more than $24 quintillion.

**Jurisdiction and Venue**

6.        The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicates for the relief requested herein are sections 105(a) and 502(b) of

the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.  Pursuant to Local Rule

9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in

connection with this Objection to the extent it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments consistent with Article III of the United

States Constitution.

**Basis for Relief**

7.        Section 502(a) of the Bankruptcy Code provides, in pertinent part, that

"[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed,

unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed,

the Court, after notice and hearing, shall determine the allowed amount of the claim.  11 U.S.C.

§ 502(b).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may

not be allowed to the extent that it "is unenforceable against the debtor and property of the

debtor, under any agreement or applicable law." 11 U.S.C. § 502(b).

8.        Courts in this Circuit routinely reduce claims when the asserted amount is

unsupported by the claimant's submitted documentation or are otherwise irreconcilable with the

debtor's books and records.  *See In re Harry & David Holdings, Inc., et al.*, No. 11-10884 at 2

(Bankr. D. Del. November 23, 2011) (reducing claims on the basis that the amount stated in the

proofs of claim were different from, or in excess of, what was reflected in the debtors' books and

records); *Rotech Healthcare Inc., et al.,* No. 13-10741 at 2 (Bankr. D. Del. May 20, 2014)
(reducing claims on the basis that the amount stated in the proofs of claim are greater than what
the applicable claimant is actually owed by the applicable debtor).

        9.     While a properly filed proof of claim is *prima facie* evidence of the
claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima
facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance
of evidence. *See In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the
claimant must allege facts sufficient to support the claim. If the averments in his filed claim
meet this standard of sufficiency, it is 'prima facie' valid."). The burden of persuasion with
respect to the claim is always on the claimant, *see id.* at 174, and the failure to allege facts and to
provide adequate support for a claim eliminates the claim's *prima facie* validity. *See, e.g., In re
Jorczak,* 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements
and burden of proof with respect to the allowance of claims).

        10.     As set forth in the Esposito Declaration, based upon a review of the
Overstated Claims and the Debtors' books and records, the Debtors have determined that each
Overstated Claim listed in Schedule 1 to Exhibit A was filed in the incorrect amount and/or
against an incorrect Debtor and therefore, should be modified and reduced to an amount and/or
to the appropriate Debtor consistent with the Debtors' books and records. Many of the
Overstated Claims appear to include a misplaced decimal point or a typographical error that
resulted in an overstated claim amount. Certain Overstated Claims also assert a claim against a
Debtor who is not responsible for the asserted liability. Accordingly, the Debtors seek to modify
and reduce each such Overstated Claim listed in Schedule 1 to Exhibit A to the amount and
Debtor set forth under the heading labeled "Modified Claim."

**<u>Responses to This Objection</u>**

11.     To contest the Debtors' determinations of the Overstated Claims included

in this Objection, a claimant must file and serve a written response to this Objection

(a "<u>Response</u>") so that it is received no later than March 8, 2024 at 4:00 p.m. (ET) (the

"<u>Response Deadline</u>").  Each Response to this Objection must be filed with the Office of the

Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd

Floor, Wilmington, Delaware 19801, and served upon counsel to the Debtors, (a) Sullivan &

Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Alexa J. Kranzley

(kranzleya@sullcrom.com) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800,

Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A.

Brown (brown@lrclaw.com), so as to be actually received by no later than the Response

Deadline.

12.     Each Response to this Objection must, at a minimum, contain the

following information:

   a.   a caption setting forth the name of the Court, the name of the
        Debtors, the lead case number and the title of the Objection to
        which the Response is directed;

   b.   the name of the claimant, the claim number, and a description
        of the basis for the amount of the claim;

   c.   the specific factual basis and supporting legal argument upon
        which the party will rely in opposing this Objection;

   d.   all documentation and other evidence, to the extent it was not
        included with the proof of claim previously filed, upon which
        the claimant will rely to support the basis for and amounts
        asserted in the proof of claim and in opposing this Objection;
        and

   e.   the name, address, telephone number, fax number or email
        address of the person(s) (which may be the claimant or the
        claimant's legal representative) with whom counsel for the
        Debtors should communicate with respect to the claim or the

Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Overstated Claim on behalf of the claimant.

13.    If a claimant fails to timely file and serve a Response by the Response Deadline, the Debtors will present to the Court the Order modifying and reducing the Overstated Claims without further notice to the claimant or a hearing.

14.    The Debtors may file and serve a reply to any Response in accordance with the Local Rules.  The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

## **Reservation of Rights**

15.    Nothing in this Objection: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

16.    This Objection does not allow any of the Modified Claims and does not constitute an admission or acknowledgement by the Debtors that any such claims should be allowed.  Unless the Modified Claim was previously allowed, the Debtors retain their rights to

-7-

later object on any basis to any Modified Claim and to any Overstated Claim as to which the Court does not grant the relief requested herein.

### Separate Contested Matters

17.     To the extent a Response is filed regarding any claim listed in this Objection and the Debtors are unable to resolve the Response, the objection by the Debtors to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

### Compliance with Local Rule 3007-1

18.     To the best of the Debtors' knowledge and belief, this Objection and the related exhibits comply with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

### Notice

19.     Notice of this Objection has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) each claimant whose claim is subject to this Objection; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

### No Prior Request

20.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

-8-

**<u>Conclusion</u>**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

4877-6762-9733 v.2

Dated: February 19, 2024  
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*  
Adam G. Landis (No. 3407)  
Kimberly A. Brown (No. 5138)  
Matthew R. Pierce (No. 5946)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450  
E-mail: landis@lrclaw.com  
       brown@lrclaw.com  
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)  
James L. Bromley (admitted *pro hac vice*)  
Brian D. Glueckstein (admitted *pro hac vice*)  
Alexa J. Kranzley (admitted *pro hac vice*)  
125 Broad Street  
New York, NY 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588  
E-mail: dietdericha@sullcrom.com  
       bromleyj@sullcrom.com  
       gluecksteinb@sullcrom.com  
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

4877-6762-9733 v.2