**EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. No. ~~—~~6950** |

**ORDER AUTHORIZING AND APPROVING (I) PROCEDURES FOR SALE OF DEBTORS' EQUITY INTERESTS IN ANTHROPIC, PBC; AND (II) SALE(S) OF SUCH EQUITY INTERESTS IN ACCORDANCE WITH SUCH PROCEDURES FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; ~~AND (III) REDACTION AND FILING UNDER SEAL OF CERTAIN CONFIDENTIAL COMMERCIAL INFORMATION IN THE SALE PROCEDURES~~**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a), 107(b) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rules 2002, 6004 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2002-1, 6004-1, 9006-1 and 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and approving (a) the Sale Procedures for the sale or transfer of the Anthropic Shares, (b) the sale(s) of the Anthropic Shares in accordance with the Sale Procedures (as defined below) free and clear of any liens, claims, interests and encumbrances (except as set forth in the Sale Procedures), and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

~~2~~

(c) the redaction and filing under seal of certain confidential commercial information contained in the Sale Procedures; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules; and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing (the "Sale Procedures Hearing") having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

        IT IS HEREBY FOUND AND DETERMINED THAT:[3]

        A.    This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This Court may issue a final order on the Motion consistent with Article III of the United States Constitution.

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052.

~~2~~

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.  The Debtors' notice of the Motion, the Sale Procedures, the Sale Procedures Hearing and the proposed entry of this Order was (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases, and no other or further notice is required, except as set forth herein. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Local Rule 2002-1(b).

C.  The Sale Procedures set forth in this Order were proposed in good faith by the Debtors, are fair, reasonable and appropriate under the circumstances and are properly designed to maximize the recovery from any Sale (as defined below) of the Anthropic Shares. The Debtors have demonstrated good and sufficient business reasons for this Court to enter this Order, and such good and sufficient reasons, which are set forth in the Motion and on the record at the Sale Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

D.  The form and manner of notices to be delivered pursuant to this Order, including the Sale Notice and the Auction Notice, are (i) reasonably calculated to provide all interested parties with timely and proper notice; (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and (iii) adequate and sufficient under the circumstances of these Chapter 11 Cases.

E. Subject to compliance with the Sale Procedures, the Debtors may sell the Anthropic Shares free and clear of any interests in such Anthropic Shares of any kind or nature whatsoever (except as set forth in the Sale Procedures) because in each case one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.

~~F. A publicly viewable redacted version of the Motion has been filed in these Chapter 11 Cases at Dkt. No. [●]. The Reference Price is highly sensitive. Filing the Reference Price under seal pursuant to sections 105(a) and 107(b) of the Bankruptcy Code is in the best interests of the Debtors, their estates, creditors and other parties-in-interest.~~

F. ~~G.~~ The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties-in-interest.

IT IS HEREBY ORDERED THAT:

1. The Motion is hereby GRANTED as and to the extent set forth herein.

2. The Sale Procedures are approved as follows:

   (a) Assets. The Anthropic Shares.

   (b) Method of Sale. The Debtors ~~may pursue~~, in consultation with the Official Committee and the Ad Hoc Committee of Non-US Customers of FTX.com (the "AHC", and together with the Official Committee, the "Consultation Parties"), may pursue, no earlier than February 28, 2024 or such other earlier date as agreed to with the Consultation Parties, the sale of all or a portion of the Anthropic Shares in one or a series of public auctions as contemplated by paragraph (d) below or private sale transactions as contemplated in paragraph (e) below (each, a "Sale"), in each case to a single purchaser or multiple purchasers and in compliance with these Sale Procedures.

   (c) Required Terms. Regardless of the method of Sale, the documentation for any Sale shall include provisions acceptable to the Debtors that the Anthropic Shares are being transferred (i) "as is," "where is," and "with all faults," (ii) without any indemnity to the purchaser(s) thereof, and (iii) free and clear of all liens, claims, interests and encumbrances (other than permitted encumbrances approved by the Debtors, including restrictions arising under applicable securities laws or as set forth in the

Company Documents or the legends on certificates of the Anthropic Shares), with any such liens, claims, interests and encumbrances attaching only to the sale proceeds with the same validity, extent and priority as existed immediately prior to the Sale.

(d) Auction Procedures. The Debtors may, in consultation with the Consultation Parties, hold one or a series of auctions (each, an "Auction") at any time after entry of the Order approving this Motion. The Debtors shall conduct any Auction in accordance with the following procedures and any supplemental procedures the Debtors consider appropriate and in the best interests of the Debtors' estates.

(i) To the extent that the Debtors, in consultation with the Consultation Parties, determine to hold an Auction, the Debtors shall provide Anthropic with five (5) business days' notice prior to filing file a notice of Auction (the "Auction Notice") with the Court upon notice to Anthropic and all parties in interest, and the Debtors shall provide Anthropic and the legal counsel and financial advisors to the Consultation Parties with five (5) business days' prior notice of the Auction Notice, including a copy of such Auction Notice. The Auction Notice shall include the date, time and location of the Auction and the number of Anthropic Shares for sale at the Auction. The Auction Notice also may include any supplemental procedures applicable to the Auction. The Auction Notice shall be served on each of the Sale Notice Parties (as defined below). The date of the Auction shall be no less than ten (10) business days after the date of the Auction Notice.

(ii) Only "Qualified Bidders" will be permitted to bid at an Auction. In order to become a Qualified Bidder, an interested party must make the following deliveries to the Debtors no later than five ten (5 10) business calendar days prior to after the commencement date of the Auction Notice, unless the Debtors determine, in consultation with the Official Committee and the Ad Hoc Committee of Non-US Customers of FTX.com (the "AHC", and together with the Official Committee, the "Consultation Parties"), to waive one or more of the requirements for such interested party; provided, that, the Debtors cannot waive the requirement for the bidder questionnaire without the prior consent of Anthropic.

(A) A written statement of the number of Anthropic Shares on which the bidder seeks to bid, and the proposed per share price for such Anthropic Shares;

(B) Sufficient evidence of the bidder's financial capacity and any required authorizations to close the Sale without material delay, including without limitation, such bidder's current audited (if applicable) financial statements and information for

  determining whether any regulatory approvals are required to close the Sale;

(C) a complete draft purchase agreement, together with all exhibits and schedules, marked to show any amendments and modifications to the form of purchase agreement provided by the Debtors for the Auction, which form purchase agreement shall be made available to bidders, Anthropic and the Consultation Parties and filed with the Court upon issuance of the Auction Notice;

(D) the interested party's agreement to such terms and conditions as may be required by the Debtors to register to bid and participate in the Auction;

(E) a written certification that such bidder is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code, and that such bidder has no connection(s) with, nor any agreement(s) with, any current or former member of the Official Committee or AHC related to the sale;

(F) responses to a bidder questionnaire; and

(G) if requested by the Debtors, a cash deposit by wire transfer (the amount of which shall be set by the Debtors in their sole discretion) to be held in an escrow account to be identified and established by the Debtors (the "Good Faith Deposit").

(iii) No bid submitted during an Auction may contain any financing or due diligence contingency. Any such bid will not be considered a qualified bid. The bid of any Successful Bidder (as defined below) will be binding whether or not the Successful Bidder has obtained financing or completed its due diligence investigation.

(iv) Upon the commencement of the Auction, the Debtors may, in consultation with the Consultation Parties, identify the bid that represents the lead highest and best bid(s) for purposes of the Auction. Upon the conclusion of an Auction, the Debtors may, in consultation with the Consultation Parties, (A) identify and certify the bid or bids that constitute the highest or best offer or offers for the applicable Anthropic Shares (each such bid, a "Successful Bid", and each person submitting such bid, a "Successful Bidder"), and (B) identify and, in consultation with the Consultation Parties, certify the bid or bids that constitute the next highest or best offer or offers for the applicable Anthropic Shares (each such bid, a "Backup Bid", and each person submitting such a bid, a "Backup Bidder"), and, in each case, notify the Successful Bidder(s) and Backup Bidder(s).

(v) Subject to paragraph (g) (*Sale Objections*), once the Debtors close the Auction, the Debtors are authorized to consummate the Sale

-6-

with the Successful Bidder pursuant to the Successful Bid (or any Backup Bid, to the extent applicable, as set forth herein) and shall have no obligation to consider any subsequent higher and better offer.

(vi) All Good Faith Deposits will be returned to any Qualified Bidder who is not a Successful Bidder or a Backup Bidder; <u>provided</u>, <u>however</u>, that if a Successful Bidder fails to consummate a transaction within five (5) business days after the closing deadline set forth in the purchase agreement for the Successful Bid or otherwise mutually agreed to by the Debtors and the Successful Bidder, (A) the Debtors will not have any obligation to return the Good Faith Deposit of such Successful Bidder and shall be entitled to retain (and the Successful Bidder shall forfeit) such Good Faith Deposit which shall irrevocably become the property of the Debtors; and (B) if the Debtors selected a Backup Bidder, the Debtors shall proceed to closing the Sale with the Backup Bidder. Within two (2) business days of closing the Sale with the Successful Bidder, the Debtors shall return the Good Faith Deposit to the Backup Bidder.

(e) <u>Private Sales</u> ~~and the Reference Price. Subject to paragraph (g) (*Sale Objections*), the~~. The Debtors are authorized to consummate, in consultation with the Consultation Parties and without an Auction, the ~~Sale~~sale of the Anthropic Shares in one or more private sale transactions (each, a "Private Sale") ~~in accordance with the following procedures and any supplemental procedures the Debtors consider appropriate and in the best interests of the Debtors' estates.~~, subject to paragraph (g) (*Sale Objections*). Prior to entering into any definitive agreement for a Private Sale, the Debtors shall provide the UST, Anthropic and the firms serving as the legal counsel and financial advisor to the Consultation Parties five (5) business days' prior notice of such sale(s) and all applicable Sale Disclosures then available and shall provide Anthropic and the firms serving as the legal counsel and financial advisor to the Consultation Parties a copy of responses to the bidder questionnaire(s) from the purchaser(s).

(i) ~~To the extent that Anthropic has closed a primary offer and sale of preferred stock to third-party investors in an equity financing round on or within 120 days prior to the date on which the Debtor enters into a Private Sale, the Debtors may enter into a definitive agreement for a Private Sale without notice to any Consultation Party [REDACTED] (a "Reference Price") [REDACTED]; provided, that, prior to entering into any agreement with respect to a Private Sale, the Debtors shall provide Anthropic five (5) business days' notice of such sale, a copy of all applicable Sale Disclosures and a copy of responses to the bidder questionnaire from the purchaser.~~

~~-7-~~

~~(ii) Prior to entering into any definitive agreement for a Private Sale that is not at or above a Reference Price, the Debtors shall notify firms serving as the legal counsel and financial advisor to the Consultation Parties~~.

(f) Sale Disclosures.

(i) No later than two (2) business days after entering into a definitive purchase agreement with respect to any Sale, the Debtors shall file with the Court a notice of the following (as described below, the "Sale Disclosures"):

(A) a list of each purchaser, the number of Anthropic Shares to be purchased, and the aggregate purchase price to be paid;

(B) in the case of an Auction, the identity of any Backup Bidder and the terms of the back-up bid, if any;

(C) a proposed sale order ~~(the "Sale Order"),~~ in substantially the form attached to the Order as Exhibit 1 (a "Sale Order"), which, among other things, authorizes the Debtors to consummate such Sale and approves the terms of such Sale, and a marked version against the form showing any changes;

(D) ~~in the case of a Private Sale, whether the Sale is being consummated at or above the Reference Price;~~ a copy of the executed purchase agreement; and

~~(E) whether the Sale Order includes a proposed finding from the Court that the Anthropic Shares are being purchased in "good faith" for purposes of section 363(m) of the Bankruptcy Code (a "Good Faith Finding"); and~~

(E) ~~(F)~~ ~~if required as support for entry of the proposed Sale Order,~~ declarations from the Debtors, the purchaser(s) or other parties with respect to such matters as the Debtors may determine, if required as support for entry of the proposed Sale Order.

(ii) All parties' rights with respect to sealing any information in any Sale Disclosures are expressly reserved.

(iii) ~~(ii)~~ The Debtors shall serve a copy of the Sale Disclosures (by email or, if email is not available, by overnight mail) to the following parties: (A) the U.S. Trustee; (B) counsel to the Official Committee; (C) counsel to the AHC; (D) any known affected creditor(s) asserting a lien, claim or encumbrance against, or interest in, the relevant Anthropic Shares; (E) any known interested or affected governmental or regulatory entity; (F) ~~solely in the case of a Sale that is not in excess of an applicable Reference Price,~~ any party who, in the discretion of the Debtors, would meet the financial and other eligibility criteria of a Qualified Bidder known by the Debtors to have expressed a written interest in purchasing

~~- 8 -~~

~~the relevant~~ Anthropic Shares during the last six (6) months; (G) Anthropic and counsel to Anthropic; and (H) any other party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Sale Notice Parties").

(g) Sale Objections.

~~(i) The Debtors may consummate a Private Sale that (A) is at or above an applicable Reference Price, (B) does not include a Good Faith Finding and (C) complies with the Company Documents, without prior notice to the Court or any party in interest (other than the Sale Disclosures). The Debtors shall submit the Sale Order for such a Private Sale under certification of counsel concurrently with or at any time after the filing of the Sale Disclosures.~~

~~(ii)~~ In the case of all ~~other~~ Sales, the Debtors ~~may~~ shall submit the Sale Order for entry under certification of counsel ~~after the Debtors have provided~~ filed with the Court upon notice to all parties-in-interest and Anthropic ~~no less than seven (7~~ (the "Initial Notice"), and the Debtors shall provide Anthropic and the advisors to the Consultation Parties five (5) business days' prior notice ~~to object to the entry of the Sale Order~~ of such Initial Notice. Objections to any ~~such~~ Sale must be (A) in writing and state with specificity the basis for objecting and (B) filed with the Court and served (which service may be by email) on (1) the U.S. Trustee; (2) counsel to the Debtors; (3) counsel to the Official Committee; and (4) counsel to the AHC~~; and (5) any other party that has requested notice pursuant to Bankruptcy Rule 2002~~ (collectively, the "Sale Objection Notice Parties") within ~~three~~ five (~~3~~5) business days of the ~~service~~ date of the ~~Sale Disclosures~~ Initial Notice at 4:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline"). If ~~no~~ neither any party-in-interest nor Anthropic objects in writing to ~~such~~ a proposed Sale by the Sale Objection Deadline, the Debtors may submit the Sale Order for entry under certification of counsel. If a party-in-interest or Anthropic files with the Court and serves on the Sale Objection Notice Parties a written objection to a proposed Sale on or prior to the Sale Objection Deadline, then the Debtors may only consummate the Sale upon withdrawal of such objection, submission of a consensual form of order resolving the objection between the Debtors and the objecting party, or upon further order of the Court. Subject to the Court's availability, the Debtors may seek an expedited hearing before the Court to resolve the objection. After all timely filed objections have been addressed, the Debtors may submit the Sale Order for entry under certification of counsel. Immediately upon entry of the Sale Order, the Debtors may consummate the proposed Sale on the terms set forth in the Sale Order and the applicable documentation executed in connection with such Sale; provided, that, if any party-in-interest or Anthropic has filed an objection in accordance with these procedures, absent written consent of the objecting party, the Sale Order shall not contain a waiver the stay provided in Bankruptcy Rule 6004(h).

(h) Modification; Fiduciary Duties. To the extent consistent with applicable law, the Debtors may, in consultation with the Consultation Parties, (A) adopt such additional rules and procedures at or prior to any Auction(s), (B) modify or amend the Sale Procedures or waive the terms and conditions set forth in the Sale Procedures with respect to any or all potential bidders, and (C) adjourn, reschedule or cancel all or any portion of the sale process contemplated by these Sale Procedures; provided, that,

>   in no case shall the Debtors take the action set forth in clause (B) above with respect to rights specific to Anthropic in these Sale Procedures adverse in any material respect to Anthropic without the prior written consent of Anthropic or following an order from the Court. Notwithstanding anything to the contrary contained herein, nothing in these Sale Procedures will require the Debtors to take any action, or to refrain from taking any action, unless the Debtors determine necessary to comply with their respective fiduciary duties under applicable law.
>
>   (i) <u>Beneficiaries</u>.  These Sale Procedures are for the benefit of the Debtors and their estates.  No interested party, Qualified Bidder or third party shall have any right or benefit hereunder at any time, nor shall the Debtors have any monetary liability to any person in connection with any failure or alleged failure to comply with these Sale Procedures.

<u>Information Access.</u>  The Debtors and their advisors shall provide the legal counsel and financial advisor of the Consultation Parties with regular updates as to the status of the marketing process, including parties contacted, bids received, and other information reasonably requested by the Consultation Parties to evaluate the marketing process (it being understood that the members of the Official Committee shall be entitled to receive bid information with bidder identities redacted).  The Consultation Parties shall provide the Debtors and their advisors with regular updates as to their views, and prompt updates of any material concerns, with respect to the sale process and the bids received.

3. Nothing in this Order approves any bid protections, and the Debtors shall seek court approval of any bid protections on notice to parties-in-interest.

4. ~~3.~~ Pursuant to section 363(f) of the Bankruptcy Code, any sale of the Anthropic Shares in accordance with this Order shall be free and clear of any liens, claims, encumbrances and interests (except as set forth in the Sale Procedures), with any such liens, claims, encumbrances and interests to attach to the proceeds of such sale with the same validity, priority, force and effect as such liens, claims, encumbrances and interests had on the sold assets immediately prior to the sale, subject to the rights, claims, defenses and obligations, if any, of the Debtors and all interested parties with respect to any such asserted liens, claims, encumbrances and interests.

5. ~~4.~~ The Sale Procedures shall not apply to the sale of any causes of action against any current or former employee, director, officer or professionals of the Debtors, and the Debtors shall not sell or release any causes of action against any current or former employee, director, officer or professionals of the Debtors in connection with any sale of the Anthropic Shares. For the avoidance of doubt, the Debtors may release causes of action against the applicable Anthropic Shares, Anthropic and the purchaser of any Anthropic Shares in connection with such purchase (solely in the purchaser's capacity as such); provided, however, that if the Debtors release or sell causes of action, the Debtors shall comply with the procedures set forth in paragraph 2 and specify within the Sale Disclosures any releases or sale of causes of action in connection with a sale of the Anthropic Shares. The rights of all parties-in-interest to object to any such releases or sale(s) of causes of action in connection with a sale of the Anthropic Shares is fully reserved.

6. ~~5.~~ All rights of all parties-in-interest in these cases to object to a Sale of the Anthropic Shares in accordance with the Sale Procedures are hereby expressly reserved; *provided, however*, that subject to the objection deadlines set forth in the Sale Procedures, notwithstanding anything contained herein or in the Sale Procedures otherwise to the contrary, all rights of the Consultation Parties and UST to object to any Sale, whether conducted through an Auction or a Private Sale, are hereby expressly preserved.

7. ~~6.~~ The absence of a timely objection to the sale or transfer of the Anthropic Shares in accordance with the Sale Procedures and the terms of this Order shall constitute "consent" to such sale or transfer free and clear of liens and claims (except as set forth in the Sale Procedures) within the meaning of section 363(f)(2) by any party asserting liens, claims, encumbrances against, and other interests in, any Anthropic Shares, as applicable.

~~-11-~~

8.    ~~7.~~ The Debtors are authorized to take any action that is reasonable and necessary to close the Sales and to obtain the proceeds thereof in accordance with and subject to the Sale Procedures.

9.    ~~8.~~ The noticing procedures as set forth in this Order are hereby approved. Within three business days after entry of this Order, the Debtors shall serve this Order, together with any attachments, by first-class mail (and/or by email, as applicable) upon the Sale Notice Parties.  On or ~~about~~ prior to the same date, the Debtors shall publish this Order on the Debtors' case information website (located at https://restructuring.ra.kroll.com/FTX).  Service of this Order and for each proposed Sale, the respective Sale Disclosures on the Sale Notice Parties and publication thereof in the manner described in this Order, to the extent required by the Sale Procedures, constitutes good and sufficient notice of the Debtors' such proposed Sale of the Anthropic Shares free and clear of any liens, claims, interests and encumbrances (except as set forth in the Sale Procedures), pursuant to Bankruptcy Code section 363(f).  No other or further notice is required, except as otherwise set forth herein.

10.    ~~9.~~ Except for Anthropic, all persons or entities that participate in the sale process shall be deemed to have knowingly and voluntarily submitted to the ~~exclusive~~ jurisdiction of this Court with respect to all matters related to the Sale Procedures.

11.    ~~10.~~ The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order ~~(excluding, for the avoidance of doubt, the payment of any amounts or the incurrence of any fees, costs or expenses to such investee companies and/or their representatives except as expressly contemplated by this Order)~~.

12.    ~~11.~~ Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Sale Procedures Hearing, nothing in the Motion, this Order, or announced at the Sale Procedures Hearing constitutes a finding under the federal securities laws as to whether transactions involving the Anthropic Shares are securities transactions, and the right of the United States Securities and Exchange Commission to challenge transactions involving the Anthropic Shares on any basis are expressly reserved.

13.    ~~12.~~ The Debtors ~~are authorized to file the Reference Price under seal. Absent further order of the Court, the Reference Price shall remain under seal and not be made available to anyone except for the Court, the U.S. Trustee and counsel to the Official Committee.~~ shall file a report of all sales consummated pursuant to the Sale Procedures, including date(s) of the purchase(s), number of Anthropic Shares sold, identity of the purchaser(s) and purchase price, within one month of the later of, unless an earlier time is agreed between the Debtors and Anthropic, (i) December 31, 2024 and (ii) the effective date of a confirmed chapter 11 plan; provided that all parties' rights with respect to sealing any information in such report are expressly reserved.

14.    ~~13.~~ Nothing contained herein shall be deemed to modify, amend, waive, or alter the Company Documents or any rights of Anthropic or the Debtors under the Company Documents.  Anthropic has not waived any rights under the Company Documents and all such rights are expressly reserved.  Failure to object to the Sale Procedures shall not be deemed a waiver, modification or amendment to any of Anthropic's rights or any term of any Company Document, and any Bankruptcy Court order approving these Sale Procedures shall not, and the Debtors shall be precluded from raising any defenses that failure by Anthropic to object to this Order will, bar, estop or limit in any manner, Anthropic's right to object to any Sale.  Nothing in

~~-13-~~

the Sale Procedures or this Order shall constitute an admission by the Debtors that Anthropic is a party-in-interest with respect to any Sale.

15. ~~14.~~ All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. ~~15.~~ The requirements set forth in Local Rule 9013-1(b) are satisfied.

17. ~~16.~~ The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

18. ~~17.~~ This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

19. ~~18.~~ This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
       Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge