# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD.,<br><br>    Plaintiffs,<br><br>    - against -<br><br>LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS,<br><br>    Defendants. | Adv. Pro. No. 23-50437 (JTD)<br><br><br><br>Hearing Date: March 20, 2024 at 10:00 a.m. (ET)<br>Obj. Deadline: March 7, 2024 at 4:00 p.m. (ET) |

**MOTION OF PLAINTIFFS FOR ENTRY OF AN ORDER (I) AUTHORIZING PLAINTIFFS TO ENTER INTO STIPULATION WITH LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, BRANDON WILLIAMS, MARTHA LAMBRIANOU, AND MARCEL LOETSCHER, (II) APPROVING THE STIPULATION, <u>AND (III) GRANTING RELATED RELIEF</u>**

        FTX Trading Ltd. ("<u>FTX</u>") and Maclaurin Investments Ltd. ("<u>Maclaurin</u>" and together with FTX, "<u>Plaintiffs</u>" and collectively with their affiliated debtors and debtors-in-possession, the "<u>Debtors</u>") hereby submit this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") authorizing

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Plaintiffs to enter into the stipulation of settlement, a copy of which is attached as Exhibit 1 to the Order (the "Stipulation"),² between and among Plaintiffs and Patrick Gruhn, Robin Matzke, Lorem Ipsum UG, and Brandon Williams (collectively, "Defendants"), and Martha Lambrianou and Marcel Lötscher (together with Defendants, the "LI Parties"). Plaintiffs and the LI Parties are each a "Party" and collectively, the "Parties." In support of the Motion, Plaintiffs submit the declaration of Mr. Steven P. Coverick attached hereto as Exhibit B. In further support of the Motion, Plaintiffs respectfully state as follows:

### Preliminary Statement

1. In three share purchase transactions executed prepetition on October 25, 2020, July 2, 2021, and November 14, 2021, Plaintiffs acquired Digital Assets DA AG, a Swiss company later renamed FTX Europe AG, and its subsidiaries, from Patrick Gruhn, Brandon Williams and Lorem Ipsum UG (which is wholly owned by defendant Robin Matzke). Plaintiffs transferred a total of $273,499,994 in cash and USDC to Defendants, and promised or did transfer equity in FTX to Defendants, in connection with the second and third share purchase agreements, including payments tied to meeting certain milestones set out in the third share purchase agreement. Plaintiffs brought this adversary proceeding (the "Adversary Proceeding") to avoid these transfers and obligations, as well as claims related to transfers Debtor FTX Europe AG ("FTX Europe") made to third parties, and to disallow any claims by Defendants in the Chapter 11 Cases. The Official Committee of Unsecured Creditors (the "Creditors' Committee") intervened as a Plaintiff in the Adversary Proceeding [A.P. D.I. 50, 51].

---

² Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

2. Defendants subsequently filed motions to dismiss the Adversary Proceeding and certain of the LI Parties filed motions to dismiss the Chapter 11 Cases of FTX, Maclaurin, FTX Europe and FTX EU Ltd.

3. In addition, certain of the LI Parties filed proofs of claim in the Chapter 11 Cases. Patrick Gruhn filed a proof of claim against FTX (Claim No. 4831) for "[n]o less than $33,402,312.50" (the "Gruhn Proof of Claim") and Lorem Ipsum UG filed a proof of claim against FTX (Claim No. 4476) for "[n]o less than $62,011,656.25" (the "Lorem Ipsum Proof of Claim"), in each case for funds alleged to be due under the third share purchase agreement, related agreements, and for other potential claims such as breach of contract and fraud. Robin Matzke filed a customer proof of claim against FTX (Claim No. 50116) for the balance of his FTX customer account as of the petition date, including $34,814,823.15 in fiat plus the value of the cryptocurrency positions in his account (the "Matzke Proof of Claim"). Martha Lambrianou, the sole remaining prepetition director of FTX EU Ltd., filed proofs of claim on behalf of FTX EU Ltd. against FTX and FTX Switzerland GmbH (Claim Nos. 79107 and 79926) for $161,203,051.84 (the "Lambrianou Proofs of Claim" and together with the Matzke Proof of Claim, Gruhn Proof of Claim, and Lorem Ipsum UG Proof of Claim, the "Proofs of Claim").

4. After the commencement of the Chapter 11 cases, the Debtors, with the assistance of their bankers at Perella Weinberg Partners, sought to initiate a sale process for FTX Europe and its affiliates as part of their effort to monetize assets for the benefit of the estates. During these preparatory activities, the Debtors came to the view that there was no realistic prospect of a successful sale of FTX Europe for the reasons set forth in Plaintiffs' complaint.

5. Following extensive arm's length negotiations, on January 29, 2024, the Debtors and the LI Parties agreed to the principal terms of a global settlement of the Adversary Proceeding, the Proofs of Claim, and the LI Parties' motions to dismiss, as well as the sale of

certain subsidiaries and assets of FTX Europe to certain of the LI Parties or their affiliates (the "Global Settlement").  The Global Settlement was reflected in the Stipulation, dated as of February 7, 2024, which contemplates, among other things, (i) the disallowance of the Gruhn, Lorem Ipsum UG, and Lambrianou Proofs of Claim; (ii) the withdrawal, with prejudice, of the LI Parties' motions to dismiss the Adversary Proceeding and the Chapter 11 Cases of FTX, Maclaurin, FTX Europe, and FTX EU Ltd.; (iii) an agreement by the LI Parties to refrain from taking any adverse action against the Debtors (such as by filing a motion to dismiss any of the pending Chapter 11 Cases); (iv) the allowance of the Matzke Proof of Claim against FTX, in an amount to be reconciled; (v) the release of any claims the Debtors may have against the LI Parties and certain other persons connected to the LI Parties, FTX Europe, or its subsidiaries, as specified in Annex A to the Stipulation; (vi) the release of any claims the LI Parties and their respective affiliates (and other parties specified in Annex A to the Stipulation, and their respective affiliates) may have against the Debtors and certain other persons; and (vii) the dismissal of the Adversary Proceeding with prejudice.  As a component of the Global Settlement, the Parties have agreed that, pursuant to a sale agreement subject to approval by the Court, Patrick Gruhn, Robin Matzke and Lorem Ipsum UG will purchase certain subsidiaries and assets of FTX Europe for $32,700,000.  The Debtors will file a separate motion seeking approval of the proposed sale.

6.      Plaintiffs' entry into the Stipulation is in the best interests of their estates, creditors and stakeholders.  The proposed settlement Stipulation obviates the need for further litigation with the LI Parties in both the Adversary Proceeding and the Chapter 11 Cases of FTX, Maclaurin, FTX Europe and FTX EU Ltd.  Approval of the Stipulation will resolve Plaintiffs' claims against each of the Defendants and Defendants' claims against the estates and deliver significant recovery while avoiding the expense, uncertainty and burden of litigation.  The sale

agreement entered into in connection with the proposed settlement will deliver substantial value to FTX Europe creditors and facilitate an orderly liquidation of FTX Europe and its remaining subsidiaries. The Creditors Committee supports the proposed settlement as set forth in the Stipulation and this Motion. Accordingly, Plaintiffs submit the Stipulation satisfies Bankruptcy Rule 9019 and should be approved.

## Background

7. On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [Ch. 11 D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware, appointed the Official Committee in the Debtors' Chapter 11 Cases, pursuant to section 1102 of the Bankruptcy Code [Ch. 11 D.I. 231].

9. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [Ch. 11 D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [Ch. 11 D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [Ch. 11 D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [Ch. 11 D.I. 93].

---

[3]    November 11, 2022, is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

**Jurisdiction**

10. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") 9013-1(f), Plaintiffs consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

11. By this Motion, Plaintiffs request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Plaintiffs to enter into the Stipulation, (b) approving the Stipulation, and (c) granting certain related relief.

**Facts Specific to the Relief Requested**

12. Prior to the Petition Date, between June 29, 2021, and October 5, 2022, 2022, Alameda and FTX transferred a total of $273,499,994 in cash and USDC to Defendants, and promised or did transfer equity in FTX to Defendants, to acquire FTX Europe (then known as Digital Assets DA AG) and as earn-out payments under the third and final share purchase agreement (together, the "Transfers").

13. Plaintiffs believe that they have meritorious claims to avoid and recover the Transfers and other related claims. On July 12, 2023, Plaintiffs commenced the Adversary

Proceeding by filing a complaint [Adv. Pro. D.I. 1] asserting claims for intentional and constructively fraudulent transfers in connection with the acquisition of Digital Assets DA AG, claims for preferential transfers in connection with the earn-out payments, claims for breach of fiduciary duty against Robin Matzke and Patrick Gruhn for causing FTX Europe to make transfers to certain third parties, and for disallowance of Defendants' claims filed in the Chapter 11 Cases.  Plaintiffs sought to avoid transfers and recover $323.5 million in damages.

14.     On October 25, 2023, Brandon Williams moved to dismiss the complaint in the Adversary Proceeding for failure to state a claim and in the alternative for summary judgment [Adv. Pro. D.I. 23].  On October 27, 2023, Lorem Ipsum UG, Patrick Gruhn, and Robin Matzke filed a motion to dismiss the complaint for failure to state a claim and for lack subject matter jurisdiction [Adv. Pro. D.I. 31].  On December 15, 2023, Plaintiffs filed their opposition to the motion to dismiss [Adv. Pro. D.I. 58].  Defendants believe their motions are meritorious; Plaintiffs disagree.

15.     The LI Parties also have filed several motions to dismiss the Chapter 11 Cases of certain Debtors.  On October 27, 2023, Patrick Gruhn, Robin Matzke, and Lorem Ipsum UG filed motions to dismiss the Chapter 11 Cases of Maclaurin and FTX for lack of subject matter jurisdiction [Ch. 11 D.I. 3399 & 3400].  On December 12, 2023, the Debtors filed their omnibus opposition to these motions [Ch. 11 D.I. 4616].  On November 17, 2023, Dr. Marcel Lötscher, a former employee and director-elect of FTX Europe, filed a motion to dismiss the Chapter 11 Case of FTX Europe for lack of subject matter jurisdiction [Ch. 11 D.I. 4037] (the "Lötscher Motion to Dismiss").  Lastly, on January 10, 2024, Martha Lambrianou filed a motion to dismiss the Chapter 11 Case of FTX EU Ltd [Ch. 11 D.I. 5529] (the "Lambrianou Motion to Dismiss" and together with the Lötscher Motion to Dismiss and the Gruhn, Matzke, and Lorem

Ipsum UG motions to dismiss, the "Motions to Dismiss"). Movants believe their Motions to Dismiss are well-founded; Debtors disagree.

16. Certain of the LI Parties filed proofs of claim in the Chapter 11 Cases. The Gruhn and Lorem Ipsum Proofs of Claim were filed on June 30, 2023, the Matzke Proof of Claim was filed on September 10, 2023, and the Lambrianou Proofs of Claim were filed on September 28, 2023.

17. On January 4, 2024, the Debtors filed the *Motion of Debtors For Entry of An Order (I) Authorizing and Approving (A) Entry Into, and Performance Under, the Share Purchase Agreement and (B) the Purchase and Sale of Certain Shares Free and Clear of Liens, Claims and Encumbrances and (II) Dismissing the Chapter 11 Cases of Certain Debtors Effective Upon the Earlier of the Closing or the Termination of the Share Purchase Agreement* [Ch. 11 D.I. 5378] (the "FTX EU Sale Motion"), seeking Court authorization, among other things, for FTX Europe to sell, and for FTX Trading to purchase, the equity interests of Debtors FTX EU Ltd. and FTX Switzerland GmbH, and upon the earlier of the closing or the termination of the proposed sale, dismissal of the Chapter 11 Cases of FTX Europe, FTX Certificates GmbH, FTX Crypto Services Ltd, FTX Structured Products AG and FTX Trading GmbH.

18. Because the FTX Europe Sale Motion requested the same relief as the Lötscher Motion to Dismiss—dismissal of the chapter 11 case of FTX Europe—the Debtors filed the *Debtors' Objection to the Motion of Dr. Marcel Lötscher to Dismiss the Bankruptcy Case of FTX Europe AG* [Ch. 11 D.I. 5428] on January 5, 2024, requesting that the Court deny the Lötscher Motion to Dismiss without prejudice, or in the alternative, to adjourn.

19. Following extensive arm's length negotiations, on January 29, 2024, the Debtors and the LI Parties reached the Global Settlement. In connection with this settlement, on

January 31, 2024, the Court entered an agreed order approving a stay of the Adversary Proceeding [Adv. Pro. D.I. 83].

20. The Global Settlement was reflected in the Stipulation, which the Debtors and the LI Parties executed on February 7, 2024. The Stipulation contemplates, among other things, (i) the disallowance of the Gruhn, Lorem Ipsum UG, and Lambrianou Proofs of Claim; (ii) the withdrawal of the Motions to Dismiss and the FTX Europe Sale Motion with prejudice; (iii) an agreement by the LI Parties to refrain from taking any adverse action against the Debtors (such as by filing a motion to dismiss any of the pending Chapter 11 Cases); (iv) the allowance of the Matzke Proof of Claim; (v) the release of any claims the Debtors may have against the LI Parties and certain other persons connected to the LI Parties, FTX Europe AG, or its subsidiaries, as specified in Annex A to the Stipulation; (vi) the release of any claims the LI Parties and their respective affiliates (and other parties specified in Annex A to the Stipulation, and their respective affiliates) may have against the Debtors and certain other persons; and (vii) the dismissal of the Adversary Proceeding with prejudice.

21. Annex A to the Stipulation identifies both the name of the parties subject to releases by the Debtors under the Stipulation, as well as their relationship with the LI Parties and/or the reason for the release. The Stipulation provides that the scope of the Debtors' release of claims, or the Court's modification to the scope of the release as part of the Court's approval of the Stipulation, or the exclusion by the Court of any party identified on Annex A from the release, does not affect the validity or effectiveness of the Stipulation.

22. In conjunction with the Global Settlement, on February 7, 2024, the Debtors and certain of the LI Parties entered into the Share and Asset Purchase Agreement, pursuant to which Patrick Gruhn, Robin Matkze, and Lorem Ipsum UG agreed to cause CredoMedia GmbH to purchase certain subsidiaries of FTX Europe, including FTX EU Ltd.,

FTX Switzerland GmbH, FTX Trading GmbH, FTX Certificates GmbH, and FTX Structured Products AG, as well as certain operating assets of FTX Europe, including IT assets, business records, and intellectual property, for $32,700,000, on the terms and subject to the conditions therein (the "Sale Transaction").

**Basis for Relief**

**I.     The Stipulation Satisfies Bankruptcy Rule 9019 Because It Is Fair, Reasonable and in the Plaintiffs' Best Interests.**

23.    Resolution of Plaintiffs' claims against Defendants through the Stipulation is in the best interests of Plaintiffs and their estates because it will resolve costly, hard-fought litigation and result in the disallowance of the Gruhn, Lorem Ipsum UG, and Lambrianou Proofs of Claim totaling $256,617,020. Furthermore, in connection with the Global Settlement implemented through the Stipulation, Gruhn, Lorem Ipsum UG and Matzke have agreed to the Sale Transaction, which will allow the Debtors to realize a significantly higher value for the assets of FTX Europe than the Debtors were previously able to obtain. The proposed settlement, together with the Sale Transaction, likely would generate more value to the Debtors' estates on a risk adjusted basis than if Plaintiffs were to continue litigating the Adversary Action. Settlement on the proposed terms is thus a reasonable exercise of the Plaintiffs' business judgment satisfying Bankruptcy Rule 9019.

24.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). The compromise or settlement of litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy" as such settlements

"minimize litigation and expedite the administration of the estate." *In re World Health Alts., Inc.*, 344 B.R. 291, 295-96 (Bankr. D. Del. 2006).

25. "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). Courts should not, however, substitute their judgment for that of the debtor, but instead should canvass the issues to see whether the compromise falls below the lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted). Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

26. The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Grp., Inc.*, 222

B.R. at 243 (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997). The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities." *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (citations omitted).

27. In addition, Bankruptcy Code section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

28. The terms of the proposed Stipulation fall well within the range of reasonableness and should be approved by the Court. The terms of the Settlement Agreement provide for the immediate disallowance of three sizable proofs of claim against the Debtors. Furthermore, in conjunction with the settlement, and subject to the approval of the Court, the Sale Transaction would result in the payment of $32.7 million to Debtor FTX Europe at a significantly higher price than the Debtors have otherwise been able to realize. The settlement would also avoid the risks of litigation and the time and expense of pursuing claims against the Defendants. Accordingly, the compromises set forth in the Stipulation are, in the aggregate, fair and equitable, fall well within the range of reasonableness, and satisfy each applicable *Martin* factor.

      a.    **The Risks of Litigation and Subsequent Collection**

29. Plaintiffs maintain that they have meritorious claims to recover the full amount of the Transfers. Defendants disagree and have vigorously litigated the claims. Thus, Plaintiffs would need to spend significant time and resources proving their claims, obtaining a favorable judgment against Defendants, and enforcing a part of that judgment abroad against Robin Matzke and Lorem Ipsum UG.

30. Even if Plaintiffs were to succeed in defeating the motions to dismiss in the Adversary Proceeding, Defendants would assert various defenses to the claims, contesting, among other things, Plaintiffs' assertions with respect to insolvency, the nature and purpose of the transfers to Defendants, as well as whether Plaintiffs received reasonably equivalent value in return. Many of these issues will turn on costly expert testimony, and Defendants can reasonably be expected to proffer qualified experts in opposition to Plaintiffs' experts.

31. Given the attendant risks and costs of litigation and the favorable terms of the settlement, Plaintiffs submit that the proposed Stipulation is in the best interests of Plaintiffs' estates.

      **b.    The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay Are Unwarranted**

32. Litigation of Plaintiffs' claims against Defendants would be complex, expensive, and time-consuming. Pursuit of the claims would require litigating the sufficiency of evidence for various theories of recovery for multiple transfers, including the circumstances of each transfer and the intent of Mr. Bankman-Fried and others in connection with these transfers. Mr. Bankman-Fried and other former executives of Plaintiffs are unlikely to be available to testify on issues relating to the claims in the near term due to ongoing criminal proceedings, which further complicates the litigation and timing of resolution. Plaintiffs' claims would require litigating multiple other complex issues using expert reports and other evidence, including the insolvency of the Debtors in 2021 and the value of Digital Assets DA AG when it was acquired.

      **c.    The Paramount Interests of Creditors are Served.**

33. The Stipulation is in the best interests of Plaintiffs' creditors because it promptly resolves the Lambrianou, Lorem Ipsum UG and Patrick Gruhn Proofs of Claim, obviates the need for further litigation of the Adversary Proceeding and the Motions to Dismiss

in the Chapter 11 Cases, and, together with the Sale Transaction, allows the Debtors to realize significant value for the assets of FTX Europe. The proposed settlement would thus maximize value for the Debtors' estates while avoiding time consuming and costly litigation. Indeed, for these reasons, as set forth in the Motion, the Creditors' Committee supports the Global Settlement.

34. Therefore, in Plaintiffs' business judgment, the value of entering into the Stipulation exceeds the net benefits that Plaintiffs and their estates potentially could obtain by pursuing litigation of claims against Defendants. Based on the foregoing, Plaintiffs submit that the Stipulation satisfies the *Martin* factors and Bankruptcy Rule 9019 because it is fair, reasonable, and in the best interests of Plaintiffs, their estates, and their stakeholders. As a result, Plaintiffs respectfully request that the Court authorize Plaintiffs to enter into the Stipulation and approve its terms.

### Waiver of Bankruptcy Rule 6004(h)

35. Given the nature of the relief requested herein, Plaintiffs respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons described above, Plaintiffs submit that ample cause exists to justify a waiver of the 14-day stay to the extent such stay applies.

### Reservation of Rights

36. Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against Plaintiffs or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of Plaintiffs or their estates to contest the validity, priority, or

amount of any claim against Plaintiffs or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of Plaintiffs or their estates with respect to any and all claims or causes of action against any third party except as otherwise set forth herein or in the Stipulation.

## Notice

37. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) counsel to the Ad Hoc Committee of Non-US Customers of FTX.com; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; (h) counsel for the Joint Provisional Liquidators of FTX Digital Markets Ltd.; (i) the United States Attorney for the Southern District of New York; (j) counsel to the LI Parties, including Patrick Gruhn, Robin Matzke, Lorem Ipsum UG, Brandon Williams, Martha Lambrianou, and Marcel Lötscher; and to the extent not listed herein, (k) those parties requesting notice pursuant to Bankruptcy Rule 2002. Plaintiffs submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, Plaintiffs respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: February 22, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>          mcguire@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Steven L. Holley (admitted *pro hac vice*)<br>Stephen Ehrenberg (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>Email: holleys@sullcrom.com<br>          ehrenbergs@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          dunnec@sullcrom.com<br><br>*Counsel for Plaintiffs* |