**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 176, 7909** |
| | **Hearing Date: March 20, 2024 at 10:00 a.m. (ET)** |
| | **Obj. Deadline: March 13, 2024 at 4:00 p.m. (ET)** |

**(I) APPLICATION OF THE UNITED STATES TRUSTEE FOR ORDER
APPROVING APPOINTMENT OF ROBERT J. CLEARY, ESQ. AS EXAMINER; (II)
MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING THE SCOPE, COST,
DEGREE, AND DURATION OF THE INITIAL PHASE OF THE EXAMINATION AND
(B) GRANTING RELATED RELIEF; AND (III) MOTION TO FILE CERTAIN
INFORMATION REGARDING POTENTIAL PARTIES IN INTEREST UNDER SEAL**

Andrew R. Vara, United States Trustee for Region 3 (the "U.S. Trustee"), through his

counsel, hereby (i) applies to the Court pursuant to Rule 2007.1(c) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for an order approving the appointment of Robert

J. Cleary, Esq. as examiner in the above-captioned cases, and pursuant to section 1104(c)(2) of

title 11 of the United States Code (the "Bankruptcy Code"); (ii) moves for entry of an order (a)

establishing the scope, degree, duration, and cost of the Initial Phase (as defined below) of the

examination (the "Examination") and (b) granting related relief; and (iii) moves to file certain

---

1    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number
are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a
complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided
herein. A complete list of such information may be obtained on the website of the Debtors' claims and
noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent
Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua
and Barbuda.

information regarding potential parties in interest under seal (the "Application/Motion "), and in support thereof, respectfully states:

## I.    PRELIMINARY STATEMENT

1.      The U.S. Trustee requests Court approval of the appointment of Robert J. Cleary, Esq. as examiner (the "Examiner") in the above-captioned cases.  Further, the U.S. Trustee requests that the Court (a) approve the proposed scope, degree, duration, and cost of the Initial Phase (defined below) of the Examination and (b) grant related relief as set forth below.

## II.    JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction over the above-captioned cases pursuant to 28 U.S.C. § 1334.  This Court is authorized to hear and determine the Application/Motion pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012.  Venue of the cases is proper in this District pursuant to 28 U.S.C. § 1408(1).

3.      Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4.      The U.S. Trustee has standing to be heard with respect to the Application/Motion pursuant to 11 U.S.C. § 307.  The U.S. Trustee is required to apply for approval of the Examiner's appointment pursuant to Bankruptcy Rule 2007.1(c).

### III.   <u>FACTUAL BACKGROUND</u>

5.      On November 11 and 14, 2022, the above-captioned debtors (the "<u>Debtors</u>") filed chapter 11 petitions in this Court.

6.      On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner* [D.I. 176] (the "<u>Examiner Motion</u>").

7.      On December 4, 2022, an ad hoc committee of non-U.S. customers of FTX.com filed a notice of appearance in the Debtors' cases [D.I. 185] (the "<u>Ad Hoc Committee</u>").

8.      On December 15, 2022, the U.S. Trustee appointed an official committee of unsecured creditors in the Debtors' cases [D.I. 231] (the "<u>Official Committee</u>").

9.      On and after December 21, 2022, the State of Wisconsin, the Vermont Department of Financial Regulation, and the Texas State Securities Board and the Texas Department of Banking (together, the "<u>Joining Parties</u>") filed joinders to the Examiner Motion [D.I. 263, 339 & 600].

10.     On January 25, 2023, the Debtors, the Official Committee, and the joint provisional liquidators of FTX Digital Markets Ltd. (now joint official liquidators, the "<u>JOLs</u>") filed objections to the Examiner Motion [D.I. 571, 572 & 573].

11.     On February 21, 2023, the Court entered the *Order Denying Motion for the Appointment of an Examiner* [D.I. 746] (the "<u>Examiner Order</u>").

12.     On March 6, 2023, the U.S. Trustee filed a notice of appeal of the Examiner Order [D.I. 805].

13.     On May 30, 2023, the United States District Court for the District of Delaware issued an opinion and entered an order granting the U.S. Trustee's request to certify a

direct appeal of the Examiner Order to the United States Court of Appeals for the Third Circuit (the "Third Circuit") [23-cv-241 (D. Del.) (CFC); D.I. 39, 40].

14.     On July 18, 2023, the Third Circuit entered an order granting the U.S. Trustee's petition to appeal the Examiner Order directly to the Third Circuit [23-8029 (3d Cir.); D.I. 16].

15.     On January 19, 2024, the Third Circuit issued its opinion and entered judgment in the matter of *In re FTX Trading Ltd., et al.* [23-2297 (3d Cir.); D.I. 66, 67]. The Third Circuit's opinion is reported at 91 F.4th 148 (3d Cir. 2024).

16.     On January 22, 2024, the U.S. Trustee filed the *United States Trustee's Notice of Disposition of Appeal Pursuant to Local Rule 8024-1* [D.I. 6117].

17.     On January 24, 2024, the Court held a status conference to discuss the appointment of an examiner. During the January 24 conference, the Court provided direction regarding the examiner appointment process and its thoughts regarding the scope, duration, and possible cost of the Examination [Tr. 1/24/24; D.I. 6552].

18.     On February 12, 2024, the Third Circuit issued its certified judgment in lieu of mandate pursuant to Federal Rule of Appellate Procedure 41 [Case No. 23-2297 (3d Cir.), D.I. 69; Bankr. D.I. 7301].

19.     On February 23, 2024, the Bankruptcy Court entered an order directing the U.S. Trustee to appoint an examiner in the Debtors' cases [D.I. 7909].

20.     Contemporaneously with the filing of this Application/Motion, the U.S. Trustee is filing a notice of appointment of the Examiner.

## IV.    <u>ARGUMENT</u>

**I.    The Court Should Approve the Examiner's Appointment**

21.    Section 1104(d) of the Bankruptcy Code provides:

> If the court orders the appointment of a trustee or an examiner . . . ,
> then the United States trustee, after consultation with parties in
> interest, shall appoint, subject to the court's approval, one
> disinterested person other than the United States trustee to serve as
> trustee or examiner, as the case may be, in the case.

11 U.S.C. § 1104(d).

22.    The "plain meaning of this language, its legislative history, and the interpretation given to this provision by the courts all dictate" that the authority to appoint a chapter 11 trustee or examiner is vested in the U.S. Trustee. *In re Plaza de Diego Shopping Ctr., Inc.*, 911 F.2d 820, 827 & 830 (1st Cir. 1990); *see also In re Capital Servs. & Invs., Inc.*, 90 B.R. 382, 383 (Bankr. C.D. Ill. 1988) ("It is clear from [the] statute that once the Court orders the appointment of a trustee, it is the United States Trustee that actually selects and appoints the trustee.").

23.    Fed. R. Bankr. P. 2007.1(c) provides:

> An order approving the appointment of a trustee or an examiner
> under § 1104(d) of the Code shall be made on application of the
> United States trustee.  The application shall state the name of the
> person appointed and, to the best of the applicant's knowledge, all
> the person's connections with the debtor, creditors, any other parties
> in interest, their respective attorneys and accountants, the United
> States trustee, or persons employed in the office of the United States
> trustee.  The application shall state the names of the parties in
> interest with whom the United States trustee consulted regarding the
> appointment.  The application shall be accompanied by a verified
> statement of the person appointed setting forth the person's
> connections with the debtor, creditors, any other party in interest,
> their respective attorneys and accountants, the United States trustee,
> or any person employed in the office of the United States trustee.

24.    "Consultation" is not defined in the Bankruptcy Code.  *See In re Capital*

5

*Servs. & Invs., Inc.*, 90 B.R. at 385 ("The Court believes that the consultation requirement of Sec. 1104(c) requires the United States Trustee to make a good faith attempt to get input from the parties in interest.").

25.     Here, the U.S. Trustee has fulfilled his statutory obligation to consult with parties in interest.  As part of the examiner appointment process, the U.S. Trustee consulted with the Debtors, the Official Committee, the Ad Hoc Committee, the JOLs, and the Joining Parties. Specifically, the U.S. Trustee asked the parties to provide candidate suggestions and other input. The U.S. Trustee also considered self-nominated candidates.  The U.S. Trustee also received the views of plaintiffs in the multidistrict litigation captioned *In re FTX Cryptocurrency Exchange Collapse*, Case No. 23-md-03076 (KMM) (S.D. Fla.).  After consulting with the parties, interviewing candidates, and deliberating internally, the U.S. Trustee appointed Robert J. Cleary, Esq. as the Examiner in the Debtors' cases.

26.     To the best of the U.S. Trustee's knowledge, the Examiner's connections with the Debtors, their creditors, and any other parties in interest, their respective attorneys and accountants, the U.S. Trustee and persons employed by the Office of the United States Trustee are limited to the connections set forth in the verified statement attached hereto as **Exhibit A**.  To the best of the U.S. Trustee's knowledge, the Examiner is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

## II.     Scope, Cost, Degree, and Duration

27.     The initial scope, cost, degree, and duration of the Examination should be faithful to the Third Circuit's decision and consistent with this Court's comments at the January 24, 2024 status conference.

A. Scope

28.    The initial scope of the Examination should be faithful to the Third Circuit's

decision.  The Third Circuit's decision states in relevant part:

> An examiner "is first and foremost disinterested and nonadversarial"
> and "answers solely to the Court." *In re Big Rivers Elec. Corp.*, 355
> F.3d 415, 432 (6th Cir. 2004) (quoting *In re Baldwin United Corp.*,
> 46 B.R. 314, 316 (S.D. Ohio 1985)).  This requirement of disinterest
> is particularly salient here, where issues of potential conflicts of
> interest arising from debtor's counsel serving as pre-petition
> advisors to FTX have been raised repeatedly. JA 110, Amicus Br.,
> 22–28.  Moreover, the U.S. Trustee raised the concern that, given
> the reports of widespread fraud, officers or employees who may
> have engaged in wrongdoing could remain at FTX Group. JA 100 ¶
> 35. In enacting subsection 1104(c)(2), Congress made certain that
> neither the Bankruptcy Court nor the Appellees could deem these
> issues unworthy of an outside investigation in this particular
> bankruptcy, which certainly qualifies as a "large case[] having great
> public interest." 124 CONG. REC. 33990 (1978).

*In re FTX Trading Ltd.*, 91 F.4th at 156-57 (slip op. at 16-17).

29.    In its decision, the Third Circuit also stated:

> Requiring a public report furthers Congress's intent to protect the
> public's interest as well as those creditors and debtors directly
> impacted by the bankruptcy. Such protection seems particularly
> appropriate here. The collapse of FTX caused catastrophic losses for
> its worldwide investors but also raised implications for the evolving
> and volatile cryptocurrency industry. For example, an investigation
> into FTX Group's use of its own cryptocurrency tokens, FTTs, to
> inflate the value of FTX and Alameda Research could bring this
> practice under further scrutiny, thereby alerting potential investors
> to undisclosed credit risks in other cryptocurrency companies. In
> addition to providing much-needed elucidation, the investigation
> and examiner's report ensure that the Bankruptcy Court will have
> the opportunity to consider the greater public interest when
> approving the FTX Group's reorganization plan.

*Id.* at 157 (slip op. at 17-18).

30.     The initial scope of the Examination should also be generally consistent with this Court's comments on the subject at the January 24 status conference:

> I thought I would try to shortcut the process a little bit, at least, by giving my preliminary thoughts on my view on the scope of an examination. My view is the examiner should review the investigations that have already been concluded or that are currently underway by the debtors, the Committee, and any third parties, including the SEC, the DOJ, the Southern District of New York, the CFGC, anybody else who's investigated these debtors, and provide a report that outlines those investigations and what their findings were and make recommendations for any additional investigations, if any, that the examiner believes would be necessary or helpful to the Court or the estate.  If the examiner recommends additional investigations, the report should include an explanation of the nature of the investigations, the process for conducting that investigation, and the projected costs and how the investigation will benefit the Court and the estate. That should be in a summary format. It should be something that could be done fairly quickly. I would say probably within 30 or 45 days after appointment, we could get that kind of a report from an examiner and then, if there is requests for additional investigations, I will seek comments from the parties in interest and I will make a determination as to whether or not those proposed investigations are in -- are necessary and proper in the context of this case.  Again, the goal here is not to reinvent the wheel.

D.I. 6552 (Tr. 1/24/24 Hr'g.) at 25:13-26:13.  The "review of investigations" described by the Court above, including the specific review of the topics identified by the Third Circuit, is referred to as the "Initial Phase" of the Examination in this Application/Motion.

31.     Supplementing the Court's comments slightly to account for the Third Circuit's observation that an examination under section 1104(c) of the Bankruptcy Code serves the public interest as well as those of the Debtors' estates and its creditors, at the end of the Initial Phase of the Examination, the Examiner should also have the opportunity to recommend additional investigations on grounds that such investigations are in the public interest, subject to this Court's ultimate determination regarding whether such additional investigations are warranted.

32.    With respect to the three topics specifically identified by the Third Circuit in its opinion, the Court recommended the following:

- First, the Court indicated that the Examiner should look at whether there are conflicts of interest involving Sullivan & Cromwell "without reinventing the wheel;" the Examiner should look at what the Court's ruling was and "make a report as to whether or not the examiner believes there is any other potential conflict."  D.I. 6552 (Tr. 1/24/24 Hr'g.) at 27:23-28:8.

- Second, with respect to the U.S. Trustee's concern about widespread fraud at the Debtors and that employees involved in such fraud were still working for the Debtors, the Court indicated its belief that the Examiner could address that issue as part of the Initial Phase of the Examination; the Examiner can look at what investigations have been conducted and give a report on whether or not the Examiner believes any other investigations need to be conducted.  D.I. 6552 (Tr. 1/24/24 Hr'g.) at 28:9-28:20.

- Third, the Court indicated that the issue of the Debtors' use of its cryptocurrency, FTT, to inflate its value could also be addressed as part of the Initial Phase of the Examination; the Examiner can look at what investigations have been conducted and give a report on whether or not the Examiner believes any other investigations need to be conducted.  D.I. 6552 (Tr. 1/24/24 Hr'g.) at 28:21-29:23.

B.  Cost

33.    Based on the assumption that there will be no impediments to or delays in the Examiner gaining access to all relevant information, the cost of the Initial Phase of the Examination shall not exceed $1,100,000.  If that assumption is not met, in the sole discretion of

the Examiner, then the cost of the Initial Phase of the Examination shall not exceed $1,600,000, without further order of the Court.

C.  Degree

34.    The degree of the Examination should be such as will allow the Examiner to file complete and accurate public reports when the Initial Phase of the Examination and, if authorized by this Court, any subsequent phase of the Examination is completed.  Accordingly, the degree of the Examination may vary, depending on factors such as (i) the cooperation the Examiner receives in obtaining relevant information and (ii) the Examiner's need to corroborate facts.  Voluntary document productions and interviews may suffice for part of the Examiner's information gathering, but the Examiner may also need to resort to formal process (e.g., depositions, document requests, motions, and subpoenas) to complete the Examination. Accordingly, this Court should empower the Examiner with the tools necessary to complete the work, subject to the limitations on scope, duration and cost set by the Court.

D.  Duration

35.    Based on the assumption that there will be no impediments to or delays in the Examiner gaining access to all relevant information, the report on the Initial Phase of the Examination should be filed no later than 60 days from the date of entry of the Court's order approving the Examiner's appointment.  The number of investigations into the pre-petition conduct of the Debtors' businesses warrants a limited amount of additional time beyond the Court's 30-45 day estimate for the Examiner to complete his review of same.  In the event that additional time beyond 60 days is necessary because the above assumption is not met, the Examiner will file a motion seeking additional time from the Court.

E.  Subsequent Phase of Examination

36.     The scope, cost, degree, and duration of a subsequent phase of the Examination, if any, authorized by this Court after the filing of the Examiner's report should be addressed on notice, after the report on the Initial Phase of the Examination is filed.

F.  Other Provisions in Order

37.     The proposed form of order governing the Examination's scope, degree, duration, and cost also contains customary provisions to facilitate the Examination, including (i) provision for parties in interest to cooperate with the Examination; (ii) provision for the Debtors to provide documents to the Examiner; (iii) provision for the Examiner's cooperation with governmental units; (iv) provision for retention and compensation of professionals employed by the Examiner; and (v) provision for the Examiner's standing as a party in interest.

## III.  The Court Should Permit Certain Information Regarding Potential Parties in Interest Under Seal

38.     This Court has previously entered orders directing the filing of certain information regarding parties in interest (e.g., the identities of customers) under seal, pursuant to section 107 of the Bankruptcy Code.  *See*, *e.g.*, D.I. 7315.  Additionally, certain commercially sensitive information (e.g., the identities of potential bidders for estate assets) has been filed under seal by other estate professionals.  *See*, *e.g.*, D.I. 5228.  In filing the potential parties in interest list appended to his Verified Statement as Schedule 1 and any disclosure(s) regarding his connections with those potential parties in interest, the Examiner seeks similar permission to file such information under seal.

11

### V.    <u>NOTICE</u>

39.    The U.S. Trustee will serve this Application/Motion on the Debtors, the Official Committee, the Ad Hoc Committee, the JOLs, the Joining Parties, and other parties in interest identified in a subsequently filed certificate of service.  The U.S. Trustee submits that no further notice is required.

### VI.    <u>CONCLUSION</u>

40.    The U.S. Trustee reserves all of his rights and privileges, including (without limitation) attorney-client privilege, attorney work product doctrine, deliberative process privilege, and executive privilege.

**[Continued on next page – space intentionally left blank]**

WHEREFORE the U.S. Trustee requests that this Court enter the forms of order attached hereto as (i) **Exhibit B** approving the appointment of Robert J. Cleary, Esq. as Examiner and (ii) **Exhibit C** establishing the scope, cost, degree, and duration of the Initial Phase of the Examination.

Dated: Wilmington, Delaware
       February 27, 2024

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 AND 9

By: */s/ Benjamin Hackman*
Benjamin A. Hackman
Linda Richenderfer (DE #4138)
Jonathan W. Lipshie
Trial Attorneys
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
benjamin.a.hackman@usdoj.gov
linda.richenderfer@usdoj.gov
jon.lipshie@usdoj.gov