# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Re: D.I. _____** |

**ORDER (I) (A) ESTABLISHING THE SCOPE, COST, DEGREE, AND DURATION OF THE INITIAL PHASE OF THE EXAMINATION AND (B) GRANTING RELATED RELIEF; AND (II) PERMITTING THE FILING OF CERTAIN INFORMATION REGARDING POTENTIAL PARTIES IN INTEREST UNDER SEAL**

Upon the motion of Andrew R. Vara, United States Trustee for Region 3 ("U.S. Trustee"), for entry of an order (a) establishing the scope, cost, degree, and duration of the initial phase of the examination and (b) granting related relief (the "Motion"); the Court having reviewed the Motion, and it appearing that[1] timely and sufficient notice of the Motion was given to interested parties in accordance with the Bankruptcy Code and the Bankruptcy Rules; and no other notice need be given; and it appearing that the proposed scope, cost, degree, duration of the initial phase is appropriate; and it appearing that the filing of certain information regarding potential parties in interest under seal is also appropriate; and upon the hearing held on March 20, 2024, and all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing thereof it is hereby ORDERED as follows:

1. The Motion is GRANTED to the extent set forth herein.

2. During the initial phase (the "Initial Phase") of the examination (the "Examination"),

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

the examiner (the "Examiner") shall, no later than sixty (60) days from the entry of this Order, file a report which (i) reviews the investigations of the Debtors conducted by the Debtors, the Committee, and any third parties (including any governmental units) which are pending or have concluded (the "Investigations"), (ii) describes the findings of such Investigations, and (iii) makes recommendations for additional investigations, if any, that the Examiner believes (a) are necessary or helpful to the Court or the Debtors' estates, or (b) are in the public interest.

3. In addition, the report filed at the conclusion of the Initial Phase of the Examination shall include the following:

   a. An examination of the Court's ruling on the Debtors' application to employ Sullivan & Cromwell ("S&C") and whether there are potential conflicts of interest involving S&C which were not addressed by the Court's ruling on the employment application;

   b. An examination of whether the Investigations addressed fraud by the Debtors' employees and whether employees involved in such fraud were still working for the Debtors; and

   c. An examination of whether the Investigations addressed the Debtors' use of its cryptocurrency, FTT, to inflate its value.

4. Based on the assumption that there will be no impediments to or delays in the Examiner gaining access to all relevant information, the cost of the Initial Phase of the Examination shall not exceed $1,100,000. If that assumption is not met, in the sole discretion of the Examiner, then the cost of the Initial Phase of the Examination shall not exceed $1,600,000, without further order of the Court.

5. The report on the Initial Phase of the Examination shall be filed no later than 60 days from the date of entry of the Court's order approving the Examiner's appointment.

6. The Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and any third parties which either are investigating or have investigated the Debtors shall fully cooperate with the Examiner in the performance of any of the Examiner's duties and the Examination, and the Debtors and the Committee shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Examination.

7. The Debtors shall provide to the Examiner all non-privileged documents and information within their possession that the Examiner deems relevant to perform the Investigation. If the Examiner seeks the disclosure of documents or information as to which the Debtors assert a claim of privilege, or otherwise objects to disclosing, including on the basis that the request is beyond the scope of the Investigation, and the Examiner and the Debtors are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution.

8. Neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Examination or the Examiner's duties until the Examiner's report is filed with the Court.

9. The Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above) including, but not limited to, any federal, state or local government agency that may be investigating the Debtors, its management or its financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies.

10. The Examiner may retain counsel and other professionals if he determines that such retention is necessary to discharge his duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327. The Examiner may, in his sole

discretion, upon agreement of the Debtors and the Committee, avail himself of work product created by the Debtors' or the Committee's financial advisors or investment bankers in connection with the Investigations.

11. The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to the procedures established in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435]. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330.

12. The Examiner shall have the standing of a "party in interest" with respect to the matters that are within the scope of the Examination, and shall be entitled to appear and be heard at any and all hearings in these cases; *provided*, *however* that the Examiner shall not have the standing or ability to prosecute any claim or cause of action absent further order of this Court.

13. The Examiner is permitted to file under seal the identified parts of Schedule 1 to his Verified Statement and any disclosure(s) regarding his connections with those parties in interest.

14. This Order is without prejudice to the right of any party in interest to seek relief from the Court, including modification of the scope of the Examination. This Order is also without prejudice to the Examiner's right to seek other relief as he or she may otherwise deem appropriate in furtherance of the discharge of his or her duties and the Examination.

15. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.