## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 653 & 1198** |

### SUPPLEMENTAL DECLARATION

I, Dominique Michel Müller, declare under penalty of perjury:

1. I am a partner of Lenz & Staehelin, located at Brandschenkestrasse 24, CH-8027 Zurich, Switzerland (the "Firm").

2. On February 8, 2023, in compliance with the *Order Authorizing Procedures to Retain, Compensate and Reimburse Professionals Utilized in the Ordinary Course of Business* [D.I. 432], my partner Tanja Luginbühl submitted a declaration in support of the Firm's retention as an Ordinary Course Professional [D.I. 653] (the "Original Declaration"). On March 30, 2023, in response to certain concerns raised by the Office of the United States Trustee (the "U.S. Trustee") regarding the Firm's inability to disclose the identity of its connections to parties listed on the PII List under applicable foreign law and its request for additional information related thereto, Ms. Luginbühl submitted a supplemental declaration identifying such law and providing certified English translations thereof (the "Supplemental Declaration" and together with the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Original Declaration as the "Declarations").[2]  I have reviewed the Declarations and all attachments thereto.  I hereby incorporate by reference the Declarations in their entirety including, but not limited to, each of the factual statements and legal explanations set forth therein as though fully set forth herein, noting, however, that it was my partner, Tanja Luginbühl who directed the search of the Firm's database to determine that no conflict of interests exists in relation to the parties-in-interest on the PII List with respect to the Firm being engaged in representing the Debtors as explained in paragraph 6 of the Original Declaration.  If called upon to testify, I could and would testify to the facts and legal information set forth in the Declarations and this supplemental declaration.

        3.      As set forth in paragraph 6 of the Original Declaration and as further explained in paragraph 3 of the Supplemental Declaration, the Firm is prohibited by applicable Swiss law from disclosing the identity of its clients.  Specifically, Article 13 of the Swiss Federal Lawyers Act (the "FLA") states that admitted attorneys are subject to professional secrecy with regard to everything, which has been entrusted to them by their clients in their professional capacity, for an unlimited period of time and towards everyone ("Confidential Information").  This not only includes information which has been provided to an attorney during the mandate, but also the existence of the client relationship itself.  The only relevant exception to this blanket prohibition is if the client voluntarily consents to the disclosure of its identity.  The penalty for disclosing Confidential Information to anyone, including the Debtors, this Court, the U.S. Trustee or the Committee, is criminal and carries a sentence of up to 3 years in prison or a monetary penalty.  In addition, the applicable Swiss attorney supervisory authority may sanction an attorney

---

[2]    Terms utilized but not otherwise defined herein shall have the same meanings as ascribed to them in the Original Declaration or the Supplemental Declaration as applicable.

violating the FLA for disclosing the Confidential Information, which can take the form of a warning, reprimand, monetary fine, temporary or permanent ban on practicing as an attorney-at-law.

4. In an effort to resolve the U.S. Trustee's concerns with respect to the Firm's retention and mindful of our legal and ethical obligations under Swiss law, the Firm has worked diligently over the course of several months to try to obtain voluntary consent from the Firm's connections identified on the PII List to disclose their identities to the Debtors, the U.S. Trustee, the Committee and the Court on a confidential basis through the filing of a further supplemental declaration under seal (except for a few limited instances in which clients had already consented to the disclosure of their identity in another context). This proved to be a lengthy and arduous process for the Firm.

5. Ultimately, with the exception of two (2) clients who have not responded to the Firm's numerous written and telephonic requests made over the course of several months for consent, the Firm has obtained the necessary consent of each of its 19 current clients identified on the PII List attached to the Original Declaration (the "Lenz Connections") to the disclosure of their identity, provided, however, that any such disclosures are made under seal and disclosed solely to the Debtors, the Court, the Office of the United States Trustee and the Official Committee of Unsecured Creditors on a confidential basis and are not disclosed in any public manner. Attached hereto as **Exhibit A** is a list of the Lenz Connections as of 1 December 2023, who have given such consent.

6. With regard to the two (2) clients who have not responded to the Firm's repeated requests for consent, I confirm that one (1) client is categorized on the PII List as Banks/Lender/UCC Lien Parties/Administrative Agents and one (1) client as Investments/Acquisitions.

7.      To the best of my knowledge, formed after due inquiry respecting the restrictions posed by Swiss data protection and labour laws, neither I, the Firm, nor any attorney or employee thereof (i) has any connection with the Debtors (other than one employee, identified on **Exhibit B** hereto, who brought to the attention of Ms. Luginbühl and myself that in his private capacity he transacted over FTX.com in a low five digit amount, but was and is not working on this matter) or (ii) currently represents (or previously represented) any of their creditors, other parties-in-interest, the U.S. Trustee or any person employed by the U.S. Trustee with respect to the Debtors or the matters upon which it is to be engaged. For the avoidance of doubt, the Firm does not represent any of the Lenz Connections in connection with these Chapter 11 Cases. Additionally, the Firm, its attorneys and employees do not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters upon which the Firm is to be employed, except as disclosed herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 2/28, 2024

_____
Dominique Müller