## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Nos. 669 & 1201** |

## SUPPLEMENTAL DECLARATION

I, Rupert Geoffrey Dangar Bell, declare under penalty of perjury:

1.   I am an Attorney-at-Law in the Cayman Islands with the firm, Walkers, of 190 Elgin Avenue, George Town, Grand Cayman KY1-9001, Cayman Islands (the "Firm"), where I am a Partner in the Insolvency and Dispute Resolution Group.

2.   The Firm is one of the largest offshore law firms in the world, with offices in the Cayman Islands, the British Virgin Islands, Bermuda, London, Jersey, Guernsey, Dubai, Hong Kong, Singapore and Dublin with approximately 470 Attorneys-at-Law practicing globally. Walkers provides legal services to leading Fortune 100 and FTSE 100 global corporations and financial institutions, capital markets participants, investment fund managers and growth and middle-market companies. In the Cayman Islands, Walkers is one of the two largest firms, having been established in 1964.

3.   On February 8, 2023, in compliance with the *Order Authorizing Procedures to Retain, Compensate and Reimburse Professionals Utilized in the Ordinary Course of Business* [D.I. 432], I submitted a declaration in support of the Firm's retention as an Ordinary Course

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Professional [D.I. 669] (the "Original Declaration"). On March 30, 2023, in response to certain concerns raised by the Office of the United States Trustee (the "U.S. Trustee") regarding the Firm's inability to disclose the identity of its connections to parties listed on the PII List attached to the Original Declaration under applicable foreign law and its request for additional information related thereto, I submitted a supplemental declaration identifying the applicable Cayman Islands law pursuant to which the Firm and Attorneys-at-Law at the Firm owe duties of confidentiality to clients under common law, confidentiality and data protection legislation and professional conduct principles/rules and enclosed relevant excerpts thereof [D.I. 1201] (the "Supplemental Declaration" and together with the Original Declaration as the "Declarations").[2]

4.      As set forth in paragraph 6 of the Original Declaration and as further explained in paragraphs 3-9 of the Supplemental Declaration, pursuant to the Cayman Islands Confidential Information Disclosure Act, common law and the Code of Conduct for Cayman Islands Attorneys-at-Law (collectively, the "Cayman Islands Law"), the Firm and its Attorneys-at-Law must at all times maintain and protect the confidentiality of the affairs of their clients including, without limitation, the existence of such attorney/client relationship unless otherwise authorized by the client to disclose or pursuant to another exception under Cayman Islands Law - none of which is applicable here. In the absence of express client consent, the Firm would be in breach of its common law duties and professional obligations if it was to disclose the identity of a client to anyone, including the Debtors, this Court, the U.S. Trustee or the Committee. If any such disclosure was made, the Firm and/or Attorneys-at-Law at the Firm would potentially face

---

[2] Terms utilized but not otherwise defined herein shall have the same meanings as ascribed to them in the Original Declaration or the Supplemental Declaration as applicable.

litigation risk, including damages and injunctive relief, as well as regulatory and professional conduct proceedings. By way of example:

- The Grand Court of the Cayman Islands (the "Cayman Court") may restrain the Firm from potential breaches of confidence (see for example, *Rakusen v Ellis, Munday Clark* [1912] 1 Ch. 831, a true and correct copy of which is attached hereto as Exhibit C), by way of injunction upon the application of the relevant client.

- If the Firm and/or Attorneys-at-Law at the Firm were to disclose the identity of a client without such client's consent, the client may also be entitled to remedy by way of equitable compensation for breach of fiduciary duty and/or damages for breaches of contractual duty (see for example Jackson & Powell on Professional Liability (9th Edition, paragraph 11-239: *"An award for damages or compensation is the principal remedy, and in most cases the only remedy, which the court will grant for breach of duty by a solicitor. Compensation may be awarded for breach of fiduciary duty, and damages for breach of contract or negligence…"*).

- Pursuant to Section 7 of the Cayman Islands Legal Practitioners Act (2022 Revision), a judge of the Cayman Court shall "*have the power, for reasonable cause shown, to suspend any attorney-at-law from practicing as such during any specified period or to order the attorney-at-law's name to be struck off the Court Roll*".

5.  In an effort to resolve the U.S. Trustee's concerns with respect to the Firm's OCP retention and mindful of our legal and ethical obligations as a matter of Cayman Islands law, the Firm has worked diligently over the course of several months to identify the Firm's current connections identified on the PII List which are already available within the public domain or, to the extent such Firm connections identified on the PII List are not publicly available, to engage with such Firm connections in order to obtain their voluntary consent to the disclosure of their identities to the Debtors, the U.S. Trustee, the Committee and the Court on a confidential basis through the filing of a further supplemental declaration under seal. Given certain of these parties' unfamiliarity with the Bankruptcy Code and the United States bankruptcy process and their reluctance to waive the Firm's and/or Attorney-at-Law's duties of confidentiality owing to them as a matter of Cayman Islands Law, as well as concerns generally regarding the disclosure of their

identity in a further supplemental declaration (notwithstanding that such supplemental declaration is being made under seal), this proved to be a lengthy process for the Firm.

6.   Ultimately, the existence of twenty (20) Firm connections identified on the PII List are already available within the public domain (the "Public Walkers Connections"); and with the exception of one (1) Firm connection (identified as a customer on the PII List) who has refused to consent to the disclosure of its identity, the Firm has obtained the consent of seventeen (17) Firm connections identified on the PII List (the "Non-Public Consenting Walkers Connections") to disclose their identity solely to the Debtors, the Court, the U.S. Trustee and the Committee on a confidential basis; provided, however, that any such disclosures must be made under seal and not disclosed in any public manner (all Firm connections in this paragraph referred to collectively, as the "Walkers Connections").  Attached hereto as **Exhibit A** is a list of the Public Walkers Connections that are available in the public domain and, to the extent not required to be sealed by order of this Court, identified without redaction.  Attached hereto as **Exhibit B is** a list of the Non-Public Consenting Walkers Connections that are not available in the public domain and are being disclosed solely to the Debtors, the Court, the U.S. Trustee, and the Committee with the consent of the applicable Walkers Connection.  With regard to the one (1) client who has declined to provide the necessary consent to disclose their identity, I confirm that this client is categorized on the PII List as "Bank/Lender/UCC Lien Party/Administrative Agent".

7.   To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any attorney or employee thereof: (i) has any connection with the Debtors; or (ii) currently represents (or previously represented) any of their creditors, other parties-in-interest, the U.S. Trustee or any person employed by the U.S. Trustee with respect to the Debtors and the matters upon which it is to be engaged.  For the avoidance of doubt, the Firm does not represent any of the Walkers

Connections in connection with these Chapter 11 Cases. Additionally, the Firm, its attorneys and employees do not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters upon which the Firm is to be employed, except as disclosed herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: FEBRUARY 28, 2024

_____
Rupert Geoffrey Dangar Bell