# EXHIBIT D

**Müller Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF DOMINIQUE MÜLLER IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING (I) ENTRY INTO, AND PERFORMANCE UNDER, THE SHARE AND ASSET PURCHASE AGREEMENT, (II) THE SALE OF THE SHARES OF THE TRANSFERRED SUBSIDIARIES, SHARES OF THE MINORITY ENTITIES AND TRANSFERRED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, AND (III) DISMISSING THE CHAPTER 11 CASES OF THE FTX EUROPE SUBSIDIARIES**

I, Dominique Müller, hereby declare under penalty of perjury:

1. I am an attorney licensed and in good standing in Switzerland. I am a Partner in the Zurich office of law firm Lenz & Staehelin ("L&S"), a full-service law firm retained by this Court to represent FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned proceedings (the "Chapter 11 Cases").

2. I have more than 10 years of experience advising on litigation and restructuring and bankruptcy matters under Swiss law. I frequently advise clients on litigation,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

-1-

investigations and restructuring and insolvency matters. I hold a Master of Laws (LLM) from the University of Virginia.

3. I submit this declaration (the "Declaration") in support of the *Motion of Debtors For Entry of an Order Authorizing and Approving (I) Entry Into, and Performance Under, the Share and Asset Purchase Agreement, (II) the Sale of the Shares of the Transferred Subsidiaries, Shares of the Minority Entities and Transferred Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, and (III) Dismissing the Chapter 11 Cases of the FTX Europe Subsidiaries* (the "Motion").[2] I am not being compensated separately for this testimony other than through payments received by L&S as legal advisor to the Debtors. Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me in connection with the Chapter 11 Cases or information provided to me by the Debtors. If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the Debtors.

4. Due to FTX Europe AG's ("Seller") financial condition, Seller's board of directors, pursuant to its duties under Swiss law, filed a request with the District Court of Höfe, Switzerland (the "Swiss Court") to open provisional moratorium proceedings (the "Provisional Moratorium") with respect to Seller on April 4, 2023. The Swiss Court granted this request on April 11, 2023, which was subsequently extended to December 11, 2023. On November 24, 2023, the Swiss Court granted a definitive moratorium until June 11, 2024 (the "Definitive Moratorium" and, together with the Provisional Moratorium, the "Moratorium").

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

5. Pursuant to the Moratorium, Seller operates under the supervision of a court-appointed administrator, Holenstein Brusa AG (the "Swiss Administrator"), while Seller seeks to either restructure its debt or enter into a composition agreement with its creditors. During the Moratorium, Seller may also enter into a transaction with the goal of maximizing the value of its assets for its creditors as required under Swiss law.

6. If the Closing does not occur and the prospects of a successful restructuring is diminishing, the Swiss Administrator is required to consider, pursuant to its duties under Swiss law, whether to initiate Swiss bankruptcy liquidation proceedings in relation to Seller.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: February 28, 2024

/s/
Dominique Müller
Lenz & Staehelin
Partner