## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: March 20, 2024 at 10:00 a.m. ET**<br>**Obj. Deadline: March 13, 2024 at 4:00 p.m. ET** |

**FOURTH MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors")[2] hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), further extending the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof. Specifically, the Debtors seek to (a) extend the Debtors' exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") from March 5, 2024 for an additional 69 days through and including May 13, 2024 and (b) extend

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] For the avoidance of doubt, this Motion seeks to extend only the Exclusive Periods for FTX Trading Ltd. and its affiliated debtors and debtors-in-possession and not for Debtor Emergent Fidelity Technologies Ltd.

the Debtors' exclusive period to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") from June 3, 2024 for an additional 38 days through and including July 11, 2024, in each case representing the statutory maximum pursuant to section 1121 of the Bankruptcy Code. In support of the Motion, the Debtors respectfully state as follows:

**Preliminary Statement**

1.      This is the Debtors' fourth and final motion to extend the Exclusive Periods. As the Court is aware, the restructuring of FTX is one of the most complex and challenging corporate group insolvencies ever filed. Had these Chapter 11 Cases not been filed in November 2022, or had different choices been made in the early months, customers of FTX.com and potentially other FTX creditors would have faced a near total loss. Yet this Court's protection and supervision have allowed the Debtors and their many consulting creditor representatives to make consistent and deliberate progress. Today, the Debtors' corporate governance, corporate controls, asset security, financial reporting and financial condition are all radically changed. And, although the value taken and lost by prepetition management will never be recovered fully, the Debtors currently anticipate that recoveries will be at least sufficient to pay third party customers and general unsecured creditors 100% of their allowed claims over time, measured at petition time value and subject to agreement by certain governmental creditors to voluntarily subordinate their own very large and impaired claims. As the Debtors cautioned, this is an objective and not a guarantee. There is still a daunting amount of work to be done.

2.      The Debtors filed the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 4498] (the "Initial Plan") in December after negotiations with their key creditor constituencies. Since that time, the Debtors have remained in

discussions with the Official Committee of Unsecured Creditors (the "Committee"), the Ad Hoc Group of Non-U.S. Customers of FTX.com (the "Ad Hoc Committee"), the Joint Official Liquidators ("JOLs") and governmental entities regarding the terms of a final plan of reorganization in light of the increased distributable value that is expected.

3.     There also have been other significant developments in these Chapter 11 Cases since the filing of the Initial Plan.  For example, the Debtors executed the Global Settlement Agreement with FTX Digital Markets Ltd. ("FTX DM") and the JOLs, which was authorized and approved by this Court on January 24, 2024 [D.I. 6365].  The Global Settlement Agreement resolved the complex cross-border dispute between the Debtors and FTX DM, including, among other things, the Debtors' claims against FTX DM asserted in the litigation captioned *Alameda Research LLC, et al.* v. *FTX Digital Markets Ltd., et al.,* Adv. Pro. No. 23- 50145 (JTD) [D.I. 1119] (the "Adversary Proceeding"), and FTX DM's claims asserted against the Debtors in these Chapter 11 Cases and the Adversary Proceeding.

4.     Meanwhile, the Debtors continue to progress toward a consensual arrangement with FTX Australia, cooperative understandings with the U.S. Department of Justice with respect to asset forfeitures, the resolution by estimation or settlement of U.S. Federal tax liability, the voluntary subordination of governmental claimants behind the victims of the fraudulent activities of prepetition insiders, the resolution of material claims that could impede or delay plan distributions, the pursuit of dozens of material avoidance actions, and a myriad of other critically important workstreams.

5.     To allow these processes to be completed, the Debtors seek by this Motion a modest further 69-day extension of the Exclusive Filing Period and a 38-day extension of the Exclusive Solicitation Period.  The Debtors' fourth request for an extension of the Exclusive

Periods should be granted.

## **Background**

6.        On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

7.        Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93] (collectively, the "First Day Declarations").

8.        On April 12, 2023, the Court entered the *Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 1276] (the "First Exclusivity Extension Order").  The First Exclusivity Extension Order extended the Exclusive Filing Period to September 7, 2023 and the Exclusive Solicitation Period to November 6, 2023.  On July 31, 2023, the Debtors filed the *Draft Plan of Reorganization* and accompanying *Term Sheet* [D.I. 2100] (together, the "Draft Plan").  On September 25, 2023,

the Court ordered the *Second Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 2698] (the "Second Exclusivity Extension Order").  The Second Exclusivity Extension Order extended the Exclusive Filing Period to December 6, 2023 and the Exclusive Solicitation Period to February 4, 2024.  On January 26, 2024, the Court entered the *Third Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 6680] (the "Third Exclusivity Extension Order").  The Third Exclusivity Extension Order extended the Exclusive Filing Period to March 5, 2024 and the Exclusive Solicitation Period to June 3, 2024.

9.     On December 16, 2023, the Debtors filed (i) the Initial Plan, (ii) the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Affiliated Debtors and Debtors-in-Possession* [D.I. 4862] (the "Initial Disclosure Statement"), and (iii) the *Motion of Debtors for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. 4863] (the "Solicitation Procedures Motion").  The Debtors expect to file a revised Plan and Disclosure Statement to incorporate the Global Settlement Agreement with the JOLs and other changes.  Accordingly, the Debtors request a further extension of the Exclusive Periods.

## Jurisdiction

10.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicate for the relief requested herein is section 1221(d) of the Bankruptcy Code.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

11.     By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, extending (a) the Exclusive Filing Period from March 5, 2024 by 69 days through and including May 13, 2024, and (b) the Exclusive Solicitation Period from June 3, 2024 by 38 days through and including July 11, 2024.

### Basis for Relief

**I.      Legal Standard for Extending the Exclusive Periods.**

12.     Sections 1121(b) and (c) of the Bankruptcy Code provide, respectively, that a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case and the exclusive right to solicit votes for its plan for an additional 60 days.  11 U.S.C. §§ 1121(b), (c).  On April 12, 2023, the Court granted an initial extension of the Exclusive Periods for 180 days.  The Court granted a second 180-day extension of the Exclusive Periods on September 25, 2023.  The Court granted a third extension of the Exclusive Periods on January 26, 2024, extending the Exclusive Filing Period for 90 days and the Exclusive Solicitation Period for 120 Days.  Currently, the Debtors' Exclusive Filing Period will expire on March 5, 2024, and the Debtors' Exclusive Solicitation Period will expire on June 3, 2024.[3]

---

[3]     Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Exclusive Periods automatically extends the Exclusive Periods until the Court acts on the Motion without the necessity for entry of a bridge order.

13.    Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend a debtor's exclusive period for filing a chapter 11 plan and to solicit votes thereof, for "cause" shown, to a date that is no later than 18 months (to file a plan) and 20 months (to solicit votes) from the Petition Date.  11 U.S.C. § 1121(d).  Although the Bankruptcy Code does not define "cause," legislative history indicates that it is intended to be a flexible standard that provides bankruptcy courts discretion to extend the exclusivity period based on the specific circumstances of a particular case.  *See* H.R. Rep. No. 95-595 at 231; *see also First Am. Bank* v. *Sw. Gloves & Safety Equipment, Inc.*, 64 B.R. 963, 965 (Bankr. D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion.").  This flexibility is intended to give a debtor an adequate opportunity to stabilize its businesses at the outset of the case and to then negotiate a plan with its creditors.  *See In re Spansion, Inc.*, 426 B.R. 114, 140-41 (Bankr. D. Del. 1991) ("The purpose of the exclusivity period is to provide a debtor . . . with 'the unqualified opportunity to negotiate a settlement and propose a plan of reorganization.'") (internal quotation omitted).

14.    The complexity and size of a chapter 11 case alone may warrant extension of the exclusive periods in order to permit a debtor a meaningful opportunity to formulate and seek confirmation of a chapter 11 plan.  *See, e.g.*, *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987) (holding that "cause" existed to grant the debtor's first request to extend exclusivity based on the size and complexity of the case); *accord In re Nicolet, Inc.*, 80 B.R. 733, 741-42 (Bankr. E.D. Pa. 1987) (refusing to deny the debtor's exclusivity motion, despite the debtor's failure to show cause, because of the case's complexity).  In addition, courts often consider non-exclusive factors in determining whether "cause" exists to extend a debtor's exclusive periods, including:

- the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

- the existence of good faith progress toward reorganization;

- the fact that the debtor is paying its bills as they come due;

- whether the debtor has demonstrated reasonable prospects for filing a viable plan;

- whether the debtor has made progress in its negotiations with creditors;

- the amount of time that has elapsed in the case;

- whether the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and

- the existence of an unresolved contingency.

*See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (reciting these "objective factors[,] which courts historically have considered"); *In re Burns & Roe Enters.*, 2005 WL 6289213, at \*3-4 (D.N.J. Nov. 2, 2005) (listing some of these factors in defining "cause").

15.     Not all of these factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods.  *See In re Texaco*, 76 B.R. at 327 (holding that "sheer size alone" provided sufficient cause to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) ("[N]ot all [factors] are relevant in every case.  Nor is it simply a question of adding up the number of factors which weigh for and against an extension.  It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); *see also In re Cent. Jersey Airport Servs.*, 272 B.R. 176, 184 (Bankr. D.N.J. 2002) (discussing only two of nine factors in holding that the debtor had shown cause).

16.     This Motion is the Debtors' fourth request to extend the Exclusive Periods. Courts in this district routinely grant fourth requests to extend exclusivity in large, complex reorganizations similar to these Chapter 11 Cases.  *See, e.g.*, *In re Mallinckrodt PLC*, Case No.

20-12522 (JTD) (Mar. 25, 2022) [D.I. 6941] (granting fourth exclusivity extension by 35 days);

*In re MTE Holdings LLC*, Case No. 19-12269 (KBO) [D.I. 1659] (Oct. 13, 2020) (granting fourth

exclusivity extension by 3 months); *In re Klausner Lumber two LLC*, Case No. 20-11518 (CTG)

[D.I. 1028] (Oct. 12, 2021) (granting fourth exclusivity extension by 2 months).

## II.     Ample Cause Exists to Extend the Debtors' Exclusive Periods.

17.     The unusual context of these Chapter 11 Cases make for ample cause to

grant the Debtors' requested extension of the Exclusive Periods.

### A.     These Chapter 11 Cases are Large and Complex.

18.     This Court is very familiar with the unique size and complexity of these

Chapter 11 Cases.  The breadth and depth of novel regulatory, financial and legal issues involved

is well-established.  The Chapter 11 Cases span dozens of jurisdictions, include nearly 100 current

Debtors, and involve millions of creditors across the world and billions of dollars in assets.  The

primary chapter 11 process, along with the contemporaneous adversary proceedings and other

litigation, including with respect to debtors in other complex chapter 11 cryptocurrency

proceedings, continue to raise unprecedented procedural and substantive questions of law.

Compounding these challenges are the dozens of parallel criminal and regulatory inquiries,

culminating in the highly publicized convictions of prior management.  Accordingly, the size and

complexity of the Chapter 11 Cases weigh in favor of a fourth and final extension of the Exclusive

Periods.

### B.     More Time is Necessary to Permit the Debtors to Finalize Negotiations for a Chapter 11 Plan.

19.     The Debtors have continued to advance these Chapter 11 Cases since the

Third Exclusivity Extension Order.  On December 16, 2023, following months of negotiations

with the Ad Hoc Committee, the Committee and other key stakeholders, the Debtors filed the

Initial Plan, the Initial Disclosure Statement and the Solicitation Procedures Motion. However, the plan formation process is not complete. The Debtors continue discussions with the U.S. Department of Justice with respect to asset forfeitures and other governmental agencies regarding voluntary subordination of governmental claims behind the victims of the fraudulent activities of prepetition insiders. Given improved projections as to distributable value, the Debtors also remain in discussions with the Committee, the Ad Hoc Committee and other key stakeholders regarding the terms of a final Plan and key components of creditor recoveries, including, but not limited to postpetition interest, exit liquidity and the resolution of disputes about the legal nature of digital asset entitlements. The Debtors intend to file an amended plan and disclosure statement incorporating changes and updates since the filing of the Initial Plan, and to solicit votes on that amended plan. Accordingly, the Debtors need additional time to finalize and file the amended plan and disclosure statement.

C.      The Debtors Have Made Significant Progress in These Chapter 11 Cases.

20.     The Debtors have continued to make substantial progress since the Third Exclusivity Extension Order. As otherwise noted, the Debtors have, among other things:

- Filed the Initial Plan, Disclosure Statement and Solicitation Procedures Motion;

- Continued processing, reviewing, reconciling and objecting to, where appropriate, thousands of proofs of claims for both customer and non-customer claims;

- Continued to identify and recover billions of dollars of liquid assets, many of which were frozen by custodians and/or held in the names of third parties to disguise ownership;

- Continued to collect, organized and reviewed voluminous corporate records across various traditional and non-traditional media of communications;

- Continued to reconstruct the Debtors' prepetition balance sheets;

-10-

- Continued providing information to, and cooperating with requests from, global law enforcement and regulatory authorities, including the U.S. Department of Justice, the Financial Services Committee of the U.S. House of Representatives, the U.S. Securities and Exchange Commission, the U.S. Commodity Futures Trading Commission, and numerous State and foreign authorities;

- Continued to investigate, prepare, file and prosecute significant litigation claims, including numerous avoidance actions;

- Obtained Court approval of a motion to estimate claims based on digital assets and fiat currency;

- Continued to represent the Debtors in other chapter 11 cases involving cryptocurrency exchanges where they have interests;

- Continued to provide significant amounts of information to the Committee and customers;

- Proposed and received approval from this Court to sell, hedge and stake certain digital assets in accordance with certain investment guidelines;

- Mediated various litigation disputes; and

- Entered into the Global Settlement Agreement, resolving disputes between the Debtors, the JOLs and FTX DM.

21.     Given the substantial progress that has been made, the Debtors submit that a fourth extension of the Exclusive Periods is appropriate to allow the chapter 11 process to continue and, ultimately, conclude, without the chaos of permitting the filing of competing plans.

D.     <u>The Debtors Continue to Pay Their Bills as They Become Due.</u>

22.     The Debtors have been paying their undisputed postpetition bills as they become due.  Because the Debtors continue to meet their ongoing postpetition obligations, the requested extension of the Exclusive Periods will not jeopardize the rights of any creditors or other parties providing goods or services to the Debtors during these Chapter 11 Cases.

E.     <u>The Debtors Have Demonstrated Strong Prospects for Filing a Revised Plan.</u>

23.     The Debtors have filed their Initial Plan and Initial Disclosure Statement.

These filings reflect settlements and agreement on numerous key issues with various creditor constituents, but does not incorporate all key recent developments and agreements. Accordingly, the Debtors require additional time to resolve outstanding issues and implement further changes in an amended plan and disclosure statement, and file that plan and disclosure statement without risk of competing plans being filed by other parties-in-interest. The Debtors anticipate filing this amended plan and disclosure statement in the near future, and believe that the Draft Plan, Initial Plan, Initial Disclosure Statement and Solicitation Procedures Motion all demonstrate strong prospects for filing a plan on which the Debtors can solicit votes by the expiration of the extended Exclusive Filing Period.

      F.    <u>The Debtors Have Made Progress in Discussions with Creditors and Other Parties-In-Interest.</u>

      24.    The Debtors continue to collaborate with key stakeholders, including the Committee, the Ad Hoc Committee, FTX DM and the JOLs. The forthcoming amended plan will reflect hard-fought consensus with respect to a range of challenging and complex issues with each of these parties and numerous other stakeholders. Accordingly, the relief requested herein will further the Debtors' efforts to progress these Chapter 11 Cases in collaboration with their creditors and other parties-in-interest.

      G.    <u>Time Elapsed in These Chapter 11 Cases.</u>

      25.    This is the Debtors' fourth and final request for an extension of the Exclusive Periods. As referenced above, courts in this district routinely grant debtors' fourth requests for extension of the exclusivity periods in cases of this size and complexity.

      H.    <u>The Debtors Are Not Seeking an Extension to Pressure Creditors.</u>

      26.    This request to extend the Exclusive Periods is not intended to exert pressure on creditors or any other interested party in these Chapter 11 Cases. To the contrary, the

Debtors propose extending the Exclusive Periods to permit the Debtors to capitalize on the momentum they have built and to file an amended plan that is the result of constructive discussions and negotiations with the key stakeholders in these Chapter 11 Cases.

       I.      <u>Termination of the Debtors' Exclusive Periods Would Adversely Impact These Chapter 11 Cases.</u>

27.      Termination of the Exclusive Periods would risk significant cost and delay to these Chapter 11 Cases.  The Debtors anticipate filing an amended plan and accompanying disclosure statement in the very near future.  Expiration of exclusivity now would be detrimental to the estates and all of the Debtors' stakeholders.  Accordingly, the Debtors submit that a further 69-day extension of the Exclusive Filing Period and 38-day extension of the Exclusive Solicitation Period is appropriate in light of the facts and circumstances of these Chapter 11 Cases.

## Notice

28.      Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

Dated: March 5, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*