### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOHN J. RAY III IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO THE GLOBAL SETTLEMENT AGREEMENT WITH BLOCKFI, (B) APPROVING THE GLOBAL SETTLEMENT AGREEMENT, AND (C) GRANTING RELATED RELIEF**

I, John J. Ray III, hereby declare as follows:

1. I am the Chief Executive Officer of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), having accepted this position on November 11, 2022. I am over the age of 18 and authorized to submit this Declaration on behalf of each of the Debtors.

2. I submit this declaration (this "Declaration") in support of the *Debtors' Motion for Entry of an Order (A) Authorizing the Debtors to Enter into the Global Settlement Agreement with BlockFi, (B) Approving the Global Settlement Agreement, and (C) Granting Related Relief* (the "Motion").[2]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon: (i) my personal knowledge, information and belief, or my opinion based upon experience,

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

knowledge and information concerning the Debtors; (ii) information learned from my review of relevant documents; and/or (iii) information supplied by persons working directly with me or under my supervision, direction or control and/or from the Debtors' professionals and advisors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4.  On February 1, 2024, the Debtors, BlockFi and the Committee participated in a one-day non-binding mediation session conducted by the Honorable Craig T. Goldblatt during which the parties negotiated and agreed to the terms of a settlement of all claims and disputes between them that is documented in the Global Settlement Agreement.

5.  The Global Settlement Agreement provides for a global resolution of all claims and disputes between the parties including, among other things, (i) the resolution of disputes with respect to the secured status of the Loan Claims by granting BlockFi a partially secured claim in the amount of $250 million and an unsecured claim for the remaining approximately 65% of outstanding principal, and (ii) the release of all of BlockFi's claims related to all purported collateral. Pursuant to the settlement, BlockFi has agreed to assign to the Debtors all of its rights (if any) with respect to the proceeds from the HOOD Shares held by the DOJ and otherwise cooperate to facilitate the release to the Debtors of the proceeds from the sale of the HOOD Shares and all other collateral, and to support and vote in favor of any FTX Plan provided that the treatment of the BlockFi Allowed Claims is consistent with the Global Settlement Agreement.

6.  It is my view that the Global Settlement Agreement is the result of good faith arm's-length negotiations between the parties and that such negotiations were free of any collusion. Settlement negotiations were vigorous and it was clear to me that in the absence of a deal both the Debtors and BlockFi are well-funded and ready to litigate the issues on behalf of

their respective stakeholders. It is my further view that the terms of the Global Settlement Agreement are fair to the Debtors and the Debtors' stakeholders, consummation of the settlement is in the best interests of the Debtors and the Debtors' estates, and the Debtors' entry into the Global Settlement Agreement represents a valid exercise of the Debtors' business judgment.

7. The Global Settlement Agreement confers substantial economic benefits upon the Debtors and the Debtors' estates while avoiding costly and time-consuming litigation in connection with the merits of the Debtors' avoidance actions against BlockFi, thereby eliminating the risks of any unfavorable outcome. In particular, BlockFi may be able to assert numerous defenses to the merits of the FTX Claims, including defenses that are specific to the facts surrounding the relevant transfers. As a result, the outcome of litigation involving numerous claims and defenses is uncertain.

8. There is also uncertainty with respect to the Debtors' ability to obtain the release of assets being held by the Department of Justice and the timing of such release in the absence of the settlement. Even if the Debtors successfully avoided BlockFi's security interests in the HOOD Shares, BlockFi may continue to assert an interest in those assets in connection with any forfeiture proceeding in the SDNY Criminal Forfeiture Proceedings. Avoiding an uncertain and protracted fight in the SDNY Criminal Forfeiture Proceedings with BlockFi was an important consideration for the Debtors in entering into the settlement to facilitate the release of this and other collateral promptly to the Debtors for distribution to creditors.

9. Based upon the facts presented to me as a result of the analysis described above and based upon my understanding of the claims and disputes as presented to me by the Debtors' advisors, I concluded that litigation with BlockFi would require significant time, money, and other resources that, coupled with the risks and uncertainties of litigating the parties' respective

-4-

claims to judgment, render entry into the Global Settlement Agreement in the Debtors' best interests. Settling the parties' disputes now for the valuable consideration provided by the terms of the Global Settlement Agreement is in the best interest of the Debtors' estates, and in my opinion the benefits of the Global Settlement Agreement outweigh the alternative of continued litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 6, 2024

/s/ *John J. Ray III*
John J. Ray III
Chief Executive Officer