IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | ) ) | Case No. 22-11068 (JTD) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) | Re Docket No. 8621 |

**STATEMENT OF THE VOYAGER WIND-DOWN DEBTOR REGARDING THE FOURTH MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Paul R. Hage, as Plan Administrator for Voyager Digital Holdings, Inc. and its debtor affiliates (collectively, "Voyager"),[2] files this statement (the "Statement") regarding the *Fourth Motion of Debtors for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 8621] (the "Motion") filed by the debtors in the above-captioned cases (collectively, the "Debtors"), and respectfully states as follows:

**STATEMENT**

1. In response to the Debtors' prior exclusivity motion, Voyager submitted a statement expressing its serious concerns regarding the Debtors' plan process (the "Prior

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] On March 10, 2023, the United States Bankruptcy Court for the Southern District of New York entered an order confirming the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1166 in Case No. 22-10943 (MEW)] (the "Voyager Plan"). Upon the effective date of the Voyager Plan, the Plan Administrator became the representative of the Voyager debtors' estates. *See* Voyager Plan, Article IV.H.4. The Plan Administrator is empowered to, among other things, enforce the claims and causes of action belonging to the Voyager estates that were preserved under the Voyager Plan. *Id.*

Statement").[3]  As discussed therein, Voyager and, by extension, over a million former Voyager customers are among the victims of the Debtors' fraud.  Voyager also is among the disfavored group of creditors whose claims were being improperly and inequitably subordinated in favor of customer claims under the initial version of the Debtors' chapter 11 plan.

2. The Prior Statement explained that the Debtors had not meaningfully engaged with Voyager and other similarly situated creditors in connection with formulating a plan, and the consequences were obvious.  At that time, customers were expected to receive over 90% of the Debtors' total value if the proposed plan was confirmed,[4] with non-customer victims like Voyager receiving only the remnants.

3. The Debtors have since indicated that they will be filing an amended plan in the near future that will pay customers and general unsecured creditors in full.[5]  While such statements are encouraging, the exact treatment of creditors will remain unknown until such plan is filed.

4. The Prior Statement also stated that while Voyager stood ready – as it still does – to engage with the Debtors to get to a truly consensual plan, Voyager nonetheless was prepared to serve discovery requests on the Debtors and begin building its case against confirmation. Voyager and the Debtors have engaged in targeted discovery, which process currently is ongoing.  Voyager is hopeful that the Debtors will live up to their fiduciary responsibilities and propose an amended plan that provides equitable treatment, consistent with the requirements of the Bankruptcy Code, for *all* of the estates' stakeholders, not merely the select few.  Voyager therefore does not intend to oppose the Motion.  Voyager does, however, reserve all of its rights,

---

[3] *See* Docket No. 5081.
[4] *See* Docket No. 3291-2.
[5] *See* Motion ¶¶ 1, 23.

including to seek to terminate the Debtors' exclusive periods and to supplement this Statement and raise additional issues with respect to the Motion on the record of the scheduled hearing.

Dated: March 13, 2024
      Wilmington, Delaware

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

/s/ *Maris J. Kandestin*
Maris J. Kandestin (I.D. No. 5294)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Tel:   (302) 485-3900
Fax:   (302) 351-8711
Email: mkandestin@mwe.com

-and-

Darren Azman (admitted *pro hac vice*)
John J. Calandra (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
Elizabeth Rodd (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Tel:   (212) 547-5400
Fax:   (212) 547-5454
Email: dazman@mwe.com
         jcalandra@mwe.com
         jbevans@mwe.com
         erodd@mwe.com

*Counsel for the Plan Administrator of the Voyager Wind-Down Debtor*

**CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that on this 13th day of March 2024, she caused a true and correct copy of the foregoing *Statement of the Voyager Wind-Down Debtor Regarding the Fourth Motion of Debtors for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* to be electronically filed and served via the Court's CM/ECF System upon all parties requesting electronic notices in this case and additionally upon the parties below via electronic mail.

LANDIS RATH & COBB LLP
Adam G. Landis
Kimberly A. Brown
Matthew R. Pierce
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Email:  landis@lrclaw.com
         brown@lrclaw.com
         pierce@lrclaw.com

SULLIVAN & CROMWELL LLP
Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Alexa J. Kranzley
125 Broad Street
New York, New York 10004
Email: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

                                                */s/ Maris J. Kandestin*
                                                Maris J. Kandestin