**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date:  May 15, 2024 at 1:00 p.m. (ET)<br>Obj. Deadline:  March 27, 2024 at 4:00 p.m. (ET) |

**MOTION OF OLYMPUS PEAK TRADE CLAIMS OPPORTUNITIES FUND I NON-ECI MASTER LP TO REQUIRE DEBTORS' CLAIMS AND NOTICING AGENT TO RECOGNIZE AND RECORD TRANSFER OF CLAIM TO OLYMPUS PEAK TRADE CLAIMS OPPORTUNITIES FUND I NON-ECI MASTER LP**

Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP ("Olympus"), by and through its undersigned counsel, respectfully represents and alleges as follows:

**Introduction**

1. This is a motion by Olympus (the "Motion") requiring the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration ("Kroll"), to recognize and record the transfer of the Aelysir Claim (as defined below) to Olympus pursuant to a Transfer of Claim filed by Olympus with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. Just recently, Olympus learned that two other Transfers of Claims for the Aelysir Claim were filed with the Bankruptcy Court by two different purported transferees of the Aelysir

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Claim. Olympus has been informed by Aelysir that it did not assign the Aelysir Claim to these purported transferees.

3. Submitted with this Motion is a declaration of Alessandro Piras, director of Aelysir, the transferor of the Aelysir Claim, stating that Aelysir did not assign nor authorize the assignment of the Aelysir Claim to anyone other than Olympus. Accordingly, Olympus should be recognized as the valid transferee of the Aelysir Claim.

### Jurisdiction and Venue

4. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 because this is a civil proceeding arising under or relating to the bankruptcy petitions filed by FTX under Chapter 11 of the United States Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b) because the bankruptcy court must know who properly owns claims against the FTX estate, including for purposes of voting, settling, enforcing, or collecting distributions on those claims. *See In re Powell*, 224 B.R. 409, 410-11 (Bankr. E.D. Mo. 1998); *In re Gremillion*, Adv. No. 15-1080, 2016 WL 890038, at *4 (Bankr. E.D. La. Mar. 8, 2016). Alternatively, this Court has jurisdiction under 28 U.S.C. § 157(c) because this is a civil proceeding relating to the bankruptcy petition filed by FTX under Chapter 11 of the United States Bankruptcy Code.

5. In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Olympus confirms it consents to the entry of final orders or judgments by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper in this Court under 28 U.S.C. § 1409(a).

**Background and Relief Sought**

7. On November 11 and 14, 2022, FTX Trading Ltd. and its affiliated debtors ("Debtors') filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

8. Pursuant to an Assignment of Claim Agreement dated November 21, 2023 (the "Aelysir-Olympus Assignment of Claim Agreement"), Aelysir Technologies Ltd. ("Aelysir"), as Assignor sold, assigned and transferred to Olympus as Assignee, *inter alia*, all of Aelysir's rights, title and interest in Aelysir's claim against the Debtors' in the minimum amount of $720,389.68; Schedule No. 5984913; Customer Claim Confirmation ID # 3265-70 CXOFD-852625719 and Customer Code # 00290422 (the "Aelysir Claim"). The Aelysir Claim was sold and assigned to Olympus in consideration for a purchase price of $410,622.11. A copy of the Aelysir-Olympus Assignment of Claim Agreement is attached hereto as **Exhibit A.**

9. The Aelysir-Olympus Assignment of Claim Agreement was signed on behalf of assignor Aelysir by Alessandro Piras ("Piras").

10. Piras, on behalf of Aelysir, also executed a Power of Attorney in favor of Olympus, authorizing Olympus as Aelysir's attorney-in-fact to, *inter alia*, take any necessary steps to substantiate and evidence the Aelysir Claim in the Debtors' case (**Exhibit A**, p. 10).

11. On December 5, 2023, Olympus filed a Transfer of the Aelysir Claim to Olympus, as transferee with the Bankruptcy Court (**Exhibit B**; the "Olympus TOC"; ECF No. 4465).

12. As previously stated, Olympus has just learned that two (2) other Transfers of Claim were filed with the Bankruptcy Court seeking to effectuate the transfer the Aelysir Claim to two (2) different transferees other than Olympus. Thus, there are three (3) Transfers of Claim filed with the Bankruptcy Court seeking to transfer the same Aelysir Claim to three (3) different transferees. The filed Transfers of Claim are as follows:

13. On November 13, 2023, Federico Natali ("Natali") filed a Notice of Transfer of the Aelysir Claim to Natali, as transferee (**Exhibit C**; the "First Natali NOT"; ECF No. 3747).

14. On December 5, 2023, Olympus filed the Olympus TOC to Olympus, as transferee (**Exhibit B**; ECF No. 4465).

15. On December 19, 2023, Kroll issued a Notice of Defective Transfer with respect to the First Natali NOT due to "insufficient information to effectuate the transfer" (**Exhibit D**; the "Natali Defective Notice").

16. On January 19, 2024, Natali filed a second Notice of Transfer of the Aelysir Claim to Natali, as transferee (**Exhibit E**; the "Second Natali NOT"; ECF No. 6103), presumably to attempt to remedy the defective First Natali NOT.

17. Thereafter, yet another Transfer of Claim was filed with respect to the Aelysir Claim. On February 7, 2024, SP Multi Claims Holding, LLC ("SP") filed a Transfer of the Aelysir Claim to SP, as transferee (**Exhibit F**; the "SP TOC"; ECF No. 7125).

18. On March 4, 2024, Kroll issued a Notice of Defective Transfer with respect to the SP TOC upon the grounds that "Transferor [Aelysir] does not hold a filed claim/scheduled liability as indicated in the Notice of Transfer" and "Insufficient information provided to effectuate transfer." (**Exhibit G**; the "SP Defective Notice"). Olympus is unaware if SP has filed a second Transfer of the Aelysir Claim.

19. As soon as Olympus became aware of the filing of the First and Second Natali NOTs and the SP TOC, Olympus contacted Piras, the signatory on behalf of Aelysir on the Aelysir-Olympus Assignment of Claim Agreement.

20. In an email exchange on March 5, 2024 between and among Piras (under the email address bluedealconsulting@gmail.com) (**Exhibit H**), Brian Ferrara ("Ferrara" of Cherokee

Acquisition (the broker for the sale of the Aelysir Claim to Olympus) and Matt Englehardt ("Englehardt") of Olympus, Piras, who it is believed speaks and writes Italian as his first language informed Ferrara and Englehardt that:

> "I have already been informed someone tried to sell the Claim several times."

> "I have already spoken to the other buyers and they are signing a document which shows that the past assignment has no value."

> "I am also in contact with Mr. Natali who was willing to sign a document certifying his non-possession of the same claim."

21. On March 7, 2024 at the request of Olympus, Piras signed a declaration (the "Piras Declaration") attesting that (i) Aelysir formerly known as Bluedeal Consulting Ltd. sold and assigned the Aelysir Claim to Olympus; (ii) Aelysir authorized Olympus to file an assignment of the Aelysir Claim to Olympus with the Bankruptcy Court: and (iii) Aelysir did not assign nor authorize the assignment of the Aelysir Claim to anyone other than Olympus. The Piras Declaration is attached.

22. On March 11, 2024 Piras sent a WhatsApp message to Englehardt stating that "the claim [Aelysir Claim] has not been assigned to SP and that Mr. Natali has assured me, that when he receives the documentation declaring his non- ownership of the claim [Aelysir Claim], he will sign it. This should be enough so that only you are the owners of the claim." A copy of Pira's WhatsApp message to Englehardt is attached hereto as **Exhibit I**.

23. There are three (3) different Transfers of the Aelysir Claim filed with the Bankruptcy Court. Where there is a claim transfer dispute, the Bankruptcy court determines whether a transfer of the claim has been made that is enforceable under non-bankruptcy law. *In re American Housing Foundation*, 2015 WL 6690025 (Bankr. N.D. Texas 2105). Here, the transferor of the Claim, Aelysir, has verified that that assignment of the Aelysir Claim to Olympus is valid

and the assignments and transfers of the Aelysir Claim to Natali and SP are invalid. Accordingly, Olympus respectfully requests that the entry of an order directing Kroll to recognize and record the transfer of the Aelysir Claim to Olympus.

24. Moreover, based upon the impropriety of the filing of the Natali NOTs and the SP TOC, there may have been an abuse of the claim transfer bankruptcy process. The Bankruptcy Court should therefore take appropriate action to invalidate the Natali NOTs and SP TOC, and direct the transfer of the Aelysir Claim to Olympus under the Bankruptcy Court's equitable powers pursuant to Section 105(a) of the Bankruptcy Code. As stated by the Bankruptcy Court in *In Re Final Analysis, Inc.*, 389 B.R.449 Bankr. D. Md. 2008), quoting *Prin. Corp. v. Altman (In re Altman*, 265 B.R. 652, 658 (Bankr. D. Conn. 2001)):

> "As a court of equity, a bankruptcy court should scrutinize a timely plausible argument that a proof of claim was fraudulently assigned. To rule otherwise would suggest that unless one of the parties to such fraudulent conduct objects, a bankruptcy court would be powerless to fashion an appropriate remedy."

*Id*. at 389 B.R. 459.

### Notice

25. Olympus will provide email and mail delivery by an overnight/ priority courier mail service (i) to Natali at the email address and location address listed by Natali on First and Second NOTs and on the Natali Defective Notice; (ii) to SP at the email address and location address listed by SP on the SP TOC and on the SP Defective Notice; (iii) to Aelysir/Piras at the address listed by Aelysir/Piras on the Aelysir-Olympus Assignment of Claim Agreement; and (iv) the claims agent, Kroll Restructuring Administration, LLC as follows:

> Federico Natali
> P.O. Box Number 75719
> Dubai, United Arab Emirates
> Paxtibi.xyz+recovery@gmail.com

Federic Natali
Damac Paramount Tower A, Apt. 2601
Dubai, United Arab Emirates

SP Multi Claims Holdings, LLC
2 Greenwich Plaza, Suite 1
Greenwich, Connecticut 06830
rbeacher@pryorcashman.com

Aelysir Technologies Ltd
Alessandro Piras.
3rd Floor Norvin House
45-55 Commercial Street
London, England E1 6BD
United Kingdom
bluedealconsultingltd@gmail.com

Kroll Restructuring Administration LLC
(F/K/A Prime Clerk LLC)
Benjamin Joseph Steele
55 East 52nd Street
17th Floor
New York, NY 10055
Email: bsteele@primeclerk.com

WHEREFORE, Olympus respectfully requests that the Motion be granted and that Olympus be recognized and recorded as the holder of the Aelysir Claim on the Bankruptcy Court Claims Register. Olympus also respectfully requests such other and further relief as this Court deems just and proper.

*~Signature Page to Follow~*

Dated: March 13, 2024

                                   **ASHBY & GEDDES, P.A.**

                                   */s/ Ricardo Palacio*
Ricardo Palacio (DE No. 3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Email: rpalacio@ashbygeddes.com

                                   and

Martin Eisenberg, Esq. (*pro hac vice* forthcoming)
LAW OFFICES OF MARTIN EISENBERG
50 Main Street, Suite 1000
White Plains, New York 10606
Telephone: (914) 682-2044 (Office)
Email: me@martineisenberglaw.con

*Attorneys for Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP*