# Exhibit A

**ASSIGNMENT OF CLAIM**

| Seller: Gabriel Antonio Melo Lemus | Buyer: Nexxus Participation Vehicle III LLC |
|---|---|
| Address: 18-52 3A Calle, Ciudad de Guatemala GUA 01001, Guatemala<br><br>Tel: +502 3102 1658<br>Email: gabrielmelo7@gmail.com | Address:<br>800 Miramonte Drive, Suite 380<br>Santa Barbara, CA  93109<br>Att: Tim Babich<br>Tel#: +1 805-880-4105<br>Email: tim.babich@nexxus-holdings.com |
| Debtor: FTX Trading LTD, et al | Case Number: 22-11068 |
| Bankruptcy Court: United States Bankruptcy Court for District of Delaware | Petition Date: November 11, 2022 |
| Unique Creditor ID: 04196273 | Scheduled ID: 221106805309735 |
| FTX Account ID: 92036917 | Customer Claim Confirmation ID: 3265-70-KRSUA-081686605 |
| Minimum Claim Amount: $419,181.92 | Assignment Date: February 9, 2024 |
| Proof of Claim Amount: Unliquidated (Stated in Crypto) | |

1. By this Assignment of Claim ("Assignment"), Seller, for good and valuable Consideration (defined in Annex A), the sufficiency of which Seller hereby acknowledges, absolutely and unconditionally sells, transfers and assigns to Buyer, its successors and assigns, all rights, title and interest in and to the Claim.  The "Claim" is defined as, without limitation, all of Seller's rights, title and interest in and to: (a) the Proof of Claim (defined below), any and all claims related to Unique Creditor ID 04196273, and those claims and amounts listed by Debtor on its bankruptcy schedules and/or amendments thereto ("Schedule"), including those referenced by Scheduled ID 221106805309735; (b) all agreements, customer agreements, account statements, instruments, invoices, purchase orders, proofs of delivery and other documents evidencing, or referred to in, such claim(s) or the Proof of Claim, including those referenced by FTX Account ID 92036917; (c) all cure amounts paid by Debtor in connection with the assumption of contracts related to Seller's claims(s) or the Proof of Claim; (d) the Minimum Claim Amount; (e) any amount in excess of the Minimum Claim Amount; (f) all causes of action, whether against Debtor or against any other party, in connection with such claim; (g) all rights to receive principal, interest, cash, securities, digital assets, administrative priority claims, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; (h) all reclamation claims of Seller against Debtor; and (i) all other claims, causes of action and voting and other rights arising under or relating to any of the `foregoing, including, without limitation, Seller's rights to receive all payments or distributions made or issued in connection or satisfaction with any of the foregoing or the Case ("Distributions").

2. Seller represents and warrants the following:

    [X ] YES, a PROOF OF CLAIM HAS been duly and timely filed in the Case in the aggregate amount of the Proof of Claim Amount with Customer Claim Confirmation ID 3265-70-KRSUA-081686605 and a true and complete copy of such proof of claim is attached to this Assignment (collectively, the "Proof of Claim").   The Proof of Claim has not been revoked, withdrawn, or otherwise retracted or modified and no right thereunder  has been waived, and all statements in such Proof of Claim are true and correct as of the Assignment Date (defined below).

3. Seller further represents, warrants and covenants that: (a) the Claim is a valid, liquidated, undisputed and non-contingent claim in at least the Minimum Claim Amount and is or will be listed on the Schedule as such; (b) the Claim is a valid, enforceable claim against the Debtor and not against any subsidiary, parent or affiliate of the Debtor; (c) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Assignment by Seller; (d) this Assignment has been duly authorized, executed and delivered by Seller and Seller has the requisite power and authority to execute, deliver and perform this Assignment; (e) this Assignment constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (f) Seller is solvent, is able to pay its debts as they become due, and has not filed a petition seeking protection under the United States Bankruptcy Code ("Code"), or any other insolvency statue in any jurisdiction; (g) except as otherwise set forth on Annex A hereto, no Distributions have been received by Seller, or by any third party on behalf of Seller, in full or partial satisfaction of, or in connection with, the Claim; (h) no portion of the Claim has been sold, assigned or pledged to any third party in whole or in part; (i) the Claim is not subject to any factoring agreement; (j) Seller owns and has and is hereby selling to Buyer good and sole legal and beneficial title to the Claim free and clear of any and all liens, security interests,

encumbrances or claims of any kind or nature whatsoever; (k) the basis for the Claim is amounts due and owing by Debtor arising from the rendering and receiving of digital asset custody and brokerage services in the ordinary course of Debtor's and Seller's respective business; (l) true and complete copies of all agreements, instruments, account statements, invoices, purchase orders, proofs of delivery and other documents evidencing or relating to the Claim will be, at Buyer's option, delivered to Buyer prior to payment of the Consideration or maintained in good condition by Seller until the Bankruptcy Court enters final decree closing the Case and delivered to Buyer within 5 business days of Buyer's request; (m) Buyer does not assume and will not be responsible for any obligations or liabilities of Seller related to or in connection with the Claim or the Case; (n) other than the Proof of Claim, no proof of claim has been or will be filed by or on behalf of Seller in the Case or any related proceeding; (o) no objection to the Claim has been filed or threatened; (p) the Claim is not subject to any defense, claim or right of setoff, reduction, impairment, avoidance, disallowance, delay in Distributions, subordination or preference action, in whole or in part, whether on contractual, legal or equitable grounds, that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or affect its validity, priority or enforceability; (q) all actions required under applicable law, rules and orders of the Bankruptcy Court, including, without limitation, filing and/or serving required documents, have been properly taken on a timely basis; and (r) Seller has not engaged (and will not engage) in any act, conduct or omission, or had (and will not have) any relationship with the Debtor or any of its affiliates that will reduce or impair or otherwise adversely affect the Claim or result in Buyer receiving proportionately less Distributions, or less favorable treatment (including the manner or timing of Distributions) in respect of the Claim than is received by creditors holding allowed claims of the same class or type as the Claim.

4. Seller is aware that the Consideration being paid by Buyer hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization confirmed for Debtor.  Seller represents that it has adequate information concerning the financial condition of Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Buyer, and based on such information as Seller has deemed appropriate, made its own decision to enter into this Assignment.  Seller is aware that information which may be pertinent to Seller's decision to assign the Claim is available to Seller and can be obtained from the Bankruptcy Court's files.  Seller further represents that it is not and has never been an "insider" of the Debtor (as defined in Code Section 101(31)) or a member of any official or unofficial committee in respect of the Case.

5. Seller acknowledges and agrees that: (a) Buyer currently may have, and later may come into possession of, information relating to the Debtor that is not known to Seller and that such information may be material to Seller's decision to assign the Claim to Buyer ("Seller Excluded Information"); (b) Seller has determined to assign the Claim notwithstanding its lack of knowledge of Seller Excluded Information; (c) Buyer will have no liability to Seller; and (d) Seller waives and releases any claims that it might have against Buyer with respect to the non-disclosure of Seller Excluded Information.

6. If all or any part of the Claim is: (a) impaired by the commencement or notice from Debtor of any objection, action or proceeding, including but not limited to any objection, action or proceeding which seeks to reduce all or part of the Minimum Claim Amount or provide less favorable treatment to the Claim than other claims of the same class or type as the Claim, including the timing of Distributions; (b) setoff, disallowed, reduced, subordinated, subject to a preference action, or otherwise impaired, in whole or in part, in the Case for any reason whatsoever, including, without limitation, pursuant to an order of the Bankruptcy Court (whether or not such order is appealed); or (c) is not listed on the Schedule (notwithstanding the filing of the Proof of Claim), or is listed on the Schedule as unliquidated, contingent or disputed, or is listed on the Schedule in a lesser amount than the Minimum Claim Amount (collectively, an "Impairment"), Seller agrees to immediately repay, on demand of Buyer (which demand will be made at Buyer's sole option), an amount equal to the portion of the Minimum Claim Amount subject to Impairment multiplied by the Purchase Rate (defined in Annex A) (the "Restitution Amount"), plus interest thereon at 5% per annum from the Assignment Date to the date of repayment, provided, however, that in the event the Restitution Amount is paid within 5 business days after receipt of Buyer's written demand for repayment, then in that event, Buyer agrees to waive any interest accrual. Notwithstanding anything to the contrary herein, in the event that Seller or Buyer receives notice that the Claim is subject to, or threatened to be subject to, any impairment, objection and/or any avoidance action under Section 547, 548 or 550 of the Bankruptcy Code (each, a "Noticed Impairment"), such receiving Party shall immediately notify the other Party in writing of the Noticed Impairment, and Buyer hereby agrees that Seller shall have the absolute right, at its own expense, to defend against such Noticed Impairment for a period of 90 days after the date of such notice (the "Seller Defense Period"); provided that Seller hereby agrees that (i) it shall not compromise, settle or otherwise agree to any reduced amount of or otherwise impair the Transferred Rights, or any portion thereof, without the prior written consent of Buyer, (ii) it shall promptly notify Buyer of any material developments in the course of such defense, and (iii) it shall, in the course of defending against the Noticed Impairment, act commercially reasonably to maintain the value of the Claim and to minimize the amount of time in which all components of the Claim are quantified and paid.  During the Seller Defense Period, Buyer agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents and to take all such further action in each case as may be reasonably necessary or reasonably appropriate to assist Seller in enforcing and defending the Claim. Such a demand by Buyer, however, will not be deemed an election of remedies or any limitation on any other rights that Buyer may have hereunder or under applicable law.  If the Bankruptcy Court enters an order disapproving the transfer of the Claim, or in the event that the Bankruptcy Court does not substitute Buyer for Seller, Seller agrees to immediately repay, upon demand of Buyer, the Consideration, plus interest thereon at 5% per annum from the Assignment Date to the date of repayment.

7. If Seller receives any Distributions or notices with respect to or relating to the Claim, Seller agrees to: (a) accept the same

as Buyer's agent; (b) hold the same in trust on behalf of and for the sole benefit of Buyer; (c) notify Buyer, at the address identified on page 1 of this Assignment, of receipt of Distributions or notices; and (d) in the case of cash ("Cash Distribution"), promptly deliver the same to Buyer (free of any withholding, set-off, claim or deduction of any kind), within 5 business days via Federal Funds Wire to an account that will be provided to Seller upon request.  If Seller fails to deliver the Cash Distribution to Buyer within 5 business days of receipt, Seller will be obligated to pay Buyer interest on the Cash Distribution at 5% per annum, from the date of Seller's receipt to the date of Buyer's receipt, provided, however, this interest accrual will not be deemed an election of remedies or any limitation on any other rights that Buyer may have hereunder or under applicable law. Moreover, in the event Seller receives Distributions prior to or at the time of payment of the Consideration, Buyer will have the right (at its option) to setoff (in whole or in part) Distributions against the Consideration by instructing Seller to retain all or a portion of the Distributions.  Seller agrees to promptly provide Buyer, with copies of all correspondence with respect to the Claim, including but not limited to any cure notices received from Debtor. Seller agrees to follow Buyer's instructions promptly and fully regarding any cure notices.  All demands, notices, requests, consents, and communications hereunder will be in writing and will be deemed to have been duly given if personally delivered by courier service, messenger or email at the address specified on page 1 of this Assignment.

8. Seller agrees to indemnify Buyer from all losses, damages and liabilities, including attorneys' fees and expenses, which result from Seller's breach of any of its representations, warranties or covenants set forth herein, any obligation to disgorge, in whole or in part, or otherwise reimburse Debtor or any other person or entity for any payments received or applied by or for the account of Seller in connection with the Claim or otherwise, or any Impairment of the Claim, including, but not limited to, any action, proceeding, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay Distributions in respect of the Claim.

9. Seller hereby irrevocably appoints Buyer with full authority and power of substitution as its true and lawful attorney and authorizes Buyer to: (a) act in Seller's name, place and stead; (b) demand, compromise, recover, and transfer to Buyer all such sums of money and securities which now are, or may hereafter become due and payable for, or on account of the Claim; (c) do all things necessary to enforce or compromise the Claim and Seller's rights thereunder or related thereto pursuant to this Assignment; (d) provide Seller's tax information required for Distributions; and (e) vote on any question relating to the Claim in the Case. Seller agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Buyer.  The document attached hereto as Annex B and incorporated herein by reference ("Evidence of Transfer") may be filed by Buyer with the Bankruptcy Court as evidence of this Assignment. Seller agrees that Buyer may make corrections to the Evidence of Transfer that Buyer deems reasonably necessary or appropriate to affect this Assignment.  Seller waives any notice or hearing requirements imposed by Federal Rule of Bankruptcy Procedure 3001 and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Buyer as the valid owner of the Claim.  Buyer will have no obligation to take any action to prove, defend, demand, or take any action with respect to the Claim or otherwise in the Case. Seller agrees to execute, acknowledge, and deliver all such further certificates, instruments and other documents, and to take all such further action as may be necessary or appropriate to affect this Assignment and to fully assist Buyer in enforcing the Claim and to otherwise effectuate the intent of this Assignment.

10. **BUYER AND SELLER IRREVOCABLY AGREE THAT ANY ACTION TO ENFORCE, INTERPRET, OR CONSTRUE ANY PROVISION OF THIS ASSIGNMENT WILL BE BROUGHT AND DETERMINED ONLY IN A STATE OR FEDERAL COURT LOCATED IN THE CITY AND COUNTY OF NEW YORK, EXCEPT NOT IN THE BANKRUPTCY COURT ("NEW YORK COURTS").  BUYER AND SELLER IRREVOCABLY AND UNCONDITIONALLY CONSENT TO THE PERSONAL JURISDICTION OF THE NEW YORK COURTS IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS ASSIGNMENT, AND ALSO HEREBY IRREVOCABLY WAIVES: (A) TRIAL BY JURY; (B) ANY DEFENSE OF IMPROPER VENUE; OR (C) *FORUM NON CONVENIENS*, TO ANY SUCH ACTION BROUGHT IN THE NEW YORK COURTS.  THIS ASSIGNMENT AND ALL MATTERS ARISING OUT OF OR RELATING TO IT WILL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PROVISIONS THAT WOULD REQUIRE OR PERMIT THE APPLICATION OF THE LAWS OF ANY OTHER JURISDICTION.**

11. Each party to this Assignment agrees that, without the prior written consent of the other party hereto, it will not disclose the contents of this Assignment to any person or entity, except that any party may make any such disclosure: (a) contemplated by this Assignment; (b) if required to do so by any law, court, or regulation; (c) to any banking, regulatory, self- regulatory, or examining authority; (d) to its affiliates, employees, professional advisors, and auditors (provided that each such person or entity is instructed to keep such disclosed information confidential); or (e) in the case of Buyer, to any actual or prospective, assignee, or participant in respect of the Claim or any portion thereof.

12. All representations, warranties, covenants, and agreements contained herein will survive the execution and delivery of this Assignment and the purchase and sale of the Claim and will inure to the benefit of, be binding upon and enforceable by the parties hereto and Buyer's successors and assigns.  This Assignment: (a) if executed and delivered via email in a pdf format with electronic signatures (if applicable) will constitute an original and will bear the same binding effect as any original signatures; (b) may be executed in two or more counterparts, each of which will be deemed to be an original and all of which, when taken together, will constitute one and the same document; (c) will be read and interpreted according to its plain meaning and any ambiguity will not be construed against either party; and (d) constitutes the entire understanding (including the annexes, and other documents incorporated into this Assignment by express reference) between Buyer and Seller and

supersedes all prior agreements (oral and written) between the parties. The parties expressly agree that the judicial rule of construction that a document should be more strictly construed against the draftsperson thereof will not apply to any provision of this Assignment.

13. All rights, powers, and remedies provided under this Assignment or otherwise available in respect hereof at law or in equity will be cumulative and not alternative, and the exercise of any right, power, or remedy thereof by any party will not preclude the simultaneous or later exercise of any other such right, power or remedy by such party or any other party.

{Remainder of Page Intentionally Left Blank}

IN WITNESS WHEREOF, each of the undersigned has duly executed this Assignment by its duly authorized representative dated February 9, 2024 ("Assignment Date").

**Gabriel Antonio Melo Lemus, as Seller**          **Nexxus Participation Vehicle III LLC, as Buyer**

By: _Gabriel Antonio Melo Lemus (Feb 9, 2024 17:04 CST)_          By: _____

Name:                                              Name:   Tim Babich

Title:                                             Title:   Managing Member

**CONSIDERATION PAID TO SELLER**

Annex A

Upon settlement of this transaction, subject to Buyer's verification of Seller's representations and warranties made herein, payment of the Consideration will be made as follows:

Minimum Claim Amount:                               $419,181.92

x Purchase Rate:                                    █████
                                                    ---------------

Consideration:                                      ████████████████
                                                    ================

USDC Instructions

USDC ERC-20 Wallet Address:              0x78De144f7A846dD0fdb1fCBFf4561B7CC9DEFddC

Wire Transfer Instructions (Seller based in the United States):

Bank Name:
Bank ABA Number:*
Beneficiary Account Name:
Beneficiary Account Number:
Beneficiary Address:

*Note: please **verify** the ABA number with your bank before you fill in the Wire Transfer Instructions above.

Wire Transfer Instructions (Seller based outside of the United States):

U.S. Correspondent Bank Name:
U.S. Correspondent Bank Swift Code/ABA Number*:
Bank Name:
Bank Swift Code*:
Beneficiary Account Name:
Beneficiary Account Number:
Beneficiary Address:

*Note: please **verify** the ABA number or Swift Code with your bank before you fill in the Wire Transfer Instructions above.

**EVIDENCE OF TRANSFER OF CLAIM**

Annex B

TO:      United States Bankruptcy Court for the District of Delaware ("Court")
         _____
         _____

AND TO:  FTX Trading LTD ("Debtor")
         Case No. 22-11068 ("Case")

RE:      Scheduled ID:  221106805309735
         Customer Claim Confirmation ID: 3265-70-KRSUA-081686605
         Unique Creditor ID: 04196273

Gabriel Antonio Melo Lemus ("Seller"), for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

Nexxus Participation Vehicle III LLC
800 Miramonte Drive, Suite 380
Santa Barbara, CA  93109
Att: Tim Babich
Tel#: +1 805-880-4105
Email: tim.babich@nexxus-holdings.com,

its successors and assigns ("Buyer"), all of Seller's rights, title and interest in and to the claim(s) against the Debtor in the Case and referenced by (a) Customer Claim Confirmation ID 3265-70-KRSUA-081686605, (b) the amounts listed on Debtor's Schedule of Liabilities, including those referenced by Scheduled ID 221106805309735, (c) and any and all claims related to Unique Creditor ID 04196273 (all of the foregoing being the ("Claim").

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the United States Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges, understands, agrees, and hereby stipulates that an order of the Court may be entered without further notice to Seller transferring the Claim to Buyer and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions free and clear of all setoffs and deductions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, each of the undersigned have duly executed this Evidence of Transfer of Claim by their duly authorized representative dated February 9, 2024.

| **Gabriel Antonio Melo Lemus, as Seller** | **Nexxus Participation Vehicle III LLC, as Buyer** |
|---|---|
| By: _Gabriel Antonio Melo Lemus (Feb 9, 2024 17:04 CST)_ | By: _____ |
| Name: | Name:   Tim Babich |
| Title: | Title:   Managing Member |

**POWER OF ATTORNEY**

Annex C

February 9, 2024

Re: FTX Trading Ltd., et al. ("Debtor"), lead Case No. 22-11068 (JTD) ("Case"), Customer Claim Confirmation ID: 3265-70-KRSUA-081686605 and Unique Creditor ID #: 04196273 (the "Claim"). In connection with and under the conditions set forth in that certain Claim Sale and Purchase Agreement ("Agreement"), dated as of the date hereof between Gabriel Antonio Melo Lemus ("Seller") and Nexxus Participation Vehicle III LLC ("Buyer"), the undersigned Seller hereby authorizes Buyer, as attorney in fact for the undersigned Seller and with full power of substitution, to:

1. Demand, sue for, compromise and recover all such amounts which are, or may hereafter become, due and payable for or on account of the Claim;

2. Vote on any question that may be lawfully submitted to creditors, interest holders in the Case;

3. Attend any meetings, calls or presentations of the Debtor in the place of Seller;

4. Receive all notices, dividends and distributions or other payments in connection with the Claim and the Case;

5. Make any changes to the My Profile and Profile sections on Seller's FTX Account referenced in the Claim, or change Seller's notice address for all notices, payments, remittances, and disbursements in the Case;

6. Fully recover from any forfeiture fund established or to be established pursuant to 28 C.F.R. Part 9 or otherwise or any other restitution, remission, restoration or mitigation processes or funds (or like processes or funds) or any other fund operated or administered by (or on behalf of) any entity, governmental or otherwise, (including, without limitation, the U.S. Department of Justice) foreign or domestic; and

7. Otherwise take any steps that it considers necessary or desirable in connection with the Agreement (including, without limitation, preparing, submitting and/or amending any proof of claim or other document substantiating or evidencing the Claim in the Case).

Buyer agrees that any actions it takes in Seller's name, place and stead shall fully comply with all applicable laws and regulations, including, without limitation, all the laws applicable to the Debtor.

Signed for by and on behalf of
**Gabriel Antonio Melo Lemus**

By: _Gabriel Antonio Melo Lemus (Feb 9, 2024 17:04 CST)_

Name:

Title: