# EXHIBIT A

## SIMPLE ASSIGNMENT OF CLAIM

| Seller: Aelysir Technologies Ltd | Buyer: Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP |
|---|---|
| Address: Flat 27, Vicarage Court, Vicarage Gate London, W8 4HE, UK<br><br>Attn: Alessandro Piras<br>Tel: +39-320-157-6735<br>Email: bluedealconsultingltd@gmail.com | Address: c/o Olympus Peak Asset Management 177 West Putnam Ave., Suite 2622-S1 Greenwich, CT 06831<br>Attn: Leah Silverman<br>Tel: 212-373-1189<br>Email: lsilverman@opeaklp.com |
| Debtor: FTX Trading Ltd. or any of its affiliates that are debtors in the case captioned *In re FTX Trading Ltd*, Case Number 22-11068 as well as their affiliates | Case Number: 22-11068 (JTD) |
| Bankruptcy Court: U.S. Bankruptcy Court for the District of Delaware<br><br>Case: Debtor's case filed in the Bankruptcy Court administered under the Case Number | Petition Date: November 11, 2022 |
| Proof of Claim Amount: Unliquidated (stated in crypto) | Minimum Claim Amount: $720,389.66 |

1. By this Simple Assignment of Claim ("Assignment"), Seller, for good and valuable Consideration (defined in Annex A), the sufficiency of which Seller hereby acknowledges, absolutely and unconditionally sells, transfers and assigns to Buyer, its successors and assigns, all rights, title and interest in and to the Claim. The "Claim" is defined as, without limitation, all of Seller's rights, title and interest in and to: (a) any Proof of Claim (defined below) if filed, and the claims listed by Debtor on its bankruptcy schedules and/or amendments thereto ("Schedule"); (b) all agreements, instruments, invoices, account documents, screen shots and other documents evidencing, or referred to in, such claim(s) or any Proof of Claim; (c) all "Assets" as defined in the Debtor's Terms of Service dated May 13, 2022 ("ToS"); (d) all cure amounts paid by Debtor in connection with the assumption of contracts related to Seller's claims(s) or the Proofs of Claim; (e) the Minimum Claim Amount; (f) any amount in excess of the Minimum Claim Amount; (g) all other claims, causes of action, foreign or domestic, whether against Debtor or against any other party, relating to or arising from or in connection with any of the foregoing and all voting rights; (h) all rights to receive principal, interest, cash, digital assets, securities, administrative priority claims, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; (i) all reclamation claims of Seller against Debtor; (j) any foreign or domestic forfeiture fund established or to be established pursuant to 28 C.F.R. Part 9 or otherwise or any other restitution, remission, restoration or mitigation processes or funds (or like processes or funds) or any other fund operated or administered by (or on behalf of) any entity, governmental or otherwise, (including, without limitation, the U.S. DOJ), foreign or domestic ("Forfeiture Fund"); and (k) Seller's rights to receive all payments or distributions made or issued in connection with any of the foregoing or the Case ("Distributions"). The Assignment is entered into subject to satisfactory completion of Buyer's customary KYC/AML process.

2. Seller represents and warrants the following:

[ X ] YES, PROOF(S) OF CLAIM HAVE been duly and timely filed in the Case in the aggregate amount of the Proof of Claim Amount and a true and complete copy of each such proof of claim is attached to this Assignment (collectively, the "Proof of Claim"). The Proof of Claim has not been revoked, withdrawn, or otherwise retracted or modified and no right thereunder has been waived, and all statements in such Proof of Claim are true and correct as of the Assignment Date (defined below).

[ ] NO, a PROOF OF CLAIM HAS NOT been filed in the Case. The assets, transactions and documents evidencing the Claim support the filing of a proof of claim against the Debtor in at least the Minimum Claim Amount.

3. Seller further represents, warrants and covenants that: (a) the Claim is a valid, liquidated, undisputed and non-contingent claim based on the Debtor's ToS in at least the Minimum Claim Amount and is or will be listed on the Schedule as such; (b) the Claim is a valid, enforceable claim against the Debtor and not against any subsidiary, parent or affiliate of the Debtor; (c) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Assignment by Seller; (d) this Assignment has been duly authorized, executed and delivered by Seller and Seller has the requisite power and authority to execute, deliver and perform this Assignment; (e) this Assignment constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (f) Seller is solvent, is able to pay its debts as they become due, and has not filed a petition seeking protection under the United States Bankruptcy Code ("Code"), or any other insolvency statue in any jurisdiction; (g) except as otherwise set forth on Annex A hereto, no Distributions have been received by Seller, or by any third party on behalf of Seller, in full or partial satisfaction of, or in connection with, the Claim; (h) no portion of the Claim has been sold, assigned or pledged to any third party in whole or in part; (i) Seller owns and has and is hereby selling to Buyer good and sole legal and beneficial title to the Claim free and clear of any and all liens, security interests, encumbrances or claims of any kind or nature whatsoever;

(j) Seller did not stake, margin or lend (as described in the ToS) any of its Assets to: (1) Debtor, (2) any affiliate of Debtor, or (3) any User (as described in the ToS); (k) the basis for the Claim is amounts due and owing by Debtor in the ordinary course of Debtor's and Seller's respective business; (l) true and complete copies of all agreements, instruments, invoices, proofs of delivery and other documents evidencing or relating to the Claim will be, at Buyer's option, delivered to Buyer prior to payment of the Consideration or maintained in good condition by Seller until the Bankruptcy Court enters a final decree closing the Case and delivered to Buyer within 5 business days of Buyer's request; (m) Buyer does not assume and will not be responsible for any obligations or liabilities of Seller related to or in connection with the Claim or the Case; (n) neither Seller nor Buyer will be subject to tax withholding on any Distributions on the Claim by or on behalf of a government entity; (o) other than the Proof of Claim, no proof of claim has been or will be filed by or on behalf of Seller in the Case or any related proceeding; (p) no objection to the Claim has been filed or threatened; (q) the Claim is not subject to any defense, claim or right of setoff, reduction, impairment, avoidance, disallowance, delay in Distributions, subordination or preference action, in whole or in part, whether on contractual, legal or equitable grounds, that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or affect its validity, priority or enforceability; (r) all actions required under applicable law, rules and orders of the Bankruptcy Court, including, without limitation, filing and/or serving required documents, have been properly taken on a timely basis; (s) Seller has not engaged (and will not engage) in any act, conduct or omission, or had (and will not have) any relationship with the Debtor or any of its affiliates that will reduce or impair or otherwise adversely affect the Claim or result in Buyer receiving proportionately less Distributions, or less favorable treatment (including the manner or timing of Distributions) in respect of the Claim than is received by creditors holding allowed claims of the same class or type as the Claim; (t) Seller has no liability or loan outstanding to Debtor, or any Debtor affiliate; (u) the Minimum Claim Amount is composed of each Coin and Quantity (defined in Annex C); and (v) all customer account withdrawals and deposits made by Seller in the 90 days prior to the Petition Date are set forth in Annex D.

4. Seller is aware that the Consideration being paid by Buyer hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization confirmed for Debtor. Seller represents that it has adequate information concerning the financial condition of Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Buyer, and based on such information as Seller has deemed appropriate, made its own decision to enter into this Assignment. Seller is aware that information which may be pertinent to Seller's decision to assign the Claim is available to Seller and can be obtained from the Bankruptcy Court's files. Seller further represents that it is not and has never been: (a) an "insider" of the Debtor (as defined in Code Section 101(31)); (b) an employee of the Debtor, or any affiliate of the Debtor; or (c) a member of any official or unofficial committee in respect of the Case.

5. Seller acknowledges and agrees that: (a) Buyer currently may have, and later may come into possession of, information relating to the Debtor that is not known to Seller and that such information may be material to Seller's decision to assign the Claim to Buyer including information received by Buyer by Buyer's participation as a member of an ad-hoc group of creditors ("Seller Excluded Information"); (b) Seller has determined to assign the Claim notwithstanding its lack of knowledge of Seller Excluded Information; (c) Buyer will have no liability to Seller; and (d) Seller waives and releases any claims that it might have against Buyer with respect to the non-disclosure of Seller Excluded Information. Seller is an "accredited investor" within the meaning of Rule 501(a) of the Securities Act of 1933, as amended. Seller is a sophisticated investor and has such knowledge and experience in financial and business matters as to be capable of evaluating the merits and risks of the transactions contemplated by this Assignment.

6. If all or any part of the Claim is: (a) objected to; (b) not enforceable against the Debtor; (c) impaired by the commencement or notice from Debtor of any action or proceeding, including but not limited to any proceeding which seeks to reduce all or part of the Minimum Claim Amount or provide less favorable treatment to the Claim than other claims of the same class or type as the Claim, including the timing of Distributions; (d) setoff, disallowed, reduced, subordinated, subject to a preference action, or otherwise impaired, in whole or in part, in the Case for any reason whatsoever, including, without limitation, pursuant to an order of the Bankruptcy Court (whether or not such order is appealed); or (e) is not listed on the Schedule (notwithstanding the filing of the Proof of Claim), or is listed on the Schedule as unliquidated, contingent or disputed, or is listed on the Schedule in a lesser amount than the Minimum Claim Amount (collectively, an "Impairment"), Seller agrees to immediately repay, on demand of Buyer (which demand will be made at Buyer's sole option), an amount equal to the portion of the Minimum Claim Amount subject to Impairment multiplied by the Purchase Rate (defined in Annex A), plus interest thereon at 10% per annum from the Assignment Date to the date of repayment, provided, however, that such a demand by Buyer will not be deemed an election of remedies or any limitation on any other rights that Buyer may have hereunder or under applicable law. If the Bankruptcy Court enters an order disapproving the transfer of the Claim, or in the event that the Buyer is not substituted for Seller, Seller agrees to immediately repay, upon demand of Buyer, the Consideration, plus interest thereon at 10% per annum from the Assignment Date to the date of repayment.

7. If the Claim is ultimately allowed as a non-contingent, liquidated, undisputed, and unsubordinated claim by a final, non-appealable, order of the Bankruptcy Court ("Final Order") in an amount that is greater than the Minimum Claim Amount, up to the Proof of Claim Amount (such amount an "Excess Claim"), Buyer will purchase such Excess Claim by paying, within 20 business days of: (a) Buyer's receipt of such Final Order; or (b) Buyer's receipt of Distributions on the Excess Claim, an amount equal to the Excess Claim multiplied by the Purchase Rate. By accepting payment for the Excess Claim, Seller will thereby reaffirm, as of the date of such payment, all representations, warranties and covenants in this Assignment. Buyer will purchase the Excess Claim, without additional payment if this paragraph would result in a payment to Seller of less than five hundred dollars.

8. For purposes of paragraphs 6 and 7 herein, in the event Buyer receives an in-kind distribution of Assets listed in Annex C on account of the Claim, whether pursuant to a chapter 11 plan of reorganization or by order of a court of competent jurisdiction, such in-kind distributed Assets will be valued at the Prices as set forth in Annex C.

9. If Seller receives any Distributions or notices with respect to or relating to the Claim, Seller agrees to: (a) accept the same as Buyer's agent; (b) hold the same in trust on behalf of and for the sole benefit of Buyer; (c) notify Buyer, at the address identified on page 1 of this Assignment, of receipt of Distributions or notices; and (d) in the case of cash, securities, or digital assets, promptly deliver the same to Buyer (free of any withholding, set-off, claim or deduction of any kind), within 2 business days to an account that will be provided to Seller upon request. If Seller fails to deliver the Distributions to Buyer within 2 business days of receipt, Seller will be obligated to pay Buyer interest on the Distributions at 10% per annum, from the date of Seller's receipt to the date of Buyer's receipt, provided, however, this interest accrual will not be deemed an election of remedies or any limitation on any other rights that Buyer may have hereunder or under applicable law. Moreover, in the event Seller receives Distributions prior to or at the time of payment of the Consideration, Buyer will have the right (at its option) to setoff (in whole or in part) Distributions against the Consideration by instructing Seller to retain all or a portion of the Distributions. To the extent that all or any part of the Claim is not able to be assigned or otherwise transferred into the name of Buyer, this Assignment shall be deemed to be a grant by Seller to Buyer of an undivided 100% participation interest in the Claim. Seller agrees to promptly provide Buyer, with copies of all correspondence in respect of the Claim, including but not limited to any notices received from Debtor. Seller agrees to promptly and fully follow Buyer's instructions regarding any notices. All demands, notices, requests, consents, and communications hereunder will be in writing and will be deemed to have been duly given if personally delivered by courier service, messenger or email at the Address specified on page 1 of this Assignment.

10. Seller agrees to indemnify Buyer from all losses, damages and liabilities, including attorneys' fees and expenses, which result from Seller's breach of any of its representations, warranties or covenants set forth herein, any obligation to disgorge, in whole or in part, or otherwise reimburse Debtor or any other person or entity for any payments received or applied by or for the account of Seller in connection with the Claim or otherwise, or any Impairment of the Claim, including, but not limited to, any action, proceeding, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay Distributions in respect of the Claim.

11. Seller hereby irrevocably appoints Buyer with full authority and power of substitution as its true and lawful attorney and authorizes Buyer to: (a) act in Seller's name, place and stead; (b) demand, compromise, recover, and transfer to Buyer all such sums of money and securities which now are, or may hereafter become due and payable for, or on account of the Claim; (c) do all things necessary to enforce or compromise the Claim and Seller's rights thereunder or related thereto pursuant to this Assignment; (d) provide Seller's tax information required for Distributions; and (e) vote on any question relating to the Claim in the Case. Seller agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Buyer. The document annexed hereto as Annex B ("Evidence of Transfer") may be filed by Buyer with the Bankruptcy Court as evidence of this Assignment. Seller waives any notice or hearing requirements imposed by Federal Rule of Bankruptcy Procedure 3001, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Buyer as the valid owner of the Claim. Seller agrees that Buyer may make corrections to any Annex that Buyer deems reasonably necessary or appropriate to effect this Assignment. Buyer will have no obligation to take any action to prove, defend, demand or take any action in respect of the Claim or otherwise in the Case. Seller agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be necessary or appropriate to effect this Assignment and to fully assist Buyer in enforcing the Claim and to otherwise effectuate the intent of this Assignment.

12. **BUYER AND SELLER IRREVOCABLY AGREE THAT ANY ACTION TO ENFORCE, INTERPRET, OR CONSTRUE ANY PROVISION OF THIS ASSIGNMENT WILL BE BROUGHT AND DETERMINED ONLY IN A STATE OR FEDERAL COURT LOCATED IN THE CITY AND COUNTY OF NEW YORK, EXCEPT NOT IN THE BANKRUPTCY COURT ("NEW YORK COURTS"). BUYER AND SELLER IRREVOCABLY AND UNCONDITIONALLY CONSENT TO THE PERSONAL JURISDICTION OF THE NEW YORK COURTS IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS ASSIGNMENT, AND ALSO HEREBY IRREVOCABLY WAIVES: (A) TRIAL BY JURY; (B) ANY DEFENSE OF IMPROPER VENUE; OR (C) *FORUM NON CONVENIENS*, TO ANY SUCH ACTION BROUGHT IN THE NEW YORK COURTS. THIS ASSIGNMENT AND ALL MATTERS ARISING OUT OF OR RELATING TO IT WILL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PROVISIONS THAT WOULD REQUIRE OR PERMIT THE APPLICATION OF THE LAWS OF ANY OTHER JURISDICTION.**

13. Each party to this Assignment agrees that, without the prior written consent of the other party hereto, it will not disclose the contents of this Assignment to any person or entity, except that any party may make any such disclosure: (a) contemplated by this Assignment; (b) if required to do so by any law, court, or regulation; (c) to any banking, regulatory, self-regulatory, or examining authority; (d) to its affiliates, employees, professional advisors, and auditors (provided that each such person or entity is instructed to keep such disclosed information confidential); (e) to enforce this paragraph or (f) in the case of Buyer, to any actual or prospective, assignee, or participant in respect of the Claim or any portion thereof.

14. Buyer may assign the Claim or any portion thereof, together with all of Buyer's right, title and interest in and to this Assignment, all without notice to or consent by Seller. All representations, warranties, covenants and agreements contained herein will survive the execution and delivery of this Assignment and the purchase and sale of the Claim and will inure to the benefit of, be binding upon and enforceable by the parties hereto and Buyer's successors and assigns. This Assignment: (a) if executed and delivered via email in a pdf format with electronic signatures (if applicable) will constitute an original and will bear the same binding effect as any original signatures; (b) may be executed in two or more counterparts, each of which will be deemed to be an original and all of which, when taken together, will constitute one and the same document; (c) will be read and interpreted according to its plain meaning and any ambiguity will not be construed against either party; and (d) constitutes the entire understanding (including the annexes, and other documents incorporated into this Assignment by express reference) between Buyer and Seller and supersedes all prior agreements (oral and written) between the parties. The parties expressly agree that the judicial rule of construction that a document should be more strictly construed against the draftsperson thereof will not apply to any provision of this Assignment. All rights, powers, and remedies provided under this Assignment or otherwise available in respect hereof at law or in equity will be cumulative and not alternative, and the exercise of any right, power, or remedy thereof by any party will not preclude the simultaneous or later exercise of any other such right, power or remedy by such party or any other party. The invalidity or unenforceability of any provision of this Assignment shall not affect the validity or enforceability of any other provision.

15. Seller grants to Buyer to secure the prompt payment and performance in full of all of Seller's obligations to Buyer under this Assignment: (a) a security interest in all of Seller's right, title and interest in, to and under, in each case, wherever located, whether now owned or existing or hereafter acquired or arising and whether governed by Article 9 of the Uniform Commercial Code or other law: (i) the Claim; (ii) all general intangibles (including payment intangibles) and other rights with respect to, arising from or in connection with the Claim; and (iii) all Seller's rights to any Forfeiture Fund; and (b) the right to file, register and take any other action in any jurisdiction to ensure the assignment of the Claim and the attachment, perfection and first priority of, and the ability of Buyer to enforce, Buyer's security interest in the Claim and the Forfeiture Fund.

IN WITNESS WHEREOF, each of the undersigned has duly executed this Assignment by its duly authorized representative on November 21, 2023 ("Assignment Date").

**AELYSIR TECHNOLOGIES LTD**

By: [signature]

Name: ALESSANDRO PIRAS

Title: SELLER

**OLYMPUS PEAK TRADE CLAIMS OPPORTUNITIES FUND I NON-ECI MASTER LP**

By: Olympus Peak Asset Management LP, its Investment Manager

By: Leah Silverman

Name: Leah Silverman

Title: Authorized Signatory

**CONSIDERATION PAID TO SELLER**

Annex A

Upon settlement of this transaction, subject to Buyer's verification of Seller's representations and warranties made herein, payment of the Consideration will be made as follows:

| | |
|---|---|
| Minimum Claim Amount: | $720,389.66 |
| x Purchase Rate: | 57.00% |
| | --------------------------- |
| Consideration: | $410,622.11 |
| | ================ |

Wire transfer instructions (Seller based in the United States):

| | |
|---|---|
| Bank Name: | ______________________ |
| Bank ABA Number*: | ______________________ |
| Beneficiary Account Name: | ______________________ |
| Beneficiary Account Number: | ______________________ |

*Note: please **verify** the ABA number (for Fedwire not ACH) with your bank before you fill in the wire transfer instructions above.

Wire transfer instructions (Seller based outside of the United States):

| | |
|---|---|
| U.S. Correspondent Bank Name: | ______________________ |
| U.S. Correspondent Bank Swift Code/ABA Number*: | ______________________ |
| Bank Name: | METROPOLITAN COMMERCIAL BANK |
| Bank Swift Code*: | 026013356 |
| Beneficiary Account Name: | Aleysir Technologies |
| Beneficiary Account Number: | 253752211050 |

*Note: please **verify** the ABA number (for Fedwire not ACH) or Swift Code with your bank before you fill in the wire transfer instructions above.

**EVIDENCE OF TRANSFER OF CLAIM**

Annex B

TO: U.S. Bankruptcy Court for the District of Delaware ("Bankruptcy Court")

AND: FTX Trading Ltd., et al. ("Debtor")
Case No. 22-11068 (JTD) ("Case")

Proof of Claim #: n/a
Schedule #: 5984913
Customer Claim Confirmation ID #: 3265-70-CXOFD-852625719
Customer Code #: 00290422

**AELYSIR TECHNOLOGIES LTD** ("Seller"), for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto:

**OLYMPUS PEAK TRADE CLAIMS OPPORTUNITIES FUND I NON-ECI MASTER LP**
Attn: Leah Silverman
c/o Olympus Peak Asset Management
177 West Putnam Ave Suite 2622-S1
Greenwich, CT 06831

its successors and assigns ("Buyer"), all rights, title and interest in and to the claim of Seller, including all rights: (a) of reclamation and all administrative priority claims, and any cure payments made on account of Seller in the claim; (b) to any proof(s) of claim filed; (c) in and to any secured claim, collateral or any liens held by Seller; (d) to vote on any question relating to the claim in the Case; (e) to cash, interest, principal, securities or other property in connection with the Case: and (f) to any amounts listed on Debtor's schedules, in the principal amount of Unliquidated (stated in crypto), which represents 100% of the total claim amount of Unliquidated (stated in crypto) ("Claim") against Debtor in the Bankruptcy Court, or any other court with jurisdiction over Debtor's Case.

Seller hereby waives: (a) any objection to the transfer of the Claim to Buyer on the books and records of Debtor and the Bankruptcy Court; and (b) any notice or right to a hearing as may be imposed by Federal Rule of Bankruptcy Procedure 3001, the Bankruptcy Code, applicable local bankruptcy rules or other applicable law. Seller acknowledges, understands, agrees, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring the Claim to Buyer and recognizing Buyer as the sole owner and holder of the Claim.

Buyer does not assume and will not be responsible for any obligations or liabilities of Seller related to or in connection with the Claim or the Case. You are hereby directed to make all future payments and distributions free and clear of all setoffs and deductions, and to give all notices and other communications in respect of the Claim to Buyer.

IN WITNESS WHEREOF, each of the undersigned have duly executed this Evidence of Transfer of Claim by their duly authorized representative dated November 21 , 2023.

**AELYSIR TECHNOLOGIES LTD**

By: ______________________
Name: ALESSANDRO PIRAS
Title: SELLER

**OLYMPUS PEAK TRADE CLAIMS OPPORTUNITIES FUND I NON-ECI MASTER LP**
By: Olympus Peak Asset Management LP, its Investment Manager

By: Leah Silverman
Name: Leah Silverman
Title: Authorized Signatory

**MINIMUM CLAIM AMOUNT**

Annex C

| Coin | Quantity | Price | Value ($) |
|---|---|---|---|
| USD Tether "USDT" | 720302.705529 | $ 1.00 | $ 720,302.705529 |
| | | Minimum Claim Amount | $ 720,302.71 |

Price source: coinmarketcap.com as of November 11, 2022 9:00 a.m. E.S.T., or nearest.

**CUSTOMER ACCOUNT WITHDRAWALS AND DEPOSITS**

(from November 2, 2022 to November 11, 2022)

Annex D

| Date | Coin | Quantity | Destination | Status | Transaction ID | Price | Value ($) |
|---|---|---|---|---|---|---|---|
| 2022-11-10T16:4 | USDT | 194.7055292 | | complete | Transfer from main a | $ 1.00 | $ (194.71) |
| 2022-11-02T17:4 | USDT | 14700 | | complete | Transfer from main a | $ 1.00 | $ (14,700.00) |
| 2022-11-02T12:3 | USDT | 15000 | TXJ1b3NtVw9s3 | complete | 8fd732705de8329f0 | $ 1.00 | $ (15,000.00) |
| 2022-11-02T12:3 | USDT | 3000 | TX66aay9BTncx | complete | 20aa9d8008cd00ef6 | $ 1.00 | $ (3,000.00) |
| | | | | Total Withdrawal Amount: | | | $ (32,894.71) |

**AELYSIR TECHNOLOGIES LTD**
Flat 27, Vicarage Court, Vicarage Gate
London, W8 4HE, UK

**NOTICE OF CHANGE OF**
**PHYSICAL MAILING ADDRESS, and**
**EMAIL ADDRESS**

November 21 , 2023

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004-2498
Attn: James L. Bromley

Re: FTX Trading Ltd., et al., Case No. 22-11068 (JTD), Claim #: n/a , Schedule #: 5984913 , Customer Claim Confirmation ID #: 3265-70-CXOFD-852625719 and Customer Code #: 00290422

To Whom It May Concern:

Effective immediately, all future notices, payments, remittances, and disbursements concerning above-referenced claims should be sent to the following physical address, and email address:

**AELYSIR TECHNOLOGIES LTD**
c/o Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP
c/o Olympus Peak Asset Management
177 West Putnam Ave Suite 2622-S1, Greenwich, CT 06831
Attn: Leah Silverman
Tel: 212-373-1189
Email: lsilverman@opeaklp.com

You are hereby directed to send all future distributions and correspondence to the address stated above. This change of address should also be reflected on the official claims register for the above-referenced Case.

Very truly yours,

**AELYSIR TECHNOLOGIES LTD**

By: [signature]
Name: ALESSANDRO PIRAS
Title: SELLER
Email: bluedealconsultingltd@gmail.com

Cc: Alvarez & Marsal North America, LLC
600 Madison Avenue
New York, NY 10022
Attn: FTX Claims

Kroll
55 East 52nd Street, 17 Fl
New York NY 10055
Attn: FTX Claims

**POWER OF ATTORNEY**

November 21, 2023

Re: FTX Trading Ltd., et al. ("Debtor"), lead Case No. 22-11068 ("Case"), Claim #: n/a, Schedule #: 5984913, Customer Claim Confirmation ID #: 3265-70-CXOFD-852625719 and Customer Code #: 00290422

Solely in connection with and under the conditions set forth in that certain Simple Assignment of Claim ("Assignment"), dated as of the date hereof between **AELYSIR TECHNOLOGIES LTD** ("Seller") and **OLYMPUS PEAK TRADE CLAIMS OPPORTUNITIES FUND I NON-ECI MASTER LP** ("Buyer"), the undersigned Seller hereby authorizes Buyer, as attorney in fact for the undersigned Seller and with full power of substitution, to:

1. Demand, sue for, compromise and recover all such amounts which are, or may hereafter become, due and payable for or on account of the Claim;
2. Vote on any question that may be lawfully submitted to creditors, interest holders in the Case;
3. Attend any meetings, calls or presentations of the Debtor in the place of Seller;
4. Receive all notices, dividends and distributions or other payments in connection with the Claim and the Case; and
5. Make any changes to the My Profile and Profile sections on the Seller's FTX Account referenced in the Claim, including, but not limited to: a) First Name, b) Last Name, c) Company Name, d) Email, e) Taxpayer ID, f) Citizenship, g) Address, h) City, i) State, j) Country, k) Postal code;
6. Fully recover from any foreign or domestic forfeiture fund established or to be established pursuant to 28 C.F.R. Part 9 or otherwise or any other restitution, remission, restoration or mitigation processes or funds (or like processes or funds) or any other fund operated or administered by (or on behalf of) any entity, governmental or otherwise, (including, without limitation, the U.S. DOJ); and
7. Otherwise take any steps that it considers necessary or desirable in connection with the Assignment (including, without limitation, preparing, submitting and/or amending any proof of claim or other document substantiating or evidencing the Claim in the Case).

Buyer agrees that any actions it takes in the Seller's name, place and stead shall fully comply with all applicable laws and regulations, including, without limitation, all the laws applicable to the Debtor.

Signed for by and on behalf of

**AELYSIR TECHNOLOGIES LTD**

By: [signature]
Name: ALESSANDRO PIRAS
Title: SELLER

Signed for and on behalf of (Buyer)
**OLYMPUS PEAK TRADE CLAIMS OPPORTUNITIES FUND I NON-ECI MASTER LP**
By: Olympus Peak Asset Management LP, its Investment Manager
By: Leah Silverman
Name: Leah Silverman
Title: Authorized Signatory

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

CHEROKEE ACQUISITION

| In re: FTX TRADING LTD., *et al.*, Debtors | Chapter 11<br>No. 22-11068 (JTD)<br>(Jointly Administered) |
|---|---|

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(1) of the Federal Rules of Bankruptcy Procedure of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferor:

**Name (Redacted)**

Name and Current Address of Transferor:
**Name (Redacted)**

Name of Transferee:

**Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP**

Name and Address where notices and payments to transferee should be sent:
**Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP**
**Attn: Leah Silverman**
**Email: finops@opeaklp.com**
**c/o Olympus Peak Asset Management**
**177 West Putnam Ave., Suite 2622-S1**
**Greenwich, CT 06831**

| Claim No./Schedule | Creditor Name | Amount | Debtor | Case No. |
|---|---|---|---|---|
| Schedule No. 5984913 | Name (Redacted) | as described on Register (attached) | FTX Trading Ltd. | 22-11068 |
| Confirmation ID No. 3265-70-CXOFD-852625719 | Name (Redacted) | Unliquidated (stated in crypto) | FTX Trading Ltd. | 22-11068 |
| Customer Code No. 00290422 | Name (Redacted) | as described on Schedule F (attached) | FTX Trading Ltd. | 22-11068 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: *Leah Silverman*
Transferee/Transferee's Agent

Date: November 21 , 2023

## Creditor Information - Schedule # 5984913

**Creditor**
Name on File
Address on File

**Debtor Name**
FTX Trading Ltd.
**Date Filed**
n/a

**Claim Number**
n/a
**Schedule Number**
5984913
**Confirmation ID**
3265-70-CXOFD-852625719

## Claim Amounts

| Claim Nature | Schedule Amount | C*U*D* | Asserted Claim Amount | C*U*F* | Current Claim Value | Claim Status |
|---|---|---|---|---|---|---|
| General Unsecured | | | | | | |
| Priority | | | | | | |
| Secured | | | | | | |
| 503(b)(9) Admin Priority | | | | | | |
| Admin Priority | | | | | | |
| **Total** | $0.00 | | | | $0.00 | |

*C=Contingent, U=Unliquidated, D=Disputed, F=Foreign

# EXHIBIT C

DocuSign Envelope ID: A04C10F9-B53F-4080-BEDF-7280083F7DBE





**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>FTX Trading Limited., *et al.*<br>Debtors | Chapter 11<br>Case No. 22-11068<br>(Jointly Administered) |

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2) Fed. R. of Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferor | Name of Transferee |
|---|---|
| **[CONFIDENTIAL CREDITOR]** | **FEDERICO NATALI** |
| Transferor's Address: | Transferee's address for notices and payment: |
| [Address on File] | P.O. Box number: 75719,<br>Dubai, United Arab Emirates<br><br>Attn: Federico Natali<br><br>paxtibi.xyz+recovery@gmail.com |

| Claim(s) | Debtor | Case No. | Claim Identifier(s) | Claim Amount (USD) |
|---|---|---|---|---|
| | FTX Trading Ltd. | 22-11068 | Schedule # (Schedule F): 00290422 | As detailed on Schedule F |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

DocuSigned by:
234EE7E451B8459...

Transferee / Transferee's Agent

11/08/2023

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**DEADLINE TO OBJECT TO TRANSFER**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: ______________

Clerk of the Court




Transferee has in its possession an Evidence of Transfer signed by the Transferor.

To protect the identity of the Transferor, Transferee has not disclosed the Transferor's name or address, and has not attached the signed Evidence of Transfer to this Notice of Transfer of Claim.

Upon written request, Transferee is prepared to provide a copy of the signed Evidence of Transfer to the Bankruptcy Court, the Debtors, and appropriate professionals.

DocuSign Envelope ID: A04C10F9-B53F-4080-BEDF-7280083F7DBE




**EXHIBIT A**

SCHEDULED CLAIM(S) / PROOF(S) OF CLAIM

| Customer Code | Contingent, Unliquidated, or Disputed Indicator | Total Crypto Token / Fiat / NFT [Quantity/NFT ID] | Earn Indicator | Token / Fiat in Lend |
|---|---|---|---|---|
| 00290402 | | BTC[0.0000517800000000], EUR[0.0000000115181470], TRX[0.0026070000000000], USD[0.0000000327047409], USDT[720302.7055291852955089] | | |

# EXHIBIT D



United States Bankruptcy Court – District of Delaware

In re: FTX Trading Ltd., *et al.*, Case No. 22-11068 (JTD) (Jointly Administered

NOTICE OF DEFECTIVE TRANSFER OF CLAIM

**TRANSFEROR:**

Aelysir Technologies Ltd. f/k/a Bluedeal Consulting Ltd.
3rd Floor Norvin House
45-55 Commercial Street
London, England, E1 6BD
United Kingdom

**TRANSFEREE:**

Attn: Federico Natali
P.O. Box number: 75719
Dubai, United Arab Emirates

Attn: Federico Natali
Damac Paramount Tower A
Apt 2601
Dubai United Arab Emirates

Notice of Transfer, Docket No. 3747, is defective for the reason(s) indicated below:

[ ] Notice of Transfer/Agreement is not signed by the transferee
[ ] Transferor does not hold a filed claim/scheduled liability as indicated in the Noti of Transfer
[ ] Debtor indicated in Notice of Transfer does not match to scheduled/asserted debt
[ ] Schedule/Claim was previously transferred
[ ] Claim was previously withdrawn/expunged by court order
[X] Other: Insufficient information provided to effectuate transfers.

More information regarding these chapter 11 cases is available at: https://restructuring.ra.kroll.com/ftx/

You may wish to consult an attorney regarding this notice. Kroll Restructuring Administrati is unable to offer legal or financial advice.

Date: 12/19/2023

Kroll Restructuring Administration LLC

# EXHIBIT E

DocuSign Envelope ID: A04C10F9-B53F-4080-BED5-7280083F7DBE




**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>FTX Trading Limited., *et al.*<br>Debtors | Chapter 11<br>Case No. 22-11068<br>(Jointly Administered) |

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2) Fed. R. of Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferor | Name of Transferee |
|---|---|
| **[CONFIDENTIAL CREDITOR]** | **FEDERICO NATALI** |
| Transferor's Address:<br><br>[Address on File] | Transferee's address for notices and payment:<br><br>P.O. Box number: 75719,<br>Dubai, United Arab Emirates<br><br>Attn: Federico Natali<br><br>paxtibi.xyz+recovery@gmail.com |

| Claim(s) | Debtor | Case No. | Claim Identifier(s) | Claim Amount (USD) |
|---|---|---|---|---|
| | FTX Trading Ltd. | 22-11068 | Schedule # (Schedule F): 00290422 | As detailed on Schedule F |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

DocuSigned by:
234EE7E451B8459...
Transferee / Transferee's Agent

11/08/2023

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**DEADLINE TO OBJECT TO TRANSFER**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: ____________________

Clerk of the Court

DocuSign Envelope ID: A04C10F9-B53F-4080-BEDF-7280083F7DBE





Transferee has in its possession an Evidence of Transfer signed by the Transferor.

To protect the identity of the Transferor, Transferee has not disclosed the Transferor's name or address, and has not attached the signed Evidence of Transfer to this Notice of Transfer of Claim.

Upon written request, Transferee is prepared to provide a copy of the signed Evidence of Transfer to the Bankruptcy Court, the Debtors, and appropriate professionals.

DocuSign Envelope ID: A04C10F9-B53F-4080-BEDF-7280083F7DBE




**EXHIBIT A**

SCHEDULED CLAIM(S) / PROOF(S) OF CLAIM

| Customer Code | Contingent, Unliquidated, or Disputed Indicator | Total Crypto Token / Fiat / NFT [Quantity/NFT ID] | Earn Indicator | Token / Fiat in Lend |
|---|---|---|---|---|
| 00290422 | | BTC[0.0000517300000000], EUR[0.0000000115161470], TRX[0.002607200000000002], USD[0.0000000270474092], USDT[720302.7055291852955089] | | |

# EXHIBIT F

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| In re: FTX Trading Ltd., *et al.*, Debtors. | Chapter 11<br>Case No. 22-11068 (JTD)<br>Jointly Administered |
|---|---|

**TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**SP Multi Claims Holdings, LLC**
Name of Transferee

**REDACTED**
Name and current address of Transferor

Schedule #: 5984913
Customer Claim Confirmation ID#: 3265-70-CXOFD-852625719
Unique Customer Code# 00290422
Debtor: FTX Trading LTD, Case No. 22-11068

**Name and Address where notices to transferee should be sent**:
SP Multi Claims Holdings, LLC
2 Greenwich Plaza
Suite 1
Greenwich, CT 06830
Attn: Operations
12017192157@tls.ldsprod.com
-and-
rbeacher@pryorcashman.com

**Name and Address where transferee payments should be sent (if different from above):**
I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

SP Multi Claims Holdings, LLC
By: Silver Point Capital, L.P., its manager

By:____________________
Transferee/Transferee's Agent

Date: February 7, 2024



*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 357

**IDENTITY OF TRANSFEROR**

Transferee has in its possession an Evidence of Transfer signed by the Transferor.

In order to protect the identity of the Transferor, Transferee has not disclosed the Transferor's name or address, and has not attached the signed Evidence of Transfer to this notice of Transfer of Claim.

Upon written request, Transferee is prepared to provide a copy of the signed Evidence of Transfer to the Bankruptcy Court, the Debtors, and appropriate professionals.

# EXHIBIT G



BLUEDEAL CONSULTING LTD <bluedealconsultingltd@gmail.com>

## In re FTX Trading Ltd., Case No. 22-11068 (JTD), Notice of Defective Transfer of Claim

**claimtransferbackup** <claimtransferbackup@ra.kroll.com> 4 marzo 2024 alle ore 10:57
A: "bluedealconsultingltd@gmail.com" <bluedealconsultingltd@gmail.com>

**United States Bankruptcy Court – District of Delaware**

**In re: FTX Trading Ltd., *et al.*, Case No. 22-11068 (JTD) (Jointly Administered)**

**NOTICE OF DEFECTIVE TRANSFER OF CLAIM**

**TRANSFEROR**:

Aelysir Technologies Ltd
bluedealconsultingltd@gmail.com

**TRANSFEREE**:

SP Multi Claims Holdings, LLC
Attn: Operations
2 Greenwich Plaza, Suite 1
Greenwich, CT 06830

Notice of Transfer, Docket No. 7125, is defective for the reason(s) indicated below:

[ ] Notice of Transfer/Agreement is not signed by the transferee
[X] Transferor does not hold a filed claim/scheduled liability as indicated in the Notice of Transfer
[ ] Debtor indicated in Notice of Transfer does not match to scheduled/asserted debtor
[ ] Schedule/Claim was previously transferred
[ ] Claim was previously withdrawn/expunged by court order
[X] Other: Insufficient information provided to effectuate transfers.

More information regarding these chapter 11 cases is available at:
https://restructuring.ra.kroll.com/ftx/

You may wish to consult an attorney regarding this notice. Kroll Restructuring Administration is unable to offer legal or financial advice.

Date: 03/04/2024
Kroll Restructuring Administration LLC
Claims and Noticing Agent for the Debtors

---

**FTX Trading Ltd. Info Center**
E: ftxinfo@ra.kroll.com
https://restructuring.ra.kroll.com/FTX

Effective March 29, 2022, Prime Clerk has rebranded as Kroll. All emails sent by us will now have the domain @Kroll.com. Emails sent to the domain @primeclerk.com will continue to be received. Please be assured that your

information remains secure and is only being used by us in connection with the purpose for which it is held.

# EXHIBIT H

bferrara@cherokeeacq.com

**Telegram:** **@FTX_Claim_Buyer**

Active in: *Claims, Vendor Put Options, Receivables Finance.*




[linkedin.com]

---

**From:** BLUEDEAL CONSULTING LTD <bluedealconsultingltd@gmail.com>
**Sent:** Tuesday, March 5, 2024 2:31 PM
**To:** Brian Ferrara <bferrara@cherokeeacq.com>
**Subject:** Re: FTX Claim (Aleysir)

I haven't a good Connection.

I'm in Colombia for vacation in this Moment.

I have already been informed that someone have tried to sell the claim several times.

I have already spoken to the other buyers and they are signing a document which shows that the past assignment has no value.

I have already received two documents from KROLL that do not validate the assignment of the claim.

But not for Olympus Peak.

It doesn't seem to have affected our sales.

I'll call you back on how to get to the hotel as I have more net coverage.

I haven't good wifi connection and no converture to make the call today.

I'm with my girlfriend on holiday in Colombia.
We can write here.
Tomorrow I will be in the covered area to be able to make a call or video call.

I attach the two files that I received from Kroll. in terms of timing, you are the one who collected the claim.

I am also in contact with Mr. Natali who was willing to sign a document certifying his non-possession of the same claim.

How can I serve you for anything else?
Available for everything.

Sincerely
Alessandro Piras

Il giorno mar 5 mar 2024 alle 16:37 Matt Englehardt <menglehardt@opeaklp.com> ha scritto:

Alessandro,

We need to object to the claim transfer on the docket immediately. As a result, it's necessary to speak with you as soon as possible to get more of the facts. Please let us know when you have availability tomorrow.

Best,

Matt

---

**From:** Brian Ferrara <bferrara@cherokeeacq.com>
**Sent:** Tuesday, March 5, 2024 3:35 PM
**To:** BLUEDEAL CONSULTING LTD <bluedealconsultingltd@gmail.com>
**Cc:** Vladimir Jelisavcic <vjel@cherokeeacq.com>; Leah Silverman <lsilverman@opeaklp.com>; Matt Englehardt <menglehardt@opeaklp.com>
**Subject:** *Urgent* FTX Claim (Aleysir) / call

Alessandro – when are you available for a call with Olympus Peak on this matter?

# EXHIBIT I

10:44







+39 320 157 6735
last seen today at 5:43 AM







+39 320 157 6735

~Alessandro Piras

Phone number from **Italy** · Not a contact · No common groups

Safety Tools

Block Add

Hi Matt, Alessandro Piras here
4:51 PM

Hi 4:52 PM

I call you at 6 PM 4:52 PM





+39 320 157 6735

last seen today at 5:43 AM



Yes 5:46 PM



Voice call

10 min

5:46 PM



Missed voice call

Tap to call back

5:46 PM

sorry for my English but right now I'm speaking more Spanish than English or Italian

5:57 PM

so to recap:

the claim has not been assigned to SP and

Mr Natali assured me that, when he receives the document declaring his non-ownership of the claim, he will sign it.

this should be enough so that only you are the owners of the claim

5:59 PM