# Exhibit A

{1368.002-W0074910.}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FTX TRADING LTD., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11068 (JTD) <br><br> (Jointly Administered) |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD., <br><br> Plaintiffs, <br><br> - against - <br><br> LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS, <br><br> Defendants. | Adv. Pro. No. 23-50437 (JTD) <br><br><br> D.I. \_\_\_\_ |

**ORDER (I) AUTHORIZING PLAINTIFFS TO ENTER INTO THE STIPULATION WITH LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, BRANDON WILLIAMS, MARTHA LAMBRIANOU, AND MARCEL LOETSCHER, (II) APPROVING THE STIPULATION, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Maclaurin Investments Ltd. and FTX Trading Ltd. (together, "Plaintiffs"), for entry of an order (this "Order") (a) authorizing Plaintiffs to enter into the Stipulation, a copy of which is attached hereto as Exhibit 1, (b) approving the Stipulation, and (c) granting certain related relief; and this Court having jurisdiction to consider

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Plaintiffs and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.
2. Plaintiffs are authorized to enter into the Stipulation.
3. The terms of the Stipulation are approved in their entirety.
4. The following proofs of claim are deemed disallowed:
    a. Proof of Claim No. 4831 filed by Patrick Gruhn;
    b. Proof of Claim No. 4476 filed by Lorem Ipsum UG;
    c. Proof of Claim No. 79107 filed by Martha Lambrianou on behalf of FTX EU Ltd.; and

    d. Proof of Claim No. 79926 filed by Martha Lambrianou on behalf of FTX EU Ltd.

  5. For the avoidance of doubt, the provision of documents or truthful information or testimony by the LI Parties in response to any requests from the court-appointed examiner, Robert J. Cleary, Esq., shall not constitute an "Adverse Action" as defined in the Stipulation.

  6. The failure to specifically include or reference any particular term or provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such term or provision.

  7. Plaintiffs are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

  8. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

  9. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
  Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge