**<u>Exhibit C</u>**

**IEX Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) (Jointly |
| Debtors. | Administered) |
| | **Ref. Nos. 5381 & 6677** |

**ORDER (I) AUTHORIZING AND APPROVING SALE OF INTERESTS IN IEX GROUP, INC. FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING ENTRY INTO, AND PERFORMANCE UNDER, THE PURCHASE AND SALE AGREEMENT; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors

and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Sale Order"),

pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004,

9007, 9008 and 9014 and Local Rules 2002-1, 6004-1 and 9006-1, among other things,

(a) authorizing and approving the sale (the "Sale Transaction") of all the shares of common stock

(the "Interests") held by Debtor West Realm Shires Inc., a Delaware corporation ("Seller") in

IEX Group, Inc., a Delaware corporation (the "Subject Company" or "IEX"), free and clear of all

liens, claims, interests and encumbrances in accordance with the terms and conditions set forth in

the Purchase and Sale Agreement, (b) authorizing and approving Seller's entry into, and

performance under, the Purchase and Sale Agreement, among Seller and the Purchasers, and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

(c) granting related relief; the Court having held a hearing to approve the Sale Transaction pursuant to the terms of the Purchase and Sale Agreement (the "Sale Hearing") to review and consider (i) the Motion with respect to the Sale Transaction and all relief related thereto, (ii) the Purchase and Sale Agreement, (iii) the Declaration of Bruce Mendelsohn, and (iv) any objections thereto that were not resolved prior to the start of the Sale Hearing; and upon the record of the Sale Hearing and all of the proceedings had before this Court; and objections (if any) to the Motion, with respect to the sale of the Interests, having been withdrawn or overruled on the merits; and after due deliberation and good cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    <u>Jurisdiction and Venue</u>.  This Court has jurisdiction over this matter and over the property of the Debtors' estates, including the Interests to be sold, transferred or conveyed pursuant to the Purchase and Sale Agreement, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This Court may issue a final order on the Motion consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.    <u>Statutory and Rule Predicates</u>.  The statutory and other legal predicates for the relief requested in the Motion and for the approvals and authorization herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008 and 9014 and Local Rules 2002-1, 6004-1 and 9006-1.

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052.

C. <u>Final Order</u>. This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to the extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil Procedures, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein and authorizes the closing of the Sale Transaction contemplated hereby without regard to any stay or delay in its implementation.

D. <u>Sale Notice</u>. As shown by the affidavits filed and submissions made to the Court, (a) the Debtors have provided due, good, proper, timely, reasonable, adequate, appropriate and sufficient notice of, and sufficient opportunity to object to, the Motion with respect to the Sale Transaction and the relief requested therein (including the Debtors' requested findings with respect to successor liability), the Sale Transaction, and the proposed entry of this Sale Order in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, (b) such notice was adequate and sufficient under the circumstances of these Chapter 11 Cases, and (c) no other or further notice is necessary or shall be required.

E. <u>Opportunity to Object</u>. A fair and reasonable opportunity to object or be heard regarding the relief granted by this Sale Order has been afforded to all interested parties.

F. <u>No Collusion</u>. No Purchaser is an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. The Purchase and Sale Agreement and the Sale Transaction were negotiated, proposed and entered into by Seller and each Purchaser without collusion or fraud, in good faith and from arm's-length bargaining positions, and are substantively and procedurally fair to all parties. Neither the Debtors nor any Purchaser has engaged in any conduct that would cause or permit the Purchase and Sale Agreement or the

consummation of the Sale Transaction to be avoided, or costs or damages to be imposed under section 363(n) of the Bankruptcy Code, and accordingly neither the Debtors nor any Purchaser has violated section 363(n) of the Bankruptcy Code by any action or inaction. Specifically, no Purchaser has acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders. The Sale Transaction may not be avoided, and no damages may be assessed against any Purchaser or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

G.     Good Faith of Purchasers. Each Purchaser is purchasing the Interests in good faith and for value, and is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code. Each Purchaser is therefore entitled to all of the protections afforded under section 363(m) and any other applicable or similar bankruptcy or non-bankruptcy law, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (a) each Purchaser recognized that the Debtors were free to deal with any other party interested in acquiring the Interests; (b) each Purchaser in no way induced or caused the filing of these Chapter 11 Cases by the Debtors; (c) all payments to be made, and all other material agreements or arrangements entered into or to be entered into, by each Purchaser in connection with the Sale Transaction have been disclosed; (d) no Purchaser has violated section 363(n) of the Bankruptcy Code by any action or inaction; (e) the negotiation and execution of the Purchase and Sale Agreement were at arm's length and in good faith, and at all times each Purchaser and Seller were represented by competent counsel of their choosing; and (f) no Purchaser has acted in a collusive manner with any person. Each Purchaser will be acting in good faith within the meaning of section 363(m) in closing the transactions contemplated by the Purchase and Sale Agreement.

4

H.     <u>Highest and Best Offer</u>.  The Debtors and their advisors, including, without limitation, Perella Weinberg Partners LP, have appropriately marketed the Interests, and a reasonable opportunity has been given to any interested party to make a higher or better offer for the Interests.  No other person or entity or group of entities has offered to purchase the Interests for higher or otherwise better value to the Debtors' estates than Purchasers.  The offer to purchase the Interests made by each Purchaser, under the terms and conditions set forth in the Purchase and Sale Agreement: (a) was made in good faith; (b) is the highest or otherwise best offer obtained for the Interests and will provide a greater recovery for the Debtors' estates than would be provided by any other reasonably available alternative; (c) is for fair, adequate and sufficient consideration that constitutes reasonably equivalent value for the Interests being conveyed to such Purchaser; (d) is fair and reasonable; (e) is in the best interests of the Debtors' estates; and (f) would not have been made by such Purchaser absent the protections afforded to such Purchaser by this Sale Order.

I.     The Debtors' determination that the Sale Transaction, pursuant to the Purchase and Sale Agreement, provides the highest or otherwise best offer for the Interests, and their related decision to sell the Interests, constitute a reasonable exercise of the Debtors' business judgment.  The facts and circumstances described in the Motion and the evidence adduced in connection with the Sale Hearing demonstrate the Debtors' business judgment to sell the Interests to Purchasers at this time, and the Debtors have articulated sound business reasons for consummating the Sale Transaction and for selling the Interests outside of a chapter 11 plan.  Moreover, the sale of the Interests outside of a chapter 11 plan pursuant to the Purchase and Sale Agreement neither impermissibly restructures the rights of the Debtors' creditors nor dictates the terms of any chapter 11 plan.  The Sale Transaction does not constitute a *sub rosa* chapter 11

5

plan. It is a reasonable exercise of the Debtors' business judgment to execute, deliver and consummate the Sale Transaction, subject to this Sale Order.

J.    <u>Fair Consideration</u>.  The consideration provided by each Purchaser pursuant to the Purchase and Sale Agreement constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

K.    <u>No Successor or Other Derivative Liability</u>.  As a result of any action taken in connection with the Sale Transaction, the Purchase and Sale Agreement, or this Sale Order: (a) no Purchaser is a successor to or mere continuation of or substantial continuation of the Debtors or their estates and there is no continuity of enterprise between any Purchaser and the Debtors; and (b) no Purchaser shall be deemed to be holding itself out to the public as a continuation of the Debtors based on the Sale Transaction.  No Purchaser is, or shall be, considered a successor in interest to any of the Debtors or their estates, by reason of any theory of law or equity, and the Sale Transaction does not amount to a consolidation, succession, merger, or de facto merger of any Purchaser and the Debtors and/or the Debtors' estates.  No Purchaser would have entered into the Purchase and Sale Agreement if the sale of the Interests were not made free and clear of any successor liability of such Purchaser.

L.    <u>Corporate Power and Authority</u>.  As set forth in section 2.1(a) of the Purchase and Sale Agreement, Seller (a) has full corporate power and authority to execute and deliver the Purchase and Sale Agreement and all other documents contemplated thereby, (b) has all corporate authority necessary to consummate the Sale Transaction, and (c) has taken all

corporate action and formalities necessary to authorize and approve the Purchase and Sale
Agreement and the consummation of the Sale Transaction.  Seller's sale of the Interests has been
duly and validly authorized by all necessary corporate action.  No consents or approvals, other
than those expressly provided for in the Purchase and Sale Agreement, are required for Seller to
consummate the Sale Transaction.

       M.     The Purchase and Sale Agreement was not entered into for the purpose of
hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the
United States, any state, territory, possession or the District of Columbia.  Neither the Debtors
nor any Purchaser is entering into the Sale Transaction fraudulently for the purpose of statutory
and common law fraudulent conveyance and fraudulent transfer claims.

       N.     <u>Title to Assets</u>.  The transfer of the Debtors' rights, titles and interests to
the Interests to each Purchaser will be, as of the Closing Date (as defined in the Purchase and
Sale Agreement), a legal, valid and effective transfer of such rights, titles and interests in such
Interests, which transfer vests or will vest such Purchaser with all rights, titles and interests of the
Debtors to such Interests free and clear of all Liens (as defined below and in the Purchase and
Sale Agreement), other than Permitted Encumbrances (as defined in the Purchase and Sale
Agreement).  The Purchase and Sale Agreement is a valid and binding contract between Seller
and each Purchaser and shall be enforceable according to its terms.

       O.     <u>Satisfaction of Section 363(f) Standards</u>.  The conditions of section 363(f)
of the Bankruptcy Code have been satisfied in full, and upon entry of this Sale Order, the
Debtors are authorized to transfer all of their rights, titles and interests in and to the Interests free
and clear of any interest in the property, other than Permitted Encumbrances.  The Debtors may
sell the Interests free and clear of all liens (statutory or otherwise), charges, pledges, mortgages,

leases, easements, hypothecations, usufructs, deeds of trust, security interests, options, rights of use, first offer or first refusal, servitudes, restrictive covenants or conditions, encroachments, claims, interests, restrictions, or any other encumbrances of any kind (collectively, "Liens"), other than Permitted Encumbrances, against the Debtors, their estates or the Interests because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied.  Each holder with a Lien on the Interests to be transferred pursuant to the Purchase and Sale Agreement: (a) has, subject to the terms and conditions of this Sale Order, consented to the Sale Transaction or is deemed to have consented; (b) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Lien; or (c) otherwise falls within one or more of the other subsections of section 363(f) of the Bankruptcy Code.  Holders of Liens against the Debtors, their estates or the Interests who did not object, or who withdrew their objections, to the Sale Transaction or the Motion, with respect to the sale of the Interests (except with respect to Permitted Encumbrances), are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All other holders of Liens are adequately protected by having their Liens, if any, in each instance against the Debtors, their estates or the Interests, attach to the net cash proceeds of the Sale Transaction ultimately attributable to the Interests in which such creditor alleges a Lien, in the same order of priority, with the same validity, force and effect that such Liens had prior to the Sale Transaction, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

P.    No Purchaser would have entered into the Purchase and Sale Agreement or would consummate the Sale Transaction if the sale of the Interests to such Purchaser were not free and clear of all Liens (other than Permitted Encumbrances), or if such Purchaser or any of the applicable Purchaser Parties (as defined in the Purchase and Sale Agreement) would, or in

the future could, be liable for any such Lien.  The total consideration to be provided by each

Purchaser under the Purchase and Sale Agreement reflects such Purchaser's reliance on this Sale

Order to provide it, pursuant to sections 105(a) and 363 of the Bankruptcy Code, with title to,

interest in and possession of the Interests free and clear of all Liens (other than Permitted

Encumbrances).  Not transferring the Interests free and clear of all Liens (other than Permitted

Encumbrances) would adversely impact the Debtors' efforts to maximize the value of the estates,

and the transfer of the Interests other than pursuant to a transfer that is free and clear of all Liens

(other than Permitted Encumbrances) would be of substantially less benefit to the Debtors'

estates.

   Q. <u>Mutual Release and Settlement Release</u>.  The mutual release (the "<u>Mutual</u>

<u>Release</u>") of any and all claims, causes of actions (including all avoidance actions), Liens, rights

and remedies in respect of the acquisition and ownership of the Interests is a necessary and

integral part of the Purchase and Sale Agreement, and the scope of the Mutual Release is

appropriately tailored under the facts and circumstances.  The Mutual Release is: (a) in exchange

for the good and valuable consideration provided by Sellers and Purchasers; (b) a good faith

settlement and compromise of the claims, causes of action, Liens, rights and remedies released

by such releases; (c) in the best interests of the Debtors and all holders of claims and interests;

(d) fair, equitable and reasonable; (e) given and made after due notice and opportunity for

hearing; and (f) a bar to any of the Debtors or their estates asserting any claim or cause of action

(including all avoidance actions) released pursuant to such release.

   R. The mutual release between the Debtors and IEX of any and all any claims

or causes of action arising out of, relating to or arising under the Prior Transaction, the Prior

Agreements or the acquisition or ownership of the IEX Shares by Debtors, including the IEX

Claims, and the acquisition or ownership of the FTX Shares by IEX and its Affiliates at the closing of the Transaction pursuant to the terms of the Settlement Agreement has been previously approved by the Court, is a proper exercise of the Debtors' business judgment and is fair and reasonable.

S.    <u>Waiver of Bankruptcy Rule 6004(h)</u>.  Good and sufficient reasons for approval of the Purchase and Sale Agreement and the Sale Transaction have been articulated.  The Debtors have demonstrated both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the Sale Transaction other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a chapter 11 plan, in that, among other things, the immediate consummation of the Sale Transaction is necessary and appropriate to maximize the value of the Debtors' estates and progress these Chapter 11 Cases. Accordingly, there is cause to waive or lift the stay contemplated by Bankruptcy Rule 6004(h) with respect to the Sale Transaction.  To maximize the value of the Interests, it is essential that the Sale Transaction occur within the time constraints set forth in the Purchase and Sale Agreement. Time is of the essence in consummating the Sale Transaction and the Debtors and Purchasers intend to close the Sale Transaction as soon as practicable.  Given all of the circumstances of these Chapter 11 Cases and the adequacy and fair value of the Aggregate Purchase Prices under the Purchase and Sale Agreement, the proposed Sale Transaction should be approved.

T.    The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f) and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

U.      Personally Identifiable Information.  The Sale Transaction does not

involve the sale of any personally identifiable information.  Thus, the appointment of a consumer

privacy ombudsman pursuant to section 363(b)(1) or section 332 of the Bankruptcy Code is not

required with respect to the Sale Transaction.

V.      Legal and Factual Bases.  The legal and factual bases set forth in the

Motion and the evidence adduced in connection with the Sale Hearing establish just cause for the

relief granted herein.  Entry of this Sale Order is in the best interests of the Debtors and their

estates.

IT IS HEREBY ORDERED THAT:

**A.      General Provisions**

1.      The sale of the Interests and the other relief requested in the Motion is

granted as set forth herein, and the Purchase and Sale Agreement and the provisions thereof and

the Sale Transaction are approved in their entirety as set forth herein.

2.      All objections, responses, reservations of rights and requests for any

continuances concerning the Motion are resolved in accordance with the terms of this Sale Order

or as set forth in the record of the Sale Hearing.  To the extent any such objections, responses,

reservations of rights or requests for any continuances were not otherwise withdrawn, waived,

settled, or resolved, such are hereby overruled and denied on the merits.  All interested parties

that failed to timely object to the Motion, with respect to the Sale Transaction, are deemed to

have consented to the relief granted herein for all purposes, including, without limitation,

pursuant to section 363(f)(2) of the Bankruptcy Code.

3.      Notice of the Motion, the Purchase and Sale Agreement, the sale of the

Interests free and clear of all Liens, except Permitted Encumbrances, the Sale Transaction was

fair, equitable, proper, and sufficient under the circumstances and complied in all respects with

section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008 and 9014 and Local Rules 2002-1, 6004-1 and 9006-1.

**B.      Approval of the Purchase and Sale Agreement**

4.      The Purchase and Sale Agreement and all of the terms and conditions thereof, are hereby authorized and approved in all respects.  The failure to specifically include or make reference to any particular provision of the Purchase and Sale Agreement in this Sale Order shall not impair the effectiveness of such provision, it being the intent of this Court that the Purchase and Sale Agreement and the Sale Transaction are authorized and approved in their entirety.

5.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale Transaction to Purchasers in accordance with the terms and conditions of the Purchase and Sale Agreement, (b) close the Sale Transaction as contemplated in the Purchase and Sale Agreement and this Sale Order, and (c) execute and deliver, perform under, consummate and implement the Purchase and Sale Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase and Sale Agreement and the Sale Transaction.  No Purchaser shall be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Purchase and Sale Agreement or any other sale-related document.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order; provided, however, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

6.      This Sale Order shall be binding in all respects upon the Debtors, their

estates, all creditors of and holders of equity interests in, the Debtors, any holders of Liens in,

against or on all or any portion of the Interests (whether known or unknown), Purchasers and all

successors and assigns of Purchasers, the Interests and any trustees, if any, subsequently

appointed in these Chapter 11 Cases or upon a conversion to Chapter 7 under the Bankruptcy

Code of these Chapter 11 Cases.  This Sale Order and the Purchase and Sale Agreement shall

inure to the benefit of the Debtors, their estates and creditors, Purchasers and the respective

successors and assigns of each of the foregoing.

## C.      Consummation of the Sale Transaction

7.      Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the

Debtors are authorized to transfer all of their rights, titles and interests to each Purchaser's

respective Interests to such Purchaser on the Closing Date and such transfer shall constitute a

legal, valid, binding and effective transfer of such rights, titles and interests in such Interests and

shall vest such Purchaser with all of the Debtors' rights, titles and interests in such Interests and,

upon the Debtors' receipt of the applicable Aggregate Purchase Price, shall be free and clear of

all Liens, including but not limited to, successor or successor-in-interest liability or, any tax liens

or mechanic's liens asserted against such Interests, except Permitted Encumbrances, with all

Liens to attach to the net cash proceeds ultimately attributable to the property against or in which

such Liens are asserted, subject to the terms thereof, with the same validity, force and effect, and

in the same order of priority, which such Liens now have against such Interests, subject to any

rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect

thereto.  The provisions of this Sale Order authorizing and approving the transfer of the Interests

free and clear of all Liens (other than Permitted Encumbrances) shall be self-executing, and

neither the Debtors nor any Purchaser shall be required to execute or file releases, termination

statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order.  The Mutual Release is approved in full.

8.      A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens and other encumbrances of record except Permitted Encumbrances.

9.      If any person or entity which has filed statements or other documents or agreements evidencing Liens in, against or on all or any portion of the Interests shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Liens and any other documents necessary for the purpose of documenting the release of all Liens which the person or entity has or may assert with respect to all or any portion of the Interests, the Debtors, Purchasers and each of their respective officers, employees and agents are hereby authorized and empowered to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Interests.

10.      This Sale Order is and shall be effective as a determination that, on the Closing Date, all Liens existing as to the Interests prior to the Closing Date, except Permitted Encumbrances, shall have been unconditionally released, discharged and terminated from the Interests, and that the conveyances described herein have been effected.  This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or

otherwise record or release any documents or instruments, or who may be required to report or

insure any title or state of title in or to any lease; and each of the foregoing persons and entities is

hereby directed to accept for filing any and all of the documents and instruments necessary and

appropriate to consummate the Sale Transaction.

**D.      Prohibition of Actions Against Purchasers**

11.      Except as expressly provided for in this Sale Order or the Purchase and

Sale Agreement, no Purchaser shall have any liability or other obligation or responsibility of the

Debtors arising under or related to its respective Interests prior to the Closing.  No Purchaser is a

"successor" to the Debtors or their estates by reason of any theory of law or equity.  Without

limiting the generality of the foregoing, and except as otherwise specifically provided herein or

in the Purchase and Sale Agreement, no Purchaser shall be liable for any claims against the

Debtors or any of its predecessors or affiliates, and no Purchaser shall have any successor or

vicarious liabilities of any kind or character, including, but not limited to, under any theory of

antitrust, environmental (subject to paragraph 15 below), successor or transferee liability,

securities law, tax law, labor law, de facto merger, mere continuation or substantial continuity,

whether known or unknown as of the Closing Date, now existing or hereafter arising, whether

fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether

liquidated or unliquidated, including, but not limited to, liabilities on account of warranties,

environmental liabilities (subject to paragraph 15 below), and any taxes arising, accruing or

payable under, out of, in connection with, or in any way relating to the operation of any of such

Purchaser's respective Interests prior to the Closing.  The Sale Transaction does not amount to a

consolidation, merger or de facto merger of any Purchaser, on the one hand, and the Debtors, the

Debtors' affiliates and/or the Debtors' estates, on the other hand, and there is not substantial

continuity between any Purchaser, on the one hand, and the Debtors or their affiliates, on the

other hand, and no Purchaser is a mere continuation of the Debtors or their estates, and no

Purchaser constitutes a successor to the Debtors or their estates.  For purposes of paragraphs 11

to 14 of this Sale Order, all references to a Purchaser shall include its respective Purchaser

Parties.

        12.     Except as expressly otherwise set forth in the Purchase and Sale

Agreement and this Sale Order, all persons and entities, including, but not limited to, all debt

security holders, equity security holders, governmental, tax and regulatory authorities, lenders,

trade creditors, dealers, employees, litigation claimants and other creditors, holding Liens against

or in all or any portion of the Interests (whether legal or equitable, secured or unsecured, matured

or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate),

arising under or out of, in connection with, or in any way relating to the Debtors or the Interests

prior to the Closing Date or the Sale Transaction, including the transfer of the Interests to

Purchasers, hereby are forever barred, estopped and permanently enjoined from asserting against

any Purchaser, its Affiliates, its successors or assigns, their property or the Interests, such

persons' or entities' Liens with respect to the Interests, including, without limitation, the

following actions: (a) commencing or continuing in any manner any action or other proceeding

against any Purchaser, its Affiliates, its successors, assets or properties; (b) enforcing, attaching,

collecting or recovering in any manner any judgment, award, decree or order against any

Purchaser, its Affiliates, its successors, assets or properties; (c) creating, perfecting or enforcing

any Liens against any Purchaser, its Affiliates, its successors, assets or properties; (d) asserting

any unexercised set-off or right of subrogation against any obligation due with respect to any

Purchaser, its Affiliates or its successors; (e) commencing or continuing any action, in any

manner or place, that does not comply or is inconsistent with the provisions of this Sale Order, or

the agreements or actions contemplated or taken in respect thereof or (f) revoking, terminating or

failing or refusing to transfer or renew any license, permit or authorization to operate the Subject

Company, subject to paragraph 16 below.  On the Closing Date, each creditor is authorized and

directed to execute such documents and take all other actions as may be necessary to release

Liens in or on the Interests (except Permitted Encumbrances), if any, as provided for herein, as

such Liens may have been recorded or may otherwise exist.

13.     All persons and entities are hereby forever prohibited and enjoined from

taking any action that would adversely affect or interfere (a) with the ability of the Debtors

and/or Seller to sell and transfer the Interests to any Purchaser in accordance with the terms of

the Purchase and Sale Agreement and this Sale Order, and (b) with the ability of any Purchaser

to acquire and take possession of the Interests in accordance with the terms of the Purchase and

Sale Agreement and this Sale Order.

14.     Each Purchaser has given substantial consideration under the Purchase and

Sale Agreement for the benefit of the Debtors and their estates.  The consideration given by each

Purchaser shall constitute valid and valuable consideration for the sale being free and clear of

any potential liens, claims, interests, and encumbrances, including any Liens, as to the Interests

pursuant to this Sale Order, except with respect to the Permitted Encumbrances, and free and

clear of any potential claims of successor liability against such Purchaser.  The consideration

provided by each Purchaser for the Interests under the Purchase and Sale Agreement is fair and

reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

**E.    Other Provisions**

15.     Nothing in this Sale Order or the Purchase and Sale Agreement releases,

nullifies, precludes or enjoins the enforcement of any police or regulatory liability to a

governmental unit that any entity would be subject to as the post-sale owner or operator of

property after the date of entry of this Sale Order.  In addition, nothing in this Sale Order divests any tribunal of any jurisdiction it may have under police or regulatory law, including the jurisdiction to interpret this Sale Order or to adjudicate any defense asserted under this Sale Order.

16.     Further, nothing in this Sale Order or Purchase and Sale Agreement authorizes the transfer or assignment of any governmental license, permit, registration, authorization or approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law as appropriate.

17.     Notwithstanding anything to the contrary in the Motion, this Sale Order, or any findings announced at the Sale Hearing, nothing in the Motion, this Sale Order, or announced at the Sale Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis are expressly reserved.

18.     The consideration provided by each Purchaser to the Debtors pursuant to the Purchase and Sale Agreement for the Interests constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

19.     The sale of the Interests and the Mutual Release do not include the sale or release of any causes of action held by any of the Debtors against any person or entity, including but not limited to causes of action against Samuel Bankman-Fried, Gary Wang, Nishad Singh,

Caroline Ellison or any person known by the Debtors to have a familial relationship with any of the foregoing persons.

20.     The Sale Transaction is undertaken by each Purchaser without collusion and in good faith, within the meaning of section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction unless such authorization and such Sale Transaction were duly stayed pending such appeal at the time of the Closing.  Each Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full rights, benefits, privileges and protections of section 363(m) of the Bankruptcy Code.  The Debtors and Purchasers will be acting in good faith if they proceed to consummate the Sale Transaction at any time after the entry of this Order.

21.     As a good faith purchaser of the Interests, each Purchaser has not entered into an agreement with any other potential bidders, and has not colluded with any other bidders, potential bidders, or any other parties interested in the Interests, and therefore, neither the Debtors nor any successor-in-interest to the Debtors' estates shall be entitled to bring an action against such Purchaser, and the Sale Transaction may not be avoided pursuant to section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) in respect of the Purchase and Sale Agreement or Sale Transaction.

22.     Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) these Chapter 11 Cases, (b) any subsequent Chapter 7 case into which these Chapter 11 Cases may be converted or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the Purchase and Sale Agreement or the terms of this Sale Order.  In the event there is a conflict between this Sale

Order and the Purchase and Sale Agreement (or any ancillary agreements executed in connection therewith), this Sale Order shall control and govern.  Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.  To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Sale Order shall control.

23.     Pursuant to Bankruptcy Rules 7062, 9014 and 6004(h), this Sale Order shall be effective and enforceable immediately upon entry, the Debtors and Purchasers are authorized to close the Sale Transaction immediately upon entry of this Sale Order, and the 14-day stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.

24.     The failure specifically to include any particular provision of the Purchase and Sale Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase and Sale Agreement be authorized and approved in its entirety; provided, however, that this Sale Order shall govern if there is any inconsistency between the Purchase and Sale Agreement (including all ancillary documents executed in connection therewith) and this Sale Order.

25.     The Purchase and Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, with prior written notice to the Committee, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates or any of the Debtors' creditors.  If the Purchase and Sale Agreement is modified, the Debtors shall file the modified version with the Court.

26.     This Court shall retain exclusive jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Sale Order and the Purchase

and Sale Agreement, all amendments thereto and any waivers and consents thereunder and each

of the agreements executed in connection therewith to which the Debtors are a party, and to

adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale

Transaction.

27.     The Purchase and Sale Agreement shall be in full force and effect,

regardless of any Debtor's lack of good standing in any jurisdiction in which such Debtor is

formed or authorized to transact business.

28.     No bulk sales law, bulk transfer law or any similar law of any state or

other jurisdiction (including those relating to taxes other than Transfer Taxes (as defined in the

Purchase and Sale Agreement)) shall apply to the Debtors' conveyance of the Interests or this

Sale Order.

29.     The appointment of a consumer privacy ombudsman pursuant to section

363(b)(1) or section 332 of the Bankruptcy Code is not required with respect to the Sale

Transaction.

30.     Each Purchaser is a party-in-interest and shall have the ability to appear

and be heard on all issues related to or otherwise connected to this Sale Order, the Sale

Transaction and any issues related to or otherwise connected to the Purchase and Sale Agreement

and the Sale Transaction.

31.     The Debtors are hereby authorized to execute the final mutual release

between the Debtors and IEX of any and all any claims or causes of action arising out of, relating

to or arising under the Prior Transaction, the Prior Agreements or the acquisition or ownership of

the IEX Shares by Debtors, including the IEX Claims, and the acquisition or ownership of the

FTX Shares by IEX and its Affiliates at the closing of the Transaction pursuant to the terms of

21

the Settlement Agreement and the *Order (A) Authorizing the Debtors to Enter into Settlement Agreement with IEX Group, Inc., (B) Approving the Settlement Agreement, and (C) Granting Related Relief* [D.I. 2204].

32.     Nothing in this Sale Order shall affect the obligations, if any, of the Debtors, Purchasers, and/or any transferee or custodian to maintain all books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

33.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**Dated: January 29th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**