# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FTX TRADING, LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**April 4, 2024, at 4:00 p.m. (ET)**<br>**Hearing Date:**<br>**June 13, 2024, at 1:00 p.m. (ET)** |

**COMBINED SECOND MONTHLY AND SECOND INTERIM FEE APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS CO-COUNSEL TO THE AD HOC COMMITTEE OF NON-US CUSTOMERS OF FTX.COM, FOR ALLOWANCE OF MONTHLY COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2023, THROUGH AND INCLUDING JANUARY 31, 2024**

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Ad Hoc Committee of Non-US Customers of FTX.com |
| Date of Order Approving Reimbursement Agreement: | November 15, 2023 |
| Period for which compensation and reimbursement is sought: | November 1, 2023, through January 31, 2024 |
| Amount of compensation sought as actual, reasonable and necessary: | $530,595.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $2,533.50 |

This is a  x  monthly and  x  interim fee application.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. A complete list of the debtors and the last four digits of their federal tax identification numbers may be obtained at https://cases.ra.kroll.com/FTX.

The total time expended for Morris Nichols's fee application preparation during this period is approximately 35.4 hours and the corresponding compensation requested is approximately $20,624.00.

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 12/15/2023 D.I. 4858 | 5/1/23 – 10/31/23 | $517,782.25 / $13,669.55 | $414,225.80 / $13,669.55 |

**COMPENSATION BY PROFESSIONAL**
**FTX TRADING, LTD.,** *et al.*,
**(Case No. 22-11068 (JTD))**
**November 1, 2023, through January 31, 2024**

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Eric D. Schwartz | Partner/Bankruptcy. Partner since 2002. Joined firm as an associate in 1999. Member of the DE Bar since 1992. | 1,350 | 0.5 | 675.00 |
| Matthew B. Harvey | Partner/Bankruptcy. Partner since 2020. Joined firm as associate from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014. Member of the DE Bar since 2008. | 1,145 | 66.1 | 75,684.50 |
|  |  | 1,045 | 155.0 | 161,975.00 |
| Brenna A. Dolphin | Special Counsel/Bankruptcy. Joined the firm as special counsel in 2023. Member of the DE Bar since 2011. | 965 | 36.6 | 35,319.00 |
|  |  | 915 | 62.6 | 57,279.00 |
| Jonathan M. Weyand | Associate/Bankruptcy. Joined the firm as an associate in 2020. Member of the DE Bar since 2022. | 665 | 62.2 | 41,363.00 |
|  |  | 595 | 215.4 | 128,163.00 |
| Erin L. Williamson | Associate/Bankruptcy. Joined the firm as an associate in 2023. Member of the DE Bar since 2023. | 595 | 8.3 | 4,938.50 |
|  |  | 505 | 13.0 | 6,565.00 |
| Austin Park | Associate/Bankruptcy. Joined the firm as an associate in 2023. Member of the DE Bar since 2023. | 545 | 19.5 | 10,627.50 |
| Casey Sawyer | Associate/Bankruptcy. Joined the firm as an associate in 2023. Member of the DE Bar since 2023. | 545 | 5.1 | 2,779.50 |
|  |  | 505 | 1.3 | 656.50 |
| Desiree M. Vale | Paralegal | 375 | 6.9 | 2,587.50 |

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John Lawrence | Paralegal | 395 | 2.2 | 869.00 |
|  |  | 375 | 2.4 | 900.00 |
| Marie Reed | Legal Assistant | 355 | 0.6 | 213.00 |
| **Total** |  | **806.74** | **657.7** | **530,595.00** |
| **BLENDED RATE: $806.74** ||||||
| **ATTORNEY BLENDED RATE: $814.79** |||||

**COMPENSATION BY PROJECT CATEGORY**

**FTX TRADING, LTD.,** *et al.*,
**(Case No. 22-11068 (JTD))**

**November 1, 2023, through January 31, 2024**

| Project Category | Total Hours | Total Fees |
| --- | --- | --- |
| Case Administration | 0.50 | 187.50 |
| General Creditor Inquiries | 3.20 | 2,803.00 |
| Case Analysis/Pleading Review | 95.10 | 78,963.50 |
| External Stakeholder Communications | 0.50 | 572.50 |
| Court Hearings | 35.00 | 31,528.00 |
| Fee Applications | 107.90 | 64,353.50 |
| Contested Matters | 13.60 | 9,912.00 |
| General Litigation | 1.80 | 1,300.00 |
| AHC Committee Governance | 2.90 | 2,130.50 |
| AHC Member Communications & Meetings | 38.70 | 29,577.50 |
| KYC Process and Claims Administration | 3.10 | 2,909.50 |
| Plan and Disclosure Statement (Including Business Plan) | 323.80 | 280,678.50 |
| Reimbursement Motion | 18.00 | 13,976.00 |
| General Case Strategy | 9.80 | 7,412.00 |
| Section 1104 Examiner Related Issues | 3.80 | 4,291.00 |
| **TOTAL** | **657.70** | **$530,595.00** |

**EXPENSE SUMMARY**

**FTX TRADING, LTD.,** *et al.*,
**(Case No. 22-11068 (JTD))**

**November 1, 2023, through January 31, 2024**

| Expense Category | Total Expenses |
|---|---|
| Pacer | 432.40 |
| In-House Printing - black & white | 692.95 |
| In-House Printing - color | 620.25 |
| Computer Research - Westlaw | 423.00 |
| Courier/Delivery Service | 338.38 |
| Conference Calls | 19.52 |
| Messenger Service | 7.00 |
| **Grand Total Expenses** | **$2,533.50** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>FTX TRADING, LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**April 4, 2024, at 4:00 p.m. (ET)**<br>**Hearing Date:**<br>**June 13, 2024, at 1:00 p.m. (ET)** |

**COMBINED SECOND MONTHLY AND SECOND INTERIM FEE APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS CO-COUNSEL TO THE AD HOC COMMITTEE OF NON-US CUSTOMERS OF FTX.COM, FOR ALLOWANCE OF MONTHLY COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD NOVEMBER 1, 2023, THROUGH AND INCLUDING JANUARY 31, 2024**

Pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 435] (the "Interim Compensation Order"), Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), co-counsel to the Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee") retained in the chapter 11 cases (the "Chapter 11 Cases") of the above captioned debtors and debtors in possession (the "Debtors"), hereby submits this application (the "Application") for monthly and interim allowance of compensation for professional services rendered by Morris Nichols to the Ad Hoc Committee for the period of November 1, 2023, through and including January 31, 2024 (the "Application Period") and reimbursement of actual and necessary expenses incurred by Morris Nichols during

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. A complete list of the debtors and the last four digits of their federal tax identification numbers may be obtained at https://cases.ra.kroll.com/FTX

the Application Period. In support of this Application, Morris Nichols respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On November 11 and November 14, 2022, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with this Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 27, 2024, the U.S. Trustee's Office appointed Robert J. Cleary as examiner, subject to further Court approval.

3. The Ad Hoc Committee was formed on December 2, 2022, by a group of non-US customers who held accounts on the FTX.com platform. The Ad Hoc Committee is growing and currently comprises 68 members, holding approximately $2.8 billion in aggregate claims against the Debtors.

4. On December 2, 2022, and December 4, 2022, respectively, the Ad Hoc Committee engaged Eversheds Sutherland (US) LLP ("Eversheds Sutherland") and Morris Nichols (together, "Counsel") to represent the Ad Hoc Committee in connection with the Chapter 11 Cases.

5. On January 9, 2023, the Court entered the Interim Compensation Procedures Order and on March 8, 2023, the Court entered the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement*

*of Expenses* [D.I. 834] appointing Katherine Stadler to serve as the fee examiner ("Fee Examiner") in these Chapter 11 Cases and establishing certain procedures in connection therewith.

6. Given the indispensable role of the Ad Hoc Committee in advancing joint efforts towards a consensual plan, on October 24, 2023, the Debtors entered into an amended and restated reimbursement agreement (the "Counsel Reimbursement Agreement") with Eversheds Sutherland and Morris Nichols, which amends and restates the reimbursement agreement dated as of August 23, 2023. The Counsel Reimbursement Agreement recognizes the "critical roles" that the Ad Hoc Committee "has played, and will continue to play" in these Chapter 11 Cases. Decl. of John Ray ¶ 9 [D.I. 3700]. As the Debtors articulated during the November 15, 2023 hearing on the *Amended Motion of Debtors to Enter Into, and Perform Their Obligations Under, the Reimbursement Agreements* [D.I. 3373] (the "Amended Motion"), the Debtors believe the Ad Hoc Committee "is well situated to negotiate settlements of the customer related issues with the debtors on behalf of a critical mass of customers who can support the relief that results." Tr. of Nov. 15, 2023 Hr'g at 14. Further, the Debtors "have received substantial benefits from the Ad Hoc Committee's support and cooperation to date and that cooperation and constructive participation in these cases is important as the plan process moves forward," particularly because of the possibility of "divergence of interest between the FTX.com customers and general unsecured creditors whose collective interests are represented by the UCC." *Id.* at 16. In granting the Amended Motion, the Court concluded that having the Ad Hoc Committee "act through counsel to help steer this process to a plan of reorganization" is "beneficial to the estate as a whole." *Id.* at 58.

7. Pursuant to the Counsel Reimbursement Agreement, the Debtors agreed to pay Counsel in the aggregate for both Eversheds Sutherland and Morris Nichols per month in reasonable and documented fees no more than (i) $250,000 from May 1, 2023, through July 31,

3

2023, (ii) $500,000 from August 1, 2023, through August 31, 2023, (iii) $750,000 from September 1, 2023, through October 31, 2023, and (iv) $650,000 from November 1, 2023, through the effectiveness of the Plan. The Counsel Reimbursement Agreement further provides that any unused portion of any monthly fee cap ("Monthly Fee Cap") for any month shall be carried over on a rolling monthly basis, and any amounts incurred over the Monthly Fee Cap in a given month may be applied to later periods for reimbursement. In addition, the Counsel Reimbursement Agreement provides that the Debtors shall reimburse Counsel for all reasonable out-of-pocket expenses (at cost) from May 1, 2023, through the termination of the Counsel Reimbursement Agreement. Eversheds Sutherland has the sole discretion to allocate fees and expenses between Eversheds Sutherland and Morris Nichols such that the monthly fees payable by the Debtors does not exceed any Monthly Fee Cap.

8. The scope of the fees and expenses covered by the Counsel Reimbursement Agreement (the "Scope") includes reasonable fees and expenses incurred by Counsel in connection with the following:

 a. Representing the Ad Hoc Committee in furtherance of the diligence, negotiation, prosecution, documentation and implementation of a chapter 11 plan of the Debtors;

 b. Reviewing and analyzing items of interest in the Chapter 11 Cases that impact the construction and outcomes under the Plan;

 c. Acting as a consultation party where requested by the Debtors or ordered by the Court;

 d. The general administration of the Ad Hoc Committee; and

    e.    Providing information and guidance to FTX.com customers who contact Counsel in connection with the Chapter 11 Cases.

9.    On November 15, 2023, the Court entered the *Order Authorizing the Debtors to Enter into, and Perform their Obligations Under, the Reimbursement Agreements* (D.I. 3928) (the "Reimbursement Order").  Such obligations include paying Counsel for all of their outstanding and future reasonable documented fees and expenses in furtherance of the diligence, negotiation, prosecution, documentation and implementation of a comprehensive restructuring of the Debtors in accordance with the terms and conditions of the Counsel Reimbursement Agreement and said Reimbursement Order.

### Relief Requested

10.    Morris Nichols submits this Application for (i) monthly and interim allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as co-counsel to the Ad Hoc Committee in this case during the Application Period and (ii) reimbursement of actual, reasonable, and necessary expenses incurred by Morris Nichols representing the Ad Hoc Committee during the Application Period.

11.    During the Application Period, Morris Nichols incurred fees in the amount of $530,595.00.  For the same period, Morris Nichols incurred actual, reasonable, and necessary expenses totaling $2,533.50.  As of the date of this Application, Morris Nichols has received no payments with respect to these amounts.

12.    Set forth on the foregoing "Compensation by Project Category" is a summary, by subject matter category, of the time expended by Morris Nichols timekeepers billing time to the Debtors' cases during the Application Period.

5

13. **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff, as well as descriptions of the services provided.

14. **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by Morris Nichols during the Application Period.

15. **Exhibit C** attached hereto contains the Application Summary which details the fees and expenses incurred, paid, and outstanding during the Application Period.

16. **Exhibit D** attached hereto contains the Staffing Plan which provides information relating to the timekeepers who assisted with these Chapter 11 Cases through the Application Period.

17. **Exhibit E** attached hereto contains the budget with respect to the Application Period.

18. Morris Nichols charges $.10 per page for photocopying and printing.

19. Morris Nichols does not charge for outgoing domestic facsimiles or incoming facsimiles.

20. In accordance with Local Rule 2016-2, Morris Nichols has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

21. Morris Nichols further represents that the total amount of fees it is requesting as compensation for this Application Period does not exceed the Monthly Fee Cap for Eversheds Sutherland and Morris Nichols in the aggregate, taking into account the ability to carry over unused portions of the Monthly Fee Cap on a rolling monthly basis, as per the terms of the Counsel Reimbursement Agreement.

22. No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

23. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge, and belief that this Application complies with that Rule.

24. Morris Nichols has worked diligently in these complex Chapter 11 Cases to advance the Ad Hoc Committee's purpose, which is:

> [T]o, in a cost-efficient and timely manner, maximize recoveries on the claims of members against FTX Trading Ltd. and its affiliated Debtors (collectively, the "Customer Claims") on account of the assets members deposited, held, received, or acquired on the FTX.com platform (collectively, the "Customer Assets"), leveraging, where beneficial, the position that the Debtors have no equitable interest in the Customer Assets and/or that constructive trust theories require priority of distribution on the Customer Claims. Membership is open to all creditors with Customer Claims that are aligned with the Ad Hoc Committee's purpose.

25. Specifically, Morris Nichols's work during the Application Period included, without limitation, the following:

- Negotiating the Ad Hoc Committee's positions on the customer property rights of the FTX.com customers, including the positions set forth by the Ad Hoc Committee in its action for a declaratory judgment and its motion for partial summary judgment on the declaratory judgment action;

- Playing a significant role in working with the Debtors and the Official Committee of Unsecured Creditors (the "Official Committee") to shape the chapter 11 plan to accommodate the concept for FTX.com customers receiving a priority distribution from the consolidated, general pool of assets, and

ensuring that customers receive value from asset appreciation;

- Driving discussions on customer property rights and customer preference liability in the course of plan negotiations with the Debtors and the Official Committee;

- Serving in a consultation capacity to the Debtors in brokering key settlements in these cases, including the Global Settlement Agreement with FTX Digital Markets Ltd. and the Joint Official Liquidators [D.I. 6365], and on monetization of tokens and other key venture assets;

- Providing a forum open to diverse FTX.com customers for their voices to be heard and their questions and concerns to be addressed by chapter 11 professionals whom many customers would not otherwise have access to, including with respect to issues related to the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202]; and

- Educating FTX.com customers and taking their informed perspectives into account in formulating and advancing positions in these Chapter 11 Cases.

26.    All Morris Nichols's work during the Application Period, including the work described above, falls within the Scope of the fees and expenses covered by the Counsel Reimbursement Agreement.  For instance, a large portion of the work performed falls within the project category "B320 Plan and Disclosures Statement (Including Business Plan)," which includes time spent on plan research, plan analysis, plan negotiations, plan discussions, and preference analysis.  Other significant portions of the work performed falls within the project categories "B113 Case Analysis/Pleading Review" and "B270 AHC Member Communications & Meetings."  These categories, respectively, include time spent reviewing and analyzing items of interest in the Chapter 11 Cases that impact the construction and outcomes under the plan and time

spent communicating and meeting with current Ad Hoc Committee members and informing them about the status of pending workstreams and the impact of those items on the plan and overall strategy in the cases. These tasks, among others, fall within the Scope of the Counsel Reimbursement Agreement.

**Valuation of Services**

27. Attorneys and paraprofessionals of Morris Nichols have expended a total of 657.7 hours in connection with its representation of the Ad Hoc Committee during the Application Period. The amount of time spent by each Morris Nichols timekeeper providing services to the Ad Hoc Committee for the Application Period is set forth herein and in the attached exhibits. Morris Nichols respectfully submits that the reasonable value of the services rendered by Morris Nichols to the Ad Hoc Committee during the Application Period is $530,595.00.

28. Morris Nichols believes that the description of the time entries included in **Exhibit A** attached hereto and the expenses set forth in **Exhibit B** attached hereto are in compliance with the requirements of Local Rule 2016-2.

**Reasonableness of Compensation**

29. All fees and expenses incurred by Morris Nichols during the Application Period for or on behalf of the Ad Hoc Committee were actual, reasonable and necessary in the performance of Morris Nichols's services. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, all fees and expenses requested by Morris Nichols in this Application are reasonable due to (a) the size, nature and complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, (e) the costs of comparable services other than in a case under chapter 11 of the Bankruptcy Code, and (f)

9

the fact that such fees and expenses were not unnecessarily duplicative of the services performed by other professionals retained by the Ad Hoc Committee.

### Compliance and Waiver

30. To the best of Morris Nichols's knowledge, this Application complies with Local Rule 2016-2. To the extent that this Application does not comply in all respects with the requirements of Local Rule 2016-2, Morris Nichols believes that such deviations are not material and respectfully requests that any such requirements be waived.

### Reservation of Rights

31. To the extent that time or disbursement charges for services rendered or disbursements incurred on behalf of the Ad Hoc Committee during the Application Period were not inputted, processed or posted before the preparation of, or included in, this Application, or Morris Nichols has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Application Period on behalf of the Ad Hoc Committee, Morris Nichols reserves the right to request compensation for such services and reimbursement of such expenses in a supplemental or future Application.

32. In addition, Morris Nichols does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for Morris Nichols's work performed by or on behalf of the Ad Hoc Committee in connection with the Chapter 11 Cases.

### Information Related to the U.S. Trustee Guidelines

33. Morris Nichols provides the following information pursuant to the U.S. Trustee Guidelines.

34. Morris Nichols's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Morris Nichols's hourly rates for bankruptcy services are comparable to the rates charged by Morris Nichols, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

35. The blended hourly rate for all Morris Nichols timekeepers who worked on these cases is approximately the same as the firm's blended rate for all timekeepers over a Comparable Period (defined below). In particular, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters")[2] during the period beginning November 1, 2023 and ending on January 31, 2024 (the "Comparable Period") was, in the aggregate, approximately $779.72.[3] By comparison, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who worked on these cases during the Application Period was, in the aggregate, $806.74.

36. The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar):

---

[2] It is the nature of Morris Nichols's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within Morris Nichols's Business Reorganization and Restructuring Group. Accordingly, Non-Chapter 11 Matters consist of matters for which Morris Nichols timekeepers represented a client in a matter *other than* court-approved chapter 11 representations. The Non-Chapter 11 Matters include time billed by Morris Nichols timekeepers who work within Morris Nichols's Business Reorganization and Restructuring Group.

[3] Morris Nichols calculated the blended rate for Non-Chapter 11 Matters by dividing the *total dollar amount* billed by Morris Nichols timekeepers to Non-Chapter 11 Matters during the Comparable Period by the *total number of hours* billed by such Morris Nichols timekeepers to Non-Chapter 11 Matters during the same period.

11

| Position at Morris Nichols | Blended Hourly Rate for Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
|---|---|---|
| Partner | $1,076 | $1,040 |
| Special Counsel | $933 | $764 |
| Associate | $679 | $574 |
| Paralegal | $379 | $304 |
| Legal Assistant | $355 | $355 |

37.  In addition, Morris Nichols respectfully states as follows to address the questions set forth under paragraph C.5 of the U.S. Trustee Guidelines:

a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. **No**.

b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? **Not Applicable.**

c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? **No**.

d. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees. **No. Morris Nichols reserves the right to seek such fees in subsequent applications**.

e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. **Morris Nichols timekeepers reviewed each of the professionals' monthly fee applications, including Morris Nichols's own applications, to ensure that privileged or confidential information was not disclosed and to ensure compliance with the Local Rules, the U.S. Trustee Guidelines, and the Fee Examiner Guidelines.**

f. If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? and (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458? **Effective January 1, 2024, Morris Nichols has implemented firm-wide annual rate increases. These rate increases are**

12

**consistent with the Engagement Letter, which provides that the rates included therein are adjusted from time to time and specifically at the beginning of each year.**

### Notice

38. Notice of this Application has been given to the following parties or, in lieu of, to their counsel, if known: (a) the U.S. Trustee, (b) the Debtors, (c) the Official Committee, (d) the Fee Examiner, and (e) all parties required to be given notice under the Interim Compensation Order. Morris Nichols submits that no other or further notice is necessary.

**WHEREFORE,** Morris Nichols respectfully requests that the Court approve the Application and grant Morris Nichols such other and further relief as the Court deems just and proper.

Dated: March 15, 2024
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Jonathan M. Weyand*
Eric D. Schwartz (No. 3134)
Matthew B. Harvey (No. 5186)
Jonathan M. Weyand (No. 6959)
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
E-mail: eschwartz@morrisnichols.com
  mharvey@morrisnichols.com
  jweyand@morrisnichols.com

*Co-Counsel to the Ad-Hoc Committee of Non-US Customers of FTX.com*