**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>Debtors. | ) <br>) Chapter 11<br>) <br>) Case No. 22-11068 (JTD)<br>) <br>) (Jointly Administered)<br>) <br>) **Ref. Docket Nos. 5202, 8923, 8949,**<br>) **8950, 8951, 9566** |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**JOINDER TO DEBTORS' OMNIBUS SUPPLEMENTAL REPLY IN SUPPORT OF**
**MOTION OF DEBTORS TO ESTIMATE CLAIMS BASED ON DIGITAL ASSETS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this joinder (this "Joinder") to the Debtors' supplemental reply [Docket No. 9566] (the "Reply"), in support of the *Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 5202] (the "Motion"), and in response to the (i) *Supplemental Objection of TMSI SEZC Ltd. to Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 8923] (the "Supplemental TMSI Objection"), (ii) *Objection of Fondation Serendipity, Fondation Elements, Serendipity Network Ltd and Liquidity Network Ltd to the Debtors' Motion to Estimate Claims Based on Digital Assets* [Docket No. 8949] (the "Oxy Objection"), (iii) *Lavanda Sands, L.L.C.'s Joinder in Objection of Fondation Serendipity, Fondation Elements, Serendipity Network Ltd and Liquidity Network Ltd*

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

*to the FTX Debtors' Motion to Estimate Claims Based on Digital Assets* [Docket No. 8950], and (iv) *Maps Vault Limited's Response and Opposition to Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 8951] (the "Maps Limited Response and Opposition").[2] The Committee, in support of this Joinder, respectfully states as follows:

1. The Committee respectfully supports and joins in the Motion and Reply and incorporates the Debtors' arguments and positions as if fully set forth herein.

2. More specifically, the Committee agrees with the Debtors that the spot prices of the MAPS, OXY, and SRM tokens (the "At-Issue Tokens"), respectively, as of the Petition Date,[3] must be adjusted to reflect an accurate liquidation value for each. *See Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 7090] (the "Coin Estimation Order") at ¶ 2.[4] Estimating the value of the At-Issue Tokens (like all other digital assets) is necessary for the Debtors to be able to include complete, accurate, and comprehensive recovery analyses in the forthcoming revised disclosure statement, in order to provide creditors with adequate information to make an informed decision with respect to their vote on the proposed Plan. This Court has already held that the methodology the Debtors' experts applied is fair and reasonable with regard to other digital assets,[5] and there is no legitimate basis proposed by the Objectors for this Court to hold otherwise with respect to the At-Issue Tokens.

---

[2] Capitalized terms used herein that are not defined herein shall have the meanings ascribed to them in the Motion or Reply, as applicable.

[3] *See* Jan. 31, 2024 Hr'g Tr. at 14:18-15:24 (this Court ruling that "the [Debtors'] use of the petition date as the date for determining the value of the digital asset claims is appropriate").

[4] TMSI implies that estimation in unnecessary or inappropriate, notwithstanding that the Court already decided this issue at the January 31, 2024, hearing, as demonstrated by its Coin Estimation Order. *See* Supplemental TMSI Objection at ¶¶ 14-16; *but see* Coin Estimation Order at ¶ 9; Jan. 31, 2024 Hr'g Tr. at 130:9-131:22 (this Court ruling that, based on the evidence and arguments provided in the papers and at the January 31, 2024, hearing, "estimation is appropriate, and the [Debtors'] methodology for estimating the claims is fair and reasonable").

[5] *See* Jan. 31, 2024 Hr'g Tr. at 131:19-20 (this Court finding that "the [Debtors'] methodology for estimating the claims is fair and reasonable").

3. The Reply aptly describes the appropriateness of Dr. Howell's methodology in establishing the Asset Liquidation Discount ("ALD") of the At-Issue Tokens. Reply at ¶¶ 66-83. Dr. Howell's conclusions are further buttressed by the characteristics of each of the At-Issue Tokens. As described in the Feb. 9 Howell Rebuttal, the At-Issue Tokens are all "Sam Coins" that were created or supported by Alameda and Sam Bankman-Fried. Feb. 9 Howell Rebuttal at ¶¶ 9-10. This is demonstrated, in part, by the fact that the "float" of freely tradable tokens was less than 1% for both OXY and MAPS, and less than 3% percent for SRM, in each case because the Debtors held the vast majority (indeed, over 95%) of the remaining supply of each of the tokens. Feb. 9 Howell Rebuttal at ¶¶ 12, 15, 19; *see also* Oxygen, "Statement Re: FTX Group," MEDIUM (Nov. 15, 2022), available at: https://oxygenprotocol.medium.com/statement-re-ftx-group-cf3df9f2bf9 (last accessed Mar. 17, 2024) (statement by Maps.me and Oxygen Protocol that FTX held "a significant proportion of MAPS/Oxy tokens" and "acted as custodian for over 95% of the overall supply of [their] ecosystem tokens — both locked and unlocked").

4. Moreover, each of the At-Issue Tokens has other unique characteristics tying them closely to FTX:

- MAPS is the utility and governance token for the Maps.me application, which benefits holders of MAPS by providing access to Maps.me revenue as well as personalized rewards and services, and is used for governance of Maps.me. Feb. 9 Howell Rebuttal at ¶ 11. Mr. Bankman-Fried and other of the Debtors' pre-petition management were "advisors" to the MAPS project, and Mr. Bankman-Fried publicly promoted MAPS. *Id.* at ¶ 12. FTX also hosted the initial coin offering for MAPS, and Alameda led a $50 million investment round in Maps.me. *Id.* By Maps's own admission, the "participation of the Debtors was integral to the development, roll out and operation of

3

the Maps.me 2.0 project[,]" which led to the Debtors entering into a financing agreement with Maps in November 2020. *See Attachment to Proof of Claim of Maps Vault Limited*, Claim No. 4938, at ¶ 8.

- OXY is the utility and governance token for the Oxygen Protocol, and derives its fundamental value from providing benefits to users of the Oxygen Protocol, such as access to the protocol's revenue, reduced protocol usage fees, and governance of the protocol. Feb. 9 Howell Rebuttal at ¶ 14. As with MAPS and Maps.me, Alameda led a $40 million investment round in the Oxygen Protocol, and Mr. Bankman-Fried was listed as an advisor to the Oxygen Protocol. *Id.* at ¶ 15.
- SRM's characteristics were analogous to FTT, FTX's proprietary token, which has been discounted by 100% in the Howell Report and which Dr. Howell opined has zero fundamental value. Howell Report at ¶¶ 85-87. Indeed, TMSI's expert concedes that, much like how FTT was a utility token on the FTX exchange (Howell Report at ¶ 43), "SRM was the utility and governance token of the Serum ecosystem." Gkatzimas Report at ¶ 10.

5. Accordingly, in response to the positions offered by the Objectors, Dr. Howell in rebuttal opines that the fundamental value of each of the At-Issue Tokens was tied to the operations of FTX, and thus significantly negatively impacted when FTX collapsed. *See* Feb. 9 Howell Rebuttal at ¶¶ 14, 21. As Dr. Howell testified at her deposition, "the fundamental value of [OXY and SRM], and especially [SRM], *is likely negligible* as of the petition date given their close ties to FTX and Mr. Sam Bankman-Fried[.]" Howell Dep. at 92:5-9 (emphasis added). The Objectors offer no facts or expert opinions to dispute Dr. Howell's conclusion. Indeed, Oxy's and Maps's expert, Fotios Konstantinidis, refused to even acknowledge an understanding of what "fundamental value" means

(Konstantinidis Dep. Tr. at 41:13-42:8), and Maps concedes that Mr. Konstantinidis's report "does not address the fundamental value of any of the tokens or their connection to FTX or Mr. Bankman-Fried." Maps Limited Response and Opposition at ¶ 98. In turn, TMSI's expert, Ioannis Gkatzimas, testified that he did not have any opinion or view as to the fundamental value of SRM. Gkatzimas Dep. Tr. at 86:1-7. The Objectors have simply failed to offer any evidence of the fundamental value of the At-Issue Tokens to rebut Dr. Howell's opinion that their value is negligible, consistent with application of her calculated ALD.

6. The reasonableness of Dr. Howell's methodology in calculating the ALD (and the lack of reliability of the Objectors' experts' opinions), is also shown by the radically different approaches taken by the Objectors' experts. For instance, Mr. Konstantinidis, who submitted expert reports for both Maps and Oxy,[6] incredibly applies different ALDs for the same token, depending solely upon the holdings of his respective client.[7] He does not (and cannot) logically explain how the very same token can have a different value merely as a result of who holds it. Indeed, the purpose of the Motion is to establish a single value for each digital asset that applies to *all* creditors for the purposes of plan solicitation, voting, and distributions. Mr. Konstantinidis's methodology (even if it was reliable, and it is not), would be unreasonably difficult, if not impossible, to apply to any other creditors except his own clients. In turn, Mr. Gkatzimas, TMSI's expert, not only does not follow

---

[6] Mr. Konstantinidis is not qualified to render the opinions for which he is proffered. He has no degrees, professional certifications or licenses in finance or economics. Konstantinidis Dep. at 19:24-20:9. He has never testified or been engaged as an expert in connection with asset valuation or digital assets, generally. *Id.* at 29:8-30:23. Prior to Mr. Konstantinidis joining his current firm, Stout, in August 2019, Mr. Konstantinidis had never done any work performing any type of asset valuation, and had no experience with application of asset discounts. *Id.* at 21:3-21:10. And, since joining Stout, Mr. Konstantinidis has been involved in just eight digital asset valuation projects, of which six were primarily for tax reporting purposes, and two were for financing reporting. *Id.* at 23:20-24:14.

[7] In Mr. Konstantinidis's report filed in support of the Maps Limited Response and Opposition, he proffers a 36.8% discount for OXY held by Oxygen Vault Ltd., 45.4% discount for MAPS held by Maps Vault Ltd., 46.0% discount for SRM held by Maps Vault Ltd., and 45.9% discount for SRM held by Oxygen Vault Ltd. Konstantinidis Maps Report at ¶ 49. By comparison, in Mr. Konstantinidis's report filed in support of the Oxy Objection, he proffers a 36.4% discount for OXY held by Fondation Elements, 35.8% discount for OXY held by Fondation Serendipity, and 43.2% discount for MAPS held by Fondation Serendipity. Konstantinidis Oxy Report at ¶ 24.

5

Mr. Konstantinidis's approach, but expressly adopts the methodology applied by Dr. Howell (and—improperly, for reasons explained by Dr. Howell—adds an additional input for perpetual futures activity). Gkatzimas Report at ¶ 27.

7. Finally, Maps argues that, just like the countless other customers whose claims are addressed by the Motion, Maps is a victim of the massive fraud committed by Mr. Bankman-Fried and the Debtors' prepetition management. Maps Limited Response and Opposition at ¶ 8. But, although most FTX customers and creditors were victims of the fraud, Maps and Oxy were not merely customers who had assets on the Debtors exchanges. Rather, certain of the Oxy entities were the issuers of the MAPS and OXY tokens. *See Attachment to Proof of Claim of Serendipity Foundation*, Claim No. 4917, at ¶¶ 6, 12 (stating that MAPS tokens were issued by Serendipity Network Ltd. and OXY tokens were issued by Liquidity Network Ltd.). And, as set forth above (at ¶ 4), FTX also hosted the initial coin offering for MAPS, Alameda led a $50 million investment round in Maps.me, and the "participation of the Debtors was integral to the development, roll out and operation of the Maps.me 2.0 project." Accordingly, these Objectors in particular accepted the risk of loss in value of each of the MAPS and OXY tokens by contracting with FTX and agreeing that FTX would control the market for those tokens. There is no inequity in valuing the MAPS and OXY tokens at zero, after application of the ALD, in circumstances such as these.

## CONCLUSION

**WHEREFORE** the Committee respectfully requests that the Court overrule the Objections, grant the Motion, and grant such other and further relief as the Court finds just and appropriate.

*[Remainder of page intentionally left blank.]*

Dated: March 17, 2024
Wilmington, Delaware

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Robert F. Poppiti, Jr.*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
       rpoppiti@ycst.com

-and-

PAUL HASTINGS LLP
Kristopher M. Hansen*
Kenneth Pasquale*
Leonie C. Koch**
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: krishansen@paulhastings.com
       kenpasquale@paulhastings.com
       leoniekoch@paulhastings.com

*Admitted pro hac vice*
*\*\* Admission pro hac vice pending*

*Counsel to the Official Committee of Unsecured Creditors*