# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>  Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Nos. 8048 & 9282** |

**DEBTORS' RESPONSE TO JOINDER AND SEPARATE RESPONSE OF SUNIL KAVURI, AHMED ABD EL-RAZEK, NOIA CAPITAL SÀRL AND PAT RABBITTE TO (I) APPLICATION OF THE UNITED STATES TRUSTEE FOR ORDER APPROVING APPOINTMENT OF ROBERT J. CLEARY, ESQ. AS EXAMINER; (II) MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING THE SCOPE, COST, DEGREE AND DURATION OF THE INITIAL PHASE OF THE EXAMINATION AND (B) GRANTING RELATED RELIEF; AND (III) MOTION TO FILE CERTAIN INFORMATION REGARDING POTENTIAL PARTIES IN INTEREST UNDER SEAL**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby file this response (the "Response") to the *Joinder and Separate Response of Sunil Kavuri, Ahmed Abd El-Razek, Noia Capital Sàrl, and Pat Rabbitte to (I) Application of the United States Trustee for Order Approving Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of an Order (A) Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Related Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal* [D.I. 9282] (the "Joinder") filed by Sunil Kavuri, Ahmed Abd El-Razek, Noia Capital Sàrl, and Pat Rabbitte (collectively, the "Kavuri Parties") with respect to the *(I) Application of the United States Trustee for Order Approving Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*an Order (A) Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Related Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal* [D.I. 8048] (the "Application/Motion").[2] In support of their Response, the Debtors respectfully state as follows:

**Preliminary Statement**

1. This Court provided clear direction at the status conference on January 24, 2024 with respect to the scope, cost, degree, and duration of the Examination to be conducted in this case pursuant to section 1104(c) of the Bankruptcy Code. Specifically, the Court stated:

> [T]he examiner should review the investigations that have already been concluded or that are currently underway by the debtors, the Committee, and any third parties, including the SEC, the DOJ, the Southern District of New York, the CFGC, anybody else who's investigated these debtors, and provide a report that outlines those investigations and what their findings were and make recommendations for any additional investigations, if any, that the examiner believes would be necessary or helpful to the Court or the estate. If the examiner recommends additional investigations, the report should include an explanation of the nature of the investigations, the process for conducting that investigation, and the projected costs and how the investigation will benefit the Court and the estate.

Jan. 24, 2024 Hr'g Tr. at 25:16-24.

2. The scope of the Examination set forth in the revised form of order (the "Revised Scope Order") attached as Exhibit 1 to the *Certification of Counsel* [D.I. 9547] filed by the Office of the United States Trustee (the "U.S. Trustee") on March 15, 2024 is consistent with the guidance provided by the Court and the Third Circuit's opinion. The Debtors, U.S. Trustee, the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee"), the Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee"), and Robert J. Cleary (the examiner proposed by the U.S. Trustee, and, together with

---

[2] Terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Application/Motion.

the Debtors, the Committee and the Ad Hoc Committee, the "Parties"), engaged in extensive, good faith negotiations regarding the proposed form of order for the Application/Motion. These efforts resulted in the Parties' agreement, as reflected in the Revised Scope Order. Prior to its filing, the Revised Scope Order also was circulated to the United States Securities and Exchange Commission and counsel to the Joint Official Liquidators of FTX Digital Markets Ltd, neither of which objected to its entry. As such, the Revised Scope Order reflects the Court's views on the scope, degree, timing, and expense of the Examination as well as the agreement of the Parties in connection with its effectuation.

3. The Kavuri Parties request that the Court expand the scope of the Examination beyond what it outlined at the January 24, 2024 status conference and propose that the Examiner answer legal questions that are within the province of this Court: what constitutes property of the Debtors' estates and whether any of the Debtors are a stockbroker, commodity broker or clearing bank (the "Proposed Topics"). Response ¶ 2. These questions require legal determinations that are exclusively within this Court's power. Such power should not be delegated to the Examiner. To the contrary and, to the extent necessary, these questions must be decided by the Court and, moreover, the Committee and the Ad Hoc Committee (along with certain class action plaintiffs, who agreed to the Plan Settlement (defined below) in October 2023 already agreed that these questions will be decided in the context of the Plan. Accordingly, for the reasons set forth herein, the Court should deny the Kavuri Parties' request to include the Proposed Topics in the scope of the Examination and enter the Revised Scope Order in the form agreed by the Parties.

**Response**

4. In requesting the Proposed Topics to be included in the scope of the Examination, the Kavuri Parties improperly seek to have the Examiner, rather than this Court,

resolve legal matters that are subject to pending litigation they brought against the Debtors. The Kavuri Parties commenced an adversary proceeding against the Debtors (Adversary Proceeding Case No. 24-50012 (the "Kavuri Action")) by which they seek sweeping declaratory relief that, among other things, "assets customers deposited, held, received, or acquired on the FTX.com platform are customer property and not property of the Debtors' estates." Kavuri Action Compl. ¶ 1. The arguments raised in the Kavuri Action are neither new nor novel, having been raised and discussed since the first days of these Chapter 11 Cases. Indeed, the Kavuri Parties' arguments and claims mirror the issues raised in the complaint the Ad Hoc Committee filed over a year ago. As the Kavuri Parties are well aware, if these issues cannot be consensually resolved, the Debtors (with the support of the Committee and the Ad Hoc Committee) will have the Court resolve them in the context of the Plan.

5.      Moreover, the Kavuri Parties brought the Kavuri Action over four months after the Court entered the *Order Authorizing and Approving (I) Guidelines for the Sale or Transfer of Certain Digital Assets, (II) the Sale or Transfer of Such Digital Assets in Accordance with Such Guidelines Free and Clear of any Liens, Claims, Interests and Encumbrances, (III) the Debtors' Entry into, and Performance Under, Postpetition Hedging Arrangements, Including Granting Liens and Superpriority Administrative Expense Claims in Connection Therewith and (IV) the Debtors to Stake Certain Digital Assets* [D.I. 2505] (the "Coin Monetization Order") which, among other things, authorized the Debtors to sell certain digital assets – the very assets the Kavuri Parties would have the Examiner determine, as a legal matter, are or are not property of the Debtors' estates. None of the Kavuri Parties objected to entry of the Coin Monetization Order, raised the Proposed Topics in connection therewith or appealed the Coin Monetization Order.

Now, months later, the Kavuri Parties filed the Joinder, seeking to have the Examiner rule on the legal issues they raised and sought to have the Court determine in the Kavuri Action.

        6.        Contrary to the Kavuri Parties' assertion, expanding the scope of the Examination to include the Proposed Topics cannot result in "a determination of whether the Digital Assets are property of the Debtors' estates[.]" Response ¶ 12. That is a legal question to be answered by this Court, not an examiner and, as announced by the Debtors on October 16, 2023, the Debtors, the Ad Hoc Committee, and certain class action claimants entered into a Settlement and Plan Support Agreement [D.I. 3291] (the "Plan Settlement,") that incorporates a mechanism for customer property litigation and related issues to be settled and/or addressed in connection with the Plan confirmation process. As explained in the Debtors' pending motion [Adv. D.I. 5] to stay the Kavuri Action (the "Stay Motion"), consistent with the Plan Settlement, *every* customer—including the Kavuri Parties—will have the right to object to confirmation of the Plan on the basis of property rights they wish to assert, or on any other grounds. And the Court – not an examiner – will rule on whatever legal issues remain unresolved in connection with confirmation of the Plan. In all events, these legal issues are well beyond the scope of what is appropriate for an examination pursuant to Bankruptcy Code section 1104(c). Having filed the Kavuri Action, the Kavuri Parties cannot now seek to have the Court tailor the scope of the Examination to include legal issues central to that action.

        7.        Similarly, it is not appropriate for the Court to delegate to the Examiner the question of whether the Debtors are or were a stockbroker, commodity broker or clearing bank as those terms are defined in the Bankruptcy Code. Parties in interest, including the Kavuri Parties, may raise such arguments and have the Court decide them in connection with appropriate litigation or confirmation of the Plan. That said, to the extent that, in the course of the Examination, the

Examiner comes to believe that an investigation into any of the Proposed Topics is necessary, helpful to the Court or in the public interest, the Revised Scope Order permits him to recommend, on notice to and an opportunity for parties in interest to be heard, that the Examination be expanded to include those topics. The Debtors submit, however, that in no event would it be appropriate for the Examiner to make legal determinations that are within the exclusive province of this Court.

## Conclusion

8. For the reasons stated herein, the Debtors respectfully submit that the Court (a) deny the Kavuri's Parties' request to expand the scope of the Examination to include the Proposed Topics and (b) enter the Revised Scope Order.

| | |
|---|---|
| Dated: March 18, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>            brown@lrclaw.com<br>            pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>            bromleyj@sullcrom.com<br>            gluecksteinb@sullcrom.com<br>            kranzleya@sullcrom.com<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |