**Exhibit 1**

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| FTX TRADING LTD. and MACLAURIN INVESTMENTS LTD.,<br><br>    Plaintiffs,<br><br>- against -<br><br>LOREM IPSUM UG, PATRICK GRUHN, ROBIN MATZKE, and BRANDON WILLIAMS,<br><br>    Defendants. | Adv. Pro. No. 23-50437 (JTD) |

## STIPULATION

This stipulation ("Stipulation") is being entered into between FTX Trading Ltd. and Maclaurin Investments Ltd. (together with FTX Trading Ltd., "Plaintiffs" and collectively with their affiliated debtors and debtors-in-possession, the "Debtors"), and Patrick Gruhn, Robin Matzke, Lorem Ipsum UG, and Brandon Williams (collectively, "Defendants"), and Martha Lambrianou and Marcel Lötscher (together with Defendants, the "LI Parties"). Plaintiffs and the LI Parties are each a "Party" and collectively, the "Parties."

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**WHEREAS**, on November 11, 2022, Plaintiffs each filed petitions for voluntary relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases" and each a "Chapter 11 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are being jointly administered in the case captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.);

**WHEREAS**, on July 12, 2023, Plaintiffs commenced Adversary Proceeding No. 23-50437 (the "Adversary Proceeding") in the Bankruptcy Court against Defendants by filing a complaint [Adv. Pro. D.I. 1], asserting claims, among others, for fraudulent and preferential transfers and for breach of fiduciary duty (collectively, the "Claims");

**WHEREAS**, the LI Parties have filed motions to dismiss the Chapter 11 Cases of Maclaurin Investments Ltd. [Ch. 11 D.I. 3399], FTX Trading Ltd. ("FTX Trading") [Ch. 11 D.I. 3400], FTX Europe AG ("FTX Europe") [Ch. 11 D.I. 4037], and FTX EU Ltd. ("FTX EU") [Ch. 11 D.I. 5529] (collectively, the "LI Parties' Motions to Dismiss");

**WHEREAS**, Robin Matzke has filed a customer proof of claim against FTX Trading Ltd. (Claim No. 50116 filed on Sept. 10, 2023) (the "Matzke Proof of Claim"), Patrick Gruhn has filed a proof of claim against FTX Trading Ltd. (Claim No. 4831 filed on June 30, 2023) (the "Gruhn Proof of Claim"), Lorem Ipsum UG has filed a proof of claim against FTX Trading Ltd. (Claim No. 4476 filed on June 30, 2023) (the "Lorem Ipsum UG Proof of Claim"), and Martha Lambrianou has filed a proof of claim against FTX Switzerland GmbH (Claim No. 79926 filed on September 28, 2023) (the "Lambrianou Proof of Claim" and together with the Matzke Proof of Claim, Gruhn Proof of Claim, and Lorem Ipsum UG Proof of Claim, the "Proofs of Claim");

**WHEREAS**, the Debtors have filed the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving (A) Entry into, and Performance Under, the Share Purchase*

*Agreement and (B) the Purchase and Sale of Certain Shares Free and Clear of Liens, Claims and Encumbrances and (II) Dismissing the Chapter 11 Cases of Certain Debtors Effective Upon the Earlier of the Closing or the Termination of the Share Purchase Agreement* [Ch. 11 D.I. 5378] (the "FTX EU Sale Motion");

**WHEREAS**, FTX Europe AG and certain of the LI Parties have entered into a Share and Asset Purchase Agreement dated as of February 7, 2024 (the "Sale Agreement");

**WHEREAS**, Plaintiffs and the LI Parties have been engaged in good-faith, arm's-length negotiations about resolving the Claims in the Adversary Proceeding and the Proofs of Claims;

**WHEREAS**, in order to mitigate the expense, burden and inconvenience of litigation, the Parties desire to finally settle and resolve the Claims asserted against Defendants in the above-referenced Adversary Proceeding and the Proofs of Claim;

**WHEREAS**, the LI Parties have concluded that further prosecution of the LI Parties' Motions to Dismiss is not warranted in light of the final settlement and resolution of the Claims and the Proofs of Claim; and

**WHEREAS**, Plaintiffs, in the exercise of their business judgment, have concluded that final settlement and resolution of the Claims against Defendants in the Adversary Proceeding and the Proofs of Claim in accordance with the terms of this Stipulation is in the best interest of Plaintiffs, the Debtors, their creditors, and other stakeholders;

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1. **Bankruptcy Court Approval**.  This Stipulation among the Parties is subject in all respects to the approval of the Bankruptcy Court.  Pending approval of this Stipulation by the Court, and subject to the occurrence of the Effective Date, each of the Parties agrees that it is and

will be bound by this Stipulation and waives any right to object to approval by the Court. Plaintiffs shall file a motion, in a form reasonably acceptable to Defendants, seeking approval of the Stipulation (the "Approval Motion") within fourteen (14) days following execution of this Stipulation by all Parties or on a date reasonably agreed to by the Parties. In the event that the Bankruptcy Court declines to approve this Stipulation, or the order approving the Stipulation (the "Approval Order") does not become final and non-appealable, this Stipulation shall become null and void and of no further force and effect.

2. **Effective Date**. The terms of this Stipulation shall be effective upon the Approval Order becoming final and non-appealable (the "Effective Date"). For the avoidance of doubt, the effectiveness of this Stipulation is not conditioned on the approval or Closing of the Sale Agreement.

3. **Further Adverse Actions.** Following execution of this Stipulation by all Parties, the LI Parties agree that they will (i) refrain from taking, causing, facilitating, coordinating with respect to, acting in concert in connection with, providing information for or encouraging in any manner any Adverse Actions and (ii) take all lawful actions to ensure that no Adverse Actions are taken by any current or former employee, director, shareholder, agent or representative of FTX Europe or any of its subsidiaries, or any person acting on behalf of or at the direction of, or in coordination or in concert with, any of the above. "Adverse Action" shall mean filing or causing to be filed any motion to dismiss any of the pending Chapter 11 Cases, to object to any of the Debtors' motions, including but not limited to for approval of a disclosure statement or chapter 11 plan, acquiring any claims against any of the Debtors (except for the acquisition by Patrick Gruhn of Claim No. 3763 from Calico Capital, f/k/a TigerWit (the "TigerWit Proof of Claim")), or

otherwise taking any other action adverse to the Debtors (other than seeking reconciliation of the amount of the Matzke Proof of Claim).

4.  **LI Parties' Motions to Dismiss.**  No later than 5 business days following the Effective Date, the LI Parties shall file with the Bankruptcy Court a notice withdrawing with prejudice the LI Parties' Motions to Dismiss.  If the LI Parties' Motions to Dismiss are not withdrawn with prejudice within 5 business days following the Effective Date, the Debtors shall have the right, but not the obligation, to terminate the agreement reflected in this Stipulation by written notice to the LI Parties.  In the event of such a termination, this Stipulation shall become null and void and of no further force and effect.

5.  **Dismissal With Prejudice**.  No later than 5 business days following the Effective Date, Plaintiffs shall file with the Bankruptcy Court a notice of dismissal with prejudice of the Claims against Defendants in the Adversary Proceeding (the "Notice of Dismissal").

6.  **Sale Motion.**  No later than 5 business days following the Effective Date, the Debtors shall file with the Bankruptcy Court a notice withdrawing the FTX EU Sale Motion with prejudice.

7.  **Disallowance of Claims.**  As of the Effective Date, the Gruhn Proof of Claim, Lorem Ipsum UG Proof of Claim, and the Lambrianou Proof of Claim shall be disallowed and expunged in their entirety without further order of the Court.  The Debtors, or their claims agent, shall be authorized to reflect such disallowance on the claims' registry.

8.  **Allowance of Claim.**  As of the Effective Date, the Matzke Proof of Claim shall be deemed allowed in an amount to be reconciled; Matzke and the Debtors agree to negotiate and cooperate in good faith to promptly reconcile the Matzke Proof of Claim.

9.      **Release of Claims by the LI Parties**.  As of the Effective Date, the LI Parties, on behalf of themselves and their affiliates, release the Debtors and their respective current or former directors, officers, advisors, employees and other affiliates and representatives from all other claims of any kind whatsoever, whether known or unknown, other than in connection with the Debtors' obligations pursuant to the Sale Agreement.  The LI Parties expressly represent and warrant that they have not transferred or purported to transfer, or will transfer or purport to transfer, any claims against any of the Debtors or any of their affiliates or representatives.  For the avoidance of doubt, this release and representation of no intent to transfer shall not apply to the reconciled, allowed Matzke Proof of Claim; provided that, Matzke shall not transfer the Matzke Proof of Claim unless (i) the transferee enters into a written agreement, to which the Debtors are express third-party beneficiaries, providing that such transferee shall not take any Adverse Actions in their capacity as creditor under the Matzke Proof of Claim (other than acquiring claims against the Debtors) but shall remain free to act in their capacity as creditor under any other proofs of claim they may hold, and (ii) Matzke provides a copy of such agreement to the Debtors.

10.     **Release of Claims by Plaintiffs**.  As of the Effective Date, the Debtors (for themselves and on behalf of their estates, successors and assigns) acquit, waive and forever discharge, collectively and individually, the LI Parties and their predecessors, successors, and assigns, and the parties identified on Annex A to this Stipulation, from and against any and all claims, contracts, disputes, agreements, covenants, demands, obligations, controversies, suits, cross-claims, torts, costs, losses, attorneys' fees, damages, liabilities, expenses and causes of action, whether in law or in equity, whether known or unknown, whether anticipated or unanticipated, whether suspected or claimed, whether fixed or contingent, whether yet accrued or

not, whether arising under the Bankruptcy Code or not, and whether damages have resulted from such or not, of any kind, nature or description, that the Debtors have or could hereafter assert against the LI Parties, other than in connection with the LI Parties' obligations pursuant to the Sale Agreement; provided that, the release of any party identified in Annex A shall not become effective until the party delivers to Plaintiffs a joinder of this stipulation, on behalf of themselves and their affiliates, in a form reasonably satisfactory to Plaintiffs, (i) releasing the Debtors under the terms of Section 9 of this Stipulation as if they were a party thereto, and (ii) agreeing not to take any Adverse Action. Patrick Gruhn hereby covenants to cause the parties identified in Annex A to deliver such joinders. The scope of this release or any modification thereto by the Court as part of its approval of this Stipulation, or the exclusion by the Court of any party identified on Annex A from the release, shall not affect the validity or effectiveness of this Stipulation. The LI Parties represent that the information set forth in Annex A is accurate and complete as of the date of this Stipulation. This release shall not apply to the TigerWit Proof of Claim.

11. **Reservation of Rights**. Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

12. **No Admission of Wrongdoing**. This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

13. **Good Faith and Understanding**. The Parties expressly represent and warrant that this Stipulation is given in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation. The Parties further represent and

warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

14. **Cooperation**.  Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court and entry of the Approval Order, and to effectuate its terms.

15. **Counterparts**.  The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

16. **Jurisdiction and Choice of Law**.  The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.  This Stipulation shall be governed by the laws of the State of Delaware.  In the event that the Bankruptcy Court declines to approve this Stipulation, or the Approval Order does not become final and non-appealable, nothing contained herein shall constitute a consent to subject matter jurisdiction by Defendants in the Chapter 11 Cases or Adversary Proceeding, or a waiver of any Parties' rights with respect to subject matter jurisdiction.

**AGREED BY**:

February 7, 2024

*(DocuSigned by: Stephen Ehrenberg, 27A2E0B983FA422...)*

**SULLIVAN & CROMWELL LLP**
Steven L. Holley (admitted *pro hac vice*)
Stephen Ehrenberg (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: holleys@sullcrom.com
　　　　ehrenbergs@sullcrom.com
　　　　gluecksteinb@sullcrom.com
　　　　dunnec@sullcrom.com

*Counsel for Plaintiffs*

**GEBHARDT & SMITH LLP**
Lawrence J. Gebhardt (admitted *pro hac vice*)
Gregory L. Arbogast (admitted *pro hac vice*)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 295-5038
Facsimile: (443) 957-4325
E-mail: lgebh@gebsmith.com
　　　　garbogast@gebsmith.com

*Counsel for Brandon Williams*

**THE DALEY LAW FIRM, LLC**
Darrell Daley (admitted *pro hac vice*)
Samantha Neal (admitted *pro hac vice*)
4845 Pearl East Circle, Suite 101
Boulder CO 80301
Telephone: (303) 479-3500
Email: darrell@daleylawyers.com
　　　　samantha@daleylawyers.com

*Counsel for Lorem Ipsum UG, Patrick Gruhn, Robin Matzke*

AGREED BY:

February 7, 2024

        **SULLIVAN & CROMWELL LLP**
        Steven L. Holley (admitted *pro hac vice*)
        Stephen Ehrenberg (admitted *pro hac vice*)
        Brian D. Glueckstein (admitted *pro hac vice*)
        Christopher J. Dunne (admitted *pro hac vice*)
        125 Broad Street
        New York, NY 10004
        Telephone: (212) 558-4000
        Facsimile: (212) 558-3588
        E-mail: holleys@sullcrom.com
                ehrenbergs@sullcrom.com
                gluecksteinb@sullcrom.com
                dunnec@sullcrom.com

*Counsel for Plaintiffs*

_____

**GEBHARDT & SMITH LLP**
Lawrence J. Gebhardt (admitted *pro hac vice*)
Gregory L. Arbogast (admitted *pro hac vice*)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 295-5038
Facsimile: (443) 957-4325
E-mail: lgebh@gebsmith.com
       garbogast@gebsmith.com

*Counsel for Brandon Williams*

_____

**THE DALEY LAW FIRM, LLC**
Darrell Daley (admitted *pro hac vice*)
Samantha Neal (admitted *pro hac vice*)
4845 Pearl East Circle, Suite 101
Boulder CO 80301
Telephone: (303) 479-3500
Email: darrell@daleylawyers.com
      samantha@daleylawyers.com

*Counsel for Lorem Ipsum UG, Patrick Gruhn, Robin Matzke*

*[signature]*

**GIBBONS P.C.**
Christopher Viceconte (No. 5568)
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
Telephone: (302) 518-6300
E-mail: cviceconte@gibbonslaw.com

-and-

Robert K. Malone (admitted *pro hac vice*)
Brett S. Theisen (admitted *pro hac vice*)
Christopher P. Anton (admitted *pro hac vice*)
Kyle P. McEvilly (admitted *pro hac vice*)
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Email: rmalone@gibbonslaw.com
    btheisen@gibbonslaw.com
    canton@gibbonslaw.com
    kmcevilly@gibbonslaw.com

*Counsel for Martha Lambrianou*

*[signature]*

**GIBBONS P.C.**
Christopher Viceconte (No. 5568)
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
Telephone: (302) 518-6300
E-mail: cviceconte@gibbonslaw.com

-and-

Robert K. Malone (admitted *pro hac vice*)
Brett S. Theisen (admitted *pro hac vice*)
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Email: rmalone@gibbonslaw.com
    btheisen@gibbonslaw.com

*Counsel for Marcel Lötscher*

## ANNEX A

## RELEASED PARTIES

| Released Party | Relationship/Reason for Release |
| --- | --- |
| Kephas Corp | PG owns 100%; prepetition and post-petition IT service provider to debtors; necessary for FTX EU to restart business; named in complaint |
| Kephas Stiftung gGmbH | PG owns 100%; necessary for FTX EU to restart business; named in complaint |
| WIB Technologies Inc | PG owns 90%; IT service provider to Kephas; necessary for FTX EU to restart business; identified in discovery |
| Stephen Stephens | Executive officer of Kephas and WIB Technologies |
| Max Rhotert | Former Managing Director of FTX Trading GmbH. Will be needed to liquidate the entity. |
| Cosima LLC | BW owns 100%; identified in complaint and in discovery |
| DAAG USA LLC | PG and BW each own 27%, therefore a controlling interest |
| Sheridan Investment Holdings LLC | PG investment vehicle; possible acquirer of claims against FTX estate |
| Jürg Bavaud | Director at FTX Switzerland GmbH |
| P&W Digital Assets LLC | Owned 50/50 by BW (Managing Director) and PG; was used as a Market Maker / Liquidity Provider as needed for FTX Europe entities |
| P &W Digital Assets Series I LLC | Owned 50/50 by BW (Managing Director) and PG; was used as a Market Maker / Liquidity Provider as needed for FTX Europe entities |
| Marios Athinodorou | Former Managing Director at FTX EU Ltd. |

| Nayia Ziourti | Former FTX Trading GmbH (Germany) and FTX Europe AG employee; to be rehired for FTX EU to restart business |
| --- | --- |
| Nikolas Leventis | Head of Brokerage at FTX EU Ltd. |
| Lambda Law GmbH | RM law practice entity; 100% owned by RM |
| Gerald Kleinecke | Former Managing Director at FTX Structured Products |
| Henry Raatz | Former GDPR Officer at FTX EU Ltd.; to be rehired |