## **Exhibit 1**

**Joint Pretrial Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | **Ref. Nos. 5202, 5203, 5204, 5601, 7090, 8923, 8949, 8950, 8951, 9566** |

## JOINT FINAL PRETRIAL ORDER

This Pretrial Order addresses the issues to be presented and the witnesses to be called by (i) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"); (ii) Maps Vault Limited ("Maps Vault"), Fondation Serendipity, Fondation Elements, Serendipity Network Ltd and Liquidity Network Ltd (collectively, "Maps and Oxy Foundations"), Lavanda Sands, L.L.C. ("Lavanda Sands"), TMSI SEZC Ltd. ("TMSI"), and Boba Foundation (collectively, the "Objectors"); and (iii) the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors and the Objectors, the "Parties"), during the hearing to consider the remaining relief requested in the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "Motion").[2]  The information has been compiled based on information provided to date by the Parties.

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Terms not defined herein shall have the meaning ascribed to them in the Motion.

## I.    NATURE OF THE CASE

On December 27, 2023 the Debtors submitted the Motion for entry of an order, pursuant to sections 105(a) and 502(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), estimating Claims based on Digital Assets and fiat currency, including Customer Entitlement Claims, based on the amounts set forth in the "Digital Assets Conversion Table" [D.I. 5202-2, Ex. 1].

The Court held a hearing on the Motion on January 31, 2024 (the "Hearing").  On February 7, 2024, the Court entered the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] (the "Order").  Attached to the Order as Exhibit 1 was a "Revised Digital Assets Conversion Table," which marked certain MAPS, OXY, SRM, and BOBA Digital Assets as "TBD" (the "Deferred Digital Assets").  The Objectors' rights with respect to such Deferred Digital Assets were reserved (other than the right to assert that estimation should not be conducted with respect to such Digital Assets).[1]  The Order provided that the valuation of the Deferred Digital Assets would be addressed by a further order of the Court.

The Debtors now respectfully request the Court enter an order estimating the value of the Deferred Digital Assets consistent with the values initially proposed in the Digital Assets Conversion Table.  The Committee joins in the relief requested by the Debtors.

---

[1]    *See* D.I. 7090, at ¶ 9 ("For the avoidance of doubt, (i) certain MAPS, OXY, SRM, and BOBA Digital Assets noted as "TBD" in the Digital Assets Conversion Table are excluded from this Order with all rights reserved (other than the right to assert that estimation should not be conducted with respect to such Digital Assets), and the valuation of such Digital Assets will be addressed by further order of the Court; and (ii) no findings of fact made or conclusions of law reached with respect to other Digital Assets on the record at the Omnibus Hearing that are predicated on assumptions or statements made in the Declaration of Kevin Lu [D.I. 5204], the Expert Report of Sabrina T. Howell [D.I. 5203-1] and the Supplemental Declaration of Sabrina T. Howell [D.I. 6728-4] shall preclude, on issue preclusion, claim preclusion or any other grounds, from, or prejudice Oxy, Maps, Lavanda Sands L.L.C., TMSI SECZ Ltd., or Boba Foundation in, challenging such assumptions or statements in any subsequent briefing or hearing relating to such Digital Assets.").

The Objectors request that the Court reject the Debtors' estimation of the relevant

Deferred Digital Assets and instead adopt an alternative estimation of their claims based on the

Deferred Digital Assets, as applicable.

## II.    THE PARTIES

### a.  Debtors' Counsel:

**LANDIS RATH & COBB LLP**
Adam G. Landis
Matthew B. McGuire
Kimberly A. Brown
Matthew R. Pierce
919 Market Street, Suite 1800
Wilmington, DE 19801
landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich*
James L. Bromley*
Brian D. Glueckstein*
Alexa J. Kranzley*
125 Broad Street
New York, NY 10004
dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com
*admitted *pro hac vice*

### b.  Maps Vault's Counsel:

**DLA PIPER LLP**
Aaron S. Applebaum (No. 5587)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
aaron.applebaum@us.dlapiper.com

Dennis C. O'Donnell*
1251 Avenue of the Americas
New York, NY 10020
dennis.odonnell@us.dlapiper.com

Jeffrey S. Torosian*
Joseph A. Roselius*
444 W. Lake Street, Suite 900
Chicago, IL 60606
jeffrey.torosian@us.dlapiper.com
joseph.roselius@us.dlapiper.com
*admitted *pro hac vice*

      **c.   Maps and Oxy Foundations' Counsel:**

**REED SMITH LLP**
Kurt F. Gwynne (No. 3951)
Brian M. Rostocki (No. 4599)
Benjamin P. Chapple (No. 5871)
John T. Miraglia (No. 6682)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
kgwynne@reedsmith.com
brostocki@reedsmith.com
bchapple@reedsmith.com
jmiraglia@reedsmith.com

Aaron Javian*
599 Lexington Avenue
New York, NY 10022
ajavian@reedsmith.com
*admitted *pro hac vice*

      **d.   Lavanda Sands' Counsel:**

**BIELLI & KLAUDER, LLC**
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
dklauder@bk-legal.com

**CROWELL & MORING LLC**
Frederick Hyman*
590 Maidson Ave.
New York, NY 10022
fhyman@crowell.com
*admitted *pro hac vice*

   e.  **TMSI's Counsel:**

**SAUL EWING LLP**
Mark Minuti (No. 659)
Monique B. DiSabatino (No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
mark.minuti@saul.com
monique.disabatino@saul.com

**KATTEN MUCHIN ROSENMAN LLP**
Peter A. Siddiqui*
Elliott Bacon*
Ethan D. Trotz*
525 W. Monroe Street
Chicago, IL 60661
peter.siddiqui@katten.com
elliott.bacon@katten.com
ethan.trotz@katten.com
*admitted *pro hac vice*

   f.  **Boba Foundation's Counsel:**

**PASHMAN STEIN WALDER HAYDEN, P.C.**
John W. Weiss (No. 4160)
1007 North Orange Street, 4th Floor #183
Washington, DE 19801
jweiss@pashmanstein.com

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller*
Traci Shafroth*
425 Market Street, 26th Floor
San Francisco, CA 94105
tkeller@kbkllp.com
tshafroth@kbkllp.com
*admitted *pro hac vice*

   g.  **The Committee's Counsel:**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801

Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
      rpoppiti@ycst.com

**PAUL HASTINGS LLP**
Kristopher M. Hansen*
Kenneth Pasquale*
Leonie C. Koch*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
      kenpasquale@paulhastings.com
      leoniekoch@paulhastings.com
*admitted *pro hac vice*

## III.   JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) as to which this Court has the power to enter a final judgment.

## IV.   ISSUE TO BE PRESENTED

Debtors' Proposed Issue to be Presented:  What is the value of each of the Deferred Digital Assets for the purposes of estimating Claims based on such Deferred Digital Assets?

Maps Vault's and Maps and Oxy Foundations' Proposed Issue to be Presented: What value should the Court ascribe to the Objectors' Claims relating to each of the Deferred Digital Assets for the purposes of estimating Claims under section 502(c) of the Bankruptcy Code?

## V.   MOTION IN LIMINE

Maps Vault's Position:  In addition to seeking to exclude Prof. Howell's

6

testimony entirely, Maps Vault moves, *in limine*, to exclude certain untimely and improper expert opinions by the Debtors' proposed expert witness, Professor Sabrina T. Howell, regarding the fundamental value of OXY, MAPS, and SRM tokens, including arguments based on the alleged association with FTX and Mr. Bankman-Fried.  Maps Vault contends that because these opinions were not included in Prof. Howell's earlier reports and go beyond the allowed scope of a rebuttal expert report, the relevant portions of the Howell Rebuttal Report (and any related testimony) should be excluded at the hearing.  In further support of this motion *in limine*, Maps Vault relies on the argument attached hereto as Exhibit A.  The Maps and Oxy Foundations join Maps' motion *in limine*, attached hereto as Exhibit B.

TMSI's Position:  TMSI moves, *in limine*, to exclude certain improper expert opinions by the Debtors' proposed expert witness, Professor Sabrina T. Howell, regarding (i) whether SRM customers ought to bear the risk of any shortfall of selling SRM and (ii) futures markets.  Howell's statements about allocation of risk among customers are not expert opinions at all, and Howell is not qualified to opine on futures markets.  In further support of this motion *in limine*, TMSI SEZC Ltd. relies on the argument attached hereto as Exhibit C.

Debtors' Position:  The Debtors dispute the characterizations of Prof. Howell's rebuttal opinions by Maps Vault, Maps and Oxy Foundatsions, and TMSI, submit that the opinions at issue in the motions *in limine* are permissible in her rebuttal expert report, and rely on the responses attached hereto as Exhibit D and Exhibit E.

## VI.    OPENINGS AND CLOSINGS

The Parties, other than TMSI, suggest that openings be waived and that the hearing begin with presentation of evidence.  If the Court decides to permit opening arguments,

all Parties reserve the right to offer an opening argument.  The Parties suggest that the Court hear closing arguments from all parties who wish to do so after closing of the evidence.

## VII.    WITNESSES AND SEQUENCING

### A.    THE DEBTORS

    1.    Kevin Lu

        a.    <u>Direct Testimony</u>:  Submitted by declaration, expert report and live testimony.

           (1)    The content of Mr. Lu's expert testimony is set forth in the (i) *Declaration of Kevin Lu in Support of Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5204]; and (ii) *Response of Kevin Lu to Expert Report of Fotios Konstantinidis*.

        b.    <u>Cross-examination and re-direct</u>:  Live.

    2.    Sabrina T. Howell

        a.    <u>Direct Testimony</u>:  Submitted by declaration, expert report and live testimony.

           (1)    The content of Professor Howell's expert testimony is set forth in the (i) *Declaration of Sabrina T. Howell in Support of the Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5203] and its accompanying *Expert Report of Sabrina T. Howell* [D.I. 5203-1]; (ii) *Supplemental Declaration of Sabrina T. Howell in Support of Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 6728-4]; (iii) *Rebuttal Expert Report of Sabrina T. Howell*; and (iv) *Rebuttal Expert Report of Sabrina T. Howell in Response to Ioannis Gkatzimas*.

        b.    <u>Cross-examination and re-direct</u>:  Live.

### B.    OBJECTING PARTY:  MAPS VAULT

    1.    Fotios Konstantinidis

        a.    <u>Direct Testimony</u>: Submitted by expert report and live testimony.

        (1)    The content of Mr. Konstantinidis' expert testimony is set forth in the *Expert Report of Fotios Konstantinidis*, dated January 26, 2024 ("Maps Vault Expert Report of Fotios Konstantinidis") and will include additional testimony in response to Professor Howell's rebuttal.

     b.    Cross-examination and re-direct:  Live.

**C.**    <u>OBJECTING PARTY:  MAPS AND OXY FOUNDATIONS</u>

    1.    Fotios Konstantinidis

     a.    <u>Direct Testimony</u>: Submitted by expert report and live testimony.

        (1)    The content of Mr. Konstantinidis' expert testimony is set forth in the *Expert Report of Fotios Konstantinidis*, dated January 26, 2024 ("Maps and Oxy Foundations Expert Report of Fotios Konstantinidis"), and will include additional testimony and exhibits in response to Professor Howell's rebuttal.

     b.    <u>Cross-examination and re-direct</u>:  Live.

**D.**    <u>OBJECTING PARTY:  TMSI</u>

    1.    Ioannis Gkatzimas

     a.    <u>Direct Testimony</u>: Submitted by declaration and live testimony.

        (1)    The content of Mr. Gkatzimas' expert testimony is set forth in the *Declaration of Ioannis Gkatzimas on Behalf of TMSI SEZC Ltd.*

     b.    <u>Cross-examination and re-direct</u>:  Live.

**E.**    <u>RESERVATION OF RIGHTS</u>

The rights of all parties to object to the calling of any witness or to any testimony offered or elicited from any such witness are preserved.  Maps Vault, Maps and Oxy Foundations, and TMSI intend to voir dire and challenge the qualifications and methodologies of the Debtors' expert witnesses at the hearing.

### F.    DEPOSITION DESIGNATIONS

The Parties will not be submitting deposition designations.  The Parties, however, reserve their respective rights to use the depositions during cross-examination of the applicable deponents.

## VIII.    EXHIBITS AND INTRODUCTION OF DOCUMENTARY EVIDENCE

The Parties have exchanged proposed exhibits lists, which are attached hereto as Exhibits F through I and subject to the referenced objections.  Exhibits that any Party seeks to admit into evidence may be offered in accordance with the applicable rules.  Any Party may offer any exhibit, subject to objection, that appears on any other Party's exhibit list.  Each Party will prepare binders of their proposed exhibits for electronic submission to the Court.

The Parties agree that any demonstrative exhibits intended to be used but not introduced into evidence during the hearing will be provided to other Parties no later than 8:00 p.m. ET the day before such demonstrative is intended to be used, unless such deadline is waived by the consent of the participating Parties for such demonstrative exhibit.

The parties agree that the Court may take judicial notice of  pleadings filed in the case, transcripts of hearings that have taken place in the case, and any proofs of claim filed with the claims agent, and transfer and assignments thereof filed on the docket.

A Party that seeks to offer any exhibit into evidence in their case-in-chief without the use of a sponsor in their case-in-chief shall do so before the conclusion of their case-in-chief. Any Party objecting to exhibits will work in good faith to timely resolve the objection.

IT IS ORDERED that this Pretrial Order shall control the subsequent course of the action unless modified at the trial of the action, or prior thereto, to prevent manifest injustice or

for good cause shown.  Such modification may be made either on application of counsel for the Parties or by the Court.

/s/ Kimberly A. Brown
**LANDIS RATH & COBB LLP**
Adam G. Landis (Bar No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (Bar No. 5138)
Matthew R. Pierce (Bar No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

– and –

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich*
James L. Bromley*
Brian D. Glueckstein*
Alexa J. Kranzley*
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com
*admitted *pro hac vice*

*Counsel for the Debtors
and Debtors-in-Possession*

/s/ Mark Minuti
**SAUL EWING LLP**
Mark Minuti (No. 659)
Monique B. DiSabatino (No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
mark.minuti@saul.com
monique.disabatino@saul.com

– and –

**KATTEN MUCHIN ROSENMAN LLP**
Peter A. Siddiqui*
Elliott Bacon*
Ethan D. Trotz*
525 W. Monroe Street
Chicago, IL 60661
peter.siddiqui@katten.com
elliott.bacon@katten.com
ethan.trotz@katten.com
*admitted *pro hac vice*

*Counsel for TMSI SEZC Ltd.*

/s/ Aaron S. Applebaum
**DLA PIPER LLP**
Aaron S. Applebaum (No. 5587)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
aaron.applebaum@us.dlapiper.com

Dennis C. O'Donnell*
1251 Avenue of the Americas
New York, NY 10020
dennis.odonnell@us.dlapiper.com

Jeffrey S. Torosian*
Joseph A. Roselius*
444 W. Lake Street, Suite 900
Chicago, IL 60606
jeffrey.torosian@dlapiper.com
joseph.roselius@us.dlapiper.com
*admitted *pro hac vice*

*Counsel for the Maps Vault Limited*

/s/ Robert F. Poppiti
**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mlunn@ycst.com
         rpoppiti@ycst.com

-and-

**PAUL HASTINGS LLP**
Kristopher M. Hansen*
Kenneth Pasquale*
Leonie C. Koch*
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
         kenpasquale@paulhastings.com
         leoniekoch@paulhastings.com


*Admitted pro hac vice*

*Counsel to the Official Committee of
Unsecured Creditors*

/s/ David M. Klauder
**BIELLI & KLAUDER, LLC**
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
dklauder@bk-legal.com

– and –

**CROWELL & MORING LLC**
Frederick Hyman*
590 Madison Ave.
New York, NY 10022
fhyman@crowell.com
*admitted *pro hac vice*

*Counsel for Lavanda Sands, L.L.C.*

/s/ Kurt F. Gwynne
**REED SMITH LLP**
Kurt F. Gwynne (No. 3951)
Brian M. Rostocki (No. 4599)
Benjamin P. Chapple (No. 5871)
John T. Miraglia (No. 6682)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
kgwynne@reedsmith.com
brostocki@reedsmith.com
bchapple@reedsmith.com
jmiraglia@reedsmith.com

Aaron Javian*
599 Lexington Avenue
New York, NY 10022
ajavian@reedsmith.com
*admitted *pro hac vice*

*Counsel for Fondation Serendipity, Fondation
Elements, Serendipity Network Ltd and
Liquidity Network Ltd*

/s/ Traci Shafroth
**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller*
Traci Shafroth*
425 Market Street, 26th Floor
San Francisco, CA 94105
tkeller@kbkllp.com
tshafroth@kbkllp.com
*admitted *pro hac vice*

– and –

**PASHMAN STEIN WALDER HAYDEN,
P.C.**
John W. Weiss (No. 4160)
1007 North Orange Street, 4th Floor #183
Washington, DE 19801
jweiss@pashmanstein.com

*Attorneys for the Boba Foundation*

# EXHIBIT A

## Maps Motion in Limine

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**ARGUMENT IN SUPPORT OF MAPS VAULT LIMITED'S MOTION**
***IN LIMINE* TO EXCLUDE CERTAIN UNTIMELY**
**AND IMPROPER REBUTTALEXPERT TESTIMONY**

Maps Vault Limited ("Maps Vault"), by and through its undersigned counsel, respectfully submits the following argument in support of its Motion *in Limine* to Exclude Certain Untimely and Improper Rebuttal Expert Testimony. As discussed herein, the *Rebuttal Expert Report of Sabrina T. Howell* (the "Howell Rebuttal Report") includes certain untimely and improper expert opinions regarding the fundamental value of OXY, MAPS, and SRM tokens, including arguments based on the alleged association with FTX and Mr. Bankman-Fried. As these opinions were not included in Prof. Howell's earlier reports and go beyond the allowed scope of a rebuttal expert report, the relevant portions of the Howell Rebuttal Report (and any related testimony) should be excluded at any hearing on the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "Estimation Motion").[2][3]

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise used herein have the meanings set forth in the Estimation Motion.

[3] For the avoidance of doubt, Maps Vault intends to object to the inclusion of Prof. Howell's testimony (including, but not limited to all opinions expressed in the Howell Report, Supplemental Howell Report, and Howell Rebuttal Report) due to her lack of proper qualifications and use of proper methodologies.  Maps Vault expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the Estimation Motion or any other issue in the Chapter 11 Cases, including as to the claims asserted in its proofs of claim, as well as the right to supplement, modify, and amend its motion *in limine*, and to raise additional objections in writing or orally at the hearing on the Estimation Motion.

**ARGUMENT**

1.     Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts consider the *Pennypack* factors when deciding whether to strike improper rebuttal reports:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Lavell v. Camden Cnty. Coll.*, 2023 U.S. Dist. LEXIS 106048, at *17 (D.N.J. June 20, 2023) (citing *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d. Cir. 2000)).

2.     Applying the *Pennypack* factors, and to avoid undue prejudice to Maps Vault, the Debtors should be precluded from referencing any evidence regarding (i) the fundamental value of OXY, MAPS, and SRM tokens, and (ii) the alleged association with FTX and Mr. Bankman-Fried, because such evidence constitutes improper rebuttal evidence.   The Howell Rebuttal Report improperly offers new opinions that neither contradict nor rebut Mr. Konstantinidis's opinions, are based entirely on innuendo, and were not included in the Howell Report or the Supplemental Howell Report.

3.     Mr. Konstantinidis analyzes the value of MAPS, OXY, and SRM tokens at the Petition Date and Time; *however*, Prof. Howell improperly asserts a new opinion that MAPS, OXY, and SRM tokens have some (unspecified) lower value because of their association with FTX and Mr. Bankman-Fried, the so-called "Sam Coins" argument.  Yet the alleged connection to FTX and Mr. Bankman-Fried is not part of Prof. Howell's "formal analysis," the "asset liquidation discount," or the discount for lack of marketability. (Howell Dep. at 92:21-92:25, 169:1-169:16.)

2

4.      The Howell Rebuttal Report also opines that OXY and SRM tokens have negligible fundamental value. (Howell Rebuttal Report ¶¶ 14, 21.)  Yet Prof. Howell has not done a "formal analysis" of the fundamental value of either token and cannot provide the specific fundamental value of either token (although she believes they are not fundamentally valueless). (Howell Dep. at 13:5-13:14, 92:3-92:11, 169:17-170:6, 204:11-205:2.)   Prof. Howell also conceded that this opinion was based on *postpetition* events (i.e., events that could not possibly implicate value as of the Petition Date). (*Id.* at 102:19-103:21.)  In other words, this "opinion" too is not based on any formal analysis but was included solely to impugn the value of MAPS, OXY, and SRM tokens.

5.      The *Pennypack* factors require that these new opinions be excluded.  Maps Vault was not afforded an opportunity to prepare a sur-rebuttal to address the new opinions, and it would be unfairly prejudiced (and unable to cure the prejudice) by the admission of these improper expert opinions. *See Lavell*, 2023 U.S. Dist. LEXIS 106048, at *18 (finding prejudice where the defendant had no opportunity to refute data provided in a rebuttal report that "improperly present[ed] new data, methodology and conclusions"); *Bradley v. Amazon.com, Inc.*, 2023 U.S. Dist. LEXIS 46056, at *39 (E.D. Pa. Mar. 17, 2023) (finding prejudice could not be cured where, unlike in *Lovell*, expert discovery had closed and the case was already set for trial).

6.      Moreover, Prof. Howell could have, but did not, raise these opinions in either the Howell Report or the Supplemental Howell Report.  These new arguments do not respond to anything in the Konstantinidis Report, which does not address the fundamental value of any of the tokens or their connection to FTX or Mr. Bankman-Fried. *See* Fed. R. Civ. P. 26 (a)(2)(D)(iii); *Nat'l Med. Imaging v. U.S. Bank N.A.*, 2019 U.S. Dist. LEXIS 232918, at *5-6 (E.D. Pa. Jan. 31, 2019) (noting that although courts have broad discretion in determining admissibility of rebuttal

evidence, such evidence must be offered to "directly contradict or rebut the opposing party's expert") (cleaned up); *Bradley*, 2023 U.S. Dist. LEXIS 46056, at *11-12 (similar).

7.      Finally, these improper opinions do not affect or alter the opinions set forth by Prof. Howell in the Howell Report. Prof. Howell has no basis for discounting assets based on their alleged connection to a convicted criminal. (Howell Dep. at 94:4-94:22.) Indeed, taking FTX and Mr. Bankman-Fried out of the case would not affect her "asset liquidation discount" at all. (*Id.* at 95:21-95:25.)  It is apparent that these statements were not included as part of any relevant, well-founded opinion or related in any way to Prof. Howell's discount analysis.  As such, inclusion of this evidence is not "important" enough to warrant "disrupt[ing] the orderly and efficient litigation process" this close to the hearing date. *See Bradley*, 2023 U.S. Dist. LEXIS 46056, at *39-40 (cleaned up). Rather, the admission of these opinions will likely disrupt the hearing on the Estimation Motion.

8.      The *Pennypack* factors weigh in favor of excluding the untimely and improper expert opinions regarding (i) the fundamental value of OXY, MAPS, and SRM tokens, (ii) the arguments based on the alleged association with FTX and Mr. Bankman-Fried, and (iii) any testimony related to those opinions.

## <u>CONCLUSION</u>

9.      For the foregoing reasons, Maps Vault respectfully submits that its motion *in limine* should be granted and the untimely and improper opinions in the Howell Rebuttal Report should be excluded at the March 20, 2024, evidentiary hearing on the Estimation Motion.


*[Remainder of page intentionally left blank]*

Dated:   March 13, 2024
Wilmington, Delaware

**DLA PIPER LLP (US)**

/s/ *Aaron S. Appelbaum*
Aaron S. Applebaum, Esq. (DE #5587)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Email: aaron.applebaum@us.dlapiper.com

-and-

Dennis C. O'Donnell (*admitted pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Email: dennis.odonnell@us.dlapiper.com

-and-

Jeffrey S. Torosian (*admitted pro hac vice*)
Joseph A. Roselius (*admitted pro hac vice*)
444 W. Lake Street, Suite 900
Chicago, IL 60606
Telephone: (312) 368-4000
Email: jeffrey.torosian@dlapiper.com
Email: joseph.roselius@us.dlapiper.com
*Counsel for Maps Vault Limited*

# EXHIBIT B

**Maps and Oxy Foundations Joinder**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FTX TRADING LTD., *et al.*,[1] | ) | Case No. 22-11068 (JTD) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

**FONDATION SERENDIPITY, FONDATION ELEMENTS, SERENDIPITY NETWORK
LTD AND LIQUIDITY NETWORK LTD'S JOINDER IN MAPS VAULT LIMITED'S
MOTION *IN LIMINE* TO EXCLUDE CERTAIN UNTIMELY AND
IMPROPER REBUTTAL EXPERT TESTIMONY**

Fondation Serendipity, Fondation Elements, Serendipity Network Ltd. and Liquidity Network Ltd (collectively, the "**Foundations**"), by and through their undersigned counsel, hereby submit this joinder (the "**Joinder**") to *Motion in Limine to Exclude Certain Improper Rebuttal Expert Testimony* (the "**Motion to Exclude**")[2] filed by Maps Vault Limited ("**Maps Vault**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), which seeks to exclude, at any hearing on the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "**Estimation Motion**"), certain untimely and improper expert opinions regarding the fundamental value of OXY, MAPS, and SRM tokens set forth in the *Rebuttal Expert Report of Sabrina T. Howell* (the "**Howell Rebuttal Report**").  In support thereof, the Foundations respectfully submit as follows:

**<u>JOINDER</u>**

1.      The Foundations hereby join in, adopt, and incorporate by reference the arguments advanced in the Motion to Exclude for the reasons set forth therein.

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Estimation Motion.

2.    For the reasons set forth in the Motion to Exclude, the Foundations respectfully request that the Court grant the Motion to Exclude and approve the relief requested therein.

## <u>RESERVATION OF RIGHTS</u>

3.    Nothing contained in this Joinder shall constitute a waiver of the Foundations' rights or remedies under the Bankruptcy Code or applicable law. The Debtor reserves its rights to (i) further amend or supplement this Joinder at any time; (ii) raise, join in, or respond to any other arguments or objections  made relating to the Motion to Exclude; and (iii) be heard at any hearing to consider the Estimation Motion.

WHEREFORE, the Foundations join in the Motion to Exclude and respectfully request that the Court grant the Motion to Exclude and approve the relief requested therein.

*[Remainder of Page Intentionally Left Blank]*

Dated: March 18, 2024
Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**
/s/ *Kurt F. Gwynne*
Kurt F. Gwynne (No. 3951)
Brian M. Rostocki (No. 4599)
Benjamin P. Chapple (No. 5871)
John T. Miraglia (No. 6682)
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com
E-mail: brostocki@reedsmith.com
E-mail: bchapple@reedsmith.com
E-mail: jmiraglia@reedsmith.com


-and-

Aaron Javian, Esq. (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: ajavian@reedsmith.com

*Counsel to the Foundations*

**<u>EXHIBIT C</u>**

**TMSI Motion in Limine**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Related to Docket Nos. 5202, 5203, 5626, and 8923. |

**ARGUMENT IN SUPPORT OF**
**TMSI SEZC LTD.'S MOTION *IN LIMINE* TO**
**EXCLUDE CERTAIN IMPROPER REBUTTAL EXPERT TESTIMONY**

TMSI SEZC Ltd. ("TMSI"), through its undersigned counsel, respectfully submits the following argument in support of its Motion *in Limine* to Exclude Certain Improper Rebuttal Expert Testimony. As discussed herein, the *Rebuttal Expert Report of Sabrina T. Howell in Response to Ioannis Gkatzimas* (the "Howell Rebuttal Report") includes certain improper so-called expert opinions regarding (i) whether SRM customers deserve to bear the risk of any shortfall of selling SRM and (ii) futures markets. Howell's statements regarding whether SRM customers deserve to bear the risk of any shortfall are not expert opinions to begin with, and Howell is unqualified to opine on futures markets. As a result, the relevant portions of the Howell Rebuttal Report (and any related testimony) should be excluded at the hearing on the *Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 5202] (the "Estimation Motion").

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

**<u>Argument</u>**

1.      The inclusion of expert testimony is subject to Federal Rule of Evidence 702, which imposes three substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit. *Elcock v. Kmart Corp*., 233 F.3d 734, 741 (3d Cir. 2000). The party offering the expert bears the burden of showing that each standard of admissibility is met. *360Heros, Inc. v. GoPro, Inc.*, 569 F. Supp. 3d 198, 202 (D. Del. 2021).

2.      An expert is "qualified" if they "possess specialized expertise." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.2d 396, 404 (3d Cir. 2003). "Rule 702 mandates that the relevant expert testimony must be supported by appropriate validation—i.e., good grounds, based on what is known." *360Heros, Inc*., 569 F. Supp. at 201 (internal citation omitted). "Such testimony should amount to 'more than subjective belief or unsupported speculation[]' and a court's focus in examining this factor must be on 'principles and methodology' rather than on the expert's conclusions." *Id.* at 201 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590, 595 (1993)).

3.      Applying Rule 702, the Debtors should be precluded from referencing any of Howell's statements or testimony regarding whether SRM customers ought to bear the risk of any shortfall in the proceeds from selling the Debtors' holdings and whether the volume in the SRM perpetual futures markets is properly an input in the application of the KO Model.

4.      Howell's opinions on who is more deserving of bearing the risk of any shortfall are not expert opinions in the first instance.  Her conjectures are supported by nothing more than her subjective views based on uninformed and speculative opinions of the fundamental value of SRM. These bare conclusions are not grounded in any reasoned or analytical approach and, as Howell acknowledges, are based on publicly available information that was incorporated into the Petition

Time price of SRM.  Further, her unsupported, subjective views on risk allocation have nothing to do with the KO Model she employs to render her opinion on the appropriate "asset liquidation discount" for SRM and are not responsive to anything included in the Declaration of Ioannis Gkatzimas to which she is responding.

5.      Howell is unqualified under Rule 702 to opine on the relevance of futures markets generally, and perpetual futures markets especially, in liquidating spot positions.  Howell lacks the relevant practical and academic experience and training in that area of expertise and, as both she and the Debtors' counsel conceded during her deposition, she has no expertise with the futures liquidation trading strategies.

6.      Even if Howell is qualified with respect to futures markets, which she is not, Howell's statements on futures markets are nothing more than threadbare conclusions masquerading as an expert opinion.  Howell did not conduct any analysis on whether to include futures markets, making her statements not grounded or the result of good process.  As a result, Howell's statements on futures markets are unreliable and not helpful to the trier of fact.

## Conclusion

For the foregoing reasons, TMSI respectfully submits that its motion *in limine* should be granted and the improper "opinions" in the Howell Rebuttal Report should be excluded at the March 20, 2024 evidentiary hearing on the Estimation Motion.

Dated: March 18, 2024

By:      */s/ Mark Minuti*

**SAUL EWING LLP**
Mark Minuti (DE Bar No.  2659)
Monique B. DiSabatino (DE Bar No.  6027)
1201 N. Market Street, Suite 2300
P.O.  Box 1266
Wilmington, DE 19899

Telephone: (302) 421-6800
Fax: (302) 421-6813
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
Peter A. Siddiqui (admitted *pro hac vice*)
Elliott Bacon (admitted *pro hac vice*)
Ethan D. Trotz (admitted *pro hac vice*)
525 W. Monroe Street
Chicago, Illinois 60661
Telephone: (312) 902-5200
peter.siddiqui@katten.com
elliott.bacon@katten.com
ethan.trotz@katten.com

*Attorneys for TMSI SEZC Ltd.*

# EXHIBIT D

**Debtors' Objection to Maps Motion in Limine and Maps and Oxy Foundations Joinder**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE DEBTORS TO MAPS VAULT LIMITED'S**
**MOTION _IN LIMINE_ TO EXCLUDE CERTAIN TESTIMONY**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this objection to Maps Vault Limited's ("Maps") *Motion* in Limine *to Exclude Certain Untimely and Improper Rebuttal Expert Testimony* (the "Motion in Limine").[2] Maps argues that certain opinions expressed in the *Rebuttal Expert Report of Sabrina T. Howell* (the "Howell Rebuttal Report") and any related testimony should be excluded at any hearing on the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "Estimation Motion").[3] Because the relevant opinions in the Howell Rebuttal Report properly rebut statements made by Maps' proposed expert in the *Expert Report of Fotios Konstantinidis* (the "Konstantinidis Report"), the Motion in Limine should be denied.

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Fondation Serendipity, Fondation Elements, Serendipity Network LTD. and Liquidity Network Ltd have submitted a joinder to the Motion in Limine.

[3]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Estimation Motion or *Debtors' Omnibus Supplemental Reply in Support of Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 9566], as applicable.

## ARGUMENT

1.      To be clear, Professor Howell's analysis and conclusions do not require the opinions that are the subject of the Motion in Limine.  The discounts calculated by Professor Howell do not turn on these opinions, and the value determined for the MAPS, OXY, and SRM tokens presented in the Digital Assets Conversion Table are correct.  However, Professor Howell's opinions regarding (i) the ties between the Debtors, Mr. Bankman-Fried and the MAPS, OXY, and SRM token projects, and (ii) the fundamental value of MAPS, OXY, and SRM, are proper rebuttal evidence.

2.      "In general, rebuttal evidence is admissible where it will explain, repel, counteract or disprove the evidence of the adverse party.  Courts have consequently allowed expert rebuttal reports that cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert."  *Nat'l Med. Imaging* v. *U.S. Bank N.A.*, 2019 WL 9809616, *2 (E.D. Pa. Jan. 31, 2019); *see also Withrow* v. *Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013) (rebuttal reports "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert").

3.      Contrary to Maps' assertions, Professor Howell offered these opinions to rebut contradictory statements made by Mr. Konstantinidis.  The Konstantinidis Report characterizes the tokens as being valuable cryptocurrencies functioning in robust ecosystems.  Specifically, he states that the Maps.me platform is "a popular offline mapping and travel-booking app with 140 million users worldwide" and that "MAPS is a utility token specifically designed for use with the Maps.me ecosystem.  Its value is derived from its potential to unlock various benefits and functionalities."  (Konstantinidis Maps Rep. ¶ 17.)  With respect to OXY, Mr. Konstantinidis opines that "OXY is a cryptocurrency token . . . designed for use within the Oxygen Protocol ecosystem" and that "its value is derived from its role in accessing platform features, governance

participation and earning rewards." (*Id.* ¶ 18.)  Regarding SRM, Mr. Konstantinidis offers that "SRM was launched by the Serum Foundation, a non-profit organization established by Alameda Research and FTX" and that it is "an integral part of the Serum DEX ecosystem, powering its operations, incentivizing participation and enabling governance." (*Id.* ¶ 19.)

4.      These statements introduce the opinion that the value of MAPS, OXY and SRM are tied to the functionality of the underlying ecosystem and specifically reference SRM's connection with certain of the Debtors and Mr. Sam Bankman-Fried.  In response, Professor Howell offered proper rebuttal evidence that (i) to the extent the value of these tokens *is* derived from the underlying ecosystem, as Mr. Konstantinidis opines, certain of those ecosystems are or may be defunct, and (ii) MAPS and OXY also have prepetition ties to the Debtors and Mr. Bankman-Fried.  Mr. Konstantinidis references some of those connections with respect to SRM, but not with respect to MAPS and OXY, thus creating the implication that no such ties exist. Professor Howell properly rebutted this suggestion with contradictory evidence.  Oxy builds further on Mr. Konstantinidis' opinion in their objection with unsupported disclaimers regarding the connections between the Debtors and the underlying applications. (Oxy Obj. ¶ 2.) The Motion in Limine should therefore be denied because Professor Howell's opinions "explain, repel, counteract or disprove the evidence of the adverse party," and are permissible. *Nat'l Med. Imaging*, 2019 WL 9809616, at *2.

5.      To the extent the Court disagrees that Professor Howell's opinions are proper rebuttal, the Debtors submit that the Motion in Limine should be denied in any event.  It is well established that the determination of whether to exclude evidence is committed to the Court's discretion. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994).  The Third Circuit has noted that the "[e]xclusion of critical evidence is an extreme sanction, not normally to be

imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Id*. at 791-92. "[I]t should not be imposed where an untimely or improper expert disclosure amounts to only a 'slight deviation from pre-trial notice requirements' or occasions only 'slight prejudice' to the movant." *Withrow*, 967 F. Supp. 2d at 1000 (quoting *Paoli*, 35 F.3d at 792). Indeed, "courts tend to err on the side of admitting expert testimony." *Id*. at 1001.

6.      Maps cannot demonstrate that the *Pennypack* factors for exclusion are met here. The Third Circuit has set out five factors that trial courts may consider in determining whether exclusion of evidence or a witness is appropriate:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified or the excluded evidence would have been offered; (2) the ability of that party to cure the prejudice; (3) the extent to which allowing such witnesses or evidence would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) any bad faith or willfulness in failing to comply with the court's order; and (5) the importance of the excluded evidence.

*Bradley* v. *Amazon.com, Inc*., 2023 WL 2574572, *6 (E.D. Pa. Mar. 17, 2023) (quoting *ZF Meritor, LLC* v. *Eaton Corp*., 696 F.3d 254, 298 (3d Cir. 2012). The Debtors served the Howell Rebuttal Report on February 9, 2024—prior to Maps' deadline to submit supplemental discovery requests to the Debtors, over two weeks prior to the deposition of Professor Howell, and over one month prior to the hearing on the Estimation Motion. Maps cannot reasonably claim that they are "surprised" or "prejudiced" by any opinion contained therein. *See, e.g., Nat'l Med. Imaging*, 2019 WL 9809616, at *2 (finding exclusion unwarranted where rebuttal was provided ten days prior to expert's deposition because of the "lack of prejudice to Defendants and the lack of any disruption to the orderly and efficient progression of this case").

7.      Professor Howell's initial report was also in respect of over 1,300 Digital Assets. (*See* D.I. 5203.) It would have been impossible to go into detail regarding the background,

utility and other considerations with respect to each of the Digital Assets at issue.  The Howell Rebuttal Report, however, only addresses three tokens, and none of it should be excluded.

<u>**CONCLUSION**</u>

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court deny the Motion in Limine, and that the Howell Rebuttal Report and related testimony be admitted in their entirety at the March 20, 2024 evidentiary hearing on the Estimation Motion.

Dated:  March 18, 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

# EXHIBIT E

## Debtors' Objection to TMSI Motion in Limine

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## OBJECTION OF THE DEBTORS TO TMSI SEZC LTD.'S
## MOTION *IN LIMINE* TO EXCLUDE CERTAIN TESTIMONY

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this objection to TMSI SEZC Ltd.'s ("TMSI") *Motion* in Limine *to Exclude Certain Improper Rebuttal Expert Testimony* (the "Motion in Limine"). TMSI argues that certain opinions expressed in the *Rebuttal Expert Report of Sabrina T. Howell in Response to Ioannis Gkatzimas* (the "Rebuttal Report") and any related testimony should be excluded at any hearing on the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "Estimation Motion").[2] Professor Howell is qualified to provide the opinions TMSI seeks to exclude, and the Motion in Limine should be denied.

## ARGUMENT

1.      TMSI's Motion in Limine is easily dismissed. Professor Howell is well-qualified to opine on the issues in her Rebuttal Report. In order for expert testimony to be admissible under Federal Rule of Evidence 702, the expert must be qualified to express an expert

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Estimation Motion or the Reply (as defined below), as applicable.

opinion.  *See* Fed. R. Evid. 702.  The Third Circuit interprets this requirement "liberally." *Schneider* v. *Fried*, 320 F.3d 396, 404 (3d Cir. 2003).  A "broad range of knowledge, skills, and training" will suffice to qualify an expert, *Pineda* v. *Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008), including "[p]ractical experience" in the industry about which the expert is testifying, *Hammond* v. *Int'l Harvester Co.*, 691 F.2d 646, 653 (3d Cir. 1982).  Courts in this Circuit have repeatedly "eschewed imposing overly rigorous requirements of expertise" and have, instead, "been satisfied with more generalized qualifications."  *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994).

2.      As set forth in greater detail in Section II.A of the *Debtors' Omnibus Supplemental Reply in Support of Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 9566] (the "Reply"), Professor Howell is an accomplished economist and is qualified to opine on the value of Digital Assets.  She holds a B.A. from Yale and two advanced economics degrees from Harvard.  (Reply ¶ 45.)  She is an Associate Professor of Finance at NYU Stern, one of the most prestigious business schools in the country.  (*Id.* ¶ 46.)  She has studied and written on valuation, financial technology and cryptocurrency, and holds multiple associate editor positions at journals of financial economics.  (*Id.* ¶¶ 46-47.)   While she is in fact well-versed in futures markets due to these credentials, she is also not being offered specifically as an expert in futures markets.

3.      Professor Howell is opining on the value of Digital Assets and the discounts she is applying in her opinions.  Her opinion as to whether the perpetual futures market is appropriately considered as "trading volume" for the purpose of calculating an Asset Liquidation Discount for SRM is squarely within her expertise.  She need not be an expert on "perpetual futures markets" or "futures liquidation trading strategies" in order to opine on any effect they may or may

not have on the value of Digital Assets, including in particular whether it is appropriate to include the perpetual futures market volumes in the KO model. She is also well-qualified and permitted to opine on the nature of SRM token and on which parties should bear *economic* risk in a hypothetical liquidation scenario in direct response to positions taken by both Mr. Gkatzimas and Mr. Konstantinidis who are offering opinions designed to shift that risk to other creditors.

4.       TMSI's complaint that Professor "Howell did not conduct any analysis on whether to include futures markets" prior to opining on their relevance to the valuation model is both untrue and not grounded in law. (Motion in Limine ¶ 6.) Professor Howell's Rebuttal Report includes an in-depth discussion of why perpetual futures market volumes are not a proper input into the KO model. Professor Howell also testified at her deposition that she considered whether to include futures markets in her analysis and ultimately decided against doing so. (Howell Dep. Tr. 141:16-142:10.)

5.       Further, Professor Howell is a *rebuttal* expert for the purposes of her Rebuttal Report. As a rebuttal expert, Professor Howell's role is "solely to contradict or rebut evidence" offered by the opposing expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). When acting as a rebuttal expert, Professor Howell has "no burden to produce models or methods of [her] own." *Winn-Dixie Stores, Inc*. v. *E. Mushroom Mktg. Coop*., 2021 WL 2352016, at *14 (E.D. Pa. June 9, 2021). Accordingly, the opinions in her Rebuttal Report are proper.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court deny the Motion in Limine, and that the Rebuttal Report and related testimony be admitted in their entirety at the March 20, 2024 evidentiary hearing on the Estimation Motion.

Dated: March 18, 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
         brown@lrclaw.com
         pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
         bromleyj@sullcrom.com
         gluecksteinb@sullcrom.com
         kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

# EXHIBIT F

## Debtors' Exhibit List

| Number | Docket Ref. | Description | Objection (If Any) |
|---|---|---|---|
| **FTX-1** | D.I. 5203 | *Declaration of Sabrina T. Howell in Support of the Motion of Debtors to Estimate Claims Based on Digital Assets* | Subject to voir dire / FRE 702 objection |
| **FTX-2** | D.I. 5204 | *Declaration of Kevin Lu in Support of Motion of Debtors to Estimate Claims Based on Digital Assets* | Subject to voir dire / FRE 702 objection |
| **FTX-3** | D.I. 6728-4 | *Supplemental Declaration of Sabrina T. Howell in Support of Motion of Debtors to Estimate Claims* | Subject to voir dire / FRE 702 objection |
| **FTX-4** | D.I. 8951-1 | Maps Vault Expert Report of Fotios Konstantinidis | |
| **FTX-5** | D.I. 8949-1 | Maps and Oxy Foundations Expert Report of Fotios Konstantinidis | |
| **FTX-6** | D.I. 9566-2 | Rebuttal Report of Sabrina T. Howell, dated February 9, 2024 (*Konstantinidis*) | Subject to Motion in *Limine*; Subject to voir dire / FRE 702 objection |
| **FTX-7** | D.I. 9566-3 | Response of Kevin Lu to Expert Report of Fotios Konstantinidis, dated February 9, 2024 | Subject to voir dire / FRE 702 objection |
| **FTX-8** | D.I. 8923-1 | *Declaration of Ioannis Gkatzimas on Behalf of TMSI SEZC Ltd.* | |
| **FTX-9** | D.I. 9566-4 | Rebuttal Expert Report of Sabrina T. Howell In Response to Ioannis Gkatzimas | Subject to Motion in *Limine*; Subject to voir dire / FRE 702 objection |
| **FTX-10** | D.I. 7090 | *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* | |
| **FTX-11** | N/A | January 31, 2024 Hearing Transcript | |
| **FTX-12** | N/A | Sabrina T. Howell, Marina Niessner and David Yermack, *Initial Coin Offerings: Financing Growth with Cryptocurrency Token Sales*, 33 REV. FIN. STUDIES 3925 (2020) | Hearsay subject to FRE 803(18) |
| **FTX-13** | N/A | Albert S. Kyle and Anna A. Obizhaeva, *Market Microstructure Invariance: Empirical Hypotheses* 84 ECONOMETRICA 1345 (2016) | Hearsay subject to FRE 803(18) |
| **FTX-14** | N/A | Matthew Hougan, Hong Kim, Micah Lerner, *Economic and Non-Economic Trading in Bitcoin: Exploring the Real Spot Market for the World's First Digital Commodity*, BITWISE ASSET MANAGEMENT (May 24, 2019) | Hearsay subject to FRE 803(18) |
| **FTX-15** | N/A | Brauneis, et al., *How to Measure the Liquidity of Cryptocurrency Markets?*, 124 J. BANKING & FIN. 106041 (2021) | Hearsay subject to FRE 803(18) |
| **FTX-16** | N//A | Albert S. Kyle and Anna A. Obizhaeva, *Large Bets and Stock Market Crashes*, 27 REV. FIN 2163 (2023) | Hearsay subject to FRE 803(18) |

## <u>EXHIBIT G</u>

## Maps Vault's Exhibit List

| Number | Docket Ref. | Description | Objection (If Any) |
|--------|-------------|-------------|--------------------|
| **MAPS-1** | D.I. 8951-1 | Maps Vault Expert Report of Fotios Konstantinidis | |
| **MAPS-2** | N/A | FTX Customer Proof of Claim (3265-70-JLAYG-671353347) filed by Maps Vault Limited | Not admitted for the truth of the matter asserted |
| **MAPS-3** | D.I. 3643 | Transfer of Claim Other than for Security for Claim Numbers 4905, 4914, 4952 and 78518 | Not admitted for the truth of the matter asserted |
| **MAPS-4** | N/A | Claim Assignment Agreement dated November 2, 2023 between Oxygen Vault Limited and Maps Vault Limited | Not admitted for the truth of the matter asserted |
| **MAPS-5** | N/A | FTX Customer Proof of Claim (3265-70-CYMNS-491255818) filed by Oxygen Vault Limited, as assigned to Maps Vault Limited | Not admitted for the truth of the matter asserted |
| **MAPS-6** | N/A | Julia Smith, *"Sam Coins" Rally Ahead of Potential March Trial, FTX Reboot*, Cryptonews (Nov. 10, 2023, 4:58PM), https://cryptonews.com/news/sam-coins-rally-ahead-of-potential-march-trial-ftx-reboot.htm | Hearsay subject to FRE 803(18) |
| **MAPS-7** | N/A | Matthew Hougan, Hong Kim, Satyajeet Pal, *Price Discovery In The Modern Bitcoin Market: Examining Lead-Lag Relationships Between The Bitcoin Spot And Bitcoin Futures Market*, BITWISE ASSET MANAGEMENT (June 11, 2021) | Hearsay subject to FRE 803(18) |
| **MAPS-8** | N/A | Ryan Rasmussen, Ricky McRoskey, Matt Hougan, *Crypto Use Cases: 12 Real World Stores of How Millions of People Are Using Crypto Services Today*, BITWISE ASSET MANAGEMENT (April 2023) | Hearsay subject to FRE 803(18) |
| **MAPS-9** | N/A | Fotios Konstantinidis, Curriculum Vitae [2024] | |
| **MAPS-10** | D.I. 8951-7 | John J. Stockdale, *A Test of DLOM Computational Models*, Business Valuation Review 27, 131-3727 (2008) | Hearsay subject to FRE 803(18) |
| **MAPS-11** | D.I. 8951-8 | Aaron M. Rotkowski et al., *Current Controversies Regarding Option Pricing Models*, Taxation Planning & Compliance Insights, Autumn 2013 | Hearsay subject to FRE 803(18) |
| **MAPS-12** | D.I. 8951-9 | Ashok Abbott, *Discount for Lack of Liquidity: Understanding and Interpreting Option Models*, Business Valuation Review, October 2009 | Hearsay subject to FRE 803(18) |
| **MAPS-13** | N/A | Stillian Ghaidarov, *Analysis and Critique of the Average Strike Put Option Marketability Discount Model*, Grant Thornton LLP Valuation Services Group, September 2009 (working paper). | Hearsay subject to FRE 803(18) |
| **MAPS-14** | N/A | John Stockdale, Sr., *BVR's Guide to Discounts for Lack of Marketability* 198 (5th Ed.) | Hearsay subject to FRE 803(18) |
| **MAPS-15** | N/A | Sabrina T. Howell, Topics in Entrepreneurial Finance, Spring 2016 Syllabus | FRE 901 |

| Number | Docket Ref. | Description | Objection (If Any) |
|--------|-------------|-------------|--------------------|
| **MAPS-16** | N/A | Sabrina T. Howell, Applications in Entrepreneurial Finance: Fintech, 2023 Syllabus | FRE 901 |
| **MAPS-17** | N/A | Blockage Discount, Corporate Finance Institute, available at https://corporatefinanceinstitute.com/resources/equities/blockage-discount/ | Hearsay subject to FRE 803(18) |
| **MAPS-18** | D.I. 8951-10 | *Estate of Gimbel v. Commissioner,* No. 21250-04, T.C. Memo. 2006-270 (Dec. 19, 2006) | Not admitted for the truth of the matter asserted |
| **MAPS-19** | D.I. 8951-11 | Charles A. Wilhoite & Aaron M. Rotkowski, *Fair Market Value and Blockage Discounts: When the Market Doesn't Give You the Answer*, Valuation Analysis Insights (2014) | Hearsay subject to FRE 803(18) |

## EXHIBIT H

## Maps and Oxy Foundations' Exhibit List

| Number | Docket Ref. | Description | Objection (If Any) |
|---|---|---|---|
| **OXY-1** | D.I. 8949-1 | Maps and Oxy Foundations Expert Report of Fotios Konstantinidis | |
| **OXY-2** | D.I. 24 | *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* | |
| **OXY-3** | N/A | *Declaration of Brian Cecil Simms KC in Support of Petition for Recognition Under Chapter 15 of the Bankruptcy Code, Case No. 22-11516-MEW (Bankr. S.D.N.Y. 2022)* [Adv. D.I. 2] | Hearsay |
| **OXY-4** | N/A | *Debtors' Responses and Objections to Fondation Serendipity, Fondation Elements, Serendipity Network Ltd and Liquidity Network Ltd's (I) First Set of Interrogatories and (II) First Set of Requests for the Production of Documents* | Not admitted for the truth of the matter asserted |
| **OXY-5** | N/A | *Ad Hoc Committee of Non-US Customers of FTX.com v. FTX Trading, Ltd, 1:22-cv-50514-JTD (Bankr. D. Del. 2022)* [Adv. D.I. 1] | Not admitted for the truth of the matter asserted |
| **OXY-6** | N/A | *Emergency Motion for Provisional Relief Pursuant to 11 U.S.C. § 105(A), 1519, and 1521, Case No. 22-11516-MEW (Bankr. S.D.N.Y. 2022)* [Adv.D.I. 7] | Not admitted for the truth of the matter asserted |
| **OXY-7** | N/A | Fondation Elements v. Cottonwood Grove Ltd Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-FQHHJ-048187988) | Not admitted for the truth of the matter asserted |
| **OXY-8** | N/A | Fondation Elements v. Alameda Research Ltd Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-ROQAK-305825557) | Not admitted for the truth of the matter asserted |
| **OXY-9** | N/A | Fondation Elements v. FTX Trading Ltd. Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-DSEMQ-129020720) | Not admitted for the truth of the matter asserted |
| **OXY-10** | N/A | Fondation Elements v. FTX Trading Ltd. Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-NHLGQ-962439879) | Not admitted for the truth of the matter asserted |
| **OXY-11** | N/A | Liquidity Network Ltd. v. Cottonwood Grove Ltd Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-VXUPY-203124673) | Not admitted for the truth of the matter asserted |
| **OXY-12** | N/A | Liquidity Network Ltd. v. Alameda Research Ltd Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-WMTLA-197537181) | Not admitted for the truth of the matter asserted |
| **OXY-13** | N/A | Liquidity Network Ltd. v. FTX Trading Ltd. Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-XPQUT-420190833) | Not admitted for the truth of the matter asserted |

| Number | Docket Ref. | Description | Objection (If Any) |
|---|---|---|---|
| **OXY-14** | N/A | Fondation Serendipity v. Cottonwood Grove Ltd Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-TYMIP-946137466) | Not admitted for the truth of the matter asserted |
| **OXY-15** | N/A | Fondation Serendipity v. Alameda Research Ltd Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-ZQWXQ-892396016) | Not admitted for the truth of the matter asserted |
| **OXY-16** | N/A | Fondation Serendipity v. FTX Trading Ltd. Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-OPLJB-426385560) | Not admitted for the truth of the matter asserted |
| **OXY-17** | N/A | Serendipity Network Ltd v. Cottonwood Grove Ltd Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-LPVRS-821141995) | Not admitted for the truth of the matter asserted |
| **OXY-18** | N/A | Serendipity Network Ltd v. Alameda Research Ltd Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-HSTMJ-205853905) | Not admitted for the truth of the matter asserted |
| **OXY-19** | N/A | Serendipity Network Ltd v. FTX Trading Ltd Proof of Claim dated June 30, 2023 (Confirmation ID 3265-69-QVUBQ-019518533) | Not admitted for the truth of the matter asserted |
| **OXY-20** | N/A | Fondation Elements v. FTX Trading Ltd. Proof of Claim dated September 28, 2023 (Confirmation ID 3265-70-PSMGP-337168947) | Not admitted for the truth of the matter asserted |
| **OXY-21** | N/A | Liquidity Network Ltd. v. FTX Trading Ltd. Proof of Claim dated September 28, 2023 (Confirmation ID 3265-70-MLUSW-172389988) | Not admitted for the truth of the matter asserted |
| **OXY-22** | N/A | Fondation Serendipity v. FTX Trading Ltd. Proof of Claim dated September 28, 2023 (Confirmation ID 3265-70-VQKQU-629167256) | Not admitted for the truth of the matter asserted |
| **OXY-23** | N/A | Serendipity Network Ltd. v. FTX Trading Ltd. Proof of Claim dated September 28, 2023 (Confirmation ID 3265-70-YJVDJ-428534224) | Not admitted for the truth of the matter asserted |
| **OXY-24** | D.I. 3648 | *Transfer of Claim Other Than for Security* filed on November 2, 2023 | Not admitted for the truth of the matter asserted |
| **OXY-25** | D.I. 7519 | *Transfer of Claim Other Than for Security* filed on February 16, 2024 | Not admitted for the truth of the matter asserted |
| **OXY-26** | N/A | David B. Chaffe, *Option Pricing as a Proxy for Discount for Lack of Marketability in Private Company Valuations*, BUS. VALUATION REV. (December 1993) | Hearsay subject to FRE 803(18) |
| **OXY-27** | N/A | Fischer Black & Myron Scholes, *The Pricing of Options and Corporate Liabilities*, 81 J. POL. ECON. 637 (1973) | Hearsay subject to FRE 803(18) |
| **OXY-28** | N/A | Robert C. Merton, *Theory of Rational Option Pricing*, 4 BELL J. ECON. AND MGMT. SCI. 141 (1973) | Hearsay subject to FRE 803(18) |
| **OXY-29** | N/A | Stillian Ghaidarov, *Analysis and Critique of the Average Strike Put Option Marketability Discount Model*, Working Paper (2009) | Hearsay subject to FRE 803(18) |
| **OXY-30** | N/A | Lin William Cong et al., *Crypto Wash Trading*, Management Science, Vol. 69, No. 11 (2023) | Hearsay subject to FRE 803(18) |

| Number | Docket Ref. | Description | Objection (If Any) |
|---|---|---|---|
| **OXY-31** | N/A | John D. Finnerty, *An Average-Strike Put Option Model of the Marketability Discount*, 19 J. DERIVATIVES 53 (2012) | Hearsay subject to FRE 803(18) |
| **OXY-32** | N/A | Matthew Hougan, Hong Kim, and Satyajeet Pal, *Price Discovery In The Modern Bitcoin Market: Examining Lead-Lag Relationships Between The Bitcoin Spot And Bitcoin Futures Market*, BITWISE ASSET MANAGEMENT (June 11, 2021), https://www.sec.gov/files/rules/sro/nysearca/2021/34-93445-ex3a.pdf | Hearsay subject to FRE 803(18) |
| **OXY-33** | N/A | Ryan Rasmussen, Rickey McRoskey, and Matt Hougan, *Crypto Use Cases: 12 Real World Stories of How Millions of People Are Using Crypto Services Today*, BITWISE (Apr. 4, 2023), https://bitwiseinvestments.com/crypto-market-insights/crypto-use-cases-12-real-world-stories | Hearsay subject to FRE 803(18) |
| **OXY-34** | N/A | John Stockdale Sr., *BVR's Guide to Discounts for Lack of Marketability*, Fifth Edition, Vol. 1, Ch. 9 (August 2013), https://www.bvresources.com/products/bvr-guide-to-discounts-for-lack-of-marketability-fifth-edition | Hearsay subject to FRE 803(18) |
| **OXY-35** | N/A | Julia Smith, *Sam Coins Rally Ahead of Potential March Trial, FTX Reboot*, CRYPTONEWS (Nov. 10, 2023), https://cryptonews.com/news/sam-coins-rally-ahead-of-potential-march-trial-ftx-reboot.htm | Hearsay subject to FRE 803(18) |
| **OXY-36** | N/A | *Maps: White Paper*, MAPS.ME (Jan. 2021), https://maps.me/token/MAPS.pdf | FRE 901 |
| **OXY-37** | N/A | *Oxygen: The Prime Brokerage Protocol,* White Paper (Dec. 2020), https://oxygen.org/Oxygen.pdf | FRE 901 |
| **OXY-38** | N/A | *On Data and Certainty*, COINMETRICS (Jan. 30, 2018), https://coinmetrics.io/on-data-and-certainty/ | |
| **OXY-39** | N/A | John J. Stockdale, *A Test of DLOM Computational Models*, 27 BUS. VALUATION REV. 131 (2008) | Hearsay subject to FRE 803(18) |
| **OXY-40** | N/A | Aaron M. Rotkowski et al., *Current Controversies Regarding Option Pricing Models*, Taxation Planning & Compliance Insights, Autumn 2013 | Hearsay subject to FRE 803(18) |
| **OXY-41** | N/A | Ashok Abbott, *Discount for Lack of Liquidity: Understanding and Interpreting Option Models*, 28 BUS. VALUATION REV. 144 (2009) | Hearsay subject to FRE 803(18) |
| **OXY-42** | N/A | Alexander Saeedy and Alexander Osipovich, *New FTX Chief Says Crypto Exchange Could Restart*, WALL ST. J. (Jan. 19, 2023), https://www.wsj.com/articles/new-ftx-chief-says-cryptoexchange-could-restart-11674143168 | Hearsay subject to FRE 803(18) |
| **OXY-43** | N/A | Dietrich Knauth, *Bankruptcy crypto exchange FTX has recovered $7.3 billion in assets*, REUTERS (Apr. 12, 2023) https://www.reuters.com/technology/bankrupt-crypto- | Hearsay subject to FRE 803(18) |

| Number | Docket Ref. | Description | Objection (If Any) |
|--------|-------------|-------------|--------------------|
| | | exchange-ftx-hasrecovered-73-bln-assets-attorney-2023-04-12/ | |
| **OXY-44** | N/A | Muyao Shen and Olga Kharif, *FTX Token Jumps After New CEO Says Exchange Could Restart*, BLOOMBERG (Jan. 19, 2023), https://www.bnnbloomberg.ca/ftx-token-jumps-after-new-ceo-says-exchange-could-restart-1.1872316 | Hearsay subject to FRE 803(18) |
| **OXY-45** | N/A | *1.3 Key concepts in ASC 820*, PWC (Mar. 31, 2022), https://viewpoint.pwc.com/dt/us/en/pwc/accounting_guides/fair_value_measureme/fair_value_measureme__9_US/chapter_1_introducti__1_US/15_key_concepts_in_a_US.html | Hearsay subject to FRE 803(18) |
| **OXY-46** | N/A | Zheping Huang, *Crypto Data Tracker Wants to Fight Fake Trading Volume (Correct)*, BLOOMBERG (Nov. 13, 2019) | Hearsay subject to FRE 803(18) |
| **OXY-47** | N/A | Oluwapelumi Adejumo, *Celsius sold off $250 million in ETH and other assets in 30 days*, CRYPTOSLATE (Dec. 20, 2023), https://cryptoslate.com/celsius-sold-off-250-million-in-eth-and-other-assets-in-30-days/ | Hearsay subject to FRE 803(18) |
| **OXY-48** | N/A | *Price (Market Pair, Cryptoasset)*, COINMARKETCAP, https://support.coinmarketcap.com/hc/en-us/articles/360043395752-Price-Market-Pair-Cryptoasset | FRE 901 |
| **OXY-49** | N/A | *Confidence Indicator (Market Pair)*, COINMARKETCAP, https://support.coinmarketcap.com/hc/en-us/articles/360044481772-Confidence-Indicator-Market-Pair | FRE 901 |
| **OXY-50** | N/A | *Data Accountability & Transparency Alliance*, COINMARKETCAP, https://coinmarketcap.com/data-transparency-alliance/ | FRE 901 |
| **OXY-51** | N/A | Gerald Chee, *A Dive Into Wash Trading*, COINMARKETCAP, https://coinmarketcap.com/academy/article/a-dive-into-wash-trading | FRE 901 |
| **OXY-52** | N/A | Helen Partz, *CoinMarketCap to Remove Exchanges From Calculations If They Don't Provide Mandatory Data*, COINTELEGRAPH (May 1, 2019), https://cointelegraph.com/news/coinmarketcap-to-remove-exchanges-from-calculations-if-they-dont-provide-mandatory-data | Hearsay subject to FRE 803(18) |
| **OXY-53** | N/A | *Volume (Market Pair, Cryptoasset, Exchange, Aggregate)*, COINMARKETCAP, https://support.coinmarketcap.com/hc/en- | FRE 901 |

| Number | Docket Ref. | Description | Objection (If Any) |
|--------|-------------|-------------|--------------------|
|        |             | us/articles/360043395912-Volume-Market-Pair-Cryptoasset-Exchange-Aggregate | |
| **OXY-54** | N/A | Francis A. Longstaff, *How Much Can Marketability Affect Security Values?*, 50 J. FIN. 1767 (1995) | Hearsay subject to FRE 803(18) |
| **OXY-55** | N/A | John A. Rice, *Mathematical Statistics and Data Analysis*, University of California, Berkeley (3d ed. 2007) | Hearsay subject to FRE 803(18) |
| **OXY-56** | N/A | John D. Finnerty, *The Impact of Transfer Restrictions on Stock Prices* (Oct. 2002) | Hearsay subject to FRE 803(18) |
| **OXY-57** | N/A | *Top Cryptocurrency Spot Exchanges*, COINMARKETCAP, https://coinmarketcap.com/rankings/exchanges/ | FRE 901 |
| **OXY-58** | N/A | David Canellis, *Voyager's $500M Crypto Liquidation Is Almost Complete*, BLOCKWORKS (Mar. 16, 2023), https://blockworks.co/news/voyager-crypto-liquidation-almost-complete | Hearsay subject to FRE 803(18) |
| **OXY-59** | N/A | Rhodilee Jean Dolor, *Voyager Liquidates 1,396,159,318,339 Shiba Inu (SHIB) on Coinbase As Bankruptcy Process Continues: On-Chain Data*, THE DAILY HODL (Aug. 17, 2023), https://dailyhodl.com/2023/08/17/voyager-liquidates-1396159318339-shiba-inu-shib-on-coinbase-as-bankruptcy-process-continues-on-chain-data/ | Hearsay subject to FRE 803(18) |

### <u>EXHIBIT I</u>

### TMSI's Exhibit List

| Number | Docket Ref. | Description | Objection (If Any) |
|--------|-------------|-------------|--------------------|
| **TMSI-1** | D.I. 8923-1 | *Declaration of Ioannis Gkatzimas on Behalf of TMSI SEZC Ltd.* | |