# **EXHIBIT A**

# **Maps Motion in Limine**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**ARGUMENT IN SUPPORT OF MAPS VAULT LIMITED'S MOTION
*IN LIMINE* TO EXCLUDE CERTAIN UNTIMELY
AND IMPROPER REBUTTAL EXPERT TESTIMONY**

Maps Vault Limited ("Maps Vault"), by and through its undersigned counsel, respectfully submits the following argument in support of its Motion *in Limine* to Exclude Certain Untimely and Improper Rebuttal Expert Testimony. As discussed herein, the *Rebuttal Expert Report of Sabrina T. Howell* (the "Howell Rebuttal Report") includes certain untimely and improper expert opinions regarding the fundamental value of OXY, MAPS, and SRM tokens, including arguments based on the alleged association with FTX and Mr. Bankman-Fried. As these opinions were not included in Prof. Howell's earlier reports and go beyond the allowed scope of a rebuttal expert report, the relevant portions of the Howell Rebuttal Report (and any related testimony) should be excluded at any hearing on the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "Estimation Motion").[2][3]

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise used herein have the meanings set forth in the Estimation Motion.

[3] For the avoidance of doubt, Maps Vault intends to object to the inclusion of Prof. Howell's testimony (including, but not limited to all opinions expressed in the Howell Report, Supplemental Howell Report, and Howell Rebuttal Report) due to her lack of proper qualifications and use of proper methodologies. Maps Vault expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the Estimation Motion or any other issue in the Chapter 11 Cases, including as to the claims asserted in its proofs of claim, as well as the right to supplement, modify, and amend its motion *in limine*, and to raise additional objections in writing or orally at the hearing on the Estimation Motion.

**ARGUMENT**

1.  Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts consider the *Pennypack* factors when deciding whether to strike improper rebuttal reports:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Lavell v. Camden Cnty. Coll.*, 2023 U.S. Dist. LEXIS 106048, at *17 (D.N.J. June 20, 2023) (citing *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d. Cir. 2000)).

2.  Applying the *Pennypack* factors, and to avoid undue prejudice to Maps Vault, the Debtors should be precluded from referencing any evidence regarding (i) the fundamental value of OXY, MAPS, and SRM tokens, and (ii) the alleged association with FTX and Mr. Bankman-Fried, because such evidence constitutes improper rebuttal evidence. The Howell Rebuttal Report improperly offers new opinions that neither contradict nor rebut Mr. Konstantinidis's opinions, are based entirely on innuendo, and were not included in the Howell Report or the Supplemental Howell Report.

3.  Mr. Konstantinidis analyzes the value of MAPS, OXY, and SRM tokens at the Petition Date and Time; *however*, Prof. Howell improperly asserts a new opinion that MAPS, OXY, and SRM tokens have some (unspecified) lower value because of their association with FTX and Mr. Bankman-Fried, the so-called "Sam Coins" argument. Yet the alleged connection to FTX and Mr. Bankman-Fried is not part of Prof. Howell's "formal analysis," the "asset liquidation discount," or the discount for lack of marketability. (Howell Dep. at 92:21-92:25, 169:1-169:16.)

4. The Howell Rebuttal Report also opines that OXY and SRM tokens have negligible fundamental value. (Howell Rebuttal Report ¶¶ 14, 21.) Yet Prof. Howell has not done a "formal analysis" of the fundamental value of either token and cannot provide the specific fundamental value of either token (although she believes they are not fundamentally valueless). (Howell Dep. at 13:5-13:14, 92:3-92:11, 169:17-170:6, 204:11-205:2.) Prof. Howell also conceded that this opinion was based on *postpetition* events (i.e., events that could not possibly implicate value as of the Petition Date). (*Id.* at 102:19-103:21.) In other words, this "opinion" too is not based on any formal analysis but was included solely to impugn the value of MAPS, OXY, and SRM tokens.

5. The *Pennypack* factors require that these new opinions be excluded. Maps Vault was not afforded an opportunity to prepare a sur-rebuttal to address the new opinions, and it would be unfairly prejudiced (and unable to cure the prejudice) by the admission of these improper expert opinions. *See Lavell*, 2023 U.S. Dist. LEXIS 106048, at *18 (finding prejudice where the defendant had no opportunity to refute data provided in a rebuttal report that "improperly present[ed] new data, methodology and conclusions"); *Bradley v. Amazon.com, Inc.*, 2023 U.S. Dist. LEXIS 46056, at *39 (E.D. Pa. Mar. 17, 2023) (finding prejudice could not be cured where, unlike in *Lovell*, expert discovery had closed and the case was already set for trial).

6. Moreover, Prof. Howell could have, but did not, raise these opinions in either the Howell Report or the Supplemental Howell Report. These new arguments do not respond to anything in the Konstantinidis Report, which does not address the fundamental value of any of the tokens or their connection to FTX or Mr. Bankman-Fried. *See* Fed. R. Civ. P.26 (a)(2)(D)(iii); *Nat'l Med. Imaging v. U.S. Bank N.A.*, 2019 U.S. Dist. LEXIS 232918, at *5-6 (E.D. Pa. Jan. 31, 2019) (noting that although courts have broad discretion in determining admissibility of rebuttal

3

evidence, such evidence must be offered to "directly contradict or rebut the opposing party's expert") (cleaned up); *Bradley*, 2023 U.S. Dist. LEXIS 46056, at *11-12 (similar).

7. Finally, these improper opinions do not affect or alter the opinions set forth by Prof. Howell in the Howell Report. Prof. Howell has no basis for discounting assets based on their alleged connection to a convicted criminal. (Howell Dep. at 94:4-94:22.) Indeed, taking FTX and Mr. Bankman-Fried out of the case would not affect her "asset liquidation discount" at all. (*Id.* at 95:21-95:25.) It is apparent that these statements were not included as part of any relevant, well-founded opinion or related in any way to Prof. Howell's discount analysis. As such, inclusion of this evidence is not "important" enough to warrant "disrupt[ing] the orderly and efficient litigation process" this close to the hearing date. *See Bradley*, 2023 U.S. Dist. LEXIS 46056, at *39-40 (cleaned up). Rather, the admission of these opinions will likely disrupt the hearing on the Estimation Motion.

8. The *Pennypack* factors weigh in favor of excluding the untimely and improper expert opinions regarding (i) the fundamental value of OXY, MAPS, and SRM tokens, (ii) the arguments based on the alleged association with FTX and Mr. Bankman-Fried, and (iii) any testimony related to those opinions.

## CONCLUSION

9. For the foregoing reasons, Maps Vault respectfully submits that its motion *in limine* should be granted and the untimely and improper opinions in the Howell Rebuttal Report should be excluded at the March 20, 2024, evidentiary hearing on the Estimation Motion.

[*Remainder of page intentionally left blank*]

4

| | |
|---|---|
| Dated:  March 13, 2024<br>Wilmington, Delaware | **DLA PIPER LLP (US)**<br><br>/s/ *Aaron S. Appelbaum*<br>Aaron S. Applebaum, Esq. (DE #5587)<br>1201 N. Market Street, Suite 2100<br>Wilmington, DE 19801<br>Telephone: (302) 468-5700<br>Email: aaron.applebaum@us.dlapiper.com<br><br>-and-<br><br>Dennis C. O'Donnell (*admitted pro hac vice*)<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 335-4500<br>Email: dennis.odonnell@us.dlapiper.com<br><br>-and-<br><br>Jeffrey S. Torosian (*admitted pro hac vice*)<br>Joseph A. Roselius (*admitted pro hac vice*)<br>444 W. Lake Street, Suite 900<br>Chicago, IL 60606<br>Telephone: (312) 368-4000<br>Email: jeffrey.torosian@dlapiper.com<br>Email: joseph.roselius@us.dlapiper.com<br>*Counsel for Maps Vault Limited* |