# EXHIBIT C

# TMSI Motion in Limine

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Related to Docket Nos. 5202, 5203, 5626, and 8923. |

**ARGUMENT IN SUPPORT OF**
**TMSI SEZC LTD.'S MOTION *IN LIMINE* TO**
**EXCLUDE CERTAIN IMPROPER REBUTTAL EXPERT TESTIMONY**

TMSI SEZC Ltd. ("TMSI"), through its undersigned counsel, respectfully submits the following argument in support of its Motion *in Limine* to Exclude Certain Improper Rebuttal Expert Testimony. As discussed herein, the *Rebuttal Expert Report of Sabrina T. Howell in Response to Ioannis Gkatzimas* (the "Howell Rebuttal Report") includes certain improper so-called expert opinions regarding (i) whether SRM customers deserve to bear the risk of any shortfall of selling SRM and (ii) futures markets. Howell's statements regarding whether SRM customers deserve to bear the risk of any shortfall are not expert opinions to begin with, and Howell is unqualified to opine on futures markets. As a result, the relevant portions of the Howell Rebuttal Report (and any related testimony) should be excluded at the hearing on the *Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 5202] (the "Estimation Motion").

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

**Argument**

1.  The inclusion of expert testimony is subject to Federal Rule of Evidence 702, which imposes three substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit. *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000). The party offering the expert bears the burden of showing that each standard of admissibility is met. *360Heros, Inc. v. GoPro, Inc.*, 569 F. Supp. 3d 198, 202 (D. Del. 2021).

2.  An expert is "qualified" if they "possess specialized expertise." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.2d 396, 404 (3d Cir. 2003). "Rule 702 mandates that the relevant expert testimony must be supported by appropriate validation—i.e., good grounds, based on what is known." *360Heros, Inc.*, 569 F. Supp. at 201 (internal citation omitted). "Such testimony should amount to 'more than subjective belief or unsupported speculation[]' and a court's focus in examining this factor must be on 'principles and methodology' rather than on the expert's conclusions." *Id.* at 201 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590, 595 (1993)).

3.  Applying Rule 702, the Debtors should be precluded from referencing any of Howell's statements or testimony regarding whether SRM customers ought to bear the risk of any shortfall in the proceeds from selling the Debtors' holdings and whether the volume in the SRM perpetual futures markets is properly an input in the application of the KO Model.

4.  Howell's opinions on who is more deserving of bearing the risk of any shortfall are not expert opinions in the first instance. Her conjectures are supported by nothing more than her subjective views based on uninformed and speculative opinions of the fundamental value of SRM. These bare conclusions are not grounded in any reasoned or analytical approach and, as Howell acknowledges, are based on publicly available information that was incorporated into the Petition

Time price of SRM. Further, her unsupported, subjective views on risk allocation have nothing to do with the KO Model she employs to render her opinion on the appropriate "asset liquidation discount" for SRM and are not responsive to anything included in the Declaration of Ioannis Gkatzimas to which she is responding.

5. Howell is unqualified under Rule 702 to opine on the relevance of futures markets generally, and perpetual futures markets especially, in liquidating spot positions. Howell lacks the relevant practical and academic experience and training in that area of expertise and, as both she and the Debtors' counsel conceded during her deposition, she has no expertise with the futures liquidation trading strategies.

6. Even if Howell is qualified with respect to futures markets, which she is not, Howell's statements on futures markets are nothing more than threadbare conclusions masquerading as an expert opinion. Howell did not conduct any analysis on whether to include futures markets, making her statements not grounded or the result of good process. As a result, Howell's statements on futures markets are unreliable and not helpful to the trier of fact.

## Conclusion

For the foregoing reasons, TMSI respectfully submits that its motion *in limine* should be granted and the improper "opinions" in the Howell Rebuttal Report should be excluded at the March 20, 2024 evidentiary hearing on the Estimation Motion.

Dated: March 18, 2024

By: <u>/s/ Mark Minuti</u>

**SAUL EWING LLP**
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899

Telephone: (302) 421-6800
Fax: (302) 421-6813
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
Peter A. Siddiqui (admitted *pro hac vice*)
Elliott Bacon (admitted *pro hac vice*)
Ethan D. Trotz (admitted *pro hac vice*)
525 W. Monroe Street
Chicago, Illinois 60661
Telephone: (312) 902-5200
peter.siddiqui@katten.com
elliott.bacon@katten.com
ethan.trotz@katten.com

*Attorneys for TMSI SEZC Ltd.*