## EXHIBIT D

**Debtors' Objection to Maps Motion in Limine and Maps and Oxy Foundations Joinder**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE DEBTORS TO MAPS VAULT LIMITED'S**
**MOTION *IN LIMINE* TO EXCLUDE CERTAIN TESTIMONY**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this objection to Maps Vault Limited's ("Maps") *Motion* in Limine *to Exclude Certain Untimely and Improper Rebuttal Expert Testimony* (the "Motion in Limine").[2] Maps argues that certain opinions expressed in the *Rebuttal Expert Report of Sabrina T. Howell* (the "Howell Rebuttal Report") and any related testimony should be excluded at any hearing on the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "Estimation Motion").[3] Because the relevant opinions in the Howell Rebuttal Report properly rebut statements made by Maps' proposed expert in the *Expert Report of Fotios Konstantinidis* (the "Konstantinidis Report"), the Motion in Limine should be denied.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Fondation Serendipity, Fondation Elements, Serendipity Network LTD. and Liquidity Network Ltd have submitted a joinder to the Motion in Limine.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Estimation Motion or *Debtors' Omnibus Supplemental Reply in Support of Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 9566], as applicable.

## ARGUMENT

1.       To be clear, Professor Howell's analysis and conclusions do not require the opinions that are the subject of the Motion in Limine.  The discounts calculated by Professor Howell do not turn on these opinions, and the value determined for the MAPS, OXY, and SRM tokens presented in the Digital Assets Conversion Table are correct.  However, Professor Howell's opinions regarding (i) the ties between the Debtors, Mr. Bankman-Fried and the MAPS, OXY, and SRM token projects, and (ii) the fundamental value of MAPS, OXY, and SRM, are proper rebuttal evidence.

2.       "In general, rebuttal evidence is admissible where it will explain, repel, counteract or disprove the evidence of the adverse party.  Courts have consequently allowed expert rebuttal reports that cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Nat'l Med. Imaging* v. *U.S. Bank N.A*., 2019 WL 9809616, *2 (E.D. Pa. Jan. 31, 2019); *see also Withrow* v. *Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013) (rebuttal reports "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert").

3.       Contrary to Maps' assertions, Professor Howell offered these opinions to rebut contradictory statements made by Mr. Konstantinidis.  The Konstantinidis Report characterizes the tokens as being valuable cryptocurrencies functioning in robust ecosystems. Specifically, he states that the Maps.me platform is "a popular offline mapping and travel-booking app with 140 million users worldwide" and that "MAPS is a utility token specifically designed for use with the Maps.me ecosystem.  Its value is derived from its potential to unlock various benefits and functionalities." (Konstantinidis Maps Rep. ¶ 17.)  With respect to OXY, Mr. Konstantinidis opines that "OXY is a cryptocurrency token . . . designed for use within the Oxygen Protocol ecosystem" and that "its value is derived from its role in accessing platform features, governance

participation and earning rewards." (*Id.* ¶ 18.)  Regarding SRM, Mr. Konstantinidis offers that "SRM was launched by the Serum Foundation, a non-profit organization established by Alameda Research and FTX" and that it is "an integral part of the Serum DEX ecosystem, powering its operations, incentivizing participation and enabling governance." (*Id.* ¶ 19.)

4.      These statements introduce the opinion that the value of MAPS, OXY and SRM are tied to the functionality of the underlying ecosystem and specifically reference SRM's connection with certain of the Debtors and Mr. Sam Bankman-Fried.  In response, Professor Howell offered proper rebuttal evidence that (i) to the extent the value of these tokens *is* derived from the underlying ecosystem, as Mr. Konstantinidis opines, certain of those ecosystems are or may be defunct, and (ii) MAPS and OXY also have prepetition ties to the Debtors and Mr. Bankman-Fried.  Mr. Konstantinidis references some of those connections with respect to SRM, but not with respect to MAPS and OXY, thus creating the implication that no such ties exist. Professor Howell properly rebutted this suggestion with contradictory evidence.  Oxy builds further on Mr. Konstantinidis' opinion in their objection with unsupported disclaimers regarding the connections between the Debtors and the underlying applications. (Oxy Obj. ¶ 2.) The Motion in Limine should therefore be denied because Professor Howell's opinions "explain, repel, counteract or disprove the evidence of the adverse party," and are permissible.  *Nat'l Med. Imaging*, 2019 WL 9809616, at *2.

5.      To the extent the Court disagrees that Professor Howell's opinions are proper rebuttal, the Debtors submit that the Motion in Limine should be denied in any event.  It is well established that the determination of whether to exclude evidence is committed to the Court's discretion.  *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994).  The Third Circuit has noted that the "[e]xclusion of critical evidence is an extreme sanction, not normally to be

imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Id*. at 791-92. "[I]t should not be imposed where an untimely or improper expert disclosure amounts to only a 'slight deviation from pre-trial notice requirements' or occasions only 'slight prejudice' to the movant." *Withrow*, 967 F. Supp. 2d at 1000 (quoting *Paoli*, 35 F.3d at 792). Indeed, "courts tend to err on the side of admitting expert testimony." *Id*. at 1001.

6.    Maps cannot demonstrate that the *Pennypack* factors for exclusion are met here. The Third Circuit has set out five factors that trial courts may consider in determining whether exclusion of evidence or a witness is appropriate:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified or the excluded evidence would have been offered; (2) the ability of that party to cure the prejudice; (3) the extent to which allowing such witnesses or evidence would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) any bad faith or willfulness in failing to comply with the court's order; and (5) the importance of the excluded evidence.

*Bradley* v. *Amazon.com, Inc*., 2023 WL 2574572, *6 (E.D. Pa. Mar. 17, 2023) (quoting *ZF Meritor, LLC* v. *Eaton Corp*., 696 F.3d 254, 298 (3d Cir. 2012). The Debtors served the Howell Rebuttal Report on February 9, 2024—prior to Maps' deadline to submit supplemental discovery requests to the Debtors, over two weeks prior to the deposition of Professor Howell, and over one month prior to the hearing on the Estimation Motion. Maps cannot reasonably claim that they are "surprised" or "prejudiced" by any opinion contained therein. *See, e.g., Nat'l Med. Imaging*, 2019 WL 9809616, at *2 (finding exclusion unwarranted where rebuttal was provided ten days prior to expert's deposition because of the "lack of prejudice to Defendants and the lack of any disruption to the orderly and efficient progression of this case").

7.    Professor Howell's initial report was also in respect of over 1,300 Digital Assets. (*See* D.I. 5203.) It would have been impossible to go into detail regarding the background,

utility and other considerations with respect to each of the Digital Assets at issue.  The Howell

Rebuttal Report, however, only addresses three tokens, and none of it should be excluded.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court deny the Motion in Limine, and that the Howell Rebuttal Report and related

testimony be admitted in their entirety at the March 20, 2024 evidentiary hearing on the Estimation

Motion.

Dated:  March 18, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*