# EXHIBIT E

**Debtors' Objection to TMSI Motion in Limine**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

**OBJECTION OF THE DEBTORS TO TMSI SEZC LTD.'S
MOTION *IN LIMINE* TO EXCLUDE CERTAIN TESTIMONY**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this objection to TMSI SEZC Ltd.'s ("TMSI") *Motion* in Limine *to Exclude Certain Improper Rebuttal Expert Testimony* (the "Motion in Limine"). TMSI argues that certain opinions expressed in the *Rebuttal Expert Report of Sabrina T. Howell in Response to Ioannis Gkatzimas* (the "Rebuttal Report") and any related testimony should be excluded at any hearing on the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "Estimation Motion").[2] Professor Howell is qualified to provide the opinions TMSI seeks to exclude, and the Motion in Limine should be denied.

**ARGUMENT**

1. TMSI's Motion in Limine is easily dismissed. Professor Howell is well-qualified to opine on the issues in her Rebuttal Report. In order for expert testimony to be admissible under Federal Rule of Evidence 702, the expert must be qualified to express an expert

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Estimation Motion or the Reply (as defined below), as applicable.

opinion. *See* Fed. R. Evid. 702. The Third Circuit interprets this requirement "liberally." *Schneider* v. *Fried*, 320 F.3d 396, 404 (3d Cir. 2003). A "broad range of knowledge, skills, and training" will suffice to qualify an expert, *Pineda* v. *Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008), including "[p]ractical experience" in the industry about which the expert is testifying, *Hammond* v. *Int'l Harvester Co.*, 691 F.2d 646, 653 (3d Cir. 1982). Courts in this Circuit have repeatedly "eschewed imposing overly rigorous requirements of expertise" and have, instead, "been satisfied with more generalized qualifications." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994).

2. As set forth in greater detail in Section II.A of the *Debtors' Omnibus Supplemental Reply in Support of Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 9566] (the "Reply"), Professor Howell is an accomplished economist and is qualified to opine on the value of Digital Assets. She holds a B.A. from Yale and two advanced economics degrees from Harvard. (Reply ¶ 45.) She is an Associate Professor of Finance at NYU Stern, one of the most prestigious business schools in the country. (*Id.* ¶ 46.) She has studied and written on valuation, financial technology and cryptocurrency, and holds multiple associate editor positions at journals of financial economics. (*Id.* ¶¶ 46-47.) While she is in fact well-versed in futures markets due to these credentials, she is also not being offered specifically as an expert in futures markets.

3. Professor Howell is opining on the value of Digital Assets and the discounts she is applying in her opinions. Her opinion as to whether the perpetual futures market is appropriately considered as "trading volume" for the purpose of calculating an Asset Liquidation Discount for SRM is squarely within her expertise. She need not be an expert on "perpetual futures markets" or "futures liquidation trading strategies" in order to opine on any effect they may or may

not have on the value of Digital Assets, including in particular whether it is appropriate to include the perpetual futures market volumes in the KO model.  She is also well-qualified and permitted to opine on the nature of SRM token and on which parties should bear *economic* risk in a hypothetical liquidation scenario in direct response to positions taken by both Mr. Gkatzimas and Mr. Konstantinidis who are offering opinions designed to shift that risk to other creditors.

4.     TMSI's complaint that Professor "Howell did not conduct any analysis on whether to include futures markets" prior to opining on their relevance to the valuation model is both untrue and not grounded in law. (Motion in Limine ¶ 6.) Professor Howell's Rebuttal Report includes an in-depth discussion of why perpetual futures market volumes are not a proper input into the KO model.  Professor Howell also testified at her deposition that she considered whether to include futures markets in her analysis and ultimately decided against doing so. (Howell Dep. Tr. 141:16-142:10.)

5.     Further, Professor Howell is a *rebuttal* expert for the purposes of her Rebuttal Report.  As a rebuttal expert, Professor Howell's role is "solely to contradict or rebut evidence" offered by the opposing expert.  Fed. R. Civ. P. 26(a)(2)(D)(ii).  When acting as a rebuttal expert, Professor Howell has "no burden to produce models or methods of [her] own." *Winn-Dixie Stores, Inc*. v. *E. Mushroom Mktg. Coop*., 2021 WL 2352016, at *14 (E.D. Pa. June 9, 2021).  Accordingly, the opinions in her Rebuttal Report are proper.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court deny the Motion in Limine, and that the Rebuttal Report and related testimony be admitted in their entirety at the March 20, 2024 evidentiary hearing on the Estimation Motion.

| | |
|---|---|
| Dated: March 18, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail:  landis@lrclaw.com<br>           brown@lrclaw.com<br>           pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail:  dietdericha@sullcrom.com<br>           bromleyj@sullcrom.com<br>           gluecksteinb@sullcrom.com<br>           kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |