## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Re:  D.I. _____** |

**ORDER (I) (A) ESTABLISHING THE SCOPE, COST, DEGREE, AND DURATION OF THE EXAMINATION AND (B) GRANTING RELATED RELIEF; AND (II) PERMITTING THE FILING OF CERTAIN INFORMATION REGARDING POTENTIAL PARTIES IN INTEREST UNDER SEAL**

Upon the motion of Andrew R. Vara, United States Trustee for Region 3 ("U.S. Trustee"), for entry of an order (a) establishing the scope, cost, degree, and duration of the examination and (b) granting related relief [D.I. 8048] (the "Motion"); the Court having reviewed the Motion, and it appearing that[1] timely and sufficient notice of the Motion was given to interested parties in accordance with the Bankruptcy Code and the Bankruptcy Rules; and no other notice need be given; and it appearing that the proposed scope, cost, degree, duration of the examination is appropriate; and it appearing that the filing of certain information regarding potential parties in interest under seal is also appropriate; and upon [the hearing held on March 20, 2024/certification of counsel], and all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing thereof it is hereby ORDERED as follows:

1. The Motion is GRANTED to the extent set forth herein.

2. During the examination (the "Examination"), the examiner (the "Examiner") shall, no

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

{1368.002-W0074900.}}}}}}

later than sixty (60) days from the entry of this Order, file a report which (i) summarizes the investigations of the Debtors conducted by the Debtors, the Committee, and any third parties (including any governmental units, to the extent such information is made available to the Examiner) which are pending or have concluded (the "Investigations"), (ii) summarizes the findings or status of such Investigations, and (iii) makes recommendations for additional investigations. In the event the Examiner recommends that additional investigations would be necessary or helpful to the Court or the Debtors' estates or that additional investigations would be in the public interest, the Examiner may seek authorization through the Examiner's report or by filing an application for authority to conduct such investigations (in either case on notice to parties in interest with an opportunity for parties in interest to be heard) setting out the proposed scope, duration, degree, and cost of, and rationale for, such additional investigations.

3. In addition, the report filed at the conclusion of the Examination shall include the following:

   a. An examination of the Court's ruling on the Debtors' application to employ Sullivan & Cromwell (respectively, "S&C" and the "Employment Application"), including whether there are potential conflicts of interest involving S&C which were not adequately addressed by the Court's hearing and ruling on the Employment Application;

   b. An examination of whether the Investigations adequately addressed fraud by the Debtors' employees and whether employees involved in such fraud are still working for the Debtors; and

   c. An examination of whether the Investigations adequately addressed the Debtors' use of its cryptocurrency, FTT, to inflate the value of FTX and Alameda Research.

4. Based on the assumption that there will be no impediments to or delays in the

{1368.002-W0074900.}}}}}}

Examiner gaining access to all relevant information, the cost of the Examination shall not exceed $1,600,000 for the fees of the Examiner and professionals retained by the Examiner. This is without prejudice to the Examiner's right to seek an increase of the budget for cause shown, after notice and an opportunity for parties in interest to be heard. The fees and the expenses of the Examiner and any professionals retained by the Examiner shall be subject to 11 U.S.C. § 330.

5. The report on the Examination shall be filed no later than 60 days from the date of this Order.

6. The Debtors and the Official Committee of Unsecured Creditors (the "Committee") shall fully cooperate with the Examiner in the performance of any of the Examiner's duties and the Examination, and the Debtors and the Committee shall use their respective best efforts to coordinate with the Examiner to facilitate cooperation with and avoid unnecessary duplication of effort in the conducting of the Examination. For the avoidance of doubt, nothing in this Order shall be deemed to require any governmental unit to provide nonpublic information to the Examiner.

7. The Debtors and the Committee (collectively, the "Producing Parties") shall provide to the Examiner all non-privileged documents and information within their possession, custody or control that the Examiner deems relevant to perform the Examination. If the Examiner seeks the disclosure of documents or information as to which the Producing Parties assert a claim of privilege, or otherwise object to disclosing, including on the basis that the request is beyond the scope of the Examination, and the Examiner and the Producing Parties are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution. For the avoidance of doubt (a) nothing in this Order shall be deemed to require any party to waive any applicable privilege and (b) the disclosure of documents or information to the Examiner shall neither constitute nor be deemed a waiver by the disclosing party of, as applicable, work-product, attorney-client, or other privilege or the confidential nature of

information disclosed to the Examiner.

8.  Subject to paragraph 9 and except as required by legal process or authorized by the Court, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Examination or the Examiner's duties other than the publication of the Examiner's report through filing with the Court.  If privileged or confidential information is requested from the Examiner by a third party, whether by discovery request, subpoena or otherwise, such information shall not be disclosed except as required by applicable law or by order of a court of competent jurisdiction.  If the Examiner receives a request or demand that would require the disclosure of confidential or privileged information, the Examiner shall as soon as practicable give written notice to the Debtors and the Committee in order to provide them the opportunity to prevent such disclosure.  The Examiner shall cooperate with the Debtors and the Committee to ensure that the Examiner's report, as made public through publication by filing with the Court, will not contain confidential or privileged information, including information regarding the Debtors' operations, prospects or litigation strategies.  The Debtors, the Committee and the Examiner shall cooperate with respect to the sealing of any confidential, including privileged, information relating to the Examiner's report.  Notwithstanding the foregoing, nothing in this Order is authorizing anything in the Examiner's report to be redacted or filed under seal.  Any request to redact or seal any portion(s) of the Examiner's report shall be sought by motion on notice to all relevant parties in interest, and the rights of all parties in interest to object to any such motion are expressly reserved.

9.  The Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above) including, but not limited to, any federal, state or local government agency that may be investigating the Debtors, their management or their financial condition, and the Examiner shall use best efforts to coordinate with

{1368.002-W0074900.}}}}}}

such agencies in order to facilitate cooperation with and avoid unnecessary duplication of effort in the conducting of, any investigations conducted by such agencies.

10. The Examiner may retain counsel and other professionals if he determines that such retention is necessary to discharge his duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327. In accordance with and subject to paragraph 7, the Examiner may, in his sole discretion, avail himself of work product created by the Debtors' or the Committee's financial advisors or investment bankers in connection with the Investigations, provided, however, that, except as required by legal process or authorized by order of a court after notice and an opportunity to be heard, the Examiner shall not publicly disclose any confidential or privileged work product of the Debtors' or the Committee's financial advisors or investment bankers without the prior agreement of the Debtors or the Committee (which agreement shall not be unreasonably withheld).

11. The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to the procedures established in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435]. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330.

12. The Examiner shall have the standing of a "party in interest" with respect to the matters that are within the scope of the Examination, (the "Examination Matters") and shall be entitled to appear and be heard at hearings in these cases with respect to the Examination Matters; *provided*, *however* that the Examiner shall not have the standing or ability to prosecute any claim or cause of action absent further order of this Court.

{1368.002-W0074900.}}}}}}

13. The Examiner is permitted to file under seal the identified parts of Schedule 1 to his Verified Statement and any disclosure(s) regarding his connections with those parties in interest.

14. This Order is without prejudice to the right of any party in interest to seek relief from the Court, including modification of the scope of the Examination. This Order is also without prejudice to the Examiner's right to seek other relief as he or she may otherwise deem appropriate in furtherance of the discharge of his or her duties and the Examination.

15. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: March 20th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

{1368.002-W0074900.}}}}}}