## Exhibit 4

**Supporting Declarations**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8215** |

### DECLARATION OF BRUCE MENDELSOHN IN SUPPORT OF DEBTORS' PROPOSED SALE OF ANTHROPIC SHARES FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

I, Bruce Mendelsohn, hereby declare as follows:

1.      I am a Partner in the Advisory Group at Perella Weinberg Partners L.P. ("PWP"), a financial advisory firm that maintains an office at 767 5th Avenue, New York, New York 10153, and the Debtors' investment banker. PWP is a full-service investment banking firm providing strategic and financial advisory services, including with respect to mergers and acquisitions, capital raising and restructuring transactions across a broad range of industries. PWP and its professionals have extensive experience with respect to the reorganization and restructuring of distressed companies, both out of court and in Chapter 11 proceedings.

2.      I have been employed as a Partner of PWP since January 2016. I received a Bachelor of Arts degree in 1984 from Emory University and a Master of Business Administration in 1989 from the Wharton School at the University of Pennsylvania.

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

3.      Prior to joining Perella Weinberg Partners, I was a Partner at Goldman Sachs where I worked from May 1998 to June 2015 and most recently served as Head of the Americas Restructuring Group and part of the U.S. Leveraged Finance team.  I was named a Partner at Goldman Sachs in 2010.  From 2006 to 2008, I served as Chief Underwriting Officer for North America, where I was a member of Goldman Sachs' Firmwide Capital Committee and its Special Situations Specialty Lending Investment Committee.  I served as Global Head of the Special Assets and Bank Debt Portfolio groups from 2000 to 2008, and started at Goldman Sachs in the Securities Division where I spent two years working on the distressed bond and bank loan proprietary trading desks.  Prior to Goldman Sachs, I worked for UBS and MJ Whitman in restructuring and distressed securities, and began my career in finance at Lehman Brothers.

4.      In addition to working with the Debtors in the above-captioned cases (the "Chapter 11 Cases"), my experience includes representing companies, boards, creditors, and other stakeholders in a variety of situations across a broad range of industries, including the chapter 11 cases of:  American Tire Distributors, Bonanza Creek, Breitburn Energy, Bristow Group, California Resources Corporation, Chesapeake Energy, Cineworld Group, Crossmark Holdings, Eco-Bat Technologies, Fieldwood Energy, Garret Motion, iHeart Communications, LATAM Airlines, Memorial Production Partners, Pacific Drilling, Sanchez Energy Corporation, Seadrill, Sears, Video Equipment Rental Corporation, Windstream, and 21st Century Oncology, among others.  In addition, while at Goldman Sachs, I was involved in the following bankruptcy cases:  Bridge Information Systems, Brothers Gourmet Coffees, Calpine, CRC Communications, Focal Communications, General Growth Properties, Lehman Brothers, Network Plus, Nextel International, Orchard Supply, Qwest Communications and 360 Networks.

5.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of the Anthropic Shares to the purchasers (each, a "Purchaser" and together, the "Purchasers") set forth in Exhibit 1 to the *Notice of Proposed Sale of Anthropic Shares Free and Clear of Liens, Claims, Interests and Encumbrances* filed concurrently herewith (the "Sale Disclosures Notice") pursuant to the *Order Authorizing and Approving (I) Procedures for Sale of Debtors' Equity Interests in Anthropic, PBC; and (II) Sale(s) of Such Equity Interests in Accordance with Such Procedures Free and Clear of Any Liens, Claims, Interests and Encumbrances* [D.I. 8215] (the "Sale Procedures Order")[2].

6.      Except as otherwise indicated, all facts set forth in this Declaration are based upon:  (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning the Debtors; (ii) information learned from my review of relevant documents; and/or (iii) information supplied by members of the Debtors' management, employees of PWP working directly with me or under my supervision, direction or control, and/or from the Debtors' other professionals and advisors.

7.      I am over the age of 18 and authorized to submit this Declaration on behalf of the Debtors.  I am not being compensated for this testimony other than through payments to be received by PWP as a professional the Debtors have retained; none of those payments are specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

A.      **A Sound Business Justification Exists for the Sale.**

8.      I believe that Seller's entry into the Purchase and Sale Agreement, dated

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Sale Procedures Order.

as of March 21, 2024, between Seller and the Purchasers, a copy of which is attached as

Exhibit 3 to the Sale Disclosures Notice (the "Purchase and Sale Agreement"), represents a

sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their

estates, creditors and other parties-in-interest.

**B.**    **The Sale Will Produce the Highest and Best Offer.**

9.    PWP was engaged by the Debtors effective November 16, 2022 to provide

financial advisory, restructuring, financing and sale services to the Debtors during these

Chapter 11 Cases.  PWP has assisted the Debtors in their exploration and evaluation of strategic

alternatives to maximize the value of, and monetize, their diverse, global assets.  This has

included a review of documents regarding the Debtors' businesses and investments, discussions

with management of the Debtors, discussions with businesses in which the Debtors have made

investments, and coordinating and initiating discussions with potential purchasers.

10.    Following a strategic review, PWP designed a process to market the

Anthropic Shares in an efficient and competitive sale process, taking into account the consent

rights of the board of directors of Anthropic over potential transfers and the Debtors' business

judgment that a consensual sale process would maximize potential value.  The process is also

consistent with the Sale Procedures set forth in the Sale Procedures Order.

11.    In consultation with the Consultation Parties and Anthropic, PWP has

thoroughly and diligently marketed the Anthropic Shares to the maximum extent practicable

under the circumstances and conducted the related sale process in good faith and pursuant to the

Sale Procedures.  Since February 2024, PWP has proactively reached out to more than 350

potential purchasers of the Anthropic Shares, 112 of which entered into confidentiality

agreements with the Debtors and received access to a virtual data room and 30 of which

submitted an indication of interest for purchasing a portion of the Anthropic Shares.  Throughout

the marketing and sale process, the Debtors, with the assistance of PWP, actively engaged with

interested parties, responded to diligence requests and duly considered all indications of interest

received based on the merits of each.

12.    After reviewing the indications of interest in consultation with the

Consultation Parties and Anthropic, the Debtors decided to enter into the Purchase and Sale

Agreement, under which the 24 Purchasers agreed to purchase an aggregate number of

29,465,891 Anthropic Shares, which accounts for 66.2% of the Anthropic Shares held by the

Debtors, for an aggregate consideration of $884,109,327 (such aggregate consideration, the

"Purchase Price").

13.    Based on my experience, involvement in the process and review of

available alternatives, it is my opinion that there is no better or higher offer currently available

for the Anthropic Shares to be purchased in the proposed sale, and that the Purchase and Sale

Agreement preserves the Debtors' ability to consider any higher or better offer.  I believe that all

interested potential purchasers have been afforded a full, fair and reasonable opportunity to

qualify as bidders and submit their highest or otherwise best offer to purchase the Anthropic

Shares.  The Debtors considered all bids properly submitted in accordance with the Sale

Procedures on or before the deadline for bidding.

14.    I also believe that the Debtors and PWP have complied in good faith with

the Sale Procedures Order and the Sale Procedures in marketing the Anthropic Shares.  The

information provided to potential purchasers was sufficient to enable them to make an informed

judgment on whether to bid on the Anthropic Shares.  The Purchase and Sale Agreement

includes the terms required by the Sale Procedures and the Sale Procedures Order.  The Debtors

provided notice to, and consulted with, the Consultation Parties and Anthropic prior to entering

into the Purchase and Sale Agreement.  The disclosures made by the Debtors with respect to the

Purchase and Sale Agreement and the Sale Transaction were good, complete and adequate.

> **C.** **The Sale Will Produce a Fair and Reasonable Price for the Anthropic Shares.**

15.    I believe that the Purchase Price for the Anthropic Shares contemplated by

the Purchase and Sale Agreement is fair and reasonable.  The Debtors, with the assistance of

PWP, ensured that the proposed sale of the Anthropic Shares would reflect their fair market

value by extensively marketing the Anthropic Shares.

16.    Pursuant to the Purchase and Sale Agreement, the Purchase Price is

subject to higher or better offers from third parties in the form of an "Alternative Transaction"

and/or a "fiduciary out" which provides that the Purchase and Sale Agreement can be terminated

by the boards of directors (or similar governing bodies) of Seller if it is determined to be

inconsistent with the fiduciary duties of the boards of directors (or similar governing bodies).  If

an Alternative Transaction is received by the Debtors, Seller has the right, but not the obligation,

to adjust the numbers of the Anthropic Shares allocated to the Purchasers, enter into an

alternative definitive agreement with respect to such Alternative Transaction or terminate the

Purchase and Sale Agreement.

17.    I believe that completing the Sale Transaction in accordance with the

Purchase and Sale Agreement is the most efficient and cost-effective means of minimizing costs

to the estate while maximizing the value for the benefit of the estate and facilitated cooperation

with Anthropic.  I believe that a longer process or the implementation of a public auction for the

sale of the Anthropic Shares at this time would not have resulted in a higher or better value to the

estate.  The marketing process enabled the Debtors to reach out to a significant number of

potential purchasers without incurring the additional costs, expenses, time and risks associated with a public bidding and sale process.

18.     In my role as the Debtors' financial advisor, I advised the Debtors throughout the sale process and based on my experience, I believe the Purchase and Sale Agreement is the result of arm's-length and good-faith negotiations between the parties thereto, and that such negotiations were free of any collusion.

**D.     The Sale of the Anthropic Shares Should be Made Free and Clear of Any Liens, Including Successor Liability.**

19.     No Purchaser is a successor to or substantial continuation of the Debtors or their estates and there is no continuity of enterprise between the Purchasers and the Debtors as a result of any action taken in connection with the Sale Transaction. It is my understanding that no Purchaser is holding itself out to the public as a continuation of the Debtors based on the Sale Transaction or the Purchase and Sale Agreement. The Sale Transaction does not amount to a consolidation, succession, merger, or de facto merger of any Purchaser and the Debtors and/or the Debtors' estates.

20.     Moreover, I believe that not transferring the Anthropic Shares free and clear of all Liens (other than Permitted Encumbrances) would adversely affect the Debtors' efforts to maximize the value of the Anthropic Shares.  I believe that the Purchasers would not have entered into the Purchase and Sale Agreement and would not consummate the transactions contemplated thereby if the sale of the Anthropic Shares was not free and clear of all Liens (other than Permitted Encumbrances), or if the Purchasers would, or in the future could, be liable for any such Anthropic Shares.

21.     Accordingly, for the foregoing reasons, I believe that the Purchase and Sale Agreement represents the highest and best offer for the Anthropic Shares at this time and

that the sale of the Anthropic Shares to the Purchasers pursuant to the Purchase and Sale Agreement will provide a greater recovery for the Debtors' estates than would be provided by any other reasonably available alternative.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 22, 2024.

*/s/ Bruce Mendelsohn*
Bruce Mendelsohn
Partner
Perella Weinberg Partners L.P.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF ANDRE C. NAMPHY IN SUPPORT OF DEBTORS' PROPOSED
SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO ATIC THIRD
INTERNATIONAL INVESTMENT COMPANY LLC FREE AND CLEAR OF ANY
LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Andre C. Namphy, hereby declare as follows:

1.      I am a member of the Board of Managers of ATIC Third International

Investment Company LLC, a United Arab Emirates limited liability company ("Purchaser").

2.      I have held my position as a member of the Board of Managers of

Purchaser since May 17, 2018.

3.      I submit this declaration (this "Declaration") in support of the Debtors'

proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and*

*Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims,*

*Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance*

*Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is
Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      In connection with the Sale Transaction, Purchaser and Anthropic are entering into a side letter agreement which will limit certain of the Purchaser's information and transfer rights relating to Anthropic as well as setting forth certain regulatory undertakings on the part of the Purchaser with respect to the Anthropic Shares.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 22, 2024.


_____
ANDRE C. NAMPHY
ATIC THIRD INTERNATIONAL
INVESTMENT COMPANY LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF JANE STREET GLOBAL TRADING, LLC IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO JANE STREET GLOBAL TRADING, LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>**

I, Matthew Berger, hereby declare as follows:

1.      I am a Managing Director of Jane Street Global Trading, LLC, a Delaware limited liability company ("<u>Purchaser</u>").

2.      I have been a Managing Director of Jane Street Global Trading, LLC since November 29, 2017.

3.      I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      In connection with the Sale Transaction, Purchaser and Anthropic are

entering into a side letter agreement granting certain rights relating to information about

Anthropic.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 20, 2024.


_____

Matthew Berger, Managing Director

Jane Street Global Trading, LLC

DocuSign Envelope ID: 596F8BE2-253D-47CC-8759-5685502F860E

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF COLM HOGAN IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO FIDELITY ADVISOR SERIES VII: FIDELITY ADVISOR TECHNOLOGY FUND FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>**

I, Colm Hogan, hereby declare as follows:

1.        I am an Assistant Treasurer of Fidelity Advisor Series VII: Fidelity Advisor Technology Fund, a Massachusetts business Trust ("Purchaser").

2.        I have held my position of Assistant Treasurer of Fidelity Advisor Series VII: Fidelity Advisor Technology Fund since April 1, 2016.

3.        I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: 596F8BE2-253D-47CC-8759-568F502FB80E

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      In connection with the Sale Transaction, Purchaser and Anthropic are entering into a side letter agreement granting certain rights primarily relating to information about Anthropic.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 22, 2024.

DocuSigned by:

*Colm Hogan*

E57C60876A1F450...

Colm Hogan
Assistant Treasurer
**Fidelity Advisor Series VII: Fidelity Advisor Technology Fund**

DocuSign Envelope ID: 596F8BE2-253D-47CC-8759-568F502F860E

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF COLM HOGAN IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO VARIABLE INSURANCE PRODUCTS FUND IV: VIP TECHNOLOGY PORTFOLIO FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Colm Hogan, hereby declare as follows:

1.     I am an Assistant Treasurer of Variable Insurance Products Fund IV: VIP Technology Portfolio, a Massachusetts business Trust ("<u>Purchaser</u>").

2.     I have held my position of Assistant Treasurer of Variable Insurance Products Fund IV: VIP Technology Portfolio since April 1, 2016.

3.     I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

       4.     I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

       5.     Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

       6.     In connection with the Sale Transaction, Purchaser and Anthropic are

entering into a side letter agreement granting certain rights primarily relating to information

about Anthropic.

DocuSign Envelope ID: 596F8BE2-253D-47CC-8759-568F502F8B0E

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 22, 2024.

DocuSigned by:

*Colm Hogan*

E57C60876A1F450...

Colm Hogan
Assistant Treasurer
**Variable Insurance Products Fund IV: VIP Technology Portfolio**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF COLM HOGAN IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO FIDELITY SELECT PORTFOLIOS: SELECT TECHNOLOGY PORTFOLIO FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>**

I, Colm Hogan, hereby declare as follows:

1.    I am an Assistant Treasurer of Fidelity Select Portfolios: Select

Technology Portfolio, a Massachusetts business Trust ("<u>Purchaser</u>").

2.    I have held my position of Assistant Treasurer of Fidelity Select

Portfolios: Select Technology Portfolio since April 1, 2016.

3.    I submit this declaration (this "<u>Declaration</u>") in support of the Debtors'

proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and*

*Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims,*

*Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance*

*Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2]

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: 596F8BE2-253D-47CC-8759-568F502F8B0E

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      In connection with the Sale Transaction, Purchaser and Anthropic are

entering into a side letter agreement granting certain rights primarily relating to information

about Anthropic.

DocuSign Envelope ID: 596F8BE2-253D-47CC-87F0-568F502F8B0E

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 22, 2024.

DocuSigned by:

*Colm Hogan*

E57C69876A1F450...

Colm Hogan
Assistant Treasurer
**Fidelity Select Portfolios: Select Technology Portfolio**

DocuSign Envelope ID: 596F8BE2-253D-47CC-8759-568F502F860E

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

## DECLARATION OF COLM HOGAN IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO FIDELITY GLOBAL INNOVATORS INVESTMENT TRUST FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Colm Hogan, hereby declare as follows:

1.    I am an Authorized Signatory of Fidelity Global Innovators Investment Trust, a trust organized under the laws of Ontario, Canada ("Purchaser").

2.    I have held my Authorized Signatory position of Fidelity Global Innovators Investment Trust since April 1, 2016.

3.    I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

   4.  I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser. I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony. If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

   5.  Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code. There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect. Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

   6.  In connection with the Sale Transaction, Purchaser and Anthropic are

entering into a side letter agreement granting certain rights primarily relating to information

about Anthropic.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 22, 2024.

DocuSigned by:

*Colm Hogan*

E57C60876A1F450...

Colm Hogan
Authorized Signatory
**Fidelity Global Innovators Investment Trust
by its manager Fidelity Investments Canada
ULC**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

## DECLARATION OF COLM HOGAN IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO FIDELITY CANADIAN GROWTH COMPANY FUND FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Colm Hogan, hereby declare as follows:

1.        I am an Authorized Signatory of Fidelity Canadian Growth Company Fund, a trust organized under the laws of Ontario, Canada ("Purchaser").

2.        I have held my Authorized Signatory position of Fidelity Canadian Growth Company Fund since April 1, 2016.

3.        I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: 596F8BE2-253D-47CC-8759-568F502F8B0E

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      In connection with the Sale Transaction, Purchaser and Anthropic are

entering into a side letter agreement granting certain rights primarily relating to information

about Anthropic.

DocuSign Envelope ID: 596F8BE2-253D-47CC-87C9-568F502F8B0E

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 22, 2024.

Colm Hogan
Authorized Signatory
**Fidelity Canadian Growth Company Fund
by its manager Fidelity Investments Canada
ULC**

DocuSign Envelope ID: 596F8BE2-253D-47CC-8759-568F502F8B0E

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF COLM HOGAN IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO FIDELITY SPECIAL SITUATIONS FUND FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Colm Hogan, hereby declare as follows:

1.       I am an Authorized Signatory of Fidelity Special Situations Fund, a trust organized under the laws of Ontario, Canada ("Purchaser").

2.       I have held my Authorized Signatory position of Fidelity Special Situations Fund since April 1, 2016.

3.       I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.       In connection with the Sale Transaction, Purchaser and Anthropic are entering into a side letter agreement granting certain rights primarily relating to information about Anthropic.

DocuSign Envelope ID: 596F8BE2-253D-47CC-8759-568F502F8B0E

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 22, 2024.

DocuSigned by:

*Colm Hogan*

E57C60876A1E450...

Colm Hogan
Authorized Signatory
**Fidelity Special Situations Fund**
**by its manager Fidelity Investments Canada**
**ULC**

-3-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF HISHAM ELHADDAD IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO HOF CAPITAL AF GROWTH, LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

I, Hisham Elhaddad, hereby declare as follows:

1.      I am a co-founder and managing partner of HOF Capital Management, LLC ("HOF Capital"), a Delaware limited liability company, which has been designated as the sole manager of HOF Capital AF Growth, LLC, a Delaware limited liability company ("Purchaser").

2.      I have held my position with HOF Capital since September 2015.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.    I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.    Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.    Certain of Purchaser's other affiliated entities managed by HOF Capital have either been direct stockholders of Anthropic, or have been limited partners in managed vehicles that are themselves direct stockholders of Anthropic since April 7, 2023, which

affiliated entities in the aggregate hold, directly or indirectly, 445,390 shares of Anthropic's Series C-1 Preferred Stock, and 833,207 shares of Anthropic's Series D-1 Preferred Stock.

7. Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8. Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement. Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 20, 2024.

DocuSigned by:

**HISHAM ELHADDAD**

653891E24AF94DC...

Hisham Elhaddad

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF ISHDEEP DUGAL IN SUPPORT OF DEBTORS' PROPOSED
SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO GA-IP OPPORTUNITIES
II, LLC] FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND
<u>ENCUMBRANCES</u>**

I, Ishdeep Dugal, hereby declare as follows:

1.     I am a General Partner of GA-IP Opportunities II, a Delaware limited

liability company"("<u>Purchaser</u>").

2.     I have held my General Partner position at Purchaser since January 22,

2024.

3.     I submit this declaration (this "<u>Declaration</u>") in support of the Debtors'

proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and*

*Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims,*

*Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance*

*Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2]

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      GA-IP Opportunities II, LLC and certain other affiliated entities managed by Purchaser have been stockholders of Anthropic since 2023 and own approximately 0.3% of Anthropic on a fully diluted basis.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 20, 2024.

_____
Ishdeep Dugal
General Partner
GA-IP Opportunities II, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF GRANT GEORGE IN SUPPORT OF DEBTORS' PROPOSED
SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO FUND FG-BLU, A SERIES
OF FORGE INVESTMENTS LLC, FREE AND CLEAR OF ANY LIENS, CLAIMS,
INTERESTS AND
<u>ENCUMBRANCES</u>**

I, Grant George, hereby declare as follows:

1.      I am Principal of Forge Global Advisors LLC, a Delaware limited liability company.  Forge Global Advisors LLC is the Adviser and Manager to Fund FG-BLU, a Series of Forge Investments LLC ("<u>Purchaser</u>").

2.      I have held my Principal position at Forge Global Advisors LLC since October 25, 2021.

3.      I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance*

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 19, 2024.

_____
Grant George
Principal
Forge Global Advisors LLC, as the Adviser and
Manager to Fund FG-BLU, a series of Forge
Investments LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF CRAIG FALLS IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO CRAIG FALLS FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Craig Falls ("Purchaser"), hereby declare as follows:

1. I am a citizen of the United States and a resident of New York.  I am over the age of 18.

2. I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information and belief, or my opinion based upon experience, knowledge and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

information concerning the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

3.      I have personal knowledge of the facts set forth herein, and if I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.  I am not being compensated for this testimony and received no payments specifically payable on account of this testimony.

4.      I am not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  I am not a director or controlling equity interest holder of the Debtors, and I do not control the Debtors in any respect.  I negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of my choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by me without collusion or fraud.

5.      I reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

6.      I understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  I have not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. I have not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to

be purchased by me was not controlled by any agreement among myself and Anthropic, PBC, or myself and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 21, 2024.

_Craig Falls_

Craig Falls

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF LORENZO ESPARZA IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO MW LSVC ANTHROPIC, LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Lorenzo Esparza, hereby declare as follows:

1.      I am the manager of MWSI VC Manager, LLC, a Delaware limited liability company ("<u>Manager</u>"), which is the manager of  MW LSVC Anthropic, LLC, a Delaware limited liability company ("<u>Purchaser</u>").

2.      I have held my position with the Manager since August 2021. In February 2024, I caused the Manager to organize Purchaser under the laws of the State of Delaware as a limited liability company.

3.      I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance*

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      None of Purchaser nor certain other affiliated entities managed by Purchaser have been stockholders of Anthropic.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

7.    Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.    Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 20, 2024.

_____
Lorenzo Esparza
Manager of the Manager for
MW LSVC Anthropic, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF RYAN LOGUE IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO CONSTITUTIONAL AI GOVERNANCE FUND 2 LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>**

I, Ryan Logue, hereby declare as follows:

1.      I am a Manager of Constitutional AI Governance Fund 2 LLC, a Delaware limited liability company" ("<u>Purchaser</u>").

2.      I have been the Managing Member of LTA Advisors LLC, the Organizer of Constitutional AI Governance Fund 2 LLC, since its formation in August 2023.

3.      I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 20, 2024.


_Ryan Logue_
_____
Ryan Logue
Manager
Constitutional AI Governance Fund 2 LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF ROBERT HILMER IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO G24A LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>**

I, Robert Hilmer, hereby declare as follows:

1.      I am a Manager of G24A LLC, a Delaware limited liability company ("<u>Purchaser</u>").

2.      I have held my Manager position at Purchaser and its affiliated entities since November 1, 2020.

3.      I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not

engaged in any conduct that could, to my knowledge and understanding, result in the avoidance

of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code.

Purchaser has not acted in a collusive manner with any person, and the purchase price for the

Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among

Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 20, 2024.

_Robert Hilmer_

_____
Robert Hilmer
Manager
G24A LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF ADAM CRAWLEY IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO AUGMENT COLLECTIVE, LLC SERIES ANTHROPIC PBC 1 FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Adam Crawley, hereby declare as follows:

1.      I am a Manager of Augment Collective, LLC Series Anthropic PBC 1, a Delaware limited liability company" ("<u>Purchaser</u>").

2.      I have held my Manager position at Purchaser since February, 2024.

3.      I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.    I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.    Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.    Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

7.    Purchaser understood that the Debtors were free to negotiate with any

other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not

engaged in any conduct that could, to my knowledge and understanding, result in the avoidance

of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code.

Purchaser has not acted in a collusive manner with any person, and the purchase price for the

Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among

Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge, information and belief.

        Dated: March 20, 2024.

DocuSigned by:

*adam crawley*

E04A9FF65971490...

Adam Crawley
Manager
Augment Collective, LLC Series Anthropic PBC 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

## DECLARATION OF LEI LI IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO ALPHA AZ, LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Lei Li, hereby declare as follows:

1.     I am the Chief Executive Officer of Alpha SPV GP, LLC, a Delaware limited liability company and the Manager of Alpha AZ, LLC, a Delaware limited liability company. ("<u>Purchaser</u>").

2.     I have held my Chief Executive Officer position at Purchaser since April 21, 2022.

3.     I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2]

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: DB9C28E8-7917-49DC-8E52-G180F01G3F42

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.     I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.     Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.     Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

DocuSign Envelope ID: DB9C28E8-Z917-490C-8F52-G18DF01G3F42

7.       Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code.  Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 21, 2024.

DocuSigned by:

*Lei Li*

B5BD79CE72DA47D

Lei Li
Chief Executive Officer
on behalf of Alpha SPV GP, LLC
on behalf of Alpha AZ, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF MICHAEL EDDY IN SUPPORT OF DEBTORS' PROPOSED
SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO HERMITAGE GTS I, A
SERIES OF CGF2021 LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS
AND <u>ENCUMBRANCES</u>**

I, Michael Eddy, hereby declare as follows:

1.      I am a Manager and General Partner of Hermitage GTS I, a Series of

CGF2021 LLC, a Delaware limited liability company" ("<u>Purchaser</u>").

2.      I have held my Manager and General Partner position at Hermitage GTS I,

a Series of CGF2021 LLC since November 2019.

3.      I submit this declaration (this "<u>Declaration</u>") in support of the Debtors'

proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and*

*Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims,*

*Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance*

*Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2]

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is
Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.       I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.       Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.       Certain other affiliated entities managed by Hermitage GTS I, a Series of CGF2021 LLC, have been stockholders of Anthropic since February 2024, and own approximately .03% of Anthropic on a fully diluted basis.  In connection with the Sale

Transaction, Purchaser and Anthropic are not entering into a side letter agreement granting certain rights relating to information about Anthropic.[3]

7.    Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.    Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 20, 2024.

DocuSigned by:

C83FE0012DDF443...

Michael Eddy
Manager and General Partner
Hermitage GTS I, a Series of CGF2021 LLC

---

[3]    **Note to Purchaser**:  Please include if applicable and describe any relationship between Purchaser/Declarant and Anthropic, PBC.  If there is none, please omit this paragraph.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF Matt Weisbarth IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO Anthropic Pine Road, LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Matt Weisbarth, hereby declare as follows:

1.　　I am a Managing Partner of Anthropic Pine Road LLC,  a Delaware Limited Liability Company. ("<u>Purchaser</u>").

2.　　I have held my position as Managing Partner since inception.

3.　　I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge

---

[1]　The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]　Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: 24A8A A31-5233-4456-9E9B-C2796EC0E34A

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not

engaged in any conduct that could, to my knowledge and understanding, result in the avoidance

of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code.

Purchaser has not acted in a collusive manner with any person, and the purchase price for the

Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among

Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 19, 2024.

DocuSigned by:

*Matthew Weisbarth*

346CDE770E41408...

Matt Weisbarth
Managing Partner
Anthropic Pine Roads, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

## DECLARATION OF SYDECAR, LLC IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO HIIVE ANTHROPIC SERIES II, A SERIES OF HIIVE ANTHROPIC, LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

I, Ted Stiefel hereby declare as follows:

1.       I am an authorized signatory of Hiive Anthropic Series II, a Series of

Hiive Anthropic, LLC, a Delaware Limited Liability Company ("Purchaser").

2.       I have held this position since March 12th, 2024

3.       I submit this declaration (this "Declaration") in support of the Debtors'

proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and*

*Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims,*

*Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance*

*Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

personal knowledge, information and belief, or my opinion based upon experience, knowledge

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not

Doc ID: 2ce0f8766a74ff79dc6c9873ce5e02c5902839f4

engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

*Agreed and Accepted:*

Hiive Anthropic Series II, a Series of Hiive Anthropic, LLC

By: _____*Ted Stiefel*_____

By: **Sydecar LLC,** Administrator

Name:  Ted Stiefel

Title: Authorized Signatory

Dated: ___03 / 21 / 2024_____

Doc ID: 2ce0f8766a74ff79dc6c9873ce5e02c5902839f4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF GRANT GEORGE IN SUPPORT OF DEBTORS' PROPOSED
SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO FUND FG-AGV, A SERIES
OF FORGE INVESTMENTS LLC FREE AND CLEAR OF ANY LIENS, CLAIMS,
INTERESTS AND
<u>ENCUMBRANCES</u>**

I, Grant George, hereby declare as follows:

1. I am Principal of Forge Global Advisors LLC, a Delaware limited liability company.  Forge Global Advisors LLC is the Adviser and Manager to Fund FG-AGV, a Series of Forge Investments LLC ("<u>Purchaser</u>").

2. I have held my Principal position at Forge Global Advisors LLC since October 25, 2021.

3. I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance*

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 19, 2024.

_____
Grant George
Principal
Forge Global Advisors LLC, as the Adviser and
Manager to Fund FG-AGV, a series of Forge
Investments LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF SYDECAR, LLC IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO HIIVE ANTHROPIC SERIES I, A SERIES OF HIIVE ANTHROPIC, LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Ted Stiefel hereby declare as follows:

1.      I am an authorized signatory of Hiive Anthropic Series I, a Series of Hiive Anthropic, LLC, a Delaware Limited Liability Company ("<u>Purchaser</u>").

2.      I have held this position since March 10th, 2024

3.      I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

Doc ID: 9841a77bcca655a043e492c42276b460133eb2fc

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.     I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.     Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.     Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

7.     Purchaser understood that the Debtors were free to negotiate with any

other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not

Doc ID: 9841a77bcca655a043e492c42276b460133eb2fc

engaged in any conduct that could, to my knowledge and understanding, result in the avoidance

of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code.

Purchaser has not acted in a collusive manner with any person, and the purchase price for the

Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among

Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge, information and belief.

*Agreed and Accepted:*

Hiive Anthropic Series I, a Series of Hiive Anthropic, LLC

By: _____ *Ted Stiefel* _____

By: **Sydecar LLC,** Administrator

Name:  Ted Stiefel

Title: Authorized Signatory

Dated:  __03 / 21 / 2024_____

Doc ID: 9841a77bcca655a043e492c42276b460133eb2fc

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF ARJUN GUPTA IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO TELESOFT-2020, LP FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>**

I, Arjun Gupta, hereby declare as follows:

1.      I am the Executive Manager of the general partner of TeleSoft-2020, LP, a Delaware limited partnership ("<u>Purchaser</u>").

2.      The Purchaser is an investment fund sponsored by TeleSoft Partners, a venture capital firm that I founded in 1996.

3.      I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any

other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 22, 2024.

__ARJUN GUPTA_____
Arjun Gupta
Executive Manager of Purchaser's General
Partner
TeleSoft-2020, LP

DocuSign Envelope ID: B1A5155D-AF37-1142-8716-73754969957C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

## DECLARATION OF ROY SWAN IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO THE FORD FOUNDATION FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Roy Swan, hereby declare as follows:

1.     I am Director, Mission Investments of The Ford Foundation, a Michigan 501(c)(3) private foundation ("<u>Purchaser</u>").

2.     I have held my position of Director, Mission Investments, since January 4, 2018.

3.     I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: B1A5155D-AF37-4142-8745-72754969957C

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any

other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement. Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 20, 2024.

DocuSigned by:

*Roy Swan*

Roy Swan
Director, Mission Investments
The Ford Foundation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF ABDO JOHN HAJJ IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO TYPE ONE SOUL STUDIO 3 A SERIES OF TYPE ONE VENTURES GROWTH GP LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

I, Abdo John Hajj, hereby declare as follows:

1.      I am a Manager Director of Type One Soul Studio 3 A Series of Type One Ventures Growth GP, a Delaware limited liability company ("Purchaser").

2.      I have held my position as a managing director at Type One Soul Studio 3 A Series of Type One Ventures Growth GP LLC for three years. Prior to that I started and sold a company and then worked in private equity for several years.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: A64E93B1-AEB5-4C40-AEE2-3985B697E26A

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.     Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 20, 2024.

DocuSigned by:

_____

Abdo John Hajj
Managing Director
Type One Soul Studio 3 A Series of Type One
Venture Growth GP LLC

DocuSign Envelope ID: B1EA77E7-B838-42A8-8EF3-9DA46DC4BD82

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF KARL LOHWATER IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO ID FUND - ANTHROPIC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>**

I, Karl Lohwater, hereby declare as follows:

1.     I am an Authorized Representative of ID Fund – Anthropic, A Series of ID Funds 3, LLC a Delaware limited liability company ("<u>Purchaser</u>").

2.     I have held my Chief Compliance Officer and General Counsel position at Purchaser since February 4, 2024.

3.     I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: B1EA77E7-B838-42A8-8EF3-9DA46DC4BD82

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any

other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

DocuSign Envelope ID: B1EA77E7-B838-42A8-8EF3-9DA46DC4BD92

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 21, 2024.

DocuSigned by:

*Karl W Lohwater*

3BD36881C0874AC...

Karl Lohwater
Vice President
ID Fund – Anthropic, A Series of ID Funds 3, LLC

-3-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

## DECLARATION OF ARTHUR GALLOWAY IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO PICTON MAHONEY ASSET MANAGEMENT AS TRUSTEE ON BEHALF OF THE FUNDS FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Arthur Galloway, hereby declare as follows:

1.      I am a Chief Operating Officer of Picton Mahoney Asset Management, a general partnership established pursuant to the laws of the Province of Ontario, Canada (<u>"Purchaser"</u>).

2.      I have been with Purchaser since June 1, 2005, and my role has always been in the operational function, which has grown organically with Purchaser.

3.      I submit this declaration (this <u>"Declaration"</u>) in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the <u>"Order"</u>).[2]

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 19, 2024.

ART GALLOWAY (Mar 20, 2024 15:37 EDT)

Arthur Galloway
Chief Operating Officer
PICTON MAHONEY ASSET MANAGEMENT
as trustee on behalf of the funds

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF MICHAEL KUBZANSKY IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO OMIDYAR NETWORK FUND LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

I, Michael Kubzansky, hereby declare as follows:

1.     I am the Chief Executive Officer and a Manager of Omidyar Network Fund LLC, a Delaware limited liability company ("Purchaser").

2.     I have held my position at Purchaser since April 1, 2018.

3.     I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: 9A2EEFA4-03A7-4908-BB99-47F6E5762E6B

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any

other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not

DocuSign Envelope ID: 9A2EEFA4-03A7-4908-BB99-47F6E5762E6B

engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 21, 2024.

DocuSigned by:

*Mike kubzansky*

EA045E834C17434...

Michael Kubzansky
Chief Executive Officer and Manager
Omidyar Network Fund LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF REY RAMSEY IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO THE NATHAN CUMMINGS FOUNDATION FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Rey Ramsey, hereby declare as follows:

1. I am President and CEO of the Nathan Cummings Foundation, Inc., an Illinois Corporation ("Purchaser").

2. I have held the position of President and CEO since December 2021.

3. I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: 88D21A7A-CAAA-4856-08E6-9B15D3CA689E

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony. If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code. There is no common identity of directors or controlling

equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand,

and Purchaser does not control the Debtors in any respect. Purchaser negotiated the Sale

Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-

length bargaining positions, at all times represented by competent counsel of its choosing. The

Purchase and Sale Agreement and Sale Transaction were negotiated, proposed, and entered into

by Purchaser without collusion or fraud.

6.      The Nathan Cummings Foundation, Inc. is not currently a stockholder of

Anthropic and does not have an ownership % in Anthropic. In connection with the Sale

Transaction, the Nathan Cummings Foundation, Inc. and Anthropic are entering into a side letter

agreement granting certain rights relating to information about Anthropic.[3]

---

[3]     **Note to Purchaser**:  Please include if applicable and describe any relationship between Purchaser/Declarant and Anthropic, PBC. If there is none, please omit this paragraph.

7.      Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any

other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement. Purchaser has not

engaged in any conduct that could, to my knowledge and understanding, result in the avoidance

of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code.

Purchaser has not acted in a collusive manner with any person, and the purchase price for the

Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among

Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 20th, 2024.

DocuSigned by:

*Rey Ramsey*

1A3D11174FFE4E2...

Rey Ramsey
President and CEO
The Nathan Cummings Foundation, Inc.