# EXHIBIT B

**Esposito Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ROB ESPOSITO IN SUPPORT OF
DEBTOR'S TWENTY-SECOND (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO
CERTAIN NO LIABILITY CLAIMS (CUSTOMER CLAIMS)**

I, Rob Esposito, hereby declare under penalty of perjury:

1. I am a Senior Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operation restructuring.

2. I have more than 15 years of restructuring experience across various industries, including broadcasting, oil & gas, manufacturing, pharma, transportation, automotive, retail, telecommunications, and healthcare.

3. Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Alpha Natural Resources, Sandridge Energy, Westmoreland Coal, Endo International, Cumulus Media, Coach America, Cooper-Standard Automotive, Ascena Retail and Exide Technologies.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

4. I submit this declaration (the "Declaration") in support of the *Debtors' Twenty-Second (Non-Substantive) Omnibus Objection to Certain No Liability Claims (Customer Claims)* (the "Objection").[2] I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors").

5. Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the Debtors' management, the Debtors and other Debtor professionals, including the A&M team, involved in advising the Debtors in the above-captioned case (the "Chapter 11 Case"). If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the Debtors.

6. The No Liability Claims subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by appropriate personnel of the Debtors, A&M, and the Claims Agent. Indeed, the Debtors and their advisors have spent months reviewing and analyzing proofs of claim and any supporting documentation filed against the Debtors. These efforts resulted in, among other things, identifying the No Liability Claims set forth in Schedule 1 and Schedule 2 to Exhibit A of the Objection.

7. Based on the Debtors' and their advisors' ongoing analysis and review, the Debtors and their advisors have determined that the No Liability Claims are not reflected in the Debtors' books and records. There are no details on the face of the No Liability Claims that explain the conduct or activity giving rise to a claim against the Debtors, nor that substantiate the amount of the claims asserted. In addition, it appears that only one of the claimants had an FTX

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

2

account, the account had no fiat, cryptocurrency or non-fungible tokens. Therefore, I believe that the No Liability Claims should be disallowed and expunged in their entirety.

8.      If the No Liability Claims are not disallowed, the affected Claimants may receive an unwarranted recovery from the estate. Further, I believe the administration of these claims would be more efficient and fair to all parties if the Debtors have the ability to expunge and disallow the No Liability Claims in their entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 25, 2024                           */s/ Rob Esposito*
                                                Rob Esposito
                                                Alvarez & Marsal North America, LLC
                                                Senior Director