Dear Honorable Judge,

RECEIVED
2024 MAR 27 AM 9:52
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

It has been over 16 months since the FTX incident occurred, and throughout this time, as an investor from a small country on the periphery, I have felt powerless with my entire fortune tied up in FTX. Despite this, I have clung to the belief that the transparent and fair judgment of the United States' courts would enable me to recover my assets.

However, looking at the current situation, it appears that neither the FTX debtors, UCC, ADHOC, nor any other party involved is advocating for my situation. Instead, they seem to prioritize their own interests. Having already sent two letters without seeing any willingness on the part of the debtors to alter their plan, I am compelled to write once more. I fear that if this issue is not resolved through Chapter 11 proceedings, I will spend the rest of my life regretting my inability to act.

I had stored 10 Bitcoins and 100 Ethereum in FTX, believing these assets would illuminate my future. I never benefited from any interest through staking, nor did I participate in any other earning programs or any lending programs on FTX. My BTC and ETH were solely my property and never moved from my wallet to any internal programs within FTX, a fact that transaction histories can corroborate.

The current plan proposed by the debtors treats all creditors as one class, a simplification that overlooks the complexities of the situation. As I have mentioned in a previous letter, the terms of service (TOS) clearly state that assets deposited in FTX are the property of the customer. Assets in wallets that did not participate in any earning or lending programs should be recognized as the customer's property, outright.

As you are well aware, similar precedents, such as the Celsius case (DOC 670), treated accounts that did not participate in earning or borrowing programs as "pure accounts," and at the time of bankruptcy, assets were returned in-kind, not just in dollar value. This clearly established the customer's ownership of those assets, a principle that should apply equally to FTX.

I kindly request that you reconsider this aspect and ensure the debtors propose a fair plan. I sincerely appreciate your taking the time to read this letter amidst your busy schedule.

*Celsius (DOC 670)*

*"5. Additionally, there are certain assets in the Custody Program and Withhold Accounts that were never in the Earn Program or the Borrow Program; the customers transferred cryptocurrency assets into the Custody Program or Withhold Account from an external wallet but never transferred such property to or from the Earn Program or the Borrow Program. Accordingly, the Debtors believe that such transferred assets were never property of the Debtors (unless a customer also had an outstanding loan in the Borrow Program, as described further below), and could not be subject to a preference action (the "Pure Custody Assets," and, together with the Transferred Custody Assets, the "Custody Assets," and the "Pure Withhold Assets" and, together with the Transferred Withhold Assets, the "Withhold Assets"). Given that the Pure Custody Assets and Pure Withhold Assets could not be subject to a preference action, the Debtors likewise believe it is appropriate to permit the applicable customers to withdraw such assets in accordance with procedures and other conditions set forth in this Motion."*




**USPS PRIORITY MAIL EXPRESS**

EI 914 664 092 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( )

Sungbin Min
60, Central park-ro, Yeongtong-gu,
6302-1603
Suwon-si, Gyeonggi-do 16504

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

Honorable Judge John Dorsey
824 N Market St
5th Floor, Courtroom 5
Wilmington, DE 19801

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance Included.

⬇ **PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No.   Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO

PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage
0188 | 3/26 | 

Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee
 | ☐ 6:00 PM | $ | $

Time Accepted ☐ AM ☐ PM | | Return Receipt Fee | Live Animal Transportation Fee
13:45 | | $ | $

Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees
$ | $ | 

Weight ☐ Flat Rate | Acceptance Employee Initials | $30.48
3 lbs  oz | |

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature
Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996

"Bankrupcy"



EP13F October 2023
OD: 12 1/2 x 9 1/2







UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023; All rights reserved.