IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Hearing Date: April 24, 2024 at 2:00 p.m. (ET) |
| | : | Obj. Deadline: April 15, 2024, at 4:00 p.m. (ET) |

### EXAMINER'S (I) APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PATTERSON BELKNAP WEBB & TYLER LLP AS COUNSEL TO THE EXAMINER *NUNC PRO TUNC* TO THE APPOINTMENT DATE AND (II) MOTION TO FILE UNDER SEAL CERTAIN INFORMATION REGARDING POTENTIAL PARTIES IN INTEREST

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), files this application and motion (the "Application/Motion") seeking entry of an order authorizing (i) the retention and employment of Patterson Belknap Webb & Tyler LLP ("Patterson Belknap" or the "Firm") as counsel to the Examiner *nunc pro tunc* to the Appointment Date (as defined below) pursuant to sections 105 and 327 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2014-1 of the Local Rules for the United States Bankruptcy Court

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of Debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

for the District of Delaware (the "Local Rules"), and the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 9883 (the "Examination Scope Order"), and (ii) the filing under seal of certain information regarding potential parties in interest.  In support of the Application/Motion, the Examiner relies upon the *Declaration of Robert J. Cleary in Support of Examiner's (I) Application for an Order Authorizing the Retention and Employment of Patterson Belknap Webb & Tyler LLP as Counsel to the Examiner,* Nunc Pro Tunc *to the Appointment Date and (II) Motion to File Under Seal Certain Information Regarding Potential Parties in Interest* (the "Cleary Declaration") attached hereto as Exhibit B, and the *Declaration of Daniel A. Lowenthal in Support of Examiner's (I) Application for an Order Authorizing the Retention and Employment of Patterson Belknap Webb & Tyler LLP as Counsel to the Examiner,* Nunc Pro Tunc *to the Appointment Date and (II) Motion to File Under Seal Certain Information Regarding Potential Parties in Interest* attached hereto as Exhibit C (the "Lowenthal Declaration"), and respectfully states as follows:

## JURISDICTION, VENUE, AND STANDING

1. This Court has jurisdiction to consider the Application/Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference issued by the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases and other authority for the relief requested herein are sections 105 and 327 of the Bankruptcy Code, rule 2014 of the Bankruptcy Rules, rule 2014-1 of the Local Rules, and paragraph 10 of the Examination Scope Order.

4.  Pursuant to Local Rule 9013-1(f), the Examiner consents to this Court's entry of a final order in connection with this Application/Motion to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

5.  On November 11 and 14, 2022, the Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 15, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Debtors' cases (the "Creditors' Committee"). *See* ECF No. 231.

6.  On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner*, ECF No. 176 (the "Examiner Motion").

7.  On February 21, 2023, the Court entered the *Order Denying Motion for the Appointment of an Examiner*, ECF No. 746 (the "Examiner Order"). On March 6, 2023, the U.S. Trustee filed a notice of appeal of the Examiner Order, ECF No. 805, and on January 19, 2024, the United States Court of Appeals for the Third Circuit issued an opinion reversing the Examiner Order.

8.  On February 23, 2024, the Court entered an order directing the U.S. Trustee to appoint an examiner in the Debtors' cases, ECF No. 7909.

9.  On February 27, 2024, the U.S. Trustee filed the *Notice of Appointment of Examiner*, ECF No. 8047, and the *(I) Application of the United States Trustee for Order Approving the Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of an Order (A)*

3

*Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 8048.

10. The Court held a hearing on March 20, 2024. On March 20, 2024 (the "Appointment Date"), the Court entered the *Order Approving the Appointment of Examiner*, ECF No. 9882 (the "Appointment Order"), which approved Mr. Cleary's appointment as Examiner in these Chapter 11 Cases. On the Appointment Date, the Court also entered the Examination Scope Order, which sets out the parameters of the Examiner's investigation.

11. The Examination Scope Order authorizes the Examiner to "retain counsel and other professionals if he determines that such retention is necessary to discharge his duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327." Examination Scope Order, ¶ 10. Any professional retained by the Examiner will be compensated pursuant to and in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, ECF No. 435 (the "Interim Compensation Order"), sections 330 and 331 of the Bankruptcy Code, and any other applicable provisions of the Bankruptcy Rules and Local Rules.

## RELIEF REQUESTED

12. Through this Application/Motion, the Examiner seeks entry of an order authorizing the employment and retention of Patterson Belknap as counsel to the Examiner *nunc pro tunc* to the Appointment Date. The Examiner requests that Patterson Belknap be employed and retained to perform the services described in this Application/Motion on the terms set forth below.

## PATTERSON BELKNAP'S QUALIFICATIONS AND SERVICES TO BE PROVIDED

13. The Examiner seeks to employ and retain Patterson Belknap as counsel to represent and assist him in carrying out his duties as Examiner. Patterson Belknap has stated its willingness to serve as Examiner's counsel, and the Firm is well qualified to provide representation to the Examiner in a cost-effective, efficient, and timely manner.

14. Patterson Belknap has exceptional talent and a global client base. By employing Patterson Belknap, the Examiner will have the benefit of the Firm's robust litigation department, which has a formidable track record in high-stakes disputes and investigations as well as decades of experience appointing, supervising, and working as monitors, counsel to examiners, and the like. In addition, the Examiner will have the support of the Firm's bankruptcy department, which has vast experience representing parties in interest in some of the nation's largest and most complex bankruptcy cases. The Examiner will also have the ability to call upon attorneys within the Firm that have experience and expertise in other specialized areas of law if necessary.

15. The Examiner believes that Patterson Belknap's services are necessary to assist him in carrying out his duties as Examiner pursuant to the Examination Scope Order and section 1106 of the Bankruptcy Code. Specifically, the Examiner expects Patterson Belknap to:

   a. Represent and assist him in the discharge of his duties and responsibilities as Examiner pursuant to the Examination Scope Order, other orders of this Court, and applicable law;

   b. Assist him in preparing reports, including the report contemplated by the Examination Scope Order;

   c. Represent him in the preparation of motions, applications, notices, orders and other documents necessary to discharge his duties as Examiner;

   d. Represent him at hearings and other proceedings before this Court (or any other court if necessary);

   e. Analyze and advise him regarding any legal issues that arise in connection with the discharge of his duties as Examiner;

f. Assist him with interviews, examinations, and the review of documents and other materials in connection with his investigation;

g. Perform all other necessary legal services on behalf of the Examiner in connection with these Chapter 11 Cases; and

h. Assist him in undertaking any additional tasks or duties that the Court might direct or that he might determine are necessary and appropriate in his role as Examiner.

## **PATTERSON BELKNAP'S DISINTERESTEDNESS**

16. As set forth in the Lowenthal Declaration, Patterson Belknap has conducted a search of its client and former client database and related conflict information. Patterson Belknap personnel also researched entities and individuals associated with the Debtors and its list of potential parties in interest. Lastly, Patterson Belknap personnel distributed email inquiries to all Patterson Belknap attorneys and, as appropriate, made follow-up inquiries.

17. The Examiner believes that none of the connections contained in the Lowenthal Declaration disqualify Patterson Belknap from serving as counsel to the Examiner. The Examiner believes that (i) Patterson Belknap is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, (ii) Patterson Belknap does not hold or represent an interest adverse to the Debtors' estates as set forth in section 327(a) of the Bankruptcy Code, and (iii) Patterson Belknap's partners, associates, paraprofessionals, and other personnel do not hold any interest or represent any interest adverse to the Debtors' estates. The Examiner understands that the Firm's disclosures are based upon the best information available at this time.

18. Patterson Belknap will review its files periodically during and at the conclusion of its employment to identify additional connections. To the extent any such connections are discovered, Patterson Belknap will file a supplemental declaration as required by Bankruptcy Rule 2014(a).

**PATTERSON BELKNAP'S COMPENSATION**

19. Patterson Belknap will apply to the Court for the allowance of compensation and reimbursement of expenses for services rendered to the Examiner.[2] Subject to Court approval, Patterson Belknap will charge for its legal services on an hourly basis in accordance with its customary and comparable hourly rates in effect as of January 1, 2024. In addition, subject to Court approval, Patterson Belknap will seek reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by the Firm on the Examiner's behalf.

20. As set forth in the Lowenthal Declaration, Patterson Belknap will charge for its legal services on an hourly basis at rates in effect as of January 1, 2024:

| Partners | $1,440 to $2,115 |
|---|---|
| Of Counsel | $1,345 to $2,310 |
| Counsel | $1,415 to $1,545 |
| Associates | $795 to $1,410 |
| Staff Attorneys | $650 to $855 |
| Practice Area Attorney | $710 to $1,175 |
| Trial Specialist | $640 |
| Paralegals | $370 to $650 |
| Project Assistant | $230 |
| Practice Support | $440 to $785 |

21. Given the public-interest nature of this assignment, Patterson Belknap will provide a 10% discount on its fees. The fees charged for this assignment will be in accordance with the Firm's customary and comparable hourly rates.

22. Based upon the foregoing, the Examiner respectfully represents that the employment of Patterson Belknap is necessary and in the best interests of the Debtors' estates. As counsel to the Examiner, Patterson Belknap will enable the Examiner to carry out his

---

[2] On behalf of the Examiner, Patterson Belknap will also apply to the Court for the allowance of compensation and reimbursement of expenses for services rendered by the Examiner. Patterson Belknap will not file separate applications, but the Examiner's time will be accounted for separately.

responsibilities under the Bankruptcy Code and the Examination Scope Order. The Examiner respectfully submits the relief required in this Application/Motion is appropriate and should be granted by this Court.

**REQUEST FOR SEALING**

23.  This Court previously entered orders directing the filing under seal of certain information regarding parties in interest (e.g., the identities of customers), pursuant to section 107 of the Bankruptcy Code. *See*, *e.g.*, ECF No. 7315. Additionally, certain commercially sensitive information (e.g., the identities of potential bidders for estate assets) has been filed under seal by other estate professionals. *See*, *e.g.*, ECF No. 5228. The Examiner seeks similar permission to file under seal portions of the potential parties-in-interest list appended to the Lowenthal Declaration as well as certain disclosures therein regarding the Firm's connections with those potential parties in interest.

**NOTICE**

24.  Notice of this Application/Motion has been given to (a) the U.S. Trustee; (b) the Debtors; (c) the Creditors' Committee; (d) the ad hoc committee of non-U.S. customers of FTX.com; (e) the joint provisional liquidators of FTX Digital Markets Ltd.; and (d) all parties that have filed requests for notices in these Chapter 11 Cases. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

**NO PRIOR REQUEST**

25.  No previous request for the relief sought herein has been made by the Examiner to this or any other court.

WHEREFORE the Examiner respectfully requests entry of the proposed order attached hereto as <u>Exhibit A</u> (i) approving the appointment of Patterson Belknap as counsel to the Examiner *nunc pro tunc* to the Appointment Date, (ii) approving the filing under seal of certain information regarding potential parties in interest, and (iii) granting such other and further relief as deemed just and proper.

Dated: April 1, 2024

<u>/s/<i>Robert</i> J. Cleary</u>

Robert J. Cleary