### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date: April 24, 2024, at 2:00 p.m. (ET)<br>Obj. Deadline: April 17, 2024, at 4:00 p.m. (ET) |

### EXAMINER'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT OF ASHBY & GEDDES, P.A. AS DELAWARE COUNSEL *NUNC PRO TUNC* TO THE APPOINTMENT DATE

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), files this application (the "Application") seeking entry of an order authorizing the employment of Ashby & Geddes, P.A. ("Ashby" or the "Firm") as his Delaware counsel, *nunc pro tunc* to the Appointment Date (as defined below) pursuant to sections 105 and 327 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of Debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Interest Under Seal*, ECF No. 9883 (the "Examination Scope Order").  In support of the Application, the Examiner relies upon the Declarations of Robert J. Cleary (the "Cleary Declaration") and Michael D. DeBaecke (the "DeBaecke Declaration") attached hereto as **Exhibit B and Exhibit C**, respectively, and respectfully states as follows:

## JURISDICTION, VENUE, AND STANDING

1. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference issued by the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases and other authority for the relief requested herein are Bankruptcy Code sections 105 and 327, Bankruptcy Rule 2014, Local Rule 2014-1, and paragraph 10 of the Examination Scope Order.

4. Pursuant to Local Rule 9013-1(f), the Examiner consents to this Court's entry of a final order in connection with this Application to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

5. On November 11 and 14, 2022, the Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Court").  On December 15, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). *See* ECF No. 231.

6. On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner*, ECF No. 176 (the "Examiner Motion").

7. On February 21, 2023, the Court entered an *Order Denying Motion for the Appointment of an Examiner*, ECF No. 746 (the "Examiner Order"). On March 6, 2023, the U.S. Trustee filed a notice of appeal of the Examiner Order, ECF No. 805, and on January 19, 2024, the United States Court of Appeals for the Third Circuit issued an opinion reversing the Examiner Order.

8. On February 23, 2024, the Court entered an order directing the U.S. Trustee to appoint an examiner in the Debtors' cases, ECF No. 7909.

9. On February 27, 2024, the U.S. Trustee filed the *Notice of Appointment of Examiner*, ECF No. 8047, and the *(I) Application of the United States Trustee for Order Approving the Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of an Order (A) Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 8048.

10. The Court held a hearing on March 20, 2024. On March 20, 2024 (the "Appointment Date"), the Court entered the *Order Approving the Appointment of Examiner*, ECF No. 9882 (the "Appointment Order"), which approved Mr. Cleary's appointment as Examiner in these Chapter 11 Cases. On the Appointment Date, the Court also entered the Examination Scope Order, which sets out the parameters of the Examiner's investigation.

11. The Examination Scope Order authorizes the Examiner to "retain counsel and other professionals if he determines that such retention is necessary to discharge his duties,

with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327." Examination Scope Order, ¶ 10. Any professional retained by the Examiner will be compensated pursuant to and in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, ECF No. 435 (the "Interim Compensation Order"), sections 330 and 331 of the Bankruptcy Code, and any other applicable provisions of the Bankruptcy Rules and Local Rules.

## RELIEF REQUESTED

12. Through this Application, the Examiner seeks entry of an order authorizing the employment of Ashby as his Delaware counsel, *nunc pro tunc* to the Appointment Date. The Examiner requests that Ashby be retained to perform the services described in this Application on the terms set forth below.

## ASHBY'S QUALIFICATIONS AND SERVICES TO BE PROVIDED

13. The Examiner seeks to employ Ashby as his Delaware counsel to represent and assist him in carrying out his duties as Examiner. Ashby has stated its willingness to serve as counsel, and the Firm is well-situated to provide representation to the Examiner in a capable, cost-effective, efficient, and timely manner.

14. Ashby's bankruptcy attorneys appear frequently in this Court representing, among others, debtors, official and ad hoc creditors' committees, chapter 7 trustees, receivers, examiners, asset purchasers, contract counterparties, litigation parties, and various other kinds and/or groups of creditors and claimants. Given Ashby's extensive experience and knowledge in the field of debtor and creditor rights, its deep familiarity with practice before this Court, and its ability to respond quickly and efficiently in time-sensitive matters, the Examiner believes Ashby is

well qualified to represent him in the Chapter 11 Cases. Ashby's services as Delaware counsel will enable the Examiner to execute faithfully his duties in these Chapter 11 Cases.

15. Specifically, Ashby may assist the Examiner in some or all of the following ways:

a. Represent and assist him and his lead counsel in the discharge of his duties and responsibilities as Examiner pursuant to the Examination Scope Order, other orders of this Court, and applicable law;

b. Assist him and his lead counsel in preparing reports, including the report contemplated by the Examination Scope Order;

c. Represent him in the preparation of motions, applications, notices, orders and other documents necessary to discharge his duties as Examiner;

d. Represent him at hearings and other proceedings before this Court (or any other court if necessary);

e. Analyze and advise him regarding any legal issues that arise in connection with the discharge of his duties as Examiner;

f. Assist him and his lead counsel with interviews, examinations, and the review of documents and other materials in connection with his investigation;

g. Perform all other necessary legal services on behalf of the Examiner in connection with these Chapter 11 Cases; and

h. Assist him in undertaking any additional tasks or duties the Court might direct or that he might determine are necessary and appropriate in his role as Examiner.

## ASHBY'S DISINTERESTEDNESS

16. As set forth in the DeBaecke Declaration, Ashby has conducted a search of its client and former client database and related conflict information. Ashby personnel also researched entities and individuals associated with the Debtors and its list of potential parties in interest. Lastly, Mr. DeBaecke distributed email inquiries to Ashby attorneys and, as appropriate, made follow-up inquiries regarding certain information and search results received.

17. The Examiner believes that none of the connections set forth in the DeBaecke Declaration should disqualify Ashby from serving as his Delaware counsel for purposes of the investigation. The Examiner believes that (i) Ashby is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, (ii) Ashby does not hold or represent an interest adverse to the Debtors' estates as set forth in section 327(a) of the Bankruptcy Code, and (iii) Ashby's partners, associates, paraprofessionals, and other personnel do not hold any interest or represent any interest adverse to the Debtors' estates. The Examiner understands the Firm's disclosures are based upon the best information available at this time.

18. Ashby will review its files periodically during and at the conclusion of its employment to identify additional connections. To the extent any such connections are discovered, Ashby will file a supplemental declaration as required by Bankruptcy Rule 2014(a).

**ASHBY'S COMPENSATION**

19. Ashby will apply to the Court for the allowance of compensation and reimbursement of expenses for services rendered to the Examiner. Subject to Court approval, Ashby will charge for its legal services on an hourly basis in accordance with its customary and comparable hourly rates. In addition, subject to Court approval, Ashby will seek reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by the Firm on the Examiner's behalf.

20. As set forth in the DeBaecke Declaration, Ashby will charge for its legal services on an hourly basis at rates in effect as of January 1, 2024:

| Partners | $750 to $925 |
| Counsel | $620 to $730 |
| Associates | $395 to $550 |
| Paralegals | $335 to $375 |
| Practice Support | $275 to $325 |

21. Based upon the foregoing, the Examiner respectfully represents that the employment of Ashby is necessary and appropriate. As counsel to the Examiner, Ashby will enable the Examiner to carry out his responsibilities under the Bankruptcy Code and the Examination Scope Order. The Examiner respectfully submits the relief requested in this Application should be granted by this Court.

**NOTICE**

22. Notice of this Application has been given to (a) the U.S. Trustee; (b) the Debtors; (c) the Creditors' Committee; (d) the ad hoc committee of non-U.S. customers of FTX.com; (e) the joint provisional liquidators of FTX Digital Markets Ltd.; and (d) all parties that

have filed requests for notices in these Chapter 11 Cases. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

## NO PRIOR REQUEST

23.     No previous request for the relief sought herein has been made by the Examiner to this or any other court.

WHEREFORE the Examiner respectfully requests entry of the proposed order attached hereto as **Exhibit A** approving the employment of Ashby as his Delaware counsel, *nunc pro tunc* to the Appointment Date and granting such other and further relief as deemed just and proper.

Dated: April 3, 2024

                                                             */s/ Robert J. Cleary*
                                                            Robert J. Cleary