# **EXHIBIT B**

CLEARY DECLARATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　　　　Debtors. | :<br>:<br>:  Chapter 11<br>:<br>:  Case No. 22-11068 (JTD)<br>:  (Jointly Administered)<br>: |

**DECLARATION OF ROBERT J. CLEARY IN SUPPORT OF
EXAMINER'S APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT OF
ASHBY & GEDDES, P.A. AS DELAWARE COUNSEL, *NUNC PRO TUNC* TO THE
APPOINTMENT DATE**

I, ROBERT J. CLEARY, do hereby verify the following:

1. On March 20, 2024 (the "Appointment Date"), pursuant to the *Order Approving the Appointment of Examiner*, ECF No. 9882 (the "Appointment Order"), I was appointed examiner (the "Examiner") in the above-captioned chapter 11 cases of FTX Trading Ltd. and certain of its affiliates (the "Debtors") pursuant to section 1104 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2007.1 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of Debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

{02002263;v1 }

2.  I submit this declaration in connection with my application (the "Application")[2] seeking authorization to employ Ashby & Geddes, P.A. ("Ashby" or the "Firm") as my Delaware counsel, *nunc pro tunc* to the Appointment Date.

## BACKGROUND

3.  On February 23, 2024, the Bankruptcy Court entered an order directing the U.S. Trustee to appoint an examiner in the Debtors' cases, ECF No. 7909.

4.  On February 27, 2024, the U.S. Trustee filed the *Notice of Appointment of Examiner*, ECF No. 8047, and the *(I) Application of the United States Trustee for Order Approving the Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of an Order (A) Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 8048.

5.  The Court held a hearing on March 20, 2024, after which it entered the Appointment Order approving my appointment as Examiner in these Chapter 11 Cases. The Court also entered the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 9883 (the "Examination Scope Order"), which sets out the parameters of the Examiner's investigation.

6.  The Examination Scope Order authorizes me to "retain counsel and other professionals . . . with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327." Examination Scope Order, ¶10. Any professional retained by the Examiner will be compensated pursuant to and in accordance with *Order Establishing*

---

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

{02002263;v1 }                                            2

*Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, ECF No. 435 (the "Interim Compensation Order"), sections 330 and 331 of the Bankruptcy Code, and any other applicable provisions of the Bankruptcy Rules and Local Rules.

## SELECTION OF COUNSEL AND SERVICES TO BE PROVIDED

7. By the Application, I seek Court authorization to employ Ashby as my Delaware counsel. I believe Ashby has the experience, expertise, and resources to provide efficient, timely, and cost-effective representation in this matter.

8. I anticipate Ashby will provide some or all of the following services:

   i. Represent and assist me and my lead counsel in the discharge of my duties and responsibilities as Examiner pursuant to the Examination Scope Order, other orders of this Court, and applicable law;

   ii. Assist me and my lead counsel in preparing reports, including the report contemplated by the Examination Scope Order;

   iii. Represent me in the preparation of motions, applications, notices, orders and other documents necessary to discharge my duties as Examiner;

   iv. Represent me at hearings and other proceedings before this Court (or any other court if necessary);

   v. Analyze and advise me regarding any legal issues that arise in connection with the discharge of my duties as Examiner;

   vi. Assist me and my lead counsel with interviews, examinations, and the review of documents and other materials in connection with my investigation;

   vii. Perform all other necessary legal services on behalf of the Examiner in connection with these Chapter 11 Cases; and

   viii. Assist me in undertaking any additional tasks or duties the Court might direct or that I might determine are necessary and appropriate in my role as Examiner.

9. In addition, I have reviewed the disclosures contained in the DeBaecke Declaration, attached to the Application as **Exhibit C**, and I do not believe that any of the connections disclosed disqualify Ashby from serving as my Delaware counsel during the investigation. In particular, I believe Ashby is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

As set forth in section 327(a) of the Bankruptcy Code, I believe Ashby does not hold or represent an interest adverse to the Debtors' estates. I also do not believe that any of Ashby's partners, associates, paraprofessionals, or other personnel hold any interest or represent any interest adverse to the Debtors' estates. I understand the disclosures contained in the DeBaecke Declaration are based on the best information currently available.

## RATE STRUCTURE

10. As set forth in the Examination Scope Order, the budget for the initial phase of the Examiner's investigation is $1,600,000, assuming there are no impediments to or delays in the Examiner gaining access to all relevant information. This is without prejudice to my right to seek an increase of the budget for cause shown, after notice and an opportunity for parties in interest to be heard.

11. I understand Ashby will charge its normal and customary rates in effect as of January 1, 2024, as specifically set forth in the DeBaecke Declaration. I am familiar with the market rates for professionals in the industry, and I have reviewed the rates charged by other professionals in these Chapter 11 Cases. Based on my knowledge and experience, I believe Ashby's rates are, on the whole, reasonable and appropriate for this engagement.

12. I further understand Ashby will also seek reimbursement of actual, necessary out-of-pocket expenses and other charges incurred on my behalf.

13. I will be responsible for supervising Ashby and the fees and expenses the Firm will charge. As such, I recognize it is also my responsibility to monitor closely the billing practices of Ashby to ensure that the fees and expenses paid by the Debtors' estates on account of my investigation remain consistent with the Examination Scope Order as well as the needs and

requirements of these Chapter 11 Cases. I will review Ashby's invoices through the duration of my examination.

14. I understand any request for payment from the Debtors' estates for compensation and reimbursement of expenses incurred in the performance of Ashby's services as counsel to the Examiner (if approved) will be subject to final Court approval and any fee applications will be made in accordance with the Interim Compensation Order, sections 330 and 331 of the Bankruptcy Code, and any other applicable provisions of the Bankruptcy Rules and Local Rules.

I verify under penalty of perjury that the foregoing is true and correct to the best of my current knowledge, information, and belief.

Dated: April 3, 2024

                                                   */s/  Robert J. Cleary*
                                                  Robert J. Cleary