# **EXHIBIT C**

DEBAECKE DECLARATION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered) |

**DECLARATION OF MICHAEL D. DEBAECKE IN
SUPPORT OF EXAMINER'S APPLICATION FOR AN ORDER
AUTHORIZING EMPLOYMENT OF ASHBY & GEDDES, P.A. AS DELAWARE
COUNSEL, *NUNC PRO TUNC* TO THE APPOINTMENT DATE**

I, MICHAEL D. DEBAECKE, do hereby verify the following:

1. I am Of Counsel at Ashby & Geddes, P.A. ("Ashby" or the "Firm"), with offices located at 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801.

2. On March 20, 2024 (the "Appointment Date"), Robert J. Cleary was appointed examiner (the "Examiner") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (the "Debtors") pursuant to section 1104 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2007.1 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of Debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

{02002263;v1 }

3.      On the Appointment Date, the Court entered (i) the *Order Approving the Appointment of Examiner*, ECF No. 9882 (the "Appointment Order") and (ii) the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 9883 (the "Examination Scope Order").

4.      I submit this declaration in connection with the Examiner's application (the "Application")[2] seeking authorization to employ Ashby as Delaware counsel, *nunc pro tunc* to the Appointment Date.

5.      Unless otherwise stated, the facts set forth below are based upon my personal knowledge or discussions with other partners, associates, or professionals of Ashby, and client matter records of Ashby reviewed by me or my colleagues acting under my supervision and direction.  This declaration will be supplemented if additional information related to the matters addressed in this declaration becomes available.

## ASHBY'S QUALIFICATIONS

6.      Ashby has the expertise, experience, and resources to serve as capable Delaware counsel to the Examiner.

7.      Ashby's bankruptcy attorneys appear frequently in this Court representing, among others, debtors, official and ad hoc creditors' committees, chapter 7 trustees, receivers, examiners, asset purchasers, contract counterparties, litigation parties, and various other kinds and/or groups of creditors and claimants.  Given its extensive experience and knowledge in the field of debtor and creditor rights, its deep familiarity with practice before this Court, and its ability to respond quickly and efficiently in time-sensitive matters, I believe Ashby is well qualified and able to serve

---

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

{02002263;v1 }                                              2

as Delaware counsel for the Examiner.  Ashby's services will enable the Examiner to execute faithfully his duties in these Chapter 11 Cases.

## ASHBY'S DISINTERESTEDNESS AND CONNECTIONS

8. Ashby has developed procedures to enable it to ensure compliance with the requirements of the Examination Scope Order, the Bankruptcy Code, the Bankruptcy Rules, and any local rules of this Court regarding the service of an examiner and his employment of professionals.

9. Ashby was provided with a list of potential parties in interest in these Chapter 11 Cases (the "Identified Parties").  I understand the searched list of Identified Parties was the same list searched by (a) the Examiner in connection with his verified statement filed with the Court (*see* ECF No. 8048); and (b) the Examiner's lead counsel (Patterson Belknap Webb & Tyler LLP) in connection with its employment application papers (*see* Daniel A. Lowenthal Declaration).

10. Following the procedures referenced above, Ashby personnel compared the Identified Parties with a database containing the names of all Ashby clients and former clients who were clients at any time since January 1, 2018, and related conflict information.  Under my supervision and direction, Ashby researched information about affiliates of the listed entities, distributed email inquiries to all Ashby attorneys, and I made follow-up inquiries regarding information and search results received.

11. Based on the results of the foregoing search and review procedures, and other than as set forth below, I believe:

   i. Neither Ashby nor any of its attorneys represents any entity in or in connection with these Chapter 11 Cases.

   ii. Ashby does not hold or represent an interest adverse to any of the Debtors' estates.

{02002263;v1 }                                3

     iii.    Neither Ashby nor any of its attorneys is a creditor, equity security holder, or insider of any of the Debtors or their affiliates.

     iv.    Neither Ashby nor any of its attorneys has been, within two years before the date of the filing of the Debtors' petitions, a director, officer, or employee of any of the Debtors or their affiliates or has any interest materially adverse to the interests of the estates, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

12.    Based on the foregoing, I believe Ashby is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and the Firm is eligible to serve as Delaware counsel to the Examiner for his investigation in these Chapter 11 Cases.

13.    Based on the results of the described review procedures, I believe neither Ashby nor any of its attorneys, including me, has any connections, as that term is used in Bankruptcy Rule 2014, with any of the Identified Parties, except:

     i.    **Ashby connections or involvement in the Chapter 11 Cases prior to the Appointment Date**:

         a.    Ashby (Michael DeBaecke) currently serves as Delaware counsel for two affiliated co-defendants in an avoidance action brought by Alameda Research and FTX Trading, Adv. No. 23-50444 (JTD). The Ashby clients are Rioscience LLC and 4J Therapeutics Inc. Additional defendants named in the action are represented by multiple separate counsel.

             That matter for months has been subject to an agreed stay as to certain of the defendants, including the Ashby clients. [*See* Adv. Dkt. No. 64.] Subject to in-process documentation, I understand this action largely is resolved among the plaintiffs and the remaining life science defendants, including the two Ashby clients.

         b.    Early in the Chapter 11 Cases, Ashby (Ricardo Palacio) filed a notice of appearance as Delaware counsel for BitGo Trust Company Inc. Other than that filing and contemporaneous filings of pro hac vice motions, Ashby has had no involvement or activity in respect thereof.

         c.    Ashby, through Mr. Palacio, also has represented Olympus Peak Trade Claims Opportunities Fund I Non-ECI Master LP in its capacity as a claims purchaser in the FTX cases. In particular, Ashby has represented Olympus as Delaware counsel in connection with two separate claims

{02002263;v1 }                                              4

purchase disputes. I understand the Debtors are not participants in either such third-party dispute.

One such dispute was raised in an adversary proceeding (Adv. Pro. No. 23-50754 (JTD)) filed by Olympus. That proceeding recently was transferred to the Southern District of New York by agreed order entered on March 1, 2024. [*See* Adv. Dkt. No. 27.]

The second claim-related matter remains open and addresses a dispute among Olympus and other purported claim purchasers regarding transfer of an original claimant's FTX-related claim. Transfer notices regarding that same claim apparently have been filed by multiple asserted claim purchasers. [*See* ECF No. 9289.] This matter currently is scheduled for hearing on May 15, 2024.

d. Ashby (via Gregory Taylor) represented Mercedes Benz Grand Prix Limited as Delaware counsel in connection with a contract rejection matter in the Chapter 11 Cases. That rejection already occurred.

e. An Ashby bankruptcy paralegal has been and is walled off from any FTX involvement. He joined Ashby from Debtors' Delaware counsel firm after the Chapter 11 Cases were filed. He would not provide any services in connection with representation of the Examiner.

f. An Ashby litigation partner was involved as Delaware counsel for a group of shareholders in the Grayscale Bitcoin Trust and the Grayscale Ethereum Trust. That group potentially was going to join Delaware Court of Chancery litigation as co-plaintiffs. Debtor Alameda Research Ltd. was the lead plaintiff in that action, but represented by separate counsel (the Quinn Emmanuel firm). Ashby did not represent the Debtor. Grayscale Investments, LLC was one of the named defendants in the action. *See* Case No. 2023-0276 (PAF) (Del. Ch.). That action is now dismissed without Ashby's clients ever having joined the litigation and I am informed the Ashby representation in this matter is now closed.

ii. **Ad Hoc Committee (Non-US Customers of FTX.com)**

Ashby understands based upon a recently filed supplemental Rule 2019 statement (*see* ECF No. 9794) that Olympus is listed as a member of the Ad Hoc Committee. Ashby does not represent Olympus in such member capacity.

Ashby represented a group of creditors in an unrelated, closed matter where Silver Point Capital, LP (or one or more of its affiliates) may have been a member.

Ashby further understands that Morris Nichols Arsht & Tunnell is Delaware counsel to the Ad Hoc Committee. Ashby formerly represented the Morris Nichols firm in an unrelated matter.[3]

iii. **Banks/Lenders/Uniform Commercial Code Lien Parties/Administrative Agents**

Ashby currently represents and formerly has represented Bank of America, N.A. and certain affiliates, in their respective individual and agent capacities. All of these representations are or were in unrelated matters.

Ashby formerly has represented Citizens Bank, N.A. and affiliates; First Republic Bank; JPMorgan Chase & Co. and JP Morgan Chase Bank, N.A.; Wells Fargo Bank, N.A. and various affiliates, in their respective individual and agent capacities; and Silicon Valley Bank (and First Citizens Bank & Trust Company as its successor). All of the foregoing representations were in unrelated matters.

iv. **Bankruptcy Professionals – Retained**

In unrelated matters, Ashby formerly represented Ernst & Young and Quinn Emmanuel Urquhart & Sullivan LLP.

v. **Contract Counterparties**

In addition to the above applicable disclosures, Ashby currently represents TrustToken, Inc. and/or its affiliate(s) in an unrelated matter.

Ashby formerly represented Yahoo, Inc. in unrelated matter(s).

---

[3] The term "unrelated matter" as used herein refers to a matter not related to the Debtors or the Chapter 11 Cases.

{02002263;v1 }                                6

vi. **Investments/Acquisitions**

Ashby formerly represented (i) BlackRock and/or its affiliates; (ii) Clover Holdings LLC; and (iii) Symmetry LLC. All of the foregoing representations were in unrelated matters.

vii. **Ordinary Course Professionals**

In unrelated matters, Ashby formerly represented (i) KPMG, Inc. as Monitor and Foreign Representative of SkyPower Corp.; (ii) KPMG affiliates; and (iii) King & Wood Mailesons as agent for Quadrant Energy Pty Ltd.

viii. **Other Significant Creditors**

In unrelated matters, Ashby formerly represented (i) Apollo Capital Opportunities Fund Ltd. and/or Apollo affiliates; and (ii) Celsius Network LLC or other Celsius affiliates.

ix. **Insurance**

Ashby currently represents and formerly has represented Travelers Insurance Company and its affiliates, all in unrelated matters.

Ashby formerly has represented Continental Casualty Company and/or its affiliates in unrelated matter(s).

x. **Interested Parties**

In unrelated matters, Ashby previously represented (i) Cantor Fitzgerald and/or its affiliates, in their respective individual or agent capacities; and (ii) Industry Ventures Fund IV, LP.

xi. **Utilities**

In unrelated matters, Ashby previously represented (i) AT&T Corp. and various affiliates; and (ii) Verizon Services Corp..

xii. **Vendors**

Ashby currently represents Amazon.com Services LLC and affiliates in an unrelated matter.

Ashby currently represents and formerly has represented Federal Express and/or its affiliates, all in unrelated matters.

        Ashby also has formerly represented (i) Roku, Inc.; (ii) Microsoft Corporation; (iii) Facebook, Inc.; (iv) The Charles Schwab Corporation and affiliates, including TD Ameritade, Inc.; (v) Insight Direct USA, Inc.; (vi) Cloudflare, Inc.; and (vii) PricewaterhouseCoopers LLP.  All of the foregoing representations were in unrelated matters.

14.    Except as noted above, Ashby has not previously represented any of the Identified Parties in any matters related to the Debtors or these Chapter 11 Cases.  The Firm has agreed that while it is providing services as counsel for the Examiner, it will not accept any new matters in these Chapter 11 Cases for existing clients and it will not accept any new clients in connection with these Chapter 11 Cases.

15.    Prior to taking the bench in 2020, the Honorable Karen B. Owens was a partner with Ashby.[4]  Subject to the foregoing, neither Ashby nor any of its attorneys has any connection with any of the current bankruptcy judges for the District of Delaware.

16.    An Asby partner currently serves as a chapter 7 panel trustee in Delaware.[5]  Other than the foregoing, neither Ashby nor any of its attorneys has any current connection with the Office of the United States Trustee in the District of Delaware.

17.    Ashby represents many entities, some of which may be, or may become parties in interest without our knowledge.  Additionally, as part of our practice, Ashby represents clients in numerous matters involving other law firms, financial advisory firms, and professionals in either adverse or non-adverse roles, some of which may represent the Debtors, creditors, or Identified Parties or themselves be creditors, Identified Parties, or other parties in interest in these Chapter 11 Cases, or they may employ persons with whom its attorneys have personal or familial relationships.  While it is not practical for us to identify all such connections, except as otherwise

---

[4] Also, a current Ashby law clerk is engaged to Judge Owens' current law clerk.

[5] Prior to re-entering private practice more than 10 years ago, he worked as an attorney in the U.S. Trustee's Office.

disclosed herein, I am unaware of any such material connections and I believe none of them would prevent Ashby from being a "disinterested person," none would involve the holding or representation of an interest adverse to the Debtors' estates, and none would create a conflict of interest with respect to this matter such that Ashby should not be permitted to serve as Delaware counsel for the Examiner for purposes of his investigation.

18. Finally, to the extent that Ashby or I discover any additional facts bearing on the information disclosed above, Ashby will supplement the information promptly.

## COMPENSATION

19. Ashby will charge for its legal services on an hourly basis at its usual and customary rates in effect as of January 1, 2024:

| Partners | $750 to $925 |
| Counsel | $620 to $730 |
| Associates | $395 to $550 |
| Paralegals | $335 to $375 |
| Practice Support | $275 to $325 |

20. The charges for the attorneys who will render services to the Examiner will be based upon actual time spent and upon experience and expertise of the attorney or paraprofessional involved. The hourly rates set forth above are consistent with the rates charged by Ashby to other comparable clients for similar services, whether inside or outside of chapter 11, regardless of the location of the client or the court in which a matter is pending. The hourly rates listed above are appropriate and not significantly different from (i) the rates the Firm charges for other similar types of representations, or (ii) the rates that other counsel of similar expertise and experience would charge to do the work Ashby will perform in these Chapter 11 Cases. The rates are subject to periodic adjustments to reflect economic and other conditions. Ashby will provide notice to the

{02002263;v1 }                                                  9

Debtors, the U.S. Trustee, and the Creditors' Committee before implementing any periodic increases.

21. Ashby will also seek reimbursement of actual, necessary out-of-pocket expenses and other charges incurred on the Examiner's behalf. All requests for reimbursement will be consistent with any guidelines established by the Bankruptcy Court. The Firm customarily charges its clients for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred but for the representation. In particular, Ashby charges its clients for, among other things, litigation support vendors; transcripts and other related expenses; telephone conference calls and international call charges; mail and express mail charges; special, overnight, or hand delivery charges; photocopying charges; airline, hotel, and other travel-related expenses; working meals or overtime/after-hours meals; computerized research; and non-ordinary expenses such as necessary overtime expenses. The Firm does not charge its clients for regular overhead expenses such as office supplies and will not seek reimbursement for such expenses here.

22. Ashby has not entered into any agreement to share, nor will it share, compensation received for services rendered to the Examiner in connection with these Chapter 11 Cases. Ashby will strive to perform its services at a reasonable cost.

23. Any request for payment from the Debtors' estates for compensation and reimbursement of expenses incurred in the performance of Ashby's services as counsel to the Examiner (if approved) would be subject to Court approval and made in accordance with the Interim Compensation Order, ECF No. 435, Bankruptcy Code sections 330 and 331, and any other applicable provisions of the Bankruptcy Rules and Local Rules.

**RESPONSE TO U.S. TRUSTEE FEE GUIDELINE QUESTIONS**

24. Ashby will also make a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines"). The following are responses to the questions in Section D.1 of the U.S. Trustee Guidelines:

   i. Ashby did not agree to any variations from, or alternative to, its standard or customary billing arrangements for this engagement.

   ii. None of the professionals or paraprofessionals included in this engagement vary their hourly rate based on the geographic location of the bankruptcy case.

   iii. Ashby did not represent the Examiner in the 12 months prepetition.

   iv. The Examination Scope Order sets forth the appropriate scope of the Examiner's role in these Chapter 11 Cases. Pursuant to the Examination Scope Order, the budget for the initial phase of the Examiner's investigation is $1,600,000, assuming no impediments to or delays in the Examiner gaining access to all relevant information. Ashby will work with the Examiner to appropriately staff the investigation. The scope, cost, degree, and duration of any subsequent phase of Examination is subject to further Court approval.

25. For all of the foregoing reasons, I believe Ashby's employment on behalf of the Examiner would be in the best interests of the Debtors' estates, creditors, equity security holders, and other parties in interest.

I verify under penalty of perjury that the foregoing is true and correct to the best of my current knowledge, information, and belief.

Dated: April 3, 2024

 /s/ Michael D. DeBaecke
Michael D. DeBaecke

{02002263;v1 }                                    11