## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### DECLARATION OF STEVEN P. COVERICK IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE (I) DISMISSAL OF THE CHAPTER 11 CASES OF THE FOREIGN WIND DOWN ENTITIES AND (II) EQUITIZATION OR RELEASE OF CERTAIN INTERCOMPANY CLAIMS AND MAKING RELATED CAPITAL CONTRIBUTIONS

I, Steven P. Coverick, hereby declare under penalty of perjury:

1.      I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operation restructuring.

2.      I have more than 10 years of restructuring and financial advisory experience across various industries, including energy, technology, media, telecommunications, logistics and healthcare.  I have a Bachelor's Degree from the Kelley School of Business at Indiana University, am a CFA® charterholder, and am recognized as a Certified Turnaround Professional by the Turnaround Management Association.

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

3.      Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Seadrill Limited, iHeart Media Inc., White Star Petroleum Holdings, LLC, Templar Energy LLC and Expro International Group Holdings Limited.

4.      I submit this declaration (the "Declaration") in support of the *Motion of Debtors For Entry of an Order Authorizing and Approving the (I) Dismissal of the Chapter 11 Cases of the Foreign Wind Down Entities and (II) Equitization or Release of Certain Intercompany Claims and Making Related Capital Contributions* (the "Motion").[2]

5.      I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"). Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by A&M professionals involved in advising the Debtors in the above-captioned case (the "Chapter 11 Case") or information provided to me by the Debtors. If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the Debtors.

## I.      FTX Products

6.      FTX Products (Singapore) Pte Ltd. ("FTX Products") is a wholly-owned subsidiary of FTX Trading and is incorporated in Singapore. FTX Products does not have any ongoing operations and is not expected to commence revenue generating activities in the future.

7.      Based on the Debtors' currently available books and records as of December 31, 2023, FTX Trading holds a prepetition intercompany claim against FTX Products

---

[2]      Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

of approximately $2,000 in relation to certain operating expenses paid on behalf of FTX

Products and a postpetition intercompany claim against FTX Products of approximately $2,000

in relation to certain operating expenses paid on behalf of FTX Products and Debtor West Realm

Shires, Inc. ("WRS") holds a postpetition intercompany claim against FTX Products of

approximately $4,000 in relation to U.S. Trustee fees and certain other operating expenses paid

on behalf of FTX Products.  No cash or other assets have been identified.

   8. I expect that FTX Products will incur approximately $35,000 in

liquidation costs.  In order to avoid an insolvent liquidation, in connection with the dismissal of

the Chapter 11 Case of FTX Products, the Debtors seek Court authorization to equitize, write-

down or otherwise release the intercompany claims of FTX Trading and WRS and provide an

equity contribution to FTX Products not to exceed $54,000.[3]

## II. Liquid Securities

   9. Liquid Securities Singapore Pte Ltd. ("Liquid Securities") is a wholly-

owned subsidiary of Debtor FTX Japan Holdings K.K. ("Japan Holdings") and is incorporated in

Singapore.  Liquid Securities does not have any ongoing operations and is not expected to

commence revenue generating activities in the future.

   10. Based on the Debtors' currently available books and records as of

December 31, 2023, WRS holds a postpetition intercompany claim against Liquid Securities of

approximately $1,000 in relation to U.S. Trustee fees paid on behalf of Liquid Securities and

FTX Trading holds a postpetition intercompany claim against Liquid Securities of approximately

---

[3] The variance between the sum of the intercompany claims and the expected liquidation costs is due to unknown
claims against the Foreign Wind Down Entities and/or additional wind down costs above the estimated cost
(applies throughout).

$400 in relation to certain operating expenses paid on behalf of Liquid Securities.  No cash or other assets have been identified.

11.     I expect that Liquid Securities will incur approximately $35,000 in liquidation costs.  In order to avoid an insolvent liquidation, in connection with the dismissal of the Chapter 11 Case of Liquid Securities, the Debtors seek Court authorization to equitize, write-down or otherwise release the intercompany claims of FTX Trading and WRS and provide an equity contribution to Liquid Securities not to exceed $54,000.

**III.    Analisya**

12.     Analisya Pte Ltd. ("Analisya") is a wholly-owned subsidiary of Japan Holdings and is incorporated in Singapore.  Analisya does not have any ongoing operations and is not expected to commence revenue generating activities in the future.

13.     Based on the Debtors' currently available books and records as of December 31, 2023, WRS holds a postpetition intercompany claim against Analisya of approximately $1,000 in relation to U.S. Trustee fees paid on behalf of Analisya and FTX Trading holds a postpetition intercompany claim against Analisya of approximately $300 in relation to certain operating expenses paid on behalf of Analisya.  No cash or other assets have been identified.

14.     I expect that Analisya will incur approximately $35,000 in liquidation costs.  In order to avoid an insolvent liquidation, in connection with the dismissal of the Chapter 11 Case of Analisya, the Debtors seek Court authorization to equitize, write-down or otherwise release the intercompany claims of WRS and FTX Trading and provide an equity contribution to Analisya not to exceed $54,000.

4886-3425-4258 v.5

IV.    **Quoine Vietnam**

15.    Quoine Vietnam Co. Ltd. ("Quoine Vietnam") is a wholly-owned subsidiary of Debtor FTX Japan K.K. and is incorporated in Vietnam.  Quoine Vietnam does not have any material ongoing operations and is not expected to commence revenue generating activities in the future.

16.    Based on the Debtors' currently available books and records as of December 31, 2023, Debtor Quoine Pte Ltd. holds a prepetition intercompany claim against Quoine Vietnam of approximately $282,000 mainly in relation to an intercompany service agreement between Quoine Pte Ltd. and Quoine Vietnam and FTX Japan K.K. holds a prepetition intercompany claim against Quoine Vietnam of approximately $23,000 in relation to certain operating expenses paid on behalf of Quoine Vietnam.  FTX Trading holds a postpetition intercompany claim against Quoine Vietnam of approximately $32,000 in relation to funding provided and certain operating expenses paid on behalf of Quoine Vietnam and WRS holds a postpetition intercompany claim against Quoine Vietnam of approximately $2,000 in relation to certain operating expenses and U.S. Trustee fees paid on behalf of Quoine Vietnam.  Quoine Vietnam also has other payables to third parties relating to operating expenses of approximately $6,000.  Quoine Vietnam holds approximately $558,000 of assets, including $300,000 of cash.  However, approximately $258,000 of those assets may not be immediately recoverable in a liquidation as a result of prepaid expenses and other current assets not expected to be recovered in a local liquidation process.

17.    I expect that Quoine Vietnam will incur approximately $35,000 in liquidation costs.  In order to avoid an insolvent liquidation, in connection with the dismissal of the Chapter 11 Case of Quoine Vietnam, the Debtors seek Court authorization to equitize, write-

4886-3425-4258 v.5

down or otherwise pay in cash the intercompany claims of Quoine Pte Ltd. and FTX Japan K.K. and provide an equity contribution to Quoine Vietnam not to exceed $62,000.

## V. Alameda Australia

18.    Alameda Aus Pty Ltd. ("Alameda Australia") is a wholly-owned subsidiary of Debtor Alameda Research Ltd and is incorporated in Australia.  Alameda Australia does not have any ongoing operations and is not expected to commence revenue generating activities in the future.

19.    Based on the Debtors' currently available books and records as of December 31, 2023, WRS holds a postpetition intercompany claim against Alameda Australia of approximately $1,000 in relation to U.S. Trustee fees paid on behalf of Alameda Australia.  No cash or other assets have been identified.

20.    I expect that Alameda Australia will incur approximately $35,000 in liquidation costs.  In order to avoid an insolvent liquidation, in connection with the dismissal of the Chapter 11 Case of Alameda Australia, the Debtors seek Court authorization to equitize, write-down or otherwise release the intercompany claims of WRS and provide an equity contribution to Alameda Australia not to exceed $54,000.

## VI. Alameda Singapore

21.    Alameda Research Pte Ltd. ("Alameda Singapore") is a wholly-owned subsidiary of Debtor Alameda Research Ltd and is incorporated in Singapore.  Alameda Singapore does not have any ongoing operations and is not expected to commence revenue generating activities in the future.

22.    Based on the Debtors' currently available books and records as of December 31, 2023, WRS holds a postpetition intercompany claim against Alameda Singapore of approximately $1,000 in relation to U.S. Trustee fees paid on behalf of Alameda Singapore

and Debtor Alameda Research LLC holds a postpetition intercompany claim against Alameda Singapore of approximately $4,000 in relation to certain operating expenses paid on behalf of Alameda Singapore.  No cash or other assets have been identified.

23.     I expect that Alameda Singapore will incur approximately $35,000 in liquidation costs.  In order to avoid an insolvent liquidation, in connection with the dismissal of the Chapter 11 Case of Alameda Singapore, the Debtors seek Court authorization to equitize, write-down or otherwise release the intercompany claims of WRS and Alameda Research LLC and provide an equity contribution to Alameda Singapore not to exceed $54,000.

**VII.   Innovatia**

24.     Innovatia Ltd. ("Innovatia") is a wholly-owned subsidiary of FTX Trading and is incorporated in Cyprus.  Innovatia was incorporated to act as parent company to Zubr, Exchange Limited ("Zubr").  Innovatia does not have any ongoing operations and is not expected to commence revenue generating activities in the future.

25.     Based on the Debtors' currently available books and records as of December 31, 2023, WRS holds a prepetition intercompany claim against Innovatia of approximately $3,000 in relation to certain operating expenses paid on behalf of Innovatia and a postpetition intercompany claim of approximately $5,000 in relation to certain operating expenses and U.S. Trustee fees paid on behalf of Innovatia and FTX Trading holds a prepetition intercompany claim against Innovatia of approximately $9,000 in relation to certain operating expenses paid on behalf of Innovatia.  Innovatia holds approximately $10,295,000 of assets, including $37,000 of cash.  However, approximately $9,861,000 of those assets consist of goodwill and other intangible assets and will not be recovered in a local liquidation process.

26.     I expect that Innovatia will incur approximately $21,000 in liquidation costs.  In order to avoid an insolvent liquidation, in connection with the dismissal of the Chapter

11 Case of Innovatia, the Debtors seek Court authorization to equitize, write-down or otherwise release intercompany claims of FTX Trading and WRS.

## VIII.   FTX Japan Services

27.      FTX Japan Services K.K. ("FTX Japan Services") is a wholly-owned subsidiary of FTX Trading and is incorporated in Japan.  FTX Japan Services does not have any ongoing operations and is not expected to commence revenue generating activities in the future.

28.      Based on the Debtors' currently available books and records as of December 31, 2023, WRS holds a prepetition intercompany claim of approximately $400 against FTX Japan Services in relation to certain operating expenses paid on behalf of FTX Japan Services and a postpetition intercompany claim of approximately $6,000 in relation to certain other operating expenses and U.S. Trustee fees paid on behalf of FTX Japan Services and FTX Trading holds a prepetition intercompany claim against FTX Japan Services of approximately $45,000 in relation to excess funds transferred from FTX Trading to FTX Japan Services.  FTX Japan K.K. also holds a prepetition intercompany claim against FTX Japan Services of approximately $10,000 in relation to certain operating expenses paid on behalf of FTX Japan Services.  FTX Japan Services also has other prepetition liabilities of approximately $1,000.  FTX Japan Services has a cash balance of approximately $751,000.

29.      I expect that FTX Japan Services will incur approximately $69,000 in liquidation costs.  Once FTX Japan Services is wound down, it is expected to distribute approximately $620,000 to its parent, FTX Trading.

## IX.   Quoine India

30.     Quoine India Pte Ltd. ("Quoine India") is a majority-owned subsidiary of Debtor FTX Japan K.K. and is incorporated in India.[4]  Quoine India does not have any ongoing operations and is not expected to commence revenue generating activities in the future.

31.     Based on the Debtors' currently available books and records as of December 31, 2023, Quoine Pte Ltd. holds a prepetition intercompany claim against Quoine India of approximately $3,077,000 primarily in relation to funds received on behalf of Quoine Pte Ltd. and WRS holds a postpetition intercompany claim against Quoine India of approximately $1,000 in relation to U.S. Trustee fees paid on behalf of Quoine India.  Quoine India also owes approximately $47,000 to foreign vendors.  Quoine India holds approximately $3,188,000 of cash and cash equivalent assets.  Quoine India is also subject to various regulatory investigations in India.

32.     The Debtors intend to dismiss the Chapter 11 Case of Quoine India and wind down the entity on an insolvent basis.

## X.   MPC

33.     Non-Debtor MPC Technologies Pte Ltd. ("MPC" ) is a wholly-owned subsidiary of Debtor Maclaurin Investments Ltd. and is incorporated in Singapore.  MPC does not have any ongoing operations and is not expected to commence revenue generating activities in the future.

---

[4]    Due to applicable local law requirements, a single share of Quoine India is owned by Fair Consulting India Private Limited.  The remaining 1,099,999 shares are owned by Debtor FTX Japan K.K.

4886-3425-4258 v.5

34.     Based on the Debtors' currently available books and records as of August 31, 2023,[5] Alameda Research LLC holds a postpetition intercompany claim against MPC of approximately $9,000 in relation to certain operating expenses paid on behalf of MPC.  In addition, MPC owes approximately $1,000 in penalties to regulators in Singapore and owes approximately $2,000 in other payables to third parties in relation to the preparation of financial accounts and tax filings.

35.     I expect that MPC will incur approximately $63,000 in liquidation costs.  In order to avoid an insolvent liquidation, the Debtors intend to equitize, write-down or otherwise release the intercompany claim of Alameda Research LLC and provide an equity contribution to MPC not to exceed $88,000.

36.     The jurisdictions in which the Foreign Wind Down Entities and MPC are incorporated apply different legal rules and procedures depending on whether the applicable entity is performing a solvent wind down or an insolvent wind down.

37.     It is my expectation that the solvent wind down proceedings contemplated by the Motion will avoid the costs, delays and complications associated with in-court proceedings, which in turn will result in less costs and delays.  The Debtors will also avoid ongoing monitoring and compliance costs with respect to the Funding Wind Down Entities and MPC once they are wound down in accordance with applicable law.  Finally, solvent wind downs keep directors in good standing and able to continue with other Debtor directorships.

38.     In addition, many of the Funding Wind Down Entities are required to undertake costly audits and/or file disclosures with local regulators.  Absent orderly wind-downs,

---

[5]     Based on the August 31, 2023 (unaudited) local management accounts, including pro forma adjustments in relation to a receivable of $389,000, intercompany payables of $9,000, penalties to regulators in Singapore of $1,000 and $2,000 of payables to third parties in relation to preparation of financial accounts and tax filings.

the Debtors will have to continue assisting the Funding Wind Down Entities in these audits and in preparing the applicable disclosures on behalf of the Funding Wind Down Entities, resulting in additional costs.  Furthermore, the Debtors have been assisting the Funding Wind Down Entities with their respective communications with applicable regulators.  I am aware that there may be penalties and fines levied against the Funding Wind Down Entities, which would require the Debtors to provide additional postpetition funding and would result in additional intercompany claims against such entities.

39.     It is my opinion that funding the Funding Wind Down Entities and MPC by equitizing, writing-down or otherwise releasing intercompany claims and/or making necessary capital contributions will be less resource-intensive than attempting to conduct insolvent wind downs in a variety of foreign jurisdictions with different regulatory regimes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge information and belief.

Dated: April 3, 2024

*/s/ Steven P. Coverick*
Steven P. Coverick
Alvarez & Marsal North America, LLC
Managing Director

-11-