RECEIVED
2024 APR -3  AM 11: 45
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Honorable Judge,

Thank you for your attention to this matter. I am not a lawyer and do not have the financial means to proceed with an Adversary Proceeding, having almost all of my assets scammed by FTX. Therefore, I earnestly request in letter form.

Despite previous requests made in association with docket numbers 1553, 5902, and 10479, I am compelled to reiterate my request through this letter.

I am writing to you regarding the ownership declaration and request for asset recovery concerning my digital assets held on the FTX platform.

## NATURE OF THE ACTION

This letter serves as a declaration of ownership and a request for asset recovery. I assert that I am the rightful owner of specifically 10 Bitcoin (BTC) and 100 Ethereum (ETH) currently held in accounts on the FTX platform. These digital assets are not part of the bankruptcy estate of FTX pursuant to Chapter 11 of the United States Bankruptcy Code, as they are held under my ownership, and are not subject to any liabilities of FTX.

## JURISDICTION AND VENUE

I acknowledge that this matter falls under the jurisdiction of this court under 28 U.S.C. §§ 157 and 1334. This is considered a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## GENERAL ALLEGATIONS

Throughout the relevant period, I have been an account holder on the FTX platform with digital assets in my account. These digital assets were never utilized in any of FTX's EARN or LEND programs, and no gains were realized through FTX's system functionalities by moving these assets within the wallet. Consequently, they have remained my property outright.

FTX's Motion disregards the explicit terms of the FTX Terms of Service (TOS) Clause 8.2.6, which clearly states that title to digital assets shall at all times remain with the account holder. Additionally, referencing the bankruptcy case of Celsius Network, Case No. 22-10964 (MG), it was determined that digital assets not engaged in any earning or lending programs should be recognized as the account holder's property and not part of the bankruptcy estate of the platform.

Furthermore, upon reviewing the transaction history associated with the wallet addresses to which I transferred my digital assets, it is evident that there has been no movement of my digital assets to any other accounts, indicating that there was no legitimate use of my assets by FTX. Thus, the assertion that these assets belong to FTX is unequivocally fraudulent.

**COUNT I - DECLARATORY RELIEF**

I repeat and reaffirm the allegations contained herein.

I seek a declaratory judgment pursuant to 11 U.S.C. § 541(d) that the digital assets are not property of the bankruptcy estate of FTX because these digital assets are held in a custodial capacity by FTX for me, the rightful owner.

**PRAYER FOR RELIEF**

WHEREFORE, I respectfully request that this Court enter an order:

Declaring that the digital assets held in accounts on the FTX platform are my property and not part of the bankruptcy estate of FTX; Directing FTX to return the digital assets to me; Granting such other and further relief as the Court deems just and proper.

Sincerely,

Sungbin Min


\* **FTX Terms of Service**

8.2.6 All Digital Assets are held in your Account on the following basis:

(A) Title to your Digital Assets shall at all times remain with you and shall not

transfer to FTX Trading. As the owner of Digital Assets in your Account,

you shall bear all risk of loss of such Digital Assets. FTX Trading shall

have no liability for fluctuations in the fiat currency value of Digital Assets

held in your Account.

(B) None of the Digital Assets in your Account are the property of, or shall or

may be loaned to, FTX Trading; FTX Trading does not represent or treat

Digital Assets in User's Accounts as belonging to FTX Trading.

(C) You control the Digital Assets held in your Account. At any time, subject to outages, downtime, and other applicable policies (including the Terms), you may withdraw your Digital Assets by sending them to a different blockchain address controlled by you or a third party.

**\* Celsius Network, Case No. 22-10964 (MG), DOC 670**

"5. Additionally, there are certain assets in the Custody Program and Withhold Accounts that were never in the Earn Program or the Borrow Program; the customers transferred cryptocurrency assets into the Custody Program or Withhold Account from an external wallet but never transferred such property to or from the Earn Program or the Borrow Program. Accordingly, the Debtors believe that such transferred assets were never property of the Debtors (unless a customer also had an outstanding loan in the Borrow Program, as described further below), and could not be subject to a preference action (the "Pure Custody Assets," and, together with the Transferred Custody Assets, the "Custody Assets," and the "Pure Withhold Assets" and, together with the Transferred Withhold Assets, the "Withhold Assets"). Given that the Pure Custody Assets and Pure Withhold Assets could not be subject to a preference action, the Debtors likewise believe it is appropriate to permit the applicable customers to withdraw such assets in accordance with procedures and other conditions set forth in this Motion."

**P**

PRIORITY MAIL
U.S. POSTAGE PAID
C2M
eVS

# USPS PRIORITY MAIL®

738102X1X1XPRI
Sungbin Min
60, Central park-ro, Yeongtong-gu,
6302-1603
Suwon-si, Gyeonggi-do 16504

Honorable Judge John Dorsey
5th Floor Courtroom 5
824 N Market St
Wilmington, DE 19801

**USPS TRACKING # eVS**



9205 5901 5266 1900 2002 7319 73