RECEIVED

2024 APR -3  AM 11: 44 March 26, 2024

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

The Honorable John T. Dorsey

United States Bankruptcy Court for the District of Delaware

824 N. Market Street, 5th Floor

Wilmington, Delaware 19801

        Re:    In re FTX Trading Ltd., et al. (22-11068)

               Reconsideration Request Regarding FTT pricing.

Dear Judge Dorsey,

I hope this email finds you well.

I am writing to you as a customer who was affected by the bankruptcy of FTX. Firstly, I wish to express my agreement with the decision to base cryptocurrency valuations on the date of the bankruptcy petition. It has provided some measure of relief to the victims, allowing them to recoup at least the value their assets held at that time.

However, I am compelled to raise a concern regarding the treatment of FTT coin within this process. While prices are appropriately set based on the petition date, it appears inconsistent to value FTT at $0. On the date of bankruptcy, FTT was not devoid of value.

Referring to Docket 2100 (Chapter 11 Plan of Reorganization), it is stipulated that FTT is rendered worthless and marked at $0 due to its classification as akin to FTX's securities. This renders FTT claims null and void post-bankruptcy. While legally might sound, it raises questions about the awareness of this classification among ordinary customers.

As an average customer, I, like many others, purchased FTT without the intention of acquiring stocks. My decision to invest in FTT was based on its perceived utility within the FTX ecosystem, not as an equity stake. FTT appeared as a viable investment option for me.

Many customers held only a small portion of their assets in FTT. The predominant reason being the associated fee discounts provided for holding a certain quantity of FTT. Consequently, the depiction of FTT holdings in court documents often portrays them as insignificant.

However, there are individuals like myself who converted a substantial portion of their assets into FTT on the day of bankruptcy.

Am I to bear the brunt of losing everything simply because of this choice? Should I not be entitled to at least the value it held on the petition date?

It is our contention that such individuals, albeit a minority, should not be disproportionately penalized. While others seek profits from the upward trajectory of cryptocurrency prices, we simply hope to salvage value from plummeting to $0.

I implore you to reconsider this policy for individuals like myself who find themselves in this unfortunate predicament.

Would it not be fair to reinstate the value of FTT as of the bankruptcy date at least? Or if the policy cannot be altered, shouldn't there be an alternative standard applied, particularly to individuals like myself, who invested all of their assets in FTT just before the declaration of bankruptcy?

I hope your attention to this matter. I appreciate your time and consideration.

Respectfully Submitted,

KIHYUK NAM

