IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: April 24, 2024 at 2:00 p.m. (ET)<br>Obj. Deadline: April 17, 2024 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING
ARTZ'S DEADLINE TO FILE A COMPLAINT TO DETERMINE
DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 523(C)(1)**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 523(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 4007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the deadline for Artz Fund Investments PTE Ltd. ("Artz") to file a complaint to determine the dischargeability of certain debts (the "Determination Deadline") from April 9, 2024, for an additional 49 days through and including May 28, 2024, without prejudice to the ability of the Debtors or Artz to request further extensions. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**Background**

1. On November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code with this Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. On December 20, 2022, the U.S. Trustee held a meeting of the Debtors' creditors pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") [D.I. 301], which was continued to, and concluded on, March 12, 2024 [D.I. 9142].

3. On February 14, 2024, the Court entered an *Order Extending Deadline to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(d)(6)* [D.I. 7400] extending the Determination Deadline with respect to certain governmental units to May 28, 2024 or the deadline pursuant to Local Rule 4007-1, whichever is later (the "Governmental Unit Determination Deadline").

4. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Jurisdiction

5. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 523(c) of the Bankruptcy Code, Bankruptcy Rule 4007 and Local Rule 9006-2.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

6. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, to the extent applicable in these Chapter 11 Cases, extending the Determination Deadline for Artz from April 9, 2024 for an additional 49 days through and including May 28, 2024, without prejudice to the ability of the Debtors or Artz to request further extensions.[2]

## Basis for Relief

7. Section 523(c) of the Bankruptcy Code provides, in relevant part:

> . . . the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on the request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2),(4), or (6), as the case may be, of subsection (a) of this section.  11 U.S.C. § 523(c).

---

[2] Pursuant to Local Rule 9006-2, this deadline shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

-3-

8.  Pursuant to Bankruptcy Rule 4007(c), a complaint to determine dischargeability under section 523(c) of the Bankruptcy Code must be filed no later than 60 days after the first date set for the meeting of creditors under section 341(a), subject to extension for cause.  Local Rule 4007-1 provides that, in the event the 341 Meeting is continued or rescheduled, the Determination Deadline "shall be the later of the original deadline or twenty-eight (28) days after the section 341 meeting is concluded."

9.  The Debtors' 341 Meeting commenced on December 20, 2022, and was continued until March 12, 2024, when the Debtors' 341 Meeting was concluded.  As a result, pursuant to Local Rule 4007-1, the Determination Deadline is automatically extended until April 9, 2024 for all parties in interest other than certain governmental units, which are subject to the Governmental Unit Determination Deadline.

10.  One of the parties in interest in these Chapter 11 Cases, Artz, contacted the Debtors to request more time to consider dischargeability matters given the issues presented by these Chapter 11 Cases.  As the Debtors and their stakeholders continue progressing towards confirmation of a plan of reorganization in these Chapter 11 Cases, the Debtors wish to avoid dedicating estate resources to addressing dischargeability complaints that may be filed out of an abundance of caution prior to the Determination Deadline.  The commencement of dischargeability litigation would threaten to disrupt the Debtors' progress in moving these Chapter 11 Cases to a successful conclusion.

11.  The Debtors have determined that an extension through May 28, 2024 will permit the Debtors to file their Plan of Reorganization and Disclosure Statement with information for stakeholders, and allow Artz sufficient time to consider the facts presented prior to reaching any conclusions with respect to dischargeability.

12.     The requested extension will enable the Debtors to avoid responding to an unnecessary and premature adversary complaint as these Chapter 11 Cases progress. An extension of the Determination Deadline to and including May 28, 2024 for Artz is in the best interests of the Debtors and Artz as it will facilitate the advancement of the Chapter 11 Cases by avoiding unnecessary distraction and expense. Furthermore, the requested extension will also not prejudice Artz because Artz will benefit from the additional time prior to needing to file a complaint with respect to the dischargeability of a debt.

13.     Courts in this District routinely approve extensions of the deadline for filing a complaint to determine the dischargeability of a debt. *See, e.g.*, *In re Kabbage, Inc. d/b/a KServing*, No. 22-10951 (CTG) (Jan. 10, 2023), D.I. 430 (approving stipulation extending applicable deadline with respect to an individual creditor); *In re Gulf Coast Health Care, LLC*, No. 21-11336 (KBO) (Feb. 8, 2022), D.I. 780 (extending applicable deadline with respect to governmental units by 90 days); *In re Mallinckrodt PLC*, No. 20-12522 (JTD), (Feb. 8, 2021), D.I. 1312 (extending the deadline for the filing of a complaint to determine the dischargeability of a debt with respect to certain non-federal governmental units by up to 90 days). The Debtors have already agreed, and the Court approved, the extensions reflected in the Governmental Unit Determination Deadline. The Debtors submit that ample cause exists for the Court to grant the relief requested herein.

### Reservation of Rights

14.     Nothing in this Motion shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a

request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) a determination regarding the non-dischargeability of any debt under section 1141(d) of the Bankruptcy Code; (h) a determination that section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) apply; (i) a determination that any deadline exists to seek a determination of dischargeability under section 1141(d)(6) of the Bankruptcy Code; or (j) to preclude the Debtors, Artz or any other party in interest from seeking a further extension of the Determination Deadline.

### Notice

15. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) Artz and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: April 9, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |