IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Ref Nos. 11136 & 12242** |

**ORDER AUTHORIZING AND APPROVING THE (I) DISMISSAL OF THE
CHAPTER 11 CASES OF THE FOREIGN WIND DOWN ENTITIES AND
(II) EQUITIZATION OR RELEASE OF CERTAIN INTERCOMPANY CLAIMS AND
MAKING RELATED CAPITAL CONTRIBUTIONS**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing and approving the (i) dismissal of the Chapter 11 Cases of the Foreign Wind Down Entities, and (ii) equitization, write-down, release or the resolution of certain intercompany claims and capital contributions to the Funding Wind Down Entities and MPC, pursuant to sections 105(a), 305(a), 349, 363 and 1112(b) of the Bankruptcy Code, and Bankruptcy Rule 1017; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

4872-3953-1177 v.6

and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors, and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a), 305(a) and 1112(b) of the Bankruptcy Code, the Chapter 11 Cases of the Foreign Wind Down Entities are hereby dismissed.

3. Pursuant to section 363 of the Bankruptcy Code, the Debtors are authorized and empowered to equitize, write-down, release or otherwise resolve the claims against the Funding Wind Down Entities and MPC in an aggregate not to exceed $381,700, and to make capital contributions to the Funding Wind Down Entities and MPC in an aggregate amount not to exceed $420,000, in each case as described on Schedule 1 attached hereto.

4. To the extent any excess funds remain after the wind down of any Funding Wind Down Entity, such excess funds shall be returned to the Debtor that provided the

applicable capital contribution.

5. Notwithstanding section 349 of the Bankruptcy Code, references in prior orders of this Court to "the Debtors" or "the Chapter 11 Cases" or similar references shall apply to the Foreign Wind Down Entities with respect to periods on and including the date of this Order, but shall not apply to the Foreign Wind Down Entities with respect to periods after entry of this Order.

6. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

7. Notwithstanding the applicability of any Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry of this Order.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: April 19th, 2024  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE