**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Proposed Hearing Date:, April 29, 2024 at 1:00 p.m. (ET)**<br>**Proposed Objection Deadline: April 26, 2024 at 4:00 p.m. (ET)** |
|---|---|

# DANIEL FRIEDBERG'S MOTION FOR AN ORDER EXTENDING OBJECTION DEADLINE AND ESTABLISHING DISCOVERY SCHEDULE TO OBJECT TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING ENTRY INTO, AND PERFORMANCE UNDER, THE COLLATERAL CLAIM SETTLEMENT AGREEMENT, THE INTER-DEBTOR RESTRUCTURING AGREEMENT, AND THE RESTRUCTURING PAYMENT AGREEMENT AND (II) GRANTING RELATED RELIEF

Daniel Friedberg, a party-in-interest in the above-captioned Chapter 11 Cases of FTX Trading, Ltd. and affiliated debtors and debtors-in-possession (collectively the "Debtors"), respectfully moves this Court for the entry of an order, substantially in the form attached hereto as Exhibit 1, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 7026-1, 9006-1 and 9006-2 of the Local Rules of Bankruptcy Practice and

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the objection deadline and establishing a discovery schedule (the "Proposed Schedule") for the *Motion of Debtors for Entry of an Order (i) Authorizing and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (ii) Granting Related Relief*, (D.I. 11626) (the "Authorization Motion"). In support of this Motion, Mr. Friedberg respectfully states as follows:

**PRELIMINARY STATEMENT**

1. With respect, Mr. Friedberg intends to object to the Authorization Motion based on the preliminary investigation thus far, in particular, focusing on at least the following five points: (i) the Authorization Motion fails to disclose the significant decline in value of Binance's collateral as of the Petition Date, rendering the proposed $50 million payment illogical, inconsistent with black-letter bankruptcy law governing the valuation of unsecured claims, and detrimental to the other unsecured creditors of the estates; (ii) the Debtors characterized the proposed sale of FTX Europe AG as value-accruing when, in fact, it represents a net loss for the estates; (iii) the proposed sale of FTX Europe lacked an open and competitive bidding process; (iv) the December 2022 financial statements of FTX Europe filed with the Court includes an unexplained "Other Expense" loss of over $100 million

which occurred after the filing of the bankruptcy with this Court, and during the automatic stay; and (v) approval of the Authorization Motion could raise significant cross-border comity and conflict of law concerns because Switzerland, where FTX Europe is headquartered and based, is not a party to an international agreement requiring it to recognize this Court's decisions, an issue that the Authorization Motion fails to address.

2. Particular scrutiny and discovery is warranted before authorizing a payment of $50,000,000 to Binance, as Binance is under investigation by the U.S. Department of Justice and the Securities and Exchange Commission for criminal and civil violations, and its founder and former CEO is awaiting criminal sentencing in the United States after pleading guilty to serious criminal misconduct. The Debtors have pledged their cooperation with the Department of Justice. Yet the Authorization Motion is devoid of any discussion of whether this large payment is acceptable to the Department of Justice. It does not even say if the Debtors have consulted with the appropriate government agencies. Further inquiry is required to determine whether a payment of $50,000,000 to an organization that is being accused of criminal wrongdoing and whose founder is awaiting sentencing is consistent with the estate's fiduciary duties.

3. Given the seriousness of the issues identified, Mr. Friedberg served targeted and necessary discovery requests on April 21, 2024. As the Debtors have

rejected good faith efforts to meet and confer regarding the scope of discovery and have not indicated when they will provide discovery, Mr. Friedberg respectfully requests additional time beyond the current objection deadline of April 24, 2024, to complete discovery and prepare his objection to the Authorization Motion.

4. A reasonable discovery and briefing schedule is necessary to ensure that Mr. Friedberg has a fair opportunity to assess and, if necessary, present his objection to the Authorization Motion with an adequate evidentiary record. Mr. Friedberg understands, based on a conversation that his counsel had with the courtroom deputy to Judge John Dorsey on April 23, that the Court is going to move the hearing on the Authorization Motion from May 15 to May 23 for reasons unrelated to this Motion. With the Court's permission, Mr. Friedberg therefore proposes adjourning the objection deadline to May 16, 2024, one week before the rescheduled hearing date for the Authorization Motion. This will allow the Debtors adequate time to produce responsive documents before the parties proceed with depositions which in turn allows Mr. Friedberg adequate time to prepare his objection to the Authorization Motion.

4. The Proposed Schedule, which permits the adjudication of the Authorization Motion before the Debtors' asserted deadline (May 31, 2024), will allow Mr. Friedberg adequate time to conduct discovery into the relevant facts, investigate the circumstances outlined and described in the Authorization Motion,

and determine whether its approval is in the estate's best interest and complies with the Bankruptcy Code. Reasonable time for discovery and depositions is necessary for Mr. Friedberg to present a complete and coherent objection, supported by admissible evidence, before the Court adjudicates the Authorization Motion.

5. On April 19, April 21, and again on April 22, the undersigned counsel contacted the Debtors' counsel in an attempt to reach a consensual scheduling agreement without judicial intervention. Despite Mr. Friedberg's good-faith attempts to reach such a consensual scheduling agreement, Debtors' counsel declined his requests, including an extension of the objection deadline in light of the Passover holiday. The Debtors required Mr. Friedberg to file this Motion before negotiating this schedule. The Debtors' refusal to negotiate a schedule in good faith necessitates this Motion, for which Mr. Friedberg apologizes to the Court.

5. Pursuant to Local Rule 9006-2, the filing of this Motion stays the April 24 objection deadline until this Court can address this Motion, without the need for the entry of a bridge extension order..

6. Accordingly, Mr. Friedberg requests Court authority for the Proposed Schedule to adjourn the objection deadline and to conduct discovery with respect to the Authorization Motion. Mr. Friedberg reserves all rights with respect to the sequencing of the proposed depositions and with respect to further modifications of the Proposed Schedule.

## BACKGROUND

7. On November 11 and November 14, 2022, the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Committee").

8. Mr. Friedberg is a party-in-interest in these Chapter 11 Cases. Mr. Friedberg is a customer of FTX and holds a significant amount of cryptocurrency on both the FTX Trading Ltd. exchange and the West Realm Shires Services Inc. exchange. Mr. Friedberg has previously filed his proofs of claim with respect to FTX. Mr. Friedberg is also a defendant in an adversary proceeding filed by the Debtors and is pending before this Court (Adv. Case No. 23-50419 (JTD)).

## FACTS SPECIFIC TO THE RELIEF REQUESTED

9. On April 10, 2024, the Debtors filed the Authorization Motion. The Debtors noticed the Authorization Motion for a hearing on May 15, 2024. The Debtors set the objection deadline for the Authorization as April 24, 2024, the

earliest objection deadline possible under the Local Rules. As noted, Mr. Friedberg understands that the Court is moving the hearing date to May 23, 2024.

10. On April 19, 2024, Mr. Friedberg sent a five-page demand letter to the Debtors' counsel, raising significant questions about the Authorization Motion, some of which are briefly described herein. These questions raised issues as to whether the Authorization Motion is approvable under the Bankruptcy Code.

11. Based on his investigation thus far, Mr. Friedberg believes that the transactions that are the subject of the Authorization Motion require discovery to assess whether an objection is warranted. In his April 19 letter, Mr. Friedberg invited the Debtors to discuss a reasonable schedule that would permit the orderly completion of discovery and the filing of his objection to the Authorization Motion.

12. On April 21, 2024, Mr. Friedberg propounded discovery on the Debtors, including a first set of requests for production, a first set of interrogatives, a notice of corporate deposition under Rule 30(6)(b) of the Federal Rule of Civil Procedure, and notices of deposition on certain individuals. The requested discovery is critical to assessing the Authorization Motion and, if necessary, to prepare an objection. In his cover note that accompanied the service of the discovery requests, Mr. Friedberg's counsel again asked the Debtors to discuss a briefing schedule.

13. Mr. Friedberg's counsel followed up with a phone call to the Debtors' counsel on the morning of April 22. During the phone call, Mr. Friedberg's counsel

requested that, due to the imminent start of the Passover holiday, the Debtors consent to an extension of the April 24 objection deadline so that the parties could have further discussions regarding scheduling after the holiday. The Debtors' lead counsel advised via email on the evening of April 22 that Mr. Friedberg should file this Motion first, and then the parties would confer thereafter.

**JURISDICTION**

14. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C.§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and1409. The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code, Bankruptcy Rules 9006 and 9014, and Local Rule 9006-1.

15. Pursuant to Local Rule 9013-1(f), Mr. Friedberg consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**RELIEF REQUESTED**

16. By this Motion, Mr. Friedberg requests the entry of an Order, substantially in the form attached hereto as Exhibit A, establishing the Proposed

Schedule that permits him to take discovery and object to the Authorization Motion within a reasonable time frame.

## PROPOSED SCHEDULE

17. Mr. Friedberg submits the following Proposed Schedule:

| **Event** | **Deadline** |
|---|---|
| Completion of Document Production | May 2, 2024 |
| Completion of Depositions | May 12, 2024 |
| Objection to the Authorization Motion | May 16, 2024 |
| Reply for the Authorization Motion | May 20, 2024 |
| Evidentiary Hearing on the Authorization Motion | May 23, 2024 |

## BASIS FOR RELIEF

18. Under Local Rule 9006-2, if a request for an extension of time is filed prior to the expiration of the original deadline, the deadline is automatically extended until the Court can act on the extension request.[2] Here, the Debtors set the objection deadline for the Authorization Motion for 4 P.M. on April 24, 2024. This Motion seeking an extension of time to object is timely filed on April 23, 2024, before the expiration of the deadline to object. Therefore, by operation of Local Rule 9006-2,

[2] Specifically, this rule provides that "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, **the time shall automatically be extended** until the Court acts on the motion, without the necessity for the entry of a bridge order." (emphasis added). Local Rule 9006-2.

Mr. Friedberg's deadline to object to the Authorization Motion has been automatically extended pending the adjudication of this Motion.

19. Pursuant to Fed R. Bankr. P. 9006(b)(1), this Court has the discretion to extend unexpired time periods "for cause" shown. This is a relatively low standard to meet. *Davis v. Ace Hardware Corp.*, Civil Action No. 12-1185-SLR-CJB, 2014 U.S. Dist. LEXIS 90657, at *96-97 (D. Del. July 2, 2014) (noting that this is a "non-rigorous" standard and that extension requests "normally will be granted in the absence of bad faith.") (quoting Adam N. Steinman, Charles Alan Wright & Arthur R. Miller, 4B *Federal Practice & Procedure* § 1165); *see also Atl. Wave Holdings, LLC v. Cyberlux Corp.*, No. 3:24-cv-00196-RBM-VET, 2024 U.S. Dist. LEXIS 62431 (S.D. Cal. Apr. 4, 2024) (extension provisions are "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.").

20. Here, Mr. Friedberg clears this low hurdle for the showing of good cause. This is his first extension request with respect to the Authoriation Motion. When the Debtors filed their Authorization Motion, they set the objection deadline at the earliest possible date permitted by the Local Rules. Under the original deadline, a party-in-interest had only two weeks to submit an opposition to the Authorization Motion. This time frame was insufficient for a party-in-interest to serve and review discovery and then prepare an objection. The Authorization Motion, including the exhibits, is almost 100 pages. It seeks Court approval of three

separate agreements, which embody a complex, global corporate settlement that is to be consummated in part outside the United States.

21. The opacity of the Authorization Motion means that a party-in-interest intent on objecting to that motion would be operating from a point of serious informational disadvantage. It is not possible to meaningfully understand the Authorization Motion without discovery. To that end, it is logically impossible to complete discovery within a two-week time window. Moreover, Mr. Friedberg served discovery on the Debtors as soon as he was able to do so. And he, through his undersigned counsel, reached out to the Debtors multiple times in an attempt to obtain a consensual extension of the objection deadline.

22. As a result, good cause exists for this Court to grant Mr. Friedberg an extension of the current objection deadline from April 24, 2024, to May 16, 2024, to respond to the Authorization Motion, consistent with the Proposed Schedule.

23. Moreover, this Court can approve the broader Proposed Schedule because it possesses the inherent power to manage its own docket and manage discovery. *Morris Black & Sons, Inc. v. 23S23 Constr., Inc.* (*In re Carriage House Condos. L.P.*), 415 B.R. 133, 145 (Bankr. E.D. Pa. 2009) (noting every court's inherent power to manage its cases) (quoting *CTF Hotel Holdings, Inc. v. Marriott Intern., Inc.*, 381 F.3d 131, 142 (3d Cir.2004)); *Halsey v. AGCO Corp.* 755 F. App'x 524, 529-30 (6th Cir. 2018) (every court has "broad discretion and inherent power"

to govern discovery in matters pending before it). In addition, this Court's authority under Section 105(a) of the Bankruptcy Code has been interpreted to include the power to manage cases, including discovery progress. *See O'Toole v. Wrobel* (*In re Sledziejowski*), Nos. 13-22050 (RDD), 13-08317 (SHL), 2015 Bankr. LEXIS 1523, at * 18 (Bankr. S.D.N.Y. May 4, 2015) (noting the court's inherent power under Section 105).

24. Courts have routinely approved relief similar to that being requested herein. *See, e.g., In re Zohar III, Corp.*, Case No. 18-10512 (KBO) (Bankr. D. Del. Feb. 8, 2022) [D.I. 3059] (motion seeking discovery deadlines, hearing dates, and filing deadlines with respect to a claimant's proof of claim and related adversary complaint); *In re Energy Future Holdings Corp.*, Case No. 14- 10979 (CSS) (Bankr. D. Del. Jul. 2, 2015) [D.I. 6152] (motion seeking discovery, deposition and filing deadlines in connection with motion to determine certain tax claims that was resolved consensually among the parties). In fact, the Debtors not too long ago sought essentially the same relief, asking this Court to extend their objection deadline and establish a reasonable discovery schedule in order to object to motions filed in these Chapter 11 Cases. *See* Docket No. 6520.

25. Approval of the Proposed Schedule promotes efficient case administration and should be approved. The Proposed Schedule allows Mr. Friedberg and potentially other parties-in-interest to secure necessary discovery that

goes to the heart of the integrity of the Chapter 11 process and then affords objectors, including Mr. Friedberg, reasonable time to oppose the Authorization Motion. The proposed timeline is appropriate given the scope of the disputed issues and the importance of the issues that Mr. Friedberg has identified. Perhaps more importantly, some of the discovery, and some of the potential deponents, are located outside the United States, further justifying additional time for the completion of discovery.

26. The Proposed Schedule complies with the briefing, notice, and timing requirements under the applicable Bankruptcy Rules and the Local Rules and does not alter or affect the substance of the pleadings filed by the Debtors. In particular, consistent with Local Rule 9006-1(c)(ii), the Proposed Schedule authorizes the filing of the objection to the Authorization Motion one week before the hearing date . Consistent with Local Rule 9006-1(d), it permits the Debtor to file a reply three days before the hearing. Moreover, the Proposed Schedule will not prejudice any interested party, as it expressly contemplates discovery and affords appropriate procedural protections, including an allowance for this Court to adjudicate the Authorization Motion before May 31, 2024.[3]

[3] Mr. Friedberg will continue to try to meet and confer with the Debtors regarding the Proposed Schedule in advance of the hearing on this Motion.

## NOTICE

27. Notice of this Motion has been provided to: (a) the Debtors; (b) the U.S. Trustee; (c) the Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. Mr. Friedberg submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Mr. Friedberg respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: April 23, 2024
New York, NY

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: *<u>/s/Rafael X. Zahralddin</u>*

Rafael Zahralddin (Delware Bar No. 4166)
500 Delaware Ave Suite 700
Wilmington, DE 19801
Telephone: (302)-985-6000
Rafael.Zahralddin@lewisbrisbois.com
Minyao Wang (*Pro hac vice* forthcoming)
77 Water Street, Suite 2100
New York, New York 10005
Telephone: (212) 232-1300
Minyao.Wang@lewisbrisbois.com

*Counsel to Daniel Friedberg*