IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. 12691** |

# DANIEL FRIEDBERG'S MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS FOR HIS MOTION TO EXTEND OBJECTION DEADLINE AND ESTABLISH SCHEDULE FOR MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING ENTRY INTO, AND PERFORMANCE UNDER, THE COLLATERAL CLAIM SETTLEMENT AGREEMENT, THE INTER-DEBTOR RESTRUCTURING AGREEMENT, AND THE RESTRUCTURING PAYMENT AGREEMENT AND (II) GRANTING RELATED RELIEF

Daniel Friedberg, a party-in-interest in the above-captioned Chapter 11 Cases of FTX Trading, Ltd. and affiliated debtors and debtors-in-possession (collectively the "Debtors"), respectfully moves this Court for the entry of an order, substantially in the form attached hereto as Exhibit 1, pursuant to sections 102 and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 9006 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

States Bankruptcy Court for the District of Delaware (the "Local Rules"), scheduling a hearing and shortening the notice and objection periods for his motion (D.I. 12691) (the "Scheduling Motion"), filed concurrently herewith, extending the objection deadline and establishing a discovery schedule for the *Motion of Debtors for Entry of an Order (i) Authorizing and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (ii) Granting Related Relief*, (D.I. 11626) (the "Authorization Motion"). In support of this Motion to Shorten, Mr. Friedberg respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C.§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and1409. The statutory predicates for the relief requested herein is section 105 of the Bankruptcy Code, Bankruptcy Rules 9006 and 9014 and Local Rule 9006-1.

2. Pursuant to Local Rule 9013-1(f), Mr. Friedberg consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent

it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

3. On November 11 and November 14, 2022, the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Committee").

4. Mr. Friedberg is a party-in-interest in these Chapter 11 Cases. Mr. Friedberg is a customer of FTX and holds a significant amount of cryptocurrency on both the FTX Trading Ltd. exchange and the West Realm Shires Services Inc. exchange. Mr. Friedberg has previously filed his proofs of claim with respect to FTX. Mr. Friedberg is also a defendant in an adversary proceeding filed by the Debtors and is pending before this Court (Adv. Case No. 23-50419 (JTD)).

5. On April 10, 2024, the Debtors filed the Authorization Motion. The Debtors noticed the Authorization Motion for a hearing on May 15, 2024. The

Debtors set the objection deadline for the Authorization as April 24, 2024, the earliest objection deadline possible under the Local Rules.

6. Contemporaneously herewith, Mr. Friedberg filed the Scheduling Motion. Pursuant to the Scheduling Motion, Mr. Friedberg seeks with repsect to the Authorization Motion (i) adjournment of the objection deadline from April 24, 2024 to May 16, 2024, and (ii) a reasonable schedule to complete discovery needed to oppose the Authorization Motion. Additional and relevant information and background with respect to the relief sought in this Motion to Shorten is set forth in the Scheduling Motion.

## RELIEF REQUESTED

7. Mr. Friedberg requests under sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a) and 9006, and Local Rule 9006-1, that the Court (i) schedule the Scheduling Motion to be heard at the hearing scheduled for April 29, 2024 at 1:00 p.m. (the "Hearing"), (ii) shorten the period for notice of the hearing on the Scheduling Motion with objections, if any, to be filed no later than 4:00 p.m. (Eastern Daylight Time) April 26, 2024 (the "Objection Deadline").

## BASIS FOR RELIEF

8. Under Loal Rule 9006-1(c), a motion must ordinarily be served at least 14 days prior to the hearing date and the objection deadline for a motion is ordinarily seven days before the hearing date. However, Both Fed. R. Bankr. P. 9006(c)(1) and

Local Rule 9006-1(e) permit the shortening of these periods upon a showing of exigent circumstances.  Courts routinely grant this relief in bankruptcy cases due to the accelerated nature of the chapter 11 process.  *See In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting frequency of such motions "[g]iven the accelerated time frame of bankruptcy proceedings").  Indeed, consistent with Section 102(1) of the Bankruptcy Code, "notice and a hearing" is an elastic concept meant to take into account the "particular circumstances" of a motion.  *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *see also Rockwell Int'l Corp. v. Harnischfeger Indus., Inc.* (*In re Harnischfeger Indus., Inc.*), 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.").

9. Ample cause exists here to grant the Motion to Shorten.  The Friedberg's Scheduling Motion only seeks ministerial scheduling relief with regard to the Authorization Motion.  The Objection Deadline is three business days away.  There is no serious argument that the Debtors cannot formulate an informed position relative to the Scheduling Motion within that timeframe.  Nor is there a credible argument that they cannot be prepared to attend the Hearing on April 29 (should the Hearing go forward) to argue against the Scheduling Motion. Moreover, under Local Rule 9006-2, the filing of the Scheduling Motion automatically stays Mr.

Friedberg's objection deadline to the Authorization Motion. It is in the best interests of all parties for this Court to quickly provide scheduling certainty by confirming a new objection deadline for Mr. Friedberg and finalizing a discovery and briefing schedule for the Authorization Motion.

## COMPLIANCE WITH LOCAL RULE 9006-1(e)

10. Prior to filing this Motion to Shorten, counsel to Mr. Friedberg, in compliance with Local Rule 9006-1(e), notified counsel to the Debtors, U.S. Trustee and counsel to the Committees of the relief requested in this Motion to Shorten. As of the filing of this Motion to Shorten, counsel to the Debtors have confirmed that they do not consent to the Court granting the relief requested in this Motion to Shorten. The U.S. Trustee and counsel to the Committee have not taken a position with regard to the relief requested in this Motion to Shorten.

## NOTICE

11. Notice of this Motion has been provided to: (a) the Debtors; (b) the U.S. Trustee; (c) the Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. Mr. Friedberg submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## **CONCLUSION**

**WHEREFORE**, Daniel Friedberg respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit 1, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: April 23, 2024
       Wilmington, Delaware

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: */s/Rafael X. Zahralddin*

Rafael Zahralddin (Delware Bar No. 4166)
500 Delaware Ave Suite 700
Wilmington, DE 19801
Telephone:  (302)-985-6000
Rafael.Zahralddin@lewisbrisbois.com

Minyao Wang (*Pro hac vice* forthcoming)
77 Water Street, Suite 2100
New York, New York 10005
Telephone:  (212) 232-1300
Minyao.Wang@lewisbrisbois.com

*Counsel to Daniel Friedberg*

139439700.1