## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 12692** |
| | **Objection Deadline: TBD**<br>**Hearing Date:  TBD** |

**DEBTORS' OBJECTION TO DANIEL FRIEDBERG'S MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS FOR HIS MOTION TO EXTEND OBJECTION DEADLINE AND ESTABLISH SCHEDULE FOR MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING ENTRY INTO, AND PERFORMANCE UNDER, THE COLLATERAL CLAIM SETTLEMENT AGREEMENT, THE INTER-DEBTOR RESTRUCTURING AGREEMENT, AND THE RESTRUCTURING PAYMENT AGREEMENT AND (II) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this objection (this "Objection") to *Daniel Friedberg's Motion to Shorten Notice and Objection Periods for His Motion to Extend Objection Deadline and Establish Schedule for Motion of Debtors for Entry of an Order (I) Authorizing  and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (II) Granting Related Relief* [D.I. 12692] (the "Motion to Shorten"), which seeks to shorten the notice period related to *Daniel Friedberg's Motion for an Order Extending Objection Deadline and Establishing Discovery Schedule to Object to Motion of Debtors for Entry of an Order (I) Authorizing  and*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (II) Granting Related Relief* [D.I. 12691] (the "<u>Motion to Extend</u>").  In support of this Objection, the Debtors respectfully state as follows:

### <u>PRELIMINARY STATEMENT</u>

1.      The Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (II) Granting Related Relief* [D.I. 11626] (the "<u>Restructuring Motion</u>") on April 10, 2024.  The Restructuring Motion seeks approval of certain contractual arrangements implementing a resolution of the balance sheet of Debtor FTX Europe that will save the Debtors approximately $15 million in reduced claims, permit FTX Europe's orderly solvent wind-down, and the return of its equity value to the Debtors.  In accordance with Local Rule 9006-1(c)(ii), the notice filed with the Restructuring Motion established April 24, 2024 at 4:00 p.m. (ET) (the "<u>Objection Deadline</u>") as the deadline to object to the requested relief.

2.      In a strategic attempt to avail himself of Local Rule 9006-2, Mr. Friedberg filed the Motion to Shorten and Motion to Extend instead of responding to the Restructuring Motion prior to the Objection Deadline.  Mr. Friedberg has done so asserting that he requires discovery to "assess whether an objection is warranted."  Motion to Extend ¶ 11.  In the Motion to Shorten, Mr. Friedberg requests that the Court schedule the Motion to Extend "to be heard at the hearing scheduled for April 29, 2024 at 1:00 p.m." and establish 4:00 p.m. (ET) on April 26, 2024 as the deadline to file objections to the Motion to Extend.  *Id.* ¶ 7.  No hearing currently is scheduled

for April 29, 2024 in these Chapter 11 Cases.  Mr. Friedberg articulates no exigent circumstances that justify having the Motion to Extend heard on less than a week's notice.

3.       Aside from providing cover for Mr. Friedberg's failure to respond to the Restructuring Motion prior to the Objection Deadline, the only exigency that can be inferred from the Motion to Shorten and Motion to Extend is Mr. Friedberg's desire for this Court to permit him to (a) conduct discovery ***before objecting*** to the Restructuring Motion and (b) file an objection ***twenty-two (22) days after the Objection Deadline has passed***.  The Motion to Shorten and Motion to Extend should be seen as what they are:  a transparent attempt to use this Court to facilitate a procedurally improper discovery fishing expedition with no clear scope or goal in the absence of an objection to the underlying Restructuring Motion.  For the reasons set forth herein, the Debtors request that the Court deny the Motion to Shorten and order Mr. Friedberg to respond to the Restructuring Motion by a date certain and as a condition to conducting discovery.

## **OBJECTION**

4.       Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") provides that "[n]o motion will be scheduled on less notice than required by these Local Rules . . . except by order of the Court, on written motion [ ] specifying the exigencies justifying shortened notice."

5.       Mr. Friedberg has presented no exigencies that necessitate shortening notice of the hearing and response date for the Motion to Extend.  The only basis articulated is that he asserts "[i]t is in the best interests of all parties for this Court to quickly provide scheduling certainty by confirming a new objection deadline for Mr. Friedberg and finalizing a discovery and briefing schedule for the [Restructuring] Motion."  Motion to Shorten ¶ 9.  The Bankruptcy Rules, Local Rules and Objection Deadline already provide parties with scheduling certainty with respect

to the Restructuring Motion. A party's own delay is not an exigency that warrants shortening notice. *See In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993) (holding that "cause" under Bankruptcy Rule 9006 is not shown when the cause for an expedited hearing is one of the movant's own making).

6.      If and when Mr. Friedberg files an objection to the Restructuring Motion, he may be entitled to take some reasonable and relevant discovery in connection therewith. *See Corestates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 201 (3d Cir. 1999) (explaining the filing of an objection gives rise to a contested matter); *In re Crown Books Corp.*, 269 B.R. 12, 16 (Bankr. D. Del. 2001) (noting parties' objections converted debtor's motion into contested matters under Bankruptcy Rule 9014). With no objection on file, there is no contested matter between the Debtors and Mr. Friedberg related to the Restructuring Motion for which a discovery and briefing schedule is necessary or appropriate. The rules are clear that "[i]n all instances, any objection must be filed on or before the applicable objection deadline"—not after a party establishes its own schedule and conducts exploratory discovery. *See* Local Rule 9006-1(c)(ii).

7.      Moreover, in the absence of Mr. Friedberg filing an objection to the Restructuring Motion, the Debtors should not be forced to try to evaluate whether the scope of his discovery and proposed schedule are appropriate. Curiously, several of the potential grounds for a possible objection Mr. Friedberg has identified in the Motion to Extend relate to a sale motion [D.I. 8202] that Mr. Friedberg did not object to and was approved by order of this Court [D.I. 9585], which is now a final order. With no actual objection to the Restructuring Motion on file, the Debtors are left to speculate as to the appropriateness of discovery relating to these and other matters. Simply put, a hearing to consider a discovery and briefing schedule related to Mr.

Friedberg's objection to the Restructuring Motion is premature and should be heard only after an objection actually is filed.[2]

8.      Accordingly, the Debtors request that the Court (a) deny the Motion to Shorten and (b) order that Mr. Friedberg (i) file any objection to the Restructuring Motion by no later than April 30, 2024 and (ii) seek discovery, if any, only after filing his objection to the Restructuring Motion.  This will allow the parties to meet and confer after Mr. Friedberg's objection is filed and the Debtors have had a reasonable opportunity to evaluate whether any filed objection is *bona fide* and the appropriateness of Mr. Friedberg's proposed scope of discovery and schedule.

## CONCLUSION

9.      For the reasons stated above, the Debtors respectfully request that the Court (a) deny the Motion to Shorten, (b) order Mr. Friedberg to (i) file any objection to the Restructuring Motion by April 30, 2024 at 4:00 p.m. (ET) and (ii) seek discovery only after filing an objection to the Restructuring Motion, and (c) grant such other relief as may be necessary or proper.

---

[2]  Little of the discovery purportedly served by Mr. Friedberg could conceivably be appropriate even in the event an objection to the Restructuring Motion is filed, and the Debtors reserve all rights.  If discovery concerning the Restructuring Motion proceeds, the Debtors intend to seek discovery from Mr. Friedberg as to whether he is acting on behalf of others and if there is a purpose for an objection other than to hinder and delay the Debtors' administration of their estates.

Dated: April 25, 2024
     Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*