**Exhibit 1**

**Global Settlement Agreement**

Execution version

## GLOBAL SETTLEMENT AGREEMENT

This Global Settlement Agreement (the "Global Settlement Agreement") is made and entered into by and among: (i) Voyager Digital, Ltd., Voyager Digital Holdings, Inc. and Voyager Digital, LLC (collectively and individually, the "Voyager Debtors"), (ii) HTC Trading, Inc. ("HTC") and (iii) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "FTX Debtors,"[1] and together with the Voyager Debtors and HTC, each a "Party" and collectively, the "Parties") in the jointly-administered chapter 11 cases proceeding under the caption *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD) (the "FTX Bankruptcy Proceedings"). The Parties hereby agree as follows:

WHEREAS, on July 5, 2022, the Voyager Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "SDNY Bankruptcy Court") initiating the cases captioned *In re Voyager Digital Holdings, Inc. et. al.,* No. 22-10943 (MEW) (Bankr. S.D.N.Y.) (the "Voyager Bankruptcy Proceedings");

WHEREAS, on September 27, 2022, Voyager Digital, LLC and West Realm Shires Inc. d/b/a FTX US ("WRS") entered into that certain Asset Purchase Agreement (as amended, the "FTX APA");

WHEREAS, on or about October 3, 2022, Alameda Research, Ltd. ("Alameda"), one of the jointly administered debtors in the FTX Bankruptcy Proceedings, filed claims against the Voyager Debtors in the Voyager Bankruptcy Proceedings, including those set forth in Exhibit A-1 attached hereto (collectively, the "FTX Proofs of Claim," and the claims asserted therein, the "FTX Claims");

WHEREAS, on November 11 and 14, 2022, the FTX Debtors filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") initiating the FTX Bankruptcy Proceedings;

WHEREAS, on January 10, 2023, WRS and the Voyager Debtors entered into that certain stipulation mutually agreeing that the FTX APA was terminated;

WHEREAS, Alameda and FTX Trading Ltd. are plaintiffs in that certain adversary proceeding filed on January 30, 2023 in the FTX Bankruptcy Proceedings against Voyager Digital, LLC and HTC seeking to, among other things, avoid and recover certain transfers, styled as *Alameda Research Ltd., et al. v. Voyager Digital, LLC, et al*., FTX Adv. Proc. No. 23-50084-JTD (Bankr. D. Del Mar. 2, 2023), (the "Voyager Adversary Proceeding");

WHEREAS, on or about February 22, 2023, the FTX Debtors and the Voyager Debtors entered into the *Joint Stipulation and Agreed Order Between the Debtors, the FTX Debtors, and Their Respective Official Committees of Unsecured Creditors*, which stipulation was

---

[1] A complete list of the FTX Debtors may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The term "FTX Debtors" does not include jointly administered debtor Emergent Fidelity Technologies Ltd.

approved by (i) the Delaware Bankruptcy Court (at Dkt. No. 833), and (ii) the SDNY Bankruptcy Court (at Dkt. No. 1266), pursuant to which, among other things, the parties thereto agreed to participate in non-binding mediation with respect to all claims and disputes among or between the FTX Debtors and Voyager (the "Stipulation");

WHEREAS, on or about May 19, 2023, the Voyager Debtors' chapter 11 plan went effective, and the Voyager Plan Administrator (the "Plan Administrator") was appointed to manage and wind-down the Voyager Debtors' affairs;

WHEREAS, on or about June 30, 2023, the Voyager Debtors filed claims against the FTX Debtors in the FTX Bankruptcy Proceedings, including those set forth in Exhibit A-2 attached hereto (collectively, the "Voyager Proofs of Claim," and the claims asserted therein, the "Voyager Claims");

WHEREAS, in accordance with the Stipulation, the FTX Debtors, the Voyager Debtors and HTC have engaged in good faith mediation in connection with the FTX Claims, the Voyager Claims, the Voyager Adversary Proceeding, and all other disputes between or among the Parties with the Honorable Shelley C. Chapman (Ret.) serving as the mediator;

WHEREAS, each Party has an interest in avoiding the cost and expense that would be associated with litigation of the novel and complex issues raised by the disputes between the Parties; and

WHEREAS, without any admission by any Party, and subject to the terms of this Global Settlement Agreement, the Parties desire to finally resolve and settle all disputes between them relating to the FTX Proofs of Claim, the FTX Claims, the Voyager Proofs of Claim, the Voyager Claims, the Voyager Adversary Proceeding, all other disputes between or among the Parties, and all related and other matters as set forth herein;

NOW, THEREFORE, in consideration of the above and the respective promises, conditions, terms and agreements contained herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

1.      AGREEMENTS OF THE PARTIES

(a)      Dismissal of Voyager Adversary Proceeding. On the Settlement Effective Date (as defined below), the applicable FTX Debtors shall dismiss with prejudice the Voyager Adversary Proceeding.

(b)      Waiver and Release of Claims. Upon the Settlement Effective Date: (i) the FTX Debtors hereby waive and release for all purposes all Claims, as defined in 11 U.S.C § 101(5), against the Voyager Debtors; (ii) the Voyager Debtors and HTC hereby waive and release for all purposes all Claims, as defined in 11 U.S.C § 101(5), against the FTX Debtors; (iii) the FTX Proofs of Claim and the Voyager Proofs of Claim shall be deemed withdrawn, disallowed and expunged, (iv) the Voyager Debtors and HTC shall take no further action in the FTX Debtors' chapter 11 cases, *provided* that, in the event the Plan Administrator determines that it is necessary in the exercise of its fiduciary duties to seek discovery from the FTX Debtors through a third party subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure in connection with claims

2

or defenses with respect to a party other than the Released Parties, Voyager and the FTX Debtors shall meet and confer with respect to such subpoena prior to its issuance and the Delaware Bankruptcy Court shall retain jurisdiction to resolve any disputes with respect thereto, (v) the FTX Debtors shall take no further action in the Voyager Debtors' chapter 11 cases, (vi) the Voyager Debtors or HTC shall not attempt to recover with respect to the subject matter of any Claims that were or could have been asserted in the Voyager Proofs of Claim or otherwise attempt to receive any distribution from the United States Government from any forfeited assets relating in any way to the FTX Debtors or Mr. Samuel-Bankman Fried, and (vii) the FTX Debtors shall not attempt to recover with respect to the subject matter of any Claims that were or could have been asserted in the FTX Proofs of Claim and/or the Voyager Adversary Proceeding.

(c)    Documentation and Cooperation.  No later than April 5, 2024, the FTX Debtors shall file a motion seeking approval of this Global Settlement Agreement under Federal Rule of Bankruptcy Procedure 9019 in the FTX Bankruptcy Proceedings (the "Rule 9019 Motion").  The Parties agree to cooperate and take such actions as are reasonably necessary (including in the event that an objection or other opposition to the Rule 9019 Motion is filed) to obtain prompt court approval of, and authority to enter into, this Global Settlement Agreement, and entry of the Approval Order (as defined below), including ceasing all litigation activities regarding all pending disputes between them, including, but not limited to, all litigation activities related to the FTX Debtors' chapter 11 plan process.

(d)    APA Deposit.  The Parties agree that, on the Settlement Effective Date, the $5 million held in escrow by the Voyager Debtors pursuant to paragraph 4 of the Stipulation (the "Escrowed Funds") shall be fully and finally released to the Voyager Debtors and the FTX Debtors shall relinquish any and all rights thereto.  Upon the reasonable request of the Voyager Debtors, the FTX Debtors agree to execute documentation reasonably necessary to effectuate the full and final release of the Escrowed Funds to the Voyager Debtors.

(e)    Reserved Amount.  The Parties agree that, on the Settlement Effective Date, the $445 million reserved and held by the Voyager Debtors pursuant to paragraph 3 of the Stipulation shall be fully and finally released to the Voyager Debtors and the FTX Debtors shall relinquish any and all rights thereto.

## 2.    RELEASES

(a)    Mutual Release.  Other than as expressly set forth herein, on the Settlement Effective Date, each of the FTX Debtors, on the one hand, and the Voyager Debtors and HTC, on the other hand, on behalf of themselves, and each and all of their and their respective past, present and future agents, administrators, conservators, predecessors, successors and assigns (all such releasing persons and entities collectively, the "Releasing Parties"), does hereby fully, unconditionally and irrevocably release, relieve, waive, relinquish, remise, acquit and forever discharge each other and their respective past, present and future officers, directors, members, employees, representatives, agents, advisors, professionals, counsel, administrators, conservators, successors, assigns, and their attorneys-in-fact (all such released persons and entities collectively, the "Released Parties") from, against, and in respect of any and all past, present and future claims, cross-claims, counterclaims, third-party claims, demands, liabilities, obligations, debts, liens, damages, losses, costs, expenses, controversies, actions, rights, suits, assessments, penalties,

charges, indemnities, guaranties, promises, commitments, or causes of action of any nature, whether based in contract, tort or otherwise, whether in law or equity and whether direct or indirect, known or unknown, asserted or unasserted, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, that such Party has or may have against any other Party, since the beginning of time, under, arising out of or in any way relating to the FTX Proofs of Claim, the FTX Claims, the Voyager Proofs of Claim, the Voyager Claims, the Voyager Adversary Proceeding, and/or any other claims that could be or have been asserted by any of the Releasing Parties against any of the Released Parties based on or relating to, or in any manner arising from, in whole or in part, any of the foregoing, the subject matter thereof, or the transactions or events giving rise thereto, including any right to claim indemnification or an award of attorneys' fees or other costs and expenses incurred in, or in connection with any of the foregoing; *provided*, *however*, that the foregoing shall not release any obligation under or claim for breach of this Global Settlement Agreement.

**3.      REPRESENTATIONS & WARRANTIES**

(a)      <u>Mutual Representations and Warranties of All Parties</u>.  Each Party represents and warrants to each other Party that as of the date of this Global Settlement Agreement:

(i)      subject to the Approval Order, it has the requisite organizational power and authority to enter into this Global Settlement Agreement and to carry out the transactions contemplated by, and perform its respective obligations under, this Global Settlement Agreement;

(ii)      subject to the Approval Order, this Global Settlement Agreement constitutes a legal, valid and binding obligation of such Party, enforceable against such Party in accordance with its terms;

(iii)      the execution and delivery of this Global Settlement Agreement and the performance of its obligations hereunder have been duly authorized by all necessary corporate or other organizational action on its part;

(iv)      the execution, delivery, and performance by it of this Global Settlement Agreement does not violate any provision of law, rule or regulation applicable to it or any of its affiliates or its certificate of incorporation, bylaws or other organizational documents or those of any of its affiliates; and

(v)      before executing this Global Settlement Agreement, it has been fully informed of its terms, contents, conditions and effects, it has had a full and complete opportunity to discuss this settlement with its attorney or attorneys, it is not relying in any respect on any statement or representation made by any other Party and no promise or representation of any kind has been made to such Party separate and apart from what is expressly contained herein to induce it into executing this Global Settlement Agreement.

132287611v3

4.      **MISCELLANEOUS PROVISIONS**

(a)      <u>No Admission of Liability.</u>  The undersigned Parties each acknowledge and agree that the matters set forth in this Global Settlement Agreement constitute the settlement and compromise of potentially disputed claims and defenses, that this Global Settlement Agreement is not an admission or evidence of liability or infirmity by any of them regarding any claim or defense, and that the Global Settlement Agreement shall not be offered or received in evidence by or against any Party except to enforce its terms.

(b)      <u>Specific Performance.</u>  It is understood and agreed by the Parties that money damages would be an insufficient remedy for any breach of this Global Settlement Agreement by any Party and each non-breaching Party shall be entitled to seek specific performance and injunctive or other equitable relief as a remedy of any such breach of this Global Settlement Agreement, including an order of the Delaware Bankruptcy Court requiring any Party to comply promptly with any of its obligations hereunder.  Each Party also agrees that it will not (i) seek, and will waive any requirement for, the securing or posting of a bond in connection with any Party seeking or obtaining such relief or (ii) raise as a defense thereto the necessity of proving the inadequacy of money damages as a remedy.

(c)      <u>Damages.</u>  Notwithstanding anything to the contrary in this Global Settlement Agreement, none of the Parties or any of their respective successors or assigns shall make a claim against, or seek to recover from, any other Party or the successors, assigns, affiliates, directors, officers, members, employees, professionals, counsel, representatives, conservators, administrators, agents, or attorneys-in-fact of any of them for any special, indirect, consequential, exemplary, or punitive damages or damages for lost profits in respect of any claim for breach of contract or any other theory of liability arising out of or related to this Global Settlement Agreement.

(d)      <u>Further Assurances</u>.  The Parties shall use their reasonable best efforts to take, or cause to be taken, all appropriate action to do or cause to be done all things necessary under applicable law, and to execute and deliver such documents and other papers, in each case, as may be required to carry out the provisions of this Global Settlement Agreement and consummate and make effective the transactions contemplated hereby.

(e)      <u>Execution in Counterparts.</u>  This Global Settlement Agreement may be executed in counterparts by one or more of the Parties and all such counterparts when so executed shall together constitute the final Global Settlement Agreement, as if one document had been signed by all Parties; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Parties subscribed thereto upon the execution by all Parties to this Global Settlement Agreement.  Delivery of this signed agreement by facsimile transmission or by .pdf, .jpeg, TIFF or other form of electronic mail attachment will be deemed effective as delivery of a manually executed counterpart prior to and in the absence of manual delivery and will be binding upon the Parties.

(f)      <u>Governing Law.</u>  This Global Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Delaware (without regard to conflicts of law principles that would result in the application of any law other than the law of the

State of Delaware).

(g)    Consent to Venue.    The Parties irrevocably and unconditionally submit to and accept the jurisdiction of the Delaware Bankruptcy Court for any action, suit or proceeding arising out of or based upon this Global Settlement Agreement, and waives any objection that it may have to the laying of venue in any such court or that any such court is an inconvenient forum or does not have personal jurisdiction over it in connection with such an action, suit or proceeding.

(h)    Notices.    Any notices required hereunder shall be sent by certified mail, first class, return receipt requested or by a nationally recognized overnight delivery service, and by email, to the following:

(i)    If to the Voyager Debtors or HTC:

Paul R. Hage, Plan Administrator
c/o Taft Stettinius & Hollister LLP
27777 Franklin Road, St. 2500
Southfield, MI 48034
phage@taftlaw.com

with copies to:

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
John J. Calandra
Joseph B. Evans
Stacy A. Lutkus
Patrick V. Kennedy
One Vanderbilt Avenue
New York, NY 10017-3852
dazman@mwe.com
jbevans@mwe.com
jcalandra@mwe.com
salutkus@mwe.com
pkennedy@mwe.com

(ii)    If to the FTX Debtors:

John J. Ray III
125 Broad Street
FTX Mail Room, 32nd Floor
New York, New York, 10004
E-mail: jray@greylockpartnersllc.com

with copies to:

6

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
Brian D. Glueckstein
Benjamin S. Beller
125 Broad Street
New York, New York 10004
dietdericha@sullcrom.com
gluecksteinb@sullcrom.com
bellerb@sullcrom.com

(i)    <u>Entire Agreement and Amendments</u>.    This Global Settlement Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings.  This Global Settlement Agreement may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney or other representative.

(j)    <u>Severability</u>.  If any provision in this Global Settlement Agreement is determined to be invalid, inoperative or unenforceable, the remaining provisions of this Global Settlement Agreement remain in effect if both the economic and legal substance of this Global Settlement Agreement are not materially affected in any manner adverse to any Party.  Otherwise, the Parties shall negotiate in good faith to rewrite any such provision so as to, as nearly and fairly as possible, approach the economic and legal substance originally intended.

(k)    <u>Assignment</u>.  Neither this Global Settlement Agreement nor any of the rights and obligations of the Parties hereunder may be assigned by either Party without the prior written consent of the other Party, which consent will not be unreasonably withheld, except that each Party shall have the right to assign any or all of its rights and delegate any or all of its obligations hereunder to any of its affiliates or any successor in interest (whether by merger, acquisition, asset purchase, or otherwise), *provided*, that no assignment to any affiliate or successor in interest shall relieve or discharge the assigning Party from any of its obligations hereunder.

(l)    <u>Indemnification</u>.  In the event of the breach of this Global Settlement Agreement, the breaching Party will indemnify and hold harmless the non-breaching Party and any of its successors, assigns, affiliates, officers, members, directors, employees, professionals, counsel, representatives, conservators, agents, administrators, and attorneys-in-fact for any and all reasonable attorneys' fees, litigation expenses, and court costs arising out of or in connection with such breach.

(m)    <u>Settlement Effective Date</u>.  The "<u>Settlement Effective Date</u>" shall occur on the date that (i) signature pages executed by each of the Parties have been delivered to each of the other Parties, and (ii) the Delaware Bankruptcy Court has entered an order (which order shall have become a final order not subject to any appeal, stay or vacatur) approving the Parties' entry into this Global Settlement Agreement, on terms and conditions consistent with this Global Settlement Agreement and otherwise reasonably acceptable to each Party (the "<u>Approval Order</u>").

**IN WITNESS WHEREOF**, the Parties hereto have caused this Global Settlement Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

<strong>VOYAGER DEBTORS</strong>

Date: April 4, 2024        BY: _Paul R. Hage_____

NAME: Paul R. Hage

TITLE: Solely in his capacity as Plan Administrator for the
Voyager Debtors

<strong>HTC TRADING, INC.</strong>

Date: April 4, 2024        BY: _Paul R. Hage_____

NAME: Paul R. Hage

TITLE: Solely in his capacity as Plan Administrator for
Voyager Digital, Ltd., its sole shareholder

<strong>FTX DEBTORS</strong>

Date: March __, 2024       BY: _____

NAME:  John J. Ray III

TITLE:  Solely in his capacity as Chief Executive Officer
of the FTX Debtors

8

**IN WITNESS WHEREOF**, the Parties hereto have caused this Global Settlement Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

**VOYAGER DEBTORS**

Date: April ___, 2024          BY:_____

                                NAME: Paul R. Hage

                                TITLE: Solely in his capacity as Plan Administrator for the
                                       Voyager Debtors

**HTC TRADING, INC.**

Date: April ___, 2024          BY:_____

                                NAME: Paul R. Hage

                                TITLE: Solely in his capacity as Plan Administrator for
                                       Voyager Digital, Ltd., its sole shareholder

**FTX DEBTORS**

Date: April 4, 2024            BY:_____

                                NAME: John J. Ray III

                                TITLE: Solely in his capacity as Chief Executive Officer
                                       of the FTX Debtors

8

**<u>Exhibit A-1</u>**

**FTX Proofs of Claim**

| Claim No. | FTX Entity | Voyager Entity |
|---|---|---|
| 11206 | Alameda Ventures, Ltd. | Voyager Digital Holdings, Inc. |
| 11209 | Alameda Ventures, Ltd. | Voyager Digital Ltd. |
| 11213 | Alameda Ventures, Ltd. | Voyager Digital, LLC |
| 11218 | Alameda Research Ventures, LLC | Voyager Digital Ltd. |

## Exhibit A-2

### Voyager Proofs of Claim

| Claim No. | Voyager Entity | FTX Entity |
|---|---|---|
| 4199 | Voyager Digital, LLC | Alameda Research Holdings Inc. |
| 4219 | Voyager Digital, LLC | Alameda Research (Bahamas) Ltd |
| 4255 | Voyager Digital, LLC | Alameda TR Ltd |
| 4258 | Voyager Digital, LLC | Alameda Aus Pty Ltd |
| 4269 | Voyager Digital, LLC | Cottonwood Grove Ltd |
| 4271 | Voyager Digital, LLC | Cottonwood Technologies Ltd |
| 4276 | Voyager Digital, LLC | Alameda Research Ltd |
| 4284 | Voyager Digital, LLC | Alameda TR Systems S. de R. L. |
| 4286 | Voyager Digital, LLC | Blue Ridge Ltd |
| 4290 | Voyager Digital, LLC | Clifton Bay Investments Ltd |
| 4347 | Voyager Digital, LLC | Alameda Global Services Ltd. |
| 4352 | Voyager Digital, LLC | FTX Japan Services KK |
| 4359 | Voyager Digital, LLC | Killarney Lake Investments Ltd |
| 4382 | Voyager Digital, LLC | Alameda Research LLC |
| 4391 | Voyager Digital, LLC | Alameda Research Pte Ltd |
| 4415 | Voyager Digital, LLC | Analisya Pte Ltd |
| 4440 | Voyager Digital, LLC | Alameda Research Yankari Ltd |
| 4465 | Voyager Digital, LLC | Blockfolio, Inc. |
| 4480 | Voyager Digital, LLC | Good Luck Games, LLC |
| 4484 | Voyager Digital, LLC | West Realm Shires Financial Services Inc. |
| 4492 | Voyager Digital, LLC | Verdant Canyon Capital LLC |
| 4513 | Voyager Digital, LLC | LedgerPrime LLC |
| 4536 | Voyager Digital, LLC | Liquid Securities Singapore Pte Ltd |
| 4537 | Voyager Digital, LLC | LedgerPrime Digital Asset Opportunities Master Fund LP |
| 4541 | Voyager Digital, LLC | LedgerPrime Bitcoin Yield Enhancement Master Fund LP |
| 4565 | Voyager Digital, LLC | LedgerPrime Digital Asset Opportunities Fund, LLC |

| | | |
|---|---|---|
| 4567 | Voyager Digital, LLC | Bancroft Way Ltd |
| 4568 | Voyager Digital, LLC | FTX Equity Record Holdings Ltd |
| 4569 | Voyager Digital, LLC | Deck Technologies Inc. |
| 4570 | Voyager Digital, LLC | West Realm Shires Inc. |
| 4573 | Voyager Digital, LLC | FTX Structured Products AG |
| 4576 | Voyager Digital, LLC | FTX Europe AG |
| 4581 | Voyager Digital, LLC | Deep Creek Ltd |
| 4584 | Voyager Digital, LLC | Digital Custody Inc. |
| 4587 | Voyager Digital, LLC | FTX Digital Assets LLC |
| 4588 | Voyager Digital, LLC | FTX Japan K.K. |
| 4593 | Voyager Digital, LLC | FTX EMEA Ltd. |
| 4594 | Voyager Digital, LLC | FTX EU Ltd. |
| 4596 | Voyager Digital, LLC | FTX Certificates GmbH |
| 4599 | Voyager Digital, LLC | Euclid Way Ltd |
| 4600 | Voyager Digital, LLC | Quoine Pte Ltd |
| 4601 | Voyager Digital, LLC | FTX Digital Holdings (Singapore) Pte Ltd |
| 4604 | Voyager Digital, LLC | FTX Lend Inc. |
| 4607 | Voyager Digital, LLC | DAAG Trading, DMCC |
| 4610 | Voyager Digital, LLC | FTX Services Solutions Ltd. |
| 4613 | Voyager Digital, LLC | FTX Trading GmbH |
| 4615 | Voyager Digital, LLC | Maclaurin Investments Ltd. |
| 4617 | Voyager Digital, LLC | Cedar Bay Ltd |
| 4618 | Voyager Digital, LLC | Deck Technologies Holdings LLC |
| 4621 | Voyager Digital, LLC | FTX Hong Kong Ltd |
| 4624 | Voyager Digital, LLC | West Realm Shires Services Inc. |
| 4625 | Voyager Digital, LLC | FTX Property Holdings Ltd |
| 4627 | Voyager Digital, LLC | FTX Japan Holdings K.K. |
| 4631 | Voyager Digital, LLC | FTX Switzerland GmbH |
| 4633 | Voyager Digital, LLC | FTX Marketplace, Inc. |
| 4635 | Voyager Digital, LLC | FTX Trading Ltd. |
| 4636 | Voyager Digital, LLC | Global Compass Dynamics Ltd. |
| 4637 | Voyager Digital, LLC | FTX Zuma Ltd |
| 4641 | Voyager Digital, LLC | FTX Exchange FZE |
| 4647 | Voyager Digital, LLC | FTX US Trading, Inc. |
| 4652 | Voyager Digital, LLC | Goodman Investments Ltd. |
| 4654 | Voyager Digital, LLC | Hannam Group Inc. |
| 4659 | Voyager Digital, LLC | Hawaii Digital Assets Inc. |
| 4662 | Voyager Digital, LLC | Hive Empire Trading Pty Ltd |
| 4663 | Voyager Digital, LLC | Strategy Ark Collective Ltd. |
| 4664 | Voyager Digital, LLC | Hilltop Technology Services |

| | | LLC |
|---|---|---|
| 4668 | Voyager Digital, LLC | Liquid Financial USA Inc. |
| 4669 | Voyager Digital, LLC | West Innovative Barista Ltd. |
| 4671 | Voyager Digital, LLC | FTX Canada Inc. |
| 4674 | Voyager Digital, LLC | FTX Products (Singapore) Pte Ltd |
| 4679 | Voyager Digital, LLC | FTX US Services, Inc. |
| 4682 | Voyager Digital, LLC | Western Concord Enterprises Ltd. |
| 4686 | Voyager Digital, LLC | FTX Ventures Ltd. |
| 4690 | Voyager Digital, LLC | Innovatia Ltd |
| 4693 | Voyager Digital, LLC | Island Bay Ventures Inc. |
| 4694 | Voyager Digital, LLC | Mangrove Cay Ltd |
| 4698 | Voyager Digital, LLC | Ledger Holdings Inc. |
| 4705 | Voyager Digital, LLC | North Dimension Inc. |
| 4708 | LedgerPrime Bitcoin Yield Enhancement Fund, LLC | |
| 4711 | Voyager Digital, LLC | LT Baskets Ltd. |
| 4712 | Voyager Digital, LLC | North Wireless Dimension Inc. |
| 4716 | Voyager Digital, LLC | Pioneer Street Inc. |
| 4719 | Voyager Digital, LLC | North Dimension Ltd |
| 4722 | Voyager Digital, LLC | Technology Services Bahamas Limited |
| 4725 | Voyager Digital, LLC | Zubr Exchange Ltd |
| 4727 | Voyager Digital, LLC | Alameda Research KK |
| 4728 | Voyager Digital, LLC | GG Trading Terminal Ltd |
| 4732 | Voyager Digital, LLC | Quoine Vietnam Co. Ltd |
| 4736 | Voyager Digital, LLC | LedgerPrime Ventures, LP |
| 4738 | Voyager Digital, LLC | LiquidEX LLC |
| 4743 | Voyager Digital, LLC | Paper Bird Inc. |
| 4788 | Voyager Digital, LLC | FTX (Gibraltar) Ltd |
| 4819 | Voyager Digital, LLC | Quoine India Pte Ltd |
| 4822 | Voyager Digital, LLC | FTX Crypto Services Ltd. |
| 4830 | Voyager Digital, LLC | Allston Way Ltd |
| 4834 | Voyager Digital, LLC | Clifton Bay Investments LLC |
| 4929 | Voyager Digital, LLC | Cardinal Ventures Ltd |
| 4942 | Voyager Digital, LLC | Crypto Bahamas LLC |
| 4980 | Voyager Digital, LLC | Atlantis Technology Ltd. |
| 4983 | Voyager Digital, LLC | Cedar Grove Technology Services, Ltd. |