# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Hearing Date: May 23, 2024, at 10:00 a.m.**<br>**(prevailing Eastern Time)**<br>**Obj. Deadline: May 15, 2024, at 4:00 p.m.**<br>**(prevailing Eastern Time)** |

### MOTION TO AMEND ORDER (I) (A) ESTABLISHING THE SCOPE, COST, DEGREE, AND DURATION OF THE EXAMINATION AND (B) GRANTING RELATED RELIEF; AND (II) PERMITTING THE FILING OF CERTAIN INFORMATION REGARDING POTENTIAL PARTIES IN INTEREST UNDER SEAL

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), files this motion (the "Motion") pursuant to sections 105 and 1104(c)(2) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") seeking entry of an order amending the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

{02011948;v1 }

*in Interest Under Seal*, ECF No. 9883 (the "Examination Scope Order") to (i) establish certain procedures for initially sealing potentially privileged information in the Examiner's Report (as defined below) and (ii) increase the budget of the Examination by $900,000—to $2,500,000, and respectfully states as follows:

## JURISDICTION, VENUE, AND STANDING

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference issued by the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases and other authority for the relief requested herein are sections 105 and 1104(c)(2) of the Bankruptcy Code and Local Rule 9018-1(d). Paragraphs 4 and 14 of the Examination Scope Order authorize the Examiner to seek these amendments.

4. Pursuant to Local Rule 9013-1(f), the Examiner consents to this Court's entry of a final order in connection with this Motion to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5. On November 11 and 14, 2022, the Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 15, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Debtors' cases (the "Committee"). *See* ECF No. 231.

6. On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner*, ECF No. 176 (the "Examiner Motion").

7. On February 21, 2023, the Court entered the *Order Denying Motion for the Appointment of an Examiner*, ECF No. 746 (the "Examiner Order"). On March 6, 2023, the U.S. Trustee filed a notice of appeal of the Examiner Order, ECF No. 805, and on January 19, 2024, the United States Court of Appeals for the Third Circuit (the "Third Circuit") issued an opinion reversing the Examiner Order.

8. On February 23, 2024, the Court entered an order directing the U.S. Trustee to appoint an examiner in the Debtors' cases, ECF No. 7909.

9. On February 27, 2024, the U.S. Trustee filed the *Notice of Appointment of Examiner*, ECF No. 8047, and the *(I) Application of the United States Trustee for Order Approving the Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of an Order (A) Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 8048.

10. The Court held a hearing on March 20, 2024. On March 20, 2024, the Court entered the *Order Approving the Appointment of Examiner*, ECF No. 9882 (the "Appointment Order"), which approved Mr. Cleary's appointment as Examiner in these Chapter 11 Cases. On the Appointment Date, the Court also entered the Examination Scope Order which sets out the scope, cost, degree, and duration of the Examiner's initial investigation (the "Examination").

11. Paragraph 2 of the Examination Scope Order requires the Examiner to complete his Examination and file his report (the "Report") within sixty (60) days (the "Report Deadline").[2] As set forth in paragraph 4 of the Examination Scope Order, the budget for the Examination is $1,600,000. Pursuant to paragraphs 6, 7, and 8 of the Examination Scope Order, the Debtors and the Committee are obligated to cooperate with the Examiner and provide certain documents and information within their possession, custody, or control, and the Examiner is required to cooperate with the Debtors and the Committee to ensure that the Examiner's Report, as made public through filing with the Court, does not contain any confidential or privileged information. Although nothing in the Examination Scope Order permits the Examiner to file his Report under seal, the Examiner may file a motion requesting to redact or seal portions of the Report. Finally, paragraphs 4 and 14 of the Examination Scope Order specifically allow the Examiner to seek an increase in the budget, modifications to the scope of the Examination, or other relief as may be appropriate.

12. Since the Examiner has commenced his investigation, the Examiner, the Debtors, and the Committee have each complied with their obligations under the Examination Scope Order.

**RELIEF REQUESTED**

13. Through this Motion, the Examiner seeks entry of an order substantially in the form attached hereto as Exhibit A amending the Examination Scope Order (i) to permit the Examiner to file the Report under seal on the Report Deadline, (ii) from the Report Deadline until May 28, 2024, to allow the Examiner, the Debtors, the Committee and the U.S. Trustee to

---

[2] The Examination Scope Order was entered on March 20, 2024, and 60 days from March 20, 2024, is Sunday, May 19, 2024. As such, the Report Deadline is May 20, 2024. *See* Fed. R. Bankr. P. 9006(a)(1).

{02011948;v1 }                                              4

discuss potential redactions and either (A) file publicly the Report reflecting the agreed redactions, or (B) apply to the Court to resolve any disputes over proposed redactions, (iii) to increase the budget for the Examination to $2.5 million through May 28, 2024, and (iv) to grant such other and further relief as deemed just and proper.

## ARGUMENT

14. Section 1104(c) authorizes the Court to order the Examiner to conduct an investigation of the Debtors "as is appropriate." The Third Circuit has made clear that this Court has broad discretion to determine the scope, duration, degree, and cost of this Examination. *See In re FTX Trading Ltd.*, 91 F.4th 148, 156 (3d Cir. 2024).

15. In the weeks since the Appointment Order, the Examiner has received and reviewed over 900 documents totaling over 14,000 pages, approximately half of which comes from the Debtors and Committee. In addition, the Examiner has had multiple meetings with counsel for the Debtors and the Committee. The Examiner has also had various phone calls, meetings, and other correspondence with other parties in interest and government entities. The Examiner's work is ongoing, but he expects to have his Report finalized by the Report Deadline.

16. Most, if not all, of the documents provided by the Debtors and the Committee are subject to a claim of confidentiality and/or privilege. Because the purpose of this Examination is to produce a public report, all parties wish to reduce the amount of sealing required. As such, the Examiner, the Debtors, the Committee, and the U.S. Trustee have agreed on a process for sealing the Report that diverges from the Local Rules. Specifically, the Local Rules require a sealing motion to be filed three business days after a document is filed under seal. *See* Del. Bankr. R. 9018-1(d)(i). The process described below provides the parties with

eight days to file a sealing motion, which the Court is authorized to approve pursuant to Local Rule 9018-1(d)(i).  *See id.*

17.     Pursuant to the proposed process, the Examiner will file his Report under seal on the Report Deadline.  At that time, he will provide copies to the Court, the Debtors, the Committee, and the U.S. Trustee.  The Examiner, the Debtors, the Committee, and the U.S. Trustee will then have until May 28, 2024, to discuss and finalize redactions to the Report that are necessary to protect privileged information.

18.     If the parties agree on redactions, then the parties will submit to the Court a proposed order sealing the redactions under a certification of counsel.  Upon entry of the proposed order, the Report will be filed publicly with the agreed-upon redactions.

19.     If the parties cannot agree on the proposed redactions, then the parties will jointly apply to the Court for resolution.  In order to provide as much information to the public as quickly as possible, this application will include a public version of the Report that includes the disputed redactions.  The application will seek authorization from the Court to maintain the agreed-upon and disputed redactions under seal pending resolution of the parties' dispute(s).  Once the Court rules on the joint application, the Examiner will file another public version of the Report reflecting the so-ordered redactions.

20.     The Examiner believes that this process is in the best interests of the estates and the public because it will result in as much information as possible being made available to the public without violating the Examination Scope Order's mandate that the Examiner not disclose any privileged or confidential information.

21.     The Examiner has been diligently supervising the costs of his Examination.  Given the amount of work done and the amount of work still needed (including

with respect to the sealing procedures described above), the Examiner estimates that he will need an additional $900,000 to complete his Examination through May 28, 2024. This increase will keep the overall budget for the Examination well within the low seven-figure range that the Court originally contemplated. *See* Hr'g Tr. Jan. 24, 2024, p. 26:18-21. The Examiner has previewed this request with the Debtors, the Committee, and the U.S. Trustee, and they have each consented to the increase.

## NOTICE

22. Notice of this Motion has been given to (a) the U.S. Trustee; (b) the Debtors; (c) the Committee; (d) the ad hoc committee of non-U.S. customers of FTX.com; (e) the joint provisional liquidators of FTX Digital Markets Ltd.; and (f) all parties that have filed requests for notices in these Chapter 11 Cases. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

## PRIOR REQUEST

23. This Motion seeks to amend the Examination Scope Order. Other than the motion that originally sought entry of the Examination Scope Order, no request for the relief sought herein has been made by the Examiner to this or any other court.

WHEREFORE the Examiner respectfully requests entry of the proposed order attached hereto as Exhibit A (i) permitting the Examiner to file the Report initially under seal on the Report Deadline, (ii) from the Report Deadline until May 28, 2024, allowing the Examiner, the Debtors, the Committee, and the U.S. Trustee to discuss potential redactions and either (A) file publicly the Report reflecting the agreed redactions, or (B) apply to the Court for resolution of any disputes over proposed redactions, (iii) increasing the budget for the Examination to $2.5

million through May 28, 2024, and (iv) granting such other and further relief as deemed just and proper.

Dated: May 1, 2024

Respectfully submitted,

**ASHBY & GEDDES, P.A.**

By: /s/ Michael D. DeBaecke
Michael D. DeBaecke (Bar No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Tel: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

-and-

**PATTERSON BELKNAP WEBB & TYLER LLP**

Daniel A. Lowenthal (admitted *pro hac vice*)
Kimberly A. Black (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
Email: kblack@pbwt.com

*Counsel to Robert J. Cleary in his capacity as Chapter 11 Examiner appointed in the Chapter 11 Cases*