# Exhibit A

**(Proposed Order)**

{02011948;v1 }

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. 8048, 9547, 9883, __ |

**ORDER AMENDING THE
COST OF THE EXAMINATION AND PERMITTING THE FILING OF CERTAIN
INFORMATION REGARDING POTENTIAL PARTIES IN INTEREST UNDER SEAL**

Upon the motion (the "Motion")[2] of the examiner Robert J. Cleary (the "Examiner") for entry of an order (this "Order") amending the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 9883 (the "Examination Scope Order") to amend the cost of the Examination and permit the filing of the Report initially under seal; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{02011945;v1 }

U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as explicitly set forth herein, the Examination Scope Order remains in full force and effect.

3. The cost of the Examination shall not exceed $2,500,000 for the fees of the Examiner and professionals retained by the Examiner through May 28, 2024. This is without prejudice to the Examiner's right to seek an increase in the budget for cause shown, after notice and an opportunity for parties in interest to be heard. The fees and expenses of the Examiner and any professionals retained by the Examiner shall be subject to 11 U.S.C. § 330.

4. The Examiner shall file his report (the "Report") on May 20, 2024. The Report shall initially be filed under seal in its entirety. The Court, counsel to the Debtors, counsel to the Committee, and the U.S. Trustee shall receive the unredacted Report solely for the purpose of allowing the Examiner, the Debtors, the Committee, and the U.S. Trustee (each a "Party" and collectively the "Parties") to discuss any potential redactions necessary to protect privileged information. If no Party objects to the proposed privilege redactions, the Parties can submit to the Court, under a certification of counsel, a proposed order sealing the redactions. If

the Parties are unable to reach agreement on any proposed redactions by May 28, 2024, the Parties shall jointly apply to the Court for resolution, and that application shall include a version of the Report filed on the docket with the disputed parts redacted.  The redactions shall remain under seal until the application is resolved.  For the avoidance of doubt, the disclosure of the unredacted version of the Report to the Parties for purposes of identifying potential privilege redactions shall neither constitute nor be deemed a waiver by any Party of, as applicable, work-product protection, attorney-client privilege, or any other applicable privilege or protection.

5. Upon (i) the agreement of the Parties approved by Court order or (ii) a Court ruling, memorialized by a Court order as to what privileged material (if any) should be redacted from the Report, the Examiner shall then file on the public docket a copy of the Report with the approved redactions.  The Examiner, the Debtors, and the Committee shall thereafter maintain the confidentiality of the unredacted version of the Report.  The U.S. Trustee shall not disclose the redacted parts of the Report (if any) consistent with 11 U.S.C. §107(c).

6. The Examiner may take all actions necessary to effectuate the relief granted by this Order.

7. This Order shall be effective and enforceable immediately upon entry.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

{02011945;v1 }