**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Objection Deadline: May 15, 2024 at 4:00 p.m. ET**<br>**Hearing Date: May 23, 2024 at 10:00 a.m. ET** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ENTER INTO A STIPULATION RELATING TO THE SATISFACTION OF THE RESTITUTION AMOUNT THAT RYAN SALAME OWES THE DEBTORS UNDER HIS PLEA AGREEMENT**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to enter into a stipulation (the "Stipulation")[2] and to submit it to the United States District Court for the Southern District of New York in connection with the sentencing of Ryan Salame ("Salame"), the former co-CEO of FTX Digital Markets Ltd. ("FTX DM"), in the criminal case *United States* v. *Salame*, 22-cr-00673 (S.D.N.Y. 2023). The Stipulation, between and among (i) the Debtors, (ii) Salame, (iii) FTX DM, acting by the Joint Official Liquidators (the "JOLs"), as nominee for the Debtors, and (iv) the United States Attorney's Office for the Southern District of New York (the "U.S.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

Attorney's Office"), specifies the manner in which Salame will satisfy the restitution he owes to the Debtors under his plea agreement. The Stipulation provides that the Debtors and FTX DM are not releasing or resolving any claims the Debtors and/or FTX DM have against Salame other than payment of the Restitution Amount. In support of the Motion, the Debtors respectfully state as follows:

### **Preliminary Statement**

1. On or about September 7, 2023, Salame was charged in a two count superseding Information (the "Information") with (i) conspiracy to make unlawful political contributions and defraud the Federal Election Commission ("FEC"), in violation of 18 U.S.C § 371 and 52 U.S.C. §§ 30109(d)(1)(A) & (D), 30118 and 3012; and (ii) conspiracy to operate an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 371 and 1960.

2. On September 7, 2023, Salame entered into a plea agreement with the U.S. Attorney's Office to plead guilty to the charges in the Information (the "Plea Agreement"). Under the Plea Agreement, Salame is required, among other things, to pay the Debtors restitution in the amount of $5,593,177.91 (the "Restitution Amount").

3. Following constructive, arm's-length negotiations, Salame and the Debtors have agreed that in lieu of Salame paying the Restitution Amount to the Debtors in cash, Salame will satisfy the Restitution Amount by transferring a residence he owns in the Bahamas, Unit No. 3A in the Marina Residences at Albany Building 10 Condominium (the "Residence"), to FTX DM, acting by the JOLs, as nominee for the Debtors. As discussed below, the Residence has recently been appraised at $5,900,000, which exceeds the Restitution Amount.

4. The Debtors' entry into the Stipulation is in the best interests of their estates, creditors and other stakeholders, and it should be swiftly consummated. The Stipulation avoids the risk that Salame would have to sell the Residence quickly at a below market price in order to

raise the cash necessary to satisfy the Restitution Amount, which would prejudice the Debtors both by failing to maximize the value of the Residence and by creating an unfavorable market comparable for the dozens of other Bahamaian residences that the Debtors and the JOLs intend to sell in order to monetize them for the estates.

5. Because the Stipulation merely specifies the manner in which Salame will satisfy the Restitution Amount and does not involve a release of any of the Debtors' claims against Salame, the Debtors do not believe that a Rule 9019 motion is required in this circumstance. The Debtors are nonetheless filing the motion seeking an order from this Court in the interest of transparency and because Salame is an FTX insider.

6. The Debtors respectfully request that the Court authorize the Debtors to enter into the Stipulation and submit it to the United States District Court for the Southern District of New York in connection with Salame's sentencing.

**Background**

7. On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases" or the "FTX Bankruptcy Proceeding") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

---

[3] November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

8.	Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

9.	On or about September 7, 2023, Salame was charged in a two count Information with conspiracy to make unlawful political contributions and defraud the FEC, and conspiracy to operate an unlicensed money transmitting business. On September 7, 2023, Salame entered into the Plea Agreement, which requires, among other things, that Salame pay the Debtors the Restitution Amount.

**Jurisdiction**

10.	The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

11. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A authorizing the Debtors to enter into the Stipulation attached hereto as Exhibit 1 specifying the manner in which Salame will satisfy the Restitution Amount he owes the Debtors under his Plea Agreement and to submit the Stipulation to the United States District Court for the Southern District of New York in connection with Salame's sentencing.

**Facts Specific to the Relief Requested**

12. On September 21, 2021, Salame executed an agreement to purchase the Residence, together with the household furniture chattels and effects therein, for $7,235,000.

13. On September 20, 2021, Alameda Research, Ltd. ("Alameda") wired from its Silvergate account ending in x4456 $723,500 to Salame's real estate attorney as a 10% deposit on the Residence.

14. On November 2, 2021, FTX DM wired $8,164,068.71 from its bank account at Fidelity Bank (Bahamas) ending in x0275 to Salame's real estate attorney to pay the balance of the purchase price on the Residence, along with VAT tax, commissions, fees and additional expenses, in connection with closing on the purchase of the Residence.

15. The Residence was conveyed to Salame by an Indenture and Deed of Conveyance which is recorded in the Registry of Records in the Commonwealth of The Bahamas.

16. On March 25, 2022, Salame and Alameda entered into a promissory note, dated as of December 31, 2021, whereby Salame agreed to pay $8,164,068.71 to Alameda (the "Promissory Note").

17. On or about September 7, 2023, Salame was charged in a two count Information with conspiracy to make unlawful political contributions and defraud the FEC, and conspiracy to operate an unlicensed money transmitting business.

18. On September 7, 2023, Salame pleaded guilty to the charges in the Information. The Plea Agreement requires, among other things, that Salame pay the Restitution Amount to the Debtors.

19. Salame's sentencing is currently scheduled for May 28, 2024.

20. The Debtors and Salame desire to have Salame satisfy the Restitution Amount by transferring legal title to the Residence to FTX DM, acting by the JOLs, as nominee for the Debtors.

21. The U.S. Attorney's Office has informed Salame and the Debtors that it has no objection to the agreement to satisfy the Restitution Amount by having Salame transfer legal title to the Residence to FTX DM, acting by the JOLs, as nominee for the Debtors.

22. Robin B. Brownrigg was selected by the JOLs as the appraiser to conduct an independent appraisal of the value of the Residence (the "Appraiser").

23. On January 17, 2024, the Appraiser performed an independent inspection and valuation of the Residence. On January 22, 2024, the Appraiser issued an appraisal report valuing the residence at $5,900,000 ("Appraised Value").

24. The terms of the Stipulation require (i) Salame to undertake all steps to cause legal title to the Residence to be transferred to FTX DM, acting by the JOLs, as nominee for the Debtors, and (ii) Salame, FTX DM and the Debtors to execute promptly any documents which may be reasonably required to convey clear title of the Residence. The Stipulation further provides that upon transfer of legal title to the Residence, the Restitution Amount will be deemed satisfied.

25. The Debtors and Salame have agreed that the difference of $306,822.09 between the Appraised Value and the Restitution Amount shall be credited against the amount that Salame owes the Debtors on the Promissory Note.

26. The Stipulation does not release or resolve any claims that the Debtors and FTX DM may have against Salame other than the payment of the Restitution Amount, including with respect to the Promissory Note and the purchase of the Residence.

**Basis for Relief**

**I.     The Stipulation is in the Debtors' Best Interests**

27. Satisfaction of the Restitution Amount by Salame transferring legal title to the Residence to FTX DM, acting by the JOLs, as nominee for the Debtors, is in the best interests of the Debtors and their estates because it avoids the risk that Salame would have to sell the Residence quickly at a below market price in order to raise the cash necessary to satisfy the Restitution Amount, which would prejudice the Debtors both by failing to maximize the value of the Residence and creating an unfavorable market comparable for the more than $200 million in other Bahamaian residences that the Debtors and the JOLs intend to sell.  The Stipulation will enable the JOLs and the Debtors to determine, in their judgment, the timing and sequencing for marketing the Bahamian properties to maximize their value for the estates.

28. The Debtors respectfully request that the Court authorize the Debtors to enter into the Stipulation and to submit it to the United States District Court for the Southern District of New York in connection with Salame's sentencing.

**Waiver of Bankruptcy Rule 6004(h)**

29. Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h).  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons described above, the relief requested is essential to maximize the value of the Debtors' assets and ample cause exists to justify a waiver of the stay period to the extent applicable.

**Reservation of Rights**

30. Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party.

**Notice**

31. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Ad Hoc Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; (h) counsel to Ryan Salame; (i) counsel for the Joint Official Liquidators of FTX Digital Markets Ltd.; (j) the United States Attorney for the Southern District of New York; and to the extent not listed herein, (k) those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A.

| | |
|---|---|
| Dated: May 1, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |