UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
FTX TRADING LTD., *et al.*, : Case No.: 22-11068 (JTD)
: (Jointly Administered)
Debtors. :
: **Re: D.I. 12526**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER GRANTING MOTION OF HAIN CAPITAL INVESTORS MASTER FUND, LTD. TO (I) STRIKE NOTICE OF TRANSFER OF CLAIM [ECF NO. 10881] TO NEXXUS PARTICIPATION VEHICLE III LLC, AND (II) REQUIRE THE DEBTORS' CLAIMS AND NOTICING AGENT TO RECOGNIZE AND RECORD TRANSFER OF CLAIM [ECF NO. 10243] TO HAIN**

Upon the motion (the "Motion")[1] of Hain Capital Investors Master Fund, Ltd. ("Hain") to (I) strike the notice of *Transfer of Claim Other than for Security* (the "Nexxus Transfer of Claim") [ECF No. 10881] filed by Cherokee Acquisition to provide notice of a purported transfer of the claim of a customer identified by Unique Customer Code #00225510 (the "Customer") to Nexxus Participation Vehicle III LLC ("Nexxus"), and (II) require Kroll Restructuring Administration LLC ("Kroll"), the Claims and Noticing Agent for FTX Trading Ltd. ("FTX") and its affiliated debtor entities (collectively, the "Debtors"), to recognize and record the transfer of the Customer's claim against FTX scheduled as claim number 7450462 in FTX's Schedule F (the "Customer Claim") to Hain pursuant to the *Transfer of Claim Other than for Security* (the "Hain Transfer of Claim") [ECF No. 10243]; and upon the filing of the certificate of service with respect to the Motion [ECF No. 12526-10]; and no objection to the Motion having been filed or received; and after due deliberation and sufficient cause appearing therefor, it is HERBY ORDERED THAT:

1. The Motion is granted as set forth herein.

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

{00038802. }

2. The Nexxus Transfer of Claim is hereby stricken from the docket of the Debtors' chapter 11 cases.

3. Kroll is hereby authorized and directed to recognize and record the transfer of the Customer Claim to Hain pursuant to the Hain Transfer of Claim, and substitute Hain as the sole holder of the Customer Claim on the Bankruptcy Claims Register.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: May 8th, 2024
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE