IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>RE: D.I. 11053 |

### REPLY IN SUPPORT OF MOTION TO VACATE THE ORDER GRANTING FTX DEBTORS' MOTION TO ESTIMATE CLAIMS BASED ON DIGITAL ASSETS WITH RESPECT TO NUGENESIS OU AND NUGENESIS PTY LTD

NuGenesis Ou and NuGenesis PTY Ltd. (collectively, "NuGen"), by and through its undersigned counsel, hereby submit this reply in support of its motion to vacate ("NuGen Motion") the *Order Granting Motion of the Debtors to Estimate Claims Based on Digital Assets* (the "Estimation Order") [D.I. 7090] with respect to NuGen only, which granted the *Motion of the Debtors to Estimate Claims Based on Digital Assets* ("Estimation Motion") [D.I. 5202], filed by the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

### BACKGROUND

1. On December 27, 2023 the Debtors' filed the Estimation Motion, which sought, among other things, estimation of NuGen's claims to $0.00. On January 1, 2024, a letter objection to the Estimation Motion, signed by the Founder and CEO Hussein Faraj of NuGen (the "NuGen Objection"), was mailed to the Court by NuGen, which was received by the Court on January 5, 2024, date stamped and entered on the docket at D.I. 5420.

2. On January 29, 2024, the Debtors filed the *Amended Notice of Agenda for Hearing Scheduled for January 31, 2024 at 10:30 a.m. (ET), Before the Honorable John T. Dorsey at the United States Bankruptcy Court for the District of Delaware, Located at 824 North Market Street,*

*5th Floor, Courtroom No. 5, Wilmington, Delaware 19801* (the "First January 31 Hearing Agenda") [D.I. 6797]. The First January 31 Hearing Agenda included the Estimation Motion as a matter going forward at the hearing and provided a list of filed objections and the objectors (the "Objectors") to the Estimation Motion contained in an Exhibit A ("Exhibit A to Agenda") to the January 31 Hearing Agenda. This Exhibit A clearly includes the NuGen Objection at item no. 32.

3. However, NuGen did not receive the First January 31 Hearing Agenda nor did it receive service of the subsequently filed Amended Hearing Agenda (the "Second January 31 Hearing Agenda"), which was filed on January 31, 2024. The Affidavit of Service for the Second January 31 Hearing Agenda (the "Hearing Affidavit of Service") was filed on February 10, 2024, [D.I. 7260]. The Hearing Affidavit of Service states that on January 31, 2024, Kroll caused the Second January 31 Hearing Agenda to be served via E-Mail on the Core/2002 service list maintained by Kroll.

4. In addition, according to the Affidavit of Service, the January 31 Hearing Agenda was served via E-Mail on the Objectors listed on Exhibit B (the "Objections Service List") to the Affidavit of Service. However, Exhibit B to the Affidavit of Service is blank except for a statement that due to the confidential nature of the Debtors' records, the service list for the January 31 Hearing Agenda has been redacted. The statement in Exhibit B further provides that the Objections Service list will be made available to the Court, the Office of United States Trustee and any Official Committee upon request.

5. NuGen understands the confidential nature of creditor contact information but it makes no sense that this Affidavit of Service doesn't at least include the names of the Objectors on the Objections List. This is because the First January 31 Hearing Agenda, which was publicly filed, clearly lists all of the Objectors by name. In addition, NuGen is listed on the minute

entry/sign-in sheet for the January 31 Hearing. However, the Objectors' "sign-in" appears to be simply a pre-generated list of the Objectors based on the Objectors list in the January 31 Hearing Agenda.

6. Further compounding the service issues is the fact that on February 13, 2024, Kroll filed an Affidavit of Service regarding service of the Debtors' reply memorandum in response to the objections filed by the Objectors [D.I. 7349]. This Affidavit of Service includes a service list for Objectors. However, that Objectors Service list does <u>not</u> include NuGen, so clearly NuGen was not served with a critical piece of information for the January 31 Hearing. Finally, the dial-in and video information that was circulated before the hearing was sent via E-Mail around 9:09 a.m.(ET) on January 31, 2024, (presumably the same time that the amended hearing agenda for the January 31 Hearing was served) which was approximately 1.5 hours before the January 31 Hearing. The same E-Mail as received by NuGen reflects that it was sent at 12:09 a.m. (AT) on February 1, 2024. In other words, accounting for the time difference between the U.S. and Australia, by the time the email was seen by NuGen on the morning of February 1, 2024, the January 31 Hearing had already been held and concluded.

7. On February 7, 2024, the Court entered the Estimation Order. However, NuGen is not included on the Objectors service list and never received service of the entered Estimation Order. NuGen did not find out about the entered Estimation Order until mid-March 2024 when it hired counsel and was provided with the entered Estimation Order. In fact, the Debtors' admit in their objection to the Motion (the "<u>Debtors' Objection</u>") that NuGen "was not individually served with the Omnibus Reply, Agenda, Amended Agenda [and] Estimation Order." [D.I. 12015 ¶ 15]. Furthermore, a review of the Court audio file of the hearing on the Estimation Motion reflects that

3

NuGen's objection was not discussed at the hearing. NuGen was not even mentioned once during the hearing.

## BASIS FOR RELIEF

8. Subject to certain exceptions not relevant here, FRCP 60 "applies in cases under the Code." Fed. R. Bankr. P. 9024. Pursuant to FRCP 60(b) " a court may relieve a party … from a final judgment, order, or proceeding for", *inter alia,* "excusable neglect … newly discovered evidence … misconduct by an opposing party … [because] applying [the judgment] prospectively is no longer equitable; or … any other reason that justifies relief." Fed. R. Civ. P. 60(b).

9. NuGen seeks limited relief from the Estimation Order <u>as to NuGen only</u>. Specifically, NuGen seeks release from the Estimation Order, to which NuGen objected to on January 5, 2024, and the findings and conclusions that the NuGen Claims are valued at $0.00. This limited relief is warranted for several reasons, the most prevalent being that of excusable neglect.

10. The "excusable neglect" standard is liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim. *See Logan v. Am. Cont. Bridge League*, 173 F. App'x 113, 116 (3d Cir. 2006) (noting cases in which Rule 60(b)(1) relief was granted where excusable neglect otherwise prevented a claim from being adjudicated on its merits); cf. *George Harms Const. Co. v. Chao*, 371 F.3d 156, 165 (3d Cir. 2004). Whether the Court should grant NuGen relief from the Estimation Order as a result of excusable neglect rests on a balancing test, calling for consideration of the following: (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on judicial proceedings, (iii) the reason for the delay, including whether it was within the reasonable control of the movant, and (iv) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

11. There is no prejudice to the Debtors by providing the relief requested herein. First, there are claimants that were carved-out of the Estimation Order, and such claimants and the Debtors have a scheduling order for a litigation track regarding estimation of those claimants' claims – so the Debtors are still actively litigating claims estimations. Therefore, there is little to no prejudice to the Debtors should the requested relief be granted.

12. Any delay in NuGen's effort to seek relief from the Estimation Order is minimal. NuGen did not receive the January 31 Hearing access information until February 1, 2024, and NuGen was not served with the Debtors reply memorandum, nor entry of the Estimation Order. NuGen wasn't even aware that the Estimation Order had been entered until the middle of March. Failure to receive adequate and appropriate notice and service is not the fault of the party that should receive notice, but rather the party whose duty it is to provide adequate notice and service.

13. NuGen has acted in good faith with respect to its Motion.

14. Furthermore, the Debtors have argued, stated and confirmed in various pleadings, including in the Debtors' Objection, as well as in the Estimation Order itself, that the estimation does not address property rights issues with respect to Digital Assets. This means custody claims based on the Debtors holding Digital Assets on behalf of parties pursuant to market-maker agreements, which make clear that ownership of the Digital Assets remains with the counterparties to the Debtors' market-maker agreements. However, the Debtors' have not addressed how they intend to deal with custody claims and issues, including accountings for the Digital Assets and the return of the Digital Assets to the legal owners. The Chapter 11 Plan filed by the Debtors on May 7, 2024 [D.I. 14300] is silent on this issue as well.

**CONCLUSION**

For the foregoing reasons, the Motion to Vacate should be granted.

| | |
|---|---|
| Dated: May 10, 2024<br>Wilmington, Delaware | **GELLERT SEITZ BUSENKELL &<br>BROWN LLC**<br><br>*/s/ Michael Busenkell*<br>Michael Busenkell (No. 3933)<br>Amy D. Brown (No. 4077)<br>1201 N. Orange St., Ste. 300<br>Wilmington, DE 19801<br>Phone: (302) 425-5800<br>Fax:    (302) 425-5814<br>mbusenkell@gsbblaw.com<br>abrown@gsbblaw.com<br><br>*Counsel for NuGenesis Ou and NuGenesis PTY Ltd* |