## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: June 13, 2024 at 1:00 P.M. ET**<br>**Objection Deadline: May 31, 2024 at 4:00 P.M. ET** |

### DEBTORS' FORTY-FIRST (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN SUPERSEDED CLAIMS (CUSTOMER CLAIMS)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULE 1</u> OF <u>EXHIBIT A</u> ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>")  hereby submit this forty-first omnibus claims objection (this "<u>Objection</u>") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Order</u>"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), disallowing and expunging in its entirety each Superseded Claim (as defined below) set forth in <u>Schedule 1</u> attached to the Order.  In support of this Objection, the Debtors submit the *Declaration of Rob Esposito in support of Debtors' Forty-First (Non-Substantive)*

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Omnibus Objection to Certain Superseded Claims (Customer Claims)* (the

"Esposito Declaration"), attached hereto as Exhibit B.  In further support of this Objection, the

Debtors respectfully state as follows:

## Background

1.     On November 11 and November 14, 2022 (as applicable, the

"Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the

Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties

as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint

administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by

entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the

United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official

Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the

Bankruptcy Code [D.I. 231].

2.     Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the

*Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Facts Specific to the Relief Requested

3.     On June 28, 2023, the Court entered the *Order (I)(A) Establishing*

*Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs*

*of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related*

*Relief* [D.I. 1793] (the "Customer Bar Date Order").  The Customer Bar Date Order established,

among other things, the deadline of September 29, 2023 to file Customer Claims[2] against the

Debtors.

4.    To date, approximately 92,000 customer proofs of claim have been filed

against the Debtors, asserting more than $41,500,000,000.[3]

### Superseded Claims

5.    The Debtors and their advisors are reviewing and reconciling all proofs of

claim and any related supporting documentation filed against the Debtors.  The Debtors have

determined, based on their books and records, that each proof of claim listed on Schedule 1 to

Exhibit A under the heading "Claims to be Disallowed" (the "Superseded Claims") has been

superseded by the subsequently filed claims identified on Schedule 1 to Exhibit A under the

heading "Surviving Claims" (the "Surviving Claims").  The claimants are customers or current

claim owners who submitted multiple proofs of claim that are based on the same underlying

customer account.  Many of the Surviving Claims assert claims on account of the same fiat or

cryptocurrency, and, in fact, certain of the Surviving Claims assert claims on account of

additional cryptocurrency not included in the Superseded Claims.  In addition, certain other

surviving claims appear to have been filed to correct certain overstated fiat or cryptocurrency

quantities.  Moreover, certain Superseded Claims were filed prior to the entry of the Customer

Bar Date Order and do not adhere to the court-approved customer proof of claim form.  Rather,

these Superseded Claims asserted only dollar amounts and not cryptocurrency quantities.

Moreover, in some instances the Surviving Claim appears to change or correct the Debtor

---

[2]    "Customer Claims" means a claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state law, rule or regulation, common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

[3]    Excludes over 400 frivolous customer claims filed in aggregate for more than $27 quintillion.

asserted on the Superseded Claims.  Accordingly, the Debtors submit that the Superseded Claims should be disallowed and expunged in their entirety and only the Surviving Claims should remain.

**Jurisdiction and Venue**

6.      The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Basis for Relief**

7.      Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim.  11 U.S.C. § 502(b).

8.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b).  Moreover, a claimant is not entitled to multiple recoveries for a single liability against a debtor since a

-4-

claimant is entitled only to a single satisfaction, if at all, of any particular claim of liability against a debtor. *See, e.g., In re Handy Andy Home Improvement Ctrs. Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice."); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

9.      Bankruptcy Rule 3007(d) provides that a debtor may object to a claim on an omnibus basis where the claim "ha[s] been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(3). *See In re Hub Holding Corp*, No. 09-1170 at *2 (Bankr. D. Del. Nov. 3, 2010) (expunging and disallowing amended and superseded claims); *In re Sportsman's Warehouse, Inc.*, No. 09-10990 at *3 (Bankr. D. Del. Jul. 28, 2011) (same); *In re Vertis Holdings, Inc.*, No. 12-12821 at *2 (Bankr. D. Del. Feb. 14, 2013) (same). Each Superseded Claim was amended, although not expressly, and superseded by the respective Surviving Claim, a subsequently filed proof of claim. Each Superseded Claim and its corresponding Surviving Claim also assert claims based on the same customer account.

10.      Bankruptcy Rule 3007(d) also provides that a debtor may object to a claim on an omnibus basis where the claim "duplicate[s] other claims." Fed. R. Bankr. P. 3007(d)(1). *See In re Hub Holding Corp*, 2009 WL 8519808, at 2 (Bankr. D. Del. May 27, 2009) (expunging and disallowing duplicative claims); *In re Aes Eastern Energy, L.P.*, 2012 WL 4834908, at 2 (Bankr. D. Del. Oct. 04, 2012) (same); *In re Trico Marine Services, Inc.*, 2012 WL 113121, at 2 (Bankr. D. Del. Jan. 02, 2012) (same). Even if two claims allege different dollar amounts, a court may still find the claims duplicative of one another. *See In re CPESAZ Liquidating, Inc.*, 2023 WL 3773642, at *8 (B.A.P. 9th Cir. June 2, 2023) (finding that a claim that asserted a different dollar amount was duplicative of another filed claim). Although slightly different in

form, each Superseded Claim alleges liability based on customer accounts and substantive facts identical to its Surviving Claim, and is, therefore, essentially duplicative.  Most, if not all, of the Surviving Claims assert claims on account of the same fiat or cryptocurrency, and, in fact, most of the Surviving Claims assert claims on account of additional fiat or cryptocurrency not included in the Superseded Claims.

11.     While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is *'prima facie'* valid.").  The burden of persuasion with respect to the claim is always on the claimant, *see id.* at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity.  *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

12.     As set forth in the Esposito Declaration, based upon a review of the Superseded Claims and the corresponding Surviving Claims, the Debtors have determined that each of the Superseded Claims listed on <u>Schedule 1</u> to <u>Exhibit A</u> has been amended and superseded by the Surviving Claim filed on behalf of the same claimant.  Claimants should not be allowed to maintain their Superseded Claims and their Surviving Claims.  If so, the Debtors would be subject to multiple recoveries by such claimant for a single claim or liability. Accordingly, to avoid the possibility of multiple recoveries and to maintain an accurate claims register, the Debtors submit that the Superseded Claims should be disallowed and expunged in their entirety from the claims register.

-6-

**<u>Responses to This Objection</u>**

13.     To contest the Debtors' determinations of the Superseded Claims included in this Objection, a claimant must file and serve a written response to this Objection (a "<u>Response</u>") so that it is received no later than May 31, 2024 at 4:00 p.m. (ET) (the "<u>Response Deadline</u>").  Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon counsel to the Debtors, (a) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Alexa J. Kranzley (kranzleya@sullcrom.com) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com), so as to be actually received by no later than the Response Deadline.

14.     Each Response to this Objection must, at a minimum, contain the following information:

     a.   a caption setting forth the name of the Court, the name of the Debtors, the lead case number and the title of the Objection to which the Response is directed;

     b.   the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

     c.   the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

     d.   all documentation and other evidence, to the extent it was not included with the proof of claim previously filed, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection; and

     e.   the name, address, telephone number, fax number or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who

possesses authority to reconcile, settle, or otherwise resolve the
objection to the Superseded Claim on behalf of the claimant.

15.     If a claimant fails to timely file and serve a Response by the

Response Deadline, the Debtors will present to the Court the Order disallowing and expunging in

their entirety the Superseded Claims without further notice to the claimant or a hearing.

16.     The Debtors may file and serve a reply to any Response in accordance

with the Local Rules.  The Debtors reserve the right to seek an adjournment of the hearing on

any Response to this Objection, which adjournment will be noted on the notice of agenda for the

hearing.

## **Reservation of Rights**

17.     Nothing in this Objection: (a) is intended or shall be deemed to constitute

an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission

as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice,

waive, or otherwise affect the rights of the Debtors or their estates to contest the validity,

priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice,

waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all

claims or causes of action against any third party; or (d) shall be construed as a promise to pay a

claim or continue any applicable program postpetition, which decision shall be in the discretion

of the Debtors.  Any payment made pursuant to an order of the Court granting the relief

requested herein is not intended to be nor should it be construed as an admission as to the

validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

18.     This Objection does not affect any of the Surviving Claims and does not

constitute an admission or acknowledgement by the Debtors that any such claims should be

allowed.  Unless the Surviving Claim was previously allowed, the Debtors retain their rights to

later object on any basis to any Surviving Claim and to any Superseded Claim as to which the Court does not grant the relief requested herein.

## Separate Contested Matters

19.     To the extent a Response is filed regarding any claim listed in this Objection and the Debtors are unable to resolve the Response, the objection by the Debtors to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## Compliance with Local Rule 3007-1

20.     To the best of the Debtors' knowledge and belief, this Objection and the related exhibits comply with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## Notice

21.     Notice of this Objection has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) each claimant whose claim is subject to this Objection; and (i) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

22.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: May 10, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*