IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>FTX Trading Ltd., et al.,<br>*Debtors.*[1] | Chapter 11<br>Case No. 22-11068-JTD<br>(Jointly Administered)<br><br>Re: 13627<br><br>Objection Deadline:<br>May 15, 2024 at 4:00 p.m. (ET)<br><br>Hearing Date:<br>May 23, 2024 at 10:00 a.m. (ET) |

**MEDIA INTERVENORS' OBJECTIONS TO EXAMINER'S MOTION TO
AMEND ORDER (I) (A) ESTABLISHING THE SCOPE, COST, DEGREE, AND
DURATION OF THE EXAMINATION AND (B) GRANTING RELATED
RELIEF; AND (II) PERMITTING THE FILING OF CERTAIN
INFORMATION REGARDING POTENTIAL PARTIES IN INTEREST UNDER SEAL**

---

Media Intervenors Bloomberg L.P., Dow Jones & Company, Inc., The New York Times

Company, and The Financial Times Ltd (together "Media Intervenors"), hereby object to the mo-

tion of examiner Robert J. Cleary ("Examiner").  D.I. 13627.

**BACKGROUND**

1.      On December 19, 2022, the Court granted Media Intervenors' motion to intervene

to oppose the redaction and sealing of certain information in court filings in the above-captioned

bankruptcy case.  D.I. 255.  Media Intervenors' appeal of a sealing order entered by the Court is

currently pending in the U.S. District Court for the District of Delaware.  *See Bloomberg L.P., et*

*al. v. FTX Trading Ltd., et al.,* Civil Action No. 23-682-CFC (D. Del.).

---

[1] FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

2.      On December 1, 2022, the United States Trustee ("U.S. Trustee") moved this Court for the appointment of an independent examiner pursuant to 11 U.S.C. § 1104(c) (the "Appointment Motion").  D.I. 176.

3.      On February 21, 2023, the Court denied the Appointment Motion.  D.I. 746.  On March 6, 2023, the U.S. Trustee filed a notice of appeal.  D.I. 805.

4.      On January 18, 2024, the U.S. Court of Appeals for the Third Circuit issued an opinion reversing the Court's order denying the Appointment Motion.  *In re FTX Trading Ltd.*, 91 F.4th 148 (3d Cir. 2024).

5.      On March 20, 2024, following a hearing, the Court issued an order approving the appointment of Mr. Cleary as an independent examiner.  D.I. 9882.  The Court also issued an Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting related Relief; and (II) Permitting the filing of Certain Information Regarding Potential Parties in Interest Under Seal (the "Examination Scope Order").  D.I. 9883.

6.       The Examination Scope Order requires the Examiner to "file a report" (hereinafter, the "Report") within 60 days.   D.I. 9883 ¶¶ 2–5.  Accordingly, pursuant to the Examination Scope Order, the Report is due to be filed no later than May 20, 2024.

7.      The Examination Scope Order provides: "The Examiner shall cooperate with the Debtors and the Committee to ensure that the Examiner's [R]eport, as made public through publication by filing with the Court, will not contain confidential or privileged information, including information regarding the Debtors' operations, prospects or litigation strategies."  D.I. 9883 ¶ 8.

8.      The Examination Scope Order further provides that "nothing in this Order is authorizing anything in the Examiner's [R]eport to be redacted or filed under seal.  Any request to redact or seal any portion(s) of the Examiner's [R]eport shall be sought by motion on notice to all

2

relevant parties in interest, and the rights of all parties in interest to object to any such motion are expressly reserved." D.I. 9883 ¶ 8.

9.    On May 1, 2024, the Examiner filed a motion to amend the Examination Scope Order (the "Examiner's Motion"). D.I. 13627.

10.    The Examiner's Motion requests permission for the Examiner to file his Report "under seal" on or before May 20, 2024. D.I. 13627 ¶ 17. It further proposes that the Examiner thereafter provide "copies" of that Report "to the Court, the Debtors, the Committee, and the U.S. Trustee," and that the "Examiner, the Debtors, the Committee, and the U.S. Trustee" be given "until May 28, 2024, to discuss and finalize redactions to the Report that are necessary to protect privileged information." D.I. 13627 ¶ 17.

11.    The Examiner's Motion proposes procedures for the submission of a "proposed order sealing redactions" that are agreed to by the Examiner, Debtors, the Committee, and the U.S. Trustee, D.I. 13627 ¶ 17, as well as a process for those parties to "jointly apply to the Court for resolution" if they "cannot agree on the proposed redactions," accompanied by the filing of a "public version of the [Examiner's] Report that includes the disputed redactions," D.I. 13627 ¶ 18.

## ARGUMENT

12.    Media Intervenors object to the Examiner's request that he be permitted to file his Report entirely under seal on or before May 20, 2024. Further, even if the Court permits the Examiner to file his Report under seal in its entirety on or before May 20, 2024, the Court should still reject and/or modify the redaction process proposed by the Examiner. Specifically, Media Intervenors object to a process whereby the Examiner, Debtors, the Committee, and the U.S. Trustee would later submit their agreed-upon redactions to the Court for approval in the form of a proposed order—a process that would sidestep the requirement of a noticed motion to seal and

would deprive interested members of the press and public, including Media Intervenors, of an opportunity to object to those redactions.

13.     There is a strong presumption in favor of public access to judicial records. *See Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597–98 (1978); *see also* 11 U.S.C. § 107(a) (designating all papers filed in bankruptcy cases to be open public records, except as provided in subsections (b) and (c)).  This presumption "is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved." *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).

14.     In requiring the appointment of an examiner in this matter, the Third Circuit expressly noted that the examiner "must make [his] findings public." *In re FTX Trading Ltd.*, 91 F.4th at 157.  Such transparency comports with "Congress's intent to protect the public's interest as well as those creditors and debtors directly impacted by the bankruptcy." *Id.*  And such transparency is, as the Third Circuit stated, "particularly appropriate" in the instant case because the

> collapse of FTX caused catastrophic losses for its worldwide investors but also raised implications for the evolving and volatile cryptocurrency industry. For example, an investigation into FTX Group's use of its own cryptocurrency tokens, FTTs, to inflate the value of FTX and Alameda Research could bring this practice under further scrutiny, thereby alerting potential investors to undisclosed credit risks in other cryptocurrency companies.  In addition to providing much-needed elucidation, the investigation and examiner's report ensure that the Bankruptcy Court will have the opportunity to consider the greater public interest when approving the FTX Group's reorganization plan.

*Id.*

15.     The Examiner's Motion makes no showing that would support sealing any portion—let alone all—of the Examiner's Report for *any* period of time.  And, indeed, there should be nothing in the Examiner's Report that requires redaction.  The Court's Examination Scope Order expressly ordered the Examiner to work with the Debtors and the Committee to ensure that the

Report does "not contain confidential or privileged information." D.I. 9883 ¶ 8. In other words, it was (and is) incumbent upon those parties to work together <u>in advance</u> of the May 20, 2024 deadline for the public filing of the Report to ensure it does not include such information. The Examiner's Motion—which proposes that the Report by filed under seal in its entirety, and that the parties thereafter "agree" on what portions of the Report the public be permitted to see—is inconsistent with the Court's Examination Scope Order and with governing law. No modification of the Examination Scope Order is warranted, and the Examiner's Motion should be denied.

16.    To the extent the Court is inclined to permit the Examiner to file his Report under seal in the first instance, Media Intervenors respectfully request that the Court require any party urging that redactions be made to the Report before it is made public—whether or not other parties "agree" to those redactions—to publicly file a redacted version of the Report accompanied by a noticed motion to seal the redacted information (not merely a "proposed order"). It is the burden of the party urging sealing of a judicial record in whole or in part to demonstrate that such sealing is necessary. Specifically, the proponent of sealing bears a "heavy burden" to show that "'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (citation omitted). A noticed motion will give Media Intervenors and any other interested party, including creditors, an opportunity to object to any redactions to the Examiner's Report that are proposed by the parties.

## CONCLUSION

For the foregoing reasons, Media Intervenors respectfully request that the Court deny the portion of the Examiner's Motion requesting that he be permitted to file his Report entirely under seal on or before May 20, 2024, or, in the alternative, deny and/or modify the sealing and redaction

procedures proposed by the Examiner's Motion.

Respectfully submitted,

Dated: May 14, 2024

/s/ David L. Finger
David L. Finger (ID #2556)
FINGER & SLANINA, LLC
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE 19801
302.573.2525

Katie Townsend (pro hac vice)
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
202.795.9300
ktownsend@rcfp.org

*Counsel for Media Intervenors*

## CERTIFICATE OF SERVICE

I, David L. Finger, hereby certify that on this 14th day of May, 2024, in accordance with

Del. Bankr. Local Rule 9036-1(b), I caused the foregoing Media Intervenors' Objections To The

Second Joint Motion Of The Debtors And The Official Committee Of Unsecured Creditors For

An Order Authorizing The Movants To Redact Or Withhold Certain Confidential Information Of

Customers via CM/ECF upon the below-listed counsel and parties of record:

Alexa J. Kranzley, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
kranzleya@sullcrom.com

Adam G. Landis, Esq.
Kimberly A. Brown, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800, Wilmington,
DE 19801
landis@lrclaw.com brown@lrclaw.com

Juliet Sarkessian, Esq.
U.S. Trustee
844 King Street, Suite 2207 Wilmington,
DE 19801
juliet.m.sarkessian@usdoj.gov

Derek C. Abbott, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Suite 1600
Wilmington, DE 19801
dabbott@morrisnichols.com

Mary E. Augustine, Esq.
A M Saccullo Legal, LLC
27 Crimson King Drive
Bear, DE 19701
meg@saccullolegal.com

Gary D. Bressler, Esq.
McElroy, Deutsch, Mulvaney & Carpenter,
LLP
300 Delaware Ave.
Suite 1014
Wilmington, DE 19801
gbressler@mdmc-law.com

Nicholas A. Pasalides, Esq.
Reich Reich & Reich, P.C.
235 Main Street, Suite 450
White Plains, NY 10601
npasalides@reichpc.com

Morris, Nichols, Arsht & Tunnell, LLP
Derek C. Abbott, Esq.
1201 North Market Street, Suite 1600
Wilmington, DE 19801
Email: dabbott@morrisnichols.com

Sabrina L. Streusand, Esq.
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Ste. 320
Austin, Texas 78746
streusand@slollp.com

Daniel A. O'Brien, Esq.
Venable LLP
1201 N. Market St., Suite 1400
Wilmington, DE 19801
Tel: (302) 298-3535
Fax: (302) 298-3550
daobrien@venable.com

1

Stanton C. McManus, Esq.
U.S. Department of Justice
Civil Division
1100 L Street, NW, Room 7208
Washington DC, 20005
stanton.c.mcmanus@usdoj.gov

Seth B. Shapiro, Esq.
U.S. Department of Justice
Civil Division
1100 L Street, NW, Room 7114
Washington DC, 20005
seth.shapiro@usdoj.gov

Roma N. Desai, Esq.
Layla D. Milligan, Esq.
Abigail R. Ryan, Esq.
Assistant Attorneys General
Office of the A.G. of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548

Scott D. Cousins, Esq.
Cousins Law LLC
Brandywine Plaza West
1521 Concord Pike, Suite 301 Wilmington,
DE 19801 scott.cousins@cousins-law.com
scott.jones@cousins-law.com

Kevin Gross, Esq.
Paul N. Heath, Esq.
David T. Queroli, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Email: gross@rlf.com
heath@rlf.com

Amy L. Patterson, Esq.
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
apatterson@law.ga.gov

John P. Reding, Esq.
Office of the Illinois Attorney General
100 W. Randolph St., Suite 13-225
Chicago, Illinois 60601

Christopher M. Samis, Esq.
Aaron H. Stulman, Esq.
Sameen Rizvi, Esq.
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
csamis@potteranderson.com
astulman@potteranderson.com
srizvi@potteranderson.com

Anthony M. Saccullo, Esq.
Mary E. Augustine, Esq.
A. M. Saccullo Legal, LLC
27 Crimson King Drive
Bear, Delaware 19701
(302) 836-8877
(302) 836-8787 (facsimile)
ams@saccullolegal.com
meg@saccullolegal.com

Matthew B. Harvey, Esq.
Paige N. Topper, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
mharvey@morrisnichols.com
ptopper@morrisnichols.com

Stephen Manning, Esq.
Assistant Attorney General
Office of the Attorney General of
Washington
Government Compliance and Enforcement
Division
P. O. Box 40100
Olympia, WA 98504-4010

Ashby & Geddes, P.A.
Ricardo Palacio, Esq.
500 Delaware Avenue, 8th Floor
P.O. Box 1150

2

3

Wilmington, DE 19899
Email: RPalacio@ashbygeddes.com

           /s/ David L. Finger
           David L. Finger (ID #2556)
           Finger & Slanina, LLC
           One Commerce Center
           1201 N. Orange St., 7th fl.
           Wilmington, DE  19801
           (302) 573-2525
           Attorney for Bloomberg, L.P.,
           Dow Jones & Company, The New
           York Times Inc. and the Financial
           Times, Ltd.