**<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>                            Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 23, 2024 10 AM (ET)**<br>**Objection Deadline: April 30, 2024** |

## DANIEL FRIEDBERG'S AMENDED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO FTX TRADING LTD. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 9014 of the Federal Rules of Bankruptcy Procedure, Daniel Friedberg, in the chapter 11 cases of FTX Trading Ltd. and its affiliated debtors (collectively, the "**Debtors**"), hereby propounds to the Debtors his Amended First Set of Requests for the Production of Documents and Things. Mr. Friedberg requests that Debtors produce all documents responsive to the following Amended First Set of Requests no later than May 13, 2024.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua, and Barbuda.

## DEFINITIONS

1.     The term "Alternative Transaction" means any potential acquisition of FTX Europe or other potential alternatives to the Sales Transaction as such term is defined in the Motion.

2.     The term "Binance" means Binance (Switzerland) AG, and each of its affiliates, predecessors, successors, divisions, subsidiaries, and joint ventures, as well as its present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with them, and any others acting or purporting to act on its behalf, including but not limited to Binance Deutschland.

3.     The term "Communication" or "communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).  This term includes without limitation, any transmission or exchange of any information, whether orally or in writing, including, without limitation, any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, electronic mail, telegraph, telex, telecopy, cable communicating data processors, or some other electronic or other medium.

4.    The term "concerning" is used in its broadest sense and shall mean constituting, referring to, relating to, evidencing, or describing the subject matter of the discovery request.

5.    The term "Debtors" means FTX Trading Ltd., West Realm Shires, Inc., and Alameda Research Ltd., and their affiliated debtors in these proceedings, and each of their affiliates, predecessors, successors, divisions, subsidiaries, and joint ventures, as well as their present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with them, and any others acting or purporting to act on their behalf.

6.    The term "Document" or "document" has the meaning set forth in Fed. R. Civ. P. 34(a)(1)(A) and associated caselaw. It shall include, without limitation, all originals, duplicates, and drafts of each such document, as well as documents that are electronically stored on backup tapes, and is meant to include all documents in your possession, custody, or control, whether the documents were compiled by you or by any other person for any reason whatsoever. This term also includes any message sent electronically, including, without limitation, any message sent via cell phone (including, without limitation, smart phones, iPhones, or Android phones), electronic tablet (including, without limitation, iPads, or Android tablets), text, Blackberry Messenger, Facebook Messenger, Google Chat,

Google Talk, GroupMe, Jabber, Line, iMessage, Skype, Slack, Snapchat, Telegram, Viber, WeChat, or WhatsApp. A draft or non-identical copy is a separate document within the meaning of this term.

7.      The term "FTX Europe" means FTX Europe AG and each of its affiliates, predecessors, successors, divisions, subsidiaries, and joint ventures, as well as their present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with them, and any others acting or purporting to act on their behalf.

8.      The terms "identify," "identification," or "identity" means:

(a)      When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.;

(b)     When referring to documents, to "identify" means to state the:

    (i)     type of document;

    (ii)    general subject matter;

    (iii)   date of the document; and,

    (iv)    author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

9.      The term "Motion" shall mean the *Debtors' Motion of Debtors for Entry of an Order (i) Authorizing and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (ii) Granting Related Relief* filed by the Debtors in these chapter 11 cases (Docket No. 11626).

10.     The term "Petition Date" shall mean November 11, 2022.

11.     The term "person" includes any natural person, firm, association, organization, partnership, business, trust, corporation, or any other kind of business or legal entity.

12.     The terms "you," "your" shall mean the Debtors and all of their agents, employees, representatives, and attorneys.

13.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

14.     Terms in the singular include the plural and vice versa, and words in the masculine, feminine and neuter include each of the other genders.

## <u>INSTRUCTIONS</u>

1.     These document demands are intended to and do cover all documents in your possession, custody, or control, including those belonging to subsidiaries, divisions, or affiliates or any of your directors, officers, managing agents, employees, attorneys, accountants, or other representatives. These document demands also are intended to and do cover any and all documents you are authorized or have the practical ability to retrieve.

2.     Each request for a document contemplates production of the document or electronically stored information in its entirety, without abbreviation or expurgation.

3.     Documents or electronically stored information provided shall be complete and unless privileged, unredacted, submitted as found (e.g., documents that in their original condition were stapled, clipped or otherwise fastened shall be produced in such form). To the extent any responsive document is attached to another document through manual or electronic (e.g., e-mail)means, both the responsive document and any attachment(s) should be produced. To the extent only a portion of

a document or electronically stored information is privileged, the nonprivileged portion should be produced and any redactions should be clearly marked.

4.  Electronically stored information ("ESI") should be produced in the following format: Single Page TIFFs, Document-level text files (text-searchable), Native Files, DAT with standard Concordance delimiters (should contain the path to native files and text files). OPT image load file (should contain the page count and volume path). Such ESI includes, but is not limited to, electronic mail, SMS messages and other forms of mobile text or messaging formats (including Bloomberg messages, Instant Bloomberg chats, WeChat messages, WeCom messages, QQ messages, and WhatsApp messages), calendar entries, documents created with word processing software such as Microsoft Word, pictures, audio and video recordings, and documents in Portable Document Format ("PDF").

5.  With respect to any documents that are withheld, whether under claim of privilege or otherwise, provide all information regarding the asserted privilege and the materials being withheld. Privileged attachments should be listed separately. Non-privileged attachments should be produced.

6.      If no documents exist that are responsive to a particular request, please so state in writing.

7.      These demands require production of copies of all electronically stored information in native electronic format, including production of all metadata.

8.      No part of a request may be left unanswered, or documents and things not produced, merely because an objection is interposed as to any other part of a request. Where an objection is made to any request, or subpart thereof, the objection must state with specificity all grounds and must state whether any responsive materials are being withheld on the basis of that objection. All objections to the production of documents, information, or other things requested herein must be made in writing and delivered to the undersigned.

9.      These requests are deemed continuing in nature and you are obliged to produce responsive documents and to supplement your production whenever additional documents are located or their existence ascertained.

10.     Unless otherwise specified, each request pertains to the period commencing six (6) months before the petition date to the present.

**REQUESTS FOR PRODUCTION**

1. All Documents and Communications between the Swiss Administrator (as such term is defined in the Motion) and Debtors, including (without limitation) all email communications between Dr. Lorandi and Mr. Evan Simpson concerning maximizing the disposition or potential disposition of FTX Europe's assets, FTX Europe's fiduciary obligations, the Motion, the FTX Europe Restructuring Agreements, and the Sale Transaction (as such terms are defined in the Motion).

2. Documents sufficient to identify by name of stock, number of shares, the initial value of shares, and the date of purchase(s) and/or sale(s) of the stocks purchased by Binance in connection with the Tokenized Stock and Collateral Agreement as discussed in paragraph 11 of the Motion.

3. Documents sufficient to identify the value of Binance's stock then held in connection with the Tokenized Stock and Collateral Agreement as discussed in paragraph 11 of the Motion, as of the following dates: (i) the Petition Date; (ii) the date of the filing of the petition for the Swiss Moratorium (as discussed in the Motion); and (iii) present date.

4. All documents supporting or related to the Debtors' request in the Motion for Court approval to allow Binance an allowed general unsecured claim against FTX Trading Ltd. in the amount of $50,000,000.

5. Documents sufficient to show the purported insolvency of FTX Europe as of the following dates (i) the first date that FTX Europe became insolvent; (ii) the Petition Date; and (iii) the date of the filing of the petition for the Swiss Moratorium Proceedings (as discussed in an Exhibit to the Motion).

6. All Documents and Communications concerning the valuations or other projections for or related to FTX Europe.

7. All Documents and Communications concerning any strategic alternatives and/or Alternative Transactions to the Sale Transaction (as such term is defined in the Motion) for FTX Europe.

8. All Documents and Communications exchanged between you and any potential purchasers of FTX Europe, including, without limitation, Coinbase and Trek Labs.

9. All Documents and Communications concerning the announcements that FTX Europe was "for sale" and the bidding and sales process for the sale of FTX Europe.

10. All Documents and Communications concerning purported authority for FTX Europe's bankruptcy filing, including but not limited, to all corporate organizational documents, all minutes of board meetings, and all board consents of all entities comprising FTX Europe authorizing the filing of the bankruptcy in these chapter 11 cases.

11. The Chapter 11 filing of FTX Europe indicates that Mr. John Ray III was its Chief Executive Officer at the time of the filing. Please produce all Documents and Communications showing Mr. Ray's asserted appointment to this position in accordance with applicable law, including all minutes of board meetings, names of board directors, and board consents.

12. The Chapter 11 filing of FTX Europe indicates that the liabilities of FTX Europe AG were estimated at more than $10 million and less than $50 billion. Please produce all Documents and Communications that evidenced these asserted liabilities, including but not limited to all Communications with the employees of FTX Europe, investment banking firms, accounting firms, auditors, and other advisors.

13. The Chapter 11 filing of FTX Europe includes a sworn statement of Mr. Ray that "I have been authorized to file this application on behalf of the debtor." Provide all Documents and Communications that support this sworn statement.

14. On November 19, 2022, Fortune reported that Mr. Ray stated as follows with respect to FTX Europe:

> Based on our review over the past week, we are pleased to learn that many regulated or licensed subsidiaries of FTX, within and outside the US, have other balance sheets, responsible management, and valuable franchises.
>
> Among those with the largest identified financial positions are FTX EU Ltd., at $49 million in total cash available…

Produce all Documents and Communications explaining and evidencing Mr. Ray's assessment of FTX Europe in 2022 and why the $49 million in total cash is no longer held by FTX Europe, as asserted in this article.

15. Despite Mr. Ray's rosy pronouncement regarding FTX Europe in November of 2022, as indicated in Request No. 14, the proposed Sale Transaction results in a net loss to the bankruptcy estate of over $18 million. Produce all Documents and Communications and the dates thereof explaining when and why FTX Europe was deemed to have negative value by the Debtors and Mr. Ray.

16. The Debtors characterized the Sale Transaction to the Court and to the public as accruing over $30 million in value to the bankruptcy estate when in fact the Sale Transactions results in a net loss to the bankruptcy estate. Produce all Documents and Communications that Mr. Ray and FTX relied upon in characterizing the transaction as accruing millions to the estate.

17. The December 2022 operating report of FTX Europe filed by FTX with the Court shows an Other Expense of over $100 million. Produce all Documents and Communications explaining this other Expense and how it was arrived at.

18. Provide the valuation report that was conducted by accounting firm BDO following FTX's acquisition of Digital Assets DA AG (DAAG).

Dated: May 9, 2024
    New York, NY

LEWIS BRISBOIS BISGAARD &
SMITH LLP

By: */s/Rafael X. Zahralddin*

Rafael Zahralddin
500 Delaware Ave Suite 700
Wilmington, DE 19801
Telephone:   (302)-985-6000
Email:Rafael.Zahralddin@lewisbrisb
ois.com

Minyao Wang
77 Water Street, Suite 2100
New York, New York 10005
Telephone:  (212) 232-1300
Email:
Minyao.Wang@lewisbrisbois.com

*Counsel to Daniel Friedberg*

**<u>EXHIBIT B</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: May 15, 2024 at 1:00 p.m. (ET)<br>Objection Deadline: April 24, 2024 at 4:00 p.m. (ET) |

**DANIEL FRIEDBERG'S NOTICE OF DEPOSITION OF JOHN RAY III**

**PLEASE TAKE NOTICE** that Daniel Friedberg, by and through his undersigned counsel, will take the deposition upon oral examination of John Ray III on May 3, 2024, beginning at 9:00 a.m. EST, remotely by videoconference using web-based deposition services. The deposition will continue from day to day, until completed.

The deposition will be recorded by stenographic, sound, and visual means before a court reporter duly authorized to administer oaths and take testimony

**PLEASE TAKE FURTHER NOTICE** that counsel and the deponent(s) need a computer with a web camera, internet access, and a quiet space to access

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Zoom. The credentials to access the deposition will be provided prior to the deposition by either the noticing party or the vendor.

Dated: April 21, 2024
      New York, NY

                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

                                   By: */s/Rafael X. Zahralddin*

                                   Rafael Zahralddin
                                   500 Delaware Ave Suite 700
                                   Wilmington, DE 19801
                                   Telephone:   (302)-985-6000
                                   Rafael.Zahralddin@lewisbrisbois.com

                                   Minyao Wang
                                   77 Water Street, Suite 2100
                                   New York, New York 10005
                                   Telephone:  (212) 232-1300
                                   Minyao.Wang@lewisbrisbois.com

                                   *Counsel to Daniel Friedberg*

**<u>EXHIBIT C</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 15, 2024 at 1:00 p.m. (ET)**<br>**Objection Deadline: April 24, 2024 at 4:00 p.m. (ET)** |

## DANIEL FRIEDBERG'S NOTICE OF DEPOSITION OF MARIA CILIA

**PLEASE TAKE NOTICE** that Daniel Friedberg, by and through his undersigned counsel, will take the deposition upon oral examination of Maria Cilia on May 3, 2024, beginning at 9:00 a.m. EST, remotely by videoconference using web-based deposition services. The deposition will continue from day to day, until completed.

The deposition will be recorded by stenographic, sound, and visual means before a court reporter duly authorized to administer oaths and take testimony.

**PLEASE TAKE FURTHER NOTICE** that counsel and the deponent(s) need a computer with a web camera, internet access, and a quiet space to access

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Zoom.  The credentials to access the deposition will be provided prior to the

deposition by either the noticing party or the vendor.


Dated: April 21, 2024
       New York, NY

LEWIS BRISBOIS BISGAARD &
SMITH LLP

By: */s/Rafael X. Zahralddin*

Rafael Zahralddin
500 Delaware Ave Suite 700
Wilmington, DE 19801
Telephone:   (302)-985-6000
Rafael.Zahralddin@lewisbrisbois.com


Minyao Wang
77 Water Street, Suite 2100
New York, New York 10005
Telephone:  (212) 232-1300
Minyao.Wang@lewisbrisbois.com

*Counsel to Daniel Friedberg*

**EXHIBIT D**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 15, 2024 at 1:00 p.m. (ET)**<br>**Objection Deadline: April 24, 2024 at 4:00 p.m. (ET)** |

## DANIEL FRIEDBERG'S NOTICE OF DEPOSITION OF ARTULO GIOVANOLI

**PLEASE TAKE NOTICE** that Daniel Friedberg, by and through his undersigned counsel, will take the deposition upon oral examination of Artulo Giovanoli on May 2, 2024, beginning at 9:00 a.m. EST, remotely by videoconference using web-based deposition services. The deposition will continue from day to day, until completed.

The deposition will be recorded by stenographic, sound, and visual means before a court reporter duly authorized to administer oaths and take testimony

**PLEASE TAKE FURTHER NOTICE** that counsel and the deponent(s) need a computer with a web camera, internet access, and a quiet space to access

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Zoom. The credentials to access the deposition will be provided prior to the deposition by either the noticing party or the vendor.

Dated: April 21, 2024
         New York, NY

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/Rafael X. Zahralddin*

Rafael Zahralddin
500 Delaware Ave Suite 700
Wilmington, DE 19801
Telephone:   (302)-985-6000
Rafael.Zahralddin@lewisbrisbois.com

Minyao Wang
77 Water Street, Suite 2100
New York, New York 10005
Telephone:  (212) 232-1300
Minyao.Wang@lewisbrisbois.com

*Counsel to Daniel Friedberg*

**<u>EXHIBIT E</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 15, 2024 at 1:00 p.m. (ET)**<br>**Objection Deadline: April 24, 2024 at 4:00 p.m. (ET)** |

## DANIEL FRIEDBERG'S NOTICE OF DEPOSITION OF ROLAND GRIESSE

**PLEASE TAKE NOTICE** that Daniel Friedberg, by and through his undersigned counsel, will take the deposition upon oral examination of Roland Griesse on May 1, 2024, beginning at 9:00 a.m. EST, remotely by videoconference using web-based deposition services. The deposition will continue from day to day, until completed.

The deposition will be recorded by stenographic, sound, and visual means before a court reporter duly authorized to administer oaths and take testimony

**PLEASE TAKE FURTHER NOTICE** that counsel and the deponent(s) need a computer with a web camera, internet access, and a quiet space to access

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Zoom.  The credentials to access the deposition will be provided prior to the

deposition by either the noticing party or the vendor.


Dated: April 21, 2024
        New York, NY

<div style="margin-left:40%">

LEWIS BRISBOIS BISGAARD &
SMITH LLP

By: */s/Rafael X. Zahralddin*


Rafael Zahralddin
500 Delaware Ave Suite 700
Wilmington, DE 19801
Telephone:  (302)-985-6000
Rafael.Zahralddin@lewisbrisbois.com


Minyao Wang
77 Water Street, Suite 2100
New York, New York 10005
Telephone:  (212) 232-1300
Minyao.Wang@lewisbrisbois.com

*Counsel to Daniel Friedberg*

</div>

**<u>EXHIBIT F</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 15, 2024 at 1:00 p.m. (ET)**<br>**Objection Deadline: April 24, 2024 at 4:00 p.m. (ET)** |

## DANIEL FRIEDBERG'S NOTICE OF DEPOSITION OF KEVIN COFSKY

**PLEASE TAKE NOTICE** that Daniel Friedberg, by and through his undersigned counsel, will take the deposition upon oral examination Kevin Cofsky on May 2, 2024, beginning at 9:00 a.m. EST, remotely by videoconference using web-based deposition services. The deposition will continue from day to day, until completed.

The deposition will be recorded by stenographic, sound, and visual means before a court reporter duly authorized to administer oaths and take testimony

**PLEASE TAKE FURTHER NOTICE** that counsel and the deponent(s) need a computer with a web camera, internet access, and a quiet space to access

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Zoom. The credentials to access the deposition will be provided prior to the deposition by either the noticing party or the vendor.

Dated: April 21, 2024
      New York, NY

                                  LEWIS BRISBOIS BISGAARD & SMITH LLP

                                  By: */s/Rafael X. Zahralddin*

                                  Rafael Zahralddin
                                  500 Delaware Ave Suite 700
                                  Wilmington, DE 19801
                                  Telephone:   (302)-985-6000
                                  Rafael.Zahralddin@lewisbrisbois.com

                                  Minyao Wang
                                  77 Water Street, Suite 2100
                                  New York, New York 10005
                                  Telephone:  (212) 232-1300
                                  Minyao.Wang@lewisbrisbois.com

                                  *Counsel to Daniel Friedberg*

**EXHIBIT G**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., et al.,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date: May 15, 2024 at 1:00 p.m. (ET)**<br>**Objection Deadline: April 24, 2024 at 4:00 p.m. (ET)** |

## DANIEL FRIEDBERG'S NOTICE OF DEPOSITION OF JUERG BAVAUD

**PLEASE TAKE NOTICE** that Daniel Friedberg, by and through his undersigned counsel, will take the deposition upon oral examination of Juerg Bavaud on May 1, 2024, beginning at 9:00 a.m. EST, remotely by videoconference using web-based deposition services. The deposition will continue from day to day, until completed.

The deposition will be recorded by stenographic, sound, and visual means before a court reporter duly authorized to administer oaths and take testimony

**PLEASE TAKE FURTHER NOTICE** that counsel and the deponent(s) need a computer with a web camera, internet access, and a quiet space to access

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Zoom. The credentials to access the deposition will be provided prior to the deposition by either the noticing party or the vendor.

Dated: April 21, 2024
        New York, NY

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/Rafael X. Zahralddin*

Rafael Zahralddin
500 Delaware Ave Suite 700
Wilmington, DE 19801
Telephone:  (302)-985-6000
Rafael.Zahralddin@lewisbrisbois.com

Minyao Wang
77 Water Street, Suite 2100
New York, New York 10005
Telephone:  (212) 232-1300
Minyao.Wang@lewisbrisbois.com

*Counsel to Daniel Friedberg*

**EXHIBIT H**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., et al.,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: May 15, 2024 at 1:00 p.m. (ET)<br>Objection Deadline: April 24, 2024 at 4:00 p.m. (ET) |

## DANIEL FRIEDBERG'S NOTICE OF DEPOSITION OF THE DEBTORS UNDER FRCP 30(b)(6) and FRBP 9014

**PLEASE TAKE NOTICE** that Daniel Friedberg, by and through his undersigned counsel will take the deposition of FTX Trading Ltd., and its affiliated debtors and debtors in possession (the "**Debtors**") in these chapter 11 cases on oral examination through one or more officers, directors, agents, or other representatives who shall be designated to testify on the Debtors' behalf regarding (i) documents and information produced by the Debtors in response to Mr. Friedberg's First Requests for Document Production, served concurrently herewith and attached hereto as Exhibit A, and the subjects they cover, and (ii) the method by which such Documents and information were identified, collected, and reviewed for production. This deposition will be taken by remote means through videoconference in

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

connection with the above-entitled matter pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 9014 of the Federal Rules of Bankruptcy Procedure.

The deposition will take place before a person authorized by the laws of the United States and the State of Delaware to remotely administer oaths at 9 a.m. EST on May 5, 2024 by videoconference using Zoom and will continue from day to day until completed. The deposition will be recorded by stenographic and audio-visual means.

**PLEASE TAKE FURTHER NOTICE** pursuant to Federal Rule of Civil Procedure 30(b)(6), you are obligated to confer with the serving party regarding the deposition topics set forth in Exhibit A and to designate each person who will testify. The persons designated must testify about information known or reasonably available to you.

**PLEASE TAKE FURTHER NOTICE** that counsel and the deponent(s) need a computer with a web camera, internet access, and a quiet space to access Zoom. The credentials to access the deposition will be provided prior to the deposition by either the noticing party or the vendor.

Dated: April 21, 2024
    New York, NY

                                     LEWIS BRISBOIS BISGAARD &
                                     SMITH LLP

                                     By: */s/Rafael X. Zahralddin*

                                     Rafael Zahralddin
                                     500 Delaware Ave Suite 700
                                     Wilmington, DE 19801
                                     Telephone:   (302)-985-6000
                                     Rafael.Zahralddin@lewisbrisbois.com

                                   Minyao Wang
                                   77 Water Street, Suite 2100
                                   New York, New York 10005
                                   Telephone:  (212) 232-1300
                                   Minyao.Wang@lewisbrisbois.com

                                   *Counsel to Daniel Friedberg*

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>FTX TRADING LTD., et al.,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: May 15, 2024 at 1:00 p.m. (ET)**<br>**Objection Deadline: April 24, 2024 at 4:00 p.m. (ET)** |

## DANIEL FRIEDBERG'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO FTX TRADING LTD. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 9014 of the Federal Rules of Bankruptcy Procedure, Daniel Friedberg, in the above-captioned chapter 11 cases of FTX Trading Ltd. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"), hereby propounds to the Debtors his First Set of Requests for the Production of Documents and Things. Mr. Friedberg demands that the Debtors immediately begin rolling production of responsive Documents and complete their production by no later than April 29, 2024, unless the parties reach a different scheduling agreement.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

## **DEFINITIONS**

1.     The term "Alternative Transaction" means any potential acquisition of FTX Europe or other potential alternatives to the Sales Transaction as such term is defined in the Motion.

2.     The term "Binance" means Binance (Switzerland) AG, and each of its affiliates, predecessors, successors, divisions, subsidiaries, and joint ventures, as well as its present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with it, and any others acting or purporting to act on its behalf, including but not limited to Binance Deutschland.

3.     The term "Communication" or "communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).  This term includes without limitation, any transmission or exchange of any information, whether orally or in writing, including, without limitation, any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, electronic mail, telegraph, telex, telecopy, cable communicating data processors, or some other electronic or other medium.

4.     The term "concerning" is used in its broadest sense and shall mean constituting, referring to, relating to, evidencing or describing the subject matter of the discovery request.

5.     The term "Debtors" means FTX Trading Ltd., West Realm Shires, Inc., and Alameda Research Ltd., and their affiliated debtors in these proceedings, and each of their affiliates, predecessors, successors, divisions, subsidiaries, and joint ventures, as well as their present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with them, and any others acting or purporting to act on their behalf.

6.     The term "Document" or "document" has the meaning set forth in Fed. R. Civ. P. 34(a)(1)(A) and associated caselaw. It shall include, without limitation, all originals, duplicates, and drafts of each such document, as well as documents that are electronically stored on backup tapes, and is meant to include all documents in your possession, custody, or control, whether the documents were compiled by you or by any other person for any reason whatsoever. This term also includes any message sent electronically, including, without limitation, any message sent via cell phone (including, without limitation, smart phones, iPhones, or Android phones), electronic tablet (including, without limitation, iPads or Android tablets), text, Blackberry Messenger, Facebook Messenger, Google Chat, Google Talk, GroupMe, Jabber, Line, iMessage, Skype, Slack, Snapchat, Telegram, Viber, WeChat, or WhatsApp. A draft or non-identical copy is a separate document within the meaning of this term.

7.     The term "FTX Europe" means FTX Europe AG and each of its affiliates, predecessors, successors, divisions, subsidiaries, and joint ventures, as well as their present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with it, and any others acting or purporting to act on its behalf.

8.     The terms "identify," "identification," or "identity" means:

(a)     When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.;

(b)     When referring to documents, to "identify" means to state the:

(i)     type of document;

(ii)    general subject matter;

      (iii)   date of the document; and,

      (iv)   author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

9.     The term "Motion" shall mean the *Debtors' Motion of Debtors for Entry of an Order (i) Authorizing and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (ii) Granting Related Relief* filed by the Debtors in these chapter 11 cases (Docket No. 11626).

10.     The term "Petition Date" shall mean November 11, 2022.

11.     The term "person" includes any natural person, firm, association, organization, partnership, business, trust, corporation, or any other kind of business or legal entity.

12.     The term "Sale Transaction" has the meaning ascribed to it in the Motion.

13.     The terms "you," "your" shall mean the Debtors and all of their agents, employees, representatives and attorneys.

14.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

15.     Terms in the singular include the plural and vice versa, and words in the masculine, feminine and neuter include each of the other genders.

# INSTRUCTIONS

1.      These document demands are intended to and do cover all documents in your possession, custody, or control, including those belonging to subsidiaries, divisions, or affiliates or any of your directors, officers, managing agents, employees, attorneys, accountants, or other representatives. These document demands also are intended to and do cover any and all documents you are authorized or have the practical ability to retrieve.

2.      Each request for a document contemplates production of the document or electronically stored information in its entirety, without abbreviation or expurgation.

3.      Documents or electronically stored information provided shall be complete and unless privileged, unredacted, submitted as found (e.g., documents that in their original condition were stapled, clipped or otherwise fastened shall be produced in such form). To the extent any responsive document is attached to another document through manual or electronic (e.g., e-mail)means, both the responsive document and any attachment(s) should be produced. To the extent only a portion of a document or electronically stored information is privileged, the nonprivileged portion should be produced and any redactions should be clearly marked.

4.      Electronically stored information ("ESI") should be produced in the following format: Single Page TIFFs, Document-level text files (text-searchable), Native Files, DAT with standard Concordance delimiters (should contain the path to native files and text files). OPT image load file (should contain the page count and volume path). Such ESI includes, but is not limited to, electronic mail, SMS messages and other forms of mobile text or messaging formats (including Bloomberg messages, Instant Bloomberg chats, WeChat messages, WeCom messages, QQ messages, and WhatsApp messages), calendar entries, documents created with word processing software such as Microsoft Word, pictures, audio and video recordings, and documents in Portable Document Format ("PDF").

5.      With respect to any documents that are withheld, whether under claim of privilege or otherwise, provide all information regarding the asserted privilege and the materials being withheld. Privileged attachments should be listed separately. Non-privileged attachments should be produced.

6.      If no documents exist that are responsive to a particular request, please so state in writing.

7.      These demands require production of copies of all electronically stored information in native electronic format, including production of all metadata.

8.      No part of a request may be left unanswered, or documents and things not produced, merely because an objection is interposed as to any other part of a

request. Where an objection is made to any request, or subpart thereof, the objection must state with specificity all grounds and must state whether any responsive materials are being withheld on the basis of that objection. All objections to the production of documents, information, or other things requested herein must be made in writing and delivered to the undersigned.

9.      These requests are deemed continuing in nature and you are obliged to produce responsive documents and to supplement your production whenever additional documents are located or their existence ascertained.

10.      Unless otherwise specified or as the context requires otherwise, each request pertains to the period commencing six (6) months before the Petition Date to the present.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1.

All Documents and Communications concerning the Motion, the Sale Transaction and the FTX Europe Restructuring Agreements (as such the term is defined in the Motion), including, without limitation, negotiations of the Europe Restructuring Agreements and the Sale Transaction.

## REQUEST FOR PRODUCTION NO. 2.

All Communications with third parties, including, without limitation, the United States Government, concerning investigations by governmental authorities into Binance (including Binance Holdings Limited and its former chief executive officer, Changpeng Zhao), regarding both established and potential criminal and civil violations of United States law by Binance.

## REQUEST FOR PRODUCTION NO. 3.

Documents sufficient to identify by name of stock, number of shares, the initial value of shares, and the date of purchase(s) and/or sale(s) of the stocks purchased by Binance in connection with the Tokenized Stock and Collateral Agreement, as discussed in paragraph 11 of the Motion.

## REQUEST FOR PRODUCTION NO. 4.

Documents sufficient to identify the value, as of the Petition Date, of Binance's stock then held in connection with the Tokenized Stock and Collateral Agreement, as discussed in paragraph 11 of the Motion.

## REQUEST FOR PRODUCTION NO. 5.

Documents sufficient to identify the value, as of FTX Europe's date of filing of the petition for the Swiss Moratorium (as such term is defined in the Motion), of Binance's stock in connection with the Tokenized Stock and Collateral Agreement, as discussed in paragraph 11 of the Motion.

## REQUEST FOR PRODUCTION NO. 6.

Documents sufficient to identify the value, as of the date hereof, of Binance's stock in connection with the Tokenized Stock and Collateral Agreement, as discussed in paragraph 11 of the Motion.

## REQUEST FOR PRODUCTION NO. 7.

All Documents supporting the Debtors' request in the Motion for Court approval to allow Binance an allowed general unsecured claim against FTX Trading Ltd. in the amount of $50,000,000.

## REQUEST FOR PRODUCTION NO. 8.

Documents sufficient to show the purported insolvency of FTX Europe on the Petition Date.

## REQUEST FOR PRODUCTION NO. 9.

Documents sufficient to show the purported insolvency of FTX Europe on the date of the filing for the petition for the Swiss Moratorium Proceedings (as such term is defined in Exhibit B to the Motion).

## REQUEST FOR PRODUCTION NO. 10.

Documents sufficient to show when and how FTX Europe became allegedly insolvent.

## REQUEST FOR PRODUCTION NO. 11.

All Documents and Communications concerning the valuations or other projections of FTX Europe, including, without limitation, (i) valuation reports, fairness opinions, solvency opinions, appraisals, analyses, reviews, discounted cash flow or comparable companies' analysis, or other Documents concerning the value, market value, book value or fair value of FTX Europe, its stock, or any of FTX Europe's assets or businesses; (ii) financial projections for FTX Europe, (iii) FTX Europe's

market price as a discount to its net asset value; (iv) any or all factors affecting the market value or fair value of FTX Europe, (v) forecasts of future performance of FTX Europe, cash flow or other financial projections, the forecast profit and loss statement, the forecast balance sheet, the capital expenditure plan, the depreciation and amortization schedule, tax planning and/or qualitative or quantitative discussions or analysis of any synergies (including the value or valuation of such synergies) from the Sale Transaction or an Alternative Transaction; (vi) analyses of any precedent transaction, discounted stock price, historical stock trading, publicly traded companies, net asset value or discounted cash flow analyses conducted in connection with any estimation of the value of FTX Europe; and (vii) all non-public transactions or other plans contemplated for FTX Europe.

## REQUEST FOR PRODUCTION NO. 12.

All Documents and Communications concerning any strategic alternatives and/or Alternative Transactions to the Sale Transaction for FTX Europe.

## REQUEST FOR PRODUCTION NO. 13.

All Documents and Communications exchanged between you on the one hand and Perella Weinberg Partners LP (and its affiliates) and/or Kevin Cofsky on the other and  concerning the Sale Transaction and/or FTX Europe.

**REQUEST FOR PRODUCTION NO. 14.**

All Documents and Communications exchanged between you and any potential purchasers of FTX Europe, including, without limitation, Coinbase and Trek Labs.

**REQUEST FOR PRODUCTION NO. 15.**

All Documents and Communications concerning the retention, or potential retention of, and services provided by investment bankers regarding the sale of FTX Europe (including the Sale Transaction), including investment bank candidates.

**REQUEST FOR PRODUCTION NO. 16.**

All Documents and Communications concerning the announcements that FTX Europe was "for sale" and the bidding and sales process for the sale of FTX Europe.

**REQUEST FOR PRODUCTION NO. 17.**

All Documents and Communications concerning purported authority for FTX Europe's bankruptcy filing, including but not limited to all corporate organizational documents,  all minutes of board meetings, and all board consents of all entities comprising FTX Europe authorizing the filing of the bankruptcy in these chapter 11 cases.

**REQUEST FOR PRODUCTION NO. 18.**

The Chapter 11 filing of FTX Europe indicates that Mr. John Ray III was its Chief Executive Officer at the time of the filing. Please produce all Documents and Communications showing Mr. Ray's asserted appointment to this position in accordance with applicable law, including all minutes of board meetings, names of board directors, and board consents.

**REQUEST FOR PRODUCTION NO. 19.**

The Chapter 11 filing of FTX Europe indicates that the liabilities of FTX Europe were estimated at more than $10 million and less than $50 billion. Produce all Documents and Communications that then evidenced these liabilities, including but not limited to all Communications with the employees of FTX Europe, investment banking firms, accounting firms, auditors, and other advisors.

**REQUEST FOR PRODUCTION NO. 20.**

The Chapter 11 filing of FTX Europe includes a sworn statement by Mr. Ray that "I have been authorized to file this application on behalf of the debtor." Provide all Documents and Communications that support this sworn statement.

**REQUEST FOR PRODUCTION NO. 21.**

On November 19, 2022, *Fortune* reported that Mr. Ray stated as follows with respect to FTX Europe:

> Based on our review over the past week, we are pleased
> to learn that many regulated or licensed subsidiaries of
> FTX, within and outside the US, have other balance
> sheets, responsible management, and valuable franchises.
>
> Among those with the largest identified financial
> positions are FTX EU Ltd., at $49 million in total cash
> available…

Produce all Documents and Communications explaining and evidencing Mr. Ray's assessment of FTX Europe in 2022 and why the $49 million in total cash is no longer held by FTX Europe, as asserted in this article.

## REQUEST FOR PRODUCTION NO. 22.

Despite Mr. Ray's  pronouncement regarding FTX Europe in November of 2022, as indicated in Request No. 21, the proposed Sale Transaction results in a net loss to the bankruptcy estate of over $18 million. Produce all Documents and Communications and the dates thereof explaining when and why FTX Europe was deemed to have negative value by FTX and Mr. Ray.

## REQUEST FOR PRODUCTION NO. 23.

FTX characterized the Sale Transaction to the Court and to the public as accruing over $30 million in value to the bankruptcy estate when in fact the Sale Transaction results in a net loss to the bankruptcy estate. Produce all Documents and Communications that Mr. Ray and FTX relied upon in characterizing the transaction as accruing value to the estates.

**REQUEST FOR PRODUCTION NO. 24.**

The December 2022 operating report of FTX Europe filed by FTX with the Court shows an Other Expense of over $100 million. Produce all Documents and Communications explaining this other Expense and how it was arrived at.

**REQUEST FOR PRODUCTION NO. 25.**

The valuation report was conducted by accounting firm BDO following FTX's acquisition of Digital Assets DA AG (DAAG), published in or around April 2022.

**REQUEST FOR PRODUCTION NO. 26.**

To the extent not otherwise provided in response to these requests, all Documents and Communications produced (regardless of date range) as part of any other formal or informal discovery, or information exchange with any other parties in interests (for example, the Examiner or the Official Committee Of Unsecured Creditors appointed in these chapter 11 cases), concerning the Motion, the Sale Transaction or the European Restructuring Agreements.

Dated: April 21, 2024
      New York, NY

                                      LEWIS BRISBOIS BISGAARD &
                                        SMITH LLP

                                        By: */s/Rafael X. Zahralddin*
                                        Rafael Zahralddin
                                        500 Delaware Ave Suite 700
                                        Wilmington, DE 19801

Telephone:   (302)-985-6000
Rafael.Zahralddin@lewisbrisbois.com


Minyao Wang
77 Water Street, Suite 2100
New York, New York 10005
Telephone:  (212) 232-1300
Minyao.Wang@lewisbrisbois.com

*Counsel to Daniel Friedberg*

**<u>EXHIBIT I</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 22-11068 (JTD) |
| FTX TRADING LTD., et al.,[1] | (Jointly Administered) |
| Debtors. | **Hearing Date: May 23 2024 at 1:00 p.m. (ET)**<br>**Objection Deadline: April 30, 2024** |

## DANIEL FRIEDBERG'S AMENDED FIRST SET OF INTERROGATORIES TO FTX TRADING LTD. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 9014 of the Federal Rules of Bankruptcy Procedure, Daniel Friedberg, in the chapter 11 cases of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby propounds his Amended First Set of Interrogatories to the Debtors. Mr. Friedberg demands that Debtors respond under oath to these Interrogatories no later than May 13, 2024.

## DEFINITIONS

1.    The term "Alternative Transaction" means any potential acquisition of FTX Europe or other potential alternatives to the Sales Transaction as such term is defined in the Motion.

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua, and Barbuda.

2.      The term "Binance" means Binance (Switzerland) AG, and each of its affiliates, predecessors, successors, divisions, subsidiaries, and joint ventures, as well as its present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with it, and any others acting or purporting to act on its behalf, including but not limited to Binance Deutschland.

3.      The term "Communication" or "commucations" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).  This term includes without limitation, any transmission or exchange of any information, whether orally or in writing, including, without limitation, any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, electronic mail, telegraph, telex, telecopy, cable communicating data processors, or some other electronic or other medium.

4.      The term "concerning" is used in its broadest sense and shall mean constituting, referring to, relating to, evidencing, or describing the subject matter of the discovery request.

5.      The term "Debtors" means FTX Trading Ltd., West Realm Shires, Inc., and Alameda Research Ltd., and their affiliated debtors in these proceedings, and each of their affiliates, predecessors, successors, divisions, subsidiaries, and

joint ventures, as well as their present and former officers, directors, consultants, agents, representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with them, and any others acting or purporting to act on their behalf.

6.      The term "Documents" or "document" has the meaning set forth in Fed. R. Civ. P. 34(a)(1)(A) and associated caselaw. It shall include, without limitation, all originals, duplicates, and drafts of each such document, as well as documents that are electronically stored on backup tapes, and is meant to include all documents in your possession, custody, or control, whether the documents were compiled by you or by any other person for any reason whatsoever. This term also includes any message sent electronically, including, without limitation, any message sent via cell phone (including, without limitation, smart phones, iPhones, or Android phones), electronic tablet (including, without limitation, iPads, or Android tablets), text, Blackberry Messenger, Facebook Messenger, Google Chat, Google Talk, GroupMe, Jabber, Line, iMessage, Skype, Slack, Snapchat, Telegram, Viber, WeChat, or WhatsApp. A draft or non-identical copy is a separate document within the meaning of this term.

7.      The term "FTX Europe" means FTX Europe AG and each of its affiliates, predecessors, successors, divisions, subsidiaries, and joint ventures, as well as their present and former officers, directors, consultants, agents,

representatives, servants, employees, assigns, attorneys, and each other person directly or indirectly, wholly or in part, owned by, controlled by or associated with it, and any others acting or purporting to act on its behalf.

8.    The terms "identify," "identification," or "identity" means:

(a)    When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.;

(b)    When referring to documents, to "identify" means to state the:

(i)    type of document;

(ii)    general subject matter;

(iii)    date of the document; and,

(iv)    author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

9.      The term "Motion" means the *Debtors' Motion of Debtors for Entry of an Order (i) Authorizing and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (ii) Granting Related Relief* filed by the Debtors in these chapter 11 cases (Docket No. 11626).

10.     The term "Petition Date" means November 11, 2022.

11.     The term "person" includes any natural person, firm, association, organization, partnership, business, trust, corporation, or any other kind of business or legal entity.

12.     The terms "you," "your" shall mean the Debtors and all of their agents, employees, representatives, and attorneys.

13.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

14.     Terms in the singular include the plural and vice versa, and words in the masculine, feminine and neuter include each of the other genders.

## INTERROGATORIES

### INTERROGATORY NO. 1.

Identify the date(s) on which Binance allegedly transferred the $65,000,000 of collateral to CM-Equity AG, and with respect to each such transfer, identify the form of the collateral, name of the stock issuer, number of shares, date of purchase, and the purchase price of Binance's purchases and sales of stock made with the collateral furnished to CM-Equity AG.

### INTERROGATORY NO. 2.

State the market value of the stock purchased by Binance using the collateral to CM-Equity AG, as of (i) the Petition Date, (ii) date of the filing of the petition for the Swiss Moratorium (as such term is defined in the Motion), and (iii) today.

### INTERROGATORY NO. 3.

Explain why it is reasonable to pay Binance more than the valuation of its stock purchased as of the Petition Date, when all other creditors of the estates are paid the value of their claims as of the Petition Date.

### INTERROGATORY NO. 4.

State the process by which the Debtors determined that Binance should be allowed an unsecured claim of $50,000,000 in connection with the FTX Europe Restructuring Agreements, as discussed in the Motion, and identify all persons who made that determination.

**INTERROGATORY NO. 5.**

Identify all persons who participated in the drafting of the financial statements of FTX Europe at Docket 1854 in these Chapter 11 cases, and state the basis for the entry for "Other Expenses of $102,298,900" in the financial statements FTX Europe in the aforementioned docket entry, and state whether Ms. Mary Cilia, the current FTX Chief Financial Officer, booked this entry on her own volition or, if she was instructed to do so, and if so, by whom, or if she consulted with others before booking such entry, and if so, with whom; also, considering the size of this entry for "Other Expenses," please state which accounting firms and other experts were consulted in making the entry for "Other Expenses of $102,298,900" and identify those firms or experts, the dates that they were consulted, and the information and recommendations provided by those firms and persons, concerning this entry.

**INTERROGATORY NO. 6.**

State what happened to the USDC stablecoins held by FTX Europe on the FTX Trading Ltd. exchange, the cash held by FTX Europe as of the Petition Date, and why these stablecoins and cash are not reflected in FTX Europe's current financial statements.

## INTERROGATORY NO. 7.

On November 19, 2022, *Fortune* reported that Mr. John Ray III stated the following with respect to FTX Europe:

> Based on our review over the past week, we are pleased to learn that many regulated or licensed subsidiaries of FTX, within and outside the US, have other balance sheets, responsible management, and valuable franchises.

> Among those with the largest identified financial positions are FTX EU Ltd., at $49 million in total cash available…

Explain the basis for Mr. Ray's above assessment of FTX Europe in 2022, identify all "responsible management" members cited by Mr. Ray, and explain why FTX Europe was then considered a "valuable franchise[]" by Mr. Ray.

## INTERROGATORY NO. 8.

State whether FTX Europe was insolvent as of the Petition Date, and, if so, why, and identify the persons who made this determination, including the dates and approximate number of hours that the process took, whether and when the board of FTX Europe was consulted, and the results of these discussions, whether and what financial statements were reviewed or prepared to show the asserted insolvency, and whether and when the Chief Financial Officer of FTX Europe was consulted, and the results of any such discussions.

## INTERROGATORY NO. 9.

Explain and describe how Mr. Ray was appointed as the Chief Executive Officer of FTX Europe prior to its Chapter 11 filing, and identify and describe materials circulated to the board of directors of FTX Europe, any notice provided to that board, any board consents, and all materials describing the qualifications of Mr. Ray that_were presented to the board of directors of FTX Europe prior to the board's deliberations on this matter.

## INTERROGATORY NO. 10.

Describe the proper process for appointing a Chief Executive Officer of FTX Europe under applicable law and identify the person(s) required to make this decision; and explain whether the consent of Samuel Bankman-Fried, a large beneficial holder of the owner of FTX Europe and an officer of FTX Europe, was sufficient in itself to appoint a CEO for FTX Europe.

## INTERROGATORY NO. 11.

Describe the entire sales process used in attempting to sell or liquidate FTX Europe, including dates of contacts with interested parties, offers received, and names of persons and firms participating in the process.

**INTERROGATORY NO. 12.**

Explain how the FTX bankruptcy estate concluded that there was "no realistic possibility of a sale" of FTX Europe, despite the reported interest from approximately 40 parties as asserted by the Debtors (*See* Docket No. 413 at 6).

**INTERROGATORY NO. 13.**

Describe how, if at all, the U.S. Department of Justice and the Securities and Exchange Commission were consulted by the Debtors' estates with respect to paying Binance $50 million and indicated whether these agencies objected to the proposed payment.

**INTERROGATORY NO. 14.**

Explain why the Motion does not explain that Binance collateral was used to purchase a publicly traded stock that had substantially declined in value as of the Petition Date and identify the persons who decided this was the appropriate way to explain the Binance claim to the Court.

Dated: May 9, 2024
       New York, NY

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/Rafael X. Zahralddin*

Rafael Zahralddin
500 Delaware Ave Suite 700
Wilmington, DE 19801
Telephone:   (302)-985-6000
Rafael.Zahralddin@lewisbrisbois.com

Minyao Wang
77 Water Street, Suite 2100
New York, New York 10005
Telephone:  (212) 232-1300
Minyao.Wang@lewisbrisbois.com

*Counsel to Daniel Friedberg*

**<u>EXHIBIT J</u>**

# BEZIRKSGERICHT HÖFE
WOLLERAU SZ

EINZELRICHTER

EINGEGANGEN AM  2 2. APR. 2024



ZES 2023 218

## Verfügung vom 19. April 2024

Mitwirkend:   Einzelrichter Lukas Burlet
Gerichtsschreiberin Liliane Erdin-Regenass

In Sachen

**FTX Europe AG,**
Churerstrasse 135, 8808 Pfäffikon SZ

Gesuchstellerin

vertreten durch Rechtsanwältin Tanja Luginbühl
Lenz & Staehelin
Brandschenkestrasse 24, 8027 Zürich

**betreffend Nachlassstundung/Genehmigung**

hat der

E i n z e l r i c h t e r

**nachdem sich ergeben:**

1. Mit Verfügung vom 11. April 2023 bewilligte der Einzelrichter der Gesuchstellerin die provisorische Nachlassstundung für die Dauer von vier Monaten und setzte als Sachwalterin die Holenstein Brusa Rechtsanwälte AG ein. Mit Verfügung vom 21. Juli 2023 wurde die provisorische Nachlassstundung um vier Monate bis zum 11. Dezember 2023 verlängert und mit Verfügung vom 24. November 2023 wurde schliesslich die definitive Nachlassstundung bis zum 11. Juli 2024 gewährt.

2. Mit Gesuch vom 12. April 2024 stellte die Gesuchstellerin folgende Rechtsbegehren:

   «1. Der Vollzug des zwischen der Gesuchstellerin als Verkäuferin sowie der Käuferparteien (CredoMedia GmbH, Patrick Gruhn, Robin Matzke und Lorem Ipsum RM UG) abgeschlossenen Kaufvertrags vom 7. Februar 2024 betreffend den Verkauf der i) Beteiligungen, d.h, sämtlicher von der Gesuchstellerin gehaltenen 258'811 Aktien (100%) der FTX EU Ltd. mit Sitz in Limassol, Zypern, sämtlicher 200 Stammanteile (100%) der FTX Switzerland GmbH mit Sitz in Freienbach, Schweiz, einem Stammanteile (100%) der FTX Trading GmbH mit Sitz in Hannover, Deutschland, sämtlicher 200 Stammanteile (100%) der FTX Certificates GmbH mit Sitz in Freienbach, Schweiz, sämtlicher 150'000 Aktien (100%) der FTX Structured Products AG mit Sitz in Ruggell, 49''999 Aktien (9.9%) der CM-Equity AG mit Sitz in München, Deutschland, 2'475 Geschäftsanteilen (9.9%) der CONCEDUS Digital Assets GmbH; sowie ii) der übrigen Vermögenswerte der Gesuchstellerin (Geschäfts-Know-How, Marken und Handelsnamen, IT-Vermögenswerte und die übertragenen Bücher und Aufzeichnungen) (die «**Verkaufstransaktion**») sei im Sinne von Art. 298 Abs. 2 SchKG zu genehmigen.

   2. Der Vollzug des Inter-Debtor Restructuring Agreements vom 7. April 2024, des Collateral Claim Settlement Agreements vom 7. April 2024 sowie des Restructuring Payment Agreements vom 7. April 2024 (zusammen die «**Restrukturierungstransaktion**») sei im Sinne von Art. 298 Abs. 2 SchKG zu genehmigen.

   3. Alles unter Kostenfolge zu Lasten der Gesuchstellerin.

   Sowie folgenden prozessualen Antrag:

   Es sei der Gesuchstellerin von allfälligen Akteneinsichtsgesuchen von Drittpersonen Kenntnis und vorgängig Gelegenheit zur Stellungnahme zu geben.»

3. Zur Begründung wurde im Wesentlichen ausgeführt, dass die Gesuchstellerin dem Gericht eine Verkaufs- wie auch eine Restrukturierungstransaktion zur Genehmigung unterbreite, welche insgesamt dazu führen würden, dass die Überschuldung der Gesuchstellerin beseitigt werde und damit ein Sanierungserfolg in Form eines positiven Eigenkapitals resultiere.

Durch die im Detail dargelegte Verkaufstransaktion (Verkauf ihrer Beteiligungen und übrigen Vermögenswerte) erhalte die Gesuchstellerin einen Mittelzufluss von USD 32.7 Millionen. Der Wert der Vermögenswerte würde ohne die Verkaufs- und Restrukturierungstransaktionen in einem Liquidationsprozess zum Nachteil der Gläubiger wohl erheblich reduziert werden. Der Verkauf entspreche marktüblichen Bedingungen zwischen unabhängigen Vertragsparteien. Nach Durchführung eines professionell geführten Verkaufsprozesses seien keine konkreten besseren Kaufangebote identifizierbar gewesen. Auch seien im US-amerikanischen Verfahren um Genehmigung der Verkaufstransaktion keine Einwendungen eingegangen. Der schriftliche Beschluss des Veraltungsrates der Gesuchstellerin betreffend die Verkaufstrankaktion sei am 7. Februar 2024 erfolgt (KB 21). Der Aktien- und Vermögenskaufvertrag zwischen der Gesuchstellerin und den Erwerberparteien sei am 7. Februar 2024 unterzeichnet worden (KB 20).

Bei Vollzug der im Detail dargelegten Restrukturierungstransaktionen verzichte die Gesuchstellerin zwar unter anderem auf ihr Hauptaktivum in Form der Forderung gegenüber der FTX Trading Ltd. in Höhe von rund USD 102 Millionen. Im Gegenzug führe der Verzicht der Gläubigerinnen gegenüber der Gesuchstellerin jedoch zu einer Tilgung von Verbindlichkeiten im selben Umfang, woraus sich unter Berücksichtigung der Verkaufstransaktion sowie der dargelegten Kompensationszahlung der Gesuchstellerin an die FTX Trading Ltd. ein Sanierungserfolg zugunsten der Gesuchstellerin ergebe. Die entsprechenden Vereinbarungen (Inter-Debtor Restructuring Agreement, Collateral Claim Settlement Agreement und das Restructuring Payment Agreement), seien am 7. April 2024 abgeschlossen worden (KB 24- 26). Der schriftliche Beschluss des Verwaltungsrates der Gesuchstellerin betreffend die Restrukturierungstransaktionen sei am 22. Februar 2024, resp. 5. April 2024 (Ergänzung) gefällt worden (KB 27, 28).

Die Verkaufstransaktion sei vom US-Konkursgericht bereits genehmigt worden. Der Antrag auf Genehmigung der Restrukturierungstransaktion sei beim US-Konkursgericht am 10. April 2024 beantragt worden und noch hängig. Es werde mit einem Entscheid Mitte Mai 2024 gerechnet (KB 4 und 5). Sowohl die Verkaufs- wie auch die Restrukturierungstransaktionen seien im besten Interesse der Gläubiger der Gesuchstellerin. Die Überschuldung der Gesuchstellerin könne beseitigt werden und es bestehe Aussicht auf volle Befriedigung der berechtigten Forderungen der Gläubiger. So werde die Gesuchstellerin nach Abschluss des Vergleichs sowie der Verkaufs- und Restrukturierungstransaktion voraussichtlich über ein positives Eigenkapital von rund USD 1.4 Millionen verfügen, was sich aus der Pro-Forma

4

Bilanz für den Zeitpunkt des Vollzugs der Verkaufs- und Restrukturierungstransaktion ergebe.

4.  Mit Eingabe vom 12. April 2024 hielt die Sachwalterin fest, dass sie das Gesuch der Gesuchstellerin unterstütze und dessen Gutheissung empfehle. Sie hätte im Vorfeld den Entwurf des Gesuchs mit der Finanzberaterin der Gesuchstellerin geprüft und erörtert und sei auf keine wesentlichen Sachverhalte gestossen, die einen begründeten Anlass dafür geben würden, anzunehmen, dass die Darstellungen der Gesuchstellerin ungenau oder unvollständig seien. Die Sachwalterin hielt weiter fest, dass der Verkaufspreis von USD 32.7 Millionen für die zu veräussernden Vermögenswerte der Gesuchstellerin mit Abstand das beste Angebot darstelle. Im US-amerikanischen Verfahren hätten Dritte die Möglichkeit zur Abgabe eines wirtschaftlich attraktiveren Angebots gehabt. Davon sei nicht Gebrauch gemacht worden. Der Kaufpreis sei zudem durch eine Bankgarantie auf erstes Verlangen oder ein Akkreditiv sichergestellt. Die beabsichtigte Verkaufstransaktion werde die Liquidität der Gesuchstellerin erheblich steigern. Mit Bezug auf die Restrukturierungstransaktionen sei festzuhalten, dass auch diese positiv zu bewerten sei, zumal die Werthaltigkeit und Einbringlichkeit der (grössten) Forderung der Gesuchstellerin gegenüber der FTX Trading Ltd. (rund USD 100 Millionen) unsicher sei.

Im Ergebnis führe die Verkaufs- und Restrukturierungstransaktion zu einer Beseitigung der Überschuldung und damit zur Sanierung der Bilanz. Gleichzeitig werde die Möglichkeit eröffnet, die Gesuchstellerin aus der Nachlassstundung zu entlassen.

5.  Gemäss Art. 298 Abs. 2 SchKG bedarf die Veräusserung von Anlagevermögen der Ermächtigung des Nachlassgerichts. Bei der Entscheidung gemäss Abs. 2 hat das Nachlassgericht die ökonomische Sinnhaftigkeit einer kommerziellen Transaktion zu beurteilen. Der Sachverhalt wird dabei von Amtes wegen festgestellt (Art. 255 lit. a ZPO). Bei seiner Entscheidung hat das Nachlassgericht zu berücksichtigen, in welchem Ausmass die Gläubiger mit Verlusten auf ihre Nachlassforderung zu rechnen haben und ob die Durchführung des Geschäfts im Hinblick auf eine allfällige Wertverminderung zeitkritisch ist. Dem Nachlassgericht steht bei seinem Entscheid ein weites Ermessen zu. Obwohl das Gesetz dies nicht ausdrücklich vorschreibt, hat das Nachlassgericht vor der Erteilung der Ermächtigung die Stellungnahme des Sachwalters einzuholen, sofern die Ermächtigung nicht auch von diesem beantragt wird (BSK SchKG I- BAUER/LUGINBÜHL, 2021, Art. 298 N 20; KUKO SchKG- HUNKELER, 2014, Art. 298 N 14 ff.).

6.  Die von der Gesuchstellerin vorgelegten Vereinbarungen betreffend Verkaufs- und
    Restrukturierungstransaktionen vom 7. Februar 2024, resp. 7. April 2024 erschei-
    nen nach Prüfung der gesuchstellerischen Ausführungen sowie der beigelegten
    Dokumente sachgerecht und liegen im Interesse der Gläubiger, zumal durch Voll-
    zug dieser Vereinbarungen die Überschuldung der Gesuchstellerin beseitigt wer-
    den kann und für die Gläubiger bessere Konditionen als bei einem Verkauf der
    Vermögenswerte im Liquidationsprozess resultieren (Eigenkapital von rund USD
    1.4 Millionen nach Vollzug der Verkaufs- und Restrukturierungstransaktionen ge-
    mäss Pro-Forma Bilanz, KB 23). Zudem ist auch nicht erkennbar, dass höhere An-
    gebote von Drittparteien vorgelegen hätten, welche die Gesuchstellerin nicht ord-
    nungsgemäss und mit Blick auf die Gläubigerinteressen geprüft hätte. Die Sach-
    walterin empfiehlt ebenfalls die Genehmigung der abgeschlossenen Vereinbarun-
    gen.

    Die Verkauf- sowie die Restrukturierungstransaktionen sind nach dem Gesagten
    gemäss Art. 298 Abs. 2 SchKG zu genehmigen.


**verfügt:**

1.  Die von der Gesuchstellerin abgeschlossene Verkaufstransaktion vom
    7. Februar 2024 sowie die eingegangenen Vereinbarungen betreffend Restruktu-
    rierungstransaktionen vom 7. April 2024 werden genehmigt.

2.  Die Kosten dieser Verfügung in Höhe von CHF 2'000.00 trägt die Gesuchstellerin.

3.  Zufertigung an:
    - Rechtsanwältin Tanja Luginbühl, im Doppel, R.
    - Holenstein Brusa Rechtsanwälte AG, z.Hd. lic. iur. Thomas Zemp, R.
    - Protokoll und Akten

---

Der Einzelrichter                                        Die Gerichtsschreiberin


Lukas Burlet                                             Liliane Erdin-Regenass

Versand am: 19. April 2024
vk

**EXHIBIT K**

City of El Paso, State of Texas, County of El Paso

I, Fernando C. Castaneda, am a linguist hired by TransPerfect, a translation service that operates under both ISO 9001:2008 and EN 15038:2006 certification. I have been speaking German for 46 years. My qualifications include: 33 years of experience as a freelance translator, a Bachelor's of Science degree in Mechanical and Electrical Engineering, and a Master's Degree in Business Administration from the University of Texas.

The following document is, to the best of my knowledge and belief, a true and accurate translation from German into English of the Verfügung vom 19. April 2024.

TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years of experience translating into the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

I affirm that the provided translation was produced according to Transperfect's ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that I, the individual responsible for said translation(s), am qualified to translate and review documents for the above language pair, and am not a relation to any of the parties named in the source document(s).

Sworn to before me this Tuesday, May 7, 2024

_____
Fernando C. Castaneda , Translator

_____
Signature, Notary Public

MARIA ISABEL HERMOSILLO MONTERRUBIO
Notary Public, State of Texas
Comm. Expires 04-16-2028
Notary ID 134855012

_____
Stamp, Notary Public

# DISTRICT COURT OF HOFE
### WOLLERAU, CANTON OF SCHWYZ



[stamp:] RECEIVED ON APRIL 22, 2024

SINGLE-SEATING JUDGE

ZES 2023 218

# Order of April 19, 2024


Participating:       Single-Seating Judge Lukas Burlet
                     Court Clerk: Liliane Erdin-Regenass


In the matter of


**FTX Europe AG,**
Churerstrasse 135, 8808 Pfäffikon SZ

Petitioner

represented by attorney Tanja Luginbühl
Lenz & Staehelin
Brandschenkestrasse 24, 8027 Zurich


**concerning Moratorium / Approval**

the

single-seating judge,

**pursuant to the following facts:**

1.  By order of April 11, 2023, the single-seating judge granted the Petitioner a provisional moratorium for a four-month period and appointed Holenstein Brusa Rechtsanwälte AG as Administrator. By order of July 21, 2023, the provisional moratorium was extended by four months until December 11, 2023, and by order of November 24, 2023, the definitive moratorium was finally granted until July 11, 2024.

2.  In a brief dated April 12, 2024, the Petitioner made the following legal requests:

    1.) That the closing of the purchase agreement dated February 7, 2024 concluded between the Petitioner as Seller and the purchasing parties (CredoMedia GmbH, Patrick Gruhn, Robin Matzke and Lorem Ipsum RM UG) regarding the sale of the i) participations, i.e. all 258,811 shares (100%) of FTX EU Ltd. with registered office in Limassol, Cyprus, held by the Petitioner; all 200 quotas (100%) of FTX Switzerland GmbH with registered office in Freienbach, Switzerland; one quota (100%) of FTX Trading GmbH with registered office in Hanover, Germany; all 200 quotas (100%) of FTX Certificates GmbH with registered office in Freienbach, Switzerland; all 150,000 shares (100%) of FTX Structured Products AG with registered office in Ruggell; 49,999 shares (9.9%) of CM-Equity AG with registered office in Munich, Germany; 2,475 quotas (9.9%) of CONCEDUS Digital Assets GmbH; and ii) the remaining assets of the Petitioner (business know-how, brands and trade names, IT assets and the transferred books and records) (the **"Sale Transaction"**) is approved within the meaning of Article 298 paragraph 2 SchKG (*Bundesgesetz über Schuldbetreibung und Konkurs* [Swiss Federal Act on debt collection and bankruptcy]).

    2.  That the completion of the Inter-Debtor Restructuring Agreement dated April 7, 2024, the Collateral Claim Settlement Agreement dated April 7, 2024 and the Restructuring Payment Agreement dated April 7, 2024 (together the **"Restructuring Transaction")** is approved within the meaning of Article 298 paragraph 2 SchKG.

    3.  That all costs are to be borne by the Petitioner.

        As well as the following procedural motion:

        The Petitioner should be informed of any requests for access to the files from third parties and given the opportunity to comment in advance."

3.  The justification for this request was essentially that the Petitioner was submitting a Sale and a Restructuring transaction to the court for approval, which altogether would lead to the elimination of the indebtedness of the Petitioner, and thus to a successful restructuring in the form of positive equity.

Through the Sale Transaction described in detail (sale of its participations and other assets), the applicant will receive a cash inflow of USD 32.7 million. Without the Sale and Restructuring transactions, the value of the assets would likely be significantly reduced in a liquidation process, to the detriment of the creditors of the Petitioner. The sale complies with market conditions between independent contracting parties. After completing a professionally managed sales process, no concrete better purchase offers could be identified. No objections were received in the US proceedings to approve the Sale Transaction. The written resolution of the Board of Directors of the Petitioner regarding the Sale Transaction was made on February 7, 2024 (KB 21). The share and asset purchase agreement between the Petitioner and the acquiring parties was signed on February 7, 2024 (KB 20).

Upon completion of the restructuring transactions set out in detail, the Petitioner will, among other things, waive its main asset in the form of the claim against FTX Trading Ltd. in the amount of approximately USD 102 million. In return, however, the waiver of claims of the Creditors against the Petitioner would lead to a repayment of liabilities to the same extent, which, considering the Sale Transaction and the set out compensation payment by the Petitioner to FTX Trading Ltd., would result in a successful restructuring in favor of the Petitioner. The corresponding agreements (Inter-Debtor Restructuring Agreement, Collateral Claim Settlement Agreement, and the Restructuring Payment Agreement) were concluded on April 7, 2024 (KB 24- 26). The written resolution of the Board of Directors of the Petitioner regarding the restructuring transactions were taken on February 22 2024, and on April 5, 2024 (supplement) (KB 27, 28), respectively.

The Sale Transaction has already been approved by the US Bankruptcy Court. The motion for approval of the restructuring transaction was filed with the US Bankruptcy Court on April 10, 2024 and is still pending. A decision is expected in mid-May 2024 (KB 4 and 5). Both the Sale and the Restructuring transactions are in the best interests of the creditors of the Petitioner. The indebtedness of the Petitioner could be eliminated and there is a prospect of full satisfaction of the legitimate claims of the creditors. After completing the settlement and the Sale and Restructuring transactions, the Petitioner is expected to have positive equity of approximately USD 1.4 million, as shown by the pro forma balance sheet at the time of completing the Sale and Restructuring transactions.

4.  In a submission dated April 12, 2024, the Administrator stated that she supported the motion of the Petitioner and recommended its approval. It had previously examined and discussed the draft application with the financial advisor of the Petitioner and had not come across any material facts that would give reasonable grounds to assume that the representations of the Petitioner were inaccurate or incomplete. The Administrator further stated that the sales price of USD 32.7 million for the assets of the Petitioner to be sold was by far the best offer. In the US proceedings, third parties would have had the opportunity to submit a more economically attractive offer. This was not done. The purchase price is also secured by a banker's guarantee on first demand or a letter of credit. The intended Sale transaction will significantly increase the liquidity of the Petitioner. With regard to the Restructuring transactions, it should be noted that these should also be assessed positively, especially since the value and collectability of the (largest) claim of the Petitioner against FTX Trading Ltd. (around USD 100 million) is uncertain.

As a result, the Sale and Restructuring transactions will lead to the elimination of indebtedness and thus to the restructuring of the balance sheet. At the same time, the possibility to dismiss the Petitioner from moratorium arises.

5.  Pursuant to Article 298 paragraph 2 SchKG, the sale of fixed assets requires the authorization of the composition court. When making the decision pursuant to paragraph 2, the composition court must assess the economic viability of a commercial transaction. The facts are established ex officio (Art. 255 lit. a ZPO (*Zivilprozessordnung* [Code of Civil Procedure]). In making its decision, the composition court must consider the extent to which creditors can expect to incur losses on their moratorium claims and whether the completion of the transaction is time-critical in view of a possible reduction in value. The composition court has broad discretion in making its decision. Although the law does not expressly require this, the composition court must obtain the opinion of the Administrator before granting the authorization, unless the authorization is also requested by the Administrator (BSK SchKG I- BAUER/LUGINBÜHL, 2021, Art. 298 N 20; KUKO SchKG-HUNKELER, 2014, Art. 298 N 14 et seqq.).

6.   The agreements submitted by the Petitioner regarding the Sale and Restructuring transactions dated February 7, 2024 and April 7, 2024, respectively, after reviewing the statements of the Petitioner and the attached documents, appear to be appropriate and in the interest of the creditors, especially since the completion of these agreements can eliminate the indebtedness of the Petitioner and result in better conditions for the creditors than would result from a sale of the assets in the liquidation process (equity of around USD 1.4 million after completing the Sale and Restructuring transactions according to the pro forma balance sheet, KB 23). Furthermore, it is also not apparent that there were higher offers from third parties which the Petitioner did not examine properly and with regard to the interests of the creditors. The Administrator also recommends the approval of the concluded agreements.

In view of the above, the Sale and Restructuring transactions must be approved in accordance with Article 298 paragraph 2 SchKG.


**orders:**


1.   That the Sales transaction concluded by the Petitioner on February 7, 2024, as well as the agreements regarding Restructuring transactions entered into on April 7, 2024, are approved.


2.   The costs of this order amounting to CHF 2,000.00 shall be borne by the Petitioner.


3.   Serve copies to:

- Attorney Tanja Luginbühl, in duplicate, R.
- Holenstein Brusa Rechtsanwälte AG, to the attention of Thomas Zemp, R.
- Minutes and files

_____


The single-seating judge                                    The Court Clerk

[signature]                     [logo:] DISTRICT COURT OF HÖFE          [signature]
                                      - Canton of Schwyz

Lukas Burlet                                                Liliane Erdin-Regenass

Sent on: April 19, 2024

vk

**EXHIBIT L**

## Van Holten, Luke H.

| | |
|---|---|
| **From:** | Glueckstein, Brian D. |
| **Sent:** | Monday, May 6, 2024 3:45 PM |
| **To:** | Zahralddin, Rafael |
| **Cc:** | Wang, Minyao; Clarke, Stephen H.; zzext-landis; zzext-pierce |
| **Subject:** | FTX - FTX Europe |
| **Attachments:** | FTX - Protective Order.pdf |

Rafael,

As discussed during our May 3 meet and confer call, the Swiss Court entered an order dated April 11, 2024, approving both the sale transaction and the transactions at issue in the Restructuring Motion (as defined below) now before the Bankruptcy Court.  We are prepared to produce that order to you upon execution of the attached protective order, which governs discovery in these Chapter 11 Cases.  We will need a signed declaration of acknowledgement both from you as counsel, and from Mr. Friedberg (to the extent he wants to review any documents produced).  We sent you a copy of the protective order on Friday and I've attached another copy here for your convenience.

As also discussed during our meet and confer call, the Debtors object to the voluminous and burdensome discovery requests that Mr. Friedberg has renewed on the basis of his purported objection to *Motion of the Debtors for Entry of an Order (i) Authorizing and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (ii) Granting Related Relief* [D.I. 11626] (the "Restructuring Motion").  Most of the discovery sought seeks documents, information, and/or deposition testimony on subjects that are not relevant and not properly at issue in the Restructuring Motion.  Other discovery seeks burdensome discovery not proportional to the needs of this contested matter (including requests seeking "all documents").  Without waiving any objections to any of the discovery requests, the Debtors are prepared to provide Mr. Friedberg with targeted and expedited discovery regarding the factual basis for the Restructuring Motion in an effort to avoid burdening the Court with unnecessary litigation.

More specifically, the Debtors are prepared to promptly produce certain books and records regarding (i) the claim CM-Equity has asserted against FTX Europe AG that is being resolved through the Restructuring Motion, and (ii) the intercompany assets and liabilities of FTX Europe AG being addressed through the Restructuring Motion.  This production will include certain contracts, financial records, proofs of claim and other documents.  These documents support the statements set forth in the Declaration of Steven Coverick of Alvarez & Marsal filed in support of the Restructuring Motion [D.I. 11626-6].  The Debtors are also willing to make Mr. Coverick available for a deposition on the subjects set forth in his Declaration, if necessary.

As discussed, we are available to discuss further after you have reviewed the Swiss Court order.

Regards,

**Brian D. Glueckstein**
**Sᴜʟʟɪᴠᴀɴ & Cʀᴏᴍᴡᴇʟʟ LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

**<u>EXHIBIT M</u>**

**Van Holten, Luke H.**

| | |
|---|---|
| **From:** | Wang, Minyao <Minyao.Wang@lewisbrisbois.com> |
| **Sent:** | Wednesday, May 1, 2024 1:50 PM |
| **To:** | Glueckstein, Brian D. |
| **Cc:** | Zahralddin, Rafael; Dietderich, Andrew G.; Bromley, James L.; Clarke, Stephen H.; zzext-landis |
| **Subject:** | [EXTERNAL] RE: email concerning post objection filing discovery timeline |

Dear Brian,

As you can see, we submitted our substantive objection yesterday, subject to a reservation of right to amend pending discovery.  Pursuant to Judge Dorsey's order and your prior email, we may now commence discovery.  We reinstitute all the discovery requests previously propounded to the Debtors.

As you noted, we are entitled to discovery on this matter. Please proceed to start this process now to avoid delays. We disagree that our discovery requests were overbroad but we want the opportunity to reach an agreement on the scope. To that end we would like to meet and confer today or at the latest tomorrow. We also should set the calendar on when you will be producing discovery.

There are two immediately pressing items. As you know, we had earlier requested that you commence rolling discovery on one pressing item, and that we block out times for two important depositions. In an effort to avoid further delays, could you please advise on the following two items as soon as possible:

(i) Let us know when the rolling discovery of the correspondence between Mr. Simpson & Mr. Lorandi will be produced. This is impacting our client's ability to get advice from Swiss counsel and this correspondence is readily available to you. We would appreciate completion of this material by close of business Friday to attempt to avoid potential further delays.

(ii) Please advise on the availability of Mr. Ray and Ms. Cilia for their depositions. We would like to complete this as soon as you complete responses to our interrogatories. We suggest May 14 but we are flexible. We would like to depose both on the same day to limit costs and anticipate that no more than 3 hours will be required for each (but we should probably have a 30 minute cushion just in case). We suggest commencing on 9am ET on May 14, with Ms. Cilia first, and Mr. Ray immediately following. Are Mr. Ray and Ms. Cilia separately represented or are you also acting as their counsel? We appreciate that these executives are extremely busy and want to firm up these dates as quickly as possible to avoid further delays.

 Thank you for your cooperation.



**Minyao Wang**
**Partner**
**Minyao.Wang@lewisbrisbois.com**

**T: 646.989.9428 F: 212.232.1399**

77 Water Street, 21st Floor, New York, NY 10005 | **LewisBrisbois.com [lewisbrisbois.com]**

**Representing clients from coast to coast. View our locations nationwide. [lewisbrisbois.com]**

# Mansfield Rule
## Certified 2022-2023 DIVERSITY LAB

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Thursday, April 25, 2024 3:09 PM
**To:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>
**Cc:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>; Dietderich, Andrew G. <dietdericha@sullcrom.com>; Bromley, James L. <bromleyj@sullcrom.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>
**Subject:** [EXT] RE: Letter concerning Motion to Authorize (DI No. 11626 ) in In re FTX Trading, LTD, et al., Case No. 22-11068 (JTD) (Bankr. D. Del.)

We have reviewed your motions and have filed with the Court an objection to your motion to shorten time.  The Debtors' position, as noted in that response, is that you are not entitled to any discovery with respect to the Restructuring Motion unless and until Mr. Friedberg interposes a substantive objection.  If and when Mr. Friedberg does so, the Debtors will discuss with you a schedule and your overbroad and inappropriate scope of discovery in the context of any actual objections to the Restructuring Motion and the specific relief requested in that motion.  For the avoidance of doubt, we will not be responding to your inappropriately propounded discovery at this time.

Regards,
Brian

**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) |
gluecksteinb@sullcrom.com | www.sullcrom.com

**From:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>
**Sent:** Thursday, April 25, 2024 2:03 PM
**To:** Dietderich, Andrew G. <dietdericha@sullcrom.com>; Bromley, James L. <bromleyj@sullcrom.com>; zzext-landis <landis@lrclaw.com>
**Cc:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Subject:** [EXTERNAL] RE: Letter concerning Motion to Authorize (DI No. 11626 ) in In re FTX Trading, LTD, et al., Case No. 22-11068 (JTD) (Bankr. D. Del.)

Gentlemen,

Nearly a week has elapsed since we first attempted to discuss a discovery timeline with you.  On Monday night Jim said the Debtors "will be happy to chat about next steps" upon the filing of our scheduling motion.  We filed our motion on Tuesday night and yet you have not begun the promised conversation. Please let us know when we can confer on this matter.

There are two time-sensitive items that we request immediate feedback on:

(i)      It is crucial for our client to work effectively with Swiss counsel. Please advise when we will receive the rolling discovery of the correspondence between Mr. Simpson and Dr. Lorandi. We understand that this material is readily available to you. Please provide a date for when we can expect this. We propose tomorrow, Friday, April 26, as a suitable date. If this is not possible, could we agree on Monday's EOB at the latest?

(ii)     We would like to depose Mr. Ray and Ms. Cilia as soon as possible after receiving your response to our document requests. We propose Monday, May 6 for both deponents.  If you accept the proposals set forth in this email, we are willing to limit the deposition for each of the two deponents to three hours (which is significantly shorter than what we are entitled to under the federal rules), with a 30-minute buffer to ensure ample time. We suggest the following schedule: Ms. Cilia from 9:00 am to 11:00 am ET, followed by Mr. Ray from 11:30 am to 1:30 pm ET on Monday, May 6, 2024.

Additionally, please clarify whether Mr. Ray and Ms. Cilia are separately represented or if you are also acting as their counsel.

We fully understand the demanding schedules of these executives and wish to confirm these dates as soon as possible to prevent further delays—on either side.

Thank you in advance for your cooperation and prompt response on these items.



**Minyao Wang**
**Partner**
Minyao.Wang@lewisbrisbois.com

**T: 646.989.9428 F: 212.232.1399**

77 Water Street, 21st Floor, New York, NY 10005 | **LewisBrisbois.com [lewisbrisbois.com]**

**Representing clients from coast to coast. View our locations nationwide. [lewisbrisbois.com]**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>
**Sent:** Wednesday, April 24, 2024 3:48 PM
**To:** dietdericha@sullcrom.com; bromleyj@sullcrom.com; landis@lrclaw.com
**Cc:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Subject:** RE: Letter concerning Motion to Authorize (DI No. 11626 ) in In re FTX Trading, LTD, et al., Case No. 22-11068 (JTD) (Bankr. D. Del.)

Per Jim's email from Monday night and you can see from the docket, we have submitted a scheduling motion with the Court.   Consistent with Jim's representation that you would be being willing to engage in discussions regarding our discovery after the filing of such a motion, we kindly request an opportunity to discuss the time-sensitive issue at your earliest convenience, respecting the demands of your schedule.

We are also serving through this email our *Second Set of Requests for Production of Documents and Things*.  Consistent with the instructions therein, we request that you immediately start rolling production of the email correspondence

between Mr. Evan Simpson and Dr. Lorandi, which we understand is readily accessible to you. This is critical as our client is collaborating with his Swiss counsel, and any delay could impact our timeline. We are diligently working to gather all necessary information from the Debtors to minimize further delays.

Thank you for your understanding and cooperation.

---

**From:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>
**Sent:** Sunday, April 21, 2024 10:51 PM
**To:** dietdericha@sullcrom.com; bromleyj@sullcrom.com; landis@lrclaw.com
**Cc:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Subject:** RE: Letter concerning Motion to Authorize (DI No. 11626 ) in In re FTX Trading, LTD, et al., Case No. 22-11068 (JTD) (Bankr. D. Del.)

Gentlemen,

As noted on Friday, we would like to continue the hearing on the motion to a date that will allow for discovery and use the May 15 hearing as a status conference.  Continuing the hearing will allow for the orderly completion of discovery and we want to mutually agree on a discovery schedule so we can be flexible.

The hearing can be deferred to either of the next two scheduled omnibus hearing dates or another mutually convenient date.   Given the start of the Passover holiday on Monday evening, it is critical that we speak on Monday morning.  We will make ourselves available.

Following up on my letter from two nights ago, attached please find Mr. Friedberg's initial discovery on the Debtors: (i) first set of document production requests, (ii) first set of interrogatories, (iii) notice of 30(b)(6) deposition, and (iv) notice of depositions on seven (7) individuals.

We also request an extension of the objection deadline so that Mr. Friedberg can file his objection to the Authorization Motion on May 8, 2024, one week before the May 15 hearing, which is consistent with the regular objection deadlines under the local rules.  The responsive dates in tonight's discovery requests presuppose this extension.

Please indicate what time on Monday morning that you are available for a meet and confer with Raf and me concerning scheduling.

Mr. Friedberg reserves the right to amend or serve additional discovery requests.



**Minyao Wang**
**Partner**
Minyao.Wang@lewisbrisbois.com

**T: 646.989.9428 F: 212.232.1399**

77 Water Street, 21st Floor, New York, NY 10005 | **LewisBrisbois.com [lewisbrisbois.com]**

**Representing clients from coast to coast. View our locations nationwide. [lewisbrisbois.com]**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>
**Sent:** Friday, April 19, 2024 9:50 PM
**To:** dietdericha@sullcrom.com; bromleyj@sullcrom.com; landis@lrclaw.com
**Cc:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Subject:** Letter concerning Motion to Authorize (DI No. 11626 ) in In re FTX Trading, LTD, et al., Case No. 22-11068 (JTD) (Bankr. D. Del.)

Dear Andrew, James, and Adam,

Raf and I are counsel to Dan Friedberg.    Please see attached letter.

**Minyao Wang**
**Partner**
New York
646.989.9428 or x6469428

---

**\*\*This is an external message from:** minyao.wang@lewisbrisbois.com **\*\***

---

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

**EXHIBIT N**

| From: | Glueckstein, Brian D. |
|---|---|
| Sent: | Tuesday, May 7, 2024 6:26 PM |
| To: | Zahralddin, Rafael |
| Cc: | Wang, Minyao; Clarke, Stephen H.; zzext-landis; zzext-pierce |
| Subject: | RE: FTX - FTX Europe |
| Attachments: | Swiss Court Order of April 19, 2024.pdf; Draft Translation 5.7.24.pdf |

Thanks.  Please send Mr. Friedberg's signature when have it (assuming he intends to review designated documents).  In the interest of avoiding delay, attached is a copy of the Swiss court order dated April 11, 2024, approving both the sale transaction and the transactions at issue in the Restructuring Motion.  Also attached for your convenience is a draft German to English translation of the order that remains subject to further review and correction.

We are designating the attached materials as Confidential under Protective Order because the record of the Swiss proceedings is not currently available to the general public.  We will produce a Bates-stamped copy in due course.

Regards,
Brian

**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

---

**From:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Sent:** Tuesday, May 07, 2024 1:46 PM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Cc:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** [EXTERNAL] RE: FTX - FTX Europe

Dear Brian.

The document wouldn't let me cut out the two pages, so I signed the document as it was sent to me.

Let me know if you have any questions or if this copy is not complete.

 **Rafael Zahralddin**
**Partner**
Rafael.Zahralddin@lewisbrisbois.com

**T: 302.985.6004 F: 302.985.6001 M: 302.545.2888**

500 Delaware Avenue, Suite 700, Wilmington, DE 19801 | **LewisBrisbois.com [lewisbrisbois.com]**

**Representing clients from coast to coast. View our locations nationwide. [lewisbrisbois.com]**

# Mansfield Rule
## Certified 2022-2023

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Tuesday, May 7, 2024 11:04 AM
**To:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Cc:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** [EXT] RE: FTX - FTX Europe

Following up on the protective order signed acknowledgement for your firm, so we can provide you the Swiss court order today.

Regards,
Brian

**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

**From:** Glueckstein, Brian D.
**Sent:** Monday, May 06, 2024 6:45 PM
**To:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Cc:** 'Wang, Minyao' <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** FTX - FTX Europe

Rafael,

As discussed during our May 3 meet and confer call, the Swiss Court entered an order dated April 11, 2024, approving both the sale transaction and the transactions at issue in the Restructuring Motion (as defined below) now before the Bankruptcy Court. We are prepared to produce that order to you upon execution of the attached protective order,

which governs discovery in these Chapter 11 Cases.  We will need a signed declaration of acknowledgement both from you as counsel, and from Mr. Friedberg (to the extent he wants to review any documents produced).  We sent you a copy of the protective order on Friday and I've attached another copy here for your convenience.

As also discussed during our meet and confer call, the Debtors object to the voluminous and burdensome discovery requests that Mr. Friedberg has renewed on the basis of his purported objection to *Motion of the Debtors for Entry of an Order (i) Authorizing and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (ii) Granting Related Relief* [D.I. 11626] (the "Restructuring Motion").  Most of the discovery sought seeks documents, information, and/or deposition testimony on subjects that are not relevant and not properly at issue in the Restructuring Motion.  Other discovery seeks burdensome discovery not proportional to the needs of this contested matter (including requests seeking "all documents").  Without waiving any objections to any of the discovery requests, the Debtors are prepared to provide Mr. Friedberg with targeted and expedited discovery regarding the factual basis for the Restructuring Motion in an effort to avoid burdening the Court with unnecessary litigation.

More specifically, the Debtors are prepared to promptly produce certain books and records regarding (i) the claim CM-Equity has asserted against FTX Europe AG that is being resolved through the Restructuring Motion, and (ii) the intercompany assets and liabilities of FTX Europe AG being addressed through the Restructuring Motion.  This production will include certain contracts, financial records, proofs of claim and other documents.  These documents support the statements set forth in the Declaration of Steven Coverick of Alvarez & Marsal filed in support of the Restructuring Motion [D.I. 11626-6].  The Debtors are also willing to make Mr. Coverick available for a deposition on the subjects set forth in his Declaration, if necessary.

As discussed, we are available to discuss further after you have reviewed the Swiss Court order.

Regards,

**Brian D. Glueckstein**
**Sᴜʟʟɪᴠᴀɴ & Cʀᴏᴍᴡᴇʟʟ LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

**This is an external message from: rafael.zahralddin@lewisbrisbois.com **

**EXHIBIT O**

**Van Holten, Luke H.**

| | |
|---|---|
| **From:** | Wang, Minyao <Minyao.Wang@lewisbrisbois.com> |
| **Sent:** | Tuesday, May 7, 2024 8:05 PM |
| **To:** | Glueckstein, Brian D.; Zahralddin, Rafael |
| **Cc:** | Clarke, Stephen H.; zzext-landis; zzext-pierce |
| **Subject:** | [EXTERNAL] RE: FTX - FTX Europe |
| **Attachments:** | FTX Protective Order - Friedberg signed.pdf |

Dear Brian,

We attach our client's executed agreement to be bound by the protective order.

We appreciate your concerns that the discovery request might be too burdensome. Although we did not consider the request to be unduly burdensome, we are now going through the request line-by-line with our client and will do our best to pare back and will send to you a revised request tomorrow.



**Minyao Wang**
**Partner**
**Minyao.Wang@lewisbrisbois.com**

**T: 646.989.9428 F: 212.232.1399**

77 Water Street, 21st Floor, New York, NY 10005 | **LewisBrisbois.com [lewisbrisbois.com]**

**Representing clients from coast to coast. View our locations nationwide. [lewisbrisbois.com]**

**Mansfield Rule**
Certified 2022-2023 DIVERSITY LAB

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Tuesday, May 7, 2024 6:26 PM
**To:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Cc:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** [EXT] RE: FTX - FTX Europe


Thanks.  Please send Mr. Friedberg's signature when have it (assuming he intends to review designated documents).  In the interest of avoiding delay, attached is a copy of the Swiss court order dated April 11, 2024, approving both the sale transaction and the transactions at issue in the Restructuring Motion.  Also attached for your convenience is a draft German to English translation of the order that remains subject to further review and correction.

We are designating the attached materials as Confidential under Protective Order because the record of the Swiss proceedings is not currently available to the general public.  We will produce a Bates-stamped copy in due course.

Regards,
Brian

**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

---

**From:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Sent:** Tuesday, May 07, 2024 1:46 PM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Cc:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** [EXTERNAL] RE: FTX - FTX Europe

Dear Brian.

The document wouldn't let me cut out the two pages, so I signed the document as it was sent to me.

Let me know if you have any questions or if this copy is not complete.



**Rafael Zahralddin**
**Partner**
Rafael.Zahralddin@lewisbrisbois.com

**T: 302.985.6004 F: 302.985.6001 M: 302.545.2888**

500 Delaware Avenue, Suite 700, Wilmington, DE 19801 | **LewisBrisbois.com [lewisbrisbois.com]**

**Representing clients from coast to coast. View our locations nationwide. [lewisbrisbois.com]**

**Mansfield Rule**
**Certified 2022-2023** DIVERSITY LAB

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Tuesday, May 7, 2024 11:04 AM
**To:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Cc:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** [EXT] RE: FTX - FTX Europe


Following up on the protective order signed acknowledgement for your firm, so we can provide you the Swiss court order today.

Regards,
Brian


**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

---

**From:** Glueckstein, Brian D.
**Sent:** Monday, May 06, 2024 6:45 PM
**To:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Cc:** 'Wang, Minyao' <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** FTX - FTX Europe


Rafael,


As discussed during our May 3 meet and confer call, the Swiss Court entered an order dated April 11, 2024, approving both the sale transaction and the transactions at issue in the Restructuring Motion (as defined below) now before the Bankruptcy Court.  We are prepared to produce that order to you upon execution of the attached protective order, which governs discovery in these Chapter 11 Cases.  We will need a signed declaration of acknowledgement both from you as counsel, and from Mr. Friedberg (to the extent he wants to review any documents produced).  We sent you a copy of the protective order on Friday and I've attached another copy here for your convenience.


As also discussed during our meet and confer call, the Debtors object to the voluminous and burdensome discovery requests that Mr. Friedberg has renewed on the basis of his purported objection to *Motion of the Debtors for Entry of an Order (i) Authorizing and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (ii) Granting Related Relief* [D.I. 11626] (the "Restructuring Motion").  Most of the discovery sought seeks documents, information, and/or deposition testimony on subjects that are not relevant and not properly at issue in the Restructuring Motion.  Other discovery seeks burdensome discovery not proportional to the needs of this contested matter (including requests seeking "all documents").  Without waiving any objections to any of the discovery requests, the Debtors are prepared to provide Mr. Friedberg with targeted and expedited discovery regarding the factual basis for the Restructuring Motion in an effort to avoid burdening the Court with unnecessary litigation.

More specifically, the Debtors are prepared to promptly produce certain books and records regarding (i) the claim CM-Equity has asserted against FTX Europe AG that is being resolved through the Restructuring Motion, and (ii) the intercompany assets and liabilities of FTX Europe AG being addressed through the Restructuring Motion.  This production will include certain contracts, financial records, proofs of claim and other documents.  These documents support the statements set forth in the Declaration of Steven Coverick of Alvarez & Marsal filed in support of the Restructuring Motion [D.I. 11626-6].  The Debtors are also willing to make Mr. Coverick available for a deposition on the subjects set forth in his Declaration, if necessary.

As discussed, we are available to discuss further after you have reviewed the Swiss Court order.

Regards,

**Brian D. Glueckstein**
**Sᴜʟʟɪᴠᴀɴ & Cʀᴏᴍᴡᴇʟʟ LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

---

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

---

**This is an external message from: rafael.zahralddin@lewisbrisbois.com **

**EXHIBIT P**

## Van Holten, Luke H.

| | |
|---|---|
| **From:** | Wang, Minyao <Minyao.Wang@lewisbrisbois.com> |
| **Sent:** | Thursday, May 9, 2024 6:35 AM |
| **To:** | Glueckstein, Brian D.; Zahralddin, Rafael |
| **Cc:** | Clarke, Stephen H.; zzext-landis; zzext-pierce; Hinson, Philip |
| **Subject:** | [EXTERNAL] RE: FTX - FTX Europe |
| **Attachments:** | Amended First of Interrogatories to FTX -.pdf; Amended First Set of Request for Production of Documents.pdf |

Brian,

We disagree with your position that our discovery was overbroad but in the spirit of resolving matters expeditiously we have abbreviated our discovery requests. We attach our amended requests for documents and amended interrogatories. Please provide the requested discovery before May 13, 2024 (we are open to discussing a different schedule)

Among other things, we still require immediately the emails between Mr. Simpson and Dr. Lorandi which we first asked for several weeks ago. This email correspondence is readily available to you and is certainly not burdensome to produce. This correspondence is material and goes to the heart of our objection. Please produce without further delay and by no later than COB tomorrow.

We do still require depositions as previously discussed. Please advise when your clients are available. We would like to conduct after receiving the FTX responses to the document requests and interrogatories.

As a follow to last week's meet and confer, please advise if the Debtors can defer the hearing by a modest period of time which will give us more time to complete discovery.

We would like to schedule a call with you tomorrow morning to discuss status. Please advise your availability.

Thank you for your cooperation on this matter.



**Minyao Wang**
**Partner**
**Minyao.Wang@lewisbrisbois.com**

**T: 646.989.9428 F: 212.232.1399**

77 Water Street, 21st Floor, New York, NY 10005 | **LewisBrisbois.com [lewisbrisbois.com]**

**Representing clients from coast to coast. View our locations nationwide. [lewisbrisbois.com]**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>
**Sent:** Tuesday, May 7, 2024 11:05 PM

**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Cc:** Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** RE: FTX - FTX Europe

Dear Brian,

We attach our client's executed agreement to be bound by the protective order.

We appreciate your concerns that the discovery request might be too burdensome. Although we did not consider the request to be unduly burdensome, we are now going through the request line-by-line with our client and will do our best to pare back and will send to you a revised request tomorrow.

**Minyao Wang**
**Partner**
New York
646.989.9428 or x6469428

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Tuesday, May 7, 2024 6:26 PM
**To:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Cc:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** [EXT] RE: FTX - FTX Europe

Thanks.  Please send Mr. Friedberg's signature when have it (assuming he intends to review designated documents).  In the interest of avoiding delay, attached is a copy of the Swiss court order dated April 11, 2024, approving both the sale transaction and the transactions at issue in the Restructuring Motion.  Also attached for your convenience is a draft German to English translation of the order that remains subject to further review and correction.

We are designating the attached materials as Confidential under Protective Order because the record of the Swiss proceedings is not currently available to the general public.  We will produce a Bates-stamped copy in due course.

Regards,
Brian

**Brian D. Glueckstein**
**Sᴜʟʟɪᴠᴀɴ & Cʀᴏᴍᴡᴇʟʟ LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

**From:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Sent:** Tuesday, May 07, 2024 1:46 PM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Cc:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** [EXTERNAL] RE: FTX - FTX Europe

Dear Brian.

The document wouldn't let me cut out the two pages, so I signed the document as it was sent to me.

Let me know if you have any questions or if this copy is not complete.



**Rafael Zahralddin**
**Partner**
Rafael.Zahralddin@lewisbrisbois.com

**T: 302.985.6004 F: 302.985.6001 M: 302.545.2888**

500 Delaware Avenue, Suite 700, Wilmington, DE 19801 | **LewisBrisbois.com [lewisbrisbois.com]**

**Representing clients from coast to coast. View our locations nationwide. [lewisbrisbois.com]**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Tuesday, May 7, 2024 11:04 AM
**To:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Cc:** Wang, Minyao <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** [EXT] RE: FTX - FTX Europe

Following up on the protective order signed acknowledgement for your firm, so we can provide you the Swiss court order today.

Regards,
Brian

**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

**From:** Glueckstein, Brian D.
**Sent:** Monday, May 06, 2024 6:45 PM
**To:** Zahralddin, Rafael <Rafael.Zahralddin@lewisbrisbois.com>
**Cc:** 'Wang, Minyao' <Minyao.Wang@lewisbrisbois.com>; Clarke, Stephen H. <clarkest@sullcrom.com>; zzext-landis <landis@lrclaw.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** FTX - FTX Europe


Rafael,


As discussed during our May 3 meet and confer call, the Swiss Court entered an order dated April 11, 2024, approving both the sale transaction and the transactions at issue in the Restructuring Motion (as defined below) now before the Bankruptcy Court.  We are prepared to produce that order to you upon execution of the attached protective order, which governs discovery in these Chapter 11 Cases.  We will need a signed declaration of acknowledgement both from you as counsel, and from Mr. Friedberg (to the extent he wants to review any documents produced).  We sent you a copy of the protective order on Friday and I've attached another copy here for your convenience.


As also discussed during our meet and confer call, the Debtors object to the voluminous and burdensome discovery requests that Mr. Friedberg has renewed on the basis of his purported objection to *Motion of the Debtors for Entry of an Order (i) Authorizing and Approving Entry Into, and Performance Under, the Collateral Claim Settlement Agreement, the Inter-Debtor Restructuring Agreement, and the Restructuring Payment Agreement and (ii) Granting Related Relief* [D.I. 11626] (the "Restructuring Motion").  Most of the discovery sought seeks documents, information, and/or deposition testimony on subjects that are not relevant and not properly at issue in the Restructuring Motion.  Other discovery seeks burdensome discovery not proportional to the needs of this contested matter (including requests seeking "all documents").  Without waiving any objections to any of the discovery requests, the Debtors are prepared to provide Mr. Friedberg with targeted and expedited discovery regarding the factual basis for the Restructuring Motion in an effort to avoid burdening the Court with unnecessary litigation.


More specifically, the Debtors are prepared to promptly produce certain books and records regarding (i) the claim CM-Equity has asserted against FTX Europe AG that is being resolved through the Restructuring Motion, and (ii) the intercompany assets and liabilities of FTX Europe AG being addressed through the Restructuring Motion.  This production will include certain contracts, financial records, proofs of claim and other documents.  These documents support the statements set forth in the Declaration of Steven Coverick of Alvarez & Marsal filed in support of the Restructuring Motion [D.I. 11626-6].  The Debtors are also willing to make Mr. Coverick available for a deposition on the subjects set forth in his Declaration, if necessary.


As discussed, we are available to discuss further after you have reviewed the Swiss Court order.


Regards,

**Brian D. Glueckstein**
**Sᴜʟʟɪᴠᴀɴ & Cʀᴏᴍᴡᴇʟʟ LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

---

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

---

**\*\*This is an external message from: rafael.zahralddin@lewisbrisbois.com \*\***