IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* <br><br> FTX TRADING LTD., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11068 (JTD) <br> (Jointly Administered) <br><br> **Hearing Date:  May 23, 2024, at 10:00 a.m. (prevailing Eastern Time)** <br> **Obj. Deadline:  May 15, 2024, at 4:00 p.m. (prevailing Eastern Time)** |

**REPLY IN SUPPORT OF MOTION TO AMEND ORDER (I) (A) ESTABLISHING THE SCOPE, COST, DEGREE, AND DURATION OF THE EXAMINATION AND (B) GRANTING RELATED RELIEF; AND (II) PERMITTING THE FILING OF CERTAIN INFORMATION REGARDING POTENTIAL PARTIES IN INTEREST UNDER SEAL**

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), files this reply (the "Reply") in support of his *Motion to Amend Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 13627 (the "Motion")[2] and in response to the *Media Intervenors' Objections to Examiner's Motion to Amend Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II)*

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

{02017341;v1 }

*Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, dated May 1, 2024 ECF No. 14817 (the "Objection"), and respectfully states as follows:

### REPLY

1. As relevant to this Reply, the Motion seeks entry of an order amending the Examination Scope Order to create a several-step process for the publication of the Report. The reason for this request is to provide the public with the Report as soon as possible while also avoiding having a Report filed on the docket that contains material protected by the attorney-client privilege.[3]

2. As proposed, on May 20, 2024 – the Report Deadline – the Examiner will file the Report under seal and provide a copy to the Court, the Debtors, the Committee, and the U.S. Trustee. Then, from May 20 until May 28, the Debtors and the Committee will inform the Examiner and the U.S. Trustee what material in the Report, if any, they assert is protected by the attorney-client privilege. If there are no privilege assertions, then the Report will be filed on the public docket on May 28. In the event that there are privilege assertions, and the Parties are able to agree on which portions of the Report should be redacted due to privilege, then on May 28 they will apply to the Court for approval of the proposed redactions, and a version of the Report containing the proposed redactions will be filed on the docket on May 28. If, however, the Parties cannot agree on which portions of the Report should be redacted due to privilege, then on May 28 they will (i) jointly move the Court for a ruling on which portions of the Report are privileged, and (ii) file a redacted version of the Report on the docket pending the Court's ruling

---

[3] Separately, the Motion seeks Court permission to increase the budget for the Examination from $1.6 million to $2.5 million for the Examiner's work through May 28, 2024. No objections were filed in response to the requested budget increase.

as to which portions the Court deems to be privileged. Accordingly, at a minimum, on May 28, an initial public version of the Report will be filed on the docket.

3.  The Examiner planned on previewing the proposed redaction procedures at the April omnibus hearing, which was scheduled for April 24, 2024. After receiving the Court's views at that hearing, the Examiner would have filed this Motion to be heard at the May 15 omnibus hearing. But, due to Judge Carey's untimely passing, the April omnibus hearing was cancelled.[4] In addition, the May 15 hearing was rescheduled to May 23—after the Report Deadline. *See Notice of Rescheduled Omnibus Hearings*, ECF No. 12285. No doubt, this created a sequencing quirk. But the Court directed the Examiner to file his Report under seal on May 20 and notice the hearing on the Motion for May 23. Despite the unavoidable timing issues, for the reasons discussed below, neither the objectors nor anyone else will be prejudiced by the proposed process for publication of the Report.

4.  The Objection makes two overarching arguments in opposition to the relief requested. First, while conceding the publicly filed Report should contain no privileged material, the Objection asserts that the work necessary to avoid the publication of privileged material should have been done before May 20. *See* Obj. ¶ 15. But having that work completed by May 20 was (and is) simply not feasible. The Examiner and his team were given just 60 days to complete a massive amount of complicated and challenging work, including the review and analysis of scores of investigations that have been done by multiple professionals over the course of the last 17 months. The Examiner and his team needed all 60 days to complete the assignment. It just would not have been reasonably possible for the Examiner to do the

---

[4] *See* https://www.deb.uscourts.gov/news/updated-passing-judge-kevin-carey-ret

{02017341;v1 }   3

15101056v.6

investigatory work, draft the Report, coordinate with all of the other Parties on the redactions, and still complete the Report by the Report Deadline. We believe the Debtors, the Committee, and the U.S. Trustee all understood this when the Examiner discussed his proposed logistics with them, and thus each Party agreed to the process outlined in the Motion. The Examiner notes that given the Court will have full access to the Report as of the Report Deadline, the proposed process should assure parties in interest that, during the negotiations over redactions, none of the substance of the Report will be altered. Although the objectors and others would prefer to see the Report on May 20, the proposed process will extend by just eight days when the Report will be made public, which time period includes the three-day Memorial Day weekend.

5. Second, the Objection takes issue with how the Report will be made public if material in the Report is redacted due to privilege. To be clear, the Examiner intends to file the Report on the docket on May 28. The objectors and everyone else will see the Report then. This version of the Report will be either (i) a completely unredacted version if the Parties agree the Report contains no privileged material, (ii) a version reflecting redactions of material the Parties agree are privileged, or (iii) a version reflecting redactions of material the Parties agree are privileged as well as redactions of material for which there is no unanimity about privilege and which require Court resolution. Where there are proposed redactions, the Court will rule on those proposals. Indeed, paragraph 5 of the proposed order (attached to the Motion as Exhibit A) states clearly that any redactions must be approved by Court order.

6. The Objection complains the Motion does not say the Examiner or another Party will file a motion to have the redacted version filed under seal. But that is not true. The Motion unequivocally states that the proposed process "provides the parties with eight days **to file a sealing motion**, which the Court is authorized to approve pursuant to Local Rule 9018-

1(d)(i)." *See* Mot. ¶ 16 (emphasis added). To avoid any confusion, to the extent redactions are required, the Parties will file a motion for the sealing of the Report explaining the rationale for the redactions. This motion (if necessary) will take the unexceptional position that material protected by attorney-client privilege must be filed under seal. *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 861 (3d Cir. 1994) ("As the [attorney-client] privilege serves the interests of justice, it is worthy of maximum legal protection."); *see also Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 462 (10th Cir. 1980) (stating that the public's interest in preserving the attorney-client privilege outweighs the public's more general interest in access to court documents).

7.  In short, the Examiner proposes the procedures set forth in the Motion in furtherance of two important objectives: first, to file a Report on the public docket as soon as is practicable given the circumstances, and second, to ensure that the version of the Report filed on the docket contains no material that is protected by the attorney-client privilege.

WHEREFORE the Examiner respectfully requests entry of an order (i) permitting the Examiner to file the Report initially under seal on the Report Deadline, (ii) from the Report Deadline until May 28, 2024, allowing the Examiner, the Debtors, the Committee, and the U.S. Trustee to discuss potential redactions and either (A) file publicly the Report reflecting either no redactions or agreed-upon redactions, or (B) apply to the Court for resolution of any disputes over proposed redactions while simultaneously filing a redacted version on the docket pending resolution by the Court, (iii) increasing the budget for the Examination to $2.5 million through May 28, 2024, and (iv) granting such other and further relief as deemed just and proper.

Dated: May 20, 2024											Respectfully submitted,

**ASHBY & GEDDES, P.A.**

By: */s/ Michael D. DeBaecke*
Michael D. DeBaecke (Bar No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Tel: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

-and-

**PATTERSON BELKNAP WEBB & TYLER LLP**

Daniel A. Lowenthal (admitted *pro hac vice*)
Kimberly A. Black (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
Email: kblack@pbwt.com

*Counsel to Robert J. Cleary in his capacity as Chapter 11 Examiner appointed in the Chapter 11 Cases*