# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date:  June 13, 2024 at 1:00 p.m. (ET)<br>Objection Deadline:  June 6, 2024 at 4:00 p.m. (ET) |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING (I) THE REPAYMENT OF INTERCOMPANY PAYABLES BY FTX JAPAN AND (II) THE RELEASE OF THE CLAIMS RELATED TO THE INTERCOMPANY PAYABLES

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving (i) the payment by Debtor FTX Japan K.K., a Japanese stock corporation ("FTX Japan"), to Debtors FTX Japan Holdings K.K. ("FTX Japan Holdings"), FTX Trading, Alameda Research Ltd. ("Alameda"), Quoine Pte Ltd ("Quoine"), West Realm Shires Services Inc. ("WRSS") and West Realm Shires Inc. ("WRS" and together with FTX Japan Holdings, FTX Trading, Alameda, Quoine and WRSS, the "Intercompany Debtors") to satisfy certain pre- and postpetition intercompany payables owed by FTX Japan to

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

each of the Intercompany Debtors; and (ii) upon payment of such intercompany payables, the release of the claims related to the intercompany payables held by the Intercompany Debtors. In support of this Motion, the Debtors submit the declaration of Steven P. Coverick attached hereto as <u>Exhibit B</u> (the "<u>Coverick Declaration</u>"), which is incorporated herein by reference. In further support of this Motion, the Debtors respectfully state as follows:

## **Preliminary Statement**

1. As described in the *Motion of Debtors for Entry of Orders (I)(A) Approving Bid Procedures, Stalking Horse Protections and the Form and Manner of Notices for the Sale of the Certain Businesses; (B) Approving Assumption and Assignment Procedures and (C) Scheduling Auction(s) and Sale Hearing(s) and (II)(A) Approving the Sale(s) Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases* (the "<u>Bid Procedures Motion</u>") [D.I. 233] and in accordance with the *Order (A) Approving Bid Procedures, Stalking Horse Protections and the Form and Manner of Notices for the Sale of the Certain Businesses; (B) Approving Assumption and Assignment Procedures and (C) Scheduling Auction(s) and Sale Hearing(s)* (the "<u>Bid Procedures Order</u>") [D.I. 487], the Debtors are exploring the sale of certain subsidiaries of the Debtors, including FTX Japan, to maximize recoverable value for all stakeholders.

2. In connection with these marketing efforts, the Debtors are seeking (i) the payment of certain pre- and postpetition intercompany payables owed by FTX Japan to each of the Intercompany Debtors and (ii) following such payment, the release of the claims related to those intercompany payables. The Debtors believe that the resolution of these intercompany payables will make FTX Japan more attractive to potential purchasers and is necessary to resolve in connection with any such sale. Accordingly, the Debtors submit that there is a sound business

purpose for the proposed payment of certain pre- and postpetition intercompany payables and should be approved.

**Background**

3. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**Facts Specific to Relief Requested**

**I.    FTX Japan**

6. FTX Japan is a wholly-owned subsidiary of FTX Japan Holdings. FTX Japan Holdings was acquired by FTX Trading in April 2022.

7. Prior to the Petition Date, FTX Japan operated a registered cryptocurrency exchange providing residents of Japan the ability to trade crypto and crypto derivatives. FTX

Japan is subject to the regulatory supervision of the Financial Services Agency of Japan (the "JFSA") and the Kanto Local Finance Bureau, and is registered as a Crypto-Asset Exchange Service Provider and Type I Financial Instruments Business Operator.

8. Since February 2023, FTX Japan customers have been able to withdraw their segregated fiat and crypto assets. Based on the Debtors' currently available books and records, from February 21, 2023 to April 8, 2024, FTX Japan customers have withdrawn a total of JPY 56 billion[2] (equivalent to $356 million[3]), leaving customer liabilities of JPY 9 billion[4] (equivalent to $56 million[5]) remaining at FTX Japan. *See* Coverick Decl. ¶ 6.

## II. FTX Japan Balance Sheet Restructuring

9. The Debtors propose to implement a balance sheet restructuring at FTX Japan through the repayment of the intercompany payables owed by FTX Japan to the Intercompany Debtors. As previously announced in the Bid Procedures Motion, the Debtors are working to maximize the value of their estates for the benefit of the Debtors' creditors and stakeholders and are continuing to consider a sale of all shares of FTX Japan or other form of sale or restructuring transaction.

10. The Debtors have identified, among other things, the existence of significant intercompany payables on the FTX Japan balance sheet as an impediment to a potential sale transaction, and the Debtors expect that FTX Japan's repayment of these intercompany payables will benefit the sales and marketing process for FTX Japan. Moreover, any sale or other restructuring event would necessitate that FTX Japan address its intercompany

---

[2] According to the conversion rate as of April 30, 2024.
[3] *Ibid*.
[4] *Ibid*.
[5] *Ibid*.

payables and, pursuant to this Motion, the Debtors are seeking to settle such intercompany payables in an orderly fashion.  *See* Coverick Decl. ¶ 7.

11.     Based on the Debtors' currently available books and records as of April 30, 2024, FTX Japan has intercompany payables to the Intercompany Debtors in an aggregate amount of $69.7 million, consisting of the following (each an "Intercompany Payable" and collectively the "Intercompany Payables").  *See* Coverick Decl. ¶ 8.

|  | Balance as of April 30, 2024 | |
|---|---|---|
| **Intercompany Payables Counterparty** | **JPY (millions)** | **USD (thousands)** |
| FTX Japan Holdings | 626 | 3,967 |
| FTX Trading | 8,671 | 54,968 |
| Alameda | 1,266 | 8,027 |
| Quoine | 169 | 1,070 |
| WRSS | 252 | 1,600 |
| WRS | 13 | 81 |
| **Total** | **10,996** | **69,712** |

12.     FTX Japan Holdings holds a pre- and postpetition intercompany claim against FTX Japan in relation to an intercompany funding and operating expenses paid on behalf of FTX Japan.  FTX Trading holds a prepetition intercompany claim against FTX Japan mainly in relation to crypto transactions processed by FTX Trading on behalf of FTX Japan, fiat and crypto trading balances between FTX Trading and FTX Japan customers and fiat currency transfers made in connection with the migration of customers to FTX Japan from FTX Trading. Alameda holds a prepetition intercompany claim against FTX Japan in relation to a prepetition crypto transfer.  Quoine holds a postpetition intercompany claim against FTX Japan in relation to an intercompany loan provided to cover operating expenses and operating expenses paid on behalf of FTX Japan.  WRSS holds a prepetition intercompany claim against FTX Japan in

relation to marketing expenses paid on behalf of FTX Japan. WRS primarily holds a postpetition intercompany claim against FTX Japan in respect of U.S. Trustee fees. *See* Coverick Decl. ¶ 9.

13. Based on the Debtors' currently available books and records as of April 30, 2024, FTX Japan had assets of approximately $166.6 million, including approximately $104.3 million in cash and cash equivalents (excluding cash held on behalf of customers) and approximately $6.2 million in crypto assets (excluding crypto held on behalf of customers), and liabilities (excluding the Intercompany Payables and liabilities for segregated customer cash and crypto) of approximately $1.1 million. *See* Coverick Decl. ¶ 10.

14. As a result, following the repayment of the Intercompany Payables, FTX Japan is expected to have cash and cash equivalents of approximately $33.5 million in excess of its liabilities. *See* Coverick Decl. ¶ 11.

15. Because most of the Intercompany Payables are denominated in United States dollars, but the books and records of FTX Japan are kept in Japanese yen, the Debtors would propose to fix the Japanese yen amounts for repayment set forth above[6] in order to provide immediate visibility to potential purchasers of the amount of cash (in Japanese yen) being repaid by FTX Japan and the amount of cash (in Japanese yen) remaining at FTX Japan. *See* Coverick Decl. ¶ 12.

**Jurisdiction**

16. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding

---

[6] Assumes intercompany payables are settled before May 2024 management accounts are available. If May 2024 or subsequent period financial statements are available, the Debtors may reset the exchange rate and include any additional payables incurred.

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004 and Local Rules 2002-1 and 6004-1.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

17.     By this Motion, the Debtors seek entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing and approving the repayment of the Intercompany Payables by FTX Japan to the Intercompany Debtors.

## Basis for Relief

**I.    The Court Should Approve FTX Japan's Payment of the Intercompany Payables Under Section 363(b) of the Bankruptcy Code.**

18.     Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Although section 363 does not provide a standard establishing when it is appropriate for bankruptcy courts to authorize the use of a debtor's assets using estate funds, courts in this district have held that such use may be authorized under section 363 if the court finds a "sound business purpose."  *See Dai-Ichi Kangyo Bank, Ltd.* v. *Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)) (citations omitted); *Myers* v. *Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("[U]nder normal circumstances the court would defer to the [debtor's] judgment so long as there is a

legitimate business justification."); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (noting section 363 requires "a sound business purpose" for proposed use of property); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (authorizing payment of prepetition wages pursuant to section 363(b) so long as "the debtor must articulat[ed] some business justification, other than mere appeasement of major creditors . . . .").

19. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [the Bankruptcy Code]." 11 U.S.C. § 105(a).

20. A sound business purpose exists for FTX Japan's repayment of the Intercompany Payables to the Intercompany Debtors. The repayment of the Intercompany Payables owed to the Intercompany Debtors obviates the need for a potential purchaser of FTX Japan to pay for them. The repayment will also create more separateness of FTX Japan from the broader Debtor group, making it more attractive to a potential purchaser. Additionally, repayment will result in cash being repatriated to the US in a tax efficient manner, increasing cash available for distribution to creditors and reducing exposure to Japanese yen, which has weakened relative to the US dollar since the Petition Date. *See* Coverick Decl. ¶ 13.

21. Additionally, the Debtors expect to consult with the JFSA prior to the repayment of the Intercompany Payables. *See* Coverick Decl. ¶ 14. Since February 2023, FTX Japan customers have been able to withdraw their segregated crypto and fiat. Thus, the repayment of the Intercompany Payables would not be depriving any known customers of FTX Japan of any of their segregated assets. *See* Coverick Decl. ¶ 15.

22. Further, each of the Intercompany Payables was incurred in the ordinary course. *See* Coverick Decl. ¶ 9. FTX Japan Holdings' Intercompany Payable originates from an

intercompany loan and operating expenses paid on behalf of FTX Japan. FTX Trading's Intercompany Payable is mainly in relation to prepetition crypto transactions processed by FTX Trading on behalf of FTX Japan, fiat and crypto trading balances between FTX Trading and FTX Japan customers and fiat currency transfers made in connection with the migration of customers to FTX Japan from FTX Trading. Alameda's Intercompany Payable is in relation to a prepetition incomplete cryptocurrency exchange. Quoine holds a postpetition Intercompany Payable against FTX Japan in relation to an intercompany loan provided to cover operating expenses and operating expenses paid on behalf of FTX Japan. WRSS holds a prepetition Intercompany Payable against FTX Japan in relation to marketing expenses paid on behalf of FTX Japan. Finally, WRS primarily holds a postpetition Intercompany Payable against FTX Japan in respect of U.S. Trustee fees.

23. Accordingly, the Debtors submit that FTX Japan's repayment of the Intercompany Payables and the release of the claims related to the Intercompany Payables held by the Intercompany Debtors represents a sound exercise of the Debtors' business judgment and should be approved pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

### Bankruptcy Rules 6004(a) and 6004(h)

24. The Debtors request that the Court (a) find that notice of this Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances and (b) waive the 14-day stay requirements under Bankruptcy Rule 6004(h). In light of the importance of an efficient timeline to progress the marketing and sale process of FTX Japan, the Court's approval of the proposed repayment should be consummated as soon as practicable to allow the Debtors to move forward with consulting with the JFSA in respect of the repayment and to maximize value for the Debtors' estates and stakeholders. Accordingly, the Debtors request that the Order be effective

immediately upon entry and that the 14-day stay imposed by Bankruptcy Rule 6004(h) be waived.

## Notice

25.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) any interested or affected governmental or regulatory entity, including the JFSA, the Internal Revenue Service, the Securities and Exchange Commission and the United States Department of Justice; (d) all known creditors of FTX Japan; and (e) any other party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that all parties with an interest in the repayment of the Intercompany Payables have been given adequate notice and that no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u> and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 23, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         bromleyj@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |