## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. __** |

**ORDER AUTHORIZING AND APPROVING (I) THE REPAYMENT OF
INTERCOMPANY PAYABLES BY FTX JAPAN AND (II) THE RELEASE OF THE
CLAIMS RELATED TO THE INTERCOMPANY PAYABLES**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. ("FTX Trading") and its

affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order

(this "Order") authorizing and approving (i) the payment by Debtor FTX Japan K.K., a Japanese

stock corporation ("FTX Japan"), to Debtors FTX Japan Holdings K.K. ("FTX Japan

Holdings"), FTX Trading, Alameda Research Ltd. ("Alameda"), Quoine Pte Ltd ("Quoine"),

West Realm Shires Services Inc. ("WRSS") and West Realm Shires Inc. ("WRS" and together

with FTX Japan Holdings, FTX Trading, Alameda, Quoine and WRSS, the "Intercompany

Debtors") to satisfy certain pre- and postpetition intercompany payables owed by FTX Japan to

each of the Intercompany Debtors; and (ii) upon payment of such intercompany payables, the

subsequent release of the claims related to the intercompany payables held by the Intercompany

Debtors; this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    FTX Japan is authorized to repay to the Intercompany Debtors the Intercompany Payables, consisting of (i) JPY 626 million (USD $3.967 million) to FTX Japan Holdings; (ii) JPY 8.671 billion (USD $54.968 million) to FTX Trading; (iii) JPY 1.266 billion (USD $8.027 million) to Alameda; (iv) JPY 169 million (USD $1.07 million) to Quoine; (v) JPY 252 million (USD $1.6 million) to WRSS; and (vi) JPY 13 million (USD $81,000) to WRS.

3.    Upon FTX Japan's repayment of the Intercompany Payables to the Intercompany Debtors, the claims related to the Intercompany Payables held by the Intercompany Debtors against FTX Japan shall be released.

4.    The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted herein.

5.      This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

6.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
        Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge