IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*, [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date: June 13, 2024 at 1:00 p.m. (ET)<br>Objection Deadline: June 6, 2024 at 4:00 p.m. (ET) |

**FIFTH MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "FTX Debtors") and Emergent Fidelity Technologies Ltd, as debtor and debtor-in-possession (the "Emergent Debtor" and together with the FTX Debtors, collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 523(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 4007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the deadline for filing a complaint to determine the dischargeability of a debt (the "Determination Deadline"), to the extent applicable in these Chapter 11 Cases, for domestic governmental units (the "Government Entities") with respect to the Debtors and for Artz Fund Investments PTE Ltd. ("Artz") with respect to the FTX Debtors, from May 28, 2024 for an additional 79 days through and including August 15, 2024,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

without prejudice to the ability of the Debtors or any other party-in-interest, including, without limitation, the United States of America, any federal departments and agencies and Artz, to request further extensions.  In support of the Motion, the Debtors respectfully state as follows:

### Background

1. On November 11 and November 14, 2022, the FTX Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code, and on February 3, 2023, the Emergent Debtor filed its voluntary petition for relief under the Bankruptcy Code with this Court.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by (i) entry of an order on November 22, 2022 [D.I. 128] with respect to the FTX Debtors and (ii) by entry of an order on May 10, 2023 [D.I. 1459] with respect to the Emergent Debtor.  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. On December 20, 2022, the U.S. Trustee held a meeting of the FTX Debtors' creditors pursuant to section 341 of the Bankruptcy Code (the "FTX Debtors' 341 Meeting").  The FTX Debtors' 341 Meeting was continued to a date that is to be determined [D.I. 301].

3. On February 10, 2023, the U.S. Trustee scheduled a meeting of the Emergent Debtor's creditors pursuant to section 341 of the Bankruptcy Code to be held on March 10, 2023 (the "Emergent Debtor's 341 Meeting") [Case No. 23-10149, D.I. 21].  The Emergent Debtor's 341 Meeting was held on March 10, 2023.

4. On March 3, 2023, the Court entered an *Order Extending Deadline to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(d)(6)* [D.I. 799], extending the deadline for filing a complaint to determine the dischargeability of a debt for Government Entities (the "Government Determination Deadline") with respect to the FTX Debtors from February 21, 2023, to May 22, 2023 or to the deadline pursuant to Local Rule 4007-1, whichever is later, without prejudice to the FTX Debtors' ability to seek further extensions.

5. On May 25, 2023, the Court entered a second *Order Extending Deadline to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(d)(6)* [D.I. 1536], extending the Government Determination Deadline with respect to the Debtors from May 22, 2023 to September 29, 2023 or to the deadline pursuant to Local Rule 4007-1, whichever is later, without prejudice to the Debtors' ability to seek further extensions.

6. On October 16, 2023, the Court entered a third *Order Extending Deadline to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(d)(6)* [D.I. 3286] (the "Third Extension Order"), extending the Government Determination Deadline with respect to the Debtors from May 22, 2023 to January 29, 2024 or to the deadline pursuant to Local Rule 4007-1, whichever is later, without prejudice to the Debtors' ability to seek further extensions.

7. On February 14, 2023, the Court entered a fourth *Order Extending Deadline to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(d)(6)* [D.I. 7400] (the "Fourth Extension Order"), extending the Government Determination Deadline with respect to the Debtors from January 29, 2024 to May 28, 2024 or to the deadline pursuant to Local Rule 4007-1, whichever is later, without prejudice to the Debtors' ability to seek further extensions.

8. On April 19, 2024, the Court entered an *Order Extending Artz's Deadline to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 523(c)(1)* [D.I. 12261] (the "Artz Extension Order") extending the Determination Deadline for Artz with respect to the FTX Debtors from April 9, 2024 to May 28, 2024, without prejudice to the FTX Debtors' ability to seek further extensions.

9. Additional factual background relating to the FTX Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93]. Additional factual background relating to the Emergent Debtor's business and the commencement of its chapter 11 case is set forth in the *Declaration of Angela Barkhouse in Support of the Debtor's Chapter 11 Petition* (the "Emergent Declaration") [Case No. 23-10149, D.I. 3].

**Jurisdiction**

10. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 523(c) of the Bankruptcy Code, Bankruptcy Rule 4007 and Local Rule 9006-2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of

the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

11.    By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, extending the Determination Deadline, to the extent applicable in these Chapter 11 Cases for the Government Entities with respect to the Debtors and for Artz with respect to the FTX Debtors from May 28, 2024 for an additional 79 days through and including August 15, 2024, without prejudice to the ability of the Debtors or any other party in interest, including, without limitation, the United States of America, any federal departments and agencies and Artz, to request further extensions.[2]

### Basis for Relief

12.    Section 1141(d)(6) of the Bankruptcy Code provides, in relevant part, that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit . . . ." 11 U.S.C. § 1141(d)(6). Section 523(a)(2)(A), in turn, pertains to certain debts to the extent obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(B) pertains to, among other things, debts to the extent obtained by "materially false" statements in writing respecting the debtor's financial condition. 11 U.S.C. § 523(a)(2)(B).

13.    Section 523(c) of the Bankruptcy Code provides, in relevant part:

> . . . the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless,

---

[2] Pursuant to Local Rule 9006-2, this deadline shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order. In the event that the relief requested by this Motion is denied, Artz and the Governmental Entities request that the Court grant a limited extension of the Determination Deadline to provide them time to file their dischargeability complaints.

on the request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2),(4), or (6), as the case may be, of subsection (a) of this section. 11 U.S.C. § 523(c).

14. Pursuant to Bankruptcy Rule 4007(c), a complaint to determine dischargeability under section 523(c) of the Bankruptcy Code must be filed no later than 60 days after the first date set for the meeting of creditors under section 341(a), subject to extension for cause. Local Rule 4007-1 provides that, with respect to the Rule 4007 Determination Deadline, in the event the 341 Meeting is continued or rescheduled, the Determination Deadline "shall be the later of the original deadline or twenty-eight (28) days after the section 341 meeting is concluded."

15. The applicability of 60 day deadline set forth in Bankruptcy Rule 4007 to governmental agencies in these Chapter 11 Cases is uncertain, and there is no controlling caselaw in this Circuit. *See In re Hawker Beechcraft, Inc.*, 515 B.R. 416, 425-26 (S.D.N.Y. 2014) (reversing the bankruptcy court's decision in part, and concluding that (i) section 1141(d)(6) is self-executing and (ii) deadlines imposed under section 523(c) of the Bankruptcy Code and Bankruptcy Rule 4007 are inapplicable to a creditor seeking a dischargeability determination under section 1141(d)(6)). In light of the ambiguity regarding the application of section 523 of the Bankruptcy Code and Bankruptcy Rule 4007, the Debtors seek to extend the Determination Deadline, as applicable.

16. The FTX Debtors' 341 Meeting commenced on December 20, 2022, and was continued until March 12, 2024, when the FTX Debtors' 341 Meeting was concluded. As a result, pursuant to Local Rule 4007-1, the Determination Deadline was automatically extended until April 9, 2024 for all parties in interest other than the Government Entities, which were subject to the Government Determination Deadline.

17. The Emergent Debtor's 341 Meeting was held on March 10, 2023. Accordingly, the Determination Deadline pursuant to Rule 4007 with respect to the Emergent Debtor was May 9, 2023.

18. As a result of the Fourth Extension Order, the Government Determination Deadline with respect to the Debtors was extended to May 28, 2024. Since the entry of the Fourth Extension Order, various Government Entities with whom the Debtors are cooperating have contacted the Debtors to request more time to consider dischargeability matters given the issues presented by these Chapter 11 Cases. It would be inefficient to address such requests on an individual entity basis.

19. In addition, Artz contacted the FTX Debtors to request more time to consider dischargeability matters given the issues presented by these Chapter 11 Cases. As the Debtors and their stakeholders continue progressing towards confirmation of a plan of reorganization in these Chapter 11 Cases, the Debtors wish to avoid dedicating estate resources to addressing dischargeability complaints that may be filed out of an abundance of caution prior to the Determination Deadline. The commencement of dischargeability litigation would threaten to disrupt the Debtors' progress in moving these Chapter 11 Cases to a successful conclusion. Accordingly, the Debtors sought an extension of the Determination Deadline for Artz with respect to the FTX Debtors, which is also May 28, 2024.

20. The Debtors have determined that a further extension of the Determination Deadline with respect to Government Entities and Artz through August 15, 2024 will permit the Debtors to proceed with court approval of their Disclosure Statement and prosecution of their Plan of Reorganization and will allow the Governmental Entities and Artz sufficient time to consider the facts presented prior to reaching any conclusions with respect to dischargeability. The Determination Deadline has now passed for all other parties-in-interest.

21.  The requested extension will enable the Debtors to avoid responding to an unnecessary and premature adversary complaint as these Chapter 11 Cases progress.  An extension of the Determination Deadline to and including August 15, 2024 for the Government Entities and Artz is in the best interests of the Debtors, the Government Entities and Artz, as it will facilitate the advancement of the Chapter 11 Cases by avoiding unnecessary distraction and expense.  Furthermore, the requested extension will not prejudice the Government Entities or Artz because the Government Entities and Artz will benefit from the additional time prior to needing to file a complaint with respect to the dischargeability of a debt.

22.  Courts in this District routinely approve extensions of the deadline for filing a complaint to determine the dischargeability of a debt.  *See, e.g.*, *In re Kabbage, Inc. d/b/a KServing*, No. 22-10951 (CTG) (Jan. 10, 2023), D.I. 430 (approving stipulation extending applicable deadline with respect to an individual creditor); *In re Gulf Coast Health Care, LLC*, No. 21-11336 (KBO) (Feb. 8, 2022), D.I. 780 (extending applicable deadline with respect to governmental units by 90 days); *In re Connections Community Support Programs, Inc.*, No. 21-10723 (MFW) (July 22, 2021), D.I. 352 (approving a stipulation between the debtor and the United States Department of Justice and State of Delaware extending the deadline to file a complaint to determine dischargeability of a debt by 90 days); *In re Mallinckrodt PLC*, No. 20-12522 (JTD), (Feb. 8, 2021), D.I. 1312 (extending the deadline for the filing of a complaint to determine the dischargeability of a debt with respect to certain non-federal governmental units by up to 90 days).  The Debtors submit that ample cause exists for the Court to grant the relief requested herein.

### Reservation of Rights

23.  Nothing in this Motion shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other

applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) a determination regarding the non-dischargeability of any debt under section 1141(d) of the Bankruptcy Code; (h) a determination that section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) apply; (i) a determination that any deadline exists to seek a determination of dischargeability under section 1141(d)(6) of the Bankruptcy Code; or (j) to preclude the Debtors or any other party in interest, including, without limitation, the United States of America, any federal departments and agencies and Artz, from seeking a further extension of the Determination Deadline.

## Notice

24.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 28, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>　　　　brown@lrclaw.com<br>　　　　pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>　　　　bromleyj@sullcrom.com<br>　　　　gluecksteinb@sullcrom.com<br>　　　　kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Email: jody.barillare@morganlewis.com

-and-

John C. Goodchild, III (admitted pro hac vice)
Matthew C. Ziegler (admitted pro hac vice)
2222 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Email: john.goodchild@morganlewis.com
Email: matthew.ziegler@morganlewis.com

-and-

Craig A. Wolfe (admitted pro hac vice)
Joshua Dorchak (admitted pro hac vice)
David K. Shim (admitted pro hac vice)
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Email: craig.wolfe@morganlewis.com
Email: joshua.dorchak@morganlewis.com
Email: david.shim@morganlewis.com

*Counsel for Emergent Fidelity Technologies Ltd as Debtor and Debtor-in- Possession*