IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 11626 & 15986 |

### ORDER (I) AUTHORIZING AND APPROVING ENTRY INTO, AND PERFORMANCE UNDER, THE COLLATERAL CLAIM SETTLEMENT AGREEMENT, THE INTER-DEBTOR RESTRUCTURING AGREEMENT AND THE RESTRUCTURING PAYMENT AGREEMENT AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing and approving the entry by (i) FTX Europe AG ("FTX Europe") and FTX Trading into, and their performance under (a) the Collateral Claim Settlement Agreement, dated April 7, 2024 (as may be amended, supplemented or modified from time to time, the "Collateral Claim Settlement Agreement") and (b) the Restructuring Payment Agreement, dated April 7, 2024 (as may be amended, supplemented or modified from time to time, the "Restructuring Payment Agreement") and (ii) FTX Trading, FTX Europe, Alameda Research Ltd. ("Alameda Research") and West Realm Shires Inc. ("WRS") into, and their performance under, the Inter-Debtor Restructuring Agreement, dated April 7, 2024 (as may be amended, supplemented or modified from time to time, the "Inter-Debtor Restructuring Agreement" and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

together with the Restructuring Payment Agreement and the Collateral Claim Settlement Agreement, the "FTX Europe Restructuring Agreements"), which agreements provide for the consensual restructuring of the network of claims among FTX Europe, Alameda Research, FTX Trading, CM-Equity AG, a non-Debtor company controlled by third parties ("CM-Equity"), and Binance (Switzerland) AG ("Binance"); this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

       IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     FTX Europe, FTX Trading, Alameda Research and WRS are authorized to enter into the FTX Europe Restructuring Agreements to which they are a party and, in each case,

to take all actions necessary to implement, effectuate, and fully perform the FTX Europe Restructuring Agreements in the forms attached to the Motion.

3. Subject to the satisfaction of the Settlement Conditions, Binance shall have an allowed general unsecured claim against FTX Trading in the amount of $50,000,000 USD (the "Binance Allowed Claim"), which claim shall rank *pari passu* with the claims of general unsecured creditors of FTX Trading.

4. The Binance Allowed Claim shall not be subject to avoidance, subordination, recharacterization, recovery, attack, offset, counterclaim, disallowance, or defense under any provision of the Bankruptcy Code (including, without limitation, under sections 502(d), 510, 544, 547 and 548 of the Bankruptcy Code), other applicable law, or equity.

5. Neither FTX Europe, FTX Trading, any of their affiliated Debtors, nor any entities that are subject to the control of the Debtors shall seek to object to, disallow, avoid, subordinate, recharacterize, recover, attack, offset, counterclaim, or defend against the Binance Allowed Claim under any provision of the Bankruptcy Code (including, without limitation, under sections 502(d), 510, 544, 547 and 548 of the Bankruptcy Code), other applicable law, or equity.

6. Neither CM-Equity, Binance, nor any of their affiliates shall (x) take any action adverse to the Debtors in the Chapter 11 Cases or the Moratorium Proceeding with respect to the Collateral Claim Settlement Agreement or the Inter-Debtor Restructuring Agreement or the transactions contemplated thereby, other than to oppose a Challenge (as defined in the Collateral Claim Settlement Agreement) or to pursue any claims arising out of, resulting from or related to a breach of the Collateral Claim Settlement Agreement by the Debtors or (y) seek to prosecute the CME Claim or Binance's demands for payments in the amount of $65 million

against CM-Equity in connection with the Tokenized Stocks Agreement (the "Binance Claim") against any person (other than, in respect of the CME Claim, following the termination in accordance with the Collateral Claim Settlement Agreement of the releases set forth in Section 1 of the Collateral Claim Settlement Agreement or, in respect of the Binance Claim, following the termination in accordance with the Collateral Claim Settlement Agreement of the releases set forth in Section 2(a) of the Collateral Claim Settlement Agreement) or challenge the validity of the Collateral Claim Settlement Agreement in the Chapter 11 Cases, the Moratorium Proceeding or any other forum.

7. The failure to specifically include or reference any particular term or provision of any of the FTX Europe Restructuring Agreements in this Order shall not diminish or impair the effectiveness of such term or provision.

8. To the extent FTX Trading is obligated to reimburse FTX Europe in accordance with and subject to the terms of section 2 the Restructuring Payment Agreement, such obligation shall be entitled to superpriority administrative expense status under sections 503(b) and 507(a) of the Bankruptcy Code against FTX Trading.

9. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

10. FTX Trading shall pay CM-Equity $1,000,000 USD in cash within 10 business days following the satisfaction of the Settlement Conditions.

11. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

4877-1826-5514 v.9

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order. For the avoidance of doubt, neither this Order nor the Collateral Claim Settlement Agreement shall cause, create, or modify in any manner the jurisdiction or venue of this Court, United States District Court for the District of Delaware, the Delaware Court of Chancery, or any other court for any matters other than Applicable Proceedings (as defined in the Collateral Claim Settlement Agreement), and the parties to the Collateral Claim Settlement Agreement reserve all rights with respect to jurisdiction and venue for any purposes unrelated to this Order, and the Collateral Claim Settlement Agreement, which shall not be modified in any way by entry into the Collateral Claim Settlement Agreement or this Order. For the further avoidance of doubt, nothing herein shall constitute consent to or otherwise create jurisdiction or venue in this Court, United States District Court for the District of Delaware, the Delaware Court of Chancery, or any other court for any affiliate, shareholder, ultimate beneficial owner, or current or former officers, directors, employees, agents, advisors, or representatives of Binance.

**Dated: May 29th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**