## Exhibit 4

**Supporting Declarations**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8215** |

**DECLARATION OF BRUCE MENDELSOHN IN SUPPORT OF DEBTORS'**
**PROPOSED SALE OF ANTHROPIC SHARES FREE AND CLEAR OF ANY LIENS,**
**CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Bruce Mendelsohn, hereby declare as follows:

1.      I am a Partner in the Advisory Group at Perella Weinberg Partners L.P.

("PWP"), a financial advisory firm that maintains an office at 767 5th Avenue, New York, New

York 10153, and the Debtors' investment banker.  PWP is a full-service investment banking firm

providing strategic and financial advisory services, including with respect to mergers and

acquisitions, capital raising and restructuring transactions across a broad range of industries.

PWP and its professionals have extensive experience with respect to the reorganization and

restructuring of distressed companies, both out of court and in Chapter 11 proceedings.

2.      I have been employed as a Partner of PWP since January 2016.  I received

a Bachelor of Arts degree in 1984 from Emory University and a Master of Business

Administration in 1989 from the Wharton School at the University of Pennsylvania.

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

3.      Prior to joining Perella Weinberg Partners, I was a Partner at Goldman Sachs where I worked from May 1998 to June 2015 and most recently served as Head of the Americas Restructuring Group and part of the U.S. Leveraged Finance team.  I was named a Partner at Goldman Sachs in 2010.  From 2006 to 2008, I served as Chief Underwriting Officer for North America, where I was a member of Goldman Sachs' Firmwide Capital Committee and its Special Situations Specialty Lending Investment Committee.  I served as Global Head of the Special Assets and Bank Debt Portfolio groups from 2000 to 2008, and started at Goldman Sachs in the Securities Division where I spent two years working on the distressed bond and bank loan proprietary trading desks.  Prior to Goldman Sachs, I worked for UBS and MJ Whitman in restructuring and distressed securities, and began my career in finance at Lehman Brothers.

4.      In addition to working with the Debtors in the above-captioned cases (the "Chapter 11 Cases"), my experience includes representing companies, boards, creditors, and other stakeholders in a variety of situations across a broad range of industries, including the chapter 11 cases of:  American Tire Distributors, Bonanza Creek, Breitburn Energy, Bristow Group, California Resources Corporation, Chesapeake Energy, Cineworld Group, Crossmark Holdings, Eco-Bat Technologies, Fieldwood Energy, Garret Motion, iHeart Communications, LATAM Airlines, Memorial Production Partners, Pacific Drilling, Sanchez Energy Corporation, Seadrill, Sears, Video Equipment Rental Corporation, Windstream, and 21st Century Oncology, among others.  In addition, while at Goldman Sachs, I was involved in the following bankruptcy cases:  Bridge Information Systems, Brothers Gourmet Coffees, Calpine, CRC Communications, Focal Communications, General Growth Properties, Lehman Brothers, Network Plus, Nextel International, Orchard Supply, Qwest Communications and 360 Networks.

5.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of the Anthropic Shares to the purchasers (each, a "Purchaser" and together, the "Purchasers") set forth in Exhibit 1 to the *Notice of Proposed Sale of Anthropic Shares Free and Clear of Liens, Claims, Interests and Encumbrances* filed concurrently herewith (the "Sale Disclosures Notice") pursuant to the *Order Authorizing and Approving (I) Procedures for Sale of Debtors' Equity Interests in Anthropic, PBC; and (II) Sale(s) of Such Equity Interests in Accordance with Such Procedures Free and Clear of Any Liens, Claims, Interests and Encumbrances* [D.I. 8215] (the "Sale Procedures Order").[2]

6.      Except as otherwise indicated, all facts set forth in this Declaration are based upon:  (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning the Debtors; (ii) information learned from my review of relevant documents; and/or (iii) information supplied by members of the Debtors' management, employees of PWP working directly with me or under my supervision, direction or control, and/or from the Debtors' other professionals and advisors.

7.      I am over the age of 18 and authorized to submit this Declaration on behalf of the Debtors.  I am not being compensated for this testimony other than through payments to be received by PWP as a professional the Debtors have retained; none of those payments are specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

A.      **A Sound Business Justification Exists for the Sale.**

8.      I believe that the entry of Clifton Bay Investments LLC ("Seller") into the

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Sale Procedures Order.

Purchase and Sale Agreement, dated as of May 31, 2024, between Seller and the Purchasers, a copy of which is attached as Exhibit 3 to the Sale Disclosures Notice (the "Purchase and Sale Agreement"), represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their estates, creditors and other parties-in-interest.

   **B.**  **The Sale Will Produce the Highest and Best Offer.**

   9.  PWP was engaged by the Debtors effective November 16, 2022 to provide financial advisory, restructuring, financing and sale services to the Debtors during these Chapter 11 Cases. PWP has assisted the Debtors in their exploration and evaluation of strategic alternatives to maximize the value of, and monetize, their diverse, global assets. This has included a review of documents regarding the Debtors' businesses and investments, discussions with management of the Debtors, discussions with businesses in which the Debtors have made investments, and coordinating and initiating discussions with potential purchasers.

   10.  Following a strategic review, PWP designed a process to market the Anthropic Shares in an efficient and competitive sale process, taking into account the consent rights of the board of directors of Anthropic over potential transfers and the Debtors' business judgment that a consensual sale process would maximize potential value. The process is also consistent with the Sale Procedures set forth in the Sale Procedures Order.

   11.  In consultation with the Consultation Parties and Anthropic, PWP has thoroughly and diligently marketed the Anthropic Shares to the maximum extent practicable under the circumstances and conducted the related sale process in good faith and pursuant to the Sale Procedures. Since February 2024, PWP has proactively reached out to more than 400 potential purchasers of the Anthropic Shares, 149 of which entered into confidentiality agreements with the Debtors and received access to a virtual data room and 45 of which submitted an indication of interest for purchasing a portion of the Anthropic Shares. Throughout

the marketing and sale process, the Debtors, with the assistance of PWP, actively engaged with interested parties, responded to diligence requests and duly considered all indications of interest received based on the merits of each.

12.     After reviewing the indications of interest in consultation with the Consultation Parties and Anthropic, the Debtors decided to enter into the Purchase and Sale Agreement, under which the 21 Purchasers agreed to purchase an aggregate number of 15,073,349 Anthropic Shares, which accounts for 100.0% of the Anthropic Shares held by the Debtors, for an aggregate consideration of $452,268,300 (such aggregate consideration, the "Purchase Price", and such transaction, the "Sale Transaction").

13.     Based on my experience, involvement in the process and review of available alternatives, it is my opinion that there is no better or higher offer currently available for the Anthropic Shares to be purchased in the proposed sale, and that the Purchase and Sale Agreement preserves the Debtors' ability to consider any higher or better offer.  I believe that all interested potential purchasers have been afforded a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the Anthropic Shares.  The Debtors considered all bids properly submitted in accordance with the Sale Procedures on or before the deadline for bidding.

14.     I also believe that the Debtors and PWP have complied in good faith with the Sale Procedures Order and the Sale Procedures in marketing the Anthropic Shares.  The information provided to potential purchasers was sufficient to enable them to make an informed judgment on whether to bid on the Anthropic Shares.  The Purchase and Sale Agreement includes the terms required by the Sale Procedures and the Sale Procedures Order.  The Debtors provided notice to, and consulted with, the Consultation Parties and Anthropic prior to entering

into the Purchase and Sale Agreement.  The disclosures made by the Debtors with respect to the

Purchase and Sale Agreement and the Sale Transaction were good, complete and adequate.

> ### C.    The Sale Will Produce a Fair and Reasonable Price for the Anthropic Shares.

15.    I believe that the Purchase Price for the Anthropic Shares contemplated by

the Purchase and Sale Agreement is fair and reasonable.  The Debtors, with the assistance of

PWP, ensured that the proposed sale of the Anthropic Shares would reflect their fair market

value by extensively marketing the Anthropic Shares.

16.    Pursuant to the Purchase and Sale Agreement, the Purchase Price is

subject to higher or better offers from third parties in the form of an "Alternative Transaction"

and/or a "fiduciary out" which provides that the Purchase and Sale Agreement can be terminated

by the boards of directors (or similar governing bodies) of Seller if it is determined to be

inconsistent with the fiduciary duties of the boards of directors (or similar governing bodies).  If

an Alternative Transaction is received by the Debtors, Seller has the right, but not the obligation,

to adjust the numbers of the Anthropic Shares allocated to the Purchasers, enter into an

alternative definitive agreement with respect to such Alternative Transaction or terminate the

Purchase and Sale Agreement.

17.    I believe that completing the Sale Transaction in accordance with the

Purchase and Sale Agreement is the most efficient and cost-effective means of minimizing costs

to the estate while maximizing the value for the benefit of the estate and facilitated cooperation

with Anthropic.  I believe that a longer process or the implementation of a public auction for the

sale of the Anthropic Shares at this time would not have resulted in a higher or better value to the

estate.  The marketing process enabled the Debtors to reach out to a significant number of

potential purchasers without incurring the additional costs, expenses, time and risks associated with a public bidding and sale process.

18.    In my role as the Debtors' financial advisor, I advised the Debtors throughout the sale process and based on my experience, I believe the Purchase and Sale Agreement is the result of arm's-length and good-faith negotiations between the parties thereto, and that such negotiations were free of any collusion.

### D.    The Sale of the Anthropic Shares Should be Made Free and Clear of Any Liens, Including Successor Liability.

19.    No Purchaser is a successor to or substantial continuation of the Debtors or their estates and there is no continuity of enterprise between the Purchasers and the Debtors as a result of any action taken in connection with the Sale Transaction. It is my understanding that no Purchaser is holding itself out to the public as a continuation of the Debtors based on the Sale Transaction or the Purchase and Sale Agreement. The Sale Transaction does not amount to a consolidation, succession, merger, or de facto merger of any Purchaser and the Debtors and/or the Debtors' estates.

20.    Moreover, I believe that not transferring the Anthropic Shares free and clear of all Liens (other than Permitted Encumbrances) would adversely affect the Debtors' efforts to maximize the value of the Anthropic Shares.  I believe that the Purchasers would not have entered into the Purchase and Sale Agreement and would not consummate the transactions contemplated thereby if the sale of the Anthropic Shares was not free and clear of all Liens (other than Permitted Encumbrances), or if the Purchasers would, or in the future could, be liable for any such Anthropic Shares.

E.      **The Release Should Be Approved.**

21.     It is my belief that the Release (as defined in the Sale Disclosures Notice) should be approved.  I believe that the inclusion of the Release is necessary for Anthropic to consent to the Sale Transaction and the scope of the Release is appropriately tailored under the facts and circumstances.  The Release is: (a) a good faith settlement and compromise of the claims, causes of action, liens, rights and remedies released by the Release; (b) in the best interests of the Debtors and all holders of claims and interests; (c) fair, equitable and reasonable; and (d) a bar to any of the Debtors or their estates asserting any claim or cause of action released pursuant to the Release.

22.     Accordingly, for the foregoing reasons, I believe that the Purchase and Sale Agreement represents the highest and best offer for the Anthropic Shares at this time and that the sale of the Anthropic Shares to the Purchasers pursuant to the Purchase and Sale Agreement will provide a greater recovery for the Debtors' estates than would be provided by any other reasonably available alternative.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 31, 2024.

*/s/ Bruce Mendelsohn*
Bruce Mendelsohn
Partner
Perella Weinberg Partners L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

## DECLARATION OF LORENZO ESPARZA IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO MW LSVC ANTHROPIC, LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Lorenzo Esparza, hereby declare as follows:

1.      I am a Manager of MWSI VC Manager, LLC, a Delaware limited liability company ("Manager"), which is the manager of MW LSVC Anthropic, LLC, a Delaware limited liability company ("Purchaser").

2.      I have held my position with the Manager since August 2021. In February 2024, I caused the Manager to organize Purchaser under the laws of the State of Delaware as a limited liability company. I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief (the*

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

DocuSign Envelope ID: 8D427433-05A1-4447-8259-453835DAED2C

"Order").[2]  Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

3.          I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4.          Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

5.          Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: 8D427433-05A1-4447-8258-453835DAED2C

6.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 23, 2024.

DocuSigned by:

*Lorenzo Esparza*

F68F51F8FF5A481...

Lorenzo D. Esparza
CEO-Manhattan West, Manager-MW LSV
Anthropic, LLC
MW LSV Anthropic, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF ADAM CRAWLEY IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO AUGMENT COLLECTIVE, LLC SERIES ANTHROPIC 1 FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Adam Crawley, hereby declare as follows:

1.      I am a Manager of Augment Collective, LLC Series Anthropic 1, a Delaware limited liability company ("Purchaser").

2.      I have held my position at Purchaser since February, 2024.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      Purchaser has been stockholders of Anthropic since April 2024 and owns

less than 1% of Anthropic on a fully diluted basis.

7.      Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

DocuSign Envelope ID: 04AE23B7-7BB0-4B76-8693-E6265C1E5184

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 29, 2024.

DocuSigned by:

*adam crawley*

53A31F5ED2684G3...

Adam Crawley
Manager
Augment Collective, LLC Series Anthropic 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF LAWRENCE P. BANCROFT IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO GREEN BOOK VENTURES HORIZON III LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

I, Lawrence P. Bancroft, hereby declare as follows:

1.      I am the Managing Member of Green Book Ventures Horizon III LLC, a Delaware limited liability company ("Purchaser").

2.      I have held the position of Managing Member at Green Book Ventures Horizon III LLC since May 1st, 2024.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect. Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

DocuSign Envelope ID: 42E4E41C-830E-4EE1-870B-69A83387EF63

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: ___5/28/2024___.

DocuSigned by:

*Lawrence Bancroft*

18CEA72623394F6...

Lawrence P. Bancroft
Managing Member
Green Book Ventures Horizon III LLC

167516623.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

## DECLARATION OF ARJUN GUPTA IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO TELESOFT CAPITAL, LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

I, Arjun Gupta, hereby declare as follows:

1.      I am the Managing Member of TeleSoft Capital LLC, a Delaware Limited Liability Company ("Purchaser").

2.      I have held my position at Purchaser since inception and for over ten years.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.     I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.     Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.     Purchaser is a new investor in Anthropic.  TeleSoft-2020, LP a fund also

managed by Arjun Gupta is a stockholder of Anthropic since earlier this quarter Q2-2024 and

purchased approximately 167,000 shares at approximately $30 per share for a total purchase of

$5 million, which is <0.1% of Anthropic on a fully diluted basis.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 25, 2024.

box SIGN    13K8R6R6-1RXW229Z

Arjun Gupta
Managing Member
TeleSoft Capital, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF ARJUN GUPTA IN SUPPORT OF DEBTORS' PROPOSED SALE
OF EQUITY INTERESTS IN ANTHROPIC, PBC TO TELESOFT-2020, LP FREE AND
CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Arjun Gupta, hereby declare as follows:

1.      I am Executive Manager of the General Partner of TeleSoft-2020, LP, a Delaware Limited Partnership ("Purchaser").

2.      I have been the Executive Manager of the General Partner at TeleSoft-2020, LP since October 1, 2020 (which is the date of inception of the partnership).

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      TeleSoft-2020, LP is a stockholder of Anthropic since earlier this quarter

Q2-2024, purchased approximately 167,000 shares at approximately $30 per share for a total

purchase of $5 million, which is <0.1% of Anthropic on a fully diluted basis.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 24, 2024.

box SIGN          13K8R6R6-1872ZWV6

Arjun Gupta
Executive Manager of the General Partner
TeleSoft-2020, LP

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF ISHDEEP DUGAL IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO GA-IP OPPORTUNITIES II, LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Ishdeep Dugal, hereby declare as follows:

1.      I am a General Partner of GA-IP Opportunities II, a Delaware limited liability company"("Purchaser").

2.      I have held my General Partner position at Purchaser since January 22, 2024.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.       I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.       Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.       GA-IP Opportunities II, LLC and certain other affiliated entities managed

by Purchaser have been stockholders of Anthropic since 2023 and own approximately 0.3% of

Anthropic on a fully diluted basis.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 28, 2024.

Ishdeep Dugal
General Partner
GA-IP Opportunities II, LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF ZACHARY GRODKO IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO A.G.P ALTERNATIVE INVESTMENT FUND V- SERIES 1 LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>**

I, Zachary Grodko, hereby declare as follows:

1.     I am the Manager of A.G.P Alternative Investment Fund V- Series 1 LLC a Delaware limited liability company ("<u>Purchaser</u>").

2.     I have held my managing position at A.G.P Alternative Investment Fund V- Series 1 LLC since February 5th, 2021.

3.     I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.     I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.     Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.     Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.     Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement. Purchaser has not

engaged in any conduct that could, to my knowledge and understanding, result in the avoidance

of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code.

Purchaser has not acted in a collusive manner with any person, and the purchase price for the

Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among

Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 24th, 2024.

_____
**Zachary Grodko**
**Manager**
**A.G.P Alternative Investment Fund V- Series**
**1 LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF ZACHARY GRODKO IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO A.G.P ALTERNATIVE INVESTMENT FUND IV- SERIES 4 LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Zachary Grodko, hereby declare as follows:

1.      I am the Manager of A.G.P Alternative Investment Fund IV- Series 4 LLC a Delaware limited liability company ("Purchaser").

2.      I have held my managing position at A.G.P Alternative Investment Fund IV- Series 4 LLC since February 5th, 2021.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 24th, 2024.

**Zachary Grodko**
**Manager**
**A.G.P Alternative Investment Fund IV- Series 4 LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF GRANT GEORGE IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO FUND FG-AGV, A SERIES OF FORGE INVESTMENTS LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Grant George, hereby declare as follows:

1.      I am Principal of Forge Global Advisors LLC, a Delaware limited liability company.

2.      Forge Global Advisors LLC is the Adviser and Manager to Fund FG-AGV, a Series of Forge Investments LLC ("Purchaser.") I have held my Principal position at Forge Global Advisors LLC since October 25, 2021.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser and certain other affiliated entities of Purchaser have been stockholders of Anthropic since April 8, 2024, and own approximately 0.1807% of Anthropic on a fully diluted basis.  In connection with the Sale Transaction, Purchaser and Anthropic are entering into a side letter agreement regarding confidentiality and certain other matters.

Doc ID: ea90189c6b36d5abdb3804957f41e73836a085f4

7.      Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any

other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not

engaged in any conduct that could, to my knowledge and understanding, result in the avoidance

of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code.

Purchaser has not acted in a collusive manner with any person, and the purchase price for the

Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among

Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 28, 2024.


_____
Grant George
Principal
Forge Global Advisors LLC, as the Adviser and
Manager to Fund FG-AGV, a Series of Forge
Investments LLC

Doc ID: ea90189c6b36d5abdb3804957f41e73836a085f4

 **Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | AGV Purchaser Declaration |
| **File name** | _AGV__FTX_-_Anthr...5794-6798.2_.docx |
| **Document ID** | ea90189c6b36d5abdb3804957f41e73836a085f4 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| SENT | **05 / 28 / 2024**<br>11:06:03 UTC-7 | Sent for signature to Grant George (grant.george@forgeglobal.com) from julia.servin@forgeglobal.com<br>IP: 170.85.70.179 |
| VIEWED | **05 / 28 / 2024**<br>11:24:12 UTC-7 | Viewed by Grant George (grant.george@forgeglobal.com)<br>IP: 104.28.56.17 |
| SIGNED | **05 / 28 / 2024**<br>11:24:35 UTC-7 | Signed by Grant George (grant.george@forgeglobal.com)<br>IP: 104.28.56.17 |
| COMPLETED | **05 / 28 / 2024**<br>11:24:35 UTC-7 | The document has been completed. |



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF MICHAEL MILLER IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO GEMINI VENTURES 1 LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

I, Michael Miller, hereby declare as follows:

1.      I am a manager of Gemini Ventures 1 LLC, a Delaware limited liability company ("Purchaser").

2.      I have held my manager position at Purchaser since May 28, 2024. I have held my manager position at Gemini IDF 2, LLC, a Delaware limited liability company, who is a member of Purchaser, since May 22, 2023.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.     Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 28, 2024.

Michael Miller
Manager
Gemini Ventures 1 LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF GRANT GEORGE IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO FUND FG-BLU, A SERIES OF FORGE INVESTMENTS LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Grant George, hereby declare as follows:

1.     I am Principal of Forge Global Advisors LLC, a Delaware limited liability company.

2.     Forge Global Advisors LLC is the Adviser and Manager to Fund FG-BLU, a Series of Forge Investments LLC ("Purchaser.") I have held my Principal position at Forge Global Advisors LLC since October 25, 2021.

3.     I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.     I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.     Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.     Purchaser and certain other affiliated entities of Purchaser have been stockholders of Anthropic since April 8, 2024, and own approximately 0.1807% of Anthropic on a fully diluted basis.  In connection with the Sale Transaction, Purchaser and Anthropic are entering into a side letter agreement regarding confidentiality and certain other matters.

Doc ID: 1c38db44ca8783f67318a3ac79150152a5141a57

7.    Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.    Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 28, 2024.

_____
Grant George
Principal
Forge Global Advisors LLC, as the Adviser and
Manager to Fund FG-BLU, a Series of Forge
Investments LLC

Doc ID: 1c38db44ca8783f67318a3ac79150152a5141a57

 **Dropbox** Sign

**Audit trail**

| | |
|---|---|
| **Title** | BLU Purchaser Declaration |
| **File name** | _BLU__FTX_-_Anthr...5794-6798.2_.docx |
| **Document ID** | 1c38db44ca8783f67318a3ac79150152a5141a57 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

**SENT**
**05 / 28 / 2024**
11:07:00 UTC-7

Sent for signature to Grant George
(grant.george@forgeglobal.com) from
julia.servin@forgeglobal.com
IP: 170.85.70.179

**VIEWED**
**05 / 28 / 2024**
11:24:49 UTC-7

Viewed by Grant George (grant.george@forgeglobal.com)
IP: 104.28.56.17

**SIGNED**
**05 / 28 / 2024**
11:25:01 UTC-7

Signed by Grant George (grant.george@forgeglobal.com)
IP: 104.28.56.17

**COMPLETED**
**05 / 28 / 2024**
11:25:01 UTC-7

The document has been completed.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF RYAN LOGUE IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO CONSTITUTIONALAI FUND, A SERIES OF ABUNDANCE MASTER FUND LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Ryan Logue, hereby declare as follows:

1.      I am a Manager of ConstitutionalAI Fund, a Series of Abundance Master Fund LLC, a Delaware limited liability company ("Purchaser").

2.      I have been the Managing Member of LTA Advisors LLC, the Organizer of ConstitutionalAI Fund, a Series of Abundance Master Fund LLC, since its formation in August 2023.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Affiliated entities managed by Purchaser have been a stockholder of Anthropic since April 2024, and own approximately 0.1% of Anthropic on a fully diluted basis.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 24, 2024.


*Ryan Logue*
_____
Ryan Logue
Manager
ConstitutionalAI Fund, a Series of Abundance
Master Fund LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF RYAN LOGUE IN SUPPORT OF DEBTORS' PROPOSED SALE
OF EQUITY INTERESTS IN ANTHROPIC, PBC TO CONSTITUTIONAL AI
GOVERNANCE FUND 2 LLC FREE AND CLEAR OF ANY LIENS, CLAIMS,
<u>INTERESTS AND ENCUMBRANCES</u>**

I, Ryan Logue, hereby declare as follows:

1. I am a Manager of Constitutional AI Governance Fund 2 LLC, a Delaware limited liability company ("<u>Purchaser</u>").

2. I have been the Managing Member of LTA Advisors LLC, the Organizer of Constitutional AI Governance Fund 2 LLC, since its formation in August 2023.

3. I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser has been a stockholder of Anthropic since April 2024, and own approximately 0.1% of Anthropic on a fully diluted basis.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 24, 2024.

*Ryan Logue*

Ryan Logue
Manager
Constitutional AI Governance Fund 2 LLC

DocuSign Envelope ID: E99F5F40-F011-44DB-8444-FF18BBCD798C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF MICHAEL SOBEL IN SUPPORT OF DEBTORS' PROPOSED
SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO SCENIC PRIVATE
ACCESS FUND I, L.P., FREE AND CLEAR OF ANY LIENS, CLAIMS,
INTERESTS AND ENCUMBRANCES**

I, Michael Sobel, hereby declare as follows:

1.      I am a Partner of Scenic Private Access Fund I, L.P., a Delaware limited liability company ("Purchaser").

2.       I have held my Managing Partner position at Purchaser since June 16 of 2021

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: E99F5F40-F011-44DB-8444-FF18BBCD798C

personal knowledge, information and belief, or my opinion based upon experience, knowledge

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      [Purposefully omitted]

7.      Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

DocuSign Envelope ID: E99F5F40-F011-44DB-8444-FF19BBCD798C

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 28, 2024.

DocuSigned by:

*Michael Sobel*

AB9283BFC84440E...

Michael Sobel
Managing Partner
Scenic Private Access Fund I, L.P.

DocuSign Envelope ID: E99F5F40-F011-44DB-8444-FF18BBCD798C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF MICHAEL SOBEL IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO SCENIC CO-INVEST ANTHROPIC LLC FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Michael Sobel, hereby declare as follows:

1.      I am a Partner of Scenic Co-Invest Anthropic LLC, a Delaware limited liability company ("Purchaser").

2.       I have held my Managing Partner position at Purchaser since May of 2024

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2] Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

DocuSign Envelope ID: E99F5E40-E011-44DB-8444-FF18BBCD798C

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      [Purposefully omitted]

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

DocuSign Envelope ID: E99F5F40-F011-44DB-8444-FF18BBCD798C

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 28, 2024.

DocuSigned by:

*Michael Sobel*

AD92893BF681440E...

Michael Sobel
Managing Partner
Scenic Co-Invest Anthropic LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF MAHNSOON HWANG IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO KIP RE-UP II FUND FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Mahnsoon Hwang, hereby declare as follows:

1.      I am the Chief Executive Officer of Korea Investment Partners Co., Ltd., which serves as the General Partner (the "General Partner") of KIP Re-Up II Fund, a fund formed under the laws of the Republic of Korea ("Purchaser").

2.      The General Partner is the representative of the Purchaser and serves as its general partner since its formation in 2022.  I have held my Chief Executive Officer position at the General Partner since December 31, 2020.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance*

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]
Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my
personal knowledge, information and belief, or my opinion based upon experience, knowledge
and information concerning Purchaser, and the negotiations relating to the Sale Transaction and
the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser
working with me and/or under my direct supervision in connection with the negotiations relating
to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on
behalf of Purchaser.  I am not being compensated for this testimony other than through regular
compensation in connection with my position at Purchaser; I received no payments specifically
payable on account of this testimony.  If I were called upon to testify, I could and would testify
competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in
Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or
controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the
other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the
Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from
arm's-length bargaining positions, at all times represented by competent counsel of its choosing.
The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered
into by Purchaser without collusion or fraud.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 28, 2024.

_____
Mahnsoon Hwang
Chief Executive Officer
KIP Re-Up II Fund
(General Partner: Korea Investment Partners Co., Ltd.)

-3-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

### DECLARATION OF LARRY ASCHEBROOK IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO G SQUARED VI HOLDCO, LLC, FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

I, Larry Aschebrook, hereby declare as follows:

1.      I am an Authorized Representative of G Squared VI Holdco, LLC, a Delaware limited liability company ("Purchaser").

2.      I have held my position at Purchaser since its formation in September 2022, and also serve as the Managing Partner of G Squared Equity Management LP, the manager of the Purchase, and have held this position since its formation in May 2017.

3.      I submit this declaration (this "Declaration") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      In connection with the Sale Transaction, Purchaser and Anthropic are entering into a side letter agreement granting certain rights relating to information about Anthropic.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 23, 2024.

Larry Aschebrook
Authorized Representative
G Squared VI Holdco, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF FUND XLVIII, A SERIES OF SCVC ADVISORS, LP IN SUPPORT
OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO
FUND XLVIII, A SERIES OF SCVC ADVISORS, LP FREE AND CLEAR OF ANY
LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Amrit Saxena, hereby declare as follows:

1.       I am a Manager of Fund XLVIII, a series of SCVC Advisors, LP, a

Delaware Limited Partnership ("Purchaser").

2.       I have held my Manager position at Purchaser since November 7, 2023.

3.       I submit this declaration (this "Declaration") in support of the Debtors'

proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and

Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims,

Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance

Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

personal knowledge, information and belief, or my opinion based upon experience, knowledge

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is
Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser and certain other affiliated entities managed by Purchaser have been stockholders of Anthropic since 2023 and own approximately 0.06% of Anthropic on a fully diluted basis.

7.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

8.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 29, 2024.

_____
Amrit Saxena
Manager
Fund XLVIII, a series of SCVC Advisors, LP

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF FUND SCVC-PV-LXVI, A SERIES OF SCVC ADVISORS, LP IN
SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN
ANTHROPIC, PBC TO FUND SCVC-PV-LXVI, A SERIES OF SCVC ADVISORS, LP
FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Amrit Saxena, hereby declare as follows:

1.      I am a Manager of Fund SCVC-PV-LXVI, a series of SCVC Advisors,
LP, a Delaware Limited Partnership ("Purchaser").

2.      I have held my Manager position at Purchaser since November 7, 2023.

3.      I submit this declaration (this "Declaration") in support of the Debtors'
proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and
Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims,
Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance
Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]
Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my
personal knowledge, information and belief, or my opinion based upon experience, knowledge

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is
Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

and information concerning Purchaser, and the negotiations relating to the Sale Transaction and

the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser

working with me and/or under my direct supervision in connection with the negotiations relating

to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on

behalf of Purchaser.  I am not being compensated for this testimony other than through regular

compensation in connection with my position at Purchaser; I received no payments specifically

payable on account of this testimony.  If I were called upon to testify, I could and would testify

competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in

Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or

controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the

other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the

Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from

arm's-length bargaining positions, at all times represented by competent counsel of its choosing.

The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered

into by Purchaser without collusion or fraud.

6.      Purchaser and certain other affiliated entities managed by Purchaser have

been stockholders of Anthropic since 2023 and own approximately 0.06% of Anthropic on a

fully diluted basis.

7.      Purchaser reviewed and complied, in all material respects, with the Sale

Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale

Procedures set forth in the Order.

8.     Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 29, 2024.

_____
Amrit Saxena
Manager
Fund SCVC-PV-LXVI, a series of SCVC Advisors, LP

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

**DECLARATION OF BARRY J. COHEN IN SUPPORT OF DEBTORS' PROPOSED**
**SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO ELYSIUM VC (N) LLC**
**FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

I, Barry J. Cohen, hereby declare as follows:

1.      I am the President of Elysium Management LLC ("Elysium"), the current

Member and Managing Member of Elysium VC (N) LLC, a Delaware limited liability company

("Purchaser").

2.      I have been the President of Elysium since February 16, 2017.

3.      I submit this declaration (this "Declaration") in support of the Debtors'

proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and*

*Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims,*

*Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance*

*Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "Order").[2]

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Elysium working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Elysium; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser, through Elysium, negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.      Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller

were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not

engaged in any conduct that could, to my knowledge and understanding, result in the avoidance

of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code.

Purchaser has not acted in a collusive manner with any person, and the purchase price for the

Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among

Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct to the best of my knowledge, information and belief.

       Dated: May 27, 2024.


                             Barry J. Cohen
                             President, Elysium Management LLC,
                             Managing Member of Elysium VC (N) LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 8125** |

## DECLARATION OF ESSA M A A H IBRAHIM IN SUPPORT OF DEBTORS' PROPOSED SALE OF EQUITY INTERESTS IN ANTHROPIC, PBC TO MANIUS INVEST CO LTD FREE AND CLEAR OF ANY LIENS, CLAIMS, INTERESTS AND <u>ENCUMBRANCES</u>

I, Essa M A A H Ibrahim, hereby declare as follows:

1.       I am a Director of Manius Invest Co Ltd, a  BVI Business Company limited by shares ("<u>Purchaser</u>").

2.       I was appointed a director in the Purchaser on 30 April 2024 and I have held a position as a Director in the parent company of the Purchaser, Damac Capital Ltd., since 9 February 2020.

3.       I submit this declaration (this "<u>Declaration</u>") in support of the Debtors' proposed sale of Anthropic Shares to Purchaser in accordance to the *Order (I) Authorizing and Approving Sale of Equity Interests in Anthropic, PBC Free and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* (the "<u>Order</u>").[2]

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Order.

Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning Purchaser, and the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement, and/or (ii) information supplied by employees of Purchaser working with me and/or under my direct supervision in connection with the negotiations relating to the Sale Transaction and the Purchase and Sale Agreement.

4.      I am over the age of 18 and authorized to submit this Declaration on behalf of Purchaser.  I am not being compensated for this testimony other than through regular compensation in connection with my position at Purchaser; I received no payments specifically payable on account of this testimony.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.      Purchaser is not an "insider" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.  There is no common identity of directors or controlling equity interest holders between Purchaser, on the one hand, and the Debtors, on the other hand, and Purchaser does not control the Debtors in any respect.  Purchaser negotiated the Sale Transaction with the Debtors and the Debtors' financial advisors in good faith and from arm's-length bargaining positions, at all times represented by competent counsel of its choosing. The Purchase and Sale Agreement and Sale Transaction were negotiated, proposed and entered into by Purchaser without collusion or fraud.

6.      Purchaser reviewed and complied, in all material respects, with the Sale Procedures and agreed to subject its offer for the sale of the Anthropic Shares to the Sale Procedures set forth in the Order.

7.    Purchaser understood that the Debtors were free to negotiate with any other party interested in acquiring the Anthropic Shares during the time Purchaser and Seller were negotiating the Sale Transaction and the Purchase and Sale Agreement.  Purchaser has not engaged in any conduct that could, to my knowledge and understanding, result in the avoidance of the Sale Transaction or assessment of damages under section 363(n) of the Bankruptcy Code. Purchaser has not acted in a collusive manner with any person, and the purchase price for the Anthropic Shares to be purchased by Purchaser was not controlled by any agreement among Purchaser and Anthropic, PBC, or Purchaser and any other bidders or potential bidders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 24, 2024.

_____
**Essa M A A H Ibrahim**
**Director**
Manius Invest Co Ltd