# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 17, 2024 at 1:00 P.M. (ET)**<br>**Objection Deadline: June 18, 2024 at 4:00 P.M. (ET)** |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
### (A) AUTHORIZING THE DEBTORS TO ENTER INTO PARTIAL SETTLEMENT AGREEMENTS WITH ZIXIAO "GARY" WANG AND NISHAD SINGH AND
### (B) APPROVING THE SETTLEMENT AGREEMENTS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to enter into partial settlement agreements (the "Settlements")[2] with Zixiao "Gary" Wang ("Wang") and Nishad Singh ("Singh") pursuant to which Wang and Singh will cause legal title of residences held in their names in the Bahamas to be transferred to FTX DM, acting by the JOLs to recover Stipulated DM Property pursuant to Exhibit C of the Global Settlement Agreement ("GSA") between the Debtors and FTX DM, which was approved by the Supreme Court of the Bahamas on January 22, 2024

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Settlement.

and the Delaware Bankruptcy Court on January 24, 2024 [D.I. 6365]. The Settlements provide that the Debtors and FTX DM are not releasing or resolving any claims that the Debtors and/or FTX DM have asserted or may assert against Singh and Wang, including the claims the Debtors have asserted in the action captioned *FTX Trading Ltd., et al.* v. *Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison*, No. 23-50448 (JTD) (Bankr. D. Del. July 20, 2023) [D.I. 1886] (the "Insider Adversary Proceeding"), other than claims relating to the residences. In support of the Motion, the Debtors respectfully state as follows:

### Preliminary Statement

1. On July 20, 2023, Debtors FTX Trading Ltd., Alameda Research LLC, Alameda Research Ltd., North Dimension Inc., Cottonwood Grove Ltd. and West Realm Shires, Inc. (the "Plaintiffs") filed the Insider Adversary Proceeding against Wang, Singh, Samuel Bankman-Fried, and Caroline Ellison asserting causes of action stemming from their perpetration of the fraud that resulted in the collapse of FTX.

2. Among the fraudulent transfers that the Debtors sought to avoid in the Insider Adversary Proceeding were transfers to finance the purchase of Unit 112 at One Cable Beach by Wang (the "Wang Residence") and Unit 209 at One Cable Beach by Singh (the "Singh Residence") (together, the "Residences") in the Bahamas, in their own names.

3. Following constructive, arm's-length negotiations, Wang and Singh have agreed to transfer legal title to the Wang Residence and Singh Residence, respectively, to FTX DM, acting by the JOLs to recover Stipulated DM Property pursuant to Exhibit C of the GSA between the Debtors and FTX DM. The transfer of the Residences now — without having to wait for resolution of all the claims asserted in the Insider Adversary Proceeding — will benefit the Debtors by allowing the Debtors and FTX DM to monetize the portfolio of Bahamas properties in the order and manner that they believe will maximize recoveries for the estates.

4. The Settlements expressly provide that the Debtors and FTX DM do not release or resolve any of the claims they have asserted against Wang and Singh or claims that they may assert against Wang and Singh, other than claims relating to the Residences. Although the Debtors do not believe that a Rule 9019 motion is required in this circumstance, the Debtors are nonetheless filing the motion in the interest of transparency and because Wang and Singh are FTX insiders.

**Background**

5. On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases" or the "FTX Bankruptcy Proceeding") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

6. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

---

[3] November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires, Inc.

**Jurisdiction**

7.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.  Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

8.  By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A authorizing the Debtors to enter into the Settlements attached thereto as Exhibits 1 and 2 requiring that Wang and Singh transfer legal title of the Residences to FTX DM, acting by the JOLs to recover Stipulated DM Property pursuant to Exhibit C of the GSA between the Debtors and FTX DM.

**Facts Specific to the Relief Requested**

9.  In or around March 2021, it was determined that the Residences should be purchased in Wang's and Singh's names to enable them to apply for Certificates of Permanent Residence in the Bahamas for business purposes.

10. In or around April 2021, an agreement was purportedly executed in the name of Singh, the Director of Engineering at FTX and FTX.US, to purchase the Singh Residence for B$950,000.

11. In or around April 2021, Wang, the co-founder and Chief Technology Officer of FTX and West Realm Shires, entered into an agreement to purchase the Wang Residence for US$1,371,871.25.

12. On April 13, 2021, Wang executed a Power of Attorney appointing Julian Alexander Bostwick of Abaco Law Ltd. to act as his agent in connection with the purchases of the Residences.

13. On April 13, 2021, an agreement was purportedly executed in the name of Singh to appoint Julian Alexander Bostwick of Abaco Law Ltd. to act as an agent for Singh in connection with the purchase of the Singh Residence. Although the Power of Attorney purports to bear his signature, Singh believes that he did not execute the Power of Attorney and was not made aware of it at the time of its execution.

14. On April 21, 2021, FTX Trading Ltd. wired from its Prime Trust account ending in x8563 US$141,787.13 to Abaco Law Ltd. as a deposit on the Wang Residence and US$2,856.25 as a search fee for the Wang Residence.

15. Also on April 21, 2021, FTX Trading wired from its Prime Trust account ending in x8563 $US$98,700 to Abaco Law Ltd as a deposit on the Singh Residence and US$2,856.25 as a search fee for the Singh Residence.

16. On June 11, 2021, FTX Trading Ltd. wired from its Prime Trust account ending in x8563 US$1,321,202 to Abaco Law Ltd. to pay the balance of the purchase price on Wang Residence and US$189,482.90 to pay the VAT tax, commissions and fees on the purchase, respectively.

17. On June 14, 2021, the Wang Residence was conveyed to Wang by an Indenture and Deed of Conveyance which is recorded in the Registry of Records in the Commonwealth of The Bahamas.

18. On June 15, 2021, FTX Trading Ltd. wired from its Prime Trust account ending in x8563 US$808,767.52 to Abaco Law Ltd. to pay the balance of the purchase price on the Singh Residence and US$123,744.75 to pay the VAT tax, commissions and fees on the purchase, respectively.

19. On June 30, 2021, the Singh Residence was conveyed to Singh by an Indenture and Deed of Conveyance which is recorded in the Registry of Records in the Commonwealth of The Bahamas.

20. Neither Singh nor Wang lived in the Residences; instead, the FTX Group maintained possession of the Residences and used the Residences to house other FTX Group employees over time.

21. On November 11 and November 14, 2022, the Debtors filed voluntary petitions for relief under the Bankruptcy Code, commencing the Chapter 11 Cases in the Bankruptcy Court.

22. On July 20, 2023, Plaintiffs filed the Insider Adversary Proceeding seeking to recover, among other things, transfers to finance the purchase of the Residences.

23. After constructive, arm's-length negotiations, Wang and Singh have each agreed to enter into Settlements with the Debtors and FTX DM to undertake all steps necessary to cause legal title to the Residences to be transferred to FTX DM, acting by the JOLs to recover Stipulated DM Property pursuant to Exhibit C of the GSA between the Debtors and FTX DM.

24. The Settlements expressly provide that Debtors and FTX DM reserve all claims that they have asserted against Wang or Singh, including claims the Debtors asserted in the Insider Adversary Proceeding, or may assert against Wang or Singh other than claims relating to the Residences.

**Basis for Relief**

**I.     The Settlements Are in the Debtors' Best Interests**

25.     The Settlements are in the best interests of the Debtors and their estates because they guarantee that the Debtors and/or FTX DM will recover property that can be monetized for the benefit of the creditors without releasing or resolving any of the Debtors' and/or FTX DM's other claims against either Wang or Singh. Receiving the Residences now, without having to await resolution of the Insider Adversary Proceeding, will allow the Debtors and FTX DM to monetize the portfolio of Bahamas properties in the order and manner that they believe will maximize recoveries for the estates. Accordingly, the Debtors respectfully submit that the Settlements are a reasonable exercise of the Debtors' business judgment satisfying Bankruptcy Rule 9019.

26.     The Debtors respectfully request that the Court authorize the Debtors to enter into the Settlement.

**Waiver of Bankruptcy Rule 6004(h)**

27.     Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h). Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons described above, the relief requested is essential to maximize the value of the Debtors' assets and ample cause exists to justify a waiver of the stay period to the extent applicable.

**Reservation of Rights**

28.     Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive,

or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party.

## Notice

29.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Ad Hoc Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; (h) counsel to Nishad Singh; (i) counsel to Gary Wang; (j) the Joint Official Liquidators of FTX Digital Markets Ltd.; (k) the United States Attorney for the Southern District of New York; and to the extent not listed herein, (l) those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A.

| | |
|---|---|
| Dated: June 4, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>         mcguire@lrclaw.com<br>         brown@lrclaw.com<br>         pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Benjamin S. Beller (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>         gluecksteinb@sullcrom.com<br>         bellerb@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |