IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE TEXAS STATE SECURITIES BOARD, TEXAS DEPARTMENT OF BANKING, AND STATE OF TEXAS THROUGH THE CONSUMER PROTECTION DIVISION OF THE OFFICE OF THE TEXAS ATTORNEY GENERAL TO THE DISCLOSURE STATEMENT FOR DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION OF FTX TRADING LTD. AND ITS AFFILIATED DEBTORS-IN-POSSESSION (D.E. 14301, 15521)**

The Texas State Securities Board ("SSB"), the Texas Department of Banking ("DOB"), and the State of Texas through the Consumer Protection Division of the Office of the Texas Attorney General ("CPD"), by and through the Office of the Texas Attorney General (together, "Texas"), hereby file this Limited Objection and Reservation of Rights (the "Objection") to the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. And its Affiliated Debtors and Debtors-in-Possession* [D.E. 14301, 15521] (the "Disclosure Statement") filed by FTX Trading Ltd. And its affiliated debtors and debtors-in-possession (the "Debtors"). In support of the Objection, Texas respectfully states as follows:

I.    **OVERVIEW**

The Disclosure Statement does not meet the requirements of 11 U.S.C. § 1125, because, in the Disclosure Statement describing the Plan, the Debtors: (1) propose to subordinate government claims and utilize the recovery of the subordinated claims to fund the Debtors' Supplemental

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors will request joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information will be made available on a website of the Debtors' proposed claims and noticing agent.

[2] Capitalized terms not otherwise defined or provided herein have the meanings ascribed to them in the Disclosure Statement.

1

Remission Fund in a manner inconsistent with law and equity; (2) overlook SSB's $840 million claim and its potential impact on claims distribution and recovery; (3) fails to explain the exclusion of governmental claims from the Debtors' full recovery expectations nor why the projected recovery ranges from only 3% to 18%; and (4) fails to explain the consequences on the Plan if governmental claims are not subordinated. Although Texas is committed to discussions with the Debtors to resolve these matters, no agreements have been reached to date and this Objection is filed out of an abundance of caution and to reserve all rights.

## II. RELEVANT BACKGROUND

1. On November 11 and November 14, 2022, the Debtors filed bankruptcy under title 11 of the United States Code (the "Bankruptcy Code").

2. On September 25, 2023, the DOB filed a timely proof of claim no. 85286, on September 28, 2023, CPD filed timely proofs of claim nos. 79908 and 79914, and on September 29, 2023, the SSB filed a timely proof of claim no. 85271 which was amended on May 30, 2024.[2]

3. On May 7, 2024, the Debtors filed the Disclosure Statement and Plan [D.E. 14300-301], which were revised on May 22, 2024, at D.E. 15520-521.

4. A hearing on the Disclosure Statement is scheduled to take place on June 25, 2024, at 10:00 am (EST), with responses and objections to be filed by June 5, 2024, at 4:00 pm (EST).

## III. OBJECTION

5. In the Disclosure Statement, the Debtors describe twenty-eight (28) classes of claims, including subclasses. At least ten (10) classes contain similarly situated and equally classified claims as to the claims of Texas. The Debtors, however, and in violation of Section 1123(a)(4) of the Bankruptcy Code, have included a separate class specifically for governmental claims, "Class 10B Senior Subordinated Governmental Claims" (the "Subordinated Governmental Claims"). They

---

[2] The SSB amended their claim only as to the estimated amount, from at least $840,000 to at least $840,000,000, to conform with the amount asserted in the original filing and underlying supporting documentation. The underlying supporting documentation details the basis of SSB's claim and estimated calculations for the asserted amount of at least $840,000,000. However, when electronically filing on September 29, 2023, SSB inadvertently keyed in $840,000.

2

propose to subordinate these governmental claims to, among others, General Unsecured Claims and Digital Asset Loan Claims with no disbursement on the Subordinated Governmental Claims until full payment <u>with</u> accrued interest of Allowed General Unsecured Claims and Digital Asset Loan Claims.

6. Additionally, while subordination and participation in the "Supplemental Remission Fund" is presented, at times, as voluntary, the Debtors also suggest that the they will leverage the allowance of governmental claims on the governmental authorities' willingness to not only subordinate their claims but also waive recovery of their subordinated claims to fund the "Supplemental Remission Fund" for the benefit of additional recovery to other creditors, including, *inter alia*, digital asset lenders of Alameda, and to pay for the Plan Administrator's costs and expenses.

7. Moreover, the Debtors' $8.899 million estimate for Subordinated Governmental Claims described in the Disclosure Statement does not include the SSB's $840 million claim, and the Debtors have not explained why the estimated recovery for the Subordinated Governmental Claims is only between 3% and 18%, compared to, for example, 125% recovery for General Unsecured Claims and 129%-143% for Digital Asset Loan Claims.

8. While the Debtors note in the Disclosure Statement and Plan that they have not received commitments from governmental authorities to subordinate their claims, other than the IRS, neither the Disclosure Statement nor Plan discuss the material impact on distributions or recoveries to creditors in the event agreements to subordinate the significant governmental claims are not reached.

9. Texas is resolved to engage with the Debtors regarding treatment of its claims and intends to continue those discussions to maximize disbursements to customers who have claims against the Debtors, while preserving their rights under bankruptcy law.

### IV.     <u>RESERVATION OF RIGHTS</u>

10. Texas reserves the right to supplement this Objection or to raise additional or further

objections to the Disclosure Statement or confirmation of the Plan as necessary and appropriate.

## V. PRAYER

WHEREFORE premise considered, Texas requests that the Court deny approval of the adequacy of the Disclosure Statement and enter any other and further relief to which the Court finds just and appropriate.

Dated: June 5, 2024

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**RACHEL R. OBALDO**
Chief for Bankruptcy & Collections Division

*/s/ Roma N. Desai*
**LAYLA D. MILLIGAN**
Texas State Bar No. 24026015
**ROMA N. DESAI**
Texas Bar No. 24095553
**STEPHANIE EBERHARDT**
Texas Bar No. 24084728
Assistant Attorneys General
Office of the Texas Attorney General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
layla.milligan@oag.texas.gov
roma.desai@oag.texas.gov
stephanie.eberhardt@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD, THE TEXAS DEPARTMENT OF BANKING, AND THE STATE OF TEXAS THROUGH THE CONSUMER PROTECTION DIVISION OF THE OFFICE OF THE TEXAS ATTORNEY GENERAL

**CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on June 5, 2024, and to the parties and manner indicated below:

  (a) Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Brian D. Glueckstein (gluecksteinb@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com);

  (b) The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov);

  (c) Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com);

  (d) Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com);

  (e) Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: J. Christopher Shore (cshore@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Kevin Gross (gross@rlf.com) and Paul N. Heath (heath@rlf.com).

                */s/ Roma N. Desai*
                **ROMA N. DESAI**
                Assistant Attorney General