**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
|  | **Hearing Date: June 25, 2024, at 10:00 a.m. (ET)** |
|  | **Re: D.I. Nos. 4863, 13628, 15520, 15521** |

**LIMITED OBJECTION OF MAPS**
**VAULT LIMITED TO MOTION OF DEBTORS**
**FOR ENTRY OF AN ORDER (I) APPROVING**
**THE ADEQUACY OF THE DISCLOSURE STATEMENT;**
**(II) APPROVING SOLICITATION PACKAGES; (III) APPROVING THE**
**FORMS OF BALLOTS; (IV) ESTABLISHING VOTING, SOLICITATION**
**AND TABULATION PROCEDURES; AND (V) ESTABLISHING NOTICE**
**AND OBJECTION PROCEDURES FOR THE CONFIRMATION OF THE PLAN**

Maps Vault Limited ("Maps Vault"), through its undersigned counsel, DLA Piper LLP (US), hereby submits this limited objection (this "Limited Objection") to the *Motion of Debtors for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of the Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. 5202] (the "Solicitation Procedures Motion")[2].  In support of this Limited Objection, Maps Vault respectfully states as follows:

---

[1]   Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors a complete list may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   Capitalized terms not otherwise used herein have the meanings set forth in the Solicitation Procedures Motion.

**PRELIMINARY STATEMENT**

1.      The Debtors and Maps Vault have been engaged in significant litigation (the "Estimation Motion Litigation") regarding the estimation methodology that should be applied to Maps Vault's claims based on three tokens—MAPS, OXY, and SRM—culminating in a three-day hearing on the matter in March 2024.  Although the Court has yet to rule on the appropriate estimation of these claims, the Debtors' Amended Disclosure Statement and Amended Plan provide only inaccurate and incomplete summaries of this litigation, as well as of the current status and value of the MAPS, OXY and SRM claims and the voting rights as to the Amended Plan such claims afford their holders.  Viewed in the light least favorable to the Debtors, the lack of clarity in the Disclosure Statement and the proposed Solicitation Procedures Order as to the voting rights of Maps Vault and the other Estimation Motion objectors appears directed at stripping such customers of rights they would have had if not for the "pending decision" impasse in which they find themselves.

2.      Additional disclosure can fix the problem, as set forth below.  However, unless and until the Disclosure Statement is modified to remedy the defects identified in this Limited Objection, the Disclosure Statement and Solicitation Procedures should not be approved.

**FACTUAL BACKGROUND**

3.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

**A.      Customer Claims Process and Chapter 11 Plan**

4.      On June 28, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief*

[D.I. 1793] (the "Customer Bar Date Order"), setting the deadline for customers to file proofs of claim on account of Customer Claims as September 29, 2023.

5.      As set forth in the *Notice of Deadlines Requiring Filing of Customer Proofs of Claim on or Before September 29, 2023 and Customer Proofs of Claim Affected by the Amendment of or Supplement to the Debtors' Schedules of Assets and Liabilities* [D.I. 1870] (the "Customer Bar Date Notice"), each customer proof of claim based on cryptocurrencies or digital assets was required to set forth, among other information, (i) the number of units or quantity of each cryptocurrency or digital asset and (ii) the program (i.e. Earn, Lend or Stake), if any, applicable to each cryptocurrency or digital asset.

6.      The proof of claim form permitted holders of Customer Claims to file claims denominated in Digital Asset quantities and without dollarized values.  However, it ***did not*** preclude holders of Customer Claims from asserting, in a supplement or otherwise, liquidated claims with specific dollar valuations for any of the cryptocurrencies or digital assets.  Thus, upon information and belief, many claims based on Digital Assets,[3] have been asserted in proofs of claim in liquidated amounts, which "constitute prima facie evidence of the validity *and amount* of the claim."  Fed. R. Bankr. P. 3001(f) (emphasis added).

7.      By the Claim Assignment Agreement, dated November 2, 2023, Oxygen Vault assigned to Maps Vault all the Oxygen Proofs of Claim.

---

[3]     This includes proofs of claim filed by Maps Vault on June 29 and September 28, 2023 (Confirmation IDs: 3265-69-BGTHN-761175203, 3265-69-DOCRM-460337416, 3265-69-CDWPN-672893003, 3265-70-JLAYG-671353347) (the "Maps Vault Proofs of Claim," and the underlying claims, the "Maps Vault Claims") and the proofs of claim filed by Oxygen Vault on June 29 and September 28, 2023 (Confirmation IDs: 3265-70-CYMNS-491255818, 3265-69-DIEVK-216452732, 3265-69-BHERU-708814938, and 3265-69-FMNIJ-161916036)—(the "Oxygen Proofs of Claim," and the underlying claims, the "Oxygen Vault Claims," and together with the Maps Vault Claims, the "Maps Claims").

8.    Maps Vault timely filed proofs of claim, which collectively sought recovery of more than $520 million for MAPS, OXY, and SRM tokens it had on deposit on the FTX exchange on the Petition Date.

9.    On December 16, 2023, the Debtors filed (i) the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (the "Plan"), (ii) the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Affiliated Debtors and Debtors-in-Possession* [D.I. 4862] (the "Disclosure Statement"), and (iii) the *Motion of Debtors for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. 4863] (the "Solicitation Procedures Motion").

10.    On April 19, 2024, the Court entered the *Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [ D.I. 12257], extending the Debtors exclusive filing period through and including June 27, 2024, and the exclusive solicitation period through and including August 26, 2024.

11.    On May 22, 2024, the Debtors filed amended versions of the Plan and Disclosure Statement [D.I. 15520, 15521] (the "Amended Plan" and "Amended Disclosure Statement," respectively).

**B.    Estimation Motion**

12.    On December 27, 2023, the Debtors filed the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "Estimation Motion"), which proposed a Digital Asset Conversion Table to "provide a basis by which creditors can understand the value of the

Claims and the Debtors can calculate the value of Claims in respect of Digital Assets for voting and distribution purposes." (Estimation Motion ¶ 3.)

13.     The proposed Solicitation Procedures Order requires that, for the purposes of the Solicitation and Voting Procedures, to the extent all or part of any claim includes Digital Assets, such Digital Assets should be valued and converted to U.S. dollar amounts using the Digital Assets amounts set forth on the Debtors' Schedules or in a timely filed proof of claim as converted by the valuations to be set forth in an order by the Court. (Solicitation Procedures Motion, ¶ 56.) A U.S. dollar value for claims based on Digital Assets is also required for determining projected recovery ranges for such claims in the Disclosure Statement. (Disclosure Statement, § 1.B.)

14.     The Estimation Motion, invoking a number of bases for such value reductions (or "discounts"), proposed to estimate the value of (i) the MAPS tokens at $0.00; (ii) the OXY tokens at $0.00; and (iii) the SRM Tokens at $0.1551467.

15.     On January 11, 2024, Maps Vault filed the *Preliminary Objection of Maps Vault Limited to Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5620] (the "Maps Vault Preliminary Objection"). Prior to the initial January 24, 2024, hearing on the Estimation Motion, the Debtors and Maps Vault (in addition to certain other parties) agreed to extend the hearing and litigation schedule of the Estimation Motion as it relates to certain claims, including the claims of Maps Vault relating to its MAPS, OXY, and SRM token-related claims.

16.     Following a hearing on January 25, 2024, the Court entered the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] (the "Estimation Order"), which granted the Estimation Motion to the extent it applied to more than 400 tokens held by FTX customers. However, claims based on MAPS, OXY, and SRM Digital Assets were

excluded from the Estimation Order with all rights reserved (except the right to assert that estimation should not be conducted with respect to such Digital Assets).  (Estimation Order ¶ 9.)

17.    On March 8, 2024, Maps Vault filed the *Maps Vault Limited's Response and Opposition to the Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 8951].  On March 17, 2024, the Debtors filed the *Debtors Omnibus Supplemental Reply in Support of Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 9566].

18.    On March 20, 25, and 26, 2024, the Court held an evidentiary hearing addressing the valuation of such Digital Assets, after which the Court took the matter under advisement.

**C.    Disclosure Statement**

20.    The Amended Disclosure Statement contains two references to claims based on MAPS, OXY and SRM tokens.

21.    The first, which appears on page 78 of the Amended Disclosure Statement, purports to provide a full report as to the status of the Estimation Motion Litigation—

> The Debtors agreed to a separate litigation schedule with respect to the estimation of Claims based on MAPS, OXY, SRM and BOBA digital assets. The Debtors engaged in further expert discovery and briefing with certain objectors to the Petition Date value of these digital assets as proposed in the Estimation Motion. On March 20, 25 and 26, 2024, the Bankruptcy Court held an evidentiary hearing on the Estimation Motion with respect to these digital assets. The Debtors presented further expert testimony from Professor Howell and Mr. Lu. The Bankruptcy Court took the matter under advisement and a ruling is forthcoming.

 (Disclosure Statement at 78.)

22.    The second reference, which appears in footnote 12 on page 15 of the Disclosure Statement, purports to address the continuing applicability of the "initial Digital Conversion

Table" to the voting rights of the holders of the MAPS, OXY and SRM tokens as to the Amended

Plan—

> As of the filing of the Disclosure Statement, the Digital Assets
> Estimation Order [D.I. 7090] does not include prices for the tokens
> MAPS, OXY, SRM, and BOBA, therefore the Disclosure Statement
> *estimates the value of a Claim of these tokens using the conversion*
> *rates set forth in the initial Digital Assets Conversion Table attached*
> *to the Estimation Motion."* [D.I. 5202].

(Disclosure Statement at 15 n. 12. (emphasis added))

23.     The italicized language relating to reliance on the "initial" Conversion Table

refers to numbers that were never approved by the Court.

## **ARGUMENT**

### I.   **Amended Disclosure Statement Lacks Adequate Information Necessary for Creditors' Evaluation of Plan**

24.     Under Section 1125(b) of the Bankruptcy Code, a debtor has an affirmative duty

to provide a disclosure statement containing adequate information to enable a creditor to reach an

informed judgment about the plan.   *See In re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991)

(denying approval of disclosure statement when various disclosures were inadequate).   As the

primary source of information upon which creditors rely in making an informed judgment about a

plan, the disclosure statement must provide sufficient information to enable an impaired class to

evaluate a plan.  *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337

F.3d 314, 322 (3d Cir. 2003) ("The importance of full disclosure is underlaid by the reliance placed

upon the disclosure statement by the creditors and the court. Given this reliance, we cannot

overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of

adequate information.") (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414,

417 (3d Cir. 1988)).

25.     Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as: "[I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan[.]"  11 U.S.C. § 1125(a)(1).

26.     The adequacy of information in a disclosure statement is determined on a case-by-case basis through the factual circumstances at hand.  *Oneida Motor Freight*, 848 F.2d at 417 (citing H.R. Rep. No. 595, 97th Cong., 1st Sess. 266 (1977)).  Section 1125 sets a floor for adequate information, not a ceiling, and favors disclosure.  *In re Ferretti*, 128 B.R. at 20; *see also Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) (noting that section 1125 "sets a floor, not a ceiling").  Section 1129(a)(2) conditions confirmation of the FTX Debtors' Plan on its compliance with the adequate information disclosure requirements of Section 1125.  *See* 11 U.S.C. § 1129(a)(2); *see also In re Diocese of Camden, New Jersey*, 653 B.R. 309, 340 (Bankr. D.N.J. 2023).

27.     Here, the Disclosure Statement lacks adequate information on critical issues that impact creditors' decisions to vote to accept or reject the Plan, including (a) a full and fair summary of the status of the Estimation Motion Litigation; and (b) accurate information about the continuing applicability of initial Digital Assets Conversion Table attached to the Estimation Motion to claims based on the MAPS, OXY and SRM tokens.   Accordingly, the Disclosure Statement should not be approved unless the issues raised in this Limited Objection are fully addressed and appropriate disclosures are incorporated in a further revised Disclosure Statement.

### A.    Inaccurate and Incomplete Summary of Coin Monetization Motion Litigation

27.    The Amended Disclosure Statement inaccurately paints the Estimation Motion Litigation as largely a Debtor undertaking, and it ignores entirely the significant role that Maps Vault and the other objectors played in mounting a meritorious challenge to the Debtors' valuation methodology.  The Disclosure Statement states simply as follows—

> The Debtors agreed to a separate litigation schedule with respect to the estimation of Claims based on MAPS, OXY, SRM and BOBA digital assets. The Debtors engaged in further expert discovery and briefing with certain objectors to the Petition Date value of these digital assets as proposed in the Estimation Motion. On March 20, 25 and 26, 2024, the Bankruptcy Court held an evidentiary hearing on the Estimation Motion with respect to these digital assets. The Debtors presented further expert testimony from Professor Howell and Mr. Lu. The Bankruptcy Court took the matter under advisement and a ruling is forthcoming.

(Disclosure Statement at 78.)

28.    A more accurate and balanced summary would state as follows—

> The Debtors agreed to a separate litigation schedule with respect to the estimation of certain Claims based on MAPS, OXY, SRM and BOBA digital assets, noted at "TBD" in the Digital Asset Conversion Table [D.I. 7090] (collectively, the "Objecting Claims"). The Debtors and holders of the Objecting Claims engaged in further expert discovery and briefing with certain objectors to the Petition Date as to the value of these digital assets, as proposed in the Estimation Motion. On March 20, 25, and 26, 2024, the Bankruptcy Court held an evidentiary hearing on the Estimation Motion, with respect to the value of these digital assets. The Debtors and holders of the Objecting Claims presented further expert testimony from Professor Howell, Mr. Lu, Mr. Fotios Konstantinidis, and Mr. Ioannis Gkatzimas. The Bankruptcy Court took the matter under advisement and a ruling is forthcoming.
>
> Thus, the Disclosure Statement should not be approved unless and until the foregoing or substantially similar language is incorporated in a further revised Disclosure Statement.

**B.**     **Erroneous Information Relating to Continuing Applicability
of Initial Coin Conversion Table**

29.     The Amended Disclosure Statement also fails to provide accurate information

about the continuing applicability of initial Digital Assets Conversion Table attached to the

Estimation Motion to the MAPS, OXY and SRM claims.

30.     In this connection, the Amended Disclosure Statement states as follows—

> As of the filing of the Disclosure Statement, the Digital Assets
> Estimation Order [D.I. 7090] does not include prices for the tokens
> MAPS, OXY, SRM, and BOBA, therefore the Disclosure Statement
> *estimates the value of a Claim of these tokens using the conversion
> rates set forth in the initial Digital Assets Conversion Table attached
> to the Estimation Motion."* [D.I. 5202].

(Disclosure Statement at 15 n. 12).  (emphasis added).

31.     The italicized language relating to what the Debtors appear to contend is

permissible reliance on the "initial" Digital Conversion Table numbers for the MAPS, OXY and

SRM tokens, is entirely inaccurate and misleading.  In fact, the Estimation Order, which granted

the Estimation Motion to the extent it applied to claims based on more than 400 other tokens held

by FTX customers, expressly excluded claims based on the MAPS, OXY, and SRM tokens from

its scope, with all rights reserved (except the right to assert that estimation should not be conducted

with respect to such Digital Assets).  (Estimation Order ¶ 9.)   Thus, the values set forth in the

Digital Conversion Table as to the MAPS, OXY, and SRM tokens were never "approved" by the

Court and should not be used to "estimate value" for allowance, voting, or any other purposes.

32.     A more accurate summary of the currently assumed value and related voting

rights attributable to the MAPS, OXY, and SRM tokens would be as follows—

> As of the filing of the Disclosure Statement, the Digital Assets
> Estimation Order [D.I. 7090] does not include prices for the tokens
> MAPS, OXY, SRM, and BOBA.  If the Bankruptcy Court issues a
> ruling on the value of the Objecting Claims prior to the Voting
> Deadline, the Debtors will file a further amended Disclosure

> Statement to reflect the relevant token values as determined by the
> Court. If the Court does not issue such a ruling prior to the Voting
> Deadline, such Objecting Claims shall be valued, for purposes of
> voting such Claims and consistent with the Solicitation Procedures
> Order, at the dollar amounts asserted in the respective proofs of
> claim filed by each holder of such Objecting Claims in these chapter
> 11 cases.

33.    The Disclosure Statement should not be approved unless and until the foregoing

or substantially similar language is incorporated in a further revised Disclosure Statement.

## II.    The Debtors Should Not Be Permitted to Strip Maps Vault of Right to Vote its Class 5B U.S. Customer Entitlement Claims

19.    The lack of clarity in the Amended Disclosure Statement and a corresponding

mismatch between the terms of the Solicitation Procedure Order and the outcome reflected in the

Estimation Order give rise to the possibility that the Debtors may be seeking, through the

Solicitation Procedure Order, to strip Maps Vault of the right to vote its Class 5B Customer

Entitlement Claims.

20.    It is well-settled, as reflected in the Solicitation Procedures Motion, that any

holder of a claim or interest to which an objection has been filed does not have the right to vote

the portion of the claim or interest objected to (or that portion of the claim is deemed to have a

nominal value of $1.00), unless the holder obtains an order temporarily allowing the claim or

interest in the originally stated amount for voting purposes pending resolution of the merits of the

objection. *See* 11 U.S.C. § 502(c); *see e.g.*, *Jacksonville Airport, Inc. v. Michkeldel Inc.,* 434 F.3d

729 (affirming district court's opinion that a creditor had no right to vote on the debtor's plan

pursuant to 11 U.S.C 1126(a) because it was undisputed that the debtor had filed an objection to

the creditor's claim).

21.    Application of this rule is generally straightforward, but, here, where virtually

all of the Debtors' customer's claims have been subject to an omnibus estimation motion, the

voting status of the claims impacted by the Estimation Order is less than clear.   None of these

claims were subject to an "objection," as such, under section 502(a), but all had their rights, as to

voting values and otherwise, impacted by the Estimation Order.  The lack of clarity is particularly

pronounced for creditors like the holders of the MAPS, OXY, and SRM tokens, who had their

claims "initially" estimated as zero or some other materially reduced value, and who are now

trapped in a limbo of the Debtors' making until the Court issues a ruling as to the Maps Vault and

related objections.

22.     Does the continued pendency of the Estimation Motion as to these creditors

effectively render their claims subject to "objection," and thus deprive of them of the presumptions

as to voting status and values set forth in the Solicitation Procedures Order?  Does their inability

to rely on either the initial Digital Conversion Table values or any other value approved by the

Court render them unable to complete a ballot that could be properly counted in tabulating support

or rejection of the Plan?  Nothing in the Disclosure Statement or Solicitation Procedures Order, in

its current form, supplies answers to these questions. Nor have the Debtors, when asked, been

willing to furnish answers or provide the assurances requested by Maps Vault.4

23.     Without such answers or assurance, there is a risk that the Debtors may, in fact,

be seeking to use the Solicitation Procedures Order to strip Maps Vault and others of their right to

---

4    On the eve of the Objection Deadline, the Debtors responded that MAPS, OXY and SRM claims should be
     valued at $1.00 for voting purposes because this Court had previously observed, in the context of the initial
     hearing on the still not fully resolved Estimation Motion, that at least some of the Objectors held claims that, for
     purposes of the section 502(c) estimation standard, could be deemed to be "unliquidated."  However, that
     observation was confined to the question of whether estimation was appropriate and, by the express terms of the
     Estimation Order, is not controlling for any other purpose, including allowance of any claim under section 502(b)
     or estimation under Bankruptcy Rule 3018(a).  The Solicitation Procedures, moreover, are far from clear as to
     how such "unliquidated" status is to be determined and the consequences of such status—may the Debtors look
     beyond the "the face of the Proof of Claim" and what label is to be applied if the Proof of Claim covers tokens
     that fall in both the contested and uncontested categories? Even accepting, *arguendo*, the Debtors' "unliquidated
     claim" argument, none of this is adequately discussed in the Amended Disclosure Statement and must be if
     "adequate information" is to be furnished to, not Maps Vault alone, but all holders of the MAPS, OXY and SRM
     tokens.

vote on a plan and/or to lock them into claim values that remain subject to decisions that have yet

to be made by the Court.  The Amended Disclosure Statement should not be approved unless and

until it is amended to include the following or substantially similar language—

> If the Court does not issue the Estimation Motion ruling prior to the
> Voting Deadline, the Claims based on the MAPS, OXY and SRM
> tokens shall be valued, for purposes of voting such Claims and
> consistent with the Solicitation Procedures Order, at the dollar
> amounts asserted in the respective proofs of claim filed by each
> holder of such Claims in these chapter 11 cases.

If the Court does issue its ruling on the value of these claims prior to the Voting Deadline, the

Debtors should be required to file a further amended disclosure statement to reflect the relevant

token values, as determined by the Court, and thus enable Maps Vault to submit a Ballot that could

be properly tabulated by the Debtors.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Maps Vault respectfully requests that the

Court deny approval of the Amended Disclosure Statement unless amended to remedy the defects

set forth herein and grant such other and further relief as is just and proper.

Dated: June 7, 2024
Wilmington, Delaware

**DLA PIPER LLP (US)**

/s/ *Aaron S. Appelbaum*
Aaron S. Applebaum, Esq. (DE #5587)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Email: aaron.applebaum@us.dlapiper.com

-and-

Dennis C. O'Donnell (*admitted pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Email: dennis.odonnell@us.dlapiper.com

-and-

Jeffrey S. Torosian (*admitted pro hac vice*)
Joseph A. Roselius (*admitted pro hac vice*)
444 W. Lake Street, Suite 900
Chicago, IL 60606
Telephone: (312) 368-4000
Email: jeffrey.torosian@dlapiper.com
Email: joseph.roselius@us.dlapiper.com
*Counsel for Maps Vault Limited*