IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
|  | (Jointly Administered) |
| Debtors. | **Hearing Date: January 25, 2024 at 10:00 a.m. (ET)** |
|  | Re D.I. Nos. 4863, 13628, 15520, 15521 |

## LIMITED OBJECTION OF FONDATION SERENDIPITY, FONDATION ELEMENTS, SERENDIPITY NETWORK LTD AND LIQUIDITY NETWORK LTD TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION PACKAGES; (III) APPROVING THE FORMS OF BALLOTS; (IV) ESTABLISHING VOTING, SOLICITATION AND TABULATION PROCEDURES; AND (V) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR THE CONFIRMATION OF THE PLAN

Fondation Serendipity, Fondation Elements, Serendipity Network Ltd. and Liquidity Network Ltd (collectively, the "**Maps and Oxy Foundations**"), by and through their undersigned counsel, hereby submit this limited objection (the "**Limited Objection**") to the *Motion of Debtors for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of the Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. 5202] (the "**Solicitation Procedures Motion**"),[2] filed by the debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Solicitation Procedures Motion.

11 cases (the "**Chapter 11 Cases**"). In support of their Limited Objection, the Maps and Oxy Foundations respectfully state as follows:

## PRELIMINARY STATEMENT

1. Over the course of a three-day hearing, this Court heard arguments made by the Debtors, the Maps and Oxy Foundations, Maps Vault Limited ("**Maps Vault**") and certain other parties regarding the estimated value to be ascribed to several Digital Assets, including MAPS and OXY tokens (the "**Pending Estimation Litigation**"). These tokens were expressly excluded from the order this court granted on February 7, 2024 (the "**Digital Assets Estimation Order**"), in connection with the Debtors' Estimation Motion (defined below). Although the Court has not yet ruled on the appropriate methodology to apply to estimate the value of these tokens as of the Petition Date, the Debtors' Amended Disclosure Statement nonetheless appears to ascribe no value to the Maps and Oxy Foundations' claims for plan voting purposes, as though the MAPS and OXY tokens that comprise the Maps and Oxy Foundations' claims were not excluded from the Digital Assets Estimation Order at all. Accordingly, in its current form, the Amended Disclosure Statement's summary of the Pending Estimation Litigation and characterization of the status, value and voting rights of holders of MAPS and OXY tokens is inaccurate and incomplete.

2. Moreover, the Debtors should not be permitted to use the Amended Disclosure Statement, Amended Plan and Solicitation Procedures Order to effectively disenfranchise holders of Maps and Oxy tokens. In the unlikely event a decision with respect to the Pending Estimation Litigation is not rendered before the Voting Deadline, the Amended Disclosure Statement should provide that claims of holders of Maps and Oxy tokens should be valued, solely for voting purposes, in amounts asserted in the proofs of claims they filed in the Chapter 11 Cases.

3. The Debtors should be able to remedy these deficiencies without difficulty. However, unless and until they do, the Disclosure Statement and Solicitation Procedures should not be approved.

## FACTUAL BACKGROUND

4. On November 11 and November 14, 2022 (as applicable, the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

A. **Claims Process and Chapter 11 Plan**

5. On May 19, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1519], setting the non-customer bar date to file proofs of claim against any of the Debtors as June 30, 2023, and the governmental bar date as September 29, 2023.

6. On June 28, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1793], setting the deadline for customers to file proofs of claim on account of Customer Claims as September 29, 2023.

7. On June 30, 2023, and September 28, 2023, each of the Maps and Oxy Foundations filed proofs of claim asserting customer claims against the FTX Debtors. Serendipity Foundation filed a customer claim for 2 billion MAPS tokens and 1 billion OXY tokens, which it valued in the amount of $246,720,000 as of the Petition Date. In the Pending Estimation Litigation, Serendipity Foundation valued its claim in the amount of $141,292,175 as of the Petition Date.

8. Elements Foundation filed a customer claim for 2 billion OXY tokens, which it valued in the amount of $64,640,000 as of the Petition Date. In the Pending Estimation Litigation, Elements Foundations valued its claim in the amount of $38,960,743 as of the Petition Date.

9. By the Claim Assignment Agreement, dated November 2, 2023, Elements Foundation and Liquidity Network Limited transferred their claims against the Debtors to Lavanda Sands, L.L.C. ("**LSL**").

10. On December 16, 2023, the Debtors filed (i) *the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (the "**Plan**"), (ii) the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Affiliated Debtors and Debtors-in-Possession* [D.I. 4862] (the "**Disclosure Statement**"), and (iii) the *Motion of Debtors for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving the Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. 4863] (the "**Solicitation Procedures Motion**").

11. On April 19, 2024, the Court entered the *Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 12257], extending the Debtors exclusive filing period through and including June 27, 2024, and the exclusive solicitation period through and including August 26, 2024.

12. On May 22, 2024, the Debtors filed amended versions of the Plan and Disclosure Statement [D.I. 15520, 15521] (the "**Amended Plan**" and "**Amended Disclosure Statement**," respectively).

B.  **Estimation Motion**

13. On December 27, 2023, the Debtors filed the *Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 5202] (the "**Estimation Motion**"), which proposed a Digital Asset Conversion Table to "provide a basis by which creditors can understand the value of the Claims and the Debtors can calculate the value of Claims in respect of Digital Assets for voting and distribution purposes." (Estimation Motion ¶ 3.)

14. The proposed Solicitation Procedures Order requires that, for the purposes of the Solicitation and Voting Procedures, to the extent all or part of any claim includes Digital Assets, such Digital Assets should be valued and converted to U.S. dollar amounts using the Digital Assets amounts set forth on the Debtors' Schedules or in a timely filed proof of claim as converted by the valuations to be set forth in an order by the Court. (*See* Solicitation Procedures Motion, ¶ 56.) A U.S. dollar value for claims based on Digital Assets is also required for determining projected recovery ranges for such claims in the Disclosure Statement. (Disclosure Statement, § 1.B.)

15. The Estimation Motion, invoking a number of bases for such value reductions (or "discounts"), purports to estimate the value of the MAPS tokens and OXY tokens at $0.00.

16. On January 11, 2024, the Maps and Oxy Foundations filed the *Preliminary Objection of the Maps and Oxy Foundations to the FTX Debtors Motion to Estimate Claims Based on Digital Assets* [D.I. 5617] (the "**Maps and Oxy Foundations' Preliminary Objection**"). Prior to the January 24, 2024, hearing on the Estimation Motion, the Debtors, the Maps and Oxy Foundations, Maps Vault and certain other parties agreed to extend the hearing and litigation schedule of the Estimation Motion as it relates to certain claims, including the claims of the Maps and Oxy Foundations.

17.     On February 7, 2024, following a hearing on January 25, 2024, the Court entered the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] (the "**Estimation Order**"), which granted the Estimation Motion to the extent it applied to more than 400 tokens held by FTX customers. However, the MAPS, OXY, SRM and BOBA Digital Assets (collectively, the "**Excluded Digital Assets**"), were excluded from the Estimation Order with all rights reserved (except the right to assert that estimation should not be conducted with respect to such Digital Assets). (Estimation Order ¶ 9.)

18.     On March 8, 2024, the Maps and Oxy Foundations filed the *Objection to the Debtor' Motion s to Estimate Claims Based on Digital Assets* [D.I. 8949]. On March 17, 2024, the Debtors filed the *Debtors Omnibus Supplemental Reply in Support of Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 9566].

19.     On March 20, 25, and 26, 2024, the Court held an evidentiary hearing addressing the valuation of the Excluded Digital Assets. The Court took the matter under advisement and a ruling is forthcoming.

## ARGUMENT

### I. The Amended Disclosure Statement Lacks Adequate Information Necessary for Creditors' Evaluation of Plan

20.     Under Section 1125(b) of the Bankruptcy Code, a debtor has an affirmative duty to provide a disclosure statement containing adequate information to enable a creditor to reach an informed judgment about the plan. *See In re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991) (denying approval of disclosure statement when various disclosures were inadequate). As the primary source of information upon which creditors rely in making an informed judgment about a plan, the disclosure statement must provide sufficient information to enable an impaired class to evaluate a plan. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337

F.3d 314, 322 (3d Cir. 2003) ("The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of adequate information.") (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988)).

21. Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as: "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan[.]" 11 U.S.C. § 1125(a)(1).

22. The adequacy of information in a disclosure statement is determined on a case-by-case basis through the factual circumstances at hand. *Oneida Motor Freight*, 848 F.2d at 417 (citing H.R. Rep. No. 595, 97th Cong., 1st Sess. 266 (1977)).  Section 1125 sets a floor for adequate information, not a ceiling, and favors disclosure.  *In re Ferretti*, 128 B.R. at 20; *see also Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) (noting that section 1125 "sets a floor, not a ceiling").  Section 1129(a)(2) conditions confirmation of the FTX Debtors' Plan on its compliance with the adequate information disclosure requirements of Section 1125.  *See* 11 U.S.C. § 1129(a)(2); *see also In re Diocese of Camden, New Jersey*, 653 B.R. 309, 340 (Bankr. D.N.J. 2023).

23. Here, the Disclosure Statement lacks adequate information on critical issues that impact creditors' decisions to vote to accept or reject the Plan, including (a) a full and fair summary of the status of the Estimation Motion Litigation; and (b) accurate information about the continuing applicability of initial Digital Assets Conversion Table attached to the Estimation Motion to claims

7

based on the MAPS, OXY and SRM tokens. Accordingly, the Disclosure Statement should not be approved unless the issues raised in this Limited Objection are fully addressed and appropriate disclosures are incorporated in a further revised Disclosure Statement.

> **A.  The Disclosure Statement Contains an Inaccurate and Incomplete Summary of the Pending Estimation Litigation.**

24.   The Amended Disclosure Statement improperly omits any reference to the opposition of the Maps and Oxy Foundations, Maps Vault and other objectors to the novel and, in our view, unsupportable valuation methodology proposed by the Debtors in the Estimation Motion to value MAPS and Oxy tokens. The Disclosure Statement states simply as follows—

> The Debtors agreed to a separate litigation schedule with respect to the estimation of Claims based on MAPS, OXY, SRM and BOBA digital assets. The Debtors engaged in further expert discovery and briefing with certain objectors to the Petition Date value of these digital assets as proposed in the Estimation Motion. On March 20, 25 and 26, 2024, the Bankruptcy Court held an evidentiary hearing on the Estimation Motion with respect to these digital assets. The Debtors presented further expert testimony from Professor Howell and Mr. Lu. The Bankruptcy Court took the matter under advisement and a ruling is forthcoming.

(Disclosure Statement at 78.)

25.   Instead, a more accurate and less one-sided summary would state as follows—

> The Debtors agreed to a separate litigation schedule with respect to the estimation of <u>certain</u> Claims based on MAPS, OXY, SRM and BOBA digital assets, <u>noted as "TBD" in the Digital Asset Conversion Table [D.I. 7090] (collectively, the "Objecting Claims")</u>. The Debtors <u>and holders of the Objecting Claims</u> engaged in further expert discovery and briefing <s>with certain objectors to the Petition Date</s> <u>as to the</u> value of these digital assets<u>,</u> as proposed in the Estimation Motion. On March 20, 25<u>,</u> and 26, 2024, the Bankruptcy Court held an evidentiary hearing on the Estimation Motion<u>,</u> with respect to <u>the value of</u> these digital assets. The Debtors <u>and holders of the Objecting Claims</u> presented <s>further</s> expert testimony from Professor Howell, Mr. Lu, <u>Mr. Fotios Konstantinidis, and Mr. Ioannis Gkatzimas</u>. The Bankruptcy Court took the matter under advisement and a ruling is forthcoming.

26. The Amended Disclosure Statement also fails to provide accurate information about the continuing applicability of initial Digital Assets Conversion Table attached to the Estimation Motion to the MAPS and OXY claims.

27. In this connection, the Amended Disclosure Statement states as follows—

As of the filing of the Disclosure Statement, the Digital Assets Estimation Order [D.I. 7090] does not include prices for the tokens MAPS, OXY, SRM, and BOBA, therefore the Disclosure Statement *estimates the value of a Claim of these tokens using the conversion rates set forth in the initial Digital Assets Conversion Table attached to the Estimation Motion."* [D.I. 5202].

(Disclosure Statement at 15, n. 12  (emphasis added).)

28. The italicized language relating to what the Debtors appear to contend is permissible reliance on the "initial" Digital Conversion Table numbers for the MAPS and OXY tokens is inaccurate and misleading.  In fact, the Digital Assets Estimation Order, which granted the Estimation Motion to the extent it applied to claims based on more than 400 other tokens held by FTX customers, expressly excluded claims based on the MAPS, OXY and certain other tokens from its scope, with all rights reserved (except the right to assert that estimation should not be conducted with respect to such Digital Assets).  (Digital Assets Estimation Order ¶ 9.)  Thus, the values set forth in the Digital Conversion Table as to these excluded tokens were never "approved" by the Court and should not be used to "estimate value" for allowance, voting, or any other purposes.

29. A more accurate summary of the currently assumed value and related voting rights attributable to the excluded tokens would be as follows—

As of the filing of the Disclosure Statement, the Digital Assets Estimation Order [D.I. 7090] does not include prices for the tokens MAPS, OXY, SRM, and BOBA.  <u>If the Bankruptcy Court issues a ruling on the value of the Objecting Claims prior to the Voting Deadline, the Debtors will file a further amended Disclosure Statement to reflect the relevant token values as determined by the Court.</u>  If the Court does not issue such a ruling <u>prior to the Voting Deadline</u>, such Objecting Claims shall be valued, <u>for purposes of voting such Claims and consistent</u>

<u>with the Solicitation Procedures Order, at the dollar amounts asserted in the respective proofs of claim filed by each holder of such Objecting Claims in these chapter 11 cases.</u>

30.     The Disclosure Statement should not be approved unless and until the foregoing or substantially similar language is incorporated in a further revised Disclosure Statement.

## II. The Debtors Should Not Be Permitted to Disenfranchise Holders of Claims to the Excluded Digital Assets Subject to the Pending Estimation Litigation.

31.     In addition, and importantly, until a decision with respect to the Pending Estimation Litigation is rendered, the Amended Disclosure Statement and Solicitation Procedures Order should clarify that holders of Class 5B Customer Entitlements Claims to the Excluded Digital Assets are entitled to vote claims in the amount asserted in their proofs of claim, rather than amounts set forth in the "initial" Digital Assets Conversion Table that the Court has not approved.

32.     Although it is well-settled that any holder of a claim or interest to which an objection has been filed does not have the right to vote the portion of the claim or interest objected to (or that portion of the claim is deemed to have a nominal value of $1.00), unless the holder obtains an order temporarily allowing the claim or interest in the originally stated amount for voting purposes pending resolution of the merits of the objection, here, none of the claims asserted by the Maps and Oxy Foundations were subject to an objection under section 502(a) of the Bankruptcy Code.

33.     Accordingly, and to prevent the Debtors from using the Amended Disclosure Statement and Solicitation Procedures Order to disenfranchise customers whose claims remain subject to the Pending Estimation Litigation, the Amended Disclosure Statement should not be approved unless and until it is amended to include the following or substantially similar language—

> If the Court does not issue the Estimation Motion ruling prior to the Voting Deadline, the Claims based on the MAPS, OXY and SRM tokens shall be valued,

for purposes of voting such Claims and consistent with the Solicitation Procedures Order, at the dollar amounts asserted in the respective proofs of claim filed by each holder of such Claims in these chapter 11 cases.

34. If the Court does issue its ruling on the value of these claims prior to the Voting Deadline, the Debtors should be required to file a further amended disclosure statement to reflect the relevant token values, as determined by the Court, and thus enable the Maps and Oxy Foundations to submit Ballots that could be properly tabulated by the Debtors.

## **CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, the Maps and Oxy Foundations respectfully request that the Court deny approval of the Amended Disclosure Statement unless amended to remedy the defects set forth herein and grant such other and further relief as is just and proper.

Dated: June 7, 2024
Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

/s/ *Kurt F. Gwynne*
Kurt F. Gwynne (No. 3951)
Brian M. Rostocki (No. 4599)
Benjamin P. Chapple (No. 5871)
John T. Miraglia (No. 6682)
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: kgwynne@reedsmith.com
E-mail: brostocki@reedsmith.com
E-mail: bchapple@reedsmith.com
E-mail: jmiraglia@reedsmith.com

-and-

Aaron Javian, Esq. (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: ajavian@reedsmith.com

*Counsel to the Maps and Oxy Foundations*