**<u>EXHIBIT 2</u>**

# EXHIBIT 2A

**Blackline of Solicitation and Voting Procedures**

**Exhibit 1**

**Solicitation and Voting Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## PLAN SOLICITATION AND VOTING PROCEDURES

On [~~•~~], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order in the above captioned chapter 11 cases [D.–I. ~~•~~] (the "Solicitation Procedures Order"), among other things, (i) approving the adequacy of the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. ~~•~~] (as may be modified, amended, or supplemented from time to time and including all exhibits and appendices thereto, the "Disclosure Statement"),[2] (ii) establishing the ~~Voting Record Date in connection with confirmation~~ of the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. ~~•~~] (as may be modified, amended, or supplemented from time to time, the "Plan"), (iii) approving the solicitation materials and documents to be included in the solicitation package (the "Solicitation Package"), (iv) approving the forms of Ballots, (v) establishing voting, solicitation and tabulation procedures and (vi) establishing notice and objection procedures for the confirmation of the Plan.

The Solicitation and Voting Procedures set forth ~~in this document~~below are supplemented by the instructions accompanying the Ballots (as defined below) ~~included in the Solicitation Packages~~ that will be sent to Holders of Claims and Interests in the Voting Classes (as defined below).  Reference should be made to those instructions ~~in addition to~~ this document.  In the event of any conflict among the

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

Solicitation and Voting Procedures, the instructions accompanying the Ballots and the terms of the Ballots control.

    1.   **The Voting Record Date.**

The Court has established [ ]**June 25, 2024** as the record date (the "Voting Record Date") for purposes of determining which Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 5C NFT Customer Entitlement Claims, Class 66A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B PropCoPriority DM Claims, Class 8C PropCo General Unsecured Claims and Class 11 Subordinated Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (collectively, the "Voting Classes") are entitled to vote to accept or reject the Plan and make certain elections related thereto. Only Holders of Claims and Interests in the Voting Classes as of the Voting Record Date are entitled to vote to accept or reject the Plan and make certain elections related thereto.

    2.   **The Voting Deadline.**

The Court has established [ ]**August 16, 2024, at 4:00 p.m. prevailing Eastern Time** as the voting deadline (the "Voting Deadline") to vote to accept or reject the Plan and make elections related thereto. The Debtors may extend the Voting Deadline without further order of the Court by filing a notice on the Court's docket. To be counted as votes to accept or reject the Plan or as any valid elections made through the ballots, all ballots (the "Ballots") must be executed, completed, and delivered pursuant to the Solicitations Procedures Order and the instructions set forth on the applicable Ballots so that they are actually received by Kroll Restructuring Administration, LLC (the "Solicitation Agent") no later than the Voting Deadline. Holders of Claims and Interests in the Voting Classes may submit their Ballots via (a) the Solicitation Agent's online voting platform at https://restructuring.ra.kroll.com/FTX/, or (b) mail or hand-delivery to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. Ballots submitted to the Solicitation Agent by any means other than as expressly provided in the Solicitation Procedures Order, these Solicitation and Voting Procedures and the instructions set forth on the applicable Ballot, including e-mail, facsimile, or electronic means other than the online voting portal, or Ballots submitted directly to the Debtors or any of the Debtors' advisors *shall not be valid and will not be counted*.

Only one Ballot may be submitted on account of each Claim. Holders of Claims and Interests that submit a Ballot via the Solicitation Agent's online voting platform should not also submit a paper Ballot. If multiple Ballots are received with respect to the same Claim, the last Ballot submitted in accordance with the Solicitation Procedures Order, these Solicitation and Voting Procedures and the instructions set forth on the applicable Ballot actually received by the Solicitation Agent before the Voting Deadline shall be deemed to be the effective vote or election with respect to the Claim indicated on that Ballot.

3. **Form, Content, and Manner of Notices.**

(i)    Content of the Solicitation Package.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.    the Cover Letter, which describes the contents of the Solicitation Package and recommends all Holders of Claims and Interests in the Voting Classes to vote to accept the Plan;

b.    the Official Committee Letter, which ~~recommends that~~states the Official Committee's recommendation to all Holders of General ~~Unsecured Claims~~, General Convenience Claims and Customer Entitlement Claims ~~vote~~regarding voting on whether to accept the Plan;

c.    to the extent prepared by the Ad Hoc Committee ~~Letter~~, a letter (which shall ~~only be included in the Solicitation Package to be~~ served ~~on Holders~~ of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims);

d.    these Solicitation and Voting Procedures;

e.    the applicable form of Ballot;

f.    the Disclosure Statement (and exhibits thereto, including the Plan);

g.    the Solicitation Procedures Order (excluding exhibits);

h.    the Confirmation Hearing Notice; ~~and~~

i.    the letter from the Debtors and JOLs explaining the Bahamas Opt-In Election process; and

j.    ~~i.~~ any additional documents that the Court has ordered to be made available to Holders of Claims and Interests in the Voting Classes.

(ii)    Distribution of the Solicitation Package.

(1)    *Timing of Distribution of Solicitation Packages.*

The Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims and Interests in the Voting Classes who are entitled to vote ~~as described in Section 4(i) below,~~ on or before ~~[ ]~~July 10, 2024 or as soon as reasonably practicable thereafter (the "Solicitation Mailing Deadline").

(2)    *Distribution to Holders of Claims and Interests in the Voting Classes.*

-3-

The Solicitation Package will be distributed via e-mail in electronic format to all Holders of Claims and Interests in the Voting Classes to the e-mail on file for such Holders, if any, and the e-mail address listed on the filed proof of claim or proof of interest, to the extent a proof of claim or proof of interest was filed and an e-mail address other than the e-mail address on file was used. If the message to either e-mail address is returned as undeliverable, or if the Debtors are not in possession of an e-mail address for such Holders, the Solicitation Agent shall serve the Solicitation Package on such Holders in paper or electronic format (*i.e.*, USB flash drive format) via first class mail to the extent a valid physical mailing address is known by the Debtors. The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses or e-mail addresses based on undeliverable Solicitation Packages.

Each Ballot will be prepopulated with, among other things, the Voting Amount (as defined below) of each Claim or Interest held by the Holders in each of the Voting Classes and includes detailed descriptions of the elections available to certain Holders. The Ballots on the online voting portal will provide prompts to ensure that any elections made by the Holders are consistent, thus preventing Holders from inadvertently submitting a defective Ballot and ensuring that votes to accept or reject the Plan from Holders in the Voting Classes will be counted properly.

      (iii)    <u>Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.</u>

Certain Holders of Claims that are not entitled to vote because they are unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Unimpaired Interests and Claims* (the "<u>Unimpaired Notice</u>") and the Confirmation Hearing Notice in electronic format.

Certain Holders of Claims and Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Interests and Claims* (the "<u>Impaired Notice</u>" and together with the Unimpaired Notice, the "<u>Notices of Non-Voting Status</u>") and the Confirmation Hearing Notice in electronic format.

      (iv)    <u>Distribution to Other Parties-in-Interest.</u>

All other Holders of Claims and Interests who are not receiving Solicitation Packages or the Notices of Non-Voting Status will receive the Confirmation Hearing Notice via e-mail from the Solicitation Agent. To the extent an e-mail address is not on file for any Holder of Claims or Interests, and the Debtors are in possession of a valid physical mailing address for such Holders, the Solicitation Agent shall serve the Confirmation Hearing Notice on such Holder at such physical mailing address via first class mail.

To supplement the Confirmation Notice, the Debtors plan to cause the Publication Notice containing information from the Confirmation Hearing Notice in a format modified for publication (the "<u>Publication Notice</u>") to be published in [•] on or before [•]July 10, 2024.

The Debtors shall also electronically serve all the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in ~~this case~~the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

       (v)    <u>Avoiding Duplication.</u>

To avoid duplication and to reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Proofs of Claim against a Debtor (whether against the same or multiple Debtors) and any Holder of an Interest who has ~~filed duplicative Proofs of Interest~~ against a Debtor (whether against the same or multiple Debtors) that are classified under the ~~Plan~~in the same Voting Class receives no more than one Solicitation Package (and, therefore, only one copy of each relevant Ballot) or one applicable Notice of Non-Voting Status on account of such Claim or Interest and with respect to that Class as against that Debtor.

       (vi)    <u>Quoine Customers.</u>

The Debtors may determine, no later than 180 days after the Confirmation Date, to exclude Debtor Quoine Pte. Ltd. ("Quoine") from the Plan and treat Quoine as an Excluded Entity in the event that the Singapore International Commercial Court has not entered orders in form and substance reasonably acceptable to the Debtors (i) recognizing the Chapter 11 Case of Quoine Pte. Ltd. in Singapore and (ii) granting full force and effect in Singapore to the Confirmation Order, the Digital Assets Estimation Order and the Claims Bar Date. Therefore, votes of Holders of Claims of creditors and customers of Quoine will be solicited on a contingent basis pursuant to their status as Holders of Class 5A Dotcom Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 7A Dotcom Convenience Claims or Class 7C General Convenience Claims, as applicable. In the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date, Claims against Quoine will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases, Holders of Claims of creditors and customers of Quoine will not be entitled to any Distributions under the Plan on account of such Claims, and any ballots or elections made by of Holders of Claims of creditors or customers of Quoine will be deemed null and void. In the event the Debtors do not make such determination to exclude Quoine from the Plan within 180 days after the Confirmation Date, Holders of Claims of creditors or customers of Quoine will be treated as Holders of Claims in Class 5A Dotcom Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 7A Dotcom Convenience Claims or Class 7C General Convenience Claims, as applicable.

    4.   **Voting and Tabulation Procedures.**

       (i)    <u>Holders of Claims and Interests Entitled to Vote.</u>

Only the following Holders of Claims and Preferred Equity Interests in the Voting Classes shall be entitled to vote with respect to such Claims ~~and Interests~~, and such Holders shall be allowed to vote only in the amounts set forth in Section 4(ii) of ~~these~~ Solicitation and Voting Procedures:

       a.    Holders of Claims that are listed in the Debtors' schedules of assets and liabilities[3] (collectively, and as may be amended from time to time, the

---

[3]    The Debtors filed schedules of assets and liabilities for each Debtor along with amendments thereto at D.I. 865-954, 956-63, 966-1083, 1166, ~~1729-88~~1729-65, 1985-95, 1997-2031, 2033-42, 2045-97, ~~2285-2342, 2344-82,~~

"Schedules," and those Claims appearing in the Schedules, the "Scheduled Claims") and are not scheduled as contingent, unliquidated or disputed.

b.      Holders of Claims that, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date) that supersedes their Scheduled Claims, or that asserts a Claim that does not appear in the Schedules.

c.      Holders of Preferred Equity Interests that are listed in the Debtors' *Notice of Filing of List of Equity Holders* [D.I. 450] (the "Equity List").

d.      Holders of Preferred Equity Interests that, on or before the Voting Record Date, have timely filed a Proof of Interest (or an untimely Proof of Interest that has been allowed as timely by the Court under applicable law on or before the Voting Record Date) that supersedes the Preferred Equity Interests listed in the Equity List, or that asserts a Preferred Equity Interest that is not included in the Equity List.

Holders of Claims and Interests in one or more of the Non-Voting Classes (*i.e.*, Holders of Claims and Interests in Classes 1, 2, 3B, 4, 5C, 8A, 9, 10, 12 11, 13, 14, 15, 16 and, 17 and 18) shall not be entitled to vote such Claim or Interest and any Ballot cast by a Holder on account of a Claim or Interest in a Non-Voting Class shall not be counted.

(ii)    Establishing Voting Amounts.

The Claim voting amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim or Preferred Equity Interest for any other purpose, including distributions under the Plan. Any amounts prepopulated on the Ballots by the Debtors are not binding for purposes of allowance and distribution. In tabulating votes, the amount of a Claim or a Preferred Equity Interest for purposes of voting to accept or reject the Plan (the "Voting Amount") shall be determined as follows:

(1)     *Scheduled Claims not superseded by a filed Proof of Claim or Preferred Equity Interest listed in the Equity List not superseded by a filed Proof of*

---

865-954, 956-63, 966-1083, 1166, 1729-88 1729-65, 1985-95, 1997-2031, 2033-42, 2045-97, 2285-2342, 2344-82, 2384-2408 2285-2408, 4471, 6290-6324.

*Interest*.

a. In the event a Scheduled Claim is not scheduled as contingent, unliquidated or disputed, the "Scheduled Amount" will be dispositive for voting purposes. The "Scheduled Amount" in respect of a Scheduled Claim shall be the dollar amount for such Claim set forth in the Debtors' Schedules; *provided* that, to the extent all or part of a Scheduled Claim includes cryptocurrency, such cryptocurrency will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations ~~to~~set forth either in (i) the Court's *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] or (ii) the Court's [•] (together, the "Digital Assets Estimation Order"), or as shall be set forth in an order by the Court, as applicable; *provided, further*, that to the extent all or part of a ~~Scheduled Claim~~ includes an NFT, such NFT of the Scheduled Claim will not be valued.

b. In the event a Scheduled Claim is scheduled as contingent, unliquidated or disputed, such Claim will be disallowed for voting purposes.

c. In the event a Preferred Equity Interest is listed in the Equity List, the amount entitled to be paid out of the funds and assets of FTX Trading or West Realm Shires Inc., as applicable, in the event of any voluntary or involuntary liquidation, dissolution or winding up pursuant to its certificate of incorporation effective as of the Petition Date (such amount, the "Liquidation Amount")[4].

(2) *Scheduled Claims superseded by a timely filed Proof of Claim or listed Preferred Equity Interest superseded by a timely filed Proof of Interest*.

a. Subject to any Resolution Event (as defined below), in the event (i) a Scheduled Claim is not scheduled as contingent, unliquidated or disputed and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court

---

[4] The Liquidation Amount of a Preferred Equity Interest under the certificate of incorporation of FTX Trading or West Realm Shires Inc., as applicable, is generally defined as an amount equal to the greater of (i) one times the applicable original issue price, plus any dividends declared but unpaid thereon, or (ii) such amount per share as would have been payable had all preferred shares been converted into common shares thereunder immediately prior to a liquidation event.

under applicable law on or before the Voting Record Date) or (ii) the Holder of the Preferred Equity Interest timely filed a Proof of Interest (or an untimely Proof of Interest that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim or the Liquidation Amount of the asserted Preferred Equity Interests, as applicable, shall control for voting purposes; *provided*, that if such Proof of Claim or Proof of Interest is filed as partially liquidated and partially unliquidated or contingent, such Claim or Preferred Equity Interest shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if such Proof of Claim or Proof of Interest is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, the Scheduled Amount or the Liquidation Amount of the Preferred Equity Interests listed in the Equity List shall then control for voting purposes.

b.    Subject to any Resolution Event, in the event a Claim is scheduled as contingent, unliquidated or disputed and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim shall control for voting purposes; *provided*, that if such Proof of Claim is filed as partially liquidated and partially unliquidated or contingent, such Claim shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if (i) such Proof of Claim is wholly contingent, unliquidated, or disputed (based on the face of such Proof of Claim or as determined upon the reasonable review of the Debtors) or (ii) such Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, such Claim shall count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that if the objection from the Debtors or any other party-in-interest is an objection to reduce the amount asserted in such Proof of Claim, such Claim shall count for voting purposes only in the reduced amount.

(3)    *A filed Proof of Claim in respect of an unscheduled Claim or a filed Proof of Interest in respect of an unlisted Preferred Equity Interest*.

a.    Subject to any Resolution Event, in the event that (i) a Claim is not scheduled by the Debtors and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date) or (ii) a Preferred Equity Interest is not listed in the Equity

List and the Holder of a Preferred Equity Interest timely filed a Proof of Interest (or an untimely Proof of Interest that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim or the Liquidation Amount of the asserted Preferred Equity Interests, as applicable, shall control for voting purposes; *provided*, that if such Proof of Claim or Proof of Interest is filed as partially liquidated and partially unliquidated or contingent, such Claim or Preferred Equity Interest shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if (i) such Proof of Claim or Proof of Interest is wholly contingent, unliquidated, or disputed (based on the face of such Proof of Claim or Proof of Interest or as determined upon the reasonable review of the Debtors) or (ii) such Proof of Claim or Proof of Interest is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, such Claim or Preferred Equity Interest shall count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that if the objection from the Debtors or any other party-in-interest is an objection to reduce the amount asserted in such Proof of Claim or quantity of Preferred Equity Interests in such Proof of Interest, such Claim or Preferred Equity Interests, as applicable, shall count for voting purposes only in the reduced amount.

(4)     *Resolution Event.*

a.      Notwithstanding the foregoing, with respect to all Claims and Preferred Equity Interests in the Voting Classes, the ~~Claim amount for voting purposes~~Voting Amount shall be the amount: (i) settled and/or agreed upon by ~~the Debtors,~~ in consultation with the Committee, and the applicable Holder, as reflected in a document filed with the Court; (ii) set forth in an order of the Court (either pursuant to section 502(a) of the Bankruptcy Code allowing such Claim or Preferred Equity Interest, Bankruptcy Rule 3018 temporarily allowing ~~such Claim~~ or Preferred Equity Interest in a specified amount for voting purposes, or otherwise); (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court and the applicable Holder; or (iv) set forth in e-mailed instructions from the Debtors' counsel to the Solicitation Agent with the applicable Holder copied, and which amount shall be confirmed by the applicable Holder (clauses (i) through (iv), the "Resolution Events").

Notwithstanding anything to the contrary herein:

a.      if a Claim is scheduled as contingent, unliquidated, or disputed and a

Proof of Claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes;

b.    Holders of Proofs of Claim filed for $0.00 or zero cryptocurrency or other digital assets, as applicable, are not entitled to vote;

c.    Holders of Proofs of Preferred Equity Interests filed for $0.00 or zero Preferred Equity Interests are not entitled to vote;

d.    c. Claims that have been paid, scheduled to be paid in the ordinary course of business, or otherwise satisfied are disallowed for voting purposes;

e.    d. Claims or Preferred Equity Interests that have been disallowed for voting or distribution purposes by an order of the Court are disallowed for voting purposes;

f.    e. any creditor who has filed or purchased duplicate Claims or Preferred Equity Interests within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim or Preferred Equity Interest in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

g.    f. if a Proof of Claim or Proof of Interest is amended, the last-filed, otherwise valid, Proof of Claim or Proof of Interest shall be subject to these procedures and will supersede any earlier filed Proof of Claim or Proof of Interest , and any earlier filed Proof of Claim or Proof of Interest will be disallowed for voting purposes.

(iii)    Voting and Ballot Tabulation Procedures.

The following voting procedures and assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or order of the Bankruptcy Court:

a.    Each Holder of Claims or Preferred Equity Interest must vote the entire amount of such Holder's Claim(s) or Preferred Equity Interest(s) indicated on one Ballot either to accept or reject the Plan. Each Holder of Claims or Preferred Equity Interests may not bifurcate its claims Claims or Equity Interests on one Ballot. If multiple Ballots are received from a Holder with respect to the same Claim or Preferred Equity Interest prior to the Voting Deadline, the last properly executed Ballot timely received will supersede and revoke any prior received Ballot.

b.     To the extent that a Holder of Claims or Preferred Equity Interests receives multiple Ballots on account of ~~different~~ Claims or Preferred Equity Interests, such Holder is not required to vote to ~~accept or reject the Plan in the~~ same manner or make the same elections in all of the Ballots.

c.     The Class 5A, ~~Class 5B,~~ and Class 7A ~~and Class 7B~~ Ballots contemplate that Holders of Class 5A Dotcom Customer Entitlement Claims, ~~or~~ Class ~~5B U.S. Customer Entitlement Claims, Class~~ 7A Dotcom Convenience Claims ~~or Class 7B U.S. Convenience Claims may elect to accept the Customer Preference Settlement (the "Customer Preference Settlement Election") in respect of their respective~~ may make an irrevocable election (the "Bahamas Opt-In Election"), subject to effectiveness of the Plan, to (i) forever, fully and finally release and discharge the Debtors with respect to such Claims and (ii) forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases in exchange to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s ("FTX DM") liquidation proceeding in The Bahamas (the "FTX DM Liquidation Proceeding"). Any Holder who wishes to have its Class 5A Dotcom Customer Entitlement Claims, ~~or~~ Class ~~5B U.S. Customer Entitlement Claims, Class~~ 7A Dotcom Convenience Claims ~~or Class 7B U.S. Convenience Claims and have the respective claim amount reduced by the Preference Settlement Amount. A Holder will be required to pay in cash to the Debtors to the extent the Preference Settlement Amount exceeds the Scheduled Amount in respect of each of such Claims. The Debtors may also exclude the Customer Preference Action associated with certain Claim from the Customer Preference Settlement as an Excluded Customer Preference Action at any time prior to the Confirmation. As a result, for Holders that make the Customer Preference Settlement Election in respect of a Claim, the Debtors are also soliciting votes on the Plan for the scenario where the Debtors exclude the Customer Preference Action associated with such Claim from the Customer Preference Settlement as an Excluded Customer Preference Action. For the avoidance of doubt, the Customer Preference Settlement Election will not affect the Voting Amount.~~ administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding must (i) submit a proof of debt in the FTX DM Liquidation Proceeding via the FTX DM Portal, (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other required steps in the FTX DM Liquidation Proceeding (collectively (i) through (iii), the "Bahamas Requirements"). In the event a Holder makes the Bahamas Opt-In Election, but fails to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX

DM Liquidation Proceeding, such Holder, subject to effectiveness of the Plan, (i) forever, fully and finally releases and discharges the Debtors with respect to such Claims, (ii) forever, fully and finally withdraws with prejudice such Claims from these Chapter 11 Cases and (iii) may not have its Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

Subject to the effectiveness of the Plan, by making the Bahamas Opt-In Election, a Holder making the Bahamas Opt-In Election agrees to make its KYC Information submitted in these Chapter 11 Cases accessible to FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorizes the Debtors to make such KYC Information available to FTX DM and its agents and representatives.

Any Holder who makes the Bahamas Opt-In Election, subject to effectiveness of the Plan, shall not have the applicable Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases, and the Solicitation Agent will be authorized to update the Claims Register accordingly. Any Holder who makes the Bahamas Opt-In Election will not receive any Distributions from the Debtors in these Chapter 11 Cases on account of the applicable Claim and will not be entitled to complete any other part of the Ballot or make any of the other elections in these Chapter 11 Cases with respect to such Claim. In the event a Holder makes the Bahamas Opt-In Election and completes any other part of the Ballot or make any other elections in the Ballot, the Bahamas Opt-In Election shall control and the Ballot will be disregarded and not counted and the other elections deemed null and void. Further, any Holder who makes the Bahamas Opt-In Election in the applicable Ballot shall be deemed to vote in favor of the Plan.

Any Holder who does not make the Bahamas Opt-In Election in the applicable Ballot shall have its applicable Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases. Notwithstanding anything to the contrary in the foregoing, with respect to any Class 5A Dotcom Customer Entitlement Claim or Class 7A Dotcom Convenience Claim, (i) in the event a proof of debt has been timely submitted in the FTX DM Liquidation Proceeding in respect of such Claim (regardless whether a properly executed Ballot with respect to such Claim is received by the Solicitation Agent on or prior to the Voting Deadline and regardless whether the Bahamas Opt-In Election was not made in such Ballot) and all other Bahamas Requirements in the FTX DM Liquidation Proceeding have been completed, such Claim shall, subject to the effectiveness of the Plan, be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding and the Holder of such Claim shall, subject to the

effectiveness of the Plan, forever, fully and finally release and discharge the Debtors with respect to such Claims and forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases and (ii) in the event a properly executed Ballot with respect to such Claim is not received by the Solicitation Agent on or prior to the Voting Deadline, such Claim shall, subject to effectiveness of the Plan, be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases, unless a proof of debt has been timely submitted in the FTX DM Liquidation Proceeding and all other Bahamas Requirements in the FTX DM Liquidation Proceeding have been completed in respect of such Claim.

d.    The Class 5A, Class 5B and Class ~~6~~6A Ballots contemplate that ~~all~~ Holders ~~of such classes may~~may, if they also vote to accept the Plan, make the Convenience Claim ~~Election and receive the treatment for~~ Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims and Class 7C General Convenience Claims, respectively. ~~For any Holder who makes the Customer Preference Settlement Election in respect of a~~, except that Holders of Class 5A Dotcom Customer Entitlement ~~Claim or Class 5B U.S. Customer Entitlement Claim, the Debtors are also soliciting~~Claims who make the Bahamas Opt-In Election will not be entitled to make the Convenience Claim Election ~~for the scenario where the Debtors exclude the Customer Preference Action associated with such Claim from the Customer Preference Settlement as an Excluded Customer Preference Action.~~in these Chapter 11 Cases, but should be entitled to make a similar election in the FTX DM Liquidation Proceeding.  A Holder of a Class 5A, Class 5B or Class 6A Claim that makes the Convenience Class Election will be deemed to vote to accept the Plan.  In the event a Holder makes the Convenience Class Election and votes to reject the Plan, such Holder's Convenience Class Election shall control and its vote to reject the Plan will be null and voided.  For the avoidance of doubt, the Convenience Claim Election does not change the nature of a Claim for purposes of Voting and as such a Holder's vote to accept ~~or reject~~ the Plan will be counted in the original Voting Amount in the Voting Class in which the Claim was originally classified.

e.    Each Claim asserted in currency other than U.S. dollars (other than cryptocurrency) shall be automatically deemed converted to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Petition Date.

f.    Each Claim asserted in cryptocurrency shall be converted to U.S. dollars by the valuations ~~to~~set forth either in the Digital Assets Estimation Order, or as shall be set forth in an order by the Court, as applicable.

-13-

g.      Except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count such Ballot in connection with confirmation of the Plan.

h.      The Solicitation Agent will date-stamp all Ballots when received. All Ballots submitted via the Solicitation Agent's online voting portal will also be time-stamped upon receipt. The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court.

i.      In light of the substantive consolidation proposed to be effectuated pursuant to the Plan, for purposes of determining Class acceptance or rejection of the Plan, the Solicitation Agent shall tabulate Ballots in respect of the Debtors collectively on a consolidated basis.

j.      The Debtors will file the Voting Report by [~~ ~~**October 18**], 2024, at **4:00 p.m.** prevailing Eastern Time (the "~~Voting Report Deadline~~"). The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity, including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged (collectively, in each case, the "Irregular Ballots"). The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots.

k.      Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted; *provided* that the Debtors, in consultation with the Committee, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report.

l.      The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each such Holder. Except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot, and delivery of a Ballot to the Solicitation Agent by any means other than expressly provided in these Solicitation and Voting Procedures will not be valid.

m.     No Ballot should be submitted to the Debtors, the Debtors' agents or representatives (other than the Solicitation Agent), the Debtors' financial or legal advisors, the Committee, the Committee's agents or representatives, the Committee's financial or legal advisors, the

Committee's members, the Ad Hoc Committee, the Ad Hoc Committee's agents or representatives, the Ad Hoc Committee's financial or legal advisors, or the Ad Hoc Committee's members, the JOLs, the JOLs' agents or representatives, or the JOLs' financial or legal advisors, and, if so sent, will not be counted.

n.    A person signing a Ballot in that person's capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims or Preferred Equity Interests must indicate such capacity when signing.

o.    In the event a designation of lack of good faith is requested by a party-in-interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Preferred Equity Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected.

p.    Subject to any order of the Court, the Debtors reserve the right to, in consultation with the Committee and the Ad Hoc Committee, reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report.

q.    If a Claim has been estimated or otherwise allowed only for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

r.    If an objection to a Claim or a Preferred Equity Interest is filed, such Claim or Preferred Equity Interest shall be treated in accordance with the procedures set forth herein.

s.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan:

    i.    any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim or Preferred Equity Interest;

    ii.    any Ballot cast by any entity that does not hold a Claim or a Preferred Equity Interest in a Voting Class;

    iii.    any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (or deemed timely filed by an order of the Court prior to the Voting Record Date) or for a

Preferred Equity Interest not listed in the Equity List for which no Proof of Interest was timely filed by the Voting Record Date (or deemed timely filed by an order of the Court prior to the Voting Record Date);

iv. any unsigned Ballot or Ballot lacking a wet ink signature (for the avoidance of doubt, a Ballot submitted via the Solicitation Agent's online balloting portal shall be deemed a wet ink signature);

v. any Ballot not marked to accept or reject the Plan (which may be through making certain elections on the applicable Ballot) or marked both to accept and reject the Plan;

vi. any Ballot transmitted by facsimile, e-mail, or other means not specifically approved pursuant to the Solicitation Procedures Order or contemplated by these Solicitation and Voting Procedures;

vii. any Ballot submitted to any of the Debtors, the Debtors' agents or representatives other than the Solicitation Agent, the Debtors' financial or legal advisors, the Committee, the Committee's agents or representatives, the Committee's financial or legal advisors, the Committee's members, the Ad Hoc Committee, the Ad Hoc Committee's agents or representatives, the Ad Hoc Committee's financial or legal advisors, or the Ad Hoc Committee's members; and

viii. any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein;

t. in the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date as described in Section 3(vi) of these Solicitation and Voting Procedures, any Ballot submitted on account of a Claim against Quoine will not be counted in determining the acceptance or rejection of the Plan and any elections made on any Ballot shall be deemed null and void;

u. ~~t.~~ neither the Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

v. ~~u.~~ after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors, in consultation with the Committee and the Ad Hoc Committee, or further order of the Court;

w. ~~v.~~ the Debtors are authorized to enter into stipulations with the Holder

of any Claim or Preferred Equity Interest agreeing to the amount of a Claim or Preferred Equity Interest, as applicable, for voting purposes, with such stipulations to be disclosed on the Voting Report; and

x. for any of the Voting Classes, the Debtors reserve the right to treat such Class as Unimpaired and conclusively deemed to have accepted the Plan. In the event that the Debtors exercise such right, the Debtors are authorized to disregard any Ballots previously submitted by Holders of such Claims and Interests in such affected Class; and

y. w. where any portion of a single Claim or a Preferred Equity Interest has been transferred to a transferee, all Holders of any portion of such single Claim or Preferred Equity Interest will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other solicitation and voting procedures set forth herein) and, (ii) required to vote every portionany and all portions of such Claim or Preferred Equity Interest collectively to accept or reject the Plan and (iii) required to collectively make the same election(s) with respect to every portion of such Claim or Preferred Equity Interest. In the event that (x) a Ballot or (y) a group of Ballots received from the various Holders of multiple portions of a single Claim or Preferred Equity Interest partially reject and partially accept the Plan, contain inconsistent election(s), or do not represent, or collectively represent, all portions of such Claim or Preferred Equity Interest, such Ballots shall not be counted and such election(s) shall be deemed null and void.

z. All votes and elections contained in the last properly executed Ballot submitted as of the Voting Deadline with respect to any Claim or Interest shall be binding on any subsequent transferee of such Claim or Interest.

(iv) Master Ballot Procedures.

The following procedures shall apply to accommodate any attorney representing Holders holding 50 or more Claims or Interests in a single Voting Class. The Debtors reserve the right to waive any of the below specified requirements, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or order of the Bankruptcy Court.

For any attorney representing Holders holding 50 or more Claims or Interests in a single Voting Class, in lieu of submitting Ballots through the Solicitation Agent's online voting portal or via mail or hand-delivery for each such Claim or Interest, such attorney may email a signed and completed PDF version of a master ballot to ftxballots@ra.kroll.com, reflecting the votes and election(s) for the underlying claims, accompanied by a spreadsheet in Microsoft Excel format (the spreadsheet together with the signed and completed PDF version of the Ballot, a "Master Ballot"). Such spreadsheet must include each of the following data points in the following order for each underlying claim, as applicable: (i) client unique Ballot ID, (ii) client claim number, (iii) client schedule number, (iv) client name, (v) voting amount, (vi) scheduled amount and (vii) stipulated amount. A form of the spreadsheet will be provided

to attorneys upon request to ftxballots@ra.kroll.com.  Failure to include any of the aforementioned data points in the spreadsheet may result in the exclusion of the Master Ballot from being counted in determining the acceptance or rejection of the Plan.  Furthermore, (x) each Master Ballot must include at least 50 underlying Claims or Interests in the applicable Voting Class, unless otherwise agreed to by the Debtors in their sole discretion, (y) all such underlying Claims or Interests shall vote and make the election(s) in the same manner, and (z) the signed and completed PDF version of the Ballot and the spreadsheet must be consistent with each other with respect to the vote and election(s).  Failure to comply with any of the foregoing requirements may result in the exclusion of the Master Ballot from being counted in determining the acceptance or rejection of the Plan.

To the extent that a specific Claim or Interest appears on more than one (1) Master Ballot, the Solicitation Agent will use reasonable efforts to inform the attorneys submitting the affected Master Ballots of the duplicated Claims or Interests.  It is the sole obligation and responsibility of the attorneys to coordinate with each other to resolve the conflicting submissions and for the appropriate attorney to submit the Master Ballot in respect of such Claims or Interests together with an email to ftxballots@ra.kroll.com copying all affected attorneys confirming such resolution.  The Solicitation Agent is entitled to rely upon any such email.  If the attorneys are unsuccessful in reaching consensus regarding which attorney is voting on behalf of the Claims or Interests, and the Solicitation Agent receives multiple inconsistent Ballots on account of such Claims or Interests (*i.e.*, a vote to accept the Plan and a vote to reject the Plan), the Solicitation Agent is authorized to invalidate all such inconsistent votes.  If the attorneys are unsuccessful in reaching consensus regarding which attorney is voting on behalf of the Claims or Interests and the Solicitation Agent receives multiple consistent Ballots on account of such Claims or Interests (*i.e.*, multiple votes to accept the Plan or multiple votes to reject the Plan), the Solicitation Agent is authorized to treat such votes as duplicative and count them only once for numerosity purposes.  For the avoidance of doubt, if the Solicitation Agent timely receives a Ballot directly through the Solicitation Agent's online voting portal or via mail or hand-delivery from a Holder of Claims or Interests that is inconsistent with a corresponding Master Ballot cast by such Holder's attorney, the vote cast directly by the Holder of Claims or Interests will control.  Notwithstanding anything to the contrary herein, neither the Debtors nor the Solicitation Agent are obligated to attempt to cure any inconsistent votes.

*    *    *    *    *    *

## **EXHIBIT 2B-1**

**Blackline of Unimpaired Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## UNIMPAIRED INTERESTS AND CLAIMS

      **PLEASE TAKE NOTICE** that on [•], 2024 the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. •]  (the "Solicitation Procedures Order").  Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"). You are being provided this notice with respect to, voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan").[2]

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://casesrestructuring.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

**UNDER THE TERMS OF THE PLAN, CLASS 1 PRIORITY TAX CLAIMS, CLASS 2 OTHER PRIORITY CLAIMS, CLASS 3B OTHER SECURED CLAIMS, CLASS 4 SEPARATE SUBSIDIARY CLAIMS, CLASS 5C NFT CUSTOMER ENTITLEMENT CLAIMS AND CLASS 8A PROPCO ORDINARY COURSE OPERATING EXPENSE CLAIMS WILL BE SATISFIED IN FULL OR OTHERWISE UNAFFECTED. THEREFORE, IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, YOUR CLAIMS IN THESE CLASSES ARE CONSIDERED UNIMPAIRED AND WILL BE PAID IN FULL OR OTHERWISE UNAFFECTED BY THE DEBTORS' CHAPTER 11 CASES. IN ACCORDANCE WITH SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND ARE NOT ENTITLED TO VOTE ON THE PLAN.**

**BECAUSE YOU ARE PRESUMED TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO CONSENT TO THE RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN (THE "THIRD-PARTY RELEASE") IF YOU FAIL TO OBJECT TO SUCH THIRD-PARTY RELEASE BEFORE THE CONFIRMATION OBJECTION DEADLINE (AS SET FORTH BELOW). IF YOU DO OBJECT TO THE GRANT OF SUCH THIRD-PARTY RELEASE, YOU MUST FILE AN OBJECTION TO THE PLAN AS SET FORTH BELOW. FOR YOUR CONVENIENCE, THE DEFINED TERMS AND FULL TEXT OF SECTION 10.5 OF THE PLAN ARE SET FORTH AT THE END OF THIS NOTICE.**

If you hold a separate, additional Claim or Interest for which you are entitled to vote, then you will also receive a Ballot and other solicitation materials under separate cover.

<u>**Relevant Deadlines**</u>

The hearing at which the Court will consider the Confirmation of the Plan (the "Confirmation Hearing") will commence on [•], 2024 at [•] **prevailing Eastern Time**, or such other time as the Court determines. The Confirmation Hearing will take place before the Honorable John T. Dorsey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on such parties as the Court may order. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and other applicable law, prior to, during or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

Any objection to the Confirmation confirmation of the Plan must: (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor and (5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than [•] at [•] August 16, 2024 at 4:00 p.m. prevailing Eastern Time (the "Confirmation Objection Deadline"). UNLESS AN OBJECTION IS

**TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

### Notice Parties

(a) Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (~~dietdericha@sullcrom.com~~dietdericha@sullcrom.com), Brian D. Glueckstein (~~gluecksteinb@sullcrom.com~~gluecksteinb@sullcrom.com) and Alexa J. Kranzley (~~kranzleya@sullcrom.com~~kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market ~~Street, Suite 1800,~~ Wilmington, Delaware 19801, Attn: Adam G. Landis (~~landis@lrclaw.com~~landis@lrclaw.com) and Kimberly A. Brown (~~brown@lrclaw.com~~brown@lrclaw.com);~~

(b) The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (~~linda.richenderfer@usdoj.gov~~linda.richenderfer@usdoj.gov);~~

(c) Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (~~krishansen@paulhastings.com), Erez Gilad (erezgilad@paulhastings.com) and Gabriel Sasson (gabesasson@paulhastings.com)~~krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, ~~LLP, Rodney Square, 1000 North~~ King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (~~mlunn@yest.com~~mlunn@ycst.com) and Robert F. Poppiti, Jr. (~~rpoppiti@yest.com~~rpoppiti@ycst.com);~~

(d) Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com:~~ (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (~~erinbroderick@eversheds-sutherland.com~~erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht ~~& Tunnell LLP, 1201 North Market Street,~~ 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com); ~~and~~

(e) ~~Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com); and~~

(f) ~~(e)~~ To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

The Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than [•]August 9, 2024.

## Obtaining Copies of Relevant Documents

Copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration, LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX.  In addition, the Debtors will, at their expense, provide paper copies of the Plan, the Plan Supplement, the Disclosure Statement or the Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at [•](888) 482-0049 (toll-free) or +[•]+1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you as to whether you should contest your non-voting status or object to the confirmation of on matters relating to the Disclosure Statement or the Plan.

Dated: [•]
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        mcguire@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

## NOTICE REGARDING CERTAIN RELEASE, EXCULPATION
## AND INJUNCTION PROVISIONS IN THE PLAN

**THE PLAN CONTAINS FURTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS,** ~~WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED,~~ **INCLUDING:**

### Section 10.5 Voluntary Release by Holders of Claims and Interests

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section** ~~10.5~~ **10.5 shall cause the release of (a) any Excluded Party** ~~nor,~~ **(b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down** ~~Estate~~**Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

Under the Plan, "Released Parties" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

Under the Plan, "Releasing Parties" means (a) the Debtors; (b) each of the Official Committee and its current members, in their capacities as such the Supporting Parties, (c) the Holders of all Claims who vote to accept the Plan; and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth therein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Opt-Out Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

Under the Plan, "Excluded Party" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

Under the Plan, "Exculpated Party Parties" means (a) the Debtors; (b) the Official Committee and its current members, in their capacities as such; (c) the Fee Examiner; and (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (ee), such Entity's current directors, officers, employees, attorneys any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisors advisor, restructuring advisors advisor, investment bankers, accountants and other professionals or representatives solely when acting in any such capacities, in each case, current as of the Confirmation Date banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

Under the Plan, "Control Person Persons" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison, (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

**PLEASE BE ADVISED THAT YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN UNLESS YOU FILE A**

TIMELY OBJECTION TO THE RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN BY THE CONFIRMATION OBJECTION DEADLINE.

**Section 10.4  Debtors' Release**

**Except as otherwise specifically provided in the Plan with respect to the Preserved Potential Claims, for good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases and the implementation of the orderly liquidation contemplated by the Plan, on and after the Effective Date, to the fullest extent permitted by applicable law, the Released Parties are hereby conclusively, absolutely, unconditionally, irrevocably and forever released, waived and discharged by the Debtors, the Plan Administrator and the Estates, including any successor to, or assignee of, the Debtors or any Estate representative, from all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the businesses of the Debtors, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the release of any mortgage, lien or security interest, the distribution of proceeds, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act;** *provided* **that the release under this** Section ~~10.4~~10.4 **shall not apply to** (a) **any Excluded Party** ~~nor to~~, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) **any Preserved Potential Claims to the extent such Preserved Potential Claims are brought by and for the benefit of the Wind Down** ~~Estates~~Entities **with the approval of the Plan Administrator,** ~~unless otherwise specifically provided in the Plan or the Plan Supplement~~**. Nothing in the Plan or Confirmation** Order **shall affect any releases previously granted or approved by the Court.**

**Section** ~~10.7~~10.8 **Exculpation**

Notwithstanding anything herein to the contrary, as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors,

restructuring advisors and other professional advisors, representatives and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with the solicitation.

As of the Effective Date, to the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in Section ~~10.4~~10.4 or Section ~~10.5~~10.5 of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Entity for any act or omission in connection with, related to, or arising out of these Chapter 11 Cases, including (a) the operation of the Debtors' businesses during the pendency of these Chapter 11 Cases; (b) the administration and adjudication of Claims and Interests during these Chapter 11 Cases; (c) formulating, negotiating, preparing, disseminating, implementing, administering, confirming and/or effecting the Plan, the Disclosure Statement, the Plan Supplement or any related contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases (including the solicitation of votes for the Plan and other actions taken in furtherance of Confirmation and Consummation of the Plan, the trading or sale of ~~Cryptocurrencies~~cryptocurrencies and tokens in connection with the Chapter 11 Cases, the offer and issuance ~~of any securities~~ under or in connection with the Plan and the distribution of property, Digital Assets, or tokens under the Plan); or (d) any other transaction, agreement, event, or other occurrence related to these Chapter 11 Cases taking place on or before the Effective Date, other than liability resulting from any act or omission that is determined by Final Order to have constituted gross negligence, willful misconduct, fraud or a criminal act.  Notwithstanding anything contained herein to the contrary, the foregoing exculpation does not exculpate any Excluded Party.  Nothing in the Plan or Confirmation shall affect any exculpation orders previously granted or approved by the Court.

Section ~~10.8~~10.9  Injunction

Except as otherwise expressly provided in the Plan or Confirmation Order with respect to Preserved Potential Claims, the satisfaction and release pursuant to this ~~Section 10.8~~Article 10 shall also act as a permanent injunction against any Person who has held, holds or may hold Claims, Interests or Causes of Action from (a) commencing or continuing any action to collect, enforce, offset, recoup or recover with respect to any Claim, liability, obligation, debt, right, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by ~~section~~sections 524 or 1141 thereof~~;          ,~~ (b) enforcing, attaching, collecting, or recovering by any ~~manner~~ or means any judgment, award, decree, or order on account of or in connection with or with respect to any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind on account of or in connection with or with respect to any such Claims or Interests; and~~——~~ (d) asserting any right of setoff, subrogation or recoupment of any kind on account of or in connection with or with respect to any such Claim or Interest, notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise, against any Plan Asset, the Wind Down ~~Estates~~Entities, any Holder of a Claim or Interest or any initial or subsequent transferee. Notwithstanding anything to the contrary in the Plan, all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the

Plan and from asserting any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down ~~Estates~~ Entities as of the Effective Date.

| | |
|---|---|
| Dated: [•], 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP** |
| | Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>        mcguire@lrclaw.com<br>        brown@lrclaw.com<br>        pierce@lrclaw.com |
| | -and- |
| | **SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>        bromleyj@sullcrom.com<br>        gluecksteinb@sullcrom.com<br>        kranzleya@sullcrom.com |
| | *Counsel for the Debtors and Debtors-in-Possession* |

## **EXHIBIT 2B-2**

**Blackline of Impaired Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ———————————————————— x | | |
| In re | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ———————————————————— x | | |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**IMPAIRED INTERESTS AND CLAIMS**

        **PLEASE TAKE NOTICE** that on [•], 2024 the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. •] (the "Solicitation Procedures Order"). Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"). ~~You are being provided this notice with respect to,~~ voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan").[2]

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://~~cases~~restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologi~~es Ltd is Unit~~ 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

UNDER THE TERMS OF THE PLAN, CLASS ~~12 EQUITABLY SUBORDINATED CLAIMS, CLASS 13 FTT CLAIMS, CLASS 14 PREFERRED EQUITY INTERESTS, CLASS 15~~13 SECTION 510(B) PREFERRED EQUITY CLAIMS, CLASS 14 SECTION 510(B) OTHER EQUITY CLAIMS, ~~CLASS 15 EQUITABLY SUBORDINATED CLAIMS,~~ CLASS 16 OTHER EQUITY INTERESTS ~~AND,~~ CLASS 17 FTT INTERESTS AND CLASS 18 *DE MINIMIS* CLAIMS WILL NOT RECEIVE ANY ~~DISTRIBUTIONS. THEREFORE, IF~~ THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, YOUR CLAIMS AND INTERESTS IN THESE CLASSES ARE CONSIDERED IMPAIRED AND YOU WILL NOT RECEIVE ANY DISTRIBUTIONS UNDER THE PLAN.  IN ACCORDANCE WITH SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY PRESUMED TO HAVE REJECTED THE PLAN AND ARE NOT ENTITLED TO VOTE ON THE PLAN.

YOU MAY OPT OUT OF THE RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN (THE "THIRD-PARTY RELEASE").  ATTACHED AS ANNEX A TO THIS NOTICE IS AN ELECTION FORM TO OPT OUT OF THE THIRD-PARTY RELEASE. YOU MUST CHECK THE "OPT-OUT" BOX ON THE ELECTION FORM AND RETURN THE FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH IN THE FORM IN ORDER TO OPT OUT OF THE THIRD-PARTY RELEASE.

HOLDERS OF CLASS 17 FTT INTERESTS AND CLASS 18 *DE MINIMIS* CLAIMS MAY BE ELIGIBLE TO HAVE THEIR CLAIMS ADMINISTERED, RECONCILED, VALUED, SETTLED, ADJUDICATED, RESOLVED AND SATISFIED IN FTX DIGITAL MARKETS LTD.'S LIQUIDATION PROCEEDING IN THE BAHAMAS AND MAY FILE A PROOF OF DEBT ON OR BEFORE THE VOTING DEADLINE OF AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME, VIA THE FTX DM PORTAL AT [https://digitalmarketsclaim.pwc.com] OR BY SCANNING THIS QR CODE:



If you hold a separate, additional Claim or Interest for which you are entitled to vote, then you will also receive a Ballot and other solicitation materials under separate cover.

### Relevant Deadlines

The hearing at which the Court will consider the Confirmation of the Plan (the "Confirmation Hearing") will commence on [•], 2024 at [•] prevailing Eastern Time, or such other time as the Court determines.  The Confirmation Hearing will take place before the Honorable John T. Dorsey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of

Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on such parties as the Court may order. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and other applicable law, prior to, during or as a ~~result of the~~ Confirmation Hearing, without further notice to parties in interest.

Any objection to the ~~Confirmation~~confirmation of the Plan must: (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor; and (5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than ~~[•] at [•]~~August 16, at 4:00 p.m. prevailing Eastern Time (the "**Confirmation Objection Deadline**"). **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

### Notice Parties

(a)  Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (~~dietdericha@sullcrom.com~~dietdericha@sullcrom.com), Brian D. Glueckstein (~~gluecksteinb@sullcrom.com~~gluecksteinb@sullcrom.com) and Alexa J. Kranzley (~~kranzleya@sullcrom.com~~kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market ~~Street, Suite 1800,~~ Wilmington, Delaware 19801, Attn: Adam G. Landis (~~landis@lrclaw.com~~landis@lrclaw.com) and Kimberly A. Brown (~~brown@lrclaw.com~~brown@lrclaw.com)~~;~~

(b)  The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (~~linda.richenderfer@usdoj.gov~~linda.richenderfer@usdoj.gov)~~;~~

(c)  Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (~~krishansen@paulhastings.com), Erez Gilad (erezgilad@paulhastings.com) and Gabriel Sasson (gabesasson@paulhastings.com)~~krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) ~~Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North~~ King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (~~mlunn@yest.com~~mlunn@ycst.com) and Robert F. Poppiti, Jr. (~~rpoppiti@yest.com~~rpoppiti@ycst.com)~~;~~

(d)  Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com:~~-~~ (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (~~erinbroderick@eversheds-sutherland.com~~erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & ~~Tunnell LLP, 1201 North Market~~

-3-

Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com mharvey@morrisnichols.com); and

(e) Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brian.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com); and

(f) (e) To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

The Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than [•]August 9, 2024.

## Obtaining Copies of Relevant Documents

Copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration— LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX. In addition, the Debtors will, at their expense, provide paper copies of the Plan, the Plan Supplement, the Disclosure Statement or the Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at [•](888) 482-0049 (toll-free) or +[•]+1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at [email]ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX InquiriesTrading Ltd. Ballot Processing Center, c/o Kroll [address]Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.— Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you as to whether you should contest your non-voting status or object to confirmation ofon matters relating to the Disclosure Statement or the Plan.

Dated: [•], 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:   landis@lrclaw.com
          mcguire@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted _pro hac vice_)
James L. Bromley (admitted _pro hac vice_)
Brian D. Glueckstein (admitted _pro hac vice_)
Alexa J. Kranzley (admitted _pro hac vice_)
125 Broad Street
New York, NY  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:   dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          gluecksteinb@sullcrom.com
          kranzleya@sullcrom.com

_Counsel for the Debtors and Debtors-in-Possession_

## ANNEX A

**Election Form**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | x | |

**ELECTION FORM FOR HOLDERS OF IMPAIRED INTERESTS AND CLAIMS**

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS ELECTION FORM BEFORE COMPLETING THIS ELECTION FORM**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") are soliciting elections with respect to the release contained in Section 10.5 of the proposed *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Plan") as described in the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement").

**Please be advised, if you are a Holder of Class 17 FTT Interests or Class 18 *De Minimis* Claims, may be eligible to have your claim(s) administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas. To proceed accordingly, you must file a proof of debt in the FTX DM Liquidation Proceeding on or before the Voting Deadline of August 16, 2024, at 4:00 p.m.,**

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://~~cases~~restructuring.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies ~~Ltd is Unit~~ 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

A-1

**prevailing Eastern Time, via the FTX DM Portal at [https://digitalmarketsclaim.pwc.com] or by scanning this QR Code and following all instructions therein:**



You are receiving this Election Form because, despite your non-voting status on the Plan, any Holder of a Claim or Interest in **CLASS ~~12 EQUITABLY SUBORDINATED CLAIMS, CLASS 13 FTT CLAIMS, CLASS 14 PREFERRED EQUITY INTERESTS, CLASS 15~~13 SECTION 510(B) PREFERRED EQUITY CLAIMS, CLASS 14 SECTION 510(B) OTHER EQUITY CLAIMS, CLASS 15 EQUITABLY SUBORDINATED CLAIMS, CLASS 16 OTHER EQUITY INTERESTS ~~or~~, CLASS 17 FTT INTERESTS or CLASS 18** *DE MINIMIS* **CLAIMS** is entitled to opt out of the release contained in Section 10.5 of the Plan, copied below (the "Third-Party Release"). Please note that any election to opt out is at your option.

**To opt out of the Third-Party Release, you must complete, sign and return this Election Form to Kroll Restructuring Administration~~,~~ LLC (the "Solicitation Agent") so that it is received no later than the Voting Deadline of [•]August 16, 2024 at [•]4:00 p.m. prevailing Eastern Time. Election Forms must be delivered ~~to the Solicitation Agent either (a) via the Solicitation Agent's online voting portal at https://restructuring.ra.kroll.com/FTX or (b) by mail to FTX Trading Ltd. Ballot Processing Center, C/O Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. If you choose to submit your Election Form via the Solicitation Agent's online voting portal, you SHOULD NOT mail your hard copy Election Form as well. Please choose only one form of return of your Election Form.~~**

**PLEASE BE ADVISED THAT YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE AND SUBMIT THE ELECTION FORM WITH YOUR ELECTION TO THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE IF YOU WISH TO OPT OUT OF THE THIRD-PARTY RELEASE.**

This Election Form may not be used for any purpose other than for electing to opt out of the Third-Party Release. **If you believe you have received this Election Form in error, please contact the Solicitation Agent immediately at:**

| |
|---|
| FTX Trading Ltd. Ballot Processing Center<br>c/o Kroll Restructuring Administration LLC<br>850 Third Avenue, Suite 412<br>Brooklyn, NY 11232<br>**Telephone**: |

> [•](888) 482-0049 (toll-free)
> [•]+1 (646) 440-4176 (international)
>
> **Email**: ftxinfo@ra.kroll.com

---

**IMPORTANT**

You should carefully review the Disclosure Statement and the Plan before you submit the Election Form.

If your Election Form is not received by the Solicitation Agent on or before the Voting Deadline and such deadline is not extended, you will be deemed to grant the Third-Party Release.

**VOTING DEADLINE: [•]AUGUST 16, 2024, AT [•]4:00 P.M. PREVAILING EASTERN TIME.**

Election Forms will not be accepted by facsimile transmission, electronic mail or other electronic means of transmission (except via the Solicitation Agent's online voting portal).

You do not need to submit this Election Form if you do not wish to opt out of the Third-Party Release.

---

**PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:**

**Section 10.5 of the Plan contains the following Voluntary Release by Holders of Claims and Interests.**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global**

A-3

**Settlement Agreement** or the Disclosure Statement, the administration of Claims and ~~Interests prior to or~~ during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this **Section ~~10.5~~10.5** shall cause the release of **(a)** any Excluded Party ~~nor, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c)~~ any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down ~~Estate~~**Entity** pursuant to the terms of the Plan.

Definitions Related to the Debtor Release and the Third-Party Release:

Under the Plan, "Released Parties" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

Under the Plan, "Releasing Parties" means (a) the Debtors; (b) each of the Official Committee and ~~its current members, in their capacities as such~~the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan; and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth therein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

Under the Plan, "Excluded Party" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

Under the Plan, "Exculpated ~~Party~~Parties" means (a) the Debtors; (b) the Official Committee ~~and its current members, in their capacities as such~~; (c) the Fee Examiner; ~~and~~ (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each ~~Person or~~ Entity named in (a) through (~~e~~e), ~~such Entity's current directors, officers, employees, attorneys~~any Person or

Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial ~~advisors~~advisor, restructuring ~~advisors~~advisor, investment ~~bankers, accountants and other professionals or representatives solely when acting in any such capacities, in each case, current as of the Confirmation Date~~banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

Under the Plan, "Control ~~Person~~Persons" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison~~;~~ (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a ~~Control~~ Person.

---

**PLEASE BE ADVISED THAT YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN UNLESS YOU AFFIRMATIVELY OPT OUT AND SUBMIT THE ELECTION FORM WITH YOUR ELECTION TO THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE.**

---

**THE PLAN CONTAINS FURTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED, INCLUDING:**

**Section 10.4  Debtors' Release**

**Except as otherwise specifically provided in the Plan with respect to the Preserved Potential Claims, for good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases and the implementation of the orderly liquidation contemplated by the Plan, on and after the Effective Date, to the fullest extent permitted by applicable law, the Released Parties are hereby conclusively, absolutely, unconditionally, irrevocably and forever released, waived and discharged by the Debtors, the Plan Administrator and the Estates, including any successor to, or assignee of, the Debtors or any Estate representative, from all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the businesses of the Debtors, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the release of any mortgage, lien or security interest, the distribution of proceeds, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the administration of Claims and Interests prior**

to or during these Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act; *provided* that the release under this Section ~~10.4~~10.4 shall not apply to (a) any Excluded Party~~nor to~~, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims to the extent such Preserved Potential Claims are brought by and for the benefit of the Wind Down ~~Estates~~Entities with the approval of the Plan Administrator, ~~unless otherwise specifically provided in the Plan or the Plan Supplement~~. Nothing in the Plan or Confirmation Order shall affect any releases previously granted or approved by the Court.

**Section ~~10.7~~10.8  Exculpation**

Notwithstanding anything herein to the contrary, as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring advisors and other professional advisors, representatives and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with the solicitation.

As of the Effective Date, to the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in Section ~~10.4~~10.4 or Section ~~10.5~~10.5 of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Entity for any act or omission in connection with, related to, or arising out of these Chapter 11 Cases, including (a) the operation of the Debtors' businesses during the pendency of these Chapter 11 Cases; (b) the administration and adjudication of Claims and Interests during these Chapter 11 Cases; (c) formulating, negotiating, preparing, disseminating, implementing, administering, confirming and/or effecting the Plan, the Disclosure Statement, the Plan Supplement or any related contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases (including the solicitation of votes for the Plan and other actions taken in furtherance of Confirmation and Consummation of the Plan, the trading or sale of ~~Cryptocurrencies~~cryptocurrencies and tokens in connection with the Chapter 11 Cases, the offer and issuance of any securities under or in connection with the Plan and the distribution of property, Digital Assets, or tokens under the Plan); or (d) any other transaction, agreement, event, or other occurrence related to these Chapter 11 Cases taking place on or before the Effective Date, other than liability resulting from any act or omission that is determined by Final Order to have constituted gross negligence, willful misconduct, fraud or a criminal act. Notwithstanding anything contained herein to the contrary, the foregoing exculpation does not exculpate any Excluded Party. Nothing in the Plan or Confirmation shall affect any exculpation orders previously granted or approved by the Court.

**Section ~~10.8~~10.9  Injunction**

**Except as otherwise expressly provided in the Plan or Confirmation Order with respect to Preserved Potential Claims, the satisfaction and release pursuant to this Article ~~10.8~~10 shall also act as a permanent injunction against any Person who has held, holds or may hold Claims, Interests or Causes of Action from (a) commencing or continuing any action to collect, enforce, offset, recoup or recover with respect to any Claim, liability, obligation, debt, right, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by ~~section~~sections 524 or 1141 thereof~~;~~, (b) enforcing, attaching, collecting, or recovering ~~by any manner or~~ means any judgment, award, decree, or order on account of or in connection with or with respect to any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind on account of or in connection with or with respect to any such Claims or Interests; and        (d) asserting any right of setoff, subrogation or recoupment of any kind on account of or in connection with or with respect to any such Claim or Interest, notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise, against any Plan Asset, the Wind Down ~~Estates~~Entities, any Holder of a Claim or Interest or any initial or subsequent transferee.  Notwithstanding anything to the contrary in the Plan, all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down ~~Estates~~Entities as of the Effective Date.**

**PLEASE NOTE THAT SECTIONS 10.4, ~~10.7 AND~~ 10.8 AND 10.9 OF THE PLAN ARE EACH SEPARATE FROM AND INDEPENDENT OF THE ~~THIRD-~~PARTY RELEASE.  IF YOU OBJECT TO ANY SUCH SECTION, YOU MUST FILE A SEPARATE OBJECTION WITH THE COURT IN ACCORDANCE WITH THE PROCEDURES SET FORTH IN YOUR NOTICE OF NON-VOTING STATUS.**

A-7

**Item 1.** **Amount of Claims or Interests.**

The undersigned hereby certifies that, as of [•]June 25, 2024 (the "Voting Record Date"), the undersigned was the Holder of one or more of Class 1213 Section 510(b) Preferred Equity Claims, Class 14 Section 510(b) Other Equity Claims, Class 15 Equitably Subordinated Claims, Class 13 FTT Claims, Class 14 Preferred16 Other Equity Interests, Class 15 Section 510(b) Claims, Class 16 Other Equity17 FTT Interests and Class 1718 *De Minimis* Claims in the following aggregate amount (insert amount in box below):

---

Class 12 Equitably Subordinated Claims _____

Class 13 FTTSection 510(b) Preferred Equity Claims _____

Class 14 Preferred Equity Interests _____

Class 1514 Section 510(b) Other Equity Claims _____

Class 15 Equitably Subordinated Claims _____

Class 16 Other Equity Interests _____

Class 17 FTT Interests _____

Class 1718 *De Minimis* Claims _____

---

**Item 2.** **Optional Opt-Out Election.**

**Item 2** is to be completed **only** if you are **opting out** of the release contained in Section 10.5 of the Plan.

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

SECTION 10.5 OF THE PLAN CONTAINS CERTAIN VOLUNTARY RELEASES BY HOLDERS OF CLAIMS AND INTERESTS, WHICH ISARE SET FORTH ABOVE IN THIS FORM.  YOU SHOULD REVIEW THIS PROVISION CAREFULLY.

**If you submit your Election Form without this box checked, then you will be deemed to CONSENT to the Third-Party Release.  PLEASE BE ADVISED THAT BY NOT CHECKING THE BOX BELOW, YOU ELECT TO GRANT THE THIRD-PARTY RELEASE IN EACH AND EVERY CAPACITY IN WHICH YOU HOLD A CLAIM AGAINST, OR EQUITY INTEREST IN, ANY OF THE DEBTORS.  YOU MUST AFFIRMATIVELY CHECK THE BOX BELOW IN ORDER TO OPT OUT OF THE THIRD-PARTY RELEASE.**

---

**OPT-OUT ELECTION**: You, the undersigned, elect to opt out of the release contained in Section 10.5 of the Plan (the Third-Party Release).

---

**Item 3.  Certifications.**

By signing this Election Form, you certify to the Court and the Debtors that:

(a)     as of the Voting Record Date, you are either: (i) the Holder of Claims or Interests set forth in **Item 1**; or (ii) an authorized signatory for the Holder of Claims or Interests set forth in **Item 1**;

(b)     you (or in the case of an authorized signatory, the Holder) have received a copy of the *Notice of Non-Voting Status to Holders of Impaired Interests and Claims*, and this Election Form is submitted pursuant to the terms and conditions set forth therein;

(c)     you have submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class set forth in **Item 1**; and

(d)     no other Election Form with respect to the amount(s) of Claims or Interests identified in **Item 1** have been submitted or, if any other Election Forms have been submitted with respect to such Claims or Interests, then any such earlier Election Forms are hereby revoked.

[SIGNATURE PAGE FOLLOWS]

A-9

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or type) |
| Signature: | _____ |
| Signatory Name: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| | (If other than the Holder) |
| Address: | _____ |
| | _____ |
| Email Address: | _____ |
| Telephone Number: | _____ |
| Date Completed: | _____ |

**YOUR RECEIPT OF THIS ELECTION FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR EQUITY INTEREST HAS BEEN OR WILL BE ALLOWED.**

**IF YOU WISH TO MAKE THE OPT-OUT ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS ELECTION FORM AND SUBMIT IT <u>PROMPTLY</u>:**

If in the envelope provided, or by first-class mail, overnight courier, or hand delivery, to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Election Form, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Election Form Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery

A-10

If by electronic, online submission:

Please visit the Solicitation Agent's online voting platform at ~~https://restructuring.ra.kroll.com/FTX/~~ https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Election Form.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Election Form:**

**Unique Opt-Out ID#: _____**

—If you choose to submit your Election Form via the Solicitation Agent's online voting platform, you should <u>not</u> also return a hard copy of your Election Form.

The Solicitation Agent's online voting platform is the sole manner in which Opt-Out Elections will be accepted via electronic or online transmission.  Election Forms submitted by facsimile, email or other means of electronic transmission will not be counted.

---

**THIS ELECTION FORM MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE:**
**~~[•], [•] AT [•]~~ AUGUST 16, 2024 AT 4:00 P.M.** PREVAILING EASTERN TIME.

A-11

## INSTRUCTIONS FOR COMPLETING THIS ELECTION FORM

1.  Capitalized terms used in this Election Form or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan or the Disclosure Statement, as applicable.

2.  **To ensure that your Election Form is acknowledged, you must:** (a) complete this Election Form; (b) clearly indicate your decision to opt out of the release contained in Section 10.5 of the Plan by checking the box in **Item 2** of this Election Form; (c) make sure that the information required by **Item 3** has been correctly inserted; and (d) sign and return this Election Form to the address printed on the enclosed pre-addressed, postage pre-paid return envelope or submit the Election Form via the Solicitation Agent's online voting platform so that it is **actually received** by the Solicitation Agent on or before the Voting Deadline, which is [•]**August 16**, 2024 at [•]**4:00 P.M. prevailing Eastern Time**.

3.  If an Election Form is received after the Voting Deadline and if the Voting Deadline is not extended, it will **NOT** be acknowledged. Additionally, the following Election Forms will **NOT** be acknowledged:

    - any Election Form sent to the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors;

    - any Election Form sent by facsimile, email or any other electronic means (other than the Solicitation Agent's online voting platform);

    - any Election Form that is illegible or contains insufficient information to identify the Holder of the Claim or Interest;

    - any Election Form cast by or on behalf of an Entity that is not entitled to opt out of the Third-Party Release;

    - any unsigned Election Form; and/or

    - any Election Form not completed in accordance with the procedures approved in the Solicitation Procedures Order.

4.  The method of delivery of Election Forms to the Solicitation Agent is at the election and risk of each Holder. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the original executed Election Form.

5.  If multiple Election Forms are received from the same Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last Election Form timely received will supersede and revoke any earlier received Election Forms.

6.  This Election Form does not constitute, and shall not be deemed to be, (a) a proof of Claim or proof of Interest (b) an assertion or admission of a Claim or Interest.

7.  Please be sure to sign and date your Election Form. If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Court, must submit

proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Election Form.

8. **If you are a Holder of Class 17 FTT Interests or Class 18 *De Minimis* Claims, and wish to have your claim(s) administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas, you must:** file a proof of debt in the FTX DM Liquidation Proceeding **on or before the Voting Deadline of August 16, 2024, at 4:00 p.m., prevailing Eastern Time,** via the following link at [https://digitalmarketsclaim.pwc.com or by scanning this QR Code and following all instructions therein]:



**PLEASE RETURN YOUR ELECTION FORM PROMPTLY IF YOU WISH TO OPT OUT OF THE RELEASE IN SECTION 10.5 OF THE PLAN.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS ELECTION FORM, PLEASE CALL THE SOLICITATION AGENT AT: [•](888) 482-0049 (TOLL-FREE) OR +[•]+1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS ELECTION FORM ON OR BEFORE [•], [•]AUGUST 16, 2024 AT [•]4:00 P.M. PREVAILING EASTERN TIME, YOUR OPT-OUT ELECTION TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.**

---

## EXHIBIT 2C-1

**Blackline of Class 5A Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:                                              Chapter 11

FTX TRADING LTD., *et al.*,[1]                      Case No. 22-11068 (JTD)

Debtors.                                            (Jointly Administered)

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF**
**REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 5A Dotcom Customer Entitlement Claims**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS**
**BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME**

- You are receiving this ballot (this "**Ballot**") because you are a Holder of a Class 5A Dotcom Customer Entitlement Claim of FTX Trading Ltd. ("**FTX Trading**") and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**" and each, a "**Debtor**"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") and may be a potential claimant of FTX Digital Markets Ltd.'s ("**FTX DM**") liquidation proceeding in The Bahamas (the "**FTX DM Liquidation Proceeding**").

- The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.

- The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "**Plan**"), attached as Exhibit A to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "**Disclosure Statement**").[2]

- On January 24, 2024, the Bankruptcy Court entered an order approving a settlement agreement by and among the Debtors and FTX DM (the "**Settlement**") whereby, among other things, Holders of Class 5A Dotcom Customer Entitlement Claims may make an irrevocable election (the "**Bahamas Opt-In Election**"), subject to effectiveness of the Plan, to (i) forever, fully and finally release and discharge the Debtors with respect to such Class 5A Dotcom Customer Entitlement Claims from these Chapter 11 Cases and (ii) forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases in exchange to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. Any Holder who wishes to have its Class 5A Dotcom Customer Entitlement Claims or Class 7A Dotcom Convenience Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding must (i) submit a proof of debt in the FTX DM Liquidation Proceeding via the FTX DM Portal (as defined below), (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other required steps in the FTX DM Liquidation Proceeding (collectively (i) through (iii), the "**Bahamas Requirements**"). For more details about the Settlement and the Bahamas Opt-In

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement and the Bahamas Opt-In Election instruction letter you received in the Solicitation Package (the "Bahamas Process Letter").

- Pursuant to the terms of the Settlement, making the Bahamas Opt-In Election will not impact your requirements to comply with and complete the "Know Your Customer" procedures, and subject to the effectiveness of the Plan, by making the Bahamas Opt-In Election, you agree to make your KYC Information submitted in these Chapter 11 Cases accessible to FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorize the Debtors to make such KYC information available to FTX DM and its agents and representatives.

- You will first be asked to determine whether you would like to make the Bahamas Opt-In Election. If you make the Bahamas Opt-In Election in this Ballot, please do not fill out the rest of this Ballot. If you make the Bahamas Opt-In Election, subject to the effectiveness of the Plan, you cannot prosecute your Class 5A Dotcom Customer Entitlement Claim against the Debtors and you agree to fully and finally release and discharge the Debtors with respect to such Claim. Additionally, if you make the Bahamas Opt-In Election, any other elections you make on this Ballot will be null and void. If you make the Bahamas Opt-In Election in this Ballot, you are deemed to vote to accept the Plan.

- In order to have your Class 5A Dotcom Customer Entitlement Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must complete (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) all other Bahamas Requirements. In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such Claims from the Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied the FTX DM Liquidation Proceeding.

- In the event you return the Ballot on or before the Voting Deadline and do not make the Bahamas Opt-In Election, you will have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the Chapter 11 Cases, your Claim will be governed by the Plan, the Chapter 11 Cases and the Bankruptcy Court, you cannot prosecute your Claim against FTX DM and any proof of debt you submit in the FTX DM Liquidation Proceeding will be invalid, unless you have also completed all other Bahamas Requirements in the FTX DM Liquidation Proceeding.

- In the event you (i) return the Ballot on or before the Voting Deadline and do not make the Bahamas Opt-In Election and (ii) submit a proof of debt in the FTX DM

> **Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, your Ballot will be deemed null and void and you are deemed to make the Bahamas Opt-In Election.**
>
> - **If you wish to make the Bahamas Opt-In Election, please read carefully and complete Item 1 herein (Pages 8-11). If you do not wish to make the Bahamas Opt-In Election and wish to have your Claim administered in the Chapter 11 Cases, please read carefully and complete Items 2-9 herein (Pages 12-21).**
>
> - **If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 5A Dotcom Customer Entitlement Claim if you (i) agree with the Claim Amount Stipulation for Voting, Allowance and Distribution in Item 4 of this Ballot and (ii) vote to accept the Plan in Item 7 of this Ballot.**
>
> - **If you do not make the Bahamas Opt-In Election, there are certain releases contemplated in the Plan.** Under the Plan, unless you **affirmatively opt out** in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "**Third-Party Release**"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page [-]18 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to **make any election or** vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also ~~attached to~~**included in** this Ballot ~~for your convenience of review~~. These defined terms control the scope of the Third-Party Release.
>
> - ~~If you vote to accept the Plan in Item 5 of this Ballot and do not make the Customer Preference Settlement Election or the Convenience Claim Election, you may still vote to opt out of the Third-Party Release. However, if you are deemed to vote to accept the Plan by virtue of making the Customer Preference Settlement Election in Item 3 or the Convenience Claim Election in Item 4, your election to opt out of the Third-Party Release will be voided and you shall be deemed a "Releasing Party" under the Plan.~~**You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in Item 7 of this Ballot or you make the Convenience Claim Election in Item 6 of this Ballot.**

~~The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "Plan"), attached as Exhibit A to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "Disclosure Statement").[2]~~ The Disclosure Statement provides you with information to make an

---

~~[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.~~

informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 5C NFT Customer Entitlement Claims, Class 66A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B PropCoPriority DM Claims, Class 8C PropCo General Unsecured Claims and Class 11 Subordinated Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "Voting Class" and collectively, the "Voting Classes").

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 5A Dotcom Customer Entitlement Claim as of [•]June 25, 2024 (the "Voting Record Date"). **For a detailed discussion of the treatment of Class 5A Dotcom Customer Entitlement Claims under the Plan, please review the Disclosure Statement and the Plan.**

## BALLOT

**Please review the detailed instructions attached hereto as Annex A (the "Ballot Instructions") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the attached Ballot Instructions, your vote on the Plan will be counted in **Class 5A Dotcom Customer Entitlement Claims**. If you make the Bahamas Opt-In Election in this Ballot, you should not complete the remainder of the Ballot and are deemed to vote to accept the Plan and any other election in the Ballot will be null and void. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. TheEven if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After Confirmationthe Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO MAKE THE BAHAMAS OPT-IN ELECTION IN THIS BALLOT OR TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN,
YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**To make the Bahamas Opt-In Election, you MUST either: (a)(1) check the box in Item 1, and (2) return this Ballot on or before the Voting Deadline; or (b)(1) take no action with respect to this Ballot or the voting and chapter 11 elections found on your FTX.com online portal and (2)(i) file a proof of debt in the FTX DM Liquidation Proceeding via the following link at [https://digitalmarketsclaim.pwc.com or by scanning the QR Code below] (the "FTX DM Portal"), (ii) submit a confirmation via the FTX DM Portal that you have determined to have**

such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other Bahamas Requirements:



**To vote on the Plan, you MUST:** (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **Item 5, and7;** (c) sign, date, and return this Ballot via **EITHER (i)** the Solicitation Agent's online voting portal or ~~by mail~~(ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline

1. To submit your ~~Ballot via the~~electronic Ballot either to make the Bahamas Opt-In Election or to vote on the Plan via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#: _____**

2. To submit your Ballot either to make the Bahamas Opt-In Election or to vote on the Plan via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

   FTX Trading Ltd. Ballot Processing Center
   c/o Kroll Restructuring Administration LLC
   850 Third Avenue, Suite 412
   Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you **SHOULD NOT** submit the paper original of your Ballot.

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan. You may wish to seek legal advice concerning (a) whether to make the Bahamas Opt-In Election and (b) the Plan and the Plan's classification and treatment of your Class 5A Dotcom Customer Entitlement Claim. Your Claim has been ~~placed~~classified in Class 5A under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 5A Dotcom Customer Entitlement Claim as set forth in ~~Item 1~~**Item 3** or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for ~~the votes on the respective ballots~~any Bahamas Opt-In Election or vote on such ballot to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you ~~desire~~would like paper copies of the Solicitation Package materials, or if you ~~need to obtain~~would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at ~~[•]~~(888) 482-0049 (U.S./Canada, Toll-Free) or ~~+[•]~~+1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain elections contained herein, opting out of the Third-Party Release, and making certifications with respect to the ~~Plan~~Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, or to make the Bahamas Opt-In Election via this Ballot, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ~~[•]~~AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1.   The Bahamas Opt-In Election.**

Holders of Class 5A Dotcom Customer Entitlement Claims may irrevocably elect to have their Class 5A Dotcom Customer Entitlement Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding by making the Bahamas Opt-In Election.  If a Holder makes the Bahamas Opt-In Election, such Holder is, subject to the effectiveness of the Plan: (a) forever, fully and finally releasing and discharging the Debtors with respect to such Class 5A Dotcom Customer Entitlement Claims; and (b) forever, fully and finally withdrawing with prejudice such Class 5A Dotcom Customer Entitlement Claims from these Chapter 11 Cases, and the Solicitation Agent will be authorized to update the Claims Register accordingly.

If a Holder does not make the Bahamas Opt-In Election, such Holder is, subject to the effectiveness of the Plan, forever, fully and finally releasing and discharging FTX DM with respect to their Class 5A Dotcom Customer Entitlement Claims and gives up all right to prove in, and be paid a distribution from, the FTX DM Liquidation Proceeding, unless such Holder submits a proof of debt in the FTX DM Liquidation Proceeding and completes all other Bahamas Requirements in the FTX DM Liquidation Proceeding.

After making the Bahamas Opt-In Election, FTX DM and the JOLs will provide instructions with respect to all aspects of your Claim via the following link at https://digitalmarketsclaim.pwc.com

**To make the Bahamas Opt-In Election, you MUST either:**

(a) (1) check the box in **Item 1** and (2) return this Ballot on or before the Voting Deadline; or

(b) (1) take no action with respect to this Ballot or the voting and chapter 11 elections found on your FTX.com online portal and (2)(i) file a proof of debt in the FTX DM Liquidation Proceeding via the following link at [https://digitalmarketsclaim.pwc.com or by scanning the QR Code below], (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other Bahamas Requirements:



Making the Bahamas Opt-In Election in this Ballot does not ensure that your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. **You must also submit a proof of debt in the FTX DM Liquidation Proceedings and complete all other Bahamas Requirements.** In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX DM Liquidation Proceeding, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such claims from these Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

If you make the Bahamas Opt-In Election, subject to effectiveness of the Plan, your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** will not be administered, reconciled, valued, adjudicated, resolved or satisfied in these Chapter 11 Cases, and you agree to: (a) forever, fully and finally release and discharge the Debtors with respect to your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**; and (b) forever, fully and finally withdraw with prejudice such Class 5A Dotcom Customer Entitlement Claim from these Chapter 11 Cases. If you make the Bahamas Opt-In Election, you will not receive any Distributions from the Debtors on account of your Class 5A Dotcom Customer Entitlement Claim in the Chapter 11 Cases. If you make the Bahamas Opt-In Election in this Ballot, you are deemed to vote to accept the Plan and you will not be entitled to complete any other part of this Ballot or make any of the elections in these Chapter 11 Cases, including agreeing to your Stipulated Amount or the Convenience Claim Election, pursuant to the Plan through this Ballot. For more details about the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement.

If you do not make the Bahamas Opt-In Election, your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases. If you do not make the Bahamas Opt-In Election, you agree to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge FTX DM with respect to your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** and you will not receive any distributions from FTX DM on account of such Claim.

However, notwithstanding anything to the contrary, in the event you have submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation, then you are deemed to make the Bahamas Opt-In Election.

**Please note that the Bahamas Opt-In Election is at your option. Holders who make the Bahamas Opt-In Election cannot, and will not, receive more than such Holders would have received under the Plan in these Chapter 11 Cases. Additionally, Holders who make the Bahamas Opt-In Election may recover less as their Claims may be diluted by certain Claims in the Bahamas which would not have been allowed as Class 5A Dotcom Customer Entitlement Claims under the Plan.**

☐ **By checking this box, you (i) are deemed to vote to accept the Plan, and (ii)**

**subject to effectiveness of the Plan, forever, fully and finally (a) release and discharge the Debtors with respect to your Class 5A Dotcom Customer Entitlement Claim; and (b) withdraw with prejudice such Class 5A Dotcom Customer Entitlement Claim from these Chapter 11 Cases, (iii) subject to effectiveness of the Plan, elect to have your Class 5A Dotcom Customer Entitlement Claim as set forth in Item 3 administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iv) subject to the effectiveness of the Plan, agree to make the KYC Information submitted in these Chapter 11 Cases accessible to the FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorize the Debtors to make such KYC information available to FTX DM and its agents and representatives. Please note that in order to have your Class 5A Dotcom Customer Entitlement Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) complete all other Bahamas Requirements.**

**If you check this box ONLY PROCEED TO ITEM 1(a) and ITEM 1(b). DO NOT FILL OUT THE REST OF THE BALLOT AFTER ITEM 1(b). For further instructions and information, please refer to Annex A herein.**

In the event that you make the Bahamas Opt-In Election and complete any other part of this Ballot or make any other elections in the Ballot, (i) your Bahamas Opt-In Election will control, (ii) you are deemed to vote to accept the Plan, and (iii) such other elections made in your Ballot will be deemed null and void.

In the event you (1) return this Ballot on or before the Voting Deadline that does not make the Bahamas Opt-In Election and (2) submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, your Ballot will be deemed null and void and you are deemed to make the Bahamas Opt-In Election.

**Item 1(a).     Certifications**

The undersigned, as of the Voting Record Date:
1. is (a) the Holder of the Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** or the authorized signatory for an entity that is a Holder of such Claim entitled to make the Bahamas Opt-In Election as set forth in this **Item 1**;
2. irrevocably elects to, subject to the effectiveness of the Plan, have its Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding; *provided* that in order to have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding;
3. agrees to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge the Debtors with respect to the Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**; and

12

4. subject to the effectiveness of the Plan, forever, fully and finally withdraws with prejudice such Class 5A Dotcom Customer Entitlement Claim from these Chapter 11 Cases.

**Item 1(b).    Bahamas Opt-In Election Information**

Name of Holder: _____

Signature: _____

Signatory Name (if other than the Holder): _____

Title (if other than the Holder): _____

Address: _____

Email Address: _____

Telephone Number: _____

Date Completed: _____

**Item 2. Quoine Customers**

If your Class 5A Dotcom Customer Entitlement Claim is with respect to a Claim of creditors or customers of Debtor Quoine Pte. Ltd. ("Quoine"), your vote on this Ballot is being solicited on a contingent basis.

The Debtors may determine, no later than 180 days after the Confirmation Date, to exclude Quoine from the Plan and treat Quoine as an Excluded Entity in the event that the Singapore International Commercial Court has not entered orders in form and substance reasonably acceptable to the Debtors (i) recognizing the Chapter 11 Case of Quoine Pte. Ltd. in Singapore and (ii) granting full force and effect in Singapore to the Confirmation Order, the Digital Assets Estimation Order and the Claims Bar Date. In the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date, your Class 5A Dotcom Customer Entitlement Claim with respect to a Claim of creditors and customers of Quoine will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases, and you will not be entitled to any Distributions under the Plan on account of such Claims and any ballots or elections made by you on account of such Claims will be deemed null and void. In the event the Debtors do not make such determination within 180 days after the Confirmation Date, your Class 5A Dotcom Customer Entitlement Claim with respect to a Claim of creditors or customers of Quoine will be treated as the other Class 5A Dotcom Customer Entitlement Claims.

**Item 3~~Item 1~~. Voting Amount of Class 5A Dotcom Customer Entitlement Claim.**

For purposes of voting to accept or reject the Plan, your Dotcom Customer Entitlement Claim will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations ~~to be~~ set forth ~~in an order by the Court~~either in (i) the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] or (ii) the [•] (the "Scheduled Amount"). Your Scheduled Amount is as listed in this **Item ~~1~~3**.

If you did not file a Proof of Claim, the amount of your Class 5A Dotcom Customer Entitlement Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a

Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures.

~~The undersigned hereby certifies~~ **When signing your Ballot, you will be certifying** that, as of the Voting Record Date, ~~the undersigned was~~ **you are** the Holder of a Class 5A Dotcom Customer Entitlement Claim as set forth below and ~~understands that the undersigned is~~ **understand that you are** eligible to make the ~~elections in **Item 3** and **Item 4**~~ **stipulation in Item 4 and the election in Item 6**.

~~As defined under the Plan, a Holder's "Net Preference Exposure" in respect of a Class 5A Dotcom Customer Entitlement Claim is determined by calculating the total withdrawals made from the applicable exchange, and subtracting the total deposits made onto the exchange, within the Settlement Look Back Period (*i.e.*, the period beginning at 12:01 a.m. ET on November 2, 2022, and ending at 10:00 a.m. ET on November 11, 2022). Your Net Preference Exposure is listed below in this **Item 1**.~~

~~As further explained in **Item 3** of this Ballot, each Holder of a Class 5A Dotcom Customer Entitlement Claim will be provided an offer to participate in the Customer Preference Settlement. If you elect to accept the Customer Preference Settlement in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 1** (the "Customer Preference Settlement Election") and the Debtors do not exclude the Customer Preference Action associated with such Class 5A Dotcom Customer Entitlement Claim as an Excluded Customer Preference Action, the amount of such Class 5A Dotcom Customer Entitlement Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.~~

~~If you do not make the Customer Preference Settlement Election or if you make the Customer Preference Settlement Election and the Debtors exclude the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim as an Excluded Customer Preference Action, there will not be any changes to the amount of your Class 5A Dotcom Customer Entitlement Claim. However, please note that the Distribution Agent shall not be required to make a distribution to any Holder of a Class 5A Dotcom Customer Entitlement Claim subject to any Dotcom Customer Preference Action by the Debtors until such Dotcom Customer Preference Action and any corresponding right of setoff is resolved.~~

~~Please note that the Customer Preference Settlement is only an offer by the Debtors and the Debtors may exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement. In the event that the Debtors exclude the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim as an Excluded Customer Preference Action, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of your Class 5A Dotcom Customer Entitlement Claim.~~

~~*Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in **Item 3**.*~~

| ~~Relevant Ballot Amounts~~ |
| --- |
| ~~Scheduled Amount: _____~~ |
| ~~Voting Amount: _____~~ |
| ~~Net Preference Exposure: _____~~ |
| ~~Preference Settlement Amount: [_____ (15% of Net Preference Exposure)][$0]~~ |

| Relevant Ballot Amounts | | |
|---|---|---|
| Scheduled Amount: $_____ | | |
| Voting Amount: $_____ | | |

| Voting Class | Description | Claim Amount |
|---|---|---|
| Class 5A | Class 5A Dotcom Customer Entitlement Claims | (i) If you accept the Customer Preference Settlement: _____ (ii) If you do not make the Customer Preference Settlement Election: _____ |

**For additional details regarding the treatment and rights for Class 5A Dotcom Customer Entitlement Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 4.   Stipulated Amount for Voting, Allowance and Distribution.**

If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 5A Dotcom Customer Entitlement Claim if you (i) vote to accept the Plan in **Item 7** of this Ballot and (ii) consent and stipulate in this **Item 4** to the Stipulated Amount below *for voting, allowance and Distribution*. For more details, please refer to Section 5.5 of the Plan.

**Stipulated Amount of your Class 5A Dotcom Customer Entitlement Claim for Voting, Allowance and Distribution: $_____**

If you would like to agree to your Stipulated Amount identified above *for voting, allowance and Distribution* in respect of your Class 5A Dotcom Customer Entitlement Claim, you should check the box below. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 5A Dotcom Customer Entitlement Claim, you must both (i) agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in this **Item 4** and (ii) vote to accept the Plan in **Item 7** of this Ballot. If you agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 5A Dotcom Customer Entitlement Claim, but do not vote to accept the Plan in **Item 7** of this Ballot, or if you vote to accept the Plan in **Item 7** of this Ballot, but do not agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5A Dotcom Customer Entitlement Claim, the Debtors and the Wind Down Entities may still prosecute Customer Preference Action with respect to your Class 5A Dotcom Customer Entitlement Claim.  Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in this **Item 4** or vote to accept the Plan in **Item 7** of this Ballot.  **PLEASE BE ADVISED THAT IF YOU PROPERLY CONSENT AND STIPULATE TO THE STIPULATED AMOUNT, THE STIPULATED AMOUNT WILL SUPERSEDE ANY FILED OR SCHEDULED CLAIM AND SUCH STIPULATED AMOUNT SHALL CONTROL FOR VOTING, ALLOWANCE AND DISTRIBUTION IN RESPECT OF YOUR CLASS 5A DOTCOM CUSTOMER ENTITLEMENT CLAIM.  FOR MORE DETAILS, PLEASE REFER TO SECTION 5.5 OF THE PLAN AND SECTION 6(E) OF THE DISCLOSURE STATEMENT.**

The undersigned, a Holder of a Class 5A Dotcom Customer Entitlement Claim against the Debtors as set forth in the chart above, elects as follows:

☐ The undersigned consents and stipulates to the Stipulated Amount as set forth in **Item 3** of this Ballot *for voting, allowance and Distribution*.

**Item 5**~~Item 2~~.  **Guide for Filling Out this Ballot.**

All Holders of Class 5A Dotcom Customer Entitlement Claims should review and consider whether to make the elections in this Ballot and review the Ballot Instructions in **Annex A** attached to this Ballot ~~to understand the contents of this Ballot~~.

~~**Item 3.:    Customer Preference Settlement Election.**~~

~~As detailed in the Plan, Holders of Class 5A Dotcom Customer Entitlement Claims may elect to participate in the Customer Preference Settlement. Before deciding whether to participate in the Customer Preference Settlement, please carefully read the difference in treatments between your Class 5A Dotcom Customer Entitlement Claim with and without such election. The Customer Preference Settlement and its implications are detailed in Section [4(G)] of the Disclosure Statement.~~

~~As detailed in the Plan, the Debtors reserve the right to exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement at any time prior to the Confirmation, based on certain set criteria.~~

17

If you make the Customer Preference Settlement Election and the Debtors do not exclude the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim as an Excluded Customer Preference Action, the amount of such Class 5A Dotcom Customer Entitlement Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.

If you do not make the Customer Preference Settlement Election or if you make the Customer Preference Settlement Election and the Debtors exclude the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim as an Excluded Customer Preference Action, there will not be any changes to the amount of your Class 5A Dotcom Customer Entitlement Claim. However, the Distribution Agent shall not be required to make a distribution to any Holder of Class 5A Dotcom Customer Entitlement Claims subject to any unresolved Dotcom Customer Preference Action by the Debtors until such Dotcom Customer Preference Action and any corresponding right of setoff is resolved.

*Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in Item 3.*

Pursuant to the Customer Preference Settlement, the Debtors' Release contained in Section 10.4 of the Plan shall also release any Dotcom Customer Preference Action in respect of a Class 5A Dotcom Customer Entitlement Claim against:

> any Holder of such Class 5A Dotcom Customer Entitlement Claim who (i) elects to accept the Customer Preference Settlement, (ii) has a Scheduled Amount no less than the Preference Settlement Amount and (iii) is not excluded by the Debtors from the Customer Preference Settlement.

> any Holder of such Class 5A Dotcom Customer Entitlement Claim who (i) elects to accept the Customer Preference Settlement, (ii) is not excluded by the Debtors from the Customer Preference Settlement and (iii) provides the Debtors payment in cash in the amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount (to the extent such amount is greater than zero).

For the avoidance of doubt, in the event that you are excluded by the Debtors from the Customer Preference Settlement, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of your Class 5A Dotcom Customer Entitlement Claim.

If you would like to **accept** the Customer Preference Settlement in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 1**, you should check the box below. Checking the box below constitutes a vote to *accept* the Plan. *If you accept the Customer Preference Settlement AND vote to reject the Plan, your Customer Preference Settlement Election controls, your vote to reject the Plan will be voided and you shall be deemed to have accepted the Plan.* However, given that the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim may be excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, you are also eligible to vote to accept or reject the Plan under the scenario where you accepted the Customer Preference Settlement but the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action.

Notwithstanding anything to the contrary in the Plan, the Distribution Agent shall not be required to make a distribution to any Holder of a Class 5A Dotcom Customer Entitlement Claim subject to any unresolved Dotcom

~~Customer Preference Action by the Debtors until such Dotcom Customer Preference Action and any corresponding right of setoff is resolved.~~

~~**Please note that the Customer Preference Settlement Election is at your option. Holders that make the Customer Preference Settlement Election may ultimately be subject to preference liability in amounts exceeding those that would have been applicable to such Holders had they decided not to make the Customer Preference Settlement Election.**~~

~~☐    By checking this box, you elect to ACCEPT THE CUSTOMER PREFERENCE SETTLEMENT in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in Item 1. If you check this box and the Debtors do not exclude the Customer Preference Action associated with such Claim as an Excluded Customer Preference Action, you will be deemed to vote to accept the Plan and to not opt out of the Third-Party Release in respect of such Claim.~~

~~In the event of any inconsistent elections on this Ballot, a valid acceptance of the Customer Preference Settlement will control and your Ballot will be deemed to vote to accept the Plan and you will be deemed to not opt out of the Third-Party Release.~~

**Item 6~~Item 4~~.  Convenience Claim Election.**

Any Holder ~~whose~~of a Class 5A Dotcom Customer Entitlement Claim ~~with a Claim Amount as set forth in Item 1 totaling more than $10,000~~ may irrevocably elect to ~~have~~receive the treatment for Class 7A with respect to such Class 5A Dotcom Customer Entitlement Claim ~~reduced to $10,000 and receive the treatment for Class 7A~~ as a Class 7A Dotcom Convenience Claim (such election, the "Convenience Claim Election"). In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3**, and as set forth in the Stipulated Amount in **Item 4**, totals more than $50,000, then such Holder may irrevocably elect to have such Class 5A Dotcom Customer Entitlement Claim reduced to $50,000. In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3** totals more than $50,000, but for whom the Stipulated Amount as set forth in **Item 4** totals less than $50,000, and such Holder does not agree to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5A Dotcom Customer Entitlement Claim reduced to $50,000. In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3** totals more than $50,000, but as set forth in the Stipulated Amount in **Item 4** totals less than $50,000, and such Holder agrees to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5A Dotcom Customer Entitlement Claim reduced to its Stipulated Amount and receive the treatment as a Class 7A Dotcom Convenience Claim. By making the Convenience Claim Election for your Class 5A Dotcom Customer Entitlement Claim, the aggregate amount of such Class 5A Dotcom Customer Entitlement Claim for ~~distribution~~Distribution under the Plan will be irrevocably reduced to the lesser of $~~10,000~~50,000 and the applicable Stipulated Amount (to the extent you agree to the Stipulated Amount for voting, allowance and Distribution) (the "Convenience Claim Treatment"). Please review the below chart to understand the difference in the treatment for Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims.

| Voting Class | Description | Treatment |
|---|---|---|
| Class 5A | Dotcom Customers Entitlement Claims | [•]¹Except to the extent that a Holder of an Allowed Dotcom Customer Entitlement Claim agrees to less favorable treatment, and in full and final satisfaction, settlement, release and discharge of and in exchange for its Allowed Dotcom Customer Entitlement Claims, each Holder of an Allowed Dotcom Customer Entitlement Claim shall receive payment in Cash in an amount equal to (i) 100% of such Allowed Dotcom Customer Entitlement Claim, *plus* (ii) interest at the Consensus Rate on such Allowed Dotcom Customer Entitlement Claim from the Petition Date through the applicable Distribution Date to the extent of available funds in accordance with Section 7.1 of the Plan, *plus* (iii) any proceeds from the Supplemental Remission Fund to which the Debtors determine such Holder is entitled pursuant to Section 5.21 of the Plan; *provided* that no Holder of an Allowed Dotcom Customer Entitlement Claim shall be entitled to receive any payment except to the extent of funds available to make such payment in accordance with the waterfall priorities set forth in Section 4.2.1 and Section 4.2.3 of the Plan. |
| Class 7A | Dotcom Convenience Claims | [•]¹In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed Dotcom Convenience Claim, each Holder of an Allowed Dotcom Convenience Claim shall receive payment in Cash in an amount equal to 100% of such Allowed Dotcom Convenience Claim *plus* postpetition interest at the Consensus Rate from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in Section 4.2.1 of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such Dotcom Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |

*Your Convenience Claim Election will not affect your Voting Amount.*

If you would like to make the Convenience Claim Election and receive the Convenience Claim Treatment in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item ~~1~~3, or as set forth in the Stipulated Amount in Item 4, as applicable**, you should check the

---

ˣ    NTD: To be updated per plan treatment.

ˣ    NTD: To be updated per plan treatment.

applicable box(es) below. Checking the box below constitutes a vote to *accept* the Plan. *If you accept the Convenience Claim Election AND vote to reject the Plan, your Convenience Claim Election controls, your vote to reject the Plan will be voided and you shall be deemed to have accepted the Plan.*

If you accept the Customer Preference Settlement in **Item 3**, you may make the Convenience Claim Election in two different scenarios: (i) where you accept the Customer Preference Settlement and the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim is not excluded from the Customer Preference Settlement as an Excluded Customer Preference Action and (ii) where you accept the Customer Preference Settlement but the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim is excluded from the Customer Preference Settlement as an Excluded Customer Preference Action. If you **do not** make any Convenience Claim Election, you will not be deemed to have made the Convenience Claim Election.

**Please note that the Convenience Claim Election is at your option. Holders that make the Convenience Claim Election may receive a distribution that is less than the distribution such Holders would have received had they decided not to make the Convenience Claim Election.**

The undersigned, a Holder of a Class 5A Dotcom Customer Entitlement Claim against the Debtors as set forth in the chart in **Item 13, or as set forth in the Stipulated Amount in Item 4, as applicable**, elects as follows:

~~Solely if you accept the Customer Preference Settlement in **Item 3**:~~

| Scenario | Convenience Claim Election |
|---|---|
| ~~Scenario 1~~ ~~(where you accept the Customer Preference Settlement in **Item 3** and the Customer Preference Action associated with your Claim is not excluded as an Excluded Customer Preference Action)~~ | ~~☐ **Accept the Convenience Claim Election** and the reduction of your Class 5A Dotcom Customer Entitlement Claim to $10,000 (for distribution purpose) and are hereby deemed to vote all such Class 5A Dotcom Customer Entitlement Claim in favor of the Plan, to not opt out of the Third-Party Release, and to receive the Convenience Claim Treatment on this reduced amount.~~ |
| ~~Scenario 2~~ ~~(where you accept the Customer Preference Settlement in **Item 3** but the Customer Preference Action associated with your Claim is excluded as an Excluded Customer Preference Action and the Customer Preference Settlement is therefore not binding)~~ | ~~☐ **Accept the Convenience Claim Election** and the reduction of your Class 5A Dotcom Customer Entitlement Claim to $10,000 (for distribution purpose) and are hereby deemed to vote all such Class 5A Dotcom Customer Entitlement Claim in favor of the Plan, to not opt out of the Third-Party Release, and to receive the Convenience Claim Treatment on this reduced amount. In other words, you still intend to make the Convenience Claim Election and to be deemed to vote to accept the Plan and not to opt out of the Third-Party Release, even if the Debtors exclude the Customer Preference Action associated with your Claim as an Excluded Customer Preference Action.~~ |

~~**Solely if you do not make the Customer Preference Settlement Election in Item 3:**~~

☐ **Accept the Convenience Claim Election** and the reduction of your Class 5A Dotcom Customer Entitlement Claim to **the lesser of** $~~10,000 (for distribution purpose~~**50,000 and the**

applicable Stipulated Amount (to the extent you agree to the Stipulated Amount for voting, allowance and Distribution) (for Distribution under the Plan) and are hereby deemed to vote all such Class 5A Dotcom Customer Entitlement Claim in favor of the Plan, ~~to not opt out of the Third Party Release,~~ and to receive the Convenience Claim Treatment on this reduced amount.

In the event of any inconsistent elections on this Ballot, a valid acceptance of the Convenience Claim Election will control and your Ballot will be deemed to vote to accept the Plan ~~and you will be deemed to not opt out of the Third Party Release~~.

**Item 7** ~~Item 5~~.  **Vote on Plan.**

You are eligible to vote to accept or reject the Plan in this **Item 57** **_unless_** (i) you ~~accept the Customer Preference Settlement and the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim is not excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action,~~ made the Bahamas Opt-In Election or (ii) you elected to accept the Convenience Claims Election, in which case your Class 5A Dotcom Customer Entitlement Claim will be counted as a vote to accept the Plan, regardless of any boxes checked below.

If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 5A Dotcom Customer Entitlement Claim if you (i) vote to accept the Plan in this **Item 7**, and (ii) consent and stipulate in **Item 4** to the Stipulated Amount for voting, allowance and Distribution.  For more details, please refer to **Item 4** of this Ballot and Section 5.5 of the Plan.

To vote in this **Item 57**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

~~As detailed in the Customer Preference Settlement Election, given that the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim may be excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, you are eligible to vote to accept or reject the Plan under the scenario where you accepted the Customer Preference Settlement but the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action.~~

The below table maps out different scenarios and your eligibility to vote to accept or reject the Plan.

~~Any Holder of a Class 5A Dotcom Customer Entitlement Claim may vote to accept the Plan and not elect to accept the Customer Preference Settlement in respect of such Class 5A Dotcom Customer Entitlement Claim.~~

Please note that you are required to vote all of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 1 3, or as set forth in the Stipulated Amount in Item 4, as applicable,** either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, **and** you did not make the ~~Customer Preference Settlement Election in Item 3 or the~~ Convenience

Claim Election in **Item 46**, your vote will not be counted in Class 5A Dotcom Customer Entitlement Claims.

As set forth in **Item 2**, if your Class 5A Dotcom Customer Entitlement Claim is a Claim of creditors and customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make the determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

***If you indicate that you both accept and reject the Plan by checking both boxes below, and you did not make the*** ~~Customer Preference Settlement Election or the~~ ***Convenience Claim Election, your vote will not be counted.***

The undersigned, a Holder of a Class 5A Dotcom Customer Entitlement Claim against the Debtors as set forth in the chart in **Item ~~1~~3, or as set forth in the Stipulated Amount in Item 4, as applicable,** votes to (please check **one box** in each row in the right column to the extent applicable):

| Scenario | Voting to Accept or Reject the Plan |
|---|---|
| Scenario 1<br>(where you:<br>**do not** make the ~~(i) **do not** make the Customer Preference Settlement Election in **Item 3**; and~~ ~~(ii) **do not** make the~~ Convenience Claim Election in **Item 46**) | ☐ ACCEPT (VOTE FOR) THE PLAN<br><br>☐ REJECT (VOTE AGAINST) THE PLAN |
| Scenario 2<br>(where you:<br>~~(i) **do not** make the Customer Preference Settlement Election in **Item 3**; and~~<br>~~(ii)~~ **make** the Convenience Claim Election in **Item 46**) | DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CONVENIENCE CLAIM ELECTION |
| ~~Scenario 3~~<br>~~(where you:~~<br>~~(i) **make** the Customer Preference Settlement Election in **Item 3** and the Customer Preference Action associated with your Claim is **not** excluded as an Excluded Customer Preference Action; and~~<br>~~(ii) **do not** make the Convenience Claim Election in **Item 4**)~~ | ~~DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CUSTOMER PREFERENCE SETTLEMENT ELECTION~~ |
| ~~Scenario 4~~<br>~~(where you:~~<br>~~(i) **make** the Customer Preference Settlement Election in **Item 3** and the Customer Preference Action associated with your Claim is **not** excluded as an Excluded Customer Preference Action; and~~<br>~~(ii) **make** the Convenience Claim Election in **Item 4**)~~ | ~~DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CUSTOMER PREFERENCE SETTLEMENT ELECTION AND CONVENIENCE CLAIM ELECTION~~ |
| ~~Scenario 5~~<br>~~(where you:~~ | ☐ ~~ACCEPT (VOTE FOR) THE PLAN~~ |

| | |
|---|---|
| (i) ~~**make** the Customer Preference Settlement Election in **Item 3** and the Customer Preference Action associated with your Claim is excluded as an Excluded Customer Preference Action; and~~ <br> (ii) ~~**do not** make the Convenience Claim Election in **Item 4**)~~ | ~~☐   REJECT (VOTE AGAINST) THE PLAN~~ |
| ~~Scenario 6~~ <br> ~~(where you:~~ <br> ~~(i) **make** the Customer Preference Settlement Election in **Item 3** and the Customer Preference Action associated with your Claim is excluded as an Excluded Customer Preference Action; and~~ <br> ~~(ii) **make** the Convenience Claim Election in **Item 4**)~~ | ~~DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CONVENIENCE CLAIM ELECTION~~ |

**Item 8**~~Item 6~~**.   Third-Party Release.**

THE PLAN CONTAINS ~~MUTUAL~~A THIRD-PARTY RELEASE~~. ALL PARTIES THAT GRANT A RELEASE TO THE RELEASING PARTIES ARE ALSO RELEASED PARTIES~~. IF YOU DO NOT WISH TO GRANT ~~(AND RECEIVE) THIS MUTUAL~~THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS ~~FAILURE TO ACT~~ WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL ~~ASK~~REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN SECTION 10.5 OF THE PLAN. AS A HOLDER OF CLASS 5A DOTCOM CUSTOMER ENTITLEMENT CLAIMS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN UNLESS YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE. ~~IF YOU DECIDE TO OPT OUT OF THE THIRD-PARTY RELEASE IN THIS **ITEM 6**, YOU ARE INELIGIBLE TO MAKE THE CUSTOMER PREFERENCE SETTLEMENT ELECTION IN **ITEM 3** OR THE CONVENIENCE CLAIM ELECTION IN **ITEM 4**. CONVERSELY, IF YOU MAKE THE CUSTOMER PREFERENCE SETTLEMENT ELECTION IN **ITEM 3** OR THE CONVENIENCE CLAIM ELECTION IN **ITEM 4**, YOU ARE NOT ELIGIBLE TO OPT OUT OF THE THIRD-PARTY RELEASE AND ANY ATTEMPTED OPT OUT OF THE THIRD-PARTY RELEASE WILL BE VOID.~~

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN **ITEM ~~5~~7** OF THIS BALLOT, ~~YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE. HOWEVER, IF YOU~~OR ARE DEEMED TO VOTE TO ACCEPT THE PLAN BY VIRTUE OF MAKING THE ~~CUSTOMER PREFERENCE SETTLEMENT~~CONVENIENCE CLAIMS ELECTION IN **ITEM ~~3~~ OR THE CONVENIENCE CLAIM ELECTION IN ITEM 4**, YOUR ELECTION **6, YOU MAY STILL VOTE**

TO OPT OUT OF THE THIRD-PARTY RELEASE ~~WILL BE VOIDED AND YOU SHALL BE DEEMED A "RELEASING PARTY" UNDER THE PLAN~~.

> ☐ **By checking this box, you elect to <u>OPT OUT OF</u> the Third-Party Release.**

25

**Section 10.5** of the Plan contains the following Third-Party Release:

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section 10.5 shall cause the release of (a) any Excluded Party nor, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "***Released Parties***" means, the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity

is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)    Under the Plan, "***Releasing Parties***" means, (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

(3)    Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)    Under the Plan, "***Exculpated ~~Party~~Parties***" means (a) the Debtors,; (b) the Official Committee ~~and its current members, in their capacities as such,~~; (c) the Fee Examiner~~, and~~; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (ec), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such ~~Entity at any time from and after the Petition Date~~Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)    Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

**Item 9~~Item 7~~.  Certifications.**

1.    The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 5A Dotcom Customer Entitlement Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class 5A Dotcom Customer Entitlement Claim entitled to accept or decline the Bahamas Opt-In Election, make the Convenience Claim Election ~~and the Customer Preference Settlement, as applicable,~~ agree to the Stipulated Amount for voting,

27

allowance and Distribution, and to vote to accept or reject the Plan on behalf of the
Holder of such Class 5A Dotcom Customer Entitlement Claim;

2.  the undersigned has received a copy of the solicitation materials, including the Plan and
    the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on
    this Ballot is subject to the terms and conditions set forth therein and herein; and

3.  either (a) no other ballot with respect to the same Class 5A Dotcom Customer
    Entitlement Claim identified in **Item 1 3, or as set forth in the Stipulated Amount in
    Item 4, as applicable,** has been cast or (b) if any other ballot has been cast with respect to
    such Class 5A Dotcom Customer Entitlement Claim, then any such earlier prior ballots are
    hereby revoked and deemed to be null and void.

**Item 10 Item 8. Ballot Completion Information.**

| | |
|---|---|
| Name of Holder: | _____ |
| | _____ |
| Signature: | _____ |
| Signatory Name (if other than the Holder): | _____ |
| Title (if other than the Holder): | _____ |
| Address: | _____ |
| | _____ |
| Email Address: | _____ |
| Telephone Number: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other
person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of
claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN
ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT
MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY
RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE
VIA THE ONLINE VOTING PORTAL AT:
HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL,**

**OVERNIGHT COURIER, OR HAND DELIVERY** TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.

---

**THE VOTING DEADLINE IS [·]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

29

---
**Annex A**
**Class 5A Dotcom Customer Entitlement Claim**

---

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 5A Dotcom Customer Entitlement Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AND ANY APPLICABLE ELECTIONS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

**IF YOU MAKE THE ELECTION CONTAINED IN <u>ITEM</u> ~~3 (UNLESS THE CUSTOMER PREFERENCE ACTION ASSOCIATED WITH YOUR CLAIM IS EXCLUDED BY THE DEBTORS AS AN EXCLUDED CUSTOMER PREFERENCE ACTION) OR ITEM 4~~6 OF THE BALLOT, YOUR VOTE WILL AUTOMATICALLY BE COUNTED AS A VOTE TO ACCEPT THE PLAN.**

**<u>Optional Bahamas Opt-In Election</u> ~~to Accept the Customer Preference Settlement~~**

~~A. If you wish to elect to accept the Customer Preference Settlement in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 1**, check the box in **Item 3** of the Ballot.~~

~~B. Please note that the Customer Preference Settlement is only an offer by the Debtors and the Debtors may exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement.~~

~~If you make the Customer Preference Settlement Election and the Debtors do not exclude the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim as an Excluded Customer Preference Action, the amount of such Class 5A Dotcom Customer Entitlement Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.~~

You must submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, if you wish to irrevocably elect to, subject to the effectiveness of the Plan, have your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. If you make the Bahamas Opt-In Election:

a.  you will be, subject to the effectiveness of the Plan, forever, fully and finally releasing and discharging the Debtors with respect to such Class 5A Dotcom Customer Entitlement Claim;

b.  you are, subject to the effectiveness of the Plan, forever, fully and finally withdrawing with prejudice such Class 5A Dotcom Customer Entitlement Claim from these Chapter 11 Cases, and instead, if you have also submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation Proceeding, you will have your claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and the Solicitation Agent will be authorized to update the Claims Register accordingly;

c.  you will not receive any Distributions from the Debtors on account of such Class 5A Dotcom Customer Entitlement Claim;

d.  you will not be entitled to complete any other part of this Ballot or make any of the elections in these Chapter 11 Cases; and

e.  you are deemed to vote to accept the Plan.

In order to have your Class 5A Dotcom Customer Entitlement Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding.  In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX DM Liquidation Proceeding, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

If you do not make the ~~Customer Preference Settlement Election or if you elect to accept the Dotcom Preference Settlement and the Debtors exclude the Customer Preference Action associated with~~ Bahamas Opt-In Election, your Class 5A Dotcom Customer Entitlement Claim as ~~an Excluded Customer Preference Action, there will not be any changes to the amount of your~~ set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases. If you do not make the Bahamas Opt-In Election, you agree to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge FTX DM with respect to your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** and you will not receive any distributions from FTX DM in the FTX DM Liquidation Proceeding on account of such Class 5A Dotcom Customer Entitlement Claim. However, ~~please note that the Distribution Agent shall not be required to make a distribution to any Holder of a Class 5A Dotcom Customer Entitlement Claim subject to any unresolved Dotcom Customer Preference Action by the Debtors until such Dotcom Customer Preference Action and any corresponding right of setoff is resolved.~~ notwithstanding anything to the contrary, in the event you have submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation, then you are deemed to make the Bahamas Opt-In Election.

For more details about the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement and the Bahamas Process Letter you received in the Solicitation Package.

**Optional Stipulated Amount for Voting, Allowance and Distribution**

~~For the avoidance of doubt, in the event that~~ If you would like to elect to have the Debtors ~~exclude the~~ and Wind Down Entities waive and not prosecute any Customer Preference Action ~~associated with~~ (to the extent not an Excluded Customer Preference Action) with respect your Class 5A Dotcom Customer Entitlement Claim ~~as~~, you should agree to the Stipulated Amount Stipulation for voting, allowance and Distribution by checking the box in **Item 4** to irrevocably consent and stipulate to the Stipulated Amount. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action, ~~the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of~~) with respect your Class 5A Dotcom Customer Entitlement Claim~~.~~

~~, you must both (i) consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in~~ **Item 4** of this Ballot and (ii) vote to accept the Plan in **Item 7** of this Ballot. ~~Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in Item 3.~~

C. If you ~~make the Customer Preference Settlement Election, you will be deemed to~~ consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot, but do not vote to accept the Plan in ~~Item 5. However, given that the Customer Preference Action associated with~~ **Item 7** of this Ballot, or if you vote to accept the Plan in **Item 7** of this Ballot, but do not consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot, the Debtors and the Wind Down Entities may still prosecute your Class 5A Dotcom Customer Entitlement Claim ~~may be excluded by the Debtors from the Customer Preference Settlement as an~~  Note that Excluded Customer Preference ~~Action, you are also eligible to vote to accept or reject the Plan in Item 5 under the scenario where you accepted the Customer Preference Settlement but the Customer Preference Action associated with~~ Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5A Dotcom Customer Entitlement Claim ~~is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action~~ as set forth in this **Item 4** or vote to accept the Plan in **Item 7** of this Ballot.~~-~~

~~Optional Convenience Claim Election~~

**Optional Convenience Claim Election**

~~A.~~ If you are a Holder of a Class 5A Dotcom Customer Entitlement Claim and you wish to make the Convenience Claim Election, check the box in **Item 6** of the Ballot in order to receive the Convenience Claim Treatment. In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 1** ~~totaling~~ **3**, and as set forth in the Stipulated Amount in **Item 4**, totals more than $~~10,000 and you wish to make the Convenience Claim Election,~~ 50,000, then such Holder may irrevocably ~~reducing your~~ elect to have such Class 5A Dotcom Customer Entitlement Claim ~~reduced~~ to $~~10,000 and receiving~~ 50,000.  In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3** totals more than $50,000, but as set forth in the Stipulated Amount in **Item 4** totals less than $50,000, and such Holder does not agree to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5A Dotcom Customer Entitlement Claim reduced to $50,000. In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3** totals more than $50,000, but for whom the Stipulated Amount as set forth in **Item 4** totals less than $50,000, and such Holder agrees to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5A Dotcom Customer Entitlement Claim reduced to the Stipulated Amount and receive the treatment ~~for~~ as a Class 7A Dotcom Convenience Claim~~ for distribution purposes, check the box in Item 4 of the Ballot~~. You must make the Convenience Claim Election as to the entire amount of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 1** **3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable. You may not split your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 1** **3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable.

If you make the Convenience Claim Election, all of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 1** **3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, will be counted as a vote to accept the Plan.

If you <u>do not</u> make the Convenience Claim Election, you ~~should~~may vote your Class 5A Dotcom Customer Entitlement Claim to accept or reject the Plan in **Item ~~5~~7**.

***Your Convenience Claim Election will not affect your Voting Amount.***

**Quoine Customers**

If your Class 5A Dotcom Customer Entitlement Claim is with respect to a Claim of creditors or customers of Quoine, please review **Item 2** in detail.  As set forth in **Item 2**, if your Class 5A Dotcom Customer Entitlement Claim is with respect to a Claim of creditors or customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

~~B. If you make the Customer Preference Settlement Election in Item 3, you may make the Convenience Claim Election in two different scenarios: (i) where you make the Customer Preference Settlement Election and the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim is not excluded from the Customer Preference Settlement as an Excluded Customer Preference Action and (ii) where you make the Customer Preference Settlement Election but the Customer Preference Action associated with your Class 5A Dotcom Customer Entitlement Claim is excluded from the Customer Preference Settlement as an Excluded Customer Preference Action. If you **do not** make any Convenience Claim Elections, you will not be deemed to have made the Convenience Claim Election.~~

~~2. If you vote to accept the Plan in **Item 5** of this Ballot and do not make the Customer Preference Settlement Election or the Convenience Claim Election, you may still vote to opt out of the Third Party Release.  However, if you are deemed to vote to accept the Plan by virtue of making the Customer Preference Settlement Election in **Item 3** or the Convenience Claim Election in **Item 4**, your election to opt out of the Third Party Release will be voided and you shall be deemed a "Releasing Party" under the Plan.~~

~~3. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.~~

2. ~~4.~~This Ballot contains voting options with respect to the Plan.

3. ~~5.~~To vote, you <u>MUST</u>: (a) fully complete ~~this~~the Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **Item ~~5~~7** of ~~this~~the Ballot; ~~and~~ (c) sign, date, and return ~~this~~the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

~~To submit your Ballot via mail, please send to:~~

IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 6, above. To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

<div align="center">

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

</div>

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4.  You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in **Item 7** of this Ballot or you are deemed to vote to accept the Plan by virtue of making the Convenience Claim Election in **Item 6**.

5.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6.  Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will **_not_** be counted unless the Debtors otherwise determine to accept such Ballot.

7.  To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is ~~[ ] [ ]~~**August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

8.  Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to whether you made the Bahamas Opt-In Election or acceptance or rejection of

<div align="center">

35

</div>

the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or ~~via~~by mail.

10. If you deliver multiple Ballots for your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item ~~1~~3, or as set forth in the Stipulated Amount in Item 4**, as applicable, to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 5A Dotcom Customer Entitlement Claim.

11. You must make a Bahamas Opt-In Election for all of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 2** and may not split your election.

12. ~~11.~~You must vote all of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item ~~1~~3, or as set forth in the Stipulated Amount in Item 4**, as applicable, either to accept or reject the Plan and may not split your vote.

13. ~~12. This~~The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or a proof of debt, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases or the FTX DM Liquidation Proceeding.

14. ~~13.~~You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. ~~14.~~ **You must SIGN AND DATE** your Ballot.[3] A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. A Ballot submitted via mail must contain an original wet-ink signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

16. ~~15.~~Except with respect to your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item ~~1~~3**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

---

[3]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

<u>**PLEASE RETURN YOUR BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: [●] (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR +[●] +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS [●] [●] AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

# **EXHIBIT 2C-2**

**Blackline of Class 5B Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 5B U.S. Customer Entitlement Claims**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS
BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND
COMPLETE THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO
BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY [•]AUGUST 16, 2024,
AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://~~cases~~restructuring.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME**

- You are receiving this ballot (this "Ballot") because you are a Holder of a Class 5B U.S. Customer Entitlement Claim of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each, a "Debtor"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

- The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.

- Effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 5B Dotcom Customer Entitlement Claim if you (i) agree with the Claim Amount Stipulation for Voting, Allowance and Distribution in Item 2 of this Ballot and (ii) vote to accept the Plan in Item 5 of this Ballot.

- Under the Plan, unless you affirmatively opt out in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "Third-Party Release"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page [•]11 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to make any election or vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also ~~attached to~~included in this Ballot ~~for your convenience of review~~. These defined terms control the scope of the Third-Party Release.

- ~~If you vote to accept the Plan in Item 5 of this Ballot, and do not make the Customer Preference Settlement Election or the Convenience Claim Election, you may still vote to opt out of the Third-Party Release. However, if you are deemed to vote to accept the Plan by virtue of making the Customer Preference Settlement Election in Item 3 or the Convenience Claim Election in Item 4, your election to opt out of the Third-Party Release will be voided and you shall be deemed a "Releasing Party" under the Plan.~~You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in Item 5 of this Ballot or you make the Convenience Claim Election in Item 4 of this Ballot.

The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "Plan"), attached as Exhibit A to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented

2

or otherwise modified from time to time and including all exhibits or supplements thereto, the "Disclosure Statement").[2] The Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class ~~5C NFT Customer Entitlement Claims, Class 6~~6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B ~~PropCo~~Priority DM Claims, Class 8C PropCo General Unsecured Claims ~~and Class 11 Subordinated Claims~~, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "Voting Class" and collectively, the "Voting Classes").

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 5B U.S. Customer Entitlement Claim as of ~~[●]~~June 25, 2024 (the "Voting Record Date"). **For a detailed discussion of the treatment of Class 5B U.S. Customer Entitlement Claims under the Plan, please review the Disclosure Statement and the Plan.**

## BALLOT

**Please review the ~~detailed~~ instructions attached ~~hereto~~ as Annex A (the "Ballot Instructions")** **regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the ~~attached~~ Ballot Instructions, your vote on the Plan will be counted in Class 5B U.S. Customer Entitlement Claims. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. ~~The~~Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After ~~Confirmation~~the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN,** **YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF ~~[●]~~AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

To vote on the Plan, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **Item 5**~~.~~ and of this Ballot; (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or ~~by mail~~(ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1. To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#: _____**

2. To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

   FTX Trading Ltd. Ballot Processing Center
   c/o Kroll Restructuring Administration LLC
   850 Third Avenue, Suite 412
   Brooklyn, NY 11232

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you **SHOULD NOT** submit the paper original of your Ballot.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Class 5B U.S. Customer Entitlement Claim. Your Claim has been ~~placed~~classified in Class 5B under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1** or multiple ~~claims~~Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for the ~~votes on the respective ballots~~vote on such ballot to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you

~~desire~~would like paper copies of the Solicitation Package materials, or if you ~~need to obtain~~would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at [•] (888) 482-0049 (U.S./Canada, Toll-Free) or +[•]+1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain elections contained herein, opting out of the Third-Party Release, and making certifications with respect to the ~~Plan~~Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1     Voting Amount of Class 5B U.S. Customer Entitlement Claim.**

For purposes of voting to accept or reject the Plan, your U.S. Customer Entitlement Claim will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations ~~to be~~ set forth ~~in an order by the Court~~ either in (i) the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] or (ii) the [•] (the "Scheduled Amount"). Your Scheduled Amount is as listed in this **Item 1**.

If you did not file a Proof of Claim, the amount of your Class 5B U.S. Customer Entitlement Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures.

~~The undersigned hereby certifies~~ When signing your Ballot, you will be certifying that, as of the Voting Record Date, ~~the undersigned was~~ you are the Holder of a Class 5B U.S. Customer Entitlement Claim as set forth below and ~~understands that the undersigned is~~ understand that you are eligible to make the ~~elections in **Item 3** and **Item 4**~~ stipulation in **Item 2** and the election in **Item 4**.

~~As defined under the Plan, a Holder's "Net Preference Exposure" in respect of a Class 5B U.S. Customer Entitlement Claim is determined by calculating the total withdrawals made from the applicable exchange, and subtracting the total deposits made onto the exchange, within the Settlement Look Back Period (i.e., the period beginning at 12:01 a.m. ET on November 2, 2022, and ending at 10:00 a.m. ET on November 11, 2022). Your Net Preference Exposure is listed below in this **Item 1**.~~

~~As further explained in **Item 3** of this Ballot, each Holder of a Class 5B U.S. Customer Entitlement Claim will be provided an offer to participate in the Customer Preference Settlement. If you elect to accept the Customer Preference Settlement in respect of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1** (the "Customer Preference Settlement Election") and the Debtors do not exclude the Customer Preference Action associated with such Class 5B U.S. Customer Entitlement Claim as an Excluded Customer Preference Action, the amount of such Class 5B U.S. Customer Entitlement Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an~~

~~amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.~~

~~If you do not make the Customer Preference Settlement Election or if you make the Customer Preference Settlement Election and the Debtors exclude the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim as an Excluded Customer Preference Action, there will not be any changes to the amount of your Class 5B U.S. Customer Entitlement Claim. However, please note that the Distribution Agent shall not be required to make a distribution to any Holder of a Class 5B U.S. Customer Entitlement Claim subject to any U.S. Customer Preference Action by the Debtors until such U.S. Customer Preference Action and any corresponding right of setoff is resolved.~~

~~Please note that the Customer Preference Settlement is only an offer by the Debtors and the Debtors may exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement. In the event that the Debtors exclude the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim as an Excluded Customer Preference Action, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of your Class 5B U.S. Customer Entitlement Claim.~~

~~*Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in Item 3.*~~

| ~~Relevant Ballot Amounts~~ |
|---|
| ~~Scheduled Amount: _____~~ |
| ~~Voting Amount: _____~~ |
| ~~Net Preference Exposure: _____~~ |
| ~~Preference Settlement Amount: [_____ (15% of Net Preference Exposure)][$0]~~ |

| **Relevant Ballot Amounts** |
|---|
| **Scheduled Amount: $_____** |
| **Voting Amount: $_____** |

| ~~Voting Class~~ | ~~Description~~ | ~~Claim Amount~~ |
|---|---|---|
| ~~Class 5B~~ | ~~Class 5B U.S. Customer Entitlement Claims~~ | ~~(i) If you accept the Customer Preference Settlement:~~<br><br>~~_____~~<br><br>~~(ii) If you do not make the Customer Preference Settlement Election:~~<br><br>~~_____~~ |

**For additional details regarding the treatment and rights for Class 5B U.S. Customer Entitlement Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 2.    Stipulated Amount for Voting, Allowance and Distribution.**

Effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 5B U.S. Customer Entitlement Claim if you (i) vote to accept the Plan in **Item 5** of this Ballot and (ii) consent and stipulate in this **Item 2** to the Stipulated Amount below *for voting, allowance and Distribution purposes*. For more details, please refer to Section 5.5 of the Plan.

**Stipulated Amount of your Class 5B U.S. Customer Entitlement Claim for Voting, Allowance and Distribution: $_____**

If you would like to agree to your Stipulated Amount identified above *for voting, allowance and Distribution* in respect of your Class 5B U.S. Customer Entitlement Claim, you should check the box below. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 5B U.S. Customer Entitlement Claim, you must both (i) agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 5B U.S. Customer Entitlement Claim as set forth in this **Item 2** and (ii) vote to accept the Plan in **Item 5** of this Ballot. If you agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 5B U.S. Customer Entitlement Claim, but do not vote to accept the Plan in **Item 5** of this Ballot, or if you vote to accept the Plan in **Item 5** of this Ballot, but do not agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5B U.S. Customer Entitlement Claim, the Debtors and the Wind Down Entities may still prosecute Customer Preference Action with respect to your Class 5B U.S. Customer Entitlement Claim. Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5B U.S. Customer Entitlement Claim as set forth in this **Item 2** or vote to accept the Plan in **Item 5** of this Ballot.  **PLEASE BE ADVISED THAT IF YOU PROPERLY CONSENT AND STIPULATE TO THE STIPULATED AMOUNT, THE STIPULATED AMOUNT WILL SUPERSEDE ANY FILED OR SCHEDULED CLAIM AND SUCH STIPULATED AMOUNT SHALL CONTROL FOR VOTING, ALLOWANCE AND DISTRIBUTION IN RESPECT OF YOUR CLASS 5B U.S. CUSTOMER ENTITLEMENT CLAIM.  FOR MORE DETAILS, PLEASE REFER TO SECTION 5.5 OF THE PLAN AND SECTION 6(E) OF THE DISCLOSURE STATEMENT.**

The undersigned, a Holder of a Class 5B U.S. Customer Entitlement Claim against the Debtors as set forth in the chart above, elects as follows:

☐ The undersigned consents and stipulates to the Stipulated Amount as set forth in **Item 2** of this Ballot *for voting, allowance and Distribution*.

**Item 3**~~Item 2~~.  **Guide for Filling Out this Ballot.**

All Holders of Class 5B U.S. Customer Entitlement Claims should review and consider whether to make the elections in this Ballot and review the Ballot Instructions in **Annex A** attached to this Ballot ~~to understand the contents of this Ballot~~.

~~**Item 3.**    **Customer Preference Settlement Election.**~~

~~As detailed in the Plan, Holders of Class 5B U.S. Customer Entitlement Claims may elect to participate in the Customer Preference Settlement. Before deciding whether to participate in the Customer Preference Settlement, please carefully read the difference in treatments between your Class 5B U.S. Customer Entitlement Claim with and without such election. The Customer Preference Settlement and its implications are detailed in Section [4(G)] of the Disclosure Statement.~~

~~As detailed in the Plan, the Debtors reserve the right to exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement at any time prior to the Confirmation, based on certain set criteria.~~

~~If you make the Customer Preference Settlement Election and the Debtors do not exclude the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim as an Excluded Customer Preference Action, the amount of such Class 5B U.S. Customer Entitlement Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.~~

~~If you do not make the Customer Preference Settlement Election or if you make the Customer Preference Settlement Election and the Debtors exclude the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim as an Excluded Customer Preference Action, there will not be any changes to the amount of your Class 5B U.S. Customer Entitlement Claim. However, the Distribution Agent shall not be required to make a distribution to any Holder of Class 5B U.S. Customer Entitlement Claims subject to any unresolved U.S. Customer Preference Action by the Debtors until such U.S. Customer Preference Action and any corresponding right of setoff is resolved.~~

~~***Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in Item 3.***~~

~~Pursuant to the Customer Preference Settlement, the Debtors' Release contained in Section 10.4 of the Plan shall also release any U.S. Customer Preference Action in respect of a Class 5B U.S. Customer Entitlement Claim against:~~

~~any Holder of such Class 5B U.S. Customer Entitlement Claim who (i) elects to accept the Customer Preference Settlement, (ii) has a Scheduled Amount no less than the Preference Settlement Amount and (iii) is not excluded by the Debtors from the Customer Preference Settlement.~~

~~any Holder of such Class 5B U.S. Customer Entitlement Claim who (i) elects to accept the Customer Preference Settlement, (ii) is not excluded by the Debtors from the Customer Preference Settlement and (iii) provides the Debtors payment in cash in the amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount (to the extent such amount is greater than zero).~~

~~For the avoidance of doubt, in the event that you are excluded by the Debtors from the Customer Preference Settlement, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of your Class 5B U.S. Customer Entitlement Claim.~~

~~If you would like to **accept** the Customer Preference Settlement in respect of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, you should check the box below. Checking the box below constitutes a vote to *accept* the Plan. *If you accept the Customer Preference Settlement AND vote to reject the Plan, your Customer Preference Settlement Election controls, your vote to reject the Plan will be voided and you shall be deemed to have accepted the Plan.* However, given that the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim may be excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, you are also eligible to vote to accept or reject the Plan under the scenario where you accepted the Customer Preference Settlement but the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action.~~

~~Notwithstanding anything to the contrary in the Plan, the Distribution Agent shall not be required to make a distribution to any Holder of a Class 5B U.S. Customer Entitlement Claim subject to any unresolved U.S. Customer Preference Action by the Debtors until such U.S. Customer Preference Action and any corresponding right of setoff is resolved.~~

~~**Please note that the Customer Preference Settlement Election is at your option. Holders that make the Customer Preference Settlement Election may ultimately be subject to preference liability in amounts exceeding those that would have been applicable to such Holders had they decided not to make the Customer Preference Settlement Election.**~~

~~☐    By checking this box, you elect to **ACCEPT THE CUSTOMER PREFERENCE SETTLEMENT** in respect of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**. If you check this box and the Debtors do not exclude the Customer Preference Action associated with such Claim as an Excluded Customer Preference Action, you will be deemed to vote to accept the Plan and to not opt out of the Third-Party Release in respect of such Claim~~

~~In the event of any inconsistent elections on this Ballot, a valid acceptance of the Customer Preference Settlement will control and your Ballot will be deemed to vote to accept the Plan and you will be deemed to not opt out of the Third-Party Release.~~

## <u>Item 4</u>.    Convenience Claim Election.

Any Holder ~~whose~~<u>of a</u> Class 5B U.S. Customer Entitlement Claim ~~with a Claim Amount as set forth in~~ ~~**Item 1** totaling more than $10,000~~ may irrevocably elect to ~~have~~<u>receive the treatment for Class 7B with respect to</u> such Class 5B U.S. Customer Entitlement Claim ~~reduced to $10,000 and receive the treatment for Class 7B~~ as a Class 7B U.S. Convenience Claim (such election, the "<u>Convenience Claim Election</u>"). <u>In the event any Holder whose Class 5B U.S. Customer Entitlement Claim with a Claim Amount as set forth in **Item 1**, and as set forth in the Stipulated Amount in **Item 2**, totals more than $50,000, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim reduced to $50,000. In the event any Holder whose Class 5B U.S. Customer Entitlement Claim with a Claim Amount as set forth in **Item 1** totals more than $50,000, but for whom the Stipulated Amount as set forth in **Item 2** totals less than $50,000, and such Holder does not agree to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim reduced to $50,000. In the event any Holder whose Class 5B U.S. Customer Entitlement Claim</u>

with a Claim Amount as set forth in **Item 1** totals more than $50,000, but as set forth in the Stipulated Amount in **Item 2** totals less than $50,000, and such Holder agrees to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim reduced to its Stipulated Amount and receive the treatment as a Class 7B U.S. Convenience Claim. By making the Convenience Claim Election for your Class 5B U.S. Customer Entitlement Claim, the aggregate amount of such Class 5B U.S. Customer Entitlement Claim for ~~distribution~~Distribution under the Plan will be irrevocably reduced to the lesser of $~~10,000~~50,000 and the applicable Stipulated Amount (to the extent you agree to the Stipulated Amount for voting, allowance and Distribution) (the "Convenience Claim Treatment"). Please review the below chart to understand the difference in the treatment for Class 5B U.S. Customer Entitlement Claims and Class 7B U.S. Convenience Claims.

| Voting Class | Description | Treatment |
|---|---|---|
| Class 5B | U.S. ~~Customers~~Customer Entitlement Claims | [•][1]Except to the extent that a Holder of an Allowed U.S. Customer Entitlement Claim agrees to less favorable treatment, and in full and final satisfaction, settlement, release and discharge of and in exchange for its Allowed U.S. Customer Entitlement Claims, each Holder of an Allowed U.S. Customer Entitlement Claim shall receive payment in Cash in an amount equal to (i) 100% of such Allowed U.S. Customer Entitlement Claim, *plus* (ii) interest at the Consensus Rate on such Allowed U.S. Customer Entitlement Claim from the Petition Date through the applicable Distribution Date to the extent of available funds in accordance with Section 7.1 of the Plan, *plus* (iii) any proceeds from the Supplemental Remission Fund to which the Debtors determine such Holder is entitled pursuant to Section 5.21 of the Plan; *provided* that no Holder of an Allowed U.S. Customer Entitlement Claim shall be entitled to receive any payment except to the extent of funds available to make such payment in accordance with the waterfall priorities set forth in Section 4.2.2 and Section 4.2.3 of the Plan. |

---

~~x.~~    ~~NTD: To be updated per plan treatment.~~

| Voting Class | Description | Treatment |
|---|---|---|
| Class 7B | U.S. Convenience Claims | [•]¹In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed U.S. Convenience Claim, each Holder of an Allowed U.S. Convenience Claim shall receive payment in Cash in an amount equal to 100% of such Allowed U.S. Convenience Claim plus postpetition interest at the Consensus Rate from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in Section 4.2.2 of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such U.S. Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |

***Your Convenience Claim Election will not affect your Voting Amount.***

If you would like to make the Convenience Claim Election and receive the Convenience Claim Treatment in respect of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2, as applicable,** you should check the applicable box(es) below. Checking the box below constitutes a vote to *accept* the Plan. ***If you accept the Convenience Claim Election AND vote to reject the Plan, your Convenience Claim Election controls, your vote to reject the Plan will be voided and you shall be deemed to have accepted the Plan.***

If you accept the Customer Preference Settlement in **Item 3**, you may make the Convenience Claim Election in two different scenarios: (i) where you accept the Customer Preference Settlement and the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim is not excluded from the Customer Preference Settlement as an Excluded Customer Preference Action and (ii) where you accept the Customer Preference Settlement but the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim is excluded from the Customer Preference Settlement as an Excluded Customer Preference Action. If you **do not** make any Convenience Claim Election, you will not be deemed to have made the Convenience Claim Election.

**Please note that the Convenience Claim Election is at your option. Holders that make the Convenience Claim Election may receive a distribution that is less than the distribution such Holders would have received had they decided not to make the Convenience Claim Election.**

---
ˣ    NTD: To be updated per plan treatment.

The undersigned, a Holder of a Class 5B U.S. Customer Entitlement Claim against the Debtors as set forth in the chart in **Item 1**, or as set forth in the Stipulated Amount in **Item 2, as applicable,** elects as follows:

~~Solely if you accept the Customer Preference Settlement in Item 3:~~

| ~~Scenario~~ | ~~Convenience Claim Election~~ |
|---|---|
| ~~Scenario 1~~ ~~(where you accept the Customer Preference Settlement in **Item 3** and the Customer Preference Action associated with your Claim is not excluded as an Excluded Customer Preference Action)~~ | ~~☐ **Accept the Convenience Claim Election** and the reduction of your Class 5B U.S. Customer Entitlement Claim to $10,000 (for distribution purpose) and are hereby deemed to vote all such Class 5B U.S. Customer Entitlement Claim in favor of the Plan, to not opt out of the Third-Party Release, and to receive the Convenience Claim Treatment on this reduced amount.~~ |
| ~~Scenario 2~~ ~~(where you accept the Customer Preference Settlement in **Item 3** but the Customer Preference Action associated with your Claim is excluded as an Excluded Customer Preference Action and the Customer Preference Settlement is therefore not binding)~~ | ~~☐ **Accept the Convenience Claim Election** and the reduction of your Class 5B U.S. Customer Entitlement Claim to $10,000 (for distribution purpose) and are hereby deemed to vote all such Class 5B U.S. Customer Entitlement Claim in favor of the Plan, to not opt out of the Third-Party Release, and to receive the Convenience Claim Treatment on this reduced amount. In other words, you still intend to make the Convenience Claim Election and to be deemed to vote to accept the Plan and not to opt out of the Third-Party Release, even if the Debtors exclude the Customer Preference Action associated with your Claim as an Excluded Customer Preference Action.~~ |

~~Solely if you do not make the Customer Preference Settlement Election in Item 3:~~

☐ **Accept the Convenience Claim Election** and the reduction of your Class 5B U.S. Customer Entitlement Claim to the lesser of $~~10,000 (for distribution purposes~~50,000 and the applicable Stipulated Amount (to the extent you agree to the Stipulated Amount for voting, allowance and Distribution ) (for Distribution purpose under the Plan) and are hereby deemed to vote all such Class 5B U.S. Customer Entitlement Claim in favor of the Plan, ~~to not opt out of the Third Party Release,~~ and to receive the Convenience Claim Treatment on this reduced amount.

In the event of any inconsistent elections on this Ballot, a valid acceptance of the Convenience Claim Election will control and your Ballot will be deemed to vote to accept the Plan.

**Item 5.    Vote on Plan.**

You are eligible to vote to accept or reject the Plan in this **Item 5** *unless* ~~(i) you accept the Customer Preference Settlement and the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim is not excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, or (ii)~~ you elected to accept the Convenience ~~Claims~~Claim Election, in

13

which case your Class 5B U.S. Customer Entitlement Claim will be counted as a vote to accept the Plan, regardless of any boxes checked below.

Effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 5B U.S. Customer Entitlement Claim if you (i) vote to accept the Plan in this **Item 5**, and (ii) consent and stipulate in **Item 2** to the Stipulated Amount for voting, allowance and Distribution.  For more details, please refer to **Item 2** of this Ballot and Section 5.5 of the Plan.

To vote in this **Item 5**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

~~As detailed in the Customer Preference Settlement Election, given that the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim may be excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, you are eligible to vote to accept or reject the Plan under the scenario where you accepted the Customer Preference Settlement but the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action.~~

The below table maps out different scenarios and your eligibility to vote to accept or reject the Plan.

~~Any Holder of a Class 5B U.S. Customer Entitlement Claim may vote to accept the Plan and not elect to accept the Customer Preference Settlement in respect of such Class 5B U.S. Customer Entitlement Claim.~~

Please note that you are required to vote all of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, **and** you did not make the ~~Customer Preference Settlement Election in Item 3 or the~~ Convenience Claim Election in **Item 4**, your vote will not be counted in Class 5B U.S. Customer Entitlement Claims.

***If you indicate that you both accept and reject the Plan by checking both boxes below, and you did not make the*** ~~Customer Preference Settlement Election or the~~ ***Convenience Claim Election, your vote will not be counted.***

The undersigned, a Holder of a Class 5B U.S. Customer Entitlement Claim against the Debtors as set forth in the chart in **Item 1**, or as set forth in the Stipulated Amount in **Item 2, as applicable,** votes to (please check **one box** in each row in the right column to the extent applicable):

| Scenario | Voting to Accept or Reject the Plan |
|---|---|
| Scenario 1 (where you: | ☐  ACCEPT (VOTE FOR) THE PLAN |

| | |
|---|---|
| **do not** make the ~~(i) do not make the Customer Preference Settlement Election in **Item 3**; and~~ ~~(ii) do not make the~~ Convenience Claim Election in **Item 4**) | ☐ REJECT (VOTE AGAINST) THE PLAN |
| Scenario 2 (where you: ~~(i) do not make the Customer Preference Settlement Election in **Item 3**; and~~ (ii) **make** the Convenience Claim Election in **Item 4**) | DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CONVENIENCE CLAIM ELECTION |
| ~~Scenario 3 (where you: (i) **make** the Customer Preference Settlement Election in **Item 3** and the Customer Preference Action associated with your Claim is **not** excluded as an Excluded Customer Preference Action; and (ii) **do not** make the Convenience Claim Election in **Item 4**)~~ | ~~DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CUSTOMER PREFERENCE SETTLEMENT ELECTION~~ |
| ~~Scenario 4 (where you: (i) **make** the Customer Preference Settlement Election in **Item 3** and the Customer Preference Action associated with your Claim is **not** excluded as an Excluded Customer Preference Action; and (ii) **make** the Convenience Claim Election in **Item 4**)~~ | ~~DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CUSTOMER PREFERENCE SETTLEMENT ELECTION AND CONVENIENCE CLAIM ELECTION~~ |
| ~~Scenario 5 (where you: (i) **make** the Customer Preference Settlement Election in **Item 3** and the Customer Preference Action associated with your Claim is excluded as an Excluded Customer Preference Action; and (ii) **do not** make the Convenience Claim Election in **Item 4**)~~ | ~~☐ ACCEPT (VOTE FOR) THE PLAN~~ ~~☐ REJECT (VOTE AGAINST) THE PLAN~~ |
| ~~Scenario 6 (where you: (i) **make** the Customer Preference Settlement Election in **Item 3** and the Customer Preference Action associated with your Claim is excluded as an Excluded Customer Preference Action; and (ii) **make** the Convenience Claim Election in **Item 4**)~~ | ~~DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CONVENIENCE CLAIM ELECTION~~ |

**Item 6.** **Third-Party Release.**

THE PLAN CONTAINS ~~MUTUAL~~A THIRD-PARTY RELEASE. ~~ALL PARTIES THAT GRANT A RELEASE TO THE RELEASING PARTIES ARE ALSO RELEASED PARTIES~~. IF YOU DO NOT WISH TO GRANT ~~(AND RECEIVE) THIS MUTUAL~~THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS ~~FAILURE TO ACT~~ WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS

WILL ~~ASK~~REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN <u>SECTION 10.5</u> OF THE PLAN. AS A HOLDER OF CLASS 5B U.S. CUSTOMER ENTITLEMENT CLAIMS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN <u>UNLESS</u> YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE. ~~IF YOU DECIDE TO OPT OUT OF THE THIRD-PARTY RELEASE IN THIS **ITEM 6**, YOU ARE INELIGIBLE TO MAKE THE CUSTOMER PREFERENCE SETTLEMENT ELECTION IN **ITEM 3** OR THE CONVENIENCE CLAIM ELECTION IN **ITEM 4**. CONVERSELY, IF YOU MAKE THE CUSTOMER PREFERENCE SETTLEMENT ELECTION IN **ITEM 3** OR THE CONVENIENCE CLAIM ELECTION IN **ITEM 4**, YOU ARE NOT ELIGIBLE TO OPT OUT OF THE THIRD-PARTY RELEASE AND ANY ATTEMPTED OPT OUT OF THE THIRD-PARTY RELEASE WILL BE VOID.~~

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN **ITEM 5** OF THIS BALLOT, ~~YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE. HOWEVER, IF YOU~~OR ARE DEEMED TO~~ VOTE TO ACCEPT THE PLAN BY VIRTUE OF MAKING THE ~~CUSTOMER PREFERENCE SETTLEMENT ELECTION IN **ITEM 3** OR THE~~ CONVENIENCE ~~CLAIM~~CLAIMS ELECTION IN **ITEM 4**, ~~YOUR ELECTION~~YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE ~~WILL BE VOIDED AND YOU SHALL BE DEEMED A "RELEASING PARTY" UNDER THE PLAN~~.

---

☐ **By checking this box, you elect to <u>OPT OUT OF</u> the Third-Party Release.**

---

**Section 10.5** of the Plan contains the following Third-Party Release:

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section 10.5 shall cause the release of (a) any Excluded Party nor, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "**_Released Parties_**" means, the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or

representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)    Under the Plan, "***Releasing Parties***" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth therein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

(3)    Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)    Under the Plan, "***Exculpated Party***Parties" means (a) the Debtors; (b) the Official Committee and its current members, in their capacities as such,; (c) the Fee Examiner, and; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (ee), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Entity at any time from and after the Petition DatePerson or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)    Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## Item 7.  Certifications

1.    The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 5B U.S. Customer Entitlement Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class 5B U.S. Customer Entitlement Claim entitled to accept or declinemake the Convenience Claim Election and the Customer Preference Settlement, as applicable, agree to the Stipulated Amount for voting, allowance and Distribution, and to

vote to accept or reject the Plan on behalf of the Holder of such Class 5B U.S. Customer Entitlement Claim;

2. the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3. either (a) no other ballot with respect to the same Class 5B U.S. Customer Entitlement Claim identified in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, has been cast or (b) if any other ballot has been cast with respect to such Class 5B U.S. Customer Entitlement Claim, then any such ~~earlier~~prior ballots are hereby revoked and deemed to be null and void.

**Item 8.   Ballot Completion Information**

Name of Holder:            _____

                           _____

Signature:                 _____

Signatory Name (if other than the
Holder):                   _____

Title (if other than the Holder):   _____

Address:                   _____

                           _____

Email Address:             _____

Telephone Number:          _____

Date Completed:            _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT<u>:</u>**

**HTTPS://**RESTRUCTURING.RA.KROLL.COM/FTX   OR   BY   **REGULAR**  MAIL**, OVERNIGHT COURIER, OR HAND DELIVERY** **TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

---

**THE VOTING DEADLINE IS [·]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**Annex A**
**Class 5B U.S. Customer Entitlement Claim**

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of Holders of Class 5B U.S. Customer Entitlement Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

    **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AND ANY APPLICABLE ELECTIONS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

    **PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

    **IF YOU MAKE THE ELECTION CONTAINED IN <u>ITEM</u> ~~3 (UNLESS THE CUSTOMER PREFERENCE ACTION ASSOCIATED WITH YOUR CLAIM IS EXCLUDED BY THE DEBTORS AS AN EXCLUDED CUSTOMER PREFERENCE ACTION) OR ITEM~~ 4 OF THE BALLOT, YOUR VOTE WILL AUTOMATICALLY BE COUNTED AS A VOTE TO ACCEPT THE PLAN.**

    ~~**Optional Election to Accept the Customer Preference Settlement**~~

    **<span style="color:blue">Optional Stipulated Amount for Voting, Allowance and Distribution</span>**

    ~~A.~~ If you ~~wish~~<span style="color:blue">would like</span> to elect to ~~accept the~~<span style="color:blue">have the Debtors and Wind Down Entities waive and not prosecute any</span> Customer Preference ~~Settlement in~~<span style="color:blue">Action (to the extent not an Excluded Customer Preference Action) with</span> respect ~~of~~your Class 5B U.S. Customer Entitlement Claim~~as set forth in **Item 1**, check the box in **Item 3** of the Ballot.~~

    ~~B.~~<span style="color:blue">, you should agree to the Stipulated Amount Stipulation for voting, allowance and Distribution by checking the box in **Item 2** to irrevocably consent and stipulate to the Stipulated Amount. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect your Class 5B U.S. Customer Entitlement Claim, you must both (i) consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 2** of this Ballot and (ii) vote to accept the Plan in **Item 5** of this Ballot. If you consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **Item 2** of this Ballot, but do not vote to accept the Plan in **Item 5** of this Ballot,</span> ~~Please note that the Customer Preference Settlement is only an offer by the Debtors and the Debtors may exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement.~~

    ~~If you make the Customer Preference Settlement Election and the Debtors do not exclude the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim as an Excluded Customer~~

~~Preference Action, the amount of such Class 5B U.S. Customer Entitlement Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.~~

~~If you do not make the Customer Preference Settlement Election~~ or if you ~~elect~~vote to accept the ~~U.S. Preference Settlement and the Debtors exclude the Customer Preference Action associated with~~Plan in **Item 5** of this Ballot, but do not consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 2** of this Ballot, the Debtors and the Wind Down Entities may still prosecute your Class 5B U.S. Customer Entitlement Claim~~ as an~~.  Note that Excluded Customer Preference ~~Action, there will not be any changes to the amount~~Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5B U.S. Customer Entitlement Claim~~. However, please note that the Distribution Agent shall not be required to make~~ as set forth in this **Item 2** or vote to accept the Plan in **Item 5** of this Ballot.

**Optional Convenience Claim Election**

~~a distribution to any~~If you are a Holder of a Class 5B U.S. Customer Entitlement Claim ~~subject to any unresolved U.S. Customer Preference Action by the Debtors until such U.S. Customer Preference Action and any corresponding right of setoff is resolved.~~and you wish to make the Convenience Claim Election, check the box in **Item 4** of ~~For~~the ~~avoidance of doubt, in~~Ballot in order to receive the Convenience Claim Treatment. In the event ~~that the Debtors exclude the Customer Preference Action associated with your~~any Holder whose Class 5B U.S. Customer Entitlement Claim ~~as an Excluded Customer Preference Action, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of your~~with a Claim Amount as set forth in **Item 1**, and as set forth in the Stipulated Amount in **Item 2**, totals more than $50,000, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim~~.~~

reduced to $50,000.  In the event any Holder whose Class 5B U.S. Customer Entitlement Claim with a Claim Amount as set forth in **Item 1** totals more than $50,000, but as set forth in the Stipulated Amount in **Item 2** totals less than $50,000, and such Holder does not agree to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim reduced to $50,000. In the event any *~~Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in Item 3.~~*

~~C. If you make the Customer Preference Settlement Election, you will be deemed to vote to accept the Plan in **Item 5**. However, given that the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim may be excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, you are also eligible to vote to accept or reject the Plan in **Item 5** under the scenario where you accepted the Customer Preference Settlement but the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action.~~

~~Optional Convenience Claim Election~~

~~A. If you are a~~ Holder ~~of a~~ whose Class 5B U.S. Customer Entitlement Claim with a Claim Amount as set forth in ~~Item 1 totaling more than $10,000 and you wish to make the Convenience Claim Election,~~ **Item 1** totals more than $50,000, but for whom the Stipulated Amount as set forth in **Item 2** totals less than $50,000, and such Holder agrees to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably ~~reducing your~~ elect to have such Class 5B U.S. Customer Entitlement Claim ~~to $10,000 and receiving~~ reduced to the Stipulated Amount and receive the treatment ~~for~~ as a Class 7B U.S. Convenience Claim ~~for distribution purposes, check the box in~~ **Item 4** ~~of the Ballot~~. You must make the Convenience Claim Election as to the entire amount of your Class 5B U.S. Customer Entitlement Claim as set forth in ~~Item 1~~ **Item 1, or as set forth in the Stipulated Amount in Item 2**, as applicable. You may not split your Class 5B U.S. Customer Entitlement Claim as set forth in ~~Item 1~~ **Item 1, or as set forth in the Stipulated Amount in Item 2**, as applicable.

If you make the Convenience Claim Election, all of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1, or as set forth in the Stipulated Amount in Item 2**, as applicable, will be counted as a vote to accept the Plan.

If you **do not** make the Convenience Claim Election, you ~~should~~ may vote your Class 5B U.S. Customer Entitlement Claim to accept or reject the Plan in **Item 5**.

***Your Convenience Claim Election will not affect your Voting Amount.***

~~B. If you make the Customer Preference Settlement Election in **Item 3**, you may make the Convenience Claim Election in two different scenarios: (i) where you make the Customer Preference Settlement Election and the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim is not excluded from the Customer Preference Settlement as an Excluded Customer Preference Action and (ii) where you make the Customer Preference Settlement Election but the Customer Preference Action associated with your Class 5B U.S. Customer Entitlement Claim is excluded from the Customer Preference Settlement as an Excluded Customer Preference Action. If you **do not** make any Convenience Claim Elections, you will not be deemed to have made the Convenience Claim Election.~~

~~2. If you vote to accept the Plan in **Item 5** of this Ballot and do not make the Customer Preference Settlement Election or the Convenience Claim Election, you may still vote to opt out of the Third Party Release. However, if you are deemed to vote to accept the Plan by virtue of making the Customer Preference Settlement Election in **Item 3** or the Convenience Claim Election in **Item 4**, your election to opt out of the Third Party Release will be voided and you shall be deemed a "Releasing Party" under the Plan.~~

~~3. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two thirds in amount and more than one half in number of Claims in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.~~

2. ~~4.~~ This Ballot contains voting options with respect to the Plan.

3. ~~5.~~ To vote, you <u>MUST</u>: (a) fully complete ~~this~~ the Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **Item 5** of ~~this~~ the Ballot; ~~and~~ (c) sign,

date, and return ~~this~~the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 4, above.

To submit your Ballot via regular mail (in the return envelope provided, if any, otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4.  You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in **Item 5** of this Ballot or you are deemed to vote to accept the Plan by virtue of making the Convenience Claim Election in **Item 4**.

5.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6. Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will ***not*** be counted unless the Debtors otherwise determine to accept such Ballot.

7. To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is ~~[•][•]~~**August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

8. Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or ~~via~~by mail.

10. If you deliver multiple Ballots for your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 5B U.S. Customer Entitlement Claim.

11. You must vote all of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, either to accept or reject the Plan and may not split your vote.

12. ~~This~~The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. ***You must SIGN AND DATE*** your Ballot.[3] A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. A Ballot submitted via mail must contain an original wet-ink

---

[3] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority so to act on behalf of such holder.

25

signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

15. Except with respect to your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: [•] (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR +[•]+1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS [•] [•] AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**EXHIBIT 2C-3**

**Blackline of Class 6A Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                           Chapter 11

FTX TRADING LTD., *et al.*,[1]                   —Case No. 22-11068 (JTD)

Debtors.                                          (Jointly Administered)

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 66A General Unsecured Claims**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS
BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND
COMPLETE THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO
BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY [•]AUGUST 16, 2024,
AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://casesrestructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

---

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME**

- You are receiving this ballot (this "**Ballot**") because you are a Holder of a Class 66A General Unsecured Claim of FTX Trading Ltd. ("**FTX Trading**") and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**" and each, a "**Debtor**"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

- The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.

- Under the Plan, unless you **affirmatively opt out** in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "**Third-Party Release**"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page [•]9 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to **make any election or** vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also attached to**included in** this Ballot for your convenience of review. These defined terms control the scope of the Third-Party Release.

- If you vote to accept the Plan in  Item 4  of this Ballot, and do not make the Convenience Claim Election, you may still vote to opt out of the Third-Party Release. However, if you are deemed to vote to accept the Plan by virtue of making the Convenience Claim Election in  Item 5, your election to opt out of the Third-Party Release will be voided and you shall be deemed a "Releasing Party" under the Plan.**You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in Item 5 of this Ballot, or you make the Convenience Claim Election in Item 4 of this Ballot.**

---

The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "Plan"), attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "Disclosure Statement").[2] The Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 5C NFT Customer Entitlement Claims, Class 66A General Unsecured Claims, Class 6B

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B ~~PropCo~~Priority DM Claims, Class 8C PropCo General Unsecured Claims ~~and Class 11 Subordinated Claims~~, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "Voting Class" and collectively, the "Voting Classes").

You are receiving this ballot (this "Ballot") because you are the Holder of a Class ~~6~~6A General Unsecured Claim as of ~~[•]~~June 25, 2024 (the "Voting Record Date"). **For a detailed discussion of the treatment of Class ~~6~~6A General Unsecured Claims under the Plan, please review the Disclosure Statement and the Plan.**

**BALLOT**

**Please review the ~~detailed~~ instructions attached ~~hereto~~ as Annex A~~A~~ (the "Ballot Instructions") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the ~~attached~~ Ballot Instructions, your vote on the Plan will be counted in Class ~~6~~6A General Unsecured Claims. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. ~~The~~Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After ~~Confirmation~~the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims~~ and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN,**
**YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF ~~[•]~~AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan ~~under the applicable scenario in Item 4~~in Item 5 of this Ballot; ~~and~~(c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or (ii) by regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1. To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

3

**Unique E-Ballot ID#:** _____

2.  To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you **SHOULD NOT** submit the paper original of your Ballot.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Class 6̶6A General Unsecured Claim. Your Claim has been placedclassified in Class 6̶6A under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 6̶6A General Unsecured Claim as set forth in Item 1Item 2 or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for the votes on the respective ballots to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desirewould like paper copies of the Solicitation Package materials, or if you need to obtainwould like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at [•] (888) 482-0049 (U.S./Canada, Toll-Free) or [•]+1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making ~~certain elections~~the election contained herein, opting out of the Third-Party Release, and making certifications with respect to the ~~Plan~~Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ~~[•]~~AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1.   Quoine Customers**

If your Class 6A General Unsecured Claim is with respect to a Claim of creditors or customers of Debtor Quoine Pte. Ltd. ("Quoine"), your vote on this Ballot is being solicited on a contingent basis.

The Debtors may determine, no later than 180 days after the Confirmation Date, to exclude Quoine from the Plan and treat Quoine as an Excluded Entity in the event that the Singapore International Commercial Court has not entered orders in form and substance reasonably acceptable to the Debtors (i) recognizing the Chapter 11 Case of Quoine Pte. Ltd. in Singapore and (ii) granting full force and effect in Singapore to the Confirmation Order, the Digital Assets Estimation Order and the Claims Bar Date.  In the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date, your Class 6A General Unsecured Claim with respect to a Claim of creditors and customers of Quoine will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases, and you will not be entitled to any Distributions under the Plan on account of such Claims and any ballots or elections made by you on account of such Claims will be deemed null and void.  In the event the Debtors do not make such determination within 180 days after the Confirmation Date, your Class 6A General Unsecured Claim with respect to a Claim of creditors or customers of Quoine will be treated as the other Class 6A General Unsecured Claims.

**Item 2~~Item 1~~   Voting Amount of Class ~~6~~6A General Unsecured Claim.**

For purposes of voting to accept or reject the Plan, to the extent all or part of your ~~Class 6~~ General Unsecured Claim includes cryptocurrency, such cryptocurrency will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations to be set forth in an order by the Court (the "Scheduled Amount"). Your Scheduled Amount is as listed in this ~~Item 1~~Item 2.

If you did not file a Proof of Claim, the amount of your Class ~~6~~6A General Unsecured ~~Claims~~Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") will be the

Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures. Your Voting Amount is as listed in this **Item 1**.

The undersigned hereby certifies When signing your Ballot, you will be certifying that, as of the Voting Record Date, the undersigned was you are the Holder of a Class 6 6A General Unsecured Claim as set forth below and understands that the undersigned is understand that you are eligible to make the election in Item 3 **Item 4**.

| Relevant Ballot Amounts |
|---|
| Scheduled Amount: _____ $_____ |
| Voting Amount: _____ $_____ |

**For additional details regarding the treatment and rights for Class 6 6A General Unsecured Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 3** Item 2.  **Guide for Filling Out this Ballot.**

All Holders of Class 6 6A General Unsecured Claims should review and consider whether to make the elections in this Ballot and review the Ballot Instructions in **Annex A A** attached to this Ballot to understand the contents of this Ballot.

**Item 4** Item 3.  General Convenience Claim Election.

Any Holder whose Class 6 6A General Unsecured Claims Claim with a Scheduled Claim Amount as set forth in Item 1 **Item 2** totaling more than $10,000 50,000 may irrevocably elect to have such Class 6 6A General Unsecured Claim reduced to $10,000 50,000 and receive the treatment for Class 6C 7C as a Class 6C 7C General Convenience Claim (such election, the "Convenience Claim Election"). By making the Convenience Claim Election for your Class 6 6A General Unsecured Claim, the aggregate amount of such Class 6 6A General Unsecured Claim for distribution Distribution under the Plan will be irrevocably reduced to $10,000 50,000 (the "Convenience Claim Treatment"). Please review the below chart to understand the difference in

the treatment for Class 6~~6~~A General Unsecured Claims and Class ~~6C~~7C General Convenience Claims.

| Voting Class | Description | Treatment |
|---|---|---|
| Class ~~6~~6A | General Unsecured Claims | [x][1]Except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, and in full and final satisfaction, settlement, release and discharge of and in exchange for its Allowed General Unsecured Claims, each Holder of an Allowed General Unsecured Claim shall receive payment in Cash in an amount equal to (i) 100% of such Allowed General Unsecured Claim, *plus* (ii) interest at the lower of the Consensus Rate, the applicable contract rate or such other rate determined by the Court (or as otherwise agreed by the relevant parties) on such Allowed General Unsecured Claim from the Petition Date through the applicable Distribution Date to the extent of available funds in accordance with Section 7.1 of the Plan; *provided* that no Holder of an Allowed General Unsecured Claim shall be entitled to receive any payment except to the extent of funds available to make such payment in accordance with the waterfall priorities set forth in Section 4.2.3 of the Plan. |
| Class 7C | General Convenience Claims | [x][1]In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed General Convenience Claim, each Holder of an Allowed General Convenience Claim shall receive payment in Cash in an amount equal to 100% of such Allowed General Convenience Claim *plus* postpetition interest at the lower of the Consensus Rate, the applicable contract rate or such other rate determined by the Court (or as otherwise agreed by the relevant parties) from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in Section 4.2.3 of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such General Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |

*Your Convenience Claim Election will not affect your Voting Amount.*

x----NTD: To be updated per plan treatment.

x----NTD: To be updated per plan treatment.

7

If you would like to make the Convenience Claim Election and receive the Convenience Claim Treatment in respect of your Class ~~6~~6A General Unsecured Claim as set forth in ~~Item 1~~**Item 1**, you should check the applicable box below. Checking the box below constitutes a vote to ***accept*** the Plan. *If you accept the Convenience Claim Election* _**AND**_ *vote to reject the Plan, your Convenience Claim Election controls, your vote to reject the Plan will be voided and you shall be deemed to have accepted the Plan.*

**Please note that the Convenience Claim Election is at your option. Holders that make the Convenience Claim Election may receive a distribution that is less than the distribution such Holders would have received had they decided not to make the Convenience Claim Election.**

The undersigned, a Holder of a Class ~~6~~6A General Unsecured Claim against the Debtors as set forth in the chart in ~~Item 1~~**Item 2**, elects as follows:

☐ **Accept the Convenience Claim Election** and the reduction of your Class ~~6~~6A General Unsecured Claim to $~~10,000 (for distribution~~50,000 (for Distribution purpose under the Plan) and are ~~and~~ hereby deemed to vote all such Class ~~6~~6A General Unsecured Claim in favor of the Plan~~, to not opt out of the Third Party Release~~, and to receive the Convenience Claim Treatment on this reduced amount.

In the event of any inconsistent elections on this Ballot, a valid acceptance of the Convenience Claim Election will control and your Ballot will be deemed to vote to accept the Plan ~~and you will be deemed to not opt out of the Third Party Release~~.

**Item 5**~~Item 4~~.  **Vote on Plan.**

You are eligible to vote to accept or reject the Plan in this ~~Item 4~~ **Item 5** *unless* you elected to accept the Convenience ~~Claims~~Claim Election, in which case your Class ~~6~~6A General Unsecured Claim will be counted as a vote to accept the Plan, regardless of any boxes checked below.

To vote in this ~~Item 4~~**Item 5**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

The below table maps out different scenarios and your eligibility to vote to accept or reject the Plan.

Please note that you are required to vote all of your Class ~~6~~6A General Unsecured Claim as set forth in ~~Item 1~~**Item 2** either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, **and** you did not make the Convenience Claim Election in ~~Item 3~~**Item 4**, your vote will not be counted in Class ~~6~~6A General Unsecured Claims.

As set forth in **Item 1**, if your Class 6A General Convenience Claim is a Claim of creditors and customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make the

determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

*If you indicate that you both accept and reject the Plan by checking both boxes below, and you did not make the Convenience Claim Election, your vote will not be counted.*

Please note that the Convenience Claim Election is at your option. Holders that make the Convenience Claim Election may receive a distribution that is less than the distribution such Holders would have received had they decided not to make the Convenience Claim Election.

The undersigned, a Holder of a Class ~~6~~6A General Unsecured Claim against the Debtors as set forth in the chart in ~~Item 1~~Item 2, votes to (please check **one box** in each row in the right column to the extent applicable):

| Scenario | Voting to Accept or Reject the Plan |
|---|---|
| Scenario 1<br>(where you: **do not** make the Convenience Claim Election in ~~Item 3~~Item 4) | ~~DEEMED TO~~ ☐ ACCEPT (VOTE FOR) THE PLAN ~~BASED ON CONVENIENCE CLAIM ELECTION~~<br>☐ REJECT (VOTE AGAINST) THE PLAN |
| Scenario 2<br>(where you~~do not~~: **make** the Convenience Claim Election in ~~Item 3~~Item 4) | ☐ DEEMED TO ACCEPT (VOTE FOR) THE PLAN<br>BASED ON CONVENIENCE CLAIM ELECTION ☐ REJECT (VOTE AGAINST) THE PLAN |

**Item 6~~Item 5~~.  Third-Party Release.**

THE PLAN CONTAINS ~~MUTUAL~~A THIRD-PARTY RELEASE~~. ALL PARTIES THAT GRANT A RELEASE TO THE RELEASING PARTIES ARE ALSO RELEASED PARTIES~~. IF YOU DO NOT WISH TO GRANT ~~(AND RECEIVE) THIS MUTUAL~~THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS ~~FAILURE TO ACT~~ WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL ~~ASK~~REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN SECTION 10.5 OF THE PLAN. AS A HOLDER OF ~~A~~ CLASS ~~6~~6A GENERAL UNSECURED ~~CLAIM~~CLAIMS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN UNLESS YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE. ~~IF YOU DECIDE TO OPT OUT OF THE THIRD PARTY~~

RELEASE IN THIS **ITEM 5**. YOU ARE INELIGIBLE TO MAKE THE CONVENIENCE CLAIM ELECTION IN **ITEM 3**. CONVERSELY, IF YOU MAKE THE CONVENIENCE CLAIM ELECTION IN **ITEM 3**, YOU ARE NOT ELIGIBLE TO OPT OUT OF THE THIRD PARTY RELEASE AND ANY ATTEMPTED OPT OUT OF THE THIRD PARTY RELEASE WILL BE VOID.

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN ~~ITEM 4~~**ITEM 5** OF THIS BALLOT, ~~YOU MAY STILL VOTE TO OPT OUT OF THE THIRD PARTY RELEASE. HOWEVER, IF YOU~~<u>OR</u> ARE DEEMED TO VOTE TO ACCEPT THE PLAN BY VIRTUE OF MAKING THE CONVENIENCE ~~CLAIM~~<u>CLAIMS</u> ELECTION IN ~~ITEM 3, YOUR ELECTION~~<u>**ITEM 4**, YOU MAY STILL VOTE</u> TO OPT OUT OF THE THIRD-PARTY RELEASE ~~WILL BE VOIDED AND YOU SHALL BE DEEMED A "RELEASING PARTY" UNDER THE PLAN~~.

☐ **By checking this box, you elect to <u>OPT OUT OF</u> the Third-Party Release.**

**Section 10.5 of the Plan contains the following Third-Party Release:**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act.  Nothing in this Section 10.5 shall cause the release of (a) any Excluded Party nor, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "***Released Parties***" means, the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity

is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)     Under the Plan, "***Releasing Parties***" means, (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth therein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

(3)     Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)     Under the Plan, "***Exculpated ~~Party~~Parties***" means (a) the Debtors,; (b) the Official Committee ~~and its current members, in their capacities as such,~~; (c) the Fee Examiner~~, and~~; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (~~e~~f), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such ~~Entity at any time from and after the Petition Date~~Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)     Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

**Item 7~~Item 6~~.  Certifications.**

1.     The undersigned, as of the Voting Record Date, is (a) the Holder of the Class ~~6~~6A General Unsecured Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class ~~6~~6A General Unsecured Claim entitled to accept or decline the Convenience Claim Election, and to vote to accept or reject the Plan on behalf of the Holder of such Class ~~6~~6A General Unsecured Claim;

12

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3.  either (a) no other ballot with respect to the same Class ~~6~~6A General Unsecured Claim identified in **Item** ~~1~~1 has been cast or (b) if any other ballot has been cast with respect to such Class ~~6~~6A General Unsecured Claim, then any such ~~earlier~~prior ballots are hereby revoked and deemed to be null and void.

**Item 8**~~Item 7~~**.  Ballot Completion Information.**

Name of Holder:                    _____

                                            _____

Signature:                           _____

Signatory Name (if other than the
Holder):                             _____

Title (if other than the Holder):   _____

Address:                             _____

                                            _____

Email Address:                      _____

Telephone Number:                 _____

Date Completed:                    _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT: HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

**THE VOTING DEADLINE IS [·]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

> **Annex A**
> **Class ~~6~~6A General Unsecured Claim**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class ~~6~~6A General Unsecured Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

   **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AND ANY APPLICABLE ELECTIONS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

   **PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

   **IF YOU MAKE THE ELECTION CONTAINED IN ~~ITEM 3~~ITEM 4 OF THE BALLOT, YOUR VOTE WILL AUTOMATICALLY BE COUNTED AS A VOTE TO ACCEPT THE PLAN.**

### Optional Convenience Claim Election

If you are a Holder of a Class ~~6~~6A General Unsecured Claim with a ~~Scheduled~~Claim Amount as set forth in ~~Item 1~~Item 2 totaling more than $~~10,000~~50,000 and you wish to make the Convenience Claim Election, irrevocably reducing your Class ~~6~~6A General Unsecured Claim to $~~10,000~~50,000 and receiving the treatment for a Class ~~6C  General~~7B U.S. Convenience Claim for ~~distribution~~Distribution purposes, check the box in ~~Item 3~~Item 4 of the Ballot. You must make the Convenience Claim Election as to the entire amount of your Class ~~6~~6A General Unsecured Claim as set forth in ~~Item 1~~Item 2. You may not split your Class ~~6~~6A General Unsecured Claim as set forth in ~~Item 1~~Item 2.

If you make the Convenience Claim Election, all of your Class ~~6~~6A General Unsecured Claim as set forth in ~~Item 1~~Item 2 will be counted as a vote to accept the Plan.

If you <u>do not</u> make the Convenience Claim Election, you ~~should~~may vote your Class ~~6~~6A General Unsecured Claim to accept or reject the Plan in ~~Item 4~~Item 5.

***Your Convenience Claim Election will not affect your Voting Amount.***

### Quoine Customers

If your Class 6A General Convenience Claim is with respect to a Claim of creditors or customers of Quoine, please review **Item 1** in detail. As set forth in **Item 1**, if your Class 6A General Convenience Claim is with respect to a Claim of creditors or customers of Quoine,

your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

2. If you vote to accept the Plan in Item 4 of this Ballot and do not make the Convenience Claim Election, you may still vote to opt out of the Third Party Release. However, if you are deemed to vote to accept the Plan by virtue of making the Convenience Claim Election in **Item 3**, your election to opt out of the Third Party Release will be voided and you shall be deemed a "Releasing Party" under the Plan.

3. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one half in number of Claims in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

2. 4. This Ballot contains voting options with respect to the Plan.

3. 5. To vote, you MUST: (a) fully complete ~~this~~the Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in ~~Item 4~~**Item 5** of ~~this~~the Ballot; ~~and~~ (c) sign, date, and return ~~this~~the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 3, above.

To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4. You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in **Item 5** of this or you are deemed to vote to accept the Plan by virtue of making the Convenience Claim Election in **Item 4**.

5. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6. Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will ***not*** be counted unless the Debtors otherwise determine to accept such Ballot.

7. To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is [•] [•]**August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

8. Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or ~~via~~by mail.

10. If you deliver multiple Ballots for your Class 6~~6~~A General Unsecured Claim as set forth in ~~Item 1~~**Item 2** to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 6~~6~~A General Unsecured Claim.

11. You must vote all of your Class 6~~6~~A General Unsecured Claim as set forth in ~~Item 1~~**Item 2** either to accept or reject the Plan and may not split your vote.

12. ~~This~~The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the

information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. ***You must SIGN AND DATE*** your Ballot.[3] A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. A Ballot submitted via mail must contain an original wet-ink signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

15. Except with respect to your Class 6 6A General Unsecured Claim as set forth in Item 1Item 2, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: [•] (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR [•]+1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS [•] [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

---

[3]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

18

**EXHIBIT 2C-4**

**Blackline of Class 7A Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 7A Dotcom Convenience Claims**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS
BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND
COMPLETE THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO
BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY [•]AUGUST 16, 2024,
AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://casesrestructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME**

- You are receiving this ballot (this "**Ballot**") because you are a Holder of a Class 7A Dotcom Convenience Claim of FTX Trading Ltd. ("**FTX Trading**") and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**" and each, a "**Debtor**"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"). in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and may be a potential claimant of FTX Digital Markets Ltd.'s ("FTX DM") liquidation proceeding in The Bahamas (the "FTX DM Liquidation Proceeding").

- The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.

- The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "Plan"), attached as Exhibit A to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "Disclosure Statement").[2]

- On January 24, 2024, the Bankruptcy Court entered an order approving a settlement agreement by and among the Debtors and FTX DM (the "Settlement") whereby, among other things, Holders of Class 5A Dotcom Customer Entitlement Claims may make an irrevocable election (the "Bahamas Opt-In Election"), subject to effectiveness of the Plan, to (i) forever, fully and finally release and discharge the Debtors with respect to such Class 5A Dotcom Customer Entitlement Claims from these Chapter 11 Cases and (ii) forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases in exchange to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. Any Holder who wishes to have its Class 5A Dotcom Customer Entitlement Claims or Class 7A Dotcom Convenience Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding must (i) submit a proof of debt in the FTX DM Liquidation Proceeding via the FTX DM Portal (as defined below), (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

- (iii) complete all other required steps in the FTX DM Liquidation Proceeding (collectively, (i) through (iii), the "Bahamas Requirements").  For more details about the Settlement and the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement and the Bahamas Opt-In Election instruction letter you received in the Solicitation Package (the "Bahamas Process Letter").

- Pursuant to the terms of the Settlement, making the Bahamas Opt-In Election will not impact your requirements to comply with and complete the "Know Your Customer" procedures, and subject to the effectiveness of the Plan, by making the Bahamas Opt-In Election, you agree to make your KYC Information submitted in these Chapter 11 Cases accessible to FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorize the Debtors to make such KYC information available to FTX DM and its agents and representatives.

- You will first be asked to determine whether you would like to make the Bahamas Opt-In Election.  If you make the Bahamas Opt-In Election in this Ballot, please do not fill out the rest of this Ballot.  If you make the Bahamas Opt-In Election, subject to the effectiveness of the Plan, you cannot prosecute your Class 5A Dotcom Customer Entitlement Claim against the Debtors and you agree to fully and finally release and discharge the Debtors with respect to such Claim.  Additionally, if you make the Bahamas Opt-In Election, any other elections you make on this Ballot will be null and void. If you make the Bahamas Opt-In Election in this Ballot, you are deemed to vote to accept the Plan.

- In order to have your Class 7A Dotcom Convenience Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must complete (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) all other Bahamas Requirements.  In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such Claims from the Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied the FTX DM Liquidation Proceeding.

- In the event you return the Ballot on or before the Voting Deadline and do not make the Bahamas Opt-In Election, you will have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the Chapter 11 Cases, your Claim will be governed by the Plan, the Chapter 11 Cases and the Bankruptcy Court, you cannot prosecute your Claim against FTX DM and any proof of debt you submit in the FTX DM Liquidation Proceeding will be invalid, unless you have also completed all other Bahamas Requirements in the FTX DM

**Liquidation Proceeding.**

- **In the event you (i) return the Ballot on or before the Voting Deadline and do not make the Bahamas Opt-In Election and (ii) submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, your Ballot will be deemed null and void and you are deemed to make the Bahamas Opt-In Election.**

- **If you wish to make the Bahamas Opt-In Election, please read carefully and complete Item 1 herein (Pages 7-11). If you do not wish to make the Bahamas Opt-In Election and wish to have your Claim administered in the Chapter 11 Cases, please read carefully and complete Items 2-9 herein (Pages 11-17).**

- **If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim if you (i) agree with the Claim Amount Stipulation for Voting, Allowance and Distribution in Item 4 of this Ballot and (ii) vote to accept the Plan in Item 7 of this Ballot.**

- **If you do not make the Bahamas Opt-In Election, there are certain releases contemplated in the Plan.** Under the Plan, unless you **affirmatively opt out** in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "**Third-Party Release**"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page [•]**15** of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to **make any election or** vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also ~~attached to~~**included in** this Ballot ~~for your convenience of review~~. These defined terms control the scope of the Third-Party Release.

- ~~If you vote to accept the Plan in~~ ~~Item 5~~ ~~of this Ballot and do not make the Customer Preference Settlement Election, you may still vote to opt out of the Third-Party Release. However, if you are deemed to vote to accept the Plan by virtue of making the Customer Preference Settlement Election in~~ ~~Item 4,~~ ~~your election to opt out of the Third-Party Release will be voided and you shall be deemed a "Releasing Party" under the Plan.~~**You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in Item 7 of this Ballot.**

~~The Debtors are soliciting votes to accept or reject the~~ *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* ~~(as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "Plan"), attached as~~ Exhibit A ~~to the~~ *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* ~~(as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the~~

"Disclosure Statement").² The Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 5C NFT Customer Entitlement Claims, Class 66A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B PropCoPriority DM Claims, Class 8C PropCo General Unsecured Claims and Class 11 Subordinated Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "Voting Class" and collectively, the "Voting Classes").

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 7A Dotcom Convenience Claim as of [•]June 25, 2024 (the "Voting Record Date"). **For a detailed discussion of the treatment of Class 7A Dotcom Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

## **BALLOT**

**Please review the detailed instructions attached hereto as Annex A (the "Ballot Instructions") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the attached Ballot Instructions, your vote on the Plan will be counted in **Class 7A Dotcom Convenience Claims.** If you make the Bahamas Opt-In Election in this Ballot, you should not complete the remainder of the Ballot and are deemed to vote to accept the Plan and any other election in the Ballot will be null and void. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. TheEven if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After Confirmationthe Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO MAKE THE BAHAMAS OPT-IN ELECTION IN THIS BALLOT OR TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN,**
**YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**To make the Bahamas Opt-In Election, you MUST either: (a)(1) check the box in Item 1, and (2) return this Ballot on or before the Voting Deadline; or (b)(1) take no action with respect**

---

² Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

to this Ballot or the voting and chapter 11 elections found on your FTX.com online portal and (2)(i) file a proof of debt in the FTX DM Liquidation Proceeding via the following link at [https://digitalmarketsclaim.pwc.com or by scanning the QR Code below]: (the "FTX DM Portal"), (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other Bahamas Requirements:



**To vote on the Plan, you MUST**: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in ~~Item 5~~**Item 7**; ~~and~~ (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or ~~by mail~~(ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1.  To submit your ~~Ballot via the~~electronic Ballot either to make the Bahamas Opt-In Election or to vote on the Plan via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

    **Unique E-Ballot ID#: _____**

2.  To submit your Ballot either to make the Bahamas Opt-In Election or to vote on the Plan via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

    FTX Trading Ltd. Ballot Processing Center
    c/o Kroll Restructuring Administration LLC
    850 Third Avenue, Suite 412
    Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you **SHOULD NOT** submit the paper original of your Ballot.

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan, or make the Bahamas Opt-In Election. You may wish to seek legal advice concerning (a) whether to make the Bahamas Opt-In Election and (b) the Plan and the Plan's classification and treatment of your Class 7A Dotcom Convenience Claim. Your Claim has been ~~placed~~classified in Class 7A under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 7A Dotcom Convenience Claim,~~,~~ as set forth in ~~Item 1~~Item 3 or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for ~~the votes on the respective ballots~~any Bahamas Opt-In Election or vote on such ballot to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you ~~desire~~would like paper copies of the Solicitation Package materials, or if you ~~need to obtain~~would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at ~~[•]~~(888) 482-0049 (U.S./Canada, Toll-Free) or ~~+[•]~~+1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain elections contained herein, opting out of the Third-Party Release, and making certifications with respect to the ~~Plan~~Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, or to make the Bahamas Opt-In Election via this Ballot, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS [·]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1.  The Bahamas Opt-In Election.**

Holders of Class 7A Dotcom Convenience Claims may irrevocably elect to have their Class 7A Dotcom Convenience Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding by making the Bahamas Opt-In Election.  If a Holder makes the Bahamas Opt-In Election, such Holder is, subject to the effectiveness of the Plan: (a) forever, fully and finally releasing and discharging the Debtors with respect to such Class 7A Dotcom Convenience Claims; and (b) forever, fully and finally withdrawing with prejudice such Class 7A Dotcom Convenience Claims from these Chapter 11 Cases and the Solicitation Agent will be authorized to update the Claims Register accordingly.

If a Holder does not make the Bahamas Opt-In Election, such Holder is, subject to the effectiveness of the Plan, forever, fully and finally releasing and discharging FTX DM with respect to their Class 7A Dotcom Convenience Claims and gives up all right to prove in, and be paid a distribution from, the FTX DM Liquidation Proceeding, unless such Holder submits a proof of debt in the FTX DM Liquidation Proceeding and completes all other Bahamas Requirements in the FTX DM Liquidation Proceeding.

After making the Bahamas Opt-In Election, FTX DM and the JOLs will provide instructions with respect to all aspects of your Claim via the following link at https://digitalmarketsclaim.pwc.com

**To make the Bahamas Opt-In Election, you MUST either:**

(a) (1) check the box in **Item 1** and (2) return this Ballot on or before the Voting Deadline; or

(b) (1) take no action with respect to this Ballot or the voting and chapter 11 elections found on your FTX.com online portal and (2)(i) file a proof of debt in the FTX DM Liquidation Proceeding via the following link at [https://digitalmarketsclaim.pwc.com or by scanning the QR Code below]: (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other Bahamas Requirements:



Making the Bahamas Opt-In Election in this Ballot does not ensure that your Class 7A Dotcom Convenience Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. **You must also submit a proof of debt in the FTX DM Liquidation Proceedings and complete all other Bahamas Requirements.** In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX DM Liquidation Proceeding, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such claims from these Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

If you make the Bahamas Opt-In Election, subject to effectiveness of the Plan your Class 7A Dotcom Convenience Claim as set forth in **Item 3** will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases and you agree to: (a) forever, fully and finally release and discharge the Debtors with respect to your Class 7A Dotcom Convenience Claim as set forth in **Item 3**; and (b) forever, fully and finally withdraw with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases. If you make the Bahamas Opt-In Election, you will not receive any Distributions from the Debtors on account of your Class 7A Dotcom Convenience Claim in the Chapter 11 Cases. If you make the Bahamas Opt-In Election in this Ballot, you are deemed to vote to accept the Plan and you will not be entitled to complete any other part of this Ballot or make any of the elections in these Chapter 11 Cases, including agreeing to your Stipulated Amount, pursuant to the Plan through this Ballot. For more details about the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement.

If you do not make the Bahamas Opt-In Election, your Class 7A Dotcom Convenience Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases. If you do not make the Bahamas Opt-In Election, you agree to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge FTX DM with respect to your Class 7A Dotcom Convenience Claim as set forth in **Item 3** and you will not receive any distributions from FTX DM on account of your Class 7A Dotcom Convenience Claim.

However, notwithstanding anything to the contrary, in the event you have submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation, then you are deemed to make the Bahamas Opt-In Election.

**Please note that the Bahamas Opt-In Election is at your option. Holders who make the Bahamas Opt-In Election cannot, and will not, receive more than such Holders would have received under the Plan in these Chapter 11 Cases. Additionally, Holders who make the Bahamas Opt-In Election may recover less as their Claims may be diluted by certain Claims in the Bahamas which would not have been allowed as Class 7A Dotcom Convenience Claims under the Plan.**

☐ **By checking this box, you (i) are deemed to vote to accept the Plan, and (ii) subject to effectiveness of the Plan, forever, fully and finally (a) release and discharge the Debtors with respect to your Class 7A Dotcom Convenience Claim; and (b) withdraw with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases, (iii) subject to effectiveness of the Plan, elect to have your Class 7A Dotcom Convenience Claim as set forth in Item 3 administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iv) subject to the effectiveness of the Plan, agree to make the KYC Information submitted in these Chapter 11 Cases accessible to the FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorize the Debtors to make such KYC information available to FTX DM and its agents and representatives. Please note that in order to have your Class 7A Dotcom Convenience Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) complete all other Bahamas Requirements.**

**If you check this box ONLY PROCEED TO ITEM 1(a) and ITEM 1(b). DO NOT FILL OUT THE REST OF THE BALLOT AFTER ITEM 1(b). For further instructions and information, please refer to Annex A herein.**

In the event that you make the Bahamas Opt-In Election and complete any other part of this Ballot or make any other elections in the Ballot, (i) your Bahamas Opt-In Election will control, (ii) you are deemed to vote to accept the Plan, and (iii) such other elections made in your Ballot will be deemed null and void.

In the event you (1) return this Ballot on or before the Voting Deadline that does not make the Bahamas Opt-In Election and (2) submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, your Ballot will be deemed null and void and you are deemed to make the Bahamas Opt-In Election.

**Item 1(a).    Certifications.**

The undersigned, as of the Voting Record Date:

1.  is (a) the Holder of the Class 7A Dotcom Convenience Claim as set forth in **Item 3** or the authorized signatory for an entity that is a Holder of such Claim entitled to make the Bahamas Opt-In Election as set forth in this **Item 1**;

2.  irrevocably elects to, subject to the effectiveness of the Plan, have its Class 7A Dotcom Convenience Claim as set forth in **Item 3** administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding; *provided* that in order to have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding;

3.  agrees to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge the Debtors with respect to the Class 7A Dotcom Convenience Claim as set forth in **Item 3**; and

4.  subject to the effectiveness of the Plan, forever, fully and finally withdraws with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases.

**Item 1(b).    Bahamas Opt-In Election Information.**

Name of Holder: _____

Signature: _____

Signatory Name (if other than the Holder): _____

Title (if other than the Holder): _____

Address: _____

Email Address: _____

Telephone Number: _____

Date Completed: _____

**Item 2    Quoine Customers**

If your Class 7A Dotcom Convenience Claim is with respect to a Claim of creditors or customers of Debtor Quoine Pte. Ltd. ("Quoine"), your vote on this Ballot is being solicited on a contingent basis.

The Debtors may determine, no later than 180 days after the Confirmation Date, to exclude Quoine from the Plan and treat Quoine as an Excluded Entity in the event that the Singapore International Commercial Court has not entered orders in form and substance reasonably acceptable to the Debtors (i) recognizing the Chapter 11 Case of Quoine Pte. Ltd. in Singapore and (ii) granting full force and effect in Singapore to the Confirmation Order, the Digital Assets Estimation Order and the Claims Bar Date. In the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date, your Class 7A Dotcom Convenience Claim with respect to a Claim of creditors and customers of Quoine will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases, and you will not be entitled to any Distributions under the Plan on account of such Claims and any ballots or elections made by you on account of such Claims will be deemed null and void. In the event the Debtors do not make such determination within 180 days after the Confirmation Date, your Class 7A Dotcom Convenience Claim with respect to a Claim of creditors or customers of Quoine will be treated as the other Class 7A Dotcom Convenience Claims.

**Item 3~~Item 1~~.  Voting Amount of Class 7A Dotcom Convenience Claim.**

For purposes of voting to accept or reject the Plan, your Class 7A Dotcom Convenience Claim will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations ~~to be~~ set forth ~~in an order by the Court~~either in (i) the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] or (ii) the [•] (the "Scheduled Amount"). Your Scheduled Amount is as listed in this ~~Item 1~~Item 3.

If you did not file a Proof of Claim, the amount of your Class 7A Dotcom Convenience Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional

details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures.

~~The undersigned hereby certifies~~ When signing your Ballot, you will be certifying that, as of the Voting Record Date, ~~the undersigned was~~ you are the Holder of a Class 7A Dotcom Convenience Claim as set forth below and ~~understands that the undersigned is~~ understand that you are eligible to make the ~~election~~ stipulation in **Item 4**.

| **Relevant Ballot Amounts** |
|:---:|
| **Scheduled Amount: $_____** |
| **Voting Amount: $_____** |

~~As defined under the Plan, a Holder's "Net Preference Exposure" in respect of a Class 7A Dotcom Convenience Claim is determined by calculating the total withdrawals made from the applicable exchange, and subtracting the total deposits made onto the exchange, within the Settlement Look Back Period (i.e., the period beginning at 12:01 a.m. ET on November 2, 2022, and ending at 10:00 a.m. ET on November 11, 2022). Your Net Preference Exposure is listed below in this **Item 1**.~~

~~As further explained in **Item 4** of this Ballot, each Holder of a Class 7A Dotcom Convenience Claim will be provided an offer to participate in the Customer Preference Settlement. If you elect to accept the Customer Preference Settlement in respect of your Class 7A Dotcom Convenience Claim as set forth in **Item 1** (the "Customer Preference Settlement Election") and the Debtors do not exclude the Customer Preference Action associated with such Class 7A Dotcom Convenience Claim as an Excluded Customer Preference Action, the amount of such Class 7A Dotcom Convenience Claim will be equal to (i) the Scheduled Amount minus (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; provided that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount minus (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.~~

**For additional details regarding the treatment and rights for Class 7A Dotcom Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 4.   Stipulated Amount for Voting, Allowance and Distribution.**

If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference ~~Settlement Election or if you make the Customer Preference Settlement Election and the Debtors exclude the~~ Action (to the extent not an Excluded Customer Preference Action ~~associated)~~ with respect to your Class 7A Dotcom Convenience Claim ~~as an Excluded Customer Preference Action, there will not be any changes to the amount of your Class 7A Dotcom Convenience Claim. However, please note that the Distribution Agent shall not be required to make a distribution to any Holder of a Class 7A Dotcom Convenience Claim subject to any Dotcom Customer Preference Action by the Debtors until such Dotcom Customer Preference Action and any corresponding right of setoff is resolved.~~ if you (i) vote to accept the Plan in **Item 7** of this Ballot and (ii) consent and stipulate in this **Item 4** to the Stipulated Amount below *for voting, allowance and Distribution*. For more details, please refer to Section 5.5 of the Plan.

**Stipulated Amount of your Class 7A Dotcom Convenience Claim for Voting, Allowance and Distribution: $_____**

~~Please note that the Customer Preference Settlement is only an offer by the Debtors and the Debtors may exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement. In the event that the Debtors exclude the Customer Preference Action associated with your Class 7A Dotcom Convenience Claim as an Excluded Customer Preference Action, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of your Class 7A Dotcom Convenience Claim.~~

~~Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in **Item 4**.~~

| ~~Relevant Ballot Amounts~~ |
|---|
| ~~Scheduled Amount: _____~~ |
| ~~Voting Amount: _____~~ |
| ~~Net Preference Exposure: _____~~ |
| ~~Preference Settlement Amount: [_____ (15% of Net Preference Exposure)][$0]~~ |

If you would like to agree to your Stipulated Amount identified above *for voting, allowance and Distribution* in respect of your Class 7A Dotcom Convenience Claim, you should check the box below. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim, you must both (i) agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 7A Dotcom Convenience Claim as set forth in this **Item 4** and (ii) vote to accept the Plan in **Item 7** of this Ballot. If you agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 7A Dotcom Convenience Claim, but do not vote to accept the Plan in **Item 7** of this Ballot, or if you vote to accept the Plan in **Item 7** of this Ballot, but do not agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7A Dotcom Convenience Claim, the Debtors and the Wind Down Entities may still prosecute Customer Preference Action with respect to your Class 7A Dotcom Convenience Claim.  Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7A Dotcom Convenience Claim as set forth in this **Item 4** or vote to accept the Plan in **Item 7** of this Ballot.  **PLEASE BE ADVISED THAT IF YOU PROPERLY CONSENT AND STIPULATE TO THE STIPULATED AMOUNT, THE STIPULATED AMOUNT WILL SUPERSEDE ANY FILED OR SCHEDULED CLAIM AND SUCH STIPULATED AMOUNT SHALL CONTROL FOR VOTING, ALLOWANCE AND DISTRIBUTION IN RESPECT OF YOUR CLASS 7A DOTCOM CONVENIENCE CLAIM.  FOR MORE DETAILS, PLEASE REFER TO SECTION 5.5 OF THE PLAN AND SECTION 6(E) OF THE DISCLOSURE STATEMENT.**

The undersigned, a Holder of a Class 7A Dotcom Convenience Claim against the Debtors as set forth in the chart above, elects as follows:

☐ The undersigned consents and stipulates to the Stipulated Amount as set forth in **Item 4** of this Ballot *for voting, allowance and Distribution*.

14

| ~~Voting Class~~ | ~~Description~~ | ~~Claim Amount~~ |
|---|---|---|
| ~~Class 7A~~ | ~~Class 7A Dotcom Convenience Claims~~ | ~~(i) If you accept the Customer Preference Settlement:~~ <br><br> _____ <br><br> ~~(ii) If you do not make the Customer Preference Settlement Election:~~ <br><br> _____ |

**Item 5**~~Item 2~~.  **Guide for Filling Out this Ballot.**

All Holders of Class 7A Dotcom Convenience Claims should review and consider whether to make the elections in this Ballot and review the Ballot Instructions in **Annex A** attached to this Ballot ~~to understand the contents of this Ballot~~.

**Item 6**~~Item 3~~.  **Treatment of Class 7A Dotcom Convenience Claims.**

A "Class 7A Dotcom Convenience Claim" is (a) any Dotcom ~~Convenience~~Customer Entitlement Claim that is Allowed in an amount equal to or less than $~~10,000.~~

| ~~Voting Class~~ | ~~Description~~ | ~~Treatment~~ |
|---|---|---|
| ~~Class 7A~~ | ~~Dotcom Convenience Claims~~ | ~~[•]¹~~ |

50,000 or (b) any Dotcom Customer Entitlement Claim that is Allowed in an amount greater than $50,000 but that is reduced to an amount equal to or less than $50,000 by an irrevocable written election of the Holder of such Customer Entitlement Claim made on a properly executed and delivered Ballot; _provided_ that where any portion of a Dotcom Customer Entitlement Claim has been transferred or subdivided, any transferred or subdivided portion shall continue to be treated together with the entire initial Dotcom Customer Entitlement Claim for purposes of determining whether any portion of such ~~For additional details regarding the treatment and rights for Class 7A Dotcom Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.~~

~~**Item 4**.    **Customer Preference Settlement Election.**~~

~~As detailed in the Plan, Holders of Class 7A Dotcom Convenience Claims may elect to participate in the Customer Preference Settlement. Before deciding whether to participate in the Customer Preference Settlement, please~~

---

~~x.    NTD:  To be updated per plan treatment.~~

carefully read the difference in treatments between your Class 7A Dotcom Convenience Claim with and without such election. The Customer Preference Settlement and its implications are detailed in Section [4(G)] of the Disclosure Statement.

As detailed in the Plan, the Debtors reserve the right to exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement at any time prior to the Confirmation based on certain set criteria.

If you make the Customer Preference Settlement Election and the Debtors do not exclude the Customer Preference Action associated with your Class 7A Dotcom Convenience Claim as an Excluded Customer Preference Action, the amount of such Class 7A Dotcom Convenience Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.

If you do not make the Customer Preference Settlement Election or if you make the Customer Preference Settlement Election and the Debtors exclude the Customer Preference Action associated with your Class 7A Dotcom Convenience Claim as an Excluded Customer Preference Action, there will not be any changes to the amount of your Class 7A Dotcom Convenience Claim. However, the Distribution Agent shall not be required to make a distribution to any Holder of Class 7A Dotcom Convenience Claims subject to any unresolved Dotcom Customer Preference Action by the Debtors until such Dotcom Customer Preference Action and any corresponding right of setoff is resolved.

*Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in Item 4.*

Pursuant to the Customer Preference Settlement, the Debtors' Release contained in Section 10.4 of the Plan shall also release any Dotcom Customer Preference Action in respect of a Class 7A Entitlement Claim qualifies as a Dotcom Convenience Claim against:.

> any Holder of such Class 7A Dotcom Convenience Claim who (i) elects to accept the Customer Preference Settlement, (ii) has a Scheduled Amount no less than the Preference Settlement Amount and (iii) is not excluded by the Debtors from the Customer Preference Settlement.

> any Holder of such Class 7A Dotcom Convenience Claim who (i) elects to accept the Customer Preference Settlement, (ii) is not excluded by the Debtors from the Customer Preference Settlement and (iii) provides the Debtors payment in cash in the amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount (to the extent such amount is greater than zero).

For the avoidance of doubt, in the event that you are excluded by the Debtors from the Customer Preference Settlement, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of your Class 7A Dotcom Convenience Claim.

If you would like to **accept** the Customer Preference Settlement in respect of your Class 7A Dotcom Convenience Claim as set forth in **Item 1**, you should check the box below. Checking the box below constitutes a vote to *accept* the Plan. *If you accept the Customer Preference Settlement AND vote to reject the Plan, your Customer Preference Settlement Election controls, your vote to reject the Plan will be voided and you shall be deemed to have accepted the Plan.* However, given that the Customer Preference Action associated with your Class 7A Dotcom Convenience Claim may be excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, you are also eligible to vote to accept or reject the Plan under the scenario

16

where you accepted the Customer Preference Settlement but the Customer Preference Action associated with your Class 7A Dotcom Convenience Claim is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action.

Notwithstanding anything to the contrary in the Plan, the Distribution Agent shall not be required to make a distribution to any Holder of a Class 7A Dotcom Convenience Claim subject to any unresolved Dotcom Customer Preference Action by the Debtors until such Dotcom Customer Preference Action and any corresponding right of setoff is resolved.

**Please note that the Customer Preference Settlement Election is at your option. Holders that make the Customer Preference Settlement Election may ultimately be subject to preference liability in amounts exceeding those that would have been applicable to such Holders had they decided not to make the Customer Preference Settlement Election.**

☐ **By checking this box, you elect to ACCEPT THE CUSTOMER PREFERENCE SETTLEMENT in respect of your Class 7A Dotcom Convenience Claim as set forth in Item 1. If you check this box and the Debtors do not exclude the Customer Preference Action associated with such Claim as an Excluded Customer Preference Action, you will be deemed to vote to accept the Plan and to not opt out of the Third-Party Release in respect of such Claim**

| **Voting Class** | **Description** | **Treatment** |
|---|---|---|
| Class 7A | Dotcom Convenience Claims | In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed Dotcom Convenience Claim, each Holder of an Allowed Dotcom Convenience Claim shall receive payment in Cash in an amount equal to 100% of such Allowed Dotcom Convenience Claim *plus* postpetition interest at the Consensus Rate from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in Section 4.2.1 of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such Dotcom Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |

In the event of any inconsistent elections on this Ballot, a valid acceptance of the Customer Preference Settlement will control and your Ballot will be deemed to vote to accept the Plan and you will be deemed to not opt out of the Third-Party Release.

**For additional details regarding the treatment and rights for Class 7A Dotcom Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 7~~Item 5~~.  Vote on Plan.**

You are eligible to vote to accept or reject the Plan in this ~~Item 5~~**Item 7** *unless* you ~~accept the Customer Preference Settlement~~ made the Bahamas Opt-In Election.

~~and the~~ If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference Action ~~associated with~~ (to the extent not an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim ~~is not excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, in which case your Class 7A Dotcom Convenience Claim will be counted as a~~ if you (i) vote to accept the Plan ~~, regardless of any boxes checked below.~~ in this **Item 7**, and (ii) consent and stipulate in **Item 4** to the Stipulated Amount for voting, allowance and Distribution.  For more details, please refer to **Item 4** of this Ballot and Section 5.5 of the Plan.

To vote in this ~~Item 5~~**Item 7**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

~~As detailed in Customer Preference Settlement Election, given that the Customer Preference Action associated with your Class 7A Dotcom Convenience Claim may be excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, you are eligible to vote to accept or reject the Plan under the scenario where you accepted the Customer Preference Settlement but the Customer Preference Action associated with your Class 7A Dotcom Convenience Claim is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action.~~

~~The below table maps out different scenarios and your eligibility to vote to accept or reject the Plan.~~

~~Any Holder of a Class 7A Dotcom Convenience Claim may vote to accept the Plan and not elect to accept the Customer Preference Settlement in respect of such Class 7A Dotcom Convenience Claim.~~

Please note that you are required to vote all of your Class 7A Dotcom Convenience Claims as set forth in ~~Item 1~~**Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, ~~and you did not make the Customer Preference Settlement Election in Item 4,~~ your vote will not be counted in Class 7A Dotcom Convenience Claims.

As set forth in **Item 2**, if your Class 7A Dotcom Convenience Claim is a Claim of creditors and customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make the determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

***If you indicate that you both accept and reject the Plan by checking both boxes below, ~~and you did not make the Customer Preference Settlement Election,~~ your vote will not be counted.***

The undersigned, a Holder of a Class 7A Dotcom Convenience Claim against the Debtors as set forth in the chart in ~~Item 1~~**Item 3, or as set forth in the Stipulated Amount in Item 4, as applicable**, votes to (please check **one box** ~~in each row in the right column to the extent applicable~~):

| ~~Scenario~~ | **Voting to Accept or Reject the Plan** |
|---|---|
| ~~Scenario 1 (where you do not make the Customer Preference Settlement Election in Item 4)~~ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |
| ~~Scenario 2: (where you make the Customer Preference Settlement Election in Item 4 and the Customer Preference Action associated with your Claim is not excluded as an Excluded Customer Preference Action)~~ | ~~DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CUSTOMER PREFERENCE SETTLEMENT ELECTION~~ |
| ~~Scenario 3: (where you make the Customer Preference Settlement Election in Item 4 and the Customer Preference Action associated with your Claim is excluded as an Excluded Customer Preference Action)~~ | ~~☐ ACCEPT (VOTE FOR) THE PLAN~~<br>~~☐ REJECT (VOTE AGAINST) THE PLAN~~ |

**Item 8**~~Item 6~~.  **Third-Party Release.**

THE PLAN CONTAINS ~~MUTUAL~~A THIRD-PARTY RELEASE. ~~ALL PARTIES THAT GRANT A RELEASE TO THE RELEASING PARTIES ARE ALSO RELEASED PARTIES.~~ IF YOU DO NOT WISH TO GRANT ~~(AND RECEIVE) THIS MUTUAL~~THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS ~~FAILURE TO ACT~~ WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL ~~ASK~~REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN SECTION 10.5 OF THE PLAN. AS A HOLDER OF CLASS 7A DOTCOM CONVENIENCE CLAIMS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN UNLESS YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE. ~~IF YOU DECIDE TO OPT OUT OF THE THIRD PARTY RELEASE IN THIS ITEM 6, YOU ARE INELIGIBLE TO MAKE THE CUSTOMER PREFERENCE SETTLEMENT ELECTION IN ITEM 4. CONVERSELY, IF YOU MAKE THE CUSTOMER PREFERENCE~~

~~SETTLEMENT ELECTION IN **ITEM 4**, YOU ARE NOT ELIGIBLE TO OPT OUT OF THE THIRD-PARTY RELEASE AND ANY ATTEMPTED OPT OUT OF THE THIRD-PARTY RELEASE WILL BE VOID.~~

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN ~~**ITEM 5**~~**ITEM 7** OF THIS BALLOT, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE.~~ HOWEVER, IF YOU ARE DEEMED TO VOTE TO ACCEPT THE PLAN BY VIRTUE OF MAKING THE CUSTOMER PREFERENCE SETTLEMENT ELECTION IN **ITEM 5**, YOUR ELECTION TO OPT OUT OF THE THIRD-PARTY RELEASE WILL BE VOIDED AND YOU SHALL BE DEEMED A "RELEASING PARTY" UNDER THE PLAN.~~

☐ **By checking this box, you elect to <u>OPT OUT OF</u> the Third-Party Release.**

**Section 10.5** of the Plan contains the following Third-Party Release:

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section 10.5~~10.5~~ shall cause the release of (a) any Excluded Party~~nor~~, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "***Released Parties***" means, the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity

is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)      Under the Plan, "***Releasing Parties***" means, (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth therein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

(3)      Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)      Under the Plan, "***Exculpated*** ~~*Party*~~***Parties***" means (a) the Debtors~~,~~; (b) the Official Committee ~~and its current members, in their capacities as such,~~; (c) the Fee Examiner~~, and~~; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (~~c~~e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such ~~Entity at any time from and after the Petition Date~~Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)      Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## **Item 9**~~Item 7~~.  **Certifications**.

1.      The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 7A Dotcom Convenience Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class 7A Dotcom Convenience Claim entitled to accept or decline the ~~Customer Preference Settlement~~Bahamas Opt-In Election, agree to the Stipulated Amount for voting, allowance, and Distribution, and to vote to accept or reject the Plan on behalf of the Holder of such Class 7A Dotcom Convenience Claim;

2.   the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3.   either (a) no other ballot with respect to the same Class 7A Dotcom Convenience Claim identified in ~~Item 1~~ **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, has been cast or (b) if any other ballot has been cast with respect to such Class 7A Dotcom Convenience Claim, then any such ~~earlier~~prior ballots are hereby revoked and deemed to be null and void.

**Item 10**~~Item 8~~.**Ballot Completion Information.**

Name of Holder: _____

_____

Signature: _____

Signatory Name (if other than the Holder): _____

Title (if other than the Holder): _____

Address: _____

_____

Email Address: _____

Telephone Number: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT: HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT**

**PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

---

**THE VOTING DEADLINE IS [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

<div style="border:1px solid black; padding:4px; text-align:center;">

**Annex A**
**Class 7A Dotcom Convenience Claim**

</div>

<div style="text-align:center;">

INSTRUCTIONS FOR COMPLETING THIS BALLOT

</div>

1. The Debtors are soliciting the votes of Holders of Class 7A Dotcom Convenience Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

   **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AND ANY APPLICABLE ELECTIONS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

   **PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

   ~~**IF YOU MAKE THE ELECTION CONTAINED IN ITEM 4 (UNLESS THE CUSTOMER PEREFERENCE ACTION ASSOCIATED WITH YOUR CLAIM IS EXCLUDED BY THE DEBTORS AS AN EXCLUDED CUSTOMER PREFERENCE ACTION), YOUR VOTE WILL AUTOMATICALLY BE COUNTED AS A VOTE TO ACCEPT THE PLAN.**~~

**Optional Bahamas Opt In Election** ~~to Accept the Customer Preference Settlement~~

~~A. If you wish to elect to accept the Customer Preference Settlement in respect of your Class **7A** Dotcom Convenience Claim as set forth in **Item 1**, check the box in **Item 4** of the Ballot.~~

~~B. Please note that the Customer Preference Settlement is only an offer by the Debtors and the Debtors may exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement.~~

~~If you make the Customer Preference Settlement Election and the Debtors do not exclude the Customer Preference Action associated with your Class 7A Dotcom Convenience Claim as an Excluded Customer Preference Action, the amount of such Class 7A Dotcom Convenience Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.~~

You must submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, if you wish to irrevocably elect to, subject to the effectiveness of the Plan, have your Class 7A Dotcom Convenience Claim as set forth in **Item 3** administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. If you make the Bahamas Opt-In Election:

a.  you will be, subject to the effectiveness of the Plan, forever, fully and finally releasing and discharging the Debtors with respect to such Class 7A Dotcom Convenience Entitlement Claim;

b.  you are, subject to the effectiveness of the Plan, forever, fully and finally withdrawing with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases, and instead, if you have also submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation Proceeding, you will have your claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and the Solicitation Agent will be authorized to update the Claims Register accordingly;

c.  you will not receive any Distributions from the Debtors on account of such Class 7A Dotcom Convenience Claim;

d.  you will not be entitled to complete any other part of this Ballot or make any of the elections in these Chapter 11 Cases; and

e.  you are deemed to vote to accept the Plan.

In order to have your Class 7A Dotcom Convenience Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding.  In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX DM Liquidation Proceeding, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

26

If you do not make the ~~Customer Preference Settlement Election or if you elect to accept the Dotcom Preference Settlement and the Debtors exclude the Customer Preference Action associated with~~ Bahamas Opt-In Election, your Class 7A Dotcom Convenience Claim as ~~an Excluded Customer Preference Action, there will not be any changes to the amount of your~~ set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases.  If you do not make the Bahamas Opt-In Election you agree to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge FTX DM with respect to your Class 7A Dotcom Convenience Claim as set forth in **Item 3** and you will not receive any distributions from FTX DM in the FTX DM Liquidation Proceeding on account of such Class 7A Dotcom Convenience Claim. However, ~~please note that the Distribution Agent shall not be required to make a distribution to any Holder of a Class 7A Dotcom Convenience Claim subject to any unresolved Dotcom Customer Preference Action by the Debtors until such Dotcom Customer Preference Action and any corresponding right of setoff is resolved.~~ notwithstanding anything to the contrary, in the event you have submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation, then you are deemed to make the Bahamas Opt-In Election.

For more details about the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement and the Bahamas Process Letter you received in the Solicitation Package.

**Optional Stipulated Amount for Voting, Allowance and Distribution**

~~For the avoidance of doubt, in the event that~~ If you would like to elect to have the Debtors ~~exclude the~~ and Wind Down Entities waive and not prosecute any Customer Preference Action ~~associated with~~ (to the extent not an Excluded Customer Preference Action) with respect your Class 7A Dotcom Convenience Claim ~~as~~, you should agree to the Stipulated Amount for voting, allowance and Distribution by checking the box in **Item 4** to irrevocably consent and stipulate to the Stipulated Amount. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action~~, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of~~) with respect your Class 7A Dotcom Convenience Claim~~.~~

, you must both (i) consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot and (ii) vote to accept the Plan in **Item 7** of this Ballot. ~~Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in Item 4.~~

~~C.~~ If you ~~make the Customer Preference Settlement Election, you will be deemed to~~ consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot, but do not vote to accept the Plan in ~~Item 5. However, given that the Customer Preference Action associated with~~ **Item 7** of this Ballot, or if you vote to accept the Plan in **Item 7** of this Ballot, but do not consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot, the Debtors and the Wind Down Entities may still prosecute your Class 7A Dotcom Convenience Claim ~~may be excluded by the Debtors from the Customer Preference Settlement as an~~.  Note that Excluded Customer Preference ~~Action, you are also eligible to vote to accept or reject the Plan in **Item 5** under the scenario where you accepted the Customer Preference Settlement but the~~

~~Customer Preference Action associated with~~ Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7A Dotcom Convenience Claim ~~is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action~~ as set forth in this **Item 4** or vote to accept the Plan in **Item 7** of this Ballot.

~~2. If you vote to accept the Plan in **Item 5** of this Ballot and do not make the Customer Preference Settlement Election, you  may still vote to opt out of the Third Party Release.  However, if you are deemed to vote to accept the Plan by virtue of making the Customer Preference Settlement Election in  **Item 4**, your election to opt out of the Third Party Release will be voided and you shall be deemed a "Releasing Party" under the Plan.~~

**Quoine Customers**

If your Class 7 Dotcom Convenience Claim is with respect to a Claim of creditors or customers of Quoine, please review **Item 2** in detail.  As set forth in **Item 2**, if your Class 7A Dotcom Convenience Claim is with respect to a Claim of creditors or customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

~~3. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.~~

2. ~~4.~~ This Ballot contains voting options with respect to the Plan.

3. ~~5.~~ To vote, you <u>MUST</u>: (a) fully complete ~~this~~ the Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in ~~Item 5~~ **Item 7** of ~~this~~ the Ballot; ~~and~~ (c) sign, date, and return ~~this~~ the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 5, above.

To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

<div align="center">

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

</div>

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4.  You may still vote to opt out of the Third-Party Release in the event you vote to accept the Plan in **Item 7** of this Ballot.

5.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

2.  Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will ***not*** be counted unless the Debtors otherwise determine to accept such Ballot.

3.  To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is ~~[ ] [ ]~~**August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

4.  Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to whether you made the Bahamas Opt-In Election or acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

5.  Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or via mail.

6.  If you deliver multiple Ballots for your Class 7A Dotcom Convenience Claim as set forth in ~~Item 1~~ **Item 3, or as set forth in the Stipulated Amount in Item 4, as applicable,** to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 7A Dotcom Convenience Claim.

7. You must make a Bahamas Opt-In Election for all of your Class 7A Dotcom Convenience Claim as set forth in **Item 3**, and may not split your election.

8. ~~11.~~ You must vote all of your Class 7A Dotcom Convenience Claim as set forth ~~on Item 1~~in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, either to accept or reject the Plan and may not split your vote.

9. ~~12. This~~The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or a proof of debt, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases or the FTX DM Liquidation Proceeding.

10. ~~13.~~ You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

11. ~~14.~~ *You must SIGN AND DATE* your Ballot.[3]   A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. A Ballot submitted via mail must contain an original wet-ink signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

12. ~~15.~~ Except with respect to your Class 7A Dotcom Customer Convenience Claim as set forth ~~on Item 1~~in **Item 3**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT~~.~~, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING~~,~~, PLEASE CALL THE SOLICITATION AGENT AT: ~~[ ]~~(888) 482-0049 (U.S./CANADA, TOLL-FREE) OR ~~+[ ]~~+1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

[3]   If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**THE VOTING DEADLINE IS ~~[•] [•]~~AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

## EXHIBIT 2C-5

**Blackline of Class 7B Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF**
**REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 7B U.S. Convenience Claims**

<div style="border:1px solid black">

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS**
**BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY [·]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

</div>

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://casesrestructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

---

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME**

- You are receiving this ballot (this "<u>Ballot</u>") because you are a Holder of a Class 7B U.S. Convenience Claim of FTX Trading Ltd. ("<u>FTX Trading</u>") and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and each, a "<u>Debtor</u>"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>").

- The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.

- Under the Plan, unless you <u>affirmatively opt out</u> in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "<u>Third-Party Release</u>"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page [•]8 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to <u>make any election or</u> vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also ~~attached to~~<u>included in</u> this Ballot ~~for your convenience of review~~. These defined terms control the scope of the Third-Party Release.

- ~~If you vote to accept the Plan in Item 5 of this Ballot, and do not make the Customer Preference Settlement Election, you may still vote to opt out of the Third-Party Release. However, if you are deemed to vote to accept the Plan by virtue of making the Customer Preference Settlement Election in Item 4, your election to opt out of the Third-Party Release will be voided and you shall be deemed a "Releasing Party" under the Plan.~~ <u>You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in Item 5 of this Ballot.</u>

---

The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Plan</u>"), attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>").[2] The Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class <u>3A Secured Loan Claims, Class</u> 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class ~~5C NFT Customer Entitlement Claims, Class 6~~6A General Unsecured Claims, <u>Class 6B</u>

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

2

Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B ~~PropCo~~Priority DM Claims, Class 8C PropCo General Unsecured Claims ~~and Class 11 Subordinated Claims~~, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "Voting Class" and collectively, the "Voting Classes").

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 7B U.S. Convenience Claim as of ~~[•]~~June 25, 2024 (the "Voting Record Date"). **For a detailed discussion of the treatment of Class 7B U.S. Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

<div align="center">

**BALLOT**

</div>

**Please review the ~~detailed~~ instructions attached ~~hereto~~ as Annex A (the "Ballot Instructions") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the ~~attached~~ Ballot Instructions, your vote on the Plan will be counted in **Class 7B U.S. Convenience Claims**. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. ~~The~~Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After ~~Confirmation~~the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

<div align="center">

**TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN,
YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF ~~[•]~~AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

</div>

To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan ~~under the applicable scenario~~ in **Item 5** of this Ballot; ~~and~~ (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or ~~by mail~~(ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1. To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

<div align="center">3</div>

**Unique E-Ballot ID#: _____ _____**

2. To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you SHOULD NOT submit the paper original of your Ballot.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Class 7B U.S. Convenience Claim. Your Claim has been placed classified in Class 7B under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 7B U.S. Convenience Claim, as set forth in **Item 1** or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for the votes on the respective ballots to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire would like paper copies of the Solicitation Package materials, or if you need to obtain would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at [•] (888) 482-0049 (U.S./Canada, Toll-Free) or +[•] +1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors'

restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, ~~making certain elections contained herein~~ opting out of the Third-Party Release, and making certifications with respect to the ~~Plan~~Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1.**   **Voting Amount of Class 7B U.S. Convenience Claim.**

For purposes of voting to accept or reject the Plan, your ~~Class 7B~~ U.S. Convenience Claim will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations ~~to be~~ set forth ~~in an order by the Court~~either in (i) the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] or (ii) the [•] (the "Scheduled Amount"). Your Scheduled Amount is as listed in this **Item 1**.

If you did not file a Proof of Claim, the amount of your Class 7B U.S. Convenience Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures.

~~The undersigned hereby certifies~~When signing your Ballot, you will be certifying that, as of the Voting Record Date, ~~the undersigned was~~you are the Holder of a Class 7B U.S. Convenience Claim

5

as set forth below and ~~understands that the undersigned is~~ understand that you are eligible to make the ~~election in **Item 4**~~ stipulation in **Item 2**.

| **Relevant Ballot Amounts** |
| --- |
| **Scheduled Amount: $_____** |
| **Voting Amount: $_____** |

~~As defined under the Plan, a Holder's "Net Preference Exposure" in respect of a Class 7B U.S. Convenience Claim is determined by calculating the total withdrawals made from the applicable exchange, and subtracting the total deposits made onto the exchange, within the Settlement Look Back Period (*i.e.*, the period beginning at 12:01 a.m. ET on November 2, 2022, and ending at 10:00 a.m. ET on November 11, 2022). Your Net Preference Exposure is listed below in this **Item 1**.~~

~~As further explained in **Item 4** of this Ballot, each Holder of a Class 7B U.S. Convenience Claim will be provided an offer to participate in the Customer Preference Settlement. If you elect to accept the Customer Preference Settlement in respect of your Class 7B U.S. Convenience Claim as set forth in **Item 1** (the "Customer Preference Settlement Election") and the Debtors do not exclude the Customer Preference Action associated with such Class 7B U.S. Convenience Claim as an Excluded Customer Preference Action, the amount of such Class 7B U.S. Convenience Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.~~

~~If you do not make the Customer Preference Settlement Election or if you make the Customer Preference Settlement Election and the Debtors exclude the Customer Preference Action associated with your Class 7B U.S. Convenience Claim as an Excluded Customer Preference Action, there will not be any changes to the amount of your Class 7B U.S. Convenience Claim. However, please note that the Distribution Agent shall not be required to make a distribution to any Holder of a Class 7B U.S. Convenience Claim subject to any U.S. Customer Preference Action by the Debtors until such U.S. Customer Preference Action and any corresponding right of setoff is resolved.~~

~~Please note that the Customer Preference Settlement is only an offer by the Debtors and the Debtors may exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement. In the event that the Debtors exclude the Customer Preference Action associated with your Class 7B U.S. Convenience Claim as an Excluded Customer Preference Action, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of your Class 7B U.S. Convenience Claim.~~

~~Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in **Item 4**.~~

| ~~**Relevant Ballot Amounts**~~ |
| --- |
| ~~**Scheduled Amount: _____**~~ |
| ~~**Voting Amount: _____**~~ |
| ~~**Net Preference Exposure: _____**~~ |
| ~~**Preference Settlement Amount: [_____ (15% of Net Preference Exposure)][$0]**~~ |

**Item 2.    Stipulated Amount for Voting, Allowance and Distribution.**

Effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 7B U.S. Convenience Claim if you (i) vote to accept the Plan in **Item 5** of this Ballot and (ii) consent and stipulate in this **Item 2** to the Stipulated Amount below *for voting, allowance and Distribution purposes*. For more details, please refer to Section 5.5 of the Plan.

**Stipulated Amount of your Class 7B U.S. Convenience Claim for Voting, Allowance and Distribution: $_____**

| Voting Class | Description | Claim Amount |
|---|---|---|
| Class 7B | Class 7B U.S. Convenience Claims | (i) If you accept the Customer Preference Settlement: _____ (ii) If you do not make the Customer Preference Settlement Election: _____ |

If you would like to agree to your Stipulated Amount identified above *for voting, allowance and Distribution* in respect of your Class 7B U.S. Convenience Claim, you should check the box below. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 7B U.S. Convenience Claim, you must both (i) agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 7B U.S. Convenience Claim as set forth in this **Item 2** and (ii) vote to accept the Plan in **Item 5** of this Ballot. If you agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 7B U.S. Convenience Claim, but do not vote to accept the Plan in **Item 5** of this Ballot, or if you vote to accept the Plan in **Item 5** of this Ballot, but do not agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7B U.S. Convenience Claim, the Debtors and the Wind Down Entities may still prosecute Customer Preference Action with respect to your Class 7B U.S. Convenience Claim.  Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7B U.S. Convenience Claim as set forth in this **Item 2** or vote to accept the Plan in **Item 5** of this Ballot.  **PLEASE BE ADVISED THAT IF YOU PROPERLY CONSENT AND STIPULATE TO THE STIPULATED AMOUNT, THE STIPULATED AMOUNT WILL SUPERSEDE ANY FILED OR SCHEDULED CLAIM AND SUCH STIPULATED AMOUNT SHALL CONTROL FOR VOTING, ALLOWANCE AND DISTRIBUTION IN RESPECT OF YOUR CLASS 7B U.S. CONVENIENCE CLAIM.  FOR MORE DETAILS, PLEASE REFER TO SECTION 5.5 OF THE PLAN AND SECTION 6(E) OF THE DISCLOSURE STATEMENT.**

The undersigned, a Holder of a Class 7B U.S. Convenience Claim against the Debtors as set forth in the chart above, elects as follows:

☐ The undersigned consents and stipulates to the Stipulated Amount as set forth in **Item 2** of this Ballot *for voting, allowance and Distribution purposes*.

**Item 3**~~Item 2~~.  **Guide for Filling Out this Ballot.**

All Holders of Class 7B U.S. Convenience Claims should review ~~and consider whether to make the elections in this Ballot and review~~ the Ballot Instructions in **Annex A** attached to this Ballot ~~to understand the contents of this Ballot~~.

**Item 4**~~Item 3~~.  **Treatment of Class 7B U.S. Convenience Claims.**

A "Class 7B U.S. Convenience Claim" is (a) any U.S. ~~Convenience~~Customer Entitlement Claim that is Allowed in an amount equal to or less than $~~10,000.~~

| ~~Voting Class~~ | ~~Description~~ | ~~Treatment~~ |
|---|---|---|
|  |  |  |

8

| Class 7B | U.S. Convenience Claims | [•][1] |
|----------|-------------------------|--------|
|          |                         |        |

50,000 or (b) any U.S. Customer Entitlement Claim that is Allowed in an amount greater than $50,000 but that is reduced to an amount equal to or less than $50,000 by an irrevocable written election of the Holder of such Customer Entitlement Claim made on a properly executed and delivered Ballot; *provided* that where any portion of a U.S. Customer Entitlement Claim has been transferred or subdivided, any transferred or subdivided portion shall continue to be treated together with the entire initial U.S. Customer Entitlement Claim for purposes of determining whether any portion of such

**For additional details regarding the treatment and rights for Class 7B U.S. Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 4.    Customer Preference Settlement Election.**

As detailed in the Plan, Holders of Class 7B U.S. Convenience Claims may elect to participate in the Customer Preference Settlement. Before deciding whether to participate in the Customer Preference Settlement, please carefully read the difference in treatments between your Class 7B U.S. Convenience Claim with and without such election. The Customer Preference Settlement and its implications are detailed in Section [4(G)] of the Disclosure Statement.

As detailed in the Plan, the Debtors reserve the right to exclude the Customer Preference Action associated with certain Claims from the Customer Preference Settlement at any time prior to the Confirmation based on certain set criteria.

If you make the Customer Preference Settlement Election and the Debtors do not exclude the Customer Preference Action associated with your Class 7B U.S. Convenience Claim as an Excluded Customer Preference Action, the amount of such Class 7B U.S. Convenience Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.

If you do not make the Customer Preference Settlement Election or if you make the Customer Preference Settlement Election and the Debtors exclude the Customer Preference Action associated with your Class 7B U.S. Convenience Claim as an Excluded Customer Preference Action, there will not be any changes to the amount of your Class 7B U.S. Convenience Claim. However, the Distribution Agent shall not be required to make a distribution to any Holder of Class 7B U.S. Convenience Claims subject to any unresolved U.S. Customer Preference Action by the Debtors until such U.S. Customer Preference Action and any corresponding right of setoff is resolved.

*Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in Item 4.*

---

x    NTD: To be updated per plan treatment.

~~Pursuant to the Customer Preference Settlement, the Debtors' Release contained in Section 10.4 of the Plan shall also release any~~ U.S. Customer ~~Preference Action in respect of a Class 7B~~ Entitlement Claim qualifies as a U.S. Convenience Claim ~~against:~~.

~~any Holder of such Class 7B U.S. Convenience Claim who (i) elects to accept the Customer Preference Settlement, (ii) has a Scheduled Amount no less than the Preference Settlement Amount and (iii) is not excluded by the Debtors from the Customer Preference Settlement.~~

~~any Holder of such Class 7B U.S. Convenience Claim who (i) elects to accept the Customer Preference Settlement, (ii) is not excluded by the Debtors from the Customer Preference Settlement and (iii) provides the Debtors payment in cash in the amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount (to the extent such amount is greater than zero).~~

~~For the avoidance of doubt, in the event that you are excluded by the Debtors from the Customer Preference Settlement, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of your Class 7B U.S. Convenience Claim.~~

~~If you would like to **accept** the Customer Preference Settlement in respect of your Class 7B U.S. Convenience Claim as set forth in **Item 1**, you should check the box below. Checking the box below constitutes a vote to *accept* the Plan. *If you accept the Customer Preference Settlement AND vote to reject the Plan, your Customer Preference Settlement Election controls, your vote to reject the Plan will be voided and you shall be deemed to have accepted the Plan.* However, given that the Customer Preference Action associated with your Class 7B U.S. Convenience Claim may be excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, you are also eligible to vote to accept or reject the Plan under the scenario where you accepted the Customer Preference Settlement but the Customer Preference Action associated with your Class 7B U.S. Convenience Claim is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action.~~

~~Notwithstanding anything to the contrary in the Plan, the Distribution Agent shall not be required to make a distribution to any Holder of a Class 7B U.S. Convenience Claim subject to any unresolved U.S. Customer Preference Action by the Debtors until such U.S. Customer Preference Action and any corresponding right of setoff is resolved.~~

~~**Please note that the Customer Preference Settlement Election is at your option. Holders that make the Customer Preference Settlement Election may ultimately be subject to preference liability in amounts exceeding those that would have been applicable to such Holders had they decided not to make the Customer Preference Settlement Election.**~~

~~☐   **By checking this box, you elect to ACCEPT THE CUSTOMER PREFERENCE SETTLEMENT in respect of your Class 7B U.S. Convenience Claim as set forth in Item 1. If you check this box and the Debtors do not exclude the Customer Preference Action associated with such Claim as an Excluded Customer Preference Action, you will be deemed to vote to accept the Plan and to not opt-out of the Third-Party Release in respect of such Claim.**~~

| Voting Class | Description | Treatment |
|---|---|---|
| Class 7B | U.S. Convenience Claims | In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed U.S. Convenience Claim, each Holder of an Allowed U.S. Convenience Claim shall receive payment in Cash in an |

| | | amount equal to 100% of such Allowed U.S. Convenience Claim *plus* postpetition interest at the Consensus Rate from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in Section 4.2.2 of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such U.S. Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |
|---|---|---|

In the event of any inconsistent elections on this Ballot, a valid acceptance of the Customer Preference Settlement will control and your Ballot will be deemed to vote to accept the Plan and you will be deemed to not opt out of the Third-Party Release.

**For additional details regarding the treatment and rights for Class 7B U.S. Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

## Item 5.   Vote on Plan.

You are eligible to vote to accept or reject the Plan in this **Item 5** unless you accept the Customer Preference Settlement and the Customer Preference Action associated with your Class 7B U.S. Convenience Claim is not excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, in which case your Class 7B U.S. Convenience Claim will be counted as a vote to accept the Plan, regardless of any boxes checked below.

Effective upon the Effective Date, the Debtors and the Wind Down Entities may waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect to your Class 7B U.S. Convenience Claim if you (i) vote to accept the Plan in this **Item 5**, and (ii) consent and stipulate in **Item 2** to the Stipulated Amount for voting, allowance and Distribution purposes.  For more details, please refer to **Item 2** of this Ballot and Section 5.5 of the Plan.

To vote in this **Item 5**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

As detailed in the Customer Preference Settlement Election, given that the Customer Preference Action associated with your Class 7B U.S. Convenience Claim may be excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, you are eligible to vote to accept or reject the Plan under the scenario where you accepted the Customer Preference Settlement but the Customer Preference Action associated with your Class 7B U.S. Convenience Claim is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action.

The below table maps out different scenarios and your eligibility to vote to accept or reject the Plan.

Any Holder of a Class 7B U.S. Convenience Claim may vote to accept the Plan and not elect to accept the Customer Preference Settlement in respect of such Class 7B U.S. Convenience Claim.

11

Please note that you are required to vote all of your Class 7B U.S. Convenience ~~Claims~~Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, ~~and you did not make the Customer Preference Settlement Election in **Item 4**,~~ your vote will not be counted in Class 7B U.S. Convenience Claims.

*If you indicate that you both accept and reject the Plan by checking both boxes below, ~~and you did not make the Customer Preference Settlement Election,~~ your vote will not be counted.*

The undersigned, a Holder of a Class 7B U.S. Convenience Claim against the Debtors as set forth in the chart in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, votes to (please check **one box** ~~in each row in the right column to the extent applicable~~):

| ~~Scenario~~ | **Voting to Accept or Reject the Plan** |
|---|---|
| ~~Scenario 1 (where you **do not** make the Customer Preference Settlement Election in **Item 4**)~~ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |
| ~~Scenario 2: (where you **make** the Customer Preference Settlement Election in **Item 4** and the Customer Preference Action associated with your Claim is **not** excluded as an Excluded Customer Preference Action)~~ | ~~DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CUSTOMER PREFERENCE SETTLEMENT ELECTION~~ |
| ~~Scenario 3: (where you **make** the Customer Preference Settlement Election in **Item 4** and the Customer Preference Action associated with your Claim is excluded as an Excluded Customer Preference Action)~~ | ~~☐ ACCEPT (VOTE FOR) THE PLAN~~<br>~~☐ REJECT (VOTE AGAINST) THE PLAN~~ |

<u>Item 6</u>.    **Third-Party Release.**

THE PLAN CONTAINS ~~MUTUAL~~A THIRD-PARTY RELEASE. ~~ALL PARTIES THAT GRANT A RELEASE TO THE RELEASING PARTIES ARE ALSO RELEASED PARTIES~~. IF YOU DO NOT WISH TO GRANT ~~(AND RECEIVE) THIS MUTUAL~~THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS ~~FAILURE TO ACT~~ WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL ~~ASK~~REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT

12

OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN SECTION 10.5 OF THE PLAN. AS A HOLDER OF A CLASS 7B U.S. CONVENIENCE ~~CLAIMS~~CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN UNLESS YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE. ~~IF YOU DECIDE TO OPT OUT OF THE THIRD-PARTY RELEASE IN THIS ITEM 6, YOU ARE INELIGIBLE TO MAKE THE CUSTOMER PREFERENCE SETTLEMENT ELECTION IN ITEM 4. CONVERSELY, IF YOU MAKE THE CUSTOMER PREFERENCE SETTLEMENT ELECTION IN ITEM 4, YOU ARE NOT ELIGIBLE TO OPT OUT OF THE THIRD-PARTY RELEASE AND ANY ATTEMPTED OPT-OUT OF THE THIRD-PARTY RELEASE WILL BE VOID.~~

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN ~~ITEM 5~~ITEM 5 OF THIS BALLOT, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE. ~~HOWEVER, IF YOU ARE DEEMED TO VOTE TO ACCEPT THE PLAN BY VIRTUE OF MAKING THE CUSTOMER PREFERENCE SETTLEMENT ELECTION IN ITEM 4, YOUR ELECTION TO OPT OUT OF THE THIRD-PARTY RELEASE WILL BE VOIDED AND YOU SHALL BE DEEMED A "RELEASING PARTY" UNDER THE PLAN.~~

---

☐ **By checking this box, you elect to OPT OUT OF the Third-Party Release.**

---

**Section 10.5 of the Plan contains the following Third-Party Release:**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or**

**rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act.  Nothing in this Section ~~10.5~~10.5 shall cause the release of (a) any Excluded Party ~~nor~~, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "***Released Parties***" means~~,~~ the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)     Under the Plan, "***Releasing Parties***" means~~,~~ (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth therein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

(3)     Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)     Under the Plan, "***Exculpated ~~Party~~Parties***" means (a) the Debtors~~,~~; (b) the Official Committee ~~and its current members, in their capacities as such,~~; (c) the Fee Examiner~~, and~~; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (~~c~~e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such ~~Entity at any time from and after the Petition Date~~Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)     Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

**Item 7.**  **Certifications.**

1.  The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 7B U.S. Convenience Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class 7B U.S. Convenience Claim entitled to ~~accept or decline the Customer Preference Settlement~~agree to the Stipulated Amount for voting, allowance and Distribution, and ~~to~~ vote to accept or reject the Plan on behalf of the Holder of such Class 7B U.S. Convenience Claim;

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3.  either (a) no other ballot with respect to the same Class 7B U.S. Convenience Claim identified in ~~Item 1~~Item 1, or as set forth in the Stipulated Amount in **Item 2**, as applicable, has been cast or (b) if any other ballot has been cast with respect to such Class 7B U.S. Convenience Claim, then any such ~~earlier~~prior ballots are hereby revoked and deemed to be null and void.

**Item 8.**  **Ballot Completion Information.**

Name of
Holder:     _____

_____

| | |
|---|---|
| Signature: | _____ |
| Signatory Name (if other than the Holder): | _____ |
| Title (if other than the Holder): | _____ |
| Address: | _____ <br> _____ |
| Email Address: | _____ |
| Telephone Number: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT: HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

---

**THE VOTING DEADLINE IS [·]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| **Annex A** |
| **Class 7B U.S. Convenience Claim** |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 7B U.S. Convenience Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, ~~AND ANY APPLICABLE ELECTIONS,~~ AS WELL AS THESE BALLOT INSTRUCTIONS.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

**Optional Stipulated Amount for Voting, Allowance and Distribution**

If you would like to elect to have the Debtors and Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect your Class 7B U.S. Convenience Claim, you should agree to the Stipulated Amount Stipulation for voting, allowance and Distribution by checking the box in **Item 2** to irrevocably consent and stipulate to the Stipulated Amount. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not an Excluded Customer Preference Action) with respect your Class 7B U.S. Convenience Claim, you must both (i) consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **Item 2** of this Ballot and (ii) vote to accept the Plan in **Item 5** of this Ballot. If you consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **Item 2** of this Ballot, but do not vote to accept the Plan in **Item 5** of this Ballot, or if you vote to accept the Plan in **Item 5** of this Ballot, but do not consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **Item 2** of this Ballot, the Debtors and the Wind Down Entities may still prosecute your Class 7B U.S. Convenience Claim.  Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7B U.S. Convenience Claim as set forth in this **Item 2** or vote to accept the Plan in **Item 5** of this Ballot.

~~IF YOU MAKE THE ELECTION CONTAINED IN ITEM 4 (UNLESS THE CUSTOMER PREFERENCE ACTION ASSOCIATED WITH YOUR CLAIM IS EXCLUDED BY THE DEBTORS AS AN EXCLUDED CUSTOMER PREFERENCE ACTION), YOUR VOTE WILL AUTOMATICALLY BE COUNTED AS A VOTE TO ACCEPT THE PLAN.~~

**Optional Election to Accept the Customer Preference Settlement**

A. If you wish to elect to accept the Customer Preference Settlement in respect of your Class 7B U.S. Convenience Claim as set forth in **Item 1**, check the box in **Item 4** of the Ballot.

B. Please note that the Customer Preference Settlement is only an offer by the Debtors and the Debtors may exclude The Customer Preference Action associated with certain Claims from the Customer Preference Settlement.

If you make the Customer Preference Settlement Election and the Debtors do not exclude the Customer Preference Action associated with your Class 7B U.S. Convenience Claim as an Excluded Customer Preference Action, the amount of such Class 7B U.S. Convenience Claim will be equal to (i) the Scheduled Amount *minus* (ii) the Preference Settlement Amount, subject to the usual claims reconciliation process. The "Preference Settlement Amount" is equal to 15% of your Net Preference Exposure; *provided* that if your Net Preference Exposure is zero, negative or less than $250,000, then your Preference Settlement Amount is $0. In the event that your Preference Settlement Amount is greater than your Scheduled Amount, you will be required to pay in cash to the Debtors in an amount equal to (x) the Preference Settlement Amount *minus* (y) the Scheduled Amount, and will be sent wiring instructions following Confirmation of the Plan.

If you do not make the Customer Preference Settlement Election or if you elect to accept the U.S. Preference Settlement and the Debtors exclude the Customer Preference Action associated with your Class 7B U.S. Convenience Claim as an Excluded Customer Preference Action, there will not be any changes to the amount of your Class 7B U.S. Convenience Claim. However, please note that the Distribution Agent shall not be required to make a distribution to any Holder of a Class 7B U.S. Convenience Claim subject to any unresolved U.S. Customer Preference Action by the Debtors until such U.S. Customer Preference Action and any corresponding right of setoff is resolved.

For the avoidance of doubt, in the event that the Debtors exclude the Customer Preference Action associated with your Class 7B U.S. Convenience Claim as an Excluded Customer Preference Action, the Customer Preference Settlement will not be applicable to, or binding on, you and there will not be any changes to the amount of your Class 7B U.S. Convenience Claim.

*Your Voting Amount will not be affected by any of your preference exposure or your Customer Preference Settlement Election in Item 4.*

C. If you make the Customer Preference Settlement Election, you will be deemed to vote to accept the Plan in **Item 5**. However, given that the Customer Preference Action associated with your Class 7B U.S. Convenience Claim may be excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action, you are also eligible to vote to accept or reject the Plan in **Item 5** under the scenario where you accepted the Customer Preference Settlement but the Customer Preference Action associated with your Class 7B U.S. Convenience Claim is excluded by the Debtors from the Customer Preference Settlement as an Excluded Customer Preference Action.

2. If you vote to accept the Plan in **Item 5** of this Ballot and do not make the Customer Preference Settlement Election, you may still vote to opt out of the Third Party Release. However, if you are deemed to vote to accept the Plan by virtue of making the Customer Preference Settlement Election in **Item 4**, your election to opt out of the Third Party Release will be voided and you shall be deemed a "Releasing Party" under the Plan.

3. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two thirds in amount and more than one half in number of Claims in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

2. 4. This Ballot contains voting options with respect to the Plan.

3. 5. To vote, you MUST: (a) fully complete ~~this~~the Ballot; (b) clearly indicate your decision to accept or reject the Plan ~~under the applicable scenario~~ in **Item 5** of ~~this~~the Ballot; ~~and~~ (c) sign, date, and return ~~this~~the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot. ~~To~~

IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 3, above.

To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4. You may still vote to opt out of the Third-Party Release in the event you vote to accept the Plan in **Item 5** of this Ballot.

5. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6. Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will ***not*** be counted unless the Debtors otherwise determine to accept such Ballot.

7. To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is [•] **August 16, 2024, at 4:00 p.m.,** prevailing Eastern Time.

8. Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or via**by** mail.

10. If you deliver multiple Ballots for your Class 7B U.S. Convenience Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2, as applicable,** to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 7B U.S. Convenience Claim.

11. You must vote all of your Class 7B U.S. Convenience Claim as set forth on**in** **Item 1, or as set forth in the Stipulated Amount in Item 2, as applicable,** either to accept or reject the Plan and may not split your vote.

12. This**The** Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. ***You must SIGN AND DATE*** your Ballot.[3]  A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. A Ballot submitted via mail must contain an original wet-ink

---

[3]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

15. Except with respect to your Class 7B U.S. Convenience Claim as set forth in **Item 1**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

## PLEASE RETURN YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: [•] (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR [•] +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS [•] [•] AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

## **EXHIBIT 2C-6**

**Blackline of Class 7C Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 7C General Convenience Claims**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS
BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND
COMPLETE THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE
*ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY [•]AUGUST 16, 2024, AT
4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME**

- You are receiving this ballot (this "Ballot") because you are a Holder of a Class 7C General Convenience Claim of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each, a "Debtor"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

- The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.

- Under the Plan, unless you affirmatively opt out in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "Third-Party Release"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page [•]8 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also ~~attached to~~included in this Ballot ~~for your convenience of review~~. These defined terms control the scope of the Third-Party Release.

- ~~If you vote to accept the Plan in  Item 4 of this Ballot, you~~You may still vote to opt out of the Third-Party ~~Releases~~Release, in the event you vote to accept the Plan in Item 5 of this Ballot.

The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "Plan"), attached as Exhibit A to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "Disclosure Statement").[2] The

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer ~~Entitlement Claims, Class~~ ~~5C NFT Customer Entitlement Claims, Class 6~~6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience ~~Claims~~, Class 7B U.S. ~~Convenience Claims, Class 7C General~~ Convenience Claims, Class 8B ~~PropCo~~Priority DM Claims, Class 8C PropCo General Unsecured Claims ~~and Class 11 Subordinated Claims~~, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "Voting Class" and collectively, the "Voting Classes").

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 7C General Convenience Claim as of [•]June 25, 2024 (the "Voting Record Date"). **For a detailed discussion of the treatment of Class 7C General Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

<div align="center">

**BALLOT**

</div>

**Please review the ~~detailed~~ instructions attached ~~hereto~~ as Annex A (the "Ballot Instructions") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the ~~attached~~ Ballot Instructions, your vote on the Plan will be counted in **Class 7C General Convenience Claims.** A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. ~~The~~Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After ~~Confirmation~~the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests ~~irrespective of whether the Holder~~ or the Class voted to accept or to reject the Plan.

<div align="center">

**TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN,
YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

</div>

To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in ~~Item 4~~**Item 5** of this Ballot; ~~and~~ (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or ~~by mail~~(ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1. To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

<div align="center">3</div>

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: _____**

2. To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission.  If you submit your electronic Ballot via the Solicitation Agent's online voting portal you SHOULD NOT submit the paper original of your Ballot.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Class 7C General Convenience Claim. Your Claim has been placed classified in Class 7C under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 7C General Convenience Claim as set forth in Item 1 Item 2 or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for the votes on the respective ballots to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire would like paper copies of the Solicitation Package materials, or if you need to obtain would like additional copies of the Solicitation Packages, you may obtain them, free of charge by: (a) calling the Solicitation Agent at [*] (888) 482-0049 (U.S./Canada, Toll-Free) or [*] +1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain elections contained herein opting out of the Third-Party Release, and making certifications

with respect to the ~~Plan~~Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ~~[•]~~AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1    Quoine Customers**

~~Item 1    Voting Amount of~~If your Class 7C General Convenience Claim is with respect to a Claim of creditors or customers of Debtor Quoine Pte. Ltd. ("Quoine"), your vote on this Ballot is being solicited on a contingent basis.

~~For purposes of voting to accept or reject the Plan, to the extent all or part of~~The Debtors may determine, no later than 180 days after the Confirmation Date, to exclude Quoine from the Plan and treat Quoine as an Excluded Entity in the event that the Singapore International Commercial Court has not entered orders in form and substance reasonably acceptable to the Debtors (i) recognizing the Chapter 11 Case of Quoine Pte. Ltd. in Singapore and (ii) granting full force and effect in Singapore to the Confirmation Order, the Digital Assets Estimation Order and the Claims Bar Date. In the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date, your Class 7C General Convenience Claim ~~includes cryptocurrency, such cryptocurrency will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations to be set forth in an order by the Court (the "Scheduled Amount").~~ with respect to a Claim of creditors and customers of Quoine will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases, and you will not be entitled to any Distributions under the Plan on account of such Claims and any ballots or elections made by you on account of such Claims will be deemed null and void. In the event the Debtors do not make such determination within 180 days after the Confirmation Date, your Class 7C General Convenience Claim with respect to a Claim of creditors or customers of Quoine will be treated as the other Class 7C General Convenience Claims.

**Item 2.    Voting Amount of Class 7C General Convenience Claim.**

~~-~~Your Scheduled Amount in respect of your Class 7C General Convenience Claim shall be the dollar amount for such Claim set forth in the Debtors' Schedules and is as listed in this ~~Item 1~~Item 2.

If you did not file a Proof of Claim, the amount of your Class 7C General Convenience Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the

Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures. Your Voting Amount is as listed in this ~~Item 1~~ Item 2.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class 7C General Convenience Claim as set forth below.

| Relevant Ballot Amounts |
|---|
| Scheduled Amount: _____ $_____ |
| Voting Amount: _____ $_____ |

**Item 3**~~Item 2~~.   **Guide for Filling Out this Ballot.**

All Holders of Class 7C General Convenience Claims should review the Ballot Instructions in **Annex A** attached to this Ballot ~~to understand the contents of this Ballot~~.

**Item 4**~~Item 3~~.   **Treatment of Class 7C General Convenience Claims.**

A "Class 7C General Convenience Claim" is (a) any General ~~Convenience~~Unsecured Claim Allowed in an amount equal to or less than $~~10,000~~50,000 or (b) any General Unsecured Claim Allowed in an amount greater than $50,000 but that is reduced to an amount equal to or less than $50,000 by an irrevocable written election of the Holder of such General Unsecured Claim made on a properly executed and delivered Ballot; *provided* that where any portion of a General Unsecured Claim has been transferred or subdivided, any transferred or subdivided portion shall continue to be treated together with the entire initial General Unsecured Claim for purposes of determining whether any portion of such General Unsecured Claim qualifies as a General Convenience Claim.

| Voting Class | Description | Treatment |
|---|---|---|
| Class 7C | General Convenience Claims | [•][†]In full and final satisfaction, settlement, release, and discharge |

---

x.   ~~NTD: To be updated per plan treatment.~~

| | | of and in exchange for its Allowed General Convenience Claim, each Holder of an Allowed General Convenience Claim shall receive payment in Cash in an amount equal to 100% of such Allowed General Convenience Claim *plus* postpetition interest at the lower of the Consensus Rate, the applicable contract rate or such other rate determined by the Court (or as otherwise agreed by the relevant parties) from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in Section 4.2.3, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such General Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |
|---|---|---|

**For additional details regarding the treatment and rights for Class 7C General Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 5**~~Item 4~~**.    Vote on Plan.**

To vote in this ~~Item 4~~**Item 5**, you must check the applicable box in the right-hand column below to "accept" or "reject" the ~~Plan~~.

Please note that you are required to vote all of your Class 7C General Convenience Claim as set forth in ~~Item 1~~**Item 2** either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted in Class 7C General Convenience Claims.

As set forth in **Item 1**, if your Class 7C General Convenience Claim is a Claim of creditors and customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make the determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

***If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.***

The undersigned, a Holder of a Class 7C General Convenience Claim against the Debtors as set forth in the chart in ~~Item 1~~.**Item 2** votes to (please check **one box**):

| Voting to Accept or Reject the Plan |
|---|
| ACCEPT (VOTE FOR) THE PLAN |
| REJECT (VOTE AGAINST) THE PLAN |

**Item 6**~~Item 5~~.    **Third-Party Release.**

THE PLAN CONTAINS ~~MUTUAL~~A THIRD-PARTY ~~RELEASES. ALL PARTIES THAT GRANT A~~ RELEASE ~~TO THE RELEASING PARTIES ARE ALSO RELEASED PARTIES~~. IF YOU DO NOT WISH TO GRANT ~~(AND RECEIVE) THIS MUTUAL~~THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY ~~RELEASES~~RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY ~~RELEASES~~RELEASE, THIS ~~FAILURE TO ACT~~ WILL BE CONSTRUED BY THE DEBTORS AS ~~CONS~~ENT TO THE THIRD-PARTY ~~RELEASES~~RELEASE. THE DEBTORS WILL ~~ASK~~REQUEST THE BANKRUPTCY COURT TO DEEM ~~YOUR~~ FAILURE TO OPT OUT ~~AS CONS~~ENT TO THE THIRD-PARTY ~~RELEASES~~RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHOR~~ITY TO~~ GRANT THE THIRD-PARTY ~~RELEASES~~RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY ~~RELEASES~~RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES ~~CONTAINED~~ IN SECTION 10.5 OF THE PLAN. AS A HOLDER OF A CLASS 7C GENERAL CONVENIENCE CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN UNLESS YOU OPT OUT OF THE THIRD-PARTY ~~RELEASES CONTAINED IN THE PLAN~~RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-P~~ARTY REL~~EASE.

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY ~~RELEASES~~RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANT~~ING THE~~ RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN ~~ITEM 4~~ITEM 5 OF THIS BALLOT, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY ~~RELEASE~~.

---

☐    **By checking this box, you elect to OPT OUT OF the Third-Party Release.**

---

**Section 10.5 of the Plan contains the following Third-Party Release:**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether** ~~individually~~ **or collectively) or on behalf of the Holder of any Claim or Interest or any other**

8

Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, ~~the purchase, sale or rescission of the purchase or sale of any~~ Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of ~~Claims and Interests prior to or~~ during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section ~~10.5~~10.5 shall cause the release of (a) any Excluded Party ~~nor~~, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "*Released Parties*" means~~ the~~ (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)    Under the Plan, "*Releasing Parties*" means~~,~~ (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to ~~accept the Plan and do~~ not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth therein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

(3)    Under the Plan, "*Excluded Party*" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)    Under the Plan, "***Exculpated ~~Party~~Parties***" means (a) the Debtors~~,~~; (b) the Official Committee ~~and its current members, in their capacities as such,~~; (c) the Fee Examiner~~, and~~; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (~~c~~e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such ~~Entity at any time from and after the Petition Date~~Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)    Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## Item 7~~Item 6~~.    Certifications.

1.    The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 7C General Convenience Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class 7C General Convenience Claim entitled to vote to accept or reject the Plan on behalf of the Holder of such Class 7C General Convenience Claim;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3.    either (a) no other ballot with respect to the same Class 7C General Convenience Claim identified in **Item 1** has been cast or (b) if any other ballot has been cast with respect to such Class 7C General Convenience Claim, then any such ~~earlier~~prior ballots are hereby revoked and deemed to be null and void.

## Item 8~~Item 7~~.    Ballot Completion Information.

Name of
Holder:    _____

_____

Signature:    _____

Signatory
Name (if

| | |
|---|---|
| other than the Holder): | |
| Title (if other than the Holder): | |
| Address: | |
| | |
| Email Address: | |
| Telephone Number: | |
| Date Completed: | |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

---

**THE VOTING DEADLINE IS [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| **Annex A** |
| **Class 7C General Convenience Claim** |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 7C General Convenience Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

**Quoine Customers**

If your Class 7C General Convenience Claim is with respect to a Claim of creditors or customers of Quoine, please review **Item 1** in detail. As set forth in **Item 1**, if your Class 7C General Convenience Claim is with respect to a Claim of creditors or customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

2. If you vote to accept the Plan, you may still vote to opt out of the Third-Party Release.

3. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

2. 4. This Ballot contains voting options with respect to the Plan.

3. 5. To vote, you MUST: (a) fully complete this the Ballot; (b) clearly indicate your decision to accept or reject the Plan in **Item 4** of this the Ballot; and (c) sign, date, and return this the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 3, above.

To submit your Ballot via the online voting portal, please visit https://restructuring.ra.kroll.com/FTX/ and follow the instructions to submit your Ballot.

To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

<div align="center">

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

</div>

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission.  If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4.   You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in Item 5 of this Ballot.

5.   The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6.   Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will *__not__* be counted unless the Debtors otherwise determine to accept such Ballot.

7.   To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is [•] [•] [•] **August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

8.   Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

<div align="center">13</div>

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or ~~via~~by mail.

10. If you deliver multiple Ballots for your Class 7C General Convenience Claim as set forth in ~~Item 1~~**Item 2** to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 7C General Convenience Claim.

11. You must vote all of your Class 7C General Convenience Claim as set forth in ~~Item 1~~**Item 2** either to accept or reject the Plan and may not split your vote.

12. ~~This~~The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. *You must SIGN AND DATE* your Ballot.[3]    A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. A Ballot submitted via mail must contain an original wet-ink signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

15. Except with respect to your Class 7C General Convenience Claim as set forth in ~~Item 1~~**Item 2**, if you have other Claims or Interests, you may receive more than one ballot coded for ~~each such~~ Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

---

[3]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: [•] (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR +[•]+1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS [•] [•] AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

**EXHIBIT 2C-7**

**Blackline of Class 8B Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:

FTX TRADING LTD., *et al.*, [1]

Debtors.

Chapter 11

Case No. 22-11068 (JTD)

(Jointly Administered)

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 8B ~~PropCo~~Priority DM Claims**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS
BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING ~~DEADLINE~~").**

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://~~cases~~ restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is ~~Unit 3B, Brys~~on's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

---

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY ~~[•]~~AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME**

- You are receiving this ballot (this "Ballot") because you are a Holder of a Class 8B ~~PropCo~~Priority DM Claim of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors ~~and~~ debtors-in-possession (collectively, the "Debtors" and each, a "Debtor"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

- The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.

- Under the Plan, unless you **affirmatively opt out** in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "Third-Party Release"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page ~~[•]~~6 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also ~~attached to~~included in this Ballot ~~for your convenience of review~~. These defined terms control the scope of the Third-Party Release.

- ~~If you vote to accept the Plan in  Item 4 of this Ballot, you~~You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in Item 4 of this Ballot.

The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "Plan"), attached as Exhibit A to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "Disclosure Statement").[2] The

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class ~~6C NFT Customer Entitlement Claims, Class 6~~6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B ~~PropCo~~Priority DM Claims, Class 8C PropCo General Unsecured Claims ~~and Class 11 Subordinated Claims~~, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "Voting Class" and collectively, the "Voting Classes").

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 8B ~~PropCo~~Priority DM Claim as of ~~[•]~~June 25, 2024 (the "Voting Record Date"). **For a detailed discussion of the treatment of Class 8B ~~PropCo~~Priority DM Claims under the Plan, please review the Disclosure Statement and the Plan.**

### BALLOT

**Please review the ~~detailed~~ instructions attached ~~hereto~~ as Annex A (the "Ballot Instructions") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the ~~attached~~ Ballot Instructions, your vote on the Plan will be counted in **Class 8B ~~PropCo~~Priority DM Claims**. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and ~~more than~~ one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. ~~The~~Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After ~~Confirmation~~the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims~~ and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN,**
**YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF ~~[•]~~AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in **Item 4** of this Ballot; ~~and~~ (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or ~~by mail~~(ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below~~, and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline~~.

1. To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: _____**

2.  To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

<div align="center">

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

</div>

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission.  If you submit your electronic Ballot via the Solicitation Agent's online voting portal you SHOULD NOT submit the paper original of your Ballot.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Class 8B ~~PropCo~~Priority DM Claim. Your Claim has been ~~placed~~classified in Class 8B under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 8B ~~PropCo~~Priority DM Claim as set forth in **Item 1** or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for the votes on the respective ballots to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you ~~desire~~would like paper copies of the Solicitation Package materials, or if you ~~need to obtain~~would like additional ~~copies of the~~ Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at ~~[•]~~ (888) 482-0049 (U.S./Canada, Toll-Free) or ~~[•]~~+1 (646) 440-4179 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, ~~making certain elections contained herein~~opting out of the Third-Party Release, and making certifications with respect to the ~~Plan~~Ballot. If you ~~believe you have received this Ballot in~~ error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

<p style="text-align:center"><strong>THE VOTING DEADLINE IS [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.</strong></p>

**Item 1.**     **Voting Amount of Class 8B ~~PropCo~~Priority DM Claim.**

Your Class 8B ~~PropCo~~Priority DM Claim for purposes of voting is listed immediately below. The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of the Class 8B ~~PropCo~~Priority DM Claim as set forth below.

| ~~Relevant Ballot Amounts~~ |
| :---: |
|  |
| **Voting Amount:** ~~_____~~$_____ |

**Item 2.**     **Guide for Filling Out this Ballot.**

All Holders of Class 8B ~~PropCo~~Priority DM Claims should review the Ballot Instructions in **Annex A** attached to this Ballot ~~to understand the contents of this Ballot~~.

**Item 3.**     **Treatment of Class 8B ~~PropCo~~Priority DM Claims.**

A "Class 8B ~~PropCo~~Priority DM Claim" is ~~[that certain~~the Allowed unsecured prepetition Claim of FTX DM against FTX Bahamas ~~PropCo~~ in the amount of $~~[•]~~256,291,221.47.

| Voting Class | Description | Treatment |
| :--- | :--- | :--- |
| Class 8B | ~~PropCo~~Priority DM ~~Claims~~Claim | [•]¹Except to the extent that FTX DM agrees to less favorable |

---

<sup>x</sup>  ~~NTD: To be updated per plan treatment.~~

| | | treatment, and in full and final satisfaction, settlement, release and discharge of and in exchange for its Allowed Priority DM Claim, FTX DM shall receive payment in Cash in an amount equal to the Priority DM Claim, to be paid directly from the proceeds from the sale, disposition or other monetization of the Bahamas Properties in accordance with the waterfall priority set forth in Section 4.2.4 of the Plan, until the Priority DM Claim is paid in full. |

**For additional details regarding the treatment and rights for Class 8B ~~PropCo~~ Priority DM Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 4.    Vote on Plan.**

To vote in this **Item 4**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

Please note that you are required to vote all of your Class 8B ~~PropCo~~ Priority DM Claim as set forth in **Item 1** either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted in Class 8B ~~PropCo~~ Priority DM Claims.

***If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.***

The undersigned, a Holder of a Class 8B ~~PropCo~~ Priority DM Claim against the Debtors as set forth in the chart in **Item 1** votes to (please check **one box**):

| **Voting to Accept or Reject the Plan** |
|---|
| ACCEPT (VOTE FOR) THE PLAN |
| REJECT (VOTE AGAINST) THE PLAN |

**Item 5.    Third-Party Release.**

THE PLAN CONTAINS ~~MUTUAL~~A THIRD-PARTY RELEASE. ~~ALL PARTIES THAT GRANT A RELEASE TO THE RELEASING PARTIES ARE ALSO RELEASED PARTIES.~~ IF YOU DO NOT WISH TO GRANT ~~(AND RECEIVE) THIS MUTUAL~~THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS ~~FAILURE TO ACT~~ WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL ~~ASK~~REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS ~~CONSENT~~ TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN <u>SECTION 10.5</u> OF THE PLAN. AS A HOLDER OF A CLASS 8B ~~PROPCO~~PRIORITY DM CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN <u>UNLESS</u> ~~YOU OPT~~ OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE.

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN **ITEM 4** OF THIS BALLOT, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE.

| |
|---|
| **By checking this box, you elect to <u>OPT OUT OF</u> the Third-Party Release.** |

<u>Section 10.5</u> **of the Plan contains the following Third-Party Release:**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, <u>FTX DM, the JOLs,</u> or the Estates would have been legally entitled to assert in their own right ~~(whether individually or collectively)~~ or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, <u>FTX DM,</u> the conduct of the businesses of the Debtors <u>or FTX DM</u>, these Chapter 11 Cases, ~~the purchase, sale or rescission of the purchase or~~ ~~sale of any~~ Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, <u>the FTX DM Global Settlement Agreement</u> or the Disclosure Statement, ~~the administration of Claims and~~ ~~Interests prior to or~~ during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating**

**to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this <u>Section 10.5</u>10.5 shall cause the release of (a) any Excluded Party ~~nor~~, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "*Released Parties*" means~~the~~ (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)     Under the Plan, "*Releasing Parties*" means~~,~~ (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth herein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

(3)     Under the Plan, "*Excluded Party*" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)     Under the Plan, "*Exculpated ~~Party~~Parties*" means (a) the Debtors~~,~~; (b) the Official Committee ~~and its current members, in their capacities as such,~~; (c) the Fee Examiner~~, and~~; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (~~c~~e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such ~~Entity at any time from and after the Petition Date~~Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.

Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5) Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

**Item 6.    Certifications.**

1. The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 8B ~~PropCo~~Priority DM Claim being voted or (b) the authorized signatory for an entity that is a Holder ~~of such~~ Class 8B ~~PropCo~~Priority DM Claim entitled to vote to accept or reject the Plan on behalf of the Holder of such Class 8B ~~PropCo~~Priority DM Claim;

2. the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3. either (a) no other ballot with respect to the same Class 8B ~~PropCo~~Priority DM Claim identified in **Item 1** has been cast or (b) if any other ballot has been cast with respect to such Class 8B ~~PropCo~~Priority DM Claim, then any such ~~earlier~~prior ballots are hereby revoked and deemed to be null ~~and void~~.

**Item 7.    Ballot Completion Information.**

Name of
Holder: _____

Signature: _____

Signatory
Name (if
other than
the Holder): _____

Title (if
other than
the Holder): _____

Address: _____

Email
Address: _____

Telephone
Number: _____

Date
Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

| |
|---|
| **THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.** |
| **THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.** |

---

**Annex A**
**Class 8B ~~PropCo~~Priority DM Claim**

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1. The Debtors are soliciting the votes of Holders of Class 8B ~~PropCo~~Priority DM Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

   **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

   **PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

~~2. If you vote to accept the Plan, you may still vote to opt out of the Third-Party Release.~~

~~3. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.~~

2. ~~4.~~ This Ballot contains voting options with respect to the Plan.

3. ~~5.~~ To vote, you MUST: (a) fully complete ~~this~~the Ballot; (b) clearly indicate your decision to accept or reject the Plan in **Item 4** of ~~this~~the Ballot~~, and~~ (c) sign, date, and return ~~this~~the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

   To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

   IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 3, above.

   To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

   FTX Trading Ltd. Ballot Processing Center
   c/o Kroll Restructuring Administration LLC
   850 Third Avenue, Suite 412
   Brooklyn, NY 11232

11

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission.  If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4. You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in **Item 4** of this Ballot.

5. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6. Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will *not* be counted unless the Debtors otherwise determine to accept such Ballot.

7. To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is [•][•]**August 16**, 2024, at 4:00 p.m., prevailing Eastern Time.

8. Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or by mail.

10. If you deliver multiple Ballots for your Class 8B PropCoPriority DM Claim as set forth in **Item 1** to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 8B PropCoPriority DM Claim.

11. You must vote all of your Class 8B PropCoPriority DM Claim as set forth in **Item 1** either to accept or reject the Plan and may not split your vote.

12. ~~This~~The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an ~~assertion~~ or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. **_You must SIGN AND DATE_** your Ballot.[3]  A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. A Ballot submitted via mail must contain an original wet-ink signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this ~~Ballot.~~

15. Except with respect to your Class 8B ~~PropCo~~Priority DM Claim as set forth in **Item 1**, if you have other Claims or Interests, you may receive ~~more than~~ one ballot coded for each such Claim or Interest. Each ~~ballot votes~~ only your Claim indicated on that ballot. Accordingly, complete ~~and return~~ each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: ~~[•]~~(888) 482-0049 (U.S./CANADA, TOLL-FREE) OR ~~+[•]~~+1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

[3]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**THE VOTING DEADLINE IS [•] [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

## **EXHIBIT 2C-8**

**Blackline of Class 8C Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:                                          Chapter 11

FTX TRADING LTD., *et al.*,[1]                  Case No. 22-11068 (JTD)

        Debtors.                                (Jointly Administered)

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 8C PropCo General Unsecured Claims**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS**
> **BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**
>
> **THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME**

- You are receiving this ballot (this "Ballot") because you are a Holder of a Class 8C PropCo General Unsecured Claim of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each, a "Debtor"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

- The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.

- Under the Plan, unless you **affirmatively opt out** in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "Third-Party Release"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page [•]7 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also ~~attached to~~ included in this Ballot ~~for your convenience of review~~. These defined terms control the scope of the Third-Party Release.

- ~~If you vote to accept the Plan in Item 4 of this Ballot, you~~ You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in Item 4 of this Ballot.

The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "Plan"), attached as Exhibit A to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "Disclosure Statement").[2] The

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class ~~5C NFT Customer Entitlement Claims, Class 6~~6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B ~~PropCo~~Priority DM Claims, Class 8C PropCo General Unsecured Claims ~~and Class 11 Subordinated Claims~~, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "Voting Class" and collectively, the "Voting Classes").

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 8C PropCo General Unsecured Claim as of ~~[•]~~June 25, 2024 (the "Voting Record Date"). **For a detailed discussion of the treatment of Class 8C ~~PropCo~~ General Unsecured Claims under the Plan, please review the Disclosure Statement and the Plan.**

## BALLOT

**Please review the ~~detailed~~ instructions attached ~~hereto~~ as Annex A (the "Ballot Instructions") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the ~~attached~~ Ballot Instructions, your vote on the Plan will be counted in **Class 8C PropCo General Unsecured Claims**. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. ~~The~~Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After ~~Confirmation~~the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims~~ and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN,
YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF ~~[•]~~AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in **Item 4** of this Ballot; ~~and~~ (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or ~~by mail~~(ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below~~, and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline~~.

1. To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: _____**

2. To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

<div align="center">

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

</div>

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you SHOULD NOT submit the paper original of your Ballot.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Class 8C PropCo General Unsecured Claim. Your Claim has been placed classified in Class 8C under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 8C PropCo General Unsecured Claim as set forth in **Item 1** or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for the votes on the respective ballots to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you desire would like paper copies of the Solicitation Package materials, or if you need to obtain would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at [•] (888) 482-0049 (U.S./Canada, Toll-Free) or [•] +1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

<div align="center">4</div>

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, ~~making certain elections contained herein~~opting out of the Third-Party Release, and making certifications with respect to the ~~Plan~~Ballot. If you ~~believe you have received this Ballot~~ in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

<div align="center">

**THE VOTING DEADLINE IS [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING ~~EASTERN TIME~~.**

</div>

**Item 1.    Voting Amount of Class 8C PropCo General Unsecured Claim.**

Your Scheduled Amount in respect of your Class 8C PropCo General Unsecured Claim shall be the dollar amount for such Claim set forth in the Debtors' Schedules and is as listed in this **Item 1**.

If you did not file a Proof of Claim, the amount of your Class 8C PropCo General Unsecured Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures. Your Voting Amount is as listed in this **Item 1**.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of ~~the~~a Class 8C PropCo General Unsecured Claim as set forth below.

| Relevant Ballot Amounts |
|---|
| **Scheduled Amount:** ~~————~~$_____ |
| **Voting Amount:** ~~————~~$_____ |

**Item 2.    Guide for Filling Out this Ballot.**

All Holders of Class 8C PropCo General Unsecured Claims should review the Ballot Instructions in **Annex A** attached to this Ballot ~~to understand the contents of this Ballot~~.

**Item 3.    Treatment of Class 8C PropCo General Unsecured Claims.**

A "Class 8C PropCo General Unsecured Claim" is [any Claim against FTX Bahamas PropCo other than ~~(i) any Claim against FTX Bahamas PropCo arising in the ordinary course in respect of the ownership, use, sale or transfer of the property owned by FTX Bahamas Propco or (ii) that certain Allowed Claim of FTX DM against FTX Bahamas PropCo in the amount of $[•].~~ a PropCo Operating Expense Claim or the Priority DM Claim.

| Voting Class | Description | Treatment |
|---|---|---|
| Class 8C | PropCo General Unsecured Claims | [•][1]Except to the extent that a Holder of an Allowed PropCo General Unsecured Claim agrees to less favorable treatment, and in full and final satisfaction, settlement, release and discharge of and in exchange for its Allowed PropCo General Unsecured Claim, each Holder of an Allowed PropCo General Unsecured Claim shall receive payment in Cash in an amount equal to such Holder's Pro Rata share of the proceeds from the sale, disposition or other monetization of the Bahamas Properties available to pay PropCo General Unsecured Claims, in accordance with the waterfall priority set forth in Section 4.2.4 of the Plan. |

**For additional details regarding the treatment and rights for Class 8C PropCo General Unsecured Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 4.    Vote on Plan.**

To vote in this **Item 4**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

---

x    ~~NTD: To be updated per plan treatment.~~

Please note that you are required to vote all of your Class 8C PropCo General Unsecured Claim as set forth in **Item 1** either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted in Class 8C PropCo General Unsecured Claims.

***If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.***

The undersigned, a Holder of a Class 8C PropCo General Unsecured Claim against the Debtors as set forth in the chart in **Item 1** votes to (please check **one box**):

| Voting to Accept or Reject the Plan |
|---|
| ACCEPT (VOTE FOR) THE PLAN |
| REJECT (VOTE AGAINST) THE PLAN |

**Item 5.    Third-Party Release.**

THE PLAN CONTAINS ~~MUTUAL~~A THIRD-PARTY RELEASE. ~~ALL PARTIES THAT GRANT A RELEASE TO THE RELEASING PARTIES ARE ALSO RELEASED PARTIES~~. IF YOU DO NOT WISH TO GRANT ~~(AND RECEIVE) THIS MUTUAL~~THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS ~~FAILURE TO ACT~~ WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL ~~ASK~~REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS ~~CONSENT~~ TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN <u>SECTION 10.5</u> OF THE PLAN. AS A HOLDER OF A CLASS 8C PROPCO GENERAL UNSECURED CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN <u>UNLESS</u> YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE.

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN **ITEM 4** OF THIS BALLOT, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE.

---

**By checking this box, you elect to <u>OPT OUT OF</u> the Third-Party Release.**

---

<u>Section 10.5</u> **of the Plan contains the following Third-Party Release:**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, <u>FTX DM, the JOLs,</u> or the Estates would have been legally entitled to assert in their own right ~~(whether individually~~ or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, <u>FTX DM,</u> the conduct of the businesses of the Debtors <u>or FTX DM</u>, these Chapter 11 Cases, ~~the purchase~~, sale or rescission of the purchase ~~or sale of any~~ Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, <u>the FTX DM Global Settlement Agreement</u> or the Disclosure Statement, the administration of ~~Claims and Interests prior to or~~ during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this <u>Section ~~10.5~~10.5</u> shall cause the release of (a) any Excluded Party ~~nor,~~ (b) <u>Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c)</u> any Preserved ~~Potential~~ Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "***Released Parties***" means~~,~~ the <u>(a)</u> Exculpated Parties<u>, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant</u>

8

and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)      Under the Plan, "***Releasing Parties***" means~~,~~ (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth therein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

(3)      Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)      Under the Plan, "***Exculpated ~~Party~~Parties***" means (a) the Debtors~~,~~; (b) the Official Committee ~~and its current members, in their capacities as such,~~; (c) the Fee Examiner~~, and~~; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (~~ee~~c), any Person or Entity to the ~~the~~ extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such ~~Entity at any time from and after the Petition Date~~Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)      Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

**Item 6.    Certifications.**

1.    The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 8C PropCo General Unsecured Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class 8C PropCo General Unsecured Claim entitled to vote to accept or reject the Plan on behalf of the Holder of such Class 8C PropCo General Unsecured Claim;

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3.  either (a) no other ballot with respect to the same Class 8C PropCo General Unsecured Claim identified in **Item 1** has been cast or (b) if any other ballot has been cast with respect to such Class 8C PropCo General Unsecured Claim, then any such ~~earlier~~prior ballots are hereby revoked and deemed to be null and void.

**Item 7.    Ballot Completion Information.**

Name of
Holder:                          _____

                                 _____

Signature:                       _____

Signatory
Name (if
other than
the Holder):                     _____

Title (if
other than
the Holder):                     _____

Address:                         _____

                                 _____

Email
Address:                         _____

Telephone
Number:                          _____

Date
Completed:                       _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA**

THE          ONLINE          VOTING          PORTAL          AT
HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX    OR    BY    REGULAR    MAIL,
OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT
PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC,
850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.

---

**THE VOTING DEADLINE IS [•]AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

---

**Annex A**
**Class 8C PropCo General Unsecured Claim**

---

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 8C PropCo General Unsecured Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

   **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

   **PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

2. ~~If you vote to accept the Plan, you may still vote to opt out of the Third-Party Release.~~

3. ~~The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.~~

2. ~~4.~~ This Ballot contains voting options with respect to the Plan.

3. ~~5.~~ To vote, you MUST: (a) fully complete ~~this~~the Ballot; (b) clearly indicate your decision to accept or reject the Plan in **Item 4** of ~~this~~the Ballot~~, and~~ (c) sign, date, and return ~~this~~the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

   To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

   IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 3, above.

   To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

<div align="center">

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

</div>

<div align="center">12</div>

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4. You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in Item 4 of this Ballot.

5. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6. Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will *not* be counted unless the Debtors otherwise determine to accept such Ballot.

7. To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is [•][•]August 16, 2024, at 4:00 p.m., prevailing Eastern Time.

8. Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or by mail.

10. If you deliver multiple Ballots for your Class 8C PropCo General Unsecured Claim as set forth in **Item 1** to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 8C PropCo General Unsecured Claim.

11. You must vote all of your Class 8C PropCo General Unsecured Claim as set forth in **Item 1** either to accept or reject the Plan and may not split your vote.

12. ~~This~~The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an ~~assertion~~ or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. *You must SIGN AND DATE* your Ballot.[3]   A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. A Ballot submitted via mail must contain an original wet-ink signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this ~~Ballot.~~

15. Except with respect to your Class 8C PropCo General Unsecured Claim as set forth in **Item 1**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ~~ballot votes~~ only your Claim indicated on that ballot. Accordingly, complete and ~~return each~~ ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: ~~[•]~~ (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR ~~+[•]~~+1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

[3]   If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**THE VOTING DEADLINE IS** [•] [•]**AUGUST 16**, **2024, AT 4:00 P.M., PREVAILING** ~~**EASTERN TIME.**~~

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

## **EXHIBIT 2D**

**Blackline of Cover Letter**

[•], 2024

Via Electronic Mail

**RE:**   **In re FTX Trading Ltd.,** *et al.,* **Chapter 11 Case No. 22-11068 (JTD)**

TO ALL HOLDERS OF CLAIMS AND INTERESTS ENTITLED TO VOTE ON THE PLAN:

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") are pleased to present the enclosed materials for your consideration.

You are receiving this letter and the enclosed materials because you are entitled to vote on the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be modified, amended, or supplemented from time to time, the "Plan").[1]

On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.

On [•], 2024, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* (the "Solicitation Procedures Order"). Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement").

> **YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN. YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

The enclosed materials set forth below comprise your Solicitation Package, and were approved by the Court for distribution in connection with the solicitation of votes to accept the Plan:

      a.     this letter;
      b.     the Official Committee Letter;

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings as set forth in the Plan or the Disclosure Statement, as applicable.

c.   [to the extent the Ad Hoc Committee prepares one, the Ad Hoc Committee Letter];

d.   the Solicitation and Voting Procedures;

e.   the applicable Ballot;

f.   the Disclosure Statement (and exhibits thereto, including the Plan);

g.   the Solicitation Procedures Order (excluding exhibits); and

h.   the letter from the Debtors and JOLs explaining the Bahamas Opt-In Election process; and

i.   h. the Confirmation Hearing Notice.

The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims and Interests, and all other parties-in-interest. Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions on account of Claims asserted in the Chapter 11 Cases.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS INDICATED ON YOUR BALLOT.**

**THE VOTING DEADLINE IS 4:00 P.M. PREVAILING EASTERN TIME ON [•]AUGUST 16, 2024.**

---

If you have any questions regarding the Plan or the Solicitation Package, please contact Kroll Restructuring Administration LLC, the solicitation agent retained by the Debtors in the Chapter 11 Cases (the "Solicitation Agent"), by: (a) calling the Solicitation Agent at [•](888) 482-0049 (toll-free) or [•]+1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed in the Chapter 11 Cases free of charge on the Solicitation Agent's case website at: https://restructuring.ra.kroll.com/FTX. Please be advised that Kroll is authorized to answer questions about, and provide additional copies of, solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan or provide legal advice.

Dated: [•], 2024                    Sincerely,

                                    *FTX TRADING LTD.*
                                    on behalf of itself and all other Debtors

## **EXHIBIT 2E**

**Blackline of Confirmation Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF DEBTORS' JOINT
## CHAPTER 11 PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE** that on [•], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. •] (the "Solicitation Procedures Order").   Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"). ~~You are being provided this notice with respect to,~~ voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan").[2] You are being provided this notice with respect to the Plan.   The hearing to consider Confirmation of the Plan is scheduled for **[•], 2024 at [•] prevailing Eastern Time**, and objections to the Confirmation of the Plan must be filed and served no later than [•]**August 16, 2024 at** [•]**4:00 p.m. prevailing Eastern Time**.

## Plan Summary

The following is an overview of the treatment to be afforded to each Class of Claims or Interests under the Plan.  This summary is being provided for convenience only and is

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://~~cases~~restructuring.ra.kroll.com/FTX.   The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

qualified by the Plan itself.

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| 1 | Priority Tax Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 3A | Secured Loan Claims | Impaired | Entitled to Vote |
| ~~3~~3B | Other Secured Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 4 | Separate Subsidiary Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 5A | Dotcom Customer Entitlement Claims | Impaired | Entitled to Vote |
| 5B | U.S. Customer Entitlement Claims | Impaired | Entitled to Vote |
| 5C | NFT Customer Entitlement Claims | ~~Impaired~~Unimpaired | ~~Not~~ Entitled to Vote, Deemed to Accept |
| ~~6~~6A | General Unsecured Claims | Impaired | Entitled to Vote |
| 6B | Digital Asset Loan Claims | Impaired | Entitled to Vote |
| 7A | Dotcom Convenience Claims | Impaired | Entitled to Vote |
| 7B | U.S. Convenience Claims | Impaired | Entitled to Vote |
| 7C | General Convenience Claims | Impaired | Entitled to Vote |
| 8A | PropCo ~~Ordinary Course~~Operating Expense Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 8B | ~~PropCo~~Priority DM Claim | Impaired | Entitled to Vote |
| 8C | PropCo General Unsecured Claims | Impaired | Entitled to Vote |
| 9 | Cancelled Intercompany Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| ~~10~~10A | ~~Intercompany Interests~~Senior Subordinated IRS Claims | Impaired | ~~Not~~ Entitled to Vote~~,~~ ~~Deemed to Reject~~ |
| ~~11~~10B | Senior Subordinated Governmental Claims | Impaired | Entitled to Vote |
| 10C | Junior Subordinated IRS Claims | Impaired | Entitled to Vote |
| ~~12~~11 | ~~Equitably Subordinated Claims~~Intercompany Interests | Impaired | Not Entitled to Vote, Deemed to Reject |
| 12 | Preferred Equity Interests | Impaired | Entitled to Vote |
| 13 | ~~FTT~~Section 510(b) Preferred Equity Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 14 | ~~Preferred~~Section 510(b) Other Equity ~~Interests~~Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 15 | ~~Section 510(b)~~Equitably Subordinated Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 16 | Other Equity Interests | Impaired | Not Entitled to Vote, Deemed to Reject |
| 17 | FTT Interests | Impaired | Not Entitled to Vote, Deemed to Reject |
| ~~17~~18 | *De Minimis* Claims | Impaired | Not Entitled to Vote, Deemed to Reject |

**Relevant Deadlines**

The record date for purposes of determining the Holders of Claims and Interests entitled to vote on the Plan is [•]June 25, 2024 (the "Voting Record Date").  The deadline ~~for~~

-2-

~~Holders of Claims entitled to vote on the Plan to vote on the Plan is [•] 2024 at [•]~~is **August 16, 2024 at 4:00 p.m.** prevailing Eastern Time (the "Voting Deadline")~~.~~ for Holders of Claims and Interests entitled to vote on the Plan, and for Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims, to make an irrevocable election to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas exchange for forever, fully and finally releasing and discharging the Debtors with respect to such Claims and fully and finally withdrawing with prejudice such Claims from these Chapter 11 Cases.

The Court has set **[•], 2024 at [•] prevailing Eastern Time** as the date and time for the hearing on the Confirmation of the Plan (the "Confirmation Hearing") and to consider any objections to confirmation of the Plan and shall continue to the extent necessary on such additional dates as the Court may designate.  The Confirmation Hearing will be held before the Honorable Judge John T. Dorsey, United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801.  The Confirmation Hearing may be ~~continued~~adjourned from time to time by the Court or the Debtors without further notice other than ~~by such adjournment being announced in open court or by a notice of adjournment~~as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Court ~~and served on such parties as the Court may order~~.  Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and other applicable law, prior to, during or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

Any objection to the ~~Confirmation~~confirmation of the Plan must:  (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor and (5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than ~~[•]~~**August 16**, 2024 at ~~[•]~~**4:00 p.m.** prevailing Eastern Time.  **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

### Notice Parties

(a) Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (~~dietdericha@sullcrom.com~~dietdericha@sullcrom.com), Brian D. Glueckstein (~~gluecksteinb@sullcrom.com~~gluecksteinb@sullcrom.com) and Alexa J. Kranzley (~~kranzleya@sullcrom.com~~kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (~~landis@lrclaw.com~~landis@lrclaw.com) and Kimberly A. Brown (~~brown@lrclaw.com~~brown@lrclaw.com);

(b) The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (~~linda.richenderfer@usdoj.gov~~linda.richenderfer@usdoj.gov);~~;~~

(c) Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (~~krishansen@paulhastings.com), Erez Gilad (erezgilad@paulhastings.com) and Gabriel Sasson (gabesasson@paulhastings.com)~~krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (~~mlunn@ycst.com~~mlunn@ycst.com) and Robert F. Poppiti, Jr. (~~rpoppiti@ycst.com~~rpoppiti@ycst.com);

(d) Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com:~~;~~ (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (~~erinbroderick@eversheds-sutherland.com~~erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com)~~; and~~

(e) Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com); and

(f) ~~(e)~~ To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

The Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than ~~[•]~~August 9, 2024.

## BINDING NATURE OF THE PLAN

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR PROOF OF INTEREST IN THE CHAPTER 11 CASES, FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN, OR VOTED TO REJECT THE PLAN.**

-4-

## Obtaining Copies of Relevant Documents

Copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration, LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX.  In addition, the Debtors will, at their expense, provide paper copies of the Plan, Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at [▪](888) 482-0049 (toll-free) or +[▪]+1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you as to whether you should contest your non-voting status or object to the confirmation of the Plan or on matters relating to the Plan.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS IN THE PLAN**

**THE PLAN CONTAINS FURTHER RELEASE, EXCULPATION AND INJUNCTION
PROVISIONS, INCLUDING:**

**Section 10.5 Voluntary Release by Holders of Claims and Interests**

**For good and valuable consideration, including the service of the Released Parties to
facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and
the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted
by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a
Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably
and forever release, waive and discharge the Released Parties of any and all claims,
obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever,
including any derivative claims asserted or assertable on behalf of a Debtor, and its
successors, assigns and representatives, whether known or unknown, foreseen or
unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in
law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations
of federal or state securities laws or otherwise, including those that any of the Debtors, the
Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to
assert in their own right (whether individually or collectively) or on behalf of the Holder of
any Claim or Interest or any other Person, based on or relating to, or in any manner
arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the
businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or
rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or
the transactions or events giving rise to, any Claim or Interest that is treated in the Plan,
the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure
Statement, the administration of Claims and Interests prior to or during these Chapter 11
Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the
Disclosure Statement or, in each case, related agreements, instruments or other documents,
any action or omission with respect to Intercompany Claims, any action or omission as an
officer, director, agent, representative, fiduciary, controlling person, member, manager,
affiliate or responsible party, or upon any other act or omission, transaction, agreement,
event or other occurrence taking place on or before the Effective Date of the Plan, other
than claims or liabilities arising out of or relating to any act or omission of a Released
Party to the extent such act or omission is determined by a Final Order to have constituted
gross negligence, willful misconduct, fraud, or a criminal act.  Nothing in this Section
10.510.5 shall cause the release of (a) any Excluded Party nor, (b) Causes of Action to the
extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved
Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind
Down EstateEntity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

Under the Plan, "Released Parties" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

Under the Plan, "Releasing Parties" means (a) the Debtors; (b) each of the Official Committee and ~~its current members, in their capacities as such~~the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan~~;~~ and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth therein; and (g) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an ~~Opt-Out~~Election Form and are not listed in clauses (a) through (g) above are not Releasing Parties.

Under the Plan, "Excluded Party" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

Under the Plan, "Exculpated ~~Party~~Parties" means (a) the Debtors; (b) the Official Committee ~~and its current members, in their capacities as such~~; (c) the Fee Examiner; ~~and~~ (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e~~c~~), ~~such Entity's current directors, officers, employees, attorneys~~any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial ~~advisors~~advisor, restructuring ~~advisors~~advisor, investment ~~bankers, accountants and other professionals or representatives solely when acting in any such capacities, in each case, current as of the Confirmation Date~~banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

Under the Plan, "Control ~~Person~~Persons" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## Section 10.4  Debtors' Release

**Except as otherwise specifically provided in the Plan with respect to the Preserved Potential Claims, for good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases and the implementation of the orderly liquidation contemplated by the Plan, on and after the Effective Date, to the fullest extent permitted by applicable law, the Released Parties are hereby conclusively, absolutely, unconditionally, irrevocably and forever released, waived and discharged by the Debtors, the Plan Administrator and the Estates, including any successor to, or assignee of, the Debtors or any Estate representative, from all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the businesses of the Debtors, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the release of any mortgage, lien or security interest, the distribution of proceeds, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act; *provided* that the release under this Section ~~10.4~~10.4 shall not apply to (a) any Excluded Party ~~nor to,~~ (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims to the extent such Preserved Potential Claims are brought by and for the benefit of the Wind Down ~~Estates~~Entities with the approval of the Plan Administrator~~, unless otherwise specifically provided in the Plan or the Plan Supplement~~.  Nothing in the Plan or Confirmation Order shall affect any releases previously granted or approved by the Court.**

-8-

**Section 10.710.8  Exculpation**

**Notwithstanding anything herein to the contrary, as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring advisors and other professional advisors, representatives and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with the solicitation.**

**As of the Effective Date, to the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in Section 10.410.4 or Section 10.510.5 of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Entity for any act or omission in connection with, related to, or arising out of these Chapter 11 Cases, including (a) the operation of the Debtors' businesses during the pendency of these Chapter 11 Cases; (b) the administration and adjudication of Claims and Interests during these Chapter 11 Cases; (c) formulating, negotiating, preparing, disseminating, implementing, administering, confirming and/or effecting the Plan, the Disclosure Statement, the Plan Supplement or any related contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases (including the solicitation of votes for the Plan and other actions taken in furtherance of Confirmation and Consummation of the Plan, the trading or sale of Cryptocurrenciescryptocurrencies and tokens in connection with the Chapter 11 Cases, the offer and issuance of any securities under or in connection with the Plan and the distribution of property, Digital Assets, or tokens under the Plan); or (d) any other transaction, agreement, event, or other occurrence related to these Chapter 11 Cases taking place on or before the Effective Date, other than liability resulting from any act or omission that is determined by Final Order to have constituted gross negligence, willful misconduct, fraud or a criminal act.  Notwithstanding anything contained herein to the contrary, the foregoing exculpation does not exculpate any Excluded Party.  Nothing in the Plan or Confirmation shall affect any exculpation orders previously granted or approved by the Court.**

**Section 10.810.9  Injunction**

Except as otherwise expressly provided in the Plan or Confirmation Order with respect to Preserved Potential Claims, the satisfaction and release pursuant to this ~~Section 10.8~~Article 10 shall also act as a permanent injunction against any Person who has held, holds or may hold Claims, Interests or Causes of Action from (a) commencing or continuing any action to collect, enforce, offset, recoup or recover with respect to any Claim, liability, obligation, debt, right, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by ~~section~~sections 524 or 1141 thereof~~;~~, (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind on account of or in connection with or with respect to any such Claims or Interests; and—— (d) asserting any right of setoff, subrogation or recoupment of any kind on account of or in connection with or with respect to any such Claim or Interest, notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise, against any Plan Asset, the Wind Down ~~Estates~~Entities, any Holder of a Claim or Interest or any initial or subsequent transferee.  Notwithstanding anything to the contrary in the Plan, all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down ~~Estates~~Entities as of the Effective Date.

Dated: [•], 2024
  Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        mcguire@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted _pro hac vice_)
James L. Bromley (admitted _pro hac vice_)
Brian D. Glueckstein (admitted _pro hac vice_)
Alexa J. Kranzley (admitted _pro hac vice_)
125 Broad Street
New York, NY  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

_Counsel for the Debtors and Debtors-in-Possession_

## **EXHIBIT 2F**

## **Blackline of Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEADLINE TO VOTE ON, DEADLINE TO OBJECT TO CONFIRMATION OF, AND HEARING TO CONSIDER CONFIRMATION OF DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE THAT** on [•], 2024, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. [•]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan").[2] In connection with the Plan, the Debtors also filed the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* [D.I. [•]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE THAT** the United States Bankruptcy Court for the District of Delaware (the "Court") has scheduled a hearing on **[•], 2024, at [•] prevailing Eastern Time** (the "Confirmation Hearing") to consider the Confirmation of the Plan. The Confirmation Hearing will take place before the Honorable John T. Dorsey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** On on [•], 2024, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. [•]] (the "Solicitation Procedures Order").   Pursuant to the

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases restructuring.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

Solicitation Procedures Order, the Court approved certain voting, solicitation and tabulation procedures in connection with Confirmation of the Plan. Only Holders of Claims and Interests in Voting Classes (Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims~~,~~, Class 5B U.S. Customer Entitlement Claims~~,~~, Class ~~5C NFT Customer Entitlement Claims; Class 6~~6A General Unsecured Claims~~,~~, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims~~,~~, Class 7B U.S. Convenience Claims~~,~~, Class 7C General Convenience Claims~~,~~, Class 8B ~~PropCo~~Priority DM ~~Claims~~Claim, Class 8C PropCo General Unsecured Claims ~~and Class 11 Subordinated Claims~~, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests) are entitled to receive a vote (a "Ballot") for casting a vote on the Plan, and for Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims, to make an irrevocable election to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas in exchange for forever, fully and finally releasing and discharging the Debtors with respect to such Claims and forever, fully and finally withdrawing with prejudice such Claims from these Chapter 11 Cases. Holders of Claims and Interests in all other Classes under the Plan are either conclusively presumed to accept the Plan because they are Unimpaired by the Plan, or presumed to reject the Plan because they are not receiving any distributions under the Plan. For a vote to accept or reject the Plan to be counted, a Ballot must be completed and returned in accordance with the instructions provided on the Ballot so that it is **actually received** by Kroll Restructuring Administration LLC (the "Solicitation Agent") on or before ~~[•]~~August 16, **2024 at 4:00 p.m. prevailing Eastern Time**.

**PLEASE TAKE FURTHER NOTICE THAT the Plan proposes certain releases, exculpation and injunctions. The Plan proposes a permanent injunction against any person who has held, holds or may hold Claims, Interests or Causes of Action from commencing or continuing any action with respect to any Claim, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code. The Plan also provides that all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down ~~Estates~~Entities as of the Effective Date. For the specific terms and conditions of all the releases, exculpation and injunctions provided for in the Plan, please refer to the specific terms of the Plan, which can be obtained as described below.**

**PLEASE TAKE FURTHER NOTICE THAT** your legal rights ~~will~~may be affected if the Plan is approved.

**PLEASE TAKE FURTHER NOTICE THAT** if you hold a Claim or Interest against one or more of the Debtors as of the Voting Record Date and are entitled to opt out of the release contained in Section 10.5 of the Plan (the "Third-Party Release"), you should have received a Ballot or an Election Form, along with corresponding opt-out instructions. If you believe you are entitled to, and would like to, opt out of the Third-Party Release, and you have not already received an opt-out form, please contact the Debtors' Solicitation Agent, Kroll Restructuring Administration LLC, by (a) calling the Solicitation Agent at ~~[•]~~(888) 482-0049 (toll-free) or ~~+[•]~~+1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at

ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. For your opt-out election to be counted, you **must**: (a) follow the instructions in your Ballot or Election Form, (b) complete <u>all</u> the required information on the Ballot or Election Form, <u>and</u> (c) sign, date and return your completed Ballot or Election Form so that it is **actually received** by the Solicitation Agent according to and as set forth in detail in the instructions in your Ballot or Election Form on or before **[•]August 16, 2024, at 4:00 p.m. prevailing Eastern Time**.  A failure to follow such instructions may disqualify your vote or opt-out election.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to object to the confirmation of the Plan, you may do so by filing your objection no later than **[•]August 16, 2024 at [4]:00  p.m4:00  p.m. prevailing Eastern Time** (the "Confirmation Objection Deadline"). Any objection to the confirmation of the Plan must:  (~~i~~1) be in writing; (~~ii~~2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (~~iii~~3) set forth the name of the objector, the nature and amount of ~~the~~ Claims- or Interests held or asserted by the objector against the Debtors; (~~iv~~4) state the basis and the specific grounds therefor~~,~~ and (~~v~~5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than the Confirmation Objection Deadline.~~—~~ **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

~~————~~**PLEASE TAKE FURTHER NOTICE THAT** the Notice Parties for the purposes of serving an objection to the Plan are: (a) counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Brian D. Glueckstein (gluecksteinb@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com); (b) the Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov); (c) counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com), Erez Gilad (erezgilad@paulhastings.com) and Gabriel Sasson (gabesasson@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com); (d) counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com); ~~and~~ (e) counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath

(heath@rlf.com); and (f) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE THAT the Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than [•]August 9, 2024.

PLEASE TAKE FURTHER NOTICE THAT copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as all other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration, LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX. In addition, the Debtors will, at their expense, provide paper copies of the Plan, Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at [•](888) 482-0049 (toll-free) or +[•]+1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you as to whether you should contest your non-voting status or object to the Confirmationconfirmation of the Plan or on matters relating to the Plan.

Dated: [•], 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*

## **EXHIBIT 2G**

**Blackline of Plan Supplement Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF FILING OF PLAN SUPPLEMENT

       **PLEASE TAKE NOTICE** that on [•], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. •] (the "Solicitation Procedures Order").  Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"), voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan").[2]

       **PLEASE TAKE FURTHER NOTICE** that on the date hereof, the Debtors filed the Plan Supplement with the Court, which contains the following documents:

- **Exhibit [•]**

       **PLEASE TAKE FURTHER NOTICE** that any objection to confirmation of the Plan must:  (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor and (5) be filed with the Court, together with proof of service thereof, and

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://~~cases~~restructuring.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

served upon and received by each of the following parties (collectively, the "Notice Parties") no later than ~~[•]~~August 16, **2024 at** ~~[•]~~4:00 p.m. **prevailing Eastern Time**. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

### Notice Parties

(a) Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (~~dietdericha@sullcrom.com~~dietdericha@sullcrom.com), Brian D. Glueckstein (~~gluecksteinb@sullcrom.com~~gluecksteinb@sullcrom.com) and Alexa J. Kranzley (~~kranzleya@sullcrom.com~~kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (~~landis@lrclaw.com~~landis@lrclaw.com) and Kimberly A. Brown (~~brown@lrclaw.com~~brown@lrclaw.com);

(b) The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (~~linda.richenderfer@usdoj.gov~~linda.richenderfer@usdoj.gov);

(c) Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (~~krishansen@paulhastings.com), Erez Gilad (erezgilad@paulhastings.com) and Gabriel Sasson (gabesasson@paulhastings.com)~~krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (~~mlunn@ycst.com~~mlunn@ycst.com) and Robert F. Poppiti, Jr. (~~rpoppiti@yest.com~~rpoppiti@ycst.com);

(d) Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (~~erinbroderick@eversheds-sutherland.com~~erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (~~mharvey@morrisnichols.com~~mharvey@morrisnichols.com); ~~and~~

(e) Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801,

Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com); and

(f) (e) To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that the Court has set **[•], 2024 at [•] prevailing Eastern Time** as the date and time for the hearing on the Confirmation of the Plan (the "Confirmation Hearing") and to consider any objections to confirmation of the Plan. The Confirmation Hearing will be held before the Honorable John T. Dorsey, United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on such parties as the Court may order. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, prior to, during or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration, LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX. In addition, the Debtors will, at their expense, provide paper copies of the Plan, Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at [•](888) 482-0049 (toll-free) or +[•]+1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you as to whether you should contest your non-voting status or object to the confirmation of the Plan or on matters relating to the Plan.

Dated: [•], 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        mcguire@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

**<u>Exhibit 1</u>**

**[●]**