# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date: July 17, 2024 @ 1:00 p.m. (ET)<br>Obj. Deadline: June 24, 2024 @ 5:00 p.m. (ET) |

## MOTION FOR (I) AUTHORITY TO CONDUCT ADDITIONAL INVESTIGATIONS AND (II) AN ORDER ESTABLISHING THE SCOPE, COST, DEGREE, AND DURATION OF THE SECOND PHASE OF THE EXAMINATION AND GRANTING RELATED RELIEF

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), files this motion (the "Motion") pursuant to sections 105 and 1104(c)(2) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") seeking entry of an order (i) granting the Examiner authority to conduct additional investigations as outlined in the *Report of Robert J. Cleary, Examiner*, ECF No. 15545 (defined below) and (ii) establishing the scope, cost, degree, and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

duration of these additional investigations and granting related relief, and respectfully states as follows:

## JURISDICTION, VENUE, AND STANDING

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference issued by the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases and other authority for the relief requested herein are sections 105 and 1104(c)(2) of the Bankruptcy Code and Local Rule 9018-1(d). In addition, paragraph 2 of the Examination Scope Order authorizes the Examiner to seek authorization to conduct additional investigations.

4. Pursuant to Local Rule 9013-1(f), the Examiner consents to this Court's entry of a final order in connection with this Motion to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5. On November 11 and 14, 2022, the Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 15, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Debtors' cases (the "Committee"). *See* ECF No. 231.

6. On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner*, ECF No. 176 (the "Examiner Motion").

7. On February 21, 2023, the Court entered the *Order Denying Motion for the Appointment of an Examiner*, ECF No. 746 (the "Examiner Order"). On March 6, 2023, the U.S. Trustee filed a notice of appeal of the Examiner Order, ECF No. 805, and on January 19, 2024, the United States Court of Appeals for the Third Circuit (the "Third Circuit") issued an opinion reversing the Examiner Order.

8. On February 23, 2024, the Court entered an order directing the U.S. Trustee to appoint an examiner in the Debtors' cases, ECF No. 7909.

9. On February 27, 2024, the U.S. Trustee filed the *Notice of Appointment of Examiner*, ECF No. 8047, and the *(I) Application of the United States Trustee for Order Approving the Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of an Order (A) Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 8048.

10. The Court held a hearing on March 20, 2024. On March 20, 2024, the Court entered the *Order Approving the Appointment of Examiner*, ECF No. 9882 (the "Appointment Order"), which approved Mr. Cleary's appointment as Examiner in these Chapter 11 Cases. On the Appointment Date, the Court also entered the Examination Scope Order which sets out the scope, cost, degree, and duration of the Examiner's initial investigation, ECF No. 9883.

11. Paragraph 2 of the Examination Scope Order required the Examiner to complete his Examination and file his report within 60 days (the "Report Deadline").[2] On May 20, 2024, the Examiner filed the *Report of Robert J. Cleary, Examiner*, ECF No. 15545 (the "Examiner Report") under seal pursuant to paragraph 8 of the Examination Scope Order and the Examiner's Motion to Amend Order, ECF No. 13627. On May 23, 2024, following entry of an Order Amending the Cost of the Examination and Permitting the Filing of Certain Information Regarding Potential Parties In Interest Under Seal (ECF No. 15538), the Examiner filed a fully unreacted version of the Examiner Report, ECF No. 15545.

## RELIEF REQUESTED

12. Through this Motion, the Examiner seeks entry of an order substantially in the form attached hereto as Exhibit A (i) granting the Examiner authority to conduct additional investigations as outlined in the Examiner Report; (ii) establishing the scope, cost, degree and duration of these additional investigations, and (iii) granting such other and further relief as deemed just and proper, including with respect to the initial filing under seal of a Phase II Report (as defined below).

13. Bankruptcy Code section 1104(c) authorizes the Court to order the Examiner to conduct an investigation of the Debtors "as is appropriate." The Third Circuit has made clear that this Court has broad discretion to determine the scope, duration, degree, and cost of this examination. *See In re FTX Trading Ltd.*, 91 F.4th 148, 156 (3d Cir. 2024).

14. Paragraph 2 of the Examination Scope Order states, "[i]n the event the Examiner recommends that additional investigations would be necessary or helpful to the Court or

---

[2] The Examination Scope Order was entered on March 20, 2024, and 60 days from March 20, 2024, was Sunday, May 19, 2024. As such, the Report Deadline was May 20, 2024. *See* Fed. R. Bankr. P. 9006(a)(1).

the Debtors' estates or that additional investigations would be in the public interest, the Examiner may seek authorization through the Examiner's report or by filing an application for authority to conduct such investigations (in either case on notice to parties in interest with an opportunity for parties in interest to be heard) setting out the proposed scope, duration, degree, and cost of, and rationale for, such additional investigations."

15. In the Examiner Report, the Examiner recommended that he be authorized to undertake additional investigations into three issues. (*See* Examiner Report, ECF No. 15545 at 41-45, 45-49, 176-183, 209).

16. The first recommendation concerns S&C's representation of Sam Bankman-Fried ("Bankman-Fried") in connection with his purchase of the Robinhood Shares. (*See* Examiner Report at pages 41 to 45). This inquiry would focus on (1) the scope and contours of that representation, and (2) based on that representation, what, if anything, S&C knew or should have known about the FTX Group's misconduct and/or fraud. Further investigation into this transaction would be important to help determine whether there was a potentially disqualifying conflict the Court should have been aware of when ruling on S&C's retention application. In addition, the investigation would discern more generally if, in connection with or as a consequence of this representation, S&C advised on, possessed or gained knowledge of, or had been made aware of critical facts relating to the FTX Group's misconduct.

17. The second recommendation concerns potential claims against the former shareholders of Ledger Holdings, Inc. ("LHI") that sold their interests prepetition to West Realm Shires Inc. ("WRS"), to the extent any claims were not released in the Debtors' Bankruptcy Court-approved postpetition sale of LHI to M 7 Holdings. (*See* Examiner Report at pages 45 to 49). This inquiry would (1) seek to determine whether an avoidance action(s) is warranted with

respect to unreleased shareholders, and (2) enable the Examiner to report on the underlying details of the prepetition sale of LHI to WRS, which report and findings would be in the public interest.

18. The third recommendation concerns the "holes" or balance sheet shortfalls at FTX.US. (*See* Examiner Report at pages 176 to 183). This inquiry would center on (1) the existence of and the reasons these holes arose at FTX.US, (2) whether the balance sheet holes were the result of commingling of customer or corporate assets, (3) the frequency and magnitude of the holes, and (4) how they were resolved and by whom. Further investigation of the existence, cause, and resolution of "holes," or balance sheet shortfalls, at FTX.US may identify additional misconduct or misuse of customer assets. Additionally, further investigation and reporting on FTX.US's insolvency could promote public confidence in the bankruptcy process by refuting Bankman-Fried's false claims that FTX.US was solvent as of the Petition Date. Given the significant public interest in issues related to FTX.US it is the Examiner's view that further inquiry by him into these issues is warranted.

19. The Examiner estimates the additional investigative work related to these issues would take approximately 10 weeks.

20. The Examiner estimates the cost of this proposed work, along with a Report to the Court summarizing the same (the "Phase II Report"), would not exceed $ 3,000,000.[3]

21. The Examiner proposes to file a Phase II Report initially under seal. The process for parties to file a sealing motion would align with that of the initial investigation.

---

[3] In the Examiner's Report, we initially estimated that these investigations would be completed at a cost not to exceed $2,400,000. However, upon further assessment of the steps necessary to conduct and complete these investigations thoroughly and accurately, we have adjusted this estimate.

Parties will be provided seven days to file a sealing motion, which the Court is authorized to approve pursuant to Local Rule 9018-1(d)(i).

22. Pursuant to the proposed process, the Examiner shall initially file the Phase II Report under seal on the deadline set by the Court ("Phase II Report Deadline"). At that time, unredacted copies will be provided or otherwise made available to the Debtors, the Committee, and the U.S. Trustee (the "Parties") and the Court. The Parties and the Examiner will then have seven days to discuss and finalize proposed redactions to the Phase II Report that are necessary to protect privileged information.

23. To the extent the Parties do not seek to redact any portion of the Examiner's Phase II Report, then the Examiner shall file a fully unredacted version of the Phase II Report so that it is publicly available on the docket on or before seven days from the Phase II Report Deadline. If the Parties do seek to redact portions of the Phase II Report, and no Party objects to the proposed privilege redactions, then on or before seven days from the Phase II Report Deadline, (i) the Examiner shall file the Phase II Report so that it is publicly available on the docket reflecting the agreed-upon redactions and (ii) the Parties shall file a sealing motion seeking approval of such redactions. If the Parties are unable to reach agreement on any proposed redactions by seven days from the Phase II Report Deadline, then seven days from the Phase II Report Deadline, (i) the Examiner shall file the Phase II Report so that it is publicly available on the docket reflecting agreed-upon redactions in addition to all disputed redactions and (ii) the Parties shall file a sealing motion or motions seeking Court approval of the agreed-upon redactions and Court resolution on the disputed redactions. The redactions shall remain under seal until the application is resolved. For the avoidance of doubt, the disclosure of the unredacted version of the Phase II Report to the Parties for purposes of identifying potential

privilege redactions shall neither constitute nor be deemed a waiver by any Party of, as applicable, work-product protection, attorney-client privilege, or any other applicable privilege or protection.

24. The proposed redactions shall be approved upon (i) the agreement of the Parties approved by Court order or (ii) a Court ruling, memorialized by a Court order as to what privileged material (if any) should be redacted from the Phase II Report. If the Court's order does not approve all of the redactions reflected in the Phase II Report filed seven days from the Phase II Report Deadline, then within three business days of entry of the Court's order, the Examiner shall file on the public docket a copy of the Phase II Report reflecting only the Court-approved redactions. The Examiner, the Debtors, and the Committee shall thereafter maintain the confidentiality of the unredacted version of the Phase II Report. The U.S. Trustee shall not disclose the redacted parts of the Phase II Report (if any) consistent with 11 U.S.C. §107(c).

## **NOTICE**

25. Notice of this Motion will be given to (a) the U.S. Trustee; (b) the Debtors; (c) the Committee; (d) the ad hoc committee of non-U.S. customers of FTX.com; (e) the joint provisional liquidators of FTX Digital Markets Ltd.; and (f) all parties that have filed requests for notices in these Chapter 11 Cases. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

## **PRIOR REQUEST**

26. This Motion seeks to grant the Examiner authority to conduct additional investigations. Other than as set forth in the Examiner Report, no request for the relief sought herein has been made by the Examiner to this or any other court.

WHEREFORE the Examiner respectfully requests entry of the proposed order attached hereto as <u>Exhibit A</u> (i) granting the Examiner authority to conduct additional investigations as outlined in the Examiner Report; (ii) establishing the scope, cost, degree and duration of these additional investigations, and (iii) granting such other and further relief as deemed just and proper.

Dated: June 10, 2024

Respectfully submitted,

**ASHBY & GEDDES, P.A.**

By:    */s/ Michael D. DeBaecke*

Michael D. DeBaecke (Bar No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Tel: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

*-and-*

**PATTERSON BELKNAP WEBB & TYLER LLP**

Daniel A. Lowenthal (admitted *pro hac vice*)
Kimberly A. Black (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
Email: kblack@pbwt.com

*Counsel to Robert J. Cleary in his capacity as Examiner appointed in the Chapter 11 Cases*