IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. Nos. 15654, 16771 & 16801 |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING (I) THE REPAYMENT OF INTERCOMPANY PAYABLES BY FTX JAPAN AND (II) THE RELEASE OF THE CLAIMS RELATED TO THE INTERCOMPANY PAYABLES**

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this reply (the "Reply") in support of the *Debtors' Motion for Entry of an Order Authorizing and Approving (I) the Repayment of Intercompany Payables by FTX Japan and (II) the Release of the Claims Related to the Intercompany Payables* [D.I. 15654] (the "Motion")[2] and in response to (i) the objection by Koji Takido filed on June 4, 2024 [D.I. 16771] (the "Takido Objection") and (ii) the objection by Takuya Nagasaka filed on June 5, 2024 [D.I. 16801] (the "Nagasaka Objection" and together with the Takido Objection, the "Objections"). In support of the Reply and the Motion, the Debtors rely upon the Initial Coverick Declaration[3] and the *Supplemental Declaration of Steven P. Coverick in*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] The term "Initial Coverick Declaration" refers to that certain *Declaration of Steven P. Coverick in Support of Motion of Debtors for Entry of an Order Authorizing and Approving (I) the Repayment of Intercompany Payables by FTX Japan and (II) the Release of the Claims Related to the Intercompany Payable* attached as Exhibit B to the Motion.

*Support of Debtors' Reply in Support of Debtors' Motion for Entry of an Order Authorizing and Approving (I) the Repayment of Intercompany Payables by FTX Japan and (II) the Release of the Claims Related to the Intercompany Payable* (the "<u>Coverick Declaration</u>"), filed contemporaneously herewith. The Debtors submit that the Objections should be overruled and the Motion should be granted.

<u>Reply</u>

**I.       FTX Japan Is Solvent and Holds Segregated Customer Assets in Respect of its Customer Liabilities.**

1. As detailed in the Motion and as evidenced by the Initial Coverick Declaration, FTX Japan K.K. ("<u>FTX Japan</u>") is solvent and liquid, and following the repayment of the Intercompany Payables, FTX Japan is expected to have cash and cash equivalents of approximately $33.5 million in excess of its liabilities. *See* Mot. ¶ 14; Initial Coverick Decl. ¶¶ 6-11. Accordingly, contrary to the objectors' assertions, FTX Japan will have sufficient funds after repayment of the Intercompany Payables to satisfy its liabilities, including any disputed claims asserted in ongoing financial ADR proceedings against FTX Japan that are upheld.

2. Also as explained in the Motion, since early 2023, all customers of FTX Japan have been able to withdraw all of their segregated crypto and fiat assets. From February 21, 2023 to April 8, 2024, FTX Japan customers have withdrawn a total of JPY 56 billion in segregated assets and assets remain to satisfy the remainder. *See* Mot. ¶ 8; Initial Coverick Decl. ¶ 6.

**II.     Mr. Takido's Pending Claim Against FTX Japan in the Chapter 11 Proceedings and Pending ADR Proceeding Commenced in Japan (in Violation of the Automatic Stay) Are Not Prejudiced by the Motion.**

3. According to the Debtors' books and records, Mr. Takido holds a claim against Debtor FTX Trading relating to his Blockfolio account of approximately $104,000 and a

claim against FTX Japan of approximately $26.[4]  On February 28, 2024, Mr. Takido filed a proof of claim (Proof of Claim No. 92763) against FTX Trading for approximately $104,000[5] and three proofs of claim (Proof of Claim Nos. 48849, 58518 and 69090) against FTX Japan,[6] each for approximately $443, $443 and $26, respectively.  *See* Coverick Decl. ¶ 4.

4. The Takido Objection "request[s] that the Court deny the Debtors' motion until the completion and resolution of the financial [Alternative Dispute Resolution ("ADR")] process in Japan and the confirmation of customer claims."  Takido Obj. at 1.  The Takido Objection argues that "customer liabilities that are yet to be confirmed should take precedence to ensure fair treatment and resolution of [the customers'] claims."  *Id.*

5. As alluded to in the Takido Objection and consistent with information available to the Debtors, Mr. Takido, in violation of the Chapter 11 automatic stay, commenced a non-binding mediation proceeding against FTX Japan in Japan seeking the return of BTC attributable to Mr. Takido's Blockfolio account, plus interest, compensation and attorney's fees, in a total amount of approximately $435,000.[7]  *See* Coverick Decl. ¶ 5.  The Debtors dispute Mr. Takido's claim against FTX Japan.  Rather, the Debtors' books and records evidence that Mr. Takido has a claim of $26 against FTX Japan as of June 7, 2024.  *See* Coverick Decl. ¶ 6.

6. Regardless of the merit of Mr. Takido's claim, FTX Japan holds segregated customer assets in respect of its customer liabilities, and will maintain more than adequate liquidity—approximately $33.5 million—following repayment of the Intercompany Payables.

---

[4] Mr. Takido held a scheduled claim of $443.  On November 12, 2022, $418 was withdrawn by Mr. Takido, resulting in a $26 (due to rounding) remaining claim.

[5] Claim valued using pricing set forth in the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] (applies throughout for claims against FTX Trading unless otherwise noted).

[6] Non-whitelisted tokens valued at zero for claims filed against FTX Japan included (immaterial impact to claim value).  FTX Japan claims based on estimated petition date value (applies throughout unless otherwise noted).

[7] As of April 30, 2024, based on pricing of claimed positions and JPY/USD exchange rate.

Therefore, even if Mr. Takido is ultimately successful in establishing the validity of his claim against FTX Japan, FTX Japan would have more than sufficient assets to satisfy such claim. Accordingly, Mr. Takido is not prejudiced by the relief requested in the Motion and his objection should be overruled and the Motion granted.

**III.    Mr. Nagasaka's Pending Claim Against FTX Japan in the Chapter 11 Proceedings and Pending ADR Proceeding Commenced in Japan (in Violation of the Automatic Stay) Are Not Prejudiced by the Motion.**

7.    According to the Debtors' books and records, Mr. Nagasaka has a claim against Debtor FTX Trading relating to his Blockfolio account of approximately $49,000 and another claim against FTX Trading of approximately $1.  On September 17, 2023, Mr. Nagasaka filed two proofs of claim, (Proof of Claim No. 53449) for approximately $49,000 and (Proof of Claim No. 53486) for approximately $1 against FTX Japan.  *See* Coverick Decl. ¶ 7.

8.    According to the information available to the Debtors, Mr. Nagasaka, in violation of the Chapter 11 automatic stay, commenced a non-binding mediation proceeding against FTX Japan in Japan seeking the return of BTC attributable to Mr. Nagasaka's Blockfolio account in a total amount of approximately $177,000,[8] and the return of $1 attributable to Mr. Nagasaka's FTX Trading account.  *See* Coverick Decl. ¶ 8.  The Debtors dispute Mr. Nagasaka's claim against FTX Japan as the Debtors' books and records do not evidence any claim of Mr. Nagasaka against FTX Japan.  *See* Coverick Decl. ¶ 9

9.    According to the Debtors' books and records, Mr. Nagasaka was a customer of FTX Trading, and never completed the required KYC process for migration of his FTX Trading account (and related assets) to FTX Japan.  *See* Coverick Decl. ¶ 9.  In fact, in the Nagasaka Objection, Mr. Nagasaka concedes that he (1) was duly notified of the need to complete the

---

[8]    As of April 30, 2024, based on pricing of claimed positions and BTC/USD exchange rate.

4

required KYC process in order to migrate his account from FTX Trading to FTX Japan and (2) nevertheless failed to complete the required KYC onboarding process. Nagasaka Obj. at 18.

10. Regardless, whether Mr. Nagasaka's account was transferred to FTX Japan has no bearing on the Motion and the repayment of the Intercompany Payables. For the reasons stated above, following repayment of the Intercompany Payables, FTX Japan will have more than sufficient assets—approximately $33.5 million—to satisfy Mr. Nagasaka's claim if he is ultimately successful. Accordingly, Mr. Nagsaka is not prejudiced by the relief requested in the Motion and his objection should be overruled and the Motion granted.

### IV. Other Claims Against FTX Japan

11. In addition to the claims against FTX Japan set forth in the Objections, as of the date hereof, the Debtors have been informed of claims brought against FTX Japan (either in the form of non-binding mediation requests or Japanese legal proceedings) by 13 individuals purporting to be customers of FTX Japan. The Debtors' books and records indicate that no such claims are liabilities of FTX Japan. The total value of such claims brought by purported customers of FTX Japan is $5.8 million.[9] *See* Coverick Decl. ¶ 10. As a result, even if *all* such claims were ultimately determined to be validly attributable to FTX Japan, FTX Japan would have more than sufficient assets to satisfy such claims.

### Conclusion

For the reasons stated above, the Court should overrule the Objections, grant the Motion and enter the Order.

---

[9] As of April 30, 2024, based on pricing of claimed positions and JPY/USD exchange rate.

| | |
|---|---|
| Dated: June 10, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>          mcguire@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |