# EXHIBIT B

**Esposito Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ROB ESPOSITO IN SUPPORT OF**
**DEBTOR'S FIFTY-FIRST (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN**
**<u>DUPLICATE CLAIMS (CUSTOMER CLAIMS)</u>**

I, Rob Esposito, hereby declare under penalty of perjury:

1. I am a Senior Director at Alvarez & Marsal North America, LLC ("<u>A&M</u>"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operation restructuring.

2. I have more than 15 years of restructuring experience across various industries, including broadcasting, oil & gas, manufacturing, pharma, transportation, automotive, retail, telecommunications, and healthcare.

3. Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Alpha Natural Resources, Sandridge Energy, Westmoreland Coal, Endo

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

International, Cumulus Media, Coach America, Cooper-Standard Automotive, Ascena Retail and Exide Technologies.

4. I submit this declaration (the "Declaration") in support of the *Debtors' Fifty-First (Substantive) Omnibus Objection to Certain Duplicate Claims (Customer Claims)* (the "Objection").[2] I am not being compensated separately for this testimony other than through payments received by A&M as financial advisor retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors").

5. Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the Debtors' management, the Debtors' and other Debtor professionals, including the A&M team, involved in advising the Debtors in the above-captioned case (the "Chapter 11 Case"). If called upon to testify, I could and would testify to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the Debtors.

6. The Duplicate Claims subject to the Objection were reviewed and analyzed in good faith using due diligence by appropriate personnel of the Debtors, A&M, and the Claims Agent. Indeed, the Debtors and their advisors have spent months reviewing and analyzing proofs of claim and any supporting documentation filed against the Debtors. These efforts resulted in, among other things, identifying the Duplicate Claims set forth in Schedule 1 to Exhibit A of the Objection.

7. Based on the Debtors' and their advisors' ongoing analysis and review, the Debtors and their advisors have determined that certain claimants submitted two distinct, but

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

essentially identical, claims. The Duplicate Claims involve (1) circumstances where the original claimant filed a subsequent proof of claim on account of the same liability after the earlier proof of claim was transferred; and (2) circumstances where the earlier proof of claim was modified or pending to be modified but the claimant filed another subsequent proof of claim. Based on this review, each of the Duplicate Claims listed in Schedule 1 includes details indicating that it is based on the same underlying claim as its corresponding Surviving Claim. Therefore, I believe that the Duplicate Claims should be disallowed and expunged in their entirety, and only the Surviving Claims should survive.

8. If the Duplicate Claims are not disallowed, the corresponding claimants may receive double recovery from the Debtors' estates on account of both the Duplicate Claims and the Surviving Claims. Further, I believe the administration of these claims would be more efficient and fair to all parties if the Debtors have the ability to expunge and disallow the Duplicate Claims in their entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 14, 2024         /s/ Rob Esposito
                             Rob Esposito
                             Alvarez & Marsal North America, LLC
                             Senior Director