## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: September 12, 2024 at 1:00 PM ET**<br>**Objection Deadline: July 5, 2024 at 4:00 PM ET** |

## SIXTH INTERIM FEE APPLICATION OF QUINN EMANUEL URQUHART & SULLIVAN, LLP

| **Name of Applicant** | **Quinn Emanuel Urquhart & Sullivan, LLP** |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | January 20, 2023 *nunc pro tunc* to November 13, 2022 |
| Period for which compensation and reimbursement is sought: | February 1, 2024 through April 30, 2024 |
| Amount of interim fees to be approved as actual, reasonable and necessary: | $4,607,885.47 |
| Amount of interim expenses sought as actual, reasonable and necessary: | $15,892.98 |
| Total compensation paid to date: | $40,393,848.73 ($2,687,621.94 on account of Sixth Interim Fee Period) |
| Total expenses paid to date: | $66,650.65 ($7,004.71 on account of Sixth Interim Fee Period) |
| Blended rate in this Application for all attorneys: | $1,140.42 |

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

| Blended rate in this Application for all timekeepers: | $1,133.83 |
| Number of professionals included in this Application: | 63 |
| Number of professionals not included in staffing plan: | 5 |
| If applicable, difference between fees budgeted and compensation sought for this period: | $2,792,114.53 |
| Number of attorneys billing fewer than 15 hours to this Application during this period: | 18 |
| Any rates higher than those approved or disclosed at retention? | Yes. *See* Application ¶ 11. |

This is a(n) _____ monthly ___x___ interim _____ final application

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: September 12, 2024 at 1:00 PM ET**<br>**Objection Deadline: July 5, 2024 at 4:00 PM ET** |

### SIXTH INTERIM FEE APPLICATION OF QUINN EMANUEL URQUHART & SULLIVAN, LLP

Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), special counsel to FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submits this *Sixth Interim Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP* (the "Application") for allowance of compensation for professional services rendered and reimbursement of expenses incurred for the period from February 1, 2024 through and including April 30, 2024 (the "Application Period"). In support of the Application, Quinn Emanuel respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**Background**

1.      On November 11 and November 14, 2022,[2] the Debtors filed voluntary chapter 11 petitions for relief.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.   Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to Bankruptcy Code section 1102 [D.I. 231].

2.      On January 20, 2023, the Court entered the *Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel for the Debtors and Debtors in Possession,* Nunc Pro Tunc *to November 13, 2022* [D.I. 548], authorizing the retention and employment of Quinn Emanuel as the Debtors' special counsel, *nunc pro tunc* to November 13, 2022.

3.      On January 9, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435] (the "Interim Compensation Order").

4.      On March 8, 2023, the Court entered the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] appointing Katherine Stadler (the "Fee Examiner") to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

---

[2]    November 11, 2022 is the petition date for all Debtors, except for Debtor West Realm Shires Inc.

**Jurisdiction**

5.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

6.      By this Application and in accordance with the Interim Compensation Order, Quinn Emanuel seeks interim approval and allowance of its compensation for professional services rendered and reimbursement of expenses incurred for the Application Period (the "Period Compensation"), including authorization for the Debtors to pay the 20% holdback of fees as provided under the Interim Compensation Order (the "Holdback").  Quinn Emanuel has filed and served monthly fee statements covering the Application Period (collectively, the "Monthly Fee Statements").  Each of the Monthly Fee Statements is incorporated by reference as if fully set forth herein.  For the avoidance of doubt, by this Application, Quinn Emanuel is seeking only allowance of the Period Compensation previously set forth in the Monthly Fee Statements and payment of the Holdback.  Other than the Holdback, Quinn Emanuel is not requesting additional fees or expense reimbursement above the Period Compensation.

7.      As the Debtors' special counsel, Quinn Emanuel has not been providing routine chapter 11 services.  Rather, it has been tasked with specialized, complex litigation and

investigatory roles, including investigating, analyzing, and prosecuting significant claims for the benefit of the estates. Quinn Emanuel thus has been required to utilize some of its most experienced attorneys to provide the highest quality representation for the Debtors and to respond to various urgent needs to protect and maximize the value of the estates. Quinn Emanuel has and will continue to minimize duplication with the Debtors' other counsel.

8.    In accordance with the United States Trustee's *Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), this Application is supported by the following exhibits:

- **Exhibit A**: a summary of compensation by each professional of Quinn Emanuel that worked on the Chapter 11 Cases;

- **Exhibit B**: a summary of compensation by project category;

- **Exhibit C**: an expense summary;

- **Exhibit D**: Quinn Emanuel's customary and comparable compensation disclosures;

- **Exhibit E**: the estimated budget and staffing plan for Quinn Emanuel for the Application Period; and

- **Exhibit F**: the Certification of Sascha N. Rand in support of the Application.

## Compensation Requested

9.    Quinn Emanuel seeks interim allowance of fees in the amount of $4,607,885.47 for services rendered during the Application Period and reimbursement of expenses in the amount of $15,892.98, which were incurred during the Application Period. In addition, Quinn Emanuel requests that the Debtors be authorized to pay the $921,577.09 in fees representing the twenty percent (20%) Holdback of fees.

10.     The services performed by Quinn Emanuel during the Application Period included, among others, asset analysis and recovery, avoidance action analysis, bankruptcy litigation, advising board of directors and corporate governance, investigations, and general case administration.

11.     The rates set forth in Exhibit A are Quinn Emanuel's normal hourly rates of compensation for work of this character, discounted by 10%. As set forth in Quinn Emanuel's Fourth Interim Fee Application [D.I. 4850], Quinn Emanuel's hourly rates increased as of September 1, 2023, to the following:

| Partners | $1,354.50 – $2,025.00 |
| Associates & Of Counsel | $792.00 – $1,413.00 |
| Paraprofessionals | $463.50 – $643.50 |

## Notice

12.     Notice of this Application has been provided to: (a) the U.S. Trustee; (b) the Committee; (c) the Fee Examiner; and (d) all other parties required to be given notice in the Interim Compensation Order. Quinn Emanuel submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, Quinn Emanuel respectfully requests that the Court (i) approve the Application and (ii) grant such further relief as is just and proper.


Dated: New York, New York
        June 14, 2024


                              /s/ Sascha N. Rand
                              Sascha N. Rand
                              Partner, Quinn Emanuel Urquhart & Sullivan, LLP

-5-