**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>FTX TRADING, LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**September 12, 2024, at 1:00 p.m. (ET)**<br>**Objection Deadline:**<br>**July 5, 2024, at 4:00 p.m. (ET)** |

**SUMMARY OF THIRD INTERIM FEE APPLICATION OF EVERSHEDS SUTHERLAND (US) LLP, AS LEAD COUNSEL FOR THE AD HOC COMMITTEE OF NON-US CUSTOMERS OF FTX.COM, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM
FEBRUARY 1, 2024, THROUGH APRIL 30, 2024**

| | |
|---|---|
| Name of Applicant: | Eversheds Sutherland (US) LLP ("Eversheds Sutherland") |
| Authorized to Provide Professional Services to: | Ad Hoc Committee of Non-US Customers of FTX.com ("Ad Hoc Committee") |
| Date of Retention: | December 2, 2022 |
| Period for Which Compensation and Reimbursement is Sought: | February 1, 2024, through April 30, 2024 |
| Amount of interim fees to be approved as reasonable and necessary: | $1,370,631.50 |
| Amount of interim expenses sought as actual, reasonable and necessary: | $29,013.39 |
| Blended rate in this Application for all professionals | $962 |
| Total compensation paid for interim period: | $1,399,644.89 |
| Total expenses paid for interim period: | $29,013.39 |
| Number of professionals included in this Application | 13 |

This is a(n):    __ monthly  X interim  __final application.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the debtors' claims and noticing agent's website at https://cases.ra.kroll.com/FTX.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FTX TRADING, LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**September 12, 2024, at 1:00 p.m. (ET)**<br>**Objection Deadline:**<br>**July 5, 2024, at 4:00 p.m. (ET)** |

**THIRD INTERIM FEE APPLICATION OF EVERSHEDS SUTHERLAND (US) LLP, AS LEAD COUNSEL FOR THE AD HOC COMMITTEE OF NON-US CUSTOMERS OF FTX.COM, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2024, THROUGH APRIL 30, 2024**

Eversheds Sutherland (US) LLP ("Eversheds Sutherland"), as lead Counsel for the Ad Hoc Committee of Non-Us Customers of FTX.com hereby submits this *Third Interim Fee Application of Eversheds Sutherland (US) LLP,* as lead Counsel for the Ad Hoc Committee of Non-US Customers of FTX.com (the "Application") for allowance of compensation for professional services rendered and reimbursement of expenses incurred for the period from February 1, 2024, through April 30, 2024 (the "Application Period"). In support of the Application, Eversheds Sutherland states as follows:

**Background**

1. On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the debtors' claims and noticing agent's website at https://cases.ra.kroll.com/FTX.

Chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended or modified, the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].

2. The Ad Hoc Committee was formed on December 2, 2022, by a group of non-US customers who held accounts on the FTX.com platform. The Ad Hoc Committee is growing and currently comprises over 70 members holding approximately $4.2 billion in aggregate customer entitlements against the Debtors.

3. On December 2, 2022 and December 4, 2022, respectively, the Ad Hoc Committee engaged Eversheds Sutherland and Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols," and together with Eversheds Sutherland, "Counsel") in connection with these Chapter 11 Cases. Each member of the Ad Hoc Committee has consented to Counsel's representation of the Ad Hoc Committee in these Chapter 11 Cases.

4. On January 9, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 435] (the "Interim Compensation Order").

5. On March 8, 2023, the Court entered the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] appointing Katherine Stadler (the "Fee Examiner") to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

6. Given the indispensable role of the Ad Hoc Committee in advancing joint efforts towards a consensual plan, on October 24, 2023, the Debtors entered into an amended and restated reimbursement agreement (the "Counsel Reimbursement Agreement") with Eversheds Sutherland and Morris Nichols, which amends and restates the reimbursement agreement dated as of August 23, 2023. The Counsel Reimbursement Agreement recognizes the "critical roles" that the Ad Hoc Committee "has played, and will continue to play" in these Chapter 11 Cases. Decl. of John Ray ¶ 9 [D.I. 3700]. As the Debtors articulated during the November 15, 2023 hearing on the *Amended Motion of Debtors to Enter Into, and Perform Their Obligations Under, the Reimbursement Agreements* [D.I. 3373] (the "Amended Motion"), the Debtors believe the Ad Hoc Committee "is well situated to negotiate settlements of the customer related issues with the debtors on behalf of a critical mass of customers who can support the relief that results." Tr. of Nov. 15, 2023 Hr'g at 14. Further, the Debtors "have received substantial benefits from the Ad Hoc Committee's support and cooperation to date and that cooperation and constructive participation in these cases is important as the plan process moves forward," particularly because of the possibility of "divergence of interest between the FTX.com customers and general unsecured creditors whose collective interests are represented by the UCC." *Id.* at 16. In granting the Amended Motion, the Court concluded that having the Ad Hoc Committee "act through counsel to help steer this process to a plan of reorganization" is "beneficial to the estate as a whole." *Id.* at 58.

7. Pursuant to the Counsel Reimbursement Agreement, the Debtors agreed to pay Counsel in the aggregate for both Eversheds Sutherland and Morris Nichols per month in reasonable and documented fees no more than (i) $250,000 from May 1, 2023, through July 31, 2023, (ii) $500,000 from August 1, 2023, through August 31, 2023, (iii) $750,000 from September 1, 2023, through October 31, 2023, and (iv) $650,000 from November 1, 2023, through the

effectiveness of the Plan. The Counsel Reimbursement Agreement further provides that any unused portion of any monthly fee cap ("Monthly Fee Cap") for any month shall be carried over on a rolling monthly basis, and any amounts incurred over the Monthly Fee Cap in a given month may be applied to later periods for reimbursement. In addition, the Counsel Reimbursement Agreement provides that the Debtors shall reimburse Counsel for all reasonable out-of-pocket expenses (at cost) from May 1, 2023, through the termination of the Counsel Reimbursement Agreement. Eversheds Sutherland shall have the sole discretion to allocate fees and expenses between Eversheds Sutherland and Morris Nichols such that the monthly fees payable by the Debtors does not exceed any Monthly Fee Cap.

8. The scope of the fees and expenses covered by the Counsel Reimbursement Agreement (the "Scope") includes reasonable fees and expenses incurred by Counsel in connection with the following:

   a. The representation of the Ad Hoc Committee in furtherance of the diligence, negotiation, prosecution, documentation and implementation of a chapter 11 plan of the Debtors;

   b. Review and analysis of items of interest in the Chapter 11 Cases that impact the construction and outcomes under the Plan;

   c. Acting as a consultation party where requested by the Debtors or ordered by the Court;

   d. The general administration of the Ad Hoc Committee; and

   e. Providing information and guidance to FTX.com customers who contact Counsel in connection with the Chapter 11 Cases.

9.  On December 15, 2023, Eversheds Sutherland filed its First Interim Fee Application for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses for the Period from May 1, 2023, through October 31, 2023.

10. On March 15, 2024, Eversheds Sutherland filed its Second Interim Fee Application for Allowance of Compensation and Reimbursement of All Actual and Necessary Expenses for the Period from November 1, 2023, through January 31, 2024.

## Jurisdiction

11. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

12. By this Application and in accordance with the Interim Compensation Order, Eversheds Sutherland seeks interim approval and allowance of its compensation for professional services rendered and reimbursement of expenses incurred for the Application Period (the "Period Compensation"), including authorization for the Debtors to pay the 20% holdback of fees as provided under the Interim Compensation Order (the "Holdback"). Eversheds Sutherland has filed contemporaneously herewith and served a combined monthly fee application covering the Application Period (the "Monthly Fee Application"). The Monthly Fee Application is

incorporated by reference as if fully set forth herein. For the avoidance of doubt, by this Application, Eversheds Sutherland is seeking only allowance of the Period Compensation set forth in the Monthly Fee Application and payment of the Holdback. Other than the Holdback, Eversheds Sutherland is not requesting additional fees or expense reimbursement above the Period Compensation.

13. In accordance with the United States Trustee's *Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), this Application is supported by the following exhibits:

- **Exhibit A**: A summary of compensation by each professional of Eversheds Sutherland that worked on the Chapter 11 Cases;

- **Exhibit B**: A summary of compensation by project category;

- **Exhibit C**: An expense summary;

- **Exhibit D**: Eversheds Sutherland's customary and comparable compensation disclosures;

- **Exhibit E**: The estimated budget and staffing plan for Eversheds Sutherland for the Application Period; and

- **Exhibit F**: The Certification of Sarah E. Paul in support of the Application.

### Compensation Requested

14. Eversheds Sutherland seeks interim allowance of fees in the amount of $1,370,631.50 for services rendered during the Application Period and reimbursement of expenses in the amount of $29,013.39, which were incurred during the Application Period.

15. Eversheds Sutherland further represents that the total amount of fees it is requesting for services rendered during the Application Period do not exceed the Monthly Fee Cap for Eversheds Sutherland and Morris Nichols in the aggregate, taking into account the ability to carry over unused portions of the Monthly Fee Cap on a rolling basis, as per the terms of the Counsel Reimbursement Agreement.

16. Eversheds Sutherland has worked diligently in these complex Chapter 11 Cases to advance the Ad Hoc Committee's purpose, which is:

> [T]o, in a cost-efficient and timely manner, maximize recoveries on the claims of members against FTX Trading Ltd. and its affiliated Debtors (collectively, the "Customer Claims") on account of the assets members deposited, held, received, or acquired on the FTX.com platform (collectively, the "Customer Assets"), leveraging, where beneficial, the position that the Debtors have no equitable interest in the Customer Assets and/or that constructive trust theories require priority of distribution on the Customer Claims. Membership is open to all creditors with Customer Claims that are aligned with the Ad Hoc Committee's purpose.

17. Specifically, Eversheds Sutherland's work during the Fee Period included, without limitation, the following:

- Playing a significant role in working with the Debtors and the Official Committee of Unsecured Creditors (the "Official Committee") on an amended plan, focusing on key issues such as the form and method of distribution, the valuation/estimation of digital assets, the KYC process and claims allowance process generally, and limitations on U.S. withholding tax liability;

- Advocating on behalf of the Ad Hoc Committee with regard to waterfall mechanics and vehicles such as post-petition interest, the subordination of certain claims of government agencies, and the remission and turnover of seized assets, with the goal of ensuring that FTX.com customers share in the possible upside in estate value;

- Successfully helping to negotiate an amended plan that is currently expected to result in well over 100% recovery to FTX.com customers;

- Raising and helping the Debtors to resolve widespread issues experienced by FTX.com customers related to the transfer of their claims and filing of notices of transfer;

- Providing a forum open to diverse FTX.com customers for their voices to be heard and their questions and concerns to be addressed by chapter 11 professionals whom many customers would not otherwise have access to; and

- Educating FTX.com customers and taking their informed perspectives into account in formulating and advancing positions in these Chapter 11 Cases.

18. All of Eversheds Sutherland's work during the Fee Period, including the work described above, falls within the Scope of the fees and expenses covered by the Counsel Reimbursement Agreement. For instance, a large portion of the work performed falls within the project category "B320 Plan and Disclosures Statement (including Business Plan)," which includes time spent on plan research, plan analysis, plan negotiations, plan discussions, and preference analysis. Another large portion of the work performed falls within the project category "B113 Case Analysis/Pleading Review," which includes time spent fulfilling the Ad Hoc Committee's role as a consultation party in the case. Other significant portions of the work performed fall within the project categories "B112 General Creditor Inquiries" and "B270 AHC Member Communications & Meetings," and "B310 KYC Process and Claims Administration." These categories, respectively, include time spent facilitating communications with prospective members and third-party FTX.com customers as part of the larger outreach to FTX.com customers, as well as the onboarding of new Ad Hoc Committee members; time spent communicating and meeting with current Ad Hoc Committee members; and time spent addressing customer KYC and

8

claims processes broadly and in consultation with the Debtors, working cooperatively to streamline and address global issues with the processes. These tasks, among others, fall within the Scope of the Counsel Reimbursement Agreement.

## **Notice**

19. Notice of this Application has been given to the following parties or, in lieu of, to their counsel, if known: (a) the U.S. Trustee, (b) the Debtors, (c) the Official Committee, (d) the Fee Examiner, and (e) all parties required to be given notice under the Interim Compensation Order. Eversheds Sutherland submits that no other or further notice is necessary.

**WHEREFORE,** Eversheds Sutherland respectfully requests that the Court approve the Application and grant Eversheds Sutherland such other and further relief as the Court deems just and proper.

Dated: June 14, 2024
      New York, New York

*/s/ Sarah Paul*
**EVERSHEDS SUTHERLAND (US) LLP**
Erin E. Broderick
Michael A. Rogers
227 West Monroe Street, Suite 6000
Chicago, Illinois 60606
Telephone: (312) 724-9006
Facsimile: (312) 724-9322
erinbroderick@eversheds-sutherland.com
michaelrogers@eversheds-sutherland.com

-and-

Nathaniel T. DeLoatch
999 Peachtree St NE
Atlanta, GA 30309
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
nathanieldeloatch@eversheds-sutherland.com

-and-

Sarah E. Paul
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
sarahpaul@eversheds-sutherland.com

*Counsel for Ad Hoc Committee of Non-US Customers of FTX.com*