IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>FTX Trading Ltd., et al.,<br>*Debtors*.[1] | Chapter 11<br>Case No. 22-11068-JTD<br>(Jointly Administered)<br><br>Objection Deadline:<br>June 18, 2024 at 4:00 p.m. (ET)<br><br>Hearing Date:<br>June 25, 2024 at 10:00 a.m. (ET) |

**MEDIA INTERVENORS' OBJECTIONS TO THE CELSIUS ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER FOR AUTHORITY TO FILE UNDER SEAL THE TRANSFER SCHEDULES CONTAINING CONFIDENTIAL INFORMATION**

Media Intervenors Bloomberg L.P., Dow Jones & Company, Inc., The New York Times Company, and The Financial Times Ltd (together "Media Intervenors"), hereby object to the motion of Mosin Meghi, as Litigation Administrator for Celsius Network LLC and its affiliated debtors (collectively, "Celsius"), to file "Transfer Schedules" under seal. D.I. 17182.

**BACKGROUND**

1. As set forth in Media Intervenors' prior filings, *see, e.g.*, D.I. 196, D.I. 1226; D.I. 1406, they originally intervened in this matter to oppose the redaction of the names of Debtors' creditors, including creditors who were customers or users of Debtors' cryptocurrency exchanges, in court filings. On December 19, 2022, the Court granted Media Intervenors' motion to intervene. D.I. 255. Media Intervenors have appealed orders authorizing the redaction of the names of Debtors' creditors; that appeal is pending in the U.S. District Court for the District of Delaware. *See*

---

[1] FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

*Bloomberg L.P., et al. v. FTX Trading Ltd., et al.*, Civil Action No. 23-682-CFC (D. Del.).

2. On June 10, 2024, Celsius moved the Court for authorization to file "Transfer Schedules" under seal in this matter. D.I. 17182 (the "Motion").

3. According to Celsius's Motion, the "Transfer Schedules" include "the full names of customers" of Celsius and/or Debtors. *See id.* ¶11.

## ARGUMENT

4. For the reasons set forth in their prior filings, which are expressly incorporated by reference herein, Media Intervenors object to Celsius's request to seal the names of customers. *See* D.I. 196; D.I. 1226; D.I. 1406. Media Intervenors object to the sealing or redaction of the names of customers of Debtors' and/or Celsius' exchanges from filings in these proceedings, regardless whether any named individual or entity is a customer of one or both platforms.

5. There is no reason for Celsius's customers names to be filed under seal in these proceedings. As Media Intervenors previously have noted, the Bankruptcy Court for the Southern District of New York previously determined that the names of Celsius's creditors who were also its customers were required to be made public in filings in Celsius's own bankruptcy proceedings, and said names were in fact made public. *See In re Celsius Network LLC*, 644 B.R. 276, 292 (Bankr. S.D.N.Y. 2022) ("The Court concludes that the Debtors' evidentiary showing is insufficient to justify the wholesale sealing of creditors identities.").

6. In any event, it is Celsius's burden to justify the sealing of any and all information it seeks to restrict public access to; it has failed to meet that burden here. The proponent of sealing any judicial record, in whole or in part, bears a "heavy burden" to show that "'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir.

1994) (quoting *Publicker Indus., Inc.*, 733 F.2d at 1071).  Conclusory statements that harm will arise from the disclosure of presumptively public information is insufficient.  *See, e.g.*, *In re Itel Corp.*, 17 B.R. 942, 943–44 (Bankr. 9th Cir. 1982); *In re Purdue Pharma L.P.*, 632 B.R. at 40 (explaining that a "request under § 107(b)(1) should be supported by specific evidence, not argument or conclusory statements in a declaration").  "That information might 'conceivably' or 'possibly' fall within a protected category is not sufficient to seal documents." *In re FiberMark, Inc.*, 330 B.R. 480, 506 (Bankr. D. Vt. 2005) (citation omitted).  Celsius has proffered no evidence, whatsoever, in support of its motion.  That motion should, therefore, be denied.

## CONCLUSION

For the foregoing reasons, Media Intervenors respectfully request that the Court deny Celsius's motion to file Transfer Schedules in these proceedings under seal.

Dated: June 18, 2024

Respectfully submitted,

/s/ William B. Larson, Jr.
William B. Larson, Jr.  (ID #5627)
John J. Klusman III (ID #7076)
MANNING GROSS + MASSENBURG LLP
1007 North Orange Street, Suite 711
Wilmington, DE 19801
(302) 657-2100
wlarson@mgmlaw.com
jklusman@mgmlaw.com

Katie Townsend (pro hac vice)
Adam A. Marshall (pro hac vice)
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
202.795.9300
ktownsend@rcfp.org
amarshall@rcfp.org

*Counsel for Media Intervenors*

**CERTIFICATE OF SERVICE**

I, William B. Larson, Jr., here by certify that on this 18th day of June, 2024, in accordance with Del. Bankr. Local Rule 9036-1(b), I caused the foregoing Media Intervenors' Objections to the Celsius Administrator's Motion for Entry of an Order of Authority to File Under Seal the Transfer Schedules Containing Confidential Information (the "Objections") to be served via CM/ECF upon all counsel and parties of records.  I also served a copy of the Objections on Counsel to Mohsin Y. Neghji via email:

>Cole Schotz, P.C.
>Justin R. Alberto
>500 Delaware Avenue, Suite 1410
>Wilmington, DE 19801
>Telephone: 302-652-3131
>Email: jalberto@coleschotz.com

Dated: June 18, 2024          Respectfully submitted,

**MANNING GROSS + MASSENBURG LLP**

/s/ William B. Larson, Jr.
William B. Larson, Jr.  (ID #5627)
John J. Klusman III (ID #7076)
1007 North Orange Street, Suite 711
Wilmington, DE 19801
(302) 657-2100
wlarson@mgmlaw.com
jklusman@mgmlaw.com