# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. No. 16558 |

### ORDER (A) AUTHORIZING DEBTORS' ENTRY INTO, AND PERFORMANCE UNDER, THE SETTLEMENT WITH THE UNITED STATES OF AMERICA REGARDING FEDERAL TAXES; (B) APPROVING THE SETTLEMENT; AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors' entry into, and performance under, the Settlement, embodied on the Acknowledgement Letters attached hereto as Exhibit 1, (b) approving the Settlement, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and upon the record of these Chapter 11 Cases, the Motion and supporting documents; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to enter into, and perform under, the Settlement.

3. The terms of the Settlement, as embodied in the Acknowledgement and Acceptance Letters and which would only become effective and final upon confirmation of Debtors' proposed chapter 11 reorganization plan (the "Conforming Plan"), are approved in their entirety.

4. If the Conforming Plan is confirmed, in full and final satisfaction of the claims asserted by the IRS and any other claims as defined in the Bankruptcy Code that the IRS could assert arising out of or relating to the Debtors' income tax years ending December 31, 2018, December 31, 2019, December 31, 2020, December 31, 2021, and October 31, 2022 (collectively, the "Prepetition Income Tax Years") and the Debtors' employment taxable quarters ending March 31, 2018, through and including September 30, 2022, and for the taxable years ending March 31, 2018 through and including December 31, 2021, plus liabilities for the taxable quarter ending December 31, 2022, and for the taxable year ending December 31, 2022, accruing through October

31, 2022 ( collectively, the "Prepetition Employment Tax Periods") or that the IRS could assert for any tax liability arising out of events, transactions, or activities occurring prior to October 31, 2022, the IRS shall receive:

      a.    An allowed priority claim against the Debtors in the aggregate amount of $200,000,000 (the "Priority IRS Claim") that shall be paid within sixty (60) days after effectiveness of the Conforming Plan; and

      b.    An allowed unsecured junior subordinated claim against the Debtors in the aggregate amount of $685,000,000 payable if and to the extent of funds available in accordance with the Settlement and the distribution waterfall of the Conforming Plan and payable only after other subordinated government claims have been paid in full (the "Junior Subordinated IRS Claim"). The Junior Subordinated IRS Claim shall be subordinated to both the Senior Subordinated IRS Claims and the Senior Subordinated Governmental Claims (as defined below), and no payment will be made on the Junior Subordinated IRS Claim until all Senior Subordinated IRS Claims and Senior Subordinated Governmental Claims are paid in full.

      5.    If the Conforming Plan is confirmed: (i) the Debtors shall not seek to amend their tax returns for the Prepetition Income Tax Years or Prepetition Employment Tax Periods, file a Form 843, or otherwise seek any refunds or crediting of overpayments; (ii) the Debtors agree that each of them, their subsidiaries, and any of their successors are not entitled to any carryforwards or carrybacks of capital losses, net operating losses, other losses, or credits from the Prepetition Income Tax Years; (iii) none of the Debtors are bound by assertions made or positions taken by any of the Debtors in tax returns filed for the Prepetition Income Tax Years or the Prepetition Employment Tax Periods; (iv) the IRS shall close all audits for Prepetition Income Tax

Years or the Prepetition Employment Tax Periods, and will not begin or open any new audits for those periods.

6. If the Conforming Plan is confirmed: (i) the first taxable year, within the meaning of 26 U.S.C. § 441, for each of the Debtors' postpetition tax obligations under Subtitle A of the Internal Revenue Code (Income Taxes) is the fiscal year ended October 31, 2023, and for each of the Debtors' postpetition tax obligations under Subtitle C of the Internal Revenue Code (Employment Taxes) is the period accruing from November 1, 2022, and such periods continuing through all future tax periods to the effective date of the Conforming Plan shall be deemed to constitute the "Postpetition Tax Years"; and (ii) any and all IRS claims against the Debtors arising from activities, transactions, liabilities, or events occurring in the Postpetition Tax Years, including without limitation, any related penalties, statutory addition, or interest (the "Senior Subordinated IRS Claims"), will be subordinated as follows:

a. The Senior Subordinated IRS Claims shall be separately classified alongside a parallel class of claims by the Commodity Futures Trading Commission and other Federal, state, and foreign governmental authorities who have agreed to a similar ranking (collectively, the "Senior Subordinated Governmental Claims"). Any Senior Subordinated IRS Claims and Senior Subordinated Governmental Claims shall be subordinated to the claims of other creditors and customers and postpetition interest on such claims (at a rate not to exceed 9.0% per annum from the commencement of the Chapter 11 Proceedings to payment of the claim in full) (collectively, the "Senior Claims"). Therefore, no funds shall be distributed in satisfaction of the Senior Subordinated IRS Claims until the Senior Claims are satisfied as set forth in the Conforming Plan. Payment of the Senior Subordinated Claims shall be deferred until such time as provided under the Conforming Plan.

b. Twenty-five percent (25%) of the distributable funds available after payment of the Senior Claims (and associated interest) shall be available to pay any Senior Subordinated IRS Claims until the Senior Subordinated IRS Claims are paid in full, after which such funds shall be used to pay any Senior Subordinated Governmental Claims that remain unpaid, if any. Similarly, seventy-five percent (75%) of the distributable funds available after payment of Senior Claims (and associated interest) shall be used to pay Senior Subordinated Governmental Claims until the Senior Subordinated Governmental Claims are paid in full, after which such funds shall be used to pay any Senior Subordinated IRS Claims that remain unpaid, if any.

7. If the Conforming Plan is confirmed, other than as expressly provided herein, then this Order shall (a) resolve the Debtors' *Motion for Entry of an Order Establishing a Schedule and Procedures for Estimating Claims filed by the United States* [D.I. 4204] and any further objections to the United States to the Prepetition Income Tax Years or Prepetition Employment Tax Periods, and (b) shall constitute a determination of the Prepetition Income Tax Years or Prepetition Employment Tax Periods as described in paragraph 4 for purposes of 11 U.S.C. § 505(c) and 26 U.S.C. § 6871. The Debtors to the extent necessary, may direct their claims agent to take all actions consistent with the Settlement.

8. The failure to specifically include or reference any particular term or provision of the Settlement in this Order shall not diminish or impair the effectiveness of such term or provision.

9. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

10. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

11. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion or the implementation of this Order.

**Dated: June 20th, 2024**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

-6-