## Exhibit 1

**Acknowledgement Letters**



**U.S. Department of Justice**

**Tax Division**

*Please reply to:*   *Office of Review*
*P.O. Box 310*
*Washington, D.C. 20044*

DAH:DSM:ADKunofsky
DJ 5-15-2030
CMN 2023100177

May 20, 2024

Marc De Leeuw, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
deleeuwm@sullcrom.com

      Re:   *In re FTX Trading, Ltd., et al.,*
              No. 22-bk-11068 (Bankr. D. Del.)

Dear Mr. De Leeuw:

     This refers to the debtors' offer as set forth in the attached letter dated April 11, 2024, which you acknowledged on April 17, 2024, as modified by the attached letter dated May 15, 2024, which you acknowledged on May 16, 2024.

     The offer has been accepted on behalf of the Attorney General.

                         Sincerely yours,

                         DAVID H. HUBBERT
                         Deputy Assistant Attorney General

          By:

                         JAMES J. WILKINSON
                         Chief, Office of Review



**U.S. Department of Justice**

**Tax Division**
*Civil Trial Section, Eastern Region*

| | | |
|---|---|---|
| DAH:DSM:ADKunofsky | P.O. Box 227 | Telephone: 202-353-9187 |
| DJ 5-15-2030 | Washington, D.C. 20044 | Telecopier: 202-514-6866 |
| CMN 2023100177 | Ari.D.Kunofsky@usdoj.gov | |

**Via Email**                                April 11, 2024

Marc De Leeuw, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
deleeuwm@sullcrom.com

> Re:    *In re FTX Trading, Ltd., et al.,*
>        No. 22-bk-11068 (Bankr. D. Del.)

Dear Mr. De Leeuw:

Based on the discussions held over the last few weeks between the Debtors and the Department of Justice, Tax Division, the following represents the United States' understanding of the settlement offer made by the Debtors to resolve the Debtors' estimation and further objection to the United States' tax claim and administrative tax expenses. In addition, once accepted by the IRS, the obligations of the Debtors and the United States with respect to the settlement shall be subject to (a) approval of the settlement by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and (b) confirmation of a chapter 11 plan of reorganization for the Debtors that is consistent in all material respects with the draft form of chapter 11 plan presented to the Department of Justice, Tax Division, on Tuesday, April 9 or otherwise acceptable to the IRS (a "Conforming Plan").

1.  **Prepetition Claims.** The IRS filed claims against the Debtors (the "Filed Claims") for income tax years ending December 31, 2019, December 31, 2020, December 31, 2021, and October 31, 2022 ("Prepetition Income Tax Years"), and for employment tax for the taxable quarters ending March 31, 2018, through and including September 30, 2022, for the taxable years ending March 31, 2018, through and including December 31, 2021, plus liabilities for the taxable quarter ending December 31, 2022, and taxable year ending December 31, 2022, accruing through October 31, 2022 ("Prepetition Employment Tax Periods").

2.  **Postpetition Tax Years.** The parties agree that the first year for the Debtors' post-petition income tax and employment tax obligations shall be for the period beginning November 1, 2022, and continuing through to future tax years through the Effective Date of a plan confirmed by the Bankruptcy Court ("Postpetition Tax Years").

3. **Settlement of Prepetition Claims**. In full and final satisfaction of the Filed Claims and any other claims as defined in the Bankruptcy Code ("Claims") of the IRS arising out of or relating to the Prepetition Income Tax Years or the Prepetition Employment Tax Periods (collectively, the "Prepetition Claims"), pursuant to a Conforming Plan, the IRS shall receive (a) a $200,000,000 priority tax claim (the "Priority IRS Claim") payable within 14 days of the effective date ("Effective Date") of the Conforming Plan and (b) a $685,000,000 junior subordinated claim (the "Junior Subordinated IRS Claim") payable if and to the extent of funds available in accordance with this settlement agreement and the distribution waterfall of the Conforming Plan.

   (a) The Priority IRS Claim shall be paid by wire to the Department of Justice consistent with additional instructions given upon acceptance.

   (b) Debtors may not seek a refund of any component of the Priority IRS Claim. Debtors will immediately contact the Department of Justice in the case of an erroneous refund and will return any amounts erroneously refunded.

4. **Administrative Tax Expense.** The Debtors represented they intend to use 11 U.S.C. § 505(b)(2) to request a determination of any unpaid liability of the estate under those procedures. The IRS agrees to subordinate, pursuant to the Conforming Plan, all Claims of the IRS arising out of any Postpetition Tax Year, including without limitation any related penalties, statutory addition, or interest ("Senior Subordinated IRS Claims"), as provided in this offer and the distribution waterfall of the Conforming Plan. To the extent there is a dispute regarding any audit of the Postpetition Tax Years that are not resolved between the Debtors, or its successors, and the IRS prior to the issuance of a statutory notice of deficiency, that matter shall be resolved after the issuance of a statutory notice of deficiency through a proceeding in the United States Bankruptcy Court.

5. **Subordination.**

   (a) Pursuant to the Conforming Plan, the Senior Subordinated IRS Claims shall be separately classified alongside a parallel class of claims by the Commodity Futures Trading Commission (the "CFTC") and other Federal, state, and foreign governmental authorities who have agreed to a similar ranking (the "Senior Subordinated Governmental Claims"). Any Senior Subordinated IRS Claims and Senior Subordinated Governmental Claims shall be subordinated to the Claims of other creditors and post-petition interest on such Claims (at a rate not to exceed 9.0% per annum from the commencement of the chapter 11 cases to payment of the claim in full) (collectively, the "Senior Claims").

   (b) The Conforming Plan shall provide that 25% of the distributable funds available after payment of the Senior Claims (and associated interest) shall be used to pay any Senior Subordinated IRS Claims until the Senior Subordinated IRS Claims are paid in full, after which such funds shall be used to pay any Senior Subordinated Governmental Claims that remain unpaid. Similarly, the Conforming Plan shall provide 75% of the distributable funds available after payment of Senior Claims (and associated interest) shall be used to pay Senior Subordinated Governmental

Claims until the Senior Subordinated Governmental Claims are paid in full, after which such funds shall be used to pay any Senior Subordinated IRS Claims that remain unpaid.

(c)   The Conforming Plan also shall provide that the Junior Subordinated IRS Claim is further subordinated to both Senior Subordinated IRS Claims and Other Subordinated Governmental Claims, and that no payment will be made on the Junior Subordinated IRS Claim until all these other Claims are paid in full.

(d)   The Debtor has informed the IRS that its Claims (other than the Priority IRS Claim) will be paid only to the extent of funds available at the appropriate level of the distribution waterfall, and a failure of funds to be available shall not affect the finality of the settlement.  The Debtor also has informed the IRS that the Debtors currently forecast having no funds available to pay the Junior Subordinated IRS Claim and that the Disclosure Statement for the Conforming Plan will estimate recoveries on the Junior Subordinated IRS Claim at zero.

(e)   The IRS agrees that it shall not seek to collect any Claim subject to the settlement from the Debtors, their subsidiaries, or any successor to the Debtor or such subsidiary, or any of their respective properties, including in circumstances where such Claims remain unpaid under the Conforming Plan.

(f)   For the avoidance of doubt, any Senior Subordinated IRS Claim and Junior Subordinated IRS Claim shall rank in the Conforming Plan senior to the interests of stockholders.

(g)   Payment of the Senior Subordinated IRS Claim shall be paid either: (i) to the IRS in the ordinary course or (ii) by wire to the Department of Justice upon resolution of any applicable dispute, in each case consistent with any additional instructions given upon acceptance and the distribution rules in the Conforming Plan.

(h)   Payment Junior Subordinated IRS Claim shall be made by wire to the Department of Justice consistent with additional instructions given upon acceptance and the distributions rules in the Conforming Plan.

6.   **No Prepetition Refunds, Overpayments, or Losses.** The Debtors shall not seek to amend their tax returns for the Prepetition Income Tax Years or Prepetition Employment Tax Periods, file a Form 843, or otherwise seek any refunds or crediting of overpayments. The Debtors agree that they, their subsidiaries, and any successors are not entitled to any carryforwards or carrybacks of capital losses, net operating losses, other losses, credits, or any other tax attributes from the Prepetition Income Tax Years. The United States acknowledges that the Debtors in an audit are not bound by assertions made in tax returns filed for the Prepetition Income Tax Years or Prepetition Employment Tax Periods; both parties may use whatever evidence is permitted under the tax and bankruptcy rules.

7.   **Postpetition Losses**. No carryovers shall be utilized after the Effective Date by any successor to the Debtors created pursuant to the Plan.

8.  **Resolution of the Estimation Motion and Claims.** Acceptance of this offer shall resolve Debtors' motion for estimation and any objections to the United States' Filed Claims.

9.  **Obligation to Pay and File Federal Tax Returns Between the Petition Date and Effective Date.** The Debtors shall file all federal tax returns for the Postpetition Tax Years, including federal income tax returns and federal employment tax returns. Nothing in this settlement shall prevent the IRS from auditing or examining the Postpetition Tax Years. In addition, nothing in this settlement shall relieve any entities created to effectuate the Plan from their federal tax filing and payment obligations.

10. **Approval of the Court.** The IRS shall not oppose the approval of the settlement or the confirmation of a Conforming Plan by the Bankruptcy Court on grounds inconsistent with this offer, if accepted.  Approval of the settlement by the Bankruptcy Court shall constitute a determination of the claims described in paragraph 1, and the United States may immediately assess an amount sufficient under 11 U.S.C. § 505(c) and 26 U.S.C. § 6871 to appropriately receive any payment in accordance with the settlement, *provided* that any such assessment shall be contingent upon the confirmation of a Conforming Plan as and when contemplated hereby.

11. **Cooperation.** The Debtors agree that they and any successor in interest or trustee of a liquidation trust will assist the IRS and Department of Justice, Tax Division regarding any additional assessment or investigation of non-debtors and shall provide at least 30-days written notice to the IRS before destroying any records. Notice of the destruction of records may be given either through a letter to the undersigned counsel or via a court filing.

12. **Legal fees and costs.** The parties will not seek legal fees, costs, or damages from each other.

13. **Termination.** The settlement shall terminate upon written notice by the Debtors if Conforming Plan is not confirmed by December 31, 2024, or if the FTX Board of Directors determine prior to such date, upon advice of counsel, that pursuit of a Conforming Plan is no longer consistent with their fiduciary duties.

14. **Entirety of the Agreement.** This settlement constitutes the entirety of the agreement between the Debtors and United States with regards to the IRS's tax claims and expenses in this matter. In the event of any ambiguity between this offer and the Conforming Plan, this offer shall control.

If the foregoing comports with your understanding of the Debtors' proposed settlement offer, please sign and date at the bottom of this letter. Please return the documents by email to counsel for the United States at StephanieA.Sasarak@usdoj.gov and Ari.D.Kunofsky@usdoj.gov. We acknowledge that the terms of the proposed settlement may be made public by the Debtors in connection with the Disclosure Statement for the Conforming Plan currently being prepared for the Bankruptcy Court, and do not object to such disclosure.

//
//

Once we receive the signed acknowledgment, we will process this offer in accordance with our usual procedures. Unless you receive a formal written acceptance of your offer from an authorized delegate of the Attorney General, the United States is in no way committed to a settlement.

Sincerely yours,

ARI D. KUNOFSKY
Supervisory Trial Attorney
Civil Trial Section, Eastern Region

I acknowledge these terms accurately reflect the Debtors' offer to the United States in the above-referenced matter.

Marc De Leeuw
*Counsel for the Debtors*

April 17, 2024

DATE

5



**U.S. Department of Justice**

**Tax Division**
*Civil Trial Section, Eastern Region*

| | | |
|---|---|---|
| DAH:DSM:ADKunofsky | P.O. Box 227 | Telephone: 202-353-9187 |
| DJ 5-15-2030 | Washington, D.C. 20044 | Telecopier: 202-514-6866 |
| CMN 2023100177 | Ari.D.Kunofsky@usdoj.gov | |

**Via Email**                                      May 15, 2024

Marc De Leeuw, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
deleeuwm@sullcrom.com

> Re:    *In re FTX Trading, Ltd., et al.,*
>        No. 22-bk-11068 (Bankr. D. Del.)

Dear Mr. De Leeuw:

Based on our discussion this evening, the Debtors and the Department of Justice, Tax Division, agreed to modify paragraph 3 of the offer acknowledgment letter dated April 11, 2024, which you acknowledged on April 17, 2024, to substitute 60 days for 14 days. For the avoidance of doubt, the modified offer provides that the IRS shall receive a $200,000,000 priority tax claim (the "Priority IRS Claim") payable within 60 days of the effective date ("Effective Date") of the Conforming Plan. All other terms of the offer are unchanged.

The letter represents the written consent of the United States to the modification as required by paragraph 14 of the letter dated April 11, 2024, which you acknowledged on April 17, 2024.

If the foregoing comports with your understanding of the Debtors' proposed settlement offer, please sign and date at the bottom of this letter. Please return the documents by email to counsel for the United States at StephanieA.Sasarak@usdoj.gov and Ari.D.Kunofsky@usdoj.gov. We acknowledge that the terms of the proposed settlement may be made public by the Debtors in connection with the Disclosure Statement for the Conforming Plan currently being prepared for the Bankruptcy Court, and do not object to such disclosure.

//
//
//

Once we receive the signed acknowledgment, we will process this offer in accordance with our usual procedures. Unless you receive a formal written acceptance of your offer from an authorized delegate of the Attorney General, the United States is in no way committed to a settlement.

Sincerely yours,

ARI D. KUNOFSKY
Supervisory Trial Attorney
Civil Trial Section, Eastern Region

I acknowledge these terms accurately reflect the Debtors' offer to the United States in the above-referenced matter.

Marc De Leeuw
*Counsel for the Debtors*

May 16, 2024
DATE

2