**Exhibit 1**

**Wang Settlement**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of May 13, 2024 (the "Settlement Date"), by and among (a) Zixiao "Gary" Wang ("Wang"); (b) FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"); and (c) FTX Digital Markets ("FTX DM") acting by the Joint Official Liquidators (the "JOLs"). Wang, the Debtors, and FTX DM are collectively referred to as the "Parties" and individually as a "Party."

## RECITALS

WHEREAS, it was determined that a residence in the Bahamas should be purchased in Wang's name to enable him to apply for a Certificate of Permanent Residence in the Bahamas;

WHEREAS, in or around April 2021, Wang entered into an agreement to purchase One Cable Beach Unit No. 112 (the "Residence"), together with household furniture and chattels therein, for US$1,371,871.25;

WHEREAS, on April 13, 2021, Wang executed a Power of Attorney appointing Julian Alexander Bostwick of Abaco Law Ltd. to act as his agent in connection with the purchase of the Residence;

WHEREAS, on April 21, 2021, FTX Trading Ltd. wired from its Prime Trust account ending in x8563 US$141,787.13 to Abaco Law Ltd. as a deposit on the Residence and US$2,856.25 as a search fee for the Residence;

WHEREAS, on June 11, 2021, FTX Trading wired from its Prime Trust account ending in x8563 US$1,321,202 to Abaco Law Ltd. to pay the balance of the purchase price on the Residence and US$189,482.90 to pay the VAT tax, commissions and fees on the purchase, respectively;

WHEREAS, on June 14, 2021, the Residence was conveyed to Wang by an Indenture and Deed of Conveyance which is recorded in the Registry of Records in the Commonwealth of The Bahamas;

WHEREAS, Wang represents that he never resided at the Residence;

WHEREAS, on November 11 and November 14, 2022, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), commencing the chapter 11 cases that are being jointly administered under the caption *In re FTX Trading Ltd.*, *et al.*, Case No. 22-11068 (JTD) (Bankr. D. Del. Nov. 11, 2023) (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, the Parties have been engaged in good faith, arm's-length negotiations concerning the Residence;

WHEREAS, the Parties desire and intend to effect through this Agreement a final settlement and resolution solely as to the Residence, reserving all other claims that the Debtors have asserted against Wang in *FTX Trading Ltd., et al.* v. *Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison*, No. 23-50448 (JTD) (Bankr. D. Del. July 20, 2023) [D.I. 1886] (the "Insider Adversary Proceeding") or that the Debtors and FTX DM may assert against Wang; and

WHEREAS, the Debtors, in the exercise of their business judgment, have concluded that transfer of the Residence by the terms of this Agreement is in the best interest of the Debtors, their creditors and other stakeholders.

**AGREEMENT**

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, all Parties, intending to be legally bound, agree as follows:

1. Recitals Incorporated. The recitals and paragraphs set forth above are hereby incorporated in full and made a part of this Agreement.

2. Court Approval Required. This Agreement among the Parties is subject in all respects to the approval of the Bankruptcy Court by entry of a written order or otherwise (an "Approval Order"). The Debtors shall file a motion seeking entry of the Approval Order following execution of this Agreement by all Parties. In the event that the Approval Order is not obtained, or the Approval Order does not become final and non-appealable, this Agreement shall become null and void and of no further force and effect.

3. Settlement Effective Date. The terms of this Agreement shall become effective upon the Approval Order becoming final and non-appealable (the "Settlement Effective Date").

4. Transfer of the Residence. Within 10 business days of the Settlement Effective Date, Wang shall undertake all steps to cause legal title to the Residence to be transferred to FTX DM, acting by the JOLs to recover Stipulated DM Property pursuant to Exhibit C of the Global Settlement Agreement between the Debtors and FTX DM, which was approved by the Supreme Court of the Bahamas on January 22, 2024 and the Bankruptcy Court on January 24, 2024.

5. Reservation of Other Claims. For the avoidance of doubt, this Agreement does not resolve or release any claims unrelated to the Residence that the Debtors or FTX DM may have against Wang, and the Debtors and FTX DM reserve all such claims they may have against Wang, including but not limited to those asserted in the Insider Adversary Proceeding.

6. No Liability for Transfer of Title. Wang shall have no liability to anyone for transferring legal title to the Residence to FTX DM, acting by the JOLs, in accordance with the terms of this Agreement.

7. Binding Effect. Each Party represents and warrants that this Agreement is given in good faith and acknowledges that execution of this Agreement is not the product or result of

any duress, economic or otherwise. Each individual signing this Agreement on behalf of a Party or Parties has the power and authority (a) to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed and (b) to sign the Agreement. This Agreement shall be binding upon the Parties hereto and their successors and assigns.

8. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement among the Parties solely relating to the Residence, and may not be changed, modified or altered in any manner, except in writing, signed by each Party.

9. <u>Execution in Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a Party electronically shall be deemed an original signature hereto.

10. <u>Interpretation and Rules of Construction</u>. This Agreement is the product of arm's-length negotiations among the Parties and in the enforcement or interpretation hereof, shall be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof. Each Party was represented by counsel during the negotiations and drafting of this Agreement and continue to be represented by counsel. Unless otherwise specified, all references to dollars or "$" in this Agreement refer to United States dollars.

11. <u>Jurisdiction/Choice of Law</u>. The Bankruptcy Court shall retain, and each of the Parties irrevocably consents to, jurisdiction with respect to all matters arising from or related to this Agreement, including, without limitation, for purposes of enforcing the terms and conditions of this Agreement. This Agreement shall be governed by the laws of the State of Delaware.

12. <u>No Waiver</u>. No failure or delay by any Party in exercising any right, power, or privilege under this Agreement or applicable law shall operate as a waiver by that Party of any such right, power, or privilege.

13. <u>Severability</u>. If, after the Settlement Effective Date, any term, clause, or provision of this Agreement is invalidated or unenforceable by operation of law or otherwise, the Parties shall negotiate in good faith a replacement, but legally valid, term, clause, or provision that best meets the intent of the Parties. The remaining provisions of this Agreement will remain in full force and effect.

14. <u>Costs</u>. Each Party to this Agreement shall bear its own attorneys' fees and costs incurred in connection with this Agreement and completion of the transfers contemplated herein.

15. <u>Notices</u>. For purposes of this Agreement, any notice to the Parties shall be in writing and delivered via email and overnight courier as follows:

if to Wang, to:

>Fried, Frank, Harris, Shriver & Jacobsen LLP
>1 New York Plaza
>New York, NY 10004
>Attn: Ilan T. Graff
>E-mail: ilan.graff@friedfrank.com

if to the Debtors, to:

>John J. Ray III
>125 Broad Street
>FTX Mail Room, 32nd Floor
>New York, New York 10004
>E-mail: jray@greylockpartnersllc.com

with copies to:

>Sullivan & Cromwell LLP
>125 Broad Street
>New York, New York 10004
>Attn: Stephanie G. Wheeler and Jacob M. Croke
>E-mail: wheelers@sullcrom.com; crokej@sullcrom.com

IN WITNESS THEREOF, the Parties have executed this Agreement as of the date set forth below.

Dated: May 13, 2024
New York, New York

John J. Ray III, solely in his capacity as Chief Executive Officer of the Debtors

By: _____
John J. Ray III

Dated: May 9, 2024
Egg Harbor Twp, New Jersey

Zixiao "Gary' Wang

By: _____
Zixiao "Gary' Wang

-4-

-5-

Dated: May 10, 2024
New York, New York

        Counsel to Zixiao "Gary" Wang

        By: _____
        Ilan T. Graff
        Fried, Frank, Harris, Shriver & Jacobsen LLP

Dated: May 13, 2024
Nassau, The Bahamas

        Brian Simms, solely in his capacity as Joint Official Liquidator of FTX Digital Markets

        By: _____
        Brian Simms