# EXHIBIT 1

**Omnibus Reply Chart**

# OMNIBUS REPLY CHART[1]

*The following chart (the "Omnibus Reply Chart") summarizes certain of the Objections filed to the Motion and Disclosure Statement and provides a cross-reference to the sections of the Motion or Disclosure Statement where additional language was added to resolve such Objection.*

*The Debtors have done their best to accurately summarize the Objections and to provide responses to their key points. The omission of a response to an Objection should not be taken as a waiver of the Debtors' arguments. The Debtors reserve the right to supplement the Reply with argument live at the Disclosure Statement Hearing.*

| Objecting Party | Objection | Reply |
|---|---|---|
| 1. Objection and Reservation of Rights of the Texas State Securities Board, Texas Department of Banking, State of Texas<br><br>[D.I. 16816] | 1. The Disclosure Statement must discuss the material impact on distributions or creditor recoveries in the event the Debtors are unable to reach agreements with governmental agencies to subordinate their claims. (Texas SSB Obj. ¶ 8). | 1. The Debtors have added the following language to the Disclosure Statement:<br><br>*On May 31, 2024, the Office of the Texas Attorney General representing the Texas State Securities Board, the Texas Department of Banking and the State of Texas through the Consumer Protection Division of the Office of the Texas Attorney General (collectively, "Texas") informed the Debtors of a clerical error in Texas' filed non-customer proof of claim, which reflected a total asserted claim of $840,000, and should instead reflect a total asserted claim $840,000,000, as indicated in the attached supporting documentation. The Debtors are engaged in ongoing discussions with Texas regarding their filed claim, including the validity of the amount asserted as well as the potential for Texas to reallocate recoveries on any Allowed Claim to the Supplemental Remission Fund. All rights of the Debtors and Texas are reserved with respect to Texas' filed claim.*<br><br>*Although the Debtors have requested, and classified, the Claims of CFTC and the other governmental authorities, including the NJ Bureau, MS Division and Texas, as Senior Subordinated Claims, one or more governmental authorities may not agree to the classification or the Bankruptcy Court may otherwise rule that subordination of these Allowed Claims is improper. If these Allowed Claims are not subordinated, then any such Allowed Claims shall be pari passu with General Unsecured Claims, which may affect creditor recoveries.*<br><br>(*See* Disclosure Statement section 3.T). |
| | 2. The Disclosure Statement must include Texas SSB's $840 million claim in their estimation for | 2. The Debtors have added the following language to the Disclosure Statement: |

---

[1] Capitalized terms used but not otherwise defined have the meanings ascribed to them in the Reply or the relevant Objection, as applicable.

| | Objecting Party | Objection | Reply |
|---|---|---|---|
| | | Subordinated Governmental Claims. (Texas SSB Obj. ¶ 7). | *Discussions are ongoing with both the CFTC and other governmental authorities regarding the size and treatment of such claims; see section 3.T for additional disclosure regarding the Texas State Securities Board, the Texas Department of Banking and the State of Texas through the Consumer Protection Division of the office of the Texas Attorney General (collectively, "*Texas*"). While the Financial Projections have not been updated to reflect the Texas' increased asserted claim amount, based on ongoing discussions with the CFTC and other governmental authorities, including Texas, the Debtors expect the eventual recoveries provided to creditors on account of the Supplemental Remission Fund will be materially consistent or better than those currently reflected in the Financial Projections.*<br><br>(*See* Disclosure Statement section 1.G (note 7)). |
| 2. | Reservation of Rights of the New Jersey Bureau of Securities<br><br>[D.I. 16805] | 1. "The NJ BOS reserves its right to object, if necessary, to the treatment and/or characterization of the NJ BOS claims under the Plan, including, without limitation, any provision that purports to, or would have the effect of, subordinating the NJ BOS's claims without the NJ BOS's consent." (NJ BOS Obj. ¶ 7). Additionally, based on informal discussions with the Debtors, the Debtors understand that the NJ BOS shares the objection of the Texas SSB regarding the impact to the Plan of failing to settle with governmental authorities in respect of their claims. | 1. The Debtors have added language to the Disclosure Statement regarding the impact to the Plan of failing to settle with governmental authorities, *see* Row 1, *supra*. |
| 3. | Objection of LayerZero Labs Ltd., Ari Litan and Skip & Goose LLC<br><br>[D.I. 16818] | 1. "The Plan and Disclosure Statement do not provide adequate disclosure regarding the waiver of Customer Preference Actions or which preference actions are included in the Excluded Customer Preference Actions." The Disclosure Statement and Plan also "do not provide information on when or if creditors will be notified if they are included in the customer preference waiver of if the Debtors will designate them as an Excluded Customer Preference Action." (LayerZero Group Obj. ¶¶ 12-14). | 1. The Debtors have modified the Disclosure Statement with the following language:<br><br>"*Effective upon the Effective Date, the Debtors and Wind Down Entities may waive and not prosecute any Customer Preference Action (to the extent not* **designated by the Debtors** *as an Excluded Customer Preference Action) with respect to a Claim in Class 5A, Class 5B, Class 7A and Class 7B, if the holder of such Claim does not affirmatively make the Bahamas Election, and (i) votes to accept the Plan and (ii) agrees to a stipulated amount as set forth on its Ballot for voting, allowance and Distribution purposes. Pursuant to the terms of the FTX DM Global Settlement Agreement, FTX DM will have the right to manage and control the prosecution of any preference claim against any Holder of a DM Customer Entitlement Claim. The Debtors and the Wind Down Entities may still prosecute Customer Preference Actions in respect of a Claim in Class 5A, Class 5B, Class 7A and Class 7B, if the holder of such Claim agrees to the stipulated amount for voting, allowance and Distribution purposes but does not vote to accept the Plan, or votes to accept the Plan, but does not agree to the stipulated amount for voting, allowance and Distribution purposes. Excluded Customer* |

| Objecting Party | Objection | Reply |
|---|---|---|
| | | *Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether the Claim holder agrees to the stipulated amount for voting, allowance and Distribution purposes.* **_For the avoidance of doubt, any pending preference actions filed by the Debtors against any party shall be an Excluded Customer Preference Action, and the defendant of such action shall not be released from such action even if such holder properly agrees to the stipulated amount for voting, allowance and Distribution and votes in favor of the Plan_**.*"* <br><br> (*See* Disclosure Statement section 6.F) <br><br> "*The Debtors shall not designate a Customer Preference Action as an Excluded Customer Preference Action unless the Debtors have determined there is a reasonable basis to conclude that, among other things: (a) the recipient of the applicable preferential payment or transfer (i) was an Insider of any Debtor, (ii) was a current or former employee of the Debtors or of any current or former Affiliate of the Debtors, (iii) may have had actual or constructive knowledge of the commingling and misuse of Customer deposits and corporate funds, or (iv) either (x) changed its know your customer information to facilitate withdrawals from the applicable FTX Exchange or (y) received manual permission from the Debtors to facilitate withdrawals when withdrawals were otherwise halted from the FTX Exchange; or (b) any Debtor has a Cause of Action or a defense against the recipient of the applicable preferential payment or transfer (or a subsequent transferee of the applicable Customer Entitlement Claim) or any of its Affiliates other than a claim arising under a Customer Preference Action.* **_The Debtors shall include the list of Excluded Customer Preference Actions in the Plan Supplement_**.*"* <br><br> (*See* Disclosure Statement section 4.E.5) <br><br> The Debtors have modified the Plan with the following language: <br><br> "*Effective upon the Effective Date, the Debtors and the Wind Down Entities* ~~*may*~~ **_shall_** *waive and not prosecute any Customer Preference Action against any Holder of Dotcom Customer Entitlement Claims or U.S. Customer Entitlement Claims if such Holder duly executes and timely returns a valid Ballot by the Voting Deadline that (i) votes to accept the Plan, and (ii) consents and stipulates to the amount of such Dotcom Customer Entitlement or U.S. Customer Entitlement Claim as set forth in the applicable Ballot for voting, allowance and Distribution purposes; provided that notwithstanding anything provided herein, the Debtors shall not waive and release any Excluded Customer Preference Action.* |

| | Objecting Party | | Objection | | Reply |
|---|---|---|---|---|---|
| | | | | | (*See* Plan Section 5.5) |
| 4. | Objection of Celsius Litigation Administrator<br><br>[D.I. 16820] | 1. | The Disclosure Statement must be amended to mention the Celsius bankruptcy proceedings because "it incorrectly implies that all issues with respect to other cryptocurrency bankruptcy cases are resolved or addressed by the Plan when, in fact, there are unresolved matters related to Celsius." (Celsius Obj. ¶ 17).<br><br>2. "At a minimum, the Disclosure Statement must be amended to notify creditors of the Lift Stay Motion and the Celsius Litigation Administrator's intention to commence and prosecute the Preference Actions against the FTX Debtors in the NY Celsius Bankruptcy Court, or, if the Lift Stay Motion is not approved, in this Court." (Celsius Obj. ¶¶ 2; 18).<br><br>3. "The Disclosure Statement must properly disclose that the Celsius Litigation Administrator is seeking to avoid certain transfers by Quoine, as a customer of Celsius." (Celsius Obj. ¶ 19). | 1. | The Debtors added the following language to the Disclosure Statement:<br><br>*Celsius Network LLC and its affiliates (collectively, the "Celsius Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code on July 13, 2022.  In late June 2023, the Celsius Debtors filed identical proofs of claim against 102 Debtors asserting claims related to disparaging statements allegedly made by FTX's officers, directors, employees, or agents regarding the Celsius Debtors' balance sheets and financial condition (the "Celsius Litigation Proofs of Claim").  In the Celsius Litigation Proofs of Claim, the Celsius Debtors noted that they were investigating causes of action against the FTX Debtors under chapter 5 of the Bankruptcy Code, including preference and fraudulent transfer actions.  The Celsius Debtors also filed a separate proof of claim against Alameda Research Ltd. asserting a right to payment related to a secured loan in the approximate amount of $14 million (the "Alameda Proof of Claim").  Finally, the Celsius Debtors filed customer claims against certain FTX Debtors for digital assets on the FTX Debtors' exchanges as of the Petition Date (collectively, the "Celsius Customer Proof of Claims," and together with the Celsius Litigation Proofs of Claims and the Alameda Proof of Claim, the "Celsius Proofs of Claim").  The Debtors dispute the validity of the claims asserted in the Celsius Proofs of Claim, believe they have valid defenses, and intend to object to such claims.*<br><br>*On June 5, 2024, Mohsin Y. Meghji, the Litigation Administrator for the Celsius Debtors, filed a motion for relief from the automatic stay [D.I. 16815] (the "Lift Stay Motion"), seeking to pursue in the U.S. Bankruptcy Court for the Southern District of New York overseeing the Celsius chapter 11 cases: (i) claims under sections 547 and 550 of the Bankruptcy Code against each of the FTX Debtors as subsequent transferees of withdrawals allegedly made by Celsius customers from the Celsius platform and deposited onto the FTX exchange, and (ii) claims under sections 547 and 550 of the Bankruptcy Code against FTX Debtor Quoine Pte Ltd. for withdrawals from the Celsius platform.*<br><br>*The FTX Debtors believe that these preference claims were not asserted in the Celsius Proofs of Claim and are barred by the Bar Date Order (whether asserted in this Court or any other court).  The Debtors are continuing to review the Celsius Lift Stay Motion and intend to object to the requested relief.  A hearing on this motion is scheduled for July 17, 2024.  If the Celsius Lift Stay Motion is denied, and the Celsius Debtors are not allowed to file such complaints in their own bankruptcy proceeding, the Debtors understand that Celsius Debtors intend to file similar complaints in the FTX Debtors' bankruptcy cases, which the Debtors intend to contest, including on the grounds that such claims are barred by the Bar Date Order.* |

| | Objecting Party | | Objection | | Reply |
|---|---|---|---|---|---|
| | | | | | (*See* Disclosure Statement section 3.J.6) |
| 5. | Objection of FTX MDL Plaintiffs<br><br>[D.I. 16822] | 1. | The Disclosure Statement should include a description of the MDL proceedings.  (MDL Obj. ¶¶ 8-9). | 1. | The Debtors added the following language to the Disclosure Statement:<br><br>"*An adversary action against the named Plaintiffs in the multidistrict litigation styled In re FTX Cryptocurrency Exchange Collapse Litigation, No. 23-md-03076 (S.D. Fla. 2023), as well as a motion for preliminary declaratory and injunctive relief enforcing the automatic stay and enjoining certain actions brought in the multidistrict litigation that Debtors assert are claims that are property of the Debtors' estates.  The multidistrict litigation was formed in June 2023 to consolidate lawsuits filed by various plaintiffs in several jurisdictions against a broad range of non-Debtor defendants who had been connected to the FTX Group prior to the Petition Date, including various FTX insiders, investors, promoters and professionals.*"<br><br>(*See* Disclosure Statement section 3.G.10). |
| | | 2. | The Disclosure Statement should include a description of the Examiner's Report.  (MDL Obj. ¶ 24) | 2. | The Debtors added the following language to the Disclosure Statement:<br><br>*The Report of Examiner Robert J. Cleary was released on May 23, 2024 (the "Cleary Report") [D.I. 15545].  As directed by the Bankruptcy Court, the Cleary Report (i) "compiles[] and summarizes[] the completed and ongoing investigations, and the findings thereof . . . by the Debtors' counsel, by the Unsecured Creditors' Committee, and by any third parties (including government agencies)"; (ii) "makes[] recommendations for additional investigations," and (iii) addresses three specific issues identified by the Bankruptcy Court.  Those three issues are "(1) . . . the Debtors' application to employ Sullivan & Cromwell LLP . . .; (2) . . . investigations [of] fraud by the former and current employees of the Debtors; and (3) . . . the Debtors' use of . . . FTT to inflate the value of FTX Group entities." Cleary Report, at 1-4.*<br><br>*Broadly, with respect to investigations by the Debtors and others, the Examiner concludes that the completed and ongoing investigations have been sufficient to establish the facts concerning the FTX Group's conduct and to identify potential areas for asset recovery, with the exception of certain proposed areas for further investigation.  With respect to the three specific issues, (1) the Examiner did not identify any error in the Bankruptcy Court's decision authorizing the Debtors to retain S&C, Cleary Report at 12, and did not find any "evidence to suggest that S&C knew about the fraud at the FTX Group prepetition", Cleary Report at 55-56; (2) "the ongoing and completed investigations have established the facts surrounding fraud by former employees of the FTX Group and demonstrated with sufficient confidence that current employees of the Debtors were not likely complicit in the prepetition fraud"; and (3) the "investigations [to date] have been sufficient to identify the significant instances of [FTT] manipulation and the* |

| | Objecting Party | | Objection | | Reply |
|---|---|---|---|---|---|
| | | | | | *individuals who were principally involved, and that additional investigation . . . is not necessary." Cleary Report at 3. The Examiner proposes three areas for further investigation, including (i) "S&C's representation of Samuel Bankman-Fried in connection with his purchase of shares of Robinhood Markets, Inc."; (ii) "any potential claims the Debtors may have against non-released shareholders in the LedgerX parent company, LHI"; and (iii) the cause of the November 2022 hole at FTX.US, and the existence or causes of holes that may have existed at other times. Cleary Report at 2, 177."*<br><br>(*See* Disclosure Statement section 3.Q). |
| 6. | Objection and Reservation of Rights of Ahmed Abd El-Razek, Sunil Kavuri, Pat Rabbitte and Noia Capital Sarl (collectively, the "Kavuri Objectors)<br><br>[D.I. 16864] | 1. | "[Any order approving the Disclosure Statement should be conditioned upon the Debtors including supplemental information regarding the Examiner's Report." (Kavuri Obj. ¶¶ 42-43). | 1. | The Debtors added language to the Disclosure Statement regarding the Examiner's Report, *see* Row 5.2, *supra*. |
| | | 2. | "The Debtors' negotiations with the IRS were previously disclosed and a corresponding update would be applicable under the circumstances to provide a full and complete picture to the Objectors and other parties in interest." (Kavuri Obj. ¶ 44). | 2. | The Debtors added the following language to the Disclosure Statement:<br><br>On June 3, 2024, the Debtors filed the *Motion for Entry of an Order (A) Authorizing the Debtor's Entry Into, and Performance Under, the Settlement with the United States Department of the Treasury – Internal Revenue Service, (B) Approving the Settlement and (C) Granting Related Relief* [D.I. 16558] seeking Bankruptcy Court approval of the settlement. The settlement provides much needed certainty to the uncertain tax issues described above, and will help enable prompt distributions to the Debtors' other creditors and customers. The motion is pending before the Bankruptcy Court and a hearing is set for June 25, 2024.<br><br>(*See* Disclosure Statement section 3.S). |
| 7. | Limited Objection of Maps Vault Limited (MAPS) and Foundation Serendipity, Foundation Elements, Serendipity Network Ltd., and Liquidity Network Ltd.<br><br>[D.I. 16995 and 16992] | 1. | The Disclosure Statement paints an inaccurate picture of the digital asset estimation litigation by "entirely ignoring the significant role that Maps Vault and the other objectors played in mounting a meritorious challenge to the Debtors' valuation methodology." (Maps and Oxy Obj. ¶¶ 27-28). In addition, "the Disclosure Statement fails to provide accurate information about the continuing applicability of initial [*sic*] Digital Assets Conversion Table attached to the Estimation Motion to the MAPS, OXY and SRM claims." (*Id.* at ¶¶29 – 33). | 1. | The Debtors modified the following language to the Disclosure Statement:<br><br>*The Debtors agreed to a separate litigation schedule with respect to the estimation of **certain** Claims based on MAPS, OXY, SRM and BOBA digital assets**, noted at "TBD" in the Digital Asset Conversion Table [D.I. 7090] (collectively, the "Objecting Claims")**. The Debtors **and holders of the Objecting Claims** engaged in further expert discovery and briefing ~~with certain objectors~~ as to the ~~Petition Date~~ value of these digital assets**,** as proposed in the Estimation Motion. On March 20, 25**,** and 26, 2024, the Bankruptcy Court held an evidentiary hearing on the Estimation Motion, with respect to **the value of** these digital assets. The Debtors **and holders of the Objecting Claims** presented ~~further~~ expert testimony from Professor Howell, ~~and~~ Mr. Lu, **Mr. Fotios Konstantinidis, and Mr. Ioannis Gkatzimas**. The Bankruptcy Court took the matter under advisement and a ruling is forthcoming.*<br><br>**As of the filing of the Disclosure Statement, the Digital Assets Estimation Order [D.I. 7090] does not include prices for the tokens MAPS, OXY, SRM, and** |
| | | 2. | The Disclosure Statement should include additional language that claims based on the value of MAPS, OXY and SRM tokens, should, for purposes of voting on the Plan, be counted at | | |

-6-

| Objecting Party | Objection | Reply |
|---|---|---|
| | the dollar amounts asserted in the respective proofs of claim filed. (Maps and Oxy Obj. ¶¶ 23, page 11).[2] | **BOBA. When the Court issues a ruling on the pricing of the tokens MAPS, OXY, SRM, and BOBA, the Debtors will disclose and publicly file a notice on the docket to provide notice the pricing. If the Court does not issue such a ruling, such Objecting Claims shall be valued, for voting purposes consistent with the Solicitation Procedures Order.** (*See* Disclosure Statement section 3.R). |
| 8. Letter from Pragata Gandhi | 1. The objector claims that they have suffered harassment and expenses due to being incorrectly named in the case. (Obj. ¶ 4). | 1. To the extent that this is an objection to the adequacy of the information provided in the Disclosure Statement, no basis is provided. The Disclosure Statement meets the requirements of section 1125. |
| 9. Letter from Rohit Kshirsagar | 1. The basis for objection is unclear, as the proponent notes that he did not make any transactions with FTX and has no concerns with the Debtors. | 1. To the extent that this is an objection to the adequacy of the information provided in the Disclosure Statement, no basis is provided. The Disclosure Statement meets the requirements of section 1125 |
| 10. Letter from Lakhbir Singh Srova and Gurinder Kaur Srova | 1. The objectors claim the plan is simply an attempt to prolong the case and delay distributions to customers. (Obj. ¶ 5) | 1. To the extent that this is an objection to the adequacy of the information provided in the Disclosure Statement, no basis is provided. The Disclosure Statement meets the requirements of section 1125. |
| 11. Letter from Courtney Michelle Star Ward [D.I. 14843] | 1. Ms. Ward claims that that she was "swindled" by FTX and "holds claims and/or interests held or asserted in the maximum or approx. $8 billion USD." | 1. To the extent that Ms. Ward is objecting to the adequacy of the information contained in the Disclosure Statement, section 4.D.2 the Disclosure Statement provides adequate information regarding the nature of the claims against the Debtors. |

---

[2] The paragraph numbering in each of the MAPS and OXY Objections repeats after paragraph 33. The Debtors have therefore indicated the page number on which the relevant paragraph 23 may be found.