# **Exhibit A**

> **DRAFT — SUBJECT TO REVISION — NOT INTENDED AS A SOLICITATION OF ANY VOTE**

**THE AD HOC COMMITTEE OF NON-US CUSTOMERS OF FTX.COM'S LETTER IN SUPPORT OF THE JOINT CHAPTER 11 PLAN OF REORGANIZATION**

The Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee") is comprised of over 60 members holding more than $4.7 billion in aggregate Dotcom Customer Entitlement Claims (collectively, the "Ad Hoc Committee Members").[1] The Ad Hoc Committee represents the collective interests of Ad Hoc Committee Members as a whole rather than any Member's individual interest.

Ad Hoc Committee Members span more than 31 countries globally and represent diverse individuals and institutions holding claims that vary in size, asset composition, preference exposure, and liquidity needs. The Ad Hoc Committee membership mirrors the diversity among all holders of Dotcom Customer Entitlement Claims ("Class 5A Claims") and Dotcom Convenience Claims ("Class 7A Claims") (collectively, "Dotcom Customers") in the chapter 11 bankruptcy cases (collectively, the "Bankruptcy Case"). The Ad Hoc Committee has accordingly acted in a manner designed to benefit all Dotcom Customers.

This letter is to advise you that the **Ad Hoc Committee supports** the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 15520] (as may be amended, modified, or supplemented, the "Plan"), **and strongly recommends that you, as a Dotcom Customer, vote to "Accept" the Plan.**

### A. WHY WE SUPPORT THE PLAN:

From its inception and as expressly set forth in the Ad Hoc Committee's bylaws, the primary objective of the Ad Hoc Committee has been to maximize recoveries to Ad Hoc Committee Members on account of their Dotcom Customer Entitlement Claims as expeditiously and efficiently as possible. The Ad Hoc Committee believes that **the Plan is the best solution to achieve that objective**.

The Plan is the result of extensive and hard-fought negotiations between the Ad Hoc Committee, the Debtors, and the Official Committee of Unsecured Creditors (the "Official Committee"), among other key stakeholders. We believe that the terms of the Plan, and the recoveries to be provided to Dotcom Customers under the Plan, represent a fair and reasonable resolution of the conflicting interests and rights of all creditors, including, without limitation, customer property arguments, in a manner that avoids protracted and costly litigation that would likely erode recoveries for Dotcom Customers as a whole.

The Ad Hoc Committee believes that the potential alternatives to the Plan, including the conversion of the Bankruptcy Case to a liquidation under chapter 7 of the Bankruptcy Code, would be value-destructive and result in significantly lower recoveries for Dotcom Customers.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings given to such terms in the Plan.

B. **BALANCING VARYING RIGHTS AND INTERESTS**:

The Ad Hoc Committee recognizes the injustice and financial hardship suffered by Dotcom Customers as a result of the complex and long-standing financial mismanagement, misappropriation, and fraudulent activities perpetrated by FTX and its affiliates that resulted in the filing of the Bankruptcy Case.

In December 2022, the Ad Hoc Committee filed an action for a declaratory judgment to establish whether Dotcom Customer assets that could be traced, identified, or attributed to customer property were held in trust for Dotcom Customers and, consequently, were not property of the Debtors' estates to be distributed to other creditors. The question of which specific assets or what proportionate value of the estates comprised trust property was not before the Court and would require extensive discovery and further litigation beyond the threshold legal determination sought by the Ad Hoc Committee.

While the Ad Hoc Committee advocated its position with the Debtors and the Official Committee, it also considered the costs of continuing its litigation, particularly given the complications of tracing and identifying specific customer property and uncertain legal standards with respect thereto. The Ad Hoc Committee determined that such costs and an ultimately favorable determination would likely result in certain customers being treated better than others through no fault of their own and would likely result in a greatly diminished pool of assets and delayed distributions for all Dotcom Customers.

Thus, the Ad Hoc Committee determined that, on balance, Dotcom Customers would receive a higher, expedited recovery, with significantly less professional fees expended, under a customer-centric yet consensual Plan, instead of continuing litigation with the Debtors.

C. **TREATMENT OF DOTCOM CUSTOMERS UNDER THE PLAN**:

Through negotiations with the Debtors, the Official Committee and other key stakeholders, the Ad Hoc Committee was able to secure the following customer-centric provisions to be included in the Plan with **recoveries on Class 5A Claims projected to range between 129% to 143%, and recoveries on Class 7A Claims projected to be 119%**:

- All Dotcom Customers will receive payment in full plus postpetition interest on unpaid claims accruing at the Consensus Rate of 9.0% from the Petition Date until the applicable Distribution Date.

- Class 7A Claims will receive payment in full no later than 60 days after the Effective Date.

- After the payment of postpetition interest, Class 5A Claims will receive surplus value through distributions from the Supplemental Remission Fund, which will be funded by recoveries otherwise payable to holders of Senior Subordinated Governmental Claims.

- Preference liability will be waived for customers that do not dispute their scheduled claim amount as disclosed on the ballot and vote to accept the Plan.

- The Debtors' commitment to explore the option to pay holders of Dotcom Customer Claims in certain jurisdictions in stablecoin rather than U.S. dollars.

- Structuring of the Wind Down Entities to ensure that non-U.S. Dotcom Customers will not be subject to U.S. withholdings taxes.

- Establishment of a Creditor Advisory Committee, with fiduciary duties to all customers and creditors, that must be consulted for material decisions regarding the Wind Down Entities, including the timing and amount of distributions, and will be responsible for appointment of a member of the Wind Down Board.

The Ad Hoc Committee was instrumental in securing these favorable terms for Dotcom Customers and the resulting Plan underscores the collaborative compromises made by numerous stakeholders.

D. **RECOMMENDATION:**

**The Ad Hoc Committee recommends that all Dotcom Customers vote to ACCEPT the Plan.** Under the facts and circumstances of the Bankruptcy Case, the Ad Hoc Committee believes that confirming the Plan as soon as possible is the best way to maximize recoveries for Dotcom Customers.

The Plan represents a comprehensive global settlement among numerous stakeholders with competing interests. The terms of the Plan are thus intricately interrelated and cannot be selectively altered without unraveling the entire settlement framework that took eighteen months of negotiations to reach. We believe that the Plan stands as the best and only viable solution to address the diverse interests of all stakeholders involved and provide the Debtors the opportunity to exit bankruptcy within this year.

If the Plan is not confirmed, then the Debtors or other third parties, whose interests may not be aligned with Dotcom Customers, may propose alternative plans, which would cause serious delays in distributions, increase costs, and likely decrease recoveries to all creditors, including Dotcom Customers. Failure to confirm the Plan also could result in the Bankruptcy Case being converted to a liquidation proceeding under chapter 7 of the Bankruptcy Code, which would further diminish recoveries to all creditors.

Notwithstanding this recommendation, you must make your own independent determination as to whether the Plan is acceptable to you. You should closely review the Plan, the Disclosure Statement, and related documents from the Bankruptcy Case to determine whether to accept the Plan, and you should consult your own legal and financial professionals regarding the decision to accept the Plan.

E. **DISCLAIMERS:**

**BEFORE VOTING ON THE PLAN, YOU ARE URGED TO CAREFULLY READ THE PLAN, THE DISCLOSURE STATEMENT, ANY SUPPLEMENTS THERETO, AND THE EXHIBITS ATTACHED TO ANY OF THE FOREGOING IN THEIR ENTIRETY, INCLUDING THE DISCUSSION OF THE RISK FACTORS RELATED TO THE PLAN.**

**THE AD HOC COMMITTEE IS NOT AN OFFICIAL COMMITTEE UNDER SECTION 1102 OF THE BANKRUPTCY CODE AND NEITHER THE AD HOC COMMITTEE NOR ANY AD HOC COMMITTEE MEMBER IS A FIDUCIARY, AGENT, OR REPRESENTATIVE OF THE DEBTORS, ANY PARTICULAR DOTCOM CUSTOMER OR DOTCOM CUSTOMERS AS A WHOLE, OR OF ANY OTHER CREDITOR OR EQUITY SECURITY HOLDER.  THE AD HOC COMMITTEE DOES NOT REPRESENT ANY INDIVIDUAL DOTCOM CUSTOMER OR ANY PARTICULAR CLAIMS AND CANNOT ADVISE DOTCOM CUSTOMERS REGARDING THE IMPACT OF THEIR DECISION TO ACCEPT THE PLAN OR OF ANY OTHER DOCUMENT APPROVED BY THE BANKRUPTCY COURT AND IMPLEMENTED IN CONNECTION WITH THE BANKRUPTCY CASE.  THIS LETTER MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN THE AD HOC COMMITTEE'S RECOMMENDATION TO SUPPORT THE PLAN AS CURRENTLY DRAFTED.  THE AD HOC COMMITTEE'S RECOMMENDATION IS SUBJECT TO THERE BEING NO MATERIAL ADVERSE CHANGES TO THE TREATMENT OF DOTCOM CUSTOMERS UNDER THE PLAN PRIOR TO CONFIRMATION AS WELL AS THE INCORPORATION INTO THE PLAN OF THE TERMS DISCUSSED HEREIN.**

**THIS COMMUNICATION DOES NOT CONSTITUTE, AND SHALL NOT BE CONSTRUED AS, A SOLICITATION BY THE AD HOC COMMITTEE OR ANY OF THE INDIVIDUAL AD HOC COMMITTEE MEMBERS OR THEIR REPRESENTATIVES.  THIS LETTER IS NOT AND SHOULD NOT BE CONSTRUED AS LEGAL ADVICE.  TO THE EXTENT YOU WISH TO SEEK LEGAL ADVICE, YOU SHOULD CONSULT WITH YOUR OWN LEGAL COUNSEL.**

**REGARDLESS OF HOW YOU VOTE ON THE PLAN, THERE REMAINS A RISK THAT IMPLEMENTATION OF THE PLAN COULD RESULT IN HIGHER OR LOWER RECOVERIES FOR DOTCOM CUSTOMERS.  THE AD HOC COMMITTEE DOES NOT GUARANTEE ANY PARTICULAR RESULT IN THE BANKRUPTCY CASE.  ALTHOUGH THE BANKRUPTCY COURT HAS AUTHORIZED THE DEBTORS TO INCLUDE THIS RECOMMENDATION LETTER AS PART OF THE SOLICITATION PACKAGE, SUCH AUTHORIZATION DOES NOT CONSTITUTE AN ENDORSEMENT BY THE BANKRUPTCY COURT OF THE MERITS OF THE PLAN OR THE ACCURACY OR COMPLETENESS OF THE INFORMATION CONTAINED THEREIN.  THE AD HOC COMMITTEE RESERVES THE RIGHT TO CHANGE ITS POSITION AND RECOMMENDATION REGARDING THE PLAN, OR FILE ANY OBJECTION, RESPONSE OR OTHER PLEADING IN RESPONSE TO THE PLAN OR ANY OTHER MATTER IN THE BANKRUPTCY CASE, TO THE EXTENT THAT SUBSEQUENT DEVELOPMENTS SO WARRANT.**

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 PM ET. PLEASE COMPLETE AND SUBMIT YOUR BALLOT IN ACCORDANCE WITH THE INSTRUCTIONS CONTAINED IN THE SOLICITATION PACKAGE SENT TO YOU SO THAT IT IS RECEIVED BY NO LATER THAN THE VOTING DEADLINE.**

Dated: **[•]**, 2024

Respectfully submitted,

The Ad Hoc Committee of Non-US Customers of FTX.com