Exhibit "E"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref Nos. 1416 & 1508** |

## ORDER (I)(A) ESTABLISHING DEADLINES FOR FILING NON-CUSTOMER AND GOVERNMENT PROOFS OF CLAIM AND PROOFS OF INTEREST AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors")[3] for entry of an order (this "Order") (a) establishing a bar date to file proofs of claim for Non-Customer Claims and proofs of interest, (b) establishing a bar date by which governmental units must file proofs of claim, (c) approving the form and manner of notice thereof and (d) granting related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/ftx.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

[3]   For the avoidance of doubt, this Order only covers FTX Trading Ltd. and its affiliated debtors and debtors-in-possession but does not include Debtor Emergent Fidelity Technologies Ltd.

district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate

notice of the Motion and the relief requested therein has been provided in accordance with the

Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or

further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved

or overruled on the merits; and a hearing having been held to consider the relief requested in the

Motion and upon the record of the hearing and all of the proceedings had before this Court; and

this Court having found and determined that the relief set forth in this Order is in the best interests

of the Debtors and their estates; and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor;

<p style="text-align:center">IT IS HEREBY ORDERED THAT:</p>

1.      The Motion is GRANTED as and to the extent set forth herein.

2.      The General Non-Customer Bar Date, Governmental Bar Date, Amended

Schedules Non-Customer Bar Date and the Rejection Bar Date, and the manner of providing

notice of the Bar Dates and filing proofs of claim and proofs of interest, including the Non-

Customer Bar Date Notice Package, each as described in the Motion, are approved.

3.      Except as otherwise provided herein, all persons and entities, (including,

without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a

Non-Customer Claim[4] against or equity interest in any of the Debtors which arose, or is deemed

---

[4]   "Non-Customer Claim" means any claim *other than* a Customer Claim. "Customer Claim" means any claim of any kind or nature or whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law, or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date or (b) any other investment or trading activities on any FTX Exchange. The definition of "FTX Exchange" shall be FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), K-DNA

to have arisen, on or prior to the Petition Date, including claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), must file a proof of such Non-Customer Claim or proof of interest, as applicable, so that it is actually received by the Noticing and Claims Agent on or before **June 30, 2023 at 4:00 p.m. (Eastern Time)** (the "General Non-Customer Bar Date").

4.     Notwithstanding any other provision hereof, proofs of claim filed by governmental units (as defined in section 101(27) of the Bankruptcy Code) must be filed so as to be actually received by the Noticing and Claims Agent on or before **September 29, 2023, at 4:00 p.m., Eastern Time** (the "Governmental Bar Date").

5.     If the Debtors amend or supplement the Schedules subsequent to the date hereof in respect of Non-Customer Claims the Debtors shall give notice of any amendment of or supplement to the holders of Non-Customer Claims or equity interests affected thereby, and such claimants or interest holders shall file a proof of claim or proof of interest on or before the date that is the later of:  **(a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment of or supplement to the Schedules is served on such entity** (the "Amended Schedules Non-Customer Bar Date").

6.     Any entity that holds a Non-Customer Claim arising from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the date that is the later of:  **(a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on any date the Court may fix in the applicable order authorizing such rejection, and, if no such date is provided, 30 days from the date of service of notice of**

---

Financial Services Ltd. (d/b/a "FTX EU"), Quoine Ptd. Ltd., FTX Japan K.K. and FTX Turkey Teknoloji Ve Ticaret A.S or any other exchange or trading platform operated by any Debtor.

**entry of such order** (the "Rejection Bar Date").  The Debtors will provide notice of the

Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected

at the time the Debtors reject such executory contract or lease.  For the avoidance of doubt,

claimants with Non-Customer Claims arising from an executory contract or unexpired lease that

has already been rejected pursuant to a Court order must file a proof of claim on or before the

General Non-Customer Bar Date.

       7.     The following procedures shall apply with respect to filing proofs of claim

for Non-Customer Claims and to filing proofs of interest:

      a.     Each proof of Non-Customer Claim or proof of interest must: (i) be written in English; (ii) conform substantially to the Proof of Claim Form (or Official Form 410) or Proof of Interest Form provided by the Debtors, as applicable; and (iii) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached.  If documentation is unavailable, the claimant shall provide an explanation as to why documentation is not available.

             In addition, each Non-Customer Proof of Claim must set forth, for any claim based on cryptocurrency(ies), the number of units of each cryptocurrency; such proof of claim is not required to include a dollar amount.  For any claim based on foreign currency(ies), each Non-Customer Proof of Claim must set forth (i) the applicable foreign currency(ies), (ii) the claim amount in that foreign currency(ies), (iii) the exchange rate(s) from the foreign currency(ies) to U.S. dollars, and (iv) the amount of such claim converted to U.S. dollars using the exchange rate(s).  In the case of any other claim, the proof of claim must set forth the amount of such claim in U.S. dollars.

      b.     In addition to the requirements set forth in paragraph (a) immediately above, any proof of claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) state whether the amount asserted represents a combination of goods and services and, if applicable, the portion that relates solely to the value of the goods; and (iv) set forth whether any portion of the 503(b)(9)

Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

c.     Parties submitting a proof of claim or proof of interest through non-electronic means who wish to receive a receipt of their proofs of claim or proofs of interest from Noticing and Claims Agent must also include with their proof of claim or proof of interest a copy of their proof of claim or proof of interest and a self-addressed, stamped envelope.  A party who files a proof of claim or proof of interest electronically can verify receipt of the claim or interest by reviewing on the Debtors' Noticing and Claims Agent website at https://restructuring.ra.kroll.com/ftx.

d.     Each proof of claim and proof of interest must specify by name and case number the Debtor against which the claim or interest is submitted by either (i) checking the applicable box at the top of the proposed Proof of Claim Form or Proof of Interest Form or (ii) in the case of proofs of claim and proofs of interest being electronically submitted, selecting the applicable Debtor from a dropdown menu.  A proof of claim or proof of interest submitted under Case No. 22-11068 or a proof of claim or proof of interest that does not identify a Debtor will be deemed as submitted only against Debtor FTX Trading Ltd.  A proof of claim or proof of interest that names a subsidiary or affiliate Debtor but is submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) will be treated as having been submitted against the subsidiary or affiliate Debtor with a notation that a discrepancy in the submission exists.  Any proof of claim or proof of interest purporting to indicate a claim against or interest in more than one Debtor shall be deemed filed only against the first listed Debtor.  The Debtors reserve any and all rights to reclassify such claims or interests that either do not identify a Debtor, name a subsidiary or affiliate Debtor but are submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) or that purport to indicate a claim against or interest in more than one Debtor.

e.     If the holder of a claim or interest asserts separate claims or interests against different Debtors, a separate Proof of Claim Form or Proof of Interest Form must be submitted with respect to each claim or interest.  For the avoidance of doubt, if the holder of a claim or interest asserts the same claim or interest against multiple Debtors, that holder must submit a separate Proof of Claim Form or Proof of Interest Form against each such Debtor.

f.      Any proof of claim or proof of interest must be delivered in a manner permitted by this Order so as to be received no later than the applicable Bar Date. Claimants are permitted to submit proofs of claim and proofs of interest (a) electronically through the website of the Debtors' Noticing and Claims Agent, using the interface available on such website located at https://restructuring.ra.kroll.com/FTX/Home-Index under the link entitled "Submit a Claim" or (b) by hand delivery or mailing the proof of claim or proof of interest either by U.S. Postal Service mail or overnight delivery on or before the applicable Bar Date to FTX Trading Ltd. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232. ***Proofs of claim and proofs of interest will be deemed filed only when actually received by the Noticing and Claims Agent on or before the applicable Bar Date. Proofs of claim and proofs of interest may not be delivered by facsimile, telecopy or email transmission.***

g.      ***For the avoidance of doubt, unless otherwise authorized by the Court, the Noticing and Claims Agent is authorized and directed to make public every proof of claim and proof of interest filed pursuant to the Order, and the Noticing and Claims Agent, the Debtors, their estates and their respective directors, officers, employees, agents, and professionals shall have no liability for making public any proof of claim or proof of interest filed pursuant to the Order.***

8.      The following entities are required to file proofs of claim or proofs of interest on or prior to the General Non-Customer Bar Date (or, if applicable, the Amended Schedules Non-Customer Bar Date, the Rejection Bar Date or the Governmental Bar Date):

a.      any entity that holds an equity interest in any of the Debtors and is, to that entity's knowledge, either not listed or, in such entity's view, incorrectly listed in the *Lists of Equity Holders* [D.I. 450] (the "Equity Lists") must file a proof of interest on account of the ownership of such equity interest;[5]

b.      any entity whose prepetition Non-Customer Claim is not listed in the applicable Debtor's Schedules, or is listed as disputed,

---

[5]   Because portions of the Equity Lists were filed under seal, when the Debtors serve all known equity interest holders, the Debtors also will provide such holders with their holdings as listed in the Equity Lists.

contingent or unliquidated;

c.     any entity that believes its prepetition Non-Customer Claim has been improperly classified or listed in an incorrect amount in the Debtors' Schedules, and seeks to amend the classification and/or amount of such claim in the Schedules;

d.     any entity that believes its prepetition Non-Customer Claim as listed in the Schedules is not an obligation of the specific Debtor identified in the Schedules, and seeks to amend the Schedules to indicate that such claim is a claim against or interest in a different Debtor; and

e.     any entity asserting a prepetition Non-Customer Claim that is allowable under section 503(b)(9) of the Bankruptcy Code as an administrative expense in these Chapter 11 Cases.

9.     A proof of interest must be filed by the holder of the equity interest or the authorized representative thereof. Any proof of interest submitted by an authorized representative of the holder of the equity interest must state the basis for such authorization. Any entity seeking to file a proof of interest on behalf of another entity without express written authorization from such holder must seek authorization from the Court prior to the General Non-Customer Bar Date to do so.

10.     For the avoidance of doubt, nothing herein shall impose a deadline or bar date on a Customer to file a proof of claim on account of any Customer Claim against the Debtors, and any such bar date shall be separately proposed by the Debtors, in consultation with the Committee.

11.     Entities with claims that would otherwise be subject to a Bar Date pursuant to this Order need not file proofs of claim on or prior to any Bar Date if those entities fall into any of the following categories:

a.     any entity holding only a Customer Claim (such Customer Claims shall be subject to a separate bar date that is not the subject of this Order);

b.  any entity on the Equity Lists who agrees with the equity holdings set forth in the Equity Lists;

c.  any entity that has already properly filed a Non-Customer Claim against the Debtors with either the Clerk of Court or Noticing and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 or a proof of interest with the Clerk of Court or Noticing and Claims Agent (unless such entity wishes to assert the Non-Customer Claim against or equity interest in a Debtor not identified in the prior proof of claim or proof of interest or in a different amount or classification than the prior proof of claim or proof of interest, in which case an additional proof of claim or proof of interest, as applicable, must be filed);

d.  any entity (i) whose claim is listed on the Schedules filed by the Debtors, and (ii) whose claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (iii) who agrees with the amount, nature, and priority of the claim as set forth in the Schedules and (iv) who does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

e.  any entity holding any claim or equity interest that has previously been allowed by order of this Court;

f.  any entity that has been paid in full by any of the Debtors;

g.  any entity with respect to a claim or equity interest for which a different deadline has previously been fixed by this Court;

h.  any Debtor that holds a claim against or equity interest in another Debtor (whether directly or indirectly);

i.  any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

j.  any entity holding administrative expense claims for postpetition fees and expenses of professionals retained in these Chapter 11 Cases allowable under section 330, 331 and 503(b) of the Bankruptcy Code;

k.  any entity that is exempt from filing a proof of claim or proof of interest pursuant to an order of the Court in these Chapter 11 Cases; and

l.      any entity holding a claim or equity interest solely against a non-Debtor entity.

12.     Nothing in this Order shall prejudice any right of the Debtors or any other party-in-interest to dispute or assert offsets or defenses to any claim included in the Schedules.

13.     Pursuant to Bankruptcy Rule 3003(c)(2), absent further order of this Court, all holders of Non-Customer Claims or equity interests in the Debtor(s) that fail to comply with this Order by timely filing a proof of claim or proof of interest in the appropriate form, if required, shall be forever barred, estopped and enjoined from: (a) asserting the applicable Non-Customer Claim against or equity interest in the Debtors or their estates or property in these Chapter 11 Cases or (b) voting on, or receiving any distribution under, any plan filed in these Chapter 11 Cases, except to the extent that (i) such Claim is identified in the Schedules as an undisputed, non-contingent and liquidated claim (including with respect to the amount, nature or classification of such Claim) or (ii) such equity interest is listed on the Equity Lists.

14.     The Proof of Claim Form attached hereto as Exhibit 1 and Proof of Interest Form attached hereto as Exhibit 2 are approved.

15.     A copy of the Non-Customer Bar Date Notice, substantially in the form attached hereto as Exhibit 3, is approved and shall be deemed adequate and sufficient if served by first-class mail, or by email but only if email service is permitted pursuant to the *Final Order (I) Modifying Certain Creditor List Requirements, (II) Authoring the Debtors to Serve Certain Parties by E-Mail and (III) Granting Related Relief* [D.I. 425], at least 37 days prior to the General Non-Customer Bar Date on:

a.      the Office of the United States Trustee for the District of Delaware;

b.      counsel to the Committee;

      c.     all persons or entities that have requested notice in these Chapter 11 Cases;

      d.     all persons or entities that have previously filed a proof of claim in these Chapter 11 Cases with respect to a Non-Customer Claim or proof of interest in these Chapter 11 Cases;

      e.     all known creditors and potential holders of Non-Customer Claims as of the date of entry of the Order, including those listed in the Schedules as holding potential Non-Customer Claims against the Debtors;

      f.     all known holders of equity interests in any of the Debtors and any known authorized representatives of such holders, including those listed in the Equity Lists;

      g.     all known parties to executory contracts and unexpired leases of the Debtors;

      h.     all known parties to pending litigation with the Debtors and their counsel;

      i.     the Internal Revenue Service and all known taxing authorities in the jurisdictions in which the Debtors have or may have tax liability and other governmental units;

      j.     the Securities and Exchange Commission;

      k.     all known applicable regulatory authorities that regulate the Debtors' businesses;

      l.     all current employees, and all former employees for whom the Debtors have a physical address or email address; and

      m.     such additional persons and entities as deemed appropriate by the Debtors.

16.     Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the Bar Dates, in substantially the form attached hereto as <u>Exhibit 4</u> (the "<u>Publication Notice</u>"), in the *New York Times* once at least 30 days prior to the General Non-Customer Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication

10

notice of the Bar Dates. The Debtors may publish the Publication Notice in other newspapers, trade journals or similar publications as the Debtors deem appropriate.

17.     The Debtors and the Noticing and Claims Agent are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

18.     The entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or equity interests not subject to the Bar Dates established herein, including, for the avoidance of doubt, Customer Claims, must file such proofs of claim or proofs of interest or be barred from doing so (and all rights of the Committee and other parties in interest with respect to any such request for relief are expressly preserved).

19.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: May 19th, 2023
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

11

## <u>Exhibit 1</u>

**Revised Proof of Claim Form**

## United States Bankruptcy Court, District of Delaware

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☐ Alameda Research LLC (Case No. 22-11066) | ☐ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11168) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11126) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killarney Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund, LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☐ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☐ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11091) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☐ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |

# Modified Form 410

# Proof of Claim

<div align="right">04/22</div>

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

## Part 1:   Identify the Claim

| | |
|---|---|
| 1.  **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____<br><br>Email(s) the creditor used with the debtor _____ |
| 2.  **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? _____ |
| 3.  **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |

| | |
|---|---|
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

| | |
|---|---|
| 4.  **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.   Claim number on court claims registry (if known)_____     Filed on _____<br><div align="right">MM  /  DD   /  YYYY</div> |
| 5.  **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____ |

**If filing a claim for cryptocurrency, please fill in 7b.**      **Does this amount include interest or other charges?**

7a.  **How much is the claim?**   $_____

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.**

7b.   **List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
|---|---|---|---|
| | | | |
| | | | |

| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. |
|---|---|

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**

   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

   ☐ Motor vehicle

   ☐ Other. Describe: _____

   **Basis for perfection:** _____

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                     $_____

   **Amount of the claim that is secured:**   $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $_____

   **Annual Interest Rate** (when case was filed) _____%

   ☐ Fixed

   ☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

|  | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |

---

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required.**    $_____

---

Modified Form 410                                    **Proof of Claim**                                    page 3

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
        MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
        First name           Middle name            Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

_____
        City                          State    ZIP Code

Contact phone _____        Email _____

Attach Supporting Documentation (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☐ I have supporting documentation.
   (attach below)

☐ I do <u>not</u> have supporting documentation.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Kroll and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Kroll and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Kroll or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Kroll and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

# Instructions for Proof of Claim

United States Bankruptcy Court                                                    12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- On the first page of the form, check the box to identify the Debtor against whom you assert a claim. Select only one Debtor per claim form.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Attach supporting documentation unless voluminous, in which case a summary must be attached.  If documentation is unavailable, provide an explanation as to why documentation is not available.

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- Any proof of claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) state whether the amount asserted represents a combination of goods and services and, if applicable, the portion that relates solely to the value of the goods; and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/FTX.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule
3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://restructuring.ra.kroll.com/FTX/EPOC-Index

**Do not file these instructions with your form**

## **Exhibit 2**

## **Revised Proof of Interest Form**

UNITED STATES BANKRUPTCY COURT

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF DELAWARE

# PROOF OF INTEREST

**Fill in this information to identify the case (Select only one Debtor per claim form):**

- ☐ FTX Trading Ltd. (Case No. 22-11068)
- ☐ Alameda Research LLC (Case No. 22-11066)
- ☐ Alameda Research Yankari Ltd (Case No. 22-11108)
- ☐ Blockfolio, Inc. (Case No. 22-11110)

- ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162)
- ☐ Clifton Bay Investments LLC (Case No. 22-11070)
- ☐ Deck Technologies Holdings LLC (Case No. 22-11138)
- ☐ FTX Zuma Ltd (Case No. 22-11124)

- ☐ Hilltop Technology Services LLC (Case No. 22-11176)
- ☐ Paper Bird Inc (Case No. 22-11089)
- ☐ West Realm Shires Inc. (Case No. 22-11183)

**1.** **Name of holder of the Equity Security Interest** (The person or entity holding an Equity Security Interest in the Debtor. Referred to hereinafter as the "Interest Holder"):

☐ Check box if you are aware that anyone else has filed a proof of interest relating to your interest. Attach copy of statement giving particulars.

Name and address where notices should be sent:

☐ Check box if you have never received any notices from the bankruptcy court or the Debtors in this case.

☐ Check box if this address differs from the address on the envelope sent to you by the Debtors.

Telephone Number

Email Address

**THIS SPACE IS FOR COURT USE ONLY**

**NOTE: This form SHOULD NOT be used to make a claim against the Debtor for money owed. A separate Proof of Claim form should be used for that purpose. This form should only be used to assert an Equity Security Interest in the Debtor. An Equity Security Interest is any right arising from any capital stock and any equity security in any of the Debtors. An equity security is defined in the Bankruptcy Code as (a) a share in a corporation whether or not transferable or denominated stock or similar security, (b) interest of a limited partner in a limited partnership, or (c) warrant or right other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (a) or (b) above.**

Account or other number by which Interest Holder identifies Debtor:

Check here if this Proof of Interest:

☐ Replaces a previously filed Proof of Interest   Dated:

☐ Amends a previously filed Proof of Interest   Dated:

**2.** **Date Equity Security Interest was acquired:**

**3.** **Total Amount Paid for Equity Interest:**

**4.** **Certificate number(s):**

**5.** **Type of Equity Interest:**

Please indicate the type of Equity Interest you hold:

**6.** **Supporting Documents:** *Attach copies of supporting documents*, such as stock certificates, option agreements, warrants, etc. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain.

**7.** **Signature:**

I declare under penalty of perjury that the information provided in this proof of interest is true and correct to the best of my knowledge, information and reasonable belief.

**DATE**

**SIGN** and print the name and title, if any, of the Interest Holder or other person authorized to file this proof of interest (attach copy of power of attorney, if any):

**THIS SPACE FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 AND 3571*

## Exhibit 3

**Second Revised Non-Customer Bar Date Notice**

NOTICE TO ALL FTX CUSTOMERS: AS OF THE DATE HEREOF THE
BANKRUPTCY COURT HAS NOT YET ESTABLISHED THE DEADLINE FOR
FILING A PROOF OF CLAIM ON ACCOUNT OF CUSTOMER CLAIMS.  A BAR
DATE DEADLINE TO FILE CUSTOMER PROOFS OF CLAIM WILL BE
SEPARATELY REQUESTED AND ESTABLISHED, AND CUSTOMERS WILL BE
SERVED WITH NOTICE OF THAT DEADLINE.  IN THE MEANTIME, VISIT
HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX/ FOR MORE INFORMATION
CURRENTLY AVAILABLE ABOUT THE PROOF OF CLAIM PROCESS FOR
CUSTOMERS.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

NOTICE OF DEADLINES REQUIRING FILING OF (I) NON-CUSTOMER PROOFS
OF CLAIM AND PROOFS OF INTEREST ON OR BEFORE JUNE 30, 2023, (II)
PROOFS OF CLAIMS FOR CLAIMS HELD BY GOVERNMENTAL UNITS ON OR
BEFORE SEPTEMBER 29, 2023, (III) NON-CUSTOMER PROOFS OF CLAIM
AFFECTED BY THE REJECTION OF AN EXECUTORY CONTRACT OR LEASE
AND (IV) NON-CUSTOMER PROOFS OF CLAIM AFFECTED BY THE
AMENDMENT OF OR SUPPLEMENT TO THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

TO ALL PERSONS AND ENTITIES WITH NON-CUSTOMER CLAIMS AGAINST
OR EQUITY INTERESTS IN ANY OF THE DEBTOR ENTITIES
LISTED ON PAGES 1 - 4 OF THIS NOTICE:

On  May [•], 2023, the United States Bankruptcy Court for the District of Delaware (the
"Court") entered an order [D.I. [•]] (the "Order") in the chapter 11 cases (the "Chapter 11

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are
3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a
complete list of the Debtors and the last four digits of their federal tax identification numbers is not
provided herein.  A complete list of such information may be obtained on the website of the Debtors'
claims and noticing agent at https:// https://restructuring.ra.kroll.com/ftx.  The principal place of
business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex,
Friars Hill Road, St. John's, Antigua and Barbuda.

<u>Cases</u>") of FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), establishing **June 30, 2023 at 4:00 p.m., Eastern Time** (the "<u>General Non-Customer Bar Date</u>") as the general deadline for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) holding a Non-Customer Claim (as defined below) or equity interest to file a proof of claim or proof of interest, as applicable, against any of the Debtors listed below:[2]

| Debtor | Case Number | Last Four Digits of Debtor's Federal Tax Identification Number |
|---|---|---|
| Alameda Aus Pty Ltd | 22-11104 | N/A |
| Alameda Global Services Ltd. | 22-11134 | N/A |
| Alameda Research (Bahamas) Ltd | 22-11105 | N/A |
| Alameda Research Holdings Inc. | 22-11069 | 5653 |
| Alameda Research KK | 22-11106 | N/A |
| Alameda Research LLC | 22-11066 | 4063 |
| Alameda Research Ltd | 22-11061 | N/A |
| Alameda Research Pte Ltd | 22-11107 | N/A |
| Alameda Research Yankari Ltd | 22-11108 | N/A |
| Alameda TR Ltd | 22-11078 | N/A |
| Alameda TR Systems S. de R. L. | 22-11109 | N/A |
| Allston Way Ltd | 22-11079 | N/A |
| Analisya Pte Ltd | 22-11080 | N/A |
| Atlantis Technology Ltd. | 22-11081 | N/A |
| Bancroft Way Ltd | 22-11082 | N/A |
| Blockfolio, Inc. | 22-11110 | N/A |
| Blue Ridge Ltd | 22-11083 | N/A |
| Cardinal Ventures Ltd | 22-11084 | N/A |
| Cedar Bay Ltd | 22-11085 | N/A |
| Cedar Grove Technology Services, Ltd | 22-11162 | N/A |
| Clifton Bay Investments LLC | 22-11070 | 6465 |
| Clifton Bay Investments Ltd | 22-11111 | N/A |
| Cottonwood Grove Ltd | 22-11112 | N/A |
| Cottonwood Technologies Ltd. | 22-11136 | N/A |
| Crypto Bahamas LLC | 22-11113 | 5393 |
| DAAG Trading, DMCC | 22-11163 | N/A |
| Deck Technologies Holdings LLC | 22-11138 | N/A |
| Deck Technologies Inc. | 22-11139 | N/A |
| Deep Creek Ltd | 22-11114 | N/A |
| Digital Custody Inc. | 22-11115 | N/A |
| Euclid Way Ltd | 22-11141 | N/A |

---

[2]   For the avoidance of doubt, this Notice and relevant Bar Dates apply to only FTX Trading Ltd. and its affiliated debtors and debtors-in-possession but do not apply to Debtor Emergent Fidelity Technologies Ltd.

| FTX (Gibraltar) Ltd | 22-11116 | N/A |
|---|---|---|
| FTX Canada Inc | 22-11117 | N/A |
| FTX Certificates GmbH | 22-11164 | N/A |
| FTX Crypto Services Ltd. | 22-11165 | N/A |
| FTX Digital Assets LLC | 22-11143 | N/A |
| FTX Digital Holdings (Singapore) Pte Ltd | 22-11118 | N/A |
| FTX EMEA Ltd. | 22-11145 | N/A |
| FTX Equity Record Holdings Ltd | 22-11099 | N/A |
| FTX EU Ltd. | 22-11166 | N/A |
| FTX Europe AG | 22-11075 | N/A |
| FTX Exchange FZE | 22-11100 | N/A |
| FTX Hong Kong Ltd | 22-11101 | N/A |
| FTX Japan Holdings K.K. | 22-11074 | N/A |
| FTX Japan K.K. | 22-11102 | N/A |
| FTX Japan Services KK | 22-11103 | N/A |
| FTX Lend Inc. | 22-11167 | N/A |
| FTX Marketplace, Inc. | 22-11168 | N/A |
| FTX Products (Singapore) Pte Ltd | 22-11119 | N/A |
| FTX Property Holdings Ltd | 22-11076 | N/A |
| FTX Services Solutions Ltd. | 22-11120 | N/A |
| FTX Structured Products AG | 22-11122 | N/A |
| FTX Switzerland GmbH | 22-11169 | N/A |
| FTX Trading GmbH | 22-11123 | N/A |
| FTX Trading Ltd. | 22-11068 | 3288 |
| FTX US Services, Inc. | 22-11171 | N/A |
| FTX US Trading, Inc | 22-11149 | N/A |
| FTX Ventures Ltd | 22-11172 | 2184 |
| FTX Zuma Ltd | 22-11124 | N/A |
| GG Trading Terminal Ltd | 22-11173 | N/A |
| Global Compass Dynamics Ltd. | 22-11125 | N/A |
| Good Luck Games, LLC | 22-11174 | N/A |
| Goodman Investments Ltd. | 22-11126 | N/A |
| Hannam Group Inc | 22-11175 | N/A |
| Hawaii Digital Assets Inc. | 22-11127 | N/A |
| Hilltop Technology Services LLC | 22-11176 | N/A |
| Hive Empire Trading Pty Ltd | 22-11150 | N/A |
| Innovatia Ltd | 22-11128 | N/A |
| Island Bay Ventures Inc | 22-11129 | 8955 |
| Killarney Lake Investments Ltd | 22-11131 | N/A |
| Ledger Holdings Inc. | 22-11073 | N/A |
| LedgerPrime Bitcoin Yield Enhancement Fund, LLC | 22-11177 | N/A |
| LedgerPrime Bitcoin Yield Enhancement Master Fund LP | 22-11155 | N/A |

| LedgerPrime Digital Asset Opportunities Fund, LLC | 22-11156 | N/A |
|---|---|---|
| LedgerPrime Digital Asset Opportunities Master Fund LP | 22-11157 | N/A |
| Ledger Prime LLC | 22-11158 | N/A |
| LedgerPrime Ventures, LP | 22-11159 | N/A |
| Liquid Financial USA Inc. | 22-11151 | N/A |
| LiquidEX LLC | 22-11152 | N/A |
| Liquid Securities Singapore Pte Ltd | 22-11086 | N/A |
| LT Baskets Ltd. | 22-11077 | N/A |
| Maclaurin Investments Ltd. | 22-11087 | N/A |
| Mangrove Cay Ltd | 22-11088 | N/A |
| North Dimension Inc | 22-11153 | N/A |
| North Dimension Ltd | 22-11160 | N/A |
| North Wireless Dimension Inc. | 22-11154 | N/A |
| Paper Bird Inc | 22-11089 | 9237 |
| Pioneer Street Inc. | 22-11090 | N/A |
| Quoine India Pte Ltd | 22-11091 | N/A |
| Quoine Pte Ltd | 22-11161 | N/A |
| Quoine Vietnam Co. Ltd | 22-11092 | N/A |
| Strategy Ark Collective Ltd. | 22-11094 | N/A |
| Technology Services Bahamas Limited | 22-11095 | N/A |
| Verdant Canyon Capital LLC | 22-11096 | N/A |
| West Innovative Barista Ltd. | 22-11097 | N/A |
| West Realm Shires Financial Services Inc. | 22-11072 | N/A |
| West Realm Shires Inc. | 22-11183 | N/A |
| West Realm Shires Services Inc. | 22-11071 | N/A |
| Western Concord Enterprises Ltd. | 22-11098 | N/A |
| Zubr Exchange Ltd | 22-11132 | N/A |

The General Non-Customer Bar Date, the other deadlines established by the Order, and the procedures set forth below for filing proofs of claim and proofs of interest apply to all Non-Customer Claims against and any equity interest in any of the Debtors that arose prior to **November 11, and in the case of Debtor West Realm Shires Inc., November 14, 2022** as applicable (the "Petition Date"), the date on which the Debtors commenced these Chapter 11 Cases, except for those holders of claims or equity interests listed in Section 4 below that are specifically excluded from the filing requirements established by the Order.

## 1.      WHO MUST FILE A PROOF OF CLAIM OR PROOF OF INTEREST

You MUST file a proof of claim or proof of interest to vote on a Chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates if you hold a Non-Customer Claim (as defined below) against, or  an equity interest in,  the Debtors.  A "Non-Customer Claim" is any claim that is NOT a  Customer Claim.  "Customer Claim" means any claim (as defined below) of any kind or nature or whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law, or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to

4

(a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date or (b) any other investment or trading activities on any FTX Exchange.

"FTX Exchange" means FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), K-DNA Financial Services Ltd. (d/b/a "FTX EU"), Quoine Ptd. Ltd., FTX Japan K.K. and FTX Turkey Teknoloji Ve Ticaret A.S or any other exchange or trading platform operated by any Debtor.

You <u>need</u> to file a proof of claim for Non-Customer Claims or a proof of interest on or prior to the applicable Bar Date described in this Notice if you are:

  a. any entity that holds an equity interest in any of the Debtors and is, to that entity's knowledge, either not listed or, in such entity's view, incorrectly listed in the *Lists of Equity Holders* [D.I. 450] (the "<u>Equity Lists</u>") must file a proof of interest on account of the ownership of such equity interest;[3]

  b. any entity whose prepetition Non-Customer Claim is not listed in the applicable Debtor's Schedules, or is listed as disputed, contingent or unliquidated;

  c. any entity that believes its prepetition Non-Customer Claim has been improperly classified or listed in an incorrect amount in the Debtors' Schedules, and seeks to amend the classification and/or amount of such claim in the Schedules;

  d. any entity that believes its prepetition Non-Customer Claim as listed in the Schedules is not an obligation of the specific Debtor identified in the Schedules, and seeks to amend the Schedules to indicate that such claim is a claim against or interest in a different Debtor; and

  e. any entity asserting a prepetition Non-Customer Claim that is allowable under section 503(b)(9) of the Bankruptcy Code as an administrative expense in these Chapter 11 Cases.

The Order establishes the following bar dates for filing proofs of claim and proofs of interest in these Chapter 11 Cases (collectively, the "<u>Bar Dates</u>"):

  a. **General Non-Customer Bar Date**.  Except as otherwise described in this Notice, all persons and entities (as defined in section 101(15) of the Bankruptcy Code) (i) holding a Non-Customer Claim against any of the Debtors and/or (ii) holding an equity interest in one or more of the Debtors are required to file a proof of claim and/or proof of interest, in each case on or before **June 30, 2023, at 4:00 p.m.,**

---

[3]    Because portions of the Equity Lists were filed under seal, when the Debtors serve all known equity interest holders, the Debtors also will provide such holders with their holdings as listed in the Equity Lists.

**Eastern Time**. **For the avoidance of doubt, the General Non-Customer Bar Date applies to all 503(b)(9) Claims.[4]**

b. **Governmental Bar Date**. All governmental units (as defined in section 101(27) of the Bankruptcy Code) holding Non-Customer Claims against any of the Debtors that arose or are deemed to have arisen prior to the Petition Date must file proofs of claim on or before **September 29, 2023, at 4:00 p.m., Eastern Time**.

c. **Amended Schedules Non-Customer Bar Date**. Any claimant holding a Non-Customer Claim or any holder of an equity interest adversely affected by an amendment of or supplement to the Debtors' schedules of assets and liabilities and statements of financial affairs must file a proof of claim or proof of interest, as applicable, on or before the date that is ***the later of***: **(a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment of or supplement to the Schedules is served on such entity.**

d. **Rejection Bar Date**. Any claimant holding Non-Customer Claims arising from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the date that is the **later of (a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on any date the Court may fix in the applicable order authorizing such rejection, and, if no such date is provided, 30 days from the date of service of notice of entry of such order**. For the avoidance of doubt, claimants with claims arising from an executory contract or unexpired lease previously rejected pursuant to a Court order must file a proof of claim on or before the General Non-Customer Bar Date.

Section 101(5) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") provides that the word "claim" means: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**Attention**: This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against or interest in the Debtors. The fact that you have received this Notice ***does not*** mean that you have a claim against or interest in or that the Debtors or the Court believe that you have a claim against or interest in the Debtors.

## 2. WHAT TO FILE

[4] "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

The Debtors are enclosing a modified proof of claim form (the "Proof of Claim Form") for use in these Chapter 11 Cases. You may also use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 410, if it is: (a) written in English; (b) sets forth, for any claim based on cryptocurrency(ies), the number of units of each cryptocurrency or, in the case of any other claim, the amount of such claim in U.S. dollars; (b) sets forth, for any claim based on foreign currency(ies), (i) the applicable foreign cryptocurrency(ies), (ii) the claim amount in the foreign currency(ies), (iii) the exchange rate(s) to U.S. dollars and (iv) the claim amount converted to U.S. dollars using the proposed exchange rates; and (c) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached. If documentation is unavailable, provide an explanation as to why documentation is not available.

Each proof of claim and proof of interest must specify by name and case number the Debtor against which the claim or interest is submitted by either (i) checking the applicable box at the top of the proposed Proof of Claim Form or Proof of Interest Form or (ii) in the case of proofs of claim and proofs of interest being electronically submitted, selecting the applicable Debtor from a dropdown menu. A proof of claim or proof of interest submitted under Case No. 22-11068 or a proof of claim or proof of interest that does not identify a Debtor will be deemed as submitted only against Debtor FTX Trading Ltd. A proof of claim or proof of interest that names a subsidiary or affiliate Debtor but is submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) will be treated as having been submitted against the subsidiary or affiliate Debtor with a notation that a discrepancy in the submission exists. Any proof of claim or proof of interest purporting to indicate a claim against or interest in more than one Debtor shall be deemed filed only against Debtor FTX Trading Ltd. The Debtors reserve any and all rights to reclassify such claims or interests that either do not identify a Debtor, name a subsidiary or affiliate Debtor but are submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) or that purport to indicate a claim against or interest in more than one Debtor. For the avoidance of doubt, if you assert the same claim against or interest in multiple Debtors, you must submit a separate Proof of Claim Form or Proof of Interest Form against each such Debtor.

If your Non-Customer Claim is scheduled by the Debtors, the attached Proof of Claim Form also sets forth: (a) the amount of your Non-Customer Claim as scheduled by the Debtors; (b) the identity of the Debtor against which your Non-Customer Claim is scheduled; (c) whether your Non-Customer Claim is scheduled as disputed, contingent or unliquidated; and (d) whether your Non-Customer Claim is scheduled as a secured claim, an unsecured priority claim, or an unsecured nonpriority claim. You will receive a different Proof of Claim Form for each Non-Customer Claim scheduled in your name by the Debtors.

In addition to the requirements set forth in the immediately preceding paragraph, any proof of claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) state whether the amount asserted represents a combination of goods and services and, if applicable, the portion that relates solely to the value of the goods; and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

If you are a known or asserted holder of an equity interest in one or more of the Debtors, the Debtors are also enclosing a proof of interest form (the "Proof of Interest Form"). Any proofs of interest filed must conform substantially to the Proof of Interest Form and must be (a) written in English and (b) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

A proof of interest must be filed by the holder of the equity interest or the authorized representative thereof. Any proof of interest submitted by an authorized representative of the holder of the equity interest must state the basis for such authorization. Any entity seeking to file a proof of interest on behalf of another entity without express written authorization from such holder must seek authorization from the Court prior to the General Non-Customer Bar Date to do so.

Proof of Claim Forms and Proof of Interest Forms may be obtained free of charge at: https://restructuring.ra.kroll.com/FTX/EPOC-Index. The Official Bankruptcy Form No. 410 may be obtained at http://www.uscourts.gov/forms/bankruptcy-forms.

**Your Proof of Claim Form and/or Proof of Interest Form must NOT contain complete social security numbers or taxpayer identification numbers (instead, list only the last four digits), a complete birth date (instead, list only the year), the name of a minor (instead, list only the minor's initials) or a financial account number (instead, list only the last four digits of such financial account). ALL PROOFS OF CLAIM FORMS AND/OR PROOFS OF INTEREST FORMS FILED WILL BE MADE AVAILABLE TO THE PUBLIC UNLESS OTHERWISE ORDERED BY THE COURT.**

All holders of Non-Customer Claims against or equity interests in more than one Debtor must file a separate proof of claim or proof of interest with respect to each such Debtor, even if the claim is for the same amount and arises under the same facts and circumstances. Each holder of a Non-Customer Claim or equity interest must identify on its Proof of Claim Form or Proof of Interest Form the specific Debtor against or in which its claim or interest is asserted by checking the box next to that Debtor's name on the first page of the Proof of Claim Form or Proof of Interest Form. Any claim or equity interest that fails to identify a Debtor shall be deemed as filed only against Debtor FTX Trading Ltd. If more than one Debtor is listed on a form, the proof of claim or proof of interest will be treated as filed only against Debtor FTX Trading Ltd. A list of the names of the Debtors and their case numbers is set forth on pages 1 through 4 of this Notice.

**3.    WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim and proofs of interest must be filed so as to be *received* **on or before the applicable Bar Date**. You are permitted to submit proofs of claim and proofs of interest (a) by hand delivery or by mail to the applicable address listed below or (b) electronically, through the website of the Debtors' Noticing and Claims Agent.

**IF DELIVERED BY FIRST-CLASS MAIL:**

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**IF DELIVERED BY HAND OR OVERNIGHT DELIVERY:**

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**IF ELECTRONICALLY:**

The website established by the Noticing and Claims Agent, using the interface available on such website located at https://restructuring.ra.kroll.com/FTX/Home-Index under the link entitled ["Submit a Claim."]

Proofs of claim and proofs of interest will be deemed filed only when **actually received** at the addresses listed above or filed electronically on or before the applicable Bar Date.  It is not sufficient for the proof of claim or proof of interest to be post-marked by the applicable Bar Date.  **Proofs of claim and proofs of interest may NOT be delivered by facsimile, telecopy or electronic mail transmission.**

**4.      WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM OR PROOF OF INTEREST**

You do <u>not</u> need to file a proof of claim for Non-Customer Claims or a proof of interest on or prior to the applicable Bar Date described in this Notice if you are:

a.   any entity holding only a Customer Claim (such Customer Claims shall be subject to a separate bar date that is not the subject of this Notice);

b.   any entity on the *Lists of Equity Holders* [D.I. 450] (the "<u>Equity Lists</u>") who agrees with the equity holdings set forth in the Equity Lists;

c.   any entity that has already properly filed a Non-Customer Claim against the Debtors with either the clerk of the Bankruptcy Court in the District of Delaware (the "<u>Clerk of Court</u>") or the Noticing and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 or a proof of interest with the Clerk of Court or Noticing and Claims Agent (unless such entity wishes to assert the Non-Customer Claim against or equity interest in a Debtor not identified in the prior proof of claim or proof of interest or in a different amount or classification than the prior proof of claim or proof of interest, in which case an additional proof of claim or proof of interest, as applicable, must be filed);

d.   any entity (i) whose claim is listed on the Schedules filed by the Debtors, and (ii) whose claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (iii) who agrees with the amount, nature, and priority of the claim as set forth in the

Schedules and (iv) who does ***not*** dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

e.  any person or entity whose claim or equity interest has previously been allowed by order of this Court;

f.  any entity that has already been paid in full by any of the Debtors;

g.  any entity with a claim or interest for which a different deadline has previously been fixed by this Court;

h.  any Debtor that holds a claim against or equity interest in another Debtor (whether directly or indirectly);

i.  any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

j.  any entity holding administrative expense claims for postpetition fees and expenses of professionals retained in these Chapter 11 Cases allowable under section 330, 331 and 503(b) of the Bankruptcy Code;

k.  any entity that is exempt from filing a proof of claim or proof of interest pursuant to an order of the Court in these Chapter 11 Cases; and

l.  any entity holding a claim solely against or interest solely in a non-Debtor entity.

**5.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM OR PROOF OF INTEREST BY THE APPLICABLE BAR DATE**

ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A NON-CUSTOMER CLAIM OR AN EQUITY INTEREST THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM OR PROOF OF INTEREST IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM:  (A) ASSERTING THE APPLICABLE NON-CUSTOMER CLAIM OR EQUITY INTEREST AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY IN THESE CHAPTER 11 CASES OR (B) VOTING ON, OR RECEIVING ANY DISTRIBUTION UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES, EXCEPT TO THE EXTENT THAT (I) SUCH CLAIM IS IDENTIFIED IN THE SCHEDULES AS AN UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIM (INCLUDING WITH RESPECT TO THE AMOUNT, NATURE OR CLASSIFICATION OF SUCH CLAIM) OR (II) SUCH EQUITY INTEREST LISTED ON THE EQUITY LISTS.

**6.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules or as the holder of an equity interest in one or more of the Debtors pursuant to the Equity Lists.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Form(s) and/or Proof of Interest Form(s) regarding the nature, amount and status of your interest(s) and/or claim(s).  If you received payments postpetition from the Debtors (as authorized by the Court) on account of your claim, the information on the enclosed Proof of Claim Form will reflect the net remaining amount of your claims.  If the Debtors believe that you may hold claims against or equity interests in more than one Debtor, you will receive multiple Proof of Claim Forms and/or Proof of Interest Forms, as applicable, each of which will reflect the nature and amount of your claim against or interest in one Debtor, as listed in the Schedules or Equity Lists, as applicable.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim or interest is accurately listed in the Schedules.  However, you may rely on the enclosed form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim or interest is disputed, contingent or unliquidated.  If you agree with the nature, amount and status of your claim or interest as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor(s) specified by the Debtors in the Schedules, and if your claim or interest is *not* described in the Schedules as "disputed," "contingent" or "unliquidated," you need not file a proof of claim.  Similarly, you may rely on the enclosed form which lists the amount and nature of your equity interest in the Debtors.  If you agree with the amount and nature of the equity interest, and if you do not dispute that your equity interest is only in the Debtor(s) specified by the Debtors in the enclosed form, you need not file a proof of interest.  If you disagree with the amount or classification listed on the enclosed form with respect to either a proof of claim or proof of interest, you must submit a new, blank proof of claim form or proof of interest form, as applicable, before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules, the Order and other information and documents regarding these Chapter 11 Cases may be examined between the hours of 8:00 a.m. and 4:00 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 Market Street North, 3rd Floor, Wilmington, DE 19801; and are also available free of charge from the website of the Debtors' Noticing and Claims Agent at https://restructuring.ra.kroll.com/FTX/Home-Index, or by written request to the Debtors' Noticing and Claims Agent at the address listed above in Section 3 of this Notice.  The Schedules may be found on the website of the Debtors' Noticing and Claims Agent under the Quick Link for "Schedules and SOFA."

Copies of the Debtors' Schedules, the Order and other information and documents regarding the Debtors' Chapter 11 Cases are also available for a fee from the Court's website at https://ecf.deb.uscourts.gov.  A login and password to the Court's Public Access to Court Electronic Records ("PACER") system are required to access this information and can be obtained through the PACER Service Center at www.pacer.gov.

7.     **RESERVATION OF RIGHTS**
**Nothing contained in this Notice is intended, or should be construed, as a waiver  of the Debtors' rights to: (a) dispute, or assert offsets or defenses against, any submitted proof of claim or proof of interest or any claim listed or reflected in the Schedules as to the**

nature, amount, liability, or classification of such claim; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**A HOLDER OF A POSSIBLE CLAIM AGAINST OR EQUITY INTEREST IN THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT ADDRESSED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR PROOF OF INTEREST.**

**BY ORDER OF THE COURT**

Dated: [•], 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

## Exhibit 4

**Second Revised Non-Customer Bar Date Publication Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINES REQUIRING FILING OF (I) NON-CUSTOMER PROOFS OF CLAIM AND PROOFS OF INTEREST ON OR BEFORE JUNE 30, 2023 (II) PROOFS OF CLAIMS FOR CLAIMS HELD BY GOVERNMENTAL UNITS ON OR BEFORE SEPTEMBER 29, 2023, (III) NON-CUSTOMER PROOFS OF CLAIM AFFECTED BY THE REJECTION OF AN EXECUTORY CONTRACT OR LEASE AND (IV) NON-CUSTOMER PROOFS OF CLAIM AFFECTED BY THE AMENDMENT OF OR SUPPLEMENT TO THE DEBTORS' SCHEDULES OF <u>ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS</u>**

> <u>**NOTICE TO ALL FTX CUSTOMERS**</u>**: AS OF THE DATE HEREOF, THE COURT HAS NOT YET ESTABLISHED THE DEADLINE FOR FILING A PROOF OF CLAIM ON ACCOUNT OF CUSTOMER CLAIMS. A BAR DATE DEADLINE TO FILE CUSTOMER PROOFS OF CLAIM WILL BE SEPARATELY REQUESTED AND ESTABLISHED, AND CUSTOMERS WILL BE SERVED WITH NOTICE OF THAT DEADLINE. IN THE MEANTIME, VISIT HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX/ FOR MORE INFORMATION CURRENTLY AVAILABLE ABOUT THE PROOF OF CLAIM PROCESS FOR CUSTOMERS.**

**GENERAL NON-CUSTOMER BAR DATE IS JUNE 30, 2023 AT 4:00 P.M. EASTERN TIME**

PLEASE TAKE NOTICE OF THE FOLLOWING:

On  May [•], 2023, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an order [D.I. [•]] (the "<u>Order</u>") in the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of FTX Trading Ltd. and certain of its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), establishing **June 30, 2023 at 4:00 p.m., Eastern Time** (the "<u>General Non-Customer Bar Date</u>") as the general deadline for each person or entity (including

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https:// https://restructuring.ra.kroll.com/ftx. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

individuals, partnerships, corporations, joint ventures and trusts) holding a Non-Customer Claim (as defined below) or equity interest to file a proof of claim or proof of interest, as applicable, in these Chapter 11 Cases.  Among other exceptions described below, the General Non-Customer Bar Date does not apply to claims of any governmental unit or Customer Claims (as defined below).

**1.      WHO MUST FILE A PROOF OF CLAIM OR PROOF OF INTEREST**

You MUST file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates if you have an equity interest in one or more of the Debtors or a claim that is not a Customer Claim (each, a "Non-Customer Claim") that arose prior to November 11, and in the case of Debtor West Realm Shires Inc., November 14, 2023 (as applicable, the "Petition Date"), and you do not fall in one of the exceptions described in Section 4 below.  "Customer Claim" means any claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature or whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law, or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date or (b) any other investment or trading activities on any FTX Exchange.  "FTX Exchange" means FTX.com, FTX.US, FTX Trading Ltd. (d/b/a "FTX"), West Realm Shires Services Inc. (d/b/a "FTX US"), K-DNA Financial Services Ltd. (d/b/a "FTX EU"), Quoine Ptd. Ltd., FTX Japan K.K. and FTX Turkey Teknoloji Ve Ticaret A.S or any other exchange or trading platform operated by any Debtor.  Non-Customer Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the General Non-Customer Bar Date (or, if applicable, one of the other deadlines described below), even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

The Order establishes the following bar dates for filing proofs of claim and proofs of interest in these Chapter 11 Cases (collectively, the "Bar Dates"):

a.  **General Non-Customer Bar Date**.  Except as otherwise described in this Notice, all persons and entities (as defined in section 101(15) of the Bankruptcy Code) (i) holding a Non-Customer Claim against any of the Debtors and/or (ii) holding an equity interest in one or more of the Debtors are required to file a proof of claim and/or proof of interest, in each case on or before **June 30, 2023, at 4:00 p.m., Eastern Time**.  **For the avoidance of doubt, the General Non-Customer Bar Date applies to all 503(b)(9) Claims.**[2]

b.  **Governmental Bar Date**.  All governmental units (as defined in section 101(27) of the Bankruptcy Code) holding Non-Customer Claims against any of the Debtors that

---

[2]    "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

arose or are deemed to have arisen prior to the Petition Date must file proofs of claim on or before **September 29, 2023, at 4:00 p.m., Eastern Time**.

c. **Amended Schedules Non-Customer Bar Date**.  Any claimant holding a Non-Customer Claim or any holder of an equity interest adversely affected by an amendment of or supplement to the Debtors' schedules of assets and liabilities and statements of financial affairs must file a proof of claim or proof of interest, as applicable, or make any amendments to a previously filed proof of claim on or before the date that is ***the later of***:  **(a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on the date that is 30 days after the date that notice of the applicable amendment of or supplement to the Schedules is served on such entity.**

d. **Rejection Bar Date**.  Any claimant holding Non-Customer Claims arising from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the date that is the **later of (a) the General Non-Customer Bar Date and (b) 4:00 p.m., Eastern Time, on any date the Court may fix in the applicable order authorizing such rejection, and, if no such date is provided, 30 days from the date of service of notice of entry of such order**.

## 2.  WHAT TO FILE

Non-Customer Claims should be filed on the modified proof of claim form (the "Proof of Claim Form") provided by the Debtors or one that conforms substantially to Official Bankruptcy Form No. 410.  Proof of Claim Forms may be obtained free of charge at: https://restructuring.ra.kroll.com/FTX/EPOC-Index. The Official Bankruptcy Form No. 410 may be obtained at http://www.uscourts.gov/forms/bankruptcy-forms.  Proofs of interest should be filed on the form ("Proof of Interest Form") also provided by the Debtors.  Proof of Interest Forms may be obtained free of charge at:  https://restructuring.ra.kroll.com/FTX/EPOC-Index.

Each proof of claim or proof of interest must: (i) be written in English; (ii) conform substantially to the Proof of Claim Form (or Official Form 410) or Proof of Interest Form, as applicable; and (iii) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached.  If documentation is unavailable, provide an explanation as to why documentation is not available.

Each proof of claim or proof of interest must specify by name and case number the Debtor against which the claim or interest is submitted by either (i) checking the applicable box at the top of the proposed Proof of Claim Form or Proof of Interest Form or (ii) in the case of proofs of claim and proofs of interest being electronically submitted, selecting the applicable Debtor from a dropdown menu.  A proof of claim or proof of interest submitted under Case No. 22-11068 or a proof of claim or proof of interest that does not identify a Debtor will be deemed as submitted only against Debtor FTX Trading Ltd.  A proof of claim or proof of interest that names a subsidiary or affiliate Debtor but is submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) will be treated as having been submitted against the subsidiary or affiliate Debtor with a notation that a discrepancy in the submission exists.  Any proof of claim or proof of interest purporting to indicate a claim against

or interest in more than one Debtor shall be deemed filed only against Debtor FTX Trading Ltd. The Debtors reserve any and all rights to reclassify such claims or interests that either do not identify a Debtor, name a subsidiary or affiliate Debtor but are submitted under the joint administration case number for these Chapter 11 Cases (Case No. 22-11068) or that purport to indicate a claim against or interest in more than one Debtor.  For the avoidance of doubt, if you assert the same claim against or interest in multiple Debtors, you must submit a separate Proof of Claim Form or Proof of Interest Form against each such Debtor.

In addition, for any Non-Customer Claim based on cryptocurrency(ies), each proof of claim must set forth the number of units of each cryptocurrency.  Such claim of proof is not required to include a dollar amount.  For any Non-Customer Claim based on foreign currency(ies), each proof of claim must set forth (i) the applicable foreign currency(ies), (ii) the claim amount in that foreign currency(ies), (iii) the exchange rate(s) from the foreign currency(ies) to U.S. dollars, and (iv) the amount of such claim converted to U.S. dollars.  In the case of any other claim, the proof of claim must set forth the amount of such claim in U.S. dollars.

In addition to the requirements set forth in the immediately preceding paragraph, any proof of claim asserting a 503(b)(9) Claim must also:  (i) include the value of the goods delivered  to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

A proof of interest must be filed by the holder of the equity interest or the authorized representative thereof.  Any proof of interest submitted by an authorized representative of the holder of the equity interest must state the basis for such authorization.  Any entity seeking to file a proof of interest on behalf of another entity without express written authorization from such holder must seek authorization from the Court prior to the General Non-Customer Bar Date to do so.

For the avoidance of doubt, claimants with claims arising from an executory contract or unexpired lease previously rejected pursuant to a Court order must file a proof of claim on or before the General Non-Customer Bar Date.

**Your Proof of Claim Form and/or Proof of Interest Form must NOT contain complete social security numbers or taxpayer identification numbers (instead, list only the last four digits), a complete birth date (instead, list only the year), the name of a minor (instead, list only the minor's initials) or a financial account number (instead, list only the last four digits of such financial account). ALL PROOFS OF CLAIM FORMS AND/OR PROOFS OF INTEREST FORMS FILED WILL BE MADE AVAILABLE TO THE PUBLIC UNLESS OTHERWISE ORDERED BY THE COURT.**

All holders of Non-Customer Claims against or equity interests in more than one Debtor must file a separate proof of claim or proof of interest with respect to each such Debtor, even if the claim is for the same amount and arises under the same facts and circumstances.  Each holder

4

of a Non-Customer Claim or equity interest must identify on its Proof of Claim Form or Proof of Interest Form the specific Debtor against or in which its claim or interest is asserted by checking the box next to that Debtor's name on the first page of the Proof of Claim Form or Proof of Interest Form. Any claim or equity interest that fails to identify a Debtor shall be deemed as filed only against Debtor FTX Trading Ltd. If more than one Debtor is listed on the respective form, the proof of claim or equity interest will be treated as filed only against Debtor FTX Trading Ltd.

**3.      WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim and proofs of interest must be filed so as to be *received* **on or before the applicable Bar Date**. You are permitted to submit proofs of claim and proofs of interest (a) by hand delivery or by mail to the applicable address listed below or (b) electronically, through the website of the Debtors' Noticing and Claims Agent.

**IF DELIVERED BY FIRST-CLASS MAIL:**

> FTX Trading Ltd. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> Grand Central Station, PO Box 4850
> New York, NY 10163-4850

**IF DELIVERED BY HAND OR OVERNIGHT DELIVERY:**

> FTX Trading Ltd. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

**IF ELECTRONICALLY:**

The website established by the Noticing and Claims Agent, using the interface available on such website located at https://restructuring.ra.kroll.com/FTX/Home-Index under the link entitled "Submit a Claim."

Proofs of claim and proofs of interest will be deemed filed only when **actually received** at the addresses listed above or filed electronically on or before the applicable Bar Date. It is not sufficient for the proof of claim or proof of interest to be post-marked by the applicable Bar Date. **Proofs of claim and proofs of interest may NOT be delivered by facsimile, telecopy or electronic mail transmission.**

**4.      WHO NEED NOT FILE A PROOF OF CLAIM OR PROOF OF INTEREST**

The Order further provides that certain entities, whose claims otherwise would be subject to the Bar Dates, need not file proofs of claim or interest. To review a copy of the Order, please visit https://restructuring.ra.kroll.com/FTX/EPOC-Index. For the avoidance of doubt, any Customer Claim is not required to file a proof of claim at this time.

5.  **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM OR INTEREST BY THE APPLICABLE BAR DATE**

ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A NON-CUSTOMER CLAIM OR AN EQUITY INTEREST THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM OR PROOF OF INTEREST IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM: (A) ASSERTING THE APPLICABLE NON-CUSTOMER CLAIM OR EQUITY INTEREST AGAINST THE DEBTORS OR THEIR ESTATES OR PROPERTY IN THESE CHAPTER 11 CASES OR (B) VOTING ON, OR RECEIVING ANY DISTRIBUTION UNDER, ANY CHAPTER 11 PLAN IN THESE CHAPTER 11 CASES, EXCEPT TO THE EXTENT THAT (I) SUCH CLAIM IS IDENTIFIED IN THE SCHEDULES AS AN UNDISPUTED, NONCONTINGENT AND LIQUIDATED CLAIM (INCLUDING WITH RESPECT TO THE AMOUNT, NATURE OR CLASSIFICATION OF SUCH CLAIM) OR (II) SUCH EQUITY INTEREST LISTED ON THE EQUITY LISTS.

6.  **THE DEBTORS' SCHEDULES AND ADDITIONAL INFORMATION**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. Copies of the Debtors' Schedules, the Order and other information and documents regarding the Debtors' Chapter 11 Cases are available for a fee from the Court's website at https://ecf.deb.uscourts.gov, and are available free of charge at https://restructuring.ra.kroll.com/FTX/EPOC-Index, or by written request to the Debtors' Noticing and Claims Agent, Kroll, at the address listed above in Section 3 of this Notice.

If you have any additional questions, you may contact Kroll via email FTXInfo@ra.kroll.com or call 888-482-0049 (US/Canada Toll-Free); 646-440-4176 (International).

If you rely on the Debtors' Schedules, it is your responsibility to determine that any claim is accurately listed in the Schedules.

**A HOLDER OF A POSSIBLE CLAIM AGAINST OR EQUITY INTEREST IN THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR PROOF OF INTEREST.**

**BY ORDER OF THE COURT**

Dated: [•], 2023
Wilmington, Delaware