IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 17, 2024, at 1:00 p.m. ET**<br>**Objection Deadline: July 10, 2024, at 12:00 p.m. ET** |

### MOTION OF AMANDA HOUGHTON FOR LEAVE TO SERVE SUBPOENAS ON DEBTORS

Amanda Houghton (the "*Compound* Plaintiff") is a plaintiff in a class action lawsuit[2] that is unrelated to this Bankruptcy Action. *Compound* Plaintiff respectfully moves this Court for an order permitting them to serve FTX Trading Ltd. and West Realm Shires Services Inc. d/b/a FTX US (collectively, the "Debtors") each with a subpoena *duces tecum*. The schedules of documents and other information sought through the subpoenas are attached to this Motion as **Exhibit A** (Proposed FTX Subpoena) *and* **Exhibit B** (Proposed FTX US Subpoena). *Compound* Plaintiff seeks limited document discovery on unrelated claims that do not affect Debtors. *Compound* Plaintiff asks this Court to enter the Order substantially in the form attached to the Motion as **Exhibit C**, either confirming that the automatic stay permits the proposed limited

---

[1] The last four digits of FTX Trading Ltd. and West Realm Shires Services Inc. d/b/a FTX US's respective tax identification numbers are 3288 and 4002. A complete list of the numerous Debtors in these Chapter 11 cases, and their federal tax identification numbers, is available at https://cases.ra.kroll.com/FTX. Debtor Emergent Fidelity Technologies Ltd.'s principal place of business is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] *Houghton v. Compound DAO et al.*, Case No. 22-cv-7781 (N.D. of Cal.).

discovery or modifying the stay so that *Compound* Plaintiff can effectuate such discovery through the California court, without any delay.

## PRELIMINARY STATEMENT

1. On December 8, 2022, *Compound* Plaintiff, along with others plaintiffs, filed a class action lawsuit against the Compound DAO, which she alleges is a general partnership, and against a group of defendants who operate the Compound DAO as general partners (collectively, "*Compound* Defendants"). The case makes a claim against Compound Defendants for the unregistered offer and sale of securities in the form of cryptocurrency tokens called COMP in violation of Sections 5 and 12(a)(1) of the Securities Act of 1933. This case is unrelated to the Debtors: no Debtor is a defendant and it does not affect any Debtor.

2. In support of their claim, *Compound* Plaintiff alleges that COMP tokens are unregistered securities; that *Compound* Defendants orchestrated and executed a comprehensive plan to solicit the public to purchase COMP, which included ensuring that the token was listed on public exchanges like the FTX International and U.S. exchanges; that *Compound* Partner-Defendants and other large holders of COMP tokens maintained a large enough quantity of COMP tokens to ensure that they would continue to control the operations of the business venture; and that thousands of people were harmed by *Compound* Defendants' actions. To support these allegations, *Compound* Plaintiff need Debtors' records relating to wallet addresses and transactions on the FTX International and U.S. exchanges involving COMP; records relating to the decision to list COMP on these exchanges; any contracts, communications, or agreements between Debtors and *Compound* Defendants and related entities; and any non-privileged documents or communications concerning whether the COMP token is a security. The proposed schedules of documents and other information sought through the subpoenas are attached to this motion as **Exhibit A** (Proposed FTX Subpoena) and **Exhibit B** (Proposed FTX US Subpoena).

3. This evidence is in the Debtors' possession, custody, and/or control. *Compound* Plaintiff seeks this limited discovery for relevant documents from January 1, 2016 to the present. While *Compound* Plaintiff believes service of her proposed limited discovery under narrowly tailored

subpoenas would not violate the automatic stay under 11 U.S.C. § 362(a), she seeks authorization and confirmation from this Court that she may serve such discovery. In the alternative, *Compound* Plaintiff has "cause" for this Court to provide limited relief from the automatic stay for *Compound* Plaintiff to serve such discovery. *Compound* Plaintiff can only obtain this information—much of which is proprietary to Debtors and in the exclusive custody of Debtors—via subpoenas on Debtors, and it is vital to *Compound* Plaintiff's case. Without such discovery, *Compound* Plaintiff will be substantially and irreparably harmed.

4. Thus, *Compound* Plaintiff moves for leave to serve the subpoenas on Debtors. This Court granted a substantially similar motion filed by Terraform Labs PTE Ltd. ("Terraform") and issued an order granting relief from the automatic stay to allow Terraform to serve subpoenas on Debtors. *See* ECF No. 2032 (July 31, 2023). As with that order, should this Court grant this Motion, *Compound* Plaintiff also asks that such Order take effect immediately.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the February 29, 2012 Amended Standing Order of Reference from the U.S. District Court for the District of Delaware. This is a "core proceeding" under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedures of the U.S. Bankruptcy Court for the District of Delaware, *Compound* Plaintiff consent to the entry of a final order of judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the U.S. Constitution.

7. The statutory predicate for the relief requested is section 362(d)(1) of the Bankruptcy Code.

## BACKGROUND

8. On March 31, 2023, Amanda Houghton (the *Compound* Plaintiff here), along with Charles Douglas and Susan Franklin, filed an amended complaint in their class action lawsuit

against the Compound DAO; Robert Leshner; Geoffrey Hayes; AH Capital Management, LLC; Polychain Alchemy, LLC; Bain Capital Ventures (GP), LLC; Gauntlet Networks, Inc; and Paradigm Operations LP (collectively, "*Compound* Defendants"). This Complaint is attached to this Motion as **Exhibit D**. *Compound* First Amended Complaint. As noted above, this case is unrelated to the Debtors: no Debtor is a defendant, and the case does not affect any Debtor.

9. *Compound* Plaintiff alleges that the Compound DAO is a California general partnership founded by defendants Leshner and Hayes and operated by partner-defendants Leshner, Hayes, AH Capital Management, Polychain, Bain Capital, Gauntlet, and Paradigm ("*Compound* Partner-Defendants"). Ex. D ¶¶ 7–14. The Compound DAO issued equity shares in the form of a cryptocurrency governance token called COMP and made those tokens widely-available for trading by the general public. *Id*. at ¶¶ 2–3. *Compound* Plaintiff purchased COMP; Amanda Houghton, along with Charles Douglas and Susan Franklin, bring a claim on behalf of themselves and others similarly situated against the *Compound* Defendants for the unregistered offer and sale of securities in violation of Sections 5 and 12(a)(1) of the Securities Act of 1933. *Id*. at ¶¶ 214–215.

10. In support of her claim, *Compound* Plaintiff alleges that COMP tokens are unregistered securities; that *Compound* Defendants orchestrated and executed a comprehensive plan to solicit the public to purchase COMP, which included ensuring that the token was listed on public exchanges, such as the FTX International and U.S. exchanges (*Id*. at ¶¶ 63–71; 83–86); that *Compound* Partner-Defendants and other large holders of COMP tokens maintained a large enough quantity of COMP tokens to ensure that they would continue to control the operations of the business venture (*Id*. at 12–19); and that thousands of people who bought and traded COMP (including on the FTX International and U.S. Exchanges) were harmed by *Compound* Defendants' actions (*Id*. at ¶ 198).

11. To effectively prosecute her case and establish her claims, *Compound* Plaintiff requires Debtors' records relating to wallet addresses and transactions on the FTX International and U.S.

exchanges involving COMP; records relating to the decision to list COMP on these exchanges; any contracts, communications, payments, or agreements between Debtors and *Compound* Defendants and related entities; any communications between Debtors and regulatory agencies regarding COMP; and any non-privileged documents or communications concerning whether the COMP token is a security. *See* Ex. A, Proposed Schedule A to FTX Subpoena; Ex. B, Proposed Schedule A to FTX US Subpoena.

12. This evidence is in the Debtors' possession, custody, and/or control. *Compound* Plaintiff seeks this limited discovery for relevant documents from January 1, 2016 to the present. *Compound* Plaintiff can only obtain this information—much of which is proprietary to Debtors and in the exclusive custody of Debtors—via subpoenas on Debtors, and it is vital to *Compound* Plaintiff's case. Without such discovery, *Compound* Plaintiff will be substantially and irreparably harmed. This evidence can be produced subject to the Protective Order entered in *Houghton v. Compound*. *See* **Exhibit E**, Protective Order.

## RELIEF REQUESTED

13. Since no Debtor is a defendant in *Houghton v. Compound* and no claims are asserted in that case against any Debtor, *Compound* Plaintiff submits that her proposed service of limited discovery—narrowly tailored subpoenas—on the Debtors does not run afoul of the automatic stay under section 362(a) of the Bankruptcy Code. Out of an abundance of caution, *Compound* Plaintiff seeks entry of an order authorizing her to effectuate the proposed limited discovery and confirming that such action does not violate the automatic stay, or in the alternative, granting *Compound* Plaintiff limited relief from the automatic stay solely to the extent necessary for *Compound* Plaintiff to effectuate such discovery. *Compound* Plaintiff also asks that any such order take effect immediately.

## BASIS FOR RELIEF

**I.     The Requested Limited Discovery Does Not Violate the Automatic Stay Under Section 362(a) of the Bankruptcy Code**

14. Bankruptcy Procedure Rule 9016 provides that FRCP 45 applies to bankruptcy proceedings. "Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only *against* a 'debtor.'" *McCartney v. Integra Nat. Bank North*, 106 F.3d 506, 509 (3d Cir. 1997) (citation omitted) (emphasis added). Additionally, "it is well accepted that the automatic stay does not prevent discovery aimed at a debtor as long as the discovery pertain[s] to claims and defenses of a non-debtor party." *In re Irwin*, 457 B.R. 413, 426, n.26 (Bankr. E.D. Pa. 2011) (citation omitted); *see also In re Hillsborough Holdings Corp.*, 130 B.R. 603, 605 (Bankr. M.D. Fla. 1991) (holding automatic stay did not prevent discovery aimed at debtor as long as the discovery pertained to claims and defenses of a non-debtor party); *see also, e.g.*, *Groner v. Miller* (*In re Miller*), 262 B.R. 499, 503 (9th Cir. BAP 2001) (holding automatic stay did not prevent subpoenas to debtor for discovery on claims against non-debtors that were not stayed, even if the information to be elicited from the debtor may later be used against the debtor); Peter *Rosenbaum Photography Corp. v. Otto Doosan Mail Order Ltd.*, 2004 WL 2973822, at *3 (N.D. Ill. Nov. 30, 2004) (citing *id.*) ("[I]t is clear that plaintiff would be entitled to serve and proceed with discovery against [the debtor], even if [the debtor] were a defendant in this action, provided the discovery is directed towards the claims against [non-debtor] defendants. . . .").

15. As explained herein, no Debtor entity is a named defendant in the *Houghton v. Compound* action and no claims are asserted against any Debtor in the case—not a single paragraph of the Amended Complaint mentions Debtors, except to explain that COMP was listed on the FTX exchanges. *See* Ex. D. at ¶ 84. *Compound* Plaintiff requires certain limited discovery from the Debtors solely as it "pertain[s] to claims and defenses of a non-debtor party." *In re Irwin*, 457 B.R. 413 at 426. The limited and narrow proposed discovery will place virtually no burden upon the Debtors and will not interfere in any respect with their ability to rehabilitate under Chapter 11. As such, the relief requested herein does not run afoul of section 362(a) of the Bankruptcy Code, and *Compound* Plaintiff respectfully submits that it is appropriate for the Court to enter an order authorizing *Compound* Plaintiff to effectuate her proposed limited discovery by serving the

Debtors with narrow subpoenas relating to the case and confirming such action does not violate the automatic stay.

## II. Even if the Automatic Stay Extends to *Compound* Plaintiff's Proposed Limited Discovery, Cause Exists for Limited Relief From the Automatic Stay to Effectuate the Proposed Limited Discovery

16. This Court granted the substantially similar Motion of Terraform Labs PTE Ltd. ("Terraform") for relief from the automatic stay so that Terraform could serve subpoenas to Debtors in order to support their own position in an action unrelated to this case. *See* ECF No. 2032 (July 31, 2023). *Compound* Plaintiff seeks the same relief for the same reasons. Therefore, if the Court determines that the automatic stay extends to *Compound* Plaintiff's proposed limited discovery, the automatic stay should be lifted and modified for the limited purpose of allowing *Compound* Plaintiff to serve subpoenas on Debtors under Section 362(d)(1) of the Bankruptcy Code.

17. Section 362(d)(1) provides that "the court shall grant relief from the stay . . . for cause." In a determination of "cause," the moving party bears the initial burden to establish a *prima facie* case for which the party opposing the relief must then rebut. *Izzarelli v. Rexene* (In re Rexene Prods. Co.), 141 B.R. 574, 577 (Bankr. D. Del. 1992).

18. "Cause" is not defined in the Bankruptcy Code. "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citations omitted). The automatic stay "is not meant to be absolute, and in appropriate instances relief may be granted." *Id*. The Third Circuit has instructed courts to use "wide latitude" in determining whether to grant relief from stay. *In re Myers*, 491 F.3d 120, 129-30 (3d Cir. 2007). "The purpose of the automatic stay is to maintain the status quo that exists at the time of the debtor's bankruptcy filing." *Pardo v. Nylcare Health Plans, Inc.* (*In re APF Co.*), 274 B.R. 408, 417 (Bankr. D. Del. 2001) (citation omitted).

19. "Because results are dictated by the unique facts of a particular case, there are generally no precise standards to apply [when evaluating whether cause exists to grant relief from the automatic stay]." *The Buncher Co. v. Flabeg Solar US Corporation (In re Flabeg Solar US Corp.)*, 499 B.R. 475, 482-83 (Bankr. W.D. Pa. 2013) (citation omitted). "Among the relevant factors, courts consider the interests of the debtor, creditors, and parties in interest as well as the underlying policies of the Bankruptcy Code." *Id.* at 483.

20. *Compound* Plaintiff submits that "cause" within the meaning of section 362(d) of the Bankruptcy Code exists to lift the automatic stay to allow them to serve and conduct their proposed limited discovery of the Debtors. The proposed limited discovery is crucial to *Compound* Plaintiff's claims, and she would suffer substantial and potentially irreparable harm if denied the ability to seek such discovery.

21. Debtors possess specific information concerning the *Compound* Defendants' actions and liability, in addition to other information relevant to the case. As explained above, *Compound* Plaintiff argues that COMP tokens are unregistered securities; that *Compound* Defendants orchestrated and executed a comprehensive plan to solicit the public to purchase COMP, which included ensuring that the token was listed on public exchanges like the FTX International and U.S. exchanges; that *Compound* Partner-Defendants and other large holders of COMP tokens maintained a large enough quantity of COMP tokens to ensure that they would continue to control the operations of the business venture; and that thousands of people were harmed by *Compound* Defendants' actions.

22. To support these allegations, *Compound* Plaintiff needs Debtors' records relating to wallet addresses and transactions on the FTX International and U.S. exchanges involving COMP; records relating to the decision to list COMP on these exchanges; any contracts, communications, or agreements between Debtors and *Compound* Defendants and related entities; and any non-privileged documents or communications concerning whether the COMP token is a security, as set out in Schedule A to each of the proposed subpoenas. Ex. A; Ex. B.

23. *Compound* Plaintiff would suffer extreme prejudice absent such discovery, whereas the proposed limited discovery would *not* prejudice the Debtors, creditors or any other party in interest. The proposed discovery is narrow in scope: *Compound* Plaintiff only seeks specific and relevant records over a limited time period relevant to their action. All of these records are in the Debtors' possession. The continuation of litigation in the Northern District of California likewise would not prejudice any party in interest: the Debtors are not parties to the litigation, and the underlying policies of the Bankruptcy Code would be promoted by the relief sought herein as the proposed limited discovery would only serve to "maintain the status quo that exists at the time of the debtor's bankruptcy filing." *Pardo*, 274 B.R. at 417.

### III. After the Entry of any Order Granting this Motion, *Compound* Plaintiff Should be Permitted to Serve Her Proposed Discovery Immediately

24. Should this Court grant the Motion, *Compound* Plaintiff respectively asks that this Court waive the optional fourteen-day stay period, as it benefits no party and only prejudices *Compound* Plaintiff. *Compound* Plaintiff requires expedient action on her proposed limited discovery in order to effectively prosecute the case and that service of the subpoenas be allowed immediately upon entry of any order granting relief from the automatic stay. *Compound* Plaintiff also notes that this Court granted similar relief from the automatic stay to allow Terraform to serve subpoenas pursuant to Terraform's substantially similar motion. *See* ECF No. 2032 (July 31, 2023).

25. Federal Rule of Bankruptcy Procedure 4001(a)(3) provides "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." However, Rule 4001(a)(3) is a default rule, which can be modified if the Court orders otherwise. *Id*. *Compound* Plaintiff respectfully submits that this optional fourteen-day stay period serves no relevant purpose here and should be waived in any order granting relief from the automatic stay, so that any order granting relief from the automatic stay be effective immediately upon entry.

**NOTICE**

26. Notice of this Motion, attached as **Exhibit F,** will be provided to: (i) the Debtors; (ii) the Official Committee of Unsecured Creditors; (iii) U.S. Trustee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Department of Justice; (vii) the United States Attorney for the District of Delaware; (viii) the *Compound* Defendants; and (ix) those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, *Compound* Plaintiff submits no further notice is required.

**CONCLUSION**

This Court should grant this Motion and enter an order substantially in the form attached as **Exhibit C**, (i) authorizing *Compound* Plaintiff to effectuate the proposed limited discovery and confirming that such action does not violate the automatic stay, or in the alternative (ii) granting *Compound* Plaintiff limited relief from the automatic stay solely to the extent necessary for *Compound* Plaintiff to effectuate such proposed limited discovery; (iii) waiving the optional fourteen-day stay period after any such Order is entered and allowing service of the subpoenas immediately upon entry of any such Order granting relief from the automatic stay; and (iv) granting such other relief as is just and equitable under the circumstances.

[*Signature block on following page*.]

| | |
|---|---|
| OF COUNSEL:<br><br>SUSMAN GODFREY L.L.P.<br>Steven G. Sklaver<br>Oleg Elkhunovich<br>Rohit D. Nath<br>Nicholas N. Spear<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Telephone: (310) 789-3100<br>ssklaver@susmangodfrey.com<br>oelkhunovich@susmangodfrey.com<br>rnath@susmangodfrey.com<br>nspear@susmangodfrey.com<br><br>Taylor H. Wilson<br>1000 Louisiana St., Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 651-9366<br>twilson@susmangodfrey.com<br><br>FAIRMARK PARTNERS, LLP<br>James Crooks<br>Michael Lieberman<br>1499 Massachusetts Avenue, NW, #113A<br>Washington, DC 20005<br>Telephone: (619) 507-4182<br>jamie@fairmarklaw.com<br>michael@fairmarklaw.com<br><br>GERSTEIN HARROW LLP<br>Charles Gerstein<br>Emily Gerrick<br>810 7th Street NE, Suite 301<br>Washington, DC 20002<br>Telephone: (202) 670-4809<br>charlie@gerstein-harrow.com<br>emily@gerstein-harrow.com<br><br>Jason Harrow (308560)<br>3243B S. La Cienega Blvd.<br>Los Angeles, California 90016<br>Telephone: (323) 744-5293<br>jason@gerstein-harrow.com<br><br>Dated:  June 24, 2024 | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP<br><br>*/s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (#3630)<br>Denise S. Kraft (#2778)<br>300 Delaware Ave., Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>dgattuso@hegh.law<br>dkraft@hegh.law<br><br>*Attorneys for Amanda Houghton* |