# **<u>EXHIBIT B</u>**

## SCHEDULE A

West Realm Shires Services Inc. d/b/a FTX US ("FTX US" or "You" or "Your") is requested to designate one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf about matters known or reasonably available to You. The matters on which each person so designated will be examined will include the following Topics, subject to the Definitions below.

## DEFINITIONS

1. "Defendant" or "Defendants" means Compound DAO; Robert Leshner; Geoffrey Hayes; AH Capital Management, LLC; Polychain Alchemy, LLC; Bain Capital Ventures (GP), LLC; Gauntlet Networks, Inc.; and Paradigm Operations LP, and any of their predecessors, successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

2. "Relevant Period" means the period of January 1, 2016, through the date of document production.

3. "User account" refers to any individual or business account used to access Your platform and services.

4. "COMP" refers to the digital asset known as COMP.

5. "COMP Transaction" refers to a transfer of COMP on Your exchange/platform, including a purchase, sale, or trade of COMP.

## TOPICS

1. Your search for documents and records responsive to the Document Requests in Schedule B of this Subpoena.

2. How any documents and records You produce in response to the Document Requests (a) were made, (b) kept or stored, and (c) whether they were made as part of Your regular practice.

3. The name, address and phone numbers for all custodians of the documents and records You produce in response to the Document Requests.

4. The electronic creation, duplication and storage of the documents and records You produce in response to the Document Requests and documents and records created by You in the ordinary course of business.

5. The nature of all responsive documents, communications, or things that have been withheld in response to the Document Requests on the grounds of privilege or protection, including:

    a. A description of any documents;

    b. The author of any documents and his or her address(es) and phone number(s);

    c. The identity of the custodian of any documents and things and his or her address(es) and phone number(s);

    d. The date the document was created and the person(s) to whom the document or copies were transmitted; and,

    e. A summary of the contents of each document, communication or thing.

6. Your book and record keeping policies and practices between January 1, 2016 and the present, including the information You retain about User Accounts and whether You retained the following information for each COMP Transaction executed on your platform:

    a. The date and time of each transaction;

    b. The quantity of COMP;

  c. The consideration exchanged for COMP;

  d. The transaction type (buy/purchase, sell, otherwise) of each transaction;

  e. Any transaction information indicating whether the transaction type was used to open or close a short sale position;

  f. Any information regarding margin used in each transaction, if any, including but not limited to loan amount and interest charged;

  g. The customer identities executing the transaction, including the party and counterparty;

  h. The names, emails addresses, physical addresses, and country of origin of each party and counterparty;

  i. The tax identification number for each party and counterparty (e.g., EIN #, SSN, etc.);

  j. Any and all wallet information for each party and counterparty including wallet ID and public tag;

  k. The location where the transaction was authorized;

  l. Any transaction identifier that would allow you to match buy with sell orders; and

  m. Any and all fees charged and paid in connection with each transaction.

7. Any and all documents considered or reviewed in Your decision to list COMP and Your listing of COMP.

8. Any and all documents considered or reviewed in Your decision to delist COMP, if any, and Your delisting of COMP, if any.

9. Any non-privileged communications or analysis regarding whether COMP is a security.

10. All contracts or agreements between You and any Defendant.

11. Any payment or consideration Defendants offered or provided to You.

12. Your Communications with any U.S. state or federal regulatory agency, including the U.S. Securities and Exchange Commission, regarding COMP.

## **SCHEDULE B**

The document requests below are served subject to all instructions and definitions set forth in Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, as well as to the instructions and definitions set forth below.

## **INSTRUCTIONS**

1. Any responsive document in electronic form shall be produced in electronic form, including, without limitation, originals and all copies of email; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines; image files in any format; PDF files; and all other electronic files or file fragments, regardless of the media on which they are stored and regardless whether the data resides in an active file, deleted file, or file fragments.

2. All documents electronically produced shall be provided in a file format that can be read by a computer configured to process ADOBE ACROBAT®, Microsoft Word®, or Microsoft Excel® formatted files, when possible. Should a document not be capable of being produced in one of these file formats (or in a standard image format), identify the software application, including the version number and trade name, that can be used to open such document.

3. Produce all documents in the order in which they appear in your files. Documents that, in their original condition, are stapled, clipped or otherwise fastened together shall be produced in the same condition.

4. Produce all documents within your possession, custody, or control including all documents in the possession, custody, or control of any employee, agent, representative, consultant, attorney, accountant, advisors, or other persons directly or indirectly connected with

5

you or subject to your control, any government department, agency or any other government subdivision.

5. If any responsive document has been lost, destroyed, removed from, or is no longer in your possession, custody, or control for any reason, please identify the document, its last known location, and the circumstances surrounding its loss, destruction, or removal.

6. If you contend that any responsive document is protected from disclosure pursuant to any privilege or work-product doctrine, please specifically set forth the privilege being asserted and any factual or legal basis for its assertion. Also set forth the date and title of the document, its subject matter generally, its author(s) and recipient(s), and its Bates number(s).

7. If no documents responsive to a particular request exist, or if such documents exist but are not in your possession, custody, or control, then your response to that request shall so state.

8. Pursuant to the Federal Rules of Civil Procedure, these requests are continuing and you must revise or supplement your responses and production whenever new or additional responsive information becomes known

## DEFINITIONS

1. "Communication" means the transmission of information (in the form of facts, ideas, inquiries or otherwise), or attempted transmission of information, whether written, oral, electronic or by any other means.

2. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

3. "Defendant" or "Defendants" means Compound DAO; Robert Leshner; Geoffrey Hayes; AH Capital Management, LLC; Polychain Alchemy, LLC; Bain Capital Ventures (GP), LLC; Gauntlet Networks, Inc.; and Paradigm Operations LP, and any of their predecessors,

successors, parents, subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

4. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). For clarity, a "document" includes but is not limited to e-mail messages, SMS and text messages, and messages sent on Slack, Discord, WhatsApp, Twitter, Signal, Telegram, or other instant-messaging platforms.

5. "Person" means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity. With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative.

6. "Referring" or "relating to" or "concerning" mean all documents that comprise, explicitly or implicitly refer to, were reviewed in conjunction with or were created, generated or maintained as a result of the subject matter of the request, including, without limitation, all documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the request.

7. "Relevant Period" means the period of January 1, 2016, through the date of document production.

8. "User account" refers to any individual or business account used to access Your platform and services.

9. "FTX US," "You," or "Your" means West Realm Shires Services Inc. d/b/a FTX US, the party responding to this subpoena, and the party's predecessors, successors, parents,

subsidiaries, divisions or affiliates and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

10. "COMP" refers to the digital asset known as COMP.

11. "COMP Transaction" refers to a transfer of COMP on Your exchange/platform, including a purchase, sale, or trade of COMP.

## DOCUMENT REQUESTS

1. All Documents and data you considered in Your decision to list COMP and Your listing of COMP.

2. All non-privileged Documents and Communications concerning whether COMP is a security, including any legal analysis or memorandum provided to You by any Defendant.

3. All contracts or agreements between You and any Defendant.

4. All Communications, contracts, or agreements between You and Compound Labs.

5. All Documents related to Your June 25, 2020 acquisition of COMP, including but not limited to consideration paid, and quantity of COMP received.

6. All Communications between You and any Defendant discussing COMP, Compound Labs, and/or the Compound DAO.

7. For any User Account that has held COMP during the Relevant Period, (a) the User Account wallet information including wallet address and public tag, (b) the User Account's initial COMP holdings at the start of the Relevant Period, (c) the following data for any of the User Account's COMP Transactions: the date and precise time of each transaction, the quantity of COMP transacted, the consideration provided, margin used and interest charged, if any, the identity of the counterparty, amount transferred (in or out) from another exchange, transaction type

(buy/purchase, sell, otherwise), transaction information indicating whether the transaction type was used to open or close a short sale position, or other transactions related to COMP (e.g., derivatives), fees charged for the transaction, and (d) the User Account's end-of-day COMP holdings for each day of the Relevant Period; and (e) the User Account's ability or lack of ability to make or vote on Compound DAO proposals.

8. Documents sufficient to identify each COMP Transaction entered into by each of the following Persons, including the date and time of each transaction, the quantity of COMP transacted, the consideration received in exchange, and the other party or parties to the transaction:

   a. Robert Leshner;
   b. Geoffrey Hayes;
   c. Tarun Chitra;
   d. Olaf Carlson-Wee;
   e. Rei Chiang;
   f. AH Capital Management, LLC;
   g. Polychain Alchemy, LLC;
   h. Bain Capital Ventures (GP), LLC;
   i. Gauntlet Networks, Inc.; and
   j. Paradigm Operations LP.

9. Documents sufficient to identify each party to any COMP Transaction on your exchange during the Relevant Period, including the User Account, tax identification information (EIN#, SSN, etc.), wallet information (wallet ID, public tag, etc.), name, email address, physical address, and country of residence of each party.

10. Documents sufficient to show total COMP daily trading volume on Your exchange and price of COMP during the Relevant Period.

11. All Documents concerning any payment or consideration Defendants or Compound Labs offered or provided to You.

12. All Communications with any U.S. state or federal regulatory agency, including the U.S. Securities and Exchange Commission, regarding COMP.

13. All Documents and Communications regarding the ability or lack of ability of Your users to make or vote on Compound DAO proposals.