# EXHIBIT E

**LATHAM & WATKINS LLP**
Matthew Rawlinson (SBN 231890)
 matt.rawlinson@lw.com
140 Scott Drive
Menlo Park, CA 94025
Tel: +1 (650) 328-4600

Morgan E. Whitworth (SBN 304907)
 morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: +1(415) 391-0600

Douglas K. Yatter (SBN 236089)
 douglas.yatter@lw.com
Benjamin Naftalis (Admitted *pro hac vice*)
 benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel: +1 (212) 906-1200

Susan E. Engel (Admitted *pro hac vice*)
 susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D. C. 20004
Tel: +1 (212) 637-2200

*Attorneys for AH Capital Management, L.L.C.*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Amanda Houghton; Charles Douglas; and Susan Franklin, et al. | Case No. 3:22-cv-07781-WHO |
| Plaintiffs,<br>v. | **STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER** |
| Compound DAO; Robert Leshner; Geoffrey Hayes; AH Capital Management, LLC; Polychain Alchemy, LLC; Bain Capital Ventures (GP), LLC; Gauntlet Networks, Inc.; Paradigm Operations LP,<br><br>Defendants. | Hon. William H. Orrick |

Case 3:22-cv-07781-WHO   Document 155-1   Filed 06/24/25   Page 3 of 21

STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 3:22-cv-07781-WHO

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: any Party may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that meets the requirements for Confidential Information or Items, as set forth below, and which a Producing Party believes in good faith would likely cause competitive, or financial injury if disclosed.  This designation is intended for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Producing Party maintains as confidential in its business, including, but not limited to (i) information reflecting product design or development; (ii) non-public technical or scientific research; (iii) pricing and business strategy documents concerning a particular product or line of products; (iv) financial information not previously disclosed to the public, such as statements reflecting sales data, product margin data, cost and expense data, and/or profit and loss data; (v) sales information or communications relating to specific customers or classes of customers; (vi) proprietary business information or confidential

trade secrets; or (vii) any other Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c).  Confidential Information or Items include information for which applicable law—whether foreign or domestic—requires the equivalent of "Confidential" treatment as set forth in this Order.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, such as source code or investor memoranda.

2.8    House Counsel: attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party or from another Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to or obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims

and defenses in this action, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to

applicable law. The United States District Court for the Northern District of California shall have

jurisdiction to enforce this Order during and beyond final disposition of this Action. The recipient

of any Protected Material hereby agrees to subject itself / himself / herself to the jurisdiction of this

Court for the purpose of any proceedings related to the performance under, compliance with, or

violations of this Order.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party

or Non-Party that designates information or items for protection under this Order must take care to

limit any such designation to specific material that qualifies under the appropriate standards.  The

Designating Party must designate for protection only those parts of material, documents, items, or

oral or written communications that qualify – so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept unjustifiably within

the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process or to impose unnecessary expenses

and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for

protection do not qualify for protection, that Designating Party must promptly notify all other

Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order

(see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

1    designated before the material is disclosed or produced.

2           Designation in conformity with this Order requires:

3           (a) For information in documentary form (e.g., paper or electronic documents, but

4    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

5    affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6    ONLY" to each page that contains protected material.  If only a portion or portions of the material

7    on a page qualifies for protection, the Producing Party also must clearly identify the protected

8    portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-Party that makes

9    original documents or materials available for inspection need not designate them for protection

10   until after the inspecting Party has indicated which material it would like copied and produced.

11   During the inspection and before the designation, all of the material made available for inspection

12   shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the

14   Producing Party must determine which documents, or portions thereof, qualify for protection under

15   this Order.  Then, before producing the specified documents, the Producing Party must affix the

16   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to

17   each page that contains Protected Material.  If only a portion or portions of the material on a page

18   qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

19   (e.g., by making appropriate markings in the margins).

20          (b) for interrogatory answers and responses to requests for admissions, that the

21   Designating Party state in the answers or responses that the answers or responses or specific parts

22   thereof are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23   EYES ONLY." The appropriate legend shall also be placed at the top of each page of interrogatory

24   answers or responses to requests for admission containing the designated Protected Material.

25          (c) for testimony given in deposition or in other pretrial or trial proceedings, that the

26   Designating Party designate any portions of the testimony as "Confidential" or "Highly

27   Confidential – Attorneys' Eyes Only" on the record of the deposition, or in writing on or before the

28

later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be protected by the provisions of this Order. The entire testimony shall be deemed to have been designated Confidential until the time within which the transcript may be designated has elapsed. Transcript pages containing Confidential or Highly Confidential Information or Items must be separately bound by the court reporter, who must affix to each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as instructed by the Designating Party. If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the DVD, plus any container, shall be so labeled.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

1   challenge a confidentiality designation by electing not to mount a challenge promptly after the

2   original designation is disclosed.

3       6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process

4   by providing written notice of each designation it is challenging and describing the basis for each

5   challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must

6   recite that the challenge to confidentiality is being made in accordance with this specific paragraph

7   of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

8   begin the process by conferring directly (in voice to voice dialogue; other forms of communication

9   are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging

10  Party must explain the basis for its belief that the confidentiality designation was not proper and

11  must give the Designating Party an opportunity to review the designated material; to reconsider the

12  circumstances; and, if no change in designation is offered, to explain the basis for the chosen

13  designation.  A Challenging Party may proceed to the next stage of the challenge process only if it

14  has engaged in this meet and confer process first or establishes that the Designating Party is

15  unwilling to participate in the meet and confer process in a timely manner.

16      6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

17  intervention, the Challenging Party may file a motion challenging a confidentiality designation if

18  there is good cause for doing so, including a challenge to the designation of a deposition transcript

19  or any portions thereof.  Any motion brought pursuant to this provision must be made within 21

20  days of the initial notice of challenge or within 14 days of the parties agreeing that the meet-and-

21  confer process will not resolve their dispute, whichever is earlier, and must be accompanied by a

22  competent declaration affirming that the movant has complied with the meet and confer

23  requirements imposed by the preceding paragraph.

24      Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

25  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

26  All parties shall continue to afford the material in question the level of protection to which it is

27  entitled under the Producing Party's designation until the court rules on the challenge or otherwise

28

1    addresses the confidentiality of the material in question.

2    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

3    7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

4    produced by another Party or by a Non-Party in connection with this case only for prosecuting,

5    defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

6    the categories of persons and under the conditions described in this Order.  When the litigation has

7    been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

8    DISPOSITION).

9    Protected Material must be stored and maintained by a Receiving Party at a location and in

10   a secure manner that ensures that access is limited to the persons authorized under this Order.

11   7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered

12   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

13   information or item designated "CONFIDENTIAL" only to:

14   (a) the Receiving Party's Outside Counsel of Record in this action, as well as

15   employees of said Outside Counsel of Record to whom it is reasonably necessary to

16   disclose the information for this litigation;

17   (b) the officers, directors, and employees (including House Counsel) of the

18   Receiving Party to whom disclosure is reasonably necessary for this litigation and who

19   have received a copy of this Protective Order;

20   (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for

21   this litigation and who have received a copy of this Protective Order;

22   (d) the court and its personnel (including court reporters and their staff);

23   (e) mediators, professional jury or trial consultants, mock jurors, and Professional

24   Vendors to whom disclosure is reasonably necessary for this litigation and who have

25   received a copy of this Protective Order ;

26   (f) during their depositions or any preparation therefor, witnesses in the action to

27   whom disclosure is reasonably necessary and who have received a copy of this Protective

28

Order;

(g) the author of, recipient of, or anyone CC'd or BCC'd on an item designated "CONFIDENTIAL" or containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) other Parties to the litigation;

(i) any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment and who has received a copy of this Protective Order;

(j) any other person upon order of the court or by agreements of the Parties.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel (including court reporters and their staff);

(e) mediators, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions or any preparation therefor, witnesses in the action to

1    whom disclosure is reasonably necessary and who have signed the "Acknowledgment and
2    Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or
3    ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions
4    that reveal Highly Confidential Material must be separately bound by the court reporter and
5    may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

6         (g) the author of, recipient of, or anyone CC'd or BCC'd on an item designated
7    "HIGHLY CONFIDENTIAL" or containing the information or a custodian or other person
8    who otherwise possessed or knew the information;

9         (h) any insurer who may be liable to satisfy all or part of a possible judgment in this
10   action or to indemnify or reimburse for payments made to satisfy any judgment and who
11   has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12        (i) any other person upon order of the court or agreement of the Parties.

13   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
14        LITIGATION

15        If a Party is served with a subpoena or a court order issued in other litigation that compels
16   disclosure of any information or items designated in this action as "CONFIDENTIAL" or
17   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

18        (a) promptly notify in writing the Designating Party.  Such notification shall include a
19   copy of the subpoena or court order;

20        (b) promptly notify in writing the party who caused the subpoena or order to issue in the
21   other litigation that some or all of the material covered by the subpoena or order is subject to this
22   Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

23        (c) cooperate with respect to all reasonable procedures sought to be pursued by the
24   Designating Party whose Protected Material may be affected.

25        If the Designating Party timely seeks a protective order, the Party served with the
26   subpoena or court order shall not produce any information designated in this action as
27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a
28

1    determination by the court from which the subpoena or order issued, unless the Party has

2    obtained the Designating Party's permission.  The Designating Party shall bear the burden and

3    expense of seeking protection in that court of its confidential material, and nothing in these

4    provisions should be construed as authorizing or encouraging a Receiving Party in this action to

5    disobey a lawful directive from another court.

6    9.        A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

7              LITIGATION

8              (a) The terms of this Order are applicable to information produced by a Non-Party in

9    this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10   ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this

11   litigation is protected by the remedies and relief provided by this Order.  Nothing in these

12   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

13             (b) In the event that a Party is required, by a valid discovery request, to produce a Non-

14   Party's confidential information in its possession, and the Party is subject to an agreement with the

15   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

16             (1) promptly notify in writing the Requesting Party and the Non-Party that some or

17   all of the information requested is subject to a confidentiality agreement with a Non-Party;

18             (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order

19   in this litigation, the relevant discovery request(s), and a reasonably specific description of the

20   information requested; and

21             (3) make the information requested available for inspection by the Non-Party.

22             (c) If the Non-Party fails to object or seek a protective order from this court within 14

23   days of receiving the notice and accompanying information, the Receiving Party may produce the

24   Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

25   seeks a protective order, the Receiving Party shall not produce any information in its possession or

26   control that is subject to the confidentiality agreement with the Non-Party before a determination

27   by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

28

1   of seeking protection in this court of its Protected Material.

2   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

4   Material to any person or in any circumstance not authorized under this Stipulated Protective

5   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

6   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

7   Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

8   terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

9   Agreement to Be Bound" that is attached hereto as Exhibit A.

10  11.   CLAWBACK OF DISCOVERY MATERIAL

11      Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-

12  protected document, inadvertent or otherwise, is not a waiver of privilege or protection from

13  discovery in this Action or in any other federal or state proceeding.

14      Any Receiving Party who has received a notification of disclosure of Protected Material

15  or privileged material, whether inadvertent or otherwise, from a producing Party shall promptly

16  undertake commercially reasonable efforts to return to the Producing Party and destroy all

17  summaries or copies of such Protected Material or privileged material, shall provide notice in

18  writing that the Receiving Party has undertaken reasonable efforts to return and destroy such

19  Protected Material or privileged material, and shall not use such items for any purpose until

20  further order of the Court.

21  12.   MISCELLANEOUS

22      12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to

23  seek its modification by the court in the future.

24      12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective

25  Order no Party waives any right it otherwise would have to object to disclosing or producing any

26  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

27

28

1  Party waives any right to object on any ground to use in evidence of any of the material covered by

2  this Protective Order.

3          12.3    Filing Protected Material.  Without written permission from the Designating Party

4  or a court order secured after appropriate notice to all interested persons, a Party may not file in the

5  public record in this action any Protected Material.  A Party that seeks to file under seal any

6  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed

7  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

8  issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

9  that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled

10  to protection under the law.  If a Receiving Party's request to file Protected Material under seal

11  pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the

12  information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by

13  the court.

14  13.     <u>FINAL DISPOSITION</u>

15          Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days

16  after the final disposition of this action, as defined in paragraph 4, each Receiving Party must

17  return all Protected Material to the Producing Party or destroy such material.  As used in this

18  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

19  any other format reproducing or capturing any of the Protected Material.  Whether the Protected

20  Material is returned or destroyed, the Receiving Party must submit a written certification to the

21  Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

22  deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

23  returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

24  abstracts, compilations, summaries or any other format reproducing or capturing any of the

25  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy

26  of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

27  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

28

1    and expert work product, even if such materials contain Protected Material.  Any such archival

2    copies that contain or constitute Protected Material remain subject to this Protective Order as set

3    forth in Section 4 (<u>DURATION</u>).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 21, 2024          LATHAM & WATKINS LLP

By: */s/ Morgan E.Whitworth*
Matthew Rawlinson (SBN 231890)
 matt.rawlinson@lw.com
140 Scott Drive
Menlo Park, CA 94025
Tel: +1 (650) 328-4600

Morgan E. Whitworth (SBN 304907)
 morgan.whitworth@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Douglas K. Yatter (SBN 236089)
 douglas.yatter@lw.com
Benjamin Naftalis (Admitted *pro hac vice*)
 benjamin.naftalis@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel: +1 (212) 906-1200

Susan E. Engel (Admitted *pro hac vice*)
 susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D. C. 20004
Tel: +1 (212) 637-2200

*Attorneys for AH Capital Management, L.L.C.*

Dated: March 21, 2024          **CLEARY GOTTLIEB STEEN & HAMILTON LLP**

 */s/ Jared Gerber*
Jennifer Kennedy Park (SBN 344888)
jkpark@cgsh.com
1841 Page Mill Rd Suite 250
Palo Alto, CA 94304

Roger A. Cooper (Admitted *pro hac vice*)
racooper@cgsh.com
Jared Gerber (Admitted *pro hac vice*)
jgerber@cgsh.com
Samuel Levander (Admitted *pro hac vice*)
slevander@cgsh.com
One Liberty Plaza
New York, NY 10006

*Attorneys for Defendant*
*Polychain Alchemy, LLC*

| | |
|---|---|
| Dated: March 21, 2024 | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |

    */s/ Zachary M. Faigen*

Peter B. Morrison (SBN 230148)
peter.morrison@skadden.com
Zachary M. Faigen (SBN 294716)
zack.faigen@skadden.com
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000

Alexander C. Drylewski (Admitted *pro hac vice*)
alexander.drylewski@skadden.com
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000

*Attorneys for Defendant Paradigm Operations LP*

| | |
|---|---|
| Dated: March 21, 2024 | **JENNER & BLOCK LLP** |

    */s/ Kayvan B. Sadeghi*

Kayvan B. Sadeghi (Admitted *pro hac vice*)
ksadeghi@jenner.com
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: +1 212 891 1600

H. An N. Tran (SBN 267685)
ATran@Jenner.com
Benjamin T. Hand (SBN 330451
bhand@jenner.com
455 Market Street Suite 2100
San Francisco, CA 94105-2453
Telephone: +1 628 267 6800

*Attorneys for Defendant Bain Capital Ventures (GP), LLC*

| | |
|---|---|
| Dated: March 21, 2024 | **MORRISON COHEN LLP** |

    */s/ Michael Mix*

Jason Gottlieb (Admitted *pro hac vice*)
Edward P. Gilbert (Admitted *pro hac vice*)
Michael Mix (Admitted *pro hac vice*)
Vani Upadhyaya (Admitted *pro hac vice*)
909 Third Avenue
New York, New York 10022
(212) 735-8600

*Attorneys for Defendants
Robert Leshner, Geoffrey Hayes,
and Gauntlet Networks, Inc*

Dated: March 21, 2024

**GERSTEIN HARROW LLP**

 _/s/ Rohit D. Nath_
Jason Harrow (Cal. Bar No. 308560)
3243B S. La Cienega Blvd.
Los Angeles, CA 90016
jason@gerstein-harrow.com
(323) 744-5293(323) 744-5293

Charles Gerstein (*pro hac vice*)
Emily Gerrick (*pro hac vice*)
810 7th Street NE, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809

James Crooks (*pro hac vice*)
Michael Lieberman (*pro hac vice*)
FAIRMARK PARTNERS, LLP
1499 Massachusetts Ave. NW, #113A
Washington, DC 20005
jamie@fairmarklaw.com
(619) 507-4182

Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Oleg Elkhunovich (269238)
oelkhunovich@susmangodfrey.com
Rohit D. Nath (316062)
rnath@susmangodfrey.com
Nicholas N. Spear (304281)
nspear@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Taylor H. Wilson (*pro hac vice*)
twilson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Attorneys for Plaintiffs*

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3    DATED: March 25, 2024

4                                                    Hon.  William H. Orrick
                                                     United States District Judge
5

6

7                              **FILER'S ATTESTATION**

8    I, Morgan E. Whitworth, am the ECF User whose ID and password are being used to file this

9    Stipulated (Proposed) Protective Order. In compliance with Civil Local Rule 5-1(i), I hereby attest

10   that concurrence in the filing of this document have been obtained from each of the other

11   signatories.

12                                         By:  _/s/ Morgan E.Whitworth_____
                                                     Morgan E. Whitworth
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Houghton et al. v. Compound DAO et al.*, No. 3:22-cv-07781-WHO.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 3:22-cv-07781-WHO