# **Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 4863, —14300, 14301, 15520, 15521, 17004, 18536, 18537** |

**ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION PACKAGES; (III) APPROVING THE FORMS OF BALLOTS; (IV) ESTABLISHING VOTING, SOLICITATION AND TABULATION PROCEDURES; AND (V) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR THE CONFIRMATION OF THE PLAN**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105, 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018 and 3020 and Local Rules 1001-1 and 3017-1, (i) approving the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time and including all exhibits, appendices and attachments thereto, the "Disclosure Statement"); (ii) approving the Solicitation

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion, the Plan or the Disclosure Statement, as applicable.

Packages; (iii) approving the forms of Ballots; (iv) establishing voting, solicitation and tabulation procedures in connection with confirmation of the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan"); and (v) establishing notice and objection procedures for the confirmation of the Plan; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.     Disclosure Statement.    The Disclosure Statement provides Holders of Claims and Interests in the Voting Classes with adequate information in accordance with section 1125(b) of the Bankruptcy Code and complies with the requirements of section 1125 of the

Bankruptcy Code.  The Disclosure Statement complies with Bankruptcy Rule 3016(c) and provides Holders of Claims and Interests with sufficient notice of, and describes, in specific and conspicuous language, the injunction, exculpation and release provisions contained in the Plan. No further information is necessary or required.

2.    <u>Notice of Disclosure Statement Hearing</u>.    Through the Disclosure Statement Hearing Notice, a copy of which is attached hereto as <u>Exhibit 9</u>, the Debtors provided adequate and sufficient notice of the objection deadline to, and the hearing to consider, the Motion and the manner in which copies of the Motion, Disclosure Statement and  Plan may be obtained in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  No other or further notice is required.

3.    <u>Confirmation Timeline.</u>  The Debtors' Proposed Confirmation Timeline relating to solicitation of votes on the Plan provides (i) parties-in-interest with sufficient time to review and consider all solicitation materials, including the Plan, Disclosure Statement, Plan Supplement and other information and materials relating to confirmation of the Plan, (ii) Holders of Claims and Interests in the Voting Classes with sufficient time to make an informed judgment to accept or reject the Plan, (iii) Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims with sufficient time to review and consider whether to make an irrevocable election (the "<u>Bahamas Opt-In Election</u>") to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s ("<u>FTX DM</u>") liquidation proceeding in The Bahamas (the "<u>FTX DM Liquidation Proceeding</u>") in exchange for forever, fully and finally releasing and discharging the Debtors with respect to such Claims and forever, fully and finally withdrawing with prejudice such Claims from these

Chapter 11 Cases, and (iv) all parties-in-interest in these Chapter 11 Cases with sufficient time to object or otherwise respond to confirmation of the Plan.

4.      Solicitation Packages and Notices of Non-Voting Status.  The procedures set forth in the Motion regarding the form and manner of distribution of the Solicitation Packages and Notices of Non-Voting Status, including via e-mail, of (i) the Solicitation Packages to Holders of Claims and Interests in Voting Classes, (ii) the Unimpaired Notice to Holders of Claims in the Unimpaired Non-Voting Classes and (iii) the Impaired Notice to Holders of Claims in the Impaired Non-Voting Classes, provide Holders of Claims and Interests with adequate information to make informed decisions with respect to voting on, where applicable, or objecting or otherwise responding to, confirmation of the Plan in accordance with Bankruptcy Rule 3017(d) and other applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules.

5.      Confirmation Hearing Notice & Publication Notice.  Service of the notice, substantially in the form attached hereto as Exhibit 6 (the "Confirmation Hearing Notice"), and publication of the notice substantially in the form attached hereto as Exhibit 7 (the "Publication Notice"), of the date, time and location of the Confirmation Hearing, the deadline to object or otherwise respond to confirmation of the Plan and information regarding the discharge, injunction, exculpation and release provisions set forth in Article 10 of the Plan constitutes good and sufficient notice of the Confirmation Hearing to all Holders of Claims and Interests and other parties-in-interest in these Chapter 11 Cases, in satisfaction of the requirements of due process and in accordance with Bankruptcy Rules 2002(b) and 3017(d), Local Rule 3017-1 and other applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules.  No other or further notice is required.

6.      <u>Ballots</u>.  The forms of the Ballots, substantially in the form attached hereto as <u>Exhibit 3A</u>, <u>Exhibit 3B</u>, <u>Exhibit 3C</u>, <u>Exhibit 3D</u>, <u>Exhibit 3E</u>, <u>Exhibit 3F</u>, <u>Exhibit 3G</u>, <u>Exhibit 3H</u>, <u>Exhibit 3I</u>, <u>Exhibit 3J</u>, <u>Exhibit 3K</u>, <u>Exhibit 3L</u>, <u>Exhibit 3M</u> or <u>Exhibit 3N</u> including all voting instructions provided therein and the Addendum for Holders of Split or Partial Claims (the "<u>Addendum for Holders of Split or Partial Claims</u>") substantially in the form attached hereto as <u>Exhibit 3O</u>, adequately address the circumstances of these Chapter 11 Cases and provide for a fair and equitable voting process appropriate for the Voting Classes.  The Ballots are consistent with Official Bankruptcy Form No. 314 and comply with Bankruptcy Rule 3018(c).  Ballots do not need to be provided to Holders of Claims in the Unimpaired Non-Voting Classes, which are classified as unimpaired under the Plan and are conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code, or Holders of Claims and Interests in the Impaired Non-Voting Classes, which will not receive any Plan Distributions and are conclusively presumed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Ballots also do not need to be provided to Holders of Intercompany Claims or Intercompany Interests.  No further information or instructions are necessary.

7.      <u>Solicitation, Voting and Tabulation Procedures</u>.  The Debtors' proposed procedures, substantially in the form attached hereto as <u>Exhibit 1</u> (the "<u>Solicitation and Voting Procedures</u>"), for (i) soliciting, receiving and tabulating votes to accept or reject the Plan, and (ii) voting to accept or reject the Plan, adequately address the circumstances of these Chapter 11 Cases and provide for a fair and equitable solicitation, voting and tabulation process appropriate for the Voting Classes and comply with Bankruptcy Rules 3017(d), 3018(a) and 3018(c) and other applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules.  The period during which the Debtors may solicit votes on the Plan and related elections is a

reasonable and adequate period of time for Holders of Claims and Interests entitled to vote on the Plan to make an informed decision to accept or reject the Plan and timely return Ballots evidencing such decision.

## IT IS HEREBY ORDERED THAT:

8. The Motion is GRANTED as set forth herein.

## I. Approval of the Adequacy of the Disclosure Statement.

9. The Disclosure Statement is approved as containing adequate information pursuant to section 1125(b) of the Bankruptcy Code and Bankruptcy Rule 3017(b) and, to the extent not withdrawn, settled or otherwise resolved, any objections to the approval of the Disclosure Statement are overruled on the merits. The Debtors are authorized to use the Disclosure Statement in connection with the solicitation of votes in favor of the Plan.

## II. Approval of the Confirmation Timeline.

10. The following dates and deadlines are hereby established (subject to modification as necessary) with respect to the solicitation of votes on the Plan and confirmation of the Plan:

a   ***Voting Record Date.***   **June 25, 2024** as the record date for purposes of determining which Holders of Claims and Interests are entitled to vote on the Plan (the "Voting Record Date");

b   ***Publication Deadline.***   **July 10, 2024** as the deadline by which for the publication of the Publication Notice or as soon as reasonably practical thereafter (the "Publication Deadline");

c   ***Solicitation Mailing Deadline.***   **July 10, 2024**, or 14 days after entry of this Order, whichever is later; *provided* that for any undelivered or undeliverable Solicitation Packages, the Debtors shall distribute, or cause to be distributed, to such Holders as soon as reasonably practical (the "Solicitation Mailing Deadline");

d   ***Rule 3018 Motion Filing Deadline.***   **July 16, 2024** as the deadline for filing a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing a Claim for voting purposes (the

"Rule 3018 Motion Filing Deadline"); *provided*, that the Rule 3018 Motion Filing Deadline shall be August 1, 2024 for Fondation Serendipity, Fondation Elements, Serendipity Network Ltd. and Liquidity Network Ltd;

e   ***Plan Supplement Filing Deadline.***   **August 2, 2024** as the deadline by which the Debtors must file the Plan Supplement or as soon as reasonably practical thereafter (the "Plan Supplement Filing Deadline");

f   ***Confirmation Objection Deadline.***  **August 16, 2024 at 4:00 p.m. prevailing Eastern Time** as the deadline for all parties by which objections to the Plan must be filed with the Court and served so as to be actually received by the appropriate notice parties (the "Confirmation Objection Deadline");

g   ***Voting Deadline.***   **August 16, 2024 at 4:00 p.m. prevailing Eastern Time** as the deadline by which **all** Ballots must be properly executed, completed, and delivered so that they are actually received (the "Voting Deadline") by the Solicitation Agent;

h   ***Cure Notice Deadline.***  **August 30, 2024** as the deadline by which the Debtors must serve each assumption notice to the applicable counterparty to Executory Contracts and Unexpired Leases (the "Cure Notice Deadline").  The Debtors may supplement or modify the schedule of assumed Executory Contracts and Unexpired Leases at any time; *provided* that any such supplement or modification shall have an objection deadline as set forth in paragraph 10(j) below and any such supplement or modifications with objection deadlines beyond the Confirmation Hearing shall be subject to further order of the Court;

i   ***Cure Objection Deadline***.  The later of (i) **September 13, 2024** and (ii) with respect to any Executory Contract or Unexpired Lease that is added or supplemented to the schedule of assumed Executory Contracts and Unexpired Leases after the date that is 14 calendar days prior to **September 13, 2024**, the date that is 14 calendar days following the filing of the relevant supplement to the schedule of assumed Executory Contracts and Unexpired Leases (the "Cure Objection Deadline");

j   ***Voting Report Deadline.***   Seven calendar days before the Confirmation Hearing (as defined below) as the deadline by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court (the "Voting Report Deadline");

-7-

> k      ***Deadline to File Reply to Confirmation Objection(s).***  Seven
> calendar days before the Confirmation Hearing as the deadline by
> which the Debtors and any other parties-in-interest shall file any
> replies or responses to objections to the Plan in support of
> confirmation of the Plan; and
>
> l      ***Proposed Confirmation Hearing.***  **October 7, 2024 at ~~[•]~~10:00
> a.m. prevailing Eastern Time subject to the Court's
> availability** as the hearing at which the Court will consider
> confirmation of the Plan (the "<u>Confirmation Hearing</u>") and shall
> continue to the extent necessary on such additional dates as the
> Court may designate.  The Confirmation Hearing may be
> adjourned from time to time by the Court or the Debtors without
> further notice other than as indicated in any notice or agenda of
> matters scheduled for a particular hearing that is filed with the
> Court.

**III.      Approval of the Form, Content and Manner of Notices.**

**A.      Approval of the Form and Manner of Notice of the Disclosure Statement Hearing and Response Deadline.**

11.      The form and manner of the notice of the Disclosure Statement Hearing and related objection procedures constituted adequate and sufficient notice of the Disclosure Statement Hearing and the deadline for filing objections to the Motion, including the adequacy of the Disclosure Statement, complied with the Bankruptcy Rules and Local Rules, and comported with due process.  The Disclosure Statement Hearing Notice is hereby approved.

**B.      Approval of the Form and Distribution of Solicitation Packages to Holders in the Voting Classes.**

12.      On or before the Solicitation Mailing Deadline, the Debtors shall cause the Solicitation Agent to distribute a Solicitation Package to each Holder of a Claim or an Interest in any Voting Class, containing the following materials, the form of each of which is hereby approved:

> a.      the Cover Letter, which describes the contents of the Solicitation
> Package and recommends all Holders of Claims and Interests in

the Voting Classes vote to accept the Plan, substantially in the form attached hereto as <u>Exhibit 4</u>;

b.    the Official Committee Letter, substantially in the form attached hereto as <u>Exhibit 5</u>;

c.    to the extent prepared by the Ad Hoc Committee, a letter (which shall only be included in the Solicitation Packages to be served on Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims);

d.    the Solicitation and Voting Procedures;

e.    the applicable form of Ballot;

f.    the Disclosure Statement (and exhibits thereto, including the Plan);

g.    this Order (excluding exhibits);

h.    the Confirmation Hearing Notice;

i.    the letter from the Debtors and JOLs explaining the Bahamas Opt-In Election process (the "<u>Bahamas Process Letter</u>"), substantially in the form attached hereto as <u>Exhibit 10</u>; and

j.    any additional documents that the Court has ordered to be made available to Holders of Claims and Interests in the Voting Classes.

13.    The Debtors and the Solicitation Agent are hereby authorized to distribute the Solicitation Packages via e-mail in electronic format to all Holders of Claims and Interests in the Voting Classes, utilizing the e-mail address on file for such Holder, if any, and the e-mail address listed on the filed proof of claim, to the extent a proof of claim was filed and an e-mail address other than the e-mail address on file was provided; *provided* that the Debtors shall also serve by first-class mail all Holders who have received service in the Chapter 11 Cases via first-class mail.  If the message to either e-mail address is returned as undeliverable or if the Debtors are not in possession of an e-mail address for such Holders, the Debtors are authorized to serve the Solicitation Package on such Holders in paper or electronic format (*i.e.*, USB flash drive format), via first class mail to the extent a valid physical mailing address is known by the

Debtors.  The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses or e-mail addresses based on undeliverable Solicitation Packages.

14.    The Solicitation Agent is hereby authorized to:  (a) distribute the Solicitation Packages; (b) receive, tabulate, and report on Ballots cast to accept or reject the Plan by Holders of Claims and Interests in the Voting Classes; (c) receive, tabulate, and report on which Class 5A Ballots and which Class 7A Ballots have affirmatively made the Bahamas Opt-In Election; (d) respond to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (e) solicit votes on the Plan; and (f) if necessary, contact Holders of Claims or Interests and other parties-in-interest regarding balloting of the Plan.

15.    On or before the Solicitation Mailing Deadline, the Debtors shall also electronically serve all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

**C.    Approval of the Form and Distribution of Notices to Non-Voting Classes.**

16.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes.  On or before the Solicitation Mailing Deadline, the Solicitation Agent shall provide the following notice, the form of each of which is hereby approved:

> a.    ***Unimpaired Non-Voting Classes.***  Holders of Claims in the Unimpaired Non-Voting Classes are unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, Holders of such Claims will receive the Confirmation Hearing Notice and the Unimpaired Notice,

substantially in the form attached to this Order as <u>Exhibit 2A</u>, in lieu of a Solicitation Package; and

b.   ***Impaired Non-Voting Classes.***  Holders of Claims and Interests in the Impaired Non-Voting Classes are not entitled to any distributions under the Plan and, therefore, are deemed to reject the Plan and will receive the Confirmation Hearing Notice and the Impaired Notice, substantially in the form attached to this Order as <u>Exhibit 2B</u>, in lieu of a Solicitation Package.

17.   The Debtors and the Solicitation Agent are hereby authorized to distribute the Notices of Non-Voting Status via e-mail in electronic format to all Holders of Claims and Interests in the Non-Voting Classes, utilizing the e-mail address on file for such Holder, if any, and the e-mail address listed on any filed proof of claim, to the extent a proof of claim was filed and an e-mail address other than the e-mail address on file was provided; *provided* that the Debtors shall also serve by first-class mail all Holders who have received service in the Chapter 11 Cases via first-class mail.  If the message to either e-mail address is returned as undeliverable or if the Debtors are not in possession of an e-mail address for such Holders, the Debtors are authorized to serve the Notices of Non-Voting Status on such Holders in paper or electronic format (*i.e.*, USB flash drive format), via first class mail to the extent a valid physical mailing address is known by the Debtors.  The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses or e-mail addresses based on undeliverable Notices of Non-Voting Status.

18.   The Debtors are not required to provide Holders in Class 9 (Cancelled Intercompany Claims) and Class 10 (Intercompany Interests) with a Solicitation Package or any other type of notice in connection with the solicitation.

### D.    Approval of Forms of Ballots.

19.    The forms of Ballots attached hereto as <u>Exhibit 3A</u>, <u>Exhibit 3B</u>, <u>Exhibit 3C</u>, <u>Exhibit 3D</u>, <u>Exhibit 3E</u>, <u>Exhibit 3F</u>, <u>Exhibit 3G</u>, <u>Exhibit 3H</u>, <u>Exhibit 3I</u>, <u>Exhibit 3J</u>, <u>Exhibit 3K</u>, <u>Exhibit 3L</u>, <u>Exhibit 3M</u> and <u>Exhibit 3N</u> and the form of Addendum for Holders of Split or Partial Claims attached hereto as <u>Exhibit 3O</u> are hereby approved in their entirety.

### E.    Approval of Notice of Filing of the Plan Supplement.

20.    The Plan Supplement Notice, substantially in the form attached hereto as <u>Exhibit 8</u>, is hereby approved.  If the Debtors file a Plan Supplement, on or before the Plan Supplement Filing Deadline, the Debtors shall serve the Plan Supplement Notice on the Notice Parties (as defined below).

## IV.    Establishment of Voting, Solicitation and Tabulation Procedures.

21.    The Solicitation and Voting Procedures, attached hereto as <u>Exhibit 1</u>, are hereby approved in their entirety.  The Debtors are authorized to accept, solicit, receive and tabulate votes to accept or reject the Plan in accordance with the Solicitation and Voting Procedures, including the eligibility criteria for a Holder to vote on the Plan and the mechanisms to establish the Voting Amount of a Claim.  The Voting Amount so established shall be for voting tabulation purposes only and shall not be binding for any other purposes on the Debtors or on the JOLs and FTX DM, including, without limitation, for purposes of the allowance of, and distribution with respect to, Claims and Interests under the Plan or in the FTX DM Liquidation Proceeding.

## V.    Approval of Notice and Objection Procedures for Confirmation of the Plan.

22.    The Confirmation Hearing Notice is hereby approved.

23.     On or before the Solicitation Mailing Deadline and simultaneously with the distribution of the Solicitation Packages, the Debtors shall serve, by electronic service to the extent possible, the Confirmation Hearing Notice on all known Holders of Claims and Interests, the U.S. Trustee, counsel to the Committee, counsel to the Ad Hoc Committee, the Securities and Exchange Commission, the Internal Revenue Service, the United States Department of Justice, the United States Attorney for the District of Delaware, and to the extent not covered, those parties requesting notice pursuant to Bankruptcy Rule 2002 (regardless of whether such parties are in Voting Classes) (collectively, the "Notice Parties"), in each case only to the extent such parties have not otherwise been served with the Confirmation Hearing Notice pursuant to this Order.  Such service of the Confirmation Hearing Notice shall constitute good and sufficient notice of the Confirmation Hearing.

24.     The form of the Publication Notice, attached hereto as Exhibit 7, is hereby approved.  On or before the Publication Deadline, the Debtors shall cause the Publication Notice to be published once in [•]The New York Times (National Edition), The New York Times (International Edition) and on CoinDesk (Coindesk.com).

25.     Any objection to confirmation of the Plan must: (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the particular Debtor or Debtors; (d) state with particularity the basis and the specific grounds therefor and (e) be filed with the Court, together with proof of service thereof, and served upon and received by counsel to the Debtors and each of the Notice Parties no later than the Confirmation Objection Deadline of **August 16, 2024 at 4:00 p.m. (Eastern Time)**.

26.     Any objections that fail to comply with the requirements set forth in this Order may, in the Court's discretion, not be considered and may be overruled.

**VI.    Other**

27.     The Debtors are authorized to make non-material changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, Solicitation Packages, Notices of Non-Voting Status, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to any other materials in the Solicitation Packages before distribution.

28.     The Debtors reserve the right to modify the Plan in accordance with Article 11 thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Hearing Date.

29.     Notwithstanding anything contained herein to the contrary, nothing in this Order is intended or shall be deemed to affect any potential rights, claims, defenses, counterclaims or cross-claims of any party in any pending adversary proceeding.

30.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim or Proof of Interest after the Voting Record Date.

31.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

32.     The Debtors and the Solicitation Agent are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

33.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation or interpretation of this Order.

Dated: _____
        Wilmington, Delaware

_____
The Honorable John T. Dorsey
United States Bankruptcy Judge

## Exhibit 1

**Solicitation and Voting Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## PLAN SOLICITATION AND VOTING PROCEDURES

On [•], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order in the above captioned chapter 11 cases [D.I. •] (the "Solicitation Procedures Order"), among other things, (i) approving the adequacy of the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. •] (as may be modified, amended, or supplemented from time to time and including all exhibits and appendices thereto, the "Disclosure Statement"),[2] (ii) establishing the Voting Record Date in connection with confirmation of the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. •] (as may be modified, amended, or supplemented from time to time, the "Plan"), (iii) approving the solicitation materials and documents to be included in the solicitation package (the "Solicitation Package"), (iv) approving the forms of Ballots, (v) establishing voting, solicitation and tabulation procedures and (vi) establishing notice and objection procedures for the confirmation of the Plan.

The Solicitation and Voting Procedures set forth below are supplemented by the instructions accompanying the Ballots (as defined below) that will be sent to Holders of Claims and Interests in the Voting Classes (as defined below).  Reference should be made to those instructions in addition to this document.  In the event of any conflict among the Solicitation and Voting Procedures, the instructions accompanying the Ballots and the terms of the Ballots control.

### 1. **The Voting Record Date.**

The Court has established **June 25, 2024** as the record date (the "Voting Record Date")

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

for purposes of determining which Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B Priority DM Claims, Class 8C PropCo General Unsecured Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (collectively, the "Voting Classes") are entitled to vote to accept or reject the Plan and make certain elections related thereto.  Only Holders of Claims and Interests in the Voting Classes as of the Voting Record Date are entitled to vote to accept or reject the Plan and make certain elections related thereto.

2.    **The Voting Deadline.**

The Court has established **August 16, 2024, at 4:00 p.m. prevailing Eastern Time** as the voting deadline (the "Voting Deadline") to vote to accept or reject the Plan and make elections related thereto.  The Debtors may extend the Voting Deadline without further order of the Court by filing a notice on the Court's docket. To be counted as votes to accept or reject the Plan or as any valid elections made through the ballots, all ballots (the "Ballots") must be executed, completed, and delivered pursuant to the Solicitations Procedures Order and the instructions set forth on the applicable Ballots so that they are actually received by Kroll Restructuring Administration LLC (the "Solicitation Agent") no later than the Voting Deadline. Holders of Claims and Interests in the Voting Classes may submit their Ballots via (a) the Solicitation Agent's online voting platform at https://restructuring.ra.kroll.com/FTX/, or (b) mail or hand-delivery to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. Ballots submitted to the Solicitation Agent by any means other than as expressly provided in the Solicitation Procedures Order, these Solicitation and Voting Procedures and the instructions set forth on the applicable Ballot, including e-mail, facsimile, or electronic means other than the online voting portal, or Ballots submitted directly to the Debtors or any of the Debtors' advisors *shall not be valid and will not be counted*.

Only one Ballot may be submitted on account of each Claim.  Holders of Claims and Interests that submit a Ballot via the Solicitation Agent's online voting platform should not also submit a paper Ballot.  If multiple Ballots are received with respect to the same Claim, the last Ballot submitted in accordance with the Solicitation Procedures Order, these Solicitation and Voting Procedures and the instructions set forth on the applicable Ballot actually received by the Solicitation Agent before the Voting Deadline shall be deemed to be the effective vote or election  with respect to the Claim indicated on that Ballot.

3.    **Form, Content, and Manner of Notices.**

(i)    Content of the Solicitation Package.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.    the Cover Letter, which describes the contents of the Solicitation Package

and recommends all Holders of Claims and Interests in the Voting Classes to vote to accept the Plan;

b.    the Official Committee Letter, which states the Official Committee's recommendation to all Holders of General Unsecured Claims, General Convenience Claims and Customer Entitlement Claims regarding voting on whether to accept the Plan;

c.    to the extent prepared by the Ad Hoc Committee, a letter (which shall only be included in the Solicitation Package to be served on Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims);

d.    these Solicitation and Voting Procedures;

e.    the applicable form of Ballot;

f.    the Disclosure Statement (and exhibits thereto, including the Plan);

g.    the Solicitation Procedures Order (excluding exhibits);

h.    the Confirmation Hearing Notice;

i.    the letter from the Debtors and JOLs explaining the Bahamas Opt-In Election process; and

j.    any additional documents that the Court has ordered to be made available to Holders of Claims and Interests in the Voting Classes.

(ii)    <u>Distribution of the Solicitation Package.</u>

(1)    *Timing of Distribution of Solicitation Packages.*

The Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims and Interests in the Voting Classes who are entitled to vote on or before **July 10, 2024**, or 14 days after entry of the Solicitation Procedures Order, whichever is later; *provided* that for any undelivered or undeliverable Solicitation Packages, the Debtors shall distribute, or cause to be distributed, to such Holders as soon as reasonably practicable (the "<u>Solicitation Mailing Deadline</u>").

(2)    *Distribution to Holders of Claims and Interests in the Voting Classes.*

The Solicitation Package will be distributed via e-mail in electronic format to all Holders of Claims and Interests in the Voting Classes to the e-mail on file for such Holders, if any, and the e-mail address listed on the filed proof of claim or proof of interest, to the extent a proof of claim or proof of interest was filed and an e-mail address other than the e-mail address on file was used; *provided* that the Debtors shall also serve by first-class mail all Holders who have received service in the Chapter 11 Cases via first-class mail. If the message to either e-mail

address is returned as undeliverable or if the Debtors are not in possession of an e-mail address for such Holders, the Solicitation Agent shall serve the Solicitation Package on such Holders in paper or electronic format (*i.e.*, USB flash drive format) via first class mail to the extent a valid physical mailing address is known by the Debtors.  The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses or e-mail addresses based on undeliverable Solicitation Packages.

Each Ballot will be prepopulated with, among other things, the Voting Amount (as defined below) of each Claim or Interest held by the Holders in each of the Voting Classes and includes detailed descriptions of the elections available to certain Holders.  The Ballots on the online voting portal will provide prompts to ensure that any elections made by the Holders are consistent, thus preventing Holders from inadvertently submitting a defective Ballot and ensuring that votes to accept or reject the Plan from Holders in the Voting Classes will be counted properly.

     (iii)    <u>Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.</u>

Certain Holders of Claims that are not entitled to vote because they are unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Unimpaired Claims* (the "<u>Unimpaired Notice</u>") and the Confirmation Hearing Notice.

Certain Holders of Claims and Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Interests and Claims* (the "<u>Impaired Notice</u>" and together with the Unimpaired Notice, the "<u>Notices of Non-Voting Status</u>") and the Confirmation Hearing Notice.

Notices of Non-Voting Status and the Confirmation Hearing Notices will be distributed to the applicable Holders, utilizing the e-mail address on file for such Holder, if any, and the e-mail address listed on any filed proof of claim, to the extent a proof of claim was filed and an e-mail address other than the e-mail address on file was provided; *provided* that the Debtors shall also serve by first-class mail all Holders who have received service in the Chapter 11 Cases via first-class mail.  If the message to either e-mail address is returned as undeliverable or if the Debtors are not in possession of an e-mail address for such Holders, the Solicitation Agent shall serve the Notices of Non-Voting Status and the Confirmation Hearing Notices on such Holders in paper or electronic format (*i.e.*, USB flash drive format), via first class mail to the extent a valid physical mailing address is known by the Debtors.  The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses or e-mail addresses based on undeliverable Notices of Non-Voting Status.

     (iv)    <u>Distribution to Other Parties-in-Interest.</u>

All other Holders of Claims and Interests who are not receiving Solicitation Packages or the Notices of Non-Voting Status will receive the Confirmation Hearing Notice via e-mail from the Solicitation Agent; *provided* that the Debtors shall also serve by first-class mail all Holders

who have received service in the Chapter 11 Cases via first-class mail.  To the extent an e-mail address is not on file for any Holder of Claims or Interests, and the Debtors are in possession of a valid physical mailing address for such Holders, the Solicitation Agent shall serve the Confirmation Hearing Notice on such Holder at such physical mailing address via first class mail.

To supplement the Confirmation Notice, the Debtors plan to cause the Publication Notice containing information from the Confirmation Hearing Notice in a format modified for publication (the "Publication Notice") to be published in [▪]The New York Times (National Edition), The New York Times (International Edition) and on CoinDesk (Coindesk.com) on or before July 10, 2024.

The Debtors shall also electronically serve all the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

(v)      Avoiding Duplication.

To avoid duplication and to reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Proofs of Claim against a Debtor (whether against the same or multiple Debtors) and any Holder of an Interest who has filed duplicative Proofs of Interest against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, only one copy of each relevant Ballot) or one applicable Notice of Non-Voting Status on account of such Claim or Interest and with respect to that Class as against that Debtor.

(vi)     Quoine Customers.

The Debtors may determine, no later than 180 days after the Confirmation Date, to exclude Debtor Quoine Pte. Ltd. ("Quoine") from the Plan and treat Quoine as an Excluded Entity in the event that the Singapore International Commercial Court has not entered orders in form and substance reasonably acceptable to the Debtors (i) recognizing the Chapter 11 Case of Quoine Pte. Ltd. in Singapore and (ii) granting full force and effect in Singapore to the Confirmation Order, the Digital Assets Estimation Order and the Claims Bar Date.  Therefore, votes of Holders of Claims of creditors and customers of Quoine will be solicited on a contingent basis pursuant to their status as Holders of Class 5A Dotcom Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 7A Dotcom Convenience Claims or Class 7C General Convenience Claims, as applicable.  In the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date, Claims against Quoine will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases, Holders of Claims of creditors and customers of Quoine will not be entitled to any Distributions under the Plan on account of such Claims, and any ballots or elections made by of Holders of Claims of creditors or customers of Quoine will be deemed null and void.  In the event the Debtors do not make such determination to exclude Quoine from the Plan within 180 days after the Confirmation Date, Holders of Claims of creditors or customers of Quoine will be treated as Holders of Claims in Class 5A Dotcom Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 7A Dotcom Convenience Claims or Class 7C General Convenience Claims, as applicable.

### 4.  Voting and Tabulation Procedures.

(i)     Holders of Claims and Interests Entitled to Vote.

Only the following Holders of Claims and Preferred Equity Interests in the Voting Classes shall be entitled to vote with respect to such Claims and Interests, and such Holders shall be allowed to vote only in the amounts set forth in Section 4(ii) of these Solicitation and Voting Procedures:

        a.     Holders of Claims that are listed in the Debtors' schedules of assets and liabilities[3] (collectively, and as may be amended from time to time, the "Schedules," and those Claims appearing in the Schedules, the "Scheduled Claims") and are not scheduled as contingent, unliquidated or disputed.

        b.     Holders of Claims that, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date) that supersedes their Scheduled Claims, or that

---

[3]    The Debtors filed schedules of assets and liabilities for each Debtor along with amendments thereto at D.I. 865-954, 956-63, 966-1083, 1166, 1729-65, 1985-95, 1997-2031, 2033-42, 2045-97, 2285-2408, 4471, 6290-6324.

asserts a Claim that does not appear in the Schedules.

c.    Holders of Preferred Equity Interests that are listed in the Debtors' *Notice of Filing of List of Equity Holders* [D.I. 450] (the "Equity List").

d.    Holders of Preferred Equity Interests that, on or before the Voting Record Date, have timely filed a Proof of Interest (or an untimely Proof of Interest that has been allowed as timely by the Court under applicable law on or before the Voting Record Date) that supersedes the Preferred Equity Interests listed in the Equity List, or that asserts a Preferred Equity Interest that is not included in the Equity List.

Holders of Claims and Interests in one or more of the Non-Voting Classes (*i.e.*, Holders of Claims and Interests in Classes 1, 2, 3B, 4, 5C, 8A, 9, 11, 13, 14, 15, 16, 17 and 18) shall not be entitled to vote such Claim or Interest and any Ballot cast by a Holder on account of a Claim or Interest in a Non-Voting Class shall not be counted.

(ii)   Establishing Voting Amounts.

The voting amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim or Preferred Equity Interest for any other purpose, including distributions under the Plan.  Any amounts prepopulated on the Ballots by the Debtors are not binding for purposes of allowance and distribution.  In tabulating votes, the amount of a Claim or a Preferred Equity Interest for purposes of voting to accept or reject the Plan (the "Voting Amount") shall be determined as follows:

(1)   *Scheduled Claims not superseded by a filed Proof of Claim or Preferred Equity Interest listed in the Equity List not superseded by a filed Proof of Interest.*

a.    In the event a Scheduled Claim is not scheduled as contingent, unliquidated or disputed, the "Scheduled Amount" will be dispositive for voting purposes.  The "Scheduled Amount" in respect of a Scheduled Claim shall be the dollar amount for such Claim set forth in the Debtors' Schedules; *provided* that, to the extent all or part of a Scheduled Claim includes cryptocurrency, such cryptocurrency will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations set forth either in ~~(i)~~ the Court's *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] ~~or (ii) the Court's [•]~~ (together with any further order of the Court estimating claims based on digital assets, the "Digital Assets Estimation Order")~~,~~ or as shall be set forth in ~~an~~any other order by the Court, as applicable; *provided*, *further*, that to the extent all or part of a Scheduled Claim includes an NFT, such NFT of the Scheduled Claim will not be valued.

-7-

b.      In the event a Scheduled Claim is scheduled as contingent, unliquidated or disputed, such Claim will be disallowed for voting purposes.

c.      In the event a Preferred Equity Interest is listed in the Equity List, the amount entitled to be paid out of the funds and assets of FTX Trading or West Realm Shires Inc., as applicable, in the event of any voluntary or involuntary liquidation, dissolution or winding up pursuant to its certificate of incorporation effective as of the Petition Date (such amount, the "<u>Liquidation Amount</u>")[4].

(2)    *Scheduled Claims superseded by a timely filed Proof of Claim or listed Preferred Equity Interest superseded by a timely filed Proof of Interest.*

a.      Subject to any Resolution Event (as defined below), in the event (i) a Scheduled Claim is not scheduled as contingent, unliquidated or disputed and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date) or (ii) the Holder of the Preferred Equity Interest timely filed a Proof of Interest (or an untimely Proof of Interest that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim or the Liquidation Amount of the asserted Preferred Equity Interests, as applicable, shall control for voting purposes; *provided*, that if such Proof of Claim or Proof of Interest is filed as partially liquidated and partially unliquidated or contingent, such Claim or Preferred Equity Interest shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if such Proof of Claim or Proof of Interest is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, the Scheduled Amount or the Liquidation Amount of the Preferred Equity Interests listed in the Equity List shall then control for voting purposes.

b.      Subject to any Resolution Event, in the event a Claim is scheduled as contingent, unliquidated or disputed and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or

---

[4]    The Liquidation Amount of a Preferred Equity Interest under the certificate of incorporation of FTX Trading or West Realm Shires Inc., as applicable, is generally defined as an amount equal to the greater of (i) one times the applicable original issue price, plus any dividends declared but unpaid thereon, or (ii) such amount per share as would have been payable had all preferred shares been converted into common shares thereunder immediately prior to a liquidation event.

before the Voting Record Date), the asserted amount in the Proof of Claim shall control for voting purposes; *provided*, that if such Proof of Claim is filed as partially liquidated and partially unliquidated or contingent, such Claim shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if (i) such Proof of Claim is wholly contingent, unliquidated, or disputed (based on the face of such Proof of Claim or as determined upon the reasonable review of the Debtors) or (ii) such Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, such Claim shall count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that if the objection from the Debtors or any other party-in-interest is an objection to reduce the amount asserted in such Proof of Claim, such Claim shall count for voting purposes only in the reduced amount.

(3)      *A filed Proof of Claim in respect of an unscheduled Claim or a filed Proof of Interest in respect of an unlisted Preferred Equity Interest.*

a.      Subject to any Resolution Event, in the event that (i) a Claim is not scheduled by the Debtors and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date) or (ii) a Preferred Equity Interest is not listed in the Equity List and the Holder of a Preferred Equity Interest timely filed a Proof of Interest (or an untimely Proof of Interest that has been allowed as timely by the Court under applicable law on or before the Voting Record Date), the asserted amount in the Proof of Claim or the Liquidation Amount of the asserted Preferred Equity Interests, as applicable, shall control for voting purposes; *provided*, that if such Proof of Claim or Proof of Interest is filed as partially liquidated and partially unliquidated or contingent, such Claim or Preferred Equity Interest shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if (i) such Proof of Claim or Proof of Interest is wholly contingent, unliquidated, or disputed (based on the face of such Proof of Claim or Proof of Interest or as determined upon the reasonable review of the Debtors) or (ii) such Proof of Claim or Proof of Interest is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, such Claim

or Preferred Equity Interest shall count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that if the objection from the Debtors or any other party-in-interest is an objection to reduce the amount asserted in such Proof of Claim or quantity of Preferred Equity Interests in such Proof of Interest, such Claim or Preferred Equity Interests, as applicable, shall count for voting purposes only in the reduced amount.

(4)     *Resolution Event.*

a.      Notwithstanding the foregoing, with respect to all Claims and Preferred Equity Interests in the Voting Classes, the Voting Amount shall be the amount: (i) settled and/or agreed upon by the Debtors, in consultation with the Committee, and the applicable Holder, as reflected in a document filed with the Court; (ii) set forth in an order of the Court (either pursuant to section 502(a) of the Bankruptcy Code allowing such Claim or Preferred Equity Interest, Bankruptcy Rule 3018 temporarily allowing such Claim or Preferred Equity Interest in a specified amount for voting purposes, or otherwise); (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court and the applicable Holder; or (iv) set forth in e-mailed instructions from the Debtors' counsel to the Solicitation Agent with the applicable Holder copied, and which amount shall be confirmed by the applicable                 Holder                 (clauses (i) through (iv), the "Resolution Events").

Notwithstanding anything to the contrary herein:

a.      if a Claim is scheduled as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes;

b.      Holders of Proofs of Claim filed for $0.00 or zero cryptocurrency or other digital assets, as applicable, are not entitled to vote;

c.      Holders of Proofs of Preferred Equity Interests filed for $0.00 or zero Preferred Equity Interests are not entitled to vote;

d.      Claims that have been paid, scheduled to be paid in the ordinary course of business, or otherwise satisfied are disallowed for voting purposes;

-10-

e.      Claims or Preferred Equity Interests that have been disallowed for voting or distribution purposes by an order of the Court are disallowed for voting purposes;

f.      any creditor who has filed or purchased duplicate Claims or Preferred Equity Interests within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim or Preferred Equity Interest in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

g.      if a Proof of Claim or Proof of Interest is amended, the last-filed, otherwise valid, Proof of Claim or Proof of Interest shall be subject to these procedures and will supersede any earlier filed Proof of Claim or Proof of Interest , and any earlier filed Proof of Claim or Proof of Interest will be disallowed for voting purposes.

(iii)    <u>Voting and Ballot Tabulation Procedures.</u>

The following voting procedures and assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or order of the Bankruptcy Court:

a.      Each Holder of Claims or Preferred Equity Interest must vote the entire amount of such Holder's Claim(s) or Preferred Equity Interest(s) indicated on one Ballot either to accept or reject the Plan. Each Holder of Claims or Preferred Equity Interests may not bifurcate its Claims or Equity Interests on one Ballot. If multiple Ballots are received from a Holder with respect to the same Claim or Preferred Equity Interest prior to the Voting Deadline, the last properly executed Ballot timely received will supersede and revoke any prior received Ballot.

b.      To the extent that a Holder of Claims or Preferred Equity Interests receives multiple Ballots on account of different Claims or Preferred Equity Interests, such Holder is not required to vote to accept or reject the Plan in the same manner or make the same elections in all of the Ballots.

c.      The Class 5A and Class 7A Ballots contemplate that Holders of Class 5A Dotcom Customer Entitlement Claims or Class 7A Dotcom Convenience Claims may make an irrevocable election (the "<u>Bahamas Opt-In Election</u>"), subject to effectiveness of the Plan,                        to (i) forever, fully and finally release and discharge the Debtors with respect to such Claims and (ii) forever, fully and finally withdraw

with prejudice such Claims from these Chapter 11 Cases in exchange to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s ("FTX DM") liquidation proceeding in The Bahamas (the "FTX DM Liquidation Proceeding").  Any Holder who wishes to have its Class 5A Dotcom Customer Entitlement Claims or Class 7A Dotcom Convenience Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding must (i) submit a proof of debt in the FTX DM Liquidation Proceeding via the FTX DM Portal, (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other required steps in the FTX DM Liquidation Proceeding (collectively (i) through (iii), the "Bahamas Requirements").  In the event a Holder makes the Bahamas Opt-In Election, but fails to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX DM Liquidation Proceeding, such Holder, subject to effectiveness of the Plan, (i) forever, fully and finally releases and discharges the Debtors with respect to such Claims, (ii) forever, fully and finally withdraws with prejudice such Claims from these Chapter 11 Cases and (iii) may not have its Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

Subject to the effectiveness of the Plan, by making the Bahamas Opt-In Election, a Holder making the Bahamas Opt-In Election agrees to make its KYC Information submitted in these Chapter 11 Cases accessible to FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorizes the Debtors to make such KYC Information available to FTX DM and its agents and representatives.

Any Holder who makes the Bahamas Opt-In Election, subject to effectiveness of the Plan, shall not have the applicable Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases,  and the Solicitation Agent will be authorized to update the Claims Register accordingly.  Any Holder who makes the Bahamas Opt-In Election will not receive any Distributions from the Debtors in these Chapter 11 Cases on account of the applicable Claim and will not be entitled to complete any other part of the Ballot or make any of the other elections in these Chapter 11 Cases with respect to such Claim.  In the event a Holder makes the Bahamas Opt-In Election and completes any other part of the Ballot or make any other elections in the Ballot, the Bahamas Opt-In Election shall control and the

Ballot will be disregarded and not counted and the other elections deemed null and void. Further, any Holder who makes the Bahamas Opt-In Election in the applicable Ballot shall be deemed to vote in favor of the Plan.

Any Holder who does not make the Bahamas Opt-In Election in the applicable Ballot shall have its applicable Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases. Notwithstanding anything to the contrary in the foregoing, with respect to any Class 5A Dotcom Customer Entitlement Claim or Class 7A Dotcom Convenience Claim, (i) in the event a proof of debt has been timely submitted in the FTX DM Liquidation Proceeding in respect of such Claim (regardless whether a properly executed Ballot with respect to such Claim is received by the Solicitation Agent on or prior to the Voting Deadline and regardless whether the Bahamas Opt-In Election was not made in such Ballot) and all other Bahamas Requirements in the FTX DM Liquidation Proceeding have been completed, such Claim shall, subject to the effectiveness of the Plan, be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding and the Holder of such Claim shall, subject to the effectiveness of the Plan, forever, fully and finally release and discharge the Debtors with respect to such Claims and forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases and (ii) in the event a properly executed Ballot with respect to such Claim is not received by the Solicitation Agent on or prior to the Voting Deadline, such Claim shall, subject to effectiveness of the Plan, be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases, unless a proof of debt has been timely submitted in the FTX DM Liquidation Proceeding and all other Bahamas Requirements in the FTX DM Liquidation Proceeding have been completed in respect of such Claim.

d.   The Class 5A, Class 5B and Class 6A Ballots contemplate that Holders may, if they also vote to accept the Plan, make the Convenience Claim Election and receive the treatment for Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims and Class 7C General Convenience Claims, respectively, except that Holders of Class 5A Dotcom Customer Entitlement Claims who make the Bahamas Opt-In Election will not be entitled to make the Convenience Claim Election in these Chapter 11 Cases, but should be entitled to make a similar election in the FTX DM Liquidation Proceeding. A Holder of a Class 5A, Class 5B or Class 6A Claim that makes the Convenience Class Election will be deemed to vote to accept the Plan. In the event a Holder makes the Convenience Class Election and votes to reject the Plan, such

Holder's Convenience Class Election shall control and its vote to reject the Plan will be null and voided. For the avoidance of doubt, the Convenience Claim Election does not change the nature of a Claim for purposes of Voting and as such a Holder's vote to accept the Plan will be counted in the original Voting Amount in the Voting Class in which the Claim was originally classified.

e.   Each Claim asserted in currency other than U.S. dollars (other than cryptocurrency) shall be automatically deemed converted to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Petition Date.

f.   Each Claim asserted in cryptocurrency shall be converted to U.S. dollars by the valuations set forth either in the Digital Assets Estimation Order, or as shall be set forth in an order by the Court, as applicable.

g.   Except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count such Ballot in connection with confirmation of the Plan.

h.   The Solicitation Agent will date-stamp all Ballots when received. All Ballots submitted via the Solicitation Agent's online voting portal will also be time-stamped upon receipt. The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court.

i.   In light of the substantive consolidation proposed to be effectuated pursuant to the Plan, for purposes of determining Class acceptance or rejection of the Plan, the Solicitation Agent shall tabulate Ballots in respect of the Debtors collectively on a consolidated basis.

j.   The Debtors will file the Voting Report on or before seven calendar days before the Confirmation Hearing **by 4:00 p.m.** prevailing Eastern Time (the "<u>Voting Report Deadline</u>"). The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity, including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged (collectively, in each case, the "<u>Irregular Ballots</u>"). The Voting

Report shall indicate the Debtors' decision with regard to such Irregular Ballots.

k.  Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted; *provided* that the Debtors, in consultation with the Committee, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report.

l.  The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each such Holder.  Except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot, and delivery of a Ballot to the Solicitation Agent by any means other than expressly provided in these Solicitation and Voting Procedures will not be valid.

m.  No Ballot should be submitted to the Debtors, the Debtors' agents or representatives (other than the Solicitation Agent), the Debtors' financial or legal advisors, the Committee, the Committee's agents or representatives, the Committee's financial or legal advisors, the Committee's members, the Ad Hoc Committee, the Ad Hoc Committee's agents or representatives, the Ad Hoc Committee's financial or legal advisors, or the Ad Hoc Committee's members, the JOLs, the JOLs' agents or representatives, or the JOLs' financial or legal advisors, and, if so sent, will not be counted.

n.  A person signing a Ballot in that person's capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims or Preferred Equity Interests must indicate such capacity when signing.

o.  In the event a designation of lack of good faith is requested by a party-in-interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Preferred Equity Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected.

p.  Subject to any order of the Court, the Debtors reserve the right to, in consultation with the Committee and the Ad Hoc Committee, reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance

-15-

with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report.

q.    If a Claim has been estimated or otherwise allowed only for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

r.    If an objection to a Claim or a Preferred Equity Interest is filed, such Claim or Preferred Equity Interest shall be treated in accordance with the procedures set forth herein.

s.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan:

    i.    any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim or Preferred Equity Interest;

    ii.   any Ballot cast by any entity that does not hold a Claim or a Preferred Equity Interest in a Voting Class;

    iii.  any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (or deemed timely filed by an order of the Court prior to the Voting Record Date) or for a Preferred Equity Interest not listed in the Equity List for which no Proof of Interest was timely filed by the Voting Record Date (or deemed timely filed by an order of the Court prior to the Voting Record Date);

    iv.   any unsigned Ballot or Ballot lacking a signature (for the avoidance of doubt, a Ballot submitted via the Solicitation Agent's online balloting portal shall be deemed a signature);

    v.    any Ballot not marked to accept or reject the Plan (which may be through making certain elections on the applicable Ballot) or marked both to accept and reject the Plan;

    vi.   any Ballot transmitted by facsimile, e-mail, or other means not specifically approved pursuant to the Solicitation Procedures Order or contemplated by these Solicitation and Voting Procedures;

vii.   any Ballot submitted to any of the Debtors, the Debtors' agents or representatives other than the Solicitation Agent, the Debtors' financial or legal advisors, the Committee, the Committee's agents or representatives, the Committee's financial or legal advisors, the Committee's members, the Ad Hoc Committee, the Ad Hoc Committee's agents or representatives, the Ad Hoc Committee's financial or legal advisors, or the Ad Hoc Committee's members; and

viii.   any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein;

t.   in the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date as described in Section 3(vi) of these Solicitation and Voting Procedures, any Ballot submitted on account of a Claim against Quoine will not be counted in determining the acceptance or rejection of the Plan and any elections made on any Ballot shall be deemed null and void;

u.   neither the Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

v.   after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors, in consultation with the Committee and the Ad Hoc Committee, or further order of the Court;

w.   the Debtors are authorized to enter into stipulations with the Holder of any Claim or Preferred Equity Interest agreeing to the amount of a Claim or Preferred Equity Interest, as applicable, for voting purposes, with such stipulations to be disclosed on the Voting Report;

x.   for any of the Voting Classes, the Debtors reserve the right to treat such Class as Unimpaired and conclusively deemed to have accepted the Plan.  In the event that the Debtors exercise such right, the Debtors are authorized to disregard any Ballots previously submitted by Holders of such Claims and Interests in such affected Class; and

y.   where any portion of a single Claim or a Preferred Equity Interest has been transferred to a transferee, all Holders of any portion of such single Claim or Preferred Equity Interest will be (i) treated as

-17-

a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other solicitation and voting procedures set forth herein), (ii) required to vote any and all portions of such Claim or Preferred Equity Interest collectively to accept or reject the Plan and (iii) required to collectively make the same election(s) with respect to every portion of such Claim or Preferred Equity Interest. In the event that (x) a Ballot or (y) a group of Ballots received from the various Holders of multiple portions of a single Claim or Preferred Equity Interest partially reject and partially accept the Plan, contain inconsistent election(s), or do not represent, or collectively represent, all portions of such Claim or Preferred Equity Interest, such Ballots shall not be counted and such election(s) shall be deemed null and void.

z.    All votes and elections contained in the last properly executed Ballot submitted as of the Voting Deadline with respect to any Claim or Interest shall be binding on any subsequent transferee of such Claim or Interest.

(iv)    <u>Master Ballot Procedures.</u>

The following procedures shall apply to accommodate any attorney representing Holders holding 50 or more Claims or Interests in a single Voting Class. The Debtors reserve the right to waive any of the below specified requirements, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or order of the Bankruptcy Court.

For any attorney representing Holders holding 50 or more Claims or Interests in a single Voting Class, in lieu of submitting Ballots through the Solicitation Agent's online voting portal or via mail or hand-delivery for each such Claim or Interest, such attorney may email a signed and completed PDF version of a master ballot to ftxballots@ra.kroll.com, reflecting the votes and election(s) for the underlying claims, accompanied by a spreadsheet in Microsoft Excel format (the spreadsheet together with the signed and completed PDF version of the Ballot, a "<u>Master Ballot</u>"). Such spreadsheet must include each of the following data points in the following order for each underlying claim, as applicable: (i) client unique Ballot ID, (ii) client claim number, (iii) client schedule number, (iv) client name, (v) voting amount, (vi) scheduled amount and (vii) stipulated amount. A form of the spreadsheet will be provided to attorneys upon request to ftxballots@ra.kroll.com. Failure to include any of the aforementioned data points in the spreadsheet may result in the exclusion of the Master Ballot from being counted in determining the acceptance or rejection of the Plan. Furthermore, (x) each Master Ballot must include at least 50 underlying Claims or Interests in the applicable Voting Class, unless otherwise agreed to by the Debtors in their sole discretion, (y) all such underlying Claims or Interests shall vote and make the election(s) in the same manner, and (z) the signed and completed PDF version of the Ballot and the spreadsheet must be consistent with each other with respect to the vote and election(s). Failure to comply with any of the foregoing requirements

-18-

may result in the exclusion of the Master Ballot from being counted in determining the acceptance or rejection of the Plan.

To the extent that a specific Claim or Interest appears on more than one (1) Master Ballot, the Solicitation Agent will use reasonable efforts to inform the attorneys submitting the affected Master Ballots of the duplicated Claims or Interests.  It is the sole obligation and responsibility of the attorneys to coordinate with each other to resolve the conflicting submissions and for the appropriate attorney to submit the Master Ballot in respect of such Claims or Interests together with an email to ftxballots@ra.kroll.com copying all affected attorneys confirming such resolution.  The Solicitation Agent is entitled to rely upon any such email.  If the attorneys are unsuccessful in reaching consensus regarding which attorney is voting on behalf of the Claims or Interests, and the Solicitation Agent receives multiple inconsistent Ballots on account of such Claims or Interests (*i.e.*, a vote to accept the Plan and a vote to reject the Plan), the Solicitation Agent is authorized to invalidate all such inconsistent votes.  If the attorneys are unsuccessful in reaching consensus regarding which attorney is voting on behalf of the Claims or Interests and the Solicitation Agent receives multiple consistent Ballots on account of such Claims or Interests (*i.e.*, multiple votes to accept the Plan or multiple votes to reject the Plan), the Solicitation Agent is authorized to treat such votes as duplicative and count them only once for numerosity purposes.  For the avoidance of doubt, if the Solicitation Agent timely receives a Ballot directly through the Solicitation Agent's online voting portal or via mail or hand-delivery from a Holder of Claims or Interests that is inconsistent with a corresponding Master Ballot cast by such Holder's attorney, the vote cast directly by the Holder of Claims or Interests will control.  Notwithstanding anything to the contrary herein, neither the Debtors nor the Solicitation Agent are obligated to attempt to cure any inconsistent votes.

*   *   *   *   *

## EXHIBIT 2A

**Unimpaired Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## UNIMPAIRED INTERESTS AND CLAIMS

      **PLEASE TAKE NOTICE** that on [•], 2024 the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. •] (the "Solicitation Procedures Order").   Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"), voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan").[2]

      **UNDER THE TERMS OF THE PLAN, CLASS 1 PRIORITY TAX CLAIMS, CLASS 2 OTHER PRIORITY CLAIMS, CLASS 3B OTHER SECURED CLAIMS,  CLASS 4 SEPARATE SUBSIDIARY CLAIMS, CLASS 5C NFT CUSTOMER ENTITLEMENT  CLAIMS  AND  CLASS 8A PROPCO OPERATING EXPENSE CLAIMS WILL BE  SATISFIED IN FULL  OR OTHERWISE UNAFFECTED. THEREFORE, IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, YOUR CLAIMS IN THESE CLASSES ARE CONSIDERED UNIMPAIRED AND WILL BE PAID IN FULL OR OTHERWISE  UNAFFECTED BY THE DEBTORS' CHAPTER 11 CASES.  IN ACCORDANCE WITH SECTION 1126(f) OF THE BANKRUPTCY**

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

CODE, YOU ARE CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND ARE NOT ENTITLED TO VOTE ON THE PLAN.

BECAUSE YOU ARE PRESUMED TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO CONSENT TO THE RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN (THE "THIRD-PARTY RELEASE") IF YOU FAIL TO OBJECT TO SUCH THIRD-PARTY RELEASE BEFORE THE CONFIRMATION OBJECTION DEADLINE (AS SET FORTH BELOW).  IF YOU DO OBJECT TO THE GRANT OF SUCH THIRD-PARTY RELEASE, YOU MUST FILE AN OBJECTION TO THE PLAN AS SET FORTH BELOW.  FOR YOUR CONVENIENCE, THE DEFINED TERMS AND FULL TEXT OF SECTION 10.5 OF THE PLAN ARE SET FORTH AT THE END OF THIS NOTICE.

If you hold a separate, additional Claim or Interest for which you are entitled to vote, then you will also receive a Ballot and other solicitation materials under separate cover.

### Relevant Deadlines

The hearing at which the Court will consider the Confirmation of the Plan (the "Confirmation Hearing") will commence on **October 7, 2024 at [•]10:00 a.m. prevailing Eastern Time**, or such other time as the Court determines.  The Confirmation Hearing will take place before the Honorable John T. Dorsey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on such parties as the Court may order. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and other applicable law, prior to, during or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

Any objection to the confirmation of the Plan must:  (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor and (5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than **August 16, 2024 at 4:00 p.m. prevailing Eastern Time (the "Confirmation Objection Deadline"). UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

### Notice Parties

(a)     Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Brian D. Glueckstein

(gluecksteinb@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com);

(b)     The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov);

(c)     Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com);

(d)     Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com);

(e)     Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com); and

(f)     To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

The Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than **August 9, 2024**.

## Obtaining Copies of Relevant Documents

Copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX.  In addition, the Debtors will, at their expense,

provide paper copies of the Plan, the Plan Supplement, the Disclosure Statement or the Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at (888) 482-0049 (toll-free) or +1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you on matters relating to the Disclosure Statement or the Plan.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS IN THE PLAN**

**THE PLAN CONTAINS FURTHER RELEASE, EXCULPATION AND INJUNCTION
PROVISIONS, INCLUDING:**

**Section 10.5 Voluntary Release by Holders of Claims and Interests**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act.  Nothing in this __Section 10.5__ shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

Under the Plan, "Released Parties" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

Under the Plan, "Releasing Parties" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

Under the Plan, "Excluded Party" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

Under the Plan, "Exculpated Parties" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

Under the Plan, "Control Persons" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

**PLEASE BE ADVISED THAT YOU WILL BE DEEMED TO HAVE GRANTED THE**

**RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN UNLESS YOU FILE A TIMELY OBJECTION TO THE RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN BY THE CONFIRMATION OBJECTION DEADLINE.**

**Section 10.4  Debtors' Release**

**Except as otherwise specifically provided in the Plan with respect to the Preserved Potential Claims, for good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases and the implementation of the orderly liquidation contemplated by the Plan, on and after the Effective Date, to the fullest extent permitted by applicable law, the Released Parties are hereby conclusively, absolutely, unconditionally, irrevocably and forever released, waived and discharged by the Debtors, the Plan Administrator and the Estates, including any successor to, or assignee of the Debtors or any Estate representative, from all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the businesses of the Debtors, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the release of any mortgage, lien or security interest, the distribution of proceeds, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act; *provided* that the release under this <u>Section 10.4</u> shall not apply to (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims to the extent such Preserved Potential Claims are brought by and for the benefit of the Wind Down Entities with the approval of the Plan Administrator.  Nothing in the Plan or Confirmation Order shall affect any releases previously granted or approved by the Court.**

**Section 10.8  Exculpation**

**Notwithstanding anything herein to the contrary, as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring advisors and other professional advisors, representatives and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy**

Code and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with the solicitation.

As of the Effective Date, to the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in Section 10.4 or Section 10.5 of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Entity for any act or omission in connection with, related to, or arising out of these Chapter 11 Cases, including (a) the operation of the Debtors' businesses during the pendency of these Chapter 11 Cases; (b) the administration and adjudication of Claims and Interests during these Chapter 11 Cases; (c) formulating, negotiating, preparing, disseminating, implementing, administering, confirming and/or effecting the Plan, the Disclosure Statement, the Plan Supplement or any related contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases (including the solicitation of votes for the Plan and other actions taken in furtherance of Confirmation and Consummation of the Plan, the trading or sale of cryptocurrencies and tokens in connection with the Chapter 11 Cases, the offer and issuance of any securities under or in connection with the Plan and the distribution of property, Digital Assets, or tokens under the Plan); or (d) any other transaction, agreement, event, or other occurrence related to these Chapter 11 Cases taking place on or before the Effective Date, other than liability resulting from any act or omission that is determined by Final Order to have constituted gross negligence, willful misconduct, fraud or a criminal act.  Notwithstanding anything contained herein to the contrary, the foregoing exculpation does not exculpate any Excluded Party.  Nothing in the Plan or Confirmation shall affect any exculpation orders previously granted or approved by the Court.

Section 10.9  Injunction

Except as otherwise expressly provided in the Plan or Confirmation Order with respect to Preserved Potential Claims, the satisfaction and release pursuant to this Article 10 shall also act as a permanent injunction against any Person who has held, holds or may hold Claims, Interests or Causes of Action from (a) commencing or continuing any action to collect, enforce, offset, recoup or recover with respect to any Claim, liability, obligation, debt, right, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by sections 524 or 1141 thereof, (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind on account of or in connection with or with respect to any such Claims or Interests; and (d) asserting any right of setoff, subrogation or recoupment of any kind on account of or in connection with or with respect to any such Claim or Interest, notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise, against any Plan Asset, the Wind Down Entities, any Holder of a Claim or Interest or any initial or subsequent transferee.  Notwithstanding anything to the contrary in the Plan, all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting any Claim or Cause of Action

expressly preserved and vested exclusively in the Wind Down Entities as of the Effective Date.

Dated: [•], 2024
     Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      mcguire@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted _pro hac vice_)
James L. Bromley (admitted _pro hac vice_)
Brian D. Glueckstein (admitted _pro hac vice_)
Alexa J. Kranzley (admitted _pro hac vice_)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

_Counsel for the Debtors and Debtors-in-Possession_

## **EXHIBIT 2B**

**Impaired Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  | x |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | x |  |

## NOTICE OF (A) NON-VOTING STATUS TO HOLDERS OF
## IMPAIRED CLASSES DEEMED TO REJECT THE PLAN AND
## (B) ELECTION TO OPT-IN TO THIRD PARTY RELEASES

**PLEASE TAKE NOTICE** that on [•], 2024 the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. •] (the "Solicitation Procedures Order"). Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"), voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan").[2]

**UNDER THE TERMS OF THE PLAN, CLASS 13 SECTION 510(B) PREFERRED EQUITY CLAIMS, CLASS 14 SECTION 510(B) OTHER EQUITY CLAIMS, CLASS 15 EQUITABLY SUBORDINATED CLAIMS, CLASS 16 OTHER EQUITY INTERESTS, CLASS 17 FTT CLAIMS AND INTERESTS AND CLASS 18 *DE MINIMIS* CLAIMS WILL NOT RECEIVE ANY DISTRIBUTIONS. THEREFORE, IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, YOUR CLAIMS AND INTERESTS IN THESE CLASSES ARE CONSIDERED IMPAIRED AND YOU WILL**

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

**NOT RECEIVE ANY DISTRIBUTIONS UNDER THE PLAN. IN ACCORDANCE WITH SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE CONCLUSIVELY PRESUMED TO HAVE REJECTED THE PLAN AND ARE NOT ENTITLED TO VOTE ON THE PLAN. YOU ARE BEING SENT THIS NOTICE FOR INFORMATIONAL PURPOSES AND TO ALLOW YOU TO OPT IN TO THE THIRD PARTY RELEASE (DEFINED BELOW) AS EXPLAINED HEREIN AND IN THE ATTACHED ELECTION FORM.**

**SPECIFICALLY, YOU MAY OPT IN TO THE VOLUNTARY RELEASE CONTAINED IN SECTION 10.5 OF THE PLAN (THE "THIRD-PARTY RELEASE"). ATTACHED AS ANNEX A TO THIS NOTICE IS AN ELECTION FORM TO OPT IN TO THE THIRD-PARTY RELEASE. YOU MUST CHECK THE "OPT-IN" BOX ON THE ELECTION FORM AND RETURN THE FORM IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH IN THE FORM IN ORDER TO OPT IN TO THE THIRD-PARTY RELEASE.**

**HOLDERS OF CLASS 18 *DE MINIMIS* CLAIMS MAY BE ELIGIBLE TO HAVE THEIR CLAIMS ADMINISTERED, RECONCILED, VALUED, SETTLED, ADJUDICATED, RESOLVED AND SATISFIED IN FTX DIGITAL MARKETS LTD.'S LIQUIDATION PROCEEDING IN THE BAHAMAS AND MAY FILE A PROOF OF DEBT ON OR BEFORE THE VOTING DEADLINE OF AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME, VIA THE FTX DM PORTAL AT** https://digitalmarketsclaim.pwc.com **OR BY SCANNING THIS QR CODE:**



If you hold a separate, additional Claim or Interest for which you are entitled to vote, then you will also receive a Ballot and other solicitation materials under separate cover.

### Relevant Deadlines

The hearing at which the Court will consider the Confirmation of the Plan (the "Confirmation Hearing") will commence on **October 7, 2024 at [•]10:00 a.m. prevailing Eastern Time,** or such other time as the Court determines. The Confirmation Hearing will take place before the Honorable John T. Dorsey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment

being announced in open court or by a notice of adjournment filed with the Court and served on such parties as the Court may order.  Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and other applicable law, prior to, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

Any objection to the confirmation of the Plan must:  (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor; and (5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than **August 16, at 4:00 p.m. prevailing Eastern Time (the "Confirmation Objection Deadline").  UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

### Notice Parties

(a)     Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Brian D. Glueckstein (gluecksteinb@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com);

(b)     The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov);

(c)     Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com);

(d)     Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com);

(e)     Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com);  and

(f)     To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

The Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than **August 9, 2024**.

## Obtaining Copies of Relevant Documents

Copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX.  In addition, the Debtors will, at their expense, provide paper copies of the Plan, the Plan Supplement, the Disclosure Statement or the Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at (888) 482-0049 (toll-free) or +1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you on matters relating to the Disclosure Statement or the Plan.

Dated: [•], 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
              mcguire@lrclaw.com
              brown@lrclaw.com
              pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted _pro hac vice_)
James L. Bromley (admitted _pro hac vice_)
Brian D. Glueckstein (admitted _pro hac vice_)
Alexa J. Kranzley (admitted _pro hac vice_)
125 Broad Street
New York, NY  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
              bromleyj@sullcrom.com
              gluecksteinb@sullcrom.com
              kranzleya@sullcrom.com

_Counsel for the Debtors and Debtors-in-Possession_

## ANNEX A

**Election Form**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ──────────────────── | x | |
| In re | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ──────────────────── | x | |

## ELECTION FORM FOR HOLDERS OF IMPAIRED INTERESTS AND CLAIMS

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR
COMPLETING THIS ELECTION FORM <u>BEFORE</u> COMPLETING THIS ELECTION
FORM**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") are soliciting elections with respect to the release contained in Section 10.5 of the proposed *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "<u>Plan</u>") as described in the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "<u>Disclosure Statement</u>").

**Please be advised, if you are a Holder of Class 18 *De Minimis* Claims, you may be eligible to have your claim(s) administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas. To proceed accordingly, you must file a proof of debt in the FTX DM Liquidation Proceeding on or before the Voting Deadline of August 16, 2024, at 4:00 p.m., prevailing Eastern Time, via the FTX DM Portal at https://digitalmarketsclaim.pwc.com or by scanning this QR Code and following all instructions therein:**

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX.    The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.



You are receiving this Election Form because, despite your non-voting status on the Plan, any Holder of a Claim or Interest in **CLASS 13 SECTION 510(B) PREFERRED EQUITY CLAIMS, CLASS 14 SECTION 510(B) OTHER EQUITY CLAIMS, CLASS 15 EQUITABLY SUBORDINATED CLAIMS, CLASS 16 OTHER EQUITY INTERESTS, CLASS 17 FTT CLAIMS AND INTERESTS or CLASS 18 *DE MINIMIS* CLAIMS** has the option  to opt in to the release contained in Section 10.5 of the Plan, copied below (the "Third-Party Release").  Please note that any election to opt in is voluntary and at your option.

**To opt in to the Third-Party Release, you must complete, sign and return this Election Form to Kroll Restructuring Administration LLC (the "Solicitation Agent") so that it is received no later than the August 16, 2024 at 4:00 p.m. prevailing Eastern Time (the "Voting Deadline").  Election Forms must be delivered to the Solicitation Agent either (a) via the Solicitation Agent's online voting portal at https://restructuring.ra.kroll.com/FTX or (b) by mail to FTX Trading Ltd. Ballot Processing Center, C/O Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.  If you choose to submit your Election Form via the Solicitation Agent's online voting portal, you SHOULD NOT mail your hard copy Election Form as well.  Please choose only one form of return of your Election Form.**

**PLEASE BE ADVISED THAT YOU MUST AFFIRMATIVELY OPT IN TO THE THIRD-PARTY RELEASE AND SUBMIT THE ELECTION FORM WITH YOUR ELECTION TO THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE IF YOU WISH TO OPT IN TO THE THIRD-PARTY RELEASE.**

This Election Form may not be used for any purpose other than for electing to opt in to the Third-Party Release.  **If you believe you have received this Election Form in error, please contact the Solicitation Agent underlined immediately at:**

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232
**Telephone**:
(888) 482-0049 (toll-free)
+1 (646) 440-4176 (international)

**Email**: ftxinfo@ra.kroll.com

---

**IMPORTANT**

You should carefully review the Disclosure Statement and the Plan before you submit the Election Form.

If your Election Form is not received by the Solicitation Agent on or before the Voting Deadline and such deadline is not extended, you will not be deemed to grant the Third-Party Release.

**VOTING DEADLINE:  AUGUST 16, 2024, AT 4:00 P.M. PREVAILING EASTERN TIME.**

Election Forms will not be accepted by facsimile transmission, electronic mail or other electronic means of transmission (except via the Solicitation Agent's online voting portal).

You do not need to submit this Election Form if you do not wish to opt in to the Third-Party Release.

---

**PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:**

**Section 10.5 of the Plan contains the following Voluntary Release by Holders of Claims and Interests.**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the**

A-3

**Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this <u>Section 10.5</u> shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

Under the Plan, "<u>Released Parties</u>" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

Under the Plan, "<u>Releasing Parties</u>" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

Under the Plan, "Excluded Party" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

Under the Plan, "Exculpated Parties" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

Under the Plan, "Control Persons" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## **THE PLAN CONTAINS FURTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED, INCLUDING:**

### **Section 10.4  Debtors' Release**

**Except as otherwise specifically provided in the Plan with respect to the Preserved Potential Claims, for good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases and the implementation of the orderly liquidation contemplated by the Plan, on and after the Effective Date, to the fullest extent permitted by applicable law, the Released Parties are hereby conclusively, absolutely, unconditionally, irrevocably and forever released, waived and discharged by the Debtors, the Plan Administrator and the Estates, including any successor to, or assignee of the Debtors or any Estate representative, from all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator or the Estates would have been legally entitled to assert in their own right**

**(whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the businesses of the Debtors, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the release of any mortgage, lien or security interest, the distribution of proceeds, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act; *provided* that the release under this <u>Section 10.4</u> shall not apply to (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims to the extent such Preserved Potential Claims are brought by and for the benefit of the Wind Down Entities with the approval of the Plan Administrator.  Nothing in the Plan or Confirmation Order shall affect any releases previously granted or approved by the Court.**

**<u>Section 10.8  Exculpation</u>**

**Notwithstanding anything herein to the contrary, as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring advisors and other professional advisors, representatives and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with the solicitation.**

**As of the Effective Date, to the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in <u>Section 10.4</u> or <u>Section 10.5</u> of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Entity for any act or omission in connection with, related to, or arising out of these Chapter 11 Cases, including (a) the operation of the Debtors' businesses during the pendency of these Chapter 11 Cases; (b) the administration and adjudication of Claims and Interests during these Chapter 11 Cases; (c) formulating, negotiating, preparing, disseminating, implementing, administering, confirming and/or effecting the Plan, the Disclosure Statement, the Plan Supplement or any related contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases (including the solicitation of votes for the Plan and other actions taken in furtherance of Confirmation and Consummation of the Plan, the trading or sale of cryptocurrencies and tokens in connection with the Chapter 11 Cases, the offer and issuance of any securities under or in connection with the Plan and the distribution of property, Digital Assets, or tokens under**

the Plan); or (d) any other transaction, agreement, event, or other occurrence related to these Chapter 11 Cases taking place on or before the Effective Date, other than liability resulting from any act or omission that is determined by Final Order to have constituted gross negligence, willful misconduct, fraud or a criminal act. Notwithstanding anything contained herein to the contrary, the foregoing exculpation does not exculpate any Excluded Party. Nothing in the Plan or Confirmation shall affect any exculpation orders previously granted or approved by the Court.

### Section 10.9  Injunction

Except as otherwise expressly provided in the Plan or Confirmation Order with respect to Preserved Potential Claims, the satisfaction and release pursuant to this Article 10 shall also act as a permanent injunction against any Person who has held, holds or may hold Claims, Interests or Causes of Action from (a) commencing or continuing any action to collect, enforce, offset, recoup or recover with respect to any Claim, liability, obligation, debt, right, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by sections 524 or 1141 thereof, (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind on account of or in connection with or with respect to any such Claims or Interests; and (d) asserting any right of setoff, subrogation or recoupment of any kind on account of or in connection with or with respect to any such Claim or Interest, notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise, against any Plan Asset, the Wind Down Entities, any Holder of a Claim or Interest or any initial or subsequent transferee. Notwithstanding anything to the contrary in the Plan, all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down Entities as of the Effective Date.

> PLEASE NOTE THAT SECTIONS 10.4, 10.8 AND 10.9 OF THE PLAN ARE EACH SEPARATE FROM AND INDEPENDENT OF THE THIRD-PARTY RELEASE. IF YOU OBJECT TO ANY SUCH SECTION, YOU MUST FILE A SEPARATE OBJECTION WITH THE COURT IN ACCORDANCE WITH THE PROCEDURES SET FORTH IN YOUR NOTICE OF NON-VOTING STATUS.

**Item 1**.  **Amount of Claims or Interests.**

The undersigned hereby certifies that, as of June 25, 2024 (the "Voting Record Date"), the undersigned was the Holder of one or more of Class 13 Section 510(b) Preferred Equity Claims, Class 14 Section 510(b) Other Equity Claims, Class 15 Equitably Subordinated Claims, Class 16 Other Equity Interests, Class 17 FTT Claims and Interests and Class 18 *De Minimis* Claims in the following aggregate amount (insert amount in box below):

Class 13 Section 510(b) Preferred Equity Claims _____

Class 14 Section 510(b) Other Equity Claims _____

Class 15 Equitably Subordinated Claims _____

Class 16 Other Equity Interests _____

Class 17 FTT Claims and Interests _____

Class 18 *De Minimis* Claims _____

**Item 2**.  **Optional Opt-In Election.**

**Item 2** is to be completed **only** if you are **opting in** to the Third Party Release contained in Section 10.5 of the Plan, which is set forth above in this form.

☐ **OPT-IN ELECTION**: You, the undersigned, elect to opt in to the release contained in Section 10.5 of the Plan (the Third-Party Release).

**Item 3**.  **Certifications.**

By signing this Election Form, you certify to the Court and the Debtors that:

(a)     as of the Voting Record Date, you are either: (i) the Holder of Claims or Interests set forth in **Item 1**; or (ii) an authorized signatory for the Holder of Claims or Interests set forth in **Item 1**;

(b)     you (or in the case of an authorized signatory, the Holder) have received a copy of the *Notice of (a) Non-Voting Status to Holders of Impaired Classes Deemed to Reject the Plan and (B) Election to Opt-In to Third Party Releases*, and this Election Form is submitted pursuant to the terms and conditions set forth therein;

(c)     you have submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class set forth in **Item 1**; and

(d)     no other Election Form with respect to the amount(s) of Claims or Interests identified in **Item 1** have been submitted or, if any other Election Forms have

been submitted with respect to such Claims or Interests, then any such earlier Election Forms are hereby revoked.

[SIGNATURE PAGE FOLLOWS]

Name of Holder: _____

(Print or type)

Signature: _____

Signatory Name: _____

(If other than the Holder)

Title: _____

(If other than the Holder)

Address: _____

_____

Email Address: _____

Telephone Number: _____

Date Completed: _____

**YOUR RECEIPT OF THIS ELECTION FORM DOES NOT SIGNIFY THAT YOUR
CLAIM OR EQUITY INTEREST HAS BEEN OR WILL BE ALLOWED.**

**IF YOU WISH TO MAKE THE OPT-IN ELECTION, PLEASE COMPLETE, SIGN,
AND DATE THIS ELECTION FORM AND SUBMIT IT <u>PROMPTLY</u>:**

<u>If in the envelope provided, or by first-class mail, overnight courier, or hand delivery, to:</u>

**FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232**

To arrange hand delivery of your Election Form, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Election Form Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery

A-10

<u>If by electronic, online submission</u>:

Please visit the Solicitation Agent's online voting platform at https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Election Form.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Election Form:**

**Unique Opt-In ID#:** _____

If you choose to submit your Election Form via the Solicitation Agent's online voting platform, you should <u>not</u> also return a hard copy of your Election Form.

The Solicitation Agent's online voting platform is the sole manner in which Opt-In Elections will be accepted via electronic or online transmission. Election Forms submitted by facsimile, email or other means of electronic transmission will not be counted.

**INSTRUCTIONS FOR COMPLETING THIS ELECTION FORM**

1.  Capitalized terms used in this Election Form or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan or the Disclosure Statement, as applicable.

2.  **To ensure that your Election Form is acknowledged, you must:** (a) complete this Election Form; (b) clearly indicate your decision to opt in to the release contained in Section 10.5 of the Plan by checking the box in **Item 2** of this Election Form; (c) make sure that the information required by **Items 1 and 3** have been correctly inserted; and (d) sign and return this Election Form to the address printed on the enclosed pre-addressed, postage pre-paid return envelope or submit the Election Form via the Solicitation Agent's online voting platform so that it is **actually received** by the Solicitation Agent on or before the Voting Deadline, which is **August 16, 2024 at 4:00 P.M. prevailing Eastern Time**.

3.  If an Election Form is received after the Voting Deadline and if the Voting Deadline is not extended, it will **NOT** be acknowledged. Additionally, the following Election Forms will **NOT** be acknowledged:

    - any Election Form sent to the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors;

    - any Election Form sent by facsimile, email or any other electronic means (other than the Solicitation Agent's online voting platform);

    - any Election Form that is illegible or contains insufficient information to identify the Holder of the Claim or Interest;

    - any Election Form cast by or on behalf of an Entity that is not entitled to opt in to the Third-Party Release;

    - any unsigned Election Form; and/or

    - any Election Form not completed in accordance with the procedures approved in the Solicitation Procedures Order.

4.  The method of delivery of Election Forms to the Solicitation Agent is at the election and risk of each Holder. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent **actually receives** the original executed Election Form.

5.  If multiple Election Forms are received from the same Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last Election Form timely received will supersede and revoke any earlier received Election Forms.

6.  This Election Form does not constitute, and shall not be deemed to be, (a) a proof of Claim or proof of Interest (b) an assertion or admission of a Claim or Interest.

7.  Please be sure to sign and date your Election Form. If you are signing in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or

otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Election Form.

8.  **If you are a Holder of Class 18 *De Minimis* Claims, and wish to have your claim(s) administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas, you must:** file a proof of debt in the FTX DM Liquidation Proceeding **on or before the Voting Deadline of August 16, 2024, at 4:00 p.m., prevailing Eastern Time,** via the following link at https://digitalmarketsclaim.pwc.com or by scanning this QR Code and following all instructions therein:



**IF YOU HAVE ANY QUESTIONS REGARDING THIS ELECTION FORM, PLEASE CALL THE SOLICITATION AGENT AT: (888) 482-0049 (TOLL-FREE) OR +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**IF THE SOLICITATION AGENT DOES NOT ACTUALLY RECEIVE THIS ELECTION FORM ON OR BEFORE AUGUST 16, 2024 AT 4:00 P.M. PREVAILING EASTERN TIME, YOUR OPT-IN ELECTION TRANSMITTED HEREBY WILL <u>NOT</u> BE EFFECTIVE.**

---

## EXHIBIT 3A

**Class 3A Ballot**

# EXHIBIT 3B

## Class 5A Ballot

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN
OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 5A Dotcom Customer Entitlement Claims**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS
BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND
COMPLETE THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO
BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY AUGUST 16, 2024,
AT 4:00 P.M., PREVAILING EASTERN TIME (THE "<u>VOTING DEADLINE</u>").**

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY <u>AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME</u>**

- **You are receiving this ballot (this "<u>Ballot</u>") because you are a Holder of a Class 5A Dotcom Customer Entitlement Claim of FTX Trading Ltd. ("<u>FTX Trading</u>") and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and each, a "<u>Debtor</u>"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") and may be a potential claimant of FTX Digital Markets Ltd.'s ("<u>FTX DM</u>") liquidation proceeding in The Bahamas (the "<u>FTX DM Liquidation Proceeding</u>").**

- **The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Plan</u>"), attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>").[2]**

- **On January 24, 2024, the Bankruptcy Court entered an order approving a settlement agreement by and among the Debtors and FTX DM (the "<u>Settlement</u>") whereby, among other things, Holders of Class 5A Dotcom Customer Entitlement Claims may make an irrevocable election (the "<u>Bahamas Opt-In Election</u>"), subject to effectiveness of the Plan, to (i) forever, fully and finally release and discharge the Debtors with respect to such Class 5A Dotcom Customer Entitlement Claims from these Chapter 11 Cases and (ii) forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases in exchange to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. Any Holder who wishes to have its Class 5A Dotcom Customer Entitlement Claims or Class 7A Dotcom Convenience Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding must (i) submit a proof of debt in the FTX DM Liquidation Proceeding via the FTX DM Portal (as defined below), (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other required steps in the FTX DM Liquidation Proceeding (collectively (i) through (iii), the "<u>Bahamas Requirements</u>"). For more details about the Settlement and the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement and the Bahamas Opt-In Election instruction letter you received in the**

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

Solicitation Package (the "<u>Bahamas Process Letter</u>").

- Pursuant to the terms of the Settlement, making the Bahamas Opt-In Election will not impact your requirements to comply with and complete the "Know Your Customer" procedures, and subject to the effectiveness of the Plan, by making the Bahamas Opt-In Election, you agree to make your KYC Information submitted in these Chapter 11 Cases accessible to FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorize the Debtors and their agents and representatives to make such KYC information available to FTX DM and its agents and representatives.

- You will first be asked to determine whether you would like to make the Bahamas Opt-In Election.  If you make the Bahamas Opt-In Election in this Ballot, please do not fill out the rest of this Ballot.  If you make the Bahamas Opt-In Election, subject to the effectiveness of the Plan, you cannot prosecute your Class 5A Dotcom Customer Entitlement Claim against the Debtors and you agree to fully and finally release and discharge the Debtors with respect to such Claim.  Additionally, if you make the Bahamas Opt-In Election, any other elections you make on this Ballot will be null and void. If you make the Bahamas Opt-In Election in this Ballot, you are deemed to vote to accept the Plan.

- In order to have your Class 5A Dotcom Customer Entitlement Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must complete (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) all other Bahamas Requirements.  In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such Claims from the Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied the FTX DM Liquidation Proceeding.

- In the event you return the Ballot on or before the Voting Deadline and do not make the Bahamas Opt-In Election, you will have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the Chapter 11 Cases, your Claim will be governed by the Plan, the Chapter 11 Cases and the Bankruptcy Court, you cannot prosecute your Claim against FTX DM and any proof of debt you submit in the FTX DM Liquidation Proceeding will be invalid, unless you have also completed all other Bahamas Requirements in the FTX DM Liquidation Proceeding.

- In the event you (i) return the Ballot on or before the Voting Deadline and do not make the Bahamas Opt-In Election and (ii) submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements  in the FTX

**DM Liquidation Proceeding, your Ballot will be deemed null and void and you are deemed to make the Bahamas Opt-In Election.**

- **If you wish to make the Bahamas Opt-In Election, please read carefully and complete <u>Item 1</u> herein (Pages 8-11). If you do not wish to make the Bahamas Opt-In Election and wish to have your Claim administered in the Chapter 11 Cases, please read carefully and complete Items 2-9 herein (Pages 12-21).**

- **If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 5A Dotcom Customer Entitlement Claim if you (i) agree with the Claim Amount Stipulation for Voting, Allowance and Distribution in <u>Item 4</u> of this Ballot and (ii) vote to accept the Plan in <u>Item 7</u> of this Ballot.**

- **If you do not make the Bahamas Opt-In Election, there are certain releases contemplated in the Plan. Under the Plan, unless you <u>affirmatively opt out</u> in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "<u>Third-Party Release</u>"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page 18 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to make any election or vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also included in this Ballot. These defined terms control the scope of the Third-Party Release.**

- **You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in <u>Item 7</u> of this Ballot or you make the Convenience Claim Election in <u>Item 6</u> of this Ballot.**

The Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B Priority DM Claims, Class 8C PropCo General Unsecured Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "<u>Voting Class</u>" and collectively, the "<u>Voting Classes</u>").

You are receiving this ballot (this "<u>Ballot</u>") because you are the Holder of a Class 5A Dotcom Customer Entitlement Claim as of June 25, 2024 (the "<u>Voting Record Date</u>"). **For a detailed**

**discussion of the treatment of Class 5A Dotcom Customer Entitlement Claims under the Plan, please review the Disclosure Statement and the Plan.**

<u>**BALLOT**</u>

**Please review the instructions attached as <u>Annex A</u> (the "<u>Ballot Instructions</u>") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the Ballot Instructions, your vote on the Plan will be counted in **Class 5A Dotcom Customer Entitlement Claims**. If you make the Bahamas Opt-In Election in this Ballot, you should not complete the remainder of the Ballot and are deemed to vote to accept the Plan and any other election in the Ballot will be null and void.  A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO MAKE THE BAHAMAS OPT-IN ELECTION IN THIS BALLOT OR TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**To make the Bahamas Opt-In Election, you <u>MUST either</u>:** (a)(1) check the box in <u>**Item 1**</u>, and (2) return this Ballot on or before the Voting Deadline; or (b)(1) take no action with respect to this Ballot or the voting and chapter 11 elections found on your FTX.com online portal and (2)(i) file a proof of debt in the FTX DM Liquidation Proceeding via the following link at https://digitalmarketsclaim.pwc.com or by scanning the QR Code below (the "<u>FTX DM Portal</u>"), (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other Bahamas Requirements:



**To vote on the Plan, you <u>MUST</u>:** (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **<u>Item 7</u>**; (c) sign, date, and return this Ballot via **EITHER** (i) the Solicitation Agent's online voting portal or (ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1. To submit your electronic Ballot either to make the Bahamas Opt-In Election or to vote on the Plan via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#: _____**

2. To submit your Ballot either to make the Bahamas Opt-In Election or to vote on the Plan via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

   FTX Trading Ltd. Ballot Processing Center
   c/o Kroll Restructuring Administration LLC
   850 Third Avenue, Suite 412
   Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you **SHOULD NOT** submit the paper original of your Ballot.

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan, or make the Bahamas Opt-In Election. You may wish to seek legal advice concerning (a) whether to make the Bahamas Opt-In Election and (b) the Plan and the Plan's classification and treatment of your Class 5A Dotcom Customer Entitlement Claim.

Your Claim has been classified in Class 5A under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for any Bahamas Opt-In Election or vote on such ballot to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you would like paper copies of the Solicitation Package materials, or if you would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at (888) 482-0049 (U.S./Canada, Toll-Free) or +1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain elections contained herein, opting out of the Third-Party Release, and making certifications with respect to the Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, or to make the Bahamas Opt-In Election via this Ballot, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

<u>Item 1</u>.    **The Bahamas Opt-In Election.**

Holders of Class 5A Dotcom Customer Entitlement Claims may irrevocably elect to have their Class 5A Dotcom Customer Entitlement Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding by making the Bahamas Opt-In Election.  If a Holder makes the Bahamas Opt-In Election, such Holder is, subject to the effectiveness of the Plan: (a) forever, fully and finally releasing and discharging the Debtors with respect to such Class 5A Dotcom Customer Entitlement Claims; and (b) forever, fully and finally withdrawing with prejudice such Class 5A Dotcom Customer Entitlement Claims from these Chapter 11 Cases, and the Solicitation Agent will be authorized to update the Claims Register accordingly.

If a Holder does not make the Bahamas Opt-In Election, such Holder is, subject to the effectiveness of the Plan, forever, fully and finally releasing and discharging FTX DM with respect to their Class 5A Dotcom Customer Entitlement Claims and gives up all right to prove in, and be paid a distribution from, the FTX DM Liquidation Proceeding, unless such Holder submits a proof of debt in the FTX DM Liquidation Proceeding and completes all other Bahamas Requirements in the FTX DM Liquidation Proceeding.

After making the Bahamas Opt-In Election, FTX DM and the JOLs will provide instructions with respect to all aspects of your Claim via the following link at https://digitalmarketsclaim.pwc.com

**To make the Bahamas Opt-In Election, you <u>MUST either</u>:**

(a) (1) check the box in <u>**Item 1**</u> and (2) return this Ballot on or before the Voting Deadline; or

(b) (1) take no action with respect to this Ballot or the voting and chapter 11 elections found on your FTX.com online portal and (2)(i) file a proof of debt in the FTX DM Liquidation Proceeding via the following link at https://digitalmarketsclaim.pwc.com or by scanning the QR Code below, (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other Bahamas Requirements:



Making the Bahamas Opt-In Election in this Ballot does not ensure that your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. **You must also submit a proof of debt in the FTX DM Liquidation Proceedings and complete all other Bahamas Requirements.** In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX DM Liquidation Proceeding, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such claims from these Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

If you make the Bahamas Opt-In Election, subject to effectiveness of the Plan, your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases, and you agree to: (a) forever, fully and finally release and discharge the Debtors with respect to your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**; and (b) forever, fully and finally withdraw with prejudice such Class 5A Dotcom Customer Entitlement Claim from these Chapter 11 Cases. If you make the Bahamas Opt-In Election, you will not receive any Distributions from the Debtors on account of your Class 5A Dotcom Customer Entitlement Claim in the Chapter 11 Cases. If you make the Bahamas Opt-In Election in this Ballot, you are deemed to vote to accept the Plan and you will not be entitled to complete any other part of this Ballot or make any of the elections in these Chapter 11 Cases, including agreeing to your Stipulated Amount or the Convenience Claim Election, pursuant to the Plan through this Ballot. For more details about the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement.

If you do not make the Bahamas Opt-In Election, your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases. If you do not make the Bahamas Opt-In Election, you agree to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge FTX DM with respect to your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** and you will not receive any distributions from FTX DM on account of such Claim.

However, notwithstanding anything to the contrary, in the event you have submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation, then you are deemed to make the Bahamas Opt-In Election.

**Please note that the Bahamas Opt-In Election is at your option. Holders who make the Bahamas Opt-In Election cannot, and will not, receive more than such Holders would have received under the Plan in these Chapter 11 Cases. Additionally, Holders who make the Bahamas Opt-In Election may recover less as their Claims may be diluted by certain Claims in the Bahamas which would not have been allowed as Class 5A Dotcom Customer Entitlement Claims under the Plan.**

| ☐ | **By checking this box, you (i) are deemed to vote to accept the Plan, and (ii)** |
|---|---|

> **subject to effectiveness of the Plan, forever, fully and finally (a) release and discharge the Debtors with respect to your Class 5A Dotcom Customer Entitlement Claim; and (b) withdraw with prejudice such Class 5A Dotcom Customer Entitlement Claim from these Chapter 11 Cases, (iii) subject to effectiveness of the Plan, elect to have your Class 5A Dotcom Customer Entitlement Claim as set forth in Item 3 administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iv) subject to the effectiveness of the Plan, agree to make the KYC Information submitted in these Chapter 11 Cases accessible to FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorize the Debtors and their agents and representatives to make such KYC information available to FTX DM and its agents and representatives.  Please note that in order to have your Class 5A Dotcom Customer Entitlement Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) complete all other Bahamas Requirements.**

**If you check this box ONLY PROCEED TO <u>ITEM 1(a)</u> and <u>ITEM 1(b)</u>. DO NOT FILL OUT THE REST OF THE BALLOT AFTER <u>ITEM 1(b)</u>. For further instructions and information, please refer to <u>Annex A</u> herein.**

In the event that you make the Bahamas Opt-In Election and complete any other part of this Ballot or make any other elections in the Ballot, (i) your Bahamas Opt-In Election will control, (ii) you are deemed to vote to accept the Plan, and (iii) such other elections made in your Ballot will be deemed null and void.

In the event you (1) return this Ballot on or before the Voting Deadline that does not make the Bahamas Opt-In Election and (2) submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, your Ballot will be deemed null and void and you are deemed to make the Bahamas Opt-In Election.

**Item 1(a).      Certifications**

The undersigned, as of the Voting Record Date:

1. is (a) the Holder of the Class 5A Dotcom Customer Entitlement Claim as set forth in **<u>Item 3</u>** or the authorized signatory for an entity that is a Holder of such Claim entitled to make the Bahamas Opt-In Election as set forth in this **<u>Item 1</u>**;
2. irrevocably elects to, subject to the effectiveness of the Plan, have its Class 5A Dotcom Customer Entitlement Claim as set forth in **<u>Item 3</u>** administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding; *provided* that in order to have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding;
3. agrees to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge the Debtors with respect to the Class 5A Dotcom Customer Entitlement Claim as set forth in **<u>Item 3</u>**; and

4.  subject to the effectiveness of the Plan, forever, fully and finally withdraws with prejudice such Class 5A Dotcom Customer Entitlement Claim from these Chapter 11 Cases.

**Item 1(b).       Bahamas Opt-In Election Information**

Name of Holder:                           _____

                                          _____

Signature:                                _____


Signatory Name (if other than the
Holder):                                  _____

Title (if other than the Holder):         _____

Address:                                  _____

                                          _____

Email Address:                            _____

Telephone Number:                         _____

Date Completed:                           _____

12

**Item 2.    Quoine Customers**

If your Class 5A Dotcom Customer Entitlement Claim is with respect to a Claim of creditors or customers of Debtor Quoine Pte. Ltd. ("Quoine"), your vote on this Ballot is being solicited on a contingent basis.

The Debtors may determine, no later than 180 days after the Confirmation Date, to exclude Quoine from the Plan and treat Quoine as an Excluded Entity in the event that the Singapore International Commercial Court has not entered orders in form and substance reasonably acceptable to the Debtors (i) recognizing the Chapter 11 Case of Quoine Pte. Ltd. in Singapore and (ii) granting full force and effect in Singapore to the Confirmation Order, the Digital Assets Estimation Order and the Claims Bar Date.  In the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date, your Class 5A Dotcom Customer Entitlement Claim with respect to a Claim of creditors and customers of Quoine will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases, and you will not be entitled to any Distributions under the Plan on account of such Claims and any ballots or elections made by you on account of such Claims will be deemed null and void.  In the event the Debtors do not make such determination within 180 days after the Confirmation Date, your Class 5A Dotcom Customer Entitlement Claim with respect to a Claim of creditors or customers of Quoine will be treated as the other Class 5A Dotcom Customer Entitlement Claims.

**Item 3.    Voting Amount of Class 5A Dotcom Customer Entitlement Claim.**

For purposes of voting to accept or reject the Plan, your Dotcom Customer Entitlement Claim will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations set forth either in ~~(i)~~ the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] ~~or (ii) the [•]~~(together with any further order of the Court estimating claims based on digital assets, the "Digital Assets Estimation Order") or as shall be set forth in any other order by the Court, as applicable (the "Scheduled Amount"). Your Scheduled Amount is as listed in this **Item 3**.

If you did not file a Proof of Claim, the amount of your Class 5A Dotcom Customer Entitlement Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is

scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures.

When signing your Ballot, you will be certifying that, as of the Voting Record Date, you are the Holder of a Class 5A Dotcom Customer Entitlement Claim as set forth below and understand that you are eligible to make the stipulation in **Item 4** and the election in **Item 6**.

| Relevant Ballot Amounts |
|---|
| Scheduled Amount: $_____ |
| Voting Amount: $_____ |

**For additional details regarding the treatment and rights for Class 5A Dotcom Customer Entitlement Claims under the Plan, please review the Disclosure Statement and the Plan.**

<u>Item 4</u>.   **Stipulated Amount for Voting, Allowance and Distribution.**

If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 5A Dotcom Customer Entitlement Claim if you (i) vote to accept the Plan in **Item 7** of this Ballot and (ii) consent and stipulate in this **Item 4** to the Stipulated Amount below ***for voting, allowance and Distribution***. For more details, please refer to Section 5.5 of the Plan.

**Stipulated Amount of your Class 5A Dotcom Customer Entitlement Claim for Voting, Allowance and Distribution: $_____**

**If you would like to agree to your Stipulated Amount identified above *for voting, allowance and Distribution* in respect of your Class 5A Dotcom Customer Entitlement Claim, you should check the box below. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 5A Dotcom Customer Entitlement Claim, you must both (i) agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in this <u>Item 4</u> and (ii) vote to accept the Plan in <u>Item 7</u> of this Ballot. If you agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 5A Dotcom Customer Entitlement Claim, but do not vote to accept the Plan in <u>Item 7</u> of this Ballot, or if you vote to accept the Plan in <u>Item 7</u> of this Ballot, but do not agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5A Dotcom Customer Entitlement Claim, the Debtors and the Wind Down Entities may still prosecute Customer Preference Action with respect to your Class 5A Dotcom Customer Entitlement Claim. Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in this <u>Item 4</u> or vote to accept the Plan in <u>Item 7</u> of this Ballot. For the avoidance of doubt, any pending preference actions filed by the Debtors against any party shall be an Excluded Customer Preference Action, and the defendant of such action shall not be released from such action even if such holder properly agrees to the stipulated amount for voting, allowance and Distribution and votes in favor of the Plan. PLEASE BE ADVISED THAT IF YOU PROPERLY CONSENT AND STIPULATE TO THE STIPULATED AMOUNT, THE STIPULATED AMOUNT WILL SUPERSEDE ANY FILED OR SCHEDULED CLAIM AND SUCH STIPULATED AMOUNT SHALL CONTROL FOR VOTING, ALLOWANCE AND DISTRIBUTION IN RESPECT OF YOUR CLASS 5A DOTCOM CUSTOMER ENTITLEMENT CLAIM. FOR MORE DETAILS, PLEASE REFER TO SECTION 5.5 OF THE PLAN AND SECTION 6(E) OF THE DISCLOSURE STATEMENT.**

The undersigned, a Holder of a Class 5A Dotcom Customer Entitlement Claim against the Debtors as set forth in the chart above, elects as follows:

☐ The undersigned consents and stipulates to the Stipulated Amount as set forth in <u>Item 3</u> of this Ballot *for voting, allowance and Distribution*.

<u>Item 5</u>.    **Guide for Filling Out this Ballot.**

All Holders of Class 5A Dotcom Customer Entitlement Claims should review and consider whether to make the elections in this Ballot and review the Ballot Instructions in **Annex A** attached to this Ballot.

<u>Item 6</u>.    **Convenience Claim Election.**

Any Holder of a Class 5A Dotcom Customer Entitlement Claim may irrevocably elect to receive the treatment for Class 7A with respect to such Class 5A Dotcom Customer Entitlement Claim as a Class 7A Dotcom Convenience Claim (such election, the "<u>Convenience Claim Election</u>").

In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3**, and as set forth in the Stipulated Amount in **Item 4**, totals more than $50,000, then such Holder may irrevocably elect to have such Class 5A Dotcom Customer Entitlement Claim reduced to $50,000.  In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3** totals more than $50,000, but for whom the Stipulated Amount as set forth in **Item 4** totals less than $50,000, and such Holder does not agree to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5A Dotcom Customer Entitlement Claim reduced to $50,000.  In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3** totals more than $50,000, but as set forth in the Stipulated Amount in **Item 4** totals less than $50,000, and such Holder agrees to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5A Dotcom Customer Entitlement Claim reduced to its Stipulated Amount and receive the treatment as a Class 7A Dotcom Convenience Claim. By making the Convenience Claim Election for your Class 5A Dotcom Customer Entitlement Claim, the aggregate amount of such Class 5A Dotcom Customer Entitlement Claim for Distribution under the Plan will be irrevocably reduced to the lesser of $50,000 and the applicable Stipulated Amount (to the extent you agree to the Stipulated Amount for voting, allowance and Distribution) (the "Convenience Claim Treatment"). Please review the below chart to understand the difference in the treatment for Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims.

| Voting Class | Description | Treatment |
|---|---|---|
| Class 5A | Dotcom Customers Entitlement Claims | Except to the extent that a Holder of an Allowed Dotcom Customer Entitlement Claim agrees to less favorable treatment, and in full and final satisfaction, settlement, release and discharge of and in exchange for its Allowed Dotcom Customer Entitlement Claims, each Holder of an Allowed Dotcom Customer Entitlement Claim shall receive payment in Cash in an amount equal to (i) 100% of such Allowed Dotcom Customer Entitlement Claim, *plus* (ii) interest at the Consensus Rate on such Allowed Dotcom Customer Entitlement Claim from the Petition Date through the applicable Distribution Date to the extent of available funds in accordance with Section 7.1 of the Plan, *plus* (iii) any proceeds from the Supplemental Remission Fund to which such Holder is entitled pursuant to Section 5.21 of the Plan; *provided* that no Holder of an Allowed Dotcom Customer Entitlement Claim shall be entitled to receive any payment except to the extent of funds available to make such payment in accordance with the waterfall priorities set forth in Section 4.2.1 and Section 4.2.3 of the Plan. |

| Voting Class | Description | Treatment |
|---|---|---|
| Class 7A | Dotcom Convenience Claims | In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed Dotcom Convenience Claim, each Holder of an Allowed Dotcom Convenience Claim shall receive payment in Cash in an amount equal to 100% of such Allowed Dotcom Convenience Claim *plus* postpetition interest at the Consensus Rate from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in <u>Section 4.2.1</u> of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such Dotcom Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |

*Your Convenience Claim Election will not affect your Voting Amount.*

If you would like to make the Convenience Claim Election and receive the Convenience Claim Treatment in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, you should check the applicable box(es) below. Checking the box below constitutes a vote to *accept* the Plan. *If you accept the Convenience Claim Election AND vote to reject the Plan, your Convenience Claim Election controls, your vote to reject the Plan will be voided and you shall be deemed to have accepted the Plan.*

**Please note that the Convenience Claim Election is at your option. Holders that make the Convenience Claim Election may receive a distribution that is less than the distribution such Holders would have received had they decided not to make the Convenience Claim Election.**

The undersigned, a Holder of a Class 5A Dotcom Customer Entitlement Claim against the Debtors as set forth in the chart in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, elects as follows:

☐ **Accept the Convenience Claim Election** and the reduction of your Class 5A Dotcom Customer Entitlement Claim to the lesser of $50,000 and the applicable Stipulated Amount (to the extent you agree to the Stipulated Amount for voting, allowance and Distribution) (for Distribution under the Plan) and are hereby deemed to vote all such Class 5A Dotcom Customer Entitlement Claim in favor of the Plan, and to receive the Convenience Claim Treatment on this reduced amount.

In the event of any inconsistent elections on this Ballot, a valid acceptance of the Convenience Claim Election will control and your Ballot will be deemed to vote to accept the Plan.

**Item 7**.    **Vote on Plan.**

You are eligible to vote to accept or reject the Plan in this **Item 7** *unless* (i) you made the Bahamas Opt-In Election or (ii) you elected to accept the Convenience Claims Election, in which case your Class 5A Dotcom Customer Entitlement Claim will be counted as a vote to accept the Plan, regardless of any boxes checked below.

If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 5A Dotcom Customer Entitlement Claim if you (i) vote to accept the Plan in this **Item 7**, and (ii) consent and stipulate in **Item 4** to the Stipulated Amount for voting, allowance and Distribution.  For more details, please refer to **Item 4** of this Ballot and Section 5.5 of the Plan.

To vote in this **Item 7**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

The below table maps out different scenarios and your eligibility to vote to accept or reject the Plan.

Please note that you are required to vote all of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, **and** you did not make the Convenience Claim Election in **Item 6**, your vote will not be counted in Class 5A Dotcom Customer Entitlement Claims.

As set forth in **Item 2**, if your Class 5A Dotcom Customer Entitlement Claim is a Claim of creditors and customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make the determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

*If you indicate that you both accept and reject the Plan by checking both boxes below, and you did not make the Convenience Claim Election, your vote will not be counted.*

The undersigned, a Holder of a Class 5A Dotcom Customer Entitlement Claim against the Debtors as set forth in the chart in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable,   votes to (please check **one box** in each row in the right column to the extent applicable):

| Scenario | Voting to Accept or Reject the Plan |
|---|---|
| Scenario 1 <br> (where you: **do not** make the Convenience Claim Election in **Item 6**) | ☐  ACCEPT (VOTE FOR) THE PLAN |

| | |
|---|---|
| | ☐ REJECT (VOTE AGAINST) THE PLAN |
| Scenario 2<br>(where you: **make** the Convenience Claim Election in **Item 6**) | DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CONVENIENCE CLAIM ELECTION |

**Item 8.    Third-Party Release.**

THE PLAN CONTAINS A THIRD-PARTY RELEASE. IF YOU DO NOT WISH TO GRANT THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN SECTION 10.5 OF THE PLAN. AS A HOLDER OF CLASS 5A DOTCOM CUSTOMER ENTITLEMENT CLAIMS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN UNLESS YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE.

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN **ITEM 7** OF THIS BALLOT, OR ARE DEEMED TO VOTE TO ACCEPT THE PLAN BY VIRTUE OF MAKING THE CONVENIENCE CLAIMS ELECTION IN **ITEM 6**, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE.

| |
|---|
| ☐ **By checking this box, you elect to OPT OUT OF the Third-Party Release.** |

**Section 10.5 of the Plan contains the following Third-Party Release:**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section 10.5 shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "***Released Parties***" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity

is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)     Under the Plan, "***Releasing Parties***" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

(3)     Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)     Under the Plan, "***Exculpated Parties***" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)     Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## <u>Item 9</u>.   Certifications.

1.   The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 5A Dotcom Customer Entitlement Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class 5A Dotcom Customer Entitlement Claim entitled to accept or

decline the Bahamas Opt-In Election, make the Convenience Claim Election, agree to the Stipulated Amount for voting, allowance and Distribution, and to vote to accept or reject the Plan on behalf of the Holder of such Class 5A Dotcom Customer Entitlement Claim;

2. the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3. either (a) no other ballot with respect to the same Class 5A Dotcom Customer Entitlement Claim identified in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, has been cast or (b) if any other ballot has been cast with respect to such Class 5A Dotcom Customer Entitlement Claim, then any such prior ballots are hereby revoked and deemed to be null and void.

**Item 10.  Ballot Completion Information.**

Name of Holder: _____

_____

Signature: _____

Signatory Name (if other than the Holder): _____

Title (if other than the Holder): _____

Address: _____

_____

Email Address: _____

Telephone Number: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT:**

**HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

> **Annex A**
> **Class 5A Dotcom Customer Entitlement Claim**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 5A Dotcom Customer Entitlement Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

   **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AND ANY APPLICABLE ELECTIONS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

   **PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

   **IF YOU MAKE THE ELECTION CONTAINED IN <u>ITEM 6</u> OF THE BALLOT, YOUR VOTE WILL AUTOMATICALLY BE COUNTED AS A VOTE TO ACCEPT THE PLAN.**

**Optional Bahamas Opt-In Election**

You must submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, if you wish to irrevocably elect to, subject to the effectiveness of the Plan, have your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. If you make the Bahamas Opt-In Election:

    a.  you will be, subject to the effectiveness of the Plan, forever, fully and finally releasing and discharging the Debtors with respect to such Class 5A Dotcom Customer Entitlement Claim;

    b.  you are, subject to the effectiveness of the Plan, forever, fully and finally withdrawing with prejudice such Class 5A Dotcom Customer Entitlement Claim from these Chapter 11 Cases, and instead, if you have also submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation Proceeding, you will have your claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and the Solicitation Agent will be authorized to update the Claims Register accordingly;

    c.  you will not receive any Distributions from the Debtors on account of such Class 5A Dotcom Customer Entitlement Claim;

    d.  you will not be entitled to complete any other part of this Ballot or make any of the elections in these Chapter 11 Cases; and

    e.  you are deemed to vote to accept the Plan.

In order to have your Class 5A Dotcom Customer Entitlement Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding. In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX DM Liquidation Proceeding, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

If you do not make the Bahamas Opt-In Election, your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases. If you do not make the Bahamas Opt-In Election, you agree to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge FTX DM with respect to your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3** and you will not receive any distributions from FTX DM in the FTX DM Liquidation Proceeding on account of such Class 5A Dotcom Customer Entitlement Claim. However, notwithstanding anything to the contrary, in the event you have submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation, then you are deemed to make the Bahamas Opt-In Election.

For more details about the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement and the Bahamas Process Letter you received in the Solicitation Package.

**Optional Stipulated Amount for Voting, Allowance and Distribution**

If you would like to elect to have the Debtors and Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect your Class 5A Dotcom Customer Entitlement Claim, you should agree to the Stipulated Amount Stipulation for voting, allowance and Distribution by checking the box in **Item 4** to irrevocably consent and stipulate to the Stipulated Amount. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect your Class 5A Dotcom Customer Entitlement Claim, you must both (i) consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot and (ii) vote to accept the Plan in **Item 7** of this Ballot. If you consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot, but do not vote to accept the Plan in **Item 7** of this Ballot, or if you vote to accept the Plan in **Item 7** of this Ballot, but do not consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot, the Debtors and the Wind Down Entities may still prosecute your Class 5A Dotcom Customer Entitlement Claim. Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5A Dotcom Customer Entitlement Claim as set forth in this **Item 4** or vote to accept the Plan in **Item 7** of this Ballot. **Optional Convenience Claim Election**

If you are a Holder of a Class 5A Dotcom Customer Entitlement Claim and you wish to make the Convenience Claim Election, check the box in **Item 6** of the Ballot in order to receive the Convenience Claim Treatment. In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3**, and as set forth in the Stipulated Amount in **Item 4**, totals more than $50,000, then such Holder may irrevocably elect to have such Class 5A Dotcom Customer Entitlement Claim reduced to $50,000. In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3** totals more than $50,000, but as set forth in the Stipulated Amount in **Item 4** totals less than $50,000, and such Holder does not agree to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5A Dotcom

26

Customer Entitlement Claim reduced to $50,000. In the event any Holder whose Class 5A Dotcom Customer Entitlement Claim with a Claim Amount as set forth in **Item 3** totals more than $50,000, but for whom the Stipulated Amount as set forth in **Item 4** totals less than $50,000, and such Holder agrees to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5A Dotcom Customer Entitlement Claim reduced to the Stipulated Amount and receive the treatment as a Class 7A Dotcom Convenience Claim. You must make the Convenience Claim Election as to the entire amount of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable. You may not split your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable.

If you make the Convenience Claim Election, all of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, will be counted as a vote to accept the Plan.

If you do not make the Convenience Claim Election, you may vote your Class 5A Dotcom Customer Entitlement Claim to accept or reject the Plan in **Item 7**.

***Your Convenience Claim Election will not affect your Voting Amount.***

**<u>Quoine Customers</u>**

If your Class 5A Dotcom Customer Entitlement Claim is with respect to a Claim of creditors or customers of Quoine, please review **Item 2** in detail.  As set forth in **Item 2**, if your Class 5A Dotcom Customer Entitlement Claim is with respect to a Claim of creditors or customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

2.  This Ballot contains voting options with respect to the Plan.

3.  To vote, you <u>MUST</u>: (a) fully complete the Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **Item 7** of the Ballot; (c) sign, date, and return the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

    To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 6, above. To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4. You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in **Item 7** of this Ballot or you are deemed to vote to accept the Plan by virtue of making the Convenience Claim Election in **Item 6**.

5. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6. Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will ***not*** be counted unless the Debtors otherwise determine to accept such Ballot.

7. To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is **August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

8. Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to whether you made the Bahamas Opt-In Election or acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or by mail.

10. If you deliver multiple Ballots for your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 5A Dotcom Customer Entitlement Claim.

11. You must make a Bahamas Opt-In Election for all of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 2** and may not split your election.

12. You must vote all of your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, either to accept or reject the Plan and may not split your vote.

13. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or a proof of debt, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases or the FTX DM Liquidation Proceeding.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. ***You must SIGN AND DATE*** your Ballot.[3] A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

16. Except with respect to your Class 5A Dotcom Customer Entitlement Claim as set forth in **Item 3**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

## PLEASE RETURN YOUR BALLOT PROMPTLY

## IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE

---

[3] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**SOLICITATION AGENT AT: (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

## EXHIBIT 3C

**Class 5B Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN
OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 5B U.S. Customer Entitlement Claims**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS
BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "<u>VOTING DEADLINE</u>").**

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY <u>AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME</u>**

- You are receiving this ballot (this "<u>Ballot</u>") because you are a Holder of a Class 5B U.S. Customer Entitlement Claim of FTX Trading Ltd. ("<u>FTX Trading</u>") and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and each, a "<u>Debtor</u>"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>").

- The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.

- Effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 5B Dotcom Customer Entitlement Claim if you (i) agree with the Claim Amount Stipulation for Voting, Allowance and Distribution in <u>Item 2</u> of this Ballot and (ii) vote to accept the Plan in <u>Item 5</u> of this Ballot.

- Under the Plan, unless you <u>affirmatively opt out</u> in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "<u>Third-Party Release</u>"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page 11 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to make any election or vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also included in this Ballot. These defined terms control the scope of the Third-Party Release.

- You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in <u>Item 5</u> of this Ballot or you make the Convenience Claim Election in <u>Item 4</u> of this Ballot.

The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Plan</u>"), attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>").[2] The Disclosure Statement provides you with information to make an

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B Priority DM Claims, Class 8C PropCo General Unsecured Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "<u>Voting Class</u>" and collectively, the "<u>Voting Classes</u>").

You are receiving this ballot (this "<u>Ballot</u>") because you are the Holder of a Class 5B U.S. Customer Entitlement Claim as of <u>June 25</u>, 2024 (the "<u>Voting Record Date</u>"). **For a detailed discussion of the treatment of Class 5B U.S. Customer Entitlement Claims under the Plan, please review the Disclosure Statement and the Plan.**

## <u>BALLOT</u>

**Please review the instructions attached as <u>Annex A</u> (the "<u>Ballot Instructions</u>") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the Ballot Instructions, your vote on the Plan will be counted in Class 5B U.S. Customer Entitlement Claims. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

To vote on the Plan, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **<u>Item 5</u>** of this Ballot; (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or (ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1. To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: _____**

2.  To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you **SHOULD NOT** submit the paper original of your Ballot.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Class 5B U.S. Customer Entitlement Claim. Your Claim has been classified in Class 5B under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1** or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for the vote on such ballot to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "<u>Solicitation Package</u>") you are receiving with this Ballot. If you would like paper copies of the Solicitation Package materials, or if you would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at (888) 482-0049 (U.S./Canada, Toll-Free) or +1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website,

https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain elections contained herein, opting out of the Third-Party Release, and making certifications with respect to the Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

<u>**Item 1**</u>     **Voting Amount of Class 5B U.S. Customer Entitlement Claim.**

For purposes of voting to accept or reject the Plan, your U.S. Customer Entitlement Claim will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations set forth either in ~~(i)~~ the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] ~~or (ii) the [•]~~<u>(together with any further order of the Court estimating claims based on digital assets, the "Digital Assets Estimation Order") or as shall be set forth in any other order by the Court, as applicable</u> (the "<u>Scheduled Amount</u>"). Your Scheduled Amount is as listed in this <u>**Item 1**</u>.

If you did not file a Proof of Claim, the amount of your Class 5B U.S. Customer Entitlement Claim for purposes of voting to accept or reject the Plan (the "<u>Voting Amount</u>") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures.

When signing your Ballot, you will be certifying that, as of the Voting Record Date, you are the Holder of a Class 5B U.S. Customer Entitlement Claim as set forth below and understand that you are eligible to make the stipulation in <u>**Item 2**</u> and the election in <u>**Item 4**</u>.

| Relevant Ballot Amounts |
|---|
| Scheduled Amount: $_____ |
| Voting Amount: $_____ |

**For additional details regarding the treatment and rights for Class 5B U.S. Customer Entitlement Claims under the Plan, please review the Disclosure Statement and the Plan.**

<u>**Item 2**</u>.   **Stipulated Amount for Voting, Allowance and Distribution.**

Effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an

Excluded Customer Preference Action) with respect to your Class 5B U.S. Customer Entitlement Claim if you (i) vote to accept the Plan in **Item 5** of this Ballot and (ii) consent and stipulate in this **Item 2** to the Stipulated Amount below *for voting, allowance and Distribution purposes*. For more details, please refer to Section 5.5 of the Plan.

**Stipulated Amount of your Class 5B U.S. Customer Entitlement Claim for Voting, Allowance and Distribution: $_____**

**If you would like to agree to your Stipulated Amount identified above *for voting, allowance and Distribution* in respect of your Class 5B U.S. Customer Entitlement Claim, you should check the box below. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 5B U.S. Customer Entitlement Claim, you must both (i) agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 5B U.S. Customer Entitlement Claim as set forth in this Item 2 and (ii) vote to accept the Plan in Item 5 of this Ballot. If you agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 5B U.S. Customer Entitlement Claim, but do not vote to accept the Plan in Item 5 of this Ballot, or if you vote to accept the Plan in Item 5 of this Ballot, but do not agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5B U.S. Customer Entitlement Claim, the Debtors and the Wind Down Entities may still prosecute Customer Preference Action with respect to your Class 5B U.S. Customer Entitlement Claim.  Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5B U.S. Customer Entitlement Claim as set forth in this Item 2 or vote to accept the Plan in Item 5 of this Ballot. For the avoidance of doubt, any pending preference actions filed by the Debtors against any party shall be an Excluded Customer Preference Action, and the defendant of such action shall not be released from such action even if such holder properly agrees to the stipulated amount for voting, allowance and Distribution and votes in favor of the Plan. PLEASE BE ADVISED THAT IF YOU PROPERLY CONSENT AND STIPULATE TO THE STIPULATED AMOUNT, THE STIPULATED AMOUNT WILL SUPERSEDE ANY FILED OR SCHEDULED CLAIM AND SUCH STIPULATED AMOUNT SHALL CONTROL FOR VOTING, ALLOWANCE AND DISTRIBUTION IN RESPECT OF YOUR CLASS 5B U.S. CUSTOMER ENTITLEMENT CLAIM.  FOR MORE DETAILS, PLEASE REFER TO SECTION 5.5 OF THE PLAN AND SECTION 6(E) OF THE DISCLOSURE STATEMENT.**

The undersigned, a Holder of a Class 5B U.S. Customer Entitlement Claim against the Debtors as set forth in the chart above, elects as follows:

☐ The undersigned consents and stipulates to the Stipulated Amount as set forth in **Item 2** of this Ballot *for voting, allowance and Distribution*.

7

**Item 3.   Guide for Filling Out this Ballot.**

All Holders of Class 5B U.S. Customer Entitlement Claims should review and consider whether to make the elections in this Ballot and review the Ballot Instructions in **Annex A** attached to this Ballot.

**Item 4.   Convenience Claim Election.**

Any Holder of a Class 5B U.S. Customer Entitlement Claim may irrevocably elect to receive the treatment for Class 7B with respect to such Class 5B U.S. Customer Entitlement Claim as a Class 7B U.S. Convenience Claim (such election, the "Convenience Claim Election").  In the event any Holder whose Class 5B U.S. Customer Entitlement Claim with a Claim Amount as set forth in **Item 1**, and as set forth in the Stipulated Amount in **Item 2**, totals more than $50,000, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim reduced to $50,000.  In the event any Holder whose Class 5B U.S. Customer Entitlement Claim with a Claim Amount as set forth in **Item 1** totals more than $50,000, but for whom the Stipulated Amount as set forth in **Item 2** totals less than $50,000, and such Holder does not agree to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim reduced to $50,000. In the event any Holder whose Class 5B U.S. Customer Entitlement Claim with a Claim Amount as set forth in **Item 1** totals more than $50,000, but as set forth in the Stipulated Amount in **Item 2** totals less than $50,000, and such Holder agrees to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim reduced to its Stipulated Amount and receive the treatment as a Class 7B U.S. Convenience Claim. By making the Convenience Claim Election for your Class 5B U.S. Customer Entitlement Claim, the aggregate amount of such Class 5B U.S. Customer Entitlement Claim for Distribution under the Plan will be irrevocably reduced to the lesser of $50,000 and the applicable Stipulated Amount (to the extent you agree to the Stipulated Amount for voting, allowance and Distribution) (the "Convenience Claim Treatment"). Please review the below chart to understand the difference in the treatment for Class 5B U.S. Customer Entitlement Claims and Class 7B U.S. Convenience Claims.

| Voting Class | Description | Treatment |
|---|---|---|
| Class 5B | U.S. Customer Entitlement Claims | Except to the extent that a Holder of an Allowed U.S. Customer Entitlement Claim agrees to less favorable treatment, and in full and final satisfaction, settlement, release and discharge of and in exchange for its Allowed U.S. Customer Entitlement Claims, each Holder of an Allowed U.S. Customer Entitlement Claim shall receive payment in Cash in an amount equal to (i) 100% of such Allowed U.S. Customer Entitlement Claim, *plus* (ii) interest at the Consensus Rate on such Allowed U.S. Customer Entitlement Claim from the Petition Date through the applicable Distribution Date to the extent of available funds in accordance with <u>Section 7.1</u> of the Plan, *plus* (iii) any proceeds from the Supplemental Remission Fund to which such Holder is entitled pursuant to <u>Section 5.21</u> of the Plan; *provided* that no Holder of an Allowed U.S. Customer Entitlement Claim shall be entitled to receive any payment except to the extent of funds available to make such payment in accordance with the waterfall priorities set forth in <u>Section 4.2.2</u> and <u>Section 4.2.3</u> of the Plan. |
| Class 7B | U.S. Convenience Claims | In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed U.S. Convenience Claim, each Holder of an Allowed U.S. Convenience Claim shall receive payment in Cash in an amount equal to 100% of such Allowed U.S. Convenience Claim plus postpetition interest at the Consensus Rate from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in <u>Section 4.2.2</u> of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such U.S. Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |

***Your Convenience Claim Election will not affect your Voting Amount.***

If you would like to make the Convenience Claim Election and receive the Convenience Claim Treatment in respect of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, you should check the applicable box(es) below. Checking the box below constitutes a vote to *accept* the Plan. ***If you accept the Convenience Claim Election AND vote to reject the Plan, your Convenience Claim Election***

***controls, your vote to reject the Plan will be voided and you shall be deemed to have accepted the Plan.***

**Please note that the Convenience Claim Election is at your option. Holders that make the Convenience Claim Election may receive a distribution that is less than the distribution such Holders would have received had they decided not to make the Convenience Claim Election.**

The undersigned, a Holder of a Class 5B U.S. Customer Entitlement Claim against the Debtors as set forth in the chart in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, elects as follows:

    ☐ **Accept the Convenience Claim Election** and the reduction of your Class 5B U.S. Customer Entitlement Claim to the lesser of $50,000 and the applicable Stipulated Amount (to the extent you agree to the Stipulated Amount for voting, allowance and Distribution ) (for Distribution purpose under the Plan) and are hereby deemed to vote all such Class 5B U.S. Customer Entitlement Claim in favor of the Plan, and to receive the Convenience Claim Treatment on this reduced amount.

In the event of any inconsistent elections on this Ballot, a valid acceptance of the Convenience Claim Election will control and your Ballot will be deemed to vote to accept the Plan.

<u>**Item 5**</u>.    **Vote on Plan.**

You are eligible to vote to accept or reject the Plan in this **Item 5** *unless* you elected to accept the Convenience Claim Election, in which case your Class 5B U.S. Customer Entitlement Claim will be counted as a vote to accept the Plan, regardless of any boxes checked below.

Effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 5B U.S. Customer Entitlement Claim if you (i) vote to accept the Plan in this **Item 5**, and (ii) consent and stipulate in **Item 2** to the Stipulated Amount for voting, allowance and Distribution.  For more details, please refer to **Item 2** of this Ballot and Section 5.5 of the Plan.

To vote in this **Item 5**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

The below table maps out different scenarios and your eligibility to vote to accept or reject the Plan.

Please note that you are required to vote all of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, either to accept or reject the Plan. You **<u>may not</u>** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, **and** you did not make the Convenience Claim Election in **Item 4**, your vote will not be counted in Class 5B U.S. Customer Entitlement Claims.

*If you indicate that you both accept and reject the Plan by checking both boxes below, and you did not make the  Convenience Claim Election, your vote will not be counted.*

The undersigned, a Holder of a Class 5B U.S. Customer Entitlement Claim against the Debtors as set forth in the chart in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, votes to (please check **one box** in each row in the right column to the extent applicable):

| Scenario | Voting to Accept or Reject the Plan |
|---|---|
| Scenario 1 <br> (where you: **do not** make the Convenience Claim Election in **Item 4**) | ☐ ACCEPT (VOTE FOR) THE PLAN <br><br> ☐ REJECT (VOTE AGAINST) THE PLAN |
| Scenario 2 <br> (where you: **make** the Convenience Claim Election in **Item 4**) | DEEMED TO ACCEPT (VOTE FOR) THE PLAN BASED ON CONVENIENCE CLAIM ELECTION |

**Item 6**.    **Third-Party Release.**

THE PLAN CONTAINS A THIRD-PARTY RELEASE. IF YOU DO NOT WISH TO GRANT THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN SECTION 10.5 OF THE PLAN. AS A HOLDER OF CLASS 5B U.S. CUSTOMER ENTITLEMENT CLAIMS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN UNLESS YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE.

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE

11

THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN **<u>ITEM 5</u>** OF THIS BALLOT, OR ARE DEEMED TO VOTE TO ACCEPT THE PLAN BY VIRTUE OF MAKING THE CONVENIENCE CLAIMS ELECTION IN **<u>ITEM 4</u>**, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE.

☐ **By checking this box, you elect to <u>OPT OUT OF</u> the Third-Party Release.**

**Section 10.5** of the Plan contains the following Third-Party Release:

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act. Nothing in this Section 10.5 shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "***Released Parties***" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or

13

representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)     Under the Plan, "***Releasing Parties***" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

(3)     Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)     Under the Plan, "***Exculpated Parties***" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)     Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## <u>Item 7.</u>    Certifications

1.     The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 5B U.S. Customer Entitlement Claim being voted or (b) the authorized signatory for an entity that

14

is a Holder of such Class 5B U.S. Customer Entitlement Claim entitled to make the Convenience Claim Election, agree to the Stipulated Amount for voting, allowance and Distribution, and to vote to accept or reject the Plan on behalf of the Holder of such Class 5B U.S. Customer Entitlement Claim;

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3.  either (a) no other ballot with respect to the same Class 5B U.S. Customer Entitlement Claim identified in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, has been cast or (b) if any other ballot has been cast with respect to such Class 5B U.S. Customer Entitlement Claim, then any such prior ballots are hereby revoked and deemed to be null and void.

**Item 8.**   **Ballot Completion Information**

Name of Holder: _____
_____

Signature: _____

Signatory Name (if other than the Holder): _____

Title (if other than the Holder): _____

Address: _____
_____

Email Address: _____

Telephone Number: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT:**

**HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

| **Annex A**<br>**Class 5B U.S. Customer Entitlement Claim** |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Class 5B U.S. Customer Entitlement Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AND ANY APPLICABLE ELECTIONS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

**IF YOU MAKE THE ELECTION CONTAINED IN <u>ITEM 4</u> OF THE BALLOT, YOUR VOTE WILL AUTOMATICALLY BE COUNTED AS A VOTE TO ACCEPT THE PLAN.**

### <u>Optional Stipulated Amount for Voting, Allowance and Distribution</u>

If you would like to elect to have the Debtors and Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect your Class 5B U.S. Customer Entitlement Claim, you should agree to the Stipulated Amount Stipulation for voting, allowance and Distribution by checking the box in **<u>Item 2</u>** to irrevocably consent and stipulate to the Stipulated Amount. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect your Class 5B U.S. Customer Entitlement Claim, you must both (i) consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **<u>Item 2</u>** of this Ballot and (ii) vote to accept the Plan in **<u>Item 5</u>** of this Ballot. If you consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **<u>Item 2</u>** of this Ballot, but do not vote to accept the Plan in **<u>Item 5</u>** of this Ballot, or if you vote to accept the Plan in **<u>Item 5</u>** of this Ballot, but do not consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **<u>Item 2</u>** of this Ballot, the Debtors and the Wind Down Entities may still prosecute your Class 5B U.S. Customer Entitlement Claim. Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 5B U.S. Customer Entitlement Claim as set forth in this **<u>Item 2</u>** or vote to accept the Plan in **<u>Item 5</u>** of this Ballot.

**Optional Convenience Claim Election**

If you are a Holder of a Class 5B U.S. Customer Entitlement Claim and you wish to make the Convenience Claim Election, check the box in **Item 4** of the Ballot in order to receive the Convenience Claim Treatment. In the event any Holder whose Class 5B U.S. Customer Entitlement Claim with a Claim Amount as set forth in **Item 1**, and as set forth in the Stipulated Amount in **Item 2**, totals more than $50,000, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim reduced to $50,000.  In the event any Holder whose Class 5B U.S. Customer Entitlement Claim with a Claim Amount as set forth in **Item 1** totals more than $50,000, but as set forth in the Stipulated Amount in **Item 2** totals less than $50,000, and such Holder does not agree to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim reduced to $50,000. In the event any Holder whose Class 5B U.S. Customer Entitlement Claim with a Claim Amount as set forth in **Item 1** totals more than $50,000, but for whom the Stipulated Amount as set forth in **Item 2** totals less than $50,000, and such Holder agrees to the Stipulated Amount for voting, allowance and Distribution, then such Holder may irrevocably elect to have such Class 5B U.S. Customer Entitlement Claim reduced to the Stipulated Amount and receive the treatment as a Class 7B U.S. Convenience Claim. You must make the Convenience Claim Election as to the entire amount of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable. You may not split your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable.

If you make the Convenience Claim Election, all of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, will be counted as a vote to accept the Plan.

If you <u>do not</u> make the Convenience Claim Election, you may vote your Class 5B U.S. Customer Entitlement Claim to accept or reject the Plan in **Item 5**.

***Your Convenience Claim Election will not affect your Voting Amount.***

2.  This Ballot contains voting options with respect to the Plan.

3.  To vote, you <u>MUST</u>: (a) fully complete the Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **Item 5** of the Ballot; (c) sign, date, and return the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

    To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 4, above.

To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4. You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in **Item 5** of this Ballot or you are deemed to vote to accept the Plan by virtue of making the Convenience Claim Election in **Item 4**.

5. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6. Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will **_not_** be counted unless the Debtors otherwise determine to accept such Ballot.

7. To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is **August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

8. Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors

19

otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or by mail.

10. If you deliver multiple Ballots for your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 5B U.S. Customer Entitlement Claim.

11. You must vote all of your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, either to accept or reject the Plan and may not split your vote.

12. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. *You must SIGN AND DATE* your Ballot.[3] A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

15. Except with respect to your Class 5B U.S. Customer Entitlement Claim as set forth in **Item 1**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

### PLEASE RETURN YOUR BALLOT PROMPTLY

### IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE

---

[3] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**SOLICITATION AGENT AT: (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

21

# EXHIBIT 3D

## Class 6A Ballot

## EXHIBIT 3E

**Class 6B Ballot**

**EXHIBIT 3F**

**Class 7A Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:                                                  Chapter 11

FTX TRADING LTD., *et al.*,[1]                          Case No. 22-11068 (JTD)

      Debtors.                                  (Jointly Administered)


**BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN
OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

**Class 7A Dotcom Convenience Claims**

| |
|---|
| **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**<br><br>**PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**<br><br>**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").** |

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY <u>AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME</u>**

- You are receiving this ballot (this "<u>Ballot</u>") because you are a Holder of a Class 7A Dotcom Convenience Claim of FTX Trading Ltd. ("<u>FTX Trading</u>") and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and each, a "<u>Debtor</u>"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") and may be a potential claimant of FTX Digital Markets Ltd.'s ("<u>FTX DM</u>") liquidation proceeding in The Bahamas (the "<u>FTX DM Liquidation Proceeding</u>").

- The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Plan</u>"), attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>").[2]

- On January 24, 2024, the Bankruptcy Court entered an order approving a settlement agreement by and among the Debtors and FTX DM (the "<u>Settlement</u>") whereby, among other things, Holders of Class 5A Dotcom Customer Entitlement Claims may make an irrevocable election (the "<u>Bahamas Opt-In Election</u>"), subject to effectiveness of the Plan, to (i) forever, fully and finally release and discharge the Debtors with respect to such Class 5A Dotcom Customer Entitlement Claims from these Chapter 11 Cases and (ii) forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases in exchange to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. Any Holder who wishes to have its Class 5A Dotcom Customer Entitlement Claims or Class 7A Dotcom Convenience Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding must (i) submit a proof of debt in the FTX DM Liquidation Proceeding via the FTX DM Portal (as defined below), (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other required steps in the FTX DM Liquidation Proceeding (collectively, (i) through (iii), the "<u>Bahamas Requirements</u>"). For more details about the Settlement and the Bahamas Opt-In Election, please refer to Section

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

**7.11 in the Plan and Section 6(B) in the Disclosure Statement and the Bahamas Opt-In Election instruction letter you received in the Solicitation Package (the "Bahamas Process Letter").**

- **Pursuant to the terms of the Settlement, making the Bahamas Opt-In Election will not impact your requirements to comply with and complete the "Know Your Customer" procedures, and subject to the effectiveness of the Plan, by making the Bahamas Opt-In Election, you agree to make your KYC Information submitted in these Chapter 11 Cases accessible to FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorize the Debtors and their agents and representatives to make such KYC information available to FTX DM and its agents and representatives.**

- **You will first be asked to determine whether you would like to make the Bahamas Opt-In Election.  If you make the Bahamas Opt-In Election in this Ballot, please do not fill out the rest of this Ballot.  If you make the Bahamas Opt-In Election, subject to the effectiveness of the Plan, you cannot prosecute your Class 5A Dotcom Customer Entitlement Claim against the Debtors and you agree to fully and finally release and discharge the Debtors with respect to such Claim. Additionally, if you make the Bahamas Opt-In Election, any other elections you make on this Ballot will be null and void. If you make the Bahamas Opt-In Election in this Ballot, you are deemed to vote to accept the Plan.**

- **In order to have your Class 7A Dotcom Convenience Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must complete (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) all other Bahamas Requirements.  In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such Claims from the Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied the FTX DM Liquidation Proceeding.**

- **In the event you return the Ballot on or before the Voting Deadline and do not make the Bahamas Opt-In Election, you will have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the Chapter 11 Cases, your Claim will be governed by the Plan, the Chapter 11 Cases and the Bankruptcy Court, you cannot prosecute your Claim against FTX DM and any proof of debt you submit in the FTX DM Liquidation Proceeding will be invalid, unless you have also completed all other Bahamas Requirements in the FTX DM Liquidation Proceeding.**

- **In the event you (i) return the Ballot on or before the Voting Deadline and do not make the Bahamas Opt-In Election and (ii) submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, your Ballot will be deemed null and void and you are deemed to make the Bahamas Opt-In Election.**

- **If you wish to make the Bahamas Opt-In Election, please read carefully and complete Item 1 herein (Pages 7-11).  If you do not wish to make the Bahamas Opt-In Election and wish to have your Claim administered in the Chapter 11 Cases, please read carefully and complete Items 2-9 herein (Pages 11-17).**

- **If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim if you (i) agree with the Claim Amount Stipulation for Voting, Allowance and Distribution in <u>Item 4</u> of this Ballot and (ii) vote to accept the Plan in <u>Item 7</u> of this Ballot.**

- **If you do not make the Bahamas Opt-In Election, there are certain releases contemplated in the Plan.  Under the Plan, unless you <u>affirmatively opt out</u> in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "<u>Third-Party Release</u>"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page 15 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to make any election or vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also included in this Ballot. These defined terms control the scope of the Third-Party Release.**

- **You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in <u>Item 7</u> of this Ballot.**

The Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B Priority DM Claims, Class 8C PropCo General Unsecured Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "<u>Voting Class</u>" and collectively, the "<u>Voting Classes</u>").

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 7A Dotcom Convenience Claim as of June 25, 2024 (the "Voting Record Date"). **For a detailed discussion of the treatment of Class 7A Dotcom Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

## BALLOT

**Please review the instructions attached as Annex A (the "Ballot Instructions") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the Ballot Instructions, your vote on the Plan will be counted in **Class 7A Dotcom Convenience Claims**. If you make the Bahamas Opt-In Election in this Ballot, you should not complete the remainder of the Ballot and are deemed to vote to accept the Plan and any other election in the Ballot will be null and void. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO MAKE THE BAHAMAS OPT-IN ELECTION IN THIS BALLOT OR TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**To make the Bahamas Opt-In Election, you MUST either:** (a)(1) check the box in **Item 1**, and (2) return this Ballot on or before the Voting Deadline; or (b)(1) take no action with respect to this Ballot or the voting and chapter 11 elections found on your FTX.com online portal and (2)(i) file a proof of debt in the FTX DM Liquidation Proceeding via the following link at https://digitalmarketsclaim.pwc.com or by scanning the QR Code below: (the "FTX DM Portal"), (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other Bahamas Requirements:

5



**To vote on the Plan, you MUST:** (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **Item 7**; (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or (ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1. To submit your electronic Ballot either to make the Bahamas Opt-In Election or to vote on the Plan via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#:** _____

2. To submit your Ballot either to make the Bahamas Opt-In Election or to vote on the Plan via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

   FTX Trading Ltd. Ballot Processing Center
   c/o Kroll Restructuring Administration LLC
   850 Third Avenue, Suite 412
   Brooklyn, NY 11232

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal you **SHOULD NOT** submit the paper original of your Ballot.

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan, or make the Bahamas Opt-In Election. You may wish to seek legal advice concerning (a) whether to make the Bahamas Opt-In Election and (b) the Plan and the Plan's classification and treatment of your Class 7A Dotcom Convenience Claim. Your Claim has been classified in Class 7A under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 7A Dotcom Convenience Claim as set forth in **Item 3** or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for any Bahamas Opt-In Election or vote on such ballot to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you would like paper copies of the Solicitation Package materials, or if you would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at (888) 482-0049 (U.S./Canada, Toll-Free) or +1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain elections contained herein, opting out of the Third-Party Release, and making certifications with respect to the Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, or to make the Bahamas Opt-In Election via this Ballot, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

<u>Item 1</u>.    **The Bahamas Opt-In Election.**

Holders of Class 7A Dotcom Convenience Claims may irrevocably elect to have their Class 7A Dotcom Convenience Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding by making the Bahamas Opt-In Election.  If a Holder makes the Bahamas Opt-In Election, such Holder is, subject to the effectiveness of the Plan: (a) forever, fully and finally releasing and discharging the Debtors with respect to such Class 7A Dotcom Convenience Claims; and (b) forever, fully and finally withdrawing with prejudice such Class 7A Dotcom Convenience Claims from these Chapter 11 Cases and the Solicitation Agent will be authorized to update the Claims Register accordingly.

If a Holder does not make the Bahamas Opt-In Election, such Holder is, subject to the effectiveness of the Plan, forever, fully and finally releasing and discharging FTX DM with respect to their Class 7A Dotcom Convenience Claims and gives up all right to prove in, and be paid a distribution from, the FTX DM Liquidation Proceeding, unless such Holder submits a proof of debt in the FTX DM Liquidation Proceeding and completes all other Bahamas Requirements in the FTX DM Liquidation Proceeding.

After making the Bahamas Opt-In Election, FTX DM and the JOLs will provide instructions with respect to all aspects of your Claim via the following link at https://digitalmarketsclaim.pwc.com

**To make the Bahamas Opt-In Election, you <u>MUST either</u>:**

(a) (1) check the box in **<u>Item 1</u>** and (2) return this Ballot on or before the Voting Deadline; or

(b) (1) take no action with respect to this Ballot or the voting and chapter 11 elections found on your FTX.com online portal and (2)(i) file a proof of debt in the FTX DM Liquidation Proceeding via the following link at https://digitalmarketsclaim.pwc.com or by scanning the QR Code below: (ii) submit a confirmation via the FTX DM Portal that you have determined to have such proof of debt administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iii) complete all other Bahamas Requirements:



Making the Bahamas Opt-In Election in this Ballot does not ensure that your Class 7A Dotcom Convenience Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. **You must also submit a proof of debt in the FTX DM Liquidation Proceedings and complete all other Bahamas Requirements.** In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX DM Liquidation Proceeding, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such claims from these Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

If you make the Bahamas Opt-In Election, subject to effectiveness of the Plan your Class 7A Dotcom Convenience Claim as set forth in **Item 3** will not be administered, reconciled, valued, settled, adjudicated, resolved or satisfied in these Chapter 11 Cases and you agree to: (a) forever, fully and finally release and discharge the Debtors with respect to your Class 7A Dotcom Convenience Claim as set forth in **Item 3**; and (b) forever, fully and finally withdraw with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases. If you make the Bahamas Opt-In Election, you will not receive any Distributions from the Debtors on account of your Class 7A Dotcom Convenience Claim in the Chapter 11 Cases. If you make the Bahamas Opt-In Election in this Ballot, you are deemed to vote to accept the Plan and you will not be entitled to complete any other part of this Ballot or make any of the elections in these Chapter 11 Cases, including agreeing to your Stipulated Amount, pursuant to the Plan through this Ballot. For more details about the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement.

If you do not make the Bahamas Opt-In Election, your Class 7A Dotcom Convenience Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases. If you do not make the Bahamas Opt-In Election, you agree to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge FTX DM with respect to your Class 7A Dotcom Convenience Claim as set forth in **Item 3** and you will not receive any distributions from FTX DM on account of your Class 7A Dotcom Convenience Claim.

However, notwithstanding anything to the contrary, in the event you have submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation, then you are deemed to make the Bahamas Opt-In Election.

**Please note that the Bahamas Opt-In Election is at your option. Holders who make the Bahamas Opt-In Election cannot, and will not, receive more than such Holders would have received under the Plan in these Chapter 11 Cases. Additionally, Holders who make the Bahamas Opt-In Election may recover less as their Claims may be diluted by certain Claims in the Bahamas which would not have been allowed as Class 7A Dotcom Convenience Claims under the Plan.**

☐    **By checking this box, you (i) are deemed to vote to accept the Plan, and (ii) subject to effectiveness of the Plan, forever, fully and finally (a) release and discharge the**

> **Debtors with respect to your Class 7A Dotcom Convenience Claim; and (b) withdraw with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases, (iii) subject to effectiveness of the Plan, elect to have your Class 7A Dotcom Convenience Claim as set forth in __Item 3__ administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and (iv) subject to the effectiveness of the Plan, agree to make the KYC Information submitted in these Chapter 11 Cases accessible to FTX DM and agents and representatives in the FTX DM Liquidation Proceeding and authorize the Debtors and their agents and representatives to make such KYC information available to FTX DM and its agents and representatives. Please note that in order to have your Class 7A Dotcom Convenience Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) complete all other Bahamas Requirements.**

**If you check this box ONLY PROCEED TO __ITEM 1(a)__ and __ITEM 1(b)__. DO NOT FILL OUT THE REST OF THE BALLOT AFTER __ITEM 1(b)__. For further instructions and information, please refer to __Annex A__ herein.**

In the event that you make the Bahamas Opt-In Election and complete any other part of this Ballot or make any other elections in the Ballot, (i) your Bahamas Opt-In Election will control, (ii) you are deemed to vote to accept the Plan, and (iii) such other elections made in your Ballot will be deemed null and void.

In the event you (1) return this Ballot on or before the Voting Deadline that does not make the Bahamas Opt-In Election and (2) submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, your Ballot will be deemed null and void and you are deemed to make the Bahamas Opt-In Election.

**Item 1(a).    Certifications.**

The undersigned, as of the Voting Record Date:

1.  is (a) the Holder of the Class 7A Dotcom Convenience Claim as set forth in __Item 3__ or the authorized signatory for an entity that is a Holder of such Claim entitled to make the Bahamas Opt-In Election as set forth in this __Item 1__;

2.  irrevocably elects to, subject to the effectiveness of the Plan, have its Class 7A Dotcom Convenience Claim as set forth in __Item 3__ administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding; *provided* that in order to have your Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must (i) submit a proof of debt in the FTX DM Liquidation Proceeding and (ii) complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding;

3. agrees to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge the Debtors with respect to the Class 7A Dotcom Convenience Claim as set forth in **Item 3**; and

4. subject to the effectiveness of the Plan, forever, fully and finally withdraws with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases.

**Item 1(b).    Bahamas Opt-In Election Information.**

Name of Holder:    _____

_____

Signature:    _____

Signatory Name (if other than the Holder):    _____

Title (if other than the Holder):    _____

Address:    _____

_____

Email Address:    _____

Telephone Number:    _____

Date Completed:    _____

**Item 2    Quoine Customers**

If your Class 7A Dotcom Convenience Claim is with respect to a Claim of creditors or customers of Debtor Quoine Pte. Ltd. ("Quoine"), your vote on this Ballot is being solicited on a contingent basis.

The Debtors may determine, no later than 180 days after the Confirmation Date, to exclude Quoine from the Plan and treat Quoine as an Excluded Entity in the event that the Singapore International Commercial Court has not entered orders in form and substance reasonably acceptable to the Debtors (i) recognizing the Chapter 11 Case of Quoine Pte. Ltd. in Singapore and (ii) granting full force and effect in Singapore to the Confirmation Order, the Digital Assets Estimation Order and the Claims Bar Date. In the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date, your Class 7A Dotcom Convenience Claim with respect to a Claim of creditors and customers of Quoine will not be administered, reconciled, valued, settled,

adjudicated, resolved or satisfied in these Chapter 11 Cases, and you will not be entitled to any Distributions under the Plan on account of such Claims and any ballots or elections made by you on account of such Claims will be deemed null and void. In the event the Debtors do not make such determination within 180 days after the Confirmation Date, your Class 7A Dotcom Convenience Claim with respect to a Claim of creditors or customers of Quoine will be treated as the other Class 7A Dotcom Convenience Claims.

**Item 3.   Voting Amount of Class 7A Dotcom Convenience Claim.**

For purposes of voting to accept or reject the Plan, your Class 7A Dotcom Convenience Claim will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations set forth either in ~~(i)~~ the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] ~~or (ii) the [•]~~(together with any further order of the Court estimating claims based on digital assets, the "Digital Assets Estimation Order") or as shall be set forth in any other order by the Court, as applicable (the "Scheduled Amount"). Your Scheduled Amount is as listed in this **Item 3**.

If you did not file a Proof of Claim, the amount of your Class 7A Dotcom Convenience Claim for purposes of voting to accept or reject the Plan (the "Voting Amount") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures.

When signing your Ballot, you will be certifying that, as of the Voting Record Date, you are the Holder of a Class 7A Dotcom Convenience Claim as set forth below and understand that you are eligible to make the stipulation in **Item 4**.

| Relevant Ballot Amounts |
| --- |
| Scheduled Amount: $_____ |
| Voting Amount: $_____ |

**For additional details regarding the treatment and rights for Class 7A Dotcom Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 4**.    **Stipulated Amount for Voting, Allowance and Distribution.**

If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim if you (i) vote to accept the Plan in **Item 7** of this Ballot and (ii) consent and stipulate in this **Item 4** to the Stipulated Amount below *for voting, allowance and Distribution*. For more details, please refer to Section 5.5 of the Plan.

**Stipulated Amount of your Class 7A Dotcom Convenience Claim for Voting, Allowance and Distribution: $_____**

**If you would like to agree to your Stipulated Amount identified above *for voting, allowance and Distribution* in respect of your Class 7A Dotcom Convenience Claim, you should check the box below. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim, you must both (i) agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 7A Dotcom Convenience Claim as set forth in this *Item 4* and (ii) vote to accept the Plan in *Item 7* of this Ballot. If you agree to your Stipulated Amount *for voting, allowance and Distribution* in respect of your Class 7A Dotcom Convenience Claim, but do not vote to accept the Plan in *Item 7* of this Ballot, or if you vote to accept the Plan in *Item 7* of this Ballot, but do not agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7A Dotcom Convenience Claim, the Debtors and the Wind Down Entities may still prosecute Customer Preference Action with respect to your Class 7A Dotcom Convenience Claim.  Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7A Dotcom Convenience Claim as set forth in this *Item 4* or vote to accept the Plan in *Item 7* of this Ballot. For the avoidance of doubt, any pending preference actions filed by the Debtors against any party shall be an Excluded Customer Preference Action, and the defendant of such action shall not be released from such action even if such holder properly agrees to the stipulated amount for voting, allowance and Distribution and votes in favor of the Plan. PLEASE BE ADVISED THAT IF YOU PROPERLY CONSENT AND STIPULATE TO THE STIPULATED AMOUNT, THE STIPULATED AMOUNT WILL SUPERSEDE ANY FILED OR SCHEDULED CLAIM AND SUCH STIPULATED AMOUNT SHALL CONTROL FOR VOTING, ALLOWANCE AND DISTRIBUTION IN RESPECT OF YOUR CLASS 7A DOTCOM CONVENIENCE CLAIM.  FOR MORE DETAILS, PLEASE REFER TO SECTION 5.5 OF THE PLAN AND SECTION 6(E) OF THE DISCLOSURE STATEMENT.**

The undersigned, a Holder of a Class 7A Dotcom Convenience Claim against the Debtors as set forth in the chart above, elects as follows:

☐ The undersigned consents and stipulates to the Stipulated Amount as set forth in **Item 4** of this Ballot ***for voting, allowance and Distribution***.

**Item 5.**    **Guide for Filling Out this Ballot.**

All Holders of Class 7A Dotcom Convenience Claims should review and consider whether to make the elections in this Ballot and review the Ballot Instructions in **Annex A** attached to this Ballot.

**Item 6.**    **Treatment of Class 7A Dotcom Convenience Claims.**

A "Class 7A Dotcom Convenience Claim" is (a) any Dotcom Customer Entitlement Claim that is Allowed in an amount equal to or less than $50,000 or (b) any Dotcom Customer Entitlement Claim that is Allowed in an amount greater than $50,000 but that is reduced to an amount equal to or less than $50,000 by an irrevocable written election of the Holder of such Customer Entitlement Claim made on a properly executed and delivered Ballot; *provided* that where any portion of a Dotcom Customer Entitlement Claim has been transferred or subdivided, any transferred or subdivided portion shall continue to be treated together with the entire initial Dotcom Customer Entitlement Claim for purposes of determining whether any portion of such Dotcom Customer Entitlement Claim qualifies as a Dotcom Convenience Claim.

| Voting Class | Description | Treatment |
| --- | --- | --- |
| Class 7A | Dotcom Convenience Claims | In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed Dotcom Convenience Claim, each Holder of an Allowed Dotcom Convenience Claim shall receive payment in Cash in an amount equal to 100% of such Allowed Dotcom Convenience Claim *plus* postpetition interest at the Consensus Rate from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in Section 4.2.1 of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such Dotcom Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |

**For additional details regarding the treatment and rights for Class 7A Dotcom Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

**Item 7.    Vote on Plan.**

You are eligible to vote to accept or reject the Plan in this **Item 7** *unless* you made the Bahamas Opt-In Election.

If you do not make the Bahamas Opt-In Election, effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7A Dotcom Convenience Claim if you (i) vote to accept the Plan in this **Item 7**, and (ii) consent and stipulate in **Item 4** to the Stipulated Amount for voting, allowance and Distribution.  For more details, please refer to **Item 4** of this Ballot and Section 5.5 of the Plan.

To vote in this **Item 7**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

Please note that you are required to vote all of your Class 7A Dotcom Convenience Claims as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, either to accept or reject the Plan. You **may not** split your vote.

If you **do not** indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted in Class 7A Dotcom Convenience Claims.

As set forth in **Item 2**, if your Class 7A Dotcom Convenience Claim is a Claim of creditors and customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make the determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

***If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.***

The undersigned, a Holder of a Class 7A Dotcom Convenience Claim against the Debtors as set forth in the chart in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, votes to (please check **one box**):

| **Voting to Accept or Reject the Plan** |
| --- |
| ☐  ACCEPT (VOTE FOR) THE PLAN<br>☐  REJECT (VOTE AGAINST) THE PLAN |

**Item 8.    Third-Party Release.**

THE PLAN CONTAINS A THIRD-PARTY RELEASE. IF YOU DO NOT WISH TO GRANT THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE,

THIS WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN <u>SECTION 10.5</u> OF THE PLAN. AS A HOLDER OF CLASS 7A DOTCOM CONVENIENCE CLAIMS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN <u>UNLESS</u> YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE.

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN **<u>ITEM 7</u>** OF THIS BALLOT, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE.

| |
|---|
| ☐ **By checking this box, you elect to <u>OPT OUT OF</u> the Third-Party Release.** |

**Section 10.5** of the Plan contains the following Third-Party Release:

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act.  Nothing in this Section 10.5 shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "***Released Parties***" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity

is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)     Under the Plan, "***Releasing Parties***" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

(3)     Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)     Under the Plan, "***Exculpated Parties***" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)     Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## <u>Item 9</u>.   Certifications.

1.   The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 7A Dotcom Convenience Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class 7A Dotcom Convenience Claim entitled to accept or decline the

Bahamas Opt-In Election, agree to the Stipulated Amount for voting, allowance, and Distribution, and to vote to accept or reject the Plan on behalf of the Holder of such Class 7A Dotcom Convenience Claim;

2. the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3. either (a) no other ballot with respect to the same Class 7A Dotcom Convenience Claim identified in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, has been cast or (b) if any other ballot has been cast with respect to such Class 7A Dotcom Convenience Claim, then any such prior ballots are hereby revoked and deemed to be null and void.

**Item 10.  Ballot Completion Information.**

Name of Holder:                           _____

                                          _____

Signature:                                _____

Signatory Name (if other than the
Holder):                                  _____

Title (if other than the Holder):         _____

Address:                                  _____

                                          _____

Email Address:                            _____

Telephone Number:                         _____

Date Completed:                           _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT: HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL,**

**OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

---

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| **Annex A** |
| **Class 7A Dotcom Convenience Claim** |

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Class 7A Dotcom Convenience Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AND ANY APPLICABLE ELECTIONS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

**<u>Optional Bahamas Opt In Election</u>**

You must submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding, if you wish to irrevocably elect to, subject to the effectiveness of the Plan, have your Class 7A Dotcom Convenience Claim as set forth in **<u>Item 3</u>** administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding. If you make the Bahamas Opt-In Election:

   a.  you will be, subject to the effectiveness of the Plan, forever, fully and finally releasing and discharging the Debtors with respect to such Class 7A Dotcom Convenience Entitlement Claim;

   b.  you are, subject to the effectiveness of the Plan, forever, fully and finally withdrawing with prejudice such Class 7A Dotcom Convenience Claim from these Chapter 11 Cases, and instead, if you have also submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation Proceeding, you will have your claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, and the Solicitation Agent will be authorized to update the Claims Register accordingly;

   c.  you will not receive any Distributions from the Debtors on account of such Class 7A Dotcom Convenience Claim;

   d.  you will not be entitled to complete any other part of this Ballot or make any of the elections in these Chapter 11 Cases; and

   e.  you are deemed to vote to accept the Plan.

In order to have your Class 7A Dotcom Convenience Claim administered, reconciled, valued, settled, adjudicated, resolved and satisfied in the FTX DM Liquidation Proceeding, you must submit a proof of debt in the FTX DM Liquidation Proceeding and complete all other Bahamas Requirements in the FTX DM Liquidation Proceeding.  In the event you make the Bahamas Opt-In Election in this Ballot, but fail to submit a proof of debt in the FTX DM Liquidation Proceeding or complete any other Bahamas Requirement in the FTX DM Liquidation Proceeding, you will, subject to effectiveness of the Plan, (i) forever, fully and finally release and discharge the Debtors with respect to such Claims, (ii) forever, fully and finally withdraw with prejudice such Claims from these Chapter 11 Cases and (iii) may not have your Claim administered, reconciled, valued, settled, adjudicated, resolved or satisfied in the FTX DM Liquidation Proceeding.

If you do not make the Bahamas Opt-In Election, your Class 7A Dotcom Convenience Claim as set forth in **Item 3** will be administered, reconciled, valued, settled, adjudicated, resolved and satisfied in these Chapter 11 Cases.  If you do not make the Bahamas Opt-In Election you agree to, subject to the effectiveness of the Plan, forever, fully and finally release and discharge FTX DM with respect to your Class 7A Dotcom Convenience Claim as set forth in **Item 3** and you will not receive any distributions from FTX DM in the FTX DM Liquidation Proceeding on account of such Class 7A Dotcom Convenience Claim. However, notwithstanding anything to the contrary, in the event you have submitted a proof of debt in the FTX DM Liquidation Proceeding and completed all other Bahamas Requirements in the FTX DM Liquidation, then you are deemed to make the Bahamas Opt-In Election.

For more details about the Bahamas Opt-In Election, please refer to Section 7.11 in the Plan and Section 6(B) in the Disclosure Statement and the Bahamas Process Letter you received in the Solicitation Package.

## Optional Stipulated Amount for Voting, Allowance and Distribution

If you would like to elect to have the Debtors and Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect your Class 7A Dotcom Convenience Claim, you should agree to the Stipulated Amount Stipulation for voting, allowance and Distribution by checking the box in **Item 4** to irrevocably consent and stipulate to the Stipulated Amount. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect your Class 7A Dotcom Convenience Claim, you must both (i) consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot and (ii) vote to accept the Plan in **Item 7** of this Ballot. If you consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot, but do not vote to accept the Plan in **Item 7** of this Ballot, or if you vote to accept the Plan in **Item 7** of this Ballot, but do not consent and stipulate to the Stipulated Amount for voting, allowance and Distribution as set forth in **Item 4** of this Ballot, the Debtors and the Wind Down Entities may still prosecute your Class 7A Dotcom Convenience Claim. Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7A Dotcom Convenience Claim as set forth in this **Item 4** or vote to accept the Plan in **Item 7** of this Ballot.

## Quoine Customers

If your Class 7A Dotcom Convenience Claim is with respect to a Claim of creditors or customers of Quoine, please review **Item 2** in detail.  As set forth in **Item 2**, if your Class 7A Dotcom Convenience Claim is with respect to a Claim of creditors or customers of Quoine, your vote to accept or reject the Plan will not be counted, and any elections made on this Ballot shall be deemed null and void, in the event the Debtors make a determination to exclude Quoine from the Plan and treat Quoine as an Excluded Entity no later than 180 days after the Confirmation Date.

2.  This Ballot contains voting options with respect to the Plan.

3.  To vote, you <u>MUST</u>: (a) fully complete the Ballot; (b) clearly indicate your decision to accept or reject the Plan under the applicable scenario in **Item 7** of the Ballot; (c) sign, date, and return the Ballot via the Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

    To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

    IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 5, above.

    To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

    FTX Trading Ltd. Ballot Processing Center
    c/o Kroll Restructuring Administration LLC
    850 Third Avenue, Suite 412
    Brooklyn, NY 11232

    The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

    To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

    Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4.  You may still vote to opt out of the Third-Party Release in the event you vote to accept the Plan in **Item 7** of this Ballot.

5.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6. Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will _**not**_ be counted unless the Debtors otherwise determine to accept such Ballot.

7. To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is **August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

8. Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to whether you made the Bahamas Opt-In Election or acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9. Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or via mail.

10. If you deliver multiple Ballots for your Class 7A Dotcom Convenience Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 7A Dotcom Convenience Claim.

11. You must make a Bahamas Opt-In Election for all of your Class 7A Dotcom Convenience Claim as set forth in **Item 3**, and may not split your election.

12. You must vote all of your Class 7A Dotcom Convenience Claim as set forth in **Item 3**, or as set forth in the Stipulated Amount in **Item 4**, as applicable, either to accept or reject the Plan and may not split your vote.

13. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or a proof of debt, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases or the FTX DM Liquidation Proceeding.

14. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

15. _**You must SIGN AND DATE**_ your Ballot.[3]  A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder

---

[3]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

16. Except with respect to your Class 7A Dotcom Customer Convenience Claim as set forth in **Item 3**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

## EXHIBIT 3G

**Class 7B Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES

### Class 7B U.S. Convenience Claims

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **PLEASE BE SURE TO LEAVE SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THIS BALLOT.**
>
> **THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE SOLICITATION AGENT BY AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "<u>VOTING DEADLINE</u>").**

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

---

**PLEASE READ – YOUR RESPONSE IS REQUIRED BY <u>AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME</u>**

- **You are receiving this ballot (this "<u>Ballot</u>") because you are a Holder of a Class 7B U.S. Convenience Claim of FTX Trading Ltd. ("<u>FTX Trading</u>") and its affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and each, a "<u>Debtor</u>"), who filed voluntary petitions of relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>").**

- **The Debtors are seeking Bankruptcy Court approval for a chapter 11 plan filed as part of their bankruptcy proceedings.**

- **Under the Plan, unless you <u>affirmatively opt out</u> in accordance with the instructions set forth in this Ballot, you will be deemed to grant the releases contained in Section 10.5 of the Plan (the "<u>Third-Party Release</u>"). You have the right to opt out of the Third-Party Release. To do so, you must check the opt-out box on page 8 of this Ballot and return this Ballot to the Solicitation Agent by the Voting Deadline. You do not need to make any election or vote on the Plan to opt out of the Third-Party Release. The definitions of Released Parties and Releasing Parties are also included in this Ballot. These defined terms control the scope of the Third-Party Release.**

- **You may still vote to opt out of the Third-Party Release, in the event you vote to accept the Plan in <u>Item 5</u> of this Ballot.**

---

The Debtors are soliciting votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Plan</u>"), attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, supplemented or otherwise modified from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>").[2] The Disclosure Statement provides you with information to make an informed decision on the Plan. Votes are being solicited from Holders of Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B Priority DM Claims, Class 8C PropCo General Unsecured Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan or Disclosure Statement, as applicable.

Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests (each, a "<u>Voting Class</u>" and collectively, the "<u>Voting Classes</u>").

You are receiving this ballot (this "<u>Ballot</u>") because you are the Holder of a Class 7B U.S. Convenience Claim as of <u>June 25</u>, 2024 (the "<u>Voting Record Date</u>"). **For a detailed discussion of the treatment of Class 7B U.S. Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

**<u>BALLOT</u>**

**Please review the instructions attached as <u>Annex A</u> (the "<u>Ballot Instructions</u>") regarding how to complete and submit this Ballot.** Once completed and returned in accordance with the Ballot Instructions, your vote on the Plan will be counted in **Class 7B U.S. Convenience Claims**. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests that submit votes in that Voting Class by the Voting Deadline vote to accept the Plan. Even if a Voting Class votes to reject the Plan, the Bankruptcy Court may confirm the Plan if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. After the Bankruptcy Court confirms the Plan, the Plan will be binding on all Holders of Claims and Interests irrespective of whether the Holder or the Class voted to accept or to reject the Plan.

**TO HAVE YOUR VOTE COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, YOU MUST COMPLETE AND RETURN THIS BALLOT VIA THE ONLINE VOTING PORTAL OR BY MAIL SO THAT THE SOLICITATION AGENT ACTUALLY RECEIVES IT ON OR BEFORE THE VOTING DEADLINE OF AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in **Item 5** of this Ballot; (c) sign, date, and return this Ballot via EITHER (i) the Solicitation Agent's online voting portal or (ii) regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, as described below; and (d) submit your Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

1.  To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

    **Unique E-Ballot ID#: _____**

3

2.  To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:


FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

Please note that if you submit your Ballot via mail, your Ballot must be actually received by the Solicitation Agent on or before the Voting Deadline.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

The Solicitation Agent's online voting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please employ only one (1) manner of submission.  If you submit your electronic Ballot via the Solicitation Agent's online voting portal you SHOULD NOT submit the paper original of your Ballot.

You should review the Disclosure Statement, the Plan, and the Ballot Instructions before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Class 7B U.S. Convenience Claim. Your Claim has been classified in Class 7B under the Plan. If you hold Claims or Interests in Voting Classes other than with respect to the Class 7B U.S. Convenience Claim as set forth in **Item 1** or multiple Claims or Interests within the same Voting Class, you will receive multiple ballots. Each ballot must be completed and returned by the Voting Deadline for the votes on the respective ballots to be counted.

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you would like paper copies of the Solicitation Package materials, or if you would like additional copies of the Solicitation Packages, you may obtain them, free of charge, by: (a) calling the Solicitation Agent at (888) 482-0049 (U.S./Canada, Toll-Free) or +1 (646) 440-4176 (International); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://restructuring.ra.kroll.com/FTX/Home-Index, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting out of the Third-Party Release, and making certifications with respect to the Ballot. If you believe you have received this Ballot in error, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

If the Bankruptcy Court confirms the Plan, the terms of the Plan will bind all Holders of Claims and Interests, including you, regardless of whether you vote to accept or reject the Plan.

To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

<u>Item 1</u>.    **Voting Amount of Class 7B U.S. Convenience Claim.**

For purposes of voting to accept or reject the Plan, your U.S. Convenience Claim will be valued and converted to U.S. dollar amounts using the cryptocurrency amounts set forth in the Debtors' Schedules as converted by the valuations set forth either in (i) the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [D.I. 7090] or (ii) the [•](together with any further order of the Court estimating claims based on digital assets, the "Digital Assets Estimation Order") or as shall be set forth in any other order by the Court, as applicable (the "<u>Scheduled Amount</u>"). Your Scheduled Amount is as listed in this **<u>Item 1</u>**.

If you did not file a Proof of Claim, the amount of your Class 7B U.S. Convenience Claim for purposes of voting to accept or reject the Plan (the "<u>Voting Amount</u>") will be the Scheduled Amount. Conversely, if you filed a timely Proof of Claim (or filed an untimely Proof of Claim that has been allowed as timely on or before the Voting Record Date), the Voting Amount will be the amount asserted in your Proof of Claim, unless your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and the Scheduled Amount is not scheduled as contingent, unliquidated or disputed, the Voting Amount shall be your Scheduled Amount. If your Proof of Claim is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code as of the Solicitation Mailing Deadline and (i) the Scheduled Amount is scheduled as contingent, unliquidated or disputed or (ii) if your Proof of Claim is in respect of a Claim that does not appear in the Schedules, the Voting Amount shall be $1.00. For additional details regarding the Voting Amount, please refer to Section 4(ii) of the Solicitation and Voting Procedures.

When signing your Ballot, you will be certifying that, as of the Voting Record Date, you are the Holder of a Class 7B U.S. Convenience Claim as set forth below and understand that you are eligible to make the stipulation in **<u>Item 2</u>**.

| Relevant Ballot Amounts |
|---|
| **Scheduled Amount: $**_____ |
| **Voting Amount: $**_____ |

**Item 2.**    **Stipulated Amount for Voting, Allowance and Distribution.**

Effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7B U.S. Convenience Claim if you (i) vote to accept the Plan in **Item 5** of this Ballot and (ii) consent and stipulate in this **Item 2** to the Stipulated Amount below *for voting, allowance and Distribution purposes*. For more details, please refer to Section 5.5 of the Plan.

**Stipulated Amount of your Class 7B U.S. Convenience Claim for Voting, Allowance and Distribution: $**_____

**If you would like to agree to your Stipulated Amount identified above** _for voting, allowance and Distribution_ **in respect of your Class 7B U.S. Convenience Claim, you should check the box below. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7B U.S. Convenience Claim, you must both (i) agree to your Stipulated Amount** _for voting, allowance and Distribution_ **in respect of your Class 7B U.S. Convenience Claim as set forth in this** **Item 2** **and (ii) vote to accept the Plan in** **Item 5** **of this Ballot. If you agree to your Stipulated Amount** _for voting, allowance and Distribution_ **in respect of your Class 7B U.S. Convenience Claim, but do not vote to accept the Plan in** **Item 5** **of this Ballot, or if you vote to accept the Plan in** **Item 5** **of this Ballot, but do not agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7B U.S. Convenience Claim, the Debtors and the Wind Down Entities may still prosecute Customer Preference Action with respect to your Class 7B U.S. Convenience Claim.  Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7B U.S. Convenience Claim as set forth in this** **Item 2** **or vote to accept the Plan in** **Item 5** **of this Ballot. For the avoidance of doubt, any pending preference actions filed by the Debtors against any party shall be an Excluded Customer Preference Action, and the defendant of such action shall not be released from such action even if such holder properly agrees to the stipulated amount for voting, allowance and Distribution and votes in favor of the Plan. PLEASE BE ADVISED THAT IF YOU PROPERLY CONSENT AND STIPULATE TO THE STIPULATED AMOUNT, THE STIPULATED AMOUNT WILL SUPERSEDE ANY FILED OR SCHEDULED CLAIM AND SUCH STIPULATED AMOUNT SHALL CONTROL FOR VOTING, ALLOWANCE AND DISTRIBUTION IN RESPECT OF YOUR CLASS 7B U.S. CONVENIENCE CLAIM. FOR MORE DETAILS, PLEASE REFER TO SECTION 5.5 OF THE PLAN AND SECTION 6(E) OF THE DISCLOSURE STATEMENT.**

The undersigned, a Holder of a Class 7B U.S. Convenience Claim against the Debtors as set forth in the chart above, elects as follows:

☐ The undersigned consents and stipulates to the Stipulated Amount as set forth in **Item 2** of this Ballot _for voting, allowance and Distribution purposes_.

**Item 3.**    **Guide for Filling Out this Ballot.**

All Holders of Class 7B U.S. Convenience Claims should review the Ballot Instructions in **Annex A** attached to this Ballot.

**Item 4.**    **Treatment of Class 7B U.S. Convenience Claims.**

A "Class 7B U.S. Convenience Claim" is (a) any U.S. Customer Entitlement Claim that is Allowed in an amount equal to or less than $50,000 or (b) any U.S. Customer Entitlement Claim that is Allowed in an amount greater than $50,000 but that is reduced to an amount equal to or less than $50,000 by an irrevocable written election of the Holder of such Customer Entitlement Claim made on a properly executed and delivered Ballot; _provided_ that where any portion of a

U.S. Customer Entitlement Claim has been transferred or subdivided, any transferred or subdivided portion shall continue to be treated together with the entire initial U.S. Customer Entitlement Claim for purposes of determining whether any portion of such U.S. Customer Entitlement Claim qualifies as a U.S. Convenience Claim.

| Voting Class | Description | Treatment |
|---|---|---|
| Class 7B | U.S. Convenience Claims | In full and final satisfaction, settlement, release, and discharge of and in exchange for its Allowed U.S. Convenience Claim, each Holder of an Allowed U.S. Convenience Claim shall receive payment in Cash in an amount equal to 100% of such Allowed U.S. Convenience Claim *plus* postpetition interest at the Consensus Rate from the Petition Date through the Initial Distribution Date in accordance with the waterfall priority set forth in <u>Section 4.2.2</u> of the Plan, payable in Cash on or as reasonably practical after the latest of (i) a date determined by the Plan Administrator that shall be no later than 60 days after the Effective Date; (ii) the date of which such U.S. Convenience Claim becomes Allowed; and (iii) such other date as may be ordered by the Bankruptcy Court. |

**For additional details regarding the treatment and rights for Class 7B U.S. Convenience Claims under the Plan, please review the Disclosure Statement and the Plan.**

<u>**Item 5**</u>.    **Vote on Plan.**

Effective upon the Effective Date, the Debtors and the Wind Down Entities shall waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect to your Class 7B U.S. Convenience Claim if you (i) vote to accept the Plan in this **Item 5**, and (ii) consent and stipulate in **Item 2** to the Stipulated Amount for voting, allowance and Distribution purposes.  For more details, please refer to **Item 2** of this Ballot and Section 5.5 of the Plan.

To vote in this **Item 5**, you must check the applicable box in the right-hand column below to "accept" or "reject" the Plan.

Please note that you are required to vote all of your Class 7B U.S. Convenience Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, either to accept or reject the Plan. You **may not** split your vote.

If you **<u>do not</u>** indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted in Class 7B U.S. Convenience Claims.

*If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.*

The undersigned, a Holder of a Class 7B U.S. Convenience Claim against the Debtors as set forth in the chart in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, votes to (please check **one box**):

| Voting to Accept or Reject the Plan |
|---|
| ☐  ACCEPT (VOTE FOR) THE PLAN |
| ☐  REJECT (VOTE AGAINST) THE PLAN |

<u>Item 6</u>.   **Third-Party Release.**

THE PLAN CONTAINS A THIRD-PARTY RELEASE. IF YOU DO NOT WISH TO GRANT THE THIRD-PARTY RELEASE, YOU MUST AFFIRMATIVELY OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, THIS WILL BE CONSTRUED BY THE DEBTORS AS CONSENT TO THE THIRD-PARTY RELEASE. THE DEBTORS WILL REQUEST THE BANKRUPTCY COURT TO DEEM YOUR FAILURE TO OPT OUT AS CONSENT TO THE THIRD-PARTY RELEASE, INCLUDING CONSENT TO THE BANKRUPTCY COURT'S AUTHORITY TO GRANT THE THIRD-PARTY RELEASE.

IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE, YOU WILL BE DEEMED A RELEASING PARTY PROVIDING THE RELEASES CONTAINED IN <u>SECTION 10.5</u> OF THE PLAN. AS A HOLDER OF A CLASS 7B U.S. CONVENIENCE CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN <u>UNLESS</u> YOU OPT OUT OF THE THIRD-PARTY RELEASE. YOU MAY CHECK THE BOX BELOW TO DECLINE TO GRANT THE THIRD-PARTY RELEASE.

YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT OUT OF THE THIRD-PARTY RELEASE AND (II) YOU DO NOT CHECK THE BOX BELOW TO OPT OUT OF GRANTING THE RELEASES. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU VOTE TO ACCEPT THE PLAN IN **ITEM 5** OF THIS BALLOT, YOU MAY STILL VOTE TO OPT OUT OF THE THIRD-PARTY RELEASE.

| |
|---|
| ☐ **By checking this box, you elect to <u>OPT OUT OF</u> the Third-Party Release.** |

**<u>Section 10.5</u> of the Plan contains the following Third-Party Release:**

**For good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted**

by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release, waive and discharge the Released Parties of any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure Statement, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act.  Nothing in this <u>Section 10.5</u> shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down Entity pursuant to the terms of the Plan.

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "***Released Parties***" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

(2)     Under the Plan, "***Releasing Parties***" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept

10

the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law.  Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

(3)     Under the Plan, "***Excluded Party***" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

(4)     Under the Plan, "***Exculpated Parties***" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity.  Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

(5)     Under the Plan, "***Control Persons***" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

## <u>Item 7</u>.   Certifications.

1.  The undersigned, as of the Voting Record Date, is (a) the Holder of the Class 7B U.S. Convenience Claim being voted or (b) the authorized signatory for an entity that is a Holder of such Class 7B U.S. Convenience Claim entitled to agree to the Stipulated Amount for voting, allowance and Distribution, and vote to accept or reject the Plan on behalf of the Holder of such Class 7B U.S. Convenience Claim;

11

2. the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein; and

3. either (a) no other ballot with respect to the same Class 7B U.S. Convenience Claim identified in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, has been cast or (b) if any other ballot has been cast with respect to such Class 7B U.S. Convenience Claim, then any such prior ballots are hereby revoked and deemed to be null and void.

<u>**Item 8**</u>.    **Ballot Completion Information.**

| | |
|---|---|
| Name of Holder: | _____ |
| | _____ |
| Signature: | _____ |
| Signatory Name (if other than the Holder): | _____ |
| Title (if other than the Holder): | _____ |
| Address: | _____ |
| | _____ |
| Email Address: | _____ |
| Telephone Number: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT: HTTPS://RESTRUCTURING.RA.KROLL.COM/FTX OR BY REGULAR MAIL, OVERNIGHT COURIER, OR HAND DELIVERY TO FTX TRADING LTD. BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINSITRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232.**

---

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| **Annex A** |
| **Class 7B U.S. Convenience Claim** |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Class 7B U.S. Convenience Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan or Disclosure Statement, as applicable, a copy of which also accompanies the Ballot.

**PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT. BEFORE COMPLETING ANY ITEMS ON THE BALLOT, PLEASE REVIEW THE DESCRIPTION OF YOUR CLAIMS, THE TREATMENT OF THOSE CLAIMS, AS WELL AS THESE BALLOT INSTRUCTIONS.**

**PLEASE ALLOW SUFFICIENT TIME TO CAREFULLY READ AND COMPLETE THE BALLOT.**

<u>**Optional Stipulated Amount for Voting, Allowance and Distribution**</u>

If you would like to elect to have the Debtors and Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect your Class 7B U.S. Convenience Claim, you should agree to the Stipulated Amount Stipulation for voting, allowance and Distribution by checking the box in **Item 2** to irrevocably consent and stipulate to the Stipulated Amount. In order to have the Debtors and the Wind Down Entities waive and not prosecute any Customer Preference Action (to the extent not designated by the Debtors as an Excluded Customer Preference Action) with respect your Class 7B U.S. Convenience Claim, you must both (i) consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **Item 2** of this Ballot and (ii) vote to accept the Plan in **Item 5** of this Ballot. If you consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **Item 2** of this Ballot, but do not vote to accept the Plan in **Item 5** of this Ballot, or if you vote to accept the Plan in **Item 5** of this Ballot, but do not consent and stipulate to the Stipulated Amount for voting, allowance and Distribution purposes as set forth in **Item 2** of this Ballot, the Debtors and the Wind Down Entities may still prosecute your Class 7B U.S. Convenience Claim. Note that Excluded Customer Preference Actions are not waived by the Debtors or the Wind Down Entities regardless of whether you agree to your Stipulated Amount for voting, allowance and Distribution in respect of your Class 7B U.S. Convenience Claim as set forth in this **Item 2** or vote to accept the Plan in **Item 5** of this Ballot.

2.  This Ballot contains voting options with respect to the Plan.

3.  To vote, you MUST: (a) fully complete the Ballot; (b) clearly indicate your decision to accept or reject the Plan in **Item 5** of the Ballot; (c) sign, date, and return the Ballot via the

Solicitation Agent's online voting portal or by mail as described below and (d) submit the Ballot so as to be received by the Solicitation Agent on or before the Voting Deadline.

To submit your electronic Ballot via the Solicitation Agent's online voting portal, please visit https://restructuring.ra.kroll.com/FTX/, click on the "Submit E-Ballot" section of the website landing page, and follow the instructions provided in the online voting portal to submit your electronic Ballot.

IMPORTANT NOTE: To retrieve and submit your customized electronic Ballot, you will need your Unique E-Ballot ID# as provided at page 3, above.

To submit your Ballot via regular mail (in the return envelope provided, if any, or otherwise), overnight courier, or hand delivery, please send to:

FTX Trading Ltd. Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

The Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

To arrange hand delivery of your Ballot, please send an email to ftxballots@ra.kroll.com, with a reference to "In re: FTX – Ballot Delivery" in the subject line, at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery.

Please employ only one (1) manner of submission. If you submit your electronic Ballot via the Solicitation Agent's online voting portal, you SHOULD NOT submit the paper original of your Ballot.

4. You may still vote to opt out of the Third-Party Release in the event you vote to accept the Plan in **Item 5** of this Ballot.

5. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or Interests in at least one Class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

6. Any Ballot submitted that is incomplete, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned via the Solicitation Agent's online voting platform will ***not*** be counted unless the Debtors otherwise determine to accept such Ballot.

15

7.  To vote, you **MUST** submit your completed Ballot via the online voting portal or by mail so that it is **ACTUALLY RECEIVED** by the Solicitation Agent on or before the Voting Deadline. The Voting Deadline is **August 16, 2024, at 4:00 p.m.**, prevailing Eastern Time.

8.  Any Ballot received by the Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

9.  Delivery of a Ballot reflecting your vote to the Solicitation Agent will be deemed to have occurred only when the Solicitation Agent actually receives the Ballot. In all cases, you should allow sufficient time to assure timely completion and submission of the Ballot via the online voting platform or by mail.

10. If you deliver multiple Ballots for your Class 7B U.S. Convenience Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, to the Solicitation Agent, **only** the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s) for such Class 7B U.S. Convenience Claim.

11. You must vote all of your Class 7B U.S. Convenience Claim as set forth in **Item 1**, or as set forth in the Stipulated Amount in **Item 2**, as applicable, either to accept or reject the Plan and may not split your vote.

12. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

13. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth in, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

14. ***You must SIGN AND DATE*** your Ballot.[3]  A Ballot properly submitted via the Solicitation Agent's online voting portal shall be deemed to contain an original signature of the Holder submitting such Ballot. Please provide your name and mailing address in the space provided on this Ballot.

15. Except with respect to your Class 7B U.S. Convenience Claim as set forth in **Item 1**, if you have other Claims or Interests, you may receive more than one ballot coded for each such Claim or Interest. Each ballot votes only your Claim indicated on that ballot. Accordingly, complete and return each ballot you receive. To the extent that you receive multiple Ballots

---

[3]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

on account of different Claims, you are not required to vote to accept or reject the Plan in the same manner or make the same elections in such Ballots.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: (888) 482-0049 (U.S./CANADA, TOLL-FREE) OR +1 (646) 440-4176 (INTERNATIONAL) OR EMAIL FTXINFO@RA.KROLL.COM AND REFERENCE "IN RE FTX – SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS AUGUST 16, 2024, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

## **EXHIBIT 3H**

**Class 7C Ballot**

## **EXHIBIT 3I**

**Class 8B Ballot**

# EXHIBIT 3J

**Class 8C Ballot**

## <u>EXHIBIT 3K</u>

**Class 10A Ballot**

## EXHIBIT 3L

**Class 10B Ballot**

# **EXHIBIT 3M**

**Class 10C Ballot**

# EXHIBIT 3N

**Class 12 Ballot**

## **EXHIBIT 3O**

**Addendum for Holders of Split or Partial Claims**

## EXHIBIT 4

**Cover Letter**

# EXHIBIT 5

**Committee Letter**

**[TO BE FILED]**

## **EXHIBIT 6**

**Confirmation Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE** that on [•], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. •] (the "Solicitation Procedures Order"). Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"), voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan").[2] You are being provided this notice with respect to the Plan. The hearing to consider Confirmation of the Plan is scheduled for **October 7, 2024 at [•]10:00 a.m. prevailing Eastern Time**, and objections to the Confirmation of the Plan must be filed and served no later than **August 16, 2024 at 4:00 p.m. prevailing Eastern Time**.

## Plan Summary

The following is an overview of the treatment to be afforded to each Class of Claims or Interests under the Plan. This summary is being provided for convenience only and is qualified by the Plan itself.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| 1 | Priority Tax Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 3A | Secured Loan Claims | Impaired | Entitled to Vote |
| 3B | Other Secured Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 4 | Separate Subsidiary Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 5A | Dotcom Customer Entitlement Claims | Impaired | Entitled to Vote |
| 5B | U.S. Customer Entitlement Claims | Impaired | Entitled to Vote |
| 5C | NFT Customer Entitlement Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 6A | General Unsecured Claims | Impaired | Entitled to Vote |
| 6B | Digital Asset Loan Claims | Impaired | Entitled to Vote |
| 7A | Dotcom Convenience Claims | Impaired | Entitled to Vote |
| 7B | U.S. Convenience Claims | Impaired | Entitled to Vote |
| 7C | General Convenience Claims | Impaired | Entitled to Vote |
| 8A | PropCo Operating Expense Claims | Unimpaired | Not Entitled to Vote, Deemed to Accept |
| 8B | Priority DM Claim | Impaired | Entitled to Vote |
| 8C | PropCo General Unsecured Claims | Impaired | Entitled to Vote |
| 9 | Cancelled Intercompany Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 10A | Senior Subordinated IRS Claims | Impaired | Entitled to Vote |
| 10B | Senior Subordinated Governmental Claims | Impaired | Entitled to Vote |
| 10C | Junior Subordinated IRS Claims | Impaired | Entitled to Vote |
| 11 | Intercompany Interests | Impaired | Not Entitled to Vote, Deemed to Reject |
| 12 | Preferred Equity Interests | Impaired | Entitled to Vote |
| 13 | Section 510(b) Preferred Equity Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 14 | Section 510(b) Other Equity Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 15 | Equitably Subordinated Claims | Impaired | Not Entitled to Vote, Deemed to Reject |
| 16 | Other Equity Interests | Impaired | Not Entitled to Vote, Deemed to Reject |
| 17 | FTT Claims and Interests | Impaired | Not Entitled to Vote, Deemed to Reject |
| 18 | *De Minimis* Claims | Impaired | Not Entitled to Vote, Deemed to Reject |

## **Relevant Deadlines**

The record date for purposes of determining the Holders of Claims and Interests entitled to vote on the Plan is **June 25, 2024** (the "Voting Record Date"). The deadline is **August 16, 2024** at **4:00 p.m. prevailing Eastern Time** (the "Voting Deadline") for Holders of Claims and Interests entitled to vote on the Plan, and for Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims, to make an irrevocable election

to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas exchange for forever, fully and finally releasing and discharging the Debtors with respect to such Claims and forever, fully and finally withdrawing with prejudice such Claims from these Chapter 11 Cases.

The Court has set **October 7, 2024 at [•]10:00 a.m. prevailing Eastern Time** as the date and time for the hearing on the Confirmation of the Plan (the "Confirmation Hearing") and to consider any objections to confirmation of the Plan and shall continue to the extent necessary on such additional dates as the Court may designate. The Confirmation Hearing will be held before the Honorable Judge John T. Dorsey, United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Court. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and other applicable law, prior to, during or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

Any objection to the confirmation of the Plan must: (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor and (5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than **August 16, 2024 at 4:00 p.m. prevailing Eastern Time**. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

### Notice Parties

(a) Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Brian D. Glueckstein (gluecksteinb@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com);

(b) The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov);

(c) Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington,

Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com);

(d) Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com);

(e) Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com); and

(f) To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

The Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than **August 9, 2024**.

## BINDING NATURE OF THE PLAN

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR PROOF OF INTEREST IN THE CHAPTER 11 CASES, FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN, OR VOTED TO REJECT THE PLAN.**

### Obtaining Copies of Relevant Documents

Copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration, LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX. In addition, the Debtors will, at their expense, provide paper copies of the Plan, Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at (888)

482-0049 (toll-free) or +1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you as to whether you should object to the confirmation of the Plan or on matters relating to the Plan.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS IN THE PLAN**

**THE PLAN CONTAINS FURTHER RELEASE, EXCULPATION AND INJUNCTION
PROVISIONS, INCLUDING:**

**<u>Section 10.5 Voluntary Release by Holders of Claims and Interests</u>**

**For good and valuable consideration, including the service of the Released Parties to
facilitate the administration of the Chapter 11 Cases, the implementation of the Plan, and
the distribution of proceeds, on and after the Effective Date, to the fullest extent permitted
by applicable law, the Releasing Parties (regardless of whether a Releasing Party is a
Released Party) shall be deemed to conclusively, absolutely, unconditionally, irrevocably
and forever release, waive and discharge the Released Parties of any and all claims,
obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever,
including any derivative claims asserted or assertable on behalf of a Debtor, and its
successors, assigns and representatives, whether known or unknown, foreseen or
unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in
law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations
of federal or state securities laws or otherwise, including those that any of the Debtors, the
Plan Administrator, FTX DM, the JOLs, or the Estates would have been legally entitled to
assert in their own right (whether individually or collectively) or on behalf of the Holder of
any Claim or Interest or any other Person, based on or relating to, or in any manner
arising from, in whole or in part, the Debtors, the Estates, FTX DM, the conduct of the
businesses of the Debtors or FTX DM, these Chapter 11 Cases, the purchase, sale or
rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or
the transactions or events giving rise to, any Claim or Interest that is treated in the Plan,
the Plan Supplement, the FTX DM Global Settlement Agreement or the Disclosure
Statement, the administration of Claims and Interests prior to or during these Chapter 11
Cases, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the
Disclosure Statement or, in each case, related agreements, instruments or other documents,
any action or omission with respect to Intercompany Claims, any action or omission as an
officer, director, agent, representative, fiduciary, controlling person, member, manager,
affiliate or responsible party, or upon any other act or omission, transaction, agreement,
event or other occurrence taking place on or before the Effective Date of the Plan, other
than claims or liabilities arising out of or relating to any act or omission of a Released
Party to the extent such act or omission is determined by a Final Order to have constituted
gross negligence, willful misconduct, fraud, or a criminal act.  Nothing in this <u>Section 10.5</u>
shall cause the release of (a) any Excluded Party, (b) Causes of Action to the extent arising
out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential
Claims that are otherwise transferred to, and may be prosecuted by, the Wind Down
Entity pursuant to the terms of the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

Under the Plan, "Released Parties" means the (a) Exculpated Parties, (b) the Bahamas JOLs and FTX DM, (c) the Ad Hoc Committee, (d) any member of the executive committee of the Ad Hoc Committee (as constituted from time to time), and (e) with respect to each Person or Entity named in (b) through (d), any Person or Entity to the extent acting as a shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case, to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or Plan Supplement, no Excluded Party shall be a Released Party.

Under the Plan, "Releasing Parties" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) the Holders of all Claims who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) the Holders of all Claims that are Unimpaired under the Plan; (e) the Holders of all Claims whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) the Holders of all Claims or Interests who vote to reject the Plan but do not opt out of granting the releases set forth therein; (g) the Holders of all Claims or Interests who are deemed to reject the Plan and opt in to the releases set forth therein; and (h) all other Holders of Claims or Interests to the maximum extent permitted by law. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.

Under the Plan, "Excluded Party" means any (a) Control Person, (b) former director, officer or employee of any Debtor not incumbent as of the Confirmation Date, or (c) other Entity associated with the Debtors that is identified by the Debtors in the Plan Supplement as an Excluded Party.

Under the Plan, "Exculpated Parties" means (a) the Debtors; (b) the Official Committee and its current and former members, solely in their capacities as members of the Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Bahamas JOLs and FTX DM; (e) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time); and (f) with respect to each Person or Entity named in (a) through (e), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f), to the extent such Person or Entity is or was acting in such capacity. Notwithstanding anything to the contrary in the Plan or the Plan Supplement, no Excluded Party shall be an Exculpated Party.

Under the Plan, "Control Persons" means (a) Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and Caroline Ellison; (b) any Person with a familial relationship with any of the individuals listed in clause (a); or (c) any other Person or Entity designated by the Debtors in the Plan Supplement as a Control Person.

**Section 10.4  Debtors' Release**

**Except as otherwise specifically provided in the Plan with respect to the Preserved Potential Claims, for good and valuable consideration, including the service of the Released Parties to facilitate the administration of the Chapter 11 Cases and the implementation of the orderly liquidation contemplated by the Plan, on and after the Effective Date, to the fullest extent permitted by applicable law, the Released Parties are hereby conclusively, absolutely, unconditionally, irrevocably and forever released, waived and discharged by the Debtors, the Plan Administrator and the Estates, including any successor to, or assignee of the Debtors or any Estate representative, from all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of a Debtor, and its successors, assigns and representatives, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or fixed, existing or hereafter arising, in law, at equity or otherwise, whether for indemnification, tort, breach of contract, violations of federal or state securities laws or otherwise, including those that any of the Debtors, the Plan Administrator or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the businesses of the Debtors, these Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors, the release of any mortgage, lien or security interest, the distribution of proceeds, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the administration of Claims and Interests prior to or during these Chapter 11 Cases, the negotiation, formulation or preparation of the Plan, the Plan Supplement, the Disclosure Statement or, in each case, related agreements, instruments or other documents, any action or omission with respect to Intercompany Claims, any action or omission as an officer, director, agent, representative, fiduciary, controlling person, member, manager, affiliate or responsible party, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date of the Plan, other than claims or liabilities arising out of or relating to any act or omission of a Released Party to the extent such act or omission is determined by a Final Order to have constituted gross negligence, willful misconduct, fraud, or a criminal act; *provided* that the release under this <u>Section 10.4</u> shall not apply to (a) any Excluded Party, (b) Causes of Action to the extent arising out of conduct that occurred prior to the Petition Date, or (c) any Preserved Potential Claims to the extent such Preserved Potential Claims are brought by and for the benefit of the Wind Down Entities with the approval of the Plan Administrator.  Nothing in the Plan or Confirmation Order shall affect any releases previously granted or approved by the Court.**

**Section 10.8  Exculpation**

**Notwithstanding anything herein to the contrary, as of the Effective Date, the Debtors and their directors, officers, employees, attorneys, investment bankers, financial advisors, restructuring advisors and other professional advisors, representatives and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy**

Code and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with the solicitation.

As of the Effective Date, to the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in <u>Section 10.4</u> or <u>Section 10.5</u> of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Entity for any act or omission in connection with, related to, or arising out of these Chapter 11 Cases, including (a) the operation of the Debtors' businesses during the pendency of these Chapter 11 Cases; (b) the administration and adjudication of Claims and Interests during these Chapter 11 Cases; (c) formulating, negotiating, preparing, disseminating, implementing, administering, confirming and/or effecting the Plan, the Disclosure Statement, the Plan Supplement or any related contract, instrument, release or other agreement or document created or entered into in connection with the Chapter 11 Cases (including the solicitation of votes for the Plan and other actions taken in furtherance of Confirmation and Consummation of the Plan, the trading or sale of cryptocurrencies and tokens in connection with the Chapter 11 Cases, the offer and issuance of any securities under or in connection with the Plan and the distribution of property, Digital Assets, or tokens under the Plan); or (d) any other transaction, agreement, event, or other occurrence related to these Chapter 11 Cases taking place on or before the Effective Date, other than liability resulting from any act or omission that is determined by Final Order to have constituted gross negligence, willful misconduct, fraud or a criminal act. Notwithstanding anything contained herein to the contrary, the foregoing exculpation does not exculpate any Excluded Party. Nothing in the Plan or Confirmation shall affect any exculpation orders previously granted or approved by the Court.

**Section 10.9  Injunction**

**Except as otherwise expressly provided in the Plan or Confirmation Order with respect to Preserved Potential Claims, the satisfaction and release pursuant to this <u>Article 10</u> shall also act as a permanent injunction against any Person who has held, holds or may hold Claims, Interests or Causes of Action from (a) commencing or continuing any action to collect, enforce, offset, recoup or recover with respect to any Claim, liability, obligation, debt, right, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code, including to the extent provided for or authorized by sections 524 or 1141 thereof, (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to any such Claim or Interest; (c) creating, perfecting or enforcing any encumbrance of any kind on account of or in connection with or with respect to any such Claims or Interests; and (d) asserting any right of setoff, subrogation or recoupment of any kind on account of or in connection with or with respect to any such Claim or Interest, notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise, against any Plan Asset, the Wind Down Entities, any Holder of a Claim or Interest or any initial or subsequent transferee.  Notwithstanding anything to the contrary in the Plan, all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down Entities as of the Effective Date.**

Dated: [•], 2024
    Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      mcguire@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

## **EXHIBIT 7**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINE TO VOTE ON, DEADLINE TO OBJECT TO
CONFIRMATION OF, AND HEARING TO CONSIDER CONFIRMATION OF
DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**

**PLEASE TAKE NOTICE THAT** on [•], 2024, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") filed the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. •] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan").[2] In connection with the Plan, the Debtors also filed the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* [D.I. •] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE THAT** the United States Bankruptcy Court for the District of Delaware (the "Court") has scheduled a hearing on [•]**October 7**, **2024, at** [•]**10:00  a.m.** **prevailing Eastern Time** (the "Confirmation Hearing") to consider the Confirmation of the Plan. The Confirmation Hearing will take place before the Honorable John T. Dorsey, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** on [•], 2024, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. [•]] (the "Solicitation Procedures Order"). Pursuant to the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

Solicitation Procedures Order, the Court approved certain voting, solicitation and tabulation procedures in connection with Confirmation of the Plan. Only Holders of Claims and Interests in Voting Classes (Class 3A Secured Loan Claims, Class 5A Dotcom Customer Entitlement Claims, Class 5B U.S. Customer Entitlement Claims, Class 6A General Unsecured Claims, Class 6B Digital Asset Loan Claims, Class 7A Dotcom Convenience Claims, Class 7B U.S. Convenience Claims, Class 7C General Convenience Claims, Class 8B Priority DM Claim, Class 8C PropCo General Unsecured Claims, Class 10A Senior Subordinated IRS Claims, Class 10B Senior Subordinated Governmental Claims, Class 10C Junior Subordinated IRS Claims and Class 12 Preferred Equity Interests) are entitled to receive a ballot (a "<u>Ballot</u>") for casting a vote on the Plan, and for Holders of Class 5A Dotcom Customer Entitlement Claims and Class 7A Dotcom Convenience Claims, to make an irrevocable election to have their Claims administered, reconciled, valued, settled, adjudicated, resolved and satisfied in FTX Digital Markets Ltd.'s liquidation proceeding in The Bahamas in exchange for forever, fully and finally releasing and discharging the Debtors with respect to such Claims and forever, fully and finally withdrawing with prejudice such Claims from these Chapter 11 Cases. Holders of Claims and Interests in all other Classes under the Plan are either conclusively presumed to accept the Plan because they are Unimpaired by the Plan, or presumed to reject the Plan because they are not receiving any distributions under the Plan.  For a vote to accept or reject the Plan to be counted, a Ballot must be completed and returned in accordance with the instructions provided on the Ballot so that it is **<u>actually received</u>** by Kroll Restructuring Administration LLC (the "<u>Solicitation Agent</u>") on or before **August 16, 2024 at 4:00 p.m. prevailing Eastern Time**.

**PLEASE TAKE FURTHER NOTICE THAT the Plan proposes certain releases, exculpation and injunctions. The Plan proposes a permanent injunction against any person who has held, holds or may hold Claims, Interests or Causes of Action from commencing or continuing any action with respect to any Claim, Interest or Cause of Action released, settled or exculpated under the Plan or the Confirmation Order to the fullest extent authorized or provided by the Bankruptcy Code. The Plan also provides that all Holders of Claims, Interests or Causes of Action are enjoined from interfering with the Distributions contemplated by the Plan and from asserting any Claim or Cause of Action expressly preserved and vested exclusively in the Wind Down Entities as of the Effective Date. For the specific terms and conditions of all the releases, exculpation and injunctions provided for in the Plan, please refer to the specific terms of the Plan, which can be obtained as described below.**

**PLEASE TAKE FURTHER NOTICE THAT** your legal rights may be affected if the Plan is approved.

**PLEASE TAKE FURTHER NOTICE THAT** if you hold a Claim or Interest against one or more of the Debtors as of the Voting Record Date and are entitled to opt out of the release contained in Section 10.5 of the Plan (the "<u>Third-Party Release</u>"), you should have received a Ballot or an Election Form, along with corresponding opt-out instructions.  If you believe you are entitled to, and would like to, opt out of the Third-Party Release, and you have not already received an opt-out form, please contact the Debtors' Solicitation Agent, Kroll Restructuring Administration LLC, by (a) calling the Solicitation Agent at (888) 482-0049 (toll-free) or +1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the

Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. For your opt-out election to be counted, you <u>must</u>: (a) follow the instructions in your Ballot or Election Form, (b) complete <u>all</u> the required information on the Ballot or Election Form, <u>and</u> (c) sign, date and return your completed Ballot or Election Form so that it is **actually received** by the Solicitation Agent according to and as set forth in detail in the instructions in your Ballot or Election Form on or before **August 16, 2024, at 4:00 p.m. prevailing Eastern Time**.  A failure to follow such instructions may disqualify your vote or opt-out election.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to object to the confirmation of the Plan, you may do so by filing your objection no later than **August 16, 2024 at 4:00 p.m. prevailing Eastern Time** (the "Confirmation Objection Deadline"). Any objection to the confirmation of the Plan must:  (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor and (5) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following parties (collectively, the "Notice Parties") no later than the Confirmation Objection Deadline. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the Notice Parties for the purposes of serving an objection to the Plan are: (a) counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Brian D. Glueckstein (gluecksteinb@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com); (b) the Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov); (c) counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com), Erez Gilad (erezgilad@paulhastings.com) and Gabriel Sasson (gabesasson@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com); (d) counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com); (e) counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath

(heath@rlf.com); and (f) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors may file supplements to the Plan (the "Plan Supplement") with the Court no later than **August 9, 2024**.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as all other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration, LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX. In addition, the Debtors will, at their expense, provide paper copies of the Plan, Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at (888) 482-0049 (toll-free) or +1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you as to whether you should object to the confirmation of the Plan or on matters relating to the Plan.

Dated: [•], 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
         brown@lrclaw.com
         pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
         bromleyj@sullcrom.com
         gluecksteinb@sullcrom.com
         kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

**EXHIBIT 8**

**Plan Supplement Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE** that on [•], 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. •] (the "Solicitation Procedures Order").   Among other things, the Solicitation Procedures Order approved the adequacy of the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (as may be amended, modified or supplemented from time to time, the "Disclosure Statement"), voting and solicitation procedures and established the timeline to confirm the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE** that on the date hereof, the Debtors filed the Plan Supplement with the Court, which contains the following documents:

- **Exhibit [●]**

**PLEASE TAKE FURTHER NOTICE** that any objection to confirmation of the Plan must:  (1) be in writing; (2) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (3) set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors; (4) state the basis and the specific grounds therefor and (5) be filed with the Court, together with proof of service thereof, and

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/FTX.   The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not defined in this notice shall have the meaning ascribed to them in the Plan or the Disclosure Statement, as applicable.

served upon and received by each of the following parties (collectively, the "Notice Parties") no later than **August 16, 2024 at 4:00 p.m. prevailing Eastern Time**. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED AND MAY BE OVERRULED BY THE BANKRUPTCY COURT.**

## Notice Parties

(a) Counsel to the Debtors: (i) Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Andrew G. Dietderich (dietdericha@sullcrom.com), Brian D. Glueckstein (gluecksteinb@sullcrom.com) and Alexa J. Kranzley (kranzleya@sullcrom.com) and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com);

(b) The Office of the United States Trustee for the District of Delaware, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov);

(c) Counsel to the Official Committee of Unsecured Creditors: (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, Attn: Kris Hansen (krishansen@paulhastings.com) and Ken Pasquale (kenpasquale@paulhastings.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Matthew B. Lunn (mlunn@ycst.com) and Robert F. Poppiti, Jr. (rpoppiti@ycst.com);

(d) Counsel to the Ad Hoc Committee of Non-US Customers of FTX.com: (i) Eversheds Sutherland (US) LLP, 227 West Monroe Street, Suite 6000, Chicago, Illinois 60606, Attn: Erin E. Broderick (erinbroderick@eversheds-sutherland.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Matthew B. Harvey (mharvey@morrisnichols.com);

(e) Counsel to the Joint Official Liquidators and Foreign Representatives of FTX Digital Markets Ltd.: (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brett Bakemeyer (brett.bakemeyer@whitecase.com) and Brian D. Pfeiffer (brain.pfeiffer@whitecase.com) and (ii) Richard, Layton, and Finger P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn: Brendan Schlauch (schlauch@rlf.com) and Paul N. Heath (heath@rlf.com); and

(f) To the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that the Court has set [•]October 7, 2024 at [•]10:00 a.m. **prevailing Eastern Time** as the date and time for the hearing on the Confirmation of the Plan (the "Confirmation Hearing") and to consider any objections to confirmation of the Plan. The Confirmation Hearing will be held before the Honorable John T. Dorsey, United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Courtroom 5, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on such parties as the Court may order. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, prior to, during or as a result of the Confirmation Hearing, without further notice to parties-in-interest.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, the Plan Supplement, the Disclosure Statement and the Solicitation Procedures Order, as well as other documents filed in these Chapter 11 Cases, may be obtained (i) for a nominal fee from the Court's electronic docket for the Debtors' Chapter 11 Cases at https://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or (ii) free of charge by accessing the website of Kroll Restructuring Administration, LLC (the "Solicitation Agent"), https://restructuring.ra.kroll.com/FTX. In addition, the Debtors will, at their expense, provide paper copies of the Plan, Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such paper copies by (a) calling the Solicitation Agent at (888) 482-0049 (toll-free) or +1 (646) 440-4176 (international); (b) e-mailing the Solicitation Agent at ftxinfo@ra.kroll.com with a reference to "In re: FTX - Solicitation Inquiry" in the subject line; or (c) writing to the Solicitation Agent at FTX Trading Ltd. Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, materials filed in these Chapter 11 Cases, but may not advise you as to whether you should object to the confirmation of the Plan or on matters relating to the Plan.

Dated: [•], 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
          mcguire@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted _pro hac vice_)
James L. Bromley (admitted _pro hac vice_)
Brian D. Glueckstein (admitted _pro hac vice_)
Alexa J. Kranzley (admitted _pro hac vice_)
125 Broad Street
New York, NY  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          gluecksteinb@sullcrom.com
          kranzleya@sullcrom.com

_Counsel for the Debtors and Debtors-in-Possession_

**<u>Exhibit 1</u>**

[●]

## EXHIBIT 9

**Disclosure Statement Hearing Notice**

**EXHIBIT 10**

**Bahamas Process Letter**