**Hearing Date and Time: July 17, 2024 at 1:00 p.m. (ET)**
**Objection Deadline: July 10, 2024 at 5:00 p.m. (ET)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al*.,[1]<br><br>      Debtors. | ) Chapter 11<br>)<br>) Case No. 22-11068 (JTD)<br>)<br>) (Lead Case)<br>)<br>) (Jointly Administered)<br>) |

## EMERGENT DEBTOR'S FOURTH MOTION FOR
## ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE
## PERIODS DURING WHICH ONLY THE EMERGENT DEBTOR MAY
## FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

Emergent Fidelity Technologies Ltd (the "Emergent Debtor"), as debtor and debtor-in-possession in Case No. 23-10149 (JTD), by and through its undersigned counsel, hereby files this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending (a) the Emergent Debtor's exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") from June 27, 2024, for an additional 37 days through and including August 3, 2024, and (b) the Emergent Debtor's exclusive period to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Periods") from August 26, 2024, for an additional 39 days through and including October 3, 2024. In support of the Motion, the Emergent Debtor respectfully states as follows:

## BACKGROUND

1. On February 3, 2023 (the "Petition Date"), the Emergent Debtor, under the control of Angela Barkhouse and Toni Shukla as Joint Provisional Liquidators[2] pursuant to the Appointment Order[3] of the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda (the "Antiguan Court"), dated December 5, 2022, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Emergent Chapter 11 Case") with the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On April 17, 2023, the Court entered an order approving a stipulation among the Emergent Debtor, FTX, and BlockFi, which stays or limits the Robinhood Assets Litigation, subject to certain terms and conditions (the "Stipulation").[4]

3. On May 10, 2023, the Court entered a final order authorizing the joint administration of the Emergent Chapter 11 Case with the chapter 11 cases of FTX (the "FTX Chapter 11 Cases").[5]

4. On June 5, 2023, the Court entered an order extending the Emergent Debtor's Exclusive Filing Period to November 30, 2023 and the Exclusive Solicitation Period to January

---

[2] On March 23, 2023, the Antiguan Court placed the Emergent Debtor into full liquidation (as confirmed by the Antiguan Court Order dated July 14, 2023) and appointed Ms. Barkhouse and Ms. Shukla as Joint Liquidators (the "Joint Liquidators").

[3] The Appointment Order is attached as Exhibit B to the *Declaration of Angela Barkhouse in Support of the Emergent Debtor's Chapter 11 Petition* (the "First Day Declaration") [D.I. 3, Case No. 23-10149]. Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the First Day Declaration.

[4] D.I. 1297, Case No. 22-11068.

[5] D.I. 91, Case No. 23-10149; D.I. 1469, Case No. 22-11068.

29, 2024, without prejudice to the Emergent Debtor's ability to seek further extensions of the Exclusive Periods.[6]

5. On December 7, 2023, the Court entered an order further extending the Emergent Debtor's Exclusive Filing Period to March 29, 2024 and the Exclusive Solicitation Period to May 28, 2024, without prejudice to the Emergent Debtor's ability to seek further extensions of the Exclusive Periods.[7]

6. On April 19, 2024, the Court entered an order further extending the Emergent Debtor's Exclusive Filing Period to June 27, 2024 and the Exclusive Solicitation Period to August 26, 2024, without prejudice to the Emergent Debtor's ability to seek further extensions of the Exclusive Periods.[8]

7. A final extension of the Exclusive Periods is required to resolve the remaining contingencies of the Emergent Chapter 11 Case.

8. Additional factual background relating to the Emergent Chapter 11 Case is set forth in the First Day Declaration.[9]

## JURISDICTION

9. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 1121 of the Bankruptcy Code.

---

[6] D.I. 1566, Case No. 22-11068.

[7] D.I. 4532, Case No. 22-11068.

[8] D.I. 12257, Case No. 22-11068.

[9] D.I. 3, Case No. 23-10149.

Pursuant to Local Rule 9013-1(f), the Emergent Debtor consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELIEF REQUESTED

10. The Emergent Debtor seeks entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, extending (a) the Emergent Debtor's Exclusive Filing Period from June 27, 2024, for an additional 37 days through and including August 3, 2024, and (b) the Emergent Debtor's Exclusive Solicitation Period from August 26, 2024, for an additional 39 days through and including October 3, 2024.[10]

## BASIS FOR RELIEF

11. Sections 1121(b) and (c) of the Bankruptcy Code provide, respectively, that a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case and the exclusive right to solicit votes for its plan for an additional 60 days. 11 U.S.C. §§ 1121(b), (c).

12. Following the third extension granted on April 19, 2023, the Emergent Debtor's Exclusive Filing Period expires on June 27, 2024, and the Exclusive Solicitation Period expires on August 26, 2024.

13. Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend a debtor's exclusive period for filing a chapter 11 plan and to solicit votes thereof, for "cause" shown, to a date that is no later than 18 months (to file a plan) and 20 months (to solicit votes)

---

[10] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Exclusive Periods shall automatically extend the Exclusive Periods until the Court acts on the Motion without the necessity for entry of a bridge order.

from the petition date. *See* 11 U.S.C. § 1121(d). Although the Bankruptcy Code does not define "cause," legislative history indicates that it is intended to be a flexible standard that provides bankruptcy courts discretion to extend the exclusivity period based on the specific circumstances of a particular case. *See* H.R. Rep. No. 95-595, at 231 (1977); *see also First Am. Bank v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion."). This flexibility is intended to give a debtor an adequate opportunity to stabilize its businesses at the outset of the case and to then negotiate a plan with its creditors. *See In re Spansion, Inc.*, 426 B.R. 114, 140–41 (Bankr. D. Del. 1991) ("The purpose of the exclusivity period is to provide a debtor . . . with 'the unqualified opportunity to negotiate a settlement and propose a plan of reorganization.'").

14. The complexity and size of a chapter 11 case alone may warrant extension of the exclusive periods in order to permit a debtor a meaningful opportunity to formulate and seek confirmation of a chapter 11 plan. *See, e.g.*, *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987) (holding that "cause" existed to grant the debtor's first request to extend exclusivity based on the size and complexity of the case); *In re Nicolet, Inc.*, 80 B.R. 733, 741–42 (Bankr. E.D. Pa. 1987) (refusing to deny the debtor's exclusivity motion, despite the debtor's failure to show cause, because of the case's complexity). In addition, courts consider the following non-exclusive factors in determining whether "cause" exists to extend a debtor's exclusive periods:

- the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

- the existence of good-faith progress toward reorganization;

- the fact that the debtor is paying its bills as they come due;

- whether the debtor has demonstrated reasonable prospects for filing a viable plan;

5

- whether the debtor has made progress in its negotiations with creditors;

- the amount of time that has elapsed in the case;

- whether the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and

- the existence of an unresolved contingency.

See *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (reciting these "objective factors[,] which courts historically have considered"); *In re Burns & Roe Enters.*, No. 41610 (RG), 2005 WL 6289213, at *3–4 (D.N.J. Nov. 2. 2005) (listing several of these factors in defining "cause").

15. Not all of these factors are relevant in every case, and a finding that any one of these factors exists may justify extending a debtor's exclusive periods. *See In re Texaco*, 76 B.R. at 327 (holding that "sheer size alone" provided sufficient cause to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) ("[N]ot all [factors] are relevant in every case. Nor is it simply a question of adding up the number of factors which weigh for and against an extension. It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); *see also In re Cent. Jersey Airport Servs.*, 272 B.R. 176, 184 (Bankr. D.N.J. 2002) (discussing only two of nine factors in holding that the debtor had shown cause).

16. This Motion is the Emergent Debtor's fourth request to extend the Exclusive Periods. Similar requests have been granted in this district when necessary. *See, e.g.*, *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Sept. 25, 2023) [D.I. 9584] (granting a fourth exclusivity

extension through the 18- and 20-month maximums); *In re Mallinckrodt Plc*, Case No. 20-12522 (JTD) (Aug. 20, 2021) [D.I. 6941] (same).[11]

17. Here, the unique challenges facing the Emergent Debtor—particularly in light of the forfeiture proceeding against SBF and the unresolved contingencies of the Emergent Chapter 11 Case—demonstrate sufficient cause to extend the Exclusive Periods to the maximum extent allowed under Section 1121.

I. *The Emergent Chapter 11 Case is Unique and Complex.*

18. The Emergent Debtor is the owner and was the record holder of approximately 55 million shares of Robinhood Markets, Inc. that have now been converted to cash (the "Assets") and are being held by the DOJ pending further adjudication regarding their ownership and potential claims against them. It is expected that a preliminary forfeiture order is likely to be entered shortly after SBF's sentencing on March 28, 2024; such an order will have a significant impact on the Emergent Chapter 11 Case as it directly implicates estate property.

19. Multiple parties have made claims to the Assets, including (i) the DOJ, for the benefit of SBF's victims; (ii) FTX, for the benefit of its creditors; (iii) BlockFi, for the benefit of its creditors; (iv) SBF himself; (v) FTX Digital Markets Ltd (in provisional liquidation), a chapter 15 debtor; and (vi) Yonatan Ben Shimon, an FTX customer who alleges that his deposits may have been misappropriated by Alameda and used to purchase the Assets. There may be many other FTX customers who could assert claims like those Mr. Ben Shimon has asserted, based on a good-faith belief that their own deposits were misappropriated in the same way.

---

[11] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders will be made available upon request to the Emergent Debtor's counsel.

20. On March 6, 2024, BlockFi and FTX entered into a proposed settlement (the "BlockFi Settlement"); among its terms was the provision that all of BlockFi's claims to the Assets would be transferred to FTX upon Court approval.[12]

21. The Emergent Chapter 11 Case continues to require coordination with many constituencies—not only before this Court, but in several other chapter 11 and foreign insolvency proceedings. The pace of the Emergent Debtor's progress is inevitably impacted by the need to coordinate with, and be responsive to, governmental authorities, especially in view of the upcoming forfeiture proceedings involving the Assets.

22. The Emergent Chapter 11 Case involves novel and complex legal issues, some of which may need to be resolved prior to or in connection with a chapter 11 plan. Accordingly, a further extension of the Exclusive Periods is appropriate given the uniqueness and complexity of the Emergent Chapter 11 Case.

   II. *More Time is Necessary for the Emergent Debtor to Ensure Possession of the Assets and Subsequently Negotiate a Chapter 11 Plan.*

23. The Emergent Debtor continues to investigate, secure, and recover assets for distribution; this will lead to a necessary determination of whether reorganization or liquidation is in the best interests of creditors. Notwithstanding the substantial progress made to date, the Emergent Debtor continues to develop information necessary to prepare a disclosure statement and to consider and propose a chapter 11 plan.

24. The BlockFi Settlement ends the longstanding dispute regarding BlockFi's possible interests in the Assets. The Emergent Debtor now has a clear path forward to ensure that its claim over the Assets is conclusively established.

---

[12] D.I. 8676, Case No. 22-11068; *In re BlockFi Inc.*, Case No. 22-19361 (MBK) (Bankr. D.N.J. March 6, 2024) [D.I. 2171].

25. On March 28, 2024, the criminal court entered a preliminary order of forfeiture with respect to the Assets. The Emergent Debtor and FTX have filed petitions challenging the forfeiture.

26. A final extension will allow the Emergent Debtor to continue to protect the rights of its creditors while it works towards a resolution regarding control and ownership of the Assets.

III. *The Emergent Debtor Continues to Make Substantial Progress in the Emergent Chapter 11 Case.*

27. The Emergent Debtor has worked diligently to stabilize and advance the Emergent Chapter 11 Case. Significant progress has been made since the Petition Date; the Emergent Debtor has, among other things:

- entered into the Stipulation in an effort to achieve a consensual resolution of various claims, to be further embodied in a chapter 11 plan;

- facilitated communications and exchanges of information in connection with the Robinhood Assets Litigation, particularly with respect to the forfeiture proceedings expected following SBF's sentencing;

- coordinated with the Joint Liquidators to investigate the Emergent Debtor's affairs and to preserve the value of the assets for the benefit of the Emergent Debtor's estate;

- procedurally consolidated and jointly administered the Emergent Chapter 11 Case with the FTX Chapter 11 Cases; and

- filed a petition in the criminal case asserting an entitlement to the Assets.

28. The Emergent Debtor requires additional time to continue to advance the core objectives laid out by the Joint Liquidators on behalf of the Emergent Debtor and ensure that the Assets are recovered for the benefit of its creditors.

IV. *The Emergent Debtor is Not Seeking an Extension to Pressure Creditors.*

29. The Emergent Debtor's request to extend the Exclusive Periods is not intended to exert leverage over creditors or any other party affected by the Emergent Chapter 11 Case. As

with the previous requests, the Emergent Debtor proposes extending the Exclusive Periods to ensure additional time to share information, marshal the Assets for distribution, and engage in plan formulation discussions with its creditors and stakeholders.

V.   *Termination of the Emergent Debtor's Exclusive Periods Would Adversely Impact the Emergent Chapter 11 Case.*

30.   Termination of the Exclusive Periods would adversely impact the Emergent Debtor's efforts to preserve and maximize the value of its estate and would slow the progress of the Emergent Chapter 11 Case. Termination would disrupt the critical work that has and continues to be done in the Emergent Chapter 11 Case and would increase the costs of administering the case substantially while providing no material benefits to the estate or its creditors. Timing is particularly sensitive, as the forfeiture proceedings bear a significant influence on the effective disposition of this matter. The Emergent Debtor remains the best-situated party to effectively manage the plan process, for the benefit of all creditors and stakeholders, and will use the time afforded by this final extension of the Exclusive Periods to seek a resolution to the Emergent Chapter 11 Case.

31.   Accordingly, the Emergent Debtor submits that a final extension of the Exclusive Periods is appropriate considering the totality of the facts and circumstances of the Emergent Chapter 11 Case.

## **NOTICE**

32.   Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States Department of Justice; (e) the United States Attorney for the District of Delaware; (f) counsel to the Emergent Debtor's proposed debtor-in-possession financing lender; (g) the parties identified on the Emergent Debtor's list of 20 largest unsecured creditors; and (h) to the extent not listed herein,

those parties requesting notice in the Emergent Chapter 11 Case pursuant to Bankruptcy Rule 2002.  The Emergent Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Emergent Debtor respectfully requests that the Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: June 26, 2024　　　　　　　　**MORGAN, LEWIS & BOCKIUS LLP**
Wilmington, DE

　　　　　　　　　　　　　　　　*/s/ Jody C. Barillare*
　　　　　　　　　　　　　　　　Jody C. Barillare (Bar No. 5107)
　　　　　　　　　　　　　　　　1201 N. Market Street, Suite 2201
　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　Telephone: (302) 574-3000
　　　　　　　　　　　　　　　　Email: jody.barillare@morganlewis.com

　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　John C. Goodchild, III (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Matthew C. Ziegler (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　2222 Market Street
　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　Telephone: (215) 963-5000
　　　　　　　　　　　　　　　　Email: john.goodchild@morganlewis.com
　　　　　　　　　　　　　　　　Email: matthew.ziegler@morganlewis.com

　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　Craig A. Wolfe (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　Joshua Dorchak (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　David K. Shim (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　101 Park Avenue
　　　　　　　　　　　　　　　　New York, NY 10178
　　　　　　　　　　　　　　　　Telephone: (212) 309-6000
　　　　　　　　　　　　　　　　Email: craig.wolfe@morganlewis.com
　　　　　　　　　　　　　　　　Email: joshua.dorchak@morganlewis.com
　　　　　　　　　　　　　　　　Email: david.shim@morganlewis.com

　　　　　　　　　　　　　　　　*Counsel for Emergent Fidelity Technologies Ltd as Debtor and Debtor-in-Possession*