# EXHIBIT A

SUBJECT TO FRE 408

# **TOLLING AGREEMENT**

This tolling agreement (this "**Agreement**") is made on this 25th day of June, 2024, by and among (i) FTX Digital Markets Ltd. ("**FTX Digital Markets**") acting by its Joint Official Liquidators, Brian Simms KC, Peter Greaves and Kevin Cambridge, as agents and without personal liability,[1] (ii) FTX Trading Ltd. and its affiliated debtors (collectively, the "**Debtors**"),[2] and (iii) Mohsin Meghji, as litigation administrator for Celsius Network LLC and its affiliated debtors[3] (the "**Celsius Litigation Administrator**"[4] and, together with FTX Digital Markets and the Debtors, the "**Parties**" and each, a "**Party**").

WHEREAS, the Celsius Litigation Administrator has filed a motion for relief from the automatic stay in the Chapter 11 Cases (the "**Chapter 11 Motion**") to commence, adjudicate, and liquidate certain alleged preference actions against certain Debtors in the Celsius Chapter 11 Cases before NY Celsius Bankruptcy Court, Chapter 11 D.I. 16815;

WHEREAS, the Celsius Litigation Administrator has filed a motion for relief from the automatic stay in the Chapter 15 Case (the "**Chapter 15 Motion**" and, together with the Chapter 11 Motion, the "**Motions**") to commence, adjudicate and liquidate certain alleged preference actions against FTX Digital Markets in the Celsius Chapter 11 Cases before NY Celsius Bankruptcy Court, Chapter 15 D.I. 155;

WHEREAS, the Celsius Litigation Administrator noticed the Motions for the hearing scheduled on June 25, 2024;

WHEREAS, the Debtors and FTX Digital Markets have requested that the hearings on the Motions be adjourned to July 17, 2024;

WHEREAS, unless tolled or otherwise extended, to the extent applicable to the underlying complaints against FTX Digital Markets or the Debtors contemplated by the Motions, the statute of limitations for causes of action under section 546(a) of title 11 of the United States Code (the "**Bankruptcy Code**") in the Celsius Chapter 11 Cases before NY Celsius Bankruptcy Court will expire on July 13, 2024; and

---

[1]   FTX Digital Markets is a debtor in the chapter 15 foreign main proceeding under the caption, *In re FTX Digital Markets LTD.*, No. 22-11217 (Bankr. D. Del.) (the "**Chapter 15 Case**").

[2]   FTX Trading Ltd. and its affiliated debtors are debtors-in-possession in the chapter 11 cases, jointly administered under the caption *In re FTX Trading LTD, et al.*, No. 22-11068 (Bankr. D. Del.) (the "**Chapter 11 Cases**").

[3]   Celsius Network LLC and its affiliated debtors are post-effective date debtors in the chapter 11 cases, jointly administered under the caption *In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y.) (the "**Celsius Chapter 11 Cases**"), in the United States Bankruptcy Court for the Southern District of New York (the "**NY Celsius Bankruptcy Court**").

[4]   The litigation administrator was appointed pursuant to the *Findings of Fact, Conclusions of Law, and Order Signed on November 9, 2023 Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates*, the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and its Debtor Affiliates (Conformed for MiningCo Transaction)*, and the *Litigation Administrator Agreement, In re Celsius Network LLC, et al.*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. July 13, 2022), SDNY D.I. 3972, 4289, and 4297.

SUBJECT TO FRE 408

WHEREAS, the Parties have agreed to (a) adjourn the hearing on the Motions to July 17, 2024 and (b) toll any applicable statutes of limitations as set forth herein.

NOW, THEREFORE, in consideration of the foregoing the Parties agree as follows:

1.      The hearing on the Motions is adjourned to July 17, 2024, which date may further be extended by agreement of the Parties.

2.      The Debtors' and FTX Digital Markets' deadline to object to the Motions is extended to July 8, 2024, which date may further be extended by agreement of the Parties.

3.      The Parties agree that no statute of limitations, applicable to the causes of action sought to be asserted pursuant to the Motions, whether arising by statute, common law or otherwise, shall expire on or prior to the date that is seven (7) business days after the date of entry of an order by the Delaware Bankruptcy Court:[5] (a) with respect to the Debtors, the Chapter 11 Motion, or (b) with respect to FTX Digital Markets, the Chapter 15 Motion (the "**Extended Date**"), each as applicable to the Debtors or FTX Digital Markets as the case may be.  The Debtors and FTX Digital Markets, as applicable, agree that they will not assert the expiration of any statute of limitations that would have expired but for the tolling and extension contemplated herein for any of the causes of action sought to be asserted pursuant to the Motions that are commenced prior to or on the Extended Date.  For the avoidance of any doubt, the tolling and extension contemplated herein shall apply to the statute of limitations for causes of action under section 546(a) of the Bankruptcy Code.

4.      The Parties shall use their respective reasonable best efforts to obtain, as soon as practicable, orders approving this Agreement (each an "**Approval Order**") in the Chapter 11 Cases and the Chapter 15 Case.  Except as provided herein, the pendency of a request for an Approval Order shall have no effect on (a) the terms of this Agreement, (b) the Parties' undertakings hereunder or (c) the Extended Date.  In the event no Approval Order is entered by the Delaware Bankruptcy Court, upon the request of the Celsius Litigation Administrator at its sole discretion, the hearing on the Motions shall be set for a date that is before July 13, 2024 with a deadline for the Debtors and FTX Digital Markets to file objections to the Motions prior to such hearing, and the Debtors and FTX Digital Markets agree not to oppose such an earlier hearing date on the Motions if no order approving this Agreement is entered.

5.      The Parties, and each of them, irrevocably acknowledge and agree that they are now forever estopped and precluded from contesting or denying the validity and enforceability of this Agreement.  This Agreement shall be binding on the Parties hereto and their respective successors, and assigns, together with their respective past, present and future officers, directors, employees, agents, representatives, attorneys, controlling persons, shareholders, partners, owners and affiliates.

---

[5]     The "**Delaware Bankruptcy Court**" shall mean the bankruptcy court in the Chapter 11 Cases and the Chapter 15 Case, as applicable.

SUBJECT TO FRE 408

6.      The Parties and each of them, acknowledge and agree that the conditions, validity and enforceability of any term or provision of this Agreement shall be governed and determined by the internal laws of the State of New York without regard to its principles of conflicts of laws.

7.      The Parties each represent that they have read this Agreement in its entirety and know and understand its contents, have had the opportunity to consult with legal counsel of their choice, and understand and agree to all of this Agreement's terms, conditions and meanings freely, knowingly and willingly.

8.      This Agreement constitutes the entire integrated agreement among the Parties with respect to the subject matter of this Agreement.  This Agreement may not be enlarged, modified, altered, or extended except in writing signed by all of the Parties.

9.      Any controversy concerning this Agreement shall be decided neutrally, and without regard to events of authorship or negotiations.

10.      This Agreement does not impact, change or modify any other rights or remedies the Parties have against one another.

11.      Nothing in this Agreement shall constitute or be construed as an admission by any Party that any action contemplated by the Motions could or could not properly be asserted against the Debtors or FTX Digital Markets, that any such action would or would not have any basis in law or in fact, or that any claim has or has not been barred or is about to be barred, by a statute of limitations.  Except as expressly provided herein, this Agreement is not intended to, shall not, and shall not be construed or deemed to (I) abridge, expand, modify, or otherwise affect any right or defense that the Debtors or FTX Digital Markets may exercise or assert in connection with any claim or cause of action sought to be asserted in the Motions against the Debtors or FTX Digital Markets or (II) estop or otherwise preclude the Debtors or FTX Digital Markets from making any argument in connection with any claim or cause of action sought to be asserted in the Motions against the Debtors or FTX Digital Markets, including, without limitation, in each case, with respect to jurisdiction or lack thereof.

12.      Except as expressly provided herein, nothing in this Agreement shall affect any defense or response thereto that may be available to any Party, and this Agreement shall not be deemed to revive any claim that is or was barred as of the date of this Agreement.

13.      For the avoidance of any doubt, nothing herein shall prejudice, limit, or otherwise affect the rights of any of the Parties to seek or oppose any further extension or tolling of any statute of limitations beyond the Extended Date, and the rights of the Parties with respect thereto are expressly reserved.

14.      This Agreement may be executed in counterparts, any of which may be transmitted via facsimile or electronic mail, and each of which shall be deemed an original and all of which shall together constitute one and the same instrument.

15.      The NY Celsius Bankruptcy Court shall retain jurisdiction over any and all disputes arising from the implementation and interpretation of this Agreement.

By:_____

Representative for

FTX Digital Markets

_____

Date

By:_____

Representative for

FTX Trading

_____

Date

By: *Mohsin Meghji*_____

Celsius Litigation Administrator

June 25, 2024_____

Date

Dated: June 25, 2024

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
  brown@lrclaw.com
  pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
  bromleyj@sullcrom.com
  gluecksteinb@sullcrom.com
  kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

Dated: June 25, 2024

*/s/ Brendan J. Schlauch*
**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Paul N. Heath (No. 3704)
Brendan J. Schlauch (No. 6115)
David T. Queroli (No. 6318)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:      (302) 651-7700
Facsimile:       (302) 651-7701
gross@rlf.com
heath@rlf.com
schlauch@rlf.com
queroli@rlf.com

—and—

**WHITE & CASE LLP**

Jessica C. Lauria (admitted *pro hac vice*)
J. Christopher Shore (admitted *pro hac vice*)
Brian D. Pfeiffer (admitted *pro hac vice*)
Ashley R. Chase (admitted *pro hac vice*)
Brett L. Bakemeyer (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:      (212) 819-8200
jessica.lauria@whitecase.com
cshore@whitecase.com
brian.pfeiffer@whitecase.com
ashley.chase@whitecase.com
brett.bakemeyer@whitecase.com

Thomas E Lauria (admitted *pro hac vice*)
Richard S. Kebrdle (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:      (305) 371-2700
tlauria@whitecase.com
rkebrdle@whitecase.com

*Attorneys for the Joint Official Liquidators of FTX Digital Markets Ltd. (in Official Liquidation)*