# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Reorganized Debtors. | (Jointly Administered) |
| | **Re: Docket No. 17634** |

**RESPONSE OF CLAIMANT 7140 TO DEBTORS' FORTY-EIGHTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN OVERSTATED AND/OR PARTIALLY UNLIQUIDATED PROOFS OF CLAIM (CUSTOMER CLAIMS)**

Michael Lehrer ("**Claimant**"), by his undersigned counsel, hereby files his response (this "**Response**") to the *Debtors' Forty-Eighth (Substantive) Omnibus Objection to Certain Overstated and/or Partially Unliquidated Proofs of Claim (Customer Claims)* [Docket No. 17634] (the "**Claim Objection**") filed by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), objecting to Claimant's Proof of Claim numbered 7140 (the "**Claim**"). In support of this Response, Claimant respectfully represents as follows:

## PRELIMINARY STATEMENT[2]

1. Claimant has a *prima facie* valid claim in these Chapter 11 Cases. Claimant's Proof of Claim was filed in accordance with the Debtors' instructions for customer claims and Bankruptcy Rule 3001, with all of the required support representing *prima facie* evidence of the Claim's validity and the amounts owed by the Debtors. The Claim Objection seeks to disallow all but $1.68 of the $323,365.13 Claim solely on the assertion that the amount of the Claim does not

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined in this Preliminary Statement shall have the meanings ascribed to them in this Response.

95736024.2

match the amount currently reflected as being held in the Main Account according to the Debtors' books and records.

2. The Debtors have not met their burden going forward to produce evidence sufficient to negate the *prima facie* validity of the Claim, and the Claim should not be disallowed or modified.

3. Moreover, Claimant has submitted sufficient documentation, both through his original proof of claim and through the *Declaration of Michael Lehrer in Support of Response to Debtors' Forty-Eighth (Substantive) Omnibus Objection to Certain Overstated and/or Partially Unliquidated Proofs of Claim (Customer Claims)* attached hereto as Exhibit A (the "**Lehrer Declaration**"), to show that the relevant withdrawal requests were received by the Debtors, but the underlying funds were never remitted to Claimant. Importantly, it also appears that the Withdrawals have not reached the relevant ACH processor or banking institution. Accordingly, the Claim Objection should be overruled.

## BACKGROUND

4. On November 11 and November 14, 2022 (as applicable, the "**Petition Date**"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.

5. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "**Chapter 11 Cases**") was authorized by the Court by entry of an order on November 22, 2022 [Docket No. 128].

6. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [Docket No. 231].

7. On November 8, 2022, Claimant attempted to withdraw approximately $323,365.13 in US dollars from the FTX US platform through seven withdrawal requests—six of $50,000 and one of $23,365.13 (collectively, the "**Withdrawals**").

8. On November 8, 2022, Claimant received email confirmation from the FTX US customer support team that each of his seven withdrawals had been processed, and that the funds would be deposited into his bank account within three to five business days.

9. As of the date hereof, Claimant has not received any of the funds relating to the November 8, 2022 Withdrawals.

10. On July 11, 2023, Claimant filed his Proof of Claim via the customer claim from designated for FTX US users, in support of his claims against the Debtors (the "**Claim**") in connection with the Withdrawals.

## RESPONSE

I. **Claimant's Proof of Claim Is *Prima Facie* Valid and Should Not Be Disallowed or Modified.**

11. Claimant's Proof of Claim was filed in accordance with Bankruptcy Rule 3001, with all of the appropriate support, and is *prima facie* evidence of the Claim's validity and the amounts owed by the Debtors. *See* FED. R. BANKR. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."); *see also In re F-Squared Inv. Mgmt., LLC*, 546 B.R. 538, 543 (Bankr. D. Del. 2016).

12. A claimant need only meet the standard set forth by the Third Circuit in *In re Allegheny Intern., Inc.*, 954 F.2d 167 (3d Cir. 1992) for their claim to have *prima facie* validity. Under *Allegheny*, "the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is 'prima facie' valid." *Id.* at 173. "The burden

of going forward then shifts to objector to produce evidence sufficient to negate the prima facie validity of the filed claim." *Id.* "[T]he objector must produce evidence equal in force to the prima facie case. In practice, the objector must produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.*

13. "In determining whether a proof of claim contains sufficient allegations, a reviewing court will assume the allegations are true and ask whether the facts establish the necessary elements of a claim." *In re F-Squared Inv. Mgmt., LLC*, 546 B.R. 538, 543–44 (Bankr. D. Del. 2016). "As long as [a proof of claim provides] fair notice . . . and the court can glean an actionable claim from the complaint, the court must entertain the party's case." *Id.* (citing *In re O'Malley*, 252 B.R. 451, 456 (Bankr. N.D. Ill. 1999).

14. Under the *Allegheny* standard, Claimant sufficiently described the Claim and included relevant supporting documentation—which was attached to the proof of claim form—and thereby established sufficient notice as to the nature and amount of the Claim. *See Jenny Lynn Mining*, 780 F.2d at 587 ("[T]he purpose of Rule 302(a) [now Rule 3001(a)] was to apprise the bankruptcy court and the trustee of the terms of any writing which formed the basis of a claim."). Accordingly, Claimant has met his burden to show *prima facie* validity of the Claim.

15. In contrast, the Debtors have not met their burden going forward to produce evidence sufficient to negate the *prima facie* validity of the Claim. The Debtors' only argument with respect to the Claim is that the amount of currency does not match what is currently reflected in the Debtors' books and records.

16. As discussed above, the Debtors must, at the very least, "produce evidence, which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Allegheny Intern.* 954 F.2d at 273. However, the Claim Objection merely asserts that

the Debtors believe the amount to be overstated based on a review of their books and records. Such bare assertions are insufficient to modify the Claim to a point that narrowly escapes classification as a complete disallowance.

17. Whether or not the Claim comports with the amounts currently listed in the Debtors' books and records is not an essential part of the Claim's legal sufficiency. Moreover, there is cause to question the completeness and accuracy of the Debtors' books and records relating to their digital assets during the relevant time period. *See Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 24] (the "**Ray Declaration**") at ¶ 5 ("[n]ever in my career have I seen such a complete failure of corporate controls and such a complete absence of trustworthy financial information as occurred here."); *see also* Ray Declaration at ¶ 65 ("[t]he FTX Group did not keep appropriate books and records, or security controls, with respect to its digital assets.") Thus, the Claim Objection should be overruled, and the Claim should be allowed in full.

## RESERVATION OF RIGHTS

18. Claimant expressly reserves all rights with respect to the Claim, including, but not limited to, Claimant's rights to amend and supplement the Claim. Claimant further reserves the right to file such other and further responses, objections, or motions as may be appropriate, and does not waive and hereby expressly preserves all other rights, remedies, and arguments afforded to Claimant by the Bankruptcy Code, the Bankruptcy Rules, the Federal Rules, and any applicable Federal and state statutes.

[Signature Page to Follow]

## **CONCLUSION**

19. Claimant submits that the Claim Objection should be *overruled* as it relates to the Claim and the Claim should be allowed in full and without modification, as originally asserted. Claimant requests that an order be entered (i) overruling the Claim Objection, (ii) allowing the Claim, and (iii) granting Claimant such additional relief as may be just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>June 27, 2024 | Respectfully submitted,<br><br>**POLSINELLI PC**<br><br> */s/ Michael V. DiPietro*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Michael V. DiPietro (Del. Bar No. 6781)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: 302-252-0920<br>Facsimile: 302-252-0921<br>cward@polsinelli.com<br>mdipietro@polsinelli.com<br><br>*Counsel for Claimant* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2024, a true and correct copy of the foregoing was caused to be served via the Court's CM/ECF system on all parties authorized to receive e-notice in this case and upon the parties listed below via electronic mail.

**SULLIVAN & CROMWELL LLP**
Alexa J. Kranzley
125 Broad Street
New York, New York 10004
kranzleya@sullcrom.com

- and -

**LANDIS RATH & COBB LLP**
Adam G. Landis
Kimberly A. Brown
919 Market Street, Suite 1800
Wilmington, Delaware 19801
landis@lrclaw.com
brown@lrclaw.com

                                      */s/ Michael V. DiPietro*
                                      Michael V. DiPietro (Del. Bar No. 6781)

*Counsel for Claimant*