**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: July 25, 2024 at 4:00 p.m. ET** |

**NINETEENTH MONTHLY FEE STATEMENT OF PERELLA WEINBERG
PARTNERS LP AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS-IN-
POSSESSION FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
FROM MAY 1, 2024 THROUGH AND INCLUDING MAY 31, 2024**

| **Name of Applicant** | *Perella Weinberg Partners LP* |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | *nunc pro tunc* to November 16, 2022 |
| Period for which compensation and reimbursement is sought: | May 1, 2024 through May 31, 2024 |
| Amount of Compensation sought as actual, reasonable and necessary: | $450,000 (Monthly Fee) |
| 80% of Compensation sought as actual, reasonable and necessary: | n/a |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $262,999.66 |

This is a(n) **X** monthly ____ interim ____ final application.  No prior application has been filed with respect to this Fee Period.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

15454880v2

**PRIOR MONTHLY FEE STATEMENTS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 2/17/2023 | Nov. 16 - Nov. 30, 2022 | $225,000 | $7,680.97 | $225,000 | $7,680.97 |
| 2/17/2023 | Dec. 1 – Dec. 31, 2023 | $450,000 | $22,964.89 | $450,000 | $22,964.89 |
| 03/06/2023 | Jan. 1 – Jan. 31, 2023 | $450,000 | $56,774.88 | $450,000 | $56,774.88 |
| 04/04/2023 | Feb. 1 – Feb. 28, 2023 | $450,000 | $77,891.54 | $450,000 | $77,891.54 |
| 05/04/2023 | Mar. 1 – Mar. 31, 2023 | $2,825,000 | $28,096.34 | $2,825,000 | $28,096.34 |
| 06/05/2023 | Apr. 1 – Apr. 30, 2023 | $2,856,250 | $11,856.27 | $2,856,250 | $11,856.27 |
| 09/12/2023 | May 1 – May 31, 2023 | $2,133,616.26 | $35,765.02 | $2,133,616.26 | $35,765.02 |
| 09/14/2023 | June 1 – June 30, 2023 | $2,848,330.45 | $11,424.11 | $2,848,330.45 | $11,424.11 |
| 09/14/2023 | July 1 – July 31, 2023 | $450,000 | $243,243.30 | $450,000 | $243,243.30 |
| 12/06/2023 | August 1 – August 31, 2023 | $450,000 | $229,393.95 | $450,000 | $229,393.95 |
| 12/06/2023 | Sept. 1 – Sept. 30, 2023 | $450,000 | $36,185.35 | $450,000 | $36,185.35 |
| 12/08/2023 | Oct. 1 – Oct. 31, 2023 | $450,000 | $87,840.89 | $450,000 | $87,840.89 |
| 12/22/2023 | Nov. 1 – Nov. 30, 2023 | $450,000 | $67,969.57 | $450,000 | $67,969.57 |
| 02/13/2024 | Dec. 1 – Dec. 31, 2023 | $450,000 | $3,522.79 | $450,000 | $3,522.79 |
| 03/14/2024 | Jan. 1 – Jan. 31, 2024 | $3,225,941.84 | $1,263.21 | $3,225,941.84 | $1,263.21 |
| 05/03/2024 | Feb. 1 – Feb. 29, 2024 | $450,000 | $3,355.98 | Pending | Pending |
| 05/03/2024 | Mar. 1 – Mar. 31, 2024 | $450,000 | $214,585.07 | Pending | Pending |
| 05/15/2024 | Apr. 1 – Apr. 30, 2024 | $15,921,913.22 | $15,157.67 | Pending | Pending |

**SUMMARY OF BILLING BY PROFESSIONAL**
**MAY 1, 2024 THROUGH AND INCLUDING MAY 31, 2024**

| Timekeeper Name | Position | Total Hours Billed |
|---|---|---|
| Bruce Mendelsohn | Partner | 23.5 |
| Kevin Cofsky | Partner | 25.5 |
| **Partner Total** | | **49** |
| Ema Betts | Managing Director | 57.5 |
| Matt Rahmani | Managing Director | 160 |
| **Managing Director Total** | | **217.5** |
| Nathaniel Nussbaum | Executive Director | 1 |
| Geoff Posess | Executive Director | 6.5 |
| Wasif Syed | Executive Director | 23 |
| **Executive Director Total** | | **30.5** |
| Kendyl Flinn | Director | 125 |
| **Director Total** | | **125** |
| Ryan Moon | Associate | 10.5 |
| Eduardo Ascoli | Associate | 43 |
| Donall O'Leary | Associate | 57.5 |
| **Associate Total** | | **111** |
| Emil Tu | Analyst | 161.5 |
| Jackson Darby | Analyst | 26.5 |
| **Analyst Total** | | **188** |
| **GRAND TOTAL** | | **721** |

**STATEMENT OF FEES BY PROJECT CATEGORY[2]**
**MAY 1, 2024 THROUGH AND INCLUDING MAY 31, 2024**

| Project Name | Hours |
|---|---|
| CORRESPONDENCE WITH DEBTOR ADVISORS AND PRINCIPALS | 40 |
| CORRESPONDENCE WITH CREDITORS, UCC, AND ADVISORS | 20.5 |
| CORRESPONDENCE WITH THIRD-PARTIES | 60 |
| DUE DILIGENCE AND RESTRUCTURING STRATEGY | 409 |
| SALE PROCESS MATTERS | 128 |
| OTHER ADMINISTRATIVE PROCESSES AND ANALYSIS | 63.5 |
| **TOTAL** | **721** |

---

[2] The subject matter of certain time entries may be appropriate for more than one project category. In such instances, time entries generally have been included in the most appropriate category. Time entries do not appear in more than one category.

15454880v2

## SUMMARY OF ACTUAL AND NECESSARY EXPENSES[3]

| Disbursement Summary | | |
|---|---|---|
| **Expense Category** | **Service Provider,[4] if Applicable** | **Amount** |
| Air / Train Travel | n/a | $0 |
| Late Night / Weekend Transportation | n/a | $960.47 |
| Travel to Meetings / Out of Town | n/a | $0 |
| Late Night / Weekend Meals | n/a | $1,200.00 |
| Travel Meals | n/a | $0 |
| Misc. Expenses (supplies, wifi, etc.) | n/a | $0 |
| Counsel to PWP | Porter Hedges LLP & Mayer Brown LLP | $260,839.19[5] |
| | **TOTAL** | **$262,999.66** |

---

[3] Certain expenses included in this fee statement were incurred in prior statement periods but not included in the fee statements for such periods. Accordingly, PWP has not yet been reimbursed for the expenses sought herein and requests approval of such expenses at this time.

[4] Perella Weinberg Partners LP may use one or more service providers. The service providers identified herein are the primary service providers for the categories described.

[5] Invoices for Counsel to PWP are accounted for in the monthly fee statement in which the invoice is paid and not the monthly fee statement in which the services were rendered (*e.g.* services provided to PWP in November are paid for in December and therefore appear on the December Monthly Fee Statement). Note that, pursuant to footnote 5 *supra*, one invoice paid in April but not included in the April Monthly Fee Statement has not yet been reimbursed and is included in this May Monthly Fee Statement.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**NINETEENTH MONTHLY FEE STATEMENT OF PERELLA WEINBERG PARTNERS LP AS INVESTMENT BANKER TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MAY 1, 2024 THROUGH AND INCLUDING MAY 31, 2024**

Perella Weinberg Partners LP ("PWP"), the Investment Banker to FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submits this nineteenth monthly fee statement (this "Monthly Fee Statement") for compensation for professional services rendered and expenses incurred for the period from May 1, 2024 through and including May 31, 2024 (the "Fee Period"). In support of the Monthly Fee Statement, PWP respectfully states as follows:

**Background**

1. On November 11 and November 14, 2022,[2] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended or modified,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] November 11, 2022 is the petition date for all Debtors, except for Debtor West Realm Shires Inc.

15454880v2

the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. On January 9, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435] (the "Interim Compensation Order").

3. On February 3, 2023, the Court entered the *Order Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors nunc pro tunc to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016-2(H)* [D.I. 615] (the "Retention Order").

4. On March 8, 2023, the Court entered the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] appointing Katherine Stadler (the "Fee Examiner") to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

**Relief Requested**

5. By this Monthly Fee Statement and in accordance with the Interim Compensation Order, PWP makes this application for (i) allowance of compensation as an administrative expense of the Debtors' estates in the amount of $450,000 for reasonable and necessary professional services rendered, (ii) payment of compensation in the amount of 100% of

15454880v2

the Monthly Fee (in the amount of $450,000); and (iii) payment of $262,999.66 for actual and necessary expenses incurred.

    **a. Compensation Requested**

    6.    The services performed by PWP during the Fee Period included, among others, discussions with the Debtors and their professionals regarding asset sale processes, transaction structures, M&A processes, venture investments, and plan recoveries, discussions and implementation of diligence and vetting processes, preparation and attendance for board meetings, meetings with third parties regarding potential interest in the Debtors and estate assets, participation in various update and information meetings with the Debtors and their professionals, participation in various update and information meetings with Committee professionals, and development and implementation of various sales processes. Attached hereto as <u>Exhibit A</u> is a detailed itemization, by project category, of all services performed by PWP with respect to the Chapter 11 Cases during the Fee Period. This detailed itemization complies with Local Rule 2016-2, as modified by the Retention Order, in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in half-hour increments, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

    7.    The timekeepers who rendered services related to each category are identified in <u>Exhibit A</u>, along with the number of hours for each individual and the total hours in each category. All services for which PWP requests compensation were performed for, or on behalf of, the Debtors.

    **b. Expense Reimbursement**

    8.    PWP incurred out-of-pocket expenses during the Fee Period in the amount

of $262,999.66.  Attached hereto as <u>Exhibit B</u> is a description of the expenses actually incurred by PWP in the performance of services rendered as Investment Banker to the Debtors.  The expenses are broken down into categories of charges, which may include, among other things, the following charges: travel, working meals, and other expenses. In addition, attached hereto as <u>Exhibit C</u> and <u>Exhibit D</u> are the time and expense records for Porter Hedges LLP and Mayer Brown LLP, respectively, for which PWP seeks reimbursement as an expense pursuant to the Retention Order and Amended Engagement Agreement (attached as Exhibit 1 to the Retention Order).

9. In accordance with section 330 of the Bankruptcy Code, PWP seeks reimbursement only for the actual cost of such expenses to PWP.  PWP submits that all such expenses incurred were customary, necessary and related to the Chapter 11 Cases and, by this Monthly Fee Statement, requests reimbursement of the same.

**Valuation of Services**

10. Professionals of PWP have expended a total of 721 hours in connection with this matter during the Fee Period.

11. The amount of time spent by each of the professionals providing services to the Debtors for the Fee Period is set forth in <u>Exhibit A</u>.  Pursuant to the Retention Order and Amended Engagement Agreement attached thereto, PWP seeks payment of the Monthly Fee and the Anthropic Transaction Fee without any reference to whether PWP may be entitled to additional compensation under the Amended Engagement Agreement based on services provided during the Fee Period or the reasonableness of such total fees.

12. PWP believes that the time entries included in <u>Exhibit A</u> attached hereto and the expense breakdown set forth in <u>Exhibits B</u> through <u>D</u> attached hereto are in compliance with the requirements of Local Rule 2016-2.

15454880v2

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the Monthly Fee requested is fair and reasonable given the complexities of these Chapter 11 Cases, the time expended, the nature and extent of services rendered, the value of such services, and the costs of comparable services other than in a case under this title. While PWP asserts that the Monthly Fee is fair and reasonable under the standards of section 330 of the Bankruptcy Code, PWP reserves the right to assert that additional compensation earned pursuant to the Amended Engagement Agreement is likewise reasonable notwithstanding that the work leading to such additional compensation may have been performed during the Fee Period.

### Certificate of Compliance and Waiver

14. The undersigned representative of PWP certifies that he has reviewed the requirements of Local Rules 2016-2 and that the Monthly Fee Statement substantially complies with such rule. To the extent that the Monthly Fee Statement does not comply in all respects with the requirements of Local Rule 2016-2, PWP believes that such deviations are not material and respectfully requests that any such requirements be waived.

### Notice and No Prior Request

15. Notice of this Monthly Fee Statement has been given to the following parties or, in lieu of, to their counsel, if known: (a) the U.S. Trustee; (b) the Official Committee of Unsecured Creditors; (c) the Fee Examiner and (d) all parties required to be given notice in the Interim Compensation Order. PWP submits that no other or further notice is necessary.

16. No prior request for the relief sought in this Monthly Fee Statement has been made to this or any other Court.

WHEREFORE, PWP respectfully requests that the Bankruptcy Court (i) approve the Monthly Fee Statement and (ii) grant such further relief as is just and proper.

15454880v2

Respectfully,
Perella Weinberg Partners LP

By: _____*Bruce Mendelsohn*_____
      Bruce Mendelsohn
      Title: Partner

15454880v2