IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date:  September 12, 2024 at 1:00 p.m. ET |
| | Obj. Deadline:  August 12, 2024 at 4:00 p.m. ET |

# DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY THE JOINT LIQUIDATORS OF THREE ARROWS CAPITAL LTD.

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") hereby submit this claims objection (the "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules'), to the proofs of claim filed by the joint liquidators and foreign representatives (the "3AC Liquidators") of Three Arrows Capital Ltd. ("3AC") against each of the Debtors, dated June 30, 2023 (collectively, the "Proofs of Claim" and the claims asserted in the Proofs of Claim, collectively, the "3AC Claims").[2]  In support of the Objection, the Debtors respectfully state as follows:

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd. is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Schedule 1 attached to the proposed order attached hereto as Exhibit A provides a list of the Proofs of Claim.

**Preliminary Statement**

1. The 3AC Liquidators, on behalf of 3AC, have filed duplicative proofs of claim against each of the Debtors, asserting the same amorphous claims arising out of "a purported foreclosure by the Debtors on collateral securing an approximately $120 million purported loan." Despite having received tens of thousands of pages of voluntary productions made by the Debtors since filing the Proofs of Claim, 3AC has still never provided any allegation or articulation of even the most basic legal or factual bases of any claims.

2. Seemingly recognizing this reality, the 3AC Liquidators now want to commence a whole new wide-ranging investigation hoping that if they look hard enough, maybe they will find something cognizable to assert as a claim or create enough nuisance and burden to extract funds from another insolvent entity. But that is not how the claims process works. The 3AC Liquidators filed the 3AC Claims but failed to allege any viable claim then or at any time since. The assertion of new claims is barred by the bar date established by this Court. The 3AC Claims are not *prima face* valid, lack any merit, and should be disallowed and expunged.

**Background**

3. On November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in- possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

4.	Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

5.	On May 3, 2023, the Debtors filed the *Motion of Debtors for Entry of an Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1416]. On May 19, 2023, the Court entered an order [D.I. 1519] setting a non-customer claims bar date of June 30, 2023 (the "Non-Customer Claims Bar Date") and establishing certain procedures.

6.	On June 30, 2023, the 3AC Liquidators filed proofs of claim on behalf of 3AC against each of the Debtors summarily asserting in a single operative paragraph "claims under British Virgin Islands, New York, Delaware, and other applicable law, including without limitation claims in the nature of preference, conversion, and other avoidance actions, arising from, on information and belief, a purported foreclosure by the Debtors on collateral securing an approximately $120 million purported loan that [3AC] owed to the Debtors as of June 1, 2022." (Proofs of Claim Attachment ¶ 6.) No other detail is provided.

7.	The Proofs of Claim bemoan that the 3AC Liquidators' investigation was limited by 3AC's "historically meager record-keeping" and "further exacerbated by the Three Arrows founders' . . . refusal to meaningfully engage or cooperate with the Joint Liquidators in

their investigative efforts." (*Id.* ¶ 5.) The Proofs of Claim purport to reserve all rights, including to assert additional claims. (*Id.* ¶ 10.)

8. On October 27, 2023, 3AC served certain informal diligence requests directed to the Debtors (the "<u>Informal RFPs</u>"). Over the course of the next few months, the Debtors voluntarily conducted reasonable searches in their custodial materials, reviewed for responsiveness to the Informal RFPs, and made four productions to 3AC consisting of 13,663 pages of materials. These materials include, in particular, (i) line of credit agreements entered into between the Debtors and 3AC, including drafts; (ii) emails, communications, and other materials pertaining to transactions between the Debtors and 3AC; and (iii) trading history of 3AC's customer accounts on the FTX.com exchange.

9. On February 5, 2024, the 3AC Liquidators, on behalf of 3AC, sent the Debtors a set of informal interrogatories related to the productions made by the Debtors in response to the Informal RFPs, which was further amended on March 8, 2024 (the "<u>Informal Interrogatories</u>"). At the request of the 3AC Liquidators, the Debtors arranged a meeting via videoconference on March 19, 2024 with counsel to the 3AC Liquidators, counsel to the Debtors, and the financial advisors to both parties. During that meeting, the Debtors' financial advisor provided detailed responses and explanations to representatives of the 3AC Liquidators with respect to the Informal Interrogatories. In the following weeks, the Debtors, through their financial advisor, provided additional explanation and responses to the 3AC Liquidators' representatives via email.

10. Following the last email exchange between the Debtors and the 3AC Liquidators with respect to the Informal Interrogatories on or around April 5, 2024, the Debtors did not receive any further inquiries, or requests for clarification or additional information.

Critically, the Debtors also did not receive any further update with respect to any theory giving rise to any articulable claims.

11. On the eve of the objection deadline to approval of the Debtors' Disclosure Statement, on June 3, 2024, the 3AC Liquidators sent new wide-ranging information requests. The 3AC Liquidators did not provide any explanation of what claims purportedly relating to the Proofs of Claims, if any, the 3AC Liquidators are investigating. On July 2, 2024—more than a year after the Non-Customer Claims Bar Date—the 3AC Liquidators sent the Debtors formal discovery requests making clear they intend to start from scratch exploring potential causes of action against the Debtors.[3]

## Jurisdiction

12. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought are section 502 of the Bankruptcy Code, and rules 3001 and 3007 of the Bankruptcy Rules. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[3] The Debtors reserve all rights, objections, and remedies with respect to any discovery purportedly served by the 3AC Liquidators.

**Relief Requested**

13. By this Objection, the Debtors seek entry of the proposed order (the "Order"), substantially in the form attached hereto as Exhibit A, disallowing and expunging the Proofs of Claim listed on Schedule 1 annexed thereto, in their entirety.

**Objection**

14. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for a claim asserted in a bankruptcy case under section 502(a) of the Bankruptcy Code is a shifting burden that rests on different parties at different times. *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). First, the claimant must allege facts sufficient to support its claim. *Id.* If the allegations in the filed claim meet this standard, "it is 'prima facie' valid." *Id.* But only a claim that "alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation" and is entitled to *prima facie* validity. *Id.*

15. Therefore, as a threshold matter, a claimant's failure to allege facts and to provide adequate support for a claim deprives the claim of *prima facie* validity. *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims). For that reason, "claims can be disallowed for failure to support the claim with sufficient evidence." *In re Mallinckrodt Plc*, 2022 WL 3545583, at *4 (D. Del. Aug. 18, 2022); *see also In re O'Brien*, 440 B.R. 654, 667-68 (Bankr. E.D. Pa. 2010) (finding that lack of *prima facie* evidence pursuant to Bankruptcy Rule 3001(f) and failure of claimant to provide additional evidence warranted disallowance of claim).

16. Importantly, "[t]he debtor . . . 'has no evidentiary burden to overcome' in objecting to a claim that is not *prima facie* valid." *In re Gilbreath*, 395 B.R. 356, 364 (Bankr. S.D.

Tex. 2008) (citing *eCast Settlement Corp.* v. *Teresa Tran* (*In re Tran*), 369 B.R. 312, 318 (Bankr. S.D. Tex. 2007)) (holding that debtors' objections alone are sufficient to shift the burden back to claimant when proof of claim had insufficient documentation). And section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am.* v. *Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

17. 3AC has failed to articulate any cognizable claims entitled to *prima facie* validity. Its one-sentence description of the 3AC Claims is so hopelessly bereft of detail and substantiation, and lacks any indicia of those claims' validity. 3AC did not indicate the alleged factual predicates, amount, priority, or character of the 3AC Claims. *See In re Falwell*, 434 B.R. 779, 785 (Bankr. W.D. Va. 2009) ("The documents, then, that are required to give a proof of claim prima facie validity are those that identify the claimant and the *amount* of the claim, and provide information sufficient to identify the basis for the claim (such as the account number.) A writing, if required, must support *the existence and amount* of the claim and, if applicable, the *priority or secured character of the claim*.") (emphasis added). Nor has 3AC made any effort to provide evidentiary support or any legal basis for its asserted claims. *In re Tribune Co.*, 2013 WL 1909617, at *3 (Bankr. D. Del., May 2, 2013) (disallowing and expunging claim when the claimant "has not articulated a discernible basis for a claim against the Debtors"). The total lack of factual bases and proper supporting documentation strips the 3AC Claims of any *prima facie* validity, and they should be disallowed and expunged.

18. The continuing inadequacy of the Proofs of Claim is especially glaring considering that the Debtors have, to date, voluntarily provided 3AC with thousands of pages of materials relevant to the prepetition relationship between the Debtors and 3AC. Months after

receiving these materials, the 3AC Liquidators cannot credibly argue they lack sufficient information to articulate an untimely claim against the Debtors if in fact one exists. Yet the 3AC Liquidators did just that by signaling with their July 2, 2024 discovery requests a wholesale new investigation into potential claims untethered to the Proofs of Claim.

19. As has been observed, "[t]he only explanation could be that certain creditors wish to continue their routine of executing and filing proofs of claim without objection and without any evidence—essentially, without having to do any work in a blatant effort to extract hold up value. This practice violates the Bankruptcy Rules and undermines the bedrock notion of the legal system that claimants bear the burden of proving their claims." *In re Gilbreath*, 395 B.R at 363 (finding proofs of claims not *prima facie* valid when the claimant failed to attach supporting documents or any summary of such documents). The time for asserting claims against the Debtors has long ago expired.

20. Broad reservation of rights language in a proof of claim is insufficient to preserve a claim based on new facts that were not asserted in the original proof of claim. *In re LATAM Airlines Grp. S.A.*, 2023 WL 3574203, at *10 (Bankr. S.D.N.Y. May 19, 2023). Courts are clear, "a creditor may not use the claims amendment process to circumvent the claims bar date." *In re SemCrude, L.P.*, 443 B.R. 472, 477 (Bankr. D. Del. 2011). "The decision to allow amendments to a proof of claim is within the discretion of the Bankruptcy Court" and "[a]n amendment to claim filed post bar date must be scrutinized to assure that it is not an attempt to file a new claim." *In re Exide Techs.*, 601 B.R. 271, 291 (Bankr. D. Del. 2019). As a result, any attempt by the 3AC Liquidators in the future to amend the Proofs of Claim to assert cognizable claims against the Debtors would fail.

21. The 3AC Claims are so devoid of actual facts and evidentiary support that they do not and cannot articulate any coherent theory of liability. The 3AC Claims are therefore not entitled to *prima facie* validity, and should be disallowed and expunged in their entirety.

### Reservation of Rights

22. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to any claim on any grounds whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

### Notice

23. Notice of this Objection has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) the 3AC Liquidators; and (i) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Bankruptcy Rules. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

24.    For the foregoing reasons, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, disallowing and expunging the 3AC Claims in their entirety.

| | |
|---|---|
| Dated: July 8, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail:  landis@lrclaw.com<br>           mcguire@lrclaw.com<br>           brown@lrclaw.com<br>           pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>Benjamin S. Beller (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail:  dietdericha@sullcrom.com<br>           bromleyj@sullcrom.com<br>           gluecksteinb@sullcrom.com<br>           kranzleya@sullcrom.com<br>           bellerb@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |