**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
|                     Debtors. | (Jointly Administered) |
| | **Hearing Date:  September 12, 2024 at 1:00 p.m. ET**<br>**Obj. Deadline:  August 12, 2024 at 4:00 p.m. ET** |

## DEBTORS' OBJECTION TO PROOF OF CLAIM FILED BY SC30, INC.

> **THIS OBJECTION OBJECTS TO A CLAIM.  THE CLAIMANT RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE.**

FTX Trading Ltd. ("FTX Trading"), Blockfolio, Inc. ("Blockfolio"), and their affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") hereby submit this objection (the "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to proof of claim number 5157 (the "Claim") filed by SC30, Inc. ("SC30").  In connection with this Objection, the Debtors submit the concurrently filed *Declaration of Steven P. Coverick* (the "Coverick Decl.") and the exhibits attached thereto.  The Debtors seek to disallow and expunge in its entirety, or in the alternative reduce the allowed amount of, the Claim.  In support of the Objection, the Debtors respectfully state as follows:

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

## Background

1.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3.      On May 19, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1519] (the "Non-Customer Bar Date Order"). The Non-Customer Bar Date Order established, among other things, the deadline of June 30, 2023 to file non-Customer Claims[2] against the Debtors.

---

[2]    "Customer Claims" means a claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state law, rule or regulation, common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy

4.      To date, approximately 3,430 non-customer proofs of claim have been filed against the Debtors, asserting more than $483 billion.

5.      On June 26, 2023, SC30 filed the Claim against Blockfolio in the amount of $7,000,000, plus certain costs under alleged indemnification obligations, arising from a partnership and endorsement services agreement (the "<u>Agreement</u>") between SC30 and Blockfolio, dated August 11, 2021.  Coverick Decl. Ex. 1.

## **<u>Facts Specific to Relief Requested</u>**

6.      SC30 is "the off-court presence of four-time NBA Champion and two-time MVP, Stephen Curry, which prioritizes endeavors spanning brand partnerships, media, investments and philanthropy."  Coverick Decl. Ex. 2.  SC30 states that it seeks to partner with, and invest in, organizations that will bring strong financial returns and amplify Curry's brand. *See* Coverick Decl. Ex. 3.

7.      On August 11, 2021, Blockfolio and SC30 executed their Agreement pursuant to which Blockfolio agreed to pay SC30 sponsorship fees of $12,000,000 (the "<u>Sponsorship Fees</u>") to SC30 as follows:  $4,000,000 upon execution of the Agreement, $1,000,000 one year after the execution of the Agreement, and $1,000,000 every three months thereafter until all sponsorship fees are paid.  Agreement § 5(A).  In return, Curry would contribute each year a maximum of twenty "service hours," for which Curry could be asked to, among other things, participate in personal and virtual appearances, photo shoots for the purpose of creating

---

Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

advertising materials, and provide autographs, limited to a maximum of fifty autographed items each year.  Agreement § 4.

8.      Under section 5(B) of the Agreement, Blockfolio also agreed to a separate cryptocurrency compensation whereby Blockfolio would deposit into Curry's FTX.com exchange account $500,000 per year in cryptocurrencies of Curry's choosing.  Instead of making a payment in cryptocurrency, Blockfolio also could make a payment equal to the cryptocurrency compensation in cash.  Agreement § 5(B).

9.      Prepetition, Blockfolio paid a total of $6 million in Sponsorship Fees and cryptocurrency compensation under the Agreement.  On September 14, 2021, Blockfolio received an invoice for the first $4,000,000 payment, and Blockfolio paid SC30 the invoiced $4,000,000 on September 30, 2021.  On July 18, 2022, Blockfolio received an invoice for the second $1,000,000 payment, which Blockfolio paid to SC30 on July 19, 2022.   Under the cryptocurrency compensation portion of the Agreement, Blockfolio paid Curry a total of $1 million.  On August 27, 2021, Debtor West Realm Shires Services Inc., on behalf of Blockfolio, paid Curry $500,000 in cash.  On August 9, 2022, Blockfolio paid Curry the following cryptocurrencies:  12.93 BTC, 58.82 ETH, and 2,470 SOL, which amounted to $500,000.

10.      On December 30, 2022, the Debtors filed *Debtors' First Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Effective as of the Rejection Date* [D.I. 333] (the "Rejection Motion").  The Rejection Motion sought, among other things, rejection of the Agreement effective as of December 30, 2022 (the "Rejection Date").  On January 26, 2023, the Court approved the Rejection Motion and authorized the rejection of the Agreement effective as of the Rejection Date [D.I. 585].

11.     Following the Debtors' rejection of the Agreement, SC30, which was rebranded as "Thirty Ink," announced that it was entering into a new "lifetime deal" with Under Armour, a developer, marketer, and distributor of athletic apparel, worth more than $1 billion. Coverick Decl. Exs. 4, 5, 6.  Under the partnership deal, Under Armour would award stocks and an annual compensation that, taken together, could exceed Curry's earnings from his NBA contracts.  Coverick Decl. Ex. 4.  ESPN described SC30's deal with Under Armour as likely "one of the richest-ever endorsement deals in sports."  Coverick Decl. Ex. 7.

12.     On June 26, 2023, SC30 filed its Claim against Blockfolio seeking $7 million in unpaid Sponsorship Fees and other costs under the Agreement.

## Jurisdiction and Venue

13.     The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory basis for the relief sought are section 502 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007.  Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Objection if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Basis for Relief

14.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless

a party in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court,

after notice and hearing, shall determine the allowed amount of the claim.  11 U.S.C. § 502(b).

Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be

allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law."  11 U.S.C. § 502(b).

15.    While a properly filed proof of claim is *prima facie* evidence of the claim's

allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity,

the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See

In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("Initially, the claimant must allege

facts sufficient to support the claim.  If the averments in his filed claim meet this standard of

sufficiency, it is 'prima facie' valid.").  The burden of persuasion with respect to the claim is

always on the claimant, *see id.* at 174, and the failure to allege facts and to provide adequate support

for a claim eliminates the claim's *prima facie* validity.  *See, e.g., In re Jorczak*, 314 B.R. 474, 481–

82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with

respect to the allowance of claims).

16.    SC30 seeks a total of $7,000,000 from the Debtors pursuant to the

Agreement.  For the following reasons and others that will be demonstrated following discovery

and a hearing, the Court should disallow and expunge the Claim in its entirety or, in the alternative,

reduce the allowed amount of the Claim.

I.    **The Claim Should Be Disallowed Because the Claim Is Not Entitled to *Prima
      Facie* Validity.**

17.    A claimant carries the initial burden of alleging facts sufficient to support

the legal liability asserted in its proof of claim.  Fed. R. Bankr. P. 3001(f).  "[C]laims can be

disallowed for failure to support the claim with sufficient evidence."  *In re Mallinckrodt Plc*, 2022

WL 3545583, at *4 (D. Del. Aug. 18, 2022).  SC30's Claim falls short of the requirements of

Bankruptcy Rule 3001(f).

18.     Under California law, "[a] party alleging breach of contract must establish

the existence of a contract, *his or her own performance*, the other party's breach, and damages

suffered by the complaining party."  *Sonic Mfg. Techs., Inc.* v. *AAE Sys., Inc.*, 196 Cal. App. 4th

456, 464 (2011) (emphasis added); *see also Sanmina-Sci Corp.* v. *Pace USA, LLC*, 2022 WL

3643389, at *3 (Cal. Ct. App. Aug. 24, 2022) ("Contract remedies . . . are intended to put the

nonbreaching party in a position as good as if the other party had performed—but not a better

position.").  It is the "plaintiff's burden to prove each element of its cause of action."  *Sonic*, 196

Cal. App. 4th at 464.  Therefore, a plaintiff alleging a breach of contract, as a threshold matter,

"must demonstrate . . . [its own] performance or excuse for nonperformance."  *Amelco Elec.* v.

*City of Thousand Oaks*, 27 Cal. 4th 228, 243 (2002).  This is because a plaintiff's own material

breach of a contract otherwise excuses the performance of the other contract party.  *Butler Am.,*

*LLC* v. *Aviation Assurance Co., LLC*, 55 Cal. App. 5th 136, 142 (2020) (noting that a promisor's

failure to render its own performance "releases promisee from performance and justifies promisee

in abandoning the contract").

19.     SC30 did not allege any facts in its Claim demonstrating either its own

performance or excuse for nonperformance under the Agreement.  Therefore, SC30 does not state

a viable claim for breach of contract under California law.  *Kossler* v. *Palm Springs Devs., Ltd.*,

101 Cal. App. 3d 88, 99 (Ct. App. 1980) (finding that contract party "could not be found to be in

breach of contract unless [the other party] first performed or offered to perform.");  *Cutlip* v.

*Deutsche Bank Nat'l Tr. Co.*, 2014 WL 5038069, at *4 (Cal. Ct. App. Oct. 9, 2014) (affirming the

lower court's dismissal of plaintiff's claim for breach of contract because plaintiff failed to allege

his own performance under the contract).  Accordingly, SC30 has not carried its burden of alleging facts sufficient to support legal liability under its claim for breach of contract as required by Bankruptcy Rule 3001(f).

20.     Further, to the extent SC30 failed to perform its obligations under the Agreement, SC30 may be liable for unreturned fraudulent transfers under section 548(a)(1)(B) of the Bankruptcy Code.  If so, then, pursuant to section 502(d) of the Bankruptcy Code, the Claim should be disallowed until SC30 returns the fraudulent transfers to the Debtors.

21.     Because SC30 failed to carry its initial burden of alleging facts sufficient to support the legal liability asserted in its Claim, the Claim cannot be granted the presumption of *prima facie* validity pursuant to Bankruptcy Rule 3001(f).  Accordingly, the Claim should be disallowed and expunged in its entirety.

**II.     Under California Law, the Debtors Are Not Liable to SC30 for Avoidable Damages.**

22.     The Agreement provides that it is to be governed by, and construed in accordance with, the laws of California.  Agreement §14.  Under Delaware choice of law provisions, California law governs.  *Coface Collections N. Am. Inc.* v. *Newton*, 430 F. App'x 162, 166 (3d Cir. 2011) ("[I]it is only in rare circumstances that Delaware courts do not honor the choice-of-law provisions agreed to by parties in a binding contract.").

23.     Under California law, SC30 has a duty to reasonably mitigate losses, and whether SC30 fulfilled its duty is a question of fact.  *Ortiz* v. *Bank of Am. Nat. Tr. & Sav. Ass'n*, 852 F.2d 383, 387 (9th Cir. 1987); *Sackett* v. *Spindler*, 248 Cal. App. 2d 220, 238, 56 Cal. Rptr. 435, 447 (Ct. App. 1967) ("It is well established in California that a party injured by a breach of contract is required to do everything reasonably possible to minimize his own loss and thus reduce the damages for which the other party has become liable.").  Damages are not recoverable to the

extent that SC30 could have mitigated them through reasonable efforts.  *Agam* v. *Gavra*, 236 Cal. App. 4th 91, 111 (2015).

24.     As will be established more fully in discovery, the Debtors submit that SC30 has successfully mitigated all or a portion of its damages through SC30's entry into the unprecedented $1 billion partnership deal with Under Armour.  SC30 "cannot recover damages for detriment which he could have avoided by reasonable effort and without undue expense." *Sackett*, 248 Cal. App. 2d, at 238–39.  Any damages SC30 may have allegedly incurred would be mitigated through the reasonable efforts of SC30 and Stephen Curry.  Accordingly, SC30's Claim should be disallowed or expunged in its entirety or in the alternative, reduced to reflect SC30 and Curry's mitigation efforts.

## **Reservation of Rights**

25.     This Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the rights of the Debtors to object to any claim on any grounds whatsoever. The Debtors expressly reserve all further substantive or procedural objections.  Nothing contained herein is intended or should be construed as:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## Notice

26.    Notice of this Objection has been provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure and (i) counsel to SC30.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

For the foregoing reasons, the Court should enter the Order, substantially in the form attached hereto as Exhibit A, disallowing and expunging SC30's Claim, or in the alternative, reducing the allowed amount of the Claim.

Dated: July 10, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted pro hac vice)
James L. Bromley (admitted pro hac vice)
Brian D. Glueckstein (admitted pro hac vice)
Christopher J. Dunne (admitted pro hac vice)
Jacob M. Croke (admitted pro hac vice)
Alexa J. Kranzley (admitted pro hac vice)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*