June 27, 2024

The Honorable John T. Dorsey

United States Bankruptcy Court for the District of Delaware

824 N. Market Street, 5th Floor

Wilmington, Delaware 19801

Re:  In re FTX Trading Ltd., et al. (22-11068)

Appeal for Reconsideration of FTT Valuation.

Dear Judge Dorsey,

My name is Kihyuk Nam, and I am a customer deeply affected by the FTX bankruptcy. I have reviewed Docket 19069 "MEMORANDUM OPINION AND ORDER" concerning the adjustment in value for SRM coin, which has been adjusted upwards from its initial valuation. This decision, based on the recognition that completely disregarding market value is unjustifiable, gives hope that a similar reassessment can be made for FTT. Like SRM, FTT should not simply be valued at zero due to the bankruptcy situation.

### Market Dynamics and FTT Valuation

On November 6, 2022, Binance CEO Changpeng Zhao (CZ) announced via Twitter that Binance planned to sell all of its FTT holdings, causing a rapid decline in FTT's price. This announcement attracted short-term investors, significantly increasing FTT's trading volume. Despite a significant portion of the total issuance being owned by FTX, these holdings were not being traded on the exchange. Additionally, Binance did not actually sell its FTT holdings. Considering the active trading of a large amount of FTT in the market, FTT should be recognized for its value. High trading volumes indicate continuous market demand for the asset.

### Legal Classification and Public Awareness

Referencing Docket 5203 "Declaration of Sabrina T. Howell," it is stipulated that FTT is rendered worthless and marked at $0 due to its classification as akin to FTX's securities. This renders FTT claims null and void post-bankruptcy. While this may be legally sound, it raises questions about whether the general public was aware of this classification. Many investors, including myself, purchased FTT based on its utility within the FTX ecosystem, not as an equity investment. Thus, from a general user perspective, this decision is difficult to accept.

**Investment Intent and Customer Impact**

Most customers held small amounts of FTT primarily for fee discounts. Consequently, court documents often trivialize FTT holdings. However, some individuals, like myself, converted substantial assets into FTT on the day of the bankruptcy. At the time, FTT seemed like a viable investment option, being traded in the same manner as other coins like BTC, ETH on the same platform. Could I not have chosen BTC instead? Must I accept losing everything simply because of this choice? Shouldn't we be compensated for the value at the claim date?

**Equity and Fairness**

It is unjust for a minority of individuals to be disproportionately penalized. While others seek profits from cryptocurrency price increases, we hope to recover value to avoid a total loss. Currently, funds available for victims have significantly increased. With Class 5A dotcom customer claimants recording a recovery rate exceeding 140%, it is extremely unfair for FTT holders to receive no compensation solely because they purchased FTT. This severely undermines equity among victims.

**Request for Reconsideration**

Considering these points, I implore you to reconsider this policy for individuals in unfortunate situations like mine. Wouldn't it be fair to restore the value of FTT as of the bankruptcy date? Alternatively, if the policy cannot be changed, should there not be a different standard applied to those who invested all their assets in FTT just before the bankruptcy declaration?

I earnestly seek your attention on this matter. Thank you for your time and consideration.

Respectfully Submitted,

KIHYUK NAM

_____

_____