IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: September 12, 2024 at 1:00 p.m. ET<br>Obj. Deadline: August 12, 2024 at 4:00 p.m. ET |

**DEBTORS' OBJECTION TO PROOF OF CLAIM FILED BY
IPV FTX CO-INVEST**

> **THIS OBJECTION OBJECTS TO CERTAIN CLAIMS. THE CLAIMANT RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE.**

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") hereby submit this objection (the "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to proof of claim number 4354 (the "Claim") filed by IPV FTX Co-Invest, a series of Iron Pine Ventures Co-Invest Fund LLC ("IPV"). In connection with this Objection, the Debtors submit the concurrently filed *Declaration of Steven P. Coverick* (the "Coverick Decl.") and the exhibits attached thereto. The Debtors seek to disallow and expunge in its entirety proof of claim number 4354. In support of the Objection, the Debtors respectfully state as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**Background**

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3. On May 19, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1519] (the "Non-Customer Bar Date Order"). The Non-Customer Bar Date Order established, among other things, the deadline of June 30, 2023 to file non-Customer Claims[2] against the Debtors.

---

[2] "Customer Claims" means a claim (as defined in section 101(5) of the Bankruptcy Code) of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, or federal or state law, rule or regulation, common law or otherwise) held by any person (as defined in section 101(41) of the Bankruptcy

4. To date, approximately 3,403 non-customer proofs of claim have been filed against the Debtors, asserting more than $483 billion.

5. On June 29, 2023, IPV filed Claim 4354 against FTX Trading for $3,147,705.00.

**Facts Specific to Relief Requested**

6. IPV is an investment company incorporated in Delaware and registered with the Securities and Exchange Commission ("SEC").  Coverick Decl. Ex. 4.

7. On September 23, 2022, IPV, XN Exponent Master Fund LP ("XN") and FTX Trading executed a Stock Transfer Agreement (the "Agreement").  Under the Agreement, IPV purchased from XN 19,077 shares of FTX Trading Series B-1 Preferred Stock and 76,308 shares of FTX Trading Common Stock at $33.  Claim 4354 Attachment (the "Agreement") Schedule A.  FTX Trading did not sell any shares to IPV.  Rather, FTX Trading was a party to the Agreement solely to provide consents to the sale and waivers of transfer restrictions.  Agreement § 6.

8. Pursuant to the Agreement, IPV transferred to XN the total transaction price of $3,147,705.00.  Coverick Decl. Ex. 1.  Consideration was not provided to FTX Trading in connection with this transaction.

9. On September 23, 2022, FTX Trading Board reached a resolution approving the stock transfer from XN to IPV (the "Board Resolution").  Coverick Decl. Ex. 2.  The Board

---

Code) or entity (as defined in section 101(15) of the Bankruptcy Code) against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX exchange as of the Petition Date or (b) any other investment or trading activities on any FTX exchange.

Resolution was executed by Samuel Bankman-Fried and Nishad Singh as directors of FTX Trading. *Id.* at 1. A third signature line, for an Arthur G.B. Thomas, lacked a signature. *Id.*

10. Following the Agreement and the Board Resolution, FTX Trading canceled the original stock certificates issued to XN for the 76,308 Common Shares and 19,077 Series B-1 Preferred Shares. Coverick Decl. ¶ 7.

11. However, FTX Trading was unable to complete the issuance of new stock certificates to IPV prior to the Petition Date. Coverick Decl. Ex. 3 at 7.

12. On June 29, 2023, IPV filed Claim 4354 against FTX Trading for $3,147,705.00. The basis of the Claim is stated as "Series B Preferred Equity Shareholder."

## Jurisdiction and Venue

13. The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief sought are section 502 of the Bankruptcy Code and Bankruptcy Rule 3007. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Objection if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Basis for Relief

14. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless

a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b).

15. While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). The burden of persuasion with respect to the claim is always on the claimant, *see id*. at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity, *see, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

16. IPV's Claim seeks a total of $3,147,705.00. For the following reasons and others that will be demonstrated following discovery and a hearing, the Court should disallow and expunge in its entirety Claim 4354.

**I.    The Claim Should Be Disallowed Because IPV Is Not Entitled To A Cash Payment.**

17. The Claim seeks payment of the value of consideration IPV paid for the secondary market purchase of FTX Trading stock. However, the original consideration was not paid to FTX Trading, which never received any payments from IPV or XN in connection with the transaction. Rather, on September 22, 2022, IPV wired XN the $3,147,705.00 that it now appears

to seek from Debtors. FTX Trading then authorized and approved the issuance of stock to IPV, though it did not issue the stock prior to the Petition Date. Indeed, the Debtors' records show that the shares were transferred from XN to IPV. Coverick Decl. ¶ 7.

18. While IPV's stock purchase may be valid and effective, FTX Trading does not owe IPV any cash payment. IPV has not provided a valid basis for any claim for payments against FTX Trading.

**II.    The Claim At Best Is A Claim For Equity.**

19. The Claim is based on a valid agreement for the purchase of FTX Trading shares. FTX Trading approved a transfer of shares to IPV. However, IPV has yet to receive stock certificates.

20. Lacking a basis for seeking cash payments, the Claim at best is a claim for equity and should be treated as such.

21. Accordingly, the Claim should be disallowed in its entirety to the extent it seeks payment from Debtors and instead treated as an equity claim by a Common Stock and Series B Preferred Equity holder.

**Reservation of Rights**

22. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to any claim on any grounds whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) an approval or assumption of any agreement, contract or lease under section 365 of

the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## Notice

23. Notice of this Objection has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure; and (i) IPV. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

24. For the foregoing reasons, the Court should enter the Order, substantially in the form attached hereto as Exhibit A, disallowing and expunging IPV's Claim.

| | |
|---|---|
| Dated: July 10, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>            brown@lrclaw.com<br>            pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>            bromleyj@sullcrom.com<br>            gluecksteinb@sullcrom.com<br>            dunnec@sullcrom.com<br>            crokej@sullcrom.com<br>            kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |