## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  September 12, 2024 at 1:00 p.m. ET**<br>**Obj. Deadline:  August 12, 2024 at 4:00 p.m. ET** |

## DEBTORS' OBJECTION TO PROOFS OF CLAIM
## FILED BY ALEX MASHINSKY AND KRISSY MEEHAN

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN CLAIMS.**
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW**
> **THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1**
> **OF EXHIBIT A ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A**
> **RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS**
> **SET FORTH HEREIN.**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") hereby submit this claims objection (the "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the proofs of claim filed by Alex Mashinsky ("Mashinsky"), on behalf of himself and certain entities he

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd. is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

controls, and by Krissy Meehan ("Meehan")[2], for an entity also controlled by Alex Mashinsky, against certain of the Debtors (collectively, the "Mashinksy Proofs of Claim" and the claims asserted therein, the "Mashinsky Claims").[3]  In support hereof, the Debtors respectfully state as follows:

**Preliminary Statement**

1.      Mashinsky is the disgraced former chief executive officer of bankrupt cryptocurrency company Celsius,[4] currently facing federal criminal prosecution for his role in defrauding Celsius' customers and other victims out of billions of dollars.  The U.S. Government has charged Mashinsky with committing securities, commodities, and wire fraud, which led to the collapse of Celsius and its native CEL token.

2.      The U.S. Department of Justice alleges, among other things, that Mashinsky and others "orchestrated a yearslong scheme to mislead customers and market participants regarding the market value and interest in CEL such that Celsius's assets would appear more valuable than they were so that MASHINSKY. . . [was] able to sell CEL at inflated prices."[5]  The administrator of the Celsius bankruptcy estate has stated that "Celsius was a fraudulent mess."[6]  Yet Mashinsky, who is most responsible for Celsius's downfall, shamelessly seeks to

---

[2]   The Debtors understand that Ms. Meehan is Mr. Mashinsky's wife.

[3]   Schedule 1 attached to the proposed order attached hereto as Exhibit A provides a list of the Mashinsky Proofs of Claim.

[4]   Celsius Network LLC and its affiliated Debtors ("Celsius") filed Chapter 11 cases on July 13, 2022 in the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Celsius Chapter 11 Cases").

[5]   Indictment ¶ 6, *United States of America v. Alexander Mashinsky and Roni Cohen-Pavon*, No. 1:23-cr-00347 (S.D.N.Y. filed July 11, 2023) ("Mashinsky Indictment").

[6]   D.I. 1 at ¶ 1,, *Meghji* v. *Wolfgang*, Adv. Proc. No. 24-02091 (Bankr. S.D.N.Y).

divert **more than $2 billion** from the Debtors' customers and other creditors to himself.  Mashinsky is entitled to nothing from the Debtors.

3.      Mashinsky filed proofs of claims in his own name against the Debtors in the amount of $2.15 billion and substantially identical claims in the names of two entities he owns and controls.  In addition, Meehan has asserted claims substantially identical to those asserted by Mashinsky in the name of a third entity controlled by Mashinsky.[7]

4.      None of the proofs of claim other than the claims filed by Mashinsky in June 2023 in his own name were timely filed.  More fundamentally, none of the claims asserts any valid factual or legal basis for any claim.  And while the Mashinsky Proofs of Claim do not actually articulate any claims or addressable harm, any damage suffered by Mashinsky or by any entity he owns or controls is due to Mashinsky's own fraudulent conduct,[8] and therefore the Mashinsky Claims are barred by the unclean hands doctrine.  Accordingly, the Mashinsky Claims should be disallowed and expunged.

### **Background**

5.      On November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in- possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December

---

[7]     Because the factual and legal basis for the Mashinsky Claims is unclear from the Mashinsky Proofs of Claim, the Debtors are unable to conclusively determine how many of the Mashinsky Claims are duplicative of other Mashinsky Claims.  The Debtors reserve all rights, arguments and defenses with respect to any duplicative Mashinsky Claims.

[8]     Mashinsky Indictment ¶ 1 ("From at least in or about 2018 through in or about June 2022, ALEXANDER MASHINSKY, the defendant, orchestrated a scheme to defraud customers of Celsius Network LLC and its related entities . . . .").

15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee")

appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section

1102 of the Bankruptcy Code [D.I. 231].

      6.     Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental*

*Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental*

*Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

      7.     On May 3, 2023, the Debtors filed the *Motion of Debtors for Entry of an*

*Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim*

*and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II)*

*Granting Related Relief* [D.I. 1416].  On May 19, 2023, the Court entered an order (the "Non-

Customer Claims Bar Date Order"),[9] setting a non-customer claims bar date of June 30, 2023 (the

"Non-Customer Claims Bar Date") and establishing certain procedures.

### Facts Specific to the Objection

      8.     On June 25, 2023, prior to the Non-Customer Claims Bar Date, Mashinsky

filed three identical proofs of claim in his own name against each of Alameda Research Ltd.,

Alameda Research LLC, and FTX Trading Ltd. in the amount of $2.15 billion (the "June Individual

POCs").[10]  The June Individual POCs state the basis of the claim as "Fraud, Conspiracy to commit

---

[9]    *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest And (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1519].

[10]   Claim Nos. 2314, 3195 and 3233, respectively.

fraud, market manipulation, bribery, securities fraud, money laundering" but do not provide any other information or detail about the asserted claims.  The only documentary support attached to the June Individual POCs' proof of claim form is a document named "FTX CEL naked short positions 2022 May 3 – July (1).pdf" that is entirely unverified, lacks any evidence of authentication or identification of its source, and includes unintelligible data with references to CEL, Celsius's proprietary crypto token (the "Mashinsky Attachment").  The June Individual POCs lack any factual or legal basis of any claim against any of the Debtors, and are in any event barred by the unclean hands doctrine.

9.       Three months later (and three months after the Non-Customer Claims Bar Date), on September 29, 2023, Mashinsky filed four more proofs of claim: two in the name of Koala1 LLC (one against each of Alameda Research LLC and FTX Trading Ltd.) and two in the name of AM Ventures Holdings Inc. (again, one against each of Alameda Research LLC and FTX Trading Ltd.) (the "September A. Mashinsky Corporate POCs").[11]  The September A. Mashinsky Corporate POCs filed against Alameda Research LLC states the basis of the claim as "Fraud, market manipulation, conspiracy, contract interferance [*sic*]."  The September A. Mashinsky Corporate POC filed by Koala1 LLC against FTX Trading Ltd. state the basis of the claim as "Fraud, market manipulation, contract interferance [*sic*]," and the September A. Mashinsky Corporate POC filed by AM Ventures Holdings Inc. against FTX Trading Ltd. states the basis for the claim as "Fraud, market manipulation, naked shorting, torcherus [*sic*] interferance [*sic*], conspiracy to comit [*sic*] crimes."  The September A. Mashinsky Corporate POCs do not include any other information or detail about the asserted claims, and the only documentary support

---

[11]   Claim Nos. 35255 and 85256 on behalf of Koala1 LLC and Claim Nos. 85257 and 85258 on behalf of AM Ventures Holdings Inc..

attached to the proof of claim forms is the Mashinsky Attachment (the same document attached to the June Individual POCs). The September A. Mashinsky Corporate POCs were filed months after the Non-Customer Claims Bar Date and are therefore time barred, lack any factual or legal basis, and are barred by the unclean hands doctrine.

10.     Also on September 29, 2023, Ms. Meehan filed two proofs of claim in the name of Koala2 LLC (another entity controlled by Mashinsky),[12] one each against FTX Trading Ltd. and Alameda Research LLC (the "September K. Mashinsky Corporate POCs",[13] and together with the June Individual POCs and September A. Mashinsky Corporate POCs, the "Initial POCs") which state the basis of the claim as, respectively, "fraud, market manipulation, conspiracy" and "Fraud, market manipulation, contract interferance [sic] gross negligence." The September K. Mashinsky Corporate POCs do not include any other information or detail about the asserted claims, and the only documentary support attached to the proof of claim forms is the Mashinsky Attachment (the same attachment to the June Individual POCs and the September A. Mashinsky Corporate POCs). The September K. Mashinsky Corporate POCs were filed months after the Non-Customer Claims Bar Date and are therefore time barred, lack any factual or legal basis, and are barred by the unclean hands doctrine.

11.     Then, on November 6, 2023—more than four months after the Non-Customer Claims Bar Date—Mashinsky filed three additional proofs of claim in his own name purporting to amend the June Individual POCs filed against FTX Trading Ltd. and Alameda Research LLC (the "November Individual POCs").[14] The November Individual POCs do not

---

[12]   *Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* filed in Celsius Chapter 11 Cases, D.I. 973.

[13]   Claims Nos. 85249 and 85248, respectively.

[14]   Mashinsky filed two November Individual POCs against Alameda Research LLC (Claim Nos. 88338 and 88341) but did not file any November Individual POC against Alameda Research Ltd. One of the November Individual

provide any new information with respect to the basis for the claim in the proof of claim form, but replace the Mashinsky Attachment with a rider (which appears to have been prepared by counsel to Mashinsky). The new rider to the November Individual POCs asserts entirely new claims against the Debtors "in an amount not less than $2,150,000,000" for the diminution of value of Mashinsky's equity interests in Celsius and his holdings of CEL, which Mashinsky alleges was caused by (i) the Debtors' receipt of "unauthorized" information from former officers of Celsius, which allowed the Debtors to "force the liquidation of Celsius's positions (specifically stETH and WBTC at well below market prices) and attack CEL Token to create fear and mass withdrawals," and (ii) "FTX Debtor's false and fraudulent creation and sale of CEL Token."[15] The November Individual POCs do not include any factual or legal detail specific to the November Individual POCs underlying these assertions.[16] The November Individual POCs are invalid amendments to the June Individual POCs and, standing on their own, are barred by the Non-Customer Claims Bar Date. In addition, the November Individual POCs lack any factual or legal basis, and are barred by the unclean hands doctrine.

---

POCs, Claim Number 88341, was filed against Alameda Research LLC, but purports to amend the June Individual POC filed against Alameda Research Ltd. The Debtors reserve all rights, arguments, and defenses with respect to the effectiveness of the purported amendment by Claim No. 88341.

[15] In support of this allegation, Mashinsky references a *pro se* objection filed in the Celsius Chapter 11 Cases objecting to the settlement of disputes relating to the valuation of CEL in the Celsius Chapter 11 Cases. *Otis Davis' Limited Objection to the Debtors' Entry for an Order (I) Approving the Settlement of CEL Token at $0.25 for the Purpose of Confirming the Debtors' Plan of Reorganization (II) Granting Related Relief* [Celsius Chapter 11 Cases, D.I. 3532] (the "Davis Objection"). Exactly how the Davis Objection supports Mashinsky's claims is unclear, and the Debtors reserve all rights with respect to the allegations and claims in the Davis Objection.

[16] In the November Individual POCs, Mashinsky purports to incorporate by reference claims filed against the Debtors by Celsius in order "to demonstrate the further bad acts committed by the FTX Debtors and their representatives which resulted in the loss of value of CEL Token and the Celsius Debtors." As discussed in the *Debtors' Objection to Proofs of Claim Filed by Celsius Network LLC and Its Affiliated Debtors* [D.I. 19795] (the "Celsius Claim Objection"), the Celsius Claims lack legal and factual support and are entirely without merit. The Debtors incorporate the Celsius Claim Objection by reference herein.

12.     Finally, on December 13, 2023, Mashinsky filed four additional proofs of claim, two in the name of Koala1 LLC, and two in the name of AM Ventures Holdings Inc., purporting to amend the four late-filed September A. Mashinsky Corporate POCs (the "December A. Mashinsky Corporate POCs,"[17] together with the September A. Mashinsky Corporate POCs and the September K. Mashinsky Corporate POCs, the "Mashinsky Corporate POCs", and together with the November Individual POCs, the "Purported Amendments").   The December A. Mashinsky Corporate POCs do not provide any new information with respect to the basis for the claims in the proof of claim form, but, like the November Individual POCs, replace the Mashinsky Attachment with a substantively identical rider attached to the November Individual POCs, prepared by the same counsel.[18]   The December A. Mashinsky POCs are invalid amendments to the September A. Mashinsky Corporate POCs (which themselves were late filed and are barred by the Non-Customer Claims Bar Date) and, standing on their own, are barred by the Non-Customer Claims Bar Date.   In addition, the December A. Mashinsky Corporate POCs lack any factual or legal basis, and are barred by the unclean hands doctrine.

### Jurisdiction

13.     The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief sought are section 502 of the Bankruptcy

---

[17]   Claim Nos. 89697, 89698, 89689 and 89699, respectively.

[18]   Each of the December A. Mashinsky Corporate POCs filed by AM Ventures Holdings Inc. asserts a claim "in an amount not less than 7.5 million CEL Token."  Each December A. Mashinsky Corporate POCs filed by Koala1 LLC asserts a claim "in an amount not less than 41 million CEL Token."

Code, and rules 3001 and 3007 of the Bankruptcy Rules.  Pursuant to rule 9013-1(f) of the Local Rules, the Debtors confirm their consent to entry of a final order by the Court in connection with this Objection if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

14.     By this Objection, the Debtors seek entry of the proposed order (the "Order"), substantially in the form attached hereto as Exhibit A, disallowing and expunging the Proofs of Claim listed on Schedule 1, annexed thereto, in their entirety.

**Objection**

15.     Each of the Mashinsky Claims fails for multiple reasons.  *First*, all of the Mashinsky Claims other than the June Individual POCs were filed after the Non-Customer Claims Bar Date and are barred by the Non-Customer Claims Bar Date Order, including the November Individual POCs which are invalid amendments to the June Individual POCs.  *Second*, the Mashinsky Claims fail to articulate or allege facts sufficient to support any theory of legal liability, are vague and speculative, and therefore are not entitled to *prima facie* validity as a matter of law. *Third*, even if any of the Mashinsky Claims are not time-barred and are facially valid, they should still be disallowed under the unclean hands doctrine due to Mashinsky's fraudulent conduct that caused the collapse of Celsius and any damage that could be asserted in the Mashinsky Claims. The Mashinsky Claims therefore should be disallowed and expunged.

**A.     The Mashinsky Corporate POCs Were Filed After the Non-Customer Claims Bar Date and Are Time Barred.**

16.     The Non-Customer Claims Bar Date Order established June 30, 2023 as the deadline for filing non-customer proofs of claims, and provided that any person or entity asserting a "Non-Customer Claim" that failed to timely file a proof of claim by the deadline would

be "forever barred, estopped and enjoined from…asserting the applicable Non-Customer Claim against…the Debtors or their estates or property in these Chapter 11 Cases . . . ."[19]  Each of the Mashinsky Corporate POCs were filed between three and six months after the Non-Customer Claims Bar Date, and do not purport to amend any timely filed proofs of claim.[20]  Accordingly, each Mashinsky Corporate POC should be disallowed as late filed pursuant to the Non-Customer Claims Bar Date Order.

17.    Pursuant to Rule 9006(b)(1) of the Bankruptcy Rules, a creditor may be excused from filing a claim after the applicable bar date only where the failure to timely file was the result of "excusable neglect."  In evaluating whether there is excusable neglect, courts weigh the following factors: (1) prejudice to the debtor, (2) the length of the delay and its potential effect on judicial proceedings, (3) the reason for the delay, including whether it was in the movant's control, and (4) the movant's good faith.  *See Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *In re Mallinckrodt Plc*, 2022 WL 3545583, at *3 (D. Del. Aug. 18, 2022).  Courts take a "hard line" when applying the *Pioneer* test and have placed the emphasis in their analysis on the "reason" for the delay.  *In re Energy Future Holdings Corp.*, 619 B.R. 99, 110 (Bankr. D. Del. 2020) (quoting *In re Nortel Networks Inc.*, 573 B.R. 522, 527 (Bankr. D. Del. 2017)).  Furthermore, "[t]he burden of proving excusable neglect lies with the late-claimant." *Jones* v. *Chemetron Corp.*, 212 F.3d 199, 205 (3d Cir. 2000).

18.    Here, the Mashinsky Corporate POCs clearly fail the *Pioneer* test.  The Debtors are at significant risk of undue prejudice if the court were to suddenly "open[] the

---

[19]    Non-Customer Claims Bar Date Order ¶13.

[20]    As described above, the December A. Mashinsky Corporate POCs purport to amend the September A. Mashinsky Corporate POCs, which themselves were late filed and are time barred.

floodgates" to similar late-filed claims. *See In re Enron Corp.*, 419 F.3d 115, 132-34 (2d Cir. 2005) (finding that "floodgate" concerns may contribute to undue prejudice where the relevant claim "was sufficiently large and insufficiently distinguishable from other [claims.]").  While largely unintelligible, the Mashinsky Claims appear to seek recompense for losses incurred in the cryptocurrency market, which are generic claims that any participant in the cryptocurrency market could assert.  In addition, the delay in filing these claims was significant (between three and six months) and entirely in the claimant's control, especially when Mashinsky timely filed the June Individual POCs, which are substantively identical to the Mashinsky Corporate POCs.  Finally, the serial filing of the same unsupported claims under different names is also indicative of bad faith.  Accordingly, there is no basis to find "excusable neglect" in these circumstances, and the Mashinsky Corporate POCs should be disallowed.[21]

**B.    The November Individual POCs Are Invalid Amendments to the June Individual POCs And Are Time Barred.**

19.    Courts will bar a proof of claim filed after the bar date even if it purports to amend a timely filed proof of claim if it is instead a new claim under the "guise of amendment." *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985) (courts apply "careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment"); *Mallinckrodt*, 2022 WL 3545583, at *2 ("[O]nce the bar date passes, amendments to claims are closely reviewed to ensure they are not attempts to file a new claim.").

20.    In order for a post-bar-date proof of claim to constitute a valid amendment it must either: "(1) correct[] a defect of form in the original claim; (2) describe[] the original claim

---

[21]    Even if the Mashinsky Corporate POCs are not disallowed on the grounds that they are time-barred, they should be disallowed as applicable for the reasons stated with respect to the June Individual POCs and November Individual POCs in Section C below.

with greater particularity; or (3) plead[] a new theory of recovery on the facts set forth in the original claim." *In re FLYi, Inc.*, 2008 WL 170555, at *3 (Bankr. D. Del. Jan. 16, 2008) (quoting *In re McLean Indus., Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)).  "The focus of this test . . . is whether the initial claim provided the trustee or debtor-in-possession with reasonable notice of the later claim." *McLean*, 121 B.R. at 708.  Importantly, however, where a creditor has "alleged no facts whatsoever in their timely claims, it is impossible for them to amend…" *In re Peregrine Fin. Grp., Inc.*, 2015 WL 2237201, at *8 (Bankr. N.D. Ill. May 13, 2015).

21.     The November Individual POCs, filed nearly 4 months after the Non-Customer Claims Bar Date as purported amendments to the June Individual POCs, are clearly an attempt to assert new claims "under the guise of amendment." *In re Unioil, Inc.*, 962 F.2d 988, 992 (10th Cir. 1992).  The proof of claim forms for the June Individual POCs alleged no facts whatsoever and unequivocally failed to put the Debtors on notice of *any* claim, nonetheless the purported claims suggested in the November Individual POCs.  As a result, it was impossible for Mashinsky to amend the June Individual POCs.  The November Individual POCs are therefore impermissible post-bar-date attempts to file new claims and not valid amendments to any timely filed claims.  They are therefore barred by the Non-Customer Claims Bar Date for the reasons stated above with respect to the other Mashinsky Corporate POCs.

22.     Nevertheless, even if the November Individual POCs are instead deemed to be late-filed amendments to the June Individual POCs, they should still be disallowed.  In order to file post-bar-date amendments, Mashinsky was required to seek leave to amend the June Individual POCs pursuant to rule 7015 of the Bankruptcy Rules, which he did not do.  And *arguendo* even if he had, it is within this Court's discretion whether to allow a late-filed

amendment, and here Mashinsky's attempt to amend the June Individual POCs should not be permitted. *Enron,* 419 F.3d at 133 (citing *In re Trans World Airlines, Inc.*, 145 F.3d 124, 141 (3d Cir. 1998)).

23.     Courts consider multiple factors in determining whether to allow a late-filed amendment, including whether (i) the debtor or other creditors would be unduly prejudiced by the amendment, (ii) other creditors would "receive a windfall" from the disallowance of the amendment, and (iii) the late claimant acted in good faith and the delay was justified. *Id.; McLean*, 121 B.R. at 708.  Of these, however, "[t]he critical consideration is whether the opposing party will be unduly prejudiced by the amendment." *In re Integrated Res., Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993).  Here, as discussed above under the *Pioneer* test, the prejudice to the Debtors and their stakeholders strongly militates against allowing the November Individual POCs as late-filed amendments. *See, e.g. In re Kmart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004) ("[I]f the bankruptcy court allowed all late-filed claims of nearly a million dollars where a simple 'innocent mistake' . . . was to blame for the tardiness of the proof of claim, we think Kmart could easily find itself faced with a mountain of such claims."); *In re Keene Corp.*, 188 B.R. 903, 913 (Bankr. S.D.N.Y. 1995) ("We would be hard-pressed to distinguish [the late-filing creditor's] situation from any other similar creditor who ignored the Bar Date Notice, and to allow one may invite similar litigation from others. In such a case, the legal fees the estate would potentially expend in litigating these matters supports a finding of prejudice.").

24.     The Debtors are faced with the same risk of prejudice as in *Kmart* and *Keene*.  Any exception for the Mashinsky Claims would risk inundating the Debtors with a potentially vast number of so-called "amendments" from the Debtors' enormous roster of existing creditors.  In addition, Mashinsky has no excuse for filing the November Individual POCs late—

he had actual notice of the Non-Customer Claims Bar Date as evidenced by his timely filing of the June Individual POCs.  Nor do the November Individual POCs allege any new facts or information that would have made it impossible for him to assert these claims prior to the Non-Customer Claims Bar Date.  Therefore, even if the November Individual POCs constituted valid amendments (which they do not), they should still be disallowed as improper late-filed amendments.

> **C.** **The Mashinsky Claims Should be Disallowed Because They Are Facially Invalid and Are Subject to the *In Pari Delicto* Doctrine.**
>
> > i. *The Mashinsky Proofs of Claim Should be Disallowed Because They Are Facially Invalid.*

25.     Even if they are not otherwise disallowed for the above reasons, the Mashinsky Proofs of Claim should be disallowed because they are facially invalid.  Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  The burden of proof for a claim asserted in a bankruptcy case under section 502(a) of the Bankruptcy Code is a shifting burden that rests on different parties at different times. *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).  First, the claimant must allege facts sufficient to support its claim.  *Id.*  If the allegations in the filed claim meet this standard, "it is 'prima facie' valid." *Id.*  But only a claim that "alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation" and is entitled to *prima facie* validity.  *Id.*

26.     Therefore, while a properly filed proof of claim is *prima facie* evidence of the claim's validity and amount, as a threshold matter, a claimant's failure to allege facts and to provide adequate support for a claim deprives the claim of *prima facie* validity.  *See, e.g., In re Jorczak*, 314 B.R. 474, 481–82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).  For that reason, "claims can be disallowed for failure to support the claim with sufficient evidence." *Mallinckrodt*, 2022 WL

3545583, at *4; *see also In re O'Brien*, 440 B.R. 654, 667-68 (Bankr. E.D. Pa. 2010) (finding that lack of *prima facie* evidence pursuant to Bankruptcy Rule 3001(f) and failure of claimant to provide additional evidence warranted disallowance of claim).

27.    Importantly, "[t]he debtor . . . 'has no evidentiary burden to overcome' in objecting to a claim that is not *prima facie* valid."   *In re Gilbreath*, 395 B.R. 356, 364 (Bankr. S.D. Tex. 2008) (citing *eCast Settlement Corp.* v. *Teresa Tran* (*In re Tran*), 369 B.R. 312, 318 (Bankr. S.D. Tex. 2007)) (holding that debtors' objections alone are sufficient to shift the burden back to claimant when proof of claim had insufficient documentation).  And section 502(b)(1) "is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am.* v. *Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007).

28.    Mashinsky has failed to articulate any cognizable claims entitled to *prima facie* validity.  The Mashinsky Proofs of Claim are hopelessly bereft of detail and substantiation and fail to articulate any theory of liability by the Debtors.  Mashinsky has not identified in the Mashinsky Proofs of Claim any actions by the Debtors that could give rise to liability. Mashinsky does not identify any specific action taken by the Debtors or their representatives that could give rise to a valid legal claim.  Indeed, the Davis Objection, which Mashinsky relies on, argues that despite being a form of a "downward price manipulation", the purported "illegal naked shorts" executed by FTX were the cause of "upwards price action" prior to the commencement of the Celsius Chapter 11 Cases.[22]  The Mashinsky Claims fail to assert in the Mashinsky Proofs of Claim, nor does Mashinsky offer any evidence of, (i) what actions were actually taken, (ii) by

---

[22]    *See Memorandum Opinion Approving the CEL Token Settlement And Resolving Issue of Collateral Ownership in the Modified Joint Chapter 11 Plan of Celsius Network and its Debtor Affiliate* [Celsius Chapter 11 Cases, D.I. 3974], at 9.

whom, (iii) what the consequence of those actions was with respect to any relevant claimant, or (iv) what harm such actions caused. The idea that these bald and unsubstantiated assertions could give rise to any Claim, never mind a $2 billion claim, is preposterous. In short, the Mashinsky Proofs of Claim fail to state anything that could be construed as a claim, are not *prima face* valid, and must be disallowed and expunged.[23]

29.    The facial invalidity of the Initial POCs is even more patent. While the untimely Purported Amendments attach a rider drafted by counsel providing vague and unsubstantiated allegations, the Initial POCs do not contain *any* factual allegations. The indecipherable Mashinsky Attachment is the only support provided for those claims, which entirely fails to assert any claim entitled to *prima facie* validity. *See In re Falwell*, 434 B.R. 779, 785 (Bankr. W.D. Va. 2009) ("The documents, then, that are required to give a proof of claim prima facie validity are those that identify the claimant and the *amount* of the claim, and provide information sufficient to identify the basis for the claim (such as the account number.) A writing, if required, must support *the existence and amount* of the claim and, if applicable, the *priority or secured character of the claim.*") (emphasis added). Nor has Mashinsky made any effort to provide evidentiary support or any legal basis for his asserted claims. *In re Tribune Co.*, 2013 WL 1909617, at *3 (Bankr. D. Del., May 2, 2013) (disallowing and expunging claim when the claimant "has not articulated a discernible basis for a claim against the Debtors"). The total lack of factual

---

[23]    Broad reservation of rights language in a proof of claim is insufficient to preserve a claim based on new facts that were not asserted in the original proof of claim. *In re LATAM Airlines Grp. S.A.*, 2023 WL 3574203, at *10 (Bankr. S.D.N.Y. May 19, 2023). Courts are clear, "a creditor may not use the claims amendment process to circumvent the claims bar date." *In re SemCrude, L.P.*, 443 B.R. 472, 477 (Bankr. D. Del. 2011). "The decision to allow amendments to a proof of claim is within the discretion of the Bankruptcy Court" and "[a]n amendment to claim filed post bar date must be scrutinized to assure that it is not an attempt to file a new claim." *In re Exide Techs.*, 601 B.R. 271, 291 (Bankr. D. Del. 2019). As a result, any attempt by Mashinsky in the future to amend the Proofs of Claim to assert cognizable claims against the Debtors would likewise fail.

bases and proper supporting documentation strips the June Individual POCs of any *prima facie* validity, and they too should be disallowed and expunged.

                *ii.*      *Mashinsky's Own Misconduct Precludes Any Claims.*

        30.      Assuming, *arguendo*, that the Mashinsky Claims are *prima facie* valid (which they are not), they should still be disallowed by the application of the doctrine of unclean hands, or *in pari delicto*. The doctrine provides that "a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim." *Off. Comm. of Unsecured Creditors* v. *R.F. Lafferty & Co.*, *Inc.,* 267 F.3d 340, 354 (3d Cir. 2001). "As the bankruptcy trustee steps in the shoes of the debtor, it is subject to the same defenses that could have been asserted against the debtor, including in pari delicto." *In re Liberty State Benefits of Delaware, Inc.*, 541 B.R. 219, 235 (Bankr. D. Del. 2015).

        31.      Here, Mashinsky is currently facing federal prosecution for, among other things, having "illicitly manipulated the price of CEL" while "secretly selling [his] own CEL tokens at artificially inflated prices.[24] And Celsius itself has acknowledged that Mashinsky and his prior management team are responsible for Celsius' downfall. *See*, *e.g.*, D.I. 1 at ¶ 1, *Meghji* v. *Wolfgang*, Adv. Proc. No. 24-02091 (Bankr. S.D.N.Y). Mashinsky's attempt to impose any personal cost of his misconduct on the Debtors' creditors is insulting, particularly after the Debtors' creditors have themselves suffered losses due to the fraud committed by the Debtors' own prepetition controlling insiders. Because Mashinsky bears direct responsibility for any harm suffered and for Celsius' own failure, any claims against the Debtors seeking compensation for any such losses should be disallowed and expunged in their entirety. *See In re Benninger*, 357 B.R. 337, 352 (Bankr. W.D. Pa. 2006) (disallowing claims under the unclean hands doctrine).

---

[24]    Mashinsky Indictment ¶ 1.

**D.    Duplicative Mashinksy Claims Must Be Disallowed and Expunged**

32.    The November Individual POCs and the December A. Mashinsky Corporate POCs purport to amend the June Individual POCs and September A. Mashinsky Corporate POCs, respectively.  None are valid amendments as set forth above, but to the extent the Court determines any of those proofs claims constitute valid Amendments, the earlier claims must be disallowed and expunged because they are duplicative and would result in duplicative recovery.

33.    Bankruptcy Rule 3007(d) provides that a debtor may object to a claim where the claim "duplicate[s] other claims."  Fed. R. Bankr. P. 3007(d)(1); *In re Hub Holding Corp*, 2009 WL 8519808, at *1 (Bankr. D. Del. May 27, 2009) (expunging and disallowing duplicative claims).  A claimant is not entitled to multiple recoveries for the same liability against a debtor since a claimant is entitled only to a single satisfaction, if at all, of any particular claim of liability against a debtor.  *See, e.g.*, *In re Handy Andy Home Improvement Ctrs. Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one can not recover for the same debt twice."); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."); *In re Cont'l Airlines Corp.*, 57 B.R. 845, 853 (Bankr. S.D. Tex. 1985) ("[T]he Bankruptcy Code does not permit the presentation of two claims and the recovery of double damages for what is essentially one legally compensable claim.").

34.    Mashinsky cannot maintain any duplicative claims on the basis of the same purported liability.  Otherwise, the Debtors will potentially be subject to multiple recoveries by Mashinsky for a single claim for liability.  Accordingly, any claims deemed to be superseded by amended claims or otherwise duplicative should be disallowed and expunged for this additional reason.

**Reservation of Rights**

35.     This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to any claim on any grounds whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

**Notice**

36.     Notice of this Objection has been provided to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) Mashinsky; (i) Meehan; and (j) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Bankruptcy Rules.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

37.     For the foregoing reasons, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, disallowing and expunging the Claims in their entirety.

Dated:   July 10, 2024
         Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Kimberly A. Brown*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:   landis@lrclaw.com
          mcguire@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:   dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          gluecksteinb@sullcrom.com
          kranzleya@sullcrom.com
          bellerb@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*