## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: September 12, 2024 at 1:00 p.m. ET**<br>**Obj. Deadline: August 12, 2024 at 4:00 p.m. ET** |

## DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY
## ARTZ FUND INVESTMENTS PTE LTD.

> **THIS OBJECTION OBJECTS TO CERTAIN CLAIMS. THE CLAIMANT RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN.**

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") hereby submit this claims objection (the "Objection"), pursuant to sections 502 and 510(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to proofs of claim number 3507 and 3570 (the "Claims") filed by Artz Fund Investments PTE Ltd. ("Artz"). The Debtors seek to disallow and expunge in its entirety proofs of claim number 3507 and 3570, and to subordinate any surviving claim pursuant to section

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

510(b) of the Bankruptcy Code.  In support hereof, the Debtors respectfully state as follows:

**<u>Preliminary Statement</u>**

1.        Artz invested a total of approximately $275 million in the Debtors in 2021 and 2022 across two funding rounds purchasing a combination of preferred and common stock. Unsatisfied with its status as stockholder in these Chapter 11 Cases, Artz filed claims seeking to elevate its interests and recover the entire amount of its investment based on a generalized fraud theory relying on section 10(b) of the Securities and Exchange Act of 1934 and SEC Rule 10b-5. As filed, Artz seeks to recover on account of its equity investments alongside the Debtors' customers and other creditors, diverting $275 million plus interest that would otherwise be paid to customer and other creditors under the Debtors' proposed plan of reorganization.  This is not fair, and not permitted.

2.        First, the Claims asserted by Artz are classic securities fraud claims, which are statutorily subordinated pursuant to section 510(b) of the Bankruptcy Code because they are claims for damages arising from the purchase of securities of the Debtors.  Any Claims that Artz might maintain are subordinated claims that must be reclassified as Class 13 "Section 510(b) Preferred Equity Claims" under the Debtors' plan of reorganization.  The Debtors anticipate that Class 13 will receive no recovery under the Plan.

3.        Second, the Claims as submitted do not set forth any individualized damages unique to Artz separate and apart from the lost liquidation preference of the preferred stock investment, which liquidation preference itself would be paid prior to any subordinated claims for related securities fraud being eligible for a distribution under the Debtors' plan of reorganization.  Having failed to plead a *prima face* case for damages, the Claims should be disallowed.

4.      Third, Artz does not allege any *prima face* case for claims arising in contract or breach of the implied covenant of good faith and fair dealing, and those portions of the Claims should be disallowed on that additional basis.[2]

### Background

5.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

6.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

7.      On May 19, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I.

---

[2]    The Debtors dispute certain of the facts asserted in the Claims, and the Debtors reserve all rights and defenses with respect to the other aspects of the Claims.

1519] (the "Non-Customer Bar Date Order"). The Non-Customer Bar Date Order established, among other things, the deadline of June 30, 2023 to file non-customer claims against the Debtors (the "Non-Customer Claims Bar Date").

8.     On June 26, 2024, the Court entered an order, among other things, approving the adequacy of the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Affiliated Debtors and Debtors-in-Possession* (the "Disclosure Statement") and voting and solicitation procedures in connection with confirmation of the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan") [D.I. 19068]. Plan solicitation is underway and the deadline both to vote and submit any objections to the Plan is August 16, 2024.

### Facts Specific to the Objection

9.     Artz is an indirect wholly-owned subsidiary of Temasek Holding Limited, a global investment company headquartered in Singapore.

10.     On October 18, 2021, Artz purchased 3,815,337 shares of FTX Trading series B preferred securities, 381,557 shares of FTX Trading Series B-1 preferred securities, and 1,526,228 shares of FTX Trading common stock, at a total cost of $150 million. (Proof of Claim 3507, at 12.) On October 19, 2021, Artz purchased 32,758,000 shares of West Realm Shires, Inc. ("WRS") common stock at a cost of approximately $5 million. (*Id.*)

11.     On January 21, 2022 Artz purchased 26,258,205 shares of WRS Series A preferred securities for approximately $60 million. (*Id.*) On January 25, 2022, Artz made a further purchase of 1,294,448 shares of FTX Trading Series C preferred securities at a cost of approximately $60 million. (*Id.*)

12.     The Debtors did not otherwise have any financial obligations or contracts with Artz prior to the Petition Date.

13.     On June 27, 2023, Artz filed the two identical Claims seeking the full amount of its $275 million equity investments jointly and severally from FTX Trading and WRS. Artz purports to assert claims for securities fraud pursuant to Section 10(b) of the Securities and Exchange Act of 1934, Rule 10b-5, and Delaware common law. (Proof of Claim 3507, at 16-17.) Artz alternatively purports to assert a claim that WRS claimed that FTX US breached the implied covenant of good faith and fair dealing, under Delaware common law. (*Id.* at 17-18.)

## Jurisdiction

14.     The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought are sections 502 and 510(b) of the Bankruptcy Code and rules 3001 and 3007 of the Bankruptcy Rules. Pursuant to rule 9013-1(f) of the Local Rules, the Debtors confirm their consent to entry of a final order by the Court in connection with this Objection if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

15.     By this Objection, the Debtors seek entry of the proposed order (the "Order"), substantially in the form attached hereto as Exhibit A, disallowing and expunging the Claims, claim numbers 3507 and 3570, in their entirety, and subordinating any surviving claim pursuant to section 510(b) of the Bankruptcy Code.

**Objection**

I.     **Any Claims Must Be Reclassified As Section 510(b) Equity Claims.**

16.     To the extent the Court declines to ultimately disallow the Claims, the Claims should be classified as Class 13 Section 510(b) Preferred Equity Claims under the Plan.[3] Section 510(b) Preferred Equity Claims include any claim for damages arising from the purchase or sale of any purchase of preferred stock issued by FTX Trading or WRS.  (Plan § 2.1.149, 2.1.172.)  This classification is consistent with section 510(b) of the Bankruptcy Code, which requires that any claim for "damages arising from the purchase or sale of a security of a debtor "shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security."  11 U.S.C. § 510(b).

17.     In interpreting the statute, the Third Circuit has determined that the legislative intent behind Section 510(b) is "to prevent disappointed shareholders from recovering their investment loss by using fraud . . . to bootstrap their way to parity with general unsecured creditors in a bankruptcy proceeding."  *In re Telegroup, Inc.*, 281 F.3d 133, 142 (3d Cir. 2002).  The Third Circuit noted that a stockholder assumed the risk of business failure and, as a result, is the appropriate party, rather than general unsecured creditors, to bear the risk of "unlawful conduct on the debtor's part that caused the stock's value to drop," including fraud.  *Id.* at 141, 143.

18.     Furthermore, the Third Circuit has interpreted section 510(b) broadly to hold that claims of both fraud or other illegality in the issuance and post-issuance of a security constitute claims "arising from the purchase or sale."  *Id.* at 143; *see also In re Montgomery Ward*

---

[3]     To the extent any portion of the Claims are ultimately allowed is on account of Artz's common stock purchases, that claim would be classified as a Class 14 "Section 510(b) Other Equity Claim."

*Holding Corp.*, 2001 WL 1752566, at *7, (Bankr. D. Del. Jan. 16, 2001) (holding that a claim arises from the "purchase or sale" of a security if there is "an allegation of fraud in the purchase, sale or issuance of the . . . instrument"); *In re Int'l Wireless Commc'ns Holdings, Inc.*, 68 F. App'x 275 (3d Cir. 2003) (extending the scope of section 510(b) to cover contract claims for "non-delivery" of stocks).

19.     Here, the Claims plainly fall within the scope of section 510(b). Artz alleges securities fraud and related claims relating to the purchase of FTX Trading and WRS preferred and common stock. Artz's attempts to elevate those claims alongside creditor claims—the precise actions Congress sought to prevent—are expressly prohibited by section 510(b) of the Bankruptcy Code. Under Third Circuit law, such an attempt cannot be allowed. *In re Telegroup, Inc.*, 281 F.3d at 142. Artz's Claims must be reclassified as Class 13 Claims under the Plan, entitled to recovery only after all more senior claims are paid in full in accordance with the terms of the Plan.

## II.     The Claims Should Be Disallowed Because They Are Not Entitled to *Prima Facie* Validity.

20.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b).

21.     While a properly filed proof of claim is prima facie evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See*

*In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). The burden of persuasion with respect to the claim is always on the claimant, *see id.* at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's prima facie validity. *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

22.      Artz seeks to recover the $275 million it invested in the Debtors' equity through securities fraud and related claims. But the Claims fail to assert any damages that could be collectible by Artz over and above the lost liquidation preference of the preferred equity interests—which liquidation preference itself would be paid prior to any distribution being made on related Class 13 securities fraud claims. In fact, the Claims fail to plead any damages at all other than the value of their initial investment in the Debtors' equity.

23.      Furthermore, Artz's attempt to assert a separate claim for the breach of the implied covenant of good faith and fair dealing fails. "Consistent with its narrow purpose, the implied covenant is only rarely invoked successfully." *Kuroda* v. *SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009). "In order to plead successfully a breach of an implied covenant of good faith and fair dealing, the plaintiff must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." *Cantor Fitzgerald, L.P.* v. *Cantor*, 1998 WL 842316, at *1 (Del. Ch. Nov. 10, 1998). Here, Artz simply points to the existence of facts developed in other proceedings and alleges that the Debtors are liable for the full amount of Artz's WRS investment, without more. Artz fails to allege any injuries flowing from

the alleged breach of the implied covenant or what portion (if any) of those losses were suffered as a result of the alleged misconduct.

24.     Finally, Artz carries the initial burden of alleging facts sufficient to support the legal liability asserted in the Claims.  "[C]laims can be disallowed for failure to support the claim with sufficient evidence."  *In re Mallinckrodt Plc*, 2022 WL 3545583, at \*4 (D. Del. Aug. 18, 2022) (quoting *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010)).  Artz has provided no documents or other evidence to support is claims.  For all of these reasons, the Court should disallow and expunge the Claims.

## Reservation of Rights

25.     This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to any claim on any grounds whatsoever. The Debtors expressly reserve all further substantive or procedural objections. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## Notice

26.     Notice of this Objection has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for

the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) to the extent not listed herein,

those parties requesting notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure

and (i) counsel to Artz.  The Debtors submit that, in light of the nature of the relief requested, no

other or further notice need be provided.

## Conclusion

27.    For the foregoing reasons, the Court should enter the Order, substantially in

the form attached hereto as Exhibit A, disallowing and expunging the Claims, and subordinating

any surviving claim pursuant to section 510(b) of the Bankruptcy Code.


Dated:   July 10, 2024
         Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:   landis@lrclaw.com
          mcguire@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

*Counsel for the Debtors and Debtors-in-Possession*