IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Hearing Date:  August 15, 2024, at 1:00 p.m.**<br>**(prevailing Eastern Time)**<br>**Obj. Deadline:  July 26, 2024, at 4:00 p.m.**<br>**(prevailing Eastern Time)** |

**EXAMINER'S MOTION
TO AMEND THE COST OF PHASE I OF EXAMINATION**

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), files this motion (the "Motion") pursuant to sections 105 and 1104(c)(2) of title 11 of the United States Code (the "Bankruptcy Code") seeking entry of an order amending the cost of the first phase of his examination by $813,355—to $3,313,355—and respectfully states as follows:

**JURISDICTION, VENUE, AND STANDING**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference issued by the United States

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases and other authority for the relief requested herein are sections 105 and 1104(c)(2) of the Bankruptcy Code. The Examiner is authorized to seek the amendments pursuant to (i) paragraphs 4 and 14 of the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 9883 (the "Examination Scope Order") and (ii) paragraph 3 of the *Order Amending the Cost of the Examination And Permitting the Filing of Certain Information regarding Potential Parties in Interest Under Seal*, ECF No. 15538 (the "Amended Scope Order").

4. Pursuant to Local Rule 9013-1(f), the Examiner consents to this Court's entry of a final order in connection with this Motion to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

### BACKGROUND

5. On November 11 and 14, 2022, the Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 15, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Debtors' cases (the "Committee"). *See* ECF No. 231.

6. On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner*, ECF No. 176 (the "Examiner Motion").

7. On February 21, 2023, the Court entered the *Order Denying Motion for the Appointment of an Examiner*, ECF No. 746 (the "Examiner Order"). On March 6, 2023, the U.S. Trustee filed a notice of appeal of the Examiner Order, ECF No. 805, and on January 19, 2024, the United States Court of Appeals for the Third Circuit (the "Third Circuit") issued an opinion reversing the Examiner Order.

8. On February 23, 2024, the Court entered an order directing the U.S. Trustee to appoint an examiner in the Debtors' cases, ECF No. 7909.

9. On February 27, 2024, the U.S. Trustee filed the *Notice of Appointment of Examiner*, ECF No. 8047, and the *(I) Application of the United States Trustee for Order Approving the Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of an Order (A) Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 8048.

10. The Court held a hearing on March 20, 2024. After the hearing, the Court entered the *Order Approving the Appointment of Examiner*, ECF No. 9882 (the "Appointment Order"), which approved Mr. Cleary's appointment as Examiner in these Chapter 11 Cases. On the Appointment Date, the Court also entered the Examination Scope Order which sets out the scope, cost, degree, and duration of the Examiner's initial investigation (the "Phase I Examination") and required the Examiner to file a report regarding the Phase I Examination (the "Report") 60 days after entry of the Examination Scope Order (the "Report Deadline").

11. As set forth in paragraph 4 of the Examination Scope Order, the budget for the Phase I Examination was initially $1,600,000. Pursuant to paragraphs 4 and 14 of the Examination Scope Order, the Examiner is allowed to seek an increase in the budget or other relief as may be appropriate. On May 1, 2024, the Examiner filed his *Motion to Amend Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 13627 (the "Motion to Amend"). The Motion to Amend sought to, among other things, increase the Examiner's budget for the Phase I Examination.

12. On May 23, 2024, the Court entered the Amended Scope Order granting the relief requested in the Motion to Amend. Pursuant to paragraph 3 of the Amended Scope Order, the Examiner's budget was increased to $2,500,000 through May 28, 2024, without prejudice to the Examiner's right to seek an increase in the budget for cause shown. Furthermore, pursuant to paragraph 2 of the Amended Scope Order, the Examination Scope Order remains in full force and effect except as explicitly stated in the Amended Scope Order.

13. On May 20, 2024, the Examiner filed his Report under seal. *See Notice of Report of Robert J. Cleary, Examiner*, ECF No. 15271. On May 23, 2024, the Examiner filed the Report on the docket publicly. *See Report of Robert J. Cleary, Examiner*, ECF No. 15545. Since then, the Examiner has continued to perform work necessary for the discharge of his duties. On June 26, 2024, the Court entered an order granting the Examiner authority to conduct additional investigations as contemplated in his Report (the "Phase II Examination"). *See Order (I) Granting the Examiner Authority to Conduct Additional Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination and Granting Related Relief*, ECF No. 19061.

**RELIEF REQUESTED**

14.     Through this Motion, the Examiner seeks entry of an order substantially in the form attached hereto as <u>Exhibit A</u> to amend the cost of the Phase I Examination to $3,313,355.

**BASIS FOR RELIEF**

15.     Bankruptcy Code section 1104(c) authorizes the Court to order the Examiner to conduct an investigation of the Debtors "as is appropriate." The Third Circuit has made clear that this Court has broad discretion to determine the scope, duration, degree, and cost of this Examination. *See In re FTX Trading Ltd.*, 91 F.4th 148, 156 (3d Cir. 2024).

16.     The Phase I Examination involved a tremendous amount of work in a short time frame. During the Phase I Examination, the Examiner received and reviewed over 900 documents totaling over 14,000 pages from the Debtors, the Committee, counsel for certain former executives of the Debtors, Bankman-Fried, and various other parties in interest. In some instances, these productions were unsolicited, and in many instances these productions merited follow-up discussions and investigation. Notably, the Examiner continued to receive additional documents in the weeks and days leading up to the filing of the Report.

17.     In addition, during the Phase I Examination, the Examiner had multiple meetings with counsel for the Debtors and the Committee. The Examiner's team also met with John Ray, current Chief Executive Officer of the Debtors, as well as counsel for plaintiffs in an ongoing multidistrict litigation against the Debtors and affiliated individuals and entities. The Examiner also had various phone calls, meetings, and other correspondence with other parties in interest, Bahamas counsel for the joint official liquidators, and government entities, including the United States Attorney's Office for the Southern District of New York, the U.S. Securities and

Exchange Commission, the Commodity Futures Trading Commission, the United States Department of Justice, a committee of the United States House of Representatives, state securities regulators, and a money transmitter regulator.

18. After the Report was filed, the Examiner continued to perform necessary work. For example, the Examiner spent time responding to multiple inquiries and requests from parties in interest, including the U.S. Trustee. Some of these discussions resulted in the Examiner preparing and filing a set of supplemental annotations to his Report. *See Notice of Supplemental Annotations*, ECF No. 18091. The Examiner also spent time seeking authorization for additional investigations and preparing for that work. As a result of these efforts, the Examiner has now been authorized to conduct the Phase II Examination.

19. Throughout the Phase I Examination, the Examiner diligently supervised the costs of his Examination. Nonetheless, the actual cost of the Phase I Examination exceeded the Examiner's initial estimates. As such, the Examiner requests to increase the budget for his Phase I Examination by $813,355, which will bring the total budget for the Phase I Examination to $3,313,355. This reflects the actual and necessary costs for the Examiner to discharge his duties through and including June 25, 2024, after which the Examiner's work on the Phase II Examination commenced. The Phase I Examination is complete so the Examiner will not seek additional increases to the Phase I Examination budget. The Examiner has previewed this request with the Debtors, the Committee, and the U.S. Trustee, and they have not objected to the requested Phase I budget increase.

## NOTICE

20.     Notice of this Motion has been given to (a) the U.S. Trustee; (b) the Debtors; (c) the Committee; (d) the ad hoc committee of non-U.S. customers of FTX.com; (e) the joint provisional liquidators of FTX Digital Markets Ltd.; and (f) all parties that have filed requests for notices in these Chapter 11 Cases.  In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

## PRIOR REQUEST

21.     This is the Examiner's second request to amend the cost of the Phase I Examination.

WHEREFORE the Examiner respectfully requests entry of the proposed order attached hereto as Exhibit A increasing the budget for the Examination to $3,313,355 and granting such other and further relief as deemed just and proper.

Dated: July 12, 2024

Respectfully submitted,

**ASHBY & GEDDES, P.A.**

By: /s/ Michael D. DeBaecke                x

Michael D. DeBaecke (Bar No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Tel: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

-and-

**PATTERSON BELKNAP WEBB & TYLER LLP**

Daniel A. Lowenthal (admitted *pro hac vice*)
Kimberly A. Black (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
Email: kblack@pbwt.com

*Counsel to Robert J. Cleary in his capacity as Examiner appointed in the Chapter 11 Cases*