## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: August 6, 2024 at 2:00 p.m. (ET)**<br>**Objection Deadline: July 26, 2024 at 4:00 p.m. (ET)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS' ENTRY INTO, AND PERFORMANCE UNDER, THE PROPOSED SETTLEMENT WITH THE UNITED STATES COMMODITY FUTURES TRADING COMMISSION, (B) APPROVING THE PROPOSED SETTLEMENT AND (C) GRANTING RELATED RELIEF

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing the Debtors' entry into, and performance under, the proposed settlement agreement (the "Proposed Settlement"),[2] attached as Exhibit 1 to the Order, between and among (i) the Debtors and (ii) the Commodity Futures Trading Commission ("CFTC"); (b) approving the Proposed Settlement; and (c) granting related relief. In support of the Motion, the Debtors respectfully state as follows:

---

[1]  The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Proposed Settlement.

**Preliminary Statement**

1.      The Proposed Settlement is an integral and valuable component of the Debtors' proposed chapter 11 reorganization plan.  It resolves ongoing litigation and disputes with one of the largest creditors of the Debtors, avoids the cost and delay of further litigation, and mitigates a significant risk of diminution of the assets available for distribution to creditors.

2.      The CFTC asserted proofs of claim against the Debtors amounting to approximately $52.2 billion in restitution, disgorgement and civil monetary penalties (the "Asserted CFTC Claims") in connection with civil enforcement actions that the CFTC filed against Debtors FTX Trading Ltd., Alameda Research LLC, Samuel Bankman-Fried, Caroline Ellison, Gary Wang, and Nishad Singh (the "FTX Insiders"), in the United States District Court for the Southern District of New York ("District Court Action").  The Debtors believe the CFTC is the most significant single creditor in these Chapter 11 Cases.  Given the conduct, guilty pleas and convictions of the FTX Insiders, the Debtors face very substantial potential liability to the CFTC.

3.      Over the past months, the Debtors have been in lengthy negotiations with the CFTC.  The Proposed Settlement results from those negotiations.  The Enforcement Division of the CFTC is recommending the Proposed Settlement to the Commission, and authorized the filing of this Motion by the Debtors with the expectation that the Commission will consider the Proposed Settlement prior to the hearing on this Motion.

4.      Among other things, the Proposed Settlement—which would only become effective and final upon confirmation of Debtors' proposed chapter 11 reorganization plan (the "Eligible Plan")—would resolve the District Court Action and the Asserted CFTC Claims on favorable terms for FTX and its creditors without the need for the Debtors to expend significant time and incur additional expenses on litigation.  Specifically, under the Proposed Settlement: (i) the CFTC shall have an allowed claim for disgorgement in the Chapter 11 Cases in a fixed and

liquidated amount of $4.0 billion ("Allowed CFTC Claim"); (ii) the Allowed CFTC Claim shall be subordinated to the prior payment of claims of all creditors and payment of interest at the Consensus Rate as provided in the Eligible Plan; (iii) all recoveries on the Allowed CFTC Claim shall be applied only to make supplemental payments to certain creditors under the Supplemental Remission Fund as provided in the Eligible Plan; and (iv) the CFTC shall have no claim against the Debtors in the Chapter 11 Cases other than the Allowed CFTC Claim.

5.     If the Court approves the Proposed Settlement, the CFTC and the Debtors have then agreed to submit an agreed order to the District Judge presiding over the District Court Action ("District Court Order"), which, if entered, would provide that: (i) the Debtors will consent to the entry of a stipulated and liquidated judgment of disgorgement of $4 billion and restitution of $8.7 billion in the District Court Action (the "District Court Judgment Amount"); (ii) the Debtors will receive a dollar-for-dollar credit towards the restitution portion of the District Court Judgment Amount for amounts distributed in satisfaction of FTX.com and FTX.US customer claims, and Alameda lender claims, in the Chapter 11 Cases (which amounts the Debtors forecast to be more than sufficient to satisfy the restitution obligation in full); (iii) the CFTC will stipulate to an allowed disgorgement claim in the Chapter 11 Cases of $4 billion (the "Stipulated CFTC Claim Amount"); (iv) the Debtors will receive a dollar-for-dollar credit against the disgorgement portion of the District Court Judgment for amounts distributed towards the Stipulated CFTC Claim Amount in the Chapter 11 Cases; (v) the Stipulated CFTC Claim Amount shall be payable only as provided in the Eligible Plan and only to the extent of available funds; and (vi) the CFTC will not seek a civil monetary penalty in the District Court Order.

6.     The Debtors believe that resolving the District Court Action and the Asserted CFTC Claims as set forth in the Proposed Settlement eliminates significant litigation risk and allows for certainty with respect to creditor and customer recoveries under the Debtors'

Eligible Plan.  The continued litigation of the District Court Action and resolution of the Asserted CFTC Claims would involve costly and potentially protracted litigation, the outcome of which would be uncertain.  The Proposed Settlement thus provides much needed certainty as to the magnitude of the Allowed CFTC Claim and allows these Chapter 11 Cases to move to swiftly toward resolution, thereby enabling the prompt distribution to the Debtors' other creditors and customers.

7.      Accordingly, the Debtors submit that the Debtors' entry into, and performance under, the Proposed Settlement provides material value to the Debtors' estates while avoiding costly, time-consuming, and uncertain litigation, is in the best interests of the Debtors' estates and all stakeholders, is well within the range of reasonableness and should be approved.

## **Background**

8.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

9.      On May 19, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and*

---

[3]     November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

*(B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I. 1519] (the "Non-Customer Bar Date Order").  The Non-Customer Bar Date Order established, among other things, September 29, 2023 as the deadline by which government units must file proofs of claim.

10.     Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Facts Specific to the Relief Requested

11.     On December 13, 2022, the CFTC filed the District Court Action against FTX Trading Ltd. d/b/a FTX.com, Alameda Research LLC, and Samuel Bankman-Fried in the United States District Court for the Southern District of New York, Case No. 1:22-cv-10503-PKC. On December 21, 2022, the CFTC filed an Amended Complaint adding Caroline Ellison and Gary Wang as defendants.  The CFTC filed a related action against Nishad Singh in the United States District Court for the Southern District of New York, Case No. 1:23-cv-1684-PKC on February 28, 2023.  In addition to injunctive relief, the District Court Action seeks disgorgement, restitution, civil monetary penalties, and pre- and post-judgment interest in unspecified amounts.

12.     On May 28, 2023, the CFTC filed six proofs of claim purporting to be estimates of the Debtors' prepetition liability for restitution, disgorgement and civil monetary

penalties in the District Court Action totaling approximately $52.2 billion.[4]  The Asserted CFTC

Claims would consume the Debtors' combined estates if allowed in their entirety.

13.   The parties have engaged in extensive arm's-length settlement negotiations

that resulted in the Proposed Settlement.  The terms of the Proposed Settlement provide, among

other things:[5]

> (i) the CFTC shall have an Allowed CFTC Claim for disgorgement in the Chapter 11 Cases of $4.0 billion;

> (ii) the Allowed CFTC Claim shall be subordinated to the prior payment of claims of all creditors and payment of interest at the Consensus Rate as provided in the Eligible Plan;

> (iii) all recoveries on the Allowed CFTC Claim shall be applied only to make supplemental payments to certain creditors under the Supplemental Remission Fund as provided in the Eligible Plan; and

> (iv) the CFTC shall have no claim against the Debtors in the Chapter 11 Cases other than the Allowed CFTC Claim.

14.   In the event that that this Court approves the Proposed Settlement, the

Parties agree to present to the District Court Judge over the District Court Action, an agreed

District Court Order that, if entered, will:

> (i) provide for a judgment of disgorgement of $4 billion and restitution of $8.7 billion in the District Court Action (the "District Court Judgment Amount");

> (ii) provide for a dollar-for-dollar credit towards the restitution portion of the District Court Judgment Amount for amounts distributed in satisfaction of FTX.com and FTX.US customer claims, and Alameda lender claims, in the Chapter 11 Cases;

> (iii) provide the CFTC an allowed disgorgement claim in the Chapter 11 Cases of $4 billion (the "Stipulated CFTC Claim Amount");

---

[4]   Proof of claim numbers:  79910, 79915, 79918, 79920, 79921, and 79922.

[5]   Any summary of the Proposed Settlement contained herein is qualified in its entirety by the actual terms and conditions of the Proposed Settlement, as embodied in the Claim Settlement and Subrogation Agreement.  To the extent that there is any conflict between any summary contained herein and the actual terms and conditions of the Proposed Settlement, the actual terms and conditions of the Proposed Settlement shall control.

(iv) provide for a dollar-for-dollar credit against the disgorgement portion of the District Court Judgment for amounts distributed towards the Stipulated CFTC Claim Amount in the Chapter 11 Cases;

(v) provide that the Stipulated CFTC Claim Amount shall be payable only as provided in the Eligible Plan and only to the extent of available funds; and

(vi) provide that the CFTC will not seek a civil monetary penalty in the District Court Order.

## **Jurisdiction**

15.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.  Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## **Relief Requested**

16.     By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors' entry into, and performance under, the Proposed Settlement, (b) approving the Proposed Settlement, and (c) granting certain related relief.

**Basis for Relief**

I.    **The Proposed Settlement Satisfies Bankruptcy Rule 9019 Because It Is Fair, Reasonable, and in the Debtors' Best Interests.**

17.    Given the conduct of the FTX Insiders, the ongoing litigation between the Debtor and the CFTC, the size of the Asserted CFTC Claims, and the associated cost of resolving those disputes, the Debtors have determined that entry into the Proposed Settlement is in the best interests of the Debtors and their estates.

18.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).  The compromise or settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy." *In re World Health Alternatives, Inc*., 344 B.R. 291, 296 (Bankr. D. Del. 2006). "In administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts." *In re Penn Cent. Transp. Co*., 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting *TMT Trailer Ferry*, 390 U.S. 414, 424 (1968)).

19.    "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc*., 211 B.R. 798, 801 (D. Del. 1997).  Courts should not, however, substitute their judgment for that of the debtor, but instead should canvas the issues to see whether the compromise falls below the lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Assocs*., 62 B.R. 798, 803 (E.D. Pa. 1986);

*In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted)).

20.    Additionally, section 105(a) of the Bankruptcy Code provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

21.    The Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and  (4) the paramount interest of the creditors."  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Entm't Group, Inc.*, 222 B.R. 243 (D. Del. 1998) (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).  The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities."  *In re Penn Cent*., 596 F.2d at 1114 (citations omitted); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (same).

22.    The Proposed Settlement provides material value to the Debtors' estates, including, among other things, (i) the resolution of the District Court Action and the Asserted CFTC Claims by granting the CFTC an Allowed CFTC Claim for disgorgement of $4.0 billion, (ii) the CFTC's agreement to subordinate its Allowed CFTC Claim to the prior payment of claims of all creditors and payment of interest at the Consensus Rate as provided in the Eligible Plan; and (iii)  the CFTC's agreement that all recoveries on the Allowed CFTC Claim shall be applied only to make supplemental payments to certain creditors under the Supplemental Remission Fund as provided in the Eligible Plan.  In addition, the Debtors shall receive a dollar-for-dollar credit towards the $8.7 billion restitution portion of the District Court Judgment Amount for amounts distributed in satisfaction of FTX.com and FTX.US customer claims, and Alameda lender claims, in the Chapter 11 Cases, which amounts the Debtors currently expect to be more than sufficient to satisfy their restitution obligation in full.  Finally, the Division of Enforcement is recommending that the CFTC agree not to seek a civil monetary penalty in the District Court Order, which would be paid to the U.S. Treasury and would significantly reduce the recoveries available to creditors. Thus, settling with the CFTC now avoids the time and expense of litigating the District Court Action as well as the Asserted CFTC Claims, eliminates the risks of any unfavorable outcome, and may result in supplemental payments—above and beyond petition time value plus interest at the Consensus Rate—to certain creditors under the Supplemental Remission Fund.

23.    Accordingly, and as further described below, the compromises set forth in the Proposed Settlement are, fair and equitable, fall well within the range of reasonableness, satisfy each of the applicable *Martin* factors, and should be approved.

24.    **The Probability of Success in Litigation.**  The Debtors are prepared to litigate the merits of the District Court Action and Asserted CFTC Claims.  However, given that the FTX Insiders have all pled guilty or been convicted, the Debtors face significant litigation risk

in the District Court Action and the results of litigation are uncertain.  In addition, the stakes are very high for the Debtors.  The CFTC has informed the Debtors that, in the absence of the Proposed Settlement, the CFTC would seek billions of dollars in civil monetary penalties as well as disgorgement and restitution, each as general unsecured and unsubordinated claims.  A recovery anywhere near the amounts asserted by the CFTC would swamp the recovery of all other FTX creditors.

25.    **The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay.**  Continued litigation of the District Court Action and resolution of the Asserted CFTC Claims would be time-consuming and expensive, leading to significant inconvenience and delay.  Given the size of the CFTC's Asserted Claims, which could dwarf the entire estate, confirmation of the Plan would have been delayed while the parties engaged in time-consuming and expensive discovery in the District Court Action before the District Court resolved the issues of liability and the amount of restitution, disgorgement and civil monetary penalties that the Debtors owed.  The Proposed Settlement eliminates these costs and allows the Chapter 11 Cases to move swiftly toward resolution, thereby enabling the prompt distribution to the Debtors' other creditors and customers.

26.    **The Paramount Interests of Creditors.**  The Proposed Settlement is in the best interests of the Debtors' estates and the stakeholders.  The Proposed Settlement is overwhelmingly in the best interest of creditors because it subordinates the Allowed CFTC Claim to the prior payment of claims of all creditors and payment of interest at the Consensus Rate.  In addition, the Proposed Settlement provides the potential for additional payments to certain creditors that were parties to commodity-related contracts pursuant to the Supplemental Remission Fund.  As part of the Proposed Settlement, the CFTC and the Debtors would  agree that the Supplemental Remission Fund will be available to customers of FTX.com and FTX US and to

Alameda lenders who are not in the convenience classes.  Although the Debtors must value all claims at the Petition Date, in funding the Supplemental Remission Fund,  the Proposed Settlement recognizes that creditors with cryptocurrency-related investments have been especially harmed by the illegal conduct alleged in the District Court Action (and related actions by State and foreign governments), and supplemental recoveries from funds otherwise payable to the CFTC is appropriate.

27.    The Proposed Settlement does not adversely affect any stakeholder.  The Debtors do not foresee any reasonable likelihood that funds will be sufficient to make distributions to stockholders of the Debtors, without the Proposed Settlement, because of the financial condition of the Debtors, the colorable merits of the Asserted CFTC Claims, the costs of delaying the Chapter 11 Cases, the costs of litigation, and the vociferous objections of creditors (including many governmental stakeholders) to any stockholder distribution.

28.    The Debtors have discussed the Proposed Settlement with counsel to the Official Committee of Creditors and the Ad Hoc Committee of Non-U.S. Customers, and currently expect no objection.

29.    Based on the foregoing, the Debtors submit that the Proposed Settlement satisfies Bankruptcy Rule 9019 because it is fair, reasonable, and in the best interests of the Debtors, the estate, and the stakeholders.  As a result, the Debtors respectfully submit that the Proposed Settlement satisfies the *Martin* factors and request that the Court approve the Proposed Settlement and authorize the Debtors to enter into and perform under it.

**Waiver of Bankruptcy Rule 6004(h)**

30.    Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h).  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is

stayed until expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons described above, the relief requested is essential to maximize the value of the Debtors' assets and ample cause exists to justify a waiver of the stay period to the extent applicable.

### Reservation of Rights

31.     Nothing in this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party.

### Notice

32.     Notice of this Motion has been provided to:   (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the CFTC; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated:  July 12, 2024
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Marc De Leeuw (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:  dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       deleeuwm@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*