# **Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. ——17923** |

**ORDER (I) AUTHORIZING AND APPROVING SALE OF DEBTORS' INTERESTS IN FTX JAPAN K.K. FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING FTX JAPAN HOLDING K.K.'S ENTRY INTO, AND PERFORMANCE UNDER, THE PURCHASE AND SALE AGREEMENT; (III) DISMISSING THE CHAPTER 11 CASE OF FTX JAPAN K.K. EFFECTIVE AS OF CLOSING; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Sale Order"), pursuant to sections 105(a), 305(a), 349, 363 and 1112(b) of the Bankruptcy Code, Bankruptcy Rules 1017, 2002, 6004, 9007, 9008 and 9014 and Local Rules 1017-2, 2002-1, 6004-1 and 9006-1, among other things, (a) authorizing and approving the sale (the "Sale Transaction") of all of the outstanding equity interests (the "Interests") held by Debtor FTX Japan Holdings K.K. ("Seller") in Debtor FTX Japan K.K. (the "FTX Japan") to bitFlyer Holdings. Inc. ("Purchaser"), free and clear of all liens, claims, interests and encumbrances in accordance with the terms and conditions set forth in the Agreement, (b) authorizing and approving Seller's entry into, and

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

performance under, the Purchase and Sale Agreement, dated as of June 19, 2024, a copy of which is attached as Exhibit B to the Motion (together with all exhibits and schedules thereto, the "Agreement"), between Seller and Purchaser, (c) dismissing the Chapter 11 Case of FTX Japan, effective upon the transfer of the Interests; and (d) granting related relief; the Court having held a hearing to approve the Sale Transaction pursuant to the terms of the Agreement (the "Sale Hearing") to review and consider (i) the Motion with respect to the Sale Transaction and all relief related thereto, (ii) the Agreement, (iii) the *Declaration of Bruce Mendelsohn in Support of the Sale Transaction* and the *Declaration of Yuzo Kano in Support of the Sale Transaction*, and (iv) any objections thereto that were not resolved prior to the start of the Sale Hearing; and upon the record of the Sale Hearing and all of the proceedings had before this Court; and objections (if any) to the Motion, with respect to the sale of the Interests, having been withdrawn or overruled on the merits; and after due deliberation and good cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.    Jurisdiction and Venue.  This Court has jurisdiction over this matter and over the property of the Debtors' estates, including the Interests to be sold, transferred or conveyed pursuant to the Agreement, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This Court may issue a final order on the Motion consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* FED. R. BANKR. P. 7052.

B.    <u>Statutory and Rule Predicates</u>.  The statutory and other legal predicates for

the relief requested in the Motion and for the approvals and authorization herein are sections

105(a), 305(a), 349, 363 and 1112(b) of the Bankruptcy Code, Bankruptcy Rules 1017, 2002,

6004, 9007, 9008 and 9014 and Local Rules 1017-2, 2002-1, 6004-1 and 9006-1.

C.    <u>Final Order</u>.  This Sale Order constitutes a final order within the meaning

of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to the

extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil

Procedures, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is

no just reason for delay in the implementation of this Sale Order, and expressly directs entry of

judgment as set forth herein and authorizes Seller's entry into, and performance under, the

Agreement and Seller's, FTX Japan's and FTX Trading Ltd.'s entry into, and performance

under, the Release Agreement (as defined in the Agreement) without regard to any stay or delay

in their implementation.

D.    <u>Sale Notice</u>.  As shown by the affidavits of service filed with this Court

and the representations or proffers made on the record at the Sale Hearing, (a) the Debtors have

provided due, good, proper, timely, reasonable, adequate, appropriate and sufficient notice of,

and sufficient opportunity to object to, the Motion and the relief requested therein, including,

among other things, the Sale Transaction, the dismissal of FTX Japan's Chapter 11 Case

effective upon the transfer of the Interests and the entry of this Sale Order in compliance with all

applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules,

(b) such notice was adequate and sufficient under the circumstances of these Chapter 11 Cases,

and (c) no other or further notice is necessary or shall be required.

E.      Opportunity to Object.  A fair and reasonable opportunity to object or be heard regarding the relief granted by this Sale Order has been afforded to all interested parties.

F.      No Collusion.  Purchaser is not an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code.  The Agreement and the Sale Transaction were negotiated, proposed and entered into by Seller and Purchaser without collusion or fraud, in good faith and from arm's-length bargaining positions, and are substantively and procedurally fair to all parties.  Neither the Debtors nor Purchaser has engaged in any conduct that would cause or permit the Agreement or the consummation of the Sale Transaction to be avoided, or costs or damages to be imposed under section 363(n) of the Bankruptcy Code, and accordingly neither the Debtors nor Purchaser has violated section 363(n) of the Bankruptcy Code by any action or inaction.  Specifically, Purchaser has not acted in a collusive manner with any person and the Closing Consideration (as defined in the Agreement) was not controlled by any agreement among bidders.  The Sale Transaction may not be avoided, and no damages may be assessed against Purchaser or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

G.      Good Faith of Purchaser.  Purchaser is purchasing the Interests in good faith and for value, and is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code.  Purchaser is therefore entitled to all of the protections afforded under section 363(m) and any other applicable or similar bankruptcy or non-bankruptcy law, and otherwise has proceeded in good faith in all respects in connection with this proceeding, the Sale Transaction and the Agreement, in that, *inter alia*: (a) Purchaser recognized that the Debtors were free to deal with any other party interested in acquiring the Interests; (b) Purchaser in no way induced or caused the filing of these Chapter 11 Cases by the Debtors; (c) all payments to be made, and all

other material agreements or arrangements entered into or to be entered into, by Purchaser in connection with the Sale Transaction have been disclosed; (d) Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (e) the negotiation and execution of the Agreement were at arm's length and in good faith, and at all times each of the Purchaser and Seller were represented by competent counsel of their choosing; and (f) the Purchaser has not acted in a collusive manner with any person.  Purchaser will be acting in good faith within the meaning of section 363(m) in closing the transactions as found and authorized by this Sale Order and contemplated by the Agreement.

        H.     <u>Highest and Best Offer</u>.  The Debtors and their advisors, including, without limitation, Perella Weinberg Partners LP, have appropriately marketed the Interests, and a reasonable opportunity has been given to any interested party to make a higher or better offer for the Interests.  No other person or entity or group of entities has offered to purchase the Interests for higher or otherwise better value to the Debtors' estates than Purchaser.  The offer to purchase the Interests made by Purchaser, under the terms and conditions set forth in the Agreement: (a) was made in good faith; (b) is the highest or otherwise best offer obtained for the Interests and will provide a greater recovery for the Debtors' estates than would be provided by any other reasonably available alternative; (c) is for fair, adequate and sufficient consideration that constitutes reasonably equivalent value for the Interests being conveyed to Purchaser; (d) is fair and reasonable; (e) is in the best interests of the Debtors' estates; and (f) would not have been made by Purchaser absent the protections afforded to Purchaser by this Sale Order.

        I.     <u>Reasonable Exercise of the Debtors' Business Judgment.</u>  The Debtors' determination that the Sale Transaction, pursuant to the Agreement, provides the highest or otherwise best offer for the Interests, and their related decision to sell the Interests, constitute a

reasonable exercise of the Debtors' business judgment.  The facts and circumstances described in the Motion and the evidence adduced in connection with the Sale Hearing demonstrate the Debtors' business judgment to sell the Interests to Purchaser at this time, and the Debtors have articulated sound business reasons for consummating the Sale Transaction and for selling the Interests outside of a chapter 11 plan.  Moreover, the sale of the Interests outside of a chapter 11 plan pursuant to the Agreement neither impermissibly restructures the rights of the Debtors' creditors nor dictates the terms of any chapter 11 plan.  The Sale Transaction does not constitute a *sub rosa* chapter 11 plan.  It is a reasonable exercise of the Debtors' business judgment to execute, deliver and consummate the Sale Transaction, subject to this Sale Order.

    J. <u>Fair Consideration</u>.  The Closing Consideration provided by Purchaser pursuant to the Agreement (a) is fair and reasonable, (b) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) and (c) constitutes fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

    K. <u>No Successor or Other Derivative Liability</u>.  As a result of any action taken in connection with the Sale Transaction, the Agreement, or this Sale Order: (a) Purchaser is not a successor to, mere continuation of, alter ego of, or substantial continuation of the Debtors or their estates and there is no continuity of enterprise between Purchaser and the Debtors; and (b) Purchaser shall not be deemed to be holding itself out to the public as a continuation of the Debtors based on the Sale Transaction, this Sale Order or the Agreement. Purchaser is not, and shall not be, considered a successor in interest to any of the Debtors or their estates, by reason of any theory of law or equity, and the Sale Transaction, this Sale Order or the

Agreement do not amount to, separately or together, a consolidation, succession, merger, or de facto merger of Purchaser and the Debtors and/or the Debtors' estates. Purchaser would not have entered into the Agreement if the sale of the Interests were not made free and clear of any successor liability of Purchaser. Except as expressly provided for in this Sale Order or the Agreement, Purchaser shall not have any liability, responsibility or other obligation to the Debtors or their estates arising under or related to the Interests prior to the Closing. Without limiting the generality of the foregoing, Purchaser shall not, by virtue of the Sale Transaction, be liable for any claims against the Debtors or any of their predecessors or affiliates, and Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental (subject to paragraph 1718 below), successor or transferee liability, securities law, tax law, labor law, products liability law, employment law, pension law, ERISA law, de facto merger, mere continuation, alter ego, veil piercing, escheat, continuity of enterprise or substantial continuity, or other applicable law, rule or regulation, or theory of liability, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, environmental liabilities (subject to paragraph 1718 below) and any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the Interests prior to the Closing (collectively, the "Successor or Other Liabilities").

L.      Corporate Power and Authority. As set forth in Sections 2.1(a) and 2.2(a) of the Agreement, each of Purchaser and Seller (a) has the requisite power and authority to enter into, execute and deliver the Agreement and all other documents contemplated thereby, (b) has (with respect to Seller, upon entry of this Sale Order) the requisite power and authority to

perform all of the obligations to be performed under the Agreement, including the Sale

Transaction, and (c) has taken all corporate action and formalities necessary to authorize, execute

and deliver the Agreement and the consummation of the Sale Transaction.  Seller's sale of the

Interests has been duly and validly authorized by all necessary corporate action.  No consents or

approvals, other than this Sale Order and those expressly provided for in the Agreement, are

required for Seller to consummate the Sale Transaction.

      M.    <u>No Fraudulent Conveyance or Fraudulent Transfer Claims.</u>  The

Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors

under the Bankruptcy Code or under the laws of the United States, any state, territory, possession

or the District of Columbia.  Neither the Debtors nor Purchaser are entering into the Sale

Transaction fraudulently for the purpose of statutory and common law fraudulent conveyance

and fraudulent transfer claims.

      N.    <u>Title to Assets</u>.  The transfer of the Seller's rights, titles and interests to

the Interests to Purchaser will be, as of the Closing (as defined in the Agreement), a legal, valid

and effective transfer of such rights, titles and interests in the Interests, which transfer vests or

will vest Purchaser with all rights, titles and interests of the Seller to the Interests free and clear

of any lien (statutory or otherwise), charge, pledge, mortgage, lease, easement, hypothecation,

usufruct, deed of trust, security interest, option, right of use, first offer or first refusal, servitude,

restrictive covenant or condition, encroachment, claim, interest, restriction or any other

encumbrance of any kind ("<u>Liens</u>"), other than restrictions on transfer arising solely under

applicable federal and state securities laws or any applicable laws and any transfer restrictions set

forth in the FTX Japan's organizational documents ("<u>Permitted Encumbrances</u>").  The

Agreement is a valid and binding contract between Seller and Purchaser and shall be enforceable according to its terms.

   O. <u>Satisfaction of Section 363(f) Standards</u>.  The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full, and upon entry of this Sale Order, the Debtors are authorized to transfer all of their rights, titles and interests in and to the Interests free and clear of any interest in the property, other than Permitted Encumbrances.  The Debtors may sell the Interests free and clear of all Liens because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied.  Each holder with a Lien on the Interests to be transferred pursuant to the Agreement: (a) has, subject to the terms and conditions of this Sale Order, consented to the Sale Transaction or is deemed to have consented; (b) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Lien; or (c) otherwise falls within one or more of the other subsections of section 363(f) of the Bankruptcy Code.  Holders of Liens against the Debtors, their estates or the Interests who did not object, or who withdrew their objections, to the Sale Transaction or the Motion, with respect to the sale of the Interests (except with respect to Permitted Encumbrances), are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  All other holders of Liens are adequately protected by having their Liens, if any, in each instance against the Debtors, their estates or the Interests, attach to the net cash proceeds of the Sale Transaction ultimately attributable to the Interests in which such creditor alleges a Lien, in the same order of priority, with the same validity, force and effect that such Liens had prior to the Sale Transaction, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

P.     <u>Transfer of the Interests Free and Clear of Liens.</u>  Purchaser would not have entered into the Agreement and would not consummate the Sale Transaction if the sale of the Interests to Purchaser were not free and clear of all Liens (other than Permitted Encumbrances), or if Purchaser or any of the Purchaser Parties (as defined in the Agreement) would, or in the future could, be liable for any such Lien.  The Closing Consideration to be provided under the Agreement reflects Purchaser's reliance on this Sale Order to provide it, pursuant to sections 105(a) and 363 of the Bankruptcy Code, with title to, interest in and possession of the Interests free and clear of all Liens (other than Permitted Encumbrances).  Not transferring the Interests free and clear of all Liens (other than Permitted Encumbrances) would adversely impact the Debtors' efforts maximize the value of the estates, and the transfer of the Interests other than pursuant to a transfer that is free and clear of all Liens (other than Permitted Encumbrances) would be of substantially less benefit to the Debtors' estates.

Q.     <u>Waiver of Bankruptcy Rules 6004(h) and 6006(d).</u>  Good and sufficient reasons for approval of the Agreement and the Sale Transaction have been articulated.  The Debtors have demonstrated both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the Sale Transaction other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a chapter 11 plan, in that, among other things, the immediate consummation of the Sale Transaction is necessary and appropriate to maximize the value of the Debtors' estates. Accordingly, there is cause to waive or lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with respect to the Sale Transaction.  To maximize the value of the Interests, it is essential that the Sale Transaction occur within the time constraints set forth in the Agreement.  Time is of the essence in consummating the Sale Transaction and the Debtors and Purchaser

intend to close the Sale Transaction as soon as practicable.  Given all of the circumstances of these Chapter 11 Cases and the adequacy and fair value of the Closing Consideration under the Agreement, the proposed Sale Transaction should be approved.

R.    <u>Compliance of the Sale Transaction with the Bankruptcy Code.</u>  The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

S.    <u>Dismissal of FTX Japan's Chapter 11 Case upon the Transfer of the Interests</u>.  The Debtors have demonstrated that there is cause to dismiss FTX Japan's Chapter 11 Case upon the transfer of the Interests and that such dismissal is in the best interest of the creditors and the Debtors' estates.

T.    <u>Personally Identifiable Information</u>.  The Sale Transaction does not involve the sale of any personally identifiable information.  Thus, the appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) or section 332 of the Bankruptcy Code is not required with respect to the Sale Transaction.

U.    <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Motion and the evidence adduced in connection with the Sale Hearing establish just cause for the relief granted herein.  Entry of this Sale Order is in the best interests of the Debtors and their estates.

IT IS HEREBY ORDERED THAT:

**A.** **General Provisions**

1. The sale of the Interests and the other relief requested in the Motion is granted as set forth herein, and the Agreement and the provisions thereof and the Sale Transaction are approved in their entirety as set forth herein.

2. All objections, responses, reservations of rights and requests for any continuances concerning the Motion are resolved in accordance with the terms of this Sale Order as set forth in the record of the Sale Hearing. To the extent any such objections, responses, reservations of rights or requests for any continuances were not otherwise withdrawn, waived, settled, or resolved, such are hereby overruled and denied on the merits. All interested parties that failed to timely object to the Motion, with respect to the Sale Transaction, are deemed to have consented to the relief granted herein for all purposes, including, without limitation, pursuant to section 363(f)(2) of the Bankruptcy Code.

3. Notice of the Motion, the Agreement, the sale of the Interests free and clear of all Liens, except Permitted Encumbrances, the Sale Transaction and the dismissal of FTX Japan's Chapter 11 Case upon the transfer of the Interests was fair, equitable, proper, and sufficient under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9007, 9008, 9014 and Local Rules 2002-1, 6004-1 and 9006-1.

**B.** **Approval of the Agreement**

4. The Agreement and all of the terms and conditions thereof, including the Release Agreement, are hereby authorized and approved in all respects. The failure to specifically include or make reference to any particular provision of the Agreement in this Sale

Order shall not impair the effectiveness of such provision, as it is the intent of this Court that the Agreement and the Sale Transaction are authorized and approved in their entirety.

5.      Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale Transaction to Purchaser in accordance with the terms and conditions of the Agreement, (b) close the Sale Transaction as contemplated in the Agreement and this Sale Order, and (c) execute and deliver, perform under, consummate and implement the Agreement and the Release Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the Sale Transaction. Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement or any other sale-related document.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order; provided, however, that this Court shall retain exclusive jurisdiction over any and all disputes with respect thereto.

6.      This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors of and holders of equity interests in, the Debtors, any holders of Liens in, against or on all or any portion of the Interests (whether known or unknown), Purchaser and all successors and assigns of Purchaser, the Interests and any trustees, if any, subsequently appointed in these Chapter 11 Cases or upon a conversion to Chapter 7 under the Bankruptcy Code of these Chapter 11 Cases.  This Sale Order, the Agreement and the Release Agreement shall inure to the benefit of the Debtors, their estates and creditors, Purchaser and the respective successors and assigns of each of the foregoing.

**C.**     **Consummation of the Sale Transaction**

7.     Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer all of their rights, titles and interests to the Interests to Purchaser on the Closing Date (as defined in the Agreement) and such transfer shall constitute a legal, valid, binding and effective transfer of such rights, titles and interests in the Interests and shall vest Purchaser with all of the Debtors' rights, titles and interests in the Interests and, upon the Debtors' receipt of the Closing Consideration, shall be free and clear of all liens, claims, interests and encumbrances, including but not limited to, Successor or Other Liabilities, any other successor or successor-in-interest liability, or any tax liens or mechanic's liens asserted against the Interests, except Permitted Encumbrances, with all Liens to attach to the net cash proceeds ultimately attributable to the property against or in which such Liens are asserted, subject to the terms thereof, with the same validity, force and effect, and in the same order of priority, which such Liens now have against the Interests, subject to any rights, claims and defenses the Debtors or their estates, as applicable, may possess with respect thereto.  The provisions of this Sale Order authorizing and approving the transfer of the Interests free and clear of all Liens (other than Permitted Encumbrances) shall be self-executing, and neither the Debtors nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order.

8.     A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens and other encumbrances of record except Permitted Encumbrances.

9.     If any person or entity which has filed statements or other documents or agreements evidencing Liens in, against or on all or any portion of the Interests shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Liens and any other documents necessary for the purpose of documenting the release of all Liens which the person or entity has or may assert with respect to all or any portion of the Interests, the Debtors, Purchaser and each of their respective officers, employees and agents are hereby authorized and empowered to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Interests.

10.     This Sale Order is and shall be effective as a determination that, on the Closing Date, all Liens existing as to the Interests prior to the Closing Date, except Permitted Encumbrances, shall have been unconditionally released, discharged and terminated from the Interests, and that the conveyances described herein have been effected without any further action required by the Purchaser.  This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Sale Transaction.

**D.**     **Prohibition of Actions Against Purchaser**

11.     Except as expressly provided for in this Sale Order or the Agreement, Purchaser shall not have any liability, responsibility or other obligation to the Debtors or their estates arising under or related to the Interests (a) prior to the Closing or (b) from or after the Closing but which arise out of or relate to any act, omission, circumstance, breach, default or other event occurring prior to the Closing.  Purchaser is not a "successor" to the Debtors or their estates by reason of any theory of law or equity (including, without limitation, any Successor or Other Liabilities).  Without limiting the generality of the foregoing, Purchaser shall not, by virtue of the Sale Transaction, be liable for any claims against the Debtors or any of their predecessors or affiliates, and Purchaser shall have no Successor or Other Liabilities or vicarious liabilities of any kind or character.  The Sale Transaction does not amount to a consolidation, succession, merger or de facto merger of Purchaser, on the one hand, and the Debtors, the Debtors' affiliates and/or the Debtors' estates, on the other hand, and there is not substantial continuity between Purchaser, on the one hand, and the Debtors or their affiliates, on the other hand, and Purchaser is not a mere continuation or alter ego of the Debtors or their estates, and Purchaser does not constitute a successor to the Debtors or their estates.  For purposes of paragraphs 11 to 14 of this Sale Order, all references to Purchaser shall include the Purchaser Parties.

12.     Except as expressly otherwise set forth in the Agreement and this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, dealers, employees, litigation claimants and other creditors, holding Liens (other than permitted Encumbrances) against or in all or any portion of the Interests (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or

unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors or the Interests prior to the Closing or the transactions contemplated by the Agreement, including the transfer of the Interests to Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against Purchaser, its affiliates, its successors or assigns, their property or the Interests, such persons' or entities' Liens (other than Permitted Encumbrances) with respect to the Interests, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against Purchaser, its affiliates, its successors, assets or properties; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against Purchaser, its affiliates, its successors, assets or properties; (c) creating, perfecting or enforcing any Liens against Purchaser, its affiliates, its successors, assets or properties; (d) asserting any unexercised set-off or right of subrogation against any obligation due Purchaser, its affiliates or its successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order, or the agreements or actions contemplated or taken in respect thereof; or (f) to the extent provided in section 525 of the Bankruptcy Code, revoking, terminating or failing or refusing to transfer or renew any license, permit or authorization to operate FTX Japan, except with respect to the Permitted Encumbrances.  On the Closing Date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release Liens (other than Permitted Encumbrances) in or on the Interests, if any, as provided for herein, as such Liens may have been recorded or may otherwise exist.

13.    All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere (a) with the ability of the Debtors and/or Seller to sell and transfer the Interests to Purchaser in accordance with the terms of the

Agreement and this Sale Order, and (b) with the ability of Purchaser to acquire and take possession of the Interests in accordance with the terms of the Agreement and this Sale Order.

14.     Purchaser has given substantial consideration under the Agreement for the benefit of the Debtors and their estates.  The Closing Consideration given by Purchaser shall constitute valid and valuable consideration for the sale being free and clear of any potential liens, claims, interests, and encumbrances, including any Liens, as to the Interests pursuant to this Sale Order, except with respect to the Permitted Encumbrances, and free and clear of any potential claims of successor liability against the Purchaser.  The Closing Consideration provided by Purchaser for the Interests under the Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

**E.      Dismissal of FTX Japan's Chapter 11 Case upon the transfer of the Interests**

15.     Pursuant to sections 105(a), 305(a) and 1112(b) of the Bankruptcy Code, FTX Japan's Chapter 11 Case is dismissed effective upon the transfer of the Interests.

16.     Notwithstanding section 349 of the Bankruptcy Code, references in prior orders of this Court to "the Debtors" or "the Chapter 11 Cases" or similar references shall apply to FTX Japan with respect to periods on and including the date of this Order, but shall not apply to FTX Japan with respect to periods after this Order.

17.     Following the dismissal of FTX Japan's Chapter 11 Case effective upon the the transfer of the Interests, Kroll Restructuring Administration LLC, the Debtors' authorized claims agent, shall be authorized to remove and expunge all proofs of claim and proofs of interest filed against FTX Japan from the claims registry and shall comply with Local Rule 2002-1(f)(ix).

**F.**     **Other Provisions**

18.    17. Nothing in this Sale Order or the Agreement releases, nullifies,

precludes or enjoins the enforcement of any police or regulatory liability to a governmental unit

that any entity would be subject to as the post-sale owner or operator of property following the

Closing.  In addition, nothing in this Sale Order divests any tribunal of any jurisdiction it may

have under police or regulatory law, including the jurisdiction to interpret this Sale Order or to

adjudicate any defense asserted under this Sale Order.

19.    18. Further, nothing in this Sale Order or Agreement authorizes the

transfer or assignment of any governmental license, permit, registration, authorization or

approval, or the discontinuation of any obligation thereunder, if such transfer or assignment

would not be in compliance with all applicable legal requirements and approvals under police or

regulatory law as appropriate.

20.    19. Notwithstanding anything to the contrary in the Motion, this Sale

Order, or any findings announced at the Sale Hearing, nothing in the Motion, this Sale Order, or

announced at the Sale Hearing constitutes a finding under the federal securities laws as to

whether crypto tokens or transactions involving crypto tokens are securities, and the right of the

United States Securities and Exchange Commission to challenge transactions involving crypto

tokens on any basis are expressly reserved.

21.    20. The Closing Consideration provided by Purchaser to the Debtors

pursuant to the Agreement for the Interests (a) is fair and reasonable, (b) constitutes reasonably

equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act,

Uniform Fraudulent Conveyance Act, its equivalents, and section 548 of the Bankruptcy Code)

and (c) constitutes fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

22.   21.   The sale of the Interests does not include the sale of any causes of action held by any of the Debtors against any person or entity, including but not limited to causes of action against Samuel Bankman-Fried, Gary Wang, Nishad Singh, Caroline Ellison or any person known by the Debtors to have a familial relationship with any of the foregoing persons.

23.   22.   The Sale Transaction is undertaken by Purchaser without collusion and in good faith, within the meaning of section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction, unless such authorization and such Sale Transaction were duly stayed pending such appeal at the time of the Closing. Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full rights, benefits, privileges and protections of section 363(m) of the Bankruptcy Code.  The Debtors and Purchaser will be acting in good faith if they proceed to consummate the Sale Transaction at any time after the entry of this Order.

24.   23.   As a good faith purchaser of the Interests, Purchaser has not entered into an agreement with any other potential bidders, and has not colluded with any other bidders, potential bidders, or any other parties interested in the Interests, and therefore, neither the Debtors nor any successor-in-interest to the Debtors' estates shall be entitled to bring an action against Purchaser, and the Sale Transactions may not be avoided pursuant to section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) in respect of the Agreement or Sale Transaction.

25. 24. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) these Chapter 11 Cases, (b) any subsequent Chapter 7 case into which these Chapter 11 Cases may be converted or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the Agreement or the Release Agreement or the terms of this Sale Order.  In the event there is a conflict between this Sale Order and the Agreement (or any ancillary agreements executed in connection therewith), this Sale Order shall control and govern.  Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.  To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Sale Order shall control.

26. 25. Pursuant to Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Sale Order shall be effective and enforceable immediately upon entry, the Debtors and Purchaser are authorized to close the Sale Transaction immediately upon entry of this Sale Order, and the 14-day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.

27. 26. The failure specifically to include any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreement be authorized and approved in its entirety; provided, however, that this Sale Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Sale Order.

28. 27. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance

with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates or any of the Debtors' creditors.  If the Agreement is modified, the Debtors shall file the modified version with the Court.

29. ~~28.~~ Pursuant to the terms of and subject to the conditions contained in the Agreement, following the Closing, Seller, its successors and assigns and any trustee in bankruptcy, and, in each case, any of their respective representatives, will have access to the books and records related to the Interests subject to the terms of, and for the specified purposes set forth in, and in accordance with, Section 3.7 of the Agreement.

30. ~~29.~~ This Court shall retain ~~exclusive~~ jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of this Sale Order and the Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors to Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale Transaction.

31. ~~30.~~ The Agreement and the Release Agreement shall be in full force and effect, regardless of any Debtor's lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

32. ~~31.~~ No bulk sales law, bulk transfer law or any similar law of any state or other jurisdiction (including those relating to taxes other than Transfer Taxes (as defined in the Agreement)) shall apply to the Debtors' conveyance of the Interests or this Sale Order.

33. ~~32.~~ The appointment of a consumer privacy ombudsman pursuant to section 363(b)(1) or section 332 of the Bankruptcy Code is not required with respect to the Sale Transaction.

34. ~~33.~~ Nothing in this Sale Order shall affect the obligations, if any, of the Debtors, Purchaser, and/or any transferee or custodian to maintain all books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

35. ~~34.~~ Nothing in this Sale Order shall be deemed to waive, release, extinguish or estop the Debtors or their estates from asserting or otherwise impairing or diminishing any right (including any right of recoupment), claim, chose in action, cause of action, defense, offset or counterclaim in respect of any asset that is not the Interests, except as provided in the Release Agreement.

36. ~~35.~~ All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: _____        _____
              Wilmington, Delaware                    The Honorable John T. Dorsey
                                                                 United States Bankruptcy Judge