## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: July 30, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: August 6, 2024 at 2:00 p.m. (ET)** |

## MOTION OF LAYERZERO LABS LTD., ARI LITAN, AND SKIP & GOOSE LLC PURSUANT TO BANKRUPTCY RULE 3018(a) FOR ESTIMATION AND TEMPORARY ALLOWANCE OF CLAIMS FOR PURPOSES OF VOTING TO ACCEPT OR REJECT THE PLAN

LayerZero Labs Ltd. ("LayerZero"), Ari Litan, and Skip & Goose LLC ("Skip & Goose", and collectively with LayerZero and Ari Litan, the "LayerZero Group"), by and through their undersigned counsel, hereby move (this "Motion") this Court pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order temporarily allowing, solely for voting purposes, (i) LayerZero's General Unsecured Claims in the aggregate amount of $40,609,864 and (ii) Skip & Goose's U.S. Customer Entitlement Claims in the aggregate amount of $1 for the purpose of voting to accept or reject the Debtors' Plan (as defined below) in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). In support of this Motion, the LayerZero Group respectfully states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

11638253v.1

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C.§§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief sought herein are sections 502 and 1126 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Bankruptcy Rules 3001 and 3018(a).

**BACKGROUND**

3.      On November 11, 2022, and November 14, 2022 (the "Petition Dates"), the Debtors filed voluntary petitions for relief under the Bankruptcy Code.

4.      On September 8, 2023, the Debtors filed an adversary proceeding against the LayerZero Group at Adv. Pro. No. 23-50492-JTD (the "Adversary Proceeding"), which, among other things, seeks to avoid and recover certain allegedly preferential transfers under the Bankruptcy Code from the members of the LayerZero Group's FTX.com and FTX US exchange accounts. The Adversary Proceeding also seeks to avoid, as a fraudulent transfer or preference, the exchange of debt claims held by LayerZero for LayerZero equity held by the Debtors.

---

[2]   Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the LayerZero Group consents to the Court's entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

11638253v.1

5.  On June 29, 2023, and September 29, 2023, LayerZero and Skip & Goose timely filed proofs of claim evidencing the amounts due and owing to members of the LayerZero Group as well as contingent section 502(h) claims, as more fully set forth below and attached hereto as Exhibit A:

| Claim Numbers | Date Filed | Amount of Claim | Description of Claim | Class |
|---|---|---|---|---|
| 85203 85226 85338 | September 29, 2023 | Unliquidated | Skip & Goose's contingent section 502(h) claims for any US Customer Entitlement Claims following the conclusion of the Adversary Proceeding | Class 5B U.S. Customer Entitlement Claims |
| 5236 85231 | June 29, 2023 September 29, 2023 | $39,160,000.00 | LayerZero claim to enforce November 9, 2022 Token Purchase Agreement of 100 million Stargate Tokens for $10 million and any contingent section 502(h) claims following the conclusion of the Adversary Proceeding | Class 6A General Unsecured Claims |
| 5263 85218 85302 85245 | June 29, 2023 September 29, 2023 | $1,449,864.00 | Outstanding unpaid interest under the Master Loan Agreement dated as of January 27, 2022 and any contingent section 502(h) claims and contingent expense claims following the conclusion of the Adversary Proceeding | Class 6A General Unsecured Claims |

6.  On June 26, 2024, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots;*

11638253v.1

*(IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [Docket No. 19068] (the "Disclosure Statement Order").

7. The Disclosure Statement Order provides that the solicitation mailing deadline was July 10, 2024 and the Rule 3018 Motion Filing Deadline is July 16, 2024.

8. The Debtors are seeking to solicit votes to accept the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [Docket No. 19139] (the "Plan").[3]

9. While LayerZero received a solicitation package for its Class 5A Dotcom Customer Entitlement Claims, the Debtors failed to provide a ballot for any of its other claims. The Debtors failed to provide Skip & Goose a ballot.

## RELIEF REQUESTED

10. By this Motion, the LayerZero Group requests entry of an order substantially in the form of the proposed order attached as Exhibit B hereto temporarily allowing (i) LayerZero's General Unsecured Claims in the aggregate amount of $40,609,864 and (ii) Skip & Goose's U.S. Customer Entitlement Claims in the amount of $1 for purposes of voting to accept or reject the Plan, pursuant to Bankruptcy Rule 3018(a), and requiring the Debtors to provide appropriate ballots for solicitation of acceptances and rejections to the proposed Plan.[4]

## BASIS FOR RELIEF

11. Only holders of allowed claims or interests are permitted to vote to accept or reject a chapter 11 plan. 11 U.S.C. § 1126. A claim represented by a timely and properly filed proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Thus, once a

---

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

[4] While Ari Litan received a ballot for U.S. Convenience Claims, he reserves the right to argue that his claims should be reclassified as U.S. Customer Entitlement Claims.

11638253v.1

party in interest objects to a filed claim, the holder of that claim is no longer entitled to vote on a chapter 11 plan while the objection is pending. *See* 11 U.S.C. § 1126. While the Debtors have not filed an objection to the LayerZero Group's claims, pursuant to the Adversary Proceeding, the Debtors are seeking an order under 11 U.S.C. § 502(d) disallowing any and all claims filed or held by the LayerZero Group. *See* Adv. Pro. Docket No. 1 (the "Complaint"), ¶ 150.

12.  Where a claim is not yet allowed (due to a pending objection or otherwise), the Court nevertheless "may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018. The policy behind Bankruptcy Rule 3018(a) is "to prevent possible abuse by plan proponents" attempting to ensure acceptance of a plan by strategically objecting to the claims of dissenting creditors. *Armstrong v. Rushton (In re Armstrong)*, 292 B.R. 678, 686 (B.A.P. 10th Cir. 2003). Claims litigation can also be lengthy and does not have to be resolved before voting on a plan. Bankruptcy Rule 3018(a) "was designed to give all creditors, even those holding disputed claims, the opportunity to vote . . . ." *In re Century Glove, Inc.*, 88 B.R. 45, 46 (Bankr. D. Del. 1988).

13.  The Court has discretion and flexibility in allowing a claim temporarily for voting purposes. See *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 774 (Bankr. S.D.N.Y. 1996). It may "employ whatever method is best suited to the circumstances of the case" when determining whether, and in what amount, to allow a claim for voting purposes. *Id.* at 775; *see also In re Frascella Enters., Inc.*, 360 B.R. 435, 458 (Bankr. E.D. Pa. 2007). Rule 3018(a) contemplates only a summary estimation proceeding, not a full trial on the merits of the claim. *See, e.g.*, *In re Windsor Plumbing Supply Co.*, 170 B.R. 503, 521 (Bankr. E.D.N.Y. 1994); *In re Zolner*, 173 B.R. 629, 633 (Bankr. N.D. Ill. 1994).

14. Although the Bankruptcy Code and the Bankruptcy Rules provide no guidance as to how a court should calculate a claim for voting purposes, courts have held that the calculation "should ensure that the voting power is commensurate with the creditor's economic interests in the case." *In re Quigley Co.*, 346 B.R. 647, 654 (Bankr. S.D.N.Y. 2006). When determining whether to temporarily allow a claim, courts may look to (i) the debtor's scheduling of the claim, (ii) the proof of claim filed, and (iii) the debtor's objection to determine parties' expectations regarding the amount and nature of the claim to be voted. *Stone Hedge Props. v. Phoenix Cap. Corp. (In re Stone Hedge Props.)*, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995). Calculation of a claim under Bankruptcy Rule 3018(a), however, is not determinative of or preclusive upon the ultimate validity or amount of the claim or any causes of action before a non-bankruptcy court. *See Quigley*, 346 B.R. at 654.

15. Under the circumstances present here, the Court should exercise its discretion to temporarily allow the LayerZero Group's claims in the aggregate amounts asserted in the Proof of Claim for purposes of voting on the Plan.

16. While Skip & Goose does not have claims independent of the result of the Adversary Proceeding, it will be disenfranchised if not allowed to vote on the Plan. The Debtors are seeking to claw back what they estimate to be $6,646,989 from Skip & Goose. *See* Complaint at Exhibit C. While the LayerZero Group does not believe these claims have merit, if the Debtors were successful, Skip & Goose would have significant FTX US Customer Entitlement Claims. Moreover, pursuant to Section 5.5 of the Plan, creditors may only be entitled to participate in the waiver of customer preference actions if such creditor "(i) votes to accept the Plan, and (ii) consents and stipulates to the amount of such Dotcom Customer Entitlement Claim or U.S. Customer Entitlement Claim . . . ." Plan § 5.5. Without a ballot to vote in favor of the Plan with

respect to its contingent U.S. Customer Entitlement Claims, Skip & Goose may be excluded from eligibility for the waiver of Customer Preference Actions set forth for other similarly-situated creditors pursuant to the Plan. For the purposes of voting, Skip & Goose is simply seeking to be able to be counted for numerosity purposes, and have the ability to vote on the Plan and protect all of its respective rights.

17. LayerZero has received a ballot for its FTX.com Customer Entitlement Claims, however, LayerZero has filed proofs of claims for $1,449,864.00 unpaid interest under the Master Loan Agreement as of the Petition Date and $39,160,000.00 related to a breach by the Debtors in failing to consummate the Token Purchase Agreement (as defined in Proof of Claim No. 85231). Both of these claims are General Unsecured Claims and LayerZero has not received a ballot for either claim. The Debtors have not filed an objection to these claims and LayerZero is being inequitably disenfranchised for not being solicited on its General Unsecured Claims.

## RESERVATION OF RIGHTS

18. The LayerZero Group expressly reserves any and all right to supplement this Motion. The proposed temporary allowance of (i) LayerZero's claims in the aggregate amount of $40,609,864 and (ii) Skip & Goose's claims in the aggregate amount of $1 is solely for voting on the Plan and shall not constitute or be construed as an admission by the LayerZero Group of any limitation on the ultimate allowed amount of any of the LayerZero Group's Claims. The LayerZero Group does not waive, and expressly reserves, all rights, arguments, counterarguments, and defenses, including, without limitation, the right to contest in any court of competent jurisdiction any objection to the basis and/or validity of the ultimate amounts of the Claims.

**CONCLUSION**

19.     For the reasons set forth herein, the LayerZero Group respectfully requests that the Court enter an order granting this Motion and such other and further relief as is just and proper.

Dated: July 16, 2024
      Wilmington, Delaware

By:   /s/ M. Blake Cleary
M. Blake Cleary (No. 3614)
R. Stephen McNeill (No. 5210)
Sameen Rizvi (No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: bcleary@potteranderson.com
      rmcneill@potteranderson.com
      srizvi@potteranderson.com

-and-

Brian S. Rosen, Esq.
Dylan J. Marker, Esq.
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: brosen@proskauer.com
      dmarker@proskauer.com

-and-

Jordan E. Sazant (DE Bar No. 6515)
**PROSKAUER ROSE LLP**
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Email: jsazant@proskauer.com

*Counsel to LayerZero Group*

11638253v.1