**Exhibit A**

**Proofs of Claim**

**Proof of Claim Number 85203**



## United States Bankruptcy Court, District of Delaware

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☑ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☐ Alameda Research LLC (Case No. 22-11066) | ☐ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11119) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11175) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killarney Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☐ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☐ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11160) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☐ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |

RECEIVED

SEP 2 9 2023

KROLL RESTRUCTURING
ADMINISTRATION

## Modified Form 410
# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Skip & Goose LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

Email(s) the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Brian S. Rosen
Eleven Times Square
New York, NY 10036

Contact phone  212-969-3380

Contact email  brosen@proskauer.com

Where should payments to the creditor be sent? (if different)

Skip & Goose LLC
Attn: Ari Litan
2018 Hogan Drive
Lawrence, KS 66047

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known)_____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor. ____ ____ ____ ____

If filing a claim for cryptocurrency, please fill in 7b.

**7a. How much is the claim?**    $ See Addendum.

Does this amount include interest or other charges?

☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>**See Addendum.** |
|---|---|

---

| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
|---|---|

---

| 10. **Is this claim based on a lease?** | ☒ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
|---|---|

---

| 11. **Is this claim subject to a right of setoff?** | ☒ No<br><br>☐ Yes. Identify the property: _____ |
|---|---|

---

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:*<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies. | **Amount entitled to priority**<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____ |
|---|---|---|

---

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required.** | $_____ |
|---|---|---|

---

**Part 3:** *Sign Below*

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/28/2023
                   MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

Name        Ari Litan
            First name              Middle name              Last name

Title

Company     Skip & Goose LLC
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     2018 Hogan Drive
            Number       Street

            Lawrence                    KS        66047
            City                        State     ZIP Code

Contact phone   _____          Email _____

Modified Form 410                      **Proof of Claim**                          page 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## ADDENDUM TO NON-CUSTOMER PROOF OF CLAIM OF SKIP & GOOSE LLC

1.      On November 11, 2022 (the "Petition Date"), FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned, jointly administered chapter 11 cases (the "Chapter 11 Cases") each filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Skip & Goose LLC ("Skip & Goose") is a limited liability company for the benefit of Ari Litan's self-directed individual retirement account administered by Madison Trust Company. Skip & Goose has an account on the West Realm Shires Services, Inc. ("FTX US") exchange (the "Skip & Goose Account").

3.      On September 8, 2023, FTX Trading, FTX US, and Maclaurin Investments Ltd., f/k/a/ Alameda Ventures Ltd. ("Alameda Ventures," and, together with FTX Trading and FTX US, the "Plaintiffs") filed the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 547, 548 and 550, Del. Code Ann. Tit. 6, §§ 1304 and 1305, and for Disallowance of Claims Pursuant to 11 U.S.C. § 502* [Case No. 22-11068, ECF No. 2457; Adv. Pro. No. 23-50492, ECF No. 1] (the "Complaint") against LayerZero Labs Ltd., Ari Litan, and

---

[1]    The last four digits of FTX Trading Ltd.'s tax identification number is 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Skip & Goose.  In the Complaint, Plaintiffs assert, among other things, a preference claim against Skip & Goose (the "Skip & Goose Preference Claim") for certain withdrawals from the Skip & Goose Account.  Complaint ¶¶ 18, 70, 72, 131–141.

4.      Following the filing of the Complaint, Skip & Goose retained Proskauer Rose LLP ("Proskauer") to represent it as counsel in connection with the Complaint and Chapter 11 Cases.

### Classification and Amount of Claim

5.      In the event Plaintiffs prevail and obtain a judgment with respect to the Skip & Goose Preference Claim, Skip & Goose hereby asserts a general unsecured claim, pursuant to section 502(h) of the Bankruptcy Code, against Plaintiffs for all amounts that may be due and payable pursuant to such judgment.  Additionally, in the event Plaintiffs are unsuccessful in connection with the Skip & Goose Preference Claim, Skip & Goose hereby asserts a contingent general unsecured claim for all fees and expenses incurred by Skip & Goose in connection with or related to the Skip & Goose Preference Claim, including, without limitation, reasonable attorneys' fees and expenses.

### Inquiry Notice

6.      This Proof of Claim serves, and is intended to serve, as notice of a claim for any amount due or to become due in connection with the Skip & Goose Preference Claim, and all interested parties are on notice, and advised to examine the Complaint and any other pleadings in Adv. Pro. No. 23-50492.

### Reservation of Rights and Claims

7.      This Proof of Claim is filed under the compulsion of the bar date established in the Chapter 11 Cases and is filed to protect Skip & Goose from any asserted forfeiture of claims by reason of said bar date.  Skip & Goose reserves its right to amend and/or supplement this Proof of Claim for the purposes and to the extent permitted by applicable law.

8.    This Proof of Claim does not encompass claims or rights that Skip & Goose may have that arise after the Petition Date and that are entitled to an administrative priority, including, without limitation, rights to payment of the fees and expenses incurred by Proskauer. Skip & Goose expressly reserves its right to file and assert at the appropriate time any claims and rights that are entitled to an administrative priority. The mention of a claim herein does not constitute a waiver of the right to administrative priority.

9.    Skip & Goose reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted by the Debtors. Including, without limitation, any rights of setoff and/or recoupment not expressly asserted herein. Skip & Goose does not waive, and expressly reserves, any right of action that it may have against the Debtors or any other person or persons.

10.    Skip & Goose further reserves all rights accruing to it, and the filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of its rights against any person, entity, or property (including, without limitation, the Debtors or any other person or entity that is or becomes a debtor in a case pending in this Court); (ii) a consent by Skip & Goose to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Skip & Goose; (iii) a waiver, release, or limitation of Skip & Goose's rights to a trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by Skip & Goose to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant

3

to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of Skip & Goose's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Skip & Goose; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

## **Notices and Communications**

11.     All notices and communications concerning the Proof of Claim should be sent to the following addresses:

> Proskauer Rose LLP
> Attn:  Brian S. Rosen
> Eleven Times Square
> New York, NY 10036
>
> and
>
> Proskauer Rose LLP
> Attn:  Libbie Osaben
> 70 West Madison
> Chicago, IL 60602
>
> and
>
> Skip & Goose LLC
> Attn: Ari Litan
> 2018 Hogan Dr.
> Lawrence, KS 66047

**Proof of Claim Number 85226**

COPY

## United States Bankruptcy Court, District of Delaware

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☐ Alameda Research LLC (Case No. 22-11066) | ☐ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11140) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11142) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11116) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11126) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killarney Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☑ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☐ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11091) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☐ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |

RECEIVED

SEP 2 9 2023

KROLL RESTRUCTURING
ADMINISTRATION

## Modified Form 410
# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | Who is the current creditor? | Skip & Goose LLC |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |
| | | Email(s) the creditor used with the debtor _____ |

| | | |
| --- | --- | --- |
| 2. | Has this claim been acquired from someone else? | ☒ No |
| | | ☐ Yes. From whom? _____ |

| | | | |
| --- | --- | --- | --- |
| 3. | Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Brian S. Rosen<br>Eleven Times Square<br>New York, NY 10036 | Skip & Goose LLC<br>Attn: Ari Litan<br>2018 Hogan Drive<br>Lawrence, KS 66047 |
| | | Contact phone  212-969-3380 | Contact phone _____ |
| | | Contact email  brosen@proskauer.com | Contact email _____ |

| | | |
| --- | --- | --- |
| 4. | Does this claim amend one already filed? | ☒ No |
| | | ☐ Yes.  Claim number on court claims registry (if known)_____ Filed on ___/___/___  MM / DD / YYYY |

| | | |
| --- | --- | --- |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No |
| | | ☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

| | | |
| --- | --- | --- |
| 6. | Do you have any number you use to identify the debtor? | ☒ No |
| | | ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor. ____ ____ ____ ____ |

**If filing a claim for cryptocurrency, please fill in 7b.**

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

7a. How much is the claim?    $ See Addendum.

**If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.**

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>**See Addendum.** |

**9. Is all or part of the claim secured?**

☒ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No
☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required.   $_____

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

- ☒ I am the creditor.
- ☐ I am the creditor's attorney or authorized agent.
- ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    09/28/2023
_____
                MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Ari Litan |
| | First name              Middle name                      Last name |
| Title | |
| Company | Skip & Goose LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 2018 Hogan Drive |
| | Number          Street |
| | Lawrence                               KS        66047 |
| | City                                          State     ZIP Code |
| Contact phone | _____    Email _____ |

Modified Form 410                          Proof of Claim                          page 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## ADDENDUM TO NON-CUSTOMER PROOF OF CLAIM OF SKIP & GOOSE LLC

1.      On November 11, 2022 (the "Petition Date"), FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned, jointly administered chapter 11 cases (the "Chapter 11 Cases") each filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Skip & Goose LLC ("Skip & Goose") is a limited liability company for the benefit of Ari Litan's self-directed individual retirement account administered by Madison Trust Company. Skip & Goose has an account on the West Realm Shires Services, Inc. ("FTX US") exchange (the "Skip & Goose Account").

3.      On September 8, 2023, FTX Trading, FTX US, and Maclaurin Investments Ltd., f/k/a/ Alameda Ventures Ltd. ("Alameda Ventures," and, together with FTX Trading and FTX US, the "Plaintiffs") filed the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 547, 548 and 550, Del. Code Ann. Tit. 6, §§ 1304 and 1305, and for Disallowance of Claims Pursuant to 11 U.S.C. § 502* [Case No. 22-11068, ECF No. 2457; Adv. Pro. No. 23-50492, ECF No. 1] (the "Complaint") against LayerZero Labs Ltd., Ari Litan, and

---

[1]      The last four digits of FTX Trading Ltd.'s tax identification number is 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Skip & Goose. In the Complaint, Plaintiffs assert, among other things, a preference claim against Skip & Goose (the "Skip & Goose Preference Claim") for certain withdrawals from the Skip & Goose Account. Complaint ¶¶ 18, 70, 72, 131–141.

4.    Following the filing of the Complaint, Skip & Goose retained Proskauer Rose LLP ("Proskauer") to represent it as counsel in connection with the Complaint and Chapter 11 Cases.

### Classification and Amount of Claim

5.    In the event Plaintiffs prevail and obtain a judgment with respect to the Skip & Goose Preference Claim, Skip & Goose hereby asserts a general unsecured claim, pursuant to section 502(h) of the Bankruptcy Code, against Plaintiffs for all amounts that may be due and payable pursuant to such judgment. Additionally, in the event Plaintiffs are unsuccessful in connection with the Skip & Goose Preference Claim, Skip & Goose hereby asserts a contingent general unsecured claim for all fees and expenses incurred by Skip & Goose in connection with or related to the Skip & Goose Preference Claim, including, without limitation, reasonable attorneys' fees and expenses.

### Inquiry Notice

6.    This Proof of Claim serves, and is intended to serve, as notice of a claim for any amount due or to become due in connection with the Skip & Goose Preference Claim, and all interested parties are on notice, and advised to examine the Complaint and any other pleadings in Adv. Pro. No. 23-50492.

### Reservation of Rights and Claims

7.    This Proof of Claim is filed under the compulsion of the bar date established in the Chapter 11 Cases and is filed to protect Skip & Goose from any asserted forfeiture of claims by reason of said bar date. Skip & Goose reserves its right to amend and/or supplement this Proof of Claim for the purposes and to the extent permitted by applicable law.

2

8.      This Proof of Claim does not encompass claims or rights that Skip & Goose may have that arise after the Petition Date and that are entitled to an administrative priority, including, without limitation, rights to payment of the fees and expenses incurred by Proskauer. Skip & Goose expressly reserves its right to file and assert at the appropriate time any claims and rights that are entitled to an administrative priority. The mention of a claim herein does not constitute a waiver of the right to administrative priority.

9.      Skip & Goose reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted by the Debtors. Including, without limitation, any rights of setoff and/or recoupment not expressly asserted herein. Skip & Goose does not waive, and expressly reserves, any right of action that it may have against the Debtors or any other person or persons.

10.    Skip & Goose further reserves all rights accruing to it, and the filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of its rights against any person, entity, or property (including, without limitation, the Debtors or any other person or entity that is or becomes a debtor in a case pending in this Court); (ii) a consent by Skip & Goose to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Skip & Goose; (iii) a waiver, release, or limitation of Skip & Goose's rights to a trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by Skip & Goose to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant

3

to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of Skip & Goose's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Skip & Goose; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

**<u>Notices and Communications</u>**

11.    All notices and communications concerning the Proof of Claim should be sent to the following addresses:

> Proskauer Rose LLP
> Attn:  Brian S. Rosen
> Eleven Times Square
> New York, NY 10036
>
> and
>
> Proskauer Rose LLP
> Attn:  Libbie Osaben
> 70 West Madison
> Chicago, IL 60602
>
> and
>
> Skip & Goose LLC
> Attn: Ari Litan
> 2018 Hogan Dr.
> Lawrence, KS 66047

**Proof of Claim Number 85338**

**RECEIVED**

**COPY**

**United States Bankruptcy Court, District of Delaware**
<u>Modified Official Form 410</u>

SEP 29 2023

KROLL RESTRUCTURING
ADMINISTRATION

# Customer Proof of Claim Form

04/22

IF YOU WISH TO FILE THIS PROOF OF CLAIM ELECTRONICALLY, THE ELECTRIC FORM IS AVAILABLE AT https://restructuring.ra.kroll.com/ftx/EPOC-Index. The link also contains other important information about this proof of claim form, such as the definition of capitalized terms.

Proofs of Claim must be filed in ENGLISH.

Any claim, whether valid or not, will be categorized as "Unverified" as described in the Bar Date Order [D.I. #] if the Creditor does not provide Know Your Customer ("KYC") documentation. To upload KYC information, visit the Debtors' Customer Claims Portal, available at: https://claims.ftx.com.

Read the instructions before filling out this form. This form is for making a customer claim against the Debtors at the FTX Exchanges. <u>Do not</u> use this form to assert any other pre-petition claims. <u>Do not</u> use this form to make a request for payment of an administrative expense.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim. **Do not send original documents;** they will not be returned and may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Claimants do not need to file separate proofs of claim against each Debtor on account of the same Customer Entitlement Claim.

**Please complete Part 2, Box 8 for any claims arising out of or related to any other investment or trading activities on any FTX Exchange.**

This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.

Fill in all the information about the claim as of November 11, 2022 unless your claim is against West Realm Shires Inc., in which case information about the claim is as of November 14, 2022 (as applicable, the "Petition Date").

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| | |
| --- | --- |
| 1. Who is the current creditor? | Skip & Goose LLC <br> <small>Name of the current creditor (the person or entity to be paid for this claim)</small> <br><br> Other names the creditor used with the debtor (if any) _____ <br><br> FTX customer account number: 26108285 <br><br> Email Address(es) Used for each FTX Account: arilitan+sg@gmail.com |
| 2. Has this claim been acquired from someone else? | ☒ No <br> ☐ Yes. From whom? (name, account email and account identification number) |
| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <br><br> Brian S. Rosen <br> <small>Name</small> <br> Eleven Times Square <br> <small>Number      Street</small> <br> New York            NY            10036 <br> <small>City            State            ZIP Code</small> <br><br> Country (If outside of the US) <br><br> Contact phone  212-969-3380 <br> Contact email  brosen@proskauer.com | **Where should payments to the creditor be sent?** (if different) <br><br> Skip & Goose LLC, Attn: Ari Litan <br> <small>Name</small> <br> 2018 Hogan Drive <br> <small>Number      Street</small> <br> Lawrence            KS            66047 <br> <small>City            State            ZIP Code</small> <br><br> Country (If outside of the US) <br><br> Contact phone _____ <br> Contact email _____ |
| 4. Does this claim amend one already filed? | ☒ No <br> ☐ Yes. Claim number on court claims registry (if known)_____     Filed on ____/____/____ <br> <small>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MM  / DD  / YYYY</small> |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No <br> ☐ Yes. Who made the earlier filing? _____ |

**Part 2:**   Provide Information About the Customer Claim as of the Date the Case was Filed (as of November 11, 2022). Please identify the FTX Exchange with respect to where the below cryptocurrency and fiat in Question 7 is held.  If you have accounts at more than one FTX Exchange, please file one proof of claim per FTX Exchange.  Each such Customer Entitlement Claim pursuant to Question 7 below shall be deemed to have been filed as an identical Customer Entitlement Claim in the same amount against all other Debtors.  Accordingly, you do not need to file separate proofs of claim against each Debtor for your Customer Entitlement Claim (Question 7).  Please see Question 8 for additional instructions for asserting claims related to Other Trading Activity.

| | | |
|---|---|---|
| ☐FTX Trading Ltd. (d/b/a "FTX") (Case No. 22-11068) | ☐FTX EU Ltd. (f/k/a KDNA Financial Services Ltd. d/b/a "FTX EU") (Case No. 22-11166) | ☐FTX Japan K.K. (aka "FTX Japan") (Case No. 22-11102) |
| ☐Quoine Pte Ltd (d/b/a "Liquid Global") (Case No. 22-11161) | ☒West Realm Shires Services Inc. (d/b/a "FTX US") (Case No. 22-11071) | |

6.   **Did you participate in the FTX Earn program (available via Blockfolio app) as of the petition date?**      ☒ No      ☐ Yes

7.   List the quantity of each type of cryptocurrency ("Crypto") or fiat currency ("Fiat") held in your account(s) as of November 11, 2022. List any Non-Fungible Tokens ("NFTs") held in your account (s) along with the unique identification code.

If your Crypto or Fiat were part of the peer-to-peer ("P2P") margin lending program, then please populate the Loaned Quantity column.

| Fiat Currency (Currency Code) Exchange Rate | Total Asserted Quantity of Crypto or Fiat (local currency) | Total Asserted Quantity of Crypto or Fiat (converted to USD) | Loaned Quantity of Crypto or Fiat (converted to USD) |
|---|---|---|---|
| Fiat – exchange rates are LOCAL CURRENCY/USD | | | |
| US Dollar (USD) USD/USD = 1.00000 | See Addendum. | | |
| Argentinian Peso (ARS) ARS/USD = 0.006236 | | | |
| Australian Dollar (AUD) AUD/USD = 0.661900 | | | |
| Brazilian Real (BRL) BRL/USD = 0.187100 | | | |
| British Pound Sterling (GBP) GBP/USD = 1.169200 | | | |
| Canadian Dollar (CAD) CAD/USD = 0.750600 | | | |
| Euro (EUR) EUR/USD = 1.021000 | | | |
| Ghanaian cedi (GHS) GHS/USD = 0.069324 | | | |
| Hong Kong Dollar (HKD) HKD/USD = 0.127500 | | | |
| Japanese Yen (JPY) JPY/USD = 0.007093 | | | |
| Mexican Peso (MXN) MXN/USD = 0.051767 | | | |
| Singapore Dollar (SGD) SGD/USD = 0.723500 | | | |
| Swiss Franc (CHF) CHF/USD = 1.038000 | | | |
| Turkish Lira (TRY) TRY/USD = 0.054091 | | | |
| South African rand (ZAR) ZAR/USD = 0.057580 | | | |
| Vietnamese dong (VND) VND/USD = 0.000040 | | | |
| West African CFA franc (XOF) XOF/USD = 0.001531 | | | |
| Other Fiat: | | | |
| Other Fiat: | | | |

| Crypto (Ticker / Abbreviation) | Asserted Quantity of Crypto | Loaned Quantity of Crypto | Staked Quantity of Crypto |
|---|---|---|---|
| Crypto *Please list the number of tokens held* | | | |
| 3X Long Bitcoin Token (BULL) | | | |
| 3X Long Cardano Token (ADABULL) | | | |
| 3X Long Dogecoin Token (DOGEBULL) | | | |
| 3X Long Ethereum Token (ETHBULL) | | | |
| 3X Long XRP Token (XRPBULL) | | | |
| Aave (AAVE) | | | |
| Akropolis (AKRO) | | | |
| ApeCoin (APE) | | | |
| ATLAS (ATLAS) | | | |
| Atom (ATOM) | | | |
| Aurory (AURY) | | | |
| Avalanche (AVAX) | | | |
| BaoToken (BAO) | | | |
| Basic Attention Token (BAT) | | | |
| Binance Coin (BNB) | | | |
| Bitcoin (BTC) | | | |
| Bitcoin Cash (BCH) | | | |
| Brazilian Digital Token (BRZ) | | | |
| Celsius Token (CEL) | | | |
| ChainLink Token (LINK) | | | |
| Chiliz (CHZ) | | | |
| Compound USDT (CUSDT) | | | |
| Cope (COPE) | | | |
| Crypto.com Coin (CRO) | | | |
| Decentraland (MANA) | | | |
| Dent (DENT) | | | |
| Dogecoin (DOGE) | | | |
| Ethereum (ETH) | | | |
| EthereumPoW (ETHW) | | | |
| Fantom (FTM) | | | |
| FTX Token (FTT) | | | |
| Gala (GALA) | | | |
| Immutable X Token (IMX) | | | |
| Kin (KIN) | | | |
| Litecoin (LTC) | | | |
| Luna 2.0 (LUNA2) | | | |
| Luna Classic (LUNC) | | | |

| Crypto (Ticker / Abbreviation) | Asserted Quantity of Crypto | Loaned Quantity of Crypto | Staked Quantity of Crypto |
|---|---|---|---|
| Crypto (continued) Please list the number of tokens held | | | |
| Matic (MATIC) | | | |
| POLIS (POLIS) | | | |
| Polkadot (DOT) | | | |
| Raydium (RAY) | | | |
| Reserve Rights (RSR) | | | |
| Serum (SRM) | | | |
| Shiba Inu (SHIB) | | | |
| Solana (SOL) | | | |
| Spell Token (SPELL) | | | |
| Step Finance (STEP) | | | |
| SushiSwap (SUSHI) | | | |
| Swipe (SXP) | | | |
| Terra Classic USD (Wormhole) (USTC) | | | |
| The Graph (GRT) | | | |
| The Sandbox (SAND) | | | |
| Thorchain (RUNE) | | | |
| TON Coin (TONCOIN) | | | |
| TRON (TRX) | | | |
| Uniswap Protocol Token (UNI) | | | |
| UpBots (UBXT) | | | |
| USD Coin (USDC) | | | |
| USD Tether (USDT) | | | |
| XRP (XRP) | | | |
| Other Crypto not previously listed (please specify) | | | |
| Coin Type: | | | |
| Coin Type: | | | |
| Coin Type: | | | |
| Coin Type: | | | |
| NFTs (non-fungible tokens) | | | |
| NFT Description: NFT Identifier: | NFT Description: NFT Identifier: | | |
| NFT Description: NFT Identifier: | NFT Description: NFT Identifier: | | |
| NFT Description: NFT Identifier: | NFT Description: NFT Identifier: | | |
| NFT Description: NFT Identifier: | NFT Description: NFT Identifier: | | |
| NFT Description: NFT Identifier: | NFT Description: NFT Identifier: | | |

**8. Do you have Customer Claims related to any Other Trading Activity on the FTX Exchanges? Other Trading Activity would not include quantities of crypto, fiat or NFTs listed in Box 7 above.**

☒ *No*

☐ *Yes. Please describe:* _____

*If yes, how much is the claim?* $ _____

*Please provide any relevant supporting documentation necessary to support a claim related to any Other Trading Activity.*

**Please identify all relevant Debtor(s) you are asserting this claim against below, you may check more than one Debtor.**

| | | | |
|---|---|---|---|
| ☒FTX Trading Ltd. (d/b/a "FTX") (Case No. 22-11068) | ☐FTX EU Ltd. (f/k/a K-DNA Financial Services Ltd.) (Case No. 22-11166) | ☐FTX Japan K.K. (aka "FTX Japan") (Case No. 22-11102) | ☐Quoine Pte Ltd (d/b/a Liquid Global) (Case No. 22-11161) |
| ☒West Realm Shires Services (d/b/a "FTX US") Inc. (Case No. 22-11071) | ☐Alameda Aus Pty Ltd (Case No. 22-11104) | ☐Alameda Global Services Ltd. (Case No. 22-11134) | ☐Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐Alameda Research Holdings Inc. (Case No. 22-11069) | ☐Alameda Research KK (Case No. 22-11106) | ☐Alameda Research LLC (Case No. 22-11066) | ☐Alameda Research Ltd (Case No. 22-11070) |
| ☐Alameda Research Pte Ltd (Case No. 22-11107) | ☐Alameda Research Yankari Ltd (Case No. 22-11108) | ☐Alameda TR Ltd (Case No. 22-11078) | ☐Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐Allston Way Ltd (Case No. 22-11079) | ☐Analisya Pte Ltd (Case No. 22-11080) | ☐Atlantis Technology Ltd. (Case No. 22-11081) | ☐Bancroft Way Ltd (Case No. 22-11082) |
| ☐Blockfolio, Inc. (Case No. 22-11110) | ☐Blue Ridge Ltd (Case No. 22-11083) | ☐Cardinal Ventures Ltd (Case No. 22-11084) | ☐Cedar Bay Ltd (Case No. 22-11085) |
| ☐Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐Clifton Bay Investments LLC (Case No. 22-11070) | ☐Clifton Bay Investments Ltd (Case No. 22-11111) | ☐Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐Cottonwood Technologies Ltd (Case No. 22-11136) | ☐Crypto Bahamas LLC (Case No. 22-11113) | ☐DAAG Trading, DMCC (Case No. 22-11163) | ☐Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐Deck Technologies Inc. (Case No. 22-11139) | ☐Deep Creek Ltd (Case No. 22-11114) | ☐Digital Custody Inc. (Case No. 22-11115) | ☐Euclid Way Ltd (Case No. 22-11141) |
| ☐FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐FTX Canada Inc (Case No. 22-11117) | ☐FTX Certificates GmbH (Case No. 22-11164) | ☐FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐FTX Digital Assets LLC (Case No. 22-11143) | ☐FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐FTX EMEA Ltd. (Case No. 22-11145) | ☐FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐FTX Europe AG (Case No. 22-11075) | ☐FTX Exchange FZE (Case No. 22-11100) | ☐FTX Hong Kong Ltd (Case No. 22-11101) | ☐FTX Japan Holdings K.K. (Case No. 22-11074) |
| ☐FTX Japan Services KK (Case No. 22-11103) | ☐FTX Lend Inc. (Case No. 22-11167) | ☐FTX Marketplace, Inc. (Case No. 22-11168) | ☐FTX Products (Singapore) Pte Ltd (Case No. 22-11119) |
| ☐FTX Property Holdings Ltd (Case No. 22-11076) | ☐FTX Services Solutions Ltd. (Case No. 22-11120) | ☐FTX Structured Products AG (Case No. 22-11122) | ☐FTX Switzerland GmbH (Case No. 22-11169) |
| ☐FTX Trading GmbH (Case No. 22-11123) | ☐FTX US Services, Inc. (Case No. 22-11171) | ☐FTX US Trading, Inc. (Case No. 22-11149) | ☐FTX Ventures Ltd. (Case No. 22-11172) |
| ☐FTX Zuma Ltd (Case No. 22-11124) | ☐GG Trading Terminal Ltd (Case No. 22-11173) | ☐Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐Good Luck Games, LLC (Case No. 22-11174) |
| ☐Goodman Investments Ltd. (Case No. 22-11126) | ☐Hannam Group Inc (Case No. 22-11175) | ☐Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐Hilltop Technology Services LLC (Case No. 22-11176) |
| ☐Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐Innovatia Ltd (Case No. 22-11128) | ☐Island Bay Ventures Inc (Case No. 22-11129) | ☐Killarney Lake Investments Ltd (Case No. 22-11131) |
| ☐Ledger Holdings Inc. (Case No. 22-11073) | ☐LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) | ☐LedgerPrime Bitcoin Yield Enhancement Master Fund LP (Case No. 22-11155) | ☐LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) |
| ☐LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐LedgerPrime LLC (Case No. 22-11158) | ☐LedgerPrime Ventures, LP (Case No. 22-11159) | ☐Liquid Financial USA Inc. (Case No. 22-11151) |
| ☐Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐LiquidEX LLC (Case No. 22-11152) | ☐LT Baskets Ltd. (Case No. 22-11077) | ☒Maclaurin Investments Ltd. (Case No. 22-11087) |
| ☐Mangrove Cay Ltd (Case No. 22-11088) | ☐North Dimension Inc (Case No. 22-11160) | ☐North Dimension Ltd (Case No. 22-11160) | ☐North Wireless Dimension Inc. (Case No. 22-11154) |
| ☐Paper Bird Inc (Case No. 22-11089) | ☐Pioneer Street Inc. (Case No. 22-11090) | ☐Quoine India Pte Ltd (Case No. 22-11091) | ☐Quoine Vietnam Co. Ltd (Case No. 22-11092) |
| ☐Strategy Ark Collective Ltd. (Case No. 22-11094) | ☐Technology Services Bahamas Limited (Case No. 22-11095) | ☐Verdant Canyon Capital LLC (Case No. 22-11096) | ☐West Innovative Barista Ltd. (Case No. 22-11097) |
| ☐West Realm Shires Financial Services Inc. (Case No. 22-11072) | ☐West Realm Shires Inc. (Case No. 22-11183) | ☐Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐Zubr Exchange Ltd (Case No. 22-11132) |

**Part 3:** **Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

- ☒ I am the creditor.
- ☐ I am the creditor's attorney or authorized agent.
- ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/28/2023   (mm/dd/yyyy)

_____
Signature

**Name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Ari | | Litan |
| | First name | Middle name | Last name |
| Title | | | |
| Company | Skip & Goose LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 2018 Hogan Drive | | |
| | Number        Street | | |
| | Lawrence | KS | 66047 |
| | City | State | ZIP Code |
| Contact phone | | Email | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### ADDENDUM TO CUSTOMER PROOF OF CLAIM OF SKIP & GOOSE LLC

1.      On November 11, 2022 (the "Petition Date"), FTX Trading Ltd. ("FTX Trading")

and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-

captioned, jointly administered chapter 11 cases (the "Chapter 11 Cases") each filed voluntary

petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Skip & Goose LLC ("Skip & Goose") is a limited liability company for the benefit

of Ari Litan's self-directed individual retirement account administered by Madison Trust

Company.  Skip & Goose has an account on the West Realm Shires Services, Inc. ("FTX US")

exchange (the "Skip & Goose Account").

3.      On September 8, 2023, FTX Trading, FTX US, and Maclaurin Investments Ltd.,

f/k/a/ Alameda Ventures Ltd. ("Alameda Ventures," and, together with FTX Trading and FTX US,

the "Plaintiffs") filed the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11*

*U.S.C. §§ 105, 544, 547, 548 and 550, Del. Code Ann. Tit. 6, §§ 1304 and 1305, and for*

*Disallowance of Claims Pursuant to 11 U.S.C. § 502* [Case No. 22-11068, ECF No. 2457; Adv.

Pro. No. 23-50492, ECF No. 1] (the "Complaint") against LayerZero Labs Ltd., Ari Litan, and

---

[1]     The last four digits of FTX Trading Ltd.'s tax identification number is 3288.  Due to the large number of debtor
entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax
identification numbers is not provided herein.  A complete list of such information may be obtained on the website
of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Skip & Goose.  In the Complaint, Plaintiffs assert, among other things, a preference claim against

Skip & Goose (the "Skip & Goose Preference Claim") for certain withdrawals from the Skip &

Goose Account.  Complaint ¶¶ 18, 70, 72, 131–141.

4.    Following the filing of the Complaint, Skip & Goose retained Proskauer Rose LLP

("Proskauer") to represent it as counsel in connection with the Complaint and Chapter 11 Cases.

### Classification and Amount of Claim

5.    In the event Plaintiffs prevail and obtain a judgment with respect to the Skip &

Goose Preference Claim, Skip & Goose hereby asserts a general unsecured claim, pursuant to

section 502(h) of the Bankruptcy Code, against Plaintiffs for all amounts that may be due and

payable pursuant to such judgment.  Additionally, in the event Plaintiffs are unsuccessful in

connection with the Skip & Goose Preference Claim, Skip & Goose hereby asserts a contingent

general unsecured claim for all fees and expenses incurred by Skip & Goose in connection with or

related to the Skip & Goose Preference Claim, including, without limitation, reasonable attorneys'

fees and expenses.

### Inquiry Notice

6.    This Proof of Claim serves, and is intended to serve, as notice of a claim for any

amount due or to become due in connection with the Skip & Goose Preference Claim, and all

interested parties are on notice, and advised to examine the Complaint and any other pleadings in

Adv. Pro. No. 23-50492.

### Reservation of Rights and Claims

7.    This Proof of Claim is filed under the compulsion of the bar date established in the

Chapter 11 Cases and is filed to protect Skip & Goose from any asserted forfeiture of claims by

reason of said bar date.  Skip & Goose reserves its right to amend and/or supplement this Proof of

Claim for the purposes and to the extent permitted by applicable law.

8.      This Proof of Claim does not encompass claims or rights that Skip & Goose may have that arise after the Petition Date and that are entitled to an administrative priority, including, without limitation, rights to payment of the fees and expenses incurred by Proskauer.  Skip & Goose expressly reserves its right to file and assert at the appropriate time any claims and rights that are entitled to an administrative priority.  The mention of a claim herein does not constitute a waiver of the right to administrative priority.

9.      Skip & Goose reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted by the Debtors. Including, without limitation, any rights of setoff and/or recoupment not expressly asserted herein. Skip & Goose does not waive, and expressly reserves, any right of action that it may have against the Debtors or any other person or persons.

10.     Skip & Goose further reserves all rights accruing to it, and the filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of its rights against any person, entity, or property (including, without limitation, the Debtors or any other person or entity that is or becomes a debtor in a case pending in this Court); (ii) a consent by Skip & Goose to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Skip & Goose; (iii) a waiver, release, or limitation of Skip & Goose's rights to a trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by Skip & Goose to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant

3

to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of Skip & Goose's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Skip & Goose; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

### **Notices and Communications**

11.    All notices and communications concerning the Proof of Claim should be sent to the following addresses:

Proskauer Rose LLP
Attn:  Brian S. Rosen
Eleven Times Square
New York, NY 10036

and

Proskauer Rose LLP
Attn:  Libbie Osaben
70 West Madison
Chicago, IL 60602

and

Skip & Goose LLC
Attn: Ari Litan
2018 Hogan Dr.
Lawrence, KS 66047

**Proof of Claim Number 5236**

COPY

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

## United States Bankruptcy Court, District of Delaware

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☐ Alameda Research LLC (Case No. 22-11066) | ☐ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11168) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11126) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killarney Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund, LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☑ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☐ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11091) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☐ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |

RECEIVED

JUN 29 2023

KROLL RESTRUCTURING
ADMINISTRATION

**Modified Form 410**
## Proof of Claim
04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.

| **Part 1:** | **Identify the Claim** |
| --- | --- |

**1. Who is the current creditor?**

LayerZero Labs Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

Email(s) the creditor used with the debtor    bryan@layerzerolabs.org

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Bryan Pellegrino
LayerZero Labs Ltd.
Trinity Chambers, P.O. Box 4301
Road Town, Tortola VG110
British Virgin Islands

Contact phone  236-994-5743

Contact email  notices@layerzerolabs.org

Where should payments to the creditor be sent? (if different)

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known)_____    Filed on ___/___/____
                                                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

If filing a claim for cryptocurrency, please fill in 7b.

**7a. How much is the claim?** $ 39,160,000.00

Does this amount include interest or other charges?

☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.

**7b.  List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
| --- | --- | --- | --- |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Please See Addendum. |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| **10. Is this claim based on a lease?** | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| **11. Is this claim subject to a right of setoff?** | ☒ No<br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $_____ |

| | | |
|---|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required.** | $_____ |

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 06/28/2023
                 MM / DD / YYYY

DocuSigned by:

*Bryan Pellegrino*
    E13A44890724E1...

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Bryan | | Pellegrino |
| | First name | Middle name | Last name |
| Title | Chief Executive Officer | | |
| Company | LayerZero Labs Ltd. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | Trinity Chambers, P.O. Box 4301, Road Town, Tortola VG110 | | |
| | Number     Street | | |
| | British Virgin Islands | | |
| | City | State | ZIP Code |
| Contact phone | 236-994-5743 | Email | notices@layerzerolabs.org |

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

# Instructions for Proof of Claim

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **On the first page of the form, check the box to identify the Debtor against whom you assert a claim. Select only one Debtor per claim form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Attach supporting documentation unless voluminous, in which case a summary must be attached. If documentation is unavailable, provide an explanation as to why documentation is not available.**

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.**

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **Any proof of claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) state whether the amount asserted represents a combination of goods and services and, if applicable, the portion that relates solely to the value of the goods; and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.**

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/FTX.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.

**Creditor**: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor**: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy**: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim**: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim**: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information**: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a)**: A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim**: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://restructuring.ra.kroll.com/FTX/EPOC-Index

**Do not file these instructions with your form**

DocuSign Envelope ID: E1541C95-BE27-428F-9AD2-4919B049ADFF

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## ADDENDUM TO PROOF OF CLAIM OF LAYERZERO LABS LTD.

1.  *Name of Debtor.* On November 11, 2022 (the "**Petition Date**"), FTX Trading group ("**FTX**") and certain of its affiliates filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). This proof of claim is filed against Maclaurin Investments Ltd. (formerly known as Alameda Ventures Ltd.) (the "**Debtor**").

2.  *Name of Creditor.* This claim is made by and on behalf of LayerZero Labs Ltd. ("**LayerZero**"). LayerZero hereby files this addendum (the proof of claim and this addendum, collectively, this "**Proof of Claim**") against the Debtor, one of the debtors and debtors-in-possession (the "**Debtors**") in the above-captioned, jointly administered chapter 11 cases (the "**Chapter 11 Cases**").

3.  *Amount of Claim.* In connection with that certain Token Purchase Agreement, dated as of November 9, 2022 (as amended, restated and otherwise supplemented, the "**Token**

---

[1]     The last four digits of Maclaurin Investments Ltd.'s tax identification numbers were not provided by the Debtor. Other information relating to the Debtor may be obtained on the website of the Debtor's claims and noticing agent at https://cases.ra.kroll.com/FTX. LayerZero understands from the Debtor's filings that the Debtor maintains its principal place of business at Tortola Pier Park, Building 1, Second Floor, Wickhams Cay 1, Roadtown Tortola VG1110, British Virgin Islands.

1

*Addendum to Proof of Claim of LayerZero*
*Debtor: Maclaurin Investments Ltd.*

**Purchase Agreement**"), between the Debtor and LayerZero, the Debtor agreed to sell LayerZero 100,000,000 Stargate Tokens ($STG) (collectively, the "**Stargate Tokens**").[2] As of the Petition Date, the Stargate Tokens were worth approximately $0.3916 per token. On November 10, 2022, which was the Closing Date and one day before the Petition Date, LayerZero was ready, willing, and able to complete its token purchase for $10,000,000.00 and the Debtor was provided with unique STG Wallets and keys for the Stargate Tokens, but the Debtor did not deliver the Stargate Tokens. Thereafter, on or about March 17, 2023, the Debtor used the keys in its possession and moved the Stargate Tokens upon their release.

4.      LayerZero seeks the enforcement of the Token Purchase Agreement and the delivery of the Stargate Tokens thereunder. LayerZero, therefore, asserts all claims and rights under applicable law or principles of equity, whether such claims and rights are contingent, liquidated, unliquidated, matured, unmatured, known, unknown or otherwise, that LayerZero has or may hereafter have against the Debtor and its affiliates, successors, and assigns, relating to or arising out of, among other things, the Token Purchase Agreement. Exclusive of interest and recovery costs, LayerZero seeks the value of the Stargate Tokens, which, as of the Petition Date, would have been in its possession but for the Debtor's breach of the Token Purchase Agreement. As of the Petition Date, LayerZero conservatively estimates that the Stargate Tokens held a value of not less than $39,160,000.00.

---

[2]      LayerZero believes that the Debtor has in its possession the Token Purchase Agreement and the related correspondence between the parties to date. The Token Purchase Agreement contains proprietary information and is subject to confidentiality obligations. A copy of the fully executed Token Purchase Agreement may be made available subject to compliance with those confidentiality obligations. All capitalized terms used herein, but not otherwise defined herein, shall have the meanings ascribed to them in the Token Purchase Agreement, as applicable, and terms not otherwise defined (i) herein or (ii) in the Token Purchase Agreement, but defined in the Bankruptcy Code, shall have the meanings set forth therein. If there is any inconsistency or conflict between the terms as defined in this Addendum and the Token Purchase Agreement, the terms as defined in this Token Purchase Agreement shall govern and control.

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

5.    This Proof of Claim is prepared to the best of LayerZero's knowledge and belief, based on the recollection of the facts and the information and documentation that was both readily accessible and that became available after an inquiry reasonable under the circumstances. As such, LayerZero reserves all rights to amend, supplement and modify this Proof of Claim to include any other amounts, fees, and expenses at any time hereafter, including interest at any applicable default rate, attorneys' fees and any other costs and fees and assert additional proofs of claim against this Debtor and any other Debtor as it deems appropriate at a later time based on information and documentation that becomes available to it. Moreover, to the extent that LayerZero suffers any future damages, losses, nonpayment, or nonperformance in connection with its rights pertaining to the above agreement and interests, LayerZero hereby reserves the right to amend or supplement this Proof of Claim, in whole or in part, to assert all such claims and interests to which it is entitled.

6.    *Judgments*. No judgment has been rendered on this Claim.

7.    *Secured Claim*. LayerZero is not currently aware of any basis for asserting that LayerZero's Claim as set forth herein is a secured claim, but, based on facts and circumstances that may become known in the future, some or all of LayerZero's Claim may be determined to be secured, and LayerZero reserves all rights with respect thereto. By filing this Proof of Claim, LayerZero does not waive any of its postpetition claims and expressly reserves all of its rights in connection with such claims.

8.    *Right to Setoff*. The claims asserted herein are not subject to any known claims, counterclaims, setoffs, or defences by the Debtor. LayerZero reserves any and all rights of setoff and recoupment that it or any of its affiliates may have against the Debtor or its affiliates.

9.    *Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)*. This claim is not entitled to priority under 11 U.S.C. § 507(a).

3

*Addendum to Proof of Claim of LayerZero*
*Debtor: Maclaurin Investments Ltd.*

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

10.    *Amount of Claim Entitled to Priority Under 11 U.S.C. § 503(b)(9)*.  This claim is not entitled to priority under 11 U.S.C. § 503(b)(9).

11.    *Lease*.  This Claim is not based on a lease.

12.    *Claim Amendment*.  This Claim does not amend any previously filed claim.

13.    *Prior Filing*.  LayerZero is not aware of any proof of claim having already been filed for this Claim.

14.    *Last Four Digits of Any Number by which Creditor Identifies Debtor*.  Not applicable.

15.    *Effect of Filing*.  This Claim is filed pursuant to Bankruptcy Rule 3003 to protect LayerZero from forfeiture of its Claim.  The filing of this Proof of Claim does not constitute, is not intended to be and should not be deemed or construed as (i) a waiver of any of LayerZero's rights and remedies against any other person or entity who may be liable for all or part of the Claims set forth herein, whether an affiliate of the Debtor, an assignee, a guarantor or otherwise; (ii) a waiver of any obligation owed to LayerZero, or any right to any security that may be determined to be held by it or for its benefit; (iii) a waiver of any past, present or future defaults (or events of default) by the Debtor or others in connection with the Claim and the related documents; (iv) an election of remedies (including, but not limited to, an election of remedies that waives or otherwise affects any other remedies); (v) consent by LayerZero to the jurisdiction of this Court with respect to any proceeding commenced against or otherwise involving LayerZero; (vi) consent by LayerZero to the treatment of any non-core claim against it as a core claim; (vii) a waiver of the right to move to withdraw the reference with respect to the claims or otherwise, including, without limitation, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced against or otherwise involving LayerZero; (viii) a waiver of any right to the subordination, in favor of LayerZero,

4

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

of indebtedness or liens held by other creditors of the Debtor; (ix) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is, or becomes, available; (x) consent by LayerZero to a jury trial, or waiver of LayerZero's right to a trial by jury, in each case, in this Court or any other court, in any proceeding, as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, whether or not the same be designated legal, public or private rights, notwithstanding the designation or not of such matters as "core proceedings," pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (xi) a consent by LayerZero to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (xii) a waiver of LayerZero's right to have final orders in matters for which the Bankruptcy Court is not constitutionally authorized to enter final orders, notwithstanding the designation or not of such matters as "core proceedings," pursuant to 28 U.S.C. § 157(b)(2), entered only after de novo review by a District Court judge or, if applicable, the Third Circuit Court of Appeals; (xiii) an admission by LayerZero that any property held by the Debtor constitutes property of the Debtor's estates; or (xiv) a waiver or limitation of any procedural or substantive rights, or any procedural or substantive defenses, to any claim that may be asserted against LayerZero.

16.     ***Reservation of Rights***.   LayerZero reserves the right to withdraw this Proof of Claim with respect to any or all parts of the Claim set forth herein and/or with respect to the Debtor, for any reason whatsoever.  LayerZero does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time.  LayerZero (a) expressly reserves and does not waive any right or remedy, at law or in equity, of LayerZero, including, without limitation, any and all rights of setoff, recoupment or counterclaim,

5

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

howsoever arising, any right to any security held by or for it or them, or any right to claim an interest in specific assets or any other rights or causes of action that LayerZero has, or may have, against the Debtor, or any other persons or entities, and expressly reserves all such rights; (b) reserves the right to file additional proofs of claim and to further amend or supplement this Proof of Claim in any respect, including, without limitation, by (1) asserting claims arising from, or relating to, the avoidance of transfers made to LayerZero or any other entity, (2) further amending, quantifying or correcting the dollar amount of any part of the Claim or adding any other amounts, (3) adding or including any other debtor entity or any other entity, including, but not limited to, any entity that may become a debtor or debtor-in-possession in these jointly administered bankruptcy cases, (4) providing additional detail regarding the Claim set forth herein, (5) adding or amending categories of payments or liabilities, (6) adding additional claims and interests that may be based upon the same or additional events or documents, and/or (7) for any other reason; (c) reserves the right to assert that all or any part of the Claim described herein is administrative expenses entitled to a first priority under sections 507(a)(2) and 507(b) of the Bankruptcy Code, including, but not limited to, costs and expenses (including attorneys' fees and disbursements) incurred by LayerZero that remain unpaid; (d) any rights LayerZero may have pursuant to sections 362(b), 365(g), 502(g), 506(b), 510, 544, 545, 547, 548, 549, 550, 553, 555, or 742 of the Bankruptcy Code; or (e) any rights against any person or entity who may be liable for all or part of the interests set forth herein, whether an affiliate of the Debtor, an assignee, guarantor, or otherwise. This Proof of Claim is filed without prejudice to the filing by LayerZero or any of its affiliates of additional proofs of claim with respect to any other liability or indebtedness of the Debtor.

17.  *Notices.*  All notices with respect to this Proof of Claim should be sent to:

        Bryan Pellegrino
        LayerZero Labs Ltd.

6

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

Trinity Chambers, P.O. Box 4301
Road Town, Tortola VG110
British Virgin Islands
Tel: 236-994-5743
Email: notices@layerzerolabs.org

With a copy to:

Monique Mulcare
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 506 2181
Email: mmulcare@mayerbrown.com

18.    ***Headings***.  Section headings used herein are for convenience only and are not to

affect the construction of, or to be taken in consideration in, interpreting this Proof of Claim.

*[Remainder of page left intentionally blank]*

*Addendum to Proof of Claim of LayerZero*
*Debtor: Maclaurin Investments Ltd.*

**Proof of Claim Number 85231**

COPY

## United States Bankruptcy Court, District of Delaware

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☐ Alameda Research LLC (Case No. 22-11066) | ☐ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11168) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11126) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killarney Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☑ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☐ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11091) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☐ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |

RECEIVED

SEP 29 2023

KROLL RESTRUCTURING
ADMINISTRATION

Modified Form 410
# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

LayerZero Labs Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

Email(s) the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Brian S. Rosen
Eleven Times Square
New York, NY 10036

Contact phone  212-969-3380

Contact email  brosen@proskauer.com

Where should payments to the creditor be sent? (if different)

LayerZero Labs Ltd.
Attn: Bryan Pellegrino
Trinity Chambers, P.O. Box 4301, Road Town, Tortola VG1110
British Virgin Islands

Contact phone  236-994-5743

Contact email  legal@layerzerolabs.org

**4. Does this claim amend one already filed?**

☐ No
☒ Yes.  Claim number on court claims registry (if known) 5236

Filed on  06/29/2023
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

If filing a claim for cryptocurrency, please fill in 7b.

**7a. How much is the claim?**  $ See Addendum.

Does this amount include interest or other charges?

☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
| --- | --- | --- | --- |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Modified Form 410                                     **Proof of Claim**                                     page 2

| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>**See Addendum.** |
|---|---|

| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**  $_____<br><br>**Amount of the claim that is secured:**  $_____<br><br>**Amount of the claim that is unsecured:**  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**  $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
|---|---|

| 10. **Is this claim based on a lease?** | ☒ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____ |
|---|---|

| 11. **Is this claim subject to a right of setoff?** | ☒ No<br><br>☐ Yes. Identify the property: _____ |
|---|---|

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:*<br><br>                                                   **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____<br><br>☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____<br><br>☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.   $_____ |
|---|---|

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No<br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required.   $_____ |
|---|---|

**Part 3:**  **Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

- ☒ I am the creditor.
- ☐ I am the creditor's attorney or authorized agent.
- ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/28/2023
              MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Bryan Pellegrino |
| | First name          Middle name          Last name |
| Title | Chief Executive Officer |
| Company | LayerZero Labs Ltd. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | Trinity Chambers, P. O. Box 4301, Road Town, Tortola VG1110 |
| | Number     Street |
| | British Virgin Islands |
| | City                       State     ZIP Code |
| Contact phone | 236-994-5743              Email     legal@**layerzero**labs.org |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**ADDENDUM TO AMENDED**
**NON-CUSTOMER PROOF OF CLAIM OF LAYERZERO LABS LTD.**

1.      On November 11, 2022 (the "Petition Date"), FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned, jointly administered chapter 11 cases (the "Chapter 11 Cases") each filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      LayerZero Labs Ltd. ("LayerZero") is a software company. LayerZero, among other things, invented and launched an open-source protocol that allows different blockchains to communicate with one another. Prior to the Petition Date, LayerZero engaged in various transactions with certain of the Debtors. An overview of these transactions is provided below.

3.      *Token Warrant Agreements.* On January 14, 2022, LayerZero and Maclaurin Investments Ltd., f/k/a/ Alameda Ventures Ltd. ("Alameda Ventures") entered into two warrant agreements, which entitled Alameda Ventures to purchase Stargate Tokens (the "STG Warrant") and LayerZero Tokens (the "ZRO Warrant") from LayerZero.

4.      *Master Loan Agreement.* On January 27, 2022, LayerZero and Alameda Ventures' parent, Alameda Research Ltd. ("Alameda Research") entered into a master loan agreement (as

---

[1]      The last four digits of FTX Trading Ltd.'s tax identification number is 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

amended, restated and otherwise supplemented, the "Master Loan Agreement").  Pursuant to the Master Loan Agreement, a callable Option/Prepayment Option (the "Prepayment Option") was available to Alameda Research, as Borrower.

5.    *Equity Purchases*.  On January 14, 2022, Alameda Ventures purchased Two Million Nine Hundred Eighty-Eight Thousand Five Hundred Fifty-Three (2,988,553) Series A-1 Preference Shares of LayerZero for Thirty-Nine Million Nine Hundred Ninety-Nine Thousand Nine Hundred Eighty-Eight Dollars and Seventy-Eight Cents ($39,999,988.78).  On May 27, 2022, Alameda Ventures purchased Seven Hundred Sixty-Two Thousand Three Hundred Eighty-Four (762,384) Ordinary Shares of LayerZero for Twenty-Nine Million Nine Hundred Ninety-Nine Thousand Nine Hundred Eighty-Five Dollars and Seventy-Five Cents ($29,999,985.75).  As a result of these transactions, Alameda Ventures acquired an approximately four and ninety-two one hundredths percent (4.92%) equity stake in LayerZero (the "AV Equity Stake").

6.    *Loan Agreement*.  On February 4, 2022, LayerZero and Alameda Research, entered into an agreement, pursuant to which LayerZero loaned Alameda Research Forty-Five Million Dollars ($45,000,000.00) (the "AR Loan").

7.    *Token Purchases*.  On March 17, 2022, Alameda Ventures purchased One Hundred Million (100,000,000) Stargate Tokens for Twenty-Five Million Dollars ($25,000,000.00) at a public auction.

8.    *Share Transfer and Cancellation and Recission Agreements*.  Pursuant to the Prepayment Option, in exchange for LayerZero forgiving the AR Loan, on November 8, 2022, LayerZero and Alameda Ventures entered into (i) a share transfer agreement, pursuant to which Alameda Ventures transferred the AV Equity Stake to LayerZero and (ii) a cancellation and recission agreement, pursuant to which Alameda Ventures relinquished its rights pursuant to the STG Warrant and ZRO Warrant.  In accordance with the terms of their agreement, the accrued

2

interest during the term of the AR Loan was not forgiven in connection with Alameda Research's exercise of the Prepayment Option.

9.    *Token Purchase Agreement.*  On November 9, 2022, LayerZero and Alameda Ventures entered into that certain Token Purchase Agreement (as amended, restated, and otherwise supplemented, the "Token Purchase Agreement"),[2] pursuant to which Alameda Ventures agreed to sell LayerZero One Hundred Million (100,000,000) Stargate Tokens (collectively, the "TPA Stargate Tokens"").  On November 10, 2022, the Closing Date, LayerZero was ready, willing, and able to complete its purchase of the TPA Stargate Tokens for Ten Million Dollars ($10,000,000.00).  Alameda Ventures was provided with unique STG Wallets and keys for the TPA Stargate Tokens, but Alameda Ventures breached its obligations and failed to deliver the TPA Stargate Tokens.  Thereafter, on or around March 17, 2023, Alameda Ventures used the keys in its possession and moved the TPA Stargate Tokens upon their release.

10.    On September 8, 2023, FTX Trading, Alameda Ventures, and West Realm Shires Services, Inc. ("FTX US," and, together with FTX Trading and Alameda Ventures, the "Plaintiffs") filed the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 547, 548 and 550, Del. Code Ann. Tit. 6, §§ 1304 and 1305, and for Disallowance of Claims Pursuant to 11 U.S.C. § 502* [Case No. 22-11068, ECF No. 2457; Adv. Pro. No. 23-50492, ECF No. 1] (the "Complaint") against LayerZero, Ari Litan, and Skip & Goose LLC.  In the

---

[2]    LayerZero believes Alameda Ventures has in its possession the Token Purchase Agreement and the related correspondence between the parties to date.  The Token Purchase Agreement contains proprietary information and is subject to confidentiality obligations.  A copy of the fully executed Token Purchase Agreement may be made available subject to compliance with those confidentiality obligations.  All capitalized terms used herein, bur not otherwise defined herein, shall have the meanings ascribed to them in the Token Purchase Agreement, as applicable, and terms not otherwise defined (i) herein or (ii) in the Token Purchase Agreement, but defined in the Bankruptcy Code, shall have the meanings set forth therein.  If there is any inconsistency or conflict between the terms as defined in this addendum and the Token Purchase Agreement, the terms as defined in the Token Purchase Agreement shall govern and control.

Complaint, Plaintiffs assert preferential and fraudulent transfers claims against LayerZero (the "LayerZero Transfers Claim").  Complaint ¶¶ 3–14, 16, 49–68, 77–119.

11.     The Plaintiffs assert the following transactions should be avoided as (i) fraudulent transfers, pursuant to sections 548(a)(1)(A) and 548(a)(1)(B), 544(b) of the Bankruptcy Code and sections 1304(a)(1), 1304(a)(2) and 1305 of the Delaware Code, and (ii) preferential transfers pursuant to section 547(b) of the Bankruptcy Code:

      a.  Alameda Ventures' transfer of the AV Equity Stake to LayerZero; and

      b.  Alameda Ventures' relinquishment of its rights pursuant to the STG Warrant and ZRO Warrant.

12.     Following the filing of the Complaint, LayerZero retained Proskauer Rose LLP ("Proskauer") to represent it as counsel in connection with the Complaint and Chapter 11 Cases.

## Classification and Amount of Claim

13.     *Claim Relating to Token Purchase Agreement.*  LayerZero seeks the enforcement of the Token Purchase Agreement and the delivery of the TPA Stargate Tokens thereunder. LayerZero hereby asserts all claims and rights under applicable law or principles of equity, whether such claims and rights are contingent, liquidated, unliquidated, matured, unmatured, known, unknown or otherwise, that LayerZero has or may hereafter have against Alameda Ventures and its affiliates, successors, and assigns, relating to or arising out of, among other things, the Token Purchase Agreement (the "Token Purchase Agreement Claim").  Exclusive of interest and recovery costs, LayerZero seeks the value of the TPA Stargate Tokens, which, as of the Petition Date, would have been in its possession but for the Alameda Ventures' breach of the Token Purchase Agreement. As of the Petition Date, the TPA Stargate Tokens were worth approximately Three Thousand Nine Hundred Sixteen Ten Thousandths Cents ($0.3916) per token.  Subject to inquiry notice and the reservations set forth elsewhere in this addendum, exclusive of interest and

recovery costs, as of the Petition Date, the estimated amount of the Token Purchase Agreement Claim is Thirty-Nine Million One Hundred and Sixty Thousand Dollars ($39,160,000.00).

14.    *Claim Relating to the LayerZero Transfers Claim.*  In the event Plaintiffs prevail and obtain a judgment with respect to the LayerZero Transfers Claim, LayerZero hereby asserts a general unsecured claim, pursuant to section 502(h) of the Bankruptcy Code, against Plaintiffs for all amounts that may be due and payable pursuant to such judgment.  Additionally, in the event Plaintiffs are unsuccessful in connection with the LayerZero Transfers Claim, LayerZero hereby asserts a contingent general unsecured claim for all fees and expenses incurred by LayerZero in connection with or related to the LayerZero Transfers Claim, including, without limitation, reasonable attorneys' fees and expenses.

### Inquiry Notice

15.    This Proof of Claim and its attachments serve, and are intended to serve, as notice of a claim for any amount due or to become due in connection with (i) the Token Purchase Agreement, the provisions of which are expressly incorporated herein by reference whether or not summarized or identified specifically herein, and all interested parties are on notice, and advised to examine the provisions, of the Token Purchase Agreement and (ii) the LayerZero Transfers Claim, and all interested parties are on notice, and advised to examine the Complaint and any other pleadings in Adv. Pro. No. 23-50492.

### Earlier-Filed Claims

16.    On June 29, 2023, LayerZero filed Proof of Claim No. 5236 relating to the Token Purchase Agreement.  This Proof of Claim amends and supersedes Proof of Claim No. 5236.

### Reservation of Rights and Claims

17.    This Proof of Claim is filed under the compulsion of the bar date established in the Chapter 11 Cases and is filed to protect LayerZero from any asserted forfeiture of claims by reason

of said bar date. LayerZero reserves its right to amend and/or supplement this Proof of Claim for the purposes and to the extent permitted by applicable law.

18.     This Proof of Claim does not encompass claims or rights that LayerZero may have that arise after the Petition Date and that are entitled to an administrative priority, including, without limitation, rights to payment of the fees and expenses incurred by Proskauer. LayerZero expressly reserves its right to file and assert at the appropriate time any claims and rights that are entitled to an administrative priority. The mention of a claim herein does not constitute a waiver of the right to administrative priority.

19.     LayerZero reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted by the Debtors. Including, without limitation, any rights of setoff and/or recoupment not expressly asserted herein. LayerZero does not waive, and expressly reserves, any right of action that it may have against the Debtors or any other person or persons.

20.     LayerZero further reserves all rights accruing to it, and the filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of its rights against any person, entity, or property (including, without limitation, the Debtors or any other person or entity that is or becomes a debtor in a case pending in this Court); (ii) a consent by LayerZero to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving LayerZero; (iii) a waiver, release, or limitation of LayerZero's rights to a trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by

LayerZero to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of LayerZero's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving LayerZero; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

## **Notices and Communications**

21.    All notices and communications concerning the Proof of Claim should be sent to the following addresses:

*[Continued on following page]*

7

Proskauer Rose LLP
Attn: Brian S. Rosen
Eleven Times Square
New York, NY 10036

and

Proskauer Rose LLP
Attn: Libbie Osaben
70 West Madison
Chicago, IL 60602

and

LayerZero Labs Ltd.
Attn: Bryan Pellegrino, CEO
4301 Road Town
Tortola, BVI VG 1110

**Proof of Claim Number 5263**

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF



## United States Bankruptcy Court, District of Delaware

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☐ Alameda Research LLC (Case No. 22-11066) | ☑ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11168) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11126) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killamey Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund, LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☐ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☐ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11091) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☐ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |

**RECEIVED**

JUN 29 2023

KROLL RESTRUCTURING
ADMINISTRATION

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

Modified Form 410
# Proof of Claim
04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

LayerZero Labs Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

Email(s) the creditor used with the debtor    bryan@layerzerolabs.org

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Bryan Pellegrino
LayerZero Labs Ltd.
Trinity Chambers, P.O. Box 4301
Road Town, Tortola VG110
British Virgin Islands

Contact phone  236-994-5743
Contact email  notices@layerzerolabs.org

Where should payments to the creditor be sent? (if different)

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known)_____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____ ____ ____ ____

**If filing a claim for cryptocurrency, please fill in 7b.**

**7a. How much is the claim?**  $ 1,449,864.00

Does this amount include interest or other charges?
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
| --- | --- | --- | --- |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. <br><br> **Please See Addendum.** |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ☒ No <br> ☐ Yes. The claim is secured by a lien on property. <br><br> **Nature of property:** <br> ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* <br> ☐ Motor vehicle <br> ☐ Other. Describe: _____ <br><br> **Basis for perfection:** <br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) <br><br> **Value of property:** $_____ <br><br> **Amount of the claim that is secured:** $_____ <br><br> **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> **Amount necessary to cure any default as of the date of the petition:** $_____ <br><br> **Annual Interest Rate** (when case was filed)_____% <br> ☐ Fixed <br> ☐ Variable |

| | |
|---|---|
| **10. Is this claim based on a lease?** | ☒ No <br> ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☒ No <br> ☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No <br> ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |

| | | |
|---|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No <br> ☐ **Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required.** | $_____ |

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

[x] I am the creditor.

[ ] I am the creditor's attorney or authorized agent.

[ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

[ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/28/2023
                  MM / DD / YYYY

DocuSigned by:

*Bryan Pellegrino*
(Signature) 0724E1

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Bryan | | Pellegrino |
| | First name | Middle name | Last name |
| Title | Chief Executive Officer | | |
| Company | LayerZero Labs Ltd. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | Trinity Chambers, P.O. Box 4301, Road Town, Tortola VG110 | | |
| | Number        Street | | |
| | British Virgin Islands | | |
| | City | State | ZIP Code |
| Contact phone | 236-994-5743 | Email | notices@layerzerolabs.org |

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **On the first page of the form, check the box to identify the Debtor against whom you assert a claim. Select only one Debtor per claim form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Attach supporting documentation unless voluminous, in which case a summary must be attached. If documentation is unavailable, provide an explanation as to why documentation is not available.**

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.**

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **Any proof of claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) state whether the amount asserted represents a combination of goods and services and, if applicable, the portion that relates solely to the value of the goods; and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.**

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/FTX.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101(13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule
3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:

FTX Trading Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://restructuring.ra.kroll.com/FTX/EPOC-Index

**Do not file these instructions with your form**

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

**ATTORNEY WORK PRODUCT**
**PRIVILEGED AND CONFIDENTIAL**
**MB DRAFT 6/26/23**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### ADDENDUM TO PROOF OF CLAIM OF LAYERZERO LABS LTD.

1.    ***Name of Debtor***.  On November 11, 2022 (the "**Petition Date**"), FTX Trading group ("**FTX**") and certain of its affiliates filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  This proof of claim is filed against Alameda Research Ltd. (the "**Debtor**").

2.    ***Name of Creditor***.  This claim is made by and on behalf of LayerZero Labs Ltd. ("**LayerZero**").  LayerZero hereby files this addendum (the proof of claim and this addendum, collectively, this "**Proof of Claim**") against the Debtor, one of the debtors and debtors-in-possession (the "**Debtors**") in the above-captioned, jointly administered chapter 11 cases (the "**Chapter 11 Cases**").

3.    ***Amount of Claim***.  LayerZero asserts all claims and rights under applicable law or principles of equity, whether such claims and rights are contingent, liquidated, unliquidated,

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research Ltd.'s tax identification numbers are 3288 and 1725, respectively. Other information relating to the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  LayerZero understands from the Debtors' filings that the Debtors maintain their respective principal places of business at Tortola Pier Park, Building 1, Second Floor, Wickhams Cay 1, Roadtown Tortola VG1110, British Virgin Islands..

1

*Addendum to Proof of Claim of LayerZero*
*Debtor: Alameda Research Ltd.*

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

matured, unmatured, known, unknown or otherwise, that LayerZero has or may hereafter have against the Debtor and its affiliates, successors and assigns, relating to or arising out of, among other things, the interest that continues to accrue and remains due under that certain Master Loan Agreement, dated as of January 27, 2022 (as amended, restated and otherwise supplemented, the "**Master Loan Agreement**"), between the Debtor and LayerZero.[2]

4.    In connection with the Master Loan Agreement, a callable Option/Prepayment Option (the "**Prepayment Option**") was available to the Debtor, as Borrower. The Debtor exercised by the Prepayment Option. Under the Prepayment Option, in exchange for the forgiveness of principal amount of the Loan ***only***, the Debtor and Maclaurin Investments Ltd. (formerly known as Alameda Ventures Ltd.), an affiliated Debtor, redelivered the agreed-upon Digital Currency and delivered the required funds to LayerZero. The accrued interest was not forgiven in connection with the Debtor's exercise of the Prepayment Option. The interest accrued during the term of the Loan remains due and payable by the Debtor together with default interest on the unpaid interest and collections costs. Interest on the Loan accrued at a rate of 8% and at per diem of $9,863.01.

5.    As of the Petition Date, the outstanding amount of unpaid interest due to LayerZero is not less than $1,449,864.00.

6.    This Proof of Claim is prepared to the best of LayerZero's knowledge and belief, based on the recollection of the facts and the information and documentation that was both

---

[2]    LayerZero believes that the Debtor has in its possession the Master Loan Agreement, the related documents executed in connection with the exercise of the Prepayment Option (collectively, the "**Prepayment Option Agreements**") and correspondence between the parties to date. The Master Loan Agreement contains proprietary information and is subject to confidentiality obligations. A copy of the fully executed Master Loan Agreement and the related Prepayment Option Agreements may be made available subject to compliance with those confidentiality obligations. All capitalized terms used herein, but not otherwise defined herein, shall have the meanings ascribed to them in the Master Loan Agreement, as applicable, and terms not otherwise defined herein or in the Master Loan Agreement, but defined in the Bankruptcy Code, shall have the meanings set forth therein. If there is any inconsistency or conflict between the terms as defined in this Addendum and the Master Loan Agreement, the terms as defined in this Master Loan Agreement shall govern and control.

readily accessible and that became available after an inquiry reasonable under the circumstances. As such, LayerZero reserves all rights to amend, supplement and modify this Proof of Claim to include any other amounts, fees, and expenses at any time hereafter, including interest at any applicable default rate, attorneys' fees and any other costs and fees and assert additional proofs of claim against this Debtor and any other Debtor as it deems appropriate at a later time based on information and documentation that becomes available to it. Moreover, to the extent that LayerZero suffers any future damages, losses, nonpayment, or nonperformance in connection with its rights pertaining to the above agreement and interests, LayerZero hereby reserves the right to amend or supplement this Proof of Claim, in whole or in part, to assert all such claims and interests to which it is entitled.

7.    ***Judgments***. No judgment has been rendered on this Claim.

8.    ***Secured Claim***. LayerZero is not currently aware of any basis for asserting that LayerZero's Claim as set forth herein is a secured claim, but, based on facts and circumstances that may become known in the future, some or all of LayerZero's Claim may be determined to be secured, and LayerZero reserves all rights with respect thereto. By filing this Proof of Claim, LayerZero does not waive any of its postpetition claims and expressly reserves all of its rights in connection with such claims.

9.    ***Right to Setoff***. The claims asserted herein are not subject to any known claims, counterclaims, setoffs, or defences by the Debtor. LayerZero reserves any and all rights of setoff and recoupment that it or any of its affiliates may have against the Debtor or its affiliates.

10.    ***Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a)***. This claim is not entitled to priority under 11 U.S.C. § 507(a).

11.    ***Amount of Claim Entitled to Priority Under 11 U.S.C. § 503(b)(9)***. This claim is not entitled to priority under 11 U.S.C. § 503(b)(9).

*Addendum to Proof of Claim of LayerZero*
*Debtor: Alameda Research Ltd.*

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

12.     *Lease*.  This Claim is not based on a lease.

13.     *Claim Amendment*.  This Claim does not amend any previously filed claim.

14.     *Prior Filing*.  LayerZero is not aware of any proof of claim having already been filed for this Claim.

15.     *Last Four Digits of Any Number by which Creditor Identifies Debtor*.  Not applicable.

16.     *Effect of Filing*.  This Claim is filed pursuant to Bankruptcy Rule 3003 to protect LayerZero from forfeiture of its Claim.  The filing of this Proof of Claim does not constitute, is not intended to be and should not be deemed or construed as (i) a waiver of any of LayerZero's rights and remedies against any other person or entity who may be liable for all or part of the Claims set forth herein, whether an affiliate of the Debtor, an assignee, a guarantor or otherwise; (ii) a waiver of any obligation owed to LayerZero, or any right to any security that may be determined to be held by it or for its benefit; (iii) a waiver of any past, present or future defaults (or events of default) by the Debtor or others in connection with the Claim and the related documents; (iv) an election of remedies (including, but not limited to, an election of remedies that waives or otherwise affects any other remedies); (v) consent by LayerZero to the jurisdiction of this Court with respect to any proceeding commenced against or otherwise involving LayerZero; (vi) consent by LayerZero to the treatment of any non-core claim against it as a core claim; (vii) a waiver of the right to move to withdraw the reference with respect to the claims or otherwise, including, without limitation, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced against or otherwise involving LayerZero; (viii) a waiver of any right to the subordination, in favor of LayerZero, of indebtedness or liens held by other creditors of the Debtor; (ix) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is, or becomes, available; (x)

4

consent by LayerZero to a jury trial, or waiver of LayerZero's right to a trial by jury, in each case, in this Court or any other court, in any proceeding, as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, whether or not the same be designated legal, public or private rights, notwithstanding the designation or not of such matters as "core proceedings," pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (xi) a consent by LayerZero to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (xii) a waiver of LayerZero's right to have final orders in matters for which the Bankruptcy Court is not constitutionally authorized to enter final orders, notwithstanding the designation or not of such matters as "core proceedings," pursuant to 28 U.S.C. § 157(b)(2), entered only after de novo review by a District Court judge or, if applicable, the Third Circuit Court of Appeals; (xiii) an admission by LayerZero that any property held by the Debtor constitutes property of the Debtor's estates; or (xiv) a waiver or limitation of any procedural or substantive rights, or any procedural or substantive defenses, to any claim that may be asserted against LayerZero.

17.     ***Reservation of Rights***.   LayerZero reserves the right to withdraw this Proof of Claim with respect to any or all parts of the Claim set forth herein and/or with respect to the Debtor, for any reason whatsoever.  LayerZero does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time.  LayerZero (a) expressly reserves and does not waive any right or remedy, at law or in equity, of LayerZero, including, without limitation, any and all rights of setoff, recoupment or counterclaim, howsoever arising, any right to any security held by or for it or them, or any right to claim an interest in specific assets or any other rights or causes of action that LayerZero has, or may

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

have, against the Debtor, or any other persons or entities, and expressly reserves all such rights; (b) reserves the right to file additional proofs of claim and to further amend or supplement this Proof of Claim in any respect, including, without limitation, by (1) asserting claims arising from, or relating to, the avoidance of transfers made to LayerZero or any other entity, (2) further amending, quantifying or correcting the dollar amount of any part of the Claim or adding any other amounts, (3) adding or including any other debtor entity or any other entity, including, but not limited to, any entity that may become a debtor or debtor-in-possession in these jointly administered bankruptcy cases, (4) providing additional detail regarding the Claim set forth herein, (5) adding or amending categories of payments or liabilities, (6) adding additional claims and interests that may be based upon the same or additional events or documents, and/or (7) for any other reason; (c) reserves the right to assert that all or any part of the Claim described herein is administrative expenses entitled to a first priority under sections 507(a)(2) and 507(b) of the Bankruptcy Code, including, but not limited to, costs and expenses (including attorneys' fees and disbursements) incurred by LayerZero that remain unpaid; (d) any rights LayerZero may have pursuant to sections 362(b), 365(g), 502(g), 506(b), 510, 544, 545, 547, 548, 549, 550, 553, 555, or 742 of the Bankruptcy Code; or (e) any rights against any person or entity who may be liable for all or part of the interests set forth herein, whether an affiliate of the Debtor, an assignee, guarantor, or otherwise. This Proof of Claim is filed without prejudice to the filing by LayerZero or any of its affiliates of additional proofs of claim with respect to any other liability or indebtedness of the Debtor.

18.   *Notices*.  All notices with respect to this Proof of Claim should be sent to:

> Bryan Pellegrino
> LayerZero Labs Ltd.
> Trinity Chambers, P.O. Box 4301
> Road Town, Tortola VG110
> British Virgin Islands

DocuSign Envelope ID: E1541C95-BE27-426F-9AD2-4919B049ADFF

Tel: 236-994-5743
Email: notices@layerzerolabs.org

With a copy to:

Monique Mulcare
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 506 2181
Email: mmulcare@mayerbrown.com

19.    ***Headings***.  Section headings used herein are for convenience only and are not to

affect the construction of, or to be taken in consideration in, interpreting this Proof of Claim.

*[Remainder of page left intentionally blank]*

7

**Proof of Claim Number 85218**

COPY

**United States Bankruptcy Court, District of Delaware**

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☐ Alameda Research LLC (Case No. 22-11066) | ☑ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11120) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11126) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killarney Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☐ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☐ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11091) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☐ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |

RECEIVED

SEP 2 9 2023

## Modified Form 410
## Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

LayerZero Labs Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

Email(s) the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Brian S. Rosen
Eleven Times Square
New York, NY 10036

Contact phone  212-969-3380
Contact email  brosen@proskauer.com

Where should payments to the creditor be sent? (if different)

LayerZero Labs Ltd.
Attn: Bryan Pellegrino
Trinity Chambers, P.O. Box 4301, Road Town, Tortola VG1110
British Virgin Islands

Contact phone  236-994-5743
Contact email  legal@layerzerolabs.org

**4. Does this claim amend one already filed?**

☐ No
☒ Yes.  Claim number on court claims registry (if known)_____

Filed on  06/29/2023
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

If filing a claim for cryptocurrency, please fill in 7b.

**7a. How much is the claim?**  $ See Addendum.

Does this amount include interest or other charges?
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. |
| | |
| | **See Addendum.** |

| 9. **Is all or part of the claim secured?** | ☒ No ☐ Yes. The claim is secured by a lien on property. |
| | **Nature of property:** |
| | ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* |
| | ☐ Motor vehicle |
| | ☐ Other. Describe: _____ |
| | **Basis for perfection:** _____ |
| | Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) |
| | **Value of property:** $_____ |
| | **Amount of the claim that is secured:** $_____ |
| | **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.) |
| | **Amount necessary to cure any default as of the date of the petition:** $_____ |
| | **Annual Interest Rate** (when case was filed)_____% ☐ Fixed ☐ Variable |

| 10. **Is this claim based on a lease?** | ☒ No ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| 11. **Is this claim subject to a right of setoff?** | ☒ No ☐ Yes. Identify the property: _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $_____ |

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required. | $_____ |

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box*

☒  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/28/2023
           MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Bryan Pellegrino | | |
| | First name | Middle name | Last name |
| Title | Chief Executive Officer | | |
| Company | LayerZero Labs Ltd. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer | | |
| Address | Trinity Chambers, P. O. Box 4301, Road Town, Tortola VG1110 | | |
| | Number      Street | | |
| | British Virgin Islands | | |
| | City | State | ZIP Code |
| Contact phone | 236-994-5743 | Email | legal@layerzerolabs.org |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**ADDENDUM TO AMENDED**
**NON-CUSTOMER PROOF OF CLAIM OF LAYERZERO LABS LTD.**

1.      On November 11, 2022 (the "Petition Date"), FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned, jointly administered chapter 11 cases (the "Chapter 11 Cases") each filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      LayerZero Labs Ltd. ("LayerZero") is a software company.  LayerZero, among other things, invented and launched an open-source protocol that allows different blockchains to communicate with one another.  Prior to the Petition Date, LayerZero engaged in various transactions with certain of the Debtors.  An overview of these transactions is provided below.

3.      *Token Warrant Agreements*.  On January 14, 2022, LayerZero and Maclaurin Investments Ltd., f/k/a/ Alameda Ventures Ltd. ("Alameda Ventures") entered into two warrant agreements, which entitled Alameda Ventures to purchase Stargate Tokens (the "STG Warrant") and LayerZero Tokens (the "ZRO Warrant") from LayerZero.

4.      *Master Loan Agreement*.  On January 27, 2022, LayerZero and Alameda Ventures' parent, Alameda Research Ltd. ("Alameda Research") entered into a master loan agreement (as

---

[1]      The last four digits of FTX Trading Ltd.'s tax identification number is 3288.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

amended, restated and otherwise supplemented, the "Master Loan Agreement").[2] Pursuant to the Master Loan Agreement, a callable Option/Prepayment Option (the "Prepayment Option") was available to Alameda Research, as Borrower.

5.    *Equity Purchases*.    On January 14, 2022, Alameda Ventures purchased Two Million Nine Hundred Eighty-Eight Thousand Five Hundred Fifty-Three (2,988,553) Series A-1 Preference Shares of LayerZero for Thirty-Nine Million Nine Hundred Ninety-Nine Thousand Nine Hundred Eighty-Eight Dollars and Seventy-Eight Cents ($39,999,988.78).    On May 27, 2022, Alameda Ventures purchased Seven Hundred Sixty-Two Thousand Three Hundred Eighty-Four (762,384) Ordinary Shares of LayerZero for Twenty-Nine Million Nine Hundred Ninety-Nine Thousand Nine Hundred Eighty-Five Dollars and Seventy-Five Cents ($29,999,985.75).    As a result of these transactions, Alameda Ventures acquired an approximately four and ninety-two one hundredths percent (4.92%) equity stake in LayerZero (the "AV Equity Stake").

6.    *Loan Agreement*.    On February 4, 2022, LayerZero and Alameda Research, entered into an agreement, pursuant to which LayerZero loaned Alameda Research Forty-Five Million Dollars ($45,000,000.00) (the "AR Loan").

7.    *Token Purchases*.    On March 17, 2022, Alameda Ventures purchased One Hundred Million (100,000,000) Stargate Tokens for Twenty-Five Million Dollars ($25,000,000.00) at a public auction.

---

[2]    LayerZero believes Alameda Research has in its possession the Master Loan Agreement, the related documents executed in connection with the exercise of the Prepayment Option (collectively, the "Prepayment Option Agreements") and correspondence between the parties to date.  The Master Loan Agreement contains proprietary information and is subject to confidentiality obligations.  A copy of the fully executed Master Loan Agreement and the related Prepayment Option Agreements may be made available subject to compliance with those confidentiality obligations.  All capitalized terms used herein, but not otherwise defined herein, shall have the meanings ascribed to them in the Master Loan Agreement, as applicable, and terms not otherwise defined herein or in the Master Loan Agreement, but defined in the Bankruptcy Code, shall have the meanings set forth therein.  If there is any inconsistency or conflict between the terms as defined in this addendum and the Master Loan Agreement, the terms as defined in this Master Loan Agreement shall govern and control.

8.      *Share Transfer and Cancellation and Recission Agreements.*  Pursuant to the Prepayment Option, in exchange for LayerZero forgiving the AR Loan, on November 8, 2022, LayerZero and Alameda Ventures entered into (i) a share transfer agreement, pursuant to which Alameda Ventures transferred the AV Equity Stake to LayerZero and (ii) a cancellation and recission agreement, pursuant to which Alameda Ventures relinquished its rights pursuant to the STG Warrant and ZRO Warrant.  In accordance with the terms of their agreement, the accrued interest during the term of the AR Loan was not forgiven in connection with Alameda Research's exercise of the Prepayment Option.

9.      *Token Purchase Agreement.*  On November 9, 2022, LayerZero and Alameda Ventures entered into that certain Token Purchase Agreement (as amended, restated, and otherwise supplemented, the "Token Purchase Agreement"), pursuant to which Alameda Ventures agreed to sell LayerZero One Hundred Million (100,000,000) Stargate Tokens.

10.     On September 8, 2023, FTX Trading, Alameda Ventures, and West Realm Shires Services, Inc. ("FTX US," and, together with FTX Trading and Alameda Ventures, the "Plaintiffs") filed the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 547, 548 and 550, Del. Code Ann. Tit. 6, §§ 1304 and 1305, and for Disallowance of Claims Pursuant to 11 U.S.C. § 502* [Case No. 22-11068, ECF No. 2457; Adv. Pro. No. 23-50492, ECF No. 1] (the "Complaint") against LayerZero, Ari Litan, and Skip & Goose LLC.  In the Complaint, Plaintiffs assert preferential and fraudulent transfers claims against LayerZero (the "LayerZero Transfers Claim").  Complaint ¶¶ 3–13, 49–68, 77–108.

11.     The Plaintiffs assert the following transactions should be avoided as (i) fraudulent transfers, pursuant to sections 548(a)(1)(A) and 548(a)(1)(B), 544(b) of the Bankruptcy Code and sections 1304(a)(1), 1304(a)(2) and 1305 of the Delaware Code, and (ii) preferential transfers pursuant to section 547(b) of the Bankruptcy Code:

a. Alameda Ventures' transfer of the AV Equity Stake to LayerZero; and

b. Alameda Ventures' relinquishment of its rights pursuant to the STG Warrant and ZRO Warrant.

12.    Following the filing of the Complaint, LayerZero retained Proskauer Rose LLP ("Proskauer") to represent it as counsel in connection with the Complaint and Chapter 11 Cases.

## Classification and Amount of Claim

13.    *Claim Relating to Master Loan Agreement.*  LayerZero hereby asserts all claims and rights under applicable law or principles of equity, whether such claims and rights are contingent, liquidated, unliquidated, matured, unmatured, known, unknown or otherwise, that LayerZero has or may hereafter have against Alameda Research and its affiliates, successors, and assigns, relating to or arising out of, among other things, the interest that continues to accrue and remain due under the Master Loan Agreement (the "Master Loan Agreement Claim").  The interest accrued during the term of the AR Loan remains due and payable by Alameda Research together with default interest on the unpaid interest and collections costs.  Interest on the AR Loan accrues at a rate of eight percent (8%) per annum and, on a per diem basis of Nine Thousand Eight Hundred Sixty-Three Dollars and One Cent ($9,863.01).  Subject to inquiry notice and the reservations set forth elsewhere in this addendum, as of the Petition Date, the outstanding amount of unpaid interest due to LayerZero is not less than One Million Four Hundred Forty-Nine Thousand Eight Hundred and Sixty-Four Dollars ($1,449,864.00).

## Inquiry Notice

14.    This Proof of Claim and its attachments serve, and are intended to serve, as notice of a claim for any amount due or to become due in connection with the Master Loan Agreement, the provisions of which are expressly incorporated herein by reference whether or not summarized

4

or identified specifically herein, and all interested parties are on notice, and advised to examine the provisions, of the Master Loan Agreement.

### Earlier-Filed Claims

15.    On June 29, 2023, LayerZero filed a proof of claim relating to the Master Loan Agreement (the "June POC"). This Proof of Claim amends and supersedes the June POC.

### Reservation of Rights and Claims

16.    This Proof of Claim is filed under the compulsion of the bar date established in the Chapter 11 Cases and is filed to protect LayerZero from any asserted forfeiture of claims by reason of said bar date. LayerZero reserves its right to amend and/or supplement this Proof of Claim for the purposes and to the extent permitted by applicable law, including, without limitation, as it relates to the Complaint.

17.    This Proof of Claim does not encompass claims or rights that LayerZero may have that arise after the Petition Date and that are entitled to an administrative priority, including, without limitation, rights to payment of the fees and expenses incurred by Proskauer. LayerZero expressly reserves its right to file and assert at the appropriate time any claims and rights that are entitled to an administrative priority. The mention of a claim herein does not constitute a waiver of the right to administrative priority.

18.    LayerZero reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted by the Debtors. Including, without limitation, any rights of setoff and/or recoupment not expressly asserted herein. LayerZero does not waive, and expressly reserves, any right of action that it may have against the Debtors or any other person or persons.

19.    LayerZero further reserves all rights accruing to it, and the filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of its rights

5

against any person, entity, or property (including, without limitation, the Debtors or any other person or entity that is or becomes a debtor in a case pending in this Court); (ii) a consent by LayerZero to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving LayerZero; (iii) a waiver, release, or limitation of LayerZero's rights to a trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by LayerZero to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of LayerZero's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving LayerZero; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

### Notices and Communications

20.    All notices and communications concerning the Proof of Claim should be sent to the following addresses:

*[Continued on following page]*

6

Proskauer Rose LLP
Attn:  Brian S. Rosen
Eleven Times Square
New York, NY 10036

and

Proskauer Rose LLP
Attn:  Libbie Osaben
70 West Madison
Chicago, IL 60602

and

LayerZero Labs Ltd.
Attn: Bryan Pellegrino, CEO
4301 Road Town
Tortola, BVI VG 1110

**Proof of Claim Number 85302**



## United States Bankruptcy Court, District of Delaware

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☐ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☐ Alameda Research LLC (Case No. 22-11066) | ☐ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11168) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11126) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killarney Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☐ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☐ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11091) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☑ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |

RECEIVED

SEP 2 9 2023

## Modified Form 410
## Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

LayerZero Labs Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

Email(s) the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Brian S. Rosen
Eleven Times Square
New York, NY 10036

Where should payments to the creditor be sent? (if different)

LayerZero Labs Ltd.
Attn: Bryan Pellegrino
Trinity Chambers, P.O. Box 4301, Road Town, Tortola VG1110
British Virgin Islands

Contact phone  212-969-3380

Contact email  brosen@proskauer.com

Contact phone  236-994-5743

Contact email  legal@layerzerolabs.org

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.   Claim number on court claims registry (if known)_____

Filed on ____ / ____ / _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

**If filing a claim for cryptocurrency, please fill in 7b.**

**7a. How much is the claim?**  $ See Addendum.

Does this amount include interest or other charges?

☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>**See Addendum.** |
|---|---|

| 9. Is all or part of the claim secured? | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br><br>**Amount of the claim that is secured:** $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
|---|---|

| 10. Is this claim based on a lease? | ☒ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
|---|---|

| 11. Is this claim subject to a right of setoff? | ☒ No<br><br>☐ Yes. Identify the property: _____ |
|---|---|

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:*         **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____<br><br>☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____<br><br>☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.    $_____ |
|---|---|

| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☒ No<br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required.    $_____ |
|---|---|

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

- ☒ I am the creditor.
- ☐ I am the creditor's attorney or authorized agent.
- ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/28/2023
                   MM / DD / YYYY

Signature

**Print the name** of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Bryan Pellegrino |
| | First name      Middle name      Last name |
| Title | Chief Executive Officer |
| Company | LayerZero Labs Ltd. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | Trinity Chambers, P. O. Box 4301, Road Town, Tortola VG1110 |
| | Number      Street |
| | British Virgin Islands |
| | City      State      ZIP Code |
| Contact phone | 236-994-5743      Email   legal@layerzerolabs.org |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## ADDENDUM TO NON-CUSTOMER PROOF OF CLAIM OF LAYERZERO LABS LTD.

     1.     On November 11, 2022 (the "Petition Date"), FTX Trading Ltd. ("FTX Trading")

and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-

captioned, jointly administered chapter 11 cases (the "Chapter 11 Cases") each filed voluntary

petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

     2.     LayerZero Labs Ltd. ("LayerZero") is a software company.  LayerZero, among

other things, invented and launched an open-source protocol that allows different blockchains to

communicate with one another.  Prior to the Petition Date, LayerZero engaged in various

transactions with certain of the Debtors.  An overview of these transactions is provided below.

     3.     *Token Warrant Agreements.*  On January 14, 2022, LayerZero and Maclaurin

Investments Ltd., f/k/a/ Alameda Ventures Ltd. ("Alameda Ventures") entered into two warrant

agreements, which entitled Alameda Ventures to purchase Stargate Tokens (the "STG Warrant")

and LayerZero Tokens (the "ZRO Warrant") from LayerZero.

     4.     *Master Loan Agreement.*  On January 27, 2022, LayerZero and Alameda Ventures'

parent, Alameda Research Ltd. ("Alameda Research") entered into a master loan agreement (as

---

[1]    The last four digits of FTX Trading Ltd.'s tax identification number is 3288.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

amended, restated and otherwise supplemented, the "Master Loan Agreement"). Pursuant to the Master Loan Agreement, a callable Option/Prepayment Option (the "Prepayment Option") was available to Alameda Research, as Borrower.

5.      *Equity Purchases.*  On January 14, 2022, Alameda Ventures purchased Two Million Nine Hundred Eighty-Eight Thousand Five Hundred Fifty-Three (2,988,553) Series A-1 Preference Shares of LayerZero for Thirty-Nine Million Nine Hundred Ninety-Nine Thousand Nine Hundred Eighty-Eight Dollars and Seventy-Eight Cents ($39,999,988.78). On May 27, 2022, Alameda Ventures purchased Seven Hundred Sixty-Two Thousand Three Hundred Eighty-Four (762,384) Ordinary Shares of LayerZero for Twenty-Nine Million Nine Hundred Ninety-Nine Thousand Nine Hundred Eighty-Five Dollars and Seventy-Five Cents ($29,999,985.75). As a result of these transactions, Alameda Ventures acquired an approximately four and ninety-two one hundredths percent (4.92%) equity stake in LayerZero (the "AV Equity Stake").

6.      *Loan Agreement.*  On February 4, 2022, LayerZero and Alameda Research, entered into an agreement, pursuant to which LayerZero loaned Alameda Research Forty-Five Million Dollars ($45,000,000.00) (the "AR Loan").

7.      *Token Purchases.*  On March 17, 2022, Alameda Ventures purchased One Hundred Million (100,000,000) Stargate Tokens for Twenty-Five Million Dollars ($25,000,000.00) at a public auction.

8.      *Share Transfer and Cancellation and Recission Agreements.*  Pursuant to the Prepayment Option, in exchange for LayerZero forgiving the AR Loan, on November 8, 2022, LayerZero and Alameda Ventures entered into (i) a share transfer agreement, pursuant to which Alameda Ventures transferred the AV Equity Stake to LayerZero and (ii) a cancellation and recission agreement, pursuant to which Alameda Ventures relinquished its rights pursuant to the STG Warrant and ZRO Warrant. In accordance with the terms of their agreement, the accrued

2

interest during the term of the AR Loan was not forgiven in connection with Alameda Research's exercise of the Prepayment Option.

9.     *Token Purchase Agreement.*   On November 9, 2022, LayerZero and Alameda Ventures entered into that certain Token Purchase Agreement (as amended, restated, and otherwise supplemented, the "Token Purchase Agreement"), pursuant to which Alameda Ventures agreed to sell LayerZero One Hundred Million (100,000,000) Stargate Tokens (collectively, the "TPA Stargate Tokens"). On November 10, 2022, the Closing Date, LayerZero was ready, willing, and able to complete its purchase of the TPA Stargate Tokens for Ten Million Dollars ($10,000,000.00). Alameda Ventures was provided with unique STG Wallets and keys for the TPA Stargate Tokens, but Alameda Ventures breached its obligations and failed to deliver the TPA Stargate Tokens. Thereafter, on or around March 17, 2023, Alameda Ventures used the keys in its possession and moved the TPA Stargate Tokens upon their release.

10.    On September 8, 2023, FTX Trading, Alameda Ventures, and West Realm Shires Services, Inc. ("FTX US," and, together with FTX Trading and Alameda Ventures, the "Plaintiffs") filed the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 547, 548 and 550, Del. Code Ann. Tit. 6, §§ 1304 and 1305, and for Disallowance of Claims Pursuant to 11 U.S.C. § 502* [Case No. 22-11068, ECF No. 2457; Adv. Pro. No. 23-50492, ECF No. 1] (the "Complaint") against LayerZero, Ari Litan, and Skip & Goose LLC. In the Complaint, Plaintiffs assert preferential and fraudulent transfers claims against LayerZero (the "LayerZero Transfers Claim"). Complaint ¶¶ 3–14, 16, 49–68, 77–119.

11.    The Plaintiffs assert the following transactions should be avoided as (i) fraudulent transfers, pursuant to sections 548(a)(1)(A) and 548(a)(1)(B), 544(b) of the Bankruptcy Code and sections 1304(a)(1), 1304(a)(2) and 1305 of the Delaware Code, and (ii) preferential transfers pursuant to section 547(b) of the Bankruptcy Code:

a.   Alameda Ventures' transfer of the AV Equity Stake to LayerZero; and

b.   Alameda Ventures' relinquishment of its rights pursuant to the STG Warrant and ZRO Warrant.

12.   Following the filing of the Complaint, LayerZero retained Proskauer Rose LLP ("Proskauer") to represent it as counsel in connection with the Complaint and Chapter 11 Cases.

**Classification and Amount of Claim**

13.   *Claim Relating to the LayerZero Transfers Claim*.  In the event Plaintiffs prevail and obtain a judgment with respect to the LayerZero Transfers Claim, LayerZero hereby asserts a general unsecured claim, pursuant to section 502(h) of the Bankruptcy Code, against Plaintiffs for all amounts that may be due and payable pursuant to such judgment.  Additionally, in the event Plaintiffs are unsuccessful in connection with the LayerZero Transfers Claim, LayerZero hereby asserts a contingent general unsecured claim for all fees and expenses incurred by LayerZero in connection with or related to the LayerZero Transfers Claim, including, without limitation, reasonable attorneys' fees and expenses.

**Inquiry Notice**

14.   This Proof of Claim and its attachments serve, and are intended to serve, as notice of a claim for any amount due or to become due in connection with the LayerZero Transfers Claim, and all interested parties are on notice, and advised to examine the Complaint and any other pleadings in Adv. Pro. No. 23-50492.

**Reservation of Rights and Claims**

15.   This Proof of Claim is filed under the compulsion of the bar date established in the Chapter 11 Cases and is filed to protect LayerZero from any asserted forfeiture of claims by reason of said bar date.  LayerZero reserves its right to amend and/or supplement this Proof of Claim for the purposes and to the extent permitted by applicable law.

4

16. This Proof of Claim does not encompass claims or rights that LayerZero may have that arise after the Petition Date and that are entitled to an administrative priority, including, without limitation, rights to payment of the fees and expenses incurred by Proskauer. LayerZero expressly reserves its right to file and assert at the appropriate time any claims and rights that are entitled to an administrative priority. The mention of a claim herein does not constitute a waiver of the right to administrative priority.

17. LayerZero reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted by the Debtors. Including, without limitation, any rights of setoff and/or recoupment not expressly asserted herein. LayerZero does not waive, and expressly reserves, any right of action that it may have against the Debtors or any other person or persons.

18. LayerZero further reserves all rights accruing to it, and the filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of its rights against any person, entity, or property (including, without limitation, the Debtors or any other person or entity that is or becomes a debtor in a case pending in this Court); (ii) a consent by LayerZero to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving LayerZero; (iii) a waiver, release, or limitation of LayerZero's rights to a trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by LayerZero to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. §

157(e) or otherwise; (v) a waiver, release, or limitation of LayerZero's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving LayerZero; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

### **Notices and Communications**

19.     All notices and communications concerning the Proof of Claim should be sent to the following addresses:

Proskauer Rose LLP
Attn:  Brian S. Rosen
Eleven Times Square
New York, NY 10036

and

Proskauer Rose LLP
Attn:  Libbie Osaben
70 West Madison
Chicago, IL 60602

and

LayerZero Labs Ltd.
Attn: Bryan Pellegrino, CEO
4301 Road Town
Tortola, BVI VG 1110

**Proof of Claim Number 85245**

**United States Bankruptcy Court, District of Delaware**

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

| | | | |
|---|---|---|---|
| ☑ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☐ Alameda Research LLC (Case No. 22-11066) | ☐ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11168) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11126) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killarney Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☐ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☐ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11091) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☐ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |

RECEIVED

SEP 2 9 2023

<u>Modified Form 410</u>
## Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

LayerZero Labs Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

Email(s) the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Brian S. Rosen
Eleven Times Square
New York, NY 10036

Where should payments to the creditor be sent? (if different)

LayerZero Labs Ltd.
Attn: Bryan Pellegrino
Trinity Chambers, P.O. Box 4301, Road Town, Tortola VG1110
British Virgin Islands

Contact phone  212-969-3380

Contact email  brosen@proskauer.com

Contact phone  236-994-5743

Contact email  legal@layerzerolabs.org

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known)_____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____

If filing a claim for cryptocurrency, please fill in 7b.

**7a. How much is the claim?**  $ See Addendum.

Does this amount include interest or other charges?

☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>**See Addendum.** |
|---|---|

| 9. **Is all or part of the claim secured?** | ☒ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                              $_____<br><br>**Amount of the claim that is secured:**     $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
|---|---|

| 10. **Is this claim based on a lease?** | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
|---|---|

| 11. **Is this claim subject to a right of setoff?** | ☒ No<br>☐ Yes. Identify the property: _____ |
|---|---|

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:*                                                      **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                    $_____<br><br>☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____<br><br>☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).                    $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.    $_____ |
|---|---|

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No<br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received $_____ by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required. |
|---|---|

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

- ☒ I am the creditor.
- ☐ I am the creditor's attorney or authorized agent.
- ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/28/2023
        MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Bryan Pellegrino | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Chief Executive Officer | | |
| Company | LayerZero Labs Ltd. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer | | |
| Address | Trinity Chambers, P. O. Box 4301, Road Town, Tortola VG1110 | | |
| | Number  Street | | |
| | British Virgin Islands | | |
| | City | State | ZIP Code |
| Contact phone | 236-994-5743 | Email | legal@layerzerolabs.org |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**ADDENDUM TO NON-CUSTOMER PROOF OF CLAIM OF LAYERZERO LABS LTD.**

1.      On November 11, 2022 (the "Petition Date"), FTX Trading Ltd. ("FTX Trading")

and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-

captioned, jointly administered chapter 11 cases (the "Chapter 11 Cases") each filed voluntary

petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      LayerZero Labs Ltd. ("LayerZero") is a software company.  LayerZero, among

other things, invented and launched an open-source protocol that allows different blockchains to

communicate with one another.  Prior to the Petition Date, LayerZero engaged in various

transactions with certain of the Debtors.  An overview of these transactions is provided below.

3.      *Token Warrant Agreements.*  On January 14, 2022, LayerZero and Maclaurin

Investments Ltd., f/k/a/ Alameda Ventures Ltd. ("Alameda Ventures") entered into two warrant

agreements, which entitled Alameda Ventures to purchase Stargate Tokens (the "STG Warrant")

and LayerZero Tokens (the "ZRO Warrant") from LayerZero.

4.      *Master Loan Agreement.*  On January 27, 2022, LayerZero and Alameda Ventures'

parent, Alameda Research Ltd. ("Alameda Research") entered into a master loan agreement (as

---

[1]     The last four digits of FTX Trading Ltd.'s tax identification number is 3288.  Due to the large number of debtor
entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax
identification numbers is not provided herein.  A complete list of such information may be obtained on the website
of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

amended, restated and otherwise supplemented, the "Master Loan Agreement"). Pursuant to the Master Loan Agreement, a callable Option/Prepayment Option (the "Prepayment Option") was available to Alameda Research, as Borrower.

5.    *Equity Purchases*.  On January 14, 2022, Alameda Ventures purchased Two Million Nine Hundred Eighty-Eight Thousand Five Hundred Fifty-Three (2,988,553) Series A-1 Preference Shares of LayerZero for Thirty-Nine Million Nine Hundred Ninety-Nine Thousand Nine Hundred Eighty-Eight Dollars and Seventy-Eight Cents ($39,999,988.78). On May 27, 2022, Alameda Ventures purchased Seven Hundred Sixty-Two Thousand Three Hundred Eighty-Four (762,384) Ordinary Shares of LayerZero for Twenty-Nine Million Nine Hundred Ninety-Nine Thousand Nine Hundred Eighty-Five Dollars and Seventy-Five Cents ($29,999,985.75). As a result of these transactions, Alameda Ventures acquired an approximately four and ninety-two one hundredths percent (4.92%) equity stake in LayerZero (the "AV Equity Stake").

6.    *Loan Agreement*.  On February 4, 2022, LayerZero and Alameda Research, entered into an agreement, pursuant to which LayerZero loaned Alameda Research Forty-Five Million Dollars ($45,000,000.00) (the "AR Loan").

7.    *Token Purchases*.  On March 17, 2022, Alameda Ventures purchased One Hundred Million (100,000,000) Stargate Tokens for Twenty-Five Million Dollars ($25,000,000.00) at a public auction.

8.    *Share Transfer and Cancellation and Recission Agreements*.  Pursuant to the Prepayment Option, in exchange for LayerZero forgiving the AR Loan, on November 8, 2022, LayerZero and Alameda Ventures entered into (i) a share transfer agreement, pursuant to which Alameda Ventures transferred the AV Equity Stake to LayerZero and (ii) a cancellation and recission agreement, pursuant to which Alameda Ventures relinquished its rights pursuant to the STG Warrant and ZRO Warrant. In accordance with the terms of their agreement, the accrued

2

interest during the term of the AR Loan was not forgiven in connection with Alameda Research's exercise of the Prepayment Option.

9.      *Token Purchase Agreement.*    On November 9, 2022, LayerZero and Alameda Ventures entered into that certain Token Purchase Agreement (as amended, restated, and otherwise supplemented, the "Token Purchase Agreement"), pursuant to which Alameda Ventures agreed to sell LayerZero One Hundred Million (100,000,000) Stargate Tokens (collectively, the "TPA Stargate Tokens"). On November 10, 2022, the Closing Date, LayerZero was ready, willing, and able to complete its purchase of the TPA Stargate Tokens for Ten Million Dollars ($10,000,000.00). Alameda Ventures was provided with unique STG Wallets and keys for the TPA Stargate Tokens, but Alameda Ventures breached its obligations and failed to deliver the TPA Stargate Tokens. Thereafter, on or around March 17, 2023, Alameda Ventures used the keys in its possession and moved the TPA Stargate Tokens upon their release.

10.      On September 8, 2023, FTX Trading, Alameda Ventures, and West Realm Shires Services, Inc. ("FTX US," and, together with FTX Trading and Alameda Ventures, the "Plaintiffs") filed the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 547, 548 and 550, Del. Code Ann. Tit. 6, §§ 1304 and 1305, and for Disallowance of Claims Pursuant to 11 U.S.C. § 502* [Case No. 22-11068, ECF No. 2457; Adv. Pro. No. 23-50492, ECF No. 1] (the "Complaint") against LayerZero, Ari Litan, and Skip & Goose LLC. In the Complaint, Plaintiffs assert preferential and fraudulent transfers claims against LayerZero (the "LayerZero Transfers Claim"). Complaint ¶¶ 3–14, 16, 49–68, 77–119.

11.      The Plaintiffs assert the following transactions should be avoided as (i) fraudulent transfers, pursuant to sections 548(a)(1)(A) and 548(a)(1)(B), 544(b) of the Bankruptcy Code and sections 1304(a)(1), 1304(a)(2) and 1305 of the Delaware Code, and (ii) preferential transfers pursuant to section 547(b) of the Bankruptcy Code:

a.  Alameda Ventures' transfer of the AV Equity Stake to LayerZero; and

b.  Alameda Ventures' relinquishment of its rights pursuant to the STG Warrant and ZRO Warrant.

12.     Following the filing of the Complaint, LayerZero retained Proskauer Rose LLP ("Proskauer") to represent it as counsel in connection with the Complaint and Chapter 11 Cases.

## Classification and Amount of Claim

13.     *Claim Relating to the LayerZero Transfers Claim.*  In the event Plaintiffs prevail and obtain a judgment with respect to the LayerZero Transfers Claim, LayerZero hereby asserts a general unsecured claim, pursuant to section 502(h) of the Bankruptcy Code, against Plaintiffs for all amounts that may be due and payable pursuant to such judgment.  Additionally, in the event Plaintiffs are unsuccessful in connection with the LayerZero Transfers Claim, LayerZero hereby asserts a contingent general unsecured claim for all fees and expenses incurred by LayerZero in connection with or related to the LayerZero Transfers Claim, including, without limitation, reasonable attorneys' fees and expenses.

## Inquiry Notice

14.     This Proof of Claim and its attachments serve, and are intended to serve, as notice of a claim for any amount due or to become due in connection with the LayerZero Transfers Claim, and all interested parties are on notice, and advised to examine the Complaint and any other pleadings in Adv. Pro. No. 23-50492.

## Reservation of Rights and Claims

15.     This Proof of Claim is filed under the compulsion of the bar date established in the Chapter 11 Cases and is filed to protect LayerZero from any asserted forfeiture of claims by reason of said bar date.  LayerZero reserves its right to amend and/or supplement this Proof of Claim for the purposes and to the extent permitted by applicable law.

4

16.     This Proof of Claim does not encompass claims or rights that LayerZero may have that arise after the Petition Date and that are entitled to an administrative priority, including, without limitation, rights to payment of the fees and expenses incurred by Proskauer.  LayerZero expressly reserves its right to file and assert at the appropriate time any claims and rights that are entitled to an administrative priority.  The mention of a claim herein does not constitute a waiver of the right to administrative priority.

17.     LayerZero reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted by the Debtors. Including, without limitation, any rights of setoff and/or recoupment not expressly asserted herein. LayerZero does not waive, and expressly reserves, any right of action that it may have against the Debtors or any other person or persons.

18.     LayerZero further reserves all rights accruing to it, and the filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of its rights against any person, entity, or property (including, without limitation, the Debtors or any other person or entity that is or becomes a debtor in a case pending in this Court); (ii) a consent by LayerZero to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving LayerZero; (iii) a waiver, release, or limitation of LayerZero's rights to a trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by LayerZero to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. §

157(e) or otherwise; (v) a waiver, release, or limitation of LayerZero's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a U.S. District Court Judge; (vi) consent to this Court hearing or deciding any matter or proceeding, to the extent this Court lacks the constitutional authority to do so, under *Stern v. Marshall* or otherwise; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving LayerZero; (viii) an election of remedies; or (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

## **Notices and Communications**

19.    All notices and communications concerning the Proof of Claim should be sent to the following addresses:


Proskauer Rose LLP
Attn:  Brian S. Rosen
Eleven Times Square
New York, NY 10036

and

Proskauer Rose LLP
Attn:  Libbie Osaben
70 West Madison
Chicago, IL 60602

and

LayerZero Labs Ltd.
Attn: Bryan Pellegrino, CEO
4301 Road Town
Tortola, BVI VG 1110