RECEIVED

2024 JUL 16  PM 4: 16

CLERK
US BANKRUPTCY COURT

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (*Jointly Administered*) |

# P E T I T I O N

## <u>Reason for Petition</u>

FTX Trading Ltd. and FTX Japan K.K. continue to engage in fraudulent and improper practices even after the filing of Chapter 11 petitions in the Delaware Bankruptcy Court, and the current situation could lead to the conclusion of bankruptcy proceedings with these practices going unnoticed.

As per the following document submitted by the petitioner, it is clear that FTX Trading Ltd. and FTX Japan K.K. are committing fraud and need to be held accountable for the improper handling of the debtor that they have been doing.

WHEREFORE, petitioner respectfully requests that the Court grant such other relief as the Court deems just and proper.

## **Contents of Petition**

1 . **Dealing with Japanese residents not transferred to FTX Japan**

We request that the United States Bankruptcy Court for the District of Delaware direct and order the Debtor to do the following (1) and (2).

You may execute (1) and (2) first, whichever comes first.

(1)   To hand over from FTX Trading to FTX Japan the assets of all Japanese residents that have not been transferred to FTX Japan.

(2)   FTX Japan shall complete the procedures for the return of assets for all Japanese residents whose assets have not been transferred to FTX Japan.

2 . **Preventing problems that may arise after the transfer of FTX Japan's business**

The Debtor is attempting to sell FTX Japan in Docket No. 17923 to bitFlyer Holdings, Inc. There are certain issues that will arise in the future as we proceed with the sale agreement.

To prevent this from happening, there are certain measures that need to be taken, and we strongly request that the following (1) to (2), or equivalent measures be taken.

(1)   To transfer the information of all Japanese residents who have not been transferred to FTX Japan to bitFlyer Holdings, Inc.

In the event that FTX Japan's business is transferred to bitFlyer Holdings, Inc. after the transfer, Japanese residents who had not been transferred to FTX Japan will still be required to return their assets to FTX Japan.

Therefore, the debtor is requested to hand over the information of all Japanese residents who were not transferred to FTX Japan to bitFlyer Holdings, Inc. in advance after conducting an investigation.

(2)    Sharing information with the debtor after the transfer of the business to bitFlyer Holdings, Inc.

After the completion of the business transfer process to bitFlyer Holdings, Inc., FTX Japan will be discharged from the U.S. bankruptcy case.

For this reason, we request that the debtor and bitFlyer Holdings, Inc. enter into an information sharing arrangement regarding the status of the return of assets of Japanese residents after FTX Japan exits Chapter 11 in the Delaware Bankruptcy Court.

In the absence of an information sharing arrangement, there is a risk that both FTX Trading and FTX Japan may refuse to return assets to victims, or conversely, that both FTX Trading and FTX Japan may return assets to victims.

## Documents on which the petition is based

Document dated July 9, 2024, "CLAIMANT No. 53449's AND No. 53486's RESPONSE TO THE DEBTORS' FIFTIETH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED AGAINST THE INCORRECT DEBTOR"

Dated: July 9,2024                    */s/NAGASAKA, TAKUYA*

NAGASAKA, TAKUYA（長坂 拓哉）
50-15 TSUTSUMINE
KAWASAKI SHI KAWASAKI KU
KANAGAWA

Postal code：210-0026
Name of Country：JAPAN
Phone：+81-90-5777-1202
E-mail::nag.t1202@gmail.com



日本郵便
NIPPON
★3900
川崎駅西口
KAWASAKIEKI
NISHIGUCHI
通用当日限り
★06★
09.07.24



## JAPAN POST

**EMS** 国際スピード郵便

送り状 (Dispatch Note)   書類用 (Business Papers)

**JAPAN** 審権により開くことがあります   **JP** JAPAN POST   お問い合わせ番号
May be opened officially   (item number)   EN

| From (Sender) Name & Address | 受付年月日 Date mailed | | | 受付時刻 Time mailed | 時(hour) 分(Minute) |
|---|---|---|---|---|---|
| Takuya Nagasaka | 年(Year) 2024 | 月(Month) 07 | 日(Date) 09 | 総重量 Total gross weight | 253 -251 g |
| 50-15 TSUTSUMINE | | | | | |
| KAWASAKI SHI KAWASAKI KU | | | | To (Addressee) Name & Add | |
| Kanagawa | | | | The United States Bankruptcy Court fo | |
| | | | | 824 North Market Street | |
| | | | | 3rd Floor | |
| | | | | Wilmington | |
| Postal Code 210-0026 | | | JAPAN | DELAWARE | |
| TEL +81-90-5777-1202 | FAX | | | Country UNITED STATES OF AMERICA | |

※書類用のため内容品欄はありません

ご注意! こ
専用

(To Post an
This is EMS

## Dispatch Note & Customs Documentation Enclosed

RECEIVED
2024 JUL 16  PM 2: 59
CLERK
U.S. BANKRUPTCY COURT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(*Jointly Administered*)<br><br>**Hearing Date: September 12, 2024 at 1:00 P.M. ET**<br>**Objection Deadline: July 24, 2024 at 4:00 P.M. ET** |

**CLAIMANT No. 53449's AND No. 53486's RESPONSE TO THE DEBTORS'
FIFTIETH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN
CLAIMS FILED AGAINST THE INCORRECT DEBTOR**

| | |
|---|---|
| DOCKET NUMBER、DATE FILED<br>（文書番号、出願日） | Docket 17636、Filed 06/14/24 |
| THE NAME OF THE CLAIMANT<br>（請求者の氏名） | NAGASAKA, TAKUYA<br>（長坂　拓哉） |
| THE CLAIM NUMBER（請求番号） | (1) 53449　　　　(2) 53486 |
| A DESCRIPTION OF THE BASIS FOR THE AMOUNT OF THE CLAIM<br>（請求額の根拠の説明） | (1) 2.92772803 BTC　(2) 1.01748088 USD<br><br>This case is about FTX Trading's failure to transfer the account to FTX Japan, even though FTX Trading should have done so.<br><br>Moreover, the claimant (creditor) has no deficiencies whatsoever.<br><br>Since Japanese residents are required by Japanese law to maintain segregated accounts and to return assets in kind, not in US dollars, the BTC and US dollars must be transferred from FTX Trading to FTX Japan, and then the BTC and US dollars must be delivered to the claimant (creditor). |

- 1 -

# Table of Contents

## Specific factual basis and legal arguments —5—

—5—

1. Opening of account    —6—

2. Must be a resident of Japan    —8—

3. Avoid listing on the list of unregistered illegal traders published by the
   Japanese Financial Services Agency.    —10—

4. Notification and Announcement of Business Transfer    —11—

(1) FTX Trading Notice of Account Transfer    —21—

(2) FTX Japan's Perception of Business Transfer and Transfer Notice    —24—

5. Services for FTX JP Web Browser    —25—

6. FTX JP mobile application service provided by FTX Japan    —33—

7. FTX Japan claims after filing for U.S. bankruptcy    —33—

(1) FTX Japan's claim published on May 26, 2023    —35—

① Identity Verification (KYC) Process Request    —36—

② Japanese residents who used Blockfolio were excluded from the
   business transfer agreement.    —42—

③ Integration Processing Request    —48—

(2) Summary of fraudulent claims by FTX Japan (falsehoods,
   concealment, and acts of destruction of evidence)    —50—

(3) Publication in online media    —51—

8. Problematic Actions by FTX Japan Representative Seth Melamed    —52—

9. FTX Japan's fraudulent nature existed before it was acquired by FTX
   Trading.    —53—

10. Viewed as problematic by Japanese regulatory authorities

## Documents and other evidence to be added —54—

—54—

1. Recognition of FTX Trading (as identified by Docket 17170)    —63—

2. Application of Japanese Law    —63—

(1) Commercial Code Article 14 (Liability of a merchant who has licensed
   others to use his trade name)    —63—

(2) Law on the Settlement of Funds, Article 42
   (Prohibition of lending in name)

(3)    Law on the Settlement of Funds, Article 63-2 (Registration of —64—
Cryptographic Asset Exchangers)

(4)    Law on the Settlement of Funds, Article 107 (Penalties) —64—

(5)    Law on the Settlement of Funds, Article 115 (Penalties) —65—

(6)    Law on the Settlement of Funds, Article 63-17 (Rescission of —66—
Registration, etc.) and Article 63-5 (Refusal of Registration)

(7)    Financial Instruments and Exchange Law Article 36-3 (Prohibition of —67—
lending in name)

(8)    Companies Act Article 350 (Liability for Damages for Acts of —68—
Representatives) and Article 429 (Liability for Damages to Third
Parties of Officers, etc.)

3.  FTX Trading Terms of Use, etc. —69—

(1)    Official FTX.com website, " Location Restrictions" —69—

(2)    Official FTX.com website, " Jurisdiction, regulations, licensing, —69—
and practices"

(3)    Application of the latest FTX Trading Terms of Service- SCHEDULE 15 —70—

4.  Blockfolio Terms of Use and Privacy Policy —77—

5.  Terms of Use applicable to FTX Earn Program users after the transfer —78—
date

# <u>Opinion and claim of the claimant (creditor)</u>

—80—

1.  All untransferred Japanese residents who have received a transfer —80—
notice

2.  Claim by claimant (creditor) for return of BTC, etc. —83—

3.  Preventing Problems that May Occur after the Transfer of FTX Japan's —84—
Business

(1)    Transferring the information of all Japanese residents who have —84—
not yet been transferred to bitFlyer Holdings, Inc.

(2)    Information sharing with the debtor after the transfer of business to —84—
bitFlyer Holdings, Inc.

4.  Appeal for cancellation of FTX Japan's license registration —85—

5.  Falsehood, perversion, concealment, or non-responsiveness on the part —86—
of the debtor

## **Conclusion**    —87—


## **Reference**    —87—

—87—
1. (Reference) URL
2. (Reference : Docket 17636)  FTX Trading Ltd. 22-11068 (JTD) Fiftieth    —93—
   Omnibus Claims Objection Schedule 1 - Incorrect Debtor Claims

## Specific factual basis and legal arguments

The specific factual basis and supporting legal argument upon which the party the claimant (creditor) will rely in opposing this objection are as follows.

### 1. Opening of account

On January 10, 2021, I opened an account with FTX.com, a web browser service offered by FTX Trading Ltd. (d/b/a "FTX" or "FTX Trading").

At a different time, on August 22, 2021, I opened an account with FTX APP (also known and formerly known as "Blockfolio"), a service for mobile applications.

Both FTX.com and Blockfolio were services offered by FTX Trading.

certificate of residence

**Certification Date:** 2023 年 7 月 17 日

**Name :** TAKUYA NAGASAKA (長坂　拓哉)

**Date of Birth :**

December 2, 1981 (昭和 56 年 12 月 2 日)

**Address:**

SAITAMAKEN ASAKASHI NEGISHIDAI1·2·25·102

 ↓

KANAGAWAKEN KAWASAKISHI KAWASAKIKU TUTUMINE50·15

3．Avoid listing on the list of unregistered illegal traders published by the Japanese Financial Services Agency.

Japanese law (Law Concerning the Settlement of Funds, Article 63-2) states that "crypto asset exchange business shall not be conducted unless the person is registered by the Prime Minister.

If an exchange that is not registered with the Prime Minister provides services to residents of Japan, it will be included in the list of unregistered illegal traders published by the Financial Services Agency, the Japanese government agency.

**(Registration of cryptocurrency exchange operators)**
**Article 63-2** Only persons registered with the Prime Minister may conduct a cryptocurrency exchange business.

For example, Binance, the world's largest exchange, is on the list of unregistered illegal traders published.

無登録で暗号資産交換業を行う者の名称等について
(Names, etc. of Persons who Conduct Virtual Currency Exchanges Business without Registration)

○ご覧いただく場合の留意事項 (Points to keep in mind when viewing this page)
・掲載されている無登録業者は、警告書の発出を行った時点で資金決済に関する法律第63条の2の規定に違反し、無登録で暗号資産交換業を行っていることが確認できた者です。そのため、掲載されていない者であっても、無登録交換業に該当する行為を行っていることが確認されることがあり得ますのでご注意ください。
(The listed unregistered operators are those who have been confirmed to be operating an unregistered crypto asset exchange business in violation of the provisions of Article 63-2 of the Act on the Settlement of Funds at the time of the issuance of the warning letter. Therefore, please note that it is possible that even those who are not listed may be engaged in activities that fall under the category of unregistered exchange business. Translated with www.DeepL.com/Translator (free version))
・掲載されている無登録業者について、必ずしも、現在の無登録営業の状況を示すものではありません。また、その名称及び所在地等についても、現時点のものでない場合があります。
(The unregistered vendors listed do not necessarily represent the current status of unregistered businesses. In addition, the names and locations of such vendors may not be current.)
・暗号資産交換業者は金融庁・財務局への登録が必要です。利用する際は登録を受けた事業者か確認してください。
(Crypto asset exchangers must be registered with the Financial Services Agency and the Finance Bureau. When using a crypto asset exchange, please confirm that it is a registered operator.)
・令和2年5月の資金決済法改正により、「仮想通貨」から「暗号資産」に法令上の呼称が変更されました。そのため、2年5月以前に警告書を発出した業者に係る記載内容は、「仮想通貨」の呼称を用いています。
(Due to the revision of the Funds Settlement Law in May 2020, the legal term "crypto assets" was changed from "virtual currency" to "crypto assets. For this reason, the term "virtual currency" is used in the descriptions of the firms that issued warning letters before May 2020.)

| 商号、名称又は氏名等<br>(Trade Name or Name, etc.) | 所在地又は住所<br>(Location of Office or Address) | 暗号資産交換業の内容等<br>(Content, etc. of Virtual Currency Exchanges Business) | 備考<br>(Notes) | 掲載時期<br>(Publication time) |
|---|---|---|---|---|
| Binance Holdings Limited<br>代表者 Changpeng Zhao | 不明<br>(unknown) | インターネットを通じて、日本居住者を相手方として、暗号資産交換業を行っていたもの<br>(Those engaged in the crypto-asset exchange business with Japanese residents via the Internet.) | インターネット上で暗号資産取引を行っている「Binance」等を運営している。<br>(The company operates "Binance" and other services for trading crypto assets on the Internet.) | 令和3年6月<br>(June 2021) |

Prior to the April 4, 2022 transfer date, FTX Trading was also providing services to Japanese residents, and therefore <u>FTX Trading was an unregistered illegal firm in violation of Japanese law (Article 63-2 of the Law Concerning Funds Settlement).</u> Fortunately, FTX Trading was not yet listed on the FSA's list of unregistered firms. It was only a matter of time before they were listed on the list of unregistered illegal traders.

Therefore, FTX Trading decided to acquire the parent company of FTX Japan (Liquid), which was already registered with the FSA, and transfer all accounts of Japanese residents to FTX Japan. <u>The original purpose of FTX's acquisition of FTX Japan's parent company (Liquid) was to comply with Japanese law.</u> This is clearly stated in FTX's Notice of Account Transfer (English portion) and in the official blog provided by the acquired Liquid (Liquid by FTX).

Accounts that had not completed KYC by the transition period were notified that on the transfer date (April 4, 2023), the accounts would first be transferred to FTX Japan and the assets of the Japanese residents would be segregated.

<u>After the transfer date (April 4, 2023), if FTX Trading provided services to Japanese residents instead of FTX Japan, FTX Trading would again be in violation of Japanese law.</u> The service to Japanese residents had to be provided by FTX Japan, which was already registered with the Japanese Financial Services Agency. Therefore, after the transfer date, the accounts of Japanese residents became FTX Japan accounts, and they were notified that FTX Japan was the exchange where Japanese residents would be processed.

---

Japan's Financial Services Agency website (related to crypto assets)

· "List of Registered Crypto Asset Exchangers with Japan's Financial Services Agency"
  The list is available in the section "Information on Crypto Asset Exchangers."

· "List of unregistered firms in Japan FSA"
  A list of "unregistered overseas operators (including those whose whereabouts are unknown) that have issued warning letters" can be found in the "Warning to Users" section.
  https://www.fsa.go.jp/policy/virtual_currency/index.html



---

4. **Notification and Announcement of Business Transfer**

On February 2, 2022, FTX Japan (formerly known as Quoine K.K.) announced that Liquid Group Inc., then the parent company of FTX Japan, had been acquired by FTX Trading.

As a result of this acquisition, all accounts of Japanese residents registered with FTX Trading will now be transferred to FTX Japan. The transfer date, originally scheduled for March 30th, has been postponed to April 4th.

FTX Trading has sent out several email notices between February and March 2022 to Japanese residents registered with FTX.com or Blockfolio regarding the transfer of their accounts.

I have received these notices.

(1) **FTX Trading Notice of Account Transfer**

The final version of the Notice of Account Transfer that I received from FTX Trading is as follows

(Quoine K.K. is the former trade name of FTX Japan K.K.)

(The first half of the same notice was written in Japanese and the second half was written in English.)

**FTX** <support@ftx.com>

2022 年 3月31日



# 日本のお客様へ重要なお知らせ—
# Important Notice to Japanese Customer

FTX ユーザーの皆様

2022 年 2 月 2 日にすでにお知らせしましたとおり、当社は、Liquid と戦略的契約を締結し、2022 年 3 月 30 日をもって<u>当社のすべての既存の日本ユーザーを</u> Liquid の完全子会社であり日本の暗号資産交換業者兼第一種金融商品取引業者である Quoine 株式会社（以下「Quoine」といいます。）に移管する予定でしたが、2022 年 4 月 4 日に延期されました。

English Translation:

As previously announced on February 2, 2022, we have entered into a strategic agreement with Liquid to transfer <u>all of our existing Japanese users</u> to Liquid's wholly-owned subsidiary on March 30, 2022. The transfer was scheduled to be transferred to Quoine, Inc. (hereinafter referred to as "Quoine"), an asset exchange service provider and type I financial instruments business operator, but has been postponed to April 4, 2022.

当社は、お客様が日本居住者であることを確認しましたので、**Quoine** の
お客様として引き続きサービスをご利用いただくために、こちら
**ftx.com/jp/kyc/**でアカウント情報を更新していただく必要があります。
**Quoine** のお客様として継続を希望されない場合、**2022** 年 **4** 月 **4** 日（以
下「移管期日」といいます。）の午前 **9** 時まで、当社の利用規約に基づき、
当社からお客様の資産を引き出し、お客様のアカウントを解約してくだ
さい。



お客様は、記録上、**KYC** を完了しておりません。

また、移管期日までに **KYC** を完了しない場合、お客様は、**(1)** 取引が
できず、**(2)** 移管期日にレバレッジ倍率が **2** 倍以下になるように強制的
に縮小され、**(3)** 移管期日以降、資産の引き出し及び **Quoine** のアカウ
ントの解約以外できなくなります。**Quoine** のアカウントにアクセスし、
取引を継続する又は資産にアクセスするためには、上記リンクから **KYC**
を完了し、アカウント情報を更新していただく必要があります。

お客様のアカウントに関する以下の重要事項及び期限をご確認ください。

1. 2022年3月22日以降、レバレッジが2倍を超えるいかなる新規ポジションも構築することができません。

2. 2022年3月26日以降、(a) BTC、ETH、BCH、XRP、BAT、LTC、FTT、SOL以外のトークンの現物取引、(b) 一切の先日付取引、及び(c) BTC、ETH、BCH、XRP、BAT、LTC、FTT、SOLのパーペチュアル以外のパーペチュアル取引、を行うことはできません。

3. 移管期日の午前9時に未約定の注文はすべて取り消され、それ以降いかなる新規注文も受け付けません。

4. お客様のアカウントは、移管期日の午前9時以降にQuoineに移管されます。移管期日の午前9時に、お客様の資産及びポジションには以下の措置が行われます。

| 資産／ポジションの種類 | 移管期日午前9時（日本時間）時点の対応 | |
| --- | --- | --- |
| | KYCを完了している場合 | KYCを完了していない場合 |
| 現物 | | |
| － BTC、ETH、BCH、XRP、BAT、LTC、XLM、FTT、SOL | Quoineに移管されます。 | 移管期日にQuoineに一旦移管され、その後の移行期間にKYCを完了していただきます。KYCが完了せずに移行期間が終了した場合、FTX、Quoine及び第三者のカストディアンが別個に秘密鍵を管理するマルチシグネチャーウォレットに移管されます。お客様は、マルチシグネチャーウォレットからは、資産の引き出しのみ行うことができます。 |

| | | |
|---|---|---|
| − その他すべての現物残高 | FTX、Quoine 及び第三者のカストディアンが別個に秘密鍵を管理するマルチシグネチャーウォレットに移管されます。お客様は、移管期日以降、かかる資産の引き出しのみ行うことができます。また、かかる現物残高は、証拠金率の計算の対象外となります。 | |
| デリバティブ | | |
| −BTC、ETH、BCH、XRP、BAT、LTC、FTT、SOL のパーペチュアル | Quoine に移管されます。お客様が 2 倍超のレバレッジをかけている場合は、日本の規制に基づき、Quoine の利用規約に定める追証に関する規定に従い、追証が発動され、お客様のポジションの解消を避けるためには、2 営業日以内に追加証拠金を差し入れる必要があります。 また、証拠金に代用暗号資産を利用している場合は、掛目が 50%に変更されますのでご注意ください。 | お客様のアカウントをQuoine に移管するまでに、レバレッジ倍率が 2 倍以下になるように強制的に縮小されます。 また、証拠金に代用暗号資産を利用している場合は、掛目が50%に変更されますのでご注意ください。 |
| − すべての先日付取引 | お客様のポジションは、利益又は損失の有無にかかわらず、移管期日に強制的にクローズし、解消されます。 | |
| − その他すべてのパーペチュアル | お客様のポジションは、利益又は損失の有無にかかわらず、移管期日に強制的にクローズし、解消されます。 | |
| レバレッジド・トークン、トークン化された株式及び予測市場トークン | お客様の資産及びポジションは、移管期日に強制的にクローズし、米ドルに清算したうえで、Quoine に移管されます。お客様は、移管期日以降、Quoine から米ドルを引き出すことができます。 | |

注）Quoine との取引を希望される場合、移管期日前までに①外部ウォレットに
出庫する、②Quoine 取扱の暗号資産（BTC 等）に交換の上 Quoine に移管する
ことも可能です。

また、当社の商品の日本でのローカライズの一環として、さらにいくつかの変
更を行う予定です。引き続き、当社の最新の取引ルールと利用規約をご確認く
ださい。

ご不明な点がございましたら、https://ftx.com/support のドロップダウンから「日
本」を選択し、サポートチケットを送信してください。

FTX Team

---

Dear FTX user:

As previously announced on February 2, 2022, we have entered into
an agreement to acquire Liquid Group, Inc. ("Liquid"). The acquisition
is expected to close in late March, subject to customary closing
conditions.

In connection with the acquisition, <u>and in order to provide services to
existing Japanese users in compliance with Japanese laws, we have
entered into a strategic transaction with Liquid, and were planning to
transfer existing Japanese users of FTX to Quoine Corporation
("Quoine"), a wholly-owned subsidiary of Liquid, and a licensed
Japanese crypto asset exchange service provider and Type I financial
instruments business operator, on March 30, 2022.</u> This transfer has
been postponed to April 4, 2022.

We have identified you as a resident of Japan and in order for you to continue as a Quoine customer, you will be required to provide additional KYC information. Upon logging into your account, you will be presented with a pop-up that directs you to provide updated KYC information. You may also go to ftx.com/jp/kyc/ to complete your updated KYC information directly. If you do not wish to continue as a Quoine customer, you have until 9:00 AM JST on April 4, 2022 (the "Transfer Deadline") to withdraw your assets from FTX and close your account in accordance with our Terms of Service.



However, our records indicate that you have completed KYC. **If you do not complete KYC by the Transfer Deadline, you will (1) not be able to trade, (2) be forcibly reduced down to a maximum of 2x leverage on the Transfer Deadline, and (3) will only be able to withdraw your assets and close your Quoine account after the Transfer Deadline.** In order to access your Quoine account to continue trading or to access your assets, you will need to update your account information by completing the new KYC request before April 4, 2022.

**PLEASE REVIEW THE FOLLOWING IMPORTANT INFORMATION AND DEADLINES REGARDING YOUR ACCOUNT:**

1. You will not be able to open any new positions greater than 2x leverage after March 22, 2022.

2. You will not be able to trade (a) spot tokens other than BTC, ETH, BCH, XRP, BAT, LTC, XLM, FTT, and SOL, (b) any dated futures, and (c) any perpetuals other than BTC, ETH, BCH, XRP, BAT*, LTC*, XLM*, FTT*, SOL* perpetuals, in each case after March 26, 2022.

3. All open orders will be cancelled, and no new orders will be accepted after 9:00 AM JST on the Transfer Deadline.

4. You account will be transferred to Quoine starting at 9:00 AM JST on the TransferDeadline. The following actions will be taken on your assets and positions at 9:00 AM on the Transfer Deadline:

| Type of Asset or Position | Disposition at 9:00 AM JST on Transfer Deadline | |
|---|---|---|
| | **If you completed KYC** | **If you do not complete KYC** |
| **Spot** | | |
| BTC, ETH, BCH XRP, BAT, LTC, XLM, FTT, SOL | Transferred to Quoine | **Your account will be transferred to Quoine on the Transfer Deadline and you will be required to complete KYC during the subsequent transition period.** If KYC is not completed by the transition period, your assets will be transferred to a multisignature wallet held by FTX, Quoine and a third party custodian. **You will only be able to withdraw these assets after the Transfer Deadline.** |
| All other spot balances | Transferred to a multisignature wallet held by FTX, Quoine, and a third party custodian. You will only be able to withdraw these assets after the Transfer Deadline. In addition, these spot balances will no longer be taken into consideration in calculating your collateral ratio. | |

| Derivatives | | |
|---|---|---|
| BTC, ETH, BCH, XRP, BAT, LTC, XLM, FTT, SOL Perpetuals | Transferred to Quoine. In accordance with Japanese regulations, if you are leveraged above 2x, a margin call will be triggered and you will be required to deposit additional collateral into your account within two business days to prevent your position from being liquidated. Please note that if you are using crypto asset for margin, your margin amount will be reduced to 50%. | You will be forcibly deleveraged to a maximum of 2x leverage before your account is transferred to Quoine. Please note that if you are using crypto asset for margin, your margin amount will be reduced to 50%. |
| All dated futures | Your positions will be forcibly closed and liquidated on the Transfer Deadline regardless of whether you have a profit or loss position. | |
| All other perpetuals | Your positions will be forcibly closed and liquidated on the Transfer Deadline regardless of whether you have a profit or loss position. | |
| All other products including leveraged tokens, tokenized stock, and prediction markets. | Your assets and positions will be forcibly closed and liquidated on the Transfer Deadline into USD, and transferred to Quoine. You will be able to withdraw the USD from Quoine after the Transfer Deadline. | |

We will also be making a few more changes as part of the localization of our products in Japan. Please continue to review our updated Trading Rules and Terms of Use.

If you have any questions, please submit a support ticket via https://ftx.com/support.

Thank you,

FTX Team

It is important to note that we were notified that all remaining Japanese resident accounts registered with FTX Trading, except for those that were terminated by the transfer date (April 4, 2022), would be transferred from FTX Trading to FTX Japan. In other words, the account was to be transferred to FTX Japan (formerly known as Quoine) regardless of whether the KYC process (identity verification process) was completed or the K KYC process (identity verification process) was not completed.

I trusted this notice and decided that KYC did not need to be rushed if I was going to withdraw from FTX Japan and did not perform KYC before April 4, 2022.

If they had acted as notified, my account would have been transferred to FTX Japan on the transfer date, my assets would have been stored in a multi-signature wallet with separate private keys for FTX Trading, FTX Japan and a third party custodian, and I would have been able to withdraw all of my assets from the FTX Japan I should have been able to withdraw all of my deposited assets from my account.

It was clearly stated that after April 4, 2022, the account will be a Quoine account transferred to Quoine (current name: FTX Japan). Therefore, the parent company, FTX Trading, is obligated to instruct its subsidiary, FTX Japan, once again to follow the procedure for asset withdrawal.

The current debtor must be FTX Japan.

**(2)  FTX Japan's Perception of Business Transfer and Transfer Notice**

FTX Japan's recognition was confirmed through its official website and official blog. A separate announcement was made to FTX Trading users that they would be notified by email (Notice of Account Transfer by FTX Trading) of the details of the transfer.

This indicates that <u>**FTX Japan had agreed and accepted the explanation of the transfer that FTX had notified to the Japanese resident.**</u>

■FTX's Acquisition of Liquid(Official Liquid by FTX blog)

~~(FTX Japan removed the blog post around June-July 2023)~~

~~→Confirmed that the same article was reprinted at another URL in July 2023.~~

→As of June 26, 2024 FTX Japan again confirmed that the blog post was removed.



FTX is pleased to announce the acquisition of a crypto asset exchange registered by the Financial Services Agency in order to provide products and services to Japanese customers.

Tokyo, Japan – February 2, 2022 – FTX Trading Limited ("FTX") is a Japanese crypto asset exchange and type I financial instruments business operator, Quoine Co., Ltd. ("Quoine"). (hereinafter referred to as "Liquid"), the parent company of Liquid Group Inc. (hereinafter referred to as "Liquid"). The acquisition is expected to close in March 2022, subject to customary closing conditions.

Founded in 2014, Quoine was one of the first cryptocurrency exchanges registered in Japan by the Financial Services Agency in 2017. In October 2021, Quoine received registration as a Type 1 Financial Instruments Business from the Financial Services Agency and continues to provide customers with a derivatives trading platform. After FTX's acquisition of Liquid, Quoine plans to gradually integrate FTX's products and services into its offerings, and FTX's existing Japanese customers will migrate to Quoine's platform.

*The Company (FTX Trading)*

In connection with this acquisition, the Company has entered into a business transfer agreement with Liquid for the purpose of providing existing Japanese users with services that comply with Japanese laws and regulations, and effective March 30, 2022, the Company's existing of Japanese users will be transferred to Quoine, a wholly owned subsidiary of Liquid

*laws and regulations(Funds Settlement Law and Financial Instruments and Exchange Law)*

Including the above business transfer, we will inform FTX customers by e-mail about the details of the service accompanying the transition / transfer, so please refer to that.

We will combine and utilize each resource to provide products and liquidity to individual and institutional investors in the Japanese and global markets.

Financial terms of the transaction were not disclosed.

## About FTX.COM

Founded in 2019, FTX.COM is a cryptocurrency exchange founded by traders for traders.

For more information on FTX.COM, please visit https://ftx.com/ .

As stated in our Terms of Use, FTX.COM is not available to residents of the United States or any other prohibited jurisdiction.

*Residents of Japan are also included in "residents of any other prohibited jurisdictions". (because they are prohibited by the Japanese Funds Settlement Law)*

~~(Original URL: Deleted／Left)~~ https://blog.liquid.com/ja-jp/ja/ftx-liquid-acquisition
~~(URL after reprint: redeleted／Right)~~ https://news.liquid.com/ja/ftx-liquid-acquisition

 

(Reference: URL of the archive)

https://web.archive.org/web/20220523025013/https://blog.liquid.com/ja/ftx-liquid-acquisition



## 5．Services for FTX JP Web Browser

When logging in after the transfer date, FTX.com was changed to FTX JP.

Screenshot as of November 10, 2022.



6．**FTX JP mobile application service provided by FTX Japan**

July 15, 2022 FTX Japan changed the name of "FTX JP Mobile App" from "FTX APP (former name: Blockfolio)" and started providing mobile app services for Japanese residents.



After the transfer date (April 4, 2022), I was able to log into the FTX JP mobile app and deposit and withdraw BTC without any problems. Therefore, I was aware that the counterparty exchange was FTX Japan.

When general users made inquiries via the FTX JP mobile application, FTX Japan representatives responded to their inquiries. In addition, FTX Japan had been carelessly neglecting to inform Japanese residents of the account consolidation feature introduced by the parent company, FTX, without informing them or notifying them individually.



Screenshot from September 17, 2022.

At this point, the FTX APP (formerly known as Blockfolio) had already been disabled by a software update, and only the FTX JP mobile app was available instead.



Screenshot as of November 10, 2022 (1/4)

When the application was launched, the only options were "FTX US" and "FTX JP".

Note that when I selected FTX US, I was unable to log in.



Screenshot as of November 10, 2022 (2/4)

Only if you selected FTX JP could you log in.

Screenshot as of November 10, 2022 (3/4)

Withdrawals were forcibly canceled on November 8, 2022, but deposits and withdrawals were available without problems on May 8, 2022.



Screenshot as of November 10, 2022 (4/4)

After the transfer date, the FTX JP mobile app supported Japanese display.



The FTX Japan official website also had a page about the FTX JP mobile apps, but FTX Japan deleted these pages in February 2023.

- "Mobile App Overview"
- "How to trade with the mobile app?"
- "I would like to trade outside of a PC. Do you offer a mobile app?"

It is very puzzling, but since the incident, FTX Japan has been deleting pages that are inconvenient for their company.

• "Mobile App Overview"



• Archive for the "Mobile App Overview"

https://web.archive.org/web/20230208165718/https://help-jp.ftx.com/hc/ja/articles/8278235767577-%E3%83%A2%E3%83%90%E3%82%A4%E3%83%AB%E3%82%A2%E3%83%97%E3%83%AA%E6%A6%82%E8%A6%81



" How to trade with the mobile app? "

 **FTX** JP

サインイン

Circa February 2022,
Page deleted.

お客様サポート（ヘルプ・お問い合わせ） | FTX Japan ＞ モバイルアプリ

Search articles

# モバイルアプリでの交換方法について

更新 3か月前

English Translation:
"How to trade with the mobile app?"

お使いのスマートフォンから資産をFTX JPから購入したり、保有している資産をFTX JPに売却することができる取引手数料無料のサービスです。

暗号資産同士の交換も法定通貨を介さず直接取引できるので、余計な取引が減り手数料の削減も期待できます。

FTX JPの販売所と同様に、通貨を以下のように自由に組み合わせて取引することができきます。

・Archive for the"How to trade with the mobile app? "

https://web.archive.org/web/20230208174453/https://help-jp.ftx.com/hc/ja/articles/8279703936409-%E3%83%A2%E3%83%90%E3%82%A4%E3%83%AB%E3%82%A2%E3%83%97%E3%83%AA%E3%81%A7%E3%81%AE%E4%BA%A4%E6%8F%9B%E6%96%B9%E6%B3%95%E3%81%AB%E3%81%A4%E3%81%84%E3%81%A6



" I would like to trade outside of a PC. Do you offer a mobile app? "

 **FTX** JP

サインイン

*Circa February 2022, Page deleted.*

お客様サポート（ヘルプ・お問い合わせ）｜FTX Japan 〉 始め方

Search articles

# パソコン以外でも取引をしたいのですが、モバイルアプリの提供はありますか？

更新 3か月前

*English Translation:*
*" I would like to trade outside of a PC. Do you offer a mobile app? "*

はい。FTX Japanではパソコンでの取引だけでなく、モバイルアプリも提供しています。

## FTX Japanモバイルアプリ

iPhone、Androidの両OSに対応しており、下記からのリンクからダウンロードいただけます。

 

*Link for FTX JP mobile app download*

・Archive for the " I would like to trade outside of a PC. Do you offer a mobile app? "
https://web.archive.org/web/20220726093854/https://help-jp.ftx.com/hc/ja/articles/8282814119321



- 32 -

7．FTX Japan claims after filing for U.S. bankruptcy

(1)　FTX Japan's claim published on May 26, 2023

On February 21, 2023, FTX Japan started to provide services for withdrawal of legal tender and withdrawal of crypto assets. However, it refused to process the return of assets for some users, including myself.

The response was completely different from the notice and announcement that had been made at the time of the transfer. There were also multiple failures by FTX Japan in the services and notices provided from the April 4, 2022 transfer date through November 11, 2022.This fault by FTX Japan resulted in many victims who were not able to receive the return of their assets. <u>As a matter of fact, it seems that not only me but almost all Japanese residents who had mobile app account accounts before the transfer were not transferred and became victims of refused return.</u>

The victims repeatedly demanded a consistent explanation from FTX Japan.However, FTX Japan never responded regarding its own fault and repeatedly avoided responsibility.On May 26, 2023, the following claim was posted on the official FTX Japan website



■About FTX Japan's accounts eligible for restitution

https://support-jp.liquid.com/hc/ja/articles/16147089501453-FTX-Japan%E3%81%AE%E8%BF%94%E9%82%84%E5%AF%BE%E8%B1%A1%E5%8F%A3%E5%BA%A7%E3%81%AB%E3%81%A4%E3%81%84%E3%81%A6



Note that as of May 15, 2024, this publication has been revised and the name "FTX JP Mobile App" has been changed to "FTX Mobile App".

The "FTX Mobile App" is a name that has never existed in the past.
There are only three names for the mobile app

・「Blockfolio App」
 …Name of the company's mobile app before it was acquired by the FTX Group.

・「FTX App」
 …The name of the mobile app after the acquisition of Blockfolio by the FTX Group in or about August 2021 and the change. The service was only available to FTX US for US residents or FTX.com users for residents of other non-prohibited jurisdictions.

・「FTX Japan Mobile App (FTX JP Mobile App)」
 …Name of mobile app provided only to FTX Japan users.

～～～～～～～～～～～～～～～～～～～～～～～～～～～～～

Apart from this, in February 2023, FTX Japan deleted (or destroyed evidence of) a page about the FTX JP mobile app. This is really dishonest, even though the official website called it "FTX Japan Mobile App" and even provided a link to download the app.

This claim by FTX Japan had the following problems that should be pointed out ① to ③ below.

① **Identity Verification (KYC) Process Request**

FTX Japan's claim that "assets that can be withdrawn/withdrawn from FTX Japan are accounts that have been opened through prescribed KYC procedures and examinations."

---

Q. What assets can be withdrawn from an FTX Japan account?     –

A.

The only assets that can be withdrawn or shipped from FTX Japan Co., Ltd. (hereinafter referred to as "our company") are money and crypto assets held in an account (hereinafter referred to as "FTX Japan Account") that has been opened with our company after going through our designated KYC procedures and screening.

---

First, regarding ①, the following is described below.

According to the notice I had received prior to the bankruptcy case, FTX accounts were scheduled to be transferred from FTX to FTX Japan on the transfer date (April 4, 2023), regardless of whether or not KYC (identity verification) procedures were completed. In other words, accounts that had not been verified by the transfer date (April 4, 2023) were to be closed and withdrawn as FTX Japan accounts.

However, in fact, my account was not processed for transfer to FTX Japan. Therefore, the reason why the transfer procedure was not done was because FTX Japan did not fulfill this obligation.

② **Japanese residents who used Blockfolio were excluded from the business transfer agreement.**

FTX Japan's claim that "Blockfolio's services are not subject to the business transfer agreement that FTX Japan entered into with FTX Trading in November 2021 and are not operated by FTX Japan, and therefore the assets held in the Blockfolio account are not subject to control by FTX Japan. "

---

Q. Can I withdraw or withdraw assets held in my Blockfolio account?                              –

A.

The Blockfolio service is not subject to the business transfer agreement that our company (then known as Quoine, Inc.) entered into with FTX Trading in November 2021, and is not operated by our company, so assets held in Blockfolio accounts are not subject to our management.

Therefore, the assets cannot be withdrawn or issued from our company.

---

Next, ② is described below.

This is a claim first made on May 26, 2023.I have reviewed all records of the most recent FTX.com Terms of Service, Blockfolio Terms of Service, FTX.com's official website, and Blockfolio's official website.However, there was not a single mention of a Japanese resident who used Blockfolio's services being excluded from the business transfer from FTX Trading to FTX Japan.<u>On the contrary, there was only an explanation to the effect that Japanese residents were not users of FTX.com, but of FTX Japan.</u>

That's because Blockfolio's terms of service clearly state that U.S. residents are subject to the FTX US terms of service and non-U.S. residents are subject to the FTX.com terms of service.

Since Blockfolio's terms of service were to refer to the terms of service for web browser accounts (FTX.com or FTX US), it is clearly inappropriate to transfer only web browser accounts.

<u>No consistent explanation has been given by FTX Japan regarding this.</u>

The Services include access to financial services, such as trading and investment opportunities ("FTX App Trading"), for users who meet certain qualifications. The FTX App Trading services are provided by FTX Trading, Ltd., an Antigua And Barbuda limited liability company ("FTX") and its affiliated companies. Users who opt to use FTX App Trading are referred to and integrated with certain features and services offered by FTX and FTX US via the FTX App platform. FTX maintains separate terms of use and privacy policy on each of its websites, ftx.com and ftx.us respectively. You are strongly encouraged to visit FTX's websites, as applicable to you, and understand their terms of use and privacy policies before accessing the FTX App Trading feature, as you will be required to agree to those terms prior to accessing the feature. For more information on how the FTX App Service permits access by FTX App users to FTX's services, read the section titled, "Links and Access to Third-Party and Affiliated Sites."

· **Blockfolio Terms of Use and Privacy Policy (archived)**

The use of the FTX application service (formerly known as Blockfolio) is subject to separate terms of use and privacy policies on the ftx.com and ftx.us websites.

https://web.archive.org/web/20220605202501/https://help.blockfolio.com/hc/en-us/articles/360021461173-Terms-of-Use-and-Privacy-Policy



Since Japanese residents are "residents of the U.S. or other prohibited jurisdictions," they could not use Blockfolio as users of FTX.com after the transfer date, which means that FTX Japan is misrepresenting itself.

FTX serves all Japanese residents via FTX Japan.

· **FTX.com site "Location Restrictions" (archived)**

"FTX serves all Japanese residents via FTX Japan." The statement clearly stated.

https://web.archive.org/web/20221027173821/https://help.ftx.com/hc/en-us/articles/360042412652-Location-Restrictions



> 3.  Japan:
>
>     1.  FTX serves all Japanese residents via FTX Japan.

· FTX.com site "Jurisdiction, regulations, licensing, and practices" (archived)
"1. FTX serves all Japanese residents via FTX Japan." The statement clearly stated.
https://web.archive.org/web/20220620175514/https://help.ftx.com/hc/en-us/articles/360056976411-Jurisdiction-regulations-licensing-and-practices



FTX Trading's notice of account transfer (Japanese portion) clearly states that "All existing Japanese users of FTX will be transferred to Quoine K.K. (former name of FTX Japan), a wholly owned subsidiary of Liquid, a Japanese crypto asset exchanger and Type I financial instruments trader. FTX.com and Quoine K.K. (former name of FTX Japan). Since FTX.com and Blockfolio were services provided by FTX Trading, my account should have been transferred from FTX Trading to FTX Japan.

In fact, the same notice was sent by FTX Trading to Japanese residents who had only Blockfolio accounts regarding the timing of account transfers. There is no doubt that Japanese residents who were using Blockfolio's services were also included in the transfer. FTX Japan has yet to provide a consistent explanation for this.

Assuming the claims made by FTX Japan on May 26, 2023, if true, then multiple problems and incongruities arise, including the following. FTX Japan still does not explain why these are the case, and they are issues that FTX Japan would never want to explain.

【Issues is that the situation cannot be resolved in violation of Japanese law】

If FTX Japan's claim is true, it means that FTX Trading, which was not registered with the Japanese FSA, continued to provide Blockfolio services to Japanese residents even after FTX Japan's service was launched. <u>Only FTX Japan, which was listed on the Japanese FSA's list of registered crypto asset exchangers, could legally provide services to Japanese residents.</u>

The purpose of FTX Trading's acquisition of FTX Japan's parent company (Liquid) in the first place was to eliminate FTX Trading's violation of Japanese law. This does not mean that the violation has been resolved.

<u>Moreover, FTX Japan would have been a whistleblower that its parent company, FTX Trading, intentionally left conditions in violation of Japanese law.</u>

---

【Issues that were not intentionally addressed at the time of the business transfer agreement】

Blockfolio was a service that the debtor knew about and took for granted. It is not something that could be inadvertently or through oversight be left out of the transfer target at the time of the business transfer agreement.

Assuming that FTX Japan's allegations were true, <u>the Japanese residents who were using Blockfolio were intentionally left out of the transfer target when the business transfer agreement was signed.</u>

And since the business transfer would be an improper contract for its original purpose, FTX Japan will not be able to explain why it intentionally excluded Japanese residents who were using Blockfolio from the transfer.

【Issues that were intentionally not addressed in the period immediately prior to the transfer date】

A case exists in which a Japanese resident who used only Blockfolio in the period immediately prior to the transfer date contacted FTX Japan individually for guidance. If FTX Japan's claims published on May 26, 2023 were true, <u>it would have been able to notice the incompleteness in the scope of the transfer target when it was inquired about, but until the FTX's bankruptcy filing, FTX Japan intentionally did absolutely nothing to address the issue.</u>

If they were aware of the problem, even if it was late, they should have informed and notified Japanese residents individually to address this issue. FTX Japan has not explained why it did not do so.

【Issues that were intentionally not addressed after the transfer date】

FTX Japan launched the FTX JP mobile app service after the transfer date. The integration functionality was implemented in July 2022 (see ③ below for details), so if FTX Japan's claims were true, FTX Japan could very easily have discovered that the accounts of Japanese residents who had been using Blockfolio had not been transferred at all. <u>FTX Japan was able to very easily discover that the accounts of Japanese residents using Blockfolio had not been transferred at all.</u>

If they were aware of the problem, they should have announced and individually notified Japanese residents to address this issue after July 2022. FTX Japan has not explained why it did not do so.

At this point, there is no explanation from FTX Japan as to why this is the case, as what they said and what they actually did were so different.

Ultimately, the fact that the Japanese residents who were using Blockfolio were not transferred to FTX Japan was intentional or gross negligence on the part of FTX Japan, a violation of Japanese law, and a breach of contractual obligations. FTX Japan continues to make claims that are convenient for FTX Japan without admitting fault or explaining why it intentionally excluded Blockfolio. Nevertheless, FTX Japan still tries to avoid liability by claiming that it was in compliance with Japanese law.

Presumably, FTX Japan is afraid that admitting that it violated the law will reduce FTX Trading's assets and cause the cancellation of its license registration with the Japanese Financial Services Agency.

Therefore, we believe that FTX Japan is trying to avoid the worst-case scenario of FTX Japan's registration revocation by claiming that it was FTX Trading that violated the law.

<u>This is an extremely bad decision for Japanese residents.</u>

Again, <u>FTX Japan's claim that "Japanese residents who used Blockfolio's services are not subject to the business transfer" is a story that only came out on May 26, 2023. This is a convenient argument for FTX Japan. It is inappropriate for a claim now announced after the filing of the U.S. bankruptcy case to take precedence over what was notified in advance.</u>

③ **Integration Processing Request**

"On the FTX Japan mobile app, the user must press the button labeled "Integrate with ftx.com" to merge the Blockfolio account balance with the FTX.com account balance.In addition, the customer must complete the FTX Japan's prescribed identification verification procedure and have an FTX Japan account opened. "   FTX Japan claims.

Q. My acquaintance who uses the FTX JP mobile app was able to withdraw his assets, but why can't I withdraw them?

A.

Assets deposited in an FTX Japan account opened with us via the FTX JP mobile app after going through our designated KYC procedures and screening are eligible for return. In addition, even if you are using the FTX JP mobile app, if you have transferred assets that were not under our control but are subject to our handling by completing the designated procedures before the start of proceedings under Chapter 11 of the U.S. Bankruptcy Code due to the petition of FTX Trading, you can withdraw the assets from us because we are managing them.

The procedure is as follows:

1. In the FTX JP mobile app, click the button labeled "Merge with ftx.com" and merge your Blockfolio account balance with your FTX.com account balance.

2. You have completed the identity verification procedures specified by our company and have opened an FTX Japan account.

If steps 1 and 2 above have been completed, the assets in your Blockfolio account will have been transferred to your FTX Japan account and will be managed by us.

Therefore, the assets in question can be withdrawn or issued from our company.

Finally, ③is described below.

**The button on the mobile app labeled "integrate with ftx.com" was a feature provided by parent company FTX Trading.** FTX Trading's acquisition of Blockfolio had resulted in the same customer having accounts with both FTX.com and Blockfolio. To address the issue of multiple accounts for the same person, FTX Trading implemented the ability to merge accounts in July 2022. FTX Trading at least publicized the issue on Twitter and posted instructions on the Blockfolio website on how to consolidate.



· How to merge FTX App with your FTX web account (archive)
https://web.archive.org/web/20220701165000/https://help.blockfolio.com/hc/en-us/articles/6381629594267-How-to-merge-FTX-App-with-your-FTX-web-account





 (Announced at X)  https://twitter.com/FTX_Official/status/1544763321785716737

- 43 -

On the other hand, <u>FTX Japan did not make any effort to inform users about this</u> <u>integration feature.</u> FTX Japan did not post any information about the integration on its website and did not take any action to resolve the issue.

In addition, there was an inconsistency in the display on the FTX JP mobile app due to FTX Japan's failure to address this issue. The integration buttons displayed on the FTX JP mobile app were not intended for Japanese residents who use FTX JP services, but were instead intended for non-Japanese residents who use FTX.com services.

In fact, the FTX JP mobile app showed "Merge with ftx.com" and the FTX APP app showed "Merge with ftx.com".



| FTX JP Mobile App Integration Button <br> "<u>ftx.com と統合</u>" | Integration button for FTX APP app <br> "<u>Merge with ftx.com</u>" |

As a result, the FTX JP mobile app displayed an incorrect translation for Japanese-speaking users: "Merge with ftx.com". Users residing in Japan were not FTX.com users and therefore did not have the opportunity to learn of the existence of the integration feature.

<u>As a matter of fact, most Blockfolio users were not transferred to FTX Japan and were</u> <u>unable to receive their assets back through the legal tender withdrawal and crypto asset</u> <u>withdrawal services on February 21, 2023.</u>

Nevertheless, FTX Japan has been insisting since the U.S. bankruptcy case that the users to be transferred must have completed the integration process in advance. This is the first time that FTX Japan has begun to make this claim. It is not only extremely disadvantageous to the users who had no opportunity to know in advance the existence of the integration process, but also has no basis in contract or in law.

**FTX Japan has an obligation to comply with any demand to return assets in accordance with the notice it was given prior to the U.S. bankruptcy case. This is an obligation owed by FTX Japan.**

Moreover, the FTX JP mobile app even displayed the registration number of the FSA and other authorities. This indication led Japanese residents using the FTX JP mobile app to trust that they were using an FTX Japan account.

FTX JP mobile app (displays FTX Japan name, registration number, etc.)



Due to FTX Japan's fault, the users subject to the transfer, including myself, were not aware of the existence of the integration procedure in ③.FTX Japan is trying to evade responsibility by repeatedly claiming that it is the user who is at fault, as if the user is at fault. <u>It was FTX Japan that was deficient in its notification and procedures. And FTX Japan is still not admitting fault.</u>

At present, we are forced to believe that FTX Japan has absolutely no intention of taking responsibility for the bookkeeping inconsistencies caused by the lack of transfers.

Again, the terms of service for Blockfolio (FTX.com) were to refer to the terms of service for the web browser accounts (FTX.com or FTX US), so the Blockfolio (FTX.com) account was intentionally excluded, FTX Japan's claim that it intentionally excluded the Blockfolio (FTX.com) account and transferred only the web version of the account to the business is clearly inappropriate.

Unfortunately, in order for a Japanese creditor to get FTX Japan to disclose and submit the business transfer agreement, it would have to file a Japanese court document production order, and it would take a long time to fight for the existence of fraud. Based on the actions taken so far, there is even a risk that FTX Japan will destroy or conceal the Business Transfer Agreement.

This refusal by FTXJAPAN to return assets is not credible at all, as FTXJAPAN is simply shifting to its clients the losses it should be pursuing due to its own mismanagement and illegal activities.

**In addition, there are several cases where Blockfolio (FTX.com) users residing in Japan can only be considered to have been included in the transfer of FTX Trading's business transfer agreement.** In all of these cases, when the identity of the user was verified by the service for web browsers after the summer of 2022, the integration was processed at the discretion of FTX Japan, even though the user did not perform the integration operation, and as a result, the user was subject to the return of assets.

■ヨシ牛 (@genka_ningen3)
· January 25, 2023 Statement that he did not perform any operation on Blockfolio to press the button for the integration function and that he only verified his identity in the summer of 2022 with the service for web browsers.
  https://x.com/genka_ningen3/status/1618237010963206144
· January 29, 2023 FTX Japan notifies Mr. Yoshiushi that the consolidation process was handled at FTX Japan's discretion.
  https://twitter.com/genka_ningen3/status/1619353923533565953

■HRN (@hirono_blue)
· February 22, 2023 Statement that no button operation of the integration function was performed on Blockfolio and that the service for web browsers only verified the identity in September 2022.
  https://twitter.com/hirono_blue/status/1628412316848123904

**If a Japanese resident who was using Blockfolio (FTX.com) was not included in the business transfer agreement, FTX Japan would have processed the integration of accounts that were not included in the business transfer agreement without permission.**

In addition, Japanese residents who had opened only Blockfolio (FTX.com) accounts were also notified by FTX Trading that their accounts will be transferred to FTX Japan between February and March 2022.

Of course, FTX Japan has not provided a consistent explanation for these matters. **This is an example of what we can only assume was a false explanation by FTX Japan, even though Blockfolio (FTX.com) users residing in Japan were in fact also included in the transfer of FTX Trading's business transfer agreement.**

(2)   Summary of fraudulent claims by FTX Japan (falsehoods, concealment, and acts of destruction of evidence)

FTX Japan has repeatedly made fraudulent claims since the filing of its Chapter 11 petition in the U.S. Bankruptcy Code and to this day, for the purpose of refusing to return the assets of certain Japanese residents.

Three points of particular importance in the fraud by FTX Japan are as follows
· Scope of Business Transfer Agreement from FTX Trading to FTX Japan
· Involvement in FTX JP mobile apps
· Whether or not a KYC process (identity verification process) is required

| | FTX Japan Claims | Claim by me |
|---|---|---|
| Scope of Business Transfer Agreement from FTX Trading to FTX Japan | Blockfolio · FTX.com is not eligible. <br><br> →Publicly announced after the bankruptcy filing. | Blockfolio · FTX.com is in scope. <br><br> →The latest Terms of Service for FTX Trading and Blockfolio, as well as the official website, only state that Japanese residents are FTX Japan accounts. <br> →Blockfolio is governed by the web version of the FTX.com Terms of Service, and any changes that occur to the web version of FTX.com will be reflected in Blockfolio. <br> →Japanese residents who held only Blockfolio accounts also received a transfer notice. <br> →In several cases, FTX Japan has processed the integration of Blockfolio accounts without informing the user, despite the fact that the integration button on Blockfolio has not been operated. <br> →If FTX Japan's allegations are true, FTX Trading was an illegal corporation that did not comply with Japanese law, and FTX Japan tacitly approved of this. <br> →Japan's FSA is in the process of revising its administrative guidelines with the aim of prohibiting FTX Japan from evading this time. |

| Involvement in FTX JP mobile apps | FTX Japan is not involved in any way. <br><br> →Publicly announced after the bankruptcy filing. | FTX Japan was involved and aware of the situation. <br><br> →FTX Japan provided support response for Japanese residents. <br> →It was compliant with the currencies handled by FTX Japan. <br> →The FTX JP application was posted on the official FTX Japan website with a link to download. <br> →The FTX JP mobile app did not allow logging into FTX.com because the FTX.com option had been obliterated. |
|---|---|---|
| Whether or not a KYC process (identity verification process) is required | Required. <br><br> →Publicly announced after the bankruptcy filing. | Not required. <br><br> →The notice received from FTX Trading clearly stated that the assets would be transferred to FTX Japan and withdrawn from the FTX Japan account on 2022.4.4, regardless of whether or not KYC was conducted. <br><br> Therefore, the existence or non-existence of identity verification is essentially an allegation that has nothing to do with the decision to return assets. |

All of the above claims by FTX Japan were made after the bankruptcy filing. Their excuses are both far-fetched and lacking in foundation. FTX Japan was required to manage the assets of all Japanese residents, but failed to do so. If FTX Japan admits fault, FTX Japan is in a position to have to return the assets. Perhaps for this reason, FTX Japan has sought to avoid liability by making false statements, concealing information, and destroying evidence, even after filing for bankruptcy in the United States.

Even under these circumstances, FTX Japan still insists that it was in compliance with the law. And I don't understand at all why the story that came out after the fact should take precedence over the story that existed beforehand.

**(3)  Publication in online media**

This issue was also published in Toyo Keizai Online.

This is a good article to get an overview of the refund issue if you are new to the issue.



· June 13, 2023 Refund Issues Smoldering at FTX, a Failed Crypto Asset Exchange

https://toyokeizai.net/articles/-/678879?display=b



### 8. Problematic Actions by FTX Japan Representative Seth Melamed

Of particular concern was the fact that KEIP participant Seth Melamed, the FTX Japan representative, would receive up to two incentive payments of $450,000 for maintaining and reactivating the FTX JP exchange license.

| KEIP Participant | License & Restart Award | Transaction or Reorganization Award* | |
| --- | --- | --- | --- |
| | | Percentage of Transaction Award Pool** | Reorganization Award |
| COO | $450,000 | 34.7% | $450,000 |
| CPO | $231,000 | 17.8% | $231,000 |
| CCO | $200,000 | 15.4% | $200,000 |
| CFO | $124,000 | 9.6% | $124,000 |
| Data Scientist | $107,000 | 8.3% | $107,000 |
| Head of Operations | $107,000 | 8.3% | $107,000 |
| Front End Engineer | $78,000 | 6.0% | $78,000 |

· Citation : KROLL Docket 1359

https://restructuring.ra.kroll.com/FTX/Home-DocketInfo?DockRelatedSearchValue=900807-1359



Seth Melamed does not care if his current behavior has damaged the reputation of the FTX JP exchange so that no one shows up to use it, and he is in a position where it is more convenient to use any fraudulent activity to overstep the reimbursement to Japanese residents, and he is in fact acting as such.

Please note that Seth Melamed, the representative of FTX Japan, moved his address to Indonesia in April 2023. Indonesia does not have extradition treaties with Japan and the United States. He can flee the country at any time. If the FTX JP exchange is reopened without sorting out the facts, huge rewards may be paid to the new wrongdoers after the bankruptcy case.

## 9. FTX Japan's fraudulent nature existed before it was acquired by FTX Trading.

FTX Japan was a corporation with many problems with its internal systems at the time of its previous trade name, Quoine Inc. There were questions about security and compliance, power harassment of subordinates, and inappropriate responses to hacking incidents, and there were whistleblowing reports of misconduct even before the company was acquired.



· How Not to Run a Cryptocurrency Exchange(reference:CoinDesk)

https://www.coindesk.com/layer2/2022/05/17/how-not-to-run-a-cryptocurrency-exchange/



The troubled company was acquired by FTX Trading, which at the time was the second largest trading firm in the world and enjoying spectacular rapid growth. At the time, FTX Trading had a lot of credibility, which led to the creation of many more victims.

To begin with, one of FTX Japan's representative directors was Samuel Bankman Fried, the most powerful man in the FTX Group. Samuel Bankman Fried, who was sentenced to prison for malicious and extensive fraud, was the managing director of both FTX Trading and FTX Japan.

It is too unnatural to believe that only FTXJAPAN was not affected by any fraudulent activity, despite the ease with which it was possible to commit fraud. We must assume that there was a serious problem in the management of assets as well.

## 10. Viewed as problematic by Japanese regulatory authorities

As you know, the regulatory authorities in Japan for crypto asset-related matters are the Financial Services Agency and the Kanto Local Finance Bureau. The FSA is also concerned about FTX Japan's alleged refusal to return assets, and has been in the process of revising its administrative guidelines following the U.S. bankruptcy filing.

**If you check the proposed amendment, you will see that the FSA does not accept FTX Japan's argument and believes that there was an obligation to preserve assets and accountability of Japanese residents.**

· March 24, 2023 Results of Public Comments, etc. on the Publication of Partial Amendments (Draft) to the "Administrative Guidelines (Volume 3: Relating to Financial Companies)" (Financial Services Agency)

https://www.fsa.go.jp/news/r4/sonota/20230324-2/20230324-2.html



· September 6, 2023 Publication of Partial Amendments (Draft) to "Administrative Guidelines (Volume 3: Relating to Financial Companies)", etc. (Financial Services Agency)

https://www.fsa.go.jp/news/r5/sonota/20230906/20230906.html#besshi



# **Documents and other evidence to be added**

To the extent not included in the previously filed Proof of Claim, the Debtor has requested all documentation and other evidence, to the extent it was not included with the proof of claim previously filed, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection, and therefore is adding.

## 1 . Recognition of FTX Trading (as identified by Docket 17170)

On May 23, 2024, the Debtors filed a Motion to Repay Intercompany Payment Obligations of FTX Affiliates in Docket 15654. In response, I filed an objection in Docket 16801, and the Debtors further attempted to respond in Docket 17170 and 17173. In response to Docket 17170 and 17173 filed by the debtor, I again filed an additional objection in document number Docket 18541.

Unfortunately, Docket 15654's reimbursement of the FTX affiliate's intercompany payment obligations was approved, but we have learned what FTX Trading's perception of the issue is.

**Simply put, the debtor made claims about the notice regarding the account transfer sent by FTX Trading that were not actually written at all, as if they had been. Plainly false claims were made by FTX Trading.**

Please refer to the following excerpts from my Docket 18541 document, which I have prepared for your reference.

**The United States Bankruptcy Court**
-and-

**LANDIS RATH & COBB LLP**
-and-

**SULLIVAN & CROMWELL LLP**

June 16, 2024

Excerpts from Docket 18541 (1/8)

TAKUYA NAGASAKA

Objection to "Case 22-11068-JTD Doc 17170 Filed 06/10/24"
and "Case 22-11068-JTD Doc 17173 Filed 06/10/24" documents

We refute the Docket 17170 and Docket 17173 documents dated June 10, 2024.

1. The need for a KYC process

The debtor claimed that I had not completed the KYC process required to transfer to FTX Japan K.K. (aka "FTX Japan").

However, the notice I received from FTX Trading Ltd. (d/b/a "FTX Trading") states that FTX Trading will transfer all accounts registered with FTX Japan to FTX Japan unless they are terminated by the transfer date (April 4, 2022). In other words, whether or not KYC was performed, FTX Japan (formerly known as Quoine) was required to transfer the account on the transfer date (April 4, 2022). Therefore, it is incorrect that there are Japanese resident accounts that have not been transferred to FTX Japan and remain with FTX Trading.

It is the inaction of FTX Trading and FTX Japan that the transfer procedures were not carried out as notified in advance. I trusted the message and was betrayed. And I still suffer. The fatal bugs were in FTX Trading and FTX Japan.

I have reviewed document Doket17170 and it contains a serious error in the debtor's rebuttal. I must confess that I am very surprised and deeply indignant. What has all our suffering been for so far? I would like to ask the court to re-read and confirm the e-mail document of the transfer notice.

(For more information, see pages 9-17 of Case 22-11068-JTD Doc 16801 Filed 06/05/24 below.)

Excerpts from Docket 18541 （2/8）



https://restructuring.ra.kroll.com/FTX/Home-DocketInfo?DockRelatedSearchValue=900807-16801

(Excerpted from Doc 16801 Page 9 of 47)

FTX <support@ftx.com>                                                    2022 年 3月31日

**FTX**

日本のお客様へ重要なお知らせ—

Important Notice to Japanese Customer

FTX ユーザーの皆様

2022 年 2 月 2 日にすでにお知らせしましたとおり、当社は、Liquid と戦略的契約を締結し、2022 年 3 月 30 日をもって**当社のすべての既存の日本ユーザーを** Liquid の完全子会社であり日本の暗号資産交換業者兼第一種金融商品取引業者である Quoine 株式会社（以下「Quoine」といいます。）に移管する予定でしたが、2022 年 4 月 4 日に延期されました。

**English Translation:**

As previously announced on February 2, 2022, we have entered into a strategic agreement with Liquid to transfer **all of our existing Japanese users** to Liquid's wholly-owned subsidiary on March 30, 2022. The transfer was scheduled to be transferred to Quoine, Inc. (hereinafter referred to as "Quoine"), an asset exchange service provider and type I financial instruments business operator, but has been postponed to April 4, 2022.

(Excerpted from Doc 16801 Page 13 of 47)

Dear FTX user

Excerpts from Docket 18541 (3/8)

As previously announced on February 2, 2022, we have entered into an agreement to acquire Liquid Group, Inc. ("Liquid"). The acquisition is expected to close in late March, subject to customary closing conditions.

In connection with the acquisition, **and in order to provide services to existing Japanese users in compliance with Japanese laws, we have entered into a strategic transaction with Liquid, and were planning to transfer existing Japanese users of FTX to Quoine Corporation ("Quoine"), a wholly owned subsidiary of Liquid, and a licensed Japanese crypto asset exchange service provider and Type I financial instruments business operator, on March 30, 2022.** This transfer has been postponed to April 4, 2022.

(Excerpted from Doc 16801 Page 14 of 47)



However, our records indicate that you have completed KYC. **If you do not complete KYC by the Transfer Deadline, you will (1) not be able to trade, (2) be forcibly reduced down to a maximum of 2x leverage on the Transfer Deadline, and (3) will only be able to withdraw your assets and close your Quoine account after the Transfer Deadline.** In order to access your Quoine account to continue trading or to access your assets, you will need to update your account information by completing the new KYC request before April 4, 2022.

Excerpts from Docket 18541 （4/8）

(Excerpted from Doc 16801 Page 16 of 47)



| Type of Asset or Position | Disposition at 9:00 AM JST on Transfer Deadline | |
|---|---|---|
| | If you completed KYC | If you do not complete KYC |
| **Spot** | | |
| BTC, ETH, BCH XRP, BAT, LTC, XLM, FTT, SOL | Transferred to Quoine | **Your account will be transferred to Quoine on the Transfer Deadline and you will be required to complete KYC during the subsequent transition period.** If KYC is not completed by the transition period, your assets will be transferred to a multisignature wallet held by FTX, Quoine and a third party custodian. **You will only be able to withdraw these assets after the Transfer Deadline.** |

The transfer notification email document stated that <u>if FTX Trading was not closed by the transfer date (April 4, 2022), the account would be transferred from FTX Trading to FTX Japan regardless of whether there was a KYC process or not.</u>

However, the Docket 17170 document contradicted me because the debtor assumed that a KYC process was required to make the transfer.

<u>Simply put, the debtor claimed something that was not actually written as if it had been written.</u>



9.    According to the Debtors' books and records, Mr. Nagasaka was a customer of FTX Trading, and never completed the required KYC process for migration of his FTX Trading account (and related assets) to FTX Japan. *See* Coverick Decl. ¶ 9. In fact, in the Nagasaka Objection, Mr. Nagasaka concedes that he (1) was duly notified of the need to complete the

⁸    As of April 30, 2024, based on pricing of claimed positions and BTC/USD exchange rate

4

Case 22-11068-JTD    Doc 17170    Filed 06/10/24    Page 5 of 6

required KYC process in order to migrate his account from FTX Trading to FTX Japan and (2) nevertheless failed to complete the required KYC onboarding process. Nagasaka Obj. at 18.

10.    Regardless, whether Mr. Nagasaka's account was transferred to FTX Japan has no bearing on the Motion and the repayment of the Intercompany Payables. For the reasons

(See pages 4-5 of Case 22-11068-JTD Doc 17170 Filed 06/10/24)

Originally, the KYC process was required to withdraw funds after an account was transferred to FTX Japan. <u>Nowhere does it state that if the KYC process is not performed, the account will not be transferred to FTX Japan and will remain with FTX Trading.</u>

This is a very serious problem. Either the debtor is maliciously making false claims or is unable to read the documents. It is as if they are not talking to each other. I don't know if it's intentional or not, but we're in a situation where the debtor is trying to deceive the court by claiming lies that are immediately obvious.

What was all my hard work from the beginning of the bankruptcy case until now?

I have a request to make to the court.

To tell the truth, both FTX and FTX Japan have been in this position until now. They have not tried to answer the important questions and have only given unnecessary and untrue answers.

Since the bankruptcy case, non-transferred Japanese residents have repeatedly filed complaints against FTX Japan, claiming that FTX Japan's claims are inconsistent. And each time, FTX Japan has repeatedly responded with either a misguided response that fails to address the important issues, or no response at all.

There are many victims of untransferred Japanese residents who have been dealt with unreasonably, who were unable to gather evidence, and who could not overcome the language barrier. There are many untransferred Japanese residents who have given up pursuing the case because it was too difficult.

I hope that the court will not allow any misrepresentation or non-response by the debtor in this matter. Thank you in advance for your cooperation.

### 2. Repayment of intercompany liabilities

I repeat this because it is important, but it is wrong that there are Japanese resident accounts that have not been transferred to FTX Japan and are still in FTX Trading. And not only me, but many other Japanese residents who have not yet been transferred are still on the books and records of FTX Trading.

It is my opinion that the books and records of the FTX Debtors were not properly maintained. Were they so reliable in their work? The original reason was that FTX Trading's customer assets and information were not properly managed and fraudulent practices led to widespread credit concerns and a bankruptcy case. Isn't it natural to assume that there was fraud here as well?

I would argue that this is another fraud case where improper books and records were maintained.

And this FTX Trading and FTX Japan scam is basically not just my problem. This time, all Japanese residents who were not transferred to FTX Japan are victims. Therefore, there is a possibility that new claims will be filed in the future by Japanese residents who are victims and were not transferred to FTX Japan. Depending on the status of such claims, FTX Japan may become insolvent. FTX Japan refuses to return the assets to the non-transferred Japanese residents and does not segregate the assets.

<u>As a result of this fraud, FTX Trading is now required to turn over the assets and information of the non-transferred Japanese resident account to FTX Japan.</u> Japanese residents are required by Japanese law to maintain segregated accounts and must return the assets in kind, not in US dollars.

If FTX Trading and FTX Japan had originally transferred the assets in accordance with the February-March 2022 Transfer Notice, the victim would have received the return of the assets from FTX Japan without having to file a Notice of Claim in September 2023. How is the debtor party responsible for this issue?

It is even more problematic that the priority repayment of FTX's intercompany debt is being made when the assets to be returned to the victim, a non-transferred Japanese resident, have not even been identified.

<u>Due to FTX Japan's stubborn refusal to admit fault, the true extent of the damage has not yet been determined, and the number of victims and the total amount of their assets are unknown. At this time, it cannot be determined whether FTX Japan has sufficient assets to repay client funds.</u>
At the very least, we must first investigate the number of Japanese resident accounts that were not processed for transfer to FTX Japan and the total amount of assets, and secure the resources to return all physical assets in accordance with Japanese law.
Until that is done, payment of the intercompany debt in the Doket15654 motion should not be made.

The FTX bankruptcy trustee wants to process the case as soon as possible. However, this is not the first time this has happened. Since the beginning of the case, untransferred Japanese residents have repeatedly pointed out this problem to FTX Japan. Nevertheless, FTX Japan has continued to misrepresent the situation.

3. Fair value in dollars

The FTX Debtors are attempting to return the amount valued at $16,871.63 per BTC in dollars, but the market value as of June 16, 2024 has increased approximately fourfold to approximately $66,000 per BTC.

Although the Doket17173 document describes me as if I am a greedy customer who charges excessive amounts, I have been demanding physical restitution in BTC from the beginning of the incident to the present from FTX Japan. I will continue to demand physical restitution in BTC.

4. Conclusion

The fraud was committed by FTX Trading and FTX Japan, and there was nothing wrong with the Japanese residents who had not transferred. Nevertheless, FTX Japan refused to return the assets of some Japanese residents for unexplained reasons, claiming that it was the clients' fault that the assets had not been transferred.

This is an outrageous insult. The FTX Japan, which was complicit in the fraud, has placed the blame for the fraud on the victims.

And FTX Trading says that it will not hand over the assets of the untransferred Japanese resident accounts to FTX Japan, but rather wants to receive priority reimbursement itself first in a hurry. If they admit this, they will resume their dishonest treatment of the victims again, as they have done before.

I hope that the court will keep an eye on this.
I am requesting the return of all BTC held, not dollars.

My deep resentment on the part of the debtor is expressed in the document. It was so vicious that I decided to insist that the debtor was no longer a matter to be trusted and left to make decisions.

Also, in the Docket 17173 document, the debtor described me as if I were a greedy customer who charged excessive amounts. However, I assure you that it is the debtor who is the greedy one, since the debtor intends to return the customer's assets at the November 2022 valuation, which is the bottom of the market, while the debtor intends to enjoy the gains from the subsequent price increase.

Moreover, the November 2022 crypto asset market crash was directly caused by the FTX's credit concerns, which is nothing short of brazen.

What is the debtor's counsel doing, and if this bankruptcy case and the attorney were to engage in similar activities in Japan, I would certainly file a request to discipline the attorney.

### 2. Application of Japanese Law

FTX Trading and FTX Japan violated the following Japanese laws and regulations (1) through (6).

**(1)  Commercial Code Article 14 (Liability of a merchant who has licensed others to use his trade name)**

> Commercial Code Article 14 (Liability of a merchant who has licensed others to use his trade name)
>
> 「A merchant who has authorized another person to conduct a trade or business using his/her trade name shall be jointly and severally liable with such other person for payment of any obligation arising from such trade or business to any person who has conducted a transaction with such other person under the mistaken belief that such merchant is conducting such trade or business.」
>
> (URL)  https://elaws.e-gov.go.jp/document?lawid=132AC0000000048_20200401_429AC0000000045
>
> 

(Description)

With regard to the FTXJP mobile app, the fact exists that FTX Japan has allowed its use to untransferred Japanese residents. **This means that even if a U.S. court finds that the account is an FTX Trading account, it cannot escape liability.**

**(2)  Law on the Settlement of Funds, Article 42 (Prohibition of lending in name)**

> Law Concerning the Settlement of Funds, Article 42 (Prohibition of lending in name)
>
> 「A fund transfer agent shall not allow another person to engage in the fund transfer business under its own name.」
>
> (URL)  https://elaws.e-gov.go.jp/document?lawid=421AC0000000059
>
> 

(Description)

FTX Japan would have violated this law if it had allowed the use of FTX Trading accounts on the FTXJP mobile app. **Therefore, FTX Japan is currently working hard to cover up the fact that it provided the service on the FTXJP Mobile App and to erase all evidence.**

(3)   Law on the Settlement of Funds, Article 63-2 (Registration of Cryptographic Asset Exchangers)

> Law on the Settlement of Funds, Article 63-2 (Registration of Cryptographic Asset Exchangers)
>
> 「Crypto asset exchange business shall not be conducted unless the person is registered with the Prime Minister.」
>
> (URL) https://elaws.e-gov.go.jp/document?lawid=421AC0000000059
>
> 

(Description)

There is a fact that FTX Japan allowed Japanese residents who refused to return their assets to use the FTX JP mobile application. If the account belonged to FTX Japan, which was registered with the Prime Minister, there would be no problem, but **if this was an FTX Trading account, FTX Trading would have violated Japanese laws and regulations.**

(4)   Law on the Settlement of Funds, Article 107 (Penalties)

> Law on the Settlement of Funds, Article 107 (Penalties)
>
> 「In any of the following cases, the person who commits said violation shall be punished by imprisonment with work for not more than three years or a fine of not more than three million yen, or both.
>
> 7     When a person has caused another person to engage in the fund transfer business in violation of the provisions of Article 42.
>
> 1 2   When the cryptographic asset exchange business is conducted without obtaining the registration set forth in Article 63-2.」
>
> (URL) https://elaws.e-gov.go.jp/document?lawid=421AC0000000059
>
> 

(Description)

In the event of a violation of Japanese laws and regulations as described in (2) through (3) above, FTX Trading and FTX Japan will be punished by imprisonment and/or a fine, respectively.

(5)   **Law on the Settlement of Funds, Article 115 (Penalties)**

> Law on the Settlement of Funds, Article 115 (Penalties)
>
> 「When a representative (Omitted) of a juridical person (Omitted) commits a violation of any of the provisions listed in the following items with regard to the business of such juridical person or individual, not only the offender shall be punished but also such juridical person shall be punished by the fine prescribed in the relevant items and such individual shall be punished by the fine prescribed in the respective Articles.
>
> 　4　Article 107, (Omitted) Fine under each of these Articles」
>
> (URL)　https://elaws.e-gov.go.jp/document?lawid=421AC0000000059
>
> 

(Description)

FTX Japan representative Seth Melamed is also subject to (4) disciplinary action.

(6)　Law on the Settlement of Funds, Article 63-17 (Rescission of Registration, etc.) and Article 63-5 (Refusal of Registration)

Law on the Settlement of Funds, Article 63-17 (Rescission of Registration, etc.)

「When a cryptographic asset exchanger falls under any of the following items, the Prime Minister may rescind the registration under Article 63-2 or order the suspension of the cryptographic asset exchange business in whole or in part for a specified period not exceeding six months.

1　when it has come to fall under any of the items of Article 63-5, paragraph (1).

3　When the applicant has violated this Act or any order based on this Act or any disposition based on this Act or such order.」

Law on the Settlement of Funds, Article 63-5 (Refusal of Registration)

「The Prime Minister shall refuse registration if an applicant for registration falls under any of the following items, or if the application for registration or its attached documents contain false statements on important matters or omit statements of important facts.

10　A juridical person that has violated this Act, the Financial Instruments and Exchange Act, the Act on Control of Acceptance of Contributions, Deposits and Interest Rates, etc, or equivalent foreign laws and regulations, and has been sentenced to a fine(including punishment under foreign laws and regulations)., and five years have not passed from the date on which the execution of such sentence has been completed or has become no longer subject to such sentence.」

(URL)　https://elaws.e-gov.go.jp/document?lawid=421AC0000000059



(Description)

If FTX Japan violates the provisions of the Financial Instruments and Exchange Law and is sentenced to a fine, it will be revoked from its registration as a crypto asset exchanger with the Financial Services Agency.

(7)    **Financial Instruments and Exchange Law Article 36-3 (Prohibition of lending in name)**

> Financial Instruments and Exchange Law Article 36-3 (Prohibition of lending in name)
>
> 「A financial instruments business (In the case of a registered financial institution, Registered Financial Institution Business. The same shall apply hereinafter in this subsection) operator, etc. shall not allow another person to conduct financial instruments business in its own name.」
>
> (URL)
>
> https://elaws.e-gov.go.jp/document?lawid=323AC0000000025_20240614_506AC0000000052
>
> 

(Description)

FTX Japan would have violated this law if it had allowed the use of FTX Trading accounts on the FTXJP mobile app. <u>Therefore, FTX Japan is currently working hard to cover up the fact that it provided the service on the FTXJP Mobile App and to erase all evidence.</u>

(8)  Companies Act Article 350 (Liability for Damages for Acts of Representatives) and Article 429 (Liability for Damages to Third Parties of Officers, etc.)

Companies Act Article 350 (Liability for Damages for Acts of Representatives) and

「A stock company shall be liable to compensate for damages caused to a third party by a representative director or other representative person in performing his/her duties.」

Companies Act Article 429 (Liability for Damages to Third Parties of Officers, etc.)
「When the Officers, etc. have acted maliciously or grossly negligently in performing their duties, said Officers, etc. shall be liable to compensate for damages incurred by a third party as a result thereof.」

(URL)
https://elaws.e-gov.go.jp/document?lawid=417AC0000000086



(Description)

   Seth Melamed, the representative of FTX Japan, as well as the directors and officers of FTX Japan, will be liable for any damages incurred by customers. It is believed that Seth Melamed moved his address to Indonesia in order to avoid being pursued by clients.

3. **FTX Trading Terms of Use, etc.**

(1) **Official FTX.com website, " Location Restrictions"**

## FTX serves all Japanese residents via FTX Japan.

"FTX provides services to all Japan residents through FTX Japan." clearly states that after the transfer date (April 4, 2022), FTX Trading completely eliminated the Japan resident accounts and placed Japan residents under the jurisdiction of FTX Japan.

(URL)

https://web.archive.org/web/20221027173821/https://help.ftx.com/hc/en-us/articles/360042412652-Location-Restrictions



(2) **Official FTX.com website, " Jurisdiction, regulations, licensing, and practices"**

> 5.  FTX Digital Markets Ltd does not currently facilitate users who are from Japan, The Bahamas, Australia, or Singapore; and it does not service trading of tokenized stocks or prediction markets.  All other services and users currently are or soon will be facilitated by FTX Digital Markets Ltd.

"5. FTX Digital Markets Ltd. does not currently support users in Japan, the Bahamas, Australia, or Singapore, and does not trade tokenized stocks or prediction markets." The following notation was confirmed.

> 3.  Japan:
>
> 1.  FTX serves all Japanese residents via FTX Japan.

"1. FTX provides services to all Japan residents through FTX Japan." clearly states that after the transfer date (April 4, 2022), FTX Trading completely eliminated the Japan resident accounts and placed Japan residents under the jurisdiction of FTX Japan.

(URL)
https://web.archive.org/web/20220620175514/https://help.ftx.com/hc/en-us/articles/360056976411-Jurisdiction-regulations-licensing-and-practices



(3)   Application of the latest FTX Trading Terms of Service- SCHEDULE 15

Exhibit 15 (P.56 to P.61) of the latest FTX Trading Terms of Service has a page translated into Japanese as well as English. According to it, **Exhibit 15, " Terms of Service Applicable Only to Users in Japan," was applicable to the use of FTX Earn provided by FTX Trading by customers residing in Japan.**

The statement clearly stated that, at least after the transfer date, **Japanese residents could not be subject to FTX Trading's Terms of Service as FTX.com users, but would be subject to FTX Trading's Terms of Service as FTX Japan users.**

(URL)
https://web.archive.org/web/20221006082538/https://help.ftx.com/hc/en-us/articles/360024788391-FTX-Terms-of-Service



Latest FTX Trading Terms of Service · SCHEDULE 15    (P.56 to P.61)
"SERVICE SCHEDULE TERMS APPLICABLE TO JAPAN USERS ONLY"

**SCHEDULE 15**
**SERVICE SCHEDULE**
**TERMS APPLICABLE TO JAPAN USERS ONLY**
**(Updated September 19, 2022)**

The following terms will form part of the Terms and will apply to you if you are a resident of Japan who is using FTX Earn or has enabled Peer-to-Peer Crypto Borrowing and Lending ("**P2P Crypto Loans**") provided by FTX Trading.

FTX Trading provides and operates a peer-to-peer crypto asset borrowing and lending platform for matching Borrowers and Lenders of P2P Crypto Loans to users of FTX Japan Corporation (Cryptocurrency Exchange Business Kanto Finance Bureau Director No. 00002 and Type 1 Financial Instruments Business registrant) ("**FTX Japan**"). P2P Crypto Loans are available both via the Site as well as via the FTX Earn program on the Mobile Application.

By enabling and agreeing to borrow or lend P2P Crypto Loans (either via the Site or the FTX Earn program), you hereby acknowledge and agree that:

- you are an authorized and verified user of FTX Japan;

- P2P Crypto Loans are not provided by FTX Japan and all P2P Crypto Loan services are provided solely by FTX Trading;

- you have read and understood, and agree to the Terms of Service and FTX's Privacy Policy, each as amended from time to time;

- you authorize FTX Japan to share any information collected from you with FTX Trading as may be required under anti-money laundering laws or otherwise in compliance with applicable financial regulatory and other laws;

- if you're participating in the FTX Earn program, you are lending your crypto assets to third party borrowers in return for rewards which are variable for each crypto asset and changes hourly;

- you hereby authorize FTX Trading to instruct FTX Japan to borrow from and lend assets to Lenders and Borrowers, respectively, and to take all such actions as may be required to complete such P2P Crypto Loans on your behalf;

- you will only participate in P2P Crypto Loans for your own account and not for the account of others;

- you will not use P2P Crypto Loans for any illegal activities, unlawful conduct or other restricted purposes as set forth in the Terms;

- FTX Trading does not act as borrower or lender of any P2P Crypto Loans; and

Only FTX Japan users are eligible to participate in P2P Crypto Loans, either as a borrower or as a lender.

### Lending

To become a P2P Crypto Loan lender ("**Lender**"), you must have first deposited assets with FTX Japan into your FTX Japan account ("**Account**"). As a Lender, you can select "LEND" on the P2P Crypto Loans website or participate in the FTX Earn program on the Mobile Application, and specify the amount, minimum rate and type of crypto asset that you wish to lend out in order to become eligible to lend out your crypto assets. Your lending offer will then be submitted to FTX Trading's P2P Crypto Loan order book and automatically matched with borrowers, if any.

The amount of funds borrowed, funding rates and estimated funding rates are based solely on historical data, are not guaranteed and are subject to frequent change on an hourly basis. There is no assurance that you will be able to lend out your crypto assets, that there will be any borrowers available to you, that there will be any demand for crypto borrowing, or that any of the displayed lending rates are accurate. FTX Trading reserves the right, in its sole discretion, to determine the ordering and matching of Lenders and Borrowers. You further agree to pay any platform charges or fees that FTX Trading may provide from time to time.

You are not required to lend out any assets at any time. To stop lending out your assets, (a) go to the P2P Crypto Loans website and click on "STOP LENDING" at any time, or (b) if you are participating in the FTX Earn program on the Mobile Application, click on "Disable" in "Profile" → "Earn rewards on assets".

All loans of crypto assets via the P2P Crypto Loans website are non-recourse loans. You agree that your sole recourse in the event of default of a Borrower's P2P Crypto Loan is the seizure and/or liquidation of assets held in the Borrower's Account. You agree, and shall cause all of your agents, representatives and affiliates to agree, not to seek recourse or recompense against any funds, assets or properties owned by a Borrower outside of the Borrower's Account at any time.

LENDING CRYPTO ASSETS VIA P2P CRYPTO LOANS IS VERY HIGH RISK AND ARE NOT INSURED IN ANY WAY BY FTX TRADING, ANY GOVERNMENTAL AGENCY, OR ANY THIRD PARTY. AS A LENDER, YOU MAY SUSTAIN A TOTAL LOSS OF YOUR LENT CRYPTO ASSETS IF THE BORROWER DEFAULTS ON A P2P CRYPTO LOAN AND SEIZURE AND/OR LIQUIDATION OF THE BORROWER'S ACCOUNT FAIL TO REPAY SUFFICIENT CRYPTO ASSETS TO COVER THE BORROWER'S DEBT TO YOU OR OTHER LENDERS.

### Borrowing

To become a P2P Crypto Loan borrower ("**Borrower**"), you must have first deposited crypto assets with FTX Japan into your Account as collateral. As a borrower, you can select "Enable Peer to Peer borrowing" on the P2P Crypto Loans website to enable borrowing of crypto assets from other FTX Japan users. The amount of crypto assets that you are entitled to borrow from time to time is determined based on a number of factors, including the amount of crypto assets made available by lenders for borrowing, the amount of crypto assets available in your Account as collateral, crypto asset market liquidity and volatility conditions, national, regional and global economic conditions, legal and regulatory requirements, as well as other factors that FTX Trading may consider from time to time.

All borrowed crypto assets using the P2P Crypto Loans website are *non-recourse* with respect to any assets held by the Borrower in the Borrower's Account. In other words, in the event of default, neither FTX Trading, any Lenders, nor any of their affiliates, agents or representatives may seek recourse or recompense against any funds, assets or properties owned by a Borrower outside of the Borrower's Account. In the event of default of a Borrower's P2P Crypto Loan, the sole recourse of any Lender is the seizure and/or liquidation of assets held in the Borrower's Account.

You agree to pay (a) any interest charges that may accrue on your P2P Crypto Loan, which you may view on the P2P Crypto Loans website, and (b) any platform charges or fees that FTX Trading may provide from time to time, which will be viewable on the P2P Crypto Loans website as well.

You are not required to borrow any crypto assets at any time. By enabling P2P Crypto Loan borrowing, you agree to do so at your own risk. You acknowledge and agree that any crypto assets borrowed from a Lender via a P2P Crypto Loan may be used for any purposes on the FTX Trading trading platform, including for trading, collateral and withdrawals, provided however, that you agree that FTX Trading may instruct FTX Japan to limit withdrawals of crypto assets borrowed under P2P Crypto Loans in the event that there is insufficient assets in your Account.

BORROWING P2P CRYPTO LOANS ON FTX TRADING IS VERY HIGH RISK. AS A BORROWER, YOU MAY SUSTAIN A TOTAL LOSS OF CRYPTO ASSETS IN YOUR ACCOUNT. THE HIGH VOLATILITY AND SUBSTANTIAL RISK OF ILLIQUIDITY IN THE MARKETS MEANS THAT YOU MAY NOT BE ABLE TO LIQUIDATE YOUR ACCOUNT ASSETS IN TIME, OR AT ALL. IF THE VALUE OF THE ASSETS HELD IN YOUR ACCOUNT FALLS BELOW THE MINIMUM BALANCE REQUIREMENT OR FTX TRADING DETERMINES IN ITS SOLE DISCRETION THAT YOUR ACCOUNT APPEARS TO BE IN DANGER OF DEFAULTING ON A P2P CRYPTO LOAN, FTX TRADING OR THE APPLICABLE LENDER(S) MAY, DIRECTLY OR INDIRECTLY, SEIZE AND LIQUIDATE ANY OR ALL OF YOUR POSITIONS AND ASSETS IN YOUR ACCOUNT TO REPAY YOUR BORROWED CRYPTO ASSETS.

58

別紙 15

サービスに関する別紙

日本のユーザーにのみ適用される規約

以下の規約は、本約款等の一部を構成し、FTX Earn を利用しているか又は FTX トレーディングが提供する P2P 貸借暗号資産取引（以下「**P2P 貸借暗号資産取引**」といいます。）をご利用可能な日本国に居住するお客様に適用されます。

FTX トレーディングは、P2P 貸借暗号資産の貸出人及び借受人のマッチングのための P2P 貸借暗号資産取引プラットフォームを FTX Japan 株式会社（暗号資産交換事業者（登録番号関東財務局長第 00002 号）、第一種金融商品取引業登録業者）（以下「**当社**」といいます。）のユーザー向けに提供し、運営します。P2P 貸借暗号資産取引は当社ウェブサイトを通じて、また、モバイルアプリの FTX Earn プログラムを通じて利用可能です。

（当社ウェブサイト又は FTX Earn プログラムのいずれかを通じて）P2P 貸借暗号資産取引における借受け又は貸出しを可能とし及び合意することで、お客様は以下の事項を了承し、同意します。

- お客様は当社により認定・認証されたユーザーです。

- **P2P 貸借暗号資産取引**は当社が提供するのではなく、P2P 貸借暗号資産取引に係るサービスは全て **FTX トレーディング**が単独で提供しています。

- お客様は、ご利用規約及び FTX のプライバシーポリシー（それぞれ随時なされる修正を含みます。）を精読及び理解し、並びにこれらに同意しました。

- お客様は、当社がアンチマネーロンダリング法上必要な場合に又は適用ある金融規制その他の法律に従ってお客様から収集する情報を FTX トレーディングに共有することを認めます。

- FTX Earn プログラムに参加されているお客様の場合、お客様の暗号資産は、各暗号資産に応じて変更する可能性があり、1 時間単位で変動する報酬と引き換えに第三者借受人に貸し出されます。

- お客様は、FTX トレーディングが当社に対して本貸出人及び本借受人それぞれとの間で資産の借受け及び貸出しを行い、お客様に代わり P2P 貸借暗号資産取引を完了するために必要な全ての措置を講じるよう指図することを認めます。

- お客様は、ご本人の勘定でのみ P2P 貸借暗号資産取引に参加し、他人の勘定で参加しません。

- お客様は、P2P 貸借暗号資産を違法行為、不法行為、その他本約款等に定める制限された目的のために利用しません。

- FTX トレーディングが P2P 貸借暗号資産の借受人又は貸出人となることはありません。

当社のユーザーのみが、借受人又は貸出人のいずれかとして **P2P 貸借暗号資産取引**に参加する資格を有します。

### 貸出し

お客様が P2P 貸借暗号資産取引の貸人（以下「本貸人」といいます。）となるには、まず資産をお客様が当社に開設した口座（以下「お客様口座」といいます。）に預託する必要があります。お客様は本貸人として、P2P 貸借暗号資産取引ウェブサイトで「貸出し」を選択するか又はモバイルアプリの FTX Earn プログラムに参加し、貸出しを希望する暗号資産の数量、最低貸借料率及び暗号資産の種類を指定することで、お客様の暗号資産を貸し出す資格を得ます。お客様の貸出しオファーは FTX トレーディングの P2P 貸借暗号資産取引注文板に提出され、自動的に借受人（もしいれば）とのマッチングが行われます。

借受け額、資金調達率及び予想資金調達率は実績データのみに基づいており、保証されておらず、1時間ごとに頻繁に変更されます。お客様の暗号資産を貸し出すことのできるか、お客様が貸し出しのできる借受人がいるか、暗号資産の借受けの需要があるか、又は表示された貸借料率が正確であるかは、保証されません。FTX トレーディングは、単独の裁量において本貸人及び本借受人の注文及びマッチングを決定する権利を留保します。お客様はさらに FTX トレーディングが随時定めるプラットフォーム手数料を支払うことに同意します。

お客様はいかなる時も資産を貸し出す必要はありません。お客様の資産の貸出しをストップするには、(a) 何時でも P2P 貸借暗号資産取引ウェブサイトにアクセスして「STOP LENDING」をクリックするか、又は(b) モバイルアプリ上で FTX Earn プログラムに参加しているお客様の場合、「プロフィール」の「無効にする」をクリックし、「資産で利益を得られます」をクリックします。

P2P 貸借暗号資産取引ウェブサイトを利用した貸し付けた暗号資産は全て **責任財産限定型** 消費貸借です。お客様は、本借受人の P2P 貸借暗号資産取引で債務不履行となった場合にお客様が遡及できるのは本借受人の口座において保有されている資産の差押え及び／又は決済のみであることに同意します。お客様は何時でも本借受人の口座外に本借受人が所有する資金、資産若しくは財産からの償還又はこれらによる補償を求めないことに同意し、お客様の全ての代理人、代表者及び関連会社に同意させます。

P2P 貸借暗号資産取引を通じた暗号資産の貸出しは、極めて高いリスクを伴い、*FTX トレーディング、政府機関又は第三者によって何ら保証されていません。本借受人が P2P 貸借暗号資産取引で債務不履行となり、かつ本借受人の口座の差押え及び／又は決済ではお客様又は他の本貸人に対する本借受人の負債の補填に十分な暗号資産の返済ができない場合、お客様は本貸人として貸し出した暗号資産を全て失う可能性があります。*

### 借受け

P2P 貸借暗号資産の借受人（以下「**本借受人**」といいます。）になるには、まず暗号資産を担保としてお客様口座において当社に預託する必要があります。お客様は借受人として P2P 貸借暗号資産取引ウェブサイトで「P2P 借受けを有効とする」を選択することで当社の他のユーザーから暗号資産を借り受けることができます。お客様が借り受けることのできる暗号資産の数量は、貸出人が借受けに提供する暗号資産の数量、お客様口座で担保として利用可能な暗号資産の数量、暗号資産市場の流動性及びボラティリティの状況、国、地域及び世界の経済状況、法律上及び規制上の要件並びに FTX トレーディングが随時検討するその他の要因を含む多くの要因に基づいて決定されます。

P2P 貸借暗号資産取引ウェブサイトを利用して借り受けられた暗号資産全てについて、**責任財産は本借受人の口座において本借受人が保有する資産に限定されます**。言い換えると、債務不履行の場合、FTX トレーディング、本貸出人又はその関連会社、代理人若しくは代表者のいずれも本借受人の口座外に本借受人が所有する資金、資産若しくは財産からの償還又はこれらによる補償を求めることはできません。本借受人が P2P 貸借暗号資産取引で債務不履行となった場合、本貸出人が遡及できるのは本借受人の口座において保有される資産の差押及び／又は決済のみです。

お客様は、(a) P2P 貸借暗号資産に付される利息（P2P 貸借暗号資産取引ウェブサイトで閲覧できます。）、及び (b) FTX トレーディングが随時定めるプラットフォーム手数料（これも P2P 貸借暗号資産取引ウェブサイトで閲覧可能です。）を支払うことに同意します。

お客様はいかなる時も暗号資産を借り受ける必要はありません。P2P 貸借暗号資産の借受けを可能とすることで、お客様はご自身がリスクを負担して借受けを行うことに同意します。お客様は、P2P 貸借暗号資産取引を通じて本貸出人から借り受けた暗号資産が当社の取引プラットフォーム上で取引、担保及び引出を含むあらゆる目的で利用される可能性があることを了承し、同意します。但し、お客様は、お客様口座に十分な資産がない場合 FTX トレーディングが P2P 貸借暗号資産取引に基づき借り受けられた暗号資産の引出を期限するよう当社に指図する可能性があることに同意します。

*FTX トレーディングでの P2P 貸借暗号資産の借受けは極めて高いリスクを伴います。お客様は借受人として、お客様口座内の全ての暗号資産を失う可能性があります。マーケットにおける高いボラティリティ及び重大な非流動性リスクの存在は、お客様がお客様口座内の資産を期限内に決済できない又は決済が全くできなくなる可能性があることを意味します。お客様口座において保有される資産の価額が最低必要残高を下回るか又は FTX トレーディングが単独の裁量でお客様口座の P2P 貸借暗号資産について債務不履行となるおそれがあると判断する場合、FTX トレーディング又は関連する本貸出人は、お客様が借り受けた暗号資産の返済のためにお客様口座内のポジション及び資産の全部又は一部を直接又は間接的に差し押え、決済する可能性があります。*

## 4. Blockfolio Terms of Use and Privacy Policy

Use of the FTX App service (formerly known as Blockfolio) is clearly stated on the ftx.com and ftx.us websites as being subject to separate terms of use and privacy policies.

> The Services include access to financial services, such as trading and investment opportunities ("FTX App Trading"), for users who meet certain qualifications. The FTX App Trading services are provided by FTX Trading, Ltd., an Antigua And Barbuda limited liability company ("FTX") and its affiliated companies. Users who opt to use FTX App Trading are referred to and integrated with certain features and services offered by FTX and FTX US via the FTX App platform. FTX maintains separate terms of use and privacy policy on each of its websites, ftx.com and ftx.us respectively. You are strongly encouraged to visit FTX's websites, as applicable to you, and understand their terms of use and privacy policies before accessing the FTX App Trading feature, as you will be required to agree to those terms prior to accessing the feature. For more information on how the FTX App Service permits access by FTX App users to FTX's services, read the section titled, "Links and Access to Third-Party and Affiliated Sites."

The ftx.com Terms of Service clearly stated that after the transfer date, Japanese residents cannot be subject to FTX Trading's Terms of Service as a user of ftx.com, but are subject to FTX Trading's Terms of Service as a user of FTX Japan. Please note that ftx.us is a service for U.S. residents, so there is no involvement by Japanese residents.

Therefore, if a Japanese resident used the FTX Earn program through the FTX Application Service (formerly known as Blockfolio), he or she would be treated as an FTX Japan user.

(URL)

https://web.archive.org/web/20220605202501/https://help.blockfolio.com/hc/en-us/articles/360021461173-Terms-of-Use-and-Privacy-Policy



### 5. Terms of Use applicable to FTX Earn Program users after the transfer date

I participated in FTX Earn and received BTC until Nov 9, 2022.



Was this as a user of FTX.com and subject to FTX Trading's terms of service, or as a user of FTX Japan and subject to FTX Trading's terms of service?

FTX Trading is now claiming against me, a resident of Japan, that as a user of FTX.com I was covered by FTX Trading's Terms of Service.

However, as explained in "2. Application of Japanese Law" FTX Trading and FTX Japan would violate multiple Japanese laws, and FTX Japan would eventually have to be revoked from the list of registered crypto asset exchangers by the Japanese Financial Services Agency.

Furthermore, if we apply "3. FTX Trading Terms of Service, etc. " and "4. Blockfolio Terms of Use and Privacy Policy" above, it would mean that FTX Trading itself has committed an act in violation of FTX Trading's Terms of Service and Blockfolio's Terms of Use.

On the other hand, if the FTX Trading Terms of Service were applied to you as an FTX Japan user, as I claim, then you would have complied with Japanese laws and regulations and would be in compliance with the FTX Trading Terms of Service. In light of this, it would be wrong to apply FTX Trading's Terms of Service as an FTX.com user.

The debtor seems to want to make my account a user account of FTX Trading even if I have to confess that I violated Japanese law, FTX Trading's Terms of Service, and Blockfolio's Terms of Use. This is a criminal offense, especially under Japanese law, but they still do not seem to want to stop confessing to the crime. Is the debtor going to turn himself in to the Japanese police station? I do not understand it at all.

I have a history of using FTX Earn. As a user of FTX Japan, I have to say that the Terms of Service of FTX Trading applied to me. But this is my point. The debtor is obligated to disclose his/her own opinion as to which exchange's Terms of Service applied.

So far, the debtor side has repeatedly lied, perverted, concealed, and non-responsive. We request the court to absolutely not allow the debtor's non-responsiveness in this matter. If the debtor side still insists that it is still an FTX Trading account, I will submit it to the Japanese Financial Services Agency or police station as evidence of a confession of a crime committed by the debtor side.

Just to be clear, I am not participating in the FTX Earn program after November 10, 2022. Also, FTX Japan considers all assets eligible for return regardless of whether they are FTX Earn or not, so in any case, all my assets must be returned to me as an FTX Japan user.

# Opinion and claim of the claimant (creditor)

### 1. All untransferred Japanese residents who have received a transfer notice

In February and March 2022, FTX Trading sent emails to all Japanese residents who held FTX.com or Blockfolio (FTX.com) accounts regarding the account transfer, and FTX Japan agreed to the notice. The content of the notice was that all existing Japanese users of FTX Trading, including FTX.com and Blockfolio accounts, would be transferred to FTX Japan on the transfer date (April 4, 2022) in accordance with the Business Transfer Agreement and to comply with Japanese law. After the transfer date, all accounts would be treated as FTX Japan accounts. <u>There was no requirement for a KYC process in the transfer process.</u>

FTX Japan also claimed that after the U.S. bankruptcy case, the Blockfolio account should have been subject to an integration process. <u>FTX Japan did not inform or notify us of this consolidation process at all.</u>

<u>In other words, even if the KYC process (identity verification process) was not performed, or even if the integration process was not performed, it was not the fault of the Japanese resident.</u>

<u>As the previous situation shows, after the transfer date (April 4, 2022), FTX Terms of Service could not be applied to residents of Japan.</u> This is clear from FTX Trading's notice regarding the account transfer, Japanese law, and FTX Terms of Service.

<u>And since there is no argument at all for the debtor's current claim, there is no room at all for the debtor's claim to be accepted.</u> This is clear from FTX Trading's notice regarding the account transfer, from Japanese law, and from FTX Terms of Service.

<u>Therefore, after the transfer date (April 4, 2022), Japanese residents could not become FTX Trading users.</u> This is not an intentional choice between being an FTX Trading user or an FTX Japan user; there can be no other choice but FTX Japan.

<u>Surprisingly, the Debtor's current claims are in violation of FTX Trading's Notice of Account Transfer, in violation of Japanese law, and in violation of FTX Trading's Terms of Service.</u> The Debtor is trying to force the application of FTX Trading's Terms and Conditions, which cannot be applied.

This ultimately indicates that although the debtor originally had to keep track of its assets on FTX Japan's books, it actually ended up using FTX Trading's database because the platform had not been put in place in time.

However, this would have exposed the company's failure to comply with Japanese laws and regulations, so for the sake of convenience, the company used the appearance of being FTX Japan to deceive the victims in this inappropriate case. Therefore, <u>the debtor began to claim that the Japanese residents who had not been transferred after the US bankruptcy filing were at fault, in order to cover up the fraudulent acts they had committed prior to the US bankruptcy filing. In other words, the creditors (claimants) are the victims of the fraud.</u>

<u>The debtor is treating the victim in an insulting manner on the basis of falsehood. It is unfair treatment in itself to make the victim go through the process of filing a proof of claim or objection as in this case.</u> Although I have filed a claim in accordance with the notice of transfer, the debtor's side continues to deny the claim for unfounded reasons. The debtor simply does not want to take responsibility for its own inadequacies. <u>The debtor needs to be held accountable for its past words and actions.</u>

FTX Trading had notified the Japanese residents that if they had not completed KYC Process (Identity Verification Procedure), FTX Trading would withdraw BTC from the multi-signature wallet managed by FTX Japan. <u>If the transfer procedures had not been completed by the transfer date (April 4, 2022), then the parent company, FTX Trading, is obligated to instruct its subsidiary, FTX Japan, to transfer all assets of all Japanese residents and complete the asset withdrawal procedures now, and FTX Japan is obligated to accept the withdrawal procedures.</u>

If FTX Trading and FTX Japan did not perform the transfer, they must take responsibility for it. <u>Since FTX Japan has already started the process of returning the assets, it is possible for FTX Japan to return the assets at its own discretion without waiting for the U.S. bankruptcy case to proceed.</u> If there is a conflict with the U.S. bankruptcy case, etc., it is rather necessary for FTX Japan to complete the return of assets of all Japanese residents as soon as possible.

This case is a very malicious fraud by the debtor. <u>I demand that the debtor promptly investigate all of the Japanese residents who were not transferred to FTX Japan, and as soon as they have a full picture of the situation, they will return the assets to FTX Japan.</u> The number of victims and the total amount of assets are still unknown because FTX Japan has stubbornly refused to admit their guilt.

At least in SCHEDULE 1 of Docket No. 17636 alone, there are 44 confirmed allegations of supposed victims that were denied by the debtor. If they are residents of Japan, they too need relief.

This is not the first time this has happened. Since the beginning of the case, untransferred Japanese residents have repeatedly pointed out this problem to FTX Japan. Nevertheless, the debtor has refused to return the assets for unfounded reasons.

If this situation continues, there is a risk that the bankruptcy proceedings may be closed without any wrongdoing being overlooked. <u>We respectfully request that the court find that the fraud was committed by FTX Trading and FTX Japan, and take whatever action it deems appropriate with respect to all Japanese residents who were not transferred to FTX Japan.</u>

## 2. Claim by claimant (creditor) for return of BTC, etc.

As for my Blockfolio account, I must say that I was still participating in the FTX Earn program with the FTXJP mobile app after the transfer date (April 4, 2022) and was also able to enter and exit BTC, so I was using FTX Japan's services. Therefore, I have to say that I was using the services of FTX Japan. Therefore, it is not appropriate for any exchange other than FTX Japan to perform the procedures for the return of my assets, and therefore, I cannot accept the current claims of FTX Japan.

Since Japanese residents are required by Japanese law to maintain segregation of assets and must return the assets in kind, not in U.S. dollars, they must process the transfer of assets from FTX Trading to FTX Japan and then deliver BTC and U.S. dollars to the claimant (creditor).

 I request a prompt return of assets for all BTC and USD on deposit.

### 3. Preventing Problems that May Occur after the Transfer of FTX Japan's Business

The Debtor is attempting to sell FTX Japan in Docket No. 17923 to bitFlyer Holdings, Inc. In proceeding with the sale agreement, there are certain issues that will arise in the future.

For the convenience of preventing such problems, we strongly request that the following arrangements (1) through (2), or equivalent arrangements, be made.

### (1) Transferring the information of all Japanese residents who have not yet been transferred to bitFlyer Holdings, Inc.

Even after the business has been transferred to bitFlyer Holdings, Inc., Japanese residents who have not yet been transferred to FTX Japan will still be required to return their assets to FTX Japan. For this reason, we request that the information of all Japanese residents who have not been transferred to FTX Japan be turned over to bitFlyer Holdings, Inc. in advance after an investigation.

### (2) Information sharing with the debtor after the transfer of business to bitFlyer Holdings, Inc.

After the transfer of the business to bitFlyer Holdings, FTX Japan will be discharged from the U.S. bankruptcy case. For this reason, we request that arrangements be made between FTX Trading and bitFlyer Holdings, Inc. to share information regarding the return of assets of Japanese residents that have not been transferred to FTX Japan. Failure to do so may result in both FTX Trading and FTX Japan refusing to return assets to victims or, conversely, both FTX Trading and FTX Japan returning assets to victims.

## 4. Appeal for cancellation of FTX Japan's license registration

Currently, FTX Japan is registered on the FSA's list of registered crypto asset exchangers after providing an explanation to the government authorities that it complies with Japanese laws and regulations (the Funds Settlement Law). However, after this incident, FTX Japan failed to provide any explanation of the transfer required for Blockfolio accounts to Japanese residents, failed to complete the transfer procedures, and failed to safeguard the assets. In other words, FTX Japan failed to comply with Japanese laws and regulations (the Funds Settlement Law and the Financial Instruments and Exchange Law). <u>The existence of a Japanese resident account that has not been transferred to FTX Japan is itself a violation of Japanese law.</u>

Despite those fraudulent acts, FTX Japan is still forcing certain Japanese residents to cry themselves to sleep by lying, concealing, and destroying evidence in an effort to deny the return of assets to Japanese residents.

<u>The parent company, FTX, is obligated to instruct its subsidiary, FTX Japan, once again to transfer all assets of the Japanese resident as per the transfer notice and to complete the asset withdrawal procedures.</u>

FTX Japan is currently justifying and evading responsibility for the fraudulent activities it has been committing since before the incident by making factually incorrect interpretations of Japanese laws and regulations. FTX Japan's behavior is so malicious that if the FSA were to condone this fraud, the Japanese license registration system would be meaningless. In fact, there are many victims.

<u>I will file a complaint with the Japanese FSA to have FTX Japan's registration revoked and to have FTX Japan listed on the list of unregistered foreign operators in the event that the assets of Japanese residents are not returned in full.</u> I believe it would be appropriate for FTX Japan to have its FSA license registration revoked and then start the license registration process all over again.

· List of Registered Crypto Asset Exchangers with Japan's Financial Services Agency

The list is available in the section "Information on Crypto Asset Exchangers."

https://www.fsa.go.jp/policy/virtual_currency/index.html



· List of unregistered firms in Japan FSA

A list of "unregistered overseas operators (including those whose whereabouts are unknown) that have issued warning letters" can be found in the "Warning to Users" section.

https://www.fsa.go.jp/policy/virtual_currency/index.html



5．Acts of falsehood, perversion, concealment, non-response, or destruction of evidence on the part of the debtor

The debtor has repeatedly stated falsehoods contrary to the facts, made perversions that are not included in the documents on which they base their claims, deleted inconvenient pages on their official website, and have been unresponsive to inconvenient remarks. These actions have continued since the U.S. bankruptcy case to the present, and must be described as extremely malicious.

Please be sure to confirm the contents of the notice on the part of the court, especially since the debtor has been completely unreliable regarding the notice regarding the account transfer sent by FTX Trading via e-mail in February and March 2022, because the debtor has claimed falsehoods that were not stated.

In addition, the Docket 17636 document requires legal arguments and evidence against the claimant, but of course legal arguments and evidence should be required on the part of the debtor. The debtor claims that a KYC process is required for the processing of transfers of Japanese residents, but there is no agreement or documentation to support this claim. Please be sure to confirm the contents of the notice on the part of the court regarding this as well.

## Conclusion

WHEREFORE, the claimant respectfully request that the Court deny the Debtors' objection to the claim and grant such other relief as the Court deems just and proper.

## Reference

1. **(Reference) URL**

· FTX.com's official website (archive)

https://web.archive.org/web/20220928005825/https://help.ftx.com/hc/en-us/



· FTX Trading Terms of Service (archived)

In SCHEDULE 15 (P.56 to P.61) of the PDF "FTX Terms of Service.pdf" attached to the page, there is an indication that users residing in Japan are FTX Japan customers.

https://web.archive.org/web/20221006082538/https://help.ftx.com/hc/en-us/articles/360024788391-FTX-Terms-of-Service



· FTX.com site "Location Restrictions" (archived)

Indication of "FTX serves all Japanese residents via FTX Japan."

https://web.archive.org/web/20221027173821/https://help.ftx.com/hc/en-us/articles/360042412652-Location-Restrictions



· FTX.com site "Jurisdiction, regulations, licensing, and practices" (archived)

Indication of "1.FTX serves all Japanese residents via FTX Japan"

https://web.archive.org/web/20220620175514/https://help.ftx.com/hc/en-us/articles/360056976411-Jurisdiction-regulations-licensing-and-practices



· Blockfolio's official website (archive)

https://web.archive.org/web/20220518063014/https://help.blockfolio.com/hc/en-us



· Blockfolio Terms of Use (archived)

Indication of "The use of the FTX application service (formerly known as Blockfolio) is subject to separate terms of use and privacy policies on the ftx.com and ftx.us websites. "

https://web.archive.org/web/20220605202501/https://help.blockfolio.com/hc/en-us/articles/360021461173-Terms-of-Use-and-Privacy-Policy



· How to integrate the Blockfolio FTX app with your FTX Web account (archive)

https://web.archive.org/web/20220701165000/https://help.blockfolio.com/hc/en-us/articles/6381629594267-How-to-merge-FTX-App-with-your-FTX-web-account



· Japanese law: "Commercial Code"

Commercial Code Article 14 (Liability of a merchant who has licensed others to use his trade name)

「A merchant who has authorized another person to conduct a trade or business using his/her trade name shall be jointly and severally liable with such other person for payment of any obligation arising from such trade or business to any person who has conducted a transaction with such other person under the mistaken belief that such merchant is conducting such trade or business.」

（URL）

https://elaws.e-gov.go.jp/document?lawid=132AC0000000048_20200401_429AC0000000045



· Japanese law:" Law Concerning the Settlement of Funds"

Law Concerning the Settlement of Funds, Article 42 (Prohibition of lending in name)

「A fund transfer agent shall not allow another person to engage in the fund transfer business under its own name.」

Law on the Settlement of Funds, Article 63-2

（Registration of Cryptographic Asset Exchangers）

「 Crypto asset exchange business shall not be conducted unless the person is registered with the Prime Minister.」

Law on the Settlement of Funds, Article 63-5 (Refusal of Registration)

「The Prime Minister shall refuse registration if an applicant for registration falls under any of the following items, or if the application for registration or its attached documents contain false statements on important matters or omit statements of important facts.

10　A juridical person that has violated this Act, the Financial Instruments and Exchange Act, the Act on Control of Acceptance of Contributions, Deposits and Interest Rates, etc, or equivalent foreign laws and regulations, and has been sentenced to a fine(including punishment under foreign laws and regulations)., and five years have not passed from the date on which the execution of such sentence has been completed or has become no longer subject to such sentence. 」

Law on the Settlement of Funds, Article 63-17 (Rescission of Registration, etc.)

「When a cryptographic asset exchanger falls under any of the following items, the Prime Minister may rescind the registration under Article 63-2 or order the suspension of the cryptographic asset exchange business in whole or in part for a specified period not exceeding six months.

1    when it has come to fall under any of the items of Article 63-5, paragraph (1).

3    When the applicant has violated this Act or any order based on this Act or any disposition based on this Act or such order.  」

Law on the Settlement of Funds, Article 107 (Penalties)

「In any of the following cases, the person who commits said violation shall be punished by imprisonment with work for not more than three years or a fine of not more than three million yen, or both.

7      When a person has caused another person to engage in the fund transfer business in violation of the provisions of Article 42.

1 2    When the cryptographic asset exchange business is conducted without obtaining the registration set forth in Article 63-2.」

Law on the Settlement of Funds, Article 115 (Penalties)

「When a representative (Omitted) of a juridical person (Omitted) commits a violation of any of the provisions listed in the following items with regard to the business of such juridical person or individual, not only the offender shall be punished but also such juridical person shall be punished by the fine prescribed in the relevant items and such individual shall be punished by the fine prescribed in the respective Articles.

4    Article 107, (Omitted) Fine under each of these Articles」

(URL)  https://elaws.e-gov.go.jp/document?lawid=421AC0000000059



・Japanese law: "Financial Instruments and Exchange Law "

Financial Instruments and Exchange Law Article 36-3 (Prohibition of lending in name)
「A financial instruments business (In the case of a registered financial institution, Registered Financial Institution Business. The same shall apply hereinafter in this subsection) operator, etc. shall not allow another person to conduct financial instruments business in its own name.」
(URL)

https://elaws.e-gov.go.jp/document?lawid=323AC0000000025_20240614_506AC0000000052



・Japanese law: "Corporate Law "

Companies Act Article 350 (Liability for Damages for Acts of Representatives)
「A stock company shall be liable to compensate for damages caused to a third party by a representative director or other representative person in performing his/her duties.」

Companies Act Article 429 (Liability for Damages to Third Parties of Officers, etc.)
「When the Officers, etc. have acted maliciously or grossly negligently in performing their duties, said Officers, etc. shall be liable to compensate for damages incurred by a third party as a result thereof.」
(URL)

https://elaws.e-gov.go.jp/document?lawid=417AC0000000086



· Japan's Financial Services Agency website (related to crypto assets)

"List of Registered Crypto Asset Exchangers with Japan's Financial Services Agency"
The list is available in the section "Information on Crypto Asset Exchangers."

"List of unregistered firms in Japan FSA"
A list of "unregistered overseas operators (including those whose whereabouts are unknown) that have issued warning letters" can be found in the "Warning to Users" section.

https://www.fsa.go.jp/policy/virtual_currency/index.html



## FTX Trading Ltd. 22-11068 (JTD)
## Fiftieth Omnibus Claims Objection
## Schedule 1 - Incorrect Debtor Claims

| Asserted Claims | | | Modified Claims |
| --- | --- | --- | --- |
| Claim Number | Name | Debtor | Debtor |
| 53449 | NAGASAKA, TAKUYA | FTX Japan K.K. | FTX Trading Ltd. |
| 53486 | NAGASAKA, TAKUYA | FTX Japan K.K. | FTX Trading Ltd. |

2. (Reference : Docket 17636) FTX Trading Ltd. 22-11068 (JTD) Fiftieth Omnibus Claims Objection Schedule 1 - Incorrect Debtor Claims

Dated: July 9,2024

*/s/NAGASAKA, TAKUYA*

NAGASAKA, TAKUYA（長坂 拓哉）
50-15 TSUTSUMINE
KAWASAKI SHI KAWASAKI KU
KANAGAWA

Postal code : 210-0026
Name of Country : JAPAN
Phone : +81-90-5777-1202
E-mail: : nag.t1202@gmail.com





**JAPAN POST EMS** 国際スピード郵便

送り状 (Dispatch Note)    書類用 (Business Papers)

郵便局へのお
が閉じられて

\* E N 3 3 0

**JAPAN** 職権により開くことがあります
May be opened officially

**JAPAN POST**

お問い合わせ番号
(item number) EN

| From (Sender) Name & Address | 受付年月日 Date mailed | | | 受付時刻 Time mailed | 時 (hour) 分 (Minute) |
|---|---|---|---|---|---|
| Takuya Nagasaka | 年 (Year) 2024 | 月 (Month) 07 | 日 (Date) 09 | 総重量 Total gross weight | 17 41 2 3 |
| 50-15 TSUTSUMINE KAWASAKI SHI KAWASAKI KU Kanagawa | | | | | 253 -251 |

To (Addressee) Name & Ad

The United States Bankruptcy Court
824 North Market Street
3rd Floor
Wilmington

Postal Code  210-0026

TEL +81-90-5777-1202    FAX

JAPAN

DELAWARE

Country UNITED STATES OF AMERICA

※書類用のため内容品欄はありません

ご注意！ ご
専

(To Post an
This is EMS

## Dispatch Note & Customs Documentation Enclosed