RECEIVED
2024 JUL 16 PM 2: 52
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING, LTD., et al.,[1] | Case No. 22-11068 (JTD) |
| | (Jointly Administered) |
| Debtors. | |

## RESPONSE TO THE DEBTORS' FIFTIETH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN CLAIMS FILED AGAINST THE INCORRECT DEBTOR

Takuya Yokoyama (the "**Claimant**") hereby submits this response to the *Debtors' Fiftieth (Non-Substantive) Omnibus Objection to Certain Claims Filed Against the Incorrect Debtor* (the "**Objection**") [D.I. 17636], and respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Claimant's claim #53066 (the "**Claim**") is supported by and based upon, the Claimant's historical transaction information on the Debtors and the liabilities and duties of the Debtors arising under the FTX.com Terms of Service (the "**Terms of Service**"), the Location Restrictions and the Jurisdiction.

## FACTUAL BACKGROUND

2. The Location Restrictions updated on April 6, 2022 applicable to the Claimant under Section 3.3.1(A) of the Terms of Service stated that *"FTX serves all Japanese residents via FTX Japan"*. See *p.15 and pp.72-73 of the Claim.*

3. The Claimant was bound by and complied with the Terms of Service and could not use the services provided by the Debtors if the Claimant did not accept the Terms of Service. See *p.10 of the Claim.*

4. The Claimant has lived in Japan since birth and has completed the required KYC process as notified by email to migrate to FTX Japan.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases (collectively, the "Debtors"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

5. Japanese residents were required to select FTX Japan as the Platform when logging into the FTX JP mobile app. See *p.127 of the Claim.*
A description of the app stated that *"Our company is registered as a Cryptoasset Exchange Service Provider, Kanto Local Finance Bureau No. 00002"* ("当社は、暗号資産交換業者 関東財務局長第 00002 号として登録を行っています"). See *p.126 of the Claim.* FTX Japan K.K. has the license.[2]

6. The Claimant withdrew all of the Claimant's digital assets in the FTX App on March 29, 2022 and subsequently deposited Bitcoin on multiple occasions through the FTX JP mobile app on May 19, 2022 and later. See *Exhibits A and B.*

7. The Claimant used FTX Earn from May 2022 to November 9, 2022 via the FTX JP mobile app.

8. The Claimant's balance in the FTX JP mobile app was 3.90454789 BTC as of the Petition Date.

## ARGUMENT

9. The Claimant accepted the promise that the Debtors would serve all Japanese residents via FTX Japan, and deposited Bitcoin on multiple occasions through the FTX Japan mobile app on May 19, 2022 and later.
The Claimant's reliance on the promise was reasonable, and it was foreseeable to the Debtors that Japanese residents would act based on such reliance.

10. The provision stating "FTX serves all Japanese residents via FTX Japan" constitutes a binding contractual obligation. By accepting it, the Claimant entered into a valid contract with the Debtors, and the Debtors are obligated to perform according to it.

11. As the Claimant selected the Platform as FTX Japan when logging into the FTX JP mobile app, the Claimant deposited Bitcoin to FTX Japan through the app and the rewards of FTX Earn in the Claimant's account should be a debt of FTX Japan under Schedule 15 of the Terms of Service.

12. Despite the fact that the Claimant has completed the KYC process to migrate to FTX Japan as notified, and the Debtors promised to serve all Japanese residents via FTX Japan, it violates the principle of good faith for the Debtors to dispute the Claim as an "Incorrect Debtor Claim".

13. The Debtors' attempt to modify the debtor of the Claim from *FTX Japan K.K.* to *FTX Trading Ltd.* violates the doctrine of promissory estoppel and equitable estoppel. The Debtors' current position, which contradicts their prior representation, would result in detriment to the Claimant if allowed.

14. FTX Japan K.K. has more than sufficient assets to satisfy the Claim. It would be to the Claimant's detriment for the Debtors to modify the debtor of the Claim.

---

[2] List of the Cryptoasset Exchange Service Providers: http://www.fsa.go.jp/menkyo/menkyoj/kasoutuka.pdf

15. For the reasons stated above, the debtor of the Claim should not be modified from *FTX Japan K.K.* to *FTX Trading Ltd.*

## RESERVATION OF RIGHTS

The Claimant reserves all rights to supplement this response based upon further amendments and further reserves all rights to object to any other relief sought by the Debtors in connection with the Objection.

## CONCLUSION

Wherefore, for the reasons stated herein, Takuya Yokoyama respectfully requests that the Court deny the Objection to the Claim and grant such other and further relief as the Court may deem just and proper.

Dated: July 12, 2024

Respectfully submitted,

横山, 拓哉
———————————
Takuya Yokoyama
14-15 Baba-cho, Hyogo-ku,
Kobe-shi, Hyogo
Japan 652-0016
(+81)789588599
bit2bite@outlook.jp

**Exhibit A**

Screenshot of the FTX App on March 29, 2022



**Exhibit B**

Screenshot of the FTX Claim Portal



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:  
FTX TRADING, LTD., et al.,

Debtors.

Chapter 11  
Case No. 22-11068 (JTD)  
(Jointly Administered)

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, *Response to the Debtors' Fiftieth (Non-Substantive) Omnibus Objection to Certain Claims Filed Against the Incorrect Debtor* was served via electronic mail upon the following parties:

Adam G. Landis, Esq. (landis@lrclaw.com)  
Kimberly A. Brown, Esq. (brown@lrclaw.com)  
LANDIS RATH & COBB LLP  
919 Market Street, Suite 1800,  
Wilmington, Delaware 19801

Alexa J. Kranzley, Esq. (kranzleya@sullcrom.com)  
Sullivan & Cromwell LLP  
125 Broad Street  
New York, New York 10004

Dated: July 12, 2024

横山 拓哉  
Takuya Yokoyama  
14-15 Baba-cho, Hyogo-ku,  
Kobe-shi, Hyogo  
Japan 652-0016  
(+81)789588599  
bit2bite@outlook.jp



# EMS 国際スピード郵便

## JAPAN POST

### EMS 国際スピード郵便
### 送り状 (Dispatch Note) 書類用 (Business Papers)

お問い合わせ番号 (item number)  EN 331 613 032

**JAPAN** — May be opened officially — JAPAN POST

| From (Sender) Name & Address | 受付年月日 Date mailed | | | 受付時刻 Time mailed | 時(hour) | 分(Minute) | 郵便料金 3900 |
|---|---|---|---|---|---|---|---|
| Takuya Yokoyama<br>14-15 Baba-cho<br>Hyogo-ku, Kobe-shi<br>Hyogo | 年(Year) 2024 | 月(Month) 07 | 日(Date) 12 | | | | 合計金額 Postage |
| | | | | 総重量 Total gross weight | | 85 g | |

To (Addressee) Name & Address

The Office of the Clerk of the United States
Bankruptcy Court for the District of Delaware:
824 Market Street, 3rd Floor
Wilmington

Delaware

Country UNITED STATES OF AMERICA

Postal Code 652-0016

TEL +81-78-958-8599    FAX

JAPAN

Postal Code 19801

TEL 302-252-2900
FAX

※書類用のため内容品欄はありません

ご注意！この用紙は送り状です。
専用パウチに入れてください。

**Dispatch Note & Customs Documentation Enclosed**
(To Post and Customs Officer) This is EMS Dispatch Note.
(±72101-2022-TF)