IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 22-11068 (JTD) |
| | ) | |
| FTX Trading Ltd., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| Phoenix TF, LLC<br><br>ATTN: Phoenix TF, LLC<br>418 Broadway Ste R<br>Albany, NY 12207<br>Email: customerservice@phoenixtf.co.uk | [REDACTED] |

| Claim No. / Schedule | Creditor Name | Amt | Debtor | Case No. |
|---|---|---|---|---|
| Schedule No. 6783025 | [REDACTED] | 100% | FTX Trading Ltd. | 22-11068 |
| Confirmation ID No. 3265-70-FHVOG-271425383 | [REDACTED] | 100% | FTX Trading Ltd. | 22-11068 |
| Unique Customer Code: 01039279 | [REDACTED] | 100% | FTX Trading Ltd. | 22-11068 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: *Jonathan Forsgren*    Date: 7/17/24

Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571*

## Creditor Information - Schedule # 6783025

**Creditor**
Name on File
Address on File

**Debtor Name**
FTX Trading Ltd.

**Date Filed**
n/a

**Claim Number**
n/a

**Schedule Number**
6783025

**Confirmation ID**
n/a

## Claim Amounts

| Claim Nature | Schedule Amount | C* U* D* | Asserted Claim Amount | C* U* F* | Current Claim Value | Claim Status |
|---|---|---|---|---|---|---|
| General Unsecured | | | | | | |
| Priority | | | | | | |
| Secured | | | | | | |
| 503(b)(9) Admin Priority | | | | | | |
| Admin Priority | | | | | | |
| Total | | | | | | |

*C=Contingent, U=Unliquidated, D=Disputed, F=Foreign

*Transfers, objections, stipulations, withdrawals and/or orders for this claim (if any) are not displayed to protect claimant privacy.*

## Claim Additional Info

| Type | Name | Quantity |
|---|---|---|
| CRYPTO | ATLAS | 0.00000000069943447 |
| CRYPTO | BTC | 0.00000000074919586 |
| CRYPTO | CRV | 0.0000000001311878 |
| CRYPTO | DOGE | 0.00000000074074422 |
| CRYPTO | DYDX | 0.000000008225184 |
| CRYPTO | ETH | 0.0692568772 |
| CRYPTO | FTT | 1799.6621800007179 |
| CRYPTO | LINK | 0.00746 |
| CRYPTO | LUNA2 | 0.572514566 |
| CRYPTO | LUNA2_LOCKED | 1.335867321 |
| CRYPTO | MASK | 0.92 |
| CRYPTO | USDT | 0.00000000150045918 |
| FIAT | USD | 9935.055519419495 |

Kroll Restructuring Administration (formerly known as Prime Clerk) maintains this website for the public's convenience and for general informational purposes only. Anyone using this website is

# CLAIM PURCHASE AGREEMENT

1. Identification of the parties:

| Seller | Buyer |
|---|---|
| Shiraz Salih | Phoenix TF, LLC |
| 1850 KINGSTON RD APT 48 | 418 Broadway Ste R |
| PICKERING ON L1V 0A2 | Albany, NY 12207 |

2. Seller, its successors and assigns, for good and valuable consideration, the sufficiency of which is hereby acknowledged in the amount set forth in Exhibit A hereto (the "Payment"), does hereby absolutely and unconditionally sell, transfer and assign unto Buyer, its successors and assigns, all of Seller's right, title, benefit and interest in and to any and all of Seller's claim or claims, as more specifically set forth as any right to payment (the "Claim"), against FTX Trading Ltd. (the "Debtor"), including in the Debtor's bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Delaware under case number 22-bk-11068 (the "Bankruptcy Proceeding"). Furthermore, the Claim includes, without limitation, all of Seller's rights to receive distributions on the Claim in connection with the Case. Seller represents the Claim is in an amount not less than $10,027.47 (the "Claim Amount"). Buyer shall initiate Payment to Seller in accordance with the instructions set forth in Exhibit A within five business days of (a) the mutual execution of this agreement and (b) Seller's verification of their payment details.

3. Seller further represents and warrants that: (a) the Claim is an allowed, valid, liquidated and undisputed and non-contingent claim in at least the amount of $10,027.47 against the Debtor in its Bankruptcy Proceeding; (b) the Claim is not subject to any defense, claim or right of setoff, reduction, impairment, avoidance, disallowance, subordination or preference action, in whole or in part, whether on contractual, legal or equitable grounds, that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or affect its validity, priority or enforceability; (c) this Assignment of Claim (this "Agreement") has been duly authorized, executed and delivered by Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement; (d) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Seller; (e) this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (f) the Claim is not subject to any factoring agreement; (g) Seller owns and has and is hereby selling to Buyer good and sole legal and beneficial title to the Claim free and clear of any and all liens, security interests, encumbrances or claims of any kind or nature whatsoever; (g) no payment or other distribution has been received by Seller, or by any third party on behalf of Seller, in full or partial satisfaction of, or in connection with, the Claim; (h) no portion of the Claim has been sold, assigned or pledged to any third party in whole or in part; (i) Seller has not engaged, and will not engage, in any acts or conduct that might result in Buyer receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the Debtor; (j) true and complete copies of the Order and other documents evidencing or relating to the Claim are annexed hereto as exhibits or will be maintained in good condition by Seller until the Bankruptcy Court enters a final decree closing the Case and will be delivered to Buyer upon Buyer's request. Buyer represents and warrants that (a) this Agreement has been duly

DocuSign Envelope ID: 16527EE9-83EE-4604-9997-032950419677

authorized, executed and delivered by Buyer and Buyer has the requisite power and authority to execute, deliver and perform this Agreement; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Buyer; and (c) this Agreement constitutes the valid, legal and binding agreement of Buyer, enforceable against Buyer in accordance with its terms.

4. In the event all or any part of the Claim is either (a) impaired by the commencement of any action or proceeding or (b) offset, disallowed, subordinated, or otherwise impaired, in whole or in part, in the Case for any reason whatsoever, including, without limitation, pursuant to an order of the Bankruptcy Court (whether or not such order is appealed) (collectively, an "Impairment") or in the event an order is entered in the Bankruptcy Court disapproving the transfer of the Claim, or in the event that the Bankruptcy Court does not substitute Buyer for Seller, Seller agrees to immediately repay, upon demand of Buyer, the consideration paid by Buyer hereunder. Should all or any portion of the Claim be subject to an Impairment, this Agreement shall be null and void only to the extent of the Impaired portion of the Claim.

5. Seller agrees that in the event Seller shall receive any payments or distributions or notices with respect to or relating to the Claim after the date hereof, Seller shall accept the same as Buyer's agent and shall hold the same in trust on behalf of and for the sole benefit of Buyer, and shall promptly deliver the same forthwith to Buyer in the same form received (free of any withholding, set-off, claim or deduction of any kind), within 5 business days of such receipt. In the event Seller fails to deliver the Cash Distribution to Buyer within 5 business days of Seller's receipt, Seller shall be obligated to pay Buyer interest on the Cash Distribution at 10% per annum, from the date of Seller's receipt to the date of Buyer's receipt.

6. Seller is aware that the consideration being paid by Buyer hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization which is confirmed for the Debtor. Seller represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Buyer, and based on such information as Seller has deemed appropriate, made its own decision to enter into this Agreement.

7. Seller hereby irrevocably appoints Buyer with full power of substitution as its true and lawful attorney and authorizes Buyer to act in Seller's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account of the Claim herein assigned. Seller grants unto Buyer full authority to: (a) do all things necessary to enforce the Claim and Seller's rights thereunder or related thereto pursuant to this Agreement. Seller agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Buyer. Seller agrees to take all such further action as may be necessary or appropriate to effect assignment of the Claim and all interests therein to Buyer, to cooperate with and assist Buyer in enforcing the Claim and to otherwise effectuate the intent of this Agreement. Seller agrees that Buyer may sell, transfer, assign or grant a participation in the Claim, or any portion thereof, together with all right, title and interest of Buyer and all obligations of Buyer in and to this Agreement.

8. Seller agrees to indemnify Buyer from all losses, damages and liabilities, including attorneys' fees and expenses, which result from Seller's breach of any representation, warranty or covenant set forth herein, or any Impairment of the Claim, including, but not limited to, any action, proceeding, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim. Buyer does not assume and shall not be responsible for any obligations or liabilities of Seller related to or in connection with the Claim or the Case. In the event Seller has sold or assigned the Claim or any portion thereof to any other person or entity, Seller shall, immediately upon demand by Buyer, pay Buyer liquidated damages in an amount equal to the amount of the Claims subject to the Impairment multiplied by the Purchase Rate, plus interest thereon at 10% per annum from the date the Payment is received by Seller; provided, however, that this liquidated damages provision shall expire, and be of no force or effect, after Buyer receives all payments or distributions due on the Claim under the Debtor's plan of reorganization.

9. This Agreement shall inure to the benefit of the parties hereto and their successors and permitted assigns and shall be binding upon the parties hereto and their successors and assigns. This Agreement is solely for the benefit of Seller and Buyer and their successors and permitted assigns and nothing contained in this Agreement shall be deemed to confer upon anyone other than Seller and Buyer and their successors and permitted assigns any right to insist upon or enforce the performance or observance of any of the rights and obligations set forth herein.

10. This Agreement may be executed in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier, facsimile or other form of electronic transmission of an executed counterpart of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated:

Phoenix TF LLC

By: *Jonathan Forsgren*

Name: Jonathan Forsgren
Date: 4/9/24

**Identity of Transferor**

Transferee has in its possession an Evidence of Transfer signed by the Transferor.

To protect the identity of the Transferor, Transferee has not disclosed the Transferor's name or address, and has not attached the signed Evidence of Transfer to this Notice of Transfer of Claim.

Upon written request, Transferee is prepared to provide a copy of the signed Evidence of Transfer to the Bankruptcy Court, the Debtors, and appropriate professionals.