# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>**Hearing Date: August 15, 2024 at 1:00 p.m. ET**<br>**Objection Deadline:  August 1, 2024 at 4:00 p.m. ET** |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO, AND PERFORM UNDER, THE STIPULATION WITH PAXOS, (B) APPROVING THE STIPULATION, AND (C) GRANTING RELATED RELIEF

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to enter into, and perform their obligations under, the stipulation, attached as Exhibit 1 to the Order (the "Stipulation"),[2] between and among (i) the Debtors and (ii) Paxos Global Pte. Ltd. ("Paxos Global") and its affiliated entities, including Paxos Trust Company, LLC ("Paxos Trust"), Kabompo Holdings, Ltd. ("Kabompo Holdings"), and Kabompo Lending Ltd ("Kabompo Lending," together with Paxos Global, Paxos Trust, and Kabompo Holdings,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

collectively "Paxos", and together with the Debtors, the "Parties") approving the terms of the Stipulation and granting related relief. In support of the Motion, the Debtors respectfully state as follows:

### Preliminary Statement

1. Following constructive, arm's-length discussions with Paxos, the Debtors have the opportunity to promptly recover approximately $19 million in assets and resolve multiple claims filed by Paxos against the Debtors without the need for unnecessary, expensive, and uncertain litigation.

2. Prior to the Petition Date, Debtor Alameda Research Ltd. ("Alameda") and Paxos had entered into certain lending and market making agreements pursuant to which Paxos had loaned Alameda certain fiat and cryptocurrency assets. In connection with those agreements, Alameda was required to, and did, maintain substantial amounts of fiat and cryptocurrency in Alameda's accounts on the cryptocurrency exchange operated by Paxos. As of the Petition Date, the total amount of fiat and cryptocurrency assets in Alameda's Paxos accounts exceeded the amounts that Paxos had loaned to Alameda. Paxos has filed various claims against the Debtors, asserting, among other things, that Paxos has a valid, perfected security interest as to the amounts outstanding under the loan agreements, that Paxos is entitled to a substantial amount of outstanding accrued interest, and that Paxos is entitled to indemnification pursuant to the lending and market making agreements.

3. Following arm's length negotiations, the Debtors and Paxos have agreed to the Stipulation, which provides, among other things, that Paxos will (i) promptly return to the Debtors approximately $19 million in assets, representing 100% of the assets in Alameda's Paxos accounts in excess of the outstanding principal of the loans as of the Petition Date, (ii) retain, in full satisfaction of its loan claims, fiat and cryptocurrency assets in Alameda's

Paxos accounts equal to the outstanding principal of the loans as of the Petition Date, and (iii) release all other claims Paxos has asserted against the Debtors, including Paxos' claims for a substantial amount of pre- and post-petition interest pursuant to the loan agreements and for indemnification.

4. The Stipulation is in the best interests of the Debtors' estates, creditors and stakeholders, and approval of the Stipulation will resolve all claims between the Debtors and Paxos and deliver this significant recovery while avoiding the expense and burden of litigation. The Stipulation satisfies Bankruptcy Rule 9019 and should be approved.

### Background

5. On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware, appointed the Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases, pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Official Committee").

6. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

---

[3] November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Jurisdiction

7. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. Pursuant to rule 9013-1(f) of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Facts Specific to the Relief Requested

8. Prior to the Petition Date, Alameda, Alameda Research LLC, Paxos Global and Kabompo Lending were parties to certain loan agreements (as amended, the "Loan Agreements"), pursuant to which Alameda agreed to borrow a total of 750 BTC and $5 million USD fiat from Kabompo Lending, and Alameda Research LLC agreed to guarantee such obligations. Alameda Research LLC, Paxos Global and Paxos Trust also were parties to a Market Maker Agreement (the "Market Maker Agreement"), pursuant to which Alameda Research LLC agreed to perform certain market making functions for a digital asset exchange operated by Paxos Global (the "Paxos Exchange").

-4-

9. In connection with the Loan Agreements, Alameda was required to, and did, maintain substantial amounts of fiat and cryptocurrency in Alameda's accounts on the Paxos Exchange (the "Paxos Exchange Accounts"). As of the Petition Date, the total amount of fiat and cryptocurrency assets in the Paxos Exchange Accounts exceeded the obligations outstanding under the Loan Agreements.

10. On or about June 30, 2023, Paxos filed certain proofs of claim in the Chapter 11 Cases (the "Paxos Proofs of Claim"), asserting (i) claims related to the 750 BTC and $5 million USD fiat outstanding under the Loan Agreements, as to which Paxos asserts a valid perfected security interest, as well as for pre- and post-petition interest pursuant to the Loan Agreements (the "Paxos Loan Claims"), and (ii) claims for indemnification related to the Loan Agreements and/or the Market Maker Agreement.

11. The Parties have engaged in good faith, arm's-length negotiations to reach a consensual resolution. As a result of those negotiations, the Parties have agreed to enter into the Stipulation.

12. The key terms of the Stipulation provide, among other things, that:[4]

- In full satisfaction of the Paxos Loan Claims, Paxos will be entitled to retain 750 BTC and $5 million USD fiat of the assets in the Paxos Exchange Accounts, representing the outstanding principal of the Loan Agreements as of the Petition Date;

- Paxos shall promptly transfer to the Debtors all other assets in the Paxos Exchange Accounts, consisting of not less than 201 BTC, $2,810,000 of USD fiat, 898 Ether (ETH), 214 Bitcoin Cash (BCH), 5,603 Litecoin (LTC), 373 Aave (AAVE), 9 Chainlink (LINK), 57 Polygon (MATIC), 174 Uniswap (UNI) and 10 PAX Gold (PAXG); and

- Upon receipt by the Debtors of the other assets in the Paxos Exchange Accounts, the Paxos Proofs of Claim (including Paxos' claims for pre- and post-petition interest under the Loan Agreements and for indemnification

---

[4] The summary of the Stipulation contained herein is qualified in its entirety by the actual terms and conditions of the Stipulation. To the extent that there is any conflict between any summary contained herein and the actual terms and conditions of the Stipulation, the actual terms and conditions of the Stipulation shall control.

-5-

related to the Loan Agreements and/or the Market Maker Agreement) shall be deemed withdrawn in their entirety with prejudice.[5]

## Relief Requested

13. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (i) authorizing the Debtors to enter into, and perform their obligations under, the Stipulation, (ii) approving the Stipulation, and (iii) granting certain related relief.

## Basis for Relief

**I. The Stipulation Satisfies Bankruptcy Rule 9019 Because it is Fair, Reasonable and in the Debtors' Best Interests.**

14. Resolution of the claims between the Debtors and Paxos through the Stipulation is in the best interests of the Debtors and their estates because it will promptly return approximately $19 million in fiat and cryptocurrency to the Debtors' estates and resolve multiple claims filed by Paxos against the Debtors. By agreeing to return 100% of the assets in the Paxos Exchange Accounts in excess of the outstanding principal of the Loan Agreements as of the Petition Date and to release their other claims against the Debtors, Paxos is sparing the Debtors significant time and expense involved in pursuing litigation related to their interests in the Paxos Exchange Assets and the Paxos Proofs of Claim. The proposed Stipulation likely would generate more value to the Debtors' estates on a risk-adjusted basis than if the Debtors were to pursue litigation. Settlement on these terms is thus a reasonable exercise of the Debtors' business judgment satisfying Bankruptcy Rule 9019.

---

[5] Alameda Research Ventures Ltd. and Kabompo Holdings also are party to a separate agreement in connection with Alameda Research Ventures Ltd.'s pre-petition acquisition of certain equity interests in Kabompo Holdings. Those interests are not the subject of this Motion and are not affected by the Stipulation.

15. Section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

16. Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case* v. *L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). The compromise or settlement of litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy" as such settlements "minimize litigation and expedite the administration of the estate." *In re World Health Alts., Inc.*, 344 B.R. 291, 295-96 (Bankr. D. Del. 2006).

17. "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). Courts should not, however, substitute their judgment for that of the debtor, but instead should canvass the issues to see whether the compromise falls below the lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted). Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's

estate and its creditors.  *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

19. The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Grp., Inc.*, 222 B.R. at 243 (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).  The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities." *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (citations omitted).

19. The terms of the proposed Stipulation fall well within the range of reasonableness and should be approved by the Court.  The Stipulation provides for the prompt return of approximately $19 million in fiat and cryptocurrency while avoiding the time and expense of litigating the related claims and defenses against Paxos.  Accordingly, the compromises set forth in the Stipulation are, in the aggregate, fair and equitable, fall well within the range of reasonableness, and satisfy each applicable *Martin* factor.

a. **The Probability of Success in Litigation and Subsequent Collection**

20. The Debtors maintain that they have meritorious claims to avoid as a preference under section 547 of the Bankruptcy Code any security interest purportedly granted to

Paxos and/or that Paxos never perfected such security interest, which would accordingly be avoidable under section 544 of the Bankruptcy Code. In either case, the Debtors would then be entitled to recover the full amount of the Exchange Assets and Paxos would receive a replacement claim for the avoided amounts under section 502(h) of the Bankruptcy Code. However, the Debtors would need to spend significant time and resources proving their claims and obtaining a favorable judgment against Paxos, which maintains that it has meritorious defenses and properly perfected its security interests. The outcome of any such litigation would be uncertain.

21. Moreover, even if the Debtors were successful on the merits of litigating these claims, the Debtors expect recoveries for general unsecured claims, including replacement claims under section 502(h) of the Bankruptcy Code, to be significant. Based on the current projected recoveries for general unsecured claims, the net value of any potential claims that the Debtors could assert against Paxos decreases. The Debtors considered the costs and benefits to pursuing any potential claims against Paxos in that context, and concluded that the Stipulation is in the best interests of the Debtors' estates and their stakeholders.

22. The Debtors also considered that pursuant to the Stipulation, Paxos is releasing its claims for a substantial amount of pre- and post-petition interest under the Loan Agreements, as well as any potential claims for indemnification related to the Loan Agreements and/or the Market Maker Agreement.

23. Given the attendant risks, uncertainty and costs of litigation, and the favorable terms of the settlement, the Debtors submit that the proposed Stipulation is in the best interests of the Debtors' estates.

### b. The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay Are Unwarranted

24. Litigation pertaining to the Debtors' claims against Paxos and the Paxos Proofs of Claim would be complex, expensive, and time-consuming. Pursuit of the claims would require litigating the sufficiency of evidence for various theories of recovery related to the Loan Agreements, the Market Maker Agreement and the assets in the Paxos Exchange Accounts. Additionally, any claim for avoidance of a security interest or otherwise related to the Loan Agreements and/or the assets in the Paxos Exchange Accounts would require litigation of complex, novel issues of law regarding the nature of cryptocurrency and its relationship to the Bankruptcy Code. The Stipulation avoids these costs.

### c. The Paramount Interests of Creditors are Served.

25. The Stipulation is in the best interests of the Debtors' creditors because it promptly brings approximately $19 million into the Debtors' estates without uncertain, time consuming and costly litigation and resolves Paxos' other claims against the Debtors.

26. Therefore, in the Debtors' business judgment, the value of entering into the Stipulation exceeds the net benefits that the Debtors and their estates potentially could obtain by pursuing litigation of claims against Paxos. The Debtors submit that the Stipulation satisfies the *Martin* factors and Bankruptcy Rule 9019 because it is fair, reasonable, and in the best interests of the Debtors, their estates, and their stakeholders. As a result, the Debtors respectfully request that the Court authorize the Debtors to enter into the Stipulation and approve its terms.

### Waiver of Bankruptcy Rule 6004(h)

27. Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order,

unless the court orders otherwise." For the reasons described above, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay to the extent such stay applies.

## Reservation of Rights

28.     Nothing in this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party except as otherwise set forth herein or in the Stipulation.

## Notice

29.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to Paxos; (h) counsel for the Joint Official Liquidators of FTX Digital Markets Ltd.; and to the extent not listed herein, (i) those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: July 18, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>          mcguire@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail:  dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          crokej@sullcrom.com<br>          kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |