**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  August 15, 2024 at 1:00 p.m. ET**<br>**Objection Deadline:  August 5, 2024 at 4:00 p.m. ET** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO STIPULATION WITH PHALA LTD. (B) APPROVING THE STIPULATION, AND (C) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to enter into the stipulation, attached as Exhibit 1 to the Order (the "Stipulation"),[2] between (i) the Debtors and (ii) Phala Ltd. ("Phala" and together with the Debtors, the "Parties"), approving the terms of the Stipulation and granting related relief.  In support of the Motion, the Debtors respectfully state as follows:

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

**Preliminary Statement**

1.      Following constructive, arm's-length discussions, the Debtors have the opportunity to resolve potential claims asserted by Phala without the need for litigation.

2.      The Stipulation relates to a November 2021 agreement (the "PHA Agreement") between Phala and Debtor Alameda Research Ltd. ("Alameda"), pursuant to which Phala loaned Alameda 6,000,000 PHA tokens for market making purposes.  Phala filed a non-customer proof of claim (the "Claim") against Alameda in the amount of $3,968,400 (Proof of Claim No. 3191), seeking, *inter alia*, the return of the 6,000,000 PHA tokens loaned to Alameda and/or purported damages incurred by Phala in connection with the PHA Agreement.

3.      Consistent with this Court's holdings, *see Order Granting Motion of Debtors To Estimate Claims Based On Digital Assets*, No. 22-11068 (Bankr. D. Del. Feb. 7, 2024), D.I. 7090, this Stipulation memorializes the Parties' understanding and agreement that the unsecured digital asset loan claim of Phala against Alameda should be valued based on pricing as of the Petition Date, which the Parties agree amounts to $960,000.00.  The Stipulation also resolves any other potential claims related to the PHA Agreement.

4.      The Stipulation is in the best interests of the Debtors' estates, creditors and stakeholders, and should be swiftly consummated.  Approval of the Stipulation will resolve a potentially contested claim against the Debtors, provide the Debtors' estates significant value in line with other claims that have been valued as of the Petition Date, and also avoid the expense and burden of litigation.  The Stipulation satisfies Bankruptcy Rule 9019 and should be approved.

**Background**

5.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware, appointed the Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases, pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Official Committee").

6.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**Jurisdiction**

7.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

---

[3]      November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

1409.  The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.  Pursuant to Local Rule 9013-1(f) of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Facts Specific to the Relief Requested

8.      Prior to the Petition Date, on November 30, 2021, Alameda and Phala entered into the PHA Agreement pursuant to which Phala transferred 6,000,000 PHA tokens to Alameda.  On June 23, 2023, Phala filed the Claim against Alameda in the amount of $3,968,400, seeking, *inter alia*, the return of the 6,000,000 PHA tokens loaned to Alameda and/or purported damages incurred by Phala in connection with the PHA Agreement.

9.      The Parties have engaged in good faith, arm's-length negotiations to resolve the Claim.  As a result of those negotiations, the Parties have agreed to enter into the Stipulation memorializing the Parties' agreement and understanding that the Claim should be allowed in the amount of $960,000.00, representing the agreed Petition Date price of the 6,000,000 PHA tokens, and releasing any other potential claims between the Parties relating to the PHA Agreement.

### Relief Requested

10.     By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to enter into the Stipulation, (b) approving the Stipulation, and (c) granting certain related relief.

## Basis for Relief

### I.    The Stipulation Satisfies Bankruptcy Rule 9019 Because it is Fair, Reasonable and in the Debtors' Best Interests.

11.    Allowance of the Claim at the agreed amount through the Stipulation is in the best interests of the Debtors and their estates.  The Stipulation memorializes the Parties' agreement that the Claim should be valued using pricing as of the Petition Date, as opposed to any other date, and reduces the amount of Phala's Claim by more than 75%, or approximately $3 million.  The Stipulation also avoids the potential costs associated with litigating these issues or any other claims related to the PHA Agreement.  Settlement on these terms is thus a reasonable exercise of the Debtors' business judgment satisfying Bankruptcy Rule 9019.

12.    Section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

13.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Compromises and settlements are "a normal part of the process of reorganization."  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case* v. *L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).  The compromise or settlement of litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy" as such settlements "minimize litigation and expedite the administration of the estate."  *In re World Health Alts., Inc.*, 344 B.R. 291, 295-96 (Bankr. D. Del. 2006).

14.    "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate."  *In re Louise's, Inc.*, 211 B.R.

798, 801 (D. Del. 1997).  Courts should not, however, substitute their judgment for that of the debtor, but instead should canvass the issues to see whether the compromise falls below the lowest point in the range of reasonableness.  *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted).  Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors.  *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

15.    The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Grp., Inc.*, 222 B.R. at 243 (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).  The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities."  *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (citations omitted).

16.     The terms of the proposed Stipulation fall well within the range of reasonableness and should be approved by the Court.  The terms of the Stipulation memorialize the agreement that the Debtors will allow Phala's Claim in the amount of $960,000.00, while avoiding the time and expense of objecting to the Claim or litigating any related issues. Accordingly, the compromises set forth in the Stipulation are, in the aggregate, fair and equitable, fall well within the range of reasonableness, and satisfy each applicable *Martin* factor.

        **a.**      **The Probability of Success in Litigation and Subsequent Collection**

17.     Without the Stipulation, the Debtors would need to object to Phala's Claim and expend time and resources to administer and adjudicate the Claim and establish that Phala has no other claims against the Debtors arising out of the PHA Agreement.  The Stipulation avoids the need for such litigation.  As a result, the value to be realized for the Debtors' estates through the Stipulation exceeds any potential benefit that could accrue to the estate as a result of any potential objection.

18.     Given the attendant risks and costs, and the favorable terms of the Stipulation, the Debtors submit that the proposed Stipulation is in the best interests of the Debtors' estates.

        **b.**      **The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay Are Unwarranted**

19.     Litigation pertaining to the Claim would likely be expensive, and time-consuming, particularly as compared to the amounts at issue in the Claim and the benefits achieved through the Stipulation.

        **c.**      **The Paramount Interests of Creditors are Served.**

20.     The Stipulation is in the best interests of the Debtors' creditors because it promptly memorializes the agreement that the Claim should be valued using pricing as of the Petition Date without time consuming, burdensome, and costly litigation.

21.     Therefore, in the Debtors' business judgment, the value of entering into the Stipulation exceeds the net benefits that the Debtors and their estates potentially could obtain in objecting to, and litigating, the Claim.  Based on the foregoing, the Debtors submit that the Stipulation satisfies the *Martin* factors and Bankruptcy Rule 9019 because it is fair, reasonable, and in the best interests of the Debtors, their estates, and their stakeholders.  As a result, the Debtors respectfully request that the Court authorize the Debtors to enter into the Stipulation and approve its terms.

### Waiver of Bankruptcy Rule 6004(h)

22.     Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons described above, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay to the extent such stay applies.

### Reservation of Rights

23.     Nothing in this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party except as otherwise set forth herein or in the Stipulation.

## <u>Notice</u>

24.     Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to Phala; (h) counsel for the Joint Official Liquidators of FTX Digital Markets Ltd.; (i) the United States Attorney for the Southern District of New York; and to the extent not listed herein, (j) those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## <u>Conclusion</u>

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

Dated:  July 22, 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
          mcguire@lrclaw.com
          brown@lrclaw.com
          pierce@lrclaw.com

- and -

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          gluecksteinb@sullcrom.com
          crokej@sullcrom.com
          kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*