IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: To Be Determined<br>Obj. Deadline: August 9, 2024 at 4:00 P.M. ET |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO FILE UNDER SEAL
(A) DEBTORS' OBJECTION TO PROOF OF CLAIM FILED BY ICC BUSINESS
CORPORATION FZ LLC AND (B) ACCOMPANYING DECLARATION
AND (II) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to file under seal their objection to the proof of claim filed by ICC Business Corporation FZ LLC ("ICC") [D.I. 20007] (the "Objection") and Exhibit 1 of the *Declaration of Steven P. Coverick in Support of the Debtors' Objection to Proof of Claim Filed by ICC Business Corporation FZ LLC* [D.I. 20013] (the "Coverick Declaration") and (b) granting related relief.   In support of the Motion, the Debtors respectfully state as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**Background**

1.  On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.  Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3.  On June 29, 2023, ICC filed a proof of claim (the "Claim") against Debtor FTX Trading Ltd. in connection with its partnering agreement, dated October 13, 2021 (the "Agreement"), with FTX Trading Ltd. In support, the Claim referenced certain provisions of the Agreement, including, among other things, a rights fee schedule listing certain installment

payments allegedly owed to ICC and a separate provision concerning ICC's rights in the event of nonpayment by FTX Trading Ltd.

4. On July 10, 2024, the Debtors filed the Objection to the Claim and the Coverick Declaration. In support, the Objection referenced several provisions of the Agreement, including the rights fee schedule, and a true and correct copy of the Agreement was attached as Exhibit 1 of the Coverick Declaration.

5. On July 16, 2024, counsel for ICC contacted the Debtors to advise that ICC asserts that the Agreement and its provisions contain confidential information ("Confidential Information") that necessitate sealing of the Objection and Exhibit 1 of the Coverick Declaration. On July 22, 2024, the Debtors and ICC met and conferred concerning ICC's requests. The Debtors made clear that they take no position regarding the confidentiality of the Agreement and its terms. However, at ICC's request, the Debtors agreed to request to seal the Objection and Exhibit 1 of the Coverick Declaration. The Debtors reserve all rights with respect to the asserted Confidential Information.

**Jurisdiction and Venue**

6. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to

the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

7. By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to file the Objection and Exhibit 1 of the Coverick Declaration under seal and (b) granting related relief.

**Basis for Relief**

8. Bankruptcy Code section 107(b) authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information. Specifically, section 107(b) states that "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or other confidential research, development, or commercial information . . . ." Similarly, Bankruptcy Rule 9018 and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information.

9. The Debtors understand that ICC contends that the Agreement and its provisions contain information that is of a sensitive, confidential and proprietary nature and thus, the Objection, which references several provisions of the Agreement, and Exhibit 1 of the Coverick Declaration, which is a true and correct copy of the Agreement, contain confidential commercial information as contemplated by section 107 of the Bankruptcy Code. "Commercial information" has been defined as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy

Code does not require an entity seeking such protection to demonstrate "good cause." *In re Orion Pictures Corp.*, 21 F.3d at 28. If an interested party is requesting to seal information covered by section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27. Moreover, the resulting order should be broad, that is, "any order which justice requires." FED. R. BANKR. P. 9018; *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Courts are required to provide such protections, "generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

10. ICC has informed the Debtors that the Objection and Exhibit 1 of the Coverick Declaration contain Confidential Information that ICC contends constitutes sensitive commercial information regarding ICC's sponsorship pricing terms as well as the terms and conditions pursuant to which ICC granted rights to a particular counterparty. The Debtors take no position as to whether certain information in the Objection and Exhibit 1 of the Coverick Declaration constitute such Confidential Information and reserve all rights related thereto. However, at ICC's request, the Debtors request the sealing of the Objection and Exhibit 1 of the Coverick Declaration pursuant to section 107 of the Bankruptcy Code.

### Certification Pursuant to Local Rule 9018-1(d)(iv)

11. The undersigned counsel hereby certifies that the Debtors have met and conferred in good faith with counsel to ICC regarding what it contends is Confidential Information contained in the Objection and Exhibit 1 of the Coverick Declaration that must remain sealed from public view. The proposed redacted Objection and Coverick Declaration filed contemporaneously

herewith (the "Redacted Documents") reflect the redactions ICC believes are necessary to preserve what it contends is Confidential Information. The Debtors take no position regarding the Redacted Documents and information contained therein that ICC contends constitutes Confidential Information and reserve all rights with respect thereto.

### Notice

12.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure; and (i) counsel to ICC. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

For the foregoing reasons, the Court should enter the Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file under seal the Objection and Exhibit 1 of the Coverick Declaration.

| | |
|---|---|
| Dated: July 26, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>　　　　brown@lrclaw.com<br>　　　　pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>　　　　bromleyj@sullcrom.com<br>　　　　gluecksteinb@sullcrom.com<br>　　　　dunnec@sullcrom.com<br>　　　　crokej@sullcrom.com<br>　　　　kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |