**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. 20628 |
| | Hearing Date: August 6, 2024 at 2:00 p.m. (ET) |

**DEBTORS' OBJECTION TO THE MOTION OF LAYERZERO LABS LTD., ARI LITAN AND SKIP & GOOSE LLC PURSUANT TO BANKRUPTCY RULE 3018(a) FOR ESTIMATION AND TEMPORARY ALLOWANCE OF CLAIMS FOR PURPOSES OF VOTING TO ACCEPT OR REJECT THE PLAN**

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this objection (this "Objection") to the *Motion of LayerZero Labs Ltd., Ari Litan, and Skip & Goose LLC Pursuant to Bankruptcy Rule 3018(a) for Estimation and Temporary Allowance of Claims for Purposes of Voting to Accept or Reject the Plan* [D.I. 20628] (the "Motion"). For the reasons set forth below, the Motion should be denied. In support of their Objection, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The Motion, filed by LayerZero Labs Ltd. ("LayerZero"), Ari Litan and Skip & Goose LLC ("Skip & Goose", and together with LayerZero and Ari Litan, the "LayerZero Group") as their latest protest against being sued by the Debtors to recover valuable assets of the estate, does not provide any basis at all, never mind satisfy the LayerZero Group's burden of proof

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

4884-0149-3716 v.3

under rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for estimation and temporary allowance for voting purposes, ignores the Debtors' proposed substantive consolidation set forth in the Plan,[2] and requests impermissible, duplicative votes.

2. The Motion implicitly assumes that the LayerZero Group has met its burden of proof under Bankruptcy Rule 3018(a), and requests the Court temporarily allow multiple duplicative claims against various Debtors proposed to be substantively consolidated under the Plan for voting purposes. But, since the Debtors have filed the Adversary Proceeding (as defined below) against the LayerZero Group seeking, among other things, to disallow any and all claims filed by the LayerZero Group, the LayerZero Group must introduce evidence, other than its filed proofs of claim, that establishes a factual basis for its various duplicative claims to each be voted in their full amount. By only relying on its disputed proofs of claim as evidence, the LayerZero Group has not met its burden and the Motion should be denied.

3. Furthermore, it is unclear from the Motion or the proposed order attached as Exhibit B thereto whether the LayerZero Group seeks to vote its general unsecured claims against multiple Debtors or against a single Debtor. Pursuant to the Plan, the Debtors will be substantively consolidated, and claims against multiple Debtors are treated as a single claim against the consolidated Debtors. Accordingly, to the extent the LayerZero Group seeks to vote duplicate claims against various Debtors on account of the same liability, the Motion should be denied.

4. The Debtors have proposed a consensual resolution of the Motion to the LayerZero Group. The Debtors are filing this Objection in the event a resolution with respect to

---

[2] The *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 19139] (as may be amended, modified or supplemented from time to time, the "Plan").

the Motion cannot be reached.

## RELEVANT BACKGROUND

### A. The Debtors and Their Chapter 11 Cases

5. On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

6. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

7. On June 26, 2024, the Court entered an order [D.I. 19068] (the "Solicitation Procedures Order"), among other things, approving the adequacy of the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Affiliated Debtors and Debtors-in-Possession* and voting and solicitation procedures in connection with confirmation of the Plan.

**B. The LayerZero Group's Proofs of Claim**

8.       On June 29, 2023, LayerZero filed a non-customer proof of claim (Claim No. 5236) against Debtor Maclaurin Investments Ltd. ("Maclaurin") arising out of a purported breach of a token purchase agreement between Maclaurin and LayerZero (the "Token Purchase Agreement"), asserting not less than $39,160,000.  Also on June 29, 2023, LayerZero filed another non-customer proof of claim (Claim No. 5263) against Debtor Alameda Research Ltd. ("Alameda") arising out of a purported breach of a master loan agreement between Alameda and LayerZero (the "Loan Agreement"), asserting not less than $1,449,864 of interest.

9.       On September 29, 2023, in connection with the customer claims bar date, the LayerZero Group filed an additional eight proofs of claim against various Debtors:

- Non-customer Claim No. 85203 filed by Skip & Goose against FTX Trading in an undetermined amount in the event the Debtors prevail in the Adversary Proceeding and Skip & Goose retains a replacement claim pursuant to section 502(h) of the Bankruptcy Code;

- Non-customer Claim No. 85226 filed by Skip & Goose against Maclaurin in an undetermined amount in the event the Debtors prevail in the Adversary Proceeding and Skip & Goose retains a replacement claim pursuant to section 502(h) of the Bankruptcy Code;

- Customer Claim No. 85338 filed by Skip & Goose against Debtors FTX Trading, West Realm Shires Services Inc. and Maclaurin in an undetermined amount in the event the Debtors prevail in the Adversary Proceeding and Skip & Goose retains a replacement claim pursuant to section 502(h) of the Bankruptcy Code (together with Claim Nos. 85226 and 85203, the "Skip & Goose 502(h) Claims");

- Non-customer Claim No. 85231 filed by LayerZero against Maclaurin, which purports to "amend and supersede" Claim No. 5236, on account of the Token Purchase Agreement in an amount not less than $39,160,000 (together with Claim No. 5236, the "Token Purchase Agreement Claims");

- Non-customer Claim No. 85218 filed by LayerZero against Alameda, which purports to "amend and supersede" Claim No. 5263, on account of the Loan Agreement in an amount not less than $1,449,864 (together with Claim No. 5263, the "Loan Agreement Claims");

- Non-customer Claim No. 85302 filed by LayerZero against Debtor West Realm Shires Financial Services Inc. in an undetermined amount in the event the Debtors prevail in the Adversary Proceeding and LayerZero retains a replacement claim pursuant to section 502(h) of the Bankruptcy Code;

- Non-customer Claim No. 85245 filed by LayerZero against FTX Trading in an undetermined amount in the event the Debtors prevail in the Adversary Proceeding and LayerZero retains a replacement claim pursuant to section 502(h) of the Bankruptcy Code (together with Claim No. 85302, the "LayerZero 502(h) Claims"); and

- Customer Claim No. 85334 filed by Ari Litan against FTX Trading on account of his purported customer claim in an amount not less than $11,459,230.80 (the "Litan Customer Claim").

10. Although the LayerZero Group filed ten proofs of claim in total, only four claims asserted against the Debtors relied on separate factual bases (Claim Nos. 5236, 5263, 85338 and 85334); the remaining claims are either duplicative of previously filed claims or "amend and supersede" other previously filed claims (Claim Nos. 85203, 85226, 85302, 85231, 85218 and 85245).

**C. The Adversary Proceeding**

11. On September 8, 2023, the Debtors filed an adversary complaint [Adv. Pro. D.I. 1] (the "Adversary Complaint") against the LayerZero Group (Case No. 23-50492, the "Adversary Proceeding"). The Adversary Complaint, among other things, seeks to recover assets transferred to LayerZero through fire sale transactions negotiated on the eve of the commencement of the Chapter 11 Cases, as well as to recover approximately $41 million in preferential transfers to the LayerZero Group. The Adversary Proceeding also seeks seek to disallow "any claims of [the LayerZero Group] that have been or will in the future be asserted in these Chapter 11 Cases."

-5-

(Adv. Complaint ¶ 144).[3]  The parties engaged in an in-person mediation but the mediation did not result in a settlement.  [Adv. Pro. D.I. 45].  Discovery is ongoing and expected to conclude on October 4, 2024.  [Adv. Pro. D.I. 43].

### D. The Solicitation Procedures Order

12.  On June 26, 2024, the Court entered the Solicitation Procedures Order, which, among other things, establishes voting amounts for unscheduled claims:

> Subject to any Resolution Event, in the event that (i) a Claim is not scheduled by the Debtors and the Holder of the Claim timely filed a Proof of Claim (or an untimely Proof of Claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date) . . . , the asserted amount in the Proof of Claim . . . shall control for voting purposes; *provided*, that if such Proof of Claim . . . is filed as partially liquidated and partially unliquidated or contingent, such Claim . . . shall count for voting purposes only in the liquidated amount; *provided*, *further*, that if (i) such Proof of Claim . . . is wholly contingent, unliquidated, or disputed (based on the face of such Proof of Claim . . . or as determined upon the reasonable review of the Debtors) or (ii) such Proof of Claim . . . is subject to a pending objection or an adversary complaint containing an assertion of disallowance under section 502 of the Bankruptcy Code from the Debtors or any other party-in-interest by the Solicitation Mailing Deadline, such Claim . . . shall count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; *provided*, *further*, that if the objection from the Debtors or any other party-in-interest is an objection to reduce the amount asserted in such Proof of Claim . . . , such Claim . . . shall count for voting purposes only in the reduced amount.  Solicitation Procedures §4.(ii)(3)a.

13.  "Resolution Event" is defined in section 4(ii)(4)(a) of the Solicitation Procedures to mean, among other things, the voting amount set forth in an order of the Court

---

[3] The Debtors expressly reserve all substantive and procedural objections, rights and defenses with respect to any and all claims filed by or on behalf of the LayerZero Group.

pursuant to Bankruptcy Rule 3018 temporarily allowing a claim in a specified amount for voting purposes.

## ARGUMENT

**I.    The Token Purchase Agreement Claims and the Loan Agreement Claims Should Each Be Reduced to One Vote in the Amount of $1.00 for Voting Purposes.**

14.    Bankruptcy Rule 3018(a) provides that a court after notice and a hearing "may temporarily allow the claim or interest [of a creditor] in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

15.    Some courts place the burden of proof in a Bankruptcy Rule 3018(a) proceeding on the moving claimant. *See In re Armstrong*, 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003) ("[b]ecause a temporary allowance order only arises if there is an objection to a claim, we conclude that the burden of proof should be on the claimant to present sufficient evidence that it has a colorable claim capable of temporary evaluation"); *In re Stone Hedge Props.*, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995) ("the claimant . . . bears the ultimate burden of proving the claim"); *In re Pac. Sunwear of Cal., Inc.*, 2016 Bankr. LEXIS 2976 at *16 (Bankr. D. Del. Aug. 8, 2016) ("I agree with the court in [*In re Stone Hedge Props.*] that because a Rule 3018 proceeding is meant to enfranchise claimants, there is an inconsistency in using the burden of proof rules that apply to objections to claims.").

16.    Other courts find that the same principles governing claims administration and allowance and objection to claims apply to temporary allowance of claims for voting purposes. *See In re FRG, Inc.*, 121 B.R. at 456-57 (Bankr. E.D. Pa. 1990) ("the allocation of the burdens of proofs in the Rule 3018(a) estimation process is the same as in deciding objections to proofs of claim").

-7-

17. Applying either view yields the same result that the Token Purchase Agreement Claims and the Loan Agreement Claims should not be temporarily allowed in any amount. If the burden rests on the LayerZero Group, the Token Purchase Agreement Claims and the Loan Agreement Claims should be disallowed in their entirety for voting amount purposes because the LayerZero Group has not alleged any new undisputed evidence to substantiate the amounts asserted in its proofs of claim. The Motion relies on the filed proofs of claim which are subject to objections in the pending Adversary Proceeding. This stale and disputed evidence is not sufficient to satisfy the LayerZero Group's burden under Bankruptcy Rule 3018(a).

18. The same is true following claims administrative and allowance and objection principles. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b). While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid."). The burden of persuasion with respect to the claim is always on the claimant, *see id*. at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

19. The Adversary Complaint asserts a bona fide objection to the Token Purchase Agreement Claims and the Loan Agreement Claims, which remains pending. Accordingly, the burden shifts back to the LayerZero Group. The LayerZero Group has only relied on its filed proofs of claim and has not proffered any basis or additional evidence in connection with such claims to justify departing from the voting treatment approved by this Court in the Solicitation Procedures Order. Because the LayerZero Group has not met its burden of proof in seeking relief under Bankruptcy Rule 3018(a), the request to temporarily allow the Token Purchase Agreement Claims and the Loan Agreement Claims in their full asserted amounts for voting purposes should be denied.

20. In any event, in an effort to consensually resolve the Motion, the Debtors proposed to allow each of the Token Purchase Agreement Claims and the Loan Agreement Claims to vote as a class 6A general unsecured claim in the amount of $1.00. First, the two Token Purchase Agreement Claims are duplicative of one another (Claim No. 85231 specifically stated that it "amends and supersedes" Claim No. 5236), and the two Loan Agreement Claims are duplicative of one another (Claim No. 85218 specifically stated that it "amends and supersedes" Claim No. 5263). Accordingly, there is no basis for the LayerZero Group to have separate ballots for each of these amended and superseded claims.

21. Second, the Token Purchase Agreement Claims and the Loan Agreement Claims cannot each be entitled to vote in the LayerZero Group's requested aggregate amount of $40,609,864. There is no basis to aggregate the total filed amounts of these claims and allow them each to vote in such amount. Moreover, the LayerZero Group has not provided any evidence to substantiate such amounts. Accordingly, in an effort to resolve the Motion, the Debtors submit

that the LayerZero Group may vote each of these claims in the amount of $1.00 for numerosity purposes.

## II. The Skip & Goose 502(h) Claims and the LayerZero's 502(h) Claims Should Each Be Reduced to One Vote in the Amount of $1.00 For Voting Purposes.

22. The Skip & Goose 502(h) Claims and the LayerZero 502(h) Claims should each be reduced to a single vote for voting purposes. Although these claims were asserted against different Debtors, the Plan serves as a motion to substantively consolidate each of these Debtors into a single entity, which results in "claims of creditors against separate debtors morph[ing] to claims against the consolidated survivor." *See Genesis Health Ventures, Inc.* v. *Stapleton (In re Genesis Health Ventures, Inc.),* 402 F.3d 416, 423 (3d Cir. 2005); *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005) (same). Accordingly, and consistent with section 3(v) of the Solicitation Procedures, the Skip & Goose 502(h) Claims and the LayerZero 502(h) Claims are duplicative and should each be reduced to one vote.

23. Further, such contingent claims should be reduced to $1.00 for voting purposes. The Motion does not contend otherwise, and section 4(ii)(3)(a) of the Solicitation Procedures provides that claims subject to disallowance in connection with a pending adversary proceeding, such as the claims here, shall be reduced to $1.00 for voting purposes.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court deny the Motion or in the alternative, grant the Debtors' proposed resolution as follows:

- Claim No. 85231 shall be entitled to vote as a class 6A general unsecured claim ballot in the amount of $1.00;
- Claim No. 85218 shall be entitled to vote as a class 6A general unsecured claim ballot in the amount of $1.00;
- Claim No. 85338 shall be entitled to vote as a class 6A general unsecured claim ballot in the amount of $1.00;

-10-

4884-0149-3716 v.3

- The Litan Customer Claim shall be entitled to vote as a class 5A dotcom customer entitlement claim in the amount of $11,459,230.80; and
- All other claims filed by the LayerZero Group shall not be entitled to vote.

| | |
|---|---|
| Dated:  July 30, 2024<br>           Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware  19801<br>Telephone: (302) 467-4400<br>Facsimile:  (302) 467-4450<br>E-mail:  landis@lrclaw.com<br>            mcguire@lrclaw.com<br>            brown@lrclaw.com<br>            pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY  10004<br>Telephone: (212) 558-4000<br>Facsimile:  (212) 558-3588<br>E-mail:  dietdericha@sullcrom.com<br>            bromleyj@sullcrom.com<br>            gluecksteinb@sullcrom.com<br>            kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |