**Exhibit 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Case No. 22-11068 (JTD) |
| FTX TRADING LTD., *et al.*,[1] | Chapter 11 |
| Debtors | (Jointly Administered) |
| | **Related Docket Nos. 17789, 17801, 19158, 19614, 19615, 19616, 19617, 19618, 20320, 20321** |

### LIMITED OMNIBUS OBJECTION OF MDL FTX CUSTOMERS
### TO PROFESSIONALS' MONTHLY FEE STATEMENTS

The MDL FTX Customers,[2] by and through their undersigned counsel, hereby file this limited objection (the "Limited Objection") to the following monthly fee statements (collectively, the "Monthly Fee Statements"): (a) *First Monthly Fee Statement of Ashby & Geddes, P.A. as Delaware Counsel to the Examiner for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred During the Period March 20, 2024, Through and Including May 31, 2024* [Docket No. 17789]; (b) *Monthly Fee Application of Kroll Restructuring Administration LLC, Administrative Advisor to the Debtors, for Compensation for Services and Reimbursement of Expenses for the Period from May 1, 2024 Through May 31, 2024* [Docket No. 17801]; (c) *Eighteenth Monthly Fee Statement of AlixPartners, LLP, Forensic*

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]   "MDL FTX Customers" means: Alexander Chernyavsky, Brandon Orr, Chukwudozie Ezeokoli, Edwin Garrison, Gregg Podalsky, Julie Papadakis, Kyle Rupprecht, Leandro Cabo, Michael Livieratos, Michael Norris, Ryan Henderson, Shengyun Huang, Sunil Kavuri, and Vijeth Shetty.  The FTX Customers are also the named plaintiffs in the multi-district litigation matter captioned *In re FTX Cryptocurrency Exchange Collapse Litigation*, Case No. 23-md-03076, pending in the U.S. District Court for the Southern District of Florida, and defendants in Adversary Proceeding No. 24-50012.

*Investigation Consultant to the Chapter 11 Debtors and Debtors-in-Possession, for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from May 1, 2024 Through May 31, 2024* [Docket No. 19158]; (d) *Nineteenth Monthly Fee Statement of Sullivan & Cromwell LLP as Counsel to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from May 1, 2024 Through and Including May 31, 2024* [Docket No. 19614]; (e) *Eighteenth Monthly Fee Statement of Landis Rath & Cobb LLP as Bankruptcy Co-Counsel to the Debtors and Debtors-In-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from May 1, 2024 Through and Including May 31, 2024* [Docket No. 19615]; (f) *Nineteenth Monthly Fee Statement of Alvarez & Marsal North America, LLC as Financial Advisors to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from May 1, 2024 Through and Including May 31, 2024* [Docket No. 19616]; (g) *Nineteenth Monthly Fee Statement of Perella Weinberg Partners LP as Investment Banker to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from May 1, 2024 Through and Including May 31, 2024* [Docket No. 19617]; (h) *Eighteenth Monthly Fee Statement of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel to the Debtors and Debtors-in-Possession for Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the Period from May 1, 2024 Through and Including May 31, 2024* [Docket No. 19618]; (i) *Eighteenth Monthly Fee Statement of Paul Hastings LLP, as Lead Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2024 Through May 31, 2024* [Docket No. 20320]; and

(j) *Eighteenth Monthly Fee Application of Young Conaway Stargatt & Taylor, LLP, as Co-Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2024 Through May 31, 2024]* [Docket No. 20321].  In support of this Limited Objection, the FTX Customers respectfully state as follows:

## LIMITED OBJECTION

1.      Throughout these cases (the "Chapter 11 Cases"), the Debtors have sold billions of dollars of cryptocurrency and distributed hundreds of millions of dollars, without ever seeking a final determination that such cryptocurrency is property of these estates under section 541 of title 11 of the United States Code (the "Bankruptcy Code").  As Judge Glenn acknowledged in *Celsius*, the determination of ownership of customer deposits is a gating issue in cryptocurrency bankruptcy cases.[3]  This gating issue is all the more important in *this* cryptocurrency bankruptcy case because the relevant contracts (*i.e.*, the Terms of Service) unambiguously provide that ownership of FTX customer cryptocurrency never transferred to the Debtors.  As such, there is a high likelihood that the cash used to pay the professionals retained in these Chapter 11 Cases (collectively, the "Professionals") are *not* property of the Debtors' estates. Accordingly, the MDL FTX Customers respectfully submit that, until the gating issue of whether customer deposits are property of the estates is resolved, the Court should not permit any further distributions to Professionals.

2.      The Professionals have to date been paid ***in excess of $600 million***.  Pursuant to the Monthly Fee Statements, the Professionals are requesting compensation of an additional approximate ***$28.7 million*** (the "May Fees").[4]  The Debtors should not be authorized to pay the

---

[3]     *In re Celsius Network, LLC*, 647 B.R. 631, 636–37 (Bankr. S.D.N.Y. 2023) ("Who owns the cryptocurrency assets deposited in Earn Accounts . . . by Celsius's account holders before the July 15, 2022 petition date? This is a gating issue at the center of many disputes in this case.").

[4]     The FTX Customers reserve all rights with respect to any amounts previously paid to Professionals from sources that are determined not to be property of the Debtors.

Professionals the requested May Fees unless and until the Court determines that the source of payments are property of the estates – an issue that has been expressly reserved for confirmation in October.[5]

3.　　In the Court's *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 7090] (the "Claim Estimation Order"), the Court clarified that "[n]othing in . . . this Order constitutes a ruling or finding of fact regarding whether any Digital Assets . . . or fiat currency are property of the Debtors' estates, and all parties' rights in this regard are expressly reserved."  Claim Estimation Order ¶ 4.

4.　　The Debtors have also expressly acknowledged that customers have the right to assert their ownership interests in the proceeds of customer cryptocurrency deposits at confirmation. Pursuant to the *Motion of Debtors for Entry of an Order Staying Adversary Proceeding* [Adv. Pro. No. 24-50012; Docket No. 5] ("Stay Motion"), the Debtors state:

> Moreover, after customers review and consider the final plan of reorganization, *every* customer—including Plaintiffs—will have the right to object to confirmation of the Plan on the basis of property rights they still seek to assert or on any other grounds. Any such objectors, including Plaintiffs, will have the opportunity to pursue discovery and litigate those objections in the Plan confirmation proceedings on a schedule proposed by the Debtors on notice to parties in interest and set by the Court. This is consistent with the process contemplated when the Debtors announced the initial settlement of the customer property disputes with the Ad Hoc Committee and the putative class plaintiffs in October 2023.

Stay Motion ¶ 3 (emphasis in original).

---

[5]　　Pursuant to the Court's *Order (I) Approving the Adequacy of the Disclosure Statement; Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [Docket No. 19068], the deadline for customers to object to confirmation of the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* [Docket No. 19139] is August 16, 2024 at 4:00 p.m. (Eastern Time).

5.      Moreover, after more than 18 months of these pending Chapter 11 Cases and the MDL, the Debtors recently initiated an adversary proceeding against the MDL FTX Customers seeking a determination that certain causes of action asserted in the MDL are property of the Debtors' estates (the "MDL Adversary Proceeding").  As such, the resolution of the MDL Adversary Proceeding will also require, at least in part, a determination regarding the ownership of customer deposits.[6]

6.      As evidenced by the Claim Estimation Order, Stay Motion, MDL Adversary Proceeding, and other statements on the record throughout the course of these Chapter 11 Cases, the decision to delay the determination of the gating issue in these Chapter 11 Cases – whether customer deposits are property of the estates – is a strategic decision supported by the Professionals.[7]  The Professionals must live with the consequences of this strategic decision.  In other words, the Professionals should wait to receive any further compensation until the source of such compensation is finally determined to be property of the estates.

7.      The FTX Customers respectfully submit that a pause on payments to Professionals is especially warranted under the circumstances, where the applicable Terms of Service make clear – unlike the Terms of Service for several other crypto exchanges that have filed for

---

[6]    The MDL FTX Customers intend to seek class certification in the MDL Adversary Proceeding.

[7]    Within the first two months of the case, the Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee") filed a *Complaint for Declaratory Relief* [Docket No. 328] seeking a judgment that Digital Assets were not property of the estate.  But the issue was not resolved as the Debtors and Ad Hoc Committee stayed the adversary proceeding.  *See Order Approving Stipulation Staying the Adversary Proceeding* [Docket No. 23].  Again this question was raised with respect to the *Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 5202].  *See Limited Objection of the FTX MDL Plaintiffs to Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 5628], at 1–2 ("The FTX MDL Co-Lead Counsel file this Objection to highlight two concerns:  (1) the potential prejudice to a party's right to assert that customer deposits are not property of the estate . . . .").  This issue was preserved, but not resolved, in the *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 7090].  *See* Docket No. 7090 ¶ 4 ("Nothing in the Motion or this Order constitutes a ruling or finding of fact regarding whether any Digital Assets, including NFTs, or fiat currency are property of the Debtors' estates, and all parties' rights in this regard are expressly reserved.").

bankruptcy, like Celsius, Voyager Digital, or BlockFi – that FTX was solely holding customer deposits in a custodial capacity, and therefore cannot be the Debtors' property.

8.       Section 8.2.6 of the FTX.com Terms of Service provides:

>       All Digital Assets are held in your Account on the following basis:
>
> >       (A) **Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading**. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account.
> >
> >       (B) **None of the Digital Assets in your Account are the property of, or shall be loaned to, FTX Trading**; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.
> >
> >       (C) You control the Digital Assets held in your Account. At any time, subject to outages, downtime, and other applicable policies (including the Terms), you may withdraw your Digital Assets by sending them to a different blockchain address controlled by you or a third party.

FTX.com Terms of Service § 8.2.6 (emphasis added).   Schedule 1, "Definitions and Interpretation," of the FTX International Terms defines Digital Assets as "BTC, ETH, FTT and any other digital asset, cryptocurrency, virtual currency, token, leveraged token, stablecoin, tokenised stock, volatility token, tokenized futures contract, tokenised option or other tokenised derivatives product that is supported by and made available from time to time to transact in using the Platform."  Further, Section 8.3 makes clear that FTX International "IS NOT A DEPOSITORY INSTITUTION."

9.       The FTX.US User Agreement dated May 6, 2022, Section 6, "Account Services," further makes clear that "[t]itle to cryptocurrency represented in your FTX.US Account shall at all

times remain with you and shall not transfer to FTX.US," and "FTX.US does not represent or treat assets in your FTX.US Account as belonging to FTX.US."

10.     Finally, in order for customers to engage in "Complex Products" trading (including but not limited to Futures Contracts, Options Contracts, and MOVE Volatility Contracts), customers were required to post collateral in the form of fiat currency or Digital Assets, both of which always remained titled to and owned by FTX customers, not FTX International, as indicated by the foregoing terms.

11.     The Terms of Service are thus unambiguous, and on their face state that Digital Assets (*i.e.*, customer cryptocurrency deposits) are not property of the Debtors' estates. *See also In re Celsius Network, LLC*, 647 B.R. 631 (Bankr. S.D.N.Y. 2023) (relying on the unambiguous text of the Terms of Service to determine whether deposited cryptocurrency was property of the estate). Therefore, a reasonable likelihood exists that the source of funding for Professionals is not property of the Debtors' estates. Under these circumstances, no further material distributions from these estates should be permitted, including payment of the May Fees.

12.     To be clear, the MDL FTX Customers are not requesting (at this time) that the Court disallow the fees already paid to the Professionals pursuant to the Interim Fee Procedures Order or to require the Professionals to disgorge the fees previously paid to them pursuant to prior orders.[8] Rather, the MDL FTX Customers are requesting that the Court deny the Professionals' request for payment of the May Fees until the Court resolves the issue of whether the Digital Assets are property of the Debtors' estates.

13.     Moreover, the Professionals have already been paid over $600 million dollars in these Chapter 11 Cases. The May Fees represents less than 5% of the fees already paid in these

---

[8]     The MDL FTX Customers reserve all rights to object to any interim or final fee application filed by a Professional.

Chapter 11 Cases. Accordingly, denying the allowance of payment of the May Fees is reasonable and warranted, especially in light of the fact that no court has determined whether the proceeds from the sale of the Digital Assets are property of the Debtors' estates.

## CONCLUSION

For the reasons stated above, the MDL FTX Customers respectfully request that the Court deny the Monthly Fee Statements.

Dated: July 25, 2024

GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Bradley P. Lehman*
Ronald S. Gellert (DE 4259)
Bradley P. Lehman (DE 5921)
1201 N. Orange St., Ste. 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
rgellert@gsbblaw.com
blehman@gsbblaw.com

By: */s/ David Boies*
David Boies
Alexander Boies
Brooke A. Alexander
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
914-749-8200
dboies@bsfllp.com
aboies@bsfllp.com
balexander@bsfllp.com

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
THE MOSKOWITZ LAW FIRM, PLLC
Continental Plaza
3250 Mary Street, Suite 202
Coconut Grove, FL 33133

Office: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
service@moskowitz-law.com

*Counsel to the FTX Customers (as defined)*