# Exhibit 10

**Amended and Restated Rothschild Reimbursement Agreement**

**Clean Version of the Amended and Restated Rothschild Reimbursement Agreement**

As of August 2, 2024

As of [x], 2024

FTX Trading Ltd.
Friar's Hill Road, Mandolin Place
Saint John's, AG-04, Antigua and Barbuda Attn: John J. Ray III

Confidential / Via Email

Rothschild & Co US Inc.
1251 Avenue of the Americas, 33rd Floor New York, New York 10020
Attn: Charles Delo With a copy to
Rothschild & Co US Inc.
1251 Avenue of the Americas, 34rd Floor New York, New York 10020
Attn: General Counsel

Re: Confirmation of Fee Agreement

Ladies and Gentlemen:

This letter agreement (this "Agreement") further amends and restates in its entirety the letter agreement, dated as of August 23, 2023, as first amended on October 24, 2023, between Rothschild & Co US Inc. ("Rothschild & Co" or "Professional") and FTX Trading Ltd. (together with its affiliated debtors and debtors-in-possession, the "Company"). We understand that Rothschild & Co has been retained, pursuant to an engagement letter, dated as of July 1, 2023, as first amended on October 24, 2023, and as further amended on April 1, 2024 (as may be further amended, supplement or otherwise modified from time to time, the "Engagement Letter") by (i) the members of the executive committee (the "Executive Committee") of an Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee")[1] and (ii) Eversheds Sutherland (US) LLP ("Counsel"), solely in its capacity as legal counsel to the Executive Committee, as exclusive financial advisor and investment banker to the Executive Committee and Counsel, on behalf of the

---

[1] The members of the Ad Hoc Committee are set forth on the Verified Statement of Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnell LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019 [D.I. 1156], as supplemented by the Verified First Supplemental Statement [D.I. 1580], the Verified Second Supplemental Statement [D.I. 2144], the Verified Third Supplemental Statement [D.I. 3797], the Verified Fourth Supplemental Statement [D.I. 4400], the Verified Fifth Supplemental Statement [D.I. 6800], the Verified Sixth Supplemental Statement [D.I. 9793], the Verified Seventh Supplemental Statement [D.I. 14224], the Verified Eighth Supplemental Statement [D.I. 18533], and as further supplemented from time to time as appropriate.

1

Executive Committee, in the pending chapter 11 cases (the "Chapter 11 Cases") of the Company in the United States Bankruptcy Court for the District of Delaware (the "Court") under case caption *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD).

The purpose of this Agreement is to confirm that the Company has agreed to pay the Professional's reasonable and documented fees and out-of-pocket expenses (at cost) (including, without limitation, any reasonable and documented legal or other fees, disbursements or expenses incurred by the Professional in connection with any response to a subpoena or similar request for documents and/or testimony in connection with the Professional's engagement in these Chapter 11 Cases) *nunc pro tunc* from July 1, 2023 through the date of termination of this Agreement (the "Fees and Expenses"), in connection with the Professional's representation of the Executive Committee and Counsel, on behalf of the Executive Committee, in furtherance of the scope of services set forth in the Engagement Letter (the "Scope"), subject to the terms and conditions set forth herein, to the extent set forth herein or as otherwise agreed to by the Company in writing (which may be evidenced by email from the Company's counsel), and subject to the Confirmation Order (as defined in the Plan (as defined below)) or such other applicable order as the Company and Rothschild & Co may agree; *provided*, that the Scope does not include preparing for, commencing, or prosecuting litigation against the Company and/or its affiliates or subsidiaries or any of their current or former directors, officers, partners, members, agents, or employees, and the Company shall not pay any amounts in connection with any of the foregoing; *provided*, *further*, that services rendered in connection with the Ad Hoc Committee's customer property litigation (Adv. Pro. No. 22-50514 (JTD)) and the Ad Hoc Committee's objection to relief sought by or otherwise supported by the Company shall not be deemed litigation against the Company for purposes of the foregoing. For the avoidance of doubt, the Company shall only reimburse the Professional's fees and expenses to the extent set out herein or as otherwise agreed to by the Company in writing (which may be evidenced by email from the Company's counsel).

The members of the Ad Hoc Committee, the Executive Committee, Counsel and the Professional shall comply with the terms of any and all confidentiality agreements executed between such signatories and the Company.

The Company agrees that the Professional, its affiliates (within the meaning of Rule 12b-2 of the Securities Exchange Act of 1934, as amended) and each of their respective officers, directors, employees and agents and each other person, if any, controlling the Professional or any of its affiliates (collectively, the "Related Parties") shall not have any liability (whether direct or indirect, in contract tort or otherwise) to the Company for or in connection with advice or services rendered or to be rendered by the Professional in connection with the Professional's engagement in these Chapter 11 Cases, except for and only to the extent that the losses of the Company are finally judicially determined by a court of competent jurisdiction to have arisen primarily because of the bad faith, gross negligence, willful misconduct or fraud of the Professional in connection with any such advice or services. With respect to any plan of reorganization or liquidation proposed in connection with the Chapter 11 Cases (a "Plan"), the Company intends to include Rothschild & Co and the other Related Parties as beneficiaries of any debtor or third-party releases in the Plan to the same extent that the members of the Ad Hoc Committee are beneficiaries of such releases.

Notwithstanding the obligations hereunder to pay the Fees and Expenses of the Professional, the Company acknowledges and agrees that the Executive Committee is the Professional's client, that the Professional will in no way be deemed to represent the Company, and that no fiduciary or attorney-client relationship or privilege between the Professional and the Company is or will be created or reflected hereby. The Company further acknowledges and agrees that nothing in this Agreement shall, directly or indirectly, by implication or otherwise, waive, or be deemed to constitute a waiver of, or otherwise prejudice in any manner whatsoever, applicable privilege (if any) including, without limitation, the attorney-client privilege, covering all communications and correspondences between the Professional, Counsel and the Executive Committee and any work product and analyses prepared by or on behalf of the Professional, Counsel or any member of the Executive Committee.

The Professional shall provide the Company with monthly statements of reasonable and documented fees and out-of-pocket expenses for the services rendered to Counsel and the Executive Committee, which (i) will include reasonably detailed summary time records, in half-hour increments, indicating the total hours incurred by each professional for each day and providing a brief description of the nature of the work performed, and (ii) will be subject to the terms of the Confirmation Order or such other applicable order as the Company and Rothschild & Co may agree. The Professional shall respond to any reasonable requests for budgets or staffing information by the Company, and shall use reasonable efforts to minimize duplicative or unnecessary work as appropriate. Payment by the Company of such invoices shall be subject to the terms of the Confirmation Order or such other applicable order as the Company and Rothschild & Co may agree. The Professional reserves its right to redact such fee statements for privileged material and to preserve the confidentiality of the Ad Hoc Committee members in accordance with the Court's orders in the Chapter 11 Cases.

The fees to be charged in connection with this Agreement are as follows: (i) a monthly advisory fee ("Monthly Fee") of $175,000 per month *nunc pro tunc* from July 1, 2023 through the term hereof, and (ii) a transaction fee ("Transaction Fee") of $10,000,000 payable if and when due under the Engagement Letter, with only such amendments to the Transaction Fee as the Company may approve in writing (which may be evidenced by email from the Company's counsel); *provided* that the Transaction Fee shall be reduced by 50% of the aggregate amount of Monthly Fees accrued and paid to the Professional on or after July 1, 2024; *provided*, *further*, that in no event shall such reduction result in a Transaction Fee less than zero. The Company's payment of each Monthly Fee and the Transaction Fee shall be subject to, and made in accordance with, the terms of the Confirmation Order or such other applicable order as the Company and Rothschild & Co may agree. In addition, the Company shall reimburse the Professional for all reasonable, documented out-of-pocket costs and expenses incurred from July 1, 2023 through the termination of this Agreement, with such costs and expenses not included as part of the Monthly Fee.

In the Chapter 11 Cases, the Company shall file this Agreement as part of the Plan Supplement (as defined in the Plan), seeking the Court's approval to enter into this Agreement and to perform the Company's obligations under this Agreement, including the payment of the Fees and Expenses. The Plan Supplement and the Confirmation Order (or such other applicable order

3

as the Company and Rothschild & Co may agree) shall be in form and substance reasonably acceptable to the Professional, and will provide that the Fees and Expenses shall be payable as administrative expenses of the Company's chapter 11 estates and otherwise in accordance with this Agreement, and shall not be subject to avoidance or disgorgement.

All payments described in this Agreement shall be made via wire transfer and become the property of the Professional immediately upon receipt. All payments to the Professional shall be made without offset, counterclaim, reduction, or defense of any kind, and shall be free of, and without deduction for, any taxes or other charges.

The Company may terminate its reimbursement obligations by written notice to the Professional at any time if the Company reasonably determines that termination is in the best interests of the estates, including without limitation after (i) the commencement or continuation of direct litigation by the Ad Hoc Committee or by any member of the Ad Hoc Committee against the Company (in its individual or other capacity) while such member continues to serve in such capacity; (ii) the Board of Directors of the Company (the "__Board__") reasonably determines in good faith after receiving the advice of outside counsel that the Company's continued performance under this Agreement would be inconsistent with the exercise of the Board's fiduciary duties under applicable law; (iii) the Company's reasonable determination that the Ad Hoc Committee does not represent a sufficient number of holders or amount of claims to constitute the primary class of FTX.com customers or that sufficient members of the Ad Hoc Committee are unwilling to become restricted from trading as necessary to provide meaningful feedback on the Company's Plan; or (iv) an order is entered by the Court or a court of competent jurisdiction denying approval of a disclosure statement or denying confirmation of any Plan supported by the Ad Hoc Committee. For the avoidance of doubt, and subject to the terms of the Confirmation Order or such other applicable order as the Company and Rothschild & Co may agree, nothing in this paragraph shall limit the Company's obligation to pay the Fees and Expenses of the Professional within the Scope that have been incurred prior to the effective date of termination.

This Agreement includes the entire understanding between the parties with respect to the subject matter hereof. The provisions of this Agreement may be modified only pursuant to a subsequent written agreement executed by, or on behalf of, the Professional and the Company. THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK AND VENUE SHALL BE THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE.

*[Signature page follows]*

Please confirm your agreement by executing this Agreement where set forth below.

                          Sincerely,

                          FTX TRADING, LTD.,
                          on behalf of itself and each other debtor
                          in the Chapter 11 Cases

                          By:_____
                          Name:
                          Title:

Acknowledged and Agreed:

ROTHSCHILD & CO US INC.

By:_____
Name:  Charles Delo
Title:    Managing Director

Acknowledged:

ROTHSCHILD & CO
LEGAL & COMPLIANCE

By:_____
Name:  Frank London
Title:    Managing Director & Deputy General Counsel

**Blackline of the Amended and Restated Rothschild Reimbursement Agreement as compared against the version dated October 24, 2023**

As of ~~October 24~~August 2, ~~2023~~2024

As of [x], 2024

FTX Trading Ltd.
Friar's Hill Road, Mandolin Place
Saint John's, AG-04, Antigua and Barbuda
 Attn:- John J. Ray III

~~Confidential / Via Email~~

~~Rothschild & Co US Inc.~~
~~1251 Avenue of the Americas, 33rd Floor~~
~~New York, New York 10020~~
~~Attn: Charles Delo~~

~~With a copy to~~

~~Rothschild & Co US Inc.~~
~~1251 Avenue of the Americas, 34rd Floor~~
~~New York, New York 10020~~
~~Attn: General Counsel~~

Confidential / Via Email


Rothschild & Co US Inc.
1251 Avenue of the Americas, 33rd Floor New York, New York 10020
Attn: Charles Delo With a copy to
Rothschild & Co US Inc.
1251 Avenue of the Americas, 34rd Floor New York, New York 10020
Attn: General Counsel


_____Re:~~—~~ Confirmation of Fee Agreement

Ladies and Gentlemen:

      This letter agreement (this "Agreement") further amends and restates in its entirety the letter agreement, dated as of August 23, 2023 ~~(the "Original Agreement")~~, as first amended on

October 24, 2023, between Rothschild & Co US Inc. ("Rothschild & Co" or "Professional") and FTX Trading Ltd. (together with its affiliated debtors and debtors-in-possession, the "Company"). We understand that Rothschild & Co has been retained, pursuant to an engagement letter, dated as of July 1, 2023 (as, as first amended on October 24, 2023, and as further amended on April 1, 2024 (as may be further amended substantially concurrently herewith, supplement or otherwise modified from time to time, the "Engagement Letter") by (i) the members of the executive committee (the "Executive Committee") of an Ad Hoc Committee of Non USNon-US Customers of FTX.com (the "Ad Hoc Committee")[1] and (ii) Eversheds Sutherland (US) LLP ("Counsel"), solely in its capacity as legal counsel to the Executive Committee, as exclusive financial advisor and investment banker to the Executive Committee and Counsel, on behalf of the Executive Committee, in the pending chapter 11 cases (the "Chapter 11 Cases") of the Company in the United States Bankruptcy Court for the District of Delaware (the "Court") under case caption *In re FTX Trading Ltd., et al.*, Case No. 22-11068 (JTD).

The purpose of this Agreement is to confirm that the Company has agreed to pay the Professional's reasonable and documented fees and out-of-pocket expenses (at cost) (including, without limitation, any reasonable and documented legal or other fees, disbursements or expenses incurred by the Professional in connection with any response to a subpoena or similar request for documents and/or testimony in connection with the Professional's engagement in these Chapter 11 Cases) *nunc pro tunc* from July 1, 2023 through the date of termination of this Agreement (the "Fees and Expenses"), in connection with the Professional's representation of the Executive Committee and Counsel, on behalf of the Executive Committee, in furtherance of the scope of services set forth in the Engagement Letter (the "Scope"), subject to the terms and conditions set forth herein, to the extent set forth herein or as otherwise agreed to by the Company in writing (which may be evidenced by email from the Company's counsel), and subject to the Fee ApprovalConfirmation Order (as defined in the Plan (as defined below)) or such other applicable order as the Company and Rothschild & Co may agree; *provided*, that the Scope does not include preparing for, commencing, or prosecuting litigation against the Company and/or its affiliates or subsidiaries or any of their current or former directors, officers, partners, members, agents, or employees, and the Company shall not pay any amounts in connection with any of the foregoing; *provided*, *further*, that services rendered in connection with the Ad Hoc Committee's customer property litigation (Adv. Pro. No. 22-50514 (JTD)) and the Ad Hoc Committee's objection to relief sought by or otherwise supported by the Company shall not be deemed litigation against the Company for purposes of the foregoing. For the avoidance of doubt, the Company shall only reimburse the Professional's fees and expenses to

---

[1] The members of the Ad Hoc Committee are set forth on the Verified Statement of Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnell LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019 [D.I. 1156], as supplemented by the Verified First Supplemental Statement [D.I. 1580] and, the Verified Second Supplemental Statement [D.I. 2144], the Verified Third Supplemental Statement [D.I. 3797], the Verified Fourth Supplemental Statement [D.I. 4400], the Verified Fifth Supplemental Statement [D.I. 6800], the Verified Sixth Supplemental Statement [D.I. 9793], the Verified Seventh Supplemental Statement [D.I. 14224], the Verified Eighth Supplemental Statement [D.I. 18533], and as further supplemented from time to time as appropriate.

2

the extent set out herein or as otherwise agreed to by the Company in writing (which may be evidenced by email from the Company's counsel).

The members of the Ad Hoc Committee, the Executive Committee, Counsel and the Professional shall comply with the terms of any and all confidentiality agreements executed between such signatories and the Company.

The Company agrees that the Professional, its affiliates (within the meaning of Rule 12b-~~2-~~ 2 of the Securities Exchange Act of 1934, as amended) and each of their respective officers, directors, employees and agents and each other person, if any, controlling the Professional or any of its affiliates (collectively, the "Related Parties") shall not have any liability (whether direct or indirect, in contract tort or otherwise) to the Company for or in connection with advice or services rendered or to be rendered by the Professional in connection with the Professional's engagement in these Chapter 11 Cases, except for and only to the extent that the losses of the Company are finally judicially determined by a court of competent jurisdiction to have arisen primarily because of the bad faith, gross negligence, willful misconduct or fraud of the Professional in connection with any such advice or services. With respect to any plan of reorganization or liquidation proposed in connection with the Chapter 11 Cases (a "Plan"), the Company intends to include Rothschild & Co and the other Related Parties as beneficiaries of any debtor or third-party releases in the Plan to the same extent that the members of the Ad Hoc Committee are beneficiaries of such releases.

Notwithstanding the obligations hereunder to pay the Fees and Expenses of the Professional, the Company acknowledges and agrees that the Executive Committee is the Professional's client, that the Professional will in no way be deemed to represent the Company, and that no fiduciary or attorney-client relationship or privilege between the Professional and the Company is or will be created or reflected hereby. The Company further acknowledges and agrees that nothing in this Agreement shall, directly or indirectly, by implication or otherwise, waive, or be deemed to constitute a waiver of, or otherwise prejudice in any manner whatsoever, applicable privilege (if any) including, without limitation, the attorney-client privilege, covering all communications and correspondences between the Professional, Counsel and the Executive Committee and any work product and analyses prepared by or on behalf of the Professional, Counsel or any member of the Executive Committee.

~~After entry of the Fee Approval Order, the~~The Professional shall provide the Company with monthly statements of reasonable and documented fees and out-of-pocket expenses for the services rendered to Counsel and the Executive Committee, which (i) will include reasonably detailed summary time records, in half-hour increments, indicating the total hours incurred by each professional for each day and providing a brief description of the nature of the work performed, and (ii) will be subject to the terms of the ~~Fee Approval Order~~Confirmation Order or such other applicable order as the Company and Rothschild & Co may agree. The Professional shall respond to any reasonable requests for budgets or staffing information by the Company, and shall use reasonable efforts to minimize duplicative or unnecessary work as appropriate. Payment by the Company of such invoices shall be subject to the terms of the ~~Fee Approval~~

3

~~Order~~Confirmation Order or such other applicable order as the Company and Rothschild & Co may agree.~~-~~ The Professional reserves its right to redact such fee statements for privileged material and to preserve the confidentiality of the Ad Hoc Committee members in accordance with the Court's orders in the Chapter 11 Cases.~~-~~

The fees to be charged in connection with this Agreement are as follows: (i) a monthly advisory fee ("Monthly Fee") of $175,000 per month *nunc pro tunc* from July 1, 2023 through the term hereof ~~(with the first four months of Monthly Fee shall be payable by the Company upon the entry of the Fee Approval Order)~~, and (ii) a transaction fee ("Transaction Fee") of $~~5,000,000~~10,000,000 payable if and when due under the Engagement Letter, with only such amendments to the Transaction Fee as the Company may approve in writing (which may be evidenced by email from the Company's counsel); *provided* that the Transaction Fee shall be reduced by 50% of the aggregate amount of Monthly Fees accrued and paid to the Professional on or after July 1, 2024; *provided*, *further*, that in no event shall such reduction result in a Transaction Fee less than zero.~~-~~ The Company's payment of each Monthly Fee and the Transaction Fee shall be subject to, and made in accordance with, the terms of the ~~Fee Approval Order~~Confirmation Order or such other applicable order as the Company and Rothschild & Co may agree.~~-~~ In addition, the Company shall reimburse the Professional for all reasonable, documented out-of-pocket costs and expenses incurred from July 1, 2023 through the termination of this Agreement, with such costs and expenses not included as part of the Monthly Fee.~~-~~

In the Chapter 11 Cases, the Company shall ~~promptly~~ file ~~a motion~~this Agreement as part of the Plan Supplement (as defined in the Plan), seeking the Court's approval to enter into this Agreement and to perform the Company's obligations under this Agreement, including the payment of the Fees and Expenses ~~(the "Fee Approval Motion" and the corresponding order, the "Fee Approval Order"). The Fee Approval Motion and the Fee Approval Order~~. The Plan Supplement and the Confirmation Order (or such other applicable order as the Company and Rothschild & Co may agree) shall be in form and substance reasonably acceptable to the Professional, and will provide that the Fees and Expenses shall be payable as administrative expenses of the Company's chapter 11 estates and otherwise in accordance with this Agreement, and shall not be subject to avoidance or disgorgement.

All payments described in this Agreement shall be made via wire transfer and become the property of the Professional immediately upon receipt.~~-~~ All payments to the Professional shall be made without offset, counterclaim, reduction, or defense of any kind, and shall be free of, and without deduction for, any taxes or other charges.

The Company may terminate its reimbursement obligations by written notice to the Professional at any time if the Company reasonably determines that termination is in the best interests of the estates, including without limitation after (i) the commencement or continuation of direct litigation by the Ad Hoc Committee or by any member of the Ad Hoc Committee against the Company (in its individual or other capacity) while such member continues to serve in such capacity; (ii) the Board of Directors of the Company (the "Board") reasonably determines

in good faith after receiving the advice of outside counsel that the Company's continued performance under this Agreement would be inconsistent with the exercise of the Board's fiduciary duties under applicable law; (iii) the Company's reasonable determination that the Ad Hoc Committee does not represent a sufficient number of holders or amount of claims to constitute the primary class of FTX.com customers or that sufficient members of the Ad Hoc Committee are unwilling to become restricted from trading as necessary to provide meaningful feedback on the Company's Plan; or (iv) an order is entered by the Court or a court of competent jurisdiction denying approval of a disclosure statement or denying confirmation of any Plan supported by the Ad Hoc Committee. For the avoidance of doubt, and subject to the terms of the ~~Fee Approval Order~~Confirmation Order or such other applicable order as the Company and Rothschild & Co may agree, nothing in this paragraph shall limit the Company's obligation to pay the Fees and Expenses of the Professional within the Scope that have been incurred prior to the effective date of termination.

This Agreement includes the entire understanding between the parties with respect to the subject matter hereof. The provisions of this Agreement may be modified only pursuant to a subsequent written agreement executed by, or on behalf of, the Professional and the Company. THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK AND VENUE SHALL BE THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE.

*[Signature page follows]*

Please confirm your agreement by executing this Agreement where set forth below.

            Sincerely,

            FTX TRADING, LTD.,
            on behalf of itself and each other debtor
            in the Chapter 11 Cases

            _____
            ~~Name:~~
            ~~Title:~~

            By:_____
            Name:
            Title:

Acknowledged and Agreed:

~~ROTHSCHILD & CO US INC.~~

_____
~~Name:~~
~~Title:~~
ROTHSCHILD & CO US INC.


By:_____
Name:  Charles Delo
Title:    Managing Director


Acknowledged:

ROTHSCHILD & CO
LEGAL & COMPLIANCE

By: _____
Name:  Frank London
Title:    Managing Director & Deputy General Counsel