# Exhibit 1

## Proposed Settlement

{1368.002-W0076617.2}

## **CLAIM SETTLEMENT AND SUBORDINATION AGREEMENT**

This Claim Settlement and Subordination Agreement (the "Agreement") is entered into as of July [ ], 2024 by the United States Commodity Futures Trading Commission (the "CFTC") and FTX Trading Ltd., Alameda Research LLC, and their affiliated debtors and debtors in possession in the Chapter 11 Cases defined below (collectively, the "Debtors" and, with the CFTC, the "Parties"). The Parties hereby agree as follows:

## **RECITALS**

WHEREAS, on November 11 and November 14, 2022, the Debtors filed petitions for voluntary relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are being jointly administered in the case captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.);

WHEREAS, on December 21, 2022, the CFTC filed an Amended Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties Under the Commodity Exchange Act and Commission Regulations against FTX Trading Ltd. d/b/a FTX.com, Alameda Research LLC, and three individual defendants, in the United States District Court for the Southern District of New York, Case No. 1:22-cv-10503-PKC (the "District Court Action") charging the defendants with fraud in violation of Section 6(c)(1) of the Commodity Exchange Act, 7 U.S.C. § 9(1), and Commission Regulation 180.1(a), 17 C.F.R. §180.1, and seeking, among other relief, an order requiring disgorgement of all benefits received by the Debtors, full restitution to each person whose funds and/or assets were received or utilized by the defendants in connection with the charged violations, and civil monetary penalties, as well as pre- and post-judgment interest;

WHEREAS, on September 28, 2023, the CFTC filed proofs of claim numbers 79910, 79915, 79918, 79920, 79921, 79922 against FTX Trading Ltd. and Alameda Research LLC (the "Asserted CFTC Claims") in the Chapter 11 Cases, estimating the Debtors' prepetition liability for restitution, disgorgement and civil monetary penalties arising out of the allegations in the District Court Action with a total amount of approximately $52.2 billion;

WHEREAS, on May 22, 2024, the Debtors filed the Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd., and its Debtor Affiliates (the "Draft Plan") [D.I. 15520];[1]

WHEREAS, for purposes of their discussions, the Parties have agreed to use an estimated fair market value of FTX.com and FTX.US customer claims, and Alameda lender claims, measured as of the petition date of the Chapter 11 Cases, of $8.7 billion;

WHEREAS, although the Debtors are prepared to contest the District Court Action and the Asserted CFTC Claims, the amount sought by the CFTC is financially significant for the Debtors and would materially dilute recoveries on creditor claims against the Debtors if the Debtors are not successful;

---

[1] To be updated when revised plan filed, subject to CFTC review of that plan.

WHEREAS, the substantial majority of creditor claims against the Debtors whose recoveries would be affected by a large monetary award payable pursuant to an order entered in the District Court Action arise under commodity contracts or transactions that could entitle creditors to restitution if the CFTC is successful in the District Court Action;

WHEREAS, the Parties have engaged in good faith and arm's-length negotiation of various disputed matters relating to the District Court Action and the Asserted CFTC Claims;

WHEREAS, in order to avoid the expense, burden, inconvenience and risks of litigation, the Parties desire and intend to effect a final settlement and resolution of the District Court Action and the Asserted CFTC Claims;

WHEREAS, as part of a final settlement of the District Court Action and the Asserted CFTC Claims, the CFTC has expressed a willingness to subordinate the Asserted CFTC Claims, including without limitation any part thereof relating to civil monetary penalties, to claims by other creditors and interest on such claims, and also to direct that a substantial portion of the subordinated recoveries on the Asserted CFTC Claims, if any, be applied to make supplemental distributions to certain creditors of the Debtors, as provided in the Draft Plan; and

WHEREAS, the Debtors have concluded, in their reasonable judgment, that final settlement and resolution of the District Court Action and the Asserted CFTC Claims in accordance with the terms of this Agreement is in the best interest of the Debtors, their creditors and other stakeholders.

## AGREEMENT

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. <u>Recitals Incorporated</u>. The recitals set forth above are hereby incorporated in full and made a part of this Agreement.

2. <u>Chapter 11 Plan</u>. The Debtors agree to propose and pursue a joint plan of reorganization that (a) provides payment in full to non-governmental creditors and, subject to availability of funds, interest at the Consensus Rate (as defined in the Draft Plan) and (b) is consistent with the Draft Plan in all material respects or otherwise reasonably acceptable to the CFTC (an "<u>Eligible Plan</u>"). The settlements contemplated by this Agreement are subject to the substantial consummation of an Eligible Plan ("<u>Plan Effectiveness</u>").

3. <u>District Court Order</u>. Resolution of the District Court Action is subject to the approval of the District Court evidenced by entry of a written order in a form and substance to be agreed by the Debtors and CFTC and presented to the District Court (the "<u>District Court Order</u>"). The District Court Order shall be in the form attached as Schedule 1 or otherwise reasonably acceptable to the Parties, and shall provide as follows:

  (a)  subject to Plan Effectiveness, the Debtors and the CFTC agree that:

  (b)  the Debtors will consent to the entry of a stipulated and liquidated judgment of disgorgement of $4 billion and restitution of $8.7 billion in the District Court Action (the "District Court Judgment Amount");

  (c)  the Debtors will receive a dollar-for-dollar credit towards the restitution portion of the District Court Judgment Amount for amounts distributed in satisfaction of FTX.com and FTX.US customer claims, and Alameda lender claims, in the Chapter 11 Cases;

  (d)  the CFTC will stipulate to an allowed disgorgement claim in the Chapter 11 Cases of $4 billion (the "Stipulated CFTC Claim Amount");

  (e)  the Debtors will receive a dollar-for-dollar credit against the disgorgement portion of the District Court Judgment for amounts distributed towards the Stipulated CFTC Claim Amount in the Chapter 11 Cases;

  (f)  the Stipulated CFTC Claim Amount shall be payable only as provided in the Eligible Plan and only to the extent of available funds; and

  (g)  the CFTC will not seek a civil monetary penalty in the District Court Order.

4.  <u>Claim Subordination and Funding of the Supplemental Remission Fund</u>.  Subject to the entry of the District Court Order and Plan Effectiveness, the Parties agree that:

  (a)  the CFTC shall have an allowed claim for disgorgement in the Chapter 11 Cases in a fixed and liquidated amount equal to the Stipulated CFTC Claim Amount of $4 billion (the "Allowed CFTC Claim");

  (b)  the CFTC shall have no claim against the Debtors in the Chapter 11 Cases other than the Allowed CFTC Claim;

  (c)  the Allowed CFTC Claim shall be subordinated to the prior payment of claims of all creditors and payment of interest at the Consensus Rate as provided in the Eligible Plan;

  (d)  any recoveries on the Allowed CFTC Claim shall be applied only to make supplemental payments to certain creditors under the Supplemental Remission Fund as provided in the Eligible Plan; and

  (e)  amounts paid in satisfaction of the District Court Judgment Amount are hereby identified as restitution or amounts paid to come into compliance with law for purposes of Section 162(f)(2) of the Internal Revenue Code. The CFTC makes no other representation as to tax matters.

5.  <u>Bankruptcy Court Approval Required</u>.  This Agreement is subject to the approval of the Bankruptcy Court evidenced by entry of a written order in a form and substance

reasonably acceptable to the Parties (the "Chapter 11 Approval Order").  The Chapter 11 Approval Order may be a component part of the order confirming an Eligible Plan or may be a separate order by the Bankruptcy Court.

6.Cooperation.  The Parties shall work together to agree on a form of District Court Order and Chapter 11 Approval Order as promptly as reasonably practicable.

7.Termination.  This Agreement shall terminate upon written notice by either Party to the other Party if (a) the Chapter 11 Approval Order is not entered by December 31, 2024, (b) the Bankruptcy Court does not approve this Agreement; (c) the District Court Order is not entered by [September 30, 2024], or (d) the Board of Directors of the Debtors determines to cease pursuing an Eligible Plan.  Upon termination of this Agreement, the Parties shall petition the District Court and the Bankruptcy Court to vacate the District Court Order and the Chapter 11 Approval Order, respectively, to the extent they are in effect at such time, and the Parties shall be restored to their rights prior to the execution of this Agreement.

8.Binding Effect and Authorization.  Each individual signing this Agreement on behalf of a Party or Parties has the power and authority (a) to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed and (b) to sign the Agreement.  This Agreement shall be binding upon the Parties hereto and their predecessors, successors, and assigns.

9.Entire Agreement.  This Agreement constitutes the entire agreement among the Parties with respect to the matters addressed herein, and may not be changed, modified or altered in any manner, except in writing, signed by each Party.

10.Execution in Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a Party electronically shall be deemed an original signature.

11.Interpretation and Rules of Construction.  This Agreement is the product of arm's-length negotiations among the Parties and, in the enforcement or interpretation hereof, shall be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any Party by reason of that Party's having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof.  All references to dollars or "$" in this Agreement refer to United States dollars.  In addition, this Agreement shall be interpreted in accordance with section 102 of the Bankruptcy Code.

12.Jurisdiction/Choice of Law.  The Bankruptcy Court shall retain, and each of the Parties irrevocably consents to, exclusive jurisdiction with respect to, the payment of the CFTC Allowed Claim by the Debtors, and the Eligible Plan.  The Bankruptcy Court shall retain non-exclusive jurisdiction over the interpretation and enforcement of the Agreement along with the District Court.  This Agreement shall be governed by federal common law, without giving effect to any choice of law or conflict of law provision or rule that would

-5-

cause the application of the laws of any jurisdiction other than United States federal common law.

13.     No Waiver.  No failure or delay by any Party in exercising any right, power, or privilege under this Agreement or applicable law shall operate as a waiver by that Party of any such right, power, or privilege.  The Debtors' consent to the entry of the District Court Order does not constitute a waiver by the Debtors of the automatic stay with respect to any further action by the CFTC.

14.     Severability.  If, after Plan Effectiveness, any term, clause, or provision of this Agreement is invalidated or unenforceable by operation of law or otherwise, the Parties shall attempt in in good faith to negotiate a replacement, but legally valid, term, clause, or provision that best meets the intent of the Parties.  The remaining provisions of this Agreement shall remain in full force and effect.

15.     Costs.  Each Party shall bear its own attorneys' fees and costs incurred in connection with this Agreement and other matters contemplated herein.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their respective authorized representatives.

Dated: July [ ], 2024  John J. Ray III, solely in his capacity as Chief Executive
New York, New York  Officer of the Debtor Plaintiffs,

By: _____
    John J. Ray III

Dated: July [ ], 2024  COMMODITY FUTURES TRADING COMMISSION
Chicago, Illinois

By: _____
    Carlin R. Metzger

Nina Ruvinsky
Carlin Metzger
Elizabeth N. Pendleton
Robert T. Howell
John C. Murphy