**Exhibit 1**

**Stipulation**

EXECUTION VERSION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## JOINT STIPULATION BETWEEN THE DEBTORS AND PAXOS

This *Stipulation* ("Stipulation") is being entered into between (i) FTX Trading Ltd. d/b/a FTX.com, West Realm Shires Services, Inc. d/b/a FTX US, Alameda Research LLC, Alameda Research Ltd. and their affiliated debtors and debtors in possession (collectively, the "Debtors") in the chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware jointly administered under Case No. 22-11068 (the "Chapter 11 Cases"), and (ii) Paxos Global Pte. Ltd. ("Paxos Global") and certain of its affiliated entities, including Paxos Trust Company, LLC ("Paxos Trust"), Kabompo Holdings, Ltd. ("Kabompo Holdings"), and Kabompo Lending Ltd. ("Kabompo Lending", together with Paxos Global, Paxos Trust and Kabompo Holdings, collectively "Paxos"). The Debtors, Paxos Global, Paxos Trust, Kabompo Holdings and Kabompo Lending are each a "Party" and collectively, the "Parties."

**WHEREAS**, on May 30, 2019, Alameda Research LLC and itBit Pte. Ltd. (n/k/a Paxos Global) entered into that certain Loan and Security Agreement, pursuant to which Alameda

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

Research LLC, as borrower, borrowed 250 BTC from Paxos Global, on the terms set forth therein (the "2019 Loan");

WHEREAS, on January 16, 2020, Alameda Research LLC, Paxos Global and Paxos Trust entered into that certain Market Maker Agreement (the "Market Maker Agreement"), pursuant to which Alameda Research LLC agreed to perform certain market making functions for a digital asset exchange operated by Paxos Global (the "Paxos Exchange");

WHEREAS, on June 28, 2021, Alameda Research Ventures Ltd. and Kabompo Holdings entered into that certain Letter Agreement (the "Letter Agreement"), in connection with Alameda Research Ventures Ltd.'s acquisition of 2,547,576 Series D Preference Shares in the capital stock of Kabompo Holdings (the "Paxos Shares");

WHEREAS, on August 2, 2021, Alameda Research Ltd. and Paxos Global entered into that certain Loan and Security Agreement, pursuant to which Alameda Research Ltd., as borrower, agreed to borrow 500 BTC and $5 million USD fiat from Paxos Global, on the terms set forth therein (the "2021 Loan", together with the 2019 Loan, the "Loans");

WHEREAS, on September 19, 2022, Alameda Research LLC, Alameda Research Ltd., Paxos Global and Kabompo Lending entered into those certain Novation and Amendment Agreements (the "Novation Agreement"), pursuant to which (i) Alameda Research Ltd. was substituted for Alameda Research LLC as borrower on the 2019 Loan, (ii) Kabompo Lending was substituted for Paxos Global as lender on the Loans, and (iii) Alameda Research LLC agreed to guarantee the Loans (as modified by such Novation Agreements, the "Amended Loans");

WHEREAS, on November 11, 2022, and November 14, 2022 (as applicable, the "Petition Date")[2], the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under

---

[2] November 11 is the Petition Date for each of the Debtors except for West Realm Shires, Inc.

chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, the Debtors have certain accounts on the Paxos Exchange, in which the Debtors hold certain digital assets and fiat currency (the "Exchange Assets");

**WHEREAS**, on or about June 30, 2023, Paxos timely filed certain proofs of claim in the Chapter 11 Cases (the "Paxos Proofs of Claim")[3], asserting claims (i) related to the 750 BTC and $5 million USD fiat outstanding under the Amended Loans, as to which Paxos asserts a valid, perfected security interest, along with pre- and post-petition interest and other fees and costs due under the Loans (the "Paxos Loan Claims") and (ii) for indemnification obligations related to the Amended Loans and/or the Market Maker Agreement;

**WHEREAS**, without any admission by any Party, and subject to the terms of this Stipulation, the Parties desire to resolve certain disputes between them relating to, among other things, the Amended Loans, the Exchange Assets, and related matters, as set forth herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1. **Exchange Assets**.  The Parties agree to the following with regard to the Exchange Assets:  (i) in full satisfaction of the Paxos Loan Claims, Paxos will be entitled to retain and/or pay to the applicable Paxos affiliate 750 BTC and $5 million USD fiat (collectively, the "Paxos Amount"), and (ii) within five days of the Effective Date, Paxos will transfer to the Debtors, pursuant to the Debtors' written instructions, all other Exchange Assets, consisting of not less than 201 BTC, $2,810,000 of USD fiat, 898 Ether (ETH), 214 Bitcoin Cash (BCH), 5,603 Litecoin

---

[3] Proofs of Claim Nos. 4172 and 4208 in the Chapter 11 Cases.

(LTC), 373 Aave (AAVE), 9 Chainlink (LINK), 57 Polygon (MATIC), 174 Uniswap (UNI) and 10 PAX Gold (PAXG) (collectively, the "FTX Amount").

2.  **Release of Claims**.  Upon receipt by the Debtors of the FTX Amount, the Paxos Proofs of Claim shall be deemed withdrawn in their entirety with prejudice, and the Parties unconditionally and irrevocably release, acquit and forever discharge one another and each other's current and former officers, directors, agents, employees, affiliates, attorneys, and representatives, to the fullest extent possible under applicable law, from any and all losses, liabilities, claims, causes of action, charges, demands and other rights, known or unknown, suspected or unsuspected, identified or unidentified, including, without limitation, any avoidance actions under chapter 5 of the Bankruptcy Code, the Delaware Uniform Fraudulent Transfer Act, Del. Code Ann. tit. 6, § 1301 et seq., or any other analogous state, federal or foreign law that have been or could be asserted with respect to the Loans, the Amended Loans, the Market Maker Agreement, the Exchange Assets and the Paxos Proofs of Claim;

3.  **Paxos Shares**.  The Parties acknowledge that this Stipulation is not intended to, and does not, affect any right, title, claim or interest that the Debtors have in, or to, the Paxos Shares.

4.  **Effectiveness**.  The "Effective Date" shall occur on the date that (i) signature pages executed by the Debtors and Paxos, as applicable, have been delivered to the Debtors and Paxos, as applicable, and (ii) the Bankruptcy Court has entered an order (which order shall have become a final order not subject to any appeal, stay or vacatur) approving the Parties' entry into this Stipulation, on terms and conditions consistent with this Stipulation and otherwise reasonably acceptable to each Party.  The Parties irrevocably consent to the jurisdiction of the Bankruptcy

Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waive any right to commence any such action in any other forum.

5. **Reservation of Rights**. Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

6. **No Admission of Wrongdoing**. This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

7. **Good Faith and Understanding**. The Parties expressly represent and warrant that this Stipulation is entered into in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation. The Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

8. **Cooperation**. Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court and entry of approval orders, and to effectuate their terms. The Parties co-drafted this Stipulation.

9. **Counterparts**. The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

10. **Further Assurances**. The Parties shall use their reasonable best efforts to take, or cause to be taken, all appropriate action to do or cause to be done all things necessary under applicable law, and to execute and deliver such documents and other papers, in each case, as may

be required to carry out the provisions of this Stipulation and consummate and make effective the transactions contemplated hereby.

11.    **Entire Agreement and Amendments**.  This Stipulation constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings.  This Stipulation may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney(s), or other representative(s).

[Remainder of Page Intentionally Left Blank]

EXECUTION VERSION

**AGREED BY**:

July 17, 2024

*[signature]*

SULLIVAN & CROMWELL LLP
Brian D. Glueckstein
Jacob M. Croke
Bradley A. Harsch
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email:  gluecksteinb@sullcrom.com
        crokej@sullcrom.com
        harschb@sullcrom.com

*Counsel for the Debtors*

[*Signature Page to Stipulation*]

EXECUTION VERSION

July 17, 2024

                                                                                                             */s/ Cindi M. Giglio*
                                      **KATTEN MUCHIN ROSENMAN LLP**
                                      Cindi M. Giglio
                                      Ethan D. Trotz
                                      50 Rockefeller Plaza
                                      New York, NY 10020-1605
                                      Telephone: (212) 940-3828
                                      Email:  cgiglio@katten.com
                                                      ethan.trotz@katten.com

                                      *Counsel for Paxos*

[*Signature Page to Stipulation*]