**EXHIBIT A**

PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 19061** |

**ORDER AMENDING THE ORDER (I) GRANTING THE**
**EXAMINER AUTHORITY TO CONDUCT ADDITIONAL**
**INVESTIGATIONS AND (II) ESTABLISHING THE SCOPE, COST,**
**DEGREE, AND DURATION OF THE SECOND PHASE OF THE EXAMINATION**

Upon the motion (the "Motion")[2] of the examiner Robert J. Cleary (the "Examiner") for entry of an order (this "Order") amending the *Order (I) Granting the Examiner Authority to Conduct Additional Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination and Granting Related Relief*, ECF No. 19061 (the "Phase II Scope Order"); this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

therein has been provided in accordance with the Bankruptcy Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Except as explicitly set forth herein, the Phase II Scope Order remains in full force and effect.

3.      The Phase II Report (as defined in the Phase II Scope Order) shall be filed no later than September 20, 2024.

4.      The Phase II Report shall initially be filed under seal in its entirety.  The unredacted Phase II Report shall be provided or otherwise made available to the Court, counsel to the Debtors, counsel to the Committee, and counsel to the U.S. Trustee.  The foregoing parties shall receive the unredacted Report solely for the purpose of allowing the Examiner, the Debtors, the Committee, and the U.S. Trustee (each a "Party" and collectively the "Parties") to discuss any potential redactions necessary to protect privileged information.

5.      To the extent the Parties do not seek to redact any portion of the Examiner's Phase II Report, then the Examiner shall file a fully unredacted version of the Phase II Report so that it is publicly available on the docket on or before September 27, 2024.  If the Parties do seek to redact portions of the Phase II Report, and no Party objects to the proposed privilege redactions, then on or before September 27, 2024, (i) the Examiner shall file the Phase

II Report so that it is publicly available on the docket reflecting the agreed-upon redactions and (ii) the Parties shall file a sealing motion seeking approval of such redactions. If the Parties are unable to reach agreement on any proposed redactions by September 27, 2024, then on September 27, 2024, (i) the Examiner shall file the Phase II Report so that it is publicly available on the docket reflecting agreed-upon redactions in addition to all disputed redactions and (ii) the Parties shall file a sealing motion or motions seeking Court approval of the agreed-upon redactions and Court resolution on the disputed redactions. The redactions shall remain under seal until the application is resolved. For the avoidance of doubt, the disclosure of the unredacted version of the Phase II Report to the Parties for purposes of identifying potential privilege redactions shall neither constitute nor be deemed a waiver by any Party of, as applicable, work-product protection, attorney-client privilege, or any other applicable privilege or protection.

6.      The proposed redactions shall be approved upon (i) the agreement of the Parties approved by Court order or (ii) a Court ruling, memorialized by a Court order as to what privileged material (if any) should be redacted from the Phase II Report. If the Court's order does not approve all of the redactions reflected in the Phase II Report filed on or before September 27, 2024, then within three business days of entry of the Court's order, the Examiner shall file on the public docket a copy of the Phase II Report reflecting only the Court-approved redactions. The Examiner, the Debtors, and the Committee shall thereafter maintain the confidentiality of the unredacted version of the Phase II Report. The U.S. Trustee shall not disclose the redacted parts of the Phase II Report (if any) consistent with 11 U.S.C. §107(c).

7.      This Order is without prejudice to the right of any party in interest to seek relief from the Court, including modification of the scope of the Phase II Examination. This

Order is also without prejudice to the Examiner's right to seek other relief as he may otherwise deem appropriate in furtherance of the discharge of his duties and the Phase II Examination.

8.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9.      The Examiner may take all actions necessary to effectuate the relief granted by this Order.

10.      This Order shall be effective and enforceable immediately upon entry.

11.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.