IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> FTX TRADING LTD., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 22-11068 (JTD) <br> (Jointly Administered) <br><br> **Ref no. 22294** |

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE TIME
FOR NOTICE OF EXAMINER'S MOTION TO AMEND ORDER (I) GRANTING THE
EXAMINER AUTHORITY TO CONDUCT ADDITIONAL INVESTIGATIONS
AND (II) ESTABLISHING THE SCOPE, COST, DEGREE, AND DURATION OF THE
SECOND PHASE OF THE EXAMINATION AND GRANTING RELATED RELIEF**

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), files this motion (the "Motion to Shorten"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order shortening the time for notice of the *Examiner's Motion to Amend Order (I) Granting the Examiner Authority to Conduct Additional*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination and Granting Related Relief* (the "Motion to Amend")[2], and respectfully states as follows:

## JURISDICTION, VENUE, AND STANDING

1. This Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference issued by the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases and other authority for the relief requested herein are section 105 of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

4. Pursuant to Local Rule 9013-1(f), the Examiner consents to this Court's entry of a final order in connection with this Motion to Shorten to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5. On November 11 and 14, 2022, the Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 15, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Debtors' cases (the "Committee"). *See* ECF No. 231.

---

[2] The Motion to Amend is being filed and served contemporaneously herewith.

6.  On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner*, ECF No. 176 (the "Examiner Motion").

7.  On February 21, 2023, the Court entered the *Order Denying Motion for the Appointment of an Examiner*, ECF No. 746 (the "Examiner Order"). On March 6, 2023, the U.S. Trustee filed a notice of appeal of the Examiner Order, ECF No. 805, and on January 19, 2024, the United States Court of Appeals for the Third Circuit issued an opinion reversing the Examiner Order.

8.  On February 23, 2024, the Court entered an order directing the U.S. Trustee to appoint an examiner in the Debtors' cases. *See* ECF No. 7909.

9.  On February 27, 2024, the U.S. Trustee filed the *Notice of Appointment of Examiner*, ECF No. 8047, and the *(I) Application of the United States Trustee for Order Approving the Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of an Order (A) Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 8048.

10. On March 20, 2024, the Court approved Mr. Cleary's appointment as Examiner in these Chapter 11 Cases. *See* ECF No. 9882. The Court also entered the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 9883, which set out the scope, cost, degree, and duration of the Examiner's initial investigation and required the Examiner to file a report summarizing the same (the "Phase I Report").

11. On May 20, 2024, the Examiner filed his Phase I Report under seal. *See* ECF No. 15271. On May 23, 2024, the Examiner filed the Phase I Report on the docket publicly. *See* ECF No. 15545. The Phase I Report recommended three areas for additional investigation.

12. On June 26, 2024, the Court entered the *Order (I) Granting the Examiner Authority to Conduct Additional Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination and Granting Related Relief*, ECF No. 19061 (the "Phase II Scope Order"). The Phase II Scope Order grants the Examiner authority to conduct the recommended additional investigations (the "Phase II Examination"). *See* ECF No. 19061. The Phase II Scope Order directs the Examiner to file a report summarizing his Phase II Examination (the "Phase II Report") within 70 days after entry of the order.

13. The Examiner's current deadline to file the Phase II Report is September 4, 2024. Pursuant to the Phase II Scope Order, the Phase II Report shall be filed under seal initially and provided to the Court, counsel to the Debtors, counsel to the Committee, and counsel to the U.S. Trustee so that those parties may discuss potential redactions. Pursuant to the Phase II Scope Order, the Phase II Report will be made available to the public within 77 days after entry of the order—September 11, 2024—though this public version of the Phase II Report may reflect redactions requested by the parties. The Phase II Scope Order then sets out various provisions for the approval of any such redactions.

14. Contemporaneously with this Motion to Shorten, the Examiner filed the Motion to Amend seeking to amend the Phase II Scope Order to (i) extend the deadline for filing the Phase II Report under seal to September 20, 2024, and (ii) extend the deadline for filing a public version of the Phase II Report to September 27, 2024.

**RELIEF REQUESTED**

15. Through this Motion to Shorten, the Examiner seeks entry of an order substantially in the form attached hereto as Exhibit A (i) shortening the notice period required for the Motion to Amend so that it may be heard at the August 15 omnibus hearing, with objections proposed to be due on August 13, 2024, and (ii) granting such other and further relief as deemed just and proper.

**ARGUMENT**

16. Section 105(a) of the Bankruptcy Code provides the Court broad authority to "issue any order, process, or judgment that is necessary and appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). The Local Rules similarly authorize the Court to hear a motion on less than the required notice so long as a motion is filed "specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). The Court is authorized to rule on any such motion for shortened notice "promptly without need for a hearing." *Id.*

17. According to the Local Rules, the Motion to Amend ordinarily would be filed at least 14 days prior to the hearing date with objections due seven days before the hearing date. Del. Bankr. L.R. 9006-1(c).

18. The Examiner is conducting his Phase II investigation as expeditiously as possible. However, as explained in more detail in the Motion to Amend, the Examiner is still seeking relevant documents and scheduling interviews of key witnesses. In order to complete

the work required for Phase II as thoroughly and efficiently as possible, the Examiner seeks to extend the due date for the report by 16 days.  The Motion to Amend seeks no increase to the budget approved by the Court for Phase II.

19. The Phase II Report is currently due September 4, 2024.  The next omnibus hearing dates are August 15 and September 12, 2024.  It would be beneficial to the Examiner and his professionals to know well before September 4 if the requested extension is approved by the Court.  Therefore, cause exists to shorten notice so that this Motion to Amend can be considered by the Court at the August 15 hearing.

20. The Motion to Amend is being filed and served contemporaneously herewith.  If necessary, interested parties will still have sufficient time to review and respond to the relief requested in the Motion to Amend.

21. Consistent with obligations under Local Rule 9006-1(e), undersigned counsel notified respective counsel for the U.S. Trustee, the Debtors, and the Committee of the Examiner's intent to request shortened notice on the Motion to Amend and they each have stated no objection to this request.

## NOTICE

22. Notice of this Motion to Shorten has been given to (a) the U.S. Trustee; (b) the Debtors; (c) the Committee; (d) the ad hoc committee of non-U.S. customers of FTX.com; (e) the joint provisional liquidators of FTX Digital Markets Ltd.; and (f) all parties that have filed requests for notices in these Chapter 11 Cases.  In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

**PRIOR REQUEST**

23. No request for the relief sought herein has been made by the Examiner to this or any other court.

WHEREFORE the Examiner respectfully requests entry of the proposed order attached hereto as <u>Exhibit A</u> (i) shortening the notice period required for the Motion to Amend so that it may be heard at the August 15 hearing, with objections proposed to be due on August 13, 2024, and (ii) granting such other and further relief as deemed just and proper.

| | |
|---|---|
| Dated: August 5, 2024 | Respectfully submitted, |
| | **ASHBY & GEDDES, P.A.** |
| | By:  /s/ Michael D. DeBaecke |
| | Michael D. DeBaecke (Bar No. 3186)<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801<br>Tel: (302) 654-1888<br>Email: mdebaecke@ashbygeddes.com |
| | *-and-* |
| | **PATTERSON BELKNAP WEBB & TYLER LLP** |
| | Daniel A. Lowenthal (admitted *pro hac vice*)<br>Kimberly A. Black (admitted *pro hac vice*)<br>1133 Avenue of the Americas<br>New York, NY 10036-6710<br>Telephone: (212) 336-2000<br>Facsimile: (212) 336-2222<br>Email: dalowenthal@pbwt.com<br>Email: kblack@pbwt.com |
| | *Counsel to Robert J. Cleary in his capacity as Examiner appointed in the Chapter 11 Cases* |