**Exhibit 1**

**Stipulation**

EXECUTION VERSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| ALAMEDA RESEARCH LTD. and FTX TRADING LTD., | |
| Plaintiffs, | |
| - against - | |
| PHALA LTD., | |
| Defendants. | |

**JOINT STIPULATION BETWEEN THE DEBTORS AND PHALA LTD.**

This stipulation ("Stipulation") is being entered into by and among Alameda Research Ltd. ("Alameda") and its affiliated debtors and debtors in possession (collectively, the "Debtors"), and Phala Ltd. ("Phala"). The Debtors and Phala are each a "Party" and are referred to collectively as the "Parties."

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

EXECUTION VERSION

**WHEREAS**, on November 30, 2021, Alameda and Phala entered into an agreement pursuant to which Phala loaned Alameda 6,000,000 PHA tokens (the "PHA Agreement");

**WHEREAS**, on November 11 and November 14, 2022 (as applicable, the "Petition Date"),[2] the Debtors filed petitions for voluntary relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, on June 23, 2023, Phala filed a non-customer proof of claim (the "Claim") against Alameda in the amount of $3,968,400 (Proof of Claim No. 3191), seeking, *inter alia*, the return of the 6,000,000 PHA tokens loaned to Alameda and/or purported damages incurred by Phala in connection with the PHA Agreement;

**WHEREAS**, the Parties have been engaged in good-faith, arm's-length negotiations about consensually resolving the Claim;

**WHEREAS**, in order to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to effect a final settlement and resolution of the Claim; and

**WHEREAS**, the Debtors, in the exercise of their business judgment, have concluded that a final settlement and resolution of the Claim in accordance with the terms of this Stipulation is in the best interest of the Debtors, their creditors, and other stakeholders.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1. **Bankruptcy Court Approval.** This Stipulation among the Parties is subject in all respects to the approval of the Bankruptcy Court. Pending approval of this

---

[2] November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

Stipulation by the Court, and subject to the occurrence of the Effective Date, each of the Parties agrees that it is, and will be, bound by this Stipulation and waives any right to object to approval by the Court. The Debtors shall file a motion, in a form reasonably acceptable to Phala, seeking approval of the Stipulation (the "Approval Motion") within fourteen (14) days following execution of this Stipulation by all Parties. In the event that the Bankruptcy Court does not approve this Stipulation, or the order approving the Stipulation (the "Approval Order") does not become final and non-appealable, this Stipulation shall become null and void and of no further force and effect.

2. **Effective Date.** The terms of this Stipulation shall be effective upon the Approval Order becoming final and non-appealable (the "Effective Date").

3. **Allowance of Claim.** As of the Effective Date, the Debtors grant Phala an allowed unsecured digital asset loan claim against Alameda in the amount of Nine Hundred and Sixty Thousand Dollars ($960,000.00), representing the agreed Petition Date price of the 6,000,000 PHA tokens. The Debtors, or their claims and noticing agent, shall update the claims register to reflect the allowance of the Claim.

4. **Mutual Releases.** Upon the Effective Date, each Party unconditionally and irrevocably releases, acquits and forever discharges the other Parties and their officers, members, directors, employees, agents, attorneys and stockholders from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, related to the Claim and the PHA Agreement; *provided*, *however*, that the foregoing shall not release any obligations under or claim for breach of this Stipulation.

5. **No Admission of Wrongdoing.** This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

6. **Good Faith and Understanding.** The Parties expressly represent and warrant that this Stipulation is given in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation. The Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

7. **Cooperation.** Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court and entry of the Approval Order, and to effectuate its terms.

8. **Counterparts.** The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

9. **Jurisdiction and Choice of Law.** The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation. This Stipulation shall be governed by the laws of the State of Delaware. In the event that the Bankruptcy Court does not approve this Stipulation, or the Approval Order does not become final and non-appealable, nothing contained herein shall constitute a consent to subject

matter jurisdiction by Defendants in the Chapter 11 Cases or Adversary Proceeding, or a waiver of any Parties' rights with respect to subject matter jurisdiction.

10. **Authorization**. Each Party, by and through their undersigned counsel, represents and warrants that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each of the Parties, as applicable, to the terms and conditions of this Stipulation.

11. **Costs**. Each Party shall bear its own costs and legal fees in connection with this Stipulation.

AGREED BY:

July 19, 2024

*[signature]*

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
         bromleyj@sullcrom.com
         gluecksteinb@sullcrom.com
         crokej@sullcrom.com
         kranzleya@sullcrom.com

*Counsel for Debtors*


/s/ Alexander R. Tiktin
**TARTER KRINSKY & DROGIN LLP**

David H. Wander
Alexander R. Tiktin
1350 Broadway
New York, NY 10018
Telephone: (212) 216-8000
E-mail:  atiktin@tarterkrinsky.com
         dwander@tarterkrinsky.com

*Counsel for Phala Ltd.*