IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FTX TRADING LTD., et al., | ) Case No. 22-11068 (JTD) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: September 12, 2024 at 1:00 P.M. ET |
| | ) Ref No. 19186 |

**OPPOSITION OF WEISSMAN & WEISSMAN 401K PSP FBO ROBERT A. WEISSMAN TO DEBTORS' OMNIBUS OBJECTION TO PROOFS OF CLAIM**

Weissman & Weissman 401k PSP FBO Robert A. Weissman (the "Claimant"), by and through the undersigned Trustee of the Weissman & Weissman 401K PSP Plan, in propria persona, hereby submits this Opposition (the "Opposition") to the Debtors' Omnibus Objection to Proofs of Claim (the "Objection"). In support of this Opposition, the Claimant respectfully states as follows:

1. Prior to the deadline of September 29, 2023, the Claimant timely filed Proof of Claim No. 25335 (the "Claim") in the amount of $250,000.00 against the Debtors. Based upon the Account Summary attached hereto as Exhibit "3" Claimant respectfully requests that its claim be increased to a Total Claim of $327,960.05.

2. On July 1, 2024, the Debtors filed their Omnibus Objection to Proofs of Claim, which included an objection to the Claimant's Claim on the grounds that the Claimant failed to provide proper documentation to support the Claim.

3. The Claimant disputes the Debtors' assertion and maintains that the Claim is valid and properly documented.

4. In support of this Opposition, the Claimant submits the Declaration of Robert A. Weissman (the "Declaration"), and the attached exhibits hereto, which provide the supporting documentation for the Claim.

5. The supporting documentation includes:

   a. A Deal Summary between FTX and Blockfolio;
   b. BLOCKFOLIO, INC. SERIES A-1 PREFERRED STOCK PURCHASE AGREEMENT dated July 11, 2019; and
   c. Account Summary (including emails of Edward Moncada, then President of Blockfolio of February 1, 2021 and Harold Boo, attorney for Blockfolio of July 16, 2021 and CoinMarketCap screenshot showing FTT token value as of November 2, 2022, the day after the last distribution).

6. These documents clearly demonstrate the basis for the Claim and provide sufficient evidence to support its validity.

7. The Deal Summary outlines the terms of the transaction between FTX and Blockfolio, establishing the foundation for the Claimant's involvement and subsequent claim.

8. The BLOCKFOLIO, INC. SERIES A-1 PREFERRED STOCK PURCHASE AGREEMENT dated July 11, 2019, further substantiates the Claimant's position as a stakeholder in the transaction.

9. The Account Summary provides a detailed accounting of the funds in question, the amounts received and not received directly supporting the amount claimed in the Proof of Claim.

10. Given the comprehensive nature of the supporting documentation provided, the Debtors' objection on the grounds of insufficient documentation is without merit.

WHEREFORE, the Claimant respectfully requests that this Court:

A. Overrule the Debtors' objection to the Claim;
B. Allow the Claim in its entirety; and
C. Grant such other and further relief as the Court deems just and proper.

Dated: August 7, 2024

Respectfully submitted,

By: _____
Robert A. Weissman
Trustee of Weissman & Weissman 401k PSP FBO Robert A. Weissman, in propria persona
Weissman & Weissman
2660 Townsgate Road, Suite 350
Westlake Village, CA 91361-2714
Tel: (805) 371-0500
Fax: (805) 371-0511
Email: raw4law@verizon.net

## DECLARATION OF ROBERT A. WEISSMAN

I, Robert A. Weissman, declare as follows:

1. I am over 18 years of age and competent to testify to the matters set forth herein.

2. I am the beneficiary of Weissman & Weissman 401k PSP FBO Robert A. Weissman (the "Claimant"), which filed Proof of Claim No. 25335 (the "Claim") in the bankruptcy case of FTX Trading Ltd., et al. (the "Debtors").

3. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently thereto.

4. I submit this Declaration in support of the Claimant's Opposition to the Debtors' Omnibus Objection to Proofs of Claim.

5. Attached to this Declaration are true and correct copies of the following documents, which support the Claim:

Exhibit 1: Deal Summary between FTX and Blockfolio (attached hereto as Exhibit "1").
Exhibit 2: BLOCKFOLIO, INC. SERIES A-1 PREFERRED STOCK PURCHASE AGREEMENT dated July 11, 2019 (attached hereto as Exhibit "2").
Exhibit 3: Account Summary (including emails of Edward Moncada, then President of Blockfolio

of February 1, 2021 and Harold Boo, attorney for Blockfolio of July 16, 2021 and CoinMarketCap screenshot showing FTT token value as of November 2, 2022, the day after the last distribution). (attached hereto as Exhibit "3").

6. The Deal Summary (Exhibit "1") outlines the terms of the transaction between FTX and Blockfolio, in which the Claimant participated.

7. The BLOCKFOLIO, INC. SERIES A-1 PREFERRED STOCK PURCHASE AGREEMENT (Exhibit 2) demonstrates the Claimant's investment in Blockfolio, which was subsequently acquired by FTX.

8. The Account Summary (including emails of Edward Moncada, then President of Blockfolio of February 1, 2021 and Harold Boo, attorney for Blockfolio of July 16, 2021 and CoinMarketCap screenshot showing FTT token value as of November 2, 2022, the day after the last distribution). (Exhibit "3") provides a detailed accounting of the funds related to the Claim, supporting the amount stated in the Proof of Claim.

9. These documents collectively provide proper and sufficient documentation to support the Claim filed by the Claimant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2024, at Westlake Village, California.

*/s/ Robert A. Weissman*
Robert A. Weissman

## POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION

### I. INTRODUCTION

This Points and Authorities is submitted in support of Weissman & Weissman 401k PSP FBO Robert A. Weissman's ("Claimant") Opposition to the Debtors' Omnibus Objection to Proofs of Claim. The Debtors' objection on the grounds of insufficient documentation is without merit, as the Claimant has provided ample evidence to support its claim.

### II. LEGAL STANDARD

A. Burden of Proof in Claims Objections

In a bankruptcy proceeding, a properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). When an objection is raised, the burden of proof shifts between the parties. Initially, the claimant must allege facts sufficient to support the claim. In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). If the claimant meets this initial burden, the burden shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. Id. at 173-74.

B. Sufficiency of Documentation

The level of documentation required to support a proof of claim depends on the nature of the claim and the surrounding circumstances. In re Sandifer, 318 B.R. 609, 611 (Bankr. M.D. Fla. 2004).

Courts have held that a claimant is not required to attach voluminous documentation to every proof of claim, particularly when such documentation is already in the possession of the debtor. In re Cluff, 313 B.R. 323, 337 (Bankr. D. Utah 2004).

III. ARGUMENT

A. The Claimant Has Provided Sufficient Documentation to Support Its Claim

The Claimant has met its initial burden by providing substantial documentation to support its claim, including:

1. A Deal Summary between FTX and Blockfolio;
2. BLOCKFOLIO, INC. SERIES A-1 PREFERRED STOCK PURCHASE AGREEMENT dated July 11, 2019; and
3. Account Summary (including emails of Edward Moncada, then President of Blockfolio of February 1, 2021 and Harold Boo, attorney for Blockfolio of July 16, 2021 and CoinMarketCap screenshot showing FTT token value as of November 2, 2022, the day after the last distribution).

These documents provide a clear and comprehensive basis for the Claim, detailing the Claimant's involvement in the transaction between FTX and Blockfolio, and specifying the amounts at issue. This level of documentation is more than sufficient to establish the prima facie validity of the Claim. See In re Sandifer, 318 B.R. at 611.

B. The Debtors Have Failed to Produce Evidence Negating the Validity of the Claim

Once a claimant has met its initial burden, the burden shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. In re Allegheny Int'l, Inc., 954 F.2d at 173-74. Here, the Debtors have merely asserted that the documentation is insufficient without providing any specific evidence or arguments as to why the provided documentation fails to support the Claim.

The Debtors' blanket objection, without more, is insufficient to overcome the presumption of validity accorded to the Claim. See In re Grammercy Twins Assocs., 187 B.R. 112, 114 (Bankr. S.D.N.Y. 1995) (holding that a party objecting to a claim must produce evidence equal in force to the prima facie case).

C. The Documentation Provided Is Particularly Reliable Given Its Nature and Source

The documents provided by the Claimant are not mere summaries or self-serving statements, but rather official transaction documents and detailed financial records. Courts have recognized that such documents carry particular weight in supporting a claim. See In re Cluff, 313 B.R. at 337 (noting that official documents and detailed records can provide strong support for a claim's validity).

Moreover, the Deal Summary and Stock Purchase Agreement are documents that would have been in the possession of the Debtors, given their involvement in the transaction. It would be inequitable to require the Claimant to provide additional documentation that is already in the Debtors' possession. See In re Cluff, 313 B.R. at 337.

IV. CONCLUSION

For the foregoing reasons, the Claimant respectfully requests that the Court overrule the Debtors' objection and allow the Claim in its entirety. The Claimant has provided more than sufficient documentation to support its Claim, and the Debtors have failed to meet their burden to negate the Claim's validity. In accordance with the above and the Account Summary provided, Claimant's claim show be increased to $327,960.05.

| | | |
|---|---|---|
| 1 | Dated: August 7, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Robert A. Weissman |
| | | Trustee of Weissman & Weissman 401k PSP FBO Robert A. Weissman, in propria persona |
| 5 | | Weissman & Weissman |
| | | 2660 Townsgate Road, Suite 350 |
| 6 | | Westlake Village, CA 91361-2714 |
| | | Tel: (805) 371-0500 |
| 7 | | Fax: (805) 371-0511 |
| | | Email: raw4law@verizon.net |

- 5 -

PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF VENTURA       )

I am employed in the County of Ventura, State of California. I am over the age of eighteen and not a party to the within action; my business address is 2660 Townsgate Road, Suite 350, Westlake Village, California 91361.

On August 5, 2024, I served the foregoing documents as **OPPOSITION OF WEISSMAN & WEISSMAN 401K PSP FBO ROBERT A. WEISSMAN TO DEBTORS' OMNIBUS OBJECTION TO PROOFS OF CLAIM** and Exhibits thereto on the interested parties in this action by electronic service of a true and correct copy thereof addressed as follows:

LANDIS RATH & COBB LLP
Kimberly A. Brown
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

SULLIVAN & CROMWELL LLP
Andrew G. Dietderich (admitted pro hac vice)
James L. Bromley (admitted pro hac vice)
Brian D. Glueckstein (admitted pro hac vice)
Alexa J. Kranzley (admitted pro hac vice)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com
Counsel for the Debtors and Debtors-in-Possession

[ X ] BY ELECTRONIC SERVICE Only to landis@lrclaw.com, brown@lrclaw.com, pierce@lrclaw.com, dietdericha@sullcrom.com, bromleyj@sullcrom.com, gluecksteinb@sullcrom.com, and kranzleya@sullcrom.com

The electronic transfer was made from my email address of raw4law@verizon.net with the document attached and no error was reported by the server. At the time of the transmission I was at least 18 years of age and not a party to this legal proceeding.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 7, 2024, at Westlake Village, California.

_____
Robert A. Weissman