## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, [1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. 22113** |
| | **Hearing Date: August 15, 2024 at 1:00 p.m. (ET)** |

### DEBTORS' RESPONSE TO LIMITED OMNIBUS OBJECTION OF MDL FTX CUSTOMERS TO PROFESSIONALS' MONTHLY FEE STATEMENTS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby file this response (the "Response") to the *Limited Omnibus Objection of MDL FTX Customers to Professionals' Monthly Fee Statements* [D.I. 22113] relating to work performed in May 2024 (the "Objection")[2] asserted by the MDL FTX Customers.[3]  In support of their Response, the Debtors respectfully state as follows:

### PRELIMINARY STATEMENT

1.    The Objection is a blatant and impermissible stunt by counsel representing no more than 14 creditors for only limited purposes to further their agenda of trying to derail these Chapter 11 Cases at the expense of the Debtors, their estates, and their stakeholders.  This small

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    A second substantially similar objection was recently served on the professionals with respect to work performed in June 2024 (the "June Fee Objection").  The same arguments set forth in this Response apply to that objection, the service of which highlights the need for the Court to stop this type of serial objection from being interposed. For the reasons set forth herein, the Debtors thus request that the June Fee Objection also be overruled.

[3]    The MDL FTX Customers are defined in the Objection as Alexander Chernyavsky, Brandon Orr, Chukwudozie Ezeokoli, Edwin Garrison, Gregg Podalsky, Julie Papadakis, Kyle Rupprecht, Leandro Cabo, Michael Livieratos, Michael Norris, Ryan Henderson, Shengyun Huang, Sunil Kavuri, and Vijeth Shetty.

group of disgruntled customers and their counsel, the Moskowitz Law Firm, PLLC and Boies
Schiller Flexner LLP (the "MDL Counsel"), improperly seek to stop professionals retained by
orders of this Court from being compensated for providing services to the Debtors benefitting their
estates and millions of stakeholders, in furtherance of an ill-fated strategy to advance individual
pecuniary interests outside of this Court's jurisdiction to the detriment of the Debtors' creditors.
This latest chapter of the MDL FTX Customers' and MDL Counsels' campaign to challenge the
entirety of these bankruptcy proceedings and this Court's jurisdiction over them should be
summarily rejected.[4]

2.      The May Fee Statements comply with the Court's Interim Compensation
Order.  The Objection fails to raise any substantive objection to the fees and expenses requested
by the Professionals.   Instead, the MDL FTX Customers posit—without any evidence
whatsoever—that payment of the amounts requested in the May Fee Statements may be funded
from a source that is not estate property and, as a result, interim payment to the Professionals
should be denied.  The Objection is meritless, and is, instead, an obvious, transparent and improper
attempt to litigate customer property issues that are being addressed through the Plan confirmation
process.  Accordingly, and for the reasons set forth herein, the Objection should be overruled.

### RELEVANT BACKGROUND

3.      On November 11 and November 14, 2022, the Debtors filed with the United
States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief
under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their
properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[4]   The broader efforts of the MDL FTX Customers and MDL Counsel to interfere with these Chapter 11 Cases and
the Debtors efforts to recover and marshal assets for all stakeholders are detailed in the recently-filed adversary
proceeding, FTX *Trading Ltd.* v. *Chernyavsky,* Adv. Pro. No. 24-50072 (the "Adversary Proceeding").

Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court

by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the

United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official

Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy

Code [D.I. 231].

       4.      On January 9, 2023, the Court entered the *Order Establishing Procedures*

*for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435] (the

"Interim Compensation Order") which, among other things, established procedures for the interim

payment of fees and expenses of professionals employed in these Chapter 11 Cases (the

"Professionals").  Pursuant to the Interim Compensation Order, each Professional seeking

compensation shall file a monthly fee statement (each, a "Monthly Fee Statement") and serve it on

(i) the Debtors, (ii) counsel to the Committee, (iii) the U.S. Trustee, and (iv) any fee examiner

appointed in these Chapter 11 Cases (collectively, the "Notice Parties").  Interim Compensation

Order ¶ 2(a).[5]  The Interim Compensation Order further provides that "[i]n the event that a ***Notice***

***Party*** has an objection to the compensation or reimbursement sought in a particular Monthly

Statement, such Notice Party shall, no later than 4:00 p.m. (Prevailing Eastern Time) twenty (20)

days after service of the applicable Monthly Statement (the "Objection Deadline"), serve upon the

Professional whose Monthly Statement is objected to and the other Notice Parties a written "Notice

of Objection to Monthly Statement," setting forth with specificity the nature of the objection and

the amount of fees or expenses at issue."  Interim Compensation Order ¶ 2(d) (emphasis added).

Upon expiration of the Objection Deadline and filing of a certificate of no objection, the Debtors

---

[5]    Although the MDL FTX Customers are not Notice Parties entitled to object to Monthly Fee Statements pursuant to the Interim Compensation Order, because the Objection seeks to prevent payment to the Professionals, the Debtors file this Response to ensure that payments to the Professionals are authorized by the Court.

are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement that are unopposed.   Interim Compensation Order ¶ 2(e).

5.      On March 8, 2023, the Court entered the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] appointing Katherine Stadler to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

6.      On July 25, 2024, counsel to the MDL FTX Customers served the Objection on the Debtors and certain Professionals, objecting to payment of the Professionals' Monthly Fee Statements for May 1, 2024 to May 31, 2024 (the "May Fee Statements").

## RESPONSE

### I.      The Objection Fails to Articulate a Valid Objection to the May Fee Statements.

7.      The MDL FTX Customers' sole basis to object to the May Fee Statements is their conclusory assertion that the source of funding for payment of the Professionals may not be property of the Debtors' estates and that no further distributions from the estates should be permitted.  Obj. ¶ 11.  While desiring to bring the recovery efforts of these Chapter 11 Cases, which have yielded billions of dollars for the benefit of creditors, to a screeching halt, the Objection fails to articulate any substantive issue with, or objection to, any of the Professionals' fees or expenses set forth in the May Fee Statements as contemplated by the Interim Compensation Order and should be overruled on that basis alone.[6]

---

[6]   Indeed, in a recent filing in the United States District Court Southern District of Florida, the MDL FTX Customers acknowledge the Professionals' efforts in these Chapter 11 Cases stating "[w]hile more than $721 million dollars has already been requested and paid to these FTX bankruptcy lawyers and professionals, these professionals have done a great job, amassing billions of dollars for all FTX victims, including the [MDL FTX Customers]." *In Re: FTX Cryptocurrency Exchange Collapse Litigation*, Case No. 1:23-md-03076-KMM (S.D. Fla. Aug. 1, 2024), ECF No. 714, at 2.

8.      Separately, after this Court determined that MDL Counsel lacks standing in these Chapter 11 Cases, MDL Counsel—now through the named MDL FTX Customers—renew their attempt to urge the Court to prematurely consider customer property arguments and prevent estate Professionals from executing their duties.  Specifically, by the Objection, the MDL FTX Customers seek to prevent the Debtors from paying the May Fee Statements "until the Court resolves the issue of whether the Digital Assets are property of the Debtors' estates." Obj. ¶ 12. Notably, the MDL FTX Customers did *not* assert this position in the *Limited Omnibus Objection of FTX Customers to Professionals' Interim Fees* [D.I. 19436] (the "Interim Fee Objection") they filed on July 5, 2024, which states that the Interim Fee Objection was filed "only to preserve their rights to dispute any awards once their property rights have been adjudicated."  Interim Fee Obj. ¶ 3.  Now, MDL Counsel seeks to manufacture perceived leverage by attempting to force resolution of asserted customer property issues by tying those issues to approval of the Professionals' Monthly Fee Statements and, in the process, denying payment to the Professionals. It is obvious, however, that customer property issues and the approval and payment of the Professionals' fees are entirely unrelated.  *See In re Allegiance Coal USA Ltd.*, 2024 LEXIS 1323, *3 (Bankr. D. Del. Jun. 6, 2024) (ruling that lender's ability to prevent the debtors from making a cash payment under DIP budget does not provide a basis to deny estate professionals an award of fees that are otherwise appropriately awarded under Bankruptcy Code section 330); *In re EdgeMarc Energy Holdings, LLC, et al.*, Case No. 19-11104 (JTD) (Bankr. D. Del. Oct. 23, 2019) (approving committee professionals' fees over lender's objection that did not contest the requested fees on substantive grounds).

9.      Moreover, the Debtors have been clear for months that any creditor seeking to litigate customer property rights is free to do so in connection with confirmation of the Debtors'

5

plan of reorganization.  It makes no sense for the Court to separately address any such arguments in the context of the unrelated issue of Professionals' fees and expenses at the request of a small subset of creditors.  Of course, neither MDL Counsel nor the MDL FTX Customers have done anything to substantiate their bald assertions.[7]  Indeed, the MDL FTX Customers bring the Objection over 18 months after commencement of the Chapter 11 Cases when Plan solicitation is well underway, which further evidences its purpose—to disrupt the Debtors' Chapter 11 Cases and plan confirmation process.  Their Objection is thus both procedurally and substantively misplaced.

10.    In addition, as noted above, neither MDL Counsel nor the MDL FTX Customers are Notice Parties under the Interim Compensation Order.  As such, the MDL FTX Customers do not have standing to object to Monthly Fee Statements.  Although it was entirely unnecessary, the MDL FTX Customers already have reserved their rights in the Interim Fee Objection.  Any objection to the fees and expenses requested in the May Fee Statements (or any other fees and expenses paid to Professionals) can and should be brought when the Professionals seek interim or final approval of such fees and expenses.  Accordingly, the Court should overrule the Objection.

**II.    MDL Counsel and the MDL FTX Customers Have Not Established Standing.**

11.    Pursuant to Bankruptcy Rule 2019, an entity, including a law firm, "that represents[] multiple creditors . . . that are . . . acting in concert to advance their common interests" by "tak[ing] a position before the court" is required to file verified statement with information

---

[7]    The MDL FTX Customers state that they intend to seek class certification in the Adversary Proceeding, the resolution of which they assert will require a determination regarding the ownership of customer deposits. Objection at ¶5, n. 6.  The Debtors disagree that the Adversary Proceeding requires adjudication of customer property rights and reserve all rights.  As of the date hereof, the MDL FTX Customers have not sought class certification in the Adversary Proceeding.

about such creditors, including names and holdings.  *See*, *e.g.*, *In re Imerys Talc Am., Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del. Mar. 12, 2021) [D.I. 3088] (ordering law firms representing creditors, including a law firm that filed an objection to a disclosure statement on behalf of creditors, to file statements under Bankruptcy Rule 2019 within five days).  The rule provides that the Court has discretion to remedy a failure to comply by refusing to permit the entity or group to be heard.  Fed. R. Bank. P. 2019(e); *see In re Gawker Media LLC*, Case No. 16-11700 (SMB) (Bankr. S.D.N.Y. Feb. 8, 2017) [D.I. 743] (enjoining group from being heard or intervening in chapter 11 case due to non-compliance with Bankruptcy Rule 2019).

12.     At the June 25, 2024 hearing on approval of the Debtors' Disclosure Statement, the Court ruled that MDL Counsel lacked standing in these Chapter 11 Cases.  *See* Jun. 25, 2024 Hr'g Tr. 36:1-8.  In addition, this Court noted that if MDL Counsel is appearing on behalf of MDL FTX Customers, they must make the disclosures required by Bankruptcy Rule 2019. *Id*. at 33:11-17 ("Well then you have got to tell me who the party is that has the standing, it's not the law firm. So, if it's the individual claimants in the MDL action then you have got two problems with that. One, you haven't disclosed it under 2019, which is required, and, two, you only have a putative class. You don't have an actual class that has been certified by the Court yet.")

13.     Following multiple demands from the Debtors, MDL Counsel on August 2, 2024 filed the *Verified Statement of Gellert Seitz Busenkell & Brown LLC, the Moskowitz Law Firm, and Boies Schiller Flexner LLP Pursuant to Bankruptcy Rule 2019* [D.I. 22168] (the "2019 Statement"), purporting to comply with Bankruptcy Rule 2019.[8]  As relevant here, the 2019 Statement states that each MDL FTX Customer has retained MDL Counsel for certain limited purposes:  (i) "to represent him or as counsel in connection asserted in the multi-district litigation"

---

[8]     The Debtors reserve all rights with respect to the adequacy of the 2019 Statement.

and (ii) "in connection with that certain adversary proceeding"—i.e. the Debtors' Adversary Proceeding. 2019 Statement ¶ 1. The 2019 Statement therefore confirms that MDL Counsel does *not* represent any of the MDL FTX Customers generally with respect to any claims asserted against the Debtors or otherwise in the Chapter 11 Cases for any purpose other than with respect to the Adversary Proceeding.

14.    Courts frequently conclude that a party has standing to challenge relief sought to the extent that such relief adversely affects the direct interests of the objecting party. *See, e.g.*, *In re Genesis Global Holdco, LLC*, 2024 WL 2264719 at *35 (Bankr. D. Del. May 17, 2024) (concluding that a party lacked standing to challenge distributions under the reorganization plan because it had "no direct economic interest in the manner in which value is being distributed" under the plan); *see also In re Indianapolis Downs,* LLC, 486 B.R. 286, 304 (Bankr. D. Del. 2013) ("In the context of a confirmation hearing, creditors 'have standing only to challenge those parts of a reorganization plan that affect their direct interests.'") (quoting *In re Orlando Investors, L.P.*, 103 B.R. 593, 596-97 (Bankr. E.D. Pa. 1989)); *In re Mallinckrodt PLC*, 639 B.R. 837, 860-861 (Bankr. D. Del. 2022) (concluding that a party who had opted out of third-party releases did not have standing to object to such releases since it had no direct economic interest in the releases); *In re Quigley Co.*, 391 B.R. 695, 705 (Bankr. S.D.N.Y. 2008) ("[A] 'party in interest' cannot assert third party rights defensively to defeat confirmation even if confirmation would directly and adversely affect its own rights. Instead, the objecting party can only challenge the parts of the plan that directly implicate its own rights and interests."); *In re AbitibiBowater Inc.*, 2010 WL 4823839 at *8-9 (Bankr. D. Del. Nov. 22, 2010) (concluding that objecting parties, who allege that a proposed plan discriminated unfairly against employees of a non-debtor entity, did not have standing since "there is no plan provision that directly or adversely affects the pecuniary interests

of [those employees]").  Accordingly, standing determinations should be made on a particularized basis as to each objection.

15.     The payment of the amounts to the Professionals requested in the May Fee Statements do not implicate any rights or interests of MDL Counsel or the MDL FTX Customers in connection with claims against third parties in the MDL or in connection with the Adversary Proceeding.  As a result, the MDL FTX Customers, represented by MDL Counsel, lack standing to object to the May Fee Statements in any event.

## CONCLUSION

16.     For the forgoing reasons, the Debtors request that the Court overrule the Objection and the June Fee Objection, authorize the payment of the amounts to the Professionals requested in their Monthly Fee Statements in accordance with the Interim Compensation Order, and grant such other and further relief as is just and proper.

Dated: August 8, 2024
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Adam G. Landis*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
E-mail:  dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*