### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., et al.,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket Nos. 22113 and 22579<br>Hearing Date: August 15, 2024 at 1:00 p.m. (ET) |

### OBJECTION AND RESPONSE OF PAUL HASTINGS LLP AND YOUNG CONAWAY STARGATT & TAYLOR LLP, AND JOINDER IN THE DEBTORS' RESPONSE, TO LIMITED OMNIBUS OBJECTION OF MDL FTX CUSTOMERS TO PROFESSIONALS' MONTHLY FEE STATEMENTS

Paul Hastings, LLP and Young Conaway Stargatt & Taylor, LLP (collectively, "Committee Counsel"), as respective counsel to the Official Committee of Unsecured Creditors appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submit this objection and response (the "Response") to the *Limited Omnibus Objection of MDL FTX Customers to Professionals' Monthly Fee Statements,* dated July 25, 2024 [Docket No. 22113], Ex. A (the "MDL Objection"), and join in the *Debtors' Response To Limited Omnibus Objection Of MDL FTX Customers To Professionals' Monthly Fee Statements* [Docket No. 22579] (the "Debtors' Response"), and respectfully state as follows:

1.  The MDL Objection is a transparent ploy by the MDL FTX Customers[2] and their counsel to exert leverage against the estates' professionals by (however improperly), objecting to their

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not defined herein have the meanings ascribed in the MDL Objection.

May Fees,[3] in obvious retaliation for the MDL Adversary Proceeding filed by the Debtors that seeks, among other things, a determination that certain claims asserted in the multidistrict litigation styled *in re FTX Cryptocurrency Exchange Collapse Litigation*, No. 23-md-03076 (S.D. Fla.) (the "MDL") are estate causes of action that may only be pursued by the Debtors or an estate representative, on behalf of all stakeholders.

2. Putting aside their motives, the MDL FTX Customers fail to provide any basis for preventing payment of the May Fees to Committee Counsel or to any of the other estates' professionals. The MDL Objection, in fact, is not at all an objection to the appropriateness of the May Fees; rather, it is a confirmation objection concerning alleged customer property issues. Fundamentally, no evidence is presented by the MDL FTX Customers to support the sole purported basis for the MDL Objection – that "the source of payments are [not] property of the estates." MDL Objection, ¶ 2 at fn. 4. The MDL Objection should be overruled for that reason alone.[4]

3. As an initial matter, the Debtors' assets *are* property of the estates unless and until this Court finds otherwise.[5] If the MDL FTX Customers truly wanted to upend these Chapter 11 Cases and jeopardize recoveries to creditors – including customers such as the MDL FTX Customers themselves – they could have, and should have, commenced litigation to adjudicate their customer

---

[3] The MDL Objection targets the Fees sought by the Debtors' counsel, financial advisors, investment banker and claims agent, the Committee Counsel, and local counsel to the Examiner. On August 6, 2024, the MDL FTX Customers' counsel served a second objection upon certain of the estates' professionals with respect to work performed in June 2024, demonstrating the objectors' intentions to continue to file such improper objections going forward. All such objections by the MDL FTX Customers should be overruled for the same reasons set forth in this Response and the in Debtors' Response.

[4] The MDL Objection is procedurally improper because the MDL FTX Customers are not a "Notice Party" under the Interim Fee Order (defined below) and – as a result – are not entitled to object to Monthly Fee Statements. Accordingly and if the Court is not inclined to overrule the MDL Objection, it should be treated as an objection to the next Interim Applications and dealt with when such applications are addressed by the Court.

[5] The MDL FTX Customers concede that customer property issues will be adjudicated as part of the confirmation proceedings. MDL Objection,¶ 4 at 4. Indeed, plaintiffs (one of whom is an MDL FTX Customer) have made no attempt to prosecute the one pending adversary proceeding in which the customer property issues were raised (*Kavuri v. FTX Trading Ltd., et al*, Adv. Pro. No. 24-50012 (JTD)), in the face of the Debtors' motion to stay the proceeding while the customer property issues are litigated as part of the confirmation proceedings.

property arguments much earlier, not on the eve of confirmation. But, at bottom, merely asserting a factually unsupported customer property theory in the MDL Objection provides no basis for denying payment of the May Fees (or any other professional's fees).

4. In order for the proposition set forth in the MDL Objection to prevail – that is, that a finding in their favor on customer property would prohibit payment of professionals' fees – the MDL FTX Customers would have to prove that the *entirety of the estates' assets* is customer property. That they cannot do. As the Debtors accurately described in the Disclosure Statement:

> [F]rom the Debtors' perspective, the legal documentation for the FTX.com exchange was a self-contradictory mess. The FTX.com exchange user agreement included conclusory language stating that customers "owned" "their" digital assets, yet it did not include the other provisions necessary to create a conventional custody or trust relationship under applicable law. The user agreements also did not provide for the segregation of assets or the return of assets in specie to customers. Nor did such "ownership" language cover the billions in fiat currency owed to customers. More fundamentally, behind the scenes at the FTX.com exchange, there had been no attempt to match customer positions with underlying assets attributable to customers. As described below and as previously disclosed, the FTX Group had only a small fraction of the digital assets in FTX.com exchange wallets that would have been necessary to cover customer positions on the Petition Date. Significantly, the shortfall in digital assets was not the result of a few large transfers of those assets out of FTX.com exchange wallets as the FTX Group collapsed; instead, there appeared *never* to have been reliable segregation nor reconciliation of customer entitlements to actual assets at the FTX.com exchange.

Docket No. 19143 at 4-5. Absent proof that there would be no available assets to satisfy professionals' fees – proof that the MDL FTX Customers have not even alleged, let alone produced – the MDL Objection must fail.

5. Finally, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 435] (the "Interim Fee Order"), expressly provides that "[a]ll fees and expenses reimbursed to a Professional under these Compensation Procedures are subject to disgorgement until final allowance by the Court." *Id*. at ¶ 4(k), at 4. Accordingly, no prejudice would result from overruling the MDL Objection because all rights of the

3

MDL FTX Customers (or any other party) to object to the estates' professionals' fees are reserved for final determination by this Court. The MDL FTX Customers acknowledge as much in the MDL Objection (*see* MDL Objection ¶ 12, fn. 8 at 7 (reserving rights to seek disgorgement and to object to a final fee application)); yet, incredibly, they have forced the matter to be brought before this Court.

## CONCLUSION

**WHEREFORE** the Committee Counsel respectfully requests that the Court overrule the MDL Objection, allow the May Fees to paid consistent with the Interim Fee Order, and grant such other and further relief as the Court finds just and appropriate.

| | |
|---|---|
| Dated: August 8, 2024<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Robert F. Poppiti, Jr.*<br>Matthew B. Lunn (No. 4119)<br>Robert F. Poppiti, Jr. (No. 5052)<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600  Facsimile: (302) 571-1253<br>Email: mlunn@ycst.com<br>         rpoppiti@ycst.com<br><br>-and-<br><br>PAUL HASTINGS LLP<br>Kristopher M. Hansen\*<br>Kenneth Pasquale\*<br>Gabriel E. Sasson\*<br>Isaac S. Sasson\*<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 318-6000  Facsimile: (212) 319-4090<br>Email: krishansen@paulhastings.com<br>         kenpasquale@paulhastings.com<br>         gabesasson@paulhastings.com<br>         isaacsasson@paulhastings.com<br><br>\**Admitted pro hac vice*<br><br>*Counsel to the Official Committee of Unsecured Creditors* |