**EXHIBIT A**

# FTX Non Customer Proof of Claim Form

## Electronic Proof of Claim ID

If you have an EPOC ID please enter it below and select next to proceed with your claim submission.  EPOC IDs can be located on the pre-printed proof of claim forms sent via first-class mail.

EPOC ID

EPOC IDs are not required to submit a claim.  If you cannot locate your EPOC ID or do not have an EPOC ID, please select next to continue with your claim submission.

## Instructions

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

☐ Check here to see further instructions on completing your claim form:

## Debtor Selection

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

- ◉ FTX Trading Ltd. (Case No. 22-11068)
- ○ Alameda Aus Pty Ltd (Case No. 22-11104)
- ○ Alameda Global Services Ltd. (Case No. 22-11134)
- ○ Alameda Research (Bahamas) Ltd (Case No. 22-11105)
- ○ Alameda Research Holdings Inc. (Case No. 22-11069)
- ○ Alameda Research KK (Case No. 22-11106)
- ○ Alameda Research LLC (Case No. 22-11066)
- ○ Alameda Research Ltd (Case No. 22-11067)
- ○ Alameda Research Pte Ltd (Case No. 22-11107)
- ○ Alameda Research Yankari Ltd (Case No. 22-11108)
- ○ Alameda TR Ltd (Case No. 22-11078)
- ○ Alameda TR Systems S. de R. L. (Case No. 22-11109)
- ○ Allston Way Ltd (Case No. 22-11079)
- ○ Analisya Pte Ltd (Case No. 22-11080)
- ○ Atlantis Technology Ltd. (Case No. 22-11081)
- ○ Bancroft Way Ltd (Case No. 22-11082)
- ○ Blockfolio, Inc. (Case No. 22-11110)
- ○ Blue Ridge Ltd (Case No. 22-11083)
- ○ Cardinal Ventures Ltd (Case No. 22-11084)
- ○ Cedar Bay Ltd (Case No. 22-11085)
- ○ Cedar Grove Technology Services, Ltd. (Case No. 22-11162)
- ○ Clifton Bay Investments LLC (Case No. 22-11070)
- ○ Clifton Bay Investments Ltd (Case No. 22-11111)
- ○ Cottonwood Grove Ltd (Case No. 22-11112)
- ○ Cottonwood Technologies Ltd (Case No. 22-11136)
- ○ Crypto Bahamas LLC (Case No. 22-11113)
- ○ DAAG Trading, DMCC (Case No. 22-11163)
- ○ Deck Technologies Holdings LLC (Case No. 22-11138)
- ○ Deck Technologies Inc. (Case No. 22-11139)
- ○ Deep Creek Ltd (Case No. 22-11114)
- ○ Digital Custody Inc. (Case No. 22-11115)
- ○ Euclid Way Ltd (Case No. 22-11141)
- ○ FTX (Gibraltar) Ltd (Case No. 22-11116)
- ○ FTX Canada Inc (Case No. 22-11117)
- ○ FTX Certificates GmbH (Case No. 22-11164)
- ○ FTX Crypto Services Ltd. (Case No. 22-11165)
- ○ FTX Digital Assets LLC (Case No. 22-11143)
- ○ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118)
- ○ FTX EMEA Ltd. (Case No. 22-11145)
- ○ FTX Equity Record Holdings Ltd (Case No. 22-11099)
- ○ FTX EU Ltd. (Case No. 22-11166)
- ○ FTX Europe AG (Case No. 22-11075)
- ○ FTX Exchange FZE (Case No. 22-11100)
- ○ FTX Hong Kong Ltd (Case No. 22-11101)
- ○ FTX Japan Holdings K.K. (Case No. 22-11074)
- ○ FTX Japan K.K. (Case No. 22-11102)
- ○ FTX Japan Services KK (Case No. 22-11103)
- ○ FTX Lend Inc. (Case No. 22-11167)
- ○ FTX Marketplace, Inc. (Case No. 22-11168)
- ○ FTX Products (Singapore) Pte Ltd (Case No. 22-11119)
- ○ FTX Property Holdings Ltd (Case No. 22-11076)
- ○ FTX Services Solutions Ltd. (Case No. 22-11120)
- ○ FTX Structured Products AG (Case No. 22-11122)
- ○ FTX Switzerland GmbH (Case No. 22-11169)
- ○ FTX Trading GmbH (Case No. 22-11123)
- ○ FTX US Services, Inc. (Case No. 22-11171)
- ○ FTX US Trading, Inc. (Case No. 22-11149)
- ○ FTX Ventures Ltd. (Case No. 22-11172)
- ○ FTX Zuma Ltd (Case No. 22-11124)
- ○ GG Trading Terminal Ltd (Case No. 22-11173)
- ○ Global Compass Dynamics Ltd. (Case No. 22-11125)
- ○ Good Luck Games, LLC (Case No. 22-11174)
- ○ Goodman Investments Ltd. (Case No. 22-11126)

○ Hannam Group Inc (Case No. 22-11175)
○ Hawaii Digital Assets Inc. (Case No. 22-11127)
○ Hilltop Technology Services LLC (Case No. 22-11176)
○ Hive Empire Trading Pty Ltd (Case No. 22-11150)
○ Innovatia Ltd (Case No. 22-11128)
○ Island Bay Ventures Inc (Case No. 22-11129)
○ Killarney Lake Investments Ltd (Case No. 22-11131)
○ Ledger Holdings Inc. (Case No. 22-11073)
○ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177)
○ LedgerPrime Bitcoin Yield Enhancement Master Fund LP (Case No. 22-11155)
○ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156)
○ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157)
○ LedgerPrime LLC (Case No. 22-11158)
○ LedgerPrime Ventures, LP (Case No. 22-11159)
○ Liquid Financial USA Inc. (Case No. 22-11151)
○ Liquid Securities Singapore Pte Ltd (Case No. 22-11086)
○ LiquidEX LLC (Case No. 22-11152)
○ LT Baskets Ltd. (Case No. 22-11077)
○ Maclaurin Investments Ltd. (Case No. 22-11087)
○ Mangrove Cay Ltd (Case No. 22-11088)
○ North Dimension Inc (Case No. 22-11153)
○ North Dimension Ltd (Case No. 22-11160)
○ North Wireless Dimension Inc. (Case No. 22-11154)
○ Paper Bird Inc (Case No. 22-11089)
○ Pioneer Street Inc. (Case No. 22-11090)
○ Quoine India Pte Ltd (Case No. 22-11091)
○ Quoine Pte Ltd (Case No. 22-11161)
○ Quoine Vietnam Co. Ltd (Case No. 22-11092)
○ Strategy Ark Collective Ltd. (Case No. 22-11094)
○ Technology Services Bahamas Limited (Case No. 22-11095)
○ Verdant Canyon Capital LLC (Case No. 22-11096)
○ West Innovative Barista Ltd. (Case No. 22-11097)
○ West Realm Shires Financial Services Inc. (Case No. 22-11072)
○ West Realm Shires Inc. (Case No. 22-11183)
○ West Realm Shires Services Inc. (Case No. 22-11071)
○ Western Concord Enterprises Ltd. (Case No. 22-11098)
○ Zubr Exchange Ltd (Case No. 22-11132)

## Part 1: Identify the Claim

**1. Who is the current Creditor?**
Name of the current creditor (the person or entity to be paid for this claim)

Is the current Creditor an Individual?
⦿ No
○ Yes

Creditor Name

Celsius Network Limited and its affiliated debtors

Other names the creditor used with the debtor

Email the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
⦿ No
○ Yes

From whom?

FTX Non Customer Proof of Claim Form

**3. Where should notices and payments to the Creditor be sent?**

[Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)]

**Where should notices to the Creditor be sent?**

Name:

> Celsius Network Limited and its affiliated debtors

Address 1 (Street address, "Care of:", or "Attention To:"):

> Attn: ANDREW S. RICHMOND

Address 2:

> PRYOR CASHMAN LLP

Address 3:

> 7 Times Square

Address 4:

>

City:

> New York

State or Province (use 2-letter abbreviation if US or Canada):

> NY

Zip Code | Postal Code:

> 10036-6569

**Is the creditor address outside of the US?**

◉ No
○ Yes

Contact phone:

> 212-326-0251

Contact email:

> arichmond@pryorcashman.com

**Should payments go to a different address?**

○ No
○ Yes

**Would you like to add any additional noticing addresses?**

○ No
◉ Yes

**Additional Address Block 1**

Name:

> Celsius Network Limited and its affiliated debtors

Address 1 (Street address, "Care of:", or "Attention To:"):

> Attn: JUSTIN R. ALBERTO

Address 2:

> COLE SCHOTZ P.C.

Address 3:

> 500 Delaware Avenue, Ste. 1410

Address 4:

>

City:

Wilmington

State or Province (use 2-letter abbreviation if US or Canada):

DE

Zip Code | Postal Code:

19801

Is the creditor address outside of the US?

◉ No
○ Yes

Contact phone:

302-652-3131

Contact email:

jalberto@coleschotz.com

**Would you like to add any additional noticing addresses?**

◉ No
○ Yes

**4. Does this claim amend one already filed?**

○ No
◉ Yes

Claim number on court claims registry (if known)

3938

Filed on:

6/29/2023

**5. Do you know if anyone else has filed a Proof of Claim for this claim?**

◉ No
○ Yes

Who made the earlier filing?

Part 2a: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

◉ No
○ Yes

Last 4 digits of the debtor's account or any number you use to identify the debtor:

**If filing a claim for cryptocurrency, please fill in 7b.**

**7a. How much is the claim?**

$    no less than $444,457,844 (see attached)

Does this amount include interest or other charges?

◉ No
○ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide:**

(i) the currency type:

(ii) the amount in such currency

(iii) a conversion rate to U.S. dollars

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

Please use only numerals and decimals in the Count fields, up to a maximum of 21 digits or 20 digits and 1 decimal.

| Coin List | Count | Coin List | Count |
|---|---|---|---|
| | | | |
| Coin List | Count | Coin List | Count |
| | | | |
| Coin List | Count | Coin List | Count |
| | | | |

## Part 2b: Give Information About the Claim as of the Date the Case Was Filed

**8. What is the basis of the claim?**

see attached explanation of causes of action

**9. Is all or part of the claim secured?**

◉ No

○ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate

☐ Motor vehicle

☐ Other

Describe:

**Basis for perfection:**

**Value of property (all amounts in US $ dollars):**

**Amount of the claim that is secured (all amounts in US $ dollars):**

**Amount of the claim that is unsecured (all amounts in US $ dollars):**

**Amount necessary to cure any default as of the date of the petition (all amounts in US $ dollars):**

Annual Interest Rate (when case was filed) % -

○ Fixed

○ Variable

**Annual Interest Rate (when case was filed) %:**

FTX Non Customer Proof of Claim Form

**10. Is this claim based on a lease?**

◉ No

○ Yes

**Amount necessary to cure any default as of the date of the petition (all amounts in US $ dollars).**

[                                                                                          ]

**11. Is this claim subject to a right of setoff?**

◉ No

○ Yes

Identify the property.

[                                                                                          ]

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

◉ No

○ Yes

☐ Domestic support obligations (including alimony and child support) under 11 U.
S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or
services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before
the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.
11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

◉ No

○ Yes.

**Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case (s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions above on what further information is required.**

[                                                                                          ]

## Part 3: Electronic Signature

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**

**18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

- ◉ I am the creditor.
- ○ I am the creditor's attorney or authorized agent.
- ○ I am the trustee, or the Debtor, or their authorized agent. Bankruptcy Rule 3004.
- ○ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

## Executed on date (Calculated in UTC)

07/07/2024

Signature



I certify that I have completed my Proof of Claim form on the Kroll Restructuring Administration Portal. I hereby agree that my electronic signature herein complies with the ESIGN Act, and accordingly shall have the same legal effect as my original signature.

☑ I agree

**Name of the person who is completing and signing this claim:**

First Name/Middle Name/Last Name:

Mohsin Meghji

Title/Company:

Litigation Administrator

Address 1:

Celsius Network LLC and its affiliated debtors

Address 2:

1700 Broadway, 19th Floor

City:

New York

State or Province (use 2-letter abbreviation if US or Canada):

NY

Zip Code | Postal Code:

10019

Is this address outside of the US?

● No
○ Yes

Contact phone:

212-326-0251

Contact email:

arichmond@pryorcashman.com

## Supporting Documentation

**Attach Support Documentation (limited to a single PDF attachment that is less than 5 megabytes in size):**

● I have supporting documentation
○ I do not have supporting documentation

**Attach a single PDF attachment that is less than 5 megabytes in size**

Addendum to Amended POC.pdf                                                                                    26 KB

**Attachment Filename**

Addendum to Amended POC.pdf

## ADDENDUM TO AMENDED PROOF OF CLAIM
## OF MOHSIN MEGHJI, AS LITIGATION ADMINISTRATOR
## FOR CELSIUS NETWORK LLC AND ITS AFFILIATED DEBTORS

1.      Mohsin Meghji, as Litigation Administrator (the "Celsius Litigation Administrator") for Celsius Network LLC and its affiliated debtors (collectively, "Celsius") files this amended contingent, unliquidated, general unsecured claim against debtor FTX Trading Ltd. and each of its affiliated debtors (collectively, "FTX")[1] in the chapter 11 bankruptcy cases pending before the United States Bankruptcy Court for the District of Delaware, Case Nos. 22-11068.  This amended proof of claim, together with the amended proofs of claim contemporaneously filed by the Celsius Litigation Administrator against FTX (collectively, the "Amended Proofs of Claim") amend and supplement the 96 proofs of claim (collectively, the "Original Proofs of Claim") timely filed by Celsius on June 29 and 30, 2023.[2]

2.      On July 13, 2022, Celsius filed chapter 11 petitions in the United States Bankruptcy Court for the Southern District of New York, which cases are jointly administered as, *In re Celsius Network LLC*, et al., Case No. 22-10964 (MG).  On, January 29, 2024, Celsius filed the *Modified Joint Chapter 11 Plan of Reorganization of Celsius Network LLC and Its Debtor Affiliates (Modified for MiningCo Transaction)* (the "Celsius Plan"), which was confirmed on November 9, 2023 and became effective on January 31, 2024 (the "Celsius Effective Date").  *See In re Celsius Network LLC*, Case No. 22-10964 (Bankr. S.D.N.Y. Jul. 13, 2022), D.I. 4289, D.I. 3972, D.I. 4298.

---

[1]     A complete list of the FTX debtors may be obtained on the website of the FTX debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]     *See* Claim Nos. 3021, 3130, 3140, 3152, 3202, 3262, 3306, 3320, 3350, 3390, 3530, 3581, 3586, 3594, 3620, 3623, 3657, 3678, 3688, 3697, 3703, 3714, 3735, 3747, 3761, 3780, 3789, 3805, 3807, 3811, 3817, 3818, 3829, 3832, 3843, 3849, 3851, 3853, 3864, 3867, 3882, 3886, 3899, 3916, 3922, 3925, 3928, 3929, 3931, 3935, 3938, 3939, 3942, 3943, 3945, 3948, 3949, 3957, 3960, 3961, 3963, 3965, 3966, 3973, 3976, 3979, 3980, 3982, 3984, 3985, 3986, 3988, 3990, 3992, 3994, 3997, 3998, 3999, 4003, 4004, 4006, 4009, 4011, 4012, 4017, 4018, 4021, 4027, 4029, 4035, 4037, 4038, 4054, 4105, 4118, and 4574.

3.      Upon the Celsius Effective Date, the Celsius Litigation Administrator was appointed pursuant to the Celsius Plan to prosecute, settle, or otherwise resolve certain remaining disputed claims on behalf of Celsius's estates, including the Original Proofs of Claims.[3]  Consistent with this authority, the Celsius Litigation Administrator has investigated (and continues to investigate) the causes of action asserted in the Original Proofs of Claim and files the Amended Proofs of Claim based on his ongoing investigation to reassert certain claims with greater particularity.

**I.      Basis for Claim**

4.      The Original Proofs of Claim asserted two categories of causes of action, which were both subject to ongoing investigation: (i) causes of action "based upon unsubstantiated and disparaging statements allegedly made by FTX's officers, directors, employees, or agents regarding Celsius' balance sheet and financial condition" and (ii) causes of action ". . . under chapter 5 of the Bankruptcy Code, including preference and fraudulent transfer actions" (the "Avoidance Claims").[4]  Since the filing of the Original Proofs of Claim and based on his investigation, the Celsius Litigation Administrator identified the following additional details regarding the Avoidance Claims asserted in the Original Proofs of Claim.

---

[3]   The Celsius Litigation Administrator files these Amended Proofs of Claim pursuant to the *Findings of Fact, Conclusions of Law, and Order Signed on November 9, 2023 Confirming the Modified Joint Chapter 11 Plan of Celsius Network LLC and its Debtor Affiliates* (the "Celsius Confirmation Order") and the *Litigation Administrator Agreement* attached as Exhibit B to the *Eleventh Notice of Filing of Plan Supplement* (the "Litigation Administrator Agreement").  *See In re Celsius Network LLC*, D.I. 3972, D.I. 4297.  Pursuant to the Celsius Plan, the Celsius Confirmation Order, the Litigation Administrator Agreement, and section 1123 of the Bankruptcy Code, the Celsius Litigation Administrator has the capacity, in his own right and name, to investigate, prosecute, compromise, and settle Recovery Causes of Action (as defined in the Litigation Administrator Agreement), including the actions in the Original Proofs of Claim and these Amended Proofs of Claim, on behalf of Celsius and its estates.

[4]   *See e.g.* Claim No. 3938, Addendum at 2.

2

5.      *First*, the Celsius Litigation Administrator identified certain avoidable transfers made during the 90-day period preceding the Celsius Petition Date (the "Celsius Preference Period") and received by Debtor Quoine Pte Ltd. ("Quoine") as initial transferee in an amount not less than $67,038,496.  *Second*, the Celsius Litigation Administrator identified certain avoidable transfers made during the Celsius Preference Period and received by FTX as subsequent transferees in an amount not less than $377,419,348.  The Celsius Litigation Administrator asserts that all of these transfers constitute "causes of action against the FTX debtors under chapter 5 of the Bankruptcy Code" as asserted in the Original Proofs of Claim.

6.      Accordingly, the Celsius Litigation Administrator amends the asserted amount of claim against FTX to be not less than $444,457,844, which includes (i) claims against Quoine for an amount not less than $67,038,496 in connection with avoidable transfers made to Quoine during the Celsius Preference Period and (ii) claims against the FTX debtors for an amount not less than $377,419,348 in connection with avoidable transfers made to customers during the Celsius Preference Period for which FTX debtors were subsequent transferees.  This Amended Proof of Claim also asserts a contingent, unliquidated, general unsecured claim amount on account of any additional causes of action against FTX under chapter 5 of the Bankruptcy Court, subject the Celsius Litigation Administrator's ongoing investigation.

## II.      Supporting Documents.

7.      The documents relied on by the Celsius Litigation Administrator in connection with the Amended Proofs of Claim are pleadings filed in Celsius's bankruptcy cases, FTX's bankruptcy cases, are otherwise in FTX's possession, or are voluminous, and therefore are not attached to the Amended Proofs of Claim.  Additional details in support of the Avoidance Claims are stated in *The Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* and the

*Declaration of Kenneth Ehrler in Support of the Celsius Litigation Administrator's Motion for Relief from the Automatic Stay*, and the draft complaint attached thereto, Case No. 22-11068, D.I. 16815, D.I. 16819, D.I. 17181, which are incorporated herein by reference. To the extent additional documents are not in FTX's possession, the Celsius Litigation Administrator can provide them upon request.

**III.    Setoffs and Counterclaims.**

8.      No judgment has been rendered on this claim. Celsius denies any liability to FTX or any other party in connection herewith. However, to the extent that FTX or any other party may take any action that would give rise to a right of setoff, recoupment, counterclaim, or other rights or claims, the Celsius Litigation Administrator reserves all rights in this regard, including, but not limited to, the right to amend this claim, if necessary, by virtue of any right of setoff or recoupment against any claims, defenses, or setoffs that FTX or any other party may assert against Celsius or the Celsius Litigation Administrator.

**IV.    Amendments**

9.      The Celsius Litigation Administrator expressly reserves the right to amend, modify, increase and/or supplement this Amended Proof of Claim in any respect, including with respect to the filing of an amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein.

**V.    Reservation of Rights.**

10.     The execution and filing of the Amended Proofs of Claim is not and shall not be deemed: (i) a waiver or release of the Celsius Litigation Administrator's rights against any other entity or person liable for all or any part of the Amended Proof of Claim asserted herein; (ii) a consent by the Celsius Litigation Administrator to the jurisdiction of this Court with respect to any

proceeding commenced in this case against or otherwise involving the Celsius Litigation Administrator; or (iii) a waiver or release by the Celsius Litigation Administrator of any right to trial by jury, or a consent by the Celsius Litigation Administrator to a trial by jury, in this Court or any other court.

## Confirmation of Submission

**Your Form has been successfully submitted...**

DOCUMENT ID

23d6980536a63516501e88051b21c419e6f98131

Submitted Date Time

2024-07-07T20:30:23.49Z

Status

Submitted

CONFIRMATION ID

3265-69-DLCJJ-678694821

## Submission Information

When you press "Submit" you will receive an email from "noreply.efiling@ra.kroll.com." Please add this email to your allowed senders list. This email will have a PDF copy of your claim filing (with your supporting documents as a separate attachment), as well as your Confirmation ID.