**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068-JTD |
| Debtor(s). | (Jointly Administered) |
| | Re: D.I. 19185 |

**CREDITOR BLOOMING TRIUMPH INTERNATIONAL LIMITED'S
OBJECTION TO DEBTORS' FIFTY-SIXTH OBJECTION TO
<u>CUSTOMER CLAIMS WITH RESPECT TO CLAIM NUMBER 80491</u>**

Creditor, Blooming Triumph International Limited ("**<u>Blooming</u>**"), by and through undersigned counsel, hereby objects to FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "**<u>Debtors</u>**") fifty-sixth omnibus claims objection filed on July 1, 2024 Docketed with this Court as Dkt. No. 19185 (the "**<u>Claim Objection</u>**"). The Claim Objection makes a calculation error with respect to Blooming's Claim number 80491 (the "**<u>Claim</u>**") wherein it improperly treated Blooming's Perpetual Short Positions as negative equity positions and thereby improperly reduced the Claim by approximately $2,319,511.

The Claim Objection ignores the fact that the profits from Blooming perpetual futures positions were converted by the FTX system to USD in near-real-time, and as of the November 11, 2022 petition date (the "**<u>Petition Date</u>**") such profits amounted to approximately $1,450,000. Because on the Petition Date the FTX software system already accounted for profits and losses of Blooming's perpetual futures positions in the USD balance of the relevant accounts, the issue of other liabilities with respect to short or long perpetual futures position should have been ignored for the purposes of valuing the Claim.

Therefore, Blooming respectfully requests that the Court reject the valuation of the

perpetual futures contracts as proposed in the Claim Objection, and instead value the Claim in its proper amount, which is at least $9,428,984.

I.    **Initial Errors Made by Debtors in the "Asserted Claims" Section of the Claim Objection**

As an initial matter, Debtors failed to accurately input Blooming's Claim data into the "Asserted Claims" column of the Claim Objection.  The excerpt of the Claim Objection with respect to Blooming's Claim is attached as Exhibit B to the Declaration of Blooming's Director and Executive Officer Jack Cormack ("**Cormack Decl.**") filed herewith.  As can be seen when comparing the Claim Objection to Blooming's actual Claim (a copy of Blooming's the Proof of Claim is attached as Exhibit A to the Cormack Decl., see the last two pages thereof) none (or essentially none) of the positions from the Claim are correctly reflected on the Asserted Claims column.  For instance, (1) the Claim Objection asserts that Blooming's Claim sought 2.52 Bitcoins (BTC), but Blooming's Claim actually sought ~ 121.55 BTC (this amount is properly listed in the Modified Claim column of the Claim Objection); (2) the Claim Objection asserts that Blooming's Claim sought 8,506,903.12 USD, but Blooming's Claim actually sought ~5,341,286.43 USD (this amount is properly listed in the Modified Claim); and the Claim Objection asserts that Blooming's Claim sought 60.7 APE, but Blooming's Claim actually sought ~ 97.07 APE (this amount is properly listed in the Modified Claim).  Blooming is unaware if this specific discrepancy has caused any errors in the valuation of the Claim, but it appears that there was some clerical error which resulted in the data from the Claim not being properly inputted into the Asserted Claims column of the Claim Objection.

II.   **The Debtors Incorrectly Treated Short Perpetual Futures Positions as Negative Equity Positions in the Claim and Improperly Subtracted them for the Total Claim Value**

As of the Petition Date, the Albus account for respect to which Blooming submitted the

Claim (the "**Account**") had numerous perpetual futures contract positions.

### A.    Description of a Perpetual Futures Contract.

A perpetual futures contract is a type of futures contract, but unlike the traditional form of futures, a perpetual future contract does not have an expiry date nor a strike price.  One may hold a future contract position for as long as they like with no obligation to act on it, hence the moniker "perpetual."  The trading and price of perpetual futures contracts is based on the prices of an underlying asset, but the holder does not trade the actual underlying asset itself.[1]  Similar to a traditional futures contract, if a party takes a "short" position with regard to a perpetual futures contract, it is betting that the asset underlying the futures contract will decrease in value, and if it does, the profit from that contract will proportionately increase.  The same is true, but *vice versa*, for a "long" position with regard to a perpetual futures contract.

### B.    Debtors' Incorrect Treatment of Blooming's Perpetual Futures Contracts.

Debtors, in their Claim Objection, improperly assigned a negative equity value to Blooming's short perpetual futures positions (the "**Short PERPs**").  This can be seen in <u>Exhibit B</u> to the *Cormack Decl.*, where perpetual futures positions are designated with a "-PERP" suffix. This was improper because the aggregate profit of the Short PERPs was actually positive and the Debtors' assignment of a negative equity value to the Short PERPs improperly reduces the value of the Claim by millions of dollars (approximately $2,319,511).

The largest such discrepancy with respect to the Blooming's Short PERPs was with regard to Dogecoin (which is reflected as "DOGE-PERP" in the Claim Objection).  Blooming owned DOGE-PERP futures short contracts for a total of 30,351,432 units of DOGE-PERP on the Petition

---

[1] Additional descriptions of perpetual futures contracts can be found here: - https://www.investopedia.com/what-are-perpetual-futures-7494870; and https://academy.binance.com/en/articles/what-are-perpetual-futures-contracts#What-is-a-perpetual-futures-contract?

Date. *Cormack Decl.* at ¶9. (The "**Short DOGE-PERP Position**"). The Court set the Petition Date value of DOGE-PERP to $0.074349. *See* Dkt. No. 7090. Debtors' Claim Objection incorrectly argues that on the Petition Date Blooming owned ***negative*** 30,351,432 DOGE-PERP, and therefore incorrectly deducted approximately $2,256,599.62 (30,351,432 at $0.074349 each) from Blooming's Claim on account of the Short DOGE-PERP Position.

The profit to which Blooming is entitled from the Short DOGE-PERP Position is vastly different. The average price of each DOGE-PERP contract in the Short DOGE-PERP Position was $0.12187. *Cormack Decl.* at ¶10. The price of DOGE-PERP at the petition date was $0.074349. Because of this, Blooming earned a profit of approximately $1,442,330 from the Short DOGE-PERP Position as of the Petition Date. *Id.* at ¶11. Since short DOGE-PERPs are short perpetual futures contracts, the profits from the contracts *increase* when the value of shorted asset declines. Therefore, Blooming's profit from the Short DOGE-PERP Position is calculated as follows (30,351,432 x $0.12187 (average sale price)) – (30,351,432 x $0.074349 (profit from DOGE-PERP on the Petition Date as determined by the Court) = ($3,698,929 - $2,256,598) = $1,442,330.

Unlike other assets on the FTX exchange, such as crypto currencies like Bitcoin and Ethereum, there is no line-item balance for perpetual futures. Instead, the profit or loss incurred on account of a perpetual futures position is updated in near real time on a customer's account under the USD (or other fiat-currency) ticker. Indeed, Debtor even acknowledged that this was the correct way to calculate Blooming's profit from the Short DOGE-PERP Position and **credited the Account with approximately $1,442,330 USD** on account of Blooming's Short DOGE-PERP Position. *Id.* This was consistent with the amounts Blooming submitted with the Claim, and this $1,442,330 profit from the Short DOGE-PERP Position was included in the ~5,341,286.43 USD

that Blooming sought in the Claim. *Id.* This method of calculation and the near-real-time accounting is also consistent with FTX's position found here: https://support.ftx.com/hc/en-us/articles/19464725450260-Derivative-Positions,[2] and is also consistent with the Expert Report of Sabrina T. Howell dated December 27, 2023 (Dkt. No. 5203-1, the "**Howell Report**") on which this Court relied when determining the value of creditor's claims. The Howell Report stated the following with respect to creditors' perpetual futures positions: "Due to the high-frequency updating together with the nature of futures contracts, I would expect customer P&Ls on FTX to closely reflect futures prices at any snapshot in time. … In practice, **I understand from A&M that the P&L for futures were held in fiat currency-denominated accounts associated with the customer rather than with the particular asset. That is, the claim of any particular customer would simply be the value of their fiat-denominated account**." Howell Report at ¶¶32-33 (**emphasis added**).

Debtors likely improperly valued all of Blooming's other short PERP positions on its account and assigned a negative equity value instead of ignoring them (because the value of these positions had already been calculated and converted to USD credit in the Account).

Therefore, Blooming presents this objection and respectfully requests that this Court reject the Claim Objection with respect to Claim 80491 and confirms that the value of the Claim to be not less than $9,428,984.

### C.    Debtors' Likely Incorrect Treatment of all Perpetual Futures Contracts

As described herein, it appears that the Debtors have decided to assign a negative equity value to all short perpetual futures positions and a positive equity value to all long perpetual futures

---

[2] Stating: "In the initial customer claims schedule filed on March 15, 2023, all open derivative positions were assumed to be closed and included in the USD balance. This is consistent with ordinary course exchange operations and what you would have seen on your account when the exchange was previously operational."

positions (ostensibly so that these values cancel each other out in the Debtor's books). Because the profits and losses of perpetual futures contracts are updated and accounted for in near-real-time in the fiat currency ticker of FTX accounts, Debtors should completely ignore any and all perpetual futures positions (because their profits or losses were already accounted for by the FTX system in real time on the Petition Date), instead of treating them as a subsequent liability or asset by assigning a positive or negative equity value to them. Therefore, it is likely that Debtors will need to reevaluate their valuation process for not only the Claim, but also with respect to all other accounts valued with this method.

**III.    Conclusion**

For the reasons stated herein, Blooming respectfully objects to the Claim Objection with respect to the Claim, requests that this Honorable Court reject the Claim Objection with respect to the Claim and value the Claim at its true and correct value of not less than $9,428,984.

Dated:  August 12, 2024          KASEN & KASEN, P.C.

/s/ Jenny R. Kasen
Jenny R. Kasen, Esquire (DE Bar No. 5849)
1213 N. King Street, Suite 2
Wilmington, DE 19801
Telephone: (302) 652-3300
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlaw.com

And

BOSTON LAW GROUP, PC
Valentin D. Gurvits (*pro hac vice forthcoming*)
Frank Scardino (*pro hac vice forthcoming*)
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
BBO# 643572
BBO# 703911
Telephone: 617-928-1804

Telephone: 617-928-1805
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Counsel to Blooming Triumph International Limited*