IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re FTX Trading Ltd., et al., | ) Chapter 11 |
| Debtors. | ) Case No. 22-11068 (JTD) |
| | ) (Jointly Administered) |

**RESPONSE TO THE DEBTORS' FIFTY-SIXTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN OVERSTATED AND/OR UNLIQUIDATED PROOFS OF CLAIMS (CUSTOMER CLAIMS)**

1. DCP Master Investments XIV LLC ("Diameter"), by its undersigned counsel, hereby submits this response to the fifty-sixth omnibus claims objection filed at Docket No. 19185 (the "Objection") by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors").

2. Diameter is the transferee and recordholder of Proof of Claim Number 1402 (the "Filed Claim"). Diameter is also the transferee of Scheduled Claim Number 7637390 (the "Scheduled Claim"). Both of these claims were originally held by Diameter's predecessor-in-interest, an FTX customer whose name is on file (the "Original Claimant").

3. On March 31, 2023, Original Claimant received an email from the Debtors stating that Original Claimant's claim was "scheduled on the Schedules and Statements of FTX Trading Ltd." and listing quantities of various cryptocurrencies that make up the Scheduled Claim (which the Debtors have in their records).

4. Original Claimant later filed the Filed Claim (which Proof of Claim is on file with the Debtors), which is explicitly based on the assets held in Original Claimant's account with FTX Trading Ltd. at the time Debtors filed for bankruptcy, namely SRM (539,335.37) and USDC (1,876.75) (the "Account Assets").

5. In the Objection, Debtors seek to significantly modify, and reduce the value of, Filed Claim. Further, Debtors seek to reassign the Filed Claim to be asserted against debtor Quoine Pte Ltd.

6. The Objection should be overruled as to the Filed Claim for three reasons. First, the Objection makes no reference to the Account Assets underlying the Filed Claim; rather, the Objection inexplicably attributes a USD amount to the Filed Claim and bases the proposed "Modified Claim" on a series of tokens that have nothing to do with the Filed Claim. Second, the proposed "Modified Claim" does not match the tokens attributed to Original Claimant's account by the Debtors in their own email to Original Claimant. Third, on information and belief, Original Claimant's account was with FTX Trading Ltd. (a/k/a FTX.com), and Quoine Ptd Ltd has nothing to do with the Filed Claim.

7. In short, the Debtors appear to be objecting to a claim that they have erroneously equated to the Filed Claim.

8. In any event, Diameter objects to the proposed treatment of the Filed Claim in the Objection, reserves its right to demand discovery and otherwise with respect to this dispute, if necessary, and respectfully requests that the Court overrule the Objection as to the Filed Claim.

Dated: August 12, 2024

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Facsimile: (302) 574-3001
jody.barillare@morganlewis.com

*Attorneys for DCP Master Investments XIV LLC*

3

# CERTIFICATE OF SERVICE

I, Jody C. Barillare, hereby certify that on August 12, 2024, I caused to be served copies of this document via e-mail to all parties consenting to service through the Court's CM/ECF system, with a physical copy to the following address:

Clerk of the United States Bankruptcy Court for the District of Delaware
824 Market Street, 3rd Floor
Wilmington, Delaware 19801

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Facsimile: (302) 574-3001
jody.barillare@morganlewis.com

*Attorneys for DCP Master Investments XIV LLC*