**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING, LTD.., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | **Ref. Docket No. 20050** |

**RESPONSE OF CELSIUS NETWORK LIMITED TO DEBTORS'
SIXTY-THIRD OMNIBUS CLAIMS OBJECTION**

Celsius Network Limited ("Celsius"), by and through the Blockchain Recovery Investment Consortium (the "BRIC") in its capacity as the Litigation Administrator (ARM) for Celsius's post-confirmation estate, hereby files this response (the "Response") to the *Debtors' Sixty-Third (Substantive) Omnibus Objection to Certain Misclassified Claims (Non-Customer Claims)* [Docket No.20050] (the "Claims Objection") filed by the above-captioned debtors and debtors-in-possession (the "Debtors"). In support of this Response, Celsius respectfully states:

**RESPONSE**

1.    On June 29, 2023, Celsius submitted a timely proof of claim [Claim No. 3752] (the "Proof of Claim") asserting a claim against the Debtors in the amount of $14,176,995.81, or 10,000,000 ADA, 83,553 LTC, 1,303,482 EOS, and 3,125,000 MATIC, whichever is greater in value, plus interest, taxes, and borrow fees. A copy of the filed Proof of Claim is attached hereto as Exhibit A.  Celsius' claims arise of out of four loan agreements pursuant to which Celsius lent

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debt or Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

cryptocurrency totaling $22,123,403.30 (collectively, the "Loans") to Alameda Research Ltd. ("Alameda").  To secure the Loans, Alameda provided Celsius collateral in the form of either FTX coin cryptocurrency or Serum coin cryptocurrency as collateral, valued at 100% of the loan amounts to secure such loans.

2. On July 10, 2024, Alameda filed the Claims Objection, asserting that Celsius's claims should be reduced to $12,285,478.28 and reclassified from secured claims to unsecured claims. *See* Schedule 1 to Claims Objection; Claims Objection ¶ 11.  In support of that assertion, Alameda relies on a two-and-a-half page declaration from Steven P. Coverick of Alvarez & Marsal (the "Coverick Declaration") that states in simple, conclusory fashion: "[b]ased on the Debtors' and their advisors' ongoing analysis and review, the Debtors and their advisors have determined that the [objected-to-claims] are general unsecured claims rather than secured claims." Coverick Declaration ¶¶ 2–3. The Coverick Declaration does not explain *how* the Debtors determined that Celsius's claim is unsecured or why it should be reduced in amount.

3. Without sufficient evidentiary support, the Court should overrule the Claims Objection.  A correctly filed proof of claim "constitute[s] *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). To receive the benefit of *prima facie* validity, a proof of claim must only assert factual allegations that would entitle the claimant to a recovery if true. *In re Heritage Org., LLC*, No. 04-35574 (BJH), 2006 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Once the claimant clears that low bar, the proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f), unless and until the objecting party presents evidence that refutes at least one of the allegations that is essential to the claim's legal sufficiency. Fed. R. Bankr. P. 3001(f); *In re MTE Holdings LLC*, 631 B.R. 690, 692–93 (Bankr. D. Del. 2021). Actual evidence is needed to rebut the claim's *prima facie* validity and shift

the burden back to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992). Only then does the burden shift to the claimant to prove the claim by a preponderance of the evidence. *Allegheny*, 954 F.2d at 174. Declarations, based "upon personal knowledge" of books and records of a debtor are not sufficient to overcome the *prima facie* evidence of a properly filed proof of claim. *See Lyon & Lyon, LLP v. Gill*, 2005 Bankr. LEXIS 3407 *20–21 (9th Cir. BAP February 23, 2005) (finding a bankruptcy court abused its discretion by relying on a declaration that, although based on personal knowledge, relied upon records not produced with the declaration).

4. Here, the Coverick Declaration only provides general conclusions intended to apply to multiple claims that the Debtors seek to disallow. *See* Coverick Declaration ¶¶ 6–7. The Coverick Declaration does not mention any of the applicable loan documents or any specific reason why Celsius' claim should be reclassified and reduced in value. Neither the Claims Objection nor the Coverick Declaration submitted by the Debtors provide any admissible evidence that would be sufficient to meet the requirements for disallowing a claim. The Debtors' allegations fall far short of the probative force of the allegations of the Proof of Claim. Therefore, the Claims Objection should be overruled.

5. Celsius reserves all rights to amend or supplement this Response, including in response to any additional evidence or arguments Alameda presents that allows Celsius to discern the basis for Alameda's objection.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, Celsius respectfully requests that this Court: (i) overrule the Claims Objection; (ii) allow the Proof of Claim in full; and (iii) grant such other and further relief as is just and proper.

Dated: August 12, 2024            **COLE SCHOTZ P.C.**

/s/ *Justin R. Alberto*
Justin R. Alberto, Esq. (No. 5126)
Patrick J. Reilley, Esq. (No. 4451)
Melissa M. Hartlipp, Esq. (No. 7063)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: jalberto@coleschotz.com
      preilley@coleschotz.com
      mhartlipp@coleschotz.com

*Counsel to the Celsius Litigation Administrator*

- and -

**WILLKIE FARR & GALLAGHER LLP**

Brian Lennon
Stuart Lombardi
Yara Kass-Gergi
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email:   blennon@willkie.com
       slombardi@willkie.com
       ykass-gergi@willkie.com

*Counsel to the Blockchain Recovery Investment Consortium, in its capacity as Litigation Administrator (ARM) for the Post-Confirmation Debtors Celsius Network, et al.*