## **EXHIBIT B**
### **(Certified Translations of Applicable Lithuanian Law)**

*Įstatymas paskelbtas: Valstybės žinios, 2004-04-06, Nr. 50-1632*

**LIETUVOS RESPUBLIKOS**
**ADVOKATŪROS**
**ĮSTATYMAS**

2004 m. kovo 18 d. Nr. IX-2066
Vilnius

<...>

**20 straipsnis. Advokato ar advokatų profesinės bendrijos profesinės civilinės atsakomybės privalomasis draudimas**
<...>
9. Advokato, advokato padėjėjų ir kitų advokato ar advokatų profesinės bendrijos darbuotojų neteisėtais veiksmais vykdant advokato veiklą padarytą žalą atlygina draudikas išmokėdamas draudimo sumos neviršijančią draudimo išmoką. Jeigu draudimo išmokos nepakanka visai žalai atlyginti, žalą padaręs advokatas atlygina faktinės žalos dydžio ir draudimo išmokos skirtumą.

**46 straipsnis. Advokato veiklos garantijos**
<...>
5. Draudžiama viešai arba slaptai susipažinti su advokato profesinę paslaptį sudarančia informacija ir ją naudoti kaip įrodymą. Advokato profesinę paslaptį sudaro kreipimosi į advokatą faktas, sutarties su klientu sąlygos, kliento suteikta informacija ir pateikti duomenys, konsultacijos pobūdis bei pagal kliento pavedimą advokato surinkti duomenys, taip pat kitas advokato ir kliento bendravimo (susitikimų, korespondencijos, pokalbių telefonu ar kitų formų bendravimo) turinys.

<...>

**52 straipsnis. Advokato drausmės bylos iškėlimas ir nagrinėjimas**
1. Advokatui už šio Įstatymo ir Lietuvos advokatų etikos kodekso reikalavimų bei advokato veiklos pažeidimus gali būti keliama drausmės byla.
2. Sprendimą iškelti drausmės bylą priima Lietuvos advokatūra arba teisingumo ministras.
3. Advokatų drausmės bylas nagrinėja Advokatų garbės teismas. Kai Lietuvos advokatūra sprendžia klausimą dėl drausmės bylos iškėlimo ir kai byla nagrinėjama, turi teisę dalyvauti ir asmuo, kuris kreipėsi dėl drausmės bylos iškėlimo. <...>

**53 straipsnis. Drausminių nuobaudų rūšys**
Advokatui už šio Įstatymo 52 straipsnio 1 dalyje nurodytus pažeidimus Advokatų garbės teismas gali skirti šias drausmines nuobaudas:
1) pastabą;
2) papeikimą;
3) viešai paskelbiamą papeikimą;
4) siūlyti panaikinti Lietuvos advokatūros sprendimą pripažinti asmenį advokatu.

<...>

*Įsakymas paskelbtas: Teisės aktų registras, 2016-04-22, Nr. 10280*

## LIETUVOS RESPUBLIKOS TEISINGUMO MINISTRAS

### ĮSAKYMAS
### DĖL LIETUVOS ADVOKATŲ ETIKOS KODEKSO SKELBIMO

2016 m. balandžio 22 d. Nr. 1R-133
Vilnius

Vadovaudamasis Lietuvos Respublikos advokatūros įstatymo 59 straipsnio 2 dalies 4 punktu,
s k e l b i u  Teisės aktų registre Lietuvos advokatų etikos kodeksą, patvirtintą Lietuvos advokatūros 2016 m. balandžio 15 d. visuotinio advokatų susirinkimo sprendimu.

Teisingumo ministras                                                                                    Juozas Bernatonis

PATVIRTINTA
Lietuvos advokatūros
2016 m. balandžio 15 d. visuotinio advokatų
susirinkimo sprendimu

## LIETUVOS ADVOKATŲ
## ETIKOS KODEKSAS

<...>

**8 straipsnis. Kliento paslapties neatskleidimas**
1. Advokatui patikėtos kliento paslapties saugumas yra savitarpio pasitikėjimo santykių ir tinkamo advokato funkcijų vykdymo būtinoji sąlyga, todėl konfidencialumas yra pagrindinė ir svarbiausia advokato teisė ir pareiga, kuriai netaikoma senatis.
2. Advokatas turi užtikrinti, kad visa kliento suteikta ir vykdant kliento pavedimą advokato gauta informacija bus saugoma kaip advokato profesinė paslaptis.
3. Advokatas privalo imtis priemonių, kad be kliento sutikimo advokato profesinę paslaptį sudaranti informacija nebūtų panaudota prieš klientą, paviešinta ar kitaip atskleista, išskyrus teisės aktuose ir šio straipsnio 4 dalyje nurodytus atvejus arba kai tai būtina kliento pavedimui tinkamai atlikti.
4. Advokatui draudžiama panaudoti advokato profesinę paslaptį sudarančią informaciją savo ar kito asmens interesais neteisėtu būdu. Advokatas turi teisę be kliento sutikimo atskleisti advokato profesinę paslaptį sudarančią informaciją, kai tai neišvengiamai būtina:
   1) žmogaus gyvybei išsaugoti;
   2) kliento, jo įpėdinio ar teisių perėmėjo teisėms ir teisėtiems interesams apsaugoti;
   3) apginti advokato teises ginče su klientu, tačiau tik ta apimtimi, kuri būtina ginčui teisingai išspręsti.
5. Advokato profesinę paslaptį sudarančios informacijos pateikimas Lietuvos advokatūrai ar jos organams nelaikomas kliento paslapties atskleidimu ir konfidencialumo pažeidimu.
6. Advokatas iš savo kolegos, advokato padėjėjo, kito asmens, kurį pasitelkia teikdamas teisines paslaugas, privalo reikalauti laikytis tam tikrų konfidencialumo įsipareigojimų, kad nebūtų atskleista advokato profesinę paslaptį sudaranti informacija.

<...>

*/Translated from Lithuanian/*

*The Law was published in official gazette "Valstybės žinios", 06-04-2004, No. 50-1632*

**REPUBLIC OF LITHUANIA**
**LAW ON THE BAR**

18 March 2004 No. IX-2066
Vilnius

<...>

### Article 20. Compulsory insurance of an advocate or a professional partnership of advocates against professional civil liability

<...>

9. Damage caused by illegal actions of an advocate, assistant advocates or other employees of an advocate or of a professional partnership of advocates in carrying out advocate's activities shall be compensated for by the insurer by paying out an insurance benefit within the limits of the sum insured. Where the insurance benefit is insufficient to compensate for the damage in full, the difference between the actual amount of damage and the benefit shall be covered by the advocate who has caused the damage.

### Article 46. Guarantees of advocate's activities

<...>

5. Getting public or secret access to the information covered by advocate's professional secrecy and using it as evidence shall be prohibited. Information covered by advocate's professional secrecy shall encompass the fact of consulting the advocate, the terms and conditions of the contract with the client, the information and data provided by the client, the nature of the consultation and the data collected by the advocate at the request of the client, as well as other content of communication between the advocate and the client, including meetings, correspondence, telephone conversations, and other forms of communication.

<...>

### Article 52. Instituting and hearing disciplinary actions against advocates

1. A disciplinary action may be instituted against an advocate for violations of the requirements of this Law and the Code of Ethics for Lithuanian Advocates, as well as for professional misconduct.

2. The decision to institute a disciplinary action shall be taken by the Lithuanian Bar Association or the Minister of Justice.

3. Disciplinary actions against advocates shall be heard by the Court of Honour of Advocates. The applicant for instituting a disciplinary action shall also have the right to participate in the consideration by the Lithuanian Bar Association whether to institute a disciplinary action and in the hearing of the disciplinary action.

<...>

### Article 53. Types of disciplinary sanctions

The Court of Honour of Advocates may impose the following disciplinary sanctions on an advocate for the violations referred to in Article 52(1) of this Law:

1) censure;
2) reprimand;
3) public reprimand;
4) proposal to annul the decision of the Lithuanian Bar Association to admit the person to the bar.

<...>

*The Law was published in the Register of Legal Acts, 22-04-2016, No. 10280*

## MINISTER OF JUSTICE OF THE REPUBLIC OF LITHUANIA

### ORDER
### ON THE PUBLICATION OF THE CODE OF ETHICS FOR LITHUANIAN ADVOCATES

22 April 2016 No. 1R-133
Vilnius

In accordance with point 4 of paragraph 2 of Article 59 of the Law on the Bar of the Republic of Lithuania,

I hereby publish, in the Register of Legal Acts, the Code of Ethics for Lithuanian Advocates approved by the decision of the general meeting of advocates of the Lithuanian Bar Association dated 15 April 2016.

Minister of Juctice                                                                              Juozas Bernatonis

APPROVED
by the decision of the general meeting of
advocates of the Lithuanian Bar Association
dated 15 April 2016

## CODE OF ETHICS FOR LITHUANIAN ADVOCATES

<...>

### Article 8. Non-disclosure of the client's secret

1. Safety of the client's secret entrusted to an advocate is a necessary condition for the relationship of mutual trust and proper performance of advocate's functions; therefore, confidentiality is the main and most important right and duty of an advocate, which is not subject to the statute of limitations.

2. An advocate must ensure that all information given by the client and obtained by the advocate in fulfilment of the client's assignment will be kept as advocate's professional secret.

3. An advocate shall take measures to ensure that information covered by advocate's professional secrecy is not used against the client, is not made public or otherwise disclosed without the consent of the client, except in the cases referred to in legal acts and in paragraph 4 of this Article, or in cases where it is necessary for the proper fulfilment of the client's assignment.

4. An advocate shall be prohibited from unlawfully using information covered by advocate's professional secrecy in his/her own interests or in the interests of another person. An advocate shall have the right to disclose information covered by advocate's professional secrecy without the client's consent when that is strictly necessary for:

1) preserving a human life;

2) protecting the rights and legitimate interests of the client, client's successor or assignee;

3) defending the advocate's rights in a dispute with the client, but only to the extent necessary for the fair settlement of the dispute.

5. Presentation of information covered by advocate's professional secrecy to the Lithuanian Bar Association or its bodies shall not be deemed disclosure of the client's secret and breach of confidentiality.

6. An advocate must demand that his/her colleague, assistant advocate or any other person involved for the provision of legal services comply with relevant confidentiality undertakings in order to prevent the disclosure of information covered by advocate's professional secrecy.

<...>

*/I, translator Ramunė Gineitienė, do hereby certify that the above translation is true. I am aware of Article 235 of the Penal Code of the Republic of Lithuania./*

I, translator *Ramunė Gineitienė* do hereby certify that the above translation is true. I am aware of Article 235 of the Penal Code of the Republic of Lithuania.

Bound and ... ......
4 (four) pages R Guy —