## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES

BetDEX Labs, Inc. ("**BetDEX Inc.**") and BetDEX Labs, Ltd. ("**BetDEX Ltd.**" and together with BetDEX Inc., "**BetDEX**"), a creditor and party-in-interest in the above-captioned Chapter 11 cases of FTX Trading Ltd. ("**FTX Trading**") and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"), files this limited objection and reservation of rights ("**Objection**") to the *First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [Dkt. No. 22165] (the "**Plan**") filed on August 2, 2024. In support of this Objection, BetDEX states:

### Background

1. On November 11 and November 14, 2022 (as applicable, the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases was authorized by the Court on November 22, 2022 [Dkt. No. 128].

3. Before the Petition Date, on or around November 10, 2021, BetDEX Inc. sold and issued to Alameda Research Ventures LLC ("**Debtor-Investor**") 799,289 Series Seed Shares in BetDEX Inc. (the "**Seed Share**s") for a purchase price of $6,749,995.61 (the "**Investor Share Funds**"), pursuant to that certain *Series Seed Preferred Stock Purchase Agreement*, dated November 4, 2021, by and among BetDEX Inc. and those certain investors listed on Exhibit A thereto, including the Debtor-Investor (the "**Preferred Stock Purchase Agreement**").[1] In connection with the Preferred Stock Purchase Agreement, BetDEX Inc., the Debtor-Investor, and the other third parties thereto entered into the following additional agreements (collectively, along with the Preferred Stock Purchase Agreement, the "**Investor Agreements**"):

    i. that certain *Investors' Rights Agreement* (the "**Investors' Rights Agreement**"), dated November 4, 2021;

    ii. that certain *Voting Agreement* (the "**Voting Agreement**"), dated November 4, 2021;

    iii. that certain *Token Agreement* (the "**Token Agreement**"), dated November 4, 2021; and

    iv. that certain *Right of First Refusal and Co-Sale Agreement* (the "**ROFR Agreement**"), dated November 4, 2021.

4. Together, the Investor Agreements, among other things, (i) restrict the stockholders' ability to transfer or encumber certain classes of stock and securities of BetDEX Inc., (ii) provide certain investors with a right of first refusal to purchase securities issued by BetDEX Inc., (iii) govern the voting rights of stockholders, and (iv) grant to BetDEX Inc. from Debtor-Investor, an unconditional and irrevocable "Right of First Refusal" (as defined in the ROFR Agreement) for BetDEX Inc. to purchase all or any portion of the Seed Shares as Debtor-Investor may propose to transfer to a third-party, at the same price and on the same terms and

---

[1] According to its voluntary petition for relief [Case No. 22-11070-JTD, Dkt. No. 1], before its Petition Date, Debtor Clifton Bay Investments, LLC, used the name "Alameda Research Ventures LLC."

conditions as those offered by and to such third party (collectively, "**BetDEX's Contract Rights**"). BetDEX is a closely held start-up company that is set to launch in the next one to two years. As such, BetDEX has an interest in controlling and vetting its small investor portfolio and ensuring that its rights under the Investor Agreements remain enforceable.

5. On August 2, 2024, the Debtors filed the Plan.

6. Section 5.13 of the Plan states, in part, that "all Plan Assets irrevocably shall be transferred and assigned to and automatically vested in the Wind Down Entities, for the benefit of Holders of Claims, free and clear of all Liens, Claims, charges or other encumbrances or interests to the extent permitted by section 363 of the Bankruptcy Code," and that "each of the Wind Down Entities (i) shall not, and shall not be deemed to assume, agree to perform, pay or otherwise have any responsibilities for any liabilities or obligations of the Debtors or any other Person relating to or arising of [*sic*] any event or occurrence taking place on or before the Effective Date…." [Plan, § 5.13].

7. Section 6.1 of the Plan states, in part, that "all Executory Contracts and Unexpired Leases will be rejected by the Plan on the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code, other than Executory Contracts or Unexpired Leases (a) previously assumed or rejected pursuant to an order of the Bankruptcy Court, (b) that are the subject of a pending motion to assume or (c) that are specifically described in the Plan to be assumed in connection with the Plan." [Plan, § 6.1].

8. The Plan purports to transfer the Seed Shares to the Wind Down Entities free and clear of BetDEX's Contract Rights, including but not limited to the Right of First Refusal. Additionally, the Plan purports to reject the Investor Agreements under sections 365 and 1123 of the Bankruptcy Code.

**Limited Objection**

9. While BetDEX does not object to the transfer of the Seed Shares to the Wind Down Entities *per se*, it does object to such a transfer free and clear of BetDEX's Contract Rights, including but not limited to the Right of First Refusal, and to any attempt by the Debtors to strip, eliminate, or override BetDEX's Contract Rights.

10. The "free and clear" relief set forth in section 363(f) is limited to "interests" in property, and, then, only to the extent provided in under section 363(f)(1) – (5). *In re Ditech Holding Corp.*, 606 B.R. 544, 581 (Bankr. S.D.N.Y. 2019).

11. The Debtors cannot transfer, sell, or assign the Seed Shares under section 363 free and clear of BetDEX's contractual rights and defenses under the Investment Agreements because such rights and defenses are not "an interest in property," and therefore, cannot be extinguished by a sale under section 363 of the Bankruptcy Code. *See, e.g., Folger Adam Security, Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252, 261-262, 264 (3d Cir. 2000).

12. In *Folger*, the debtor sought to sell its assets free and clear of a third-party's recoupment and other contractual rights. *Id*. at 253-254. The Third Circuit held that such rights are contractual defenses—not "an interest in property" that can be reduced to a claim. *See id*. at 260-261.

13. Similarly, here, BetDEX's Contract Rights cannot be reduced to a claim, nor can the Debtors force BetDEX to accept a monetary payment in satisfaction of its rights under the Investment Agreements. *See* 11 U.S.C. § 363(f)(5). Thus, to the extent Section 5.13 of the Plan purports to transfer the Seed Shares to the Wind Down Entities free and clear of the rights and obligations of the Investor Agreements, including but not limited to the Right of First Refusal, BetDEX objects.

14. Separately, a debtor's bankruptcy estate succeeds only to those rights in property that the debtor had as of the commencement of the case and is subject to all pre-existing limitations on those rights. *In re Schauer*, 835 F.2d 1222, 1225 (8th Cir. 1987). In *In re Popkin & Stern*, 238 B.R. 146 (8th Cir. B.A.P. 1999) *aff'd* 242 F.3d 376 (8th Cir. 2000), a liquidating trustee forced the sale of a judgment debtor's stock under a confirmed Chapter 11 plan. *Popkin*, 238 B.R. at 147–48. Non-party shareholders of the corporation moved to intervene in the trustee's execution on the grounds that shareholders' agreements provided the corporations a right of first refusal. *Id*. at 148. The court concluded that the transfer of stock whether voluntary or involuntary was subject to the restrictions set forth in the shareholders' agreements. *See id*. at 149-50. The court reasoned that any sale of shares of stock in the corporations requires the seller to adhere to the restrictions set forth in the shareholder agreements to protect the corporation's other shareholders "so that they have the opportunity to exercise the purchase rights granted to them by the agreements." *Id*. at 150.

15. Such is the case here. The transfer of the Seed Shares from the Debtors' estate to the Wind Down Entities and any subsequent transfer of the Seed Shares by the Wind Down Entities to a third-party buyer are each subject to BetDEX's Contract Rights. As to the transfer *to* the Wind Down Entities, BetDEX has determined not to assert its Contract Rights and consents to the transfer, so long as such transfer includes BetDEX's Contract Rights, including its Right of First Refusal, as to any subsequent transfer of the Seed Shares *by* the Wind Down Entities.

16. Additionally, the Plan purports to reject the Investor Agreements under sections 365 and 1123 of the Bankruptcy Code. [Plan, § 6.1].

17. While BetDEX does not agree that the Investor Agreements are executory contracts under 11 U.S.C. § 365, and it reserves all rights thereto, a rejection of the Investor Agreements constitutes a breach of such agreements. *Mission Product Holdings, Inc. v. Tempnology, LLC*, 587

U.S. 370, 379 (2019). The Debtors' breach does not alter the substantive rights of BetDEX under the Investor Agreements. *In re Flagstaff Realty Assoc.*, 60 F.3d 1031, 1034 (3d Cir. 1995). Thus, even if the Debtors reject the Investor Agreements, the sale, transfer, or assignment of the Seed Shares remains subject to BetDEX's Contract Rights.

### Reservation of Rights

18. BetDEX hereby reserves the right to appear at the October 7, 2024, confirmation hearing and to supplement this Objection.

WHEREFORE, the undersigned requests that the Court: (a) deny the sale, transfer, and/or assignment of the Seed Shares to the extent that such transfer is intended to be free and clear of BetDEX's Contract Rights, including BetDEX's Right of First Refusal; and (b) grant such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: August 16, 2024<br>Wilmington, Delaware | **BIELLI & KLAUDER, LLC**<br><br>*/s/ David M. Klauder*_____<br>David M. Klauder (No. 5769)<br>1204 N. King Street<br>Wilmington, Delaware 19801<br>Tel: (302) 803-4600<br>dklauder@bk-legal.com<br><br>-and-<br><br>Amelia B. Valenzuela, Esq.<br>QUARLES & BRADY LLP<br>One Renaissance Square<br>Two North Central Avenue<br>Phoenix, Arizona 85004-2391<br>Tel: 602-229-5200<br>Fax: 602-229-5690<br>amelia.valenzuela@quarles.com<br><br>*Attorneys for BetDEX Labs, Inc. and BetDEX Labs, Ltd.* |