IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| FTX TRADING LTD, et al. | Case No. 22-11068(JTD) |
| Debtors. | (Jointly Administered) |

**OBJECTION AND RESERVATION OF RIGHTS REGARDING THE DEBTORS'
FIRST AMENDED JOINT PLAN OF REORGANIZATION**

**COMES NOW**, the Mississippi Department of Revenue ("MDOR"), by and through counsel, and files this *Objection* ("Objection") to the confirmation of the Debtors' *First Amended Chapter 11 Plan of Reorganization* [Dkt. #22165] ("Plan") and reserves its rights with respect to its claims against the Debtors. In support of this Objection, MDOR would show the Court the following:

**MDOR Claims**

1. MDOR has filed the following proofs of claim in this bankruptcy.

| Debtor | Claim No. | Total Claimed Amount |
|---|---|---|
| LEDGER HOLDINGS INC | 89647 | $278,061.98 |
| LEDGER HOLDINGS INC | 89690 | Unliquidated |
| FTX LEND INC FKA WEST REALM SHIRES FINANCE INC | 89691 | $26.56 |
| FTX MARKETPLACE INC | 89693 | $26.56 |
| FTX MARKETPLACE INC | 89694 | Unliquidated |
| FTX US SERVICES INC | 89695 | $26.56 |
| FTX US TRADING INC | 89711 | $26.56 |
| WEST REALM SHIRES FINANCIAL SERVICES INC | 89712 | $812.66 |
| FTX US TRADING INC | 89713 | Unliquidated |

1

| | | |
|---|---|---|
| WEST REALM SHIRES FINANCIAL SERVICES INC | 89716 | Unliquidated |
| WEST REALM SHIRES INC | 89717 | Unliquidated |
| WEST REALM SHIRES SERVICES INC | 89718 | Unliquidated |

**Objection to Plan**

2.      **Section 3.1 - Administrative Claims.** The Plan fails to provide MDOR with its statutory protections regarding administrative claims. The Bankruptcy Code makes clear that the entire amount of any debt owed to MDOR for post-petition taxes, including all tax, interest, and penalties accrued through the date of payment, will be without any requirement that MDOR file any claim or request for payment. 11 U.S.C. § 503(b)(1)(B), (C) and (D). MDOR should not be required to file any proofs of claim or requests for payment in the Chapter 11 Cases for any Administrative Claims for the liabilities described in section 503(b)(1)(B) and (C) of the Bankruptcy Code. The Debtors, the Wind-Down Entities and/or the Plan Administrator as applicable, should timely submit returns and remit payment, including penalties and interest, for all taxes due or coming, as required under applicable Mississippi state law, and, should the Debtors, the Wind-Down Entities and/or the Plan Administrator, as applicable, fail to so timely file and pay, MDOR should be able to may proceed with Mississippi state law remedies for collection of any amounts due and/or seek such relief as may be available from the Court;

3.      **Priority Claims.** The Plan fails to set out the statutory requirements under § 1129(a)(9)(C) of the Bankruptcy Code. To the extent that MDOR's priority tax claim is not paid in full in cash on the Effective Date, such claim shall, at a minimum, should be paid by equal monthly installment payments in cash, beginning on the Effective Date and ending no later than the fifth anniversary of the date of the order for relief, along with non-bankruptcy interest

in accordance with sections 511 and 1129(a)(9)(C) of the Bankruptcy Code and Mississippi state law.

4. **Reserve for Disputed Priority Tax Claims.** The Plan does not clearly provide for Priority Tax Claims that may be disputed subsequently become allowed by final order. Section 8.5 of the Plan provides that Disputed Claims that ultimately become allowed shall be paid in accordance with the provisions of the Plan. But the Plan does not provide for any reserve of funds, thus it does not clearly show Debtors' ability to pay Disputed Claims which later become Allowed claims. MDOR's priority tax claims must be paid in full, plus interest, in accordance with §§ 507(a)(8), 511 and 1129(a)(9)(C) of the Bankruptcy Code. Therefore, the Plan should clearly provide for a Disputed Claims reserve, in an interest-bearing account, in an amount sufficient to enable Debtor to properly fund payments on Disputed Claims which subsequently become allowed.

5. **8.4 – Amendments to Claim.** The Plan should not prohibit MDOR from fulling its statutory taxing authority with respect to determining and assessing taxes owed, particularly when the Debtors have failed to file timely tax returns or before MDOR has completed an audit. Thus, MDOR should be allowed to timely amend any Proof of Claim after the Effective Date or the Bar Date, whichever is later, with respect to (a) a pending audit, or (b) an audit that may be performed, with respect to any pre or post-petition tax return; (c) following the filing of a tax return, or (d) to liquidate an unliquidated claim.

6. **Section 7.9 - Setoffs.** MDOR setoff rights under section 553 of the Bankruptcy Code and recoupment rights should be preserved and neither the Debtors the Wind-Down entities, nor the Plan Administrator, as applicable, should have setoff rights against MDOR. Section § 1129(a)(1) of the Bankruptcy Code requires a plan to comply with all applicable provisions of the Bankruptcy Code in order to be confirmed. To the extent the Plan attempts to restrict or enjoin creditors' setoff rights, it does not comply with § 553 of the Bankruptcy Code and should not be

confirmed.

7. **Section 10.5 – Voluntary Release.** the statutorily mandated treatment of MDOR's Priority Tax Claims and/or any liabilities to MDOR described in section 503(b)(1)(B) and (C) of the Bankruptcy Code shall not be considered a settlement or compromise.

8. **Default Language.** Section 1123(a)(5)(G) of the Bankruptcy Code states that a plan should provide means for its implementation, including the curing of defaults. Without adequate default remedies, the Plan may preclude MDOR from enforcing its rights as a creditor in non-bankruptcy forums. Default remedy language similar to the following has been approved in many bankruptcy cases in this and other districts and should be added to the Plan or Order of Confirmation in this case:

> In the event of a default in payment of an Administrative Claim or a priority tax claim, MDOR shall send written notice of default to the Debtor to the address in MDOR's records. If such default is not cured within 10 business days after such notice of default is mailed, the MDOR may, without notice to or approval of this Court or further notice to Debtors, the Wind-Down Entities, or the Plan Administrator, as applicable, (a) enforce the entire amount of its claim; (b) proceed with Mississippi state law remedies for collection of any amounts due including filing liens against Debtors' pre-petition and post-petition assets and properties and forcing collections based on those liens and/or (c) seek such relief as may be available from the Court.

### Reservation of Rights

9. MDOR hereby reserves the right to appear at the October 7, 2024, confirmation hearing and to supplement this Objection.

WHEREFORE, PREMISES CONSIDERED, the Mississippi Department of Revenue prays that the Debtors' Plan of Reorganization is not approved unless the provisions set forth in an amended plan or the confirmation order are in accordance with the above-stated objections. Further, Mississippi Department of Revenue prays for general relief.

RESPECTFULLY SUBMITTED this the August 16, 2024.

                                MISSISSIPPI DEPARTMENT OF REVENUE

        BY:    Signed:  /s/ Sylvie D. Robinson
                  Sylvie D. Robinson (MSB # 8931)
                  Mississippi Department of Revenue
                  Post Office Box 22828
                  Jackson, MS 39225
                  601-923-7412
                  Sylvie.robinson@dor.ms.gov