## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x

|  |  |
|---|---|
| In re: | : Chapter 11 |
| | : |
| FTX TRADING LTD., *et al.*,[1] | : Case No. 22-11068 (JTD) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : **Re: D.I. 22165** |
| | : |

-------------------------------------------------------- x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF THE FOREIGN REPRESENTATIVES
OF THREE ARROWS CAPITAL, LTD.'S
(IN LIQUIDATION) TO THE FTX DEBTORS' MOTION
FOR ENTRY OF AN ORDER APPROVING THE ADEQUACY OF THE PLAN**

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized

joint liquidators (the "**Joint Liquidators**") appointed in the British Virgin Islands' ("**BVI**")

liquidation of Three Arrows Capital, Ltd. (in liquidation) (the "**3AC Debtor**") and foreign

representatives of the 3AC Debtor, as recognized pursuant to chapter 15 of the Bankruptcy Code

in the case captioned *In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y.

2022), respectfully file this limited objection and reservation of rights (the "**Limited Objection**")

to confirmation of the *First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading

Ltd. and its Debtor Affiliates* [D.I. 22165] (as may be amended, the "**Plan**")[2] of FTX Trading Ltd.

and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases (as defined herein), a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2]  Capitalized terms or phrases not otherwise defined shall have the definition ascribed to them in the Plan.

"**FTX Debtors**" and these cases, collectively, the "**Chapter 11 Cases**").  In support of this Limited Objection, the Joint Liquidators respectfully submit as follows:

## PRELIMINARY STATEMENT

1.      The Plan provides unequal treatment between disputed claims and undisputed claims because the Plan does not require a reserve to be established in an amount sufficient to provide equal treatment for disputed claims after they are adjudicated.  The Plan permits the Plan Administrator unfettered discretion to establish a reserve and the amounts of any such reserve.  In light of the significant quantum of disputed claims, including claims of the 3AC Debtor, the Plan should not be confirmed without a reserve for disputed claims in an amount sufficient to provide equal distributions for all creditors in the same class, including the 3AC Debtor.

2.      Specifically, the FTX Debtors should be required to amend the Plan to: (i) establish a reserve for disputed claims, including the 3AC Claims, (ii) provide notice of the size of a proposed amount of such reserve and the aggregate amount of disputed claims, and (iii) enumerate procedures for parties in interest to be heard on any disputes over the amount of a reserve (together, the "**Plan Reserve Revisions**").  Absent the proposed Plan Reserve Revisions, the Joint Liquidators respectfully submit that the Plan should not be confirmed.

## BACKGROUND

3.      The 3AC Debtor was an investment firm incorporated in the BVI, with a focus on trading cryptocurrency and other digital assets.  The 3AC Debtor's investment strategy involved making large, leveraged cryptocurrency trades using loans from various lending counterparties. Between 2018 and 2021, as the cryptocurrency market grew, the 3AC Debtor's strategy was successful.  However, by May 2022, the market crashed and the 3AC Debtor failed.

4.      On June 27, 2022, the 3AC Debtor commenced a liquidation proceeding before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial

Division), and that court issued an order, appointing the Joint Liquidators as fiduciaries of the 3AC Debtor's estate and "office holders" as defined in section 244 of the BVI's Insolvency Act of 2003.

5.       On July 1, 2022, the Joint Liquidators commenced a Chapter 15 case, and on July 28, 2022, the U.S. Bankruptcy Court for the Southern District of New York granted recognition of the foreign main proceeding pending in the BVI. *In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG), D.I. 47 (Bankr. S.D.N.Y. July 28, 2022).

6.       On November 11 and November 14, 2022, the FTX Debtors filed with this Court voluntary petitions for relief under the Bankruptcy Code.

7.       On May 19, 2023, this Court entered the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief*, filed at D.I. 1519 (the "**Non-Customer Bar Date Order**").  Pursuant to the Non-Customer Bar Date Order, the Court set June 30, 2023 at 4:00 pm, Eastern Time as the deadline for each person or entity, not including governmental units as defined in section 101(27) of the Bankruptcy Code, holding a non-customer claim to file its proofs of claim in the Chapter 11 Cases.

8.       On June 28, 2023, this Court entered the *Order (I) (A) Establishing Deadlines for Filing Customer Proofs of Claim, (B) Approving Procedures for Submitting Proofs of Claim and (C) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* (the "**Customer Bar Date Order**") [D.I. 1793].  Pursuant to the Customer Bar Date Order, the Court set September 29, 2023 at 4:00 pm, Eastern Time as the deadline for each person or entity, not including governmental units as defined in section 101(27) of the Bankruptcy Code, holding a Customer Claim[3] to file its proofs of claim in the Chapter 11 Cases.

---

[3]    The FTX Debtors define a "Customer Claim" as any claim of any kind or nature whatsoever (whether arising in law or equity, contract or tort, under the Bankruptcy Code, federal or state law, rule or regulation, common law

9. On June 30, 2023, the 3AC Debtor filed proofs of claim against the FTX Debtors asserting, *inter alia*, claims for preference, conversion, and other avoidance actions under BVI, New York, Delaware, and other applicable law (collectively, the "**3AC Claims**").[4] The 3AC Claims are currently asserted for an unliquidated amount.

10. On May 7, 2024, the FTX Debtors filed the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* (the "**Disclosure Statement**") [D.I. 14301] and the Plan [D.I. 14300].

11. On June 26, 2024, the Court approved the Disclosure Statement. At the hearing on the Disclosure Statement, the 3AC Debtor reserved its rights regarding the provisions in the Plan regarding establishing a reserve for disputed claims, including the 3AC Claims.

12. On July 8, 2024, the FTX Debtors filed the *Debtors' Objection to Proof of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.* (the "**Claim Objection**") [D.I. 19797]. In the Claim Objection, the FTX Debtors argue that the 3AC Claims should be disallowed and expunged.

13. The 3AC Debtor has been engaged in a discovery process with the FTX Debtors. The FTX Debtors provided immense volumes of raw and semi-raw transaction data reflecting over one million line items of transactions that has, and continues to, require extensive and time-

---

or otherwise) held by any person or entity against any of the Debtors, in each case, arising out of or related to (a) any cash, cryptocurrency, digital assets or other assets held by such person or entity in an account on any FTX Exchange as of the Petition Date or (b) any other investment or trading activities on any FTX Exchange. *See Notice of Deadlines Requiring Filing of Customer Proofs of Claim On or Before September 29, 2023 and Customer Proofs of Claim Affected by the Amendment of or Supplement to the Debtors' Schedules of Assets and Liabilities* [D.I. 1870].

[4] *See* proof of claim nos. 5120, 5121, 5125, 5145, 5147, 5148, 5151, 5152, 5154, 5155, 5156, 5158, 5159, 5160, 5167, 5168, 5169, 5170, 5171, 5172, 5173, 5175, 5176, 5177, 5178, 5179, 5180, 5181, 5182, 5183, 5184, 5185, 5186, 5187, 5188, 5189, 5190, 5191, 5192, 5194, 5195, 5196, 5197, 5198, 5199, 5200, 5201, 5203, 5204, 5238, 5239, 5253, 5262, 5269, 5306, 5308, 5319, 5323, 5324, 5327, 5331, 5333, 5336, 5339, 5345, 5348, 5351, 5355, 5360, 5362, 5368, 5373, 5419, 5444, 5445, 5446, 5448, 5449, 5450, 5451, 5452, 5454, 5455, 5456, 5457, 5459, 5460, 5461, 5462, 5464, 5466, 5470, 5473, 5474, 5476, 5477, 5478, 5580, 5581.

consuming analysis.  On July 10, 2024, the 3AC Debtor served formal discovery requests under Rules 33 and 34 of the Federal Rule of Civil Procedure, made applicable to the contested matter by of the Federal Rules of Bankruptcy Procedure 7033, 7034 and 9014(c), and on August 7, 2024, the 3AC debtor served a second set of formal discovery requests.  Discovery remains ongoing.

14.     On July 14, 2024, the FTX Debtors agreed to extend the objection deadline for the 3AC Debtor to respond to the Claim Objection to and including August 30, 2024, given the 3AC Debtor's pending discovery requests to the FTX Debtors.

15.     The 3AC Debtor will timely respond to the Claim Objection and/or seek to amend its claim to include a definite amount after receiving sufficient discovery from the FTX Debtors to state its claims in a liquidated amount.  The 3AC Debtor and FTX Debtors remain in discussions concerning the procedural process for further proceedings related to the 3AC Claims.  At this stage, the parties anticipate scheduling a deposition requested by the 3AC Debtor for a date to be agreed in September.

## LIMITED OBJECTION

16.     The 3AC Debtor objects to the Plan on the grounds that the Plan violates section 1123(a)(4) of the Bankruptcy Code because it does not provide an adequate reserve to ensure equal treatment of similar claims.  The Plan is ambiguous as to (i) whether a reserve will be established for disputed claims (which may include the 3AC Claims), (ii) the size of any such reserve, and (iii) how the reserve will be established.

17.     No provision of the Plan commits to the establishment and funding of such a reserve.  Instead, the Plan merely contemplates that "the Plan Administrator shall establish, *if necessary*, a reserve . . . (a) on account of Disputed Claims that may be subsequently Allowed after the Effective Date, and (b) to cover payments to FTX DM that may be required under the FTX DM Global Settlement Agreement" and "shall . . . reserve, *as necessary*, cash on hand in a

manner consistent with Article 4 on account of the Disputed Claims Reserve in the amount that would otherwise be distributable to estimated Disputed Claims pursuant to the Plan."  *See* Plan at Section 8.5 (emphasis added).  While the Plan contemplates potentially reserving amounts to cover payments specifically to FTX DM that may be required under the FTX DM Global Settlement Agreement, it does not specifically contemplate funding a reserve for the 3AC Claims or any other disputed claims.

18.      To ensure that disputed claimants have identical treatment, "caselaw requires that reserves be established for holders of disputed claims." *In re Motors Liquidation Co.*, 447 B.R. 198, 217 (Bankr. S.D.N.Y. 2011); *see also In re Southland Royalty Company, LLC*, No. 20-10158 (KBO), Hr'g Tr. at 30:5-10 (Bankr. D. Del. May 20, 2021) (requiring the debtor's plan of reorganization to include a reserve for a disputed claim based on a balancing of factors and in an amount equal to the amount asserted in the claimant's proofs of claim).  Thus, the Plan should provide for the Plan Reserve Revisions to ensure that it results in equal treatment for similarly situated claims.

I.      **THE PLAN MAY RESULT IN DISPARATE TREATMENT AMONGST CREDITORS IN THE SAME CLASS**

19.      Confirmation of the Plan requires that it "provide the same treatment" for each claim or interest in a class "unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest."  11 U.S.C. § 1123(a)(4).  "Equality of distribution among creditors is a central policy of the Bankruptcy Code." *Begier v. IRS*, 496 U.S. 53, 58 (1990).  "[C]ourts have interpreted the 'same treatment' requirement to mean that all claimants in a class must have the 'same opportunity' for recovery." *In re W.R. Grace & Co.*, 729 F.3d 311, 327 (3d Cir. 2013).  "[A] debtor must make provision for payment of disputed claims so

that if and when allowed the claims have reasonable assurance that they will receive identical treatment." *In re Weiss-Wolf, Inc.*, 59 B.R. 653, 655 (Bankr. S.D.N.Y. 1986).

20.    Absent a reserve, the FTX Debtors may begin distributions to other similarly-situated claimants without setting aside funds to make equal distributions on account of the 3AC Debtor's disputed claims.  These distributions may result in insufficient funds available to make equal distributions on account of the 3AC Claims as other similar claims, preventing the 3AC Debtor from having the same opportunity for recovery on its claims.  And this consideration is not purely hypothetical.

21.    The FTX Debtors have already informally agreed to adjourn the hearing on the Claim Objection until October, so that a deposition requested by the 3AC Debtor may occur in September.  The 3AC Debtor expects to seek to amend its proof of claim following the conclusion of discovery.  The FTX Debtors may require the 3AC Debtor to file a motion to allow an amendment of the proof of claim, which motion practice would further draw out the final adjudication of the 3AC Claims.  If the Plan is confirmed and becomes effective on the timeline proposed by the FTX Debtors in the Disclosure Statement (October 31, 2024), [5] any adjournment, appeal, or other delay that impedes entry of a final order adjudicating the 3AC Claims threatens the 3AC Debtor's ability to recover on its claims in the event that the FTX Debtors distribute their assets under the Plan without a reserve.

22.    If the 3AC Claims are allowed after the FTX Debtors have begun making distributions to other claimants, the FTX Debtors may not have sufficient funds to satisfy the 3AC Claims in accordance with the Plan, resulting in unfair treatment for the 3AC Debtor.  The 3AC

---

[5]    *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors and Debtors-in-Possession* at Section E [D.I. 19143].

Debtor did not agree to this treatment—and it would differ from other claimants in the same class. The lack of a reserve in the Plan therefore violates section 1123(a)(4) of the Bankruptcy Code by creating the possibility for different treatment for claims in the same class without the agreement of the relevant creditor. *In re Motors Liquidation Co.*, 447 B.R. at 215.

23.     Establishment of a disputed claims reserve that includes an amount sufficient to pay the 3AC Claims would ensure equal treatment of the 3AC Claims as compared to other similar claims, as the Bankruptcy Code requires. The FTX Debtors should be required to modify the Plan to incorporate the Plan Reserve Revisions.

### **RESERVATION OF RIGHTS**

24.     The 3AC Debtor reserves all rights, claims, defenses, and remedies, including, without limitation, to supplement and amend this Limited Objection, to raise further and other objections, to introduce evidence prior to or at any hearing regarding the Plan in the event the 3AC Debtor's objections are not resolved prior to such hearing, to seek to introduce documents or other relevant information in support of the positions set forth in this Limited Objection, and to raise any and all further objections to confirmation of the Plan.

25.     The 3AC Debtor further reserves all rights to object or respond to the Claim Objection.

### **CONCLUSION**

26.     For the foregoing reasons, the FTX Debtors' Plan does not satisfy the requirements of the Bankruptcy Code and thus cannot be confirmed. The Joint Liquidators respectfully request that the FTX Debtors be required to revise the Plan to include the Plan Reserve Revisions.

Dated: August 16, 2024
      New York, New York

Respectfully submitted,

*/s/ John W. Weiss*

John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Facsimile: (732) 852-2482
Email:  jweiss@pashmanstein.com
       jbarsalona@pashmanstein.com
       agambale@pashmanstein.com

– and –

Christopher Harris (admitted *pro hac vice*)
Adam J. Goldberg (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  chris.harris@lw.com
       adam.goldberg@lw.com
       nacif.taousse@lw.com

– and –

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
       tiffany.ikeda@lw.com

*Counsel to the Joint Liquidators of Three Arrows*
*Capital, Ltd. (in Liquidation)*