**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  October 7, 2024 at 10:00 a.m. (ET)**<br>**Objection Deadline: August 30, 2024 at 4:00 p.m. (ET)** |

**MOTION OF LAYERZERO LABS LTD., ARI LITAN, AND SKIP &**
**GOOSE LLC TO EXTEND THE VOTING AND PREFERENCE ELECTION**
**DEADLINE SET FORTH IN CONFIRMATION SCHEDULING ORDER**

LayerZero Labs Ltd. ("LayerZero"), Ari Litan, and Skip  & Goose LLC ("Skip & Goose",

and collectively with LayerZero and Ari Litan, the "LayerZero Group")[2] hereby submit this motion

(this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit 1,

pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules

9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules

7026-1, 9006-1, and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the

United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the

deadline set forth in the *Order (I) Approving the Adequacy of the Disclosure Statement;*

*(II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing*

*Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection*

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  The LayerZero Group has filed the following proofs of claim: 5236, 5263, 5511, 85302, 85218, 85231, 85245, 85334, 85220, 85225, 85332, 85203, 85226, and 85338.

*Procedures for the Confirmation of the Plan* [Docket No. 19068] (the "<u>Confirmation Scheduling</u>

<u>Order</u>") relating to the submission of a ballot to accept or reject the *First Amended Joint Chapter*

*11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [Docket No. 22165] (the

"<u>Plan</u>")[3] and to maintain eligibility for the waiver of Customer Preference Actions.  In support of

this Motion, the LayerZero Group respectfully states as follows:

## **<u>PRELIMINARY STATEMENT</u>**

1.      Members of the LayerZero Group are named defendants in an adversary

proceeding, Adv. Proc. No. 23-50492 (JTD) (the "<u>Adversary Proceeding</u>"), that, among other

things, seeks to avoid and recover certain allegedly preferential transfers pursuant to the

Bankruptcy Code from the LayerZero Group's FTX.com and FTX US exchange accounts.  The

LayerZero Group has filed concurrently herewith its objection to confirmation of the Plan (the

"<u>Plan Objection</u>").[4]  As set forth in greater detail in the Plan Objection, the LayerZero Group

asserts that the Plan cannot be confirmed because, among other reasons, it fails to provide the same

treatment to creditors in Classes 5 through 7 in violation of sections 1129(a)(1), 1129(a)(3), and

1123(a)(4) of the Bankruptcy Code.

2.      One of the primary reasons the Plan fails to comply with the requirements of the

Bankruptcy Code is the Debtors' determination to offer the Customer Preference Settlement to

some creditors, at the arbitrary exclusion of others, including the members of the LayerZero Group.

Conceptually, the LayerZero Group is supportive of the Customer Preference Settlement, but

believes it must be applied in a non-discriminatory fashion for the Plan to be confirmable.  Because

opting into the Customer Preference Settlement requires an affirmative vote to confirm the Plan,

---

[3]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

[4]   A copy of the Plan Objection is attached hereto as <u>Exhibit 2</u> for the convenience of the Court and other parties in interest.

the LayerZero Group cannot enter into the Customer Preference Settlement by the Election Deadline (as defined below) without prejudicing its opportunity to assert its Plan Objection.

3.       Thus, to preserve its rights with respect to the Plan and provide a full and fair opportunity for Plan confirmation to be litigated in a manner respectful of all parties' rights to due process, the LayerZero Group has been forced to vote to reject the Plan.  To equally preserve its right to enter into the Customer Preference Settlement should its litigation positions in the Adversary Proceeding prove meritorious, the LayerZero Group respectfully requests an extension of the deadline to amend its vote and/or opt into the Customer Preference Settlement (the "Election Deadline") indefinitely until no later than seven (7) days following the entry of a final order adjudicating the Adversary Proceeding.

**RELEVANT FACTUAL BACKGROUND**

4.       Prior to the Petition Date, the Debtors operated one of the world's largest digital asset exchanges and the debtors advertised themselves as one of the most trustworthy platforms to hold and trade digital assets.  That advertising led to millions of customers to deposit tens of billions of dollars of cryptocurrency with FTX, more than $10 billion of which was fraudulently usurped by Alameda.  This case presented an extremely difficult challenge: determining ownership of and entitlement to the remaining assets between the millions of customers who deposited their assets with FTX.com or FTX US.  After over a year and a half, the Plan proposes a grand bargain for customers: the vast majority of customers of FTX.com and FTX US, regardless of claim currency denomination, will recover (a) approximately 129%-143% of the Petition Date value of the property they deposited with the applicable FTX exchange in dollars, and (b) a complete waiver of preference claims for customers who withdrew their assets prior to the Petition Date.  The Plan proposes this settlement to all creditors in Classes 5A, 5B, 7A, and 7B as recovery on account of

such creditors, with the arbitrary exception of a select few creditors, including the LayerZero Group.

5.        One key issue with the Customer Preference Settlement proposal is that entering into it requires an affirmative vote to confirm the Plan.  And, while the LayerZero Group is generally supportive of distributing assets as quickly and in as large a magnitude as possible, including the resolution of potential customer preference actions against innocent customers simply withdrawing their deposited assets in advance of FTX's collapse, it cannot vote in favor of a Plan that seeks to do so in an illegal and unconfirmable manner by offering billions of dollars' worth of this recovery to some creditors to the exclusion of others.  Accordingly, the LayerZero Group has voted to reject the Plan.

## RELIEF REQUESTED

6.        The LayerZero Group respectfully requests the entry of an order, substantially in the form attached hereto as <u>Exhibit 1</u>, indefinitely extending the Election Deadline to no later than seven (7) days following the entry of a final order adjudicating the Adversary Proceeding.

## BASIS FOR RELIEF

7.        Bankruptcy Rule 9006(b) provides that the Court may extend an unexpired time period set forth in the Bankruptcy Rules or an order of the Court, with or without motion or notice, for "cause" shown.  F.R.B.P. 9006(b).  Pursuant to Local Rule 9006-2, the Election Deadline shall be automatically extended indefinitely until the Court acts on the motion, without the necessity for entry of a bridge order.  Del. L.R. 9006-2.  Although the Bankruptcy Code does not define the term "cause," history indicates it is intended to be a flexible standard to balance relevant parties' competing interests.  *See, e.g.*, *Davis v. Ace Hardware Corp.*, 2014 U.S. Dist. LEXIS 90657 at *96-97 (D. Del. July 2, 2014) (noting that cause to extend a deadline is a "non-rigorous" standard

and that extension requests "normally will be granted in the absence of bad faith") (quoting Adam N. Steinman, Charles Alan Wright & Arthur R. Miller, 4B *Federal Practice & Procedure* § 1165).

8.        This low standard is easily surpassed under the instant circumstances.  As described briefly above, and in more detail in the Plan Objection, the current voting deadline, and thus deadline to opt into the Customer Preference Settlement, is designed to prevent the adjudication of confirmation objections such as the Plan Objection.  Parties in interest are placed in the impossible position to decide between asserting their rights fully and litigating any objections to plan confirmation, or relinquish legal arguments to avoid clawback of allegedly preferential transfers.

9.        As applied to the LayerZero Group specifically, each of its members are currently ineligible to participate in the Customer Preference Settlement because they are included among the Excluded Customer Actions despite two of the three defendants in the Adversary Proceeding being free of any alleged causes of action other than the asserted preference action.  The LayerZero Group disputes this characterization, and asserts they should be entitled to participate in the settlement offered to all other similarly-situated creditors.

## CONCLUSION

10.        For the foregoing reasons, the LayerZero Group respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit 1, extending the deadline for the LayerZero Group to opt into the Customer Preference Settlement until seven (7) days following the entry of a final order resolving the Adversary Proceeding, and granting such other and further relief as is just.

Dated: August 16, 2024
      Wilmington, Delaware

  */s/ R. Stephen McNeill*

M. Blake Cleary (No. 3614)
R. Stephen McNeill (No. 5210)
Sameen Rizvi (No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: bcleary@potteranderson.com
      rmcneill@potteranderson.com
      srizvi@potteranderson.com

-and-

Brian S. Rosen, Esq.
Dylan J. Marker, Esq.
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036-8299
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900
Email:  brosen@proskauer.com
      dmarker@proskauer.com

 -and-

Jordan E. Sazant (DE Bar No. 6515)
**PROSKAUER ROSE LLP**
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Email: jsazant@proskauer.com

*Counsel to LayerZero Group*