## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING, LTD., *et al.*,[1] | Case No. 22-11068 (JTD) (Jointly Administered) |
| Debtors. | |
| | RE: Doc. No. 22165 |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CENTER FOR APPLIED RATIONALITY, LIGHTCONE INFRASTRUCTURE, INC., AND LIGHTCONE ROSE GARDEN LLC WITH RESPECT TO FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES

The Center For Applied Rationality, Lightcone Infrastructure, Inc. and Lightcone Rose Garden LLC (collectively, the "Objectors"), by and through their undersigned counsel, submit this limited objection and reservation of rights (the "Limited Objection") to the *First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [Doc. No. 22165] (the "Plan") and in support thereof state as follows:

### PRELIMINARY STATEMENT

1.      The Debtors' Plan fails to meet the requirements of Section 1129(a) of the Bankruptcy Code as it fails to address the preservation of arguments and defenses which have or could be asserted in pending or future Avoidance Actions, including the matter currently pending against the Objectors (the "Adversary Proceeding" as further defined herein). The Objectors file this Limited Objection, *inter alia*, to reserve and preserve any and all rights, claims and defenses they have or could have in the Adversary Proceeding, including, but not limited to, determination of issues as to property of the estate.

### JURISDICTION AND STANDING

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases (collectively, the "Debtors"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

ME1 48670071v.2

2.     Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

3.     The Objectors have standing to be heard on this Limited Objection pursuant to 11 U.S.C. § 1109(b).  On May 13, 2024, the Debtors filed the *Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 105, 544, 548, and 550 and Del. Code Ann. Tit. 6*, §§ *1304, and for Disallowance of Claims Pursuant to 11 U.S.C. § 502* (the "Adversary Complaint") in the adversary proceeding styled as *FTX Trading Ltd., et al. v. Center for Applied Rationality, et al.* (Adv. Proc. No. 24-50066) (the "Adversary Proceeding").  Through the Adversary Proceeding, the Debtors seek to recover more than $4.9 million (the "Transfers") from the Objectors, including more than $2.9 million of grants allegedly paid to the Objectors by a non-debtor affiliate based on the premise that the Debtors fraudulently transferred such stolen property to the Objectors.[2]  As the terms of the Plan could affect the claims, cross-claims, counterclaims and defenses in the Adversary Proceeding, the Objectors have standing to be heard.

### FACTUAL BACKGROUND

4.     On and after November 11, 2022, the Debtors filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.     On December 15, 2022, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee").  Doc. No. 231.

6.     On August 2, 2024, the Debtors filed the Plan.

---

[2] Additional factual background regarding the parties to and alleged basis for the Adversary Proceeding is set forth in the Complaint and incorporated herein by reference.

**LIMITED OBJECTION**

7.      The Objectors file this Limited Objection to preserve and protect any and all rights, claims, counterclaims, cross-claims and defenses they hold in the Adversary Proceeding, including, but not limited to, the right to a legal determination as to whether the property at issue in the Adversary Proceeding was, at any relevant time, property of the estate.

8.      Section 541(a) of the Bankruptcy Code defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  The Third Circuit has interpreted this phrase inclusively, "to bring into the estate all interests of the debtor, whether tangible or intangible, at the commencement of the case." *Safety-Kleen Creditor Trust v. Eimco Process Equip. Co. (In re Safety-Kleen Corp.),* 331 B.R. 591, 594 (Bankr. D. Del. 2005); *see also In re Kane,* 628 F.3d 631, 637 (3d Cir. 2010) ("Section 541(a) was intended to sweep broadly [and] to include all kinds of property, including tangible or intangible property, [and] causes of action.") (quoting *Westmoreland Human Opportunities, Inc. v. Walsh,* 246 F.3d 233, 241 (3d Cir. 2001)).

9.      The expansive scope of a Debtor's estate is tempered, however, by subsequent provisions of the Bankruptcy Code.  Among other things, section 541(b)(1) of the Bankruptcy Code expressly excludes "any power that the debtor may exercise solely for the benefit of an entity other than the debtor."  11 U.S.C. § 541(b)(1).  When interpreting this provision, the Supreme Court noted "that Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the petition."  *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205, n.10 (1983).

10.     Similarly, section 541(d) of the Bankruptcy Code excludes:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest…becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

3

11 U.S.C. § 541(d).  When interpreting this section, the Third Circuit has held that, "[t]he legislative language of § 541 makes clear that funds held by a debtor for a third party are not part of the debtor's bankruptcy estate." *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3d Cir.1994).  In other words, if, as of the Petition Date, "the debtor holds legal, but not equitable, title to property, it is excluded from the estate pursuant to § 541(d)." *Ryan v. Branko Prpa MD, LLC*, 55 F.4th 1108, 1112 (7th Cir. 2022).

11.    Accordingly, this issue, along with any and all other legal issues should be determined in the course of the Adversary Proceeding.

## RESERVATION OF RIGHTS

12.    The Objectors expressly reserve the right to assert any and all arguments and defenses in the Adversary Action. The Objectors further reserve the right to modify, supplement, or amend this limited objection and to otherwise be heard on all such matters at the confirmation hearing and in the Adversary Proceeding.

## CONCLUSION

WHEREFORE, Center For Applied Rationality, Lightcone Infrastructure, Inc. and Lightcone Rose Garden LLC respectfully request that the Court deny Confirmation subject to appropriate recognition of the Objectors' rights and grant such other and further relief as the Court deems just and proper.

**MCCARTER & ENGLISH, LLP**

Date: August 16, 2024

*/s/ Kate Roggio Buck*
Kate Roggio Buck (No. 5140)
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Tel:  302-984-6300
Fax: 302-984-6399
Email:kbuck@mccarter.com

*Counsel for Center For Applied Rationality, Lightcone Infrastructure, Inc. and Lightcone Rose Garden LLC*

4