# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 22-11068 (JTD) |
| FTX TRADING, LTD., *et al.*,[1] | (Jointly Administered) |
| Debtors. | |

## DECLARATION OF TAKANE HORI

**Takane Hori**, being duly sworn, hereby states as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases (collectively, the "Debtors"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX

1

1. I am a licensed attorney in Tokyo, Japan. I am a partner at Mori Hamada & Matsumoto, a Japanese law firm, which has its offices at Marunouchi Park Building, 2-6-1 Marunouchi, Chiyoda-ku, Tokyo, 100-8222, Japan.

2. I have been practicing law in Japan for approximately 22 years, specializing in corporate and commercial litigation, mergers and acquisitions and other general corporate matters.

3. I speak, read, and write English and Japanese.

4. I reviewed and analyzed (i) the Agreement for the Sale and Purchase of Shares, Stock Options and Warrants in Liquid Group Inc. (Major Shareholders) dated November 19, 2021 (the "SPA"), by and among FTX Trading Ltd. ("FTX" or "Purchaser"), Seth Melamed ("Melamed") and other Sellers as defined in the preamble therein, and Liquid Group Inc. ("Liquid" or the "Company"), and (ii) the Side Letter Agreement dated November 19, 2021 by and between Melamed and FTX (the "Side Letter").

5. Melamed's sale of his Liquid securities is governed by the SPA and SPA's Side letter, both of which are governed by Japanese Law. Under the SPA as modified by Clause 2.1(d) of the Side Letter, "[t]he total amount of consideration to be paid by the Purchaser to Mr. Melamed shall be paid…on the Completion Date…provided, that the total amount of Crypto Consideration of Mr. Melamed, which shall be withheld in its entirety by the Purchaser as Retained Consideration in accordance with clause 4 of the [SPA], shall be paid on the Completion Date." The Crypto Consideration is payable "in kind" to Melamed as specified on Schedule 4, SPA, p. 37 and Schedule 1, Side Letter, p. 6.

6. My analysis of the SPA and the Side Letter is from the perspective of Japanese law only. My analysis does not take into account the laws of any jurisdiction other than those of Japan.

7. Capitalized terms used but not defined in this Declaration have the meanings set forth in the SPA.

## Overview

8. Based upon my review of the SPA and the Side Letter, both are governed by Japanese law pursuant to Clause 19.1 of the SPA ("[t]his Agreement (including a dispute relating to its existence, validity or termination) and any non-contractual obligation or other matter arising out of or in connection with it are governed by the laws of Japan") and Clause 8.1 of the Side Letter.

9. Consideration in the SPA is structured as follows: upon Completion Date, which I understand took place on April 4, 2022, Melamed received the Initial Cash

Consideration (USD 8,903,278.05), and was allotted and issued Consideration Shares (totaling 1,019,070 shares in the Purchaser), as set forth in Item 3 of Schedule 2 of the SPA.

10. Pursuant to Clause 2.1(d) of the Side Letter, the Purchaser is obligated to pay Melamed the entirety of the Retained Consideration on the Completion Date, which in Melamed's case is the Crypto Consideration as set forth in Item 4 of Schedule 2 of the SPA and Item 4 of Schedule 1 of the Side Letter.

11. I understand that the FTX has never made a Purchaser's Warranty Claim or any other claim under the Indemnification Obligations pursuant to Clause 4.1 of the SPA.

12. I understand that, while Melamed received the Initial Cash Consideration and the Consideration Shares, he did not receive the Retained Consideration pursuant to Clause 2.1(d) of the Side Letter and as set forth in Item 4 of Schedule 2 of the SPA and in Item 4 of Schedule 1 of the Side Letter.

13. Under Japanese law, FTX is not entitled to retain the Retained Consideration once the Completion Date passed on April 4, 2022.

### Payment of Retained Consideration

14. Based on my review of the SPA and the facts as I understand them, the SPA as modified by the Side Letter does not provide FTX any right under Japanese law to refuse or withhold the payment of the entirety of the Retained Consideration from Melamed after the Completion Date on April 4, 2022, and in addition, there has been no timely Purchaser's Warranty Claim or other claim relating to the Indemnification Obligations was made by FTX as required by Clause 4 of the SPA.

15. Given the Retained Consideration was not paid to Melamed on the Completion Date of April 4, 2022, and there were no claims by the Purchaser, under Japanese law, FTX was obligated to pay Melamed the entirety of the Retained Consideration as set forth in Item 4 of Schedule 2, page 37 of the SPA and Item 4 of Schedule 1 of the Side Letter, without discount, deduction, or other withholding. By failing to pay the entirety of the Retained Consideration on April 4, 2022, FTX was in breach of contract.

16. With respect to the payment to Melamed of the Crypto Consideration specified as Retained Consideration in the SPA and Side Letter, under Japanese law, payment of such digital assets should be "in kind," namely, in the cryptocurrencies specified in Item 4 of Schedule 2, page 37 of the SPA and Item 4 of Schedule 1 of the Side Letter.

17. Note that Melamed may also claim interest of 3% per annum on the overdue sum from the due date of payment pursuant to Clause 15.4 of the SPA, with interest accruing daily.

18. Melamed is entitled to claim the Retained Consideration due to him as well as interest in the amount of 3% per annum, which accrues daily from the Completion Date of April 4, 2022.

**Pleading Multiple Claims Under Japanese Law**

19. I understand that FTX entered bankruptcy proceedings, which are ongoing. I also understand that the founder, Sam Bankman-Fried was convicted of securities fraud and certain former executives of FTX, Nishad Singh and Gary Wang, pleaded guilty to criminal charges in connection with or related to the bankruptcy, including securities fraud.

20. I have reviewed the Debtor's Objections To Proofs of Claim Filed by Seth Melamed, dated July 10, 2024, and specifically paragraphs 22 and 26 which references Japanese law.

21. Clause 19.2 of the SPA and Clause 8.2 of the Side Letter each provide that: "[a]ny dispute, controversy or claim arising in any way out of or in connection with this Agreement (including, without limitation: (i) any issue regarding contractual, pre-contractual or non-contractual rights, obligations or Liabilities; and (ii) any issue as to the existence, validity, breach or termination of this Agreement) shall be referred to and finally resolved by binding arbitration administered by the Singapore International Arbitration Centre ("SIAC") in accordance with the SIAC Rules . . . " Clause 19.4 of the SPA and Clause 8.4 of the Side Letter provide that "[t]he seat and venue of the arbitration shall be Singapore." In my experience, a Japanese court would honor the parties' agreement to arbitrate and the venue selected.

22. In my experience, parties in Japan may plead claims based on multiple legal theories, and when two or more claims with different legal theories are pleaded with identical evidence, the court or an arbitration panel applying Japanese law will decide whether there is sufficient evidence to support one or more of the claims.

23. Under Japanese law, a plaintiff is not barred from pleading multiple legal theories in separate claims to pursue relief based on the same set of facts to the extent the elements of each claim are satisfied, whether or not the damages sought by the various claims are identical. If Melamed pleaded and proved both fraud and breach of contract, a Japanese court or an arbitration panel applying Japanese law would grant Melamed damages according to the proof of each theory Melamed submitted to the court or arbitration panel. If proven, a Japanese court or an arbitration panel applying Japanese law would permit only a single recovery where identical damages under different legal theories or claims are pleaded.

24. Under the Japanese Civil Code, Melamed would be entitled to plead claims for fraud (including fraudulent inducement) in connection with his sale of his shares in Liquid under Article 709 (damages in tort) and Article 96 (providing a separately actionable remedy for fraud) as well as for breach of contract under Article 415 (compensation for nonperformance of an obligation).

25. In my experience, if Melamed prevailed in a fraud case under Article 96 of the Japanese Civil Code in connection with his sale of his shares in Liquid to FTX, a Japanese court or an arbitration panel applying Japanese law would likely award damages to Melamed that seek to restore him to his original position before the wrongdoing occurred by FTX. In other words, any damages that were awarded would be determined based on the value of Melamed's interests in Liquid.

26. In my experience, if Melamed prevailed in a fraud case under Article 709 or breach of contract case under Article 415 in connection with his sale of his shares in Liquid to FTX, a Japanese court or an arbitration panel applying Japanese law would likely award damages to Melamed in an amount equal to the difference between the expected purchase price and what Melamed actually received.

*[Remainder of Page Intentionally Blank]*

I declare that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 15, 2024

*Takane Hori*

Takane Hori
Partner
Mori Hamada & Matsumoto
Tokyo, Japan