## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Hearing Date:  October 7, 2024 at 10:00 a.m. (ET)<br>Objection Deadline: September 4, 2024 at 4:00 p.m. (ET)<br><br>Re: Docket No. 23160 |

**MOTION FOR ENTRY OF AN
ORDER AUTHORIZING THE FILING OF DECLARATION
OF JORDAN E. SAZANT IN SUPPORT OF THE OBJECTION OF LAYERZERO
LABS LTD., ARI LITAN, AND SKIP & GOOSE LLC TO CONFIRMATION
OF THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION
OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES UNDER SEAL**

By this motion (the "Motion to Seal"), LayerZero Labs Ltd. ("LayerZero"), Ari Litan, and Skip & Goose LLC ("Skip & Goose", and collectively with LayerZero and Ari Litan, the "LayerZero Group"), by and through their undersigned counsel, hereby request this Court, pursuant to section 107 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to enter an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the LayerZero Group to file under seal the *Declaration of Jordan E. Sazant in Support of the Objection of LayerZero*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Labs Ltd., Ari Litan, and Skip & Goose LLC to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [Docket No. 23160] (the "Sazant Declaration").[2]  In support of its Motion to Seal, the LayerZero Group respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. Further, pursuant to Local Rule 9013-1(f), the LayerZero Group hereby consents to the entry of a final judgment or order in connection with the Motion to Seal if it is determined that this Court cannot, absent the consent of the parties, enter such final judgment or order consistent with Article III of the United States Constitution.

## BACKGROUND

4. The relevant factual background is set forth in the Sazant Declaration and the *Objection of LayerZero Labs Ltd., Ari Litan, and Skip & Goose LLC to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [Docket No. 23158] (the "Confirmation Objection").  The LayerZero Group hereby incorporates the Confirmation Objection and Sazant Declaration by reference as if they were set forth herein.

---

[2] All capitalized terms used but not otherwise defined shall have the meaning ascribed to them in the Sazant Declaration, as applicable.

5. On August 16, 2024, the LayerZero Group filed the Sazant Declaration which contained highly confidential, commercially sensitive, economic information, including proprietary pricing terms and confidential descriptions of the LayerZero Group's equity and related contracts, and therefore satisfies one of the categories enumerated in Bankruptcy Code section 107(b) for sealing documents (the "Confidential Information"). The disclosure of LayerZero Group's Confidential Information could give a competitor, or other parties, an unfair advantage to the detriment of LayerZero Group. Additionally, the Share Transfer Agreement (Exhibit H) specifically prohibits the disclosure of the terms thereof and the transaction contemplated thereby, which includes the Cancellation and Recission Agreement and Mutual Release (Exhibit I) (collectively, the "Agreements"). Disclosing the terms of these Agreements would violate the confidentiality requirements of these Agreements.

## REQUESTED RELIEF AND BASIS THEREFOR

6. By this Motion to Seal, the LayerZero Group respectfully requests that the Court enter the Proposed Order authorizing the LayerZero Group to file under seal the Sazant Declaration. The Sazant Declaration contains critical and confidential commercial information, including the LayerZero Group's Confidential Information that would be harmful to the LayerZero Group if publicly disclosed.

7. Therefore, the LayerZero Group is seeking authority to file exhibits F-J to the Sazant Declaration under seal. The LayerZero Group also seeks, pursuant to the Proposed Order, a ruling that the unredacted version of the Sazant Declaration not be made available to anyone except the Court, the Debtors, the U.S. Trustee, and others solely upon agreement of the LayerZero Group or further Court order.

8. Accordingly, the LayerZero Group submits that the filing of the Sazant Declaration under seal is appropriate under section 107(b) and (c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

9. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

10. Section 107(b) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures)*, 21 F.3d 24, 27 (2d Cir.1994). Under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial in nature," *Id.* Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.*

11. In granting motions to redact "commercial information," courts have defined this term as "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations" of the entity whose information would be disclosed absent the requested relief. *Id.* at 28; *see also In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

12. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to

demonstrate "good cause." *See, e.g.*, *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Instead, the moving party simply must demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code.  Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

13.  Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.  Local Rule 9018-1(d) requires that a party seeking to file documents under seal file a motion requesting such relief.  Del. Bankr. L.R. 9018-1(d).

14.  The public disclosure of Confidential Information would disadvantage the LayerZero Group from a business perspective and could weaken their position in the marketplace. Thus, the Confidential Information constitutes "confidential . . . commercial information" under section 107(b) of the Bankruptcy Code.  Because the LayerZero Group relies on the Confidential Information in the Sazant Declaration, it is seeking authority to redact the Confidential Information and references to the Confidential Information in the Sazant Declaration, and to file the unredacted copy of the Sazant Declaration under seal.

15.  The LayerZero Group has already filed a sealed version of the Sazant Declaration on the docket as a restricted document, in accordance with CM/ECF procedures and the Local

Rules. Contemporaneously herewith, and consistent with the Local Rules, the LayerZero Group is filing the redacted version of the Sazant Declaration publicly, whereby the LayerZero Group is redacting the Confidential Information. The LayerZero Group also requests that the unredacted copies of the Sazant Declaration shall not be made available to anyone except for this Court, the Debtors, the U.S. Trustee, and others solely upon agreement of the LayerZero Group or further Court order.

### LOCAL RULE 9018-1(d) CERTIFICATION

16. To the best of the knowledge, information, and belief of the undersigned counsel to the LayerZero Group, the Sazant Declaration contains information that is confidential, as contemplated by Local Rule 9018-1(d). Prior to the filing of this Motion to Seal, LayerZero Group conferred in good faith with the Debtors on the filing of this Motion to Seal and reached agreement concerning what information in the Sazant Declaration must remain sealed from public view.

### NOTICE

17. Notice of this Motion to Seal has been provided to all parties that were served with the Confirmation Objection.

### NO PRIOR REQUEST

18. No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth above, the LayerZero Group respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and awarding such other and further relief as the Court deems just and proper.

Dated: August 21, 2024
      Wilmington, Delaware

*/s/ R. Stephen McNeill*
M. Blake Cleary (No. 3614)
R. Stephen McNeill (No. 5210)
Sameen Rizvi (No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: bcleary@potteranderson.com
       rmcneill@potteranderson.com
       srizvi@potteranderson.com

-and-

Brian S. Rosen, Esq.
Dylan J. Marker, Esq.
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: brosen@proskauer.com
       dmarker@proskauer.com

-and-

Jordan E. Sazant (DE Bar No. 6515)
**PROSKAUER ROSE LLP**
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Email: jsazant@proskauer.com

*Counsel to LayerZero Group*