IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FTX TRADING LTD., *et al.*,[1] | ) Case No. 22-11068 (JTD) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) Hearing Date: October 7, 2024 at 10:00 a.m. |
|  | ) Objection Deadline: Sept. 5, 2024 at 4:00 p.m. |
|  | ) |
|  | ) Re: Docket Nos. 23335, 23336, 23339, 23340, 23342 |

## MOTION OF KARIYA KAYAMORI FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF CERTAIN PLEADINGS UNDER SEAL

Kariya Kayamori ("Kayamori"), respectfully submits this motion requesting entry of an order authorizing the filing under seal the ***Response of Kariya Kayamori to Debtors' Objection to Proof of Claim*** and related pleadings. In support of this motion, Kayamori respectfully represents as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

3. The bases for the relief requested in this motion are sections 105(a) and 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Relief Requested**

4. By this motion (the "Motion to Seal"), Kayamori seeks entry of an order, substantially in the form attached hereto (the "Order"), (a) authorizing him to file under seal the: (i) the *Response to Debtors' Objection to Proof of Claim Filed by Kariya Kayamori* [D.I. 23335] (the "Response"); (ii) the Declaration of Kariya Kayamori [D.I. 23342] (the "Kayamori Decl."); (iii) the Declaration of Former Chief Judge Kaiami [D.I. 23340] (the "Kaiami Decl."); (iv) the Declaration of Nathaniel Reisenburg [D.I. 23339] (the "Reisenburg Decl."); (v) the Declaration of Hiroki Sugita [D.I. 23336] (the "Sugita Decl."); and (vi) the exhibits attached to each of the foregoing (collectively, the "Sealed Pleadings"), and (b) granting related relief. In further support of this Motion to Seal, Kayamori respectfully states as follows:

**Background**

5. On November 11 and 14, 2022 (the "Petition Date"), the above-captioned debtors (the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

6. On June 29, 2023 Kayamori timely filed Claim 3974 against FTX and Claim 4158 against FTX Japan (collectively, the "Kayamori Claims"). On July 10, 2024, the Debtors filed an Objection to the Kayamori Claims [D.I. 20046] (the "Objection").

7. On August 19, 2024, Kayamori filed his Response to the Debtors' Objection along with the Sealed Pleadings. The Sealed Pleadings include, among other items, the (i) Agreement for the Sale and Purchase of Shares, Stock Options and Warranties in the subsidiary Liquid Group Inc., (ii) Separation Agreement by and between Kayamori and the Debtors, (iii) Debtors' Consolidated Financial Statements and Independent Auditor Reports, (iv) email correspondence between the Debtors and representatives for Kayamori regarding the terms of Kayamori's Separation Agreement, and (v) Kayamori's summary of these confidential documents (collectively, the "Confidential Information").

8. Kayamori will provide unredacted copies of the Sealed Pleadings to the Court, counsel to the Debtors, and the U.S. Trustee in compliance with the Local Rules.

**Basis for Relief**

9. The Bankruptcy Code provides strong support for maintaining the confidentiality of the Sealed Pleadings. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. Further, Local Rule 9018-1(d)(i) additionally provides, in relevant part, that "[a]ny entity seeking to file a document . . . under seal must file a motion requesting such relief. . . ." Del. Bankr. L.R. 9018-1(d)(i).

11. Section 107(c) of the Bankruptcy Code provides that a court may, for cause, protect an individual with respect to "[a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under this title." 11 U.S.C. § 107(c). In addition, the Court may authorize Kayamori to file the Confidential Information under seal, pursuant to section 107(b)(1), by issuing an order that protects from any potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b).

12. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Altegrity, Inc.*, No. 15–10226 (LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("if it is established that the documents sought to be sealed fall within the enumerated statutory exception, the Court must grant the requested relief (or such other relief that protects the moving party)"); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is required to protect such an entity on request of a party in interest."). Stated differently, section 107(b) of the Bankruptcy Code does

not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y 2003).

13. In *Orion Pictures*, the court noted under section 107(b)(1)'s exception to the general rule that court records are open to examination by the public an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id*. Commercial information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id*. at 28.

14. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing, Ltd.*, 295 B.R. at 724. Moreover, section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. Kayamori is seeking to file documents under seal based upon confidentiality provisions in the agreements. Good cause exists to grant Kayamori leave to file the Confidential Information under seal pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, and Bankruptcy Rule 9018 because the Confidential Information includes financial and employment records of the Debtors. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.,* 924 F.3d 662, 672-73 (3d Cir. 2019) (noting "strong presumption" of public access can be overcome by a showing of "compelling, countervailing interests" sufficient to permit the court to make "specific findings on the record concerning the effects of disclosure.").

16. By this Motion to Seal, Kayamori respectfully requests that the Court enter an order authorizing Kayamori to file under seal the Sealed Pleadings in accordance with Bankruptcy Rule 9018 and directing that such filing remain confidential and under seal and that no such information shall be made available to anyone other than as set forth in the order approving this Motion to Seal.

### Notice

17. Kayamori will provide notice of this motion to: (a) the U.S. Trustee; (b) counsel to the Debtors; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002. Kayamori submits that, in light of the nature of the relief requested, no other or further notice need be given.

### Compliance with Local Rule 9018-1(d)

18. The undersigned counsel for Kayamori hereby certifies that counsel for Kayamori reached out to counsel for the Debtors with regard to the information that should remain sealed from public view and the parties have not yet had an opportunity to confer. Kayamori's counsel

will endeavor to confer with Debtors' counsel as soon as possible and prior to any hearing on the motions.

## No Prior Request

19.   No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, Kayamori respectfully requests that the Court enter the Order, substantially in the form attached hereto, granting the relief requested in this Motion to Seal and granting such other and further relief as is appropriate under the circumstances.

| | |
|---|---|
| Dated:  August 22, 2024<br>Wilmington, Delaware | */s/ Sally E. Veghte*<br>Richard M. Beck (DE Bar No. 3370)<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Sally E. Veghte (DE Bar No. 4762)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 Market Street, Suite 1000<br>Wilmington, Delaware, 19801-3062<br>Telephone:  (302) 426-1189<br>Email:  rbeck@klehr.com<br>            dpacitti@klehr.com<br>            sveghte@klehr.com<br><br>-and-<br><br>Laura Metzger, Esq. (admitted *pro hac vice*)<br>Michael Trentin, Esq. (admitted *pro hac vice*)<br>**ORRICK, HERRINGTON & SUTCLIFFE LLP**<br>51 West 52nd Street<br>New York, New York  10019-6142<br>Telephone:  (212) 506-5000<br>Email:  lmetzger@orrick.com<br>            mtrentin@orrick.com<br><br>*Counsel for Kariya Kayamori* |