## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Sept. 12, 2024 at 1:00 p.m. (ET)**<br>**Obj. Deadline: Sept. 5, 2024 at 4:00 p.m. (ET)** |

### FIFTH JOINT MOTION OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE MOVANTS TO REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee" and, together with the Debtors, the "Movants") hereby jointly submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing each of the Movants to redact the names, addresses and e-mail addresses of all of the Debtors' customers from any filings with the Court or made publicly available in these Chapter 11 Cases (as defined below) through and including the later of (x) 90 days from the date of entry of the Order and (y) the Effective Date (as such term is defined in the Debtors' *First Amended Joint Chapter 11 Plan of Reorganization of*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 22165] (as amended, supplemented or modified from time to time, the "Plan")).  In support of the Motion, the Movants respectfully state as follows:

### Preliminary Statement

1.      As the Debtors move steadily and swiftly towards Plan confirmation and distributions to customers and other creditors, the Debtors continue to explore potential sources of value for the estates from monetization of the customer lists associated with the FTX exchanges. The Movants therefore request that the Court determine, as it has five times prior, that the Debtors' customer lists have value and are entitled to continued protection pursuant to section 107(b) of the Bankruptcy Code.

2.      As Kevin Cofsky, the Debtors' investment banker at Perella Weinberg Partners, has previously testified—and will testify at any hearing on this Motion, if necessary— the value of the customer lists is due to the confidential nature of the customer names and addresses.  Because the monetization process remains ongoing, nothing has changed since the Debtors' prior request in terms of needing to preserve the confidential nature of the customer lists in order to realize their value.  The immediate release of the Debtors' customer names and addresses would be value-destructive to the estates and harmful to the Debtors' ongoing efforts to monetize their value.

3.      Accordingly, the Debtors request an additional extension to preserve the confidentiality of customer names and addresses through and including the later of (x) 90 days from the date of entry of the Order and (y) the Effective Date of the Plan.  The Movants request that the Court enter the Order, and they will again discuss with the U.S. Trustee and the Media Intervenors about resolving the Motion without a hearing.

**Background**

4.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Committee").

5.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**Facts Specific to the Relief Requested**

6.      On November 19, 2022, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals and (III) Granting Certain Related Relief* [D.I. 45] (the "Original Motion").[2]

---

[2]    Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Original Motion.

7.    On November 23, 2022, the Court granted the Original Motion on an interim basis and entered the *Interim Order (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on an Interim Basis and (III) Granting Certain Related Relief* [D.I. 157].

8.    Objections to the Original Motion being granted on a final basis were interposed by the U.S. Trustee [D.I. 200, 362] and a group of media outlets [D.I. 195] (the "Media Intervenors").

9.    The Committee filed a joinder in support of the Debtors' Original Motion being granted on a final basis [D.I. 408].

10.    The Court held a hearing on the Original Motion on January 11, 2023 (the "January 11 Hearing").  At the January 11 Hearing, the Court granted the Original Motion on a final basis and, on January 20, 2023, entered the *Final Order (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on a Final Basis and (III) Granting Certain Related Relief* [D.I. 545] (the "Original Order").

11.    The Original Order authorized the Debtors, among other things, to redact from all public filings: (a) addresses and e-mail addresses of their creditors and equity holders who are natural persons on a permanent basis; and (b) names, addresses and e-mail addresses of their customers, including those customers who are not natural persons, until the "Redaction Deadline," which as defined therein, was April 20, 2023.  (Original Order ¶¶ 4-6.)

12.     The Original Order was entered with an express reservation of rights of the Debtors, the Committee and all other parties-in-interest to seek an extension of the Redaction Deadline, or to request authorization to redact any personal information of customers, creditors or equity holders on any other grounds.  (*Id.* ¶ 7.)

13.     On April 20, 2023, the Debtors filed the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals* [D.I. 1324] (the "First Extension Motion").

14.     On May 2, 2023, the Media Intervenors filed an objection to the First Extension Motion [D.I. 1406].  On May 9, 2023, the U.S. Trustee also filed an objection to the First Extension Motion [D.I. 1467].

15.     The Court held an evidentiary hearing on the First Extension Motion on June 8, 2023 and June 9, 2023 (collectively, the "June Hearing").  At the June Hearing, Mr. Cofsky testified before the Court that the Debtors' customer lists are valuable to the Debtors and that disclosure of the names and addresses on those lists would jeopardize the Debtors' ability to maximize value for stakeholders.  (June 8, 2023 Hr'g Tr. 143:7-8; 152:1-17.)  The Court credited Mr. Cofsky's testimony and granted the First Extension Motion with respect to the Movants' request to redact customer names pursuant to 107(b) of the Bankruptcy Code for an additional 90 days.  Among other things, the Court further granted the First Extension Motion with respect to the Movants' request to redact the customer names of individuals under 107(c) of the Bankruptcy Code on a permanent basis.  (June 9, 2023 Hr'g Tr. 156:14 – 158:21.)

16.     On June 15, 2023, the Court entered the *Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers and Personal Information of*

*Individuals* [D.I. 1643] (the "First Extension Order"). The First Extension Order authorized the

Movants, pursuant to section 107(c)(1) of the Bankruptcy Code, to permanently redact the names

of all customers who are natural persons from all filings with the Court or made publicly available

in these Chapter 11 Cases in which disclosure would indicate such person's status as a customer.

(First Extension Order ¶ 4.) The First Extension Order also authorized the Movants to, pursuant

to 107(b)(1) of the Bankruptcy Code, redact the names, addresses and e-mail addresses of all of

the Debtors' customers from all filings with the Court or made publicly available in these Chapter

11 Cases; *provided*, *however*, that the authorization to redact the names of all customers, and to

redact the names, addresses and e-mail addresses of customers who are not natural persons, was

only granted until the date that was 90 days from the date of the entry of the First Extension Order

(such date, the "Extended Redaction Deadline"). The Extended Redaction Deadline was set to

expire on September 13, 2023. (*Id.* ¶ 2.)

17.     On September 13, 2023, the Debtors filed the *Second Joint Motion of the

Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants

to Redact or Withhold Certain Confidential Information of Customers* [D.I. 2508] (the "Second

Extension Motion").

18.     On September 6, 2023, the Media Intervenors filed an objection to the

Second Extension Motion [D.I. 2712] and on September 27, 2023, the U.S. Trustee filed an

objection to the Second Extension Motion [D.I. 2725]. Both objections merely incorporated the

previously filed objections by these parties.

19.     The Court held an evidentiary hearing on the Second Extension Motion on

October 24, 2023 (the "October Hearing"). At the October Hearing, Mr. Cofsky again testified to

the fact that the value of customers to the Debtors' estate is "high and very important." (October

24, 2023 Hr'g Tr. 24:5-7.)  Mr. Cofsky testified that the customer lists are a source of value (i) if

the Debtors were to sell the exchange assets, (ii) if the Debtors were to reorganize the exchanges

or (iii) on a standalone basis, if the lists were to be monetized simply as information.  (*Id*. 24:8-

16.)  At the October Hearing, the Court granted the Second Extension Motion, stating that the

"uncontroverted evidence presented today is that it does have some value."  (*Id*. 58:9-11.)

20.    Accordingly, on October 24, 2023, the Court entered the *Second Order*

*Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers*

[D.I. 3353] (the "Second Extension Order").  The Second Extension Order authorized the Debtors

and the Committee, pursuant to Section 107(b)(1) of the Bankruptcy Code, to redact the names,

addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or

made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to

redact the names, addresses and e-mail addresses of customers who are not natural persons was

only until the date that was 90 days from the date of the entry of the Second Extension Order (such

date, the "Second Extended Redaction Deadline") and *provided*, *further*, that the authorization to

redact the names of customers, whether they are natural persons or entities, and the addresses of

customers who are not natural persons, is limited to those documents in which disclosure would

indicate the status of such person or entity as a customer.  (Second Extension Order ¶ 2.)

21.    Following the request of the Court at the October Hearing to "find some

way to avoid another one of these hearings in 90 days where we don't have to go through and hear

the same testimony again" (October 24, 2023 Hr'g Tr. 59:16-18), the Debtors contacted the U.S.

Trustee and the Media Intervenors, requesting that such parties not object to a further extension of

the Second Extended Redaction Deadline for an additional 90 days, with all parties' rights

reserved.  The U.S. Trustee and the Media Intervenors declined to permit entry of an order on a

consensual basis at that time, but the parties continued to discuss a resolution that would avoid the need for another evidentiary hearing in connection with a further extension.

22.     On January 22, 2024, the Movants filed the *Third Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 6153] (the "Third Extension Motion"), requesting that the Court approve a 90-day extension of the Second Extended Redaction Deadline to preserve the confidentiality and potential value of the Debtors' customer lists.

23.     After the filing of the Third Extension Motion, following further discussions with the U.S. Trustee and the Media Intervenors, on February 12, 2024, the Debtors filed the *Stipulation Regarding the Third Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 7305] (the "First Stipulation"), pursuant to which, among other things, the U.S. Trustee and the Media Intervenors agreed that the Court could rule on the Third Extension Motion based on the existing record of the prior hearings and the filed pleadings.

24.     On February 13, 2024, the Court entered the *Third Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 7315] (the "Third Extension Order").   The Third Extension Order, consistent with the Second Extension Order, authorized the Debtors and the Committee, pursuant to Section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names, addresses and e-mail addresses of customers who are

not natural persons was only until the date that is 90 days from the date of the entry of the Third Extension Order (such date, the "Third Extended Redaction Deadline") and *provided*, *further*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, was limited to those documents in which disclosure would indicate the status of such person or entity as a customer.  (Third Extension Order ¶ 2.)

25.    On May 13, 2024, the Movants filed the *Fourth Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 14727] (the "Fourth Extension Motion"), requesting that the Court approve a 90-day extension of the Third Extended Redaction Deadline to preserve the confidentiality and potential value of the Debtors' customer lists.

26.    After the filing of the Fourth Extension Motion, following further discussions with the U.S. Trustee and the Media Intervenors, on May 29, 2024, the Debtors filed the *Stipulation Regarding the Fourth Joint Motion of the Debtors and the Official Committee of Unsecured Creditors for an Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 16164] (the "Second Stipulation"), pursuant to which, among other things, the U.S. Trustee and the Media Intervenors agreed that the Court could rule on the Fourth Extension Motion based on the existing record of the prior hearings and the filed pleadings.

27.    On May 30, 2024, the Court entered the *Fourth Order Authorizing the Movants to Redact or Withhold Certain Confidential Information of Customers* [D.I. 16165] (the "Fourth Extension Order").  The Fourth Extension Order, consistent with the Third Extension

Order and the Second Extension Order, authorized the Debtors and the Committee, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses and e-mail addresses of all of the Debtors' customers from all filings with the Court or made publicly available in these Chapter 11 Cases; *provided*, *however*, that the authorization to redact the names, addresses and e-mail addresses of customers who are not natural persons is only until the date that is 90 days from the date of the entry of the Fourth Extension Order (such date, the "Fourth Extended Redaction Deadline") and *provided*, *further*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, is limited to those documents in which disclosure would indicate the status of such person or entity as a customer.  (Fourth Extension Order ¶ 2.)  The Fourth Extended Redaction Deadline is set to expire on August 28, 2024.[3]

## Jurisdiction

28.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105 and 107 of the Bankruptcy Code and Bankruptcy Rule 9018.  Pursuant to Local Rule 9013-1(f), the Movants each consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[3]    Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Fourth Extended Redaction Deadline shall automatically extend the Fourth Extended Redaction Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

### Relief Requested

29.     By this Motion, the Movants request entry of the Order, substantially in the

form attached hereto as <u>Exhibit A</u>, authorizing each of the Movants to redact the names, addresses

and e-mail addresses of all of the Debtors' customers from any filings with the Court or made

publicly available in these Chapter 11 Cases through and including the later of (x) 90 days from

the date of entry of the Order and (y) the Effective Date of the Plan; *provided* that the Debtors and

the Committee, as applicable, will provide the U.S. Trustee and counsel to the Committee or the

Debtors, as applicable, as well as certain other governmental parties, copies of unredacted filings

upon request and any other party copies of unredacted filings upon order of the Court.

### Basis for Relief

**I.      Cause Exists to Further Extend the Fourth Extended Redaction Deadline for an Additional 90 Days Pursuant to Section 107(b)(1) of the Bankruptcy Code.**

30.     Section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, at the

request of a party-in-interest, to "protect an entity with respect to a trade secret or confidential

research, development, or commercial information." 11 U.S.C. § 107(b)(1).   Pursuant to

Bankruptcy Rule 9018, upon motion, "the court may make any order which justice requires . . . to

protect the estate or any entity in respect of a trade secret or other confidential research,

development, or commercial information."  Fed. R. Bankr. P. 9018.

31.     The Debtors have maintained, beginning in connection with the Original

Motion, that their customer lists are a potentially significant source of value for their estates.

(Original Mot. ¶ 12.)  At the January 11 Hearing, Mr. Cofsky testified that as part of the Debtors'

ongoing strategic review, his view is that there is value in the Debtors' customer lists, and that

whether the exchanges are sold or reorganized, value is maximized by ensuring that competitors

are not able to solicit customers and prematurely move them to other platforms.  (Jan. 11, 2023

Hr'g Tr. 25:4-26:15.)  Mr. Cofsky went on to testify that his view is that third parties will place significant value on the Debtors' customer lists in a sale process, and that maintaining the identity of the customers without disclosure will give buyers confidence that what they are buying is actually of value.  (*Id*. at 30:21-31:5.)

32.    The Court agreed.  In granting the Original Motion on a final basis, the Court stated that "I think it goes without saying that a customer list in any bankruptcy case is something that is protected by 107(b) as a trade secret.  Companies hold those things very closely and don't want them disclosed."  (*Id.* at 103:1-5.)

33.    The Debtors then argued in connection with the First Extension Motion that the customer lists remain an important asset of the Debtors' estate and a potential source of value. At the June Hearing, Mr. Cofsky again testified that the lists of customer names are "extraordinarily valuable," both in the context of a reorganization and of a sale.  (June 8, 2023 Hr'g Tr. 142:13-19.)  Mr. Cofsky further testified that, even if the Debtors are unable to reorganize or sell their businesses, the customer lists themselves are likely to be of value to third parties—and therefore a critical source of potential recovery for the Debtors' customers and other creditors.  (*Id.* at 143:7-144:15.)  If disclosure of the Debtors' customer lists were to occur at this stage, Mr. Cofsky testified that disclosure of names and addresses would negatively impact any effort to monetize those assets.  (*Id.* at 147:8-9.)

34.    The Court again agreed.  In granting the First Extension Motion with respect to the Movants' redaction request pursuant to section 107(b), the Court stated:

> I think the evidence presented was uncontroverted that customer identification has
> value.  It has value to the Debtors' estates.  And under 107(b), the customer names
> constitute a trade secret… And as a result, those names can continue to be redacted
> for an additional 90 days while the Debtors continue to seek how they're going to
> come out of these bankruptcies; if they're going to sell the assets, including the

customer lists, or if they're going to reorganize, in which case, they're going to want the customer lists.

(June 9, 2023 Hr'g Tr. 156:16-25.)

35.    In October 2023, the Debtors again met their evidentiary burden.  The Debtors argued in connection with Second Extension Motion that the customer lists remain an important asset of the Debtors' estate and a potential source of value.  At the October Hearing, Mr. Cofsky once again testified before the Court that the customer lists are a source of value to the Debtors, regardless of whether the Debtors decide to sell the exchange assets, reorganize their estates or monetize the lists on a standalone basis.  (October 24, 2023 Hr'g Tr. 24:8-21).  Mr. Cofsky noted that "the exclusive access to those customer lists is a very important and has been a critical element of… conversations" with certain counterparties.  (*Id*. at 25:7-16.)

36.    In granting the Second Extension Motion, the Court stated that:

[O]nce again, the uncontroverted evidence presented today is that it does have some value.  The evidence today was even stronger than it's been in the past two hearings…  Just as a matter of common sense, a platform without customers is nothing.  So, it has to have value.  The customer list has to have value…  The objecting parties have still not brought forward any witness who can dispute what Mr. Cofsky has testified to.

(October 24, 2023 Hr'g Tr. 58:8-24.)

37.    The Debtors explained in connection with the Third Extension Motion that Mr. Cofsky was prepared to again testify as to the value of the Debtors' customer lists and the need to keep them confidential.  But the Debtors further asserted the Third Extension Motion could be granted without a further evidentiary hearing.  On February 12, 2024, the Movants, the U.S. Trustee and the Media Intervenors entered into the First Stipulation pursuant to which, among other things, the parties agreed that the Court could rule on the Third Extension Motion based on

the existing record of prior hearings and the filed pleadings.  The Court entered the Third Extension Order without a hearing the very next day.

38.     The Debtors again explained in connection with the Fourth Extension Motion that Mr. Cofsky was prepared to testify as to the value of the Debtors' customer lists and the continuing need to keep them confidential.  As with the Third Extension Motion, the Debtors asserted that the Fourth Extension Motion could be granted without a further evidentiary hearing. On May 29, 2024, the Movants, the U.S. Trustee and the Media Intervenors entered into the Second Stipulation, which, consistent with the First Stipulation, among other things, provided that the Court could, if it determined appropriate, rule on the Fourth Extension Motion based on the existing record of prior hearings and the filed pleadings.  Once again, the Court entered the Fourth Extension Order without a hearing the very next day.

39.     Since entry of the Fourth Extension Order, the facts and, accordingly, the Debtors' position with respect to the potential value of the customer lists, have not changed.  As described in the *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Affiliated Debtors and Debtors-in-Possession* [D.I. 19143] (the "Disclosure Statement"), the Debtors continue to explore monetization options for their customer lists on a standalone basis even in the absence of a reorganization, sale or merger of the FTX exchanges.  If necessary, Mr. Cofsky is prepared to testify once again at any hearing with respect to the Motion that the need to redact all customer names and addresses from the public record in order to preserve value for the Debtors' estates remains ongoing, consistent with the testimony provided in October 2023.  In addition, Mr. Cofsky would testify that the Debtors continue to explore options to maximize value for stakeholders, and have not yet made a decision with respect to the best path to realize value from the customer lists.

40.    The comprehensive record established over the entirety of these Chapter 11 Cases, without any evidence to the contrary ever being offered by any objector, is more than sufficient for the Court to enter the Order and further extend the Fourth Extended Redaction Deadline through and including the later of (x) 90 days from the date of entry of the Order and (y) the Effective Date of the Plan to permit the Debtors' monetization efforts with respect to their customer lists to continue unimpeded.

41.    The value of the Debtors' customer lists is no less an important asset of the Debtors today than it was at the time the Court entered any of its prior orders authorizing the redaction of customer information.  Accordingly, the Movants request at this time a further extension of the Fourth Extended Redaction Deadline through and including the later of (x) 90 days from the date of entry of the Order and (y) the Effective Date of the Plan with respect to all customer names, addresses and e-mail addresses to preserve the value of the Debtors' customer lists for the benefit of the Debtors' stakeholders.[4]

### Notice

42.    Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the Media Intervenors; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Movants submit that, in light of the nature of the relief requested, no other or further notice need be provided.

---

[4]    The Debtors intend to discuss with the U.S. Trustee and the Media Intervenors entry into an agreement similar to the First Stipulation and the Second Stipulation to avoid the need for another evidentiary hearing with respect to the relief requested.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Movants respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

Dated: August 28, 2024
   Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:  landis@lrclaw.com
    brown@lrclaw.com
    pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  dietdericha@sullcrom.com
    bromleyj@sullcrom.com
    gluecksteinb@sullcrom.com
    kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*

Dated:  August 28, 2024
   Wilmington, Delaware

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

*/s/ Robert F. Poppiti, Jr.*
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:  mlunn@ycst.com
   rpoppiti@ycst.com

-and-

**PAUL HASTINGS LLP**
Kristopher M. Hansen*
Kenneth Pasquale*
Gabriel E. Sasson*
Isaac S. Sasson*
John F. Iaffaldano*
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Email:  krishansen@paulhastings.com
   kenpasquale@paulhastings.com
   gabesasson@paulhastings.com
   isaacsasson@paulhastings.com
   jackiaffaldano@paulhastings.com

*Admitted pro hac vice*

*Counsel to the Official Committee of Unsecured
Creditors*