## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | : | Case No. 22-11068 (JTD) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Hearing Date: TBD** |
| | : | **Objection Deadline: TBD** |

## MOTION OF ROBERT J. CLEARY AS
## THE EXAMINER FOR ENTRY OF AN ORDER AUTHORIZING
## AND DIRECTING EXAMINATION UNDER OATH OF LYNN NGUYEN

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), files this motion pursuant to sections 105(a) and 1106 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order authorizing and directing examination under oath of Lynn Nguyen (a/k/a Phuong Linh Nguyen). In support of the Motion, the Examiner respectfully states as follows:

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

4. The statutory and legal predicates for the relief requested herein are sections 105(a), and 1106 of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Rule 2004-1.

5. Pursuant to Local Rule 9013-1(f), the Examiner consents to this Court's entry of a final order in connection with this Motion to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

6. On November 11 and 14, 2022, the Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 15, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Debtors' cases (the "Committee"). See ECF No. 231.

7. On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner*, ECF No. 176 (the "Examiner Motion").

8. On February 21, 2023, the Court entered the *Order Denying Motion for the Appointment of an Examiner*, ECF No. 746 (the "Examiner Order"). On March 6, 2023, the U.S. Trustee filed a notice of appeal of the Examiner Order, ECF No. 805, and on January 19, 2024,

2

the United States Court of Appeals for the Third Circuit issued an opinion reversing the Examiner Order.

9.      On February 23, 2024, the Court entered an order directing the U.S. Trustee to appoint an examiner in the Debtors' cases.  See ECF No. 7909.

10.      On February 27, 2024, the U.S. Trustee filed the *Notice of Appointment of Examiner*, ECF No. 8047, and the *(I) Application of the United States Trustee for Order Approving the Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of an Order (A) Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 8048.

11.      On March 20, 2024, the Court approved Mr. Cleary's appointment as Examiner in these Chapter 11 Cases.  See ECF No. 9882.  The Court also entered the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 9883 (the "Phase I Scope Order"), which set out the scope, cost, degree, and duration of the Examiner's initial investigation and required the Examiner to file a report summarizing the same (the "Phase I Report").  Paragraph 12 of the Phase I Scope Order provided that the Examiner "shall have the standing of a 'party in interest' with respect to matters that are within the scope of the Examination."  Phase I Scope Order, ¶ 12.

12.      On May 20, 2024, the Examiner filed his Phase I Report under seal.  *See* ECF No. 15271.  On May 23, 2024, the Examiner filed the Phase I Report on the docket publicly.  *See* ECF No. 15545.  The Phase I Report recommended three areas for additional investigation, including an investigation into the "balance sheet shortfalls at FTX.US" (the "FTX.US Investigation").  As

3

set forth in the Phase I Report, the FTX.US Investigation would focus on "(1) the reasons these holes arose at FTX.US, (2) whether the balance sheet holes were the result of commingling of customer or corporate assets, (3) the frequency and magnitude of the holes, and (4) how they were resolved and by whom." *See* Phase I Report, p. 209.

13.     On June 10, 2024, the Examiner filed a motion seeking authorization to conduct the additional investigations recommended in the Phase I Report. *See* ECF No. 17166. On June 26, 2024, the Court entered the *Order (I) Granting the Examiner Authority to Conduct Additional Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination and Granting Related Relief*, ECF No. 19061 (the "Phase II Scope Order"). The Phase II Scope Order grants the Examiner authority to conduct the recommended additional investigations, including the FTX.US Investigation (collectively, the "Phase II Examination"). *See* Phase II Scope Order, ¶ 3. The Phase II Scope Order specifies that the FTX.US Investigation should "center on (1) the existence of and the reasons these holes arose at FTX.US, (2) whether the balance sheet holes were the result of commingling of customer or corporate assets, (3) the frequency and magnitude of the holes, and (4) how they were resolved and by whom." *Id.* The Phase II Scope Order also sets a budget for the Phase II Examination under "the assumption that there will be no impediments or delays in the Examiner gaining access to all relevant information." *Id.* at ¶4. Lastly, the Phase II Scope Order provides that paragraphs 6 through 12 of the Phase I Scope Order "remain in full force and effect for the Phase II Examination." *Id.* at ¶ 9.

14.     The Phase II Scope Order directs the Examiner to file a report summarizing his Phase II Examination (the "Phase II Report"). Pursuant to the *Order Amending the Order (I) Granting the Examiner Authority to Conduct Additional Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination and Granting Related*

*Relief*, ECF No. 23059, the Phase II Report shall be filed no later than September 20, 2024.

15.     Since June 26, 2024, the Examiner has been conducting the Phase II Examination as thoroughly and expeditiously as possible.  While most parties in interest have fully cooperated with his investigation, the Examiner has not been able to obtain the cooperation of all relevant parties.

16.     In particular, the Examiner has attempted to obtain information from Lynn Nguyen.[2]  The Examiner understands Ms. Nguyen was an employee of FTX.US during the time-period relevant to the Phase II Examination.  Based on documents reviewed by the Examiner and other witness interviews, the Examiner further understands Ms. Nguyen was a primary member of the FTX.US "settlements" team that oversaw FTX.US fiat accounts, including customer deposits. Ms. Nguyen also was involved in discussions and analyses concerning potential balance sheet shortfalls prior to the Petition Date.  As such, the Examiner believes Ms. Nguyen was central to certain matters at issue in the Phase II Examination.

17.     Beginning on July 16, 2024, the Examiner, through his counsel, sent several emails to Ms. Nguyen and also called her several times, to request Ms. Nguyen's cooperation in the Phase II Examination.  At one point several weeks ago, counsel for the Examiner briefly spoke to Ms. Nguyen on a phone call.  On that call, Ms. Nguyen confirmed receipt of the Examiner's prior emails and that her phone number was correct.  She also promised to review the emails and to respond to the Examiner after the call.  However, Ms. Nguyen never responded and has ignored all further outreach from the Examiner and his counsel.

18.     On August 25, 2024, the Examiner's counsel emailed Ms. Nguyen asking for a time

---

[2] The FTX.US employee spreadsheet that was produced to the Examiner does not include an employee by the name of Lynn Nguyen, but it does include an employee with the name Phuong Linh Nguyen who had the title "Head of Settlements" with the email address "lynn@ftx.us."  Based on this information, the Examiner believes Ms. Nguyen's legal name is Phuong Linh Nguyen.

to speak during the week of August 26.  The Examiner's counsel again offered to accommodate Ms. Nguyen's schedule and speak at any time or place (or via Zoom) that is most convenient for her in order to minimize any burden.  The Examiner's counsel requested a response from Ms. Nguyen by August 27, and informed her that if she did not respond, the Examiner would seek relief from the Court to compel her testimony.  Counsel for the Examiner also left a voicemail for Ms. Nguyen advising her of the intent to seek such relief absent a response.  On August 28, 2024, the Examiner again called Ms. Nguyen and left a voicemail.  The Examiner's counsel followed that call up with an email attaching a draft of this motion and requesting a response by August 29 at 2:00 P.M.  As of the filing of this Motion, Ms. Nguyen has not responded.

## RELIEF REQUESTED

19.     By this Motion, the Trustee seeks entry of an order substantially in the form attached hereto as Exhibit A authorizing and directing Ms. Nguyen to participate in an oral examination under oath via Zoom on September 11, 2024.

## BASIS FOR RELIEF

20.     Section 105(a) of the Bankruptcy Code provides "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21.     Section 1106 of the Bankruptcy Code delineates various duties of an examiner appointed under section 1104(d).  Those duties include the duty to "investigate acts, conduct, assets, liabilities and financial condition of the debtor, the operation of the debtor's business…and any other matter relevant to the case or formulation of a plan."  11 U.S.C. §§ 1106(a)(3); *see also* 11 U.S.C. 1106(b) (charging an examiner with the duties specified in paragraph (3) of subsection (a)).

6

22.     Furthermore, pursuant to the Phase II Scope Order, the Examiner was specifically directed to conduct the FTX.US Investigation focused on "(1) the existence of and the reasons these holes arose at FTX.US, (2) whether the balance sheet holes were the result of commingling of customer or corporate assets, (3) the frequency and magnitude of the holes, and (4) how they were resolved and by whom."  Phase II Scope Order, ¶ 3.  As such, it is the Examiner's duty to fully and thoroughly investigate the balance sheet issues present at FTX.US.  As part of this investigation, the Examiner seeks authorization to conduct a Bankruptcy Rule 2004 Examination of Ms. Nguyen.

23.     The Phase II Scope Order permits the Examiner to seek any relief he deems "appropriate in the furtherance of the discharge of his duties."  Phase II Scope Order, ¶ 10.

24.     Bankruptcy Rule 2004 provides that upon the "motion of any party in interest" the Court may order the examination of any entity.  The Examiner is clearly a party in interest, and Ms. Nguyen, as a former employee of FTX.US, is an appropriate examinee.  *See* Phase I Scope Order, ¶ 12; *In re Ionosphere Clubs Inc*., 156 B.R. 414,432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) ("Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation."); *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (internal quotation marks omitted) (under Rule 2004, "[p]otential examinees include third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate."); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (Rule 2004 examination "may extend to creditors and third parties who have had dealings with the debtor"); *In re GHR Cos*., 41 B.R. 655, 660 (Bankr. D. Mass. 1984) ("The clear intent of Rule 2004 . . . is to give parties in interest an opportunity to examine

individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors.").

25.     Examinations under Bankruptcy Rule 2004 may cover, *inter alia,* any matter that may relate to the property and assets of the estate, the acts and conduct of the debtor, the financial condition and liabilities of the debtor, and any matter that may affect the administration of a debtor's estate.  Fed. R. Bankr. P. 2004(b); *see also In re Teleglobe Commc'ns Corp*., 493 F.3d 345, 354 n.6 (3d Cir. 2007) (noting that Rule 2004 "allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate."); *ln re Wash. Mut., Inc*., 408 B.R. 45, 50 (Bankr. D. Del. 2009) ("The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate."); *ln re Johns-Manville Corp*., 42 B.R. 362, 364 (S.D.N.Y. 1984) ("The examination of witnesses having knowledge of the debtor's acts, conduct, liabilities, assets, etc. is [] proper[.]");  *In re Gawker Media, LLC*, 2017 WL 2804870, at *6 (Bankr. S.D.N.Y. June 28, 2017) ("The purpose of Rule 2004 is to allow the [interested party seeking discovery] to acquire information it lacks.")

26.     Courts in this district have explained that the scope of Rule 2004 examinations is broad, unfettered, and legitimately can be in the nature of a "fishing expedition." *See In re Millennium Labs*, 562 B.R. at 626 (internal quotation marks omitted) ("Rule 2004 . . . has been likened to a fishing expedition and an inquisition.").  The scope of inquiry under Bankruptcy Rule 2004 is broad because "[t]he purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp*., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

27.     "The party seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *Millennium Labs*, 562 B.R. at 627.  Good cause to conduct a Rule 2004 examination exists even if a party has access to some documents and information related to its investigation of potential claims, if such documents are not sufficient to determine the scope of viable claims. *Id.* at 627–28 ("The fact that the Trustee already has access to certain documents and information of the Debtors does not detract from the Trustee's testimony that the documents already in his purview are not sufficient to determine the scope of the Trustee's viable claims. As such, the Trustee has demonstrated good cause warranting granting of the Trustee's Rule 2004 Motion on behalf of the Corporate Trust.")

28.     The relief sought herein is in furtherance of the Examiner's duties under section 1106 of the Bankruptcy Code and the Phase II Scope Order because it directly relates to the FTX.US Investigation.  The relief sought also fits squarely within the purposes of Bankruptcy Rule 2004 and the case law authorities interpreting same.  The Examiner is in need of additional information regarding the balance sheet shortfalls at FTX.US.  Ms. Nguyen had an important role in the fiat management of FTX.US and multiple witnesses have suggested Ms. Nguyen has information material to the FTX.US Investigation.  The Examiner wishes to ask Ms. Nguyen about the fiat management at FTX.US and, therefore, he seeks to collect information from Ms. Nguyen that relates to "property and assets of the estates, the acts and conduct of the [Debtors], the financial condition and liabilities of the [Debtors], and any matter that may affect the administration of the [Debtors'] estates." Fed. R. Bankr. P. 2004(b).

29.     Accordingly, because the relief requested herein is both appropriate and necessary, this Motion should be granted.  Moreover, time is of the essence, given the current September 20 filing deadline for the Examiner's Phase II Report.

## CERTIFICATION OF EFFORTS TO CONFER AND OBTAIN INFORMATION

30.     In connection with the Phase II Examination, the Examiner (through his professionals) has directed requests for information to Ms. Nguyen.  The Examiner has sent multiple emails to Ms. Nguyen requesting a voluntary interview.  The Examiner has also spoken to Ms. Nguyen once on the phone.  During this conversation, she confirmed receipt of the Examiner's many prior emails.  Nonetheless, Ms. Nguyen has not agreed to cooperate with the Examiner's Phase II Examination.  Ms. Nguyen was also contacted very recently via email in advance of this filing and was told about the Examiner's intent to file this motion.  Efforts to contact Ms. Nguyen may continue prior to or after the filing of this Motion.

31.     As such, pursuant to Local Rule 2004-1(b), undersigned counsel for the Examiner certifies that the Examiner has made a good faith effort to confer with Ms. Nguyen regarding the relief requested in this Motion.  Therefore, the Examiner respectfully submits he has complied with the requirements of Local Bankruptcy Rule 2004-1.

## RESERVATION OF RIGHTS AND NO PREVIOUS REQUEST MADE

32.     The Examiner reserves all rights to request additional documents or examinations upon his review and analysis of information received in connection with this Motion or otherwise.

33.     No previous request for the relief sought herein has been made to this or any other Court.

## NOTICE

34.     Notice of this Motion will be provided to the parties listed in Local Rule 2004-1(d).

A full copy of the Motion papers will be provided via email to Ms. Nguyen contemporaneously

with the filing of the Motion.  The Examiner submits that, under the circumstances, no other or

further notice is required.

WHEREFORE the Examiner respectfully requests entry of the proposed order attached

hereto as Exhibit A and such other and further relief as the Court deems just and proper.

Dated: August 29, 2024                              Respectfully submitted,

                                                    **ASHBY & GEDDES, P.A.**

                                                    By:   _/s/  Michael D. DeBaecke_
                                                    Michael D. DeBaecke (Bar No. 3186)
                                                    500 Delaware Avenue, 8th Floor
                                                    Wilmington, DE 19801
                                                    Tel: (302) 654-1888
                                                    Email: mdebaecke@ashbygeddes.com

                                                    -and-

                                                    **PATTERSON BELKNAP WEBB &
                                                    TYLER LLP**

                                                    Daniel A. Lowenthal (admitted *pro hac vice*)
                                                    Kimberly A. Black (admitted *pro hac vice*)
                                                    1133 Avenue of the Americas
                                                    New York, NY 10036-6710
                                                    Telephone: (212) 336-2000
                                                    Facsimile: (212) 336-2222
                                                    Email: dalowenthal@pbwt.com
                                                    Email: kblack@pbwt.com

                                                    *Counsel to Robert J. Cleary in his capacity
                                                    as Examiner appointed in the Chapter 11
                                                    Cases*