IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>**Ref no. 24014** |

**MOTION FOR ENTRY OF AN ORDER (I) SETTING A SPECIAL HEARING DATE AND (II) SHORTENING THE TIME FOR NOTICE OF MOTION OF ROBERT J. CLEARY AS THE EXAMINER FOR ENTRY OF AN ORDER AUTHORIZING AND DIRECTING EXAMINATION UNDER OATH OF LYNN NGUYEN**

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), files this motion (the "Motion to Shorten"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order (i) setting a special hearing date and (ii) shortening the time for notice of the *Motion of Robert J. Cleary as the Examiner for Entry of an*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Order Authorizing and Directing Examination Under Oath of Lynn Nguyen* (the "Rule 2004 Motion")[2], and respectfully states as follows:

## JURISDICTION, VENUE, AND STANDING

1. This Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference issued by the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases and other authority for the relief requested herein are section 105 of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(e).

4. Pursuant to Local Rule 9013-1(f), the Examiner consents to this Court's entry of a final order in connection with this Motion to Shorten to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5. On November 11 and 14, 2022, the Debtors filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 15, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Debtors' cases (the "Committee"). *See* ECF No. 231.

---

[2] The Rule 2004 Motion is being filed and served contemporaneously herewith.

6. On March 20, 2024, the Court approved Mr. Cleary's appointment as Examiner in these Chapter 11 Cases. *See* ECF No. 9882. The Court also entered the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 9883, which set out the scope, cost, degree, and duration of the Examiner's initial investigation and required the Examiner to file a report summarizing the same (the "Phase I Report").

7. On May 20, 2024, the Examiner filed his Phase I Report under seal. *See* ECF No. 15271. On May 23, 2024, the Examiner filed the Phase I Report on the docket publicly. *See* ECF No. 15545. The Phase I Report recommended three areas for additional investigation.

8. On June 26, 2024, the Court entered the *Order (I) Granting the Examiner Authority to Conduct Additional Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination and Granting Related Relief*, ECF No. 19061 (the "Phase II Scope Order"). The Phase II Scope Order grants the Examiner authority to conduct the recommended additional investigations (the "Phase II Examination"). *See* ECF No. 19061. The Phase II Scope Order directs the Examiner to file a report summarizing his Phase II Examination (the "Phase II Report"). Pursuant to the *Order Amending the Order (I) Granting the Examiner Authority to Conduct Additional Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination and Granting Related Relief*, ECF No. 23059, the Phase II Report shall be filed no later than September 20, 2024.

9. Contemporaneously with this Motion to Shorten, the Examiner filed the Rule 2004 Motion seeking authorization to conduct an examination under oath of Lynn Nguyen pursuant to Bankruptcy Rule 2004.

**RELIEF REQUESTED**

10. Through this Motion to Shorten, the Examiner seeks entry of an order substantially in the form attached hereto as <u>Exhibit A</u> (i) scheduling a special hearing on September 4, 5, or 6 to be held either in person and via Zoom (ii) shortening the notice period required for the Rule 2004 Motion with objections proposed to be due at 12:00 p.m. (Prevailing Eastern Time) on the day prior to the hearing date, and (iii) granting such other and further relief as deemed just and proper.

**ARGUMENT**

11. Section 105(a) of the Bankruptcy Code provides the Court broad authority to "issue any order, process, or judgment that is necessary and appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). The Local Rules similarly authorize the Court to hear a motion on less than the required notice so long as a motion is filed "specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). The Court is authorized to rule on any such motion for shortened notice "promptly without need for a hearing." *Id.*

12. According to the Local Rules, the response deadline for the Rule 2004 Motion must be at least 7 days after service and any hearing on the Rule 2004 Motion must be at least 14 days after service.

13. For the reasons set forth in the Rule 2004 Motion, the Examiner believes that Ms. Nguyen has information critical to the Examiner's investigation. The Examiner has exhausted his options for obtaining Ms. Nguyen's voluntary cooperation. In order to thoroughly and timely complete the work required for the Phase II Examination, the Examiner must be able to depose Ms. Nguyen pursuant to Bankruptcy Rule 2004.

14. The next omnibus hearing is September 12, 2024, just eight days prior to the Examiner's deadline to file the Phase II Report. It is important for the Examiner to conduct the Bankruptcy Rule 2004 examination sufficiently in advance of the current Phase II report filing deadline so that any information learned from Ms. Nguyen can be analyzed and appropriately incorporated into the Phase II Report and any appropriate follow-up inquiries be conducted on a timely basis. For that reason, the Examiner seeks to shorten notice on the Rule 2004 Motion and requests the Court schedule a special hearing date to consider the relief requested by the Rule 2004 Motion. The Examiner also requests that the special hearing be held in person and via Zoom to allow as many parties as possible to participate, including Ms. Nguyen.

15. The Rule 2004 Motion is being filed and served contemporaneously herewith. If necessary, interested parties (including Ms. Nguyen) will still have sufficient time to review and respond to the relief requested in the Rule 2004 Motion.

16. Consistent with obligations under Local Rule 9006-1(e), undersigned counsel notified respective counsel for the U.S. Trustee, the Debtors, and the Committee of the

Examiner's intent to request a special hearing and shortened notice on the Rule 2004 Motion. No objections have been received.

## NOTICE

17. Notice of this Motion to Shorten has been given to (a) the U.S. Trustee; (b) the Debtors; (c) the Committee; (d) the ad hoc committee of non-U.S. customers of FTX.com; (e) the joint provisional liquidators of FTX Digital Markets Ltd.; (f) Ms. Nguyen; and (g) all parties that have filed requests for notices in these Chapter 11 Cases. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

## PRIOR REQUEST

18. No prior request for the relief sought herein has been made by the Examiner to this or any other court.

WHEREFORE the Examiner respectfully requests entry of the proposed order attached hereto as Exhibit A (i) (i) scheduling a special hearing on September 4, 5, or 6, (ii) shortening the notice period required for the Rule 2004 Motion with objections proposed to be due at 12:00 p.m. (Prevailing Eastern Time) on the day prior to the hearing date, and (iii) granting such other and further relief as deemed just and proper.

Dated: August 29, 2024

Respectfully submitted,

**ASHBY & GEDDES, P.A.**

By: /s/ Michael D. DeBaecke
Michael D. DeBaecke (Bar No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Tel: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

-and-

**PATTERSON BELKNAP WEBB & TYLER LLP**

Daniel A. Lowenthal (admitted *pro hac vice*)
Kimberly A. Black (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
Email: kblack@pbwt.com

*Counsel to Robert J. Cleary in his capacity as Examiner appointed in the Chapter 11 Cases*