**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. __** |

**ORDER (A) AUTHORIZING THE DEBTORS' ENTRY INTO, AND PERFORMANCE UNDER, THE SETTLEMENT AGREEMENT WITH KROLL RESTRUCTURING ADMINISTRATION LLC, (B) APPROVING THE SETTLEMENT AGREEMENT, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors' entry into, and performance under, the Settlement Agreement, a copy of which is attached hereto as Exhibit 1, (b) approving the Settlement Agreement, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

relief requested therein has been provided in accordance with the Bankruptcy Rules and the

Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary;

and objections (if any) to the Motion having been withdrawn, resolved or overruled on the

merits; and this Court having found and determined that the relief set forth in this Order is in the

best interests of the Debtors and their estates; and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to enter into, and perform their obligations

under, the Settlement Agreement.

3.      The terms of the Settlement Agreement are approved in their entirety.

4.      The failure to specifically include or reference any particular term or

provision of the Settlement Agreement in this Order shall not diminish or impair the

effectiveness of such term or provision.

5.      The Debtors are authorized and empowered to execute and deliver such

documents, and to take and perform all actions necessary to implement and effectuate the relief

granted in this Order.

6.      This Order is immediately effective and enforceable, notwithstanding the

possible applicability of Bankruptcy Rule 6004(h) or otherwise.

7.      This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____

       Wilmington, Delaware

_____

The Honorable John T. Dorsey

Chief United States Bankruptcy Judge

## Exhibit 1

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND LIMITED RELEASE

**THIS SETTLEMENT AGREEMENT AND LIMITED RELEASE** ("Agreement") is made and entered into this 29 day of August, 2024 (the "Effective Date") by and between Kroll Restructuring Administration LLC ("Kroll") and FTX Trading Ltd. (together with its affiliates and subsidiaries, the "FTX Group"), on behalf of itself and its affiliated debtors (collectively, the "Debtors").[1] Kroll and the FTX Group are referred to collectively as the "Parties," and each individually as a "Party."

**WHEREAS,** Kroll and the FTX Group entered into an agreement dated November 12, 2022 (the "FTX Agreement") by which Kroll agreed to provide the FTX Group with consulting services regarding legal noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, preparation of schedules of assets and liabilities and statements of financial affairs, communications, confidential online workspaces or data rooms, and any other services agreed upon by the Parties or otherwise required by applicable law, governmental regulations or court rules or orders (all services collectively, the "Services");

**WHEREAS,** on November 11, 2022, and November 14, 2022, the Debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court");

**WHEREAS,** on November 22, 2022, the Delaware Bankruptcy Court entered an Order [D.I. 132] (the "Delaware Bankruptcy Order") authorizing the employment and retention of Kroll as the claims and noticing agent in the Debtors' Chapter 11 proceedings;

---

[1] Due to the large number of debtor entities, a complete list of the Debtors is not provided herein. A complete list of such information may be obtained at https://cases.ra.kroll.com/FTX.

**WHEREAS,** on January 20, 2023, the Delaware Bankruptcy Court entered an Order [D.I. 544] authorizing the employment and retention of Kroll as the administrative advisor in the Debtors' Chapter 11 proceedings;

**WHEREAS,** on August 22, 2023, Kroll notified the Debtors regarding a security incident ("Security Incident") beginning on or around August 19, 2023, in which an unauthorized actor appears to have gained access to Kroll's M365 instance through a SIM swap attack, through which the unauthorized actor appears to have accessed and/or downloaded files and information related to the Debtors' Chapter 11 proceedings, including personal data of the Debtors' claimants in the Debtors' Chapter 11 proceedings;

**WHEREAS,** the Debtors assert losses, costs, and damages incurred in the amount of $3,312,856.47 through March 31, 2024 in professional fees incurred as a direct result of the Security Incident (the "Pre-March 31, 2024 Damages")[2], as well as yet-to-be-determined losses, costs and damages incurred by the Debtors after March 31, 2024 as a direct result of the Security Incident  (the "Post-March 2024 Damages" and together with the Pre-March 31, 2024 Damages, the "Damages");

**WHEREAS,** the Debtors allege they are entitled to repayment for their Damages and have demanded indemnification from Kroll;

**WHEREAS**, Kroll denies that it is responsible for causing the Security Incident, and also denies that it is liable for the Damages (the "Dispute");

**WHEREAS** the Parties seek to avoid the burden, uncertainty, and expense of litigation and further efforts at dispute resolution and thus desire to compromise and settle the Dispute,

---

[2] A small portion of the Pre-March 31, 2024 Damages includes costs incurred in connection with local counsel fees in April 2024.

including the Damages on the terms and conditions set forth in this Agreement, without either side acknowledging any wrongdoing or liability.

**NOW, THEREFORE**, the Parties, in consideration of the mutual promises and covenants contained herein, the sufficiency of which is hereby acknowledged, and with the intent to be legally bound hereby, agree as follows:

1.  <u>Pre-March 31, 2024 Settlement Payment</u>.  To settle the Pre-March 31, 2024 Damages, Kroll shall pay to the Debtors the sum of $3,312,856.47 (the "Pre-March 31, 2024 Settlement Amount").  The Pre-March 31, 2024 Settlement Amount shall be wired by Kroll to the Debtors within thirty (30) days of entry of the Delaware Bankruptcy Court's Approval of the Agreement, to the following account:

> <u>Bank Name:</u>  Western Alliance Bank
> <u>Bank Address:</u>  One East Washington, Suite 2500, Phoenix, AZ  85004
> <u>ABA Routing Number:</u>  122105980
> <u>Beneficiary Account Number:</u>  8397238680
> <u>Beneficiary Name:</u>  West Realm Shires Inc.
> <u>Beneficiary Address:</u>  2600 South Shore Blvd, Suite 300, League City, TX  77573
> <u>Reference:</u>  Kroll Settlement

2.  <u>FTX Group Limited Release</u>.  Except for the obligations created by and the rights expressly reserved within this Agreement, including Kroll's obligation to pay the Pre-March 31, 2024 Settlement Amount as described above, upon the Effective Date and the Debtors' receipt of the Pre-March 31, 2024 Settlement Amount, the FTX Group, on behalf of itself and each of its parent entities, subsidiary entities, affiliates, predecessors, successors, and assigns, hereby fully and forever releases and discharges Kroll and each of its stockholders, directors, officers, managers, members, employees, parent entities, subsidiary entities, affiliates, predecessors, successors, assigns, insurers, and reinsurers, from all claims, causes of action, suits, debts, liens, liabilities, demands, charges, debts, damages, losses, judgments, or awards ("Claims") for costs, losses, or damages that have been or will be incurred by the Debtors arising from or related to the

- 3 -

Security Incident ("Losses") that meet any of the following conditions: (i) are known or reasonably should have been known to the Debtors as of the Effective Date, including the Pre-March 31, 2024 Damages ("Past Damages");[3] (ii) relate to remediating, testing, scanning, repairing, replacing, restoring, modifying, updating, upgrading, supplementing or otherwise improving the Debtors' networks and computer systems ("Enhancements"); and (iii) except for the FTX Group Reserved Claims as defined below, relate to investigating and responding to the Security Incident, including forensic investigation, determining notification obligations, making mandatory or voluntary notifications, and implementing security enhancements and other risk mitigations (the "FTX Group Released Claims").  It is the intention of the Parties that the release in this Paragraph 2 shall be effective as a full and final accord and satisfaction, and as a bar to any and all Claims for Losses except for the FTX Group Reserved Claims.

    a.    FTX Group represents and warrants that, as of the Effective Date, there are no known Losses that are not identified as part of the Past Damages.

    b.    Except for Losses that relate to Past Damages or Enhancements, this release shall not release Kroll from any Losses arising from the following (collectively, the "FTX Group Reserved Claims"):

        i.    Post-March 2024 Damages, including but not limited to, reasonable and necessary costs to respond to, or to assist Kroll in responding to, third-party inquiries regarding the Security Incident, including regulatory inquiries, demands and, investigations; and

        ii.    Claims brought against the FTX Group by customers, regulators, or other third-parties as a result of the Security Incident.

---

[3] Post-March 2024 Damages are not known or reasonably knowable to the FTX Group as of the Effective Date and are excluded from Past Damages.

c.  For the avoidance of doubt, the foregoing release includes a waiver by the Debtors of their right to object to, or file a reservation of rights with respect to, any invoice submitted or to be submitted, or fee application filed or to be filed by Kroll in the Chapter 11 proceedings, for any reason arising from or related to the Security Incident.

3.    <u>Authority to Release Claims.</u>  The Debtors represent and warrant that they have not transferred or assigned the claims released in this Agreement and that they have the full power and authority to enter into this Agreement, except with respect to the Bankruptcy Court's approval of this Agreement.

4.    <u>No Admission.</u>  Neither the terms nor the fact of the Agreement may be construed as an admission by any Party as to the merits of any of the claims or defenses settled herein.  The Parties shall not use the Settlement Agreement in a future proceeding except to enforce its terms.  For the avoidance of doubt, the FTX Group agrees that nothing in this Agreement obligates Kroll to reimburse or indemnify the FTX Group for any FTX Group Reserved Claim or any other Losses it may incur in the future.

5.    <u>Post-March 2024 Losses.</u>  As Debtors incur losses, costs, or damages arising from the FTX Group Reserved Claims, they will notify Kroll within a reasonable time after such losses, costs, and damages are known to the Debtors.  Such notice will be provided on a rolling basis as the Debtors become aware of such losses, costs, and damages.  The Debtors and Kroll shall engage in good faith discussions regarding such losses, costs, and damages, and the amounts claimed.  If the parties agree on the amounts to be paid, Kroll shall wire to the Debtors at the account information set forth in paragraph 1 above within thirty (30) days of such agreement the resulting sums of losses, costs, and damages (the "Agreed Post-March 2024 Settlement Amounts").  In the event that the Parties are unable to agree on the resulting sums, the Parties may seek a hearing

before the Delaware Bankruptcy Court.  After adjudication of any disputed resulting sums (the "Determined Post-March 2024 Settlement Amounts" and together with the Agreed Post-March 2024 Settlement Amounts, the "Post-March 2024 Settlement Amounts"), Kroll shall wire to the Debtors at the account information set forth in paragraph 1 above within thirty (30) days of the Delaware Bankruptcy Court's ruling.  The Debtors shall notify Kroll in writing once the Debtors no longer expect Post-March 2024 Damages to accrue.  For the avoidance of doubt, the notification obligations in this Agreement are in addition to the Parties' obligations under Section 9(b) of the FTX Agreement, which are not modified by this Agreement.

6.  <u>Notices</u>.  All notices permitted, required, or provided for by this Agreement shall be made in writing, and shall be deemed adequately delivered if delivered by email and/or by hand or by a nationally recognized overnight courier service that regularly maintains records of its deliveries, to the Parties as follows: (i) all notices to Kroll shall be sent to McDermott Will & Emery LLP, 2049 Century Park E # 3200, Los Angeles, CA 90067, Attn: Mike Morgan; and (ii) all notices to FTX Group shall be sent to Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, Attn: Nicholas F. Menillo and Alexa J. Kranzley. Notices shall be deemed given as of the date of delivery if delivered by email or by hand, and one day after delivery by the overnight courier service.

7.  <u>Modification</u>.  This Agreement may be modified only by a writing duly executed by an authorized representative of the FTX Group and an officer of Kroll.

8.  <u>Severability</u>.  If any term or provision of this Agreement is declared invalid by a court or arbitration panel of competent jurisdiction in a final ruling from which no appeal is taken, the remaining provisions of this Agreement will be unimpaired, and the invalid or unenforceable provision(s) will be replaced with a provision that is valid and enforceable and that comes closest to the intention underlying the invalid or unenforceable provision(s).

- 6 -

9.      Governing Law.  This Agreement is governed by and construed in accordance with the laws of the State of New York.

10.     Jurisdiction.  The Parties irrevocably and unconditionally submit to and accept the jurisdiction of the Delaware Bankruptcy Court for any action, suit or proceeding arising out of or based upon this Agreement, and waives any objection that it may have to the laying of venue in any such court or that any such court is an inconvenient forum or does not have personal jurisdiction over it in connection with such an action, suit or proceeding.

11.     Acknowledgments of the Parties.  The Parties each acknowledge, represent and warrant that such Party is fully and completely informed of the facts relating to the subject matter of this Agreement and of the rights and obligations of all and each of the Parties; that such Party has entered into this Agreement voluntarily after having given careful consideration to the making of this Agreement; that such Party has carefully read the entire Agreement; that such Party has discussed the provisions of this Agreement with an attorney of its choice and executed it in reliance upon its own judgment and the advice of counsel; that this Agreement represents the entire agreement between the Parties and supersedes any prior oral or written agreements or undertakings between the Parties with respect to the Dispute; and that this Agreement does not otherwise affect representations and agreements, written or oral, which are not related to the Dispute, including but not limited to all representations, agreements, and covenants contained in the FTX Agreement; that such Party is legally competent to execute and deliver this Agreement; and that the individual executing this agreement has the authority to bind such Party.

12.     Construction.  The Parties hereto agree that the terms and language of this Agreement were the result of negotiations between the Parties and, as a result, there shall be no assumption that any ambiguities in the Agreement shall be resolved against any Party.  Any

controversy over the construction of this Agreement shall be decided without regard to the events of authorship or negotiation.

13.     <u>Waiver</u>.  The failure of any Party to insist upon strict performance of any one or more of the terms and provisions of this Agreement shall not be construed as a waiver or relinquishment for the future of any such term or provision, and the same shall continue in full force and effect.

14.     <u>Binding Effect; Assignment</u>.  No Party shall assign this Agreement to any extent without the prior written consent of all of the other Parties hereto.  Subject to the foregoing, this Agreement shall be binding upon and inure to the benefit of the Parties hereto, their respective successors, heirs and/or assigns.

15.     <u>Entire Agreement</u>.  As noted above, this Agreement contains the entire agreement by and between the Parties with respect to the FTX Group Released Claims and supersedes all prior representations and agreements, written or oral, with respect thereto.  For the avoidance of doubt, this Agreement does not otherwise affect representations and agreements, written or oral, which are not related to the FTX Group Released Claims, including but not limited to, all representations, agreements, and covenants contained in the FTX Agreement and the related Delaware Bankruptcy Order.  In the event of any conflict between the provisions of this Agreement and any other representations or agreements between the Parties, this Agreement shall control with respect to each Party's liability relating to the FTX Group Released Claims and the Settlement Amounts required to be paid to the Debtors, including any terms relating to timing, method, or amount of the Settlement Amounts payment described herein, and shall not control with regard to any other conflicts.

16.     <u>Further Assurances</u>.  Each Party shall, without any further consideration, execute and deliver such other documents and to take such other actions as the other Party hereto may reasonably request to effectuate the purposes of this Agreement.

17.     <u>Counterparts; Execution</u>.  This Agreement and any amendments hereto may be executed in any number of counterparts, all of which together shall constitute a single, original instrument.  Facsimile and electronic signatures shall be deemed to be equivalent to manually executed originals.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the date first set forth above.

KROLL RESTRUCTURING ADMINISTRATION
LLC

By: _____
Name: Christina Pullo
Title: Managing Director
Date: August 29, 2024

THE FTX GROUP

By: _____
Name: John J. Ray III
Title: Chief Executive Officer of the FTX Group
Date: August __, 2024

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the date first set forth above.

KROLL RESTRUCTURING ADMINISTRATION LLC


By:_____
Name:
Title:
Date:   August __, 2024


THE FTX GROUP

By:_____
Name:  John J. Ray III
Title:   Chief Executive Officer of the FTX Group
Date:   August 27, 2024