**<u>Exhibit 1</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. __ |

## ORDER (A) AUTHORIZING THE ENTRY INTO, AND PERFORMANCE UNDER, THE GLOBAL SETTLEMENT AGREEMENT AMONG THE FTX DEBTORS, EMERGENT FIDELITY TECHNOLOGIES LTD, THE JOINT LIQUIDATORS, AND FULCRUM DISTRESSED PARTNERS LIMITED; (B) APPROVING THE GLOBAL SETTLEMENT AGREEMENT; AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "FTX Debtors") and Emergent Fidelity Technologies Ltd. as debtor and debtor-in-possession ("Emergent") for entry of an order (this "Order") (a) authorizing the FTX Debtors' and Emergent's entry into, and performance under, the Global Settlement Agreement attached hereto as Exhibit A, (b) approving the Global Settlement Agreement, and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and upon the record of these Chapter 11 Cases, the Motion and supporting documents; and this Court having found and determined that the relief set forth in this Order is in the best interests of the FTX Debtors and their estates, and Emergent and its estate; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The FTX Debtors are authorized to enter into, and perform under, the Global Settlement Agreement.

3. Emergent is authorized to enter into, and perform under, the Global Settlement Agreement.

4. The terms of the Global Settlement Agreement are approved in their entirety.

5. The failure to specifically include or reference any particular term or provision of the Global Settlement Agreement in this Order shall not diminish or impair the effectiveness of such term or provision.

6.      On the Settlement Effective Date, all claims asserted by Emergent against the FTX Debtors are hereby deemed WITHDRAWN with prejudice and EXPUNGED, including the following proofs of claim:  Claim Nos. 3838, 4228, 4236, and 4237 filed by Toni Shukla as Joint Liquidator.

7.      The FTX Debtors and Emergent are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8.      The requirements set forth in Bankruptcy Rule 6004(a) are waived.

9.      This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

10.     The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
            Wilmington, Delaware

_____
The Honorable John T. Dorsey
Chief United States Bankruptcy Judge

## Exhibit A

**Global Settlement Agreement**

# GLOBAL SETTLEMENT AGREEMENT

This Global Settlement Agreement, dated as of August 14, 2024 (the "Global Settlement Agreement") is made and entered into by and among: (i) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "FTX Debtors")[1] in the jointly-administered chapter 11 cases captioned *In re FTX Trading Ltd., et al.*, No. 22-11068 (JTD) (the "FTX Bankruptcy Proceedings"); (ii) Emergent Fidelity Technologies Ltd. as debtor and debtor-in-possession ("Emergent") in the chapter 11 case captioned *In re Emergent Fidelity Technologies Ltd.*, No. 23-10149 (JTD) (Bankr. D. Del.) (the "Emergent Bankruptcy Proceedings"); (iii) Angela Barkhouse and Toni Shukla in their capacity as the joint liquidators appointed for Emergent by the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda (the "Joint Liquidators"), (iv) Fulcrum Distressed Partners Limited ("Fulcrum," and together with the FTX Debtors, Emergent and the Joint Liquidators, each a "Party" and collectively, the "Parties"). The Parties hereby agree as follows:

**WHEREAS**, on November 11 and 14, 2022, the FTX Debtors filed their respective petitions for voluntary relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") initiating the FTX Bankruptcy Proceedings;

**WHEREAS**, on November 18, 2022, the Eastern Caribbean Supreme Court, High Court of Justice, Antigua and Barbuda (the "Antigua Court") placed Emergent into receivership and appointed Angela Barkhouse and Toni Shukla as receivers over the equity in Emergent; on December 5, 2022, the Antigua Court appointed Ms. Barkhouse and Ms. Shukla as Joint Provisional Liquidators of Emergent; and on July 14, 2023, the Antigua Court appointed Ms. Barkhouse and Ms. Shukla as Joint Liquidators of Emergent (collectively, the "Antigua Proceedings");

**WHEREAS,** on November 28, 2022, BlockFi Inc., BlockFi Lending LLC, and BlockFi International LLC (collectively, "BlockFi") commenced an adversary proceeding against Emergent captioned *BlockFi Inc., et al. v. Emergent Fidelity Technologies Ltd,* et al., No. 22-01382 (Bankr. D.N.J.) (the "BlockFi Action"), seeking, among other things, to enforce a purported guaranty and pledge made by Emergent for BlockFi's benefit;

**WHEREAS,** on or around December 9, 2022, the U.S. Department of Justice commenced the federal criminal case *United States* v. *Bankman-Fried*, No. 22-673 (LAK) (S.D.N.Y.) (the "Criminal Case");

**WHEREAS**, on or around January 4, 2023, the U.S. Marshals Service seized property formerly held in a brokerage account in the name of Emergent, including approximately 55 million shares of Robinhood Markets, Inc. Class A stock (the "Robinhood Shares") and approximately $20.7 million in cash (the "Seized Cash"), and the U.S. Department of Justice now seeks forfeiture of these assets in connection with the Criminal Case;

---

[1] A complete list of the FTX Debtors may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The term "FTX Debtors" does not include Emergent.

**WHEREAS**, on February 3, 2023, Emergent commenced the Emergent Bankruptcy Proceedings by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in Delaware Bankruptcy Court;

**WHEREAS**, on April 10, 2023 and May 10, 2023, the Delaware Bankruptcy Court entered interim and final orders, respectively, authorizing joint administration of the Emergent Bankruptcy Proceedings with the FTX Bankruptcy Proceedings;

**WHEREAS**, the Joint Liquidators and Emergent have retained various professionals in connection with the Antigua Proceedings and the Emergent Bankruptcy Proceedings (the "Emergent Professionals");

**WHEREAS**, on June 28, 2023, Emergent filed four proofs of claim against the FTX Debtors in the FTX Bankruptcy Proceedings as set forth on Exhibit A attached hereto (collectively, the "Emergent Proofs of Claim," and the claims asserted therein, the "Emergent Claims");

**WHEREAS**, on or about September 1, 2023, the United States Department of Justice liquidated the Robinhood Shares, and the proceeds of that sale (the "Robinhood Proceeds"), together with the Seized Cash, are currently being held by the Department of Justice subject to the resolution of forfeiture proceedings in the Criminal Case;

**WHEREAS,** on March 6, 2024, the FTX Debtors sought approval from the Delaware Bankruptcy Court to enter into a settlement with BlockFi that provided for, among other things, the assignment of the purported claims asserted by BlockFi in the BlockFi Action to the FTX Debtors (the "BlockFi Settlement");

**WHEREAS,** on March 25, 2024, the Delaware Bankruptcy Court approved the BlockFi Settlement;

**WHEREAS**, on June 13, 2024, Emergent and the Joint Liquidators each filed a petition in the Criminal Case asserting interests in and rights to the Robinhood Proceeds and the Seized Cash that (the "Emergent Forfeiture Petitions");

**WHEREAS**, on June 14, 2024, the FTX Debtors filed a petition in the Criminal Case asserting interests in and rights to, among other seized assets, the Robinhood Proceeds and the Seized Cash (the "FTX Debtors Forfeiture Petition");

**WHEREAS**, on February 2, 2023, Emergent, the Joint Liquidators, and Fulcrum entered into that certain Liquidation Funding Agreement (the "Financing Agreement"), pursuant to which Emergent has borrowed a total of $4,496,882.88 to date;

**WHEREAS**, each Party has an interest in avoiding the burden, cost, uncertainty and expense that would be associated with litigation of their respective rights and obligations with respect to the Robinhood Shares, the Robinhood Proceeds, the Seized Cash, the Emergent Proofs of Claim, the FTX Debtors' claims against Emergent, the Financing Agreement, amounts purportedly owed to the Emergent Professionals, the resolution of the Emergent Bankruptcy Proceedings, and the Antigua Proceedings (collectively, the "Open Matters");

**WHEREAS**, without any admission by any Party, and subject to the terms of this Global Settlement Agreement, the Parties desire to finally resolve and settle all disputes between them regarding the Open Matters and certain related issues as set forth herein;

**NOW, THEREFORE**, in consideration of the above and the respective promises, conditions, terms and agreements contained herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

## 1. AGREEMENTS OF THE PARTIES

(a)   <u>Settlement Payment by the FTX Debtors</u>.  No later than fourteen (14) days after the occurrence of the Settlement Effective Date, the FTX Debtors will pay $14,000,000 U.S. dollars to Emergent by wire transfer (the "<u>Settlement Payment</u>," and the date on which the Joint Liquidators receive the Settlement Payment, the "<u>Settlement Payment Date</u>").

(b)   <u>Waiver and Release of Claims</u>.

(i)   On the Settlement Payment Date, except as required to implement the Assignment of Rights below, Emergent hereby waives and releases for all purposes any and all Claims (as defined in 11 U.S.C. § 101(5)) against the FTX Debtors or with respect to any property in which the FTX Debtors have held or may hold any conflicting interest, including (1) the Emergent Claims and all other claims, arguments, defenses, rights, and otherwise with respect to any property transferred between and among Emergent and the FTX Debtors, and (2) the Robinhood Shares, the Robinhood Proceeds, and the Seized Cash.

(ii)   On the Settlement Payment Date, the releases set forth in Section 2 of this Global Settlement Agreement shall become effective.

(iii)   As of the Settlement Payment Date, all of the Emergent Proofs of Claim shall be deemed disallowed and expunged in the FTX Bankruptcy Proceedings.

(iv)   Promptly upon the occurrence of the Settlement Payment Date, Emergent shall withdraw the Emergent Forfeiture Petitions, with prejudice, and none of Emergent, the Joint Liquidators, the Emergent Professionals, or Fulcrum will seek to recover from any assets seized or forfeited by the U.S. Department of Justice relating to the FTX Debtors.

(c)   <u>Assignment of Rights</u>.

(i)   On the Settlement Payment Date, Emergent and the Joint Liquidators shall be deemed to have assigned to the FTX Debtors all of their rights (if any) with respect to the Robinhood Shares, the Robinhood Proceeds, and the Seized Cash held by the U.S. Department of Justice, including in connection with any forfeiture, restitution or other legal proceeding, process, or distribution with respect to such assets.  Emergent and the Joint Liquidators shall, upon reasonable request of the FTX Debtors, execute documentation confirming the assignment of such rights to the FTX Debtors.

(ii)   Upon the Execution of this Global Settlement Agreement, Emergent, the Joint Liquidators and the FTX Debtors shall use commercially reasonable efforts to cooperate to

3

promptly obtain agreement from the U.S. Department of Justice to release to the FTX Debtors the Robinhood Proceeds and the Seized Cash.

(d)  <u>Emergent and Fulcrum Support for FTX Plan</u>.  On the Settlement Effective Date, Emergent, the Joint Liquidators, and Fulcrum shall not (i) object or, directly or indirectly, seek, solicit, support, encourage, or participate in any discussions or agreement to object, to any FTX Plan so long as such plan is consistent with the terms and conditions of this Global Settlement Agreement; or (ii) appear or make any filings in the FTX Bankruptcy Proceedings, the Emergent Bankruptcy Proceedings, or the Antigua Proceedings in any way adverse to any position taken by the FTX Debtors or inconsistent with the Global Settlement Agreement other than as necessary to exercise or defend their rights under this Global Settlement Agreement.

(e)  <u>Approval of Global Settlement Agreement</u>.  Within fourteen (14) days of execution of this Global Settlement Agreement, (i) the FTX Debtors shall file a motion seeking approval of this Global Settlement Agreement under Federal Rule of Bankruptcy Procedure 9019 in the FTX Bankruptcy Proceedings, (ii) Emergent shall file a motion seeking approval of this Global Settlement Agreement in the Emergent Bankruptcy Proceedings, and (iii) the Joint Liquidators shall file a motion (or petition, if applicable) in the Antigua Proceedings seeking approval of this Global Settlement Agreement (collectively the "<u>Settlement Approval Motions</u>").  The Parties agree to cooperate and take such actions as are reasonably necessary (including in the event that an objection or other opposition to the Settlement Approval Motions is filed) to obtain prompt court approval of, and authority to enter into, this Global Settlement Agreement, and entry of the Approval Orders (as defined below).

(f)  <u>Settlement Effective Date</u>.  The "<u>Settlement Effective Date</u>" shall occur on the date that (i) signature pages executed by each of the Parties have been delivered to each of the other Parties, (ii) the Delaware Bankruptcy Court and the Antigua Court have each entered orders (which order shall have become a final order not subject to any appeal, stay or pending motion to vacate) approving the Parties' entry into this Global Settlement Agreement, on terms and conditions consistent with this Global Settlement Agreement and otherwise reasonably acceptable to each Party (the "<u>Approval Orders</u>"), and (iii) either (A) there is agreement between any of the FTX Debtors and the U.S. Department of Justice providing for the U.S. Department of Justice's release of some or all of the Robinhood Proceeds and/or the Seized Cash to any of the FTX Debtors or (B) the FTX Debtors notify Emergent and the Joint Liquidators in writing that the FTX Debtors have waived the condition to the Settlement Effective Date set forth in this Section 1(f)(iii).

(g)  <u>Resolution of the Emergent Bankruptcy Proceedings</u>.  The FTX Debtors, Emergent and the Joint Liquidators agree to work cooperatively to promptly and efficiently conclude the Emergent Bankruptcy Proceedings following the Settlement Effective Date.

(h)  <u>BlockFi Action</u>.  If still pending, the FTX Debtors shall cause the dismissal or withdrawal of the BlockFi Action as to Emergent promptly after the Settlement Effective Date.

## 2.  RELEASES

(a)  <u>Release of Claims by Emergent, the Joint Liquidators, and Fulcrum</u>.  Other than as expressly set forth in this Global Settlement Agreement, on the Settlement Payment Date, each of

Emergent, the Joint Liquidators, and Fulcrum, on behalf of itself, and each and all of its respective current or former affiliates, officers, directors, predecessors, successors and assigns, does hereby fully, unconditionally and irrevocably release, relieve, waive, relinquish, remise, acquit and forever discharge the FTX Debtors and their respective current or former affiliates, agents, officers, directors, advisors, employees, administrators, conservators, predecessors, successors and assigns from, against, and in respect of any and all past, present and future claims, cross-claims, counterclaims, third-party claims, demands, liabilities, obligations, debts, liens, damages, losses, costs, expenses, controversies, actions, rights, suits, assessments, penalties, charges, indemnities, guaranties, promises, commitments, or causes of action of any nature, whether based in contract, tort or otherwise, whether in law or equity and whether direct or indirect, known or unknown, asserted or unasserted, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, that such Party has or may have against the FTX Debtors since the beginning of time, under, arising out of or relating to the Open Matters or any other claims that have been or could be asserted; *provided*, *however*, that the foregoing shall not release (i) any obligation under or claim for breach of this Global Settlement Agreement or (ii) any claim or defense assertable by Emergent and/or the Joint Liquidators against Samuel Bankman-Fried in connection with the Antigua Proceedings.

(b)     <u>Release of Claims by the FTX Debtors</u>.  Other than as expressly set forth in this Global Settlement Agreement, on the Settlement Payment Date, the FTX Debtors, on behalf of themselves, and each and all of their respective current or former affiliates, officers, directors, predecessors, successors and assigns, do hereby fully, unconditionally and irrevocably release, relieve, waive, relinquish, remise, acquit and forever discharge each of Emergent, the Joint Liquidators, and Fulcrum and their respective current or former affiliates, agents, officers, directors, advisors, employees, administrators, conservators, predecessors, successors and assigns from, against, and in respect of any and all past, present and future claims, cross-claims, counterclaims, third-party claims, demands, liabilities, obligations, debts, liens, damages, losses, costs, expenses, controversies, actions, rights, suits, assessments, penalties, charges, indemnities, guaranties, promises, commitments, or causes of action of any nature, whether based in contract, tort or otherwise, whether in law or equity and whether direct or indirect, known or unknown, asserted or unasserted, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, that such Party has or may have against Emergent, the Joint Liquidators, or Fulcrum since the beginning of time, under, arising out of or relating to the Open Matters or any other claims that have been or could be asserted; *provided*, *however*, that the foregoing shall not release any obligation under or claim for breach of this Global Settlement Agreement.

**3.     REPRESENTATIONS & WARRANTIES**

(a)     <u>Mutual Representations and Warranties of All Parties</u>.  Each Party represents and warrants to each other Party that as of the date of this Global Settlement Agreement:

(i)     subject to the Approval Orders, they have the requisite organizational power and authority to enter into this Global Settlement Agreement and to carry out the transactions contemplated by, and perform their respective obligations under, this Global Settlement Agreement;

(ii)     subject to the Approval Orders, this Global Settlement Agreement constitutes a legal, valid and binding obligation of such Party, enforceable against such Party in

accordance with its terms;

(iii)    the execution and delivery of this Global Settlement Agreement and the performance of their obligations hereunder have been duly authorized by all necessary corporate or other organizational action on their part;

(iv)    the execution, delivery, and performance by them of this Global Settlement Agreement does not violate any provision of law, rule or regulation applicable to it or any of their affiliates or its certificate of incorporation, bylaws or other organizational documents or those of any of its affiliates; and

(v)    before executing this Global Settlement Agreement, they have been fully informed of its terms, contents, conditions and effects, they have had a full and complete opportunity to discuss this settlement with their attorney or attorneys, they are not relying in any respect on any statement or representation made by any other Party and no promise or representation of any kind has been made to such Party separate and apart from what is expressly contained herein to induce them into executing this Global Settlement Agreement.

## 4.    MISCELLANEOUS PROVISIONS

(a)    <u>No Admission of Liability.</u>  The undersigned Parties each acknowledge and agree that the matters set forth in this Global Settlement Agreement constitute the settlement and compromise of potentially disputed claims and defenses, that this Global Settlement Agreement is not an admission or evidence of liability or infirmity by any of them regarding any claim or defense, and that the Global Settlement Agreement shall not be offered or received in evidence by or against any Party except to enforce its terms.

(b)    <u>Specific Performance.</u>  It is understood and agreed by the Parties that money damages would be an insufficient remedy for any breach of this Global Settlement Agreement by any Party and each non-breaching Party shall be entitled to seek specific performance and injunctive or other equitable relief as a remedy of any such breach of this Global Settlement Agreement, including an order of the Delaware Bankruptcy Court requiring any Party to comply promptly with any of its obligations hereunder.  Each Party also agrees that they will not (i) seek, and will waive any requirement for, the securing or posting of a bond in connection with any Party seeking or obtaining such relief or (ii) raise as a defense thereto the necessity of proving the inadequacy of money damages as a remedy.

(c)    <u>Damages.</u>  Notwithstanding anything to the contrary in this Global Settlement Agreement, none of the Parties or any of their respective successors or assigns shall make a claim against, or seek to recover from, any other Party or the successors, assigns, affiliates, directors, officers, employees, counsel, representatives, agents, or attorneys-in-fact of any of them for any special, indirect, consequential, exemplary, or punitive damages or damages for lost profits in respect of any claim for breach of contract or any other theory of liability arising out of or related to this Global Settlement Agreement.

(d)    <u>Further Assurances</u>.  The Parties shall use their reasonable best efforts to take, or cause to be taken, all appropriate action to do or cause to be done all things necessary under applicable law, and to execute and deliver such documents and other papers, in each case, as may

be required to carry out the provisions of this Global Settlement Agreement and consummate and make effective the transactions contemplated hereby.

(e)     Execution in Counterparts.  This Global Settlement Agreement may be executed in counterparts by one or more of the Parties and all such counterparts when so executed shall together constitute the final Global Settlement Agreement, as if one document had been signed by all Parties; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Parties subscribed thereto upon the execution by all Parties to this Global Settlement Agreement.    Delivery of this signed agreement by facsimile transmission or by .pdf, .jpeg, TIFF or other form of electronic mail attachment will be deemed effective as delivery of a manually executed counterpart prior to and in the absence of manual delivery and will be binding upon the Parties.

(f)     Governing Law.  This Global Settlement Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Delaware (without regard to conflicts of law principles that would result in the application of any law other than the law of the State of Delaware).

(g)     Consent to Venue.   The Parties irrevocably and unconditionally submit to and accept the jurisdiction of the Delaware Bankruptcy Court for any action, suit or proceeding arising out of or based upon this Global Settlement Agreement, and waives any objection that it may have to the laying of venue in any such court or that any such court is an inconvenient forum or does not have personal jurisdiction over it in connection with such an action, suit or proceeding.

(h)     Notices.  Any notices required hereunder shall be sent by certified mail, first class, return receipt requested or by a nationally recognized overnight delivery service, and by email, to the following:

(i)     If to the Joint Liquidators:

Angela Barkhouse, Joint Liquidator
Toni Shukla, Joint Liquidator
Strathvale House, Level 3,
90 North Church Street, George town, PO Box 30847
Grand Cayman, Cayman Islands, KY1-12 *angela.barkhouse@kroll.com*
*toni.shukla@kroll.com*

(ii)     If to Emergent:

**MORGAN, LEWIS & BOCKIUS LLP**
John C. Goodchild, III
Matthew C. Ziegler
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
*john.goodchild@morganlewis.com*
*matthew.ziegler@morganlewis.com*

    (iii)    If to Fulcrum:
Fulcrum Distressed Partners Limited
111 Congress Avenue, Suite 2250
Austin, TX 78701-4044
sking@fulcruminv.com
tbennett@fulcruminv.com

        with copies to:

**BLANK ROME LLP**
Rick Antonoff
1271 Avenue of the Americas
New York, NY 10020
rick.antonoff@blankrome.com

    (iv)    If to the FTX Debtors:

John J. Ray III
125 Broad Street
FTX Mail Room, 32nd Floor
New York, NY 10004
*jray@greylockpartnersllc.com*

        with copies to:

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
Brian D. Glueckstein
125 Broad Street
New York, NY 10004
*dietdericha@sullcrom.com*
*gluecksteinb@sullcrom.com*

    (i)    <u>Entire Agreement and Amendments</u>.  This Global Settlement Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings.  This Global Settlement Agreement may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney or other representative.

    (j)    <u>Severability</u>.  If any provision in this Global Settlement Agreement is determined to be invalid, inoperative or unenforceable, the remaining provisions of this Global Settlement Agreement remain in effect if both the economic and legal substance of this Global Settlement Agreement are not materially affected in any manner adverse to any Party.  Otherwise, the Parties shall negotiate in good faith to rewrite any such provision so as to, as nearly and fairly as possible, approach the economic and legal substance originally intended.

(k)     <u>Assignment</u>.  Neither this Global Settlement Agreement nor any of the rights and obligations of the Parties hereunder may be transferred or assigned by either Party without the prior written consent of the other Party, which consent will not be unreasonably withheld, except that each Party shall have the right to assign any or all of its rights and delegate any or all of its obligations hereunder to any of its affiliates or any successor in interest (whether by merger, acquisition, asset purchase, or otherwise), *provided* that no assignment to any affiliate or successor in interest shall relieve or discharge the assigning Party from any of its obligations hereunder.  Any transfer or assignment in violation of this Global Settlement Agreement shall be void and of no force or effect.

(l)     <u>Indemnification</u>.  In the event of the breach of this Global Settlement Agreement, the breaching Party will indemnify and hold harmless the non-breaching Party and any of its affiliates, officers, directors, employees, agents, and subsidiaries for any and all reasonable attorneys' fees, litigation expenses, and court costs arising out of or in connection with such breach.

[*The remainder of this page is intentionally left blank.*]

9

**IN WITNESS WHEREOF**, the Parties hereto have caused this Global Settlement Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

**FTX DEBTORS**

Date: August 14, 2024          BY:_____

NAME:  John J. Ray III

TITLE:  Solely in his capacity as Chief Executive Officer
      of the FTX Debtors

**JOINT LIQUIDATORS OF EMERGENT FIDELITY TECHNOLOGIES, LTD.**

Date: August __, 2024          BY:_____

NAME:  Angela Barkhouse

TITLE:  Solely in her capacity as Joint Liquidator of
      Emergent Fidelity Technologies, Ltd.

Date: August __, 2024          BY:_____

NAME:  Toni Shukla

TITLE:  Solely in his capacity as Joint Liquidator of
      Emergent Fidelity Technologies, Ltd.

**EMERGENT FIDELITY TECHNOLOGIES, LTD.**

Date: August __, 2024          BY:_____

NAME:

TITLE:

**IN WITNESS WHEREOF**, the Parties hereto have caused this Global Settlement Agreement to be executed by each of them or their duly authorized representatives on the dates hereinafter subscribed.

**FTX DEBTORS**

Date: August __, 2024        BY:_____

NAME:  John J. Ray III

TITLE:  Solely in his capacity as Chief Executive Officer
            of the FTX Debtors

**JOINT LIQUIDATORS OF EMERGENT FIDELITY TECHNOLOGIES, LTD.**

Date: August 19, 2024        BY:_____

NAME:  Angela Barkhouse

TITLE:   Solely in her capacity as Joint Liquidator of
            Emergent Fidelity Technologies, Ltd.

Date: August 15, 2024        BY:_____

NAME:  Toni Shukla

TITLE:   Solely in her capacity as Joint Liquidator of
            Emergent Fidelity Technologies, Ltd.

**EMERGENT FIDELITY TECHNOLOGIES, LTD.**

Date: August 15, 2024        BY:_____

NAME: Toni Shukla

TITLE: Joint Liquidator
            For and on behalf of
            Emergent Fidelity Technologies, Ltd
            (in liquidation)

**FULCRUM DISTRESSED PARTNERS LIMITED**

Date: August 15, 2024                    BY:

NAME:  Matthew Hamilton

TITLE:  Authorized Signatory

**Exhibit A**

**Emergent Proofs of Claim**

| Claim No. | Emergent Entity | FTX Entity |
|-----------|-----------------|------------|
| 3838 | Emergent Fidelity Technologies Ltd. | Alameda Research Ltd. |
| 4228 | Emergent Fidelity Technologies Ltd. | FTX US Trading, Inc. |
| 4236 | Emergent Fidelity Technologies Ltd. | FTX US Services, Inc. |
| 4237 | Emergent Fidelity Technologies Ltd. | West Realm Shires Services Inc. |