# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOHN J. RAY III IN SUPPORT OF THE MOTION OF THE FTX DEBTORS AND EMERGENT FIDELITY TECHNOLOGIES LTD FOR ENTRY OF AN ORDER (A) AUTHORIZING ENTRY INTO, AND PERFORMANCE UNDER, THE GLOBAL SETTLEMENT AGREEMENT AMONG THE FTX DEBTORS, EMERGENT FIDELITY TECHNOLOGIES LTD, THE JOINT LIQUIDATORS, AND FULCRUM DISTRESSED PARTNERS LIMITED; (B) APPROVING THE GLOBAL SETTLEMENT AGREEMENT; AND (C) GRANTING RELATED RELIEF**

I, John J. Ray III, hereby declare as follows:

1. I am the Chief Executive Officer of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), having accepted this position on November 11, 2022. I am over the age of 18 and authorized to submit this Declaration on behalf of each of the Debtors.

2. I submit this declaration (this "Declaration") in support of the *Motion of the FTX Debtors and Emergent Fidelity Technologies Ltd. for Entry of an Order (A) Authorizing Entry Into, and Performance Under, the Global Settlement Agreement Among the FTX Debtors, Emergent Fidelity Technologies Ltd., the Joint Liquidators, and Fulcrum Distressed Partners*

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Limited; (B) Approving the Global Settlement Agreement; and (C) Granting Related Relief* (the "Motion").[2]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon: (i) my personal knowledge, information and belief, or my opinion based upon experience, knowledge and information concerning the FTX Debtors; (ii) information learned from my review of relevant documents; and/or (iii) information supplied by persons working directly with me or under my supervision, direction or control and/or from the FTX Debtors' professionals and advisors. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

4. On August 14, 2024, the FTX Debtors, Emergent, the Joint Liquidators, and Fulcrum agreed to the terms of a settlement of all claims and disputes between them that is documented in the Global Settlement Agreement.

5. The Global Settlement Agreement provides for a global resolution of all claims and disputes between the Parties including, among other things, (i) the resolution of the Emergent Claims, and (ii) the withdrawal of the Emergent Forfeiture Petitions. Pursuant to the settlement, Emergent and the Joint Liquidators have agreed to assign to the FTX Debtors all of their rights (if any) with respect to the Robinhood Proceeds and Seized Cash held by the U.S. Department of Justice and otherwise cooperate to facilitate the release to the FTX Debtors of the Robinhood Proceeds and Seized Cash, and to not object to any FTX Plan provided that such plan is consistent with the Global Settlement Agreement.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

6. It is my view that the $14 million payment to Emergent to satisfy administrative expenses is reasonable under the circumstances and in the context of the Global Settlement Agreement.

7. It is my view that the Global Settlement Agreement is the result of good faith arm's length negotiations between the parties and that such negotiations were free of any collusion. Settlement negotiations were vigorous and it was clear to me that in the absence of a settlement both the FTX Debtors and Emergent were ready to litigate the issues on behalf of their respective stakeholders. It is my further view that the terms of the Global Settlement Agreement are fair to the FTX Debtors and the FTX Debtors' stakeholders, consummation of the settlement is in the best interests of the FTX Debtors and their estates, and the FTX Debtors' entry into the Global Settlement Agreement represents a valid exercise of the FTX Debtors' business judgment.

8. The Global Settlement Agreement confers substantial economic benefits upon the FTX Debtors and their estates. In particular, the assignment of Emergent's purported interests in the Robinhood Proceeds and Seized Cash to the FTX Debtors, along with the withdrawal of the Emergent Forfeiture Petitions, remove a significant remaining obstacle to the FTX Debtors' ability to promptly negotiate a resolution with the U.S. Department of Justice and receive more than $600 million in value for its creditors through release of the Robinhood Proceeds and Seized Cash. The settlement provides this benefit to the FTX Debtors' estates while avoiding costly and time-consuming litigation in connection with the FTX Debtors' assertion of superior interest to the Robinhood Proceeds and Seized Cash and eliminating the risks of substantial delay and any unfavorable outcome. Avoiding an uncertain and protracted fight with Emergent in the Criminal Case was an important consideration for the Debtors in entering into the Global Settlement Agreement.

9.     In the absence of the Global Settlement Agreement, the FTX Debtors would also need to litigate the Emergent Claims filed in these Chapter 11 Cases, which would further increase the time and cost of resolving the Emergent disputes in multiple forums, to the detriment of stakeholders.

10.    Based upon the facts presented to me as a result of the analysis described above and based upon my understanding of the claims and disputes as presented to me by the FTX Debtors' advisors, I concluded that litigation with Emergent and the Joint Liquidators would require significant time, money, and other resources that, coupled with the resulting delay in resolving claims with the U.S. Department of Justice with respect to the Robinhood Proceeds and the Seized Cash, make entry into the Global Settlement Agreement in the FTX Debtors' best interests and far outweigh continued litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  September 6, 2024

                                           */s/ John J. Ray III*
                                           John J. Ray III
                                           Chief Executive Officer