**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. Nos. 17182, 17830, 24215 |

**THE CELSIUS LITIGATION ADMINISTRATOR'S REPLY IN FURTHER
SUPPORT OF THE CELSIUS LITIGATION ADMINISTRATOR'S MOTION
FOR ENTRY OF AN ORDER FOR AUTHORITY TO FILE UNDER SEAL
THE TRANSFER SCHEDULES CONTAINING CONFIDENTIAL INFORMATION**

Mohsin Meghji, as Litigation Administrator (the "Celsius Litigation Administrator") for Celsius Network LLC and its affiliated debtors (collectively, "Celsius"), respectfully submits this reply in response to the *Media Intervenors' Objections to the Celsius Administrator's Motion for Entry of an Order for Authority to File Under Seal the Transfer Schedules Containing Confidential Information* [D.I. 17830] (the "Media Intervenors' Objection") and the *United States Trustee's Objection to and Reservation of Rights With Respect to the Celsius Litigation Administrator's Motion for Entry of an Order for Authority to File Under Seal the Transfer Schedules Containing Confidential Information* [D.I. 24215] (the "U.S. Trustee Objection", and together with the Media Intervenors' Objection, the "Objections") and in further support of *The Celsius Litigation Administrator's Motion for Entry of an Order for Authority to File Under Seal the Transfer Schedules Containing Confidential Information* [D.I. 17182] (the "Motion").[2] For the reasons

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors (collectively, "FTX" or the "Debtors") and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion and Objections, as applicable.

stated below and in the moving papers, the Motion should be granted and the Objections should be overruled.

## PERTINENT BACKGROUND

1. On January 20, 2023, the Court entered the *Final Order (I) Authorizing the Debtors to Maintain a Consolidated List of Creditors in Lieu of Submitting a Separate Matrix for Each Debtor, (II) Authorizing the Debtors to Redact or Withhold Certain Confidential Information of Customers and Personal Information of Individuals on a Final Basis and (III) Granting Certain Related Relief* [D.I. 545] (the "Redaction Order").  The Redaction Order, among other things, provides that "the Debtors are authorized, on a final basis, pursuant to Section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses and e-mail address of their customers from any filings with the Court or made publicly available in these Chapter 11 Cases, *provided, however,* that the authorization to redact the names of all customers, and to redact the names, addresses and e-mail addresses of customers who are not natural persons, is only until the date that is 90 days from the date of the entry of this Order." *Id*. at ¶ 4.

2. On June 5, 2024, Celsius filed *The Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* [D.I. 16815].  Contemporaneously, in support of the Lift Stay Motion, Celsius filed the *Declaration of Kenneth Ehrler in Support of the Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* [D.I. 16819] (the "Ehrler Declaration") under seal.

3. Attached to the Ehrler Declaration is a schedule (the "Subsequent Transfers Schedule") identifying the (i) initial transferees of customer transfers, (ii) net amounts of avoidable transfers made to each initial transferee, and (iii) total amount of assets that were transferred from the initial transferee to an FTX entity and a schedule (the "Quoine Transfers Schedule", and

together with the Subsequent Transfer Schedule, the "Transfer Schedules") of the withdrawal of certain of Celsius's assets from the Celsius cryptocurrency exchange platform.

4. On June 10, 2024, Celsius filed the Motion seeking authority to file the Transfer Schedules under seal.

5. On June 18, 2024, Bloomberg L.P., Dow Jones & Company, Inc., The New York Times Company, and The Financial Times Ltd (collectively, the "Media Intervenors") filed the Media Intervenors' Objection.

6. Specifically, the Media Intervenors object to the Celsius Litigation Administrator's request to seal the names of FTX customers. Media Intervenors' Objection ¶ 4.

7. On September 4, 2024, the U.S. Trustee filed the U.S. Trustee Objection.

8. The U.S. Trustee objects on the grounds that the information contained in the Subsequent Transfers Schedule "ha[s] been publicly available since 2022." U.S. Trustee Objection ¶ 1. The U.S. Trustee also argues that Celsius "has not met its burden to justify filing [the Subsequent Transfers Schedule] under seal." *Id*. at ¶ 25.

9. On September 6, 2024 Celsius filed the *Notice Regarding Exhibits to Declaration of Kenneth Ehrler in Support of the Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* [D.I. 24318] attaching an unredacted exhibit containing the Quoine Transfers Schedule and an exhibit containing a revised and redacted Subsequent Transfers Schedule (the "Revised Subsequent Transfers Schedule", and together with the Subsequent Transfers Schedules, the "Schedules"). Pursuant to the Redaction Order, the Revised Subsequent Transfers Schedule still redacts the names, addresses and e-mail addresses of the FTX customers listed. Additionally, the Revised Subsequent Transfers Schedule redacts the transfer amounts at issue. Celsius believes that the transfer amounts could be used to publicly identify the FTX customers listed.

**ARGUMENT**

10. The Court should overrule the Objections on two grounds. First, the information redacted in the Schedules constitute commercial information pursuant to Section 107(b) of the Bankruptcy Code. Furthermore, the relief sought in the Objections directly violates the Redaction Order.

**I.    The Redacted Information Contains Commercial Information That Satisfies Section 107(b)**

11. The redacted information contains commercially sensitive information which, if disclosed, would harm the Celsius Litigation Administrator, the Debtors and their customers. To meet the requirements of Section 107(b)(1), the moving party must only show "that the information it sought to seal was 'confidential' and 'commercial' in nature." *In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d Cir. 1994); *see In re Altegrity, Inc.*, 2015 Bankr. LEXIS 4479, at *21 (Bankr. D. Del. July 6, 2015) (approving protection where debtors "met their burden to show" that the identities of certain customers and contractors were "confidential commercial information as contemplated by [S]ection 107(b) . . ."); *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"); *In re Faucett*, 438 B.R. 564, 568 (Bankr. W.D. Tex. 2010) (computer "screen shots" disclosing the identity of entities' customers was commercial information because they might give a competitor an advantage); *In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (broker's customer list, which was its only asset, was commercial information such that disclosure would adversely affect the debtor); *Liveware Publ'g, Inc. v. Best Software, Inc.*, 252 F. Supp. 2d 74, 85 (D. Del. 2003) (a customer list is "precisely the type of business information which is regularly accorded trade secret status") (citation omitted). Once established that the subject

4

information qualifies as "commercial information" under Section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *In re ACandS, Inc.*, 462 B.R. 88, 99 (Bankr. D. Del. 2011). The information redacted from the Schedules is commercial in nature and the Celsius Litigation Administrator has met its burden under Section 107(b). Therefore, the information should be protected from disclosure and the Motion should be granted.

12. Furthermore, as previously noted by the Court, the Debtors' customers list constitutes a "trade secret." *See* Transcript of Hearing of January 11, 2023, *In re FTX Trading Ltd.*, at 102:25-103:5 ("I think it goes without saying that a customer list in any bankruptcy case is something that is protected by 107(b) as a trade secret."). The information redacted in the Revised Subsequent Transfers Schedule contains the Debtors' customer information. Despite the U.S. Trustee's claim to the contrary, this information is not publicly available. To date, the Celsius Litigation Administrator has only publicly identified the customers listed on the Schedules as Celsius Customers by naming them as defendants in the Celsius case. Those same customers were never identified as FTX customers. The FTX customers list should be considered a "trade secret" and publicizing the identity of certain of those customers could cause harm to the Debtors' estates. Again, Section 107(b) is satisfied, and the Motion should be granted.

## II. Un-Redacting the Subsequent Transfers Schedule Would Violate the Court's Redaction Order

13. The Court has already ordered the redaction of the names, addresses and e-mail addresses of the Debtors' customers. The Objections seek to un-redact the Schedules. The Schedules contains, among other information, the names, addresses and email addresses of FTX customers. Publicly listing these parties as FTX customers would be in direct violation of the Redaction Order. Celsius filed the Motion to ensure compliance with the Redaction Order. For this reason alone, the Objections should be overruled.

## **CONCLUSION**

For the foregoing reasons, the Court should overrule the Objections and approve the Motion and grant such other and further relief as may be just and proper.

Dated: September 9, 2024
Wilmington, Delaware

Respectfully submitted,

**COLE SCHOTZ P.C.**

/s/ *Justin R. Alberto*
Justin R. Alberto, Esq. (No. 5126)
Patrick J. Reilley, Esq. (No. 4451)
Melissa M. Hartlipp, Esq. (No. 7063)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: jalberto@coleschotz.com
       preilley@coleschotz.com
       mhartlipp@coleschotz.com

-and-

**PRYOR CASHMAN LLP**
Seth H. Lieberman, Esq. (admitted *pro hac vice*)
Richard Levy, Jr., Esq. (admitted *pro hac vice*)
Andrew S. Richmond, Esq. (admitted *pro hac vice*)
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
Email: slieberman@pryorcashman.com
       rlevy@pryorcashman.com
       arichmond@pryorcashman.com

*Counsel to the Celsius Litigation Administrator*