**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: September 12, 2024 at 1:00 p.m. ET |

**DEBTORS' (I) REPLY TO THE CELSIUS LITIGATION ADMINISTRATOR'S RESPONSE TO DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY CELSIUS NETWORK LLC AND ITS AFFILIATED DEBTORS; AND
(II) INITIAL OBJECTION TO LATE-FILED PROOFS OF CLAIM FILED BY CELSIUS NETWORK LLC AND ITS AFFILIATED DEBTORS**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") hereby submit this (I) reply (the "Reply") to *The Celsius Litigation Administrator's Response to Debtors' Objection to Proofs of Claim Filed by Celsius Network LLC and Its Affiliated Debtors* [D.I. 22774] (the "Claim Objection Response"); and (II) initial objection (the "Initial Objection") to the late-filed proofs of claim[2] filed by Celsius Network LLC and its affiliated debtors (collectively, "Celsius") against each of

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd. is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] *See* Claim Nos. 95759, 95760, 95761, 95762, 95763, 95764, 95765, 95766, 95767, 95774, 95775, 95776, 95777, 95778, 95779, 95780, 95781, 95782, 95783, 95784, 95785, 95786, 95787, 95788, 95789, 95790, 95791, 95792, 95793, 95794, 95795, 95796, 95797, 95798, 95799, 95800, 95801, 95802, 95803, 95804, 95805, 95806, 95807, 95808, 95809, 95810, 95844, 95845, 95846, 95849, 95850, 95851, 95852, 95853, 95854, 95855, 95856, 95857, 95858, 95859, 95860, 95861, 95862, 95863, 95864, 95865, 95866, 95867, 95868, 95869, 95870, 95871, 95872, 95873, 95874, 95875, 95876, 95877, 95878, 95879, 96215, 96216, 96217, 96218, 96219, 96220, 96221, 96222, 96223, 96224, 96225, 96226, 96227, 96228 and 96229.

the Debtors, dated July 7 and 8, 2024, respectively (collectively, the "Late-Filed Proofs of Claim").[3] The Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. In June 2023, just prior to the Non-Customer Claims Bar Date,[4] Celsius filed more than 100 identical proofs of claim against the Debtors asserting unliquidated claims in an amount no less than $2 billion arising from certain purported disparaging statements made about Celsius. The Debtors objected to those claims, and Celsius has now confirmed in various submissions to the Court that it is abandoning them.

2. More than one year later and more than one year after the Non-Customer Claims Bar Date deadline, Celsius filed the Late-Filed Proofs of Claim purporting to amend its original proofs of claim to assert claims to clawback from the Debtors hundreds of millions of dollars of purportedly preferential transfers. Celsius insists that the Late-Filed Proofs of Claim are "amendments." They are not. Instead, they are entirely new claims, asserting new facts and theories of liability against the Debtors. And as new, standalone claims filed long after the applicable bar date, they are time-barred. What's more, Celsius did not seek or obtain authority from the Court before filing these "amendments" (as it was required to), and simply submitted the Late-Filed Proofs of Claim through the Debtors' claims system without any notice (advance or otherwise) to the Debtors. As a result, the Late-Filed Proofs of Claim should be disallowed.

---

[3] In the event the Court allows Celsius to assert the Late-Filed Proofs of Claim, either as amendments or as permitted late-filed new claims, the Debtors expressly reserve all rights, arguments, claims and defenses thereto.

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the *Debtors' Objection to Proofs of Claim Filed by Celsius Network LLC and its Affiliated Debtors* [D.I. 19795] (the "Claim Objection").

3.      Celsius argues superficially and *ad nauseam* in the Claim Objection Response, its objection to the Debtors' proposed chapter 11 plan,[5] and briefing in connection with Celsius' Lift Stay Motion[6] that its single generic reference in their original proofs of claim to the investigation of potential causes of action under chapter 5 of the Bankruptcy Code preserved the Purported Preference Claims. But Celsius doth protest too much. The assertions in the Original Proofs of Claim fall far short of the requirements to preserve the Purported Preference Claims, which do not relate in any way to the facts and circumstances that were timely asserted. Celsius' position that it is entitled to amend its claims not to supplement a theory of liability listed in the Original Proofs of Claim relating to the alleged disparaging statements, but to assert those enumerated theories of liability arising from facts completely different from those asserted in the Original Proofs of Claim is entirely untenable. In arguing otherwise, Celsius is asking this Court to break from established authority and create a limitless exception to the bar date that would completely swallow its entire purpose and effect.

4.      Celsius' position is particularly unpersuasive because Celsius knew, at the time of filing its original proofs of claim, the material facts underlying the Purported Preference Claims that it is now seeking to assert. Whatever its reason for failing to articulate the facts underlying these Purported Preference Claims in June 2023, and whatever its intention with respect to such claims, the original proofs of claim did not provide the Debtors with any notice of any of the facts or circumstances underlying the Purported Preference Claims, as is required to preserve such claims.

---

[5]    *The Celsius Litigation Administrator's Objection to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 23147].

[6]    *The Celsius Litigation Administrator's Reply in Further Support of the Motion for Relief from the Automatic Stay* [D.I. 24212].

5. To try to avoid the consequences of its non-compliance with the Non-Customer Claims Bar Date Order, Celsius dismisses the Debtors' straightforward effort to enforce the Non-Customer Claims Bar Date and the requirements in this jurisdiction for post-bar date claim amendment as a "mere technicality." Its indefensible flouting of a central tenet of the bankruptcy process is particularly troubling when Celsius has made a habit of bar date non-compliance: in the Voyager bankruptcy cases, Celsius also tried to bring preference claims for the first time against the Voyager Debtors, 72 days after the bar date, but was prohibited from doing so by Judge Wiles.[7] And just as Judge Wiles did, this Court should not allow Celsius to exempt itself from the requirements and consequences of the bar date, especially when here, Celsius waited more than one year after the applicable bar date to improperly assert its untimely claims.[8]

6. Celsius has not and cannot show any excuse for filing these new claims more than a year after the Non-Customer Claims Bar Date. Accordingly, the Late-Filed Proofs of Claim are invalid as amendments and are time-barred as new claims standing on their own. In addition, the original proofs of claim are invalid for the reasons set forth in the Claim Objection,[9] and have now been abandoned by Celsius. As a result, and for the reasons described below, the

---

[7] *See Debtors' Objection to the Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* [D.I. 19792], ¶¶ 35-37. As described in more detail therein, in the Voyager Bankruptcy Cases, Celsius also unsuccessfully sought to assert late preference claims.

[8] Moreover, as discussed in more detail in the Debtors' objection to Celsius' Lift Stay Motion, through the Purported Preference Claims asserted against the Debtors as subsequent transferees, Celsius is improperly seeking prejudgment attachment against the direct transferees with respect to distributions from the Debtors to such parties without first satisfying the procedural and substantive requirements for such relief, which would create significant prejudice to the Debtors. Celsius simply ignores this fatal flaw in its entirety.

[9] *Debtors' Objection to Proofs of Claim Filed by Celsius Network LLC and its Affiliated Debtors* [D.I. 19795].

Debtors respectfully request that the Court enter an order disallowing claims asserted in Celsius' original proofs of claim and the Late-Filed Proofs of Claim with prejudice.

## BACKGROUND

7. The Debtors incorporate the factual background provided in the Claim Objection Response and set forth certain additional factual background below.

8. On June 29, 2023, Celsius filed proofs of claim (the "Original Proofs of Claim") asserting the Disparagement Claims and broadly reserving rights to assert a litany of causes of action arising from such statements and "causes of action against the FTX debtors under chapter 5 of the Bankruptcy Code, including preference and fraudulent transfer actions."

9. On June 5, 2024, Celsius filed *The Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* [D.I. 16815] (the "Lift Stay Motion") seeking to commence an adversary proceeding to assert preference claims to obtain a judgment to recover more than $67 million from Debtor Quoine Pte Ltd. as an initial transferee, and more than $377 million from the Debtors as subsequent transferees (collectively, the "Purported Preference Claims") in Celsius' own chapter 11 cases in the U.S. Bankruptcy Court for the Southern District of New York (the "Celsius Bankruptcy Court").

10. On July 8, 2024, the Debtors filed the *Debtors' Objection to the Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* [D.I. 19792] (the "Lift Stay Objection").

11. On July 8, 2024, the Debtors filed the *Debtors' Objection to Proofs of Claim Filed by Celsius Network LLC and its Affiliated Debtors* [D.I. 19795] (the "Claim Objection"). By the Claim Objection, the Debtors objected to the Disparagement Claims as vague and speculative, and asserted that the Disparagement Claims are not entitled to *prima facie*

5

validity as a matter of law and should therefore be disallowed and expunged.[10] Moreover, based on the assertions in the Lift Stay Motion,[11] the Debtors argued that the Purported Preference Claims were not preserved in the Original Proofs of Claim and are therefore barred pursuant to the Court's Non-Customer Claims Bar Date Order.

12. On July 7 and 8, 2024, more than one year after the Non-Customer Claims Bar Date, Celsius, without seeking prior permission from this Court and without giving the Debtors any notice, filed the Late-Filed Proofs of Claim, in which Celsius abandons the Disparagement Claims and purports to amend the Original Proofs of Claim to assert the Purported Preference Claims against the Debtors.

13. On August 12, 2024, Celsius filed the Claim Objection Response.[12]

## ARGUMENT

### I. The Late-Filed Proofs of Claim Are Not Valid Amendments and Are Time-Barred as New Claims.

14. The Late-Filed Proofs of Claim are invalid amendments of the Original Proofs of Claim and should be disallowed with prejudice because (i) Celsius did not obtain the requisite court approval to amend its claims after the Non-Customer Claims Bar Date; and (ii) Celsius has not satisfied the requirements for post-bar date amendment of claims.

---

[10] The Debtors also asserted in the Claim Objection that any claims in the Original Proofs of Claim that are entitled to *prima facie* validity should still be disallowed by the unclean hands, or *in pari delicto*, doctrine.

[11] The Debtors were not aware that Celsius had filed the Late-Filed Proofs of Claim when the Debtors filed their Claim Objection because Celsius not only did not seek court approval of the amendment, but also did not provide any notice to the Debtors of the submission of these purportedly amended proofs of claim.

[12] On July 10, 2024, the Debtors filed the *Debtors' Sixty-Third (Substantive) Omnibus Objection to Certain Misclassified Claims (Non-Customer Claims)* [D.I. 20050] (the "Omnibus Claim Objection"), in which the Debtors, among other things, seek reclassification of $12,285,478.28 of an unrelated Celsius loan claim from a secured claim to a general unsecured claim. Celsius has responded to that Omnibus Claim Objection, and a hearing on it has been adjourned to the omnibus hearing scheduled on October 22, 2024.

### A. Celsius Failed to Obtain Mandatory Court Approval to Amend the Original Proofs of Claim.

15. To amend the Original Proofs of Claim post-bar date, Celsius must first have sought court approval. *In re Brown*, 159 B.R. 710, 714 (Bankr. D.N.J. 1993) ("[w]hen a party wishes to amend its proof of claim after the bar date it ***must obtain the permission of the court*** to do so.") (emphasis added). Celsius' purported amendment—by simply submitting "amended" claims on the Debtors' claims register without obtaining court approval—is procedurally defective. That alone invalidates the purported amendment. *In re Residential Cap.*, LLC, 2014 WL 4925096, at *2 (Bankr. S.D.N.Y. Sept. 30, 2014) (disallowing and expunging claim filed after the bar date without prior permission of the Court).

### B. The Late-Filed Proofs of Claim Do Not Satisfy the Requirements for Post-Bar Date Amendments.

16. Even if Celsius had sought leave of court to amend, as it was required to do, Celsius would not be entitled to amend. Bankruptcy courts permit proofs of claim to be amended after the bar date only if (1) there was a "timely assertion of a similar claim or demand evidencing an intention to hold the estate liable," ***and*** (2) "it would be equitable to allow the amendment." *In re Mallinckrodt Plc*, 2022 WL 3545583, at *3 (D. Del. Aug. 18, 2022). Celsius does not and cannot satisfy either requirement with respect to the Late-Filed Proofs of Claim.

#### 1. The Original Proofs of Claim Did Not Preserve the Purported Preference Claims and the Late-Filed Proofs of Claim Are Disguised New Claims.

17. The first requirement for post-bar date amendment is satisfied if the purported amendment "(1) corrects a defect of form in the original claim; (2) describes the original claim with greater particularity; or (3) pleads a new theory of recovery on the facts set forth in the original claim." *Id.* But the Late-Filed Proofs of Claim do none of those. They assert, instead, entirely new claims based on facts that in no way were asserted in the Original

Proofs of Claim, and seek to impose over $400 million of brand new liabilities upon the Debtors at the expense of their legitimate creditors.

18. As briefed in more detail in the Claim Objection,[13] Celsius does not allege *a single fact* in its Original Proofs of Claim that could form the basis of the Purported Preference Claims. The only facts timely asserted by Celsius in the original proofs of claim relate to the purported disparaging statements underlying the Disparagement Claims. Accordingly, the Original Proofs of Claim did not give the Debtors *any* "fair notice of the conduct, transaction or occurrence that forms the basis of the [preference] claim asserted" in the Late-Filed Proofs of Claim. *In re Ben Franklin Hotel Assocs.*, 1998 WL 94808, at *3 (E.D. Pa. Mar. 4, 1998) (disallowing the "amendment" that in fact asserted new claims). Because Celsius' purported amendment fundamentally changed the nature of the Original Proofs of Claim, it is but a "veiled attempt to assert a distinctly new right of payment as to which the debtor estate was not fairly alerted by the original proof of claim." *Gens* v. *Resolution Trust Corp.*, 112 F.3d 569, 575 (1st Cir. 1997). As such, the Late-Filed Proofs of Claim are impermissible post-bar-date new claims that should be disallowed. *See, e.g., In re Maxus Energy Corp.*, 2023 WL 5543612, at *1 (Bankr. D. Del. Aug. 28, 2023) ("[T]here really is no disagreement that once the bar date passes . . . , amendments are limited to fleshing out the details of—*but not fundamentally changing*—the timely-filed proof of claim.") (emphasis added).

19. Glaringly, in its Claim Objection Response, Celsius does not argue that it asserted any facts underlying the Purported Preference Claims in the Original Proofs of Claim. Instead, Celsius insists that it preserved the Purported Preference Claims by a blanket statement that it was "investigating causes of action against the FTX debtors under chapter 5 of the

---

[13] Claim Objection, ¶¶ 21-25.

Bankruptcy Code, including preference and fraudulent transfer actions." *See* Claim Objection Response ¶¶ 1, 32, 45. But that generic language is precisely the type of "broad language in a timely-filed Proof of Claim" that courts have held should not be exploited to "assert new novel claims." *In re Calpine Corp.*, 2007 WL 4326738, at *5 (S.D.N.Y. Nov. 21, 2007).[14] If amendments based on such generic language were to be allowed, it would render "[b]ar dates . . . meaningless." *Id.*

20. Celsius' effort to characterize the Original Proofs of Claim as a "protective filing" is equally unavailing. Even if the Original Proofs of Claim were "protective" filings, they must still provide the Debtors with facts sufficient to establish a theory of liability under section 547 or 550 of the Bankruptcy Code. *See In re Mallinckrodt Plc*, 2022 WL 3545583, at *4-5 (affirming dismissal with prejudice of "protective" proofs of claim because the proofs of claims did "not sufficiently allege facts under the theory of antitrust liability"). As explained above, the Original Proofs of Claim failed to allege *any* such facts. Celsius cannot now rely on a generic reference to preference claims in the Original Proofs of Claim to assert the Purported Preference Claims.

### 2. Permitting the Late-Filed Proofs of Claim As Amendments Would be Inequitable.

21. Even if Celsius had preserved the Purported Preference Claims in the Original Proofs of Claim (which they did not), the Court should still disallow the amendment on

---

[14] The cases cited by Celsius are inapposite and distinguishable. *In re Chateaugay Corp.* concerns the preservation of the right of setoff under section 553, not preservation of a claim itself. 94 F.3d 772, 776-77 (2d Cir. 1996). As the *Chateaugay* court noted, some courts have found that a setoff right can be preserved even if not asserted in a proof of claim. *See, e.g.*, *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir.1990). Moreover, the claimant in *Chateaugay* did not become aware of the set-off right until after they filed the proof of claim, which is not the case here. In *In re Lampe*, the issue considered by the Third Circuit was whether the claim there was subject to the requirements in Rule 3001(c), and the panel never considered or decided the issue of whether the proof of claim itself alleged sufficient facts to assert a claim. 665 F.3d 506, 515 (3d Cir. 2011). In both cases, the claimant had specified the claims or rights that were being asserted.

equitable grounds.  *See In re Mallinckrodt Plc*, 2022 WL 3545583, at *3 ("To allow a post-bar-date amendment to proofs of claim, "the court must [] determine whether it would be equitable.").  That inquiry "takes into account all of the relevant circumstances regarding the movant's omission, including (1) prejudice to the debtor, (2) the length of the delay and its potential effect on judicial proceedings, (3) the reason for the delay, including whether it was in the movant's control, and (4) the movant's good faith." *Id.*, at *3 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  In its Claim Objection Response, Celsius fails to address—let alone make any showing—that it would be equitable to allow its amended claims.  And it is clear that each of these factors weighs heavily against Celsius.[15]

22. *First*, allowing Celsius to amend would severely prejudice the Debtors.  As explained in the Lift Stay Objection,[16] through the Purported Preference Claims, Celsius is *not* simply requesting that the Debtors redirect to Celsius distributions to the initial transferees that would be entitled to receive distributions from the Debtors as they suggest.  Nor could Celsius because the Celsius Litigation Administrator has not obtained a single judgment in its preference actions against the alleged initial transferees in litigation before the Celsius Bankruptcy Court.  In fact, it is not clear if any of those cases have even been served.  Celsius has also never sought pre-judgment garnishment—likely because any such effort would fail.

23. Rather, Celsius is seeking to establish preference judgments directly against the Debtors totaling approximately $445 million in new claims (plus interest).  These new claims are asserted directly against the Debtors untethered from any claims Celsius has

---

[15] The Celsius Litigation Administrator is not entitled to try to address these deficiencies any further after simply filing the Late-Filed Proofs of Claim and not requesting permission from the Court to do so via motion.

[16] *See* Lift Stay Objection, ¶¶ 47-50.

against its customers as initial transferees, and, if successful, would siphon off hundreds of millions of dollars in value from the Debtors' customers and other creditors. Celsius finally admitted as much, recently making clear that its Lift Stay Motion seeks to "prosecute a single action, name the Draft Complaint *against FTX*."[17] Permitting these claims to proceed would be extremely prejudicial to the Debtors and their estates. Conversely, even if the Late-Filed Proofs of Claim are disallowed, Celsius would remain free to proceed through the proper procedure to obtain either judgments or pre-judgment relief against the initial transferees, and, if successful, seek to enforce those judgments against distributions otherwise to be made by the Debtors to those initial transferees.

24. *Second*, the length of the delay and its potential effect on these Chapter 11 Cases also militate against allowing the proposed amendment. Here, Celsius waited more than a full year after the Non-Customer Claims Bar Date (and even after the Debtors obtained approval of their disclosure statement and commenced solicitation of their Plan) to attempt to amend its claims. *In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1219 (11th Cir. 1985) (affirming that the amended claims were untimely because "the [claimant] acted negligently and without justification," and "[i]t was given every chance to assert its rights, yet failed to until the eve of confirmation"). That is far longer than Celsius waited in Voyager (72 days post-bar date) where Judge Wiles denied Celsius' request for leave to file late claims.

25. *Third*, Celsius has not provided any excuse for its delay, choosing instead in its Claim Objection Response to simply stand on its untenable position that the Late-Filed Proofs of Claim are valid amendments. Celsius was well aware of the material facts underlying

---

[17] *The Celsius Litigation Administrator's Reply in Further Support of the Motion for Relief from the Automatic Stay* [D.I. 24212] at ¶ 4 (emphasis in original).

11

at least some of the Purported Preference Claims long before the Non-Customer Claims Bar Date, evidenced by schedules filed in Celsius' bankruptcy proceedings back *in October 2022*. Celsius also prepared the complaint it sought to file through the Motion to Lift Stay at some point prior to filing that motion in June 2024 but never sought to amend its claims.[18] Celsius strategically chose to wait to file amended claims, and therefore has no excuse for its blatant disregard of the Non-Customer Claims Bar Date.

26. *Fourth*, Celsius also has made no showing, and cannot make such a showing, that the amendments are in good faith. For one thing, Celsius never sought leave from the Court to amend. Celsius also did not give the Debtors any notice (advance or otherwise) that it intended to file the Late-Filed Proofs of Claim. Instead, it allowed the Disparagement Claims to sit on the Debtors' claims register for over a year, requiring the Debtors to expend significant time and estate resources to investigate and object to those claims, only to walk away from them at the very last minute and seek to assert the Purported Preference Claims instead. Celsius' conduct is also concerning given that it has long known of these claims and has previously disregarded the bar date in the Voyager case.

27. Taken as a whole, Celsius' strategy reeks of gamesmanship that, if successful, would prejudice the Debtors' legitimate stakeholders, and should be rejected.

### C. Standing Alone, The Late-Filed Proofs of Claim Are Time-Barred.

28. Standing alone, Celsius' Late-Filed Proofs of Claim are time-barred. *See In re Trans World Airlines, Inc.*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date . . . is a 'drop-dead date' that bars all prepetition claimants who received the required notice."). To be excused for its delay in bringing the Late-Filed Proofs of Claim, Celsius "must show that [its] failure to

---

[18] *See* Lift Stay Objection, ¶ 38.

file in a timely manner was due to 'excusable neglect;' otherwise, [its] claims arising pre-petition will be barred." *Chemetron Corp.* v. *Jones*, 72 F.3d 341, 349 (3d Cir. 1995). *See also* Fed. R. Bankr. P. 9006(b)(1); *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005) (explaining that a late-filing claimant bears the burden of proving its excusable neglect).

29. Here, Celsius utterly fails to carry that burden. There is no doubt that Celsius was aware of the Non-Customer Claims Bar Date, having timely filed the Original Proofs of Claim. It has made no attempt to show any excuse for its neglect and its disregard of the Non-Customer Claims Bar Date. As such, the Late-Filed Proofs of Claim are time-barred and should be disallowed.

## II. The Original Proofs of Claim On Their Own Are Not Entitled to Prima Facie Validity and Should be Disallowed

30. Because the Late-Filed Proofs of Claim should be disallowed either as invalid amendments or untimely new claims, the only proofs of claims validly asserted by Celsius are the Original Proofs of Claim filed in June 2023. However, as the Debtors explained in the Claim Objection,[19] the Original Proofs of Claims only asserted (at most) the Disparagement Claims, claims that Celsius has now abandoned. Therefore, all claims asserted in the Original Proofs of Claim should be disallowed with prejudice, and Celsius should be barred from seeking to amend its claims.

## RESERVATION OF RIGHTS

31. This Reply and Initial Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors to object to any claim on any grounds whatsoever. The Debtors expressly reserve all further substantive or procedural

---

[19] *See* Claim Objection, ¶¶ 21-25.

objections. Nothing contained herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Initial Objection or any order granting the relief requested by this Initial Objection; (e) an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## **CONCLUSION**

32. For the foregoing reasons, the Debtors respectfully request that that the Court enter an order disallowing with prejudice the claims asserted in Celsius' Original Proofs of Claim and the Late-Filed Proofs of Claim.

| | |
|---|---|
| Dated: September 9, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail:  landis@lrclaw.com<br>          mcguire@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>Benjamin S. Beller (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail:  dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          kranzleya@sullcrom.com<br>          bellerb@sullcrom.com |