**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Requested Hearing Date: September 12, 2024 at 1:00 p.m. (ET) |
| | Requested Obj. Deadline: September 12, 2024 at 1:00 p.m. (ET) |

**EMERGENCY MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) ADJOURNING CERTAIN MATTERS SET FOR HEARING ON SEPTEMBER 12, 2024 AND (II) EXTENDING THE DEADLINE TO FILE A REPLY**

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this emergency motion (the "Motion") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2002 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form attached hereto as Exhibit A (the "Order"), (i) adjourning the hearing on the *Debtors' Motion to Proofs of Claim Filed By Seth Melamed* [D.I. 20051] (the "Melamed Objection") from September 12, 2024 at 1:00 p.m. (ET) (the "September Hearing") to no earlier than the omnibus hearing scheduled for October 22, 2024 at 1:00 p.m. (ET) and (ii) extending the deadline to file a reply brief to October 17, 2024. In connection with this Motion, the Debtors submit the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

concurrently filed *Declaration of Christopher J. Dunne in Support of Emergency Motion of Debtors for Entry of an Order (I) Adjourning Certain Matters set for Hearing on September 12, 2024 and (II) Extending the Deadline for Debtors to File A Reply* (the "Dunne Decl."). In support of this Motion, the Debtors respectfully state as follows:

## Background

1. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Facts Specific to Relief Requested

3. On June 30, 2023, Melamed filed Claim 3244 against FTX Japan Holdings K.K., Claim 3353 against Quoine Pte Ltd., Claim 3385 against FTX Trading, Claim 3956 against

FTX Japan K.K., Claim 4470 against FTX Japan K.K., and Claim 4578 against FTX Japan Holdings K.K. (collectively, the "Claims").

4. The Claims collectively seek $35,865,612.19 in connection with the acquisition of Liquid Group, Inc. ("Liquid") by FTX Trading on November 19, 2021 pursuant to a share purchase agreement ("SPA"), and in connection with a March 31, 2022 Management Agreement between Melamed and FTX Japan Holdings K.K. (the "Management Agreement"). Among other things, Melamed claims he is entitled to $26,709,834.14 in connection with FTX common stock that he received pursuant to the SPA, and $8,903,278.05 in cryptocurrency consideration to which he was entitled under the SPA. Melamed also claims entitlement to $252,500.00 in compensation under the Management Agreement. Dunne Decl. ¶ 3.

5. On July 10, 2024, the Debtors filed the Melamed Objection.

6. On August 16, 2024, Melamed filed the *Opposition to Debtors' Objection to Proofs of Claim* [D.I. 23170] (the "Claim Opposition), which included the *Declaration of Seth Melamed* (the "Melamed Declaration") and the *Declaration of Takane Hori* (the "Hori Declaration").

7. Melamed's Claim Opposition raises issues of fact and foreign law that the Debtors are seeking to review further before filing their reply.

8. The Melamed Declaration totals 379 pages, including 82 paragraphs of factual assertions by Melamed and 28 exhibits comprising various agreements, side letters, financial statements, emails and other documents. The Melamed Declaration also makes numerous assertions of fact that bear on issues pertinent to the Claims, including about the value of Liquid and Melamed's asserted damages, alleged misrepresentations made to Melamed in connection with the Liquid acquisition, a "side letter" that purportedly required FTX Trading to

pay him $8,903,278.05 in cryptocurrency consideration in April 2022 rather than in April 2023 and April 2024 as provided for in the SPA, and the basis for Melamed's claimed entitlement to a $200,000 bonus.  Dunne Decl. ¶ 6.

9. The Hori Declaration is signed by a licensed attorney in Tokyo, Japan, and makes several assertions about Japanese law that bear on the Claims, including about Melamed's claimed entitlement to cryptocurrency that Melamed values at $8,903,278.05 and Melamed's ability to pursue multiple legal theories for the same recovery.  Dunne Decl. ¶ 7.

10. The Claim Opposition argues that Claim 3385 against Debtor FTX Trading should be subject to arbitration pursuant to the SPA.  The arbitration provision is governed by Singaporean law.  Dunne Decl. ¶ 8.

11. Additionally, on August 16, 2024, Melamed also filed the *Joinder of Seth Melamed To The Objections To The Plan Raised By The Retail Customers And Reservation of Rights* [D.I. 23167] (the "Plan Objection Joinder").  The Plan Objection Joinder reserved rights in the event any amount of Melamed's claims are subordinated and with respect issues relating to the plan, stated simply:  "Melamed joins in the objections filed by the Retail Customers and incorporates those objections herein."  Plan Objection Joinder ¶ 16.

12. The hearing for the Melamed Objection is currently scheduled for the September Hearing.

13. Counsel for the Debtors reached out to counsel for Melamed on August 29, 2024 seeking consent for an adjournment of the Melamed Objection from the September Hearing to the October 22, 2024 omnibus hearing.  Counsel for both parties met and conferred on September 4, 2024, where the Debtors again requested an adjournment.  Counsel for Melamed did not provide a definitive answer, but suggested that Melamed did not wish to extend the deadline

beyond the date of the hearing on the confirmation of the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* (as may be amended, modified or supplemented from time to time, the "Plan"), which is scheduled for October 7, 2024 (the "Plan Confirmation Hearing"). Dunne Decl. ¶ 10.

14. Counsel met and conferred again on September 6, 2024. Melamed's counsel once again did not provide consent, stating that he was not authorized to agree to any adjournment that extended any hearing or deadline for the Debtors' reply on the Melamed Objection beyond the date of the Plan Confirmation Hearing. Counsel for Melamed did not provide any explanation as to why the Melamed Objection must be heard before the Plan Confirmation Hearing. Dunne Decl. ¶ 11.

## Jurisdiction and Venue

15. The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 2002. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Basis for Relief

16. Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11 U.S.C. § 105(a). Bankruptcy Rule 9006(b) authorizes courts to enlarge the time periods within which certain actions must be taken, and states, in pertinent part, that:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion… with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b). Bankruptcy courts routinely grant extensions in time. *See, e.g.*, *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (Bankr. D. Del. Oct. 13, 2020) [D.I. 1053] (granting extension in time to file brief under section 105(a)).

17. Cause exists for the Court to adjourn the hearing with respect to the Melamed Objection. Melamed's Claim Opposition purports to raise factual issues and issues under the laws of two foreign countries (Japan and Singapore). Although these purported issues may not prove to be dispositive, the Debtors request a modest adjournment of the hearing and a corresponding extension of the time to file a reply in order to ensure adequate time to consider and respond to the factual and legal issues raised in the Claim Opposition.

18. Melamed inexplicably waited until the last minute and then refused to consent to an adjournment, stating that a hearing on the Melamed Objection must be heard before the unrelated Plan Confirmation Hearing. This is baseless, and transparently designed to needlessly burden the Debtors on the eve of Plan confirmation with a completely unrelated matter. Nothing in the Melamed Objection or Melamed's underlying Claims relates to the confirmation of the Debtors' Plan.

19. For the foregoing reasons, the Court should grant the Debtors' requests for (i) an adjournment the Melamed Objection to the October 22, 2024 omnibus hearing and (ii) a corresponding extension of the time to file a reply to October 17, 2024.

**No Prior Request**

20. No prior request for the relief sought in this Motion has been made to this or any other court.

**Notice**

21. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure; and (i) counsel to Melamed. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**Conclusion**

22. For the foregoing reasons, the Court should enter the Order, substantially in the form attached hereto as Exhibit A, (i) adjourning the Melamed Objection set for the September Hearing to the omnibus hearing scheduled for October 22, 2024 at 1:00 p.m. (ET) and (ii) extending the deadline to file a reply brief to October 17, 2024.

| | |
|---|---|
| Dated: September 9, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>       brown@lrclaw.com<br>       pierce@lrclaw.com<br><br>-and-<br><br>SULLIVAN & CROMWELL LLP<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>James L. Bromley (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>Alexa J. Kranzley (admitted *pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>       bromleyj@sullcrom.com<br>       gluecksteinb@sullcrom.com<br>       dunnec@sullcrom.com<br>       crokej@sullcrom.com<br>       kranzleya@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |