IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. No. 24427 |

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR THE EMERGENCY MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) ADJOURNING CERTAIN MATTERS SET FOR HEARING ON SEPTEMBER 12, 2024 AND (II) EXTENDING THE DEADLINE TO FILE A REPLY**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), shortening the time for notice to consider the *Emergency Motion of the Debtors for Entry of an Order (I) Adjourning Certain Matters Set for Hearing on September 12, 2024 and (II) Extending the Deadline to File a Reply* [D.I. 24427] (the "Motion to Adjourn").[2] The Debtors are seeking shortened notice for the Motion to Adjourn so it can be heard by the Court at the omnibus hearing scheduled for September 12, 2024 at 1:00 p.m. (ET) (the "Hearing"). In support of the Motion to Shorten, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion to Adjourn.

{1368.002-W0077238.3}

jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 9006-1(e) and 9013-1(m).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5. Additional factual background relating to the Debtors' businesses and the

---

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

6. On June 30, 2023, Melamed filed Claim 3244 against FTX Japan Holdings K.K., Claim 3353 against Quoine Pte Ltd., Claim 3385 against FTX Trading, Claim 3956 against FTX Japan K.K., Claim 4470 against FTX Japan K.K., and Claim 4578 against FTX Japan Holdings K.K. (collectively, the "Claims"). The Claims collectively seek $35,865,612.19 in connection with the acquisition of Liquid Group, Inc. ("Liquid") by FTX Trading on November 19, 2021 pursuant to a share purchase agreement ("SPA"), and in connection with a March 31, 2022 Management Agreement between Melamed and FTX Japan Holdings K.K. Among other things, Melamed claims he is entitled to $26,709,834.14 in connection with FTX common stock that he received pursuant to the SPA, and $8,903,278.05 in cryptocurrency consideration to which he was entitled under the SPA. Melamed also claims entitlement to $252,500.00 in unpaid compensation and bonus payments.

7. On July 10, 2024, the Debtors' filed *Debtors' Objection to Proofs of Claim filed by Seth Melamed* [D.I. 20051] (the "Melamed Objection") and *Declaration of Steven P. Coverick in Support of Debtors' Objection to Proofs of Claim filed by Seth Melamed* [D.I. 20052].

8. On August 16, 2024, Melamed filed the *Opposition to Debtors' Objection to Proofs of Claim* [D.I. 23170] (the "Claim Opposition), which included the *Declaration of Seth Melamed* (the "Melamed Declaration") and the *Declaration of Takane Hori* (the "Hori Declaration").

3

9. Melamed's Claim Opposition raises issues of fact and foreign law that the Debtors are seeking to review further before filing their reply.

10. The Melamed Declaration totals 379 pages, including 82 paragraphs of factual assertions by Melamed and 28 exhibits comprising various agreements, side letters, financial statements, emails and other documents. The Melamed Declaration also makes numerous assertions of fact that bear on issues pertinent to the Claims, including about the value of Liquid and Melamed's asserted damages, alleged misrepresentations made to Melamed in connection with the Liquid acquisition, a "side letter" that purportedly required FTX Trading to pay him $8,903,278.05 in cryptocurrency consideration in April 2022 rather than in April 2023 and April 2024 as provided for in the SPA, and the basis for Melamed's claimed entitlement to a $200,000 bonus. Dunne Decl. ¶ 6.

11. The Debtors reached out to counsel for Melamed to request an adjournment of the Melamed Objection to allow the Debtors additional time to conduct research on the factual allegations and propositions of foreign law raised by the Claim Opposition. However, Melamed has refused, thereby necessitating the filing of the Motion to Adjourn.

12. The Melamed Objection currently is scheduled to be heard at the Hearing on September 12, 2024 at 1:00 p.m. (ET). Accordingly, the relief requested in the Motion to Adjourn must be heard prior to the hearing on the Melamed Objection, otherwise the relief requested therein will be mooted.

13. Additional facts specific to the relief requested in the Motion to Adjourn are set forth therein and are incorporated herein by reference.

## **RELIEF REQUESTED**

14. By this Motion to Shorten, the Debtors request, pursuant to Bankruptcy Code

section 105(a), Bankruptcy Rules 9006(c)(1) and Local Rule 9006-1(e), that the Court enter the Proposed Order substantially attached hereto as <u>Exhibit A</u>, shorten the notice required for a hearing on the Motion to Adjourn so that it may be heard at the September 12, 2024 omnibus hearing, with an objection deadline of September 12, 2024, at 1:00 p.m. (ET).

## BASIS FOR RELIEF

15. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Local Rule 9006-1(e).

16. Pursuant to Local Rule 9006-1(c)(i), ordinarily "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."[4] However, Local Rule 9006-1(e) provides that such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. Local Rule 9006-1(e). No hearing on such a motion to shorten is required. *See id.*

17. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on the Motion to Adjourn. As set forth in the Motion to Adjourn, the Debtors request a modest adjournment of the hearing on the Melamed Objection to file a reply in order to ensure adequate time to consider and respond to the factual and legal issues raised in the Claim

---

[4] Del. Bankr. L.R. 9006-1(c)(i).

Opposition. The relief the Debtors are seeking in the Motion to Adjourn would be mooted if the Court does not consider the Motion to Adjourn prior to the hearing on the Melamed Objection, which currently is scheduled for the September 12, 2024 Hearing.

18. Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1(e) provide ample authority for the Court to afford the relief requested in the Motion to Shorten. Therefore, the Debtors respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

**CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(e)**

19. The Debtors contacted the Committee, U.S. Trustee and counsel to Melamed regarding the relief requested in this Motion to Shorten pursuant to Local Rule 9006-1(e). Counsel to Melamed advised that Melamed does not consent to the relief requested herein. Counsel to the Committee advised that the Committee does not object to the Motion to Shorten. As of filing the Motion to Shorten, the Debtors have not heard from the U.S. Trustee regarding its position with respect to the requested relief.

**NOTICE AND NO PRIOR REQUEST**

20. The Debtors have provided notice of the Motion to the following entities or, in lieu thereof, their counsel: (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) counsel to Seth Melamed; and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

21. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the Motion to Shorten and such other and further relief as the Court may deem proper.

Dated: September 10, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Matthew R. Pierce*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (Admitted *pro hac vice*)
James L. Bromley (Admitted *pro hac vice*)
Brian D. Glueckstein (Admitted *pro hac vice*)
Benjamin S. Beller (Admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       bellerb@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*