**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING, LTD., *et al.*, | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Related Docs. 22165, 23167** |

**DECLARATION OF SETH MELAMED IN SUPPORT OF**
**SUPPLEMENTAL OPPOSITION TO FIRST AMENDED JOINT**
**PLAN OF REORGANIZATION OF FTX TRADING, LTD.  [D.I. 22165]**

Seth Melamed, being duly sworn, hereby declares as follows:

1.      I submit this declaration (the "**Declaration**") in connection with my Supplemental *Objection* to the *First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 22165] (the "**Plan**").

2.      Except as otherwise indicated herein, all of the facts set forth in this Declaration are based upon my personal knowledge and my review of relevant documents. If called upon to testify, I could and would testify to the facts set forth herein on that basis.

3.      As set forth in the *Opposition to Debtors' Objection to Proofs of Claim* [D.I. 23170] (the "**Opposition**"), *Declaration of Takane Hori* [D.I. 23171] (the "**Hori Declaration**"), and *Declaration of Seth Melamed in connection with the Opposition to Debtors' Objection to Proofs of Claim* [D.I. 23173][1] (the "**Melamed Declaration**"; collectively the Opposition, the Hori Declaration and the Melamed Declaration are referred to herein as the "**Claims Opposition**"), I held a substantial interest in  Liquid Group, Inc. which was acquired by FTX Trading, Ltd. on or about April 4, 2022.

---

[1] For ease of reference, the Claims Opposition is incorporated herein by reference.

4.      That pre-petition sale was induced by fraud and involved many breaches of the

written agreement of sale.  Accordingly, I timely filed six (6) proofs of claim (the "**Claims**")

against the Debtors as follows:

| Claim Number | Claim Amount | Debtor | Nature of Claim |
|---|---|---|---|
| Claim 3385 | $35,613,112.19 | FTX Trading | Sale of Liquid Shares to FTX |
| Claim 3353 Claim 3956 Claim 4578 | $52,500.00 | FTX Singapore FTX Japan FTX Japan Holdings | Services fee from September and October of 2022 |
| Claim 3244 Claim 4470 | $200,000 | FTX Japan Holdings FTX Japan | Bonus Payment |

5.      As noted in the Opposition, certain third parties and certain former and current

employees of FTX provided me with false information in connection with the sale of Liquid

Group, Inc. to FTX Trading.

6.      On July 10, 2024 at 9:43 pm, the Debtors filed an *Objection to Claims by

Claimant(s) Seth Melamed* [D.I. 20051].  Separately, at 9:50 p.m. the Debtors filed the

*Declaration of Steven P. Coverick in Support of Debtors' Objection to Proof of Claim* [D.I.

20052] (collectively, the "**Claim Objection**").

7.      The ballot with respect to voting on the Plan, including the opt-out provision

(collectively the "**Ballot**"),was never emailed or sent to me in any direct form of communication

from Kroll or any other party.  Instead, on or about **August 14, 2024**, two days before the voting

deadline, the Ballot was mailed by Kroll to my former legal representative Fox Rothschild.  A

true and correct copy of the envelope reflecting a postmark of August 14, 2024 is attached hereto

as **Exhibit 1**.  The ballot was received by Fox Rothschild in the late morning of August 16,

2024— a few hours before the deadline to vote on the restructuring plan, which was 4:00 PM

EST p.m.  The ballot that was received listed my claim as a Class 6A Claim in the voting amount

of $1.

        8.      Exhibit 1 to the *Order (I) Approving the Adequacy of the Disclosure Statement;*

*(II) Approving Solicitation Packages;(III) Approving the Forms of Ballots; (IV) Establishing*

*Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection*

*Procedures for the Confirmation of the Plan* entered by this Court on June 26, 2024 is the Plan

*Solicitation And Voting Procedures* (the "**Solicitation and Voting Procedures**") [D.I. 19068-1].

        9.      Section 3(ii)(1) of the *Solicitation and Voting Procedures* provides that the

Debtors were required to distribute the Solicitation Package on or before July 10, 2024:

> (1) *Timing of Distribution of Solicitation Packages.*
> The Debtors shall distribute, or cause to be distributed, the Solicitation Package to all
> Holders of Claims and Interests in the Voting Classes who are entitled to vote on or
> before **July 10, 2024**, or 14 days after entry of the Solicitation Procedures Order,
> whichever is later; *provided* that for any undelivered or undeliverable Solicitation
> Packages, the Debtors shall distribute, or cause to be distributed, to such Holders as soon
> as reasonably practicable (the "Solicitation Mailing Deadline").

*Id.*

        10.     Section 3(ii)(2) of *Solicitation and Voting Procedures* provides that the

Solicitation Package was to be distributed by email to "all Holders of Claims and Interests in the

Voting Classes to the email on file for such Holders, if any, ***and*** the email address listed on the

filed proof of claim . . ."  *Id.* (emphasis supplied).

        11.     I am unaware whether the Debtors distributed the Solicitation Package prior to the

Claim Objection being filed.  If the Solicitation Package were distributed prior to the Claim

Objection, my claim should have been listed in the amount of $35,613,112.19.  *See Plan*

*Solicitation and Voting Procedures*, Section 4((ii)(3) ("the asserted amount in the Proof of

Claim … shall control for voting purposes … *provided further* that if . . . (ii) such Proof of Claim . . . is subject to a pending objection . . . by the Solicitation Mailing Deadline, such Claim . . . shall count for satisfying the numerosity requirement of section 1126(c) . . . and shall count in the amount $1 solely for the purposes of voting . . ." *Id.*

12.     The Debtors **never** emailed the Solicitation Package (including the ballot) to my email address that was on file.  The Debtors had my email on file and I received other court filings at that email address.  Attached hereto as <u>**Exhibit 2**</u> is the email I received with respect to the *Claims Objection* that was filed on July 10, 2024 -- the same day that the Solicitation Package was required to be emailed by the Debtors.  Attached hereto as <u>**Exhibit 3**</u> is the email I received with respect to the filing of the Plan Supplement.

13.     Because my claim was identified as a voting claim, I was required to return the ballot in order to opt out of the release.  Had I not returned the ballot, it is my understanding that I would have been deemed to release several third parties who were formerly associated with FTX and who participated in the fraud that induced me to sell my interests in Liquid to FTX.

14.     On September 7, 2024, my counsel raised the solicitation issues with counsel to the Debtors, provided them with a draft of this declaration and requested that they provide an explanation of why I never received a ballot.

15.     On September 11, 2024, my counsel received an email response (the "<u>**September 11th email**</u>"), attached hereto as <u>**Exhibit 4**</u>, which stated in relevant part that:

> We understand that Mr. Melamed received Class 6A and Class 7C ballots care of his counsel at Fox Rothschild, *as directed in his filed proofs of claim*. We also understand that, despite being timely served by the Solicitation Agent, *the mailed ballots may have been delayed in delivery by USPS*.
>
> The Solicitation Agent received Mr. Melamed's completed Class 6A ballot on August 16, *although after the voting deadline*, indicating a vote of REJECT and opting out of the voluntary release.

*Id.* (emphasis supplied).

16.     There are multiple misstatements in this email.

17.     **First**, as reflected on **Exhibit 1**, the ballot to my prior counsel was postmarked on

**August 14, 2024**.  This is not a delay in delivery –**this is a delay in mailing (*i.e.* service)**.

18.     **Second**, the Debtors admit that the Solicitation Package was only mailed to my

prior counsel.  This admission reflects that the Debtors violated the procedures set forth in

Section 3(ii)(2) of *Solicitation and Voting Procedures* which requires that the Solicitation

Package was to be distributed to "all Holders of Claims and Interests in the Voting Classes **to the**

**email on file for such Holders**, if any, **and** the email address listed on the filed proof of

claim . . ."  *Id.* (emphasis supplied).

19.     **Third,** although I was incredibly rushed, I submitted my ballot and received an

email confirmation at 2:39 p.m. – before the Voting Deadline.  A copy of the email confirmation

from Kroll is attached hereto as **Exhibit 5**.   The Debtors' statement that my ballot was received

*after* the Voting Deadline is incorrect and appears to reflect faulty records being maintained by

the Debtors concerning the timing of the submission of ballots (and opt outs).

20.     **Finally**, I am deeply troubled by how the Debtors orchestrated the Claim

Objection and Solicitation Process with me by: (i) objecting to the Claims on the Solicitation

Mailing Deadline, (ii) providing a ballot with a claim in the voting amount of $1 (thereby

requiring me to return the ballot if I wanted to preserve my claims against third parties); (iii)

sending the ballot to my counsel instead of emailing it to my account; and, most troubling, (iv)

mailing that ballot two days prior to the Voting Deadline.  The explanation received from the

Debtors was insufficient to address my concerns that the Debtors violated their own rules and

purposefully mailed a ballot to my former counsel two days before the Voting Deadline with the hope that I would not respond and, as a result, a third party release would be extracted from me.

21.     I respectfully request that the United States Trustee and the Official Committee of Unsecured Creditors investigate why: (i) my Ballot was not mailed until August 14, 2024; (ii) whether this practice occurred in other instances (and, if so, how many) and (iii) whether, the Court should require the Debtors to resolicit creditors to give them a minimum amount of time to make a fully informed decision on how to vote on the plan and the voluntary releases.

Pursuant to 28 USC §1746, I declare under penalty of perjury that the foregoing is true and correct except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

Dated: September 12, 2024

/s/ Seth Melamed
Seth Melamed

6

**Exhibit 1**

**(August 14, 2024 Envelope Postmark with Ballot/Opt-Out Form)**

EARL Ballot Processing Center
> Kroll Restructuring Administration LLC
0 Third Avenue, Suite 412
rooklyn, NY 11232



**Exhibit 2**

**(July 11, 2024 Email re Debtors' Objection to Proofs of Claim)**

---------- Forwarded message ----------
From: Gavilan, Mason <Mason.Gavilan@kroll.com>
Date: On Thu, Jul 11, 2024 at 11:40 AM
Subject: Fw: In re FTX Trading Ltd., et al, Case No. 22-11068, United States Bankruptcy Court for the District of Delaware
To: FTX Team <FTXTeam@ra.kroll.com>
Cc:

Please find below links to the following important documents recently filed in the bankruptcy proceedings of FTX Trading Ltd., et al., Case No. 22-11068, United States Bankruptcy Court for the District of Delaware:

- **Debtors' Objection to Proofs of Claim Filed by Seth Melamed. Hearing Scheduled for September 12, 2024 at 1:00 p.m. (prevailing Eastern Time). Objections due by August 12, 2024 at 4:00 p.m. (prevailing Eastern Time)** [Docket No. 20051]

- **Declaration of Steven P. Coverick in Support of Debtors' Objection to Proof of Claim Filed by Seth Melamed** [Docket No. 20052]

For additional information, and to download all documents filed in the Debtors' chapter 11 cases free of charge, please visit https://restructuring.ra.kroll.com/FTX/.

Effective March 29, 2022, Prime Clerk has rebranded as Kroll. All emails sent by us will now have the domain @Kroll.com. Emails sent to the domain @primeclerk.com will continue to be received. Please be assured that your information remains secure and is only being used by us in connection with the purpose for which it is held.

**Exhibit 3**

**(August 3, 2024 Email re Plan Supplement)**

---------- Forwarded message ----------

From: Horman, Brian <Brian.Horman@kroll.com>

Date: On Sat, Aug 3, 2024 at 12:01 PM

Subject: Fw: In re FTX Trading Ltd., et al, Case No. 22-11068, United States Bankruptcy Court for the District of Delaware

To: FTX Team <FTXTeam@ra.kroll.com>

Cc:

Please find below a link to the following important document recently filed in the bankruptcy proceedings of FTX Trading Ltd., et al., Case No. 22-11068, United States Bankruptcy Court for the District of Delaware:

- **Notice of Filing of Plan Supplement, Confirmation Hearing Scheduled for October 7, 2024 at 10:00 a.m. (prevailing Eastern Time), Objections due by August 16, 2024 at 4:00 p.m. (prevailing Eastern Time) (Related Document: 19068)** [Docket No. 22163]

For additional information, and to download all documents filed in the Debtors' chapter 11 cases free of charge, please visit https://restructuring.ra.kroll.com/FTX/ Effective March 29, 2022, Prime Clerk has rebranded as Kroll. All emails sent by us will now have the domain @Kroll.com. Emails sent to the domain @primeclerk.com will continue to be received. Please be assured that your information remains secure and is only being used by us in connection with the purpose for which it is held.

**Exhibit 4**

**(September 11th Email re: Solicitation Issues)**

**From:** Jensen, Christian P. <jensenc@sullcrom.com>
**Sent:** Wednesday, September 11, 2024 2:27 PM
**To:** Adler, David <DAdler@McCarter.com>; Humiston, Shannon <shumiston@mccarter.com>
**Cc:** Dunne, Christopher J. <Dunnec@sullcrom.com>; Simpson, Evan S. <simpsone@sullcrom.com>; Harsch, Bradley A. <Harschb@sullcrom.com>; Wang, Lisa V. <wanglisa@sullcrom.com>; zzext-pierce <pierce@lrclaw.com>
**Subject:** RE: FTX/Melamed -- Supplemental Plan Objection/Declaration of Melamed

**EXTERNAL EMAIL | STOP | VERIFY | REPORT**

Counsel,

We understand that Mr. Melamed received Class 6A and Class 7C ballots care of his counsel at Fox Rothschild, as directed in his filed proofs of claim. We also understand that, despite being timely served by the Solicitation Agent, the mailed ballots may have been delayed in delivery by USPS. Mr. Melamed was additionally served a Class 12 (Preferred Equity) ballot via email.

The Solicitation Agent received Mr. Melamed's completed Class 6A ballot on August 16, although after the voting deadline, indicating a vote of REJECT and opting out of the voluntary release. The Debtor will accept Mr. Melamed's Class 6A ballot and include in the official voting tabulation. I am attaching copies of Mr. Melamed's unreturned Class 7C and 12 ballots. The Debtor will also accept these ballots and include in the voting tabulation if returned to the Solicitation Agent by Friday, September 13, 2024 at the email address ftxballots@ra.kroll.com.

Please let us know if you have any additional questions.

Best,
Christian

Christian P. Jensen
Sullivan & Cromwell LLP
+1 (212) 558-4362

**From:** Adler, David <DAdler@McCarter.com>
**Sent:** Friday, September 6, 2024 11:31 AM
**To:** Harsch, Bradley A. <Harschb@sullcrom.com>; Dunne, Christopher J. <Dunnec@sullcrom.com>; Wang, Lisa V. <wanglisa@sullcrom.com>; zzExt-brown <brown@lrclaw.com>; Simpson, Evan S. <simpsone@sullcrom.com>; zzext-pierce <pierce@lrclaw.com>
**Cc:** Humiston, Shannon <shumiston@mccarter.com>; Adler, David <DAdler@McCarter.com>
**Subject:** [EXTERNAL] FTX/Melamed -- Supplemental Plan Objection/Declaration of Melamed

While I assume that we are discussing issues with respect to Seth's claim today, I wanted to make you aware that we intend to file a supplemental objection to the Plan regarding the solicitation process.  In that regard, I am attaching a declaration by Seth in which he notes that a ballot was never sent to him.  Instead, a paper ballot was mailed to Fox Rothschild, his prior legal counsel, on August 14, 2024 and was received by Fox Rothschild on the date of the voting deadline.

We have not filed this declaration yet because we would like to hear the Debtors' explanation for what went wrong, why Seth never received a ballot and why a ballot was mailed to Fox Rothschild on August 14, 2024.  We would appreciate the courtesy of a reply by close of business on September 10, 2024.  Thank you.



**David Adler | Partner**
McCarter & English, LLP
250 W. 55th Street, 13th Floor | New York, NY 10019

dadler@mccarter.com | www.mccarter.com [mccarter.com] | V-Card [mccarter.com]
T 212.609.6847  M 973.954.7863

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York
Philadelphia | Stamford | Trenton | Washington, DC | Wilmington

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**\*\*This is an external message from:** dadler@mccarter.com **\*\***

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.
This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**Exhibit 5**

**(August 16th 2:39 p.m. Email Confirming Ballot Submission)**

**From:** noreply.efiling@ra.kroll.com
**Date:** August 17, 2024 at 2:39:45 AM GMT+8

**Subject: FTX – Ballot Confirmation Number:  3265-2-OZDDD-110860215**

Hello:

We are in receipt of your FTX ballot submission. Please be advised that the submission has been assigned the below Confirmation Number:

FTX Ballot Confirmation Number: 3265-2-OZDDD-110860215

Please review and ensure that you have been assigned a Confirmation Number for each of your submissions. If you have not yet received a Confirmation Number for one of your submissions, please notify Kroll Restructuring Administration immediately by emailing FTXballots@ra.kroll.com.

Additionally, if you would like to make any changes to your submission, please resubmit your submission using the same Unique ID as the most recent submission will supersede the previous one.

Please note that as the claims, noticing and solicitation agent, Kroll Restructuring Administration receives and processes the information provided. The ultimate determination as to whether the submissions are accepted and valid lies with Debtors' counsel.

Originals are not required for this event.

Please let us know if you have any further questions by emailing
FTXballots@ra.kroll.com.

Sincerely,
Kroll Restructuring Administration

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.