**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING, LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| | (Jointly Administered) |
| Debtors. | |
| | RE: Doc. No. 24427, 24428 |

**RESPONSE OF SETH MELAMED TO DEBTORS' EMERGENCY MOTION
FOR ENTRY OF AN ORDER (I) ADJOURNING CERTAIN
MATTERS SET FOR HEARING ON SEPTEMBER 12, 2024, AND
(II) EXTENDING THE DEADLINE TO FILE A REPLY [D.I. 24427, 24428]**

Seth Melamed ("Melamed"), by and through his undersigned counsel, hereby submits this Response (the "Response") to the *Emergency Motion for Entry of an Order (I) Adjourning Certain Matters Set for Hearing on September 12, 2024, and (II) Extending the Deadline to File a Reply* (the "**Emergency Motion**") [D.I. 24427] and in support thereof states as follows:

**RESPONSE**

1. On June 30, 2023, Melamed filed six (6) proofs of claim (the "**Claims**") in this case as follows:

| Claim Number | Claim Amount | Debtor | Nature of Claim |
|---|---|---|---|
| Claim 3385 | $35,613,112.19 | FTX Trading Ltd. | Sale of Liquid Shares to FTX |
| Claim 3353<br>Claim 3956<br>Claim 4578 | $52,500.00 | Quoine Pte Ltd<br>FTX Japan K.K.<br>FTX Japan Holdings K.K. | Services fee from September and October of 2022 |
| Claim 3244<br>Claim 4470 | $200,000 | FTX Japan Holdings K.K.<br>FTX Japan K.K. | Bonus Payment |

2. On July 10, 2024, the Debtors filed their *Objection to Proofs of Claim Filed by Seth Melamed* [D.I. 20051] along with the *Declaration of Steven P. Coverick* [D.I. 20052] (collectively, the "**Objection**").

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these chapter 11 cases (collectively, the "Debtors"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

3. On August 16, 2024, Melamed filed the *Opposition to Debtors' Objection to Proofs of Claim* [D.I. 23170] (the "**Opposition**"), the *Declaration of Takane Hori* [D.I. 23171) (the "**Hori Declaration**"), and the *Declaration of Seth Melamed in connection with the Opposition to Debtors' Objection to Proofs of Claim* [D.I. 23173] [2] (the "**Melamed Declaration**"; collectively the Opposition, the Hori Declaration and the Melamed Declaration are referred to herein as the "**Claims Opposition**").

4. On August 29, 2024, the Debtors' counsel reached out to Melamed's counsel. Meet and confers took place on September 4, 2024, and September 6, 2024. At the September 4th meet and confer, the Debtors requested that Melamed agree to reschedule the hearing date on the Claim Objection. Counsel for Melamed did not have an issue extending the hearing date; however, counsel for Melamed indicated that the rescheduled hearing date should be no later than the commencement of the confirmation hearing. Counsel for Melamed indicated that a rescheduled hearing date of October 22, 2024 – 15 days after the start of the confirmation hearing – could potentially prejudice Melamed. Nonetheless, counsel for Melamed agreed to extend the deadline of September 5, 2024, to reply to the Claims Objection pending the Debtors' determination of an earlier hearing date.

5. On September 6, 2024, counsel for the Debtors indicated that they would not agree to a hearing date prior to October 22, 2024. As a result, Melamed refused to consent to this extension.

6. The Debtors' assert that "nothing in the Melamed Objection or Melamed's underlying Claims relates to the confirmation of the Debtors' Plan" (Emergency Motion at 18). This argument ignores paragraph 15 in *Melamed's Joinder to the Objection of the Retail Customers and Reservation of Rights* (the "**Melamed's Joinder and Reservation of Rights**") [D.I. 23167]., which states the potential preference to Melamed by not knowing whether any or all of the Claims are subject to subordination:   Specifically paragraph 15 notes:

---

[2] For ease of reference, the Claims Opposition is incorporated herein by reference.

2

### A. Reservation of Rights in the Event Any Amount of Melamed's Claims Are Subordinated

> 15. *In the event any amount of Melamed's claims are subordinated, Melamed reserves his rights with respect to the treatment of general unsecured claims and the proposed payment of interest to them.* The Plan proposes to pay several of the creditors' classes of claims (i.e., Class 5A; Class 5B; 6A; Class 6B; Class 7A; Class 7B; Class 7C) at 100% plus interest which in some instances is the Consensus Rate (i.e., 9%, according to Plan 2.1.38), as in the case of Classes 5A and 5B, and in other instances it is the "lower of the Consensus Rate [9%.], the applicable Contract Rate or such other rate determined by the Court…" Section 4.3.9 of the Plan (Treatment of Class 6A). The Debtors acknowledge in the Disclosure Statement that the Bankruptcy Code "prevents the payment of postpetition interest to customers and other unsecured creditors." DS at p. 97. The Debtors also acknowledge that they are not solvent. <u>Id.</u> The Court, therefore, would need to decide at confirmation whether the payment of interest in this case is appropriate under the Code in connection with the requirements imposed by § 1129, and, assuming it is, the Court would also need to decide the appropriate rate of interest.

Melamed's Joinder and Reservation of Rights, ¶15 (emphasis supplied).

7. On September 9, 2024, the Debtors filed an *Emergency Motion for Entry of an Order (I) Adjourning Certain Matters Set for Hearing on September 12, 2024, and (II) Extending the Deadline to File Reply* (the "**Emergency Motion**") [D.I. 24427]. Along with the Emergency Motion, the Debtors submitted the *Declaration of Christopher J. Dunne in Support of Emergency Motion for Entry of an Order (I) Adjourning Certain Matters Set for Hearing on September 12, 2024, and (II) Extending the Deadline to File a Reply* [D.I. 24428].

8. In the Emergency Motion, the Debtors state that they require additional time to "investigate the factual issues raised in the Claim Opposition and Melamed Opposition to assess the claims concerning Japanese and Singaporean law". More specifically, the Debtors assert the following to demonstrate cause to adjourn the hearing:

- The Melamed Declaration totals 379 pages, including 82 paragraphs of factual assertions by Melamed and 28 exhibits comprising various agreements, side letters, financial statements, emails and other documents. The Melamed Declaration also makes numerous assertions of fact that bear on issues pertinent to the Claims, including about the value of Liquid and Melamed's asserted damages, alleged misrepresentations made to Melamed in connection with the Liquid acquisition, a "side letter" that purportedly required FTX Trading to pay him $8,903,278.05 in cryptocurrency

    consideration in April 2022 rather than in April 2023 and April 2024 as provided for in the SPA, and the basis for Melamed's claimed entitlement to a $200,000 bonus.[3]

- The Hori Declaration is signed by a licensed attorney in Tokyo, Japan, and makes several assertions about Japanese law that bear on the Claims, including about Melamed's claimed entitlement to cryptocurrency that Melamed values at $8,903,278.05 and Melamed's ability to pursue multiple legal theories for the same recovery.[4]

- The Claim Opposition argues that Claim 3385 against Debtor FTX Trading should be subject to arbitration pursuant to the SPA. The arbitration provision is governed by Singaporean law.[5]

*See* Dunne Declaration at ¶¶ 6-8.

    9.    All of the items listed above should have been analyzed by the Debtors *prior* to the filing of the Claims Objection. The Claim Objection does not even reference that the SPA was governed by a broad arbitration clause.[6] As a result, based on controlling Third Circuit law (as discussed at length in pages 9-12 of the Opposition), Melamed's claim should be adjudicated through arbitration in Singapore. *See In re Mintze*, 434 F.3d 222 (3d Cir. 2006).

    10.    As noted above, Melamed is not opposed to an extension, provided that the matter can be heard prior to the start of the confirmation hearing.[7] But the Debtors *refused* to consider adjourning the hearing date on the Melamed Claim Objection to any date prior to October 22, 2024.[8] Pushing this hearing date out beyond confirmation could be prejudicial to Melamed. *See* Doc. No. 24582, ¶ 13 (discussing impact of release on claim). Among other things, before ever being formally provided an opportunity to opt out, the confirmation process

---

[3] The nature and the basis of each of these claims was identified in the seven proofs of claims filed by Melamed.
[4] In the Claim Objection, Mr. Coverick directed the Court to various sections of the Japanese Civil Code and noted that "[t]he Debtors are not aware of any Japanese law that differs from Delaware law in this respect. To the extent that Melamed contends that Japanese law differs, he must bear the burden of proving the substance of Japanese law. *Germaninvestments AG v. Allomet Corp.*, 225 A.3d 316, 333 (Del. 2020)." *See* Coverick Declaration at fn 6.
[5] The argument that the impact of the arbitration provision was not anticipated at the time that this claim was thoroughly evaluated by the Debtors is simply implausible.
[6] The Arbitration Provision in Section 19.2 is exceptionally broad and applies to "any dispute, controversy or claim arising in any way out or in connection with this Agreement." See
[7] An easy solution to this request would have been to reschedule the Claim Objection to be heard at the commencement of the confirmation hearing.
[8] In an effort to try and consensually resolve this scheduling issue, counsel for Melamed agreed to extend the Debtor's September 5th response date to September 9, 2024 while the Debtors were considering whether they would agree to a hearing date prior to October 22, 2024.

could have released Melamed's claims against certain former and current employees of FTX and other third-parties arising from the false information provided to Melamed in connection with the sale of Liquid Group, Inc. To FTX Trading.  *Id*., ¶ 7.

11. Melamed is potentially prejudiced by an extended delay of this matter, which clearly and unequivocally should be arbitrated in Singapore.

## CONCLUSION

For the reasons stated herein, Melamed respectfully requests that the Court deny the Emergency Motion, or alternatively, reschedule the hearing date on the Claims Objection to a date on or before the commencement of the confirmation hearing and provide such other relief as is just and proper.

Dated: September 12, 2024
Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

/s/ *Shannon D. Humiston*
Shannon D. Humiston (No. 5740)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE I 9801
Telephone: (302) 984-6300
Facsimile (302) 984-6399
shumiston@mccarter.com
-      and   -
David Adler, Esq. (admitted *pro hac vice*)
250 West 55th Street, 13th Floor
New York, NY 10019
Telephone: (212) 609-6847
Facsimile: (212) 609-6921
dadler@mccarter.com

*Counsel to Seth Melamed*