**EXHIBIT "B"**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, *et al.*,

    Defendants.

_____/



### FINAL DEFAULT JUDGMENT AGAINST DEFENDANT PAUL VERNON

THIS MATTER came before the Court upon the motion of Plaintiffs BRANDON LEIDEL and MICHAEL WILSON, individually, and on behalf of all others similarly situated members of the Certified Class (the "Plaintiff Class"), for entry of a Final Default Judgment against Defendant PAUL VERNON, an individual ("Defendant Vernon"). After having reviewed the pleadings and sworn declarations submitted on behalf of Plaintiffs, having further noted the entry of default as to Defendant Vernon for failure to answer or otherwise plead to the Summons and Amended Class Action Complaint served upon him by Plaintiffs [Docket Entry No. 51][1], and for good cause shown, the Court hereby ORDERS and ADJUDGES as follows:

    1.    Plaintiffs' Motion for Entry of Final Default Judgment [DE 120] is GRANTED.

    2.    Judgment is hereby entered in favor of Plaintiffs BRANDON LEIDEL and MICHAEL WILSON, individually, and all other similarly situated members of the Plaintiff Class

---

[1] On January 9, 2017, a Second Amended Class Action Complaint was filed to encompass additional defendants, though the allegations against Defendant Vernon did not change from the previous pleading on which he defaulted. [DE 94].

Civil Action No. 9:16-cv-80060-MARRA

certified by the Court on August 25, 2016 [DE 65]; and against Defendant PAUL VERNON, an individual; upon the Second Amended Class Action Complaint herein.

3. Defendant Vernon is liable to the Plaintiff Class in the principal sum of **$8,200,000.00**, for which let execution issue forthwith.

4. Prejudgment interest in the amount of $688,788.76 shall be awarded as interest on that principal sum from November 1, 2015 to the date of entry of this final judgment at the rate fixed by the Florida Department of Financial Services, as set forth by §55.03, Florida Statutes.

5. The judgment shall bear at post-judgment interest rate prescribed by 28 U.S.C. §1961 and shall be enforceable as prescribed by, *inter alia*, Rule 69(a) of the Federal Rules of Civil Procedure.

6. The Court further declares that the 11,325.0961 Bitcoin which were stolen from Cryptsy customers on July 29, 2014 and which, as of the date of this final judgment, and stored in the following cryptocurrency wallets, are property of the Plaintiff Class and subject to and encompassed within this Final Judgment:

| # | Wallet | Amount of Bitcoin Stored in Wallet |
|---|---|---|
| 1 | 18E3AWaadnUPQ1aMpfEoyTXN49NYAZzbpD | 1,000 BTC |
| 2 | 1DSxcqygQ69MxRc8oW94kQjWHzMb4BYsnG | 1,000 BTC |
| 3 | 1LwZYCt8dDhZDMd6uXGMwVsmWPXW9eX9Ww | 1,000 BTC |
| 4 | 13nAJw8jw7BiYKLnad9YGdPxybK9mgPkM6 | 1,000 BTC |
| 5 | 1DqCNwUffFTxULH8crehynw53TwrHnrv1c | 1,000 BTC |
| 6 | 1AWdxqABYiDxcY1sxzPzEotvjFjq8NUY8Z | 1,000 BTC |
| 7 | 18nb1NQCeoZLucMdrNdu2wb7jcyDvSgr3Y | 0.0961 BTC |
| 8 | 13QxkdrhfeQ6aCF4TBWg8knQGBmiwL2rpV | 1,000 BTC |
| 9 | 17nmFFPSANbPGgdtoEEuc6xbHoaP1n6ZBb | 1,000 BTC |
| 10 | 14nzbWNMPjmvwy96uuFVXtj6VgChJtHvU9 | 1,000 BTC |
| 11 | 1315LzDFcBLDBKgVAr4ZhCkcT5GXivpiuj | 1,000 BTC |
| 12 | 1KBy6MvcBb2qQRS5fQT92o2c5Dq2W6ygx4 | 1,325 BTC |
| | TOTAL | 11,325.0961 BTC |

Civil Action No. 9:16-cv-80060-MARRA

7. The Court reserves jurisdiction to enter further orders that are proper to compel Defendant Vernon to complete all procedures in execution of the above-mentioned judgment, unless the Court directs otherwise.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of July 2017.

KENNETH A. MARRA
United States District Judge

Copies furnished to:

David C. Silver, Esq., Scott L. Silver, Esq., and Jason S. Miller, Esq.
  SILVER LAW GROUP, 11780 W. Sample Road, Coral Springs, FL 33065
  *Counsel for Class Plaintiffs*

Marc A. Wites, Esq.
  WITES & KAPETAN, P.A., 4400 N. Federal Highway, Lighthouse Point, FL 33064
  *Counsel for Class Plaintiffs*

Paul Vernon
  P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com
  *Defendant*

Mark A. Levy, Esq.
  BRINKLEY MORGAN, 200 East Las Olas Blvd. - 19th Floor, Fort Lauderdale, FL 33301
  *Counsel for Defendant Lorie Ann Nettles*

Patrick J. Rengstl, Esq.
  PATRICK J. RENGSTL, P.A., 7695 SW 104th Street - Suite 210, Miami, FL 33156
  *Counsel for the Receiver, James D. Sallah, Esq., not individually but solely in his capacity as the Court-appointed Receiver/Corporate Monitor for Project Investors, Inc. d/b/a Cryptsy*

Jose G. Sepulveda, Esq.
  STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.,
  150 W. Flagler Street, Suite 2200, Miami, FL 33130
  *Counsel for Defendants Ridgewood Investments, Inc., and Kaushal Majmudar*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-80060-KAM

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a
CRYPTSY, a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

    Defendants.
_____/



Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By_____ Deputy Clerk
Date 2/29/2024

## ORDER APPROVING ASSIGNMENT AND CLARIFYING FINAL JUDGMENT AGAINST DEFENDANT PAUL VERNON

THIS MATTER came before the Court upon the motion of Plaintiffs Brandon Leidel and Michael Wilson, individually, and on behalf of all other similarly situated members of the Certified Class (the "Plaintiff Class"), for approval of an Assignment of the Final Judgment against Defendant Paul Vernon (DE 123) (the "Judgment") and clarification of the Judgment. Having reviewed the pleadings and being otherwise fully advised in the premises, the Court hereby ORDERS AND ADJUDGES as follows:

1.     The motion of Plaintiff Class for approval for the assignment of the Judgment and for clarification of the Judgment (DE 139) is hereby GRANTED.

2.     Consistent with the Assignment, North Field Tech shall have the right to enforce the Judgment.

3. The terms of the Judgment rendered July 27, 2017 (the "Judgment") remain unchanged, but are clarified as follows:

 a. The Judgment declared that 11,325.0961 Bitcoin which were stolen from Cryptsy customers on July 29, 2014 and, as of the date of the Judgment, were stored in the cryptocurrency or digital wallets identified in the table below. The 11,325.0961 Bitcoin is the property of the Plaintiff Class as provided in the Judgment:

| # | Wallet | Amount of Bitcoin Stored in Wallet |
|---|---|---|
| 1 | 18E3AWaadnUPQ1aMpfEoyTXN49NYAZzbpD | 1,000 BTC |
| 2 | 1DSxcqygQ69MxRc8oW94kQjWHzMb4BYsnG | 1,000 BTC |
| 3 | 1LwZYCt8dDhZDMd6uXGMwVsmWPXW9eX9Ww | 1,000 BTC |
| 4 | 13nAJw8jw7BiYKLnad9YGdPxybK9mgPkM6 | 1,000 BTC |
| 5 | 1DqCNwUffFTxULH8crehynw53TwrHnrv1c | 1,000 BTC |
| 6 | 1AWdxqABYiDxcY1sxzPzEotvjFjq8NUY8Z | 1,000 BTC |
| 7 | 18nb1NQCeoZLucMdrNdu2wb7jcyDvSgr3Y | 1,000 BTC |
| 8 | 13QxkdrhfeQ6aCF4TBWg8knQGBmiwL2rpV | 0.0961 BTC |
| 9 | 17nmFFPSANbPGgdtoEEuc6xbHoaP1n6ZBb | 1,000 BTC |
| 10 | 14nzbWNMPjmvwy96uuFVXtj6VgChJtHvU9 | 1,000 BTC |
| 11 | 1315LzDFcBLDBKgVAr4ZhCkcT5GXivpiuj | 1,000 BTC |
| 12 | 1KBy6MvcBb2qQRS5fQT92o2c5Dq2W6ygx4 | 1,325 BTC |
|  | TOTAL | 11,325.0961 BTC |

 b. Since the entry of the Judgment, the Bitcoin blockchain forked numerous times, and with each such fork, each of the wallet addresses identified in the table above were awarded forked assets. These forked assets include amounts of Bitcoin Cash (BCH), Bitcoin Gold (BTG), Bitcoin Diamond (BCD), Super Bitcoin (SBTC), Bitcoin2 (BTC2), Bitcoin Private (BCTP), Bitcoin Dark

LEGAL\47980368\1

(BTCD), and Bitcoin SV (BSV) equivalent to the amount of BTC in each of the wallets in the table above. The forked assets also include an amount of Bitcore (BTX) equal to one-half the amount of amount of BTC identified as being in each of the wallets listed in the table above.

    c.  Plaintiff Class are entitled to recover all of the BTC identified in the table above from the corresponding wallets identified above, and an equivalent amount of BCH, BTG, BCD, SBTC, BCT2, BCTP, BTCD, and BSV associated with each of the wallets. Plaintiff Class are also entitled to recover an amount of BTX equal to one half of the amount of BTC associated with each of the wallet addresses above.

    4.  The Court reserves jurisdiction to enter further orders that are proper to compel Defendant Vernon to complete all procedures in execution of the Judgment, and to otherwise facilitate the efforts of or taken on behalf of Plaintiff Class to recover the BTC and forked assets identified above.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida this 18th day of September, 2020.

*[signature]*

KENNETH A. MARRA
United States District Judge

LEGAL\47980368\1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 9:16-cv-80060-MARRA**

BRANDON LEIDEL,
individually and on behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, *et al.*,

    Defendants.

_____/

*Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 2/29/2024*

## AMENDED FINAL DEFAULT JUDGMENT AGAINST DEFENDANT PAUL VERNON

THIS MATTER came before the Court upon the motion of Plaintiff BRANDON LEIDEL, individually, and on behalf of all other similarly situated members of the Certified Class (the "Plaintiff Class"), for entry of an Amended Final Default Judgment against Defendant PAUL VERNON ("Amended Final Default Judgment"), an individual ("Defendant Vernon") [DE 156]. After having reviewed the pleadings and sworn declarations submitted on behalf of the Plaintiff Class, the entry of default as to Defendant Vernon for failure to answer or otherwise plead to the Summons and Amended Class Action Complaint served upon him by the Plaintiff Class [ECF No. 51], this Court's July 27, 2017 Final Default Judgment against Defendant Vernon ("Final Default Judgment"), as thereafter amended and clarified, and for good cause shown, the Court hereby DECLARES, ORDERS and ADJUDGES as follows:

    1.    Plaintiffs' Motion To Amend Final Default Judgment Against Defendant Paul Vernon To Include Newly Discovered Assets And To Approve Second Amendment to Assignment Agreement [ECF No. 156] is GRANTED.

Case 22-11068-JTD    Doc 25107-2    Filed 09/18/24    Page 9 of 16
Case 9:16-cv-80060-KAM    Document 157    Entered on FLSD Docket 05/24/2021    Page 2 of 7

Civil Action No. 9:16-cv-80060-MARRA

2. Consistent with the Order Approving Assignment and Clarifying Final Judgment Against Defendant Paul Vernon [ECF No. 142] and the Order Approving Amended Assignment of Final Judgment Against Defendant Paul Vernon [ECF No. 147], North Field Technology, Inc. shall have the right to enforce the Amended Final Default Judgment.

3. This Amended Final Default Judgment is hereby entered in favor of Plaintiffs BRANDON LEIDEL and MICHAEL WILSON, individually, and all other similarly situated members of the Plaintiff Class certified by the Court on August 25, 2016 [ECF No. 65]; and against Defendant PAUL VERNON, an individual; upon the Second Amended Class Action Complaint herein.

4. The terms of the Final Default Judgment remain in effect as follows:

(a) Defendant Vernon is liable to the Plaintiff Class in the principal sum of $8,200,000.00, for which let execution issue forthwith.

(b) Prejudgment interest in the amount of $688,788.76 shall be awarded as interest on that principal sum from November 1, 2015 to July 27, 2017, which is the date of entry of this Court's initial Final Judgment at the rate fixed by the Florida Department of Financial Services, as set forth by § 55.03, Florida Statutes.

(c) The judgment shall bear interest at the post-judgment interest rate prescribed by 28 U.S.C. §1961 and shall be enforceable as prescribed by, *inter alia*, Rule 69(a) of the Federal Rules of Civil Procedure.

(d) The Court further declares that the 11,325.0961 Bitcoin which were stolen from Cryptsy customers on July 29, 2014 and which, as of the date of the initial Final Judgment, were stored in the cryptocurrency or digital wallet

addresses identified in Table 1 below, are property of the Plaintiff Class and subject to and encompassed within this Amended Final Default Judgment:

Table 1

| # | Wallet | Amount of Bitcoin Stored in Wallet |
|---|---|---|
| 1 | 18E3AWaadnUPQ1aMpfEoyTXN49NYAZzbpD | 1,000 BTC |
| 2 | 1DSxcqygQ69MxRc8oW94kQjWHzMb4BYsnG | 1,000 BTC |
| 3 | 1LwZYCt8dDhZDMd6uXGMwVsmWPXW9eX9Ww | 1,000 BTC |
| 4 | 13nAJw8jw7BiYKLnad9YGdPxybK9mgPkM6 | 1,000 BTC |
| 5 | 1DqCNwUffFTxULH8crehynw53TwrHnrv1c | 1,000 BTC |
| 6 | 1AWdxqABYiDxcY1sxzPzEotvjFjq8NUY8Z | 1,000 BTC |
| 7 | 18nb1NQCeoZLucMdrNdu2wb7jcyDvSgr3Y | 0.0961 BTC |
| 8 | 13QxkdrhfeQ6aCF4TBWg8knQGBmiwL2rpV | 1,000 BTC |
| 9 | 17nmFFPSANbPGgdtoEEuc6xbHoaP1n6ZBb | 1,000 BTC |
| 10 | 14nzbWNMPjmvwy96uuFVXtj6VgChJtHvU9 | 1,000 BTC |
| 11 | 1315LzDFcBLDBKgVAr4ZhCkcT5GXivpiuj | 1,000 BTC |
| 12 | 1KBy6MvcBb2qQRS5fQT92o2c5Dq2W6ygx4 | 1,325 BTC |
|  | TOTAL | 11,325.0961 BTC |

(e) After entry of the Final Judgment, the Bitcoin blockchain forked numerous times, and with each such fork, each of the wallet addresses identified in the table above were awarded forked assets. These forked assets include amounts of Bitcoin Cash (BCH), Bitcoin Gold (BTG), Bitcoin Diamond (BCD), Super Bitcoin (SBTC), Bitcoin2 (BTC2), Bitcoin Private (BCTP), Bitcoin Dark(BTCD), and Bitcoin SV (BSV) equivalent to the amount of BTC in each of the wallets in the table above. The forked assets also include an amount of

Case 22-11068-JTD    Doc 25107-2    Filed 09/18/24    Page 11 of 16
Case 9:16-cv-80060-KAM    Document 157    Entered on FLSD Docket 05/24/2021    Page 4 of 7

Civil Action No. 9:16-cv-80060-MARRA

Bitcore (BTX) equal to one-half the amount of BTC identified as being in each of the wallets listed in the table above.

(f) The Plaintiff Class is entitled to recover all of the BTC identified in the table above from the corresponding wallet addresses identified above in Table 1, and an equivalent amount of BCH, BTG, BCD, SBTC, BCT2, BCTP, BTCD, and BSV associated with each of the wallet addresses. The Plaintiff Class is also entitled to recover an amount of BTX equal to one half of the amount of BTC associated with each of the wallet addresses above (all of the foregoing, "Forked Assets").

5. This Amended Final Default Judgment also adds and includes as property of the Plaintiff Class an additional **500.052319** Bitcoin that were stolen from Cryptsy customers on July 29, 2014 and recently discovered by the Plaintiff Class ("Newly Discovered Assets"). These Newly Discovered Assets, at the time they were stolen from the Plaintiff Class, were located in ten (10) additional cryptocurrency, digital, or hardware wallet addresses identified in Table 2 below ("Newly-Discovered Wallet Addresses"). Some of the Newly Discovered Assets have since been moved to secondary digital wallet addresses as of the date of this Amended Final Default Judgment ("Secondary Wallet Addresses"). A non-exhaustive list of Secondary Digital Wallet Addresses known to hold Newly Discovered Assets subject to this Amended Final Default Judgment is contained in Table 3, below. The full list of currently known Secondary Digital Wallet Addresses through which the Newly Discovered Assets have been transferred is contained in Appendices 2 and 3 of Receiver's Emergency Motion For Temporary Restraining Order Without Notice Against Defendant Paul Vernon [ECF No. 153-1], which are hereby incorporated into this Amended Final Default Judgment. This Amended Final Default Judgment

Case 22-11068-JTD    Doc 25107-2    Filed 09/18/24    Page 12 of 16
Case 9:16-cv-80060-KAM    Document 157    Entered on FLSD Docket 05/24/2021    Page 5 of 7

Civil Action No. 9:16-cv-80060-MARRA

also adds and includes all forked assets to which the Plaintiff Class, as proper owners of the 500.052319 Bitcoin, is entitled ("Newly Discovered Forked Assets"):

Table 2

| # | Newly-Discovered Wallet Address | Date and Time of Transfer (UTC) | Transfer Amount (in BTC) |
|---|---|---|---|
| 1 | 1BjRLELf3xX5Tz8c43H36nkmNwqnPuuVAv | 2014-07-29 08:54 | 0.010265 |
| 2 | 12KBnNKkEdjcojNZ7ceBhDBJWhMZbtttgr | 2014-07-29 08:54 | 100 |
| 3 | 17QwFUD9awdi4JcncVrkxfDDBvEos8HU8H | 2014-07-29 08:54 | 100 |
| 4 | 19TbZFeHjTx76yKnwGTqehTh1VLHLxx9km | 2014-07-29 08:54 | 0.010659 |
| 5 | 159m8sYcDJwPfJaVpLeKJitkQTiPKevnY4 | 2014-07-29 08:54 | 100 |
| 6 | 1JhoQ1Zs2EqjXh1GzjwtQethAbNG6bNGTW | 2014-07-29 08:54 | 0.010021 |
| 7 | 1AA8YJ2DeYr99BS1PrsFKWC1p9hXT28dup | 2014-07-29 08:54 | 100 |
| 8 | 1ABpMg9prfa6dtZqTqpcmN5cAsjj1Cx77V | 2014-07-29 08:54 | 0.010393 |
| 9 | 15yRZyEyzwyNhCFBfqWBJDXsuJn9WJVhnJ | 2014-07-29 08:54 | 100 |
| 10 | 19mkygdiY9Ay7dL2LLmASZzi2bXEp9NwLj | 2014-07-29 08:54 | 0.010981 |
| | | TOTAL | 500.052319 |

Case 22-11068-JTD    Doc 25107-2    Filed 09/18/24    Page 13 of 16
Case 9:16-cv-80060-KAM   Document 157   Entered on FLSD Docket 05/24/2021   Page 6 of 7

Civil Action No. 9:16-cv-80060-MARRA

Table 3

| # | Secondary Wallet Address Containing Newly Discovered Assets | Newly-Discovered Wallet Address From Which Assets Originated | Date and Time of Transfer to Secondary Wallet Address (UTC) | Transfer Amount (in BTC) | Amount Traceable To Newly-Discovered Wallet Address |
|---|---|---|---|---|---|
| 1 | 18tTX9XCrxQL1wsssHE5Qppoh9VNyEJFB8 | 12KBnNKkEdjcojNZ7ceBhDBJWhMZbtttgr | 2021-05-02 17:46 | 4.096 | 4.096 |
| 2 | 1NpQ5uz2MC4cmLSDbmV58YiAarZUUJesG | 12KBnNKkEdjcojNZ7ceBhDBJWhMZbtttgr | 2021-05-02 17:46 | 4.096 | 4.096 |
| 3 | 1KxZc4L6sfWqnQPrPMZbsbhgQX1oqMhqnE | 12KBnNKkEdjcojNZ7ceBhDBJWhMZbtttgr | 2021-05-02 17:46 | 4.096 | 4.096 |
| 4 | 36eg2udC9bKb5JyvZktxJ6MnfS3xHadFai | 17QwFUD9awdi4JcncVrkxfDDBvEos8HU8H | 2020-05-14 09:51 | 18.925531 | 18.925531 |
| 5 | 3NmP957MF3da9u5wtLYK591JKNeZpJwmxU | 17QwFUD9awdi4JcncVrkxfDDBvEos8HU8H | 2020-05-14 10:41 | 11 | 11 |
| 6 | 35VheJJNovHsTbJy2iScfqGxqtLR3Sdk3f | 17QwFUD9awdi4JcncVrkxfDDBvEos8HU8H | 2020-05-18 06:49 | 16.325525 | 16.325525 |
| 7 | 36Ma8dY44xtM8sFKqpvKfb4A8TeXFFvchv | 15yRZyEyzwyNhCFBfqWBJDXsuJn9WJVhnJ | 2020-04-05 14:15 | 14 | 14 |
| 8 | 3EspfvBwtx2Wcg6y2pNX2T8rB599zURoop | 15yRZyEyzwyNhCFBfqWBJDXsuJn9WJVhnJ | 2020-04-05 14:15 | 12 | 12 |
| 9 | 3JpXuV2vAY35wyzvUoNCYHGS8TBJoSh5Ws | 15yRZyEyzwyNhCFBfqWBJDXsuJn9WJVhnJ | 2020-04-05 14:15 | 11 | 11 |
| 10 | 3PEHvQysjnnPLct9M3hUcwauWzTBhioyzN | 15yRZyEyzwyNhCFBfqWBJDXsuJn9WJVhnJ | 2020-04-05 14:24 | 8.99987577 | 8.99987577 |

Civil Action No. 9:16-cv-80060-MARRA

6. This Amended Final Default Judgment includes all **11,825.1484** Bitcoin, the Forked Assets, and the Newly Discovered Forked Assets, in the wallet addresses identified above, as well as in any secondary wallet addresses to which the Newly Discovered Assets and/or the Newly Discovered Forked Assets have been or are in the future transferred.

7. The Court reserves jurisdiction to enter further orders that are proper to compel Defendant Vernon to complete all procedures in execution of this Amended Final Default Judgment, unless the Court directs otherwise.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of May, 2021.

KENNETH A. MARRA
United States District Judge

Copies furnished to:
All Counsel of Record

Paul Vernon
  P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com
  *Defendant*

- 7 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, individually,
and on behalf of All others Similarly Situated,

CASE NO. 9:16-cv-80060-KAM

Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a
CRYPTSY, a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

Defendants.
_____/



## ORDER APPROVING SECOND AMENDMENT TO ASSIGNMENT AGREEMENT OF AMENDED FINAL DEFAULT JUDGMENT AGAINST DEFENDANT PAUL VERNON

THIS MATTER came before the Court upon the unopposed motion of Plaintiff Brandon Leidel, individually and on behalf of all other similarly situated members of the Certified Class (the "Plaintiff Class"), and North Field Technology Ltd. ("North Field") for approval of the Second Amendment to Assignment Agreement [ECF No. 139-1]. The purpose of this assignment is to add to the Assignment Agreement previously approved by Order of this Court [ECF No. 142] the additional 500.052319 Bitcoin and all associated forked assets encompassed in the Amended Final Default Judgment Against Defendant Paul Vernon, which this Court entered on May 24, 2021 [ECF No. 157] (the "Amended Final Judgment"). Having reviewed the unopposed motion and supporting papers and being otherwise fully advised in the premises, the Court hereby ORDERS AND ADJUDGES as follows:

1. The motion of Plaintiff Class and North Field is GRANTED, and the terms of the Assignment Agreement [ECF No. 139-1] are amended in accordance with the Second Amendment to Assignment Agreement and, as amended, are hereby APPROVED.

2. The Court reserves jurisdiction to enter further orders that are proper to compel Defendant Vernon to complete all procedures in execution of the Judgment, and to otherwise facilitate the efforts of or taken on behalf of Plaintiff Class to recover the assets subject to the Judgment.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida this 3rd day of June, 2021.

                                                  KENNETH A. MARRA
                                                  United States District Judge

Copies furnished to:
Counsel of Record