**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 22, 2024 at 1:00 (ET)** |
| | **Objection Deadline: October 3, 2024 at 4:00 (ET)** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING**
**THE DEBTORS TO ENTER INTO STIPULATION WITH THE STATE**
**GOVERNMENTAL CLAIMANTS, (B) APPROVING THE STIPULATION**
**AND (C) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of

title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and rule

9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the

Debtors to enter into the stipulation, attached as Exhibit 1 to the Order (the "Stipulation"),

between the Debtors and (i) the State of Texas, Consumer Protection Division, (ii) the Texas

State Securities Board, (iii) the Texas Department of Banking, (iv) the New Jersey Bureau of

Securities, (v) the Tennessee Department of Commerce and Insurance, (vi) the Mississippi

Secretary of State's Office – Securities Division, and (vii) the Wisconsin Department of

Financial Institutions (collectively, the "State Governmental Claimants" and, together with the

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd
is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Debtors, the "Parties"), approving the terms of the Stipulation and granting related relief.  In support of the Motion, the Debtors respectfully state as follows:

## Preliminary Statement

1.      The Debtors and the State Governmental Claimants constructively negotiated the Stipulation, which ensures that the Debtors will not need to unnecessarily reserve for or litigate claims filed by the State Governmental Claimants, and provides for full and final satisfaction of the State Governmental Claims[2] without distribution as long as certain conditions are met.  This will maximize the distributable value available to non-governmental creditors, and therefore approval of the Stipulation is in the best interests of the Debtors, their estates, and their stakeholders.

2.      The Stipulation is fair, reasonable, in the best interests of the Debtors' estates, creditors and stakeholders, and should be approved.  Approval of the Stipulation will provide the Debtors' estates significant value and also avoid the expense and burden of litigation.  The Stipulation satisfies Bankruptcy Rule 9019 and should be approved.

## Background

3.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22,

---

[2]    The "State Governmental Claims" consist of Claim Nos.: 72745, 72749, 72750, 72751, 72753, 72754, 72756, 72757, 72788, 72789, 72790, 79908, 79914, 83425, 85251, 85254, 85268, 85269, 85270, 85271, 85286, 87131, 87132, 89992, and 95242.  For the avoidance of doubt, tax claims are not included in the State Governmental Claims and are not subject to the Stipulation.

[3]    November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District

of Delaware, appointed the Official Committee of Unsecured Creditors in the Debtors' Chapter

11 Cases, pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Official

Committee").

4.      Additional factual background relating to the Debtors' businesses and the

commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in*

*Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W.*

*Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the

*Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the

*Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

5.      On May 19, 2023, the Court entered the *Order (I)(A) Establishing*

*Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest, and*

*(B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [D.I.

1519], which established, among other things, September 30, 2023 as the date by which

governmental units must file their proofs of claim (the "Governmental Bar Date"). On or before

the Governmental Bar Date, the State Governmental Claimants filed the State Governmental

Claims, which collectively assert approximately $1.8 billion against the Debtors as general

unsecured claims.

6.      The Debtors believe they have defenses to the State Governmental Claims,

which would be objected to and litigated in the absence of the Stipulation.

7.      On June 26, 2024, the Court entered the *Order (I) Approving the*

*Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the*

*Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V)*

*Establishing Notice and Objection Procedures of the Confirmation of the Plan* [D.I. 19068],

which established August 16, 2024 as the deadline to object to confirmation of the Plan (the "Confirmation Objection Deadline"). The Confirmation Objection Deadline was extended to September 11, 2024 for the State Governmental Claimants.

8.      On August 2, 2024, the Debtors filed the *First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 22165] (as may be amended, supplemented or modified from time to time, the "Plan").[4]

9.      Following good-faith, arm's-length negotiations, on September 11, 2024, the Debtors and the State Governmental Claimants entered into the Stipulation to address the classification and treatment of the State Governmental Claims pursuant to the Debtors' Plan. The Stipulation provides, among other things:

      i.      the State Governmental Claims shall be classified as General Unsecured Claims in Class 6A of the Plan but shall not be liquidated or become Allowed Claims unless and until it becomes necessary in accordance with section (iv) below;

      ii.     the State Governmental Claimants consent and agree that no cash or other reserve shall be required for any potential distribution on account of any of the State Governmental Claims, and they will not object or otherwise respond to any distribution to be made on other Claims or any reserve that is established or sought to be established by the Debtors with respect to any other Claim;

      iii.    the State Governmental Claimants shall not receive any distribution under the Plan on account of any of the State Governmental Claims and such claims shall be deemed fully and finally satisfied when the Allowed Claims of all non-governmental creditors in Class 6A and more senior classes in the General Pool Waterfall, as described in Section 4.2.3 of the Plan, are paid their Allowed Claim amount plus any interest provided for in full and in accordance with the Plan; and

      iv.    in the event that the condition in the proviso to section (iii) above is not satisfied, then the State Governmental Claimants reserve the right to notify the Debtors that they seek to liquidate one or more

---

[4]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

of the State Governmental Claims and the Debtors and the State Governmental Claimants will confer regarding a litigation schedule for doing so, and any State Governmental Claims that become Allowed Claims thereafter would be treated as Class 6A Claims under the Plan.

### Jurisdiction

10.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.  Pursuant to Local Rule 9013-1(f) of the Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

11.    By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to enter into the Stipulation, (b) approving the Stipulation, and (c) granting certain related relief.

### Basis for Relief

**I.    The Stipulation Satisfies Bankruptcy Rule 9019 Because it is Fair, Reasonable and in the Debtors' Best Interests.**

12.    Resolution of the classification and treatment of the State Governmental Claims through the Stipulation is in the best interests of the Debtors and their estates.  The Stipulation allows the Debtors to proceed with confirmation of the Plan without any objections

from the State Governmental Claimants and without the need to administer or reserve for the

nearly $1.8 billion of asserted governmental claims.

13. Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by

the trustee and after notice and a hearing, the court may approve a compromise or settlement."

Fed. R. Bankr. P. 9019(a). Compromises and settlements are "a normal part of the process of

reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v.

*Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case v. L.A. Lumber Prods.

Co.*, 308 U.S. 106, 130 (1939)). The compromise or settlement of litigation, especially in the

bankruptcy context, is encouraged and "generally favored in bankruptcy" as such settlements

"minimize litigation and expedite the administration of the estate." *In re World Health Alts.,

Inc.*, 344 B.R. 291, 295-96 (Bankr. D. Del. 2006).

14. "[T]he decision whether to approve a compromise under [Bankruptcy]

Rule 9019 is committed to the sound discretion of the Court, which must determine if the

compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R.

798, 801 (D. Del. 1997). Courts should not, however, substitute their judgment for that of the

debtor, but instead should canvass the issues to see whether the compromise falls below the

lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R.

798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also

In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the

settlement is the best possible compromise. Rather, the court must conclude that the settlement

is 'within the reasonable range of litigation possibilities.'") (internal citations omitted). Taken

together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to

approve a proposed compromise and settlement when it is in the best interests of the debtor's

estate and its creditors.  *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

15.     The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Grp., Inc.*, 222 B.R. at 243 (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).  The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities."  *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (citations omitted).

16.     Additionally, section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

17.     The terms of the Stipulation provide significant benefits to the Debtors' estates because, among other things, (i) the State Governmental Claims are deemed fully and finally satisfied unless holders of non-governmental Allowed Claims in Class 6A and classes senior to Class 6A are not paid their Allowed Claim amount plus any interest provided for in full and according to the Plan as currently projected; (ii) the State Governmental Claims do not need to be administered and liquidated unless and until it becomes necessary in accordance with the

terms of the Stipulation; and (iii) the Debtors do not need to establish any reserves in connection with the State Governmental Claims under any circumstances.  In addition, the terms of the Stipulation will conserve resources by avoiding the time and expense of litigating the classification and treatment of the State Governmental Claims, while preserving the Debtors' substantive rights with respect to those Claims.  Accordingly, the compromises set forth in the Stipulation are fair and equitable, and fall well within the range of reasonableness and satisfy each applicable *Martin* factor.

a.      **The Probability of Success in Litigation and Subsequent Collection**

18.      Without the Stipulation, the Debtors may be required to expend time and resources to litigate the classification and treatment of, and to administer and adjudicate, the State Governmental Claims.  Additionally, the Debtors would likely need to establish certain reserves on account of the State Governmental Claims, and the appropriate amount of reserves necessary may also be subject to litigation.  The Stipulation avoids the need for such unnecessary litigation.

19.      Given the attendant risks and costs, and the favorable terms of the Stipulation, the Debtors submit that the proposed Stipulation is in the best interests of the Debtors' estates.

b.      **The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay Are Unwarranted**

20.      The State Governmental Claimants consist of various agencies of several sovereign states.  In addition, each State Governmental Claim alleges various legal bases for such Claims.  Litigation pertaining to the State Governmental Claims may require separate litigation against each state, and would, in any case, be expensive and time-consuming, particularly when compared to the benefits achieved through the Stipulation.

c.     **The Paramount Interests of Creditors are Served.**

21.     The Stipulation is in the best interests of the Debtors' creditors because it promptly memorializes an agreement resulting in the resolution of classification and treatment of the State Governmental Claims without time consuming, burdensome and costly litigation.  The agreements contained in the Stipulation also ensure that the Debtors' are able to maximize distributable value to non-governmental creditors because, subject to conditions expected to be satisfied, ensure that non distributions will ever need to be made on account of the State Governmental Claims.

22.     Therefore, the value of entering into the Stipulation exceeds the net benefits that the Debtors and their estates potentially could obtain in objecting to, and potentially litigating, the classification and treatment of the State Governmental Claims.  Based on the foregoing, the Debtors submit that the Stipulation satisfies the *Martin* factors and Bankruptcy Rule 9019 because it is fair, reasonable, and in the best interests of the Debtors, their estates, and their stakeholders.  As a result, the Debtors respectfully request that the Court authorize the Debtors to enter into the Stipulation and approve its terms.

### Waiver of Bankruptcy Rule 6004(h)

23.     Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons described above, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay to the extent such stay applies.

## **Reservation of Rights**

24.     Nothing in this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party except as otherwise set forth herein or in the Stipulation.

## **Notice**

25.     Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel to each of the State Governmental Claimants; (h) counsel for the Joint Official Liquidators of FTX Digital Markets Ltd.; (i) the United States Attorney for the Southern District of New York; (j) the State Governmental Claimants; and to the extent not listed herein, (k) those parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: September 19, 2024
        Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
        mcguire@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*