# **Exhibit D**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF FTX TRADING LTD.
AND ITS AFFILIATED DEBTORS AND DEBTORS-IN-POSSESSION**

**TO:** FTX Trading Ltd. and its affiliated debtors and debtors in-possession

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rules of Civil Procedure 26 and 30, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026, 7030, and 9014, LayerZero Labs Ltd., Ari Litan, and Skip & Goose LLC will take the deposition upon oral examination of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession through individuals designated to testify regarding the topics of examination set forth in the attached Schedule A hereto.

**PLEASE TAKE FURTHER NOTICE THAT** the deposition will take place on September 25, 2024, starting at 9:00 a.m. local time at the offices of Proskauer Rose LLP, located at Eleven Times Square, New York, NY 10036, or at such other date, time, or location as the parties may agree or as may be ordered by the Court. Testimony will be recorded by video recording, audio recording, instant visual display of testimony, and by stenographic means before

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

11731241v.1

an officer duly authorized by law to take testimony and administer oaths, and will continue from day to day except Sundays and holidays until completed.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Federal Rule of Civil Procedure 30(b)(6) and Federal Rule of Bankruptcy Procedure 7030(b)(6), FTX Trading Ltd. is not a natural person and is required to designate and produce one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters set forth in Schedule A. The Person(s) so designated shall be required to testify as to each of those matters known or reasonably available to FTX Trading Ltd. and its affiliated debtors and debtors in-possession.

FTX Trading Ltd. and its affiliated debtors and debtors in-possession is requested to identify in writing to LayerZero Labs Ltd., Ari Litan, and Skip & Goose LLC, on or before September 23, 2024, each witness who will testify on its behalf and the subject-matters on which each witness will testify.

You are invited to attend and cross-examine.

| | |
|---|---|
| Dated: September 10, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Sameen Rizvi*<br>M. Blake Cleary (No. 3614)<br>R. Stephen McNeill (No. 5210)<br>Sameen Rizvi (No. 6902)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: bcleary@potteranderson.com<br>          rmcneill@potteranderson.com<br>          srizvi@potteranderson.com<br><br>-and- |

Brian S. Rosen, Esq.
Dylan J. Marker, Esq.
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036-8299
Telephone: (212) 969-3000
Email: brosen@proskauer.com
  dmarker@proskauer.com

-and-

Jordan E. Sazant (DE Bar No. 6515)
**PROSKAUER ROSE LLP**
70 West Madison, Suite 3800
Chicago, Illinois 60602-4342
Telephone: (312) 962-3550
Email: jsazant@proskauer.com

-and-

William D. Dalsen, Esq.
Genesis G. Sanchez Tavarez, Esq.
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110-2600
Telephone:  (617) 526-9600
Facsimile:  (617) 526-9899
Email:  wdalsen@proskauer.com
  gsancheztavarez@proskauer.com

*Counsel to LayerZero Labs Ltd., Ari Litan, and Skip & Goose LLC*

3

Schedule A

**DEFINITIONS**

1. The term "you" refers to the "Debtors," which, in turn, refers to FTX Trading Ltd., Maclaurin Investments Ltd., f/k/a Alameda Ventures Ltd., and/or West Realm Shires Services, Inc., and, where applicable, the officers, directors, employees, partners, representatives, advisors, professionals, corporate parent, subsidiaries or affiliates of the above entities. It also includes (if any) predecessors, parent or subsidiary entities, branches, departments, divisions, affiliates of those entities, or any officer, director or shareholder having knowledge of the matters in controversy in the present proceeding.

2. The term "Customer Preference Settlement" means the Waiver of Customer Preference Actions set forth in Section 5.5 of the Plan.

3. The term "Plan" means the *First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* filed at Docket No. 22165.

4. The term "Global Settlement" has the meaning set forth in the Plan.

5. The term "document" includes writings of any type, all other data compilations from which information can be obtained, all Communications (as that term is defined in the following Definition), and any other means of preserving thoughts or expression, however produced or reproduced, including but not limited to e-mails, SMS messages, or peer-to-peer application messages authored from electronic or digital media, films, videotapes, and other recordings of events. Requested documents means originals in each instance (or copies thereof if originals are unavailable), regardless of origin or location, which are in the possession, custody, or control of Debtors, or in the possession, custody, or control of Debtors' agents, representatives, employers, employees (including contracted employees of FTX Trading Limited, Alameda Ventures Ltd. or West Realm Shires Services, Inc.), or counsel, and any copies or reproductions that differ in any

respect from the original, such as copies containing marginal notations or other variations. Requested documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents. The enumeration of various specific items as included within the definition of the word "document" may not be taken to limit the generality of this word, and the Requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of the word.

6. "Communication" means any transmittal or receipt of information in the form of facts, ideas, inquiries, or otherwise, and includes correspondence, telexes, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, mobile application messages, SMS messages, iMessages, Telegram messages, WhatsApp messages, Signal messages, discs, telephone tape recordings, recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications. A communication is responsive for purposes of these Requests regardless of the sender and recipients of the Communication, and responsive Communications include Communications between (a) only the Debtors' employees (including contracted employees), officers, and directors, (b) the Debtors' employees (including contracted employees), officers, and directors, and third-parties, (c) only third-parties, or (d) any other combination of personnel.

7. The term "concerning" means reflecting, referring to, or relating to, in addition to its other customary and usual meaning, and includes, but is not limited to, discussing, constituting, pertaining to, describing, evidencing, identifying, touching upon, reflecting, and/or summarizing. When a Request asks you to produce documents "concerning" an issue, you must produce not only documents that support such issue but also documents that potentially negate such issue.

11731241v.1

8. The term "describe" shall mean to identify the type of document, its date, its author, its recipients, and to provide a summary of the substance thereof.

9. As used herein, the terms "all," "any," or "each" shall each be construed as encompassing any and all.

10. As used herein, the words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. The use of the singular herein shall be construed to include the plural and vice versa.

12. All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Requests.

13. "Including" shall mean including but not limited to.

## DEPOSITION TOPICS

1. The Customer Preference Settlement.

2. Projected recoveries under the Plan.

3. The Global Settlement.

11731241v.1