## EXHIBIT B

**Esposito Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF ROB ESPOSITO IN SUPPORT OF**
**DEBTORS' NINETY-FOURTH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO**
**CERTAIN SUPERSEDED CLAIMS (CUSTOMER CLAIMS)**

I, Rob Esposito, hereby declare under penalty of perjury:

1.      I am a Senior Director at Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operation restructuring.

2.      I have more than 15 years of restructuring experience across various industries, including broadcasting, oil & gas, manufacturing, pharma, transportation, automotive, retail, telecommunications, and healthcare.

3.      Since joining A&M, I have been involved in numerous Chapter 11 restructurings, including Alpha Natural Resources, Sandridge Energy, Westmoreland Coal, Endo International, Cumulus Media, Coach America, Cooper-Standard Automotive, Ascena Retail and Exide Technologies.

---

[1]      The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

4.      I submit this declaration (the "Declaration") in support of the

*Debtors' Ninety-Fourth (Non-Substantive) Omnibus Objection to Certain Superseded*

*Claims (Customer Claims)* (the "Objection").[2]  I am not being compensated separately

for this testimony other than through payments received by A&M as financial advisor

retained by FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors").

5.      Except as otherwise indicated herein, all of the facts set forth in

this Declaration are based upon my personal knowledge, my review of relevant

documents, information provided to me by the Debtors' management, the Debtors and

other Debtor professionals, including the A&M team, involved in advising the Debtors in

the above-captioned case (the "Chapter 11 Case").  If called upon to testify, I could and

would testify to the facts set forth herein on that basis.  I am authorized to submit this

Declaration on behalf of the Debtors.

6.      The Superseded Claims subject to the Objection were reviewed

and analyzed in good faith using due diligence by appropriate personnel of the Debtors,

A&M, and the Claims Agent.  Indeed, the Debtors and their advisors have spent months

reviewing and analyzing proofs of claim and any supporting documentation filed against

the Debtors.  These efforts resulted in, among other things, identifying the Superseded

Claims set forth in Schedule 1 to Exhibit A of the Objection.

7.      Based on the Debtors' and their advisors' ongoing analysis and

review, the Debtors and their advisors have determined that the Superseded Claims have

been amended and superseded by their corresponding Surviving Claims, each a

---

[2]      Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Objection.

subsequently filed claim.  Both claims relate to the same customer and arise from the same customer account.  Many of the Surviving Claims assert claims on account of the same fiat or cryptocurrency, and, in fact, many of the Surviving Claims assert claims on account of additional fiat or cryptocurrency not included in the Superseded Claims.  In addition, certain surviving claims appear to have been filed to correct certain overstated fiat or cryptocurrency quantities.  Moreover, in some instances the Surviving Claim appears to change or correct the Debtor asserted on the Superseded Claims. Based on this review, each of the Superseded Claims listed on <u>Schedule 1</u> includes details indicating that it is based on the same underlying claim as another later-filed claim.  It is my belief that each of the Superseding Claims and its corresponding Surviving Claims are based on the same alleged liability and, therefore, the Surviving Claims have essentially amended their corresponding Superseding Claims.  Therefore, I believe that the Superseded Claims should be disallowed and expunged in their entirety, and only the Surviving Claims should survive.

8.      If the Superseded Claims are not disallowed, the corresponding claimants may receive double recovery from the Debtors' estates on account of both the Superseded Claims and the Surviving Claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 25, 2024                          /s/ Rob Esposito
                                                   Rob Esposito
                                                   Alvarez & Marsal North America, LLC
                                                   Senior Director