# EXHIBIT 1

**Omnibus Reply Chart**

# OMNIBUS REPLY CHART[1]

*The following chart (the "Omnibus Reply Chart") describes the status of each Objection filed to the Plan and provides a cross-reference to the sections of the Confirmation Order, Plan or Plan Supplement where modified language was included to address such Objection. Where an Objection is not addressed, a cross-reference to the Reply is included.*

*The omission of a response to an Objection should not be taken as a waiver of the Debtors' arguments. The Debtors reserve the right to supplement the Reply with argument at the Plan Confirmation Hearing.*

| Objecting Party | Status | Reply |
|---|---|---|
| 1. Limited Objection and Reservation of Rights Regarding the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates of BetDEX Labs, Inc. ("BetDEX") [D.I. 23139] | **Resolved.** *See Notice of Withdrawal of BetDEX, Inc.'s Limited Objection and Reservation of Rights Regarding the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading LTD. and its Debtor Affiliates* [D.I. 25751]. | The Debtors added the below agreements to the Amended and Restated List of Assumed Executory Contracts and Unexpired Leases, filed with the *First Amended Plan Supplement* [D.I. 25649]. The Debtors acknowledge that neither BetDEX nor Sino Global Capital Limited admit that any of the below contracts are Executory Contracts.<br><br>• Preferred Stock Purchase Agreement dated November 4, 2021, between Alameda Research Ventures LLC and BetDEX Labs, Inc.<br>• Right of First Refusal and Co-Sale Agreement dated November 4, 2021, between Alameda Research Ventures LLC and BetDEX Labs, Inc.<br>• Voting Agreement dated November 4, 2021, between Alameda Research Ventures LLC and BetDEX Labs, Inc.<br>• Investor's Rights Agreement dated November 4, 2021, between Alameda Research Ventures LLC and BetDEX Labs, Inc.<br>• Token Agreement Dated November 4, 2021, between Alameda Research Ventures LLC and BetDEX Labs, Inc.<br>• Letter Agreement re: Funds for Purchase of Shares of Series Seed Preferred Stock dated November 8, 2021, between Alameda Research Ventures LLC and Sino Global Capital Limited.<br><br>(*See* First Amended Plan Supplement, Exhibit 1, rows 386-390, 392). |
| 2. Objection and Reservation of Rights Regarding the Debtors' First Amended Joint Plan of | **Resolved.** | The Debtors added the following language to the Order: |

---

[1] Capitalized terms used but not otherwise defined have the meanings ascribed to them in the Reply or the relevant Objection, as applicable.

| | Objecting Party | Status | Reply |
|---|---|---|---|
| | Reorganization of the Mississippi Department of Revenue<br><br>[D.I. 23145] | | *Notwithstanding anything in the Plan or Confirmation Order: (i) any administrative expense claims of Mississippi Department of Revenue (the "MDOR") shall be subject to, and treated in accordance with, sections 3.2 and 3.3 of the Plan and the MDOR, the Debtors' and the Plan Administrator's rights are reserved with respect to such claims; (ii) the MDOR shall provide notice to the Plan Administrator of such administrative claims (it being understood that the MDOR shall not be required to file any proofs of claim or requests for payment in the Chapter 11 Cases for the liabilities described in section 503(b)(1)(B) and (C) of the Bankruptcy Code as a condition to having an allowed administrative expense under subsection 503(b)(1)(B) or (C) of the Bankruptcy Code); (ii) the MDOR may amend any proof of claim with respect to (a) a pending audit or audit that may be performed, (b) within 60 days following the filing of a tax return or (c) to liquidate an unliquidated claim; provided that the Debtors or the Plan Administrator's rights are reserved with respect to such claim and any amendment; (iv) any Allowed Priority Tax Claims of the MDOR shall be subject to, and treated in accordance with, section 4.3.1 of the Plan except to the extent that the such claims, if any, are not paid in full in cash on the Initial Distribution Date, in which case such claims shall, at a minimum, be paid by regular installment payments in cash over a period beginning from the Initial Distribution Date not to exceed five years after the date of the order for relief under section 301 of the Bankruptcy Code, all as required pursuant to section 1129(a)(9)(C) of the Bankruptcy Code, along with non-bankruptcy interest in accordance with sections 511 and 1129(a)(9)(C) of the Bankruptcy Code and Mississippi state law, as applicable; and (v) the treatment of the MDOR Allowed Priority Tax Claims and/or any liabilities to the MDOR described in section 503(b)(1)(B) and (C) of the Bankruptcy Code described herein shall not be considered a settlement or compromise.*<br><br>(*See* Order ¶ 163). |
| 3. | Philadelphia Indemnity Insurance Company's Limited Objection and Reservation of Rights to the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates<br><br>[D.I. 23178] | **Resolved.** | The Debtors added the following language to the Order:<br><br>*Nothing in this Confirmation Order, the Plan, or any documents or agreements relating thereto, shall be deemed to alter, limit, enjoin, or modify (i) Philadelphia Indemnity Insurance Company's ("Philadelphia") and the Debtors' rights and defenses under the prepetition surety bonds issued by Philadelphia on behalf of certain Debtors (collectively, the "Surety Bonds"), the related indemnity agreements and/or collateral agreements (the "Surety Indemnity Agreements"), and/or in any collateral in respect of the Surety* |

| Objecting Party | Status | Reply |
|---|---|---|
| | | Indemnity Agreements and Surety Bonds (the "Surety Collateral") or (ii) Philadelphia's subrogation rights with respect to any claim by third parties and any claims against any of Philadelphia's non-Debtor indemnitors.  For the avoidance of doubt, the Debtors are not assuming, and, to the extent subject to rejection pursuant to section 365 of the Bankruptcy Code, expressly rejecting pursuant to the Plan, the Surety Bonds and the Surety Indemnity Agreements.  Without the requirement of any action by Philadelphia, Philadelphia is deemed to have opted out of the third-party release provisions of the Plan, and Philadelphia is not a Releasing Party under the Plan.<br><br>(See Order ¶ 162). |
| 4. Reservation of Rights of the U.S. Securities and Exchange Commission to Confirmation of the Debtors' Joint Chapter 11 Plan<br><br>[D.I. 24028] | **Resolved.** | The Debtors added the following language to the Order (the "Governmental Units RoR"):<br><br>Nothing in the Plan or the Confirmation Order shall affect the obligations of the pre-Effective Date Debtors, the post-Effective Date Debtors, the Wind Down Entities, and/or any transferee or custodian under applicable law to maintain books and records that are subject to any governmental subpoena, document preservation letter, or other inquiry or investigative request from a governmental agency.  The Debtors and the Liquidating Trust, as applicable, shall preserve and maintain the Debtors' books, records, documents, files, electronic data (in whatever format, including native format) and tangible objects, wherever stored (the "Debtor's Records"), and shall not destroy, abandon, or otherwise render them unavailable without providing at least sixty (60) days' advance written notice filed on the Bankruptcy Court's docket and served in accordance with Bankruptcy Rule 2002.<br><br>Notwithstanding any language to the contrary contained in the Plan or the Confirmation Order, nothing in the Plan or the Confirmation Order constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities.<br><br>Notwithstanding anything to the contrary contained in the Plan or the Confirmation Order, as to the United States of America (the "United States"), nothing in the Plan or the Confirmation Order: (i) shall grant any relief to any entity that the court is prohibited from granting by the Declaratory Judgment Act, 28 U.S.C. 2201(a), or the Anti-Injunction Act, 26 U.S.C. 7421(a) or (ii) shall expand the scope of the release or injunction to which the Debtors are entitled |

| Objecting Party | Status | Reply |
|---|---|---|
| | | *to under the Bankruptcy Code; provided however, for the avoidance of doubt, the Debtors shall not be released or discharged of any liabilities arising under subchapter III of Chapter 37 of Title 31 of the United States code (the "False Claims Act") or any criminal or federal tax laws (except as separately agreed with the United States). The exculpation, release and injunction provisions contained in the Plan and the Confirmation Order are not intended, and shall not be construed, to bar the United States or other Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) from, subsequent to entry of the Confirmation Order, exercising any criminal, police and or regulatory powers that would not be stayed pursuant to section 362 of the Bankruptcy Code. Notwithstanding the foregoing, the automatic stay of section 362 of the Bankruptcy Code shall no longer apply after the Effective Date of the Plan.*<br><br>*Nothing in the Confirmation Order or the Plan shall release any non-Debtor parties from any liability to any Governmental Unit, including the United States, including but not limited to, any liabilities arising under the Internal Revenue Code, the environmental laws, the False Claims Act or any criminal laws, nor shall anything in the Confirmation Order or the Plan enjoin the United States from bringing any such claim, suit, action or other proceeding against non-Debtor parties, in each case except as separately and expressly agreed in writing by the United States.*<br><br>*As to any Governmental Unit in the United States, except as separately and expressly agreed in writing with such Governmental Unit (including, without limitation, the settlement authorized by the Court's June 20, 2024 order (D.I. 18036) and the settlement authorized by the Court's August 5, 2024 order (D.I. 22283)), nothing in the Plan, the Confirmation Order, any Plan Supplement, the Definitive Documents, or other related documents shall:*<br><br>*1. discharge, release, exculpate, enjoin, bar, impair or otherwise preclude or affect (a) any obligation or liability to any Governmental Unit that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code, (b) any Claim of any Governmental Unit arising after the Effective Date, (c) any obligation or liability of any of the Debtors or the Wind Down Entities accruing after the Effective Date under police or regulatory statutes or regulations to any Governmental Unit as the owner, lessor, lessee, licensee, or operator of property or rights to property that such entity owns, operates, licenses, or* |

| Objecting Party | Status | Reply |
|---|---|---|
| | | leases after the Effective Date, (d) any right, defense, suit or cause of action of, or obligation or liability owed to, any Governmental Unit on behalf of any non-Debtor, or (e) any and all regulatory orders or non-monetary judgments issued to or against the Debtors prior to, during, or after the Effective Date; |
| | | 2. release, exculpate, bar, enjoin, nullify, or preclude the enforcement of any Governmental Unit's criminal, police and regulatory powers, other than the enforcement of money judgment; |
| | | 3. authorize the assumption, sale, assignment or other transfer of any federal or governmental (i) grants, (ii) grant funds, (iii) contracts, (iv) property, including but not limited to, intellectual property, data and patents, (v) leases, (vi) participation rights, (vii) agreements, (viii) applications, (ix) licenses, (x) permits, (xi) registrations, (xii) authorizations, (xiii) approvals, or (xiv) other interests of any Governmental Unit (collectively, "Governmental Interests"), without compliance with all terms of the Governmental Interests, as applicable, and with all applicable non-bankruptcy law; |
| | | 4. be interpreted to set cure amounts or to require the United States or any Governmental Unit to novate, approve or otherwise consent to the assumption, sale, assignment or transfer of any Governmental Interests; |
| | | 5. waive, alter or otherwise limit any Governmental Unit's property and other rights, including, but not limited to, an interest in the Debtors' accounts and cryptocurrency funds, whether now in existence or hereafter acquired, and all rights and interests of any Governmental Units, Debtors or Wind Down Entities are fully preserved; |
| | | 6. confer exclusive jurisdiction to the Bankruptcy Court with respect to the Governmental Interests, claims, rights, defenses, obligations, liabilities, and causes of action, except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code); |
| | | 7. affect any setoff or recoupment rights and defenses of any Governmental Units and such rights and defenses are preserved; |

| | **Objecting Party** | **Status** | **Reply** |
|---|---|---|---|
| | | | 8. *affect any adversary proceeding by the Committee or the Debtors against any Governmental Units or any related litigation or appeals; or*<br><br>9. *expand the scope of section 525 of the Bankruptcy Code.*<br><br>*For the avoidance of doubt, the States of Texas, New Jersey, Wisconsin, Mississippi, and Tennessee, and their respective agencies, opt out of any and all releases provided in the Plan.*<br><br>*Notwithstanding any terms herein (except as provided in paragraph 150 above) or in the Plan, the treatment of the proofs of claim of the States of Texas, New Jersey, Wisconsin, Mississippi, and Tennessee, and other states participating as "State Governmental Claims" as defined therein, shall be treated pursuant to the* Stipulation By and Between the Debtors and Certain State Governmental Units *filed at Docket No. 25287.*<br><br>(*See* Order ¶¶ 153 – 159). |
| 5. | Reservation of Rights of New Jersey Bureau of Securities Related to First Amended Joint Chapter 11 Plan of Reorganization<br><br>[D.I. 24511] | **Resolved** (pending Court approval of the *Motion of the Debtors for Entry of an Order (A) Authorizing the Debtors to Enter into Stipulation with the State Governmental Claimants, (B) Approving the Stipulation and (C) Granting Related Relief* [D.I. 25287]). | The Debtors added the Governmental Units RoR to the Order. *See* Row 4 *supra*. |
| 6. | Limited Objection and Reservation of Rights of the Wisconsin Department of Financial Institutions to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Affiliated Debtors-In-Possession<br><br>[D.I. 24572] | **Resolved** (pending Court approval of the *Motion of the Debtors for Entry of an Order (A) Authorizing the Debtors to Enter into Stipulation with the State Governmental Claimants, (B) Approving the Stipulation and (C) Granting Related Relief* [D.I. 25287]). | The Debtors added the Governmental Units RoR to the Order. *See* Row 4 *supra*. |
| 7. | Limited Objection and Reservation of Rights of the Texas State Securities Board, Texas Department of Banking, and State of Texas through the Consumer Protection Division of the Office of the Texas Attorney General to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. | **Resolved** (pending Court approval of the *Motion of the Debtors for Entry of an Order (A) Authorizing the Debtors to Enter into Stipulation with the State Governmental Claimants, (B) Approving the Stipulation and (C) Granting Related Relief* [D.I. 25287]). | The Debtors added the Governmental Units RoR to the Order. *See* Row 4 *supra*. |

| | Objecting Party | Status | Reply |
|---|---|---|---|
| | and Its Affiliated Debtors-In-Possession<br><br>[D.I. 24568] | | |
| 8. | Reservation of Rights of Certain Preferred Equity Holders to First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates<br><br>[D.I. 23159] | **Resolved.** | The Debtors have filed the settlement agreement with the Supporting Preferred Shareholders [D.I. 25932] and have made certain changes to the Plan in sections 5.22 and 10.3. |
| 9. | Objection of the United States Trustee to Confirmation of First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading, Ltd. and Its Debtor Affiliates<br><br>[D.I. 23610] | **Resolved in part; certain portions remain unresolved.** | The Debtors have responded to certain objections raised by the US Trustee with respect to the Plan's Voluntary Releases and convenience class payments. *See* Reply ¶¶ 60 – 75; 82 – 86.<br><br>Other objections have been addressed by modifying the Plan as follows:<br><br>• "*Exculpated Parties*" means (a) the Debtors; (b) the Official Committee and its current and former members, solely **for the duration of each member's service on the Official Committee and** in their capacities as members of the **Official** Committee; (c) the Fee Examiner; (d) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, **or** its estate, ~~or its creditors~~, the Bahamas JOLs and FTX DM; **and** (e~~) to the extent determined to be acting as a fiduciary for the benefit of a Debtor, its estate, or its creditors, the Ad Hoc Committee and the executive committee of the Ad Hoc Committee (as such executive committee is constituted from time to time)~~ with respect to each Person or Entity named in (a) through (e~~d~~), any Person or Entity to the extent acting as a member, shareholder, director, officer, employee, attorney (including solicitors or barristers acting for the benefit of such Person or Entity), financial advisor, restructuring advisor, investment banker, accountant and other professional or representative of such Person or Entity, in each case in (a) through (f~~e~~), to the extent such Person or Entity is or was acting in such capacity.<br><br>• "*Releasing Parties*" means (a) the Debtors; (b) each of the Official Committee and the Supporting Parties; (c) ~~the~~ Holders ~~of all Claims~~ who vote to accept the Plan and do not opt out of granting the releases set forth herein; (d) ~~the~~ Holders of all Claims that are Unimpaired under the Plan; (e) ~~the~~ Holders ~~of all Claims~~ whose vote to accept or reject the Plan is solicited but who (i) abstain from voting on the Plan and (ii) do not opt out of granting the releases set forth therein; (f) ~~the~~ Holders ~~of all Claims or Interests~~ who vote to reject the Plan but do not opt out of granting the releases set forth therein; **and** (g) ~~the~~ |

| Objecting Party | Status | Reply |
|---|---|---|
| | | Holders ~~of all Claims or Interests~~ who are deemed to reject the Plan and opt in to the releases set forth therein~~, and (h) all other Holders of Claims or Interests to the maximum extent permitted by law~~. Holders who were not provided a Ballot or an Election Form and are not listed in clauses (a) through (h) above are not Releasing Parties.<br><br>• Section 3.5:  All **U.S. Trustee** fees ~~due and~~ payable ~~pursuant to section 1930 of Title 28 of the United States Code~~**on or** before the Effective Date~~, including any applicable interest payable under section 3717 of Title 31 of the United States Code,~~ shall be paid **in full in Cash on the Effective Date** by the Debtors.  ~~On and after~~**After** the Effective Date~~, to the extent applicable~~, the Plan Administrator shall pay any and all ~~such fees and interest~~**U.S. Trustee Fees in full in Cash** when due ~~and payable~~**in each Chapter 11 Case for each quarter** (including any fraction thereof) until the earliest of the Chapter 11 Cases being closed, dismissed or converted to cases under chapter 7 of the Bankruptcy Code. **The Debtors shall file all monthly operating reports when they become due, using UST Form 11-MOR. After the Effective Date, the Plan Administrator shall file with the Bankruptcy Court a post-confirmation quarterly report for each Chapter 11 Case for each quarter (including any fraction thereof) such case is pending, using UST Form 11-PCR. Notwithstanding anything to the contrary in the Plan, (i) U.S. Trustee Fees are Allowed; (ii) the U.S. Trustee shall not be required to file any proof of claim or any other request(s) for payment with respect to U.S. Trustee Fees; and (iii) the U.S. Trustee shall not be treated as providing any release under the Plan.**<br><br>• Section 10.7:  As of the Effective Date, to the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in Section 10.4 or Section 10.5 of the Plan, the Exculpated Parties shall neither have nor incur any liability to any Entity for any act or omission **occurring on or after the Petition Date and on or before the Effective Date** in connection with, related to, or arising out of these Chapter 11 Cases, including (a) the ~~operation of the Debtors' businesses during the pendency of these Chapter 11 Cases; (b) the~~ administration and adjudication of Claims and Interests during these Chapter 11 Cases. |

| Objecting Party | Status | Reply |
|---|---|---|
| | | - Section 10.8: *Except as otherwise expressly provided in the Plan or Confirmation Order with respect to Preserved Potential Claims, the satisfaction and release pursuant to this Article 10 shall also act as a permanent injunction against any Person who has held, holds or may hold Claims, Interests or Causes of Action from…(d) asserting any right of setoff,* **that was not validly asserted before Confirmation, or** *subrogation* ~~or recoupment~~ *of any kind on account of or in connection with or with respect to any such Claim or Interest,* ~~notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to applicable law or otherwise,~~ *against any Plan Asset, the Wind Down Entities, any Holder of a Claim or Interest or any initial or subsequent transferee.* <br><br> - Section 13.6: *After the Effective Date, the Debtors,* **Wind Down Entities (including, for the avoidance of doubt, the FTX Recovery Trust), or Plan Administrator, as applicable** *are authorized to limit the list of Entities receiving documents pursuant to Bankruptcy Rule 2002 to those Entities that have filed renewed requests for service after the Effective Date.* **For the avoidance of doubt, the Debtors, Wind Down Entities (including the FTX Recovery Trust), or Plan Administrator, as applicable shall comply in all respects with Bankruptcy Rule 2002-1(b).** <br><br> - Section 13.3: *Except as set forth in the Plan, to the extent that any provisions of the Disclosure Statement, the Plan Supplement or any order of the Bankruptcy Court (other than the Confirmation Order) referenced in the Plan (or any exhibits, appendices, supplements or amendments to any of the foregoing), conflicts with or is in any way inconsistent with any provision of the Plan, the Plan* ~~Supplement~~ *shall govern and control.* <br><br> - The Debtors have removed the discharge provisions from the Plan. <br><br> An additional objection has been addressed by adding the following language to the Order: <br><br> *Notwithstanding anything to the contrary in the Plan Documents, other than as explicitly provided for in the Order (A) Authorizing* |

| Objecting Party | Status | Reply |
|---|---|---|
| | | the Debtors' Entry Into, and Performance Under, the Settlement Agreement With Kroll Restructuring Administration LLC, (B) Approving the Settlement Agreement, and (C) Granting Related Relief [D.I. 24885] ("Kroll Settlement Order") nothing shall release or exculpate Kroll Restructuring Administration LLC for claims relating to the Security Incident (as defined in the Kroll Settlement Order). (See Order ¶ 164) Other objections raised by the US Trustee are addressed in the Reply and will be further addressed at the Confirmation Hearing. |
| 10. Limited Objection and Reservation of Rights of Center for Applied Rationality, Lightcone Infrastructure, Inc., and Lightcone Rose Garden LLC with Respect to First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates (Late filed) [D.I. 23169] | **Withdrawn.** *See Notice of Withdrawal of Limited Objection and Reservation of Rights* [D.I. 25927]. | N/A. |
| 11. Limited Objection of Kihyuk Nam to the Valuation of FTT in Motion of Debtors to Estimate Claims Based on Digital Assets and Request for Fair Treatment of FTT Holders, as amended by the Supplemental Amendment to Limited Objection of Kihyuk Nam, as amended further by the Second Supplemental Amendment to Limited Objection of Kihyuk Nam (the "Nam Objection") and Statements in Support for the Nam Objection filed by Michael Pawellek, Chris Koh, Jon Bond and Murali Balasubramani [D.I. 22573, 22574, 22576, 23047, 23048, 23049 & 23366] | **Unresolved.** | *See* Reply ¶¶ 7 – 13. |
| 12. Objection Of LayerZero Labs Ltd., Ari Litan, and Skip & Goose LLC to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates | **Unresolved.** | *See* Reply ¶¶ 14 – 33. |

| Objecting Party | Status | Reply |
|---|---|---|
| [D.I. 23158] | | |
| 13. Objection of ELD Capital LLC to Confirmation of Debtors' Joint Chapter 11 Plan of Reorganization and Reservation of Rights<br><br>[D.I. 23140] | **Unresolved.** | *See* Reply ¶ 76. |
| 14. Limited Objection and Reservation of Rights of the Foreign Representatives of Three Arrows Capital, LTD. (In Liquidation)<br><br>[D.I. 23146] | **Unresolved.** | *See* Reply ¶¶ 51 – 56. |
| 15. The Celsius Litigation Administrator's Objection to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading LTD. and its Debtor Affiliates<br><br>[D.I. 23147] | **Unresolved.** | *See* Reply ¶¶ 38 – 52; 57 – 59. |
| 16. Limited Objection and Reservation of Rights of Arceau 507 II LLC with Respect to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading LTD. and its Debtor Affiliates<br><br>[D.I. 23148] | **Unresolved.** | *See* Reply ¶¶ 34 – 37. |
| 17. Objection of Ahmed Abd El-Razek, Sunil Kavuri, and Pat Rabbitte to First Amended Joint Chapter 11 Plan of Reorganization<br><br>(Late filed)<br><br>[D.I. 23162] | **Unresolved.** | *See* Reply ¶¶ 60 – 75. |
| 18. Joinder of Seth Melamed to the Objections to the Plan Raised by the Retail Customers and Reservation of Rights<br><br>(Late filed)<br><br>[D.I. 23167] | **Unresolved**. | *See* Reply ¶¶ 60 – 75. |
| 19. Objection of Samuel Gunawan to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates | **Unresolved.** | *See* Reply ¶¶ 91 – 95. |

| Objecting Party | Status | Reply |
|---|---|---|
| (Late filed)<br><br>[D.I. 25664] | | |