IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 26035 & 26039 |

**DEBTORS' MOTION FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO (A) DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF AN ORDER CONFIRMING THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FTX TRADING LTD. AND ITS DEBTOR AFFILIATES AND (B) DEBTORS' OMNIBUS REPLY TO PLAN CONFIRMATION OBJECTIONS**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), granting the Debtors leave to exceed the page limit requirement established by Rule 3017-3 of the Local Rules of Bankruptcy Practice and Procedure of the Unites States Bankruptcy Court for the District of Delaware (the "Local Rules") for the *Debtors' Memorandum of Law in Support of an Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization FTX Trading Ltd. and Its Debtor Affiliates* (the "Confirmation Memorandum") and the *Debtors' Omnibus Reply to Plan Confirmation Objections* (the "Omnibus Reply" and, together with the Confirmation Memorandum, the "Confirmation Materials")[2]. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Confirmation Memorandum.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code") and Local Rules 1001-1(c) and 3017-3.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases (the "Chapter 11 Cases") are being jointly administered pursuant to the *Order (I) Authorizing Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Certain Related Relief* [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), appointed the Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases, pursuant to section

---

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2

1102 of the Bankruptcy Code [D.I. 231] (the "Official Committee").

5. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

6. On June 26, 2024, the Court entered the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan* [D.I. 19068] (the "Solicitation Procedures Order").

7. On August 2, 2024, the Debtors filed the *First Amended Joint Chapter 11 Plan of Reorganization FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 22165] (including the Plan Supplement, and all other exhibits and schedules thereto, in each case, as may be further amended, modified or supplemented from time to time, the "Plan"). A hearing to consider confirmation of the Plan is scheduled to commence on October 7, 2024 (the "Confirmation Hearing").

8. The Solicitation Procedures Order, among other things, (i) established August 16, 2024 as the deadline for parties-in-interest to file any objections to the Plan (the "Objection Deadline") and (ii) established September 30, 2024 as the deadline for the Debtors and other parties-in-interest to file any replies or responses to objections to the Plan. Solicitation Procedures Order ¶ 10(k). The Debtors received a total of 13 formal objections at or around the Objection Deadline (collectively, the "Objections").

9. Contemporaneously herewith, the Debtors are filing the Confirmation Materials.

**RELIEF REQUESTED**

10. By this Motion, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the Debtors leave to exceed the page limit requirement established by Local Rule 3017-3 for the Confirmation Materials.

**BASIS FOR RELIEF**

11. Local Rule 3017-3 provides, in relevant part, that "[i]n all chapter 11 cases, without leave of the Court[] . . . no brief in support of approval of a disclosure statement or confirmation of a plan . . . shall exceed sixty (60) pages (exclusive of any tables, exhibits, or addenda or other supporting materials)." Del. Bankr. L.R. 3017-3. Local Rule 1001-1(c) provides that the Local Rules "may be modified by the Court in the interest of justice." Del. Bankr. L.R. 1001-1(c).

12. The Debtors respectfully submit that cause exists to grant leave to exceed the page limit set forth in Local Rule 3017-3 for the Confirmation Materials. These Chapter 11 Cases raise technical and complex legal issues and are extraordinarily large in size. The Confirmation Memorandum must thoroughly describe the inner workings of a complex Plan and the bases for its confirmation, while the Omnibus Reply must respond in detail to a variety of issues raised in certain of the Objections.

13. In addition, the Confirmation Materials will aid the Court in its consideration of the issues concerning Plan confirmation and will allow the Confirmation Hearing to proceed more efficiently. The parties that have objected to the Plan will not be prejudiced by the filing of the Confirmation Materials as they provide the parties the opportunity to review the Debtors' arguments addressing their objections and thus better prepare to discuss the arguments during the Confirmation Hearing. While the Debtors have made the Confirmation Materials as succinct as

possible under the circumstances, addressing the factual background, the Plan confirmation requirements and the factual and legal issues raised by the Objections requires briefing in excess of the page limit established by Local Rule 3017-3 for a full and fair explanation and adjudication of the matters presented.

### **NOTICE AND NO PRIOR REQUEST**

14. The Debtors have provided notice of the Motion to the following entities or, in lieu thereof, their counsel: (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) counsel to the Ad Hoc Committee; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; and (h) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

15. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: September 30, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Kimberly A. Brown*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>          mcguire@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (Admitted *pro hac vice*)<br>James L. Bromley (Admitted *pro hac vice*)<br>Brian D. Glueckstein (Admitted *pro hac vice*)<br>Christian P. Jensen (Admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          jensenc@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |