**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JAMES DALOIA OF KROLL RESTRUCTURING ADMINISTRATION LLC REGARDING THE SOLICITATION OF VOTES AND TABULATION OF BALLOTS CAST ON THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES**

I, James Daloia, declare, under the penalty of perjury, that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Senior Director at Kroll Restructuring Administration LLC ("Kroll"), located at 55 East 52nd Street, 17th Floor, New York, New York 10055.[2] I am over the age of eighteen and not a party to the above-captioned action.

2. I submit this declaration (this "Declaration") with respect to the solicitation of votes and the tabulation of ballots cast on the *Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates*, dated June 27, 2024 [Docket No. 19139] (as may be amended, supplemented, or modified from time to time, the "Plan").[3] Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Effective as of October 1, 2024, Kroll's office address is 1 World Trade Center, 31st Floor, New York, NY 10007.

[3] All capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan or Disclosure Statement Order.

under my supervision, and my review of relevant documents. I am authorized to submit this Declaration on behalf of Kroll. If I were called to testify, I could and would testify competently as to the facts set forth herein.

3. This Court authorized Kroll's retention as the claims, noticing and solicitation agent to the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims and Noticing Agent Effective Nunc Pro Tunc to the Petition Date*, dated November 22, 2022 [Docket No. 132] and the *Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date*, dated January 20, 2023 [Docket No. 544] (together, the "Retention Orders"). The Retention Orders authorize Kroll to assist the Debtors with, among other things, the service of solicitation materials and tabulation of votes cast to accept or reject the Plan. Kroll and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.

**Service and Transmittal of Solicitation Packages and the Tabulation Process**

4. Pursuant to the *Order (I) Approving the Adequacy of the Disclosure Statement; (II) Approving Solicitation Packages; (III) Approving the Forms of Ballots; (IV) Establishing Voting, Solicitation and Tabulation Procedures; and (V) Establishing Notice and Objection Procedures for the Confirmation of the Plan*, dated June 26, 2024 [Docket No. 19068] (the "Disclosure Statement Order"), this Court, among other things, approved the Solicitation Procedures to solicit votes from and tabulate Ballots submitted by Holders of Claims or Interests entitled to vote on the Plan. Kroll adhered to the Solicitation Procedures outlined in the Disclosure Statement Order and distributed (or caused to be distributed) Solicitation Packages (including

Ballots) to parties entitled to vote on the Plan. I supervised the solicitation and tabulation services performed by Kroll's employees.

5. The Solicitation Procedures established June 25, 2024, as the Voting Record Date for determining which Holders were entitled to vote on the Plan. Pursuant to the Plan and the Solicitation Procedures, only Holders of Claims or Interests as of the Voting Record Date in the following Voting Classes were entitled to vote to accept or reject the Plan:

| Plan Class | Class Description |
|---|---|
| 3A | Secured Loan Claims |
| 5A | Dotcom Customer Entitlement Claims |
| 5B | U.S. Customer Entitlement Claims |
| 6A | General Unsecured Claims |
| 6B | Digital Asset Loan Claims |
| 7A | Dotcom Convenience Claims |
| 7B | U.S. Convenience Claims |
| 7C | General Convenience Claims |
| 8B | Priority DM Claim |
| 8C | PropCo General Unsecured Claims |
| 10A | Senior Subordinated IRS Claims |
| 10B | Senior Subordinated Governmental Claims |
| 10C | Junior Subordinated IRS Claims |
| 12 | Preferred Equity Interests |

No other classes were entitled to vote on the Plan.

6. Kroll worked closely with the Debtors and their advisors to (a) identify the Holders of Claims or Interests entitled to vote in the Voting Classes as of the Voting Record Date, and

(b) coordinate the distribution of Solicitation Packages to these Holders of Claims or Interests. A detailed description of Kroll's distribution of Solicitation Packages is set forth in the *Affidavit of Service of Solicitation Materials*, which was filed with this Court on September 26, 2024 [Docket No. 25841].

7.  Further, in accordance with the Solicitation Procedures, Kroll received, reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Plan in advance of the Voting Deadline established by the Court in the Disclosure Statement Order at August 16, 2024, at 4:00 p.m. (prevailing Eastern Time).[4] Each Ballot submitted to Kroll was date-stamped, scanned (if submitted on paper), assigned a ballot number, entered into Kroll's voting database, and processed in accordance with the Solicitation Procedures. To be included in the tabulation results as valid (among other requirements), a Ballot must have been (a) properly completed pursuant to the Solicitation Procedures,[5] (b) executed by the relevant Holder entitled to vote on the Plan (or such Holder's authorized representative), (c) returned to Kroll via an approved method of delivery set forth in the Solicitation Procedures, and (d) received by Kroll by the Voting Deadline (unless the defect of lateness was waived by the Debtors as described below).

---

[4] At the direction of the Debtors, Kroll shut down access to the online voting portal on August 16, 2024, at 4:00 p.m. (prevailing Eastern Time). However, if a Holder of a Claim or Interest in a Voting Class had logged into the online voting portal on or before August 16, 2024, at 4:00 p.m. (prevailing Eastern Time) but had not yet submitted their Ballot, such Holder of a Claim or Interest was allowed to submit a vote until August 16, 2024, at 6:00 p.m. (prevailing Eastern Time). No hard copy Ballots were hand delivered to Kroll's offices between 4:00 p.m. and 6:00 p.m. (prevailing Eastern Time) on August 16, 2024.

[5] Pursuant to section 4(iv) of the Solicitation and Voting Procedures, the Debtors waived the requirement that to submit a Master Ballot, an attorney must represent Holders owning 50 or more claims in single a Voting Class and directed Kroll to include a total of 21 Master Ballots in the final voting results which contained less than 50 claims in a single Voting Class. Furthermore, pursuant to section 4(iii)(k) of the Solicitation and Voting Procedures, the Debtors directed Kroll to accept 19 otherwise valid Ballots received by Kroll via email before the Voting Deadline, waiving that such submission method was defective for such Ballots. The 19 otherwise valid Ballots included 18 votes to accept the Plan in Class 12 in the aggregate amount of $1,116,427,079.92, and one vote to accept the Plan in Class 6A in the aggregate amount of $1.00.

8. After the Voting Deadline, approximately 84 creditors contacted Kroll or the Debtors, explaining that they received their Solicitation Package (and Ballot) near or after the Voting Deadline (the "Late Solicitation Package Voting Parties"). Upon investigation, Kroll determined that while all Solicitation Packages were properly mailed by July 10, 2024 or as otherwise detailed in the Affidavit of Service of Solicitation Materials, certain Solicitation Packages were postmarked and/or delivered late due to actions taken by the U.S. Postal Service. At the direction of the Debtors, Kroll emailed the Late Solicitation Package Voting Parties notifying them that they would be permitted to submit (via email) an executed Ballot to Kroll until September 24, 2024 at 5:00 p.m. (prevailing Eastern Time) (the "Late Voting Deadline") for inclusion in the final voting results, with such Ballots being treated as cured Irregular Ballots under section 4(iii)(j)-(k) of the Solicitation and Voting Procedures. Pursuant to section 4(iii)(k) of the Solicitation and Voting Procedures, the Debtors directed Kroll to waive the defect of lateness and submission method (via email) for 30 otherwise valid Ballots received by Kroll from the Late Solicitation Package Voting Parties by the Late Voting Deadline. The 30 otherwise valid Ballots included 26 votes to accept the Plan in Class 7A in the aggregate amount of $141,466.13, one vote to reject the Plan in Class 7A in the aggregate amount of $185.43, and three votes to accept the Plan in Class 5A in the aggregate amount of $162,717.57. To the best of my knowledge, all Late Solicitation Package Voting Parties who contacted Kroll on or before September 23, 2024 were provided with the opportunity to submit a Ballot as described in this footnote.

9. All valid Ballots cast by Holders entitled to vote in the Voting Classes and received by Kroll on or before the Voting Deadline were tabulated pursuant to the Solicitation Procedures. Importantly, for tabulation purposes only, each Claim that was asserted as a digital asset or in a currency other than U.S. Dollars was automatically converted to the equivalent U.S. Dollar value

set forth in the Court's *Order Granting Motion of Debtors to Estimate Claims Based on Digital Assets* [Docket No. 7090], or the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Petition Date, as applicable.

10. The final tabulation of votes cast by timely and properly completed Ballots received by Kroll is attached hereto as **Exhibit A**.

11. Reports of all the Ballots excluded from the tabulation prepared by Kroll, and the reason(s) for the exclusion of such ballots, are attached hereto as **Exhibit B**.

12. Ballots distributed to the Voting Classes included instructions regarding how to "opt-out" of the third-party releases set forth in Section 10.5 of the Plan (the "Releases"). Additionally, the Notice of Non-Voting Status distributed to Holders of Impaired Interests and Claims included instructions for parties on how to "opt-in" to the Releases. As of September 24, 2024 at 5:00 p.m. (prevailing Eastern Time), the following number of Holders in the Voting Classes checked the relevant box on their Ballot to elect to "opt-out" of the Releases: (i) two Holders of Claims in Class 3A, (ii) 1,854 Holders of Claims in Class 5A, (iii) 80 Holders of Claims in Class 5B, (iv) 585 Holders of Claims in Class 6A, (v) 11 Holders of Claims in Class 6B, (vi) 7,897 Holders of Claims in Class 7A, (vii) 1,373 Holders of Claims in Class 7B, (viii) two Holders of Claims in Class 7C, (ix) one Holder of a Claim in Class 10B, and (x) 21 Holders of Interests in Class 12. Furthermore, as of September 24, 2024 at 5:00 p.m. (prevailing Eastern Time), a total of 14,418 Holders of Claims against or Interests in the Debtors that received the Notice of Non-Voting Status for Impaired Classes returned a Notice of Non-Voting Status, with 4,050 submissions containing a checked box in Item 2, indicating that the holder elected to "opt-in" to the Releases. For the avoidance of doubt, this Declaration does not certify the validity or enforceability of any "opt-in" or "opt-out" election received by Kroll either via a Ballot or Notice

of Non-Voting Status, and Kroll provides this information for reporting and informational purposes only.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: September 30, 2024        */s/ James Daloia*
                                                              James Daloia
                                                              Senior Director
                                                              Kroll Restructuring Administration LLC