## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, [1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date**: Oct. 22, 2024 at 1:00 p.m. (ET)<br>**Objection Deadline**: Oct. 15, 2024 at 4:00 p.m. (ET) |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 11 CASE OF DIGITAL CUSTODY INC.

FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), dismissing the chapter 11 case of Debtor Digital Custody Inc. ("DCI"), pursuant to sections 105(a), 305(a), 349, and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 1017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Motion, the Debtors respectfully state as follows:

### Background

1.     On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.     Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Facts Specific to the Relief Requested

3.     On February 13, 2023, the Court entered the *Order (I) Authorizing and Approving Procedures for the Sale or Transfer of Certain De Minimis Assets and Fund Assets, (II) Approving Assumption, Assignment and Rejection Procedures and (III) Granting Related Relief* [D.I. 702] (the "De Minimis Order") approving, among other things, procedures for the sale or transfer of the Debtors' certain non-strategic assets, including any rights or interests therein, that are (i) of relatively de minimis value compared to the debtors' total asset base and/or (ii) limited partnership or similar interests in venture capital and other investment funds, free and clear of any liens, claims, interests and encumbrances (such procedures, the "De Minimis Sale Procedures").

4.     On February 16, 2024, the Court entered the *Order Amending the Order (I) Authorizing and Approving Procedures for the Sale or Transfer of Certain De Minimis Assets*

*and Fund Assets, (II) Approving Assumption, Assignment and Rejection Procedures and (III) Granting Related Relief* [D.I. 7540].

5.　　On May 6, 2024, the Debtors filed the *Notice of Proposed Sale of Certain Assets Free and Clear of Any Liens, Claims, Interests and Encumbrances* [D.I. 14153] with respect to the sale of all of the outstanding equity interests in DCI (the "Interests") and all of the equity interests in FTX Vault Trust Company held by DCI (such transaction, the "Sale Transaction") to Clear Markets America, Inc. (the "Purchaser") pursuant to a purchase agreement, dated as of May 6, 2024, by and between West Realm Shires Inc. and the Purchaser, in accordance with the De Minimis Sale Procedures.

6.　　In order to consummate the Sale Transaction, DCI's pending Chapter 11 Case must be dismissed. Accordingly, the Debtors believe it is in the best interests of the Debtors and their stakeholders to dismiss the DCI Chapter 11 Case effective upon the closing of the Sale Transaction (the "Closing").

## Jurisdiction

7.　　The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 305(a), 349, and 1112(b) of the Bankruptcy Code.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

8.     By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 305(a), 349, and 1112(b) of the Bankruptcy Code, Bankruptcy Rule 1017 and Local Rule 1017-2, dismissing the Chapter 11 Case of DCI effective upon the Closing.

## Basis for Relief

**I.     The Order Dismissing the DCI Chapter 11 Case Effective upon the Closing Is Appropriate Under Section 1112(b) of the Bankruptcy Code.**

9.     Dismissal of a chapter 11 case is governed by section 1112(b) of the Bankruptcy Code, which permits a party-in-interest, after notice and hearing, to seek to dismiss a chapter 11 case in the best interests of the creditors and the estate for cause. *See* 11 U.S.C. § 1112(b). "Section 1112(b) requires a two-step process in which the court first determines whether there is 'cause' to convert or dismiss, and next chooses between conversion and dismissal based on 'the best interest of creditors and the estate.'" *In re American Capital Equipment, LLC*, 688 F.3d 145, 161 (3d Cir. 2012) (citing *In re SGL Carbon Corp.*, 200 F.3d 154, 159 n.8 (3d Cir. 1999)).

A.     <u>Cause Exists to Dismiss the DCI Chapter 11 Case Effective upon the Closing.</u>

10.     Whether cause exists to dismiss a chapter 11 case is determined on a case-by-case basis and is a decision within the sound discretion of the bankruptcy court. *In re American Capital Equipment*, 688 F.3d at 161; *In re Myers,* 491 F.3d 120, 127 (3d Cir. 2007); *Sullivan Central Plaza I, Ltd.* v. *BancBoston Real Estate Capital Corp.* (*In re Sullivan Cent. Plaza I, Ltd.*), 935 F.2d 723, 728 (5th Cir. 1991); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re BH S&B Holdings*, *LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) ("Bankruptcy judges have wide discretion to determine whether cause exists to dismiss . . . a case under section

1112(b)."); *In re Gucci*, 174 B.R. 401, 410 (Bankr. S.D.N.Y. 1994) ("The Bankruptcy Court has wide discretion to determine if cause exists, and how to ultimately dispose of the case.").

11.     Courts have broad equitable discretion under section 1112(b) to dismiss a chapter 11 case based on the particular facts and circumstances of the case.  *See C-TC 9th Ave. P'ship* v. *Norton Co.* (*In re C-TC 9th Ave. P'ship*), 113 F.3d 1304, 1311 n.5 (2d Cir. 1997); *In re MF Glob. Holdings Ltd.*, 465 B.R. 736, 742 (Bankr. S.D.N.Y. 2012); *Trident Assocs. Ltd. P'ship* v. *Metro Life Ins. Co.* (*In re Trident Assocs. Ltd. P'ship*), 52 F.3d 127, 131 (6th Cir. 1995), *cert. denied*, 516 U.S. 869 (1995); *In re Smith*, 77 B.R. 496, 499-500 (Bankr. E.D. Pa. 1987).

12.     Section 1112(b)(4) identifies certain examples of "cause" for dismissal of a chapter 11 case. 11 U.S.C. § 1112(b)(4). A bankruptcy court, however, is not constrained by those enumerated examples and may find "cause" based on the facts and circumstances of the particular chapter 11 case. *See In re Nugelt, Inc.*, 142 B.R. 661, 665 (Bankr. D. Del. 1992). The legislative history of section 1112(b) of the Bankruptcy Code also indicates that the list set forth in sections 1112(b)(4)(A)-(P) of the Bankruptcy Code is nonexclusive, such that the bankruptcy court has the ability to dismiss a chapter 11 case for any reason cognizable to its equity powers. *See* H.R. Rep. No. 595, 95th Cong., 2d. Sess. 405-06 (1978); *see also Official Comm. of Unsecured Creditors v. Nucor Corp.* (*In re SGL Carbon Corp.*), 200 F.3d 154, 160 (3d Cir. 1999); *Carolin Corp. v. Miller*, 886 F.2d 693, 699 (4th Cir. 1993).

13.     "[M]any of the grounds expressly identified in section 1112(b)(4) may not apply when a chapter 11 debtor seeks voluntary dismissal of its bankruptcy case."  *In re Brewery Park Assocs., L.P.*, 2011 WL 1980289, at *16 (Bankr. E.D. Pa., Apr. 29, 2011).  *See also In re Forum Health*, 2011 WL 1134323, at *5 (Bankr. N.D. Ohio 2011) ("Each of the examples of cause in § 1112(b)(4) is based on some kind of failure by a debtor.  In other words, these are

examples of cause that a party other than a debtor would usually cite as grounds for dismissal.") (emphasis omitted).

14.    Here, DCI's circumstances constitute "cause" to dismiss its Chapter 11 Case.  Dismissal of the DCI Chapter 11 Case effective upon the Closing is in the best interests of the creditors and estates.  Upon the closing of the Sale Transaction, the Interests will be sold to the Purchaser and will no longer be part of the Debtors' estates.  As such, DCI will no longer require a chapter 11 case, and it would not be economically sensible for DCI to remain in chapter 11. There are administrative costs and expenses associated with DCI remaining in chapter 11 without corresponding benefits for any creditors or stakeholders.  Further, the Purchaser's willingness to consummate the Sale Transaction is premised on taking full operational control of DCI at the Closing without the overhang of the Chapter 11 Case. Accordingly, the Debtors submit that sufficient cause exists for the dismissal of DCI Chapter 11 Case effective upon the Closing.

B.    <u>Dismissal of the DCI Chapter 11 Case Effective upon the Closing is in the Best Interests of the Creditors and Estates</u>

15.    Once cause is established, a court must examine whether dismissal or conversion of a case to chapter 7 is in the best interests of the creditors and the estate.  *In re American Capital Equipment*, 688 F.3d at 161.  While the Bankruptcy Code does not define the "best interests of the creditors and the estate," "[t]he cases are uniform in holding that the decision to dismiss or convert is within the bankruptcy court's discretion and is based on the facts.  It is a case-by-case decision." *In re Calrissian LP*, 2018 WL 3854004, at *2 (Bankr. D. Del. 2018); *see also In re Hampton Hotel*, 270 B.R. at 359 (noting that "courts are required to consider and weigh the totality of facts and circumstances of the individual case when determining what is in the best interest of the creditors").

16.    As described above, the Debtors have concluded that the Sale Transaction will maximize the value of the Interests and the Debtors' estates for the benefit of all stakeholders.

Following the Sale Transaction, remaining in chapter 11 will not provide DCI any additional benefits. Dismissal, however, would reduce fees, time and other costs associated with DCI's continuation in chapter 11. Accordingly, the Debtors respectfully submit that voluntary dismissal of the DCI Chapter 11 Case effective upon the Closing is in the best interests of the Debtors' estates and their creditors.

**II.    Alternatively, the Court Should Dismiss the DCI Chapter 11 Case Effective upon the Closing Pursuant to Section 305(a) of the Bankruptcy Code.**

17.    Section 305(a)(1) of the Bankruptcy Code provides that the "court . . . may dismiss a case under [chapter 11], at any time if – (1) the interests of the creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1).

18.    Dismissal under this provision is determined on a case-by-case basis and rests in the sound discretion of the bankruptcy court. *In re Sky Group Intern. Inc.*, 108 B.R. 86, 91 (Bankr. W.D. Pa. 1989). Courts look to the following non-exhaustive list of factors to gauge the best interests of the creditors and the debtor, including, among other things: (a) economy and efficiency of administration; (b) whether federal proceedings are necessary to reach a just and equitable solution; (c) whether there is an alternative means of achieving an equitable distribution of assets; and (d) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves the interests in the case. *In re Crown Village Farm, LLC*, 415 B.R. 86, 96 (Bankr. D. Del. 2009).

19.    Here, for the reasons stated above, dismissal under section 305(a) is in the best interests of creditors and the Debtors' estates, and the Court should dismiss the DCI Chapter 11 Case effective upon the Closing pursuant to section 305(a) of the Bankruptcy Code.

**III.     Alternatively, the Court Should Dismiss the DCI Chapter 11 Case Effective upon the Closing Pursuant to Section 105(a) of the Bankruptcy Code.**

20.     Section 105(a) of the Bankruptcy Code provides the Court with supplemental authority to effectuate the overall policy objectives of the Bankruptcy Code in connection with a motion to dismiss a chapter 11 case. *See* 11 U.S.C. § 105(a) ("[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

21.     Here, given the circumstances discussed above, the purpose and benefits of the DCI Chapter 11 Case will be extinguished upon consummation of the Sale Transaction. At this juncture, the focus with respect to DCI must be to minimize the further incurrence of unnecessary administrative expenses. The voluntary dismissal of the DCI Chapter 11 Case accomplishes this goal. Absent a dismissal, the Debtors would continue to incur substantial chapter 11 administrative expenses and be unable to consummate the Sale Transaction and receive the sale proceeds.

22.     Accordingly, the dismissal of the DCI Chapter 11 Case effective upon the Closing is consistent with the policy objectives of the Bankruptcy Code and this Court should dismiss such cases.

**IV.     All Orders Should Remain in Effect for the Time Period DCI Was Part of the Chapter 11 Case.**

23.     The Debtors request that all stipulations, settlements, rulings, orders, and judgments of this Court entered in these jointly administered Chapter 11 Cases remain in full force and effect and survive the dismissal of the DCI Chapter 11 Case solely with respect to the time period where DCI was part of the Chapter 11 Cases. Although section 349 of the Bankruptcy Code typically contemplates that dismissal will reinstate the prepetition state of affairs by revesting property in the debtor and vacating orders and judgments of the bankruptcy court, this Court may

"for cause, orde[r] otherwise."  11 U.S.C. § 349(b).  "[T]his provision appears to be designed to give courts the flexibility to 'make the appropriate order to protect rights acquired in reliance on the bankruptcy case.'" *Czyzewski* v. *Jevic Holding Corp*., 137 S.Ct. 973, 984 (2017).

24.     The Debtors submit that cause exists to allow all stipulations, settlements, rulings, orders, and judgments entered by the Court during the Chapter 11 Cases to be given continued effect for the time period where DCI was part of the Chapter 11 Cases, notwithstanding the requested dismissal.  The relief requested is necessary to protect the Debtors and preserve the authority the Debtors had to act pursuant to the various orders entered by this Court.  Unless the Court orders otherwise, section 349 of the Bankruptcy Code could unravel the effect and authorizations of the orders entered in the Chapter 11 Cases.  By allowing the orders of this Court to remain in full force and effect and survive dismissal for the period of time where DCI was part of the Chapter 11 Cases, the Court will preserve the Debtors' authority to act pursuant to such orders notwithstanding dismissal of the DCI Chapter 11 Case.

25.     This Court has granted relief similar to the relief requested herein with respect to orders of the Court remaining in full force and effect and surviving dismissal of a debtor's chapter 11 case.  *See, e.g., In re VG Liquidation, Inc., et al.*, Case No. 18-11120 (JTD) (Bankr. D. Del. Aug. 19, 2019) [D.I. 1183, 1184] (authorizing all prior orders of the court to "remain in full force and effect, . . . be unaffected by the dismissal of the Chapter 11 Case, and [be] specifically preserved for purposes of finality of judgment and *res judicata*."); *In re BioAmber Inc.*, Case No. 18-11078 (LSS) (Bankr. D. Del. June 20, 2018) [D.I. 34] (same); *In re St Alexius Properties, LLC*, Case. No. 18-12527 (CSS) (Bankr. D. Del. Feb. 4, 2019) [D.I. 5] (ordering that, notwithstanding section 349, all orders of this Court entered "on or before the Dismissal Date shall remain in full force and effect and shall survive the dismissal of the bankruptcy cases.").

## Notice

26.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) any interested or affected governmental or regulatory entity, including the Internal Revenue Service, the Securities and Exchange Commission and the United States Department of Justice; (d) all known creditors of DCI; and (e) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

Dated: October 1, 2024
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      bromleyj@sullcrom.com
      gluecksteinb@sullcrom.com
      kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*