Honourable Judge John T. Dorsey
United States Bankruptcy Court District of Delaware
824 Market Street North,
3rd Floor Wilmington,
DE 19801
United States of America



2024 OCT -1 PM 3:30

In re: FTX TRADING, LTD., et al., Debtors.
Case No. 22-11068 (JTD)

**OBJECTION OF LIDIA FAVARIO TO CONFIRMATION OF THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF FTX TRADING LTD. AND ITS DEBTOR AFFILIATES.**

Lidia Favario, a customer of FTX Trading, specifically FTX.com, submits this objection (the "Objection") to the *First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 22165] (the "Plan") filed by the debtors and debtors-in-possession (collectively, the "Debtors") and in support of her objection respectfully states as follows:

I respectfully submit this objection to the proposed plan of reorganization filed by the debtors in the above-captioned case. As a customer of FTX Trading and pursuant to the unambiguous FTX Terms of Service (the "TOS"), I assert that the debtors' plan is in direct violation of my property rights and contradicts established legal precedents regarding the treatment of property in bankruptcy. Furthermore, debtors' proposed plan undermines the integrity of the bankruptcy process by attempting to deny customers their rightful ownership of assets, which contradicts findings in the recent criminal trial of Sam Bankman-Fried.

**1. The FTX Terms of Service Clearly and unequivocally Establish Ownership Rights**

"8.2.6 All Digital Assets are held in your Account on the following basis:

> (A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account.
> (B) None of the Digital Assets in your Account are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading.
> (C) You control the Digital Assets held in your Account. At any time, subject to outages, downtime, and other applicable policies (including the Terms), you may withdraw your Digital Assets by sending them to a different blockchain address controlled by you or a third party."

These provisions clearly define that customers retain title and control over their digital assets, which cannot be appropriated by FTX Trading or treated as part of the bankruptcy estate.

**2. The Legal Precedents**

If a debtor holds no legal or equitable interest in property as of the commencment of the case, such property does not become property of the debtors's estate under section 541 of the Bankruptcy Code and the debtor is prohibited from distributing such property to its creditors. The Supreme Court's ruling in *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 135-36 (1962), is highly relevant to this case. The Court held that "the Bankruptcy Act of 1898 simply does not authorize a trustee to distribute other people's property among a bankrupt's creditors."

In *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984), the court emphasized that "rights a debtor has in property at the commencement of the case continue in bankruptcy – no more, no less." This means that the debtors' rights in any property, including customer assets, remain unchanged through the bankruptcy process. Since the TOS explicitly state that FTX has no ownership rights over customers' digital assets, those rights remain unchanged, and FTX cannot now claim ownership or distribute assets as if they belonged to the estate. The assets in customer accounts belong to the customers - nothing more, nothing less.

**3. The Sam Bankman-Fried Criminal Trial Confirms the Customers' Ownership Rights**

In the recent criminal trial of Sam Bankman-Fried, the U.S. government cited the same FTX Terms of Service to demonstrate that customers retained title to any "digital assets" deposited on the exchange. Sam Bankman-Fried was convicted and sentenced to 25 years in prison for, among other things, misappropriating customer assets. The government's position in that case directly contradicts the current stance of the FTX debtors, who

now seek to treat these same assets as their own.

If FTX customers assets were property of the debtors, as the debtors now claim, there would have been no basis for such a harsh criminal conviction. It is inconsistent and illogical for the Debtors to argue that they now have control over customer assets when this very argument was rejected in criminal court.

### 4. The FTX Debtors' Strategy Ignores Core Property Rights and Delays Critical Adjudication

For 22 months, the FTX debtors have failed to adequately address the core issue of property rights under the TOS. Instead, they have focused on pushing a reorganization plan that disregards these rights and fails to resolve the central question: **Do FTX customers' digital assets belong to the FTX estate or not?**

In a similar bankruptcy case, *In re Celsius Network LLC*, the U.S. Bankruptcy Court for the Southern District of New York addressed this same "property rights TOS." issue before proceeding with a reorganization plan. Celsius debtors sought clarity from the court on whether the digital assets belonged to the estate before formulating a Chapter 11 plan. FTX should be required to follow a similar path. The ownership of digital assets must be adjudicated before any reorganization plan is proposed or confirmed. This issue should not be left to be decided by a vote on a reorganization plan.

### 5. Endorsing the Current Plan Would Legitimize the FTX Fraud

Allowing this plan to proceed as it currently stands would effectively endorse the very fraud that Sam Bankman-Fried was convicted for under the U.S. legal system. If the plan is confirmed as it is now, for the FTX customers it would amount to another FTX scam, endorsed by the U.S. legal system overseen by a U.S. Judge. In which case, the event will be perceived as a privatization of the legal system undermining trust in the bankruptcy process.

### 6. Request for Relief

I respectfully request that the Court:

1. Reject the debtors' proposed reorganization plan as it is
2. Compel the debtors to seek an adjudication of the property rights as outlined in the FTX Terms of Service before any reorganization plan is confirmed/approved.
3. Protect the ownership rights of original FTX customers, not claim buyers, and ensure that the reorganization plan fully respects the contractual and legal rights of customers to their digital assets.

### Conclusion

In sum, the proposed plan of reorganization disregards the legal rights of FTX customers as clearly stated in the Terms of Service and confirmed by both legal precedent and the outcome of Sam Bankman-Fried's criminal trial. This fundamental issue must be resolved before any reorganization plan can be confirmed. The Court must ensure that customer rights are protected and that the debtors are held to account for their actions in line with U.S. law.

Thank you for your consideration.

Sincerely,
Lidia Favario

*[signature]*

Dated: September 29, 2024

**Lidia Favario
54 Peregrine House
Hall Street
London EC1V 7PQ
UK
Phone 0044 (0) 7536051757
lidia@lidialidia.com**