**Exhibit 1**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**STIPULATION BY AND BETWEEN**
**THE DEBTORS AND CERTAIN STATE GOVERNMENTAL UNITS**

This Stipulation (the "Stipulation") is entered into, on the date hereof and with respect to the classification and treatment of the State Governmental Claims (as defined herein) for purposes of the *First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 22165] (as it may be amended, supplemented or modified from time to time, the "Plan"), by and among FTX Trading Ltd., and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), and the following States and/or State governmental units (collectively, the "State Governmental Claimants" and, together with the Debtors, the "Parties"): (1) the State of Texas, Consumer Protection Division (the "TCPD"), Texas State Securities Board (the "TSSB") and the Texas Department of Banking (the "TDB," together with TCPD and the TSSB, the "Texas"); (2) the New Jersey Bureau of Securities; (3) the Tennessee Department of Commerce and Insurance; (4) the Mississippi Secretary of State's Office – Securities Division; and (5) the Wisconsin Department of Financial Institutions.[2]

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number are 3288. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors will request joint administration, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information will be made available on a website of the Debtors' proposed claims and noticing agent.

[2] Capitalized terms not otherwise defined or provided herein have the meanings ascribed to them in the Plan.

**Recitals**

1.      On November 11, 2022, and November 14, 2022, the Debtors filed their Chapter 11 Cases with this Court.  The Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) (Docket No. 1469).

2.      On May 19, 2023, the Court entered the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest, and (B) Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* (Docket No. 1519) (the "Bar Date Order"), which established September 30, 2023 as the date by which governmental units must have filed their proofs of claim (the "Governmental Bar Date").

3.      On or before the Governmental Bar Date, the State Governmental Claimants filed claims against the Debtors (the "State Governmental Claims").[3]

4.      On August 2, 2024, the Debtors filed the Plan, which provides for the classification of claims against, and interests in, each of the Debtors.

5.      The Parties have engaged in good faith discussions concerning the classification of the State Governmental Claims.  In order to avoid unnecessary motion practice, the Parties have determined that it is in their best interests to enter into this Stipulation whereby, generally, and subject to the terms and conditions more fully described under the stipulated terms, the State Governmental Claimants agree to (a) classification of their Claims in Class 6A of the Plan, (b) treatment of their Claims in accordance with Class 6A of the Plan, *provided* that, when the Allowed Claims of all non-governmental creditors in Class 6A and classes more senior to Class

---

[3] The State Governmental Claims include the filed proofs of claim at Claim Nos.: 72745, 72749, 72750, 72751, 72753, 72754, 72756, 72757, 72788, 72789, 72790, 79908, 79914, 83425, 85251, 85254, 85268, 85269, 85270, 85271, 85286, 87131, 87132, 89992, and 95242.  For the avoidance of doubt, tax claims are not included in the State Governmental Claims and are not subject to this Stipulation.

6A are paid their Allowed Claim amount plus any interest provided for in full and according to the Plan, then the State Governmental Claimants agree to forego participating in any distributions under the Plan and the State Governmental Claims shall be deemed fully and finally satisfied, and (c) forego any right to a cash or other reserve in connection with the State Governmental Claims and will not object to any reserves established or maintained by the Debtors.

6.      This Stipulation shall not be used by any other party for any purpose, including related to confirmation of the proposed Plan.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED** that:

A.      The above recitals are incorporated herein in their entirety.

B.      The State Governmental Claims shall not be considered Class 10B "Senior Subordinated Governmental Claims" as defined in the Plan, but shall be classified as Class 6A "General Unsecured Claims" and the State Governmental Claimants agree to treatment and distributions as follows:

> i.      the State Governmental Claims shall be classified as General Unsecured Claims in Class 6A but shall not be liquidated or become Allowed Claims unless and until it becomes necessary in accordance with section (B)(iv) herein;

> ii.      the State Governmental Claimants consent and agree that no cash or other reserve shall be required for any potential distribution on account of any of the State Governmental Claims, and they will not object or otherwise respond to any distribution to be made on other Claims or any reserve that is established or sought to be established by the Debtors with respect to any other Claim;

> iii.      the State Governmental Claimants shall not receive any distribution under the Plan on account of any of the State Governmental Claims and such claims shall be deemed fully and finally satisfied when the Allowed Claims of all non-governmental creditors in Class 6A and more senior classes in the General Pool Waterfall, as described in Section 4.2.3 of the Plan, are paid their Allowed Claim amount plus any interest provided for in full and according to the Plan in full and in accordance with the Plan; and

> iv.      in the event that the condition in the proviso to section (B)(iii) above is not

3

satisfied, then the State Governmental Claimants reserve the right to notify the Debtors that they seek to liquidate one or more of the State Governmental Claims and the Debtors and the State Governmental Claimants will confer regarding a litigation schedule for doing so, and any State Governmental Claims that become Allowed Claims thereafter would be treated as Class 6A Claims under the Plan.

C.      Except as stated in paragraph B. above, the State Governmental Claimants retain all rights with respect to their State Governmental Claims, including any existing right to amend such Claims; *provided* that any amended Claims shall be subject to the terms of this Stipulation. The Debtors, the Committee, and other parties-in-interest reserve all rights and retain all objections and defenses to the State Governmental Claims.

D.      This Stipulation shall continue to remain in full force and effect with respect to any further amendment of the Plan; *provided* that the classification and treatment of Allowed Claims of all non-Governmental Unit creditors in Class 6A and that precede Class 6A pursuant to the General Pool Waterfall shall remain substantially and materially the same as in the Plan.

E.      The State Governmental Claims shall be subject to the terms of this Stipulation and their classification shall not be subject to reconsideration, *provided* that, this Stipulation shall be of no force or effect if an order confirming the Plan is not entered or the Plan does not thereafter become effective for any reason, including conversion or dismissal of the Debtors' bankruptcy cases.

F.      For the avoidance of doubt, this Stipulation does not impact, alter or in any way affect claims, consent orders, or judgments (in each case, if any) against one or more of the Debtors by other divisions, departments and/or governmental units of the State Governmental Claimants properly asserted outside of the Debtors' chapter 11 cases.

G.      Each Party agrees that this Stipulation shall not be used in any other proceeding for any purpose, including in support of, or opposition to, confirmation of the Plan.

4

H.      This Stipulation shall be binding upon and inure to the benefit of the Debtors, their estates and the State Governmental Claimants, as well as their respective heirs, representatives, predecessors, successors and assigns, as the case may be, including the Consolidated Wind Down Trust established pursuant to the Plan.  Upon entry of an order approving this Stipulation, it shall be binding on any official committee, trustee, or examiner appointed in the Debtors' Chapter 11 Cases and on all other creditors and parties in interest in the Debtors' Chapter 11 Cases.

I.      Nothing in this Stipulation shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation regarding any Claim or right that such Party may have against any other Party to this Stipulation unless such Claim or right is specifically addressed in this Stipulation.

J.      This Stipulation may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.  A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original.  Each Party who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party, that they have full knowledge of and have consented to the terms of this Stipulation.

K.      This Stipulation contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by the Parties or their duly appointed agents.

L.      For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

M.      The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation or any other actions to

5

implement, interpret or enforce the terms and provisions of this Stipulation.  Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and Local Rules of the United States Bankruptcy Court for the District of Delaware.

N.      The Debtors' claims agent, Kroll Restructuring Administration, and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation.

O.      This Stipulation is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained.  This Stipulation shall be effective immediately upon approval by the Court.

*[Remainder of page left intentionally blank.]*

Stipulated and agreed to by:
Dated:  September 11, 2024
Wilmington, Delaware

**For the Debtors and Debtors-in-Possession:**

**LANDIS RATH & COBB LLP**

/s/ Kimberly A. Brown
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
landis@lrclaw.com
mcguire@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

**SULLIVAN & CROMWELL LLP**

/s/ Brian D. Glueckstein
Andrew G. Dietderich (admitted pro hac vice)
James L. Bromley (admitted pro hac vice)
Brian D. Glueckstein (admitted pro hac vice)
Jacob M. Croke (admitted pro hac vice)
Alexa J. Kranzley (admitted pro hac vice)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
crokej@sullcrom.com
kranzleya@sullcrom.com

**For the State Governmental Claimants:**

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**

/s/ Roma N. Desai
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ROMA N. DESAI
Texas Bar No. 24095553
STEPHANIE EBERHARDT
Texas Bar No. 24084728
Assistant Attorneys General
P.O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
layla.milligan@oag.texas.gov
roma.desai@oag.texas.gov
stephanie.eberhardt@oag.texas.gov

*Counsel to Claimants the Texas State Securities Board, the Texas Department of Banking, and the State of Texas through the Consumer Protection Division of the Office of the Texas Attorney General*

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

/s/ Gaston P. Loomis
Gaston P. Loomis, Esq. (#4812)
300 Delaware Avenue, Suite 1014
Wilmington, DE 19801
Telephone: 302-300-4515
E-mail: gloomis@mdmc-law.com

-AND-

/s/ Jeffrey Bernstein
Jeffrey Bernstein, Esq.
570 Broad Street
Newark, NJ 07102
Telephone: (973) 565-2183
E-mail: jbernstein@mdmc-law.com

*Counsel for the New Jersey Bureau of Securities*

**WISCONSIN DEPARTMENT OF JUSTICE**

*/s/ Michael D. Morris*
Michael D. Morris
Assistant Attorney General
Wisconsin Bar # 1112934
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3936
(608) 294-2907 (Fax)
morrismd@doj.state.wi.us

*Counsel to Claimant Wisconsin
Department of Financial Institutions*

**Tennessee Attorney General & Reporter
JONATHAN SKRMETTI**

*/s/ Laura L. McCloud*
LAURA L. MCCLOUD (TN BPR 16206)
Senior Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 532-8933

*Attorney for the Tennessee Department of
Commerce and Insurance*

**MISSISSIPPI SECRETARY OF STATE**

*/s/ Emily Ludwigsen*
EMILY LUDWIGSEN
MS Bar No. 106773
Mississippi Secretary of State
Securities Division
125 S Congress St.
Jackson, MS 39201
(601) 359-6366
emily.ludwigsen@sos.ms.gov

*Counsel to Claimants the Mississippi
Secretary of State's Office – Securities
Division*