## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO THE STIPULATION OF SETTLEMENT WITH THE GAP ENTITIES, (B) APPROVING THE SETTLEMENT, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors

and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order")

(a) authorizing the Debtors to enter into the Settlement, which is attached hereto as Exhibit 1,

(b) approving the Settlement, and (c) granting certain related relief; and this Court having

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and this Court being able to issue a final order consistent with

Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion

in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate

notice of the Motion and the relief requested therein has been provided in accordance with the

Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

further notice is necessary; and objections (if any) to the Motion having been withdrawn,

resolved or overruled on the merits; and this Court having found and determined that the relief

set forth in this Order is in the best interests of the Debtors and their estates; and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to enter into the Settlement.

3.      The terms of the Settlement are approved in their entirety.

4.      The failure to specifically include or reference any particular term or

provision of the Settlement in this Order shall not diminish or impair the effectiveness of such

term or provision.

5.      The Debtors are authorized and empowered to execute and deliver such

documents, and to take and perform all actions necessary to implement and effectuate the relief

granted in this Order.

6.      The requirements set forth in Bankruptcy Rule 6004(a) are waived.

7.      This Order is immediately effective and enforceable, notwithstanding the

possible applicability of Bankruptcy Rule 6004(h) or otherwise.

8.      This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____

Wilmington, Delaware                    The Honorable John T. Dorsey
                                        United States Bankruptcy Judge

# Exhibit 1

**Stipulation of Settlement**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## <u>STIPULATION OF SETTLEMENT BETWEEN THE FTX DEBTORS AND THE GAP ENTITIES</u>

This stipulation of settlement ("Stipulation") is being entered into between FTX Trading Ltd. d/b/a FTX.com, West Realm Shires Services, Inc. d/b/a FTX US, Alameda Research LLC ("Alameda"), and the other debtors and debtors in possession in the chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware jointly administered under Case No. 22-11068 (collectively, the "FTX Debtors"), and Guarding Against Pandemics, Inc. ("GAP"), a Delaware corporation, People for Progressive Governance, Inc., a Delaware corporation, Defending America Together, Inc., a Delaware corporation, Building a Stronger Future, Inc., a Delaware corporation, Prosperity Through Enterprise, Inc., a Delaware corporation, Center for the Future, Inc., a Delaware corporation, Planning for Tomorrow, Inc., a Delaware corporation, and Bughouse Strategy LLC, a Delaware limited liability company ("Bughouse") (each a "GAP Entity" and collectively the "GAP Entities"). The FTX Debtors and the GAP Entities are each referred to herein as a "Party" and collectively, the "Parties." The terms GAP Employees and GAP Advisors shall mean the individuals and entities listed in Appendix A.

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

**WHEREAS**, the FTX Debtors made certain transfers to the GAP Entities as set forth in Appendix B (the "Transfers");

**WHEREAS**, the FTX Debtors allege that the Transfers constitute avoidable transfers of funds of the FTX Debtors and the GAP Entities deny liability to the FTX Debtors;

**WHEREAS**, on April 18, 2022, GAP purchased title to a townhouse located at 420 3rd Street, N.E., Washington, DC 20002 (the "Property");

**WHEREAS**, on November 11, 2022, and November 14, 2022, each FTX Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, on July 6, 2023, GAP and the FTX Debtors entered into an agreement pursuant to which the proceeds of any sale of the Property would be held in escrow pending a mutually agreeable resolution of any claims between GAP and the FTX Debtors with respect to the Property (the "Escrow Agreement");

**WHEREAS**, on July 7, 2023, the Property was sold and the approximately $2.7 million in proceeds of the sale were placed in escrow pursuant to the Escrow Agreement (the "Escrowed Funds");

**WHEREAS**, between January 1, 2020 and December 31, 2023, the GAP Entities transferred a portion of the funds obtained via the Transfers to the GAP Employees, some of which were effectuated through Bughouse, which served as an administrative management entity to the GAP Entities;

WHEREAS, between January 1, 2020 and December 31, 2023, the FTX Debtors allege the GAP Entities transferred a portion of the funds obtained via the Transfers to the GAP Advisors in the aggregate amounts set forth in Appendix C;

WHEREAS, as of July 17, 2024, the GAP Entities had in their possession approximately $879,229.91 in unspent funds constituting funds obtained via the Transfers (the "Unspent Funds") and no reasonable prospect of obtaining additional funds, other than the return of unspent retainers the GAP Entities paid to certain of the GAP Advisors (the "Unspent Retainers");[2]

WHEREAS, the GAP Entities have provided documentation showing how they disposed of, granted, or otherwise used the Transfers other than the Unspent Funds, Escrowed Funds and Unspent Retainers; and

WHEREAS, the FTX Debtors and the GAP Entities have engaged in arm's length negotiations concerning the return of the Unspent Funds, the Escrowed Funds and the Unspent Retainers and resolving the claims the FTX Debtors allege against the GAP Entities and, in connection therewith, releasing certain claims and potential claims against the GAP Entities, GAP Advisors, and GAP Employees.

NOW, THEREFORE, IT IS HEREBY STIPULATED by and among the undersigned counsel for the Parties as follows:

1.      **Return of Escrowed Funds**.  Within fourteen (14) days of the Effective Date (as defined below), GAP and Alameda shall send to the National Capital Title & Escrow, LLC (as escrow agent for the Escrowed Funds) the signed written notice, attached hereto as Appendix D, indicating that GAP and Alameda have reached a mutually agreeable resolution of claims

---

[2]      The Unspent Retainers as of August 31, 2024 total approximately $155,000.

surrounding the Escrowed Funds and directing National Capital Title & Escrow, LLC to wire the Escrowed Funds to the FTX Debtors.

2.     **Return of Unspent Funds.** The GAP Entities will pay to the FTX Debtors the sum of $700,000.00 (the "Initial Settlement Amount") within thirty (30) days after the later of (i) the Effective Date (as defined below), (ii) the GAP Entities' receipt of a W-9 form for the FTX Debtors, and (iii) the GAP Entities' receipt of payment instructions and such additional information as is necessary for the GAP Entities to properly disburse, record and account for the payment, all to be provided by the FTX Debtors. On the later of five (5) business days after approval of this Stipulation by the Bankruptcy Court or October 15, 2024, the GAP Entities will transfer to the FTX Debtors the remainder of any cash then held by the GAP Entities, including any unspent retainers in the possession of Hennings Strategies LLC (the "October 2024 Payment"). On or before September 30, 2025, Ballard Spahr LLP, the Law Firm of Andrew D. Herman PLLC, and Berke Farah LLP (the "Excepted GAP Advisors") will transfer to the FTX Debtors the remainder of any Unspent Retainers still held by them (the "September 2025 Payment").

3.     **Bankruptcy Court Approval.** This Stipulation among the Parties is subject in all respects to the approval of the Bankruptcy Court. The FTX Debtors shall file a motion seeking approval of the Stipulation (the "Approval Motion") within fourteen (14) days following execution of this Stipulation by all Parties. The Approval Motion shall be served on all creditors and parties in interest entitled to receive notice in the FTX Debtors' bankruptcy cases. The FTX Debtors also agree to serve a copy of the Approval Motion the United States' Attorney's Office for the Southern District of New York via email and FedEx or another next day delivery service. In the event that the Bankruptcy Court declines to approve this Stipulation, or the order approving the Stipulation

(the "Approval Order") does not become final and non-appealable, this Stipulation shall become null and void and of no further force and effect.

4.    **Effective Date**.  The terms of this Stipulation shall be effective upon the Approval Order becoming final and non-appealable (the "Effective Date").

5.    **GAP Entities And GAP Employees Release**.  Upon receipt by the FTX Debtors of the October 2024 Payment, the FTX Debtors, on behalf of themselves and their respective bankruptcy estates, predecessors, successors (including any subsequently appointed trustee, administrator or post-confirmation fiduciary under a plan), and assigns (collectively, the "FTX Releasing Parties"), and the GAP Entities unconditionally and irrevocably release, acquit and forever discharge the other, and the FTX Releasing Parties unconditionally and irrevocably release, acquit and forever discharge the GAP Employees from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, any claims to avoid the Transfers under chapter 5 of the Bankruptcy Code, the Delaware Uniform Fraudulent Transfer Act, 6 Del Code § 1301 et seq., or any other analogous state, federal, or foreign law, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, arising out of or in connection with the Transfers to the respective GAP Entity as set forth in Appendix B, the transfers to the respective GAP Employees set forth in Appendix C (including those transfers to GAP Employees which were paid through Bughouse).  In addition, the FTX Releasing Parties hereby consent to and waive, release, relinquish and discharge all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, any claims to avoid the Transfers under chapter 5 of the Bankruptcy Code, the Delaware Uniform Fraudulent Transfer Act, 6 Del Code § 1301 et seq., or any other analogous state, federal,

or foreign law, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, against the other out of or in connection with compensation, salary, or amounts paid or to be paid to him for managing the wind down of the GAP Entities during the period January 1, 2024 through October 15, 2024. For the avoidance of doubt, the FTX Releasing Parties do not release any claims they may have against Samuel Bankman-Fried, Gabriel Bankman-Fried, Joseph Bankman or Barbara Fried.

6. **Excepted GAP Advisors Release**. Upon receipt by the FTX Debtors of the September 2025 Payment, the FTX Releasing Parties unconditionally and irrevocably release, acquit and forever discharge each of the Excepted GAP Advisors from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, relating solely to, and to the extent of, transfers set forth in Appendix C. In addition, the FTX Releasing Parties hereby consent to and waive, release, relinquish and discharge all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, any claims under chapter 5 of the Bankruptcy Code, the Delaware Uniform Fraudulent Transfer Act, 6 Del Code § 1301 et seq., or any other analogous state, federal, or foreign law, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, against any of the Excepted GAP Advisors arising out of or in connection with fees for services to the GAP Entities rendered, paid or to be paid during the period January 1, 2024 through September 30, 2025, from the Unspent Retainers held by the applicable Excepted GAP Advisors. For the avoidance of doubt, the FTX Releasing Parties do not release

any claims they may have against Samuel Bankman-Fried, Gabriel Bankman-Fried, Joseph Bankman or Barbara Fried.

7.    **Advisors Release.** Upon receipt by the FTX Debtors of the October 2024 Payment, the FTX Releasing Parties unconditionally and irrevocably release, acquit and forever discharge each of the GAP Advisors (other than the Excepted GAP Advisors) from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, relating solely to, and to the extent of, transfers set forth in Appendix C. In addition, the FTX Releasing Parties hereby consent to and waive, release, relinquish and discharge all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, any claims under chapter 5 of the Bankruptcy Code, the Delaware Uniform Fraudulent Transfer Act, 6 Del Code § 1301 et seq., or any other analogous state, federal, or foreign law, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, against any of the GAP Advisors (other than the Excepted GAP Advisors) arising out of or in connection with fees for services to the GAP Entities rendered, paid or to be paid during the period January 1, 2024 through October 15, 2024.

8.    **Assignment of Claims and Causes of Action.** Upon the Effective Date, the GAP Entities shall irrevocably and absolutely transfer, assign, convey, and deliver to the FTX Debtors all rights, title, ownership in, and/or interests (whether legal, beneficial, or otherwise) in any claim or cause of action against any recipient to which any GAP Entity transferred funds derived from the Transfers, with full right to commence and maintain an action thereon in any court of competent jurisdiction, and to settle, compromise, reassign, or otherwise dispose of such an action,

and to give a release in full discharge of liability thereunder, except no claims against the GAP Employees or GAP Advisors shall be transferred, assigned, conveyed, or delivered to the FTX Debtors.

9.    **Discovery**. The GAP Entities agree that from the date hereof until September 30, 2025, Ballard Spahr LLP will continue to maintain in electronic format all documents that Ballard Spahr LLP produced on behalf of the GAP Entities to the United States Attorney's Office for the Southern District of New York. The Debtors shall retain the right to seek discovery of those documents from the applicable GAP Entities that may become relevant to any litigation commenced or contemplated by the FTX Debtors, including actions seeking to recover transfers made by the GAP Entities to third parties from the FTX Funds, and the GAP Entities retain all rights and objections to any such discovery that may be requested. All documents previously provided by GAP Entities to the FTX Debtors prior to the date of this Stipulation, including any Discovery Material designated as Confidential or Highly Confidential pursuant to the *Order Approving Confidentiality Agreement and Stipulated Protective Order*, *In re FTX Trading Ltd.*, Case No. 22-11068, ECF No. 832 (as those terms are defined therein) may be used by the FTX Debtors in connection with its pending bankruptcy case and litigations they have brought or may bring in connection therewith; provided, however, the FTX Debtors shall redact all personally identifiable information (including bank account numbers) before producing or otherwise providing such documents to any third party.

10.    **Reservation of Rights**. Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

11.    **No Admission of Wrongdoing**. This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth

statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

12.    **Good Faith and Understanding**. The Parties expressly represent and warrant that this Stipulation is given in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation. The Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

13.    **Cooperation**. Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court (if necessary) and entry of approval orders, and to effectuate their terms.

14.    **Counterparts**. The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

15.    **Jurisdiction and Choice of Law**. The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation. This Stipulation shall be governed by the laws of the State of Delaware without regard to its choice of law principles.

**AGREED BY**:

October 3, 2024

*[signature]*

**SULLIVAN & CROMWELL LLP**
Christopher J. Dunne
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: dunnec@sullcrom.com
*Counsel for the FTX Debtors*

*[signature]*

**BALLARD SPAHR LLP**
Matthew G. Summers
919 North Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4428
Email: summersm@ballardspahr.com

*On behalf of Guarding Against Pandemics, Inc., People for Progressive Governance, Inc., Prosperity Through Enterprise, Inc., Center for the Future, Inc., Planning for Tomorrow, Inc., & Bughouse Strategy LLC*

-10-

**BERKE FARAH LLP**   WILLIAM J. FARAH
701 8th Street N.W., Suite 620
Washington, DC 20001
Telephone: (202) 669-9811
Email:wfarah@berkefarah.com

*On behalf of Defending America Together, Inc., Building a
Stronger Future, Inc., and Berke Farah LLP*

**THE LAW FIRM OF ANDREW D. HERMAN PLLC**
Andrew D. Herman
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005

*On behalf of The Law Firm of Andrew D. Herman PLLC*

**BERKE FARAH LLP**
701 8th Street N.W., Suite 620
Washington, DC 20001
Telephone: (202) 669-9811
Email:wfarah@berkefarah.com

*On behalf of Defending America Together, Inc., Building a Stronger Future, Inc., and Berke Farah LLP*

**THE LAW FIRM OF ANDREW D. HERMAN PLLC**
Andrew D. Herman
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005

*On behalf of The Law Firm of Andrew D. Herman PLLC*

# Appendix A

**GAP Employees**
Abigail Olvera
Annabel Snidow
Avi Zenilman
Daniel Pereira
Elizabeth Edwards-Appell
Jenna Narayanan
Jill Lombardi
John Robinson
Keenan Lantz
Lisa Landahl
Maggie Munroe
Mallory Morales
Michael Sadowsky
Saarthak Gupta
Sarina Wong
Sofia Mankin
Stephanie Dillemuth
Vanessa Montiel
William Poff-Webster
Nicole Teran
Isaac Scher
Annette Castron
Varun Krovi
Kaye Sylvester

**GAP Advisors**
Ballard Spahr LLP
Herrera Arellano LLP
Lawrence & Bundy LLC
The Law Firm of Andrew D. Herman PLLC
Brand Woodward Law LP
Cima Law Group PC
Berke Farah LLP
Henning Strategies LLC
Clayman Rosenberg Kirshner & Linder LLP

## Appendix B

| Date | Entity | Transfer |
|---|---|---|
| 9/11/2020 | Guarding Against Pandemics | $192,404.06 |
| 10/28/2020 | Guarding Against Pandemics | $300,000.00 |
| 6/16/2021 | Planning For Tomorrow | $1,000,000.00 |
| 7/20/2021 | Planning For Tomorrow | $2,000,000.00 |
| 8/16/2021 | Planning For Tomorrow | $1,000,000.00 |
| 10/1/2021 | Guarding Against Pandemics | $20,000,000.00 |
| 11/5/2021 | Building a Stronger Future | $3,000,000.00 |
| 11/19/2021 | People for Progressive Governance | $500,000.00 |
| 1/20/2022 | Defending America Together | $1,000,000.00 |
| 1/31/2022 | Building a Stronger Future | $5,000,000.00 |
| 3/11/2022 | Guarding Against Pandemics | $10,000,000.00 |
| 4/26/2022 | Building a Stronger Future | $4,000,000.00 |
| 5/13/2022 | Guarding Against Pandemics | $5,000,000.00 |
| 6/29/2022 | Building a Stronger Future | $5,000,000.00 |
| 8/19/2022 | Prosperity Through Enterprise | $1,000,000.00 |
| 8/24/2022 | Guarding Against Pandemics | $1,500,000.00 |
| 9/22/2022 | Guarding Against Pandemics | $1,000,000.00 |
| 10/7/2022 | Center for the Future | $250,000.00 |

## Appendix C

| GAP Employees | Amount |
|---|---|
| Avi Zenilman | $375,000.00 |
| Elizabeth Edwards-Appell | $438,205.19 |
| Michael Sadowsky | $569,743.56 |
| Keenan Lantz | $725,000.00 |
| Abigail Olvera | $369,743.60 |
| Daniel Pereira | $278,621.73 |
| Annabel Snidow | $126,153.85 |
| Jill Lombardi | $134,871.75 |
| Saarthak Gupta | $159,134.65 |
| Lisa Landahl | $93,846.16 |
| John Robinson | $124,539.07 |
| Stephanie Dillemuth | $76,759.61 |
| Vanessa Montiel | $80,769.23 |
| Sofia Mankin | $56,384.62 |
| William Poff-Webster | $140,961.54 |
| Mallory Morales | $85,858.93 |
| Nicole Teran | $30,000.00 |
| Jenna Narayanan | $425,000.00 |
| Isaac Scher | $29,705.14 |
| Annette Castron | $128,461.54 |
| Varun Krovi | $545,174.49 |
| Kaye Sylvester | $86,452.08 |
| Maggie Munroe | $127,756.40 |
| Sarina Wong | $157,593.15 |

| GAP Advisors | Amount |
|---|---|
| Herrera Arellano LLP | $791,980.00 |
| Ballard Spahr LLP | $1,253,181.66 |
| Lawrence & Bundy LLC | $640,816.28 |
| The Law Firm of Andrew D. Herman PLLC | $0.00 |
| Brand Woodward Law LP | $32,880.00 |
| Cima Law Group PC | $845.00 |
| Berke Farah LLP | $158,882.71 |
| Henning Strategies LLC | $54,312.08 |
| Clayman Rosenberg Kirshner & Linder LLP | $323,238.18 |

# Appendix D

Via E-mail

National Capital Title & Escrow, LLC,
    600 Jefferson Plaza, Suite 101,
       Rockville, MD 20852,

Attention:  Craig Sacks

Dear Mr. Sacks:

       Pursuant to Section 4(b)(i) of the Agreement dated July 6, 2023 (the "Agreement") between Guarding Against Pandemics, Inc. ("GAP") and Alameda Research LLC ("Alameda") (a copy of which is enclosed for your convenience), GAP and Alameda write to inform you that GAP and Alameda have reached a mutually agreeable resolution of claims subject to the Agreement.  Accordingly, in accordance with the terms of the Agreement, GAP and Alameda hereby direct you to distribute the Escrow Funds (as that term is defined in the Agreement) to Alameda Research LLC in conformance with the wire instructions enclosed herein.

       Sincerely,

       */s/ Draft*
       **SULLIVAN & CROMWELL LLP**
       Christopher J. Dunne
       125 Broad Street
       New York, NY 10004
       Telephone: (212) 558-4000
       Facsimile: (212) 558-3588
       Email: dunnec@sullcrom.com

       *Counsel for Alameda Research LLC*

       */s/ Draft*
       **BALLARD SPAHR LLP**
       Matthew G. Summers
       919 North Market Street, 11th Floor
       Wilmington, DE 19801

Telephone: (302) 252-4428
Email: summersm@ballardspahr.com

*Counsel for Guarding Against Pandemics, Inc.*

(Enclosures)