Thursday October 3rd, 2024
Honourable Judge John T. Dorsey
United States Bankruptcy Court District of Delaware
824 Market Street North,
3rd Floor Wilmington,
DE 19801 United States of America

**Re: FTX TRADING, LTD., et al., Debtors. Case No. 22-11068 (JTD)**

Your Honor,
I am writing this letter in support of the objection filed by Lidia Favario regarding the First Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates. I would like to share my personal story and express my agreement with the points raised in Ms. Favario's objection.

**Personal Impact**
As a successful and financially independent 23-year-old at the time, I decided to invest in crypto because I shared the same world view that powerful players at the time were spreading. I had 82% of my net worth in crypto, all of it inside FTX at the time of the collapse.

I had been warned that it could be dangerous to leave your crypto in an exchange, but FTX did not fit as a normal exchange. First of all, it was regulated under the 2020 DARE act, which at the time, was the most proficient legislation in the world for crypto. Before putting my money in FTX I spent more than a month looking through all most known exchanges, their Terms of Service, the legislations that would regulate the companies under their jurisdiction, among other important factors.

Not to mention all the noise and propaganda the media was doing about FTX and SBF at the time. Even SBF was scheduled to speak at an exclusive conference hosted by the New York Times alongside Ukrainian President Volodymyr Zelensky and US Treasury Secretary Janet Yellen. The DealBook Summit, sponsored by Accenture, was held at Jazz at Lincoln Center in Manhattan on Nov. 30 and featured speeches from supposed luminaries such as Mark Zuckerberg, Mayor Eric Adams, former Israeli Prime Minister Benjamin Netanyahu, and former Vice President Mike Pence. SBF ended up not attending this event because FTX collapsed a few weeks earlier.

Also, FTX's.com valuation ($32 billion) had surpassed more traditional financial institutions such as Germany's Deutsche Bank, which has a market capitalization of $25bn (at the time). Separately, the company's US operation was valued at $8bn after raising $400m in January 2022, including funding from Singaporean state investor Temasek, SoftBank's Vision Fund and US investment group Tiger Global.

All these events leaded everyone into thrusting FTX as the new role model for exchanges in the future. As Kevin O'Leary (at the time a paid sponsor) said live on an interview: "If there's ever a place I could be, that I'm not going to get in trouble, it's FTX"

As we all know, such was not the case. I'll never forget the day FTX shut down withdrawals. I was then in extreme stress and shock in a way both physically and mentally has never happened to my body before or after this incident.

After that I could not leave my house for three months straight, barely sleeping, searching on the web all the information it was possible to find. I had to understand what events led to the collapse, I had to learn about bankruptcy code, I had to find ways to not give upon my faith in humanity.

To this day I still feel that a part of me was taken, as someone who has been fighting my childhood traumas my whole life, I always had certain trust issues with everyone, which sadly got extremely worse.

**Financial Impact**

To quote Lidia's objection: "In the recent criminal trial of Sam Bankman-Fried, the U.S. government cited the FTX Terms of Service to demonstrate that customers retained title to any "digital assets" deposited on the exchange. Sam Bankman Fried was convicted and sentenced to 25 years in prison for, among other things, misappropriating customer assets. The government's position in that case directly contradicts the current stance of the FTX debtors, who now seek to treat these same assets as their own. If FTX customers' assets were property of the debtors, as the debtors now claim, there would have been no basis for such a harsh criminal conviction. It is inconsistent and illogical for the Debtors to argue that they now have control over customer assets when this very argument was rejected in criminal court."

**The decision by the Debtors to blatantly ignore our property rights is fundamentally inequitable and will significantly impair my recovery and the recovery of many other crypto holders like me:**

1. Crypto holders are receiving a recovery amount significantly below that of USD holders. In fact, USD holders are getting paid more than their original claim value! This is fundamentally inequitable. Why should USD holders get >100% recovery while crypto holders like me get ~35% recovery. We are both similarly situated creditors who have had no access to our assets for the last two years, there is no logical reason for USD holders to receive preferential treatment compared to crypto holders.

|  |  | *Petition Date* |  | *Current* |  |
| --- | --- | --- | --- | --- | --- |
| <u>Asset</u> | <u>In Kind</u> | <u>Price</u> | <u>Value</u> | <u>Price</u> | <u>Value</u> |
|  |  |  |  |  |  |
| BTC | 3.967 | $16871 | **$ 66,931.96** | $60800 | **$241,193** |
| TRX | 2159.99 | $0.0556 | **$ 120.12** | $0.1576 | **$340.40** |
|  |  |  |  |  |  |

| Total : | | | $67,052 | | $241,533.40 |
|---|---|---|---|---|---|
| | | | | | |

An equivalent Petition Date USD Claim +9% interest covering 3 years: **$86,815.94**

As shown in the table my claim in Petition Date prices sums up to $67,052 ; with 3 years of compounding interest this brings me to $86,815.94, while in current prices it would be $241,533.40 without interest. This mean my actual recovery is 27.76% without interest and considering interest over 3 years is close to 36% recovery.

Under current plan Costumers are entitled Pro-Rata with 129-143% recovery + interests' recovery on $1 USD. In my view it's not equitable as most of USD exceeding recovery is coming through the liquidation of crypto assets which heavily appreciated since FTX bankruptcy.

I think USD holders should be entitled to 100% recovery + interests, sparing money to pay crypto holders.

Debtors have argued that creditors are achieving 100%+ recovery but that simply isn't true for everyone.

The Estate is clearly benefiting some creditors at the expense of others.

2. I only have TRX in my balance because of a post twitted by Justin Sun (known crypto influencer and investor, owner of former Huobi Exchange, leader of TRX crypto, among other coins) because it was re-Tweeted by SBF 2 days after the collapse. In the post they promised a "rescue ark". It was a promise that your TRX balanced would be airdropped at Huobi Exchange (owned by Justin Sun). Trading activities were open up to almost 96 hours after the collapse, even after deposits and withdraws were stopped. I'm lucky I didn't trust them with all my money, I converted only around $1,200 of BTC into TRX, which was trading at a 6x premium inside FTX only after such announce was made, some people might have swapped their entire portfolio in a desperate attempt to escape.

Both SBF and Justin Sun have deleted this Tweet. The promise was never fulfilled. I have never seen this issue mentioned in court, but it has affected many.

**Support for Objection Points**

In addition to sharing my personal story, I would like to express my strong support for the objection filed by Lidia Favario. I agree with and emphasize the following points:

**1. Ownership Rights.** The FTX Terms of Service clearly established that customers retain title and control over their digital assets. These assets should not be treated as part of the bankruptcy estate. The original argument provided in court against it was that it was impossible to trace every single coin from its origin. While I agree with this statement, it should be viewed as a **straw man** fallacy. Sometimes written as **strawman** is the informal fallacy of refuting an argument different from the one actually under discussion, while not recognizing or acknowledging the distinction.

Digital assets (cryptocurrencies) are fungible, meaning 1 BTC = 1 BTC. There is no basis for claiming each BTC is unique and therefore must be traceable. Fungibility is a key feature of cryptocurrencies as it is with currency. This is stated by the CFTC as it classified BTC as a commodity.

**2. Legal Precedents.** As cited in Ms. Favario's objection, legal precedents such as Pearlman v. Reliance Ins. Co. and Moody v. Amoco Oil Co. support the principle that a debtor cannot distribute property it does not own among its creditors.

**3. Criminal Trial Implications.** The conviction of Sam Bankman-Fried for misappropriating customer assets contradicts the current stance of the FTX debtors who now seek to treat these same assets as their own.

**4. Delayed Adjudication.** The FTX debtors have failed to adequately address the core issue of property rights under the Terms of Service for 22 months. This critical issue must be resolved before any reorganization plan is confirmed.

This is unprecedented if compared to other Crypto Bankruptcy that has taken place in the US at the same time.

The FTX Terms of Service Clearly and unequivocally Establish Ownership Rights:
"8.2.6 All Digital Assets are held in your Account on the following basis: (A) Title to your Digital Assets shall at all times remain with you and shall not transfer to FTX Trading. As the owner of Digital Assets in your Account, you shall bear all risk of loss of such Digital Assets. FTX Trading shall have no liability for fluctuations in the fiat currency value of Digital Assets held in your Account. (B) None of the Digital Assets in your Account are the property of, or shall or may be loaned to, FTX Trading; FTX Trading does not represent or treat Digital Assets in User's Accounts as belonging to FTX Trading. (C) You control the Digital Assets held in your Account. At any time, subject to outages, downtime, and other applicable policies (including the Terms), you may withdraw your Digital Assets by sending them to a different blockchain address controlled by you or a third party."

**5. Risk of Legitimizing Fraud.** Allowing the current plan to proceed would effectively endorse the very fraud that Sam Bankman-Fried was convicted for, undermining trust in the bankruptcy process.

**6. Request for Relief.** I join Ms. Favario in respectfully requesting that the Court:
**a.** Reject the debtors' proposed reorganization plan in its current form.
**b.** Compel the debtors to seek an adjudication of property rights as outlined in the FTX Terms of Service before any reorganization plan is confirmed.
**c.** Protect the ownership rights of original FTX customers and ensure that the reorganization plan fully respects our contractual and legal rights to our digital assets and equitable treatment under the bankruptcy code

### Additional Objection

It has also come to light (after plan voting had concluded I might add!) that a settlement has been made between the debtors and preferred equity holders that would allow them a recovery ahead of customers to the tune of up to $230m out of a "Preferred Shareholder Remission Fund." Equity holders should only receive recovery to the extent all FTX customers, including those with ownership rights, are made whole.

I would also request that the court reject this deal that violates the basic claims waterfall that was struck without any visibility to those that voted on the bankruptcy plan.

### Conclusion

Your Honor, the crimes committed by Sam Bankman-Fried and other FTX insiders have had far-reaching consequences on my life and the lives of many others. If you allow the plan to pass in its current form you will have enabled significant incremental damage to customers like me who had our property stolen by Sam Bankman-Fried and FTX.

Thank you for your consideration.
Respectfully submitted,

10/4/2024

X  *[signature]*

Victor Cury Simionato

Signed by: 67d2517b-c012-4d9b-abfb-181aca54ad35