IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | CHAPTER 11<br><br>CASE NO. 22-11068 (JTD)<br><br>(Jointly Administered) |

**CURIO FINANCIAL TECHNOLOGY, INC.'S RESPONSE IN OPPOSITION TO DEBTORS' EIGHTY-FOURTH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABILITY PROOFS OF CLAIM (CUSTOMER CLAIMS)**

COMES NOW, Curio Financial Technology, Inc. (the "Claimant"), by and through the undersigned counsel, hereby submits its Response in Opposition (the "Opposition") to the Debtors' *Eighty-Fourth (Non-Substantive) Omnibus Objection to Certain No Liability Proofs of Claim (Customer Claims)* filed on August 28, 2024 [D.I. 23953] (the "Omnibus Claim Objection"). In support of this Opposition, the Claimant shows the Court as follows:

**BACKGROUND**

1. On September 29, 2023, the Claimant timely filed Proof of Claim No. 85306 (the "Claim") in the amount of $700,000.00 (USDC/USDT) against the Debtors. For the basis of the claim, the Claimant stated "Account holdings with FTX ((KYC); Celestial Technology LLC). *See* Claim at 2.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The location of Debtors' principal of business and the Debtors' service address in these Chapter 11 cases is: 10-11 Mandolin Place, Friars Hill Road, St. John's, Antigua and Barbuda.

2. On August 28, 2024, the Debtors filed their Omnibus Claim Objection, which included an objection to the Claimant's Claim on the grounds that the Claimant failed to provide proper documentation to support its Claim. *See* D.I. 23953 at 5; 23953-2 at 9.

3. The Claimant disputes the Debtors' assertion and files this Opposition to provide documentation to support its Claim. *See* Omnibus Claim Objection at 6-8.

## DOCUMENTATION IN SUPPORT OF CLAIM

4. The Claimant includes the following documentation to support its Claim:

   (a)  Agreement of Conveyance, Transfer and Assignment of Assets and Assumption of Obligations dated December 31, 2022 (the "Transfer and Assignment Agreement"). A true and correct copy of the Transfer and Assignment Agreement is attached hereto and incorporated herein as **Exhibit "A"**.

   (b)  Screenshot, Transaction History, Etherscan.io (Oct. 10, 2024) https://etherscan.io/address/0xdf74b6b5535ad9601bcd1baf1c58b501daa9cc39#tokentxns (the "Transaction History Screenshot"). A true and correct copy of the Transaction History Screenshot is attached hereto and incorporated herein as **Exhibit "B"**.

   (c)  Screenshot, November 8, 2022 Transaction Details, Etherscan.io (Oct. 10, 2024) https://etherscan.io/tx/0xcb06366cc04378e043520bb494bde2688f6f903c4cb7ce79c43600fd73a46b13 (the "Transaction Details Screenshot"). A true and correct copy of the Transaction Details Screenshot is attached hereto and incorporated herein as **Exhibit "C".**

5. These documents clearly demonstrate the basis for the Claim and provide sufficient evidence to support its validity.

6. On November 8, 2022, Christopher Cashwell, member of Celestial Technology LLC ("Celestial"), transferred assets belonging to the Claimant valued at $700,000.00 USDC to FTX Trading Ltd (the "November 2022 Transaction"). *See* Transaction History Screenshot and Transaction Details Screenshot.

7. Celestial is the account holder for the FTX account that received the November 2022 Transaction assets.

8. On December 31, 2022, Celestial and Claimant entered into an Agreement of Conveyance, Transfer and Assignment of Assets and Assumption of Obligations whereby Celestial assigned all of the FTX assets of Celestial, including but not limited to, the transfers made by Mr. Cashwell on November 8, 2022 to Claimant. *See* Transfer and Assignment Agreement.

9. Thus, Claimant is entitled to the value of its claim consisting of the FTX assets.

10. These supporting documents provide a clear and comprehensive basis for the Claim, providing a detailed accounting of the transaction of assets that forms the basis of the Claim and directly supports the amount claimed in the Proof of Claim.

11. This level of documentation is more than sufficient to establish the *prima facie* validity of the Claim. *See* Fed. R. Bankr. P. 3001(c); *In re Sandifer*, 318 B.R. 609, 611 (Bankr. M.D. Fla. 2004) ("The purpose of Rule 3001(c) is to permit a creditor who attaches adequate documents to his proof of claim to refrain from presenting additional evidence; the documents establish prima facie evidence of validity of the claim.") (citation omitted).

12. Once a claimant has met its initial burden, the burden shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. *Lampe v. Lampe*, 665 F.3d 506, 514 (3d Cir. 2011) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

13. Here, the Debtors have merely asserted that the documentation is insufficient without providing any specific evidence or arguments as to why the provided documentation fails to support the Claim.

14. The Debtors' general objection, without more, is insufficient to overcome the presumption of validity accorded to the Claim. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he objector must produce evidence equal in force to the *prima facie* case.") (emphasis in original) (citations omitted).

15. Given the comprehensive nature of the supporting documentation provided, the Debtors' objection on the grounds of insufficient documentation is without merit[2].

## CONCLUSION

For the foregoing reasons, the Claimant respectfully requests that the Court overrule the Debtors' objection and allow the Claim in its entirety. The Claimant has provided more than sufficient documentation to support its Claim, and the Debtors have failed to meet their burden to negate the Claim's validity.

WHEREFORE, the Claimant respectfully requests that this Court:

    A. Overrule the Debtors' objection to the Claim;

    B. Allow the Claim in its entirety; and

---

[2] Counsel for the Debtors may contact the undersigned counsel with respect to this Opposition and the underlying Claim.

C.  Grant such other and further relief as the Court deems just and proper.

Date: October 11, 2024					HOGAN♦MCDANIEL

							*/s/ Garvan F. McDaniel*
							Garvan F. McDaniel (#4167)
							1311 Delaware Avenue
							Wilmington, DE  19806
							Telephone: 302-656-7540
							Facsimile: 302-656-7599
							gfmcdaniel@dkhogan.com


							*Counsel for Curio Financial Technology, Inc.*