UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No.: 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: November 20, 2024 at 2:00 p.m. (ET) |
| | Obj. Deadline: October 31, 2024 at 4:00 p.m. (ET) |
| | Re: DI 7789 & 8191 |

**MOTION OF NEXXUS PARTICIPATION VEHICLE III LLC TO (I) STRIKE NOTICE OF TRANSFER OF CLAIM [ECF NO. 7789] TO FTXCREDITOR, LLC, AND (II) REQUIRE THE DEBTORS' CLAIMS AND NOTICING AGENT TO RECOGNIZE AND RECORD TRANSFER OF CLAIM [ECF NO. 8191] TO NEXXUS**

Nexxus Participation Vehicle III LLC ("Nexxus"), by its undersigned counsel, hereby files this Motion (the "Motion") to (I) strike the notice of *Transfer of Claim Other than for Security* (the "FTXCreditor Notice of Transfer") [ECF No. 7789] filed by FTXCreditor, LLC ("FTXCreditor") to provide notice of a purported transfer of the claim identified as Schedule ID No. 221106805309735 (the "Claim") from the customer who was assigned customer code number 04196273 (the "Seller")[2] to FTXCreditor; and (II) require Kroll Restructuring Administration LLC ("Kroll"), the Claims and Noticing Agent for FTX Trading Ltd. ("FTX") and its affiliated debtor entities (collectively, the "Debtors"), to recognize and record the transfer of the Claim to Nexxus pursuant to the notice of *Transfer of Claim Other than for Security* (the "Nexxus Notice of Transfer") [ECF No. 8191]. In support of this Motion, Nexxus respectfully represents as follows:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Nexxus has not disclosed the name of the Seller to protect the identity of the Seller.

## PRELIMINARY STATEMENT[3]

1. This Motion asks the Court to provide certainty as to who should be recognized as the holder of the Claim on the Court's official register of claims in this case (the "Bankruptcy Claims Register"), because both Nexxus and FTXCreditor have filed notices of transfer of claim with respect to the same Claim. Only the Nexxus Notice of Transfer can and should be recognized because the Seller sold the Claim to Nexxus first. The fact that the FTXCreditor Notice of Transfer was filed prior to the Nexxus Notice of Transfer does not change this outcome, because under applicable New York law, once the Seller sold the Claim to Nexxus, it no longer had any right to transfer any interest in the claim to FTXCreditor. Under precedential caselaw, the Seller cannot transfer better title to contract rights than it possessed at the time of the purported transfer.

2. Accordingly, the only valid transfer of the Claim is to Nexxus, and Kroll should be required to recognize and record the transfer of the Claim to Nexxus. For that reason, the FTXCreditor Notice of Transfer should also be stricken from the docket of the Debtors' chapter 11 cases.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. In accordance with Rule 9013-1(f) of the Local Rules, Nexxus consents to the entry of final orders or judgments by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper in this Court under 28 U.S.C. § 1409(a).

---

[3] Capitalized terms in Preliminary Statement shall have the meaning ascribed to them below.

**RELEVANT BACKGROUND**

6. On November 11 and 14, 2022 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases.

7. Prior to the Petition Date, the Seller was a customer of FTX. After FTX filed for bankruptcy, the Seller held a customer claim against FTX in its bankruptcy case, which Claim was identified as Schedule ID No. 221106805309735 on the Kroll claims administration website.

8. Post-petition, the Seller sold his Claim to Nexxus pursuant to that certain *Assignment of Claim* dated February 9, 2024 (the "Agreement"), and the Seller executed an *Evidence of Transfer of Claim* dated February 9, 2024 (the "Nexxus Evidence of Transfer of Claim").

9. On February 15, 2024, the Seller received full payment for the sale and transfer of the Claim to Nexxus.

10. On February 22, 2024, FTXCreditor filed the FTXCreditor Notice of Transfer, which attached an Evidence of Transfer of Claim purporting to evidence the transfer to FTXCreditor on February 20, 2024, of the same Claim that the Seller had already sold to Nexxus ten days earlier on February 9, 2024. A copy of the FTX Notice of Transfer is annexed hereto as Exhibit A.

11. On February 28, 2024, Nexxus filed the Nexxus Notice of Transfer, providing evidence and notice of the transfer of the Claim to Nexxus in accordance with Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). A copy of the Nexxus Notice of Transfer, which attaches the Nexxus Evidence of Transfer of Claim is annexed hereto as Exhibit B. Pursuant to Bankruptcy Rule 3001(e)(2), any objection to the Nexxus Notice of

Transfer was required to be filed within 21 days of the filing thereof. No objection to the Nexxus Notice of Transfer has been filed, timely or otherwise.

12. On March 13, 2024, Nexxus filed an objection to the FTXCreditor Notice of Transfer on the basis that the Claim was already sold to Nexxus, and requested that FTXCreditor should withdraw the FTXCreditor Notice of Transfer.

13. FTXCreditor has not withdrawn its notice of transfer of the Claim, forcing Nexxus to file this Motion.

## RELIEF REQUESTED

14. By this Motion, Nexus respectfully requests that the Court enter an order authorizing and directing Kroll to recognize and record the transfer of the Claim to Nexxus pursuant to the Nexxus Notice of Transfer for all purposes with respect to the Claim, including voting and distribution.

15. Consequently, Nexxus also respectfully requests that the Court authorize and direct the Clerk of the Court to strike the FTXCreditor Notice of Transfer from the docket of the Debtors' chapter 11 cases.

## ARGUMENT

A. **Because The Seller Could Not Transfer Better Title To Contract Rights Than It Possesses, FTXCreditor Did Not Acquire The Claim When Nexxus Had Already Purchased The Claim**

16. The case of *In re Celotex Corp.*, 224 B.R. 853 (Bankr. M.D. Fla. 1998) ("*Celotex*") is dispositive of this Motion and supports the relief requested herein. In *Celotex*, two claims purchasers acquired the same trade claims but at different times. The claims buyers confirmed their respective purchases by contract assignment agreements. The first purchaser claimed it was the rightful owner of the trade claims because it was the first in time to acquire the claims for value even though it was the second in time to record its Rule 3001(e) notice of transfer in the bankruptcy

court.  The second purchaser claimed ownership because it was the first to file its Rule 3001(e) notice of transfer.  The matter was brought before the *Celotex* court by motion to determine ownership of the transferred claim.  The debtor supported clarification as to the rightful claim owner for purposes of distribution.  The matter was adjudicated as a matter of law.

17. The *Celotex* court initially observed that the role of the bankruptcy court in claims trading is limited.  *Celotex* at 856.  While Rule 3001(e)[4] governs the procedure for recording the transfer of a claim from the transferor to the transferee, the *Celotex* court noted that the rule was amended in 1991 and the court quoted the Advisory Committee Notes to the 1991 amendments as relevant to its decision.  The Advisory Committee Notes to Rule 3001 provide as follows:

> Subdivision (e) is amended to limit the court's role to the adjudication of disputes regarding transfers of claims … This rule is not intended either to encourage or discourage postpetition transfers of claims or to affect any remedies otherwise available under nonbankruptcy law to a transferor or transferee such as for misrepresentation in connection with the transfer of a claim.

BANK. R. 3001, Advisory Committee Notes to 1991 Amendments.

18. The *Celotex* court also observed that Rule 3001(e) is primarily directed at "protecting the claims transferor" and to "insure the Debtor has notice of the proper claimant to pay."  *Id*. at 856.  Further, Rule 5003(b), which requires the Clerk of the Court to keep a claims register that lists all claims filed in cases in which it appears there will be a distribution to unsecured creditors, should not be used to create a form of race-notice priority system or a grantor-

---

[4] Rule 3001(e) provides, in relevant part:

> If a claim ... has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee.  The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed with 20 days of the mailing of the notice or within any additional time allowed by the court.  If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor.  If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.

{00039984. }                                                5

grantee index. *Id*. The *Celotex* court observed that, pursuant to 28 U.S.C. §2075, "it is unequivocal the bankruptcy rules cannot 'abridge, enlarge, or modify any substantive right of a party in interest' otherwise provided by law." *Id*. (internal citations and quotations omitted).

19. The *Celotex* court turned to state personal property law to determine the substantive law governing the dispute. Noting that where there is a claim transfer dispute over when contract rights are effectively transferred to and vested with a transferee, the bankruptcy court considers when the transfer of the claim has been made and is enforceable under non-bankruptcy law. *Id*. at 857. The *Celotex* court relied on bedrock principles of personal property law: "a seller cannot transfer better title to a chattel than it possesses. Stating that general caveat emptor doctrine another way, one cannot take title from a seller who has no title, irrespective of the amount paid or how honest the purchase. Thus, the determination of ownership, or 'title,' in this sense is constricted by a simple principle of sales—the sale cannot realistically occur unless the seller has the power to alienate a valuable property right in an identifiable good." *Id.* (internal citations omitted).

20. The *Celotex* court concluded that the second purchaser, "as the later assignee, cannot succeed in establishing its ownership of the claims because it does not follow that mere priority of notice of a later assignee, who took nothing by has assignment, will subordinate the rights of an earlier assignee. ***Absent a statutory requirement, the law is unequivocal that, as to the assignment of competing claims, the first in time is first in right***." *Id*. at 857 (internal citations, quotations and alterations omitted; emphasis added).

21. The reasoning of the *Celotex* decision is sound and should be applied here, and this Court should reach the same conclusion. As in *Celotex*, this dispute involves two assignment of claims by the original holder of the claim. Nexxus—the first claims buyer to acquire the Claim—

acquired *all* of the Seller's rights in the Claim on February 9, 2024. Subsequently, when FTXCreditor purported to acquire the Claim, the Seller had no rights to the Claim to sell and FTXCreditor acquired nothing. Accordingly, Nexxus should be determined to be the sole and valid owner of the Claim and the docket should be amended to reflect that. This result is not prejudicial to FTXCreditor because it can pursue its remedies, if any, against the Seller.

22. This result is also consistent with New York law, which governs the Agreement. The general rule, under New York law, is that "'[a]s between successive assignees of the same chose in action[,] priority in point of time establishes priority of right … without regard to the date of notification to the debtor.'" *Rose v. AmSouth Bank of Fla.*, 391 F.3d 63, 67 (2d Cir. 2004) (quoting *Rochester Ropes, Inc. v. Scherl*, 121 F.2d 852, 852 (2d Cir. 1941)) (alterations in original); *see also Superior Brassiere Co. v. Zimetbaum*, 214 A.D. 525, 212 N.Y.S. 473, 475 (N.Y. App. Div. 1925) ("By the first assignment, the rights of the assignor pass to the assignee … . Notice of the assignment to the debtor adds nothing to the right or title transferred."); *In re Leterman, Becher & Co.*, 260 F. 543, 547 (2d Cir. 1919) ("[T]he courts of the state of New York have laid down the rule that, as between different assignees of a chose in action … the one prior in point of time will be protected, although he has given no notice of such assignment to either the subsequent assignee or the debtor.").

**B.    The Court Should Strike The FTXCreditor Notice Of
Transfer And Compel Kroll To Recognize The Nexxus Notice of
Transfer Because Nexxus Is The Sole And Valid Owner Of The Claim,
<u>Regardless Of The Filing And Timing Of The FTXCreditor Notice Of Transfer</u>**

23. Nexxus further requests that the Court strike the FTXCreditor Notice of Transfer because the purported purchase of the Claim by FTXCreditor is not valid, as demonstrated above. Where there is a claim transfer dispute, the Court determines whether a transfer of the claim has been made that is enforceable under applicable non-bankruptcy law. *See In re Am. Housing*

*Found.*, 2015 WL 6690025, at *3 (quoting FED. R. BANKR. P. 3001(e)(2)).  Here, the Seller could not have sold the Claim to FTXCreditor, because the Seller already sold the Claim to Nexxus.  Thus the purported transfer of the already-sold Claim to FTXCreditor is not a valid transfer and is not enforceable under New York law.  The FTXCreditor Notice of Transfer should be stricken from the docket of the Debtors' chapter 11 cases so there is no confusion as to which party is the owner of the Claim.

**WHEREFORE**, for all the foregoing reasons, Nexxus respectfully requests that this Court enter an order (i) authorizing and directing the Clerk of the Court to strike the FTXCreditor Notice of Transfer from the docket of the Debtors' chapter 11 cases, and (ii) authorizing and directing Kroll to recognize and record the transfer of the Claim to Nexxus pursuant to the Nexxus Notice of Transfer, and grant Nexxus such other and further relief as the Court deems just and proper.

Wilmington, Delaware
Date:  October 17, 2024

**THE ROSNER LAW GROUP LLC**

/s/ *Frederick B. Rosner*
Frederick B. Rosner (No. 3995)
The Rosner Law Group LLC
824 N. Market St., Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
rosner@teamrosner.com

--and--

**RUBIN LLC**
Paul A. Rubin, Esq.
11 Broadway, Suite 715
New York, NY 10004
Telephone: (212) 390-8054
Facsimile: (212) 390-8064
prubin@rubinlawllc.com

*Counsel for Nexxus Participation Vehicle III LLC*