**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **(Requested) Hearing Date: Oct. 22, 2024 at 1:00 p.m. (ET)** |
| | **(Requested) Obj. Deadline: Oct. 22, 2024 at 1:00 p.m. (ET)** |

**EMERGENCY MOTION OF DEBTORS FOR ENTRY OF AN ORDER**
**(I) ADJOURNING CERTAIN MATTERS SET FOR HEARING ON OCTOBER 22, 2024**
**AND (II) EXTENDING THE DEADLINE TO FILE A REPLY**

FTX Trading Ltd. ("FTX") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this emergency motion (the "Motion") for entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) adjourning the hearing on *Debtors' Objection to Proofs of Claim Filed By Seth Melamed* [D.I. 20051] (the "Melamed Objection") from October 22, 2024 at 1:00 p.m. (ET) (the "October Hearing") to the omnibus hearing scheduled for December 12, 2024 at 1:00 p.m. (ET) and (ii) extending the deadline to file a reply brief to December 9, 2024.  In connection with this Motion, the Debtors submit the

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

concurrently filed *Declaration of Christopher J. Dunne in Support of Emergency Motion of Debtors for Entry of an Order (i) Adjourning Certain Matters set for Hearing on October 22, 2024 and (ii) Extending the Deadline for Debtors to File a Reply* (the "Dunne Decl."). In support of this Motion, the Debtors respectfully state as follows:

**Preliminary Statement**

1.      Following the September 12, 2024 hearing, the Debtors attempted to engage with counsel for Mr. Melamed regarding discovery and a schedule for litigating the Melamed Objection. After a series of meet and confer calls, the Debtors made a scheduling proposal they believed consistent with the discussions that would permit their objection to be litigated efficiently and on a reasonable timeline. Inexplicably, since October 4, 2024, counsel for Mr. Melamed has gone dark and ignored repeated follow-up correspondence to advance the scheduling and discovery matters.

2.      When the Debtors recognized that there was no longer time to resolve these gating scheduling matters prior to the October Hearing, they requested that Mr. Melamed agree to a short adjournment to permit the scheduling and discovery discussions to conclude. Again, that correspondence has gone unacknowledged and ignored. The result is that the Debtors unfortunately now need to burden the Court with this Motion to obtain a routine adjournment while the parties attempt to resolve scheduling matters that could have been resolved weeks ago had counsel for Mr. Melamed simply responded. Under the circumstances, the Motion should be granted.

**Background**

3.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.

The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to § 102 of the Bankruptcy Code [D.I. 231].

4.      On October 7, 2024, the Court confirmed the *Debtors' Second Amended Joint Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 1161].

5.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92], and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**Facts Specific to Relief Requested**

6.      On June 30, 2023, Melamed filed Claims 3244 and 4578 against FTX Japan Holdings K.K., Claim 3353 against Quoine Pte Ltd., Claim 3385 against FTX, and Claims 3956 and 4470 against FTX Japan K.K. (collectively, the "Claims").

7.      The Claims collectively seek $35,865,612.19 in connection with the acquisition of Liquid Group, Inc. ("Liquid") by FTX on November 19, 2021 pursuant to a share

purchase agreement ("SPA"), and in connection with a March 31, 2022 Management Agreement between Melamed and FTX Japan Holdings K.K. (the "Management Agreement").  Among other things, Melamed claims he is entitled to $26,709,834.14 in connection with FTX common stock that he received pursuant to the SPA, and $8,903,278.05 in cryptocurrency consideration to which he was entitled under the SPA.  Melamed also claims entitlement to $252,500.00 in compensation under the Management Agreement.  Dunne Decl. ¶ 3.

8.      On July 10, 2024, the Debtors filed the Melamed Objection.

9.      On August 16, 2024, Melamed filed the *Opposition to Debtors' Objection to Proofs of Claim* [D.I. 23170] the "Claim Opposition"), which included the *Declaration of Seth Melamed*  and the *Declaration of Takane Hori*.

10.      On September 9, 2024, the Debtors filed the *Emergency Motion of Debtors for an Entry of an Order (i) Adjourning Certain Matters Set for Hearing on September 12, 2024 and (ii) Extending the Deadline to File a Reply* [D.I. 24427] (the "First Emergency Motion").

11.      On September 12, 2024, the Court granted the First Emergency Motion [D.I. 24605].  The hearing for the Melamed Objection is thus currently scheduled for the October Hearing.

12.      After the Court granted the First Emergency Motion, on September 24, 2024, counsel for the Parties met and conferred to discuss scheduling, necessary discovery, and the issues to be briefed before the Court.  Dunne Decl. ¶ 8.

13.      On October 1, 2024, counsel for the Parties again met and conferred via Zoom to discuss a proposed schedule.  *Id.* ¶ 9.

14.      On October 2, 2024, counsel for the Debtors sent Melamed's counsel a proposed schedule.  *Id.* ¶ 10.

15.    On October 3, 2024, having received no response from Melamed's counsel, counsel for the Debtors followed up with Melamed's counsel regarding the proposed schedule. *Id.* ¶ 11.

16.    On October 4, 2024, counsel for the Debtors again followed up with Melamed's counsel regarding the proposed schedule, attaching a proposed order to be filed with the Court. Melamed's counsel responded that they were "reviewing [the schedule] and will revert shortly." *Id.* ¶ 12.

17.    On October 8, 2024, Melamed's counsel had still not responded regarding the proposed schedule, so counsel for the Debtors again reached out to Melamed's counsel to seek agreement to the proposed schedule. *Id.* ¶ 13.

18.    On October 11, 2024, having received no response, counsel for the Debtors requested that Melamed's counsel agree to adjourn the hearing date on the Melamed Objection while the Parties continue to discuss the particulars of a schedule. *Id.* ¶ 14.

19.    On October 14 and October 15, 2024, counsel for the Debtors again reached out to Melamed's counsel requesting that he agree to adjourn the hearing date on the Melamed Objection. *Id.* ¶ 15.

20.    As of the date of this filing, Melamed's counsel has still not responded with respect to the adjournment request or the underlying scheduling matters. *Id.* ¶ 16.

21.    Adjournment of the hearing on the Melamed Objection is necessary. Melamed's counsel has been inexplicably incommunicado. Because of Melamed's refusal to respond to the Debtors, the Parties have not engaged in any of the necessary discovery on Melamed's Claims or completed briefing on the issues.

22.     Counsel for the Debtors will continue to follow up with Melamed's counsel. The Debtors reserve the right to address Melamed's failure to engage in discovery with the Court and prepare to proceed on December 12, 2024 with a hearing on the Melamed Objection.  The Debtors reserve all rights to seek further relief from the Court as necessary and appropriate.

## Jurisdiction and Venue

23.     The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 of the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief sought are § 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 2002.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Basis for Relief

24.     Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Bankruptcy Rule 9006(b) authorizes courts to enlarge the time periods within which certain actions must be taken and states, in pertinent part, that:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by an order of the court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b).  Bankruptcy courts routinely grant extensions of time.  *See, e.g.*, *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (Bankr. D. Del. Oct. 13, 2020) [D.I. 1053] (granting extension in time to file brief under § 105(a)).

25.     Cause exists for the Court to adjourn the hearing with respect to the Melamed Objection.  The Debtors believed that the Parties had reached agreement on the order and timing of submissions and discovery in connection with the Melamed Objection.  Melamed's counsel has, however, refused to respond to the Debtors' efforts to set a schedule and litigate the issues.

26.     For the foregoing reasons, the Court should grant the Debtors' requests for (i) an adjournment of the Melamed Objection to the December 12, 2024 omnibus hearing and (ii) a corresponding extension of time to file a reply to December 9, 2024.

## No Prior Request

27.     No prior request for the relief sought in this Motion has been made to this or any other Court.

## Notice

28.     Notice of this Motion has been provided to:   (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; € the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) to the extent not listed herein, those parties requesting notice pursuant to Rule 2002 of the Bankruptcy Rules; and (i) counsel to Melamed.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

-8-

**Conclusion**

29.     For the foregoing reasons, the Court should enter the Order, substantially in the form attached hereto as Exhibit A, (i) adjourning the Melamed Objection to the omnibus hearing scheduled for December 12, 2024 at 1:00 p.m. (ET), and (ii) extending the deadline to file a reply brief to December 9, 2024.

Dated:  October 17, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew R. Pierce
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
E-mail:  landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       dunnec@sullcrom.com
       crokej@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*