# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*, [1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. No. 26950 |

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR THE EMERGENCY MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) ADJOURNING CERTAIN MATTERS SET FOR HEARING ON OCTOBER 22, 2024 AND (II) EXTENDING THE DEADLINE TO FILE A REPLY**

FTX Trading Ltd. ("FTX") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), shortening the time for notice to consider the *Emergency Motion of the Debtors for Entry of an Order (I) Adjourning Certain Matters Set for Hearing on October 22, 2024, and (II) Extending the Deadline to File a Reply* [D.I. 26950] (the "Motion to Adjourn").[2] The Debtors are seeking shortened notice for the Motion to Adjourn so it can be heard by the Court at the omnibus hearing scheduled for October 22, 2024, at 1:00 p.m. (ET) (the "October Hearing"). In support of the Motion to Shorten, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Motion to Adjourn.

jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[3]

2. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code"), rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 9006-1(e) and 9013-1(m).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On November 11 and November 14, 2022, the Debtors filed with the Court voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

5. On October 7, 2024, the Court confirmed the *Debtors' Second Amended Joint Plan*

---

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

*of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404-1] (the "Plan"), and on October 8, 2024, entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 1161].

6. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

7. On June 30, 2023, Seth Melamed ("Melamed" and together with the Debtors, the "Parties") filed Claims 3244 and 4578 against FTX Japan Holdings K.K., Claim 3353 against Quoine Pte Ltd., Claim 3385 against FTX, and Claims 3956 and 4470 against FTX Japan K.K. (collectively, the "Claims").

8. The Claims collectively seek $35,865,612.19 in connection with the acquisition of Liquid Group, Inc. ("Liquid") by FTX on November 19, 2021 pursuant to a share purchase agreement ("SPA"), and in connection with a March 31, 2022 Management Agreement between Melamed and FTX Japan Holdings K.K. Among other things, Melamed claims he is entitled to $26,709,834.14 in connection with FTX common stock that he received pursuant to the SPA, and $8,903,278.05 in cryptocurrency consideration to which he was entitled under the SPA. Melamed also claims entitlement to $252,500.00 in unpaid compensation and bonus payments.

9. On July 10, 2024, the Debtors' filed *Debtors' Objection to Proofs of Claim filed by Seth Melamed* [D.I. 20051] (the "Melamed Objection").

10. On August 16, 2024, Melamed filed the *Opposition to Debtors' Objection to Proofs of Claim* [D.I. 23170], which included the *Declaration of Seth Melamed* and the *Declaration of Takane Hori*.

11. On September 9, 2024, the Debtors filed the *Emergency Motion of Debtors for an Entry of an Order (i) Adjourning Certain Matters Set for Hearing on September 12, 2024 and (ii) Extending the Deadline to File a Reply* [D.I. 24427] (the "First Emergency Motion").

12. On September 12, 2024, the Court granted the First Emergency Motion [D.I. 24605]. The hearing for the Melamed Objection is thus currently scheduled for the October Hearing.

13. After the Court granted the First Emergency Motion, on September 24, 2024, counsel for the Parties met and conferred to discuss scheduling, necessary discovery, and the issues to be briefed before the Court.

14. On October 1, 2024, counsel for the Parties again met and conferred via Zoom to discuss a proposed schedule.

15. On October 2, 2024, counsel for the Debtors sent Melamed's counsel a proposed schedule.

16. On October 4, 2024, counsel for the Debtors again followed up with Melamed's counsel regarding the proposed schedule and attaching a proposed order to be filed with the Court. Melamed's counsel responded that they were "reviewing [the schedule] and will revert shortly."

17. On October 8, 2024, Melamed's counsel had still not responded regarding the proposed schedule, so counsel for the Debtors again reached out to Melamed's counsel to seek agreement to the proposed schedule.

18. On October 11, 2024, having received no response, counsel for the Debtors

requested that Melamed's counsel agree to adjourn the hearing date on the Melamed Objection while the Parties continue to discuss the particulars of a schedule.

19. On October 14 and October 15, 2024, counsel for the Debtors again reached out to Melamed's counsel requesting that he agree to adjourn the hearing date on the Melamed Objection.

20. As of filing the Motion to Adjourn and this Motion to Shorten, Melamed's counsel has still not responded with respect to the adjournment request or the underlying scheduling matters.

21. The Melamed Objection currently is scheduled to be heard at the October Hearing. Accordingly, the relief requested in the Motion to Adjourn must be heard prior to the hearing on the Melamed Objection, otherwise the relief requested therein will be mooted.

22. Additional facts specific to the relief requested in the Motion to Adjourn are set forth therein and are incorporated herein by reference.

## RELIEF REQUESTED

23. By this Motion to Shorten, the Debtors request, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rules 9006(c)(1) and Local Rule 9006-1(e), that the Court enter the Order substantially attached hereto as Exhibit A, shorten the notice required for a hearing on the Motion to Adjourn so that it may be heard at the October Hearing, with an objection deadline of October 22, 2024, at 1:00 p.m. (ET).

## BASIS FOR RELIEF

24. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its

discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(1). The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Local Rule 9006-1(e).

25. Pursuant to Local Rule 9006-1(c)(i), ordinarily "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."[4] However, Local Rule 9006-1(e) provides that such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. Local Rule 9006-1(e). No hearing on such a motion to shorten is required. *See id.*

26. The Debtors submit that there is sufficient cause to justify shortening the notice period for the hearing on the Motion to Adjourn. As set forth in the Motion to Adjourn, the Debtors request adjournment of the hearing on the Melamed Objection because the Parties have not been able to engage in any of the necessary discovery on Melamed's Claims or completed briefing on the issues due to Melamed's counsel inexplicable refusal to respond to the Debtors' efforts to set a schedule and litigate the issues. The relief the Debtors are seeking in the Motion to Adjourn would be mooted if the Court does not consider the Motion to Adjourn prior to the hearing on the Melamed Objection, which currently is scheduled for the October Hearing.

27. Together, Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1(e) provide ample authority for the Court to afford the relief requested in the Motion to Shorten. Therefore, the Debtors respectfully request that the Motion to Shorten be granted at the Court's earliest convenience.

---

[4] Del. Bankr. L.R. 9006-1(c)(i).

## CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(e)

28. The Debtors contacted the Committee, U.S. Trustee and counsel to Melamed regarding the relief requested in this Motion to Shorten pursuant to Local Rule 9006-1(e). Counsel to the Committee advised that the Committee does not object to the Motion to Shorten and counsel to the U.S. Trustee advised that it takes no position with respect to the requested relief. As of filing the Motion to Shorten, the Debtors have not heard from Melamed's counsel regarding Melamed's position with respect to the requested relief.

## NOTICE AND NO PRIOR REQUEST

29. The Debtors have provided notice of the Motion to Shorten to the following entities or, in lieu thereof, their counsel: (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) counsel to Seth Melamed; and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

30. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the Motion to Shorten and such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: October 17, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew R. Pierce*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>          mcguire@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Andrew G. Dietderich (Admitted *pro hac vice*)<br>James L. Bromley (Admitted *pro hac vice*)<br>Brian D. Glueckstein (Admitted *pro hac vice*)<br>Benjamin S. Beller (Admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: dietdericha@sullcrom.com<br>          bromleyj@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          bellerb@sullcrom.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |

{1368.002-W0077719.3}