**UNITED STATES BANKRUPTCY COURT**
District of Delaware

October 18, 2024

In re:
**FTX Trading Ltd., et al.,**
**Debtors.**

**Case No.: 22-11068 (JTD)**
**Chapter 11**

**Claimant:** Redacted (25198) / Green Healthy House, LLC (1546)

**Judge: Honorable John T. Dorsey**

**OBJECTION TO DEBTORS' SUBSTANTIVE OMNIBUS OBJECTION TO CERTAIN OVERSTATED AND/OR UNLIQUIDATED PROOFS OF CLAIM**

**Honorable Judge John T. Dorsey:**

This letter is being submitted in objection to the Debtors' Substantive *Fifty-Sixth Omnibus Objection* to certain overstated and/or unliquidated proofs of claim, including my own. The claims made by the Debtors are misleading and fail to account for the significant damages caused by their gross negligence and reckless mismanagement.

Additionally, the lack of proper communication by the Debtors during this process further exacerbates the damage caused to customers like myself, leaving us not only without our rightful assets but also at risk of additional malicious attacks.

**1. Breakdown of FTX's Collapse Leading to Loss of Assets:**

The collapse of FTX Trading Ltd. and Alameda Research resulted in a chaotic bank run, forcing customers, including myself, into desperate actions to retrieve our assets from the platform. During this period of instability, I was forced to withdraw my digital assets, including NFTs, from the platform to safeguard them from becoming permanently inaccessible.

However, this hastily orchestrated withdrawal was fraught with difficulties. Under immense pressure to act quickly due to the imminent threat of asset freezes, I made the decision to transfer these NFTs to my personal cold storage wallet. Unfortunately, in the panic caused by the abrupt actions of the Debtors, this led to the accidental deletion of the NFTs during the process.

**2. Lack of Proper Communication and Malicious Attempts:**

While the Debtors have maintained that all necessary correspondence was sent via email, I never received critical communication regarding my assets or any next steps to

safeguard them. This is particularly troubling as, during the same time period, I began receiving malicious emails aimed at deceiving me into providing my login credentials. These phishing attempts added another layer of confusion and anxiety to an already stressful situation, as it was unclear which, if any, of the emails regarding the Debtors' processes were legitimate.

I never received proper and timely communication through the mail. The lack of reliable correspondence, combined with malicious external email attempts, further complicated the situation, increasing the risk to my assets and ultimately contributing to their permanent loss.

I urge the Court to recognize the compounded effect of this breakdown in communication and the malicious activities that left me vulnerable during a period when the Debtors were clearly incapable of providing account management.

### 3. Negligence and Failure to Safeguard Customer Assets:

The urgency surrounding the withdrawal of assets from the FTX platform was not a result of customer recklessness, but rather a direct consequence of the Debtors' own financial mismanagement. The collapse of FTX and Alameda Research was preceded by a series of reckless actions, including the commingling of customer funds, lack of transparency, and fraudulent business practices. These actions led to a loss of trust in the platform, prompting customers to withdraw assets before they were lost to the insolvency proceedings.

In my case, this led to a scenario where my NFTs, originally stored safely on the platform, were withdrawn in a panicked attempt to save them. The rushed withdrawal process was complicated by the lack of proper guidance or support from FTX. These actions, or rather the Debtors' inaction, caused the permanent loss of my NFTs, which were ultimately deleted from my cold storage wallet due to a mishandling caused by the panic surrounding the platform's collapse.

The Debtors' objection that my claim is overstated or unliquidated fails to recognize that the losses I sustained were directly caused by their failure to uphold their responsibilities as custodians of digital assets.

### 4. Debtors' Objection to Valuation of Loss:

The valuation of the claim is based on the historical market value of the NFTs at the time of listing and trading on the FTX platform. These values are substantiated by market data, and it is disingenuous for the Debtors to assert that the claim is overstated or unliquidated.

While the Debtors attempt to downplay the severity of the situation by pointing to potential fluctuations in market value, this argument misses the point entirely. The loss is not merely financial; it represents the total and irreversible loss of unique digital assets. The claimant was not provided with the necessary tools or communication to

properly safeguard these assets during the collapse, and therefore the full value of the lost assets must be recognized.

### 5. Malicious Attempts and Security Failures:

As previously mentioned, during the critical period of attempting to recover assets, I was subjected to multiple phishing attacks—malicious email attempts seeking to gain access to my FTX account and cold storage wallet. These phishing attempts coincided with the time when I was supposed to receive official communications from the Debtors, making it exceedingly difficult to discern legitimate communication from scams.

The Debtors failed to provide a secure and reliable communication channel for their customers during this period of crisis. Given the nature of the financial collapse, I reasonably expected more robust security measures to be in place, particularly as they related to safeguarding the personal information and assets of their users. The failure to protect against malicious attacks and the failure to provide clear communication pathways further compounded the losses I experienced.

### 6. Conclusion and Relief Sought:

The combination of the Debtors' collapse, their reckless management, and the subsequent lack of clear, trustworthy communication led to the permanent loss of my NFTs and other digital assets. The claim I filed accurately reflects the value of the assets lost, and the Debtors' objections to my proof of claim are an attempt to minimize their responsibility for the damage caused.

Therefore, I respectfully object to the Debtors' Substantive Omnibus Objection to the proof of claims, and request the following:

1. **Denial of the Debtors' objection.**

2. **Recognition of the full value of the digital assets lost as outlined in my claim.**

3. **Acknowledgment of the Debtors' role in creating the conditions that led to the loss of these assets, including their failure to provide secure communication during the bankruptcy process.**

It is imperative that the Debtors be held accountable for their negligence and the irreparable harm caused to customers like myself. This Court should uphold my claim in full and ensure that justice is served.

**Respectfully submitted,**

Green Healthy House, LLC. DAO

Green Healthy House, LLC
9609 S. University Blvd.
P.O. Box 631274
Highlands Ranch, CO 80163

Honorable John T. Dorsey
U.S. Bankruptcy Court for District of Delaware
825 N. Market St., 5th floor #5
Wilmington, DE 19801