## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered)<br><br>Ref. No. __ |
| FTX TRADING LTD., WEST REALM SHIRES SERVICES, INC., and ALAMEDA RESEARCH LTD.,<br>                          Plaintiffs,<br>        - against -<br>MIRANA CORP., BYBIT FINTECH LTD., TIME RESEARCH LTD., SIN WEI "SEAN" TAN, WEI LIN "GERMAINE" TAN, WEIZHENG YE, and NASHON LOO SHUN LIANG,<br>                          Defendants. | Adv. Pro. No. 23-50759-JTD<br><br>Ref. No. __ |

**ORDER (A) AUTHORIZING PLAINTIFFS' ENTRY INTO, AND PERFORMANCE UNDER, THE SETTLEMENT AGREEMENT WITH DEFENDANTS, (B) APPROVING THE SETTLEMENT AGREEMENT, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. ("FTX.com"), West Realm Shires Services, Inc. ("FTX US"), and Alameda Research Ltd. ("Alameda," and together with FTX.com and FTX US, the "Plaintiffs"), for entry of an order (this "Order") (a) authorizing Plaintiffs' entry into, and performance under, the Settlement Agreement, which is attached hereto as Exhibit 1, (b) approving the Settlement Agreement, and (c) granting certain related

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and upon the record of the Motion and supporting documents; and this Court having found and determined that the relief set forth in this Order is in the best interests of Plaintiffs and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Plaintiffs are authorized to enter into, and perform their obligations under, the Settlement Agreement.

3. The terms of the Settlement Agreement are approved in their entirety.

4. The failure to specifically include or reference any particular term or provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such term or provision.

5. Without limiting the foregoing, the Court finds that the assets held in the Bybit Accounts are property of the estates and Bybit is authorized to permit the Debtors to withdraw the assets contained in those accounts without further order of the Court.

6. Plaintiffs are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

7. The requirements set forth in Bankruptcy Rule 6004(a) are waived.

8. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

9. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
      Wilmington, Delaware

_____
The Honorable John T. Dorsey
Chief United States Bankruptcy Judge

**Exhibit 1**

**Settlement Agreement**

EXECUTION VERSION

**SETTLEMENT AGREEMENT**

This settlement agreement (the "Settlement Agreement") is made and entered into as of October 24, 2024, by and among (i) FTX Trading Ltd. ("FTX.com"), West Realm Shires Services, Inc. ("FTX US"), and Alameda Research Ltd. ("Alameda," and together with FTX.com and FTX US, "Plaintiffs," and collectively with their affiliated debtors and debtors-in-possession, the "Debtors"), on the one hand, and (ii) Mirana Corp. ("Mirana"), Bybit Fintech Ltd. ("Bybit"), Time Research Ltd. ("Time Research"), Sin Wei "Sean" Tan ("Sean Tan"), Wei Lin "Germaine" Tan ("Germaine Tan"), Weizheng Ye, and Nashon Loo Shun Liang ("Nashon Loo," and together with Mirana, Bybit, Time Research, Sean Tan, Germaine Tan, and Weizheng Ye, the "Defendants," and together with Plaintiffs, each a "Party" and collectively, the "Parties") in the adversary proceeding under the caption *FTX Trading Ltd., et al.* v. *Mirana Corp., et al.*, No. 23-50759 (JTD) (the "Adversary Proceeding"), on the other hand.  The Parties hereby agree as follows:

**WHEREAS**, on November 11 and 14, 2022 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing Chapter 11 proceedings (the "Chapter 11 Cases");

**WHEREAS**, on November 10, 2023, Plaintiffs commenced the Adversary Proceeding by filing a complaint (the "Complaint") in the Bankruptcy Court;

**WHEREAS**, Plaintiffs allege in the Complaint, among other things, that (i) Bybit has refused to allow the Debtors to withdraw Debtor assets currently valued at approximately $175 million and held in six accounts on the Bybit exchange (the "Bybit Accounts"), (ii) Bybit and Mirana have violated the automatic stay by taking steps to devalue certain BIT tokens held by the Debtors (the "BIT Tokens"), and (iii) Mirana, Time Research, Sean Tan, Germaine Tan, Weizheng Ye and Nashon Loo received the benefit of certain preferential and/or fraudulent transfers from FTX.com and/or FTX.US;

**WHEREAS**, Defendants dispute Plaintiffs' allegations in the Complaint;

**WHEREAS**, Sean Tan timely filed a customer proof of claim against FTX.com (Claim No. 93201) for the balance of one FTX.com customer account as of the Petition Date (the "Filed Proof of Claim");

**WHEREAS**, Mirana, Time Research, Sean Tan, Germaine Tan, Weizheng Ye and Nashon Loo maintained certain FTX.com and/or FTX US customer accounts as to which they did not file customer proofs of claim in the Chapter 11 Cases;

**WHEREAS**, the Parties have been engaged in good-faith, arm's-length negotiations about consensually resolving the Adversary Proceeding;

**WHEREAS**, in order to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to effect a final settlement and resolution of the Adversary Proceeding; and

<u>EXECUTION VERSION</u>

**WHEREAS**, the Debtors, in the exercise of their business judgment, have concluded that a final settlement and resolution of the Adversary Proceeding in accordance with the terms of this Settlement Agreement is in the best interest of the Debtors, their creditors, and other stakeholders;

**NOW, THEREFORE**, in consideration of the above and the respective promises, conditions, terms, and agreements contained herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1. **Recitals Incorporated.** The recitals and paragraphs set forth above are hereby incorporated in full and made a part of this Settlement Agreement.

2. **Bankruptcy Court Approval Required.** This Settlement Agreement among the Parties is subject in all respects to the approval of the Bankruptcy Court. Pending approval of this Settlement Agreement by the Bankruptcy Court, and subject to the occurrence of the Settlement Effective Date (as defined below), each of the Parties agrees that it is, and will be, bound by this Settlement Agreement and waives any right to object to approval by the Bankruptcy Court. Plaintiffs shall file a motion, in a form reasonably acceptable to Defendants, seeking approval of the Settlement Agreement (the "<u>Approval Motion</u>") within seven (7) days following execution of this Settlement Agreement by all Parties. Unless waived in writing by Bybit, the Approval Motion shall be accompanied by a declaration of a representative of the Debtors setting forth the Debtors' entitlement to the assets held in the Bybit Accounts. In the event that the Bankruptcy Court declines to approve this Settlement Agreement, or the order approving the Settlement Agreement, which shall be in form and substance acceptable to the Parties (the "<u>Approval Order</u>"), does not become final and non-appealable, this Settlement Agreement shall become null and void and of no further force and effect, and the Parties will be returned to the *status quo ante* as if this Settlement Agreement had never been entered.

3. **Settlement Effective Date.** The terms of this Settlement Agreement shall be effective upon the Approval Order becoming final and non-appealable (the "<u>Settlement Effective Date</u>").

4. **Asset Withdrawal.** Within seven (7) days of the Settlement Effective Date, Bybit shall take commercially reasonable steps to allow the Debtors to withdraw all of the assets held in the Bybit Accounts. Bybit and the Debtors shall cooperate in good faith to promptly facilitate these withdrawals. With respect to the five Bybit accounts nominally registered in the names of non-Debtor entities (the "<u>Non-Debtor Account Holders</u>"), the Debtors also will use reasonable best efforts to promptly provide Bybit with confirmation from the documented owners of each of those Non-Debtor Account Holders demonstrating the Debtors' entitlement to the assets in the associated Bybit accounts, <u>provided</u>, <u>however</u>, that Bybit's obligation to take commercially reasonable steps to allow the Debtors to withdraw all of the assets in the Bybit Accounts is not contingent upon receipt of this documentation.

5. **Purchase of BIT Tokens.** Within seven (7) days of the Settlement Effective Date, Mirana shall purchase the Debtors' 105,469,781 BIT Tokens at the price of $0.50 per BIT token, representing a total purchase price of $52,734,890.50, payable in United States

dollars or stablecoin equivalent (the "BIT Token Purchase").  Mirana may procure a third party or designee to complete the BIT Token Purchase on the same terms, provided, however, that any failure to do so shall not relieve Mirana of its obligation to complete the BIT Token Purchase.

6. **Disallowance of Claim.**  As of the Settlement Effective Date, the Filed Proof of Claim shall, subject to the terms of this Settlement Agreement, be disallowed and expunged in its entirety without further order of the Bankruptcy Court.  The Debtors, or their claims agent, shall be authorized to reflect such disallowance on the claims registry.

7. **Allowance of Claims.**  As of the Settlement Effective Date, the following customer claims against FTX.com shall be allowed as set forth below (the "Allowed Customer Claims"):

- Mirana shall have an allowed customer claim against FTX.com in the amount of $17,600,409.

- Time Research shall have an allowed customer claim against FTX.com in the amount of $135,563.

- Sean Tan shall have an allowed customer claim against FTX.com in the amount of $3,677,425.

- Germaine Tan shall have an allowed customer claim against FTX.com in the amount of $4,360.

- Weizheng Ye shall have an allowed customer claim against FTX.com in the amount of $23,789.

- Nashon Loo shall have an allowed customer claim against FTX.com in the amount of $1,619.

Each of Mirana, Time Research, Sean Tan, Germaine Tan, Weizheng Ye and Nashon Loo shall be entitled to receive distributions on account of their respective Allowed Customer Claim consistent with, and subject to, the provisions of the FTX Plan (defined below).

8. **Dismissal of Adversary Proceeding.**  Within seven (7) days of the Debtors' receipt of (i) all of the assets held in the Bybit Accounts in full, and (ii) the proceeds of the BIT Token Purchase in full, Plaintiffs shall file with the Bankruptcy Court a notice of dismissal with prejudice of the Adversary Proceeding.

9. **Support for the FTX Plan.**  As of the Settlement Effective Date, the Defendants shall support and not object to the Debtors' chapter 11 plan (as may be amended, modified or supplemented from time to time (provided that any such amendment, modification, or supplementation is not inconsistent with the terms of this Settlement Agreement), the "FTX Plan"), and shall not take any action to delay, impede or prevent the confirmation or effectiveness of the FTX Plan; *provided, however*, that the Defendants shall not be required to incur any cost or expense in order to support the FTX Plan.

10. **Releases of Claims by Defendants.** Effective on the Settlement Effective Date (for the avoidance of doubt, without the need for any further steps or actions to be taken by any Party) and in consideration of agreements provided for herein, and other good and valuable consideration, the Defendants, each on its own behalf, and on behalf of their respective current or former affiliates and subsidiaries (and any liquidator, administrator, receiver, or trustee of any of the foregoing), officers, directors, predecessors, successors, and assigns (collectively, "Defendant Releasors"), do hereby release, remise, and forever discharge Plaintiffs, the Debtors, and the Debtors' estates, along with each of their respective current or former affiliates, subsidiaries, officers, directors, advisors, employees, predecessors, successors, and assigns from and against any and all past, present, or future actions, causes of action, liabilities, losses, damages, obligations, attorneys' fees and expenses, costs, or any other claims and demands of whatever kind or character, in law, admiralty, or equity, whether known or unknown, whether anticipated or unanticipated, whether suspected or claimed, whether fixed or contingent, whether yet accrued or not, whether arising under the Bankruptcy Code or not, and whether damages have resulted from such or not, that the Defendant Releasors have or could hereafter assert against Plaintiffs, the Debtors, or the Debtors' estates to the extent relating to, arising from, or in connection with the Chapter 11 Cases, the Filed Proof of Claim, or the allegations in the Complaint; provided, however, this paragraph does not apply to any of the Debtors' obligations under the terms of this Settlement Agreement or claims for breach of this Settlement Agreement or the FTX Plan. The Defendants expressly represent and warrant that they have not transferred or purported to transfer, and will not transfer or purport to transfer, any claims against any of the Debtors or any of their affiliates or representatives; provided, however, this release and representation of no intent to transfer ***shall not apply*** to the Allowed Customer Claims; provided, further that the Defendants shall not transfer any of the Allowed Customer Claims unless (i) the transferee enters into a written agreement providing that such transferee shall not take any adverse actions in its capacity as creditor under such Allowed Customer Claim (other than acquiring claims against the Debtors) and shall be bound by the obligations set forth in Section 9 of this Settlement Agreement, but shall remain free to act in its capacity as creditor under any other proofs of claim they may hold; and (ii) the Defendants provide a copy of such agreement to the Plaintiffs.

11. **Releases of Claims by Debtors.** Effective on the Settlement Effective Date (for the avoidance of doubt, without the need for any further steps or actions to be taken by any Party) and in consideration of agreements provided for herein, and other good and valuable consideration, Plaintiffs, the Debtors, and the Debtors' estates, each on its own behalf, and on behalf of their respective current or former affiliates and subsidiaries (and any liquidator, administrator, receiver, or trustee of any of the foregoing), officers, directors, predecessors, successors, and assigns (collectively, "Debtor Releasors"), do hereby release, remise, and forever discharge the Defendants, along with each of their respective current or former affiliates, subsidiaries, directors, officers, advisors, employees, predecessors, successors, and assigns, from and against any and all past, present, or future actions, causes of action, liabilities, losses, damages, obligations, attorneys' fees and expenses, costs, or any other claims and demands of whatever kind or character, in law, admiralty, or equity, whether known or unknown, whether anticipated or unanticipated, whether suspected or claimed, whether fixed or contingent, whether yet accrued or not, whether arising under the Bankruptcy Code or not, and whether damages have resulted from such or not, that the Debtor Releasors have or could hereafter assert against the Defendants, to the extent relating to, arising from, or in connection with the Chapter 11 Cases or the allegations in the Complaint; provided, however, this paragraph does not apply to any of the Defendants'

obligations under the terms of this Settlement Agreement or claims for breach of this Settlement Agreement.

12. **Indemnification.** Effective on the Settlement Effective Date, the Debtors will jointly and severally indemnify Bybit, its representatives, and its affiliates for all losses, costs, expenses, or liabilities, including all actual reasonable attorney's fees and costs, arising out of or incurred in connection with any claim brought against Bybit, its representatives, or its affiliates, by any of the Non-Debtor Account Holders or their documented owners asserting a claim or entitlement to the Bybit Accounts or any of the assets in the Bybit Accounts (an "<u>Indemnified Claim</u>"). In the event that Bybit becomes aware of any claims relating to an Indemnified Claim, Bybit shall promptly notify the Debtors within seven (7) business days. If any claim or action relating to an Indemnified Claim is commenced, Bybit (or its representatives or affiliates, as applicable) shall select counsel of record reasonably acceptable to the Debtors to defend such claim, at the expense of the Debtors, including reasonable attorney's fees and costs; *provided*, however, that Cooley LLP and any firm that is a member of the Norton Rose Fulbright verein shall be deemed acceptable counsel. The Debtors further agree that they will (i) promptly reimburse Bybit, (or its representatives or affiliates, as applicable) for all reasonable documented losses, costs, expenses, or liabilities, including but not limited to reasonable attorneys' fees and costs, incurred in connection with any Indemnified Claim; and (ii) ensure that for at least three years from the Settlement Effective Date, the estates have sufficient funds on hand, as reasonably determined by the Debtors, to satisfy any Indemnified Claim. The Debtors' obligations pursuant to this provision shall be an administrative obligation of the Debtors' estates under 11 U.S.C. § 503 and applicable law.

13. **No Admission of Liability.** This Settlement Agreement does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Settlement Agreement shall not be construed as an admission of liability.

14. **Good Faith and Understanding.** The Parties expressly represent and warrant that this Settlement Agreement is entered into in good faith and acknowledge that execution of this Settlement Agreement is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Settlement Agreement. The Parties further represent and warrant that each individual signing the Settlement Agreement on behalf of such Party is fully authorized to sign on behalf of said Party.

15. **Cooperation.** Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Settlement Agreement by the Bankruptcy Court and entry of the Approval Order, and to effectuate its terms.

16. **Counterparts.** This Settlement Agreement may be executed in counterparts by one or more of the Parties, and all such counterparts when so executed shall together constitute the final Settlement Agreement, as if one document had been signed by all Parties; and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Parties subscribed thereto upon the execution by all Parties to this Settlement Agreement. Delivery of this signed agreement by facsimile transmission or by .pdf, .jpeg, TIFF, or other form of electronic mail attachment will be deemed effective as delivery of a manually

executed counterpart prior to and in the absence of manual delivery and will be binding upon the Parties.

17. **Notices.** Any notices required hereunder shall be sent by either (i) certified mail, (ii) first class, return receipt requested, or (iii) by a nationally recognized overnight delivery service, as well as by email, to the following:

If to Mirana:

**NORTON ROSE FULBRIGHT US LLP**

Eric Daucher
Steve Dollar
Victoria Corder
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.318.3000
eric.daucher@nortonrosefulbright.com
steve.dollar@nortonrosefulbright.com
victoria.corder@nortonrosefulbright.com

If to Bybit:

**COOLEY LLP**

William K. Pao
Wells Fargo Center, South Tower
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: 213.561.3249
wpao@cooley.com

If to Time Research:

**SAUL EWING LLP**

Monique B. DiSabatino
Mark Minuti
1201 North Market Street, Suite 2300
Wilmington, Delaware 19801
Telephone: 302.421.6800
monique.disabatino@saul.com
mark.minuti@saul.com

If to Sean Tan, Germaine Tan, Weizheng Ye and/or Nashon Loo:

**HERBERT SMITH FREEHILLS LLP**

Peter Behmke
Herbert Smith Freehills New York LLP
200 Park Avenue
New York, New York, 10166
Telephone: 917.542.7600
peter.behmke@hsf.com

If to the Debtors:

John J. Ray III
125 Broad Street
FTX Mail Room, 32nd Floor
New York, New York, 10004
E-mail: jray@greylockpartnersllc.com

with copies to:

**SULLIVAN & CROMWELL LLP**

Brian D. Glueckstein
Justin J. DeCamp
Jacob M. Croke
125 Broad Street
New York, New York 10004
Email: gluecksteinb@sullcrom.com
decampj@sullcrom.com
crokej@sullcrom.com

18.     **Jurisdiction, Choice of Law and Venue.**  The Bankruptcy Court shall retain, and each of the Parties irrevocably consents to, jurisdiction solely for purposes of enforcing the terms and conditions of this Settlement Agreement, and waives any objection that it may have to the laying of venue in any such court or that any such court is an inconvenient forum.  This Settlement Agreement shall be governed by the laws of the State of New York.  In the event that the Bankruptcy Court declines to approve this Settlement Agreement, or the Approval Order does not become final and non-appealable, nothing contained herein shall constitute a consent to personal jurisdiction by Defendants in the Chapter 11 Cases or Adversary Proceeding.

19.     **Entire Agreement and Amendments.**  This Settlement Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings.  This Settlement Agreement may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney or other representative.

20. **Authorization.** Each Party, by and through their undersigned counsel, represents and warrants that the undersigned is fully authorized and empowered to execute and deliver this Settlement Agreement on behalf of, and to bind, each of the Parties, as applicable, to the terms and conditions of this Settlement Agreement.

21. **Costs.** Each Party shall bear its own costs and legal fees in connection with this Settlement Agreement and the Adversary Proceeding.

<u>EXECUTION VERSION</u>

**AGREED BY**:

October 24, 2024

| **LANDIS RATH & COBB LLP** | **WOMBLE BOND DICKINSON (US) LLP** |
|---|---|
| */s/ Matthew B. McGuire* | */s/* |
| Adam G. Landis (No. 3407) | Matthew P. Ward (No. 4471) |
| Matthew B. McGuire (No. 4366) | Morgan L. Patterson (No. 5388) |
| Kimberly A. Brown (No. 5138) | 1313 North Market Street, Suite 1200 |
| Matthew R. Pierce (No. 5946) | Wilmington, Delaware 19801 |
| 919 Market Street, Suite 1800 | Telephone: 302.252.4320 |
| Wilmington, Delaware 19801 | matthew.ward@wbd-us.com |
| Telephone: 302.467.4400 | morgan.patterson@wbd-us.com |
| landis@lrclaw.com | |
| mcguire@lrclaw.com | - and - |
| brown@lrclaw.com | |
| pierce@lrclaw.com | **NORTON ROSE FULBRIGHT US LLP** |

- and -

Eric Daucher (*pro hac vice* pending)
Steve Dollar (*pro hac vice* pending)
Victoria Corder (*pro hac vice* pending)
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.318.3000
eric.daucher@nortonrosefulbright.com
steve.dollar@nortonrosefulbright.com
victoria.corder@nortonrosefulbright.com

**SULLIVAN & CROMWELL LLP**

Steven L. Holley (admitted *pro hac vice*)
Stephanie G. Wheeler (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Justin J. DeCamp (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
holleys@sullcrom.com
wheelers@sullcrom.com
gluecksteinb@sullcrom.com
decampj@sullcrom.com
dunnec@sullcrom.com
crokej@sullcrom.com

*Counsel for Defendant Mirana Corp.*

*Counsel for the Debtors and Debtors-in-Possession*

EXECUTION VERSION

**AGREED BY**:

October 3, 2024

| | |
|---|---|
| **LANDIS RATH & COBB LLP** | **WOMBLE BOND DICKINSON (US) LLP** |
| /s/ _____ | /s/ _____ |
| Adam G. Landis (No. 3407) | Matthew P. Ward (No. 4471) |
| Matthew B. McGuire (No. 4366) | Morgan L. Patterson (No. 5388) |
| Kimberly A. Brown (No. 5138) | 1313 North Market Street, Suite 1200 |
| Matthew R. Pierce (No. 5946) | Wilmington, Delaware 19801 |
| 919 Market Street, Suite 1800 | Telephone: 302.252.4320 |
| Wilmington, Delaware 19801 | matthew.ward@wbd-us.com |
| Telephone: 302.467.4400 | morgan.patterson@wbd-us.com |
| landis@lrclaw.com | |
| mcguire@lrclaw.com | - and - |
| brown@lrclaw.com | |
| pierce@lrclaw.com | **NORTON ROSE FULBRIGHT US LLP** |
| | |
| - and - | Eric Daucher (*pro hac vice* pending) |
| | Steve Dollar (*pro hac vice* pending) |
| **SULLIVAN & CROMWELL LLP** | Victoria Corder (*pro hac vice* pending) |
| | 1301 Avenue of the Americas |
| Steven L. Holley (admitted *pro hac vice*) | New York, New York 10019 |
| Stephanie G. Wheeler (admitted *pro hac vice*) | Telephone: 212.318.3000 |
| Brian D. Glueckstein (admitted *pro hac vice*) | eric.daucher@nortonrosefulbright.com |
| Justin J. DeCamp (admitted *pro hac vice*) | steve.dollar@nortonrosefulbright.com |
| Christopher J. Dunne (admitted *pro hac vice*) | victoria.corder@nortonrosefulbright.com |
| Jacob M. Croke (admitted *pro hac vice*) | |
| 125 Broad Street | *Counsel for Defendant Mirana Corp.* |
| New York, NY 10004 | |
| Telephone: (212) 558-4000 | |
| holleys@sullcrom.com | |
| wheelers@sullcrom.com | |
| gluecksteinb@sullcrom.com | |
| decampj@sullcrom.com | |
| dunnec@sullcrom.com | |
| crokej@sullcrom.com | |
| | |
| *Counsel for the Debtors and Debtors-in-Possession* | |

EXECUTION VERSION

**CONNOLLY GALLAGHER LLP**

/s/ *Karen C. Bifferato*

Karen C. Bifferato (No. 3279)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
(302) 757-7300
kbifferato@connollygallagher.com

- and -

**COOLEY LLP**

William K. Pao
Wells Fargo Center, South Tower
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: 213.561.3249
wpao@cooley.com

*Counsel for Defendant Bybit Fintech Ltd.*

**SAUL EWING LLP**

/s/

Monique B. DiSabatino (No. 6027)
Mark Minuti (No. 2659)
1201 North Market Street, Suite 2300
Wilmington, Delaware 19801
Telephone: 302.421.6800
monique.disabatino@saul.com
mark.minuti@saul.com

*Counsel for Defendant Time Research Ltd.*

**STEVENS & LEE, P.C.**

/s/

Joseph H. Huston, Jr. (No. 4035)
919 North Market Street, Suite 1300
Wilmington, Delaware
Telephone: 302.425.3310
joseph.huston@stevenslee.com

- and -

**HERBERT SMITH FREEHILLS LLP**

Peter Behmke (*pro hac vice* pending)
Herbert Smith Freehills New York LLP
200 Park Avenue
New York, New York, 10166
Telephone: 917.542.7600
peter.behmke@hsf.com

*Counsel for Defendants Wei "Sean" Tan, Wei Lin "Germaine" Tan, Weizheng Ye, and Nashon Loo Shun Liang*

<u>EXECUTION VERSION</u>

| | |
|---|---|
| **CONNOLLY GALLAGHER LLP**<br><br>*/s/*<br>Karen C. Bifferato (No. 3279)<br>1201 N. Market Street, 20th Floor<br>Wilmington, DE  19801<br>(302) 757-7300<br>kbifferato@connollygallagher.com<br><br>- and -<br><br>**COOLEY LLP**<br><br>William K. Pao<br>Wells Fargo Center, South Tower<br>355 South Grand Avenue, Suite 900<br>Los Angeles, CA 90071-1560<br>Telephone: 213.561.3249<br>wpao@cooley.com<br><br>*Counsel for Defendant Bybit Fintech Ltd.* | **SAUL EWING LLP**<br><br>Monique B. DiSabatino (No. 6027)<br>Mark Minuti (No. 2659)<br>1201 North Market Street, Suite 2300<br>Wilmington, Delaware 19801<br>Telephone: 302.421.6800<br>monique.disabatino@saul.com<br>mark.minuti@saul.com<br><br>*Counsel for Defendant Time Research Ltd.*<br><br>**STEVENS & LEE, P.C.**<br><br>*/s/*<br>Joseph H. Huston, Jr. (No. 4035)<br>919 North Market Street, Suite 1300<br>Wilmington, Delaware<br>Telephone: 302.425.3310<br>joseph.huston@stevenslee.com<br><br>- and -<br><br>**HERBERT SMITH FREEHILLS LLP**<br><br>Peter Behmke (*pro hac vice* pending)<br>Herbert Smith Freehills New York LLP<br>200 Park Avenue<br>New York, New York, 10166<br>Telephone: 917.542.7600<br>peter.behmke@hsf.com<br><br>*Counsel for Defendants Wei "Sean" Tan, Wei Lin "Germaine" Tan, Weizheng Ye, and Nashon Loo Shun Liang* |

EXECUTION VERSION

| | |
|---|---|
| **CONNOLLY GALLAGHER LLP**<br><br>/s/ _____<br>Karen C. Bifferato (No. 3279)<br>1201 N. Market Street, 20th Floor<br>Wilmington, DE 19801<br>(302) 757-7300<br>kbifferato@connollygallagher.com<br><br>- and -<br><br>**COOLEY LLP**<br><br>William K. Pao<br>Wells Fargo Center, South Tower<br>355 South Grand Avenue, Suite 900<br>Los Angeles, CA 90071-1560<br>Telephone: 213.561.3249<br>wpao@cooley.com<br><br>*Counsel for Defendant Bybit Fintech Ltd.* | **SAUL EWING LLP**<br><br>/s/ _____<br>Monique B. DiSabatino (No. 6027)<br>Mark Minuti (No. 2659)<br>1201 North Market Street, Suite 2300<br>Wilmington, Delaware 19801<br>Telephone: 302.421.6800<br>monique.disabatino@saul.com<br>mark.minuti@saul.com<br><br>*Counsel for Defendant Time Research Ltd.*<br><br>**STEVENS & LEE, P.C.**<br><br>/s/ _____<br>Joseph H. Huston, Jr. (No. 4035)<br>919 North Market Street, Suite 1300<br>Wilmington, Delaware<br>Telephone: 302.425.3310<br>joseph.huston@stevenslee.com<br><br>- and -<br><br>**HERBERT SMITH FREEHILLS LLP**<br><br>Peter Behmke (*pro hac vice* pending)<br>Herbert Smith Freehills New York LLP<br>200 Park Avenue<br>New York, New York, 10166<br>Telephone: 917.542.7600<br>peter.behmke@hsf.com<br><br>*Counsel for Defendants Wei "Sean" Tan, Wei Lin "Germaine" Tan, Weizheng Ye, and Nashon Loo Shun Liang* |