## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | |
| ALAMEDA RESEARCH LTD., | |
| Plaintiff, | |
| - against - | |
| MEK GLOBAL LIMITED, PEKEN GLOBAL LIMITED, PHOENIXFIN PTE. LTD. and FLASHDOT LIMITED, | Adv. Pro. No. 24-_____(JTD) |
| Defendants. | |

### COMPLAINT FOR TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 542 AND FOR VIOLATIONS OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

Plaintiff Alameda Research Ltd. ("Alameda" or "Plaintiff"), through its undersigned counsel, for its complaint against Mek Global Limited, Peken Global Limited, PhoenixFin Pte. Ltd., and Flashdot Limited (together, "KuCoin" or "Defendants"), alleges the following based upon personal knowledge and upon its investigation to date as to itself and its own acts, and upon information and belief as to all other matters:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

## NATURE OF THE CASE

1.       Plaintiff brings this adversary proceeding ("Adversary Proceeding") pursuant to

Section 542 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy

Code") to recover more than $50 million of debtor assets held in a KuCoin exchange account

belonging to Alameda.  Plaintiff also asserts a claim for violations of the automatic stay pursuant

to Section 362 of the Bankruptcy Code for Defendants' actions affecting property of the debtors'

estates.

2.       On November 11 and November 14, 2022 (as applicable, the "Petition Date"),

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the

"Debtors" and each a "Debtor") filed with the United States Bankruptcy Court for the District of

Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

No trustee has been appointed for Plaintiff or any other Debtor in the above-captioned

bankruptcy cases (collectively, the "Chapter 11 Cases"), and the Debtors continue to operate

their businesses and manage their properties as debtors-in-possession pursuant to

Sections 1107(a) and 1108 of the Bankruptcy Code.  On November 22, 2022, the Court entered

an order authorizing joint administration of the Chapter 11 Cases [D.I. 128].  Accordingly,

Plaintiff has the authority to file this Complaint to commence, and thereafter to prosecute, this

adversary proceeding.

3.       Prior to the filing of the Chapter 11 Cases, Alameda engaged in cryptocurrency

trading, venture investing and other activities.  As part of its trading operations, Alameda opened

and operated accounts at various cryptocurrency exchanges around the world.

4.      Defendants currently operate the cryptocurrency exchange known as KuCoin, which is one of the world's largest cryptocurrency exchanges, boasting over 27 million global users and over $1.5 billion in daily trading volume.[2]

5.      Prior to the filing of these Chapter 11 Cases, Alameda maintained an account on KuCoin with an account number ending in -1977 (the "Account").  The Account was registered in the name of, funded and controlled by, and used solely for the benefit of Alameda.

6.      Immediately after commencing these Chapter 11 Cases, the Debtors determined that the Account contained Debtor assets then-valued at nearly $30 million, and that KuCoin had locked the Account, rendering the Debtors unable to recover their assets.  The Debtors promptly contacted KuCoin to request that they preserve the Debtors' assets in the Account and cooperate with the Debtors' requests to facilitate the return of these assets for the benefit of the Debtors' estates.

7.      Despite repeated outreach from the Debtors through a wide range of approaches, KuCoin has refused to cooperate with the Debtors' requests and continues to wrongfully withhold the Debtors' property.  This Adversary Proceeding seeks the turnover of these estate assets held by KuCoin.

8.      During the course of this Adversary Proceeding, Plaintiff may learn (through discovery or otherwise) of additional property of the Debtors subject to turnover under Section 542 of the Bankruptcy Code, or of transfers made to KuCoin that are avoidable under Sections 547 or 548 of the Bankruptcy Code.  Plaintiff intends to recover all such property and avoid and recover all such transfers made to or for the benefit of KuCoin or any other transferee

---

[2]      *See* https://www.kucoin.com/about-us.

of such transfers.  Plaintiff reserves the right to amend this Complaint to include, without

limitation:  (i) further information regarding any property or transfers, (ii) additional plaintiffs or

defendants, (iii) modifications of and/or revision to the defendants' names, and (iv) additional

causes of action, if applicable (collectively, the "Amendments"), that may become known at any

time during this Adversary Proceeding, through formal discovery or otherwise, and intend for

any such Amendments to relate back to this Complaint.

### JURISDICTION AND VENUE

9.      This Adversary Proceeding relates to the Plaintiff's Chapter 11 Cases filed with

this Court on the Petition Date.  The Court has jurisdiction over this Adversary Proceeding

pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference* from

the United States District Court for the District of Delaware, dated February 29, 2012.

10.     This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b),

and the Court may enter final orders herein.

11.     Venue of this Adversary Proceeding in this District is proper pursuant to

28 U.S.C. § 1409, and venue in this District is consistent with the interests of justice, judicial

economy, and fairness.

12.     The statutory predicates for the relief requested herein are Sections 105(a),

502(d), 542, and 544 of the Bankruptcy Code.

13.     This Adversary Proceeding is commenced pursuant to Rule 7001 of the Federal

Rules of Bankruptcy Procedure because, at a minimum, it seeks, among other things, to recover

money or property belonging to the Debtors' Chapter 11 estates.  Fed. R. Bankr. P. 7001(1).

14.     Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry

of final orders and judgments by the Court on these claims to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

15.     Plaintiff and Debtor Alameda is a British Virgin Islands company limited by shares.

16.     Defendant Mek Global Limited is a company incorporated in the Republic of Seychelles.  The KuCoin exchange operated under the legal name of Mek Global Limited.

17.     Defendant Peken Global Limited is a company incorporated in the Republic of Seychelles.  Peken Global Limited is a related entity to Mek Global Limited and is involved in the operations of the KuCoin exchange.

18.     Defendant PhoenixFin Pte. Ltd. is a company incorporated in Singapore. PhoenixFin Pte. Ltd. is a related entity to Mek Global Limited and is involved in the operations of the KuCoin exchange.

19.     Defendant Flashdot Limited is a company incorporated in the Cayman Islands, formerly known as "PhoenixFin Limited."  Flashdot Limited is the parent of PhoenixFin Pte. Ltd. and Peken Global Limited.

20.     At all relevant times, KuCoin has been owned and operated by or through one or more associated companies, including Defendants.  Upon information and belief, Defendants operate as a unified, integrated enterprise, including sharing management and operational teams. Because Defendants operate as a joint enterprise, they are described together in this complaint as "KuCoin."

## FACTUAL ALLEGATIONS

21.     Prior to the Petition Date, Alameda engaged in cryptocurrency trading and other activities.  In connection with its cryptocurrency trading activities, Alameda maintained and

operated accounts on various cryptocurrency exchanges around the world, including the Account at KuCoin. As of the Petition Date, the Account held Debtor assets valued at approximately $28 million. Upon information and belief, the Debtor assets in the Account are currently valued at more than $50 million.

22.     KuCoin has without justification refused to turn over the assets in the Account to the Debtors, despite numerous requests. On November 16, 2022, the now-CEO of the Debtors sent a letter to KuCoin's CEO, copying KuCoin's legal team, requesting that the assets in the Account be secured and seeking to coordinate the transfer of the assets in the Account to the Debtors. Despite repeated follow-ups from the Debtors over the next two months, including through outreach to numerous other KuCoin departments, KuCoin continued to ignore the Debtors' requests.

23.     On January 31, 2023, the Debtors sent another letter to KuCoin's CEO and legal team, informing KuCoin that the Court had authorized the Debtors to secure at-risk assets and move all cash and securities held in third-party brokerages to other accounts. The letter also explained that Section 362 of the Bankruptcy Code operates as a worldwide automatic stay, enjoining all persons from taking any action to exercise control over property of any Debtor, and that Section 542 of the Bankruptcy Code requires that any estate property be turned over to the Debtors upon request.

24.     After further outreach from the Debtors, KuCoin finally responded on April 7, 2023 (through KuCoin's "Customer Care and Support Team") to ask for the account number associated with the Account. The Debtors promptly provided that information, but notwithstanding repeated follow-ups to various KuCoin departments, KuCoin continued to refuse to comply with the Debtors' requests.

25.     On July 27, 2023, after further outreach, KuCoin's regulatory compliance department asked the Debtors to provide a copy of the Court order authorizing the Debtors to secure the assets in the Account, which the Debtors promptly provided.  KuCoin still did not comply.

26.     On December 12, 2023, the New York Attorney General announced that KuCoin had agreed to a settlement pursuant to which it would pay more than $22 million for failing to register as a securities and commodities broker-dealer (among other violations).  The following morning, the Debtors contacted the outside counsel that represented KuCoin in connection with that settlement, in the hope that KuCoin might finally respond to the Debtors' requests. Notwithstanding further follow-ups to KuCoin and its in-house and outside legal teams, KuCoin has continued to refuse to turn over the Debtors' assets or even to meaningfully engage with the Debtors regarding their requests.  As a result, the Debtors have no choice but to seek judicial enforcement of their rights under the Bankruptcy Code.

27.     Section 542(a) of the Bankruptcy Code mandates that "an entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."  11 U.S.C. § 542(a).

28.     The assets in the Account at KuCoin are property of the Debtors' estates pursuant to Section 541(a)(1) of the Bankruptcy Code, which defines "property of the estate" to include,

among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held." 11 U.S.C. § 541(a).[3]

29.    "Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law." *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J. 2002). "[T]he Bankruptcy Code is not concerned with the 'technicalities of title' when it comes to determining property of the estate." *In re NJ Affordable Homes Corp.*, 2006 WL 2128624, at *8 (Bankr. D.N.J. June 29, 2006) (cleaned up). Instead, property belongs to the estate where the debtor controls the property or otherwise indicates its "legal or equitable interests" in the property. *E.g.*, *In re Schwartz*, 2014 WL 2621114, at *5 (Bankr. D.N.J. June 12, 2014) (holding that bank account not in debtor's name was nevertheless property of the estate where debtor funded account, showed "ownership, control, and interest" in account, and money "functionally belonged" to debtor).

30.    Moreover, by refusing to return the assets in the Account to the Debtors, Defendants are depriving the Debtors of the value of their property and have caused the Debtors to incur significant costs in seeking to secure those assets. By refusing to process the Debtors' withdrawal requests, Defendants flout one of the key purposes of the automatic stay: "to prevent any creditor from becoming a self-determined arbiter of what constitutes property of the estate and what actions are permitted or prohibited by the stay." *In re Johnson*, 548 B.R. 770, 787 (Bankr. S.D. Ohio, 2016); *see also Maritime Elec. Co., Inc*. v. *United Jersey Bank*, 959 F.2d

---

[3]    In addition, insofar as KuCoin qualifies as a custodian under Bankruptcy Code section 543, it is obligated to "deliver to the [Debtors] any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case." 11 U.S.C. § 543(b).

1194, 1204 (3d Cir. 1991) ("[T]he stay protects creditors by preventing particular creditors from acting unilaterally in self-interest . . . to the detriment of other creditors.").

## CAUSES OF ACTION

### COUNT ONE
### TURNOVER CLAIM PURSUANT TO 11 U.S.C. § 542

31.     Plaintiff repeats and realleges the allegations in paragraphs 1 through [31] as if fully set forth here.

32.     As alleged above, KuCoin continues to withhold the assets contained in the Account, which are assets of the Debtors' estates that are not of inconsequential value.  The Debtors seek an order from the Court directing KuCoin to turn over to the Debtors the assets in the Account, which are property of the Debtors' estates pursuant to Bankruptcy Code Section 541(a)(1).

33.     The relief requested also is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code.  Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

### COUNT TWO
### VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(3), (k)

34.     Plaintiff repeats and realleges the allegations in paragraphs 1 through [31] as if fully set forth here.

35.     Section 362(a)(3) of the Bankruptcy Code provides, in relevant part, that a petition "filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).

36.     The Debtors' assets in the Account comprise property of the Debtors' estates under Section 541 of the Bankruptcy Code.  *See* 11 U.S.C. § 541(a)(1) (estate property is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case").

37.     Section 362(k) of the Bankruptcy Code permits an individual injured by a willful violation of the automatic stay to recover "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  *See* 11 U.S.C. § 362(k)(1).

38.     Plaintiff respectfully submits that the above circumstances warrant both actual and punitive damages to be determined by the Court based on the depletion of estate assets, including any losses in value of the Debtors' assets in the Account resulting from the Defendants' actions, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

39.     Enter an order under 11 U.S.C. § 542 and 105(a) directing the turnover of all assets held in the Account to Debtor Alameda;

40.     Enter an order under 11 U.S.C. § 362(k) awarding actual and punitive damages to Plaintiff for Defendants' violation of the automatic stay with respect to the assets in the Account;

41.     Award Plaintiff its attorneys' fees, pre- and post-judgment interests, and costs of suit; and

42.     Award Plaintiff all other relief, at law or equity, to which it may be entitled.

Dated:  October 28, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Matthew B. McGuire*
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
Matthew B. McGuire (No. 4366)
Howard W. Robertson IV (No. 6903)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      cobb@lrclaw.com
      mcguire@lrclaw.com
      robertson@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Stephanie G. Wheeler (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Justin J. DeCamp (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: wheelers@sullcrom.com
      gluecksteinb@sullcrom.com
      decampj@sullcrom.com
      dunnec@sullcrom.com
      crokej@sullcrom.com

*Counsel for the Debtors*
*and Debtors-in-Possession*