**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br><br>**Hearing Date:  November 20, 2024, at 2:00 p.m.**<br>**(prevailing Eastern Time)**<br>**Obj. Deadline:  November 13, 2024, at 4:00 p.m.**<br>**(prevailing Eastern Time)** |

**EXAMINER'S MOTION FOR ENTRY OF AN ORDER**
**DISCHARGING THE EXAMINER AND GRANTING RELATED RELIEF**

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned

bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates

(collectively, the "Debtors"), files this motion (the "Motion") pursuant to sections 105 and

1106(b) of title 11 of the United States Code (the "Bankruptcy Code") seeking entry of an order:

(i) discharging the Examiner; (ii) relieving the Examiner and his Professionals (as defined

below) from third-party discovery; (iii) authorizing the disposition of documents and information

in the possession of the Examiner and his Professionals; (iv) granting quasi-judicial immunity

and exculpating the Examiner and his Professionals from any liability with respect to any act,

omission, statement, or representation arising out of or relating to the Investigations or the

Reports (each as defined below); and (v) authorizing the Examiner to seek payment of fees and

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

reimbursement of expenses incurred in connection with certain post-discharge activities of the Examiner and his Professionals.  In support of the Motion, the Examiner respectfully states as follows:

## JURISDICTION, VENUE, AND STANDING

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference issued by the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases and other authority for the relief requested herein are sections 105 and 1106(b) of the Bankruptcy Code.

4.      Pursuant to Local Rule 9013-1(f), the Examiner consents to this Court's entry of a final order in connection with this Motion to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5.      On November 11 and 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022, ECF No. 128.  On December 15, 2022, the

United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "Creditors' Committee").  *See* ECF No. 231.

6.      On December 1, 2022, the U.S. Trustee filed the *Motion of the United States Trustee for Entry of an Order Directing the Appointment of an Examiner*, ECF No. 176 (the "Examiner Motion").

7.      On February 21, 2023, the Court entered the *Order Denying Motion for the Appointment of an Examiner*, ECF No. 746 (the "Examiner Order").  On March 6, 2023, the U.S. Trustee filed a notice of appeal of the Examiner Order, ECF No. 805, and on January 19, 2024, the United States Court of Appeals for the Third Circuit issued an opinion reversing the Examiner Order.

8.      On February 23, 2024, the Court entered an order directing the U.S. Trustee to appoint an examiner in the Debtors' cases.  *See* ECF No. 7909.

9.      On February 27, 2024, the U.S. Trustee filed the *Notice of Appointment of Examiner*, ECF No. 8047, and the *(I) Application of the United States Trustee for Order Approving the Appointment of Robert J. Cleary, Esq. as Examiner; (II) Motion for Entry of an Order (A) Establishing the Scope, Cost, Degree, and Duration of the Initial Phase of the Examination and (B) Granting Relief; and (III) Motion to File Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 8048.

10.     On March 20, 2024, the Court approved Mr. Cleary's appointment as Examiner in these Chapter 11 Cases.  *See* ECF No. 9882.  The Court also entered the *Order (I) (A) Establishing the Scope, Cost, Degree, and Duration of the Examination and (B) Granting Related Relief; and (II) Permitting the Filing of Certain Information Regarding Potential Parties in Interest Under Seal*, ECF No. 9883 (the "Phase I Scope Order"), which set out the scope, cost,

3

degree, and duration of the Examiner's initial investigation (the "Phase I Investigation") and required the Examiner to prepare and file a report summarizing the same (the "Phase I Report").

11.     The Phase I Scope Order obligated the Debtors and the Committee to cooperate with the Examiner and provide certain documents and information within their possession, custody, or control. *See* Phase I Scope Order, ¶ 6. The production of such documents and information did not constitute a waiver of any applicable privileges, and the Examiner was required to cooperate with the Debtors and the Committee to ensure that confidential and privileged information was not disclosed to the public. *See id.* at ¶¶ 7-9.

12.     The Phase I Scope Order also permitted the Examiner to retain and employ counsel. *See id.* at ¶10. The Examiner filed applications seeking authorization to retain and employ Patterson Belknap Webb & Tyler LLP ("Patterson Belknap") and Ashby & Geddes, P.A. ("Ashby & Geddes" and together with Patterson Belknap, the "Professionals") as his counsel. *See* ECF Nos. 10870 & 11087. The Court approved the Examiner's retention and employment of his Professionals on April 19, 2024. *See* ECF Nos. 12256 & 12275.

13.     On May 20, 2024, the Examiner filed his Phase I Report under seal. *See* ECF Nos. 15271 & 15282. On May 23, 2024, the Examiner filed the Phase I Report on the docket publicly. *See* ECF No. 15545.[2]

14.     The Phase I Report recommended three areas for additional investigation. On June 10, 2024, the Examiner filed his *Motion for (I) Authority to Conduct Additional Investigations and (II) An Order Establishing the Scope, Cost, Degree, and Duration of the*

---

[2] On June 20, 2024, the Examiner also filed a set of supplemental annotations to his Phase I Report. *See* ECF No. 18091.

*Second Phase of the Examination and Granting Related Relief*, ECF No. 17166, seeking authorization to conduct the additional investigations.

15.    On June 26, 2024, the Court entered the *Order (I) Granting the Examiner Authority to Conduct Additional Investigations and (II) Establishing the Scope, Cost, Degree, and Duration of the Second Phase of the Examination and Granting Related Relief*, ECF No. 19061 (the "Phase II Scope Order"), granting the Examiner authority to conduct the recommended additional investigations (the "Phase II Investigation" and together with the Phase I Investigation, the "Investigations").  *See* ECF No. 19061.  The Phase II Scope Order directed the Examiner to prepare and file a report summarizing his Phase II Investigation (the "Phase II Report" and together with the Phase I Report, the "Reports").  The deadline to file the Phase II Report was later extended to September 20, 2024.  *See* ECF No. 23059.  The Phase II Scope Order incorporated the provisions of the Phase I Scope Order relating to privileged and confidential materials.  *See* Phase II Scope Order, ¶ 9.

16.    On September 20, 2024, the Examiner filed the Phase II Report under seal. *See* ECF Nos. 25337 & 25339.  On September 25, 2024, the Examiner filed the Phase II Report on the docket publicly.  *See* ECF No. 25679.  The Phase II Report does not recommend additional investigations.

17.    The Debtors and the Creditors' Committee cooperated extensively with the Investigations.  The Examiner received over 50,000 documents, mostly from the Debtors and the Creditors' Committee (the "Investigative Record").  As permitted by the Phase I Scope Order and the Phase II Scope Order, the vast majority of these documents are subject to a claim of confidentiality and/or privilege ("Privileged Material").  The Examiner also interviewed multiple

5

witnesses.  Notes taken and memoranda written by the Examiner and his Professionals also

constitute Privileged Material.

18.     On October 8, 2024, this Court entered the *Findings of Fact, Conclusions*

*of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of*

*FTX Trading Ltd. and its Debtor Affiliates*, ECF No. 26404 (the "Confirmation Order"), which

confirmed the Debtors' joint plan of reorganization (the "Plan").

## RELIEF REQUESTED

19.     Through this Motion, the Examiner seeks entry of an order substantially in

the form attached hereto as Exhibit A (i) discharging the Examiner; (ii) relieving the Examiner

and his Professionals from third-party discovery; (iii) authorizing the disposition of documents

and information in the possession of the Examiner and his Professionals; (iv) granting quasi-

judicial immunity and exculpating the Examiner and his Professionals from any liability with

respect to any act, omission, statement, or representation arising out of or relating to the

Investigations or the Reports; (v) authorizing the Examiner and his Professionals to seek

payment of fees and reimbursement of expenses incurred in connection with certain post-

discharge activities of the Examiner and his Professionals; and (vi) granting such other and

further relief as deemed just and proper.

## ARGUMENT

### A.  Discharge is Appropriate

20.     The Examiner's Investigations are now complete.  He has filed two

Reports publicly disclosing his findings.  He does not recommend additional investigations.  The

Examiner therefore requests to be discharged from any further obligations as Examiner, provided

that, if the Examiner finds it appropriate, he may provide cooperation with and assistance to the

6

Debtors, government agencies or branches, including the U.S. Trustee, or other parties in interest.  The Examiner will also be authorized to take any further actions as directed or requested by this Court.

21.     This relief is both appropriate and consistent with relief granted to other Examiners.  *See In re New Century TRS Holdings, Inc.*, 407 B.R. 558 (Bankr. D. Del. 2009) (concluding that the Examiner's duties were complete and discharging the Examiner subject to continued cooperation with certain entities); *see also In re Celsius Network LLC*, No. 22-10964 (Bankr. S.D.N.Y. Apr. 4, 2023) [ECF No. 2364] (discharging the examiner while also permitting the examiner to voluntarily cooperate with the U.S. Trustee, government agencies, and other parties in interest).

**B.  Relief from Third-Party Discovery is Necessary**

22.     As noted above, the Investigative Record is extensive and is comprised mostly of Privileged Materials.  The Debtors' collapse has been the subject of highly publicized criminal prosecutions and civil litigations.  *See e.g., United States v. Samuel Bankman-Fried*, No. 22-cr-00673 (S.D.N.Y.) (LAK); *Garrison v. Sullivan & Cromwell, LLP*, No. 24-cv-20630 (S.D. Fla.).  Therefore, the Examiner requests this Court limit the ability of third parties to obtain discovery from the Examiner and his Professionals.

23.     As an independent, third-party fiduciary to the Court, the Examiner is not "a conduit of information to fuel the litigation fires of third-party litigations." *In re Baldwin United Corp.*, 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985); *see also In re New Century TRS Holdings, Inc.*, 407 B.R. at 566 (quoting *Baldwin United Corp.*).  Furthermore, pursuant to this Court's prior orders, the Debtors and the Creditors' Committee provided documents and information subject to ongoing claims of privilege and confidentiality.  "The prospect of an

Examiner being required to indiscriminately produce investigative materials obtained through promises of confidentiality and reliance upon this Court's orders raises grave concerns touching both the integrity of the Bankruptcy Court's process, as well as the integrity of the statutory position of the Examiner." *Id.*; *see also Vietnam Veterans Found. v. Erdman*, 1987 WL 9033, *2 (D.D.C. March 19, 1987) (noting that allowing "parties to use a bankruptcy examiner as a discovery short-cut" could lead "to substantial encroachment on judicial integrity and efficiency").

24.     The Examiner requests that this Court bar third parties from obtaining informal or formal discovery from the Examiner or his Professionals related to or arising from the Examiner's performance of his duties in these Chapter 11 Cases, except pursuant to an order issued by a court of competent jurisdiction after (i) the Examiner and his Professionals were provided notice and an opportunity to object and (ii) the requesting party has demonstrated that the documents or information cannot be obtained from any other source.

25.     The relief requested will protect the Examiner from frivolous discovery attempts and is consistent with the relief provided to other examiners by this Court as well as courts around the country. *See e.g., In re Cred Inc.*, No. 20-12836 (Bankr. D. Del. Jun. 11, 2021) [ECF No. 832]; *In re Celsius Network LLC*, No. 22-10964 (Bankr. S.D.N.Y. Apr. 4, 2023) [ECF No. 2364]*; In re Caesars Ent. Operating Co., Inc.*, No. 15-01145 (Bankr. N.D. Ill. July 20, 2016) [ECF No.4424]*.

### C.  Court Should Authorize the Disposal of the Investigative Record

26.     The Examiner and his Professionals maintain the large Investigative Record that they developed during the course of the Investigations.  Now that the Investigations are complete, the Examiner respectfully requests that the Court authorize the Examiner and his

Professionals to dispose of the Investigative Record, provided that they continue to maintain the record for at least one year following the entry of an order discharging the Examiner from his duties.  Similar relief has been granted by this Court and other bankruptcy courts.  *See e.g., In re Cred Inc.*, No. 20-12836 (Bankr. D. Del. Jun. 11, 2021) [ECF No. 832]; *In re Celsius Network LLC*, No. 22-10964 (Bankr. S.D.N.Y. Apr. 4, 2023) [ECF No. 2364].

### D.  Court Should Grant Quasi-Judicial Immunity and Exculpation

27.     The Examiner is a court fiduciary.  As such, the Examiner and his Professionals are entitled to quasi-judicial immunity.  *See In re Baldwin United Corp.*, 46 B.R. 314, 316–17 (Bankr. S.D. Ohio 1985) (noting that an examiner "is entitled to some immunity from the whirlwind of litigation commonly attendant to large Chapter 11 cases"); *Kovalesky v. Carpenter*, 1997 WL 630144, at *4 (S.D.N.Y. Oct. 9, 1997) (finding that an examiner is "considered a quasi-judicial officer similar to a trustee, receiver, referee, conservator, special master, magistrate or prosecutor").

28.     The Examiner requests that this Court enter an order confirming that he and his Professionals are entitled to quasi-judicial immunity and fully exculpating them to the fullest extent permitted by applicable law from any liability with respect to any act, omission, statement, or representation arising out of or relating to the Investigations or the Reports.  The exculpation will not apply to willful misconduct or gross negligence or violations of any applicable disciplinary rule or code of professional responsibility.

29.     Notably, this Court has already approved a similar exculpation for the Debtors' professionals.  *See* Confirmation Order, ECF No. 26404, ¶¶47-48.  With respect to the Examiner, the requested exculpation should be granted because it will avoid wasteful, inappropriate, and unnecessary litigation related to the Investigations and the Reports.

Examiners are often granted these protections.  *See In re Cred Inc.*, No. 20-12836 (Bankr. D.

Del. Jun. 11, 2021) [ECF No. 832]; *In re Celsius Network LLC*, No. 22-10964 (Bankr. S.D.N.Y.

Apr. 4, 2023) [ECF No. 2364]*.*

### E.  Payment of Post-Discharge Fees and Expenses is Necessary

30.     The Examiner requests authorization to seek post-discharge compensation

and reimbursement of fees and expenses incurred by him and his Professionals in connection

with (a) responding or objecting to any formal or informal discovery or other requests for

information or inquiries served on the Examiner or his Professionals; (b) cooperation with and

assistance to government agencies and branches, including the U.S. Trustee as the Examiner in

his discretion deems appropriate; and (c) other actions undertaken by the Examiner and his

Professionals at the request or direction of the Court.  Payment of the Examiner's fees and

expenses, including the fees and expenses of his Professionals, in these limited circumstances is

warranted to allow the Examiner and his Professionals to defend themselves against

inappropriate discovery requests or to take action that is in the best interests of the Debtors'

estates and/or parties in interests.  The Examiner requests entry of an order authorizing the

Debtors to pay the Examiner and his Professionals for such fees and expenses without further

Court order.

31.     If such fees and expenses are incurred prior to the Effective Date (as

defined in the Debtors' Plan), then the Examiner requests authority to submit invoices to the

Notice Parties identified in the *Order Establishing Procedures for Interim Compensation and*

*Reimbursement of Expenses of Professionals*, ECF No. 435 (the "Interim Compensation Order").

If no Notice Party objects within 21 days, then the Debtors shall be authorized to pay the

Examiner and his Professionals all reasonable and requested fees and expenses. If there is a dispute, then such dispute may be brought to this Court for adjudication.

32.     To the extent the Examiner or his Professionals incur such fees or costs after the Effective Date, the Examiner and his Professionals should be authorized to seek payment or reimbursement from the Plan Administrator (as defined in the Debtors' Plan).

## NOTICE

33.     Notice of this Motion has been given to (a) the U.S. Trustee; (b) the Debtors; (c) the Committee; (d) the ad hoc committee of non-U.S. customers of FTX.com; (e) the joint provisional liquidators of FTX Digital Markets Ltd.; and (f) all parties of record via CM/ECF. In light of the nature of the relief requested, the Examiner submits that no other or further notice need be provided.

## PRIOR REQUEST

34.     No request for the relief sought herein has been made by the Examiner to this or any other court.

WHEREFORE the Examiner respectfully requests entry of the proposed order attached hereto as Exhibit A (i) discharging the Examiner; (ii) relieving the Examiner and his Professionals from third-party discovery; (iii) authorizing the disposition of documents and information in the possession of the Examiner and his Professionals; (iv) granting quasi-judicial immunity and exculpating the Examiner and his Professionals from any liability with respect to any act, omission, statement, or representation arising out of or relating to the Investigations or the Reports; (v) authorizing the Examiner and his Professionals to seek payment of fees and reimbursement of expenses incurred in connection with certain post-discharge services of the

Examiner and his Professionals; and (vi) granting such other and further relief as deemed just and proper.

Dated: October 30, 2024

Respectfully submitted,

**ASHBY & GEDDES, P.A.**

By: _/s/ Michael D. DeBaecke_

Michael D. DeBaecke (Bar No. 3186)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Tel: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

-*and*-

**PATTERSON BELKNAP WEBB & TYLER LLP**

Daniel A. Lowenthal (admitted *pro hac vice*)
Kimberly A. Black (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Email: dalowenthal@pbwt.com
Email: kblack@pbwt.com

*Counsel to Robert J. Cleary in his capacity as Examiner appointed in the Chapter 11 Cases*