## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: November 20, 2024 at 2:00 p.m. (ET)**<br>**Objection Deadline: November 13, 2024 at 4:00pm (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING
THE DEBTORS TO ENTER INTO STIPULATION OF SETTLEMENT
WITH THE SILICON VALLEY COMMUNITY FOUNDATION,
(B) APPROVING THE STIPULATION OF SETTLEMENT,
AND (C) GRANTING RELATED RELIEF**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession
(collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order,
substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of
title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and Rule
9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing
Debtors to enter into the stipulation of settlement, attached as Exhibit 1 to the Order (the
"Stipulation"),[2] between and among (i) Debtors and (ii) the Silicon Valley Community
Foundation ("SVCF" and together with the Debtors, the "Parties").  In support of the Motion, the
Debtors respectfully state as follows:

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
list of such information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is
Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the
Settlement.

**Preliminary Statement**

1.      The Debtors have the opportunity to recover now at least $8,574,674.07 in value for stakeholders without needing to commence litigation following constructive negotiations with SVCF.

2.      In December 2021, FTX and Alameda executives Nishad Singh and Caroline Ellison transferred a total of 434,500 FTT, FTX's proprietary cryptocurrency, to donor advised funds (the "DAFs") administered by SVCF.  Between January and November 2022, SVCF sold a portion of the FTT for a total of $13,625,161 and credited the DAFs with the proceeds of those sales.  SVCF also transferred $5.0 million from Singh's DAF to third party grantees.  The DAFs now hold at least $8,574,674.07 and 34,208.70 FTT.

3.      The Debtors believe they have grounds to avoid the transfers from Singh and Ellison under § 548 of the Bankruptcy Code.

4.      This proposed Stipulation obviates the need for litigation with SVCF and will immediately return no less than $8,574,674.07 and 34,208.70 FTT—representing all of the USD and FTT remaining in the DAFs net of administrative fees and costs—to the Debtors' estates.  The Debtors' entry into the Stipulation is in the best interests of their estates, creditors and stakeholders, and should be swiftly consummated.  Approval of the Stipulation will resolve Debtors' claims against SVCF, and deliver significant recovery while avoiding the expense, uncertainty and burden of litigation.  The Stipulation satisfies Bankruptcy Rule 9019 and should be approved.

**Background**

5.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware, appointed the Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases, pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Official Committee").

6.      On December 4, 2022, the Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee") noticed their appearance [D.I. 185].

7.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

**Jurisdiction**

8.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

---

[3]      November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicates for the relief requested herein are section 105(a) of the

Bankruptcy Code and Bankruptcy Rule 9019.  Pursuant to Local Rule of Bankruptcy Practice

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") 9013-1(f), Debtors consent to the entry of a final order or judgment by the Court in

connection with this Motion to the extent it is later determined that the Court, absent consent of

the parties, cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

### Relief Requested

9.      By this Motion, the Debtors request entry of the Order, substantially in the

form attached hereto as Exhibit A, (a) authorizing the Debtors to enter into the Stipulation,

(b) approving the Stipulation, and (c) granting certain related relief.

### Facts Specific to the Relief Requested

10.      Nishad Singh and Caroline Ellison entered into agreements with SVCF to

create and manage the DAFs in their names.

11.      To fund the DAFs, Singh transferred 250,000 FTT to SVCF on or around

December 31, 2021.  On or around the same date, Ellison transferred 184,500 FTT to SVCF

(together, the "Transfers").

12.      Between January and November 2022, SVCF sold a combined 400,291

FTT for a total of $13,625,161.  SVCF credited Singh and Ellison's respective DAFs with the

proceeds from these sales.  SVCF also transferred $5.0 million from Singh's DAF to the third

party grantees.

13.     The DAFs collectively retain a balance of at least $8,574,674.07 as well as 34,208.70 FTT (collectively, the "Retained Funds").

14.     The Debtors believe they have meritorious claims to avoid and recover the Transfers and related claims arising out of the Transfers, including recovery of proceeds from the sale of transferred FTT.  SVCF disputes these claims and has raised certain defenses.

15.     The Parties have engaged in good faith, arm's length negotiations to resolve the claims.  Through those negotiations, SVCF has cooperated with the Debtors and worked in good faith to expeditiously reach a consensual resolution.  As a result of those negotiations, the parties have agreed to enter into the Stipulation.

16.     The Stipulation provides, among other things, that SVCF will transfer to the Debtors all Retained Funds in the DAFs net of administrative fees and costs—consisting of not less than $8,574,674.07 and 34,208.70 FTT—in exchange for the Debtors' release as to the Transfers and an indemnity against potential claims by Singh and Ellison, or their creditors, which is capped at the amount of USD delivered as part of the Settlement Amount.[4]

## Basis for Relief

I.      **The Stipulation Satisfies Bankruptcy Rule 9019 Because It Is Fair, Reasonable and in the Debtors' Best Interests.**

17.     Resolution of the Debtors' claims against SVCF through the Stipulation is in the best interests of the Debtors and their estates because it will result in SVCF promptly returning at least $8,574,674.07 to Debtors' estates.  This return exceeds that which Debtors likely would obtain in litigation because of the associated legal costs that would be incurred in

---

[4]     Terms not defined in this section are defined in the Settlement.  The summary of the Settlement contained herein is qualified in its entirety by the actual terms and conditions of the Settlement.  To the extent that there is any conflict between any summary contained herein and the actual terms and conditions of the Settlement, the actual terms and conditions of the Settlement shall control.

obtaining a favorable final judgment.  Because SVCF disputes the Debtors' claims and has

certain substantive defenses that would need to be litigated to a favorable conclusion, Debtors

anticipate that litigation would be costly and time consuming.  Settlement on the proposed terms

is thus a reasonable exercise of the Debtors' business judgment satisfying Bankruptcy Rule 9019.

18.     Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by

the trustee and after notice and a hearing, the court may approve a compromise or settlement."

Fed. R. Bankr. P. 9019(a).  Compromises and settlements are "a normal part of the process of

reorganization."  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v.

*Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case v. L.A. Lumber Prods.

Co.*, 308 U.S. 106, 130 (1939)).  The compromise or settlement of litigation, especially in the

bankruptcy context, is encouraged and "generally favored in bankruptcy" as such settlements

"minimize litigation and expedite the administration of the estate."  *In re World Health Alts.,

Inc.*, 344 B.R. 291, 295-96 (Bankr. D. Del. 2006).

19.     "[T]he decision whether to approve a compromise under [Bankruptcy]

Rule 9019 is committed to the sound discretion of the Court, which must determine if the

compromise is fair, reasonable, and in the interest of the estate."  *In re Louise's, Inc.*, 211 B.R.

798, 801 (D. Del. 1997).  Courts should not, however, substitute their judgment for that of the

debtor, but instead should canvass the issues to see whether the compromise falls below the

lowest point in the range of reasonableness.  *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R.

798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also

In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the

settlement is the best possible compromise.  Rather, the court must conclude that the settlement

is 'within the reasonable range of litigation possibilities.'") (internal citations omitted).  Taken

together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors.  *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

20.     The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Grp., Inc.*, 222 B.R. at 243 (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).  The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities."  *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (citations omitted).

21.     In addition, Bankruptcy Code section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

22.     The terms of the proposed Stipulation fall well within the range of reasonableness and should be approved by the Court.  The terms of the Stipulation provide for the return of $8,574,674.07 immediately, while avoiding the risks of litigation, the time and

expense of pursuing the claims against SVCF, and further dissipation of SVCF's assets. Accordingly, the compromises set forth in the Stipulation are, in the aggregate, fair and equitable, fall well within the range of reasonableness, and satisfy each applicable *Martin* factor.

### a. The Probability of Success in Litigation and Subsequent Collection

23.     The Debtors maintain that they have meritorious claims to recover the full amount of the Transfers.  However, the Debtors would need to spend significant time and resources proving their claims and obtaining a favorable judgment against SVCF.

24.     If forced to litigate, SVCF would assert various defenses to the claims, contesting, among other things, the Debtors' assertions with respect to insolvency, the nature and purpose of the transfers to SVCF, as well as whether the Debtors received reasonably equivalent value in return.  SVCF likely also would argue that the Transfers are exempt from avoidance as qualified charitable contributions.

25.     Given the attendant risks and costs of litigation and the favorable terms of the settlement, the Debtors submit that the proposed Stipulation is in the best interests of the Debtors' estates.

### b. The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay Are Unwarranted

26.     Litigation of Debtors' claims against SVCF would be complex, expensive, and time-consuming.  Pursuit of the claims would require litigating the sufficiency of evidence for various theories of recovery for each, including the circumstances of each transfer and the intent of both Singh and Ellison.

206a94994be8d031

### c.   The Paramount Interests of Creditors are Served.

27.   The Stipulation is in the best interests of the Debtors' creditors because it promptly brings the entirety of the remaining funds in the DAFs, net of administrative fees and costs, into the Debtors' estates without time-consuming and costly litigation.

28.   Therefore, in the Debtors' business judgment, the value of entering into the Stipulation exceeds the net benefits that Debtors and their estates potentially could obtain by pursuing litigation of claims against SVCF.  Based on the foregoing, the Debtors submit that the Stipulation satisfies the *Martin* factors and Bankruptcy Rule 9019 because it is fair, reasonable, and in the best interests of Debtors, their estates, and their stakeholders.  As a result, the Debtors respectfully request that the Court authorize the Debtors to enter into the Stipulation and approve its terms.

### Waiver of Bankruptcy Rule 6004(h)

29.   Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons described above, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay to the extent such stay applies.

### Reservation of Rights

30.   Nothing in this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice,

waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party except as otherwise set forth herein or in the Stipulation.

### Notice

31.     Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) counsel to the Ad Hoc Committee (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; (h) counsel to SVCF; (i) counsel for the Joint Official Liquidators of FTX Digital Markets Ltd.; (j) the United States Attorney for the Southern District of New York; and to the extent not listed herein, (k) those parties requesting notice pursuant to Bankruptcy Rule 2002.  Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: October 30, 2024
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      mcguire@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Steven L. Holley (admitted *pro hac vice*)
Stephanie G. Wheeler (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Christopher J. Dunne (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: holleys@sullcrom.com
      wheelers@sullcrom.com
      gluecksteinb@sullcrom.com
      dunnec@sullcrom.com
      crokej@sullcrom.com

*Counsel for Debtors*
*And Debtors-in-Possession*