Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**ORDER (A) AUTHORIZING DEBTORS TO ENTER INTO THE
STIPULATION OF SETTLEMENT WITH THE SILICON VALLEY
COMMUNITY FOUNDATION, (B) APPROVING THE STIPULATION
OF SETTLEMENT, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Alameda Research Ltd. and FTX Trading

Ltd. (together, "Debtors"), for entry of an order (this "Order") (a) authorizing Debtors to enter

into the Stipulation of Settlement ("Stipulation"), which is attached hereto as Exhibit 1,

(b) approving the Stipulation, and (c) granting certain related relief; and this Court having

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended

Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and this Court being able to issue a final order consistent with

Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion

in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion and in the *First Amended Joint Chapter 11 Plan of Re-Organization of FTX Trading Ltd. and Its Debtor Affiliates* (Doc. 22165, filed 08/02/24).

notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to enter into the Stipulation.

3.      The terms of the Stipulation are approved in their entirety.

4.      Notwithstanding any provisions of the Plan [D.I. # 26029], including Sections 5.13 and 5.15 of the Plan, or the Confirmation Order [D.I. # 26404] to the contrary, the indemnification obligation under Paragraph 3 of the Stipulation shall survive Plan effectiveness and shall be binding on the FTX Debtors, and any successors to or assignees of the FTX Debtors, including, but not limited to, the Wind Down Entity, the Consolidated Wind Down Trust, the Plan Administrator or any other trust, individual or entity appointed in connection with the Plan.

5.      The failure to specifically include or reference any particular term or provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such term or provision.

6.      The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

7.      The requirements set forth in Bankruptcy Rule 6004(a) are waived.

8.      This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

9.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
      Wilmington, Delaware

_____
The Honorable John T. Dorsey
Chief United States Bankruptcy Judge

<u>Exhibit 1</u>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## JOINT STIPULATION OF SETTLEMENT BETWEEN
## THE FTX DEBTORS AND SILICON VALLEY COMMUNITY FOUNDATION

This *Stipulation of Settlement* ("Stipulation")[2] is being entered into between (i) FTX Trading Ltd. d/b/a FTX.com, West Realm Shires Services, Inc. d/b/a FTX US, Alameda Research LLC, and the other debtors and debtors in possession in the chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware jointly administered under Case No. 22-11068 (collectively, the "FTX Debtors") and (ii) Silicon Valley Community Foundation ("SVCF"). The FTX Debtors and SVCF are each a "Party" and collectively, the "Parties."

**WHEREAS**, Nishad Singh and Caroline Ellison entered into agreements with SVCF to create and manage donor advised funds in their names (the "DAFs");

**WHEREAS**, on December 31, 2021, Singh and Ellison transferred 250,000 FTT and 184,500 FTT, respectively, to SVCF to fund the DAFs (together, the "Transfers");

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the *First Amended Joint Chapter 11 Plan of Re-Organization of FTX Trading Ltd. and Its Debtor Affiliates* (Doc. 22165, filed 08/02/24).

**WHEREAS**, between January and November 2022, SVCF sold a combined 400,291 FTT for a total of $13,625,161 and credited the DAFs funded by Singh and Ellison with the proceeds of those sales;

**WHEREAS**, the DAFs funded by Singh and Ellison currently retain at least $8,574,674.07 and 34,208.70 FTT (collectively the "Retained Funds");[3]

**WHEREAS**, SVCF transferred $5.0 million from the DAFs funded by Singh to certain grantees;

**WHEREAS**, the FTX Debtors assert that the Transfers constituted subsequent transfers by Singh and Ellison of assets initially transferred by certain FTX Debtors;

**WHEREAS**, on November 11, 2022, and November 14, 2022, each FTX Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing cases pursuant to chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases");

**WHEREAS**, SVCF has agreed, notwithstanding that it disputes that the FTX Debtors are entitled to recover the Transfers, to deliver all of the Retained Funds, net of administrative fees and costs, to the FTX Debtors on the conditions and subject to the protections set forth herein;

**WHEREAS**, the FTX Debtors have agreed to indemnify and hold harmless SVCF as described in the Paragraph 3 below, from any claims, demands or liabilities asserted by Singh, Ellison, the creditors of either Singh or Ellison, any future estate representative of Singh or Ellison

---

[3] The Retained Funds are net of a management fee and other fees and expenses recoverable in accordance with the agreements governing administration of the DAFs.

or any individual or entity seeking to recover the Transfers from SVCF or otherwise asserting claims, avoidance rights or recovery rights related to the Transfers;

**WHEREAS**, the FTX Debtors and SVCF have engaged in arm's length negotiations concerning the return of the Funds.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1.    **Delivery of Funds**.  SVCF will deliver all Retained Funds in the DAFs, net of administrative fees and costs, consisting of not less than $8,574,674.07, and 34,208.70 FTT (the "Settlement Amount"), within thirty (30) days after the latest to occur of each of the following: (i) the receipt by each Party of a countersigned copy of the Stipulation; (ii) the entry of a final and unappealable order by the Bankruptcy Court, substantially in the form attached hereto or such other form as agreed by the Parties, approving this Stipulation in all respects; and (iii) SVCF's receipt of payment instructions and such additional information as is necessary for SVCF properly to disburse, record and account for the Settlement Amount, all to be provided by the FTX Debtors.

2.    **Release of Claims**.  Upon receipt by the FTX Debtors of the Settlement Amount, each of the Parties unconditionally and irrevocably releases, acquits and forever discharges the other Parties and their respective officers, members, directors, employees, agents, attorneys and stockholders from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs, arising out of the Transfers or payment of the Settlement Amount, including, without limitation, any avoidance actions under chapter 5 of the Bankruptcy Code, the Delaware Uniform Fraudulent Transfer Act, Del. Code Ann. tit. 6, § 1301 et seq., or any other analogous

state, federal or foreign law, but excluding any rights or recourse arising under this Stipulation, including, but not limited to, the indemnity and defense rights provided herein below.

3.      **Indemnity.**  The FTX Debtors, and any successor to or assignee of any of the FTX Debtors, including, but not limited to, any Wind Down Entities, Plan Administrator, or any other trust, individual or entity appointed in connection with any plan of reorganization or liquidation confirmed in any of the Bankruptcy Cases (collectively, the "Indemnitors"), shall jointly and severally indemnify, defend and hold harmless SVCF from and against any and all losses, judgments, arbitration awards, damages (including special, indirect, incidental, exemplary, punitive, or consequential damages), expenses, liabilities, amounts paid in settlement, fines, penalties and deficiencies (including interest, arbitration and court costs, reasonable fees of attorneys, expert witnesses or other reasonable costs of proceedings) incurred in respect of any claim brought seeking to avoid or recover any of the Transfers, whether as initial transferee or as a subsequent transferee, and whether brought by or on behalf of Singh or Ellison, the estates of Singh or Ellison (in the event either individual files for protection or relief under the U.S. Bankruptcy Code or any other law respecting bankruptcy, insolvency or the relief of debtors), or any trustee or other representative thereof, or any of their creditors, provided that the liability of the Indemnitors shall not in the aggregate exceed the amount of USD delivered as part of the Settlement Amount.

4.      **Reservation of Rights**.  Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

5.      **No Admission of Wrongdoing**.  This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth

statutory or common law rights, or any other possible or claimed violation of law or rights.  The Stipulation shall not be construed as an admission of liability.

6.      **Good Faith and Understanding**.  The Parties expressly represent and warrant that this Stipulation is entered into in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise.  The Parties represent and warrant that they have read and understand the terms of this Stipulation.  The Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

7.      **Counterparts**.  The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

8.      **Effectiveness**.  This Stipulation shall become effective upon the execution of the same by all Parties and delivery of counterparts of such signatures to the other Party.  The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waive any right to commence any such action in any other forum.

**AGREED BY**:
October 29, 2024

**SULLIVAN & CROMWELL LLP**
Stephanie G. Wheeler
Christopher J. Dunne
Bradley A. Harsch
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: wheelers@sullcrom.com
        dunnec@sullcrom.com
        harschb@sullcrom.com

*Counsel for the FTX Debtors*

**HOLLAND & KNIGHT LLP**
Andrew M. Grumet
31 West 52nd Street, 12th Floor
New York, NY 10019
Telephone: (212) 513-3389
Facsimile: (212) 385-9010
Email: andrew.grumet@hklaw.com

John J. Monaghan
10 St. James Avenue
Boston, MA 02116
Telephone:  (617) 548-3285
Facsimile: (617) 523-6850
Email:  john.monaghan@hklaw.com

*Counsel for Silicon Valley Community Foundation*

**Attachment**

**Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**ORDER (A) AUTHORIZING DEBTORS TO ENTER INTO THE
STIPULATION OF SETTLEMENT WITH THE SILICON VALLEY COMMUNITY
FOUNDATION, (B) APPROVING THE STIPULATION OF SETTLEMENT, AND (C)
GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Alameda Research Ltd. and FTX Trading

Ltd. (together, "Debtors"), for entry of an order (this "Order") (a) authorizing Debtors to enter

into the Stipulation of Settlement ("Stipulation"), which is attached hereto as Exhibit 1,

(b) approving the Stipulation, and (c) granting certain related relief; and this Court having

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and this Court being able to issue a final order consistent with

Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion

in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion and in the *First Amended Joint Chapter 11 Plan of Re-Organization of FTX Trading Ltd. and Its Debtor Affiliates* (Doc. 22165, filed 08/02/24).

notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to enter into the Stipulation.

3.      The terms of the Stipulation are approved in their entirety.

4.      Notwithstanding any provisions of the Plan [D.I. # 26029], including Sections 5.13 and 5.15 of the Plan, or the Confirmation Order [D.I. # 26404] to the contrary, the indemnification obligation under Paragraph 3 of the Stipulation shall survive Plan effectiveness and shall be binding on the FTX Debtors, and any successors to or assignees of the FTX Debtors, including, but not limited to, the Wind Down Entity, the Consolidated Wind Down Trust, the Plan Administrator or any other trust, individual or entity appointed in connection with the Plan.

5.      The failure to specifically include or reference any particular term or provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such term or provision.

6.      The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

7.      The requirements set forth in Bankruptcy Rule 6004(a) are waived.

8.      This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

9.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
       Wilmington, Delaware

_____
The Honorable John T. Dorsey
Chief United States Bankruptcy Judge