## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: November 20, 2024 at 2:00 p.m. (ET)** |
| | **Objection Deadline: November 13, 2024 at 4:00pm (ET)** |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO, AND PERFORM UNDER, THE STIPULATION OF SETTLEMENT WITH EVOLVE, (B) APPROVING THE STIPULATION OF SETTLEMENT, AND (C) GRANTING RELATED RELIEF

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to enter into, and perform their obligations under, the Stipulation of Settlement, attached as Exhibit 1 to the Order (the "Stipulation"),[2] between and among (i) the Debtors and (ii) Evolve Bank and Trust ("Evolve" and together with the Debtors, the "Parties") approving the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

terms of the Stipulation and granting related relief.  In support of the Motion, the Debtors

respectfully state as follows:

## Preliminary Statement

1.      Following constructive arm's-length discussions with Evolve, the Debtors

have the opportunity to promptly recover approximately $12.77 million in assets and resolve the

Proof of Claim filed by Evolve against the Debtors without the need for unnecessary litigation.

2.      Prior to the Petition Date, West Realm Shires Services, Inc. ("WRSS")

and Evolve had entered into a Master Bank Services Agreement ("MBSA"), under which Evolve

provided WRSS with banking services for fees and charges, and WRSS agreed to indemnify

Evolve for expenses arising out of certain events related to the WRSS accounts.  Pursuant to the

MBSA, WRSS's deposits in the accounts served as collateral to secure its indemnification

obligations.  As of the Petition Date, the funds in WRSS's Evolve accounts totaled

$13,236,837.76.  On June 28, 2023, Evolve filed non-customer Proof of Claim 3959 (the

"Claim") for $13,236,837.76, asserting that Evolve was entitled to indemnity, and attorneys' fee

and expense obligations pursuant to the MBSA that Evolve did not quantify in its Claim.

3.      Following arm's length negotiations, the Debtors and Evolve have agreed

to the Stipulation, which provides, among other things, that Evolve will promptly return to the

Debtors approximately $12.77 million in assets, representing 100% of the assets in WRSS's

Evolve accounts less indemnification expenses of $462,698.65, and will also release all of

Evolve's existing and potential claims against the Debtors, including claims for indemnification

and expenses, under the MBSA.

4.      The Stipulation is in the best interests of the Debtors' estates, creditors and

stakeholders, and approval of the Stipulation will resolve all claims between the Debtors and

Evolve and deliver this significant recovery while avoiding the expense and burden of litigation. The Stipulation satisfies Bankruptcy Rule 9019 and should be approved.

## Background

5.       On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware, appointed the Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases, pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Official Committee").

6.       Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

## Jurisdiction

7.       The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

---

[3]     November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.  The statutory predicates for the relief requested herein are section 105(a) of the

Bankruptcy Code and Bankruptcy Rule 9019.  Pursuant to Local Rule 9013-1(f) of the Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by

the Court in connection with this Motion to the extent it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments consistent with Article III of the

United States Constitution.

### Facts Specific to the Relief Requested

8.      On December 23, 2021, Evolve and WRSS executed the MBSA, pursuant

to which Evolve agreed to provide financial products and services, including maintaining deposit

accounts, check services, origination services, wire services, customer care services and certain

bill pay services, to WRSS.

9.      Under the MBSA, WRSS was required to, and did, maintain three bank

accounts, with account numbers ending in 066, 078 and 082, at Evolve (collectively, the

"Reserve Accounts") containing substantial deposit balances.  In addition, WRSS pledged its

Reserve Accounts as collateral to secure its payment, reimbursement and indemnification

obligations under the MBSA.  As of the Petition Date, the Reserve Accounts contained total cash

balances of $13,236,837.76.

10.     On June 29, 2023, Evolve filed the Claim against WRSS for

$13,236,837.76, which is equal to the value of the WRSS deposit accounts.  Evolve averred that

the Claim was for amounts due and owing by the Debtor to Evolve, consisting of certain

indemnity and attorneys' fee and expense obligations under the MBSA.

11.     The Parties have engaged in good faith, arm's-length negotiations to reach a consensual resolution.  As a result of those negotiations, the Parties have agreed to enter into the Stipulation.

12.     The key terms of the Stipulation provide, among other things, that:[4]

- In full satisfaction of the Debtor's obligations under the MBSA, Debtors agree to indemnify Evolve for expenses totaling $462,698.65 ("Expense Payment");

- Evolve shall promptly transfer to the Debtors all assets in the Reserve Accounts that is in excess of the Expense Payment, consisting of not less than $12,774,139.11; and

- Upon receipt by the Debtors of the funds in the Reserve Accounts, the Evolve Claim 3959 shall be deemed withdrawn in its entirety with prejudice.

## Relief Requested

13.     By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) authorizing the Debtors to enter into the Stipulation, (b) approving the Stipulation, and (c) granting certain related relief.

## Basis for Relief

### I.     The Stipulation Satisfies Bankruptcy Rule 9019 Because it is Fair, Reasonable and in the Debtors' Best Interests.

14.     Resolution of the claims between the Debtors and Evolve through the Stipulation is in the best interests of the Debtors and their estates because it will result in the prompt return of approximately $12.77 million to the Debtors' estates and resolve the Claim filed by Evolve against the Debtors.  By agreeing to return 100% of the assets in the Reserve Accounts in excess of Debtors' outstanding indemnification and expense obligations and to release its claims against the Debtors, Evolve is sparing the Debtors significant time and expense

---

[4]     The summary of the Stipulation contained herein is qualified in its entirety by the actual terms and conditions of the Stipulation.  To the extent that there is any conflict between any summary contained herein and the actual terms and conditions of the Stipulation, the actual terms and conditions of the Stipulation shall control.

involved in pursuing litigation related to their interests in the assets held in the Reserve Account and the Claim.  The proposed Stipulation likely would generate more value to the Debtors' estates than if the Debtors were to pursue litigation against Evolve.  Settlement on these terms is thus a reasonable exercise of the Debtors' business judgment under Bankruptcy Rule 9019.

15.    Section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

16.    Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case* v. *L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).  The compromise or settlement of litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy" as such settlements "minimize litigation and expedite the administration of the estate." *In re World Health Alts., Inc.*, 344 B.R. 291, 295-96 (Bankr. D. Del. 2006).

17.    "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).  Courts should not, however, substitute their judgment for that of the debtor, but instead should canvass the issues to see whether the compromise falls below the lowest point in the range of reasonableness.  *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the

settlement is the best possible compromise.  Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted).  Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors.  *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

18.     The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved:  "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Grp., Inc.*, 222 B.R. at 243 (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997).  The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities."  *In re Washington Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (citations omitted).

19.     The terms of the proposed Stipulation fall well within the range of reasonableness and should be approved by the Court.  The Stipulation provides for the prompt return of approximately $12.77 million while avoiding the time and expense of litigating the related claims and defenses against Evolve.  Accordingly, the compromises set forth in the

Stipulation are, in the aggregate, fair and equitable, fall well within the range of reasonableness, and satisfy each applicable *Martin* factor.

      **a.**      **The Probability of Success in Litigation and Subsequent Collection**

20.      The Debtors maintain that they have a meritorious claim to seek turnover under section 542 of the Bankruptcy Code of any assets held by Evolve belonging to Debtors and/or to assert that Evolve never perfected any security interest it purported to have over the Reserve Accounts, which would accordingly be avoidable under section 544 of the Bankruptcy Code. In either case, the Debtors would then be entitled to recover the full amount of the Reserve Accounts and Evolve would receive a replacement claim for any indemnification and expense obligations under section 502(h) of the Bankruptcy Code. However, the Debtors would need to spend significant time and resources proving their claims and obtaining a favorable judgment against Evolve. Among other arguments, Evolve may assert that (a) the Debtors cannot satisfy the affirmative elements of a turnover claims under section 542 of the Bankruptcy Code, (b) that Evolve's security interest was perfected under applicable nonbankruptcy law, (c) that certain counterclaims under bankruptcy and nonbankruptcy law applied, including the right of setoff, or (d) certain contractual or other bases exist to deny the Debtors' claims.

21.      Moreover, even if the Debtors were successful on the merits of litigating these claims, the Debtors' recovery from litigation of the claims against Evolve may not exceed the value to be realized for the Debtors' estates through the Stipulation. The Debtors considered the costs and benefits of pursuing any potential claims against Evolve in that context, and concluded that the Stipulation is in the best interests of the Debtors' estates and their stakeholders.

22.      The Debtors also considered that pursuant to the Stipulation, Evolve is releasing all existing and potential claims against the Debtors under the MBSA.

23.     Given the attendant risks and costs of litigation, and the favorable terms of the Stipulation, the Debtors submit that the proposed Stipulation is in the best interests of the Debtors' estates.

        **b.**        **The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay Are Unwarranted**

24.     Litigation pertaining to the Debtors' claims against Evolve and the Evolve Claim would be complex, expensive, and time-consuming.  Pursuit of the claims would require litigating the sufficiency of evidence for various theories of recovery related to the MBSA and the assets in the Reserve Accounts.  The Stipulation avoids these costs.

        **c.**        **The Paramount Interests of Creditors are Served**

25.     The Stipulation is in the best interests of the Debtors' creditors because it promptly brings approximately $12.77 million into the Debtors' estates without time consuming and costly litigation and resolves Evolve's Claim against the Debtors.

26.     Therefore, in the Debtors' business judgment, the value of entering into the Stipulation exceeds the net benefits that the Debtors and their estates potentially could obtain by pursuing litigation of claims against Evolve.  The Debtors submit that the Stipulation satisfies the *Martin* factors and Bankruptcy Rule 9019 because it is fair, reasonable, and in the best interests of the Debtors, their estates, and their stakeholders.  As a result, the Debtors respectfully request that the Court authorize the Debtors to enter into the Stipulation and approve its terms.

<u>**Waiver of Bankruptcy Rule 6004(h)**</u>

27.     Given the nature of the relief requested herein, the Debtors respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order,

unless the court orders otherwise." For the reasons described above, the Debtors submit that
ample cause exists to justify a waiver of the 14-day stay to the extent such stay applies.

## **Reservation of Rights**

28.     Nothing in this Motion:  (a) is intended or shall be deemed to constitute an
assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as
to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive,
or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or
amount of any claim against the Debtors or their estates; or (c) shall otherwise impair, prejudice,
waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all
claims or causes of action against any third party except as otherwise set forth herein or in the
Stipulation.

## **Notice**

29.     Notice of this Motion has been provided to:  (a) the U.S. Trustee;
(b) counsel to the Official Committee; (c) the Securities and Exchange Commission; (d) the
Internal Revenue Service; (e) the United States Department of Justice; (f) the United States
Attorney for the District of Delaware; (g) counsel to Evolve; (h) counsel for the Joint Official
Liquidators of FTX Digital Markets Ltd.; and to the extent not listed herein, (i) those parties
requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the
nature of the relief requested, no other or further notice need be provided.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request
that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, and
(b) grant such other and further relief as is just and proper.

Dated: October 30, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted pro hac vice)
James L. Bromley (admitted pro hac vice)
Brian D. Glueckstein (admitted pro hac vice)
Alexa J. Kranzley (admitted pro hac vice)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*