**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref No. __** |

**ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO, AND PERFORM
UNDER THE STIPULATION OF SETTLEMENT WITH EVOLVE, (B) APPROVING
THE STIPULATION OF SETTLEMENT, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors

and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order")

(a) authorizing the Debtors to enter into the Stipulation, which is attached hereto as Exhibit 1,

(b) approving the Stipulation, and (c) granting certain related relief; and this Court having

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended

Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and this Court being able to issue a final order consistent with

Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion

in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to enter into the Stipulation.

3.      The terms of the Stipulation are approved in their entirety.

4.      The failure to specifically include or reference any particular term or provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such term or provision.

5.      The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6.      The requirements set forth in Bankruptcy Rule 6004(a) are waived.

7.      This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____      _____
            Wilmington, Delaware                   The Honorable John T. Dorsey
                                                Chief United States Bankruptcy Judge

**Exhibit 1**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**JOINT STIPULATION OF SETTLEMENT BETWEEN THE DEBTORS AND EVOLVE**

 This *Stipulation of Settlement* ("Stipulation") is being entered into between FTX Trading

Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the

chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the District of

Delaware jointly administered under Case No. 22-11068 (the "Chapter 11 Cases"), and (ii)

Evolve Bank and Trust ("Evolve"). The Debtors and Evolve are each a "Party" and collectively,

the "Parties."

 **WHEREAS**, on December 23, 2021, Evolve and West Realm Shires Services, Inc.

executed a Master Bank Services Agreement ("MBSA").

 **WHEREAS**, pursuant to the MBSA, the Debtors maintained certain accounts at Evolve

(the "Reserve Accounts"), in which Debtors held cash deposits (the "Reserve Account Assets").

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax
identification number are 3288 and 4063 respectively. Due to the large number of debtor
entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits
of their federal tax identification numbers is not provided herein. A complete list of such
information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent
Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road,
St. John's, Antigua and Barbuda.

**WHEREAS**, the Reserve Accounts consist of three bank accounts, with account numbers ending in 066, 078 and 082.

**WHEREAS**, on June 29, 2023, Evolve timely filed non-customer Proof of Claim 3959 (the "Claim"), asserting claims for indemnity and attorneys' fee and expense obligations.

**WHEREAS**, without any admission by any Party, and subject to the terms of this Stipulation, the Parties desire to resolve certain disputes between them relating to, among other things, the MBSA and the Claim.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1.     **Reserve Account Assets**.  The Parties agree to the following with regard to the Reserve Account Assets: (i) in full satisfaction of all of Debtors' obligations under the MBSA, including indemnification, attorneys' fees and expenses, Evolve will be entitled to retain $462,698.65 ("Expense Payment"); (ii) within five days of the Effective Date, Evolve will transfer to the Debtors, pursuant to the Debtors' written instructions, all other Reserve Accounts Assets in excess of the Expense Payment, consisting of not less than $12,774,139.11 (the "Settlement Amount").

2.     **Release of Claims**.  Upon receipt by the Debtors of the Settlement Amount, the Evolve Proof of Claim shall be deemed withdrawn in its entirety with prejudice, and the Parties unconditionally and irrevocably release, acquit and forever discharge one another and each other's current and former officers, directors, agents, employees, affiliates, attorneys, and representatives, to the fullest extent possible under applicable law, from any and all losses, liabilities, claims, causes of action, charges, demands and other rights, known or unknown, suspected or unsuspected, identified or unidentified, including, without limitation, any avoidance

actions under chapter 5 of the Bankruptcy Code, the Delaware Uniform Fraudulent Transfer Act, Del. Code Ann. tit. 6, § 1301 et seq., or any other analogous state, federal or foreign law that have been or could be asserted with respect to the MBSA and the Claim;

3.    **Effectiveness**. The "Effective Date" shall occur on the date that (i) signature pages executed by the Debtors and Evolve, as applicable, have been delivered to the Debtors and Evolve, as applicable, and (ii) the Bankruptcy Court has entered an order (which order shall have become a final order not subject to any appeal, stay or vacatur) approving the Parties' entry into this Stipulation, on terms and conditions consistent with this Stipulation and otherwise reasonably acceptable to each Party. The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waive any right to commence any such action in any other forum.

4.    **Reservation of Rights**. Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

5.    **No Admission of Wrongdoing**. This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

6.    **Good Faith and Understanding**. The Parties expressly represent and warrant that this Stipulation is entered into in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation. The

Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

7.      **Cooperation**. Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court and entry of approval orders, and to effectuate their terms. The Parties co-drafted this Stipulation.

8.      **Counterparts**. The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

9.      **Further Assurances**. The Parties shall use their reasonable best efforts to take, or cause to be taken, all appropriate action to do or cause to be done all things necessary under applicable law, and to execute and deliver such documents and other papers, in each case, as may be required to carry out the provisions of this Stipulation and consummate and make effective the transactions contemplated hereby.

10.     **Entire Agreement and Amendments**. This Stipulation constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings. This Stipulation may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney(s), or other representative(s).

[Remainder of Page Intentionally Left Blank]

**AGREED BY:**

Dated: October [29], 2024

*Stephanie G. Wheeler*

**SULLIVAN & CROMWELL LLP**
Brian D. Glueckstein
Stephanie G. Wheeler
Jacob M. Croke
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: gluecksteinb@sullcrom.com
          wheelers@sullcrom.com
          crokej@sullcrom.com

*Counsel for the Debtors*

Dated: October 29, 2024

**BUTLER SNOW LLP**
Martin A. Sosland
James E. Bailey III
2911 Turtle Creek Boulevard, Suite 1400
Dallas, TX 75219
Telephone: (214) 415-4264
Facsimile: (469) 680-5501
E-mail: Martin.Sosland@butlersnow.com
        Jeb.Bailey@butlersnow.com

*Counsel for Evolve Bank and Trust*

*[Signature Page to Stipulation]*