# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. 20050, 22782 & _____** |

**ORDER APPROVING STIPULATION**

Upon the *Certification of Counsel* (the "Certification") and the *Stipulation with Respect to Claim No. 3752* (the "Stipulation")[2] entered into between the Debtors and the Blockchain Recovery Investment Consortium in its capacity as the Litigation Administrator (ARM) for the post-confirmation estate of Celsius Network Limited, attached hereto as **Exhibit 1**, and this Court having jurisdiction to consider the Certification and approval of the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that sufficient notice of the Stipulation has been given under the circumstances; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Stipulation is APPROVED.

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation or the Certification, as applicable.

-2-

2.      The failure to specifically include or reference any particular term or provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such term or provision.

3.      Nothing in this Order or the Stipulation shall modify, impair, waive or otherwise affect the Debtors', the BRIC Litigation Administrator's, or Celsius's respective rights, arguments, or defenses with respect to any proofs of claim filed by Celsius, its affiliated debtors or any successors in interest thereto in these Chapter 11 Cases or the claims asserted therein other than the Celsius Loan Proof of Claim and the Celsius Loan Claim, and, for the avoidance of doubt, the Debtors, the BRIC Litigation Administrator, and Celsius reserve all such rights, arguments and defenses, including with respect to the purported claims of Celsius that are the subject of *The Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* [D.I. 16815], Celsius's purported original proofs of claim submitted on June 29, 2023 and the amended proofs of claim submitted on July 7 and 8, 2024.

4.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Stipulation or the implementation of this Order.

Dated: _____        _____
        Wilmington, Delaware                                The Honorable John T. Dorsey
                                                            Chief United States Bankruptcy Judge

# **Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al*.,[1]<br><br>                                        Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |

**STIPULATION WITH RESPECT TO CLAIM NO. 3752**

This stipulation (the "Stipulation") is entered into by and between (i) the Blockchain Recovery Investment Consortium (the "BRIC Litigation Administrator") in its capacity as the Litigation Administrator (ARM) for the post-confirmation estate of Celsius Network Limited ("Celsius") and (ii) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "Debtors") in the above-captioned cases.  The BRIC Litigation Administrator and the Debtors are referred to collectively in this Stipulation as the "Parties", and, each, as a "Party."  The Parties hereby stipulate and agree as follows:

**RECITALS**

A.      On November 11, 2022, and November 14, 2022 (as applicable, the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") commencing these chapter 11 cases (the "Chapter 11 Cases").

B.      On June 29, 2023, Celsius filed a proof of claim against Alameda Research Ltd.

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

("Alameda"), reflected as claim number 3752 on the official claims register in the Chapter 11 Cases (the "Celsius Loan Proof of Claim"), asserting a secured claim arising out of loans made by Celsius to Alameda prior to the Petition Date of 10,000,000 ADA (the "ADA Loan"), 83,553 LTC (the "LTC Loan"), 1,303,482 EOS (the "EOS Loan"), and 3,125,000 MATIC (the "MATIC Loan") in the amount of no less than $14,176,995.81 plus interest, taxes, fees and certain other amounts (such claim asserted in the Celsius Loan Proof of Claim, the "Celsius Loan Claim").

C.       On July 10, 2024, the FTX Debtors filed the *Debtors' Sixty-Third (Substantive) Omnibus Objection to Certain Misclassified Claims (Non-Customer Claims)* [D.I. 20050] (the "Claim Objection") seeking, among other things, reclassification of the Celsius Loan Claim as a general unsecured claim in the total aggregate amount of $12,285,478.28.

D.       On August 12, 2024, Celsius filed the *Response of Celsius Network Limited to Debtors' Sixty-Third Omnibus Claims Objection* [D.I. 22782].

E.       On September 30, 2024, the Debtors filed their *Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26029] (as may be amended, modified or supplemented from time to time, the "Plan"), and on October 8, 2024, the Court entered an order confirming the Plan [D.I. 26404].

F.       The Parties have engaged in good faith, arm's length negotiations in an attempt to consensually resolve the Claim Objection as to Celsius and the disputes with respect to the Celsius Loan Proof of Claim and Celsius Loan Claim.

G.       The Parties have reached an agreement with respect to the allowance of the Celsius Loan Claim on the terms set forth herein.

NOW, THEREFORE, the Parties, by and through their respective representatives, hereby agree, subject to Court approval, as follows:

1.      In full and final resolution of the Celsius Loan Proof of Claim and the Celsius Loan Claim in their entirety, Celsius shall be entitled to an allowed Class 6B Digital Asset Loan Claim pursuant to the Plan for $3,497,920.00 on account of the ADA Loan, $5,064,197.46 on account of the LTC Loan, $1,179,881.80 on account of the EOS Loan, and $2,543,479.02 on account of the MATIC Loan, in the total aggregate amount of $12,285,478.28 (the "Allowed Claim").

2.      The Parties agree that the applicable rate of interest with respect to the Allowed Claim for purposes of Section 4.3.10(b)(ii) of the Plan shall be as follows: (i) 7.0% with respect to the ADA Loan, 3.5% with respect to the LTC Loan, 9.0% with respect to the EOS Loan, and 8.0% with respect to the MATIC Loan.

3.      Nothing herein shall modify, impair, waive or otherwise affect the Debtors', the BRIC Litigation Administrator's, or Celsius's respective rights, arguments, or defenses with respect to any proofs of claim filed by Celsius, its affiliated debtors or any successors in interest thereto in these Chapter 11 Cases or the claims asserted therein other than the Celsius Loan Proof of Claim and the Celsius Loan Claim, and, for the avoidance of doubt, the Debtors, the BRIC Litigation Administrator, and Celsius reserve all such rights, arguments and defenses, including with respect to the purported claims of Celsius that are the subject of *The Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* [D.I. 16815], Celsius's purported original proofs of claim submitted on June 29, 2023 and the amended proofs of claim submitted on July 7 and 8, 2024.

4.      This Stipulation is the result of compromise between the Parties and neither the facts nor the terms of this Stipulation shall be offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding arising out of or in connection with this Stipulation.

5.      This Stipulation consists of the entire agreement between the Parties and supersedes all prior agreements and understandings, whether written or oral, with respect to the subject matter hereof and, except as expressly provided herein, is not intended to confer upon any person any rights or remedies hereunder.

6.      The Parties and undersigned persons represent and warrant that they have full authority to execute, deliver and perform their respective obligations under this Stipulation and that the respective Parties have full knowledge of, and consented to, this Stipulation.

7.      Each Party shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

8.      This Stipulation may be executed in counterparts, any of which may be transmitted via facsimile or electronic mail, and each of which shall be deemed an original and all of which shall together constitute one and the same instrument.

9.      This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to the principles of conflicts of laws.

10.     This Stipulation may not be amended, modified, vacated or altered in any way without the prior written consent of all Parties hereto.

11.     The United States Bankruptcy Court in the District of Delaware shall retain jurisdiction over any and all disputes arising from the implementation and interpretation of this Stipulation.

12.     This Stipulation shall be binding upon the Parties hereto and each of their affiliates, assigns and successors.

13.     If the Court does not enter the proposed order approving this Stipulation, all rights and remedies with respect to the Celsius Loan Proof of Claim and Celsius Loan Claim are reserved

in all respects, and no action or inaction by any Party shall waive or prejudice the rights of any Party, and the rights of the Parties will revert to the status quo in effect as of the date of filing of this Stipulation.

14.      This Stipulation has been reviewed by the Parties hereto and their respective counsel and each of the Parties enter into this Stipulation voluntarily and without duress. There shall be no construction of any provision against either Party, and the Parties hereto waive any statute or rule to such effect.

15.      Each Party shall cooperate and take such actions as are reasonably necessary to consummate the actions contemplated by this Stipulation and obtain approval of the Stipulation and entry of the proposed order approving this Stipulation.

16.      Notwithstanding rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation are immediately effective and enforceable upon the entry of the proposed order approving this Stipulation.

17.      This Stipulation was the product of negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

Dated: October 30, 2024

**WILLKIE FARR & GALLAGHER LLP**

/s/ Stuart Lombardi
Brian Lennon
Stuart Lombardi
Yara Kass-Gergi
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: blennon@willkie.com
        slombardi@willkie.com
        ykass-gergi@willkie.com

*Counsel to the BRIC Litigation Administrator*

**LANDIS RATH & COBB LLP**

/s/ Matthew R. Pierce
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19899
Telephone: (302) 476-4400
Facsimile: (302) 467-445-
Email: landis@lrclaw.com
        mcguire@lrclaw.com
        brown@lrclaw.com
        pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: dietdericha@sullcrom.com
        gluecksteinb@sullcrom.com
        bellerb@sullcrom.com

*Counsel for the Debtors and Debtors-in-Possession*