# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 20050, 22782 & 27465 |

## ORDER APPROVING STIPULATION

Upon the *Certification of Counsel* (the "Certification") and the *Stipulation with Respect to Claim No. 3752* (the "Stipulation")[2] entered into between the Debtors and the Blockchain Recovery Investment Consortium in its capacity as the Litigation Administrator (ARM) for the post-confirmation estate of Celsius Network Limited, attached hereto as **Exhibit 1**, and this Court having jurisdiction to consider the Certification and approval of the Stipulation pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that sufficient notice of the Stipulation has been given under the circumstances; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation or the Certification, as applicable.

2.      The failure to specifically include or reference any particular term or provision of the Stipulation in this Order shall not diminish or impair the effectiveness of such term or provision.

3.      Nothing in this Order or the Stipulation shall modify, impair, waive or otherwise affect the Debtors', the BRIC Litigation Administrator's, or Celsius's respective rights, arguments, or defenses with respect to any proofs of claim filed by Celsius, its affiliated debtors or any successors in interest thereto in these Chapter 11 Cases or the claims asserted therein other than the Celsius Loan Proof of Claim and the Celsius Loan Claim, and, for the avoidance of doubt, the Debtors, the BRIC Litigation Administrator, and Celsius reserve all such rights, arguments and defenses, including with respect to the purported claims of Celsius that are the subject of *The Celsius Litigation Administrator's Motion for Relief from the Automatic Stay* [D.I. 16815], Celsius's purported original proofs of claim submitted on June 29, 2023 and the amended proofs of claim submitted on July 7 and 8, 2024.

4.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Stipulation or the implementation of this Order.

Dated: October 31st, 2024  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE