# EXHIBIT 1

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| In re: | Chapter 11 |
| DIGITAL CUSTODY INC., | Case No. 22-11115 (JTD) |
| Debtor. | **Ref. Nos.** __ |

**FINAL ORDER DISMISSING CHAPTER 11 CASE OF DIGITAL CUSTODY INC.**

Upon the motion (the "Motion")[2] of FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order") dismissing the chapter 11 case of Debtor Digital Custody Inc. ("DCI"), pursuant to sections 105(a), 305(a), 349, and 1112(b) of Bankruptcy Code, Bankruptcy Rule 1017, and Local Rule 1017-2; and this Court having entered the *Interim Order Dismissing Chapter 11 Case of Digital Custody Inc.* [D.I. _____]; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this Chapter 11 Case and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

{1368.003-W0078026.}

this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors, and their estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Pursuant to sections 105(a), 305(a) and 1112(b) of the Bankruptcy Code, the Chapter 11 Case of Debtor Digital Custody Inc., case no. 22-11115 (JTD), is dismissed as of the date the Sale Transaction closed (the "<u>Closing Date</u>").

3. To the extent that Digital Custody Inc. holds any Non-Customer Claim[3] against any Debtor, the deadline for Digital Custody Inc. to file proof(s) of claim for any Non-Customer Claims shall be 30 (thirty) days after entry of this Order.

4. Notwithstanding section 349 of the Bankruptcy Code, references in prior orders of this Court to "the Debtors" or "the Chapter 11 Cases" or similar references shall apply

---

[3] "Non-Customer Claim" shall have the meaning as set forth in the *Order (I)(A) Establishing Deadlines for Filing Non-Customer and Government Proofs of Claim and Proofs of Interest and (B) Approving the Form and Manner of Notice Thereof and (III) Granting Related Relief* [D.I. 1519].

to Digital Custody Inc. with respect to periods on and including the Closing Date but shall not apply to Digital Custody Inc. with respect to periods after the Closing Date.

5. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

6. Notwithstanding the applicability of any Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon entry of this Order.

7. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

Dated: _____
      Wilmington, Delaware

The Honorable John T. Dorsey
Chief United States Bankruptcy Judge