IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | Jointly Administered |
| | Re: Doc. Nos. 26943, 9274, 8191, 7789 |

**FTXCREDITOR, LLC'S OPPOSITION
TO NEXXUS PARTICIPATION VEHICLE III LLC'S MOTION TO
(I) STRIKE NOTICE OF TRANSFER OF CLAIM [ECF NO. 7789] TO FTXC AND
(II) REQUIRE THE DEBTORS' CLAIMS AND NOTICING AGENT TO RECOGNIZE
AND RECORD TRANSFER OF CLAIM [ECF NO. 8191] TO NEXXUS**

FTXCREDITOR, LLC ("FTXC") submits this opposition to the *Motion of Nexxus Participation Vehicle III LLC to (I) Strike Notice of Transfer of Claim [ECF No. 7789] to FTXC and (II) Require the Debtors' Claims and Noticing Agent to Recognize and Record Transfer of Claim [ECF No. 8191] to Nexxus* [Docket. No. 26943] (the "Motion" or "Mot.") and states as follows:

**PRELIMINARY STATEMENT**

1. The Motion of Nexxus Participation Vehicle III LLC ("Nexxus") is deficient for multiple dispositive reasons.

2. The Motion fails at the threshold because this Court is an improper forum for the dispute at bar. First and foremost, the Court lacks jurisdiction over Nexxus' dispute. The mandatory and exclusive forum-selection clauses in governing documents,[2] which require that

---

[1] The last four digits of FTX Trading Ltd.'s tax identification number is 3288. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] FTXC reserves all rights to later argue that the Purported Nexxus Assignment (as defined below) is invalid, unenforceable, or void.

all disputes related to them be brought in New York, preclude Nexxus from raising a dispute over ownership of the Claim in this Court. The dispute also turns on highly fact-intensive questions arising under New York law, further favoring litigation in a New York trial court as a practical matter.

3. The Motion fails for yet another threshold reason: Nexxus concededly lacks standing to object to FTXC's Notice of Transfer of Claim (the "FTXC Notice of Transfer") under Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure. The plain language of Rule 3001(e)(2) limits objections to a transfer of claim to the transferor – not, as Nexxus purports to be, a transferee.

4. Finally, the Motion fails on the merits because it concerns disputed issues of fact surrounding the validity of the purported Claim assignment to Nexxus. While Nexxus asserts that it lawfully acquired title to the Claim, that conclusory contention is belied by the record, which raises copious questions of fact as to the effectiveness of the purported assignment.

5. Because Nexxus has no grounds to challenge the FTXC Notice of Transfer, let alone do so in this Court, the Motion must be denied in its entirety.

## BACKGROUND

6. On November 11 and November 14, 2022, FTX Trading Ltd. ("FTX") and its affiliated debtors and debtors-in-possession commenced these Chapter 11 cases (the "FTX Bankruptcy") by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, with the United States Bankruptcy Court for the District of Delaware.

7. On February 20, 2024, FTXC entered into an agreement to purchase a claim against FTX with Schedule ID No. 221106805309735 (the "Claim") from a seller assigned customer code number 04196273 ("Seller") (the "FTXC Assignment" or "FTXC Assign.").[3]

8. The FTXC Assignment includes a mandatory and exclusive New York forum-selection clause and a New York choice of law clause:

> The Agreement shall be governed by the laws of the State of New York. Each Party submits to the jurisdiction of the federal or state courts located in the City of New York, State of New York, and agrees that any litigation relating to the Agreement shall be brought only in such courts.

FTXC Assign. ¶ 13.

9. On February 22, 2024, FTXC filed a *Transfer of Claim Other Than for Security* [Docket No. 7789] in the FTX Bankruptcy (defined above as the "FXTC Notice of Transfer") in accord with Rule 3001(e)(2).

10. The FTXC Notice of Transfer included an "Evidence of Transfer of Claim" dated February 20, 2024, which identifies the Claim. The Evidence of Transfer of Claim was duly executed by both FTXC and Seller, and it reflects that Seller had "unconditionally and irrevocably sold, transferred and assigned" to FTXC "all right, title and interest in and to" the Claim for "good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." FTXC Notice of Transfer, at 5.[4]

---

[3] The FTXC Assignment is attached hereto as Exhibit 1 in redacted form to protect the confidential terms of that agreement and the identity of Seller.

[4] As was common practice in the FTX Bankruptcy, Seller's name was redacted from the FXTC Notice of Transfer. Seller's identity was later disclosed in the Objection.

3

11.     Thereafter, on February 28, 2024, Nexxus filed its own *Transfer of Claim Other than for Security* [Docket No. 8191] and an attached "Evidence of Transfer of Claim," which appears to reference the same Claim from the same Seller.

12.     On March 13, 2024, Nexxus filed an Objection to the FTXC Notice of Claim. [Docket No. 9274] (the "<u>Objection</u>" or "<u>Obj.</u>"), a copy of which is attached hereto as <u>Exhibit 2</u>. The Objection attached a document purporting to be an "Assignment of Claim" between Seller and Nexxus (the "<u>Purported Nexxus Assignment</u>" or "<u>Nexxus Assign.</u>").

13.     The Purported Nexxus Assignment, like the FTXC Assignment, includes a broad forum-selection clause mandating that any action to enforce or interpret the agreement be brought in New York state or federal court. Specifically, the Purported Nexxus Assignment provides, in all caps:

> BUYER AND SELLER ***IRREVOCABLY*** AGREE THAT ANY ACTION TO ***ENFORCE, INTERPRET, OR CONSTRUE ANY PROVISION*** OF THIS ASSIGNMENT ***WILL*** BE BROUGHT AND DETERMINED ***ONLY*** IN A STATE OR FEDERAL COURT LOCATED IN THE CITY AND COUNTY OF NEW YORK, EXCEPT NOT IN THE BANKRUPTCY COURT ("NEW YORK COURTS").

Nexxus Assign. ¶ 10 (emphases added).

14.     Moreover, the Purported Nexxus Assignment includes a choice of law clause providing that "THIS ASSIGNMENT AND ALL MATTERS ARISING OUT OF OR RELATING TO IT WILL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK." *Id.* (caps in original).

15.     The Purported Nexxus Assignment does not indicate when, if ever, the settlement of the purported sale of the Claim to Nexxus occurred. Nor does it indicate when consideration, if any, was paid or had to be paid. To the contrary, an "Annex" to the Purported Nexxus Assignment indicates that "*Upon settlement of this transaction, subject to Buyer's verification* of

4

Seller's representations and warranties made herein, *payment of the Consideration will be made as follows[.]*" *Id.* at "Annex A" (emphases added). Thus, the Purported Nexxus Assignment itself provides that as of the agreement date, February 9, 2024, settlement and payment of consideration were forthcoming and contingent on further due diligence by Nexxus.

16. The Objection went on to state that Nexxus "(a) preserves all of its rights and remedies against Seller, FTX Creditor, and all other parties against whom Nexxus has claims and (b) intends to exercise such rights and remedies in all appropriate forums." Obj. at ¶ 3. Nexxus further admitted in the Objection that it "understands that Federal Rule of Bankruptcy Procedure 3001 purportedly limits the right to object to a transfer of claim other than for security to the alleged transferor." *Id.*

17. No hearing was conducted to adjudicate the Objection. After filing the Objection, Nexxus did not challenge the FTXC Notice of Transfer until October 17, 2024, when it filed this Motion. *See* Mot. at ¶¶ 12-13.

## ARGUMENT

**I.   This Court Is an Improper Forum.**

18. The Motion fails at the threshold, because this Court is an improper forum.

19. First and foremost, the Court lacks jurisdiction to consider this dispute. The mandatory forum-selection clauses in the FTXC and Purported Nexxus Assignments require that all disputes related to those agreements be brought in New York and therefore preclude Nexxus from raising a dispute over ownership of the Claim in this Court.

20. It is axiomatic that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Lipscomb v. Clairvest Equity Partners L.P. (In re LMI Legacy Holdings, Inc.)*, 553 B.R. 235, 251 (Bankr. D. Del. 2016) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013)). A forum-selection

clause is mandatory "when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007) (applying New York law). Conversely, "a permissive forum selection clause only reflects the contracting parties' consent to resolve disputes in a certain forum, but does not require that disputes be resolved in that forum." *Indem. Ins. Co. of N. Am. v. K-Line Am., Inc.*, 2008 WL 4922327, at *7 (S.D.N.Y. Feb. 27, 2008).

21. Language that a particular court or jurisdiction "only" or "shall" hear a dispute signals that a forum-selection clause is mandatory. *See, e.g.*, *Transient Path, LLC v. Stones S. Bay Corp.*, 2024 WL 3730113, at *3 (S.D.N.Y. Aug. 8, 2024) (forum-selection clause mandatory where it provided that "[a]ny action to declare or enforce any rights or obligations under this Agreement shall be brought only before a court of competent jurisdiction in the State of New York, Westchester County"); *Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 444 (S.D.N.Y. 2022) (usage of the term "only" allows parties to make "clear their intention to render the forum selection clause mandatory"); *Indem. Ins. Co. of N. Am.*, 2008 WL 4922327, at *7 (forum-selection clause providing that any dispute "shall be brought before the Tokyo District Court" was mandatory); *Micro Balanced Prods. Corp. v. Hlavin Indus. Ltd.*, 667 N.Y.S.2d 1, 1-2 (N.Y. App. Div. 1st Dep't 1997) (language such as "[t]he courts of Tel-Aviv shall have jurisdiction over any matter arising from or concerning this agreement" has "generally been construed as mandatory").

22. The forum-selection clauses in the FTXC and Purported Nexxus Assignments are unmistakably mandatory. The FTXC Assignment provides that "any litigation relating to [same] ***shall*** be brought ***only*** in" the federal or state courts in New York City. FTXC Assign. ¶ 13 (emphases added). The Purported Nexxus Assignment likewise provides that Nexxus

"irrevocably" agrees that "any action to enforce, interpret, or construe any provision" of the Nexxus Agreement "will be brought and determined *only* in a state or federal court located in the city and county of New York." Nexxus Assign. ¶ 10 (emphasis added). The foregoing language unequivocally shows the parties' intention that disputes seeking to enforce or invalidate the assignments – which Nexxus is vying to do by its Motion – *must* be brought in New York courts to the exclusion of others, including this Court.

23. Additionally, litigating this dispute in New York is prudent from a practical standpoint. The Motion necessarily concerns copious issues of contested fact and contract interpretation, including (i) whether Nexxus paid consideration under the Purported Nexxus Assignment; (ii) when any such consideration was paid – and in particular, whether it was paid before the date of FTXC's assignment; (iii) the stage at which the parties intended for the assignment to become effective (*e.g.*, upon the parties' execution of the Purported Nexxus Assignment, versus Nexxus' payment of the consideration and the resulting settlement of the Claim sale transaction; (iv) the reason for Nexxus' delay in filing its purported Notice of Transfer of Claim; and (v) whether Nexxus and FTXC have recourse against Seller.

24. Such questions are highly fact-intensive, involve fulsome discovery, implicate a party/witness who has not appeared in the FTX Bankruptcy (Seller), and turn on nuanced questions of state-law contract interpretation. As such, they are better suited for adjudication by a New York trial court, in a single consolidated action, finding facts within the framework of New York law – consistent with Seller's and Nexxus' unequivocal intent as to same. *See, e.g.*, *In re DHP Holdings II Corp.*, 435 B.R. 220, 232 (Bankr. D. Del. 2010) ("PSI argues that the Court's docket is already overburdened and this fact-intensive . . . litigation should go to state court. . . . The Court agrees with PSI."); *In re David X. Manners Co., Inc.*, 596 B.R. 217, 227

(Bankr. D. Conn. 2018) ("because the question . . . is one of New York state law and one that, as evidenced by the law, is a fact-intensive inquiry, which leads this Court to conclude that the New York courts are in a better position to decide the issue"); *Sun Healthcare Group Inc. v. Levin (In re Sun Healthcare Group, Inc.),* 267 B.R. 673, 679 (Bankr. D. Del. 2000) (finding that state law issues predominated the litigation, favoring abstention); *In re GEL, LLC*, 495 B.R. 240, 247 (Bankr. E.D.N.Y. 2012) (internal citation omitted) (state court rather than bankruptcy court is "better suited to determine" the application of New York state law); *In re Dabrowski*, 257 B.R. 394, 417-19 (Bankr. S.D.N.Y. 2001) (abstaining from hearing issues involving New York law, and holding that "[j]ust as this Court was probably better suited to rule on the federal bankruptcy law issues involving the nature and extent of discharge, this Court believes that the state courts are better suited to determine . . . one or more questions of state law").

25. Indeed, Nexxus has acknowledged this precise principle, asserting in its Objection that it reserves all rights and remedies against Seller and others and "intends" to vindicate those rights and remedies "in all appropriate forums." Obj. at ¶ 3.

26. Because this Court is not a proper forum in which to litigate Nexxus' complaints over Claim ownership, the Motion should be denied on this ground alone.

## II. Nexxus Lacks Standing to Challenge the FTXC Transfer of Claim.

27. The Motion is a nonstarter for yet another reason. Under the plain terms of Rule 3001(e)(2), Nexxus – as a purported transferee of the Claim, and not the transferor – has no standing to object to the FTXC Transfer of Claim.

28. Rule 3001(e)(2), as amended in 1991, circumscribes the circumstances under which a party may object to a transfer of claim. The rule provides, in plain and explicit terms, the following:

> If a claim other than one based on a publicly traded note, bond or debenture has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 20 days of the mailing of notice or within any additional time allowed by the court. If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor.

Fed. R. Bankr. P. 3001(e)(2). In fact, "[t]he 1991 amendment to Rule 3001(e) was expressly intended to curtail judicial oversight of the claim assignment process itself by eliminating notice to third parties and limiting the court's role to determining disputes between assignee and assignor, the only party entitled to notice of the purported transfer." *In re Lynn*, 285 B.R. 858, 861 (Bankr. S.D.N.Y. 2002).

29.     Thus, "[g]iven Bankruptcy Rule 3001(e)(2)'s plain language, as confirmed by the Advisory Committee Note, third parties, including the Debtor, do not have standing to object to a claim assignment itself." *Id.*; *see also In re Enron Corp.*, 2005 WL 3873890, at *9 n.13 (Bankr. S.D.N.Y. June 16, 2005) ("According to the plain language of Bankruptcy Rule 3001(e)(2) only the transferor has the right to object to the notice of transfer of claim filed by the transferee. Thus, Bankruptcy Rule 3001(e)(2) does not on its face allow third parties to have standing to object to the notice of transfer of claim."); *In re Northwood Properties, LLC*, 2006 WL 1738282, at *2 (Bankr. D. Mass. June 21, 2006) ("Absent allegations not here present such as breach of fiduciary duty or fraud, the Debtor lacks standing to object to the Claims Transfers."); *Viking Assocs. v. Drewes (In re Olson)*, 120 F.3d 98, 102 (8th Cir. 1997) ("The language of the Rule is mandatory and directs the court to substitute the name of the transferee for that of the transferor in the absence of a timely objection from the transferor.").

30. Here, Nexxus attempts, without avail, to transgress the bounds of Rule 3001(e)(2)'s clear strictures by filing the Motion (and before that, the Objection), even though it is a purported transferee of the Claim and not the transferor.

31. Tellingly, Nexxus itself conceded this point in the Objection, revealing that it "understands that Federal Rule of Bankruptcy Procedure 3001 purportedly *limits the right to object* to a transfer of claim other than for security *to the alleged transferor*." Obj. at ¶ 3 (emphases added). While Nexxus proceeded to contend that the plain terms of this rule should be relaxed "in light of the circumstances," it identifies no authority for why the Court should bend the limits of Rule 3001(e)(2), as deliberately set by the Legislature and Supreme Court. And in any event, equity may not be wielded to bend such limits. *See In re Lynn*, 285 B.R. at 862 (deeming as "misplaced" objector's argument "that the Court can use its equitable power under section 105(a) of the Bankruptcy Code to invalidate a claim assignment"); *In re Celotex Corp.*, 224 B.R. 853, 856 n.7 (Bankr. M.D. Fla. 1998) (internal citations omitted) ("equitable powers are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules").

**III.   The Motion Fails on the Merits Because It Raises Critical but Unresolved Issues of Fact.**

32. Lastly, the Motion must be denied because Nexxus has failed to show that it lawfully acquired title to the Claim before FTXC acquired title. To the contrary, the Motion implicates numerous unresolved questions of fact. *See supra*, at § I. These critical questions of fact cannot be resolved based on the record on this Motion, which raises more questions than it answers.

33. The principal case Nexxus relies on, *In re Celotex Corp.* (*see* Mot. at ¶¶ 16-21), is factually inapposite. There, it was "undisputed" that the first buyer, Newstart, lawfully acquired

title to the disputed claims before the second buyer, DACA. *In re Celotex Corp.*, 224 B.R. at 855 ("It is undisputed Newstart purchased the claims from the original trade creditors in April, 1995, and filed the assignments on November 15, 1995."). Because the record in *In re Celotex* did not engender questions concerning the effectiveness of Newstart's assignment or the legality of its ownership of the claims, and DACA apparently did not raise such questions, that case has no application here.[5] The same holds true for every other case Nexxus relies on, all of which determined or assumed without deciding that the first assignment was valid and effective. *See* Mot. at ¶ 22.

34.  In sum, numerous unresolved questions of fact defeat the Motion. Granting the Motion before these questions are resolved would not only be premature. It would also impose irreparable harm on FTXC – including the loss of its rights to the Claim – should further discovery and fact-finding demonstrate that the assignment to Nexxus was ineffective. The Court should not countenance such an inequitable result.

---

[5] *In re Celotex* is inapposite for several additional reasons. That case did not feature a forum-selection clause. The procedural posture there was also different, as Newstart moved for a determination on ownership, rather than move to strike or otherwise object to the transfer of claim filed by DACA. And the case, which is over 25 years old, has only been cited by four other decisions, not one of which is in the Third Circuit.

## **CONCLUSION**

For the foregoing reasons, the Motion must be denied.

Dated: October 31, 2024
Wilmington, Delaware

> By: */s/ Christine McCabe*
> Christine McCabe (No. 3695)
> **ROSEN & ASSOCIATES, P.C.**
> P.O. Box 7560
> Wilmington, Delaware 19803
> Telephone: (212) 223-1100
> E-mail: cmccabe@rosenpc.com
>
> - and -
>
> Andrew K. Glenn
> Tian "Skye" Gao
> Naznen Rahman
> **GLENN AGRE BERGMAN & FUENTES LLP**
> 1185 Avenue of the Americas, 22nd Fl.
> New York, New York 10036
> Telephone: (212) 970-1600
> E-mail: aglenn@glennagre.com
> sgao@glennagre.com
> nrahman@glennagre.com
>
> *Counsel to FTXCREDITOR, LLC*