# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| ALAMEDA RESEARCH LTD.,<br><br>    Plaintiff,<br><br>- against -<br><br>GATE TECHNOLOGY INCORPORATED, GATE GLOBAL, CORP., GATE INFORMATION PTE. LTD., and SUN YUNZHI,<br><br>    Defendants. | Adv. Pro. No. 24-_____ (JTD) |

**COMPLAINT FOR TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 542, FOR VIOLATIONS OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362, AND DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502**

Plaintiff Alameda Research Ltd. ("Alameda" or "Plaintiff"), through its undersigned counsel, for its complaint against Gate Technology Incorporated ("Gate Technology"), Gate Global, Corp. ("Gate Global"), Gate Information Pte. Ltd. ("Gate Information," and together with Gate Technology and Gate Global, "Gate.io") and Sun Yunzhi

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

(together with Gate.io, "Defendants"), alleges the following based upon personal knowledge and upon its investigation to date as to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE CASE

1. Plaintiff brings this adversary proceeding ("Adversary Proceeding") pursuant to Sections 105 and 542 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") to recover more than $40 million of debtor assets held in a Gate.io exchange account belonging to Alameda. Plaintiff also asserts a claim for violations of the automatic stay pursuant to Section 362 of the Bankruptcy Code for Defendants' actions affecting property of the debtors' estates. Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff also seeks to disallow any and all claims filed or held by Defendants in the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases") unless and until Defendants have relinquished to Plaintiff all property subject to turnover.

2. On November 11 and November 14, 2022 (as applicable, the "Petition Date"), FTX Trading Ltd. ("FTX.com") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed for Plaintiff or any other Debtor in the Chapter 11 Cases, and the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On November 22, 2022, the Court entered an order authorizing joint administration of the Chapter 11 Cases [D.I. 128]. Accordingly, Plaintiff has the authority to file this Complaint to commence, and thereafter to prosecute, this Adversary Proceeding.

3.      Prior to the filing of the Chapter 11 Cases, Alameda engaged in cryptocurrency trading, venture investing and other activities.  As part of its trading operations, Alameda opened and operated accounts on various cryptocurrency exchanges around the world.

4.      Gate.io claims to be one of the world's largest cryptocurrency exchanges, reporting more than 12 million global users and $434 billion in yearly trading volume.[2]

5.      Prior to the filing of these Chapter 11 Cases, Alameda maintained an account on Gate.io with an account number ending in -8051 (the "Alameda Account").  The Alameda Account had originally been opened in the name of Zixiao "Gary" Wang, one of Alameda's part-owners and a co-founder of FTX.com, but the Alameda Account was at all relevant times funded and controlled by, and used solely for the benefit of, Alameda.

6.      Immediately after commencing these Chapter 11 Cases, the Debtors determined that Gate.io had locked the Alameda Account, rendering the Debtors unable to recover Debtor assets then-valued at approximately $30 million.  The Debtors promptly contacted Gate.io to request that they preserve the Debtors' assets in the Alameda Account and cooperate with the Debtors' requests to facilitate the return of these assets for the benefit of the Debtors' estates.

7.      Despite repeated outreach from the Debtors through a wide range of approaches, and despite initial indications from Gate.io that they would in fact return the Debtors' property, Gate.io to date has refused to cooperate with the Debtors' requests and continues to wrongfully withhold the Debtors' property.  This Adversary Proceeding seeks the turnover of these estate assets held by Gate.io.

---

[2]     Top Crypto Exchanges by Volume, Reuters (Nov. 9, 2022), https://www.reuters.com/graphics/FINTECH-CRYPTO/zdpxdyzzgpx/; Gate.io Surpasses 12 Million Users, Steadily Advances Globalization Strategy, Gate.io (Oct. 13, 2024), https://www.gate.io/blog/1660/gate.io-surpasses-12-million-users-steadily-advances-globalization-strategy.

8. Upon information and belief, Gate.io also maintained an FTX.com account with an account number ending in -9916 (the "Gate.io FTX.com Account"). The Gate.io FTX.com Account was initially opened in July 2020 using an email address associated with Lin Han, the CEO of Gate.io, and the name of Defendant Sun Yunzhi. In or around October 2021, the email address associated with the Gate.io FTX.com Account was changed to an email address used by Gate Information in connection with certain other cryptocurrency investments. After the Petition Date, a customer proof of claim was filed against the Debtors with respect to the Petition Date balances of the Gate.io FTX.com Account (totaling approximately $13.3 million), with that claim being filed using the name of yet another individual, Gao Aizhi.

9. Notwithstanding the Gate.io FTX.com Account's connection with Lin Han and Gate.io, the Gate.io FTX.com Account is nominally held by Sun Yunzhi. Pursuant to Section 502(d) of the Bankruptcy Code, Alameda also seeks to disallow any claims filed or held by Defendants in these Chapter 11 Cases unless and until Gate.io has relinquished to Alameda all estate property, specifically including all assets in the Alameda Account.

10. During the course of this Adversary Proceeding, Plaintiff may learn (through discovery or otherwise) of additional property of the Debtors subject to turnover under Section 542 of the Bankruptcy Code, or of transfers made to Gate.io that are avoidable under Sections 547 or 548 of the Bankruptcy Code. Plaintiff intends to recover all such property and avoid and recover all such transfers made to or for the benefit of Gate.io or any other transferee of such transfers. Plaintiff reserves the right to amend this Complaint to include, without limitation: (i) further information regarding any property or transfers, (ii) additional plaintiffs or defendants, (iii) modifications of and/or revision to the defendants' names, and (iv) additional causes of action, if applicable (collectively, the "Amendments"), that may become known at any

time during this Adversary Proceeding, through formal discovery or otherwise, and intend for any such Amendments to relate back to this Complaint.

## JURISDICTION AND VENUE

11. This Adversary Proceeding relates to Plaintiff's Chapter 11 Case filed with this Court on the Petition Date. The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

12. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter final orders herein.

13. Venue of this Adversary Proceeding in this District is proper pursuant to 28 U.S.C. § 1409, and venue in this District is consistent with the interests of justice, judicial economy, and fairness.

14. The statutory predicates for the relief requested herein are Sections 105(a), 362, 502(d), and 542 of the Bankruptcy Code.

15. This Adversary Proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure because, at a minimum, it seeks, among other things, to recover money or property belonging to the Debtors' Chapter 11 estates. Fed. R. Bankr. P. 7001(1).

16. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders and judgments by the Court on these claims to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

17. Plaintiff Alameda is a British Virgin Islands company limited by shares.

18. Defendant Gate Technology is a company incorporated in the Cayman Islands.

19. Upon information and belief, Defendant Gate Global is a company incorporated in Panama.

20. Defendant Gate Information is a Singaporean exempt private company limited by shares.

21. At all relevant times, the Gate.io exchange has been owned and operated by or through one or more associated companies, including Gate Technology, Gate Global and Gate Information. Upon information and belief, Gate Technology, Gate Global and Gate Information operate as a unified, integrated enterprise, including by sharing management. Because Gate Technology, Gate Global and Gate Information operate as a joint enterprise, they are described together in this complaint as "Gate.io."

22. Defendant Sun Yunzhi is the nominal accountholder of an FTX.com account ending in -9916 that is the subject of a customer proof of claim against FTX.com (Claim No. 51722) in these Chapter 11 Cases for the balance of the Gate.io FTX.com Account.

## FACTUAL ALLEGATIONS

23. Prior to the Petition Date, Alameda engaged in cryptocurrency trading and other activities. In connection with its cryptocurrency trading activities, Alameda maintained and operated accounts on various cryptocurrency exchanges around the world. One such account—the Alameda Account—was opened in the name of Zixiao "Gary" Wang at Gate.io with an account number ending in -8051. As of the Petition Date, the Alameda Account held assets then-valued at approximately $39.5 million. The Debtors were able to secure approximately $10 million of the assets in the Alameda Account immediately after the Petition Date, at which

point Gate.io locked the Alameda Account before the Debtors could secure the remaining Debtor assets (valued at approximately $30 million as of the Petition Date, and approximately $40 million as of October 31, 2024).

24.     Gate.io has without justification refused to turn over the assets in the Alameda Account to the Debtors, despite numerous requests.  On November 16, 2022, the now-CEO of the Debtors sent a letter to Lin Han, the CEO of Gate.io, requesting that the assets in the Alameda Account be secured and seeking to coordinate the transfer of the assets in the Alameda Account to the Debtors.  After additional follow-up from the Debtors, Gate.io's then-current outside counsel responded on November 28, 2022, to confirm receipt of the Debtors' letter and to request a call to discuss certain confidentiality issues.

25.     During a November 29, 2022 call, Gate.io's counsel stated that Gate.io wanted to cooperate with the Debtors' requests and had taken steps to secure the assets in the Alameda Account, but that Gate.io wanted to enter into a confidentiality and non-disclosure agreement before taking any additional steps or disclosing any further information regarding the Alameda Account (and any other Gate.io accounts potentially containing Debtor assets).  Gate.io's counsel also stated that Gate.io had maintained an FTX.com account with a significant balance as of the Petition Date, and that Gate.io would like to discuss issues related to that account as well.

26.     The Debtors sought to address Gate.io's stated concerns by preparing a confidentiality and non-disclosure agreement.  Although the Debtors and Gate.io exchanged several drafts of the agreement, Gate.io ultimately changed course:  On March 15, 2023, Gate.io's then-counsel stated that they no longer represented Gate.io in connection with these issues, and directed the Debtors to a member of Gate.io's in-house legal team for future discussions.

27.     On March 22, 2023, the Debtors sent another letter to Lin Han and the Gate.io legal team, once again requesting that Gate.io cooperate with the Debtors' requests.  The March 22, 2023 letter also informed Gate.io that the Court had authorized the Debtors to secure at-risk assets and move all cash and securities held in third-party brokerages to other accounts.  The letter also explained that Section 362 of the Bankruptcy Code operates as a worldwide automatic stay, enjoining all persons from taking any action to exercise control over property of any Debtor, and that Section 542 of the Bankruptcy Code requires that any estate property be turned over to the Debtors upon request.

28.     After repeated follow-ups from the Debtors, the Gate.io legal team finally responded on April 24, 2023, stating that they had received the Debtors' letter and promising to respond in due course.  Gate.io did not, in fact, respond in due course:  Notwithstanding the Debtors' repeated outreach through various methods, Gate.io has refused to substantively engage with or respond to the Debtors' requests.

29.     On July 25, 2024, the Debtors once again approached Gate.io to see if Gate.io would agree to return the Debtors' property without forcing the Debtors to resort to litigation.  The Debtors also explicitly informed Gate.io that the Debtors would seek to disallow under Section 502(d) of the Bankruptcy Code any and all claims asserted against the Debtors by any individuals or entities wrongfully withholding Debtor property, and urged Gate.io to reconsider its refusal to return the Debtors' property.

30.     Gate.io still did not respond.  As a result, the Debtors have no choice but to seek judicial enforcement of their rights under the Bankruptcy Code.

31.     Section 542(a) of the Bankruptcy Code mandates that "an entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use,

sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

32. The assets held by Gate.io in the Alameda Account are property of the Debtors' estates pursuant to Section 541(a)(1) of the Bankruptcy Code, which defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held." 11 U.S.C. § 541(a).[3]

33. "Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law." *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J. 2002). "[T]he Bankruptcy Code is not concerned with the 'technicalities of title' when it comes to determining property of the estate." *In re NJ Affordable Homes Corp.*, No. 05-60442, 2006 WL 2128624, at *8 (Bankr. D.N.J. June 29, 2006) (cleaned up). Instead, property belongs to the estate where the debtor controls the property or otherwise indicates its "legal or equitable interests" in the property. *E.g.*, *In re Schwartz*, No. 10-21505, 2014 WL 2621114, at *5 (Bankr. D.N.J. June 12, 2014) (holding that bank account not in debtor's name was nevertheless property of the estate where debtor funded account, showed "ownership, control, and interest" in account, and money "functionally belonged" to debtor).

34. As the affidavits executed by Caroline Ellison, former CEO of Alameda, and Zixiao "Gary" Wang, former Chief Technology Officer of Alameda, attached hereto as

---

[3] In addition, insofar as Gate.io qualifies as a custodian under Bankruptcy Code section 543, it is obligated to "deliver to the [Debtors] any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case." 11 U.S.C. § 543(b).

Exhibits 1 and 2 make clear, there is no *bona fide* dispute as to the Debtors' ownership of the assets in the Alameda Account. The remaining assets in the Alameda Account, valued at approximately $40 million as of October 31, 2024, are not of inconsequential value or benefit to the estate and must be returned to the Debtors.

35. Moreover, by refusing to return the assets in the Alameda Account to the Debtors, Gate.io is depriving the Debtors of the value of their property and has caused the Debtors to incur significant costs in seeking to secure those assets. By refusing to allow the Debtors to access their assets, Gate.io has flouted one of the key purposes of the automatic stay: "to prevent any creditor from becoming a self-determined arbiter of what constitutes property of the estate and what actions are permitted or prohibited by the stay." *In re Johnson*, 548 B.R. 770, 787 (Bankr. S.D. Ohio 2016); *see also Maritime Elec. Co., Inc.* v. *United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) ("[T]he stay protects creditors by preventing particular creditors from acting unilaterally in self-interest . . . to the detriment of other creditors.").

## CAUSES OF ACTION

### COUNT ONE
### TURNOVER CLAIM PURSUANT TO 11 U.S.C. § 542
### (AGAINST GATE.IO)

36. Plaintiff repeats and realleges the allegations in paragraphs 1 through 35 as if fully set forth here.

37. As alleged above, Gate.io continues to withhold the assets contained in the Alameda Account, which are assets of the Debtors' estates that are not of inconsequential value. The Debtors seek an order from the Court directing Gate.io to turn over to the Debtors the assets in the Alameda Account, which are property of the Debtors' estates pursuant to Bankruptcy Code Section 541(a)(1).

38.	The relief requested also is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code. Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

**COUNT TWO**
**VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(3), (k)**
**(AGAINST GATE.IO)**

39.	Plaintiff repeats and realleges the allegations in paragraphs 1 through 38 as if fully set forth here.

40.	Section 362(a)(3) of the Bankruptcy Code provides, in relevant part, that a petition "filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

41.	The Debtors' assets in the Alameda Account comprise property of the Debtors' estates under Section 541 of the Bankruptcy Code. *See* 11 U.S.C. § 541(a)(1) (estate property is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case").

42.	Section 362(k) of the Bankruptcy Code permits an individual injured by a willful violation of the automatic stay to recover "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *See* 11 U.S.C. § 362(k)(1).

43.	Plaintiff respectfully submits that the above circumstances warrant both actual and punitive damages to be determined by the Court based on the depletion of estate assets, including any losses in value of the Debtors' assets in the Alameda Account resulting from Gate.io's actions, as well as costs and attorneys' fees.

## COUNT THREE
## DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)
## (AGAINST ALL DEFENDANTS)

44. Plaintiff repeats and realleges the allegations in paragraphs 1 through 43 as if fully set forth here.

45. The Gate.io FTX.com Account was initially opened in July 2020 using an email address associated with Lin Han, the CEO of Gate.io, and the name of Defendant Sun Yunzhi. In or around October 2021, the email address associated with the Gate.io FTX.com Account was changed to an email address used by Gate Information in connection with certain other cryptocurrency investments. After the Petition Date, a customer proof of claim was filed against the Debtors with respect to the Petition Date balances of the Gate.io FTX.com Account (totaling approximately $13.3 million), with that claim being filed using the name of yet another individual, Gao Aizhi.

46. As alleged above, Gate.io is an entity from which property is recoverable under Section 542 of the Bankruptcy Code, and, upon information and belief operates and controls the FTX.com customer account ending in -9916 and associated with Claim No. 51722.

47. By reason of the foregoing facts and pursuant to Section 502(d) of the Bankruptcy Code, any claims of Defendants, or persons or entities affiliated with or controlled by Defendants, that have been or will in the future be asserted in these Chapter 11 Cases should be disallowed unless and until Gate.io has relinquished to Plaintiff the property transferred, or has paid Plaintiff the value of such transferred property, for which and to the extent that the Court has determined Defendant is liable pursuant to 11 U.S.C. § 542.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

48. Enter an order under 11 U.S.C. § 542 and 105(a) directing the turnover of all assets held in the Alameda Account to Debtor Alameda;

49. Enter an order under 11 U.S.C. § 362(k) awarding actual and punitive damages to Plaintiff for Gate.io's violation of the automatic stay with respect to the assets in the Alameda Account;

50. Enter an order under 11 U.S.C. § 502(d) disallowing any and all claims filed or held by Defendants in these Chapter 11 Cases unless and until Gate.io relinquishes to Alameda the amount ordered as an award for property withheld;

51. Award Plaintiff its attorneys' fees, pre- and post-judgment interests, and costs of suit; and

52. Award Plaintiff all other relief, at law or equity, to which it may be entitled.

| | |
|---|---|
| Dated:  November 1, 2024<br>         Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Richard S. Cobb (No. 3157)<br>Matthew B. McGuire (No. 4366)<br>Howard W. Robertson IV (No. 6903)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>       cobb@lrclaw.com<br>       mcguire@lrclaw.com<br>       robertson@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Stephanie G. Wheeler (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Justin J. DeCamp (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: wheelers@sullcrom.com<br>       gluecksteinb@sullcrom.com<br>       decampj@sullcrom.com<br>       dunnec@sullcrom.com<br>       crokej@sullcrom.com<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |