IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et. al,* | Case No. 22-11068 (JTD) |
| Debtors | Ref. No. 25708 |

### ONE HUNDRED TENTH OMNIBUS OBJECTION, CLAIM 83949

Under claim 83949, Sara King objects to the West Realm Shires Services Inc. Ticker Quantity of 0.001252109576558, estimated at approximately $600 on the Kroll Restructuring Administration website when voting in August 2024 under e-ballot E430-EEA6-5032-AB81, The claim should not be against West Realm Shire Services, Inc. It should be placed against FTX. On August 11, 2024, Ms. King was advised when inquiring about the valuation, that the Digital Asset Conversion table was based upon digital asset prices on the date of the petition and other established practices in crypto cases. However, Ms. King noted the asset valuation of BTC was significantly understated compared to the other two digital asset basis Ms. King is filing a claim for. Ms. King would rather receive her digital assets back instead of $600 USD.

Ms. King purchased $24,000 of crypto using two of FTXs applications between November 15th and November 29th. November 15th and 16th 2021, Sara King responded to FTX's cell phone application which promised an annual ~8% staking amount for certain crypto purchases.  Specifically, on November 16th, Ms. King spent $1,500 USD, including $45 USD for FTX App 3% fee to purchase 0.02520393 BTC at the price of $59,514.90 via a FTX App on her cell phone. On November 15th, Ms. King spent another $500 USD on FTXs cell phone application, including $15 USD for FTX App 3% fee to purchase

- ✓ 0.00368642 BTC at the price of $61,035.15 for a total of $225 USD;
- ✓ 0.0 4043613 ETH at the price of $4,327.83 for a total of $175 USD; and
- ✓ 0.40404473 LTC at the price of $247.50 for a total of $100 USD.

Ms. King also purchased $10,000 and $12,000 at a 0.50% fee, on November 24th and November 29th respectively, but used the FTX application on her laptop instead of cell phone application. Ms. King recalls contacting FTX to try and sync the two accounts, but was told the two work under two different platforms, so they could not. Ms. King pulled all the funds off the PC FTX App and put the funds on a cold wallet. When trying to file the claim for the $2,000 of crypto funds lost on the FTX cell phone application, the claim system would recognized the $22,000 purchased on FTX laptop application.

Unlike the FTX laptop application, the FTX cell phone application did not email a receipt of the purchase. However, Ms. King documented the transaction on her own personal excel workbook for all crypto transactions and has her personal bank account statement from November 2021. The facts above were extracted from her crypto workbook. The facts below are supported with the attached bank statement, and corroborate the above facts.

The attached bank statement shows she made deposits on or around November 16th to FTX US, the cell phone FTX Application, and other deposits to FTXUS blockfolio, for the laptop application on November

18th and 22nd. The bank statement shows $2,750 transferred to the FTX cell phone application beginning on November 13, 2021 and completed on November 15th, 2021. Ms. King never cashed in crypto purchased on the FTX cell phone application. Ms. King still has the FTX cell phone application on her phone, but is still unable to access it. To-date, Ms. King has not been able to access her FTX cell phone application accounts, because FTX locked her out of the APP, thus denied her due process and access to her property.

Ms. King objects to the KYC system not recognizing her FTX cell phone application digital assets. The KYC system only recognizes her FTX laptop application transactions, which accurately has a zero balance. Ms. King does not know who West Realm Shires Services Inc., the debtor her claim was made against, and objects if West Realm Shires Services Inc. is not the FTX cell phone application debtor. Ms. King objects to the valuation of her FTX cell phone digital asset portfolio in the table below based upon the digital assets conversion table included as in Appendix E of the Disclosure Statement For Debtors' Joint Chapter 11 Plan of Reorganization of FTX Trading LTD. and Its Affiliated Debtors and Debtors-in-Possession, dated June 27, 2024.

| location | time | BTC | ETH | LTC |
|---|---|---|---|---|
| FTXAPP | 11/15/2021 | 0.00368642 | 0.04043613 | 0.40404473 |
| FTXAPP | 11/16/2021 | 0.02520393 | | |
| Coins Total | | 0.02889035 | 0.04043613 | 0.40404473 |
| Conversion Factor | | $16,871.63 | $1,258.84 | $60.6106 |
| Conversion Total | | $487.43 | $50.90 | $24.49 |
| SubTotal in USD | | | | $562.82 |
| 110% Recovery Total | | | | $619.10 |

The valuation of the crypto at the time of filing the motion in bankruptcy court was beginning to rise. Additionally, the conversion table amount is significantly less (more than half) than the value of the crypto currency at the time of the motion in September 2023.

Based upon the disadvantageous timing of the motion filing for claimants, and the unfair conversion of her assets to USD and unfair advantage to those who will profit from the unrecognized gains in coins that may not have been converted in September 2023, Ms. King respectfully requests the court to grant her any available relief and provide a fairer remedy for the above digital assets property seized on FTXs cell phone application.

              Digitally signed by //Ms. Sara King, on October 27, 2024.

Debtors counsel should communicate directly with Claimant:

Sara King

N6860 North Lake Drive, Elkhorn, WI 53121

(708) 631-5315, saratirzah@gmail.com, saratirzah@yahoo.com

File with the Office of the Clerk, United States Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before November 11, 2024 at 4:00 p.m. (ET), and served to Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Attn: Christian P. Jensen (jensenc@sullcrom.com) and David M. Rosenthal (rosenthald@sullcrom.com) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kimberly A. Brown (brown@lrclaw.com) [landis@lrclaw.com, brown@lrclaw.com, pierce@lrclaw.com, dietdricha@sullcrom.com, bromleyj@sullcrom.com, gluecksteinb@sullcrom.com, kranzleya@sullcrom.com]