# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| ALAMEDA RESEARCH LTD.,<br><br>    Plaintiff,<br><br>- against -<br><br>MEXC GLOBAL LTD.,<br><br>    Defendant. | Adv. Pro. No. 24-_____ (JTD) |

**COMPLAINT FOR TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 542 AND FOR VIOLATIONS OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Plaintiff Alameda Research Ltd. ("Alameda" or "Plaintiff"), through its undersigned counsel, for its complaint against Defendant MEXC Global Ltd. ("MEXC"), alleges the following based upon personal knowledge and upon its investigation to date as to itself and its own acts, and upon information and belief as to all other matters:

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

## NATURE OF THE CASE

1.      Plaintiff brings this adversary proceeding ("Adversary Proceeding") pursuant to Sections 105 and 542 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") to recover more than $6 million of debtor assets held in a MEXC exchange account belonging to Alameda.  Plaintiff also asserts a claim for violations of the automatic stay pursuant to Section 362 of the Bankruptcy Code for Defendant's actions affecting property of the debtors' estates.

2.      On November 11 and November 14, 2022 (as applicable, the "Petition Date"), FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed for Plaintiff or any other Debtor in the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"), and the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  On November 22, 2022, the Court entered an order authorizing joint administration of the Chapter 11 Cases [D.I. 128].  Accordingly, Plaintiff has the authority to file this Complaint to commence, and thereafter to prosecute, this adversary proceeding.

3.      Prior to the filing of the Chapter 11 Cases, Alameda engaged in cryptocurrency trading, venture investing and other activities.  As part of its trading operations, Alameda opened and operated accounts at various cryptocurrency exchanges around the world.

4. MEXC is a large cryptocurrency exchange, reporting more than 7 million global users and $2.9 billion in daily trading volume.[2]

5. Prior to the filing of these Chapter 11 Cases, Alameda opened an account on MEXC with an account number ending in -7795 (the "Alameda Account"). The Alameda Account was registered in the name of, funded and controlled by, and used solely for the benefit of Alameda.

6. Immediately after commencing these Chapter 11 Cases, the Debtors determined that MEXC had locked the Alameda Account, rendering the Debtors unable to recover Debtor assets then-valued at approximately $6 million. The Debtors promptly contacted MEXC to request that it preserve the Debtors' assets in the Alameda Account and cooperate with the Debtors' requests to facilitate the return of these assets for the benefit of the Debtors' estates.

7. Despite repeated outreach from the Debtors through a wide range of approaches, and despite initial indications from MEXC that it would in fact return the Debtors' property, MEXC to date has refused to cooperate with the Debtors' requests and continues to wrongfully withhold the Debtors' property. This Adversary Proceeding seeks the turnover of these estate assets held by MEXC.

8. During the course of this Adversary Proceeding, Plaintiff may learn (through discovery or otherwise) of additional property of the Debtors subject to turnover under Section 542 of the Bankruptcy Code, or of transfers made to MEXC that are avoidable under Sections 547 or 548 of the Bankruptcy Code. Plaintiff intends to recover all such property and avoid and recover all such transfers made to or for the benefit of MEXC or any other transferee

---

[2] MEXC, BitDegree, https://www.bitdegree.org/top-crypto-exchanges/mxc (last visited Nov. 9, 2024).

of such transfers.  Plaintiff reserves the right to amend this Complaint to include, without limitation: (i) further information regarding any property or transfers, (ii) additional plaintiffs or defendants, (iii) modifications of and/or revision to the defendants' names, and (iv) additional causes of action, if applicable (collectively, the "Amendments"), that may become known at any time during this Adversary Proceeding, through formal discovery or otherwise, and intend for any such Amendments to relate back to this Complaint.

## JURISDICTION AND VENUE

9. This Adversary Proceeding relates to Plaintiff's Chapter 11 Case filed with this Court on the Petition Date.  The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

10. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter final orders herein.

11. Venue of this Adversary Proceeding in this District is proper pursuant to 28 U.S.C. § 1409, and venue in this District is consistent with the interests of justice, judicial economy, and fairness.

12. The statutory predicates for the relief requested herein are Sections 105(a), 362, and 542 of the Bankruptcy Code.

13. This Adversary Proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure because, at a minimum, it seeks, among other things, to recover money or property belonging to the Debtors' Chapter 11 estates.  Fed. R. Bankr. P. 7001(1).

14. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders and judgments by the Court on these claims to the extent that it is later determined

4

that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

15. Plaintiff Alameda is a British Virgin Islands company limited by shares.

16. Upon information and belief, Defendant MEXC Global Ltd. is a company incorporated in the Republic of Seychelles.

17. At all relevant times, the MEXC exchange has been owned and operated by or through one or more associated companies, including MEXC.

## FACTUAL ALLEGATIONS

18. Prior to the Petition Date, Alameda engaged in cryptocurrency trading and other activities. In connection with its cryptocurrency trading activities, Alameda maintained and operated accounts on various cryptocurrency exchanges around the world. One such account—the Alameda Account—was opened at MEXC with an account number ending in -7795. As of the Petition Date, the Alameda Account held assets then-valued at approximately $6 million.

19. MEXC has without justification refused to turn over the assets in the Alameda Account to the Debtors, despite numerous requests. On November 16, 2022, the now-CEO of the Debtors sent a letter to counsel for MEXC requesting that the assets in the Alameda Account be secured and seeking to coordinate on how to safely transfer the assets to the Debtors' estate. Over the next month, the Debtors followed up on this letter three times without response.

20. On January 31, 2023, the Debtors sent another letter to counsel for MEXC stating that the Court had authorized the Debtors to secure at-risk assets and move all cash and securities held in third-party brokerages to other accounts. The January 31, 2023 letter also explained that Section 362 of the Bankruptcy Code operates as a worldwide automatic stay, enjoining all persons from taking any action to exercise control over property of any Debtor, and that Section

542 of the Bankruptcy Code requires that any estate property be turned over to the Debtors upon request.

21. MEXC finally responded on April 25, 2023—five months after the Debtors' initial outreach. MEXC asked the Debtors to "apprise [it] of the process moving forward and the items required of [MEXC] to assist [the Debtors] in the same." The Debtors then asked MEXC to reset the login credentials for the Alameda Account so that the Debtors' cybersecurity advisors could access the Alameda Account and begin securing the Debtors' assets.

22. On May 17, 2023, MEXC asked the Debtors to "clarify the reasons behind [this] request" given that the Debtors were "able to access the account with the original login credentials." The Debtors clarified that this request was for additional security, but stated that they could proceed with the withdrawals once MEXC lifted the withdrawal hold on the Alameda Account.

23. Notwithstanding further follow-ups to MEXC, MEXC has continued to refuse to turn over the Debtors' assets or even meaningfully to engage with the Debtors regarding their requests. As a result, the Debtors have no choice but to seek judicial enforcement of their rights under the Bankruptcy Code.

24. Section 542(a) of the Bankruptcy Code mandates that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

25. The assets held by MEXC in the Alameda Account are property of the Debtors' estates pursuant to Section 541(a)(1) of the Bankruptcy Code, which defines "property of the

estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held."  11 U.S.C. § 541(a).[3]

26. "Congress intended that property of the estate be broadly inclusive of all interests that the debtor has under state law." *In re Barksdale*, 281 B.R. 548, 551 (Bankr. D.N.J. 2002). "[T]he Bankruptcy Code is not concerned with the 'technicalities of title' when it comes to determining property of the estate." *In re NJ Affordable Homes Corp.*, No. 05-60442, 2006 WL 2128624, at *8 (Bankr. D.N.J. June 29, 2006) (cleaned up).  Instead, property belongs to the estate where the debtor controls the property or otherwise indicates its "legal or equitable interests" in the property. *E.g.*, *In re Schwartz*, No. 10-21505, 2014 WL 2621114, at *5 (Bankr. D.N.J. June 12, 2014) (holding that bank account not in debtor's name was nevertheless property of the estate where debtor funded account, showed "ownership, control, and interest" in account, and money "functionally belonged" to debtor).

27. The assets in the Alameda Account, valued at approximately $6 million as of the Petition Date, are not of inconsequential value or benefit to the estate and must be returned to the Debtors.  Moreover, by refusing to return the assets in the Alameda Account to the Debtors, MEXC is depriving the Debtors of the value of their property and has caused the Debtors to incur significant costs in seeking to secure those assets.  By refusing to allow the Debtors to access their assets, MEXC has flouted one of the key purposes of the automatic stay: "to prevent any creditor from becoming a self-determined arbiter of what constitutes property of the estate

---

[3] In addition, insofar as MEXC qualifies as a custodian under Bankruptcy Code section 543, it is obligated to "deliver to the [Debtors] any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case."  11 U.S.C. § 543(b).

and what actions are permitted or prohibited by the stay." *In re Johnson*, 548 B.R. 770, 787 (Bankr. S.D. Ohio 2016); *see also Maritime Elec. Co., Inc.* v. *United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) ("[T]he stay protects creditors by preventing particular creditors from acting unilaterally in self-interest . . . to the detriment of other creditors.").

## CAUSES OF ACTION

### COUNT ONE
### TURNOVER CLAIM PURSUANT TO 11 U.S.C. § 542

28. Plaintiff repeats and realleges the allegations in paragraphs 1 through 27 as if fully set forth here.

29. As alleged above, MEXC continues to withhold the assets contained in the Alameda Account, which are assets of the Debtors' estates that are not of inconsequential value. The Debtors seek an order from the Court directing MEXC to turn over to the Debtors the assets in the Alameda Account, which are property of the Debtors' estates pursuant to Bankruptcy Code Section 541(a)(1).

30. The relief requested also is authorized under the Court's equitable powers codified in section 105(a) of the Bankruptcy Code. Pursuant to that section, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

### COUNT TWO
### VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(3), (k)

31. Plaintiff repeats and realleges the allegations in paragraphs 1 through 27 as if fully set forth here.

32. Section 362(a)(3) of the Bankruptcy Code provides, in relevant part, that a petition "filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all

8

entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

33. The Debtors' assets in the Alameda Account comprise property of the Debtors' estates under Section 541 of the Bankruptcy Code. *See* 11 U.S.C. § 541(a)(1) (estate property is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case").

34. Section 362(k) of the Bankruptcy Code permits a party injured by a willful violation of the automatic stay to recover "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *See* 11 U.S.C. § 362(k)(1).

35. Plaintiff respectfully submits that the above circumstances warrant both actual and punitive damages to be determined by the Court based on the depletion of estate assets, including any losses in value of the Debtors' assets in the Alameda Account resulting from MEXC's actions, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

36. Enter an order under 11 U.S.C. § 542 and 105(a) directing the turnover of all assets held in the Alameda Account to Debtor Alameda;

37. Enter an order under 11 U.S.C. § 362(k) awarding actual and punitive damages to Plaintiff for MEXC's violation of the automatic stay with respect to the assets in the Alameda Account;

38. Award Plaintiff its attorneys' fees, pre- and post-judgment interests, and costs of suit; and

39. Award Plaintiff all other relief, at law or equity, to which it may be entitled.

| | |
|---|---|
| Dated: November 9, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Richard S. Cobb (No. 3157)<br>Matthew B. McGuire (No. 4366)<br>Howard W. Robertson IV (No. 6903)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>   cobb@lrclaw.com<br>   mcguire@lrclaw.com<br>   robertson@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Stephanie G. Wheeler (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Justin J. DeCamp (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: wheelers@sullcrom.com<br>   gluecksteinb@sullcrom.com<br>   decampj@sullcrom.com<br>   dunnec@sullcrom.com<br>   crokej@sullcrom.com<br><br>*Counsel for Plaintiff Alameda Research Ltd.* |