## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  Dec. 12, 2024 at 1:00 P.M. (ET)**<br>**Objection Deadline:  Nov. 26, 2024 at 4:00 P.M. (ET)** |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION IN THE SETTLEMENT AGREEMENT WITH JOHN SAMUEL TRABUCCO

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtors to file under seal Confidential Information (defined below) contained in that certain Settlement Agreement (the "Settlement Agreement") between and among the Debtors and John Samuel Trabucco ("Trabucco").  In support of the Motion, the Debtors respectfully state as follows:

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

{1368.003-W0078162.}

**Background**

1.      On November 11 and November 14, 2022, the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128].  On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

3.      On November 10, 2024, the Debtors filed the *Motion of the Debtors for Entry of an Order (A) Authorizing the Debtors' Entry Into, and Performance Under, the Settlement Agreement with John Samuel Trabucco (B) Approving the Settlement Agreement and (C) Granting Related Relief* [D.I. 27851] (the "9019 Motion").  A copy of the Settlement Agreement is attached to Exhibit A to the 9019 Motion as Exhibit 1.  A portion of the Settlement Agreement contains confidential, non-Debtor personally identifiable information that has been filed in a redacted format (the "Confidential Information").  The Confidential Information consists of Trabucco's

primary residential address.  The Confidential Information does not relate to any other terms of the proposed Settlement Agreement.

**Jurisdiction and Venue**

4.       The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

5.       By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Debtors to file the Confidential Information contained in the Settlement Agreement under seal and (b) granting related relief.

**Basis for Relief**

6.       Bankruptcy Code section 107(c) authorizes the issuance of orders that protect parties from the potential harm resulting from the disclosure of confidential information. Specifically, section 107(c) states that "[t]he bankruptcy court, for cause, may protect an individual, with respect to . . . information to the extent that the court finds that disclosure of such information would create undue risk of . . . unlawful injury to the individual or the individual's property." Similarly, Bankruptcy Rule 9018 and Local Rule 9018-1 authorize the filing under seal of documents containing confidential information.

7.      The Debtors have agreed to redact Trabucco's primary residential address for safety reasons and believe this constitutes confidential information contemplated by section 107 of the Bankruptcy Code.

8.      Redaction of a personal address is appropriate under Section 107(c). *In re Genesis Global Holdco, LLC,* 652 B.R. 618, 636 (Bankr. S.D.N.Y. 2023). In *Genesis Global*, the bankruptcy court explained:

> "Section 107(c) protects individuals from the disclosure of information that would create an undue risk of identity theft or other unlawful injury to them or their property. This information includes 'any means of identification' as that phrase is defined in 18 U.S.C. § 1028(d). 11 U.S.C. § 107(c)(1)(A). Section 1028(d) of title 18, in turn, describes 'means of identification' as 'any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual.' 18 U.S.C. § 1028(d). 'Home addresses fall within that category of information, as it is taken as a 'given' that they constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking and intimate partner violence alike, and that publishing such information facilitates an identify thief's search for data and a stalker's or abuser's ability to find his or her target.' *In re Endo Int'l PLC*, 2022 Bankr. LEXIS 3093, 2022 WL 16640880, at *10 (Bankr. S.D.N.Y. Nov. 2, 2022) (quoting *In re Art Van Furniture, LLC*, Case No. 20-10553, Hr'g Tr. 25:13-16 (Bankr. D. Del. Mar. 10, 2022) ('[A]t this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief.'); *In re Forever 21, Inc.*, Case No. 19-12122, Hr'g Tr. 60:22-25 (Bankr. D. Del. Dec. 19, 2019 ) ('We live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld.'))."

9.      If the Confidential Information were made public, it could disrupt the Debtors' settlement process with Trabucco, including potentially causing the Settlement Agreement to collapse, thus foregoing the advantageous terms that the Debtors negotiated to the ultimate detriment of the Debtors and their creditors.

10.     The Debtors submit that other parties-in-interest will not be prejudiced by the Confidential Information being redacted from the public record because such information does not relate to the substantive terms of the proposed Settlement Agreement and shall be disclosed in

their entirety to the Court and the Disclosure Parties.  Accordingly, the relief requested by this Motion to seal the Confidential Information is appropriate under section 107(c) of the Bankruptcy Code.

11.     Therefore, the Debtors submit for the reasons set forth herein that cause exists under section 107(c) of the Bankruptcy Code and Bankruptcy Rule 9018 for the Debtors to file the Confidential Information under seal, subject to disclosure to the Disclosure Parties.

### Certification Pursuant to Local Rule 9018-1(d)(iv)

12.     The undersigned counsel hereby certifies the proposed redacted Settlement Agreement filed contemporaneously herewith (the "Redacted Documents") reflect the redactions the Debtors believe are necessary to preserve the Confidential Information.

### Notice

13.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney for the District of Delaware; (g) counsel for the Ad Hoc Committee; (h) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure; and (i) counsel to Trabucco.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

### Conclusion

For the foregoing reasons, the Court should enter the Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file the Confidential Information in the Settlement Agreement under seal.

Dated: November 11, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Richard S. Cobb (No. 3157)
Matthew B. McGuire (No. 4366)
Howard W. Robertson IV (No. 6903)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail:landis@lrclaw.com
      cobb@lrclaw.com
      mcguire@lrclaw.com
      robertson@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Stephanie G. Wheeler (admitted pro hac vice)
Christopher J. Dunne (admitted *pro hac vice*)
Jacob M. Croke (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
      gluecksteinb@sullcrom.com
      wheelers@sullcrom.com
      dunnec@sullcrom.com
      crokej@sullcrom.com

*Counsel for the Debtors*