**<u>Exhibit C</u>**

**Goldberg Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTX Trading, Ltd, *et al*.,[1] | ) | Case No. 22-11068 (JTD) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF ADAM J. GOLDBERG IN SUPPORT OF THE MOTION OF THE**
**JOINT LIQUIDATORS OF THREE ARROWS CAPITAL, LTD. (IN LIQUIDATION)**
**FOR LEAVE TO AMEND PROOF OF CLAIM**

I, Adam J. Goldberg, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge and belief.

1.      I am a partner at Latham & Watkins LLP ("**Latham**"), acting as United States bankruptcy counsel to Russell Crumpler and Christopher Farmer (together, the "**Joint Liquidators**") in their capacities as the joint liquidators appointed in the British Virgin Islands ("**BVI**") liquidation of Three Arrows Capital, Ltd. (in liquidation) (the "**3AC Debtor**") and foreign representatives of the 3AC Debtor, as recognized by the U.S. Bankruptcy Court for the Southern District of New York ("**SDNY Bankruptcy Court**") pursuant to chapter 15 of the Bankruptcy Code in the case captioned *In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022) (the "**3AC Ch. 15 Case**").

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/ftx.

2.     I respectfully submit this declaration in support of the *Motion of the Joint Liquidators of Three Arrows Capital, Ltd. (in Liquidation) for Leave to Amend Proof of Claim* (the "**Amendment Motion**"), filed concurrently herewith.

3.     Except as otherwise indicated, the facts set forth in this declaration are based on my personal knowledge, my review of relevant documents, or my opinion based on experience, knowledge, and information concerning the 3AC Debtor.

4.     I am over the age of 18 and I am duly authorized to submit this declaration on behalf of the Joint Liquidators.  If called upon to testify, I could and would testify competently to the facts set forth herein.

I.     **Actions Taken in Advance of the Filing of the Original Proofs of Claim**

A.     *Founders Discovery*

5.     On July 1, 2022, the Joint Liquidators initiated the 3AC Ch. 15 Case.  On July 8, 2022, the Joint Liquidators filed a motion in the 3AC Ch. 15 Case, seeking, among other things, an order "authorizing the issuance of, and directing compliance with, subpoenas on (i) the [3AC Debtor's founders] for the production of documents and depositions . . . (ii) any other persons or entities that the Foreign Representatives reasonably determine during the course of their investigation may have information relevant to the Debtor, its affairs, or its assets."[2]  On July 12, 2022, the SDNY Bankruptcy Court entered an order granting that relief (the "**Provisional Relief Order**").[3]

6.     On July 28, 2022, the SDNY Bankruptcy Court entered an order granting foreign main recognition pursuant to chapter 15 of the Bankruptcy Code to the 3AC Debtor's BVI

---

[2]     *See In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), ECF No. 22 (*Emergency Motion for Provisional Relief*), ¶ 17(c).

[3]     *See In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), ECF No. 32 (*Order Granting Provisional Relief*), ¶ 4.

liquidation proceedings (the "**Recognition Order**").[4]  The Recognition Order provided that the relief granted pursuant to the Provisional Relief Order shall remain "in full force and effect."[5]

7.      On October 14, 2022, the Joint Liquidators filed in the 3AC Ch. 15 Case (i) a motion requesting, among other things, broader authority to issue subpoenas on the 3AC Debtor's founders, Su Zhu and Kyle Livingstone Davies (the "**Founders**"),[6] and (ii) a motion authorizing alternative service of process and discovery via the Founders' known email addresses and social media accounts.[7]  Both motions were granted on December 29, 2022, with the motion authorizing alternative service being granted with respect to Kyle Davies only.[8]

8.      On February 7, 2023, the Joint Liquidators filed in the 3AC Ch. 15 Case a motion seeking an order compelling compliance with the subpoena with respect to Mr. Davies.[9]  That motion was granted on March 30, 2023.[10]

9.      On June 14, 2023, the Joint Liquidators filed a motion seeking an order holding him in contempt.[11]  That motion was denied for lack of personal jurisdiction when Mr. Davies appeared

---

[4]     *See In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), ECF No. 47 (*Order Granting Recognition of Foreign Main Proceeding and Related Relief*).

[5]     *Id.*, at ¶ 13.

[6]     *See In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), ECF No. 54 (*Foreign Representatives' Motion for Entry of an Order (A) Authorizing Issuance of Subpoenas and (B) Granting Related Relief*).

[7]     *See In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), ECF No. 55 (*Foreign Representatives' Motion for Entry of an Order Authorizing Alternate Service of Process*).

[8]     *See In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), ECF No. 79 (*Memorandum Opinion and Order Granting in Part and Denying in Part the Foreign Representatives' Service Motion*).

[9]     *See In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), ECF No. 81 (*Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order Compelling Compliance with Subpoena*).

[10]    *See In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), ECF No. 94 (*Order Granting Motion to Compel Compliance with Subpoena*).

[11]    *See In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), ECF No. 98 (*Foreign Representatives of Three Arrows Capital, Ltd.'s Motion for an Order (I) Holding Kyle Livingstone Davies to be in Civil Contempt for Failure to Comply with March 30, 2023 Court Order; and (II) Granting Sanctions against Kyle Livingstone Davies*).

with evidence to support his argument that he had renounced his U.S. citizenship in January 2021 and was not a U.S. citizen subject to the alternative service previously authorized by the bankruptcy court.[12]  To date, neither founder has provided any documents in response to the subpoenas.

       B.     *FTX Discovery*

      10.    On June 28, 2023, a member of the Latham team emailed counsel to FTX and its affiliated Debtors (collectively, "**FTX**") with certain document requests related to a potential prior transaction between or among the 3AC Debtor and FTX.  On June 30, 2023, FTX's counsel responded in an email that they were not aware of any claims that the 3AC Debtor had against FTX.  FTX's counsel did not provide any documents in their response.  I was copied on that email chain, a true and correct copy of which is attached hereto as <u>Exhibit 1</u>.

**II.**      <u>**Discovery Efforts After the Filing of the Original Proofs of Claim**</u>

      11.    On September 29, 2023, the 3AC Debtor filed the *Motion of the Joint Liquidators of Three Arrows Capital, Ltd. for Coordination Among Courts* [ECF No. 2754] (the "**Cooperation Motion**") in the FTX chapter 11 cases seeking judicial coordination with other pending matters involving the 3AC Debtor.

      12.    On October 10, 2023, the Joint Liquidators reached an information sharing agreement with FTX in exchange for the withdrawal of the Coordination Motion in the FTX chapter 11 cases.  A true and correct copy of an email I sent memorializing this agreement is attached hereto <u>Exhibit 2</u>.

      13.    Pursuant to that agreement, on October 27, 2023, a member of the Latham team emailed FTX's counsel with diligence requests seeking, among other things, any documents and

---

[12]   *See In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), ECF No. 112 ("*Order Denying the Foreign Representatives' Motion for Contempt and Sanctions*").

communications related to (i) assets that FTX contends are subject to a pledge or security agreement between FTX and the 3AC Debtor, (ii) transaction histories and any lending arrangements between the parties, (iii) any purported ownership or security interest asserted by FTX over the 3AC Debtor's assets, (iv) the 3AC Debtor's solvency at the time of transacting with FTX, as well as the identity of any individuals involved in authorizing, reviewing, or analyzing FTX's foreclosure over the 3AC Debtor's assets. I was copied on that email, a true and correct copy of which is attached hereto as Exhibit 3 (with attachment).

14.     In response, between two and three months later, FTX produced documents in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024. The size and nature of the documents produced in these rounds is described in the *Declaration of Russell Crumpler in Support of the Motion of the Joint Liquidators of Three Arrows Capital, Ltd. (in liquidation) for Leave to Amend Proof of Claim*, filed concurrently herewith.

15.     On February 7, 2024, I sent FTX's counsel a set of requests regarding the documents FTX produced between December 14, 2023 and January 12, 2024, and requested that the parties convene a teleconference to address those requests. These requests generally sought guidance from FTX's financial advisor (Alvarez & Marsal) as to how to decipher the data produced. A true and correct copy of that email is attached hereto as Exhibit 4 (with attachment).

16.     On March 8, 2024, a member of the Latham team emailed FTX's counsel supplementing the February 7 requests with additional queries. I was copied on that email, a true and correct copy of which is attached hereto as Exhibit 5 (with attachment).

17.     On March 19, 2024, FTX's counsel, members of the Latham team, members of the 3AC Debtor's liquidation team (Teneo), and FTX's financial advisor (Alvarez & Marsal) convened in a teleconference to discuss the February 7 and March 8 requests.

18.     On June 3, 2024, a member of the Latham team emailed FTX's counsel attaching additional information requests stemming from the Joint Liquidators' analysis of the data produced by FTX.  I was copied on that email, a true and correct copy of which is attached hereto as Exhibit 6 (with attachment).    The June 3 requests included, among other things, (i) any agreements governing any relationship between FTX and the 3AC Debtor, (ii) any agreements that gave rise to the 3AC Debtor's negative USD balances appearing in FTX's produced data, (iii) a list of FTX entities with whom the 3AC Debtor had a contractual relationship and the nature of such relationship, and (iv) any agreements relating to the disposition of the 3AC Debtor's assets between June 12 and June 15, 2022.

19.     FTX did not respond.  After a month of silence, on July 2, 2024, a member of the Latham team emailed FTX's counsel attaching proposed discovery requests in advance of filing a motion for discovery pursuant to Bankruptcy Rule 2004.  I was copied on that email, a true and correct copy of which is attached hereto as Exhibit 7 (with attachments).

20.     Rather than respond to those requests in substance, on July 8, 2024, FTX filed the *Debtors' Objection to Proof of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.* (the "**Objection**") [ECF No. 19797].

21.     Following FTX's filing of the Objection, on July 10, 2024, a member of the Latham team served the July 2 discovery requests via email on FTX's counsel pursuant to Federal Rules of Civil Procedure 33 and 34 and a notice of the deposition of FTX pursuant to Rule 30(b)(6).  I was copied on that email, a true and correct copy of which is attached hereto as Exhibit 8 (with attachments).

22.     On July 26, 2024, FTX produced four documents purporting to govern the relationships between the 3AC Debtor and FTX: (i) an unsigned document containing an

agreement titled "FTX Line of Credit" dated April 28, 2021 and another undated agreement titled

"FTX Institutional Customer Margin and Line of Credit Agreement", (ii) an undated document

titled "FTX Exchange: Term of Service", (iii) a document purporting to provide an overview of

lines of credit on the FTX platform, and (iv) a document titled "FTX Terms of Service" dated

May 13, 2023.  In addition, FTX provided responses and objections to the 3AC Debtor's discovery

requests, and responded to the noticed deposition topics by stating generally that "[t]he Debtors

are willing to meet and confer with the Foreign Representatives with respect to the appropriateness

of a deposition and the appropriate scope of any such deposition."  A true and correct copy of

FTX's responses and objections to the 3AC Debtor's July 10 requests is attached hereto as

<u>Exhibit 9</u>.

23.     On August 7, 2024, a member of the Latham team served via email additional

discovery requests on FTX, which included (i) a request for production of all documents referenced

in FTX's responses and objections to the 3AC Debtor's July 10 requests, (ii) an interrogatory

requesting the legal basis for the disposition of the 3AC Debtor's assets on the FTX platform, and

(iii) a request for admission as to the 3AC Debtor's ownership of those assets.  Latham's August 7

email also reiterated a request, previously made telephonically, that FTX confirm whether its

witness would be available for deposition during the week of August 19, 2024.  I was copied on

that email, a true and correct copy of which is attached hereto as <u>Exhibit 10</u> (with attachments).

24.     On August 28, 2024, FTX served supplemental responses and objections to certain

topics included in the 3AC Debtor's deposition notice.  A true and correct copy of those responses

and objections is attached hereto as <u>Exhibit 11</u>.

25.     On September 3, 2024, FTX served responses and objections to the 3AC Debtor's

August 7 discovery requests and supplemental responses and objections to the 3AC Debtors'

July 10 interrogatories.  A true and correct copy of FTX's responses and objections to the 3AC Debtor's August 7 requests and supplemental responses and objections to the 3AC Debtor's July 10 interrogatories is attached hereto as <u>Exhibit 12</u>.

26.    On September 3, 2024, FTX's counsel informed Latham via email of FTX's agreement to make its corporate witness available for deposition on either September 18 or September 19, 2024.  I was copied on that email, a true and correct copy of which is attached hereto as <u>Exhibit 13</u>.

27.    On September 6, 2024, FTX produced four documents in connection with the 3AC Debtor's July 10 discovery requests: (i) an unsigned Word document titled "Loan and Security Agreement", dated October 4, 2021, (ii) an unsigned Word document titled "Loan and Security Agreement", dated October 22, 2021, (iii) a PDF document titled "Loan and Security Agreement", dated October 22, 2021 and signed only by Kyle Davies (one of the two founders of the 3AC Debtor), and (iv) an unsigned PDF document containing an agreement titled "FTX Line of Credit" dated March 30, 2022 and another undated agreement titled "FTX Institutional Customer Margin and Line of Credit Agreement."

28.    On September 19, 2024, the 3AC Debtor took the Rule 30(b)(6) deposition of FTX through Robert Gordon of Alvarez & Marsal (FTX's financial advisor).  The 3AC Debtor's counsel stated on the record that the deposition would be kept open on the grounds that the witness was not properly prepared to testify on all of the noticed topics.  FTX's counsel stated that it refused to keep the deposition open.  A true and correct copy of excerpts of FTX's deposition transcript is attached hereto as <u>Exhibit 14</u>.

29.    On September 20, 2024, a member of the Latham team emailed FTX's counsel requesting that FTX produce certain information and documents that had not been previously

produced, including: (i) documents that FTX's witness used to prepare for the September 19 deposition, (ii) unproduced communications with or concerning the 3AC Debtor that were referenced in documents FTX previously produced, and (iii) counsel and last known contact information of certain current and former FTX employees who FTX testified have firsthand knowledge regarding the 3AC Debtor's transactions with FTX, or with whom FTX's witness spoke to prepare for the September 19 deposition.  On September 22, 2024, FTX's counsel responded acknowledging receipt of the 3AC Debtor's requests and stating that such requests were taken "under advisement."  I was copied on this email chain, a true and correct copy of which is attached hereto as Exhibit 15.

30.    Beyond that response, FTX did not address the 3AC Debtor's September 20 requests.  On September 24, September 27, and September 30, 2024 my colleague at Latham emailed FTX's counsel to follow up on the status of the requested documents and information. I was copied on these emails, a true and correct copy of which is attached hereto as Exhibit 16.

31.    FTX's counsel did not respond until members of the Latham team informed them, on October 10, 2024, of the Joint Liquidators' intention to imminently file a motion to compel discovery production.  I was copied on these email exchanges, a true and correct copy of which is attached hereto as Exhibit 17.

32.    On October 11, 2024, FTX produced the documents used by FTX's witness to prepare for the deposition (with certain redactions), as well as certain communications concerning the 3AC Debtor.  Specifically, the documents FTX produced on October 11, 2024 included two versions of a presentation prepared by Alvarez & Marsal in connection with the 3AC Debtor's claims—one dated October 25, 2023, and the second dated September 4, 2024, as well as a document titled "Spot Margin Trading Explainer."  True and correct copies of the October 25,

2023 and September 4, 2024 presentations produced by FTX are attached hereto as <u>Exhibits 18</u> <u>and 19</u>, respectively.  A true and correct copy of document titled "Spot Margin Trading Explainer" produced by FTX is attached hereto as <u>Exhibit 20</u>.

33.    On October 17, FTX's counsel informed Latham (via teleconference) that FTX does not possess the communications that the 3AC Debtor requested on September 20, despite the fact that those communications were referenced in documents previously produced by FTX.  FTX's counsel also confirmed that they represent the FTX developer with whom Mr. Gordon spoke in preparing for his deposition.

34.    On October 17, FTX's counsel provided counsel information for some of the individuals appearing in communications related to 3AC.  I was copied on this email, a true and correct copy of which is attached hereto as <u>Exhibit 21</u>.

35.    On October 11, October 28, and November 1, 2024, my colleagues at Latham made repeated requests for FTX to produce the last known contact or counsel information for the FTX employee who corresponded directly with the Founders of 3AC during the June 2022 asset liquidations.  In that same request on October 28, the 3AC Debtor also attached a deposition notice for the FTX developer with whom the FTX representative spoke to prepare for FTX's deposition. And in the November 1 request, the 3AC Debtor further requested that FTX (i) produce unredacted copies of the September 2024 presentation, (ii) produce a privilege log, and (iii) re-conduct a thorough search and provide search terms and summary of steps taken to identify responsive communication.  On November 4, FTX responded by email providing the contact information for the FTX employee who corresponded directly with 3AC's Founders, but refusing to produce unredacted copies of the presentation on alleged work product grounds—even though FTX admits the unredacted document was shown to FTX's corporate representative to prepare for the

deposition.  FTX also refused to provide any more discovery until the Motion to Amend is decided.
I was copied on these emails.  A true and correct copy of the October 11 email is attached hereto
as Exhibit 22, and a true and correct copy of the October 28 and November 1 emails (in the same
email chain) are attached hereto as Exhibit 23.  A true and correct copy of FTX's November 4
email is attached hereto as Exhibit 24.

36.     On November 1, 2024, 3AC served additional interrogatories and requests for
production on FTX.  A true and correct copy of the November 1, 2024 service email (with
attachments) is attached hereto as Exhibit 25.  As of the date hereof, FTX has not yet responded
to this discovery.

37.     Pursuant to the Amendment Motion, the Joint Liquidators seek authorization to file
an amendment to the Original Proofs of Claim, which is attached as Exhibit 1 to the Proposed
Order annexed to the Amendment Motion (the "**Amended POC**").  Members of the Latham team
informed FTX's counsel of the Joint Liquidators' intent to amend the Original Proofs of Claim
telephonically no later than August 1, 2024.  The Joint Liquidators requested that FTX consent to
the filing of the Amended POC and provided a draft of the Amended POC to FTX's counsel on
October 4, 2024. I was copied on that email, a true and correct copy of which is attached hereto as
Exhibit 26 (with attachment).  I participated in a teleconference approximately two weeks later, on
October 17, 2024, wherein FTX declined to consent to the filing of 3AC's Amended POC.

I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct.

Dated: November 6, 2024

*/s/ Adam J. Goldberg*
Adam J. Goldberg

11

## EXHIBIT 1

| | |
|---|---|
| **From:** | Taousse, Nacif (NY) |
| **Sent:** | Tuesday, August 1, 2023 3:39 PM |
| **To:** | Glueckstein, Brian D.; Beller, Benjamin S. |
| **Cc:** | Goldberg, Adam (NY); Mohebbi, Nima (LA); Harris, Christopher (NY); Neve, Brett (NY) |
| **Subject:** | RE: 3AC - FTX POC |

Hi Brian,

With respect to your note below, do you have any documents evidencing the $120 million loan I referenced in my earlier note? Our (limited) records reflect a debt owing to FTX of $110m as of 31 May 2022, as well as an untouched $10m letter of credit. But we don't have access to supporting documentation.

We're also aware of media reports about FTX liquidating 3AC positions in June 2022, which would suggest that 3AC in fact had an outstanding debt to FTX. The following article quotes that FTX suffered a "tiny" impact and wouldn't comment further.

To the extent you have any documents evidencing this loan (e.g., loan agreements or related documents), we'd appreciate if you could share them with us.

Many thanks,

**Nacif Taousse**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.1835
Email: nacif.taousse@lw.com
https://www.lw.com

---

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Friday, June 30, 2023 8:48 AM
**To:** Taousse, Nacif (NY) <Nacif.Taousse@lw.com>; Beller, Benjamin S. <bellerb@sullcrom.com>
**Cc:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; Harris, Christopher (NY) <CHRISTOPHER.HARRIS@lw.com>; Neve, Brett (NY) <Brett.Neve@lw.com>
**Subject:** RE: 3AC - FTX POC

Based on an initial inquiry, we are not aware of any claims that 3AC has. But if you think you have something, you should file a claim.

Thanks,
Brian

**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

**From:** Nacif.Taousse@lw.com <Nacif.Taousse@lw.com>
**Sent:** Wednesday, June 28, 2023 3:48 PM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Beller, Benjamin S. <bellerb@sullcrom.com>
**Cc:** Adam.Goldberg@lw.com; nima.mohebbi@lw.com; CHRISTOPHER.HARRIS@lw.com; Brett.Neve@lw.com
**Subject:** [EXTERNAL] 3AC - FTX POC

Brian,

Separate from the below, we wanted to let you know that we're contemplating filing a claim against FTX on the basis of what appears may have been a purported foreclosure on collateral securing a ~ $120 million made by FTX to 3AC. Before we do that, we wanted to ask if you had any documentation concerning this purported lending relationship. We do not have access to any such documentation and are therefore simply going off transaction records. But it may well be the case that we learn there is no claim after reviewing the relevant documentation, hence this request.

Please let us know if you would like to discuss.

Thanks,

Nacif Taousse

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.1835
Email: nacif.taousse@lw.com
https://www.lw.com [lw.com]

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Date:** Sunday, Jun 11, 2023 at 4:27 PM
**To:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>, Mohebbi, Nima (LA) <nima.mohebbi@lw.com>
**Cc:** Neve, Brett (NY) <Brett.Neve@lw.com>, Harris, Christopher (NY) <CHRISTOPHER.HARRIS@lw.com>, Beller, Benjamin S. <bellerb@sullcrom.com>
**Subject:** RE: [EXTERNAL] RE: FTX and 3AC

Yes that is fine.

**From:** Adam.Goldberg@lw.com <Adam.Goldberg@lw.com>
**Date:** Sunday, Jun 11, 2023 at 6:35 PM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>, nima.mohebbi@lw.com <nima.mohebbi@lw.com>
**Cc:** Brett.Neve@lw.com <Brett.Neve@lw.com>, CHRISTOPHER.HARRIS@lw.com <CHRISTOPHER.HARRIS@lw.com>
**Subject:** RE: [EXTERNAL] RE: FTX and 3AC

Thank you. Also looping in others on our team focused on BlockFi.

Would 8:30 AM ET work for you?

Best,
Adam

Adam J. Goldberg

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1828 | M: +1.732.233.8868

---

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Sunday, June 11, 2023 6:08 PM
**To:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>
**Subject:** RE: [EXTERNAL] RE: FTX and 3AC

I can speak in the morning anytime before 930 as early as you want or 11-12.

Regards,
Brian

---

**From:** Adam.Goldberg@lw.com <Adam.Goldberg@lw.com>
**Date:** Sunday, Jun 11, 2023 at 2:50 PM
**To:** nima.mohebbi@lw.com <nima.mohebbi@lw.com>, Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Subject:** [EXTERNAL] RE: FTX and 3AC

Thanks Nima.

Hi Brian, given the BlockFi disclosure statement objection tomorrow, we thought it would make sense to touch base tonight or tomorrow morning.

Please let us know if you might have a good time or, if it's not you, who would be the right person on your team.


Best,
Adam

**Adam J. Goldberg**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1828 | M: +1.732.233.8868

---

**From:** Mohebbi, Nima (LA) <nima.mohebbi@lw.com>
**Date:** Sunday, Jun 11, 2023 at 2:27 PM
**To:** gluecksteinb@sullcrom.com <gluecksteinb@sullcrom.com>
**Cc:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>
**Subject:** RE: FTX and 3AC

Looping in too, my colleague Adam Goldberg

---

**From:** Mohebbi, Nima (LA) <nima.mohebbi@lw.com>
**Date:** Sunday, Jun 11, 2023 at 9:39 AM
**To:** gluecksteinb@sullcrom.com <gluecksteinb@sullcrom.com>
**Subject:** RE: FTX and 3AC

Brian, sorry for the immediate follow up but would appreciate if we could set a short call Monday.  Thanks

**From:** Mohebbi, Nima (LA) <nima.mohebbi@lw.com>
**Date:** Thursday, Jun 08, 2023 at 2:54 PM
**To:** gluecksteinb@sullcrom.com <gluecksteinb@sullcrom.com>
**Subject:** Re: FTX and 3AC

Hi Brian,

Apologies for connecting out of the blue.  I am counsel for the Joint Liquidators of Three Arrows Capital.  I understand your role as counsel for FTX.

I was hoping you may have a moment or two today or tomorrow to connect on a question I had about information sharing.

Please let me know if there's a time that works for you, and I'll give you a call.

Best,
nhm

**Nima H. Mohebbi**

**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Direct Dial: +1.213.891.7482
Fax: +1.213.891.8763
Email: nima.mohebbi@lw.com
http://www.lw.com [lw.com]

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com [lw.com].

**\*\*This is an external message from:** Adam.Goldberg@lw.com **\*\***

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

**<u>EXHIBIT 2</u>**

**From:** Goldberg, Adam (NY)
**Sent:** Tuesday, October 10, 2023 11:15 AM
**To:** Glueckstein, Brian D.
**Cc:** Beller, Benjamin S.; Neve, Brett (NY)
**Subject:** RE: 3AC - FTX

Confirmed. Thank you.

**Adam J. Goldberg**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1828 | M: +1.732.233.8868

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Date:** Tuesday, Oct 10, 2023 at 9:57 AM
**To:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>
**Cc:** Beller, Benjamin S. <bellerb@sullcrom.com>, Neve, Brett (NY) <Brett.Neve@lw.com>
**Subject:** RE: 3AC - FTX

Confidential Settlement Communication – Subject to FRE 408

Adam,

This is to memorialize our agreement among Three Arrows Capital, Ltd. ("3AC") and FTX Trading and its affiliated debtors ("FTX Debtors"), the terms of which are as follows:

- 3AC withdraws without prejudice or adjourns motion for stay relief filed in FTX Debtors' cases *sine die* [D.I. 2755], and agrees not to reset/renew the motion until after the end of the Standstill Period (as defined below) and thereafter only on no less than 21 days' notice to the FTX Debtors.

- 3AC withdraws the pending Coordination Motion in the FTX Debtors' cases [D.I. 2754] and removes the FTX Debtors from the relief requested in the Coordination Motions filed in all other cases, and agrees not to take any action to coordinate proceedings with the FTX Debtors with the Genesis Debtors, BlockFi Debtors, Celsius Debtors or others during the Standstill Period.

- The FTX Debtors agree not to seek an adjudication of 3AC Claims before any court (including through estimation) prior to February 1, 2024 (the "Standstill Period"), unless otherwise agreed by the parties.

- Parties agree to a 60 day informal information sharing period with respect to claims and disputes between the parties, with all rights reserved with respect to further discovery and otherwise, and with all information shared subject to the terms of the protective order entered in the FTX Debtors' cases (and to which 3AC will sign onto via acknowledgement, subject to any amendments to be agreed following review of such protective order).

- As part of the above information sharing, (A) the FTX Debtors agree to provide reasonably available information with respect to (i) transactions between the FTX Debtors and 3AC, and (ii) trading history of the 3AC FTX.com customer accounts; and (B) 3AC agrees to provide FTX Debtors with reasonably available information with

respect to transactions between the FTX Debtors and 3AC.  The parties agree to confer in good faith with respect to any other informal information requests and reserve all rights with respect to formal discovery.

- The parties reserve all rights with respect to the venue for adjudication of any and all issues, claims or disputes between the parties, including the insolvency of 3AC.

Please confirm on behalf of 3AC by return email.  Please also confirm that you will today withdraw (or adjourn, as applicable) the coordination motion and the stay relief motion filed in the FTX Debtors' cases.

Regards,
Brian

**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

---

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

**EXHIBIT 3**

| | |
|---|---|
| **From:** | Neve, Brett (NY) |
| **Sent:** | Friday, October 27, 2023 5:43 PM |
| **To:** | Glueckstein, Brian D.; Goldberg, Adam (NY) |
| **Cc:** | Beller, Benjamin S.; ~Mohebbi, Nima; Ikeda, Tiffany (CC) |
| **Subject:** | RE: 3AC - FTX |
| **Attachments:** | FTX Informal Requests(145855060.3).pdf |

Brian, Ben, attached are information requests pursuant to the information sharing / standstill agreement below.  As discussed previously, there is a request relating to 3AC's trading account with FTX (account no. 2338882).  The email address on the account (since July 2022) is 3aclftx@teneo.com and the JLs had arranged for the name of the account to be changed to "Russell Crumpler and Christopher Farmer, Joint Liquidators of Three Arrows Capital Ltd (in Liquidation)" (and received confirmation of that change on July 12 2022).  We understand that the JLs previously had been able to access the FTX platform via FTX.com but have not been able to access historical transaction information.

With respect to the trading account at FTX.com, could you please prioritize 3AC's transaction history with respect to UST (Terra) to the extent possible to isolate that information?

We are amenable to signing Schedule A to the FTX Protective Order.  However, we request:

1. Your confirmation that Highly Confidential Material may be disclosed to Russell Crumpler and Christopher Farmer (collectively, the "Foreign Representatives") and any necessary employee, officer, or director of the Foreign Representatives' firm Teneo (BVI) Limited.  As you know, the Foreign Representatives have been appointed by the BVI court as joint liquidators to effectuate the wind down of operations and distribute Three Arrows's assets in a fair and orderly fashion.  As such, the competitive concerns that may ordinarily exist between typical "parties" concerning Highly Confidential Information and Advisors' Only Material do not apply here.

2. Modifying Paragraph 5 to allow for Discovery Material to be used in 3AC's Chapter 15 Case, which is pending before the Bankruptcy Court in the Southern District of New York.

Please let us know if these modifications are acceptable and we can draft a stipulation to this effect.

Best,

**Brett M. Neve**
Pronouns: He/Him/His

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1707 | M: +1.646.939.6621

---

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Tuesday, October 10, 2023 6:50 PM
**To:** Neve, Brett (NY) <Brett.Neve@lw.com>; Goldberg, Adam (NY) <Adam.Goldberg@lw.com>
**Cc:** Beller, Benjamin S. <bellerb@sullcrom.com>
**Subject:** RE: 3AC - FTX

Thanks very much.

**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

---

**From:** Brett.Neve@lw.com <Brett.Neve@lw.com>
**Sent:** Tuesday, October 10, 2023 6:21 PM
**To:** Adam.Goldberg@lw.com; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Cc:** Beller, Benjamin S. <bellerb@sullcrom.com>
**Subject:** [EXTERNAL] RE: 3AC - FTX

Brian, confirming that the withdrawal and adjournment notices were filed a short while ago, both of which are attached here for reference.

Best,

**Brett M. Neve**
Pronouns: He/Him/His

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1707 | M: +1.646.939.6621

**From:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>
**Sent:** Tuesday, October 10, 2023 1:52 PM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Cc:** Beller, Benjamin S. <bellerb@sullcrom.com>; Neve, Brett (NY) <Brett.Neve@lw.com>
**Subject:** RE: 3AC - FTX

We are working to file the adjournment today.  Please pardon that we didn't give a heads up – its been moving quickly on our end.  Will do so in the future.


Best,
Adam

**Adam J. Goldberg**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1828 | M: +1.732.233.8868

---

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Tuesday, October 10, 2023 12:54 PM
**To:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>
**Cc:** Beller, Benjamin S. <bellerb@sullcrom.com>; Neve, Brett (NY) <Brett.Neve@lw.com>
**Subject:** RE: 3AC - FTX

Please confirm when you will be withdrawing the motion in our case and withdrawing or adjourning the stay relief motion.  We would ask you do so today, please.

Also, we did not discuss a public announcement of an agreement in the BlockFi court today, did not expect it, and would have appreciated a head's-up that you were doing that.

**Brian D. Glueckstein**
+1 212 558 1635 (T) | 917-696-6484 (M)

---

**From:** Adam.Goldberg@lw.com <Adam.Goldberg@lw.com>
**Sent:** Tuesday, October 10, 2023 11:15 AM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Cc:** Beller, Benjamin S. <bellerb@sullcrom.com>; Brett.Neve@lw.com
**Subject:** [EXTERNAL] RE: 3AC - FTX

Confirmed. Thank you.

**Adam J. Goldberg**

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1828 | M: +1.732.233.8868

---

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Date:** Tuesday, Oct 10, 2023 at 9:57 AM
**To:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>
**Cc:** Beller, Benjamin S. <bellerb@sullcrom.com>, Neve, Brett (NY) <Brett.Neve@lw.com>
**Subject:** RE: 3AC - FTX

Confidential Settlement Communication – Subject to FRE 408

Adam,

This is to memorialize our agreement among Three Arrows Capital, Ltd. ("3AC") and FTX Trading and its affiliated debtors ("FTX Debtors"), the terms of which are as follows:

- 3AC withdraws without prejudice or adjourns motion for stay relief filed in FTX Debtors' cases *sine die* [D.I. 2755], and agrees not to reset/renew the motion until after the end of the Standstill Period (as defined below) and thereafter only on no less than 21 days' notice to the FTX Debtors.

- 3AC withdraws the pending Coordination Motion in the FTX Debtors' cases [D.I. 2754] and removes the FTX Debtors from the relief requested in the Coordination Motions filed in all other cases, and agrees not to take any action to coordinate proceedings with the FTX Debtors with the Genesis Debtors, BlockFi Debtors, Celsius Debtors or others during the Standstill Period.

- The FTX Debtors agree not to seek an adjudication of 3AC Claims before any court (including through estimation) prior to February 1, 2024 (the "Standstill Period"), unless otherwise agreed by the parties.

- Parties agree to a 60 day informal information sharing period with respect to claims and disputes between the parties, with all rights reserved with respect to further discovery and otherwise, and with all information shared subject to the terms of the protective order entered in the FTX Debtors' cases (and to which 3AC will sign onto via acknowledgement, subject to any amendments to be agreed following review of such protective order).

- As part of the above information sharing, (A) the FTX Debtors agree to provide reasonably available information with respect to (i) transactions between the FTX Debtors and 3AC, and (ii) trading history of the 3AC FTX.com customer accounts; and (B) 3AC agrees to provide FTX Debtors with reasonably available information with respect to transactions between the FTX Debtors and 3AC.  The parties agree to confer in good faith with respect to any other informal information requests and reserve all rights with respect to formal discovery.

- The parties reserve all rights with respect to the venue for adjudication of any and all issues, claims or disputes between the parties, including the insolvency of 3AC.

Please confirm on behalf of 3AC by return email.  Please also confirm that you will today withdraw (or adjourn, as applicable) the coordination motion and the stay relief motion filed in the FTX Debtors' cases.

Regards,
Brian


**Brian D. Glueckstein**
**Sᴜʟʟɪᴠᴀɴ & Cʀᴏᴍᴡᴇʟʟ LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

---

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com [lw.com].

---

**This is an external message from:** Adam.Goldberg@lw.com **

***FTX Trading, Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.)**

**Diligence Requests**

1. All documents and communications, including but not limited to term sheets, pledge agreements, financing statements, and control agreements (including security account control agreements or deposit account control agreements) referring or relating to (i) assets that FTX Trading, Ltd. or any of its debtor affiliates (collectively, "**FTX**" or "**You**") contend were or are subject to any pledge, lien, or security interest between You, on the one hand, and 3AC, on the other hand; (ii) the grant of a lien or security interest in any of the assets, and/or (iii) the perfection of any lien or security interest in such assets.

2. All documents and communications, including but not limited to account statements, trade confirmations, transaction histories, daily token balances and terms of service concerning the account (AccountID 2338882) maintained by 3AC with You.

3. All documents and communications concerning any loans, extensions of lines of credit or other transactions, or potential transactions involving You and 3AC.

4. All documents and communications concerning any due diligence by You of 3AC prior to engaging in any transaction (including extending loans) with 3AC.

5. All communications between You and 3AC concerning any purported pledge, perfection, foreclosure, exercise of remedies, sale/transfer, or other efforts to take possession, control, or ownership of any 3AC assets.

6. All documents and communications concerning 3AC's solvency, the adequacy of 3AC's capitalization, and/or the ability of 3AC to pay its debts as they came due at the time of any transaction, purported pledge, perfection, foreclosure, exercise of remedies, sale/transfer, or other efforts to take possession, control, or ownership of 3AC assets.

7. Identify the individuals who were involved in analyzing, reviewing, authorizing, and/or approving Your foreclosure on any 3AC assets.

8. All minutes, consents, resolutions, or other corporate process relating to the 3AC.

Unless otherwise specified, these requests seek information for the time period January 1, 2022 through the present.

Please produce on a rolling basis.

**<u>EXHIBIT 4</u>**

| From: | Goldberg, Adam (NY) |
|---|---|
| Sent: | Wednesday, February 7, 2024 5:24 PM |
| To: | Glueckstein, Brian D.; Beller, Benjamin S.; Liu, Sienna |
| Cc: | Ikeda, Tiffany (CC); Mohebbi, Nima (LA); Taousse, Nacif (NY) |
| Subject: | RE: FTX / 3AC Discussion |
| Attachments: | 3AC - FTX Queries (2-7).docx |

Hi Brian, all,

Further to your request below for specific questions in advance of discussion, please see the attached questions to raise with A&M.

Would you please let us know if there are times Monday or Wednesday of next week that would work for a call, and we will coordinate with Teneo.


Best,
Adam

**Adam J. Goldberg**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1828 | M: +1.732.233.8868

---

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Tuesday, January 23, 2024 7:23 AM
**To:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; Beller, Benjamin S. <bellerb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Ikeda, Tiffany (CC) <Tiffany.Ikeda@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; Neve, Brett (NY) <Brett.Neve@lw.com>
**Subject:** RE: FTX / 3AC Discussion

Adam, we have a significant number of thing happening in our cases over the next week and a half, so this week is not going to work.  We can target the week of February 5 for a discussion, but please provide additional specific information as to what you would like to address so that we can identify and schedule participation from the appropriate people at A&M.


Regards,
Brian


**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

**From:** Adam.Goldberg@lw.com <Adam.Goldberg@lw.com>
**Sent:** Monday, January 22, 2024 7:58 PM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Beller, Benjamin S. <bellerb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Tiffany.Ikeda@lw.com; nima.mohebbi@lw.com; Brett.Neve@lw.com
**Subject:** [EXTERNAL] RE: FTX / 3AC Discussion

Hi all,

We would like to connect this week to provide an opportunity to efficiently engage on advancing this claim investigation.  Please let us know if S&C and the appropriate financial advisor on the FTX side would be available.


Best,
Adam

**Adam J. Goldberg**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1828 | M: +1.732.233.8868

**From:** Goldberg, Adam (NY)
**Sent:** Friday, January 19, 2024 11:53 AM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Beller, Benjamin S. <bellerb@sullcrom.com>; 'Liu, Sienna' <lius@sullcrom.com>
**Cc:** Ikeda, Tiffany (CC) <Tiffany.Ikeda@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; Neve, Brett (NY) <Brett.Neve@lw.com>
**Subject:** FTX / 3AC Discussion

Hi Brian, Ben, Sienna,

We understand that you are working to produce additional documents to the Three Arrows liquidators today or Monday.

We would like to set up a meeting among us, the Three Arrows liquidators with their team at Teneo, and the appropriate financial advisor for FTX to discuss the documents and facts to progress evaluation of Three Arrows's claims against FTX.  We'd suggest setting that for mid-week to give our side an opportunity to review the forthcoming materials while also seeking to advance this process expeditiously.

Would you please let us know who would be the right attendees for your side and your availability next week?


Best,
Adam

**Adam J. Goldberg**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.1828
Mobile: +1.732.233.8868

Email: adam.goldberg@lw.com
https://www.lw.com [lw.com]

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**This is an external message from:** Adam.Goldberg@lw.com **

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

 

# Three Arrows Capital Ltd – in Liquidation
## ("3AC" or "the Company")

Prepared by:    Teneo

To:             Alvarez & Marsal

Re:             Initial Queries on Disclosures Made to Date

Date:           5 February 2024

**Walkthroughs**

The Joint Liquidators ("JLs") request walkthroughs of the following spreadsheets:

1. DOC02
2. DOC05
3. DOC10
4. DOC12
5. DOC38
6. DOC54

We would be grateful if these walkthroughs could include a general overview of the spreadsheets, their download process and an opportunity to ask questions.

**Generic Questions**

1. What is the native format of this data?  Is there a more user-friendly format in which the data can be viewed?  In particular, DOC02 cannot be opened in Excel or in Notepad++ due to its size and must be extracted in row-limited batches, which limits the ability to search and filter the whole data set.  DOC01 likewise contains more than Excel's maximum number of rows and cannot be viewed as a single set in Excel.
2. Please provide document names and a brief explanation of the data contained in each spreadsheet, parameters of searches (key words, dates etc) used to extract that data, and the meaning of each column header in each spreadsheet.
3. Where USD balances are provided, please confirm which price point they are (i.e. opening, closing, quoted, high, low etc). If possible, please provide an index of all token prices referred to within the spreadsheets as against these price points.
4. Various files record dates as 1/1/1900 (i.e. date value of 1) – please confirm if this is due to empty cells or an export error (if the latter, please provide corrected data). An example of this issue can be found at column I of DOC03.
5. Please provide an index of all token tickers as against the name of the token (e.g. DOC38 contains "USD" and "USDT" but it is unclear which currencies/ tokens are included under these tickers, noting that USDC is not included in the spreadsheet).
6. Please confirm which time zone is represented in each of these spreadsheets.
7. We note from various Chapter 11 reports posted to the Kroll website that the records of FTX may be incomplete. Do you believe the documents provided are a complete record of all transactions between 3AC and FTX?

**Document-Specific Questions**

| # | Relevant Document | Question |
|---|---|---|
| 1 | DOC01 | What does "payment" (column J) show and is this native/ USD? |
| 2 | DOC02 | Does this spreadsheet detail every trade made by 3AC? |
| 3 | DOC02 | Does this include assets sold as part of foreclosures? |
| 4 | DOC02 | What does "BTC-MOVE-2022Q3" mean in column J? |

| 5 | DOC03 | What are the principal balances to which this interest schedule relates? Could you please direct us to a schedule of daily loan balances? |
|---|---|---|
| 6 | DOC03 | Following from (5), how are the figures in column K "size" calculated? If available, we should be grateful to receive this calculation spreadsheet. |
| 7 | DOC04 | What does this spreadsheet show? Is it on a particular date, and if so, what date? |
| 8 | DOC04 | Please explain the "Description" in column P |
| 9 | DOC04 | Please explain "USD Nov11 Post Suppression" column S |
| 10 | DOC05 | Is this all-time deposits for all assets for these accounts? |
| 11 | DOC05 | How is the price calculated in column K? |
| 12 | DOC06 | What loans and currency / tokens does this spreadsheet relate to? |
| 13 | DOC10 | Is this all-time withdrawals for all assets for these accounts? |
| 14 | DOC10 | How is the price calculated in column K? |
| 15 | DOC11 | Is this all-time transfers for these accounts? |
| 16 | DOC12 | DOC12 appears to record the cumulative daily USD balance by account (if this is incorrect, please advise what this shows). DOC38 appears to record inter alia daily balance by token and by account. However, on a majority of days (i.e. all days after mid-August 2020), the sum of USD balances in DOC38 does not equal the USD balance recorded on each respective day in DOC12. Please explain this discrepancy. We note that on each date where a variance exists, the disclosed balance in DOC12 for a given day is greater than the sum of each token's USD balance on that day in DOC38. |
| 17 | DOC12 | What does this USD balance represent? Does it comprise all balances with FTX or only token holdings (i.e. does it include the lines of credit or loans referred to in DOC13547)?  If not, we should grateful if you could direct us to a daily balance history for those accounts. |
| 18 | DOC22 | This document appears to be a duplication of DOC22. Please explain the difference between these documents. |
| 19 | DOC38 | Are balances arising from the LOC and loans referred to in DOCs 13546 and 75 shown or included in this?  If so, where? |
| 20 | DOC38 | Why does the sheet not show USDC balances? We understand that 3AC may have held significant holdings of this token and would be grateful if you could direct us to where USDC balances are shown |
| 21 | DOC38 | Row 93029 has a blank value for 'created_at' but a balance of 240mn.  What is the relevant created_at value for row 93029 and can you confirm the reliability of date values for other cells given this inconsistency? |
| 22 | DOC74 | This document mentions that 3AC did not respond to FTX's "previous enquiries". Please direct us to the documents showing this previous communication. |
| 23 | DOC75 | Was any loan under this agreement drawn? |
| 24 | DOC75 | If so, please direct us to a daily balance schedule of that loan. |
| 25 | DOC75 | Please also confirm whether the balance of this loan is incorporated in doc 12 and/or 38 |
| 26 | DOC13546 | Are the balances shown here actual debt amounts or maximum drawable amounts under the relevant facility? |
| 27 | DOC13546 | If so, please direct us to a daily balance schedule of that loan. |
| 28 | DOC13546 | Please also confirm whether the balance of this loan is incorporated in DOCs 12 and/or 38 |
| 29 | DOC117 | Do the 12x $10m transactions shown by documents 1709, 1713, 1715, 1722, 1724, 1726, 1728, 1730, 1732, 1734, 1736 and 1738 reflect the drawing down of this LOC? |
| 30 | DOC117 | Please direct us to a daily balance schedule of that LOC from its drawing to repayment. |

| 31 | DOC117 | Please also confirm whether the balance of this loan is incorporated in DOC 12 and/or 38 |
| 32 | DOC13662 | Please confirm which loan/ loans this refers to? |
| 33 | DOC13662 | Please explain each column heading and how these figures were calculated. |
| 34 | DOC13662 | Please advise whether it is possible to re-run this report for other dates within the full period 1 April 2022 to 30 June 2022. |

CONFIDENTIAL

**EXHIBIT 5**

| From: | Taousse, Nacif (NY) |
|---|---|
| Sent: | Friday, March 8, 2024 3:45 PM |
| To: | Beller, Benjamin S.; Goldberg, Adam (NY); Glueckstein, Brian D.; Liu, Sienna |
| Cc: | Ikeda, Tiffany (CC); Mohebbi, Nima (LA); Jamie Malley; Jacob Versteegh; Kent.McParland@teneo.com; Russell Crumpler; Christopher Farmer |
| Subject: | RE: [EXTERNAL] RE: FTX / 3AC Discussion |
| Attachments: | 3AC - FTX Queries [3.8.2024]-v2.docx |

Benjamin,

As previewed below, here is a consolidated list of initial questions in advance of the call being scheduled below.  Please let us know if those windows work on your end.

Many thanks,

**Nacif Taousse**

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.1835
Email: nacif.taousse@lw.com
https://www.lw.com

---

**From:** Taousse, Nacif (NY)
**Sent:** Friday, March 8, 2024 12:01 PM
**To:** 'Beller, Benjamin S.' <bellerb@sullcrom.com>; Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; 'Glueckstein, Brian D.' <gluecksteinb@sullcrom.com>; 'Liu, Sienna' <lius@sullcrom.com>
**Cc:** Ikeda, Tiffany (CC) <Tiffany.Ikeda@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; 'Jamie Malley' <jamie.malley@teneo.com>; Jacob Versteegh <jacob.versteegh@teneo.com>; Kent.McParland@teneo.com; Russell Crumpler <Russell.Crumpler@teneo.com>; Christopher Farmer <Christopher.Farmer@teneo.com>
**Subject:** RE: [EXTERNAL] RE: FTX / 3AC Discussion

Benjamin,

Adding our client to this chain.  Collectively on our side, we will be available for a call in the below windows.  We will follow up with a consolidated list of questions to cover during the call in advance.

- Preferably, any time next Friday (March 15)
- Alternatively, any time the next Tuesday (March 19)

Many thanks,

**Nacif Taousse**

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.1835
Email: nacif.taousse@lw.com

https://www.lw.com

---

**From:** Taousse, Nacif (NY)
**Sent:** Thursday, March 7, 2024 6:34 PM
**To:** 'Beller, Benjamin S.' <bellerb@sullcrom.com>; Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Ikeda, Tiffany (CC) <Tiffany.Ikeda@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>
**Subject:** RE: [EXTERNAL] RE: FTX / 3AC Discussion

Benjamin,

How about the windows below:

- Monday afternoon (other than 230 to 430 ET)
- Thursday afternoon between 12 ET and 1 ET, and then 2ET until 4pm ET
- All of Friday
- The week after is largely wide open.

Thanks,

**Nacif Taousse**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.1835
Email: nacif.taousse@lw.com
https://www.lw.com

---

**From:** Beller, Benjamin S. <bellerb@sullcrom.com>
**Sent:** Thursday, March 7, 2024 6:05 PM
**To:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Ikeda, Tiffany (CC) <Tiffany.Ikeda@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; Taousse, Nacif (NY) <Nacif.Taousse@lw.com>
**Subject:** RE: [EXTERNAL] RE: FTX / 3AC Discussion

Please send us some windows next week and the week after and we can check. Thanks

**Benjamin S. Beller**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 3334 (T) | +1 917 660 0174 (M)
bellerb@sullcrom.com | www.sullcrom.com

---

**From:** Adam.Goldberg@lw.com <Adam.Goldberg@lw.com>
**Date:** Thursday, Mar 07, 2024 at 6:04 PM
**To:** Beller, Benjamin S. <bellerb@sullcrom.com>, Glueckstein, Brian D. <gluecksteinb@sullcrom.com>, Liu, Sienna <lius@sullcrom.com>
**Cc:** Tiffany.Ikeda@lw.com <Tiffany.Ikeda@lw.com>, nima.mohebbi@lw.com <nima.mohebbi@lw.com>, Nacif.Taousse@lw.com <Nacif.Taousse@lw.com>
**Subject:** [EXTERNAL] RE: FTX / 3AC Discussion

Hi Benjamin,

Thank you for providing the times, but this week has gotten away from us and tough to line up schedules given our clients have been traveling.

Are there any good times for you next week or the following week?


Best,
Adam

**Adam J. Goldberg**

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1828 | M: +1.732.233.8868

---

**From:** Beller, Benjamin S. <bellerb@sullcrom.com>
**Sent:** Monday, March 4, 2024 10:54 PM
**To:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Ikeda, Tiffany (CC) <Tiffany.Ikeda@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; Taousse, Nacif (NY) <Nacif.Taousse@lw.com>
**Subject:** RE: FTX / 3AC Discussion

Adam – we and A&M are available for an initial call on your questions at the below times.

Tues 2:30-4:30PM ET
Friday 12-2PM ET

Benjamin S. Beller
+1 212 558 3334 (T) | +1 917 660 0174 (M)

---

**From:** Adam.Goldberg@lw.com <Adam.Goldberg@lw.com>
**Sent:** Wednesday, February 7, 2024 5:24 PM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Beller, Benjamin S. <bellerb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Tiffany.Ikeda@lw.com; nima.mohebbi@lw.com; Nacif.Taousse@lw.com
**Subject:** [EXTERNAL] RE: FTX / 3AC Discussion

Hi Brian, all,

Further to your request below for specific questions in advance of discussion, please see the attached questions to raise with A&M.

Would you please let us know if there are times Monday or Wednesday of next week that would work for a call, and we will coordinate with Teneo.


Best,
Adam

**Adam J. Goldberg**

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1828 | M: +1.732.233.8868

---

**From:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Sent:** Tuesday, January 23, 2024 7:23 AM
**To:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; Beller, Benjamin S. <bellerb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Ikeda, Tiffany (CC) <Tiffany.Ikeda@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; Neve, Brett (NY) <Brett.Neve@lw.com>
**Subject:** RE: FTX / 3AC Discussion

Adam, we have a significant number of thing happening in our cases over the next week and a half, so this week is not going to work.  We can target the week of February 5 for a discussion, but please provide additional specific information as to what you would like to address so that we can identify and schedule participation from the appropriate people at A&M.

Regards,
Brian

**Brian D. Glueckstein**
**SULLIVAN & CROMWELL LLP**
125 Broad Street | New York, NY 10004-2498
+1 212 558 1635 (T) | 917-696-6484 (M)
gluecksteinb@sullcrom.com | www.sullcrom.com

---

**From:** Adam.Goldberg@lw.com <Adam.Goldberg@lw.com>
**Sent:** Monday, January 22, 2024 7:58 PM
**To:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Beller, Benjamin S. <bellerb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Tiffany.Ikeda@lw.com; nima.mohebbi@lw.com; Brett.Neve@lw.com
**Subject:** [EXTERNAL] RE: FTX / 3AC Discussion

Hi all,

We would like to connect this week to provide an opportunity to efficiently engage on advancing this claim investigation.  Please let us know if S&C and the appropriate financial advisor on the FTX side would be available.

Best,
Adam

**Adam J. Goldberg**

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.1828 | M: +1.732.233.8868

---

**From:** Goldberg, Adam (NY)
**Sent:** Friday, January 19, 2024 11:53 AM

**To:** Glueckstein, Brian D. <gl;ggecksteinb@sullcrom.com>; Beller, Benjamin S. <bellerb@sullcrom.com>; 'Liu, Sienna' <lius@sullcrom.com>
**Cc:** Ikeda, Tiffany (CC) <Tiffany.Ikeda@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; Neve, Brett (NY) <Brett.Neve@lw.com>
**Subject:** FTX / 3AC Discussion

Hi Brian, Ben, Sienna,

We understand that you are working to produce additional documents to the Three Arrows liquidators today or Monday.

We would like to set up a meeting among us, the Three Arrows liquidators with their team at Teneo, and the appropriate financial advisor for FTX to discuss the documents and facts to progress evaluation of Three Arrows's claims against FTX.  We'd suggest setting that for mid-week to give our side an opportunity to review the forthcoming materials while also seeking to advance this process expeditiously.

Would you please let us know who would be the right attendees for your side and your availability next week?


Best,
Adam

**Adam J. Goldberg**

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.1828
Mobile: +1.732.233.8868
Email: adam.goldberg@lw.com
https://www.lw.com [lw.com]

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com [lw.com].

**\*\*This is an external message from:** Adam.Goldberg@lw.com **\*\***

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

 

## Three Arrows Capital Ltd – in Liquidation
### ("3AC" or "the Company")

Prepared by:    Teneo

To:    Alvarez & Marsal

Re:    Initial Queries on Disclosures Made to Date

Date:    8 March 2024

**Walkthroughs**

The Joint Liquidators ("JLs") request walkthroughs of the following spreadsheets:

1. DOC02
2. DOC05
3. DOC10
4. DOC12
5. DOC38
6. DOC54

We would be grateful if these walkthroughs could include a general overview of the spreadsheets, their download process and an opportunity to ask questions.

**Generic Questions**

1. What is the native format of this data?  Is there a more user-friendly format in which the data can be viewed?  In particular, DOC02 cannot be opened in Excel or in Notepad++ due to its size and must be extracted in row-limited batches, which limits the ability to search and filter the whole data set.  DOC01 likewise contains more than Excel's maximum number of rows and cannot be viewed as a single set in Excel.
2. Please provide document names and a brief explanation of the data contained in each spreadsheet, parameters of searches (key words, dates etc) used to extract that data, and the meaning of each column header in each spreadsheet.
3. Where USD balances are provided, please confirm which price point they are (i.e. opening, closing, quoted, high, low etc). If possible, please provide an index of all token prices referred to within the spreadsheets as against these price points.
4. Various files record dates as 1/1/1900 (i.e. date value of 1) – please confirm if this is due to empty cells or an export error (if the latter, please provide corrected data). An example of this issue can be found at column I of DOC03.
5. Please provide an index of all token tickers as against the name of the token (e.g. DOC38 contains "USD" and "USDT" but it is unclear which currencies/ tokens are included under these tickers, noting that USDC is not included in the spreadsheet).
6. Please confirm which time zone is represented in each of these spreadsheets.
7. We note from various Chapter 11 reports posted to the Kroll website that the records of FTX may be incomplete. Do you believe the documents provided are a complete record of all transactions between 3AC and FTX?

**Document-Specific Questions**

| # | Relevant Document | Question |
|---|---|---|
| 1 | DOC01 | What does "payment" (column J) show and is this native/ USD? |
| 2 | DOC02 | Does this spreadsheet detail every trade made by 3AC? |
| 3 | DOC02 | Does this include assets sold as part of foreclosures? |
| 4 | DOC02 | What does "BTC-MOVE-2022Q3" mean in column J? |

| 5 | DOC03 | What are the principal balances to which this interest schedule relates? Could you please direct us to a schedule of daily loan balances? |
|---|---|---|
| 6 | DOC03 | Following from (5), how are the figures in column K "size" calculated? If available, we should be grateful to receive this calculation spreadsheet. |
| 7 | DOC04 | What does this spreadsheet show? Is it on a particular date, and if so, what date? |
| 8 | DOC04 | Please explain the "Description" in column P |
| 9 | DOC04 | Please explain "USD Nov11 Post Suppression" column S |
| 10 | DOC05 | Is this all-time deposits for all assets for these accounts? |
| 11 | DOC05 | How is the price calculated in column K? |
| 12 | DOC06 | What loans and currency / tokens does this spreadsheet relate to? |
| 13 | DOC10 | Is this all-time withdrawals for all assets for these accounts? |
| 14 | DOC10 | How is the price calculated in column K? |
| 15 | DOC11 | Is this all-time transfers for these accounts? |
| 16 | DOC12 | DOC12 appears to record the cumulative daily USD balance by account (if this is incorrect, please advise what this shows). DOC38 appears to record inter alia daily balance by token and by account. However, on a majority of days (i.e. all days after mid-August 2020), the sum of USD balances in DOC38 does not equal the USD balance recorded on each respective day in DOC12. Please explain this discrepancy. We note that on each date where a variance exists, the disclosed balance in DOC12 for a given day is greater than the sum of each token's USD balance on that day in DOC38. |
| 17 | DOC12 | What does this USD balance represent? Does it comprise all balances with FTX or only token holdings (i.e. does it include the lines of credit or loans referred to in DOC13547)? If not, we should grateful if you could direct us to a daily balance history for those accounts. |
| 18 | DOC22 | This document appears to be a duplication of DOC22. Please explain the difference between these documents. |
| 19 | DOC38 | Are balances arising from the LOC and loans referred to in DOCs 13546 and 75 shown or included in this? If so, where? |
| 20 | DOC38 | Why does the sheet not show USDC balances? We understand that 3AC may have held significant holdings of this token and would be grateful if you could direct us to where USDC balances are shown. Relatedly, please confirm the JLs' understanding that FTX's platform did not differentiate between fiat and certain stablecoins (USD, USDC, TUSD, PAX, BUSD, and HUSD) is correct, and that this is the reason for the absence of USDC from the spreadsheet. Assuming this understanding is correct, please also advise whether there is any way to separate the holdings of the various tokens contained within "USD". |
| 21 | DOC38 | Row 93029 has a blank value for 'created_at' but a balance of 240mn. What is the relevant created_at value for row 93029 and can you confirm the reliability of date values for other cells given this inconsistency? |
| 22 | DOC38 | Does Column H, "cumulative_size" represent the entire native balance for each individual token held by the relevant accounts at FTX? If not, please confirm what the figures in this column represent. |
| 23 | DOC38 | Were all tokens reported in this spreadsheet available for trading/ withdrawal from the FTX exchange? If not, please explain any restrictions. |
| 24 | DOC74 | This document mentions that 3AC did not respond to FTX's "previous enquiries". Please direct us to the documents showing this previous communication. |
| 25 | DOC75 | Was any loan under this agreement drawn? |

| 26 | DOC75 | If so, please direct us to a daily balance schedule of that loan. |
|----|-------|-------------------------------------------------------------------|
| 27 | DOC75 | Please also confirm whether the balance of this loan is incorporated in doc 12 and/or 38 |
| 28 | DOC13546 | Are the balances shown here actual debt amounts or maximum drawable amounts under the relevant facility? |
| 29 | DOC13546 | If so, please direct us to a daily balance schedule of that loan. |
| 30 | DOC13546 | Please also confirm whether the balance of this loan is incorporated in DOCs 12 and/or 38 |
| 31 | DOC117 | Do the 12x $10m transactions shown by documents 1709, 1713, 1715, 1722, 1724, 1726, 1728, 1730, 1732, 1734, 1736 and 1738 reflect the drawing down of this LOC? |
| 32 | DOC117 | Please direct us to a daily balance schedule of that LOC from its drawing to repayment. |
| 33 | DOC117 | Please also confirm whether the balance of this loan is incorporated in DOC 12 and/or 38 |
| 34 | DOC13662 | Please confirm which loan/ loans this refers to? |
| 35 | DOC13662 | Please explain each column heading and how these figures were calculated. |
| 36 | DOC13662 | Please advise whether it is possible to re-run this report for other dates within the full period 1 April 2022 to 30 June 2022. |

**<u>EXHIBIT 6</u>**

| | |
|---|---|
| **From:** | Taousse, Nacif (NY) |
| **Sent:** | Monday, June 3, 2024 7:03 PM |
| **To:** | Beller, Benjamin S.; acanale@alvarezandmarsal.com; pmcgrath@alvarezandmarsal.com; zzExt-lryan; carnett@alvarezandmarsal.com; scoverick@alvarezandmarsal.com; Goldberg, Adam (NY); Ikeda, Tiffany (CC); Mohebbi, Nima (LA); Harris, Christopher (NY); Presley, Rebekah (NY); Young, Stephen (NY); jamie.malley@teneo.com; jacob.versteegh@teneo.com; kent.mcparland@teneo.com; russell.crumpler@teneo.com; christopher.farmer@teneo.com |
| **Cc:** | Glueckstein, Brian D.; Liu, Sienna; mblanchard@alvarezandmarsal.com; lkonig@alvarezandmarsal.com; kevin.baker@alvarezandmarsal.com |
| **Subject:** | RE: FTX/3AC |
| **Attachments:** | 3AC - Letter to FTX re Additional Information and Document Requests [6.3.2024].pdf |

Benjamin (and S&C / A&M teams),

Thanks for the call a moment ago.  As previewed, please find attached the letter discussed, which lists a number of follow-up questions based on the 3AC Joint Liquidators' continuing analysis of the data that A&M has provided to-date.  We appreciate your consideration of these questions in advance, and please let us know if you have any questions in relation thereto.

Separately, in light of FTX's upcoming disclosure statement objection deadline, we request that you include the below proposed language in the disclosure statement in order to ensure that parties are aware of our potential claims.  We're happy to consider any comments you may have.

> **"Potential Claims by Three Arrows against the Debtors:** On June 29, 2023, the duly authorized joint liquidators of Three Arrows (the "**3AC Joint Liquidators**") filed proofs of claim against the Debtors asserting, *inter alia*, claims for preference, conversion, and other avoidance actions under BVI, New York, Delaware, and other applicable law (collectively, the "**3AC Claims**").  The Debtors have provided certain information to the 3AC Joint Liquidators on an informal basis.  The 3AC Joint Liquidators are continuing to request information from the Debtors and analyze the information provided by the Debtors.  The 3AC Joint Liquidators may assert that the 3AC Claims are in the amount of hundreds of millions of dollars or more.  All rights of the Debtors, their estates, the 3AC Joint Liquidators, Three Arrows, its estate, and all of their respective parties in interests are reserved with respect to the 3AC Claims."

Finally, we note that the FTX plan that's currently on file does not commit to the establishment or funding of a disputed claims reserve.  We currently intend to object to the disclosure statement on the grounds that it does not disclose whether such a reserve will definitively be funded, or how it will be funded.  We're happy to discuss this with you further should there be room to resolve this point in advance of the disclosure statement hearing.

Many thanks,

**Nacif Taousse**

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas

New York, NY 10020
Direct Dial: +1.212.906.1835
Email: nacif.taousse@lw.com
https://www.lw.com

---

**From:** Beller, Benjamin S. <bellerb@sullcrom.com>
**Sent:** Tuesday, March 19, 2024 6:26 PM
**To:** Taousse, Nacif (NY) <Nacif.Taousse@lw.com>; acanale@alvarezandmarsal.com; pmcgrath@alvarezandmarsal.com; zzExt-lryan <lryan@alvarezandmarsal.com>; carnett@alvarezandmarsal.com; scoverick@alvarezandmarsal.com; Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; Ikeda, Tiffany (CC) <Tiffany.Ikeda@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; jamie.malley@teneo.com; jacob.versteegh@teneo.com; kent.mcparland@teneo.com; russell.crumpler@teneo.com; christopher.farmer@teneo.com
**Cc:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>; mblanchard@alvarezandmarsal.com; lkonig@alvarezandmarsal.com; kevin.baker@alvarezandmarsal.com
**Subject:** RE: FTX/3AC

Yes but see the order entered at Dkt No. 7090.

Benjamin S. Beller
+1 212 558 3334 (T) | +1 917 660 0174 (M)

---

**From:** Nacif.Taousse@lw.com <Nacif.Taousse@lw.com>
**Sent:** Tuesday, March 19, 2024 6:15 PM
**To:** Beller, Benjamin S. <bellerb@sullcrom.com>; acanale@alvarezandmarsal.com; pmcgrath@alvarezandmarsal.com; zzExt-lryan <lryan@alvarezandmarsal.com>; carnett@alvarezandmarsal.com; scoverick@alvarezandmarsal.com; Adam.Goldberg@lw.com; Tiffany.Ikeda@lw.com; nima.mohebbi@lw.com; jamie.malley@teneo.com; jacob.versteegh@teneo.com; kent.mcparland@teneo.com; russell.crumpler@teneo.com; christopher.farmer@teneo.com
**Cc:** Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>; mblanchard@alvarezandmarsal.com; lkonig@alvarezandmarsal.com; kevin.baker@alvarezandmarsal.com
**Subject:** [EXTERNAL] RE: FTX/3AC

All,

I believe this is the document that the A&M team just referenced on the call (see the exhibit starting page 25).  A&M, Sullivan teams, can you please confirm?

Thanks,

**Nacif Taousse**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.1835
Email: nacif.taousse@lw.com
https://www.lw.com [lw.com]

-----Original Appointment-----
**From:** Beller, Benjamin S. <bellerb@sullcrom.com>
**Sent:** Friday, March 8, 2024 4:16 PM
**To:** Beller, Benjamin S.; Canale, Alexander; McGrath, Patrick; zzExt-lryan; Arnett, Chris; Coverick, Steve; Taousse, Nacif (NY); Goldberg, Adam (NY); Ikeda, Tiffany (CC); Mohebbi, Nima (LA); jamie.malley@teneo.com; jacob.versteegh@teneo.com; kent.mcparland@teneo.com; russell.crumpler@teneo.com;

christopher.farmer@teneo.com
**Cc:** Glueckstein, Brian D.; Liu, Sienna; Blanchard, Madison; Konig, Louis; Baker, Kevin
**Subject:** FTX/3AC
**When:** Tuesday, March 19, 2024 5:30 PM-6:30 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** https://sullcrom.zoom.us/j/7362620807?omn=94520212417

Benjamin S. Beller is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://sullcrom.zoom.us/j/7362620807?omn=94520212417

Meeting ID: 736 262 0807

---

One tap mobile
+16469313860,,7362620807# US
+16465588656,,7362620807# US (New York)

---

Dial by your location
• +1 646 931 3860 US
• +1 646 558 8656 US (New York)
• +1 305 224 1968 US
• +1 309 205 3325 US
• +1 312 626 6799 US (Chicago)
• +1 301 715 8592 US (Washington DC)
• +1 669 900 9128 US (San Jose)
• +1 689 278 1000 US
• +1 719 359 4580 US
• +1 253 205 0468 US
• +1 253 215 8782 US (Tacoma)
• +1 346 248 7799 US (Houston)
• +1 360 209 5623 US
• +1 386 347 5053 US
• +1 507 473 4847 US
• +1 564 217 2000 US
• +1 669 444 9171 US
• 833 928 4610 US Toll-free
• 877 853 5247 US Toll-free
• 888 788 0099 US Toll-free
• 833 548 0276 US Toll-free
• 833 548 0282 US Toll-free
• 833 928 4608 US Toll-free
• 833 928 4609 US Toll-free
• +44 208 080 6591 United Kingdom
• +44 208 080 6592 United Kingdom
• +44 330 088 5830 United Kingdom
• +44 131 460 1196 United Kingdom
• +44 203 481 5237 United Kingdom
• +44 203 481 5240 United Kingdom

- +44 203 901 7895 United Kingdom
- 0 800 260 5801 United Kingdom Toll-free
- 0 800 358 2817 United Kingdom Toll-free
- 0 800 456 1369 United Kingdom Toll-free
- 0 800 031 5717 United Kingdom Toll-free
- +61 8 6119 3900 Australia
- +61 8 7150 1149 Australia
- +61 2 8015 6011 Australia
- +61 3 7018 2005 Australia
- +61 7 3185 3730 Australia
- 1800 893 423 Australia Toll-free
- 1800 945 157 Australia Toll-free
- 1800 317 562 Australia Toll-free
- +32 2 290 9360 Belgium
- +32 2 585 5574 Belgium
- +32 2 588 4188 Belgium
- +32 2 788 0172 Belgium
- +32 2 788 0173 Belgium
- +32 1579 5132 Belgium
- 0 800 294 51 Belgium Toll-free
- 0 800 800 99 Belgium Toll-free
- 0 800 293 46 Belgium Toll-free
- +86 21 8027 0750 China
- +86 10 8783 3177 China
- 400 616 8835 China Toll-free
- 400 669 9381 China Toll-free
- 400 182 3168 China Toll-free
- +33 1 7095 0350 France
- +33 1 8699 5831 France
- +33 1 7037 2246 France
- +33 1 7037 9729 France
- +33 1 7095 0103 France
- 0 800 944 049 France Toll-free
- 0 805 543 065 France Toll-free
- 0 800 940 415 France Toll-free
- +49 69 3807 9884 Germany
- +49 69 5050 0951 Germany
- +49 69 5050 0952 Germany
- +49 695 050 2596 Germany
- +49 69 7104 9922 Germany
- +49 69 3807 9883 Germany
- 0 800 000 6954 Germany Toll-free
- 0 800 1800 150 Germany Toll-free
- 0 800 588 9791 Germany Toll-free
- 0 800 000 1590 Germany Toll-free
- +852 5803 3731 Hong Kong SAR
- +852 5808 6088 Hong Kong SAR
- +852 3008 3297 Hong Kong SAR
- +852 5803 3730 Hong Kong SAR
- 800 931 189 Hong Kong SAR Toll-free
- 800 931 645 Hong Kong SAR Toll-free
- 800 906 780 Hong Kong SAR Toll-free

- +81 3 4579 0432 Japan
- +81 3 4579 0545 Japan
- +81 363 628 317 Japan
- +81 3 4578 1488 Japan
- 0 120 836 177 Japan Toll-free
- 00 663 381 4092 Japan Toll-free
- 0 800 100 5040 Japan Toll-free
- 0 120 829 768 Japan Toll-free
- +853 6262 1604 Macau SAR
- 0 800 910 Macau SAR Toll-free
- 0 800 191 Macau SAR Toll-free

Meeting ID: 736 262 0807

Find your local number: https://sullcrom.zoom.us/u/abEKWk9yOT

---

Join by SIP
- 7362620807@zoomcrc.com

---

Join by H.323
- 162.255.37.11 (US West)
- 162.255.36.11 (US East)
- 221.122.88.195 (China)
- 115.114.131.7 (India Mumbai)
- 115.114.115.7 (India Hyderabad)
- 213.19.144.110 (Amsterdam Netherlands)
- 213.244.140.110 (Germany)
- 103.122.166.55 (Australia Sydney)
- 103.122.167.55 (Australia Melbourne)
- 209.9.211.110 (Hong Kong SAR)
- 149.137.40.110 (Singapore)
- 64.211.144.160 (Brazil)
- 149.137.68.253 (Mexico)
- 69.174.57.160 (Canada Toronto)
- 65.39.152.160 (Canada Vancouver)
- 207.226.132.110 (Japan Tokyo)
- 149.137.24.110 (Japan Osaka)

Meeting ID: 736 262 0807

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**This is an external message from:** Nacif.Taousse@lw.com **

**Adam J. Goldberg**
Direct Dial: +1.212.906.1828
adam.goldberg@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM&WATKINS LLP

June 3, 2024

## VIA EMAIL

Brian Gluckstein
Benjamin Beller
Sienna Liu
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Re:     *In re: FTX Trading Ltd, et al.*, Chapter 11 Case No. 22-11068 (JTD): 3AC's
Information and Document Requests Regarding Potential Claims

Counsel,

We write on behalf of the joint liquidators (the "Joint Liquidators") of Three Arrows
Capital, Ltd ("3AC").

As you are aware, the advisors to FTX Trading Ltd. and its affiliated debtors (collectively,
"FTX") have to-date provided the Joint Liquidators with 4,166 documents, including large
volumes of raw or semi-raw data.  Analyzing a document production of this size and nature on an
efficient basis within the resources available for 3AC's liquidation has required several months of
extensive effort and continued input from FTX and its advisors.  The Joint Liquidators have sought
such input following receipt of the last round of FTX's document production on January 20, 2024,
including via correspondence and a video teleconference between the Joint Liquidators, their
advisors, and FTX's advisors on March 19, 2024.

Based on their continued effort to advance the analysis of the data provided, the Joint
Liquidators have identified several issues for further development of the factual record.

Accordingly, pursuant to FTX's informal information sharing agreement with the Joint
Liquidators, we respectfully request the following information and documents (without prejudice
to any further requests that the Joint Liquidators may have as their analysis continues):

(i)     Please provide or describe any and all agreements (whether formal or informal,
written or oral, or otherwise) between 3AC (including its representatives,
employees, directors or officers) and FTX that gave rise to 3AC's negative USD

LATHAM&WATKINS LLP

balances shown in FTX_3AC_000000038,[1] including but not limited to any loan agreements, security agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar documents.

(ii)   Please provide any and all documents or communications purporting to grant FTX a security interest in any of 3AC's assets or perfect any such security interest;

(iii)   Please provide a list of all FTX entities that had a contractual relationship with 3AC, including but not limited to lending counterparties and FTX entities that held any assets of 3AC (whether on a custodial basis or otherwise);

(iv)   With respect to each FTX entity identified in response to request (iii), please identify (a) the nature of the relationship between 3AC and such entity and (b) any agreements or documents related to or evidencing such relationship;

(v)   Please provide any and all agreements (whether formal or informal, written or oral, or otherwise) evidencing or related to the transactions (including any sales, liquidations, or foreclosures by FTX) that resulted in the disposition of USD 1.015 billion in tokens from June 12, 2022 to June 15, 2022, as shown in FTX_3AC_000000038;

(vi)   In a format similar to FTX_3AC_000000038, please provide the daily USD value of each futures contract held by 3AC for the period between January 1, 2022 and July 31, 2022; and

(vii)   Please confirm whether the proceeds of the BTC 15,250 and USDC 350,000,000 loans referenced in FTX_3AC_000013546 and FTX_3AC_000013547 were paid to 3AC. If yes, please provide transactional data to evidence such payments and any agreements (whether formal or informal, written or oral, or otherwise) evidencing or related thereto.

The Joint Liquidators ask that you provide your responses to these requests and produce all requested documents by June 14, 2024.

We and the financial advisors to the Joint Liquidators will be available to speak you and any other advisors to FTX that may be relevant to work towards a resolution of these requests.

We appreciate your cooperation on this matter and look forward to your responses. In the meantime, please let us know of any questions.

---

[1]   Document references used in this letter reflect the labels assigned to such documents in the dataset produced by the FTX advisors in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024.

LATHAM&WATKINS LLP

Best regards,

/s/ *Adam J. Goldberg*

Adam J. Goldberg
of LATHAM & WATKINS LLP

**<u>EXHIBIT 7</u>**

| | |
|---|---|
| **From:** | Ikeda, Tiffany (CC) |
| **Sent:** | Tuesday, July 2, 2024 4:25 PM |
| **To:** | Beller, Benjamin S.; Glueckstein, Brian D.; Liu, Sienna |
| **Cc:** | Goldberg, Adam (NY); ~Mohebbi, Nima; Harris, Christopher (NY); Taousse, Nacif (NY); Zhao, Zijun (NY) |
| **Subject:** | FTX/3AC |
| **Attachments:** | 2024-07-02 3AC - Interrogatories to FTX.pdf; 2024-07-02 3AC - Deposition Notice to FTX.pdf; 2024-07-02 3AC - Requests for Production to FTX.pdf |

Counsel,

We have not received a response to our June 3, 2024 letter requesting responses and documents pursuant to FTX's informal information sharing agreement with the Joint Liquidators.  Accordingly, attached are the Joint Liquidators' proposed discovery to the FTX Debtors.  Please let us know by **July 8, 2024** if the FTX Debtors will voluntarily agree to produce the requested documents.  If the FTX Debtors will not voluntarily agree to respond and produce all requested documents, then please let us know when you are available to meet and confer on **July 8** concerning a mutually agreeable date, time, place, and scope of the examination and production.

Tiffany


**Tiffany M. Ikeda**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Direct Dial: +1.424.653.5416
Email: tiffany.ikeda@lw.com
https://www.lw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
FTX TRADING LTD., *et al.*,[1]                           :   Case No. 22-11068 (JTD)
                                                         :
                        Debtors.                         :   (Jointly Administered)
                                                         :
-------------------------------------------------------- x

## THE FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S INTERROGATORIES DIRECTED TO THE DEBTORS

PLEASE TAKE NOTICE that, in connection with the above-captioned proceeding, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("3AC"), hereby demand FTX Trading Ltd. and its debtor affiliates (collectively, the "Debtors") provide written responses to the following interrogatories (the "Interrogatories") no later than **5:00 p.m. Eastern Time on July 15, 2024**, or at a date and time mutually agreeable to the parties.

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

## I.   <u>DEFINITIONS</u>

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.      "<u>3AC</u>" refers to Three Arrows Capital, Ltd., incorporated as a business company under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu.

2.      "<u>Assets</u>" shall mean any currency (including U.S. Dollars), virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of the same.

3.      "<u>Communication</u>" shall mean transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.      "<u>Daily Value</u>" shall mean, with respect to any particular contract and on any particular date, the amounts owed by FTX to 3AC *minus* the amounts owed by 3AC to FTX, in each case under such contract if it were to be liquidated on that particular date.

5.      "<u>Documents</u>" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any tangible thing and any correspondence, memorandum, writing, Communication, electronically stored information, drawing, graph, chart, record, tape, message, note, calendar, diary, log, envelope, email, and facsimile transmission, whether printed or recorded or reproduced by any mechanical,

photographic, xerographic, or electronic process, or written or produced by hand, and including, but not limited to, any information contained in any computer or reasonably accessible computer memory or memory media, although not yet printed.  A draft or non-identical copy is a separate Document within the meaning of this term.

6.      "<u>Debtors</u>," "<u>FTX</u>," "<u>You</u>" and "<u>Your</u>" shall mean and refer to FTX Trading Ltd. and/or their affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on Your behalf.

7.      "<u>Person</u>" includes both the plural and the singular, and means any natural person(s) or legal entities, including, without limitation, any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity.

8.      The term "<u>relating to</u>" shall mean evidencing, constituting, reflecting, concerning, regarding, supporting, negating, contradicting, bearing upon, touching upon, incorporating, affecting, including, pertaining to, summarizing or in any way logically or factually connected with the subject matter of the inquiry or Interrogatories (whether directly, indirectly, or in any other way).

## II.    <u>INSTRUCTIONS</u>

1.      For each Interrogatory, identify each Person (other than Your attorneys) who assisted in the preparation of Your answer to the Interrogatory, and all Documents or things that were referenced or relief upon in the preparation of Your answer to the Interrogatory.

2.      In answering these Interrogatories, state all information available to You or otherwise within Your possession, custody, and/or control, and not merely information within Your personal knowledge.  If You do not have sufficient knowledge to respond fully to an

Interrogatory, you must make a reasonable, good faith effort to obtain the information necessary to do so.

3.     If You cannot respond fully to an Interrogatory after exercising due diligence to obtain the information necessary to do so, answer to the extent possible, state with particularity Your inability to answer the remainder, and state with particularity whatever information or knowledge You have relating to the unanswered portion.

4.     If information that falls within the scope of an Interrogatory was lost or destroyed, describe with particularity the information (type, subject matter, etc.) that has been lost or destroyed, and explain the circumstances relating to the loss or destruction of such information, including the date on which the information was lost or destroyed, and the manner of its loss or destruction.

5.     If You object to any part of any Interrogatory, answer all parts of such Interrogatory to which You do not object, and, as to each part to which You do object, set forth the specific basis for Your objection.

6.     If You object to an Interrogatory on the grounds of privilege, work-product protection or any other privilege, protection or immunity, answer the Interrogatory with such non-privileged information as is responsive, identify the nature of the information withheld as privileged, protected or immune, and specify the basis for Your claim of privilege, protection or immunity.  If the basis for withholding information involves an agreement, such as a common-interest agreement or joint-defense agreement, identify and produce a copy of such agreement.

7.     If You find the meaning of any term in any Interrogatory unclear, without waiver of right to seek a full and complete answer to the Interrogatory, assume a reasonable meaning,

state with particularity what that assumed meaning is, and answer the Interrogatory according to the assumed meaning.

8.      The singular form of any noun or pronoun includes the plural, and vice versa.

9.      The use of any tense of any verb includes within its meaning all other tenses of that verb.

10.     Unless otherwise indicated, the time period covered by these Interrogatories is March 5, 2019 to the present, and shall encompass all Documents, Communications and information relating to in whole or in part such period, or relating to events or circumstances during such period, even if the Document, Communication or information is dated, prepared, generated, or received prior to or subsequent to that period.

11.     These Interrogatories shall be deemed continuing in nature.  You are therefore required to supplement your response in the event that You obtain or discover additional information or Documents between the time of Your initial response and the time of hearing or trial in the action.  This paragraph shall not be construed to alter Your obligations to comply with all other instructions herein.

12.     Questions  or  concerns  may  be  directed  to  Adam  J.  Goldberg (adam.goldberg@lw.com) and Nima H. Mohebbi (nima.mohebbi@lw.com).

### III.     <u>INTERROGATORIES</u>

1.      Identify any and all agreements (whether formal or informal, written or oral, or otherwise) between 3AC and FTX that gave rise to 3AC's negative U.S. Dollar balances reflected in  FTX_3AC_000000038, [2]  including  without  limitation  any  loan  agreements,  security

---

[2]      Document references used in these interrogatories reflect the labels assigned to such documents in the dataset produced to the Foreign Representatives and their advisors by the FTX advisors in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024.

agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar documents.

2.      Identify any and all FTX entities that at any point in time had any agreement (whether formal or informal, written or oral, or otherwise) with 3AC, including without limitation lending counterparties and FTX entities holding any Assets of 3AC (whether on a custodial basis or otherwise).

3.      With respect to each FTX entity identified in response to Interrogatory No. 2, identify (i) the nature of the relationship between 3AC and such entity and (ii) any agreements or Documents relating to such relationship.

4.      Confirm whether the proceeds of the BTC 15,250 and USDC 350,000,000 loans referenced in FTX_3AC_000013546 and FTX_3AC_000013547 were paid to 3AC.

5.      In a format similar to FTX_3AC_000000038, provide the Daily Value, in U.S. Dollar, for the period between January 1, 2022 and July 31, 2022, of each derivative contract between 3AC and FTX, including without limitation any derivative contract listed in FTX_3AC_000000002 and for which the "pair" column (as identified in Column J of FTX_3AC_000000002) ends in "-PERP" or with a particular date.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                                           :
In re:                                                     :   Chapter 11
                                                           :
FTX TRADING LTD., *et al.*,[1]                             :   Case No. 22-11068 (JTD)
                                                           :
                    Debtors.                               :   (Jointly Administered)
                                                           :
---------------------------------------------------------- x

**NOTICE OF DEPOSITION OF THE DEBTORS**
**PURSUANT TO FED. R. BANKR. P. 2004**

PLEASE TAKE NOTICE that, in connection with the above-captioned proceeding, Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("3AC"), will take the deposition of FTX Trading Ltd. and its debtor affiliates (collectively, the "Debtors"), on **July 23, 2024 starting at 9:00 a.m. Eastern Time**, at the offices of Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020, or at a date, time and location that is mutually agreeable to the parties.

The deposition will be taken upon oral examination by a person authorized to administer oaths and will be recorded by video and stenographic means, including Real Time. In accordance with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, this deposition will be taken for the purpose of discovery and/or used as evidence in connection with the above-captioned proceeding.

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the Debtors shall designate one or more persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A attached hereto.  The person(s) the Debtors designate must testify about information known or reasonably available to the Debtors.  The Foreign Representatives request that the Debtors provide written notice, at least five (5) business days in advance of the deposition, of: (1) the name(s) of each designee who has consented to testify on behalf of the Debtors; (2) the job title of each such person; and (3) the topic(s) set forth in Exhibit A upon which each such person will testify.

**<u>Exhibit A</u>**

## **DEFINITIONS**

For the purposes of these topics on which deposition testimony is sought, the following definitions shall apply. These definitions are to be construed in the broadest sense with reference to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

1.      "3AC" shall mean and refer to Three Arrows Capital, Ltd., incorporated as a business under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu.

2.      "Accounts" shall mean any arrangement by which FTX holds funds on behalf of a client, such as 3AC, including without limitation account numbers 2338882 and 2598353 and all associated sub-accounts, in each case as referenced in FTX_3AC_000000038. Associated sub-accounts for account 2338882 include 2338882, 3456003, 6382230, 6382315, 6382349, 6382366, 14924237, 15088151, 25046802, 63381564, 5571313, 95610062, 15736837, and associated sub-accounts for account 2598353 include 2598353, 2886265, 2890923, 2897026, 2901854, 2905662, 2921251, 2941022, 2947941, 3097575, 114006799, 114006867, 125489381, 125489415, 125489500, 3097575.

3.      "Assets" shall mean any currency (including U.S. Dollars), virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of the same.

4.      "Communication" shall mean transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.      The term "<u>concerning,</u>" when referring to any given subject matter, shall mean without limitation any information or document that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

6.      "<u>Daily Value</u>" shall mean, with respect to any particular contract and on any particular date, the amounts owed by FTX to 3AC *minus* the amounts owed by 3AC to FTX, in each case under such contract if it were to be liquidated on that particular date.

7.      "<u>Debtors,</u>" "<u>FTX</u>," "<u>You</u>," or "<u>Your</u>" shall mean and refer to FTX Trading Ltd. and/or their affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on Your behalf.

8.      "<u>Person</u>" shall mean a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

## **TOPICS ON WHICH DEPOSITION TESTIMONY IS SOUGHT**

1.      The Debtors' relationships, contracts, and agreements with 3AC.

2.      3AC's Accounts with Debtors.

3.      3AC's Assets in its Accounts with Debtors.

4.      Any of 3AC's Assets otherwise held by the Debtors.

5.      3AC's negative USD balances reflected in FTX_3AC_000000038,[2] including without limitation any loan agreements, security agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar documents related thereto.

6.      Debtors' trading activities and lending relationship(s) with 3AC, including without limitation all transfers, payments, and loans between the Debtors and 3AC.

7.      Any basis purporting to grant FTX a security interest in any of 3AC's Assets or to perfect any such security interest.

8.      Any purported pledge, perfection, foreclosure, exercise of remedies, sale, transfer, liquidation, or other efforts by FTX to take possession, control, or ownership of any of 3AC's Assets or of the proceeds of such Assets.

9.      Any transactions, including without limitation any sales, liquidations, or foreclosures by FTX, that resulted in the disposition of USD 1.015 billion in tokens from June 12, 2022 to June 15, 2022, as reflected in FTX_3AC_000000038.

10.     Transaction data relating to the Daily Value, in U.S. Dollar, for the period between January 1, 2022 and July 31, 2022, of each derivative contract between 3AC and FTX, including without limitation any derivative contract listed in FTX_3AC_000000002 and for which the "pair" column (as identified in Column J of FTX_3AC_000000002) ends in "-PERP" or with a particular date.

---

[2]      Document references used in these topics reflect the labels assigned to such documents in the dataset produced to the Foreign Representatives and their advisors by the FTX advisors in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024.

11.     Transactional data evidencing any payments and any agreements (whether formal or informal, written or oral, or otherwise) concerning the BTC 15,250 and USDC 350,000,000 loans, referenced in FTX_3AC_000013546 and FTX_3AC_000013547.

12.     Your policies, procedures, practices, and methodologies concerning the valuation of 3AC's Assets in any Accounts with FTX.

13.     Your knowledge of 3AC's finances, including without limitation its solvency, its assets, its liabilities, and its ability to pay its debts when they became due.

14.     All negotiations and agreements between You and 3AC.

15.     The manner and method in which business records are kept and maintained by You.

16.     How and where the search for each of the records requested in the Foreign Representatives' Requests for Production to You was conducted.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
FTX TRADING LTD., *et al.*,[1]                           :    Case No. 22-11068 (JTD)
                                                         :
                                 Debtors.                :    (Jointly Administered)
                                                         :
-------------------------------------------------------- x

## THE FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S INTERROGATORIES DIRECTED TO THE DEBTORS

PLEASE TAKE NOTICE that, in connection with the above-captioned proceeding, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("3AC"), hereby demand FTX Trading Ltd. and its debtor affiliates (collectively, the "Debtors") provide written responses to the following interrogatories (the "Interrogatories") no later than **5:00 p.m. Eastern Time on July 15, 2024**, or at a date and time mutually agreeable to the parties.

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

## I.    <u>DEFINITIONS</u>

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.      "<u>3AC</u>" refers to Three Arrows Capital, Ltd., incorporated as a business company under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu.

2.      "<u>Assets</u>" shall mean any currency (including U.S. Dollars), virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of the same.

3.      "<u>Communication</u>" shall mean transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.      "<u>Daily Value</u>" shall mean, with respect to any particular contract and on any particular date, the amounts owed by FTX to 3AC *minus* the amounts owed by 3AC to FTX, in each case under such contract if it were to be liquidated on that particular date.

5.      "<u>Documents</u>" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any tangible thing and any correspondence, memorandum, writing, Communication, electronically stored information, drawing, graph, chart, record, tape, message, note, calendar, diary, log, envelope, email, and facsimile transmission, whether printed or recorded or reproduced by any mechanical,

photographic, xerographic, or electronic process, or written or produced by hand, and including, but not limited to, any information contained in any computer or reasonably accessible computer memory or memory media, although not yet printed.  A draft or non-identical copy is a separate Document within the meaning of this term.

6.      "Debtors," "FTX," "You" and "Your" shall mean and refer to FTX Trading Ltd. and/or their affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on Your behalf.

7.      "Person" includes both the plural and the singular, and means any natural person(s) or legal entities, including, without limitation, any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity.

8.      The term "relating to" shall mean evidencing, constituting, reflecting, concerning, regarding, supporting, negating, contradicting, bearing upon, touching upon, incorporating, affecting, including, pertaining to, summarizing or in any way logically or factually connected with the subject matter of the inquiry or Interrogatories (whether directly, indirectly, or in any other way).

## II.    **INSTRUCTIONS**

1.      For each Interrogatory, identify each Person (other than Your attorneys) who assisted in the preparation of Your answer to the Interrogatory, and all Documents or things that were referenced or relief upon in the preparation of Your answer to the Interrogatory.

2.      In answering these Interrogatories, state all information available to You or otherwise within Your possession, custody, and/or control, and not merely information within Your personal knowledge.  If You do not have sufficient knowledge to respond fully to an

Interrogatory, you must make a reasonable, good faith effort to obtain the information necessary to do so.

3.      If You cannot respond fully to an Interrogatory after exercising due diligence to obtain the information necessary to do so, answer to the extent possible, state with particularity Your inability to answer the remainder, and state with particularity whatever information or knowledge You have relating to the unanswered portion.

4.      If information that falls within the scope of an Interrogatory was lost or destroyed, describe with particularity the information (type, subject matter, etc.) that has been lost or destroyed, and explain the circumstances relating to the loss or destruction of such information, including the date on which the information was lost or destroyed, and the manner of its loss or destruction.

5.      If You object to any part of any Interrogatory, answer all parts of such Interrogatory to which You do not object, and, as to each part to which You do object, set forth the specific basis for Your objection.

6.      If You object to an Interrogatory on the grounds of privilege, work-product protection or any other privilege, protection or immunity, answer the Interrogatory with such non-privileged information as is responsive, identify the nature of the information withheld as privileged, protected or immune, and specify the basis for Your claim of privilege, protection or immunity.  If the basis for withholding information involves an agreement, such as a common-interest agreement or joint-defense agreement, identify and produce a copy of such agreement.

7.      If You find the meaning of any term in any Interrogatory unclear, without waiver of right to seek a full and complete answer to the Interrogatory, assume a reasonable meaning,

state with particularity what that assumed meaning is, and answer the Interrogatory according to the assumed meaning.

8.    The singular form of any noun or pronoun includes the plural, and vice versa.

9.    The use of any tense of any verb includes within its meaning all other tenses of that verb.

10.    Unless otherwise indicated, the time period covered by these Interrogatories is March 5, 2019 to the present, and shall encompass all Documents, Communications and information relating to in whole or in part such period, or relating to events or circumstances during such period, even if the Document, Communication or information is dated, prepared, generated, or received prior to or subsequent to that period.

11.    These Interrogatories shall be deemed continuing in nature.  You are therefore required to supplement your response in the event that You obtain or discover additional information or Documents between the time of Your initial response and the time of hearing or trial in the action.  This paragraph shall not be construed to alter Your obligations to comply with all other instructions herein.

12.    Questions  or  concerns  may  be  directed  to  Adam  J.  Goldberg (adam.goldberg@lw.com) and Nima H. Mohebbi (nima.mohebbi@lw.com).

### III.    <u>INTERROGATORIES</u>

1.    Identify any and all agreements (whether formal or informal, written or oral, or otherwise) between 3AC and FTX that gave rise to 3AC's negative U.S. Dollar balances reflected in  FTX_3AC_000000038, [2]  including  without  limitation  any  loan  agreements,  security

---

[2]    Document references used in these interrogatories reflect the labels assigned to such documents in the dataset produced to the Foreign Representatives and their advisors by the FTX advisors in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024.

agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar documents.

2.      Identify any and all FTX entities that at any point in time had any agreement (whether formal or informal, written or oral, or otherwise) with 3AC, including without limitation lending counterparties and FTX entities holding any Assets of 3AC (whether on a custodial basis or otherwise).

3.      With respect to each FTX entity identified in response to Interrogatory No. 2, identify (i) the nature of the relationship between 3AC and such entity and (ii) any agreements or Documents relating to such relationship.

4.      Confirm whether the proceeds of the BTC 15,250 and USDC 350,000,000 loans referenced in FTX_3AC_000013546 and FTX_3AC_000013547 were paid to 3AC.

5.      In a format similar to FTX_3AC_000000038, provide the Daily Value, in U.S. Dollar, for the period between January 1, 2022 and July 31, 2022, of each derivative contract between 3AC and FTX, including without limitation any derivative contract listed in FTX_3AC_000000002 and for which the "pair" column (as identified in Column J of FTX_3AC_000000002) ends in "-PERP" or with a particular date.

**<u>EXHIBIT 8</u>**

| | |
|---|---|
| **From:** | Ikeda, Tiffany (CC) |
| **Sent:** | Wednesday, July 10, 2024 7:29 PM |
| **To:** | Beller, Benjamin S.; Glueckstein, Brian D.; Liu, Sienna |
| **Cc:** | Goldberg, Adam (NY); ~Mohebbi, Nima; Harris, Christopher (NY); Taousse, Nacif (NY); Zhao, Zijun (NY) |
| **Subject:** | FTX/3AC |
| **Attachments:** | Attachments.zip |

Counsel,

In light of your recent objection to 3AC's claims, we are hereby re-serving the discovery requests we sent you on July 2 under the contested matter rules.  Please let us know by **July 12, 2024** if the FTX Debtors will voluntarily agree to produce the requested documents and information.  If the FTX Debtors will not voluntarily agree to respond and produce all requested documents and information, then please let us know when you are available to meet and confer on **July 12**.

Tiffany


**Tiffany M. Ikeda**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Direct Dial: +1.424.653.5416
Email: tiffany.ikeda@lw.com
https://www.lw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                                          :
In re:                                                    :    Chapter 11
                                                          :
FTX TRADING LTD., et al.,¹                                :    Case No. 22-11068 (JTD)
                                                          :
                   Debtors.                               :    (Jointly Administered)
                                                          :
-------------------------------------------------------- x
```

**NOTICE OF DEPOSITION OF THE DEBTORS**
**PURSUANT TO FED. R. CIV. P. 30(B)(6)**

PLEASE TAKE NOTICE that, in connection with the above-captioned proceeding, Russell

Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign

representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("3AC"), will take

the deposition of FTX Trading Ltd. and its debtor affiliates (collectively, the "Debtors"), on

**July 22, 2024 starting at 9:00 a.m. Eastern Time**, at the offices of Latham & Watkins LLP, 1271

Avenue of the Americas, New York, NY 10020, or at a date, time and location that is mutually

agreeable to the parties.

The deposition will be taken upon oral examination by a person authorized to administer

oaths and will be recorded by video and stenographic means, including Real Time.  In accordance

with the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure, this

deposition will be taken for the purpose of discovery and/or used as evidence in connection with

the above-captioned proceeding.

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and
      4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the
      FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete
      list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at
      https://cases.ra.kroll.com/FTX.

Pursuant to Rule 30(b)(6), the Debtors shall designate one or more persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A attached hereto.  The person(s) the Debtors designate must testify about information known or reasonably available to the Debtors.  The Foreign Representatives request that the Debtors provide written notice, at least five (5) business days in advance of the deposition, of: (1) the name(s) of each designee who has consented to testify on behalf of the Debtors; (2) the job title of each such person; and (3) the topic(s) set forth in Exhibit A upon which each such person will testify.

Dated: July 10, 2024
Wilmington, Delaware

/s/ *Nima H. Mohebbi*

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
         tiffany.ikeda@lw.com

Christopher Harris (admitted *pro hac vice*)
Adam J. Goldberg (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  chris.harris@lw.com
         adam.goldberg@lw.com
         nacif.taousse@lw.com

– and –

John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Facsimile: (732) 852-2482
Email:  jweiss@pashmanstein.com
         jbarsalona@pashmanstein.com
         agambale@pashmanstein.com

*Counsel to the Foreign Representatives
of Three Arrows Capital, Ltd.*

## Exhibit A

**DEFINITIONS**

For the purposes of these topics on which deposition testimony is sought, the following definitions shall apply.  These definitions are to be construed in the broadest sense with reference to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

1.    "3AC" shall mean and refer to Three Arrows Capital, Ltd., incorporated as a business under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu.

2.    "Accounts" shall mean any arrangement by which FTX holds funds on behalf of a client, such as 3AC, including without limitation account numbers 2338882 and 2598353 and all associated sub-accounts, in each case as referenced in FTX_3AC_000000038.  Associated sub-accounts for account 2338882 include 2338882, 3456003, 6382230, 6382315, 6382349, 6382366, 14924237, 15088151, 25046802, 63381564, 5571313, 95610062, 15736837, and associated sub-accounts for account 2598353 include 2598353, 2886265, 2890923, 2897026, 2901854, 2905662, 2921251, 2941022, 2947941, 3097575, 114006799, 114006867, 125489381, 125489415, 125489500, 3097575.

3.    "Assets" shall mean any currency (including U.S. Dollars), virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of the same.

4.    "Communication" shall mean transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.      The term "<u>concerning</u>," when referring to any given subject matter, shall mean without limitation any information or document that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, assesses, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is any way relevant to the particular subject matter identified.

6.      "<u>Daily Value</u>" shall mean, with respect to any particular contract and on any particular date, the amounts owed by FTX to 3AC *minus* the amounts owed by 3AC to FTX, in each case under such contract if it were to be liquidated on that particular date.

7.      "<u>Debtors</u>," "<u>FTX</u>," "<u>You</u>," or "<u>Your</u>" shall mean and refer to FTX Trading Ltd. and/or their affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on Your behalf.

8.      "<u>Person</u>" shall mean a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

## **<u>TOPICS ON WHICH DEPOSITION TESTIMONY IS SOUGHT</u>**

1.      The Debtors' relationships, contracts, and agreements with 3AC.

2.      3AC's Accounts with Debtors.

3.      3AC's Assets in its Accounts with Debtors.

4.      Any of 3AC's Assets otherwise held by the Debtors.

5.      3AC's negative USD balances reflected in FTX_3AC_000000038,[2] including without limitation any loan agreements, security agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar documents related thereto.

6.      Debtors' trading activities and lending relationship(s) with 3AC, including without limitation all transfers, payments, and loans between the Debtors and 3AC.

7.      Any basis purporting to grant FTX a security interest in any of 3AC's Assets or to perfect any such security interest.

8.      Any purported pledge, perfection, foreclosure, exercise of remedies, sale, transfer, liquidation, or other efforts by FTX to take possession, control, or ownership of any of 3AC's Assets or of the proceeds of such Assets.

9.      Any transactions, including without limitation any sales, liquidations, or foreclosures by FTX, that resulted in the disposition of USD 1.015 billion in tokens from June 12, 2022 to June 15, 2022, as reflected in FTX_3AC_000000038.

10.     Transaction data relating to the Daily Value, in U.S. Dollar, for the period between January 1, 2022 and July 31, 2022, of each derivative contract between 3AC and FTX, including without limitation any derivative contract listed in FTX_3AC_000000002 and for which the "pair" column (as identified in Column J of FTX_3AC_000000002) ends in "-PERP" or with a particular date.

---

[2]      Document references used in these topics reflect the labels assigned to such documents in the dataset produced to the Foreign Representatives and their advisors by the FTX advisors in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024.

11.    Transactional data evidencing any payments and any agreements (whether formal or informal, written or oral, or otherwise) concerning the BTC 15,250 and USDC 350,000,000 loans, referenced in FTX_3AC_000013546 and FTX_3AC_000013547.

12.    Your policies, procedures, practices, and methodologies concerning the valuation of 3AC's Assets in any Accounts with FTX.

13.    Your knowledge of 3AC's finances, including without limitation its solvency, its assets, its liabilities, and its ability to pay its debts when they became due.

14.    All negotiations and agreements between You and 3AC.

15.    The manner and method in which business records are kept and maintained by You.

16.    How and where the search for each of the records requested in the Foreign Representatives' Requests for Production to You was conducted.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                        :

In re:                      :   Chapter 11
                        :

FTX TRADING LTD., *et al.*,[1]   :   Case No. 22-11068 (JTD)
                        :

          Debtors.       :   (Jointly Administered)
                        :
---------------------------------------------------------- x

**THE FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S**
**FIRST SET OF INTERROGATORIES DIRECTED TO THE DEBTORS**

     PLEASE TAKE NOTICE that, in connection with the above-captioned proceeding, pursuant to Federal Rule of Civil Procedure 33 made applicable by Federal Rules of Bankruptcy Procedure 7033 and 9014(c), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("3AC"), hereby demand FTX Trading Ltd. and its debtor affiliates (collectively, the "Debtors") provide written responses to the following interrogatories (the "Interrogatories") no later than **5:00 p.m. Eastern Time on July 15, 2024**, or at a date and time mutually agreeable to the parties.

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## I.    DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.    "3AC" refers to Three Arrows Capital, Ltd., incorporated as a business company under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu.

2.    "Assets" shall mean any currency (including U.S. Dollars), virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of the same.

3.    "Communication" shall mean transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.    "Daily Value" shall mean, with respect to any particular contract and on any particular date, the amounts owed by FTX to 3AC *minus* the amounts owed by 3AC to FTX, in each case under such contract if it were to be liquidated on that particular date.

5.    "Documents" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any tangible thing and any correspondence, memorandum, writing, Communication, electronically stored information, drawing, graph, chart, record, tape, message, note, calendar, diary, log, envelope, email, and facsimile transmission, whether printed or recorded or reproduced by any mechanical,

photographic, xerographic, or electronic process, or written or produced by hand, and including, but not limited to, any information contained in any computer or reasonably accessible computer memory or memory media, although not yet printed.  A draft or non-identical copy is a separate Document within the meaning of this term.

6.      "Debtors," "FTX," "You" and "Your" shall mean and refer to FTX Trading Ltd. and/or their affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on Your behalf.

7.      "Person" includes both the plural and the singular, and means any natural person(s) or legal entities, including, without limitation, any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity.

8.      The term "relating to" shall mean evidencing, constituting, reflecting, concerning, regarding, supporting, negating, contradicting, bearing upon, touching upon, incorporating, affecting, including, pertaining to, summarizing or in any way logically or factually connected with the subject matter of the inquiry or Interrogatories (whether directly, indirectly, or in any other way).

## II.   **INSTRUCTIONS**

1.      For each Interrogatory, identify each Person (other than Your attorneys) who assisted in the preparation of Your answer to the Interrogatory, and all Documents or things that were referenced or relief upon in the preparation of Your answer to the Interrogatory.

2.      In answering these Interrogatories, state all information available to You or otherwise within Your possession, custody, and/or control, and not merely information within Your personal knowledge.  If You do not have sufficient knowledge to respond fully to an

Interrogatory, you must make a reasonable, good faith effort to obtain the information necessary to do so.

3.      If You cannot respond fully to an Interrogatory after exercising due diligence to obtain the information necessary to do so, answer to the extent possible, state with particularity Your inability to answer the remainder, and state with particularity whatever information or knowledge You have relating to the unanswered portion.

4.      If information that falls within the scope of an Interrogatory was lost or destroyed, describe with particularity the information (type, subject matter, etc.) that has been lost or destroyed, and explain the circumstances relating to the loss or destruction of such information, including the date on which the information was lost or destroyed, and the manner of its loss or destruction.

5.      If You object to any part of any Interrogatory, answer all parts of such Interrogatory to which You do not object, and, as to each part to which You do object, set forth the specific basis for Your objection.

6.      If You object to an Interrogatory on the grounds of privilege, work-product protection or any other privilege, protection or immunity, answer the Interrogatory with such non-privileged information as is responsive, identify the nature of the information withheld as privileged, protected or immune, and specify the basis for Your claim of privilege, protection or immunity.  If the basis for withholding information involves an agreement, such as a common-interest agreement or joint-defense agreement, identify and produce a copy of such agreement.

7.      If You find the meaning of any term in any Interrogatory unclear, without waiver of right to seek a full and complete answer to the Interrogatory, assume a reasonable meaning,

4

state with particularity what that assumed meaning is, and answer the Interrogatory according to the assumed meaning.

8.      The singular form of any noun or pronoun includes the plural, and vice versa.

9.      The use of any tense of any verb includes within its meaning all other tenses of that verb.

10.     Unless otherwise indicated, the time period covered by these Interrogatories is March 5, 2019 to the present, and shall encompass all Documents, Communications and information relating to in whole or in part such period, or relating to events or circumstances during such period, even if the Document, Communication or information is dated, prepared, generated, or received prior to or subsequent to that period.

11.     These Interrogatories shall be deemed continuing in nature.  You are therefore required to supplement your response in the event that You obtain or discover additional information or Documents between the time of Your initial response and the time of hearing or trial in the action.  This paragraph shall not be construed to alter Your obligations to comply with all other instructions herein.

12.     Questions   or   concerns   may   be   directed   to   Adam   J.   Goldberg (adam.goldberg@lw.com) and Nima H. Mohebbi (nima.mohebbi@lw.com).

**III.   <u>INTERROGATORIES</u>**

1.      Identify any and all agreements (whether formal or informal, written or oral, or otherwise) between 3AC and FTX that gave rise to 3AC's negative U.S. Dollar balances reflected in  FTX_3AC_000000038,[2]  including  without  limitation  any  loan  agreements,  security

---

[2]      Document references used in these interrogatories reflect the labels assigned to such documents in the dataset produced to the Foreign Representatives and their advisors by the FTX advisors in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024.

agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar documents.

2.       Identify any and all FTX entities that at any point in time had any agreement (whether formal or informal, written or oral, or otherwise) with 3AC, including without limitation lending counterparties and FTX entities holding any Assets of 3AC (whether on a custodial basis or otherwise).

3.       With respect to each FTX entity identified in response to Interrogatory No. 2, identify (i) the nature of the relationship between 3AC and such entity and (ii) any agreements or Documents relating to such relationship.

4.       Confirm whether the proceeds of the BTC 15,250 and USDC 350,000,000 loans referenced in FTX_3AC_000013546 and FTX_3AC_000013547 were paid to 3AC.

5.       In a format similar to FTX_3AC_000000038, provide the Daily Value, in U.S. Dollar, for the period between January 1, 2022 and July 31, 2022, of each derivative contract between 3AC and FTX, including without limitation any derivative contract listed in FTX_3AC_000000002 and for which the "pair" column (as identified in Column J of FTX_3AC_000000002) ends in "-PERP" or with a particular date.

Dated: July 10, 2024              /s/ *Nima H. Mohebbi*
       Wilmington, Delaware

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
       tiffany.ikeda@lw.com

Christopher Harris (admitted *pro hac vice*)
Adam J. Goldberg (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  chris.harris@lw.com
       adam.goldberg@lw.com
       nacif.taousse@lw.com

– and –

John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Facsimile: (732) 852-2482
Email:  jweiss@pashmanstein.com
       jbarsalona@pashmanstein.com
       agambale@pashmanstein.com

*Counsel to the Foreign Representatives
of Three Arrows Capital, Ltd.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------- x

In re:                                                  :  Chapter 11
                                                        :
FTX TRADING LTD., *et al.*,[1]                          :  Case No. 22-11068 (JTD)
                                                        :
            Debtors.                                    :  (Jointly Administered)
                                                        :
----------------------------------------------------------- x

## THE FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS <u>DIRECTED TO THE DEBTORS</u>

PLEASE TAKE NOTICE that, in connection with the above-captioned proceeding, pursuant to Federal Rule of Civil Procedure 34 made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7034 and 9014(c), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "<u>Foreign Representatives</u>") of Three Arrows Capital, Ltd. ("<u>3AC</u>"), hereby demand FTX Trading Ltd. and its debtor affiliates (collectively, the "<u>Debtors</u>") provide written responses to the following requests for production (the "<u>Requests</u>"), and produce the documents at the offices of Pashman Stein Walder Hayden, P.C., 824 North Market Street, Suite 800, Wilmington, DE 19801 no later than **5:00 p.m. Eastern Time on July 15, 2024**, or at a date, time, and location that is mutually agreeable to the parties.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## I.    <u>DEFINITIONS</u>

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.      "<u>3AC</u>" refers to Three Arrows Capital, Ltd., incorporated as a business company under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu.

2.      "<u>Assets</u>" shall mean any currency, virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of the same.

3.      "<u>Communication</u>" shall mean transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.      "<u>Daily Value</u>" shall mean, with respect to any particular contract and on any particular date, the amounts owed by FTX to 3AC *minus* the amounts owed by 3AC to FTX, in each case under such contract if it were to be liquidated on that particular date.

5.      "<u>Document</u>" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any tangible thing and any correspondence, memorandum, writing, Communication, electronically stored information, drawing, graph, chart, record, tape, message, note, calendar, diary, log, envelope, email, and facsimile transmission, whether printed or recorded or reproduced by any mechanical,

2

photographic, xerographic, or electronic process, or written or produced by hand, and including, but not limited to, any information contained in any computer or reasonably accessible computer memory or memory media, although not yet printed.  A draft or non-identical copy is a separate Document within the meaning of this term.

6.      "Debtors," "FTX," "You," or "Your" shall mean and refer to FTX Trading Ltd. and its debtor affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on Your behalf.

7.      "Person" includes both the plural and the singular, and means any natural person(s) or legal entities, including, without limitation, any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity.

8.      The term "relating to" shall mean evidencing, constituting, reflecting, concerning, regarding, supporting, negating, contradicting, bearing upon, touching upon, incorporating, affecting, including, pertaining to, summarizing or in any way logically or factually connected with the subject matter of the inquiry or Request (whether directly, indirectly, or in any other way).

## II.      **INSTRUCTIONS**

1.      These Requests are continuing in nature, and to the extent that Your responses may be enlarged, diminished, corrected, or otherwise modified by information that You obtain, discover, or become aware of, subsequent to the production of Your initial responses hereto, You are required to promptly produce supplemental responses.

2.      Each of these Requests shall be construed independently and shall not be limited by any other Request, except that Documents responsive to more than one request need be produced only once.

3.      If, in answering these Requests, You claim that any Request, or a definition or instruction applicable thereto, is ambiguous, You may not use such a claim as a basis for refusing to respond, but rather, must set forth as part of the response the language You claim is ambiguous and the interpretation You have used to respond to the individual Request.

4.      In answering and responding to these Requests, You shall furnish information and Documents in Your possession, custody, or control, including, but not limited to, information that is in the possession, custody, or control of Your employees, agents, investigators, consultants, representatives, attorneys (subject to any otherwise applicable privileges), assignors, or any other person within Your control.  Possession, custody, or control includes constructive possession such that the Person need not have actual physical possession.  As long as the Person has a superior right or practical ability to compel production from a third party (including any agency, authority or representative), the Person has possession, custody or control over the information.  For any requested Document no longer in Your possession, custody, or control, state what disposition was made of the Document and the date of such disposition and identify all Persons having knowledge of the Document's contents.  For any requested Document that has been destroyed, identify the Document that has been destroyed, and state when the Document was destroyed, why it was destroyed, by whom it was destroyed, and all Persons who participated in or were involved in making the decision to destroy it.

5.      Each Document requested herein is to be produced in its entirety, without deletion or redactions (except for privileged matter, as set forth in the Instructions below), regardless of whether You consider the entire Document to be relevant or responsive to these Requests.

6.      In producing Documents, all Documents that are physically attached to each other (including attachments to emails or embedded Documents) are requested to be produced in that

form regardless of whether the attached Documents are otherwise requested herein. Documents that are segregated or separated from other Documents, whether by inclusion in folders, binders, files, sub-files or by use of dividers, tabs, or any other method, are requested to be produced in that form.

7.    All Documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals.

8.    If any Document is subject to a claim of privilege, protection, immunity, or otherwise, but such Document also contains non-privileged or protected material that is responsive to the Request, the Document shall be produced with all privileged or protected content redacted, and the Document shall also be identified on a privilege log (i) expressly claiming the applicable privilege, protection or immunity, (ii) identifying the specific privilege, protection or immunity being claimed, and (ii) describing the nature of the Documents, Communications, or tangible things not produced or disclosed in a manner that, without revealing information that is itself privileged or protected, will enable other parties to assess the claim to privilege, protection and/or immunity.

9.    For purposes of interpreting or construing the scope of these Requests, all terms shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

(a)    Construing "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the Request more inclusive and bring within the scope of the Request any information that might otherwise be construed to be outside the scope of the Request;

(b)     Construing the singular form of the word to include the plural, and the plural form to include the singular;

(c)     Construing the masculine to include the feminine, and vice versa;

(d)     Construing the term "including" to mean "including but not limited to" and construing the term "all" to mean "any and all," and vice versa;

(e)     Construing the term "each" to include "every," and construing "every" to include "each";

(f)     Construing the use of a verb in any tense as the use of the verb in all other tenses; and

(g)     Construing and interpreting all spelling, syntax, grammar, abbreviations, idioms, and proper nouns to give proper meaning and consistency to their context.

10.     Unless otherwise indicated, the time period covered by these Requests is March 5, 2019 to the present and shall encompass all Documents, Communications, and information relating to in whole or in part such period, or relating to events or circumstances during such period, even though dated, prepared, generated, or received prior to or subsequent to that period.

11.     Questions   or   concerns   may   be   directed   to   Adam   J.   Goldberg (adam.goldberg@lw.com) and Nima H. Mohebbi (nima.mohebbi@lw.com).

### III.    DOCUMENT REQUESTS

1.     All Documents and Communications relating to agreements (whether formal or informal, written or oral, or otherwise) between 3AC and FTX that gave rise to 3AC's negative U.S. Dollar balances reflected in FTX_3AC_000000038,[2] including without limitation any loan

---

[2]     Document references used in these requests reflect the labels assigned to such documents in the dataset produced to the Foreign Representatives and their advisors by the FTX advisors in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024.

agreements, security agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar Documents.

2.      All Documents and Communications purporting to grant FTX a security interest in any of 3AC's Assets.

3.      All Documents and Communications purporting to perfect any such security interest described in Request No. 2.

4.      All Documents and Communications relating to any agreement (whether formal or informal, written or oral, or otherwise) between FTX and 3AC, including without limitation Documents and Communications relating to (i) lending transactions between FTX and 3AC and (ii) arrangements pursuant to which any FTX entity holds any Assets of 3AC (whether on a custodial basis, as purported collateral, or otherwise).

5.      All Documents and Communications relating to the transactions (including without limitation any sales, liquidations, or purported foreclosures by FTX) that resulted in the disposition of 1.015 billion U.S. Dollars in tokens from June 12, 2022 to June 15, 2022, as reflected in FTX_3AC_000000038.

6.      All transaction data relating to the Daily Value, in U.S. Dollar, for the period between January 1, 2022 and July 31, 2022, of each derivative contract between 3AC and FTX, including without limitation any derivative contract listed in FTX_3AC_000000002 and for which the "pair" column (as identified in Column J of FTX_3AC_000000002) ends in "-PERP" or with a particular date.

7.      All transactional data evidencing, in any respect, any payments and any agreements (whether formal or informal, written or oral, or otherwise) relating to the BTC 15,250 and USDC 350,000,000 loans referenced in FTX_3AC_000013546 and FTX_3AC_000013547.

Dated:  July 10, 2024
    Wilmington, Delaware

/s/ *Nima H. Mohebbi*

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
       tiffany.ikeda@lw.com

Christopher Harris (admitted *pro hac vice*)
Adam J. Goldberg (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  chris.harris@lw.com
       adam.goldberg@lw.com
       nacif.taousse@lw.com

– and –

John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Facsimile: (732) 852-2482
Email:  jweiss@pashmanstein.com
       jbarsalona@pashmanstein.com
       agambale@pashmanstein.com

*Counsel to the Foreign Representatives*
*of Three Arrows Capital, Ltd.*