## EXHIBIT 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

### DEBTORS' RESPONSES AND OBJECTIONS TO THE FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S (I) FIRST SET OF INTERROGATORIES; (II) FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS; AND (III) NOTICE OF DEPOSITION

Pursuant to Rules 26, 30, 33 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these chapter 11 proceedings by Rules 7026, 7030, 7033, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other applicable law, rules, or orders of the Court (collectively, the "Applicable Rules"), FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by their undersigned attorneys, hereby submit these responses and objections (the "Responses") to (i) *The Foreign Representatives of Three Arrows Capital, Ltd.'s First Set of Interrogatories Directed to the Debtors* (the "Interrogatories"); (ii) *The Foreign Representatives of Three Arrows Capital, Ltd.'s First Set of Requests for the Production of Documents Directed to the Debtors* (the "Document Requests")[2]; and (iii) *Notice of Deposition of the Debtors Pursuant*

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Document Requests.

*to Fed. R. Bankr. P. 2004* (the "Deposition Notice," and together with the Interrogatories and the Documents Requests, the "Discovery"), each dated July 10, 2024 and served by Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("3AC"), in connection with the *Debtors' Objection to Proofs of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.* [D.I. 19797] (the "Claim Objection").

## GENERAL OBJECTIONS

The general objections set forth below (the "General Objections") apply to the Discovery generally and to each definition in the Discovery (the "Definitions"), each instruction in the Discovery (the "Instructions"), Document Request, Interrogatory, and Topic, and unless otherwise stated, shall have the same force and effect as if fully set forth in response to each Definition, Instruction, Document Request, Interrogatory, and Topic.  Any objection to a Definition or Instruction shall also apply to any other Definition, Instruction, Document Request, Interrogatory, or Topic that incorporates that Definition or Instruction.  No response to any specific Document Request, Interrogatory, or Topic is, or shall be deemed to be, a waiver of the General Objections or the specific objections set forth below.  The fact that an objection is not listed herein does not, and shall not, constitute a waiver of that objection or otherwise preclude the Debtors from raising that objection at a later time.

1. The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, or seek information that is neither relevant to nor proportional to the needs of the Claim Objection or any party's claim or defense in connection with the Claim Objection.  The Debtors will construe the Discovery and accompanying Definitions and Instructions in accordance with the Debtors' obligations under the Applicable Rules.

2.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they purport to impose on the Debtors any burden or obligation that is broader than, or inconsistent with, the permissible scope of discovery under the Applicable Rules.  The Debtors will construe the Discovery and accompanying Definitions and Instructions in accordance with the Debtors' obligations under the Applicable Rules.

3.      The Debtors object to the Discovery to the extent it is duplicative of, or otherwise inconsistent with, the voluminous informal discovery provided by the Debtors to the Foreign Representatives of 3AC at significant burden and expense to the Debtors and their estates.

4.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege, or that is otherwise protected from disclosure under the Applicable Rules.  Nothing contained in these Responses is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection. Specific Objections on the grounds of privilege, if any, are provided for clarity only, and the absence of a Specific Objection is neither intended to be, nor should be interpreted as, evidence that the Debtors do not object to a Document Request, Interrogatory or Topic on the basis of an applicable privilege, immunity, or protection.

5.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek production of information that is a matter of public record and/or information that is equally available to the Foreign Representatives of 3AC, or otherwise more appropriately directed to another party or person.

6.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek documents or information outside of the Debtors' possession, custody, or control.

7.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek the production of trade secrets or other information that is confidential, proprietary, commercially sensitive, competitively significant, or personal in nature relating to the Debtors, their affiliates, and their current or former officers, directors, employees and/or advisors, clients, customers, or counterparties.  The Debtors' production of any documents in response to the Requests shall be subject to the terms of the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 832].

8.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they purport to require the Debtors to conduct anything beyond a reasonable search of readily accessible sources where responsive documents or information, including electronically stored information, are reasonably expected to be found.

9.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they purport to require the Debtors to draw legal or factual conclusions, or are predicated on legal or factual conclusions or arguments.  No response to any specific Document Request, Interrogatory, or Topic is, or shall be construed as, a legal or factual conclusion concerning any of the terms used in the Document Request, Interrogatory, or Topic.

10.     The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  No response to any specific Document Request, Interrogatory,

or Topic is, or shall be construed as, an admission that any factual predicate stated in the Document Request, Interrogatory, or Topic is accurate.

11.    No incidental or implied admissions are intended by the objections herein, nor shall the fact that the Debtors have objected or responded, or not objected or responded, to a particular Document Request, Interrogatory, or Topic be construed as an admission or indication that the Debtors possess documents responsive to such Document Request, Interrogatory, or Topic, or any other Document Request, Interrogatory or, Topic.  Similarly, a statement that the Debtors will produce documents in a response to a Document Request does not constitute a representation that responsive documents exist, but only that responsive documents will be produced if they exist, can be located through a reasonable search, and are not otherwise protected from disclosure.

12.    The Debtors reserve all objections that may be available to them at any hearing or trial or on any motion to the use or admissibility of any material produced.

13.    These Responses are based solely on facts reasonably known to the Debtors at the time of responding to the Discovery.  The Debtors reserve the right, but do not assume the obligation, to amend, supplement, or otherwise modify the content of these Responses at any time.

## **OBJECTIONS TO DEFINITIONS**

14.    The Debtors object to each of the Definitions, and to any Definition, Instruction, Document Request, Interrogatory or Topic that incorporates the Definition, to the extent that the Definition purports to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or pursuant to the Applicable Rules.

15.    The Debtors object to the Definitions of "Communication," "Document" or "Documents," "concerning" and "relating to," and to any Definition, Instruction, Document Request, Interrogatory or Topic that incorporates one of those Definitions, to the extent that they

purport to impose burdens or obligations on the Debtors that are broader than, inconsistent with, or not authorized by the Applicable Rules.

16.     The Debtors object to the Definition of "Debtors," "FTX," "You" or "Your," and to any Definition, Instruction, Document Request, Interrogatory or Topic that incorporates that Definition, as overly broad, vague, and unduly burdensome to the extent it includes "any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting Your behalf" or purports to seek information regarding non-Debtors.  The Debtors further object to this Definition, and to any Definition, Instruction, Document Request, Interrogatory or Topic that incorporates that Definition, to the extent that it encompasses third parties and/or information that is not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

17.     The Debtors object to the Definition of "3AC" and to any Definition, Instruction, Document Request, Interrogatory or Topic that incorporates that Definition, as overly broad, vague, and unduly burdensome to the extent that the Definition includes "any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu."  The Debtors further object to this Definition, and to any Definition, Instruction, Document Request, Interrogatory or Topic that incorporates that Definition, to the extent that it encompasses third parties and/or information that is not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected

from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

18.     The Debtors object to the Definition of "Person," and to any Definition, Instruction, Document Request, Interrogatory or Topic that incorporates that Definition, as overly broad, vague, and unduly burdensome to the extent that the Definition includes "any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity." The Debtors further object to this Definition, and to any Definition, Instruction, Document Request, Interrogatory or Topic that incorporates that Definition, to the extent that it encompasses third parties and/or information that is not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

## OBJECTIONS TO INSTRUCTIONS TO INTERROGATORIES

19.     The Debtors object to the following instructions to the Interrogatories (the "Interrogatory Instructions"). The failure to object to any of the Interrogatory Instructions shall not be deemed a waiver of any objections, nor a concession that any of such instructions are appropriate.

20.     The Debtors further object to the Interrogatory Instructions, and to each Interrogatory incorporating any such Interrogatory Instructions, to the extent that they purport to impose burdens or obligations on the Debtors that are broader than, inconsistent with, or not authorized by the Applicable Rules.

21.     The Debtors object to Interrogatory Instruction Nos. 1, 3, 4, 6, and 10 and to each Interrogatory incorporating any such Interrogatory Instruction as overly broad and unduly burdensome.

22.     The Debtors further object to Interrogatory Instruction Nos. 1 and 7, and to each Interrogatory incorporating any such Interrogatory Instructions, as vague and ambiguous, in particular its inclusion of "assisted in" and "reasonable."

## OBJECTIONS TO INSTRUCTIONS TO DOCUMENT REQUESTS

23.     The Debtors object to the following instructions to the Document Requests (the "RFP Instructions").  The failure to object to any of the RFP Instructions shall not be deemed a waiver of any objections, nor a concession that any of such instructions are appropriate.

24.     The Debtors object to the RFP Instructions to the extent they seek to impose requirements on the Debtors that are unreasonable, unduly burdensome, non-customary or greater than those imposed by the Applicable Rules.

25.     The Debtors object to RFP Instruction Nos. 4, 8, and 10 and to each specific Document Request incorporating any such RFP Instruction as overly broad and unduly burdensome.  The Debtors further object to these RFP Instructions, and to each specific Request incorporating any such RFP Instructions, to the extent that they purport to impose burdens or obligations on the Debtors that are broader than, inconsistent with, or not authorized by the Applicable Rules.

26.     The Debtors further object to RFP Instruction No. 4 and 5 and to each specific Document Request incorporating any such RFP Instructions, as vague and ambiguous, in particular its inclusion of "constructive possession," "superior right or practical ability," and "deletion or redactions."

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories, which are hereby expressly incorporated into each of the following specific objections and responses as if fully set forth therein, the Debtors respond to the Interrogatories as follows:

## INTERROGATORY NO. 1

Identify any and all agreements (whether formal or informal, written or oral, or otherwise) between 3AC and FTX that gave rise to 3AC's negative U.S. Dollar balances reflected in FTX_3AC_000000038,[3] including without limitation any loan agreements, security agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar documents.

## RESPONSE TO INTERROGATORY NO. 1

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories as set forth above. The Debtors also object to this Interrogatory on the basis that the term "gave rise to" is vague and ambitious, undefined and capable of multiple meanings and interpretations, and therefore this Interrogatory purports to impose an obligation on the Debtors to ascertain its intended scope and meaning. The Debtors further object to this Interrogatory to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. In addition, the Debtors object to this Interrogatory to the extent it is duplicative of Interrogatory No. 3.

The Debtors refer the Foreign Representatives to materials previously produced by the Debtors to 3AC as part of the informal information exchange between the parties, along with

---

[3]    Document references used in these interrogatories reflect the labels assigned to such documents in the dataset produced to the Foreign Representatives and their advisors by the FTX advisors in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024.

the supplemental discussions and explanations provided by the Debtors and their financial advisors

in connection therewith (the "Informal Discovery") and in particular, (1) that certain loan and

security agreement dated October 22, 2021 between 3AC and FTX Trading, previously produced

bearing production numbers FTX_3AC_000000075 through FTX_3AC_000000095; and (2) that

certain line of credit agreement dated March 30, 2022 between 3AC, previously produced bearing

production numbers FTX_3AC_000000758 through FTX_3AC_000000763.  The Debtors further

refer the Foreign Representatives to the additional materials that will be produced to 3AC pursuant

to the Document Requests.

## INTERROGATORY NO. 2

Identify any and all FTX entities that at any point in time had any agreement (whether formal or informal, written or oral, or otherwise) with 3AC, including without limitation lending counterparties and FTX entities holding any Assets of 3AC (whether on a custodial basis or otherwise).

## RESPONSE TO INTERROGATORY NO. 2

The Debtors incorporate by reference the General Objections, Objections to

Definitions, and Objections to Instructions to Interrogatories as set forth above.  The Debtors also

object to this Interrogatory to the extent it seeks information that is not relevant and/or because the

burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign

Representatives to the agreements between 3AC and FTX Trading identified in the Response to

Interrogatory No. 1.  The Debtors are not aware of any other commercial relationship or

agreements between the prepetition Debtors and 3AC.

## INTERROGATORY NO. 3

With respect to each FTX entity identified in response to Interrogatory No. 2, identify (i) the nature of the relationship between 3AC and such entity and (ii) any agreements or Documents relating to such relationship.

## RESPONSE TO INTERROGATORY NO. 3

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories as set forth above.  The Debtors also object to this Interrogatory to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.  The Debtors further object to this Interrogatory to the extent it is duplicative of Interrogatory No. 1.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Informal Discovery and the additional materials that will be produced to 3AC pursuant to the Document Requests.

## INTERROGATORY NO. 4

Confirm whether the proceeds of the BTC 15,250 and USDC 350,000,000 loans referenced in FTX_3AC_000013546 and FTX_3AC_000013547 were paid to 3AC.

## RESPONSE TO INTERROGATORY NO. 4

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories as set forth above.  The Debtors also object to this Interrogatory to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors respond that the loans referenced in this Interrogatory were loans made by Voyager Digital, Ltd. and/or its affiliates ("Voyager") to 3AC, which bear no relation to any relationship or matters between the Debtors and 3AC.  Voyager provided documents to the Debtors relating to Voyager's own lending relationships in connection with a potential transaction between the Debtors and Voyager.  The Debtors produced FTX_3AC_000013546 and FTX_3AC_000013547 in the context of Informal Discovery in response to the Foreign Representatives' request for the Debtors' assistance in

providing them with any materials in the Debtors' possession relating to 3AC's commercial relationships beyond the relationship between 3AC and FTX. The Debtors will not search for or produce additional materials related to these loans because they are not relevant to the Claim Objection or any other matter between 3AC and FTX and are therefore outside the scope of discovery.

## INTERROGATORY NO. 5

In a format similar to FTX_3AC_000000038, provide the Daily Value, in U.S. Dollar, for the period between January 1, 2022 and July 31, 2022, of each derivative contract between 3AC and FTX, including without limitation any derivative contract listed in FTX_3AC_000000002 and for which the "pair" column (as identified in Column J of FTX_3AC_000000002) ends in "-PERP" or with a particular date.

## RESPONSE TO INTERROGATORY NO. 5

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories as set forth above. The Debtors also object to this Interrogatory to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors further object to this Interrogatory to the extent it requires the Debtors to create new work-product.

Subject to and without waiver of their Objections, the Debtors respond that this information is in the possession of or otherwise available to 3AC through (1) data previously produced to 3AC contained in FTX_3AC_000000002; and (2) publicly available pricing information.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions to Document Requests, which are hereby expressly incorporated into each of the following specific objections and responses as if fully set forth therein, the Debtors respond to the Requests as follows:

**DOCUMENT REQUEST NO. 1**

All Documents and Communications relating to agreements (whether formal or informal, written or oral, or otherwise) between 3AC and FTX that gave rise to 3AC's negative U.S. Dollar balances reflected in FTX_3AC_000000038,[4] including without limitation any loan agreements, security agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar Documents.

**RESPONSE TO DOCUMENT REQUEST NO. 1**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request on the basis that the term "gave rise to" is vague and ambitious, undefined and capable of multiple meanings and interpretations, and therefore this Interrogatory purports to impose an obligation on the Debtors to ascertain its intended scope and meaning. The Debtors further object to this Document Request to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. In addition, the Debtors object to this Document Request to the extent it is duplicative of Document Request Nos. 2-4.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Debtors' Response to Interrogatory No. 1 and the Informal Discovery. To the extent not previously produced, the Debtors will produce any additional non-privileged documents responsive to this Document Request that the Debtors are able to locate after a reasonable search.

**DOCUMENT REQUEST NO. 2**

All Documents and Communications purporting to grant FTX a security interest in any of 3AC's Assets.

---

[4]    Document references used in these requests reflect the labels assigned to such documents in the dataset produced to the Foreign Representatives and their advisors by the FTX advisors in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors further object to this Document Request to the extent it is duplicative of Document Request Nos. 1, 3 and 4.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Debtors' Response to Interrogatory No. 1 and the Informal Discovery. To the extent not previously produced, the Debtors will produce any additional non-privileged documents responsive to this Document Request that the Debtors are able to locate after a reasonable search.

**DOCUMENT REQUEST NO. 3**

All Documents and Communications purporting to perfect any such security interest described in Request No. 2.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors further object to this Document Request to the extent it is duplicative of Document Request Nos. 1, 2 and 4.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Debtors' Response to Interrogatory No. 1 and the Informal Discovery. To

the extent not previously produced, the Debtors will produce any additional non-privileged documents responsive to this Document Request that the Debtors are able to locate after a reasonable search.

## DOCUMENT REQUEST NO. 4

All Documents and Communications relating to any agreement (whether formal or informal, written or oral, or otherwise) between FTX and 3AC, including without limitation Documents and Communications relating to (i) lending transactions between FTX and 3AC and (ii) arrangements pursuant to which any FTX entity holds any Assets of 3AC (whether on a custodial basis, as purported collateral, or otherwise).

## RESPONSE TO DOCUMENT REQUEST NO. 4

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors further object to this Document Request to the extent it is duplicative of Document Request Nos. 1-3.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Debtors' Response to Interrogatory No. 1 and the Informal Discovery. To the extent not previously produced, the Debtors will produce any additional non-privileged documents responsive to this Document Request that the Debtors are able to locate after a reasonable search.

## DOCUMENT REQUEST NO. 5

All Documents and Communications relating to the transactions (including without limitation any sales, liquidations, or purported foreclosures by FTX) that resulted in the disposition of 1.015 billion U.S. Dollars in tokens from June 12, 2022 to June 15, 2022, as reflected in FTX_3AC_000000038.

**RESPONSE TO DOCUMENT REQUEST NO. 5**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Informal Discovery. To the extent not previously produced, the Debtors will produce any additional non-privileged documents responsive to this Document Request that the Debtors are able to locate after a reasonable search.

**DOCUMENT REQUEST NO. 6**

All transaction data relating to the Daily Value, in U.S. Dollar, for the period between January 1, 2022 and July 31, 2022, of each derivative contract between 3AC and FTX, including without limitation any derivative contract listed in FTX_3AC_000000002 and for which the "pair" column (as identified in Column J of FTX_3AC_000000002) ends in "-PERP" or with a particular date.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors further object to this Document Request to the extent it requires the Debtors to create new work-product.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Debtors' Response to Interrogatory No. 5.

**DOCUMENT REQUEST NO. 7**

All transactional data evidencing, in any respect, any payments and any agreements (whether formal or informal, written or oral, or otherwise) relating to the BTC 15,250 and USDC 350,000,000 loans referenced in FTX_3AC_000013546 and FTX_3AC_000013547.

**RESPONSE TO DOCUMENT REQUEST NO. 7**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above. The Debtors also object to this Document Request to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Debtors' Response to Interrogatory No. 4.

## RESPONSES AND OBJECTIONS TO SPECIFIC TOPICS

Subject to and without waiving the foregoing General Objections and Objections to Definitions, which are hereby expressly incorporated into each of the following specific objections and responses as if fully set forth therein, the Debtors respond to the Topics as follows:

**TOPIC NO. 1**

The Debtors' relationships, contracts, and agreements with 3AC.

**RESPONSE TO TOPIC NO. 1**

The Debtors incorporate by reference the General Objections and Objections to Definitions as set forth above. The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad. The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Informal Discovery and the additional materials that will be produced to

3AC pursuant to the Document Requests. The Debtors are willing to meet and confer with the Foreign Representatives with respect to the appropriateness of a deposition and the appropriate scope of any such deposition.

**TOPIC NO. 2**

   3AC's Accounts with Debtors.

**RESPONSE TO TOPIC NO. 2**

   The Debtors incorporate by reference the General Objections and Objections to Definitions as set forth above. The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad. The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

   Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Informal Discovery and the additional materials that will be produced to 3AC pursuant to the Document Requests. The Debtors are willing to meet and confer with the Foreign Representatives with respect to the appropriateness of a deposition and the appropriate scope of any such deposition.

**TOPIC NO. 3**

   3AC's Assets in its Accounts with Debtors.

**RESPONSE TO TOPIC NO. 3**

   The Debtors incorporate by reference the General Objections and Objections to Definitions as set forth above. The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad. The Debtors further object to this Topic to the extent it seeks information that is and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Informal Discovery and the additional materials that will be produced to 3AC pursuant to the Document Requests. The Debtors are willing to meet and confer with the Foreign Representatives with respect to the appropriateness of a deposition and the appropriate scope of any such deposition.

**TOPIC NO. 4**

Any of 3AC's Assets otherwise held by the Debtors.

**RESPONSE TO TOPIC NO. 4**

The Debtors incorporate by reference the General Objections and Objections to Definitions as set forth above. The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad. The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Informal Discovery and the additional materials that will be produced to 3AC pursuant to the Document Requests. The Debtors are willing to meet and confer with the Foreign Representatives with respect to the appropriateness of a deposition and the appropriate scope of any such deposition.

**TOPIC NO. 5**

3AC's negative USD balances reflected in FTX_3AC_000000038,[5] including without limitation any loan agreements, security agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar documents related thereto.

---

[5]   Document references used in these topics reflect the labels assigned to such documents in the dataset produced to the Foreign Representatives and their advisors by the FTX advisors in four separate rounds on December 14, 2023, January 8, 2024, January 12, 2024, and January 20, 2024.

**RESPONSE TO TOPIC NO. 5**

The Debtors incorporate by reference the General Objections and Objections to Definitions as set forth above. The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad. The Debtors further object to this Topic to the extent it seeks information that is and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Debtors' Response to Interrogatory No. 1, the Informal Discovery, and the additional materials that will be produced to 3AC pursuant to the Document Requests. The Debtors are willing to meet and confer with the Foreign Representatives with respect to the appropriateness of a deposition and the appropriate scope of any such deposition.

**TOPIC NO. 6**

Debtors' trading activities and lending relationship(s) with 3AC, including without limitation all transfers, payments, and loans between the Debtors and 3AC.

**RESPONSE TO TOPIC NO. 6**

The Debtors incorporate by reference the General Objections and Objections to Definitions as set forth above. The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad. The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Informal Discovery and the additional materials that will be produced to 3AC pursuant to the Document Requests. The Debtors are willing to meet and confer with the

Foreign Representatives with respect to the appropriateness of a deposition and the appropriate scope of any such deposition.

## TOPIC NO. 7

Any basis purporting to grant FTX a security interest in any of 3AC's Assets or to perfect any such security interest.

## RESPONSE TO TOPIC NO. 7

The Debtors incorporate by reference the General Objections and Objections to Definitions as set forth above. The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad. The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Informal Discovery and the additional materials that will be produced to 3AC pursuant to the Document Requests. The Debtors are willing to meet and confer with the Foreign Representatives with respect to the appropriateness of a deposition and the appropriate scope of any such deposition.

## TOPIC NO. 8

Any purported pledge, perfection, foreclosure, exercise of remedies, sale, transfer, liquidation, or other efforts by FTX to take possession, control, or ownership of any of 3AC's Assets or of the proceeds of such Assets.

## RESPONSE TO TOPIC NO. 8

The Debtors incorporate by reference the General Objections and Objections to Definitions as set forth above. The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad. The Debtors further object to this Topic to the extent it seeks

information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Informal Discovery and the additional materials that will be produced to 3AC pursuant to the Document Requests.  The Debtors are willing to meet and confer with the Foreign Representatives with respect to the appropriateness of a deposition and the appropriate scope of any such deposition.

## TOPIC NO. 9

Any transactions, including without limitation any sales, liquidations, or foreclosures by FTX, that resulted in the disposition of USD 1.015 billion in tokens from June 12, 2022 to June 15, 2022, as reflected in FTX_3AC_000000038.

## RESPONSE TO TOPIC NO. 9

The Debtors incorporate by reference the General Objections and Objections to Definitions as set forth above.  The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad.  The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Informal Discovery and the additional materials that will be produced to 3AC pursuant to the Document Requests.  The Debtors are willing to meet and confer with the Foreign Representatives with respect to the appropriateness of a deposition and the appropriate scope of any such deposition.

## TOPIC NO. 10

Transaction data relating to the Daily Value, in U.S. Dollar, for the period between January 1, 2022 and July 31, 2022, of each derivative contract between 3AC and FTX, including without limitation any derivative contract listed in FTX_3AC_000000002 and for which the "pair"

column (as identified in Column J of FTX_3AC_000000002) ends in "-PERP" or with a particular date.

### RESPONSE TO TOPIC NO. 10

The Debtors incorporate by reference the General Objections and Objections to Definitions as set forth above.  The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad.  The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Debtors' Response to Interrogatory No. 5, the Informal Discovery, and the additional materials that will be produced to 3AC pursuant to the Document Requests.  The Debtors are willing to meet and confer with the Foreign Representatives with respect to the appropriateness of a deposition and the appropriate scope of any such deposition.

Dated:  July 26, 2024
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

 _/s/ Matthew B. McGuire_
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
      mcguire@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
          bromleyj@sullcrom.com
          gluecksteinb@sullcrom.com
          kranzleya@sullcrom.com

*Counsel for Debtors and Debtors-in-Possession*

**<u>EXHIBIT 10</u>**

| | |
|---|---|
| **From:** | Ikeda, Tiffany (CC) |
| **Sent:** | Wednesday, August 7, 2024 1:17 PM |
| **To:** | Beller, Benjamin S.; Glueckstein, Brian D.; Liu, Sienna |
| **Cc:** | Goldberg, Adam (NY); Mohebbi, Nima (LA); Harris, Christopher (NY); Taousse, Nacif (NY); Zhao, Zijun (NY); Wadier, Sebastien (LA) |
| **Subject:** | FTX/3AC |
| **Attachments:** | 2024-08-07 3AC - Second Set of RFPs to FTX.pdf; 2024-08-07 3AC - First Set of RFAs to FTX.pdf; 2024-08-07 3AC - Second Set of Interrogatories to FTX.pdf |

Counsel,

Please see the attached discovery requests.  We have set these for a return date of August 13, but please let us know if you need more time and if so, when you anticipate being able to provide a substantive response.

During our call last Thursday, we discussed FTX's objections and responses to 3AC's discovery requests.  You said that although FTX's responses to the deposition topics only agreed to meet and confer, FTX was willing to put up a witness on all topics, with the caveat that you can only educate the witness based on what is known from the documents.  As such, we requested that you check on the witness's availability for deposition the week of August 19.  Can you please let us know if there are dates during that week that would work for a deposition?

Lastly, we appreciate your offer to work with us on providing the information in FTX_3AC_000000002 in a useable format.  Teneo is trying to address this issue, but we will circle back if we need further assistance.

Best,
Tiffany


**Tiffany M. Ikeda**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Direct Dial: +1.424.653.5416
Email: tiffany.ikeda@lw.com
https://www.lw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
                                                        :
In re:                                                  :  Chapter 11
                                                        :
FTX TRADING LTD., et al.,¹                              :  Case No. 22-11068 (JTD)
                                                        :
                    Debtors.                            :  (Jointly Administered)
                                                        :
------------------------------------------------------- x
```

**THE FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S
FIRST SET OF REQUESTS FOR ADMISSION
<u>DIRECTED TO THE DEBTORS</u>**

PLEASE TAKE NOTICE that, in connection with the above-captioned proceeding, pursuant to Federal Rule of Civil Procedure 36 made applicable by Federal Rules of Bankruptcy Procedure 7036 and 9014(c), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("3AC"), hereby demand FTX Trading Ltd. and its debtor affiliates (collectively, the "Debtors") provide written responses to the following requests for admission (the "Requests") no later than **5:00 p.m. Eastern Time on August 13, 2024**, or at a date and time mutually agreeable to the parties.

---

¹    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## I.   <u>DEFINITIONS</u>

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.   "<u>3AC</u>" refers to Three Arrows Capital, Ltd., incorporated as a business company under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu.

2.   "<u>Assets</u>" shall mean any currency (including U.S. Dollars), virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of the same.

3.   "<u>Debtors</u>," "<u>FTX</u>," "<u>You</u>" and "<u>Your</u>" shall mean and refer to FTX Trading Ltd. and/or their affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on Your behalf.

4.   "<u>Person</u>" includes both the plural and the singular, and means any natural person(s) or legal entities, including, without limitation, any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity.

## II.   <u>INSTRUCTIONS</u>

1.   These Requests are to be answered by You based on information that is available to You or otherwise within Your possession, custody, and/or control, and not merely information

within Your personal knowledge.  If You do not have sufficient knowledge to respond fully to an Request, you must make a reasonable, good faith effort to obtain the information necessary to do so.

2.      If You cannot respond fully to a Request after exercising due diligence to obtain the information necessary to do so, answer to the extent possible, state with particularity Your inability to answer the remainder, and state with particularity whatever information or knowledge You have relating to the unanswered portion.

3.      If information that falls within the scope of a Request was lost or destroyed, describe with particularity the information (type, subject matter, etc.) that has been lost or destroyed, and explain the circumstances relating to the loss or destruction of such information, including the date on which the information was lost or destroyed, and the manner of its loss or destruction.

4.      If You object to any part of any Request, answer all parts of such Request to which You do not object, and, as to each part to which You do object, set forth the specific basis for Your objection.

5.      If You object to a Request on the grounds of privilege, work-product protection or any other privilege, protection or immunity, answer the Request with such non-privileged information as is responsive, identify the nature of the information withheld as privileged, protected or immune, and specify the basis for Your claim of privilege, protection or immunity.  If the basis for withholding information involves an agreement, such as a common-interest agreement or joint-defense agreement, identify and produce a copy of such agreement.

6.      If You find the meaning of any term in any Request unclear, without waiver of right to seek a full and complete answer to the Request, assume a reasonable meaning, state with

particularity what that assumed meaning is, and answer the Request according to the assumed meaning.

      7.    These Requests shall be deemed continuing in nature.  You are therefore required to supplement your response in the event that You obtain or discover additional information or documents between the time of Your initial response and the time of hearing or trial in the action. This paragraph shall not be construed to alter Your obligations to comply with all other instructions herein.

      8.    Questions or concerns may be directed to Adam J. Goldberg (adam.goldberg@lw.com) and Nima H. Mohebbi (nima.mohebbi@lw.com).

### III.    <u>REQUESTS FOR ADMISSION</u>

      1.    Admit that as of June 12, 2022, 3AC owned the following Assets that were held (on a custodial basis or otherwise) by FTX Trading Ltd:

|     | Asset | Amount | Cell in FTX_3AC_000000038 |
| --- | --- | --- | --- |
| a. | AVAX | 15.1000000000000000 | H 82460 |
| b. | BCH | 0.0000000061491708 | H 82462 |
| c. | BTC | 26779.5550000046000000 | H 82465 |
| d. | COIN | 0.0000000043469974 | H 82466 |
| e. | DOGE | 0.0000000031187781 | H 82469 |
| f. | DOT | 12319.6727758149000000 | H 82470 |
| g. | ETH | 137724.1741965020000000 | H 82471 |
| h. | ETHE | 2500915.6429776300000000 | H 82472 |
| i. | FIDA | 0.5672267700000000 | H 82473 |
| j. | FIDA_LOCKED | 5812134.4327732300000000 | H 82474 |
| k. | FTT | 1123117.3322516400000000 | H 82476 |
| l. | GBTC | 2847917.0030404600000000 | H 82477 |
| m. | GRT | 0.0000000093171430 | H 82478 |
| n. | LEO | 0.0000000075327645 | H 82483 |
| o. | LINK | 0.0000000100000000 | H 82484 |
| p. | LTC | 0.0000000072039376 | H 82487 |
| q. | LUNA2 | 607.6505084000000000 | H 82488 |
| r. | LUNA2_LOCKED | 1417.8511860000000000 | H 82489 |

| | | | |
|---|---|---|---|
| s. | LUNC | 31082.6818849600000000 | H 82490 |
| t. | PAXG | 0.0000000050000000 | H 82497 |
| u. | PYTH_LOCKED | 4166667.0000000000000000 | H 82499 |
| v. | ROOK | 16401.3766472050000000 | H 82502 |
| w. | SNX | 0.0000000100000000 | H 82505 |
| x. | SOL | 0.0000000068579291 | H 82506 |
| y. | SOS | 0.0000018500000000 | H 82507 |
| z. | SRM | 4123.0887553400000000 | H 82508 |
| aa. | SRM_LOCKED | 1184232.9101289600000000 | H 82509 |
| bb. | STETH | 0.0000000008290338 | H 82511 |
| cc. | SUSHI | 0.0000000034973833 | H 82512 |
| dd. | TRX | 0.0000000072275000 | H 82515 |
| ee. | UNI | 0.0000000088193574 | H 82517 |
| ff. | USDT | 0.0000000583035055 | H 82519 |
| gg. | USTC | 85995.6603976411000000 | H 82520 |
| hh. | WBTC | 0.0000000033487365 | H 82521 |
| ii. | XAUT | 0.0000000020000000 | H 82522 |
| jj. | ALPHA | 0.8934750000000000 | H 113345 |
| kk. | AURY | 0.7548800000000000 | H 113346 |
| ll. | AXS | 0.0788525000000000 | H 113348 |
| mm. | BTC | 0.0000462477463750 | H 113349 |
| nn. | COMP | 0.0000980300000000 | H 113350 |
| oo. | DOGE | 0.2259500000000000 | H 113351 |
| pp. | ETH | 0.0000000050000000 | H 113352 |
| qq. | FTT | 0.0693075000000000 | H 113353 |
| rr. | MCB | 0.0070274000000000 | H 113355 |
| ss. | MER | 164285.7100000000000000 | H 113356 |
| tt. | PERP | 0.0157650000000000 | H 113357 |
| uu. | SOL | 0.0073397500000000 | H 113359 |
| vv. | USD | 10.5821115206975000 | H 113360 |
| ww. | USDT | 0.0000000061500000 | H 113361 |
| xx. | USD | 0.0000000025000000 | H 120728 |
| yy. | FTT | 3.3911500000000000 | H 128508 |
| zz. | SRM | 85.3187374100000000 | H 128509 |
| aaa. | SRM_LOCKED | 527.4312625900000000 | H 128510 |
| bbb. | TRX | 0.0000310000000000 | H 128511 |
| ccc. | USD | 1278096.2959690800000000 | H 128512 |
| ddd. | USDT | 314190.3988726700000000 | H 128513 |
| eee. | SRM | 117.2866035500000000 | H 135404 |
| fff. | SRM_LOCKED | 730.3333964500000000 | H 135405 |
| ggg. | USD | 927716.6488290620000000 | H 135406 |

| | | | |
|---|---|---|---|
| hhh. | USDT | 308418.7859535600000000 | H 135407 |
| iii. | SRM | 89.4243048700000000 | H 142146 |
| jjj. | SRM_LOCKED | 556.6556951300000000 | H 142147 |
| kkk. | USD | 528273.8872676990000000 | H 142148 |
| lll. | USDT | 231451.9023334700000000 | H 142149 |
| mmm. | SRM | 123.0702100900000000 | H 148888 |
| nnn. | SRM_LOCKED | 760.7297899100000000 | H 148889 |
| ooo. | USD | 800411.7386709650000000 | H 148890 |
| ppp. | USDT | 272915.4528403000000000 | H 148891 |
| qqq. | BTC | 0.0000000093856447 | H 154434 |
| rrr. | USD | 0.0000000020970671 | H 154437 |
| sss. | BCH | 0.0000000052379276 | H 176557 |
| ttt. | BNB | 0.0000000086478739 | H 176558 |
| uuu. | BTC | 0.0000000003225168 | H 176559 |
| vvv. | LTC | 0.0000000014715642 | H 176562 |
| www. | MOB | 0.0000000078928964 | H 176564 |
| xxx. | TRX | 0.0000000048162230 | H 176570 |
| yyy. | USD | 0.0000000007125426 | H 176571 |
| zzz. | YFI | 0.0000000050000000 | H 176573 |
| aaaa. | ETH | 49.9060000000000000 | H 185744 |
| bbbb. | USD | 0.0000000080040000 | H 185745 |
| cccc. | FTT | 0.0000000035055250 | H 194417 |
| dddd. | USD | 29553625.0109609000000000 | H 194420 |
| eeee. | FTT | 0.0000000036855400 | H 209830 |
| ffff. | LOOKS | 0.0000000100000000 | H 209832 |
| gggg. | STETH | 0.0000000014959586 | H 209835 |
| hhhh. | USD | 4533633.5044397000000000 | H 209836 |
| iiii. | FTT | 98810.0578785700000000 | H 218844 |
| jjjj. | SRM | 5.3469398000000000 | H 218845 |
| kkkk. | SRM_LOCKED | 9642.9938584200000000 | H 218846 |
| llll. | USD | 9.1685101167595700 | H 218847 |
| mmmm | ETH | 0.0000000025000000 | H 224543 |
| nnnn. | USD | 0.0000000088080000 | H 224546 |
| oooo. | USD | 0.0000000018805000 | H 227546 |
| pppp. | USD | 0.0000000015963000 | H 230242 |
| qqqq. | USD | 0.0000000092400000 | H 232938 |
| rrrr. | SRM | 0.0174334500000000 | H 238024 |
| ssss. | SRM_LOCKED | 10.9540313100000000 | H 238025 |
| tttt. | USD | 0.0000000099137900 | H 238026 |
| uuuu. | USD | 0.0011249794600000 | H 241028 |
| vvvv. | USD | 0.0000000043640000 | H 243724 |

| wwww | SRM | 0.0925681500000000 | H 248810 |
|---|---|---|---|
| xxxx. | SRM_LOCKED | 58.1636581300000000 | H 248811 |
| yyyy. | USD | 0.0000000046773200 | H 248812 |
| zzzz. | BAL | 0.0000000100000000 | H 257788 |
| aaaaa. | BTC | 0.0000000040907300 | H 257789 |
| bbbbb. | ETH | 0.0000000050000000 | H 257790 |
| ccccc. | FTT | 1000.0000000100000000 | H 257791 |
| ddddd. | SRM | 118.6538830400000000 | H 257792 |
| eeeee. | SRM_LOCKED | 69226.0592868400000000 | H 257793 |
| fffff. | USD | 0.0000000015649857 | H 257794 |
| ggggg. | USD | 0.0013843232530000 | H 261252 |
| hhhhh. | USD | 0.0000000096320000 | H 263948 |
| iiiii. | USD | 0.0000000045400000 | H 266644 |
| jjjjj. | USD | 0.0000000023600000 | H 269340 |
| kkkkk. | USD | 0.0000000061850000 | H 272036 |

Dated:  August 7, 2024
      Wilmington, Delaware

*/s/ Nima H. Mohebbi*

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
       tiffany.ikeda@lw.com

Christopher Harris (admitted *pro hac vice*)
Adam J. Goldberg (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  chris.harris@lw.com
       adam.goldberg@lw.com
       nacif.taousse@lw.com

– and –

John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Facsimile: (732) 852-2482
Email:  jweiss@pashmanstein.com
       jbarsalona@pashmanstein.com
       agambale@pashmanstein.com

*Counsel to the Foreign Representatives*
*of Three Arrows Capital, Ltd.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x
                                  :

In re:                                :   Chapter 11

                                    :

FTX TRADING LTD., *et al.*,[1]         :   Case No. 22-11068 (JTD)

                                    :

              Debtors.           :   (Jointly Administered)

                                    :
------------------------------------------------------- x

**THE FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S
SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
<u>DIRECTED TO THE DEBTORS</u>**

PLEASE TAKE NOTICE that, in connection with the above-captioned proceeding, pursuant to Federal Rule of Civil Procedure 34 made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7034 and 9014(c), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "<u>Foreign Representatives</u>") of Three Arrows Capital, Ltd. ("<u>3AC</u>"), hereby demand FTX Trading Ltd. and its debtor affiliates (collectively, the "<u>Debtors</u>") provide written responses to the following requests for production (the "<u>Requests</u>"), and produce the documents at the offices of Pashman Stein Walder Hayden, P.C., 824 North Market Street, Suite 800, Wilmington, DE 19801 no later than **5:00 p.m. Eastern Time on August 13, 2024**, or at a date, time, and location that is mutually agreeable to the parties.

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## I.    DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.      "3AC" refers to Three Arrows Capital, Ltd., incorporated as a business company under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu.

2.      "Communication" shall mean transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      "Document" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any tangible thing and any correspondence, memorandum, writing, Communication, electronically stored information, drawing, graph, chart, record, tape, message, note, calendar, diary, log, envelope, email, and facsimile transmission, whether printed or recorded or reproduced by any mechanical, photographic, xerographic, or electronic process, or written or produced by hand, and including, but not limited to, any information contained in any computer or reasonably accessible computer memory or memory media, although not yet printed.  A draft or non-identical copy is a separate Document within the meaning of this term.

4.      "Debtors," "FTX," "You," or "Your" shall mean and refer to FTX Trading Ltd. and its debtor affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on Your behalf.

5.      "Person" includes both the plural and the singular, and means any natural person(s) or legal entities, including, without limitation, any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity.

## II.      INSTRUCTIONS

1.      These Requests are continuing in nature, and to the extent that Your responses may be enlarged, diminished, corrected, or otherwise modified by information that You obtain, discover, or become aware of, subsequent to the production of Your initial responses hereto, You are required to promptly produce supplemental responses.

2.      Each of these Requests shall be construed independently and shall not be limited by any other Request, except that Documents responsive to more than one request need be produced only once.

3.      If, in answering these Requests, You claim that any Request, or a definition or instruction applicable thereto, is ambiguous, You may not use such a claim as a basis for refusing to respond, but rather, must set forth as part of the response the language You claim is ambiguous and the interpretation You have used to respond to the individual Request.

4.      In answering and responding to these Requests, You shall furnish information and Documents in Your possession, custody, or control, including, but not limited to, information that is in the possession, custody, or control of Your employees, agents, investigators, consultants, representatives, attorneys (subject to any otherwise applicable privileges), assignors, or any other

person within Your control.  Possession, custody, or control includes constructive possession such that the Person need not have actual physical possession.  As long as the Person has a superior right or practical ability to compel production from a third party (including any agency, authority or representative), the Person has possession, custody or control over the information.  For any requested Document no longer in Your possession, custody, or control, state what disposition was made of the Document and the date of such disposition and identify all Persons having knowledge of the Document's contents.  For any requested Document that has been destroyed, identify the Document that has been destroyed, and state when the Document was destroyed, why it was destroyed, by whom it was destroyed, and all Persons who participated in or were involved in making the decision to destroy it.

5.      Each Document requested herein is to be produced in its entirety, without deletion or redactions (except for privileged matter, as set forth in the Instructions below), regardless of whether You consider the entire Document to be relevant or responsive to these Requests.

6.      In producing Documents, all Documents that are physically attached to each other (including attachments to emails or embedded Documents) are requested to be produced in that form regardless of whether the attached Documents are otherwise requested herein.  Documents that are segregated or separated from other Documents, whether by inclusion in folders, binders, files, sub-files or by use of dividers, tabs, or any other method, are requested to be produced in that form.

7.      All Documents that are in paper form or that constitute other physical objects from which information may be visually read or viewed, as well as audio or video tapes and similar recordings, shall be produced in their original form or in copies that are exact duplicates of the originals.

4

8.      If any Document is subject to a claim of privilege, protection, immunity, or otherwise, but such Document also contains non-privileged or protected material that is responsive to the Request, the Document shall be produced with all privileged or protected content redacted, and the Document shall also be identified on a privilege log (i) expressly claiming the applicable privilege, protection or immunity, (ii) identifying the specific privilege, protection or immunity being claimed, and (ii) describing the nature of the Documents, Communications, or tangible things not produced or disclosed in a manner that, without revealing information that is itself privileged or protected, will enable other parties to assess the claim to privilege, protection and/or immunity.

9.      For purposes of interpreting or construing the scope of these Requests, all terms shall be given their most expansive and inclusive interpretation.  This includes, without limitation, the following:

(a)      Construing "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the Request more inclusive and bring within the scope of the Request any information that might otherwise be construed to be outside the scope of the Request;

(b)      Construing the singular form of the word to include the plural, and the plural form to include the singular;

(c)      Construing the masculine to include the feminine, and vice versa;

(d)      Construing the term "including" to mean "including but not limited to" and construing the term "all" to mean "any and all," and vice versa;

(e)      Construing the term "each" to include "every," and construing "every" to include "each";

(f)     Construing the use of a verb in any tense as the use of the verb in all other tenses; and

(g)     Construing and interpreting all spelling, syntax, grammar, abbreviations, idioms, and proper nouns to give proper meaning and consistency to their context.

10.     Unless otherwise indicated, the time period covered by these Requests is March 5, 2019 to the present and shall encompass all Documents, Communications, and information relating to in whole or in part such period, or relating to events or circumstances during such period, even though dated, prepared, generated, or received prior to or subsequent to that period.

11.     Questions or concerns may be directed to Adam J. Goldberg (adam.goldberg@lw.com) and Nima H. Mohebbi (nima.mohebbi@lw.com).

## III.    **DOCUMENT REQUESTS**

1.     All Documents identified in Your responses to 3AC's First Set of Requests for Admission and Second Set of Interrogatories to You.

Dated:  August 7, 2024            /s/ Nima M. Mohebbi
        Wilmington, Delaware

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
          tiffany.ikeda@lw.com

Christopher Harris (admitted *pro hac vice*)
Adam J. Goldberg (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  chris.harris@lw.com
          adam.goldberg@lw.com
          nacif.taousse@lw.com

– and –

John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Facsimile: (732) 852-2482
Email:  jweiss@pashmanstein.com
          jbarsalona@pashmanstein.com
          agambale@pashmanstein.com

*Counsel to the Foreign Representatives*
*of Three Arrows Capital, Ltd.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
FTX TRADING LTD., et al.,¹                               :   Case No. 22-11068 (JTD)
                                                         :
                    Debtors.                             :   (Jointly Administered)
                                                         :
-------------------------------------------------------- x
```

### THE FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S
### SECOND SET OF INTERROGATORIES DIRECTED TO THE DEBTORS

PLEASE TAKE NOTICE that, in connection with the above-captioned proceeding, pursuant to Federal Rule of Civil Procedure 33 made applicable by Federal Rules of Bankruptcy Procedure 7033 and 9014(c), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("3AC"), hereby demand FTX Trading Ltd. and its debtor affiliates (collectively, the "Debtors") provide written responses to the following interrogatories (the "Interrogatories") no later than **5:00 p.m. Eastern Time on August 13, 2024**, or at a date and time mutually agreeable to the parties.

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the FTX Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the FTX Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

1

## I.   **DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1.      "3AC" refers to Three Arrows Capital, Ltd., incorporated as a business company under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu.

2.      "Assets" shall mean any currency (including U.S. Dollars), virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of the same.

3.      "Communication" shall mean transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4.      "Daily Value" shall mean, with respect to any particular contract and on any particular date, the amounts owed by FTX to 3AC *minus* the amounts owed by 3AC to FTX, in each case under such contract if it were to be liquidated on that particular date.

5.      "Documents" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any tangible thing and any correspondence, memorandum, writing, Communication, electronically stored information, drawing, graph, chart, record, tape, message, note, calendar, diary, log, envelope, email, and facsimile transmission, whether printed or recorded or reproduced by any mechanical,

2

photographic, xerographic, or electronic process, or written or produced by hand, and including, but not limited to, any information contained in any computer or reasonably accessible computer memory or memory media, although not yet printed.  A draft or non-identical copy is a separate Document within the meaning of this term.

6.      "Debtors," "FTX," "You" and "Your" shall mean and refer to FTX Trading Ltd. and/or their affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on Your behalf.

7.      "Person" includes both the plural and the singular, and means any natural person(s) or legal entities, including, without limitation, any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity.

8.      The term "relating to" shall mean evidencing, constituting, reflecting, concerning, regarding, supporting, negating, contradicting, bearing upon, touching upon, incorporating, affecting, including, pertaining to, summarizing or in any way logically or factually connected with the subject matter of the inquiry or Interrogatories (whether directly, indirectly, or in any other way).

## II.    INSTRUCTIONS

1.      For each Interrogatory, identify each Person (other than Your attorneys) who assisted in the preparation of Your answer to the Interrogatory, and all Documents or things that were referenced or relief upon in the preparation of Your answer to the Interrogatory.

2.      In answering these Interrogatories, state all information available to You or otherwise within Your possession, custody, and/or control, and not merely information within Your personal knowledge.  If You do not have sufficient knowledge to respond fully to an

Interrogatory, you must make a reasonable, good faith effort to obtain the information necessary to do so.

3.      If You cannot respond fully to an Interrogatory after exercising due diligence to obtain the information necessary to do so, answer to the extent possible, state with particularity Your inability to answer the remainder, and state with particularity whatever information or knowledge You have relating to the unanswered portion.

4.      If information that falls within the scope of an Interrogatory was lost or destroyed, describe with particularity the information (type, subject matter, etc.) that has been lost or destroyed, and explain the circumstances relating to the loss or destruction of such information, including the date on which the information was lost or destroyed, and the manner of its loss or destruction.

5.      If You object to any part of any Interrogatory, answer all parts of such Interrogatory to which You do not object, and, as to each part to which You do object, set forth the specific basis for Your objection.

6.      If You object to an Interrogatory on the grounds of privilege, work-product protection or any other privilege, protection or immunity, answer the Interrogatory with such non-privileged information as is responsive, identify the nature of the information withheld as privileged, protected or immune, and specify the basis for Your claim of privilege, protection or immunity.  If the basis for withholding information involves an agreement, such as a common-interest agreement or joint-defense agreement, identify and produce a copy of such agreement.

7.      If You find the meaning of any term in any Interrogatory unclear, without waiver of right to seek a full and complete answer to the Interrogatory, assume a reasonable meaning,

state with particularity what that assumed meaning is, and answer the Interrogatory according to the assumed meaning.

8.     The singular form of any noun or pronoun includes the plural, and vice versa.

9.     The use of any tense of any verb includes within its meaning all other tenses of that verb.

10.    Unless otherwise indicated, the time period covered by these Interrogatories is March 5, 2019 to the present, and shall encompass all Documents, Communications and information relating to in whole or in part such period, or relating to events or circumstances during such period, even if the Document, Communication or information is dated, prepared, generated, or received prior to or subsequent to that period.

11.    These Interrogatories shall be deemed continuing in nature.  You are therefore required to supplement your response in the event that You obtain or discover additional information or Documents between the time of Your initial response and the time of hearing or trial in the action.  This paragraph shall not be construed to alter Your obligations to comply with all other instructions herein.

12.    Questions or concerns may be directed to Adam J. Goldberg (adam.goldberg@lw.com) and Nima H. Mohebbi (nima.mohebbi@lw.com).

**III.    <u>INTERROGATORIES</u>**

1.     If Your response to Request for Admission No. 1 is anything other than an unequivocal admission, describe in full detail all facts and documents upon which You base Your denial, including without limitation, who You contend owns the Assets that were held (on a custodial basis or otherwise) by FTX Trading Ltd. for 3AC.

5

2.      For each of the following 3AC Assets held (on a custodial basis or otherwise) by FTX Trading Ltd., describe in full detail the legal basis for the sale, liquidation, seizure, foreclosure or other transfer of that asset by FTX Trading Ltd. between June 12 and 14, 2022 and identify all facts and documents that support Your response:

|     | Asset | Amount | Cell in FTX_3AC_000000038 |
|-----|-------|--------|---------------------------|
| a. | AVAX | 15.1000000000000000 | H 82460 |
| b. | BCH | 0.0000000061491708 | H 82462 |
| c. | BTC | 26779.5550000046000000 | H 82465 |
| d. | COIN | 0.0000000043469974 | H 82466 |
| e. | DOGE | 0.0000000031187781 | H 82469 |
| f. | DOT | 12319.6727758149000000 | H 82470 |
| g. | ETH | 137724.1741965020000000 | H 82471 |
| h. | ETHE | 2500915.6429776300000000 | H 82472 |
| i. | FIDA | 0.5672267700000000 | H 82473 |
| j. | FIDA_LOCKED | 5812134.4327732300000000 | H 82474 |
| k. | FTT | 1123117.3322516400000000 | H 82476 |
| l. | GBTC | 2847917.0030404600000000 | H 82477 |
| m. | GRT | 0.0000000093171430 | H 82478 |
| n. | LEO | 0.0000000075327645 | H 82483 |
| o. | LINK | 0.0000000100000000 | H 82484 |
| p. | LTC | 0.0000000072039376 | H 82487 |
| q. | LUNA2 | 607.6505084000000000 | H 82488 |
| r. | LUNA2_LOCKED | 1417.8511860000000000 | H 82489 |
| s. | LUNC | 31082.6818849600000000 | H 82490 |
| t. | PAXG | 0.0000000050000000 | H 82497 |
| u. | PYTH_LOCKED | 4166667.0000000000000000 | H 82499 |
| v. | ROOK | 16401.3766472050000000 | H 82502 |
| w. | SNX | 0.0000000100000000 | H 82505 |
| x. | SOL | 0.0000000068579291 | H 82506 |
| y. | SOS | 0.0000018500000000 | H 82507 |
| z. | SRM | 4123.0887553400000000 | H 82508 |
| aa. | SRM_LOCKED | 1184232.9101289600000000 | H 82509 |
| bb. | STETH | 0.0000000008290338 | H 82511 |
| cc. | SUSHI | 0.0000000034973833 | H 82512 |
| dd. | TRX | 0.0000000072275000 | H 82515 |
| ee. | UNI | 0.0000000088193574 | H 82517 |
| ff. | USDT | 0.0000000583035055 | H 82519 |

| gg. | USTC | 85995.6603976411000000 | H 82520 |
|-----|------|------------------------|---------|
| hh. | WBTC | 0.0000000033487365 | H 82521 |
| ii. | XAUT | 0.0000000020000000 | H 82522 |
| jj. | ALPHA | 0.8934750000000000 | H 113345 |
| kk. | AURY | 0.7548800000000000 | H 113346 |
| ll. | AXS | 0.0788525000000000 | H 113348 |
| mm. | BTC | 0.0000462477463750 | H 113349 |
| nn. | COMP | 0.0000980300000000 | H 113350 |
| oo. | DOGE | 0.2259500000000000 | H 113351 |
| pp. | ETH | 0.0000000050000000 | H 113352 |
| qq. | FTT | 0.0693075000000000 | H 113353 |
| rr. | MCB | 0.0070274000000000 | H 113355 |
| ss. | MER | 164285.7100000000000000 | H 113356 |
| tt. | PERP | 0.0157650000000000 | H 113357 |
| uu. | SOL | 0.0073397500000000 | H 113359 |
| vv. | USD | 10.5821115206975000 | H 113360 |
| ww. | USDT | 0.0000000061500000 | H 113361 |
| xx. | USD | 0.0000000025000000 | H 120728 |
| yy. | FTT | 3.3911500000000000 | H 128508 |
| zz. | SRM | 85.3187374100000000 | H 128509 |
| aaa. | SRM_LOCKED | 527.4312625900000000 | H 128510 |
| bbb. | TRX | 0.0000310000000000 | H 128511 |
| ccc. | USD | 1278096.2959690800000000 | H 128512 |
| ddd. | USDT | 314190.3988726700000000 | H 128513 |
| eee. | SRM | 117.2866035500000000 | H 135404 |
| fff. | SRM_LOCKED | 730.3333964500000000 | H 135405 |
| ggg. | USD | 927716.6488290620000000 | H 135406 |
| hhh. | USDT | 308418.7859535600000000 | H 135407 |
| iii. | SRM | 89.4243048700000000 | H 142146 |
| jjj. | SRM_LOCKED | 556.6556951300000000 | H 142147 |
| kkk. | USD | 528273.8872676990000000 | H 142148 |
| lll. | USDT | 231451.9023334700000000 | H 142149 |
| mmm. | SRM | 123.0702100900000000 | H 148888 |
| nnn. | SRM_LOCKED | 760.7297899100000000 | H 148889 |
| ooo. | USD | 800411.7386709650000000 | H 148890 |
| ppp. | USDT | 272915.4528403000000000 | H 148891 |
| qqq. | BTC | 0.0000000093856447 | H 154434 |
| rrr. | USD | 0.0000000020970671 | H 154437 |
| sss. | BCH | 0.0000000052379276 | H 176557 |
| ttt. | BNB | 0.0000000086478739 | H 176558 |
| uuu. | BTC | 0.0000000003225168 | H 176559 |

| vvv. | LTC | 0.0000000014715642 | H 176562 |
|---|---|---|---|
| www. | MOB | 0.0000000078928964 | H 176564 |
| xxx. | TRX | 0.0000000048162230 | H 176570 |
| yyy. | USD | 0.0000000007125426 | H 176571 |
| zzz. | YFI | 0.0000000050000000 | H 176573 |
| aaaa. | ETH | 49.9060000000000000 | H 185744 |
| bbbb. | USD | 0.0000000080040000 | H 185745 |
| cccc. | FTT | 0.0000000035055250 | H 194417 |
| dddd. | USD | 29553625.0109609000000000 | H 194420 |
| eeee. | FTT | 0.0000000036855400 | H 209830 |
| ffff. | LOOKS | 0.0000000100000000 | H 209832 |
| gggg. | STETH | 0.0000000014959586 | H 209835 |
| hhhh. | USD | 4533633.5044397000000000 | H 209836 |
| iiii. | FTT | 98810.0578785700000000 | H 218844 |
| jjjj. | SRM | 5.3469398000000000 | H 218845 |
| kkkk. | SRM_LOCKED | 9642.9938584200000000 | H 218846 |
| llll. | USD | 9.1685101167595700 | H 218847 |
| mmmm | ETH | 0.0000000025000000 | H 224543 |
| nnnn. | USD | 0.0000000088080000 | H 224546 |
| oooo. | USD | 0.0000000018805000 | H 227546 |
| pppp. | USD | 0.0000000015963000 | H 230242 |
| qqqq. | USD | 0.0000000092400000 | H 232938 |
| rrrr. | SRM | 0.0174334500000000 | H 238024 |
| ssss. | SRM_LOCKED | 10.9540313100000000 | H 238025 |
| tttt. | USD | 0.0000000099137900 | H 238026 |
| uuuu. | USD | 0.0011249794600000 | H 241028 |
| vvvv. | USD | 0.0000000043640000 | H 243724 |
| wwww. | SRM | 0.0925681500000000 | H 248810 |
| xxxx. | SRM_LOCKED | 58.1636581300000000 | H 248811 |
| yyyy. | USD | 0.0000000046773200 | H 248812 |
| zzzz. | BAL | 0.0000000100000000 | H 257788 |
| aaaaa. | BTC | 0.0000000040907300 | H 257789 |
| bbbbb. | ETH | 0.0000000050000000 | H 257790 |
| ccccc. | FTT | 1000.0000000100000000 | H 257791 |
| ddddd. | SRM | 118.6538830400000000 | H 257792 |
| eeeee. | SRM_LOCKED | 69226.0592868400000000 | H 257793 |
| fffff. | USD | 0.0000000015649857 | H 257794 |
| ggggg. | USD | 0.0013843232530000 | H 261252 |
| hhhhh. | USD | 0.0000000096320000 | H 263948 |
| iiiii. | USD | 0.0000000045400000 | H 266644 |
| jjjjj. | USD | 0.0000000023600000 | H 269340 |

8

| kkkkk. | USD | 0.0000000061850000 | H 272036 |
|---|---|---|---|

Dated:  August 7, 2024                                    /s/ Nima H. Mohebbi
       Wilmington, Delaware

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
       tiffany.ikeda@lw.com

Christopher Harris (admitted *pro hac vice*)
Adam J. Goldberg (admitted *pro hac vice*)
Nacif Taousse (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  chris.harris@lw.com
       adam.goldberg@lw.com
       nacif.taousse@lw.com

– and –

John W. Weiss (No. 4160)
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Facsimile: (732) 852-2482
Email:  jweiss@pashmanstein.com
       jbarsalona@pashmanstein.com
       agambale@pashmanstein.com

*Counsel to the Foreign Representatives*
*of Three Arrows Capital, Ltd.*

**<u>EXHIBIT 11</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DEBTORS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO THE
FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S
NOTICE OF DEPOSITION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable to these proceedings (the "Chapter 11 Cases") by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and any other applicable law, rules, or orders of the Court, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by their undersigned attorneys, hereby submit these supplemental responses and objections (the "Responses") to the *Notice of Deposition of the Debtors Pursuant to Fed. R. Civ. P. 30(b)(6)* (the "Deposition Notice")[2], dated July 10, 2024 and served by Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("3AC"), in connection with the *Debtors' Objection to Proofs of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.* [D.I. 19797] (the "Claim Objection").

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Deposition Notice.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS TO SPECIFIC TOPICS

Subject to and without waiving the General Objections and Objections to Definitions (together, the "Objections") as set forth in the *Debtors' Responses and Objections to the Foreign Representatives of Three Arrows Capital, Ltd.'s (I) First Set of Interrogatories; (II) First Set of Requests for the Production of Documents; and (III) Notice of Deposition* (the "First Responses"), dated July 26, 2024, which are hereby expressly incorporated into each of the following specific objections and responses as if fully set forth therein, the Debtors respond to Topic Nos. 11-16 as follows:

## TOPIC NO. 11

Transactional data evidencing any payments and any agreements (whether formal or informal, written or oral, or otherwise) concerning the BTC 15,250 and USDC 350,000,000 loans, referenced in FTX_3AC_000013546 and FTX_3AC_000013547.

## RESPONSE TO TOPIC NO. 11

The Debtors incorporate by reference the Objections as set forth in their First Responses.  The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad.  The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to the Debtors' First Response to Interrogatory No. 4.  The Debtors will not produce a witness to testify on this Topic because it is not relevant to the Claim Objection or any other matter between 3AC and the Debtors and is therefore outside the scope of discovery.

## TOPIC NO. 12

Your policies, procedures, practices, and methodologies concerning the valuation of 3AC's Assets in any Accounts with FTX.

**RESPONSE TO TOPIC NO. 12**

The Debtors incorporate by reference the Objections as set forth in their First Responses.  The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad.  The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors will produce a witness to address this Topic at a time and place to be agreed upon between the Debtors and the Foreign Representatives.

**TOPIC NO. 13**

Your knowledge of 3AC's finances, including without limitation its solvency, its assets, its liabilities, and its ability to pay its debts when they became due.

**RESPONSE TO TOPIC NO. 13**

The Debtors incorporate by reference the Objections as set forth in their First Responses.  The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad.  The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors will produce a witness to address this Topic at a time and place to be agreed upon between the Debtors and the Foreign Representatives.

**TOPIC NO. 14**

All negotiations and agreements between You and 3AC.

## RESPONSE TO TOPIC NO. 14

The Debtors incorporate by reference the Objections as set forth in their First Responses.  The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad.  The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors will produce a witness to address this Topic at a time and place to be agreed upon between the Debtors and the Foreign Representatives.

## TOPIC NO. 15

The manner and method in which business records are kept and maintained by You.

## RESPONSE TO TOPIC NO. 15

The Debtors incorporate by reference the Objections as set forth in their First Responses.  The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad.  The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors will produce a witness to address this Topic at a time and place to be agreed upon between the Debtors and the Foreign Representatives.

## TOPIC NO. 16

How and where the search for each of the records requested in the Foreign Representatives' Requests for Production to You was conducted.

**RESPONSE TO TOPIC NO. 16**

   The Debtors incorporate by reference the Objections as set forth in their First Responses.  The Debtors also object to the Topic on the grounds that it is vague and ambiguous, and overly broad.  The Debtors further object to this Topic to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

   Subject to and without waiver of their Objections, the Debtors will produce a witness to address this Topic at a time and place to be agreed upon between the Debtors and the Foreign Representatives.

Dated:  August 28, 2024
   Wilmington, Delaware

**LANDIS RATH & COBB LLP**

 _/s/ Matthew B. McGuire_
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
   mcguire@lrclaw.com
   brown@lrclaw.com
   pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
        bromleyj@sullcrom.com
        gluecksteinb@sullcrom.com
        kranzleya@sullcrom.com

*Counsel for Debtors and Debtors-in-Possession*

**<u>EXHIBIT 12</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**DEBTORS' (I) RESPONSES AND OBJECTIONS TO THE FOREIGN
REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S
(A) FIRST SET OF REQUESTS FOR ADMISSION; (B) SECOND SET OF
INTERROGATORIES AND (C) SECOND SET OF REQUESTS FOR PRODUCTION
AND (II) SUPPLEMENTAL RESPONSES AND OBJECTIONS TO THE FOREIGN
REPRESENTATIVES' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings (the "Chapter 11 Cases") by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other applicable law, rules, or orders of the Court (collectively, the "Applicable Rules"), FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), by their undersigned attorneys, hereby submit these (I) responses and objections (the "Responses") to (i) *The Foreign Representatives of Three Arrows Capital, Ltd.'s First Set of Requests for Admission Directed to the Debtors* (the "Requests for Admission"); (ii) *The Foreign Representatives of Three Arrows Capital, Ltd.'s Second Set of Interrogatories Directed to the*

---

[1]    The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

*Debtors* (the "Interrogatories"); and (iii) *The Foreign Representatives of Three Arrows Capital, Ltd.'s Second Set of Requests for the Production of Documents Directed to the Debtors* (the "Document Requests," and together with the Requests for Admission and Interrogatories, the "Discovery"),[2] each dated August 7, 2024, served by Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("3AC"), in connection with the *Debtors' Objection to Proofs of Claim Filed by the Joint Liquidators of Three Arrows Capital Ltd.* [D.I. 19797] (the "Claim Objection"); and (II) supplemental responses and objections (the "Supplemental Responses") to *The Foreign Representatives of Three Arrows Capital, Ltd.'s First Set of Interrogatories Directed to the Debtors* (the "First Set of Interrogatories"), dated July 10, 2024, served by the Foreign Representatives in connection with the Claim Objection.

## GENERAL OBJECTIONS

The general objections set forth below (the "General Objections") apply to the Discovery generally and to each definition in the Discovery (the "Definitions"), each instruction in the Discovery (the "Instructions"), Request for Admission, Document Request, and Interrogatory, and unless otherwise stated, shall have the same force and effect as if fully set forth in response to each Definition, Instruction, Request for Admission, Document Request, and Interrogatory.  Any objection to a Definition or Instruction shall also apply to any other Definition, Instruction, Request for Admission, Document Request, or Interrogatory that incorporates that Definition or Instruction.  No response to any specific Request for Admission, Document Request, or Interrogatory is, or shall be deemed to be, a waiver of the General Objections or the specific

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Requests for Admission, Interrogatory, or Document Request, as applicable.

objections set forth below.  The fact that an objection is not listed herein does not, and shall not, constitute a waiver of that objection or otherwise preclude the Debtors from raising that objection at a later time.

1.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, or seek information that is neither relevant to nor proportional to the needs of the Claim Objection or any party's claim or defense in connection with the Claim Objection.  The Debtors will construe the Discovery and accompanying Definitions and Instructions in accordance with the Debtors' obligations under the Applicable Rules.

2.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they purport to impose on the Debtors any burden or obligation that is broader than, or inconsistent with, the permissible scope of discovery under the Applicable Rules.  The Debtors will construe the Discovery and accompanying Definitions and Instructions in accordance with the Debtors' obligations under the Applicable Rules.

3.      The Debtors object to the Discovery to the extent it is duplicative of, or otherwise inconsistent with, the voluminous informal discovery provided by the Debtors to the Foreign Representatives of 3AC and the additional discovery provided in response to the *Foreign Representatives of Three Arrows Capital, Ltd.'s First Set of Requests for the Production of Documents* and the First Set of Interrogatories at significant burden and expense to the Debtors and their estates.

4.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product

doctrine, joint-defense privilege, or the common-interest privilege, or that is otherwise protected from disclosure under the Applicable Rules.  Nothing contained in these Responses is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection. Specific Objections on the grounds of privilege, if any, are provided for clarity only, and the absence of a Specific Objection is neither intended to be, nor should be interpreted as, evidence that the Debtors do not object to a Request for Admission, Document Request, or Interrogatory on the basis of an applicable privilege, immunity, or protection.

5.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek production of information that is a matter of public record and/or information that is equally available to the Foreign Representatives of 3AC, or otherwise more appropriately directed to another party or person.

6.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek documents or information outside of the Debtors' possession, custody, or control.

7.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they seek the production of trade secrets or other information that is confidential, proprietary, commercially sensitive, competitively significant, or personal in nature relating to the Debtors, their affiliates, and their current or former officers, directors, employees and/or advisors, clients, customers, or counterparties.  The Debtors' production of any documents in response to the Document Requests shall be subject to the terms of the *Confidentiality Agreement and Stipulated Protective Order* [D.I. 832].

8.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they purport to require the Debtors to conduct anything beyond a

reasonable search of readily accessible sources where responsive documents or information, including electronically stored information, are reasonably expected to be found.

9.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they purport to require the Debtors to draw legal or factual conclusions, or are predicated on legal or factual conclusions or arguments.  No response to any specific Request for Admission, Document Request, or Interrogatory is, or shall be construed as, a legal or factual conclusion concerning any of the terms used in the Request for Admission, Document Request, or Interrogatory.

10.      The Debtors object to the Discovery and accompanying Definitions and Instructions to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  No response to any specific Request for Admission, Document Request, or Interrogatory is, or shall be construed as, an admission that any factual predicate stated in the Request for Admission, Document Request, or Interrogatory is accurate.

11.      No incidental or implied admissions are intended by the objections herein, nor shall the fact that the Debtors have objected or responded, or not objected or responded, to a particular Request for Admission, Document Request, or Interrogatory be construed as an admission or indication that the Debtors possess documents responsive to such Request for Admission, Document Request, or Interrogatory, or any other Request for Admission, Document Request, or Interrogatory.  Similarly, a statement that the Debtors will produce documents in a response to a Document Request does not constitute a representation that responsive documents exist, but only that responsive documents will be produced if they exist, can be located through a reasonable search, and are not otherwise protected from disclosure.

12.     The Debtors reserve all objections that may be available to them at any hearing or trial or on any motion to the use or admissibility of any material produced.

13.     These Responses are based solely on facts reasonably known to the Debtors at the time of responding to the Discovery.  The Debtors reserve the right, but do not assume the obligation, to amend, supplement, or otherwise modify the content of these Responses at any time.

## OBJECTIONS TO DEFINITIONS

14.     The Debtors object to each of the Definitions, and to any Definition, Instruction, Request for Admission, Document Request, or Interrogatory that incorporates the Definition, to the extent that the Definition purports to define terms other than in accordance with the meanings typically ascribed to those terms in ordinary usage or pursuant to the Applicable Rules.

15.     The Debtors object to the Definitions of "Communication," "Document" or "Documents," and "relating to," and to any Definition, Instruction, Request for Admission, Document Request, or Interrogatory that incorporates one of those Definitions, to the extent that they purport to impose burdens or obligations on the Debtors that are broader than, inconsistent with, or not authorized by the Applicable Rules.

16.     The Debtors object to the Definition of "Debtors," "FTX," "You" or "Your," and to any Definition, Instruction, Request for Admission, Document Request, or Interrogatory that incorporates that Definition, as overly broad and unduly burdensome to the extent it includes "any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting Your behalf" or purports to seek information regarding non-Debtors. The Debtors further object to this Definition, and to any Definition, Instruction, Request for Admission, Document Request, or Interrogatory that incorporates that Definition, to the extent that it encompasses third parties and/or information that is not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected

from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

17. The Debtors object to the Definition of "3AC" and to any Definition, Instruction, Request for Admission, Document Request, or Interrogatory that incorporates that Definition, as overly broad and unduly burdensome to the extent that the Definition includes "any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other person or entity acting on its behalf, including without limitation Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, Three AC Ltd., Kyle Davies, and Su Zhu."  The Debtors further object to this Definition, and to any Definition, Instruction, Request for Admission, Document Request, or Interrogatory that incorporates that Definition, to the extent that it encompasses third parties and/or information that is not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

18. The Debtors object to the Definition of "Person," and to any Definition, Instruction, Request for Admission, Document Request, or Interrogatory that incorporates that Definition, on the grounds that the Definition is overly broad, vague, and unduly burdensome to the extent that the Definition includes "any business or governmental entities, or associations, partnerships, firms, corporations, units, joint ventures, any other form of business organization or arrangement, or any other form of public, private, or legal entity."  The Debtors further object to this Definition, and to any Definition, Instruction, Request for Admission, Document Request, or Interrogatory that incorporates that Definition, to the extent that it encompasses third parties and/or information that

is not in the Debtors' possession, custody or control, as well as to the extent that the Definition purports to seek information that is protected from disclosure by any applicable privilege, immunity, or protection, including the attorney-client privilege, work product doctrine, joint-defense privilege, or the common-interest privilege.

## OBJECTIONS TO INSTRUCTIONS TO REQUESTS FOR ADMISSION

19.    The Debtors object to the following instructions to the Requests for Admission (the "RFA Instructions").  The failure to object to any of the RFA Instructions shall not be deemed a waiver of any objections, nor a concession that any of such instructions are appropriate.

20.    The Debtors further object to the RFA Instructions, and to each Request for Admission incorporating any such RFA Instructions, to the extent that they purport to impose burdens or obligations on the Debtors that are broader than, inconsistent with, or not authorized by the Applicable Rules.

21.    The Debtors object to RFA Instruction Nos. 2, 3 and 5, and to each Request for Admission incorporating any such RFA Instruction as overly broad and unduly burdensome.

22.    The Debtors further object to RFA Instruction No. 6, and to each Request for Admission incorporating any such RFA Instructions, as vague and ambiguous, in particular its inclusion of "reasonable."

## OBJECTIONS TO INSTRUCTIONS TO INTERROGATORIES

23.    The Debtors object to the following instrucions to the Interrogatories (the "Interrogatory Instructions").  The failure to object to any of the Interrogatory Instructions shall not be deemed a waiver of any objections, nor a concession that any of such instructions are appropriate.

24.    The Debtors further object to the Interrogatory Instructions, and to each Interrogatory incorporating any such Interrogatory Instructions, to the extent that they purport to

impose burdens or obligations on the Debtors that are broader than, inconsistent with, or not authorized by the Applicable Rules.

25.    The Debtors object to Interrogatory Instruction Nos. 1, 3, 4, 6, and 10 and to each Interrogatory incorporating any such Interrogatory Instruction as overly broad and unduly burdensome.

26.    The Debtors further object to Interrogatory Instruction Nos. 1 and 7, and to each Interrogatory incorporating any such Interrogatory Instructions, as vague and ambiguous, in particular its inclusion of "assisted in" and "reasonable."

## OBJECTIONS TO INSTRUCTIONS TO DOCUMENT REQUESTS

27.    The Debtors object to the following instructions to the Document Requests (the "RFP Instructions").  The failure to object to any of the RFP Instructions shall not be deemed a waiver of any objections, nor a concession that any of such instructions are appropriate.

28.    The Debtors object to the RFP Instructions, and to each RFP incorporating any such RFP Instructions, to the extent they seek to impose requirements on the Debtors that are unreasonable, unduly burdensome, non-customary or greater than those imposed by the Applicable Rules.

29.    The Debtors object to RFP Instruction Nos. 4, 8, and 10 and to each specific Document Request incorporating any such RFP Instruction as overly broad and unduly burdensome.  The Debtors further object to these RFP Instructions, and to each specific Request incorporating any such RFP Instructions, to the extent that they purport to impose burdens or obligations on the Debtors that are broader than, inconsistent with, or not authorized by the Applicable Rules.

30.    The Debtors further object to RFP Instruction No. 4 and 5 to each specific Document Request incorporating this RFP Instruction, as vague and ambiguous, in particular its

inclusion of "constructive possession," "superior right or practical ability," and "deletion or redactions."

### SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions to Requests for Admission, which are hereby expressly incorporated into each of the following specific objections and responses as if fully set forth therein, the Debtors respond to the Requests for Admission as follows:

### REQUEST FOR ADMISSION NO. 1

Admit that as of June 12, 2022, 3AC owned the following Assets that were held (on a custodial basis or otherwise) by FTX Trading Ltd:

|  | Asset | Amount | Cell in FTX_3AC_000000038 |
|---|---|---|---|
| a. | AVAX | 15.1000000000000000 | H 82460 |
| b. | BCH | 0.0000000061491708 | H 82462 |
| c. | BTC | 26779.5550000046000000 | H 82465 |
| d. | COIN | 0.0000000043469974 | H 82466 |
| e. | DOGE | 0.0000000031187781 | H 82469 |
| f. | DOT | 12319.6727758149000000 | H 82470 |
| g. | ETH | 137724.1741965020000000 | H 82471 |
| h. | ETHE | 2500915.6429776300000000 | H 82472 |
| i. | FIDA | 0.5672267700000000 | H 82473 |
| j. | FIDA_LOCKED | 5812134.4327732300000000 | H 82474 |
| k. | FTT | 1123117.3322516400000000 | H 82476 |
| l. | GBTC | 2847917.0030404600000000 | H 82477 |
| m. | GRT | 0.0000000093171430 | H 82478 |
| n. | LEO | 0.0000000075327645 | H 82483 |
| o. | LINK | 0.0000000100000000 | H 82484 |
| p. | LTC | 0.0000000072039376 | H 82487 |
| q. | LUNA2 | 607.6505084000000000 | H 82488 |
| r. | LUNA2_LOCKED | 1417.8511860000000000 | H 82489 |

| s. | LUNC | 31082.6818849600000000 | H 82490 |
| t. | PAXG | 0.0000000050000000 | H 82497 |
| u. | PYTH_LOCKED | 4166667.0000000000000000 | H 82499 |
| v. | ROOK | 16401.3766472050000000 | H 82502 |
| w. | SNX | 0.0000000100000000 | H 82505 |
| x. | SOL | 0.0000000068579291 | H 82506 |
| y. | SOS | 0.0000018500000000 | H 82507 |
| z. | SRM | 4123.0887553400000000 | H 82508 |
| aa. | SRM_LOCKED | 1184232.9101289600000000 | H 82509 |
| bb. | STETH | 0.0000000008290338 | H 82511 |
| cc. | SUSHI | 0.0000000034973833 | H 82512 |
| dd. | TRX | 0.0000000072275000 | H 82515 |
| ee. | UNI | 0.0000000088193574 | H 82517 |
| ff. | USDT | 0.0000000583035055 | H 82519 |
| gg. | USTC | 85995.6603976411000000 | H 82520 |
| hh. | WBTC | 0.0000000033487365 | H 82521 |
| ii. | XAUT | 0.0000000020000000 | H 82522 |
| jj. | ALPHA | 0.8934750000000000 | H 113345 |
| kk. | AURY | 0.7548800000000000 | H 113346 |
| ll. | AXS | 0.0788525000000000 | H 113348 |
| mm. | BTC | 0.0000462477463750 | H 113349 |
| nn. | COMP | 0.0000980300000000 | H 113350 |
| oo. | DOGE | 0.2259500000000000 | H 113351 |
| pp. | ETH | 0.0000000050000000 | H 113352 |
| qq. | FTT | 0.0693075000000000 | H 113353 |
| rr. | MCB | 0.0070274000000000 | H 113355 |
| ss. | MER | 164285.7100000000000000 | H 113356 |
| tt. | PERP | 0.0157650000000000 | H 113357 |
| uu. | SOL | 0.0073397500000000 | H 113359 |
| vv. | USD | 10.5821115206975000 | H 113360 |
| ww. | USDT | 0.0000000061500000 | H 113361 |
| xx. | USD | 0.0000000025000000 | H 120728 |
| yy. | FTT | 3.3911500000000000 | H 128508 |

| zz. | SRM | 85.3187374100000000 | H 128509 |
| aaa. | SRM_LOCKED | 527.4312625900000000 | H 128510 |
| bbb. | TRX | 0.0000310000000000 | H 128511 |
| ccc. | USD | 1278096.2959690800000000 | H 128512 |
| ddd. | USDT | 314190.3988726700000000 | H 128513 |
| eee. | SRM | 117.2866035500000000 | H 135404 |
| fff. | SRM_LOCKED | 730.3333964500000000 | H 135405 |
| ggg. | USD | 927716.6488290620000000 | H 135406 |
| hhh. | USDT | 308418.7859535600000000 | H 135407 |
| iii. | SRM | 89.4243048700000000 | H 142146 |
| jjj. | SRM_LOCKED | 556.6556951300000000 | H 142147 |
| kkk. | USD | 528273.8872676990000000 | H 142148 |
| lll. | USDT | 231451.9023334700000000 | H 142149 |
| mmm. | SRM | 123.0702100900000000 | H 148888 |
| nnn. | SRM_LOCKED | 760.7297899100000000 | H 148889 |
| ooo. | USD | 800411.7386709650000000 | H 148890 |
| ppp. | USDT | 272915.4528403000000000 | H 148891 |
| qqq. | BTC | 0.0000000093856447 | H 154434 |
| rrr. | USD | 0.0000000020970671 | H 154437 |
| sss. | BCH | 0.0000000052379276 | H 176557 |
| ttt. | BNB | 0.0000000086478739 | H 176558 |
| uuu. | BTC | 0.0000000003225168 | H 176559 |
| vvv. | LTC | 0.0000000014715642 | H 176562 |
| www. | MOB | 0.0000000078928964 | H 176564 |
| xxx. | TRX | 0.0000000048162230 | H 176570 |
| yyy. | USD | 0.0000000007125426 | H 176571 |
| zzz. | YFI | 0.0000000050000000 | H 176573 |
| aaaa. | ETH | 49.9060000000000000 | H 185744 |
| bbbb. | USD | 0.0000000080040000 | H 185745 |
| cccc. | FTT | 0.0000000035055250 | H 194417 |
| dddd. | USD | 29553625.0109609000000000 | H 194420 |
| eeee. | FTT | 0.0000000036855400 | H 209830 |
| ffff. | LOOKS | 0.0000000100000000 | H 209832 |

| gggg. | STETH | 0.0000000014959586 | H 209835 |
|---|---|---|---|
| hhhh. | USD | 4533633.5044397000000000 | H 209836 |
| iiii. | FTT | 98810.0578785700000000 | H 218844 |
| jjjj. | SRM | 5.3469398000000000 | H 218845 |
| kkkk. | SRM_LOCKED | 9642.9938584200000000 | H 218846 |
| llll. | USD | 9.1685101167595700 | H 218847 |
| mmmm | ETH | 0.0000000025000000 | H 224543 |
| nnnn. | USD | 0.0000000088080000 | H 224546 |
| oooo. | USD | 0.0000000018805000 | H 227546 |
| pppp. | USD | 0.0000000015963000 | H 230242 |
| qqqq. | USD | 0.0000000092400000 | H 232938 |
| rrrr. | SRM | 0.0174334500000000 | H 238024 |
| ssss. | SRM_LOCKED | 10.9540313100000000 | H 238025 |
| tttt. | USD | 0.0000000099137900 | H 238026 |
| uuuu. | USD | 0.0011249794600000 | H 241028 |
| vvvv. | USD | 0.0000000043640000 | H 243724 |
| Wwww | SRM | 0.0925681500000000 | H 248810 |
| xxxx. | SRM_LOCKED | 58.1636581300000000 | H 248811 |
| yyyy. | USD | 0.0000000046773200 | H 248812 |
| zzzz. | BAL | 0.0000000100000000 | H 257788 |
| aaaaa. | BTC | 0.0000000040907300 | H 257789 |
| bbbbb. | ETH | 0.0000000050000000 | H 257790 |
| ccccc. | FTT | 1000.0000000100000000 | H 257791 |
| ddddd. | SRM | 118.6538830400000000 | H 257792 |
| eeeee. | SRM_LOCKED | 69226.0592868400000000 | H 257793 |
| fffff. | USD | 0.0000000015649857 | H 257794 |
| ggggg. | USD | 0.0013843232530000 | H 261252 |
| hhhhh. | USD | 0.0000000096320000 | H 263948 |
| iiiii. | USD | 0.0000000045400000 | H 266644 |
| jjjjj. | USD | 0.0000000023600000 | H 269340 |
| kkkkk. | USD | 0.0000000061850000 | H 272036 |

## RESPONSE TO REQUEST FOR ADMISSION NO. 1

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Requests for Admission as set forth above.

Subject to and without waiver of their Objections, the Debtors deny that 3AC owned the Assets listed in Request for Admission No. 1 as of June 12, 2022.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories, which are hereby expressly incorporated into each of the following specific objections and responses as if fully set forth therein, the Debtors respond to the Interrogatories as follows:

## INTERROGATORY NO. 1

If Your response to Request for Admission No. 1 is anything other than an unequivocal admission, describe in full detail all facts and documents upon which You base Your denial, including without limitation, who You contend owns the Assets that were held (on a custodial basis or otherwise) by FTX Trading Ltd. for 3AC.

## RESPONSE TO INTERROGATORY NO. 1

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories as set forth above. The Debtors also object to this Interrogatory to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors further object to this Interrogatory on the basis that it seeks legal conclusions and/or legal arguments. The Debtors also object to this Interrogatory on the basis that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.

Subject to and without waiver of their Objections, the Debtors state that 3AC did not own any of the Assets in the 3AC Customer Accounts or otherwise held on the FTX.com

exchange as of June 12, 2022.[3]  To the contrary, those Assets were held in wallets that the Debtors owned and controlled, and accordingly were owned by the Debtors.  Furthermore, no contract between the parties established any trustee-beneficiary or other similar relationship establishing 3AC's ownership over the Assets held in such wallets.  Specifically, the FTX Terms of Service (as defined below) did not establish any trustee-beneficiary relationship between any of the Debtors and 3AC, and in fact any such fiduciary or other similar relationship was expressly disclaimed in the FTX Terms of Service, which stated that "FTX Trading is not your broker, intermediary, agent, or advisor and has no fiduciary relationship or obligation to you in connection with any trades or other decisions or activities effected by you using the Services."  (FTX Terms of Service § 2.1.3 (FTX_3AC_000013696); *see also* 3AC Line of Credit Agreement (as defined below) § 18 ("[N]o provision contained herein shall be deemed to create any relationship between the Parties hereto other than the relationship of borrower and lender.") (FTX_3AC_000000763).)  Accordingly, consistent with the FTX Terms of Service, 3AC Loan and Security Agreement (as defined below), 3AC Line of Credit Agreement, and all other applicable documents governing the 3AC Customer Accounts (as defined below) (collectively, the "3AC Customer Account Documents"), the Debtors and 3AC had a debtor-creditor relationship with respect to the Assets in the 3AC Customer Accounts.[4]

---

[3]    To the extent 3AC withdrew any Assets from the FTX.com exchange on June 12, 2022, 3AC obtained title to them when they were transferred from wallets owned and controlled by the Debtors into wallets own and controlled by 3AC.

[4]    All applicable documents governing the 3AC Customer Accounts have previously been produced to the Foreign Representatives.  *See infra Supplemental Responses and Objections to the First Set of Interrogatories; see also Responses and Objections to the Foreign Representatives of Three Arrows Capital, Ltd.'s (I) First Set of Interrogatories; (II) First Set of Requests for the Production of Documents; and (III) Notice of Deposition* (the "Responses to First Set of Discovery"), dated July 26, 2024.

The Debtors reserve all rights to fully address any claims to their property in litigation with 3AC or otherwise.

**INTERROGATORY NO. 2**

For each of the following 3AC Assets held (on a custodial basis or otherwise) by FTX Trading Ltd., describe in full detail the legal basis for the sale, liquidation, seizure, foreclosure or other transfer of that asset by FTX Trading Ltd. between June 12 and 14, 2022 and identify all facts and documents that support Your response:

|  | Asset | Amount | Cell in FTX_3AC_000000038 |
|---|---|---|---|
| a. | AVAX | 15.1000000000000000 | H 82460 |
| b. | BCH | 0.0000000061491708 | H 82462 |
| c. | BTC | 26779.5550000046000000 | H 82465 |
| d. | COIN | 0.0000000043469974 | H 82466 |
| e. | DOGE | 0.0000000031187781 | H 82469 |
| f. | DOT | 12319.6727758149000000 | H 82470 |
| g. | ETH | 137724.1741965020000000 | H 82471 |
| h. | ETHE | 2500915.6429776300000000 | H 82472 |
| i. | FIDA | 0.5672267700000000 | H 82473 |
| j. | FIDA_LOCKED | 5812134.4327732300000000 | H 82474 |
| k. | FTT | 1123117.3322516400000000 | H 82476 |
| l. | GBTC | 2847917.0030404600000000 | H 82477 |
| m. | GRT | 0.0000000093171430 | H 82478 |
| n. | LEO | 0.0000000075327645 | H 82483 |
| o. | LINK | 0.0000000100000000 | H 82484 |
| p. | LTC | 0.0000000072039376 | H 82487 |
| q. | LUNA2 | 607.6505084000000000 | H 82488 |
| r. | LUNA2_LOCKED | 1417.8511860000000000 | H 82489 |
| s. | LUNC | 31082.6818849600000000 | H 82490 |
| t. | PAXG | 0.0000000050000000 | H 82497 |
| u. | PYTH_LOCKED | 4166667.0000000000000000 | H 82499 |
| v. | ROOK | 16401.3766472050000000 | H 82502 |
| w. | SNX | 0.0000000100000000 | H 82505 |
| x. | SOL | 0.0000000068579291 | H 82506 |

| | | | |
|---|---|---|---|
| y. | SOS | 0.0000018500000000 | H 82507 |
| z. | SRM | 4123.0887553400000000 | H 82508 |
| aa. | SRM_LOCKED | 1184232.9101289600000000 | H 82509 |
| bb. | STETH | 0.0000000008290338 | H 82511 |
| cc. | SUSHI | 0.0000000034973833 | H 82512 |
| dd. | TRX | 0.0000000072275000 | H 82515 |
| ee. | UNI | 0.0000000088193574 | H 82517 |
| ff. | USDT | 0.0000000583035055 | H 82519 |
| gg. | USTC | 85995.6603976411000000 | H 82520 |
| hh. | WBTC | 0.0000000033487365 | H 82521 |
| ii. | XAUT | 0.0000000020000000 | H 82522 |
| jj. | ALPHA | 0.8934750000000000 | H 113345 |
| kk. | AURY | 0.7548800000000000 | H 113346 |
| ll. | AXS | 0.0788525000000000 | H 113348 |
| mm. | BTC | 0.0000462477463750 | H 113349 |
| nn. | COMP | 0.0000980300000000 | H 113350 |
| oo. | DOGE | 0.2259500000000000 | H 113351 |
| pp. | ETH | 0.0000000050000000 | H 113352 |
| qq. | FTT | 0.0693075000000000 | H 113353 |
| rr. | MCB | 0.0070274000000000 | H 113355 |
| ss. | MER | 164285.7100000000000000 | H 113356 |
| tt. | PERP | 0.0157650000000000 | H 113357 |
| uu. | SOL | 0.0073397500000000 | H 113359 |
| vv. | USD | 10.5821115206975000 | H 113360 |
| ww. | USDT | 0.0000000061500000 | H 113361 |
| xx. | USD | 0.0000000025000000 | H 120728 |
| yy. | FTT | 3.3911500000000000 | H 128508 |
| zz. | SRM | 85.3187374100000000 | H 128509 |
| aaa. | SRM_LOCKED | 527.4312625900000000 | H 128510 |
| bbb. | TRX | 0.0000310000000000 | H 128511 |
| ccc. | USD | 1278096.2959690800000000 | H 128512 |
| ddd. | USDT | 314190.3988726700000000 | H 128513 |
| eee. | SRM | 117.2866035500000000 | H 135404 |

| | | | |
|---|---|---|---|
| fff. | SRM_LOCKED | 730.3333964500000000 | H 135405 |
| ggg. | USD | 927716.6488290620000000 | H 135406 |
| hhh. | USDT | 308418.7859535600000000 | H 135407 |
| iii. | SRM | 89.4243048700000000 | H 142146 |
| jjj. | SRM_LOCKED | 556.6556951300000000 | H 142147 |
| kkk. | USD | 528273.8872676990000000 | H 142148 |
| lll. | USDT | 231451.9023334700000000 | H 142149 |
| mmm. | SRM | 123.0702100900000000 | H 148888 |
| nnn. | SRM_LOCKED | 760.7297899100000000 | H 148889 |
| ooo. | USD | 800411.7386709650000000 | H 148890 |
| ppp. | USDT | 272915.4528403000000000 | H 148891 |
| qqq. | BTC | 0.0000000093856447 | H 154434 |
| rrr. | USD | 0.0000000020970671 | H 154437 |
| sss. | BCH | 0.0000000052379276 | H 176557 |
| ttt. | BNB | 0.0000000086478739 | H 176558 |
| uuu. | BTC | 0.0000000003225168 | H 176559 |
| vvv. | LTC | 0.0000000014715642 | H 176562 |
| www. | MOB | 0.0000000078928964 | H 176564 |
| xxx. | TRX | 0.0000000048162230 | H 176570 |
| yyy. | USD | 0.0000000007125426 | H 176571 |
| zzz. | YFI | 0.0000000050000000 | H 176573 |
| aaaa. | ETH | 49.9060000000000000 | H 185744 |
| bbbb. | USD | 0.0000000080040000 | H 185745 |
| cccc. | FTT | 0.0000000035055250 | H 194417 |
| dddd. | USD | 29553625.0109609000000000 | H 194420 |
| eeee. | FTT | 0.0000000036855400 | H 209830 |
| ffff. | LOOKS | 0.0000000100000000 | H 209832 |
| gggg. | STETH | 0.0000000014959586 | H 209835 |
| hhhh. | USD | 4533633.5044397000000000 | H 209836 |
| iiii. | FTT | 98810.0578785700000000 | H 218844 |
| jjjj. | SRM | 5.3469398000000000 | H 218845 |
| kkkk. | SRM_LOCKED | 9642.9938584200000000 | H 218846 |
| llll. | USD | 9.1685101167595700 | H 218847 |

| mmmm | ETH | 0.0000000025000000 | H 224543 |
|---|---|---|---|
| nnnn. | USD | 0.0000000088080000 | H 224546 |
| oooo. | USD | 0.0000000018805000 | H 227546 |
| pppp. | USD | 0.0000000015963000 | H 230242 |
| qqqq. | USD | 0.0000000092400000 | H 232938 |
| rrrr. | SRM | 0.0174334500000000 | H 238024 |
| ssss. | SRM_LOCKED | 10.9540313100000000 | H 238025 |
| tttt. | USD | 0.0000000099137900 | H 238026 |
| uuuu. | USD | 0.0011249794600000 | H 241028 |
| vvvv. | USD | 0.0000000043640000 | H 243724 |
| wwww | SRM | 0.0925681500000000 | H 248810 |
| xxxx. | SRM_LOCKED | 58.1636581300000000 | H 248811 |
| yyyy. | USD | 0.0000000046773200 | H 248812 |
| zzzz. | BAL | 0.0000000100000000 | H 257788 |
| aaaaa. | BTC | 0.0000000040907300 | H 257789 |
| bbbbb. | ETH | 0.0000000050000000 | H 257790 |
| ccccc. | FTT | 1000.0000000100000000 | H 257791 |
| ddddd. | SRM | 118.6538830400000000 | H 257792 |
| eeeee. | SRM_LOCKED | 69226.0592868400000000 | H 257793 |
| fffff. | USD | 0.0000000015649857 | H 257794 |
| ggggg. | USD | 0.0013843232530000 | H 261252 |
| hhhhh. | USD | 0.0000000096320000 | H 263948 |
| iiiii. | USD | 0.0000000045400000 | H 266644 |
| jjjjj. | USD | 0.0000000023600000 | H 269340 |
| kkkkk. | USD | 0.0000000061850000 | H 272036 |

## RESPONSE TO INTERROGATORY NO. 2

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories as set forth above. The Debtors also object to this Interrogatory to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors also object to this Interrogatory on the basis that it seeks legal conclusions and/or legal arguments. The

Debtors also object to this Interrogatory on the basis that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.

Subject to and without waiver of their Objections, the Debtors state that certain of the Assets listed in Interrogatory No. 2 were not sold, liquidated, seized, foreclosed or otherwise transferred by the Debtors between June 12 and June 14, 2022.  The Debtors direct the Foreign Representatives to the chart set forth on Exhibit A attached hereto that identifies Assets listed in Interrogatory No. 2 that were sold, liquidated, seized, foreclosed or otherwise transferred by the Debtors between June 12 and June 14, 2022.

Further, the Debtors state that any liquidation by the Debtors of the Assets listed in Interrogatory No. 2 was executed pursuant to and in accordance with the 3AC Customer Account Documents (as defined below).  The 3AC Customer Account Documents imposed certain margin trading collateral requirements to the 3AC Customer Accounts (as defined below) and which, among other things, entitled FTX Trading to liquidate assets in the 3AC Customer Accounts in the ordinary course of business if the 3AC Customer Accounts failed to meet applicable collateral requirements and entitled FTX Trading to apply proceeds, property, or amounts received on such liquidation to reduce leverage in the account or otherwise resolve the collateral or account balance deficiencies.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions to Document Requests, which are hereby expressly incorporated into each of the following specific objections and responses as if fully set forth therein, the Debtors respond to the Document Requests as follows:

## DOCUMENT REQUEST NO. 1

All Documents identified in Your responses to 3AC's First Set of Requests for Admission and Second Set of Interrogatories to You.

## RESPONSE TO DOCUMENT REQUEST NO. 1

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Document Requests as set forth above.  The Debtors further object to this Document Request to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit.

Subject to and without waiver of their Objections, the Debtors state that they have not identified any documents in their responses to 3AC's First Set of Requests for Admission and Second Set of Interrogatories beyond those previously identified and produced to 3AC.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS
## TO THE FIRST SET OF INTERROGATORIES

Subject to and without waiving the General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories as set forth in the Debtors' Responses to First Set of Discovery, which are hereby expressly incorporated into each of the following specific objections and responses as if fully set forth therein, the Debtors respond to the First Set of Interrogatory Nos. 1 and 3 as follows:

## FIRST SET OF INTERROGATORY NO. 1

Identify any and all agreements (whether formal or informal, written or oral, or otherwise) between 3AC and FTX that gave rise to 3AC's negative U.S. Dollar balances reflected in FTX_3AC_000000038, including without limitation any loan agreements, security agreements, collateral pledges, loan assignment agreements, borrowing requests, margin call communications, trade confirmations, or other similar documents.

## RESPONSE TO FIRST SET OF INTERROGATORY NO. 1

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories as set forth in the Responses to First

Set of Discovery. The Debtors also object to this Interrogatory on the basis that the term "gave rise to" is vague and ambitious, undefined and capable of multiple meanings and interpretations, and therefore this Interrogatory purports to impose an obligation on the Debtors to ascertain its intended scope and meaning. The Debtors further object to this Interrogatory to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. In addition, the Debtors object to this Interrogatory to the extent it is duplicative of First Set of Interrogatory No. 3.

Subject to and without waiver of their Objections, the Debtors respond that, to the Debtors' knowledge, prior to the commencement of the above-captioned cases, 3AC was the holder of multiple trading accounts on the FTX.com platform (collectively, the "3AC Customer Accounts"). Through the 3AC Customer Accounts, among other things, 3AC participated in FTX Trading's spot margin trading program. In connection with the 3AC Customer Accounts and the spot margin trading program, 3AC and FTX Trading were parties to that certain Loan and Security Agreement, dated October 22, 2021, previously produced bearing production numbers FTX_3AC_000000075 through FTX_3AC_000000095 (the "3AC Loan and Security Agreement"), and that certain Line of Credit Agreement, dated March 30, 2022, previously produced bearing production numbers FTX_3AC_000000758 through FTX_3AC_000000763 (the "3AC Line of Credit Agreement"). In addition, additional documents related to the 3AC Customer Accounts include (1) that certain Terms of Service, dated May 13, 2022, previously produced bearing production numbers FTX_3AC_000013695 through FTX_3AC_000013756 (the "FTX Terms of Service"); (2) that certain draft Line of Credit Agreement between 3AC and FTX Trading, dated April 28, 2021, previously produced bearing production numbers FTX_3AC_000013664 through FTX_3AC_000013669; (3) an explanatory memorandum

describing the utilization of the Debtors' lines of credit, previously produced bearing production numbers FTX_3AC_000013689 through FTX_3AC_000013694; and (4) that certain undated terms of services, previously produced bearing production numbers FTX_3AC_000013670 through FTX_3AC_000013688.

**FIRST SET OF INTERROGATORY NO. 3**

With respect to each FTX entity identified in response to Interrogatory No. 2, identify (i) the nature of the relationship between 3AC and such entity and (ii) any agreements or Documents relating to such relationship.

**RESPONSE TO FIRST SET OF INTERROGATORY NO. 3**

The Debtors incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions to Interrogatories as set forth in the Responses to First Set of Discovery. The Debtors also object to this Interrogatory to the extent it seeks information that is not relevant and/or because the burden or expense of the requested discovery outweighs its likely benefit. The Debtors further object to this Interrogatory to the extent it is duplicative of First Set of Interrogatory No. 1.

Subject to and without waiver of their Objections, the Debtors refer the Foreign Representatives to, and incorporate by reference, their Response to First Set of Interrogatory No. 1 above.

Dated:  September 3, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       mcguire@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Counsel for Debtors and Debtors-in-Possession*

**EXHIBIT A**

**Exhibit A**

| | | Schedule Provided by 3AC | Amount Liquidated Between June 12-14, 2022 |
|---|---|---|---|
| Ref | Asset | Amount | |
| a. | AVAX | 15.1000000000000000 | - |
| b. | BCH | 0.0000000061491708 | - |
| c. | BTC | 26,779.5550000046000000 | - |
| d. | COIN | 0.0000000043469974 | - |
| e. | DOGE | 0.0000000031187781 | - |
| f. | DOT | 12,319.6727758149000000 | 2.9727758100000000 |
| g. | ETH | 137,724.1741965020000000 | 10,697.8411965100000000 |
| h. | ETHE | 2,500,915.6429776300000000 | 2,500,915.6429776300000000 |
| i. | FIDA | 0.5672267700000000 | 0.5672267700000000 |
| j. | FIDA_LOCKED | 5,812,134.4327732300000000 | - |
| k. | FTT | 1,123,117.3322516400000000 | 580,833.6322516000000000 |
| l. | GBTC | 2,847,917.0030404600000000 | 2,847,917.0030404600000000 |
| m. | GRT | 0.0000000093171430 | - |
| n. | LEO | 0.0000000075327645 | - |
| o. | LINK | 0.0000000100000000 | - |
| p. | LTC | 0.0000000072039376 | - |
| q. | LUNA2 | 607.6505084000000000 | - |
| r. | LUNA2_LOCKED | 1,417.8511860000000000 | - |
| s. | LUNC | 31,082.6818849600000000 | 31,082.6818849600000000 |
| t. | PAXG | 0.0000000050000000 | - |
| u. | PYTH_LOCKED | 4,166,667.0000000000000000 | - |
| v. | ROOK | 16,401.3766472050000000 | - |
| w. | SNX | 0.0000000100000000 | - |
| x. | SOL | 0.0000000068579291 | - |
| y. | SOS | 0.0000018500000000 | - |
| z. | SRM | 4,123.0887553400000000 | 560.1311302500000000 |
| aa. | SRM_LOCKED | 1,184,232.9101289600000000 | - |
| bb. | STETH | 0.0000000008290338 | - |
| cc. | SUSHI | 0.0000000034973833 | - |
| dd. | TRX | 0.0000000072275000 | - |
| ee. | UNI | 0.0000000088193574 | - |
| ff. | USDT | 0.0000000583035055 | - |
| gg. | USTC | 85,995.6603976411000000 | 85,995.6603976400000000 |
| hh. | WBTC | 0.0000000033487365 | - |
| ii. | XAUT | 0.0000000020000000 | - |
| jj. | ALPHA | 0.8934750000000000 | - |
| kk. | AURY | 0.7548800000000000 | - |
| ll. | AXS | 0.0788525000000000 | - |
| mm. | BTC | 0.0004462477463750 | - |
| nn. | COMP | 0.0000980300000000 | - |
| oo. | DOGE | 0.2259500000000000 | - |

**Exhibit A**

| | Schedule Provided by 3AC | | Amount Liquidated |
|---|---|---|---|
| **Ref** | **Asset** | **Amount** | **Between June 12-14, 2022** |
| pp. | ETH | 0.0000000050000000 | - |
| qq. | FTT | 0.0693075000000000 | - |
| rr. | MCB | 0.0070274000000000 | - |
| ss. | MER | 164,285.7100000000000000 | - |
| tt. | PERP | 0.0157650000000000 | - |
| uu. | SOL | 0.0073397500000000 | - |
| vv. | USD | 10.5821115206975000 | - |
| ww. | USDT | 0.0000000061500000 | - |
| xx. | USD | 0.0000000025000000 | - |
| yy. | FTT | 3.3911500000000000 | - |
| zz. | SRM | 85.3187374100000000 | - |
| aaa. | SRM_LOCKED | 527.4312625900000000 | - |
| bbb. | TRX | 0.0000310000000000 | - |
| ccc. | USD | 1,278,096.2959690800000000 | - |
| ddd. | USDT | 314,190.3988726700000000 | 311,911.8513000000000000 |
| eee. | SRM | 117.2866035500000000 | - |
| fff. | SRM_LOCKED | 730.3333964500000000 | - |
| ggg. | USD | 927,716.6488290620000000 | - |
| hhh. | USDT | 308,418.7859535600000000 | 278,763.6226000000000000 |
| iii. | SRM | 89.4243048700000000 | - |
| jjj. | SRM_LOCKED | 556.6556951300000000 | - |
| kkk. | USD | 528,273.8872676990000000 | - |
| lll. | USDT | 231,451.9023334700000000 | 224,059.2492000000000000 |
| mmm. | SRM | 123.0702100900000000 | - |
| nnn. | SRM_LOCKED | 760.7297899100000000 | - |
| ooo. | USD | 800,411.7386709650000000 | - |
| ppp. | USDT | 272,915.4528403000000000 | 255,892.9899000000000000 |
| qqq. | BTC | 0.0000000093856447 | - |
| rrr. | USD | 0.0000000020970671 | - |
| sss. | BCH | 0.0000000052379276 | - |
| ttt. | BNB | 0.0000000086478739 | - |
| uuu. | BTC | 0.0000000003225168 | - |
| vvv. | LTC | 0.0000000014715642 | - |
| www. | MOB | 0.0000000078928964 | - |
| xxx. | TRX | 0.0000000048162230 | - |
| yyy. | USD | 0.0000000007125426 | - |
| zzz. | YFI | 0.0000000050000000 | - |
| aaaa. | ETH | 49.9060000000000000 | - |
| bbbb. | USD | 0.0000000080040000 | - |
| cccc. | FTT | 0.0000000035055250 | - |
| dddd. | USD | 29,553,625.0109609000000000 | - |

**Exhibit A**

| Schedule Provided by 3AC | | Amount Liquidated Between June 12-14, 2022 |
|---|---|---|
| **Ref** | **Asset** | **Amount** | |
| eeee. | FTT | 0.0000000036855400 | - |
| ffff. | LOOKS | 0.0000000100000000 | - |
| gggg. | STETH | 0.0000000014959586 | - |
| hhhh. | USD | 4,533,633.50443970000000000 | - |
| iiii. | FTT | 98,810.0578785700000000 | - |
| jjjj. | SRM | 5.3469398000000000 | - |
| kkkk. | SRM_LOCKED | 9,642.9938584200000000 | - |
| llll. | USD | 9.1685101167595700 | - |
| mmmm | ETH | 0.0000000025000000 | - |
| nnnn. | USD | 0.0000000088080000 | - |
| oooo. | USD | 0.0000000018805000 | - |
| pppp. | USD | 0.0000000015963000 | - |
| qqqq. | USD | 0.0000000092400000 | - |
| rrrr. | SRM | 0.0174334500000000 | - |
| ssss. | SRM_LOCKED | 10.9540313100000000 | - |
| tttt. | USD | 0.0000000099137900 | - |
| uuuu. | USD | 0.0011249794600000 | - |
| vvvv. | USD | 0.0000000043640000 | - |
| wwww. | SRM | 0.0925681500000000 | - |
| xxxx. | SRM_LOCKED | 58.1636581300000000 | - |
| yyyy. | USD | 0.0000000046773200 | - |
| zzzz. | BAL | 0.0000000100000000 | - |
| aaaaa. | BTC | 0.0000000040907300 | - |
| bbbbb. | ETH | 0.0000000050000000 | - |
| ccccc. | FTT | 1,000.0000000100000000 | - |
| ddddd. | SRM | 118.6538830400000000 | - |
| eeeee. | SRM_LOCKED | 69,226.0592868400000000 | - |
| fffff. | USD | 0.0000000015649857 | - |
| ggggg. | USD | 0.0013843232530000 | - |
| hhhhh. | USD | 0.0000000096320000 | - |
| iiiii. | USD | 0.0000000045400000 | - |
| jjjjj. | USD | 0.0000000023600000 | - |
| kkkkk. | USD | 0.0000000061850000 | - |

**EXHIBIT 13**

| | |
|---|---|
| **From:** | Beller, Benjamin S. <bellerb@sullcrom.com> |
| **Sent:** | Tuesday, September 3, 2024 1:22 PM |
| **To:** | Liu, Sienna; Ikeda, Tiffany (CC); Glueckstein, Brian D. |
| **Cc:** | Goldberg, Adam (NY); Mohebbi, Nima (LA); Harris, Christopher (NY); Taousse, Nacif (NY); Zhao, Zijun (NY); Wadier, Sebastien (LA); Rosen, Brian (NY); Keeley, Julian M. |
| **Subject:** | RE: FTX/3AC |

And further to the below, we can make our 30b6 witness available for deposition at S&C's offices in NY on either September 18 or 19th. Please let us know.

**Benjamin S. Beller**
+1 212 558 3334 (T) | +1 917 660 0174 (M)

**From:** Liu, Sienna <lius@sullcrom.com>
**Sent:** Tuesday, September 3, 2024 10:07 AM
**To:** Tiffany.Ikeda@lw.com; Beller, Benjamin S. <bellerb@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Cc:** Adam.Goldberg@lw.com; nima.mohebbi@lw.com; CHRISTOPHER.HARRIS@lw.com; Nacif.Taousse@lw.com; Zijun.Zhao@lw.com; Sebastien.Wadier@lw.com; Brian.Rosen@lw.com; Keeley, Julian M. <keeleyj@sullcrom.com>
**Subject:** RE: FTX/3AC

Counsel,

Please see attached (I) the Debtors' responses and objections to 3AC's second set of discovery requests directed to the Debtors on August 7, 2024; and (II) the Debtors' supplemental responses and objections to 3AC's first set of interrogatories directed to the Debtors on July 26, 2024.

Best,
Sienna


**Sienna Liu**
T: (212)558-4087

**From:** Liu, Sienna
**Sent:** Wednesday, August 28, 2024 8:38 PM
**To:** Tiffany.Ikeda@lw.com; Beller, Benjamin S. <bellerb@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>
**Cc:** Adam.Goldberg@lw.com; nima.mohebbi@lw.com; CHRISTOPHER.HARRIS@lw.com; Nacif.Taousse@lw.com; Zijun.Zhao@lw.com; Sebastien.Wadier@lw.com; Brian.Rosen@lw.com
**Subject:** RE: FTX/3AC

Counsel,

We are working on responses to your second set of discovery requests, and will revert soon.

For the deposition, we are confirming dates for September, and will get back to you. We will present a witness subject to all our objections, including both general and specific objections, as set out in our July 26, 2024 R&Os to your first set of discovery requests and the attached supplemental R&Os to the deposition notice, with the exception of Topic No. 11 (on loans made by Voyager to 3AC).

Best,
Sienna

**Sienna Liu**
T: (212)558-4087

---

**From:** Tiffany.Ikeda@lw.com <Tiffany.Ikeda@lw.com>
**Sent:** Tuesday, August 27, 2024 8:27 PM
**To:** Beller, Benjamin S. <bellerb@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Adam.Goldberg@lw.com; nima.mohebbi@lw.com; CHRISTOPHER.HARRIS@lw.com; Nacif.Taousse@lw.com; Zijun.Zhao@lw.com; Sebastien.Wadier@lw.com; Brian.Rosen@lw.com
**Subject:** [EXTERNAL] RE: FTX/3AC

Counsel,

In your email dated August 15, you said you anticipated responding to our second set of discovery requests by the end of last week. We have not received the Debtors' responses. Can you please let us know when you anticipate serving them?

Also, please let us know when FTX's 30(b)(6) witness(es) will be available for deposition the week of September 9. We expect FTX's witness(es) to be prepared on all topics listed in 3AC's July 10, 2024 deposition notice, including Topics 11-16 for which FTX did not serve any objections.

Tiffany

**Tiffany M. Ikeda**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100 | Los Angeles, CA 90067
D: +1.424.653.5416 | M: +1.213.507.4609

---

**From:** Beller, Benjamin S. <bellerb@sullcrom.com>
**Sent:** Thursday, August 15, 2024 6:54 AM
**To:** Ikeda, Tiffany (CC) <Tiffany.Ikeda@lw.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; Harris, Christopher (NY) <CHRISTOPHER.HARRIS@lw.com>; Taousse, Nacif (NY) <Nacif.Taousse@lw.com>; Zhao, Zijun (NY) <Zijun.Zhao@lw.com>; Wadier, Sebastien (LA) <Sebastien.Wadier@lw.com>; Rosen, Brian (NY) <Brian.Rosen@lw.com>
**Subject:** RE: FTX/3AC

We anticipate responding to your second set of discovery requests by the end of next week. Given the calendar and schedules, we will get back to you on dates in the first two weeks of September for a deposition. We agree to adjourn the hearing on our claim objection to the October omnibus hearing with a corresponding extension of 3AC's response deadline.

The FTX Debtors do not consent to 3AC filing an amended proof of claim and will oppose any relief sought from the Court for leave to do so.  It is especially difficult for us to even consider consenting when you have not articulated any claim that you believe is properly asserted against the FTX Debtors, or a basis for leave to amend.  We are willing to consider a request for consent to an amended claim if and when you did so.  Otherwise, we suggest you file any motion to amend the claim so the Court can address it.  We do not agree that needs to or should wait until your discovery efforts are completed, and that process should proceed in parallel.

**Benjamin S. Beller**
+1 212 558 3334 (T) | +1 917 660 0174 (M)

---

**From:** Tiffany.Ikeda@lw.com <Tiffany.Ikeda@lw.com>
**Sent:** Tuesday, August 13, 2024 6:25 PM
**To:** Beller, Benjamin S. <bellerb@sullcrom.com>; Glueckstein, Brian D. <gluecksteinb@sullcrom.com>; Liu, Sienna <lius@sullcrom.com>
**Cc:** Adam.Goldberg@lw.com; nima.mohebbi@lw.com; CHRISTOPHER.HARRIS@lw.com; Nacif.Taousse@lw.com; Zijun.Zhao@lw.com; Sebastien.Wadier@lw.com; Brian.Rosen@lw.com
**Subject:** [EXTERNAL] RE: FTX/3AC

Counsel,

I am writing to discuss depo scheduling, FTX's discovery responses, 3AC's forthcoming amended proof of claim, and 3AC's objection to the plan.

1. **Deposition Scheduling**:  On August 1 and 7, we asked you to check on whether FTX's 30(b)(6) witness would be available for deposition the week of August 19.  We have not heard back.  Please let us know if FTX's witness is available for deposition on August 21 or 22.

2. **FTX Discovery Responses**:  On August 7, we served 3AC's second set of discovery consisting of one RFA, one RFP, and two interrogatories, and set the response date for August 13 at 5 pm ET.  As that deadline has now passed, please let us know when you anticipate being able to provide a substantive response to the discovery.  As you may expect, we will need responses at least five days before we take FTX's 30(b)(6) depo.

3. **3AC's Forthcoming Amended Proof of Claim**:  As we discussed on August 1, our plan is to amend 3AC's proof of claim after we take FTX's deposition.  Will you consent to our filing of an amended proof of claim?  Alternatively, we will need to push back the claim objection deadline further to allow sufficient time to complete the deposition, file our amended proof of claim, and then have a hearing on a motion to amend our proof of claim before our response to the claim objection is due.

4. **3AC's Objection to the Plan**:  We are planning on filing a limited objection to the plan on the grounds that it does not provide for a reserve for disputed claims in an amount sufficient to meet the requirements of section 1123(a)(4) of the Bankruptcy Code to provide equal distributions for all creditors in the same class.  We are open to working with you on a resolution that provides notice of the amount of reserves and an opportunity for the parties to be heard (if necessary) or reaching an agreement on an extension of the objection deadline, in light of our ongoing work towards a claim resolution.

We suggest a meet and confer on Wednesday afternoon (ET) or anytime Thursday.  Please let us know what works for you.

Tiffany

**Tiffany M. Ikeda**

**LATHAM & WATKINS** LLP
10250 Constellation Blvd. Suite 1100 | Los Angeles, CA 90067
D: +1.424.653.5416 | M: +1.213.507.4609

---

**From:** Ikeda, Tiffany (CC)
**Sent:** Wednesday, August 7, 2024 10:17 AM
**To:** 'Beller, Benjamin S.' <bellerb@sullcrom.com>; 'Glueckstein, Brian D.' <gluecksteinb@sullcrom.com>; 'Liu, Sienna' <lius@sullcrom.com>
**Cc:** Goldberg, Adam (NY) <Adam.Goldberg@lw.com>; Mohebbi, Nima (LA) <nima.mohebbi@lw.com>; Harris, Christopher (NY) <CHRISTOPHER.HARRIS@lw.com>; Taousse, Nacif (NY) <Nacif.Taousse@lw.com>; Zhao, Zijun (NY) <Zijun.Zhao@lw.com>; Wadier, Sebastien (LA) <Sebastien.Wadier@lw.com>
**Subject:** FTX/3AC

Counsel,

Please see the attached discovery requests.  We have set these for a return date of August 13, but please let us know if you need more time and if so, when you anticipate being able to provide a substantive response.

During our call last Thursday, we discussed FTX's objections and responses to 3AC's discovery requests.  You said that although FTX's responses to the deposition topics only agreed to meet and confer, FTX was willing to put up a witness on all topics, with the caveat that you can only educate the witness based on what is known from the documents.  As such, we requested that you check on the witness's availability for deposition the week of August 19.  Can you please let us know if there are dates during that week that would work for a deposition?

Lastly, we appreciate your offer to work with us on providing the information in FTX_3AC_000000002 in a useable format.  Teneo is trying to address this issue, but we will circle back if we need further assistance.

Best,
Tiffany

**Tiffany M. Ikeda**

**LATHAM & WATKINS** LLP
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Direct Dial: +1.424.653.5416
Email: tiffany.ikeda@lw.com
https://www.lw.com [lw.com]

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be

processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com [lw.com].

---

**This is an external message from: Tiffany.Ikeda@lw.com **

---

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.