**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date: November 20, 2024 at 2:00 p.m. (ET)<br>Obj. Deadline: October 31, 2024 at 4:00 p.m. (ET)<br><br>Re: DI 7789, 8191 & 27488 |

**REPLY TO OBJECTION TO MOTION OF NEXXUS PARTICIPATION VEHICLE III LLC TO (I) STRIKE NOTICE OF TRANSFER OF CLAIM [ECF NO. 7789] TO FTXCREDITOR, LLC, AND (II) REQUIRE THE DEBTORS' CLAIMS AND NOTICING AGENT TO RECOGNIZE AND RECORD TRANSFER OF CLAIM [ECF NO. 8191] TO NEXXUS**

Nexxus Participation Vehicle III LLC ("Nexxus"), by its undersigned counsel, hereby files this reply (the "Reply") to the objection (the "Objection") [ECF No. 27488] filed by FTXCreditor, LLC ("FTXCreditor") to Nexxus's motion (the "Motion")[2] [ECF No. 26943] to (I) strike the notice of *Transfer of Claim Other than for Security* (the "FTXCreditor Notice of Transfer") [ECF No. 7789] filed by FTXCreditor to provide notice of a purported transfer of the claim identified as Schedule ID No. 221106805309735 (the "Claim") from the customer who was assigned customer code number 04196273 (the "Seller") to FTXCreditor; and (II) require Kroll Restructuring Administration LLC ("Kroll"), the Claims and Noticing Agent for FTX Trading Ltd. ("FTX") and its affiliated debtor entities (collectively, the "Debtors"), to recognize and record the transfer of

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Claim to Nexxus pursuant to the notice of *Transfer of Claim Other than for Security* (the "Nexxus Notice of Transfer") [ECF No. 8191]. In support of this Reply, Nexxus respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Objection is more noteworthy for what it does not say than for what it says. The Objection does not dispute the two legal principles underpinning the relief requested by Nexxus in the Motion: (i) once a seller has sold its claim to one party, it has no right to the claim that it could subsequently transfer to a second assignee, so the first assignee is the rightful owner of the claim despite the purported second assignment; and (ii) a second assignee's filing of a notice of transfer of claim under Federal Rule of Bankruptcy Procedure 3001 before the prior assignee files its notice of transfer of claim does not change the result.

2. Rather than address the legal bases discussed by Nexxus in support of the Motion, the Objection raises the following arguments: (i) this Court does not have jurisdiction to consider the Motion because Nexxus and FTXCreditor are bound by the forum selection clauses in their respective agreements with the Seller; (ii) Nexxus does not have standing under Bankruptcy Rule 3001 to object to the FTXCreditor Notice of Transfer; and (iii) the Motion raises unresolved issues of fact. These arguments are either irrelevant or meritless.

3. First, FTXCreditor points to a forum selection clause in the agreements between (i) FTXCreditor and the Seller, and (ii) Nexxus and the Seller, to attempt to divest this Court of jurisdiction to adjudicate this dispute. But the dispute raised in the Motion is solely between Nexxus and FTXCreditor, and it relates to which party is entitled to receive distributions on account of the Claim under the confirmed Plan (defined below). There is no contract or agreement between Nexxus and FTXCreditor. Hence, Nexxus and FTXCreditor are not bound by any forum selection clause.

4.      The relief sought in the Motion is to strike the FTXCreditor Notice of Transfer and to compel Kroll to recognize Nexxus as the holder of the Claim and record the Nexxus Notice of Transfer. Through this Motion, Nexxus is not attempting to assert any claims against the Seller. Nor is Nexxus seeking to affect whatever rights and claims the Seller and FTXCreditor may have against each other under their agreement.

5.      FTXCreditor similarly advances a legal issue that is not applicable in this case, asserting that Nexxus does not have standing under Bankruptcy Rule 3001 to object to the FTXCreditor Notice of Transfer. But Nexxus is not invoking Bankruptcy Rule 3001 in the Motion. Nexxus is asking the Court to enter an order striking one of two notices of transfer filed with respect to the same underlying claim. Nexxus clearly has standing to seek that relief because its economic rights are at stake. This is not a situation in which Nexxus is attempting to invoke the right of the Seller to deny that his Claim was ever transferred to FTXCreditor, as would be the Seller's right under Bankruptcy Rule 3001. Accordingly, any concern regarding Nexxus's standing to invoke Bankruptcy Rule 3001 is not relevant.

6.      Lastly, FTXCreditor attempts to delay the Court's adjudication of the Motion by manufacturing a factual dispute regarding the timing of the respective parties' purchase of the Claim from the Seller. Nexxus already filed with the Court a copy of its Assignment of Claim Agreement with the Seller dated February 9, 2024 [ECF No. 9274-1, Exh. A]. As the documents annexed hereto demonstrate, Nexxus paid, and the Seller confirmed receipt of consideration for, the transfer of the Claim on February 15, 2024. The Objection does not allege that FTXCreditor purchased the Claim before Nexxus purchased the Claim on February 15, 2024, even though Nexxus clearly stated in the Motion that it paid for the Claim on February 15, 2024. Nexxus has annexed hereto as <u>Exhibits A-D</u> documents evidencing the payment of the purchase price to the

Seller on February 15, 2024 as consideration for the transfer of the Claim to Nexxus pursuant to the Agreement. The Seller confirmed via email sent on February 15, 2024 his receipt of payment for the Claim. Thus, FTXCreditor cannot dispute the fact that the Claim was already purchased by Nexxus and could not be purchased by FTXCreditor. Under applicable law, only Nexxus is the holder of the Claim because the Seller had no further rights to the Claim to be able to transfer to FTXCreditor.

7. FTXCreditor questions whether Nexxus and Seller intended for the assignment of the Claim take effect upon execution of their agreement or upon Seller's receipt of payment, but both preceded FTXCreditor's purported purchase of the Claim. The outcome of this motion does not turn on whether FTXCreditor or Nexxus has recourse against the Seller, or what drove the timing of Nexxus' filing of its notice of transfer of claim. Accordingly, there is no factual dispute with respect to this dispositive fact. Consistent with the reasoning in *In re Celotex Corp.*, 224 B.R. 853 (Bankr. M.D. Fla. 1998) ("*Celotex*"), this Court can and should find as a matter of law that Nexxus is the only holder of the Claim, and grant the relief requested in the Motion.

## REPLY

**A.    There Is No Forum Selection Provision Between Nexxus And FTXCreditor**

8. FTXCreditor urges this Court to enforce a forum selection clause that does not exist between FTXCreditor and Nexxus. Because Nexxus and FTXCreditor are not parties to any agreement, there is no forum selection clause that binds Nexxus and FTXCreditor, requiring Nexxus to litigate against FTXCreditor in a New York state court. Nor is Nexxus seeking to assert any right against the Seller under the Agreement between Nexxus and the Seller. Accordingly, the forum selection clause in the Agreement is not applicable.

9. This Court is the proper court to adjudicate the Motion. The Court's *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of*

*Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* entered on October 8, 2024 (the "Confirmation Order") [ECF No. 26404] provides that the Court retains jurisdiction over the matters set forth in Section 12 of the confirmed plan annexed as Exhibit A to the Confirmation Order (the "Plan").  Pursuant to the Plan, the Court retains exclusive jurisdiction to, among other things, "[e]nsure that Distributions to Holders of Allowed Claims are accomplished pursuant to the Plan and adjudicate any and all disputes from, or relating to Distributions under the Plan." Plan § 12.1(e).  Two parties are asserting rights to distributions under the confirmed Plan on account of the same claim.  The Plan Administrator (as defined in the Plan) needs clarity so it can properly effectuate distributions on account of the Claim in accordance with the Plan.  This Court has exclusive jurisdiction to determine this issue so that the distributions on account of the Claim are made to the correct party in accordance with the Plan.

**B.    Nexxus's Standing To Object Under Bankruptcy Rule 3001 Is Not At Issue Because Nexxus Is Not Invoking Bankruptcy Rule 3001**

10.    FTXCreditor further argues that Nexxus does not have standing under Bankruptcy Rule 3001 to object to the FTXCreditor Notice of Transfer.  Again, FTXCreditor invokes a legal principle that has no application here.  The Motion is not an objection to the FTXCreditor Notice of Transfer.  Nexxus is not asserting any right as a transferor of the Claim under Bankruptcy Rule 3001.  Rather, Nexxus is asserting its right as the prior-in-time purchaser of the Claim to request that the Court clarify who is the rightful holder of the Claim so that Kroll can recognize the correct holder of the Claim and the Plan Administrator can make disbursements on account of the Claim to the proper party.

11.     Accordingly, the issue of whether Nexxus has standing under Bankruptcy Rule 3001 to seek relief requested in the Motion is not relevant.[3]

C.   **There Is No Dispute Of Fact That Nexxus Purchased The Claim Prior To FTXCreditor's Transaction With The Seller Regarding The Same Claim**

12.     In a last-ditch effort to escape the application of well-settled legal principles that support Nexxus's position, FTXCreditor asserts that there are unresolved factual questions that prevent the Court from granting the Motion. None of these arguments has any merit.

13.     FTXCreditor questions when and whether Nexxus paid for the Claim. Nexxus stated in its Motion that, on February 15, 2024, the Seller received full payment for the sale and transfer of the Claim to Nexxus. *See* Motion ¶ 9. Annexed hereto as Exhibit A-D are documents confirming the payment of the consideration for Seller's transfer of the Claim to Nexxus pursuant to the Agreement. Exhibits A – C are taken from public block chain records (accessed from the publicly-available website https://etherscan.io/) commonly used to trace and/or validate crypto transactions. Exhibit A is a transaction detail printout showing a test transfer of $10 USD in value of crypto-currency sent by Nexxus to the Seller on February 13, 2024. Exhibit B is a transaction detail printout showing a transfer of the remaining amount of the purchase price for the Claim sent by Nexxus to the Seller on February 15, 2024. Exhibit C is a transaction detail printout showing the Seller's crypto-currency wallet history, which includes receipt of the two transfers sent by

---

[3] Even if the Court were to consider Bankruptcy Rule 3001 in connection with the relief sought by Nexxus in the Motion, the Court has jurisdiction to fashion relief where a party in interest has raised the likelihood that a proof of claim has been fraudulently assigned. *See In re Altman*, 265 B.R. 652, 658 (Bankr. D. Conn. 2001) ("As a court of equity, a bankruptcy court should carefully scrutinize a timely plausible argument that a proof of claim was fraudulently assigned. To rule otherwise would suggest that unless one of the parties to such fraudulent conduct objects, a bankruptcy court would be powerless to fashion an appropriate remedy.").

Nexxus on February 13 and 15, 2024. Exhibit D is an email from the Seller dated February 15, 2024 confirming his receipt of payment for the Claim.[4]

14. Exhibits A-D annexed hereto demonstrate that there is no good-faith basis for a factual dispute. Nexxus completed the purchase of, and paid for, the Claim on February 15, 2024. FTXCreditor has not even suggested that it paid for the Claim before February 15, 2024. Indeed, the FTXCreditor Notice of Transfer filed on the docket includes an evidence of a purported transfer of the Claim on February 20, 2024, and the Objection attached as an exhibit a Transfer Agreement between FTXCreditor and the Seller (the "FTXCreditor Transfer Agreement"), which has an effective date of February 20, 2024. On their face, the FTXCreditor Notice of Transfer and the FTXCreditor Transfer Agreement establish that FTXCreditor did not effectuate its transaction with the Seller until *after* Nexxus had already contracted for and paid to purchase the Claim. There is nothing to suggest that Nexxus and Seller intended to delay the effective date of Nexxus's purchase to a date after February 15, 2024, by which time their agreement was signed and Nexxus had paid the Seller. There can be no legitimate dispute that Nexxus purchased the Claim before FTXCreditor's transaction with the Seller regarding the same Claim, and FTXCreditor's failure to allege that it purchased the Claim prior to Nexxus is quite revealing.

15. This case thus falls squarely within the ambit of the dispute adjudicated by the *Celotex* court, which found that (as a matter of law), as between competing claims purchasers, the purchaser first in time to purchase the claim was the owner of the claim even if it filed the notice of transfer second in time. *See Celotex* at 857 ("[T]he later assignee cannot succeed in establishing

---

[4] Nexxus shared these documents with FTXCreditor's counsel after it filed is opposition to the Motion, and met and conferred with counsel, in a good faith effort to narrow the scope of the parties' disputes. But FTXCreditor has not conceded that Nexxus paid for the Claim before FTXCreditor signed its agreement with the Seller or paid any consideration to the Seller.

its ownership of the claims because it does not follow that mere priority of notice of a later assignee, who took nothing by has assignment, will subordinate the rights of an earlier assignee. *Absent a statutory requirement, the law is unequivocal that, as to the assignment of competing claims, the first in time is first in right*.") (internal citations, quotations and alterations omitted; emphasis added).

16. As discussed in the Motion, the *Celotex* holding is consistent with state law governing the ownership of the Claim if Nexxus and FTXCreditor were to both assert ownership. *See Rose v. AmSouth Bank of Fla.*, 391 F.3d 63, 67 (2d Cir. 2004) ("'As between successive assignees of the same chose in action[,] priority in point of time establishes priority of right … without regard to the date of notification to the debtor.'" (quoting *Rochester Ropes, Inc. v. Scherl*, 121 F.2d 852, 852 (2d Cir. 1941)) (alterations in original); *see also Superior Brassiere Co. v. Zimetbaum*, 214 A.D. 525, 212 N.Y.S. 473, 475 (N.Y. App. Div. 1925) ("By the first assignment, the rights of the assignor pass to the assignee … . Notice of the assignment to the debtor adds nothing to the right or title transferred."); *In re Leterman, Becher & Co.*, 260 F. 543, 547 (2d Cir. 1919) ("[T]he courts of the state of New York have laid down the rule that, as between different assignees of a chose in action … the one prior in point of time will be protected, although he has given no notice of such assignment to either the subsequent assignee or the debtor."). FTXCreditor does not at all address the foregoing caselaw in its Objection. Thus, why Nexxus did not file its notice of transfer of claim immediately after it purchased the Claim is not relevant.[5]

17. Moreover, whether Nexxus and FTXCreditor have any recourse against the Seller does not change the result dictated by the legal precedent cited above. Based on the reasoning

---

[5] Nexxus filed its notice of transfer of the Claim (on February 28, 2024) only thirteen days after Nexxus completed its purchase of the Claim (on February 15, 2024).

under *Celotex* and the undisputable purchase of the Claim by Nexxus prior to FTXCreditor, Nexxus respectfully requests that the Court grant the relief requested in the Motion in its entirety.

**WHEREFORE**, for all the reasons set forth herein and in the Motion, Nexxus respectfully requests that this Court enter an order (i) authorizing and directing the Clerk of the Court to strike the FTXCreditor Notice of Transfer from the docket of the Debtors' chapter 11 cases, and (ii) authorizing and directing Kroll to recognize and record the transfer of the Claim to Nexxus pursuant to the Nexxus Notice of Transfer, and grant Nexxus such other and further relief as the Court deems just and proper.

Wilmington, Delaware
Date: November 15, 2024

**THE ROSNER LAW GROUP LLC**

By: *Frederick B. Rosner*
Frederick B. Rosner (No. 3995)
The Rosner Law Group LLC
824 N. Market St., Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
rosner@teamrosner.com

--and--

**RUBIN LLC**
Paul A. Rubin, Esq.
11 Broadway, Suite 715
New York, NY 10004
Telephone: (212) 390-8054
Facsimile: (212) 390-8064
prubin@rubinlawllc.com

*Counsel for Nexxus Participation Vehicle III LLC*