IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>　　Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br>(Jointly Administered)<br><br>Hearing Date: November 20, 2024, at 2:00 p.m. (prevailing Eastern Time) |

**REPLY IN SUPPORT OF EXAMINER'S MOTION FOR ENTRY OF AN ORDER DISCHARGING THE EXAMINER AND GRANTING RELATED RELIEF**

Robert J. Cleary, as the examiner ("Examiner") appointed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of FTX Trading Ltd. and certain of its affiliates (collectively, the "Debtors"), files this reply (the "Reply") in support of the *Examiner's Motion for Entry of an Order Discharging the Examiner and Granting Related Relief*, ECF No. 27460 (the "Motion")[2] and in response to the *Objection of Andrew Cowie, Adrien Herisse, Chao Liu, Frances Jones, James White, Jonathan Li, Laura Gilberti, Lidia Favario, Olivier Ponchaut, Victor Cury Simionato and Robert Shearer, to Examiner's Motion for Entry of An Order*

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion. The Objection states that the objectors are "creditors and retail customers" and that the Objection is submitted on their behalf "by and through undersigned counsel." But the Objection fails to mention the name of the Objectors' counsel, and the Objection is not signed by counsel. Based on what was filed, it appears that the objectors are appearing *pro se*.

*Discharging the Examiner and Granting Related Relief*, ECF No. 27941 (the "Objection"), and respectfully states as follows:

## BACKGROUND

1. Through the Motion, the Examiner seeks entry of an order (i) discharging the Examiner; (ii) relieving the Examiner and his Professionals from certain third-party discovery; (iii) authorizing the disposition of documents and information in the possession of the Examiner and his Professionals; (iv) exculpating the Examiner and his Professionals from any liability with respect to acts, omissions, statements, or representations arising out of or relating to the Investigations or the Reports; and (v) authorizing the Examiner and his Professionals to seek payment of fees and reimbursement of expenses incurred in connection with certain post-discharge activities of the Examiner and his Professionals.

2. The Examiner seeks this relief because his work is done. The two publicly filed Reports fully disclose the Examiner's findings and satisfy his obligations under section 1106(a)(4) of the Bankruptcy Code. *See* ECF Nos. 15545 & 25679. The Examiner has not recommended any further investigations, and no party in interest has requested the Examiner conduct further investigations. As set forth more fully in the Motion, all of the relief requested by the Examiner is necessary, customary, and appropriate.[3]

## REPLY

3. The Objection opposes the Examiner's Motion on two grounds: (i) that it seeks to relieve the Examiner from third-party discovery; and (ii) that it authorizes the Examiner

---

[3] After receiving informal comments from the U.S. Trustee on the proposed order attached to the Motion, the Examiner will file a revised form of order.

to dispose of documents and information. But courts regularly grant examiners the relief sought in the Motion. *See e.g., In re Cred Inc.*, No. 20-12836 (Bankr. D. Del. Jun. 11, 2021) [ECF No. 832] (ordering examiner is relieved from third-party discovery and may destroy the investigatory record after two years); *In re Celsius Network LLC*, No. 22-10964 (Bankr. S.D.N.Y. Apr. 4, 2023) [ECF No. 2364] (relieving examiner from third-party discovery and may retain records for one year)*; In re Caesars Ent. Operating Co., Inc.*, No. 15-01145 (Bankr. N.D. Ill. July 20, 2016) [ECF No. 4424] (relieving examiner from third-party discovery and permitting destruction of the investigatory record after two years)*.*

4. As explained in the Motion, the Examiner should be relieved from any obligation to comply with certain types of third-party discovery requests. This is particularly appropriate here given the numerous FTX-related criminal prosecutions and civil litigations. The Examiner was not appointed to serve as "a conduit of information to fuel the litigation fires of third-party litigations." *In re Baldwin United Corp.*, 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985); *see also In re New Century TRS Holdings, Inc.*, 407 B.R. at 566 (quoting *Baldwin United Corp.*).

5. The Objection completely misconstrues the relief sought in the Motion. The Objection describes the relief that the Examiner seeks as "sweeping restrictions on discovery" (¶10), "blanket restrictions on third-party discovery" (¶11), and "a complete restriction on discovery" (¶13).

6. To the contrary, the Motion makes clear that the Examiner does not seek full immunity from discovery. The relief requested in the Motion would entitle parties with standing to obtain appropriate discovery, including through Bankruptcy Rule 2004, pursuant to court order but only after (i) the Examiner and his Professionals are provided notice and an

opportunity to object, and (ii) the requesting party demonstrates the documents or information cannot be obtained from any other source. Given that most of the documents the Examiner relied on were produced by the Debtors and the Creditors' Committee, any party seeking discovery should seek production from those entities (or their professionals) in the first instance. Accordingly, what the Examiner proposes balances the interests of parties that might need relevant and proper discovery with the interests of the Bankruptcy Code in protecting "the integrity of the statutory position of the Examiner." *See In re Baldwin United Corp.*, 46 B.R. at 316.

7. The objectors cite just one case in support of their flawed arguments: *In re Baldwin United Corp.*[4] But that decision supports the relief sought in the Motion– not the arguments raised in the Objection. The decision acknowledges that "the Examiner, as a nonparty to any proceeding and a nonadversarial officer of the Court, is entitled to some immunity from the whirlwind of litigation commonly attendant to large Chapter 11 cases." *Id.* at 317. And the court in *In re Baldwin United Corp.* did not order the examiner to produce any documents, but only to maintain certain non-privileged documents.

8. Here, the Motion seeks authority for the Examiner and his Professionals to maintain the Investigative Record for one year. After receiving informal comments from the U.S. Trustee, the Examiner will file a revised proposed order that seeks authority to maintain the Investigative Record for two years. Because the Debtors' Plan has been confirmed, this two-year preservation period is entirely reasonable and consistent with the relief granted by this Court in

---

[4] The Objection also cites *In re Refco, Inc.,* 336 B.R. 187 (Bankr. S.D.N.Y. 2006). Contrary to what is asserted in the Objection, this case is entirely irrelevant because it involves a creditors' committee's statutory obligations to provide unsecured creditors with access to certain information. The role of a creditors' committee, and its statutory obligations to the creditors it represents, is entirely inapposite to the role of an examiner.

other cases. *In re Cred Inc.*, No. 20-12836 (Bankr. D. Del. Jun. 11, 2021) (Dorsey, C.J.) [ECF No. 832] (ordering examiner to preserve the investigatory record for two years). Furthermore, the proposed order provides that parties may seek to extend the preservation period by order of this Court for cause on notice to the Examiner and his Professionals. If, after two years, parties in interest still believe they may require access to the Examiner's Investigative Record, then they may seek to extend the preservation period at that time.

9.    To the extent the objectors seek to require the Examiner to indefinitely retain the Investigative Record, that position is unsustainable, and the Objection should be overruled. To the extent the Objection argues that the Investigative Record should not be destroyed yet, the Objection is premature and should be raised closer to the end of the proposed preservation period.

WHEREFORE the Examiner respectfully requests entry of an order (i) discharging the Examiner; (ii) relieving the Examiner and his Professionals from certain third-party discovery; (iii) authorizing the disposition of documents and information in the possession of the Examiner and his Professionals; (iv) exculpating the Examiner and his Professionals from any liability with respect to acts, omissions, statements, or representations arising out of or relating to the Investigations or the Reports; (v) authorizing the Examiner and his Professionals to seek payment of fees and reimbursement of expenses incurred in connection with certain post-discharge services of the Examiner and his Professionals; and (vi) granting such other and further relief as deemed just and proper.

| | |
|---|---|
| Dated: November 15, 2024 | Respectfully submitted,<br><br>**ASHBY & GEDDES, P.A.**<br><br>By: /s/ Michael D. DeBaecke<br><br>Michael D. DeBaecke (Bar No. 3186)<br>500 Delaware Avenue, 8th Floor<br>Wilmington, DE 19801<br>Tel: (302) 654-1888<br>Email: mdebaecke@ashbygeddes.com<br><br>-and-<br><br>**PATTERSON BELKNAP WEBB & TYLER LLP**<br><br>Daniel A. Lowenthal (admitted *pro hac vice*)<br>Kimberly A. Black (admitted *pro hac vice*)<br>1133 Avenue of the Americas<br>New York, NY 10036-6710<br>Telephone: (212) 336-2000<br>Facsimile: (212) 336-2222<br>Email: dalowenthal@pbwt.com<br>Email: kblack@pbwt.com<br><br>*Counsel to Robert J. Cleary in his capacity as Examiner appointed in the Chapter 11 Cases* |