**Exhibit B**

**Reimbursement Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Ref No. 3373** |

## ORDER AUTHORIZING THE DEBTORS TO ENTER INTO, AND PERFORM THEIR OBLIGATIONS UNDER, THE REIMBURSEMENT AGREEMENTS

Upon the motion (the "Motion")[2] of FTX Trading Ltd. ("FTX Trading") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors" and each a "Debtor"), for entry of an order (this "Order") authorizing the Debtors to enter into, and perform their obligations under, the reimbursement agreements (the "Reimbursement Agreements") with advisors (the "AHC Professionals") of the Ad Hoc Committee of Non-US Customers of FTX.com[3] (the "Ad Hoc Committee") pursuant to section 363(b) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] Capitalized terms not defined herein shall have the meanings set forth in the Motion.

[3] The members of the Ad Hoc Committee are set forth on the Verified Statement of Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnell LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019 [D.I. 1156], as supplemented by the Verified First Supplemental Statement [D.I. 1580] and the Verified Second Supplemental Statement [D.I. 2144], and as further supplemented from time to time as appropriate.

{1368.002-W0073374.}

2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Motion; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court finding that adequate notice of the Motion having been given; and that, except as otherwise ordered herein, no other or further notice need be given; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and upon the record of any hearing held to consider the relief requested in the Motion; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to enter into the Reimbursement Agreements and to pay, in accordance with this Order, the following AHC Professionals for all of their outstanding and future reasonable and documented fees and expenses in furtherance of the diligence, negotiation, prosecution, documentation and implementation of a comprehensive restructuring of the Debtors in accordance with the terms and conditions of the Reimbursement Agreements (the "Scope") and this Order: (a) Eversheds Sutherland (US) LLP and Morris, Nichols, Arsht & Tunnell LLP as legal counsel (collectively, "Counsel") to the Ad Hoc Committee; and (b) Rothschild & Co US Inc. ("Rothschild & Co") as financial advisor and investment banker to the Executive Committee and Counsel, on behalf of the Executive Committee; *provided that* (x) the Debtors shall have no obligation to pay any fees, expenses or other amounts incurred by any AHC Professional after the termination of such professional's Reimbursement Agreement in accordance with its terms; and (y) the Debtors are not authorized to

pay any fees, expenses or other amounts incurred by any AHC Professional (i) in connection with or in furtherance of preparing for, commencing, or prosecuting litigation against the Debtors; (ii) on account of the Ad Hoc Committee prosecuting or defending the claims of the individual members of the Ad Hoc Committee (each a "Member"); or (iii) that are otherwise outside the Scope.

3.      Additionally, with respect to (A) filing objections to the claims or proofs of claim of other creditors (including motions to file proofs of claim) or engaging in claims estimation litigation outside of a plan confirmation hearing, and (B) opposing motions seeking standing to pursue estate causes of action, motions seeking discovery, AHC Professionals are entitled to payment for their reasonable fees and expenses only for (a) conferring with the Debtors and other parties-in-interest on an appropriate course of action for the Debtors to take; (b) joining the Debtors in such course of action (whether by filing supporting papers or appearing and arguing in court); (c) monitoring the Debtors' course of action and any related proceedings with respect thereto (including discovery therein); and (d) engaging with the Debtors and other parties-in-interest with respect to the resolution or disposition of such matters.

4.      For the avoidance of doubt and notwithstanding anything to the contrary herein, chapter 11 plan prosecution and/or restructuring support-related fees and expenses shall be reimbursable hereunder.

5.      The Debtors are authorized to pay reasonable and documented out-of-pocket expenses incurred by the AHC Professionals for their service to the Ad Hoc Committee (collectively, the "Out of Pocket Costs"). The Out of Pocket Costs shall not include expenses for services rendered by any professional, including any internal or external advisors, retained or

employed by any Members other than the AHC Professionals.  The Out of Pocket Costs shall be disclosed and included in the invoices submitted by each AHC Professional.

6.      Each AHC Professional shall comply with the procedures and processes set forth in the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435] (the "Interim Compensation Order") and fees and expenses paid to Eversheds and Morris Nichols shall be subject to the review and procedures of the fee examiner appointed in these Chapter 11 Cases; *provided*, that the standard for authorization of payment of the fees and expenses of the AHC Professionals shall be whether such fees and expenses are (a) reasonable and documented and (b) reimbursable under the applicable Reimbursement Agreement and are within the Scope; *provided*, *further*, that for the avoidance of doubt, that the AHC Professionals shall not be considered retained professionals of the Debtors and the retention of the AHC Professionals by their respective clients shall not be required to satisfy the standards for retention set forth in sections 327, 328 or 1103 of the Bankruptcy Code; *provided*, *further* that notwithstanding anything to the contrary herein or in the Interim Compensation Order, Rothschild & Co shall comply with all requirements of Bankruptcy Rule 2016(a), and Local Rule 2016-2, including all information and time keeping requirements of subsection (d) of Local Rule 2016-2, except that Rothschild & Co and its professionals shall be required only to keep summary time records in one-half (0.5) hour increments.

7.      Notwithstanding anything contained in this Order or in the Reimbursement Agreements, the Transaction Fee contained in the A&R Rothschild & Co Reimbursement Agreement shall not become due and payable without further order of the Court.

8.      Entry of this Order shall be without prejudice to all parties' rights with respect to the AHC Professionals' fees and expenses incurred but not authorized to be paid by this Order.

9.      If the Ad Hoc Committee determines to employ and the Debtors seek to pay the reasonable and documented fees and expenses of any legal, consulting, financial, and/or other professional advisor in addition to the named AHC Professionals listed in paragraph 2 of this Order (the "Additional Professionals"), then prior to any payment of the Additional Professional's fees and expenses, the Debtors shall file a pleading explaining (a) the rationale and necessity for such engagement; (b) the terms of such engagement (including financial terms); and (c) the benefit to the estates of such engagement.  All parties shall have fourteen (14) days to object to such motion or other pleading or to seek more information from the Debtors with respect to such motion or other pleading.  If an objection remains unresolved, then the dispute shall be submitted to the Court on an emergency basis and the parties shall not object to an emergency hearing.

10.      Nothing in this Order shall be deemed to constitute (a) a grant of third-party beneficiary status or bestowal of any additional rights on any third party; (b) a waiver of any rights, claims or defenses of the Debtors; (c) an admission of the validity of any claim against the Debtors; (d) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff, or recoup any claim, or assert any related rights, claims, or defenses; (e) an allowance of an administrative expense claim; (f) a waiver of rights of any party to object to any other or further request for relief, including but not limited to requests for confirmation of any plan, or on any basis related to the reasonableness of payments made pursuant to this Order; or (g) a determination of how any payments made pursuant to this Order shall be allocated among Debtor entities for purposes of plan confirmation or any other purpose in these Chapter 11 Cases.

11.    The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

12.    This Order shall be binding in all respects upon the Debtors, their estates, and each of their respective successors and assigns including, but not limited to, any subsequent trustee, examiner or receiver appointed in any of the Chapter 11 Cases or upon conversion to Chapter 7 under the Bankruptcy Code.  The provisions and effect of this Order, and any actions taken pursuant to this Order, and the relevant parties' respective rights, obligations, remedies and protections provided for herein and therein shall survive the conversion, dismissal or closing of the Chapter 11 Cases, the appointment of a trustee therein, confirmation of a plan or plans of reorganization or liquidation, and the substantive consolidation of these Chapter 11 Cases with any other case or cases, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of any such order.

13.    The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation or interpretation of this Order.

Dated: November 15th, 2023
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

6