# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: December 12, 2024 at 1:00 p.m. ET <br> Objection Deadline: December 5, 2024 at 4:00 p.m. ET |

## SUMMARY COVER SHEET OF FINAL FEE APPLICATION OF <u>PERELLA WEINBERG PARTNERS LP</u>

| **Name of Applicant** | **Perella Weinberg Partners LP** |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | February 3, 2023 *nunc pro tunc* to November 16, 2022 |
| Period for which compensation and reimbursement is sought: | November 16, 2022 through October 8, 2024 |
| Amount of fees to be approved as, reasonable and necessary: | $61,236,241.97 |
| Amount of expenses sought as actual, reasonable and necessary: | $1,482,278.18 |
| Total compensation paid to date: | $47,979,391.05 |
| Total expenses paid to date: | $1,451,802.89 |

This is a(n)  ____ monthly  ____ interim  __X__ final application

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**PRIOR MONTHLY FEE STATEMENTS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 2/17/2023 | Nov. 16 - Nov. 30, 2022 | $225,000 | $7,680.97 | $225,000 | $7,680.97 |
| 2/17/2023 | Dec. 1 – Dec. 31, 2023 | $450,000 | $22,964.89 | $450,000 | $22,964.89 |
| 03/06/2023 | Jan. 1 – Jan. 31, 2023 | $450,000 | $56,774.88 | $450,000 | $56,774.88 |
| 04/04/2023 | Feb. 1 – Feb. 28, 2023 | $450,000 | $77,891.54 | $450,000 | $77,891.54 |
| 05/04/2023 | Mar. 1 – Mar. 31, 2023 | $2,825,000 | $28,096.34 | $2,825,000 | $28,096.34 |
| 06/05/2023 | Apr. 1 – Apr. 30, 2023 | $2,856,250 | $11,856.27 | $2,856,250 | $11,856.27 |
| 09/12/2023 | May 1 – May 31, 2023 | $2,133,616.26 | $35,765.02 | $2,133,616.26 | $35,765.02 |
| 09/14/2023 | June 1 – June 30, 2023 | $2,848,330.45 | $11,424.11 | $2,848,330.45 | $11,424.11 |
| 09/14/2023 | July 1 – July 31, 2023 | $450,000 | $243,243.30 | $450,000 | $243,243.30 |
| 12/06/2023 | Aug. 1 – Aug. 31, 2023 | $450,000 | $229,393.95 | $450,000 | $229,393.95 |
| 12/06/2023 | Sept. 1 – Sept. 30, 2023 | $450,000 | $36,185.35 | $450,000 | $36,185.35 |
| 12/08/2023 | Oct. 1 – Oct. 31, 2023 | $450,000 | $87,840.89 | $450,000 | $87,840.89 |
| 12/22/2023 | Nov. 1 – Nov. 30, 2023 | $450,000 | $67,969.57 | $450,000 | $67,969.57 |
| 02/13/2024 | Dec. 1 – Dec. 31, 2023 | $450,000 | $3,522.79 | $450,000 | $3,522.79 |
| 03/14/2024 | Jan. 1 – Jan. 31, 2024 | $3,225,941.84 | $1,263.21 | $3,225,941.84 | $1,263.21 |
| 05/03/2024 | Feb. 1 – Feb. 29, 2024 | $450,000 | $3,355.98 | $450,000 | $3,355.98 |
| 05/03/2024 | Mar. 1 – Mar. 31, 2024 | $450,000 | $214,585.07 | $450,000 | $214,585.07 |
| 05/15/2024 | Apr. 1 – Apr. 30, 2024 | $15,921,913.22 | $15,157.67 | $15,921,913.22 | $15,157.67 |
| 07/05/2024 | May 1 – May 31, 2024 | $450,000 | $262,999.66 | $450,000 | $262,999.66 |
| 07/24/2024 | June 1 – June 30, 2024 | $10,312,866 | $6,698.67 | $8,340,292.80 | $6,698.67 |
| 09/13/2024 | July 1 – July 31, 2024 | $2,891,308 | $27,132.76 | $2,403,046.40 | $27,132.76 |

15663823v3

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 10/30/2024 | Aug. 1 – Aug. 31, 2024 | $450,000 | $294.60 | Pending | Pending |
| 10/31/2024 | Sept. 1 – Sept. 30, 2024 | $450,000 | $11,604.25 | Pending | Pending |
| 11/15/2024 | Oct. 1 – Oct. 8, 2024 | $116,129.03 | $18,576.44 | Pending | Pending |

15663823v3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: December 12, 2024 at 1:00 p.m. ET**<br>**Objection Deadline: December 5, 2024 at 4:00 p.m. ET** |

### FINAL FEE APPLICATION OF PERELLA WEINBERG PARTNERS LP

Perella Weinberg Partners LP ("PWP"), investment banker to FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby submits this *Final Fee Application of Perella Weinberg Partners LP* (the "Application") for allowance of compensation for professional services rendered and reimbursement of expenses incurred for the period from November 16, 2022 through and including October 8, 2024 (the "Final Application Period"). In support the Application, PWP respectfully states as follows:

### Background

1. On November 11 and November 14, 2022,[2] the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended or modified,

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

[2] November 11, 2022 is the petition date for all Debtors, except for Debtor West Realm Shires Inc.

the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 231].

2. On January 9, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 435] (the "Interim Compensation Order").

3. On February 3, 2023, the Court entered the *Order Authorizing the Retention and Employment of Perella Weinberg Partners LP as Investment Banker to the Debtors nunc pro tunc to November 16, 2022 and (II) Waiving Certain Reporting Requirements Pursuant to Local Rule 2016(H)*, [D.I. 615] authorizing the retention and employment of PWP as the Debtors' investment banker, *nunc pro tunc* to November 16, 2022.

4. On March 8, 2023, the Court entered the *Order (I) Appointing Fee Examiner and (II) Establishing Procedures for Consideration of Requested Fee Compensation and Reimbursement of Expenses* [D.I. 834] appointing Katherine Stadler (the "Fee Examiner") to serve as the fee examiner in these Chapter 11 Cases and establishing certain procedures in connection therewith.

5. On October 8, 2024, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and Its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order"), which, among

-3-

other things, sets forth the procedures for compensation and reimbursement for retained professionals in the Chapter 11 Cases.

### Jurisdiction

6. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

7. By this Application and in accordance with the Interim Compensation Order and the Confirmation Order, PWP seeks final approval and allowance of its compensation for professional services rendered and reimbursement of expenses incurred for the Final Application Period.[3] PWP has filed and served monthly fee applications covering the Final Application Period (collectively, the "Monthly Fee Applications"). Each of the Monthly Fee Applications is incorporated by reference as if fully set forth herein.

8. In accordance with the United States Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), this Application is

---

[3] Pursuant to the Retention Order, PWP is not subject to a holdback of any portion of its Monthly Fees (as defined in the Engagement Agreement) and the Debtors are authorized to pay PWP its Monthly Fee on the first day of each month without a prior fee application.

supported by the following exhibits:

- **Exhibit A**: a detailed itemization, by project category, of all services performed by PWP professionals that worked on the Chapter 11 Cases;

- **Exhibit B**: a detailed description of the expenses actually incurred by PWP in the performance of services rendered in the Chapter 11 Cases;

- **Exhibit C**: time and expense records for Porter Hedges LLP;

- **Exhibit D**: time and expense records for Mayer Brown LLP; and

- **Exhibit E**: the Certification of Bruce Mendelsohn in support of the Application.

## Compensation Requested

9. PWP seeks final allowance of fees in the amount of $61,236,241.97 for services rendered during the Final Application Period.

10. The services performed by PWP during the Final Application Period included, among others, discussions with the Debtors and their professionals regarding asset sale processes, transaction structures, M&A processes, venture investments, discussions and implementation of diligence and vetting processes, preparation and attendance for board meetings, meetings with third parties regarding potential interest in the Debtors and estate assets, participation in various update and information meetings with the Debtors and their professionals, participation in various update and information meetings with Committee professionals, and development and implementation of various sales processes.

11. Through PWP's diligent efforts and services, the Debtors successfully entered numerous sale agreements for significantly large funds and obtained Court orders approving such sales, including:

   a. The *Order (I) Authorizing and Approving Sale of Debtors' Interest in Sequoia Capital Fund, L.P. Free and Clear of All Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Debtors' Entry Into, and*

*Performance Under, the Purchase and Sale Agreement; (III) Authorizing and Approving Assumption and Assignment of Certain Contracts; and (IV) Granting Related Relief* [D.I. 1174] approving the sale of assets for $95,000,000;

b.  The *Order (I) Authorizing and Approving Sale of Debtors' Interest in Mysten Labs, Inc. and SUI Token Warrants Free and Clear of All Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Debtors' Entry Into, and Performance Under, the Purchase and Sale Agreement; (III) Authorizing and Approving Assumption and Assignment of the SUI Token Warrants; and (IV) Granting Related Relief* [D.I. 1266] approving the sale of assets for $96,250,000;

c.  The Vy Capital Sale, which sold assets for $17,760,763.45 (*see* D.I. 1296 and 1413);

d.  The *Order (I) Approving the LedgerX Business Purchase Agreement, (II) Approving the Sale of the LedgerX Business Free and Clear of All Liens, Claims, Interests and Encumbrances, (III) Authorizing Assumption and Assignment of Certain Executory Contracts and (IV) Granting Related Relief* [D.I. 1433] approving the sale of assets for $49,583,887.42;

e.  The *Order (I) Authorizing and Approving Sale of Debtors' Interests in SCHF Cayman, L.P. Free and Clear of All Liens, Claims, Interests, and Encumbrances; (II) Authorizing and Approving Debtors' Entry Into, and Performance Under, the Purchase and Sale Agreement; (III) Authorizing and Approving Assumption and Assignment of Certain Contracts; and (IV) Granting Related Relief* [D.I. 1792] approving the sale of assets for $95,933,218;

f.  The *Order (I) Authorizing and Approving Sale of Interests in IEX Group, Inc. Free and Clear of All Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* [D.I. 6731] approving the sale of assets for $40,037,673.50;

g.  *Order (I) Authorizing and Approving Sale of Note Issued by Dave, Inc. Free and Clear of All Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* [D.I. 6685] approving the sale of assets for $71,000,000;

h.  The *Order (I) Authorizing and Approving Sale of Anthropic Shares Fee and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* [D.I. 11460] approving the sale

of assets for $884,109,327;

i. The *Order (I) Authorizing and 4 Case 22-11068-JTD Doc 21581 Filed 07/24/24 Page 9 of 14 15476581 Approving Sale of Anthropic Shares Fee and Clear of Any Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving Entry Into, and Performance Under, the Purchase and Sale Agreement; and (III) Granting Related Relief* [D.I. 17380] approving the sale of assets for $452,268,300;

j. The *Order Authorizing and Approving (I) Entry into, and Performance Under, the Share and Asset Purchase Agreement; (II) the Sale of the Shares of the Transferred Subsidiaries, Shares of the Minority Entities and Transferred Assets Free and Clear of All Liens, Claims, Interests and Encumbrances; and (III) Dismissing the Chapter 11 Cases of the FTX Europe Subsidiaries* [D.I. 9585] approving the sale of assets for $32,700,000; and

k. The *Order (I) Authorizing and Approving Sale of Debtors' Interests in FTX Japan K.K. Free and Clear of All Liens, Claims, Interests and Encumbrances; (II) Authorizing and Approving FTX Japan Holding K.K.'s Entry Into, and Performance Under, the Purchase and Sale Agreement; (III) Dismissing the Chapter 11 4 Case 22-11068-JTD Doc 24751 Filed 09/13/24 Page 8 of 12 15562121 Case of FTX Japan K.K. Effective as of Closing; and (IV) Granting Related Relief* [D.I. 20560] approving the sale of assets for $97,652,324 (converted to USD from JPY).

12. Pursuant to the Retention Order and the Amended Engagement Letter, PWP receives a Sale Fee (as defined therein) based on the percentages below:

| Transaction Value ($MM) | Fee Percentage |
|---|---|
| Less than $10 million | 0.00% |
| Equal to $10 but less than $100 million | 2.50% |
| Equal to $100 but less than $250 million | 2.25% |
| Equal to $250 but less than $500 million | 2.00% |
| Equal to $500 but less than $1,000 million | 1.75% |
| Equal to $1,000 but less than $2,000 million | 1.25% |
| Equal to or greater | 1.00% |

13. As a result, PWP realized Sale Fees in the following amounts per respective sale:

| Realized Transaction Fees | $ Fee Amount |
|---|---|
| Sequoia Capital Fund | $2,375,000.00 |
| Mysten Labs | $2,406,250.00 |
| LedgerX | $1,239,597.18 |
| Vy Capital | $444,019.08 |
| Sequoia Heritage | $2,398,330.45 |
| IEX | $1,000,941.84 |
| Dave | $1,775,000.00 |
| Anthropic | $15,471,913.22 |
| Anthropic 2 | $9,045,366.00 |
| FTX Europe | $817,500.00 |
| FTX Japan | $2,441,308.10 |
| **Total Sale Fees Realized to Date** | **$39,415,225.87** |

14. Additionally, section 2(d) of the Amended Engagement Letter states that PWP shall receive a Consummation Fee (as defined therein) in the amount of $25,000,000 upon consummation, subject to creditable amounts accrued through the Monthly Fee Statements and the Sale Fees. As noted earlier, the Court entered the Confirmation Order on October 8, 2024; thus, PWP is seeking a Consummation Fee of $11,579,887.07[4] through this Application.

15. Attached hereto as Exhibit A is a detailed itemization, by project category, of all services performed by PWP with respect to the Chapter 11 Cases during the Final Application Period. This detailed itemization complies with Local Rule 2016-2, as modified by the Retention Order, in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in half-hour increments, time entries are presented chronologically in categories, and all meetings or hearings are individually

---

[4] Net Consummation Fee of $11,579,887.07 ($25,000,000.00 Consummation Fee less $3,712,500.00 of Monthly Fee Credits calculated as 50% of monthly fees for August 16, 2023, through December 31, 2024 (after which date PWP will credit 50% for any subsequent Monthly Fee) and less $9,707,612.94 of Sale Fee Credits calculated as 25% crediting of fees received over $10 million up to $30 million and 50% crediting of fees received over $30 million).

-7-

identified.

16. The timekeepers who rendered services related to each category are identified in Exhibit A, along with the number of hours for each individual and the total hours in each category. All services for which PWP requests compensation were performed for, or on behalf of, the Debtors.

### Expense Reimbursement

17. PWP incurred out-of-pocket expenses during the Final Application Period in the amount of $1,482,278.18. Attached hereto as Exhibit B is a description of the expenses actually incurred by PWP in the performance of services rendered as Investment Banker to the Debtors. The expenses are broken down into categories of charges, which may include, among other things, the following charges: travel, working meals, and other expenses. In addition, attached hereto as Exhibit C and Exhibit D are the time and expense records for Porter Hedges LLP and Mayer Brown LLP, respectively, for which PWP seeks reimbursement as an expense pursuant to the Retention Order and Amended Engagement Agreement (attached as Exhibit 1 to the Retention Order).

18. In accordance with section 330 of the Bankruptcy Code, PWP seeks reimbursement only for the actual cost of such expenses to PWP. PWP submits that all such expenses incurred were customary, necessary and related to the Chapter 11 Cases and, by this Application, requests reimbursement of the same.

### Valuation of Services

19. Professionals of PWP have expended a total of 21,356.3 hours in connection with this matter during the Final Application Period.

20. The amount of time spent by each of the professionals providing services to

-8-

the Debtors for the Final Application Period is set forth in Exhibit A. Pursuant to the Retention Order and Amended Engagement Agreement attached thereto, PWP seeks payment of its fees for the Final Application Period without any reference to whether PWP may be entitled to additional compensation under the Amended Engagement Agreement based on services provided during the Final Application Period or the reasonableness of such total fees.

21. PWP believes that the time entries included in Exhibit A attached hereto and the expense breakdown set forth in Exhibits B through D attached hereto are in compliance with the requirements of Local Rule 2016-2.

22. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the fees requested for the Final Application Period are fair and reasonable given the complexities of these Chapter 11 Cases, the time expended, the nature and extent of services rendered, the value of such services, and the costs of comparable services other than in a case under this title.

**Certificate of Compliance and Waiver**

23. The undersigned representative of PWP certifies that he has reviewed the requirements of Local Rules 2016-2 and that the Application substantially complies with such rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, PWP believes that such deviations are not material and respectfully requests that any such requirements be waived.

**Notice**

24. Notice of this Application has been provided to: (a) the U.S. Trustee; (b) the Committee; (c) the Fee Examiner and (d) all parties required to be given notice in the Interim Compensation Order. PWP submits that, in light of the nature of the relief requested, no other or

further notice need be provided.

## Conclusion

WHEREFORE, PWP respectfully requests that the Court (i) approve the Application and (ii) grant such further relief as is just and proper.

Respectfully,

Perella Weinberg Partners LP

By: *Bruce Mendelsohn*
    Bruce Mendelsohn
    Title: Partner