**Exhibit 1**

**Stipulation**

{1368.002-W0077996.}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**JOINT STIPULATION OF SETTLEMENT BETWEEN THE DEBTORS AND EVOLVE**

This *Stipulation of Settlement* ("Stipulation") is being entered into between FTX Trading Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the District of Delaware jointly administered under Case No. 22-11068 (the "Chapter 11 Cases"), and (ii) Evolve Bank and Trust ("Evolve"). The Debtors and Evolve are each a "Party" and collectively, the "Parties."

**WHEREAS**, on December 23, 2021, Evolve and West Realm Shires Services, Inc. executed a Master Bank Services Agreement ("MBSA").

**WHEREAS**, pursuant to the MBSA, the Debtors maintained certain accounts at Evolve (the "Reserve Accounts"), in which Debtors held cash deposits (the "Reserve Account Assets").

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

**WHEREAS**, the Reserve Accounts consist of three bank accounts, with account numbers ending in 066, 078 and 082.

**WHEREAS**, on June 29, 2023, Evolve timely filed non-customer Proof of Claim 3959 (the "Claim"), asserting claims for indemnity and attorneys' fee and expense obligations.

**WHEREAS**, without any admission by any Party, and subject to the terms of this Stipulation, the Parties desire to resolve certain disputes between them relating to, among other things, the MBSA and the Claim.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1. **Reserve Account Assets**. The Parties agree to the following with regard to the Reserve Account Assets: (i) in full satisfaction of all of Debtors' obligations under the MBSA, including indemnification, attorneys' fees and expenses, Evolve will be entitled to retain $462,698.65 ("Expense Payment"); (ii) within five days of the Effective Date, Evolve will transfer to the Debtors, pursuant to the Debtors' written instructions, all other Reserve Accounts Assets in excess of the Expense Payment, consisting of not less than $12,774,139.11 (the "Settlement Amount").

2. **Release of Claims**. Upon receipt by the Debtors of the Settlement Amount, the Evolve Proof of Claim shall be deemed withdrawn in its entirety with prejudice, and the Parties unconditionally and irrevocably release, acquit and forever discharge one another and each other's current and former officers, directors, agents, employees, affiliates, attorneys, and representatives, to the fullest extent possible under applicable law, from any and all losses, liabilities, claims, causes of action, charges, demands and other rights, known or unknown, suspected or unsuspected, identified or unidentified, including, without limitation, any avoidance

actions under chapter 5 of the Bankruptcy Code, the Delaware Uniform Fraudulent Transfer Act, Del. Code Ann. tit. 6, § 1301 et seq., or any other analogous state, federal or foreign law that have been or could be asserted with respect to the MBSA and the Claim;

3. **Effectiveness.** The "Effective Date" shall occur on the date that (i) signature pages executed by the Debtors and Evolve, as applicable, have been delivered to the Debtors and Evolve, as applicable, and (ii) the Bankruptcy Court has entered an order (which order shall have become a final order not subject to any appeal, stay or vacatur) approving the Parties' entry into this Stipulation, on terms and conditions consistent with this Stipulation and otherwise reasonably acceptable to each Party. The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waive any right to commence any such action in any other forum.

4. **Reservation of Rights.** Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

5. **No Admission of Wrongdoing.** This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

6. **Good Faith and Understanding.** The Parties expressly represent and warrant that this Stipulation is entered into in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation. The

Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

7. **Cooperation.** Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court and entry of approval orders, and to effectuate their terms. The Parties co-drafted this Stipulation.

8. **Counterparts**. The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

9. **Further Assurances.** The Parties shall use their reasonable best efforts to take, or cause to be taken, all appropriate action to do or cause to be done all things necessary under applicable law, and to execute and deliver such documents and other papers, in each case, as may be required to carry out the provisions of this Stipulation and consummate and make effective the transactions contemplated hereby.

10. **Entire Agreement and Amendments**. This Stipulation constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein and supersedes any prior agreements or understandings. This Stipulation may not be amended or modified, nor may any of its provisions be waived, except in writing signed by the Parties bound thereby, or by their respective authorized attorney(s), or other representative(s).

[Remainder of Page Intentionally Left Blank]

**AGREED BY:**

Dated: October [29], 2024

                           */s/ Stephanie G. Wheeler*
                           **SULLIVAN & CROMWELL LLP**
                           Brian D. Glueckstein
                           Stephanie G. Wheeler
                           Jacob M. Croke
                           125 Broad Street
                           New York, NY 10004
                           Telephone: (212) 558-4000
                           Facsimile: (212) 558-3588
                           E-mail: gluecksteinb@sullcrom.com
                                                wheelers@sullcrom.com
                                                crokej@sullcrom.com

                           *Counsel for the Debtors*

*[Signature Page to Stipulation]*

Dated: October 29, 2024

BUTLER SNOW LLP
Martin A. Sosland
James E. Bailey III
2911 Turtle Creek Boulevard, Suite 1400
Dallas, TX 75219
Telephone: (214) 415-4264
Facsimile: (469) 680-5501
E-mail: Martin.Sosland@butlersnow.com
　　　　　Jeb.Bailey@butlersnow.com

*Counsel for Evolve Bank and Trust*

*[Signature Page to Stipulation]*