# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| FTX TRADING LTD., *et al.*,[1] | CASE NO. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

## RESPONSE TO DEBTORS' ONE HUNDRED SEVENTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN OVERSTATED AND/OR UNLIQUIDTED PROOFS OF CLAIM (CUSTOMER CLAIMS)

COMES NOW, Tawnee McCluskey (the "Claimant"), Pro Se, hereby submits its Response in Opposition (the "Opposition") to the Debtors' *Eighty-Fourth (Non-Substantive) Omnibus Objection to Certain No Liability Proofs of Claim (Customer Claims)* filed on November 20, 2024. In support of this Opposition, the Claimant shows the Court as follows:

## BACKGROUND

1. On February 13th, 2024, the Claimant timely filed Proof of Claim No. 91544 (the "Claim") in the amount of $48,087.48 (USD) against the Debtors. The Claimant sent a wire transfer in the amount of $48,087.48 from her personal account with Bank of America (Shown in Exibit "A") to lvergate bank, however the funds were never credited to the claimants FTX account. The Claimant verified with Bank of America that the wire transfer had cleared and was recieved by Silvergate bank (Exibit "B")

2. On September 25, 2024, the Debtors filed their Omnibus Claim Objection, which included an Objection to the Claimant's Claim on the grounds that the Claimant failed to provide proper documentation to support its Claim. See D.I. 23953 at 5; 23953-2 at 9. The Claimant disputes the Debtors' assertion and files this Opposition to provide documentation to support its Claim.

3. The Claimant disputes the Debtors' Assertion and files this opposition to provide documentation to support the claim.

## DOCUMENTATION IN SUPPORT OF CLAIM

4. The Claimant includes the following documentation to support its Claim:

    (a)  Bank of America Statement showing the wire transfer sent to Silvergate bank on November 10, 2022. Exhibit "A"

    (b)  Screenshot, Wire transfer confirmation of clearing account and recieved by Silvergate Bank. Exhibit "B"

5. These documents clearly demonstrate the basis for the Claim and provide sufficient evidence to support its validity.

6. Thus, Claimant is entitled to the value of its claim consisting of the FTX assets.

7. This level of documentation is more than sufficient to establish the prima facie validity of the Claim. See Fed. R. Bankr. P. 3001(c); In re Sandifer, 318 B.R. 609, 611 (Bankr. M.D. Fla. 2004) ("The purpose of Rule 3001(c) is to permit a creditor who attaches adequate documents to his proof of claim to refrain from presenting additional evidence; the documents establish prima facie evidence of validity of the claim.") (citation omitted).

8. Thus, Claimant is entitled to the value of its claim consisting of the FTX assets.

9. These supporting documents provide a clear and comprehensive basis for the Claim, providing a detailed accounting of the transaction of assets that forms the basis of the Claim and directly supports the amount claimed in the Proof of Claim.

10. This level of documentation is more than sufficient to establish the prima facie validity of 2004) ("The purpose of Rule 3001(c) is to permit a creditor who attaches adequate documents to his proof of claim to refrain from presenting additional evidence; the documents establish prima facie evidence of validity of the claim.") (citation omitted).

11. Once a claimant has met its initial burden, the burden shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. Lampe v. Lampe, 665 F.3d 506, 514 (3d Cir. 2011) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

12. Here, the Debtors have merely asserted that the documentation is insufficient without providing any specific evidence or arguments as to why the provided documentation fails to support the Claim.

13. The Debtors' general objection, without more, is insufficient to overcome the presumption of validity accorded to the Claim. See In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he objector must produce evidence equal in force to the prima facie case.") (emphasis in original) (citations omitted).

13. Given the comprehensive nature of the supporting documentation provided, the Debtors' objection on the grounds of insufficient documentation is without merit2.

## CONCLUSION

For the foregoing reasons, the Claimant respectfully requests that the Court overrule the Debtors' objection and allow the Claim in its entirety. The Claimant has provided more than sufficient documentation to support its Claim, and the Debtors have failed to meet their burden to negate the Claim's validity.

WHEREFORE, the Claimant respectfully requests that this Court:

A. Overrule the Debtors' objection to the Claim;

B. B. Allow the Claim in its entirety; and

C. Grant such other and further relief as the Court deems just and proper.

DATE: November 20, 2024          Tawnee McCluskey

/s/ Tawnee McCluskey
1059 South 50 East
Kouts, IN. 463487
Telephone: (219) 241-8108
Email: Tawnee.mccluskey@yahoo.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>**FTX TRADING LTD.,** *et al.*,[1]<br><br> Debtors. | **CHAPTER 11**<br><br>**CASE NO. 22-11068 (JTD)**<br><br>**(Jointly Administered)** |

Attached hereto is Exhibit "A" the Transfer and Assignment Agreement.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The location of Debtors' principal of business and the Debtors' service address in these Chapter 11 cases is: 10-11 Mandolin Place, Friars Hill Road, St. John's, Antigua and Barbuda.

**Exhibit "A"**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>**FTX TRADING LTD.**, *et al.*,[1]<br><br> Debtors. | CHAPTER 11<br><br>CASE NO. 22-11068 (JTD)<br><br>**(Jointly Administered)** |

Attached hereto is Exhibit "B" the Transaction History Screenshot.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The location of Debtors' principal of business and the Debtors' service address in these Chapter 11 cases is: 10-11 Mandolin Place, Friars Hill Road, St. John's, Antigua and Barbuda.

**Exhibit "B"**

