**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | **Re:  27460, 27941, 27968** |

## ORDER DISCHARGING EXAMINER

Upon the motion (the "Motion")[2] of the examiner Robert J. Cleary (the "Examiner") for

entry of an order (this "Order") (i) discharging the Examiner; (ii) relieving the Examiner and his

Professionals from third-party discovery; (iii) authorizing the disposition of documents and

information in the possession of the Examiner and his Professionals; (iv) granting quasi-judicial

immunity and exculpating the Examiner and his Professionals from any liability with respect to

any act, omission, statement, or representation arising out of or relating to the Investigations or

the Reports; (v) authorizing the Examiner and his Professionals to seek payment of fees and

reimbursement of expenses incurred in any post-discharge services of the Examiner and his

Professionals; and (vi) granting such other and further relief as deemed just and proper; this

Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent

with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.
[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter

being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper

and adequate notice of the Motion and the relief requested therein has been provided in

accordance with the Federal Rules of Bankruptcy Procedure, and that, except as otherwise

ordered herein, no other or further notice is necessary; and objections (if any) to the Motion,

including the *Objection of Andrew Cowie, Adrien Herisse, Chao Liu, Frances Jones, James*

*White, Jonathan Li, Laura Gilberti, Lidia Favario, Olivier Ponchaut, Victor Cury Simionato and*

*Robert Shearer, to Examiner's Motion for Entry of An Order Discharging the Examiner and*

*Granting Related Relief*, ECF No. 27941 (the "Objection"), having been withdrawn, resolved, or

overruled on the merits; and this Court having found and determined that the relief set forth in

this Order is in the best interests of the Debtors and their estates; and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor;

      **IT IS HEREBY ORDERED THAT:**

      1.     The Motion is **GRANTED** as set forth herein.  For the reasons stated on

the record at the November 20, 2024 hearing, the Objection is overruled.

      2.     Upon entry of this Order, the appointment of the Examiner is terminated.

Except as provided herein, the Examiner and his Professionals are discharged from any further

obligations or duties.  The discharge of the Examiner is without prejudice to the Examiner's right

to provide cooperation and assistance to the Debtors, government agencies and branches,

including the U.S. Trustee, or other parties in interest as the Examiner in his discretion deems

appropriate.  The Examiner shall comply with any order of this Court directing the Examiner or

his Professionals to provide additional services that the Court determines are necessary and appropriate.

3.      The Examiner and his Professionals shall not be subject to any informal or formal discovery related to or arising from the Examiner's performance of his duties in these Chapter 11 Cases, including with respect to the Investigations and the Reports, except pursuant to an order issued by a court of competent jurisdiction after (i) the Examiner and his Professionals were provided notice and an opportunity to object and (ii) the requesting party has demonstrated that the documents or information cannot be obtained from any other source. Nothing herein shall be deemed to prohibit the Examiner from voluntarily responding to requests for information from the Debtors, the U.S. Trustee, government agencies and branches, or other parties in interest in these Chapter 11 Cases.

4.      For a period of two years after entry of this Order (unless such period is extended by order of this Court for cause, on notice to the Examiner and his Professionals), the Examiner and his Professionals shall maintain the Investigative Record and the Privileged Materials that are in their respective possession.  Following such two-year period (unless extended), the Examiner and his Professionals are authorized to dispose of all or any portion of the Investigative Record and/or the Privileged Materials, such that the continued maintenance of any such materials shall be at the Examiner's sole discretion.

5.      To the fullest extent possible under the applicable law, neither the Examiner nor his Professionals shall incur any liability with respect to any act, omission, statement, or representation arising out of or relating to the Investigations or the Reports. Nothing contained in this paragraph, however, shall be construed to limit the liability of the Examiner or his Professionals for any acts of willful misconduct, fraud or gross negligence or

3

violations of any applicable disciplinary rule or code of professional responsibility.

Notwithstanding the foregoing, the final fee applications of the Examiner and his Professionals

and any amounts paid to the Examiner and his Professionals as compensation and reimbursement

for services rendered prior to the Effective Date shall remain subject to applicable bankruptcy

law.

6.      Notwithstanding the foregoing, the Examiner and his Professionals shall

be entitled to file final fee applications in the Debtors' Chapter 11 Cases seeking compensation

for professional services rendered and reimbursement of expenses incurred through and

including October 7, 2024.  The Examiner and his Professionals shall be entitled to

compensation for professional services rendered and reimbursement of expenses incurred during

the period from October 8, 2024 through and including the date of entry of this Order pursuant to

the procedures described in section 3.4.4 of the Plan.

7.      The Examiner and his Professionals shall be entitled to reimbursement

from the Debtors or the Plan Administrator of the reasonable fees and actual expenses incurred

by the Examiner and his Professionals after entry of this Order in connection with: (a)

responding or objecting to any formal or informal discovery or other requests for information or

inquiries served on the Examiner or his Professionals; (b) cooperation with and assistance to

government agencies and branches or the U.S. Trustee as the Examiner in his discretion deems

appropriate; and (c) other actions undertaken by the Examiner and his Professionals at the

request or direction of the Court.

8.      This Order shall be effective and enforceable immediately upon entry.

5

9.      If this Order conflicts with any provision of the Plan, this Order shall

control to the extent it pertains to the rights, duties, and obligations of the Examiner and his

Professionals.

10.     The Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation of this Order.

**Dated: November 20th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**