# EXHIBIT E

*In re Chemtura Corp.*
**Case No. 09-11233 (JLG) (Bankr. S.D.N.Y. Oct. 29, 2010)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CHEMTURA CORPORATION, *et al.*,[1] | ) ) ) | Case No. 09-11233 (REG) |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER ESTABLISHING A DISTRIBUTION
RESERVE AMOUNT WITH RESPECT TO DISPUTED
CLAIMS IN CONNECTION WITH CONFIRMATION OF THE JOINT
CHAPTER 11 PLAN OF CHEMTURA CORPORATION,** *ET AL.*

Upon the *Debtors' Motion for an Order Establishing a Distribution Reserve Amount with Respect to Disputed Claims in Connection With Confirmation Of The Joint Plan of Reorganization* (the "**Motion**")[2] filed by Chemtura Corporation and certain of its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for an order pursuant to sections 105(a), 502(c) and 1142(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), establishing a reserve for Disputed Claims against the Debtors, all as described more fully in the Motion; and objections to the Motion and related Plan provisions (the "**Objections**") having been filed or joined by Spartech Polycom, Inc. ("**Spartech**"), Pentair Water Pool and Spa, Inc. ("**Pentair**"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Chemtura Corporation (3153); A&M Cleaning Products, LLC (4712); Aqua Clear Industries, LLC (1394); ASCK, Inc. (4489); ASEPSIS, Inc. (6270); Bio-Lab Company Store, LLC (0131); Bio-Lab Franchise Company, LLC (6709); Bio-Lab, Inc. (8754); Bio-Lab Textile Additives, LLC (4348); Chemtura Canada Co./Cie. (5047); CNK Chemical Realty Corporation (5340); Crompton Colors Incorporated (3341); Crompton Holding Corporation (3342); Crompton Monochem, Inc. (3574); GLCC Laurel, LLC (5687); Great Lakes Chemical Corporation (5035); Great Lakes Chemical Global, Inc. (4486); GT Seed Treatment, Inc. (5292); HomeCare Labs, Inc. (5038); ISCI, Inc. (7696); Kem Manufacturing Corporation (0603); Laurel Industries Holdings, Inc. (3635); Monochem, Inc. (5612); Naugatuck Treatment Company (2035); Recreational Water Products, Inc. (8754); Uniroyal Chemical Company Limited (Delaware) (9910); Weber City Road LLC (4381); and WRL of Indiana, Inc. (9136).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or the Motion.

Oildale Energy LLC ("**Oildale**"), The BKK Joint Defense Group (the "**BKK Group**"), the Cooper Drum Cooperating Parties Group (the "**Cooper Drum Group**"), the Beacon Heights Coalition, the Laurel Park Coalition, FLABEG Technical Glass US Corporation ("**FLABEG**"), BASF Corporation ("**BASF**"), The Dow Chemical Company ("**Dow**") and Akzo Nobel Chemicals Inc. ("**Akzo**" and, collectively with Spartech, Pentair, Oildale, the BKK Group, the Cooper Drum Group, FLABEG and Dow, the "**Objecting Creditors**"),[3] and the Debtors having filed their *Response in Support of Motion for an Order Establishing a Distribution Reserve Amount with Respect to Disputed Claims in Connection with Confirmation of the Joint Chapter 11 Plan of Chemtura Corporation, et al.* [Dkt. No. 4043] (the "**Response**") and the *Declaration of Billie S. Flaherty in Support of Debtors' Response in Support of Motion for an Order Establishing a Distribution Reserve Amount with Respect to Disputed Claims in Connection with Confirmation of the Joint Chapter 11 Plan of Chemtura Corporation, et al.* [Dkt. No. 4058]; and BASF and the Laurel Park Coalition having withdrawn their Objections to the Motion; and consideration of the Motion, the Objections and the Response and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties set forth on the *Affidavit of Service of Romelia A. Edwards re Documents Served on September 3, 2010* [Dkt. No. 4267]; and it appearing that no other or further notice need be provided; and for the reasons set forth on the record by the Court at the hearing held on September 21, 2010, the Court having determined that there exists just cause for

---

[3] BASF and the Laurel Park Coalition subsequently withdrew their Objections to the Motion and, therefore, those entities are not included in the definition of "Objecting Creditors" used in this Order. In addition, an objection to the Motion was filed by Kurt and Amy Stetler on October 7, 2010 after the hearing on the Motion, which was construed by the Court as a motion for reconsideration and denied at a hearing held on October 25, 2010. That objection will be addressed in a separate order.

the relief granted herein and that such relief is in the best interest of the Debtors, their estates, creditors, stakeholders and all other parties in interest; and upon the arguments and testimony presented at the hearing before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1. The Motion is granted as to all parties except the Objecting Creditors and a reserve for all Disputed Claims held by creditors other than the Objecting Creditors (the "**Non-Objecting Creditors**") shall be established as set forth in paragraph 2, below. In accordance with Section 8.3 of the Plan, the Debtors are hereby authorized to, and shall, establish a reserve of distributable value for the claims of all Non-Objecting Creditors (the "**Non-Objecting Creditors' Reserve**") in the total value of $41,850,000 and in a combination of Cash and authorized New Common Stock consistent with the treatment set forth in the Plan for holders of Allowed Claims. Value held in the Non-Objecting Creditors' Reserve shall be distributed pursuant to Section 8.4 of the Plan on account of Disputed Claims of Non-Objecting Creditors to the extent they become Allowed Claims. Excess amounts, if any, in the Non-Objecting Creditors' Reserve shall be distributed pursuant to section 8.5 of the Plan.

2. In addition to the Non-Objecting Creditors' Reserve established in the amount of $41,850,000 pursuant to paragraph 1 above, pursuant to the Debtors' agreement with Spartech as set forth on the record at the hearing, the Debtors will establish a segregated and individual reserve of distributable value with respect to Spartech's proofs of claim numbers 10812 and 11587 in the amount of $8,000,000, in a combination of Cash and authorized New Common Stock consistent with the treatment set forth in the Plan for holders of Allowed Claims (the "**Spartech Segregated Reserve**") under the Plan on the Effective Date. The parties shall meet and confer at their earliest convenience to establish a briefing schedule and procedures for an

evidentiary hearing, pursuant to section 502(c) of the Bankruptcy Code, to determine whether the Spartech Segregated Reserve should be reduced based upon the Court's estimation of Spartech's Claims. The estimation hearing on Spartech's Claims shall take place on November 30, 2010 at 9:45 a.m. Pursuant to the agreement of the Debtors and Spartech, regardless of the Court's estimation of Spartech's Claims, the Spartech Segregated Reserve shall not be increased to exceed $8,000,000. The rights of Spartech with respect to its Disputed Claims shall be preserved pending the consensual resolution or litigation of such Claims; provided, however, that the amount that may be recovered by Spartech from the Debtors on account of such Claims will be limited to the amounts established by the Spartech Segregated Reserve.

3. For each Objecting Creditor other than Spartech, the Debtors are hereby authorized to and shall establish a segregated reserve (each, an "**Objecting Creditor Reserve**") of distributable value in an amount equal to either (i) the lesser of (a) the asserted amount of the Disputed Claim filed with the Bankruptcy Court as set forth in the Proof of Claim or as provided by the Objecting Creditor as further information with respect to the Proof of Claim (each, an "**Objecting Creditor Claim**"), and (b) the amount, if any, estimated by the Bankruptcy Court pursuant to section 502(c) of the Bankruptcy Code or ordered by other order of the Bankruptcy Court from time to time, or (ii) the amount otherwise agreed to by the Debtors, their statutory committee of unsecured creditors, their ad hoc committee of bondholders, their statutory committee of equity security holders and the Objecting Creditor for reserve purposes. Each Objecting Creditor Reserve shall include a combination of Cash and authorized New Common Stock consistent with the treatment set forth in the Plan for holders of Allowed Claims. Value held in each Objecting Creditor Reserve shall be distributed pursuant to Section 8.4 of the Plan on account of the Objecting Creditor Claim for whom the Objecting Creditor Reserve is

established once such Claim is consensually resolved and/or a Final Order is entered allowing or disallowing the Claim.

4. To the extent that a release of distributable value from the Spartech Reserve or any Objecting Creditor Reserve is authorized by a later order of this Court, including an order wholly or partially disallowing the claim of any Objecting Creditor or an order estimating any such claim at less than the value originally reserved (but, for the avoidance of doubt, not to the extent such order solely directs distribution of value to the creditor for whom the reserve is maintained as a result of an allowance or partial allowance of such creditor's Disputed Claim), the distributable value so released shall be treated as follows:

> (i) 50% of released distributable value from the Spartech Reserve and 50% of released distributable value from any Objecting Creditor Reserve shall be transferred to the Non-Objecting Creditor Reserve, until such time as an aggregate of $15 million (the "**Additional Reserve Amount**") has been transferred to the Non-Objecting Creditor Reserve, and the remaining 50% of distributable value from the Spartech Reserve and any other Objecting Creditor Reserve shall be distributed as soon as reasonably practicable pursuant to section 8.5(b)(iv) of the Plan; and
>
> (ii) after the Additional Reserve Amount has been funded, 100% of all released distributable value from the Spartech Reserve or any Objecting Creditor Reserve shall be distributed as soon as reasonably practicable pursuant to section 8.5(b)(iv) of the Plan.

5. The relief sought in the Motion and granted in the Order, and the actions taken in connection with the creation of, and the determination of the value of, the reserves established hereunder are acts taken in connection with the consummation of the Plan and as such are entitled to the protections provided by the Plan and the order confirming the Plan.

6. This Order shall have no effect on the allowance or disallowance of any of the Disputed Claims, and all rights, if any, to object to, pursue, prosecute, defend, amend, supplement and/or seek reconsideration of such Disputed Claims are hereby preserved.

7.       The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order, provided, however, that the establishment of the Disputed Claims Reserve, the Spartech Segregated Reserve and each Objecting Creditor Reserve are subject to confirmation of the Plan.

8.       This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

New York, New York
Date:  October 29, 2010                                    */s/ Robert E. Gerber*
                                                                    Honorable Robert E. Gerber
                                                                    United States Bankruptcy Judge